1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12 CARTER BRYANT, an               CASE NO. CV 04-9049 SGL (RNBx)
   individual,
13                                 Consolidated with
            Plaintiff,             Case No. CV 04-09039
14                                 Case No. CV 05-02727
        vs.
15                                 **DISCOVERY MATTER**
   MATTEL, INC., a Delaware
16 corporation,                    **[To be heard by Discovery Master Robert
                                   C. O'Brian pursuant to the Court's orders
17          Defendant.             of December 6, 2006 and January 6, 2009]**

18 AND CONSOLIDATED                [PUBLIC REDACTED] MATTEL, INC.'S
   ACTIONS                        NOTICE OF MOTION AND MOTION TO
19                                 COMPEL PRODUCTION OF
                                   DOCUMENTS AND THINGS BY MGA
20                                 ENTERTAINMENT, INC. AS CALLED
                                   FOR BY MATTEL'S FIRST SET OF RFPS
21                                 NO. 48, AND THIRD SET OF RFPS NOS.
                                   43 THROUGH 75; AND REQUEST FOR
22                                 SANCTIONS

23                                 [Notice of Lodging and Declaration of Diane
                                   C. Hutnyan filed concurrently herewith]
24
                                   Hearing Date:        TBD
25                                 Time:                TBD
                                   Place:               TBD
26
                                   Phase 2:
27                                 Disc. Cut-off:       Dec. 11, 2009
                                   Pre-trial Con.:      Mar. 1, 2010
28                                 Trial Date:          Mar. 23, 2010

07209/2855245.4

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a hearing before the Discovery Master Robert O'Brien, occurring at a date and time to be set by the Discovery Master, Mattel, Inc. ("Mattel") will, and hereby does, move to compel MGA Entertainment, Inc. ("MGA") to produce documents and things responsive to Mattel's Request No. 48 of its First Set of Requests for Documents and Things, and Mattel's Request Nos. 43-75 of its Third Set of Requests for Documents and Things.[1]

This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 34 and 37 and pursuant to the former Discovery Master's April 14, 2008 Order Granting in Part Mattel's Motion to Compel MGA to Produce Communications Regarding This Action ("Order re First Set"), and April 14, 2008 Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents and Things by MGA ("Order re Third Set"). Because the Court had stayed Phase 2 discovery at the time that those Orders were entered, the former Discovery Master deferred ruling on portions of Mattel's Motions that related to Phase 2 matters, including Mattel's theft of trade secrets claims against MGA and MGA's unfair competition claims against Mattel. <u>See</u> Order re First Set at 6; Order re Third Set at 6-8.

In addition, Mattel's earlier renewed motion as to these Requests was seemingly resolved by MGA's lack of opposition to Mattel's motion as to the Requests and its February 6, 2009 agreement to produce all materials responsive to the Requests. Yet MGA has failed and refused to fully comply, making it necessary to renew the motion again as to these Requests on the grounds that they seek relevant, discoverable information, regarding which MGA has no proper basis to withhold production.

---

[1] Mattel's Request No. 48 of its First Set of Requests for Documents and Things and Mattel's Request Nos. 43-75 of its Third Set of Requests for Documents and Things are referred to throughout this brief as the "Requests."

MOTION TO COMPEL

1    This Motion is based on this Notice of Motion and the concurrently filed
2    Memorandum of Points and Authorities, Notice of Lodging (including the
3    Declaration of Zachary Krug and MGA's Opposition to Separate Statement, which
4    was filed by MGA on February 12, 2009), the Declaration of Diane C. Hutnyan, and
5    all other matters of which the Court may take judicial notice.

6

7                    **Statement of Rule 37-1 Compliance**

8        The parties met and conferred regarding these motions on December 24,
9    2007, December 31, 2007, January 7, 2008, January 18, 2008, January 28, 2009,
10   February 7, 2009, and dates thereafter.

11

12   DATED:  April 3, 2009            QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
13

14

15                                   By /s/ Diane C. Hutnyan
                                     Diane C. Hutnyan
16                                   Attorneys for Mattel. Inc.

17

18

19

20

21

22

23

24

25

26

27

28

                                    -2-

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ..............................................1

PRELIMINARY STATEMENT ..........................................................................1

CASE BACKGROUND ....................................................................................2

PROCEDURAL HISTORY ...............................................................................3

ARGUMENT ..................................................................................................9

I.      MATTEL IS ENTITLED TO AN ORDER COMPELLING FULL
        COMPLIANCE WITH THE REQUESTS...........................................................9

        A.      Where A Party Has Agreed To, But Has Not Produced In Full, A
                Motion To Compel Is Not Moot, And An Order Compelling
                Compliance Should Be Issued ......................................................9

        B.      Even Without Any Showing Of Non-Compliance, Promises To
                Produce Can Be, And In This Case Have Been, Reinforced By A
                Court Order .................................................................................11

II.     MGA HAS NO VALID OBJECTIONS TO PRODUCTION .......................19

        A.      MGA Waived Its Objections by Failing to Raise Them in Its
                Prior Opposition ..........................................................................19

        B.      MGA's Only Previous Objection, That The Requests Only
                Related To Phase 2, Is No Longer Valid ......................................20

III.    MGA'S COMMUNICATIONS WITH KEY INDIVIDUALS
        REGARDING THIS ACTION SHOULD BE COMPELLED.......................21

IV.     MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS
        RELATING TO MGA'S TRADE SECRET THEFT .....................................25

V.      THE COURT SHOULD SANCTION MGA FOR OBSTRUCTIONIST
        TACTICS..........................................................................................26

CONCLUSION..............................................................................................27

1

## **TABLE OF AUTHORITIES**

2
**Page**

3
### **Cases**

4  Aiken v. Rimkus Consulting Group, Inc., ,
5  2007 WL 1101210 (S.D. Miss. Apr. 4, 2007) ...................................... 24

6  Bernstein v. Travelers Ins. Co.,
447 F. Supp. 2d 1100 (N.D. Cal. 2006)................................... 21, 24

7  Braley v. Campbell,
832 F.2d 1504 (10th Cir. 1987) ........................................... 26
8

9  City of Wichita, Ks. v. Aero Holdings, Inc.,
2000 WL 1480499 (D. Kan. May 23, 2000) ......................... 20

10  DIRECTV, Inc. v. Puccinelli,
224 F.R.D. 677 (D. Kan. 2004) ........................................... 19
11

12  Eidukonis v. Southeastern Pennsylvania Transp. Authority,
1987 WL 16321 (E.D. Pa. August 27, 1987) ...................... 20

13  Fleet Systems, Inc. v. Federal Coach, LLC,
2007 WL 2264618 (D. Neb. August 6, 2007) ..................... 20
14

15  Hyde & Drath v. Baker,
24 F.3d 1162 (9th Cir. 1994) ............................................... 26

16  Lamoureux v. Genesis Pharmacy Services, Inc.,
226 F.R.D. 154 (D. Conn. 2004) ......................................... 12
17

18  Mintz v. Dietz & Watson, Inc.,
2008 WL 5147234 (S.D. Cal. Dec. 5, 2008) ...................... 10

19  RTC v. Dabney,
73 F.3d 262 (10th Cir. 1995) ............................................... 26
20

21  Richmark Corp. v. Timber Falling Consultants,
959 F.2d 1468 (9th Cir. 1992) ............................................. 19

22  Steinbach v. Credigy Receivables, Inc.,
2006 WL 1007272 (E.D. Ky. Apr. 14, 2006)..................... 24
23

24  Streck, Inc. v. Research & Diagnostic Systems, Inc.,
250 F.R.D. 426 (D. Neb. 2008) ........................................... 10

25  Vishay Dale Electronics, Inc. v. Cyntec Co., Ltd..,
2008 WL 4868772 (D. Neb. Nov. 6, 2008)......................... 11
26

27  In re Walters,
176 B.R. 835 (Bkrtcy. N.D. Ind. 1994) ............................... 10
28

1

## Statutes

2   28 U.S.C. § 1927 ................................................................................................. 26

3   Fed. R. Civ. P. 26(b)(1) ....................................................................................... 21

4   Fed. R. Civ. P. 30(b)(6)   .................................................................................... 16

5   Fed. R. Civ. P. 34 ................................................................................................ 26

6   Fed. R. Civ. P. 37(a)(4) ....................................................................................... 26

7   Fed. R. Civ. P. 37-1 .............................................................................................. 2

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2855245.4

MOTION TO COMPEL

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

At issue here are Requests 43-75 (Third Set) for documents and tangible items related to MGA's "Scooter Samantha" and "Space Babes" products.  Mattel alleges that MGA stole these products from Mattel, like MGA was found at trial to have done with Bratz, and these projects further evidence MGA's theft of trade secrets, RICO and unfair competition violations and its intent.  In addition, Request 48 (First Set) called for MGA's communications regarding this action with twelve specific individuals who are either named defendants involved with the theft of Mattel's trade secrets or who are likely have knowledge about such actions by others.

Because the products that were the subject of Requests 43-75 (Third Set) all related to Mattel's Phase 2 claims, the prior Discovery Master had declined to order their production when Mattel first moved in light of the then-existing stay.  Similarly, with respect to the communications requested in Request No. 48 (First Set), the prior Discovery Master granted Mattel's motion but only as to communications pertaining to Phase 1, putting off until later the portion of the request as to Phase 2-related communications.  Once the Phase 2 discovery stay had been lifted, Mattel renewed its motion and MGA -- conceding the relevance of the Scooter Samantha and Space Babes materials and the requested communications to Phase 2 issues -- agreed to produce the responsive items, thus causing Mattel to forego pursuing, at least at that time, its motion as to the Requests.[2]

---

[2]   See March 13, 2009 Discovery Master Order No. 6, at 1, attached as Exhibit 8 to the Declaration of Diane Hutnyan in Support of Mattel, Inc.'s Renewed Motion to Compel Production of Documents and Things by MGA Entertainment, Inc. as Called for by Mattel's First Set of RFPs No. 48, and Third Set of RFPs Nos. 43 Through 75; And Request for Sanctions, dated March 27 ("Hutnyan Dec."), lodged concurrently with the Discovery Master.

1    Since then, however, having achieved more delay and further cost to Mattel,
2  MGA has failed and refused to produce all responsive materials.  Mattel respectfully
3  requests that MGA be compelled to immediately produce all responsive documents
4  and tangible items.  As MGA and the former Discovery Master have previously
5  recognized, even an agreement to produce *all* materials responsive to a request does
6  not moot a motion compelling that production.  Instead -- and this is especially true
7  where, as here, the party admits it has not made and will not make a full production
8  -- an order must be entered to ensure the party's full compliance by a date certain.

9                            **Case Background**

10    As described in greater detail in Mattel's January 25, 2009 motion, Phase 2
11  includes allegations that MGA stole Mattel trade secrets;[3] bribed then-Mattel
12  employees in addition to Bryant to secretly provide services and Mattel proprietary
13  information to MGA while they were still employed by Mattel, in violation of
14  contractual and fiduciary obligations and in violation of duties of loyalty, and
15  otherwise interfered with Mattel's contractual relationships;[4] engaged in acts of
16  unfair competition against Mattel;[5] engaged in misconduct that includes spoliation
17  of documents and witness tampering;[6] and otherwise participated in a continuing

18  ─────────────────────

19   [3]  See Mattel's Second Amended Answer in Case No. 05-2727 and
20  Counterclaims ("SAAC"), dated July 12, 2007, at ¶¶ 37-77, attached as Exhibit 7 to
     the Declaration of Zachary Krug in Support of Mattel Inc.'s Renewed Motion to
21  Compel Production of Documents and Things by MGA Entertainment, Inc. as
     Called for by Mattel's First Set of RFPs No. 48, and Third Set of RFPs Nos. 43
22  Through 75, 87 and 88, dated January 26, 2009 ("Krug Dec."), which has been
23  lodged concurrently with the Discovery Master; See also Deposition Transcript of
     Susana Kuemmerle, dated January 28, 2008 ("Kuemmerle Depo. Tr."), at 140:20-
24  144:10, Krug Dec., Exh. 8.
25   [4]  See SAAC ¶¶ 55-69, 88-105, Krug Dec., Exh. 7.
     [5]  See id., at ¶¶ 78-81.
26   [6]  See Kuemmerle Depo. Tr., at 448:15-19, 453:3-454:9, Krug Dec., Exh. 8. See
27  also Trial Transcript in Phase 1 ("Trial Tr.") at 1327:23-1329:11 (O'Connor), Krug
     Dec., Exh. 12; July 3, 2001 Fax from V. O'Connor to P. Glaser, Trial Exhibit
28     (footnote continued)

enterprise that has committed numerous and wide-ranging predicate acts that include mail and wire fraud, commercial bribery, and criminal copyright infringement in violation of the RICO statute.[7]

As MGA has implicitly conceded in failing to oppose Mattel's motion and in earlier agreeing to produce all materials responsive to the Requests (see below), the products and communications at issue are relevant to Mattel's claims of trade secret theft, unfair competition and RICO violations.

## Procedural History

Near the conclusion of Phase 1 discovery in early 2008, Mattel submitted two discovery motions to the prior Discovery Master.[8] The motions sought an order overruling MGA's objections and to compel MGA to produce documents and information responsive to certain Mattel requests for production in Mattel's First and Third Sets of Request for Production.[9]

---

("TX") 13383, Krug Dec., Exh. 13; See Carter Bryant's Responses to Mattel's Fifth Set of Requests for Admission, dated July 9, 2007, Response Nos. 27 and 29, at 24-28, Krug Dec., Exh. 14; Certificate of Registration VA 1-218-491 (Yasmin drawing), TX 511; Certificate of Registration VA 1-218-488 (Sasha drawing), TX 507; Certificate of Registration VA 1-218-487 (Jade drawing), TX 505; Certificate of Registration VA 1-218-490 (Cloe drawing), TX 509; Certificate of Registration VA 1-218-489 (Bratz group drawing), TX 513, Krug Dec., Exhs. 15 – 19; Deposition Transcript of Farhad Larian, Vol. 1 ("F. Larian Depo. Tr. Vol. 1"), dated February 4, 2008, at 53:10-16, 56:9-57:5, 65:25-67:2, Krug Dec., Exh. 20; Trial Tr. at 3785:19-24 (F. Larian), Krug Dec., Exh. 12; May 25, 2000 Email from F. Larian to I. Larian, TX 13380, Krug Dec., Exh. 21.

[7] See SAAC ¶¶ 88-105, Krug Dec., Exh. 7.

[8] See Mattel's Motion to Compel Production of Documents and Things by MGA, dated January 28, 2008 ("Mot. re Third Set"), Krug Dec., Exh. 22; Mattel's Motion to Compel MGA to Produce Communications Regarding This Action, dated February 4, 2008 ("Mot. re First Set"), Krug Dec., Exh. 23. As the Discovery Master has noted, Mattel met and conferred before the filing of these motions. January 13, 2009 Discovery Master Order No. 6, at 2, Hutnyan Dec., Exh. 8.

[9] See Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc., dated March 14, 2005, at 16, Hutnyan

(footnote continued)

07209/2855245.4

MOTION TO COMPEL

On February 4, 2008, Judge Larson stayed all Phase 2 discovery.[10] Thereafter, in mid-April 2008, the Discovery Master granted Mattel's motions in substantial part as they related to Phase 1 of the case that was tried before Judge Larson this past summer.[11]   At that time, however, the Discovery Master declined to grant Mattel's motions to the extent they related to certain Phase 2-related requests because the Court had in the interim stayed Phase 2 discovery.   Those requests included:

- <u>Request No. 48 from Mattel's First Set of RFPs</u>: This request sought MGA's non-privileged communications with a variety of individuals regarding the MGA-Mattel dispute.[12]

---

Dec., Exh. 5; MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things, dated April 13, 2005, Hutnyan Dec., Exh. 12; Mattel, Inc.'s Third Set of Requests for Production of Documents and Things to MGA Entertainment, Inc., dated October 24, 2007, at 18-23, Hutnyan Dec., Exh. 25; MGA Entertainment, Inc.'s Objections and Supplemental Responses to Mattel, Inc.'s Third Set of Requests for Production of Documents and Things, dated January 9, 2008, Hutnyan Dec., Exh. 45.   Mattel's requests, along with MGA's objections, are set out in the concurrently lodged MGA's Opposition to Separate Statement in Support of Mattel, Inc.'s Renewed Motion to Compel Production of Documents and Things by MGA Entertainment, Inc. as Called for by Mattel's First Set of RFPs No. 48 and Third Set of RFPs Nos. 43 Through 75, 87 and 88 ("Separate Statement").

[10]   <u>See</u> Feb. 4, 2008 Minute Order ¶ 4, Krug Dec., Exh. 24.

[11]   <u>See</u> April 14, 2008 Discovery Master's Order Granting in Part Mattel's Motion to Compel MGA to Produce Communications Regarding This Action ("Order re First Set"), Krug Dec., Exh. 25; April 14, 2008 Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents and Things by MGA ("Order re Third Set"), Krug Dec., Exh. 26.

[12]   <u>See</u> Separate Statement at 1-3.   Through the meet and confer process, the scope of this request was limited to certain specified individuals, twelve of whom remain at issue here.

- **Request Nos. 43-55 from Mattel's Third Set of RFPs:** These requests sought documents relating to MGA's conception and development of the "Scooter Samantha" products.[13]

- **Request Nos. 56-75 from Mattel's Third Set of RFPs:** These requests sought documents relating to MGA's conception and development of the "Space Babes" products.[14]

Because the Discovery Master was persuaded that these requests, in whole or in part, related to Phase 2 issues, he declined to compel MGA to produce documents responsive to these requests to that extent. In particular, he granted Mattel's motion as to Request No. 48—non-privileged communications about the dispute—as it related to certain individuals with knowledge of Phase 1 claims and defenses, but declined to grant it as to others whose communications would be largely relevant to Phase 2: "In view of the stay on Phase 2 discovery, Mattel's request is denied as to the following individuals: Ron Brawer, Janine Brisbois, Carlos Gustavo Machado Gomez, Mariana Trueba Almade, Pablo Vargas San Jose, Susanna Kuemmerle, Schuyler Bacon, Nanette Black, Nick Contrereas, Dan Cooney, Jorge Castilla and Jill Hatch."[15] Similarly, the Discovery Master declined to compel MGA to produce documents responsive to Request Nos. 43-75 on the development of "Scooter Samantha" and "Space Babies"—both of which are products relevant to Mattel's allegations regarding MGA's theft of trade secrets—because they "relate primarily to Phase 2 of this case, and discovery relating to Phase 2 has been stayed."[16] In each Order, the Discovery Master's denial was without prejudice to Mattel's rights to

---

[13] See Separate Statement at 13-32, 58-59.
[14] See Separate Statement at 32-59.
[15] See Order re First Set at 6,  Krug Dec., Exh. 25.
[16] See Order re Third Set at 6, Krug Dec., Exh. 26.

MOTION TO COMPEL

"seek[] additional documents responsive to [the requests] as part of Phase 2 discovery."[17]

In light of the Court's recent order lifting the stay of Phase 2 discovery, on January 26, 2009, Mattel filed its Renewed Motion to Compel Production of Documents and Things by MGA Entertainment, Inc. As Called For By Mattel's First Set of RFPs No. 48, and Third Set of RFPs Nos. 43 Through 75, 87 and 88.

On January 28, 2009, although the parties had previously met and conferred on these Requests in 2008,[18] they continued to meet and confer on them with respect to the Renewed Motion.[19]   On February 6, 2009, the parties again met and conferred.  This time, MGA agreed to produce all documents and items responsive to the Requests by March 9, 2009.[20]  In its Opposition to Mattel's motion, MGA also did not oppose these Requests and instead represented to the Discovery Master that "MGA agreed to produce documents responsive to 34 of the 36 requests at issue in the Renewed Motion."[21]  MGA added: "Specifically, MGA agreed to produce documents in response to Request No. 48 (Set One) (which includes all communications between MGA and the 12 individuals identified in the Renewed Motion)" and "Request Nos. 43-75 (Set Three) (which includes all documents concerning the design, development and revenues for 'Scooter Samantha' and 'Space

---

[17]   See Order re First Set at 6, Krug Dec., Exh. 25; Order re Third Set at 8, Krug Dec., Exh. 26.

[18]   March 13, 2009 Discovery Master Order No. 6, at 2, Hutnyan Dec., Exh. 8.

[19] See January 28, 2009 letter from Jon Corey to Amman Khan, Hutnyan Dec., Exh. 1; MGA Parties' Opposition to Mattel, Inc.'s 1/26/09 Renewed Motion to Compel Production of Documents and Things, dated February 12, 2009, at 2 and 9 n.2, lodged concurrently with the Discovery Master.

[20]   See February 7, 2009 letter from Amman Khan to Jon Corey, Hutnyan Dec., Exh. 2; February 8, 2009 letter from Jon Corey to Amman Khan, Hutnyan Dec., Exh. 3; February 9, 2009 letter from Amman Khan to Jon Corey, Hutnyan Dec., Exh. 4.

[21]   MGA Parties' Opposition to Mattel, Inc.'s 1/26/09 Renewed Motion to Compel Production of Documents and Things, dated February 12, 2009, at 6.

1  Babes,' as well as all documents pertaining to Scot Reyes)."[22]   In its response to
2  Mattel's Separate Statement, MGA again explained that Requests 43-75 (Third Set)
3  and Request No. 48 (First Set) were "no longer at issue as the MGA Parties agreed
4  to produce all non-privileged documents responsive to these Requests.  Accordingly,
5  the Renewed Motion is moot as to each of these Requests."[23]

6      The current Discovery Master recognized and relied upon MGA's
7  representations, noting in Discovery Master Order No. 6 that "MGA Entertainment
8  subsequently agreed to produce all non-privileged documents responsive to 34 of
9  the [36] document requests identified by Mattel."[24]   The Discovery Master then
10  addressed Mattel's motion only to Request Nos. 87 and 88, and granted Mattel's
11  motion as to each of them.

12      Yet MGA is now refusing to comply.  Although MGA has produced some
13  responsive documents, it apparently now views complete production as optional and
14  will not provide Mattel with a date certain by which it will produce even the
15  materials it says it will produce.[25]   On March 19, 2009, counsel for the parties
16  discussed the inspection of tangible items responsive to the requests.[26]   During that

17
18  [22]  Id.
19  [23]  See Separate Statement at 3 and 59.
20  [24]  March 13, 2009 Discovery Master Order No. 6, at 1, Hutnyan Dec., Exh. 8.
   [25]  Indeed, MGA had agreed to produce all responsive materials by March 9,
21  2009, but has failed to do so, sending small groups of documents after the deadline,
   with many more still due now. See March 11, 2009 letter from Amman Khan to Jon
22  Corey, Hutnyan Dec., Exh. 13;  March 13, 2009 letter from Amman Khan to Jon
23  Corey, Hutnyan Dec., Exh. 14; March 17, 2009 letter from Amman Khan to Jon
   Corey, Hutnyan Dec., Exh. 15;  March 19, 2009 letter from Amman Khan to Jon
24  Corey, Hutnyan Dec., Exh. 16; March 23, 2009 letter from Amman Khan to Jon
25  Corey, Hutnyan Dec., Exh. 17; March 25, 2009 letter from Amman Khan to Jon
   Corey, Hutnyan Dec., Exh. 18; March 27, 2009 letter from Amman Khan to Jon
26  Corey, Hutnyan Dec., Exh. 19; April 2, 2009 letter from Amman Khan to Jon
27  Corey, Hutnyan Dec., Exh. 50.
   [26]  Declaration of Diane C. Hutnyan ("Hutnyan Dec."), ¶ 2.
28

1   call, MGA counsel informed Mattel that MGA was permitting inspection of only
2   two finished Scooter Samantha dolls that were apparently responsive to Request No.
3   45.[27]   When Mattel counsel inquired as to the items responsive to Request Nos. 58
4   and 59, MGA counsel stated that it would not produce them because the product at
5   issue in those requests, Space Babes, had not "gone to market."[28]   MGA counsel did
6   not explain why that was a salient issue, since the Requests were not so limited, or
7   why MGA was also apparently refusing to produce materials called for in Request
8   No. 46, namely prototypes, models and other tangible items referring or relating to
9   Scooter Samantha.[29]

10   In light of the about-face by MGA, on March 25, 2009, counsel for Mattel
11   requested confirmation not only that MGA would promptly produce all items
12   responsive to requests 45-47 and 58-59, but also provide "a date certain as to when
13   MGA will produce for inspection all responsive items.  If MGA will not promptly
14   produce all responsive materials for inspection, we will renew our motion to compel
15   MGA to do so and seek sanctions."[30]   MGA did not respond to the letter.

16   On March 27, Mattel counsel left a voicemail and sent an email to MGA's
17   counsel to open a dialogue about finalizing a stipulation for production o f the
18   materials at issue in this motion.[31]   In February, MGA had agreed to execute a

19

20

21

22

---

23   [27]   Id.; see also March 19, 2009 letter from Richard Stoll to Diane Hutnyan, Hutnyan Dec., Exh. 6.
24   [28]   Hutnyan Dec., ¶ 2.
25   [29]   Id.
26   [30]   See March 25, 2009 letter from Diane C. Hutnyan to Richard Stoll, Hutnyan Dec., Exh. 7.
27   [31]   March 27, 2009 email from Jon Corey to Richard Stoll, Hutnyan Dec., Exh. 21.

28

07209/2855245.4

MOTION TO COMPEL

1  stipulation to memorialize its agreement to produce the documents, but had never

2  signed one.[32]  MGA counsel did not respond to the March 27 communication.

3        On March 31, counsel for Mattel again followed up, requesting a response

4  from MGA counsel.  Finally, after close of business on March 31, 2009, counsel for

5  MGA responded with an email stating that MGA would not sign a stipulation

6  agreeing to produce all materials responsive to the 43 requests and that the issue is

7  "moot" because "MGA has now produced approximately 95% of the documents it

8  agreed to produce and the production is nearly complete."  However, the email did

9  not address Mattel's concerns that not all of the responsive items were being made

10  available for inspection, nor did MGA provide a date certain for full compliance

11  with the discovery requests.[33]  MGA also claimed that it had refused to sign a

12  stipulation because Mattel had not withdrawn its motion to compel as to Request

13  Nos. 87 and 88.[34]

14                          **Argument**

15  **I.**    **MATTEL IS ENTITLED TO AN ORDER COMPELLING FULL**

16        **COMPLIANCE WITH THE REQUESTS**

17        **A.**   **Where A Party Has Agreed To, But Has Not Produced In Full, A**

18             **Motion To Compel Is Not Moot, And An Order Compelling**

19             **Compliance Should Be Issued**

20        Where, as here, a party has agreed to produce certain documents but then does

21  not make full production, a motion to compel production is not moot and an order to

22

---

23  [32]  See February 7, 2009 letter from Amman Khan to Jon Corey, Hutnyan Dec.,
    Exh. 2; February 9, 2009 letter from Jon Corey to Amman Khan, Hutnyan Dec.,
24  Exh. 4; February 9, 2009 email from Richard Stoll to Jon Corey, Hutnyan Dec.,
25  Exh. 51 (attaching proposed stipulation); February 12, 2009 email from Jon Corey
    to Richard Stoll, Hutnyan Dec., Exh. 20 (attaching revised stipulation).
26  [33]  Id.
    [34]  See March 31, 2009 email from Richard Stoll to Jon Corey, Hutnyan Dec.,
27  Exh. 23.

28

1  compel is appropriate.   In <u>Mintz v. Dietz & Watson, Inc.</u>, 2008 WL 5147234 (S.D.

2  Cal. Dec. 5, 2008), after a protracted discovery dispute, the defendant in a patent

3  infringement suit "agreed to produce copies of all its invoices for all its sales,

4  accused or not, at its expense." <u>Mintz</u>, 2008 WL 5147234, *1.  When, two months

5  later, full production had still not been made, the plaintiff filed a motion to compel.

6  <u>Id.</u>  Two days after the plaintiff filed its moving papers, the defendant delivered the

7  production of the invoices.  Because the plaintiff contended that the production was

8  still incomplete, the district court granted the motion to compel, ordering the

9  defendant to produce all the originals for inspection to ensure plaintiffs full access to

10 all responsive materials. <u>Id.</u>  The Court also awarded sanctions "due to the delay in

11 [defendant's] production." <u>Id.</u>, at *2.    <u>See also</u> <u>Streck, Inc. v. Research &</u>

12 <u>Diagnostic Systems, Inc.</u>, 250 F.R.D. 426, 435 (D. Neb. 2008) (granting motion to

13 compel plaintiff's requests for documents within twenty days where "defendants

14 ha[d] agreed to the production, but later refused" to comply); <u>In re Walters</u>, 176

15 B.R. 835, 864 (Bkrtcy. N.D. Ind. 1994) (United States and debtors agreed in writing

16 that the Debtors would produce documents; when debtors then failed to do so, the

17 court entered an "ORDER COMPELLING DISCOVERY within 10 days.").

18      It is undisputed that full production of all responsive materials has not been

19 made and will not be made absent an order from the Discovery Master.  MGA now

20 argues that it has already produced "approximately 95% of the documents it agreed

21 to produce"[35] and will have finalized its production by the time its opposition is

22 due,[36] but this representation is meaningless in light of (a) MGA's admissions that it

23 is not producing all responsive items, and (b) its already existing failure to comply

24 by the date promised.   For some requests, MGA has represented that it is

25

26  [35]  <u>See</u> March 31, 2009 email from Richard Stoll to Jon Corey, Hutnyan Dec., Exh. 31.

27  [36]  <u>See</u> March 19, 2009 letter from Richard Stoll to Diane Hutnyan, Hutnyan Dec., Exh. 6; Hutnyan Dec., ¶ 2.

28

07209/2855245.4

1  withholding responsive items -- such as Request Nos. 58 or 59, on the spurious
2  grounds that the doll line did not "go to market."[37]  For others, such as Request No.
3  46, responsive materials undoubtedly exist but MGA has indicated, without further
4  explanation, that it will not produce any materials responsive to the request.

5       Besides, what MGA says it "agreed to" has now shifted.  As is reflected in
6  MGA's Opposition and its response to Mattel's Separate Statement,[38] and as the
7  Discovery Master recognized in the March 13, 2009 Order, MGA had agreed to
8  produce all items responsive to the 43 requests even though Mattel was going
9  forward on its motion with respect to Request Nos. 87 and 88, which could not be
10 resolved without the Discovery Master's assistance.  Yet MGA has now refused to
11 sign a stipulation binding it to produce all responsive items on the misguided basis
12 that it had only agreed to produce such items if Mattel withdrew its motion -- which
13 was obviously meritorious, as it was granted -- as to those two requests.[39]

14      Mattel is entitled to an order compelling MGA's full compliance.

15 **B.**    **Even Without Any Showing Of Non-Compliance, Promises To**
16        **Produce Can Be, And In This Case Have Been, Reinforced By A**
17        **Court Order**

18      MGA's "mootness" excuse fails for an independent reason.  Courts do not
19 need to determine that a party has failed to comply with an agreement to produce
20 before granting an order compelling that production.  Vishay Dale Electronics, Inc.
21 v. Cyntec Co., Ltd., 2008 WL 4868772, at *1 (D. Neb. Nov. 6, 2008) (rejecting
22 defendants' argument that motion to compel was moot and ordering that "[t]o the

23

24     [37] Hutnyan Dec., ¶ 2.
25     [38] See MGA Parties' Opposition to Mattel, Inc.'s 1/26/09 Renewed Motion to
   Compel Production of Documents and Things, dated February 12, 2009, at 6;
26 Separate Statement at 59.
27     [39] See March 31, 2009 email from Richard Stoll to Jon Corey, Hutnyan Dec.,
   Exh. 23.
28

extent the defendants have not yet supplemented Requests for Production Nos. 18, 19, 22, and 23, the motion to compel will be granted."); Lamoureux v. Genesis Pharmacy Services, Inc., 226 F.R.D. 154, 159 (D. Conn. 2004) (rejecting party's argument that "nothing remains to be compelled" because they "agreed to provide the information requested" by a discovery request, and granting the motion to compel: "Either information has been disclosed or it has not been disclosed.  If it has not been disclosed, then, plainly, it remains to be compelled.").

In this case, such orders compelling production have been previously granted in spite of MGA's many promises to produce whatever materials were at issue.  On February 2, 2007, Mattel brought a motion to compel the production of all documents relating to the origin of Bratz, Bryant's work for MGA, design documents for unreleased products, and MGA's agreements with and payments to Bryant.[40]  These requests undeniably related to issues at the very core of Mattel's claims.   In its Opposition, MGA represented that the motion was supposedly unnecessary because "as of the date of this opposition [February 20, 2007], [MGA] will have produced virtually all, if not all, of the documents at issue."[41]  As of that time, MGA's production constituted approximately 10,000 pages of documents.  On March 5, 2007, the prior Discovery Master informed MGA that he would grant Mattel's motion[42] and subsequently issued an order to that effect requiring MGA to

[40]   See Mattel's Motion to Compel Production of Documents and Interrogatory Answers by MGA Entertainment, Inc., dated February 2, 2007, at 1, Hutnyan Dec., Exh. 46.

[41]   See MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Production of Documents and Interrogatory Answers, dated February 20, 2007, at 2:15-17, Hutnyan Dec., Exh. 35.

[42]   See June 19, 2007 Hearing Transcript, at 20:15-24, Hutnyan Dec., Exh. 40.

MOTION TO COMPEL

1    produce "all non-privileged documents that are responsive to the requests identified
2    in this Order ... no later than May 31, 2007."[43]

3       Yet more than three months after representing that virtually all of the
4    documents had already been produced, and on the deadline for compliance, MGA
5    requested that the deadline be extended for 60 more days.[44]  In its request, MGA
6    represented that it was "prepared to produce documents on a rolling  basis," with
7    "more to follow shortly."[45]  In that filing, MGA said that at that point it had produced
8    50,000 pages of responsive documents.[46]

9       The Discovery Master denied the request as to MGA's production obligations
10    except for documents located in Hong Kong, for which he granted an extension to
11    June 29, 2007.[47]  At the June 19, 2007 hearing, he explained why he found MGA's
12    stated need for more time unavailing:

> And let me tell you what the chronology was: the requests were
> made long ago.  The Motion to Compel was filed February 2nd; the
> Opposition, February 26th.  And thereafter a Reply.
>
> The Motion was heard on March 5th, and during that hearing I
> indicated that I would be granting the motion.  And I gave the Parties
> my direction with respect to the future unreleased products, and I
> suggested to the Parties there should be a third tier in the Protective
> Order to partially remove any danger or prejudice.  And I invited the
> Parties to stipulate to a new Protective Order with an added tier of
> protection.
>
> Finally, I received a stipulated, modified Protective Order April
> 23rd.  It was at that point that the Motion was then ripe for my written

---

[43]   See May 15, 2007 Discovery Master Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, at 14, Hutnyan Dec., Exh. 47.
[44]   See MGA's Request for Stay or Modification of Discovery Orders, dated May 31, 2007, Hutnyan Dec., Exh. 36.
[45]   Id., at 2-3.
[46]   Id., at 2.
[47]   See June 21, 2007 Order Regarding MGA Entertainment, Inc.'s Request for Stay or Modification of Discovery Orders, Hutnyan Dec., Exh. 37.

MOTION TO COMPEL

1   decision.  My written decision was issued May 15th.  MGA knew long
2   before May 15th that the Motion was granted.  The issue was -- the
3   Order was issued May 15th.   May 31 was the compliance date.   I
4   received  your  request  for  an  extension  on  May  31st.   That's  the
    chronology.[48]

5   On June 22, 2007, MGA filed an Emergency *Ex Parte* Application to Judge

6   Larson for review of the Discovery Master's Order, representing to the Court that 22

7   days after the ordered deadline, and more than four months after telling Mattel that

8   it had produced "virtually all" of the documents, that the Discovery Master's refusal

9   to grant MGA additional time "requires MGA to do the impossible: to complete its

10  collection and production of documents responsive to 47 Requests immediately."[49]

11  MGA also proclaimed that it had produced more than *78,000* pages of documents

12  responsive to Mattel's requests since March 5, 2007.[50]  Then, at the hearing on July

13  2, 2007, MGA claimed that it would need until the end of July to fully comply with

14  the requests (except those located in Hong Kong, for which MGA said it needed an

15  additional two weeks on top of the extension to July 31, 2007).[51]  Counsel for MGA

16  told  the  Court  that  as  of  June  29,  2007,  it  had  produced  110,000  pages  of

17  documents.[52]  MGA's counsel assured the Court that MGA believed this constituted

18  most of the responsive documents that were not in Hong Kong.[53]

19

20

21  [48]  See June 19, 2007 Hearing Transcript, at 20:17-21:15, Hutnyan Dec., Exh.
    40.

22  [49]  See MGA's Emergency Ex Parte Application for Review of Special Master
23  Infante's Order Denying MGA's Motion for Stay or Extension, dated June 22, 2007,
    at 2, Hutnyan Dec., Exh. 38.

24  [50]  Id., at 5.
25  [51]  See July 2, 2007 Hearing Transcript, at 28:16-20, Hutnyan Dec., Exh. 41.
    [52]  Id.
26  [53]  Id., at 30:22-25 (The Court: "So this additional four weeks that you're asking
27  for at this point for the domestic documents, you don't anticipate a large volume in
    that four weeks?" Ms. Cendali: "Correct.").

28

1   Judge Larson granted MGA this further extension,[54] and by July 31, 2007,
2   MGA had produced over 40,000 additional documents.[55]  But that was not the end
3   either.  MGA then missed even the July 31, 2007 deadline for documents related to
4   fee and indemnity agreements.  Mattel and MGA again reached an agreement for
5   MGA to produce all responsive documents, this time by August 24, 2007.  When
6   MGA missed *that* deadline, Mattel moved to have the compelled documents
7   compelled yet again.[56]  MGA opposed the motion, repeating the same argument
8   from some seven months earlier, that the request for an order was "effectively moot"
9   because when Mattel filed its motion, "MGA had already agreed to produce *every*
10  *single* document requested in Mattel's motion" and "MGA's completion of its
11  production of the un-redacted documents about which Mattel complains [wa]s
12  imminent."  Further, MGA represented that it "will have produced all the un-
13  redacted documents by the time of the hearing on this Motion."[57]  The prior
14  Discovery Master nevertheless again ordered MGA to produce all non-privileged
15  documents by December 31, 2007 and imposed sanctions on MGA.[58]

---

[54]   See July 2, 2007 Minute Order, at 4, Hutnyan Dec., Exh. 39.
[55]   Hutnyan Dec., ¶ 4.
[56]   See Mattel, Inc.'s Notice of Motion and Motion to Enforce the Court's Order of May 15, 2007, to (I) Compel MGA to Produce Compelled Documents (Including Fee and/or Indemnity Agreements Between MGA and Bryant), (II) Order That Any Privilege Objections Have Been Waived, and (III) Impose Sanctions, dated September 11, 2007, at 4-6, Hutnyan Dec., Exh. 44.
[57]   See MGA's Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Enforce the Court's Order of May 15, 2007, To Compel MGA to Produce Documents in Un-Redacted Form, and for Sanctions, dated September 27, 2007, at 3, Hutnyan Dec., Exh. 42.
[58]   See December 19, 2007 Discovery Master Order Regarding Mattel, Inc.'s Motion to Enforce the Court's Order of May 15, 2007, to (I) Compel MGA to Produce Compelled Documents (Including Fee and/or Indemnity Agreements Between MGA and Bryant), (II) Order That Any Privilege Objections Have Been Waived, and (III) Impose Sanctions, Hutnyan Dec., Exh. 43.

07209/2855245.4

-15-

1    In the end, MGA's February 2007 representation that its production was
2 almost complete and the former Discovery Master's May 15, 2007 Order
3 notwithstanding, millions of pages of additional documents responsive to these
4 requests were produced by MGA over a span of a year.[59]  Not only do these prior
5 rulings in this case make clear that Mattel's motion here is not moot by virtue of a
6 representation that documents will be produced, but also that MGA's current
7 representation that it has produced "95%" of the responsive documents should be
8 given no weight at all.

9    Further showing that MGA's representation renders Mattel's motion neither
10 unnecessary nor moot, the prior Discovery Master repeatedly granted throughout the
11 case additional orders compelling production to reinforce the MGA Parties'
12 agreements to produce.  For example:

13    •    The prior Discovery Master made the same determination on Mattel's
14 February 2, 2007 Motion to Compel MGA to Produce Witnesses for Deposition
15 Pursuant to Rule 30(b)(6).  After Mattel filed its motion, MGA offered dates for
16 depositions, but refused to stipulate that the witnesses would actually appear on
17 those dates.[60]  The Discovery Master granted the order: "I don't consider the motion
18 moot.  I believe that Mattel is entitled to an order compelling the full compliance
19 with Rule 30(b)(6) of the Federal Rules of Civil Procedure."[61]

20    •    The Discovery Master also granted Mattel's June 26, 2007 Motion to
21 Compel Production of Documents by MGA despite MGA's agreement to produce
22 them.  There, MGA contended that Mattel was "seeking documents MGA already
23 agreed to produce as a result of the meet and confer process" and that it had

24

25    [59]  Hutnyan Dec., ¶ 3.
26    [60]  See May 15, 2007 Hearing Transcript, at 6:7-7:17, Hutnyan Dec., Exh. 29.
     [61]  Id., at 21:15-19; see also Discovery Master's Order Granting Mattel, Inc.'s
27 Motion to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule
   30(b)(6), dated May 16, 2007, Hutnyan Dec., Exh. 26.
28

"produced more than 110,000 pages of documents" responsive to nineteen of the requests.[62]   The prior Discovery Master granted Mattel's motion as to all of these requests.[63]

• After Mattel filed a motion on October 11, 2007 to compel Isaac Larian to produce documents responsive to Mattel's First Set of Requests for Documents and Things, the parties met and conferred, and Larian agreed to produce documents responsive to 55 requests.   The Discovery Master noted: "In his Opposition brief, Larian states that the 55 requests are no longer in dispute."[64]   The prior Discovery Master concluded that "[n]evertheless, a court order compelling production is warranted" because "Larian has not yet produced documents responsive to the 55 requests or provided a date by which he will do so."[65]

• The prior Discovery Master also granted Mattel's November 26, 2007 Motion to Compel Production of Documents by MGA Entertainment, Inc., after an agreement to produce the documents had been reached and even after MGA had started to produce the documents.[66]   Again, the Discovery Master issued an order compelling MGA's compliance by dates certain, explaining: "The requests seek

---

[62]   See August 13, 2007 Discovery Master Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by MGA; Denying Requests for Monetary Sanctions, at 4, Hutnyan Dec., Exh. 33.

[63]   Id., at 10-12.

[64]   See December 31, 2007 Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian, at 3, Hutnyan Dec., Exh. 28.

[65]   Id., at 3-4. The Discovery Master also gave a second reason, which was that "Larian's agreement to produce responsive documents is apparently limited to documents from his so-called 'personal files'" and Mattel's counsel "never agreed that Larian could limit his response to the above requests" in that way. Id., at 4.

[66]   See Discovery Master's Order Granting Mattel, Inc.'s Motion to Compel Production of Documents by MGA Entertainment, Inc., dated December 28, 2007, Hutnyan Dec., Exh. 27; December 14, 2007 Hearing Transcript, at 59:3-60:11, Hutnyan Dec., Exh. 30.

1  information that is undeniably relevant.  You [Mattel] have been waiting for this
2  information.  Even though it is now being produced, you're entitled to a court
3  order."[67]

4       Moreover, MGA itself has previously argued for orders to reinforce Mattel's
5  agreements to produce.  In MGA and Bryant's Joint Motion to Compel the
6  Production of Documents and the Deposition of 30(b)(6) Witnesses, MGA argued
7  that "Mattel should be ordered to produce its witnesses on a date convenient to
8  MGA and Bryant no later than February 14, 2007" despite the fact that Mattel had
9  already agreed to the depositions in a letter.[68]  Similarly, in MGA's Reply in Support
10 of Its Motion to Compel Mattel, Inc. to Supplement Its Responses and Produce
11 Documents Responsive to MGA's First Set of Requests for the Production of
12 Documents and Things, MGA urged that despite Mattel's responses and production

13

14

15

16  [67]  See Discovery Master's Order Granting Mattel, Inc.'s Motion to Compel
17  Production of Documents by MGA Entertainment, Inc., dated December 28, 2007,
    at 1-2, Hutnyan Dec., Exh. 27; December 14, 2007 Hearing Transcript, at 61:24-
18  62:3, Hutnyan Dec., Exh. 30.  Such orders also have been issued against defendants
19  other than MGA.  The prior Discovery Master granted Mattel's January 2007
    Motion to Compel Production of Documents to Carter Bryant despite his agreement
20  to produce.  Bryant opposed the motion to compel on the grounds that he had
21  already agreed to produce "most of what Mattel seeks" and had in fact produced
    over 1,600 pages at the time of the Discovery Master's order.  See Carter Bryant's
22  Opposition to Mattel, Inc.'s Motion to Compel the Production of Documents, dated
23  January 11, 2007, Hutnyan Dec., Exh. 32; January 25, 2007 Discovery Master Order
    Granting Mattel's Motion to Compel Production of Documents, at 6-7, Hutnyan
24  Dec., Exh. 48.  The Discovery Master granted Mattel's motion, ordering Bryant to
25  produce all responsive documents to thirty-one requests within 30 days.  Id., at 16-
    17.
26  [68]  See MGA and Bryant's Joint Motion to Compel the Production of Documents
27  and the Deposition of 30(b)(6) Witnesses, dated January 5, 2007, at 12, Hutnyan
    Dec., Exh. 24.
28

07209/2855245.4

-18-

1   to date, the Discovery Master should order Mattel to complete its production in the

2   Bryant case forthwith."[69]

3         Thus, Mattel's motion is not moot, whether MGA has complied or not. Here,

4   MGA even admits that it has not complied and that it will not comply, and so an

5   order must be issued to enforce compliance by a date certain.

6   **II.   MGA HAS NO VALID OBJECTIONS TO PRODUCTION**

7         **A.   MGA Waived Its Objections by Failing to Raise Them in Its Prior**

8              **Opposition**

9         In MGA's Opposition to Mattel's January 26, 2009 Renewed Motion, MGA

10   did not object or oppose Mattel's motion as to the Requests.[70]   Instead, MGA

11   conceded that it had agreed to produce the documents: "Specifically, MGA agreed

12   to produce documents in response to Request No. 48 (Set One) (which includes all

13   communications between MGA and the 12 individuals identified in the Renewed

14   Motion)" and "Request Nos. 43-75 (Set Three) (which includes all documents

15   concerning the design, development and revenues for 'Scooter Samantha' and 'Space

16   Babes,' as well as all documents pertaining to Scot Reyes)."[71]   This is a waiver of

17   any objections to the requests. See Richmark Corp. v. Timber Falling Consultants,

18   959 F.2d 1468, 1473 (9th Cir. 1992) (finding defendant waived objection where it

19   failed to raise arguments in response to motion to compel); see also DIRECTV, Inc.

20   v. Puccinelli, 224 F.R.D. 677, 681 n.8 (D. Kan. 2004) ("[O]bjections asserted in a

21   party's initial response to discovery requests but not reasserted in response to a

---

23   [69]   See MGA's Reply in Support of Its Motion to Compel Mattel, Inc. to
24   Supplement Its Responses and Produce Documents Responsive to MGA's First Set
    of Requests for the Production of Documents and Things, dated July 26, 2007, at 3,
25   Hutnyan Dec., Exh. 34.
26   [70]   See MGA Parties' Opposition to Mattel, Inc.'s 1/26/09 Renewed Motion to
    Compel Production of Documents and Things, dated February 12, 2009, at 6, lodged
27   concurrently with the Discovery Master.
    [71]   Id.

28

07209/2855245.4

motion to compel are waived and deemed abandoned"); Fleet Systems, Inc. v. Federal Coach, LLC, 2007 WL 2264618, at *3 n.2 (D. Neb. August 6, 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel. Accordingly, such objections are deemed waived."); City of Wichita, Ks. v. Aero Holdings, Inc., 2000 WL 1480499, at *2 (D. Kan. May 23, 2000) (party waived its rights concerning discovery requests where the opposition brief contained no arguments against them); Eidukonis v. Southeastern Pennsylvania Transp. Authority, 1987 WL 16321, at *5 (E.D. Pa. August 27, 1987) (holding that party's failure to raise an objection in opposing a prior motion on the same documents "constitutes a waiver of an objection" and compelling production).

**B.     MGA's Only Previous Objection, That The Requests Only Related To Phase 2, Is No Longer Valid**

The Court lifted the stay of Phase 2 discovery in an Order dated January 6, 2009.[72] Judge Larson has made it clear that there is no longer any stay on discovery of any kind: "I will instruct the Discovery Master this afternoon, in no uncertain terms, that there is no stay on any discovery related to this case at all.  There's no longer a Phase 1/Phase 2 distinction."[73]   Accordingly, as MGA recognized in agreeing to produce all materials responsive to these requests upon the filing of Mattel's last renewed motion, its earlier objection to production on the basis that the Requests only related to Phase 2 and were thus premature is no longer valid.  See Aero Holdings, 2000 WL 1480499, at *2 (granting as uncontested a motion to compel with no valid objections).

---

[72]   See Court's Minute Order, dated February 4, 2008, Hutnyan Dec., Exh. 9; Court's Minute Order, dated January 6, 2009, Hutnyan Dec., Exh. 10.
[73]   See February 11, 2009 Hearing Transcript at 97:8-11, Hutnyan Dec., Exh. 11.

07209/2855245.4

MOTION TO COMPEL

## III.   MGA'S COMMUNICATIONS WITH KEY INDIVIDUALS REGARDING THIS ACTION SHOULD BE COMPELLED

Mattel is entitled to discovery that is "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).  Moreover Mattel is entitled to information which, although not admissible at trial, is "reasonably calculated to lead to the discovery of admissible evidence." Id.   Ultimately, the test for relevancy is "whether there appears to be a sufficient connection between the target of the discovery probe and the issues to be litigated to support a conclusion that there is a decent chance that the party propounding the discovery would be able to use the information it uncovers either as evidence or to help find evidence." Bernstein v. Travelers Ins. Co., 447 F. Supp. 2d 1100, 1105 (N.D. Cal. 2006).

Mattel's Request No. 48 seeks MGA's communications regarding this action with twelve specific individuals who are either named defendants involved with the theft of Mattel's trade secrets or who are likely have knowledge about such actions by others.  Each of these individuals has knowledge of Mattel's Phase 2 claims.

Carlos Machado, Mariana Trueba and Pablo Vargas.  These three individuals, who are central to Mattel's trade secret theft and RICO claims, were senior executives of Mattel's Mexican subsidiary before Larian recruited them to be the first employees of defendant MGA de Mexico.[74]  They used their positions of trust and confidence to steal Mattel's most sensitive business materials for the unlawful benefit (and at the direction of) of Isaac Larian and other MGA executives.[75]

Susanna Kuemmerle.   Ms. Kuemmerle is an MGA executive who was involved in recruiting Machado, Trueba and Vargas to MGA de Mexico.  ███████ ████████████████████████████████████████████████████████

---

[74] See SAAC ¶¶ 37-40, Krug Dec., Exh. 7.
[75] See id., ¶¶ 41-49; see also Mattel's Supplemental Responses to MGA's First Set of Interrogatories to Mattel ("Mattel's Supp. Resp."), dated December 7, 2007, at 21-33, Krug Dec., Exh. 28.

-21-

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████[76] These "plot04" emails are specifically alleged to be part of the RICO claim predicate acts of wire fraud.[77]

Ron Brawer.  Mr. Brawer was a Mattel Senior Vice President and General Manager until he became MGA's Executive Vice-President of Sales and Marketing.[78]  Mr. Brawer is also a key player in Mattel's trade secret theft and RICO claims.  Since leaving Mattel, Brawer has "targeted certain Mattel employees who have broad access to Mattel proprietary information in an effort to induce and encourage them to join MGA and to steal or otherwise wrongfully misappropriate Mattel confidential information and trade secrets."[79]  Brawer's communications furthering the enterprises' unlawful scheme are themselves predicate acts, thus constituting not only admissions but actual elements of Mattel's claims and defenses.

Janine Brisbois.  Ms. Brisbois was Director of Sales for the Girls Division for Mattel Canada until she joined MGA Canada as Vice President of Sales.[80]  Brisbois stole various electronic documents from Mattel when she left to join MGA.[81]  Her communications about this case, like those of Brawer, are highly likely to lead to the discovery of admissible evidence pertaining to Mattel's RICO and trade secret claims.

---

[76] See SAAC ¶¶ 42-43, Krug Dec., Exh. 7; see also Mattel's Supp. Resp. at 29-30, Krug Dec., Exh. 28; see also Kuemmerle Depo. Tr. at 185:8-187:23, Krug Decl, Exh. 8.
[77] See SAAC ¶ 93(b), Krug Dec., Exh. 7.
[78] See id., ¶¶ 55, 67.
[79] See id., ¶ 69; see also Mattel's Supp. Resp. at 33-35, Krug Dec., Exh. 28.
[80] See SAAC ¶ 71, 73, Krug Dec., Exh. 7.
[81] See id., ¶¶ 74-76; see also Mattel's Supp. Resp. at 35-38, Krug Dec., Exh. 28.

1    Schuyler Bacon.  Ms. Bacon is likewise a key MGA employee regarding
2   Mattel's RICO and trade secret theft claims.  She joined MGA in 2004 as the
3   Director of Recruiting and is MGA's Executive Recruiter.[82]  As such, she is directly
4   involved in the events underlying Mattel's claims that MGA has poached Mattel's
5   employees and induced them to abscond with Mattel's trade secrets.[83]  ███████
6   ████████████████████████████████████████████████████████████████████
7   ██████████████████████[84]  As shown below, Mattel employees recruited by
8   Ms. Bacon brought Mattel's trade secrets with them to MGA.
9    Jorge Castilla.  Mr. Castilla was a Mattel employee who Mr. Brawer and Ms.
10  Bacon were involved in recruiting to MGA.[85]  Before he left Mattel for MGA,
11  Castilla downloaded scores of confidential and proprietary documents (totaling
12  56MB) to a folder he aptly named "To Take."[86]  He then transferred the files to a
13  personal digital device before attempting to delete the file and folder from Mattel's
14  system.[87]  ██████████████████████████████████████████████████████████
15  ████████████████████████████████████████████████████████████████████
16  ████████████████████████████████████████████████████████████████████
17  █████████████████████████  When deposed last year, Castilla refused to answer
18  questions about his conduct and instead invoked the Fifth Amendment nearly 500
19  times.[88]
20

---

21  [82]  See Deposition Transcript of Schuyler Bacon, dated September 27, 2007
22  ("Bacon Depo. Tr."), at 12:10-19, Krug Dec., Exh. 29.
     [83]  SAAC ¶ 77, Krug Dec., Exh. 7.
23  [84]  Bacon Depo. Tr. at 51:22-25, Krug Dec., Exh. 29.
24  [85]  See Bacon Depo. Tr. at 114:19-115:23, Krug Dec., Exh. 29; March 13, 2006
25  Email from R. Abundis to R. Brawer, S. Bacon and N. Coleman, MGA 1753319-21,
     Krug Dec. Exh. 30 (regarding the recruitment of Jorge Castilla).
26  [86]  See Mattel's Supp. Resp. at 41-43, Krug Dec., Exh. 28.
27  [87]  See id.
     [88]  See Krug Decl. ¶ 11.
28

MOTION TO COMPEL

1        Nanette Black, Nick Contreras, Dan Cooney and Jill Hatch.   Each of these

2    individuals were former Mattel employees who were, like Castilla, recruited by Ms.

3    Bacon.[89]  Each of these individuals is a former Mattel employee who left for senior

4    managerial positions at MGA.[90]

5        As the Discovery Master previously ruled, communications about the case

6    with knowledgeable witnesses are relevant and discoverable.[91]  The communications

7    Mattel seeks here are unquestionably relevant to Mattel's theft of trade secrets and

8    RICO claims and should be produced.[92]   Each of these individuals was either

9    directly involved or is likely to have knowledge of the events in question.

10   Moreover, because Request No. 48 is by its terms limited to communications

11   referring or relating to this action, there is not just "a decent chance," but a virtual

12   certainty, that responsive documents will permit Mattel to "use the information it

13   uncovers either as evidence or to help find evidence."  Bernstein, 447 F. Supp. 2d at

14   1105.  For this reason, courts consistently uphold similar requests for production.

15   See, e.g., Steinbach v. Credigy Receivables, Inc., 2006 WL 1007272, at *9 (E.D.

16   Ky. Apr. 14, 2006) (overruling defendants' objections to requests for production for

17   all "internal communications with respect to Plaintiff, . . . [the] lawsuit, or the

18   claims in [the] [Amended] Complaint"); Aiken v. Rimkus Consulting Group, Inc.,

19

20      [89]  See Bacon Depo. Tr. at 115:4-23, Krug Dec., Exh. 29.

21      [90]  See Mattel's Supp. Resp. at 84, 85, 87, Krug Dec., Exh. 28.

   [91]  See April 14, 2008 Discovery Master's Order Granting in Part Mattel's

22   Motion to Compel MGA to Produce Communications Regarding This Action, at 6,

23   Krug Dec., Exh. 25.

   [92]  They are also relevant to the development of Mattel's defenses in Phase 2.

24   For example, MGA has asserted claims against Mattel for trade dress.  But as the

25   Discovery Master previously noted "[a]ny proof of trade secret theft is also relevant

to Mattel's defenses against MGA's unfair competition claims."  January 25, 2007

26   Discovery Master's Order, at 14, Krug Dec., Exh. 31.  Thus, MGA's

27   communications may reveal not only that MGA stole trade secrets from Mattel, but

the trade dress on which MGA bases its claims was in fact stolen from Mattel.

28

1  2007 WL 1101210, at *1-2 (S.D. Miss. Apr. 4, 2007) (permitting plaintiff to

2  discover all "communications" and "correspondence" relating to its claim against

3  defendant).  The Court should do the same here.

4  **IV.  MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS**

5  **RELATING TO MGA'S TRADE SECRET THEFT**

6       Mattel's Request Nos. 43-55 and 56-75 seek documents and tangible items

7  relating to Mattel's claims in Phase 2.  They bear directly on the timing, origins,

8  conception, design and development of the "Scooter Samantha" and "Space Babes"

9  projects at MGA which Mattel alleges were—like Bratz—potentially taken from

10 Mattel through MGA's pattern and conspiracy of stealing Mattel product ideas and

11 concepts, like Bratz, and marketing them as its own.

12      For example, Mattel alleges that MGA derived the "Scooter Samantha" doll

13 from its theft of Mattel's "Scooter Shannen" doll,[93] which was a product that ████

14 ████████████████████████████████████████████████████████████████

15 ████████████████████████[94]  The origins and development of "Scooter Samantha"

16 are therefore at issue in this lawsuit, and the Requests seek documents and tangible

17 items related to that issue.  Request No. 43 seeks documents related to "when and

18 under what circumstances Scooter Samantha was first conceived," Request Nos. 53

19 and 54 seek documents sufficient to show the first manufacture and ship dates of

20 "Scooter Samantha" products, and Request No. 46 seeks "prototypes, models,

21 samples, and tangible items that refer or relate to Scooter Samantha."[95]  If MGA

22 developed Scooter Samantha independently, then these documents, tangible items

23

24

25  [93]  See Mattel's Supp. Resp. at 44 (re Scooter Samantha), 92 (re Scot Reyes),
Krug Dec., Exh. 28.

26  [94]  See Deposition of Paula Garcia, dated May 24, 2007, at 60:24-62:2, 71:12-

27  19, Hutnyan Dec., Exh. 52.

    [95]  See Separate Statement at 13, 18, and 28-29.

28

MOTION TO COMPEL

1   and the testimony relating to them will show that, or they will confirm MGA's theft.
2   Either way, they are relevant to Mattel's claims.

3       Now that Phase 2 has begun in earnest, these documents and tangible items
4   should be produced to allow Mattel to fully develop its claims and defenses in this
5   Phase of the litigation.

6   **V.    THE COURT SHOULD SANCTION MGA FOR OBSTRUCTIONIST**
7   **TACTICS**

8       Under the Federal Rules, a party bringing a motion to compel is entitled to
9   "the movant's reasonable expenses incurred in making the motion, including
10  attorney's fees," unless "(i) the movant filed the motion before attempting in good
11  faith to obtain the disclosure or discovery without court action; (ii) the opposing
12  party's nondisclosure, response, or objection was substantially justified; or (iii) other
13  circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4).  The
14  burden of establishing substantial justification is on the party being sanctioned.
15  Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).   Independently,
16  sanctions may be imposed under 28 U.S.C. § 1927, which provides that "[a]ny
17  attorney . . . who so multiplies the proceedings in any case unreasonably and
18  vexatiously may be required by the court to satisfy personally the excess costs,
19  expenses, and attorneys' fees reasonably incurred because of such conduct."
20  Sanctions under this section are appropriate "for conduct that, viewed objectively,
21  manifests either intentional or reckless disregard of the attorney's duties to the
22  court."   RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995), citing Braley v.
23  Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987).

24      Sanctions are called for here.   Mattel declined to pursue to decision its
25  Renewed Motion to Compel as to 34 of 36 Requests based on MGA's agreement to
26  produce all materials responsive to those Requests in thirty days. The MGA Parties'
27  lack of opposition to Mattel's motion, and its prior agreement to produce these
28  materials -- to avoid the Discovery Master's review -- demonstrate their obvious

1  relevance to Phase 2 issues and the lack of justification for the MGA Parties' attempt
2  to now renege on that agreement.  Rather, it is part of a pattern of conduct designed
3  to obstruct Mattel from obtaining legitimate discovery, at least without substantial
4  and needless cost, effort and delay.  The Court should sanction MGA for requiring
5  Mattel to renew yet again its motion to compel production and to deter repetition of
6  the MGA Parties' practice of groundless objections and forcing motion practice over
7  virtually every Request for Production in this case.  Mattel requests that MGA and
8  its counsel be ordered to pay $5,000 as partial reimbursement for the fees Mattel has
9  incurred on this Motion.

### Conclusion

Mattel respectfully requests that its motion be granted in its entirety.

DATED:  April 3, 2009          QUINN EMANUEL URQUHART OLIVER &
                               HEDGES, LLP


                               By /s/ Diane C. Hutnyan
                                  Diane C. Hutnyan
                                  Attorneys for Mattel, Inc.

07209/2855245.4