1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2       (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3       (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4       (joncorey@quinnemanuel.com)
      865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
      Telephone: (213) 443-3000
6   Facsimile:  (213) 443-3100

7   Attorneys for Mattel, Inc.

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                    EASTERN DIVISION

| | |
|---|---|
| 11  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 12  Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| 13  vs. | **DISCOVERY MATTER** |
| 14  MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Robert C. O'Brien]** |
| 15  Defendant. | **[PUBLIC REDACTED]** DECLARATION OF DIANE C. HUTNYAN IN SUPPORT |
| 16 | OF MATTEL, INC.'S MOTION TO |
| 17  AND CONSOLIDATED ACTIONS | COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC. AS CALLED |
| 18 | FOR BY MATTEL'S FIRST SET OF RFPS |
| 19 | NO. 48, AND THIRD SET OF RFPS NOS. 43 THROUGH 75; AND REQUEST FOR |
| 20 | SANCTIONS |

21          Hearing Date:        TBD
            Time:                TBD
22          Place:               Arent Fox, LLP
                                 555 West Fifth Street
23                               48th Floor
                                 Los Angeles, CA 90013
24
25          **Phase 2:**
            Disc. Cut-off:       December 11, 2009
26          Pre-trial Conf.:     March 1, 2010
            Trial Date:          March 23, 2010
27

28

1    I, Diane Hutnyan, declare as follows:

2        1.    I am a member of the bar of the State of California and a partner
3    of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and
4    counter-defendant, Mattel, Inc. ("Mattel"). I make this declaration of personal,
5    firsthand knowledge and, if called and sworn as a witness, I could and would testify
6    competently thereto.

7        2.    On March 19, 2009, I had a phone conversation with Richard
8    Stoll, counsel for MGA. I asked him about items that were responsive to Requests
9    for Production Nos. 45, 46, 47, 58 and 59. He told me MGA was producing two
10   doll samples relating to "Scooter Samantha." When I asked him about tangible
11   items related to "Space Babes" (Request Nos. 58 and 59), he told me MGA would
12   not be producing any items responsive to these Requests on the stated basis that
13   "Space Babes" had not "gone to market."

14       3.    Millions of pages of documents relating to the origin of Bratz,
15   Bryant's work for MGA, design documents for unreleased products, and MGA's
16   agreements with and payments to Bryant were produced by MGA between February
17   2, 2007 and February 6, 2008.

18       4.    Over 40,000 pages of documents relating to the origin of Bratz,
19   Bryant's work for MGA, design documents for unreleased products, and MGA's
20   agreements with and payments to Bryant were produced by MGA between July 2,
21   2007 and July 31, 2008.

22       5.    Attached as Exhibit 1 is a true and correct copy of a letter from
23   my colleague, Jon Corey, to Amman Khan, dated January 28, 2009, as maintained in
24   my firm's records during the ordinary course of business.

25       6.    Attached as Exhibit 2 is a true and correct copy of a letter from
26   Amman Khan to my colleague, Jon Corey, dated February 7, 2009, as maintained in
27   my firm's records during the ordinary course of business.

28

1       7.    Attached as Exhibit 3 is a true and correct copy of a letter from

2  my colleague, Jon Corey, to Amman Khan, dated February 8, 2009, as maintained in

3  my firm's records during the ordinary course of business.

4       8.    Attached as Exhibit 4 is a true and correct copy of a facsimile

5  from Amman Khan to my colleague, Jon Corey, dated February 9, 2009, as

6  maintained in my firm's records during the ordinary course of business.

7       9.    Attached as Exhibit 5 is a true and correct copy of excerpts of

8  Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible

9  Things to MGA Entertainment, Inc., dated March 14, 2005.

10       10.    Attached as Exhibit 6 is a true and correct copy of a letter I

11  received from Richard Stoll, dated March 19, 2009, as maintained in my firm's

12  records during the ordinary course of business.

13       11.    Attached as Exhibit 7 is a true and correct copy of a letter I sent

14  to Richard Stoll, dated March 25, 2009, as maintained in my firm's records during

15  the ordinary course of business.

16       12.    Attached as Exhibit 8 is a true and correct copy of the Discovery

17  Master's Order No. 6, dated March 13, 2009.

18       13.    Attached as Exhibit 9 is a true and correct copy of the Court's

19  Minute Order, dated February 4, 2008.

20       14.    Attached as Exhibit 10 is a true and correct copy of the Court's

21  Minute Order, dated January 6, 2009.

22       15.    Attached as Exhibit 11 is a true and correct copy of excerpts of

23  the hearing transcript dated February 11, 2009.

24       16.    Attached as Exhibit 12 is a true and correct copy of excerpts of

25  MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s First Set of Requests for

26  Production of Documents and Tangible Things, dated April 13, 2005.

27

28

1       17.   Attached as Exhibit 13 is a true and correct copy of a letter from

2 Amman Khan to my colleague, Jon Corey, dated March 11, 2009, as maintained in

3 my firm's records during the ordinary course of business.

4       18.   Attached as Exhibit 14 is a true and correct copy of a letter from

5 Amman Khan to my colleague, Jon Corey, dated March 13, 2009, as maintained in

6 my firm's records during the ordinary course of business.

7       19.   Attached as Exhibit 15 is a true and correct copy of a letter from

8 Amman Khan to my colleague, Jon Corey, dated March 17, 2009, as maintained in

9 my firm's records during the ordinary course of business.

10       20.   Attached as Exhibit 16 is a true and correct copy of a letter from

11 Amman Khan to my colleague, Jon Corey, dated March 19, 2009, as maintained in

12 my firm's records during the ordinary course of business.

13       21.   Attached as Exhibit 17 is a true and correct copy of a letter from

14 Amman Khan to my colleague, Jon Corey, dated March 23, 2009, as maintained in

15 my firm's records during the ordinary course of business.

16       22.   Attached as Exhibit 18 is a true and correct copy of a letter from

17 Amman Khan to my colleague, Jon Corey, dated March 25, 2009, as maintained in

18 my firm's records during the ordinary course of business.

19       23.   Attached as Exhibit 19 is a true and correct copy of a letter from

20 Amman Khan to my colleague, Jon Corey, dated March 27, 2009, as maintained in

21 my firm's records during the ordinary course of business.

22       24.   Attached as Exhibit 20 is a true and correct copy of an email and

23 attachment sent by my colleague, Jon Corey, to Richard Stoll, dated February 12,

24 2009, as maintained in my firm's records during the ordinary course of business.

25       25.   Attached as Exhibit 21 is a true and correct copy of an email sent

26 by my colleague, Jon Corey, to Richard Stoll, dated March 27, 2009, as maintained

27 in my firm's records during the ordinary course of business.

28

DECLARATION OF DIANE HUTNYAN

1         26.    Attached as Exhibit 22 is a true and correct copy of an email sent

2    by my colleague, Jon Corey, to Richard Stoll, dated March 31, 2009, as maintained

3    in my firm's records during the ordinary course of business.

4         27.    Attached as Exhibit 23 is a true and correct copy of an email sent

5    by Richard Stoll to my colleague, Jon Corey, dated March 31, 2009, as maintained

6    in my firm's records during the ordinary course of business.

7         28.    Attached as Exhibit 24 is a true and correct copy of MGA and

8    Bryant's Joint Motion to Compel the Production of Documents and the Depositions

9    of 30(b)(6) Witnesses, dated January 5, 2007.

10        29.    Attached as Exhibit 25 is a true and correct copy of Mattel, Inc.'s

11   Third Set of Requests for Documents and Things to MGA Entertainment, Inc., dated

12   October 24, 2007.

13        30.    Attached as Exhibit 26 is a true and correct copy of the

14   Discovery Master's Order Granting Mattel, Inc.'s Motion to Compel MGA to

15   Produce Witnesses for Deposition Pursuant to Rule 30(b)(6), dated May 16, 2007.

16        31.    Attached as Exhibit 27 is a true and correct copy of the

17   Discovery Master's Order Granting Mattel, Inc.'s Motion to Compel Production of

18   Documents by MGA Entertainment, Inc., dated December 28, 2007.

19        32.    Attached as Exhibit 28 is a true and correct copy of the

20   Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to

21   Compel Production of Documents by Isaac Larian; Denying Request for Sanctions,

22   dated December 31, 2007.

23        33.    Attached as Exhibit 29 is a true and correct copy of excerpts of

24   the hearing transcript dated May 15, 2007.

25        34.    Attached as Exhibit 30 is a true and correct copy of excerpts of

26   the hearing transcript dated December 14, 2007.

27        35.    Attached as Exhibit 31 is a true and correct copy of excerpts of

28   the hearing transcript dated March 11, 2009.

1        36.    Attached as Exhibit 32 is a true and correct copy of excerpts of

2   Carter Bryant's Opposition to Mattel, Inc.'s Motion to Compel the Production of

3   Documents, dated January 11, 2007.

4        37.    Attached as Exhibit 33 is a true and correct copy of the

5   Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to

6   Compel Production of Documents by MGA; Denying Requests for Monetary

7   Sanctions, dated August 13, 2007.

8        38.    Attached as Exhibit 34 is a true and correct copy of excerpts of

9   MGA's Reply in Support of Its Motion to Compel Mattel, Inc. to Supplement Its

10   Responses and Produce Documents Responsive to MGA's First Set of Requests for

11   the Production of Documents and Things, dated July 26, 2007.

12        39.    Attached as Exhibit 35 is a true and correct copy of excerpts of

13   MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel

14   Production of Documents and Interrogatory Answers, dated February 20, 2007.

15        40.    Attached as Exhibit 36 is a true and correct copy of MGA's

16   Request for Stay or Modification of Discovery Orders, dated May 31, 2007.

17        41.    Attached as Exhibit 37 is a true and correct copy of the

18   Discovery Master's Order Regarding MGA Entertainment, Inc.'s Request for Stay or

19   Modification of Discovery Orders, dated June 21, 2007.

20        42.    Attached as Exhibit 38 is a true and correct copy of excerpts of

21   MGA's Emergency Ex Parte Application for Review of Special Master Infante's

22   Order Denying MGA's Motion for Stay or Extension, dated June 22, 2007.

23        43.    Attached as Exhibit 39 is a true and correct copy of the Court's

24   Minute Order dated July 2, 2007.

25        44.    Attached as Exhibit 40 is a true and correct copy of excerpts of

26   the hearing transcript dated June 19, 2007.

27        45.    Attached as Exhibit 41 is a true and correct copy of excerpts of

28   the hearing transcript dated July 2, 2007.

(none)

1        46.      Attached as Exhibit 42 is a true and correct copy of MGA

2    Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Enforce the Court's

3    Order of May 15, 2007 to Compel MGA to Produce Documents in Unredacted

4    Form, and For Sanctions, dated September 27, 2007.

5        47.      Attached as Exhibit 43 is a true and correct copy of the

6    Discovery Master's Order Regarding Mattel, Inc.'s Motion to Enforce the Court's

7    Order of May 15, 2007, to (I) Compel MGA to Produce Compelled Documents

8    (Including Fee and/or Indemnity Agreements Between MGA and Bryant), (II) Order

9    That Any Privilege Objections Have Been Waived, and (III) Impose Sanctions,

10   dated December 19, 2007.

11       48.      Attached as Exhibit 44 is a true and correct copy of Mattel, Inc.'s

12   Motion to Enforce the Court's Order of May 15, 2007, to (I) Compel MGA to

13   Produce Compelled Documents (Including Fee and/or Indemnity Agreements

14   Between MGA and Bryant), (II) Order That Any Privilege Objections Have Been

15   Waived, and (III) Impose Sanctions, dated September 11, 2007.

16       49.      Attached as Exhibit 45 is a true and correct copy of excerpts of

17   MGA Entertainment, Inc.'s Objections and Supplemental Responses to Mattel, Inc.'s

18   Third Set of Requests for Production of Documents and Things, dated January 9,

19   2008.

20       50.      Attached as Exhibit 46 is a true and correct copy of Mattel, Inc.'s

21   Notice of Motion and Motion to Compel Production of Documents and

22   Interrogatory Answers By MGA Entertainment, Inc., dated February 2, 2007.

23       51.      Attached as Exhibit 47 is a true and correct copy of the

24   Discovery Master's Order Granting Mattel's Motion to Compel Production of

25   Documents and Interrogatory Responses By MGA, dated May 15, 2007.

26       52.      Attached as Exhibit 48 is a true and correct copy of the

27   Discovery Master's  Order Granting Mattel's Motion to Compel Production of

28   Documents, dated January 25, 2007.

07975/2855401.1

DECLARATION OF DIANE HUTNYAN

1    53.    Attached as Exhibit 49 is a true and correct copy of excerpts of

2  the MGA Defendants' Opposition to Mattel, Inc.'s Motion to Compel Production of

3  Documents and Things By MGA Entertainment, Inc. and Award Monetary

4  Sanctions, dated February 7, 2008.

5    54.    Attached as Exhibit 50 is a true and correct copy of a letter from

6  Amman Khan to my colleague, Jon Corey, dated April 2, 2009, as maintained in my

7  firm's records during the ordinary course of business.

8    55.    Attached as Exhibit 51 is a true and correct copy of an email and

9  attachment sent by Richard Stoll to my colleague, Jon Corey, dated February 9,

10  2009, as maintained in my firm's records during the ordinary course of business.

11    56.    Attached as Exhibit 52 is a true and correct copy of excerpts of

12  the deposition transcript of Paula Garcia, dated May 24, 2007.

13

14    I declare under penalty of perjury under the laws of the United States of

15  America that the foregoing is true and correct.

16    Executed on April 3, 2009, at Los Angeles, California.

17

18    _Diane C. Hutnyan_

19    Diane C. Hutnyan

20

21

22

23

24

25

26

27

28