# EXHIBIT 29

ORIGINAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL, )
                                       )
                    PLAINTIFF,         )
                                       )
         V.                            )        NO.  CV 04-9040 SGL
                                       )            (RNBX)
MATTEL, INC., A DELAWARE               )
CORPORATION;                           )
                                       )
                    DEFENDANTS.        )
_____)

# TELEPHONIC TRANSCRIPT
# OF PROCEEDINGS

# MAY 15, 2007



**REPORTED BY:**
ANGELA DUPRE
CSR NO. 7804
JOB NO. 07AD044

COURT REPORTERS
700 S. Flower Street
Suite 1100
Los Angeles, California 90017
Office: (213) 955-0070
Fax: (213) 955-0077

EXHIBIT   29
                   170

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL, )
                                )
           PLAINTIFF,           )
                                )
    VS.                         )   CASE NO.
                                )
MATTEL, INC., A DELAWARE        )CV 04-9049 SGL (RNBX)
CORPORATION,                    )[CONSOLIDATED WITH
                                )CASE NO. 04-9059 AND
           DEFENDANT.           )CASE NO. 05-2727]
                                )
_____ )
                                )
AND CONSOLIDATED ACTION(S).     )
_____ )

          TELEPHONIC TRANSCRIPT OF

          PROCEEDINGS, TAKEN BEFORE HON.

          EDWARD A. INFANTE, AT 865 SOUTH

          FIGUEROA STREET, TENTH FLOOR, LOS

          ANGELES, CALIFORNIA, COMMENCING

          AT 8:17 A.M., TUESDAY, MAY 15,

          2007, BEFORE ANGELA DUPRE, CSR 7804.

```
 1    APPEARANCES OF COUNSEL:
 2
 3    FOR CARTER BRYANT:
 4         KEKER & VAN NEST, LLP
           BY:  MICHAEL PAGE, ESQ.
 5         710 SANSOME STREET
           SAN FRANCISCO, CALIFORNIA 94111
 6         (415) 391-5400
           (TELEPHONICALLY)
 7
 8
      FOR MATTEL, INC.:
 9
           QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
10         BY:  B. DYLAN PROCTOR, ESQ.
                BRIDGET MORRIS, ESQ.
11         865 SOUTH FIGUEROA STREET
           TENTH FLOOR
12         LOS ANGELES, CALIFORNIA 90017-2543
           (213) 443-3000
13
14
      FOR MGA ENTERTAINMENT, INC.:
15
           O'MELVENY & MYERS, LLP
16         BY:  JAMES JENAL, ESQ.
                DIANA M. TORRES, ESQ.
17         400 SOUTH HOPE STREET
           LOS ANGELES, CALIFORNIA 90071-2899
18         (213) 430-6000
           (TELEPHONICALLY)
19
20
      ALSO PRESENT:
21
           HON. EDWARD A. INFANTE
22         (TELEPHONICALLY)
23
24
25
```

EXHIBIT ___29___

PAGE ___172___

1   DISCUSSES IN THE OPPOSITION.

2          WE DISAGREE.   I DON'T THINK THE MOTION IS

3   MOOT AT ALL.   THERE'S SEVERAL -- SEVERAL REASONS

4   FOR THAT.  FIRST, AS OF TODAY, WE STILL HAVE NO

5   DESIGNATION AS TO SIX OF THE EIGHT TOPICS IN

6   MATTEL'S FIRST 30(B)(6) DEPOSITION NOTICE.

7   ORIGINALLY, MGA DESIGNATED PAULA GARCIA TO TALK

8   ABOUT THOSE SIX TOPICS, BUT MS. GARCIA HAS BEEN

9   DE-DESIGNATED.  SINCE THEN, WE'VE RECEIVED AN OFFER

10  TO DESIGNATE MS. GARCIA AGAIN ON THOSE SIX TOPICS,

11  BUT THAT OFFER WAS CONDITIONAL.  AND AS OF NOW WE

12  HAVE NO -- CERTAINLY NO FIRM DESIGNATION.  IT'S NOT

13  CLEAR TO US WHETHER MS. GARCIA IS GOING TO BE

14  TESTIFYING ON THOSE TOPICS OR NOT.

15         SECOND, AFTER WE FILED THIS MOTION, WE

16  DID RECEIVE DATES FOR SOME DESIGNEES ON -- ON MANY

17  OF THE TOPICS SET FORTH IN THE SECOND NOTICE.  AND

18  IT'S A LITTLE UNCLEAR, BUT IT -- MGA APPEARS TO BE

19  STANDING ON THEIR UNILATERAL LIMITATIONS WHICH ARE

20  SET FORTH IN THEIR RESPONSES, IN THEIR OBJECTIONS

21  TO THE 30(B)(6) NOTICE.

22         THE LETTERS THAT WERE SENT BY MS. TORRES

23  DO NOT SAY THAT; THEY SIMPLY OFFER DESIGNEES ON THE

24  TOPIC, BUT THEY ALSO DON'T WITHDRAW THE LIMITATIONS

25  SET FORTH IN MGA'S OBJECTIONS.  AND WE BELIEVE

5

EXHIBIT _____29_____

PAGE _____173_____

```
 1    THOSE LIMITATIONS ARE IMPROPER AND MGA MAKES NO
 2    ATTEMPT TO DEFEND THEM IN ITS OPPOSITION AT ALL.
 3    AND WE, THEREFORE, BELIEVE WE'RE ENTITLED TO AN
 4    ORDER COMPELLING MGA TO PRODUCE DESIGNEES ON THE
 5    TOPICS AS -- AS WRITTEN, AS OPPOSED TO AS LIMITED
 6    BY MGA.
 7              AND THE THIRD REASON WHY WE NEED AN
 8    ORDER, IN OUR VIEW, IS PUTTING ASIDE ALL OF THAT,
 9    THE FACT REMAINS THAT AS OF TODAY WE HAVE HAD NO
10    WITNESS IN THE CHAIR ON ANY 30(B)(6) TOPIC, EXCEPT
11    AS TO TWO TOPICS FROM MATTEL'S FEBRUARY 2005
12    30(B)(6) DEPOSITION NOTICE.
13              AND THE REASON FOR THAT IS MGA HAS BEEN
14    VERY SUCCESSFUL AT DELAYING AND DRAGGING THEIR FEET
15    ON THIS.  AND I BELIEVE THAT'S TACTICAL.  FROM
16    MATTEL'S PERSPECTIVE, IT'S CLEARLY TACTICAL.  WE'VE
17    BEEN TRYING TO GET NAMES AND DATES FOR LITERALLY
18    MONTHS.  AND THE FIRST TIME WE GOT ANY DATES WAS
19    AFTER WE FILED THE MOTION.  THE MORNING OF THE
20    MOTION, WE DID GET A LETTER CONTAINING SOME NAMES
21    OF DESIGNEES.  WE DIDN'T GET ANY DATES UNTIL AFTER
22    WE FILED THE MOTION.
23              MGA SAYS IN ITS OPPOSITION THAT MATTEL
24    SHOULD HAVE WITHDRAWN THE MOTION WHEN WE GOT THOSE
25    DATES, BUT -- AND THIS IS TELLING -- WE OFFERED TO
```

EXHIBIT ___29___

PAGE ___174___

1    WITHDRAW THE MOTION AS TO THE DESIGNATED TOPICS, IF

2    MGA WOULD SIMPLY ENTER INTO A STIPULATION THAT THE

3    DESIGNEES WOULD APPEAR ON THE SPECIFIED DATES.  AND

4    WE GOT NO RESPONSE TO THAT LETTER.

5           AND WHAT WE HAVE TODAY IS NO GUARANTEE

6    THAT MGA WON'T SIMPLY CANCEL THE DEPOSITIONS,

7    WHICH -- WHICH HAS BEEN DONE IN THE PAST; THAT WAS

8    DONE IN THE CONTEXT OF THE FIRST DEPOSITION NOTICE.

9           AS AN ASIDE, WHEN MGA MOVED ON BRYANT'S

10    30(B)(6) DEPOSITION NOTICE, MGA ARGUED, AND I

11    BELIEVE THE DISCOVERY MASTER ADOPTED THIS POSITION,

12    THAT SIMPLY PROVIDING DATES AFTER A MOTION IS FILED

13    DOES NOT SHORT-CIRCUIT THE MOTION.

14           AND SO WE BELIEVE THAT THERE'S NOTHING

15    MOOT ABOUT THE MOTION AND -- AND WE'RE ENTITLED TO

16    AN ORDER COMPELLING MGA TO -- TO PRODUCE ITS

17    WITNESSES.

18           THE SECOND CATEGORY OF ISSUES IS THE --

19    ARE THE EIGHT SPECIFIC TOPICS THAT MGA ACTUALLY

20    DISCUSSES IN ITS OPPOSITION.  IF I MAY, I'LL RUN

21    THROUGH THEM BRIEFLY.  THE FIRST ONE IS TOPIC 24,

22    WHICH RELATES TO FEE AND INDEMNITY AGREEMENTS.

23    IN -- IN ITS OPPOSITION, MGA SAYS THAT THIS IS A

24    DIVERSITY CASE AND, THEREFORE, STATE PRIVILEGE LAW

25    APPLIES.

EXHIBIT __29__

PAGE __175__

```
 1              THE FUNDAMENTAL PROBLEM WITH THAT
 2     POSITION IS THIS IS NOT A DIVERSITY CASE.  THERE
 3     ARE SEVERAL FEDERAL QUESTION CLAIMS AND THE LAW IS
 4     CLEAR THAT IN A CASE WHERE THERE ARE FEDERAL
 5     QUESTION CLAIMS AND STATE LAW CLAIMS AS WELL,
 6     FEDERAL PRIVILEGE LAW APPLIES TO THE ENTIRE
 7     AGREEMENT.  FEE AGREEMENTS ARE NOT PRIVILEGED UNDER
 8     FEDERAL LAW, THEREFORE, THE TOPIC IS PROPER.
 9              NUMBER 25 RELATES TO BRATZ'S REVENUES AND
10     PROFITS.  ON THIS TOPIC, MGA OFFERS NO OPPOSITION
11     ON THE MERITS AT ALL.  THEY SIMPLY SAY IN THE
12     OPPOSITION THAT THERE WAS AN AGREEMENT BETWEEN THE
13     PARTIES, WHICH THERE WASN'T AN AGREEMENT THAT --
14     THIS TOPIC NEEDED TO BE ADDRESSED -- THIS TOPIC
15     NEED NOT BE ADDRESSED AT THIS TIME.  THERE WAS NO
16     SUCH AGREEMENT, THERE'S NO DOCUMENTATION OF ANY
17     SUCH AGREEMENT.  I THINK THIS IS CLEARLY
18     DISCOVERABLE; IT OBVIOUSLY RELATES TO DAMAGES.
19              TOPIC NUMBER 26 IS RELATED; THAT IS,
20     MGA'S NET WORTH.  MGA ARGUES THAT WE SHOULD BE
21     PRECLUDED FROM TAKING DISCOVERY ABOUT ITS NET WORTH
22     UNTIL THERE IS A FINDING OF OWNERSHIP.  BUT THAT
23     IGNORES THAT THE PHASE II DISCOVERY CUTOFF IS
24     MARCH 3, 2008.  AND IT'S NOT AT ALL CLEAR THAT THE
25     PHASE I TRIAL IS GOING TO BE CONCLUDED BY THAT
```

EXHIBIT __29__

PAGE __176__

8

```
 1   POINTS THAT WERE RAISED.

 2            MR. JENAL DISCUSSED -- EXCUSE ME,

 3   MR. JENAL DISCUSSED THE MEET AND CONFER PROCESS.

 4   AND IT MAY VERY WELL BE THAT THERE IS SIMPLY AN

 5   HONEST MISCOMMUNICATION BETWEEN THE PARTIES.  I

 6   DON'T KNOW.  BUT THE FACT REMAINS THAT THE PARTIES

 7   DID NOT HAVE THE SAME UNDERSTANDING COMING OUT OF

 8   THAT MEET AND CONFER PROCESS.

 9            AND, AS I'M SURE YOUR HONOR HAS SEEN,

10   THIS IS ALL DOCUMENTED IN LETTERS BACK AND FORTH,

11   ATTACHED TO THE TORRES DECLARATION, THE SUPPLEMENT

12   ZELLER DECLARATION, AND THE ORIGINAL ZELLER

13   DECLARATION, BUT, AS OF NOW, YOU KNOW, THE -- THE

14   FACT REMAINS THAT MATTEL PUT MGA ON NOTICE

15   REPEATEDLY THROUGH ITS LETTERS -- AND, AGAIN, THIS

16   IS DOCUMENTED -- THAT MATTEL WAS GOING TO FILE A

17   MOTION AND IT DID SO LITERALLY WEEKS BEFORE IT

18   ENDED UP ACTUALLY FILING THE MOTION, AND THESE ARE

19   IN THE DECLARATIONS.

20            SO IF MGA GENUINELY THOUGHT THAT IT

21   DIDN'T NEED TO DESIGNATE ANY WITNESSES UNTIL MATTEL

22   RESPONDED, I BELIEVE MATTEL'S WRITTEN

23   COMMUNICATIONS SHOULD HAVE DISPELLED THAT

24   IMPRESSION.  AND I THINK THAT ADDRESSES THE MEET

25   AND CONFER ISSUE.
```

EXHIBIT ___29___

PAGE ___177___

```
 1              THE SECOND POINT IS ON -- ON THE PAULA
 2   GARCIA ISSUE.  WE ARE NOT -- TO BE CLEAR, WE'RE NOT
 3   SEEKING AN ORDER COMPELLING MS. GARCIA TO
 4   PERSONALLY APPEAR FOR DEPOSITION.  THIS RELATES TO
 5   30(B)(6) TOPICS.
 6              AND OUR OBJECTION IS THAT THE OFFER TO
 7   MAKE MS. GARCIA AVAILABLE FOR 30(B)(6) DEPOSITION
 8   AND EVEN OFFER TO DESIGNATE HER, PURSUANT TO THE
 9   FIRST NOTICE, WAS CONDITIONAL ON THINGS THAT MGA
10   HAS NO RIGHT TO CONDITION THAT ON.  MGA HAS AN
11   OBLIGATION TO DESIGNATE ITS WITNESSES.  INSTEAD IT
12   SAID, WELL, WE WILL DESIGNATE MS. GARCIA ON THE
13   FIRST NOTICE, IF YOU DO THESE THREE THINGS.  AND I
14   DON'T THINK THAT'S PROPER.
15         JUDGE INFANTE:  OKAY.  HERE IS MY RULING:  I
16   DON'T CONSIDER THE MOTION MOOT.  I BELIEVE THAT
17   MATTEL IS ENTITLED TO AN ORDER COMPELLING THE FULL
18   COMPLIANCE WITH RULE 30(B)(6) OF THE FEDERAL RULES
19   OF CIVIL PROCEDURE; NAMELY, DESIGNATE THE WITNESSES
20   ON EACH TOPICS TO BE PRESENTED, PRODUCE THEM, AND
21   ALLOW THEM TO BE QUESTIONED.
22              WITH RESPECT TO THE TOPICS, I FIND ALL OF
23   THE TOPICS RELEVANT.  I OVERRULE THE OBJECTIONS,
24   THE LIMITATIONS, AND THE CONDITIONS ASSERTED BY MGA
25   AS TO EACH TOPIC.
```

EXHIBIT ___29___

PAGE ___178___

21

```
 1              THE TOPICS 25 AND 26, WHICH ARE FINANCIAL
 2   INFORMATION, PROFITS, NET WORTH, CAN BE DEFERRED
 3   UNTIL LATER.  AND I WOULD ALLOW THE PARTIES TO MEET
 4   AND CONFER, WITH RESPECT TO APPROPRIATE TIMING OF
 5   THOSE TWO TOPICS.
 6              EVERYTHING ELSE SHOULD GO FORWARD.
 7              WITH RESPECT TO MS. GARCIA, I GUESS SHE'S
 8   DESIGNATED AGAIN.  SHE WAS ONCE DESIGNATED AND THEN
 9   DE-DESIGNATED AND NOW DESIGNATED AGAIN, ON SIX
10   REMAINING TOPICS.  I THINK THAT SHOULD BE THE FIRST
11   IN TIME, OR PRIORITY, THAT DEPOSITION NOTICE SHOULD
12   BE COMPLETED AS SOON AS POSSIBLE.
13              I WOULD LIKE TO SET A DEADLINE BY WHICH
14   TO COMPLETE THE 30(B)(6) DEPOSITION ON THE FIRST
15   NOTICE.  AND I'D ALSO LIKE TO SET A DEADLINE TO
16   COMPLETE THE SECOND 30(B)(6) DEPOSITION NOTICE ON
17   ALL TOPICS.  I AM OPEN TO YOUR SUGGESTIONS AS TO
18   WHAT THOSE DEADLINES SHOULD BE.
19              AND, FINALLY, I DENY THE MATTEL MOTION
20   FOR SANCTIONS.
21              DO THE PARTIES WISH TO PROPOSE SPECIFICS
22   AS TO THE ORDER I JUST MADE?
23       MR. PROCTOR:  THIS IS DYLAN PROCTOR, FOR
24   MATTEL.  IN TERMS OF TIMING, I -- WE, OF COURSE,
25   WOULD LIKE TO GET THESE HEARD AS SOON AS POSSIBLE.
```

22

EXHIBIT ___29___

PAGE ___179___

1    STATE OF CALIFORNIA          )

                                  )    SS.

2    COUNTY OF LOS ANGELES        )

3              I,    ANGELA DUPRE    , CERTIFIED

4    SHORTHAND REPORTER, CERTIFICATE NUMBER 7804, FOR

5    THE STATE OF CALIFORNIA, HEREBY CERTIFY:

6              THE FOREGOING PROCEEDINGS WERE TAKEN

7    BEFORE ME AT THE TIME AND PLACE THEREIN SET FORTH;

8              THE FOREGOING TRANSCRIPT IS A TRUE AND

9    CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

10             I FURTHER CERTIFY THAT I AM NEITHER

11   COUNSEL FOR NOR RELATED TO ANY PARTY TO SAID ACTION

12   NOR IN ANY WAY INTERESTED IN THE OUTCOME THEREOF.

13             IN WITNESS WHEREOF, I HAVE HEREUNTO

14   SUBSCRIBED MY NAME THIS _4th_ DAY OF

15   _June_____, 2007.

16

17             _____

18

19

20

21

22

23

24

25

EXHIBIT ___29___

PAGE ___180___

27

# EXHIBIT 30

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

CARTER BRYANT, an
individual,

        Plaintiff,

    vs.

MATTEL, INC., a Delaware
corporation,

        Defendants.

No. CV 04-9049 SGL
(RNBx)

**CERTIFIED**
**COPY**

Consolidated with MATTEL, INC. v.
BRYANT and MGA ENTERTAINMENT, INC.
v. MATTEL, INC.

HEARING BEFORE THE HONORABLE EDWARD A. INFANTE

San Francisco, California

Friday, December 14, 2007

Reported by:
DANA M. FREED
CSR No. 10602

JOB No. 76864

EXHIBIT __30__

PAGE __181__

HEARING                                    12/14/07

1              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
2                    EASTERN DIVISION

3

4    CARTER BRYANT, an
     individual,
5
                 Plaintiff,
6
           vs.                        No. CV 04-9049 SGL
7                                     (RNBx)
     MATTEL, INC., a Delaware
8    corporation,

9                Defendants.

10   _____

     Consolidated with MATTEL, INC. v.
11   BRYANT and MGA ENTERTAINMENT, INC.
     v. MATTEL, INC.
12
     _____
13

14              Hearing before the Honorable Edward A. Infante,

15   at JAMS, Two Embarcadero Center, Suite 1500, San Francisco,

16   California, beginning at 10:49 a.m. and ending at

17   12:43 p.m. on Friday, December 14, 2007, before

18   DANA M. FREED, Certified Shorthand Reporter No. 10602.

19

20

21

22

23

24              EXHIBIT __36__

25              PAGE __180__

```
 1    APPEARANCES:

 2

 3    For the Plaintiff CARTER BRYANT, an individual:

 4         KEKER & VAN NEST LLP
           BY:   MICHAEL H. PAGE
 5               JOHN TRINIDAD
                 CHRISTA MARTINE ANDERSON
 6         Attorneys at Law
           710 Sansome Street
 7         San Francisco, California 94111-1704
           415.391.5400
 8

      For the Defendant MATTEL, INC., a Delaware
 9    corporation:

10         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
           BY:   JOHN B. QUINN
11               JON COREY
                 SCOTT B. KIDMAN
12               B. DYLAN PROCTOR
           Attorneys at Law
13         865 Figueroa Street, 10th Floor
           Los Angeles, California 90017
14         213.443.3000

15    For the Defendants MGA Entertainment, Inc., MGA
      Entertainment (HK) Limited, and Isaac Larian:
16
           SKADDEN ARPS SLATE MEAGHER & FLOM LLP
17         BY:   RAOUL D. KENNEDY
                 THOMAS J. NOLAN
18               AMY S. PARK
           Attorneys at Law
19         Four Embarcadero Center, 38th Floor
           San Francisco, California 94111-5974
20         415.984.6400

21    Also Present:

22         CRAIG HOLDEN, MGA Entertainment

23

24              EXHIBIT  30
25
                PAGE  183
```

3

1   Your Honor.  I believe that's number 11.  This motion

2   was added, Your Honor, after the --

3           JUDGE INFANTE:  Well, it's a Motion

4   Compelling MGA to Produce Documents Responsive to Your

5   Second Set of Requests Dated June 6, 2007 Regarding

6   Requests 2 through 46.

7           MR. KIDMAN:  That's correct.

8           JUDGE INFANTE:  Is there another motion after

9   that?

10          MR. KIDMAN:  Yes.  There's a motion to compel

11  Isaac Larian to produce documents.

12          JUDGE INFANTE:  I don't have that in my list.

13  Where is that?

14          MR. KIDMAN:  It's motion number 10, I

15  believe, Your Honor.

16          JUDGE INFANTE:  Yes.  Oh, motion number 10.

17          Which one are you arguing now?

18          MR. KIDMAN:  With Your Honor's permission,

19  we'd like to argue the Motion to Compel MGA to Produce

20  Documents Responsive to Mattel's Second Set of

21  Requests.

22          JUDGE INFANTE:  Okay.

23          MR. KIDMAN:  And Your Honor, the request at

24  issue seeks basic financial information regarding

25  revenues, costs, unit sales relating to Bratz products

EXHIBIT    30

58

PAGE    184  ¿NOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
                        877.955.3855

1   that are at issue in this lawsuit.

2                 JUDGE INFANTE:   Right.

3                 MR. KIDMAN:   The information is directly

4   relevant to Mattel's claims for damages in this

5   lawsuit where we seek profits made by MGA from their

6   sale and licensing of Bratz products.   There is no

7   dispute that this information is relevant.   MGA in

8   fact has agreed to produce the information.   And as

9   recently as a couple of weeks ago, MGA's new counsel

10  acknowledged that this information that we have been

11  seeking is the starting point for both sides' expert

12  analysis.

13                The reason that this motion was necessary is

14  that MGA promised to produce the information back in

15  September, did not produce the information.   We met

16  and conferred with them over that failure to produce

17  the document, they couldn't give us a date by which it

18  would be produced.   And as has been pointed out here

19  today, we're running up against discovery cutoff

20  deadlines, we have expert reports due February 11, we

21  simply weren't in a position to wait and get the

22  documents at MGA's pleasure.

23                Since we filed our motion, some documents

24  have been produced.   We're in the process of analyzing

25  those documents, but I think there's been two separate

EXHIBIT 30                                            59

PAGE 185   'FF COURT REPORTERS AND LEGAL TECHNOLOGIES
                          877.955.3855

1   productions.  But even there's a production two days

2   ago.  The cover letter that accompanied that

3   production on its face indicates that the production

4   is incomplete.  Our position is that MGA should be

5   ordered to produce the documents by a date certain.

6   If that production is going to be completed, there

7   should be no issue with an order.  If there is any

8   issue with them completing that production, then

9   obviously an order is necessary.

10          JUDGE INFANTE:  Okay.  I understand.  Thank

11   you.

12          MR. KENNEDY:  Yes, Your Honor.  Some is

13   rather a modest term here.  36,749 pages of documents

14   have been produced pursuant to this request which

15   I understand go to the gut topics that the experts

16   really have to work with.  There are perhaps seven or

17   eight rather peripheral topics.  If we can have until

18   the end of the first week in January, we can complete

19   compliance as to those.

20          JUDGE INFANTE:  That would be, what,

21   January 4th?

22          MR. COREY:  January 7th is Friday.

23          MR. PAGE:  Friday is the 4th and the 11th.

24          JUDGE INFANTE:  That's what I thought.

25   Friday is the 4th and the 11th.  So you said the first

EXHIBIT ___30___

PAGE ___186___

```
 1    week in January, and I'm seeking whether you mean the

 2    fragmented week or the following week?

 3              MR. KENNEDY:  The 11th is what the client's

 4    people think they're going to need to finish it up.

 5              JUDGE INFANTE:  Anything further?

 6              MR. KIDMAN:  Well, the problem with that,

 7    Your Honor, is that gives us a month to complete our

 8    expert reports.  And this is information that we first

 9    requested six months ago in June.  It was promised to

10    be produced in September.  More than three months

11    after that promised deadline.  And we've already been

12    prejudiced by the delay, Your Honor.

13              JUDGE INFANTE:  Okay.

14              MR. KENNEDY:  Your Honor, as I said, as

15    I understand it, other people are working closer to

16    this, what's really needed to get experts started,

17    Mr. Kidman could identify any of the uncompleted

18    topics or categories where he needs something before

19    the 11th.  Let us, or let the Court know when he needs

20    it.  Fine.  But right now I think we're talking about

21    chaff and the wheat's been made available.

22              JUDGE INFANTE:  Okay.  Thank you very much.

23              MR. KENNEDY:  Thank you, Your Honor.

24              JUDGE INFANTE:  Your motion is well taken.

25    It's granted.  The requests seek information that is
```

EXHIBIT   30

COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

PAGE   187

1   undeniably relevant.  You have been waiting for this

2   information.  Even though it is now being produced,

3   you're entitled to a court order.

4            The motion is granted.  MGA shall produce all

5   unprivileged documents that are relevant to requests

6   2 through 46 on or before January 10th, 2008.

7            You may prepare the order.

8            MR. KIDMAN:  May I just clarify?  You said

9   all documents that are relevant, do you mean responses

10  to the request?

11           JUDGE INFANTE:  Responses.

12           MR. KIDMAN:  Thank you.

13           JUDGE INFANTE:  On or before January 10th,

14  2008.  You may prepare the order.

15           Okay.  The last motion, which I have brought

16  by Mattel, is a Motion to Compel Production of

17  Documents By Isaac Larian and For an Award of Monetary

18  Sanctions.  That was listed on the list as motion

19  number 10.  You may proceed.

20           MR. KIDMAN:  Your Honor, there are a number

21  of categories of requests that are at issue in our

22  motion.  They have all been very well briefed, and I

23  will come back and address some of the specific

24  categories.  But there's a couple of threshold issues

25  I'd like to address first and we've pointed these out

EXHIBIT ___30___

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

___188___

1   in our reply brief.  And first is, Mr. Larian's

2   opposition was late.  It was due no later than

3   November 26.  It wasn't served until December 5th.

4   There was no request for an extension of the deadline,

5   and we would submit that it should be disregarded.

6          In addition, Your Honor, after our motion was

7   filed, there was an agreement, on the part of

8   Mr. Larian's counsel, to produce documents in response

9   to approximately 55 of the requests.  However, we

10  haven't received those documents.  We haven't been

11  told when they're going to be produced.  And we

12  believe that an order is in order compelling the

13  production of those documents.  There is no dispute

14  that they're relevant.  Mr. Larian has agreed to

15  produce them, and we've identified those 55 requests

16  in our reply papers.  We believe that an order is

17  appropriate.  That Mr. Larian be compelled to produce

18  those responsive documents that he has agreed to

19  produce by a date certain.

20         In Mr. Larian's opposition to our motion, he

21  has suggested that, as to those 55 requests, he will

22  produce documents that he's able to locate in his,

23  quote, "personal files."  And Mr. Larian's unilateral

24  restriction to documents in his personal files is

25  completely inappropriate.  That's something we have

EXHIBIT  30

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

PAGE  189

1    I, the undersigned, a Certified Shorthand

2    Reporter of the State of California, do hereby certify:

3    That the foregoing proceedings were taken

4    before me at the time and place herein set forth; that

5    any witnesses in the foregoing proceedings, prior to

6    testifying, were duly sworn; that a record of the

7    proceedings was made by me using machine shorthand

8    which was thereafter transcribed under my direction;

9    that the foregoing transcript is a true record of the

10   testimony given.

11   Further, that if the foregoing pertains to

12   the original transcript of a deposition in a Federal

13   Case, before completion of the proceedings, review of

14   the transcript [  ] was [  ] was not requested.

15   I further certify I am neither financially

16   interested in the action nor a relative or employee

17   of any attorney or party to this action.

18   IN WITNESS WHEREOF, I have this date

19   subscribed my name.

20

21   Dated:   **DEC 1 7 2007**

22

23                    DANA M. FREED

24                    CSR No. 10602

25

EXHIBIT 30

PAGE 190

# EXHIBIT 31

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

CARTER BRYANT, an individual,

     Plaintiff,

      vs.

MATTEL, INC., a Delaware
corporation,

     Defendants.

AND CONSOLIDATED ACTIONS.

No. CV 04-9049 SGL (RNBx)
Consolidated with
Nos. CV 04-9405 and
05-2727

**CERTIFIED
COPY**

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Los Angeles, California

Wednesday, March 11, 2009

Reported by:
CHERYL R. KAMALSKI
CSR No. 7113

Job No. 106486

EXHIBIT ___31___
PAGE___191___

1            UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
2                  EASTERN DIVISION

3

4    CARTER BRYANT, an individual,

5           Plaintiff,

6        vs.                        No. CV 04-9049 SGL (RNBx)
                                    Consolidated with
7    MATTEL, INC., a Delaware       Nos. CV 04-9405 and
     corporation,                   05-2727
8
            Defendants.
9

10   AND CONSOLIDATED ACTIONS.

11

12

13

14

15

16       REPORTER'S TRANSCRIPT OF PROCEEDINGS, taken at

17   555 West Fifth Street, 48th Floor, Los Angeles,

18   California, beginning at 10:18 a.m. and ending at

19   11:53 a.m. on Wednesday, March 11, 2009, before

20   CHERYL R. KAMALSKI, Certified Shorthand Reporter No. 7113.

21

22

23

24

25

EXHIBIT _31_

PAGE___ 192___          RT REPORTERS AND LEGAL TECHNOLOGIES
                              877.955.3855

2

```
 1    APPEARANCES:

 2

 3    Discovery Master:

 4         ROBERT C. O'BRIEN
           Attorney at Law
 5         555 West Fifth Street, Suite 4800
           Los Angeles, California 90013-1065
 6         (213) 629-7400

 7    For Defendant Mattel, Inc.:

 8         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
           BY:   MICHAEL T. ZELLER
 9         BY:   B. DYLAN PROCTOR
           BY:   JON COREY
10         Attorneys at Law
           865 South Figueroa Street, 10th Floor
11         Los Angeles, California 90017
           (213) 624-7707
12
      For Defendant MGA:
13
           GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
14         BY:   JOEL KLEVENS
           Attorney at Law
15         10250 Constellation Boulevard, Nineteenth Floor
           Los Angeles, California 90067
16         (310) 553-3000

17    Also Present:

18         CRAIG HOLDEN

19

20

21

22

23

24

25
```

EXHIBIT ___3/___

RT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

PAGE ___193___

3

1    information.

2          With respect to the healthcare -- the healthcare

3    information, no, it's not something that Mattel is

4    particularly interested in.

5          Mattel is concerned, though, about breaking up

6    the personnel files in light of what I anticipate to be an

7    offer at trial that this is the collection of documents

8    that constitutes the personnel file and there is no

9    instance in here of any action taken against any of these

10   individuals for taking a competitor's information.

11         MR. O'BRIEN:   Is that something --

12         MR. COREY:   It's an evidentiary concern more than

13   anything.   I don't want the response to be well, no, it's

14   not the complete file, so you can't draw that inference

15   from that.

16         MR. O'BRIEN:   Is that something that could be

17   solved through redacting the relevant pages?   So, for

18   example, if you had the file, and the page dealing with

19   someone's pregnancy or somebody's application for

20   insurance or that sort of thing, that may disclose private

21   matters, if those pages in a file were redacted, would

22   that be one way that would address the concern that you

23   have?

24         MR. COREY:   I believe so.   The specific

25   information, I think -- I think what we would request is

EXHIBIT  31

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

PAGE  194

1   that as long as there's an indicator on that page that it

2   is, in fact, a healthcare, if it has Blue Cross's logo at

3   the top, or something like that, I don't want redacted

4   blank pages, but I think if we -- some generic indicator,

5   I think that would be sufficient.

6          MR. O'BRIEN:   Okay.  I understand.

7          Mr. Klevens.

8          MR. KLEVENS:   Thank you.  And I'm going to take

9   my first opportunity to say thank you, "Mr. O'Brien," and

10  not fall into the "your Honor" trap if I can.

11         First, just to take a moment, as shown in MGA's

12  opposition and as conceded in Mattel's reply, it brought

13  this renewed motion without any effort to meet and confer,

14  except for meet and confers that took place more than a

15  year ago.  No effort to meet and confer since the phase 2

16  stay was lifted.

17         Also, as reflected in MGA's opposition and

18  conceded in Mattel's reply, MGA agreed to produce

19  responsive documents regarding the first RFP -- the first

20  RFPs No. 48 and the third set of RFPs 43 through 75.  34

21  of the 36 document requests MGA agreed to produce.

22         So notwithstanding all of the vitriol that you

23  get in this motion, and the hundreds of pages of exhibits,

24  and the page after page of what Mattel calls background,

25  there are two document requests presently pending before

15

EXHIBIT 31
PAGE 195
SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

1    the Discovery Master, and no more than two.

2          And the issue, as you've already touched upon, is

3    to what extent are these requests overbroad. An issue

4    that Mattel has not addressed is that these requests,

5    particularly request 87, demands all personnel and vendor

6    files for each person identified in Exhibit 664, which was

7    Exhibit 27 to the Krug declaration submitted with the

8    motion.  That exhibit contains 120 names.  Mattel says

9    well, gee, we suspect that 10 or 11 people are implicated

10   in the claims that we've alleged in the counterclaim,

11   namely, allegedly wrongfully hired and then allegedly

12   stealing trade secrets.  There is no showing by Mattel

13   with respect to the other 110 people and that any of those

14   others have -- that they have any basis to believe that

15   any of those others were wrongfully hired, or even if they

16   were, that they were involved in this alleged conspiracy

17   about taking trade secrets, that is, after all, what the

18   counterclaim is about and that's all that it's about.

19          So the first problem is that Mattel needs to

20   identify the individuals whose personnel or vendor files

21   they think they're entitled to, as opposed to using this

22   blunderbuss approach of simply saying we want 120 even

23   though we know nothing about 110 of those 120.  That is

24   the definition of a fishing expedition.  It is not an

25   effort to conduct discovery to fairly litigate the claims

16

EXHIBIT __31__
PAGE ____196____
SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

1   alleged.   It's an effort to conduct discovery to discover

2   new claims.   That is not allowed under all applicable

3   federal law.   So that's the first problem, it wasn't

4   addressed by Mr. Corey and needs to be addressed by

5   Mattel.

6         The second problem is that even if you get to a

7   universe of individuals whose personnel files should be

8   produced because they're relevant, you then have to deal

9   with the question of well, what's relevant to these

10  claims?   Is everything about an individual that might be

11  in his personnel file relevant to these claims?   What are

12  these claims about?   And, again, you get to the question

13  of -- that these claims are about an alleged plan by

14  Mattel (sic) to steal employees and to take trade secrets.

15        So it seems to me, again, Mattel needs to limit

16  the material that they're looking for to material that

17  would arguably be relevant.

18        We pointed out to you, in our papers, that when

19  this same issue came up in phase 1 and Mattel took the

20  same approach, which was we want all of these personnel

21  files, the ruling from then Master, Judge Infante, on

22  April 14th, 2008, was to say well, you can have material

23  from the personnel files but not all of the materials, and

24  he limited what was allowed to the portions of the files

25  relating to what was at issue in phase 1, which in that

EXHIBIT ___31_____                                       17

                  'T REPORTERS AND LEGAL TECHNOLOGIES
PAGE___  197       877.955.3855

1       I, the undersigned, a Certified Shorthand
2  Reporter of the State of California, do hereby certify:
3       That the foregoing proceedings were taken
4  before me at the time and place herein set forth; that
5  any witnesses in the foregoing proceedings, prior to
6  testifying, were duly sworn; that a record of the
7  proceedings was made by me using machine shorthand
8  which was thereafter transcribed under my direction;
9  that the foregoing transcript is a true record of the
10 testimony given.
11      Further, that if the foregoing pertains to
12 the original transcript of a deposition in a Federal
13 Case, before completion of the proceedings, review of
14 the transcript [  ] was [  ] was not requested.
15      I further certify I am neither financially
16 interested in the action nor a relative or employee
17 of any attorney or party to this action.
18      IN WITNESS WHEREOF, I have this date
19 subscribed my name.
20          MAR 1 2 2009
21 Dated: _____
22
23      *Cheryl R. Kamalski*
         CHERYL R. KAMALSKI
24       CSR No. 7113
25

EXHIBIT __31__

PAGE __198__

# EXHIBIT 32

1   DOUGLAS A. WICKHAM (S.B. #127268)
    dwickham@littler.com
2   KEITH A. JACOBY (S.B. #150233)
    kjacoby@littler.com
3   LITTLER MENDELSON
    A Professional Corporation
4   2049 Century Park East, 5th Floor
    Los Angeles, CA 90067.3107
5   Telephone: (310) 553-0308
    Facsimile: (310) 553-5583
6
    Attorneys for Carter Bryant
7

8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
                           EASTERN DIVISION
10

| | |
|---|---|
| 11   CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727) |
| 12                 Plaintiff, | **DISCOVERY MATTER** |
| 13          v. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant to The Court's Order of December 6, 2006** |
| 14   MATTEL, INC., a Delaware Corporation, | **CARTER BRYANT'S OPPOSITION TO MATTEL INC.'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS** |
| 15                 Defendant. | Date: January 24, 2007 |
| 16 | Time: 8:15 a.m. |
| 17 | Place: Telephonic |
| 18 | Discovery Cut-off: None set |
| 19 | Pre-trial Conference: None Set |
| 20 | Trial Date: None Set |
| 21 | |
| 22   CONSOLIDATED WITH MATTEL, INC. v. BRYANT and | Judge: Hon. Stephen G. Larson |
| 23   MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Discovery Cut-Off: T.B.D. |

24

25

26

27

28

EXHIBIT ___32___

PAGE ___199___

CARTER BRYANT'S OPPOSITION TO MATTEL INC.'S
MOTION TO COMPEL

1   rejected this position – articulated after literally dozens of hours of extensive meetings

2   with Mattel lead counsel.  Bryant's counsel indicated he would honor all of the

3   agreements set out in the Stipulation so long as Bryant would not have to face the

4   exact same discovery requests and motions again.  Mattel rejected that proposal

5   position, favoring instead this motion.  (Jacoby Decl. ¶ 26.)

### III.

### ARGUMENT

8          Bryant has already agreed in the Stipulation to most of what Mattel

9   seeks.  Bryant has **agreed** to produce documents reflecting all work he did in

10  connection with the First Generation Bratz, which spans from August of 1998 to June

11  of 2001, and that includes his entire second period of employment with Mattel.  The

12  aforementioned agreement would cover all designs and prototypes relating to Bryant's

13  role in the initial creation of Bratz.  Bryant has also agreed during the negotiation of

14  the Stipulation to produce all finalized amendments to his original MGA contract.

15         Notwithstanding Mattel's representations to the contrary, Bryant has

16  produced hundreds of documents that relate to the conception, creation and

17  development of Bratz.  Bryant and MGA have also produced documents relating to

18  the money he earned from MGA from the First Generation Bratz dolls.

19         To the extent Mattel seeks to abandon the agreement it reached on the

20  substance of the requests in has moved upon, its requests are facially unreasonable:

21       • Bryant has declined to produce all communications with MGA

22          relating to Mattel employees.  Mattel and MGA are major local

23          employers in a highly competitive industry – many ex-Mattel

24          employees work for MGA and vice versa.  Mattel has no basis to

25          seek such communications other than to infringe on the privacy

26          rights of ex-Mattel and prospective MGA employees.

27       • Bryant declines to unredact his personal phone records and

28          financial information.  While Mattel says these documents are

EXHIBIT __32__

__200__

8.

1      useless, they do not state why, because they cannot. Bryant and
2      MGA witnesses have testified at length about the earnings derived
3      from the Bratz products, and Mattel has articulated no specific
4      basis to remove the redactions and further violate Mr. Bryant's
5      privacy rights. Bryant already produced pages of telephone
6      records reflecting all phone calls between MGA and himself,
7      redacted to exclude his own personal (non-MGA related) phone
8      calls and the phone calls of his family and roommates (Richard
9      Irman and Elise Cloonan). He also produced redacted phone
10     records from Veronica Marlow, the individual who introduced
11     Bryant to MGA. He produced those records in good faith, even
12     though they are not his own, because they were turned over by
13     Marlow to his attorneys during this litigation.

14     • Bryant has not declined to produce all documents created after the
15       lawsuit was filed. However, Bryant and MGA are engaged in
16       continuing work to develop this product line, work both MGA and
17       Bryant have invested substantial money and time creating, and
18       Mattel, MGA's competitor, simply cannot access all Bratz related
19       documents through these requests.

20     • Other than redactions and Bates labeling, Bryant has produced
21       documents in the manner in which they existed. The accusation by
22       a former MGA employee that MGA altered a fax header on a
23       document by a witness, an accusation which has been denied by
24       other MGA witnesses, is not germane to any dispute with Bryant
25       and certainly does not justify the wholesale deletion of all
26       redactions, which would violate the privacy rights of Bryant and
27       his friends, families and roommates.

28     Mattel simply has no basis to bring this motion. As set forth in the

EXHIBIT ___32___

PAGE ___201___                    9.

CARTER BRYANT'S OPPOSITION TO MATTEL INC.'S
MOTION TO COMPEL

1   separate statement, its sweeping overbroad and duplicative requests cannot stand on

2   their own.  Mattel's counsel likely knew as much when they embarked on two years of

3   negotiations to substantially limit the requests, only to pull the rug out at the last

4   second and move on every request.  Tens of thousands of attorney fee dollars were

5   spent on this negotiation -- this tactic of endless re-negotiating must end.  The

6   Stipulation of the parties that represented a fair and reasonable compromise of the

7   issues raised in these requests should be enforced as an Order of this Court.  Mattel is

8   entitled to nothing further than what the Stipulation provides.  That Order should also

9   end any further law and motion on the document requests moved upon in January

10  2005 and in the current motion.

11

12  January 11, 2007

13                            DOUGLAS A. WICKHAM
                              KEITH A. JACOBY
14                            LITTLER MENDELSON
                              A Professional Corporation
15

16                            Keith A. Jacoby
                              Attorneys for Defendant
17                            CARTER BRYANT

18

19      Firmwide:81881037.4 028307.1010

20

21

22

23

24

25

26

27

28

EXHIBIT    32
PAGE       202

10.                CARTER BRYANT'S OPPOSITION TO MATTEL INC.'S
                   MOTION TO COMPEL

# EXHIBIT 33

## CONFORMED COPY

BY:

2007 AUG 14  PM 12:18

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
EASTERN DIVISION

FILED

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

11   CARTER BRYANT, an individual,

12                Plaintiff,

13        v.

14   MATTEL, INC., a Delaware corporation,

15                Defendant.

16

17

18   CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
19   MGA ENTERTAINMENT, INC. v. MATTEL,
     INC.

20

CASE NO. C 04-09049 SGL (RNBx)
JAMS Reference No.1100049530

Consolidated with
Case No. CV 04-09059
Case No. CV 05-2727

**ORDER GRANTING IN PART AND
DENYING IN PART MATTEL'S
MOTION TO COMPEL PRODUCTION
OF DOCUMENTS BY MGA;
DENYING REQUEST FOR
MONETARY SANCTIONS**

21                          I.  INTRODUCTION

22        On June 26, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production of

23   Documents by MGA Entertainment, Inc. ("MGA") and for Award of Monetary Sanctions. Mattel

24   seeks an order compelling MGA "to produce documents responsive to Mattel's First Set of

25   Requests for Documents and Things Re Unfair Competition Claims, including, without limitation,

26   Request Nos. 1, 3-10, 12-13, 16-18, 19-20, 26-27, 29-30, 32-40, 42-43, 45, 48-52, 54-56, 58-60,

27

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

EXHIBIT  33

PAGE  203

1    65-119, 137-140, 157-161, 164 and 166," and for sanctions in the amount of $4,500, which

2    represents a portion of the costs incurred by Mattel in bringing this motion.  Mattel's Motion at

3    p.1.  On July 3, 2007, MGA submitted its opposition brief, and on July 9, 2007, Mattel submitted

4    a reply brief.  The matter was heard via telephonic conference on August 13, 2007.  Having

5    considered the motion papers and comments of counsel at the hearing, Mattel's motion to compel

6    is granted in part and denied in part, and the request for sanctions is denied.

7                                    II. BACKGROUND

8         This consolidated action includes MGA's claims for unfair competition against Mattel.

9    Among other things, MGA alleges that Mattel has engaged in "serial copycatting" of MGA

10   products, packaging and advertising, including Bratz dolls and other Bratz products, Bratz

11   packaging and Bratz television commercials.  MGA also alleges that Mattel engaged in improper

12   conduct in dealing with retailers, licensees, employees and industry organizations.

13        After MGA filed its claims against Mattel, Mattel sought and was granted leave to file

14   several counterclaims against MGA, including claims for copyright infringement, violation of

15   RICO, conspiracy to violate RICO, misappropriation of trade secrets and unfair competition.

16   Among other things, Mattel alleges that MGA has induced Mattel employees to steal Mattel's

17   trade secrets, confidential information and other property and take it with them to their new

18   employment with MGA.  Mattel also alleges that Bryant conceived, created and developed Bratz

19   designs while he was employed by Mattel as a designer, that he concealed his Bratz work from

20   Mattel, and that he sold Bratz to MGA while he was a Mattel employee.  Mattel alleges that it is

21   the rightful owner of the Bratz designs and that MGA is engaging in copyright infringement of

22   the Bratz designs.

23        On December 18, 2006, Mattel propounded its First Set of Requests for Production of

24   Documents and Things re Claims for Unfair Competition to MGA (the "Requests for

25   Production").  The Requests for Production consist of 166 requests seeking information that

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT  33

PAGE  204

2

1 | Mattel contends is relevant primarily to MGA's claims for unfair competition and Mattel's
2 | defenses thereto.

3 |       In the meantime, MGA served its initial disclosures related to its unfair competition
4 | claims. Mattel immediately filed a motion to compel MGA to provide complete initial
5 | disclosures in compliance with Rule 26, Fed.R.Civ.P. Although the initial disclosures were
6 | wholly inadequate, the Discovery Master denied the motion to compel, reasoning that it would be
7 | more efficient and orderly for the parties to proceed with Mattel's pending Requests for
8 | Production.

9 |       MGA served its responses to Mattel's Requests for Production on January 17, 2007.
10 | MGA objected and refused to produce documents responsive to approximately two-thirds of
11 | Mattel's requests. As to the remaining requests, MGA agreed to produce "relevant and non-
12 | objectionable documents," subject to its General and Specific Objections.

13 |       Thereafter the parties met and conferred in person and exchanged a few letters. On
14 | February 9, 2007, counsel for MGA advised Mattel by letter that MGA, subject to its General and
15 | Specific objections, agreed to produce all "relevant and non-objectionable documents" responsive
16 | to Request Nos. 1-4, 11, 13-15, 18, 21-26, 28-29, 31-36, 44-51, 53, 61-64, 118, 120-137, 141-156,
17 | 162-163, 165 and 166. Kidman Decl., Ex. 14. As to Request Nos. 9, 10 and 12, MGA also
18 | agreed to produce "documents sufficient to show the timing of, and relevant facts regarding"
19 | certain specified products. Id. Counsel for MGA sent another letter on February 16, 2007,
20 | advising Mattel that MGA would produce documents responsive to Request Nos. 29 and 30.
21 | Bradley Decl., Ex. 1. On May 21, 2007, MGA advised Mattel by letter that it agreed, in essence,
22 | to withdraw its restriction to "relevant and non-objectionable documents" in its responses to the
23 | Requests For Production. Bradley Decl., Ex. 3. On May 31, 2007, MGA served supplemental
24 | responses to Mattel's Requests for Production, which no longer included the phrase "relevant and
25 | non-objectionable." Kidman Decl., Exs. 11 and 16.

26
27
28

EXHIBIT __33__

PAGE __205__

3

1       In its opening brief, Mattel contends that MGA has improperly refused to produce

2  documents relating to: the creation, origin, timing and ownership of the contested MGA products

3  and packaging, including the contested Bratz products and packaging (Request Nos. 5, 6-8, 16,

4  17, 19, 20, 38, 39, 48); MGA's alleged theft of Mattel's trade secrets and confidential information

5  by, among other things, targeting and recruiting current and former Mattel employees (Request

6  Nos. 42, 59, 60, 65-117, 138-140, 160, 161 and 164); damages (Request Nos. 27, 30 and 157-

7  159); facts MGA contends support its unfair competition claims (Request Nos. 45, 119 and 166).

8  Mattel contends that MGA has no legitimate basis for refusing to produce these categories of

9  documents because they are directly relevant to the claims and defenses in the case. Mattel also

10  contends that MGA has improperly restricted the scope of its document production in response to

11  Request Nos. 1, 3, 4, 13, 18, 29, 49, 52 and 137.

12       MGA contends that Mattel's motion should be denied in its entirety for three reasons.

13  First, Mattel is seeking documents MGA already agreed to produce as a result of the meet and

14  confer process. Second, Mattel is seeking documents that may be precluded by other motions

15  pending before the district court. Third, Mattel is seeking documents that constitute an

16  unreasonable and overbroad fishing expedition.

17       As to the first point, MGA contends that it has already agreed to produce documents

18  responsive to Request Nos. 9, 10, 12, 26, 29, 30, 32-36, 45, 48-51, 118, 137, and 166. Moreover,

19  MGA represents that it has produced more than 110,000 pages of documents, including

20  documents relating to the origin, infringement, design and tooling of Bratz and has also provided

21  Mattel with access to Bratz molds and sculpts. MGA also represents that it is continuing to

22  search for and produce documents responsive to Mattel's requests on a rolling basis.

23       MGA also asserts that it "has revisited certain of Mattel's requests, and so as to avoid

24  further burdening the Court, MGA agrees to produce non-privileged documents in its possession,

25  custody or control, subject to its previously stated General and Specific Objections, that are

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 33

PAGE 206

4

1  responsive to the following sixteen requests:  5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and

2  157-159."  MGA's Opposition at p. 3.

3      MGA also represents that it is prepared to produce documents responsive to Mattel's

4  Request Nos. 65-117 and 119 (which seek documents concerning MGA-Mexico and its

5  employees, and other topics relevant to Mattel's counterclaims) now that Judge Larson issued an

6  order denying MGA's motion to dismiss Mattel's trade secret claims.[1]  MGA's Opposition at pp.

7  2 and 6.

8      As to the second point, MGA contends that Mattel's motion to compel is premature with

9  respect to Request Nos. 1, 3, 4, 13 and 18.  MGA explains that these requests seek, among other

10 things, information pertaining to undisclosed and/or unreleased MGA products.  The Discovery

11 Master issued an order compelling MGA to produce such documents in response to other Mattel

12 discovery requests.  MGA appealed the Discovery Master's ruling, which was heard by Judge

13 Larson on July 2, 2007.  MGA contends that it should not be required to produce documents

14 responsive to Request Nos. 1, 3, 4, 13 and 18 until Judge Larson issues a ruling.

15      For the remaining requests, however, MGA stands by its objections.  More specifically,

16 MGA contends that Request Nos. 42, 54, 58-60, 138-140, 160, 161 and 164 are grossly overbroad

17 and unduly burdensome.

18      In its reply brief, Mattel contends that MGA's belated offers to produce responsive

19 documents do not obviate the need for an order compelling production for several reasons.  First,

20 Mattel contends that in many instances, MGA's purported agreements to produce responsive

21 documents are subject to major qualifications.  For example, in response to Request Nos. 9, 10

22 and 12, MGA's meet and confer letter indicates that MGA has limited its production of

23 documents to only "documents sufficient to show the timing of, and relevant facts regarding"

24 certain products.  Kidman Decl., Ex. 14.  Second, Mattel points out that, in some instances, the

25

26  _____

27  [1]  Judge Larson issued the order on June 27, 2007, a day after Mattel submitted its opening brief.

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT  33

PAGE  207

5

1  representations in MGA's meet and confer letters conflict with MGA's subsequent May 31, 2007

2  supplemental responses. For example, even though MGA stated earlier in its two meet and confer

3  letters that it would produce documents responsive to Request Nos. 9, 10, 12, 26, 30, 32-36, 45,

4  48, 50, 51, 118 and 166, MGA's May 31, 2007 supplemental responses indicate that MGA

5  objects and refuses to produce documents responsive to these requests. Third, Mattel contends

6  that MGA has acknowledged its responsibility to produce documents responsive to Request Nos.

7  65-117 and 119 in view of Judge Larson's June 27, 2007 order denying MGA's motion to dismiss

8  Mattel's counterclaims, and yet, MGA has failed to do so. Fourth, Mattel points out that MGA's

9  opposition brief is internally inconsistent with respect to Request Nos. 55 and 56, stating both that

10 MGA agrees to produce documents responsive to the requests, and that MGA objects to the

11 requests as overbroad and burdensome. See MGA's Opposition at pp. 3 and 8.

12         Mattel also contends that Request Nos. 1, 3, 4, 13 and 18 are no longer premature because

13 on July 5, 2007, two days after MGA submitted its opposition brief, Judge Larson issued an order

14 upholding the Discovery Master's ruling with respect to undisclosed and/or unreleased MGA

15 products. Accordingly, Mattel requests an order compelling production of documents all

16 documents responsive to Request Nos. 1, 3, 4, 13 and 18 without any limitations, and overruling

17 any objections thereto.

18         With respect to the remaining requests to which MGA continues to object, Mattel reasserts

19 that the requests seek documents relevant to Mattel's trade secret counterclaims. Mattel also

20 contends that MGA has failed to establish that complying with the requests would impose an

21 undue burden.

22                                    III. DISCUSSION

23         Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

24 discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

25 party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not

26 permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

27

28



1    2004) ("District courts need not condone the use of discovery to engage in 'fishing

2    expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

3    (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

4    (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

5    the phrase "subject matter involved in the pending action," were intended to prevent discovery

6    that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

7    litigate the issues presented by the pleadings but to develop new claims or defenses.).

8        Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or

9    extent of use of the discovery methods if the court determines that "(i) the discovery sought is

10   unreasonably cumulative or duplicative, or is obtainable from some other source that is more

11   convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

12   opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

13   expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

14   the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

15   the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

16   26(b)(2).

17   <u>Request Nos. 1, 3, 4, 13 and 18</u>

18        Request No. 1 seeks "[a] sample of each of the CONTESTED MGA PRODUCTS,

19   together with each such product's packaging, instructions, promotional materials and other

20   associated packaging materials." Request No. 3 seeks "[a] complete copy of each advertisement

21   or promotional statement prepared, produced, printed, broadcast, made available to anyone in any

22   manner via the Internet, or otherwise used or disseminated in any way in connection with the

23   CONTESTED MGA PRODUCTS." Request No. 4 seeks "[a] complete copy of each

24   COMMUNICATION, advertisement, promotional statement that provides a basis for any claim

25   by [MGA] against MATTEL." Request No. 13 seeks "[a]ll DOCUMENTS RELATING TO any

26   revision of any CONTESTED MGA PRODUCTS, including but not limited to any proposed

27

28   Bryant v. Mattel, Inc.,
      CV-04-09049 SGL (RNBx)

EXHIBIT __33__

PAGE __209__

7

1    alternatives, modifications or changes (whether or not implemented) to such CONTESTED MGA

2    PRODUCTS." Request No. 18 seeks "[a]ll DOCUMENTS RELATING TO the marketing,

3    advertising, promotion, licensing, offering for sale or sale of the CONTESTED MGA

4    PRODUCTS, including but not limited to all marketing studies, marketing plans, sales plans,

5    sales forecasts, strategies, surveys and analyses and including but not limited to all catalogs,

6    advertisements, brochures, displays and Internet publications."

7         During the meet and confer process, MGA agreed to produce documents responsive to

8    Request Nos. 1, 3, 4, 13 and 18. Kidman Decl., Ex. 14. In its subsequent supplemental

9    responses, however, MGA responded that it would produce responsive documents "visible to the

10   consuming public at the point of purchase," "made available to the public," or "presented to the

11   consuming public." MGA's Supp. Response, Kidman Decl., Ex. 8 and 16.

12        Mattel contends that the requested documents and items are relevant to MGA's claim of

13   "serial copying," whether or not they are seen by the consuming public. Mattel also contends that

14   the documents it seeks are relevant to any claim by MGA of "post sale confusion." Furthermore,

15   Mattel argues that MGA's restrictions on discovery are unreasonable in light of MGA's own

16   claimed trade dress, which MGA alleges extends to the entirety of MGA's marketing techniques

17   and product appearance. Mattel also contends that Request No. 13 seeks documents that are

18   directly relevant to MGA's claim that Mattel systematically modified its products to increase their

19   similarity to MGA's products over time.

20        In its opposition brief, MGA does not attempt to refute any of Mattel's relevancy

21   arguments above, relying instead on its argument that these requests are premature until Judge

22   Larson issues a ruling. Judge Larson, however, issued an order on July 5, 2007. Accordingly, the

23   requests are no longer premature. The subject requests are relevant and not unduly burdensome.

24   MGA is ordered to produce all non-privileged documents that are responsive to Request Nos. 1,

25   3, 4, 13 and 18.

26   //

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

EXHIBIT ___33___

PAGE ___210___

8

1    <u>Request Nos. 5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159</u>

2            In its opposition brief, MGA agrees to produce documents responsive to Request Nos. "5-

3    8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159." MGA's Opposition at p. 3. Later in its

4    opposition brief, however, MGA contends that Request Nos. 55 and 56 are overbroad and

5    burdensome. See MGA's Opposition at pp. 3 and 8. Request No. 55 seeks production of "[a]ll

6    periodicals, whether they be magazines, newspapers, newsletters, or any other type of periodical,

7    that mention the CONTESTED MGA PRODUCTS that have been published since January 1,

8    1999." Request No. 56 seeks "[a]ll television or radio broadcasts or cablecasts that mention the

9    CONTESTED MGA PRODUCTS that have been disseminated since January 1, 1999." MGA

10   contends that these requests encompass, among other things, every single advertisement MGA

11   ever ran in connection with BRATZ or any of the other products at issue.

12           Mattel contends that Request Nos. 55 and 56 are designed to obtain documents that may

13   contain admissions relevant to various issues in the case, including admissions regarding the

14   origin and timing of the products at issue; the performance of the contested products or MGA as a

15   whole, which may undercut MGA's claims for damages; and statements that might reveal that

16   MGA had access to confidential Mattel information.

17           Although Request Nos. 55 and 56 encompass potentially relevant documents, they are

18   overbroad. They require MGA to produce every single advertisement MGA ever ran in

19   connection with all of the products at issue. The requests are not limited in any respect to the

20   subjects of interest to Mattel, i.e., the origin and timing of the products at issue. Furthermore,

21   Mattel has utilized other document requests and depositions to obtain the type of evidence it now

22   seeks.

23           Accordingly, Mattel's motion is granted as to Request Nos. 5-8, 16-17, 19-20, 27, 37-40,

24   43, 52, and 157-159 to ensure a deadline for production, and denied as to Request Nos. 55 and 56

25   pursuant to Rule 26(b)(2), Fed.R.Civ.P.

26   //

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                                          9

EXHIBIT __33__

PAGE __211__

**Request Nos. 9, 10, 12**

Request Nos. 9, 10 and 12 call for "[a]ll DOCUMENTS RELATING TO the invention, creation, origin, conception, authorship, design, development, production, engineering, manufacture, distribution, sale and ownership of products and packaging" "that YOU contend provide a basis for any claim against MATTEL, whether or not such claim is in the COMPLAINT" (No. 9); "that YOU contend MATTEL copied or infringed" (No. 10); and related "COMMUNICATIONS" (No. 12). During the meet and confer process, MGA agreed to produce "documents sufficient to show the timing of, and relevant facts" regarding the following products on the following topics:

- "First generation 'Bratz'" line, including packaging – invention, creation, origin, conception, authorship, design, development, sale and ownership;
- "Bratz" "Wintertime Wonderland" line, including packaging – invention, creation, origin, conception, authorship, and first sale;
- "Bratz" "Sportz" Cloe, including packaging – invention, creation, origin, conception, authorship and first sale;
- "Bratz" "Sun-Kissed Summer" line, including packaging and playset – invention, creation, origin, conception, authorship, and first sale;
- "Bratz" "Formal Funk" line –invention, creation, origin, conception, authorship, and first sale;
- "Bratz" "Runway Disco," including packaging – invention, creation, origin, conception, authorship, and first sale;
- "Bratz" "Funky Fashion Makeover Head," including packaging – invention, creation, origin, conception, authorship, and first sale;
- "Bratz" "Petz," including packaging – invention, creation, origin, conception, authorship, and first sale;

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _33_

PAGE _212_

10

1     • "4-Ever Best Friends," including packaging – invention, creation, origin, conception,

2     authorship, and first sale;

3     • "Mommy's Little Patient" – invention, creation, origin, conception, authorship, and first

4     sale;

5     • "AlienRacers," including logo – invention, creation, origin, conception, authorship, and

6     first sale; and

7     • "Bratz" "Diamondz" line – invention, creation, origin, conception, authorship, and first

8     sale.

9 Kidman Decl., Ex. 14. In response to Request No. 9, MGA also agreed to produce documents

10 containing development, production and sales information for the product(s) affected by the hair

11 shortage allegedly caused by Mattel and "sufficient to show the timing of and relevant facts

12 regarding the shortage and its effect on MGA." Id. Thereafter, MGA asserted objections to these

13 requests in its May 31, 2007 supplemental responses. In opposition to Mattel's motion, however,

14 MGA restated that it would produce documents responsive to these requests consistent with its

15 prior meet and confer letter. MGA's Opposition at p. 5.

16     Mattel contends that MGA's agreement to produce documents is insufficient because

17 MGA has limited its production to documents "sufficient to show." MGA's opposition brief fails

18 to address Mattel's argument. Instead, MGA merely asserts that it agreed to produce documents

19 responsive to Request Nos. 9, 10 and 12 during the meet and confer process, and therefore

20 Mattel's motion should be denied as moot.

21     Request Nos. 9, 10 and 12 clearly seek relevant information, and MGA has failed to

22 justify why its production should be limited to documents "sufficient to show." Therefore,

23 Mattel's motion is granted as to Request Nos. 9, 10 and 12.

24 <u>Request Nos. 26, 29, 30, 32,-36, 45, 48-51, 118, 137 and 166</u>

25     In its two meet and confer letters MGA agreed to produce, subject to its General and

26 Specific Objections, documents responsive to Request Nos. 26, 29, 30, 32-36, 45, 48-51, 118, 137

27

28

1    and 166.  Kidman Decl., Ex. 14.  Mattel points out, however, that MGA's May 31, 2007

2    supplemental responses are inconsistent insofar as the responses indicate that MGA continues to

3    object to some of the requests or otherwise agrees to produce only a limited portion of documents

4    responsive to other requests.  Mattel's Reply Brief at p. 7.  Nevertheless, in its opposition brief,

5    MGA reaffirms its earlier agreement to produce all responsive documents, and states that it

6    considers Mattel's motion to be moot.  See MGA's Opposition at pp. 5-6.  Mattel's motion is

7    granted as to this category of requests.

8    **Request Nos. 65-117 and 119**

9         In its opposition brief, MGA agrees to produce documents responsive to Mattel's Request

10   Nos. 65-117 and 119 now that Judge Larson issued an order denying MGA's motion to dismiss

11   Mattel's trade secret claims.  MGA's Opposition at pp. 2 and 6.  Mattel's motion is granted as to

12   these requests.

13   **Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164**

14        MGA contends that Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164 are overbroad

15   and unduly burdensome.  Mattel insists that they are not.  More specifically, Mattel contends that

16   the requests seek documents regarding MGA's alleged theft of Mattel's trade secrets, and in

17   particular, the theft of trade secrets through targeting and hiring current and former Mattel

18   employees.

19        Request No. 42 seeks "[a]ll COMMUNICATIONS between [MGA] and any individual

20   while the individual was employed by MATTEL."  Although the request may encompass relevant

21   documents, it is overbroad insofar as it requires production of all communications, regardless of

22   subject matter.  Furthermore, the request is objectionable to the extent it seeks documents that are

23   equally available to Mattel.  Therefore, Mattel's motion is denied as to Request No. 42 pursuant

24   to Rule 26(b)(2), Fed.R.Civ.P.

25        Request No. 54 seeks "[a]ll DOCUMENTS RELATING TO any COMMUNICATION by

26   [MGA] with any news organization regarding the CONTESTED MGA PRODUCTS or the

27

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                                    12

EXHIBIT ___33___

PAGE ___214___

1   CONTESTED MATTEL PRODUCTS." Once again, the request encompasses potentially

2   relevant documents, however it is overbroad, seeking all documents relating to any

3   communications by MGA with any news organization. Furthermore, the request seeks documents

4   that are of relatively minimal relevance to the claims and defenses in the case. Therefore,

5   Mattel's motion is denied as to Request No. 54 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

6       Request Nos. 58 seeks "[a]ll DOCUMENTS RELATING TO publicity by [MGA] or

7   about the CONTESTED MGA PRODUCTS since January 1, 1999, including but not limited to

8   advertising, media releases, and public relations material." This request is also overbroad in that

9   it seeks all documents relating to publicity by MGA about its products at issue in the litigation.

10  Mattel's motion is therefore denied as to Request No. 58 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

11      Request No. 59, asks for "[a]ll DOCUMENTS RELATING TO any effort by [MGA] to

12  recruit employees or contractors since January 1, 1999, including but not limited to advertising,

13  media releases, brochures, articles, catalogs, handbooks, and public relations material." The

14  request is overbroad insofar as it requires production of all documents relating to MGA's

15  recruiting, including for instance, recruiting from competitors other than Mattel. Mattel's motion

16  is therefore denied as to Request No. 59 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

17      Request No. 60 seeks "[a]ll DOCUMENTS RELATING TO the hiring, engagement, or

18  retention by [MGA] of any former or current MATTEL employee or contractor since January 1,

19  1999, including but not limited to all employment agreements and agreements RELATING TO

20  confidentiality or the invention, authorship, or ownership of any concept or product." Request

21  No. 138 seeks "[a]ll COMMUNICATIONS between [MGA] and any PERSON RELATING TO

22  the departure from MATTEL of any current or former MATTEL employee or contractor."

23  Request No. 139 seeks "[a]ll COMMUNICATIONS between [MGA] and any PERSON

24  RELATING TO the obligations to MATTEL, including the duty of confidentiality, of any current

25  or former MATTEL employee or contractor. Request No. 140 seeks "[a]ll

26  COMMUNICATIONS between [MGA] and any current or former MATTEL employee or

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT  33

PAGE  215

13

1   contractor RELATING TO the ownership of any idea, concept, design, or product.  Unlike the

2   previous requests, Request Nos. 60, 138, 139 and 140 are reasonably tailored to seek documents

3   central to Mattel's allegation that MGA stole its trade secrets through targeting and hiring current

4   and former Mattel employees.  MGA has not carried its burden of establishing that it would be

5   unduly burdensome to comply with these requests.  Accordingly, Mattel's motion is granted as to

6   Request Nos. 60, 138, 139 and 140.

7       Request No. 160 seeks "[a]ll DOCUMENTS received from MATTEL (whether directly

8   or indirectly) by [MGA] at any time since January 1, 1999."  Request No. 161 seeks "[a]ll

9   DOCUMENTS that [MGA has] reason to believe were created by or originated from MATTEL,

10  other than MATTEL products that [MGA] purchased at retail."  Request No. 164 seeks "[a]ll

11  DOCUMENTS RELATING TO any COMMUNICATIONS with, or inquiry or investigation by,

12  any government entity RELATING TO the CONTESTED MGA PRODUCTS or the

13  CONTESTED MATTEL PRODUCTS."  These three requests are also reasonably tailored to seek

14  documents that could support Mattel's allegations of trade secret theft.  MGA has failed to

15  establish that it would be unduly burdensome to comply with these requests.  Mattel's motion is

16  granted as to Request Nos. 160, 161 and 164.

17                          IV. CONCLUSION

18      For the reasons set forth above, Mattel's motion is granted as to Request Nos. 1, 3-10, 12,

19  13, 16-20, 26, 27, 29, 30, 32-40, 43, 45, 48-52, 60, 65-117, 118, 119, 137-140, 157-161, 164 and

20  166, and denied as to Request Nos. 42, 54-56, 58, 59.  MGA shall produce, without limitation, all

21  non-privileged responsive documents in accordance with this Order no later than August 30,

22  2007.  Mattel's request for sanctions is denied.

23      Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

24  Master, Mattel shall file this Order with the Clerk of Court forthwith.

25  Dated: August 13, 2007

26                                      HON. EDWARD A. INFANTE (Ret.)
                                        Discovery Master
27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

                          EXHIBIT ___33___                                        14

                          PAGE ___216___

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 13, 2007, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA; DENYING REQUEST FOR MONETARY SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 13, 2007, at San Francisco, California.

_Sandra Chan_

Sandra Chan

EXHIBIT 33

PAGE 217

# EXHIBIT 34

1   DALE M. CENDALI (admitted *pro hac vice*)
    DIANA M. TORRES (S.B. #162284)
2   MICHAEL KEATS (admitted *pro hac vice*)
    O'MELVENY & MYERS LLP
3   400 South Hope Street
    Los Angeles, CA 90071-2899
4   Telephone:  (213) 430-6000
    Facsimile:  (213) 430-6407
5   Email:      jjenal@omm.com

6   PATRICIA GLASER (S.B. #55668)
    CHRISTENSEN, GLASER, FINK,
7   JACOBS, WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
8   Los Angeles, CA 90067
    Telephone:  (310) 553-3000
9   Facsimile:  (310) 557-9815

10  Attorneys for MGA Entertainment, Inc.

11              UNITED STATES DISTRICT COURT

12           CENTRAL DISTRICT OF CALIFORNIA

                    EASTERN DIVISION
13

14  CARTER BRYANT, an individual,      Case No. CV 04-09049 SGL (RNBx)
                                       (consolidated with CV 04-9059 & 05-2727)
             Plaintiff,
15                                     **DISCOVERY MATTER**
         v.
16                                     **CONFIDENTIAL - FILED UNDER
                                       SEAL**
17  MATTEL, INC., a Delaware
    Corporation,                       **REPLY OF MGA ENTERTAINMENT,
18           Defendant.                INC. IN SUPPORT OF ITS MOTION
                                       TO COMPEL MATTEL, INC. TO
19                                     SUPPLEMENT ITS RESPONSES AND
                                       PRODUCE DOCUMENTS
20                                     RESPONSIVE TO MGA'S FIRST SET
                                       OF REQUESTS FOR THE
21                                     PRODUCTION OF DOCUMENTS AND
                                       THINGS**
22
    AND CONSOLIDATED ACTIONS          [To be heard by Discovery Master Hon.
23                                    Edward Infante (Ret.) Pursuant to the
                                      Court's Order of December 6, 2006]
24
                                      Discovery Cut-off:  January 14, 2008
25                                    Pre-trial Conference:  April 7, 2008
                                      Trial Date: April 29, 2008
26

27

28

                  EXHIBIT __34__
                                              MGA'S MOTION TO COMPEL
                  PAGE __218__                CV 04-09049 SGL (RNBX)

1

2.     **Board of Directors minutes and other documents relating to Mattel's decision to sue Bryant (Nos. 172-174, 188, 190).**

2       Request Nos. 172-174, 188 and 190 seek documents relating to Mattel's

3   decision to sue Bryant, including minutes of meetings from its Board of Directors.

4   Mattel agreed at the August 2006 meet and confers that it would produce

5   documents responsive to Requests Nos. 172-174. (Torres Decl., Ex. 2).

6       In response, Mattel contends that it has already produced redacted responsive

7   documents, including redacted Board of Directors' meeting minutes (Opp. 32:14-

8   33:17; Zeller Decl. ¶22). This assertion is false. Tellingly, Mattel does not identify

9   any Bates numbers evidencing any such production. Nor has MGA identified any

10   such documents from its review of Mattel's production. (Burr Decl. ¶12)

11       Second, Mattel asserts that *all* information sought by these Requests is

12   privileged, arguing that documents relating to its decision to sue Bryant

13   automatically "will fall within the scope of the attorney-client privilege and/or the

14   work product doctrine, since such decisions are made based on the advice of

15   counsel." (Opp. 32:22-33:2.) Mattel's objection is improper as it must present

16   more than a blanket privilege claim to an entire category of documents. *Moore*

17   *U.S.A. Inc. v. Standard Register Co.*, 2000 U.S. Dist. LEXIS 9137 at \*7 (W.D.N.Y.

18   May 26, 2000) (granting motion to compel non-privileged documents relating to

19   plaintiff's decision to sue or not to sue defendant and ordering plaintiff to serve a

20   privilege log detailing the basis of privilege for each responsive document). As the

21   party resisting discovery, Mattel has the burden of demonstrating that discovery

22   should not be allowed and the burden of clarifying, explaining, and supporting its

23   privilege objections. *In re Syncor ERISA Litig.*, 2005 U.S. Dist LEXIS 22477 (C.D.

24   Cal., Jan. 10, 2006) (privilege claim rejected where defendant failed to state

25   grounds for privilege "on a document by document basis") (*citing Blankenship v.*

26   *Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

27       In particular, in the context of responsive Board of Directors meeting minutes,

28   Mattel may only redact for privilege as long as its privilege log sufficiently shows

EXHIBIT ____34____        12        MGA'S MOTION TO COMPEL
                                     CV 04-09049 SGL (RNBX)
PAGE ____219____

1   the reason for the privilege claim. *See Larson v. Harrington*, 11 F. Supp. 2d 1198,

2   1201 (E.D. Cal. 1998) (privileged communications, even if made at closed

3   meetings, do not "cloak the entire proceeding in secrecy" where some of "those

4   discussions are certainly not within the attorney-client privilege."); *S. Cal. Hous.*

5   *Rights Center v. Los Feliz Towers Homeowners Assoc.*, 2005 U.S. Dist. LEXIS

6   41106 (C.D.Cal. April 25, 2005) (privilege log held insufficient where only the

7   relevant portions of meeting discussing "confidential information disclosed to the

8   attorney or advice from the attorney relating to pending or anticipated litigation are

9   privileged from discovery").

10  Finally, Mattel's decision to sue Bryant is clearly relevant to this litigation.

11  Mattel's internal investigation files (of which the Discovery Master compelled

12  production on January 30, 2007) reveals that Mattel was on notice of its claims

13  against Bryant and MGA as early as March 2002. *See* Keats Decl., ¶11, Ex. 8.

14  Mattel's decision *not* to sue Bryant or MGA at that time, and its delayed decision to

15  sue Bryant (and not MGA) over two years later, is highly relevant to MGA's laches

16  and statute of limitations defenses. *See S. Cal. Hous. Rights Center*, 2005 U.S. Dist.

17  LEXIS 41106, at *9. Thus, Mattel should be compelled to produce responsive

18  documents.

19          3.      **Documents relating to the creation of dolls or toys by Mattel**
                    **employees for anyone other than Mattel (Nos. 262-263)**
20

21  Request Nos. 262-263 seek documents concerning the activities of Mattel

22  employees in connection with the creation of any property, doll or toy for anyone

23  other than Mattel. Mattel cannot credibly contend that such information is not

24  relevant or is overbroad. Indeed, the theory of Mattel's case appears to be that

25  Bryant, and possibly persons now employed by MGA, such as Paula Garcia, copied

26  Mattel's "Diva Starz" in creating "Bratz." (Keats Decl. ¶12.)  Accordingly, MGA

27  is entitled to discovery about Mattel's claims that Mattel employees (such as Bryant

28  and Garcia) created products for MGA.

EXHIBIT ___34___        13        MGA'S MOTION TO COMPEL
                                  CV 04-09049 SGL (RNBX)
PAGE ___020___

1    **IV.    MATTEL SHOULD BE SANCTIONED**

2       Mattel should be sanctioned for its continued bad faith discovery conduct --

3 including its unreasonable refusal to supplement its responses to the Requests as

4 promised by mid-April 2007, its failure to honor its promise to produce responsive

5 documents at the summer 2006 meet and confers, and its assertion of improper

6 objections. Indeed, although MGA believed at the time that significant progress

7 had been made during those meet and confers, it is now abundantly clear that such

8 was not the case. MGA should not have been put to the burden and expense of

9 bringing this motion. Accordingly, MGA is entitled to its expenses in bringing it.

10 Fed. R. Civ. P. 37(a)(4).

11    **V.    CONCLUSION**

12       For the foregoing reasons, MGA respectfully requests that the Discovery

13 Master grant its motion to compel, order Mattel to conduct a reasonable search for

14 responsive documents (including of its Zeus server), order Mattel to produce such

15 documents immediately, award sanctions, and provide MGA such further relief as

16 may be appropriate.

17

18      Dated: July 26, 2007            O'MELVENY & MYERS LLP

19

20                                     By: Michael C. Keats

21                                     Attorneys for MGA Entertainment, Inc.

22

23

24

25

26

27

28

EXHIBIT 34

PAGE 221

21

# EXHIBIT 35

1  DALE M. CENDALI (admitted *pro hac vice*)
   DIANA M. TORRES (S.B. #162284)
2  JAMES P. JENAL (S.B. # 180190)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, CA  90071-2899
4  Telephone:   (213) 430-6000
   Facsimile:   (213) 430-6407
5  Email:       jjenal@omm.com

6  PATRICIA GLASER (S.B. #55668)
   CHRISTENSEN, GLASER, FINK,
7  JACOBS, WEIL & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
8  Los Angeles, CA  90067
   Telephone:   (310) 553-3000
9  Facsimile:   (310) 557-9815

10  Attorneys for MGA Entertainment, Inc.

11

12                    UNITED STATES DISTRICT COURT

13                    CENTRAL DISTRICT OF CALIFORNIA

14                           EASTERN DIVISION

15

16  CARTER BRYANT, an individual,       Case No.  CV 04-09049 SGL (RNBx)
                                        (consolidated with CV 04-9059 & 05-2727)
            Plaintiff,
17                                      **DISCOVERY MATTER**
        v.
18                                      **MGA ENTERTAINMENT, INC.'S
    MATTEL, INC., a Delaware            OPPOSITION TO MATTEL, INC.'S
19  Corporation,                        MOTION TO COMPEL PRODUCTION
                                        OF DOCUMENTS AND
            Defendant.                  INTERROGATORY ANSWERS**
20

21  CONSOLIDATED WITH                   Hearing date:    March 5, 2007
    MATTEL, INC. v. BRYANT and          Hearing time:    8:00 a.m.
22  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.
23

24

25

26

27

28

EXHIBIT __35__

PAGE __222__

RECEIVED

FEB 2 1 2007

1

# TABLE OF CONTENTS

2

Page

3   I.     INTRODUCTION ........................................................................2

4   II.    FACTS AND PROCEDURAL BACKGROUND ..........................................3

    III.   ARGUMENT ...................................................................... 10

5

6          A.   Mattel's Motion Is Unnecessary And Should Be Denied With
                Respect To The Majority Of Documents Specifically Identified
                Therein.................................................................. 10

7          B.   Mattel's Motion With Respect To The Remaining Requests
                Should Be Denied Because They Seek Documents Not Relevant
8               To This Litigation, Documents Covered By A Protective Order,
                Or Documents Of The Type Mattel Itself Has Refused To
9               Produce .................................................................. 16

10         C.   Mattel Is Not Entitled To Information Concerning Bryant's
                Attorneys' Fees........................................................... 24

11         D.   Mattel Is Not Entitled To Irrelevant, One-Sided Discovery .............. 24

12         E.   Mattel Is Not Entitled To Expert Discovery At This Time................ 27

           F.   Mattel's Assertions That MGA Has Withheld Documents Until
13              Mattel Receives Them From Other Sources And/Or Because Of
                "Evidence" Concerning The Timing Of The Creation And
14              Development of "Bratz" Are Without Merit........................................ 28

15         G.   Mattel's Motion To Compel Further Interrogatory Responses
                Should Be Denied As Moot............................................. 31

16         H.   If Sanctions Are Warranted, They Are Warranted Against
                Mattel.................................................................... 32

17   IV.    CONCLUSION............................................................... 32

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___35___   - i -

PAGE ___203___

1     This memorandum of points and authorities is filed in support of MGA

2     Entertainment, Inc.'s ("MGA") Opposition to Mattel, Inc.'s ("Mattel") motion to

3     compel production of documents and interrogatory answers in the case originally

4     captioned *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 SGL (RNBx).

5     **I.    INTRODUCTION**

6         Mattel's motion to compel is a disingenuous attempt to convince this Court

7     that MGA is withholding relevant documents and refusing to produce documents

8     until Mattel discovers the existence of such documents from other sources.  In

9     actuality, and contrary to Mattel's assertion, MGA long ago produced volumes of

10    documents responsive to Mattel's requests and, indeed, produced far more

11    documents of substance than has Mattel.[1]  In response to a letter from Mattel on

12    January 7, 2007, in which Mattel complained about documents produced in August

13    2004, May 2005, and September 2006, MGA agreed to address the vast majority of

14    the issues Mattel raises in this motion.  Before the date for MGA's response,

15    however, Mattel filed the instant motion to compel.  MGA continued its production

16    regardless and, as of the date of this opposition, will have produced virtually all, if

17    not all, of the documents at issue.

18        The real issues raised by Mattel's motion, however, are those about which

19    Mattel makes only passing reference: (1) whether Mattel is entitled to unfettered

20    access to all of MGA's financial records, regardless of whether they pertain to any

21

22    ---

[1] Although Mattel claims to have produced some 60,000 pages of documents, it neglects
23    to mention that 32,000 pages of those documents were produced on January 5, 2007, and
further neglects to mention that almost all of those documents are copies of Mattel product
24    catalogues, incomprehensible and, by Mattel's own admission, incomplete phone records,
and single page photographs of apparently every Barbie doll Mattel has ever produced,
25    including "Shrek Barbie," "Queen of England Barbie," "Classical Goddess Barbie," and
catalogs of Barbie's from the 1960's.  Additionally, a large number of the documents in
26    Mattel's January 2007 production are duplicative of documents within the very same
production, and several images from the "My Scene," "DIVA STARZ," and "Little
27    Mommy" lines are recurrent with unsubstantial alteration.  (*See* Declaration of Antonio
De Anda ¶ 2).  Mattel has produced virtually no electronic mail or documents concerning
28    the origin and development of "My Scene," "DIVA STARZ," or "Flavas," the product
lines at issue in MGA's claims.  (*Id.* ¶ 3.)

EXHIBIT ___35___          - 2 -

PAGE ___024___

MGA'S OPPOSITION TO
MATTEL'S MOTION TO COMPEL
CV 04-09049 SGL (RNBX)

1  product at issue in this lawsuit; (2) whether Mattel is entitled to unfettered access to

2  MGA's design plans for yet-unreleased "Bratz" products; and (3) whether Mattel is

3  entitled to compel the types of documents from MGA that Mattel itself has refused

4  to produce, such as witness statements made in other legal proceedings and

5  documents in the possession of indirect subsidiaries.  MGA respectfully submits

6  that the answer to each of those questions is no.

7  ## II.    FACTS AND PROCEDURAL BACKGROUND

8
9          Over the past six weeks, Mattel has papered this Court with thousands of

10  pages of one-sided, incomplete and inaccurate stories about the conduct of MGA

11  and Carter Bryant, whether germane to the issue at hand or not.  MGA and Bryant

12  have tried not to burden the Special Master with the parties' differences on the

13  merits or their differences on discovery disputes prior to the Special Master's

14  appointment.  Indeed, MGA recognizes that the case has changed substantially over

15  the past few months.  But, to convey fully the baselessness of Mattel's latest motion

16  *and Mattel's true objective*, MGA must recount Mattel's prior conduct and the

17  agreements that the parties reached before this calendar year, all of which Mattel

18  now neglects to mention.  As set forth more fully below, Mattel's motion is far

19  more about obtaining access to MGA's financial information unrelated to the

20  products at issue, plans for future product development, and other one-sided

21  discovery, than it is about obtaining better copies of supposedly "illegible"

22  documents and the laundry list of other issues Mattel raises in its motion.

23          In April 2004, three and a half years after Bryant left Mattel's employ, Mattel

24  filed a vaguely worded, five count complaint against him, and him alone.  Two

25  months later, even though the name "MGA" appeared nowhere in its complaint,

26  Mattel served MGA, its most threatening competitor, with an eight page subpoena

27  for 21 categories of documents to be produced, ostensibly, in ten days, without even

28



EXHIBIT  *e* 35    -3-

PAGE    225

1   and that he met with Mr. Linker about possibly working on "Bratz" prior to leaving

2   Mattel, in early October 2000.[117]  Accordingly, Mr. Linker's testimony is not

3   inconsistent with testimony that has been of record in this case for over two years.

4       In short, Mattel's assertions that MGA has failed to produce documents until

5   Mattel receives them from third parties and that MGA must be withholding

6   documents because MGA has not produced documents in support of Mattel's

7   misguided theory that "Bratz" was created earlier than it actually was are wholly

8   unsupported and without merit.

9       **G.    Mattel's Motion To Compel Further Interrogatory Responses
10          Should Be Denied As Moot**

11      Mattel's arguments concerning MGA's responses to Mattel's Second Set Of

12  Interrogatories is equally bereft.  First, Mattel argues that MGA should be

13  compelled to answer those interrogatories because it failed to timely serve its

14  response.  Contrary to Mattel's assertion, however, MGA's response, which was

15  served on May 30, 2006, was timely.  On April 28, 2005, Mattel served its Second

16  Set of Interrogatories on MGA.  MGA's responses were originally due May 31,

17  2005.[118]  On May 20, 2005, however, Judge Manella issued an order staying the

18  proceedings.  At the time the stay was entered, eleven days remained for MGA to

19  respond to Mattel's interrogatories.  Thereafter, on May 17, 2006, Judge Larson

20  issued an order lifting the stay.  Although MGA's response would have been due

21  eleven days later, that date fell on Memorial Day weekend.  Thus, MGA's response

22  was due May 30, 2006.[119]  Consistent with this, MGA served its response to

23  _____
[117] Torres Decl. ¶ 5, Exh. C (Bryant Dep. taken on November 4, 2004, at 10, 22, 221:20-
24  222:14; Bryant Dep. taken on November 5, 2004, at 282, 380-81).
[118] Pursuant to Federal Rule of Civil Procedure 33(b), MGA's response to Mattel's
25  Second Set of Interrogatories would have been due 30 days later, on May 28, 2005.
    However, May 28, 2005, was a Saturday, and the following Monday, May 30, 2005, was a
26  legal holiday.  Thus, MGA's response to Mattel's interrogatories would not have been due
    until May 31, 2005.  *See* FED. R. CIV. PROC. 6(a).
27  [119] *See* FED. R. CIV. PROC. 6(a).  Mattel attempts to argue that MGA's response was due
    May 24, 2006, only seven days after the stay was lifted.  However, the stay was not
28  designed to reduce the amount of time that the parties had to respond to discovery

EXHIBIT __35__          - 31 -

PAGE __226__

MGA'S OPPOSITION TO
MATTEL'S MOTION TO COMPEL
CV 04-09049 SGL (RNBX)

1    Mattel's interrogatories on May 30, 2006.[120]

2         Mattel next argues that MGA's responses to its interrogatories were deficient

3    and implies that it was prejudiced by alleged deficiencies.  In an attempt to avoid

4    further burdening the Court with this issue, MGA is serving supplemental

5    interrogatory responses to cure any alleged deficiencies in its responses.  Notably,

6    however, Mattel has not been prejudiced by any alleged deficiency in MGA's

7    interrogatory responses -- MGA's responses are substantively identical to those

8    provided by Bryant, which Mattel has possessed since June 2006.  Accordingly,

9    Mattel's motion to compel responses to its interrogatories should be denied.

10       //

11       //

12       //

13       //

14       //

15       //

16       //

17       //

18       //

19       //

20       //

21       //

22       //

23       //

24       //

25       //

26

27   requests.

[120] As Mattel is well aware, MGA's response to Mattel's Second Set of Interrogatories
28   was post-marked May 30, 2006, and, contrary to Mattel's assertion, MGA did provide a
     certificate of service indicating service on May 30, 2006. *See* Torres Decl. ¶ 25.

MGA'S OPPOSITION TO
MATTEL'S MOTION TO COMPEL
CV 04-09049 SGL (RNBX)

EXHIBIT 35

PAGE 227

**H.**   **If Sanctions Are Warranted, They Are Warranted Against Mattel**

Finally, Mattel argues that it is entitled to sanctions.  As set forth at length above, and contrary to Mattel's assertions, MGA has already produced or is diligently working to produce documents in response to Mattel's requests.  In contrast, Mattel filed this motion without specifically informing the Special Master of the documents it truly seeks to compel.  For that, Mattel should be sanctioned.

**IV.   CONCLUSION**

For the reasons set forth above, the Court should deny Mattel's motion to compel and for sanctions.

Dated:  February 20, 2007            O'MELVENY & MYERS LLP

By:  Diana M. Torres
Attorneys for MGA Entertainment, Inc.

LA2:824135.1

EXHIBIT __35__
PAGE __228__          - 33 -

MGA'S OPPOSITION TO
MATTEL'S MOTION TO COMPEL
CV 04-09049 SGL (RNBX)

# EXHIBIT 36

# O

## O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
LOS ANGELES

Times Square Tower
7 Times Square
New York, New York 10036

TELEPHONE (212) 326-2000
FACSIMILE (212) 326-2061
www.omm.com

NEWPORT BEACH
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO
WASHINGTON, D.C.

May 31, 2007

OUR FILE NUMBER
527436-008

**VIA E-MAIL**

WRITER'S DIRECT DIAL
(212) 326-4475

WRITER'S E-MAIL ADDRESS
mkeats@omm.com

Honorable Edward Infante (Ret.)
Discovery Master
c/o Sandra Chan
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

**Re:** **_MGA's Request for Stay or Modification of Discovery Orders_**

Dear Judge Infante:

Pursuant to Local Rule 72-2.2, we are writing to respectfully request that the Discovery Master stay the time for compliance under two recent discovery orders, or to extend the deadline for up to an additional 60 days.

1. Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007

On May 15, 2007, MGA was ordered to produce documents responsive to Mattel's requests by May 31, 2007, including:

- documents related to the origins of "Bratz" and Bryant's work for MGA (Nos. 6, 26, 27, 32-35, 51, 53, 55, 64, 69, 96-100), including documents from MGA's indirect subsidiary in Hong Kong;

- additional requests regarding origins of "Bratz" (Nos. 7-13, 36, 46, 57, 59, 61, 63, 66, 67, 70, 88, 90 and 91);

- MGA's payments to Bryant (Nos. 43, 45);

- MGA's agreements with Bryant (Nos. 1, 2, 49, 50);

- declarations, affidavits and other sworn written statements (Nos. 37-41); and

EXHIBIT ___36___

PAGE ___229___

Hon. Edward Infante, May 31, 2007 - Page 2

- documents regarding date testing (No. 92).

In addition, MGA was ordered to supplement its interrogatory responses by May 31, 2007. With the exception of two narrow categories of documents under appeal, MGA is prepared to produce the relevant documents and supplement its interrogatory responses. However, as the issue of timing was not briefed by the parties, MGA did not anticipate that it would be given approximately two weeks to collect, review and produce responsive documents from both MGA and an indirect subsidiary in the Far East (which has over 300 employees), as well as to collect the substantive information necessary to supplement its interrogatory responses. Thus, due purely to logistical reasons, MGA realized that it would be impossible to comply with the Order by today.

As a result, MGA attempted to negotiate an extension of time with Mattel to fully comply with the Order by the deadline. On May 23, 2007, we sent a letter to Mattel's counsel, requesting a meet and confer to discuss the logistics of fully complying with the Order, specifically with respect to the documents from Hong Kong, and requesting a reasonable extension of time of 60 days. During the meet and confer on May 24, Mattel's counsel informed us that they would have to consider our request for an extension of time, but would grant MGA until June 11, 2007 to produce Hong Kong documents and prior witness statements. Upon further inquiry, MGA also determined that it could not produce responsive documents in the other categories identified in the Discovery Master's Orders by May 31, 2007. On May 25, 2007, MGA therefore also asked Mattel for an extension of time regarding the other categories of documents and information, which the parties discussed on Tuesday, May 29, 2007. Despite repeated inquiries on Tuesday and Wednesday, Mattel simply remained silent, forcing MGA to appeal from that portion of the Discovery Master's Order requiring MGA to produce documents and information by today, May 31, 2007. Only after MGA filed that appeal, late in the evening, did Mattel's counsel finally respond to MGA's extension request. Mattel's counsel finally told us they would not agree to our request and would only grant MGA an extension for all categories -- including Hong Kong documents -- of about a week (i.e., until June 11).

To be clear, MGA is already searching for and collecting the documents ordered by the Court and is prepared to produce documents on a rolling basis. In fact, before the Order was issued, MGA had already produced a number of documents responsive to the documents requests which were the subject of Mattel's motion, with still more to follow shortly. In total, MGA has produced 50,000 pages of documents, including e-mail and internal communications about "Bratz." The task is complex and burdensome, and MGA is a much smaller company than Mattel. By contrast, Mattel has produced little or no e-mail, and informed MGA only yesterday that its first document production in *MGA v. Mattel* consisted only of documents *that supported Mattel's defenses*. Further, Mattel's counsel also discussed its own difficulty in collecting documents in a timely fashion and would not even commit to a fixed date by which it would produce responsive documents in any category. The parties are continuing to meet and confer about Mattel's document production deficiencies.

EXHIBIT __36__

PAGE __ð3U__

Hon. Edward Infante, May 31, 2007 - Page 3

The simple fact here is that discovery in the *Bryant* case does not close until October 2007 and in the *MGA* case until March 2008. There is no reason that Mattel needs the documents covered by the Discovery Master's Orders by today, and indeed, Mattel never even asked for such expedited discovery and production. MGA is doing everything it can, deploying large teams of lawyers to collect, review and produce responsive documents. However, despite MGA's diligent efforts, the process of searching for, collecting, reviewing and producing all of the responsive documents (including those located in Hong Kong) is a large undertaking and cannot be fully completed within two weeks.

Accordingly, MGA respectfully requests the Discovery Master to stay that portion of its Orders requiring MGA to comply by today, May 31, 2007 pending the outcome of MGA's appeal, or, in the alternative, to grant MGA up to 60 additional days to complete its production in response to the Discovery Master's Orders.

2.    Order Granting Mattel's Motion to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6), dated May 16, 2007.

MGA also respectfully requests a partial stay to the Order dated May 16, 2007 granting Mattel's Motion to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6) ("May 16th Order"). As to nearly all of the topics, MGA is fully prepared to make 30(b)(6) witnesses available for deposition as required by the May 16th Order. Indeed, MGA had already designated witnesses for nearly all of the topics prior to Mattel's motion to compel. However, today MGA is submitting a motion to Judge Larson objecting to those portions of the May 16th Order requiring the designation of witnesses on Topics 26, 34 and 41. MGA therefore respectfully requests a stay of the May 16th Order only as to these three topics, pending Judge Larson's ruling on MGA's motion.

We are available today for a phone conference should you want to discuss our requests. We thank you for your consideration.

Respectfully submitted,

Michael Keats

Michael C. Keats    (𝒫)
of O'MELVENY & MYERS LLP

cc:    Discovery Master Service List

NY1:1694732.1

EXHIBIT 36
PAGE 231

# EXHIBIT 37

**CONFORMED COPY**

FILED

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP   2007 JUN 21 PM 3: 53
    John B. Quinn (Bar No. 090378)
2   johnquinn@quinnemanuel.com                    CLERK U.S. DISTRICT COURT
    Michael T. Zeller (Bar No. 196417)            CENTRAL DIST. OF CALIF.
3   (michaelzeller@quinnemanuel.com)              RIVERSIDE
    Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)                   BY _____
    Timothy L. Alger (Bar No. 160303)
5   (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:  (213) 443-3100

8   Attorneys for Mattel, Inc.

9               UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12
    CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
13
              Plaintiff,                 Consolidated with
14                                       Case No. CV 04-09059
         vs.                             Case No. CV 05-02727
15
    MATTEL, INC., a Delaware corporation, **DISCOVERY MATTER**
16
              Defendant.                 Hon. Edward A. Infante (Ret.)
17                                       Discovery Master

18                                       [~~PROPOSED~~] ORDER REGARDING
    AND CONSOLIDATED CASES              MGA ENTERTAINMENT, INC.'S
19                                       REQUEST FOR STAY OR
                                         MODIFICATION OF DISCOVERY
20                                       ORDERS

21                                       Date: June 19, 2007
                                         Time:  1:30 p.m.
22                                       Place: Telephonic

23                                       Discovery Cut-Off: October 22, 2007
                                         Pre-Trial Conference: January 14, 2008
24                                       Trial Date: February 12, 2008

25

26

27

28

EXHIBIT __37__

PAGE __232__        PROPOSED ORDER

06|21|c7

1
2

### [PROPOSED] ORDER

3    Having considered MGA's May 31, 2007 Request for Stay or Modification of
4  Discovery Orders (the "Request"), and all other papers and argument submitted in
5  support of or in opposition to the Request,

6    IT IS HEREBY ORDERED that:

7    1.    MGA's Request for Stay of the Order Granting Mattel's Motion to
8  Compel Production of Documents and Interrogatory Responses by MGA, dated May
9  15, 2007 ("May 15, 2007 Order"), is DENIED.

10    2.    MGA's Request for Stay of the Order Granting Mattel's Motion to
11  Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6), dated
12  May 16, 2007, is DENIED.

13    3.    MGA's Request for an up to sixty-day extension of time to comply with
14  the May 15, 2007 Order is DENIED except as to documents which are located and
15  accessible exclusively in Hong Kong.

16    4.    MGA's Request for an up to sixty-day extension of time to comply with
17  the May 15, 2007 Order is GRANTED IN PART as to compelled documents which
18  are located and accessible exclusively in Hong Kong.  MGA shall produce all such
19  documents on or before June 29, 2007.

20
21    **IT IS SO ORDERED.**
22
23  DATED: _June 21_, 2007
24
25                                        _Edward Infante_
26                                        Hon. Edward A. Infante (Ret.)
                                          Discovery Master
27
28

EXHIBIT  37
PAGE  223

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on June 21, 2007, I served the attached ORDER REGARDING MGA ENTERTAINMENT, INC'S REQUEST FOR STAY OR MODIFICIATION OF DISCOVERY ORDERS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on June 21, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT  37

PAGE  234

# EXHIBIT 38

DALE M. CENDALI (admitted *pro hac vice*)
MICHAEL KEATS (admitted *pro hac vice*)
JAMES P. JENAL (S.B. #180190)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071-2899
Telephone:  (213) 430-6000
Facsimile:   (213) 430-6407
mkeats@omm.com

PATRICIA GLASER (S.B. #55668)
CHRISTENSEN, GLASER, FINK,
JACOBS, WEIL & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 557-9815

Attorneys for MGA Entertainment, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727)<br><br>**MGA'S EMERGENCY EX PARTE APPLICATION FOR REVIEW OF SPECIAL MASTER INFANTE'S ORDER DENYING MGA'S MOTION FOR STAY OR EXTENSION**<br><br>Hearing Date:<br>Time:<br>Judge:  Hon. Stephen G. Larson |

## FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

EXHIBIT  38

PAGE  235

EMERGENCY EX PARTE
APPLICATION FOR REVIEW
CASE NO. CV 04-9049

06/22/07

### *EX PARTE APPLICATION*

1   TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2   PLEASE TAKE NOTICE that MGA Entertainment Inc. ("MGA") will and

3   hereby does move the Court, pursuant to Federal Rules of Civil Procedure 72(a),

4   Rules 72-1, 72 2, and 72-2.2 of the Local Rules Governing Duties of Magistrate

5   Judges, and 28 U.S.C. § 636(b)(1)(A), for an ex parte order vacating the Special

6   Master's Order dated June 21, 2007, denying in substantial part MGA's Request for

7   Stay or Extension and grant MGA's Request for Stay or Extension.

8   The motion is based on this Ex Parte Application, the accompanying

9   Memorandum of Points and Authorities, submitted herewith, as well as the records

10  contained in the Court's file in this matter, and such further evidence, whether

11  documentary or oral, as may be presented at the time of any hearing on this matter.

12  MGA would be irreparably prejudiced if this motion is heard according to

13  regular noticed motion procedures because MGA cannot immediately complete its

14  entire substantive document production in this case as required in the Special

15  Master's Order dated May 15, 2007 (which required MGA to complete its

16  production of documents responsive to 47 separate Requests for Production by

17  May 31, 2007) (attached as Exhibit A) and the Special Master's June 21, 2007

18  refusal to grant MGA an extension or stay pending appeal (attached as Exhibit B).

19  Pursuant to Local Rule 7-19.1, counsel for Mattel received notice of this Ex

20  Parte Application for Review by telephone on June 21, 2007. Mattel opposes the

21  motion.

22

23

24

25

26

27

28

EXHIBIT  38

PAGE  236   -1-

EMERGENCY EX PARTE
APPLICATION FOR REVIEW
CASE NO. CV 04-9049

MGA Entertainment, Inc. ("MGA") respectfully submits this Memorandum of Points and Authorities In Support for its Emergency Ex Parte Application for Review of Special Master Infante's Order Denying MGA's Motion for Stay or Extension in the case originally captioned *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 SGL (RNBx).

## PRELIMINARY STATEMENT

The Special Master has ordered MGA to complete its entire substantive production in the *Mattel v. Carter Bryant* case forthwith. The Special Master's Order is patently unreasonable. The discovery period in the Bryant case does not close until October 22, 2007 and the parties have long been producing documents on a rolling basis. The Special Master's refusal to grant MGA additional time to complete its production is particularly unwarranted because MGA already has produced more than 78,000 pages of documents to Mattel and has made available for inspection numerous physical objects such as sculpts, molds and dolls -- which Mattel has in fact inspected. MGA has been engaging in Herculean efforts to collect and produce. These efforts stand in direct contrast to Mattel which has not suspended its email auto delete policy and which MGA has only recently learned is not searching any form of backup, thereby reducing its own production burden -- while making it very difficult to recover evidence that should have been readily available.

The Special Master's Order requires MGA to do the impossible: to complete its collection and production of documents responsive to the 47 Requests immediately. Further, the Special Master's Order would effectively moot MGA's pending appeals before this Court. As such, MGA has no choice but to seek relief from the Special Master's Order of June 21, 2007 (the "Order") denying MGA's Request for Stay or Extension of the Special Master's May 15, 2007 order.

Accordingly, MGA respectfully requests that this Court vacate the Discovery Master's Order denying MGA's Motion for Stay or Extension.

EXHIBIT __38__  - 2 -

PAGE __237__

EMERGENCY EX PARTE
APPLICATION FOR REVIEW
CASE NO. CV 04-9049

# **FACTUAL BACKGROUND**

1   On March 5, 2007, the Special Master heard oral argument concerning
2   Mattel's Motion to Compel MGA's Production of Documents and Interrogatory
3   Answers dated February 2, 2007.  At the hearing, MGA understood that the Special
4   Master was going to grant the motion in part, but would issue a written opinion
5   detailing the scope of such order.  Indeed, it took the Special Master two months to
6   resolve MGA's discovery obligations, which it delineated in a 15- page Order dated
7   May 15, 2007.  Specifically, the Order directed MGA to complete its production of
8   documents with respect to more than 47 separate Requests for Production
9   (including to produce ALL documents from MGA's indirect Hong Kong
10  subsidiary) (the "Requests") and to supplement 10 detailed interrogatories.  MGA
11  was surprised to discover in the Order, that MGA was compelled to complete its
12  production of documents responsive to Mattel's Requests by May 31, 2007.
13      In essence, MGA was given two weeks to complete its production with
14  respect to almost all of the facts at issue in the *Mattel v. Bryant* case, including
15  numerous requests concerning the origins of Bratz, Bryant's work for MGA, design
16  documents for unreleased products, and MGA's agreements with and payments to
17  Bryant and numerous others.  Furthermore, some of the categories of documents
18  that the Special Master ordered produced were beyond the scope of permissible
19  discovery under the Federal Rules of Civil Procedure.  As such, MGA substantively
20  appealed the Special Master's Order with respect to these particular categories of
21  documents.
22      As a result, MGA promptly attempted to negotiate an extension of time with
23  Mattel to fully comply with the Order.  Although Mattel recognized that some
24  additional time would be needed, Mattel was not amenable to extending the
25  deadline for producing documents beyond June 11, 2007.  In view of the foregoing,
26  MGA was forced to appeal the Special Master's Order with respect to timing.[1]  In
27  ---
    [1] MGA's appeal with respect to substantive issues arising from the Special Master's Order
28  including that the Order requires MGA to produce (a) privileged documents regarding a non-
    testifying expert's ink testing; and (b) unreleased product information is set for oral argument on

EXHIBIT _____ **38**       - 3 -

PAGE _____ **238**

EMERGENCY EX PARTE
APPLICATION FOR REVIEW
CASE NO. CV 04-9049

1    an effort to avoid burdening the Court with issue, MGA also sought relief from the
2    Special Master in the form of a stay pending appeal, or in the alternative, an
3    extension of time in which to comply. In a hearing before the Special Master on
4    June 19, 2007, the Special Master denied the requested stay and only extended
5    MGA's time to produce documents from Hong Kong until June 29, 2007. Mattel
6    immediately demanded compliance within an hour of the telephonic hearing,
7    apparently setting the stage for further motion practice -- even before providing the
8    Special Master with a requested proposed form of order. Upon receipt of the
9    written Order, MGA promptly filed this ex parte application for review.

## ARGUMENT

### A.    The Special Master's Ruling Is Clearly Erroneous

The Special Master's decision to direct only MGA -- a company with far
fewer resources than Mattel -- to complete its substantive document production on
two weeks notice is patently unfair and unreasonable. In this regard, the decision is
clearly erroneous and an abuse of discretion. A district court may modify a
magistrate judge's ruling on a non-dispositive matter, such as an order to compel
discovery, if the order is "clearly erroneous" or "contrary to law." *See Bahn v. NME*
*Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991); see also 28 U.S.C. §636
(b)(1)(A) ("a judge may reconsider any pretrial matter under this subparagraph (A)
where it has been shown that the magistrate judge's order is clearly erroneous or
contrary to law."). Generally, a magistrate judge's factual findings and
discretionary decisions made in connection with non-dispositive pretrial discovery
matters are subject to the "clearly erroneous" standard of review. *FDIC v. Fidelity*
*& Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000); *Wolpin v. Philip*
*Morris Inc.*, 189 F.R.D. 418 (C.D. Cal. 1999) ("The "clearly erroneous" standard
applies to the magistrate judge's findings of fact; legal conclusions are freely
reviewable de novo to determine if they are contrary to law). Under this standard,

July 30, 2007.

EXHIBIT 38          - 4 -

PAGE 239

1 Moreover, there are a number of documents that the Discovery Master
2 ordered MGA to produce -- for example, MGA's consulting expert's
3 communications with trial counsel -- to which MGA has substantively objected
4 before this Court. MGA's appeals are in good faith and it would defeat the purpose
5 of MGA's statutory right of appeal from magistrate judge orders (as the Discovery
6 Master's orders are treated in this case) to present MGA with the draconian choice
7 of producing those documents that are the subject of substantive appeals or facing a
8 contempt motion.

### CONCLUSION

For the foregoing reasons, MGA respectfully requests that the Court vacate
the Special Master's Order denying MGA's Request for Stay or Extension and
grant MGA's Request for Stay or Extension.

Dated:      June 22, 2007

DALE M. CENDALI
MICHAEL C. KEATS
O'MELVENY & MYERS LLP

By: *Michael C. Keats*
Michael C. Keats

Attorneys for MGA Entertainment, Inc.

EXHIBIT 38
PAGE 240
- 8 -

# EXHIBIT 39

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).

**PRIORITY SEND**
& ENTERED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES – GENERAL</u>

Case No.    CV 04-09049 SGL(RNBx)                    Date: July 2, 2007

Title:    CARTER BRYANT -v- MATTEL, INC.
          AND CONSOLIDATED ACTIONS
======================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes                          Theresa Lanza
        Courtroom Deputy Clerk              Court Reporter

ATTORNEYS PRESENT FOR CARTER        ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker                       John B. Quinn
                                    Brett Dylan Proctor
                                    Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:

Dale M. Cendali
Patricia Glaser

ENTERED
CLERK, U.S. DISTRICT COURT

JUL - 5 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

DOCKETED ON CM

JUL - 5 2007

BY _____ 164



PROCEEDINGS:   MINUTE ORDER

        As set forth more fully herein, the Court hereby makes the following ruling regarding matters heard on July 2, 2007:

(1)    The Court **GRANTS** Mattel's Motion re Trial Structure (docket #462);

(2)    The Court **GRANTS IN PART AND DENIES IN PART** MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505);

(3)    The Court **GRANTS IN PART AND DENIES IN PART** MGA's Ex Parte Application

MINUTES FORM 90                                  Initials of Deputy Clerk _jh_
CIVIL – GEN                           1          Time: 01/15

EXHIBIT  39 -
                                        608
PAGE  241

07|c2|c7

regarding date of production of documents (docket #545); and

(4)   The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket
#508).

(5)   The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.

(1)   Motion re Trial Structure (docket #462)

Previous orders of the Court specified that the claims and counterclaims brought in this
action will be tried in two phases. The parties have agreed, in large part, to a refinement of the
Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1. Where
the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases,
with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all
Phase 1 damages being tried after all the other issues. Phase 1(a) would be limited to issues
surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership
of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred
Bratz products that are potentially derivative of the original drawings. This approach has the
appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings. A
finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the
need for Phase 1(b).

Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS'
PROPOSAL**, as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007.
Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)   MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3)   MGA's Ex Parte Application regarding date of production of documents (docket #545).

The Discovery Master's May 15, 2007, Order compels production of documents regarding
ink, paper, and chemical analysis and documents relating to unreleased MGA products. The order
required that documents be produced no later than the end of May.

The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary
to law" standard set forth in Fed. R. Civ. P. 72(a).

The Discovery Master's order compels the production of only non-privileged documents.
Therefore, MGA's arguments that the Discovery Master's order requires production of documents
in violation of the attorney-client privilege are misplaced. If the only responsive documents are
privileged, then MGA need not produce them, but must produce a privilege log.

MGA acknowledges that it has raised an argument before the Court that was not raised

MINUTES FORM 90
CIVIL -- GEN

2

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT _39_

PAGE _242_

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below. The Court disagrees. Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds. A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production. MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law. Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature. They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor. The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings. That is clear. However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial. There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims. Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim. Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers. This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result. However, this Court is bound by the standard of review, and MGA's motion falls far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here. Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

EXHIBIT 39
PAGE 243

later than two weeks after that date.  Accordingly, the Court **ORDERS** that MGA complete the
document production set forth in the Discovery Master's May 15, 2007, order no later than July 31,
2007, with the exception of the documents from MGA Hong Kong, which shall be produced no
later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15,
2007, Order, extending the document production date as set forth above.  The Motion is **DENIED**
in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of
documents, extending the document production date as set forth above.  The application is
**DENIED** in all other respects.

(4)     MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of
witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical
analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a
> public or private corporation or a partnership or association or governmental agency
> and describe with reasonable particularity the matters on which examination is
> requested. In that event, the organization so named shall designate one or more
> officers, directors, or managing agents, or other persons who consent to testify on its
> behalf, and may set forth, for each person designated, the matters on which the
> person will testify. . . . The persons so designated shall testify as to matters *known
> or reasonably available* to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added).  "The purpose behind Rule 30(b)(6) is to create
testimony that will bind the corporation." Sanders v. Circle K Corp., 137 F.R.D. 292, 294 (D. Ariz.
1991) (internal citation omitted).  Another purpose of Rule 30(b)(6) is aptly described by the District
Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses
> without knowledge within an organization and eliminating 'bandying', which is the
> name given to the practice in which people are deposed in turn but each disclaims
> knowledge of facts that are clearly known to persons in the organization and thereby
> to the organization itself.

Alexander v. F.B.I., 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes
to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

EXHIBIT __39__
PAGE __244__

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5)    Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.

EXHIBIT ___39___
PAGE ___245___