# EXHIBIT 40

CERTIFIED COPY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| CARTER BRYANT, AN INDIVIDUAL, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | NO. CV 04-9040 SGL (RNBX) |
| | ) | |
| MATTEL, INC., A DELAWARE | ) | (CONSOLIDATED WITH |
| CORPORATION, | ) | NO. 04-9059 AND |
| | ) | CASE NO. 05-2727) |
| DEFENDANTS. | ) | |
| | ) | |
| AND CONSOLIDATED ACTIONS. | ) | |
| | ) | |

# TRANSCRIPT OF
# TELEPHONIC PROCEEDINGS

# JUNE 19, 2007

REPORTED BY:
EMILY MCCARY
CSR NO. 7584
JOB NO. 07EM059



COURT REPORTERS
700 S. Flower Street
Suite 1100
Los Angeles, California 90017
Office: (213) 955-0070
Fax: (213) 955-0077

EXHIBIT ___40___

PAGE ___246___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVSION

| | |
|---|---|
| CARTER BRYANT, AN INDIVIDUAL, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) CASE NO. |
| | ) |
| MATTEL, INC., A DELAWARE | ) CV 04-9049 SGL |
| CORPORATION, | ) (RNBX) |
| | ) [CONSOLIDATED WITH |
| DEFENDANTS. | ) NO. 04-9059 AND |
| | ) CASE NO. 05-2727] |
| | ) |
| AND CONSOLIDATED ACTION(S). | ) |
| | ) |

TRANSCRIPT OF TELEPHONIC PROCEEDINGS,
TAKEN BEFORE HON. EDWARD A. INFANTE, AT
865 SOUTH FIGUEROA STREET, TENTH FLOOR,
LOS ANGELES, CALIFORNIA, COMMENCING AT
1:34 P.M., TUESDAY, JUNE 19, 2007,
BEFORE EMILY MCCARY, CSR NO. 7584.

EXHIBIT  40

PAGE  247

2

```
 1
 2    BEFORE HON. EDWARD A. INFANTE (TELEPHONICALLY)
 3
 4    APPEARANCES OF COUNSEL:
 5
 6    FOR MATTEL, INC.:
 7              QUINN EMANUEL URQUHART
                OLIVER & HEDGES, LLP
 8              BY:  B. DYLAN PROCTOR, ESQ.
                     TIMOTHY L. ALGER, ESQ.
 9              865 SOUTH FIGUEROA STREET
                TENTH FLOOR
10              LOS ANGELES, CALIFORNIA  90017
                (213) 624-7707
11
12
13    FOR MGA ENTERTAINMENT, INC.:
14              O'MELVENY & MYERS, LLP
                BY:  MICHAEL KEATS, ESQ.
15                   MELANIE BRADLEY, ESQ.
                TIMES SQUARE TOWER
16              7 TIMES SQUARE
                NEW YORK, NEW YORK  10036
17              (212) 326-2000
                (TELEPHONICALLY)
18
19
      FOR THE PLAINTIFF:
20
                KEKER & VAN NEST, LLP
21              BY:  MICHAEL H. PAGE, ESQ.
                710 SANSOME STREET
22              SAN FRANCISCO, CALIFORNIA 94111
                (415) 391-5400
23              (TELEPHONICALLY)
24
25
```

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077

3

EXHIBIT ___4/0___

PAGE ___ス48___

1  MONDAY. SO, YOU KNOW, WE'LL HAVE THE ANSWER

2  THERE.

3        YOU KNOW, ONE OTHER ISSUE ON TIMING,

4  AND IT'S COME UP BECAUSE THERE WAS AN ORAL

5  ARGUMENT ON MONDAY, THIS PAST MONDAY, ON THE

6  MOTION TO DISMISS. MATTEL HAS RAISED THE ISSUE

7  OF WHAT CLAIMS SHOULD BE TRIED IN THE PHASE ONE

8  TRIAL. THERE'S BEEN A BUNCH OF MOTION PRACTICE

9  ON THAT.

10        AND M.G.A. AND MATTEL ARE -- WERE

11  CLOSE ON THE CLAIMS THAT SHOULD BE MOVED FROM

12  PHASE TWO TO PHASE ONE THAT WILL CHANGE THINGS,

13  OBVIOUSLY, FOR DISCOVERY AND PRIORITIES; BUT

14  THERE'S A WHOLE ISSUE OF WHETHER DAMAGES ARE

15  GOING TO BE TRIED IN PHASE ONE NOW. AND MY SENSE

16  IS THAT THERE'S A GOOD CHANCE THINGS LIKE EXPERT

17  DISCOVERY DEADLINES AND POSSIBLY EVEN THE TRIAL

18  DATES MAY BE AFFECTED BECAUSE THIS STUFF HAS BEEN

19  PUT UP IN THE AIR.

20        JUDGE INFANTE: WAIT A MINUTE. I'M

21  OPERATING ON THE RECORD AS IT EXISTS AT THE TIME

22  I ISSUE MY ORDERS. AND THE RECORD AS IT EXISTS

23  HAS NO BIFURCATED DISCOVERY. END OF STORY.

24        MR. KEATS: NO. I AGREE WITH THAT, BUT THE

25  POSITION THAT THE PLAINTIFF -- SORRY. I AGREE

EXHIBIT _40_

_244_

19

1   WITH YOU.  THE POSITION MATTEL IS TAKING WITH ME

2   IN MEET AND CONFERS, THOUGH, ON PHASE TWO IS

3   IT'S MORE IMPORTANT TO GET THE PHASE ONE STUFF

4   FIRST, AND THERE'S NO RUSH TO GET THE PHASE TWO.

5            SO I COMPLETELY AGREE WITH YOU THAT

6   THERE SHOULD NOT BE A BIFURCATION OF DISCOVERY,

7   AND I'M NOT REMOTELY SUGGESTING IT.  BUT ALL --

8   ALL I'M SUGGESTING, AND THE ONLY REASON I RAISED

9   IT AT ALL IS THAT I DON'T THINK THE TIME WE'RE

10  SEEKING FOR THESE CATEGORIES TO FINISH ARE

11  UNREASONABLE, AND, YOU KNOW, THAT WE SHOULD BE

12  COMPLETED WITH OUR PRODUCTION WHEN I DON'T HAVE

13  ANY IDEA WHEN MATTEL IS GOING TO COMPLETE THEIRS.

14  TO ME, IT SEEMS A LITTLE UNFAIR.

15           JUDGE INFANTE:  THIS IS NOT ABOUT MATTEL.

16  THIS IS ABOUT YOU COMPLYING WITH A COURT ORDER

17  THAT WAS ISSUED BY A SPECIAL MASTER.  AND LET ME

18  TELL YOU WHAT THE CHRONOLOGY WAS:  THE REQUESTS

19  WERE MADE LONG AGO.  THE MOTION TO COMPEL WAS

20  FILED FEBRUARY 2ND; THE OPPOSITION, FEBRUARY

21  26TH, AND THEREAFTER A REPLY.

22           THE MOTION WAS HEARD ON MARCH 5TH,

23  AND DURING THAT HEARING I INDICATED THAT I WOULD

24  BE GRANTING THE MOTION.  AND I GAVE THE PARTIES

25  MY DIRECTION WITH RESPECT TO THE FUTURE

EXHIBIT ___4/0___                    20

PAGE ___250___

1   UNRELEASED PRODUCTS, AND I SUGGESTED TO THE

2   PARTIES THAT THERE SHOULD BE A THIRD TIER IN THE

3   PROTECTIVE ORDER TO PARTIALLY REMOVE ANY DANGER

4   OF PREJUDICE.  AND I INVITED THE PARTIES TO

5   STIPULATE TO A NEW PROTECTIVE ORDER WITH AN ADDED

6   TIER OF PROTECTION.

7            FINALLY, I RECEIVED A STIPULATED,

8   MODIFIED PROTECTIVE ORDER APRIL 23RD.  IT WAS AT

9   THAT POINT THAT THE MOTION WAS THEN RIPE FOR MY

10  WRITTEN DECISION.  MY WRITTEN DECISION WAS ISSUED

11  MAY 15TH.  M.G.A. KNEW LONG BEFORE MAY 15TH THAT

12  THE MOTION WAS GRANTED.  THE ISSUE WAS -- THE

13  ORDER WAS ISSUED MAY 15TH.  MAY 31 WAS THE

14  COMPLIANCE DATE.  I RECEIVED YOUR REQUEST FOR AN

15  EXTENSION ON MAY 31ST.  THAT'S THE CHRONOLOGY.

16       MR. KEATS:  AND YOUR HONOR --

17       JUDGE INFANTE:  ANYTHING ELSE THAT YOU WISH

18  TO SAY IN SUPPORT OF YOUR MOTION TO STAY MY

19  ORDERS?

20       MR. KEATS:  JUDGE, I HAVE TO TAKE -- I'M A

21  LITTLE CONCERNED ABOUT THE TONE OF YOUR VOICE.

22       JUDGE INFANTE:  DO YOU WANT ANYTHING

23  FURTHER TO SAY, SAY IT.

24       MR. KEATS:  YES, I DO.  AND I'M -- I WANT

25  THE RECORD TO REFLECT THAT YOU'RE MAKING

EXHIBIT _____40_____

PAGE _____251_____

```
1    STATE OF CALIFORNIA        )
2                               ) SS.
3    COUNTY OF LOS ANGELES      )
4
5
6         I, EMILY MCCARY, CERTIFIED SHORTHAND
7    REPORTER, CERTIFICATE NO. 7584, FOR THE STATE OF
8    CALIFORNIA, HEREBY CERTIFY;
9         THE FOREGOING PROCEEDINGS WERE TAKEN BEFORE
10   ME AT THE TIME AND PLACE THEREIN SET FORTH;
11        THE TESTIMONY OF THE WITNESSES AND ALL
12   OBJECTIONS MADE AT THE TIME OF THE EXAMINATION
13   WERE RECORDED STENOGRAPHICALLY BY ME AND WERE
14   THEREAFTER TRANSCRIBED;
15        THE FOREGOING TRANSCRIPT IS A TRUE AND
16   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO
17   TAKEN;
18        I FURTHER CERTIFY THAT I AM NEITHER COUNSEL
19   FOR NOR RELATED TO ANY PARTY TO SAID ACTION NOR
20   IN ANY WAY INTERESTED IN THE OUTCOME THEREOF;
21        IN WITNESS WHEREOF, I HAVE HEREUNTO
22   SUBSCRIBED MY NAME THIS 19TH OF JUNE, 2007,
23
24   _____
25                     EMILY MCCARY
```

EXHIBIT _C/0_

PAGE _252_

30

# EXHIBIT 41

1

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3               EASTERN DIVISION

4                 - - -

5     HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                 - - -

7   MATTEL, INC.,                  )
                                   )
8                 PLAINTIFF,       )
                                   )
9          VS.                     )   NO. ED CV 04-09049
                                   )   (LEAD LOW NUMBER)
10  CARTER BRYANT, ET. AL.,        )
                                   )
11                DEFENDANTS.      )
    _____)   HEARING
12  AND RELATED ACTIONS,           )
    _____)

13

14

15        REPORTER'S TRANSCRIPT OF PROCEEDINGS

16             RIVERSIDE, CALIFORNIA

17             MONDAY, JULY 2, 2007

18                 1:51 P.M.

19

20

21

22

23          THERESA A. LANZA, RPR, CSR
        FEDERAL OFFICIAL COURT REPORTER
24         3470 12TH STREET, RM. 134
         RIVERSIDE, CALIFORNIA   92501
25             (951) 274-0844
           CSR11457@SBCGLOBAL.NET

2

```
 1   APPEARANCES:

 2

 3   ON BEHALF OF PLAINTIFF, CARTER BRYANT:

 4                        KEKER & VAN NEST LLP
                          BY:   JOHN W. KEKER
 5                        710 SANSOME STREET
                          SAN FRANCISCO, CALIFORNIA  94111-1704
 6                        (415) 391-5400

 7

 8   ON BEHALF OF DEFENDANT MATTEL, INC.:

 9                        QUINN EMANUEL
                          BY:   JOHN B. QUINN
10                        BY:   B. DYLAN PROCTOR
                          BY:   MIKE ZELLER
11                        865 S. FIGUEROA STREET,
                          10TH FLOOR
12                        LOS ANGELES, CALIFORNIA  90017
                          (213) 624-7707
13

14

15   ON BEHALF OF DEFENDANTS MGA ENTERTAINMENT AND ISAAC LARIAN:

16                        O'MELVENY & MYERS LLP
                          BY:   DALE CENDALI
17                        7 TIMES SQUARE
                          NEW YORK, NEW YORK  10036
18                        (212) 326-2000

19                        CHRISTENSEN, GLASER, FINK,
                           JACOBS, WEIL & SHAPIRO, LLP
20                        BY:   PATRICIA GLASER
                          10250 CONSTELLATION BOULEVARD
21                        LOS ANGELES, CALIFORNIA  90067
                          (310) 553-3000
22

23   ALSO PRESENT:        SHIRLEY MORALES

24

25
```

JULY 2, 2007   EXHIBIT __41__

PAGE __254__                    CV04-09049-SGL

1          MS. CENDALI:  THERE'S NO DOUBT -- JUST TO BE CLEAR,

2    WE ARE PRODUCING ALL OF THE DOCUMENTS ON THE PRIOR SWORN

3    STATEMENTS.

4          AND IN TERMS OF WHO THE ACTUAL PEOPLE ARE --

5          THE COURT:  YES.                                           02:22

6          MS. CENDALI:  -- I BELIEVE THAT THEY ARE MAINLY

7    ISAAC LARIAN.  THERE WERE DEPOSITIONS IN OTHER CASES WHERE

8    PAULA TRENTAFELIS-GARCIA TESTIFIED.  THEY DEPOSED HER TOO; THEY

9    DEPOSED HER FOR, ALREADY, TWO DAYS.  AND THERE MAY BE ANOTHER

10   PERSON, PERHAPS A BECKY HARRIS, I THINK, WHO'S ALSO GOING TO BE   02:22

11   TESTIFYING IN THIS CASE.

12         I AM NOT CURRENTLY AWARE OF OTHER FOLKS.  AT BEST,

13   THIS SEEMS TO BE PREMATURE, BUT OUR POSITION IS, WE'RE NOT

14   TALKING ABOUT 500 PEOPLE.  AND WE'RE NOT TALKING ABOUT THINGS

15   100 YEARS AGO; THIS ISN'T LIKE FINDING OUT EPA THINGS FROM        02:23

16   50 YEARS AGO.  WHAT WE'RE TALKING ABOUT ARE SPECIFIC

17   STATEMENTS, I GUESS, THAT WERE MADE IN THE RECENT PAST ABOUT

18   PEOPLE THEY'VE ALREADY DEPOSED.  AND IT SEEMS A MISUSE OF THE

19   30(B)(6) PROCEDURE TO REQUIRE -- AND BURDENSOME -- FOR A SINGLE

20   PERSON TO HAVE TO BE IDENTIFIED TO ANALYZE EVERYBODY ELSE'S       02:23

21   TESTIMONY AND OPINE --

22         THE COURT:  IS SUCH A PERSON READILY AVAILABLE?

23         MS. CENDALI:  NO.  NO.  BECAUSE, THINK ABOUT IT,

24   THEY'VE ALSO CONFLATED ANYTHING ABOUT SOMEBODY'S OWN PERSONAL

25   KNOWLEDGE VERSUS KNOWLEDGE OF THE COMPANY; IS IT MGA'S            02:23

EXHIBIT ___41___

PAGE ___255___

JULY 2, 2007                          CV04-09049-SGL

```
 1   STATEMENTS; IS IT PERSONAL KNOWLEDGE?

 2        THIS SEEMS TO BE A WAY TO GET AROUND THE LIMITATION

 3   ON THE NUMBER OF DEPOSITIONS OR TO TRY TO GET BACK WITNESSES

 4   WHO HAVE ALREADY BEEN DEPOSED AND NOW THEY THINK THEY'D LIKE TO

 5   GO BACK AND ASK THEM ABOUT SOME OF THEIR STATEMENTS THAT THEY     02:24

 6   DIDN'T ASK THEM BEFORE IN THEIR DEPOSITION.  SO, AT BEST, THIS

 7   IS PREMATURE, AND I THINK EVEN BEYOND BEING PREMATURE, IT'S

 8   BURDENSOME AND NOT WHAT 30(B)(6) IS INTENDED TO DO.

 9        THE COURT:  DO YOU WISH TO SAY ANYTHING ON YOUR

10   EX-PARTE APPLICATION FOR THE PRODUCTION DATE ISSUE?            02:24

11        MS. CENDALI:  YES.

12        THE BOTTOM LINE IS, WE'RE DOING THE BEST WE CAN, YOUR

13   HONOR.  WE DIDN'T EXPECT -- WE KNEW THAT THE JUDGE WAS GOING

14   TO --

15        THE COURT:  CAN YOU GET IT BY THE END OF THIS MONTH?      02:24

16        MS. CENDALI:  I THINK, FOR THE DOMESTIC DOCUMENTS, WE

17   WILL GET IT BY THE END OF JULY.  WE'VE ALREADY PRODUCED, AS OF

18   FRIDAY, 110,000 PAGES OF DOCUMENTS.  WITH REGARD TO THE

19   HONG KONG DOCUMENTS, I COULD USE ANOTHER TWO WEEKS BEYOND THEN,

20   YOUR HONOR.                                                   02:24

21        THANK YOU.

22        THE COURT:  THANK YOU.

23        COUNSEL?

24        MR. ZELLER:  WITH RESPECT TO THE EX-PARTE, YOUR

25   HONOR, AS I'M SURE THE COURT IS AWARE FROM THE PAPERS, THIS HAS  02:25
```

EXHIBIT __41__

JULY 2, 2007            __256__            CV04-09049-SGL

PAGE _____

| | |
|---|---|
| 1 | BEEN A MOVING TARGET.  WE'RE NOW TOLD THAT DOMESTIC DOCUMENTS | |
| 2 | AREN'T EVEN GOING TO BE AVAILABLE FROM MGA UNTIL THE END OF | |
| 3 | JULY, AND THEN TWO WEEKS BEYOND THAT FOR HONG KONG. | |
| 4 | THE COURT, I'M SURE, IS AWARE THAT BACK IN FEBRUARY, | |
| 5 | WHEN WE MADE THIS MOTION, MGA REPRESENTED TO JUDGE INFANTE THAT | 02:25 |
| 6 | THEY WERE IN THE PROCESS OF COLLECTING THOSE DOCUMENTS AND | |
| 7 | WOULD BE PRODUCING THEM. | |
| 8 | THE COURT:  DO WE HAVE ANY REASON TO BELIEVE THEY'RE | |
| 9 | NOT WORKING AS HARD AS THEY CAN TO GET THESE DOCUMENTS | |
| 10 | PRODUCED? | 02:25 |
| 11 | MR. ZELLER:  I DON'T KNOW IF THAT'S THE ISSUE AT THIS | |
| 12 | POINT, YOUR HONOR. | |
| 13 | THERE WAS A COURT ORDER TELLING THEM IN FEBRUARY -- | |
| 14 | OR, EXCUSE ME, AT THE HEARING IN MARCH, THAT THEY WERE GOING TO | |
| 15 | HAVE TO PRODUCE THESE DOCUMENTS, AND THEY ADMITTED THAT THEY | 02:25 |
| 16 | DIDN'T EVEN START DOING THAT UNTIL NOW. | |
| 17 | SO, YOUR HONOR, I THINK IT'S A LITTLE LATE JUST IN | |
| 18 | TERMS OF WHETHER OR NOT THEY'RE WORKING HARD. | |
| 19 | THE FACT IS, TOO, ON THE HONG KONG DOCUMENTS, THERE | |
| 20 | IS EVIDENCE THAT THEY CAN ACCESS, AT LEAST THE ELECTRONIC | 02:25 |
| 21 | DOCUMENTS THAT THEY HAVE IN HONG KONG, FROM THE UNITED STATES. | |
| 22 | AND THAT HAS NOT BEEN ADDRESSED AT ALL. | |
| 23 | SO, I MEAN, LOOK, JUDGE INFANTE HAS OBVIOUSLY BEEN | |
| 24 | SUPERVISING DISCOVERY NOW FOR MANY MONTHS.  HE PASSED ON THE | |
| 25 | EXCUSES THAT MGA GAVE HIM AS TO WHY THEY HAD NOT COMPLIED WITH | 02:26 |

44

1   THINGS BETWEEN THE TWO, AND IT WOULD SAVE 10,000 COPIES AND INK

2   TESTS AND STUFF LIKE THAT.

3          THE COURT:  WELL, I'LL TAKE A REAL CLOSE LOOK AT YOUR

4   COMPLAINT, AND WE'LL GO FROM THERE.  OKAY?

5          MS. MORALES:  OKAY.  THANK YOU.                    02:43

6          THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH, MA'AM.

7          MS. CENDALI:  THANK YOU, YOUR HONOR.

8          MS. GLASER:  THANK YOU, YOUR HONOR.

9          THE COURT:  WE'LL TAKE A BRIEF RECESS BEFORE THE

10  CRIMINAL CALENDAR.                                        02:43

11         THE CLERK:  THIS COURT IS NOW IN RECESS.

12

13

14

15

16

17                        CERTIFICATE

18

19  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
20  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
    ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
21  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
    THE UNITED STATES.
22

23  _____          8-13-07
    THERESA A. LANZA, CSR, RPR                  DATE
24  FEDERAL OFFICIAL COURT REPORTER

25

EXHIBIT ___41___

JULY 2, 2007           PAGE ___258___           CV04-09049-SGL

# EXHIBIT 42

1   DALE M. CENDALI (admitted pro hac vice)
    dcendali@omm.com
2   MARC FEINSTEIN (S.B. #158901)
    mfeinstein@omm.com
3   O'MELVENY & MYERS LLP
    400 South Hope Street, 18th Floor
4   Los Angeles, CA 90071-2899
    Telephone: (213) 430-6000
5   Facsimile: (213) 430-6407

6   PATRICIA GLASER (S.B. #55668)
    pglaser@chrisglase.com
7   Christensen, Glaser, Fink, Jacobs, Weil &
    Shapiro, LLP
8   10250 Constellation Boulevard, 19th Floor
    Los Angeles, CA 90067
9   Telephone: (310) 553-3000
    Facsimile: (310) 557-9815

10
    Attorneys for MGA Entertainment, Inc.,
11  MGA Entertainment (HK) Ltd., and Isaac
    Larian
12
                    UNITED STATES DISTRICT COURT
13
                   CENTRAL DISTRICT OF CALIFORNIA
14
                          EASTERN DIVISION
15

16
    CARTER BRYANT, an individual,        Case No. CV 04-9049 SGL (RNBx)
17  Plaintiff,
                                         **Discovery Matter [To Be Heard By**
18              Plaintiff,               **Discovery Master Hon. Edward**
                                         **Infante (Ret.)]**
19         v.
                                         **MGA ENTERTAINMENT, INC.'S**
20  MATTEL, INC., a Delaware             **OPPOSITION TO MATTEL, INC.'S**
    Corporation,                         **MOTION TO ENFORCE THE**
21                                       **COURT'S ORDER OF MAY 15,**
                Defendants.              **2007, TO COMPEL MGA TO**
22                                       **PRODUCE DOCUMENTS IN UN-**
                                         **REDACTED FORM, AND FOR**
23                                       **SANCTIONS**

24  CONSOLIDATED WITH                    Hearing Date: T.B.D.
    MATTEL, INC. v. BRYANT and           Time: T.B.D.
25  MGA ENTERTAINMENT, INC. v.           Discovery Cutoff: January 1, 2008
    MATTEL, INC.                         Trial Date: April 29, 2008
26

27

28
                                         MGA'S OPPOSITION TO MATTEL'S
                                         MOTION TO ENFORCE COURT ORDER
                                         CV 04-9049 SGL (RNBX)

9-27

EXHIBIT 42

PAGE 259

1       Before the instant Motion was filed, MGA Entertainment, Inc. ("MGA")

2   already had agreed to produce in un-redacted form all of the previously-redacted

3   documents about which Mattel complains in its Motion. Consistent with that

4   agreement, MGA began producing un-redacted versions of the documents on a

5   rolling basis, while also reviewing and producing hundreds of thousands of pages

6   of other documents in the past three months. Mattel nevertheless filed this Motion.

7       MGA now has completed its production of un-redacted electronic documents

8   and is within days of producing the few remaining hard-copy documents produced

9   in early 2005 (most of which were produced by MGA when it was only a third

10  party) in un-redacted form as well. Although informed of this, Mattel still refuses

11  to withdraw its Motion. MGA submits this opposition to show that no order is

12  needed compelling MGA to produce documents and that no sanctions are merited.

13  **I.    FACTS AND PROCEDURAL BACKGROUND**

14       When Mattel filed this Motion on September 7, 2007, MGA's counsel *had*

15  *already informed* Mattel's counsel during meet-and-confer discussions that MGA

16  would produce all requested documents in un-redacted form.[1] Mattel inexplicably

17  filed its motion anyway. Then, less than an hour after Mattel filed this Motion,

18  Mattel's counsel stated Mattel would withdraw the Motion when MGA completed

19  its production of the un-redacted versions of documents.[2]

20       Based upon these representations, MGA reviewed previously-redacted

21  documents to determine which portions were redacted based on privilege and which

22  portions were redacted for other reasons such as lacking any connection to the

23  subject matter of this case. MGA prioritized its review so as to provide Mattel with

24  the documents its counsel stated it wanted first—namely non-Bratz-related sworn

25  testimony and declarations from other litigations involving MGA. Some of those

26

27  [1] Declaration of William J. Charron in Opposition to Mattel's Motion to Enforce the Court's Order Compelling the Production of Un-Redacted Documents ("Charron Decl."), dated September 27, 2007 at ¶ 2.

28  [2] *Id.*

- 1 -

MGA'S OPPOSITION TO MATTEL'S<br>
MOTION TO ENFORCE COURT ORDER<br>
CV 04-9049 SGL (RNBX)

EXHIBIT 42

PAGE 260

1　materials were provided the next business day, with the remainder produced less

2　than ten days from that request by Mattel's counsel.[3]　That production consisted of

3　nearly 6,000 pages.[4]　MGA completed its production of the remaining un-redacted

4　documents that were previously produced in electronic format on September 21

5　(consisting of an approximately 1,000 additional pages).[5]　MGA is working

6　diligently to produce the final batch of previously-redacted documents, which

7　consists of a few hundred non-electronic documents produced in early 2005.　Many

8　of these documents were produced when MGA was still a third party to this

9　litigation,[6] and some contain redactions made long ago in connection with

10　litigations unrelated to this case.[7]　The process for these documents has taken more

11　time because it involves documents produced in hard copy (before the parties

12　agreed to an electronic-document-production protocol), which requires the physical

13　un-redaction of documents then reprocessing for electronic production per the new

14　protocol.[8]　The production process for these documents has been further

15　complicated by MGA's review and then production of several hundred thousand

16　pages of documents during this same period.[9]　MGA nonetheless expects it will

17　complete the small remaining production no later than October 1, at which point,

18　every single document MGA produced with redactions on grounds other than

19　privilege will be re-produced in un-redacted form.[10]

20

21

22

---

[3] Charron Decl. at ¶ 2.
[4] *Id.* at ¶ 3.  (Because redactions were interspersed within the 6,000 pages, MGA re-produced the entire document range (instead of simply the un-redacted pages) for Mattel's convenience.)
[5] *Id.* at ¶ 3.  (Same.)
[6] Declaration of Diana M. Torres in Opposition to Mattel's Motion to Enforce the Court's Order Compelling the Production of Un-Redacted Documents ("Torres Decl."), dated September 27, 2007 at ¶ 2.
[7] Torres Decl. at ¶ 4.
[8] *Id.* at ¶ 3.
[9] Charron Decl. at ¶ 4.
[10] *Id.* at ¶ 3.

- 2 -

MGA'S OPPOSITION TO MATTEL'S
MOTION TO ENFORCE COURT ORDER
CV 04-9049 SGL (RNBX)

EXHIBIT 42

PAGE 261

## II. ARGUMENT

### A. Mattel's Request for an Order Compelling the Production of Un-Redacted Documents Is Effectively Moot.

MGA's completion of its production of the un-redacted documents about which Mattel complains is imminent. MGA will notify Mattel in days when this process is complete. Given that MGA will have produced all the un-redacted documents by the time of the hearing on this Motion, there is no need for an order compelling that production. The delay in completing the production of the few un-redacted documents that remain was due in part to the complicating factors related to their being hard-copy documents produced back in early 2005, and in part to MGA's concurrently reviewing and producing hundreds of thousands of pages of documents over the last several months.[11]

### B. Sanctions Are Not Warranted.

#### 1. Mattel Failed to Exhaust the Meet-and-Confer Process.

Mattel requests sanctions in the amount of the expenses incurred in filing its Motion. But MGA should not be forced to bear the costs of Mattel's imprudent choice to file a motion rather than complete the meet and confer on this issue. When Mattel filed its Motion, the parties were in the midst of the meet-and-confer process. Moreover, MGA had already agreed to produce *every single* document requested in Mattel's Motion.[12] Mattel chose instead to file this Motion.

As this Court previously acknowledged, discovery sanctions are not warranted when a party chooses to file a discovery motion rather than complete the meet-and-confer process.[13] The requirement that parties exhaust the meet and

---

[11] *Id.*

[12] Charron Decl. at ¶ 2.

[13] Order Denying Mattel's Motion to Compel Rule 26(a) Disclosures, dated February 13, 2007 at p. 10, lines 17-18 (denying sanctions when "subsequent meet and confer sessions might have obviated the need for bringing the present motion"); Order Granting Mattel's Motion to Compel Response to Interrogatory No. 1 and Denying Request for Sanctions, dated April 17, 2007 at p. 7, lines 11-13 ("sanctions are unwarranted because Mattel did

- 3 -

EXHIBIT 42

PAGE 262

1  confer, in a good faith attempt to resolve a discovery dispute without involving the

2  Court, is a fundamental part of the entire discovery process.  Mattel should not be

3  rewarded for circumventing the meet-and-confer requirement.

### 2.  Prospective Sanctions Are Not Warranted.

5  Mattel seeks prospective sanctions against MGA for any non-compliance that

6  occurs following a ruling by the Court on this motion.  Specifically, relying on

7  *Grimes v. City and County of San Francisco*, 951 F.2d 236 (9th Cir. 1991), Mattel

8  requests that MGA be fined $5,000 per day for every day after the Court rules upon

9  this motion that MGA's production of un-redacted versions of documents pursuant

10  to the May 15, 2007 Order remains incomplete.[14]  However, because the

11  completion of MGA's production of all documents requested in un-redacted form

12  will be complete within several days, this sanctions request will be effectively

13  moot.

22  not exhaust the meet and confer process before filing the instant motion"), attached as

23  exhibits to Charron Decl. at ¶ 5.

[14] This understanding of Mattel's request for prospective sanctions is squarely supported

24  by its reliance on the *Grimes* decision.  In *Grimes*, the court upheld a grant of prospective daily sanctions, commencing 12 days after the issuance of the sanctions order and running

25  for a subsequent 170 days in which the defendant continually failed to comply with the court's order to complete its Rule 33 discovery obligations. *Grimes*, 951 F.2d at 239-240.

26  The facts of *Grimes* differ significantly from the case at hand in two important respects. First, the prospective sanctions granted by the court in *Grimes* amounted to only $500 per

27  day, a tenth of what Mattel requests here.  *Id.*  Second, at the time the court granted prospective sanctions against the defendant, the defendant had already abused the

28  discovery process so egregiously that the court had previously imposed an $85,000 sanction against it.  *Grimes*, 951 F.2d at 238.

MGA'S OPPOSITION TO MATTEL'S
MOTION TO ENFORCE COURT ORDER
CV 04-9049 SGL (RNBX)

EXHIBIT _____42_____

PAGE _____263_____

III.   **CONCLUSION**

For all the foregoing reasons, MGA respectfully requests that the Court deny Mattel's motion in its entirety.

DATED:        September 27, 2007                    O'MELVENY & MYERS LLP

                                                    By: _____
                                                         William J. Charron
                                                    Attorneys for MGA Entertainment, Inc.,
                                                    MGA Entertainment (HK) Ltd., and
                                                    Isaac Larian

- 5 -

MGA'S OPPOSITION TO MATTEL'S
MOTION TO ENFORCE COURT ORDER
CV 04-9049 SGL (RNBX)

EXHIBIT _____42_____

PAGE _____264_____

# EXHIBIT 43

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2   johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5   (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                         Consolidated with
13             Plaintiff,                Case No. CV 04-09059
                                         Case No. CV 05-02727
14       vs.
                                         **DISCOVERY MATTER**
15  MATTEL, INC., a Delaware corporation,
                                         **Hon. Edward A. Infante (Ret.)**
16             Defendant.                **Discovery Master**

17  _____         [PROPOSED] ORDER REGARDING
                                         MATTEL, INC.'S MOTION TO
18  AND CONSOLIDATED CASES               ENFORCE THE COURT'S ORDER
                                         OF MAY 15, 2007, TO (I) COMPEL
19                                       MGA TO PRODUCE COMPELLED
                                         DOCUMENTS (INCLUDING FEE
20                                       AND/OR INDEMNITY
                                         AGREEMENTS BETWEEN MGA
21                                       AND BRYANT), (II) ORDER THAT
                                         ANY PRIVILEGE OBJECTIONS
22                                       HAVE BEEN WAIVED, AND (III)
                                         IMPOSE SANCTIONS
23
                                         Date:   December 14, 2007
24                                       Time:   10:45 a.m.
                                         Place:  JAMS
25
                                         **Phase I:**
26                                       Discovery Cut-Off:   January 28, 2008
                                         Pre-Trial Conference: May 5, 2008
27                                       Trial Date:          May 27, 2008

28

07209/2326426.1

12-19

PROPOSED ORDER

EXHIBIT 43
PAGE 265

**[PROPOSED] ORDER**

Mattel, Inc.'s Motion to Enforce the Court's Order of May 15, 2007 to (I) Compel MGA to Produce Compelled Documents (Including Fee and/or Indemnity Agreements Between MGA And Bryant), (II) Order That Any Privilege Objections Have Been Waived, and (III) Impose Sanctions (the "Motion") came on for hearing before me on December 14, 2007. The matter having been fully briefed and argued, and good cause appearing, IT IS HEREBY ORDERED THAT:

1.   The Motion is GRANTED IN PART AND DENIED IN PART.

2.   MGA Entertainment, Inc. ("MGA") shall produce all non-privileged documents responsive to Request Nos. 1, 2, 49 and 50 in Mattel's First Set of Requests for Production dated March 14, 2005, including documents relating to fee and/or indemnity agreements between Carter Bryant and MGA, as the Discovery Master previously ordered in his May 15, 2007 Order;

3.   MGA shall identify any and all documents withheld from its production pursuant to Paragraph 1 above as privileged on a privilege log.

4.   Mattel's request that the privilege be deemed waived is DENIED;

5.   MGA and/or its prior counsel of record shall pay Mattel monetary sanctions in the amount of $3,500; and

6.   The foregoing requirements shall be satisfied on or before December 31, 2007.

**IT IS SO ORDERED.**

DATED: ___/2-/9—___, 2007

Hon. Edward A. Infante (Ret.)
Discovery Master

07209/2326426.1

-1-

PROPOSED ORDER

EXHIBIT __43__

PAGE __266__

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on December 19, 2007, I served the attached: (1) ORDER RE MATTEL, INC.'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 15, 2007 TO COMPEL MGA TO PRODUCE COMPELLED DOCUMENTS IN UNREDACTED FORM AND FOR ANCTIONS; (2) ORDER RE MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD AS PRIVILEGED; and (3) ORDER REGARDING MATTEL, INC.'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 15, 2007, TO (I) COMPEL MGA TO PRODUCE COMPELLED DOCUMENTS (INCLUDING FEE AND/OR INDEMNITY AGREEMENTS BETWEEN MGA AND BRYANT), (II) ORDER THAT ANY PRIVILEGE OBJECTIONS HAVE BEEN WAIVED, AND (III) IMPOSE SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on December 19, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT __43__

PAGE __267__

# EXHIBIT 44

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
   johnquinn@quinnemanuel.com
2  Michael T. Zeller (Bar No. 196417)
3  michaelzeller@quinnemanuel.com
   Jon D. Corey (Bar No. 185066)
4  joncorey@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11 CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)
                                          Consolidated with
12              Plaintiff,                Case No. CV 04-09059
                                          Case No. CV 05-02727
13      vs.
                                          **DISCOVERY MATTER**
14 MATTEL, INC., a Delaware               **[To Be Heard By Discovery Master**
   corporation,                          **Hon. Edward Infante (Ret.)]**
15
                Defendant.                MATTEL, INC.'S NOTICE OF MOTION
16 _____       AND MOTION TO ENFORCE THE
                                          COURT'S ORDER OF MAY 15, 2007,
17 AND CONSOLIDATED ACTIONS               TO (I) COMPEL MGA TO PRODUCE
                                          COMPELLED DOCUMENTS
18                                        (INCLUDING FEE AND/OR
                                          INDEMNITY AGREEMENTS
19                                        BETWEEN MGA AND BRYANT),
                                          (II) ORDER THAT ANY PRIVILEGE
20                                        OBJECTIONS HAVE BEEN WAIVED,
                                          AND (III) IMPOSE SANCTIONS; AND
21
                                          DECLARATION OF B. DYLAN
22                                        PROCTOR

23                                        Date:  TBA
                                          Time:  TBA
24                                        Place: Telephonic

25                                        **Phase 1**
                                          Discovery Cut-Off:     January 14, 2008
26                                        Pre-Trial Conference:  April 7, 2008
                                          Trial Date:            April 29, 2008
27
   EXHIBIT _____44_____
28
   PAGE _____268_____

07975/2216092.1

MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 15, 2007 AND FOR SANCTIONS

1 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that, at a telephonic conference before
3 Discovery Master Hon. Edward Infante (Ret.), that will occur at a time to be set by
4 Judge Infante, Mattel, Inc. will, and hereby does, move the Court: (1) to enforce the
5 Court's May 15, 2007 Order granting Mattel, Inc.'s motion to compel MGA to
6 produce documents responsive to Mattel's Requests Nos. 1, 2, 49 and 50, including
7 documents relating to fee and/or indemnity agreements between Bryant and MGA;
8 (2) to order that MGA's failure to timely produce a privilege log identifying the
9 withheld indemnity and fee agreement documents as privileged constitutes a waiver
10 of any such privilege; and (3) for sanctions against MGA, including prospective
11 monetary sanctions to obtain MGA's compliance with the May 15, 2007 Order.

12       This Motion is made on the grounds that MGA has failed and refused
13 to produce the compelled documents as ordered by the Court and has failed to
14 proffer a privilege log identifying such documents as privileged, all in willful
15 violation of the Court's order.

16       This Motion is based on this Notice of Motion and Motion, the
17 accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan
18 Proctor filed concurrently herewith, the records and files of this Court, and all other
19 matters of which the Court may take judicial notice.

20

21

22

23

24

25

26

27

28

EXHIBIT ___44___

PAGE ___269___

07975/2216092.1

-2-

1                       **Statement of Rule 37-1 Compliance**

2            The parties met and conferred on August 8, 2007, and times thereafter,

3 regarding MGA's failure and refusal to produce the fee agreement and indemnity

4 documents compelled by the May 15, 2007 Order.

5

6 DATED: September 11, 2007    .   QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP

7

8                       By    _Michael Zeller (h/E7)_

9                         Michael T. Zeller
                        Attorneys for Plaintiff

10                         Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                   EXHIBIT ___44___

27

28                   PAGE ___270___

07975/2216092.1

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

PRELIMINARY STATEMENT ............................................................................ 1

STATEMENT OF FACTS .................................................................................. 3

    A.    The Court Has Repeatedly Rejected MGA's Objections To
Production of the Documents ................................................................. 3

    B.    Mattel's Efforts to Meet and Confer ...................................................... 4

    C.    MGA Has Failed to Comply with the Court's May 15, 2007
Order Compelling MGA to Produce the Documents .............................. 5

ARGUMENT ...................................................................................................... 6

I.    THE COURT SHOULD ENFORCE ITS MAY 15 ORDER AND
REQUIRE MGA TO PRODUCE THE FEE AND INDEMNITY
AGREEMENTS ............................................................................................ 6

II.    MGA'S FAILURE TO COMPLY WITH THE MAY 15 ORDER HAS
BEEN WILLFUL, AND IT SHOULD BE SANCTIONED .............................. 7

CONCLUSION ................................................................................................... 9

EXHIBIT _44_

PAGE _271_

07975/2216092.1

-i-

# TABLE OF AUTHORITIES

**Page**

## Cases

Grimes v. City and County of San Francisco,
951 F.2d 236 (9th Cir. 1991)............................................................. 8, 9

RTC v. Dabney,
73 F.3d 262 (10th Cir. 1995)................................................................. 8

U.S. v. Westinghouse Electric Corp.,
648 F.2d 642 (9th Cir. 1981)................................................................. 8

## Statutes

28 U.S.C. § 1927............................................................................... 8

Federal Rule of Civil Procedure 37(b)(2)................................................ 8

EXHIBIT ___44___

PAGE ___272___

1   **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **Preliminary Statement**

3   By Order dated May 15, 2007 ("Order"), the Discovery Master

4   compelled MGA to produce documents and communications relating to its fee

5   and/or indemnity agreements with defendant Bryant:

6       4.    <u>MGA's Agreements with Bryant (Nos. 1, 2, 49, 50)</u>

7       MGA represents that it has already agreed to

8       produce non-privileged documents responsive to request

9       nos. 1, 2, 49, and 50, even though it believes that such

10      documents are not relevant (MGA's motion at 13:7-14:3).

11      These requests seek documents relating to fee or

12      indemnity agreements between MGA and Bryant.

13      Fee or indemnity agreements are relevant to

14      demonstrate bias and lack of credibility. Accordingly,

15      Mattel's motion is granted with respect to request nos. 1, 2,

16      49, and 50. Any responsive documents withheld on the

17      basis of a privilege must be properly identified in a

18      privilege log.[1]

19  The requirement that the documents at issue must be produced is

20  unequivocal. Indeed, the Court has ruled that such documents are relevant and must

21  therefore be produced on four occasions.[2]

22  In ruling on and denying MGA's motion for reconsideration of the May

23  15 Order, Judge Larson imposed a July 31, 2007 deadline for compliance. After the

24

25  [1]  May 15 Order, Declaration of B. Dylan Proctor ("Proctor Dec."), Exh. 1 at

26  10:6-14.

27  [2]  January 25 Order, May 15 Order, June 19 Order, and July 2 Order, Proctor Dec., Exhs. 1, 10, 11, and 12.

                                 EXHIBIT ___44___

28                                      PAGE ___273___

1  deadline passed, Mattel sought compliance. MGA's counsel acknowledged that the
2  deadline had passed and that it had not even searched for, let alone produced, the
3  documents it was compelled to produce in response to these requests, but promised
4  that MGA would do so by August 24, 2007. After that date passed, Mattel
5  repeatedly stated to MGA that it was not aware of any production of these
6  documents or any privilege log indicating that such documents had been withheld,
7  and therefore would be filing this motion. MGA did not substantively respond.

8  In short, MGA is withholding responsive, compelled documents which
9  it has not identified on a privilege log.[3]  Mattel has been actively pursuing motion
10  practice to get these documents for over eight months now. MGA has known they
11  were compelled for over six months. Its violations here, as elsewhere, have been
12  willful. Mattel gave MGA a month and a half after it started the meet and confer
13  process to correct its production in this regard since MGA initially claimed its
14  failure to produce the compelled documents was an oversight. It has since become
15  obvious that MGA's non-compliance is no accident; MGA has willfully refused to
16  comply. MGA's tactics are intended to thwart the Court's Orders and deprive
17  Mattel of material evidence. It has no excuse for its violation of the Court's Orders.

18  MGA should be ordered to produce the compelled documents without
19  further delay and should be sanctioned. Moreover, binding authority mandates that
20  any privilege MGA may now seek to assert in relation to the documents at issue in
21  this motion has been waived. MGA should not be permitted to further delay
22  compliance with the May 15 Order through a belated assertion of privilege.

23
24
25
26
27  [3]  Proctor Dec., ¶ 10.

EXHIBIT 44
PAGE 274

28

07975/2216092.1

-2-

1  **Statement of Facts**

2  A.  **The Court Has Repeatedly Rejected MGA's Objections To**

3  **Production of the Documents**

4  On February 2, 2007, Mattel moved to compel MGA to produce,

5  among other things, documents and communications relating to its fee and

6  indemnity agreements with Bryant.  The parties joined issue and fully briefed all of

7  MGA's objections to production of the documents.  MGA opposed, in part, on

8  grounds that the documents were not relevant to bias or credibility.[4]

9  The Discovery Master heard the matter on March 5, 2007, and during

10  the hearing advised MGA that he would grant Mattel's motion.[5]  On May 15, 2007,

11  the Discovery Master issued his written Order granting Mattel's motion to compel,[6]

12  and specifically directed MGA to produce the documents, as set forth above.[7]

13  MGA filed objections with the District Court to portions of the May 15

14  Order.[8]  The District Court rejected the objections in their entirety and upheld the

15  Discovery Master's May 15 Order, but allowed MGA until July 31, 2007 to produce

16  the documents compelled by the Order (except for Hong Kong documents, which

17  MGA was required to produce by August 14, 2007).[9]

18  These rulings on Mattel's motions were in accordance with the Court's

19  prior ruling that fee and indemnity agreements between Bryant and MGA must be

20

21  ─────────────

22  [4]  See MGA's Opposition to Mattel's Motion to Compel Production of

23  Documents and Interrogatories, dated February 20, 2007, Proctor Dec., Exh. 14.
   [5]  Proctor Dec. ¶ 3.

24  [6]  May 15 Order, Proctor Dec., Exh. 1.
   [7]  Id. at 14:8-11.

25  [8]  See MGA Entertainment's Memorandum of Points and Authorities in Support

26  of Motion Objecting to Portions of the Discovery Master's May 15, 2007 Order,

27  dated May 30, 2007, Proctor Dec., Exh. 15.
   [9]  See July 2 Order, Proctor Dec., Exh. 12 at 2-4.

28  EXHIBIT ___44___
   ___275___

1  produced by Bryant.[10]   As the Court previously noted, MGA had notice of that
2  motion, and participated in the meet and confer.  Bryant's claim of privilege, and his
3  relevance objections, were overruled.[11]

4        **B.**   **Mattel's Efforts to Meet and Confer**

5        On July 24 and July 30, 2007, Mattel wrote to MGA's counsel seeking
6  a meet and confer regarding the fee agreement documents.[12]  On August 3, 2007,
7  Mattel sent a further letter requesting that MGA meet and confer regarding MGA's
8  continued failure to comply.[13]

9        On August 8, 2007, MGA and Mattel met and conferred regarding
10 MGA's failure to produce the documents.  MGA represented that it did not know
11 whether it was withholding responsive documents or not.  MGA agreed to search for
12 such documents, including those held by MGA, its counsel, and any other source
13 that  may  possess  such  documents.   MGA  agreed  to  produce  all  such
14 documents -- along with a privilege log listing any such documents withheld -- by
15 August 24, 2007.[14]  MGA also agreed that, although the parties have agreed in
16 general that they need not list post-lawsuit privileged documents and work product
17 on a privilege log (given the volume of such information), in this particular case,
18 since documents regarding the fee agreements between Bryant and MGA inherently
19 will post-date the lawsuit and likely are not so voluminous as to be overly
20 burdensome to log, MGA would log all responsive documents.[15]

21

22

23    [10] <u>See</u> January 25 Order, Proctor Dec., Exh. 10 at 11:23-12:14.
24    [11] <u>Id.</u> at 6:3-28.  <u>See also</u> June 19 Order, Proctor Dec., Exh. 11 at 3:25-4:17
25  (ruling again that the documents be produced).
      [12] Proctor Dec. ¶¶ 4 and 5, Exhs. 2 and 3.
26    [13] Proctor Dec., Exh. 4.
27    [14] Proctor Dec. ¶ 7, Exh. 4.
      [15] Proctor Dec. ¶ 8.
28

EXHIBIT  44

PAGE  276

**C.**   **MGA Has Failed to Comply with the Court's May 15, 2007 Order**
   **Compelling MGA to Produce the Documents**

After hearing nothing further from MGA's counsel, Mattel wrote MGA on August 31, 2007, stating that Mattel would have no choice but to move to compel if MGA failed to produce the promised documents or identify them as privileged by September 5, 2007.[16]  MGA has not substantively responded.[17]  Without question, MGA does possess responsive, non-privileged documents that it was compelled to produce but has not produced.  For example, Bryant produced a non-privileged letter dated July 19, 2007 between Bryant's counsel and MGA, specifically addressing a fee payment agreement between them.  MGA has not produced this document, and has not identified it as privileged.[18]

Pursuant to the May 15 Order, "[a]ny responsive documents withheld on the basis of a privilege must be properly identified in a privilege log."[19]  MGA has not met this obligation either.  On July 24 and again on August 3, Mattel informed MGA that it was not aware of any listing of the documents in a privilege log.[20]  On August 8, Mattel asked MGA to provide a privilege log listing any fee and/or indemnity agreements that are privileged, if any.[21]  MGA agreed it would, but failed to comply.

In sum, although the deadline for MGA's compliance with the Discovery Master's May 15 Order and Judge Larson's July 5, 2007 Order passed nearly a month and a half ago, MGA has not produced the responsive documents.

---

[16]   Proctor Dec. ¶ 9, Exh. 6.
[17]   Proctor Dec. ¶ 9.
[18]   Proctor Dec., ¶ 10 and Exh. 8.
[19]   May 15 Order, Proctor Dec., Exh. 1 at 10:12-14.
[20]   Proctor Dec., Exhs. 2 and 4.  In the August 8, 2007 letter, Mattel noted that as discussed and agreed, "the privilege log will include any withheld fee and indemnity documents . . . created after the filing of the litigation." Proctor Dec., Exh. 5.

EXHIBIT ___44___

PAGE ___277___

MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 15, 2007 AND FOR SANCTIONS

07975/2216092.1

1 despite agreeing during the meet and confer on August 8, 2007 that it would do so
2 no later than August 24, 2007.[22]   In anticipation of this Motion, Mattel has
3 repeatedly requested that MGA indicate if it was asserting privilege objections.[23]
4 MGA has not provided a privilege log identifying any such documents as
5 privileged.[24]

**Argument**

6

7 **I.   THE COURT SHOULD ENFORCE ITS MAY 15 ORDER AND**
8 **REQUIRE MGA TO PRODUCE THE FEE AND INDEMNITY**
9 **AGREEMENTS**

10            The May 15 Order clearly states that: "Fee or indemnity agreements are
11 relevant to demonstrate bias and lack of credibility.  Accordingly, Mattel's motion is
12 granted with respect to request nos. 1, 2, 49, and 50."[25]   MGA has violated this
13 Order.  Almost six weeks after its deadline, and despite Mattel's five letters and two
14 meet and confers on the subject, MGA has failed to comply.

15            The May 15 Order also made clear that MGA _must_ provide a privilege
16 log identifying any fee or indemnification documents claimed to be privileged.
17 Despite Mattel's repeated requests that it do so, MGA has never indicated that it has
18 asserted any claim of privilege in relation to the documents at issue.  This point was
19 specifically addressed in the meet and confer on August 8, 2007.  MGA did not state
20 that it had withheld documents on grounds of privilege, and to Mattel's knowledge it
21 has never identified any of the responsive documents on a privilege log.  This was
22 confirmed in Mattel's letters to MGA relating to the August 8, 2007 meet and
23 confer.  Mattel has since reviewed the privilege logs belatedly provided by MGA on

24 ───────────────────────

25   [21]   Proctor Dec., Exh. 5.
26   [22]   Proctor Dec. ¶ 8.
     [23]   See, e.g., Proctor Dec., Exhs. 5 and 6.
27   [24]   Proctor Dec. ¶ 10.
28

EXHIBIT ___44___

PAGE ___278___

1    August 14, 2007 and September 5, 2007, and it is not apparent that any such
2    documents have been identified as privileged.[26]

3            In these circumstances, the failure to provide a privilege log identifying
4    the documents as privileged should be deemed a waiver of privilege. The parties
5    have previously briefed the issue of waiver of privilege in this context.[27] Indeed, as
6    the Court noted in its June 19, 2007 Order, MGA had an opportunity to substantiate
7    a claim of privilege with regard to its fee agreements with Bryant, and failed to do
8    so.[28]

9    **II.    MGA'S FAILURE TO COMPLY WITH THE MAY 15 ORDER HAS**
10           **BEEN WILLFUL, AND IT SHOULD BE SANCTIONED**

11           MGA's continuing failure to comply with the May 15 Order has been
12   willful and flagrant. MGA seeks to delay and obstruct Mattel's ability to obtain
13   information that it is plainly entitled to, and hinder Mattel's ability to take follow-up
14   discovery before the Phase I discovery cut-off date in January.[29] By delaying
15   compliance and stringing Mattel along in the process, MGA acts to cut-off or
16   narrow Mattel's opportunity to question witnesses at deposition, and to conduct
17   follow-up discovery once MGA finally does produce the documents.

18           Mattel has sought MGA's compliance for more than a month.[30] In the
19   meantime, Mattel has sent MGA no fewer than five letters and twice met and
20

21   [25]   May 15 Order, Proctor Dec., Exh. 1 at 10:11-12.
22   [26]   See Proctor Dec. ¶ 10.
     [27]   Mattel respectfully directs the Court to its prior briefing on this subject. See,
23   e.g., Mattel's Motion to Compel Production of Documents Withheld as Privileged,
     filed August 10, 2007.
24   [28]   June 19 Order, Proctor Dec., Exh. 11 at 4:11-15. The Court noted that
25   "MGA, which participated in the meet and confer on the motion and was served
     with the motion, has not made any attempt to substantiate its claim of the attorney-
26   client privilege . . ." Id. at 4:10-13.
27   [29]   The discovery cut-off date for Phase One is January 14, 2008.
28

                                                    EXHIBIT ___44___
                                                           279

1  conferred to seek compliance.[31]  MGA simply refuses to comply, or even to give

2  any explanation for its conduct.  Nor is this the first or only willful violation of the

3  May 15 Order by MGA.  Far from it, MGA has willfully violated the Order in a

4  number of other respects as well — not even counting matters where it did comply

5  once Mattel notified it of its non-compliance through the meet and confer process.[32]

6  Mattel respectfully submits that MGA's willful non-compliance with

7  the May 15 Order should be met with sanctions.  The Discovery Master has broad

8  authority to sanction MGA for its disobedience of its Orders.  Under Federal Rule of

9  Civil Procedure 37(b)(2), the Court "may make such orders in regard to the failure

10  [to comply with the Court's Order] as are just."  See also U.S. v. Westinghouse

11  Electric Corp., 648 F.2d 642, 651 (9th Cir. 1981) ("The choice of discovery

12  sanctions is left to the discretion of the district court."); accord Grimes v. City and

13  County of San Francisco, 951 F.2d 236, 240-241 (9th Cir. 1991) (courts "may,

14  within reason, use as many and as varied sanctions as are necessary to hold the

15  scales of justice even.").  Independently, sanctions may be imposed under 28 U.S.C.

16  § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in

17  any case unreasonably and vexatiously may be required by the court to satisfy

18  personally the excess costs, expenses, and attorneys' fees reasonably incurred

19  because of such conduct."  Sanctions under this section are appropriate "for conduct

20  that, viewed objectively, manifests either intentional or reckless disregard of the

21  attorney's duties to the court."  RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995).

22

23

24  [30]  See Proctor Dec. Exh. 2.

25  [31]  Proctor Dec. ¶¶ 6 and 7, Exhs. 2-6.

    [32]  See, e.g., Mattel, Inc.'s August 9, 2007 Motion to Compel Production of

26  Documents Withheld as Privileged; Mattel, Inc.'s September 7, 2007 Motion to

27  Enforce the Court's Order of May 15, 2007, to Compel MGA to Produce Compelled
    Documents in Un-Redacted Form, and for Sanctions.

28                                                        EXHIBIT  44

07975/2216092.1

1    Sanctions are needed here as a deterrent, and to coerce compliance.
2 Mattel respectfully requests that MGA be ordered to pay $3,500 as partial
3 reimbursement for the fees and costs that Mattel has incurred in bringing this
4 motion.[33]    Mattel also requests that MGA be fined $5,000 for every day that it
5 refuses to comply following the date by which the Court orders it -- again -- to
6 produce documents relating to its fee and indemnity agreements, to ensure
7 compliance and prevent still further motion practice on this matter.  See Grimes,
8 951 F.2d at 241 ("magistrates may impose prospective sanctions pursuant to Rule 37
9 where such sanctions are necessary to enforce compliance with a valid discovery
10 order").

11                          **Conclusion**

12    For the foregoing reasons, Mattel respectfully requests that the
13 Discovery Master enforce the May 15, 2007 Order and (1) again require MGA to
14 produce all documents and communications responsive to Request Nos. 1, 2, 49 and
15 50 of Mattel's First Set of Requests for Production of Documents and Tangible
16 Things to MGA dated March 14, 2005 documents, in un-redacted form; (2) order
17 that any claim of privilege which could be asserted by MGA in relation to such
18 documents has been waived; (3) impose sanctions on MGA in the amount of $3,500

19
20
21
22
23
24
25
26

27    [33]  See Proctor Dec. ¶ 17.

28

EXHIBIT ___44___

PAGE ___281___

07975/2216092.1

-9-

1 to reimburse Mattel for at least part of its attorney's fees; and (4) impose prospective

2 sanctions of $5,000 per day until such time as MGA fully complies with the May 15

3 Order.

4

5 DATED:  September 11, 2007       QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

6

7                                 By  *Michael Zeller (NET)*

8                                     Michael T. Zeller
                                      Attorneys for Plaintiff
9                                     Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                              EXHIBIT  44

27                                              PAGE  282

28

-10-

MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 15, 2007 AND FOR SANCTIONS