# EXHIBIT 49

CALENDARED
RECEIVED

FEB 0 7 2008

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, CA 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:  tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, California 94111-5974
7  Telephone:  (415) 984-6400
   Facsimile:  (415) 984-2698
8  Email:  rkennedy@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA
10 ENTERTAINMENT (HK) LIMITED, and MGAE de MEXICO S.R.L. de C.V.

11           UNITED STATES DISTRICT COURT

12          CENTRAL DISTRICT OF CALIFORNIA

13 | CARTER BRYANT, an individual        ) CASE NO. CV 04-9049 SGL (RNBx)
14 |                Plaintiff,           ) Consolidated with Case No. 04-9059
15 |                                     ) and Case No. 05-2727
      v.                                 )
16 | MATTEL, INC., a Delaware            ) **DISCOVERY MATTER**
17 | corporation                         ) [To be heard by Discovery Master
                                         ) Hon. Edward A. Infante (Ret.)]
18 |                Defendant.           )
                                         ) **MGA DEFENDANTS'**
19 |                                     ) **OPPOSITION TO MATTEL INC.'S**
                                         ) **MOTION TO COMPEL**
20 |                                     ) **PRODUCTION OF DOCUMENTS**
                                         ) **AND THINGS BY MGA**
21 |                                     ) **ENTERTAINMENT, INC. AND**
                                         ) **AWARD FOR MONETARY**
22 |                                     ) **SANCTIONS**
23 | Consolidated with MATTEL, INC. v.   ) [DECLARATION OF ANDREW C.
24 | BRYANT and MGA                      ) TEMKIN AND SEPARATE
      ENTERTAINMENT, INC. v.             ) STATEMENT FILED UNDER
25 | MATTEL, INC.                        ) SEPARATE COVER]
                                         )
26 |                                     ) Date:  TBD
                                         ) Time:  TBD
                                         ) Place: TBD
27          CONFIDENTIAL – ATTORNEYS' EYES ONLY
28       FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

2-7-08

MGA DEFENDANTS' OPPOSITION TO MATTEL INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND
EXHIBIT THINGS BY MGA ENTERTAINMENT, INC. AND AWARD FOR MONETARY SANCTIONS
                                                                4105
PAGE _____

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. ii

I.     PRELIMINARY STATEMENT. ................................................................. 1

II.    STATEMENT OF FACTS. ......................................................................... 2

       A.   MGA Produced Millions of Pages of Documents in Response to
            Mattel's Thousands of Document Requests. ...................................... 2

       B.   Mattel Has Refused to Place Reasonable Limits on the Requests
            in its Third Set. ................................................................................. 2

       C.   MGA Attempted to Stay Production of Documents Related to
            Phase 2 Issues Consistent with the Court's January 7, 2008 Order. .... 5

III.   Legal Standard. ......................................................................................... 5

IV.    The Court Should Deny Mattel's Motion to Compel. ................................ 7

       A.   Request Nos. 1-30: Documents from Unrelated Litigations
            Involving MGA Defendants. .............................................................. 7

       B.   Request No. 31: Documents Relating to the Use of the Term
            "Jade" in Connection with any MGA Doll. ...................................... 11

       C.   Request Nos. 32-41: Documents Relating to Sandra Bilotto. ........... 11

       D.   Request Nos. 42, 76, and 77: Documents Relating to Paula
            Garcia. .............................................................................................. 14

       E.   Request Nos. 43-55: Documents Relating to Scooter Samantha. ...... 16

       F.   Request Nos. 56-75: Documents Relating to Scot Reyes and
            Space Babes. ..................................................................................... 16

       G.   Request Nos. 78-88: Personnel and Vendor Files. ........................... 16

V.     The Court Should Deny Mattel's Request for Sanctions. ........................ 18

VI.    Conclusion. .............................................................................................. 20

EXHIBIT 49

PAGE 406

i

# TABLE OF AUTHORITIES

**Cases**                                                                 Page

*In re Cecconi,*
    2004 Bankr. LEXIS 1081, Case No. 02-50653, Chapter 304,
    Ancillary Proceeding Adv. Pro. No. 03-5024-ASW,
    (Bankr. N.D. Cal. May 21, 2004) ..................................................... 6

*Dolgow v. Anderson,*
    53 F.R.D. 661 (E.D.N.Y. 1971) ......................................................... 6

*McColm v. Restoration Group, Inc.,*
    2007 U.S. Dist. LEXIS 36478, No. CIV S-06-2707 MCE EFB PS,
    (E.D. Cal. May 18, 2007).................................................................... 6

*Rivera v. NIBCO, Inc.,*
    364 F.3d 1057 (9th Cir. 2004)............................................................ 6

*Thomas v. Baca,*
    2005 U.S. Dist. LEXIS 4780, Case No. CV04-08448 DDP (SHx),
    (C.D. Cal. Feb. 3, 2005)...................................................................... 18

**Statutes**

Fed. R. Civ. P. 26(b)(2) ............................................................................ 6

Fed. R. Civ. P. 37(a)(5)(i-iii)..................................................................... 18

EXHIBIT 49

PAGE 407

ii

1       Counter-defendants MGA Entertainment, Inc., Isaac Larian, MGA

2 Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively,

3 the "MGA Defendants") hereby submit this brief in opposition to Mattel, Inc.'s

4 Motion to Compel Production of Documents and Things by MGA and for Award of

5 Monetary Sanctions ("Motion to Compel").

6 **I.**     **PRELIMINARY STATEMENT.**

7       In an apparent attempt to prolong Phase 1 discovery *ad infinitum*, Mattel filed

8 fourteen discovery motions with the Discovery Master and the Court on the last day

9 of Phase 1 discovery. Although it would have been wise to scrutinize carefully the

10 merits of each motion before piling so many of them on to the Discovery Master's

11 already full plate, it is clear that Mattel did not. Otherwise, Mattel would not have

12 filed its improper and premature Motion to Compel with respect to its Third Set of

13 Requests for Production (the "Third Set").

14       There is no merit to Mattel's Motion to Compel. Contrary to Mattel's

15 assertions, MGA has already produced tens of thousands of pages of documents

16 responsive to the Third Set alone and agreed to search for and produced additional

17 responsive documents. The problem is not with the sufficiency of MGA's

18 production, but with the fact that Mattel deliberately drafted its document requests to

19 be as broad as possible and now refuses to reasonably limit those requests to relevant,

20 non-cumulative matter.

21       Compounding this problem is Mattel's unwillingness to allow discovery in

22 this case to proceed in an orderly and efficient manner. Indeed, despite the Court's

23 January 7, 2008 order staying Phase 2 discovery, Mattel refused to agree that MGA

24 could postpone production of documents responsive to Phase 2-related requests in

25 Mattel's Third Set. Instead, Mattel prematurely filed the instant motion, accusing

26 MGA of defying the Court's orders regarding Phase 2 discovery. In fact, it is

27

28 EXHIBIT __49__

1  Mattel—not MGA—that has acted inconsistent with the Court's rulings by
2  continuing to pursue Phase 2 discovery at this time.

3      Because Mattel's Motion to Compel is improper and premature, the MGA
4  Defendants respectfully request that the Discovery Master deny Mattel's motion.

5  **II.    STATEMENT OF FACTS.**

6          **A.    MGA Produced Millions of Pages of Documents in Response to
7                  Mattel's Thousands of Document Requests.**

8      Mattel's Third Set is one of more than a dozen sets of document requests that
9  Mattel has served on the MGA Defendants in this case. (Declaration of Andrew C.
10 Temkin ("Temkin Decl.") ¶ 2.) In total, Mattel has served more than 2,800
11 document requests on the parties, not to mention the more than seventy-five
12 subpoenas that Mattel has served on non-parties. (*Id.*)

13     In response to Mattel's many requests, MGA produced more than four million
14 pages of documents, the vast majority of which had been produced by November
15 2007. (Temkin Decl. ¶ 3.) MGA also produced for inspection more than 900
16 tangible items, most of which were made available for inspection in October 2007.
17 (*Id.*)

18     In contrast, Mattel has produced only about 900,000 pages of documents in
19 this case. Moreover, although this litigation is nearly four years old, Mattel waited
20 until January 2008—the last month of Phase 1 discovery—to produce more than 70
21 percent of its documents (about 640,000 pages of the total 900,000 pages). (Temkin
22 Decl. ¶ 4.)

23         **B.    Mattel Has Refused to Place Reasonable Limits on the Requests in
                   its Third Set.**

24     Mattel served its Third Set of Requests for Production on MGA on October 24,
25 2007. (Kidman Decl. Ex. 1.) The Third Set comprised 88 requests seeking
26 essentially all documents relating to the following:

27         (1)   25 lawsuits purportedly concerning Bratz and MGA's assertions
28               of rights relating to Bratz (Request Nos. 1-30);

2

MGA DEFENDANTS' OPPOSITION TO MATTEL INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC. AND AWARD FOR MONETARY
SANCTIONS

EXHIBIT  4/09
PAGE _____

(2)   MGA's use of the term "Jade" with MGA dolls or other products (Request No. 31);

(3)   Sandra Bilotto, sculptor of MGA's Prayer Angels dolls (Request Nos. 32-40);

(4)   Communications with and payments to Paula Garcia, who was involved in MGA's development of Bratz (Request Nos. 42, 76 & 77);

(5)   MGA's Scooter Samantha product (Request Nos. 43-55);

(6)   Scot Reyes and Space Babes, an unreleased MGA product (Request Nos. 56-75); and

(7)   All personnel and vendor files for more than 120 individuals (Request Nos. 78-88).

MGA served its objections and responses to the Third Set on November 26, 2007. (Kidman Decl., Ex. 2.) At that time, the MGA Defendants had already produced more than three million pages of documents to Mattel, including tens of thousands of pages that were responsive to requests in Mattel's Third Set. (Temkin Decl. ¶ 3.) For example, the MGA Defendants had already produced more than 14,000 pages of documents regarding other lawsuits relating to Bratz, including numerous declarations, exhibits, and pleadings. (*Id*.) Similarly, MGA had produced more than 40,000 pages of documents relating to Paula Garcia, including documents reflecting communications with and payments to Ms. Garcia. (*Id*.)

Between December 24, 2007, and January 9, 2008, the parties met and conferred regarding Mattel's Third Set. (Temkin Decl. ¶ 5.) During these discussions, MGA requested that Mattel agree to reasonable limitations to its document requests, particularly in view of the many thousands of responsive documents that MGA had already produced. (*Id*.; Kidman Decl. Ex. 5.) Mattel, however, refused to entertain any such limitations. (Temkin Decl. ¶ 5; Kidman Decl. Ex. 5.)

Nevertheless, in an effort to resolve the parties' disputes regarding the Third Set, MGA agreed that in addition to the numerous responsive documents that it

3

MGA DEFENDANTS' OPPOSITION TO MATTEL INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC. AND AWARD FOR MONETARY SANCTIONS

EXHIBIT ____

PAGE ____   410

1 previously produced to Mattel, MGA would produce certain additional responsive
2 documents. (Kidman Decl. Exs. 4 & 5.) Specifically, MGA agreed to produce
3 documents as follows:

4      As to Mattel's document request regarding the use of the term "Jade" (Request
5 No. 31), Mattel contended that responsive documents were relevant to show when
6 Bratz was created. (Kidman Decl. Ex. 3 at 7.) MGA therefore agreed to produce
7 responsive, non-privileged documents created prior to January 1, 2001. (Kidman
8 Decl., Ex. 4 at 61; Ex. 5 at 3.) Such documents were searched for and the results
9 were produced to Mattel on January 24, 2008. (Temkin Decl. ¶ 3.)

10      As to Mattel's requests regarding Sandra Bilotto (Request Nos. 32-42), Mattel
11 asserted that documents regarding her work on Prayer Angels were relevant to help
12 determine whether Anna Rhee had worked on Bratz or Prayer Angels prior to
13 October 2000. (Kidman Decl. Ex. 3 at 7.) Although MGA had already provided
14 responsive documents in responding to prior duplicative requests, MGA agreed to
15 search for and, to the extent found, produce the following additional materials
16 relating to Ms. Bilotto: documents relating to her work on Prayer Angels prior to
17 January 1, 2001; documents relating to payments to Ms. Bilotto for such work;
18 communications between Ms. Bilotto and Mr. Larian regarding Prayer Angels prior
19 to January 1, 2001; and tangible items provided to Ms. Bilotto relating to Prayer
20 Angels prior to January 1, 2001. (Kidman Decl. Ex. 4 at 66-79; Ex. 5 at 4.) MGA
21 searched for documents relating to Ms. Bilotto and her company Apollo Juno, and
22 the results of these searches were produced to Mattel on January 24, 2008. (Temkin
23 Decl. ¶ 3.)

24      As to Mattel's requests for personnel and vendor files (Request Nos. 78-88),
25 MGA agreed to produce non-privileged documents from certain individuals'
26 personnel and vendor files relating to work that they performed relating to Bratz
27 prior to January 1, 2001. (Kidman Decl. Ex. 4 at 132-54; Ex. 5 at 6.) The

28

4
MGA DEFENDANTS' OPPOSITION TO MATTEL INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC. AND AWARD FOR MONETARY
SANCTIONS

PAGE

EXHIBIT

411

1 | individuals were Maureen Mullen (née Chianese), Sandra Bilotto, Steve Linker,

2 | Veronica Marlow, Peter Marlow, Wendy Ragsdale, Billy Ragsdale, Sarah Halpern

3 | and Scot Reyes. (*Id.*)

### C. MGA Attempted to Stay Production of Documents Related to Phase 2 Issues Consistent with the Court's January 7, 2008 Order.

During the meet and confer process, MGA also sought Mattel's agreement to defer any production of documents relating to more than thirty requests because the requests concerned Phase 2 issues. (Kidman Decl. Exs. 4 & 5.) Mattel refused to agree based on the assertion that the Court had not stayed Phase 2 discovery.

The Court has made clear that Phase 2 discovery in this case is stayed. On January 7, 2008, the Court issued an order staying Phase 2 discovery with the exception of depositions of certain witnesses with knowledge relevant to both phases, whom the Court allowed to be deposed in February 2008 if the parties so stipulated and assured the Court that the depositions would not alter the Court's Phase 1 schedule. (Temkin Decl. Ex. 1 (1/7/08 Minute Order). *See also* Temkin Decl. Ex. 2 (1/7/08 Tr.) at 22:11 (stating that the Court is interested in trying to get the case on schedule).)

At a hearing on February 4, 2008, the Court reiterated that its January 7, 2008 order stayed Phase 2 discovery. (Temkin Decl. Ex. 3 (2/4/08 Tr.) at 8:23-11:3.) The Court also confirmed these rulings in a minute order dated February 4, 2008: "All discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court." (Temkin Decl. Ex. 4 at 3.) The Court further ordered that "[t]he Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial." (*Id.* at 4.)

### III. LEGAL STANDARD.

The Federal Rules of Civil Procedure require that document requests be tailored to relevant subject matter that is not unreasonably duplicative or cumulative

EXHIBIT

PAGE _____ 412

1  of other discovery and does not impose an undue burden on the responding party.

2  Fed. R. Civ. P. 26(b)(2). In particular, Rule 26 requires a court to limit the frequency

3  or extent of discovery if it determines that:

4      (i) the discovery sought is unreasonably cumulative or duplicative, or
5      can be obtained from some other source that is more convenient, less
       burdensome, or less expensive;

6      (ii) the party seeking discovery has had ample opportunity to obtain the
7      information by discovery in the action; or

8      (iii) the burden or expense of the proposed discovery outweighs its
       likely benefit, considering the needs of the case, the amount in
9      controversy, the parties' resources, the importance of the issues at stake
       in the action, and the importance of the discovery in resolving the issues.

10  Fed. R. Civ. P. 26(b)(2)(C); *see also In re Cecconi*, 2004 Bankr. LEXIS 1081, Case

11  No. 02-50653, Chapter 304, Ancillary Proceeding ADV. PRO. No. 03-5024-ASW, at

12  *2 (Bankr. N.D. Cal. 2004) (denying motion to compel documents because "Request

13  is duplicative of the earlier requests and superfluous."); *Dolgow v. Anderson*, 53

14  F.R.D. 661, 664 (E.D.N.Y. 1971) ("A trial court has a duty, of special significance in

15  lengthy and complex cases where the possibility of abuse is always present, to

16  supervise and limit discovery to protect parties and witnesses from annoyance and

17  excessive expense.").

18      Additionally, the Court should limit discovery where, as here, the propounding

19  party is attempting to engage in a wholesale fishing expedition. *See Rivera v.*

20  *NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone

21  the use of discovery to engage in 'fishing expeditions.'"); *McColm v. Restoration*

22  *Group, Inc.*, 2007 U.S. Dist. LEXIS 36478, No CIV S-06-2707 MCE EFB PS, at *26

23  (E.D. Cal. 2007) ("[D]iscovery may not be used to conduct a fishing expedition in

24  hopes that some fact supporting an allegation will be uncovered.'") (citation omitted).

25      As illustrated below, the Discovery Master has repeatedly found Mattel to be

26  engaged in such improper trawling and has rejected many of Mattel's document

27  requests as overbroad, unduly burdensome, and cumulative.

28

6

EXHIBIT

PAGE

4/3

1   • "Mattel's motion to compel Larian to produce all documents
       responsive to Request Nos. 80-81 is denied. These requests, as
2      drafted, are clearly overbroad because they have no reasonable
       limitations on subject matter or time." (Temkin Decl. Ex. 5
3      (12/31/07 Order) at 5.)

4   • "Mattel's motion to compel documents responsive to Request
       Nos. 113-115 is denied. The requests are overbroad because they
5      are not focused on relevant subject matter and are untethered to
       any claim or defense." (*Id.* at 8.)
6

7   • "Mattel's motion to compel documents responsive to Request
       Nos. 123-125 as drafted is denied. The requests are clearly
8      overbroad . . . without any subject matter limitations.
       Furthermore, these requests are unduly burdensome to the extent
9      they require production of documents that do not refer or relate to
       Bratz." (*Id.* at 9.)

10  • "Request Nos. 23, 24 and 41 are overbroad, unduly burdensome,
       cumulative, harassing and invade the right of privacy of Farhad
11     Larian and his family. Therefore, Mattel's motion to compel
       Farhad Larian to produce documents in response to the subpoena
12     is denied." (Temkin Decl. Ex. 6 (1/25/08 Order) at 19.)

13  • "Mattel's subpoena to Kaye Scholer is overbroad, unduly
       burdensome and cumulative. Therefore, Mattel's motion to
14     compel Kaye Scholer to produce documents responsive to the
       subpoena is denied." (*Id.* at 19-20.)
15
       As shown below, the document requests in Mattel's Third Set suffer from the
16
    same deficiencies and exemplify Mattel's refusal to draft requests properly tailored
17
    to relevant matter that is not duplicative or cumulative of other discovery.
18
    **IV.   THE COURT SHOULD DENY MATTEL'S MOTION TO COMPEL.**
19
          **A.   Request Nos. 1-30: Documents from Unrelated Litigations
20               Involving MGA Defendants.**

21        In Request Nos. 1 through 30, Mattel asks for virtually every scrap of paper

22  relating to MGA's assertion of rights relating to Bratz and to 25 different litigations

23  that Mattel terms the "BRATZ LAWSUITS." The lawsuits, all of which were

24  unrelated to this litigation, spanned more than seven years and involved more than

25  29 different parties. (Temkin Decl. ¶ 6.) For a variety of reasons, the Court should

26  deny Mattel's motion to compel with respect to these requests.

27     EXHIBIT ___49___
28                 ___414___        7

1   First, Mattel has failed to demonstrate how the expansive requests in its Third
2 Set are properly tailored to seek relevant information. The mere fact that Bratz was
3 the subject of separate and unrelated litigation between the MGA Defendants and
4 various third parties does not render every pleading, discovery response, order,
5 exhibit or other document relating to such litigation relevant to *this* action. In
6 addition, Mattel's definition of "BRATZ LAWSUITS" includes numerous cases that
7 had nothing to do with Bratz. (*Id.*) Those cases include *Kin Yat Industrial Co. Ltd. v.*
8 *MGA Entertainment (HK) Ltd.*; *Golden Bright Manufacturer Ltd. v. Sunlight*
9 *Electronic Toys*; *MGA Entertainment Inc. and Elliot Rudell trading as Rudell Design*
10 *v. Wealth Ocean Industrial Ltd.*; *MGA Entertainment (HK) Limited v. Leaves*
11 *Industries Limited*; *Queentex Company Limited v. MGA Entertainment (HK) Limited*;
12 and *MGA Entertainment (HK) Limited v. Queentex Company Limited.* (*Id.*)

13   Mattel's assertions as to the purported relevance of documents from other
14 litigation do not justify the expansive categories of documents requested. Mattel
15 contends that documents relating to other litigation are relevant to show what
16 positions MGA has previously taken regarding issues in this case such as the timing
17 of the creation of Bratz. (Mot. at 6-8.) A review of Mattel's requests, however,
18 reveals that they encompass every category of document that could possibly pertain
19 to the 25 BRATZ LAWSUITS, regardless of whether such documents might actually
20 relate to pertinent issues in this case. For example, Request No. 20 broadly seeks
21 "[a]ll DOCUMENTS produced or made available for inspection by YOU in the
22 BRATZ LAWSUITS." (Kidman Decl., Ex. 1 at Request No. 20.) Similarly, in other
23 requests, Mattel demands all interrogatory responses, court orders, proceeding
24 transcripts, and other documents from the BRATZ LAWSUITS, without imposing
25 any subject matter restriction. (*See id.* at Request Nos. 9-11 & 23.) Even as to those
26 requests that Mattel limits to documents that "REFER OR RELATE TO BRATZ,"
27 Mattel's limitation is one without substance because Mattel's expansive definition of
28

8

1  "REFER OR RELATE TO" effectively renders any document relating to a BRATZ
2  LAWSUIT a document that REFERS TO RELATES TO BRATZ. Thus, despite
3  Mattel's claim that it is only seeking documents from other Bratz-related litigation
4  that reflect MGA's positions regarding issues being litigated in this case, Mattel's
5  document requests are plainly directed at much broader categories of documents,
6  sweeping in substantial amounts of irrelevant matter.

7      Mattel's assertion that MGA has made the same relevance arguments in
8  seeking documents from Mattel regarding its prior litigations is incorrect.  (Mot. at 6.)
9  The document requests for which MGA was attempting to obtain Mattel's
10 compliance stand in stark contrast to Mattel's Request Nos. 1 through 30 because
11 MGA's requests were limited strictly to actual legal positions taken by Mattel in
12 certain other litigation and did not request every piece of paper associated with 25
13 different lawsuits.  (*Compare* Kidman Decl., Ex. 6 at Request Nos. 568 & 569 *with*
14 Kidman Decl., Ex 1 at Request Nos. 1-30.)

15      In addition to seeking irrelevant matter, Mattel's requests are unreasonably
16 cumulative of other discovery because Mattel previously requested and received
17 from MGA numerous documents regarding MGA's other litigation relating to Bratz,
18 as well as MGA's assertion of rights relating to Bratz.  For example, Request Nos.
19 37 and 38 of Mattel's First Set of Requests for Production to MGA sought all sworn
20 statements or testimony relating to Bratz.  (Temkin Decl. Ex. 7 at Requests 37 and
21 38.)  Similarly, Request Nos. 19 and 20 of Mattel's First Set of Requests re Claims
22 of Unfair Competition demanded that MGA produce all documents relating to
23 MGA's rights, including intellectual property rights, to Bratz and other MGA
24 products.  (Temkin Decl. Ex. 8 at Requests 19 and 20)

25      In response to those and other prior requests by Mattel, MGA produced
26 thousands of documents pertaining to its rights to Bratz and its prior Bratz-related
27 litigations. As of January 28, 2008, MGA had produced more than 20,000 pages of
28

9

MGA DEFENDANTS' OPPOSITION TO MATTEL INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC. AND AWARD FOR MONETARY
SANCTIONS
PAGE _____ 4 1 6

1  documents relating to more than a dozen other lawsuits, including numerous sworn
2  statements and testimony.[1]  (Temkin Decl. ¶ 6.)

3      Responding to Mattel's Request Nos. 1 through 30 also would impose an
4  unnecessary and undue burden on MGA.  The 25 BRATZ LAWSUITS comprise
5  approximately seven years of litigation, involve 29 parties and have resulted in the
6  generation or production of many documents and files.  (*Id.*)  Mattel's assertion that
7  files from these lawsuits should be easily accessible to MGA misses the point.  Even
8  if the files were accessible, Mattel's requests are so broad that they essentially cover
9  every file that may exist.  Moreover, because Mattel's requests implicate 25 different
10 litigations, vast amounts of responsive documents would be privileged and therefore
11 would need to be identified and logged in connection with MGA's responses to
12 Mattel's requests.  The extreme burden and cost to MGA of reviewing these
13 documents for responsiveness and privilege, as well as preparing a privilege log
14 covering seven years' worth of litigation documents from 25 separate lawsuits, far
15 outweighs any marginal relevance that the documents related to these litigations
16 might have, particularly given the substantial production of responsive documents
17 that MGA has already made.

18

19 _____

20 [1]   MGA previously produced documents regarding the following litigations: *Art
    *Attacks Ink, LLC v. MGA Entertainment, Inc.; MGA Entertainment v. Fun 4 All;*
21 *MGA Entertainment v. Ubisoft; McDonald's Corporation v. MGA Entertainment, Inc.*
    *f/k/a ABC International Traders; MGA Entertainment, Inc. v. Thomas Christopher*
22 *Joseph Metson; Karen Dudnikov, Michael Meadors v. MGA Entertainment, Inc.;*
    *MGA Entertainment, Inc. v. Multitoy, Inc., Yuan-Lan Liu, Jeff Wu dba TMC Toys, All*
23 *Toys Imports, Inc., Susan Liu, ToysDivision, Inc., Tom Liu, Does 1-20; MGA*
    *Entertainment Inc. v. Hunglam Toys Company Limited; Choy Kam Ying, Candy;*
24 *Kwok Yin Kwan, May; Kwok Chin Hun; MGA Entertainment Inc. formerly known as*
    *ABC International Traders, Inc. doing business as MGA Entertainment v. Toys &*
25 *Trends (Hong Kong) Limited, Cityworld Limited, Jurg Willi Kesselring; ABC*
    *International Traders, Inc. doing business as MGA Entertainment V. Qualiman*
26 *Industrial Company Limited; Prime Designs, Limited; MGA Entertainment Inc. &*
    *MGA Entertainment (H.K.) Limited V. Double Grand Corporation Limited; and*
27 *MGA Entertainment Inc. V. Hujnglam Toys Company Limited; and Larian v. Larian.*
    (Temkin Decl. ¶ 6.)

28

MGA DEFENDANTS' OPPOSITION TO MATTEL INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC. AND AWARD FOR MONETARY
SANCTIONS

PAGE _____  4/17

1      Because Mattel's Request Nos. 1 through 30 are not reasonably tailored to
2 seek relevant, non-cumulative documents, Mattel's motion to compel additional
3 responsive documents must be denied.

**B.    Request No. 31: Documents Relating to the Use of the Term "Jade" in Connection with any MGA Doll.**

     Mattel's Request No. 31 seeks all documents relating to the use of the term "Jade" in connection with any MGA doll or other product. Effectively conceding that this request, as drafted, is overly broad, Mattel now asserts that it only seeks such documents for the period prior to December 31, 2001. (Mot. at 8.) Notably, Mattel never made this offer during the parties' lengthy meet and confer process regarding the Third Set. In any event, MGA already searched for and produced the resulting responsive documents for the period prior to January 1, 2001. (Temkin Decl. ¶ 3.) Thus, the Court should deny Mattel's motion with respect to Request No. 31 because MGA has produced responsive documents and Mattel's revised version of the request is still overbroad.

     Requiring MGA to produce additional responsive documents for the period of January 1, 2001 to December 31, 2001, is unnecessary because, by Mattel's own admission, these documents are purportedly relevant only "to the issue of when MGA allegedly developed and created Bratz since one of the original Bratz dolls was named Jade." (Mot. at 8.) There is no dispute that by 2001, Bratz had already been created and was being developed. Thus, documents relating to the use of the term "Jade" in 2001 are irrelevant to the issue of and unnecessary to establish when Bratz was created or first developed.

     Because MGA has already produced responsive documents for the relevant time period, no further production should be ordered.

**C.    Request Nos. 32-41: Documents Relating to Sandra Bilotto.**

     In Request Nos. 32 through 41, Mattel demands a broad array of documents relating to Sandra Bilotto, the sculptor of an MGA product called Prayer Angels.

MGA DEFENDANTS' OPPOSITION TO MATTEL INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC. AND AWARD FOR MONETARY SANCTIONS

PAGE _____ 4/18

1  Mattel contends that these documents are relevant to show the timing of the creation
2  and development of Prayer Angels because there is an issue as to whether an MGA
3  vendor Anna Rhee worked on Bratz or Prayer Angels in the June-October 2000
4  timeframe. (Mot. at 9.) The Court should deny Mattel's Motion to Compel with
5  respect to these requests because they are overly broad and MGA has already
6  produced responsive documents.

7       First, no order to compel is warranted because MGA already searched for and
8  produced the resulting documents responsive to these requests for the period prior to
9  January 1, 2001—which is commensurate with the scope of purported relevance
10 articulated by Mattel. (Temkin Decl. ¶ 3.) In addition, in response to prior
11 document requests, MGA had already produced documents showing payments to and
12 invoices from Ms. Bilotto. (Id.)

13      To the extent Mattel seeks additional documents responsive to Request Nos.
14 32 through 41, Mattel's requests are overly broad and unduly burdensome because
15 they are not limited to the proper subject matter or time frame. Although Mattel
16 asserts that it only seeks documents relating to Ms. Bilotto's work on Prayer Angels
17 to help determine what Ms. Rhee was working on during the June-October 2000
18 timeframe, Mattel's requests demand much broader categories of documents. None
19 of the requests, for example, is limited to Ms. Bilotto's work on Prayer Angels. In
20 addition, several requests are not limited to the period prior to January 1, 2001.
21 (Kidman Decl., Ex. 1 Request Nos. 32-34 & 41.) All of the requests also begin with
22 the phrase "[a]ll documents" or a similarly broad phrase, even when it is clear that
23 "all documents" is grossly excessive. For example, Request Nos. 32 through 34 seek
24 all documents relating to when Ms. Billoto was first hired. If Mattel had made even
25 a modest effort to tailor its requests, it could have simply requested documents
26 sufficient to show when she was first hired.

27      EXHIBIT __4/9__
28      PAGE __4/9__        12

1   Mattel's claim that Ms. Rhee or anyone else at MGA worked on Bratz in the
2   June-October 2000 timeframe under the "codename" "Angel" is unfounded. (Mot. at
3   9.) Contemporaneous documents plainly show that MGA used the term "Angel" to
4   refer to Prayer Angels, not Bratz. (*See* Temkin Decl. Ex. 9 ( July 7, 2000 email
5   message with subject "angel photos" and attached photographs of Prayer Angel
6   Dolls); Ex. 10 (October 18, 2000 email message with photograph attached titled
7   "Angles_old_new.jpg" depicting Prayer Angel dolls).) MGA never referred to Bratz
8   using the name "Angel" or any other "codename." (*See* Temkin Decl. Ex. 11 at
9   185:9-14 (stating that Bratz was never known by a codename); Ex. 12 at 118:10-19
10  (stating that MGA did not use a codename for Bratz); Ex. 13 at 383:16-384:19
11  (stating that that Anna Rhee did not work on Bratz until the "end of the year 2000.").)
12       Mattel's Motion to Compel should be denied with respect to Request Nos. 36,
13  38, and 41 for the additional reason that they relate to issues that will be addressed in
14  Phase 2 of this action. As the Court held in its January 7, 2008 order and reiterated
15  at a February 4, 2008 hearing, all Phase 2 discovery is presently stayed. (Temkin
16  Decl. Ex. 4 at 4 ("Phase 2 discovery is STAYED until further order of the Court.
17  The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the
18  conclusion of Phase 1 of the trial.") Accordingly, Mattel's motion with regard to
19  these requests is premature and should not be considered at this time.[2]
20       Because Mattel's requests relating to Ms. Bilotto are overly broad, unduly
21  burdensome and cumulative, and in view of MGA's production of responsive
22  documents, the Discovery Master should deny Mattel's Motion to Compel.[3]
23  _____

24  [2]   Mattel does not dispute that Request Nos. 36, 38, and 41 concern Phase 2.
    Rather, it merely argues that MGA did not raise the objection in its original
25  responses and objections to the Third Set. However, because MGA served its initial
    responses and objections before the Court stayed Phase 2 discovery, MGA could not
26  have raised the issue at that time.

27  [3]   With regard to requests relating to Phase 2 issues, the Discovery Master
    should deny the motion without prejudice, preserving both parties' arguments
28                                                                              (cont'd)

MGA DEFENDANTS' OPPOSITION TO MATTEL INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC. AND AWARD FOR MONETARY
SANCTIONS

PAGE ___ 420

**D.** **Request Nos. 42, 76, and 77: Documents Relating to Paula Garcia.**

Mattel's Motion to Compel should also be denied with respect to its three requests for documents relating to payments from MGA to Paula Garcia and communications between Mr. Larian and her.

Request Nos. 76 and 77 seek "[a]ll DOCUMENTS that REFER OR RELATE TO" any payments by MGA to Ms. Garcia. (Kidman Decl. Ex. 1 at 24.) Mattel contends that "[e]vidence regarding MGA's payments to Ms. Garcia is relevant to issues of credibility and bias." (Mot. at 11.) MGA, however, has already produced documents sufficient to show what payments MGA has made to Ms. Garcia. (Temkin Decl. ¶ 3.) Mattel therefore has all the "evidence" it needs regarding MGA's payments to Ms. Garcia and does not also need every other piece of paper that makes any reference or relates in any way to such payments. Tellingly, Mattel offers no explanation as to why all those documents are relevant or necessary.

Mattel also seeks all communications between Mr. Larian and Ms. Garcia regarding Mattel, any Mattel doll or product, Carter Bryant, or Bratz. (Kidman Decl. Ex. 1 at 18 (Request No. 42); Mot. at 11.) Mattel asserts that such documents are relevant to the timing of the creation of Bratz and whether Ms. Garcia, a former Mattel employee, had shared confidential Mattel information with MGA while she was still employed by Mattel. (Mot. at 11.)

Mattel's document request, however, is not properly tailored to seek only the documents that Mattel claims to be seeking in its Motion to Compel. Rather, the request seeks every communication between Ms. Garcia and Mr. Larian *at any time*. Recent communications between Ms. Garcia and Mr. Larian, and even communications dating back several years, are unlikely to evidence when Bratz was created or whether Ms. Garcia shared confidential Mattel information with MGA

(cont'd from previous page)
regarding such requests, and should direct the parties to meet and confer again about the requests after Phase 2 discovery resumes.

14

MGA DEFENDANTS' OPPOSITION TO MATTEL INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC. AND AWARD FOR MONETARY SANCTIONS

PAGE_____ 421

1 while she was a Mattel employee. Similarly, requesting all communications
2 regarding Mattel and any Mattel product is not reasonably limited since it would
3 undoubtedly sweep in communications that have nothing to do with information that
4 Ms. Garcia may have acquired in the course of her employment with Mattel.

5 　　In addition, Mattel's request is improper at this time because Mattel
6 admittedly seeks communications between Ms. Garcia and Mr. Larian in connection
7 with its theft of trade secret allegations—a Phase 2 issue. Thus, the Court's orders
8 staying Phase 2 discovery provide an additional basis for denying Mattel's motion
9 with respect to this request.

10 　　Request No. 42 is also unreasonably cumulative of other discovery Mattel has
11 already obtained. MGA has produced to Mattel more than 40,000 pages of
12 documents relating to Ms. Garcia, including communications between her and Mr.
13 Larian. (Temkin Decl. ¶ 3.) Over the past three years, Mattel has also obtained vast
14 amounts of discovery from the MGA Defendants regarding communications and
15 other documents relating to Bratz, Mr. Bryant and Mattel. Mattel has served the
16 MGA Defendants with hundreds of document requests covering these subjects and
17 has received in response to its requests more than three million pages of responsive
18 documents. (Temkin Decl. ¶ 3; *see also* Temkin Decl. Ex. 7 (Mattel's First Set of
19 Requests for Production to MGA) at Request No. 32 ("ALL DOCUMENTS
20 prepared, written, transmitted or received (whether in whole or in part) prior to
21 January 1, 2001 that REFER OR RELATE TO BRATZ.") and Request No. 33
22 ("ALL DOCUMENTS that REFER OR RELATE TO BRATZ that REFER OR
23 RELATE TO any time prior to January 1, 2001 (regardless of when such document
24 was prepared, written, transmitted or received, whether in whole or in part).").)

25 　　Given the clear overbreadth of Mattel's requests and MGA's prior production
26 of responsive documents, the Court should deny Mattel's Motion to Compel.

27 　　EXHIBIT ___49___
28 　　PAGE ___422___

—15—

MGA DEFENDANTS' OPPOSITION TO MATTEL INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC. AND AWARD FOR MONETARY
SANCTIONS

**E.      Request Nos. 43-55: Documents Relating to Scooter Samantha.**

The Discovery Master should deny Mattel's Motion to Compel with respect to Request Nos. 43 through 55 because these requests relate to Phase 2 of this case. Request Nos. 43 through 55 seek various documents and things relating to MGA's Scooter Samantha product. Mattel contends that "[t]his information is relevant to Mattel's claim in this lawsuit that MGA has engaged in a pattern of stealing Mattel's trade secrets." (Mot. at 12.) There is no question that Mattel's trade secret claim is a Phase 2 issue.

Pursuant to the Court's January 7, 2008 and February 4, 2008 orders, all Phase 2 discovery is presently stayed. (Temkin Decl. Ex. 4 at 4 ("Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.") Accordingly, Mattel's motion with respect to these requests is premature and should not be considered at this time.

**F.      Request Nos. 56-75: Documents Relating to Scot Reyes and Space Babes.**

Mattel's Motion to Compel as to Request Nos. 56 through 75—which seek documents and things relating to Space Babes, an unreleased MGA product, and Scot Reyes, a former Mattel employee—also should be denied because these requests relate to Phase 2 issues. Mattel contends that documents responsive to these requests are relevant "to Mattel's defenses to MGA's unfair competition claim, as well as Mattel's RICO claims." (Mot. at 13.) As with Mattel's trade secret claim, all of these claims are Phase 2 issues. Accordingly, based on the Court's orders staying Phase 2 discovery, Mattel's motion with respect to these requests is premature and should not be considered at this time.

**G.      Request Nos. 78-88: Personnel and Vendor Files.**

In Requests Nos. 78 through 88, Mattel seeks personnel and vendor files for more than 120 people. Request Nos. 78 through 86 seek such files for Maureen

16

1 Mullen (née Chianese), Scot Reyes, Sandra Bilotto, Steve Linker, Veronica Marlow,
2 Peter Marlow, Wendy Ragsdale, Billy Ragsdale and Sarah Halpern. Request Nos.
3 87 and 88 seek such files for every MGA employee or vendor who ever worked for
4 Mattel. The Discovery Master should deny Mattel's Motion to Compel as to these
5 requests because most of the documents sought relate to Phase 2 issues and, as to the
6 documents relating to Phase 1 issues, MGA agreed to search for and, to the extent
7 found, produced responsive documents.

8    In response to prior document requests served by Mattel, MGA has already
9 produced tens of thousands of pages of documents relating to all of the MGA
10 personnel and vendors identified in Request Nos. 78 through 86. (Temkin Decl. ¶ 3.)
11 Additionally, in connection with the parties' meet and confer regarding the Third Set,
12 MGA agreed to search for and, to the extent found, produced non-privileged
13 documents from the personnel and vendor files of the individuals identified in
14 Request Nos. 78 through 86 to the extent such documents related to work that the
15 individuals performed relating to Bratz prior to January 1, 2001. (Kidman Decl., Ex.
16 4 at 132-54; Ex. 5 at 6.)

17    Mattel contends that MGA's limitation is too narrow and excludes documents
18 that may be relevant to MGA's alleged access to and/or theft of Mattel's intellectual
19 property and trade secrets. (Mot. at 13-14.) Mattel's assertion is without merit.
20 MGA has properly limited its responses to Request Nos. 78 through 86 to documents
21 bearing on Phase 1 issues. MGA's limitation is also reasonable given that Mattel
22 explicitly states that it seeks discovery from the personnel and vendors identified in
23 these requests because they "hav[e] knowledge regarding the conception, creation,
24 and development of Bratz and the timing thereof ..." (Mot. at 13). Documents that
25 may pertain to Mattel's trade secret theft allegations concern issues to be litigated in
26 Phase 2 of this case. Accordingly, in addition to their numerous other defects,

27    EXHIBIT __49__
28    PAGE __424__      17

1 | Mattel's requests for such documents are improper at this time in view of the Court's
2 | order staying Phase 2 discovery.

3 |      With respect to Request Nos. 87 and 88, the Discovery Master should deny
4 | Mattel's motion because these requests relate to Phase 2 issues. The requests seek
5 | the personnel and vendor files for 114 persons that Mattel claims have performed
6 | work for both MGA and Mattel. Mattel asserts that it seeks these files because they
7 | "may provide information relevant to Mattel's allegations that MGA has engaged in
8 | a pattern of stealing Mattel's trade secrets and confidential information .... This
9 | goes to the unfair competition claims in this action, as well as Mattel's RICO
10 | claims." (Mot. at 14.) Thus, as conceded by Mattel, these requests relate solely to
11 | Phase 2 issues. Accordingly, Mattel's motion with respect to these requests is
12 | premature and should not be considered at this time.

13 | **V.    THE COURT SHOULD DENY MATTEL'S REQUEST FOR**
14 |       **SANCTIONS.**

15 |      The Discovery Master should deny Mattel's request for sanctions because any
16 | such award would be unjust under the circumstances and Mattel has failed to show
17 | any "bad faith, improper motive, or reckless disregard of the duty owed to the court"
18 | by MGA. *Thomas v. Baca*, 2005 U.S. Dist. LEXIS 4780, Case No. CV04-08448
19 | DDP (SHx), at *7 (C.D. Cal. Feb. 3, 2005) (citation omitted); *see also* Fed. R. Civ. P.
20 | 37(a)(5)(i-iii).

21 |      Contrary to Mattel's assertions, MGA did not stonewall Mattel responding to
22 | the Third Set or in meeting and conferring with Mattel. Far from being mere
23 | "boilerplate," MGA's objections to the Third Set are valid objections that clearly
24 | identify the numerous deficiencies with Mattel's requests.[4] Moreover, MGA made

25 |
26 |     [4]     For example, MGA's objections on privacy grounds, reasonably limited to the
extent that the Requests implicate such interests, are justified. *See, e.g.*, Sep. Stmt. at
27 | 3, 17, 18, 136. In its motion, Mattel argues that objections based on privacy grounds
"should be dismissed in light of the Protective Order in this lawsuit, which the
28 | Discovery Master has repeatedly deemed sufficient to alleviate the parties'
                              *(cont'd)*

18
MGA DEFENDANTS' OPPOSITION TO MATTEL INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC. AND AWARD FOR MONETARY
SANCTIONS

PAGE _____ 425

1  reasonable, good faith efforts to resolve the parties' issues regarding the Third Set,

2  including agreeing to search for and produce numerous categories of documents in

3  addition to the tens of thousands of responsive documents that MGA previously

4  produced. In contrast, Mattel was unwilling to make any reasonable concessions

5  during the meet and confer process, insisting as to most of its requests that MGA

6  produce all documents responsive to the requests as drafted, even those requests

7  dealing with Phase 2 issues. (Temkin Decl. ¶ 5.)

8      Mattel's unyielding approach and its unwarranted filing of this Motion to

9  Compel (one of 14 discovery motions filed by Mattel on January 28, 2008) have

10  wasted both the Discovery Master's and the parties' time. If anything, it is Mattel's

11  conduct that, "viewed objectively, manifests either intentional or reckless disregard

12  of the attorney's duty to the court." (Mot. at 17 (citing *RTC v. Dabney*, 73 F.3d 262,

13  265 (10th Cir. 1995) (citation omitted).) Mattel's request for sanctions amounts to

14  little more than another tactic to distract from its own faults and must be denied

15  accordingly.

16

17

18

19

20

21

22

23

24

25  (cont'd from previous page)
    confidentiality concern." Motion to Compel at 15. However, the Discovery Master
26  has determined that "[w]hen a privacy right is asserted as an objection to discovery,
    the court must balance the need for the information versus the privacy right
27  asserted." (Temkin Decl. Ex. 6 (1/25/08 Infante Order) at 12.) Indeed, Mattel has
    frequently asserted privacy objections in response to MGA's document requests.

28

19

MGA DEFENDANTS' OPPOSITION TO MATTEL INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC. AND AWARD FOR MONETARY
SANCTIONS

PAGE _____

## VI.   CONCLUSION.

For the foregoing reasons, Mattel's Motion to Compel Production of Documents and Things by MGA Entertainment, Inc. and Award for Monetary Sanctions should be denied.

DATED: February 7, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____ /s/ Raoul D. Kennedy _____
         Raoul D. Kennedy

Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, and MGAE de MEXICO S.R.L. de C.V.

EXHIBIT 49

PAGE 427

20

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, CA  90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:     tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, Suite 3800
   San Francisco, CA  94111
7  Telephone:  (415) 984-6400
   Facsimile:  (415) 984-2698
8  E-mail:     rkennedy@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11                  UNITED STATES DISTRICT COURT

12                 CENTRAL DISTRICT OF CALIFORNIA

13                        EASTERN DIVISION

14

15 | CARTER BRYANT, an individual | ) | CASE NO. CV 04-9049 SGL (RNBx) |

16 |             Plaintiff, | ) | Consolidated with Case No. 04-9059 and Case No. 05-2727 |

17 |     v. | ) | |

18 | MATTEL, INC., a Delaware corporation | ) | **DISCOVERY MATTER** |

19 |             Defendant. | ) | **PROOF OF SERVICE** |

20

21 | Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | ) | **Phase 1:** Discovery Cut-Off:   January 28, 2008 |

22 | | ) | Pre-Trial Conference: May 5, 2008 Trial Date:         May 27, 2008 |

23

24

25

26  EXHIBIT  49

27  PAGE  428

28          2-7-08

PROOF OF SERVICE                                    NO. CV 04-9049 SGL (RNBx)

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071.

On **February 7, 2008,** I served the foregoing documents described as:

**SEE ATTACHED DOCUMENT LIST**

on the interested parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

(X)   (BY PERSONAL SERVICE)   ☒   By personally delivering copies to the person served. (FEDERAL)

☒   I caused such document to be hand delivered to the above addressees. (FEDERAL)

(X)   (BY FEDERAL EXPRESS)

( )   (BY ELECTRONIC MAIL)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **February 7, 2008,** in San Francisco, California.

_____          _____
Matthew Bowman                              SIGNATURE
PRINT NAME

EXHIBIT ___49___

PAGE ___429___

PROOF OF SERVICE                    2                    NO. CV 04-9049 SGL (RNBx)

1

## DOCUMENT LIST

2  (1)   MGA DEFENDANTS' OPPOSITION TO MATTEL, INC.'S MOTION TO
3  COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA
   ENTERTAINMENT, INC. AND AWARD FOR MONETARY SANCTIONS;
4

5  (2)   MGA ENTERTAINMENT, INC.'S SEPARATE STATEMENT IN
   SUPPORT OF THEIR OPPOSITION TO MATTEL, INC.'S MOTION TO
6  COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA
   ENTERTAINMENT, INC. AND FOR AWARD OF MONETARY SANCTIONS;
7

8  (3)   DECLARATION OF ANDREW C. TEMKIN IN SUPPORT OF MGA
   DEFENDANTS' OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL
9  PRODUCTION OF DOCUMENTS AND THINGS BY MGA ENTERTAINMENT,
10 INC. AND AWARD FOR MONETARY SANCTIONS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   EXHIBIT _49_

27   PAGE _430_

28

3

PROOF OF SERVICE                                      NO. CV 04-9049 SGL (RNBx)

## SERVICE LIST

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
John Quinn, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
(213) 443-3100 (Fax)

Attorneys for Mattel, Inc
[Personal Service]

Mark E. Overland, Esq.
Alexander H. Cote, Esq.
David C. Scheper, Esq.
Overland Borenstein Scheper & Kim
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071
(213) 613-4655
(213) 613-4656

John Trinidad, Esq.
John Keker, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400
(415) 397-7188 (Fax)

Attorneys for Carter Bryant
[Federal Express]

EXHIBIT 49

PAGE 431

4

PROOF OF SERVICE

NO. CV 04-9049 SGL (RNBx)

# EXHIBIT 50

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7665
EMAIL: AKHAN@GLASERWEIL.COM

**RECEIVED**

APR 0 2 2009

**Ħ** MERITAS LAW FIRMS WORLDWIDE

April 2, 2009

**VIA EMAIL AND HAND DELIVERY**

Jon D. Corey, Esq.
QUINN, EMANUEL, URQUHART,
OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

      Re:   *Bryant v. Mattel, Inc. and Consolidated Actions*
           U.S.D.C. Eastern Division, Case No. CV04-09049 SJL(RNBx)

Dear Jon:

      Enclosed is an additional disk containing the MGA Parties' further production of documents responsive to Request for Production No. 48 (Set One), and Request Nos. 43-75 (Set Three) (Bates Numbered MGA2 0039085 – 0040153). These documents are being produced pursuant to the agreement reached during the parties' February 6, 2009 meet and confer session.

      MGA will be producing additional documents on Monday, April 6, 2009, which will complete the production.

                  Very truly yours,

                  Amman Khan
        of GLASER, WEIL, FINK, JACOBS
           & SHAPIRO, LLP

AMM/rs

cc:    Joel N. Klevens, Esq.
       Jason Russell, Esq.
       Patricia Benson, Esq.

EXHIBIT __50__
PAGE __432__

672035



EXHIBIT __50__

PAGE __433__

# EXHIBIT 51

## Tiffany Garcia

**From:** Jon Corey
**Sent:** Monday, February 09, 2009 1:11 PM
**To:** MGA / Bryant Team
**Subject:** FW: Stipulation and Proposed Order re Renewed Motion to Compel
**Attachments:** Stipulation and Proposed Order.pdf

Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

**From:** Richard Stoll [mailto:rstoll@glaserweil.com]
**Sent:** Monday, February 09, 2009 12:39 PM
**To:** Jon Corey
**Cc:** Amman Khan; Joel Klevens; Benson, Patricia; Russell, Jason D; Nicole Pelletier
**Subject:** Stipulation and Proposed Order re Renewed Motion to Compel

Jon,

Further to the parties' meet and confer last Friday, please find attached a Stipulation and Proposed Order concerning Mattel's Renewed Motion to Compel Production of Documents, filed on January 26, 2009, and MGA's agreement to produce documents. Please execute and return as soon as possible. Thanks.

Rich

**Richard G. Stoll | Glaser, Weil, Fink, Jacobs & Shapiro LLP**
10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067
main: 310.553.3000 | direct: 310.556.7812 | fax: 310.556.2920 | rstoll@glaserweil.com

This message and any attached documents may contain information from the law firm of Glaser, Weil, Fink, Jacobs & Shapiro, LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

2/9/2009

EXHIBIT 51
PAGE 434

1  Patricia L. Glaser, State Bar No. 055668
   Joel N. Klevens, State Bar No. 045446
2  GLASER, WEIL, FINK, JACOBS
     & SHAPIRO, LLP
3  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
4  Telephone: (310) 553-3000
   Facsimile: (310) 556-2920
5
   Attorneys for MGA ENTERTAINMENT, INC., ISAAC
6  LARIAN, MGA ENTERTAINMENT (HK) LIMITED,
   and MGAE de MEXICO S.R.L. de C.V.
7
   John B. Quinn, State Bar No. 090378
8  Michael T. Zeller, State Bar No. 196417
   QUINN EMANUEL URQUHART OLIVER &
9  HEDGES, LLP
   865 South Figueroa Street - 10th Floor
10 Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
11 Facsimile:  (213) 443-3100

12 Attorneys for Mattel, Inc.

13

14                 UNITED STATES DISTRICT COURT

15               CENTRAL DISTRICT OF CALIFORNIA

16                       EASTERN DIVISION

17

18 CARTER BRYANT, an individual,        Case No. CV 04-9049 SGL (RNBx)

19                 Plaintiff,           Consolidated with Case No. 04-9059 and
                                        Case No. 05-2727
20            v.
                                        STIPULATION OF MGA PARTIES
21 MATTEL, INC., a Delaware             TO PRODUCE DOCUMENTS
   Corporation,                         RESPONSIVE TO MATTEL'S
22                                      JANUARY 26, 2009 RENEWED
                  Defendant.            MOTION TO COMPEL
23                                      PRODUCTION OF DOCUMENTS,
                                        AND FOR MATTEL TO
24 AND CONSOLIDATED CASES               WITHDRAW ITS MOTION; AND

25                                      [PROPOSED] ORDER

26

27

28

666411

EXHIBIT __51__

PAGE __435__

1    WHEREAS, on January 26, 2009, Mattel, Inc. filed its Renewed

2  Motion to Compel Production of Documents and Things By MGA Entertainment,

3  Inc. (the "Renewed Motion"), which sought production of documents responsive to

4  Document Request No. 48 (from Mattel's First Set of Requests for Production), and

5  Request Nos. 43-75 and 87-88 (from Mattel's Third Set of Requests for

6  Production);

7    WHEREAS, thereafter on February 6, 2009, counsel for Mattel, Inc.

8  and counsel for MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., MGAE

9  de México, S.R.L. de C.V., and Isaac Larian (the "MGA Parties") met and

10  conferred on the Document Requests at issue in Mattel's Renewed Motion,

11    WHEREAS, out of these meet and confer efforts, the MGA Parties

12  agreed to produce within thirty (30) days: (1) all non-privileged documents

13  responsive to Request No. 48 (First Set) for the twelve individuals identified by

14  Mattel in its Renewed Motion; (2) all non-privileged documents responsive to

15  Request Nos. 43-55 (Third Set) concerning "Scooter Samantha"; (3) all non-

16  privileged documents responsive to Request Nos. 56-72 (Third Set) concerning

17  "Space Babes"; and (4) all non-privileged documents responsive to Request Nos.

18  73-75 (Third Set) concerning Scot Reyes.

19    NOW, THEREFORE, the MGA Parties and Mattel, Inc., by and

20  through their respective counsel of record, and subject to the Discovery Master's

21  approval, hereby stipulate and agree that:

22    As detailed above, the MGA Parties shall produce on March 9, 2009,

23  all non-privileged documents responsive to (1) Request No. 48 (First Set) for the

24  twelve individuals identified by Mattel in its Renewed Motion, (2) Request Nos.

25  43-55 (Third Set), (3) Request Nos. 56-72 (Third Set), and (4) Request Nos. 73-75

26  (Third Set).

27    It is further stipulated and agreed that Mattel, Inc. shall take its

28  Renewed Motion (currently pending before the Discovery Master) off-calendar.

666411                                    - 2 -          STIPULATION RE MATTEL'S JANUARY
                                                         26, 2009 RENEWED MOTION TO COMPEL

EXHIBIT 51

PAGE 436

1

2          IT IS SO STIPULATED.

3     Dated:        February 9, 2009        GLASER, WEIL, FINK, JACOBS &
                                            SHAPIRO, LLP
4

5                                           By:_____
6                                                 Amman Khan
                                            Attorneys for MGA Entertainment, Inc.,
7                                           MGA Entertainment (HK) Ltd., MGAE
                                            de México, S.R.L. de C.V. and Isaac
8                                           Larian

9     Dated:        February 9, 2009        QUINN EMANUEL URQUHART
                                            OLIVER & HEDGES, LLP
10

11

12                                          By:_____
                                                  Jon D. Corey
13                                          Attorneys for Mattel, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

666411                               - 3 -          STIPULATION RE MATTEL'S JANUARY
                                                    26, 2009 RENEWED MOTION TO COMPEL

EXHIBIT ___51___

PAGE ___437___

**[PROPOSED] ORDER**

The foregoing stipulation concerning the MGA Parties' production of documents and Mattel, Inc.'s Renewed Motion is GRANTED as follows:

1.  The MGA Parties shall produce all non-privileged documents responsive to Document Request No. 48 (First Set), and Request Nos. 43-75 (Third Set), by March 9, 2009; and

2.  Mattel, Inc.'s Renewed Motion to Compel Production of Documents and Things, filed on January 26, 2009, is off-calendar.

IT IS SO ORDERED.

Dated: _____          _____
                                    Robert C. O'Brien
                                    Discovery Master

666411                        - 4 -          STIPULATION RE MATTEL'S JANUARY
                                             26, 2009 RENEWED MOTION TO COMPEL

EXHIBIT _51_

PAGE _4/38_

# EXHIBIT 52

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**