# EXHIBIT 4

RECEIVED

1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@ glaserweil.com
3  GLASER, WEIL, FINK, JACOBS
     & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone:  310-553-3000
6  Facsimile:  310-556-2920

7  Russell J. Frackman, State Bar No. 049087
   rjf@msk.com
8  MITCHELL, SILBERBERG & KNUPP, LLP
   11377 West Olympic Boulevard
9  Los Angeles, California 90064
   Telephone:  310-312-2000
10 Facsimile:  310-312-3100

11 Attorneys for the MGA Parties For Phase Two

12              UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14                    EASTERN DIVISION

15
   CARTER BRYANT, an individual       )   Case No. CV 04-9049 SGL (RNBx)
16                                     )
              Plaintiff,               )   Consolidated with
17                                     )   Case No. 04-09059
   v.                                  )   Case No. 05-02727
18                                     )
   MATTEL, INC., a Delaware            )   **DISCOVERY MATTER**
19 Corporation                         )
                                       )   **MGA'S OPPOSITION TO**
20            Defendant.               )   **SEPARATE STATEMENT IN**
                                       )   **SUPPORT OF MATTEL, INC.'S**
21 _____ )   **RENEWED MOTION TO COMPEL**
                                       )   **PRODUCTION OF DOCUMENTS**
22 AND CONSOLIDATED ACTIONS            )   **AND THINGS BY MGA**
                                       )   **ENTERTAINMENT, INC. AS**
23                                     )   **CALLED FOR BY MATTEL'S**
                                       )   **FIRST SET OF RFPS NO. 48, AND**
24                                     )   **THIRD SET OF RFPS NOS. 43**
                                       )   **THROUGH 75, 87 AND 88**
25                                     )
                                       )
26                                     )
                                       )   Date:    To be set
27                                     )   Time:    To be set
                                       )   Place:   To be set
28                                     )

666557

**CONSOLIDATED SEPARATE STATEMENT**

The MGA Parties respectfully submit this consolidated Separate Statement in opposition to Mattel's Renewed Motion to Compel Production of Documents and Things by MGA.  For the Discovery Master's convenience, this Separate Statement includes the text of each Request at issue, MGA's objections or responses, a short discussion of why Mattel believes MGA should be compelled to produce documents responsive to Mattel's requests, and MGA's arguments in opposition.

As set forth in the MGA Parties' Opposition filed concurrently herewith, the vast majority of the Requests for Production at issue in Mattel's Renewed Motion are no longer at issue as the MGA Parties agreed to produce all non-privileged documents responsive to Request No. 48 (Set One) (with respect to the 12 individuals identified by Mattel in its Renewed Motion), and Request Nos. 43-75 (Set Three).  Thus, the only two Requests in dispute are Request Nos. 87 and 88.

**REQUEST FOR PRODUCTION NO. 48:**

All non-privileged COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE TO this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein.  MGA also specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, that it would extend to any communication between anyone at MGA and any other person referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to this litigation, without regard to whether such communications are at all relevant to any claim or defense at issue herein.  MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every

666557

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  communication that any of its hundreds of employees may have had with any other

2  person referring or relating to this action.  MGA also objects to this request on the

3  grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any

4  way limited as to the persons involved in the communications or as to time.  MGA

5  also objects to this request on the grounds that it seeks information in violation of the

6  right of privacy.  MGA also objects to this request on the grounds that it seeks

7  confidential, proprietary or commercially sensitive information, the disclosure of

8  which would be inimical to the business interests of MGA.  MGA also objects to this

9  request to the extent it calls for the disclosure by the work-product doctrine, joint

10  defense or common interest privilege, or other privilege.

11      Subject to the foregoing, MGA will not produce documents in response to this

12  request.

## MATTEL'S REASONS WHY FURTHER RESPONSE TO REQUEST NO. 48 SHOULD BE COMPELLED

15      Mattel's Request No. 48 seeks MGA's communications regarding this action

16  with twelve specific individuals who are either named defendants involved with the

17  theft of Mattel's trade secrets or who are likely have knowledge about such actions by

18  others.  As set forth more fully in Mattel's Renewed Motion to Compel, each of these

19  individuals has knowledge of Mattel's Phase 2 claims.[1]

20      The Discovery Master previously ruled, communications about the case with

21  knowledgeable witnesses are relevant and discoverable.  The communications Mattel

22  seeks are unquestionably relevant to Mattel's theft of trade secrets and RICO claims

23  and should be produced.[2]  Each of these individuals was either directly involved or is

24  likely to have knowledge of the events in question.  Moreover, because Request

25  No. 48 is by its terms limited to communications referring or relating to this action,

26  there is not just "a decent chance," but a virtual certainty, that responsive documents

27      [1] See Mattel's Renewed Motion to Compel at Part II.
        [2] They are also relevant to the development of Mattel's defenses in Phase 2. As the Discovery Master
28  previously noted "[a]ny proof of trade secret theft is also relevant to Mattel's defenses against MGA's unfair competition
666557  claims." January 25, 2007 Discovery Master's Order, at 14, Krug Decl., Ex. 31.

2

1  will permit Mattel to "use the information it uncovers either as evidence or to help

2  find evidence." Bernstein, 447 F. Supp. 2d at 1105.  For this reason,, courts

3  consistently uphold similar requests for production.  See, e.g., Steinbach v. Credigy

4  Receivables, Inc., 2006 WL 1007272, at *9 (E.D. Ky. Apr. 14, 2006) (overruling

5  defendants' objections to requests for production for all "internal communications

6  with respect to Plaintiff, . . . [the] lawsuit, or the claims in [the] [Amended]

7  Complaint"); Aiken v. Rimkus Consulting Group, Inc., 2007 WL 1101210, at *1-2

8  (S.D. Miss. Apr. 4, 2007) (permitting plaintiff to discover all "communications" and

9  "correspondence" relating to its claim against defendant).  The Court should do the

10 same here.

11 **MGA'S OPPOSITION TO MATTEL'S REASONS WHY FURTHER**

12 **RESPONSE TO REQUEST NO. 48 SHOULD BE COMPELLED**

13      As set forth in the MGA Parties' Opposition filed concurrently herewith, this

14 Request for Production is no longer at issue as the MGA Parties agreed to produce all

15 non-privileged documents responsive to this Request, with respect to the 12

16 individuals identified in Mattel's Renewed Motion.  Accordingly, the Renewed

17 Motion is moot as to this Request.

18

19 **REQUEST FOR PRODUCTION NO. 87:**

20      To the extent not produced in response to any other Request for Production, all

21 personnel and vendor files for each person identified in Exhibit 664 (bearing Bates

22 numbers MGA 0868630-31).[3]

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

24      MGA incorporates by reference its General Response and General Objections

25 above, as though fully set forth herein.  MGA further objects to the request to the

26 extent it seeks the production of documents that are protected from disclosure under

27 any applicable privilege, doctrine or immunity, including without limitation the

28

666557

[3] Exhibit 664 is attached to the concurrently filed Krug Declaration.

1  attorney-client privilege, the work product doctrine, the right of privacy, and all other

2  privileges recognized under the constitutional, statutory or decisional law of the

3  United States of America, the State of California or any other applicable jurisdiction.

4  MGA further objects to this request on the grounds that it is vague and ambiguous in

5  its use of the terms "personnel and vendor files." MGA further objects to this request

6  on the grounds that it is overly broad and unduly burdensome in that it seeks

7  documents not relevant to the claims or defenses in this action and not reasonably

8  calculated to lead to the discovery of admissible evidence. Mattel has not

9  demonstrated how *all* personnel and vendor files for each person identified in Exhibit

10  664 could be relevant to the claims and defenses in this action, let alone established

11  that the relevancy of these documents outweighs the individual's fundamental right of

12  privacy. MGA further objects to the request as oppressive, unduly burdensome and

13  harassing given the number of individuals listed in Exhibit 664. The request is not

14  limited to the subject matter of this action and requires disclosure of private,

15  confidential documents that are not relevant to this action, and is thus impermissibly

16  overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further

17  objects to this request as being overly broad and unduly burdensome on the grounds

18  that it is not limited in time. MGA further objects to the request to the extent it seeks

19  confidential, proprietary or commercially sensitive information, the disclosure of

20  which would be inimical to the business interests of MGA. MGA further objects to

21  the request to the extent it violates the privacy rights of third parties to their private,

22  confidential, proprietary or trade secret information. Such information may also be

23  subject to protective orders governing other litigations thereby precluding disclosure

24  in response to this request. MGA further objects to this request as cumulative,

25  duplicative, and unduly burdensome to the extent that it seeks documents previously

26  requested by Mattel or produced by MGA in response to Mattel's document requests.

27

28

666557

**REQUEST FOR PRODUCTION NO. 88:**

To the extent not produced in response to any other Request for Production, all personnel and vendor files for each person who has worked as an employee of or vendor for YOU and who also has been at any time an employee of or vendor for MATTEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "personnel and vendor files." MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how all personnel and vendor files for each person who has worked as an employee of or vendor for MGA and who also has been at any time an employee of or vendor for MATTEL could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to the request as vague and ambiguous, oppressive, unduly burdensome and harassing given the number of individuals who may worked as an employee or vendor for both MGA and Mattel in their lifetime. The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-283-3600

1  Order at 21:5-7.  MGA further objects to this request as being overly broad and

2  unduly burdensome on the grounds that it is not limited in time.  MGA further objects

3  to the request to the extent that it seeks documents not in MGA's possession, custody

4  or control.  MGA further objects to the request to the extent it seeks confidential,

5  proprietary or commercially sensitive information, the disclosure of which would be

6  inimical to the business interests of MGA.  MGA further objects to the request to the

7  extent it violates the privacy rights of third parties to their private, confidential,

8  proprietary or trade secret information.  Such information may also be subject to

9  protective orders governing other litigations thereby precluding disclosure in response

10  to this request.

11      MGA further objects to this request as cumulative, duplicative, and unduly

12  burdensome to the extent that it seeks documents previously requested by Mattel or

13  produced by MGA in response to Mattel's document requests, including, but not

14  limited to:  Request Nos. 79-89 from Mattel's First Set of Requests for Production of

15  Documents and Tangible Things to MGA, and Request No. 60 from Mattel, Inc.'s

16  First Set of Requests for Documents and Things re Claims of Unfair Competition to

17  MGA Entertainment, Inc., and Request No. 201 from Mattel's First Set of Requests

18  for Documents and Things to Isaac Larian.

19  **MATTEL'S REASONS WHY FURTHER RESPONSE TO REQUEST NOS. 87**

20  **AND 88 SHOULD BE COMPELLED**

21      Mattel's Request Nos. 88 and 87 seek production of documents from MGA's

22  personnel or vendor files for former Mattel employees.  These files contain

23  information that is either relevant or reasonably calculated to lead to the discovery of

24  admissible evidence regarding MGA's theft of trade secrets and its interference

25  with Mattel's employees' continued duties to Mattel.  As set forth more fully in

26  Mattel's Renewed Motion to Compel, MGA has—as an active part of its recruitment

27  of Mattel employees—encouraged Mattel employees to abscond with Mattel's

28

666557

**OPPOSITION TO SEPARATE STATEMENT**

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  confidential information.[4]  (Indeed for some employees, this is likely the sole reason

2  that they were recruited.)  As such, the back-and-forth communications documenting

3  the recruitment process and their hiring, including the terms and conditions (salaries,

4  bonus, etc.) are unquestionable relevant to Mattel's allegation that MGA overpaid or

5  paid above market salaries, bonuses, etc. to those Mattel employees that left with

6  Mattel trade secrets.[5]  This type of information is contained in MGA's personnel files;

7  therefore, the files should be produced.

8       Throughout Phase 1 discovery, the Discovery Master recognized that the

9  personnel files of MGA employees could have relevant information and ordered such

10  files produced.[6]6 The April 14 Order was no different:  the Discovery Master ordered

11  MGA to produced personnel files relevant to certain Phase 1 issues, but denied it with

12  regard to Phase 2 because of the stay that was then—but is no longer—in effect.[7]

13

14  <u>**MGA'S OPPOSITION TO MATTEL'S REASONS WHY FURTHER**</u>

15  <u>**RESPONSE TO REQUEST NOS. 87 AND 88 SHOULD BE COMPELLED**</u>

16      **A.**    **MATTEL DID NOT MEET AND CONFER PRIOR TO FILING**

17            **ITS MOTION.**

18       Mattel filed its Renewed Motion on January 26, 2009, without meeting and

19  conferring, in violation of FRCP 37-1.  This fact alone warrants denial of Mattel's

20  motion.

21       The MGA Parties anticipate that Mattel will argue that it satisfied its meet and

22  confer obligations because it met and conferred over a year ago with respect to the

23  two motions that now have been consolidated in the current Renewed Motion.  That is

24  no answer.  First, MGA's current lead counsel, the Glaser Weil firm, was not

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

25      [4] See Mattel's Renewed Motion to Compel at Part III.

    [5] The "recruitment" of Machado, Trueba and Vargas, for example, entailed a vast and surprising exchange of

26  Mattel's confidential information.  See Mattel's Supp. Resp. at 28-30, Krug Decl., Ex. 28.

    [6] See, e.g., May 15, 2007 Order Granting Mattel's Motion to Compel Production of Documents and Things, at

27  11 n.4, Krug Decl., Ex. 32. Indeed MGA appeared, at least initially, to concede the same by agreeing to produce personnel files, subject to privilege.  See, e.g., MGA's Response to Mattel's First Set of Request for Documents and

28  Things, at 71-78, Krug Decl. Ex. 33.

    [7] See Order re Third Set at 7.

666557

1   involved in the case and did not participate in the discussions a year ago.  Second, the

2   landscape of this litigation has changed dramatically in the past year: Phase 1 has

3   ended, verdicts have been handed down, and the Phase 2 discovery stay has been

4   lifted.  Further, the putative "Renewed" Motion is actually a new motion, since it

5   combines into one pleading what were formerly two separate motions based on two

6   separate sets of discovery.

7        Had Mattel not been so bent on burying the MGA Parties with as many

8   motions as it could, as quickly as it could, the paperwork Mattel dumped on the

9   Discovery Master could have been significantly limited.  Indeed, after the MGA

10  Parties effectively forced Mattel to comply with its meet and confer obligations, the

11  vast majority of the disputes raised by Mattel's Motion were eliminated, leaving only

12  two for the Discovery Master to resolve.  Mattel should not be rewarded for its "file

13  now, meet and confer later" strategy.  To do so will only encourage Mattel to

14  continue to engage in the same type of scorched earth tactics that it used in Phase 1,

15  and that drove the costs of this litigation into the stratosphere.  If the Discovery

16  Master is not inclined to deny the Motion out of hand, at a minimum Mattel should be

17  sanctioned for filing the Motion without first satisfying its obligations to meet and

18  confer in good faith.

19        **B.**     **The Personnel Files Contain Private and Confidential**

20                   **Information That MGA is Obligated to Protect.**

21        MGA, as an employer (or as a former employer), is legally obligated under

22  California law to protect its employees' privacy rights.  See Board of Trustees v.

23  Superior Court, 119 Cal.App.3d 516, 528-530 (1981) (noting that confidential

24  personnel files at a person's place of employment are within a zone of privacy); see

25  also Valley Bank of Nevada v. Superior Court, 15 Cal.3d 652, 658 (1975) (holding

26  that where confidential information is being sought pertaining to third persons, the

27  party from whom disclosure is sought is under an affirmative duty to notify them of

28

666557

**OPPOSITION TO SEPARATE STATEMENT**

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   the discovery request; and they must be given a fair opportunity to object to the

2   invasion of their privacy).

3       It cannot be debated that the type of information sought by Mattel in its

4   Requests seeks private information.  For instance, Mattel maintains that it is entitled

5   to all personnel file documents evidencing the hiring and recruitment of each

6   employee, "including the terms and conditions (*salaries, bonus, etc.*)" of those

7   processes.  (See Mattel's Renewed Motion at 13:23-14:2) (emphasis added).  This

8   type of financial information is without a doubt the type of private information that

9   must be afforded protection.  See Valley Bank of Nev. v. Superior Court, 15 Cal. 3d

10   652, 656 (1975) ("'privacy' . . . extends to . . . financial records"); Fortunato v.

11   Superior Court, 114 Cal. App. 4th 475, 480-81 (2003) ("financial information . . . is

12   protected"); Harding Lawson Associates v. Superior Court, 10 Cal. App. 4th 7, 10

13   (1992) ("the balance will favor privacy . . . in third party personnel files ").

14       Moreover, other types of information that will be contained in MGA's

15   personnel files, such as an individual's date of birth, as well as their gender and race,

16   are also private in nature.  See Garden Grove Police Dep't v. Superior Court, 89 Cal.

17   App. 4th 430, 434 (2001) ("[a] birth date is personal data"); Scottsdale Unified Sch.

18   Dist. No. 48 v. KPNX Broad. Co., 191 Ariz. 297, 302 (1998) ("a person . . . has a

19   privacy interest in his or her birth date"); Diaz v. Oakland Tribune, 139 Cal. App. 3d

20   118, 132 (1983) (Plaintiff's "sexual identity was a private matter"); CBS, Inc. v.

21   Partee, 198 Ill. App. 3d 936, 945 (1990) (holding that lower court did nor err in

22   refusing production of racial identification information).

23       In order to protect its employees' privacy rights (as well as to protect MGA

24   itself from potential liability), MGA agreed that it would produce the requested files

25   and designate them as confidential provided that Mattel give notice to the employees

26   and obtain their consent.  (Khan Decl., Ex. I [e-mail dated February 10, 2009 (7:37

27   p.m.) from Amman Khan].)  MGA made this proposal with California Code of Civil

28   Procedure § 1985.3 in mind.  Section 1985.3 requires that the party seeking consumer

666557

OPPOSITION TO SEPARATE STATEMENT

1    or employee records give special notice to the consumer or employee whose records

2    are being sought.  While it is presently unclear whether such special notice is required

3    in federal actions, MGA does not wish to place its employees' privacy rights at risk.

4    See Weil & Brown, Fed. Civ. Pro. Before Trial (The Rutter Group) at 11:1433.

5          Indeed, authority exists that holds state procedural rules (such as CCP §

6    1985.3's notice requirement) which serve "substantive goals" (such as an individual's

7    right to privacy), can apply in federal actions.  See S.A. Healy Co. v. Milwaukee

8    Metropolitan Sewerage Dist., 60 F. 3d 305, 310 (7th Cir. 1995) (Absent any

9    conflicting federal statute or rule, state procedural rules may be deemed "substantive"

10   for Erie purposes if limited to a particular substantive area (e.g. medical malpractice

11   or insurance contracts) and designed to accomplish a particular substantive objective).

12   Thus, even if a state rule is "procedural" in the ordinary sense of the term, a federal

13   court may treat the rule as substantive in nature if it is "designed to shape conduct

14   outside the courtroom and not just improve the accuracy or lower the cost of the

15   judicial process…."  Id.  Put another way, "State procedural rules that are intimately

16   bound with substantive law may apply in federal actions where they in fact serve

17   substantive state policies and are more properly rules of substantive law within the

18   meaning of Erie."  Thomas v. Hickman, 2006 WL 2868967, 40 (E.D. Cal. 2006)

19   (citing Feldman v. Allstate Ins. Co., 322 F.3d 660, 666 (9th Cir. 2003); Wray v.

20   Gregory, 61 F.3d 1414, 1417 (9th Cir. 1995)).

21         California, in particular, has expressed that privacy concerns are a matter

22   fundamental public policy through the State Constitution and various legislative

23   schemes.  Thus, the purpose of Section 1985.3 is more substantive than procedural in

24   nature.

25         Further, California's privacy laws apply to this case since the claims left to be

26   tried in Phase 2 are essentially state law claims.  Indeed, the Ninth Circuit held that

27   "[i]n diversity cases, a federal court must conform to state law to the extent mandated

28   by the principles set forth in the seminal case of Erie[.]"  Feldman v. Allstate Ins. Co.,

666557

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
310-553-3000

1   322 F. 3d 660, 666 (9th Cir. 2003).  In <u>Feldman</u>, the Court had to decide whether

2   California Penal Code § 632(a), a state evidentiary rule limiting the admissibility of

3   illegally intercepted conversations, should apply to a federal court sitting in diversity.

4   <u>Id.</u> at 666-667.  While the Court notes that "[m]ost evidentiary rules are procedural in

5   nature, and the Federal Rules of Evidence 'ordinarily govern in diversity cases,'

6   (citations omitted) . . . the Federal Rules do not supplant '*all* state law evidentiary

7   provisions with federal ones.' (emphasis in original).  Rather, state evidence rules that

8   are 'intimately bound up' with the state's substantive decision making must be given

9   full effect by federal courts sitting in diversity." <u>Id.</u>  The Court found that the state

10  procedural rule applied because "***the statute thereby embodies a state substantive***

11  ***interest in the privacy of California citizens*** from exposure of their confidential

12  conversations to third parties" while noting that the "California Constitution expressly

13  guarantees a right to privacy." <u>Id.</u> at 667 (emphasis added.)  The Court concluded by

14  "hold[ing] that Penal Code § 632 is an ***integral component of California's***

15  ***substantive state policy of protecting the privacy of its citizens, and is properly***

16  ***characterized as substantive law within the meaning of Erie***." <u>Id.</u> (emphasis added.)

17          Just as in <u>Feldman,</u> the "procedural" rule here, Code of Civil Procedure §

18  1985.3, exists as a check against the abuse of an individual's privacy rights.  Because

19  § 1985.3 clearly "embodies a state substantive interest in the privacy of California

20  citizens," it must apply.  <u>See</u> Fed. R. Evid. 501 (In civil actions and proceedings in

21  federal court, where state law provides the rule of decision, "the privilege of a

22  witness, . . . shall be determined in accordance with State law."); <u>see also</u> <u>Star</u>

23  <u>Editorial, Inc. v. United States District Court for the Central District of California</u>, 7

24  F.3d 856, 859 (9th Cir. 1993) (same); <u>Liew v. Breen</u>, 640 F.2d 1046, 1049 (9th Cir.

25  1981) ("Questions of privilege in diversity actions are controlled by the governing

26  state law."); <u>In re California Public Utilities Commission</u>, 892 F.2d 778, 781 (9th Cir.

27  1989) (same).

28

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
310-553-3000

1    Accordingly, MGA's proposal to produce its personnel files contingent upon

2    Mattel providing notice to the employees and obtaining their consent, is entirely

3    reasonable given MGA's duty to protect its employees' privacy rights, and its right to

4    protect itself from exposure to liability.

5    **C.     Mattel's Requests Are Grossly Overbroad In Scope.**

6    The former Discovery Master in this case rejected Mattel's attempt to obtain

7    MGA's personnel files in their entirety.  In particular, Judge Infante's April 14, 2008,

8    Order compelled MGA to produce *portions* of personnel and vendor files related to

9    Phase 1 issues (in response to *other* document requests), but only ***"to the extent such***

10   ***documents relate to the work that the individuals performed related to Bratz prior to***

11   ***January 1, 2001,"*** as proposed by MGA in the meet and confer process.  (Khan

12   Decl., Ex. F at 6:22-7:2; 7:16-18 [Judge Infante's April 14, 2008 Order]) (emphasis

13   added).

14   Yet Mattel still seeks MGA's employee's files in their entirety.  The single

15   "concession" offered by Mattel, that documents relating to an employee's health need

16   not be produced, does not come close to bringing these Requests in line with the

17   limited production approved by the Discovery Master on April 14, 2008 with respect

18   to Phase 1 issues.  There, the production of MGA's personnel files was condoned (as

19   proposed by MGA) because the production was narrowed so that MGA only had to

20   produce "documents from the personnel and vendor files of the individuals identified .

21   . . that relate to any work they performed on Bratz, Angel, and Prayer Angel through

22   June 30, 2001." (Khan Decl., Ex. F at 7:3-6; 7:16-18 [Judge Infante's April 14, 2008

23   Order].)  Thus, MGA only had to produce documents related to specific products that

24   Mattel alleged that MGA had stolen.

25   Accordingly, in the hopes of resolving this discovery dispute informally and

26   without wasting the Discovery Master's time, MGA proposed to produce documents

27   responsive to Request Nos. 87 and 88 on a limited basis that was consistent with the

28   Discovery Master's April 14, 2008 ruling.  Specifically, MGA agreed to produce all

666557

1  non-privileged documents relating to any product(s) that Mattel alleged that MGA

2  stole from Mattel (*i.e.*, "Scooter Samantha" and "Space Babes").  However, Mattel

3  unreasonably rejected MGA's proposal, and still insists that MGA produce the

4  personnel files in their *entirety* (excepting the health related documents).  Because the

5  Discovery Master was unwilling to order the production of personnel files *in their*

6  *entirety* back in April 2008, the same conclusion should be reached now.

7        **D.**    **Mattel Is Not Entitled To The Entire Vendor Files**

8        Mattel's request for production of MGA's vendor files in their entirety must be

9  denied for the same reasons as set forth.  Namely, the requests are indisputably

10  overbroad in scope.  Judge Infante's April 14, 2008 Order applied equally to the

11  requested vendor files as it did to MGA's personnel files.  The Discovery Master

12  ordered a limited production of "documents from the *personnel* and vendor files of

13  the individuals identified . . . <u>that relate to any work they performed on Bratz, Angel,</u>

14  <u>and Prayer Angel through June 30, 2001.</u>"  (Khan Decl., Ex. F at 7:3-6; 7:16-18)

15  [Judge Infante's April 14, 2008 Order] (emphasis added.)  MGA's agreement to

16  produce all non-privileged documents relating to any product(s) that Mattel alleged

17  that MGA stole from Mattel (*i.e.*, "Scooter Samantha" and "Space Babes") is wholly

18  consistent with the April 14, 2008 Order.  Because the Discovery Master was

19  unwilling to order the production of vendor files *in their entirety* back in April 2008,

20  the same conclusion should be reached now.

21

22  **MATTEL'S REQUEST NOS. 43 THROUGH 75 AND MGA'S RESPONSES**

23

24  **REQUEST FOR PRODUCTION NO. 43:**

25        All DOCUMENTS that REFER OR RELATE TO when and under what

26  circumstances SCOOTER SAMANTHA was first conceived of, including without

27  limitation all such DOCUMENTS that identify the PERSON who conceived of

28  SCOOTER SAMANTHA.

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the phrase "first conceived of." MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO when and under what circumstances SCOOTER SAMANTHA was "first conceived of could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also Magistrate Judge Infante's April 19, 2007 Order ("April 19 Order") at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   readily accessible to Mattel.  MGA further objects to the request to the extent that it

2   seeks documents not in MGA's possession, custody or control.  MGA further objects

3   to the request to the extent it seeks confidential, proprietary or commercially sensitive

4   information, the disclosure of which would be inimical to the business interests of

5   MGA.

6        MGA further objects to this request as cumulative, duplicative, and unduly

7   burdensome to the extent that it seeks documents previously requested by Mattel or

8   produced by MGA in response to Mattel's document requests, including, but not

9   limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

10  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

11  and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

12  Isaac Larian.

13  **REQUEST FOR PRODUCTION NO. 44:**

14       All DOCUMENTS that REFER OR RELATE TO the conception, creation,

15  design, development, sculpting, tooling, production and manufacture of SCOOTER

16  SAMANTHA.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

18       MGA incorporates by reference its General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General Objection

20  No. 15 (regarding Definitions), including without limitation MGA's objection to the

21  definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO.

22  MGA further objects to the request to the extent it seeks the production of documents

23  that are protected from disclosure under any applicable privilege, doctrine or

24  immunity, including without limitation the attorney-client privilege, the work product

25  doctrine, the right of privacy, and all other privileges recognized under the

26  constitutional, statutory or decisional law of the United States of America, the State of

27  California or any other applicable jurisdiction.  MGA further objects to the phrase

28  "conception, creation, design, development, sculpting, tooling, production and

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   manufacture" as vague and ambiguous, MGA further objects to this request on the

2   grounds that it is overly broad and unduly burdensome in that it seeks documents not

3   relevant to the claims or defenses in this action and not reasonably calculated to lead

4   to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

5   DOCUMENTS that REFER OR RELATE TO "the conception, creation, design,

6   development, sculpting, tooling, production and manufacture of SCOOTER

7   SAMANTHA" could be relevant to the claims and defenses in this action.  The

8   request is not limited to the subject matter of this action and is thus impermissibly

9   overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19

10  Order at 5:26-7:5 (discovery request overbroad where complaint does not even

11  reference the product).  MGA further objects to this request as being overly broad and

12  unduly burdensome on the grounds that it is not limited in time.  MGA further objects

13  to this request on the grounds that the terms SCOOTER SAMANTHA and REFER

14  OR RELATE TO renders the request vague, ambiguous, overly broad and unduly

15  burdensome.  MGA further objects to the request to the extent that it seeks documents

16  that by reason of public filing, public distribution or otherwise are already in Mattel's

17  possession or are readily accessible to Mattel.  MGA further objects to the request to

18  the extent that it seeks documents not in MGA's possession, custody or control.  MGA

19  further objects to the request to the extent it seeks confidential, proprietary or

20  commercially sensitive information, the disclosure of which would be inimical to the

21  business interests of MGA.

22          MGA further objects to this request as cumulative, duplicative, and unduly

23  burdensome to the extent that it seeks documents previously requested by Mattel or

24  produced by MGA in response to Mattel's document requests, including, but not

25  limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

26  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

27  and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

28  Isaac Larian.

666557

**REQUEST FOR PRODUCTION NO. 45:**

A sample of each doll or other product that, whether in whole or in part, has been sold as or under the name SCOOTER SAMANTHA or as part of the SCOOTER SAMANTHA line.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term SCOOTER SAMANTHA. MGA further objects to the request to the extent it seeks the production of tangible items that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how samples of each doll or other product that has been sold under the name SCOOTER SAMANTHA or as part of the SCOOTER SAMANTHA line could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope. MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666557

**OPPOSITION TO SEPARATE STATEMENT**

1   to the extent that it seeks documents that by reason of public filing, public distribution

2   or otherwise are already in Mattel's possession or are readily accessible to Mattel.

3   MGA further objects to the request to the extent that it seeks documents not in MGA's

4   possession, custody or control.  MGA further objects to the request to the extent it

5   seeks confidential, proprietary or commercially sensitive information, the disclosure

6   of which would be inimical to the business interests of MGA.

7       MGA further objects to this request as cumulative, duplicative, and unduly

8   burdensome to the extent that it seeks documents previously requested by Mattel or

9   produced by MGA in response to Mattel's document requests, including, but not

10   limited to:  Request Nos. 184, 185, 215, and 217 from Mattel's First Set of Requests

11   for Documents and Things to Isaac Larian.

12   **REQUEST FOR PRODUCTION NO. 46:**

13       All prototypes, models, samples and , tangible items that REFER OR RELATE

14   TO SCOOTER SAMANTHA.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

16       MGA incorporates by reference its General Response and General Objections

17   above, as though fully set forth herein and specifically incorporates General Objection

18   No. 15 (regarding Definitions), including without limitation MGA's objection to the

19   definition of the terms REFER OR RELATE TO SCOOTER SAMANTHA.  MGA

20   further objects to the request to the extent it seeks the production of tangible items

21   that are protected from disclosure under any applicable privilege, doctrine or

22   immunity, including without limitation the attorney-client privilege, the work product

23   doctrine, the right of privacy, and all other privileges recognized under the

24   constitutional, statutory or decisional law of the United States of America, the State of

25   California or any other applicable jurisdiction.  MGA further objects to this request on

26   the grounds that it is overly broad and unduly burdensome in that it seeks tangible

27   items not relevant to the claims or defenses in this action and not reasonably

28   calculated to lead to the discovery of admissible evidence.  Mattel has not

666557

1  demonstrated how all prototypes, models, samples and tangible items that REFER OR

2  RELATE TO SCOOTER SAMANTHA line could be relevant to the claims and

3  defenses in this action.  The request is not limited to the subject matter of this action

4  and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at

5  21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where

6  complaint does not even reference the product).  MGA further objects to this request

7  as being overly broad and unduly burdensome on the grounds that it is not limited in

8  time or geographic scope.  MGA further objects to this request on the grounds that the

9  terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request

10  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

11  phrase "prototypes, models, samples and tangible items" as vague and ambiguous.

12  MGA further objects to the request to the extent that it seeks documents not in MGA's

13  possession, custody or control.  MGA further objects to the request to the extent it

14  seeks confidential, proprietary or commercially sensitive information, the disclosure

15  of which would be inimical to the business interests of MGA.

16       MGA further objects to this request as cumulative, duplicative, and unduly

17  burdensome to the extent that it seeks documents previously requested by Mattel or

18  produced by MGA in response to Mattel's document requests, including, but not

19  limited to:  Request Nos. 184, 185, 215, and 217 from Mattel's First Set of Requests

20  for Documents and Things to Isaac Larian.

21  **REQUEST FOR PRODUCTION NO. 47:**

22       All prototypes, models, samples and tangible items that REFER OR RELATE

23  TO SCOOTER SHANNEN.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

25       MGA incorporates by reference its General Response and General Objections

26  above, as though fully set forth herein and specifically incorporates General Objection

27  No. 15 (regarding Definitions), including without limitation MGA's objection to the

28  definition of the terms REFER OR RELATE TO SCOOTER SHANNEN.  MGA

666557

1   further objects to the request to the extent it seeks the production of tangible items

2   that are protected from disclosure under any applicable privilege, doctrine or

3   immunity, including without limitation the attorney-client privilege, the work product

4   doctrine, the right of privacy, and all other privileges recognized under the

5   constitutional, statutory or decisional law of the United States of America, the State of

6   California or any other applicable jurisdiction.  MGA further objects to this request on

7   the grounds that it is overly broad and unduly burdensome in that it seeks tangible

8   items not relevant to the claims or defenses in this action and not reasonably

9   calculated to lead to the discovery of admissible evidence.  Mattel has not

10  demonstrated how all prototypes, models, samples and tangible items that REFER OR

11  RELATE TO SAMANTHA SHANNEN line could be relevant to the claims and

12  defenses in this action.  The request is not limited to the subject matter of this action

13  and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at

14  21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where

15  complaint does not even reference the product).  MGA further objects to this request

16  as being overly broad and unduly burdensome on the grounds that it is not limited in

17  time or geographic scope.  MGA further objects to this request on the grounds that the

18  terms SCOOTER SHANNEN and REFER OR RELATE TO renders the request

19  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

20  phrase "prototypes, models, samples and tangible items" as vague and ambiguous.

21  MGA further objects to the request to the extent that it seeks documents not in MGA's

22  possession, custody or control.  MGA further objects to the request to the extent it

23  seeks confidential, proprietary or commercially sensitive information, the disclosure

24  of which would be inimical to the business interests of MGA.

25      MGA further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by MGA in response to Mattel's document requests, including, but not

28

666557

1   limited to:  Request Nos. 184-185, 215, and 217 from Mattel's First Set of Requests

2   for Documents and Things to Isaac Larian.

3   **REQUEST FOR PRODUCTION NO. 48:**

4        All DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA as

5   it was first presented to YOU.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

7        MGA incorporates by reference its General Response and General Objections

8   above, as though fully set forth herein and specifically incorporates General Objection

9   No. 15 (regarding Definitions), including without limitation MGA's objection to the

10  definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO.

11  MGA further objects to the request to the extent it seeks the production of documents

12  that are protected from disclosure under any applicable privilege, doctrine or

13  immunity, including without limitation the attorney-client privilege, the work product

14  doctrine, the right of privacy, and all other privileges recognized under the

15  constitutional, statutory or decisional law of the United States of America, the State of

16  California or any other applicable jurisdiction.  MGA further objects to this request on

17  the grounds that it is overly broad and unduly burdensome in that it seeks documents

18  not relevant to the claims or defenses in this action and not reasonably calculated to

19  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

20  DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA "as it was

21  first presented to" MGA could be relevant to the claims and defenses in this action.

22  The request is not limited to the subject matter of this action and is thus

23  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see

24  also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does

25  not even reference the product).  MGA further objects to this request as being overly

26  broad and unduly burdensome on the grounds that it is not limited in time.  MGA

27  further objects to this request on the grounds that the terms SCOOTER SAMANTHA

28  and REFER OR RELATE TO renders the request vague, ambiguous, overly broad

666557

1   and unduly burdensome.  MGA further objects to the phrase "as it was first presented"

2   as vague and ambiguous.  MGA further objects to the request to the extent that it

3   seeks documents that by reason of public filing, public distribution or otherwise are

4   already in Mattel's possession or are readily accessible to Mattel.  MGA further

5   objects to the request to the extent that it seeks documents not in MGA's possession,

6   custody or control.  MGA further objects to the request to the extent it seeks

7   confidential, proprietary or commercially sensitive information, the disclosure of

8   which would be inimical to the business interests of MGA.

9        MGA further objects to this request as cumulative, duplicative, and unduly

10  burdensome to the extent that it seeks documents previously requested by Mattel or

11  produced by MGA in response to Mattel's document requests, including, but not

12  limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

13  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

14  and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

15  Isaac Larian.

16  **REQUEST FOR PRODUCTION NO. 49:**

17       All DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA

18  prior to January 1, 2002.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

20       MGA incorporates by reference its General Response and General Objections

21  above, as though fully set forth herein and specifically incorporates General Objection

22  No. 15 (regarding Definitions), including without limitation MGA's objection to the

23  definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO.

24  MGA further objects to the request to the extent it seeks the production of documents

25  that are protected from disclosure under any applicable privilege, doctrine or

26  immunity, including without limitation the attorney-client privilege, the work product

27  doctrine, the right of privacy, and all other privileges recognized under the

28  constitutional, statutory or decisional law of the United States of America, the State of

666557

1   California or any other applicable jurisdiction.  MGA further objects to this request on

2   the grounds that it is overly broad and unduly burdensome in that it seeks documents

3   not relevant to the claims or defenses in this action and not reasonably calculated to

4   lead to the discovery of admissible evidence.  Mattel has not demonstrated how all

5   DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA could be

6   relevant to the claims and defenses in this action.  The request is not limited to the

7   subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

8   at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery

9   request overbroad where complaint does not even reference the product).  MGA

10  further objects to this request on the grounds that the terms SCOOTER SAMANTHA

11  and REFER OR RELATE TO renders the request vague, ambiguous, overly broad

12  and unduly burdensome.  MGA further objects to the request to the extent that it seeks

13  documents that by reason of public filing, public distribution or otherwise are already

14  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the

15  request to the extent that it seeks documents not in MGA's possession, custody or

16  control.  MGA further objects to the request to the extent it seeks confidential,

17  proprietary or commercially sensitive information, the disclosure of which would be

18  inimical to the business interests of MGA.

19      MGA further objects to this request as cumulative, duplicative, and unduly

20  burdensome to the extent that it seeks documents previously requested by Mattel or

21  produced by MGA in response to Mattel's document requests, including, but not

22  limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

23  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

24  and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

25  Isaac Larian.

26

27

28

666557

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS that REFER OR RELATE TO SCOOTER SHANNEN and REFER OR RELATE TO the time period prior to January 1, 2002 (regardless of when such DOCUMENT was created, drafted, generated, sent, received or transmitted).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA and REFER OR RELATE to the time period prior to January 1, 2002 could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's

666557

**OPPOSITION TO SEPARATE STATEMENT**

1  possession or are readily accessible to Mattel.  MGA further objects to the request to

2  the extent that it seeks documents not in MGA's possession, custody or control.  MGA

3  further objects to the request to the extent it seeks confidential, proprietary or

4  commercially sensitive information, the disclosure of which would be inimical to the

5  business interests of MGA.

6      MGA further objects to this request as cumulative, duplicative, and unduly

7  burdensome to the extent that it seeks documents responsive to Request No. 49, and

8  previously requested by Mattel or produced by MGA in response to Mattel's

9  document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel,

10 Inc.'s First Set of Requests for Documents and Things re Claims of Unfair

11 Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First

12 Set of Requests for Documents and Things to Isaac Larian.

13 **REQUEST FOR PRODUCTION NO. 51:**

14      All DOCUMENTS that REFER OR RELATE TO Paula Garcia's work in

15 connection with or role in SCOOTER SAMANTHA.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

17      MGA incorporates by reference its General Response and General Objections

18 above, as though fully set forth herein and specifically incorporates General Objection

19 No. 15 (regarding Definitions), including without limitation MGA's objection to the

20 definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO.

21 MGA further objects to the request to the extent it seeks the production of documents

22 that are protected from disclosure under any applicable privilege, doctrine or

23 immunity, including without limitation the attorney-client privilege, the work product

24 doctrine, the right of privacy, and all other privileges recognized under the

25 constitutional, statutory or decisional law of the United States of America, the State of

26 California or any other applicable jurisdiction.  MGA further objects to this request on

27 the grounds that it is overly broad and unduly burdensome in that it seeks documents

28 not relevant to the claims or defenses in this action and not reasonably calculated to

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  lead to the discovery of admissible evidence. Mattel has not demonstrated how *all*

2  DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA and REFER

3  OR RELATE to the time period prior to January 1, 2002 could be relevant to the

4  claims and defenses in this action. The request is not limited to the subject matter of

5  this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May

6  22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad

7  where complaint does not even reference the product). MGA further objects to this

8  request on the grounds that the terms SCOOTER SAMANTHA and REFER OR

9  RELATE TO renders the request vague, ambiguous, overly broad and unduly

10 burdensome. MGA further objects to the request to the extent that it seeks documents

11 that by reason of public filing, public distribution or otherwise are already in Mattel's

12 possession or are readily accessible to Mattel. MGA further objects to the request to

13 the extent that it seeks documents not in MGA's possession, custody or control. MGA

14 further objects to the request to the extent it seeks confidential, proprietary or

15 commercially sensitive information, the disclosure of which would be inimical to the

16 business interests of MGA.

17      MGA further objects to this request as cumulative, duplicative, and unduly

18 burdensome to the extent that it seeks documents responsive to Request No. 49, and

19 previously requested by Mattel or produced by MGA in response to Mattel's

20 document requests, including, but not limited to: Request Nos. 5 and 39 from Mattel,

21 Inc.'s First Set of Requests for Documents and Things re Claims of Unfair

22 Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First

23 Set of Requests for Documents and Things to Isaac Larian.

24 **REQUEST FOR PRODUCTION NO. 52:**

25      All DOCUMENTS that REFER OR RELATE TO Isaac Larian's work in

26 connection with or role in SCOOTER SAMANTHA.

27

28

666557

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO Isaac Larian's work in connection with or role in SCOOTER SAMANTHA could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the phrase "work in connection with or role in" as vague and ambiguous. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

866557

1 interests of MGA.  MGA further objects to this request as cumulative, duplicative,

2 and unduly burdensome to the extent that it seeks documents previously requested by

3 Mattel or produced by MGA in response to Mattel's document requests.

4 **REQUEST FOR PRODUCTION NO. 53:**

5     DOCUMENTS sufficient to show the first manufacture date of each and every

6 SCOOTER SAMANTHA product.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

8     MGA incorporates by reference its General Response and General Objections

9 above, as though fully set forth herein and specifically incorporates General Objection

10 No. 15 (regarding Definitions), including without limitation MGA's objection to the

11 definition of the term SCOOTER SAMANTHA.  MGA further objects to the request

12 to the extent it seeks the production of documents that are protected from disclosure

13 under any applicable privilege, doctrine or immunity, including without limitation the

14 attorney-client privilege, the work product doctrine, the right of privacy, and all other

15 privileges recognized under the constitutional, statutory or decisional law of the

16 United States of America, the State of California or any other applicable jurisdiction.

17 MGA further objects to the phrase "sufficient to show" as vague and ambiguous.

18 MGA further objects to this request on the grounds that it is overly broad and unduly

19 burdensome in that it seeks documents not relevant to the claims or defenses in this

20 action and not reasonably calculated to lead to the discovery of admissible evidence.

21 Mattel has not demonstrated how DOCUMENTS "sufficient to show" the first

22 manufacture date of each and every SCOOTER SAMANTHA product could be

23 relevant to the claims and defenses in this action.  The request is not limited to the

24 subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

25 at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery

26 request overbroad where complaint does not even reference the product).  MGA

27 further objects to this request on the grounds that the term SCOOTER SAMANTHA

28 renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA

666557

1   further objects to this request as being overly broad and unduly burdensome on the

2   grounds that it is not limited in geographic scope.  MGA further objects to the request

3   to the extent that it seeks documents that by reason of public filing, public distribution

4   or otherwise are already in Mattel's possession or are readily accessible to Mattel.

5   MGA further objects to the request to the extent that it seeks documents not in MGA's

6   possession, custody or control.  MGA. further objects to the request to the extent it

7   seeks confidential, proprietary or commercially sensitive information, the disclosure

8   of which would be inimical to the business interests of MGA.

9        MGA further objects to this request as cumulative, duplicative, and unduly

10  burdensome to the extent that it seeks documents previously requested by Mattel or

11  produced by MGA in response to Mattel's document requests, including, but not

12  limited to: Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

13  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

14  and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

15  Isaac Larian.

16  **REQUEST FOR PRODUCTION NO. 54:**

17       DOCUMENTS sufficient to show the first ship date of each and every

18  SCOOTER SAMANTHA product.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

20       MGA incorporates by reference its General Response and General Objections

21  above, as though fully set forth herein and specifically incorporates General Objection

22  No. 15 (regarding Definitions), including without limitation MGA's objection to the

23  definition of the term SCOOTER SAMANTHA.  MGA further objects to the request

24  to the extent it seeks the production of documents that are protected from disclosure

25  under any applicable privilege, doctrine or immunity, including without limitation the

26  attorney-client privilege, the work product doctrine, the right of privacy, and all other

27  privileges recognized under the constitutional, statutory or decisional law of the

28  United States of America, the State of California or any other applicable jurisdiction.

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   MGA further objects to the phrase "sufficient to show" as vague and ambiguous.

2   MGA further objects to this request on the grounds that it is overly broad and unduly

3   burdensome in that it seeks documents not relevant to the claims or defenses in this

4   action and not reasonably calculated to lead to the discovery of admissible evidence.

5   Mattel has not demonstrated how DOCUMENTS "sufficient to show" the first ship

6   date of each and every SCOOTER SAMANTHA product could be relevant to the

7   claims and defenses in this action.  The request is not limited to the subject matter of

8   this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20;

9   May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request

10  overbroad where complaint does not even reference the product).  MGA further

11  objects to this request as being overly broad and unduly burdensome on the grounds

12  that it is not limited in geographic scope.  MGA further objects to this request on the

13  grounds that the term SCOOTER SAMANTHA renders the request vague,

14  ambiguous, overly broad and unduly burdensome.  MGA further objects to the request

15  to the extent that it seeks documents that by reason of public filing, public distribution

16  or otherwise are already in Mattel's possession or are readily accessible to Mattel.

17  MGA further objects to the request to the extent that it seeks documents not in MGA's

18  possession, custody or control.  MGA further objects to the request to the extent it

19  seeks confidential, proprietary or commercially sensitive information, the disclosure

20  of which would be inimical to the business interests of MGA.  Such information may

21  also be subject to protective orders governing other litigations thereby precluding

22  disclosure in response to this request.  MGA further objects to the request to the

23  extent it violates the privacy rights of third parties to their private, confidential,

24  proprietary or trade secret information.

25        MGA further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by MGA in response to Mattel's document requests, including, but not

28  limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

666557

OPPOSITION TO SEPARATE STATEMENT

1  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

2  and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

3  Isaac Larian.

4  **REQUEST FOR PRODUCTION NO. 55:**

5      DOCUMENTS sufficient to show YOUR revenues from SCOOTER

6  SAMANTHA.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

8      MGA incorporates by reference its General Response and General Objections

9  above, as though fully set forth herein and specifically incorporates General Objection

10  No. 15 (regarding Definitions), including without limitation MGA's objection to the

11  definition of the term SCOOTER SAMANTHA.  MGA further objects to the request

12  to the extent it seeks the production of documents that are protected from disclosure

13  under any applicable privilege, doctrine or immunity, including without limitation the

14  attorney-client privilege, the work product doctrine, the right of privacy, and all other

15  privileges recognized under the constitutional, statutory or decisional law of the

16  United States of America, the State of California or any other applicable jurisdiction,

17  MGA further objects to the phrase "sufficient to show" as vague and ambiguous.

18  MGA further objects to this request on the grounds that it is overly broad and unduly

19  burdensome in that it seeks documents not relevant to the claims or defenses in this

20  action and not reasonably calculated to lead to the discovery of admissible evidence.

21  Mattel has not demonstrated how DOCUMENTS "sufficient to show" MGA's

22  revenues from SCOOTER SAMANTHA could be relevant to the claims and defenses

23  in this action.  The request is not limited to the subject matter of this action and is thus

24  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see

25  also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does

26  not even reference the product).  MGA further objects to this request as being overly

27  broad and unduly burdensome on the grounds that it is not limited in time or

28  geographic scope.  MGA further objects to this request on the grounds that the term

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  SCOOTER SAMANTHA renders the request vague, ambiguous, overly broad and

2  unduly burdensome.  MGA further objects to the request to the extent it seeks

3  confidential, proprietary or commercially sensitive information, the disclosure of

4  which would be inimical to the business interests of MGA.

5  MGA further objects to this request as cumulative, duplicative, and unduly

6  burdensome to the extent that it seeks documents previously requested by Mattel or

7  produced by MGA in response to Mattel's document requests, including, but not

8  limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

9  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

10  and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

11  Isaac Larian.

12  **REQUEST FOR PRODUCTION NO. 56:**

13  All DOCUMENTS that REFER OR RELATE TO when and under what

14  circumstances SPACE BABES was first conceived of, including without limitation all

15  such DOCUMENTS that identify the PERSON who conceived of SPACE BABES.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

17  MGA incorporates by reference its General Response and General Objections

18  above, as though fully set forth herein and specifically incorporates General Objection

19  No. 15 (regarding Definitions), including without limitation MGA's objection to the

20  definition of the terms SPACE BABES and REFER OR RELATE TO.  MGA further

21  objects to the request to the extent it seeks the production of documents that are

22  protected from disclosure under any applicable privilege, doctrine or immunity,

23  including without limitation the attorney-client privilege, the work product doctrine,

24  the right of privacy, and all other privileges recognized under the constitutional,

25  statutory or decisional law of the United States of America, the State of California or

26  any other applicable jurisdiction.  MGA further, objects to the phrase "first conceived

27  of as vague and ambiguous.  MGA further objects to this request on the grounds that

28  it is overly broad and unduly burdensome in that it seeks documents not relevant to

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666557

1   the claims or defenses in this action and not reasonably calculated to lead to the

2   discovery of admissible evidence.  Mattel has not demonstrated how *all*

3   DOCUMENTS that REFER OR RELATE TO when and under what circumstances

4   SPACE BABES was first conceived of could be relevant to the claims and defenses in

5   this action.  The request is not limited to the subject matter of this action and is thus

6   impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see

7   also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does

8   not even reference the product).  MGA further objects to this request as being overly

9   broad and unduly burdensome on the grounds that it is not limited in time.  MGA

10  further objects to this request on the grounds that the terms SPACE BABES and

11  REFER OR RELATE TO renders the request vague, ambiguous, overly broad and

12  unduly burdensome.  MGA further objects to the request to the extent that it seeks

13  documents that by reason of public filing, public distribution or otherwise are already

14  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the

15  request to the extent that it seeks documents not in MGA's possession, custody or

16  control.  MGA further objects to the request to the extent it seeks confidential,

17  proprietary or commercially sensitive information, the disclosure of which would be

18  inimical to the business interests of MGA.

19      MGA further objects to this request as cumulative, duplicative, and unduly

20  burdensome to the extent that it seeks documents previously requested by Mattel or

21  produced by MGA in response to Mattel's document requests, including, but not

22  limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

23  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

24  and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

25  Isaac Larian.

26

27

28

666557

1  **REQUEST FOR PRODUCTION NO. 57:**

2       All DOCUMENTS that REFER OR RELATE TO the conception, creation,

3  design, development, sculpting, tooling, production and manufacture of SPACE

4  BABES.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

6       MGA incorporates by reference its General Response and General Objections

7  above, as though fully set forth herein and specifically incorporates General Objection

8  No. 15 (regarding Definitions), including without limitation MGA's objection to the

9  definition of the terms SPACE BABES and REFER OR RELATE TO.  MGA further

10 objects to the request to the extent it seeks the production of documents that are

11 protected from disclosure under any applicable privilege, doctrine or immunity,

12 including without limitation the attorney-client privilege, the work product doctrine,

13 the right of privacy, and all other privileges recognized under the constitutional,

14 statutory or decisional law of the United States of America, the State of California or

15 any other applicable jurisdiction.  MGA further objects to this request on the grounds

16 that it is overly broad and unduly burdensome in that it seeks documents not relevant

17 to the claims or defenses in this action and not reasonably calculated to lead to the

18 discovery of admissible evidence.  Mattel has not demonstrated how *all*

19 DOCUMENTS that REFER OR RELATE TO "the conception, creation, design,

20 development, sculpting, tooling, production and manufacture of SPACE BABES"

21 could be relevant to the claims and defenses in this action.  The request is not limited

22 to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13

23 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5

24 (discovery request overbroad where complaint does not even reference the product).

25 MGA further objects to this request as being overly broad and unduly burdensome on

26 the grounds that it is not limited in time.  MGA further objects to this request on the

27 grounds that the terms SPACE BABES and REFER OR RELATE TO renders the

28 request vague, ambiguous, overly broad and unduly burdensome.  MGA further

666557

34

1   objects to the phrase "conception, creation, design, development, sculpting, tooling,

2   production and manufacture" as vague and ambiguous.  MGA further objects to the

3   request to the extent that it seeks documents that by reason of public filing, public

4   distribution or otherwise are already in Mattel's possession or are readily accessible to

5   Mattel.  MGA further objects to the request to the extent that it seeks documents not

6   in MGA's possession, custody or control.  MGA further objects to the request to the

7   extent it seeks confidential, proprietary or commercially sensitive information, the

8   disclosure of which would be inimical to the business interests of MGA.

9        MGA further objects to this request as cumulative, duplicative, and unduly

10   burdensome to the extent that it seeks documents previously requested by Mattel or

11   produced by MGA in response to Mattel's document requests, including, but not

12   limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

13   Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

14   and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

15   Isaac Larian.

16   **REQUEST FOR PRODUCTION NO. 58:**

17        A sample of each doll or other product that, whether in whole or in part, has

18   been sold as or under the name SPACE BABES or as part of the SPACE BABES line.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

20        A sample of each doll or other product that, whether in whole or in part, has

21   been sold as or under the name SPACE BABES or as part of the SPACE BABES line.

22   **REQUEST FOR PRODUCTION NO. 59:**

23        All prototypes, models, samples and tangible items that REFER OR RELATE

24   TO SPACE BABES.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

26        MGA incorporates by reference its General Response and General Objections

27   above, as though fully set forth herein and specifically incorporates General Objection

28   No. 15 (regarding Definitions), including without limitation MGA's objection to the

666557

definition of the terms REFER OR RELATE TO SPACE BABES.  MGA further objects to the request to the extent it seeks the production of tangible items that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how all prototypes, models, samples and tangible items that REFER OR RELATE TO SPACE BABES line could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope.  MGA further objects to this request on the grounds that the terms SPACE BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "prototypes, models, samples and tangible items" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   limited to:  Request Nos. 184, 185, 215, and 217 from Mattel's First Set of Requests

2   for Documents and Things to Isaac Larian.

3   **REQUEST FOR PRODUCTION NO. 60:**

4   　　All DOCUMENTS that REFER OR RELATE TO SPACE BABES as it was

5   first presented to YOU.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

7   　　MGA incorporates by reference its General Response and General Objections

8   above, as though fully set forth herein and specifically incorporates General Objection

9   No. 15 (regarding Definitions), including without limitation MGA's objection to the

10   definition of the terms SPACE BABES and REFER OR RELATE TO.  MGA further

11   objects to the request to the extent it seeks the production of documents that are

12   protected from disclosure under any applicable privilege, doctrine or immunity,

13   including without limitation the attorney-client privilege, the work product doctrine,

14   the right of privacy, and all other privileges recognized under the constitutional,

15   statutory or decisional law of the United States of America, the State of California or

16   any other applicable jurisdiction.  MGA further objects to this request on the grounds

17   that it is overly broad and unduly burdensome in that it seeks documents not relevant

18   to the claims or defenses in this action and not reasonably calculated to lead to the

19   discovery of admissible evidence.  Mattel has not demonstrated how *all*

20   DOCUMENTS that REFER OR RELATE TO SPACE BABES "as it was first

21   presented to" MGA could be relevant to the claims and defenses in this action.  The

22   request is not limited to the subject matter of this action and is thus impermissibly

23   overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19

24   Order at 5:26-7:5 (discovery request overbroad where complaint does not even

25   reference the product).  MGA further objects to this request on the grounds that the

26   terms SPACE BABES and REFER OR RELATE TO renders the request vague,

27   ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase

28   "as it was first presented" as vague and ambiguous.  MGA further objects to the

666557

**OPPOSITION TO SEPARATE STATEMENT**

1  request to the extent that it seeks documents not in MGA's possession, custody or
2  control.  MGA further objects to the request to the extent it seeks confidential,
3  proprietary or commercially sensitive information, the disclosure of which would be
4  inimical to the business interests of MGA.

5    MGA further objects to this request as cumulative, duplicative, and unduly
6  burdensome to the extent that it seeks documents previously requested by Mattel or
7  produced by MGA in response to Mattel's document- requests, including, but not
8  limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for
9  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,
10 and Request No. 229 from Mattel's First Set of Requests for Documents and Things to
11 Isaac Larian.

12 **REQUEST FOR PRODUCTION NO. 61:**

13   All DOCUMENTS that REFER OR RELATE TO SPACE BABES prior to
14 January 1, 2005.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

16   MGA incorporates by reference its General Response and General Objections
17 above, as though fully set forth herein and specifically incorporates General Objection
18 No. 15 (regarding Definitions), including without limitation MGA's objection to the
19 definition of the terms SPACE BABES and REFER OR RELATE TO.  MGA further
20 objects to the request to the extent it seeks the production of documents that are
21 protected from disclosure under any applicable privilege, doctrine or immunity,
22 including without limitation the attorney-client privilege, the work product doctrine,
23 the right of privacy, and all other privileges recognized under the constitutional,
24 statutory or decisional law of the United States of America, the State of California or
25 any other applicable jurisdiction.  MGA further objects to this request on the grounds
26 that it is overly broad and unduly burdensome in that it seeks documents not relevant
27 to the claims or defenses in this action and not reasonably calculated to lead to the
28 discovery of admissible evidence.  Mattel, has not demonstrated how *all*

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
310-553-3000

666557

1   DOCUMENTS that REFER OR RELATE TO SPACE BABES prior to January 1,

2   2005 could be relevant to the claims and defenses in this action. The request is not

3   limited to the subject matter of this action and is thus impermissibly overbroad. See

4   Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-

5   7:5 (discovery request overbroad where complaint does not even reference the

6   product). MGA further objects to this request on the grounds that the terms SPACE

7   BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly

8   broad and unduly burdensome. MGA further objects to the request to the extent that

9   it seeks documents that by reason of public filing, public distribution or otherwise are

10  already in Mattel's possession or are readily accessible to Mattel. MGA further

11  objects to the request to the extent that it seeks documents not in MGA's possession,

12  custody or control. MGA further objects to the request to the extent it seeks

13  confidential, proprietary or commercially sensitive information, the disclosure of

14  which would be inimical to the business interests of MGA.

15      MGA further objects to this request as cumulative, duplicative, and unduly

16  burdensome to the extent that it seeks documents previously requested by Mattel or

17  produced by MGA in response to Mattel's document requests, including, but not

18  limited to: Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

19  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

20  and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

21  Isaac Larian.

22  **REQUEST FOR PRODUCTION NO. 62:**

23      All DOCUMENTS that REFER OR RELATE TO Paula Garcia's work in

24  connection with or role in SPACE BABES.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

26      MGA incorporates by reference its General Response and General Objections

27  above, as though fully set forth herein and specifically incorporates General Objection

28  No. 15 (regarding Definitions), including without limitation MGA's objection to the

666557

**OPPOSITION TO SEPARATE STATEMENT**

1  definition of the terms SPACE BABES and REFER OR RELATE TO.  MGA further

2  objects to the request to the extent it seeks the production of documents that are

3  protected from disclosure under any applicable privilege, doctrine or immunity,

4  including without limitation the attorney-client privilege, the work product doctrine,

5  the right of privacy, and all other privileges recognized under the constitutional,

6  statutory or decisional law of the United States of America, the State of California or

7  any other applicable jurisdiction.  MGA further objects to this request on the grounds

8  that it is overly broad and unduly burdensome in that it seeks documents not relevant

9  to the claims or defenses in this action and not reasonably calculated to lead to the

10  discovery of admissible evidence.  Mattel has not demonstrated how *all*

11  DOCUMENTS that REFER OR RELATE TO Paula Garcia's work in connection with

12  or role in SPACE BABES could be relevant to the claims and defenses in this action.

13  The request is not limited to the subject matter of this action and is thus

14  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see

15  also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does

16  not even reference the product).  MGA further objects to this request as being overly

17  broad and unduly burdensome on the grounds that it is not limited in time.  MGA

18  further objects to this request on the grounds that the terms SPACE BABES and

19  REFER OR RELATE TO renders the request vague, ambiguous, overly broad and

20  unduly burdensome.  MGA further objects to the phrase "work in connection with or

21  role in" as vague and ambiguous.  MGA further objects to the request to the extent

22  that it seeks documents not in MGA's possession, custody or control.  MGA further

23  objects to the request to the extent it seeks confidential, proprietary or commercially

24  sensitive information, the disclosure of which would be inimical to the business

25  interests of MGA.

26       MGA further objects to this request as cumulative, duplicative, and unduly

27  burdensome to the extent that it seeks documents previously requested by Mattel or

28  produced by MGA in response to Mattel's document requests, including, but not

666557

1   limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

2   Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

3   and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

4   Isaac Larian.

5   **REQUEST FOR PRODUCTION NO. 63:**

6       All DESIGNS conceived of, made, produced or created, whether in whole or in

7   part, by Scot Reyes in connection with SPACE BABES.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

9       MGA incorporates by reference its General Response and General Objections

10  above, as though fully set forth herein and specifically incorporates General Objection

11  No. 15 (regarding Definitions), including without limitation MGA's objection to the

12  definition of the terms DESIGNS and SPACE BABES.  MGA further objects to the

13  request to the extent it seeks the production of documents that are protected from

14  disclosure under any applicable privilege, doctrine or immunity, including without

15  limitation the attorney-client privilege, the work product doctrine, the right of privacy,

16  and all other privileges recognized under the constitutional, statutory or decisional

17  law of the United States of America, the State of California or any other applicable

18  jurisdiction.  MGA further objects to this request on the grounds that it is overly broad

19  and unduly burdensome in that it seeks documents not relevant to the claims or

20  defenses in this action and not reasonably calculated to lead to the discovery of

21  admissible evidence.  Mattel has not demonstrated how all DESIGNS conceived of,

22  made, produced or created by Scot Reyes in connection with SPACE BABES could

23  be relevant to the claims and defenses in this action.  The request is not limited to the

24  subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

25  at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery

26  request overbroad where complaint does not even reference the product).  MGA

27  further objects to this request as being overly broad and unduly burdensome on the

28  grounds that it is not limited in time.  MGA further objects to this request on the

666557

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1   grounds that the terms DESIGN and SPACE BABES render the request vague,

2   ambiguous, overly broad and unduly burdensome. MGA further objects to the phrase

3   "conceived of; made, produced or created" as vague and ambiguous. MGA further

4   objects to the request to the extent that it seeks documents not in MGA' s possession,

5   custody or control. MGA further objects to the request to the extent it seeks

6   confidential, proprietary or commercially sensitive information, the disclosure of

7   which would be inimical to the business interests of MGA.

8        MGA further objects to this request as cumulative, duplicative, and unduly

9   burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by MGA in response to Mattel's document requests, including, but not

11  limited to: Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

12  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

13  **REQUEST FOR PRODUCTION NO. 64:**

14       All DOCUMENTS that REFER OR RELATE TO DESIGNS conceived of,

15  made, produced or created, whether in whole or in part, by Scot Reyes in connection

16  with SPACE BABES.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

18       MGA incorporates by reference its General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General Objection

20  No. 15 (regarding Definitions), including without limitation MGA's objection to the

21  definition of the terms DESIGN, SPACE BABES and REFER OR RELATE TO.

22  MGA further objects to the request to the extent it seeks the production of documents

23  that are protected from disclosure under any applicable privilege, doctrine or

24  immunity, including without limitation the attorney-client privilege, the work product

25  doctrine, the right of privacy, and all other privileges recognized under the

26  constitutional, statutory or decisional law of the United States of America, the State of

27  California or any other applicable jurisdiction. MGA further objects to this request on

28  the grounds that it is overly broad and unduly burdensome in that it seeks documents

666557

1  not relevant to the claims or defenses in this action and not reasonably calculated to

2  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

3  DOCUMENTS that REFER OR RELATE; TO DESIGNS "conceived of, made,

4  produced or created" by Scot Reyes in connection with SPACE BABES could be

5  relevant to the claims and defenses in this action.  The request is not limited to the

6  subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

7  at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery

8  request overbroad where complaint does not even reference the product).  MGA

9  further objects to this request as being overly broad and unduly burdensome on the

10  grounds that it is not limited in time.  MGA further objects to this request on the

11  grounds that the terms DESIGN, SPACE BABES and REFER OR RELATE TO

12  renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA

13  further objects to the phrase "conceived of, made, produced or created" as vague and

14  ambiguous.  MGA further objects to the request to the extent that it seeks documents

15  not in MGA's possession, custody or control.  MGA further objects to the request to

16  the extent it seeks confidential, proprietary or commercially sensitive information, the

17  disclosure of which would be inimical to the business interests of MGA.

18      MGA further objects to this request as cumulative, duplicative, and 'unduly

19  burdensome to the extent that it seeks documents previously requested by Mattel or

20  produced by MGA in response to Mattel's document requests, including, but not

21  limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

22  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

23  **REQUEST FOR PRODUCTION NO. 65:**

24      All DOCUMENTS that REFER OR RELATE TO Scot Reyes' work in

25  connection with or role in SPACE BABES.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

27      MGA incorporates by reference its General Response and General Objections

28  above, as though fully set forth herein and specifically incorporates General Objection

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SPACE BABES and REFER OR RELATE TO. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO Scot Reyes' work in connection with or role in SPACE BABES could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the terms SPACE BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the phrase "work in connection with or role in" as vague and ambiguous. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or

1 produced by MGA in response to Mattel's document requests, including, but not

2 limited to: Request Nos. 5 and 39 from Mattel, Int.'s First Set of Requests for

3 Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

4 **REQUEST FOR PRODUCTION NO. 66:**

5     All actual or proposed contracts and agreements between YOU and Scot Reyes

6 that REFER OR RELATE TO SPACE BABES, including without limitation all drafts

7 thereof.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

9     MGA incorporates by reference its General Response and General Objections

10 above, as though fully set forth herein and specifically incorporates General Objection

11 No. 15 (regarding Definitions), including without limitation MGA's objection to the

12 definition of the terms. SPACE BABES and REFER OR RELATE TO. MGA further

13 objects to the request to the extent it seeks the production of documents that are

14 protected from disclosure under any applicable privilege, doctrine or immunity,

15 including without limitation the attorney-client privilege, the work product doctrine,

16 the right of privacy, and all other privileges recognized under the constitutional,

17 statutory or decisional law of the United States of America, the State of California or

18 any other applicable jurisdiction. MGA further objects to this request on the grounds

19 that it is overly broad and unduly burdensome in that it seeks documents not relevant

20 to the claims or defenses in this action and not reasonably calculated to lead to the

21 discovery of admissible evidence. Mattel has not demonstrated how all actual or

22 proposed contracts and agreements between MGA and Scot Reyes that REFER OR

23 RELATE TO SPACE BABES could be relevant to the claims and defenses in this

24 action. The request is not limited to the subject matter of this action and is thus

25 impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see

26 also April 19 Order at 5:26¬7:5 (discovery request overbroad where complaint does

27 not even reference the product). MGA further objects to this request as being overly

28 broad and unduly burdensome on the grounds that it is not limited in time. MGA

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  further objects to this request on the grounds that the terms SPACE BABES and

2  REFER OR RELATE TO renders the request vague, ambiguous, overly broad and

3  unduly burdensome.  MGA further objects to the request to the extent that it seeks

4  documents not in MGA's possession, custody or control.  MGA further objects to the

5  request to the extent it seeks confidential, proprietary or commercially sensitive

6  information, the disclosure of which would be inimical to the business interests of

7  MGA.  MGA further, objects to the request to the extent it seeks information the

8  disclosure of which would implicate the rights of third parties to protect private,

9  confidential, proprietary or trade secret information.  MGA further objects to this

10  request as cumulative, duplicative, and unduly burdensome to the extent that it seeks

11  documents previously requested by Mattel or produced by' MGA in response to

12  Mattel's document requests.

13  **REQUEST FOR PRODUCTION NO. 67:**

14       All DOCUMENTS that REFER OR RELATE TO payments by YOU to Scot

15  Reyes for or in connection with SPACE BABES.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

17       MGA incorporates by reference its General Response and General Objections

18  above, as though fully set forth herein and specifically incorporates General Objection

19  No. 15 (regarding Definitions), including without limitation MGA's objection to the

20  definition of the terms REFER OR RELATE TO and SPACE BABES.  MGA further

21  objects to the request to the extent it seeks the production of documents that are

22  protected from disclosure under any applicable

23       privilege, doctrine or immunity, including without limitation the attorney-client

24  privilege, the work product doctrine, the right of privacy, and all other privileges

25  recognized under the constitutional, statutory or decisional law of the United States of

26  America, the State of California or any other applicable jurisdiction.  MGA further

27  objects to this request on the grounds that it is overly broad and unduly burdensome

28  in that it seeks documents not relevant to the claims or defenses in this action and not

666557

1   reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

2   demonstrated how *all* DOCUMENTS that REFER OR RELATE TO payments made

3   by MGA to Scot Reyes in connection with SPACE BABES could be relevant to the

4   claims and defenses in this action.  The request is not limited to the subject matter of

5   this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May

6   22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad

7   where complaint does not even reference the product).  MGA further objects to this

8   request as being overly broad and unduly burdensome on the grounds that it is not

9   limited in time.  MGA further objects to this request on the grounds that the terms

10   REFER OR RELATE TO and SPACE BABES render the request vague, ambiguous,

11   overly broad and unduly burdensome.  MGA further objects to the request to the

12   extent it seeks confidential, proprietary or commercially sensitive information, the

13   disclosure of which would be inimical to the business interests of MGA.  Such

14   information may also be subject to protective orders governing other litigations

15   thereby precluding disclosure in response to this request.  MGA further objects to the

16   request to the extent it violates the privacy rights of third parties to their private,

17   confidential, proprietary or trade secret information.

18          MGA further objects to this request as cumulative, duplicative, and unduly

19   burdensome to the extent that it seeks documents requested pursuant to Request No. 8

20   or previously requested by Mattel or produced by MGA in response to Mattel's

21   document requests.

22   **REQUEST FOR PRODUCTION NO. 68:**

23          All DOCUMENTS that REFER OR RELATE TO payments by YOU to Scot

24   Reyes.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

26          MGA incorporates by reference its General Response and General Objections

27   above, as though fully set forth herein and specifically incorporates General Objection

28   No. 15 (regarding Definitions), including without limitation MGA's objection to the

666557

**OPPOSITION TO SEPARATE STATEMENT**

1  definition of the term REFER OR RELATE TO.  MGA further objects to the request
2  to the extent it seeks the production of documents that are protected from disclosure
3  under any applicable privilege, doctrine or immunity, including without limitation the
4  attorney-client privilege, the work product doctrine, the right of privacy, and all other
5  privileges recognized under the constitutional, statutory or decisional law of the
6  United States of America, the State of California or any other applicable jurisdiction.
7  MGA further objects to this request on the grounds that it is overly broad and unduly
8  burdensome in that it seeks documents not relevant to the claims or defenses in this
9  action and not reasonably calculated to lead to the discovery of admissible evidence.
10 Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO
11 payments made by MGA to Scot Reyes could be relevant to the claims and defenses
12 in this action.  The request is not limited to the subject matter of this action and is thus
13 impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.
14 MGA further objects to this request as being overly broad and unduly burdensome on
15 the grounds that it is not limited in time.  MGA further objects to this request on the
16 grounds that the term REFER OR RELATE TO renders the request vague,
17 ambiguous, overly broad and unduly burdensome.  MGA further objects to the request
18 to the extent it seeks confidential, proprietary or commercially sensitive information,
19 the disclosure of which would be inimical to the business interests of MGA.  MGA
20 further objects to the request to the extent it violates the privacy rights of third parties
21 to their private, confidential, proprietary or trade secret information.

22      MGA further objects to this request as cumulative, duplicative, and unduly
23 burdensome to the extent that it seeks documents requested pursuant to Request
24 No. 67 or previously requested by Mattel or produced by MGA in response to Mattel's
25 document requests.

26 **REQUEST FOR PRODUCTION NO. 69:**

27      All DOCUMENTS that REFER OR RELATE TO Isaac Larian's work in
28 connection with or role in SPACE BABES.

666557

OPPOSITION TO SEPARATE STATEMENT

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SPACE BABES and REFER OR RELATE TO. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that the terms SPACE BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the phrase "work in connection with or role in" as vague and ambiguous. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO Isaac Larian's work in connection with or role in SPACE BABES could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents

666557

1  previously requested by Mattel or produced by MGA in response to Mattel's
2  document requests.

3  **REQUEST FOR PRODUCTION NO. 70:**

4  DOCUMENTS sufficient to show the first manufacture date of each and every
5  SPACE BABES product.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

7  MGA incorporates by reference its General Response and General Objections
8  above, as though fully set forth herein and specifically incorporates General Objection
9  No. 15 (regarding Definitions), including without limitation MGA's objection to the
10  definition of the term SPACE BABES. MGA further objects to the request to the
11  extent it seeks the production of documents that are protected from disclosure under
12  any applicable privilege, doctrine or immunity, including without limitation the
13  attorney-client privilege, the work product doctrine, the right of privacy, and all other
14  privileges recognized under the constitutional, statutory or decisional law of the
15  United States of America, the State of California or any other applicable jurisdiction.
16  MGA further objects to the phrase "sufficient to show" as vague and ambiguous.
17  MGA further objects to this .request on the grounds that it is overly broad and unduly
18  burdensome in that it seeks documents not relevant to the claims or defenses in this
19  action and not reasonably calculated to lead to the discovery of admissible evidence.
20  Mattel has not demonstrated how DOCUMENTS "sufficient to show" the first
21  manufacture date of each and every SPACE BABES product could be relevant to the
22  claims and defenses in this action. The request is not limited to the subject matter of
23  this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20;
24  May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request
25  overbroad where complaint does not even reference the product). MGA further
26  objects to this request as being overly broad and unduly burdensome on the grounds
27  that it is not limited in time or geographic scope. MGA further objects to this request
28  on the grounds that the term SPACE BABES renders the request vague, ambiguous,

666557

**OPPOSITION TO SEPARATE STATEMENT**

1  overly broad and unduly burdensome.  MGA further objects to the request to the

2  extent that it seeks documents that by reason of public filing, public distribution or

3  otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA

4  further objects to the request to the extent that it seeks documents not in MGA's

5  possession, custody or control.  MGA further objects to the request to the extent it

6  seeks confidential, proprietary or commercially sensitive information, the disclosure

7  of which would be inimical to the business interests of MGA.

8  MGA further objects to this request as cumulative, duplicative, and unduly

9  burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by MGA in response to Mattel's document requests, including, but not

11  limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

12  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

13  **REQUEST FOR PRODUCTION NO. 71:**

14  DOCUMENTS sufficient to show the first ship date of each and every SPACE

15  BABES product.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

17  MGA incorporates by reference its General Response and General Objections

18  above, as though fully set forth herein and specifically incorporates General Objection

19  No. 15 (regarding Definitions), including without limitation MGA's objection to the

20  definition of the term SPACE BABES.  MGA further objects to the request to the

21  extent it seeks the production of documents that are protected from disclosure under

22  any applicable privilege, doctrine or immunity, including without limitation the

23  attorney-client privilege, the work product doctrine, the right of privacy, and all other

24  privileges recognized under the constitutional, statutory or decisional law of the

25  United States of America, the State of California or any other applicable jurisdiction.

26  MGA further objects to the phrase "sufficient to show" as vague and ambiguous.

27  MGA further objects to this request on the grounds that it is overly broad and unduly

28  burdensome in that it seeks documents not relevant to the claims or defenses in this

666557

**OPPOSITION TO SEPARATE STATEMENT**

1 action and not reasonably calculated to lead to the discovery of admissible evidence.

2 Mattel has not demonstrated how DOCUMENTS "sufficient to show" the first ship

3 date of each and every SPACE BABES product could be relevant to the claims and

4 defenses in this action. The request is not limited to the subject matter of this action

5 and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at

6 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where

7 complaint does not even reference the product). MGA further objects to this request

8 as being overly broad and unduly burdensome on the grounds that it is not limited in

9 time or geographic scope. MGA further objects to this request on the grounds that the

10 term SPACE BABES renders the request vague, ambiguous, overly broad and unduly

11 burdensome. MGA further objects to the request to the extent that it seeks documents

12 that by reason of public filing, public distribution or otherwise are already in Mattel's

13 possession or are readily accessible to Mattel. MGA further objects to the request to

14 the extent that it seeks documents not in MGA's possession, custody or control. MGA

15 further objects to the request to the extent it seeks confidential, proprietary or

16 commercially sensitive information, the disclosure of which would be inimical to the

17 business interests of MGA.

18     MGA further objects to this request as cumulative, duplicative, and unduly

19 burdensome to the extent that it seeks documents previously requested by Mattel or

20 produced by MGA in response to Mattel's document requests, including, but not

21 limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

22 Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

23 **REQUEST FOR PRODUCTION NO. 72:**

24     DOCUMENTS sufficient to show YOUR revenues from SPACE BABES.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

26     MGA incorporates by reference its General Response and General Objections

27 above, as though fully set forth herein and specifically incorporates General Objection

28 No. 15 (regarding Definitions), including without limitation MGA's objection to the

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   definition of the term SPACE BABES.  MGA further objects to the request to the

2   extent it seeks the production of documents that are protected from disclosure under

3   any applicable privilege, doctrine or immunity, including without limitation the

4   attorney-client privilege, the work product doctrine, the right of privacy, and all other

5   privileges recognized under the constitutional, statutory or decisional law of the

6   United States of America, the State of California or any other applicable jurisdiction.

7   MGA further objects to the phrase "sufficient to show" as vague and ambiguous.

8   MGA further objects to this request on the grounds that it is overly broad and unduly

9   burdensome in that it seeks documents not relevant to the claims or defenses in this

10  action and not reasonably calculated to lead to the discovery of admissible evidence.

11  Mattel has not demonstrated how DOCUMENTS "sufficient to show" MGA's

12  revenues from SPACE BABES could be relevant to the claims and defenses in this

13  action.  The request is not limited to the subject matter of this action and is thus

14  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see

15  also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does

16  not even reference the product).  MGA further objects to this request as being overly

17  broad and unduly burdensome on the grounds that it is not limited in time or

18  geographic scope.  MGA further objects to this request on the grounds that the term

19  SPACE BABES renders the request vague, ambiguous, overly broad and unduly

20  burdensome.  MGA further objects to the request to the extent it seeks confidential,

21  proprietary or commercially sensitive information, the disclosure of which would be

22  inimical to the business interests of MGA.  Such information may also be subject to

23  protective orders governing other litigations thereby precluding disclosure in response

24  to this request.

25      MGA further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by MGA in response to Mattel's document requests, including, but not

28

666557

OPPOSITION TO SEPARATE STATEMENT

1   limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

2   Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

3   **REQUEST FOR PRODUCTION NO. 73:**

4       All DOCUMENTS that REFER OR RELATE TO any DESIGN offered,

5   submitted, pitched, assigned or transferred by Scot Reyes to YOU, acquired or

6   purchased by, or assigned to, YOU from Scot Reyes, requested or solicited by YOU

7   from Scot Reyes or made, created, produced or conceived of whether in whole or in

8   party, by Scot Reyes on YOUR behalf.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

10      MGA incorporates by reference its General Response and General Objections

11  above, as though fully set forth herein and specifically incorporates General Objection

12  No. 15 (regarding Definitions), including without limitation MGA's objection to the

13  definition of the terms DESIGN and REFER OR RELATE TO.  MGA further objects

14  to the request to the extent it seeks the production of documents that are protected

15  from disclosure under any applicable privilege, doctrine or immunity, including

16  without limitation the attorney-client privilege, the work product doctrine, the right of

17  privacy, and all other privileges recognized under the constitutional, statutory or

18  decisional law of the United States of America, the State of California or any other

19  applicable jurisdiction.  MGA further objects to this request on the grounds that the

20  terms DESIGN, and REFER OR RELATE TO renders the request vague, ambiguous,

21  overly broad and unduly burdensome.  MGA further objects to the phrase "offered,

22  submitted, pitched, assigned or transferred by Scot Reyes to MGA, acquired or

23  purchased by or assigned to MGA from Scot Reyes, requested or solicited by MGA

24  from Scot Reyes or made, created, produced or conceived of by Scot Reyes" as vague

25  and ambiguous.  MGA further objects to this request on the grounds that it is overly

26  broad and unduly burdensome in that it seeks documents not relevant to the claims or

27  defenses in this action and not reasonably calculated to lead to the discovery of

28  admissible evidence.  Mattel has not demonstrated .how *all* DOCUMENTS that

666557

54

**OPPOSITION TO SEPARATE STATEMENT**

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  REFER OR RELATE TO any DESIGN offered, submitted, pitched, assigned or

2  transferred by Scot Reyes to MGA, acquired or purchased by or assigned to MGA

3  from Scot Reyes, requested or solicited by MGA from Scot Reyes or made, created,

4  produced or conceived of by Scot Reyes on behalf of MGA could be relevant to the

5  claims and defenses in this action. The request is not limited to the subject matter of

6  this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20;

7  May 22 Order at 21:5-7. MGA further objects to this request as being overly broad

8  and unduly burdensome on the grounds that it is not limited in time. MGA further

9  objects to the request to the extent it seeks confidential, proprietary or commercially

10  sensitive information, the disclosure of which would be inimical to the business

11  interests of MGA. MGA further objects to this request as cumulative, duplicative,

12  and unduly burdensome to the extent that it seeks documents previously requested by

13  Mattel or produced by MGA in response to Mattel's document requests.

14  **REQUEST FOR PRODUCTION NO. 74:**

15      All COMMUNICATIONS between YOU and Scot Reyes that REFER OR

16  RELATE; TO MATTEL or any MATTEL doll or product.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

18      MGA incorporates by reference its General Response and General Objections

19  above, as though fully .set forth herein and specifically incorporates General

20  Objection No. 15 (regarding Definitions), including without limitation MGA's

21  objection to the definition of the term REFER OR RELATE TO. MGA further

22  objects to the request to the extent it seeks the production of documents that are

23  protected from disclosure under any applicable privilege, doctrine or immunity,

24  including without limitation the attorney-client privilege, the work product doctrine,

25  the right of privacy, and all other privileges recognized under the constitutional,

26  statutory or decisional law of the United States of America, the State of California or

27  any other applicable jurisdiction. MGA further objects to this request on the grounds

28  that it is overly broad and unduly burdensome in that it seeks documents not relevant

666557

1    to the claims or defenses in this action and not reasonably calculated to lead to the

2    discovery of admissible evidence.  Mattel has not demonstrated how all

3    COMMUNICATIONS between MGA and Scot Reyes that REFER OR RELATE TO

4    MATTEL or any MATTEL doll or product could be relevant to the claims and

5    defenses in this action.  The request is not limited to the subject matter of this action

6    and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20.; May 22 Order at

7    21:5-7.  MGA further objects to this request as being overly broad and unduly

8    burdensome on the grounds that it is not limited in time.  MGA further objects to this

9    request on the grounds that the term.  REFER OR RELATE TO renders the request

10   vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

11   request to the extent it seeks confidential, proprietary or commercially sensitive

12   information, the disclosure of which would be inimical to the business interests of

13   MGA.  MGA further objects to the request to the extent it violates the privacy rights

14   of third parties to their private, confidential, proprietary or trade secret information.

15       MGA further objects to this request as cumulative, duplicative, and unduly

16   burdensome to the extent that it seeks documents previously requested by Mattel or

17   produced by MGA in response to Mattel's document requests, including, but not

18   limited to:  Request Nos. 138 and 140 from Mattel, Inc.'s First Set of Requests for

19   Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

20   and Request No. 116 from Mattel's First Set of Requests for Documents and Things to

21   Isaac Larian.

22   **REQUEST FOR PRODUCTION NO. 75:**

23       All DOCUMENTS that REFER OR RELATE TO MATTEL documents or

24   information provided, shown or otherwise disclosed to YOU by Scot Reyes.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

26       MGA incorporates by reference its General Response and General Objections

27   above, as though fully set forth herein and specifically incorporates General Objection

28   No. 15 (regarding Definitions), including without limitation MGA's objection to the

666557

1   definition of the term REFER OR RELATE TO.  MGA further objects to the request

2   to the extent it seeks the production of documents that are protected from disclosure

3   under any applicable privilege, doctrine or immunity, including without limitation the

4   attorney-client privilege, the work product doctrine, the right of privacy, and all other

5   privileges recognized under the constitutional, statutory or decisional law of the

6   United States of America, the State of California or any other applicable jurisdiction.

7   MGA further objects to this request on the grounds that it is overly broad and unduly

8   burdensome in that it seeks documents not relevant to the claims or defenses in this

9   action and not reasonably calculated to

10         lead to the discovery of admissible evidence.  Mattel has not demonstrated how

11  *all* DOCUMENTS that REFER OR RELATE TO MATTEL documents or

12  information provided, shown or otherwise disclosed, to MGA by Scot Reyes could be

13  relevant to the claims and defenses in this action.  The request is not limited to the

14  subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

15  at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

16  overly broad and unduly burdensome on the grounds that it is not limited in time.

17  MGA further objects to this request on the grounds that the term REFER OR

18  RELATE TO renders the request vague, ambiguous, overly broad and unduly

19  burdensome.  MGA further objects to the phrase " provided, shown or otherwise

20  disclosed" as vague and ambiguous.  MGA further objects to the request to the extent

21  that it seeks documents not in MGA's possession, custody or control.  MGA further

22  objects to the request to the extent it seeks confidential, proprietary or commercially

23  sensitive information, the disclosure of which would be inimical to the business

24  interests of MGA.

25         MGA further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by MGA in response to Mattel's document requests, including, but not

28  limited to:  Request Nos. 116, 198, and 221 from Mattel's First Set of Requests for

666557

**OPPOSITION TO SEPARATE STATEMENT**

1   Documents and Things to Isaac Larian, and Request Nos. 42, 137, 140, and 160 from

2   Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair

3   Competition to MGA Entertainment, Inc.

4   **MATTEL'S REASONS WHY FURTHER RESPONSE TO REQUESTS**

5   **REGARDING "SAMANTHA SCOOTER" AND "SPACE BABES" SHOULD**

6   **BE COMPELLED**

7        Mattel's Request Nos. 43-55 and 56-75 each seek documents relating to

8   Mattel's claims in Phase 2. They bear directly on MGA's development of the "Scooter

9   Samantha" and "Space Babies" products that that Mattel alleges are—like

10  Bratz—stolen from Mattel through MGA's pattern and conspiracy of stealing Mattel

11  product ideas and concepts, like Bratz, and marketing them as its own.

12  As set forth more fully in Mattel's renewed Motion, Mattel alleges that MGA derived

13  the "Scooter Samantha" doll from its theft of Mattel's "Scooter Shannen" doll.[8]

14  Mattel believes that "Space Babies" likewise has Mattel origins. The origins and

15  development of "Scooter Samantha" and "Space Babies" are therefore at issue in this

16  lawsuit. These requests seek documents related to that narrow issue for each product.

17  If MGA developed "Scooter Samantha" or "Space Babies" independently, then these

18  documents should show that, or they will prove Mattel's claim.

19  MGA should be compelled to produce documents and things responsive to these

20  requests regarding "Scooter Samantha" and "Space Babies." Nor can it offer any

21  reasonable basis on which to object. When Mattel initially brought its motions in

22  Phase 1, MGA's argument in opposition was simply that Mattel's requests were

23  "premature" because they relate to Phase 2 issues. That may have been applicable

24  then, but it is no longer. Now that Phase 2 has begun in earnest, these documents

25  should be produced to allow Mattel to fully develop its claims and defenses in this

26  Phase of the litigation.

27

28

666557        [8] See Mattel's Renewed Motion to Compel at Part IV.

OPPOSITION TO SEPARATE STATEMENT

1  **MGA'S OPPOSITION TO MATTEL'S REASONS WHY FURTHER**

2  **RESPONSE TO REQUEST NOS. 43-75 (SET THREE) SHOULD BE**

3  **COMPELLED**

4      As set forth in the MGA Parties' Opposition filed concurrently herewith, these

5  Requests for Production are no longer at issue as the MGA Parties agreed to produce

6  all non-privileged documents responsive to these Requests.  Accordingly, the

7  Renewed Motion is moot as to each of these Requests.

8

9

10  Dated:  February 12, 2009         Patricia L. Glaser
                                       Joel N. Klevens
11                                      GLASER, WEIL, FINK, JACOBS
                                         & SHAPIRO, LLP
12
                                        Russell J. Frackman
13                                      MITCHELL, SILBERBERG & KNUPP, LLP

14

15

16  By: _____
                                        Arman Khan
17                                      Attorneys for the MGA Parties
                                        for Phase Two

18

19

20

21

22

23

24

25

26

27

28

666557

**OPPOSITION TO SEPARATE STATEMENT**

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

## PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On February 12, 2009, I served the foregoing document described as:

### OPPOSITION TO SEPARATE STATEMENT IN SUPPORT OF MATTEL, INC.'S RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

### PLEASE SEE ATTACHED SERVICE LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☒ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee.

☒ (BY EMAIL)   I caused such documents to be delivered via email to the addressee(s).

☐ (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 12th day of February, 2009, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
YUMI CHUNG

866887 v1

## SERVICE LIST

Robert C. O'Brien
Discovery Master
Arent Fox LLP
555 West 5th St., Suite 4800
Los Angeles, CA 90013
**[By Personal Service]**

John Quinn, Esq.
(johnquinn@quinnemanuel.com)
Jon D. Corey, Esq.
(joncorey@quinnemanuel.com)
Michael T. Zeller, Esq.
(michaelzeller@quinnemanuel.com)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
**[By Personal Service]**

Russell J. Frackman, Esq.
(rjf@msk.com)
Patricia H. Benson, Esq.
(phb@msk.com)
Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90067
(310) 312-2000
**[By Email Service]**

Thomas J. Nolan, Esq.
(tnolan@skadden.com)
Raoul D. Kennedy, Esq.
(rkennedy@skadden.com)
Jason D. Russell, Esq.
(Jason.russell@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
(213) 687-5000
**[By Email Service]**

Mark E. Overland, Esq.
moverland@obsklaw.com
Alexander H. Cote, Esq.
acote@obsklaw.com
Overland Borenstein Scheper & Kim LLP
601 W. 5th Street, 12th Floor
Los Angeles, CA 90017
**[By Email Service]**

666857 v1