QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>          Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059 and<br>Case No. CV 05-02727<br><br>DISCOVERY MATTER<br>[To Be Heard by Discovery Master Robert C. O'Brien Pursuant to Order of March 16, 2009]<br><br>MATTEL, INC.'S REPLY IN SUPPORT OF RENEWED MOTION FOR ISSUANCE OF LETTER OF REQUEST<br><br>Hearing Date: April 27, 2009<br>Time: 10:00 a.m.<br>Place: Arent Fox LLP<br><br>**Phase 2:**<br>Discovery Cut-off: Dec. 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

07975/2869528.5

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT ............................................................................................................ 1

I.    THE MGA PARTIES DO NOT OBJECT TO THE FORM OF THE LETTER OF REQUEST OR THE PROPRIETY OF DEPOSING MS. BRISBOIS ....................................................................................................... 1

II.    MGA'S OBJECTIONS TO THE DOCUMENTS SOUGHT SHOULD BE OVERRULED .......................................................................................... 2

    A.    The Discovery Master Has Held that Personnel Files Are Relevant and Discoverable (Brisbois Request No. 7 & MGA Canada Request No. 7) ................................................................. 2

    B.    Mattel's Phase 2 Claims Are Not Product Specific (Brisbois Request No 9 & MGA Canada Request No 9) ........................................ 4

    C.    Mattel's Requests for Brisbois' Marketing Documents Are Not Overbroad or Unduly Burdensome (Brisbois Request No. 10 & MGA Canada Request No. 10) ................................................ 7

III.    MATTEL'S SUBJECT MATTER DESIGNATIONS ARE TAILORED TO APPROPRIATELY DESIGNATE THE SCOPE OF EXAMINATION ................................................................................................ 11

IV.    MGA'S GENERALIZED UNSUPPORTED OBJECTIONS ARE INSUFFICIENT ................................................................................................ 13

CONCLUSION ....................................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

## Cases

A. Farber and Partners, Inc. v. Garber,
    234 F.R.D. 186 (C.D. Cal. 2006) ................................................. 3, 5, 10, 14

Amparan v. Plaza Home Mortg., Inc.,
    2009 WL 32514 (N.D. Cal. 2009) ..................................................... 5, 10, 14

Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.,
    231 F.R.D. 426 (M.D. Fla. 2005) ............................................................... 8

Boyer v. Gildea,
    2008 WL 4911267 (N.D. Ind. 2008) ........................................................ 10

Bramell v. Aspen Exploration, Inc.,
    2008 WL 4425368 (E.D. Tex. 2008) ......................................................... 8

In re Coan,
    2007 WL 128010 (N.D. Cal. 2007) ................................................. 1, 5, 13

Columbia Pictures Indus., Inc. v. Bunnell,
    2007 WL 4916964 (C.D. Cal. 2007) .......................................................... 8

Detoy v. San Francisco,
    196 F.R.D. 362 (N.D. Cal. 2000) ............................................................. 13

El-Shaddai v. Wheeler,
    2009 WL 301824 (E.D. Cal. 2009) ............................................................ 8

Epling v. UCB Films, Inc.,
    2000 WL 1466216 (D. Kan. 2000) ............................................................ 9

G.K. Las Vegas Ltd. Partnership v. Simon Prop. Group, Inc.,
    2007 WL 119148 (D. Nev. 2007) .............................................................. 8

Jackson v. Montgomery Ward & Co., Inc.,
    173 F.R.D. 524 (D. Nev. 1997) .................................................................. 9

Keith H. v. Long Beach Unified School Dist.,
    228 F.R.D. 652 (C.D. Cal. 2005) ............................................................. 11

King v. Pratt & Whitney,
    161 F.R.D. 475 (S.D. Fla. 1995) .............................................................. 13

Mayes v. City of Oak Park,
    2007 WL 187941 (E.D. Mich. 2007) ......................................................... 8

McGrath v. Everest Nat'l Ins. Co.,
    2008 WL 2518710 (N.D. Ind. 2008) ........................................................ 13

Case 2:04-cv-09049-DOC-RNB   Document 5139   Filed 04/07/09   Page 4 of 19   Page ID
#:166611

Moon v. SCP Pool Corp.,
  232 F.R.D. 633 (C.D. Cal. 2005) .................................................................. 8

Nagele v. Elec. Data Sys. Corp.,
  193 F.R.D. 94 (W.D.N.Y. 2000) ................................................................... 9

Nakagawa v. Regents of Univ. of Cal.,
  2008 WL 1808902 (N.D. Cal. 2008) ............................................................ 6

Oakes v. Halvorsen Marine Ltd.,
  179 F.R.D. 281 (C.D. Cal. 1998) .......................................................1, 5, 10

Panola Land Buyers Ass'n v. Shuman,
  762 F.2d 1550 (11th Cir. 1985) ................................................................ 9, 14

Putnam v. Eli Lily and Co.,
  508 F. Supp. 2d 812 (C.D. Cal. 2007) ..................................................... 6, 11

Ramirez v. County of Los Angeles,
  231 F.R.D. 407 (C.D. Cal. 2005) ................................................................ 14

Residential Constructors, LLC v. Ace Prop. and Cas. Ins. Co.,
  2006 WL 3149362 (D. Nev. 2006) .............................................................. 9

Thomas v. Hickman,
  2007 WL 4302974 (E.D. Cal. 2007) ....................................................... 9, 14

U.S. ex rel. O'Connell v. Chapman Univ.,
  245 F.R.D. 646 (C.D. Cal. 2007) .................................................................. 8

**Statutes**

Fed.R.Civ.Pro. 26(b) ............................................................................................ 5

Fed. R. Civ. P. 28(b)(1)(B) .................................................................................. 1

Fed.R.Civ.P. 30(b)(6) ........................................................................... 11, 12, 13

Fed.R.Civ.P. 34(b) ........................................................................................... 1, 5

07975/2869528.5
-iii-
REPLY ISO RENEWED MTN FOR ISSUANCE OF LETTER OF REQUEST

**Preliminary Statement**

The MGA Parties have refused to produce Ms. Brisbois, an employee of MGA's Canadian subsidiary, for deposition and to produce documents from its Canadian subsidiary. As a result, Mattel moved for issuance of a Letter of Request of International Judicial Assistance to obtain discovery from Ms. Brisbois and from MGA Canada regarding her theft and use of Mattel trade secrets, as alleged in Mattel's counter-claims.

In their Opposition, the MGA Parties do not question the authority of the Court (through the Discovery Master) to issue Mattel's proposed letter of request pursuant to Rule 28(b)(1)(B). Nor do the MGA Parties object to the form of the letter, to the deposition of Ms. Brisbois or to the majority of the document requests.

As to the few requests with which the MGA Parties do take issue, the Discovery Master or the Court has previously rejected the very same objections urged here. These should again be overruled and the letter of request issued.

**Argument**

**I.  THE MGA PARTIES DO NOT OBJECT TO THE FORM OF THE LETTER OF REQUEST OR THE PROPRIETY OF DEPOSING MS. BRISBOIS**

Under Rule 28(b)(1)(B), courts are required to issue letters of request when a party seeks foreign depositions or production of documents in a foreign country. Fed. R. Civ. P. 28(b)(1)(B). The MGA Parties do not contest this authority. Nor do they offer the "specific facts" which they bear the burden of establishing to show that the request for a letter here is improper.[1] Recognizing that a letter must issue and that Ms. Brisbois must be deposed, the MGA parties object only to particular document requests and seek to narrow the scope of Mattel's inquiry. Mattel will address each of these in turn.

---

[1] The party objecting to the discovery request bears the burden to show why the request is improper and "must state specific facts in support of the objection." In re Coan, 2007 WL 128010, *5 (N.D. Cal. 2007) (citing Fed.R.Civ.P. 34(b)); see also Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.").

## II. MGA'S OBJECTIONS TO THE DOCUMENTS SOUGHT SHOULD BE OVERRULED

### A. The Discovery Master Has Held that Personnel Files Are Relevant and Discoverable (Brisbois Request No. 7 & MGA Canada Request No. 7)

The MGA Parties object to the following requests:

- REQUEST FOR PRODUCTION NO. 7 to Brisbois: "A copy of each personnel file maintained or created by MGA RELATING TO Brisbois."[2]
- REQUEST FOR PRODUCTION NO. 7 to MGA Canada: "A copy of each personnel file maintained or created by YOU RELATING TO Brisbois."[3]

Ms. Brisbois is repeatedly referenced in Mattel's Phase 2 claims: Mattel alleges that Ms. Brisbois herself stole "trade secret and proprietary information" belonging to Mattel while she was employed at Mattel and provided it to MGA.[4] As the Discovery Master has already held, personnel files of such former Mattel employees are relevant to Mattel's Phase 2 claims and thus discoverable.[5] "[T]he issues to be litigated in Phase 2 include, among other things, Mattel's claim that MGA Entertainment stole 'a vast array of trade secrets and other confidential information that comprise Mattel's intellectual infrastructure,' including, among other things, stealing 'Mattel's proprietary business methods, practices and information. . . . In light of [these] allegations . . . Mattel's request for 'all personnel and vendor files' . . . appears to be 'reasonably calculated to lead to the discovery of admissible evidence.' "[6] This holding applies equally to Mattel's request for Ms. Brisbois' personnel file. The file will potentially reveal information regarding a host of plainly relevant matters such as her recruitment by MGA, the date(s) of employment

---

[2] Mtn., Schedule B at 19.
[3] Mtn., Schedule D at 24.
[4] Counterclaims, ¶¶ 73-75, Corey Decl. Exh. W; see also id. at ¶¶ 4, 71-72, 76.
[5] Phase 2 Discovery Matter Order No. 6, dated March 13, 2009, at 4, 6, 9 Proctor Decl. Exh. 1.
[6] Id. at 4, 6.

and contact with MGA, her compensation,[7] the terms of her MGA employment, the nature of her duties (and their similarity to her duties at Mattel), performance reviews, the existence or absence of disciplinary actions stemming from her taking of Mattel's property and the existence or absence of warnings not to misuse Mattel information.

MGA argues that the request for personnel files is "obviously overbroad" (Opp. at 2) because Mattel seeks "medical or insurance" information. First, the MGA Parties have previously argued that Mattel's comparable request for other personnel files was overbroad on its face,[8] and the Discovery Master rejected that argument.[9] Second, in light of the Discovery Master's restriction on the production of medical information from personnel files, Mattel has provided herewith an updated letter of request that conforms with that limitation.[10]

MGA also argues that the request seeks private and confidential information. Again, the Discovery Master has already rejected this argument in connection with Mattel's request for other personnel files.[11] The Discovery Master recognized that the

---

[7] Ms. Brisbois' compensation is relevant for a host of reasons. Mattel has alleged that MGA induced former Mattel employees to misappropriate Mattel confidential information and to breach their duties to Mattel by means such as increased compensation and bonuses, often tied to performance criteria, as part of its Phase 2 Claims. See, e.g., Counterclaims at ¶¶ 5, 69, Corey Decl. Exh. W. Furthermore, such information can be relevant to bias, as MGA itself previously argued. See Trial Tr., July 10, 2008, at 4775:8-4776:15, Proctor Decl. Exh. 9.

[8] See Phase 2 Discovery Matter Hearing Tr., dated March 11, 2009, at 16:2-6, Proctor Decl. Exh. 2 ("And the issue . . . is to what extent are these requests overbroad, . . . particularly Request 87 demand[ing] all personnel and vendor files[.]")

[9] See Phase 2 Discovery Matter Order No. 6, at 3-6, Proctor Decl. Exh. 1 (rejecting MGA's overbreadth objection on the grounds that MGA "fail[ed] to recognize the differences between Mattel's Phase 1 and Phase 2 claims" and in light of the allegations made in Mattel's Phase 2 claims, "Mattel's request for 'all personnel or vendor files' . . . appears to be 'reasonably calculated to lead to the discovery of admissible evidence.' ").

[10] See Exhibit A hereto (providing revised versions of Requests No. 7 as well as an updated Schedule A, which provides the current list of the parties and their representatives). Other than claims of privacy, MGA's Opposition offers nothing more than a conclusory statement that these files are not relevant. With Mattel's agreement that it does not seek and will not require production of medical records, MGA's Opposition is devoid of any explanation of *how* or *why* these files are not directly relevant to Mattel's Phase 2 claims. See, e.g., A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[B]oilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper.").

[11] See Phase 2 Discovery Matter Order No. 6, at 6-8, Proctor Decl. Exh. 1.

protective order currently in place is a "crucial" fact in assessing privacy concerns, and held that personnel files can and must be produced where, as here, there is a protective order in place that adequately protects confidential information.[12] The existence of a protective order and Mattel's agreement that personal medical information need not be produced fully address MGA's concerns, and its attempt to use the privacy of its employees as a shield against discovery should once again be rejected.

### B. Mattel's Phase 2 Claims Are Not Product Specific (Brisbois Request No 9 & MGA Canada Request No 9)

The MGA Parties object to the following requests:

- REQUEST FOR PRODUCTION NO. 9 to Brisbois: "ALL DOCUMENTS RELATING TO COMMUNICATIONS between Brisbois, on the one hand, and Toys 'R Us or Wal-Mart on the other, or anyone acting on behalf of Toys 'R Us or Wal-Mart, between September 7, 2005, and January 1, 2007, including but not limited to her COMMUNICATIONS with Toys 'R Us or Wal-Mart about promotions of MGA products."[13]

- REQUEST FOR PRODUCTION NO. 9 to MGA Canada: "ALL DOCUMENTS RELATING TO COMMUNICATIONS between YOU, on the one hand, and Toys 'R Us or Wal-Mart on the other, or anyone acting on behalf of Toys 'R Us or Wal-Mart, between September 7, 2005, and January 1, 2007, regarding Ms. Brisbois or Ms. Brisbois' responsibility for the Toys 'R Us and Wal-Mart accounts with MGA, and COMMUNICATIONS with Toys 'R Us or Wal-Mart about promotions or advertising for MGA products."[14]

---

[12] Id. at 7-8. The Discovery Master noted that as an additional "safeguard" the document requests should "exclude health care specific information" and Mattel has no objection to such an exclusion.
[13] Mtn., Schedule B at 19.
[14] Mtn., Schedule D at 24.

The MGA Parties argue that these requests are overbroad because they do not seek product specific information. Again, the Discovery Master has already considered and rejected this argument: "[w]hereas Phase 1 . . . primarily addressed whether Mattel or MGA Entertainment owned the rights to Bratz products, Mattel's Phase 2 claims are not linked to single discrete product or even multiple products" and therefore, Mattel's discovery requests asking for "all" vendor files meet the applicable standards for discovery.[15]

MGA also claims these requests are improper and overbroad because they are not "linked to any legal or factual issues in this case."[16] Such a conclusory objection is not sufficient to meet the burden on the party objecting to discovery. Oakes, 179 F.R.D. at 283 ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); see also Amparan v. Plaza Home Mortg., Inc., 2009 WL 32514, *1, n. 2 (N.D. Cal. 2009) (defendant "contends that it should not have to respond to the discovery request because it was overbroad and unduly burdensome and was vague and ambiguous" but defendant "proffers no arguments and makes no showing whatsoever on either of these objections. Such empty contentions, without more, are not a sufficient basis to overcome the open exchange of discovery contemplated by the Federal Rules of Civil Procedure.").[17]

Even more basically, MGA is simply wrong that the request for records of communications between Ms. Brisbois and major toy retailers is "not linked to any of the legal or factual issues in this case." Ms. Brisbois worked for Mattel in marketing and advertising. Immediately after she left Mattel, she was given responsibility for MGA's

---

[15] Phase 2 Discovery Matter Order No. 6, at 4, 6, Proctor Decl. Exh. 1.

[16] This is not the standard for discoverable information. See Fed.R.Civ.Pro. 26(b). As the Discovery Master reiterated in a recent order, the standard for discovery is that it "need only appear reasonably calculated to lead to the discovery of admissible evidence[.]" Phase 2 Discovery Matter Order No. 3, dated March 10, 2009, at 28, Proctor Decl. Exh. 3.

[17] Garber, 234 F.R.D. 186 at 188 (overruling defendant's boilerplate objections as improper and ordering production of documents); In re Coan, 2007 WL 128010 at *5 ("A party objecting to discovery requests must state specific facts in support of the objection.") (citing Fed.R.Civ.P. 34(b)).

advertising going into the Christmas shopping season, including print and in-store advertising for Toys 'R Us.  Mattel alleges that Brisbois used her knowledge of the advertising and promotions that Mattel was working on with Toys 'R Us to prepare and execute an MGA advertising strategy that resulted in a significant loss in sales to Mattel. Mattel has accused Ms. Brisbois of stealing Mattel trade secrets and proprietary information, including "a document containing the price, cost sales plan and quantity of every Mattel product ordered by every Mattel customer in 2005 and 2006; the BARBIE television advertising strategy and information concerning sales increases generated by television advertisements; an analysis of Mattel's girls business sales beginning in 2003 and forecasts through 2006; profit and loss reviews for Mattel's products being sold in Wal-Mart; a document containing the product launch dates and related adverting for all Mattel new products between Fall 2005 and Spring 2006."[18]  Mattel's request for Ms. Brisbois' communications with Wal-Mart and Toys 'R Us is "reasonably calculated" to lead to evidence that Ms. Brisbois was using the information taken or learned from Mattel to help MGA at Mattel's expense.[19]

      Finally, MGA objects on the grounds that the communications may reveal MGA's "confidential business information and trade secrets."  MGA may not conceal its wrongdoing by claiming that evidence which may show its use of Mattel's stolen trade secrets and proprietary information is itself a trade secret, let alone in such a conclusory fashion.  It is for precisely such situations that the parties have agreed to and the Court has entered a protective order that allows a party to designate documents and information as "Confidential" or "Attorneys Eyes Only," and resolves all such objections.[20]

---

[18] Counterclaims at ¶ 74, Corey Decl. Exh. W.

[19] See Mtn., Schedule B, D, at 19, 24, requesting communications between specific persons for a limited time period of about a 15 months.

[20] See Protective Order, dated January 4, 2005, Mtn. at Attachment A; see also Nakagawa v. Regents of Univ. of Cal., 2008 WL 1808902, *3 (N.D. Cal. 2008) ("Any other privacy concerns defendant may have should be addressed by a protective order."); Putnam v. Eli Lily and Co., 508 F. Supp.2d 812, 814 (C.D. Cal. 2007) ("[A] protective order can strike the appropriate balance between the need for information and privacy concerns.").  The Phase 1 Discovery Master previously held that the protective order in place is "sufficient to address any confidentiality (footnote continued)

### C. Mattel's Requests for Brisbois' Marketing Documents Are Not Overbroad or Unduly Burdensome (Brisbois Request No. 10 & MGA Canada Request No. 10)

The MGA Parties object to the following requests:

- REQUEST FOR PRODUCTION NO. 10 to Brisbois: "ALL DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, created by Brisbois while employed by MGA RELATED TO MGA's marketing of products that compete with Mattel's products, recruiting or attempting to recruit Mattel's employees, or the theft of Mattel trade secrets, confidential or proprietary information."[21]

- REQUEST FOR PRODUCTION NO. 10 to MGA Canada: "ALL DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, created by Brisbois while employed by MGA RELATED TO MGA's marketing of products that compete with Mattel's products, recruitment or attempted recruitment of Mattel's employees, or the theft of Mattel trade secrets or confidential or proprietary information."[22]

As a preliminary matter, the MGA Parties do not object to documents and communications regarding the "recruitment or attempted recruitment of Mattel's employees, or the theft of Mattel trade secrets or confidential or proprietary information."

---

concerns[.]" Phase 1 Discovery Matter Order Granting Mattel's Mtn. to Compel Production of Documents, dated January 25, 2007, at 14, Proctor Decl. Exh. 4 ("Among other things, the protective order provides protection for confidential trade secret information."). Moreover, MGA has already made this objection to Phase 2 discovery requests, and it has been overruled. See MGA's Opp. to Separate Statement In Support Of Mattel's Renewed Motion to Compel Production of Documents and Things by MGA, dated February 12, 2009, at 4, 6, Proctor Decl. Exh. 5 ("MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information."); Phase 2 Order No. 6 Granting Mattel's Motion to Compel, at 8-9, Proctor Decl. Exh. 1 ("The documents sought by Mattel's Request Nos. 87 and 88 are reasonably calculated to lead to the discovery of admissible evidence regarding Mattel's Phase 2 claims, and are not protected from disclosure on the grounds of third-party privacy rights *or any other ground cited by MGA*[.]") (emphasis added).

[21] Mtn., Schedule B at 19.
[22] Mtn., Schedule D at 24.

Rather, MGA's objection is limited to "MGA's marketing of products that compete with Mattel's products." (Opp. at 3.)

With respect to that third of the request, the MGA Parties rely on the same conclusory objections they offered as to Request No. 9, with an added "unduly burdensome" objection (Opp. at 3) that is yet another conclusory and unsupported allegation. MGA claims that MGA Canada is a third party (which is why this letter must be sought),[23] and the law is well-settled that a party may not assert a claim of undue burden on behalf of a third party. G.K. Las Vegas Ltd. Partnership v. Simon Prop. Group, Inc., 2007 WL 119148, *3 (D. Nev. 2007) (citing Moon v. SCP Pool Corp., 232 F.R.D. 633, 636-37 (C.D. Cal. 2005)) ("A party's objection that the subpoena issued to the non-party seeks irrelevant information or imposes an undue burden on the nonparty are not grounds on which a party has standing to move to quash a subpoena issued to a non-party, especially where the non-party, itself, has not objected.").[24] Having insisted that MGA Canada be treated as a third-party, MGA is not free to reverse itself for its convenience. It cannot claim burden.

Second, MGA has not produced the specific evidence that is necessary to support a claim of burden, even if MGA were in a position to assert one. Columbia Pictures Indus., Inc. v. Bunnell, 2007 WL 4916964, *5 (C.D. Cal. 2007) ("Defendants' 'unduly burdensome and harassing' objection is overruled as such objection is conclusory, and as defendants have provided no facts or evidence to support a finding that production . . . would be unduly burdensome and/or harassing."); see also El-Shaddai v. Wheeler, 2009

---

[23] MGA states that the objections in its Opp. "are made by the MGA Parties solely on their own behalf, and not on behalf of the proposed third party deponents." Opp. at 2, n. 1.

[24] See also Bramell v. Aspen Exploration, Inc., 2008 WL 4425368, *2 (E.D. Tex. 2008) ("The Defendants do not have standing to quash the subpoena on the basis that Cobb would be subjected to an undue burden when Cobb himself failed to so object."); Mayes v. City of Oak Park, 2007 WL 187941, *1, n. 1 (E.D. Mich. 2007) (citation omitted) ("Defendants would clearly lack standing to quash the subpoena on the basis of undue burden to the CLEMIS representatives because the representatives have not objected to the subpoena on those grounds."); Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("Further, Defendants do not have standing to quash the subpoenas on the grounds of (footnote continued)

WL 301824, *2 (E.D. Cal. 2009) ("[F]ederal courts reject claims of burdensomeness which are not supported by a specific, detailed showing, usually by affidavit, of why weighing the need for discovery against the burden it will impose permits the conclusion that the court should not allow it."); <u>U.S. ex rel. O'Connell v. Chapman Univ.</u>, 245 F.R.D. 646, 648 (C.D. Cal. 2007) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.").[25]  As the Discovery Master has held in a recent Order, objections that "do not provide any supporting declaration or specific evidence to support their assertion of burden" will not be credited.[26]  Moreover, MGA's burden is not merely to show the costs of compliance, but to compare them to its value.  As this Discovery Master has recognized, "[w]hether an undue burden exist, however, depends on, among other things, the value of the information sought versus the burden alleged by the responding party."[27]  Having failed to present any evidence to support either side of this balance, MGA's objection should be overruled.

Finally, even if the merits are reached, which they should not be, Mattel's request is not unduly burdensome.  That it *might* be time consuming for someone to collect the documents is not enough to make a request unduly burdensome.  "The fact that complying with a discovery request will involve expense or consumption of time does

---

oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds.").

[25] See also <u>Panola Land Buyers Ass'n v. Shuman</u>, 762 F.2d 1550, 1559 (11th Cir. 1985) (conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why requested discovery is objectionable); <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence."); <u>Residential Constructors, LLC v. Ace Prop. and Cas. Ins. Co.</u>, 2006 WL 3149362, *9 (D. Nev. 2006) ("In opposing discovery on grounds of burdensomeness, the objecting party is required to demonstrate that the time and expense involved in responding to the requested discovery will, in fact, be unduly burdensome."); <u>Nagele v. Elec. Data Sys. Corp.</u>, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize basis for objection).

[26] Discovery Master Amended Order No. 11, dated March 31, 2009, at 18, Proctor Decl. Exh. 6.

not necessarily render it unduly burdensome." Thomas v. Hickman, 2007 WL 4302974, *10 (E.D. Cal. 2007); see also Epling v. UCB Films, Inc., 2000 WL 1466216, *5 (D. Kan. 2000) ("[E]ven if the production of documents would cause great labor and expense or even considerable hardship and the possibility of injury to its business, Defendant would still be required to establish that the hardship would be *undue* and disproportionate to the benefits Plaintiffs would gain from the document production."). MGA's argument that the request seeks every document created by *one* person (Ms. Brisbois) on *one* subject (marketing) ignores Mattel's allegations in which that person is charged with stealing Mattel's trade secrets and confidential information about marketing to use them to MGA's advantage in her new job marketing to the same customers. As the Discovery Master has previously held, Mattel's Phase 2 claims relate to "a massive and pervasive theft of Mattel information[;]" Mattel is entitled to discovery into those thefts.[28]

    These requests are also not overbroad. First, MGA's conclusory allegation of overbreadth, like its burden claims, lacks the specificity and support required, and should be overruled on that basis alone.[29] Second, the Discovery Master has already found that Mattel's Phase 2 claims, unlike its Phase 1 claims, are not product specific: "[w]hereas Phase 1 . . . primarily addressed whether Mattel or MGA Entertainment owned the rights to Bratz products, Mattel's Phase 2 claims are not linked to single discrete product or even multiple products" and, therefore, Mattel's discovery requests asking for "all" vendor files were proper.[30] The same rule applies here. MGA argues that not every MGA product is at issue in this case, and the requests are overbroad for that reason (Opp. at 3), but the Discovery Master has already rejected this argument, and MGA

---

[27] See also Discovery Matter Amended Order No. 11, at 16, Proctor Decl. Exh. 6. Here, MGA has not even alleged what exactly the burden would be on the *responding party.*

[28] Discovery Matter Amended Order No. 11 at 18, Proctor Decl. Exh. 6.

[29] See, e.g., Oakes, 179 F.R.D. at 283 ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); Garber, 234 F.R.D. at 188 (C.D. Cal. 2006) (overruling defendant's boilerplate objections as improper and ordering production of documents); Amparan, 2009 WL 32514 at *1, n. 2 (same).

[30] Discovery Matter Order No. 6 at 3-4, Proctor Decl. Exh. 1.

presents no explanation as to why he should reconsider it now. Furthermore, Mattel's request is limited to documents created by one person (Ms. Brisbois), limited temporally ("while employed by MGA"), and limited in scope (related to MGA's marketing, recruiting, and theft of confidential information). (Mtn., Sch. B, D at 19, 24.) These limits defeat any claim of vagueness or overbreadth. See Boyer v. Gildea, 2008 WL 4911267, *7 (N.D. Ind. 2008) ("Given the limitations on time, scope, and persons involved," the request "adequately describes the requested materials.").

MGA's final argument, that the request "threatens to reveal [MGA's] confidential business information and trade secrets[,]" is not only unproven, but is addressed by the existence of a protective order, as has been previously held.[31]

### III. MATTEL'S SUBJECT MATTER DESIGNATIONS ARE TAILORED TO APPROPRIATELY DESIGNATE THE SCOPE OF EXAMINATION

The MGA Parties object to the following Rule 30(b)(6) subject matter designations:

- Knowledge of MGA Entertainment Canada's methods and procedures regarding the access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any documents, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for MATTEL and that MGA received, directly or indirectly from Janine Brisbois.[32]

- Knowledge of MGA Entertainment Canada's methods and procedures regarding the access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any documents, data and/or information regarding MGA Entertainment Canada's advertising, project, sales, customer and strategy information related to any

---

[31] See supra n. 19. The Discovery Master's rulings are in accord with precedent. See, e.g., Putnam, 508 F. Supp.2d at 814 ("[A] protective order can strike the appropriate balance between the need for information and privacy concerns."); Keith H. v. Long Beach Unified School Dist., 228 F.R.D. 652, 658 (C.D. Cal. 2005) (compelling production because of minimal redactions and "a protective order to minimize any invasion of the students' privacy rights").

Bratz Product, regardless of whether such information was received directly or indirectly from Janine Brisbois.[33]

All that is required under Rule 30(b)(6) is that the noticing party "describe with reasonable particularity the matters of examination." Mattel has plainly satisfied this requirement. Its requests make clear, in more detail than is required, the subject matters it intends to cover in deposing the qualified witness(es). (Mtn., Schedule C, E, at 20, 25.) Mattel designated six subject matters on which Ms. Brisbois is to be deposed and two subject matters on which the person most knowledgeable at MGA Canada would be deposed. MGA objects to the two MGA Canada designations, even though the Phase 1 Discovery Master overruled nearly identical objections made by MGA to a strikingly similar Rule 30(b)(6) designation: "The preservation, collection, destruction, removal, transfer, loss or impairment of YOUR DOCUMENTS and DIGITAL INFORMATION since January 1, 1999 that REFER OR RELATE TO MATTEL (including without limitation to any MATTEL product, plan or information) that YOU received in any manner from any PERSON who was at the time an employee of MATTEL or who had previously been an employee of MATTEL."[34]

MGA's first argument, that Mattel's request is not limited to trade secrets as are its claims, misstates Mattel's counterclaims. Mattel did not limit its claims to trade secrets; rather, it expressly includes, among other things, "confidential and proprietary information."[35] As the Discovery Master recently concluded, Mattel's claim is that MGA stole "a vast array of trade secrets and *other confidential information* that comprises Mattel's intellectual infrastructure[.]"[36]

---

[32] Mtn., Schedule E at 25.
[33] Id.
[34] See Mattel's Second Notice of Deposition of MGA, dated February 1, 2007, at ¶ 40, Proctor Decl. Exh. 7; Phase 1 Order Granting Mattel's Motion to Compel Deposition of MGA, dated May 16, 2007, at 1, Proctor Decl. Exh. 8.
[35] See, e.g., Counterclaims at ¶¶ 1, 5, 20, 48, Corey Decl. Exh. W.
[36] Discovery Matter Order No. 6, at 4 (emphasis added), Proctor Decl. Exh. 1.

Second, MGA argues that the words "information" and "prepared, made, created, generated, assembled or complied by" are "amorphous." (Opp. at. 6.) Trying to explain why this is so, MGA argues that Mattel's designation would encompass a "price tag" on a Mattel product that Ms. Brisbois "observed when she visited a retail outlet[.]" (Opp. at 7.) Mattel has never proposed to depose Ms. Brisbois, or whomever MGA designates most knowledgeable, on their personal shopping. The issue will be whether and how MGA gained access to or advantage from information or data prepared by or for Mattel. The request is intended to facilitate the discovery process and address the inevitable "beyond the scope" objections that MGA consistently asserts at Rule 30(b)(6) depositions, frustrating the purpose of the discovery.[37] That this is the best example that MGA can offer as to why this designation is incomprehensible makes abundantly clear that it is not.

Third, MGA claims that it also cannot comprehend Mattel's supposed designation of "every document and piece of data that relates in any way to Bratz[.]" (Opp. at 7.) Once again, the express words of the designation MGA challenges defeat its objection. Mattel is not seeking *every* document that *in any way* relates to Bratz; rather, as the request states, it seeks to depose someone with knowledge about MGA Canada's procedures for document access and retention with respect to information regarding MGA Canada's "advertising, project, sales, customer or strategy information" related to Bratz. (Mtn., Sch. E at 25.) MGA's claims of vagueness and incomprehensibility are unfounded, and these objections should be overruled.

## IV. MGA'S GENERALIZED UNSUPPORTED OBJECTIONS ARE INSUFFICIENT

---

[37] Detoy v. San Francisco, 196 F.R.D. 362, 367 (N.D. Cal. 2000) (the "reasonable particularity" requirement of Rule 30(b)(6) as in interpreted in King "facilitates discovery as the Advisory Committee intended") (citing King v. Pratt & Whitney, 161 F.R.D. 475, 476 (S.D. Fla. 1995) ("The Rule is not one of limitation but rather of specification within the broad parameters of the discovery rules. This is made clear by both the Advisory Committee's statement that 30(b)(6) 'should be viewed as an added facility for discovery[.]'")).

The party objecting to the discovery request bears the burden to show why the request is improper and "must state specific facts in support of the objection." In re Coan, 2007 WL 128010 at *5 (citing Fed.R.Civ.P. 34(b)). "That burden cannot be met by a reflexive invocation of the same baseless, often abused litany that requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." McGrath v. Everest Nat'l Ins. Co., 2008 WL 2518710, *10 (N.D. Ind. 2008). Boilerplate objections are improper under the Federal Rules. Garber, 234 F.R.D. 186 at 188 (overruling defendant's boilerplate objections as improper and ordering production of documents); see also Amparan, 2009 WL 32514 at *1, n. 2.

MGA's Opposition repeatedly asserts general objections with little to no explanation, much less proof, of why the objections apply, or to what. Discovery cannot be limited based on such unsupported recitations of boilerplate objections. See Panola, 762 F.2d at 1559 (holding that court did not have discretion to limit discovery on basis of boilerplate objections). "[O]bjections that are not sufficiently specific, such as statements that requests are overly broad, burdensome, or oppressive, are waived." Hickman, 2007 WL 4302974 at *10 (noting that "the objecting entity must state specifically how each question is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); see also Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("Most of defendants' objections are too general to merit consideration and are therefore waived."). MGA's objections should be overruled.

## **Conclusion**

For the foregoing reasons, Mattel respectfully requests that this motion be granted in its entirety.

DATED: April 7, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By */s/ Jon Corey*
Jon Corey
Attorneys for Mattel, Inc.