# Exhibit 21

California Business Search                                                     Page 1 of 1



**DISCLAIMER:** The information displayed here is current as of Jan 30, 2009 and is updated weekly. It is not a complete or certified record of the Limited Partnership or Limited Liability Company.

| LP/LLC | | |
|---|---|---|
| IGWT 826 INVESTMENTS, LLC | | |
| Number: 200824110196 | Date Filed: 8/27/2008 | Status: active |
| Jurisdiction: CALIFORNIA | | |
| **Address** | | |
| 156 COPLEY PL | | |
| BEVERLY HILLS; CA 90210 | | |
| **Agent for Service of Process** | | |
| NATIONAL CORPORATE RESEARCH, LTD. (C2003899) | | |

Blank fields indicate the information is not contained in the computer file.

If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report. Fees and instructions for ordering a status report are included on the Business Entities Records Order Form.

EXHIBIT ___**21**___

**Exhibit 101**
**Page 1539**          PAGE ___**315**___

# Exhibit 22

**Filed Under Seal
Pursuant to Protective Order**

# Exhibit 23

**Filed Under Seal**
**Pursuant to Protective Order**

# Exhibit 24

**Filed Under Seal**
**Pursuant to Protective Order**

# Exhibit 25

**Filed Under Seal
Pursuant to Protective Order**

# Exhibit 26

**Filed Under Seal**
**Pursuant to Protective Order**

# Exhibit 27

**Filed Under Seal**
**Pursuant to Protective Order**

**Exhibit 28**

1255

1      UNITED STATES DISTRICT COURT

2      CENTRAL DISTRICT OF CALIFORNIA

3      EASTERN DIVISION

4      - - -

5      HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6      - - -

7  MATTEL, INC.,                          )    **CERTIFIED**
                                          )    **COPY**
8                       PLAINTIFF,         )
                                          )
9            VS.                           )    NO. CV 04-09049
                                          )
10 MGA ENTERTAINMENT, INC., ET. AL.,      )
                                          )
11                      DEFENDANTS.        )    TRIAL DAY 7
                                          )    PAGES 1255-1390
12 AND CONSOLIDATED ACTIONS,              )
                                          )
13

14

15      REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

16      RIVERSIDE, CALIFORNIA

17      WEDNESDAY, JUNE 4TH, 2008

18      8:28 A.M.

19

20

21

22

23      THERESA A. LANZA, RPR, CSR
        FEDERAL OFFICIAL COURT REPORTER
24      3470 12TH STREET, RM. 134
        RIVERSIDE, CALIFORNIA  92501
25      951-274-0844                    EXHIBIT _____ 28
        WWW.THERESALANZA.COM
                                        PAGE _____ 388

1326

1   Q   WERE YOU STILL UNCOMFORTABLE THAT MR. BRYANT WAS STILL

2   WORKING FOR A MATTEL COMPETITOR?

3   A   YES.

4   Q   DID YOU SPEAK WITH MR. LARIAN OR MS. TREANTAFELLES OR

5   ANYONE ELSE ABOUT THAT FACT?

6   A   YES.

7   Q   WHO DID YOU SPEAK TO?

8   A   FOR CERTAIN, I SPOKE TO ISAAC LARIAN, AND I'M SURE I SPOKE

9   TO PAULA AS WELL.

10  Q   DID YOU CALL ATTENTION TO THE FACT THAT YOU RECEIVED THIS

11  SIGNED CONTRACT AND IT HAD THIS FAX HEADER ON THE TOP?

12  A   I DID.

13  Q   IF YOU COULD LOOK AT EXHIBIT 15.

14          I'M GOING TO ASK YOU IF YOU CAN IDENTIFY THAT

15  DOCUMENT.

16  A   OKAY.

17  Q   CAN YOU IDENTIFY IT?

18  A   YES.

19  Q   WHAT IS IT?

20  A   IT'S THE LICENSE AGREEMENT BETWEEN MGA AND CARTER BRYANT.

21  Q   AND IS THAT THE FINAL SIGNED AGREEMENT?

22  A   YES, IT APPEARS TO BE.

23          MR. QUINN:   I'D OFFER EXHIBIT 15, YOUR HONOR.

24          MR. NOLAN:   NO OBJECTION, YOUR HONOR.

25          THE COURT:   IT'S ADMITTED.   YOU MAY PUBLISH.

EXHIBIT   98

WEDNESDAY, JUNE 4, 2008   PAGE   389   TRIAL DAY 7

09:57

09:57

09:58

09:58

09:58

1327

1   BY MR. QUINN:

2   Q    AND THIS IS THE AGREEMENT THAT YOU RECEIVED FROM

3   MR. BRYANT BY FAX.

4   A    I BELIEVE SO.

5   Q    IT SHOWS THERE, IN THE UPPER RIGHT, THAT IT'S DATED AS OF

6   SEPTEMBER 18, 2000.

7        DO YOU SEE THAT?

8   A    YES.

9   Q    WAS THAT DATE THERE WHEN YOU RECEIVED THIS DOCUMENT FROM

10  MR. BRYANT?

11  A    I BELIEVE SO, BUT I COULDN'T SAY FOR CERTAIN.

12  Q    BUT YOU DID NOTICE THAT A DATE WAS MISSING THERE.

13       THIS APPEARS TO BE THE DOCUMENT YOU GOT FROM

14  MR. BRYANT.

15  A    YES.

16  Q    AND YOU UNDERSTOOD THAT MR. BRYANT WAS STILL WORKING FOR

17  MATTEL AT THE TIME.

18  A    CORRECT.

19  Q    AND DID YOU RECEIVE THIS AROUND OR ABOUT SEPTEMBER 18,

20  2000?

21  A    I BELIEVE SO, BUT IT WAS A LONG TIME AGO.

22  Q    SURE.

23       I'D LIKE YOU TO JUMP FORWARD NOW TO SOME TIME LATER

24  IN THE NEXT YEAR, IN 2001, WERE YOU EVER ASKED TO SEND THIS

25  CONTRACT TO ANYONE?

09:58

09:59

09:59

09:59

09:59

EXHIBIT ___ 28

WEDNESDAY, JUNE 4, 2008    PAGE ___ 290    TRIAL DAY 7

1328

1    A    YES.

2    Q    WHO WERE YOU ASKED TO SEND IT TO?

3    A    PATTIE GLASER.

4    Q    WHO'S PATTIE GLASER?

5    A    OUTSIDE COUNSEL FOR MGA ENTERTAINMENT.

6    Q    SHE'S A LAWYER WHO DID WORK FOR MGA?

7    A    YES.

8    Q    WHO ASKED YOU TO SEND THAT AGREEMENT TO MS. GLASER?

9    A    ISAAC LARIAN.

10   Q    WHEN HE ASKED YOU TO SEND THAT AGREEMENT TO HIS OUTSIDE

11   LAWYER, DID HE GIVE YOU ANY PARTICULAR INSTRUCTIONS?

12   A    NO; NOT THAT I REMEMBER; JUST TO FAX IT TO HER.

13   Q    DID HE GIVE YOU ANY INSTRUCTIONS WITH RESPECT TO THE FAX

14   HEADER?

15   A    I WAS ASKED TO WHITE OUT THE FAX HEADER AT SOME POINT, AND

16   I DON'T RECALL IF THAT WAS UPON RECEIVING THE EXECUTED CONTRACT

17   OR AT THE TIME I SENT THE FAX TO PATTIE GLASER.

18   Q    I MAY HAVE GOTTEN THAT WRONG.  LET ME BACK UP.

19        AT SOME POINT YOU WERE ASKED TO WHITE OUT THE FAX

20   HEADER THAT SAID "BARBIE COLLECTIBLES"?

21   A    YES.

22   Q    YOU'RE JUST NOT SURE WHEN THAT WAS.

23   A    CORRECT.

24   Q    ARE THERE A COUPLE OF POSSIBILITIES YOU'RE THINKING OF AS

25   TO WHAT THAT WAS?

EXHIBIT _____ 28

PAGE _____ 391

WEDNESDAY, JUNE 4, 2008

TRIAL DAY 7

10:00
10:00
10:00
10:00
10:01

1329

1    MR. NOLAN:   I THINK IT'S LEADING; AND IT'S ALSO
2    TESTIFYING.
3        THE COURT:   SUSTAINED.
4    BY MR. QUINN:
5    Q    WHAT'S YOUR BEST RECOLLECTION AS TO WHEN IT WAS YOU WERE          10:01
6    ASKED TO WHITE OUT THAT FAX HEADER?
7    A    I BELIEVE IT WAS UPON FIRST RECEIVING IT.
8    Q    AND WHO WAS IT THAT ASKED YOU TO DO THAT?
9    A    ISAAC LARIAN.
10   Q    DID HE DO THAT AFTER YOU CALLED HIS ATTENTION TO IT?             10:01
11   A    YES.
12   Q    DO YOU RECALL WHEN IT WAS THAT HE LATER ASKED YOU TO SEND
13   IT TO HIS OUTSIDE LAWYER?
14   A    IT WAS SOME TIME IN 2001.
15   Q    DID HE TELL YOU WHY HE WANTED YOU TO SEND IT TO HIS              10:01
16   OUTSIDE LAWYER?
17   A    NOT THAT I RECALL.
18   Q    PUTTING ASIDE THE ISSUE OF THE HEADER, DID HE TELL YOU TO
19   MAKE ANY OTHER CHANGES BEFORE FAXING THIS TO MS. GLASER?
20   A    NOT THAT I RECALL.                                              10:02
21   Q    WHEN YOU SENT IT TO MS. GLASER, DID YOU HAVE A COPY OF THE
22   CONTRACT OR DID YOU HAVE TO GET A COPY OF THE CONTRACT?
23   A    I BELIEVE THE CONTRACT WAS HANDED TO ME AND TOLD TO FAX IT
24   TO HER.
25   Q    WHO HANDED IT TO YOU AND TOLD YOU TO FAX IT TO HER?             10:02

EXHIBIT ___ 2B

PAGE ___ 392

WEDNESDAY, JUNE 4, 2008                                    TRIAL DAY 7

1330

1    A    ISAAC LARIAN.

2    Q    DID YOU DO THAT?

3    A    I DID.

4    Q    WOULD YOU TAKE A LOOK AT EXHIBIT 13383, WHICH IS IN YOUR

5    BINDER.  MY QUESTION TO YOU IS WHETHER YOU CAN IDENTIFY THAT          10:02

6    DOCUMENT?

7    A    YES.

8    Q    WHAT IS THAT?

9    A    THIS IS THE FAX THAT I SENT TO PATTIE GLASER WITH THE

10   LICENSE AGREEMENT BETWEEN CARTER BRYANT AND MGA.                     10:03

11   Q    THAT YOU SENT IN RESPONSE TO MR. LARIAN'S REQUEST.

12   A    YES.

13              MR. QUINN:  WE'D OFFER THAT, YOUR HONOR.

14              MR. NOLAN:  NO OBJECTION, YOUR HONOR.

15              THE COURT:  IT'S ADMITTED.  YOU MAY PUBLISH.              10:03

16              MR. QUINN:  IF WE COULD JUST ENLARGE THIS FIRST PAGE,

17   HERE.

18   BY MR. QUINN:

19   Q    IS THIS THE FAX COVER PAGE THAT YOU USED TO TRANSMIT THE

20   CONTRACT TO MS. GLASER?                                              10:03

21   A    YES.

22   Q    AND DOES SEEING THIS REFRESH YOUR RECOLLECTION AS TO WHEN

23   IT WAS YOU SENT IT TO MS. GLASER?

24   A    YES.

25   Q    IF WE COULD SEE THE NEXT PAGE EXHIBIT _____ 28                  10:03

                                   PAGE _____ 393

1390

1   THE COURT HAS NOT RULED ON.

2          **THE COURT:**   OKAY.   THANK YOU.

3

4

5

6

7

8

9

10

11                                CERTIFICATE

12

13   I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
     STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
14   THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
     ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
15   CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
     THE UNITED STATES.

16

17   _____        6-4-08
     THERESA A. LANZA, CSR, RPR             _____
18   FEDERAL OFFICIAL COURT REPORTER           DATE

19

20

21

22

23

24

25                                  EXHIBIT _____ 28

                                    PAGE _____ 394

WEDNESDAY, JUNE 4, 2008                      TRIAL DAY 7

**Exhibit 29**

ATTORNEYS' EYES ONLY

*To: Gary S.*



**Corporate Office:**

16730 Schoenborn Street
North Hills, CA 91343
Phone: 818/894-2525
Fax:    818/894-1267

| | | |
|---|---|---|
| **Fax To:** | Patty Glaser<br>Christensen, Miller et al. | **Date:** July 3, 2001 |
| **Fax #:** | (310) 557-9815 | |
| **From:** | Victoria O'Connor | **# of Pages:** 7<br>(Including cover) |
| **Re:** | CARTER BRYANT | |

---

### CONFIDENTIAL - ATTORNEY/CLIENT PRIVILEGE

Isaac asked that I fax you our contract with Carter Bryant (see attached).

EXHIBIT _____ 29
PAGE _____ 395

CG 0018.1

EX 13383-0001

ATTORNEYS' EYES ONLY

*Final*

**MGA ENTERTAINMENT**
**16730 Schoenborn Street**
**North Hills, California  91343**

Mr. Carter Bryant
1319 West 160th Street
Gardena, California 90247

Dear Mr. Bryant:

Set forth below are the terms and conditions upon which we (hereinafter "MGA") are retaining you ("Bryant") to consult and advise MGA in the design and development of certain products which MGA wishes to manufacture and distribute (hereinafter our agreement is sometimes referred to as the "MGA Consulting Agreement"). The parties' agreement is as follows:

1.    **Retention as Consultant/Services**: MGA retains Bryant to provide his services to consult with MGA and advise MGA on the design and development by MGA of a line of dolls presently known as "Bratz" (the "MGA Products"). Bryant will render his services at such locations and times as may be reasonably be designated by MGA. It is understood and agreed that Bryant shall provide his services on a "top priority" basis as his services pertain to other clients of Bryant. In addition, Bryant and all other Bryant staff will take direction from and be under the supervision of such person(s) as may be reasonably designated by MGA from time to time upon notice to Bryant. It is understood and agreed that, subject to MGA's prior written consent, Bryant may retain third party contractors ("Contractors") to assist at his direction in the services to be rendered hereunder. Such third parties shall be compensated in a manner ("Contractor Fees") to be determined between Bryant and such third parties and shall be subject to the terms of this Agreement, including without limitation, paragraphs 3, 4, and 7, below. Bryant shall enter into agreements with all Contractors on a form approved by MGA as conforming to the terms of this Agreement and confirming MGA's ownership of all results and proceeds of the services provided by any such Contractors; such form is attached a Exhibit "A" to this Agreement, and is incorporated herein by reference.

2.    **Term/Exclusivity**: The Term shall commence on the date of this Agreement. MGA shall have the right to terminate this Agreement on not less than forty-five (45) days prior written notice to Bryant. During the Term of this Agreement, Bryant will not provide consulting services to any person, firm or corporation engaged in the design, development and manufacture and sale of dolls or similar products.

3.    **Ownership**:

(a)    All results and proceeds of the services provided by Bryant hereunder and any Contractor, including without limitation, any inventions, and any documentation related thereto, and any other material, whether written or oral (collectively, the "Bryant Work Product") shall be considered "work made for hire" and shall be owned exclusively, throughout the world, and in perpetuity by MGA (including all copyrights and patents therein and thereto, and all renewals and extensions thereof). MGA shall have the sole and exclusive right to use the Bryant Work Product, in whole or in part, in whatever manner MGA may desire, including without limitation, the right to cut, edit, revise, alter and/or otherwise modify the Bryant Work Product and the results of Bryant's services hereunder and the Contractors' services, and to freely use, perform, distribute, exhibit and exploit such materials and license others to do so in any and all media now known or hereafter devised. MGA shall have the sole and exclusive right to copyright or patent the Bryant Work Product in MGA's name, as the owner and author thereof, and to secure any and all registrations, renewals and extensions of such copyrights and

{00006662.DOC/2 / 10/04/2000  03:05 PM}

1.

EXHIBIT ___21___

PAGE ___31b___                CG 0019

EX 13383-0002

ATTORNEYS' EYES ONLY

patents in MGA's name or Bryant's name or the Contractors' names, as permitted pursuant to applicable statute. Bryant expressly waives, and shall cause all Contractors to waive, any "moral rights" (as such term is commonly understood around the world) in and to the Bryant Work Product prepared by Bryant and/or the Contractors pursuant to the Agreement. Bryant shall, upon request, execute, acknowledge and deliver, and shall cause each Contractor to execute, acknowledge and deliver, to MGA such additional documents as MGA may deem necessary to evidence and effectuate MGA's rights hereunder, and Bryant hereby grants to MGA the right as Bryant's attorney-in-fact to execute, acknowledge, deliver and record in the U.S. Copyright Office, the U.S. Patent Office or elsewhere any and all such documents. If, whether by statutory amendment to the U.S. Copyright and/or Patent Laws, or a decision by a court of competent jurisdiction interpreting such laws, MGA shall not be deemed to be the author or owner of the Bryant Work Product, this Agreement and each agreement with a Contractor shall, nevertheless, constitute an irrevocable assignment by Bryant and each Contractor, as applicable, to MGA of any and all of Bryant's and each Contractors' right, title and interest, including copyright and patent (and all renewals and extensions thereof), in and to the Bryant Work Product. Bryant acknowledges and agrees, and shall cause each Contractor to acknowledge and agree, that he and they have no interest in and shall not, by virtue of this Agreement or any services rendered by Bryant and/or each Contractor to MGA acquire any interest in the MGA Products and that MGA may exploit the MGA Products and any derivative works thereto, without obligation to Bryant and/or the Contractors, except as provided in Paragraph 4, below.

(b)   . Without limiting the generality of the provisions of Paragraph 3(a), above, with respect only to any Inventions, and any documentation related thereto, and any other material, whether written or oral, created by or for Bryant relating to the MGA Products prior to the commencement of the term of this Agreement, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns to MGA in perpetuity all of Bryant's right, title and interest, in an to the such material, including, without limiting the generality of the foregoing, all rights under copyright and patent (and all renewals and extensions thereof) including the right to produce and authorize the production of any and all derivative works, and all proprietary rights of any kind therein, now known or hereafter created throughout the world. MGA shall have the sole and exclusive right to use such material, in whole or in part, in whatever manner MGA may desire, including without limitation, the right to cut, edit, revise, alter and/or otherwise modify such materials and to freely use, perform, distribute, exhibit and exploit such materials and license others to do so in any and all media now known or hereafter devised or refrain from doing so as MGA may determine. Bryant expressly waives any "moral rights" (as such term is commonly understood around the world) in and to such materials.

4.   **Compensation/Costs:**

(a)   For the first six (6) months of the Term of this Agreement, MGA shall pay Bryant for his services at the rate of five thousand five hundred dollars ($5,500.00) per month; for the next three (3) months of the Term, MGA shall pay Bryant for his services at the rate of five thousand dollars ($5,000.00) per month. All sums paid to Bryant as monthly fees shall be deemed to be non-refundable, fully-recoupable advances against any royalties that may be payable to Bryant pursuant to paragraph 4(b), below.

(b)   MGA shall pay to Bryant a royalty of three percent (3%) of the Net Sales Receipts from the sales by MGA of any of the MGA Products developed by MGA on which Bryant provided his consulting services. As used herein, the term "Net Sales Receipts" means all monies actually received by MGA from its customers on sales of MGA Products less (i) any and all excise, sales, value added or comparable or similar taxes; (ii) freight and similar third party handling charges paid or payable by MGA; and (iii) returns, discounts, allowances or credits (inclusive of co-op and trade discounts and allowances). MGA shall account to Bryant on a calendar quarterly basis within thirty (30) days after the end of each quarter. All statements of royalties rendered by MGA hereunder shall be conclusive, final,

{00006662.DOC/2 / 10/04/2000  03:05 PM}

2

EXHIBIT ____ **29**

PAGE ____ **397**                    CG 0020

ATTORNEYS' EYES ONLY

and binding on Bryant, shall constitute an account stated, and shall not be subject to any question for any reason whatsoever unless specific written objection, stating the basis thereof, is given by Bryant to MGA within two (2) years after the date rendered.  No action, suit, or proceeding of any nature in respect of any royalty statement or other accounting rendered by MGA hereunder may be maintained against MGA unless such action, suit, or proceeding is commenced against MGA in a court of competent jurisdiction within one (1) year after the date of MGA's notice rejecting such objection. Bryant or his representatives shall have the right, not more than once per year and not more than once per statement of royalties, to examine MGA's books and records relating to the sales of such MGA Products, such examination to be conducted during MGA's normal business hours and upon reasonable prior written notice.

(c)     All costs and expenses incurred by Bryant in connection with the performance of his obligations hereunder shall be borne solely by Bryant, except as otherwise agreed and incurred with MGA's prior written consent.  In the event MGA requests Bryant to travel to the Orient on MGA's behalf in connection with his services hereunder, MGA will reimburse Bryant for all travel expenses incurred in connection therewith, such as parking, airfare (economy class), auto rental, meals and hotel accommodations. Reimbursement shall be at the actual cost of such item without any mark-up.

(d)     Bryant shall submit invoices to MGA for his monthly fees (and reimbursable expenses, if and as agreed) on a monthly basis.  Each invoice shall provide sufficient detail to support the monthly fee charges and hours rendered (and shall include satisfactory copies of bills and/or payments for reimbursable expenses, as applicable).  MGA shall pay each such invoice within fifteen (15) days after receipt of such invoice, provided, however, MGA reserves the right to request further explanation or documentation before paying any invoice submitted by Bryant.

(e)     MGA shall use its reasonable business efforts, consistent with its business judgment, to market, promote, distribute, sell and/or exploit the MGA Products and to collect on all monies due from sales.  MGA has not made and does not hereby make any representation or warranty with respect to the quantity of sales (if any) of MGA Products embodying the Property which MGA may sell.  Bryant recognizes and acknowledges that the sale of MGA Products is speculative and agrees that MGA's judgment and the judgment of its subsidiaries and affiliated companies with regard to the sales of any of its MGA Products and with regard to the marketing, promotion, advertising and exploitation of the MGA Products shall be binding and conclusive upon Bryant.  Bryant warrants and agrees that Bryant will not make any claim, nor shall any liability be imposed upon MGA based upon any claim, that more sales could have been made or that better business could have been done than what was actually made or done by MGA or any of MGA's subsidiaries or its affiliated companies, or that better prices or terms could have been obtained.

5.     <u>Warranties and Indemnity</u>:  Bryant represents, warrants and agrees that:

(a)     he has the right and is free to execute this Agreement, to grant the rights granted by him to MGA hereunder, and to perform each and every term and provision hereof;

(b)     neither the execution and delivery of this Agreement nor the performance by Bryant of any of his obligations hereunder will constitute a violation, breach or default under any agreement, arrangement or understanding, or any other restriction of any kind, to which Bryant is a party or by which Bryant is bound;

(c)     the Bryant Work Product shall be free of all liens and encumbrances and there will be no claims, demands or actions pending or threatened with respect thereto; and that the Bryant Work Product is original and no part thereof infringes or shall infringe upon any common law or statutory rights or intellectual property rights of any third party including, without limitation, contractual rights,

EXHIBIT _____ 29

{00008662.DOC/2 / 10/04/2000  03:05 PM}

3

PAGE _____ 38 _____ CG 0021

ATTORNEYS' EYES ONLY

patents, copyrights, mask-work rights, trade secrets, rights of privacy and other intellectual property rights;

(d)    he shall comply with all applicable laws and regulations in force during the Term of this Agreement with respect to the services to be rendered hereunder; and

(e)    he shall indemnify and hold MGA harmless from and against any and all claims, losses, costs, judgments, settlements, damages and expenses (including reasonable counsel fees) arising from any breach by him of any of the warranties, representations and agreements made by him hereunder.

6.    __Default/Termination:__

(a)    In the event either Party fails to perform any of its material obligations hereunder, or breaches any representation, warranty or agreement contained herein, the other Party may terminate this Agreement on thirty (30) days prior written notice, provided the breaching Party shall not have remedied such failure within such thirty (30) day period.

(b)    Upon the termination of this Agreement Bryant shall turn over to MGA all materials relating to the MGA Products furnished by MGA to Bryant or shall give MGA satisfactory evidence of their destruction.

7.    __Confidentiality:__

(a)    Bryant shall keep in confidence and not disclose to any third party, without the written permission of MGA, the Confidential Information made known to him under this Agreement. As used herein, the term "Confidential Information" means information relating to MGA's products (whether current or projected), product titles, customers, employees, tools and techniques, designs, drawings, schematics and other documentation relating thereto and other confidential and proprietary business information of MGA and which is expressly labeled or identified to Bryant in writing as "confidential" or which, under the circumstances of such disclosure, Bryant knows, or reasonably should know, are treated by MGA as confidential. This requirement of confidentiality shall not apply to any information that is (i) in the public domain through no wrongful act of Bryant; (ii) rightfully received by the Bryant from a third party who is not bound by a restriction of nondisclosure; (iii) already in the Bryant's possession without restriction as to disclosure; or (iv) required to be disclosed by operation of law or by order of a court or administrative body of competent jurisdiction, (provided that prior to such disclosure, MGA shall first receive notice thereof from Bryant and have the opportunity to contest such order or requirement of disclosure or seek appropriate protective order).

(b)    Bryant agrees and acknowledges that all Confidential Information disclosed to him shall be and remain the sole property of MGA. Nothing contained in this Agreement shall be construed as granting to Bryant any right, title or interest of any kind, by license or otherwise, to the Confidential Information disclosed by MGA, the intellectual property therein or any part or copy thereof. Bryant further acknowledges and agrees that nothing contained herein shall be construed as granting Bryant any right to develop, manufacture, produce and/or distribute any product(s) derived from or which otherwise uses any of the Confidential Information disclosed by MGA, or authorize or in any way assist others to do so. Bryant may not make, sell, license or distribute copies of the Confidential Information disclosed by MGA and may not sublicense, transfer or assign in any manner whatsoever this Agreement or any of Bryant's rights or obligations under this Agreement.

(c)    Bryant acknowledges that his failure to perform any of the terms or conditions of this Agreement shall result in immediate and irreparable damage to MGA. Bryant also acknowledges that there may be no adequate remedy at law for such failures and that in the event thereof MGA shall be

{00006662.DOC/2 / 10/04/2000 03:05 PM}                                    4

EXHIBIT _____ 29

PAGE _____ 400                    CG 0022

ATTORNEYS' EYES ONLY

entitled to equitable relief in the nature of injunction and to all other available relief, at law and/or in equity.

8.   **Notices:** All notices, statements and/or payments to be given to the parties hereunder shall be addressed to the parties at the addresses set forth on the first page hereof or at such other address as the parties shall designate in writing from time to time. All notices shall be in writing and shall either be served by personal delivery, mail, or facsimile (if confirmed by mail or personal delivery of the hard copy), all charges prepaid. Except as otherwise provided herein, such notices shall be deemed given when personally delivered, all charges prepaid, or on the date five (5) days following the date of mailing, except that notices of change of address shall be effective only after the actual receipt thereof. Copies of all notices to MGA shall be sent to Fischbach, Perlstein & Lieberman LLP, 1875 Century Park East, Suite 850, Los Angeles, California 90067, Attention: David S. Rosenbaum, Esq. Copies of all notices to Bryant shall be sent to Carter Bryant 1319 West 160th Street, Gardena, California 90247.

9.   **Independent Contractor/No Partnership/Third Party Beneficiary:** Bryant's relationship with MGA is that of an independent contractor. Bryant does not have, and will not represent that he has, any power, right or authority to bind MGA, or to assume or create any obligation or responsibility, express or implied, on behalf of MGA in MGA's name. Nothing stated in the Agreement shall be construed as constituting a partnership or as creating the relationships of employer/employee or principal/agent between the parties. In all matters relating to the Agreement, Bryant shall not act as MGA's employee within the meaning or application of any federal or state unemployment insurance laws, or any other laws or regulations which may impute any obligations or liabilities to MGA by reason of an employment relationship. Bryant will be solely responsible for all taxes, including without limitation, employee and employer, and that he carries all of his own insurance. Neither of the parties hereto shall hold itself out contrary to the terms of this provision by advertising or otherwise. This Agreement shall not be construed to be for the benefit of any third party.

10.  **Services Rendered Deemed Special, etc.:** Bryant acknowledges that the services to be rendered by him hereunder are of a special, unique, extraordinary and intellectual character which gives them peculiar value, the loss of which cannot be adequately compensated for in an action at law and that a breach of any term, condition or covenant hereof will cause irreparable harm and injury to MGA and in addition to any other available relief MGA will be entitled to seek injunctive relief.

11.  **General Provisions:**

(a)   This Agreement may not be assigned by either Party hereto either voluntarily or by operation of law. Any such assignment shall not relieve such Party of its obligations hereunder.

(b)   The titles of the paragraphs of this Agreement are for convenience only and shall not in any way affect the interpretation of any paragraph of this Agreement or the Agreement itself.

(c)   A waiver by either Party of the terms or conditions of this Agreement in any instance shall not be deemed or construed to be a waiver of such terms or conditions for the future or of any subsequent breach thereof. All remedies, rights, undertakings, obligations and agreements contained herein shall be cumulative and none of them shall be in limitation of any other remedy, right, undertaking, obligation or agreement of either Party.

(d)   Neither Party hereto shall be liable to the other for any incidental, consequential, special or punitive damages of any nature or kind, arising out of in connection with a breach by such Party of this Agreement, whether such liability is asserted on the basis of contract, tort (including negligence or strict liability), or otherwise, even if such Party has been warned of the possibility of any such loss or damage.

{00006662.DOC/2 / 10/04/2000  03:05 PM}

5

EXHIBIT **29**

**401**

CG 0023

(e)     This Agreement shall be construed and interpreted pursuant to the laws of the State of California, applicable to agreements made and to be performed entirely therein, and the parties hereto submit and consent to the jurisdiction of the courts of the State of California, including Federal Courts located therein, should Federal jurisdiction requirements exist, in any action brought to enforce (or otherwise relating to) this contract.

(f)     This Agreement constitutes the entire Agreement between the parties hereto and supersedes all prior agreements, whether written or oral, with respect to the subject matter herein contained.  No provision of this Agreement shall be deemed waived, amended or modified by either Party unless such waiver, amendment or modification shall be in writing and signed by a duly authorized officer of the Party against whom the waiver, amendment or modification is to be enforced.

(g)     Nothing contained in this Agreement shall be construed so as to require the commission of any act contrary to law, and wherever there is any conflict between any provision of this Agreement and any material statute, law, ordinance, order or regulation contrary to which the parties hereto have no legal right to contract, the latter shall prevail, but in such event any provision of this Agreement so affected shall be curtailed and limited only to the extent necessary to bring it within the legal requirements.

Kindly indicate your agreement with the foregoing by signing in the space provided below.

Very truly yours,

MGA ENTERTAINMENT

By: _____

Its: _____

AGREED TO AND ACCEPTED:

_____
CARTER BRYANT

_569 - 31 6 324_
Social Security Number

{00008662.DOC/2 / 10/04/2000  03:05 PM}

6

EXHIBIT ___29___

PAGE ___402___   CG 0024

**Exhibit 30**



LIBRARY OF CONGRESS

*Copyright Office*
*of the United States*

WASHINGTON, D.C.

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **YASMIN DRAWING** registered under number **VA 1-218-491.**

**THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **YASMIN DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-491.**

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By:   Tracie M. Coleman
Head
Certifications and Documents
Section
Information and Reference
Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.



Ⓐπ EXHIBIT 511
Deponent ARMSTRONG
Date 7/18/07 Rptr. ACC
WWW.DEPOBOOK.COM

EXHIBIT _____ 30

PAGE _____ 403

M 0110198

EX 511-0001

**Additional Certificate (17 U.S.C. 706)**
Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-218-491**

EFFECTIVE DATE OF REGISTRATION

**DEC 22 2003**
Month        Day        Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET

**1**
Title of This Work ▼
YASMIN Drawing

NATURE OF THIS WORK ▼ See instructions
color drawing

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give    Volume ▼        Number ▼        Issue Date ▼        On Pages ▼

**2**
**a**
NAME OF AUTHOR ▼
Carter Bryant

DATES OF BIRTH AND DEATH
Year Born ▼        Year Died ▼

Was this contribution to the work a work made for hire?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ____ U.S.A. ____
Domiciled in ____

Was This Author's Contribution to the Work
Anonymous?        ☐ Yes  ☑ No
Pseudonymous?    ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions

**NOTE**
Under the law, the author of a work made for hire is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3 Dimensional sculpture      ☐ Map            ☐ Technical drawing
☑ 2 Dimensional artwork        ☐ Photograph     ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design ☐ Architectural work

**b**
Name of Author ▼

Dates of Birth and Death
Year Born ▼        Year Died ▼

Was this contribution to the work a work made for hire?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ____
Domiciled in ____

Was This Author's Contribution to the Work
Anonymous?        ☐ Yes  ☐ No
Pseudonymous?    ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

Nature of Authorship Check appropriate box(es). See instructions
☐ 3 Dimensional sculpture      ☐ Map            ☐ Technical drawing
☐ 2 Dimensional artwork        ☐ Photograph     ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design ☐ Architectural work

**3**
**a**
Year in Which Creation of This Work Was Completed
1998
This information must be given in all cases.

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month February   Day 12   Year 2001
U.S.A.    Nation

**4**
See Instructions before completing this space.
COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
MGA Entertainment Inc  16730 Schoenborn Street
North Hills CA  91343 6122

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼
Assignment

APPLICATION RECEIVED
DEC 22 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 22 2003
FUNDS RECEIVED

---

MORE ON BACK ▶   Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions        Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ____ pages

EXHIBIT ____ 30
PAGE ____ 404

M 0110199

EX 511-0002

| EXAMINED BY | JG | FORM VA |
| CHECKED BY | | |
| □ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

□ Yes ☑ No If your answer is Yes, why is another registration being sought? (Check appropriate box.) ▼

a □ This is the first published edition of a work previously registered in unpublished form.

b □ This is the first application submitted by this author as copyright claimant.

c □ This is a changed version of the work, as shown by space 6 on this application.

If your answer is Yes, give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

a

See instructions before completing this space

b Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼          Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Larry W McFarland  Keats McFarland & Wilson LLP
9720 Wilshire Boulevard  Penthouse Suite
Beverly Hills  California  90212

b

Area code and daytime telephone number    (310 ; 248 3830          Fax number    : 310 ; 860 0363

Email   lmcfarland@kmwlaw.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
□ author
□ other copyright claimant
□ owner of exclusive right(s)
☑ authorized agent of  MGA Entertainment  Inc

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Larry W McFarland          Date   December 16 2003

Handwritten signature (X) ▼

X  _[signature]_

**9**

Certificate will be mailed in window envelope to this address

Name ▼
Larry W McFarland   Keats McFarland & Wilson LLP

Number/Street/Apt ▼
9720 Wilshire Boulevard  Penthouse Suite

City/State/ZIP ▼
Beverly Hills  California  90212

YOU MUST:
Complete all necessary spaces
Sign your application in space 8

SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:
1 Application form
2 Nonrefundable filing fee in check or money order payable to Register of Copyrights
3 Deposit material

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev. June 2002—20,000   Web Rev. June 2002   ⊕ Printed on recycled paper          US Government Printing Office 2000-461 113/20 021

EXHIBIT _____ 30

PAGE _____ 405

M 0110200

EX 511-0003

VA 1-218-491



LIBRARY OF CONGRESS
DEC 2 2 2003   TT
COPYRIGHT OFFICE

EXHIBIT ___30___

PAGE ___406___

M 0110201

EX 511-0004



EXHIBIT 30

PAGE 407

M 0110202

# Exhibit 31



LIBRARY OF CONGRESS

*Copyright Office*
*of the United States*

WASHINGTON, D.C.

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **SASHA DRAWING** registered under number **VA 1-218-488**.

**THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **SASHA DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-488**.

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By:    Tracie M. Coleman
       Head
       Certifications and Documents
       Section
       Information and Reference
       Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.



EXHIBIT ___31___

PAGE ___408___

M 0110184

EX 507-0001

**Additional Certificate (17 U.S.C. 706)**
## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-218-488**

EFFECTIVE DATE OF REGISTRATION

**DEC 2 2 2003**

| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**1**

**Title of This Work ▼**

SASHA Drawing

**NATURE OF THIS WORK ▼** See instructions

color drawing

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared  Title of Collective Work ▼

If published in a periodical or serial give  Volume ▼          Number ▼          Issue Date ▼          On Pages ▼

**2**
**a**

**NAME OF AUTHOR ▼**

Carter Bryant

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼

**NOTE**

Under the law the author of a work made for hire is generally the employer not the employee (see instructions) For any part of this work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of      U S A
     { Domiciled in

**Was This Author's Contribution to the Work**
Anonymous?      ☐ Yes  ☑ No
Pseudonymous?   ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions

**Nature of Authorship** Check appropriate box(es) **See Instructions**
☐ 3 Dimensional sculpture       ☐ Map            ☐ Technical drawing
☑ 2 Dimensional artwork         ☐ Photograph     ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design ☐ Architectural work

**b**

**Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of
     { Domiciled in

**Was This Author's Contribution to the Work**
Anonymous?      ☐ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

**Nature of Authorship** Check appropriate box(es) **See Instructions**
☐ 3 Dimensional sculpture       ☐ Map            ☐ Technical drawing
☐ 2 Dimensional artwork         ☐ Photograph     ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design ☐ Architectural work

**3**
**a**

**Year in Which Creation of This Work Was Completed**
1998
This information must be given ONLY if this work has been published
Year in all cases

**Date and Nation of First Publication of This Particular Work**
Complete this information   Month  February   Day  12   Year  2001
U.S.A.                                                              Nation

**4**

See instructions before completing this space

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment Inc  16730 Schoenborn Street
North Hills  CA  91343 6122

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

Assignment

**APPLICATION RECEIVED**
DEC 2 2 2003
**ONE DEPOSIT RECEIVED**

**TWO DEPOSITS RECEIVED**
DEC 2 2 2003
**FUNDS RECEIVED**

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶**  Complete all applicable spaces (numbers 5 9) on the reverse side of this page
See detailed instructions        Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

EXHIBIT       31

PAGE        409

M 0110185

EX 507-0002

VA 1-218-488



LIBRARY OF CONGRESS
DEC 2 2 2003
COPYRIGHT OFFICE

EXHIBIT _____ 31 _____

PAGE _____ 410 _____

**M 0110186**



EXHIBIT _____ 31
PAGE _____ 411

M 0110187

EX 507-0004

# Exhibit 32



LIBRARY OF CONGRESS

## *Copyright Office*
### *of the United States*

WASHINGTON, D.C.

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **JADE DRAWING** registered under number **VA 1-218-487**

**THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **JADE DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-487**.

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By.    Tracie M. Coleman
       Head
       Certifications and Documents
       Section
       Information and Reference
       Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.

EXHIBIT ___32___
PAGE ___412___

Δ∕π EXHIBIT 505
Deponent ARMSTRONG
Date 7/18/07 Rptr. ACC
WWW.DEPOBOOK.COM

M 0110179

EX 505-0001

Additional Certificate (17 U.S.C. 706)
## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1-218-487

EFFECTIVE DATE OF REGISTRATION

**DEC 22 2003**

Month   Day   Year

---

DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET

**1**

Title of This Work ▼
JADE Drawing

NATURE OF THIS WORK ▼ See instructions
color drawing

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical serial or collection give information about the collective work in which the contribution appeared  Title of Collective Work ▼

If published in a periodical or serial give  Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2**

**NOTE**

Under the law the author of a work made for hire is generally the employer not the employee (see instructions) For any part of this work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

**a** NAME OF AUTHOR ▼
Carter Bryant

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a work made for hire?
☐ Yes
☑ No

Author s Nationality or Domicile
Name of Country
OR { Citizen of  U S A
Domiciled in

Was This Author s Contribution to the Work
Anonymous?  ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is Yes see detailed instructions

Nature of Authorship Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture    ☐ Map    ☐ Technical drawing
☑ 2 Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**b** Name of Author ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a work made for hire?
☐ Yes
☐ No

Author s Nationality or Domicile
Name of Country
OR { Citizen of
Domiciled in

Was This Author s Contribution to the Work
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is Yes see detailed instructions

Nature of Authorship Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2 Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**3**

**a** Year in Which Creation of This Work Was Completed  1998
This information must be given ONLY if this work has been published.
**b** Date and Nation of First Publication of This Particular Work
Month February  Day 12  Year 2001
Nation U.S.A.

**4**

See instructions before completing this space

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
MGA Entertainment Inc  16730 Schoenborn Street
North Hills CA 91343 6122

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼
Assignment

APPLICATION RECEIVED
DEC 22 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 22 2003
FUNDS RECEIVED

**MORE ON BACK ▶**  Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions    Sign the form at line 8

DO NOT WRITE HERE
Page 1 of _____ pages

EXHIBIT _____ 32

PAGE _____ 413

M 0110180

EX 505-0002

EXAMINED BY _____    **FORM VA**

CHECKED BY _____

☐ CORRESPONDENCE
Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work  or for an earlier version of this work  already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is  Yes   why is another registration being sought? (Check appropriate box) ▼
a ☐ This is the first published edition of a work previously registered in unpublished form
b ☐ This is the first application submitted by this author as copyright claimant
c ☐ This is a changed version of the work, as shown by space 5 on this application
If your answer is  Yes   give  Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work  complete only 6b for a compilation
a  Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates ▼

**6**

a

See instructions
before completing
this space

b  Material Added to This Work  Give a brief  general statement of the material that has been added to this work and in which copyright is claimed ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account
Name ▼                                          Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent  Name/Address/Apt/City/State/ZIP ▼

Larry W McFarland  Keats McFarland & Wilson  LLP
9720 Wilshire Boulevard  Penthouse Suite
Beverly Hills  California  90212

b

Area code and daytime telephone number    ( 310 ) 248 3830          Fax number     ( 310 ) 860 0363
Email   lmcfarland@kmwlaw com

**CERTIFICATION*** I the undersigned  hereby certify that I am the

check only one ▶

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  MGA Entertainment  Inc
Name of author or other copyright claimant  or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date
Larry W McFarland                                          Date  December 16  2003

Handwritten signature (X) ▼

X _____

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼
Larry W McFarland  Keats McFarland & Wilson  LLP

Number/Street/Apt ▼
9720 Wilshire Boulevard  Penthouse Suite

City/State/ZIP ▼
Beverly Hills  California  90212

YOU MUST:
Complete all necessary spaces
Sign your application in space 8
SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE
1 Application form
2 Nonrefundable filing fee in check or money
order payable to Register of Copyrights
3 Deposit material
MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue  S E
Washington  D C  20559-6000

**9**

*17 U S C  § 506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in connection
with the application  shall be fined not more than $2 500

Rev  June 2002—70 000  Web Rev  June 2002   @ P   ed on recycled paper          U S  Government Printing Office 2000 461 113/20 021

EXHIBIT _____ 32
PAGE _____ 414          M 0110181

EX 505-0003

VA 1-218-487


LIBRARY OF CONGRESS
DEC 2 2 2003
COPYRIGHT OFFICE

EXHIBIT ___32___

PAGE ___415___

M 0110182



EXHIBIT ___32___

PAGE ___416___

M 0110183

EX 505-0005

**Exhibit 33**



LIBRARY OF CONGRESS

*Copyright Office*
*of the United States*

WASHINGTON, D.C.

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **CLOE DRAWING** registered under number **VA 1-218-490**.

**THIS IS TO CERTIFY ALSO**  that  the attached photocopies are a true representation of the work entitled **CLOE DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-490**.

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By:   Tracie M. Coleman
Head
Certifications and Documents Section
Information and Reference Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.

EXHIBIT ___33___
PAGE ___417___

△/π EXHIBIT 509
Deponent ARMSTRONG
Date 7/18/07 Rptr. ACC
WWW.DEPOBOOK.COM

M 0110193

**Additional Certificate (17 U.S.C. 706)**
## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1-218-490



EFFECTIVE DATE OF REGISTRATION

**DEC 22 2003**
Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET**

**1**

Title of This Work ▼
CLOE Drawing

NATURE OF THIS WORK ▼ See instructions
color drawing

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give    Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**

**a** NAME OF AUTHOR ▼
Carter Bryant

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

**NOTE**
Under the law the author of a work made for hire is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a work made for hire?
☐ Yes
☒ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of  U S A
     { Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture     ☐ Map              ☐ Technical drawing
☒ 2 Dimensional artwork       ☐ Photograph        ☐ Text
☐ Reproduction of work of art ☐ Jewelry design    ☐ Architectural work

**b** Name of Author ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a work made for hire?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
     { Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture     ☐ Map              ☐ Technical drawing
☐ 2 Dimensional artwork       ☐ Photograph        ☐ Text
☐ Reproduction of work of art ☐ Jewelry design    ☐ Architectural work

---

**3**

**a** Year in Which Creation of This Work Was Completed
1998
This information must be given in all cases.

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month  February   Day  12   Year  2001
U.S.A.    Nation

---

**4**

See instructions before completing this space

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
MGA Entertainment Inc  16730 Schoenborn Street
North Hills CA 91343 6122

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼
Assignment

APPLICATION RECEIVED
DEC 22 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 22 2003
FUNDS RECEIVED

---

**MORE ON BACK ▶** Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions    Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

EXHIBIT    33

PAGE    418

M 0110194

EX 509-0002

| EXAMINED BY | | FORM VA |
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work  or for an earlier version of this work  already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is  Yes   why is another registration being sought? (Check appropriate box ) ▼

a ☐ This is the first published edition of a work previously registered in unpublished form

b ☐ This is the first application submitted by this author as copyright claimant

c ☐ This is a changed version of the work  as shown by space 6 on this application

If your answer is  Yes  give  Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work  complete only 6b for a compilation

a  Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates ▼

**6**

a

See instructions
before completing
this space

b  Material Added to This Work  Give a brief  general statement of the material that has been added to this work and in which copyright is claimed ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account

Name ▼                                             Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent  Name/Address/Apt/City/State/ZIP ▼

Larry W  McFarland  Keats  McFarland & Wilson  LLP
9720 Wilshire Boulevard  Penthouse Suite
Beverly Hills  California  90212

b

Area code and daytime telephone number    ( 310 ) 248 3830                    Fax number        ( 310 ) 860 0363

Email   lmcfarland@kmwlaw com

**CERTIFICATION*** I  the undersigned  hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  MOA Entertainment  Inc
Name of author or other copyright claimant  or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date

Larry W  McFarland                                             Date  December 16  2003

Handwritten signature (X) ▼

X

| Certificate will be mailed in window envelope to this address | Name ▼ Larry W  McFarland  Keats  McFarland & Wilson  LLP | **9** |
| | Number/Street/Apt ▼ 9720 Wilshire Boulevard  Penthouse Suite | |
| | City/State/ZIP ▼ Beverly Hills  California  90212 | |

17 U S C  § 506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in connection with the application  shall be fined not more than $2 500

Rev  June 2002—25 000    Web Rev  June 2002    ♻ Printed on recycled paper                    U S  Government Printing Office 2000-461 113/20 021

EXHIBIT ___33___

PAGE ___419___          M 0110195

EX 509-0003



VA 1-218-490



LIBRARY OF CONGRESS
DEC 2 2 2003   TT
COPYRIGHT OFFICE

EXHIBIT _____ 344 33
PAGE _____ 480

M 0110196

EX 509-0004



EXHIBIT ~~34~~ 33

PAGE 421

M 0110197

EX 509-0005

**Exhibit 34**



LIBRARY OF CONGRESS

*Copyright Office*
*of the United States*

WASHINGTON, D.C.

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **BRATZ GROUP DRAWING** registered under number **VA 1-218-489**.

**THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **BRATZ GROUP DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-489**.

**IN WITNESS WHEREOF** the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By:   Tracie M. Coleman
Head
Certifications and Documents
Section
Information and Reference
Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.

Δ π EXHIBIT: *513*
Deponent *ARMSTRONG*
Date *7/18/07* Rptr. *ACC*
WWW.DEPOBOOK.COM

EXHIBIT ___ 34

PAGE ___ 422

M 0110188

EX 513-0001

**Additional Certificate (17 U.S.C. 706)**
Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-218-489**

EFFECTIVE DATE OF REGISTRATION

**DEC 2 2 2003**
Month          Day          Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**1**

Title of This Work ▼
BRATZ Group Drawing

NATURE OF THIS WORK ▼ See instructions
color drawing

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2**

**NOTE**
Under the law, the author of a work made for hire is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check Yes in the space provided, give the employer (or other person for whom the work was prepared) as Author of that part, and leave the space for dates of birth and death blank.

**a** NAME OF AUTHOR ▼
Carter Bryant

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _U S A_
Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes  ☑ No
Pseudonymous? ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3 Dimensional sculpture
☑ 2 Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

**b** Name of Author ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes  ☐ No
Pseudonymous? ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3 Dimensional sculpture
☐ 2 Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

**3**

**a** Year in Which Creation of This Work Was Completed
1998
This information must be given in all cases.

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month February    Day 12    Year 2001
U.S.A.    Nation

**4**
See instructions before completing this space.

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
MGA Entertainment Inc  16730 Schoenborn Street
North Hills CA 91343 6122

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼
Assignment

APPLICATION RECEIVED
DEC 2 2 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 2 2 2003
FUNDS RECEIVED

---

**MORE ON BACK ▶**  Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
See detailed instructions.    Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of __ pages

EXHIBIT  34

PAGE  423

M 0110189

EX 513-0002

EXAMINED BY _____ *Ab*                    FORM VA

CHECKED BY _____

☐ CORRESPONDENCE                           FOR
  ☐ Yes                                   COPYRIGHT
                                          OFFICE
                                          USE
                                          ONLY

DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☑ No If your answer is Yes, why is another registration being sought? (Check appropriate box) ▼

a ☐ This is the first published edition of a work previously registered in unpublished form.

b ☐ This is the first application submitted by this author as copyright claimant

c ☐ This is a changed version of the work as shown by space 6 on this application

If your answer is Yes, give Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work, complete only 6b for a compilation

a Preexisting Material Identify any preexisting work or works that this work is based on or incorporates ▼

b Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed ▼

**6**

a
See instructions
before completing
this space

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account

Name ▼                              Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent Name/Address/Apt/City/State/ZIP ▼

Larry W McFarland  Keats McFarland & Wilson LLP
9720 Wilshire Boulevard Penthouse Suite
Beverly Hills California 90212

Area code and daytime telephone number  (310 ) 248 3830          Fax number  (310 ) 860 0363

Email  lmcfarland@kmwlaw com

**b**

**CERTIFICATION*** I the undersigned hereby certify that I am the

check only one ▶

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  MGA Entertainment Inc

Name of author or other copyright claimant or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name and date ▼ If this application gives a date of publication in space 3 do not sign and submit it before that date

Larry W McFarland                                      Date December 16 2003

Handwritten signature (X) ▼

X _____

**8**

**9**

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼
Larry W McFarland  Keats McFarland & Wilson LLP

Number/Street/Apt ▼
9720 Wilshire Boulevard Penthouse Suite

City/State/ZIP ▼
Beverly Hills California 90212

YOU MUST
Complete all necessary spaces
Sign your application in space 8
SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE
1 Application form
2 Nonrefundable filing fee in check or money
  order payable to Register of Copyrights
3 Deposit material
MAIL TO
Library of Congress
Copyright Office
101 Independence Avenue, S E
Washington, D C 20559-6000

*17 U S C §506(e)* Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500

Rev June 2002—20,000    Web Rev June 2002    ⊕ Printed on recycled paper                    U S Government Printing Office 2000 461 113/20 021

EXHIBIT _____ 34

PAGE _____ 424

M 0110190

EX 513-0003

VA 1-218-489



EXHIBIT ___34___

PAGE ___425___

M 0110191

EX 513-0004



8/1/98

EXHIBIT_____34

PAGE_____426

M 0110192

EX 513-0005

# Exhibit 35

**Filed Under Seal
Pursuant to Protective Order**

# Exhibit 36

CERTIFIED COPY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL, )
                               )
              PLAINTIFF,       )
                               )        CASE NO.
       V.                      )        CV 04-9049 SGL
                               )        (RNBX)
MATTEL, INC., A DELAWARE       )        [CONSOLIDATED WITH
CORPORATION,                   )        NO. 04-9059 AND CASE NO. 05-2727]
                               )
              DEFENDANTS.      )
_____  )
                               )
AND CONSOLIDATED ACTION (S).   )
_____  )

# TELEPHONIC PROCEEDINGS

# APRIL 11, 2008



REPORTED BY:
EMILY MCCARY
CSR NO. 7584
JOB NO. 08EM036

COURT REPORTERS
515 S. Flower Street
Suite 3600
Los Angeles, California 90071
Office: (213) 955-0070
Fax: (213) 955-0077

EXHIBIT 36

PAGE 449

```
 1   TOPICS.  YOU WILL RECEIVE MY ORDER LATER TODAY.

 2              ONE MOMENT, PLEASE.

 3              NEXT MOTION IS MOTION NUMBER 7 ON THE

 4   LIST.  IT'S MATTEL'S MOTION TO COMPEL PRODUCTION

 5   OF DOCUMENTS BY M.G.A. IN RESPONSE TO MATTEL'S

 6   FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO

 7   M.G.A.

 8              MATTEL MAY PROCEED.

 9        MR. QUINTO:  THANK YOU, YOUR HONOR.  DAVID

10   QUINTO AGAIN.

11              AS I MENTIONED EARLIER, WE SUBMITTED

12   THE DECLARATION OF MELISSA GRANT EARLIER THIS

13   MORNING.  IN IT SHE TALKS ABOUT -- SHE IDENTIFIES

14   SOME OF THE EXTREMELY VAGUE AND UNHELPFUL

15   INFORMATION WE'VE BEEN GIVEN, COMPLETELY

16   INAUTHENTICATED STATEMENTS WHERE -- WHAT BANKS

17   ACCOUNTS MIGHT BE LOCATED AT WITHOUT REFERENCE TO

18   WHAT BRANCH OR ACCOUNT NUMBER, WITHOUT ANY

19   INDICATION WHO PREPARED THE LIST.  IN DEPOSITION

20   MR. LARIAN WAS UNABLE TO SAY WHETHER THE LISTS

21   WERE EVEN ACCURATE.

22              SHE NOTES THAT WE HAVE BEEN --

23   DOCUMENTS HAVE BEEN PRODUCED TO US SHOWING THAT

24   THE M.G.A. ENTITIES MAINTAIN BANKS IN MAURITIAN

25   OFFSHORE BANKS WITHOUT IDENTIFYING WHAT THOSE
```

EXHIBIT   36

PAGE_____450

1    MAURITIAN OFFSHORE BANKS ARE, AS WELL AS BANKS IN

2    HONG KONG.

3              M.G.A. HAS SAID IT'S PRODUCED 50,000

4    PAGES OF DOCUMENTS SHOWING THAT ISAAC LARIAN HAS

5    BECOME RICH AS CROESUS AND SUGGESTS THAT THAT'S

6    REASONS TO DENY THE MOTION.  TO THE CONTRARY,

7    THAT'S WHY THE MOTION SHOULD BE GRANTED.  IT'S

8    UNDISPUTED THAT IN 2005 LARIAN'S DIVIDEND INCOME

9    ALONE WAS OVER 152 MILLION, THAT ANOTHER 143

10   MILLION IN DISTRIBUTIONS WERE MADE TO

11   SHAREHOLDERS IN 2006.

12             CLEARLY, M.G.A. IS MOVING ITS ASSETS

13   AROUND, AND THERE IS SUBSTANTIAL REASON TO THINK

14   THAT M.G.A. MIGHT NOT BE ABLE TO SATISFY A

15   JUDGMENT AGAINST IT.  SO MATTEL NEEDS THE

16   CORPORATE GOVERNANCE DOCUMENTS, THE ARTICLES OF

17   INCORPORATION, BYLAWS, BOARD MINUTES, ET CETERA,

18   FOR THE M.G.A. ENTITY.  M.G.A., FOR ITS PART,

19   CONTENDS THAT THESE REQUESTS ARE SIMPLY

20   CUMULATIVE OF OTHER REQUESTS THAT MATTEL HAS

21   SERVED.

22             REGARDLESS OF WHETHER THE REQUESTS

23   ARE CUMULATIVE, IT'S UNDISPUTED THAT THE

24   DOCUMENTS HAVE NEVER BEEN PRODUCED.  IN CORPORATE

25   GOVERNMENT -- CORPORATE GOVERNANCE DOCUMENTS ARE

EXHIBIT 36

PAGE 451

1    NOT DIFFICULT TO LOCATE.  IT'S NOT BURDENSOME TO

2    PRODUCE THEM, AND THEY ARE ROUTINELY THE SUBJECT

3    OF DISCOVERY IN LITIGATION, AND THEY SHOULD BE

4    COMPELLED HERE SO THAT MATTEL CAN DEMONSTRATE

5    THAT LARIAN USES M.G.A. AS AN ALTER EGO.  THANK

6    YOU.

7              JUDGE INFANTE:  THANK YOU.  ANY OPPOSITION?

8                   YES, YOUR HONOR.  AMY PARK FROM

9    SKADDEN ARPS FOR THE M.G.A. DEFENDANTS.  I'LL BE

10   BRIEF.

11                   I WOULD JUST REQUEST, YOUR HONOR, THE

12   OPPORTUNITY TO RESPOND ONCE I'VE BEEN ABLE TO

13   REVIEW THE DECLARATION OF MS. GRANT.  IT WAS

14   FILED, AS MR. NOLAN NOTED, AT 4:00 A.M., AND I

15   HAVE NOT YET HAD THE OPPORTUNITY TO RESPOND TO IT

16   AND WOULD LIKE THE OPPORTUNITY TO DO SO, AND IT

17   NEEDS TO BE RESPONDED TO.

18                   TO ADDRESS A FEW POINTS, FIRST OF

19   ALL, M.G.A. NEVER SAID THAT IT PRODUCED 50,000

20   PAGES OF DOCUMENTS SHOWING HOW RICH MR. LARIAN

21   IS.  IN ANY EVENT, I BELIEVE THAT MATTEL'S

22   ARGUMENT PUTS THE CART BEFORE THE HORSE, YOUR

23   HONOR.  THEY CLAIM THAT THEY NEED ALL KINDS OF

24   FINANCIAL INFORMATION AND CORPORATE GOVERNANCE

25   DOCUMENTS, BASICALLY INCLUDING ALL BOARD MINUTES

1   AND EVERYTHING RELATED TO CORPORATE FORMATION

2   FROM THE BEGINNING OF WHEN M.G.A. WAS

3   INCORPORATED, WHICH I BELIEVE IS IN 1982.

4           MATTEL ARGUES THAT SUCH TYPES OF

5   DOCUMENTS ARE ROUTINELY DISCOVERABLE.  THE FACT

6   THAT CORPORATE GOVERNANCE OR MINUTES ARE

7   ROUTINELY DISCOVERABLE DOESN'T MAKE THEM

8   APPROPRIATE FODDER FOR DISCOVERY IN THIS CASE,

9   YOUR HONOR.

10          MATTEL ARGUES IN ITS REPLY PAPERS FOR

11  THE FIRST TIME THAT THESE DOCUMENTS ARE ALL

12  RELEVANT TO ITS ALTER EGO THEORY, BUT THAT

13  ARGUMENT PUTS THE CART BEFORE THE HORSE.  THEY

14  DON'T HAVE EVIDENCE TO SUGGEST THAT IF M.G.A. WAS

15  FOUND TO BE LIABLE THEY WOULDN'T BE ABLE TO PAY A

16  JUDGMENT BECAUSE OF MR. LARIAN'S ALLEGED

17  SIPHONING.

18          THE CASE LAW IS CLEAR THAT AN ALTER

19  EGO THEORY IS AN EQUITABLE DOCTRINE THAT REQUIRES

20  THEM TO SHOW A UNITY OF INTEREST SUCH THAT THERE

21  ARE NO SEPARATE PERSONALITIES AND THAT FAILURE TO

22  DISREGARD THAT CORPORATE ENTITY WOULD SANCTION A

23  FRAUD.  AND, IN PARTICULAR, THE CASE OF HIGGINS

24  V. JOURNAL REGISTER IS VERY CLEAR THAT AN ALTER

25  EGO TYPE OF ISSUE IS NOT SOMETHING TO BE

1                                    ) SS.

2     COUNTY OF LOS ANGELES    )

3

4

5         I, EMILY MCCARY, CERTIFIED SHORTHAND

6     REPORTER, CERTIFICATE NO. 7584, FOR THE STATE OF

7     CALIFORNIA, HEREBY CERTIFY;

8         THE FOREGOING PROCEEDINGS WERE TAKEN BEFORE

9     ME AT THE TIME AND PLACE THEREIN SET FORTH;

10        ALL STATEMENTS DURING THE PROCEEDINGS WERE

11    RECORDED STENOGRAPHICALLY BY ME AND WERE

12    THEREAFTER TRANSCRIBED;

13        THE FOREGOING TRANSCRIPT IS A TRUE AND

14    CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO

15    TAKEN;

16        I FURTHER CERTIFY THAT I AM NEITHER COUNSEL

17    FOR NOR RELATED TO ANY PARTY TO SAID ACTION NOR

18    IN ANY WAY INTERESTED IN THE OUTCOME THEREOF;

19        IN WITNESS WHEREOF, I HAVE HEREUNTO

20    SUBSCRIBED MY NAME THIS 14TH OF APRIL, 2008,

21

22    _____

23

24

25

# Exhibit 37

**Filed Under Seal
Pursuant to Protective Order**

# Exhibit 38

**Filed Under Seal
Pursuant to Protective Order**

# Exhibit 39

1

1      UNITED STATES DISTRICT COURT

2      CENTRAL DISTRICT OF CALIFORNIA

3      EASTERN DIVISION

4      - - -

5      HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6      - - -

7   CARTER BRYANT, ET. AL.,          )
                                     )      **CERTIFIED**
8                PLAINTIFFS,         )      **COPY**
                                     )
9        VS.                         )   NO. ED CV 04-09049
                                     )   (LEAD LOW NUMBER)
10  MATTEL, INC., ET. AL.,           )
                                     )
11               DEFENDANTS.         )   MOTIONS FOR PARTIAL
    _____    )   SUMMARY JUDGEMENT
12  AND CONSOLIDATED ACTIONS,        )
    _____    )

13

14

15      REPORTER'S TRANSCRIPT OF PROCEEDINGS

16      RIVERSIDE, CALIFORNIA

17      TUESDAY, APRIL 22, 2008

18      10:07 A.M.

19

20      VOLUME I
        PAGES 1-213

21

22

23      THERESA A. LANZA, RPR, CSR
        FEDERAL OFFICIAL COURT REPORTER
24      3470 12TH STREET, RM. 134
        RIVERSIDE, CALIFORNIA  92501
25      951-274-0844
        WWW.THERESALANZA.COM

APRIL 22, 2008

EXHIBIT 39
BRYANT V MATTEL, VOLUME I
PAGE 479

2

```
 1    APPEARANCES:

 2    ON BEHALF OF CARTER BRYANT:

 3                         KEKER & VAN NEST
                           BY:  CHRISTA M. ANDERSON
 4                         BY:  MATTHEW M. WERDEGAR
                           710 SANSOME STREET
 5                         SAN FRANCISCO, CALIFORNIA  94111-1704
                           415-391-5400
 6

 7    ON BEHALF OF MATTEL:

 8                         QUINN EMANUEL
                           BY:  JOHN B. QUINN
 9                         BY:  B. DYLAN PROCTOR
                           BY:  MICHAEL T. ZELLER
10                         865 S. FIGUEROA STREET,
                           10TH FLOOR
11                         LOS ANGELES, CALIFORNIA  90017
                           213-624-7707·
12

13    ON BEHALF OF MGA ENTERTAINMENT:

14                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                           BY:  THOMAS J. NOLAN
15                         BY:  CARL ALAN ROTH
                           BY:  JASON RUSSELL
16                         300 SOUTH GRAND AVENUE
                           LOS ANGELES, CALIFORNIA  90071-3144
17                         213-687-5000

18
      ALSO PRESENT:        AMBASSADOR ROBERT-PIERRE PROSPER,
19                         DAVID BRISTOW, ESQ.

20

21

22

23

24

25
```

EXHIBIT __39__

3

1                          I N D E X

2                                                      PAGE

3    MOTIONS..........................................    5

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

187

1        SO, AGAIN, I THINK THAT, WE WOULD SUBMIT, IS CLEARLY

2   PREEMPTED.

3        AND UNLESS YOUR HONOR HAS QUESTIONS, I'LL DEFER TO MY

4   COLLEAGUES.

5        THE COURT:  VERY WELL.                                   04:38

6        BEFORE I HEAR FROM MATTEL, DOES CARTER BRYANT WISH TO

7   JOIN IN ON ANY OF THIS?

8        MS. ANDERSON:  WE CONCUR WITH THE ARGUMENTS OF MGA

9   COUNSEL.  THANK YOU.

10       THE COURT:  VERY WELL.

11       ALL RIGHT.  MR. ZELLER.

12       MR. ZELLER:  I DO THINK THAT IT'S ACTUALLY QUITE

13  CLEAR THAT THE INTENTIONAL INTERFERENCE WITH CONTRACT CLAIM IS

14  NOT PREEMPTED.  IT REQUIRES ADDITIONAL ELEMENTS, NOT THE LEAST

15  OF WHICH IS A CONTRACT.  THERE'S NOT JUST SIMPLY INDUCEMENT.    04:39

16  THAT SEEMS TO BE WHAT THEY WERE PRINCIPALLY FOCUSING ON IN THE

17  ISSUES OF INTENT.  BUT THE EXTRA ELEMENT IN THIS CLAIM IS,

18  WITHOUT QUESTION, THE ESTABLISHMENT OF A CONTRACT.

19       WE DO NOT HAVE TO ESTABLISH A CONTRACT AS A

20  PREREQUISITE TO ANY COPYRIGHT INFRINGEMENT CLAIM.  AND WHAT I   04:39

21  WOULD REFER THE COURT TO, IN TERMS OF NINTH CIRCUIT AUTHORITY,

22  IS THE ALTERA COURT CASE, WHICH REJECTED THE CLAIM THAT

23  INTERFERENCE WITH A SOFTWARE LICENSE AGREEMENT BY COPYING

24  SOFTWARE FILES TO ATTRACT NEW CUSTOMERS WAS PREEMPTED.

25       THERE'S THE SUMMIT MACHINE CASE, ALSO THE NINTH          04:39

EXHIBIT __39__

188

1   CIRCUIT, WHICH MADE QUITE CLEAR THAT AN INTERFERENCE CLAIM

2   THERE WAS NOT PREEMPTED BECAUSE IT HAS THIS EXTRA ELEMENT.  AND

3   AS THEY SAY, THE MOST GLARINGLY OBVIOUS EXTRA ELEMENT IS THE

4   CONTRACT ITSELF.

5        THAT IS NOT AN ELEMENT OF A COPYRIGHT INFRINGEMENT          04:39

6   CLAIM, SO IT JUST SIMPLY CANNOT BE PREEMPTED.

7        NOW, IN TERMS OF THE UNFAIR COMPETITION CLAIM, ONE

8   ISSUE THAT HAS CERTAINLY COME UP IS, TO WHAT DEGREE IS A CLAIM

9   OF COMMERCIAL BRIBERY PREEMPTED?  THAT SEEMS TO BE WHERE THINGS

10  HAVE BOILED DOWN TO.  BECAUSE, FRANKLY, IF A PORTION OF THIS IS   04:40

11  GOING TO TRIAL -- I MEAN, THE COMMERCIAL BRIBERY IS NOT

12  PREEMPTED, THEN THAT CLAIM, OBVIOUSLY, SURVIVES AS BEING A

13  PREDICATE FOR THAT CLAIM.

14       COMMERCIAL BRIBERY, LIKEWISE, IS ABSOLUTELY NOT AN

15  ELEMENT OF A COPYRIGHT INFRINGEMENT CLAIM.  I MEAN, THAT'S       04:40

16  REALLY THE BASIS THAT YOU CAN USE AS A TEST TO DETERMINE

17  WHETHER OR NOT A PARTICULAR CLAIM IS PREEMPTED.  THOSE RIGHTS

18  ARE SIMPLY NOT EQUIVALENT, AND THEY ALSO ARE NOT NECESSARY.  WE

19  OBVIOUSLY, TO ESTABLISH COPYRIGHT INFRINGEMENT, DON'T HAVE TO

20  SHOW ANY KIND OF PAYMENT, ANY KIND OF COMMERCIAL BRIBERY,        04:40

21  WITHIN THE PENAL CODE, AS WE WILL DO FOR THE UNFAIR COMPETITION

22  CLAIM.

23       AND I WILL NOTE THAT THE CHARACTERIZATION OF OUR

24  CLAIM IS A LITTLE BIT, I THINK, TOO NARROW.  THE FACT IS THAT

25  THERE WAS COMMERCIAL BRIBERY NOT ONLY BECAUSE MGA PAID           04:41

APRIL 22, 2008

EXHIBIT _____ 35

BRYANT V MATTEL, VOLUME I

PAGE _____ 483

189

1   CARTER BRYANT, CARTER BRYANT PAID OTHERS.  AND WE ALSO BELIEVE

2   THAT, WHEN DISCOVERY IS FINISHED ON PEOPLE LIKE CABRERRA,

3   MORALES, AND SO ON, THAT THERE WILL BE MORE EVIDENCE OF

4   COMMERCIAL BRIBERY AND UNFAIR COMPETITION RUNNING TO BOTH MGA

5   AND CARTER BRYANT.                                          04:41

6           THE COURT:  COUNSEL, I TEND TO AGREE THAT THE

7   COMMERCIAL BRIBERY PROBABLY SURVIVES PREEMPTION.  I'M NOT SO

8   SURE ABOUT THE OTHER UNFAIR COMPETITION THEORIES ADVANCED, OR

9   CLAIMS ADVANCED.

10          MR. ZELLER:  I DO THINK THAT THERE IS AN ISSUE -- AND   04:41

11  I WILL PROBABLY SOUND SOMEWHAT WAFFLING ON IT -- CONCERNING

12  TRADE SECRET.  WE HAVE RAISED THAT IN THE BRIEF.  PART OF OUR

13  CONCERN IS -- AND WE DO HAVE A MOTION *IN LIMINE* ON THIS -- IS

14  THAT MGA, THROUGHOUT ITS EXPERT REPORTS, HAS RAISED ALL MANNER

15  OF -- WE'LL SAY KIND OF POST-BRYANT ISSUES, INCLUDING ABOUT    04:41

16  THEIR MARKETING, THEIR ALLEGEDLY BRILLIANT INNOVATION, A WHOLE

17  VARIETY OF THINGS, THAT MISAPPROPRIATE FOR MATTEL, AND ARE

18  SPECIFICALLY ALLEGED -- IN FACT, WE HAVE EVIDENCE -- THAT THEY

19  WERE MISAPPROPRIATED FOR MATTEL.

20          NOW, WE DON'T THINK THAT THOSE MATTERS WILL PROBABLY    04:42

21  BE PART OF PHASE ONE, BUT SINCE WE'RE NOT EVEN SURE WHAT THE

22  SCOPE OF IT IS AT THIS POINT, THAT IS ONE REASON WHY IT WAS

23  RAISED.

24          ALSO, WE OBVIOUSLY, AT THE END OF THE DAY, WHETHER

25  IT'S PHASE ONE OR PHASE TWO, TRADE SECRET AND THOSE KIND OF    04:42

EXHIBIT ___37___
BRYANT V MATTEL, VOLUME I
PAGE ___484___

1  MISAPPROPRIATION AND MISAPPROPRIATION OF MATTEL'S INFORMATION,

2  THAT IS SIMPLY NOT PREEMPTED.  THAT, AGAIN, HAS THE EXTRA

3  ELEMENTS, NOT THE LEAST OF WHICH IS THE CONFIDENTIAL

4  RELATIONSHIP; POTENTIALLY, WE BELIEVE, THE FIDUCIARY

5  RELATIONSHIP THAT CARTER BRYANT OWED, AS WELL AS THE CONTRACT.    04:42

6  SO THERE ARE ACTUALLY MULTIPLE ADDITIONAL ELEMENTS THAT WOULD

7  HAVE TO BE ESTABLISHED THAT TAKE THAT KIND OF UNFAIR

8  COMPETITION CLAIM OUT OF PREEMPTION BY THE COPYRIGHT ACT.

9          THE OTHER ISSUE REALLY PERTAINS, THEN, TO PREEMPTION

10  OF THE CONVERSION CLAIM, THEIR ALLEGATION OF THAT.    04:43

11          THERE ARE TWO THINGS GOING ON HERE.  NUMBER ONE --

12  AND I THINK THE EASY CASE ON THAT ARGUMENT PERTAINS TO THE

13  TANGIBLE ITEMS.  I DON'T THINK THERE'S A SERIOUS ARGUMENT HERE

14  BY MGA THAT THE CONVERSION OF TANGIBLE ITEMS IS PREEMPTED BY

15  THE COPYRIGHT ACT.  I MEAN, OTTO V. REESE, A NINTH CIRCUIT    04:43

16  CASE, IS EXPLICIT ABOUT THAT POINT.  THEY BASICALLY CLAIM THAT

17  SOME TRASH WAS TAKEN FROM MATTEL.

18          THE COURT:  WHAT TANGIBLE OBJECTS ARE WE TALKING

19  ABOUT?  ARE WE TALKING ABOUT THE DOLL HEAD AND SOME OTHER --

20          MR. ZELLER:  IT'S THE DRAWINGS.  IT'S THE DRAWINGS    04:43

21  AND THE SCULPTS THAT WERE MADE.  THEY MAY WANT TO MAKE SOME

22  ARGUMENT ABOUT WHETHER OR NOT TRASH THAT HE CLAIMS HE TOOK

23  SOMEHOW IS REALLY THE BASIS FOR OUR CONVERSION CLAIM; BUT IT'S,

24  NUMBER ONE, THE ACTUAL DRAWINGS OF BRATZ.  AND THERE'S NO

25  QUESTION THAT ACTUALLY PHYSICALLY TAKING THOSE PIECES OF PAPER    04:44

213

1                          CERTIFICATE

2

3    I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
     STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
4    THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
     ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
5    CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
     THE UNITED STATES.

6

7

8    THERESA A. LANZA, CSR, RPR                    4-28-08
     FEDERAL OFFICIAL COURT REPORTER               DATE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

APRIL 22, 2008

EXHIBIT    39
BRYANT V MATTEL, VOLUME 1
PAGE         486

# Exhibit 40

1

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3               EASTERN DIVISION

4                 - - -

5     HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                 - - -

**CERTIFIED COPY**

7    MATTEL, INC.,                    )
                                      )
8                   PLAINTIFF,        )
                                      )
9         VS.                         )   NO. ED CV 04-09049
                                      )
10   MGA ENTERTAINMENT, INC., ET. AL., )
                                      )
11                  DEFENDANTS.       )   TRIAL DAY 2,
     _____)   MORNING SESSION
12   AND CONSOLIDATED ACTIONS,        )
                                      )
13   _____)

14

15        REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

16               RIVERSIDE, CALIFORNIA

17              TUESDAY, MAY 27TH, 2008

18                   8:30 A.M.

19

20

21

22

23              THERESA A. LANZA, RPR, CSR
            FEDERAL OFFICIAL COURT REPORTER
24            3470 12TH STREET, RM. 134
            RIVERSIDE, CALIFORNIA  92501
25                 951-274-0844
              WWW.THERESALANZA.COM

EXHIBIT ___40___

PAGE ___487___

2

1

2    APPEARANCES:

3

4    ON BEHALF OF MATTEL, INC.:

5                          QUINN EMANUEL
                           BY:   JOHN QUINN
6                          BY:   JON COREY
                           BY:   MICHAEL T. ZELLER
7                          BY:   WILLIAM PRICE
                           865 S. FIGUEROA STREET,
8                          10TH FLOOR
                           LOS ANGELES, CALIFORNIA   90017
9                          213-624-7707

10

11   ON BEHALF OF MGA ENTERTAINMENT:

12                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                           BY:   THOMAS J. NOLAN
13                         BY:   CARL ALAN ROTH
                           BY:   RAOUL KENNEDY
14                         BY:   LAUREN AGUIAR
                           300 SOUTH GRAND AVENUE
15                         LOS ANGELES, CALIFORNIA   90071-3144
                           213-687-5000

16

17

18

19

20

21

22

23

24

25

EXHIBIT____40

MAY 27, 2008

TRIAL DAY 2, MORNING SESSION
PAGE_____488

3

1

2                               I N D E X

                                                        PAGE

3      HEARING.....................................      4

4      JURY INSTRUCTIONS...........................     53

5      OPENING STATEMENT - PLAINTIFF..............     61

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MAY 27, 2008                    TRIAL DAY 2, MORNING SESSION

EXHIBIT 40

PAGE 489

4

1        RIVERSIDE, CALIFORNIA; TUESDAY, MAY 27, 2008; 8:30 A.M.

2                          -oOo-

3             THE CLERK:  CALLING ITEM ONE, CASE NUMBER

4    CV04-09049-SGL, MATTEL, INC., V. MGA, INC., ET AL.

5             APPEARANCES, PLEASE.                                    08:30

6             MR. QUINN:  JOHN QUINN, MIKE ZELLER, JON COREY,

7    TIM ALGER, DYLAN PROCTOR, AND SCOTT WATSON, APPEARING FOR

8    MATTEL.

9             MR. NOLAN:  ON BEHALF OF MGA, TOM NOLAN,

10   JASON RUSSELL, LAUREN AGUIAR, JEREMY ROSS, CARL ROTH, ROB        08:31

11   HERRINGTON, AND RAOUL KENNEDY.

12            THE COURT:  GOOD MORNING, COUNSEL.

13            WE'RE ON CALENDAR THIS MORNING FOR THE TRIAL TO

14   BEGIN.  BUT BEFORE THAT, I WANTED TO RESOLVE AS MANY OF THESE

15   MOTIONS AS WE COULD IN ADVANCE OF THAT.                          08:31

16            I APPRECIATE THE EFFORTS THAT COUNSEL MADE OVER THE

17   WEEKEND TO PROVIDE THE COURT WITH ALL OUTSTANDING MOTIONS.  ONE

18   OF THE FIRST ISSUES -- AND WE DISCUSSED THIS AT SIDE-BAR

19   BRIEFLY AS WE WERE WAITING TO BEGIN -- ARE THE MOTIONS PENDING

20   BEFORE DISCOVERY MASTER INFANTE.  THE COURT WAS UNAWARE THERE    08:31

21   WERE THESE MOTIONS PENDING IN THIS CASE.

22            I ASKED MR. ZELLER ON BEHALF OF MATTEL AND COUNSEL ON

23   BEHALF OF MGA TO IDENTIFY WHICH, IF ANY, OF THESE MIGHT APPLY

24   TO PHASE TWO, SUCH THAT WE DON'T HAVE TO GET THOSE RESOLVED AT

25   THIS TIME.                                                       08:32

5

1          MR. ZELLER, I'LL START WITH YOU, SINCE I THINK ALL
2     BUT ONE ARE FROM MATTEL.

3          MR. ZELLER:  YOUR HONOR, I THINK IN THE MAIN, THEY
4     ARE 1-A MOTIONS.  I THINK THAT THERE ARE A COUPLE OF EXCEPTIONS
5     THAT I CAN POINT TO WITH SOME CONFIDENCE THAT I THINK CAN BE          08:32
6     PERHAPS BACK-BURNERED TO SOME DEGREE BECAUSE EITHER IT'S 1-B OR
7     EVEN IF IT HAS AN EFFECT ON 1-A, AS LONG AS CIRCUMSTANCES DON'T
8     CHANGE, IT MAY NOT REQUIRE A RULING AT THIS POINT.

9          THE COURT:  WHICH ARE THOSE?

10         MR. ZELLER:  WHAT I WOULD SAY IS NUMBER TWO, WHICH IS          08:32
11    MATTEL'S MOTION FOR RECONSIDERATION OF PORTIONS OF THE
12    DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER.

13         THE COURT:  IN FIVE WORDS OR LESS, WHAT IS THE
14    SUBJECT MATTER OF WHAT MOTION?

15         MR. ZELLER:  THAT MOTION RELATES TO THE SCOPE OF AN          08:32
16    ORDER THAT JUDGE INFANTE ISSUED COMPELLING MGA TO PRODUCE
17    CERTAIN DOCUMENTS THAT RELATE TO OUR TRADE SECRET CLAIMS.

18         IN ESSENCE, THE JUDGE HAD RULED THAT --

19         THE COURT:  THAT'S ALL I NEED; SO IT RELATES TO TRADE
20    SECRETS, AND THAT'S WHY IT'S BASICALLY A PHASE 2, UNLESS          08:33
21    CERTAIN THINGS HAPPEN WITH APPORTIONMENT IN PHASE ONE.

22         MR. ZELLER:  CORRECT.

23         THE COURT:  ALL RIGHT.  WHAT ELSE?

24         MR. ZELLER:  MOTION NUMBER TEN THAT WE'VE LISTED,
25    WHICH IS THE MOTION TO COMPEL MGA AND BRYANT WITH RESPECT TO          08:33

6

1    CERTAIN RFA'S.

2              OBVIOUSLY, WITH RESPECT TO CARTER BRYANT IT IS MOOT.

3              AS TO MGA, THERE ARE SOME -- A LIMITED NUMBER, AT

4    LEAST -- OF RFA'S THAT WOULD POTENTIALLY GO TO PHASE 1-A; SOME

5    OF THEM MAY NOT.  THE ONES THAT I KNOW THAT ARE LIKELY TO HAVE          08:33

6    SOME BEARING ON PHASE 1-A WOULD BE RFA'S THAT ARE DIRECTED TO

7    MGA INQUIRING ABOUT FOCUS GROUPS THAT WERE CONDUCTED IN THE

8    YEAR 2000, INCLUDING DURING TIME PERIODS WHEN CARTER BRYANT WAS

9    EMPLOYED BY MATTEL.

10             SO IT COULD BE THAT IF THE COURT WOULD LIKE, WE COULD          08:34

11   TRY AND NARROW THAT DOWN AND FIND PARTICULAR ISSUES FOR THE

12   COURT TO CONSIDER ON THAT MOTION, AS OPPOSED TO ITS ENTIRETY.

13             THE COURT:  VERY WELL.

14             ANYTHING ELSE?

15             MR. ZELLER:  YES, YOUR HONOR.                                  08:34

16             NUMBER 11, WHICH IS MATTEL'S MOTION TO COMPEL MGA AND

17   CARTER BRYANT TO RETURN PRIVILEGED DOCUMENTS, OR A PRIVILEGED

18   DOCUMENT.

19             THIS MOTION IS A LITTLE -- IT HAS SOME PROCEDURAL

20   COMPLEXITY IN ITS HISTORY.  IT'S A FAIRLY STRAIGHTFORWARD

21   ISSUE.  THERE'S MORE THAN ONE VERSION OF A SECURITY FILE PAGE           08:34

22   THAT'S BEEN REDACTED FOR PURPOSES OF PRIVILEGE.  UNDER THE

23   CLAWBACK PROVISION, WE HAD CLAWED BACK A VERSION OF IT AND THEN

24   REDACTED IT IN ORDER TO CONFORM, WE THOUGHT, BETTER TO WHAT THE

25   PRIVILEGE ASSERTION SHOULD BE.                                          08:34

112

1          THE COURT:  WHY DON'T YOU MEET WITH MR. QUINN AND YOU

2    CAN DISCUSS THIS.  IF YOU CAN AGREE TO IT, GREAT.  IF NOT, I'LL

3    TAKE IT UP AT 1:00.

4          MR. NOLAN:  EXCELLENT.  THANK YOU.

5          MR. QUINN:  I DON'T AGREE WITH THAT.  MY                    11:43

6    UNDERSTANDING IS THAT EVERYTHING IS TO BE SHOWN BEFORE.

7          THE COURT:  I WOULDN'T EXPECT YOU TO AGREE.

8          WHY DON'T YOU MEET DURING THE BREAK, AND THEN AT

9    1:00, WE'LL TAKE IT UP, AND THE COURT WILL MAKE ITS DECISION.

10          WE'RE IN RECESS UNTIL 1:00.                                11:43

11          (WHEREUPON, A LUNCH RECESS WAS HELD.)

12          (CONCLUSION OF MORNING SESSION.)

13

14

15

16

17                         CERTIFICATE

18

19    I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
      STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
20    THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
      ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
21    CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
      THE UNITED STATES.
22

23    _____        5-28-08
      THERESA A. LANZA, CSR, RPR         _____
24    FEDERAL OFFICIAL COURT REPORTER      DATE

25

MAY 27, 2008                    TRIAL DAY 2, MORNING SESSION

EXHIBIT 40

PAGE 493

# Exhibit 41

**ORIGINAL**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, AN INDIVIDUAL, )<br>)<br>PLAINTIFF, )<br>)<br>V. )<br>)<br>MATTEL, INC., A DELAWARE )<br>CORPORATION, )<br>)<br>DEFENDANTS. )<br>) | NO. CV 04-9040 SGL<br>(RNBX) |

# TELEPHONIC TRANSCRIPT
# OF PROCEEDINGS

# MAY 15, 2007

REPORTED BY:
ANGELA DUPRE
CSR NO. 7804
JOB NO. 07AD044



A&E COURT REPORTERS
700 S. Flower Street
Suite 1100
Los Angeles, California 90017
Office: (213) 955-0070
Fax: (213) 955-0077

EXHIBIT 41

PAGE 494

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL,       )
                                    )
              PLAINTIFF,            )
                                    )
       VS.                          )    CASE NO.
                                    )
MATTEL, INC., A DELAWARE            ) CV 04-9049 SGL (RNBX)
CORPORATION,                        ) [CONSOLIDATED WITH
                                    ) CASE NO. 04-9059 AND
              DEFENDANT.            ) CASE NO. 05-2727]
                                    )
_____)
                                    )
AND CONSOLIDATED ACTION(S).         )
_____)


        TELEPHONIC TRANSCRIPT OF
        PROCEEDINGS, TAKEN BEFORE HON.
        EDWARD A. INFANTE, AT 865 SOUTH
        FIGUEROA STREET, TENTH FLOOR, LOS
        ANGELES, CALIFORNIA, COMMENCING
        AT 8:17 A.M., TUESDAY, MAY 15,
        2007, BEFORE ANGELA DUPRE, CSR 7804.

EXHIBIT ___4___ 1

PAGE ___495___

```
 1    APPEARANCES OF COUNSEL:
 2
 3    FOR CARTER BRYANT:
 4         KEKER & VAN NEST, LLP
           BY:  MICHAEL PAGE, ESQ.
 5         710 SANSOME STREET
           SAN FRANCISCO, CALIFORNIA 94111
 6         (415) 391-5400
           (TELEPHONICALLY)
 7
 8
      FOR MATTEL, INC.:
 9
           QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
10         BY:  B. DYLAN PROCTOR, ESQ.
                BRIDGET MORRIS, ESQ.
11         865 SOUTH FIGUEROA STREET
           TENTH FLOOR
12         LOS ANGELES, CALIFORNIA 90017-2543
           (213) 443-3000
13
14
      FOR MGA ENTERTAINMENT, INC.:
15
           O'MELVENY & MYERS, LLP
16         BY:  JAMES JENAL, ESQ.
                DIANA M. TORRES, ESQ.
17         400 SOUTH HOPE STREET
           LOS ANGELES, CALIFORNIA 90071-2899
18         (213) 430-6000
           (TELEPHONICALLY)
19
20
      ALSO PRESENT:
21
           HON. EDWARD A. INFANTE
22         (TELEPHONICALLY)
23
24
25
```

EXHIBIT ___41___

PAGE ___496___

1    THE FUNDAMENTAL PROBLEM WITH THAT

2    POSITION IS THIS IS NOT A DIVERSITY CASE.  THERE

3    ARE SEVERAL FEDERAL QUESTION CLAIMS AND THE LAW IS

4    CLEAR THAT IN A CASE WHERE THERE ARE FEDERAL

5    QUESTION CLAIMS AND STATE LAW CLAIMS AS WELL,

6    FEDERAL PRIVILEGE LAW APPLIES TO THE ENTIRE

7    AGREEMENT.  FEE AGREEMENTS ARE NOT PRIVILEGED UNDER

8    FEDERAL LAW, THEREFORE, THE TOPIC IS PROPER.

9        NUMBER 25 RELATES TO BRATZ'S REVENUES AND

10   PROFITS.  ON THIS TOPIC, MGA OFFERS NO OPPOSITION

11   ON THE MERITS AT ALL.  THEY SIMPLY SAY IN THE

12   OPPOSITION THAT THERE WAS AN AGREEMENT BETWEEN THE

13   PARTIES, WHICH THERE WASN'T AN AGREEMENT THAT --

14   THIS TOPIC NEEDED TO BE ADDRESSED -- THIS TOPIC

15   NEED NOT BE ADDRESSED AT THIS TIME.  THERE WAS NO

16   SUCH AGREEMENT, THERE'S NO DOCUMENTATION OF ANY

17   SUCH AGREEMENT.  I THINK THIS IS CLEARLY

18   DISCOVERABLE; IT OBVIOUSLY RELATES TO DAMAGES.

19       TOPIC NUMBER 26 IS RELATED; THAT IS,

20   MGA'S NET WORTH.  MGA ARGUES THAT WE SHOULD BE

21   PRECLUDED FROM TAKING DISCOVERY ABOUT ITS NET WORTH

22   UNTIL THERE IS A FINDING OF OWNERSHIP.  BUT THAT

23   IGNORES THAT THE PHASE II DISCOVERY CUTOFF IS

24   MARCH 3, 2008.  AND IT'S NOT AT ALL CLEAR THAT THE

25   PHASE I TRIAL IS GOING TO BE CONCLUDED BY THAT

EXHIBIT ___41__ 8

PAGE ____497__

1    TIME.   AND SO I DON'T THINK THAT'S A PRACTICAL

2    POSITION.   AND I ALSO DON'T THINK IT'S A POSITION

3    THAT HAS ANY FOUNDATION, BECAUSE THERE HAS BEEN NO

4    STAY ON DISCOVERY IN THIS CASE, OF ANY SORT.

5            MGA CITES CIVIL CODE 3295 TO SUPPORT ITS

6    STAY ARGUMENT, BUT THAT STATUTE DOESN'T APPLY IN

7    FEDERAL COURT.   I CAN OFFER AUTHORITY FOR THAT

8    PROPOSITION, IF THE COURT WOULD LIKE.

9            MGA ALSO SAYS THAT IF MGA DECIDES TO

10   CALCULATE ITS NET WORTH, IT WILL DO SO IN

11   CONNECTION WITH EXPERT DISCOVERY, BUT THAT MISSES

12   THE POINT THAT IT'S -- IT'S NOT MGA'S CHOICE

13   WHETHER TO DO SO.   THIS IS DISCOVERY THAT MATTEL IS

14   ENTITLED TO.

15           THE NEXT TOPIC IS 41, WHICH RELATES TO

16   TESTING OF BRATZ'S DOCUMENTS, INCLUDING DRAWINGS.

17   AND MGA TRIES TO WITHHOLD THE WITNESS ON THIS TOPIC

18   IN ITS ENTIRETY BY SAYING THAT IT'S PRIVILEGED.

19   BUT I THINK THAT'S CLEARLY OVERBROAD.   WE'RE NOT

20   SEEKING, CERTAINLY AT THIS TIME, ANY PRIVILEGED

21   INFORMATION HERE, BUT THE FACTS SURROUNDING MGA'S

22   TESTING OF BRATZ'S DRAWINGS ARE RELEVANT TO

23   SPOLIATION, WHICH IS CERTAINLY AT ISSUE IN THE

24   CASE, AS MADE BY JUDGE LARSON, AND THERE'S NO

25   REASON WHY WE'RE NOT -- WHY A WITNESS CANNOT BE

1    DESIGNATED TO TESTIFY ABOUT NONPRIVILEGED FACTS

2    RELATING TO -- RELATING TO THIS TOPIC.

3              NEXT IS 31, WHICH RELATES TO PEOPLE WHO

4    WORKED FOR AND WERE PAID BY MGA, WHILE EMPLOYED BY

5    MATTEL.  MGA SAYS THIS TOPIC IS IRRELEVANT, BUT I

6    THINK IT'S CLEARLY NOT.  IT GOES TO STATE OF MIND,

7    INTENT, WILLFULNESS, AND ABSENCE OF MISTAKE, WHICH

8    CLEARLY ARE ISSUES IN THE CASE; FOR EXAMPLE,

9    RELATING TO MATTEL'S INTENTIONAL INTERFERENCE WITH

10   CONTRACT CLAIMS.  AND IT ALSO DIRECTLY BEARS ON THE

11   ALLEGED FRAUDULENT SCHEME SET FORTH IN THE

12   COUNTERCLAIMS, INCLUDING THE COMMERCIAL BRIBERY

13   PREDICATE ACT AND MATTEL'S RICO CLAIM.  SO I THINK

14   IT'S -- I THINK IT'S RELEVANT, AND THAT'S MGA'S

15   ONLY OBJECTION TO DESIGNATING A WITNESS ON THIS

16   TOPIC.  AND, ASIDE FROM THAT, I THINK THE TOPIC

17   COULD LEAD TO THE IDENTIFICATION OF WITNESSES, AND

18   IS -- IS LIKELY TO LEAD TO THE DISCOVERY OF

19   ADMISSIBLE EVIDENCE FOR THAT REASON AS WELL.

20             NEXT IS 33, WHICH RELATES TO BRATZ'S

21   PATENT APPLICATIONS.  THIS TOPIC ALSO MGA SAYS IS

22   IRRELEVANT.  BUT I THINK CLEARLY PATENT

23   APPLICATIONS COULD HAVE THINGS LIKE DATES OF

24   INVENTION IN THEM, AND MGA'S OWN STATEMENTS ABOUT

25   THE DATES OF INVENTION AND DATES OF CREATION OF

1   STATE OF CALIFORNIA    )
                            )   SS.
2   COUNTY OF LOS ANGELES   )

3          I,   ANGELA DUPRE  , CERTIFIED

4   SHORTHAND REPORTER, CERTIFICATE NUMBER 7804, FOR

5   THE STATE OF CALIFORNIA, HEREBY CERTIFY:

6          THE FOREGOING PROCEEDINGS WERE TAKEN

7   BEFORE ME AT THE TIME AND PLACE THEREIN SET FORTH;

8          THE FOREGOING TRANSCRIPT IS A TRUE AND

9   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

10         I FURTHER CERTIFY THAT I AM NEITHER

11   COUNSEL FOR NOR RELATED TO ANY PARTY TO SAID ACTION

12   NOR IN ANY WAY INTERESTED IN THE OUTCOME THEREOF.

13         IN WITNESS WHEREOF, I HAVE HEREUNTO

14   SUBSCRIBED MY NAME THIS _4th_ DAY OF

15   _June_____, 2007.

16

17                  _Angela Dupre_

18

19

20

21

22

23

24

25

EXHIBIT ___41___

PAGE ___500___
27

# Exhibit 42

4764

1              UNITED STATES DISTRICT COURT

2              CENTRAL DISTRICT OF CALIFORNIA

3                        ---

4       HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

5                        ---

6  MATTEL, INC.,                 :   PAGES 4764 - 4889
                                 :
7            PLAINTIFF,          :
                                 :
8      VS.                       :   NO. ED CV04-09049-SGL
                                 :   [CONSOLIDATED WITH
9  MGA ENTERTAINMENT, INC.,      :   CV04-9059 & CV05-2727]
   ET AL.,                       :
10                               :
            DEFENDANTS.          :
11  _____ :

12

13

14

15           REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                RIVERSIDE, CALIFORNIA

17              THURSDAY, JULY 10, 2008

18                JURY TRIAL - DAY 22

19                  MORNING SESSION

20

21

22                          MARK SCHWEITZER, CSR, RPR, CRR
                            OFFICIAL COURT REPORTER
23                          UNITED STATES DISTRICT COURT
                            181-H ROYBAL FEDERAL BUILDING
24                          255 EAST TEMPLE STREET
                            LOS ANGELES, CALIFORNIA 90012
25                          (213) 663-3494

CERTIFIED COPY

EXHIBIT    42

PAGE    501

4765

```
 1   Appearances of Counsel:

 2

 3   On Behalf of Mattel:

 4       Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
         By John B. Quinn, Esq.
 5           B. Dylan Proctor, Esq.
             Michael T. Zeller, Esq.
 6           Harry Olivar, Esq.
             John Corey, Esq.
 7           Diane Hutnyan, Esq.
             William Price, Esq.
 8       855 South Figueroa Street
         10th Floor
 9       Los Angeles, CA 90017
         (213) 624-7707
10

11

12   On Behalf of MGA Entertainment:

13       Skadden, Arps, Slate, Meagher & Flom LLP
         By Thomas J. Nolan, Esq.
14           Carl Alan Roth, Esq.
             Jason Russell, Esq.
15           Lauren Aguiar, Esq.
             David Hansen, Esq.
16           Matthew Sloan, Esq.
             Robert Herrington, Esq.
17       300 South Grand Avenue
         Los Angeles, CA 90071-3144
18       (213) 687-5000

19

20

21

22

23

24

25
```

EXHIBIT    42

PAGE    502

4766

1                       I N D E X

2

3    CASSIDY PARK, PREVIOUSLY SWORN........................ 4770

4    DIRECT EXAMINATION BY MR. ZELLER: ..................... 4770
       CROSS-EXAMINATION BY MR. NOLAN:  ..................... 4774
5    REDIRECT EXAMINATION BY MR. ZELLER: ................... 4792
       RECROSS-EXAMINATION BY MR. NOLAN: .................... 4793

6

7    CLOSING ARGUMENT BY COUNSEL FOR THE PLAINTIFF......... 4823

8                   E X H I B I T S

9

10    (Exhibit 10624 received.)............................. 4773

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT   42

PAGE   503

4837

1  opening statement, that there was a good reason. And you

2  know this was his testimony. He said, "Well, we don't want

3  our company's employees' identities out there because no

4  other toy company does, frankly, it's not just Carter Bryant.

5  It's anybody. Any of our employees. We don't want anybody

6  to know about who they are."

7         Well, that flatly contradicts Rachel Harris's

8  testimony. She testified, you'll recall, that the only

9  person she was told to keep under wraps and not talk about

10  was Mr. Bryant.

11         Even when Mr. Larian finally conceded apparently in

12  speaking to a Wall Street Journal reporter in 2003 that

13  Mr. Bryant had something to do with Bratz, he still couldn't

14  bring himself to tell the truth. Remember, he said well, it

15  was done as part of a fashion doll design contest.

16         Kind of unusual contest. No announcement, no

17  prizes, no participants in this contest, other than

18  apparently Carter Bryant and Paula Garcia.

19         Now, I'm just giving you one example for each of

20  these key witnesses. There are other untruths that I'm going

21  to talk about, and I don't mean to minimize those.

22         Now, for Carter Bryant. And for Carter Bryant

23  there's just such a wealth of material one could choose from,

24  but I've chosen an example which Mr. Bryant himself said you

25  could use to evaluate all his testimony.

EXHIBIT 42

PAGE 004

4838

1    You'll recall that Mr. Price was asking Mr. Bryant

2  about the September 18th letter he sent to Universal, the

3  hair vendor.  And Mr. Price asked whether Mr. Bryant meant to

4  imply to Universal that he was working with MGA when he wrote

5  that sentence.  The company I'm working with is called MGA

6  Entertainment.  And Mr. Price says:

7        "So what you just said under oath is that you

8  didn't mean to imply necessarily that you were working with

9  MGA; right?

10       "Answer:  Right.

11       "Question:  And that's as truthful an answer as any

12 that you've given since you've been on the stand; right?

13       "Answer:  Yes."

14       He agreed under oath that this answer here was as

15 truthful as any he had given on the stand.  But then when

16 Mr. Price questioned him further, he flip-flopped.  He

17 realized his dishonesty was exposed.  He was asked:

18       "So examining that answer, since you didn't mean to

19 create the impression, then why did you put on the address,

20 your address here as MGA Entertainment?  Perhaps it was

21 because you were trying to give this impression that you

22 worked with MGA?

23       "Answer:  It's possible, but, you know, I don't

24 really -- I don't really -- excuse me, remember."

25       It was apparent to everybody in the courtroom at

EXHIBIT     42

PAGE        565

1  that point that Mr. Bryant was not telling the truth.  He

2  changed his answer to say that okay, you got me.  It's

3  possible that I was trying to give the impression that I was

4  working with MGA.

5           But Mr. Bryant told the truth about one thing.

6  That answer, that testimony was as honest as anything else

7  that he said on the stand.

8           And the Court's given you a jury instruction which

9  I think is useful in evaluating the truthfulness of

10 Mr. Bryant's testimony and the testimony of others, and

11 that's Jury Instruction No. 14.  The evidence that a witness

12 has lied under oath on a prior occasion or given inconsistent

13 testimony under oath may be considered, along with all other

14 evidence, in deciding whether or not to believe the witness

15 and how much weight to give to the testimony of the witness

16 and for no other purpose.

17          In other words, if he didn't tell the truth, you

18 can take that into account in evaluating all the testimony

19 that he gave.

20          You've now heard the jury instructions about

21 Mattel's claims in this case.  You know that it's Mattel's

22 contention that MGA and Mr. Larian interfered with Carter

23 Bryant's contract with Mattel, that MGA and Mr. Larian aided

24 and abetted Mr. Bryant in breaching his duties of loyalty and

25 fiduciary duties to Mattel.  As you've heard, the Court has

EXHIBIT 42

PAGE 506

1   already found that Mr. Bryant did in fact breach his contract
2   and breached his duty of loyalty.

3          And I submit that under the evidence you've heard,
4   there was no doubt that he was helped in that, he was aided
5   and abetted in that by MGA.  They helped him because they
6   needed a successful product.  This is a company that in the
7   recent past not too long before had gone through a
8   bankruptcy.  They ended up losing millions of dollars in the
9   year 2000.  They had never had a fashion doll.  This was a
10  perfect marriage of an individual who was willing to betray
11  his employer and a company that needed him to do exactly
12  that.

13         Now, I'd like to talk about that marriage and the
14  events, and we'll get some help from Mr. Price to turn around
15  a chart we've prepared.  And this chart summarizes what you
16  heard about what Mr. Bryant and MGA did during the time that
17  Mr. Bryant was still a Mattel employee so he could get MGA in
18  the position and MGA would be in the position to compete with
19  Mattel.

20         Now, first I'd like to focus on a couple of things
21  Mr. Bryant did before September 2000.  In the year 2000, but
22  before September 2000.  While at Mattel, he goes to one of
23  his co-workers, a face painter by the name of Sheila Kyaw.
24  Why is he doing this?  He wants to create a Bratz doll that
25  he can take with him to pitch to MGA.  He didn't tell her

EXHIBIT ____ 42
PAGE ____ 507

4889

C E R T I F I C A T E

I hereby certify that pursuant to Title 28,

Section 753 United States Code, the foregoing is a true and

correct transcript of the stenographically reported

proceedings in the above matter.

Certified on July 10, 2008.

MARK SCHWEITZER, CSR, RPR, CRR
Official Court Reporter
License No. 10514

EXHIBIT 42
PAGE 508