QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard By Discovery Master Robert C. O'Brien Pursuant To Order Of January 6, 2009]<br><br>REPLY IN SUPPORT OF MATTEL'S MOTION TO COMPEL *IN CAMERA* REVIEW AND PRODUCTION OF NON-ATTORNEY OR NON-LEGAL COMMUNICATIONS LISTED ON MGA'S PRIVILEGE LOGS<br><br>[Supplemental Declaration of B. Dylan Proctor filed concurrently herewith]<br><br>Hearing Date:   TBD<br>Time:           TBD<br>Place:          TBD<br><br>**Phase 2:**<br>Discovery Cut-off:    Dec. 11, 2009<br>Pre-trial Conference: Mar. 1, 2010<br>Trial Date:           Mar. 23, 2010 |

**PUBLIC REDACTED**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT .............................................................................................................1

I. THIS MOTION WAS NOT DECIDED BY JUDGE LARSON ......................1

    A. Mattel's Motion Seeks Production of Specific Entries ..........................3

    B. Judge Larson Did Not Previously Consider or Decide The Issues in Mattel's Motion....................................................................................4

    C. Mattel's Motion Seeks Different Relief.................................................7

II. MGA MAKES NO SHOWING THAT THE DOCUMENTS IT CONTINUES TO IMPROPERLY WITHHOLD ARE PRIVILEGED ...........9

    A. Non Lawyer Communications: MGA Fails To Show That These Communications Actually Involve Legal Advice................................10

    B. Unidentified Author or Recipient: MGA Fails to Explain Why Entries Lacking Basic Information Should Be Withheld ....................11

    C. Author or Recipient Misidentified as an Attorney: MGA Fails to Explain What Other Basis Supports its Withholding ..........................12

    D. Non-Legal Communications: MGA Fails To Show That These Communications Have Any Legal Purpose ........................................13

    E. Blind Carbon Copies: MGA Fails to Show That The Primary Purpose of These Communications is Legal Advice ..........................15

CONCLUSION........................................................................................................16

# **TABLE OF AUTHORITIES**

**Page**

### **Cases**

Abrams v. First Tenn. Bank Nat'l Assoc.,
   2007 U.S. Dist. LEXIS 6739 (E.D. Tenn. Jan. 30, 2007) .................................. 4

Baxter Healthcare Corp. v. Fresenius Med. Care, Inc.,
   2008 WL 5214330 (N.D. Cal. Dec. 12, 2008) ................................................ 12

Bryant v. Mattel, Inc.,
   2007 WL 5416682 (C.D. Cal. Jul. 20, 2007) ............................................. 9, 16

Bryant v. Mattel, Inc.,
   2007 WL 5430887 (C.D. Cal. June. 20, 2007) .......................................... 9, 11

In re CV Therapeutics, Inc. Sec. Litig.,
   2006 WL 1699536 (N.D. Cal. Jun. 16, 2006) ................................................ 12

Carl Zeiss Jena GmbH v. Bio-Rad Laboratories Inc.,
   2000 WL 1006371 (S.D.N.Y. July 19, 2000) ................................................ 15

Coleman v. Schwarzenegger,
   2008 WL 2732182 (E.D. Cal. Jul. 8, 2008) .................................................... 10

Conopco, Inc. v. Wein,
   2007 WL 1859757 (S.D.N.Y. 2007) .............................................................. 15

Curry v. Delta Intern. Machinery Corp.,
   2008 WL 2795129 (W.D. Pa. Jul. 15, 2008) .................................................... 8

Curto v. Med. World Comms., Inc.,
   2008 U.S. Dist. LEXIS 45313 (E.D.N.Y. June 9, 2008) .................................. 7

Fed. Sav. & Loan Ins. Corp. v. Ferm,
   909 F.2d 372 (9th Cir. 1990) ............................................................................ 9

Estate of Gonzales ex rel. Gonzales v. Hickman,
   2007 WL 3231956 (C.D. Cal. Apr. 18, 2007) .................................................. 5

Mac-Ray Corp. v. Ricotta,
   2004 WL 1368857 (W.D.N.Y. Jun. 16, 2004) ............................................... 14

Natural Resources Defense Council v. Gutierrez,
   2008 WL 2468494 (N.D. Cal. Jun. 17, 2008) ........................................... 10, 13

Pacific Gas and Elec. Co. v. U.S.,
   69 Fed. Cl. 784 (Fed. Cl. 2006) ...................................................................... 13

Rouse v. DaimlerChrysler Corp.,
   300 F.3d 711 (6th Cir. 2002) .................................................................................. 9

Shain v. Ellison,
   356 F.3d 211 (2d Cir. 2004) .................................................................................. 7

SmithKline Beecham Corp. v. Apotex Corp.,
   232 F.R.D. 467 (E.D. Pa. 2005) .......................................................................... 11

In re Subpoena Duces Tecum,
   439 F.3d 740 (D.C. Cir. 2006) ....................................................................... 5, 6, 7

U.S. v. Alexander,
   106 F.3d 874 (9th Cir. 1997) ................................................................................. 2

U.S. v. Real Property Located at Incline Village,
   976 F. Supp. 1327 (D. Nev. 1997) ........................................................................ 2

United States v. Cote,
   51 F.3d 178 (9th Cir. 1995) ................................................................................... 2

United States v. Davis,
   132 F.R.D. 12 (S.D.N.Y. 1990) .......................................................................... 16

In re Univ. Service Fund Tel. Billing Practices,
   320 F. Supp. 2d 1135 (D. Kan. Jun. 4, 2004) ....................................................... 8

Upjohn Co. v. United States,
   449 U.S. 383 (1981) ....................................................................................... 10, 11

Urban Box Office Network, Inc. v. Interfase Managers, L.P.,
   2006 WL 1004472 (S.D.N.Y. Apr. 18, 2006) .................................................... 14

Valero Energy Corp. v. U.S.,
   2008 WL 4104368 (N.D. Ill. Aug. 26, 2008) .................................................... 4, 5

Wiesner v. 321 West 16th Street Assocs.,
   2000 WL 1585680 (S.D.N.Y. Oct. 25, 2000) ................................................... 3, 8

Williams v. Sprint/United Mgmt. Co.,
   2006 WL 266599 (D. Kan. Feb. 1, 2006) ...................................................... 10, 13

Wills v. Tilton,
   2009 WL 745763 (E.D. Cal. Mar. 20, 2009) ........................................................ 2

**Preliminary Statement**

MGA has no answer to this motion on the merits. It does not even try to demonstrate that every document Mattel seeks is indeed fully privileged. It does not deny that it bears the burden to do so. Nor does it deny that these documents include evidence relevant to Phase 2 claims. Rather, MGA's only answer is to attack Mattel for supposedly misrepresenting Judge Larson's earlier opinion and to warn the Discovery Master that he will be infringing on the Court's province if he decides this motion. MGA is wrong on both counts. Judge Larson never decided this motion. The fact that the same privilege *logs* were at issue in a different motion, raising different claims, seeking different relief, as to Phase 1, in no way converts this motion into a motion for reconsideration or triggers law of the case preclusion. And once this aspect of MGA's opposition is rejected, as it must be, there is nothing left. There is a history of privilege log motion practice in this case because MGA has a history of delay in properly completing its privilege logs and producing documents which should not be withheld. But that history does not absolve MGA of its obligations under the law as it now contends.

**Argument**

**I.    THIS MOTION WAS NOT DECIDED BY JUDGE LARSON**

In June 2008, Judge Larson denied Mattel's motion challenging MGA's practice of withholding as privileged entire documents that should be produced in redacted form. He refused to grant the order Mattel sought, which would have required MGA to produce all their withheld communications and documents under new redaction practices. Mattel did not offer, nor did Judge Larson consider or decide, entry-by-entry objections to claims of privilege.

MGA argues that Judge Larson's order purportedly rested on prior counsel's representation that the documents were properly withheld, portraying Mattel's motion as an attack on the honor of Skadden. That argument is misguided. Prior counsel's familiarity with the logs was an issue because nearly half the entries

on the logs were prepared by the O'Melveny firm prior to the Skadden firm's substitution. Skadden's representation that it had reviewed the documents may have figured in the Judge's willingness to forego Mattel's request that he order all of them produced, but it does not preclude Mattel from raising claims it never raised before and that Judge Larson never decided.

Neither reconsideration nor law of the case is a valid obstacle to resolution of Mattel's motion.[1] Nothing in Mattel's motion would require the Discovery Master to "alter or amend" Judge Larson's prior order, which is the essence of "reconsideration," see, e.g., Wills v. Tilton 2009 WL 745763, at *1 (E.D. Cal. Mar. 20, 2009) (a "motion for reconsideration" properly should be "construed as motion to alter or amend judgment under Rule 59(e) or Rule 60(b)"), and law of the case doctrine is only applicable to issues that have been *actually determined* by a prior decision. See, e.g., United States v. Cote, 51 F.3d 178, 181 (9th Cir. 1995) ("[T]he law of the case acts as a bar only when the issue in question was actually considered and decided by the first court."). The issues here have not been decided; and the relief sought has not been rejected. Moreover, neither doctrine bars a subsequent motion that seeks different relief or a different remedy than that sought in the prior motion. See, e.g., Wiesner v. 321 West 16th Street Assocs., 2000 WL 1585680, at *5 (S.D.N.Y. Oct. 25, 2000) (where "the relief

---

[1] Reconsideration and "law of the case" are analytically distinct—the former governs whether a specific decision should be altered or amended; the latter governs whether a prior decision compels an outcome regarding a subsequent issue. Nevertheless, there is substantial overlap between them and many decisions use the terms interchangeably. See, e.g., U.S. v. Alexander, 106 F.3d 874, 876-77 (9th Cir. 1997) (applying law of the case principles to motion for reconsideration); U.S. v. Real Property Located at Incline Village, 976 F.Supp. 1327, 1352 (D. Nev. 1997) ("the question whether a motion for reconsideration may be granted is governed by the 'law of the case' doctrine").

sought is not the same as the relief sought in [prior motion], the Court will treat it as a new motion . . ."). Because Mattel's current motion focuses on different issues and seeks different relief, reconsideration is not at issue.

These legal requirements are not mere technicalities. They mark the line between forcing parties to live with one bite at the apple and not denying them their right to raise new issues and seek new relief. MGA argues that Judge Larson's decision precludes consideration of Mattel's motion because (1) it challenges "entries on identical or near-identical privilege logs," (2) it raises the "very same arguments" as the prior motions and because (3) Mattel "is asking the Discovery Master to grant the same relief that Judge Larson already denied." (Opp. at 9). But on each of these issues, MGA misstates or ignores Judge Larson's actual decision— mistakes that are critical to the application of doctrines that turn on whether the Discovery Master is being asked to "alter or amend" a prior order or reconsider an issue that was "actually decided."

### A. Mattel's Motion Seeks Production of Specific Entries

It is entirely besides the point whether the same or "nearly" the same *logs* were at issue in the prior motion, as MGA repeatedly states. The logs list often unrelated documents being withheld as privileged on unrelated grounds. The same logs may be, and have been, the subject of numerous motions in this case.[2] Mattel's

---

[2] See, e.g., Mattel's Motion to Compel Production of Withheld MGA (1) Trademark Search Results, (2) Date of First Use Information, and (3) Factual Data Communicated for Purposes of Filing Trademark or Other Intellectual Property Applications, dated January 21, 2008, Proctor Decl., Ex. 24; Mattel's Motion to Compel Production of Third Party Communications Improperly Withheld Under a Claim of "Common Interest" Privilege, dated January 23, 2008, Proctor Decl., Ex. 25. Indeed, if MGA's argument that Judge Larson had decided that all the entries on its logs are privileged were correct, how can it explain Judge Larson's rulings—on other motions—ordering documents from those same logs produced. See, e.g., Joint Order Regarding Various Discovery Motions, Applications and
(footnote continued)

00505.07209/2871875.6                            -3-                 Case No CV 04-9049 SGL (RNBx).
REPLY ISO MATTEL'S MOTION TO COMPEL *IN CAMERA* REVIEW

prior motion was addressed to the issue of redacting documents. Mattel claimed that MGA was withholding as privileged many documents which it could and should have produced at least in redacted form and sought a broad order requiring MGA "immediately" to "***produce all documents*** they have improperly withheld under a claim of privilege, either in their entirety or in redacted form," as well as "amended privilege logs."[3] Mattel did not make entry-by-entry objections, and Mattel did not seek entry-by-entry adjudication or relief. The fact that MGA's logs were once challenged on a categorical basis does not render them (and every entry therein) immune thereafter to specific challenges. See, e.g., Abrams v. First Tenn. Bank Nat'l Assoc., 2007 U.S. Dist. LEXIS 6739, at *10-12 (E.D. Tenn. Jan. 30, 2007) (where court previously made general decision regarding privilege, law of the case did not bar consideration as to whether "specific" documents were privileged); Valero Energy Corp. v. U.S., 2008 WL 4104368, at *12 (N.D. Ill. Aug. 26, 2008) (earlier order did not bar later consideration as to documents claimed privileged because questions of privilege "apply-or do not apply-on a document-by-document basis").

### B. Judge Larson Did Not Previously Consider or Decide The Issues in Mattel's Motion

Nor does Mattel's current motion involve the "very same arguments" as previously. Because the prior motion challenged the adequacy of MGA's logs on "categorical" bases (regarding the general manner of MGA's redactions) rather than as to MGA's improper withholding of specific entries, Judge Larson was never

---

Other Matters Upon Which the Court Ruled on June 2, 2008, dated June 5, 2008 ("Joint Order"), at ¶ 6, Mankey Decl., Ex. F (ordering certain third-party communications from MGA's produced pursuant to separate Mattel motion).

[3] See Mattel's Motion to Compel the Production of Previously Withheld Documents Only Portions of Which are Allegedly Privileged, dated January 21, 2008 ("Prior Mot."), at 1, Proctor Decl., Ex. 23.

called to rule on the various questions presented here—for example, whether a communication that is bcc'd to an attorney can constitute an attorney-client communication, or—most notably—whether the specific entries Mattel has identified in the current motion are privileged. These matters were simply not presented or ruled on by Judge Larson, and therefore remain to be determined. See Estate of Gonzales ex rel. Gonzales v. Hickman, 2007 WL 3231956, at *4 (C.D. Cal. Apr. 18, 2007) (law of the case did not apply because prior discovery order did not require a decision as to issues in current motion); Valero Energy Corp. v. U.S., 2008 WL 4104368, at *12. Much as MGA tries to read Judge Larson's order as such, he never determined, explicitly or implicitly, that the individual documents at issue in this motion are privileged. Rather, Judge Larson's mid-trial order held only that there was not a sufficient basis to order a wholesale, categorical production at that time—the relied that Mattel sought.[4]

The decision of the D.C. Circuit in In re Subpoena Duces Tecum, 439 F.3d 740, 747 (D.C. Cir. 2006), decisively answers MGA's opposition. At issue there was a Magistrate Judge's prior order that documents on a privilege log could be withheld pursuant to the settlement communications privilege. When those documents were later sought, the Court held that because the prior order focused broadly on a category of documents rather than the specific documents challenged in the later motion, the order did not preclude a subsequent challenge. In particular, because the prior order "specifie[d] which documents were protected by the settlement privilege only by general reference to [the] privilege log," it was "unclear whether the same issues were presented," rendering preclusion improper. 439 F.3d at 747. Moreover, the generalized nature of the prior order suggested that "the Magistrate did not, in order to determine whether the privilege would apply to

---

[4] See June 2 Hearing Tr. at 36:6-8, Proctor Decl., Ex. 11 (there is "not a (footnote continued)

particular documents, personally examine the withheld documents or hear testimony about the circumstances surrounding their creation and use." Id. As the D.C. Circuit explained:

> Inasmuch as the Magistrate's Order was designed to settle a large number of discovery disputes between the parties, and the Magistrate noted some deficiencies in [the] privilege log that made it difficult to determine in all instances which documents were claimed as privileged, it appears that the Magistrate contemplated the possibility of subsequent proceedings to define the circumstances surrounding the creation of the documents and their role in the settlement discussions; then, either Gallo could contest the applicability of the settlement privilege on a document-by-document basis or the Magistrate could conduct an *in camera* review.

Id. at 743. The Court concluded that because the order did not "unambiguously" establish whether these issues had been presented, the party seeking to apply the prior decision to shield discovery had "failed to meet its burden to show that the same issue was presented." Id. at 748.[5]

      The same reasoning applies here. As in In re Subpoena, the Court's prior order here—submitted by the parties to the Court mid-trial as a joint proposed order to memorialize the Court's June 2, 2008 rulings[6]—was designed to settle a large number of unresolved discovery disputes. It did not purport to resolve the privileged nature of each of the individual entries based on personal observation,

---

bas[i]s . . . for the Court to order a production at this point").

[5] Because the procedural posture presented in In re Subpoena Duces Tecum involved parties in related litigation, the D.C. Circuit ultimately rested its decision on collateral estoppel principles rather than law of the case. Nevertheless, the decision is instructive for how a general order on privilege should be construed to determine whether "issue must have been actually and necessarily determined" in the prior order. 439 F.3d at 743. That consideration is the same for both collateral estoppel and law of the case.

[6] See Joint Order ¶ 3, Mankey Decl., Ex. F.

much less the resolution of stated objections. There is no basis from which it can reasonably be concluded that Judge Larson held that these documents—each of them—is, in fact, privileged. See Curto v. Med. World Comms., Inc., 2008 U.S. Dist. LEXIS 45313, at *8-10 (E.D.N.Y. June 9, 2008) (where party had earlier claimed documents on privilege log were improperly withheld as work product, law of the case did not bar later challenge based on the attorney-client privilege; even though the latter issue was raised in parties' earlier briefs, the court's decisions "did not 'expressly or impliedly' decide" whether the attorney-client privilege applied).

### C. Mattel's Motion Seeks Different Relief

The current motion seeks distinctly different relief than the order Mattel sought from Judge Larson, a critical element in the application of both reconsideration and law of the case doctrines. See, e.g., Shain v. Ellison, 356 F.3d 211, 214-215 (2d Cir. 2004) (prior holding that party had standing to seek monetary relief is law of the case, but "whether [party] has standing to seek injunctive relief is a different matter"); In re Univ. Service Fund Tel. Billing Practices, 320 F. Supp. 2d 1135, 1138 (D. Kan. Jun. 4, 2004) (rejecting argument that later motion was improper motion for reconsideration because "[a]lthough the court's resolution of both issues turns on the same considerations, the relief sought is different"); Wiesner, 2000 WL 1585680, at *5 ("Defendants characterize this motion as a 'second motion for reconsideration.' However, because the relief sought is not the same as the relief sought in [prior motion], the Court will treat it as a new motion[.]").

When a court does determine to hear a motion for reconsideration, it generally will not grant relief different than in the original motion. See, e.g., Curry v. Delta Intern. Machinery Corp., 2008 WL 2795129, at *1 (W.D. Pa. Jul. 15, 2008) ("We will not on a motion for reconsideration grant different relief than was sought in the original motion."). By that same logic, where different relief is sought, as here, the motion is not for reconsideration. MGA's repeated argument that the relief

sought in this Motion would require the Discovery Master to "review and reverse the Court's prior decision" (Opp. at 11) is simply false, since the remedy sought here would not be contrary to the Court's order on Mattel's prior motion.

Because Mattel's prior motion challenged the manner in which MGA had determined to redact documents (or, more precisely, to withhold them in their entirety without redaction), Mattel sought broad categorical relief including an order requiring MGA "immediately" to "produce all documents they have improperly withheld under a claim of privilege, either in their entirety or in redacted form," along with "amended privilege logs."[7] Judge Larson's order denied the "broad categorical demands" in Mattel's requested relief: "[I] don't really see the relief, at least as you requested in the motion, as being appropriate."[8] Here, by contrast, Mattel seeks an order for *in camera* review of specific entries from MGA's logs, and production if those entries are determined by the Discovery Master to be non-privileged. As the Ninth Circuit has recognized, a later motion that seeks an *in camera* review remedy is sufficiently different than a prior categorical remedy to render it a "new motion." <u>Fed. Sav. & Loan Ins. Corp. v. Ferm</u>, 909 F.2d 372, 375 (9th Cir. 1990) (ruling that a party's "second motion was a new motion and not a motion for reconsideration" because the "second motion sought different relief than that sought in the first motion," including "*in camera* review"). Neither reconsideration nor law of the case is a bar to this motion. Indeed, where a prior order has not determined an issue, as here, it would be an abuse of discretion to give it preclusive effect as to that issue. See <u>Rouse v. DaimlerChrysler Corp.</u>, 300 F.3d

---

[7] See Prior Mot., at 1, Proctor Decl., Ex. 23.
[8] June 2 Hearing Tr. at 23:19-20, Proctor Decl., Ex. 11.

711, 715 (6th Cir. 2002) (reversing trial court's application of law of the case because prior order did not decide matter at issue).[9]

## II. MGA MAKES NO SHOWING THAT THE DOCUMENTS IT CONTINUES TO IMPROPERLY WITHHOLD ARE PRIVILEGED

MGA fails to rebut any of Mattel's arguments on the merits  As the party asserting a claim of privilege to shield documents from discovery, MGA bears the burden of substantiating its claims. Bryant v. Mattel, Inc., 2007 WL 5430887, at *2 (C.D. Cal. June. 20, 2007) (burden is on withholding party to "***substantiate*** the claim of privilege under Federal Rule of Civil Procedure 26(b)(5)"); Bryant v. Mattel, Inc., 2007 WL 5416682, at *1 (C.D. Cal. Jul. 20, 2007) ("The party asserting the privilege has the burden of ***establishing*** that the privilege applies to a particular document or set of documents."). Neither MGA's logs nor anything in its opposition amounts to the "clear showing" necessary to satisfy this burden. At the most, MGA is relying on bald assertions it sometimes makes in its logs that the communications "reflect" or "render" legal advice. But the burden on MGA is not one of allegation—it is a burden of establishing, including through evidence that the communications are privileged. See Bryant, 2007 WL 5430887, at *2 (ordering documents produced because "Bryant has not made any attempt to submit affidavits or other admissible evidence to establish that, for instance, the withheld documents contain confidential attorney-client communications made for the purpose of giving legal advice"); Williams v. Sprint/United Mgmt. Co., 2006 WL 266599, at *4 (D.

---

[9] MGA suggests that the Court's written order on the prior motion suggests the identity of the issues now before the Discovery Master. That is not correct. The written order, like the ruling from the bench on which it was based, denied Mattel the categorical relief then sought based on counsel's representations. It did not, however, deny relief not then sought by Mattel. At no time and in no order has the Court previously rejected the challenges to MGA's withheld documents now at issue.

REPLY ISO MATTEL'S MOTION TO COMPEL *IN CAMERA* REVIEW

1  Kan. Feb. 1, 2006) (party must make a "clear showing" that the asserted privilege
2  applies). That burden has not been met.

### A. Non Lawyer Communications: MGA Fails To Show That These Communications Actually Involve Legal Advice

MGA claims that it is "well-established" that communications between employees discussing an attorney's legal advice are "entirely privileged." (Opp. at 11.) But what is glaringly absent from MGA's opposition is any claim that the 450 odd communications that Mattel identified in its Motion—including, for instance, a 2006 email between Isaac Larian and Schuyler Bacon, an MGA recruiter, described on the log as an "███████████████████"[10]—each even discusses legal advice.[11]  Upjohn Co. v. United States, 449 U.S. 383 (1981) does not provide that missing link. Upjohn focused on when the attorney-client privilege would encompass a corporation's employees communications **with that corporation's counsel**. See id. at 390 ("The communications at issue were made by Upjohn employees to counsel for Upjohn, acting as such, at the direction of corporate superiors in order to secure legal advice from counsel."). Nothing in Upjohn stands for the proposition, as MGA suggests by interpolating the language of the Supreme Court with its own argument, that because the privilege extends to the "giving of information to a lawyer" (Upjohn), it also extends to "include[] communications between managers and officers at the corporation or others who possess that information." (Opp. at 11.) Merely because an employee possesses information that might be relayed to an attorney does not render any employee communication on those subjects privileged. Without any evidence that these non-legal employees are actually—not just hypothetically could be—engaged in discussions regarding an attorney's advice, MGA cannot withhold them.

---

[10] Entry No. 1986, Rev. Jan. 23 Log at 222.

B.  **Unidentified Author or Recipient: MGA Fails to Explain Why Entries Lacking Basic Information Should Be Withheld**

MGA has withheld at least 41 communications on its logs for which it fails to provide an author or recipient or both. (Mot. at 15-18).[12] As set forth more fully in Mattel's motion, courts should "scrutinize closely any privilege claim where [a party] is unable to identify the author," SmithKline Beecham Corp. v. Apotex Corp. 232 F.R.D. 467, 476 (E.D. Pa. 2005), and the distribution to "unidentified email recipients . . . destroys the confidential nature of the communication absent an explanation of who these recipients were." In re CV Therapeutics, Inc. Sec. Litig., 2006 WL 1699536, at *9 (N.D. Cal. Jun. 16, 2006).

MGA offers no explanation to support or explain the absence of information critical to the privilege inquiry. It does not claim that the authors or recipients of these documents (most of which are emails) are not ascertainable. It does not make an offer of proof to show that even one of these 41 emails was either authored or received by an attorney. It does not address the authorities cited by Mattel which establish that by "fail[ing] to provide sufficient identification," Baxter Healthcare Corp. v. Fresenius Med. Care, Inc., 2008 WL 5214330, at *3 (N.D. Cal. Dec. 12, 2008), of the authors or recipients of these communications, MGA has not substantiated its claims of privilege. Instead, MGA pronounces these cases "irrelevant" because the "adequacy of these privilege logs, and the privileged nature of these documents, have already been ruled on by the Court." (Opp. at 11.) Nonsense.[13]

---

[11] These specific entries are set forth in Appendix A to Mattel's Motion.
[12] These specific entries are set forth in Appendix B to Mattel's Motion.
[13] MGA's only other argument is to shrilly complain that Mattel has similarly described five entries on its own logs and that "[i]f Mattel believes its descriptions are adequate for MGA, then MGA's similar descriptions should be adequate for Mattel." (Opp. at 11.) MGA has its facts wrong. Mattel identified the author and
(footnote continued)

1    Judge Larson has never ruled on the "privileged nature of these
2 documents." It defies logic to suggest that Judge Larson specifically ruled that an
3 undated "███████████████" whose author or recipient has not been
4 indentified, and which has been withheld without any stated privilege grounds, is
5 privileged;[14] or that an undated "██████," whose author, recipient and subject is
6 not indicated, was created "████████████████████████
7 ███████████,"[15] These documents were not indentified previously and were
8 not submitted *in camera*; there was and could be no ruling that they were privileged.
9 The documents should be produced for *in camera* review by the Discovery Master,
10 at a minimum. See Pacific Gas and Elec. Co. v. U.S., 69 Fed. Cl. 784, 812 (Fed.
11 Cl. 2006) (party's failure to identify author in privilege logs supported disclosure as
12 a sanction, but ordering production *in camera* instead).

   C.  **Author or Recipient Misidentified as an Attorney: MGA Fails to Explain What Other Basis Supports its Withholding**

15   Mattel's motion identified several emails wrongly withheld as
16 privileged because MGA's CFO, Dennis Medici, was wrongly indentified as an
17 attorney. (Mot. at 18-19.)[16] While conceding (as it must) that Mr. Medici is not an
18 attorney, MGA nevertheless remarkably labels Mattel's "contention" as "nothing
19 more than a red herring" (Opp. at 12), arguing that these apparently everyday

---

recipient for Entry Nos. 194, 201, 320 and 321. See Mattel's January 15, 2008 Supplemental Privilege Log, Mankey Decl., Ex. D, at p. 1114, 1116 and 1139. The remaining two entries that MGA cites, Nos. 8 and 31, are legal review forms from Mattel Product Legal Administration, and which Mattel produced in redacted form after meeting and conferring with MGA. See M 0737440-442, 0737459, Supplemental Declaration of B. Dylan Proctor ("Supp Proctor Decl."), Exs. 1 and 2. Nor, in any case, is this material—MGA's log entries, not Mattel's, are now at issue.
[14]  Entry No. 214, Rev. Jan. 28 Log at 23.
[15]  Entry No. 2046, Rev. Jan. 23 Log at 229.
[16]  These specific entries are set forth in Appendix C to Mattel's Motion.

business communications on issues such as advertising, employment and compensation were actually "about legal advice" purportedly received from some unidentified counsel.[17] MGA cannot simply misidentify individuals on its logs and then, when challenged, assert without support that the communications are privileged anyway. That does not even come near the "clear showing" that is necessary to satisfy the burden of withholding. See Williams, 2006 WL 266599, at *4; Gutierrez, 2008 WL 2468494, at *3. Because MGA has failed to make this showing, these communications should be provided to the Discovery Master for *in camera* review to determine whether they, in fact, do consist of legal advice received from counsel.

>D. **Non-Legal Communications: MGA Fails To Show That These Communications Have Any Legal Purpose**

As set forth in Mattel's motion, MGA has withheld at least 15 emails that, based on MGA's own log descriptions, appear to involve non-legal matters.[18] For example, MGA has withheld a 2005 email from Pablo Vargas, a former Mattel employee, to Eric Villete, an MGA executive in Operations, and Larian, cc'ing a large group of nine employees—including one lawyer—purportedly requesting legal advice regarding "█████".[19] Communications regarding sales, employment or other "routine business transaction[s] [are] outside the scope of the attorney-client privilege." Mac-Ray Corp. v. Ricotta, 2004 WL 1368857, at *2, 3 (W.D.N.Y. Jun. 16, 2004) (ordering communications regarding "human resources" and "sales orders" produced). Moreover, the mere presence of an attorney does not render such communications privileged. It is "well-established that the attorney-client

---

[17] Further, MGA's suggestion that these entries, which are on the October log, were the "subject of Mattel's prior motion" once again fails to distinguish between a challenge to a log and to the specific entries on that log.

[18] These specific entries are set forth in Appendix D to Mattel's Motion.

privilege applies only where legal advice, not business advice, is sought and given." <u>Urban Box Office Network, Inc. v. Interfase Managers, L.P.</u>, 2006 WL 1004472, at *4 (S.D.N.Y. Apr. 18, 2006) (ordering production of documents after *in camera* review). MGA cites no contrary authority.

MGA accuses Mattel of "mount[ing] a categorical attack" on MGA's logs (Opp. at 12), ignoring the fact that Mattel has challenged fifteen specific entries. There is nothing "speculative" or "abstract" about Mattel's challenge to these fifteen entries which do not appear to involve legal matters. MGA's claim that because the Rev. Jan. 23 Log was the subject of Mattel's prior motion to compel redactions, the current motion (which challenges five specific entries from this log) must be denied "for this reason alone" (Opp. at 12) once again ignores the difference between a log that includes many entries and a challenge to specific entries on the logs. As for MGA's fall-back, tit-for-tat argument that Mattel's logs present the same deficiencies, surely MGA must know that Mattel actually produced for MGA in redacted form the very documents about which it now complains.[20] It is not enough, as MGA claims, that communications "relate" to legal advice; such communications are not privileged unless "the predominant purpose of the communication is to render or solicit legal advice." <u>Conopco, Inc. v. Wein</u>, 2007 WL 1859757, at *5 (S.D.N.Y. 2007). MGA's logs fail to make any such showing as to these fifteen documents, and they should be provided to the Discovery Master for *in camera* review.

---

[19] Entry No. 2074, Rev. Jan. 23 Log at 233.

[20] MGA's opposition complains that Entry Nos. 40(a)-(c) on Mattel's January 15, 2008 Supplemental Privilege Log are improper. As is evident from Mattel's Log, Mankey Decl., Ex. D, at 1081-82, Mattel produced each of these documents in properly redacted form. <u>See</u> M0737461-468, Supplemental Declaration of B. Dylan Proctor, Ex. 3. If MGA believes documents are being improperly withheld by Mattel, it should engage Mattel in the meet and confer process.

### E. Blind Carbon Copies: MGA Fails to Show That The Primary Purpose of These Communications is Legal Advice

Finally, MGA's opposition fails to explain why communications to non-lawyers about what are clearly business issues—for example "███████"[21]—are transformed into attorney-client communications merely because the sender chose, for whatever reason, to "bcc" counsel or a paralegal. See, e.g., Carl Zeiss Jena GmbH v. Bio-Rad Laboratories Inc., 2000 WL 1006371, at *3 (S.D.N.Y. July 19, 2000) (ordering communication bcc'd to in-house attorney produced because forwarding to attorney "does not mean that [non-lawyer's] words are privileged"). As has been consistently recognized in this case, the essence of the privilege is that the communication must be made for the purpose of seeking legal advice. Bryant, 2007 WL 5416682, at *2 ("Mattel has failed to establish that this single line of text is a confidential attorney-client communication for the purpose of giving or receiving legal advice. Therefore, Mattel's claim of privilege is overruled as to privilege log entry 32."). MGA cites no authority for the proposition that sending a blind carbon copy suffices to establish the privilege, nor does it establish factually that the purpose of these communications was to seek legal advice.[22] Indeed, the fact that an attorney or paralegal is merely "bcc'd" suggests that the primary purpose of the communication was not to seek legal advice. These communication should be produced to the Discovery Master for *in camera* review to

---

[21] Entry No. 1650, Rev. Jan. 23 Log at 185.
[22] MGA claims United States v. Davis, 132 F.R.D. 12, 17 (S.D.N.Y. 1990), is inapposite because the documents at issue there were attorney-work product. The point of Davis, however, is that when a communication is merely bcc'd to an attorney it undermines the strength of any inference that the communication was made for the purpose of involving that attorney—whether it be to produce work product or to seek legal advice.

determine whether the communications were, in fact, for the purpose of seeking legal advice.

## Conclusion

For the reasons set forth above, Mattel respectfully requests that its motion be granted.

DATED: April 8, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ B. Dylan Proctor
   B. Dylan Proctor
   Attorneys for Mattel, Inc.