Patricia L. Glaser, State Bar No. 055668
Pglaser@glaserweil.com
Joel N. Klevens, State Bar No. 045446
Jklevens@glaserweil.com
GLASER, WEIL, FINK, JACOBS,
 HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: 310-553-3000
Facsimile: 310-556-2920

Russell J. Frackman, State Bar No. 049087
rjf@msk.com
MITCHELL, SILBERBERG & KNUPP, LLP
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone: 310-312-2000
Facsimile: 310-312-3100

Attorneys for the MGA Parties For Phase Two

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. 04-09059, Case No. 05-02727<br><br>**DISCOVERY MATTER**<br><br>**MGA ENTERTAINMENT, INC.'S OPPOSITION TO MATTEL, INC.'S 4/3/09 MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS AS CALLED FOR BY MATTEL'S FIRST SET OF RFPS NO. 48, AND THIRD SET OF RFPS NOS. 43 THROUGH 75, BASED ON MGA'S FULL COMPLIANCE**<br><br>**[Declaration of Richard Stoll filed concurrently herewith]**<br><br>**Date:** May 12, 2009<br>**Time:** 10:00 a.m.<br>**Place:** 555 West 5th St., Suite 4800<br>Los Angeles, CA 90013 |

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................... 1

FACTUAL BACKGROUND ............................................................................... 2

    A.    MGA Agreed To Produce Non-Privileged Documents And Tangible Items Responsive To The Requests. ..................................................... 2

    B.    MGA Commenced A Rolling Production On March 9, 2009 And Completed Its Production. ............................................................................ 3

    C.    MGA *Never* Refused To Produce Documents Or Tangible Items Responsive To Mattel's Requests. ............................................................ 5

    D.    Prior To Filing Its Motion, Mattel Concocts Its Story That MGA Is Refusing To Produce Tangible Items. ............................................................ 5

ARGUMENT ........................................................................................................ 7

I.    MGA'S PRODUCTION OF DOCUMENTS AND TANGIBLE ITEMS IS COMPLETE AND MATTEL'S MOTION IS MOOT .................................. 7

    A.    A Motion To Compel Is Moot And Should Be Denied When A Party Has Produced The Requested Documents. ................................................ 7

    B.    The Cases Mattel Relies Upon To Argue It's Motion Is Not Moot Are Inapposite ............................................................................................. 8

    C.    Mattel Misinterprets Cases And Prior Orders To Incorrectly Argue That A Court Can Compel Production After Production Is Complete .............. 9

II.    THE DISCOVERY MASTER SHOULD REJECT MATTEL'S REQUEST FOR SANCTIONS ................................................................................. 10

CONCLUSION ................................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Lamoureux v. Genesis Pharmacy Services, Inc.*,
226 F.R.D. 154 (D. Conn. 2004)..................................................................9

*Streck, Inc. v. Research & Diagnostic Systems, Inc.*,
250 F.R.D. 426, 435 (D. Neb. 2008)............................................................8

*In re Walters*,
176 B.R. 835, 864 (Bkrtcy N.D. Ind. 1994)..............................................8, 9

*El-Shaddai v. Wheeler*,
2009 WL 301824 (E.D. Cal., Feb. 5, 2009)..............................................1, 7

*Johnson v. Runnels*,
2009 WL 900755 (E.D. Cal., Mar. 31, 2009)...............................................7

*Mintz v. Dietz & Watson, Inc.*,
2008 WL 5147234 (S.D. Cal., Dec. 5, 2008)...............................................9

*Robinson v. Sisto*,
2009 WL 806862 (E.D. Cal., Mar. 26, 2009)............................................7, 8

*Sanbrook v. Office Depot*,
2009 WL 840019 (N.D. Cal., Mar. 30, 2009)..............................................7

*Vishay Dale Electronics, Inc. v. Cyntec Co., Ltd.*,
2008 WL 4868772 (D. Neb., Nov. 6, 2008).................................................9

# OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL

## Preliminary Statement

Mattel's 4/3/09 Motion to Compel Production of Documents and Things concerning RFP No. 48 (First Set) and RFP Nos. 43-75 (Third Set) (the "Motion") not only is moot, but was filed without any justification whatsoever – apart from the illegitimate justification of running up additional attorneys fees and Discovery Master costs. ***MGA's production of documents and tangible items responsive to these Requests is complete.*** MGA voluntarily produced over 47,000 documents and offered up for inspection all doll samples that are responsive to the Requests. There is simply nothing for the Discovery Master to compel.

Mattel is aware that MGA's production is complete yet maintains the untenable position that MGA must be ordered to produce documents and tangible items ***that have already been produced***. But the case law is clear -- a party propounding discovery cannot move to compel documents the responding party has already agreed to produce and has produced because the motion is moot. See El-Shaddai v. Wheeler, 2009 WL 301824 *2 (E.D. Cal., Feb. 5, 2009) (denying a motion to compel as moot and stating that "no further action is necessary with respect to this request" as the responding party asserted that it had produced the requested documents and materials).

By its moot Motion, Mattel also seeks to seize the benefit of a bargain it refused to make. At the time MGA agreed to voluntarily produce all documents responsive to these Requests, provided Mattel agreed to take off calendar its January 26, 2009 Renewed Motion to Compel (which sought to compel each of the 34 requests now at issue, as well as two additional requests concerning MGA's personnel and vendor files), MGA offered to sign a proposed stipulation and order requiring MGA to produce all responsive non-privileged documents. Mattel refused that offer and refused to take its Renewed Motion off calendar. Thus, MGA did not enter into a stipulated order, but it did go forward with its production of documents.

Mattel seeks to harass MGA. Mattel wants an order from the Discovery Master that Mattel previously refused so that if it later finds that any responsive documents were inadvertently omitted from production, Mattel can claim that MGA violated an order and is in contempt, rather than simply discuss with MGA any discrete issues that may arise with respect to specific documents.[1]

Even worse, Mattel distorts and misrepresents phone conversations and letters exchanged between counsel in order to falsely prop-up its inappropriate Motion. (Declaration of Richard Stoll ("Stoll Decl."), ¶¶ 8-14). In particular, Mattel accuses MGA's counsel of representing that MGA was not going to make a full production of responsive documents and tangible items. This is patently false. Indeed, MGA's counsel challenged Mattel's counsel to declare under penalty of perjury that MGA's counsel had ever represented that MGA was refusing to produce all responsive documents and tangible items. Not surprisingly, Mattel did not rise to the challenge. Thus, the basic premise of Mattel's Motion is unfounded and not based on any sworn testimony.

Accordingly, Mattel's Motion, as well as its request for sanctions should be denied in their entirety as moot.

## Factual Background

### A. MGA Agreed To Produce Non-Privileged Documents And Tangible Items Responsive To The Requests.

On January 26, 2009, Mattel filed its Renewed Motion to Compel Production of Documents and Things, and sought to compel the very same 34 Requests at issue in this Motion, in addition to two other document requests which sought MGA's personnel and vendor files. (See Exhibit 1 to Mattel's Notice of Lodging).[2]

---

[1] To the best of MGA's present knowledge and belief, all responsive documents have been produced. However, given the massive amounts of material reviewed, it is always possible that human error caused something to be overlooked.

[2] Mattel filed it Motion prior to meeting and conferring with MGA's Phase 2 counsel based on meet and confers that took place one year prior, before a stay was imposed on Phase 2 discovery by Judge Larson.

On February 6, 2009, MGA's counsel met and conferred with Mattel's counsel on various issues, including RFP No. 48 (First Set) and RFP Nos. 43-75 (Third Set), which Mattel sought to compel through its January 26, 2009 Renewed Motion to Compel Production of Documents and Things. In that conference, MGA agreed to produce all responsive, non-privileged documents and tangible items. (Declaration of Richard Stoll ("Stoll Decl."), Ex. A [Letter dated February 7, 2009 from Amman Khan to Jon Corey]). Not satisfied with MGA's agreement to produce all documents, Mattel demanded that MGA sign a stipulation and proposed order.

On February 9, 2009, MGA sent Mattel's counsel, Jon Corey, a stipulation and proposed order re: production contingent upon Mattel taking its January 26, 2009 Renewed Motion to Compel off calendar. (Stoll Decl., Ex. B [Email dated February 9, 2009 from Richard Stoll to Jon Corey, attaching proposed stipulation and order]). Mattel refused to withdraw its Renewed Motion, so MGA did not sign the stipulation. Hearing on Mattel's Renewed Motion took place on March 11, 2009 concerning RFP Nos. 87 and 88. At the hearing, the Discovery Master ordered MGA to produce redacted personnel and vendor files.

### B. MGA Commenced A Rolling Production On March 9, 2009 And Completed Its Production.

On March 9, 2009, MGA's counsel informed Mattel's counsel that, due to the size of MGA's production, the production would be made in multiple parts. Mr. Corey voiced no objection to this. (Stoll Decl., ¶ 4).

Later that same day, MGA attempted to deliver a document production on a DVD disk to Mattel's counsel's offices. However, the security guard at Quinn Emanuel's building did not grant the messenger access to Mattel's counsel's offices. MGA's counsel left multiple messages for Mr. Corey and various other Mattel attorneys at around 6:00 p.m. that evening informing them that the messenger was in their building lobby, but the disc could not be delivered. Later that evening, MGA

learned that, due to processing errors, the document production disc contained non-responsive attorney-client communications. (Stoll Decl., ¶ 5, Ex. C [Letter dated March 10, 2009 from Amman Khan to Jon Corey]). Rather than simply re-deliver the same document production disc the next morning and issue a claw back letter, MGA called the messenger back, re-reviewed the documents, and re-processed the disc. MGA provided the corrected version of the document production disc on March 11, 2009. *Id.*

Due to attorney-client communications being inadvertently included on the initial March 9, 2009 document production disc, MGA established an additional level of review to ensure that no further inadvertent disclosures occurred. This additional safeguard necessitated extra review time and slowed down the production process, resulting in the production going forward on a rolling basis, which was completed April 10, 2009. (Stoll Decl., ¶ 6).

MGA ultimately produced over 47,000 documents as part of a rolling production responsive to RFP No. 48 (First Set) and RFP Nos. 43-75 (Third Set). With each production, the cover letter enclosing the production informed Mattel that:

> "MGA is making separate productions in an effort to produce as many documents now rather than later. The separate productions are needed in order to produce the documents as single image TIFF files accompanied with the Concordance load files. There is simply a massive amount of documents, extra days are needed to electronically format the documents as required by the parties' production protocol."

(Stoll Decl., ¶ 7, Exs. D through M [Letters sent on various dates by Amman Khan to Jon Corey enclosing MGA's document productions]). Not only did Mattel's counsel not object on March 9, 2009 when MGA informed Mattel that the documents would be produced in multiple parts, but Mattel was

apprised each time MGA produced documents that the enclosed documents were part of a rolling document production. Mattel voiced no objection to this.

### C. MGA *Never* Refused To Produce Documents Or Tangible Items Responsive To Mattel's Requests.

On March 19, 2009, MGA's counsel, Richard Stoll, sought to schedule Mattel's inspection of doll samples responsive to the Requests. Mr. Stoll informed Mattel's counsel, Ms. Hutnyan, that there were two "Scooter Samantha" samples that were responsive. (Stoll Decl., ¶ 8). When Ms. Hutnyan asked if there were any "Space Babes" doll samples, Mr. Stoll stated that "Space Babes" had never gone to market, and thus he did not believe there were doll samples responsive to RFP. No. 58, which seeks samples of dolls that "ha[ve] been *sold* as or under the name Space Babes or as part of the Space Babes line." (*Id.*); *see* Ex. 25 at p. 133 to Mattel's Motion [Request for Production No. 58 of Mattel's Third Set of RFPs]. Mr. Stoll further informed Ms. Hutnyan during the call that either the afternoon of March 26 or 27, 2009 would be the best time for Mattel to inspect the doll samples in MGA's counsel's offices. (*Id.*) At no point during the March 19, 2009 telephone conversation did Mr. Stoll ever tell Ms. Hutnyan that MGA was producing anything less than all responsive and non-privileged documents and doll samples. (Stoll Decl., ¶¶ 9-10; Ex. N [Letter dated March 19, 2009 from Richard Stoll to Diane Hutnyan]).

### D. Prior To Filing Its Motion, Mattel Concocts Its Story That MGA Is Refusing To Produce Tangible Items.

On March 25, 2009, Mattel's counsel sent a letter falsely claiming that "it appears that MGA plans to produce something less than all materials responsive to [RFP Nos. 45-47, and 58-59]." (Stoll Decl., ¶ 11, Ex. O [Letter dated March 25, 2009 from Diane Hutnyan to Richard Stoll]). However, *at no point* during the March 19, 2009 conversation, or in the letter confirming that conversation (or at any other time), did MGA's counsel ever tell Ms. Hutnyan that MGA was producing anything less than all responsive and non-privileged documents and all doll samples responsive to

1  Request Nos. 43-75 of Mattel's Third Set of Requests for Production. (Stoll Decl., ¶
2  11).
3        In order to avoid a needless discovery motion, MGA's counsel obtained "Space
4  Babes" prototype doll parts. On April 3, 2009 (and again on April 4, 2009), MGA's
5  counsel advised Mattel's counsel that these doll parts, in addition to the Scooter
6  Samantha doll samples, were available for inspection anytime that was convenient for
7  Mattel's counsel. (Stoll Decl., ¶ 12, Ex. P [Letter dated April 3, 2009 from Richard
8  Stoll to Diane Hutnyan] and Ex. Q [Letter dated April 4, 2009 from Richard Stoll to
9  Diane Hutnyan]). Significantly, *Mattel's counsel has never bothered to schedule an*
10 *inspection of the doll samples it claims to need so urgently*. (Stoll Decl., ¶ 12).
11       After the Motion was filed, Mr. Stoll also challenged Ms. Hutnyan to state in a
12 declaration under penalty of perjury that Mr. Stoll had stated that MGA was refusing
13 to produce all responsive documents and tangible items. (Stoll Decl., ¶ 13, Ex. Q).
14 Ms. Hutnyan did not do so.
15       On April 6, 2009, Mattel's counsel pretended she had never made the false
16 accusation, and instead proposed that Mattel would take the instant Motion off-
17 calendar if MGA would sign a stipulation granting the Motion. (Stoll Decl., ¶ 14, Ex.
18 R [Letter dated from Diane Hutnyan to Richard Stoll]).
19       Mattel cannot dispute that MGA has produced all non-privileged documents
20 and tangible items responsive to Mattel's RFPs No. 48 (First Set) and RFPs 43-75
21 (Third Set). (Stoll Decl., ¶ 15, Ex. M [Letter dated April 10, 2009 from Amman Khan
22 to Jon Corey, enclosing the remaining 70 pages of the 47,758 page total production,
23 and confirming that the production was complete]). Notwithstanding Mattel's failure
24 to support the basis for its Motion with a sworn declaration stating that MGA has
25 refused or failed to produce documents or tangible items, Mattel's Motion - which
26 was needlessly filed in the first place - remains on calendar.

# Argument

## I. MGA'S PRODUCTION OF DOCUMENTS AND TANGIBLE ITEMS IS COMPLETE AND MATTEL'S MOTION IS MOOT

### A. A Motion To Compel Is Moot And Should Be Denied When A Party Has Produced The Requested Documents.

When, as here, a party *has produced* the requested materials, a motion to compel is moot and should be denied. See Johnson v. Runnels, 2009 WL 900755, *2 (E.D. Cal., Mar. 31, 2009) (denying a plaintiff's motion to compel production of documents as moot after the defendant agreed to provide the requested documents and plaintiff could no longer assert that it had not received them); Sanbrook v. Office Depot, 2009 WL 840019 (N.D. Cal., Mar. 30, 2009) (holding that a plaintiff's motion to compel was "deemed moot with regard to the [recently produced] privilege log [ ], and with regard to the other document requests for which Defendant produced responsive documents after this motion was filed"); Robinson v. Sisto, 2009 WL 806862 *2 (E.D. Cal., Mar. 26, 2009) (ruling that a plaintiff's argument that defendant did not respond to plaintiff's requests for admission was rendered moot and denied where defendant submitted his responses along with his opposition to plaintiff's motion to compel); El-Shaddai v. Wheeler, 2009 WL 301824 *2 (E.D. Cal., Feb. 5, 2009) (denying a motion to compel as moot and stating that "no further action is necessary with respect to this request" as the responding party asserted that it had produced the requested documents and materials). Like the parties responding to discovery in these cases, MGA has produced all documents and tangible items within its custody, possession, and control responsive to RFP No. 48 (First Set) and RFP Nos. 43-75 (Third Set).[3]

---

[3] Federal Rule of Civil Procedure 34 allows a party to request "items in the responding party's possession, custody, or control[.]" Fed. R. Civ. Proc. 34(a)(1); see also, e.g., Johnson v. Runnels, 2009 WL 900755, *10 (E.D. Cal., Mar. 31, 2009) (defendants' objections to Rule 34 discovery requests sustained where plaintiff did not show that defendants have possession, custody or control of material requested); Robinson v. Sisto, 2009 WL 806862 (E.D. Cal., Mar. 26, 2009) (The court "cannot compel the defendant to produce documents or things that do not exist or are not in his

To the extent Mattel suggests that MGA's production is not complete, Mattel failed to sustain its burden in its moving papers. Mattel fails to provide any evidence to support its position that relevant, responsive, unprivileged materials exist and have not been produced that are under MGA's possession, custody, or control.

In Robinson v. Sisto, 2009 WL 806862 *2 (E.D. Cal., Mar. 26, 2009), a plaintiff filed a motion to compel a supplemental production, arguing that additional responsive materials existed but were not produced by defendant. Id. at *1. The court denied plaintiff's motion, holding that plaintiff did not meet his burden of proving such additional materials existed and were available for production. Id. ("Although plaintiff insists that there is additional film footage, plaintiff has made no such showing to the court."). Here, as in Robinson, Mattel does not and cannot identify any documents or tangible items that it claims are missing from MGA's production or even attempt to make a showing that such items even exist. Given that MGA has made a full production, Mattel's motion to compel is moot and must be denied.

### B. The Cases Mattel Relies Upon To Argue It's Motion Is Not Moot Are Inapposite

The cases that Mattel relies upon in support of its argument that it's Motion is not moot are inapposite. For instance, in Streck, Inc. v. Research & Diagnostic Systems, Inc., 250 F.R.D. 426 (D. Neb. 2008), the defendants agreed to produce the materials ***but then refused to produce*** portions of the materials sought, claiming the materials were irrelevant. The court held that defendant "fail[ed] to show principled justification for narrowing the requests or for refusal to permit the discovery sought on the basis of relevance, or for any other reason." Id. at 435. In In re Walters, 176 B.R. 835 (Bkrtcy N.D. Ind. 1994), another case Mattel relies upon, a debtor selectively produced some documents but "otherwise generally failed to comply." Id.

---

possession or control."); El-Shaddai v. Wheeler, 2009 WL 301824, *2 (E.D. Cal., Feb. 5, 2009). (plaintiff's motion to compel denied where defendants responded that they had no responsive documents).

at 864. The debtors agreed to produce additional documents, but then "failed to produce the documents" in accordance with the parties' agreement. The court then entered an order compelling discovery. Id. Neither Streck nor Walters bears any resemblance to the facts here presented.[4] Unlike the responding parties in those cases, MGA has not refused to produce a single non-privileged document or tangible item that is responsive to Mattel's Requests. To the contrary, MGA has made a complete production.

### C. Mattel Misinterprets Cases And Prior Orders To Incorrectly Argue That A Court Can Compel Production After Production Is Complete

Mattel relies upon Vishay Dale Electronics, Inc. v. Cyntec Co., Ltd., 2008 WL 4868772 (D. Neb., Nov. 6, 2008) and Lamoureux v. Genesis Pharmacy Services, Inc., 226 F.R.D. 154 (D. Conn. 2004) to argue that "[c]ourts do not need to determine that a party has failed to comply with an agreement to produce before granting an order compelling production." (Motion at 11). This is simply not the law, and neither case so holds.

In both Vishay Electronics and Lamoureux, the responding party had promised to produce the requested materials, after the completion of certain conditions (i.e. the issuance of a protective order). Neither case concerned the issue whether production was complete. In both cases, it was clear that the responding party's production was ***contingent*** upon conditions that had not been met. Here, however, MGA's agreement to produce all responsive documents and tangible items was not contingent on any conditions, and production is complete.

Also, none of the prior discovery orders relied upon support Mattel's position that it is entitled to an order compelling production. In the first place, the issue here concerns specific discovery requests, none of which were at issue in the prior orders.

---

[4] Mattel's reliance on Mintz v. Dietz & Watson, Inc., 2008 WL 5147234 (S.D. Cal., Dec. 5, 2008), is similarly misplaced, as the producing party there had failed to provide a complete production. Id. at *1.

1  Mattel cannot deflect attention from the facts now before the Discovery Master by
2  referring to other discovery disputes having to do with entirely different issues.
3  Further, even if prior discovery orders about other discovery requests were relevant
4  (which they are not), none of them arose in the context where, as here, MGA had
5  already agreed to produce and ***had provided a complete production***.

## II. THE DISCOVERY MASTER SHOULD REJECT MATTEL'S REQUEST FOR SANCTIONS

Mattel's request for sanctions against MGA and its counsel is based on the false allegation that MGA is attempting to renege on its February 6, 2009 agreement to produce all documents and things responsive to RFP No. 48 (First Set) and RFP Nos. 43-75 (Third Set). As discussed more fully above, MGA has already provided a complete production of responsive documents and tangible items. Moreover, MGA has made available for inspection by Mattel all tangible items that are responsive to Mattel's Requests. However, Mattel has not bothered to contact MGA's counsel to schedule a convenient inspection time despite MGA's multiple invitations to do so. (Stoll Decl., ¶ 12). That fact alone speaks volumes about Mattel's true motivations in bringing this Motion.

Furthermore, Mattel's allegations that MGA's counsel represented that MGA would produce less than a full production are blatantly false, and are not supported by any evidence  Accordingly, sanctions against MGA or it's counsel would be wholly inappropriate.

///
///
///
///
///
///
///

## Conclusion

Based on the foregoing, MGA respectfully requests that Mattel's April 3, 2009 Motion to Compel Production of Documents and Things and Request for Sanctions be denied in its entirety.

Dated: April 10, 2009

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS,
 HOWARD & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP

By: /s/ Amman Khan
Amman Khan
Attorneys for the MGA Parties
for Phase Two

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On April 10, 2009, I served the foregoing document described as:

**MGA ENTERTAINMENT, INC.'S OPPOSITION TO MATTEL, INC.'S 4/3/09 MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS AS CALLED FOR BY MATTEL'S FIRST SET OF RFPS NO. 48, AND THIRD SET OF RFPS NOS. 43 THROUGH 75, BASED ON MGA'S FULL COMPLIANCE**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐ (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☒ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee.

☒ (BY EMAIL) I caused such documents to be delivered via email to the addressee(s).

☐ (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 10th day of April, 2009, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Yumi Chung
YUMI CHUNG

---

12

MGA'S OPPOSITION TO MATTEL, INC.'S 4/3/09 MOTION TO COMPEL

672544

## SERVICE LIST

Robert C. O'Brien
Discovery Master
Arent Fox LLP
555 West 5th St., Suite 4800
Los Angeles, CA 90013
**[By Personal Service]**

John Quinn, Esq.
(johnquinn@quinnemanuel.com)
Jon D. Corey, Esq.
(joncorey@quinnemanuel.com)
Michael T. Zeller, Esq.
(michaelzeller@quinnemanuel.com)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
**[By Email Service]**

Russell J. Frackman, Esq.
(rjf@msk.com)
Patricia H. Benson, Esq.
(phb@msk.com)
Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90067
(310) 312-2000
**[By Email Service]**

Thomas J. Nolan, Esq.
(tnolan@skadden.com)
Raoul D. Kennedy, Esq.
(rkennedy@skadden.com)
Jason D. Russell, Esq.
(Jason.russell@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
(213) 687-5000
**[By Email Service]**

Mark E. Overland, Esq.
moverland@obsklaw.com
Alexander H. Cote, Esq.
acote@obsklaw.com
Overland Borenstein Scheper & Kim LLP
601 W. 5th Street, 12th Floor
Los Angeles, CA 90017
**[By Email Service]**