Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
todd.gordinier@bingham.com
PETER N. VILLAR (SBN 204038)
peter.villar@bingham.com
CRAIG A. TAGGART (SBN 239168)
craig.taggart@bingham.com
600 Anton Boulevard
18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700

Attorneys for Non-party
BINGHAM McCUTCHEN LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No.<br>CV 04-09059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>To be heard by Discovery Master Robert C. O'Brien<br><br>**BINGHAM MCCUTCHEN LLP'S REPLY IN SUPPORT OF OBJECTIONS TO AND MOTION TO STRIKE MATTEL, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL BINGHAM MCCUTCHEN LLP TO PRODUCE DOCUMENTS RESPONSIVE TO SUBPOENA**<br><br>Date: April 21, 2009<br>Time: 10:00 a.m.<br>Place: Arent Fox LLP<br>555 West Fifth Street<br>48th Floor<br>Los Angeles, CA 90013 |

A/73004585.2/3009108-0000337036

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................... 1

II. BINGHAM'S OBJECTIONS ARE CONSISTENT WITH WELL-ESTABLISHED PRECEDENT PROHIBITING A MOVING PARTY FROM RAISING NEW ARGUMENTS OR EVIDENCE FOR THE FIRST TIME IN ITS REPLY BRIEF ........................................................... 5

III. MATTEL STILL FAILS TO EXPLAIN HOW ANY OF THE WACHOVIA DOCUMENTS ARE INCONSISTENT WITH THE DISCOVERY MASTER'S PRIOR FINDINGS OR BINGHAM'S PRIOR STATEMENTS ..................................................................................... 8

IV. MATTEL STILL FAILS TO EXPLAIN HOW ANY OF ITS NEW ARGUMENTS WOULD CHANGE THE COURT'S ANALYSIS REGARDING THE DOCUMENT REQUESTS TO BINGHAM .............. 10

V. CONCLUSION ............................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*American Traffic Solutions, Inc. v. Redflex Traffic Systems, Inc.*,
  No. CV-08-2051-PHX-FJM, 2009 WL 775104 (D. Ariz. March 20, 2009) .......................................................................................................... 6

*Contratto v. Ethicon, Inc.*,
  227 F.R.D. 304 (N.D. Cal. 2005) ................................................................ 7

*Docusign, Inc. v. Sertifi, Inc.*,
  468 F. Supp. 2d 1305 (W.D. Wash. 2006) .............................................. 6, 7

*Eberle v. City of Anaheim*,
  901 F.2d 814 (9th Cir. 1990) ...................................................................... 5

*Gadda v. State Bar of Cal.*,
  511 F.3d 933 (9th Cir. 2007) ...................................................................... 6

*Grupo Gigante S.A. de C.V. v. Dallo & Co., Inc.*,
  119 F. Supp. 2d 1083 (C.D. Cal. 2000) ...................................................... 5

*Hamilton v. Willms*,
  2007 WL 2558615 (E.D. Cal. 2007) ........................................................... 5

*Intrade Indus., Inc. v. Foreign Cargo Management Corp., et. al.*,
  No. 07-CV-1893 AWI (GSA) 2008 U.S. Dist. LEXIS 105911 (E.D. Cal. Dec. 23, 2008) ............................................................................................. 5

*Langston v. North American Asset Development Corp.*,
  No. C 08-02560 SI, 2009 WL 941763 (N.D. Cal. April 6, 2009) ............ 6, 7

*Stewart v. Wachowski*,
  2004 WL 2980783 (E.D. Cal. 2007) ........................................................... 5

*U.S. v. Martinez-Leon*,
  565 F. Supp. 2d 1131 (C.D. Cal. 2008) ...................................................... 6

*United States v. Boyce*,
  148 F. Supp. 2d 1069 (S.D. Cal. 2001) ...................................................... 5

*United States v. Cox,*
　7 F.3d 1458 (9th Cir. 1993) .................................................................................5

*United States v. Patterson,*
　230 F.3d 1168 (9th Cir. 2000) .............................................................................6

*United States v. Wright,*
　215 F.3d 1020 (9th Cir. 2000) .............................................................................5

## I. INTRODUCTION

Mattel, Inc.'s Opposition to Bingham McCutchen LLP's Objections to and Motion to Strike Mattel's Reply in Support of Motion to Compel Bingham to Produce Documents Responsive to Subpoena ("Objections") is saturated with baseless rhetoric, hyperbole and personal attacks designed to distract the Court from the real issues -- most notably that Mattel's subpoena to Bingham is not only wholly improper but completely subsumed by the Phase II Discovery Master Order No. 3. Mattel is wrong on every point of fact and law.

First, Mattel's contention that Bingham's Objections are a "sur-reply" is nonsense. Bingham's Objections simply ask the Court to disregard the new arguments made in Mattel's reply brief under the legal standard that has been uniformly applied by this Court and all other courts in the Ninth Circuit. If the Court properly rejects Mattel's new arguments, it is not necessary to consider Bingham's substantive response; but, if the Court entertains these new arguments, it would be unfair and prejudicial not to consider Bingham's response.

Second, Mattel's contention that its reply brief presents new "evidence," but not new "arguments," does not pass the straight-face test. In fact, six pages of Mattel's memorandum of points and authorities are devoted entirely to new arguments, most of which are contained in the "**Argument**" section. Moreover, this is a distinction without a difference as any new evidence submitted by Mattel for the first time in its reply brief is also improper under well-established Ninth Circuit case law.

Third, Mattel's contention that Bingham was not "sandbagged" by these new arguments and evidence, because Bingham was aware of the Omni 808-Wachovia transaction, misses the point entirely. Bingham is not contending that it was unaware of the Omni 808-Wachovia transaction. Indeed, Bingham's understanding of the transaction is precisely why Bingham knows that Mattel's proffered "interpretation" of the Wachovia documents is erroneous. Rather,

Bingham is contending that it did not have a chance to respond to these new arguments or to review the Wachovia documents because they were <u>not included in Mattel's opening brief</u>.

<u>Fourth</u>, after countless attempts, Mattel *still* fails to explain how any of these Wachovia documents are inconsistent with Bingham's prior statements or, <u>more importantly</u>, with the Discovery Master's findings in Order No. 3 that Mattel purports to challenge: (1) that the Financing Entities are "outsiders to the litigation" and (2) that MGA and Larian do not have an "ownership interest" in the Financing Entities. (Order No. 3 at 4:2-4; 16, fn 13.) **Both of these findings are 100% correct and Mattel's selected excerpts from the Wachovia documents do not prove otherwise.** For instance:

- Mattel does not dispute that the contemplated "non-voting limited interest in the Loan Acquisition" of Mr. Larian, proposed in the initial June 29, 2008 offer letter to Wachovia, was <u>rejected</u> and <u>never happened</u>. In fact, Mattel concedes that the actual Master Assignment and Exchange Agreement dated September 3, 2008 between Omni 808 and Wachovia ("Agreement") assigns <u>no interest to Mr. Larian</u>. Therefore, Mattel's reliance on a rejected offer letter over the <u>actual signed Agreement</u> is illustrative of both its approach here and the merits of its arguments.
- It is undisputed that the Senior Promissory Note dated September 3, 2008 between Wachovia and MGA says <u>nothing</u> about MGA's or Mr. Larian's interest in Omni 808. Moreover, the fact that Wachovia and MGA agreed to treat Omni 808 as an "affiliate" solely for purposes of a specific covenant contained in a specific Note (*precisely because Omni 808 did not satisfy the definition of "Affiliate" in the Note*) does not contradict Bingham's statements or the Discovery Master's findings. Mattel's ill-fated attempt to intentionally distort the meaning of this provision is similarly revealing.
- Finally, Mattel acknowledges that the Senior Promissory Note dated

A/73004585.2/3009108-0000337036

2

1 October 16, between Omni 808 and IGWT 826 Investments, LLC ("IGWT")
2 also says <u>nothing</u> about MGA's or Mr. Larian's interest in Omni 808.
3 Moreover, Mattel's last ditch argument that this IGWT Note conflicts with
4 Bingham's prior statements that *MGA* did not fund the loan acquisition,
5 purportedly based on the Discovery Master's subsequent finding that Mr.
6 Larian is affiliated with IGWT, is not only untrue (IGWT is a separate legal
7 entity) but also irrelevant since IGWT has no interest in Omni 808 either.
8 In sum, the entire premise of Mattel's improperly submitted new arguments (that
9 the Discovery Master's findings regarding the ownership of the Financing Entities
10 were inaccurate) is groundless.

11   <u>Finally</u>, and most importantly, Mattel's Opposition all but *ignores* the
12 critical fact that these Wachovia documents (whether or not Mattel *claims* they are
13 inconsistent with Bingham's prior statements) do not change the Discovery
14 Master's analysis with respect to the document requests to Bingham at issue. The
15 Discovery Master's Order No. 3 regarding these same requests was based on
16 **Mattel's failure to demonstrate "a nexus between the information sought by**
17 **the Subpoenas, on the one hand, and the Phase 2 claims and counterclaims set**
18 **for trial in March 2010, on the other hand."** (Order No. 3 at 3:10-12.) Mattel's
19 new arguments do not make its requests for all documents relating to Bingham's
20 "fee agreements and fee arrangements" with its non-party clients or all documents
21 relating to the Financing Entities' "formation, operations and history of
22 transactions" (Order No. 3 at 21:2) any more relevant to Phase 2 of the Bratz doll
23 litigation between Mattel and MGA.

24   It is no coincidence that Mattel pointedly avoids trying to tie the Wachovia
25 documents to any of these overly broad and irrelevant categories. Rather, Mattel's
26 <u>only argument</u> is that the Wachovia documents raise a question "whether MGA is
27 under an *actual* obligation to repay the more than $300 million in debt," which
28 Mattel claims is potentially relevant to MGA's net worth. This argument is not

1 only specious and contradicted by the evidence, but misses the point entirely.

2     Indeed, **the Discovery Master already has ordered Omni 808 to produce documents relating to the existence and validity of any debt owed by MGA to Omni 808** (including the debt purchased from Wachovia), and all communications between Omni 808 and the MGA parties (including Mr. Larian) regarding any such indebtedness. (Order No. 3 at 29-30.) Therefore, Mattel's purported concerns regarding the validity of the debt owed by MGA to Omni 808 are already taken into account in the Discovery Master's Order No. 3.

    Further, the Discovery Master specifically left open that "Mattel could, upon establishing a nexus to a legitimate Phase 2 issue, **seek to obtain this information from MGA.**" (Order No. 3 at 4 fn 2.) Therefore, if Mattel wants to pursue these factually baseless allegations, it should request the documents from MGA, not the Financing Entities (as the Discovery Master stated) and certainly not from their counsel.

    Moreover, Mattel's alleged concerns regarding the validity of MGA's debt have nothing whatsoever to do with Omninet Capital, LLC, Vision Capital, LLC or other Financing Entities who Mattel has admitted and the Discovery Master has correctly found are **not creditors of MGA**. (Order No. 3 at 19, fn 17.) Therefore, Mattel's new arguments have no bearing on the Financing Discovery as it relates to any of these non-party entities.

    Accordingly, Bingham respectfully requests the Court strike all new arguments and evidence presented in Mattel's reply and deny Mattel's motion to compel in its entirety.

## II. BINGHAM'S OBJECTIONS ARE CONSISTENT WITH WELL-ESTABLISHED PRECEDENT PROHIBITING A MOVING PARTY FROM RAISING NEW ARGUMENTS OR EVIDENCE FOR THE FIRST TIME IN ITS REPLY BRIEF

### A. Mattel's Contention That Bingham's Objections Should Be Considered A "Sur-Reply" Is Nonsense

Contrary to Mattel's assertion, Bingham's Objections are not a "sur-reply." Bingham's Objections simply ask the Court to disregard the new arguments made in Mattel's reply brief under the legal standard that has been uniformly applied by this Court and all other courts in the Ninth Circuit. It is well-established in the Ninth Circuit that "a party may not make new arguments in the reply brief." *United States v. Cox*, 7 F.3d 1458, 1463 (9th Cir. 1993).[1] Indeed, in this litigation the Court and the Discovery Master have repeatedly refused to consider new arguments raised for the first time in a party's reply brief. "A party filing a motion is **required to raise all of its arguments in its opening brief** to prevent 'sandbagging' of the non-moving party and to provide opposing counsel a chance to respond." (Order No. 3 at 6:3-6) (emphasis added).

---

[1] *See also Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) ("It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs."); *United States v. Wright*, 215 F.3d 1020, 1030 n.3 (9th Cir. 2000) (declining to consider arguments raised for the first time in respondents' reply brief); *see also United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001) ("it is improper for a party to raise a new argument in a reply brief."); *Grupo Gigante S.A. de C.V. v. Dallo & Co., Inc.*, 119 F. Supp. 2d 1083, 1003, n.15 (C.D. Cal. 2000) ("The Court need not, and does not, consider arguments raised for the first time in a reply brief"); *Intrade Indus., Inc. v. Foreign Cargo Management Corp., et. al.*, No. 07-CV-1893 AWI (GSA) 2008 U.S. Dist. LEXIS 105911, at *5 (E.D. Cal. Dec. 23, 2008) ("it is improper for a party to raise a new argument in a reply brief."); *Stewart v. Wachowski*, 2004 WL 2980783, at *11 (E.D. Cal. 2007) ("Courts decline to consider arguments that are raised for the first time in reply."); *Hamilton v. Willms*, 2007 WL 2558615, at *11 (E.D. Cal. 2007) ("The court cannot grant a motion on a new argument or new evidence presented for the first time in a reply brief.").

**B.     Mattel's Contention That It Has Raised No New "Arguments" Is Equally Absurd**

Faced with the Ninth Circuit precedent and this Court's prior Orders, Mattel contends that its reply brief presents new "evidence," but not new "arguments." This purported distinction is both untrue and irrelevant. Six pages of Mattel's memorandum of points and authorities are devoted entirely to new arguments. (*See* Mattel Reply page 2, line 12 to page 3, line 9; page 7, line 13 to page 10, line 14; and page 19, line 25 to page 20, line 2.) In fact, virtually all of these new arguments are contained in Mattel's "**Argument**" section of its reply brief. Moreover, contrary to Mattel's assertion, any new <u>evidence</u> submitted by Mattel for the first time in its reply brief <u>is also improper</u> under well-established Ninth Circuit case law. *See, e.g., U.S. v. Martinez-Leon*, 565 F. Supp. 2d 1131, 1132 n. 1 (C.D. Cal. 2008) (refusing to consider new evidence that was improperly presented for the first time in the defendant's reply brief); *Langston v. North American Asset Development Corp.*, No. C 08-02560 SI, 2009 WL 941763, at *5 n. 7 (N.D. Cal. April 6, 2009) ("The Court agrees that it is improper for plaintiff to raise new arguments in her reply brief, and therefore has not considered these arguments or evidence in reaching its decision."); *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived.") (citing *United States v. Patterson*, 230 F.3d 1168, 1172 (9th Cir. 2000)); *American Traffic Solutions, Inc. v. Redflex Traffic Systems, Inc.*, No. CV-08-2051-PHX-FJM, 2009 WL 775104, at *1 (D. Ariz. March 20, 2009) ("The remedy for dealing with new evidence first appearing in a reply is that we will not consider issues or evidence raised for the first time in plaintiff's reply.") (citing *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n. 2 (9th Cir. 2007)).

### C. Mattel's Contention That Bingham Has Not Been "Sandbagged" By These New Arguments Is Untrue And Misses The Point

Mattel erroneously contends that Bingham was not "sandbagged" by the new arguments and evidence in Mattel's reply brief because Bingham was aware of the Omni 808-Wachovia transaction. Mattel misses the point entirely. Bingham is not contending that it was unaware of the Omni 808-Wachovia transaction. In fact, Bingham's understanding of the transaction is precisely why Bingham knows that Mattel's proffered "interpretation" of the Wachovia documents is erroneous. Rather, Bingham is contending that it did not have a chance to respond to these arguments or to review the Wachovia documents because they were <u>not included in Mattel's opening brief</u>.

Therefore, the Court should reject all of the improperly proffered new arguments and evidence presented in Mattel's Reply including, without limitation, all allegations contained on page 2, line 12 to page 3, line 9; page 7, line 13 to page 10, line 14; and page 19, line 25 to page 20, line 2, as well as the entire Declaration of Stephen Hauss filed in support of the Reply, including Exhibits 1 through 10.[2]

---

[2] Mattel's unsupported assertion in footnote 1 of its Opposition that Bingham did not "meet and confer" prior to filing its Objections is equally meritless. A party is not required to meet and confer before filing objections to new arguments and evidence made in a reply brief, and Mattel cites no authority suggesting otherwise. Indeed, courts <u>routinely</u> reject new arguments and evidence submitted for the first time in a reply brief without the need of formal motion procedures. *See, e.g., Langston*, 2009 WL 941763, at *5 n. 7 (granting motion to strike and declining to consider new evidence submitted with reply brief); *Docusign, Inc.*, 468 F. Supp. 2d at 1307 (granting motion to strike new argument and evidence improperly submitted with reply brief); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308-09 n. 5 (N.D. Cal. 2005) (granting motion to strike declaration containing new evidence submitted for the first time with defendants' reply).

### III. MATTEL STILL FAILS TO EXPLAIN HOW ANY OF THE WACHOVIA DOCUMENTS ARE INCONSISTENT WITH THE DISCOVERY MASTER'S PRIOR FINDINGS OR BINGHAM'S PRIOR STATEMENTS

After countless attempts, Mattel *still* fails to explain how any of these Wachovia documents are inconsistent with Bingham's prior statements or, <u>more importantly</u>, the Discovery Master's findings in Order No. 3 that Mattel purports to challenge: (1) that the Financing Entities are "outsiders to the litigation" and (2) that MGA and Larian do not have an "ownership interest" in the Financing Entities. (Order No. 3 at 4:2-4; 16, fn 13.) Both of these findings are correct. Consistent with both Bingham's statements and the Discovery Master's findings, **MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian do not have, and have never had, any ownership interest in, or control over, the Financing Entities**. Again, the excerpts from the Wachovia documents that Mattel selectively attaches to its reply brief out of context say *nothing* about MGA's or Mr. Larian's ownership interest in the Financing Entities because they have no such interest.

<u>First</u>, Mattel does not dispute that the contemplated "non-voting limited interest in the Loan Acquisition" of Mr. Larian, proposed in the initial June 29, 2008 offer letter to Wachovia, was <u>rejected</u> and <u>never happened</u>. Nor does Mattel dispute that the actual Master Assignment and Exchange Agreement dated September 3, 2008 between Omni 808 and Wachovia ("Agreement") assigns <u>no interest to Mr. Larian</u>. Indeed, the Agreement expressly provides: "Each Assignor hereby irrevocably sells, transfers, assigns, grants and conveys to Assignee [Omni 808 Investors, LLC], and Assignee hereby irrevocably purchases and assumes from the respective Assignors, as of the Effective Date, all of the respective

Assignor's rights and obligations in the Assigned interests." (Section 1.1.)[3] Therefore, Mattel's continued reliance on a rejected offer letter over the <u>actual signed Agreement</u> is illustrative of both its approach here and the merits of its arguments.

<u>Second</u>, it is undisputed that the Senior Promissory Note dated September 3, 2008 between Wachovia and MGA says <u>nothing</u> about MGA's or Mr. Larian's interest in Omni 808. Moreover, the fact that Wachovia and MGA agreed to treat Omni 808 as an affiliate "solely for purposes" of a specific covenant contained in a specific Note (*precisely because Omni 808 did not satisfy the definition of "Affiliate" in the Note*) does not contradict Bingham's statements or the Discovery Master's findings. Mattel's ill-fated attempt to intentionally distort the meaning of this provision is similarly revealing.

<u>Third</u>, Mattel acknowledges that the Senior Promissory Note dated October 16, between Omni 808 and IGWT 826 Investments, LLC ("IGWT") also says <u>nothing</u> about MGA's or Mr. Larian's interest in Omni 808. Moreover, Mattel's last ditch argument that this IGWT Note conflicts with Bingham's prior statements that *MGA* did not fund the loan acquisition, purportedly based on the Discovery Master's subsequent finding that Mr. Larian is affiliated with IGWT, is not only untrue (IGWT is a separate legal entity) but also irrelevant since IGWT has no interest in Omni 808 either.

Ironically, because Mattel cannot refute the fact that IGWT has no ownership interest in, or control over, Omni 808, and no equity interest in, or right to make any decisions, with respect to Omni 808's investment in MGA's debt

---

[3] Note that Bingham mistakenly stated that Mattel had not attached a copy of the Master Assignment and Exchange Agreement to its reply brief. Bingham confused Mattel's reply brief regarding the Bingham subpoena with Mattel's Motion for Reconsideration of Phase II Discovery Master Order No. 3 where Mattel conveniently omitted the Agreement presumably after realizing it contradicts its argument that Mr. Larian has an interest in the Loan Acqusition.

1 obligation, Mattel baselessly claims that these facts "prove nothing." (Mattel Opp.
2 at 8.) These facts prove <u>everything</u>, most notably that the Discovery Master's
3 findings in Order No. 3 were correct not only as to MGA and Mr. Larian, but with
4 respect to IGWT as well.

5 Therefore, none of the references in the Wachovia documents are
6 inconsistent with or undermine, let alone contradict, Bingham's prior statements or
7 the Discovery Master's findings in the March 10 Order. The entire premise of
8 Mattel's new arguments is fatally flawed.

**IV. MATTEL STILL FAILS TO EXPLAIN HOW ANY OF ITS NEW ARGUMENTS WOULD CHANGE THE COURT'S ANALYSIS REGARDING THE DOCUMENT REQUESTS TO BINGHAM**

13 Mattel's arguments regarding the ownership and control of Omni 808 are not
14 only inaccurate, but they also are entirely <u>irrelevant</u> to the motion before the Court.
15 Mattel fails to explain how the documents produced by Wachovia in any way
16 change the Discovery Master's analysis regarding the document requests to
17 Bingham at issue.

18 The Discovery Master's Order No. 3 regarding these same requests was
19 based on **Mattel's failure to demonstrate "a nexus between the information**
20 **sought by the Subpoenas, on the one hand, and the Phase 2 claims and**
21 **counterclaims set for trial in March 2010, on the other hand."** (Order No. 3 at
22 3:10-12.) The new arguments referenced by Mattel do not make Mattel's requests
23 for all documents relating to Bingham's "fee agreements and arrangements" with
24 its non-party clients or all documents relating to the Financing Entities'
25 "formation, operations and history of transactions" (Order No. 3 at 21:2) any more
26 relevant to Phase 2 of the Bratz doll litigation between Mattel and MGA.

27 In fact, Mattel pointedly avoids trying to tie the Wachovia documents to any
28 of these overly broad and irrelevant categories. Rather, Mattel's <u>only argument</u> is

1  that the Wachovia documents raise a question "whether MGA is under an *actual*
2  obligation to repay the more than $300 million in debt," which Mattel claims is
3  potentially relevant to MGA's net worth. This is nonsense.
4      Mattel's bizarre new theory -- *that Omni 808 paid millions of dollars to*
5  *purchase the MGA debt obligation from Wachovia with no expectation of*
6  *repayment* -- is not only specious, irrational and contradicted by the evidence, but
7  it is entirely <u>irrelevant</u> to Mattel's motion.
8      <u>First</u>, the fact that Mattel claims to have concerns regarding the debt owed
9  by MGA to Omni 808 <u>misses the point</u>. **The Discovery Master specifically**
10 **ordered Omni 808 to produce documents relating to existence and validity of**
11 **any debt owed by MGA to Omni 808** (*including* the debt purchased from
12 Wachovia), and all communications between Omni 808 and the MGA parties
13 (*including* Mr. Larian) regarding any such indebtedness. (Order No. 3 at 29-30.)
14 Thus, Mattel's purported concerns have already been taken into account by the
15 Discovery Master's Order No. 3, and in no way cure any of the irrelevant and
16 overly broad categories of documents rejected by the Discovery Master. (*See*
17 Order No. 3 at 25:5-6: "Mattel has failed to sufficiently articulate the necessary
18 connection between most of the Financing Discovery and any Phase 2 issue.")
19     <u>Second</u>, to the extent Mattel wishes to further explore its factually baseless
20 contention that MGA or Mr. Larian has any interest in Omni 808, beyond the
21 10,000 documents already produced by Wachovia, and to be produced by Omni
22 808 and IGWT, the Discovery Master in his March 10 Order specifically left open
23 that "Mattel could, upon establishing a nexus to a legitimate Phase 2 issue, **seek to**

1 **obtain this information from MGA."** (Order No. 3 at 4 fn 2.)[4]

2 Finally, Mattel's purported concerns regarding the validity of the debt owed by MGA to Omni 808 have nothing whatsoever to do with Omninet Capital, LLC, Vision Capital, LLC or other Financing Entities who Mattel has admitted and the Discovery Master has correctly found are **not creditors of MGA**. (Order No. 3 at 19, fn 17.) The Discovery Master correctly found that the analysis is "fundamentally different" for such non-party entities because neither entity is alleged by Mattel to be a creditor of MGA Entertainment, Inc. Therefore, Mattel's new arguments have no bearing on the Financing Discovery as it relates to any of these non-party entities.

Therefore, as previously explained, the documents requested in the Bingham subpoena are either privileged, irrelevant or duplicative of documents already produced or being produced by Omni 808, Wachovia or others, or that Mattel may request from MGA.

## V. CONCLUSION

For the foregoing reasons, Bingham again respectfully requests the Court decline to consider all new arguments and evidence presented in Mattel's Reply in Support of Motion to Compel Bingham to Produce Documents Responsive to Subpoena including, without limitation, all allegations contained on page 2, line 12 to page 3, line 9; page 7, line 13 to page 10, line 14; and page 19, line 25 to page 20, line 2; and the entire Declaration of Stephen Hauss filed in support of the

---

[4] Mattel makes a disingenuous argument in its Opposition that "it is curious that Bingham would identify MGA as the proper source" for documents relating to Bingham's fee agreements and related issues. Bingham never said that MGA was the proper source for such information. As Mattel knows, Bingham's argument refers to the Discovery Master's statement in Order No. 3 at footnote 2 that: "The Discovery Master's ruling denying Mattel's Motion to Compel the Financing Parties to comply with the Subpoenas does not address -- and should not be construed as deciding -- whether Mattel could, upon establishing a nexus to a legitimate Phase 2 issue, seek to obtain this information [any alleged interest of MGA in the Financing Entities] from MGA." (Order No. 3 at 4 fn 2.)

1 | Reply, including Exhibits 1 through 10. Bingham further requests that the Court
2 | deny Mattel's Motion to Compel in its entirety.

DATED: April 14, 2009             Bingham McCutchen LLP

                                  By: /s/ Todd E. Gordinier
                                      Todd E. Gordinier