1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6   Facsimile: (213) 443-3100

7   Attorneys for Mattel, Inc.

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                      EASTERN DIVISION

11  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)
                                         Consolidated with
12              Plaintiff,               Case No. CV 04-09039
                                         Case No. CV 05-02727
13       vs.
                                         **DISCOVERY MATTER**
14  MATTEL, INC., a Delaware
    corporation,                         **[To Be Heard By Discovery Master
15                                       Robert C. O'Brien Pursuant To
                Defendant.               Order Of January 6, 2009]**
16  ─────────────────────────────
                                         MATTEL, INC.'S NOTICE OF
17  AND CONSOLIDATED ACTIONS             MOTION AND MOTION TO
                                         COMPEL DEPOSITIONS OF PABLO
18                                       VARGAS AND MARIANA TRUEBA;
                                         AND REQUEST FOR SANCTIONS;
19
                                         MEMORANDUM OF POINTS AND
20                                       AUTHORITIES

21                                       [Declaration of Michael T. Zeller filed
                                         concurrently]
22
                                         Hearing Date:    TBD
23                                       Time:            TBD
                                         Place:           TBD
24
                                         **Phase 2**
25                                       Discovery Cutoff:     Not Set
                                         Pre-trial Conference: Not Set
26                                       Trial:                Not Set

27          **CONFIDENTIAL—ATTORNEY'S EYES ONLY**

28       **FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

07209/2787845.2

CONFORMED COPY

EXHIBIT 1

PAGE 51

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                       EASTERN DIVISION

11 CARTER BRYANT, an individual,       CASE NO. CV 04-9049 SGL (RNBx)
                                       Consolidated with
12            Plaintiff,               Case No. CV 04-09039
                                       Case No. CV 05-02727
13       vs.
                                       **DISCOVERY MATTER**
14 MATTEL, INC., a Delaware
   corporation,                        **[To Be Heard By Discovery Master
15                                      Robert C. O'Brien Pursuant To
              Defendant.                Order Of January 6, 2009]**
16
                                       MATTEL, INC.'S NOTICE OF
17 AND CONSOLIDATED ACTIONS            MOTION AND MOTION TO
                                       COMPEL DEPOSITIONS OF PABLO
18                                     VARGAS AND MARIANA TRUEBA;
                                       AND REQUEST FOR SANCTIONS;
19
                                       MEMORANDUM OF POINTS AND
20                                     AUTHORITIES

21                                     [Declaration of Michael T. Zeller filed
                                       concurrently]
22
                                       Hearing Date:      TBD
23                                     Time:              TBD
                                       Place:             TBD
24
                                       **Phase 2**
25                                     Discovery Cutoff:      Not Set
                                       Pre-trial Conference:  Not Set
26                                     Trial:                 Not Set

27          **CONFIDENTIAL—ATTORNEY'S EYES ONLY**            EXHIBIT 4

28     **FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**      PAGE 52

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a hearing before Discovery Master Robert C. O'Brien that will occur on a date and at a time to be determined by the Discovery Master, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court for an order overruling objections to the deposition notices of Pablo Vargas San Jose and Mariana Trueba Almada, both officers and/or managing agents of counter-defendant MGAE de Mexico, compelling them to appear for deposition in Los Angeles, California within 10 business days and imposing monetary sanctions on MGA Entertainment, Inc. and MGA de Mexico for their obstructionism in refusing to produce them.

This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 26, 30 and 37(a)(4) on the grounds Pablo Vargas San Jose and Mariana Trueba Almada are officers, directors or managing agents of counter-defendant MGAE de Mexico, and although Mattel has duly noticed the depositions of Mr. Vargas and Ms. Trueba on two separate occasions Mr. Vargas and Ms. Trueba refused to appear for depositions without justification.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and the Declaration of Michael T. Zeller filed concurrently herewith, and all other matters of which the Court may take judicial notice.

<u>**Statement of Rule 37-1 Compliance**</u>

The parties met and conferred regarding this motion on January 27, 2009 and thereafter.

DATED: February 6, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Jon D. Corey
Jon D. Corey
Attorneys for Mattel, Inc.

EXHIBIT 1
PAGE 53

-2-
MATTEL INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT.................................................................................1

FACTUAL BACKGROUND ...................................................................................2

ARGUMENT .......................................................................................................11

I.  THE COURT SHOULD COMPEL VARGAS AND TRUEBA TO
    APPEAR FOR DEPOSITION IN LOS ANGELES......................................11

    A.  Vargas And Trueba Are Managing Agents Of MGA Mexico .............11

    B.  The Depositions Should Take Place In Los Angeles...........................13

II. THE COURT SHOULD SANCTION THE MGA PARTIES FOR
    OBSTRUCTIONIST TACTICS ...................................................................16

CONCLUSION ...................................................................................................17

EXHIBIT 4
PAGE 54

# TABLE OF AUTHORITIES

Page(s)

## Cases

Afram Export Corp. v. Metallurgiki Halyps, S.A.,
    772 F.2d 1358 (7th Cir. 1985) ................................................................ 15

Braley v. Campbell,
    832 F.2d 1504 (10th Cir. 1987) .............................................................. 16

Cadent Ltd. v. 3m Unitek Corporation,
    232 F.R.D. 625 (C.D. Cal. 2005) ............................................ 11, 14, 15

Custom Form Mfg. v. Omron Corp.,
    196 F.R.D. 333 (N.D. Ind. 2000) ............................................................ 15

Delphi Automotive Systems LLC v. Shinwa International Holdings Ltd.,
    2008 WL 2906765 (S.D. Ind. July 23, 2008) ......................................... 14

Founding Church of Scientology of Washington, D.C. v. Webster,
    802 F.2d 1448 (D.C. Cir. 1986) .............................................................. 12

In re Honda American Motor Co.,
    168 F.R.D. 535 (D. Md. 1996) ................................................................ 12

Hyde & Drath v. Baker,
    24 F.3d 1162 (9th Cir. 1994) .................................................................. 16

Mediatek, Inc. v. Sanyo Electronic Co. Ltd.,
    2006 WL 5709449 (E.D. Tex. August 9, 2006) ..................................... 14

New Medium Techs. LLC v. Barco N.V.,
    242 F.R.D. 460 (N.D. Ill. 2007) ........................................................ 14, 15

RTC v. Dabney,
    73 F.3d 262 (10th Cir. 1995) .................................................................. 16

Reed Paper Co. v. Procter & Gamble Distributing Co.,
    144 F.R.D. 2 (D. Me. 1992) .................................................................... 12

Rubio v. General Tire and Rubber Co.,
    18 F.R.D. 51 (S.D.N.Y. 1955) ................................................................ 12

Salve Regina College v. Russell,
    499 U.S. 225 (1991) ................................................................................ 16

South Seas Catamaran, Inc. v. Motor Vessel "Leeway"
    120 F.R.D. 17 (D.N.J. 1988) ................................................................... 16

Sugarhill Records Ltd. v. Motown Record Corp.,
    105 F.R.D. 166 (S.D.N.Y. 1985) ............................................................ 12

EXHIBIT 4

PAGE 55

MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA

**Statutes**

28 U.S.C. § 1927 ......................................................................................... 16

Fed. R. Civ. P. 37(a)(4)................................................................................ 16

Fed. R. Civ. P. 26(c)(2) ............................................................................... 14

Fed. R. Civ. P. 30 ........................................................................................ 11

Fed. R. Civ. P. 30(b)(1) .............................................................................. 11

**Other Authorities**

Schwarzer, Tashima & Wagstaffe,
   California Practice Guide: Fed. Civil Procedure Before Trial,
   §§ 11:1419, 11:2226 (2005)....................................................................... 11

EXHIBIT 4

PAGE 56

MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Pablo Vargas San Jose ("Vargas") and Mariana Trueba Almada ("Trueba") are key witnesses in this case and are specified, by name, in Mattel's claims as high-level MGA Mexico managers who stole Mattel trade secrets. Vargas is the Director of Sales for MGA Mexico. Trueba is its Director of Marketing. Both are former managers of Mattel in Mexico who, along with another former Mattel manager and named defendant, Carlos Gustavo Machado Gomez ("Machado"), were recruited by MGA and Isaac Larian in 2004 to establish and run MGA's new Mexico operation. Before leaving Mattel, the three stole virtually every type of document that MGA would need to enter into the market in Mexico and to compete with Mattel worldwide, including the US and Mexico. When Mexican criminal authorities executed a search warrant at MGA's offices in Mexico City in October 2005, they found and seized scores of documents containing Mattel's trade secrets.

Mattel first noticed the depositions of Vargas and Trueba more than a year ago. MGA initially promised to produce them, but then delayed, and the Court subsequently stayed Phase 2 discovery. Now, with the stay of Phase 2 having been lifted, the MGA Parties refuse to produce Vargas or Trueba, claiming that neither the Director of Sales nor the Director of Marketing is a "managing agent" and that Mattel is required to subpoena them in Mexico. But there can be no serious dispute that Vargas and Trueba exercise judgment and discretion in carrying out their duties. Indeed, MGA's CEO, Isaac Larian, has admitted that he hired them to "run MGA Mexico." As persons involved in founding and managing the day-to-day operations of the company, they can also be expected to identify with the interests of MGA Mexico and to carry out MGA Mexico's direction to give testimony in this action. Moreover, the law requires that any doubt at this stage of the proceedings regarding their status as managing agents be resolved in Mattel's favor. Defendant MGA

EXHIBIT 4

PAGE 57

1   Mexico is obligated to produce Vargas and Trueba to appear for deposition pursuant
2   to Mattel's deposition notices.

3          This is not the first time defendants have sought to obstruct Mattel from
4   taking key depositions in this case, even of the most obvious witnesses.  It took two
5   Court Orders and an award of sanctions before Isaac Larian deigned to appear for
6   deposition.   Three Court Orders were required for a <u>Rule</u> 30(b)(6) deposition of
7   MGA, even though in the second Order the former Discovery Master had described
8   MGA's discovery misconduct as "flagrant" and "egregious."  The deposition of Mr.
9   Machado, also a named defendant, was delayed for well over a year and did not
10  occur until the Court ordered his deposition to proceed.  Indeed, the MGA Parties
11  have produced no significant witness for deposition in this case until compelled to
12  do so by Court Order—and even then it has often required multiple Court Orders to
13  obtain compliance.  This pattern should be brought to an end, and Mattel should not
14  have to wait any longer to take the depositions of Vargas and Trueba.  The Court
15  should order them to appear for deposition without further delay in Los Angeles as
16  noticed and should impose sanctions on the MGA Parties for their obstructionism in
17  refusing to produce them.

18

19                          **<u>Factual Background</u>**
20          <u>Mattel's allegations of trade secret theft by Vargas and Trueba</u>.  Vargas
21  and Trueba are former senior-level employees of Mattel's Mexican subsidiary
22  ("Mattel Mexico").  Vargas was the Senior Marketing Manager, Boys Division, for
23  Mattel Mexico and Trueba was the Senior Marketing Manager, Girls Division, for
24  Mattel Mexico.[1]   On April 19, 2004, Vargas, Trueba and another senior-level
25

26  _____
27  [1]   Mattel, Inc.'s Second Amended Answer and Counterclaims (public redacted
    version; exhibits omitted), dated July 12, 2007, ¶¶ 39-40, attached to the Declaration
28  of Michael T. Zeller dated February 6, 2009 ("Zeller Dec.") as Exh. 1.

EXHIBIT 4

PAGE 58

employee of Mattel Mexico, Carlos Gustavo Machado Gomez ("Machado"), each resigned their positions with Mattel, effective immediately.  They stated that they had been hired by a Mattel competitor, but refused to identify that competitor.  In fact, they had been hired by MGA to form and run MGA's new operation in Mexico.[2]

Following their resignations, Mattel discovered that Vargas, Trueba and Machado had been in frequent telephonic and e-mail contact with MGA personnel, including Isaac Larian, MGA's CEO, for at least three months prior to their resignation.  The primary vehicle for these communications was an America Online e-mail account with the address <plot04@aol.com>.[3]  By at least March 3, 2004, Machado, Trueba and Vargas were discussing with MGA personnel, including Larian, specific details regarding setting up MGA offices in Mexico City and establishing MGA's new Mexico subsidiary.[4]  Long before they left, all three began copying and collecting trade secret and proprietary Mattel documents to portable USB storage devices connected to their Mattel computers.[5]  With full knowledge that she was going to leave Mattel for MGA, Trueba also took steps to increase her access to Mattel's trade secret information shortly before her resignation.  For example, just four days before leaving, Trueba went out of her way to attend a meeting at which Mattel personnel analyzed BARBIE programs for the United States, Canada and Latin America.  Two days before her resignation, she contacted a Mattel employee in El Segundo and Mattel's advertising agency to request updated trade secret information about advertising plans for BARBIE.[6]

---

[2] Id. at ¶ 41.
[3] Id. at ¶ 42.
[4] Id.
[5] Id. at ¶¶ 44-46.
[6] Id. at ¶ 47.

EXHIBIT 4
PAGE 59

1  When he left, Machado attempted to damage the hard drive on his assigned
2  computer to conceal his theft.[7]

3          Vargas, Trueba and Machado stole virtually every type of document a
4  competitor would need to enter the Mexican market and to unlawfully compete with
5  Mattel in Mexico, in the United States, and elsewhere.[8]  Mattel has alleged in its
6  claims that MGA and Larian enticed Vargas, Trueba and Machado to steal Mattel's
7  confidential and proprietary information and that they provided the information to
8  MGA and Larian both before and after their resignations from Mattel.[9]  On October
9  27, 2005, the Mexican Attorney General's Office obtained a search warrant from the
10 Mexican Federal Criminal Courts for MGA's offices in Mexico City.  In that search,
11 Mexican authorities found and seized from MGA's offices both paper and electronic
12 copies of a large number of documents containing Mattel's trade secrets.[10]

13         <u>Vargas, Trueba and Machado form MGA Mexico</u>.  Immediately after
14 resigning from Mattel, Vargas and Trueba started with MGA Mexico; Vargas as
15 Director of Sales and Trueba as Director of Marketing, Girls Division.[11]  Larian
16 admits that he recruited Vargas and Trueba, along with Machado, "to start up the
17 sales and marketing operations of MGA Mexico."[12]  Larian personally extended
18 written employment contracts to Vargas, Trueba and Machado,[13] referred to them in

19

20     [7]  Id. at ¶ 51.
21     [8]  Id. at 48-49.
22     [9]  Id. at ¶ 37, 42-43 and 47.
       [10]  Id. at ¶ 53.
23     [11]  Employment contract for Mariana Trueba Almada, dated April 14, 2004,
24 Zeller Dec. Exh. 2; Employment contract for Pablo Vargas, dated April 14, 2004,
   Zeller Dec. Exh. 3; Employment contract for Gustavo Machado, dated April 14,
25 2004, Zeller Dec. Exh. 4.
26     [12]  Declaration of Isaac Larian, dated April 11, 2007, ¶ 3, Zeller Dec.. Exh. 5.
       [13]  Offer Letter from MGAE de Mexico to Pablo Vargas, dated March 30, 2004,
27 Zeller Dec., Exh. 6; Offer Letter from MGAE de Mexico to Mariana Trueba
28 Almada, dated March 30, 2004, Zeller Dec., Exh. 7.

**EXHIBIT 4**

MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA

**PAGE 60**

internal correspondence as the people who "will run MGA Mexico"[14] and compensated them commensurately.[15]   Vargas manages 8 to 9 employees who report directly to him as Director of Sales.[16]  Among other things, he approves sales of inventory,[17] negotiates transactions and enters into agreements on the company's behalf.[18]  As Director of Marketing, Trueba's responsibilities include all media and public relations.[19]    According to MGA Mexico's Vice President, Susanna Kuemmerle, all of MGA Mexico's day-to-day operations are managed in Mexico by a small group of director-level employees, including the Director of Sales (Vargas) and Director of Marketing (Trueba).[20]  Indeed, MGA Mexico's management team is "so tight of a group" that Kuemmerle, Trueba, Vargas and Machado are "all forced to multitask."[21]   For example, the four of them set the prices for MGA Mexico's products through "a combined team effort."[22]

Vargas and Trueba fail to appear for deposition in January 2008.   On January 10, 2008, Mattel served deposition notices setting the depositions of Vargas

[14]    E-mail from Isaac Larian to Nancy Koppang, dated April 11, 2004, Zeller Dec., Exh. 8.
[15]    Vargas and Trueba each received substantial six-figure salaries (in US dollars), annual bonuses based on a percentage of MGA Mexico sales, annual Christmas bonuses equal to one month's salary, a $27,000 car allowance, a guaranteed severance payment of $40,000 and other lucrative benefits, Zeller Dec. Exhs. 2 & 3.  These far exceeded the salaries they earned at Mattel.
[16]    Deposition of Susana Kuemmerle, dated January 28, 2008 ("Kuemmerle Tr.") at 97:5-15, Zeller Dec., Exh. 9.
[17]    Email from Isaac Larian to Brad Schneider, dated August 30, 2006, Zeller Dec., Exh. 10.
[18]    Email from Pablo Vargas to Isaac Larian, dated May 13, 2004 at MGA 0181077, Zeller Dec., Exh. 11.
[19]    Kuemmerle Tr. at 97:14-15, Zeller Dec., Exh. 9.
[20]    Declaration of Susana Kuemmerle, dated February 27, 2007, ¶ 6, attached to Zeller Dec., Exh. 12.  Notably, Ms. Kuemmerle herself resides in New Jersey, not Mexico. Kummerle Tr. at 22:18-19, Zeller Dec., Exh. 9.
[21]    Kuemmerle Tr. at 135:8-136:5, Zeller Dec., Exh. 9.
[22]    Kuemmerle Tr. at 91:8-14, Zeller Dec., Exh. 9.

EXHIBIT 4
PAGE 61

1  and Trueba for January 24, 2008.[23]  Neither witness appeared.  The MGA Parties

2  contended that neither the "Director of Marketing" nor the "Director of Sales" is a

3  "managing agent."[24]  Even though they have never provided an address for Vargas

4  or Trueba and have consistently represented that they can be contacted through

5  MGA's counsel of record,[25] the MGA Parties now maintained that Mattel was

6  required to personally serve Vargas and Trueba with deposition subpoenas in

7  Mexico.[26]  On January 28, 2008, Mattel filed an ex parte application to compel the

8  depositions Vargas, Trueba and others.[27]  Mattel's application was stayed with other

9  Phase 2 discovery,[28] then denied without prejudice by a September 23, 2008 order in

10  which the Court denied all pending motions without prejudice for its convenience.[29]

11            Vargas and Trueba fail to appear for deposition in January 2009.  The

12  Court lifted the Phase 2 discovery stay on January 6, 2009.  Thereafter, on January

13  9, 2009, Mattel re-noticed the depositions of Vargas and Trueba for January 27 and

14  28, 2009, respectively.[30]  On January 22, 2009, Jason Russell, of the Skadden firm,

15  represented to Mr. Zeller, counsel for Mattel, that Monday, January 26, 2009, MGA

16

17

18

---

19  [23]  Zeller Dec., Exh. 13.

20  [24]  E-mail correspondence between Michael T. Zeller and MGA's counsel at Skadden Arps, dated January 13, 2008, Zeller Dec., Exh. 14.

21  [25]  MGA Entertainment, Inc.'s Supplemental Disclosures and MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. De C.V., and Isaac Larian's Initial Disclosures Under Rule 26(a)(1), dated September 21, 2007 at 15, Zeller Dec., Exh. 59.

24  [26]  E-mail correspondence between Michael T. Zeller and MGA's counsel at Skadden Arps, dated January 14-18, 2008, Zeller Dec., Exh. 15.

25  [27]  Mattel's, Inc.'s Ex Parte Application to Compel Depositions, dated January 28, 2008, Zeller Dec., ¶ 16.

27  [28]  Court's Order, dated February 4, 2008 at 3, Zeller Dec., Exh. 17.

[29]  Court's Order, dated September 23, 2008, Zeller Dec., Exh. 18.

28  [30]  Zeller Dec., Exh. 19.

**EXHIBIT 4**

**PAGE 62**

MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA

1  would provide firm dates for the depositions of Vargas and Trueba.[31] MGA failed

2  to provide dates for deposition as promised.[32] Instead, another MGA lawyer,

3  Amman Khan of the Glaser Weil firm, even before receiving the Court's Order

4  allowing Glaser Weil to associate in, reversed the MGA Parties' position. At 11:40

5  p.m. on January 28, 2009, the day after Vargas' deposition was to occur and after the

6  close of business on the day Trueba's deposition was noticed, Mr. Khan served

7  objections to the Vargas and Trueba deposition notices. The MGA Parties, objected

8  on the alleged grounds that neither was an officer, director or managing agent of

9  MGA Mexico and argued that Mattel would have to serve them with deposition

10  subpoenas in Mexico.[33] In subsequent meet and confer discussions, the MGA

11  Parties' co-counsel stood on these untimely objections to refuse to make Vargas and

12  Trueba available for deposition.[34]

13       Defendants' attempts to obstruct other key depositions. This is not the

14  MGA Parties' first use of obstructionist tactics. Defendants have stonewalled

15  Mattel's efforts to obtain the depositions of every key witness in the case, without

16  exception. Carter Bryant evaded deposition for over four months.[35] At one point, to

17  avoid a motion to compel, Bryant's counsel even gave their "word as attorneys" that

18  he would sit for deposition on a date certain in August 2004, only to unilaterally

19  renege at the last minute.[36] Even after that, it took two Court orders compelling

20

---

21  [31]    Zeller Dec., ¶ 21. Mr. Russell also agreed to provide a firm date for the

22  deposition of Shirin Salemnia, but that was not provided either. Instead, as with

23  Vargas and Trueba, MGA refused to provide a firm date for her deposition. That

24  deposition is not part of this motion but may be raised by a separate motion if

appropriate.

[32]    Zeller Dec., ¶ 21.

25  [33]    Zeller Dec., Exhs. 20 & 21.

26  [34]    Correspondence between Jon D. Corey and Amman A. Khan, dated January

27 through February 2, 2009, Zeller Dec., Exh. 22.

27  [35]    Zeller Dec. ¶¶28-40, Exhs. 26-38.

28  [36]    Zeller Dec. ¶¶ 30- 32, Exhs. 29 & 30.

EXHIBIT 4

PAGE 63

MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA

07209.2/87845.2

Bryant's deposition before he finally appeared.[37]  Similarly, Isaac Larian—MGA's CEO and a named defendant—refused to be deposed.  It took two Court Orders and the imposition of sanctions before Mr. Larian appeared for deposition.[38]  MGA also had to be compelled three times to produce witnesses in response to a Mattel Rule 30(b)(6) notice of deposition.[39]  In the Discovery Master's second Order compelling an MGA witness to appear, he specifically found that "the violation was particularly egregious" and that "MGA's clear and flagrant violation of a court order warrant[ed] sanctions."[40]

Consistent with this pattern, the MGA Parties delayed producing many other key witnesses.  Although Mattel first filed suit in April 2004, defendants had produced no witnesses other than Bryant and Larian for deposition as of January 2007 (and, even as to them, had to be compelled by multiple Court Orders).  MGA did not produce Paula Garcia, the project manager of Bratz since the brand's inception, until after Mattel moved to compel her deposition.[41]  After designating Garcia on more than 20 topics and improperly instructing her not answer questions

---

[37]   Zeller Dec. ¶¶ 36-38, Exhs. 34-36.
[38]   Court's Order, dated March 23, 2005, Zeller Dec., Exh. 23; Court's Civil Minutes of June 16, 2006, ordering Mr. Larian to appear for deposition, Zeller Dec., Exh. 23.
[39]   See Order Granting in Part and Denying in Part Mattel's Motion to Enforce Court's Discovery Orders and To Compel; To Overrule Purportedly Improper Instructions; and For Sanctions, dated January 8, 2008, Zeller Dec., Exh. 41; Order Granting in Part Mattel's Motion to Enforce the Court's Order of May 16, 2007, to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6), and Granting Request for Sanctions, dated August 14, 2007, Zeller Dec., Exh. 42; Order Compelling MGA to Produce Rule 30(b)(6) Witnesses, dated May 16, 2007, Zeller Dec., Exh. 43.
[40]   Court's Order, dated August 14, 2007 at 9:15-22, Zeller Dec., Exh. 42.
[41]   See Discovery Master Order Granting Mattel's Motion to Compel Witnesses, dated May 16, 2007, Zeller Dec., Exh. 43.

EXHIBIT 4

PAGE 64

1   on numerous others, MGA refused to produce Garcia for additional time until

2   compelled a second time.[42]

3          MGA and Carlos Gustavo Machado Gomez—a named defendant—also

4   repeatedly delayed scheduling Machado's deposition until compelled by the Court.[43]

5   Mattel began seeking deposition dates from Machado on June 4, 2007.   On

6   September 3, 2007, James Spertus, counsel for Machado, confirmed that October

7   26, 2007 was an "acceptable date" for Machado's deposition.[44]   The next day Mattel

8   served a deposition notice that confirmed the parties' agreement.[45]   Counsel for

9   MGA and Bryant also agreed to the October 26, 2007 deposition.[46]   When Mr.

10  Spertus withdrew as Machado's counsel,[47] his new counsel, Alexander Cote,

11  contacted Mattel to discuss, among other things, Machado's pending deposition.[48]

12  He confirmed that Machado would be made available for deposition, but said that he

13

14

15

16  [42]   See Discovery Master's Order Granting Mattel's Motion for Extension of
17  Time to Depose Paula Garcia, dated August 14, 2007, Zeller Dec., Exh. 42.
        [43]   See Court's Order Granting Mattel's Motion to Compel the Deposition of
18  Carlos Gustavo Machado, dated September 2, 2008, Zeller Dec., Exh. 44.
        [44]   See Letter from James Spertus to Jon Corey, dated September 3, 2007, Zeller
19  Dec., Exh. 46.
20      [45]   See Notice of Deposition of Carlos Gustavo Machado, dated September 4,
21  2007, Zeller Dec., Exh. 47; Email from Corey to Michael Page, Amman Khan and
    Diana Torres attaching document that listed Machado under a heading of "Witnesses
22  Whose Dates Have Been Agreed Upon And Set After Meet and Confers Requested
23  By Mattel," and stating that Machado's deposition was set for October 26, 2007,
    Zeller Dec., Exh. 48.
24      [46]   See Letter from Jon D. Corey to Amman Khan, dated September 25, 2007,
25  Zeller Dec., Exh. 49.
        [47]   See Order On Request for Approval of Substitution of Attorney, dated
26  October 2, 2007, Zeller Dec., Exh. 50.
27      [48]   See e-mail message from Alexander Cote to Dylan Proctor, dated October 5,
28  2007, Zeller Dec., Exh. 51.

                                                              EXHIBIT 4

MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA

                                                              PAGE 65

1  would need to "update [Mattel] on Machado's availability for his deposition as
2  [counsel] get[s] more information."[49]

3        After months of additional delay,[50] Machado's counsel offered to make
4  him available for deposition in Mexico City on January 15, 2008.[51]  On January 7,
5  2008, the Court granted Mattel leave to take Mr. Machado's deposition relating to
6  Mattel's trade secret and RICO claims.[52]  Based on counsel's representation that the
7  deposition would go forward, Mattel agreed on January 11, 2008 to continue the
8  hearing on Mattel's Motion to Compel (1) the Deposition of Carlos Gustavo
9  Machado Gomez; and (2) Consent to Production of Electronic Mail Messages,
10 which the Discovery Master had set for hearing on January 16, 2008.[53]  However,
11 the very next morning, the MGA Parties unilaterally cancelled Mr. Machado's
12 deposition claiming that counsel for the MGA Parties was not available.[54]  Before
13 Machado's deposition was re-scheduled, the Court stayed Phase 2 discovery.[55]
14 Thus, Machado's deposition did not take place until October 14, 2008 – more than a
15 year after Mattel had first sought dates from Machado's counsel.

16
17
18

-----

19  [49]  See id.
20  [50]  See Mattel's Motion to Compel re Machado, dated November 15, 2007, at
21  5:3-7:2, Zeller Dec., Exh. 52.
    [51]  Email for Alexander Cote to Dylan Proctor, dated December 6, 2007, Zeller
22  Dec., Exh. 53.
    [52]  See Mattel's Motion for Leave to Take Additional Discovery and Objections
23  to Discovery Master Order of September 28, 2007, dated November 19, 2007 at 12-
24  14, Zeller Dec., Exh. 54; Court's Minute Order, dated January 7, 2008, Zeller Dec.,
    Exh. 55.
25  [53]  See Second Supplemental Declaration of Jon D. Corey in Support of Mattel,
26  Inc.'s Motion to Compel Deposition of Carlos Gustavo Machado Gomez ¶¶ 5 & 7,
    Zeller Dec., Exh. 56.
27  [54]  Id.
28  [55]  See Court's Civil Minutes, dated February 4, 2008, Zeller Dec., Exh. 17.

EXHIBIT 4
PAGE 66

**Argument**

I.   **THE COURT SHOULD COMPEL VARGAS AND TRUEBA TO APPEAR FOR DEPOSITION IN LOS ANGELES**

    A.   **Vargas And Trueba Are Managing Agents Of MGA Mexico**

Pursuant to Rule 30(b)(1) of the <u>Federal Rules of Civil Procedure</u>, a notice of deposition is sufficient to compel the deposition of an officer, director or managing agent of a corporate party.  It is not necessary to subpoena such an individual.  See <u>Cadent Ltd. v. 3m Unitek Corporation</u>, 232 F.R.D. 625, 628 (C.D. Cal. 2005) ("It is well recognized that 'if the corporation is a *party, the notice compels it to produce* any officer, director or managing agent named in the deposition notice.  It is not necessary to subpoena such individual.  The corporation risks *sanctions*—including default or dismissal—if the designated individual fails to appear.'") (quoting Schwarzer, Tashima & Wagstaffe, <u>California Practice Guide: Fed. Civil Procedure Before Trial</u>, §§ 11:1419, 11:2226 (2005)) (emphasis in original).

As the MGA Parties have acknowledged,[56] the courts use a three-prong test to determine who is a "managing agent" for the purposes of Rule 30:

> First, the employee should be "a person invested by the corporation with general powers to exercise his judgment and discretion dealing with corporate matters.

> Second, the employee should be a person who "could be depended upon to carry out his employer's direction to give testimony at the demand of a party engaged in litigation with the employer."

> Third, the employee should be a person who can be expected to identify himself with the interest of the corporation rather than with those of the other parties.

---

[56]   <u>See</u> MGA's and Carter Bryant's Opposition to Mattel's Ex Parte Applications to Compel Additional Depositions, dated January 30, 2008, Zeller Dec., Exh. 57 at 15.

EXHIBIT 4

PAGE 67

Reed Paper Co. v. Procter & Gamble Distributing Co., 144 F.R.D. 2, 4 (D. Me. 1992) (quoting Rubio v. General Tire and Rubber Co., 18 F.R.D. 51, 56 (S.D.N.Y. 1955)) (citing cases).  Of the three factors, "[t]he 'paramount test' is whether the individual can be expected to identify with corporation's interest as opposed to an adversary's."   In re Honda American Motor Co., 168 F.R.D. 535, 541 (D. Md. 1996).

Any "doubt[s] about an individual's status as a 'managing agent,' at the pre-trial discovery stage, are resolved in favor of the examining party.  Id. at 540, (citing Founding Church of Scientology of Washington, D.C. v. Webster, 802 F.2d 1448, 1452 n.4 (D.C. Cir. 1986)); Sugarhill Records Ltd. v. Motown Record Corp., 105 F.R.D. 166, 171 (S.D.N.Y. 1985) ("I am to resolve close questions regarding the status of an employee as 'managing agent' in favor of the examining party since the issue of whether the witness' testimony can be used as a statement by the defendant still remains to be resolved at trial.") (citing cases).

Vargas and Trueba are "managing agents" of MGA Mexico.  The MGA Parties cannot seriously dispute that they exercise judgment and discretion in dealing with MGA Mexico matters.  Larian admits that he recruited them to found the sales and marketing operations of MGA Mexico and that, together with Machado, they "run MGA Mexico."  Vargas is the Director of Sales and manages 8 to 9 employees who report directly to him.[57]  Among other things, he approves sales, negotiates transactions and enters into agreements on the company's behalf.[58]  Trueba is the Director of Marketing, Girls Division and her responsibilities include

----

[57]   Deposition of Susana Kuemmerle, dated January 28, 2008 ("Kuemmerle Tr.") at 97:5-15, Zeller Dec., Exh. 9.

[58]   Email from Isaac Larian to Brad Schneider, dated August 30, 2006, Zeller Dec., Exh. 10; Email from Pablo Vargas to Isaac Larian, dated May 13, 2004 at MGA 0181077, Zeller Dec., Exh. 11.

EXHIBIT 4
PAGE 68

all media and public relations.[59]   Along with Kuemmerle and Machado, they are responsible for setting the prices of MGA's products in Mexico.[60]

As part of a "tight" group that founded and manages the day-to-day operations of MGA Mexico, Vargas and Trueba can also be expected to identify with the interests of the company.  Moreover, Vargas and Trueba are alleged to have acted in concert with the MGA Parties in plotting to steal and stealing Mattel's trade secrets in Mexico.  This further supports the conclusion that they can be expected to identify with the interests of MGA Mexico rather than with those of Mattel and depended upon to carry out their employer's direction to give testimony upon its demand.  Indeed, the MGA Parties themselves have identified Vargas and Trueba as witnesses who "may possess knowledge of facts in support of MGA's defenses to Mattel's RICO and trade secret counterclaims" and who are to be contacted through MGA's counsel of record.[61]

At this stage of the proceedings, any doubt as to the status of Vargas and Trueba as managing agents of MGA Mexico should be resolved in Mattel's favor.  Mattel has twice duly noticed their depositions.  The Court should compel them to appear.

**B.    The Depositions Should Take Place In Los Angeles**

Vargas and Trueba's status as managing agents of a party to the lawsuit also disposes of the MGA Parties' claim that Mattel must take their depositions in Mexico.

---

[59]   Kuemmerle Tr. at 97:14-15, Zeller Dec., Exh. 9.
[60]   Kuemmerle Tr. at 91:8-14, Zeller Dec., Exh. 9.
[61]   MGA Entertainment, Inc.'s Supplemental Disclosures and MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. De C.V., and Isaac Larian's Initial Disclosures Under Rule 26(a)(1), dated September 21, 2007 at 15, Zeller Dec., Exh. 59.

-13-

EXHIBIT 4

PAGE 69

1    "A party may unilaterally choose the place for deposing the opposing

2  party, subject to the granting of a protective order by the Court pursuant to Rule

3  26(c)(2)." Cadent, 232 F.R.D. at 628; see also Delphi Automotive Systems LLC v.

4  Shinwa International Holdings Ltd., 2008 WL 2906765, *1 (S.D. Ind. July 23,

5  2008).   Where the opposing party is a corporation, its officers, directors and

6  managing agents are treated "opposing parties" for purposes of this analysis.  See

7  Cadent, 232 F.R.D. at 628; Delphi, 2008 WL 2906765 at *3.  Vargas and Trueba

8  were properly noticed for deposition in this District and should be compelled to

9  appear.

10    Nor should Mattel be required to take the depositions in Mexico as the

11  MGA Parties contend.  While the determination as to the location of a deposition is

12  "ultimately an exercise in the vast discretion a district court has in supervising

13  discovery," New Medium Techs. LLC v. Barco N.V., 242 F.R.D. 460, 462 (N.D. Ill.

14  2007), courts consider a number of factors in making this determination.   These

15  include the location of counsel for the parties, the likelihood of discovery disputes

16  arising which would necessitate resolution by the forum court, whether the persons

17  to be deposed often engage in travel for business purposes, and the equities with

18  regard to the nature of the claim and the parties' relationship.  Cadent, 232 F.R.D. at

19  629. Accordingly, "corporate defendants are frequently deposed in places other than

20  the principal place of business, especially in the forum where the action is pending."

21  Id.  Mr. Machado, also an employee of MGA Mexico, traveled to Los Angeles to be

22  deposed.

23    Each of these factors weighs in favor of holding the deposition in Los

24  Angeles where they were noticed.   First, counsel for all parties, including MGA

25  Mexico, are located in Los Angeles.  See Mediatek, Inc. v. Sanyo Electronic Co.

26  Ltd., 2006 WL 5709449 (E.D. Tex. August 9, 2006) (ordering depositions of

27  Japanese corporate defendant to take place in California and noting that "it would be

28  much easier for those witnesses to travel to California for deposition than for the

-14-

EXHIBIT 4

PAGE 70

1  gaggle of attorneys on both sides to travel to Japan").[62]  Second, discovery disputes

2  are far from uncommon in this case; requiring the depositions to take place in

3  Mexico would compromise the Court's ability to resolve such disputes. See Custom

4  Form Mfg. v. Omron Corp., 196 F.R.D. 333, 336-37 (N.D. Ind. 2000) (if

5  depositions take place in Japan, "this court's authority to intervene, should it become

6  necessary, is compromised"); New Medium, 242 F.R.D. at 467 (ordering

7  depositions of Japanese corporate defendant to take place in Chicago where action

8  was pending and noting that "an antecedent history of contentiousness is a sufficient

9  . . . basis on which to require a deposition in a locale where judicial supervision will

10  be available").   Third, MGA itself is located in this District and Vargas and Trueba

11  travel here for business.[63]  Indeed, they both traveled here while still employed by

12  Mattel to meet in person with Isaac Larian.[64]  They can hardly be heard to complain

13  about traveling here now for their depositions, particularly when MGA has

14  identified them as witnesses and MGA itself has asserted claims in this case.  The

15  equities regarding the nature of the claims also weighs in favor of a Los Angeles

16  location; Mattel is located in this District and suffered the effects of Vargas and

17  Trueba's theft of its trade secrets here.

18        MGA Mexico bears the burden of showing that it will suffer prejudice

19  or undue burden if the depositions of Vargas and Trueba are held in Los Angeles

20  where they were noticed. Cadent, 232 F.R.D. at 629. It cannot meet its burden. Id.

21  (ordering officers and managing agents of corporation who resided in Israel and

22  New Jersey to appear for deposition in Los Angeles where noticed); see also Afram

---

23

24  [62]  Taking the depositions in Mexico would require travel not only by counsel for all the parties, but also by a court reporter and videographer.

25  [63]  Kuemmerle Tr. at 62:19-21, 63:13-25, Zeller Dec., Exh. 9; Deposition of

26  Isaac Larian, dated March 26, 2008 at 335:20-25, 338:2-12 ("Larian Tr."), Zeller Dec., Exh. 58.

27  [64]  Kuemmerle Tr. at 62:16-63:25, Zeller Dec., Exh. 9; Larian Tr. at 335:17-25, Zeller Dec., Exh. 58.

28

EXHIBIT 4
PAGE 71

Export Corp. v. Metallurgiki Halyps, S.A., 772 F.2d 1358, 1365 (7th Cir. 1985) (affirming district court's order that Greek corporation's president be deposed in the United States where corporation made no showing of hardship) abrogated on other grounds, Salve Regina College v. Russell, 499 U.S. 225, 235-240 (1991); South Seas Catamaran, Inc. v. Motor Vessel "Leeway", 120 F.R.D. 17, 21 n.5 (D.N.J. 1988) ("courts have often required corporate defendants to produce their officers or agents for depositions at locations other than the corporation's principal place of business where there has been no showing that the defendant will suffer any resulting financial hardship.").

## II.    THE COURT SHOULD SANCTION THE MGA PARTIES FOR OBSTRUCTIONIST TACTICS

Under the Federal Rules, a party bringing a motion to compel is entitled to "the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4). Fed. R. Civ. P. 37(a)(4).  The burden of establishing substantial justification is on the party being sanctioned.  Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994). Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions under this section are appropriate "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995), citing Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987).

EXHIBIT 4

1    Sanctions are called for here.  Mattel has duly noticed the depositions
2  of Vargas and Trueba.  MGA and MGA Mexico agreed to provide dates only to
3  later renege and claim that Mattel must serve them with subpoenas in Mexico.
4  There is no justification for the MGA Parties' conduct.  Rather, it is part of a pattern
5  of conduct designed to obstruct Mattel from taking the deposition of every key
6  witness in this case.  The Court should sanction MGA and MGA Mexico for
7  requiring Mattel to bring a motion to compel the depositions who should have been
8  produced more than a year ago and to deter repetition of the MGA Parties' practice
9  of groundless objections and forcing motion practice over virtually every deposition
10 in this case.  Mattel requests that MGA and MGA Mexico and its counsel be ordered
11 to pay $5,000 as partial reimbursement for the fees Mattel has incurred on this
12 Motion.

13

14                              **Conclusion**

15    For the foregoing reasons, Mattel respectfully requests that its motion
16 be granted in its entirety.

17

18 DATED:  February 6, 2009          QUINN EMANUEL URQUHART OLIVER &
19                                    HEDGES, LLP

20                                    By /s/ Jon D. Corey _____
21                                       Jon D. Corey
                                         Attorneys for Mattel, Inc.
22

23

24

25

26

27                                              EXHIBIT 4

28                                              PAGE 73

                              -17-
MATTEL, INC'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA

CALIF
RECEIVED

FEB 15 2009

1   Patricia L. Glaser, State Bar No. 055668
    Pglaser@glaserweil.com
2   Joel N. Klevens, State Bar No. 045446
    Jklevens@ glaserweil.com
3   GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
4   Los Angeles, California 90067
    Telephone:  310-553-3000
5   Facsimile:  310-556-2920

6
    Russell J. Frackman, State Bar No. 049087
7   rjf@msk.com
    MITCHELL, SILBERBEG & KNUPP, LLP
8   11377 West Olympic Boulevard
    Los Angeles, California 90064
9   Telephone:  310-312-2000
    Facsimile:  310-312-3100
10

11  Attorneys for the MGA Parties For Phase Two

12              UNITED STATES DISTRICT COURT
        CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

13  CARTER BRYANT, an individual          )   Case No. CV 04-9049 SGL (RNBx)
                                          )   Consolidated with Case No. 04-09059
14              Plaintiff,                )   and Case No. 05-02727
                                          )
15  v.                                    )   **DISCOVERY MATTER**
                                          )   [To Be Heard by Discovery Master
16  MATTEL, INC., a Delaware              )   Robert C. O'Brien Pursuant to Order
    Corporation                           )   of January 6, 2009]
17                                        )
                Defendant.                )   **MGA PARTIES' OPPOSITION TO
18                                        )   MATTEL, INC.'S 2-09-09 MOTION
                                          )   TO COMPEL DEPOSITIONS OF
19  ─────────────────────────            )   VARGAS AND TRUEBA AND
                                          )   REQUEST FOR SANCTIONS**
20  AND CONSOLIDATED ACTIONS              )
                                          )   [Declarations of Susana Kuemmerle
21                                        )   Amman Khan and Jason Russell filed
                                          )   and served concurrently herewith]
22                                        )
                                          )   Date:    March 19, 2009
23                                        )   Time:    10:00 a.m.
                                          )   Place:   Arent Fox
24                                        )            555 West Fifth Street, 48th Fl.
                                          )            Los Angeles, CA  90013
25                                        )
                                          )   Phase 2
26                                        )
                                          )
27                                        )

28          CONFIDENTIAL—ATTORNEY'S EYES ONLY
        FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

666603                        2-B

EXHIBIT 5

PAGE 74

# **TABLE OF CONTENTS**

Page

I.   Preliminary Statement.................................................................2

II.  Background Facts .................................................................3

III. ARGUMENT

I.  THE DEPOSITIONS OF VARGAS AND TRUEBA MUST BE HELD IN MEXICO ONLY UPON LAWFUL SERVICE OF PROCESS .................................................................6

    A.   Vargas and Trueba Should be Deposed in Mexico Because That is MGA De Mexico's Principal Place of Business.................................................6

    B.   Mattel Must Comply with the Rule 28(b) or the Hague Convention  To Take The Depositions of Vargas and Trueba in Mexico...................................8

II.  MATTEL'S DEPOSITION NOTICES ARE IMPROPER AS A MATTER OF LAW .................................................................9

    A.   Vargas and Trueba are Not "Managing Agents" ...............................9

III. THE MGA PARTIES' OBJECTIONS TO THE DEPOSITIONS ARE SUBSTANTIALLY JUSTIFIED AND NO SANCTIONS SHOULD BE AWARDED.................................................................10

IV.  THE COURT SHOULD IMPOSE SANCTIONS AGAINST MATTEL AND ITS COUNSEL FOR DISCOVERY ABUSES...............................................13

V.   Conclusion.................................................................15

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

EXHIBIT 5

PAGE 75

# TABLE OF AUTHORITIES

## FEDERAL CASES

**Page**

Avago Technologies General IP PTE Ltd. v. Elan Microelectronics Corp.,
   2007 U.S. Dist. LEXIS 31357 (N.D. Cal. April 17, 2007) ......................... 3, 9

Cadent Ltd. v. 3M Unitek Corp.,
   232 F.R.D. 625 (C.D. Cal. 2005)..............................................................7

Dahl v. City of Huntington Beach,
   84 F.3d 363 (9th Cir. 1996) ...................................................................13

Delphi Automotive Systems LLC v. Shinwa Internat'l Holdings Ltd.,
   2008 WL 2906765 (S.D. Ind. 2008)..........................................................7

Dwelly v. Yamaha Motor Corp., USA,
   214 F.R.D. 537 (D.C. Minn. 2003) .........................................................7, 8

Fausto v. Credigy Services Corp.,
   251 F.R.D. 427 (N.D. Cal. 2008) ..............................................................7

HTC Corp. v. Technology Properties,
   2008 WL 5244905 (N.D. Cal. 2008)........................................................6, 7

In re Akros Installations, Inc.,
   834 F.2d 1526 (9th Cir. 1987).................................................................13

Kirshner v. Uniden Corp. of America,
   842 F.2d 1074 (9th Cir. 1988).................................................................13

New Medium Technologies LLC v. Barco N.V.,
   242 F.R.D. 460 (N.D. Ill. 2007) ................................................................7

Reed Paper Co. v. Proctor & Gamble Distributing Co.,
   144 F.R.D. 2 (D. Me. 1992) ....................................................................12

Reygo Pac. Corp. v. Johnston Pump Co.,
   680 F.2d 647 (9th Cir. 1982)..................................................................13

EXHIBIT 5

PAGE 76

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*,
    482 U.S. 522 (1987) ................................................................................8

*Thomas v. Int'l Business Machines*,
    48 F.3d 478 (10th Cir. 1995) ................................................................6

*United States v. Afram Lines (USA), Ltd.*,
    159 F.R.D 408 (S.D.N.Y. 1994)....................................................10, 11

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

EXHIBIT 5
PAGE 77

# STATUTES

Fedederal Rules of Civil Procedure

Rule 28.............................................................................................8, 9
Rule 30........................................................................................3, 8, 9
Rule 45...........................................................................................3, 9
Rule 37........................................................................................12, 13

28 U.S.C. § 1927............................................................................12, 14

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

EXHIBIT 5

PAGE 78

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel, Inc.'s ("Mattel") Motion to Compel the Depositions of Pablo Vargas and Marianna Trueba ("Motion") is based on the incorrect legal proposition that residents and citizens of a foreign country who work for a foreign corporation can be hailed into California and forced to submit to deposition at their own cost by the mere issuance of a "Notice of Deposition." This flawed proposition is based on yet another flawed proposition that by mere dint of the fact that the foreign corporation has been hailed into California court by Mattel in a California lawsuit, it can depose the employees of that foreign corporation in California anytime it wants simply by mailing a notice of deposition. A shaky house of cards indeed. Not a single case cited by Mattel in its Motion supports either of these propositions. In fact, the law is to the contrary. Accordingly, Mattel's Motion should be denied in its entirety for the following reasons, any one of which is sufficient.

First, after letters rogatory have issued or Mattel has complied with the Hague Convention, the depositions of Mr. Vargas and Ms. Trueba must be held in Mexico, where they reside and where their employer, MGA De Mexico, has its principal place of business. Mr. Vargas and Ms. Trueba, who are non-parties to this action, should not be required to travel to a different country simply for the convenience of Mattel, who, in addition to pursuing legal action against these witnesses in Mexico, chose to further prosecute them in this action in Los Angeles. Moreover, as Mattel well knows, Mr. Vargas and Ms. Trueba are currently prohibited from traveling outside of Mexico without written permission from the Mexican Court. This is because Mattel demanded and influenced the Mexican authorities to prosecute Mr. Vargas and Ms. Trueba in Mexico.

Second, Mr. Vargas and Ms. Trueba are not "directors, officers or managing agents" for purposes of Federal Rule of Civil Procedure ("Rule") 30. Accordingly, mere deposition notices are insufficient as a matter of law to compel their attendance.

666603

EXHIBIT 5

PAGE 79

*Avago Technologies General IP PTE Ltd. v. Elan Microelectronics Corp.*, 2007 U.S. Dist. LEXIS 31357, \*4-\*6 (N.D. Cal. April 17, 2007). Rather, Mattel must subpoena the witnesses pursuant to Rule 45 or comply with the procedures set forth in the Hague Convention or Rule 28 – neither of which has occurred here. *Id.* Mattel was told this was the MGA Parties' position more than a year ago. Moreover, Judge Larson reaffirmed Mattel's obligation to properly serve a deponent with legal process when he stated, "Leave was afforded to take the depositions, but that doesn't eviscerate the need to properly serve and properly notice those depositions." (Declaration of Amman Khan ("Khan Decl."), ¶ 5, Ex. C, Trans. of Proc. [Larson 2/4/08, p. 26:16-18.) With respect to Mr. Vargas and Ms. Trueba specifically, Judge Larson emphasized that "[i]f they're not managing agents, then [Mattel has] to proceed under more formal procedures." (*Id.*, p. 15:11-18.) Yet, Mattel continues to employ mere deposition notices to obtain the depositions of Mr. Vargas and Ms. Trueba and now brings this baseless Motion in an effort to harass the MGA Parties.

Third, the MGA Parties' objections to the deposition notices of Mr. Vargas and Ms. Trueba are entirely justified. Accordingly, an award of sanctions against the MGA Parties and/or their counsel would be unjust.

For the foregoing reasons and for those set forth below, Mattel's Motion should be denied in its entirety. In addition, the MGA Parties respectfully request that the Court impose sanctions on Mattel and its counsel for filing a frivolous Motion, and for an Order requiring them to serve any future discovery-related documents upon the attorney with they whom they have met and conferred.

### Factual Background

On or around January 9, 2009, Mattel served deposition notices setting the depositions of, among others, Mr. Vargas and Ms. Trueba for January 24, 2009. Those deposition notices sought to hail Mr. Vargas and Ms. Trueba into Los Angeles – both of whom are non-parties to the instant action and residents and nationals of Mexico – without service of a subpoena or other lawful process. Soon thereafter, on

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310.553.3000

January 26, 2009, the MGA Parties orally advised Mattel that they objected to the notices of deposition. (Khan Decl., ¶ 2.) The MGA Parties also advised Mattel in writing on January 28, 2009 of their objections. (Khan Decl., ¶ 2, Ex. A.)

Contrary to Mattel's misstatements of the factual background here, the MGA Parties have never represented to Mattel that dates for the depositions of Mr. Vargas and Ms. Trueba would be provided. (Declaration of Jason Russell ("Russell Decl."), ¶¶ 3-4.) Mattel's claims that Jason Russell of Skadden, Arps, Slate, Meagher & Flom, LLP ("Skadden") represented to Michael Zeller (counsel for Mattel) that the MGA Parties committed to provide dates for those depositions are therefore, at best, disingenuous. (*Id.*) In fact, all Mr. Russell did was advise Mr. Zeller that Phase 2 counsel would call him on January 26, 2009 to discuss the depositions. (*Id.*) Indeed, as set forth above, Phase 2 counsel for the MGA Parties, Glaser Weil, contacted and advised Mattel (both orally and in writing) of their objections to the deposition notices of Mr. Vargas and Ms. Trueba.[1]

In an obvious effort to deflect attention from its Motion's complete lack of merit, Mattel devotes nearly a quarter of its moving papers to utterly irrelevant and totally false assertions that the MGA Parties have purportedly "obstructed" numerous depositions of other witnesses in this action. (Motion, p. 7-10.) Indeed, much of their vitriol is directed at Carter Bryant, who was represented by separate counsel and with whom Mattel has now reached a settlement. Equally irrelevant are Mattel's false accusations concerning the depositions of Isaac Larian[2] and Gustavo Machado. None

---

[1] Any argument by Mattel that Glaser Weil, Phase 2 Counsel for the MGA Parties, did not have standing to object to the deposition notices because the Court had not yet served its January 28, 2009 Order permitting Glaser Weil to associate in as counsel was explicitly waived in a telephone conversation on January 26, 2009, when Jon Corey (counsel for Mattel) informed Amman Khan of Glaser Weil that he had no objection to dealing with Mr. Khan as counsel for the MGA Parties and discussing the objections to the deposition notices. (Khan Decl., ¶ 2.)

[2] Notably, Mattel's allegation that "it took two Court orders and an award of sanctions before Isaac Larian deigned to appear for deposition" is not only false, it is unsupported by anything attached to Mattel's Motion. (Motion, 2:4-6.)

3

EXHIBIT 5
PAGE 81

1   of this has anything whatsoever to do with the issues before the Discovery Master,

2   which pertain exclusively to propriety *vel non* of deposition notices to compel the

3   attendance in Los Angeles of two non-managerial employees who live, work and are

4   citizens of Mexico.

5       Last, Mattel's Motion is riddled with falsehoods in an effort to obfuscate the

6   relevant issues here.  For example only and without limitation:

7   • Mattel presents the exaggerated ***allegations*** in its second amended

8       counterclaim as ***fact***.  In particular, Mattel asserts that Isaac Larian "enticed

9       Vargas, Trueba and Machado to steal Mattel's confidential and propriety

10      information …" (Motion, p. 4:6-7.)  Mattel knows this is false.  Both the

11      documentary and testimonial evidence established that Isaac Larian told Mr.

12      Vargas and Ms. Trueba "not to bring anything from Mattel" and "just their

13      heads." (Khan Decl., ¶ 8, Ex. F, Declaration of Isaac Larian, 4/11/07)  Susana

14      Kuemmerle, MGA De Mexico's Vice President and Mr. Vargas' and Ms.

15      Trueba's supervisor, also testified that they had no secret or propriety

16      information that was of any value.  (Khan Decl., ¶ 6, Ex. D, Declaration of

17      Susana Kuemmerle ("Kuemmerle Depo"), p. 131:6-132:3, 221:19-25.)

18  • Mattel falsely alleges that "Larian personally extended written employment

19      contracts to Vargas and Trueba …" (Motion, p. 4:18), but the Spanish versions

20      of the contracts (rather than Mattel's unauthenticated English translations) have

21      Thomas Park as the signing agent for MGA De Mexico.  (Declaration of

22      Michael T. Zeller ("Zeller Decl."), Exhs. 6-7.)

23  • Mattel falsely asserts that Ms. Trueba is MGA De Mexico's "Director of

24      Marketing."  In fact, Gustavo Machado is MGA De Mexico's Director of

25      Marketing, not Mr. Vargas or Ms. Trueba.  (Khan Decl., ¶ 6, Ex. D,

26      Kuemmerle Depo, p. 93:3-8.)

27

28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

Indeed, Mattel's entire motion is premised on its false characterization of the February 27, 2007 declaration of Susanna Kuemmerle, ¶6. Mattel falsely alleges that Ms. Kuemmerle stated "all of MGA Mexico's day-to-day operations are managed in Mexico by a small group of director level employees, including the director of sales (Vargas) and the director of marketing (Trueba)." (Motion, p. 5:7-9.) In fact, Ms. Kuemmerle's Declaration actually states: "All of the day-to-day operations of MGA Mexico are managed locally in Mexico. For example, MGA Mexico's finance director, sales director and marketing director are all based in Mexico and all of the marketing and finance functions are handled in Mexico." (Khan Decl., ¶ 6, Ex. E, 2/28/07, Kuemmerle Decl., p. 2:19-22.) Mattel should not be allowed to blatantly misrepresent the facts.

<u>**Argument**</u>

I.   <u>**THE DEPOSITIONS OF VARGAS AND TRUEBA MUST BE HELD IN MEXICO ONLY UPON LAWFUL SERVICE OF PROCESS**</u>

   A.   <u>**Vargas and Trueba Should be Deposed in Mexico Because That is MGA De Mexico's Principal Place of Business**</u>

Mr. Vargas and Ms. Trueba should not be required to come to Los Angeles for their depositions. Mattel concedes that neither of them is a party to this action. MGA De Mexico's principal place of business is in Mexico, and that is where both Mr. Vargas and Ms. Trueba live and work. (Kuemmerle Decl., ¶¶ 6,7.) In fact, MGA De Mexico does not maintain an office in the United States and does not do any business here. (Kuemmerle Decl., ¶ 2.) Rather than placing undue burden on Mr. Vargas, Ms. Trueba and MGA De Mexico, the Court should require that these individuals be deposed in Mexico.

Courts uniformly apply a "general presumption that the deposition of a corporate party should be taken at its place of business." *HTC Corp. v. Technology Properties*, 2008 WL 5244905, *2 (N.D. Cal. 2008) (citing *Thomas v. Int'l Business Machines*, 48 F.3d 478, 483 (10th Cir. 1995)). Indeed, this presumption is expressly

666603

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  acknowledged in a number of cases cited in Mattel's own Motion. (Motion, p. 13-14

2  (citing *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005); *Delphi*

3  *Automotive Systems LLC v. Shinwa Internat'l Holdings Ltd*, 2008 WL 2906765 (S.D.

4  Ind. 2008); *New Medium Technologies LLC v. Barco N.V.*, 242 F.R.D. 460, 466 (N.D.

5  Ill. 2007) ("Courts have often… referred to a 'presumption' that the deposition of a

6  corporation should be taken at its principal place of business… particularly so when

7  the corporation is a defendant")).)

8      This presumption is primarily applied to defendants because, "[while] plaintiffs

9  bring the lawsuit and…exercise the first choice as to the forum, [t]he defendants, on

10  the other hand, are not before the court by choice." *Fausto v. Credigy Services*

11  *Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008); *see HTC Corp.*, 2008 WL at *2 ("courts

12  primarily apply this rule to defendants, since plaintiffs have the luxury of choosing

13  the forum"). Here, MGA De Mexico has asserted no affirmative claims in this

14  lawsuit and appears solely as a Counter-Defendant. As a result, the equities balance

15  against forcing MGA De Mexico's employees to travel to another country to fulfill

16  Mattel's purported discovery needs.

17      *Dwelly v. Yamaha Motor Corp., USA*, 214 F.R.D. 537 (D.C. Minn. 2003) is also

18  instructive. In *Dwelly*, the plaintiff in a products liability action sought to deviate

19  from the general rule mentioned above by requiring the defendants to produce a

20  deponent in the United States, even though he lived and worked in Japan. Despite the

21  fact that the defendant corporation conducted business in the United States, the

22  district court held that the deposition should be taken in Japan. *Id.* at 541. The

23  court's ruling was based on the following issues raised by the defendant corporation:

24  (1) producing a deponent in the U.S. would be unduly burdensome because the

25  Japanese deponent had significant responsibilities in Japan and rarely traveled to the

26  U.S.; (2) concerns of international comity and Japanese sovereignty weighed against

27  hauling a foreign national into the U.S.; and (3) the courts should not unnecessarily

28  inconvenience a foreign national by compelling him or her to travel overseas for a

666603

1  deposition. *Id.*  Based on these considerations, the court found "no basis to conclude

2  that the discovery, to be effective, must be conducted within the territorial boundaries

3  of [the U.S.]." *Id.* at 542.

4       As in *Dwelly*, the balancing of factors weighs against compelling Mr. Vargas

5  and Ms. Trueba to travel to Los Angeles for their depositions.  Significantly, Mattel

6  can only point to a ***single*** instance, several years ago, when Mr. Vargas or Ms. Trueba

7  ever visited Los Angeles.  (Khan Decl., ¶ 6, Exh. D, Kuemmerle Depo., 62:19-21,

8  63:11-12.)  Moreover, as Mattel is well aware, Mr. Vargas and Ms. Trueba are

9  prohibited from traveling outside of Mexico without written permission from the

10  Mexican Court.  (Kuemmerle Decl., ¶ 8.)  This is due to Mattel influencing the

11  Mexican authorities to prosecute Mr. Vargas and Ms. Trueba in Mexico.  (*Id.*)

12  Before Mr. Vargas or Ms. Trueba travel, Ms. Kuemmerle, their supervisor, is required

13  to submit a written request to the Court in Mexico seeking permission for either of

14  them to travel outside of Mexico for business and they must await the Court's written

15  permission to do so.  (*Id.*)  Finally, both Mr. Vargas and Ms. Trueba have young

16  children residing with them in Mexico.  (*Id.*, ¶¶ 6-7.)  To require these witnesses to

17  travel to Los Angeles for Mattel's own convenience would be unduly burdensome and

18  unfair to the witnesses.

19      **B.**    <u>**Mattel Must Comply with the Rule 28(b) or the Hague Convention**</u>

20          <u>**To Take The Depositions of Vargas and Trueba in Mexico**</u>

21       Mattel was told more than a year ago that in order to depose Mr. Vargas and

22  Ms. Trueba in Mexico, Mattel must comply with the applicable provisions of the

23  Hague Convention, to which Mexico is a signatory, or other methods provided for by

24  Rule 28, such as a "letter of request."  *See Societe Nationale Industrielle Aerospatiale*

25  *v. U.S. Dist. Ct.*, 482 U.S. 522,  543 (1987) (in determining whether party must utilize

26  provisions of the Hague Convention or other discovery procedures available under

27  Rule 28(b), courts consider the prevention of discovery abuse and the demands of

28

666603

EXHIBIT 5

PAGE 85

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  international comity.).  Mattel neglected and ignored this obligation.  Rule 28

2  provides that a deposition may be taken in a foreign country:

3      (A) under an applicable treaty or convention;

4      (B) under a letter of request, whether or not captioned a "letter

5      rogatory";

6      (C) on notice, before a person authorized to administer oaths either by

7      federal law or by the law in the place of examination; or

8      (D) before a person commissioned by the court to administer any

9      necessary oath and take testimony.

10  Fed. R. Civ. P. 28.

11      As stated in *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. at 413, "a

12  corporate employee or agent who does not qualify as an officer, director, or managing

13  agent is not subject to deposition by notice…. [I]f the witness [subject to subpoena] is

14  overseas, the procedures of the Hague Convention or other applicable treaty must be

15  utilized."  For the reasons stated below, Mr. Vargas and Ms. Trueba are not "managing

16  agents" and their depositions must be sought through a letter of request to the foreign

17  state or in accordance with the Hague Convention.  *See* Fed. R. Civ. P. 28(b).

18  II.  <u>MATTEL'S DEPOSITION NOTICES ARE IMPROPER AS A MATTER</u>

19      <u>OF LAW</u>

20      A.  <u>Vargas and Trueba are Not "Managing Agents"</u>

21      It is well-established law that corporate employees or agents who do not

22  qualify as "officers, directors, or managing agents," like Mr. Vargas and Ms. Trueba,

23  are not subject to deposition by notice under Rule 30.  *Avago Technologies General IP*

24  *PTE Ltd. v. Elan Microelectronics Corp.*, 2007 U.S. Dist. LEXIS 31357 (N.D. Cal.

25  April 17, 2007) (denying motion to compel corporate party to produce witnesses in

26  response to notices of deposition because individuals were not representatives of

27  corporation for purposes of Rule 30 and therefore could not be compelled by mere

28  deposition notices).  Such witnesses must be subpoenaed pursuant to Rule 45 or, if the

666603

MGA PARTIES' OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL
DEPOSITIONS OF VARGAS AND TRUEBA

EXHIBIT 5

PAGE 86

1  witness is overseas, the procedures of the Hague Convention must be utilized.  *U.S. v.*

2  *Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994).  Accordingly, the

3  Court should deny this Motion because Mattel has sought to employ inappropriate

4  procedures to obtain the depositions of Mr. Vargas and Ms. Trueba.

5      The party seeking discovery has the burden of establishing an individual is a

6  "managing agent" of the corporate party.  *Id.* at 413 (finding that discovering party

7  failed to provide sufficient evidence that agents function as managing agents).  As set

8  forth below, Mattel has not (and cannot) meet its burden here.

9      Notably, Mattel does not argue that Mr. Vargas or Ms. Trueba are "officers or

10 directors" of MGA De Mexico.  Rather, Mattel's sole contention is that these

11 witnesses hold the *title* of "Director of Marketing" (Mr. Vargas) or "Director of Sales"

12 (Ms. Trueba) and are thus "managing agents."  But managing agent status is not

13 determined by the title an employee holds.  The law is clear, whether a person is a

14 party's "managing agent," and therefore subject to deposition on notice, depends on

15 several factors:

16     1) whether the individual is invested with general powers allowing
17     him to exercise judgment and discretion in corporate matters;

18     2) whether the individual can be relied upon to give testimony, at his
19     employer's request, in response to the demands of the examining
20     party;

21     3) whether any person or persons are employed by the corporate
22     employer in positions of higher authority than the individual
    designated in the area regarding which the information is sought by
23     the examination;

24     4) the general responsibilities of the individual *"respecting the*
25     *matters involved in the litigation,"*; and

26     5) whether the individual can be expected to identify with the interests
27     of the corporation.

28 *Id.* at 413 (emphasis in original) (citations omitted).

666603

9

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    Several of the foregoing factors point strongly against characterizing Mr.
2 Vargas and Ms. Trueba as "managing agents." Neither Mr. Vargas nor Ms. Trueba has
3 discretion to exercise judgment in MGA De Mexico's corporate matters. In fact, both
4 Mr. Vargas and Ms. Trueba are mid-level employees who act at the direction of others
5 in higher positions at MGA De Mexico regarding its business. For example, Ms.
6 Trueba is supervised by Gustavo Machado, MGA De Mexico's Director of Marketing.
7 (Khan Decl., ¶ 6, Exh. D, Kuemmerle Depo., 97:18-19; Feb. 12, 2009, Declaration of
8 Susana Kuemmerle ("Kuemmerle Decl."), ¶4.) In turn, Mr. Machado reports to
9 Susana Kuemmerle, MGA De Mexico's Vice President. (Khan Decl., ¶ 6, Exh. D,
10 Kuemmerle Depo., 95:3-96:7; Kuemmerle Decl., ¶ 4.) Similarly, Mr. Vargas reports
11 to Susana Kuemmerle. (Khan Decl., ¶ 6, Exh. D, Kuemmerle Depo., 97:12-13;
12 Kuemmerle Decl., ¶ 3.) Moreover, Ms. Trueba cannot be a "managing" agent
13 because no one at MGA De Mexico reports to her. Khan Decl., ¶ 6, Exh. D,
14 Kuemmerle Depo., 97:14-17; Kuemmerle Decl., ¶ 3.) Last, Mattel's effort to mislabel
15 Ms. Trueba as the "Director of Marketing" is erroneous because she is in fact not a
16 "director" at all, but merely "handles" media and public relations. Khan Decl., ¶ 6,
17 Exh. D, Kuemmerle Depo., 97:14-15; Kuemmerle Decl., ¶ 4.)
18    Mattel wrongly asserts that Isaac Larian "admitted that he hired [Vargas and
19 Trueba] to "run MGA Mexico." (Motion, 1:22-23.) However, this is simply another
20 attempt by Mattel to misrepresent the facts in order to further its improper purposes
21 here. The email is dated 2004 and refers to the time when the company started.
22 Moreover, Mr. Larian was simply explaining that these three individuals would be
23 responsible for running the day-to-day operations in Mexico. Now they report to
24 others. They are mid-level employees. As a matter of law, that does make Mr.
25 Vargas or Ms. Trueba a "managing agent," as they have no authority to establish
26 corporate policy. *See U.S. v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 415 (S.D.N.Y.
27 1994) (finding that agents were not "managing agents" because they had no power to
28 exercise judgment in corporate matters). Also, English is Mr. Larian's second

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310.553.3000

666603

EXHIBIT 5
PAGE 88

1  language, he cannot be expected to write emails with the tactical precision of a

2  lawyer.

3       Finally, Mattel has attempted to conflate the parties in this case in an effort to

4  paint Mr. Vargas and Ms. Trueba as "managing agents, officers, and/or directors of an

5  MGA entity." (Khan Decl., ¶ 2, Ex. A).  Mattel's position was soundly undermined by

6  *Reed Paper Co. v. Proctor & Gamble Distributing Co.*, 144 F.R.D. 2 (D. Me. 1992)

7  ("*Reed*"), a case cited in Mattel's own Motion.  In *Reed*, the plaintiff contended that

8  even though the potential deponent was not employed by the defendant corporation at

9  the time of his deposition, he was employed by the umbrella "family of companies

10  and should be considered a 'managing agent' for each member entity."  *Id.* at 4.  In

11  response, the court held that "In order to reach that conclusion, the Court would be

12  required to pierce... [the] corporate veil.  The record in this case does not permit the

13  Court to take such action."  *Id.*  Similarly, in the instant case, the corporate

14  separateness of MGA and MGA De Mexico is undisputed.  Thus, Mattel may not use

15  MGA Entertainment, Inc.'s status as a California corporation as a means to take the

16  disputed depositions in Los Angeles

17  **III.**  **THE MGA PARTIES' OBJECTIONS TO THE DEPOSITIONS ARE**

18       **SUBSTANTIALLY JUSTIFIED AND NO SANCTIONS SHOULD BE**

19       **AWARDED**

20       Mattel seeks sanctions against the MGA Parties, alleging that the MGA Parties'

21  objections to Mattel's invalid deposition notices are wholly unreasonable and subject

22  to sanctions under Rule 37(a)(4) and 28 U.S.C. § 1927.  As an initial matter, Mattel's

23  reference to Rule 37(a)(4) appears to be mistaken.[3]  Nonetheless, assuming that

24  Mattel seeks to invoke Rule 37(a)(5), no such sanctions are appropriate in this case.[4]

25

[3]  Rule 37(a)(4) provides: "For purposes of this subdivision (a), an evasive or

26  incomplete disclosure, an answer, or response must be treated as a failure to disclose,

27  answer or respond."

28  [4]  Rule 37(a)(5) provides, in part: "If the motion is granted... the court must, after

666603  giving an opportunity to be heard, require the party or deponent whose conduct

EXHIBIT 5

PAGE 89

1    Rule 37(a)(5) provides that the "court must not order" payment of discovery-

2   related sanctions if "the opposing party's nondisclosure, response, or objection was

3   substantially justified" or "other circumstances make an award of expenses unjust."

4   "A request for discovery is 'substantially justified' under [Rule 37] if reasonable

5   people could differ as to whether the party requested must comply." *Reygo Pac.*

6   *Corp. v. Johnston Pump Co.*, 680 F.2d 647 (9th Cir. 1982) (reversing order imposing

7   sanctions). As set forth above, the MGA Parties' objections to the disputed

8   deposition notices are grounded in well-established law. Because Mattel cannot point

9   to any conduct by the MGA Parties' counsel that was either vexatious or

10  unreasonable, no sanctions are appropriate. *See Kirshner v. Uniden Corp. of*

11  *America*, 842 F.2d 1074, 1081-1082 (9th Cir. 1988) (holding that attorney who acted

12  reasonably in response to demands by opposing counsel could not be subjected to

13  sanctions).

14    In the instant case, Mattel has improperly noticed depositions of Mr. Vargas

15  and Ms. Trueba, seeking to hail into Los Angeles two mid-level employees of MGA

16  De Mexico who reside in and are citizens of another country. Because Mattel has

17  refused to take the appropriate processes to obtain these depositions, the MGA Parties

18  are substantially justified in objecting to the deposition notices at issue here.

19  **IV.   THE COURT SHOULD IMPOSE SANCTIONS AGAINST MATTEL**

20  **AND ITS COUNSEL FOR DISCOVERY ABUSES**

21    Mattel should be sanctioned for the dirty tricks it employed in bringing its

22  Motion. *Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996)

23  (approving of award of sanctions against plaintiff's counsel for improper discovery

24  practice); *In re Akros Installations, Inc.*, 834 F.2d 1526, 1531 (9th Cir. 1987) (district

25  court may impose sanctions on counsel based upon "the inherent power of the

26  _____

27  necessitated the motion... to pay the movant's reasonable expenses incurred in
    making the motion...."

28

666603

MGA PARTIES' OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL
DEPOSITIONS OF VARGAS AND TRUEBA

EXHIBIT 5

PAGE 90

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  judiciary, or upon the authority conferred by 28 U.S.C. § 1927") (overruled on other,

2  unrelated grounds).  Specifically, Mattel's counsel abused the discovery process by

3  pretending to meet and confer with MGA Parties' counsel, Mr. Khan, but then on

4  February 6, 2009 surreptitiously served their Motion on Patricia L. Glaser, the name

5  partner of Mr. Khan's firm, while she was out of town.  (Khan Decl., ¶¶ 3-4.) Mattel

6  then delayed filing its Motion until February 9, 2009, and then only served the

7  redacted version.  (Khan Decl., ¶¶ 3-4.) By the time MGA's counsel received the un-

8  redacted Motion and accompanying exhibits (which include nearly 600 pages of

9  documents), he had only two days to oppose it.  Mattel refused any reasonable

10  extension to respond to the Motion.  (Khan Decl., ¶ 4, Ex. B.) Mattel also took the

11  position that it was normal procedure to avoid serving the attorney handling the

12  matter with their Motion.  (Khan Decl., ¶ 4, Ex. B.) Accordingly, in addition to

13  sanctions against Mattel for its sharp tactics, Mattel should also be ordered to serve

14  the MGA Parties' attorney with whom they have met and conferred on any motion

15  Mattel files.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

666603

**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL
DEPOSITIONS OF VARGAS AND TRUEBA**

EXHIBIT 5

PAGE 91

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

<u>**Conclusion**</u>

1  
2      Based on the foregoing, the MGA Parties respectfully request that Mattel's

3  Motion to Compel Depositions of Mr. Vargas and Ms. Trueba and Request for

4  Sanctions should be denied in its entirety.  The MGA Parties also respectfully request

5  that the Court impose sanctions on Mattel and its counsel for their discovery abuses in

6  bringing the Motion and to order Mattel to serve the MGA Parties' attorney with

7  whom they have met and conferred on any future motion Mattel chooses to bring in

8  this matter.

9  
10  Dated: February 13, 2009        Patricia L. Glaser  
                          Joel N. Klevens  
11                           GLASER, WEIL, FINK, JACOBS  
                            &amp; SHAPIRO, LLP

12  
                           Russell J. Frackman  
13                           MITCHELL, SILBERBERG &amp; KNUPP, LLP

14  
15  
16                 By:  /s/ Amman A. Khan  
                     Amman Khan  
17                    Attorneys for the MGA Parties  
                    for Phase Two

EXHIBIT 5  
PAGE 92

## PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On February 13, 2009, I served the foregoing document described as:

**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S 2-09-09 MOTION TO COMPEL DEPOSITIONS OF VARGAS AND TRUEBA AND REQUEST FOR SANCTIONS**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

### PLEASE SEE ATTACHED SERVICE LIST

☐ (BY MAIL)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY OVERNIGHT DELIVERY SERVICE)  I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows.  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☒ (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the offices of the above named addressee.

☒ (BY EMAIL)  I caused such documents to be delivered via email to the addressee(s).

☐ (BY FACSIMILE)  I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 13th day of February, 2009, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Lora Anderson

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666603

15

EXHIBIT 5

PAGE 93

1

**SERVICE LIST**

2

3    Jon D. Corey, Esq.
(joncorey@quinnemanuel.com)

4    Michael T. Zeller, Esq.
(michaelzeller@quinnemanuel.com)

5    John Quinn, Esq.
(johnquinn@quinnemanuel.com)
Quinn Emanuel Urquhart Oliver & Hedges, LLP

6    865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

7    **[By Personal Service]**

8    Russell J. Frackman, Esq.
(rjf@msk.com)

9    Patricia H. Benson, Esq.
(phb@msk.com)

10   Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.

11   Los Angeles, CA 90067
(310) 312-2000

12   **[By E-mail ]**

13   Thomas J. Nolan, Esq.
(tnolan@skadden.com)

14   Raoul D. Kennedy, Esq.
(rkennedy@skadden.com)

15   Jason D. Russell, Esq.
(Jason.russell@skadden.com)

16   Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400

17   Los Angeles, CA 90071-3144
(213) 687-5000

18   **[By E-mail]**

19   Robert C. O'Brien
Arent Fox

20   555 West Fifth Street,

21   48h Floor
Los Angeles, CA  90013

22   **[By Personal Service]**

23

24

25

26

27

28

666603

MGA PARTIES' OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL
DEPOSITIONS OF VARGAS AND TRUEBA

EXHIBIT 5

PAGE 94

LODGED

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 090378)
     johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100

2009 FEB 19  PH 2: 50

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   EASTERN DIVISION

| | |
|---|---|
| 11  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 12        Plaintiff, | Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727 |
| 13      vs. | **DISCOVERY MATTER** |
| 14  MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master<br>Robert C. O'Brien Pursuant To<br>Order Of January 6, 2009]** |
| 15        Defendant. | |
| 16  AND CONSOLIDATED ACTIONS | REPLY IN SUPPORT OF MATTEL,<br>INC.'S MOTION TO COMPEL<br>DEPOSITIONS OF PABLO VARGAS<br>AND MARIANA TRUEBA; AND<br>REQUEST FOR SANCTIONS |
| 17 | |
| 18 | |
| 19 | [Supplemental Declaration of Michael T.<br>Zeller filed concurrently] |
| 20 | |
| 21 | Hearing Date:  March 19, 2009 |
| 22 | Time:        10:00 a.m.<br>Place:       Arent Fox |
| 23 | 555 West Fifth St.<br>48th Floor<br>Los Angeles, CA 90013 |
| 24 | |
| 25 | **Phase 2**<br>Discovery Cutoff:   Dec. 11, 2009 |
| 26 | Pre-trial Conference: March 1, 2010<br>Trial:           March 23, 2010 |

27          <u>**CONFIDENTIAL—ATTORNEY'S EYES ONLY**</u>

28       <u>**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**</u>

00505 07209/2800237.1

EXHIBIT 6

PAGE 95

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................1

ARGUMENT .....................................................................................................2

I.    THE COURT SHOULD COMPEL VARGAS AND TRUEBA TO
ATTEND THEIR DEPOSITIONS IN LOS ANGELES ...................................2

    A.    Vargas And Trueba Are Managing Agents Of MGA Mexico................2

        1.    Vargas and Trueba have discretion to exercise judgment in
MGA Mexico's corporate matters.................................................2

        2.    Vargas and Trueba can be expected to identify with the
interests of MGA Mexico and can be depended on to give
testimony at its direction.............................................................5

        3.    The remaining factors weigh in Mattel's favor.............................6

    B.    Because Vargas and Trueba Are Managing Agents, The
Requirements Of The Hague Convention And Letters Of Request
Do Not Apply ........................................................................................8

    C.    The MGA Parties Have Failed To Show Undue Burden If The
Depositions Take Place In Los Angeles ...............................................8

II.    THE MGA PARTIES SHOULD BE SANCTIONED...................................11

CONCLUSION ...............................................................................................12

00505.07209/2800237.1

-i-

REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND
MARIANA TRUEBA; AND REQUEST FOR SANCTIONS

EXHIBIT 6

PAGE 96

## TABLE OF AUTHORITIES

**Page**

**Cases**

Afram Export Corp. v. Metallurgiki Halyps, S.A.,
 772 F.2d 1358 (7th Cir. 1985) ................................................................. 10

Boston Diagnostics Development Corp., Inc. v. Kollsman Mfg. Co.,
 123 F.R.D. 415 (D. Mass. 1988) ............................................................... 7

Cadent Ltd. v. 3m Unitek Corp.,
 232 F.R.D. 625 (C.D. Cal. 2005) ......................................................... 8, 10

Custom Form Mfg. v. Omron Corp.,
 196 F.R.D. 333 (N.D. Ind. 2000) .............................................................. 9

Delphi Automotive Systems LLC v. Shinwa Intern. Holdings Ltd.,
 2008 WL 2906765 (S.D. Ind. July 23, 2008) ........................................... 8

Dwelly v. Yamaha Motor Corp.,
 214 F.R.D. 537 (D. Minn. 2003), cited by the MGA Parties ................... 11

Founding Church of Scientology of Washington, D.C. v. Webster,
 802 F.2d 1448 (D.C. Cir. 1986) ................................................................. 7

HTC Corp. v. Technology Properties,
 2008 WL 5244905 (N.D. Cal. Dec. 16, 2008) .......................................... 9

In re Honda American Motor Co.,
 168 F.R.D. 535 (D. Md. 1996) ................................................................... 7

Mediatek, Inc. v. Sanyo Electronic Co. Ltd.,
 2006 WL 5709449 (E.D. Tex. August 9, 2006) ........................................ 9

New Medium Techs. LLC v. Barco, N.V.,
 242 F.R.D. 460 (N.D. Ill. 2007) ........................................................... 8, 9

Reed Paper Co. v. Procter & Gamble Distributing Co.,
 144 F.R.D. 2 (D. Me. 1992) ....................................................................... 5

Rubio v. General Tire and Rubber Co.,
 18 F.R.D. 51 (S.D. N.Y. 1955)) (citing cases ............................................ 5

Salve Regina College v. Russell,
 499 U.S. 225 (1991) ................................................................................. 11

South Seas Catamaran, Inc. v. Motor Vessel "Leeway",
 120 F.R.D. 17 (D.N.J. 1988) ................................................................... 11

Sugarhill Records, Ltd. v. Motown Record Corp.,
 105 F.R.D. 166 (S.D.N.Y 1985) ................................................................ 5

00505.07209/2800237 1

-ii-

REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA; AND REQUEST FOR SANCTIONS

EXHIBIT 6

PAGE 97

Tomingas v. Douglas Aircraft Co.,
    45 F.R.D. 94 (S.D.N.Y. 1968)...............................................................7

U.S. v. Afram Lines (USA), Ltd.,
    159 F.R.D. 408 (S.D.N.Y. 1994)..................................................4, 6, 7, 8

**Statutes**

Fed. R. Civ. P. Rule 30 ..............................................................................5

Fed. R. Civ. P. Rule 37(a)(5) ...................................................................11

28 U.S.C. § 1927.......................................................................................11

EXHIBIT 6

PAGE 98

00505 0720/2800237 1

### Preliminary Statement

Mattel's motion to compel the depositions of Pablo Vargas San Jose ("Vargas") and Mariana Trueba Almada ("Trueba") is not based on either of the "flawed" or "incorrect" legal propositions the MGA Parties seek to ascribe to it. It is based on the Federal Rules of Civil Procedure, which provide that a deposition notice is sufficient to compel the deposition of an officer, director or managing agent of a corporate defendant. Not even the MGA Parties dispute this well-established rule. Nor do they present any evidence to dispute Mattel's showing that Vargas and Trueba are managing agents. They attempt to explain away the e-mail from Isaac Larian in which he admits that Vargas, Trueba and Machado "will run" MGA Mexico by claiming that English is Mr. Larian's second language. Even apart from the facts that Larian has been in the United States for decades (since he was a teenager) and testified fluently in English at deposition and the Phase 1 trial, the MGA Parties fail to submit a declaration from Larian or any other evidence that the e-mail did not mean exactly what it said. They also ignore their own prior sworn testimony and other documents produced in this lawsuit which all point to the conclusion that they exercise judgment and discretion in carrying out their duties at MGA Mexico.  They do not even address the other factors that courts consider in determining managing agent status, all of which weigh heavily in Mattel's favor. Instead, they suggest that Judge Larson has already ruled on this issue when, in fact, he expressly stated that he was not "passing any judgment" and that it would be decided by the Discovery Master.  Any doubts regarding Vargas' and Trueba's status as managing agents are to be resolved in Mattel's favor at this stage of the litigation. There can be no doubt here. Vargas and Trueba are managing agents of defendant MGA de Mexico.

The MGA Parties also fail to present any evidence to show undue burden or hardship if the depositions proceed in Los Angeles as noticed. Their only argument is that Vargas and Trueba must obtain permission from the Mexico court before traveling to the United States due to the ongoing criminal prosecution for their theft of Mattel's

-1-

EXHIBIT 6

PAGE 99

1   trade secrets.  That is hardly a reason for excusing them for appearing for deposition in

2   Los Angeles in this matter.  Moreover, when Mr. Machado made this same argument in

3   his unsuccessful opposition to Mattel's motion to compel his deposition, Mattel

4   demonstrated that he was granted leave from the Mexico court to travel to the United

5   States for MGA business the same day he requested it.  This procedure did not prevent

6   the Court from ordering Mr. Machado to appear in Los Angeles for his deposition or

7   him from appearing here after it did.

8        Unable to mount any credible opposition on the merits, the MGA Parties accuse

9   Mattel of engaging in "dirty tricks" in serving and filing its motion.  These accusations

10  are frivolous.  Mattel served the motion on four separate counsel for the MGA Parties

11  and followed all established service and filing procedures.  The MGA Parties do not

12  identify a single rule, order or stipulation that Mattel purportedly did not follow and

13  there is none.  Vargas and Trueba should be ordered to appear for deposition in

14  Los Angeles and the MGA Parties should be sanctioned for the obstructionist conduct.

15                                   **Argument**

16  I.    **THE COURT SHOULD COMPEL VARGAS AND TRUEBA TO ATTEND**

17        **THEIR DEPOSITIONS IN LOS ANGELES**

18        A.    **Vargas And Trueba Are Managing Agents Of MGA Mexico**

19              1.    **Vargas and Trueba have discretion to exercise judgment in**

20                    **MGA Mexico's corporate matters**

21        The MGA Parties assert that "neither Mr. Vargas nor Ms. Trueba has discretion

22  to exercise judgment in MGA De Mexico's corporate matters." (Opp. at 10.)  Their

23  own documents and prior sworn testimony show otherwise.  The MGA Parties ignore

24  the prior declaration from Larian in which he admits that he recruited Vargas and

25  Trueba, along with Mr. Machado, "to start up the sales and marketing operations of

26

27                                              EXHIBIT _6_

28                                              PAGE _100_

00505 07209/2800237 1

-2-

REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND
MARIANA TRUEBA; AND REQUEST FOR SANCTIONS

1  MGA Mexico."[1]  They attempt to explain away the e-mail in which Larian confirms
2  that Vargas, Trueba and Machado "will run" MGA Mexico, claiming that "English is
3  Mr. Larian's second language" and that he cannot be expected to write emails with the
4  tactical precision of a lawyer."  (Opp. at 10-11.)  But "will run" requires no tactical
5  precision or a Ph.D. in English.  Mr. Larian has been living in the United States and
6  thus speaking English for decades; he regularly conducts business in English as his own
7  emails show; and he also testified fluently in English at his deposition and trial
8  testimony in the Phase 1 trial. But even apart from the facial implausibility of their
9  current claim, the MGA Parties submit no declaration from Larian that the e-mail did
10  not mean exactly what it said and concede that Larian was "explaining that these three
11  individuals would be responsible for running the day-to-day operations in Mexico."
12  (Opp. at 10.)  They argue that the e-mail "refers to the time when the company was
13  started" but fail to submit a declaration or any other evidence showing that this is no
14  longer the case.

15       The MGA Parties also ignore Ms. Kuemmerle's deposition testimony that MGA
16  Mexico's management team is "so tight a group" that Kuemmerle, Vargas, Trueba and
17  Machado are "all forced to multitask" and, for example, set the prices for MGA
18  Mexico's products through a "combined team effort."[2]  The MGA Parties claim that
19  Mattel mischaracterizes Ms. Kuemmerle's prior declaration regarding the individuals
20  responsible for the day-to-day operation of MGA Mexico.  (Opp. at 5.)  But in her
21  current declaration Ms. Kuemmerle does not dispute that Vargas and Trueba were
22  among those referenced in the prior declaration or otherwise deny that they are
23  responsible for day-to-day operations of the company.

24
25
26

27  [1] Declaration of Michael T. Zeller, dated February 6, 2009 ("Zeller Dec."), Exh. 5.
28  [2] Deposition of Susana Kuemmerle, dated January 28, 2008 ("Kuemmerle Tr.") at 91:8-14, 135:8-136:5, Zeller Dec., Exh. 9.

EXHIBIT 6

1    The MGA Parties also do not dispute that Vargas, as Director of Sales, manages

2    8 to 9 other employees[3] and fail to address the documentary evidence submitted by

3    Mattel which shows that he negotiates and enters into agreements with retailers like

4    Wal-Mart on the company's behalf and that even Larian defers to Vargas in such

5    matters as approving the sale of inventory.[4]

6    Apart from Ms. Kuemmerle's wholly conclusory assertion that are they not

7    managing agents, the MGA Parties' sole argument boils down to Ms. Kuemmerle's

8    claim that Vargas and Trueba report to others at MGA Mexico (Vargas to Kuemmerle

9    and Trueba to Machado). But that is not the test for determining managing agent status,

10    and MGA fails to cite to a single case which holds that it is. See U.S. v. Afram Lines

11    (USA), Ltd., 159 F.R.D. 408 (S.D.N.Y. 1994) ("Whether a proposed deponent falls into

12    a particular category of employees or agents is . . . less relevant than the individual's

13    specific functions and authority.")    If it were the test, then only the highest level

14    officers in the corporate hierarchy would qualify and the provision allowing for the

15    deposition of "managing agents" of a corporate party (in addition to officers and

16    directors) by notice would be superfluous.

17

18

19

20    [3] Id. at 97:5-15; Zeller Dec., Exh. 9.
     [4] Zeller Dec., Exhs. 10 and 11. Because the MGA Parties cannot dispute the facts,
21    it accuses Mattel of misrepresenting them. Their accusations have no merit. The MGA
     Parties' claim that Mattel "falsely asserts" that Trueba is MGA Mexico's Director of
22    Marketing. (Opp. at 4.) Yet, Trueba previously submitted a sworn declaration stating
     that her title at MGA Mexico is Director of Marketing. (Declaration of Mariana Trueba
     Almada, dated April 11, 2007, Supp. Zeller Dec., Exh. A.) The MGA Parties accuse
23    Mattel of presenting the allegations of its second amended counterclaim as fact (Opp. at
     4), but the section of Mattel's motion they point to is clearly called "Mattel's *allegations*
24    of trade secret theft by Vargas and Trueba" and every single citation in that section is to
     Mattel's second amended counterclaim. (See Mattel's motion at 2:20- 4:12.) They also
25    claim that Mattel's statement that "Larian personally extended written employment
     contracts to Vargas and Trueba" is false because the contracts were signed on the
26    company's behalf by someone else. (Opp. at 4.) However, they fail to point out that the
     offer letters themselves are from Mr. Larian. (See Zeller Dec., Exhs. 3 and 7.) Nor do
27    they dispute the lucrative terms of Vargas' and Trueba's employment agreements or
     that their compensation far exceeded that which they were paid at Mattel.
28

EXHIBIT **6**

PAGE 102

2. **Vargas and Trueba can be expected to identify with the interests of MGA Mexico and can be depended on to give testimony at its direction**

The MGA Parties previously acknowledged that courts use the three-part test set forth in Mattel's motion to identify managing agent for purposes of <u>Rule</u> 30.[5] The MGA Parties do not dispute that the other two factors weigh in favor of a determination that Vargas and Trueba are managing agents. Thus, they make no attempt to dispute that, as part of the "tight" group that founded MGA Mexico and who are alleged to have acted in concert with the MGA Parties to steal Mattel's trade secrets, Vargas and Trueba "can be expected to identify with . . . the interests of [MGA] rather than those of [Mattel]" or that they "could be depended upon to carry out [their] employer's direction to give testimony at the demand of a party engaged in litigation with the employer." <u>Reed Paper Co. v. Procter & Gamble Distributing Co.</u>, 144 F.R.D. 2, 4 (D. Me. 1992) (quoting <u>Rubio v. General Tire and Rubber Co.</u> 18 F.R.D. 51, 56 (S.D. N.Y. 1955)) (citing cases). That Trueba can be depended upon to carry out MGA's direction to give testimony is further evidenced by the fact that she has *already* provided sworn testimony at MGA Mexico's direction in connection with the company's unsuccessful motion to dismiss Mattel's complaint on personal jurisdiction grounds.[6] <u>See</u> <u>Sugarhill Records, Ltd. v. Motown Record Corp.</u>, 105 F.R.D. 166, 171 (S.D.N.Y 1985) (finding employee of corporate defendant to be managing agent where "it is clear that Motown trusts Boyce to give testimony on its behalf as evidenced by the fact that Motown itself

---

[5] <u>See</u> MGA's and Carter Bryant's Opposition to Mattel's Ex Parte Applications to Compel Additional Depositions, dated January 30, 2008 at 15, Zeller Dec., Exh. 57. In its Opposition, MGA cites to a five-part test. As shown below, the additional two factors they cite also weigh in favor of finding that Vargas and Trueba are managing agents.
[6] Declaration of Mariana Trueba Almada, dated April 11, 2007, Supp. Zeller Dec., Exh. A.

EXHIBIT 6

PAGE 103

1  called upon her to provide testimony, in the form of an affidavit, in opposition to

2  Sugarhill's motion for a preliminary injunction.").[7]

3  ### 3.    The remaining factors weigh in Mattel's favor

4      The MGA Parties cite two additional factors--whether any persons are employed

5  by the corporate employer in positions of higher authority "in the area regarding which

6  the information is sought by the examination" and the general responsibilities of the

7  individual "respecting the matters involved in the litigation." (Opp. at 9.) Both of these

8  factors also weigh in favor of finding that Vargas and Trueba are managing agents for

9  purposes of their depositions in this lawsuit.  Mattel alleges that Vargas and Trueba,

10  along with Machado, conspired with the MGA Parties to steal Mattel's trade secrets.

11  Certainly, Vargas and Trueba are in as good a position as anyone at MGA Mexico to

12  testify regarding their participation in the theft and will be called upon by the MGA

13  Parties to testify at trial on their behalf.[8]

14      Moreover, their responsibilities at MGA Mexico correspond with the nature of

15  the trade secrets alleged to have been stolen.  For example, Vargas is the Director of

16  Sales at MGA Mexico and many of the stole trade secrets pertain to sales, including

17  daily sales data for Mattel products, sales projections and estimates, documents

18  analyzing changes in sales performance, customer discounts and terms of sale and the

---

[7]  Afram, cited by MGA, is distinguishable.  There, the parties sought to be deposed as managing agents were separate corporations hired as independent contractors to serve as the defendant shipping company's overseas port agents.  The court noted that these entities could not be expected to identify with defendant's interests because the defendant and the deponents did not even stand in an employer-employee relationship, the defendant did not have the control over the deponents that an employer has over its employees and the deponents may represent numerous other shipping companies with interests antagonistic to the defendant's.  159 F.R.D at 414-15.  None of these facts are present here.

[8]  MGA Entertainment, Inc.'s Supplemental Disclosures and MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. De C.V., and Isaac Larian's Initial Disclosures Under Rule 26(a)(1), dated September 21, 2007 at 15, Zeller Dec., Exh. 59.

REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA; AND REQUEST FOR SANCTIONS

EXHIBIT 6

104

1    like.[9]  Similarly, regardless of her title, the MGA Parties admit that Trueba is

2    responsible for media and public relations at MGA Mexico; other stolen trade secrets

3    include media plans, budgets for advertising and promotional expense, advertising

4    expenditures and assessments of promotional campaigns.[10]  Vargas and Trueba are

5    clearly in a superior position to testify regarding the extent to which these trade secrets

6    were utilized by MGA Mexico.  See Boston Diagnostics Development Corp., Inc. v.

7    Kollsman Mfg. Co., 123 F.R.D. 415, 416-17 (D. Mass. 1988) (engineer with decision-

8    making authority for project at issue in litigation was managing agent for purposes of

9    giving testimony regarding the project "even though he was responsible to higher

10    authority to some extent"); Tomingas v. Douglas Aircraft Co., 45 F.R.D. 94, 96-97

11    (S.D.N.Y. 1968) (engineers who were responsible for investigation at issue in litigation

12    "may not be 'managing agents' in the course of their everyday duties for the defendant

13    corporation" but "they are 'managing agents' for the purpose of giving testimony

14    regarding the accident investigation.").

15        Mattel need only present enough evidence "to show that there is at least a close

16    question whether" Vargas and Trueba are managing agents of MGA Mexico.  Afram,

17    159 F.R.D. at 413.  Any "doubt about an individual's status as a 'managing agent,' at

18    the pre-trial discovery stage, are to be resolved in favor of the examining party."  In re

19    Honda American Motor Co., 168 F.R.D. 535, 540 (D. Md. 1996) (citing Founding

20    Church of Scientology of Washington, D.C. v. Webster, 802 F.2d 1448, 1452 n. 4 (D.C.

21    Cir. 1986).[11]  Here, it is not a close question.  Vargas and Trueba are clearly managing

22

23

24    [9]  Mattel, Inc.'s Second Amended Answer and Counterclaims (public redacted
version; exhibits omitted), dated July 12, 2007, ¶¶ 48-49, Zeller Dec., Exh. 1.
       [10]  Id.
25    [11]  As the court stated in Afram, "it promotes judicial economy to proceed with a
26    deposition by notice when the only pre-trial consequence of determining the deponent's
status is whether he will be served with a subpoena and tendered a witness fee. . . .
27    [S]ince a current employee of a party is within that party's practical control, it is often
sensible to require the employee to appear pursuant to notice while deferring the
28    question of whether his testimony will bind the employer." 159 F.R.D. at 414.

REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND
MARIANA TRUEBA; AND REQUEST FOR SANCTIONS

00505 07209/2800237 1

EXHIBIT 6

PAGE 105

1    agents of MGA Mexico.  The MGA Parties have presented no competent evidence to

2    the contrary.

3    **B.**    **Because Vargas and Trueba Are Managing Agents, The**

4           **Requirements Of The Hague Convention And Letters Of Request Do**

5           **Not Apply**

6         The MGA Parties concede that a notice of deposition is sufficient to compel the

7    deposition of an officer, director or managing agent of a corporate party even if the

8    witness resides in a foreign country.  Cadent Ltd. v. 3m Unitek Corp., 232 F.R.D. 625,

9    627-28 (C.D. Cal. 2005);  Afram, 159 F.R.D. at 413.  Because, at this stage of the

10   proceedings, Vargas and Trueba are properly deemed managing agents of MGA

11   Mexico, Mattel need not proceed under the Hague Convention or obtain letters of

12   request in order to take their depositions.[12]

13   **C.**    **The MGA Parties Have Failed To Show Undue Burden If The**

14           **Depositions Take Place In Los Angeles**

15        The MGA Parties do not dispute that "[a] party may unilaterally choose the place

16   for deposing the opposing party" or that they have the burden of showing good cause

17   for why the depositions should be held elsewhere.  See Cadent, 232 F.R.D. at 628-29.

18   The MGA Parties offer no evidence to carry their burden and instead rely on a "general

19   presumption that the deposition of a corporate party should be taken at its place of

20   business." (Opp. at 5.)  The MGA Parties fail to mention that courts, including in a

21   number of the decisions they cite, have described this so-called "presumption" as

22   merely a general rule that "facilitates determination when other relevant factors do not

23   favor one side over the other."  Delphi Automotive Systems LLC v. Shinwa Intern.

24   Holdings Ltd., 2008 WL 2906765 (S.D. Ind. July 23, 2008) (citing cases); New

25   _____

26   [12] The MGA Parties argument that Mattel must "pierce the corporate veil" of MGA
     Mexico to proceed by deposition notice because of the "corporate separateness of MGA
27   and MGA De Mexico" (Opp. at 11) has no merit.  MGA Mexico is a party to this
     lawsuit and subject to the jurisdiction of this Court.  See Order Re Motions Heard On
28   June 11, 2007 at 26-30, Supp. Zeller Dec., Exh. H.

-8-

REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND
MARIANA TRUEBA; AND REQUEST FOR SANCTIONS   EXHIBIT 6

PAGE 106

1  Medium Techs. LLC v. Barco, N.V., 242 F.R.D. 460, 466 (N.D. Ill. 2007) (noting that

2  "this is not a presumption at all.  Indeed, it is the antithesis of a presumption.").[13]

3        Here, the relevant factors all weigh in favor of holding the depositions in

4  Los Angeles, where they were noticed.  The MGA Parties do not dispute that counsel

5  for all parties, including MGA Mexico, are located in Los Angeles.  See

6  Mediatek, Inc. v. Sanyo Electronic Co. Ltd., 2006 WL 5709449 (E.D. Tex. August 9,

7  2006) (ordering depositions of Japanese corporate defendant to take place in California

8  and noting that "it would be much easier for those witnesses to travel to California for

9  deposition than for the gaggle of attorneys on both sides to travel to Japan").  Nor do

10 they dispute that requiring the depositions to take place in Mexico would compromise

11 the Court's ability to resolve disputes, which the record of obstructionist conduct by the

12 defendants in this matter indicate are likely to arise.  See Custom Form Mfg. v. Omron

13 Corp., 196 F.R.D. 333, 336-37 (N.D. Ind. 2000) (if depositions take place in Japan,

14 "this court's authority to intervene, should it become necessary, is compromised"); New

15 Medium, 242 F.R.D. at 467 (ordering depositions of Japanese corporate defendant to

16 take place in Chicago where action was pending and noting that "an antecedent history

17 of contentiousness is a sufficient . . . basis on which to require a deposition in a locale

18 where judicial supervision will be available").  The MGA Parties argue that, based on

19 the limited Phase 2 discovery conducted to date, Mattel has presented evidence of only

20 one trip by Vargas and Trueba to Los Angeles where MGA maintains its headquarters.

21 (Opp. at 7.)   Notably, however, they do not dispute that Vargas and Trueba do travel

22 to Los Angeles.  Not even Ms. Kuemmerle, who purports to supervise Vargas and

23 Trueba, disputes that they travel here in connection with their employment.

24       The Kuemmerle declaration is devoid of any evidence that it would impose a

25 hardship for Vargas and Trueba to travel to Los Angeles.  Indeed, Ms. Kuemmerle and

26

27     [13] One of the cases cited by the MGA Parties, HTC Corp. v. Technology Properties, 2008 WL 5244905 (N.D. Cal. Dec. 16, 2008), was designated "not for

28 citation."

00505 07209/2800237 1

-9-

REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA; AND REQUEST FOR SANCTIONS

EXHIBIT 6

PAGE 107

1   Mr. Machado both traveled to Los Angeles for their depositions with no apparent

2   hardship to MGA Mexico.[14]  Kuemmerle notes that Vargas and Trueba have young

3   children, but conspicuously absent is a declaration from Vargas or Trueba that they

4   would suffer any hardship if they were deposed in Los Angeles. Kuemmerle also states

5   that, due to the ongoing criminal prosecution for the theft of Mattel's trade secrets,

6   Vargas and Trueba are prohibited from traveling outside of Mexico without written

7   permission from the Mexican court.[15]  She fails to demonstrate, however, that this

8   would require anything more than submitting "a written request to the Court in

9   Mexico." When Mr. Machado made this same unsuccessful argument in opposition to

10  Mattel's motion to compel his deposition, Mattel was able to show that he was granted

11  leave from the Mexico court to travel to the United States for MGA marketing meetings

12  the same day he requested it.[16]  Nor did that procedure interfere with his ability to travel

13  to Los Angeles when the Court ordered him to appear here for his deposition.[17]

14      Vargas and Trueba should also be ordered to appear for their depositions in

15  Los Angeles as noticed.  See Cadent, 232 F.R.D. at 629 (ordering officers and

16  managing agents of corporate party who resided in Israel and New Jersey to appear for

17  deposition in Los Angeles where there were no declarations demonstrating undue

18  burden); see also Afram Export Corp. v. Metallurgiki Halyps, S.A., 772 F.2d 1358,

19  1365 (7th Cir. 1985) (affirming order that Greek corporation's president be deposed in

20  the United States where corporation made no showing of hardship) abrogated on other

21

22  [14]   See Kuemmerle Tr. (cover), Zeller Decl., Ex. 9; See the deposition transcript of Gustavo Machado (cover), Supp. Zeller Decl., Ex. B.

23  [15]   The MGA Parties assert that Mattel "influenced" Mexican authorities to prosecute Vargas and Trueba in Mexico. (Opp. at 1.)  They cite to no evidence to

24  support this bald assertion, which if anything only serves to underscore the importance of deposing these witnesses in advance of the Phase 2 trial where MGA has now made

25  clear it hopes to air these allegations. In any event, it is undisputed Mexican authorities found thousands of pages of confidential Mattel documents at the offices of MGA

26  Mexico. Mattel, not MGA Mexico, Vargas or Trueba is the victim of that theft.

    [16]   See Third Supplemental Declaration of Jon Corey in Support of Mattel, Inc.'s

27  Motion to Compel Deposition of Carlos Gustavo Machado Gomez dated January 14, 2008, attached to Supp. Zeller Dec. as Exh. C.

28  [17]   See Court's Order, dated September 2, 2009, Supp. Zeller Decl., Exh. D.

EXHIBIT 6

PAGE 108

1  grounds, <u>Salve Regina College v. Russell</u>, 499 U.S. 225, 235-240 (1991); <u>South Seas</u>

2  <u>Catamaran, Inc. v. Motor Vessel "Leeway"</u>, 120 F.R.D. 17, 21 n.5 (D.N.J. 1988)

3  ("courts have often required corporate defendants to produce their officers or agents for

4  depositions at locations other than the corporation's principal place of business where

5  there has been no showing that the defendant will suffer any resulting financial

6  hardship.").[18]

7  **II.      THE MGA PARTIES SHOULD BE SANCTIONED**

8       Sanctions against the MGA Parties are warranted under <u>Rule</u> 37(a)(5) and 28

9  U.S.C. § 1927. Without substantial justification, they have refused to produce Vargas

10  and Trueba for deposition on two separate occasions and in the process have delayed

11  Mattel's ability to obtain relevant discovery for more than a year. Even now, the MGA

12  Parties fail to present any evidence, other than conclusory statements, of even a close

13  question as to whether Vargas and Trueba are managing agents of MGA Mexico with

14  respect to issues presented in Phase 2 of this lawsuit. Moreover, the record shows that

15  this is part of a larger pattern of conduct designed to obstruct Mattel from taking the

16  depositions of key witnesses in this case.[19]  The MGA Parties should be sanctioned to

17  deter the continuation of this pattern of obstructionist conduct.

18

19  _____

20  [18]  <u>Dwelly v. Yamaha Motor Corp.</u>, 214 F.R.D. 537 (D. Minn. 2003), cited by the

21  MGA Parties, is distinguishable. There, the court determined on the record before it that the Japanese corporate defendant had shown it would suffer undue burden by producing a fourth 30(b)(6) witness for deposition in the United States but nonetheless

22  noted that "[o]ur ruling would have been different, absent the Defendants' representation that they were waiving any insistence on adherence to Japanese

23  procedures if the deposition were taken in Japan." <u>Id.</u> at 541.

24  [19]  The MGA parties claim that the history of their obstructionist conduct is based on "totally false assertions." (Opp. at 3.) However, the record in this regard, including the numerous court orders compelling discovery and awarding sanctions, speaks for

25  itself. For example, the MGA Parties claim that Mattel's statement that "it took two Court orders and an award of sanctions before Isaac Larian deigned to appear for

26  deposition" is "totally false" and "unsupported by anything attached to Mattel's Motion"

27  when in fact Mattel has submitted the orders themselves and they show exactly that. <u>See</u> Court Orders dated March 23, 2005 and Court's Civil Minutes of June 16, 2006,

28  Zeller Dec., Exh. 23.

-11-

EXHIBIT 6

PAGE 109

1    In an effort to divert attention from their own misconduct, the MGA Parties

2  argue that Mattel should be sanctioned for "the dirty tricks it employed" in bringing this

3  Motion.  Their accusations are devoid of merit.  Mattel did not "pretend" to meet and

4  confer.  The record shows that the parties participated in several phone calls and

5  exchanged no fewer than four meet and confer letters before Mattel filed its motion.[20]

6  The MGA Parties' counsel made clear that it would not produce Vargas or Trueba for

7  deposition unless Mattel served them through the Hague Convention or obtained letters

8  of request.[21]  Nor did Mattel "surreptitiously" serve its motion.  To the contrary, on

9  February 6, 2009, Mattel served *all three law firms*--including the Glaser Weil firm--

10 representing the MGA Parties while concurrently filing the motion with the Discovery

11 Master.[22]  The following court day, February 9, 2009, Mattel manually filed the motion

12 under seal with the District Court and e-filed a publicly redacted version.[23]  In so doing,

13 Mattel followed the procedures set forth in the Court's order dated January 9, 2008 (the

14 order then governing the service and filing of discovery motions).[24]  The MGA Parties

15 do not identify a single Rule, order or stipulation that Mattel purportedly failed to

16 comply with, and there are none.

17                                **Conclusion**

18    For the foregoing reasons, Mattel respectfully requests that its motion be granted

19 in its entirety.

20 DATED: February 19, 2009          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
21                                  By
22                                     Jon D. Corey
23                                     Attorneys for Mattel, Inc.

24

25  [20]  Zeller Dec., Exh. 22.
    [21]  Id. at 264-65, fn. 1.
26  [22]  Proof of Service, dated February 6, 2009, Supp. Zeller Dec., Exh. E.
    [23]  ECF Notice of Electronic Filing, dated February 9, 2009, Supp. Zeller Dec.,
27 Exh. F.
    [24]  See Court Order, dated January 9, 2008, Supp. Zeller Dec., Exh. G.
28

00505 07209/2800237 1

                                       -12-

EXHIBIT _6_

PAGE _110_

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. CV 04-09039 Case No. CV 05-02727 |
| vs. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Robert C. O'Brien Pursuant To Order Of January 6, 2009]** |
| Defendant. | PROOF OF SERVICE |
| AND CONSOLIDATED ACTIONS | Hearing Date: March 19, 2009 Time: 10:00 a.m. Place: Arent Fox LLP, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013 |
| | **Phase 2** Discovery Cutoff: December 11, 2009 Pre-trial Conference: March 1, 2010 Trial Date: March 23, 2010 |

EXHIBIT 6

PAGE 111

PROOF OF SERVICE.

1

**PROOF OF SERVICE**

2     I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3     Street, 10th Floor, Los Angeles, California 90017-2543.

4     On February 19, 2009, I served true copies of the following document(s) described as **SEE ATTACHED DOCUMENT LIST** on the parties in this action as follows:

5

6     Robert Herrington, Esq.                     Jason Russell, Esq.
      Skadden Arps Slate Meagher & Flom          Skadden Arps Slate Meagher & Flom

7     'Robert.Herrington@skadden.com';           'Jason.Russell@skadden.com';

8

      Patricia Glaser, Esq.                       Russell J. Frackman, Esq.

9     Glaser Weil Fink Jacobs & Shapiro, LLP.    Mitchell Silberberg & Knupp, LLP.
      'pglaser@glaserweil.com';                   'rjf@msk.com'

10

11    Amman A. Khan, Esq.
      Glaser Weil Fink Jacobs & Shapiro, LLP.

12    akhan@glaserweil.com

13

14    **BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from rachelfiset @quinnemanuel.com on February 19, 2009, by transmitting a PDF format copy of such

15    document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported

16    as complete and without error.

17        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18
          Executed on February 19, 2009, at Los Angeles, California.
19

20

21                                                /s/ Rachel Fiset
                                                  RACHEL FISET
22

23

24

25

26

27

28

07209/2789665 1

EXHIBIT 6

PAGE 112

1

2

3                          <u>DOCUMENT LIST</u>

4        (1)    REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL
DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA; AND REQUEST FOR
5 SANCTIONS

6        (2)    MATTEL, INC.'S RESPONSE TO THE MGA PARTIES' EVIDENTIARY
OBJECTIONS AND REQUEST TO STRIKE 2/6/09 DECLARATION OF MICHAEL
7 ZELLER IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF
PABLO VARGAS AND MARIANA TRUEBA; AND REQUEST FOR SANCTIONS

8
         (3)    OBJECTIONS TO DECLARATION OF SUSANA KUEMMERLE IN
9 SUPPORT OF MGA PARTIES' OPPOSITION TO MOTION TO COMPEL
DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA AND REQUEST FOR
10 SANCTIONS

11       (4)    SUPPLEMENTAL DECLARATION OF MICHAEL T. ZELLER IN
SUPPORT OF REPLY IN SUPPORT OF MATTEL INC.'S MOTION TO COMPEL
12 DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA; AND REQUEST FOR
SANCTIONS

13
         (5)    DECLARATION OF CYRUS S. NAIM IN SUPPORT OF MATTEL, INC.'S
14 RESPONSE TO THE MGA PARTIES' EVIDENTIARY OBJECTIONS AND REQUEST
TO STRIKE 2/6/09 DECLARATION OF MICHAEL ZELLER IN SUPPORT OF
15 MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND
MARIANA TRUEBA; AND REQUEST FOR SANCTIONS

16
         (6)    MATTEL, INC.'S APPLICATION TO FILE UNDER SEAL MATTEL'S
17 REPLY IN SUPPORT OF MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS
AND MARIANA TRUEBA; MATTEL'S RESPONSE TO MGA PARTIES ' OBJECTIONS
18 AND REQUEST TO STRIKE 2/6/09 ZELLER DECLARATION; EXHIBITS 1, 2 and 3 OF
THE DECLARATION OF CYRUS S. NAIM IN SUPPORT THEREOF; AND THE
19 OBJECTIONS TO THE KUEMMERLE DECLARATION IN SUPPORT OF MGA
PARTIES' OPPOSITION

20
         (7)    [PROPOSED] ORDER RE MATTEL, INC.'S APPLICATION TO FILE
21 UNDER SEAL MATTEL'S REPLY IN SUPPORT OF MOTION TO COMPEL
DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA; MATTEL'S
22 RESPONSE TO MGA PARTIES ' OBJECTIONS AND REQUST TO STRIKE 2/6/09
ZELLER DECLARATION; EXHIBITS 1, 2 and 3 OF THE DECLARATION OF CYRUS
23 S. NAIM IN SUPPORT THEREOF; AND THE OBJECTIONS TO THE KUEMMERLE
DECLARATION IN SUPPORT OF MGA PARTIES' OPPOSITION

24

25

26

27

28

EXHIBIT 6

PAGE 113

1   Patricia L. Glaser, State Bar No. 055668
    Pglaser@glaserweil.com
2   Joel N. Klevens, State Bar No. 045446
    Jklevens@ glaserweil.com
3   GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
4   Los Angeles, California 90067
    Telephone:  310-553-3000
5   Facsimile:   310-556-2920

6

7   Russell J. Frackman, State Bar No. 049087
    rjf@msk.com
8   MITCHELL, SILBERBEG & KNUPP, LLP
    11377 West Olympic Boulevard
9   Los Angeles, California 90064
    Telephone:  310-312-2000
10  Facsimile:   310-312-3100

11  Attorneys for the MGA Parties For Phase Two

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14                    EASTERN DIVISION

15  CARTER BRYANT, an individual     )  Case No. CV 04-9049 SGL (RNBx)
                                     )
16                Plaintiff,         )  Consolidated with
                                     )  Case No. CV 04-9059
17  v.                               )  Case No. CV 05-2727
                                     )
18  MATTEL, INC., a Delaware         )  **DISCOVERY MATTER**
    Corporation                      )  **[To Be Heard by Discovery Master**
19                                   )  **Robert C. O'Brien Pursuant to Order**
                                     )  **of January 6, 2009]**
20                Defendant.         )
                                     )  **DECLARATION OF SUSANA**
21                                   )  **KUEMMERLE IN SUPPORT OF**
                                     )  **MGA PARTIES' OPPOSITION TO**
22                                   )  **MOTION TO COMPEL**
                                     )  **DEPOSITIONS OF PABLO VARGAS**
23                                   )  **AND MARIANA TRUEBA AND**
                                     )  **REQUEST FOR SANCTIONS**
24                                   )
                                     )
25                                   )  **Phase 2**
                                     )  **Pre-Trial Conference:   Not Set**
26                                   )  **Trial Date:                  Not Set**
                                     )
27  ─────────────────────────────────)

28          CONFIDENTIAL—ATTORNEY'S EYES ONLY
         FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

666502

# DECLARATION OF SUSANA KUEMMERLE

I, Susana Kuemmerle, hereby declare that:

1.    I am currently the Vice President of MGA De Mexico, Latin America. The facts set forth herein are true of my own personal knowledge and, if called upon to testify thereto, I could and would competently do so under oath. I submit this declaration in support of the MGA Parties' Opposition to Mattel Inc.'s Motion to Compel the Depositions of Pablo Vargas and Mariana Trueba.

2.    MGA De Mexico's principal place of business is in Mexico City, Mexico. MGA De Mexico does not maintain an office in the United States and does not do any business within the United States.

3.    Pablo Vargas currently serves as the Director of Sales for MGA De Mexico. Mr. Vargas' title as "director" does not signify that he is a "director, officer, or managing agent" at MGA De Mexico. Mr. Vargas reports directly to me. I supervise Mr. Vargas with respect to all of MGA De Mexico's corporate matters.

4.    Mariana Trueba currently serves as the Marketing Manager of Special Projects for MGA De Mexico. Ms. Trueba is not the Director of Sales for MGA De Mexico. Ms. Trueba's title as "manager" does not signify that she is a "director, officer or managing agent" at MGA De Mexico. For example, Ms. Trueba's current title is "Marketing Manager," and yet she does not manage or supervise anyone at all at MGA De Mexico. Ms. Trueba reports directly to Gustavo Machado, MGA De Mexico's Director of Marketing. In turn, I supervise Mr. Machado with respect to all of MGA De Mexico's corporate matters. No one at MGA De Mexico reports to Ms. Trueba.

5.    Accordingly, Mr. Vargas and Ms. Trueba are not "directors, officers or managing agents" of MGA De Mexico.

6.    Mr. Vargas is a Mexican citizen and resident. He has two young children, ages four and eight approximately, who reside with him in Mexico.

666837

- 2 -

DECLARATION OF SUSANA KUEMMERLE

**EXHIBIT 7**

**PAGE 115**

1    7.    Ms. Trueba is a Mexican citizen and resident.  She has one young

2    daughter, age four approximately, who resides with her in Mexico.

3    8.    Currently, Ms. Trueba and Mr. Vargas are prohibited from traveling

4    outside of Mexico without written permission from the Mexican Court.  This is due

5    to Mattel, Inc. influencing the Mexican authorities to prosecute Mr. Vargas and Ms.

6    Trueba in Mexico.  Before  Mr. Vargas or Ms. Trueba travel, I am required to

7    submit a written request to the Court in Mexico seeking permission for either of

8    them to travel outside of Mexico for business and they must await the Court's

9    written permission.

10    I declare under penalty of perjury under the laws of the State of California,

11    the United States of America and Mexico that the foregoing is true and correct.

12    Executed on this 12th day of February, 2009, in Mexico City, Mexico.

Susana Kuemmerle

666837

- 3 -

DECLARATION OF SUSANA KUEMMERLE

EXHIBIT 7

PAGE 116

**PROOF OF SERVICE**

1

STATE OF CALIFORNIA

2

COUNTY OF LOS ANGELES

3

    I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

4

5

    On February 13, 2009, I served the foregoing document described as:

6

**DECLARATION OF SUSANA KUEMMERLE IN SUPPORT OF MGA PARTIES' OPPOSITION TO MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA AND REQUEST FOR SANCTIONS**

7

8

9

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

10

**PLEASE SEE ATTACHED SERVICE LIST**

11

☐    (BY MAIL)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

12

13

14

15

16

☐    (BY OVERNIGHT DELIVERY SERVICE)  I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows.  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

17

18

19

☒    **(BY PERSONAL SERVICE)**  I caused such envelope to be delivered by hand to the offices of the above named addressee.

20

☒    **(BY EMAIL)**  I caused such documents to be delivered via email to the addressee(s).

21

22

☐    (BY FACSIMILE)  I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

23

    Executed this 13th day of February, 2009, at Los Angeles, California.

24

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

25

26

27

Lora Anderson

28

666603

15

MGA PARTIES' OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF VARGAS AND TRUEBA

EXHIBIT ___7___

PAGE ___117___

**SERVICE LIST**

1

2

Jon D. Corey, Esq.
(joncorey@quinnemanuel.com)
Michael T. Zeller, Esq.
(michaelzeller@quinnemanuel.com)
John Quinn, Esq.
(johnquinn@quinnemanuel.com)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
**[By Personal Service]**

3

4

5

6

7

8

Russell J. Frackman, Esq.
(rjf@msk.com)
Patricia H. Benson, Esq.
(phb@msk.com)
Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90067
(310) 312-2000
**[By E-mail ]**

9

10

11

12

13

Thomas J. Nolan, Esq.
(tnolan@skadden.com)
Raoul D. Kennedy, Esq.
(rkennedy@skadden.com)
Jason D. Russell, Esq.
(Jason.russell@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
(213) 687-5000
**[By E-mail]**

14

15

16

17

18

19

Robert C. O'Brien
Arent Fox
555 West Fifth Street,
48h Floor
Los Angeles, CA  90013
**[By Personal Service]**

20

21

22

23

24

25

26

27

28

666603

**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL
DEPOSITIONS OF VARGAS AND TRUEBA**

**EXHIBIT** 7

**PAGE** 118