QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>**MATTEL, INC.'S OPPOSITION TO MGA'S *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO RESPOND TO MATTEL'S MOTION FOR LEAVE TO FILE A THIRD AMENDED ANSWER AND COUNTERCLAIM**<br><br>**Phase 2**<br>Discovery Cut-off: December 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

07209/2890552.2

MATTEL'S OPPOSITION TO MGA'S EX PARTE REQUEST FOR EXTENSION

Under the current schedule, MGA has 19 days to oppose Mattel's motion for leave to amend. That is more than enough time for a sophisticated party represented by three law firms and dozens of lawyers to oppose a motion. Parties are allotted seven days to oppose motions under the Local Rules; MGA has 12 days more than that as matters stand. Throughout this case the parties have responded to more numerous, voluminous and complex motions than this one in shorter time periods. MGA's request for 26 days to oppose Mattel's motion – giving MGA almost a month while leaving Mattel and the Court with just seven days each to (respectively) reply and prepare for the hearing -- is unjustified.

Granting MGA's request, on the other hand, would prejudice Mattel. Mattel moved for and was granted *ex parte* relief to expedite the hearing on this motion because time is of the essence. The Discovery Master has declined to compel discovery sought by Mattel based in part on MGA contentions that misconduct that post-dates the filing of the Second Amended Answer and Counterclaims cannot be the subject of discovery. Discovery will be able to proceed on these matters once Mattel is granted leave to amend, and Mattel needs time to conduct that discovery. MGA typically refuses to disclose anything to Mattel unless ordered, and at times defies those orders even once entered. Just two days ago, for instance, the Discovery Master had to sanction MGA for its continuing refusals to provide interrogatory responses that had been ordered by the prior Discovery Master in February 2008.

Mattel needs to obtain leave to file its Third Amended Answer and Counterclaims expeditiously if it is to complete discovery within the schedule set by the Court. A further extension of the hearing date on this motion -- it is already being heard on more than the standard 21 days' notice contemplated by the Local Rules -- is unjustified and would unduly prejudice Mattel.

## I. MGA DOES NOT NEED MORE THAN NINETEEN DAYS TO OPPOSE MATTEL'S MOTION

MGA argues it cannot adequately oppose Mattel's 24-page motion in 19 days.[1] The argument lacks merit. Mattel's motion is not oversized. It is a motion for leave to amend, which is a subject that the parties have litigated previously and is not an area of complex, legal novelty.[2] The Local Rules provide that parties ordinarily have one week to file opposition briefs; MGA thus already has nearly three times the amount of time contemplated by the Rules to prepare its brief.[3] Even if MGA did not begin addressing Mattel's motion until five days after it was served, as it claims (Mtn. at 6), the current due date still provides it with 14 days to oppose one motion.[4]

That deadline is reasonable, particularly in light of the past briefing schedules this case has seen:

---

[1] Mattel hand served MGA with its motion on April 8, 2009; MGA's opposition is currently due on April 27, 2009, 19 days later. See Order Granting Ex Parte Application to Shorten Time & Order Advancing Hearing on Mattel's Motion for Leave to File A Third Amended Answer & Counterclaims, Docket No. 5171; see also Proof of Service, dated April 8, 2009, Docket No. 5145.

[2] To the extent that MGA is contemplating a merits-based attack on Mattel's Proposed Third Amended Answer and Counterclaims, such as the legal sufficiency of its RICO allegations, that cannot justify the lengthy period of almost a month for opposition that MGA seeks. As this Court has previously ruled, such issues are appropriately considered on a motion to dismiss or other dispositive motion, and not on a motion for leave. See Order Re Mattel's Motion for Leave to Amend, dated January 11, 2007, at 17, n.6, Docket No. 142.

[3] See L-R 7-9 (oppositions due at least 14 days before the hearing date) and L-R 6-1 (motions must be noticed for hearing at least 21 days after the date of filing).

[4] MGA is correct that Mattel's 24-page motion contains footnotes and is accompanied by evidence and an attorney declaration, but that is virtually always the case. That wholly unremarkable fact does not support the requested extension.

- Mattel was given 17 days to oppose two summary judgment motions, one by MGA and one by Bryant, of up to 50-pages each.[5]  MGA likewise had 17 days to oppose Mattel's 66-page motion for summary judgment.[6]
- The parties had 14 days to oppose 15 motions *in limine* on each side, each of which was up to 25 pages long.[7]
- Mattel had two days to oppose MGA's 30-page mistrial motion.[8]
- Mattel had seven days, over Christmas, to oppose MGA's 50 page "emergency" stay motion in the Ninth Circuit, briefed at the same time as its 25 page stay motion filed with the Court.[9]

MGA argues that Mattel's motion for leave is "critical" and not "garden variety" (Mtn. at 5-6), but that is clearly hyperbole -- motions for leave to amend are commonplace, the standards are well-known and settled law requires them to be granted "liberally".  Motions that were longer and more complex have been briefed in this case on far more expedited schedules than the one in place presently for this motion.  MGA is not entitled to the 26 days it seeks to prepare its opposition.

---

[5] See Order On Stipulation Re Briefing of Phase One Motions for Partial Summary Judgment, Docket No. 2334; see also Bryant's Motion for Partial Summary Judgment, dated March 7, 2008, Docket No. 2506; MGA's Motion for Partial Summary Judgment, dated March 7, 2008, Docket No. 2499.

[6] Id.; see also Mattel's Motion for Partial Summary Judgment, dated March 7, 2008, Docket No. 2504.

[7] See Order on Stipulation Re Briefing of Phase One Motions in Limine, Docket No. 2618.

[8] See MGA's Motion for Declaration of Mistrial, dated July 29, 2008, Docket No. 4170.

[9] See Mattel's Opposition to MGA's Emergency Motion for Stay Pending Appeal, dated December 26, 2008, Ninth Circ. Docket No. 15; see also Mattel's Opposition to MGA's Ex Parte Application for Stay Pending Appeal, dated December 23, 2008, Docket No. 4515.

## II. MATTEL WILL BE PREJUDICED BY FURTHER DELAY

A further extension beyond the time MGA already has will prejudice Mattel. The Discovery Master has declined to compel certain discovery relating to MGA's ongoing misconduct because it pertained to events that post-date the filing of its Second Amended Counterclaims.[10]  MGA has urged that post-complaint conduct cannot be the subject of discovery at all.  Mattel needs to have leave to file its Third Amended Answer and Counterclaims expeditiously if it is to take discovery into the matters alleged in the Counterclaims within the schedule set by the Court.[11]  MGA rarely provides discovery without an order forcing it to do so, and on many occasions even that is not enough.[12]  It thus requires many months or longer for Mattel to obtain even basic discovery on key issues in this case, not including the follow up that civil discovery requires.  Further delays will cause prejudice to Mattel and jeopardize its ability to complete discovery by the deadline set by the Court.

### Conclusion

MGA proposes that it receive 26 days to oppose Mattel's motion, but leave Mattel just 7 days to reply and the Court just 7 days to prepare for the hearing.  Its unjustified, inequitable demand should be rejected.  Mattel respectfully requests that the Court deny MGA's *Ex Parte* Application.

DATED:  April 17, 2009        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ B. Dylan Proctor
B. Dylan Proctor
Attorneys for Mattel, Inc.

---

[10]  See Phase 2 Discovery Matter Order 3, dated March 10, 2009, at 16-20, Docket No. 4992.

[11]  The discovery cutoff has been set for December 11, 2009.

[12]  See, e.g., Phase 2 Discovery Matter Order No. 17, dated April 14, 2009, at 18, Docket No. 5190 (sanctioning MGA for refusing to comply with a Discovery Master Order ordering MGA to provide interrogatory responses).