Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
todd.gordinier@bingham.com
PETER N. VILLAR (SBN 204038)
peter.villar@bingham.com
CRAIG A. TAGGART (SBN 239168)
craig.taggart@bingham.com
600 Anton Boulevard
18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700

Attorneys for Non-parties
Omni 808 Investors, LLC, Omninet Capital, LLC and Vision Capital, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No.<br>CV 04-09059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>**To be heard by Discovery Master Robert C. O'Brien**<br><br>**NON-PARTIES OMNI 808 INVESTORS, LLC, OMNINET CAPITAL, LLC AND VISION CAPITAL, LLC'S OPPOSITION TO MATTEL, INC.'S MOTION FOR RECONSIDERATION OF PHASE II DISCOVERY MASTER ORDER NO. 3**<br><br>**[DECLARATION OF PETER N. VILLAR FILED CONCURRENTLY]**<br><br>Date: May 5, 2009<br>Time: 10:00 a.m.<br>Place: Arent Fox LLP<br>555 West Fifth Street, 48th Floor<br>Los Angeles, CA 90013 |

A/72916711.3

TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | THERE IS NO LEGAL BASIS ON WHICH RECONSIDERATION SHOULD BE GRANTED | 5 |
| III. | THE WACHOVIA DOCUMENTS ARE NOT INCONSISTENT WITH THE DISCOVERY MASTER'S PRIOR FINDINGS OR THE FINANCING ENTITIES PRIOR STATEMENTS | 7 |
| IV. | MATTEL'S NEW ARGUMENTS DO NOT CHANGE THE COURT'S ANALYSIS REGARDING THE FINANCING DISCOVERY | 10 |
| V. | CONCLUSION | 16 |

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Jackson v. Woodford,*
   2008 WL 2115121 (S.D. Cal. May 19, 2008) ...................................................... 5

*Mattel, Inc. v. Walking Mountain Productions,*
   353 F. 3d 792 (9th Cir. 2003) ............................................................................. 13

*Slone v. Schriro,*
   2008 WL 906827 (D. Ariz. Mar. 31, 2008) ........................................................ 5

**RULES**

Local Rule 7-18 ........................................................................................... 5, 6, 15

Local Rule 11-6 ..................................................................................................... 6

Rules 26 and 45 ................................................................................................... 12

Rule 26(b)(2) ....................................................................................................... 11

## I. INTRODUCTION

Mattel, Inc.'s Motion for Reconsideration of Phase II Discovery Master Order No. 3 is fraught with false premises, baseless assumptions and erroneous conclusions. Mattel's purported "new evidence" is not inconsistent with any of the Discovery Master's findings or any of the Financing Entities' statements and, <u>more fundamentally</u>, does not in any way change the Discovery Master's determination that "Mattel has failed to sufficiently articulate the necessary connection between most of the Financing Discovery and any Phase 2 issue." (Order No. 3 at 25:5-6.)

Before the Financing Entities address the fallacies upon which Mattel's motion for reconsideration is based, it is essential that the Discovery Master be aware that Mattel's motion was not at all precipitated by Wachovia's production of documents on March 16, as Mattel claims. Forty-eight hours after the Discovery Master issued his March 10 Order, and three days <u>before</u> Mattel had even received the Wachovia documents, Mattel's counsel notified the Financing Entities' counsel in writing that they intended to seek reconsideration of the March 10 Order on the tenuous theory that it was "unduly limited." (Villar Decl., Ex. A.) After the Financing Entities' counsel advised Mattel's counsel that they could not seek reconsideration without any new facts or law, Mattel switched to its "Wachovia documents" theory. In any event, Mattel's motion for reconsideration largely re-hashes old arguments that were previously raised, or could have been raised, in Mattel's original motion to compel.

In its original motion to compel, Mattel argued that the subpoenaed documents were relevant to Mattel's RICO claim, unfair competition claim, disgorgement remedy, unclean hands defense, and credibility issues. The Discovery Master correctly rejected all of the arguments made in Mattel's motion in holding that the documents are not relevant to any Phase 2 claims, defenses or remedies, except for a limited category of documents evidencing "MGA's indebtedness to Omni 808 Investors, LLC from the purchase of the alleged

Wachovia debt" on the ground that they are potentially relevant to "MGA's net worth (and hence punitive damages)." (Order No. 3 at 19:18-22.)

Faced with the Discovery Master's Order that Mattel felt was "unduly limited," Mattel now has latched on to purported "new evidence produced by Wachovia." However, none of those documents are inconsistent with the Financing Entities' counsel's prior statements or, <u>more importantly</u>, the Discovery Master's findings in Order No. 3 (upon which Mattel's motion for reconsideration is based) that the Financing Entities are "outsiders to the litigation" and that "it does not appear that either MGA Entertainment, Inc., MGA Entertainment (HK) Limited, or Larian have an ownership interest in the Financing Entities." (Order No. 3 at 4:2-4; 16, fn 13.) It is still the case, as the Discovery Master has correctly observed, that **MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian do not have, and have never had, any ownership interest in, or control over, the Financing Entities.**

The excerpts from the Wachovia documents that Mattel selectively attaches to its motion out of context (as well as the thousands of other documents that Mattel selectively chose not to attach to its motion) say <u>nothing</u> about MGA's or Mr. Larian's ownership interest in the Financing Entities because they have no such interest. The alleged "non-voting limited interest in the Loan Acquisition" of Mr. Larian, proposed in the initial June 29, 2008 offer letter to Wachovia, refers to a contemplated non-voting, non-controlling interest that was <u>rejected</u> and <u>never actually happened</u>. In fact, the actual signed Master Assignment and Exchange Agreement dated September 3, 2008 between Omni 808 and Wachovia (which Mattel conveniently fails to attach to its motion) assigns <u>no interest to Mr. Larian</u>. Therefore, Mattel's reliance on a rejected offer letter over the <u>actual signed Agreement</u> is illustrative of both its approach here and the merits of its arguments.

Well aware that MGA and Larian have no interest in the Financing Entities, Mattel references an unsecured loan from IGWT 826 Investments, LLC ("IGWT")

to Omni 808 apart from and after the original transaction. This does not conflict with any statements made by the Financing Entities or any findings of the Discovery Master either and, in all events, **IGWT has no ownership interest in, or control over, Omni 808, and no equity interest in, or right to make any decisions, with respect to Omni 808's investment in MGA's debt obligation.**[1] Because the Discovery Master's factual findings in Order No. 3 were 100% correct, the <u>entire premise</u> of Mattel's motion for reconsideration (i.e., that the Discovery Master's findings regarding the ownership of the Financing Entities were inaccurate) is fatally flawed.

<u>More importantly</u>, Mattel fails to explain how the Wachovia documents (whether or not Mattel *claims* they are inconsistent with the Financing Entities' prior statements) in any way change the Discovery Master's analysis regarding the Financing Discovery at issue. The Discovery Master's March 10 Order was premised on **Mattel's failure to demonstrate "a nexus between the information sought by the Subpoenas, on the one hand, and the Phase 2 claims and counterclaims set for trial in March 2010, on the other hand."** (Order No. 3 at 3:10-12.) The purported new information regarding the Omni 808-Wachovia transaction (even as misinterpreted by Mattel) does not make Mattel's requests for all documents relating to the Financing Entities' "formation, operations and history of transactions" (Order No. 3 at 21:2) any more relevant to Phase 2 of the Bratz doll litigation between Mattel and MGA.

It is no coincidence that Mattel pointedly *avoids* trying to tie the Wachovia documents to any of the particular requests in the Financing Entities' subpoenas, or to any claim or defense in Phase 2. That is because it cannot do so. Instead,

---

[1] Mattel also makes a reference to Omni 808 being "treated as an affiliate" of MGA. As discussed below, this reference has been intentionally distorted in Mattel's motion and, properly understood, actually undermines Mattel's position.

Mattel claims that the Wachovia documents (as Mattel misconstrues them) raise a question whether MGA is under an *actual* obligation to repay the $300 million debt. Mattel's far-fetched conspiracy theory -- *that Omni 808 allegedly paid millions of dollars to purchase the MGA debt obligation from Wachovia with no expectation of repayment allegedly so that MGA can "mask capital as debt" for purposes of calculating its net worth* -- is not only specious, irrational and contradicted by the evidence, but it is entirely <u>irrelevant</u> to Mattel's motion.

<u>First</u>, the fact that Mattel claims to have concerns regarding the debt owed by MGA to Omni 808 misses the point. **The Discovery Master already has ordered Omni 808 to produce documents relating to existence and validity of any debt owed by MGA to Omni 808** (*including* the debt purchased from Wachovia), and all communications between Omni 808 and the MGA parties (*including* Mr. Larian) regarding any such indebtedness. (Order No. 3 at 29-30.) Therefore, Mattel's purported concerns regarding the validity of the debt owed by MGA to Omni 808 are already taken into account in the Discovery Master's Order No. 3.

<u>Second</u>, to the extent Mattel wishes to further explore its factually baseless contention that MGA or Mr. Larian has any interest in Omni 808, beyond the 10,000 documents already produced by Wachovia and the documents to be produced by Omni 808 and IGWT, the Discovery Master specifically left open that "Mattel could, upon establishing a nexus to a legitimate Phase 2 issue, **seek to obtain this information from MGA.**" (Order No. 3 at 4 fn 2, emphasis added.)

<u>Finally</u>, Mattel's alleged concerns regarding the validity of MGA's debt have nothing whatsoever to do with Omninet Capital, LLC or Vision Capital, LLC, who, as Mattel admitted and the Discovery Master correctly found, are **not creditors of MGA**. (Order No. 3 at 19, fn 17.) Therefore, this purported new information has <u>no effect</u> on the Discovery Master's Order with respect to the Omninet Capital and Vision Capital subpoenas.

A/72916711.3                                           4

Accordingly, non-parties Omni 808 Investors, LLC, Omninet Capital, LLC and Vision Capital, LLC respectfully request the Court deny Mattel's motion for reconsideration its entirety.

## II. THERE IS NO LEGAL BASIS ON WHICH RECONSIDERATION SHOULD BE GRANTED

Mattel's motion for reconsideration was brought pursuant to Central District Local Rule 7-18. Local Rule 7-18 requires:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion

(C.D. Cal. L. R. 7-18).

Consistent with Local Rule 7-18, the courts in the Ninth Circuit have uniformly held that "a motion for reconsideration may not be used to re-litigate old matters or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Slone v. Schriro*, 2008 WL 906827, at *1 (D. Ariz. Mar. 31, 2008). It is "not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments." *Jackson v. Woodford*, 2008 WL 2115121, at *1 (S.D. Cal. May 19, 2008).

Here, Mattel has failed to make the requisite showing that there exists a "material difference in fact or law" from that previously presented to the court, that "new material facts or a change of law" have emerged since the Discovery Master's March 10 Order, or that the Discovery Master manifestly failed to

"consider material facts" presented to the Court. Indeed, as explained below, the purported "new evidence" presented by Mattel is not inconsistent with any findings made by the Discovery Master and, more fundamentally, does not in any way change the Discovery Master's determination that "Mattel has failed to sufficiently articulate the necessary connection between most of the Financing Discovery and any Phase 2 issue." (Order No. 3 at 25:5-6.)

Moreover, the vast majority of Mattel's motion either repeats the oral and written arguments made in support of its original motion to compel or raises old arguments based on alleged events that happened years ago. For example, at least seven pages of Mattel's motion are dedicated exclusively to attacking MGA's credibility and alleged past conduct before and after this litigation began. (*See* Mattel Mot. at pp 19-26.)

Therefore, Mattel's motion for reconsideration must be denied under Local Rule 7-18 and longstanding Ninth Circuit case law.[2]

---

[2] Mattel's motion should also be denied because it exceeds the maximum page limit under the Central District Local Rules and the Court's Standing Order. Local Rule 11-6 states "[n]o memorandum of points and authorities . . . shall exceed **25 pages in length** . . . unless permitted by order of the Judge." The Court's Standing Order, paragraph 4(b) reiterates the Local Rule: "**Memoranda of Points and Authorities in support or in opposition to motions shall not exceed 25 pages.**" (Standing Or. at 4:12-14) (emphasis in the original). Mattel filed a memorandum of points and authorities in support of its Motion for Reconsideration that is 29 pages long, exceeding the maximum page limit by 4 pages without seeking leave of Court. Mattel's filing, therefore, violates Local Rule 11-6 and the Court's Standing Order. The Court made clear the consequence for violating the Local Rules and its Order: "**[f]ilings that do not conform with the Local Rules and this Order will not be considered.**" (*Id.*, at 4:21-22)(emphasis added.) Since Mattel brought this motion under the Local Rules, Mattel cannot contend that the page limit mandated by the Local Rules does not apply. Moreover, since the Stipulation for the Appointment of a Discovery Master ("Stipulation") does not permit motions for reconsideration, Mattel cannot claim to rely on the absence of a page limit requirement in the Stipulation, yet at the same time file its motion for reconsideration under the Local Rules.

## III. THE WACHOVIA DOCUMENTS ARE NOT INCONSISTENT WITH THE DISCOVERY MASTER'S PRIOR FINDINGS OR THE FINANCING ENTITIES PRIOR STATEMENTS

In its motion, Mattel contends that certain documents produced by Wachovia are inconsistent with statements made by the Financing Entities' counsel and, specifically, the Discovery Master's findings in his March 10 Order that the Financing Entities are "outsiders to the litigation" and that "it does not appear that either MGA Entertainment, Inc., MGA Entertainment (HK) Limited, or Larian have an ownership interest in the Financing Entities." (Order No. 3 at 4:2-4; 16, fn 13.) Mattel's contention is inaccurate and its reliance on selective excerpts from certain documents taken out of context is, at best, disingenuous.

Consistent with both the Financing Entities' statements and the Discovery Master's findings, **MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian do not have, and have never had, any ownership interest in, or control over, the Financing Entities.** In fact, the excerpts from the Wachovia documents that Mattel selectively attaches to its reply brief out of context (as well as the thousands of other documents that Mattel selectively chose not to attach to its reply brief) say nothing about MGA's or Mr. Larian's ownership interest in the Financing Entities because they have no such interest.

Mattel references three excerpts from three documents, none of which show that MGA or Mr. Larian have any ownership or control of the Financing Entities. First, Mattel references a sentence in an initial offer letter to Wachovia dated June 29, 2008, which states that "Isaac Larian will have a non-voting limited interest in the Loan Acquisition, but will not directly or indirectly control the acquired Obligations." (Corey Dec. Ex. 2.) This says nothing about MGA's or Larian's ownership of the Financing Entities. This "non-voting limited interest" proposed in the initial offer letter to Wachovia refers to a contemplated non-voting, non-controlling interest that was rejected and never actually happened.

1 | In fact, the actual agreement entered into by Omni 808 and Wachovia (the Master Assignment and Exchange Agreement dated September 3, 2008) expressly provides: "Each Assignor hereby irrevocably sells, transfers, assigns, grants and conveys to Assignee [Omni 808 Investors, LLC], and Assignee hereby irrevocably purchase and assumes from the respective Assignors, as of the Effective Date, all of the respective Assignor's rights and obligations in the Assigned interests." (Master Assignment and Exchange Agreement at 2, Section 1.1.) Mr. Larian was assigned <u>no interest</u> in the Loan Acquisition.

It is noteworthy that Mattel attaches 50 separate exhibits to the declaration of its counsel (Jon Corey) in support of its Motion for Reconsideration, but conveniently fails to attach the actual Master Assignment and Exchange Agreement between Omni 808 and Wachovia. Mattel's attempt to rely on a rejected offer letter and to conceal the actual signed Agreement is telling. The Financing Entities have attached a copy of the Agreement for the Discovery Master's reference. (Villar Decl., Ex. B.)

<u>Second</u>, Mattel references a provision in a Senior Promissory Note dated September 3, 2008 between Wachovia and MGA that Mattel claims "treats Omni as an 'affiliate' of MGA." This also says nothing about MGA's or Mr. Larian's ownership interest in, or control over, Omni 808, and, in fact, is taken so completely out of context that it further demonstrates Mattel's intention to confuse and mislead the Court.

The provision in paragraph 9(b) of the Senior Promissory Note provides that "the Borrower [MGA] will not … enter into any transaction … with any Affiliate, except transactions in the ordinary course of and pursuant to the reasonable requirements of the business of the Borrower … and upon terms that are no less favorable to the Borrower … than would be obtained in a comparable arm's length transaction with a Person that is not an Affiliate. **For purposes of this covenant, the Purchaser [Omni 808] and each of its Affiliates shall be considered Affiliates**

of the Borrower [MGA] and its Subsidiaries." (Corey Dec. Ex. 4, emphasis added.) This clause was included in paragraph 9(b) precisely because **Omni 808 is not, in fact, an affiliate of MGA** and thus did not satisfy the definition of "Affiliate" on the first page of the Note. If Omni *were an affiliate* of MGA, there would be no need for the parties to add this caveat only for purposes of this particular covenant in paragraph 9(b). This is a standard covenant in virtually all credit agreements to memorialize that any transactions between the Borrower [in this case MGA] and the Purchaser [in this case Omni 808] would be at arm's length -- which further supports the fact that Omni 808 is a separate, independent and unrelated entity.[3]

    <u>Finally</u>, Mattel references a sentence in a "Secured Delayed Draw Demand Note between MGA and Omni 808 dated October 16, 2008, which states that "OMNI shall have previously received the proceeds … of a loan in the principal amount of, and for the purpose of funding, such requested Draw made by IGWT 826 Investments, LLC … to OMNI 808 under that Senior Promissory Note dated October 16, 2008 by and between OMNI 808, as maker, and IGWT." (Corey Dec. Ex. 3.) This also says nothing about MGA's or Mr. Larian's ownership interest in, or control over, Omni 808. This relates to an unsecured loan from IGWT 826 Investments, LLC ("IGWT") to Omni 808 apart from and after the original transaction. Like MGA and Mr. Larian, **IGWT has no ownership interest in, or**

---

[3] Mattel also cites to what purports to be an internal Wachovia memo that provides an "overview of the recent sale of our MGA loan to Omninet Capital" including a summary of the covenants in the Senior Promissory Note (discussed above). Mattel specifically references an excerpt of the memo purporting to describe paragraph 9(b) of the Senior Promissory Note (as discussed above) stating "Affiliate transactions are restricted (Omninet is considered an affiliate) except in ordinary course with reasonable arm's length terms." (Corey Dec. Ex. 5 at 3.) This internal Wachovia memo has no legal significance, misstates the terms of the agreement (i.e., the purchaser was Omni 808, not Omninet), and, as explained above, the only reason the parties agreed to treat Omni 808 as an affiliate only "for purposes of this covenant" is because *Omni 808 is not, in fact, an affiliate of MGA.*

**control over, Omni 808, and no equity interest in, or right to make any decisions, with respect to Omni 808's investment in MGA's debt obligation.** In fact, the very nature and terms of the referenced agreements between Omni 808, on the one hand, and MGA and IGWT, on the other hand, alone demonstrate that Omni 808 is a separate, independent and unrelated entity.[4]

Therefore, none of the references in the Wachovia documents are inconsistent with or undermine, let alone contradict, the Financing Entities' prior statements or the Discovery Master's findings in the March 10 Order. Indeed, the Master Assignment and Exchange Agreement, and 10,000 documents that Wachovia produced relating to the Agreement, demonstrate, beyond any doubt, that this was a legitimate arm's length transaction between Omni 808 and Wachovia.

### IV. MATTEL'S NEW ARGUMENTS DO NOT CHANGE THE COURT'S ANALYSIS REGARDING THE FINANCING DISCOVERY

Mattel's arguments regarding the ownership of Omni 808 are not only inaccurate, but they also are entirely <u>irrelevant</u> to the motion before the Court. Mattel fails to explain how the documents produced by Wachovia in any way change the Discovery Master's analysis regarding the document requests to the Financing Entities at issue.

#### A. The Discovery Master's Findings In Order No. 3 Are Correct

Mattel's motion is <u>solely</u> premised on the argument that the Wachovia

---

[4] Mr. Larian's apparent affiliation with IGWT (a separate legal entity) does not conflict with the Financing Entities' counsel's prior statements and, <u>more importantly</u>, does not conflict with the Discovery Master's findings regarding the ownership of the Financing Entities (upon which Mattel's motion is based) since, like MGA and Larian, IGWT has no ownership interest in or control over the Financing Entities.

1 | documents conflict with the Discovery Master findings that the Financing Entities
2 | are "outsiders to the litigation" and that "it does not appear that either MGA
3 | Entertainment, Inc., MGA Entertainment (HK) Limited, or Larian have an
4 | ownership interest in the Financing Entities." (Order No. 3 at 4:2-4; 16, fn 13.)
5 | However, <u>both of these findings are correct</u>. There is no dispute that the Financing
6 | Entities are not parties to the litigation, and that MGA and Mr. Larian have no
7 | ownership in the Financing Entities, and none of the Wachovia document change
8 | these facts. Because the Discovery Master's factual findings are all correct, the
9 | entire premise of Mattel's motion is fatally flawed.

### B. The Discovery Master's Order Was Premised On Mattel's Inability To Articulate A Nexus Between Most Of The Financing Discovery And Phase 2

In addition to the false premise upon which Mattel's motion is based, Mattel erroneously assumes that the Discovery Master's March 10 Order was "based on" his (correct) findings regarding the ownership of the Financing Entities. Rather, the Discovery Master's Order was clearly based on **Mattel's failure to demonstrate "a nexus between the information sought by the Subpoenas, on the one hand, and the Phase 2 claims and counterclaims set for trial in March 2010, on the other hand."** (Order No. 3 at 3:10-12.) In fact, the Court (Judge Larson) expressly stated that <u>all discovery</u> must be related to Phase 2 -- even discovery between the actual parties. (Order No. 3 at 9-15.)

Applying this standard, the Discovery Master correctly determined that "Mattel has failed to sufficiently articulate the necessary connection between most of the Financing Discovery and any Phase 2 issue. Moreover, while there is a connection between the Financing Discovery and some of the Phase 2 issues referenced (i.e., MGA's financial condition and its bearing on Mattel's claim for punitive damages), Mattel has failed to demonstrate that the Subpoenas meet the standard set forth in Rule 26(b)(2) and that all of the requested discovery is

permissible in light of the case law interpreting Rules 26 and 45." (Order No. 3 at 25.)

Specifically, the Discovery Master concluded that while Omni 808's acquisition of the MGA debt obligation from Wachovia may be potentially relevant to MGA's "net worth," it does not justify Mattel's requests for **all documents relating to the Financing Entities' "formation, operations and history of transactions" any more relevant to Phase 2 of the Bratz doll litigation between Mattel and MGA.** (Order No. 3 at 21:2). As the Discovery Master illustrated, there is no relational relation between any Phase 2 claims, defenses or remedies and most of the Financing Discovery including, *inter alia*:

- "All records that 'substantiate transfers of assets' by the Financing Entities 'to other entities, individuals, and/or parties, within the U.S. and outside the U.S.'";
- "All documents 'detailing or setting forth the relationship' between each of the Financing Entities and other non-parties'";
- "All documents referring or relating to "all contributions, loans and any sources of funding' for the Financing Entities";
- "All documents referring or relating to the 'source of funding' of other non-parties";
- "All documents showing detail of 'all loan facilities' referring or relating to the Financing Entities and other non-parties";
- "All documents referring or relating to 'transactions involving any compensation, loans, advances, payments, fees or any other form of consideration' paid to other non-parties"; and
- "All 'communications' referring or relating to the Financing Entities and other non-parties."

(Order No. 3 at 21.)

Accordingly, the Discovery Master correctly concluded "that most of the

categories of documents in the Subpoenas are overbroad and not reasonably calculated to lead to the discovery of admissible evidence with respect to Phase 2 issues." (Order No. 3 at 21:23-25.) This ground alone required denial of Mattel's motion to compel. *See Mattel, Inc. v. Walking Mountain Productions*, 353 F. 3d 792 (9th Cir. 2003).

### C. The Wachovia Documents Change Nothing Regarding The Omni 808 Subpoena Since The Discovery Master Already Ordered Omni 808 To Produce Documents Relating To The MGA Debt And All Other Categories Are Irrelevant To Phase 2

Mattel does not tie the Wachovia documents to any of the particular requests in the Financing Entities' subpoenas, or to any claim or defense in Phase 2. Rather, Mattel argues that the Wachovia documents (as Mattel misconstrues them) raise a question whether Larian is trying to "mask his own capital contributions to MGA" such that MGA is not under an *actual* obligation to repay the $300 million debt, which Mattel claims is potentially relevant to MGA's net worth. This is nonsense.

First, the fact that Mattel *claims* to have concerns regarding the existence and validity of the debt owed by MGA to Omni 808 misses the point. **The Discovery Master specifically ordered Omni 808 to produce documents relating to existence and validity of any debt owed by MGA to Omni 808** (*including* the debt purchased from Wachovia), and all communications between Omni 808 and the MGA parties (*including* Mr. Larian) regarding any such indebtedness. (Order No. 3 at 29.) Thus, Mattel's purported concerns have already been taken into account by the Discovery Master's Order No. 3, and in no way cure any of the irrelevant and overly broad categories of documents rejected by the Discovery Master, as explained above. (*See* Order No. 3 at 25:5-6: "Mattel has failed to sufficiently articulate the necessary connection between most of the Financing Discovery and any Phase 2 issue.")

| | |
|---|---|
| 1 | Moreover, to the extent Mattel wishes to further explore its factually |
| 2 | baseless contention that MGA or Mr. Larian has any interest in Omni 808, beyond |
| 3 | the 10,000 documents already produced by Wachovia, and to be produced by |
| 4 | Omni 808 and IGWT, the Discovery Master in his March 10 Order specifically left |
| 5 | open that "Mattel could, upon establishing a nexus to a legitimate Phase 2 issue, |
| 6 | **seek to obtain this information from MGA.**" (Order No. 3 at 4 fn 2.) The |
| 7 | Discovery Master stated: "Of course, this [any alleged ownership interest of MGA |
| 8 | or Larian in the Financing Entities] is one of the facts Mattel seeks to investigate |
| 9 | through the Subpoenas to the Financing Entities. The Discovery Master's ruling |
| 10 | denying Mattel's Motion to Compel the Financing Parties to comply with the |
| 11 | Subpoenas does not address -- and should not be construed as deciding -- whether |
| 12 | Mattel could, upon establishing a nexus to a legitimate Phase 2 issue, seek to |
| 13 | obtain this information from MGA." (*Id.*) |
| 14 | Notably, Mattel's suggestion that the Discovery Master should analyze the |
| 15 | Omni 808 subpoena like the IGWT subpoena is nonsense. As the Discovery |
| 16 | Master correctly observed, unlike IGWT, Omni 808 is not owned or controlled by |
| 17 | MGA or Larian and, more importantly, has never purchased or sold any Bratz |
| 18 | products. (Order No. 3 at 25:18-25.) |
| 19 | Mattel's contention that the Wachovia documents shed new light on its |
| 20 | disgorgement and unfair competition claims is equally absurd. As the Discovery |
| 21 | Master correctly observed, Mattel's disgorgement and unfair competition claims |
| 22 | are based on allegations that assets were siphoned <u>out</u> of MGA. However, as |
| 23 | Mattel admits, Omni 808 is a **creditor** of MGA who has infused capital <u>into</u> MGA. |
| 24 | Indeed, under Mattel's far-fetched theory, Omni 808 is not only infusing capital |
| 25 | into MGA, but is not asking for payment in return, which clearly cannot form the |
| 26 | basis of an unfair competition claim or a disgorgement remedy. Moreover, as |
| 27 | explained above, whatever purported relevance Mattel's *claims* the MGA debt has |
| 28 | to Phase 2, the reality is that the Discovery Master already ordered Omni 808 to |

1 | produce such documents.

2 | Therefore, the Wachovia documents change nothing with respect to the
3 | Discovery Master's Order as it pertains to Omni 808.

### D. The Wachovia Documents Change Nothing Regarding The Omninet Capital and Vision Capital Subpoenas

Mattel's purported concerns regarding the validity of the MGA debt have nothing whatsoever to do with the Omninet Capital or Vision Capital subpoenas. In addition to all of the issues discussed above, the Discovery Master correctly found that his "analysis is **fundamentally different for OmniNet Capital, LLC and Vision Capital, LLC because neither entity is alleged by Mattel to be a creditor of MGA Entertainment, Inc.** To the contrary, Mattel concedes that "OmniNet [Capital, LLC] is not the secured party, and thus presumably not the actual debt purchase/lender. Rather, the company holding the security interest is Omni 808 [Investors, LLC] … [which] appears to be owned funded by a company called Vision Capital, LLC." (*Id.*) Because it admits that OmniNet Capital, LLC and Vision Capital, LLC are not creditors of MGA, Mattel has failed to show that the information sought from those entities has any bearing on MGA's financial condition." (Order No. 3 at 19, fn 17, emphasis added.) Therefore, Mattel's new arguments have no bearing on the Financing Discovery as it relates to these non-party entities.[5]

In addition, the Discovery Master correctly found that **Mattel failed to**

---

[5] Mattel misrepresents that it uncovered "new evidence" that Leon Neman is a principal of Vision Capital. (Mattel Mot. at 10:5-8.) This is neither new, nor relevant, information. In fact, at the March 4 hearing, Mattel's counsel, Mr. Zeller, stated that "there is no dispute … that Leon Neman, who is at some point, maybe even today, a director of MGA and Isaac Larian's brother-in-law was clearly involved in both Vision Capital and Lexington Financial." (March 4, 2009 Hearing Transcript at 69:13-16.) Therefore, this is old information that was already argued by Mattel in support of its original motion to compel, and provides an additional reason to deny Mattel's motion for reconsideration under Local Rule 7-18.

satisfy its **"meet and confer" obligations with respect to Omninet Capital, LLC.** (Order No. 3 at 12:9-22.). The Discovery Master stated that Mattel "did not even begin the meet and confer process with OmniNet Capital, LLC prior to filing the motion to compel ...." (*Id.*) Since Mattel's purported "new evidence" does not cure its failure to comply with its basic meet and confer obligations, its motion for reconsideration must be denied on that ground as well.

Accordingly, the Wachovia documents change nothing regarding the Omninet Capital and Vision Capital subpoenas.

## V. CONCLUSION

For the foregoing reasons, Omni 808 Investors, LLC, Omninet Capital, LLC, and Vision Capital, LLC respectfully request that the Court deny Mattel, Inc.'s Motion for Reconsideration in its entirety.

DATED: April 17, 2009

Bingham McCutchen LLP

By: *[signature]*
Todd E. Gordinier
Attorneys for Non-parties Omni 808
Investors, LLC, Omninet Capital, LLC
and Vision Capital, LLC