QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>              Plaintiff,<br><br>       vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>              Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert C. O'Brien Pursuant To Order Of January 6, 2009]**<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO DE-DESIGNATE MGA'S THIRD-TIER DOCUMENTS AND REQUEST FOR SANCTIONS; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declaration of Diane C. Hutnyan filed concurrently herewith]<br><br>Hearing Date:    TBD<br>Time:            TBD<br>Place:           Arent Fox, LLP<br>                 555 West Fifth St.<br>                 48th Floor<br>                 Los Angeles, CA 90013<br><br>**Phase 2**<br>Discovery Cut-off: December 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a hearing before Discovery Master Robert C. O'Brien which will occur on a date and at a time to be set by the Discovery Master, Mattel, Inc. ("Mattel") will, and hereby does, move to order the de-designation of all documents designated by MGA as "HIGHLY CONFIDENTIAL-RESTRICTED ATTORNEYS' EYES ONLY" under the Protective Order.

This third-tier designation has expired and its continuing use by MGA is a violation of the Stipulated Modification to the Protective Order.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Diane C. Hutnyan filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

### Certificate Of Compliance

Mattel sent a letter on April 3, 2009 requesting a meet and confer pursuant to paragraph 5 of the Discovery Master Stipulation, but MGA initially failed to meet and confer within the time required.  The parties' counsel met and conferred by telephone on April 14 but this effort, and Mattel's subsequent efforts, to resolve the issue were unsuccessful.[1]

DATED:  April 17, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ Diane C. Hutnyan
Diane C. Hutnyan
Attorneys for Mattel, Inc.

---

[1]   See Declaration of Diane C. Hutnyan in Support of Mattel's Motion to De-Designate MGA's Third-Tier Documents and Request for Sanctions, ¶¶9-14, Exs. 10-13, dated April 17, 2009 ("Hutnyan Dec.") and filed concurrently herewith.

-1-

07209/2890585.1

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

PRELIMINARY STATEMENT ................................................................. 1

STATEMENT OF FACTS .................................................................... 2

ARGUMENT ............................................................................... 5

I.  MGA'S CONTINUED USE OF THE THIRD-TIER DESIGNATION IS IMPROPER ............................................................. 5

II. THE PROTECTIONS AFFORDED BY THE PARTIES' ORIGINAL PROTECTIVE ORDER ARE MORE THAN ADEQUATE TO PROTECT ANY DOCUMENTS THAT EVEN AT ANY POINT IN TIME WERE "SUBJECT DOCUMENTS" ........................................ 6

III. THE DISCOVERY MASTER SHOULD AWARD MATTEL FEES AND COSTS OF BRINGING THIS MOTION ................................. 7

CONCLUSION ............................................................................. 8

-i-

DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF MATTEL, INC.'S MOTION TO DE-DESIGNATE MGA'S THIRD-TIER DOCUMENTS AND REQUEST FOR SANCTIONS

1

# **TABLE OF AUTHORITIES**

2

**Page**

3

## **Cases**

4

Hyde & Drath v. Baker,
    24 F.3d 1162 (9th Cir. 1994) ................................................................... 7

5

6

## **Statutes**

7

Fed. R. Civ. P.
    Rule 26(c) ............................................................................................ 3, 6
    Rule 37(a)(4) ........................................................................................... 7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2890585.1

DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF MATTEL, INC.'S MOTION TO DE-DESIGNATE MGA'S THIRD-TIER DOCUMENTS AND REQUEST FOR SANCTIONS

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

A special addendum to the parties' stipulated protective order added a "third-tier" of heightened protection called "HIGHLY CONFIDENTIAL-RESTRICTED ATTORNEYS' EYES ONLY."  This "RAEO" designation was to provide protections beyond that already afforded to the parties' trade secrets for what was intended to apply for a short duration of time to a specific subset of materials pertinent to MGA's unreleased products under development in the Spring of 2007 that allegedly were so sensitive that only a few individuals at MGA had access to their planning and release.  The "RAEO" designation imposes heavy burdens on Mattel's counsel, since only three Quinn Emanuel attorneys are permitted to even see them and since such materials must be segregated from other materials.  MGA agreed that the use of the "RAEO" designation would be narrow, and meet certain specific requirements, and that it would promptly re-designate materials that no longer met those requirements, in order to ease the substantial burdens created for Mattel's counsel in having to specially process and handle the designated items.

MGA currently has more than *116,000* pages designated under the third-tier, even though it is logically impossible at this point for any of them to meet the definition the parties agreed to and the Discovery Master ordered.  The designation requires designated items to pertain to products which are "scheduled for public release in 2007 or 2008."  As it is already 2009, it is impossible for any document to fall within that definition.  Yet MGA has refused to de-designate any of them, knowing that the burden of special review, processing, handling and use of documents with that designation falls on Mattel.

Mattel respectfully requests that the Discovery Master de-designate all materials designated by MGA as "RAEO."

07209/2890585.1

-1-

MATTEL'S DE-DESIGNATION MOTION

### **Statement of Facts**

Back in January 2005, the parties recognized that discovery in this case could include "[b]usiness plans and product information that are not known generally to the trade or to competitors, including non-public information relating to product development and design."[2]  To protect such information, the parties agreed, and the Court ordered, that there be two confidentiality designations in this case, including one that would provide special protection for the parties' trade secrets and other highly confidential information.   This higher "CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation was to "be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure."[3]   Materials designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" are subject to strict limitations that, among other things, prohibits disclosure to the opposing party or any of their officers or employees.[4]  At the same time, the designation affords sufficient flexibility to the parties to process and use discovery materials efficiently.  This designation has been applied to hundreds of thousands of documents in this case.

Beginning in early 2007, however, MGA claimed that its unreleased products under development at that time were so sensitive that only a few individuals at MGA had access to their planning and release.[5]  MGA and Bryant flatly refused to produce such drawings or designs on the claimed basis that the current Protective Order's designations of CONFIDENTIAL and CONFIDENTIAL-ATTORNEYS' EYES ONLY were insufficient to protect MGA's allegedly highly sensitive trade secrets, and they sought an order either clarifying that such documents were not

---

[2]  Stipulated Protective Order, dated January 4, 2005, at 3, Hutnyan Dec., Ex. 1.
[3]  Id., at 4.
[4]  Id., at 9.

MATTEL'S DE-DESIGNATION MOTION

1  discoverable or creating heightened protection for such documents.[6]  Mattel raised

2  concerns that MGA and Bryant would abuse a new, heightened confidentiality

3  designation.  MGA assured Mattel and the prior Discovery Master that the heightened

4  protection would be narrowly tailored.[7]  Indeed, throughout its Motion and Reply,

5  MGA limited the scope of documents affording such protection to only those

6  documents related to their unreleased product lines that were scheduled for release in

7  Fall 2007 and Spring 2008.[8]

8          Rejecting MGA's and Bryant's arguments that such documents could be

9  withheld from Mattel, the prior Discovery Master ruled that the documents were

10  relevant and, to address MGA's stated concerns, ordered the parties to work out some

11

12

13  [5] Declaration of Paula Garcia, dated February 23, 2007 at ¶ 2, Hutnyan Dec., Exh. ___.

14  [6] MGA Entertainment Inc. and Carter Bryant's Motion for Clarification of the Special Master's January 25, 2007 Order or for Protective Order Pursuant to Rule 26(c) ("Motion"), filed on February 23, 2007, Hutnyan Dec., Ex. 3.

15  [7] MGA Entertainment Inc. and Carter Bryant's Joint Reply in Support of Its Motion for Clarification of the Special Master's January 25, 2007 Order or for Protective Order Pursuant to Rule 26(c), filed on March 7, 2007, ("Reply") at 4 ("Mattel's argument that allowing Bryant to withhold drawings of MGA's products in development would allow Bryant and MGA to withhold drawings created years ago while Bryant was at Mattel merely by claiming that they are using these drawings to develop yet-unreleased products is a red herring.  MGA and Bryant are not seeking to withhold documents created before Bryant left Mattel but instead are seeking to withhold *only those drawings created in 2006 or later*") (emphasis added), Hutnyan Dec., Ex. 4.

20  [8] Motion at 11 ("There is good cause for delayed production given the tremendous disruption it would cause MGA to be required to produce drawings by Bryant of *unreleased products in development*") (emphasis added); see also Reply at 2 ("Mattel seeks to require Bryant to produce all drawings for Bratz-related products, even those drawings that are for products *currently in development*") (emphasis added); Id. ("MGA and Bryant seek clarification that the Order does not require Bryant to produce MGA drawings in Bryant's possession for products *currently in development* and that have not been commercialized") (emphasis added); Reply at 4 ("[D]rawings of MGA's unreleased products *in development* are simply not relevant to Mattel's claims and can have no bearing on any conceivable injury allegedly suffered by Mattel as those products will not be commercialized until they are released in the fall of 2007 and the spring of 2008") (emphasis added); Reply at 9 ("MGA and Bryant ask that the Court clarify that the Order does not require the production of drawings by Bryant for 'Bratz' dolls not yet released to the public"); Reply at 2 ("These products will not be publicly available until some are released to U.S. retail markets in August or September 2007, and others in the spring of 2008"), Hutnyan Exs. 3 and 4.

MATTEL'S DE-DESIGNATION MOTION

1  form of heightened protection for the narrow subset of materials that were the subject of

2  MGA's and Bryant's claimed concerns.[9]

3          The resulting stipulated modification to the Protective Order set up a

4  temporary third-tier designation:  "HIGHLY CONFIDENTIAL - RESTRICTED

5  ATTORNEYS' EYES ONLY."  This "RAEO" designation was to be used for a narrow

6  band of MGA's discovery materials -- known as "Subject Documents " that were

7  "created after January 1, 2006 that pertain to products which are currently unreleased

8  ***and scheduled for public release in 2007 or 2008 and that constitute highly sensitive***

9  ***trade secrets of the producing party***".[10]  The requirements for MGA's use of the third-

10  tier designation were very specific and stringent because the designation imposed

11  considerable, additional burdens on Mattel's counsel in processing and handling the

12  documents.  Among other restrictions, only three Mattel outside attorneys and one

13  assistant or paralegal could cast eyes on such designated materials.  The stipulation also

14  called for special storage of the sensitive documents, restrictions on photocopies, and

15  elaborate instructions for use of the Subject Documents as exhibits at deposition or

16  trial.[11]  Also, to further ensure that the designation was temporary, the parties agreed

17  that MGA had to re-designate any designated materials 14 days after "(a) the [pertinent]

18  product [was] first shipped, or (b) the [pertinent] product [was] first disclosed to a third

19  party without an express confidentiality agreement," whichever came first.[12]

20          When the designation was put in place, MGA had produced approximately

21  10,000 pages of documents, and had not produced a single third-tier document.[13]  Over

22

23

24

25  [9]  Order Modifying Protective Order, filed on May 15, 2007, Hutnyan Dec., Ex. 5.

26  [10]  Stipulation to Modify Protective Order, dated April 26, 2007, and Order Modifying Protective Order, dated May 15, 2007, Hutnyan Dec. Exs.6 and 5 (emphasis added).

27  [11]  Stipulation to Modify the Protective Order, ¶ 1, Hutnyan Dec., Ex. 6.

28  [12]  Id., ¶ 4.
   [13]  Hutnyan Dec., ¶ 8.

1 time, however, the number grew.  Currently, MGA still has more than 116,000 pages

2 designated as third-tier documents.[14]

### **Argument**

**I.    MGA'S CONTINUED USE OF THE THIRD-TIER DESIGNATION IS
IMPROPER**

To merit third-tier protection, MGA's documents have to be "created after January 1, 2006 that pertain to products which are currently unreleased and ***scheduled for public release in 2007 or 2008*** and that constitute highly sensitive trade secrets of the producing party."[15]  In addition, and independently, the designation could not apply to any documents relating to products once shipped or disclosed to third parties without confidentiality restrictions.[16]  The parties thus recognized that the protection afforded under the third tier was temporary, and that documents designated would not continue to receive special protection if they no longer fell within the required definition.

It is 2009.  It is not possible in 2009 to plan for something in 2007 or 2008, and for that matter, products scheduled for release last year or the year before last are, by definition, no longer "unreleased."  Therefore, under the express terms of the stipulated modification of the Protective Order, none of the documents in MGA's massive batch of third-tier designated documents can possibly fall under the limited scope of the third-tier designation.

And MGA had assured Mattel and the Discovery Master that the third-tier special protection would be applied narrowly.  In 2007, when the parties originally entered into the stipulated modification to the Protective Order, MGA, Mattel and the Discovery Master all understood the modification to apply only to drawings and

---

[14]    Hutnyan Dec., ¶ 6.
[15]    Stipulation to Modify the Protective Order, ¶ 14.
[16]    The Stipulation to Modify the Protective Order provided that documents must have been re-designated or de-designated within 14 days after "(a) the product [was] first shipped, or (b) the product [was] first disclosed to a third party without an express confidentiality agreement," whichever came first.  Hutnyan Dec., Ex. 6, ¶ 4.

07209/2890585.1

-5-

MATTEL'S DE-DESIGNATION MOTION

designs scheduled to be released in Fall 2007 and Spring 2008.[17]   MGA asserted numerous times that the temporal scope of the third-tier designation was limited to products currently scheduled for release in Fall 2007 or Spring 2008.[18]   In fact, MGA dismissed Mattel's concerns of an overly-broad interpretation of third-tier designations as a "red herring."[19]   MGA's statements made clear that MGA intended for the heightened protection to be very limited in scope and duration.

Now, two years after issuance of the modification, MGA is unfairly misusing a designation that does not and cannot apply.

## II.   THE PROTECTIONS AFFORDED BY THE PARTIES' ORIGINAL PROTECTIVE ORDER ARE MORE THAN ADEQUATE TO PROTECT ANY DOCUMENTS THAT EVEN AT ANY POINT IN TIME WERE "SUBJECT DOCUMENTS"

The Protective Order provides for "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY " designations to protect both MGA and Mattel from disclosure of highly sensitive trade secrets, confidential and proprietary information.  Documents designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" cannot be shared with in-house counsel or any other party-affiliated individuals (for example, officer, director, shareholder, or employee of any party or its corporate affiliates).  MGA and Mattel both negotiated and agreed on the terms of the Protective Order and the Court approved it as sufficient to protect both parties' trade secrets and proprietary information.   Mattel has relied on and trusted the

---

[17]   Id. at 11 ("MGA and Bryant seek a Protective Order delaying production of drawings and designs for products under development until the products are actually released.  MGA and Bryant anticipate releasing products in the Fall of 2007 and the Spring of 2008").

[18]   See e.g. Reply at 2 ("These products will not be publicly available until some are released to U.S. retail markets in August or September 2007, and others in the spring of 2008"), Hutnyan Dec., Ex. 4.

[19]   Reply at 4 ("Mattel's argument that allowing Bryant to withhold drawings of MGA's products in development would allow Bryant and MGA to withhold drawings created years ago while Bryant was at Mattel merely by claiming that they are using these drawings to develop yet-unreleased products is a red herring."), Hutnyan Dec., Ex. 4.

"CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY" designations to protect its own highly sensitive, confidential, trade secret and proprietary documents since the Protective Order was put in place over four years ago. There is no reason why MGA cannot do the same.

The third-tier "RAEO" designation substantially differs from the designation of "AEO" in that it further limits the Mattel outside counsel permitted to view such documents to just three lawyers and one paralegal or assistant (for purposes of photocopying and maintaining files), and it seeks written permission from MGA to disclose the contents of third-tier documents to other parties.[20]   This creates a significant burden on the designated Mattel staff, especially considering the number of documents so designated and the pace and volume of discovery in the case, while providing no benefit to MGA because the documents no longer pertain to unreleased products scheduled for public release in 2007 or 2008.  There is no basis in fact at this juncture for MGA's continued designations under the third-tier.

III.   **THE DISCOVERY MASTER SHOULD AWARD MATTEL FEES AND COSTS OF BRINGING THIS MOTION**

Rule 37(a)(4) of the Federal Rules of Civil Procedure provides that a party forced to bring a motion to compel is entitled to the "reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(4).  The burden of establishing substantial justification is on the party being sanctioned.  Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).

Here, the Discovery Master should impose sanctions on MGA for its misuse of, and failure to comply with, the terms of the stipulated modification to the

1   Protective Order.  Nor is there any justification for MGA's continued use of an

2   improper designation when the third-tier designation is no longer applicable to MGA's

3   document production other than to obstruct Mattel's ability to conduct discovery in this

4   case and impose unnecessary expense and burden on Mattel.  Mattel therefore requests

5   that MGA be ordered to pay $3,500 as partial reimbursement for the fees and costs that

6   Mattel has incurred in bringing this motion.[21]

7                                   **Conclusion**

8                   For the reasons set forth above, Mattel respectfully requests that the

9   Discovery Master eliminate the Third-Tier, or "HIGHLY CONFIDENTIAL-

10  RESTRICTED ATTORNEYS' EYES ONLY," designation and award sanctions to

11  Mattel for the partial costs and fees of bringing this motion.

12

13

14  DATED:  April 17, 2009              QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP

15

16                                      By /s/ Diane C. Hutnyan
                                           Diane C. Hutnyan

17                                         Attorney for Mattel, Inc.

18

19

20

21

22

23

24

25

26

27

---

28      [20]   Protective Order, 5 (a)-(i), Hutnyan Dec., Ex. 1.
        [21]   Hutnyan Dec., ¶ 16.