QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>**[PUBLIC REDACTED] SECOND SUPPLEMENTAL DECLARATION OF MICHAEL T. ZELLER ISO (1) MATTEL'S APPLICATION FOR RECEIVER AND (2) MATTEL'S OPPOSITION TO OMNI 808'S APPLICATION FOR LEAVE TO INTERVENE**<br><br>Hearing Date:  N/A<br>Time:  N/A<br><br>**Phase 2:**<br>Disc. Cut-off:  December 11, 2009<br>Pre-trial Conf.:  March 1, 2010<br>Trial Date:  March 23, 2010 |

07209/2892509.1

I, Michael T. Zeller, declare as follows:

1. I am a member of the bars of the States of California, New York and Illinois and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. The purpose of this declaration is to update the Court on evidence that IGWT Group, LLC and IGWT 826 Investment, LLC (collectively "IGWT") included in its partial production on April 9, 2009 is pertinent to matters pending before the Court. IGWT, ████████████████████████████████, refused to produce any documents, until compelled to produce them by the Discovery Master.

3. Mattel has not completed its review of the IGWT production, including in particular the 38,200 pages of new documents that IGWT produced less than two days ago, on April 15, 2009. Mattel anticipates that it will (and reserves the right to) update the Court on any new evidence that it discovers in these recently produced documents.

**I.  Documents Produced By IGWT Show That ████████████████**
**████████████████████████████████████████████████████**
**Contrary To The Representations Made To The Court.**

4. Counsel for Omni 808 Investors, LLC ("Omni 808"), Vision Capital LLC ("Vision Capital"), Leon Neman, Neil Kadisha, Fred Mashian and Lexington Financial Limited ("Lexington") has represented to the Court and to the Discovery Master that MGA and Larian had no interest in and provided no funding for the purported acquisition of the Wachovia debt by Omni 808/Vision Capital/Lexington during the Phase 1 trial. Counsel made these representations to avoid discovery and to claim that Omni 808's interests ostensibly were so separate from those of MGA and Larian that Omni 808 should be permitted to intervene.

5. For example, at the February 11, 2009 hearing on the parties' post-trial motions, when this Court directly inquired whether funds for the transaction had

come from MGA or Larian, counsel represented that they had not.  See February 11, 2009 Hearing Transcript at 71:16-72:5, 78:9-19, attached as Exhibit 1 to the Supplemental Declaration of Michael T. Zeller ISO (1) Mattel's Application for Receiver and (2) Mattel's Opposition to Omni 808's Application for Leave to Intervene, dated March 23, 2009 and previously filed with the Court ("Supp. Zeller Dec."); see also id. at 70:16-18 (counsel asserting that "[t]he transaction by which Omni 808 acquired its interest and stepped into the shoes of Wachovia was straightforward and it was at arm's length.").  Subsequently, at the March 4, 2009 hearing before the Discovery Master, counsel again represented that MGA and Larian did not contribute any funds to the supposed acquisition of the Wachovia debt:  "MR. GORDINIER: What documents do we have that show that either Mr. Larian or MGA paid money into this to purchase this debt?  *I can tell you there are none.*  This is a ready, fire, aim situation.  The allegations that were made [by Mattel to the contrary] and were made publicly are unconscionable and can't be undone."  March 4, 2009 Discovery Master Hearing Transcript at 51:3-8, attached as Exhibit 2 to the Supp. Zeller Dec., dated March 23, 2009 (emphasis added).  Additional examples of such representations were detailed in the Supplemental Zeller Declaration, dated March 23, 2009 at ¶¶ 3-5.

6. After Wachovia produced documents calling these represntations into question, Mattel showed in Court filings that the representations were not accurate. Undeterred, in papers dated April 2, 2009, counsel again denied that MGA and Larian have any interest in these "Financing Entities" in response to this evidence:  "[T]he excerpts from the Wachovia documents . . . say *nothing* about MGA's or Mr. Larian's ownership interest in the Financing Entities because they have no such interest."  Bingham McCutchen, LLP's Objections to and Motion to Strike Reply in Support of Mattel, Inc.'s Motion to Compel Bingham McCutchen LLP to Produce Documents Responsive to Subpoena, dated April 2, 2009, true and correct excerpts from which are attached hereto as Exhibit 1 at 7 (emphasis added).  Further, Bingham has represented that "***IGWT has no interest in OMNI 808***" and no "right to make any decisions with

respect to Omni 808's investment in MGA's debt obligation". Bingham McCutchen, LLP's Reply In Support Of Objections to and Motion to Strike Mattel, Inc.'s Reply in Support of Motion to Compel Bingham McCutchen LLP to Produce Documents Responsive to Subpoena, dated April 14, 2009, true and correct excerpts from which are attached hereto as Exhibit 2 at 9-10 (emphasis added). See also Exh. 1 at 7-8 ("Second, Mattel references a sentence in a 'Secured Delayed Draw Demand Note' between MGA and Omni 808 dated October 16, 2008, which states that 'OMNI shall have previously received the proceeds . . . of a loan in the principal amount of, and for the purpose of funding, such requested Draw made by IGWT 826 Investments, LLC . . . to OMNI 808 under that Senior Promissory Note dated October 16, 2008 by and between OMNI 808, as maker, and IGWT.' (Hauss Dec. Ex. 5). . . . This related to an unsecured loan from IGWT 826 Investments, LLC ('IGWT') to Omni 808 apart from and after the original transaction. Like MGA and Mr. Larian, **IGWT has no ownership interest in, or control over, OMNI 808, and no equity interest in, or right to make any decisions, with respect to OMNI 808's investment in MGA's debt obligations**.") (emphasis added).

7.  In addition to evidence Mattel previously submitted from the Wachovia production and the evidence connecting Isaac Larian's brother-in-law and MGA director Leon Neman to Vision Capital and Lexington, evidence from IGWT's recent, partial production refute these statements. Documents recently produced by IGWT show that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Significantly, those documents demonstrate that -- directly contrary to counsel's representations that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. More specifically:

(a) A document entitled ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

1  ███████████████████████████████████████████████████████. A
2  true and correct copy of the ████████████████████████████████
3  ████████████████████████████████████████, is attached hereto as
4  Exhibit 6. ████████████████████████████████████████████████
5  ████████████████. Attached hereto as Exhibit 3 is a true and correct copy of
6  ████████████████████████████████████████████████████████
7  ████████████████. Attached hereto as Exhibit 4 is a true and correct copy of an
8  ████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████.
10            (b)  ████████████████████████████████████████████.
11 See Declaration of Jon D. Corey, dated February 3, 2008, Exhs. 51, 101 (████
12 ████████████████████████████████████████████████████████
13 ████████████████████████); see also Phase II Discovery Matter Order No. 3,
14 dated March 10, 2009, at 25, a true and correct copy of which is attached as Exhibit 6 to
15 the Supplemental Zeller Dec., dated March 23, 2009 (recognizing at 25:19-20 that this
16 entity is "affiliated with—if not wholly owned by—Larian.").
17            (c)  Documents produced by IGWT further show that ████████
18 ████████████████████████████████████████████████████████
19 ████████████████████████. A true and correct copy of the ████████
20 ████████████████████████████████████████████████, is attached
21 hereto as Exhibit 5. ████████████████████████████████████████
22 ████████████████████████████████████████████████████████
23 ████████████████████████████████████████████████████████
24 ████████████████████████████████████████████████████████
25 ████████████████████████████████████████████████████████
26 ████████████████████████████████████████████████████████
27 ████████████████████████████████████████████████████. See
28 Deposition of Lisa Tonnu, Vol. 1, dated July 19, 2007, at 49:3-50, 62:8-15, a true and

1  correct copy of which is attached hereto as Exhibit 19; <u>see also</u> Deposition of Lisa

2  Tonnu, Vol. 4, dated January 17, 2008, at 813:8-18, a true and correct copy of which is

3  attached hereto as Exhibit 20.

4      (d)  ██████████████████████████████████████

5  ████████████████████████████████████████████████████████████

6  ████████████████████████████████████ Exhibit 6 at IGWT 08663.

7  Leon Neman is a principal of Vision Capital, as he has now admitted.  Attached as

8  Exhibit 7 hereto is a true and correct copy of excerpts from the Notice of Motion and

9  Motion to Quash and/or For Protective Order Re Subpoenas Issued by Mattel, Inc., to

10 Non-Parties Leon Neman, Fred Mashian and Neil Kadeisha, dated March 12, 2009, so

11 stating at 1:6. ████████████████████████████████████████████

12 ██████████████████████████████████████. <u>See</u> Declaration of Michael T.

13 Zeller In Support Of Mattel, Inc.'s Opposition to Omni 808's Ex Parte Application to

14 Intervene, dated February 5, 2009, at ¶ 4 & Exhs. 3-4.

15     8.  Other documents recently produced by IGWT confirm ████

16 ████████████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████████████

19 ████████████████████████████████████████████ Attached hereto as

20 Exhibit 8 is a true and correct copy of ████████████████████████████

21 ██████████████████████████████████████████████.

22     9.  Mattel's investigation is continuing , ███████████████████

23 ████████████████████████████████████████████████████████████

24 ████████████████████████████████████████████████████████████

25 █████████████████████████████.  At least one document in IGWT's recent,

26 partial production suggests that ███████████████████████████████

27 ████████████████████████████████████████████████████████████

28 ████████████████████████████████████████████████████████████

1  ███████████████████████████████████████████████████████████████

2  ███████████████████████████████████████████████████  A true and correct copy

3  of this email, so stating at IGWT 07484-85, is attached hereto as Exhibit 9 (emphasis

4  added). MGA, Larian, Omni 808, OmniNet Capital LLC, Leon Neman, Neil Kadisha

5  and Vision Capital LLC likely are in possession of documents that would relate to such

6  matters, but all of them have failed and refused to produce them in response to Mattel's

7  discovery requests. Furthermore, Omni 808's failure to produce any documents to date

8  violates an Order of the Discovery Master compelling Omni 808 to produce documents

9  no later than April 10, 2009. Attached hereto as Exhibit 21 is a true and correct copy of

10 Mattel's counsel's letter to Omni 808. In response, Omni 808's counsel stated that Omni

11 808 would not be producing documents at this juncture, despite the Court-ordered

12 deadline. Attached hereto as Exhibit 22 is a true and correct copy of Omni 808's

13 counsel's letter to Mattel.

14 **II.    Documents Recently Produced by IGWT Show That** ███████████

15 ██████████████████████████████████████████████████████████████.

16         10.    As shown in prior submissions, ████████████████████████

17 ██████████████████████████████████████████████████████████████

18 ██████████████████████████████████████████████████████████████

19 ██████████████████████████████████████████████████████████████

20 ██████████████████████████████████████████████████████████████

21 ██████████████████████████████████████████████████████████████

22 ██████████████████████████████████████████████████████████████

23 ████████████████████████████. See Supp. Zeller Dec., dated March 23, 2009, Exh. 5

24 at 1.

25         11.    Documents among IGWT's recent, partial production show ████

26 ██████████████████████████████████████████████████████████████

27         ████████████████████████████████████████████

28 ██████████████████████████████████████████████████████████████

1  █████████████████████████████████████████
2  █████████████████████████████████████████
3  █████████████████████████████████████████
4  █████████████████████████████████████████
5  █████████████████████████████████████████
6  █████████████████████████████████████████
7  █████████████████████████████████████████
8  ██████████████████████████████████  ████
9  ████████████████████████████████████████.
10     (b)   Documents recently produced by IGWT further show that ████
11 █████████████████████████████████████████
12 █████████████████████████████████████████
13 ████████████████████████████████
14      ████████████████████████████████
15      ████████████████████████████████
16      ████████████████████████████████
17      ████████████████████████████████
18      ████████████████████████████████
19      ████████████████████████████████
20      ██████████████████████
21 █████████████████████████████████████████
22 ████████████████████████████, a true and correct copy of which is attached hereto
23 as Exhibit 12 (emphasis added). ████████
24 █████████████████████████████████████████
25 █████████████████████████████████████████
26 █████████████████████████████████████████
27 █████████████████████████████████████████
28 ████████████ (emphasis added).

1   (c)   Documents recently produced by IGWT also are ▮
2   ▮
3   ▮
4   ▮
5   ▮
6   ▮
7   ▮
8   ▮
9   ▮
10  ▮ .
11  (d)   Omni 808's counsel stated ▮
12  ▮
13  ▮
14  ▮
15  ▮
16  ▮ (emphasis added).
17  (e)   ▮
18  ▮
19  ▮ .   Attached hereto as Exhibit 15 is a true and correct copy of an e-mail
20  chain ▮
21  ▮
22  ▮
23  ▮
24  ▮
25  ▮ .
26  12.   ▮
27  ▮
28  ▮

[redacted]. Attached hereto as Exhibit 17 is a true and correct copy of [redacted].

**III. <u>Documents Produced By IGWT Reflect Other Instances Of</u> [redacted]**

13. [redacted].

14. On August 8, 2008, during the Phase 1 trial, [redacted].

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 17, 2009, at Los Angeles, California.

/s/ Michael T. Zeller
Michael T. Zeller