# Intentionally Left Blank

10

# Intentionally Left Blank

11

Exhibit 1

1   Bingham McCutchen LLP
    TODD E. GORDINIER (SBN 82200)
2   todd.gordinier@bingham.com
    PETER N. VILLAR (SBN 204038)
3   peter.villar@bingham.com
    CRAIG A. TAGGART (SBN 239168)
4   craig.taggart@bingham.com
    600 Anton Boulevard
5   18th Floor
    Costa Mesa, CA 92626-1924
6   Telephone: 714.830.0600
    Facsimile: 714.830.0700
7
    Attorneys for Non-party
8   BINGHAM McCUTCHEN LLP

9

10              UNITED STATES DISTRICT COURT

11           CENTRAL DISTRICT OF CALIFORNIA

12                   EASTERN DIVISION

13  | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
14  |            Plaintiff, | Consolidated with Case No. |
15  |              v. | CV 04-09059 and Case No. CV 05-2727 |
16  | MATTEL, INC., a Delaware | **DISCOVERY MATTER**<br>To be heard by Discovery Master<br>Robert C. O'Brien |
17  | Corporation, | |
18  |            Defendant. | **BINGHAM MCCUTCHEN LLP'S**<br>**OBJECTIONS TO AND MOTION**<br>**TO STRIKE REPLY IN SUPPORT** |
19  | | **OF MATTEL INC.'S MOTION TO** |
20  | | **COMPEL BINGHAM MCCUTCHEN**<br>**LLP TO PRODUCE DOCUMENTS**<br>**RESPONSIVE TO SUBPOENA** |
21  | | |
22  | | Date:    April 21, 2009 |
23  | | Time:    10:00 a.m.<br>Place:   Arent Fox LLP<br>555 West Fifth Street |
24  | | 48th Floor<br>Los Angeles, CA 90013 |
25  | AND CONSOLIDATED ACTIONS. | |
26
27
28

A/72910736.6/3009108-0000337036

EXHIBIT ___1___
PAGE ___12___

1

TABLE OF CONTENTS

2                                                                        Page

3   I.     INTRODUCTION ..............................................................................................1

4   II.    MATTEL'S NEW ARGUMENTS IN ITS REPLY BRIEF ARE
5          IMPROPER AND SHOULD NOT BE CONSIDERED ................................5

6   III.   THE WACHOVIA DOCUMENTS ARE NOT INCONSISTENT
           WITH THE DISCOVERY MASTER'S PRIOR FINDINGS OR
7          BINGHAM'S PRIOR STATEMENTS..........................................................6

8   IV.    MATTEL'S NEW ARGUMENTS DO NOT MAKE THE
9          BINGHAM SUBPOENA ANY LESS ABUSIVE OR IMPROPER..............9

    V.     CONCLUSION................................................................................................11
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10736.6/3009108-37036

i

EXHIBIT __1__<br>PAGE __13__

## I.    INTRODUCTION

1

2          Mattel, Inc. ("Mattel") filed its Motion to Compel Bingham McCutchen LLP

3    ("Bingham") to Produce Documents Responsive to Subpoena on March 5, 2009.

4    In its opening brief, Mattel argued that the subpoenaed documents are relevant to

5    Mattel's RICO claim, unfair competition claim, disgorgement remedy, unclean

6    hands defense, and credibility issues. The Discovery Master correctly rejected all

7    of the arguments made in Mattel's motion in holding that the documents -- the

8    same documents that Mattel sought from Bingham's non-party clients (the

9    "Financing Entities") -- are not relevant to any Phase 2 claims, defenses or

10   remedies, except for a narrow category of documents evidencing "MGA's

11   indebtedness to Omni 808 Investors, LLC from the purchase of the alleged

12   Wachovia debt" on the ground that they are potentially relevant to "MGA's net

13   worth (and hence punitive damages)." (Phase II Discovery Master Order No. 3,

14   "Order No. 3," at 19:18-22.)

15          Faced with the Discovery Master's March 10 Order which, in addition to

16   several other dispositive issues raised in Bingham's opposition, entirely disposes of

17   Mattel's motion to compel, Mattel *for the first time* in its reply brief improperly

18   presents new arguments based on purported "new evidence produced by

19   Wachovia." Mattel *erroneously* claims that the new evidence is inconsistent with

20   prior statements made by Bingham and the Discovery Master's finding in his

21   March 10 Order that "it does not appear that either MGA Entertainment, Inc.,

22   MGA Entertainment (HK) Limited, or Larian have an ownership interest in the

23   Financing Entities." (Order No. 3 at 4:2-4.)

24          These new arguments and purported new evidence should be disregarded

25   entirely because they were not presented in Mattel's opening brief. The Discovery

26   Master, this Court, and other courts across the Ninth Circuit have uniformly

27   refused to consider arguments or evidence that are first presented in a reply brief.

28   **"A party filing a motion is required to raise all of its arguments in its opening**

EXHIBIT ___1___
PAGE ___14___

1    **brief to prevent 'sandbagging' of the non-moving party and to provide**
2    **opposing counsel a chance to respond. This rule is routinely adhered to by**
3    **courts in the Ninth Circuit."** (Order No. 3 at 19:18-22.)

4    To the extent the Discovery Master considers these new arguments, they are
5    inaccurate, misleading and change nothing with regard to the Bingham subpoena.
6    They are, to the extent they can be discerned at all, nothing more than red herrings
7    contrived by Mattel to divert the Discovery Master's attention from the real issue --
8    i.e., whether Mattel's subpoena to Bingham is narrowly tailored to documents
9    relating to Phase 2 of this litigation and, if so, whether such documents have been
10   obtained (or should be obtained) from MGA or other parties.

11   Contrary to Mattel's assertions, the documents produced by Wachovia are
12   not inconsistent with Bingham's prior statements to the Court, nor with this
13   Court's prior finding, regarding the ownership of the Financing Entities. Indeed,
14   these appear to overlap with documents that Omni 808 repeatedly *volunteered* to
15   produce to Mattel prior to and during the March 4 hearing to satisfy Mattel that this
16   was a straightforward, arm's length transaction. It remains undisputed that **MGA**
17   **Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian do**
18   **not have, and have never had, any ownership interest in, or control over, the**
19   **Financing Entities.**

20   In fact, the excerpts from the Wachovia documents that Mattel selectively
21   attaches to its reply brief out of context (as well as the thousands of other
22   documents that Mattel selectively chose not to attach to its reply brief) say *nothing*
23   about MGA's or Mr. Larian's ownership interest in the Financing Entities because
24   they have no such interest. The "non-voting limited interest" of Mr. Larian,
25   proposed in the initial June 29, 2008 offer letter to Wachovia, refers to a
26   *contemplated* non-voting, non-controlling interest that was <u>not employed</u> and <u>never</u>
27   <u>actually happened</u> (as Mattel knows from reviewing the actual Master Assignment
28   and Exchange Agreement presumably produced by Wachovia which Mattel

A/72910736.6/3009108-0000337036                                        -2-

EXHIBIT __1__
PAGE __15__

1    conveniently chose *not* to attach to its Reply).[1]

2        Perhaps more importantly, Mattel fails to explain how this purported new

3    information in any way changes the Discovery Master's analysis regarding the

4    document requests to Bingham at issue. The Discovery Master's March 10 Order

5    regarding these same requests was premised on Mattel's failure to demonstrate "a

6    nexus between the information sought by the Subpoenas, on the one hand, and the

7    Phase 2 claims and counterclaims set for trial in March 2010, on the other hand."

8    (Order No. 3 at 3:10-12.) The fact that Omni 808 acquired a MGA debt obligation

9    from Wachovia (*which Mattel admits was a perfectly legitimate loan from*

10   *Wachovia to MGA*) does not make Mattel's requests for documents relating to

11   Bingham's fee arrangements and relationships with its non-party clients any more

12   relevant to Phase 2 of the Bratz doll litigation between Mattel and MGA.

13       Indeed, in its reply brief, Mattel pointedly *avoids* trying to tie this purported

14   new evidence to any of the particular requests in the Bingham subpoena, or to any

15   claim or defense in Phase 2. That is because it cannot do so. Instead, Mattel

16   argues for the first time that several (misconstrued) excerpts from the Wachovia

17   documents raise a question "whether MGA is under an *actual* obligation to repay

18   the more than $300 million in debt," which Mattel claims is potentially relevant to

19   MGA's net worth. This is nonsense.

20       First, Mattel's purported theory – that Omni 808 gifted Wachovia millions

21   of dollars to acquire a debt obligation from MGA with no expectation of

22   repayment -- is not only specious, irrational and contradicted by the evidence, but

23   it is entirely irrelevant to the motion before the Court. The Discovery Master

24   correctly ruled in his March 10 Order that "Mattel has failed to sufficiently

25

26   [1] Mattel also makes a reference to Omni 808 being "treated as an affiliate" of
     MGA. As discussed below, this reference has been intentionally distorted in
27   Mattel's reply brief and, properly understood, actually undermines Mattel's
     position.

28
     A/72910736.6/3009108-0000337036                    -3-

EXHIBIT ___1___
PAGE ___16___

1   articulate the necessary connection between most of the Financing Discovery and

2   any Phase 2 issue." (Order No. 3 at 25:5-6.) Mattel's new arguments do not make

3   these document requests to Bingham any more relevant to Phase 2, and certainly

4   do not support Mattel's baseless contention that all fee agreements and information

5   between all law firms and their non-party clients are fair game for discovery so

6   long as Mattel issues a subpoena.

7       Second, the fact that Mattel claims to have concerns regarding the debt owed

8   by MGA to Omni 808 misses the point. **Mattel already has obtained 10,000**

9   **documents from Wachovia and the Discovery Master already has ordered**

10  **Omni 808 to produce documents relating to any debt owed by MGA to Omni**

11  **808** (*including* the debt purchased from Wachovia), and all communications

12  between Omni 808 and the MGA parties (*including* Mr. Larian) regarding any such

13  indebtedness. (Order No. 3 at 29-30.) Thus, Mattel's new arguments, at best,

14  further *support* the Discovery Master's March 10 Order and in no way cure any of

15  the irrelevant and overly broad categories of documents rejected by the Discovery

16  Master.

17      Third, to the extent Mattel wishes to further explore its factually baseless

18  contention that MGA or Mr. Larian has any interest in Omni 808, beyond the

19  documents already produced by Wachovia, and to be produced by Omni 808 and

20  IGWT, the Discovery Master in his March 10 Order specifically left open that

21  "Mattel could, upon establishing a nexus to a legitimate Phase 2 issue, **seek to**

22  **obtain this information from MGA.**" (Order No. 3 at 4 fn 2.) Therefore, as

23  previously explained, the documents requested in the Bingham subpoena are either

24  privileged, irrelevant or duplicative of documents already being produced by, or

25  that Mattel may request from MGA or others.

26      Bingham respectfully requests the Court strike all new arguments and

27  evidence presented in Mattel's reply and deny Mattel's motion to compel in its

28  entirety.

A/72910736.6/3009108-0000337036                                      -4-

EXHIBIT ___1___
PAGE ___7___

1   II.   MATTEL'S NEW ARGUMENTS IN ITS REPLY BRIEF ARE
2         IMPROPER AND SHOULD NOT BE CONSIDERED

3         Mattel filed its motion to compel Bingham to produce documents responsive
4   to the subpoena on March 5. In its opening brief, Mattel argued that the
5   subpoenaed documents are relevant to Mattel's RICO claim, unfair competition
6   claim, disgorgement remedy, unclean hands defense, and credibility issues.
7   (Mattel Motion at 7-11.) These are the identical arguments made by Mattel in its
8   motion to compel Bingham's non-party clients Omni 808 Investors, LLC, Omninet
9   Capital, LLC and Vision Capital, LLC (the Financing Entities), to produce the
10  same documents. The Discovery Master rejected all of the arguments made in
11  Mattel's motion in holding that the requests are not relevant to Phase 2 except for a
12  narrow category of documents evidencing "MGA's indebtedness to Omni 808
13  Investors, LLC from the purchase of the alleged Wachovia debt" on the ground
14  that they are potentially relevant to "MGA's net worth (and hence punitive
15  damages)." (Order No. 3 at 19:18-22.)

16        In light of the Discovery Master's March 10 Order (and other dispositive
17  issues raised in Bingham's opposition), Bingham asked Mattel to withdraw its
18  subpoena and its motion to compel. Mattel ignored Bingham's request and,
19  instead, for the first time in its reply brief improperly presents new arguments
20  based on purported "new evidence produced by Wachovia." (See Mattel Reply at
21  2:12-3:9; 7:13-10:14; 19:25-20:2 & Decl. Stephen Hauss Exs. 1-10.)

22        The well established rule in the Ninth Circuit is that "a party may not make
23  new arguments in the reply brief." United States v. Cox, 7 F.3d 1458, 1463 (9th
24  Cir. 1993); see Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir. 1990) ("It is
25  well established in this circuit that the general rule is that appellants cannot raise a
26  new issue for the first time in their reply briefs."); United States v. Wright, 215
27  F.3d 1020, 1030 n.3 (9th Cir. 2000) (declining to consider arguments raised for the
28  first time in respondents' reply brief); see also United States v. Boyce, 148 F. Supp.

A/72910736.6/3009108-0000337036                    -5-

EXHIBIT ____1____
PAGE ____18____

1  2d 1069, 1085 (S.D. Cal. 2001) ("it is improper for a party to raise a new argument

2  in a reply brief."); *Grupo Gigante S.A. de C.V. v. Dallo & Co., Inc.*, 119 F. Supp.

3  2d 1083, 1003, n.15 (C.D. Cal. 2000) ("The Court need not, and does not, consider

4  arguments raised for the first time in a reply brief"); *Intrade Indus., Inc. v. Foreign*

5  *Cargo Management Corp., et. al.*, No. 07-CV-1893 AWI (GSA) 2008 U.S. Dist.

6  LEXIS 105911, at *5 (E.D. Cal. Dec. 23, 2008) ("it is improper for a party to raise

7  a new argument in a reply brief."); *Stewart v. Wachowski*, 2004 WL 2980783, at

8  *11 (E.D. Cal. 2007) ("Courts decline to consider arguments that are raised for the

9  first time in reply."); *Hamilton v. Willms*, 2007 WL 2558615, at *11 (E.D. Cal.

10  2007) ("The court cannot grant a motion on a new argument or new evidence

11  presented for the first time in a reply brief.").

12      Indeed, in this litigation the Court and the Discovery Master have repeatedly

13  refused to consider new arguments raised for the first time in a party's reply brief.

14  "A party filing a motion is **required to raise all of its arguments in its opening**

15  **brief** to prevent 'sandbagging' of the non-moving party and to provide opposing

16  counsel a chance to respond." (Order No. 3 at 6:3-6) (emphasis added).

17      Therefore, the Court should strike all new arguments and evidence presented

18  in Mattel's Reply including, without limitation, all allegations contained on page 2,

19  line 12 to page 3, line 9; page 7, line 13 to page 10, line 14; and page 19, line 25 to

20  page 20, line 2, as well as the entire Declaration of Stephen Hauss filed in support

21  of the Reply including Exhibits 1 through 10.

22  **III.    THE WACHOVIA DOCUMENTS ARE NOT INCONSISTENT**

23  **WITH THE DISCOVERY MASTER'S PRIOR FINDINGS OR**

24  **BINGHAM'S PRIOR STATEMENTS**

25      In its Reply, Mattel contends that certain documents produced by Wachovia

26  are inconsistent with statements made by Bingham regarding the ownership of the

27  Financing Entities (specifically Omni 808) and the Discovery Master's finding in

28  his March 10 Order that "it does not appear that either MGA Entertainment, Inc.,

EXHIBIT __1__

PAGE __19__

1   MGA Entertainment (HK) Limited, or Larian have an ownership interest in the

2   Financing Entities." (Order No. 3 at 4:2-4.) Mattel's contention is inaccurate and

3   its reliance on selective excerpts from certain documents taken out of context is, at

4   best, disingenuous.

5          Consistent with both Bingham's statements and the Discovery Master's

6   findings, **MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and**

7   **Isaac Larian do not have, and have never had, any ownership interest in, or**

8   **control over, the Financing Entities.** In fact, the excerpts from the Wachovia

9   documents that Mattel selectively attaches to its reply brief out of context (as well

10   as the thousands of other documents that Mattel selectively chose not to attach to

11   its reply brief) say *nothing* about MGA's or Mr. Larian's ownership interest in the

12   Financing Entities because they have no such interest.

13          Mattel references three excerpts from three documents, none of which show

14   that MGA or Mr. Larian have any ownership or control of the Financing Entities.

15   First, Mattel references a sentence in an initial offer letter to Wachovia dated June

16   29, 2008, which states that "Isaac Larian will have a non-voting limited interest in

17   the Loan Acquisition, but will not directly or indirectly control the acquired

18   Obligations." (Hauss Dec. Ex. 3.) This says nothing about MGA's or Larian's

19   ownership of Omni 808. This "non-voting limited interest" proposed in the initial

20   offer letter to Wachovia refers to a *contemplated* non-voting, non-controlling

21   interest that *was not employed* and *never actually happened*. The actual agreement

22   between Omni 808 and Wachovia (the Master Assignment and Exchange

23   Agreement) and related documents presumably produced by Wachovia to Mattel

24   show that Mr. Larian has no such interest, but Mattel conveniently chose *not* to

25   attach any of these documents to its Reply. Indeed, this initial offer was rejected.

26          Second, Mattel references a sentence in a "Secured Delayed Draw Demand

27   Note between MGA and Omni 808 dated October 16, 2008, which states that

28   "OMNI shall have previously received the proceeds ... of a loan in the principal

A/72910736.6/3009108-0000337036                                    -7-

EXHIBIT __1__
PAGE __20__

1    amount of, and for the purpose of funding, such requested Draw made by IGWT

2    826 Investments, LLC … to OMNI 808 under that Senior Promissory Note dated

3    October 16, 2008 by and between OMNI 808, as maker, and IGWT." (Hauss Dec.

4    Ex. 5.) This also says nothing about MGA's or Mr. Larian's ownership interest in,

5    or control over, Omni 808. This relates to an unsecured loan from IGWT 826

6    Investments, LLC ("IGWT") to Omni 808 apart from and after the original

7    transaction. Like MGA and Mr. Larian, **IGWT has no ownership interest in, or**

8    **control over, Omni 808, and no equity interest in, or right to make any**

9    **decisions, with respect to Omni 808's investment in MGA's debt obligation.**

10    In fact, the very nature and terms of the referenced agreements between Omni 808,

11    on the one hand, and MGA and IGWT, on the other hand, alone demonstrates that

12    Omni 808 is a separate, independent and unrelated entity.

13        Finally, Mattel references a provision in a Senior Promissory Note dated

14    September 3, 2008 between Wachovia and MGA that Mattel claims "treats Omni

15    as an 'affiliate' of MGA." (Mattel Reply at 3:6.) This also says nothing about

16    MGA's or Mr. Larian's ownership interest in, or control over, Omni 808, and, in

17    fact, is taken so completely out of context that it further demonstrates Mattel's

18    intention to confuse and mislead the Court.

19        The provision in paragraph 9(b) of the Senior Promissory Note provides that

20    "the Borrower [MGA] will not … enter into any transaction … with any Affiliate,

21    except transactions in the ordinary course of and pursuant to the reasonable

22    requirements of the business of the Borrower … and upon terms that are no less

23    favorable to the Borrower … than would be obtained in a comparable arm's length

24    transaction with a Person that is not an Affiliate. **For purposes of this covenant,**

25    the Purchaser [Omni 808] and each of its Affiliates shall be considered Affiliates

26    of the Borrower [MGA] and its Subsidiaries." (Hauss Dec. Ex. 7 at 12, emphasis

27    added.) This clause was included in paragraph 9(b) precisely because **Omni 808 is**

28    **not, in fact, an affiliate of MGA** and thus did not satisfy the definition of

A/72910736.6/3009108-0000337036        -8-

EXHIBIT __1__
PAGE __21__

1    "Affiliate" on the first page of the Note.  If Omni *were an affiliate* of MGA, there

2    would be no need for the parties to add this caveat only for purposes of this

3    particular covenant in paragraph 9(b).  This is a standard covenant in virtually all

4    credit agreements to memorialize that any transactions between the Borrower [in

5    this case MGA] and the Purchaser [in this case Omni 808] would be at arm's

6    length -- which further supports the fact that Omni 808 is a separate, independent

7    and unrelated entity.[2]

8         Therefore, none of the references in the Wachovia documents are

9    inconsistent with or undermine, let alone contradict, Bingham's prior statements or

10   the Discovery Master's findings in the March 10 Order.

11   **IV.    MATTEL'S NEW ARGUMENTS DO NOT MAKE THE**

12   **BINGHAM SUBPOENA ANY LESS ABUSIVE OR IMPROPER**

13        Mattel's arguments regarding the ownership and control of Omni 808 are not

14   only inaccurate, but they also are entirely *irrelevant* to the motion before the Court.

15   Mattel fails to explain how the documents produced by Wachovia in any way

16   change the Discovery Master's analysis regarding the document requests to

17   Bingham at issue.

18        The Discovery Master's March 10 Order regarding these same requests was

19   premised on Mattel's failure to demonstrate "a nexus between the information

20   sought by the Subpoenas, on the one hand, and the Phase 2 claims and

21

22   [2] Mattel also cites to what purports to be an internal Wachovia memo that provides
     an "overview of the recent sale of our MGA loan to Omninet Capital" including a
23   summary of the covenants in the Senior Promissory Note (discussed above).
     Mattel specifically references an excerpt of the memo purporting to describe
24   paragraph 9(b) of the Senior Promissory Note (as discussed above) stating
     "Affiliate transactions are restricted (Omninet is considered an affiliate) except in
25   ordinary course with reasonable arm's length terms." (Hauss Dec. Ex. Ex. 8 at 3.)
     This internal Wachovia memo has no legal significance, misstates the terms of the
26   agreement (i.e., the purchaser was Omni 808, not Omninet), and, as explained
     above, the only reason the parties agreed to treat Omni 808 as an affiliate only "for
27   purposes of this covenant" is because *Omni 808 is not, in fact, an affiliate of MGA.*

28

A/72910736.6/3009108-0000337036                    -9-

EXHIBIT    1
PAGE    22

1    counterclaims set for trial in March 2010, on the other hand." (Order No. 3 at
2    3:10-12.) The fact that Omni 808 acquired a MGA debt obligation from Wachovia
3    (*which Mattel admits was a perfectly legitimate loan from Wachovia to MGA*) does
4    not make Mattel's requests for documents relating to Bingham's fee arrangements
5    and relationships with its non-party clients any more relevant to Phase 2 of the
6    Bratz doll litigation between Mattel and MGA.

7          Indeed, in its reply brief, Mattel pointedly avoids trying to tie this purported
8    new evidence to any of the particular requests in the Bingham subpoena, or to any
9    claim or defense in Phase 2. Instead, Mattel argues for the first time that several
10   (misconstrued) excerpts from the Wachovia documents raise a question "whether
11   MGA is under an *actual* obligation to repay the more than $300 million in debt,"
12   which Mattel claims is potentially relevant to MGA's net worth. (Mattel Reply at
13   2:8-9.) This is nonsense.

14         First, Mattel's purported theory -- that Omni 808 gifted Wachovia millions
15   of dollars to acquire a debt obligation from MGA with no expectation of
16   repayment -- is not only specious, irrational and contradicted by the evidence, but
17   it is entirely irrelevant to the motion before the Court. The Discovery Master
18   correctly ruled in his March 10 Order that "Mattel has failed to sufficiently
19   articulate the necessary connection between most of the Financing Discovery and
20   any Phase 2 issue." (Order No. 3 at 25:5-6.) Mattel's new arguments do not
21   address or change the fact that the document requests to Bingham seek privileged
22   and irrelevant information that is not narrowly tailored to Phase 2 issues. This
23   ground alone is sufficient to quash Mattel's subpoena. *See Mattel, Inc. v. Walking
24   Mountain Productions*, 353 F. 3d 792 (9th Cir. 2003).

25         Second, the fact that Mattel claims to have concerns regarding the debt owed
26   by MGA to Omni 808 misses the point. **Mattel already has obtained 10,000
27   documents from Wachovia and the Discovery Master already has ordered
28   Omni 808 to produce documents relating to any debt owed by MGA to Omni**

A/72910736.6/3009108-0000337036                    -10-

EXHIBIT __1__
PAGE __23__

1   **808** (*including* the debt purchased from Wachovia), and all communications

2   between Omni 808 and the MGA parties (*including* Mr. Larian) regarding any such

3   indebtedness. (Order No. 3 at 29-30.) Thus, Mattel's new arguments, at best,

4   further support the Discovery Master's March 10 Order and in no way cure any of

5   the irrelevant and overly broad categories of documents rejected by the Discovery

6   Master.

7       Third, to the extent Mattel wishes to further explore its factually baseless

8   contention that MGA or Mr. Larian has any interest in Omni 808, beyond the

9   documents already produced or being produced by Wachovia, Omni 808 and

10  IGWT, the Discovery Master in his March 10 Order specifically left open that

11  "Mattel could, upon establishing a nexus to a legitimate Phase 2 issue, **seek to**

12  **obtain this information from MGA.**"[3] Therefore, as previously explained, the

13  documents requested in the Bingham subpoena are either privileged, irrelevant or

14  duplicative of documents already produced or being produced by Omni 808,

15  Wachovia or others, or that Mattel may request from MGA.

16  **V.     CONCLUSION**

17      For the foregoing reasons, Bingham respectfully requests the Court strike all

18  new arguments and evidence presented in Mattel's Reply in Support of Motion to

19  Compel Bingham to Produce Documents Responsive to Subpoena including,

20  without limitation, all allegations contained on page 2, line 12 to page 3, line 9;

21  page 7, line 13 to page 10, line 14; and page 19, line 25 to page 20, line 2; and the

22  entire Declaration of Stephen Hauss filed in support of the Reply including

23

24  [3] The Discovery Master stated: "Of course, this [any alleged ownership interest of
25  MGA or Larian in the Financing Entities] is one of the facts Mattel seeks to
    investigate through the Subpoenas to the Financing Entities. The Discovery
26  Master's ruling denying Mattel's Motion to Compel the Financing Parties to
    comply with the Subpoenas does not address -- and should not be construed as
27  deciding -- whether Mattel could, upon establishing a nexus to a legitimate Phase 2
    issue, seek to obtain this information from MGA." (Order No. 3 at 4 fn 2.)

28

A/72910736.6/3009108-0000337036                        -11-

EXHIBIT __1__
PAGE __24__

1    Exhibits 1 through 10.  Bingham further requests that the Court deny Mattel's

2    Motion to Compel in its entirety.

3

4    DATED:  April 2, 2009                         Bingham McCutchen LLP

5

6                                                  By:

7                                                       Todd E. Gordinier

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___1___
PAGE ___25___

Exhibit 2

1  Bingham McCutchen LLP
   TODD E. GORDINIER (SBN 82200)
2  todd.gordinier@bingham.com
   PETER N. VILLAR (SBN 204038)
3  peter.villar@bingham.com
   CRAIG A. TAGGART (SBN 239168)
4  craig.taggart@bingham.com
   600 Anton Boulevard
5  18th Floor
   Costa Mesa, CA 92626-1924
6  Telephone: 714.830.0600
   Facsimile: 714.830.0700
7
   Attorneys for Non-party
8  BINGHAM McCUTCHEN LLP
9

10              UNITED STATES DISTRICT COURT

11          CENTRAL DISTRICT OF CALIFORNIA

12                  EASTERN DIVISION

13  CARTER BRYANT, an individual,        | CASE NO. CV 04-9049 SGL (RNBx)

14          Plaintiff,                    | Consolidated with Case No.
                                          | CV 04-09059 and Case No. CV 05-2727
15          v.
                                          | DISCOVERY MATTER
16  MATTEL, INC., a Delaware             | To be heard by Discovery Master
    Corporation,                          | Robert C. O'Brien
17
            Defendant.                    | BINGHAM MCCUTCHEN LLP'S
18                                        | REPLY IN SUPPORT OF
                                          | OBJECTIONS TO AND MOTION
19                                        | TO STRIKE MATTEL, INC.'S
                                          | REPLY IN SUPPORT OF MOTION
20                                        | TO COMPEL BINGHAM
                                          | MCCUTCHEN LLP TO PRODUCE
21                                        | DOCUMENTS RESPONSIVE TO
                                          | SUBPOENA
22
                                          | Date:    April 21, 2009
23                                        | Time:    10:00 a.m.
                                          | Place:   Arent Fox LLP
24                                        |          555 West Fifth Street
                                          |          48th Floor
25                                        |          Los Angeles, CA 90013
26  AND CONSOLIDATED ACTIONS.
27
28
   A/73004585.2/3009108-0000337036

EXHIBIT 2
PAGE 26

1                                 TABLE OF CONTENTS

2                                                                                      Page

3     INTRODUCTION ...............................................................................................1

4     II.   BINGHAM'S OBJECTIONS ARE CONSISTENT WITH WELL-
5           ESTABLISHED PRECEDENT PROHIBITING A MOVING PARTY
            FROM RAISING NEW ARGUMENTS OR EVIDENCE FOR THE
6           FIRST TIME IN ITS REPLY BRIEF...................................................5

7     III.  MATTEL STILL FAILS TO EXPLAIN HOW ANY OF THE
            WACHOVIA DOCUMENTS ARE INCONSISTENT WITH THE
8           DISCOVERY MASTER'S PRIOR FINDINGS OR BINGHAM'S
9           PRIOR STATEMENTS...................................................................8

10    IV.   MATTEL STILL FAILS TO EXPLAIN HOW ANY OF ITS NEW
            ARGUMENTS WOULD CHANGE THE COURT'S ANALYSIS
11          REGARDING THE DOCUMENT REQUESTS TO BINGHAM...............10

12    V.    CONCLUSION.............................................................................12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/73004585;2/3009108-0000337036                        i

EXHIBIT ___2___
PAGE ___27___

1

## TABLE OF AUTHORITIES

2

3

**Page(s)**

**FEDERAL CASES**

4

5
*American Traffic Solutions, Inc. v. Redflex Traffic Systems, Inc.,*
    No. CV-08-2051-PHX-FJM, 2009 WL 775104 (D. Ariz. March 20,
6
    2009) .................................................................................................6

7
*Contratto v. Ethicon, Inc.,*
    227 F.R.D. 304 (N.D. Cal. 2005).........................................................7
8

9
*Docusign, Inc. v. Sertifi, Inc.,*
    468 F. Supp. 2d 1305 (W.D. Wash. 2006) ...................................6, 7
10

11
*Eberle v. City of Anaheim,*
    901 F.2d 814 (9th Cir. 1990) ..............................................................5
12

13
*Gadda v. State Bar of Cal.,*
    511 F.3d 933 (9th Cir. 2007) ..............................................................6
14

15
*Grupo Gigante S.A. de C.V. v. Dallo & Co., Inc.,*
    119 F. Supp. 2d 1083 (C.D. Cal. 2000) ..............................................5
16

17
*Hamilton v. Willms,*
    2007 WL 2558615 (E.D. Cal. 2007)....................................................5
18

19
*Intrade Indus., Inc. v. Foreign Cargo Management Corp., et. al.,*
    No. 07-CV-1893 AWI (GSA) 2008 U.S. Dist. LEXIS 105911 (E.D. Cal.
20
    Dec. 23, 2008)......................................................................................5

21
*Langston v. North American Asset Development Corp.,*
    No. C 08-02560 SI, 2009 WL 941763 (N.D. Cal. April 6, 2009) ....................6, 7
22

23
*Stewart v. Wachowski,*
    2004 WL 2980783 (E.D. Cal. 2007).....................................................5
24

25
*U.S. v. Martinez-Leon,*
    565 F. Supp. 2d 1131 (C.D. Cal. 2008) ...............................................6
26

27
*United States v. Boyce,*
    148 F. Supp. 2d 1069 (S.D. Cal. 2001).................................................5

28



EXHIBIT 2
PAGE 28

1   *United States v. Cox,*
2       7 F.3d 1458 (9th Cir. 1993) .................................................................................5

3   *United States v. Patterson,*
4       230 F.3d 1168 (9th Cir. 2000) ...........................................................................6

5   *United States v. Wright,*
6       215 F.3d 1020 (9th Cir. 2000) ............................................................................5

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24.

25

26

27

28

EXHIBIT 2
PAGE 29

## I.   INTRODUCTION

Mattel, Inc.'s Opposition to Bingham McCutchen LLP's Objections to and Motion to Strike Mattel's Reply in Support of Motion to Compel Bingham to Produce Documents Responsive to Subpoena ("Objections") is saturated with baseless rhetoric, hyperbole and personal attacks designed to distract the Court from the real issues -- most notably that Mattel's subpoena to Bingham is not only wholly improper but completely subsumed by the Phase II Discovery Master Order No. 3. Mattel is wrong on every point of fact and law.

First, Mattel's contention that Bingham's Objections are a "sur-reply" is nonsense. Bingham's Objections simply ask the Court to disregard the new arguments made in Mattel's reply brief under the legal standard that has been uniformly applied by this Court and all other courts in the Ninth Circuit. If the Court properly rejects Mattel's new arguments, it is not necessary to consider Bingham's substantive response; but, if the Court entertains these new arguments, it would be unfair and prejudicial not to consider Bingham's response.

Second, Mattel's contention that its reply brief presents new "evidence," but not new "arguments," does not pass the straight-face test. In fact, six pages of Mattel's memorandum of points and authorities are devoted entirely to new arguments, most of which are contained in the "Argument" section. Moreover, this is a distinction without a difference as any new evidence submitted by Mattel for the first time in its reply brief is also improper under well-established Ninth Circuit case law.

Third, Mattel's contention that Bingham was not "sandbagged" by these new arguments and evidence, because Bingham was aware of the Omni 808-Wachovia transaction, misses the point entirely. Bingham is not contending that it was unaware of the Omni 808-Wachovia transaction. Indeed, Bingham's understanding of the transaction is precisely why Bingham knows that Mattel's proffered "interpretation" of the Wachovia documents is erroneous. Rather,

EXHIBIT  2
PAGE  30

1    Bingham is contending that it did not have a chance to respond to these new

2    arguments or to review the Wachovia documents because they were <u>not included</u>

3    <u>in Mattel's opening brief.</u>

4        <u>Fourth</u>, after countless attempts, Mattel *still* fails to explain how any of these

5    Wachovia documents are inconsistent with Bingham's prior statements or, <u>more</u>

6    <u>importantly</u>, with the Discovery Master's findings in Order No. 3 that Mattel

7    purports to challenge: (1) that the Financing Entities are "outsiders to the

8    litigation" and (2) that MGA and Larian do not have an "ownership interest" in the

9    Financing Entities. (Order No. 3 at 4:2-4; 16, fn 13.) **Both of these findings are**

10   **100% correct and Mattel's selected excerpts from the Wachovia documents**

11   **do not prove otherwise.** For instance:

12       • Mattel does not dispute that the contemplated "non-voting limited interest

13           in the Loan Acquisition" of Mr. Larian, proposed in the initial June 29, 2008

14           offer letter to Wachovia, was <u>rejected</u> and <u>never happened.</u> In fact, Mattel

15           concedes that the actual Master Assignment and Exchange Agreement dated

16           September 3, 2008 between Omni 808 and Wachovia ("Agreement") assigns

17           <u>no interest to Mr. Larian.</u> Therefore, Mattel's reliance on a rejected offer

18           letter over the <u>actual signed Agreement</u> is illustrative of both its approach

19           here and the merits of its arguments.

20       • It is undisputed that the Senior Promissory Note dated September 3, 2008

21           between Wachovia and MGA says <u>nothing</u> about MGA's or Mr. Larian's

22           interest in Omni 808. Moreover, the fact that Wachovia and MGA agreed to

23           treat Omni 808 as an "affiliate" solely for purposes of a specific covenant

24           contained in a specific Note (*precisely because Omni 808 did not satisfy the*

25           *definition of "Affiliate" in the Note*) does not contradict Bingham's

26           statements or the Discovery Master's findings. Mattel's ill-fated attempt to

27           intentionally distort the meaning of this provision is similarly revealing.

28       • Finally, Mattel acknowledges that the Senior Promissory Note dated

EXHIBIT ___2___
PAGE ___3/___

1    October 16, between Omni 808 and IGWT 826 Investments, LLC ("IGWT")

2    also says nothing about MGA's or Mr. Larian's interest in Omni 808.

3    Moreover, Mattel's last ditch argument that this IGWT Note conflicts with

4    Bingham's prior statements that *MGA* did not fund the loan acquisition,

5    purportedly based on the Discovery Master's subsequent finding that Mr.

6    Larian is affiliated with IGWT, is not only untrue (IGWT is a separate legal

7    entity) but also irrelevant since IGWT has no interest in Omni 808 either.

8    In sum, the entire premise of Mattel's improperly submitted new arguments (that

9    the Discovery Master's findings regarding the ownership of the Financing Entities

10   were inaccurate) is groundless.

11         Finally, and most importantly, Mattel's Opposition all but *ignores* the

12   critical fact that these Wachovia documents (whether or not Mattel *claims* they are

13   inconsistent with Bingham's prior statements) do not change the Discovery

14   Master's analysis with respect to the document requests to Bingham at issue. The

15   Discovery Master's Order No. 3 regarding these same requests was based on

16   **Mattel's failure to demonstrate "a nexus between the information sought by**

17   **the Subpoenas, on the one hand, and the Phase 2 claims and counterclaims set**

18   **for trial in March 2010, on the other hand."** (Order No. 3 at 3:10-12.) Mattel's

19   new arguments do not make its requests for all documents relating to Bingham's

20   "fee agreements and fee arrangements" with its non-party clients or all documents

21   relating to the Financing Entities' "formation, operations and history of

22   transactions" (Order No. 3 at 21:2) any more relevant to Phase 2 of the Bratz doll

23   litigation between Mattel and MGA.

24         It is no coincidence that Mattel pointedly avoids trying to tie the Wachovia

25   documents to any of these overly broad and irrelevant categories. Rather, Mattel's

26   only argument is that the Wachovia documents raise a question "whether MGA is

27   under an *actual* obligation to repay the more than $300 million in debt," which

28   Mattel claims is potentially relevant to MGA's net worth. This argument is not
A/73004585.2/3009108-0000337036                    3

EXHIBIT __2__

PAGE __32__

1  only specious and contradicted by the evidence, but misses the point entirely.

2  Indeed, **the Discovery Master already has ordered Omni 808 to produce**
3  **documents relating to the existence and validity of any debt owed by MGA to**
4  **Omni 808** (including the debt purchased from Wachovia), and all communications
5  between Omni 808 and the MGA parties (including Mr. Larian) regarding any such
6  indebtedness. (Order No. 3 at 29-30.) Therefore, Mattel's purported concerns
7  regarding the validity of the debt owed by MGA to Omni 808 are already taken
8  into account in the Discovery Master's Order No. 3.

9  Further, the Discovery Master specifically left open that "Mattel could, upon
10  establishing a nexus to a legitimate Phase 2 issue, **seek to obtain this information**
11  **from MGA.**" (Order No. 3 at 4 fn 2.) Therefore, if Mattel wants to pursue these
12  factually baseless allegations, it should request the documents from MGA, not the
13  Financing Entities (as the Discovery Master stated) and certainly not from their
14  counsel.

15  Moreover, Mattel's alleged concerns regarding the validity of MGA's debt
16  have nothing whatsoever to do with Omninet Capital, LLC, Vision Capital, LLC or
17  other Financing Entities who Mattel has admitted and the Discovery Master has
18  correctly found are **not creditors of MGA.** (Order No. 3 at 19, fn 17.) Therefore,
19  Mattel's new arguments have no bearing on the Financing Discovery as it relates to
20  any of these non-party entities.

21  Accordingly, Bingham respectfully requests the Court strike all new
22  arguments and evidence presented in Mattel's reply and deny Mattel's motion to
23  compel in its entirety.

A/73004585.2/3009108-0000337036          4

EXHIBIT 2
PAGE 33

## II.   BINGHAM'S OBJECTIONS ARE CONSISTENT WITH
WELL-ESTABLISHED PRECEDENT PROHIBITING A
MOVING PARTY FROM RAISING NEW ARGUMENTS OR
EVIDENCE FOR THE FIRST TIME IN ITS REPLY BRIEF

### A.   Mattel's Contention That Bingham's Objections Should Be
Considered A "Sur-Reply" Is Nonsense

Contrary to Mattel's assertion, Bingham's Objections are not a "sur-reply."
Bingham's Objections simply ask the Court to disregard the new arguments made
in Mattel's reply brief under the legal standard that has been uniformly applied by
this Court and all other courts in the Ninth Circuit. It is well-established in the
Ninth Circuit that "a party may not make new arguments in the reply brief."
*United States v. Cox*, 7 F.3d 1458, 1463 (9th Cir. 1993).[1]  Indeed, in this litigation
the Court and the Discovery Master have repeatedly refused to consider new
arguments raised for the first time in a party's reply brief. "A party filing a motion
is required to raise all of its arguments in its opening brief to prevent
'sandbagging' of the non-moving party and to provide opposing counsel a chance
to respond." (Order No. 3 at 6:3-6) (emphasis added).

---

[1] See also *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) ("It is well
established in this circuit that the general rule is that appellants cannot raise a new
issue for the first time in their reply briefs."); *United States v. Wright*, 215 F.3d
1020, 1030 n.3 (9th Cir. 2000) (declining to consider arguments raised for the first
time in respondents' reply brief); *see also United States v. Boyce*, 148 F. Supp. 2d
1069, 1085 (S.D. Cal. 2001) ("it is improper for a party to raise a new argument in
a reply brief."); *Grupo Gigante S.A. de C.V. v. Dallo & Co., Inc.*, 119 F. Supp. 2d
1083, 1003, n.15 (C.D. Cal. 2000) ("The Court need not, and does not, consider
arguments raised for the first time in a reply brief"); *Intrade Indus., Inc. v. Foreign
Cargo Management Corp., et. al.*, No. 07-CV-1893 AWI (GSA) 2008 U.S. Dist.
LEXIS 105911, at *5 (E.D. Cal. Dec. 23, 2008) ("it is improper for a party to raise
a new argument in a reply brief."); *Stewart v. Wachowski*, 2004 WL 2980783, at
*11 (E.D. Cal. 2007) ("Courts decline to consider arguments that are raised for the
first time in reply."); *Hamilton v. Willms*, 2007 WL 2558615, at *11 (E.D. Cal.
2007) ("The court cannot grant a motion on a new argument or new evidence
presented for the first time in a reply brief.").

EXHIBIT _2_
PAGE _34_

1      **B.      Mattel's Contention That It Has Raised No New "Arguments" Is**
2               **Equally Absurd**

3           Faced with the Ninth Circuit precedent and this Court's prior Orders, Mattel

4      contends that its reply brief presents new "evidence," but not new "arguments."

5      This purported distinction is both untrue and irrelevant. Six pages of Mattel's

6      memorandum of points and authorities are devoted entirely to new arguments.

7      (*See* Mattel Reply page 2, line 12 to page 3, line 9; page 7, line 13 to page 10, line

8      14; and page 19, line 25 to page 20, line 2.) In fact, virtually all of these new

9      arguments are contained in Mattel's **"Argument"** section of its reply brief.

10     Moreover, contrary to Mattel's assertion, any new evidence submitted by Mattel

11     for the first time in its reply brief is also improper under well-established Ninth

12     Circuit case law. *See, e.g., U.S. v. Martinez-Leon*, 565 F. Supp. 2d 1131, 1132 n. 1

13     (C.D. Cal. 2008) (refusing to consider new evidence that was improperly presented

14     for the first time in the defendant's reply brief); *Langston v. North American Asset*

15     *Development Corp.*, No. C 08-02560 SI, 2009 WL 941763, at *5 n. 7 (N.D. Cal.

16     April 6, 2009) ("The Court agrees that it is improper for plaintiff to raise new

17     arguments in her reply brief, and therefore has not considered these arguments or

18     evidence in reaching its decision."); *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d

19     1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and

20     evidence presented for the first time in Reply are waived.") (citing *United States v.*

21     *Patterson*, 230 F.3d 1168, 1172 (9th Cir. 2000)); *American Traffic Solutions, Inc.*

22     *v. Redflex Traffic Systems, Inc.*, No. CV-08-2051-PHX-FJM, 2009 WL 775104, at

23     *1 (D. Ariz. March 20, 2009) ("The remedy for dealing with new evidence first

24     appearing in a reply is that we will not consider issues or evidence raised for the

25     first time in plaintiff's reply.") (citing *Gadda v. State Bar of Cal.*, 511 F.3d 933,

26     937 n. 2 (9th Cir. 2007)).

27

28

A/73004585.2/3009108-0000337036                    6

EXHIBIT __2__
PAGE __35__

**C.   Mattel's Contention That Bingham Has Not Been "Sandbagged"
By These New Arguments Is Untrue And Misses The Point**

Mattel erroneously contends that Bingham was not "sandbagged" by the new arguments and evidence in Mattel's reply brief because Bingham was aware of the Omni 808-Wachovia transaction. Mattel misses the point entirely. Bingham is not contending that it was unaware of the Omni 808-Wachovia transaction. In fact, Bingham's understanding of the transaction is precisely why Bingham knows that Mattel's proffered "interpretation" of the Wachovia documents is erroneous. Rather, Bingham is contending that it did not have a chance to respond to these arguments or to review the Wachovia documents because they were not included in Mattel's opening brief.

Therefore, the Court should reject all of the improperly proffered new arguments and evidence presented in Mattel's Reply including, without limitation, all allegations contained on page 2, line 12 to page 3, line 9; page 7, line 13 to page 10, line 14; and page 19, line 25 to page 20, line 2, as well as the entire Declaration of Stephen Hauss filed in support of the Reply, including Exhibits 1 through 10.[2]

---

[2] Mattel's unsupported assertion in footnote 1 of its Opposition that Bingham did not "meet and confer" prior to filing its Objections is equally meritless. A party is not required to meet and confer before filing objections to new arguments and evidence made in a reply brief, and Mattel cites no authority suggesting otherwise. Indeed, courts routinely reject new arguments and evidence submitted for the first time in a reply brief without the need of formal motion procedures. *See, e.g.*, *Langston*, 2009 WL 941763, at *5 n. 7 (granting motion to strike and declining to consider new evidence submitted with reply brief); *Docusign, Inc.*, 468 F. Supp. 2d at 1307 (granting motion to strike new argument and evidence improperly submitted with reply brief); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308-09 n. 5 (N.D. Cal. 2005) (granting motion to strike declaration containing new evidence submitted for the first time with defendants' reply).

EXHIBIT 2
PAGE 36

1  **III.    MATTEL STILL FAILS TO EXPLAIN HOW ANY OF THE**
2  **WACHOVIA DOCUMENTS ARE INCONSISTENT WITH THE**
3  **DISCOVERY MASTER'S PRIOR FINDINGS OR BINGHAM'S**
4  **PRIOR STATEMENTS**

5    After countless attempts, Mattel *still* fails to explain how any of these
6  Wachovia documents are inconsistent with Bingham's prior statements or, more
7  importantly, the Discovery Master's findings in Order No. 3 that Mattel purports to
8  challenge: (1) that the Financing Entities are "outsiders to the litigation" and (2)
9  that MGA and Larian do not have an "ownership interest" in the Financing
10  Entities. (Order No. 3 at 4:2-4; 16, fn 13.) Both of these findings are correct.
11  Consistent with both Bingham's statements and the Discovery Master's findings,
12  **MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac**
13  **Larian do not have, and have never had, any ownership interest in, or control**
14  **over, the Financing Entities.** Again, the excerpts from the Wachovia documents
15  that Mattel selectively attaches to its reply brief out of context say *nothing* about
16  MGA's or Mr. Larian's ownership interest in the Financing Entities because they
17  have no such interest.

18    First, Mattel does not dispute that the contemplated "non-voting limited
19  interest in the Loan Acquisition" of Mr. Larian, proposed in the initial June 29,
20  2008 offer letter to Wachovia, was rejected and never happened. Nor does Mattel
21  dispute that the actual Master Assignment and Exchange Agreement dated
22  September 3, 2008 between Omni 808 and Wachovia ("Agreement") assigns no
23  interest to Mr. Larian. Indeed, the Agreement expressly provides: "Each Assignor
24  hereby irrevocably sells, transfers, assigns, grants and conveys to Assignee [Omni
25  808 Investors, LLC], and Assignee hereby irrevocably purchases and assumes
26  from the respective Assignors, as of the Effective Date, all of the respective
27
28

EXHIBIT __2__
PAGE __37__

1    Assignor's rights and obligations in the Assigned interests." (Section 1.1.)[3]

2    Therefore, Mattel's continued reliance on a rejected offer letter over the <u>actual</u>

3    <u>signed Agreement</u> is illustrative of both its approach here and the merits of its

4    arguments.

5        <u>Second</u>, it is undisputed that the Senior Promissory Note dated September 3,

6    2008 between Wachovia and MGA says <u>nothing</u> about MGA's or Mr. Larian's

7    interest in Omni 808. Moreover, the fact that Wachovia and MGA agreed to treat

8    Omni 808 as an affiliate "solely for purposes" of a specific covenant contained in a

9    specific Note *(precisely because Omni 808 did not satisfy the definition of*

10    *"Affiliate" in the Note)* does not contradict Bingham's statements or the Discovery

11    Master's findings. Mattel's ill-fated attempt to intentionally distort the meaning of

12    this provision is similarly revealing.

13        <u>Third</u>, Mattel acknowledges that the Senior Promissory Note dated October

14    16, between Omni 808 and IGWT 826 Investments, LLC ("IGWT") also says

15    <u>nothing</u> about MGA's or Mr. Larian's interest in Omni 808. Moreover, Mattel's

16    last ditch argument that this IGWT Note conflicts with Bingham's prior statements

17    that *MGA* did not fund the loan acquisition, purportedly based on the Discovery

18    Master's subsequent finding that Mr. Larian is affiliated with IGWT, is not only

19    untrue (IGWT is a separate legal entity) but also irrelevant since IGWT has no

20    interest in Omni 808 either.

21        Ironically, because Mattel cannot refute the fact that IGWT has no

22    ownership interest in, or control over, Omni 808, and no equity interest in, or right

23    to make any decisions, with respect to Omni 808's investment in MGA's debt

24

25    [3] Note that Bingham mistakenly stated that Mattel had not attached a copy of the
Master Assignment and Exchange Agreement to its reply brief. Bingham confused

26    Mattel's reply brief regarding the Bingham subpoena with Mattel's Motion for
Reconsideration of Phase II Discovery Master Order No. 3 where Mattel

27    conveniently omitted the Agreement presumably after realizing it contradicts its
argument that Mr. Larian has an interest in the Loan Acqusition.

28

EXHIBIT __2__
PAGE __38__

1   obligation, Mattel baselessly claims that these facts "prove nothing." (Mattel Opp.
2   at 8.)  These facts prove everything, most notably that the Discovery Master's
3   findings in Order No. 3 were correct not only as to MGA and Mr. Larian, but with
4   respect to IGWT as well.

5        Therefore, none of the references in the Wachovia documents are
6   inconsistent with or undermine, let alone contradict, Bingham's prior statements or
7   the Discovery Master's findings in the March 10 Order.  The entire premise of
8   Mattel's new arguments is fatally flawed.

9   IV.   MATTEL STILL FAILS TO EXPLAIN HOW ANY OF ITS
10         NEW ARGUMENTS WOULD CHANGE THE COURT'S
11         ANALYSIS REGARDING THE DOCUMENT REQUESTS TO
12         BINGHAM

13       Mattel's arguments regarding the ownership and control of Omni 808 are not
14   only inaccurate, but they also are entirely irrelevant to the motion before the Court.
15   Mattel fails to explain how the documents produced by Wachovia in any way
16   change the Discovery Master's analysis regarding the document requests to
17   Bingham at issue.

18       The Discovery Master's Order No. 3 regarding these same requests was
19   based on Mattel's failure to demonstrate "a nexus between the information
20   sought by the Subpoenas, on the one hand, and the Phase 2 claims and
21   counterclaims set for trial in March 2010, on the other hand." (Order No. 3 at
22   3:10-12.)  The new arguments referenced by Mattel do not make Mattel's requests
23   for all documents relating to Bingham's "fee agreements and arrangements" with
24   its non-party clients or all documents relating to the Financing Entities'
25   "formation, operations and history of transactions" (Order No. 3 at 21:2) any more
26   relevant to Phase 2 of the Bratz doll litigation between Mattel and MGA.

27       In fact, Mattel pointedly avoids trying to tie the Wachovia documents to any
28   of these overly broad and irrelevant categories.  Rather, Mattel's only argument is

A/73004585.2/3009108-0000337036                 10

EXHIBIT   2
PAGE   39

1  that the Wachovia documents raise a question "whether MGA is under an *actual*
2  obligation to repay the more than $300 million in debt," which Mattel claims is
3  potentially relevant to MGA's net worth.  This is nonsense.

4      Mattel's bizarre new theory -- *that Omni 808 paid millions of dollars to*
5  *purchase the MGA debt obligation from Wachovia with no expectation of*
6  *repayment* -- is not only specious, irrational and contradicted by the evidence, but
7  it is entirely irrelevant to Mattel's motion.

8      First, the fact that Mattel claims to have concerns regarding the debt owed
9  by MGA to Omni 808 misses the point.  **The Discovery Master specifically**
10 **ordered Omni 808 to produce documents relating to existence and validity of**
11 **any debt owed by MGA to Omni 808** (*including* the debt purchased from
12 Wachovia), and all communications between Omni 808 and the MGA parties
13 (*including* Mr. Larian) regarding any such indebtedness.  (Order No. 3 at 29-30.)
14 Thus, Mattel's purported concerns have already been taken into account by the
15 Discovery Master's Order No. 3, and in no way cure any of the irrelevant and
16 overly broad categories of documents rejected by the Discovery Master.  (*See*
17 Order No. 3 at 25:5-6: "Mattel has failed to sufficiently articulate the necessary
18 connection between most of the Financing Discovery and any Phase 2 issue.")

19     Second, to the extent Mattel wishes to further explore its factually baseless
20 contention that MGA or Mr. Larian has any interest in Omni 808, beyond the
21 10,000 documents already produced by Wachovia, and to be produced by Omni
22 808 and IGWT, the Discovery Master in his March 10 Order specifically left open
23 that "Mattel could, upon establishing a nexus to a legitimate Phase 2 issue, **seek to**

24
25
26
27
28

A/73004585.2/3009108-0000337036          11

EXHIBIT 2
PAGE 40

1    obtain this information from MGA." (Order No. 3 at 4 fn 2.)[4]

2         Finally, Mattel's purported concerns regarding the validity of the debt owed

3    by MGA to Omni 808 have nothing whatsoever to do with Omninet Capital, LLC,

4    Vision Capital, LLC or other Financing Entities who Mattel has admitted and the

5    Discovery Master has correctly found are **not creditors of MGA**. (Order No. 3 at

6    19, fn 17.) The Discovery Master correctly found that the analysis is

7    "fundamentally different" for such non-party entities because neither entity is

8    alleged by Mattel to be a creditor of MGA Entertainment, Inc. Therefore, Mattel's

9    new arguments have no bearing on the Financing Discovery as it relates to any of

10   these non-party entities.

11        Therefore, as previously explained, the documents requested in the Bingham

12   subpoena are either privileged, irrelevant or duplicative of documents already

13   produced or being produced by Omni 808, Wachovia or others, or that Mattel may

14   request from MGA.

15   **V.    CONCLUSION**

16        For the foregoing reasons, Bingham again respectfully requests the Court

17   decline to consider all new arguments and evidence presented in Mattel's Reply in

18   Support of Motion to Compel Bingham to Produce Documents Responsive to

19   Subpoena including, without limitation, all allegations contained on page 2, line 12

20   to page 3, line 9; page 7, line 13 to page 10, line 14; and page 19, line 25 to page

21   20, line 2; and the entire Declaration of Stephen Hauss filed in support of the

22

23   [4] Mattel makes a disingenuous argument in its Opposition that "it is curious that
     Bingham would identify MGA as the proper source" for documents relating to
24   Bingham's fee agreements and related issues. Bingham never said that MGA was
     the proper source for such information. As Mattel knows, Bingham's argument
25   refers to <u>the Discovery Master's</u> statement in Order No. 3 at footnote 2 that: "The
     Discovery Master's ruling denying Mattel's Motion to Compel the Financing
26   Parties to comply with the Subpoenas does not address -- and should not be
     construed as deciding -- whether Mattel could, upon establishing a nexus to a
27   legitimate Phase 2 issue, seek to obtain this information [any alleged interest of
     MGA in the Financing Entities] from MGA." (Order No. 3 at 4 fn 2.)

28

EXHIBIT __2__
PAGE   41

1   Reply, including Exhibits 1 through 10.  Bingham further requests that the Court

2   deny Mattel's Motion to Compel in its entirety.

3

4   DATED:  April 14, 2009          Bingham McCutchen LLP

5

6                            By:  _____

                                  Todd E. Gordinier

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/73004585.2/3009108-0000337036           13

EXHIBIT _2_
PAGE _42_

Exhibit 3

# REDACTED

# PURSUANT TO THE PROTECTIVE ORDER

Exhibit 4

# REDACTED

# PURSUANT TO THE PROTECTIVE ORDER

Exhibit 5

# REDACTED

# PURSUANT TO THE PROTECTIVE ORDER

Exhibit 6

# REDACTED

# PURSUANT TO THE PROTECTIVE ORDER

Exhibit 7

Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
todd.gordinier@bingham.com
PETER N. VILLAR (SBN 204038)
peter.villar@bingham.com
CRAIG A. TAGGART (SBN 239168)
craig.taggart@bingham.com
600 Anton Boulevard, 18th Floor
Costa Mesa, CA  92626-1924
Telephone:  714.830.0600
Facsimile:  714.830.0700

Attorneys for Non-Parties
LEON NEMAN, FRED MASHIAN
and NEIL KADISHA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant. | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>**To be heard by Discovery Master Robert C. O'Brien**<br><br>**NOTICE OF MOTION AND MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER RE SUBPOENAS ISSUED BY MATTEL, INC. TO NON-PARTIES LEON NEMAN, FRED MASHIAN AND NEIL KADISHA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**[DECLARATION OF PETER N. VILLAR FILED CONCURRENTLY]**<br><br>Date:    TBD<br>Time:    TBD<br>Place:   Arent Fox LLP<br>        555 West Fifth Street<br>        48th Floor<br>        Los Angeles, CA  90013 |
| AND CONSOLIDATED ACTIONS. | |

A/72865234.2/3009108-0000337036

-1-

EXHIBIT 7
PAGE 103

1            **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2         **PLEASE TAKE NOTICE** that Non-parties Leon Neman, Fred Mashian

3 and Neil Kadisha (collectively, "Non-party Deponents") will and hereby do move

4 pursuant to Federal Rules of Civil Procedure 26(c) and 45 for a protective order

5 and/or to quash the deposition subpoenas issued by Mattel, Inc. The motion will

6 be heard at a date and time to be determined before the Discovery Master, Robert

7 C. O'Brien.

8         The motion is made on the grounds that the deposition subpoenas are

9 objectionable on many grounds and that this Court should quash them and/or issue

10 a protective order under Rules 26(c) and 45 of the Federal Rules of Civil Procedure

11 because, among other things: (1) the subpoenas seek information that is not

12 relevant and beyond the scope of the Discovery Master's Order No. 3 issued on

13 March 10, 2009; (2) the subpoenas are duplicative of discovery already sought by

14 Mattel and abusively drawn for the purpose of annoying, harassing and exerting

15 pressure on the Non-party Deponents; (3) any information purportedly relevant to

16 Phase 2 should be first sought from the parties before burdening non-parties; and

17 (4) Mattel unilaterally set the deposition dates and times without consulting with

18 the Non-party Deponents or their counsel.

19         This motion is based on the Notice of Motion and Motion to Quash and/or

20 for Protective Order, the attached Memorandum of Points and Authorities in

21 support thereof, the supporting Declaration of Peter N. Villar filed herewith, the

22 pleadings and records on file in this action, any matters to which this Court may

23 take judicial notice, and any further evidence and argument as may be presented on

24 this motion.

25

26

27

28
    A/72865234.2/3009108-0000337036              -2-

EXHIBIT __7__

PAGE __104__

1   DATED:  March 12, 2009                Bingham McCutchen LLP

2

3                                          By: _____
                                               Peter N. Villar
4                                              Attorneys for Non-Parties
                                               LEON NEMAN, FRED MASHIAN
5                                              and NEIL KADISHA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/72865234.2/3009108-0000337036                      -3-

EXHIBIT __7__
PAGE __105__

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

3  **I.    INTRODUCTION**

4        In its latest effort to intimidate and harass non-parties in connection with this

5  litigation, Mattel, Inc. ("Mattel") has issued three more deposition subpoenas to

6  non-parties Leon Neman (principal of Vision Capital, LLC), Fred Mashian

7  (outside attorney for Vision Capital, LLC) and Neil Kadisha (principal of Omninet

8  Capital, LLC and Omni 808 Investors, LLC) (collectively, "Non-party

9  Deponents"). The Discover Master already issued an Order dated March 10, 2009

10 finding that information relating to Vision Capital, LLC and Omninet Capital, LLC

11 is not relevant to the issues in this case, and that only a limited category of

12 documents relating to Omni 808 Investors, LLC is discoverable. Despite the

13 Court's Order, however, Mattel issued these subpoenas to obtain the very

14 information and documents from the Non-party Deponents that the Discovery

15 Master determined could not be obtained from the non-party Finance Entities and

16 is not relevant to the Phase 2 proceedings between Mattel and MGA

17 Entertainment, Inc. ("MGA"). The time has come for this Court to put an end to

18 Mattel's relentless assault on innocent non-parties.

19       The Court should quash theses subpoenas and/or issue a protective order

20 prohibiting Mattel from taking the depositions of the Non-party Deponents or from

21 obtaining the 44 categories of documents requested from Mr. Kadisha for the

22 following reasons. First, this Court's March 10, 2009 Order relating to Mattel's

23 document subpoenas directed to Omni 808 Investors, LLC, OmniNet Capital, LLC

24 and Vision Capital, LLC (collectively, "Financing Entities") affirmed that the

25 information Mattel is seeking from the Financing Entities, and the individuals

26 related thereto, is irrelevant to the Phase 2 proceedings between Mattel and MGA.

27 The Discovery Master held that "it does not appear that either MGA

28 Entertainment, Inc., MGA Entertainment (HK) Limited, or Larian have an

A/72865234.2/3009108-0000337036                          -1-

EXHIBIT  7

PAGF  _106_

1   ownership interest in the Financing Entities." (March 10, 2009 Discovery Master

2   Order at 4.) Furthermore, after rejecting each of Mattel's relevance arguments,

3   the Discovery Master held that "Mattel's Motion to Compel the Financing Entities

4   to produce documents responsive to the Subpoenas is DENIED with respect to

5   OmniNet Capital, LLC and Vision Capital, LLC." (March 10, 2009 Discovery

6   Master Order at 28.) The Court specifically noted that "neither entity is alleged by

7   Mattel to be a creditor of MGA Entertainment, Inc." (March 10, 2009 Discovery

8   Master Order at 19 n. 17.) The Court also denied Mattel's motion to compel all

9   but a narrow subset of the documents sought from Omni 808. The only documents

10  that the Court ordered to be disclosed are "documents relating to (1) the existence

11  of any debt owed by MGA Entertainment, Inc. to Omni 808 Investors, LLC,

12  including any debt purchased from Wachovia Bank, and (2) any communications

13  between Omni 808 Investors, LLC and the MGA parties regarding any such

14  indebtedness." (March 10, 2009 Discovery Master Order at 29.)

15      In light of the Court's March 10, 2009 Order, the deposition subpoenas are

16  improper and should be quashed. Mr. Neman is a principal of Vision Capital.

17  Thus, because this Court determined that the subpoena to Vision Capital is

18  improper, there is no reason to depose Mr. Neman. Further, Mr. Mashian is a

19  business attorney that has provided legal services on occasion for Vision Capital,

20  LLC. Thus, there are no grounds to depose Mr. Mashian.

21      There is also no basis on which to depose or obtain documents from Mr.

22  Kadisha, a principal of Omninet Capital and Omni 808. The Discovery Master

23  already found that information relating to Omninet Capital is not relevant to this

24  action, and found that information relating to Omni 808 is not relevant except for a

25  narrow subset of documents relating to "MGA's net worth." Because all

26  potentially relevant information will be produced by Omni 808 pursuant to the

27  Discovery Master's March 10 Order, there is no basis or need to depose Mr.

28  Kadisha. Moreover, each of the 44 broad categories of documents requested by

A/72865234.2/3009108-0000337036                    -2-

EXHIBIT 7

PAGE 107

1   DATED: March 12, 2009                    Bingham McCutchen LLP

2

3                                            By:
                                                Peter N. Villar
4                                               Attorneys for Non-parties
                                                LEON NEMAN, FRED MASHIAN
5                                               and NEIL KADISHA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     A/72865234.2/3009108-0000337036                    -17-

EXHIBIT   7
PAGE   108

Exhibit 8

# REDACTED

# PURSUANT TO THE PROTECTIVE ORDER

Exhibit 9

# REDACTED

# PURSUANT
# TO
# THE
# PROTECTIVE
# ORDER

Exhibit 10

# REDACTED

# PURSUANT TO THE PROTECTIVE ORDER

**Exhibit 11**

# REDACTED

# PURSUANT TO THE PROTECTIVE ORDER

Exhibit 12

# REDACTED

# PURSUANT TO THE PROTECTIVE ORDER

**EXHIBIT 13**

# REDACTED

# PURSUANT TO THE PROTECTIVE ORDER

**EXHIBIT 14**

# REDACTED

# PURSUANT TO THE PROTECTIVE ORDER

**EXHIBIT 15**

# REDACTED

# PURSUANT TO THE PROTECTIVE ORDER

**EXHIBIT 16**

# REDACTED

# PURSUANT TO THE PROTECTIVE ORDER

**EXHIBIT 17**

# REDACTED

# PURSUANT TO THE PROTECTIVE ORDER

**EXHIBIT 18**

# REDACTED

# PURSUANT TO THE PROTECTIVE ORDER

**EXHIBIT 19**

# REDACTED

# PURSUANT
# TO
# THE
# PROTECTIVE
# ORDER

BLUEBIRD
OFFICE SUPPLIES
(888) 477-0700
www.bluebirdsupplies.com

**EXHIBIT 20**

# REDACTED

# PURSUANT TO THE PROTECTIVE ORDER

**EXHIBIT 21**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

April 16, 2009

<u>VIA ELECTRONIC MAIL, FACSIMILE AND U.S. MAIL</u>

Todd Gordinier, Esq.
Peter Villar, Esq.
Bingham McCutchen LLP
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626-1924

Re:    Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Counsel:

By Order dated March 10, 2009, the Discovery Master required Omni 808 Investors, LLC ("Omni 808") to produce documents relating to the existence of any debt owned by MGA Entertainment, Inc. to Omni 808, including any debt purchased from Wachovia, and any communications between Omni 808 and the MGA parties regarding any such indebtedness. Discovery Master Order No. 3 at 28:3-7. That production and any associated privilege log should have been served on us no later than April 9, 2009. To date, we have received neither documents nor a privilege log from Omni 808.

Please let us know today whether Omni 808 will bring itself into compliance with the Discovery Master's Order. If not, please consider this a meet and confer request pursuant to paragraph 5 of the Discovery Master Stipulation in advance of a motion, including to enforce the Order and for sanctions. Mattel reserves all rights in this regard.

Best regards,

Jon Corey

Jon Corey

07975/2889200.1

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

EXHIBIT _21_
PAGE _185_

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**  April 16, 2009                    **NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Peter N. Villar, Esq.<br>Bingham McCutchen LLP<br>600 Anton Boulevard 18th Floor<br>Costa Mesa, California 92626-1924 | 714.830.0640 | 714.830.0719 |
| Todd E. Gordinier, Esq.<br>Bingham McCutchen LLP<br>600 Anton Boulevard 18th Floor<br>Costa Mesa, California 92626-1924 | 714.830.0622 | 714.830.0717 |

**FROM:**       Jon Corey

**RE:**          *Bryant v. Mattel*

**MESSAGE:**

FAXED
APR 1 6 2009

07209/2783711.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Johanna Lopez/10th Floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT  21

PAGE  186

04/16/2009 15:20 FAX 1213443^^^9          QEUOH-LAO                              ☑001

```
                              ********************
                         ***    TX REPORT    ***
                              ********************


      TRANSMISSION OK

      TX/RX NO                4566
      RECIPIENT ADDRESS       9414#07209#17140300717  ✓
      DESTINATION ID
      ST. TIME                04/16 15:19
      TIME USE                00'32
      PAGES SENT              2
      RESULT                  OK
```

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:     April 16, 2009                    NUMBER OF PAGES, INCLUDING COVER: 2

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Peter N. Villar, Esq.<br>Bingham McCutchen LLP<br>600 Anton Boulevard 18th Floor<br>Costa Mesa, California 92626-1924 | 714.830.0640 | 714.830.0719 |
| Todd E. Gordinier, Esq.<br>Bingham McCutchen LLP<br>600 Anton Boulevard 18th Floor<br>Costa Mesa, California 92626-1924 | 714.830.0622 | 714.830.0717 ✓ |

FROM:     Jon Corey

RE:       *Bryant v. Mattel*

MESSAGE:

EXHIBIT ___21___
PAGE ___187___

04/16/2009 15:17 FAX  12134433    QEUOH-LAO                          ☒ 001

```
                              *********************
                          ***   TX REPORT   ***
                              *********************


         TRANSMISSION OK

         TX/RX NO              4565
         RECIPIENT ADDRESS     9414#07209#17148300719
         DESTINATION ID
         ST. TIME              04/16 15:16
         TIME USE              00'35
         PAGES SENT            2
         RESULT                OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile. (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   April 16, 2009              **NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Peter N. Villar, Esq.<br>Bingham McCutchen LLP<br>600 Anton Boulevard 18th Floor<br>Costa Mesa, California 92626-1924 | 714.830.0640 | 714.830.0719 |
| Todd E. Gordinier, Esq.<br>Bingham McCutchen LLP<br>600 Anton Boulevard 18th Floor<br>Costa Mesa, California 92626-1924 | 714.830.0622 | 714.830.0717 |

**FROM:**   Jon Corey

**RE:**   *Bryant v. Mattel*

EXHIBIT   21
PAGE   188

**MESSAGE:**

**EXHIBIT 22**

# BINGHAM

Peter N. Villar
Direct Phone: 714.830.0640
Direct Fax:    714.830.0719
peter.villar@bingham.com

**Via Fax and Email**

April 17, 2009

Jon Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re: <u>Mattel, Inc. v. MGA Entertainment, Inc. et al.</u>

Dear Mr. Corey:

We are in receipt of your April 16, 2009 letter regarding Omni 808 Investors, LLC's compliance with the Discovery Master's Order No. 3. Omni 808 fully intends to comply with the Discovery Master's Order. However, it is neither efficient nor necessary for us to conduct seriatim searches for documents responsive to the same subpoena and Order thereon. You made it plain upon your initial receipt of the Discovery Master's Order No. 3 that you were dissatisfied with it and intended to seek to have it changed. You now have filed a Motion for Reconsideration of the Discovery Master's Order which will be argued on May 5. Once the scope of any required response is resolved we will, of course, promptly comply therewith.

Sincerely yours,

Peter N. Villar

cc:     Thomas Nolan, Esq.
        Jason Russell, Esq.
        Patricia Glaser, Esq.
        Joel Klevens, Esq.
        Amman Khan, Esq.
        Russell Frackman, Esq.
        Jeffrey Valle, Esq.
        Todd Gordinier, Esq.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

A/73014783.1

**EXHIBIT** *22*

**PAGE** *189*