# Exhibit A

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard By Discovery Master Robert C. O'Brien Pursuant To Order Of January 6, 2009]<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO DE-DESIGNATE MGA'S THIRD-TIER DOCUMENTS AND REQUEST FOR SANCTIONS; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declaration of Diane C. Hutnyan filed concurrently herewith]<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Arent Fox, LLP<br>555 West Fifth St.<br>48th Floor<br>Los Angeles, CA 90013<br><br>**Phase 2**<br>Discovery Cut-off: December 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

07209/2890585.1

MATTEL'S DE-DESIGNATION MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a hearing before Discovery Master Robert C. O'Brien which will occur on a date and at a time to be set by the Discovery Master, Mattel, Inc. ("Mattel") will, and hereby does, move to order the de-designation of all documents designated by MGA as "HIGHLY CONFIDENTIAL-RESTRICTED ATTORNEYS' EYES ONLY" under the Protective Order.

This third-tier designation has expired and its continuing use by MGA is a violation of the Stipulated Modification to the Protective Order.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Diane C. Hutnyan filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

### Certificate Of Compliance

Mattel sent a letter on April 3, 2009 requesting a meet and confer pursuant to paragraph 5 of the Discovery Master Stipulation, but MGA initially failed to meet and confer within the time required. The parties' counsel met and conferred by telephone on April 14 but this effort, and Mattel's subsequent efforts, to resolve the issue were unsuccessful.[1]

DATED: April 17, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Diane C. Hutnyan
Diane C. Hutnyan
Attorneys for Mattel, Inc.

---

[1] See Declaration of Diane C. Hutnyan in Support of Mattel's Motion to De-Designate MGA's Third-Tier Documents and Request for Sanctions, ¶¶9-15, Exs. 8-14, dated April 17, 2009 ("Hutnyan Dec.") and filed concurrently herewith.

07209/2890585.1

MATTEL'S DE-DESIGNATION MOTION

## TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

PRELIMINARY STATEMENT ........................................................................ 1

STATEMENT OF FACTS ................................................................................ 2

ARGUMENT .................................................................................................... 5

I.    MGA'S CONTINUED USE OF THE THIRD-TIER DESIGNATION IS IMPROPER ........................................................................................... 5

II.    THE PROTECTIONS AFFORDED BY THE PARTIES' ORIGINAL PROTECTIVE ORDER ARE MORE THAN ADEQUATE TO PROTECT ANY DOCUMENTS THAT EVEN AT ANY POINT IN TIME WERE "SUBJECT DOCUMENTS" ............................................................. 6

III.    THE DISCOVERY MASTER SHOULD AWARD MATTEL FEES AND COSTS OF BRINGING THIS MOTION ..................................................... 7

CONCLUSION ................................................................................................. 8

## TABLE OF AUTHORITIES

**Page**

### Cases

Hyde & Drath v. Baker,
    24 F.3d 1162 (9th Cir. 1994) .................................................................................7

### Statutes

Fed. R. Civ. P.
    Rule 26(c) ..........................................................................................................3, 6
    Rule 37(a)(4) ..........................................................................................................7

1 time, however, the number grew. Currently, MGA still has more than 116,000 pages
2 designated as third-tier documents.[14]

### Argument

I. **MGA'S CONTINUED USE OF THE THIRD-TIER DESIGNATION IS IMPROPER**

To merit third-tier protection, MGA's documents have to be "created after January 1, 2006 that pertain to products which are currently unreleased and *scheduled for public release in 2007 or 2008* and that constitute highly sensitive trade secrets of the producing party."[15] In addition, and independently, the designation could not apply to any documents relating to products once shipped or disclosed to third parties without confidentiality restrictions.[16] The parties thus recognized that the protection afforded under the third tier was temporary, and that documents designated would not continue to receive special protection if they no longer fell within the required definition.

It is 2009. It is not possible in 2009 to plan for something in 2007 or 2008, and for that matter, products scheduled for release last year or the year before last are, by definition, no longer "unreleased." Therefore, under the express terms of the stipulated modification of the Protective Order, none of the documents in MGA's massive batch of third-tier designated documents can possibly fall under the limited scope of the third-tier designation.

And MGA had assured Mattel and the Discovery Master that the third-tier special protection would be applied narrowly. In 2007, when the parties originally entered into the stipulated modification to the Protective Order, MGA, Mattel and the Discovery Master all understood the modification to apply only to drawings and

---

[14] Hutnyan Dec., ¶ 13.
[15] Stipulation to Modify the Protective Order, ¶ 14.
[16] The Stipulation to Modify the Protective Order provided that documents must have been re-designated or de-designated within 14 days after "(a) the product [was] first shipped, or (b) the product [was] first disclosed to a third party without an express confidentiality agreement," whichever came first. Hutnyan Dec., Ex. 6, ¶ 4.