# EXHIBIT "E"

1   Robert C. O'Brien (SBN 154372)
    ARENT FOX LLP
2   555 West Fifth Street, 48th Floor
    Los Angeles, CA 90013-1065
3   Telephone: 213.629.7400
    Facsimile: 213.629.7401
4   obrien.robert@arentfox.com

5   Discovery Master

6

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                       EASTERN DIVISION

11  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)

12                 Plaintiff,
                                         Consolidated with
13          v.                           Case No. CV 04-09059
                                         Case No. CV 05-2727
14  MATTEL, INC., a Delaware
    corporation,                         **PHASE 2 DISCOVERY MATTER**
15
                 Defendant.              **ORDER NO. 17, REGARDING:**
16
                                            **(1) THE MGA PARTIES' MOTION**
17                                          **FOR A PROTECTIVE ORDER**
                                            **STAYING DISCOVERY ON**
18                                          **TRADE DRESS CLAIMS;**
19
                                            **(2) MOTION OF MATTEL, INC. TO**
20                                          **ENFORCE PRIOR COURT ORDER**
                                            **AND TO COMPEL RESPONSES TO**
21                                          **INTERROGATORIES; and**
22
23  ─────────────────────────────
24  CONSOLIDATED WITH                       **(3) *EX PARTE* APPLICATION**
    MATTEL, INC. v. BRYANT and              **FILED BY MATTEL, INC. FOR AN**
25  MGA ENTERTAINMENT, INC. v.              **ORDER TO SHOW CAUSE RE:**
    MATTEL, INC.                            **MGA ENTERTAINMENT, INC.'S**
26                                          **FAILURE TO COMPLY WITH**
                                            **COURT ORDER**
27
28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

                                         ORDER NO. 17
                                         [Case No. CV 04-09049 SGL (RNBx)]

1        This Order sets forth the Discovery Master's ruling on the following

2    discovery matters:  (1) the motion for a protective order staying discovery on trade

3    dress claims filed by MGA Entertainment, Inc., MGA Entertainment (HK) Limited,

4    MGAE De Mexico, S.R.L. De C.V. and Isaac Larian (the "MGA Parties")

5    ("Protective Order Motion") [Docket No. 4921]; (2) the motion filed by Mattel, Inc.

6    ("Mattel") to enforce a prior order compelling MGA Entertainment, Inc. ("MGA")

7    to answer Interrogatory Nos. 43 and 44, and compelling responses to Supplemental

8    Interrogatory Nos. 51 – 55 and 64 ("Motion To Compel") ("[Docket No. 4987]; and

9    (3) the *ex parte* application filed by Mattel for an order to show cause regarding

10   MGA's failure to comply with a prior court order ("Application") [Docket No.

11   4997] (collectively, the "Motions").

12       The Motions came on regularly for hearing before the Discovery Master on

13   April 14, 2009.  All interested parties were represented by counsel and afforded the

14   opportunity to present oral argument on the Motions.  The Discovery Master,

15   having considered the papers filed in support of and in opposition to the Motions,

16   and having heard oral argument, rules as set forth below.

17   **I.**    **THE TRADE DRESS DISCOVERY AT ISSUE**

18       All of the Motions concern discovery related to MGA's trade dress claims.

19       **A.**    **Interrogatory Nos. 43 And 44**

20       On October 23, 2007, Mattel served its Amended Fourth Set of

21   Interrogatories on MGA, including Interrogatory Nos. 43 and 44.  (Declaration of

22   Scott L. Watson in Support of the Motion To Compel ("Watson Decl."), Ex. 1 at

23   pp. 7 – 8).  These interrogatories ask MGA to identify, for each design, product

24   and packaging that MGA contends Mattel copied, the date of conception and the

25   date it was first fixed in a tangible medium:

26       •   Interrogatory No. 43:  "For each concept, design, product, product

27           packaging or other matter that YOU contend MATTEL copied or

28           infringed, including but not limited to those identified in MGA's

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 133

1    Responses To Mattel, Inc.'s First Set Of Interrogatories Re Claims Of

2    Unfair Competition, Response To Interrogatory No. 2 (and any

3    Supplemental Responses to such Interrogatory), state the date that each

4    such concept, design, product, product packaging or other matter was

5    conceived, and IDENTIFY, all PERSONS with knowledge of, and all

6    DOCUMENTS that REFER OR RELATE TO, the foregoing." (*Id.*,

7    Ex. 1 at p. 7).

8    • Interrogatory No. 44: "For each concept, design, product, product

9    packaging or other matter that YOU contend MATTEL copied or

10   infringed, including but not limited to those identified in MGA's

11   Responses To Mattel, Inc.'s First Set Of Interrogatories Re Claims Of

12   Unfair Competition, Response To Interrogatory No. 2 (and any

13   Supplemental Responses to such Interrogatory), state the date that each

14   such concept, design, product, product packaging or other matter was

15   first fixed in any tangible medium of expression (if ever), and

16   IDENTIFY, all PERSONS with knowledge of, and all DOCUMENTS

17   that REFER OR RELATE TO, the foregoing." (*Id.*, Ex. 1 at pp. 7 and

18   8).

19       MGA responded to Interrogatory Nos. 43 and 44 with only objections on

20   November 15, 2007. (*Id.*, Ex. 2 at pp. 10 – 13). On November 30, 2007, MGA

21   supplemented its responses to both interrogatories. (*Id.*, Ex. 3 at pp. 12 – 19). On

22   December 20, 2007, Mattel moved to compel further responses to the

23   interrogatories. (*Id.*, Ex. 4). The MGA Parties filed their opposition to Mattel's

24   motion to compel on December 31, 2007. (*Id.*, Ex. 5). On January 7 and 28, 2008,

25   MGA served its second and third set of supplemental responses to Interrogatory

26   Nos. 43 and 44. (*Id.*, Ex. 6 at pp. 20 – 26 and Ex. 7 at pp. 28 – 33).

27       On February 4, 2008, the Court stayed all Phase 2 discovery. (Order dated

28   February 4, 2008, p. 3). On February 15, 2008, the prior discovery master granted

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

1   Mattel's motion to compel, finding that the "requested information is relevant to

2   Mattel's defense against the MGA [P]arties' claims that their products have been

3   copied or infringed by certain Mattel products." (Watson Decl., Ex. 8 at pp. 11 –

4   12). The prior discovery master further ruled that the supplement responses

5   provided by MGA were deficient, reasoning as follows:

6           Although the MGA [P]arties served supplemental

7           responses after filing their opposition brief, the

8           supplemental responses do not include the requested

9           information. The MGA [P]arties have [also] failed to

10          establish that the interrogatories are unduly burdensome.

11  (*Id.*, Ex. 8 at p. 12). The prior discovery master then ordered MGA to

12  supplement its responses "no later than February 26, 2008." (*Id.*, Ex. 8

13  at p. 22).

14          On March 3, 2008, seven days after the deadline specified in the prior

15  discovery master's order, MGA supplemented its responses to Interrogatory Nos.

16  43 and 44 for a fourth time, objecting that the discovery in question related to

17  Phase 2 and was therefore stayed pursuant to the stay imposed by the Court on

18  Phase 2 discovery on February 4, 2008. (*Id.*, Ex. 9 at pp. 7 – 16). On April 22,

19  2008, the prior discovery master granted the MGA Parties' motion for clarification

20  concerning his February 15, 2008 ruling, stating that "the MGA Parties' obligation

21  to supplement their responses to Interrogatory Nos. . . . 43 and 44 . . . [is] hereby

22  stayed until further order of the district court lifting the stay on Phase 2 discovery."

23  (*Id.*, Ex 10 at p. 3).

24      **B.     Supplemental Interrogatory Nos. 51 – 55 And 64**

25          On January 9, 2008, Mattel served Supplemental Interrogatory Nos. 51 – 55

26  and 64 on MGA. (*Id.*, Ex 11 at p. 12 – 14 and 16). These interrogatories seek

27  information regarding MGA's allegations that Mattel copied, infringed or diluted

28  MGA's products:

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 135

1    • Supplemental Interrogatory No. 51: "For each concept, design,

2    product, product packaging or other matter that YOU contend

3    MATTEL has copied, infringed, or diluted, including but not limited to

4    those identified in MGA's Responses to Mattel, Inc.'s First Set of

5    Interrogatories Re Claims of Unfair Competition, Response To

6    Interrogatory No. 2 (and any Supplemental Responses to such

7    Interrogatory), describe, fully and separately, each and every concept,

8    design, product, product packaging or other matter of or by MATTEL

9    that YOU contend is a copy of, infringes or dilutes YOUR alleged

10    concept(s), design(s), product(s), product packaging or other matter.

11    Your answer should describe the Mattel concept, design, product,

12    product packaging or other matter with specificity and in detail

13    (including without limitation by product name, product number, SKU,

14    or bar code number), and specify those elements or attributes of

15    YOUR claimed concept, design, product, product packaging or other

16    matter that YOU contend were copied, infringed or diluted by

17    MATTEL." (*Id.*, Ex. 11 at pp. 12 – 13).

18    • Supplemental Interrogatory No. 52: "For each trade dress that YOU

19    contend MATTEL copied, infringed, or diluted, separately IDENTIFY

20    each product sold by YOU or YOUR licensees that incorporates such

21    trade dress and, for each such product, separately state (a) the number

22    of units, by year, of each such product sold by YOU or YOUR

23    licensees; (b) revenue received by YOU from such SALES of each

24    such product; (c) all costs YOU have incurred in connection with each

25    product; including but not limited to YOUR cost of good sold, and (D)

26    YOUR gross and net worth from each such product." (*Id.*, Ex. 11 at p.

27    13).

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

1    • Supplemental Interrogatory No. 53: "For each MATTEL concept,
2    design, product, product packaging or other matter that YOU contend
3    is likely to cause confusion, to cause mistake, or to deceive as to
4    affiliation, connection, or association, or as to origin, sponsorship, or
5    approval, separately state all facts that support YOUR contention of
6    such, including but not limited to all facts that support YOUR
7    contention, if YOU so contend, that any of the SLEEKCRAFT
8    FACTORS weighs against MATTEL, and IDENTIFY all PERSONS
9    with knowledge of such facts, and all DOCUMENTS that REFER OR
10   RELATE TO such facts." (*Id.*).

11   • Supplemental Interrogatory No. 54: "For each concept, design,
12   product, product packaging or other matter that YOU contend
13   MATTEL copied, infringed or diluted, state all facts that support
14   YOUR contention, if YOU so contend, that such copying or
15   infringement was intentional or willful, and IDENTIFY all PERSONS
16   with knowledge of such facts, and all DOCUMENTS that REFER OR
17   RELATE TO such facts." (*Id.*).

18   • Supplemental Interrogatory No. 55: "State all facts which support the
19   allegation in Paragraph 120 of YOUR COMPLAINT that MATTEL
20   has "caused and continues to cause blurring and dilution of the
21   distinctive look of MGA's products and trade dress," and IDENTIFY
22   all PERSONS with knowledge of such facts, and all DOCUMENTS
23   that REFER OR RELATE TO such facts." (*Id.*, Ex. 11 at p. 14).

24   • Supplemental Interrogatory No. 64: "To the extent YOU have not
25   previously disclosed such information in a prior interrogatory response
26   YOU provided to Mattel, state all facts which support YOUR claims
27   against Mattel in THIS ACTION, and IDENTIFY all PERSONS with
28   knowledge of such facts, and all DOCUMENTS that REFER OR

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

1    RELATE TO such facts." (*Id.*, Ex. 11 at p. 16).

2    MGA responded to Supplemental Interrogatory Nos. 51 – 55 and 64 on

3    February 8, 2008, objecting that the discovery related to Phase 2 issues and was

4    therefore stayed.   (*Id.*, Ex. 12 at pp. 15 – 19 and 34 – 35).

5    **C.     The Court Lifts The Stay On Phase 2 Discovery**

6    On January 6, 2009, the Court vacated the stay on Phase 2 discovery.

7    (Watson Decl., Ex. 13 at p. 2).  Mattel's counsel subsequently wrote to counsel for

8    MGA on January 20, 2009 to ask when MGA planned to serve the required

9    responses to Interrogatory Nos. 43 and 44, which the prior discovery master had

10   previously ordered answered. (*Id.*, Ex. 14).

11   Mattel's counsel also wrote to MGA on January 28, 2009, requesting that the

12   parties meet and confer on Supplemental Interrogatory Nos. 51 – 55 and 64. (*Id.*,

13   Ex. 15 at pp. 2 – 3).  Counsel for the parties then spoke on February 6, 2009

14   regarding Mattel's eight trade dress interrogatories. (*Id.*, ¶ 18 and Ex. 18 at p. 1).

15   During the conference, MGA stated, that it would provide responses to

16   Interrogatory Nos. 43 and 44, and Supplemental Interrogatory Nos. 51 – 55 and 64,

17   "not later than 30 days after the Court decides the trade dress summary judgment

18   motion which Mattel has indicated it will be bringing." (*Id.*, Ex. 18 at p. 1).

19   On February 18, 2009, the parties met and conferred regarding Mattel's

20   contemplated summary judgment motion concerning MGA's trade dress claims and

21   again discussed the responses to the eight trade dress interrogatories at issue. (*Id.*,

22   Ex. 23 at p. 1).  The next day, MGA informed Mattel that it would not agree to

23   provide further responses to the interrogatories. (*Id.*).  Rather, MGA said that it

24   planned to request a protective order to stay its obligation to respond and that it

25   would only provide responses:  (1) if their planned protective order was denied; or

26   (2) if the protective order is granted, 21 days after the Court decides Mattel's

27   summary judgment motion, to the extent any trade dress claims remain after that

28   decision. (*Id.*).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 138

1    On February 26, 2009, the MGA Parties filed the Protective Order Motion.

2  Eight days later, Mattel filed its Motion To Compel.  Mattel filed the Application

3  on March 10, 2009.

## II.    THE MGA PARTIES' MOTION FOR A PROTECTIVE ORDER

5    The Discovery Master first addresses the MGA Parties' Protective Order

6  Motion.

### A.    The Relief Sought By The MGA Parties

8    The MGA Parties "seek a stay to defer responding to eight specific

9  interrogatories relating to MGA's trade dress claims until 21 days after the Court

10  rules on Mattel's [contemplated] summary judgment motion." (Motion for a

11  Protective Order, p. 5).  "The MGA Parties also seek a stay of all discovery relating

12  to MGA's trade dress claims for the same period." (*Id.*).

### B.    Mattel's Opposition

14    Mattel opposes the Protective Order Motion on five grounds.  First, Mattel

15  argues that the motion is inconsistent with the Court's January 6, 2009 order lifting

16  the stay on Phase 2 discovery.  (Opposition, pp. 12 – 13).  Second, Mattel argues

17  that any request to stay discovery is not properly directed to the Discovery Master.

18  (*Id.*, p. 13).  Third, Mattel argues that the request for a stay lacks merit, since "it is

19  commonplace for a party to bring dispositive motions prior to trial . . ." (*Id.*, pp. 13

20  – 14).  Fourth, Mattel argues that the request for a stay is unworkable since the

21  trade dress claims "are intertwined with Mattel's Phase 2 claims." (*Id.*, pp. 13 –

22  15).  Finally, Mattel argues that the stay would unduly prejudice it and that there is

23  no corresponding undue burden placed on the MGA Parties.  (*Id.*, pp. 16 – 20).

### C.    Legal Standard

25    In general, parties may obtain discovery regarding any matter, not privileged,

26  that is relevant to the claim or defense of any party.  (Fed. Rule Civ. P. 26(b)(1)).

27  The motion brought by the MGA Parties to stay discovery is made pursuant to

28  Federal Rule of Civil Procedure 26(c), which governs motions for protective orders.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 139

1   Rule 26(c) provides that a protective order may be issued "for good cause" and "to

2   protect a party or person from annoyance, embarrassment, oppression, or undue

3   burden or expense." (Fed. Rule Civ. P. 26(c)).

4        A district court is afforded considerable discretion in deciding whether to

5   issue a protective order that stays discovery. (*See, e.g., Wang v. Hsu*, 919 F.2d 130,

6   130 (10th Cir. 1990). While it is within a district court's discretion to stay

7   discovery pending the outcome of a dispositive motion, (*see Monreal v. Potter*, 367

8   F.3d 1224, 1238 (10th Cir. 2004), such stays are not routinely granted, (*see, e.g.,*

9   *TSM Associates, LLC v. Tractor Supply Co.*, 2008 WL 2404818, at *1 (N.D.Okla.

10  June 11, 2008) ["Unless some compelling reason is presented, in the usual case

11  discovery is not stayed as Defendant requests."]; *Kutilek v. Gannon*, 132 F.R.D.

12  296, 297-98 (D.Kan. 1990) ["The general policy in this district is not to stay

13  discovery even though dispositive motions are pending."]).

14       The underlying principle in determining whether to grant or deny a stay is

15  that "[t]he right to proceed in court should not be denied except under the most

16  extreme circumstances." (*Commodity Futures Trading Com'n v. Chilcott Portfolio

17  Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). In other words, stays of

18  the normal proceedings of a court should be the exception rather than the rule.

19       Nonetheless, a stay may be appropriate if "resolution of a preliminary motion

20  may dispose of the entire action," (*Nankivil v. Lockheed Martin Corp.*, 216 F.R.D.

21  689, 692 (M.D.Fla. 2003)), "where the case is likely to be finally concluded as a

22  result of the ruling thereon; where the facts sought through uncompleted discovery

23  would not affect the resolution of the motion, or where discovery on all issues of

24  the broad complaint would be wasteful and burdensome," (*Kutilek*, 132 F.R.D. at

25  298).

26       In deciding whether to stay discovery pending the resolution of a dispositive

27  motion, federal courts in California conduct the following inquiry: (1) Is the

28  pending motion "potentially dispositive of the entire case, or at least dispositive on

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 140

1    the issue at which discovery is directed," and, if so (2) can the pending dispositive

2    motion be decided "absent additional discovery." (*Qwest Communications Corp. v.*

3    *Herakles, LLC*, 2007 WL 2288299, *2 (E.D.Cal. August 8, 2007)).  If the court

4    answers both questions in the affirmative, it may then analyze other factors,

5    including the likelihood that the dispositive motion will be granted, (*id.*), and/or

6    "(1) plaintiff's interests in proceeding expeditiously with the civil action and the

7    potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the

8    convenience to the court; (4) the interests of persons not parties to the civil

9    litigation; and (5) the public interest." (*Schmaltz v. Smithkline Beecham Corp.*,

10   2008 WL 3845260, *1 (D.Colo. Aug.15, 2008)).

11        **D.    Analysis**

12        The MGA Parties' primary argument in favor of the requested stay is that, in

13   the event Mattel's contemplated motion for summary judgment is granted, "the

14   Trade Dress Interrogatories may prove unnecessary or may be substantially

15   narrowed." (Protective Order Motion, p. 13; *see also id.* at pp. 1, 2, and 11 – 15).

16   The MGA Parties reason that "[i]t is particularly appropriate to stay discovery when

17   a dispositive motion, such as a summary judgment motion, 'would obviate the need

18   for discovery.'" (*Id.*, p. 11 (citation omitted)).

19        The Discovery Master finds this rationale unpersuasive for the following

20   reasons.

21        **1.    The Discovery Master Does Not Have the Power To Issue**

22             **The Requested Stay**

23        First, the Discovery Master does not have authority to render a ruling that

24   could directly override the Court's scheduling order and delay the Phase 2 trial.

25   While the Discovery Master has been appointed to resolve "any and all . . .

26   discovery disputes in this case,"[1] and may issue orders that indirectly impact the

27

28   [1] *See* Order appointing the prior discovery master dated December 6, 2006 ("Discovery Master Order) and the Order appointing the current Discovery Master dated January 6, 2009.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 141

1   scheduling order (e.g., resolving motions to compel, motions to quash, etc.),[2] there

2   is nothing in the order appointing the Discovery Master that authorizes him to

3   override the scheduling order directly.[3]  Indeed, the power to control scheduling in

4   this matter is vested with the Court, as evidenced by the scheduling order issued by

5   it on February, 11, 2009.[4]  (Order dated February 11, 2009, p. 2).  Because the

6   Court, not the Discovery Master, established the applicable discovery cut-off and

7   trial dates for Phase 2, (id.), the Discovery Master cannot issue a stay that overrides

8   that order.

9          **2.      The Court Previously Indicated That the Parties Should**

10               **Proceed With Phase 2 Discovery.**

11          Second, the Court advised the Discovery Master on February 11, 2009 that

12  "[t]here is no stay on discovery.  Period."  (Reporter's Transcript of Proceedings,

13  February 11, 2009, p. 97:15).  It further instructed the Discovery Master "in no

14  uncertain terms, that there is no stay on *any* discovery related to this case at all,"

15  (id., p. 97:9–10 [emphasis added]), and "there is nothing from this Court which is

16  precluding *any* discovery that is properly sought for the trial that is scheduled," (id.,

17  p. 101:22:24 [emphasis added]).  While these statements admittedly arose in the

18  context of the lifting of the stay on Phase 2 discovery, the Discovery Master

19  nevertheless believes that they are instructive of the Court's view that any request

20

21  [2] *See* Order dated February 4, 2008, p. 3 (stating that "[t]he fact that the Discovery Master's
22  ruling might impact upon the Court's scheduling order does not relieve the parties of following
    this procedure.")

23  [3] That the stay requested by the MGA Parties could force the Court to alter its scheduling order is
24  clear, because the requested stay is of an indefinite duration.  Although the MGA Parties request a
    stay until 21 days after the Court rules on Mattel's contemplated summary judgment motion,
25  (Protective Order Motion, p. 5), no such motion is pending before the Court.  Nor is there a
    hearing date on the yet-to-be-filed motion, let alone an indication as to when the Court might be
26  able to issue a ruling disposing of it.

27  [4] The Court issued its Phase 2 scheduling order more than one month after the appointment of the
28  current Discovery Master.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 142

1    to the Discovery Master for a stay of Phase 2 discovery should be rejected absent

2    extraordinary circumstances not present here.

### 3.    There Is No Dispositive Motion Pending

4    Third, the MGA Parties have failed to demonstrate that a stay is warranted,

5    because no dispositive motion is pending before the Court.  The MGA Parties

6    concede in their moving papers and again in their Reply that Mattel has merely

7    represented that it will file a summary judgment motion at some point in the future.

8    (Protective Order Motion, p. 4; Reply, p. 4).  In the absence of a *pending*

9    dispositive motion, there is no basis for granting the requested stay.[5]

### 4.    Mattel's Contemplated Summary Judgment Motion Will
### Not Dispose Of MGA's Trade Dress Claims

12    Even assuming a dispositive motion had been filed with the Court, the MGA

---

[5] The cases cited by the MGA Parties to support its request for a stay are inapposite.  In each case, the party seeking the discovery stay was the party who had brought the pending dispositive motion.  (See *In re Netflix Antitrust Litig.*, 506 F.Supp.2d 308, 321 (N.D. Cal. 2007) [Defendant who filed a motion to dismiss and requested a stay of discovery was ordered to disclose some documents upon partial lifting of stay by the Ninth Circuit.]; *Orchid v. Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 671 – 672 (S.D. Cal. 2001) [Defendant, who had moved to dismiss for lack of personal jurisdiction, sought protective order denying all discovery or, alternatively, limiting the discovery to jurisdictional issues]; *Landry v. Air Pilots Ass'n Intern. AFL-CIO*, 901 F.2d 404, 435 – 436 (5th Cir. 1990) [Defendant, who had brought motion for summary judgment, properly sought and obtained a protective order staying discovery propounded on it by plaintiffs.]; *Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988) [Stay on discovery upheld in favor of party who raised immunity issue via a summary judgment motion]; *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D.C.Del., 1979) [Defendant who filed motion to dismiss for lack of ripeness sought a stay of discovery].  By comparison, the MGA Parties are not arguing that a stay is appropriate due to a dispositive motion that they intend to bring or that the contemplated motion will defeat their trade dress claims.  On the contrary, the MGA Parties are arguing that a stay should be imposed until Mattel's contemplated summary judgment motion, which the MGA Parties believe should be denied, is resolved.

Further, the five cases cited by the MGA Parties all involved situations where a dispositive motion had already been filed with the Court.  (*Id.*)

Finally, most of the cases relied upon by the MGA Parties were at a relatively nascent stage.  Indeed, the dispositive motion was typically a motion to dismiss.  (*See, e.g., In re Netflix Litig.*, 506 F.Supp.2d at 321; *Orchid*, 198 F.R.D. at 671 – 672; *Coastal States Gas Corp.*, 84 F.R.D. at 282;).  In contrast, a trial has already been held in this matter and the lawsuit has been pending for several years.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

1   Parties have not demonstrated that "[t]he pending motion [is] potentially dispositive

2   of the entire case, or at least dispositive on the issue at which discovery is directed."

3   (*Qwest Communications Corp.*, 2007 WL 2288299, *2).  Mattel's contemplated

4   summary judgment motion will not dispose of MGA's trade dress claims because it

5   is undisputed that MGA's trade dress claims "concern products and other matters

6   that will not be the subject of Mattel's contemplated motion."  (Opposition, p. 15;

7   *see also* Reply p. 11 n.6).

8          The MGA Parties nevertheless argue in their Reply that "it would make far

9   more sense for MGA to compile responsive information once the summary

10   judgment motion is decided and the full scope of the trade dress claims is settled."

11   (Reply, p. 11 n. 6).  Phrased differently, the MGA Parties argue not that the

12   summary judgment motion may moot all of the requested discovery, but only that,

13   if granted, it would narrow the scope of the trade dress discovery.  Because

14   discovery will inevitably be required on certain portions of MGA's trade dress

15   claims, this is not a situation where the contemplated motion is potentially

16   dispositive of the issue at which the discovery is directed.  Accordingly, the stay

17   requested by the MGA Parties can be denied for that reason alone.

18          5.      **Other Factors Also Weigh Against Issuing The Requested**

19                  **Stay**

20          Finally, many, if not all, of the other factors a court may consider in deciding

21   whether a stay is appropriate pending the resolution of a dispositive motion weigh

22   in favor of denying the requested stay.

23          a.      **The Merits Of The Dispositive Motion**

24          As explained in *Qwest Communications Corp.*, 2007 WL 2288299, *2, one

25   of the additional factors a court may consider is whether the merits of the pending

26   dispositive motion make it likely that the motion will be granted.  Although the

27   Discovery Master cannot perform such an analysis here (because no dispositive

28   motion is pending), I note that the MGA Parties stated in their moving papers that

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

1  Mattel's contemplated summary judgment "arguments are not well-taken . . ."

2  (Protective Order Motion, p. 13).  In light of this statement, the MGA Parties are

3  precluded from arguing that it is likely Mattel's motion will be granted in order to

4  justify their request for a stay.  Accordingly, the Discover Master finds that – based

5  on the record presented – this factor weighs against issuing the requested stay.[6]

<b>b.      Prejudice To Mattel</b>

7        Imposing a stay on MGA's trade dress claims could also prejudice Mattel by

8  delaying the ultimate resolution of the matter and increasing litigation costs.  As

9  explained above, the stay requested by the MGA Parties is of an indefinite duration

10  and could delay the trial or, alternatively, force Mattel to expedite discovery efforts

11  after the stay is lifted.  Moreover, Mattel could be forced to depose the same

12  witnesses multiple times in Phase 2 (once for those issues not related to MGA's

13  trade dress claims and later with respect to those trade dress issues that remain

14  following the disposition of Mattel's contemplated summary judgment motion).

15  For these reasons, this factor weighs against staying the trade dress discovery.

<b>c.      The MGA Parties Have Not Demonstrated They Will</b>

<b>Suffer Any Undue Burden</b>

18        While the MGA Parties claim that it will "be extremely difficult, time-

19  consuming and costly" to respond to the eight trade dress interrogatories at issue,

20  (Protective Order Motion, p. 14), as noted above, some trade dress discovery will

21  have to be taken regardless of the outcome of Mattel's anticipated summary

22  judgment motion.  Further, while it is possible that Mattel's contemplated summary

23  judgment motion, if granted, could simplify the issues for trial and reduce the costs

24  imposed on the MGA Parties, it is also possible that the resolution of the motion

25  will not have any bearing on the scope of the discovery needed in this case.

26  Regardless, a party is always burdened with costs when it voluntarily chooses to

27

28

[6] Of course, the Discovery Master is in no way deciding the merits of Mattel's contemplated summary judgment motion.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

1    pursue a claim, whether the case ultimately is dismissed, summary judgment is

2    granted, the case is settled, or a trial occurs.  If the MGA Parties wish to avoid these

3    costs in connection with MGA's trade dress claims, MGA can always dismiss them.

4    Because any hardship that MGA might face is one of its own making, any burden

5    imposed on it in having to respond to the discovery is justified.  Accordingly, this

6    factor weighs against issuing the requested stay.

7              **d.      The Interests Of The Judiciary And The General**

8                        **Public**

9          The Court, using funds supplied by the general public, has already expended

10   a great deal of effort and resources in this matter, including conducting a lengthy

11   trial in Phase 1.  The Court further issued a scheduling order that established a

12   specific trial date and discovery cut-off for Phase 2.  Consequently, the general

13   interests of controlling the court's docket and the fair and speedy administration of

14   justice weigh heavily in favor of denying the requested stay.

15      **E.    Summary Of Ruling Regarding The Protective Order Motion**

16         For all of the foregoing reasons, the MGA Parties have failed to meet their

17   burden of demonstrating that good cause exists for issuance of a protective order

18   staying their obligation to respond to the subject discovery.

19   **III.   MATTEL'S MOTION TO COMPEL**

20         Having denied the Protective Order Motion, the Discovery Master now turns

21   to Mattel's Motion To Compel.

22      **A.    Interrogatory Nos. 43 and 44**

23            **1.    Orders Issued By The Prior Discovery Master**

24         As explained in Section I.A., above, this is not the first time that Mattel has

25   moved to compel responses to Interrogatory Nos. 43 and 44.  The prior discovery

26   master ordered MGA to supplement its responses to these interrogatories as part of

27   his February 15, 2008 order ("February 15, 2008 Order").  (Watson Decl., Ex. 8 at

28   pp. 11 – 12).  Seven days after the deadline specified in the February 15, 2008

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 146

1    Order for supplementing its responses to Interrogatory Nos. 43 and 44, MGA

2    served objections stating that the discovery in question related to Phase 2 and had

3    been stayed pursuant to a February 4, 2008 order from the Court. (*Id.*, Ex. 9 at pp.

4    7 – 16). After having been advised of the stay imposed by the Court on

5    February 4, 2008, the prior discovery master clarified his February 15, 2008 Order

6    on April 22, 2008 ("April 22, 2008 Order"), ruling that "[t]he MGA Parties

7    obligation to supplement their responses . . . [was] stayed until further order of the

8    district court lifting the stay on Phase 2 discovery." (*Id.*, Ex. 10 at p. 3).

9              **2.    The Relief Sought By Mattel**

10            Because MGA failed to supplement its response to Interrogatory Nos. 43 and

11   44 after the Court lifted the stay on Phase 2 discovery on January 6, 2009, Mattel

12   requests that the Discovery Master enforce the February 15, 2008 Order and require

13   MGA to supplement its responses. (Motion To Compel, pp. 9 – 10).

14            **3.    MGA's Opposition**

15            In its Opposition, MGA relies on two grounds for refusing to provide

16   responses to Interrogatory Nos. 43 and 44. First, MGA argues that it is not in

17   violation of the prior discovery master's February 15, 2008 Order because that

18   order was subsequently stayed by the April 22, 2008 Order, which "did not include

19   any specific date, or time period, after the Phase 2 stay was lifted within which

20   MGA had to provide supplemental responses." (Opposition, p. 10; *see also id.*, pp.

21   9 and 11). Second, MGA argues that it has not refused to answer Interrogatory

22   Nos. 43 and 44 but rather simply moved for a protective order and noted that it will

23   either provide further responses following the denial of that motion or, in the event

24   the motion is granted, after the Court decides Mattel's contemplated summary

25   judgment motion. (*Id.*, pp. 11 – 12).

26            The Discovery Master does not find either of these arguments persuasive.

27            **a.    The April 22, 2008 Order**

28            While MGA is correct that the prior discovery master temporarily stayed the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

1    enforcement of his February 15, 2008 Order in his April 22, 2008 Order, its

2    argument that it does not have any obligation to supplement the responses to

3    Interrogatory Nos. 43 and 44 because the April 22, 2008 Order did not specify a

4    time within which MGA had to provide responses is not supported by the record.

5         As soon as the stay on Phase 2 discovery was lifted, MGA's obligation to

6    supplement its responses to Interrogatory Nos. 43 and 44 pursuant to the

7    February 15, 2008 Order returned.  Indeed, the plain language of the prior

8    discovery master's April 22, 2008 Order states that the "MGA Parties obligation to

9    supplement their responses . . . are hereby stayed **until further order of the**

10   **district court lifting the stay on Phase 2 discovery**." (Watson Decl., Ex. 10 at p.

11   3 (emphasis added)).  Because the Court lifted the stay on Phase 2 discovery on

12   January 6, 2009, the April 22, 2008 Order has not been a shield to the enforcement

13   of the prior discovery master's February 15, 2008 Order since the lifting of the stay.

14        Further, MGA had, at most, eleven days following the lifting of the stay on

15   Phase 2 discovery to supplement its responses to Interrogatory Nos. 43 and 44.

16   (Watson Decl., Ex. 8 at pp. 11 – 12 and 22).  The prior discovery master's February

17   15, 2008 Order required MGA to provide its supplemental responses within eleven

18   days of the order (i.e., on February 26, 2008).  (*Id.*, Ex. 8 at p. 22).  Giving MGA

19   the benefit of the doubt and assuming that all eleven of those days remained at the

20   time the stay was lifted on January 6, 2009, MGA had until January 19, 2009 to

21   provide its responses to Mattel (i.e., 11 days under the February 15, 2008 Order,

22   plus 2 additional days because January 17, 2009 falls on a Saturday).  Because

23   more than three months have passed without a response, MGA has not complied

24   with the terms of the prior discovery master's February 15, 2008 Order.

25            **b.    MGA's Offer To Produce The Supplemental**

26                   **Responses Following The Disposition Of The**

27                   **Protective Order Motion**

28        The contention that MGA somehow remedied its failure to supplement its

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 16 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 148

1    responses to Interrogatory Nos. 43 and 44 by offering to provide further responses

2    following the ruling on the Protective Order Motion is likewise unavailing. (*Id.*,

3    pp. 11 – 12). MGA cites no legal authority, and the Discovery Master has found

4    none, supporting the proposition that a party may refuse to respond to an

5    interrogatory after it has been ordered to do so by subsequently filing a motion for a

6    protective order. Nor would such a rule be logical, as it would permit the party

7    ordered to respond to thereby nullify the effect of the court order. Regardless, the

8    Discovery Master denied the Protective Order Motion and finds that it cannot be

9    used as a basis for failing to comply with the February 15, 2008 Order.

10              **4.       Conclusion**

11          For all of the foregoing reasons, MGA must promptly provide full and

12   complete responses to Interrogatory Nos. 43 and 44.

13          **B.       Mattel's Request For Sanctions Regarding Interrogatory Nos. 43**

14                  **And 44**

15          In its Motion To Compel, Mattel also requests that the Discovery Master

16   sanction MGA in the amount of $4,515 for failing to comply with the prior

17   discovery master's February 15, 2008 Order. (Motion To Compel, pp. 10 – 11). In

18   response, MGA argues that the Motion To Compel is "entirely unnecessary," since

19   "there is no dispute about whether MGA will respond to Interrogatories 43 and 44,

20   only when, and MGA had already brought the 'when' question to the Discovery

21   Master one week before Mattel filed the instant motion to compel" as part of its

22   Protective Order Motion. (Opposition, p. 13). However, the fact that one party has

23   moved for a protective order does not prevent the party opposing that motion from

24   subsequently filing a motion to enforce a prior court order, particularly where the

25   latter motion requests that the Discovery Master compel MGA to provide responses

26   to the interrogatories at issue "without further delay," (Motion To Compel, p. 10),

27   while the motion for a protective order indicates that MGA will respond to the

28   interrogatories, at the earliest, "within 21 days after" the denial of the Protective

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 17 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 149

1   Order Motion, (Protective Order Motion, p. 10).

2       MGA next argues that sanctions should be denied because its Protective

3   Order Motion is supported by numerous cases, (Opposition, pp. 13 – 14), and that

4   "it would be a perversion of every conceivable notion of economy and efficiency,

5   not to mention fairness . . . if a motion to compel could be used to sanction a party

6   for exercising its legal right to seek a protective order." (*Id.*, p. 14). But these

7   arguments are not persuasive for the same reasons discussed in Section II and

8   Section III.A.3.b., above, namely that the Protective Order Motion is not

9   meritorious and MGA has not cited any legal authority supporting the proposition

10   that a party may refuse to respond to an interrogatory after it has been ordered to do

11   so by subsequently filing a motion for a protective order.

12       Finally, MGA argues that it "has not appealed, challenged or otherwise

13   refused to obey" the prior discovery master's order, (*id.*), but merely requested that

14   the "Discovery Master temporarily defer the time to respond . . . based upon the

15   new, intervening circumstances that arose between the issuance of that order and

16   the lifting of the discovery stay," (*id.*, p. 15). However, this is just another way of

17   saying that MGA refused to supplement its responses as required by the prior

18   discovery master due to its mistaken belief that the Protective Order Motion

19   obviated the need to comply with the February 15, 2008 Order. Because that

20   argument has already been rejected, MGA has failed to show that it had substantial

21   justification for opposing the enforcement of the February 15, 2008 Order.

22   Accordingly, the Discovery Master sanctions MGA in the amount of $4,515.[7]

23       **C.**    **Supplemental Interrogatory Nos. 51 – 55 And 64**

24           **1.**    **The Relief Sought By Mattel**

25       Mattel next requests that the Discovery Master overrule MGA's objections

26   and compel it to provide full and complete responses to Supplemental Interrogatory

27

---

[7] Having determined that MGA lacked substantial justification for failing to comply with the February 15, 2008 Order, the Discovery Master denies MGA's request for sanctions.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 18 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 150

1   Nos. 51 – 55 and 64.  (Motion To Compel, pp. 12 – 21).

2           **2.**       **MGA's Opposition**

3         In its Opposition, MGA initially argues that Mattel failed to meet and confer

4   in good faith.  (Opposition, pp. 16 – 18).  It further argues that even if Mattel did

5   meet and confer sufficiently, its other objections to the interrogatories (i.e., that

6   they (1) contain overbroad definitions, (2) are compound, (3) are duplicative of

7   other interrogatories, (4) improperly seek expert witness information, privileged

8   information, and information better known to Mattel, and/or (5) impose an undue

9   burden) are meritorious and should be sustained.  (*Id.*, pp. 18 – 26).

10           **a.**     **Purported Failure To Meet And Confer**

11         Because it could dispose of the outstanding discovery issues related to

12   Supplemental Interrogatory Nos. 51 – 55 and 64, the Discovery Master first

13   addresses MGA's argument that Mattel failed to meet and confer in good faith prior

14   to filing its motion.

15         MGA argues that Mattel did not meet and confer in good faith because its

16   "meet and confer letter concerning these interrogatories is utterly devoid of any

17   reference whatsoever to the putative impropriety of the objections it now challenges

18   . . ." (Opposition, p. 17).  However, MGA admits that the parties did meet and

19   confer about certain issues regarding these interrogatories.  (*Id.*, p. 18 ["While the

20   parties did meet and confer about the timing of MGA's response to Interrogatory

21   Nos. 51 – 55 and 64 . . ." (emphasis omitted)]).   The record further reflects Mattel

22   sent a meet and confer letter and had multiple phone calls with MGA's counsel

23   about these specific interrogatories.  (Watson Decl., ¶ 18 and Exs. 15, 17 and 19).[8]

24   In fact, a letter dated January 28, 2008 specifically asks MGA to let Mattel know

25   "[i]f MGA or Larian intends to limit their responses [to the Supplemental

26

27   [8] The Discovery Master overrules MGA's evidentiary objections to Paragraph 18 of the Watson

28   Decl. because the statements are based on Mr. Watson's personal knowledge, are not vague and ambiguous, do not constitute hearsay, and are not argumentative.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 19 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 151

1   Interrogatories] based on . . . any other objections . . ." (Watson Decl., Ex. 15).

2   Under such circumstances, the Discovery Master finds that Mattel satisfied Rule

3   37's "good faith" meet and confer requirement.

### b.    Definitional Objections

5       MGA's first substantive argument in opposition to Supplemental

6   Interrogatory Nos. 51 – 55 and 64 is that Supplemental Interrogatory No. 52 is

7   ambiguous because of the manner in which the term "SALES" is defined.

8   (Opposition p. 19). MGA likewise asserts that Supplemental Interrogatory Nos. 51

9   – 55 are ambiguous because of the definition used for the term "MATTEL." (*Id.*,

10  pp. 19 – 20). However, MGA has not cited any legal authority in support of its

11  position.

12      Moreover, MGA did not set forth the grounds for its objections "with

13  specificity," at the time it objected to the interrogatories, as required by Federal

14  Rule of Civil Procedure 33(b)(4). To the contrary, it merely "incorporate[d]

15  General Objection Nos. 14 – 15 (regarding Definitions), including without

16  limitation its objection to the definition of the term 'MATTEL" for Supplemental

17  Interrogatory Nos. 51 – 55, (Separate Statement, pp. 4 – 8), as well as the term

18  "SALES" with respect to Supplemental Interrogatory No. 52 (*id.*, pp. 5 – 6). This

19  incorporation by reference of a list of general objections is insufficient to preserve

20  an objection. (*Convertino v. U.S. Dept. of Justice*, 565 F.Supp.2d 10, 12 – 13

21  (D.D.C. 2008); *ACMA USA, Inc. v. Surefil, LLC*, 2008 WL 2714422, *2 (E.D.Va.

22  July 7, 2008); *Grider v. Keystone Health Plan Central, Inc.*, 2007 WL 2874423, *5

23  - *6 (E.D.Pa. September 27, 2007); *see also* Fed. R. Civ. Proc. 33(b)(4)).

24      Regardless, the Discovery Master is not persuaded that MGA is unable to

25  understand the terms MATTEL and SALES. Accordingly, the definitional

26  objections are overruled. MGA must answer the interrogatories.[9]

27  _____

28  [9] The prior discovery master repeatedly required MGA to respond to discovery that used these definitions, including Interrogatory Nos. 43 and 44. (Watson Decl., Exs. 1 and 8).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 20 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 152

### c.    Expert Witness Objection

With respect to Supplemental Interrogatory Nos. 51 and 53, MGA asserts that it "has simply interposed an objection that preserves [its] right to rely on expert testimony." (Opposition, p. 21). Since that is the full extent of MGA's expert witness objection, the Discovery Master agrees that the objection, as limited by MGA, is valid. What MGA cannot do is assert that this objection permits it to withhold information that is now available to it. Accordingly, the objection is sustained to the extent that MGA's interrogatory response merely includes a reservation of rights to supplement the response during expert discovery.

### d.    Objection That The Information Is Better Known By Mattel

Regarding Supplemental Interrogatory No. 51, MGA asserts that the request for it to identify Mattel products by stock keeping number or bar code number is objectionable because that information is better known to Mattel. (*Id.*, p. 21). However, MGA cannot withhold information on the ground that Mattel knows which people have knowledge of Mattel's purported copying of MGA's intellectual property. Mattel is entitled to discover the information MGA possesses and the factual bases of its trade dress claims.

As for MGA's claim that Supplemental Interrogatory No. 54 improperly asks it to identify all persons with knowledge of certain facts even though it does not know everyone who may possess such information, (*id.*, pp. 21 – 22), it is incumbent upon MGA to provide the information that is within its custody, possession or control. In fact, MGA concedes that it will provide "whatever information it has." (*Id.*, p. 22).

### e.    Compound Objection

MGA next asserts that Supplemental Interrogatory Nos. 51 – 53 are impermissibly compound. (Opposition, pp. 22 – 23). This contention is unavailing. The questions in each interrogatory refer to one common theme and a

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 21 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 153

1    common group, and count as a single interrogatory. (*See Swackhammer v. Sprint*

2    *Corp. PCS*, 225 F.R.D. 658, 644 (D.Kan. 2004) ["[A]n interrogatory containing

3    subparts directed at eliciting details concerning a 'common theme' should generally

4    be considered a single question"]). Accordingly, the objection is overruled.

5                                  **f.    Duplicative Objection**

6           MGA's sixth argument is that Supplemental Interrogatory Nos. 51 and 52 are

7    duplicative of other interrogatories Mattel propounded previously. (Opposition, pp.

8    23 – 24). But MGA has failed to demonstrate that this is the case. As an initial

9    matter, MGA does not explain why Supplemental Interrogatory No. 51 is

10   duplicative of other interrogatories. Rather, it simply states that Mattel "does not

11   take issue with MGA's duplication objection," (*id.*, p 23), even though Mattel

12   addressed that issue in footnote 81 of its Motion to Compel, (Motion To Compel, p.

13   19 ["MGA further objects that Interrogatory No. 51 is duplicative of Interrogatory

14   No. 6 . . . No. 49 . . . .Although Interrogatory Nos. 6 and 49 also address the facts

15   regarding MGA's trade dress claims, MGA has yet to identify each of the Mattel

16   products it contends copied, infringed, or diluted MGA's products by SKU number,

17   as requested by Interrogatory 51."]). Because it has not analyzed Interrogatory No.

18   51, MGA's objection to that interrogatory is overruled.

19          MGA's claim that Supplemental Interrogatory No. 52 is duplicative of

20   Interrogatory No. 45 is also unpersuasive. Supplemental Interrogatory No. 52 seeks

21   MGA profit, costs and revenue associated with each trade dress MGA contends

22   Mattel copied, infringed or diluted, (Separate Statement, p. 5), whereas

23   Interrogatory No. 45 asks MGA to identify each Bratz product that MGA sold and

24   to identify the profits, costs and revenue associated with each such product.

25   The questions are therefore not the same.[10] Accordingly, the objections are

26   _____

27   [10] If the interrogatories were the same as previous interrogatories it answered, MGA should be able to respond to the latest interrogatories by cutting and pasting its responses to the prior interrogatories. However, as discussed below, MGA alleges that responding to Supplemental

28   Interrogatory Nos. 51 and 52 will be overly burdensome, thereby implying that the questions are not identical in scope. (Opposition, p. 25).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 22 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 154

1    overruled.

2               **g.      Undue Burden Objection**

3        MGA next objects that Supplemental Interrogatory Nos. 51 – 53 and 64 are

4    unduly burdensome.

5        However, MGA has not provided any evidence in connection with its Motion

6    To Compel to support its claim of burden.  (*See Jackson,* 173 F.R.D. at 528-9 ["The

7    party claiming that a discovery request is unduly burdensome must allege specific

8    facts which indicate the nature and extent of the burden, usually by affidavit or

9    other reliable evidence."]).  Further, MGA cannot complain that the interrogatories

10   are unduly burdensome when Mattel merely seeks information regarding the extent

11   of MGA's trade dress claims.  If MGA contends Mattel infringed numerous

12   products, Mattel has the right to discover the scope of the alleged claims.

13   Accordingly, the objections are overruled.

14               **h.      Privilege Objection**

15       Regarding Supplemental Interrogatory Nos. 52, 53, 55 and 64, MGA argues

16   that it asserted a privilege objection merely to "preserve [its] ability to protect,

17   privileged documents and information . . . . [and to make] clear that it was not

18   waiving the attorney-client privilege . . .." (Opposition, p. 25).   Since that is the

19   full extent of MGA's privilege objection, the Discovery Master agrees that

20   objection as so limited is valid.  Accordingly, the objection is sustained on that

21   limited ground.

22               **3.      Conclusion**

23       For all of the foregoing reasons, MGA must promptly provide full and

24   complete responses to Supplemental Interrogatory Nos. 51 – 55 and 64, except as

25   limited above.

26       **D.      Summary Of Ruling Regarding The Motion To Compel**

27       Mattel's Motion To Compel is granted, except as limited above.  Mattel's

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 23 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 155

1   request for sanctions in connection with Interrogatory Nos. 43 and 44 is also

2   granted.

3   **IV.   MATTEL'S *EX PARTE* APPLICATION**

4        Several days after Mattel filed its Motion to Compel on March 6, 2009,

5   Mattel filed its Application for issuance of an order to show cause regarding

6   contempt.  The Application addresses Interrogatory Nos. 43 and 44 (the

7   "Interrogatories") and is based on the same facts summarized above with respect to

8   the Motion to Compel and Protective Order Motion.  However, unlike the Motion

9   to Compel, Mattel filed its Application with the Court, arguing that the Discovery

10  Master is not authorized to issue contempt sanctions.  By order dated March 12,

11  2009, the Court referred the Application to the Discovery Master, who was

12  instructed to review it in the first instance and recommend a disposition to the

13  Court.  (Order dated March 12, 2009, p. 1).

14  **A.   Basis For The Application**

15       **1.   Circumstances Warranting *Ex Parte* Relief.**

16       In the introductory section of its Application preceding the Memorandum of

17  Points and Authorities, Mattel sets forth the following grounds for *ex parte* relief:

18       [F]or two months, MGA failed and refused to produce Phase 2

19       discovery, including such discovery that was previously ordered.

20       MGA also has a history of flouting Court Orders, but remains

21       undeterred by prior warnings and prior awards of sanctions.

22       Absent prompt intervention by this Court, MGA will continue to

23       block even ordered Phase 2 discovery.  Furthermore, MGA's

24       conduct is a direct challenge to the authority of the court and the

25       Discovery Master, and additional delay would inappropriately

26       reward MGA for its refusals to comply with the [prior discovery

27       master's February 15, 2008] Order.

28  (Application, p. i).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 24 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

1      In its Reply, Mattel offers the following as a further justification for bringing

2  the matter on an *ex parte* basis:

3           MGA has repeatedly employed the procedural tactic of refusing

4           to comply with discovery requests and forcing Mattel to return to

5           court for multiple successive orders and sanctions compelling

6           discovery.  In so doing, MGA effectively halts the discovery

7           process and deprives Mattel of crucial information to which it is

8           entitled. … Requiring Mattel to repeat the process of filing a

9           regularly noticed motion would unduly reward MGA for its

10          refusal to comply with the [February 15, 2008] Order and

11          enhance MGA's ability to perpetually deprive Mattel of crucial

12          time in which to conduct discovery.

13  (Reply, pp. 3-4).

14        **2.**    **Circumstances Warranting Issuance Of An Order To Show**

15             **Cause**

16      In its Application, Mattel argues that, although MGA has improperly refused

17  to respond to all of the discovery referenced in the Motion to Compel (including the

18  Interrogatories), that refusal is, in essence, an "aggravated offense" with respect to

19  the Interrogatories, because MGA had already been ordered to provide responses to

20  those Interrogatories pursuant to the prior discovery master's February 15, 2008

21  Order.  Mattel therefore argues that MGA's failure to provide responses to the

22  Interrogatories should be singled out for special treatment as contempt of the Court.

23        **3.**   **Relief Sought**

24      MGA seeks issuance of an order to show cause that MGA is in contempt, a

25  finding of contempt, and the following monetary relief:

26      • An award of  coercive sanctions against MGA in the amount of $5,000

27          for each day that MGA fails to produce full and complete responses to

28          Interrogatories Nos. 43 and 44 as mandated by the Order, and, in the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 25 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 157

1  event that MGA does not comply within five days of the Court's

2  Order, the amount of coercive sanctions should be increased to

3  $10,000 per day (with all such per diem fine amounts being paid to the

4  Court); and

5  • An award of monetary sanctions against MGA in the amount of

6  $7,000, which represents a portion of the costs incurred by Mattel in

7  bringing the Application.

8  (Application, pp. i - ii).

9      **B.    Discussion**

10         **1.    *Ex Parte* Relief Is Not Justified**

11      As MGA notes, the Court's standing order indicates that *ex parte*

12  applications are "solely for extraordinary relief."  This directive was underscored

13  by the Court's Discovery Master Order, which requires that a party applying for *ex*

14  *parte* relief must show that "good cause" exists for hearing any dispute "on

15  shortened time" and that it will "be prejudiced absent prompt resolution" of the

16  issue.  (Discovery Master Order, pp. 4 – 5).

17      This standard is not satisfied here.  Mattel does not adequately demonstrate

18  that it will be prejudiced if the underlying motion is heard according to regularly

19  noticed motion procedures.  The discovery cut-off is still eight months in the future

20  (December 11, 2009), and trial is more than a year away.  In its Reply, Mattel

21  argues that it would be unfair to require Mattel to seek relief by means of a

22  regularly noticed motion, given the relevant history:

23         Mattel *already* followed this course of action and already

24         obtained an Order that MGA produce amended interrogatory

25         responses. MGA refuses to obey that [February 15, 2008] Order.

26         Requiring Mattel to repeat the process of filing a regularly

27         noticed motion would unduly reward MGA for its refusal to

28         comply with the [February 15, 2008] Order and enhance MGA's

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 26 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 158

Case 2:04-cv-09049-DOC-RNB   Document 5217-2   Filed 04/20/09   Page 29 of 57   Page ID
#:170185
Case 2:04-cv-09049-SGL-RNB      Document 5190      Filed 04/14/2009      Page 28 of 34

1        ability to perpetually deprive Mattel of crucial time in which to

2        conduct discovery.

3    (Reply, p. 4, emphasis in original).

4        Mattel's frustration is understandable; Mattel has already been through this

5    process twice (counting the pending motion to compel) with respect to the identical

6    interrogatories which are the subject of the Application.  However, Mattel's

7    assertion that it should be allowed to dispense with a noticed motion ignores one

8    important point: the Application seeks relief which both parties acknowledge is

9    entirely different in character than an award of ordinary monetary sanctions for

10   discovery abuses.  Unlike its motions to compel, the Application seeks a finding

11   that MGA has deliberately disobeyed a Court order and should be punished by an

12   award of coercive sanctions until it complies with the order.  This is the first time

13   Mattel has sought such relief, and MGA has never previously been provided the

14   opportunity to oppose the requested relief in connection with a regularly noticed

15   motion.  Thus, while Mattel's above quoted argument might have some application

16   if Mattel were seeking ordinary discovery sanctions on an *ex parte* basis, it does not

17   justify Mattel in seeking contempt sanctions for the first time on an *ex parte* basis.

18       Moreover, the chronology of events tends to negate the assertion that Mattel

19   is suffering immediate and irreparable prejudice from the delay occasioned by

20   MGA's failure to respond to the Interrogatories.  MGA has refused to respond to

21   the Interrogatories since the Court lifted the stay on Phase 2 discovery on January 6,

22   2009.  Nevertheless Mattel did not file its Application until two months later, after

23   MGA filed the Protective Order Motion and after Mattel filed its Motion to Compel

24   MGA to respond to the outstanding trade dress discovery, including providing

25   responses to the Interrogatories.  The timing of these events undermines Mattel's

26   argument that expedited relief is necessary.

27       In the absence of some exigency, the Discovery Master believes that the

28   severity and punitive character of contempt sanctions warrant affording the parties

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 27 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

1   the time and opportunity to present their arguments in the context of a regularly
2   noticed motion.  Consequently Mattel was not justified in seeking relief on an *ex*
3   *parte* basis.  Nevertheless, because Mattel could simply re-file the Application as a
4   regularly noticed motion and because the Discovery Master is not inclined to
5   recommend that the Court grant the relief Mattel seeks at this time, I address the
6   substantive issues raised by the Application below.

7          **2.    MGA's Alleged Disobedience Of The Prior Order**

8              **a.    Legal Standard**

9      As the Ninth Circuit has observed:

10             Courts are invested with inherent powers that are 'governed not
11             by rule or statute but by the control necessarily vested in courts to
12             manage their own affairs so as to achieve the orderly and
13             expeditious disposition of cases.'

14   (*Unigard Security Ins. Co. v. Lakewood Engineering & Manufacturing Corp.*, 982
15   F.2d 363, 368 (9th Cir. 1992) (citations omitted)).  When a party fails to comply
16   with a court order, that party commits civil contempt.  (*General Signal Corp. v.*
17   *Donallco, Inc.*, 787 F.2d 1376, 1376 (9th Cir. 1986)).  Additionally, Federal Rule of
18   Civil Procedure 37(b)(2)(A) authorizes a court to treat the failure to obey a
19   discovery order as contempt.

20          The Ninth Circuit has further observed that "courts have strictly adhered to
21   the principle that the power to punish for contempt is limited to '(t)he least possible
22   power adequate to the end proposed.'" (*In re Gustafson*, 619 F.2d 1354, 1361 (9th
23   Cir. 1980) (citations omitted)).

24          Mattel acknowledges that it must meet an exacting standard in order to
25   prevail on its Application.  Specifically, the party seeking imposition of civil
26   contempt sanctions must demonstrate "by *clear and convincing evidence* that the
27   contemnors violated a *specific and definite* order of the court."  (*United States v.*
28   *Rose*, 437 F.Supp.2d 1166, 1170 (S.D. Cal. 2006) *quoting FTC v. Affordable Media*

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 28 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 160

1    *LLC*, 179, F.3d 1228, 1239 (9th Cir. 1990) (emphasis added)). Further, any doubts

2    as to whether the requirements for civil contempt have been met in a particular case

3    must be resolved in favor of the party accused of civil contempt. (*In re Chief*

4    *Executive Officers Clubs, Inc.*, 359 B.R. 527, 535 (S.D.N.Y. 2007)).

5        In accordance with this standard, contempt sanctions will not be imposed

6    unless the language of the order allegedly violated is clear and unambiguous.

7    (*Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 892 (9th Cir.

8    1982) (affirming district court's denial of applications to hold defendants in

9    contempt for violating terms of consent judgment where, among other things,

10   certain "language of the judgment was ambiguous"); *Sunbeam Corp. v. Black &*

11   *Decker (U.S.) Inc.*, 151 F.R.D. 11, 15 (D.R.I. 1993) (denying motion for contempt

12   and for sanctions where the discovery at issue was open to interpretation: "Any

13   ambiguities or uncertainties in the court order must be read in a light favorable to

14   the person charged with contempt. ... Contempt power should not be used where

15   there is uncertainty"); *Redman v. U.S.*, 77 F.2d 126, 127 (9th Cir. 1935) ("[T]he

16   power of the court to punish for contempt should be used with caution and

17   deliberation.")).

18         **b.**    **Application To The Facts**

19      Mattel argues that MGA violated the February 15, 2008 Order, and that it

20   continued to do so for two months before the prior discovery master stayed MGA's

21   obligation to respond to the Interrogatories on April 22, 2008. (Application, p. 13).

22   That assertion is not accurate. In granting MGA's motion for clarification of the

23   February 15, 2008 Order, the prior discovery master in essence retroactively found

24   that MGA should not have been ordered to immediately provide supplemental

25   responses because the Interrogatories involved Phase 2 issues and were therefore

26   subject to the Court's February 4, 2008 stay order – a stay imposed 11 days before

27   the February 15, 2008 Order.

28      When the stay was lifted, on January 6, 2009, the Court did not set a new

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 29 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

1  deadline for MGA to provide supplemental responses in compliance with the

2  February 15, 2008 Order, nor did Mattel request that either the Court or the current

3  Discovery Master do so.  However, one month after the stay was lifted, Mattel did

4  meet and confer with MGA in an attempt to obtain responses.  At that time, MGA

5  took the position that it would provide responses to the Interrogatories "not later

6  than 30 days after the Court decides the trade dress summary judgment motion

7  which Mattel has indicated it will be bringing."  (Ex. 16 to Watson Decl. in support

8  of Application).  Three weeks later, MGA filed the Protective Order Motion

9  seeking a stay of its obligation to respond to the Interrogatories.

10        As set forth above, the Discovery Master finds that, in pursuing this course of

11  conduct instead of responding to the Interrogatories and other discovery that is the

12  subject of Mattel's Motion to Compel, MGA acted without substantial justification

13  and therefore grants Mattel's Motion To Compel and also awards sanctions against

14  MGA.  The question raised by the Application is whether MGA should *also* be

15  ordered to appear and show cause why it should not be held in contempt and subject

16  to further sanctions for failing to comply with the February 15, 2008 Order.

17        Since Mattel, as the moving party, has the burden of demonstrating by clear

18  and convincing evidence that MGA has committed civil contempt and should be

19  punished, Mattel must, in the first instance, identify the existence of a "specific and

20  definite" provision of the February 15, 2008 Order which MGA has violated.

21  (*Rose*, 437 F.Supp.2d at 1170).  In an attempt to meet this burden Mattel argues:

22              The Discovery Master's [February 15, 2008] Order directed

23              MGA to provide full, complete and updated responses to

24              Interrogatories Nos. 43 and 44 within eleven days.  MGA did not

25              comply with that Order and refused to do so for two months

26              before the Discovery Master stayed MGA's obligation to respond

27              while the Court's Phase 2 stay was in place.

28  (Application, p. 13).  However, as indicated above, MGA's failure to provide the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 30 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 162

Case 2:04-cv-09049-DOC-RNB   Document 5217-2   Filed 04/20/09   Page 33 of 57   Page ID
#:170189
Case 2:04-cv-09049-SGL-RNB      Document 5190      Filed 04/14/2009      Page 32 of 34

1   responses specified in the February 15, 2008 Order cannot reasonably be viewed to

2   be a violation of that order during the period of February 15, 2008 to April 22, 2008

3   because the prior discovery master himself retracted the portion of his ruling

4   requiring MGA to comply in response to MGA's motion for clarification.  In other

5   words, the prior discovery master found, in effect, that MGA had *properly* withheld

6   supplemental responses on the ground that the subject Interrogatories sought Phase

7   2 discovery, which had been stayed by the Court nearly two weeks *before* the prior

8   discovery master issued the February 15, 2008 Order.  Given the prior discovery

9   master's April 22, 2008 ruling granting MGA's motion for clarification, MGA can

10  hardly be deemed to have been in violation of the February 15, 2008 Order while

11  the Court's stay of Phase 2 discovery was in place.  A party who believes a ruling is

12  in error has the right to seek clarification or reconsideration, and doing so is not

13  equivalent to willfully disobeying the court.

14         Mattel also argues that MGA "resumed" its violation of the February 15,

15  2008 Order by failing to comply once the Court lifted the Phase 2 discovery stay on

16  January 6, 2009.  While the Discovery Master does not agree that any violation

17  resumed on January 6, 2009, as set forth above, I do agree that MGA should have

18  promptly complied with the February 15, 2008 Order once the stay was lifted by

19  serving supplemental responses within 11 days of the lifting of the stay.  *Lucero v.*

20  *Martinez*, 2006 WL 1304945 at *2 (D.N.M. Mar. 11, 2006) (party waived all

21  objections to interrogatories served before a stay was issued by failing to respond

22  within 30 days of the stay's expiration); *Donovan v. Mazzola*, 716 F.2d 1226, 1240

23  (9th Cir. 1983) ("Absent a stay, 'all orders and judgments of courts must be

24  complied with promptly.'").

25         However, today's ruling that MGA should have promptly provided responses

26  to the Interrogatories upon the stay being lifted by the Court is not equivalent to a

27  finding that MGA deliberately violated a "specific and definite" provision in the

28  February 15, 2008 Order.  That order arguably does not contemplate the situation

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 31 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 163

1   which ensued after the order was issued, namely, the prior discovery master's

2   decision to suspend MGA's obligation to respond to the Interrogatories without

3   setting a new deadline to run from the lifting of the stay.

4        While it is reasonable to conclude, as the Discovery Master has done, that the

5   same 11-day deadline imposed by the February 15, 2008 Order would apply once

6   the stay was lifted, an inference, however reasonable, is not the same thing as an

7   express obligation imposed by Court order.  (*U.S. v. Saccoccia*, 433 F.3d 19, 29-30

8   (1st Cir. 2005) [government did not carry its burden on civil contempt claim of

9   proving that acceptance of attorney fees by defense attorneys, post-verdict, fell

10  within list of activities expressly forbidden by earlier protective order]; *Independent*

11  *Living Aids, Inc. v. Maxi-Aids, Inc.*, 349 F.Supp.2d 509, 516 (E.D.N.Y. 2004) [the

12  defendant's supposed "understanding," based on oral comments by the Court that

13  he was being ordered to request that search engines discontinue using infringing

14  phrase, was not the same as express provision of injunction and could not serve as

15  basis for civil contempt]).  Further, as noted above, any doubts regarding

16  disobedience of a court order are to be resolved in favor of the party charged with

17  contempt.  Accordingly, the Discovery Master declines, under the applicable case

18  law and on the record presented, to find that MGA deliberately disobeyed the

19  Court, thereby meriting sanctions for civil contempt.  The Discovery Master also

20  declines to recommend that the Court issue the requested order to show cause.

21       However, as set forth in the Disposition section below, the Discovery

22  Master's ruling today *does* contain an express deadline by which MGA must

23  respond fully and without objection to the Interrogatories (as well as the other

24  discovery that is the subject of Mattel's Motion to Compel).  If MGA fails to

25  comply with the express, definite deadline imposed by this Order, the Discovery

26  Master reserves the right to recommend that the Court impose appropriate sanctions

27  from the date of MGA's non-compliance should Mattel renew its request for an

28  order to show cause regarding contempt by filing a noticed motion.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 32 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 164

## V.   **DISPOSITION**

  A. MGA's Protective Order Motion is **DENIED**.

  B. Mattel's Motion To Compel is **GRANTED**, except as limited above. MGA's responses to Interrogatory Nos. 43 and 44 shall be served within ten (10) days of this Order, subject to any applicable confidentiality designations available under the Protective Order.  MGA's responses to Supplemental Interrogatories Nos. 51 – 55 and 64 shall be served within thirty (30) days of this Order, subject to any applicable confidentiality designations available under the Protective Order.

  C. Mattel's request for sanctions against MGA in connection with its Motion To Compel is **GRANTED**.  MGA shall pay $4515 to Mattel within ten (10) days of this Order.

  D. MGA's request for sanctions in connection with Mattel's Motion To Compel is **DENIED**.

  E. Mattel's Application for issuance of an order to show cause regarding contempt is **DENIED**, without prejudice to any noticed motion for an order to show cause regarding contempt that Mattel may deem appropriate in the event that MGA fails to comply with any provision of the present Order.

Dated:  April 14, 2009

      By: /s/ Robert C. O'Brien
        ROBERT C. O'BRIEN
        Discovery Master

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 33 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Ex E, p 165

# EXHIBIT "F"

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD

NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90067

(310) 553-3000

FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

March 25, 2009

‼ MERITAS LAW FIRMS WORLDWIDE

<u>VIA E-MAIL & FACSIMILE</u>

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

      Re:    *Mattel, Inc.v. MGA Entertainment, Inc., et al.*

Dear Counsel:

    I am writing to request a meet and confer pursuant to paragraph 5 of the Discovery Master Order and Local Rule 37-1 in connection with Mattel's responses to the following written discovery:

### <u>MGA Entertainment, Inc.'s Second Set of Requests for Production of Documents and Things in Case No. 05-2727:</u>

<u>Request for Production No. 137</u>
    DOCUMENTS sufficient to identify by name and title PERSONS WITH knowledge of alleged copying, taking, accessing or modification of proprietary MATTEL DOCUMENTS by MACHADO, TRUEBA AND VARGAS.

<u>Request for Production No. 146</u>
    All DOCUMENTS REFERRING OR RELATING TO the events described in paragraph 53 of YOUR COUNTERCLAIMS regarding MATTEL's notification of Mexican authorities about the alleged theft of MATTEL's trade secret and confidential information, including but not limited to affidavits, declarations, complaints, and evidence filed with the Mexican authorities.

671042

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 2

Request for Production No. 148
     All DOCUMENTS REFERRING OR RELATING TO MATTEL's involvement in the
seizure of materials at the facilities of MGAE de Mexico, S.R.L. de C.V. in Mexico City by
Mexican authorities.

Request for Production No. 153
     All DOCUMENTS REFERRING OR RELATING TO whether the 2004 Sales Plan
referred to in paragraph 62 of YOUR COUNTERCLAIMS was public information or contained
public information.

Request for Production No. 154
     All DOCUMENTS REFERRING OR RELATING TO PERSONS who had access to the
2004 Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS.

Request for Production No. 157
     DOCUMENTS sufficient to identify by name, title and telephone number MATTEL
employees whom BRAWER allegedly contacted after his resignation from MATTEL, as alleged
in paragraph 69 of YOUR COUNTERCLAIMS.

Request for Production No. 158
     All DOCUMENTS REFERRING OR RELATING TO BRISBOIS' MATTEL exit
interview, including but not limited to reports, memoranda, notes, and recording of or
RELATING TO the exit interview.

Request for Production No. 160
     All DOCUMENTS REFERRING OR RELATING TO the events alleged in paragraph 75
of YOUR COUNTERCLAIMS regarding MATTEL's notification of Canadian law enforcement
authorities about BRISBOIS' alleged theft of MATTEL's trade secret and confidential
information, including but not limited to affidavits, declarations, complaints, and evidence filed
with the Canadian law enforcement authorities.

Request for Production No. 162
     All DOCUMENTS REFERRING OR RELATING TO MATTEL's involvement in the
seizure by Canadian law enforcement authorities of a thumb drive from BRISBOIS referenced in
paragraph 75 of YOUR COUNTERCLAIMS.

Request for Production No. 174
     All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 90
of YOUR COUNTERCLAIMS regarding MGA's alleged racketeering activity for the purpose of

671042

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 3

executing and attempting to execute a scheme to improperly defraud MATTEL and steal MATTEL's trade secret.

Request for Production No. 175
     All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 90 of YOUR COUNTERCLAIMS regarding MGA's alleged willful conduct for the purpose of executing and attempting to execute a scheme to improperly defraud MATTEL and steal its trade secret.

Request for Production No. 176
     All DOCUMENTS REFERRING OR RELATING TO how access to MATTEL's confidential information is controlled, including but not limited to DOCUMENTS CONTAINING MATTEL's policy with respect to confidential information, sign-in and sign-out sheets for access to confidential information, logs of PERSONS who access confidential information ,and procedures for accessing confidential information.

Request for Production No. 177
     All DOCUMENTS REFERRING OR RELATING TO the steps and procedures that MATTEL takes to keep MATTEL's confidential information confidential.

Request for Production No. 178
     All DOCUMENTS REFERRING OR RELATING TO any investigation, surveillance, inspection, inquiry, survey or analysis into the activities, including but not limited to electronic and computer related activities, alleged in YOUR COUNTERCLAIMS.

**MGA's Fifth Set of Requests for Production
of Documents and Things in Case No. 05-2727:**

Request for Production No. 486
     All DOCUMENTS REFERRING OR RELATING TO YOUR or YOUR attorney's or agent's knowledge of or participation in the investigation or search of MGAE de Mexico, S.R.L. de C.V. in Mexico City.

Request for Production No. 488
     All DOCUMENTS REFERRING OR RELATING TO YOUR knowledge that any of the items seized by Mexican authorities from MGAE de Mexico, S.R.L. de C.V. in Mexico City were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary.

671042

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 4

Request for Production No. 489
　　　　All DOCUMENTS REFERRING OR RELATED TO YOUR or YOUR attorney's or agent's knowledge of or participation in the seizure of Brisbois' thumb drive by Canadian law enforcement.

Request for Production No. 491
　　　　All DOCUMENTS REFERRING OR RELATED TO YOUR knowledge that any of the items seized by Canadian authorities from Brisbois' thumb drive were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary.

### MGA's Seventh Set of Requests for the Production of Documents and Things in Case No. 05-2727:

Request for Production No. 759
　　　　All DOCUMENTS REFERRING OR RELATING TO the departure of Jorge Castilla from MATTEL, including but not limited to any MATTEL exit interview forms, surveys, questionnaires, agreements, or other documents Castilla completed on or near the date of his departure from MATTEL.

Request for Production No. 760
　　　　All DOCUMENTS REFERRING OR RELATING TO MGA's recruitment or hiring of Jorge Castilla, including but not limited to all employment agreements and any agreements relating to confidentiality or non-disclosure of MATTEL information.

Request for Production No. 761
　　　　All DOCUMENTS REFERRING OR RELATING TO any taking of confidential or proprietary MATTEL information by Jorge Castilla, including but not limited to forensic reports, Guidance software reports, or computer imaging reports.

### MGA's Second Set of Interrogatories to Mattel, Inc.:

Interrogatory No. 20
　　　　IDENTIFY with specificity each ALLEGED TRADE SECRET, including the IDENTITY of each DOCUMENT that embodies or REFERS OR RELATES to each ALLEGED TRADE SECRET.

Interrogatory No. 21
　　　　IDENTIFY each PERSON who has had access to each ALLEGED TRADE SECRET, including (a) the ALLEGED TRADE SECRET each PERSON had access to; and (b) the date or dates each PERSON had this access.

671042

Ex F, p 169

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 5

Interrogatory No. 22
        STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that MGA
misappropriated any ALLEGED TRADE SECRET.

Interrogatory No. 23
        STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that the
ALLEGED TRADE SECRETS are protectable.

Interrogatory No. 28
        Describe in detail the complete factual basis for YOUR COUNTERCLAIMS, including,
without limitation all facts, DOCUMENTS, and witnesses that REFER OR RELATE TO YOUR
COUNTERCLAIMS.

Interrogatory No. 29
        Describe in detail any estimate or calculation of damage, loss, injury, or unjust
enrichment, by reason of any act or omission alleged in YOUR COUNTERCLAIMS, that YOU
have made or that has been made on YOUR behalf or at YOUR request, including all facts,
DOCUMENTS or witnesses RELATING TO each estimate or calculation.

        With respect to all of the above referenced requests for production, Mattel has only
objected and has not agreed to produce any responsive documents.  With respect to Interrogatory
Nos. 20-23 and 28, Mattel has asserted objections only and has not provided any substantive
responses.  In response to Interrogatory No. 29, Mattel responded on March 5, 2008, that "[a]s to
Mattel's Phase II counterclaims, Mattel has not yet computed its damages....  Mattel reserves the
right to supplement this response once Phase II discovery resumes and Mattel receives the
necessary information...."

        Documents and information responsive to each of the above requests are directly and
clearly relevant to the issues to be litigated in Phase II.  Moreover, based on the finding in
Discovery Master O'Brien's Order No. 6 that "MGA has made a prima facie case that the
Requests seeking the documents Mattel provided to law enforcement officials, as well as Mattel's
communications with those officials, are reasonably calculated to lead to the discovery of
admissible evidence regarding the claims to be adjudicated in Phase 2" and that such documents
"are not protected from disclosure under any of the privileges or doctrines cited by
Mattel," Mattel's objections to discovery requests pertaining to any law enforcement
investigation of Mattel's claims of trade secret theft, such as Requests for Production Nos. 146,
160, 162, 486 and 488, are without merit.

        Please let us know if Mattel is willing to supplement its responses to any of these
discovery requests and/or when you are available to meet and confer regarding these requests.

671042

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 6


Should we fail to reach agreement on the nature and scope of supplemental responses to be provided by Mattel, we anticipate promptly filing a motion to compel the production of documents and substantive responses.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS
& SHAPIRO, LLP


cc:   Patricia Benson, Esq.
      Jean Nogues, Esq.
      Russell Frackman, Esq.
      Joel Klevens, Esq.
      Amman Khan, Esq.

671042

# EXHIBIT "G"

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD

NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90067

(310) 553-3000

FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

April 14, 2009

☰ MERITAS LAW FIRMS WORLDWIDE

## VIA EMAIL AND U.S. MAIL

Diane C. Hutnyan, Esq.
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

Re:     MGA – Mattel

Dear Diane:

This is to confirm the substance of our telephonic conferences on March 31 and April 13, 2009, regarding Mattel's responses to the interrogatories and requests for production identified in my March 25, 2009, letter to Jon Corey and Michael Zeller.  Although we did not agree upon a date for Mattel to produce further documents and responses, MGA requests that they be produced by Mattel within 30 days from today's date, by May 14, 2009.

### General

MGA does not agree to limit its definition of "MATTEL" as used in the interrogatories and requests for production, but for your convenience, it agrees to apply the following definition of "MATTEL" (from MGA's Seventh Set of Requests for Production of Documents and Things In Case No. 05-2727) to all of the discovery requests discussed herein:

"MATTEL," "YOU" or "YOUR" means the party Mattel, Inc. and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners.

### Requests for Production

Request for Production 137:  It is Mattel's position that this is not a proper request for production and that the information sought by MGA would more properly be requested in an interrogatory.  MGA intends to serve an interrogatory that will require disclosure of this information.

Diane C. Hutnyan, Esq.
April 14, 2009
Page 2

Request for Production 146 & 148:  Mattel will produce all non-privileged, responsive documents in Mattel's possession, custody or control by April 13, 2009, pursuant to the Discovery Master's Order No. 6.

Request for Production 153: Mattel will produce all non-privileged, responsive documents in Mattel's possession, custody or control by May 14, 2009.

Request for Production 154:  Mattel takes the position that this request is overly broad. MGA agrees to narrow the request to encompass only documents sufficient to identify persons who had access to Mattel's 2004 Sales Plan (as referenced in paragraph 69 of Mattel's Second Amended Answer and Counterclaims) up to the date of Mattel's filing of the Second Amended Answer and Counterclaims on July 12, 2007.  Mattel will produce by May 14, 2009, all non-privileged documents responsive to the narrowed request in Mattel's possession, custody or control.

Request for Production 157:  It is Mattel's position that this is not a proper request for production and that the information sought by MGA would more properly be requested in an interrogatory.  MGA intends to serve an interrogatory that will require disclosure of this information.

Request for Production 158: Mattel will produce by May 14, 2009, all non-privileged, responsive documents in Mattel's possession, custody or control.

Request for Production 160 & 162:  Mattel will produce all non-privileged, responsive documents in Mattel's possession, custody or control by April 13, 2009, pursuant to the Discovery Master's Order No. 6.

Request for Production 174 & 175:  Mattel will produce by May 14, 2009, all non-privileged, responsive documents in Mattel's possession, custody or control.

Request for Production 176 & 177:  Mattel takes the position that these requests are overly broad.  MGA agrees to narrow the request by defining Mattel's "confidential information" as the trade secrets that Mattel contends in this action were stolen by or on behalf of MGA. MGA further agrees to limit these requests to seek information pertaining only to policies, procedures and protocols used by Mattel in the U.S., Canada and Mexico.  MGA's agreement to narrow these requests in this manner is without prejudice to MGA's right to seek a broader range of information at a later time, which right MGA hereby reserves.  MGA's reservation of such right is without prejudice to Mattel's assertion of objections thereto.

Diane C. Hutnyan, Esq.
April 14, 2009
Page 3

Request for Production 178: Mattel takes the position that this request is overly broad and that all responsive documents have already been produced. MGA thus seeks a written response from Mattel by May 14, 2009, that, after making a diligent search and reasonable inquiry to locate additional responsive documents, no additional responsive documents are in Mattel's possession, custody, or control.

Request for Production 486: Mattel takes the position that no documents responsive to this request exist because its attorneys and agents had no knowledge of or participation in the investigation or search of MGA de Mexico, S.R.L. de C.V. in Mexico City. MGA thus seeks a written response from Mattel by May 14, 2009, that, after making a diligent search and reasonable inquiry to locate responsive documents, Mattel found no responsive documents in its possession, custody, or control.

Request for Production 488: Mattel takes the position that it is not presently aware of the existence of any documents responsive to this request, in part because it has not yet had an opportunity to depose Mariana Trueba or Pablo Vargas. MGA thus seeks a written response from Mattel by May 14, 2009, that, after making a diligent search and reasonable inquiry to locate responsive documents, Mattel has to date found no responsive documents in its possession, custody, or control.

Request for Production 489: Mattel takes the position that no documents responsive to this request exist because its attorneys and agents had no knowledge of or participation in the seizure of Brisbois' thumb drive by Canadian law enforcement, other than reporting the theft. MGA thus seeks a written response from Mattel by May 14, 2009, that, after making a diligent search and reasonable inquiry to locate responsive documents, Mattel found no responsive documents in its possession, custody, or control.

Request for Production 491: Mattel takes the position that no documents responsive to this request exist because its attorneys and agents had no knowledge of or participation in the investigation or search of MGA de Mexico, S.R.L. de C.V. in Mexico City. MGA thus seeks a written response from Mattel by May 14, 2009, that, after making a diligent search and reasonable inquiry to locate responsive documents, Mattel found no responsive documents in its possession, custody, or control.

Request for Production 759 & 760: It is Mattel's position that all non-privileged documents responsive to these requests have already been produced. MGA thus seeks a written response from Mattel by May 14, 2009, that, after making a diligent search and reasonable inquiry to locate additional responsive documents, Mattel found no additional responsive documents in its possession, custody, or control.

Diane C. Hutnyan, Esq.
April 14, 2009
Page 4

Request for Production 761:  Mattel takes the position that it has already produced many responsive documents and that further responsive documents are being produced by Mattel by April 13, 2009.  MGA thus seeks a written response from Mattel by May 14, 2009, that, after making a diligent search and reasonable inquiry to locate responsive documents, Mattel found no responsive documents in its possession, custody, or control other than those produced on or prior to May 14, 2009.

**Interrogatories**

Interrogatories Nos. 20, 22, 23 & 28:  It is Mattel's position that it has already provided full and complete responses to these interrogatories in its response to MGA's Interrogatory No. 1.

Upon further review, it is MGA's position that Mattel's response to Interrogatory No. 1 does not fully respond to Interrogatories Nos. 20, 22, 23 & 28.  For example, Mattel's response to Interrogatory No. 1 does not contain sufficient detail regarding the nature of Mattel's alleged trade secrets or Mattel's treatment, handling and protection of its alleged trade secrets to demonstrate whether the alleged trade secrets are, in fact, protectable trade secrets

The disputed Interrogatories all seek to vet Mattel's trade secret claims by requesting the type of information described by the California Uniform Trade Secret Act ("CUTSA").[1]  Interrogatory No. 20 asks Mattel to identify "with specificity" each alleged trade secret referred to in the Second Amended Answer and Counterclaims as well as any related documents.  Likewise, Interrogatory No. 23 seeks the complete factual basis for Mattel's contention that the trade secrets that MGA purportedly stole are protectable.  Information responsive to these interrogatories would include, for example, the following types of facts:  (1) each type of information that Mattel contends constitutes a trade secret; (2) the independent economic value that Mattel purportedly derives from keeping each of the alleged trade secrets from being generally known to the public; and (3) any steps Mattel has taken to ensure the secrecy of the alleged trade secrets.  Mattel's response to Interrogatory No. 1 is simply not responsive to this

---

[1] "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

> (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and

> (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Cal. Civ. Code § 3426.1(d).

Diane C. Hutnyan, Esq.
April 14, 2009
Page 5

inquiry.  Furthermore, the CUTSA is clear that the term "trade secret" refers to specific information, not simply the documents which might contain that information.  *See* Cal. Civ. Code § 3426.1(d).  Notwithstanding the fact that Mattel has provided a 20-page list of documents, MGA is not in a position to divine what trade secrets those documents purportedly contain.

Therefore, should Mattel decline to voluntarily provide a further response to these interrogatories, MGA intends to promptly file with the Discovery Master a motion to compel a further response.

Interrogatory No. 21:  Mattel will consider whether it will agree to supplement its response to this interrogatory with detailed facts.  MGA requests Mattel's response by the close of business on Thursday, April 16, 2009.  Should Mattel decline to voluntarily provide a further response to this interrogatory, MGA intends to promptly file with the Discovery Master a motion to compel a further response.

Interrogatory No. 29:  It is Mattel's position that this interrogatory is premature because it has not yet received from MGA documents and information needed by Mattel to calculate its damages and because the interrogatory seeks information that is the subject of expert analysis that has not yet been conducted.  Mattel agrees to produce such information in the future.  It is MGA's position that Mattel should produce promptly whatever estimates or calculations of damages it has conducted to date, even if incomplete or not final, and all facts, documents or witnesses relating to such estimates or calculations.  Should Mattel decline to voluntarily provide a further response to this interrogatory, MGA intends to promptly file with the Discovery Master a motion to compel a further response.

Please let me know as soon as possible if this does not comport with your understanding of the results of our efforts to meet and confer regarding these discovery requests.

Thank you for your attention to this matter.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

CHM:lde
cc:   Joel N. Klevens, Esq.
      Patricia H. Benson, Esq.
      Amman Khan, Esq.

Diane C. Hutnyan, Esq.
April 14, 2009
Page 6


bcc:    Craig Holden, Esq.

# EXHIBIT "H"

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

April 16, 2009

<u>VIA ELECTRONIC MAIL AND FAX</u>

Caroline H. Mankey, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:     <u>Mattel v. MGA Entertainment, Inc., et al.</u>

Dear Caroline:

I write to memorialize our telephone call of this afternoon regarding certain MGA Requests for Production and Interrogatories. As I described to you over the phone, we have agreed:

- For Request for Production Nos. 146, 160, 174, and 175 (Second Set), and 488 and 491 (Fifth Set), Mattel will produce non-privileged documents responsive to these requests, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

- For Request for Production Nos. 148 and 162 (Second Set), and 486 and 489 (Fifth Set), Mattel will produce responsive, non-privileged documents regarding Mattel's communications with law enforcement personnel that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

- For Request for Production No. 153 (Second Set), Mattel will produce responsive, non-privileged documents relating to the trade secret/confidential nature of the 2004 Sales Plan, including any documents relating to it being or containing purportedly public information, that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, Illinois 60606-6301 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG , United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 , Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

Caroline Mankey, Esq.
April 16, 2009

- For Request for Production Nos. 176 and 177 (Second Set), Mattel will produce responsive, non-privileged documents that relate to the trade secrets and confidential information at issue in this case and to the policies and procedures applied in the U.S., Mexico and Canada with respect to those trade secrets and confidential information, that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

- For Request for Production No. 178 (Second Set), Mattel will produce responsive, non-privileged documents relating to the discovery of MGA's thefts of trade secret and other confidential Mattel information that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

Also, as we discussed, with respect to Request for Production Nos. 759, 760, 761 (Fifth Set) and 158 (Second Set), Mattel already agreed to produce documents in prior responses and in response to the question you posed today about Request No. 158, we do not know of any responsive documents that have not been produced but we will supplement our production in the event that any additional documents are located.

With respect to Requests for Production Nos. 137 and 157 (Second Set), I explained that Mattel's previously produced documents, interrogatory responses and Initial Disclosures already reflect the universe of people with non-privileged information sought in these requests. Further, we had previously discussed whether No. 137 could be construed as incorporating documents reflecting that the persons had the knowledge of alleged copying, taking, accessing or modification of proprietary Mattel documents by Machado, Trueba, and Vargas, and whether No. 157 could be construed as reflecting the contacts that Brawer with the persons after his resignation from Mattel, and you had said MGA would be willing to narrow the requests to just seek those documents. Mattel has considered that suggestion, and while we disagree as to whether these particular requests necessarily encompass such documents, we believe all such documents have been produced anyway. As a result, I believe these requests are resolved. I suggested that you look at the information already provided and let me know what, if anything, you believe you still need to resolve these two requests. Please confirm that we have agreement on that approach.

With respect to Request for Production No. 154, concerning documents referring or relating to those who had access to the 2004 Sales Plan, we discussed whether MGA means by "access" those who actually accessed the Sales Plan, or those who have access in some more technical, theoretical way. Your understanding was that the requests seeks to identify all the people who actually accessed the document, but you told me you would find out from your team whether that was the case. Also, I raised the issue that the number of people with access can change over time, and that the content of the document itself can change over time. As to the latter, Mattel understands the Request to refer to the version(s) of the document that were actually taken.

2

Caroline Mankey, Esq.
April 16, 2009


Mattel is also wondering what MGA has in mind in terms of temporal scope. We do not agree that all post-theft access to the document is relevant in all cases to a trade secret misappropriation claim, but we understand your position that some post-theft access may be relevant and are willing to consider producing items within a reasonable post-theft time period. Please forward any authority that would help us determine what is the proper time period to apply. Also, I noted that Request No. 154 as drafted would include access by lawyers, investigators, court personnel and government personnel as a result of MGA's theft. It did not sound from what you had told me that this is the information MGA seeks. With respect to these issues, you told me that you would get back to me so that we can work out a way to get MGA the information it needs.

With respect to Interrogatories 20 and 22, we discussed MGA's view that the information contemplated by these interrogatories is difficult to recognize in the responses to Interrogatory Nos. 1 and 2. While we don't necessarily agree with MGA on the point, we nevertheless will supplement both of these interrogatories in an effort to resolve this. Mattel will also supplement its responses to Interrogatory Nos. 21, 23, 28, and 29.

This covers all of the Requests for Production and Interrogatories identified in your original meet and confer letter of March 25, 2009. We plan to make all these supplementations and any supplementary production by May 14, which was the date that you proposed.

Sincerely,


/s/

Diane C. Hutnyan


cc: Jason Russell, Esq.

07975/2890452.1


3


Ex H, p 180

# EXHIBIT "I"

LAW OFFICES

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD

NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90067

(310) 553-3000

FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

April 17, 2009

MERITAS LAW FIRMS WORLDWIDE

**VIA FACSIMILE & E-MAIL**

Diane C. Hutnyan, Esq.
QUINN, EMANUEL, URQUHART,
  OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

Re:   Mattel, Inc.v. MGA Entertainment, Inc., et al.

Dear Diane:

This responds to your letter dated April 16, 2009, confirming our telephone conversation on that date regarding Mattel's responses to the interrogatories and requests for production identified in my March 25, 2009, letter to Jon Corey and Michael Zeller and further discussed in my letter to you dated April 14, 2009.

We acknowledge the steps that Mattel has taken in agreeing to provide further written responses and documents responsive to MGA's discovery requests.  However, there remain certain areas of ambiguity that continue to concern MGA.

The first of MGA's concerns applies to all of Mattel's responses to the Requests for Production at issue.  As indicated in my April 14 letter, MGA agreed to apply one definition of "MATTEL" to all of the discovery requests identified in my March 25 meet and confer letter.  Specifically, MGA agreed to define "MATTEL" as follows:

"MATTEL," "YOU" or "YOUR" means the party Mattel, Inc. and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners.

It is unclear from your response whether Mattel objects to that definition and/or whether it intends to withhold any documents from its production as a result of any such objection(s).

Indeed, it is unclear from your letter whether Mattel intends to withhold any documents responsive to the Requests for Production at issue on the basis of any objections, other than

Diane C. Hutnyan, Esq.
April 17, 2009
Page 2

privilege or work product objections.  Although your letter reflects an agreement to produce non-privileged documents responsive to Requests for Production Nos. 146, 148, 153, 160, 162, 174, 175, 176, 177, 178, 486, 488, 489 and 491, it does not expressly state whether it will produce **all** such responsive documents or whether it intends to withhold any documents on the basis of any privilege.

The following are concerns about Mattel's responses to specific Requests for Production:

Requests for Production Nos. 148, 162, 486 and 489:  You indicate that "Mattel will produce responsive, non-privileged documents regarding Mattel's **communications with law enforcement personnel** that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced."  (Emphasis added.)  However, the scope of these Requests is broader than just communications with law enforcement personnel.  Thus, MGA seeks all documents responsive to these Requests, not just the documents that the Discovery Master has already ordered Mattel to produce.  Further, you must confirm that you are producing "*all*" of such documents.

Request for Production No. 154:  You have asked us to further define the temporal scope of this Request and to refine the Request with respect to the definition of access we are applying.  As noted in my April 14 letter, MGA agrees to narrow the request temporally to apply only to documents predating the filing of Mattel's Second Amended Answer and Counterclaims on July 12, 2007, so long as Mattel confirms that it has no claims relating to the 2004 Sales Plan after this date.  MGA also seeks documents reflecting all persons to whom Mattel gave the ability or permission to access the 2004 Sales Plan.  It does not seek information from Mattel regarding persons who might have had access to the document while it was in the possession of a person or entity other than Mattel, such as government or court personnel, unless that access was given to them by Mattel.

Request for Production No. 178:  You indicate that Mattel will produce non-privileged, responsive documents "relating to the discovery of MGA's thefts of trade secret and other confidential Mattel information...."  However, the scope of this Request is far broader than that.  It seeks documents relating to "any investigation, surveillance, inspection, inquiry, survey or analysis into the activities, including but not limited to electronic and computer related activities," alleged in Mattel's counterclaims.  MGA is not willing to narrow this Request in the manner you have proposed.

For these reasons, and because this matter has been pending without resolution for far longer than the five day period for meeting and conferring contemplated by the order referring discovery disputes to the Discovery Master, MGA intends to move forward with the filing of its motion to compel with the Discovery Master in order to preserve its rights.  However, we

Diane C. Hutnyan, Esq.
April 17, 2009
Page 3

anticipate withdrawing all or portions of the motion in the event that we reach an agreement on any and all outstanding issues.

Thank you for your attention to this matter.

Very truly yours,

*Caroline H. Mankey (amk)*

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS, HOWARD
& SHAPIRO, LLP

CHM:lde
cc:   Joel N. Klevens, Esq.
      Patricia H. Benson, Esq.
      Amman Khan, Esq.

Ex I, p 183