QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Robert O'Brien]** |
| Defendant. | MATTEL, INC.'S SUPPLEMENTAL REPLY IN SUPPORT OF RENEWED MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S FEBRUARY 15, 2008 ORDER REGARDING MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES BY THE MGA PARTIES [INTERROGATORY NOS. 48-50] |
| AND CONSOLIDATED ACTIONS | [Declaration of Jon Corey filed concurrently herewith] |
| | Hearing Date: April 27, 2009<br>Time: 10:00 a.m.<br>Place: Arent Fox LLP |
| | **Phase 2**<br>Discovery Cut-off: December 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

# TABLE OF CONTENTS

Preliminary Statement ........................................................................1

Argument ........................................................................................2

I.    MATTEL'S INTERROGATORIES ARE PROPER, AND MGA'S
      RESPONSES ARE INCOMPLETE .............................................2

      A.    MGA's Assertion That "All Facts" Interrogatories Are
            Inherently Improper Is Unavailing.............................................3

      B.    Answering The Interrogatories Would Not Be "Unduly"
            Burdensome................................................................................7

      C.    MGA Has Not Provided Even The "Principal" Facts Supporting
            Its Contentions And Its Responses Are Therefore Inadequate .............9

II.   MGA'S OBJECTIONS SHOULD BE OVERRULED .................................13

      A.    MGA Waived The Majority Of Its Objections And Mattel Did
            Not Waive Any Of Its Arguments .......................................13

      B.    MGA's Privilege Objection Should Be Overruled .............................15

      C.    MGA's Compound Objections Should Be Overruled .........................16

      D.    MGA's Objections That Information Has Already Been
            Produced Or Is More Readily Accessible To Mattel Should Be
            Overruled ...................................................................................18

      E.    MGA Should Not Be Allowed To Withhold Information Because
            It May Be The Subject Of Expert Testimony...................................19

      F.    MGA's Undue Burden Objection To Interrogatory No. 50
            Should Be Overruled .......................................................................19

Conclusion ........................................................................................21

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>Cases</u>

Agyeman v. Bohl,
2007 WL 4181721 (E.D. Cal. 2007) ..................................................... 5

Am. Oil Co. v. Penn. Petro. Co.,
23 F.R.D. 680 (D.R.I. 1959) ............................................................ 7

Audiotext Communications Network,
1995 WL 625953 ........................................................................ 6

Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC,
2006 WL 3253636 (N.D. Ill. 2006) ................................................ 2, 3, 6

Beach v. City of Olathe,
203 F.R.D. 489 (D. Kan. 2001) ...................................................... 9

Benas v. Bacas,
2003 WL 21697750 (C.D. Cal. 2003) ............................................... 4

Blaine v. Adams,
2007 WL 2688814 (E.D. Cal. 2007) ................................................ 5

Chapman v. California Dept. of Education,
2002 WL 32854376 (N.D. Cal. 2002) ........................................... 4, 12

City of Wichita, Ks. v. Aero Holdings, Inc.,
2000 WL 1480499 (D. Kan. 2000) .................................................. 14

Clean Earth Remediation and Const. Services, Inc. v. American Intern. Group, Inc.,
245 F.R.D. 137 (S.D.N.Y. 2007) .................................................... 4

Dang v. Cross,
2002 WL 432197 (C.D. Cal. 2002) ............................................... 4, 6

Diapulse Corp. of America v. Curtis Publishing Co.,
374 F.2d 442 (2d Cir. 1967) ........................................................ 14

Eidukonis v. Southeastern Pennsylvania Transp. Authority,
1987 WL 16321 (E.D. Pa. 1987) .................................................... 14

El-Shaddai v. Wheeler,
2009 WL 301824 (E.D. Cal. 2009) ............................................. 13, 15

Fleet Systems, Inc. v. Federal Coach, LLC,
2007 WL 2264618 (D. Neb. 2007) .................................................. 14

Gaeta v. Perrigo Pharmaceuticals Co.,
2007 WL 3343043 (N.D. Cal. 2007) ................................................ 12

Gardias v. San Jose State University,
  2007 WL 3101255 (N.D. Cal. 2007) ....................................................... 5

Grynberg v. Total S.A.,
  2006 WL 1186836 (D. Colo. 2006) ........................................................ 4

In re H&R Block Mortgage Corp., Prescreening Litig.,
  2007 WL 325351 (N.D. Ind. 2007) ........................................................ 8

Hiskett v. Wal-Mart Stores, Inc.,
  180 F.R.D. 403 (D. Kan. 1998) ............................................................ 4

IBP, Inc. v. Mercantile Bank of Topeka,
  179 F.R.D. 316 (D. Kan. 1998) ......................................................... 4, 7

In re Katrina Canal Breaches Consolidated Litig.,
  2007 WL 1959193 (E.D. La. 2007) ..................................................... 7, 8

King v. E.F. Hutton & Co., Inc.,
  117 F.R.D. 2 (D.D.C. 1987) ................................................................. 7

King v. Georgia Power Co.,
  50 F.R.D. 134 (N.D. Ga. 1970) ......................................................... 8, 9

Krawczyc v. City of Dallas,
  2004 WL 614842 (N.D. Tex. 2004) ...................................................... 18

Leibforth v. Belvidere Nat. Bank,
  2001 WL 649596 (N.D. Ill. 2001) ......................................................... 9

Marshall v. Rain,
  2008 WL 2186184 (S.D. Cal. 2008) ................................................ 13, 15

Mead Corp. v. Riverwood Natural Resources Corp.,
  145 F.R.D. 512 (D. Minn. 1992) ........................................................... 5

Morgenstern v. Int'l Alliance of Theatrical Stage Empl.,
  2006 WL 2385233 (N.D. Cal. Aug. 17, 2006) ..................................... 14

Moses v. Halstead,
  236 F.R.D. 667 (D. Kan. 2006) ....................................................... 4, 14

Pension Benefit Guaranty Corp. v. Ziffer,
  No. 91 C7762, 1994 WL 11654 (N.D. Ill. 1994) ................................ 5, 7

Pulliam v. Continental Cas. Co.,
  2003 WL 1085939 (D.D.C. 2003) ........................................................ 5

Richmark Corp. v. Timber Falling Consultants,
  959 F.2d 1468 (9th Cir. 1992) ....................................................... 14, 17

Seff v. General Outdoor Advertising Co.,
  11 F.R.D. 597 (N.D. Ohio 1951) ...................................................... 8, 9

Stoldt v. Centurion Industries, Inc.,
    L 375667 (D. Kan. 2005)................................................................4

Tennison v. San Francisco,
    226 F.R.D. 615 (N.D. Cal. 2005) ......................................... 2, 5, 6

Twigg v. Pilgrim's Pride Corp.,
    2007 WL 676208 (N.D. W. Va. 2007) .......................................7

In re Veeco Instruments, Inc. Securities Litigation,
    2007 WL 724555 (S.D.N.Y. 2007) ...........................................14

Wal-Mart Stores, Inc. v. Samara Bros., Inc.,
    529 U.S. 205 (2000) ...........................................................11, 12

Williams v. The Art Inst. of Atl.,
    2006 WL 3694649 (N.D. Ga. 2006) .........................................7

## Statutes

Fed R. Civ. P. Rule 26(b)(2) ........................................................7

Fed R. Civ. P. Rule 30(b)(6) ......................................................20

# **Preliminary Statement**

2  MGA continues to try to justify its failure to adequately respond to Mattel's

3  interrogatories, hide the ball and eventually sandbag Mattel at trial. But MGA's

4  arguments do not hold water. This is not a case where MGA genuinely has disclosed

5  even the "material" facts on which it plans to rely but may have omitted a detail or two.

6  To the contrary, MGA has disclosed a few of its *theories* -- and virtually no *facts* -- in

7  perfunctory fashion and is relying on its "principal facts" limitation to disclose

8  whatever it chooses. Mattel is entitled to learn the *facts* on which MGA plans to rely,

9  and MGA should be ordered to disclose them.

10  MGA cites some courts that have indeed sustained a "principal facts" limitation.

11  Mattel has cited many others that have compelled complete responses to "all facts"

12  contention interrogatories. However the Discovery Master rules on this issue, MGA

13  should be compelled to give complete responses, which have not yet been provided

14  under any notion of the word "complete." This is a high-stakes litigation involving

15  years of conduct and millions upon millions of dollars. When MGA's lawyers stand up

16  to address the jury, they will not stand mute. What they say will contain far more

17  information than what they have disclosed to date. Whatever burdens are involved in

18  providing complete responses are heavily outweighed by the benefits of the discovery,

19  particularly in light of the amount in controversy.

20  MGA now denies that it recognized the inadequacy of its responses to

21  Interrogatories Nos. 48-50 and promised to supplement the responses, but MGA

22  undeniably did so. As part of its excuse for not providing adequate responses during

23  Phase 1, MGA asserted "MGA will supplement these responses in the course of Phase

24  2 discovery." Phase 2 discovery is now well underway. MGA should not be allowed

25  to evade its promise and its responsibilities yet again.

26  Finally, MGA is wrong when it asserts that Mattel waived its arguments against

27  MGA's improper objections. Quite to the contrary, MGA waived its improper

28  objections when it failed to rely upon them in response to Mattel's original motion to

compel. MGA itself has cited authority which makes clear that, when ruling on a motion to compel, the Court will consider only those objections that have been (1) timely asserted, and (2) *relied upon in response to the motion to compel*. Out of an abundance of caution, Mattel re-asserted its request that the Discovery Master overrule MGA's improper objections, but, in reality, MGA already waived the majority of those objections and cannot now rely on them to justify its failure to adequately respond to Mattel's interrogatories.

Mattel's motion should be granted.

## **Argument**

## I.    **MATTEL'S INTERROGATORIES ARE PROPER, AND MGA'S RESPONSES ARE INCOMPLETE**

Interrogatories seeking the factual basis for a party's contentions have been held proper time and time again.    See, e.g., Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC, 2006 WL 3253636, at *2-5 (N.D. Ill. 2006) (compelling defendant to answer interrogatories requesting "all supporting facts, documents, exhibits, testimony and/or expert opinions" in support of contentions); Tennison v. San Francisco, 226 F.R.D. 615, 618 (N.D. Cal. 2005) (requiring plaintiff to answer interrogatory that requested "all facts" supporting denial of allegation).  Both Judge Larson[1] and the Discovery Master[2] have already compelled defendants to respond to interrogatories seeking the facts supporting their contentions.  This alone should be dispositive, yet MGA ignores it altogether.

MGA attempts to justify its inadequate responses on the basis that it is only obligated to provide Mattel with the "principal" facts because providing all supporting

---

[1]   Court's Order, dated December 3, 2007, at 1-2, Corey Dec., Exh. 1.
[2]   Phase 2 Discovery Matter Amended Order No. 11 Regarding: (1) Motion of Mattel, Inc. to Compel Responses to Interrogatories and Production of Documents by MGA Entertainment, Inc. and Isaac Larian; and (2) Motion of Mattel, Inc. to Compel the (footnote continued)

facts would be unduly burdensome.[3]  This excuse fails as a justification for MGA's deficient responses for several reasons.  First, "all facts" interrogatories have been held proper in this case and many others, particularly where, as here, the issues are complex and important.[4]  Second, in this case, in light of the amount in controversy, any burdens imposed by responding to contention interrogatories are justified.  Indeed, without burdening the Court with motion practice, Mattel has already responded to "all facts" interrogatories propounded by MGA.  And third, even if its purported "principle facts" limitation were proper, MGA has not even begun to provide that.

### A. MGA's Assertion That "All Facts" Interrogatories Are Inherently Improper Is Unavailing

MGA argues that Mattel's interrogatories seeking "all facts" are inherently improper.  That is disingenuous at best, as MGA has repeatedly propounded such interrogatories on Mattel.[5]  Indeed, MGA has served interrogatories that are far broader and more burdensome than Mattel's.  For example, MGA's Interrogatory No. 1 asks Mattel to state "all facts, with particularity, . . . that support YOUR contention, if YOU so contend, that YOU have suffered harm as a result of any act or omission of MGA."[6]  As MGA has acknowledged, Mattel provided detailed, robust responses to this interrogatory and others, which ████████████████████████████

---

Depositions of Pablo Vargas and Mariana Trueba, dated March 31, 2009, Corey Dec., Exh. 2.

[3] MGA's Supplemental Opposition to Mattel's Renewed Motion Objecting to Discovery Master's February 15, 2008 Order ("Supp. Opp.") at 14, Corey Dec., Exh. 3.

[4] See, e.g., Judge Larson's Order dated December 3, 2007, Corey Dec., Exh. 1 (granting Mattel leave to serve interrogatory providing: "State the facts upon which YOU intend to rely at trial to support YOUR affirmative defenses, and IDENTIFY all PERSONS with knowledge of those facts and all DOCUMENTS that REFER OR RELATE to those facts," to which Defendants were compelled to respond "without objection"); Auto Meter Prods., Inc., 2006 WL 3253636, at *2-5 ("all facts" contention interrogatory held proper in trademark infringement action).

[5] See, e.g., MGA's First Set of Interrogatories to Mattel, dated February 4, 2005, at 9, Corey Dec., Exh. 4.

1 ████████████████████████████████████████████████████████████

2 ████████████ MGA, by contrast, has done the opposite, concealing the factual basis

3 for its contentions in an effort to gain an unfair advantage at trial. MGA's efforts to

4 sandbag Mattel should not be permitted.

5     The cases upon which MGA relies are of little help to MGA's argument. First, in

6 Clean Earth Remediation and Const. Services, Inc. v. American Intern. Group, Inc., 245

7 F.R.D. 137 (S.D.N.Y. 2007), the court held that the interrogatories at issue were

8 improper in light of local rules that severely restrict the types of interrogatories that

9 may be served at different stages of litigation. Id. at 141. The court only noted in dicta

10 that other courts have held "all facts" interrogatories invalid. Id. The other cases upon

11 which MGA relies, with one exception, were all decided in the Federal District Court

12 for the District of Kansas.[8] While the Kansas courts may hold in some circumstances

13 that a party need only provide the "principal" or "material" facts supporting its

14 contentions, courts in other districts, including this district, routinely require complete

15 responses to "all facts" interrogatories. Dang v. Cross, 2002 WL 432197, at *4 (C.D.

16 Cal. 2002) (affirming magistrate judge's holding that interrogatories requesting "all

17 facts" in support of a denial of a statement were not unduly burdensome); Benas v.

18 Bacas, 2003 WL 21697750, at *2 (C.D. Cal. 2003) (interrogatory asking for all facts

19 supporting plaintiff's denials of requests for admissions held not burdensome or

20 oppressive). See also Chapman v. California Dept. of Education, 2002 WL 32854376,

---

21     [6]  Id. at 9.

22     [7]  MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel
Responses to Interrogatories (Nos. 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41,

23 42, 43, 44, 46, 47, 48, 49, and 50) by the MGA Parties, dated December 31, 2007, at 3-4
n.1, Corey Dec., Exh. 5. Indeed, Mattel's response to this one interrogatory alone was

24 over 61 pages long, not including objections. Corey Dec., ¶ 6.

25     [8]  MGA relies on Moses v. Halstead, 236 F.R.D. 667 (D. Kan. 2006), Stoldt v.

26 Centurion Industries, Inc., L 375667 (D. Kan. 2005), IBP, Inc. v. Mercantile Bank of
Topeka, 179 F.R.D. 316 (D. Kan. 1998), and Hiskett v. Wal-Mart Stores, Inc., 180 F.R.D.

27 (footnote continued)

28

at *2 (N.D. Cal. 2002) ("While interrogatories that call for all facts, documents and witnesses may, in some circumstances, place an unreasonable burden on the responding party . . . an interrogatory that requests 'all facts' in support of a refusal to admit specific relevant facts is not burdensome and oppressive *per se*."); <u>Pension Benefit Guaranty Corp. v. Ziffer</u>, No. 91 C7762, 1994 WL 11654 at * 1 (N.D. Ill. 1994) (finding interrogatories seeking "all facts" supporting denials of allegations proper under circumstances of case); <u>Tennison</u>, 226 F.R.D. at 618 (requiring plaintiff to answer interrogatory that requested "all facts" supporting denial of allegation).

In its Supplemental Memorandum,[9] Mattel cited numerous cases that compelled responses to "all facts" discovery, but it could have cited many more. <u>See, e.g.</u>, <u>Agyeman v. Bohl</u>, 2007 WL 4181721, at *2 (E.D. Cal. 2007) (granting motion to compel response to interrogatory that asked plaintiff to "state all facts" in support of contention and stating that plaintiff "must provide all factual allegations that he has personal knowledge of that specifically respond" to the interrogatory); <u>Gardias v. San Jose State University</u>, 2007 WL 3101255, at *2-3, 6 (N.D. Cal. 2007) (compelling plaintiff to state "all facts" in response to interrogatory and noting that Court had previously explained that "defendant is entitled to know before trial what facts there are to support his claims" and that "plaintiff needed to identify all facts he believes will show that he is correct"); <u>Blaine v. Adams</u>, 2007 WL 2688814, at *3 (E.D. Cal. 2007) (holding that interrogatories seeking "all facts" in support of contentions are proper); <u>Pulliam v. Continental Cas. Co.</u>, 2003 WL 1085939, at *5 (D.D.C. 2003) (overruling objection that interrogatory seeking "all facts" was "overly broad" and compelling an answer); <u>Mead Corp. v. Riverwood Natural Resources Corp.</u>, 145 F.R.D. 512, 515-16

---

403 (D. Kan. 1998). MGA also relies on <u>Grynberg v. Total S.A.</u>, 2006 W L 1186836 (D. Colo. 2006), which itself relies on the District of Kansas cases.

[9] Mattel, Inc.'s Supplemental Memorandum in Support of Renewed Motion Objecting to Portions of Discovery Master's February 15, 2008 Order Regarding Mattel's Motion to (footnote continued)

(D. Minn. 1992) (rejecting defendant's objection that interrogatory seeking "all facts"

2 on which defendant intended to rely was unduly burdensome because defendant

3 "presented no specific facts to support this objection").

4     MGA's attempts to distinguish the many authorities Mattel cited in its

5 Supplemental Memorandum fail. For example, in <u>Auto Meter</u>, 2006 WL 3253636, at

6 *2, the court disapproved of the fact that the defendant repeatedly raised new

7 contentions in its responses to all facts interrogatories and held that the time had come

8 to "require the answering party to commit to a position and give factual specifics

9 supporting its claims." <u>Id.</u> (internal quotation and citation omitted). After compelling

10 defendant to fully respond to the interrogatories at issue, the court made clear that

11 "[a]ny facts or documents not so disclosed cannot be relied upon in this case." <u>Id.</u> at

12 *4. As in <u>Auto Meter</u>, the time has come for MGA to give factual specifics regarding

13 claims that are now *four years old*.

14     Similarly, in <u>Tennison</u>, 226 F.R.D. 615, the court overruled the responding

15 party's objections and compelled him to provide a "full and complete response" to

16 interrogatories seeking "all facts" in support of his contentions. In <u>Audiotext</u>

17 <u>Communications Network</u>, 1995 WL 625953 at *2, the court ordered responses to

18 interrogatories requesting all facts, and only found the interrogatories overbroad where

19 they sought identification of thousands of company employees "no matter how small or

20 insignificant [their] involvement."[10] As Mattel showed in its Motion, <u>Dang</u>, 2002 WL

21 432197, affirmed the magistrate judge's holding that the interrogatories at issue --

22 which required the plaintiff to "state all facts which support [his] denial" of allegations

23 -- were not unduly burdensome. MGA's attempts to distinguish the balance of the

24 _____

25 Compel Responses to Interrogatories By the MGA Paries [Interrogatory Nos. 48-50], dated April 3, 2009 ("Supplemental Memorandum"), Corey Dec., Exh. 6.

26   [10]  No such discovery is at issue here; indeed, Mattel's interrogatories that seek witness names are expressly limited to those persons who have knowledge of particular topics.

27 (footnote continued)

28

precedent cited by Mattel are equally unavailing, as the courts in these cases compelled responses to "all facts" discovery. See Supp. Opp. at 12-13, fn. 8. In <u>Williams v. The Art Inst. of Atl.</u>, 2006 WL 3694649, at *7 (N.D. Ga. 2006), for example, the court granted a motion to compel interrogatories requesting "all facts" supporting defendant's contentions. See also <u>Twigg v. Pilgrim's Pride Corp.</u>, 2007 WL 676208, at *11-12 (N.D. W. Va. 2007) (holding interrogatory asking party to state "each fact" in support of contention is proper); <u>Pension Ben. Guar. Corp v. Ziffer</u>, 1994 WL 11654, at *1 (N.D. Ill. 1994) (interrogatories asking for "all facts" supporting contentions "are appropriately made").[11]

**B.    <u>Answering The Interrogatories Would Not Be "Unduly" Burdensome</u>**

To be sure, in certain instances courts have held "all facts" interrogatories to be unduly burdensome. However, Mattel's Interrogatories are not ***unduly*** burdensome in this action. All interrogatories are burdensome to some degree because they require work to answer. The interrogatories at issue here are indisputably critical, and the stakes involved here justifies the work responding fully will require. See, e.g., <u>Fed R. Civ. P.</u> 26(b)(2); <u>In re Katrina Canal Breaches Consolidated Litig.</u>, 2007 WL 1959193, at *6 (E.D. La. 2007) (overruling "overly burdensome" objection and granting

Mattel is seeking the facts supporting MGA's main contentions in this case -- it is not conducting a fishing expedition for insignificant facts.

[11]   Other cases discussed in MGA's footnote were never cited by Mattel with regard to "all facts" discovery but instead were cited for other propositions. None of these cases hold that "all facts" discovery is in any way improper. For example, Mattel cited <u>King v. E.F. Hutton & Co., Inc.</u>, 117 F.R.D. 2, 7 (D.D.C. 1987) to support its assertion that any ostensible burden Mattel's interrogatories impose on MGA is reasonable. Similarly, Mattel cited <u>Am. Oil Co. v. Penn. Petro. Co.</u>, 23 F.R.D. 680, 683 (D.R.I. 1959), because the court there explained that undue burden objections are unavailing when "the information sought [] will undoubtedly be assembled by the [party] prior to trial in the preparation of its defenses." Finally, Mattel cited In <u>IBP</u>, 1997 WL 122588, at *1, to support the fact that interrogatories asking for facts, witnesses and documents are not compound. Supplemental Memorandum at 7, 14, 10.

discovery request because "[a]lthough the responsive materials are undoubtedly voluminous, considering the amount in controversy, the parties' resources and the vital importance of these materials to the litigation . . . the benefits of production outweigh the burden or expense of production"); <u>King v. Georgia Power Co.</u>, 50 F.R.D. 134, 136 (N.D. Ga. 1970) (overruling defendant's objection that interrogatory was burdensome and oppressive, even though preparation of answer would be time-consuming and costly, because information was crucial to the issues of the suit and in exclusive custody of defendant); <u>Seff v. General Outdoor Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant).

Courts and the Discovery Master have granted discovery requests where, in light of the needs of the case, the stakes involved, the parties' resources, and the importance of the requested discovery, the benefit of obtaining that discovery outweighed any burden or expense in producing it. <u>See, e.g.</u>, Phase 2 Discovery Matter, Amended Order No. 11, dated March 31, 2009, Corey Dec., Exh. 2, at 12-13 (explaining that given the importance of certain information and in light of the wide-ranging extent of discovery, MGA should be compelled to produce the information); <u>In re H&R Block Mortgage Corp., Prescreening Litig.</u>, 2007 WL 325351, at *6-7 (N.D. Ind. 2007) (compelling responses to "all facts" contention interrogatories early in discovery, because the Court recognized "that Interrogatories Nos. 11-14 seek information as to central issues in this case and thus [plaintiff's] responses to the disputed interrogatories may be crucial at the summary judgment stage"); <u>In re Katrina Canal</u>, 2007 WL 1959193 at *6 (benefits of production outweighed burden or expense in light of "in

1  controversy, the parties' resources and the vital importance of these materials to the

2  litigation").[12]

3      This is no ordinary litigation involving narrow issues and limited amounts in

4  controversy.  This is a high-stakes, multi-party litigation involving many years of

5  conduct, and sophisticated litigants.  MGA claims it seeks "billions" of dollars from

6  Mattel on its claims alone, and the interrogatories at issue go to the heart of those

7  claims.  Indeed, Mattel's interrogatories are targeted and directly relevant to MGA's

8  core contentions.  If there is any "balancing" to be performed here, the scale clearly tips

9  in favor of granting Mattel discovery.

10      **C.    MGA Has Not Provided Even The "Principal" Facts Supporting**

11            **Its Contentions And Its Responses Are Therefore Inadequate**

12      Interrogatory No. 48.  In response to this interrogatory, MGA provided a litany

13  of baseless objections so that it is unclear whether it has provided a full and complete

14  response to the interrogatory.  In its Supplemental Memorandum, Mattel requested that

15  the Discovery Master overrule MGA's meritless objections so that MGA could not rely

16  on them to withhold requested information, and Mattel requested that MGA confirm

17  that it has provided a full and complete response to this interrogatory.  MGA still fails

18  to provide any confirmation that its response is full and complete, and therefore, one

19  can only conclude that it is not.  MGA has had over four years to determine what trade

20  dress it alleges Mattel infringed.  MGA should be compelled to identify *each* trade

21  dress that is the subject of its claims or provide binding confirmation that it has already

22  done so.  Anything less would deny Mattel the ability to identify and take necessary

23

24  ———————————
   [12]  See also Beach v. City of Olathe, 203 F.R.D. 489, 494 (D. Kan. 2001) ("The Court
25  finds that the benefit to the plaintiffs of having the information propounded by these
   interrogatories outweighs the burden on the City in responding to them."); Leibforth v.
26  Belvidere Nat. Bank, 2001 WL 649596, at *1 (N.D. Ill. 2001) (compelling response to
   interrogatory because "the burden does not outweigh the likely benefit of the
27  information"); King, 50 F.R.D. at 136; Seff, 11 F.R.D. at 598.

28

1  follow-up discovery and render Mattel subject to unfair surprise in this litigation and

2  sandbagging at trial.

3  <u>Interrogatory No. 49.</u>  MGA claims that it has fully answered this interrogatory

4  because *all* of Mattel's "My Scene" dolls and "My Scene" pet dolls, as well as their

5  packaging, purportedly infringe *all* of the "common" elements of MGA's products that

6  are listed in MGA's interrogatory response.  Supp. Opp. at 9-10.  Again, however, it is

7  unclear what information MGA is holding back because it continues to assert meritless

8  objections -- objections which should be overruled so that MGA can not rely on them to

9  withhold requested information.  And if there are any elements of MGA's claimed trade

10  dress that are infringed by only some Mattel products or packaging, MGA should

11  *specifically* identify the particular Mattel products and the trade dress that they

12  allegedly infringe.  MGA's claims are over four years old.  It has undoubtedly already

13  compiled the requested information and should be required to provide it to Mattel so

14  that Mattel can adequately focus and conduct appropriate follow-up discovery, prepare

15  its defenses to those claims and ensure that it is not surprised at trial.

16  <u>Interrogatory No. 50.</u>  MGA's response to this interrogatory does not, and could

17  not possibly, constitute even the principal or material facts, much less "all" supporting

18  facts.[13]  To the contrary, MGA's response contains only its bare <u>positions</u> or

19

20  [13]  Mattel did not waive its argument that MGA's response to this interrogatory is
    clearly inadequate, as MGA contends.  Mattel has consistently asserted MGA's response to
21  this interrogatory is deficient, including in its original Motion to Compel a further response
    to this interrogatory, its Reply in Support of Its Motion to Compel, and its Motion to the
22  District Court Objecting to the prior Discovery Master's ruling with respect to this
    interrogatory.  Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27, 28,
23  29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 47, 48, 49, and 50) by the
    MGA Parties, dated December 20, 2007, Corey Dec., Exh. 7; Mattel, Inc.'s Reply in
24  Support of Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27-44, 46-
    50) by the MGA Parties, dated January 7, 2008, Corey Dec., Exh. 8; Mattel, Inc.'s Notice
25  of Motion and Motion Objecting to Portions of Discovery Master's (1) February 15, 2008
    Order Regarding Mattel's Motion to Compel Responses to Interrogatories by the MGA
26  Parties; and (2) February 20, 2008 Order Regarding Mattel's Motion to Compel Responses
27  (footnote continued)

1  contentions.  The material facts <u>supporting</u> these contentions are absent.  For example,

2  ***all*** MGA says to support its assertion that its trade dress has acquired secondary

3  meaning is that the trade dress has acquired secondary meaning "as a result of the

4  enormous success of the Bratz dolls in the market" and because of MGA's "marketing

5  and promotional efforts."[14]  As Mattel explained in its Supplemental Memorandum,

6  such statements merely recite the bare-bones elements necessary for trade dress to be

7  protectable without providing any, let alone all, ***facts*** to support its claims.  Nowhere,

8  for example, does MGA provide a single fact to support its contention that "in the

9  minds of the public, the primary significance of [MGA's claimed trade dress] is to

10  identify the source of the product rather than the product itself."  <u>Wal-Mart Stores, Inc.</u>

11  <u>v. Samara Bros., Inc.</u>, 529 U.S. 205, 211 (2000).

12  Similarly, with respect to the trade dress it claims in the Bratz dolls, MGA states

13  ***only*** "[t]hat the elements of MGA's trade dress in its 'Bratz' and 'Bratz Petz' lines are

14  aesthetic and non-functional is apparent from an examination of the Bratz products and

15  packaging, compared to other leading fashion dolls."[15]  This assertion does not provide

16  Mattel with a single fact, not even the names of the "other leading fashion dolls," that

17  would allow Mattel to prepare its defense or prepare further discovery.

18  Additionally, with respect to the trade dress it claims in its packaging, MGA

19  states ***only*** "[t]hat MGA's packaging was and is inherently distinctive is apparent from

20  a comparison of said packaging to the state of fashion doll packaging when Bratz was

21  introduced in 2001, the fact that following the Bratz introduction competitors have

22

23  to Interrogatories by Carter Bryant; and Memorandum of Points and Authorities, dated

24  March 3, 2008, Corey Dec., Exh. 9.  Mattel thus adequately preserved the arguments it
   now makes.  Mattel is not introducing "new" contentions simply because it includes

25  further explanation of its contentions in its Supplemental Memorandum for the
   convenience of the Discovery Master.

26  [14]  MGA's Supplemental Responses and Objections to Mattel's Seventh Set of

27  Interrogatories, dated November 20, 2007, Corey Dec., Exh. 10.

   [15]  <u>Id.</u>

28

copied significant, innovative elements of the Bratz packaging, and the fact that the packaging has won industry awards."[16]   Again, this response is facially inadequate. What fashion doll packaging exemplifies the state of packaging in 2001?   Which competitors have copies which "innovative elements" of the Bratz packaging?   What industry awards did the Bratz packaging win?   MGA has had four years to assemble these facts and MGA will have to present these facts at trial to substantiate its claims. MGA should not be allowed to continue to hide the ball, as it has done to date, and eventually sandbag Mattel at trial.

Finally, MGA fails to identify any of the documents that supposedly support its contentions.   MGA only identifies general categories of documents such as, for example, "documents evidencing... publicity given to Bratz dolls and their success."[17] MGA expressly does not limit the universe of responsive documents to those identified, does not identify *any* document with *any* specificity and does not even state that all relevant documents have been produced and are buried somewhere in its production. Documents identified in response to an interrogatory must be identified with specificity.   See Chapman v. California Dept. of Educ., 2002 WL 32854376, at *1-2 (N.D. Cal. 2002) (granting party leave to serve interrogatories that required responding party to "identify. . .*with specificity* all documents and other tangible things that support your response and state the name, address, and telephone number of the person who has each document or thing") (emphasis added); Gaeta v. Perrigo Pharmaceuticals Co., 2007 WL 3343043, at *6 (N.D. Cal. 2007) ("To the extent [a responding party] finds that references to specific documents are responsive to [an] interrogatory, [the responding party] shall set forth with specificity the relevant documents, records and literature.").   That, too, is the rule that has been applied in this case.[18]

---

[16]   Id.
[17]   Id.
[18]   CITE TO ORDER

MATTEL'S SUPPLEMENTAL REPLY RE OBJECTION TO DISCOVERY MASTER'S FEBRUARY 15, 2008 ORDER

MGA complains that adequately answering Mattel's requests would require them to "review millions of pages of documents." Supp. Opp. at 11. This is unsupported hyperbole since MGA clearly must understand its own production sufficiently so as to avoid reviewing every page of it to answer interrogatories about its own contentions. But even if true that is a function of the scope of MGA's own claims, and it is well settled that a litigant cannot complain of the burden that is associated with detailing and supporting its own claims. Indeed, it will have to do so for trial -- which is why courts reject burden objections such as MGA's. MGA is certainly well into the process of gathering and evaluating the facts and documents it will use to support its four year old claims. MGA's failure to identify documents with specificity here is by choice and part of its strategy to sandbag Mattel, not because doing so would be unduly burdensome. Notably, MGA has failed to confirm that all documents on which it will rely have even been produced.

For all of the above reasons, MGA's responses do not contain even the principle facts to support its contentions, let alone all the facts. MGA should be compelled to fully and completely respond to Mattel's Interrogatories.

## II. MGA'S OBJECTIONS SHOULD BE OVERRULED

### A. MGA Waived The Majority Of Its Objections And Mattel Did Not Waive Any Of Its Arguments

MGA asserts that Mattel waived its arguments that MGA's objections are improper by not raising them in its Motion to Judge Larson Objecting to the prior Discovery Master's ruling with regard to these interrogatories. However, MGA's assertion ignores the fact that MGA waived the majority of its objections *prior* to Mattel's Motion to Judge Larson and is wrong in any event.

The party opposing discovery bears the burden of showing why the discovery is improper. Marshall v. Rain, 2008 WL 2186184, 1 (S.D. Cal. 2008); El-Shaddai v. Wheeler, 2009 WL 301824, 2 (E.D. Cal. 2009). A party waives its objections to the discovery requests if it does not assert the objections in response to a motion to compel.

See Morgenstern v. Int'l Alliance of Theatrical Stage Empl., 2006 WL 2385233, at *2 n.5 (N.D. Cal. Aug. 17, 2006) ("These objections, however, are not raised in defendant's opposition to plaintiff's current motion and are therefore waived."); Diapulse Corp. of America v. Curtis Publishing Co., 374 F.2d 442, 445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiffs failure to request them in opposition to defendant's motion."); Fleet Systems, Inc. v. Federal Coach, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel. Accordingly, such objections are deemed waived."); Eidukonis v. Southeastern Pennsylvania Transp. Authority, 1987 WL 16321, *5 (E.D. Pa. 1987) (finding that plaintiff had waived all arguments and objections not made in opposition to earlier discovery motion); City of Wichita, Ks. v. Aero Holdings, Inc., 2000 WL 1480499, *2 (D. Kan. 2000) ("Although Kelly opposes document production, for reasons unexplained his response brief contains no arguments in opposition to the motion to compel full interrogatory answers. Thus, Kelly has waived his rights concerning interrogatory answers and the motion shall be granted as an uncontested matter."). See also Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (holding that objection was waived when not raised "at the very least" in response to a motion to compel.). As the court explained in one of the very cases MGA cites, "[w]hen ruling on a motion to compel, the Court will consider only those objections that have been (1) timely asserted, and (2) *relied upon in response to the motion to compel*." Moses v. Halstead, 236 F.R.D. 667, 672 (D. Kan. 2006) (emphasis added).[19]

---

[19] MGA fails to distinguish any of Mattel's cited authority, but merely asserts that they do not support Mattel's argument. Yet these cases are directly on point. Furthermore, (footnote continued)

1    Mattel moved to compel full and complete responses to these interrogatories and

2    challenged MGA's baseless, boilerplate objections in its initial Motion to compel and

3    its Reply in support of that Motion.[20]  This placed the burden on MGA to justify all of

4    the objections it wished to rely on to resist the requested discovery.  Marshall, 2008 WL

5    2186184, 1; El-Shaddai, 2009 WL 301824, 2.  Yet MGA did not assert or justify many

6    of its objections in its Opposition to Mattel's Motion.  For example, MGA did not

7    assert or justify its privilege objections, its objection that the interrogatories are

8    purportedly compound, or its objection that the requested information allegedly has

9    already been produced or is more readily accessible to Mattel.  Therefore, MGA waived

10   these objections *before* Mattel made its motion to Judge Larson.  Mattel was under no

11   obligation to challenge objections MGA had already waived.  Mattel believes that

12   MGA's waived objections cannot now be resurrected, but out of an abundance of

13   caution, and in light of the District Court's Order that the Discovery Master consider

14   Mattel's motion *de novo* and as if it were presented in the first instance, Mattel re-

15   asserts its request that these objections be overruled.

16   **B.    MGA's Privilege Objection Should Be Overruled**

17        As Mattel explained in its Supplemental Memorandum, MGA's objection that

18   Interrogatory Nos. 48-50 "seek information that is not subject to disclosure under any

19   _____

20   In re Veeco Instruments, Inc. Securities Litigation, 2007 WL 724555 (S.D.N.Y. 2007),
     which MGA cites to support its position that Mattel somehow waived its arguments
21   against MGA's improper objections, is of no avail.  That case did not hold that a moving
     party must continue to argue against objections the other side has already waived.

22   [20]  Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27, 28, 29, 30,
23   31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 47, 48, 49, and 50) by the MGA
     Parties, dated December 20, 2007, Corey Dec., Exh. 7; Mattel, Inc.'s Reply in Support of
24   Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27-44, 46-50) by the
     MGA Parties, dated January 7, 2008, Corey Dec., Exh. 8; Mattel, Inc.'s Notice of Motion
25   and Motion Objecting to Portions of Discovery Master's (1) February 15, 2008 Order
     Regarding Mattel's Motion to Compel Responses to Interrogatories by the MGA Parties;
26   and (2) February 20, 2008 Order Regarding Mattel's Motion to Compel Responses to
27   (footnote continued)

28

applicable privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory, or decisional law of the United States of America, the State of California, or any other applicable jurisdiction"[21] should be overruled. Supplemental Memorandum at 7-8. MGA did not assert this objection in it's Opposition to Mattel's Motion to Compel, and thus MGA has waived the objection. Additionally, MGA does not now contend that this objection is proper or otherwise even attempt to explain how the requested facts could be privileged. The Discovery Master should overrule this objection to make clear that MGA cannot withhold responses based on it.

### C.   **MGA's Compound Objections Should Be Overruled**

MGA initially objected to Interrogatory Nos. 48-50 claiming that Mattel's definitions of the terms IDENTITY and IDENTIFY make them compound.[22] ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ Even if it were not waived, however, the objection is meritless. As Mattel explained in its Supplemental Memorandum, Interrogatory Nos. 48-50 each relate to a single theme and each count as one interrogatory. Supplemental Memorandum at 9. Mattel will not burden the Discovery Master by restating its arguments here, but will simply point out that the Discovery Master has correctly overruled similar compound objections made by MGA to other interrogatories. See Phase 2 Discovery Matter, Amended Order No. 11, dated March 30, 2009, at 21, Corey

---

Interrogatories by Carter Bryant; and Memorandum of Points and Authorities, dated March 3, 2008, Corey Dec., Exh. 9.
[21]  MGA's Supplemental Objections and Responses to Mattel's Seventh Set of Interrogatories (Nos. 48-50), dated November 20, 2007, Corey Dec., Exh. 10.
[22]  Id. at 9, 14, 19.
[23]  MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 47, 48, 49, and 50) by the MGA Parties, dated December 31, 2007, Corey Dec., Exh. 5.

1    Dec., Exh. 2; Phase 2 Discovery Matter, Order No. 17, dated April 14, 2009, at 21-22,

2    Corey Dec., Exh. 13.

3         In its Supplemental Opposition, MGA raises a new compound objection for the

4    first time.  MGA makes the completely new assertion that because Interrogatory Nos.

5    48-50 ask about trade dress that was allegedly "copied, infringed or diluted" they ask

6    about "separate and distinct claims under federal law"[24] and are therefore compound.

7    MGA did not make this objection in either its initial Responses to Interrogatory Nos.

8    48-50 nor its Supplemental Responses to these interrogatories.[25]  MGA therefore

9    waived this objection.  See Richmark, 959 F.2d at 1473 (stating that "failure to object

10   to discovery requests within the time period required constitutes a waiver of any

11   objection."); Phase 2 Discovery Matter, Amended Order No. 11, dated March 30, 2009,

12   at 21 (quoting Richmark), Corey Dec., Exh. 2.[26]

13        Even if MGA had not waived this objection, it is meritless.  Mattel's

14   interrogatories are straight forward requests for basic facts regarding the trade dress

15   MGA alleges it owns.  They ask MGA to identify each trade dress at issue in this

16   lawsuit, the Mattel products that allegedly violate each such trade dress, and the facts

17   that support MGA's contention that each such trade dress is protectable.  These

18   interrogatories are not compound simply because MGA might assert that Mattel

19   violated *the same* trade dress in more than one way.  MGA cites no authority to support

20   its position that by asserting slightly varying legal theories as to the same products it

21   effectively renders any interrogatory about those products inherently compound.  Even

22   _____

     [24]  Supp. Opp. at 19.
23   [25]  MGA's Supplemental Responses and Objections to Mattel's Seventh Set of
     Interrogatories, dated November 20, 2007, Corey Dec., Exh. 10.
24   [26]  MGA also waived any objection that Mattel exceeded the Court's 50 interrogatory
25   limit by allegedly propounding compound interrogatories.  MGA previously stated that it
     was not withholding any responses on the basis that Mattel purportedly exceeded the 50
26   interrogatory limit by propounding interrogatories that MGA claims are compound.  Letter
     from B. Dylan Proctor to Timothy Miller, dated December 13, 2007, at 1, Corey Dec.,
27   Exh. 11.

28

where, as in Interrogatory No. 50, Mattel has sought multiple pieces of information -- facts, documents and witnesses -- all the pieces are closely related, and therefore are of a type that courts, including this one, have repeatedly found to be proper subcategories of single questions. See, e.g., Order Granting Joint Motion for Protective Order, dated September 5, 2007, at 5-7, Corey Dec., Exh. 12 (holding that Mattel's interrogatories asking the responding party to state all facts, identify all persons with knowledge, and to identify all documents do not consist of discrete subparts, as "the subparts are related and directed to the underlying details of a specifically identified contention (or contentions)"); Phase 2 Discovery Matter, Amended Order No. 11, dated March 30, 2009, at 21, Corey Dec., Exh. 2; Phase 2 Discovery Matter, Order No. 17, dated April 14, 2009, at 21-22, Corey Dec., Exh. 13; Krawczyc v. City of Dallas, 2004 WL 614842, at *3 (N.D. Tex. 2004) (holding that an interrogatory asking a party to state facts supporting a contention and to identify persons with knowledge of those facts counts as a single interrogatory because "[w]itnesses and their statements are facts," and hence the subpart is "factually subsumed within and necessarily related to the primary question").

In sum, Interrogatory Nos. 48-50 are not compound and MGA should be compelled to provide full and complete responses.

**D.    MGA's Objections That Information Has Already Been Produced Or Is More Readily Accessible To Mattel Should Be Overruled**

MGA did not assert these objections in its Opposition to Mattel's original Motion to Compel, and therefore MGA waived them. The objections are also meritless. First, as the Discovery Master recently noted, MGA cannot credibly simultaneously claim that an interrogatory is both duplicative of other, already answered interrogatories and that it would be unduly burdensome to answer the interrogatory. Phase 2 Discovery Matter, Order No. 17, dated April 14, 2009, at 22, fn. 10, Corey Dec., Exh. 13 ("If the interrogatories were the same as previous interrogatories it answered, MGA should be able to respond to the latest interrogatories by cutting and pasting its responses to the

prior interrogatories. However, as discussed below, MGA alleges that responding to Supplemental Interrogatory Nos. 51 and 52 will be overly burdensome, thereby implying that the questions are not identical in scope.")

Furthermore, MGA cannot avoid fully and completely responding to Interrogatory Nos. 48-50 by claiming that the information is better known to Mattel. Mattel seeks to discover the basis for MGA's own claims, and requests that MGA specifically identify allegedly infringing Mattel products so that Mattel can know the specific bases for MGA's allegations. MGA, not Mattel, knows what MGA's contentions are. Mattel is entitled to discover what MGA alleges, as the Discovery Master has recently held. Phase 2 Discovery Matter, Order No. 17, dated April 14, 2009, at 21, Corey Dec., Exh. 13.

**E.     MGA Should Not Be Allowed To Withhold Information Because It May Be The Subject Of Expert Testimony**

MGA claims that it did not refuse to answer any interrogatory based on its objection that responsive information would be the subject of expert testimony. Supp. Opp. at 22. However, MGA does not state that there is no information presently in its possession that it is withholding based on this objection. For the reasons stated in Mattel's Supplemental Motion,[27] MGA's objection should be overruled and MGA should be ordered to provide any information it is presently withholding based on this objection.

**F.     MGA's Undue Burden Objection To Interrogatory No. 50 Should Be Overruled**

In its Opposition to Mattel's original Motion to Compel, MGA failed to assert its objection that Interrogatory No. 50 is purportedly unduly burdensome because it requires MGA "to compile detailed financial reports of information not reasonably

---

[27]   Supplemental Memorandum at 12-13.

available solely for the purpose of responding to the interrogatory." This objection is therefore waived.

Furthermore, the objection is meritless. ████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

Even if MGA does not have the requested financial information, this is a contention interrogatory which MGA should be compelled to answer, as Mattel explained in its Supplemental Memorandum.[30] MGA claims that its alleged trade dress has acquired secondary meaning as a result of "the enormous success of the Bratz dolls in the market" and "the marketing and promotional efforts employed by MGA to support Bratz."[31] Mattel is therefore entitled to know the scope and extent of MGA's claimed marketing and promotional efforts, and MGA cannot evade providing this important information. See Phase 2 Discovery Matter, Amended Order No. 11, dated March 31, 2009, Corey Dec., Exh. 2, at 12-13 (explaining that given the importance of

---

[28] ████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

[29] See E-mail from Ryan Weinstein to Jon Corey, dated July 22, 2008, Corey Dec., Exh. 15; ████████████████████████████████████, Letter from Weinstein to Corey, dated July 31, 2008, Corey Dec., Exh. 16.
[30] Supplemental Memorandum at 13-16.
[31] MGA's Supplemental Responses and Objections to Mattel's Seventh Set of Interrogatories, dated November 20, 2007, Corey Dec., Exh. 10.

certain information and in light of the wide-ranging extent of discovery, MGA should be compelled to produce the information). This basic information is required to make sense of what little information MGA has disclosed; without it, Mattel will be left to simply guess at MGA true contentions and their alleged bases.

MGA's undue burden objection to Interrogatory No. 50 should be overruled and MGA should be compelled to provide the requested information.

## Conclusion

For the foregoing reasons, the Discovery Master should overrule MGA's objections and order MGA to provide complete responses to Mattel's Interrogatory Nos. 48-50.

DATED: April 20, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ Jon D. Corey
Jon D. Corey
Attorneys for Mattel, Inc.

00505.07975/2892974.2