# EXHIBIT 6

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
2 | johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
5 | Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
6 | Facsimile:   (213) 443-3100

7 | Attorneys for Mattel, Inc.

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

12 | CARTER BRYANT, an individual,

13 | Plaintiff,

14 | vs.

15 | MATTEL, INC., a Delaware corporation,

16 | Defendant.

17

18 | AND CONSOLIDATED ACTIONS

| CASE NO. CV 04-9049 SGL (RNBx)

Consolidated with
Case No. CV 04-09059
Case No. CV 05-02727

**DISCOVERY MATTER**

**[To Be Heard By Discovery Master Robert O'Brien]**

MATTEL, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF RENEWED MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S FEBRUARY 15, 2008 ORDER REGARDING MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES BY THE MGA PARTIES [INTERROGATORY NOS. 48-50]

[Declaration of Jon Corey filed concurrently herewith]

Hearing Date:  April 27, 2009
Time:          10:00 a.m.
Place:         Arent Fox LLP

**Phase 2**
Discovery Cut-off:  December 11, 2009
Pre-trial Conference:  March 1, 2010
Trial Date:  March 23, 2010

00505.07975/2868281.2

MATTEL'S SUPP. RE DISCOVERY MASTER'S FEB. 15, 2008 ORDER

EXHIBIT   6
PAGE   124

·1|5|09

## TABLE OF CONTENTS

**Page**

I.    MGA'S PRIOR RESPONSES TO INTERROGATORY NOS. 48-50
      ARE DEFICIENT ................................................................................. 5

II.   THE DISCOVERY MASTER SHOULD OVERRULE MGA'S
      OBJECTIONS TO INTERROGATORY NOS. 48 THROUGH 50 ............... 7

      A.    The Discovery Master Should Overrule MGA's Boilerplate
            Privilege Objections ............................................................... 7

      B.    The Discovery Master Should Overrule MGA's Compound
            Objections ................................................................................ 8

      C.    The Discovery Master Should Overrule MGA's Objections That
            Mattel's Interrogatories Seek Information Already Produced Or
            More Easily Obtainable Elsewhere ...................................... 12

      D.    The Discovery Master Should Overrule MGA's Objections That
            Mattel's Interrogatories Seek Information That May Be Subject
            To Expert Analysis ................................................................ 12

      E.    The Discovery Master Should Overrule MGA's Undue Burden
            Objection to Interrogatory No. 50 ...................................... 13

CONCLUSION ................................................................................. 16

00505.07975/2868281.2

-i-

EXHIBIT 6
PAGE 125

# TABLE OF AUTHORITIES

Page

## Cases

Am. Oil Co. v. Penn. Petro. Co.,
  23 F.R.D. 680 (D.R.I. 1959) ........................................................... 14

Audiotext Comm. Network, Inc. v. U.S. Telcomm., Inc.,
  1995 WL 625953 (D. Kan. 1995) ................................................... 14

Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC,
  2006 WL 3253636 (N.D. Ill. 2006) ............................................... 14

Burton Mechanical Contractors, Inc. v. Foreman,
  148 F.R.D. 230 (N.C. Inc. 1992) .................................................... 14

Capacchione v. Charlotte-Mecklenburg Schools,
  182 F.R.D. 486 (W.D.N.C. 1998) ................................................... 15

Convergent Business Systems, Inc. v. Diamond Reporting, Inc.,
  1989 WL 92038 (E.D.N.Y. 1989) ..................................................... 7

Dang v. Cross,
  2002 WL 432197 (C.D. Cal. 2002) ................................................ 14

Eidukonis v. Southeastern Pennsylvania Transp. Authority,
  1987 WL 16321 (E.D. Pa. August 27, 1987) ................................. 11

Fleet Systems, Inc. v. Federal Coach, LLC,
  2007 WL 2264618 (D. Neb. August 6, 2007) ............................... 11

In re Heritage Bond Litigation,
  2004 WL 1970058 (C.D. Cal. 2004) ............................................... 8

Jackson v. Montgomery Ward & Co., Inc.,
  173 F.R.D. 524 (D. Nev. 1997) ...................................................... 14

King v. E.F. Hutton & Co., Inc.,
  117 F.R.D. 2 (D.D.C. 1987) .......................................... 7, 13, 14, 15

Montecatini Edison, S. p. A. v. Rexall Drug & Chemical Co.,
  288 F. Supp. 486 (D.Del. 1968) ...................................................... 4

Morgenstern v. Int'l Alliance of Theatrical Stage Empl.,
  2006 WL 2385233 (N.D. Cal. Aug. 17, 2006) .............................. 11

Nagele v. Electronic Data Systems Corp.,
  193 F.R.D. 94 (W.D.N.Y. 2000) .................................................... 13

EXHIBIT 6
PAGE 126

Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh,
   2005 WL 318811 (N.D. Cal. January 5, 2005)..................................................9

Pension Ben. Guar. Corp v. Ziffer,
   1994 WL 11654 (N.D. Ill. 1994) ......................................................................15

Putnam v. Eli Lilly and Co.,
   508 F. Supp. 2d 812 (C.D. Cal. 2007)...............................................................8

Richmark Corp. v. Timber Falling Consultants,
   959 F.2d 1468 (9th Cir. 1992) .........................................................................11

Roberts v. Heim,
   130 F.R.D. 424 (N.D. Cal. 1989)....................................................................13

Schaap v. Executive Indus., Inc.,
   130 F.R.D. 384 (N.D. Ill. 1990)......................................................................15

Seff v. General Outdoor Advertising Co.,
   11 F.R.D. 597 (N.D. Ohio 1951) ....................................................................16

Swackhammer v. Sprint Corp. PCS,
   225 F.R.D. 658 (D. Kan. 2004)........................................................................9

Tennison v. San Francisco,
   226 F.R.D. 615 (N.D. Cal. 2005) ....................................................................14

Twigg v. Pilgrim's Pride Corp.,
   2007 WL 676208 (N.D. W. Va. 2007) .............................................................14

Wal-Mart Stores, Inc. v. Samara Bros., Inc.,
   529 U.S. 205 (2000) .........................................................................................6

Williams v. The Art Inst. of Atl.,
   2006 WL 3694649 (N.D. Ga. 2006) .................................................................14

Zapata v. IBP, Inc.,
   1997 WL 122588 (D. Kan. 1997) ....................................................................10

**Statutes**

Fed. R. Civ. P. 33(a)(2) ...........................................................................................7

Fed. R. Civ. P. 33(b)(4) .........................................................................................13

Fed. R. Civ. P. 33(b)...............................................................................................4

EXHIBIT 6
PAGE 127

1

**Other Authorities**

2  Wright & Miller, 8A Fed. Prac. & Proc. Civ. 2d § 2168.1 at 261..............................9

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/2868281.2

EXHIBIT 6
PAGE 128

On March 12, 2009, Judge Larson issued an Order providing that the Discovery Master should consider *de novo* Mattel's objections to the prior Discovery Master's rulings on Mattel's motion for an order overruling objections and compelling full and complete responses to Interrogatory Nos. 48-50.   Mattel respectfully submits this Supplemental Brief in light of the fact that Mattel's motion to Judge Larson that has now been referred to the Discovery Master applied a different (and more exacting) standard than *de novo* consideration.

## Preliminary Statement

Interrogatory Nos. 48 through 50 ask MGA to identify the trade dress that MGA contends Mattel has infringed or diluted, to specifically identify allegedly infringing Mattel products, and to provide facts supporting its claim that its trade dress is protectable.   MGA acknowledged that its responses were deficient and represented to the prior Discovery Master that "*MGA will supplement these responses in the course of Phase 2 discovery.*"  Phase 2 discovery is here, and MGA has not supplemented the responses to these basic contention interrogatories.

By the time this motion is heard, these claims will be four-years old.  MGA must have this information to prepare its own case for trial.  Mattel is entitled to a clear statement of MGA's trade dress infringement contentions to adequately focus and conduct appropriate follow-up discovery, prepare its defenses to those claims and ensure that it is not surprised at trial.

MGA's interrogatory responses on these key points failed to identify either specific trade dress that it claims that Mattel infringes or the allegedly infringing products.  MGA has refused to make good on its representation that it would supplement these deficient answers.  Mattel has no choice but to seek an order overruling MGA's objections and compelling complete responses by a date certain.

-1-



EXHIBIT 6
PAGE 129

**Procedural Posture**

Interrogatory Nos. 48-50 are contention interrogatories requesting basic information regarding MGA's trade dress infringement and dilution claims.  The interrogatories read as follows:

> Interrogatory No. 48:  Separately IDENTIFY each trade dress that YOU contend MATTEL has copied, infringed or diluted or that is otherwise the subject of YOUR claims, defenses or allegations in THIS ACTION.

> Interrogatory No. 49:  For each trade dress identified in response to Interrogatory No. 48, separately and fully IDENTIFY each and every MATTEL product, packaging or other matter that YOU contend copies, infringes or dilutes such trade dress, including without limitation by describing fully and separately, for each such MATTEL product, packaging or other matter, each and every element of the claimed trade dress that YOU contend MATTEL has copied, infringed or diluted.  .

> Interrogatory No. 50:  For each trade dress identified in response to Interrogatory No. 48, separately and completely IDENTIFY all facts that support YOUR contention that such trade dress is protectable, all DOCUMENTS that REFER OR RELATE to the foregoing and all PERSONS with knowledge of the foregoing.[1]

MGA initially provided no responses to these interrogatories, just objections.[2]  A few days later, MGA supplemented its responses,[3] but the supplemental responses were incomplete, evasive, and ignored specific questions.[4]  Without withdrawing its objections, MGA agreed to supplement their responses during Phase 2 discovery.[5]

---

[1]  See Mattel's Seventh Set of Interrogatories, dated October 25, 2007, Declaration of Jon Corey ("Corey Dec.") filed concurrently herewith, Exh. 1.
[2]  See MGA's Responses and Objections to Mattel's Seventh Set of Interrogatories, Corey Dec., Exh. 2.
[3]  MGA's Supplemental Responses and Objections to Mattel's Seventh Set of Interrogatories, Corey Dec., Exh. 3.
[4]  See Supplemental Responses and Objections to Mattel's Seventh Set of Interrogatories, Corey Dec., Exh. 3, at 8-11, 14-16, and 18-21.
[5]  MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, (footnote continued)

00505.07975/2868281.2

EXHIBIT  6
PAGE  130

1   On February 15, 2008, the prior Discovery Master entered an Order granting

2   in part and denying in part Mattel's motion to compel responses to a number of

3   interrogatories, including these.[6]  Notwithstanding the many problems with the

4   responses to Nos. 48-50, and MGA's own recognition that they should be

5   supplemented in Phase 2, the prior Discovery Master found they were "in substantial

6   compliance with Rule 33."[7]  Mattel timely objected to that Order,[8] but because

7   Phase 2 discovery had been stayed, the Court declined to rule on the adequacy of

8   MGA's responses to these interrogatories.[9]

9   After the Court lifted the stay of Phase 2 discovery, Mattel renewed its

10  motion objecting to the prior Discovery Master's February 15, 2008 Order.[10]  On

11

12  _____

13

14  40, 41, 42, 43, 44 and 46, 47, 48, 49, 50) by the MGA Parties, dated December 31,
    2007, at p. 30, Corey Dec., Exh. 4.

15  [6]  Order Granting in Part and Denying in Part Mattel's Motion to Compel
    Responses to Interogatory Nos. 27-44 and 46-50 by the MGA Parties, dated

16  February 15, 2008 (February 15 Order"), Corey Dec., Exh. 5.

17  [7]  February 15 Order, at p. 13.
    [8]  Mattel, Inc.'s Notice of Motion and Motion Objecting to Portions of Discovery

18  Master's (1) February 15, 2008 Order Regarding Mattel's Motion to Compel

19  Responses to Interrogatories by the MGA Parties; and (2) February 20, 2008 Order
    Regarding Mattel's Motion to Compel Responses to Interrogatories by Carter

20  Bryant; and Memorandum of Points and Authorities, dated March 3, 2008, Corey

21  Dec., Exh. 6.
    [9]  See March 31, 2008 Order at 3 ("The Court reserves ruling on Interrogatories

22  48-50, regarding MGA's trade dress claims against Mattel.  As recognized by the

23  Parties, this is a Phase 2 issue, and the Court denies this part of Mattel's motion
    without prejudice.  Mattel may raise the issue again at an appropriate time after the

24  Court lifts the stay on Phase 2 discovery."), Corey Dec., Exh. 7.

25  [10]  See Mattel, Inc.'s Notice of Renewed Motion and Renewed Motion Objecting
    to Portions of Discovery Master's (1) February 15, 2008 Order Regarding Mattel's

26  Motion to Compel Responses to Interrogatories by the MGA Parties, dated January

27  20, 2009, Corey Dec., Exh. 8.

28

00505.07975/2868281.2

-3-
MATTEL'S SUPP. RE DISCOVERY MASTER'S FEB. 15, 2008 ORDER

EXHIBIT  6
PAGE  131

1  March 12, 2009, the Court referred Mattel's motion to the Discovery Master.[11]  The
2  Court instructed the Discovery Master to "consider the issues presented by the
3  motion for review as if presented to him in the first instance; he should not apply the
4  'clearly erroneous or contrary to law' standard that the Court would apply."[12]  Mattel
5  respectfully submits this supplemental memorandum in light of the Court's direction
6  that the Discovery Master consider Mattel's Motion *de novo*.

7                                 <u>**Argument**</u>

8         Interrogatory Nos. 48-50 seek basic information regarding MGA's trade dress
9  claims.  They ask MGA to identify (1) each trade dress that is the subject of MGA's
10 claims, defenses or allegations, (2) each Mattel product that MGA claims infringes
11 that trade dress, and (3) the facts that support MGA's contention that the trade dress
12 that is the subject of its claims is protectable.[13]  Mattel has a right to such basic
13 information.   It needs substantive responses to these interrogatories to develop
14 further discovery, to narrow the issues for trial, to prepare and prosecute its own
15 claims, and to defend against MGA's trade dress claims.[14]  MGA's prior responses to
16 these interrogatories are deficient and its objections to them should be overruled.

17

18

19  [11]  <u>See</u> Order Referring (1) Motion for Review of Portions of Discovery Master's
20  February 15, 2008, Order (Docket #4717) and (2) Motion for Issuance of Letter of
Request (Docket #4721) to Discovery Master, dated March 12, 2009, Corey Dec.,
21  Exh. 9.
      [12]  <u>Id.</u>
22      [13]  <u>See</u> Mattel's Seventh Set of Interrogatories, dated October 25, 2007, Corey
23  Dec., Exh. 1.
      [14]  Contention interrogatories such as Mattel's Interrogatories 48-50 "can be
24  most useful in narrowing and sharpening the issues, which is a major purpose of
25  discovery."  <u>Fed. R. Civ. P.</u> 33(b), Advisory Committee Notes.  <u>See also</u>
<u>Montecatini Edison, S. p. A. v. Rexall Drug & Chemical Co.</u>, 288 F.Supp. 486, 489
26  (D.Del. 1968) (contention interrogatories are useful and appropriate to "ferret out or
27  narrow the issues").

28
00505.07975/2868281.2

-4-
MATTEL'S SUPP. RE DISCOVERY MASTER'S FEB. 15, 2008 ORDER



EXHIBIT 6
PAGE 132

## I.   MGA'S PRIOR RESPONSES TO INTERROGATORY NOS. 48-50 ARE DEFICIENT

In response to these requests, MGA has described only general categories of allegedly protected trade dress and allegedly infringing products and has offered only vague, conclusory assertions about the protectability of its claimed trade dress rather than the specific factual support sought by Mattel's interrogatories.[15]   In particular:

Interrogatory No. 48.   In response to Interrogatory No. 48, MGA provided a litany of baseless objections so that it is unclear whether it has provided a full and complete response to the interrogatory.  MGA has had over four years to determine what trade dress it alleges Mattel infringed.  MGA's meritless objections should be overruled, and MGA should confirm that it has provided a full and complete response to this interrogatory.

Interrogatory No. 49.   In response to Interrogatory No. 49, which seeks identification of each allegedly infringing Mattel product and the associated allegedly copied trade dress, MGA only generically identified Mattel MY SCENE dolls (which is an entire line consisting of dozens of dolls) and refused to specifically identify any particular Mattel product that allegedly infringes its purported trade dress.  Nor did MGA identify the elements of trade dress that any specific product allegedly infringed.

Interrogatory No. 50.   Interrogatory No. 50 seeks basic information, asking MGA to provide the factual basis for the contention that its own claimed trade dress is protectable and to identify persons with knowledge of such facts and supporting documents.  In response, MGA simply says that the "Bratz" and "Bratz Petz" lines

---

[15]   MGA's Supplemental Responses and Objections to Mattel's Seventh Set of Interrogatories, Corey Dec., Exh. 3.

-5-

EXHIBIT 6
PAGE 133

1  "are aesthetic and non-functional is apparent from an examination of the Bratz

2  products and packaging, compared to other leading fashion dolls" and that MGA's

3  trade dress has acquired secondary meaning "as a result of the enormous success of

4  the Bratz dolls in the market" and because of MGA's "marketing and promotional

5  efforts."  Such conclusory, circular pronouncements that the trade dress that MGA

6  seeks to assert is protectable is not a factual response to a contention interrogatory.[16]

7          Responses like these provide Mattel and its experts with no guidance as to

8  how to prepare defenses to MGA's Phase 2 claims.  MGA itself recognized this.  In

9  its briefing before the prior Discovery Master, it represented that "*MGA will*

10 *supplement these responses in the course of Phase 2 discovery.*"[17]  It should be

11 ordered to do so now so that Mattel can understand the alleged basis for MGA's

12 claims and proceed with the depositions and other follow-up discovery that will be

13 necessary once MGA's claims are defined.  "[A] certain amount of burdensome

14 labor is to be expected in complex [] cases, and where the party is simply being

15

16     [16]  The design elements of a product are only protectable trade dress if they are

17 not functional and they have "acquired distinctiveness," which is also known as a
"secondary meaning."  Wal-Mart Stores, Inc. v. Samara Bros., Inc., 529 U.S. 205,

18 210, 216 (2000) (explaining that a plaintiff must prove a protectable product design

19 element is non-functional and holding that "a product's design is distinctive, and
therefore protectible, only upon a showing of secondary meaning.").  Furthermore, a

20 design element "has acquired distinctiveness... if it has developed secondary

21 meaning, which occurs when, 'in the minds of the public, the primary significance
of [the element] is to identify the source of the product rather than the product

22 itself.'"  Id. at 211.  Thus, MGA's response to Interrogatory No. 50 merely recites

23 elements necessary for protectability without providing the facts to support its
claims.  MGA does not discharge its duty to explain the factual basis for its claims

24 by simply reciting such legal conclusions.

25     [17]  MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel
Responses to Interrogatories (Nos. 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39,

26 40, 41, 42, 43, 44 and 46, 47, 48, 49, 50) by the MGA Parties, dated December 31,

27 2007, at p. 30, Corey Dec., Exh. 4.

28



EXHIBIT  6
PAGE  134

1  asked to substantiate the claims that they alleged, they must accept that burden."
2  Convergent Business Systems, Inc. v. Diamond Reporting, Inc., 1989 WL 92038, at
3  *2 (E.D.N.Y. 1989).   "The plaintiffs brought [the] lawsuit and can not properly
4  complain of the burden which would be imposed upon them to give as detailed and
5  as complete answers as now possible." King v. E.F. Hutton & Co., Inc., 117 F.R.D.
6  2, 7 (D.D.C. 1987).

7  **II.    THE   DISCOVERY   MASTER   SHOULD   OVERRULE   MGA'S**
8  **OBJECTIONS TO INTERROGATORY NOS. 48 THROUGH 50**
9      **A.    The Discovery Master Should Overrule MGA's Boilerplate**
10              **Privilege Objections**

11      MGA objects to Interrogatory Nos. 48-50 on the grounds that they "seek
12  information that is not subject to disclosure under any applicable privilege, the work
13  product doctrine, the right of privacy, and all other privileges recognized under the
14  constitutional, statutory, or decisional law of the United States of America, the State
15  of California, or any other applicable jurisdiction."[18]   Their blanket assertions of
16  privilege in response to contention interrogatories should be overruled.   Parties are
17  required to answer interrogatories that ask them to state their contentions about facts
18  or the application of law to facts.   Fed. R. Civ. P. 33(a)(2).   Such inquiries do not
19  violate the attorney-client privilege or the protections afforded work product.   See
20  Convergent, 1989 WL 92038, at *1  ("Seeking the facts and documents which
21  support a particular allegation in a complaint violates neither the attorney-client or
22  work product privileges."); King, 117 F.R.D. at 5 n.3 (interrogatories seeking factual
23  specifics which party contends supports a contention do not implicate the work
24  product doctrine:  "If this elementary principle were not applicable, contention

25  _____

26      [18]   MGA's Supplemental Objections and Responses to Mattel's Seventh Set of
27  Interrogatories (Nos. 48-50), Corey Dec., Exh. 3.

28

00505.07975/2868281.2

-7-



EXHIBIT  6
PAGE  135

1  interrogatories would not exist.  As the Advisory Committee Note reflects, as to

2  requests for even opinions or contentions that call for the application of law to fact,

3  they are permissible and can be most useful in narrowing and sharpening the issues,

4  which is the major purpose of discovery.").  Mattel is entitled to learn the facts and

5  identities of persons who know the facts that MGA believes support its claims.

6       MGA's assertion of other privileges is indefensible.  The information sought

7  in these interrogatories is not protected by the "right of privacy" or other "privileges

8  recognized under the constitutional, statutory, or decisional law of the United States

9  of America, the State of California, or any other applicable jurisdiction."  MGA

10 does not identify any other "recognized privilege" nor does it identify any other

11 "applicable jurisdiction."  Furthermore, the Court and the former Discovery Master

12 have previously recognized that (a) there is no right of privacy applicable in this

13 federal case, and (b) the Protective Order entered by the Court in this litigation is

14 sufficient to protect any confidentiality interests that may exist.[19]

15 **B.    The Discovery Master Should Overrule MGA's Compound**

16        **Objections**

17     MGA objects that Interrogatory Nos. 48-50 are compound and contain

18 "discrete subparts" because of Mattel's definitions of the terms IDENTITY and

19 IDENTIFY.  MGA also complains that the definition of the terms IDENTITY AND

20

21

22 [19]  Order Dated May 15, 2007, at 11, n.4, Corey Dec., Exh. 14; Order Dated July

23 2, 2007, at 3, Corey Dec., Exh. 15.  See also Putnam v. Eli Lilly and Co., 508 F.
   Supp. 2d 812, 814 (C.D. Cal. 2007) (finding that a protective order "can strike the

24 appropriate balance between the need for the information and the privacy concerns"

25 of the party opposing production); In re Heritage Bond Litigation, 2004 WL
   1970058, at *5, n.12 (C.D. Cal. 2004) ("Any privacy concerns . . . defendants have

26 in their bank records and related financial statements are adequately protected by the

27 protective order, and are not sufficient to prevent production in this matter").

28



EXHIBIT 6
PAGE 136

1 IDENTIFY are overbroad, unduly burdensome, vague and ambiguous and
2 oppressive.

3    The interrogatories are not compound. Each refers to one common theme and
4 thus counts as one interrogatory. See Phase 2 Discovery Matter, Amended Order
5 No. 11, dated March 31, 2009, at 21, Corey Dec., Exh. 13 (explaining "[t]he fact
6 that the interrogatories ask MGA to identify witnesses, facts and documents ... does
7 not render the interrogatories compound because the questions in each interrogatory
8 refer to one common theme and count as a single interrogatory."); Pacific Lumber
9 Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL 318811, at *7 (N.D.
10 Cal. January 5, 2005) (interrogatory that asked the "same question regarding a
11 common group of people" was not compound) (citing Wright & Miller, 8A Fed.
12 Prac. & Proc. Civ. 2d § 2168.1 at 261); Swackhammer v. Sprint Corp. PCS, 225
13 F.R.D. 658, 664 (D. Kan. 2004) ("[A]n interrogatory containing subparts directed at
14 eliciting details concerning a 'common theme' should generally be considered a
15 single question.").

16    Interrogatory No. 48 asks MGA to identify the trade dress Mattel allegedly
17 infringed or diluted. Interrogatory No. 49 asks MGA to identify the Mattel products
18 it accuses of infringement. Neither of these interrogatories is compound.

19    Interrogatory 50 asks MGA to explain why MGA believes that its trade dress
20 is protectable and to identify documents relating to such assertions and persons with
21 knowledge of the protectability of the claimed trade dress. Both Discovery Masters
22 have ruled that such interrogatories with "subparts seeking facts supporting a
23 contention, the identity of persons with knowledge, and documents are not counted

24
25
26
27
28

00505.07975/2858281.2

-9-
MATTEL'S SUPP. RE DISCOVERY MASTER'S FEB. 15, 2008 ORDER


EXHIBIT 6
PAGE 137

1   separately for the purposes of applying the. . . interrogatory limit."[20]   The
2   interrogatories are not compound.
3           Furthermore, none of these interrogatories are made compound, burdensome
4   or oppressive by Mattel's definitions of the words IDENTITY or IDENTIFY.
5   Mattel has simply defined these terms precisely to make clear what is being sought
6   about MGA's own claims and the level of precision with which MGA should
7   respond to the interrogatories.  The definitions simply request enough detail to allow
8   Mattel to understand, without confusion, exactly which trade dress elements,
9   products and persons are referred to in MGA's responses.  As previously explained,
10  "[t]he fact that the interrogatories ask MGA to identify witnesses, facts and
11  documents ... does not render the interrogatories compound because the questions in
12  each interrogatory refer to one common theme and count as a single interrogatory."
13  Phase 2 Discovery Matter, Order No. 11, dated March 30, 2009, at 21, Corey Dec.,
14  Exh. 13.  Nor does that fact that Mattel requests different types of details make the
15  interrogatories burdensome or oppressive.  See, e.g., Zapata v. IBP, Inc., 1997 WL
16  122588, at *1 (D. Kan. 1997) (ordering defendant to fully answer interrogatory
17  asking for factual basis for each of defendant's defenses, as well as all witnesses
18  with knowledge of and all documents relating to those facts).  Indeed, MGA has
19  previously been compelled to answer interrogatories which used very similar
20  definitions of IDENTITY or IDENTIFY.   See Mattel Inc.'s Second Set of
21  Interrogatories to Defendant MGA Entertainment, Inc., Corey Dec., Exh. 16; Order
22  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
23
24  _____
25
26  [20]  Phase 2 Discovery Matter, Order No. 11, dated March 30, 2009, at 21, Corey
     Dec., Exh. 13; Order Granting Joint Motion for Protective Order Regarding Mattel's
27  Interrogatories, dated September 5, 2007, at 5-7, Corey Dec., Exh. 11.
28

EXHIBIT   6
PAGE   138

1  Responses by MGA, dated May 15, 2007, Corey Dec., Exh. 17 (ordering MGA to
2  respond to Mattel's Interrogatory Nos. 5, 7 and 8, among others).
3          Finally, in any event, MGA did not cite any objection to the definitions of
4  IDENTITY and IDENTIFY in its Opposition to Mattel's original motion to compel
5  further responses to these interrogatories.[21]  As such, the objection was waived. See
6  Morgenstern v. Int'l Alliance of Theatrical Stage Empl., 2006 WL 2385233, at *2
7  n.5 (N.D. Cal. Aug. 17, 2006) ("These objections, however, are not raised in
8  defendant's opposition to plaintiff's current motion and are therefore waived."); Fleet
9  Systems, Inc. v. Federal Coach, LLC, 2007 WL 2264618, *3, n.2 (D. Neb. August
10  6, 2007) ("To the extent the defendant made other objections in its response, the
11  defendant did not argue such objections continued to be applicable in its brief in
12  opposition to the motion to compel. Accordingly, such objections are deemed
13  waived."); Eidukonis v. Southeastern Pennsylvania Transp. Authority, 1987 WL
14  16321, *5 (E.D. Pa. August 27, 1987) (holding that party's failure to raise an
15  objection in opposing a prior motion on the same documents "constitutes a waiver of
16  an objection" and compelling production).  See also Richmark Corp. v. Timber
17  Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (holding that objection
18  was waived when not raised "at the very least" in response to a motion to compel.).
19
20
21
22
23
24
25  [21]  See MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to
26  Compel Responses to Interrogatories (Nos. 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37,
    38, 39, 40, 41, 42, 43, 44 and 46, 47, 48, 49, 50) by the MGA, dated December 31,
27  2007, Corey Dec., Exh. 4.
28

00505.07975/2868281.2



EXHIBIT  6
PAGE  139

**C.**   **The Discovery Master Should Overrule MGA's Objections That Mattel's Interrogatories Seek Information Already Produced Or More Easily Obtainable Elsewhere**

MGA objects to Interrogatory Nos. 48-50 on the grounds that they seek information that can be derived from documents that have or will be produced. Mattel should not be forced to go to other sources for information from which it can divine the factual basis of MGA's *own* claims. The idea that there is an entity other than MGA that is a better, and more accessible, source for information about MGA's claims is absurd, and MGA does not even try to substantiate it.[22] Nor can MGA avoid the interrogatories because it may, at some unspecified future time, produce documents containing an answer. These are contention interrogatories, going to the core of MGA's claims. Mattel is entitled to the information now, not at some uncertain and remote date.

**D.**   **The Discovery Master Should Overrule MGA's Objections That Mattel's Interrogatories Seek Information That May Be Subject To Expert Analysis**

MGA objects to the interrogatories as "premature" because they seek information that "may be the subject of expert witness analysis and testimony."[23] The Court has already rejected in this case the claim that because information may be subject to expert testimony, it is premature to seek discovery or that discovery may otherwise be withheld. See Civil Minutes, dated July 2, 2007, at 5 ("That net worth is generally the subject of expert testimony at trial -- a proposition disputed by

---

[22]   MGA's objection is especially puzzling given its repeated argument to the Discovery Master that discovery should first be directed to it, not third parties, as an alleged basis to quash subpoenas.

[23]   MGA's Supplemental Objections and Responses to Mattel's Seventh Set of Interrogatories (Nos. 48-50), Corey Dec., Exh. 3.



EXHIBIT   6
PAGE   140

1  neither Mattel nor the Court -- does not render it an improper subject for a Rule

2  30(b)(6)"), Corey Dec., Exh. 12; see also Roberts v. Heim, 130 F.R.D. 424, 429-30

3  (N.D. Cal. 1989) (overruling objection on the ground that the response was

4  dependent, in part, on expert testimony and compelling plaintiffs to answer the

5  interrogatory); King, 117 F.R.D. at 5 ("while an expert . . . may be necessary to

6  refine the evidence of their losses, the plaintiffs must have had some factual basis

7  for concluding they had sustained losses at the time the complaint was filed . . . It is

8  no answer for plaintiffs to assert that they will need . . . to consult with an expert to

9  determine their losses.  They should have answered the interrogatories with such

10  information as they then possessed").  MGA's objections should be overruled.

11    E.    **The Discovery Master Should Overrule MGA's Undue Burden**

12         **Objection to Interrogatory No. 50**

13        MGA claims that Interrogatory No. 50 is unduly burdensome because it

14  requires MGA "to compile detailed financial reports of information not reasonably

15  available solely for the purpose of responding to the interrogatory."  This objection

16  must be overruled for several reasons.  First, burden objections must be specific and

17  supported by evidence, as both the prior Discovery Master[24] and the current

18  Discovery Master[25] have held.  Here, MGA fails to specify the burden involved,

19  much less to submit proof of its substantiality.[26]  Second, this is a contention

20  _____

21

22  [24]  See, e.g., Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 14

23  ("Once again, MGA has failed to substantiate any of its objections with supporting declarations or legal authorities.").

24  [25]  See Order No. 11, March 30, 2009, at 18 ("The MGA parties do not provide

25  any supporting declaration or specific evidence to support their assertion of burden").

26  [26]  See Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must

27  be stated "with specificity"); Nagele v. Electronic Data Systems Corp., 193 F.R.D.

28      (footnote continued)

EXHIBIT   6
PAGE   141

1  interrogatory that goes to the core of MGA's claims.  There can be no undue burden
2  in requiring a party to identify its own claims and the factual basis for those claims.
3  See Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC, 2006 WL
4  3253636, at *2-5 (N.D. Ill. 2006) (compelling defendant to answer interrogatories
5  requesting "all supporting facts, documents, exhibits, testimony and/or expert
6  opinions" in support of contentions); Tennison v. San Francisco, 226 F.R.D. 615,
7  618 (N.D. Cal. 2005) (requiring plaintiff to answer interrogatory that requested "all
8  facts" supporting denial of allegation); Dang v. Cross, 2002 WL 432197, at *4 (C.D.
9  Cal. 2002) (affirming magistrate judge's holding that interrogatories requesting "all
10  facts" in support of a denial of a statement were not unduly burdensome); King, 117
11  F.R.D. at  7 (holding that plaintiffs must undertake a "studied and diligent effort to
12  gather the required data and information" to adequately respond to interrogatories
13  with "concrete and detailed information"); Am. Oil Co. v. Penn. Petro. Co., 23
14  F.R.D. 680, 683 (D.R.I. 1959) ("Since the information sought here will undoubtedly
15  be assembled by the defendant prior to trial in the preparation of its defenses, it
16  cannot be said that these interrogatories are objectionable as being burdensome.").[27]

17
18

19  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting
20  party failed to particularize basis for objection).  See also Jackson v. Montgomery
   Ward & Co., Inc., 173 F.R.D. 524, 528-9 (D. Nev. 1997) ("The party claiming that a
21  discovery request is unduly burdensome must allege specific facts which indicate
22  the nature and extent of the burden, usually by affidavit or other reliable evidence.")
   (citing Burton Mechanical Contractors, Inc. v. Foreman, 148 F.R.D. 230, 233 (N.D.
23  Ind. 1992)).
24  [27]   See also Twigg v. Pilgrim's Pride Corp., 2007 WL 676208, at *11-12 (N.D.
   W. Va. 2007) (holding interrogatory asking party to state "each fact" in support of
25  contention is proper); Williams v. The Art Inst. of Atl., 2006 WL 3694649, at *7
   (N.D. Ga. 2006) (granting plaintiff's motion to compel as to interrogatories asking
26  defendant to "[s]tate all facts that support defendant's contentions"); Audiotext
27  Comm. Network, Inc. v. U.S. Telcomm., Inc., 1995 WL 625953, at *1 (D. Kan.
   (footnote continued)
28

00505.07975/2868281.2


EXHIBIT  6
PAGE  142

1     Furthermore, as the Discovery Master has ruled, whether an undue burden

2 exists depends on the value of the information sought versus the burden alleged by

3 the responding party.[28]  Interrogatory No. 50 indisputably seeks information central

4 to MGA's claims against Mattel.  Isaac Larian has claimed that MGA will be

5 seeking "billions" of dollars in damages from Mattel.[29]  Thus, any burden of

6 compiling this information is *not* undue in light of the scale of claims in this

7 litigation and the importance this information holds to the claims at issue in Phase 2.

8 See Phase 2 Discovery Matter, Amended Order No. 11, dated March 31, 2009,

9 Corey Dec., Exh. 13, at 12-13 (explaining that given the importance of certain

10 information and in light of the wide-ranging extent of discovery, MGA should be

11 compelled to produce the information); Capacchione v. Charlotte-Mecklenburg

12 Schools, 182 F.R.D. 486, 491 (W.D.N.C. 1998) ("Requiring a responding party to

13 perform extensive research or to compile substantial amounts of data and

14 information does not automatically constitute an undue burden . . . Imposing such a

15 burden is particularly proper where, as here, the information sought is crucial to the

16 ultimate determination of a crucial issue and where the location of the documents is

17 best known by the responding party."); King, 50 F.R.D. at 136 (overruling

18

19

20 1995) (approving contention interrogatories seeking "all facts" because "parties 'are
   entitled to know the factual basis' of the claims, defenses, or denials of their

21 opponents"); Pension Ben. Guar. Corp v. Ziffer, 1994 WL 11654, at *1 (N.D. Ill.
   1994) (interrogatories asking for "all facts" supporting contentions "are

22 appropriately made"); Schaap v. Executive Indus., Inc., 130 F.R.D. 384, 388 (N.D.

23 Ill. 1990) (compelling responses to interrogatories seeking factual bases for
   contentions because "for the litigation to proceed fairly and effectively, there must

24 be mutual access to all relevant facts.").

25 [28]  Phase 2 Discovery Matter, Amended Order No. 11, dated March 31, 2009,
   Corey Dec., Exh. 13, at 16:9-11.

26 [29]  Transcript of ABC Nightline, dated December 23, 2006, at 6, Corey Dec.,

27 Exh. 18.

28

00505.07975/2868281.2

-15-



EXHIBIT 6
PAGE 143

defendant's objection that interrogatory was burdensome and oppressive, even though preparation of answer would be time-consuming and costly, because information was crucial to the issues of the suit and in exclusive custody of defendant); <u>Seff v. General Outdoor Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant).

MGA's burden objection to Interrogatory No. 50 should be overruled.

<u>Conclusion</u>

For the foregoing reasons, the Discovery Master should overrule MGA's objections and order MGA to provide complete responses to Mattel's Interrogatory Nos. 48-50.

DATED:  April 3, 2009         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

                              By  /s/ Jon Corey
                                  Jon Corey
                                  Attorneys for Mattel, Inc.

EXHIBIT 6
PAGE 144

# EXHIBIT 7

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                       EASTERN DIVISION

11

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| vs. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS. | MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES (NOS. 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 47, 48, 49 AND 50) BY THE MGA PARTIES; AND |
| | MEMORANDUM OF POINTS AND AUTHORITIES |
| | [Declaration of B. Dylan Proctor and Separate Statement filed concurrently] |
| | Hearing Date:   TBD<br>Time:           TBD<br>Place:          TBD |
| | Phase 1:<br>Discovery Cut-off:   January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date:          May 27, 2008 |

0720/2326618.5

EXHIBIT  7
PAGE  145

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that at a hearing before Discovery Master

3  Hon. Edward Infante (Ret.) that will occur on a date and at a time and place to be

4  determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby does,

5  move the Court to (1) overrule the objections of MGA Entertainment, Inc., MGA

6  Hong Kong, MGAE de Mexico S.R.L. de C.V. and Isaac Larian (collectively

7  "MGA") in their responses to Mattel's Revised Third, Amended Fourth, Fifth and

8  Seventh Sets of Interrogatories, and (2) compel those parties to answer completely

9  Interrogatory Nos. 27-44 and 46-50.

10          This Motion is made pursuant to Federal Rules of Civil Procedure 26,

11  33(b)(5) and 37(a) on the grounds that Mattel's Interrogatories seek discoverable

12  information and MGA's objections lack merit.

13          This Motion is based on this Notice of Motion and Motion, the

14  accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan

15  Proctor and Separate Statement filed concurrently, the records and files of this

16  Court, and all other matters of which the Court may take judicial notice.

17          **Statement of Rule 37-1 Compliance**

18          The parties met and conferred regarding MGA's Responses to Mattel's

19  Revised Third, Amended Fourth, Fifth, Sixth and Seventh Sets of Interrogatories on

20  December 10, 2007 and at times thereafter.

21

22  DATED: December 20, 2007          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
23

24                                     By _B. Dylan Proctor /hh_

25                                        B. Dylan Proctor
                                          Attorneys for Plaintiff
26

27

28

07209/2326618.5

EXHIBIT  7
PAGE  146

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

PRELIMINARY STATEMENT ............................................................................. 1

BACKGROUND ................................................................................................... 4

ARGUMENT ......................................................................................................... 9

I.    MATTEL IS ENTITLED TO COMPLETE RESPONSES TO ITS INTERROGATORIES ........................................................................... 9

II.    MGA'S OBJECTIONS SHOULD BE OVERRULED ............................ 10

    A.    MGA's Boilerplate Objections Lack Merit .................................... 10

    B.    MGA's Objections to Interrogatories Requesting "All Facts" ............. 12

III.    MGA SHOULD BE COMPELLED TO PROVIDE COMPLETE RESPONSES TO MATTEL'S INTERROGATORIES ............................ 18

    A.    Mattel's Interrogatories About The Identity Of Bratz Inventions ........ 18

    B.    Mattel's Interrogatory About The Identity Of Former Mattel Employees Hired By MGA .................................................... 22

    C.    Mattel's Interrogatories Seeking Dates On Which The Products MGA Alleges Were Copied or Infringed Originated ......................... 23

    D.    Mattel's Interrogatories About The Trade Dress MGA Claims Mattel Products Infringe ............................................... 24

    E.    Mattel's Interrogatory About The Identity of MGA's Bank Accounts ........................................................................ 25

    F.    Mattel's Contention Interrogatories ............................................ 29

    G.    Mattel's Interrogatories About MGA's Searches For Documents And Storage Devices Containing Evidence Of Early Work On Bratz ............................................................................... 32

    H.    Mattel's Interrogatory Regarding MGA's Substitution of Counsel ...... 36

CONCLUSION ................................................................................................... 39

07209/2326618.5

EXHIBIT 1
PAGE 140

# TABLE OF AUTHORITIES

**Page**

### Cases

Adams v. Murakami,
   54 Cal. 3d 105 (1991).............................................................27

Ameriwood Industries v. Liberman,
   2006 WL 3825291 (E.D. Mo. 2006).......................................34

Audiotext Comm. Network, Inc. v. U.S. Telcomm., Inc.,
   1995 WL 625953 (D. Kan. 1995)...........................................14

Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC,
   2006 WL 3253636 (N.D. Ill. 2006)..................................13, 18

Bessier v. Precise Tool & Eng'g Co., Inc.,
   778 F. Supp. 1509 (W.D. Mo. 1991)......................................27

Blowers v. Lawyers Co-op. Pub. Co.,
   1982 WL 221 (W.D.N.Y. 1982)..............................................38

Britton v. Car Toys, Inc.,
   2007 WL 1395290 (D. Colo. 2007).........................................27

Chapman v. California Dept. of Education,
   2002 WL 32854376 (N.D. Cal. 2002).................................14, 17

Convergent Business Systems, Inc. v. Diamond Reporting, Inc.,
   1989 WL 92038 (E.D.N.Y. 1989)............................................11

Dang v. Cross,
   2002 WL 432197 (C.D. Cal. 2002)..........................................13

Gaeta v. Perrigo Pharmaceuticals Co.,
   2007 WL 3343043 (N.D. Cal. 2007)........................................17

Garcia v. City of El Centro,
   214 F.R.D. 587 (S.D. Cal. 2003)...........................................37

George v. Siemens Indus. Automation, Inc.,
   182 F.R.D. 134 (D.N.J. 1998).................................................38

In re Grand Jury Investigation,
   974 F.2d 1068 (9th Cir. 2002)...............................................37

Josephs v. Harris Corp.,
   677 F.2d 985 (3d Cir. 1982)...........................................14, 17, 21

King v. E.F. Hutton & Co.,
   117 F.R.D. 2 (D.D.C. 1987)..................................................11

EXHIBIT    7
PAGE    148

King v. Georgia Power Co.,
   50 F.R.D. 134 (N.D. Ga. 1970) ........................................................ 15

Lawrence v. First Kansas Bank & Trust, Co.,
   169 F.R.D. 657 (D. Kan. 1996) ....................................................... 14

Miller v. National School of Health Technology,
   73 F.R.D. 628 (E.D. Pa. 1977) ................................................ 10, 18

Mitchell v. National R.R. Passenger Corp.,
   208 F.R.D. 455 (D.D.C. 2002) ....................................................... 11

Morgan v. Woessner,
   997 F.2d 1244 (9th Cir. 1993) ...................................................... 26

Nagele v. Electronic Data Systems Corp.,
   193 F.R.D. 94 (W.D.N.Y. 2000) .................................................... 10

North Dakota Fair Housing Council, Inc. v. Allen,
   298 F. Supp. 2d 897 (D.N.D. 2004) .............................................. 27

Nutmeg Insurance Co. v. Atwell, Vogel & Sterling, et al.,
   120 F.R.D. 504 (W.D. La. 1988) ................................................... 37

Oakes,
   179 F.R.D. at 286 ......................................................................... 26

Pension Ben. Guar. Corp v. Ziffer,
   1994 WL 11654 (N.D. Ill. 1994) ................................................... 14

Playboy Enterprises, Inc. v. Welles,
   60 F. Supp. 2d 1050 (S.D. Cal. 1999) ........................................... 34

Ramirez v. Nicholson,
   2007 WL 2990283 (S.D. Cal. 2007) ................................................ 9

Roesberg v. Johns-Manville Corp.,
   85 F.R.D. 292 (E.D. Pa. 1980) ........................................... 10, 21, 35

Safeco of Am. v. Rawstron,
   181 F.R.D. 441 (C.D. Cal. 1998) ............................................. 14, 16

Seff v. General Outdoor Advertising Co.,
   11 F.R.D. 597 (N.D. Ohio 1951) ................................................... 15

Simons Prop. Group L.P. v. Simon, Inc.,
   194 F.R.D. 639 (S.D. Ind. 2000) ................................................... 34

Tennison v. San Francisco,
   226 F.R.D. 615 (N.D. Cal. 2005) ................................................... 13

Thomas & Betts Corp. v. Panduit Corp.,
   1996 WL 169389 (N.D. Ill. 1996) ................................................. 18

07209/2326618.5

EXHIBIT 7
PAGE 149

| | |
|---|---|
| Trane Co. v. Klutznick,<br>    87 F.R.D. 473 (W.D. Wis. 1980) | 9, 18 |
| Twigg v. Pilgrim's Pride Corp.,<br>    2007 WL. 676208 (N.D. W. Va. 2007) | 13 |
| U.S. Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc.,<br>    2000 WL. 307470 (C.D. Cal. 2000) | 26 |
| Upjohn Co. v. United States,<br>    449 U.S. 383 (1981) | 37 |
| Walker v. Lakewood Condominium Owners Ass'n,<br>    186 F.R.D. 584 (C.D. Cal. 1999) | 14, 17, 21 |
| Williams v. The Art Inst. of Atl.,<br>    2006 WL. 3694649 (N.D. Ga. 2006) | 13 |
| Wilson v. Thompson/Center Arms Co.,<br>    2006 WL. 3524250 (E.D. La. 2006) | 13 |
| Wright v. Touhy,<br>    2003 WL. 22439864 (N.D. Ill. 2003) | 15 |
| Zapata v. IBP, Inc.,<br>    1997 WL. 122588 (D. Kan. 1997) | 13 |

**Statutes**

| | |
|---|---|
| Fed. R. Civ. P. 26(b)(1) | 9, 15, 33 |
| Fed. R. Civ. P. 30(b)(6) | 27, 28, 29 |
| Fed. R. Civ. P. 33 | 9 |
| Fed. R. Civ. P. 33(a)(2) | 11 |
| Fed. R. Civ. P. 33(b)(4) | 10 |
| Fed. R. Civ. P. 34(a) | 33 |
| Fed. R. Civ. P. 69(a) | 27, 28 |

**Other Authorities**

| | |
|---|---|
| 8A Wright & Miller, supra, § 2174 | 21 |
| California Rule of Professional Conduct 3-700(c) | 38 |
| Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:1734 (Rutter's Group 2007) | 11 |
| Federal Practice & Procedure: Federal Rules of Civil Procedure § 2174 | 15 |

EXHIBIT _____7_____
PAGE ____150____

1   Wright & Miller, Federal Practice & Procedure, § 2023, at 194 (1970)..................37

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 7
PAGE 151

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

The responses of the MGA Parties to Mattel's Revised Third, Amended Fourth, Fifth and Seventh Sets of Interrogatories are woefully deficient. Though MGA provides partial answers for most interrogatories, all the responses are significantly limited. Among other things, MGA has confirmed that each of these partial responses merely lays out the "basic facts" on which it intends to rely, and no details, and in many cases the responses are limited because MGA unilaterally disregarded the definitions in Mattel's requests. Although MGA has promised to provided supplemental responses in several weeks, it refuses to commit to provide complete responses, will not specify what interrogatories it intends to supplement, and has made clear that it will not supplement its responses (or non-responses) to many of Mattel's interrogatories. MGA refuses to provide any response at all to some of Mattel's interrogatories. Accordingly, MGA's objections and limitations should be overruled and it should be compelled to provide full and complete responses to Mattel's interrogatories.[1]

The interrogatories at issue go to central issues in the case, primarily MGA's contentions on key points in dispute. In particular, the Interrogatories cover:

---

[1]   Because the responses of MGA Entertainment, Inc., MGA Hong Kong, MGAE de Mexico S.R.L. de C.V. and Isaac Larian are substantially similar in most cases, they will be treated jointly except where it is necessary to distinguish their various responses.

EXHIBIT  7
PAGE  152

1       •    MGA's contentions regarding which Bratz inventions were created

2 before, during and after Carter Bryant's Mattel employment;[2]

3       •    the identity of electronic storage devices MGA used prior to 2002 for

4 digital information related to Bratz;[3]

5       •    the identity of the sources of information from which MGA has

6 collected documents in this litigation which relate to Bratz and the time

7 period prior to February 28, 2001;[4]

8       •    the facts allegedly supporting MGA's contention that the Bratz dolls are

9 not based on designs Bryant created while employed by Mattel;[5]

10       •    MGA's contentions on central issues about Mattel's claims against

11 MGA, Bryant and others, including how Carter Bryant's Inventions

12 Agreement with Mattel and his assignment of rights to Bratz inventions to

13 MGA and services with or for MGA while employed by Mattel affect who

14 owns the rights to Bratz inventions, and the alleged basis for MGA's claims

15 that it purportedly acted with innocent intent;[6]

16       •    the identity of MGA's bank or financial accounts;[7]

17       •    the identity of former Mattel employees that have been employed by

18 MGA;[8]

19

20

21

22    [2]   Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 9-
23 10 (Nos. 27, 28, 29), Proctor Dec., Exh. 7.
    [3]   <u>Id.</u> at 13 (No. 40).
24    [4]   <u>Id.</u> at 9 (No. 47).
    [5]   Mattel's Amended Fourth Set of Interrogatories, dated October 23, 2007, at 7
25 (No. 42), Proctor Dec., Exh. 9.
26    [6]   <u>Id.</u> at 10-12 (Nos. 30-38).
    [7]   <u>Id.</u> at 13 (No. 39).
27    [8]   <u>Id.</u> at 13 (No. 41).

28

0720972326618:5

EXHIBIT 7
PAGE 153

1  • relevant, non-privileged facts concerning the dispute leading to the

2  withdrawal of MGA's prior counsel that relate to MGA's handling of

3  discovery in this case;[9]

4  • the facts supporting key contentions relating to MGA's claims against

5  Mattel, including MGA's contentions that Mattel has copied, infringed or

6  diluted MGA's trade dress;[10] and

7  • the relevant dates regarding the products MGA asserts Mattel has

8  copied or infringed;[11]

9  MGA has already conceded that Mattel is entitled to responses for most

10 of these interrogatories -- it has already provided a partial response to all but Nos.

11 39, 46 and 47. It has also promised to provide supplemental responses in January.

12 However, MGA refuses to provide full and complete answers to disclose in detail

13 the facts that support its various contentions; narrowly and artificially limits its

14 responses by ignoring Mattel's definitions; and refuses to identify the documents on

15 which it relies with any specificity. Those refusals are unfounded. Mattel's

16 interrogatories address MGA's own contentions on central issues relating to both

17 Mattel's claims and MGA's claims and other crucial matters. Fully responding to

18 Mattel's interrogatories will undoubtedly require some effort, but there is nothing

19 "undue" about that burden in this major, high stakes litigation. MGA's objections

20 should be overruled, and it should be compelled to provide complete responses to

21 Interrogatory Nos. 27-44 and 46-50.[12]

22

23  [9] Mattel's Fifth Set of Interrogatories, dated October 19, 2007, at 9 (No. 46),

24 Proctor Dec., Exh. 10.

25  [10] Mattel's Seventh Set of Interrogatories, dated October 25, 2007, at 7
(Nos. 48-50), Proctor Dec., Exh. 12.

26  [11] Id. at 7-8 (Nos. 43, 44).

27  [12] As one of its many objections, MGA claims in its responses that Mattel has
purportedly exceeded the fifty interrogatory limit set by the Court. See, e.g., MGA

28  (footnote continued)

EXHIBIT 7
PAGE 154

<u>**Background**</u>

<u>Mattel's Third Set of Interrogatories.</u>  On June 7, 2007, Mattel served its Third Set of Interrogatories on four Defendants -- MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Ltd. ("MGA Hong Kong"), Isaac Larian and Carter Bryant -- asking each of them the same nineteen questions.[13]  Rather than respond, each Defendant served only objections on July 9, 2007, and refused to withdraw any of their boilerplate objections during the parties' meet and confer.[14]  Defendants then filed a motion for protective order, claiming that Mattel had exceeded the fifty "per side" interrogatory limit established by the Court.[15]   On July 17, 2007, Mattel moved to compel responses.[16]

_____

Entertainment, Inc.'s Objections and Responses to Mattel, Inc.'s Fifth Set of Interrogatories, dated November 19, 2007, at 8, Proctor Dec., Exh. 15. This objection is clearly erroneous and directly contravenes the Discovery Master's September 5, 2007 Order, which provided that an interrogatory that asks a defendant to "state all facts," "identify all persons with knowledge of such facts," and "identify all documents" counts as a single interrogatory. Order Granting Joint Motion for Protective Order, dated September 5, 2007, at 5-7, Proctor Dec., Exh. 33. In any case, during the meet and confer process, counsel for MGA represented to Mattel that MGA is *not* refusing to respond to any of Mattel's interrogatories based on this objection. See Letter from B. Dylan Proctor to Timothy A. Miller, dated December 13, 2007, at 1, Proctor Dec., Exh. 5. Based on that representation, Mattel does not address it further in this motion.

[13]   Mattel's Third Set of Interrogatories, dated June 7, 2007, Proctor Dec., Exh. 34.

[14]   MGA's Objections and Responses to Mattel's Third Set of Interrogatories, dated July 9, 2007, Proctor Dec., Exh. 35. The other Defendants' objections are substantively similar to MGA's.

[15]   Defendants' Joint Motion for Protective Order Regarding Mattel's Interrogatories, dated July 10, 2007, Proctor Dec., Exh. 36.

[16]   Mattel's Motion to Compel Responses to Interrogatories (Third Set) By MGA Entertainment, Inc., Isaac Larian, Carter Bryant and MGA Entertainment (HK) Ltd, dated July 17, 2007, Proctor Dec., Exh. 37.

EXHIBIT 7
PAGE 155

1       The Court's September 5, 2007 Order. The Discovery Master ruled on

2   the parties' respective motions on September 5, 2007. The Court held that: (1) an

3   identical interrogatory served on several defendants is counted as only one

4   interrogatory;[17] (2) an interrogatory that asks a defendant to "state all facts,"

5   "identify all persons with knowledge of such facts," and "identify all documents" is

6   likewise counted as a single interrogatory;[18] and (3) an interrogatory "that covers

7   multiple claims, legal theories or other subjects" is counted as a separate

8   interrogatory for each such claim, theory or subject.[19] Based on this final holding,

9   the Court concluded that Mattel had exceeded the fifty interrogatory limit because

10  its interrogatories seeking the bases for defendants' multitude of affirmative

11  defenses counted as multiple interrogatories.[20] In so ruling, however, the Discovery

12  Master expressly granted Mattel leave to serve revised interrogatories consistent

13  with the Order.[21]

14      Mattel's Revised Third, Amended Fourth, Fifth, Sixth and Seventh Sets

15  of Interrogatories.   Mattel served its Revised Third Set of Interrogatories on

16  defendants Carter Bryant, MGA, MGA Hong Kong, MGAE de Mexico S.R.L. de

17  C.V., Isaac Larian and Carlos Gustavo Machado Gomez on September 21, 2007,

18  asking each of them the same fifteen questions (Nos. 27-41).[22] Consistent with the

19  September 5, 2007 Order, each of the interrogatories in Mattel's Revised Third Set

20

21  [17]  Order Granting Joint Motion for Protective Order, dated September 5, 2007,
22  at 4-5, Proctor Dec., Exh. 33.
    [18]  Id. at 5-7.
23      [19]  Id. at 7-8.
24      [20]  Over defendant's objections, Judge Larson subsequently granted Mattel's
motion for leave to serve an interrogatory regarding defendants' affirmative
25  defenses. See Court's Order, dated December 3, 2007, Proctor Dec., Exh. 38.
    [21]  Order Granting Joint Motion for Protective Order, dated September 5, 2007,
26  at 9, Proctor Dec., Exh. 33.
27
28

EXHIBIT 7
PAGE 156

1  is addressed to a single issue or theory.[23]   Although some of these interrogatories
2  have not been before the Court previously, the Court has already reviewed a number
3  of them in Mattel's Third Set of Interrogatories.  For example, Interrogatory Nos. 12,
4  13 and 14 in Mattel's Third Set of Interrogatories are identical to Interrogatory Nos.
5  27, 28 and 29 in Mattel's Revised Third Set.

6          Mattel served its Fourth Set of Interrogatories on these same defendants
7  on October 12, 2007, propounding four additional interrogatories (Nos. 42-45).[24]
8  Mattel served an Amended Fourth Set on October 23, 2007, removing one
9  interrogatory (No. 45) and hence reducing the Fourth Set to three interrogatories
10  (Nos. 42-44).[25]   Mattel served its Fifth Set of Interrogatories on defendants on
11  October 19, 2007, asking two additional questions (Nos. 46-47).[26]  Mattel served its
12  Sixth Set of Interrogatories, which consisted of Interrogatory No. 45 to replace the
13  previous, withdrawn No. 45 from Mattel's Fourth Set, on October 23, 2007.[27]
14  Mattel served its Seventh Set, which consisted on Interrogatory Nos. 48, 49 and 50,
15  on October 25, 2007.[28]

16          MGA Parties' Responses and Objections to Mattel's Interrogatories.
17  The MGA Parties served Responses and Objections to Mattel's Revised Third and

18
---

19   [22]   Mattel's Revised Third Set of Interrogatories, dated September 21, 2007,
20  Proctor Dec., Exh. 7.
        [23]   Id.
21      [24]   Mattel's Fourth Set of Interrogatories, dated October 12, 2007, Proctor Dec.,
22  Exh. 8.
        [25]   Mattel's Amended Fourth Set of Interrogatories, dated October 23, 2007,
23  Proctor Dec., Exh. 9.
24      [26]   Mattel's Fifth Set of Interrogatories, dated October 19, 2007, Proctor Dec.,
        Exh. 10.
25      [27]   Mattel's Sixth Set of Interrogatories, dated October 23, 2007, Proctor Dec.,
26  Exh. 11.
        [28]   Mattel's Seventh Set of Interrogatories, dated October 25, 2007, Proctor Dec.,
27  Exh. 12.

28

EXHIBIT 7
PAGE 157

1 Amended Fourth Sets of Interrogatories on November 15, 2007.[29] They served

2 Responses and Objections to Mattel's Fifth Set of Interrogatories on November 21,

3 2007, and Responses and Objections to Mattel's Sixth and Seventh Sets on

4 November 26, 2007.[30]   These responses were comprised almost entirely of

5 objections.   MGA served supplemental responses to Mattel's Revised Third,

6 Amended Fourth, and Seventh Sets of Interrogatories on November 30, 2007.[31]

7          For the most part, the answers of each of the MGA Parties are

8 substantially similar.   However, in several instances where MGA Entertainment,

9 Inc. provides a partial response, either MGA Entertainment (HK), MGAE de

10 Mexico S.R.L. de C.V. and/or Larian do not, asserting that the interrogatory

11 "appears directed at another party."[32]  In addition, although MGA Entertainment,

12 Inc. provided supplemental responses to Mattel's Seventh Set of Interrogatories,

13 MGA Entertainment (HK), MGAE de Mexico S.R.L. de C.V. and Larian did not.

14          The Parties' Meet and Confers.  On December 10 and 12, 2007, counsel

15 for Mattel and MGA met and conferred regarding the MGA parties' responses to

16 _____

17 [29]  MGA Entertainment, Inc.'s Objections and Responses to Mattel's Revised
Third Set of Interrogatories, dated November 15, 2007, Proctor Dec., Exh. 13; MGA
18 Entertainment, Inc.'s Objections and Responses to Mattel's Amended Fourth Set of
19 Interrogatories, dated November 15, 2007, Proctor Dec., Exh. 14.
20 [30]  MGA Entertainment, Inc.'s Objections and Responses to Mattel's Fifth Set of
Interrogatories, dated November 21, 2007, Proctor Dec., Exh. 15; MGA .
21 Entertainment, Inc.'s Objections and Responses to Mattel's Sixth Set of
22 Interrogatories, dated November 26, 2007, Proctor Dec., Exh. 19.
[31]  MGA's Supplemental Responses to Mattel, Inc.'s Revised Third Set of
23 Interrogatories, dated November 30, 2007, Proctor Dec., Exh. 21.; MGA's
24 Supplemental Responses to Mattel, Inc.'s Amended Fourth Set of Interrogatories,
dated November 30, 2007, Proctor Dec., Exh. 25.; MGA's Supplemental Responses
25 to Mattel, Inc.'s Seventh Set of Interrogatories, dated November 30, 2007, Proctor
26 Dec., Exh. 29.

27

28

EXHIBIT   7
PAGE   158

1   Mattel's Revised Third, Amended Fourth, Fifth, Sixth and Seventh Sets of
2   Interrogatories.   During these discussions, counsel for MGA confirmed that the
3   responses and supplemental responses MGA has provided to date merely lay out the
4   "basic facts," on which MGA intends to rely, without "details."[33]  As to Mattel's
5   contention interrogatories, MGA explained that all the facts on which it intends to
6   rely are "encompassed" by the facts it has disclosed, but that MGA has not
7   articulated those facts.[34]  Even a cursory review of MGA's responses makes this
8   clear as well, since even the longest of its actual responses remains brief.  Mattel, on
9   the other hand, recently served a supplemental interrogatory response that was over
10  110 pages, providing appropriate detail about its contentions.[35]

11          MGA also confirmed that it has unilaterally limited many of its
12  responses by disregarding the definitions in Mattel's requests.[36]  MGA appears to
13  have limited most of its responses through this tactic.  Further, MGA confirmed that
14  it has not and will not identify documents with specificity for Mattel's requests that
15  call for an identification of documents.[37]

16          MGA offered to provide Mattel by January 7, 2007 with what it said
17  should be a "substantial supplement" to many of its responses.[38]  However, MGA
18  would not specify which responses it intended to supplement and refused to commit

19  _____

20  [32]  MGAE de Mexico S.R.L. de C.V.'s Supplemental Responses to Mattel, Inc.'s
21  Revised Third Set of Interrogatories, dated November 30, 2007, at 45, Proctor Dec.,
    Exh. 23.
22  [33]  Letter from Proctor to Miller, dated December 13, 2007, at 1, Proctor Dec.,
23  Exh. 5.
    [34]  Id. at 1-2.
24  [35]  Proctor Dec., ¶ 40.
    [36]  Letter from Proctor to Miller, dated December 13, 2007, at 1-2, Proctor Dec.,
25  Exh. 5.
26  [37]  Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec.,
27  Exh. 5.
    [38]  Id.
28

EXHIBIT    7
PAGE   155

1  to provide a full and complete response not limited by objections to *any* of Mattel's

2  interrogatories.[39]  MGA also confirmed that it would not use Mattel's definitions in

3  forming any supplemental responses and would not commit to fully respond in light

4  of the meaning of those terms specified in the interrogatories.  MGA also confirmed

5  that its supplemental responses would not identify the documents it intends to rely

6  on with specificity.[40]

7

8                                    **Argument**

9  I.      **MATTEL IS ENTITLED TO COMPLETE RESPONSES TO ITS**

10         **INTERROGATORIES**

11              MGA's responses to Mattel's Interrogatories are at odds with both the

12  Federal Rules of Civil Procedure and pertinent case law.  "The Federal Rules allow

13  for broad discovery in civil actions:  'Parties may obtain discovery regarding any

14  matter, not privileged, that is relevant to the claim or defense of any party. . . .

15  Relevant information need not be admissible at trial if the discovery appears

16  reasonably calculated to lead to the discovery of admissible evidence."  Ramirez v.

17  Nicholson, 2007 WL 2990283, at *2 (S.D. Cal. 2007) (quoting Fed. R. Civ. P.

18  26(b)(1)).  Rule 26(b) is liberally interpreted to permit "wide-ranging discovery of

19  information necessary for parties to evaluate and resolve their dispute."  Ramirez,

20  2007 WL 2990283, at *2 (citing Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281,

21  283 (C.D. Cal. 1995)).

22              Rule 33 allows a party to propound interrogatories, for which the

23  responding party is required to furnish such information as is available to the party

24  after conducting a reasonable inquiry.  See Fed. R. Civ. P. 33.  In responding to

25  interrogatories, a party must give "full and complete" answers.  See Trane Co. v.

26  ───────────────

27      [39]  Id.

28

EXHIBIT 7
PAGE 140

1  Klutznick, 87 F.R.D. 473, 476 (W.D. Wis. 1980); see also Miller v. National School
2  of Health Technology, 73 F.R.D. 628, 632 (E.D. Pa. 1977) ("Answers must be
3  complete, explicit and responsive."). "If a party cannot furnish details, he should
4  say so under oath, say why and set forth the efforts he used to obtain the
5  information." Miller, 73 F.R.D. at 632. To the extent a party objects, the burden is
6  on the objecting party to show why an interrogatory is improper. See Roesberg v.
7  Johns-Manville Corp., 85 F.R.D. 292, 296-97 (E.D. Pa. 1980).

8  **II.    MGA'S OBJECTIONS SHOULD BE OVERRULED**

9        **A.    MGA's Boilerplate Objections Lack Merit**

10              As an initial matter, the Discovery Master should overrule MGA's
11  boilerplate objections.[41] MGA asserts that most or all interrogatories are vague and
12  ambiguous, overbroad, unduly burdensome and oppressive, seek information not in
13  the possession, custody or control of MGA, seek information protected by the
14  attorney-client, work product or joint defense privileges, and call for a legal
15  conclusion.[42] None of the these objections has merit.

16              MGA's generic "overbroad," "unduly burdensome" and "oppressive"
17  objections lack merit, as demonstrated by its failure to specify how the questions are
18  overbroad, burdensome or oppressive.   The most MGA offers is that the
19  interrogatories "contain discrete subparts that require separate, distinct and multiple
20  responses."[43] MGA's grounds for objecting to an interrogatory must be stated "with
21  specificity." Fed. R. Civ. P. 33(b)(4); Nagele v. Electronic Data Systems Corp., 193

22

23     [40]  Id.

24     [41]  For the convenience of the Court, MGA's objections and responses have been
25  set forth verbatim in Mattel's Separate Statement, filed concurrently herewith.
       [42]  See e.g., MGA Entertainment, Inc.'s Supplemental Responses to Mattel's
26  Revised Third Set of Interrogatories, dated November 30, 2007, Proctor Dec.,
27  Exh. 21.
       [43]  See e.g., id. at 11 (Objs. to No. 27).

28

EXHIBIT        7
PAGE    161

1   F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because
2   objecting party failed to particularize basis for objection).  Furthermore, where a
3   party asserts an "overbroad" objection, it still has to answer whatever part of the
4   question is proper and provide a *meaningful explanation* of its basis for its objection
5   to the balance.  See Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc.
6   Before Trial, § 11:1734 (Rutter's Group 2007) (citing Mitchell v. National R.R.
7   Passenger Corp., 208 F.R.D. 455, 458, n.4 (D.D.C. 2002)).  MGA has not met these
8   standards.    MGA's "burdensome," "overbroad," "oppressive" and vagueness
9   objections are boilerplate and should be overruled.

10         MGA also asserts various "privilege" and "legal conclusion" objections
11  to questions that clearly call for, at most, application of law to facts.[44]  All of these
12  objections should be overruled.  Most of the interrogatories at issue are contention
13  interrogatories.  Parties are required to answer interrogatories that ask them to state
14  their contentions about facts or the application of law to facts.  Fed. R. Civ. P.
15  33(a)(2).  Mattel is entitled to learn the facts in MGA's possession which MGA and
16  its counsel believe support its contentions.  Mattel is also entitled to learn which
17  documents relate to, and which persons are knowledgeable about, such facts.  The
18  law is clear that a party cannot avoid responding to interrogatories such as Mattel's
19  by claiming that they call for a legal conclusion or by invoking the attorney-client
20  privilege or the work product doctrine.  Convergent Business Systems, Inc. v.
21  Diamond Reporting, Inc., 1989 WL 92038, at *1 (E.D.N.Y. 1989) ("Seeking the
22  facts and documents which support a particular allegation in a complaint violates
23  neither the attorney-client or work product privileges."); King v. E.F. Hutton & Co.,
24

25  [44]  See e.g., id. at 53 (Objs. to No. 37) ("legal conclusion" objection to
26  interrogatory asking MGA to state facts supporting contention that Bryant did not
27  breach his Inventions Agreement with Mattel when he purported to transfer rights to
    Bratz to MGA).
28

EXHIBIT   7
PAGE    102

1 ┃ 117 F.R.D. 2, 5 n.3 (D.D.C. 1987) (interrogatories seeking the factual specifics
2 ┃ which a party contends supports a contention do not implicate the attorney work
3 ┃ product doctrine: "If this elementary principle were not applicable, contention
4 ┃ interrogatories would not exist. As the Advisory Committee Note reflects, as to
5 ┃ requests for even opinions or contentions that call for the application of law to fact,
6 ┃ they are permissible and can be most useful in narrowing and sharpening the issues,
7 ┃ which is the major purpose of discovery.").
8 ┃      Further, the Court has previously considered, and rejected, these same
9 ┃ arguments in connection with Mattel's requests for admission. There, Bryant relied
10 ┃ on "legal conclusion" and "privilege" objections in refusing to comply with his
11 ┃ discovery obligations.[45]     The Discovery Master overruled Bryant's "legal
12 ┃ conclusion" objection, holding that the plain language of the Federal Rules and
13 ┃ relevant case law provided that "requests for admission calling for application of
14 ┃ law to facts are permissible."[46]    The Discovery Master concluded that Bryant's
15 ┃ "privilege" and "work product" objections were similarly without merit, as "[t]he
16 ┃ fact that Bryant may need to consult with counsel to respond to the requests does not
17 ┃ make the response privileged."[47]    The Court should similarly overrule these
18 ┃ objections here.

19 ┃      **B.    MGA's Objections to Interrogatories Requesting "All Facts"**
20 ┃      MGA intersperses a few other objections throughout his responses,
21 ┃ including that Mattel's interrogatories are purportedly improper because they
22 ┃ request "that MGA 'state *all* facts . . . and IDENTIFY *all* PERSONS . . . and *all*
23 ┃
24 ┃
25 ┃ [45]  See Order Granting Mattel's Motion to Compel Carter Bryant to Answer
26 ┃ Requests for Admission or to Order Requests Admitted, dated August 20, 2007, at 6-7, Proctor Dec., Exh. 39.
27 ┃ [46]  Id. at 6.
28 ┃ [47]  Id.

EXHIBIT    7
PAGE    143

1    DOCUMENTS.'"[48]   Relatedly, MGA objects to Mattel's purportedly "negative"

2    interrogatories because they ask "for 'every fact' which supports the denial of a

3    statement or allegation," and because Mattel "bears the burden of proof" on the

4    issues addressed by the interrogatories.[49] These objections also lack merit.

5            Interrogatories like those served by Mattel are commonly used to

6    elucidate facts regarding a party's contentions, and numerous courts have held them

7    proper.  See, e.g., Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC,

8    2006 WL 3253636, at *2-5 (N.D. Ill. 2006) (compelling defendant to answer

9    interrogatories requesting "all supporting facts, documents, exhibits, testimony

10   and/or expert opinions" in support of contentions); Tennison v. San Francisco, 226

11   F.R.D. 615, 618 (N.D. Cal. 2005) (requiring plaintiff to answer interrogatory that

12   requested "all facts" supporting denial of allegation); Dang v. Cross, 2002 WL

13   432197, at *4 (C.D. Cal. 2002) (affirming magistrate judge's holding that

14   interrogatories requesting "all facts" in support of a denial of a statement were not

15   unduly burdensome); Twigg v. Pilgrim's Pride Corp., 2007 WL 676208, at *11-12

16   (N.D. W. Va. 2007) (holding that interrogatory asking party to state "each fact" in

17   support of contention is proper); Wilson v. Thompson/Center Arms Co., 2006 WL

18   3524250, at *1 (E.D. La. 2006) (overruling vagueness and burden objections, and

19   compelling defendants to "fully respond" to interrogatories requesting "each fact,

20   exhibit and witness" in support of contentions); Williams v. The Art Inst. of Atl.,

21   2006 WL 3694649, at *7 (N.D. Ga. 2006) (granting plaintiff's motion to compel as

22   to interrogatories asking defendant to "[s]tate all facts that support defendant's

23   contentions"); Zapata v. IBP, Inc., 1997 WL 122588, at *1 (D. Kan. 1997) (ordering

24

25   [48]   See e.g., MGA Entertainment, Inc.'s Supplemental Responses to Mattel's

26   Revised Third Set of Interrogatories, dated November 30, 2007, at 11 (Objs. to

27   No. 27), Proctor Dec., Exh. 21.
     [49]   See e.g., id. at 53 (Objs. to No. 37).

28

EXHIBIT    7
PAGE    164

1   defendant to fully answer interrogatory asking for factual basis for each of
2   defendant's defenses, as well as all witnesses with knowledge of and all documents
3   relating to those facts); Audiotext Comm. Network, Inc. v. U.S. Telecomm., Inc.,
4   1995 WL 625953, at *1 (D. Kan. 1995) (approving contention interrogatories
5   seeking "all facts" because "parties 'are entitled to know the factual basis' of the
6   claims, defenses, or denials of their opponents" and rejecting defendant's objection
7   that it could not answer interrogatories because it had not obtained sufficient
8   discovery from plaintiff, as a party "may not withhold discovery solely because it
9   has not obtained to its satisfaction other discovery"); Pension Ben. Guar. Corp v.
10  Ziffer, 1994 WL 11654, at *1 (N.D. Ill. 1994) (stating that interrogatories asking for
11  "all facts" supporting contentions "are appropriately made").

12          MGA relies in its objections on Safeco of Am. v. Rawstron, 181 F.R.D.
13  441, 447-48 (C.D. Cal. 1998), Lawrence v. First Kansas Bank & Trust, Co., 169
14  F.R.D. 657, 663-64 (D. Kan. 1996) and Grynberg v. Total S.A., No. 03-cv-01280-
15  WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006), but these authorities
16  do not undermine Mattel's interrogatories.   Rather, they merely recognize that
17  interrogatories seeking all facts supporting the denial of an assertion may, in some
18  circumstances and in some cases, impose an undue burden.   See Chapman v.
19  California Dept. of Education, 2002 WL 32854376, at *2 (N.D. Cal. 2002) ("While
20  interrogatories that call for all facts, documents and witnesses may, in some
21  circumstances, place an unreasonable burden on the responding party . . . an
22  interrogatory that requests 'all facts' in support of a refusal to admit specific
23  relevant facts is not burdensome and oppressive per se."). MGA has failed to make
24  a specific showing of burden here, and cannot do so. See, e.g., Josephs v. Harris
25  Corp., 677 F.2d 985, 992 (3d Cir. 1982) ("mere statement by a party that the
26  interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not
27  adequate to voice a successful objection."); Walker v. Lakewood Condominium
28

EXHIBIT   7
PAGE   165

1  Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized

2  objections are inadequate and tantamount to not making any objection at all.").

3      To determine whether an interrogatory imposes an "undue burden,"

4  courts have adopted a "proportionality approach that balances the burden on the

5  interrogated party against the benefit that having the information would provide to

6  the party submitting the interrogatory." 8A Wright & Miller, Federal Practice &

7  Procedure: Federal Rules of Civil Procedure § 2174; see also King v. Georgia Power

8  Co., 50 F.R.D. 134, 136 (N.D. Ga. 1970) (overruling defendant's objection that

9  interrogatory was burdensome and oppressive, even though preparation of answer

10 would be time-consuming and costly, because information was crucial to the issues

11 of the suit and in exclusive custody of defendant); Seff v. General Outdoor

12 Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

13 burdensome" objection because value of information to plaintiff clearly outweighed

14 any annoyance or expense involved in disclosure by defendant). Here, as discussed

15 in further detail below, the information sought by Mattel's interrogatories goes to

16 core issues in this case and is exclusively within MGA's possession. Mattel's need

17 to discover MGA's key contentions clearly outweighs any efforts MGA will be

18 required to undertake to disclose the information in his possession.

19     By MGA's reasoning, a defendant may refuse to disclose facts and

20 other information supporting his own contentions, even though such information is

21 indisputably available to him (and not to the plaintiff), either because he should only

22 have to state some of the facts he intends to rely on or because the plaintiff bears the

23 burden of proof. Such an approach would subvert the Rules and improperly permit

24 MGA to sandbag Mattel at trial. See Fed. R. Civ. P. 26(b)(1) (parties may "obtain

25 discovery regarding any nonprivileged matter that is relevant to *any party's* claim or

26 defense") (emphasis added); see also Wright v. Touhy, 2003 WL 22439864, at *4

27 (N.D. Ill. 2003) (the Federal Rules "are designed to promote liberal discovery in an

28 effort to narrow the issues for trial and to prevent unfair surprise"). Indeed, belying

EXHIBIT  2
PAGE  146

1   MGA's complaints here, defendants themselves have propounded interrogatories

2   seeking "all facts" upon Mattel.[50]

3         Moreover, the Court has previously rejected these objections.

4   Defendants argued <u>precisely</u> these points to Judge Larson when Mattel recently

5   sought leave to serve a supplemental interrogatory, beyond the fifty interrogatory

6   limit, regarding defendants' affirmative defenses. Defendants claimed that <u>Safeco</u>

7   disapproves Mattel's proposed form of interrogatory.[51] They claimed that some of

8   their affirmative defenses are "negatives," and that they should not have to state the

9   facts supporting such negative contentions where Mattel bears the burden of proof.[52]

10   They claimed courts disapprove interrogatories which seek all facts, witnesses and

11   documents, like Mattel's.[53] Judge Larson rejected all of these assertions, and

12   ordered Defendants to answer -- "without objection" -- an interrogatory providing:

13       State the facts upon which YOU intend to rely at trial to support YOUR

14       affirmative defenses, and IDENTIFY all PERSONS with knowledge of

15       those facts and all DOCUMENTS that REFER OR RELATE TO those

16       facts.[54]

17   Just as Judge Larson did not deem it too arduous a task for Defendants to state the

18   facts supporting their affirmative defenses, the Court should compel MGA to state

19   the facts supporting the contentions at issue now as well.

20

21   _____

22   [50] See Defendant's First Set of Interrogatories Propounded on Plaintiff Mattel,

23   Inc., dated June 14, 2004, Proctor Dec., Exh. 55; MGA's Second Set of
Interrogatories to Mattel, Inc. dated December 4, 2007, Proctor Dec., Exh. 56.

24   [51] Defendants' Joint Opposition to Mattel's Motion for Leave to Serve a

25   Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, dated
November 19, 2007, at 8, Proctor Dec., Exh. 40.

26   [52] <u>Id.</u>

27   [53] <u>Id.</u>

    [54] Court's Order, dated December 3, 2007, Proctor Dec., Exh. 38.

28

EXHIBIT    7

PAGE    167

1    MGA objects that for many of the interrogatories, the documents Mattel asks

2    it to identify are "too numerous to identify individually without undue burden to

3    MGA."[55] The objection is groundless. It scarcely can be an undue burden for MGA

4    to specifically identify by Bates number the very documents it contends support its

5    own positions in this case. Nor can it be plausibly argued that because identifying

6    all such documents would be supposedly burdensome, MGA is free to refuse to

7    identify any of them.  Courts also frequently approve interrogatories seeking an

8    identification of documents and require that identification to be with specificity.

9    See Chapman v. California Dept. of Educ., 2002 WL 32854376, at *1-2 (N.D. Cal.

10   2002) (granting party leave to serve interrogatories that required responding party to

11   "identify. . .with specificity all documents and other tangible things that support your

12   response and state the name, address, and telephone number of the person who has

13   each document or thing") (emphasis added); Gaeta v. Perrigo Pharmaceuticals Co.,

14   2007 WL 3343043, at *6 (N.D. Cal. 2007) ("To the extent [a responding party] finds

15   that references to specific documents are responsive to [an] interrogatory, [the

16   responding party] shall set forth with specificity the relevant documents, records and

17   literature."). Furthermore, in any event, as MGA cannot make a specific showing of

18   burden, this objection cannot be sustained.  See, e.g., Josephs v. Harris Corp., 677

19   F.2d 985, 992 (3d Cir. 1982) ("mere statement by a party that the interrogatory was

20   'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a

21   successful objection."); Walker v. Lakewood Condominium Owners Ass'n, 186

22   F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are

23   inadequate and tantamount to not making any objection at all.").

24

25   _____

26   [55]  See, e.g., MGA Entertainment, Inc.'s Supplemental Responses to Mattel,

27   Inc.'s Revised Third Set of Interrogatories, dated November 30, 2007, at 38, Proctor
     Dec., Exh. 21.

28

EXHIBIT 7
PAGE 168

1   **III.   MGA SHOULD BE COMPELLED TO PROVIDE COMPLETE**
2   **RESPONSES TO MATTEL'S INTERROGATORIES**
3         To date, MGA has provided only partial answers to Interrogatory Nos.
4   27-38, 40-44, and 48-50, and no response to Nos. 39, 46 and 47. These responses
5   are clearly inadequate. In fact, MGA conceded as much when it offered to provide
6   Mattel with what it said would be a "substantial supplement" to many of its
7   responses on January 7, 2007.[56] However, MGA (1) refused to specify which
8   interrogatories it would supplement, (2) refused to provide a full and complete
9   response to any of Mattel's interrogatories, (3) refused to identify documents with
10  specificity, and (4) made clear that it would not supplement its responses to some
11  interrogatories at all.[57] Given the late stage of discovery, it is time for MGA "to
12  commit to a position and give factual specifics supporting" its claims and defenses.
13  Thomas & Betts Corp. v. Panduit Corp., 1996 WL 169389, at *2 (N.D. Ill. 1996);
14  see also Auto Meter Prods., 2006 WL 3253636, at *3 (N.D. Ill. 2006) ("At this late
15  stage of the case, the court agrees that it is time for [defendant] to fully and
16  completely answer [plaintiff's] interrogatories."). The Court should overrule
17  MGA's objections and compel complete responses. See Trane, 87 F.R.D. at 476
18  (party must give "full and complete" answers); Miller, 73 F.R.D. at 632 ("Answers
19  must be complete, explicit and responsive.").
20      **A.   Mattel's Interrogatories About The Identity Of Bratz Inventions**
21        Interrogatory Nos. 27, 28 and 29 request information relating to Bratz
22  inventions created during three key time periods -- (1) prior to January 4, 1999, (2)
23  after October 19, 2000 and before June 1, 2001, and (3) after January 3, 1999 and
24
25
26
27    [56]   Id. at 2.
28    [57]   Id. at 2.

EXHIBIT   7
PAGE   169

1   before October 21, 2000.[58]   Interrogatory No. 29 seeks an identification of the

2   inventions created during Bryant's Mattel employment.   Interrogatory Nos. 27 and

3   28 seek to discover which Bratz inventions MGA contends were created before or

4   shortly after Bryant's Mattel employment.  This information is plainly relevant and

5   discoverable.  MGA does not contend otherwise.[59]

6          Rather, MGA primarily objects to these interrogatories (in its

7   objections at least) on the grounds that they purportedly are "compound" because

8   they contain "discrete subparts that require separate, distinct and multiple

9   responses."[60]  Interrogatory Nos. 27, 28 and 29 provide:

10         **Interrogatory No. 27:**    IDENTIFY each and every
           BRATZ INVENTION YOU contend was CREATED, in
11         whole or in part, prior to January 4, 1999, and for each
           BRATZ INVENTION so identified state all facts that
12         support   YOUR   contention   that   such   BRATZ
           INVENTION (or aspects or portions thereof) was
13         CREATED prior to January 4, 1999, and IDENTIFY all
           PERSONS with knowledge of such facts and all
14         DOCUMENTS which REFER OR RELATE TO such
           facts.
15
           **Interrogatory No. 28:**    IDENTIFY each and every
16         BRATZ INVENTION YOU contend was CREATED, in
           whole or in part, after October 19, 2000 and before June 1,
17         2001, and for each BRATZ INVENTION so identified
           state all FACTS that support YOUR contention that such
18         BRATZ INVENTION (or aspects or portions thereof) was
           CREATED after October 19, 2000 and before June 1,
19         2001, and IDENTIFY all PERSONS with knowledge of
           such facts and all DOCUMENTS which REFER OR
20         RELATE TO such facts.

21         **Interrogatory No. 29:**    IDENTIFY each and every
           BRATZ INVENTION that was CREATED, in whole or in
22         part, after January 3, 1999 and before October 21, 2000,
           and for each BRATZ INVENTION so identified state all
23

24         [58]   Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at
25   9-10, Proctor Dec., Exh. 7.
           [59]   MGA Entertainment, Inc.'s Supplemental Responses to Mattel's Revised
26   Third Set of Interrogatories, dated November 30, 2007, at 8-25, Proctor Dec.,
27   Exh. 21.
           [60]   See, e.g., id. at 11.
28

EXHIBIT 1
PAGE 170

1          FACTS that REFER OR RELATE TO the timing of the creation of such BRATZ INVENTION and IDENTIFY all

2          PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such

3          facts.[61]

4    MGA points to specific terms in the interrogatories, such as "BRATZ

5    INVENTION" and "IDENTIFY," and contends that Mattel's definitions of the

6    terms require "responses to multiple discrete subparts."[62] However, MGA made

7    clear during the pre-filing conference of counsel that it was <u>not</u> refusing to answer

8    these interrogatories (or others) based on this objection.[63] And, indeed, it would be

9    completely improper for it to do so given that the Court has already ruled that these

10    exact interrogatories -- verbatim -- count as only one interrogatory each.[64]

11        MGA also objects to Interrogatory Nos. 27, 28 and 29 on the grounds that

12    certain terms contained therein, particularly "BRATZ INVENTION," supposedly

13    present an undue burden, a point which MGA pressed during the parties' meet and

14    confer. Apparently for this reason, MGA did not consider the definition of the term

15    "BRATZ INVENTION" provided by Mattel in its Revised Third Set of

16    Interrogatories, but instead interpreted these interrogatories by using the more

17    limited definition of the term "invention" that MGA believes is used in "utility

18    patent law."[65] As MGA acknowledged, this significantly limited MGA's response

19    and directly contradicted MGA's assurance in its Supplemental Responses to

20

21    [61]  Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 9-

22  10, Proctor Dec., Exh. 7.

      [62]  MGA's Supplemental Responses to Mattel's Revised Third Set of

23  Interrogatories, dated November 30, 2007, at 11, Proctor Dec., Exh. 21.

24    [63]  Letter from Proctor to Miller, dated December 13, 2007, at 1, Proctor Dec., Exh. 5.

25    [64]  Order Granting Joint Motion for Protective Order, dated September 5, 2007,

26  Proctor Dec., Exh. 33.

      [65]  Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec.,

27  Exh. 5.

28

EXHIBIT 7

PAGE 171

1   Mattel, Inc.'s Revised Third Set of Interrogatories that MGA "[would] respond
2   using words contained within the Mattel definition in their normal accepted
3   meaning."[66] The responses MGA provided are clearly inadequate.

4           MGA bears the burden of proving that Mattel's interrogatories are
5   burdensome or oppressive. See Roesberg, 85 F.R.D. at 296-97 ("the party resisting
6   discovery 'must show specifically how . . . each interrogatory is not relevant or how
7   each question is overly broad, burdensome or oppressive'"); Josephs, 677 F.2d at
8   992; Walker, 186 F.R.D. at 587. MGA can make no such showing here. These
9   interrogatories seek an identification of Bratz inventions that, pursuant to the
10  Inventions Agreement, were assigned to Mattel and therefore *constitute Mattel's*
11  *property* — as well as an identification of which inventions were created just before
12  or after Bryant's Mattel employment, according to MGA. The importance to Mattel
13  of obtaining this information -- information which, in and of itself, would prove
14  liability as to a number of Mattel's claims -- clearly outweighs MGA's burden in
15  producing it. See 8A Wright & Miller, Supra, § 2174 (courts balance "the burden
16  on the interrogated party against the benefit that having the information would
17  provide to the party submitting the interrogatory"). Moreover, knowing which
18  inventions MGA claims were created before and just after Bryant's second stint at
19  Mattel is essential so that Mattel can avoid unfair surprise at trial and impeach
20  defendants' chronology of Bratz design and development.

21          MGA can hardly dispute any of this. The fact that MGA has already
22  provided partial responses to these interrogatories, although incomplete,
23  demonstrates that the information Mattel seeks is properly discoverable. MGA

24

25  [66]  MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s
26  Revised Third Set of Interrogatories, dated November 30, 2007, at 5, Proctor Dec.,
    Exh. 21; Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec.,
27  Exh. 5.

28

07209/2326618.5

EXHIBIT __7__
PAGE __172__

1  should be ordered to provide full and complete responses for Interrogatory Nos. 27,

2  28 and 29.

3      **B.**    **Mattel's Interrogatory About The Identity Of Former Mattel**

4              **Employees Hired By MGA**

5      Interrogatory No. 41 asks MGA to "IDENTIFY" all former Mattel

6  employees "who are now or have been employed" by MGA since January 1, 1999.[67]

7  MGA does not dispute the relevance of this information, and in fact provided a

8  partial response containing what it claims is every former Mattel employee which

9  has been employed by MGA at any time since January 1, 1999, his/her job title(s)

10  and the dates of their employment.[68]  However, this answer is clearly incomplete.

11  For example, the interrogatory asks that MGA provide both the date "on which

12  YOU first had contact with such PERSON regarding potential employment or

13  contracting" as well as that on which "such PERSON was interviewed for possible

14  employment or contracting,"[69] but MGA's response provides no such information.

15  At the parties' meet and confers, MGA promised that it would look into these

16  deficiencies and consider supplementing, but then never responded.[70]  MGA should

17  be compelled to provide a full and complete response.

18

19

20

21

---

22    [67]  Mattel, Inc.'s Third Revised Set of Interrogatories, dated September 21, 2007,
23  at 13, Proctor Dec., Exh. 7.
  [68]  MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Revised
24  Third Set of Interrogatories, dated November 30, 2007 at 63-70, Proctor Dec., Exh.
25  21.
  [69]  Mattel, Inc.'s Revised Third Set of Interrogatories, dated September 21, 2007,
26  at 13, Proctor Dec., Exh. 7.
  [70]  Letter from Proctor to Miller, dated December 13, 2007, at 3, Proctor Dec.,
27  Exh. 5.

28

EXHIBIT 7
PAGE 173

C.  **Mattel's Interrogatories Seeking Dates On Which The Products MGA Alleges Were Copied or Infringed Originated**

Interrogatory Nos. 43 and 44 request dates on which each "concept, design, product, product packaging or other matter that YOU contend Mattel copied or infringed" was (1) "conceived" and (2) "first fixed in any tangible medium of expression."[71] For its own claims, MGA has alleged that certain of its products have been copied or infringed by certain Mattel products.[72] One of Mattel's defenses is that Mattel was the one that came up with relevant matters first -- before MGA -- and that MGA was the one who copied or stole from Mattel.[73] For example, in response to MGA's allegation that Mattel copied its "Wintertime Wonderland" doll theme, Mattel has asserted that although it did "release a doll called 'Chillin Out,'" it "has released such themed dolls over the course of many years" and "denies that MGA originated such a theme."[74] Accordingly, timing is key. Knowing when MGA's purportedly copied or infringed concepts and products originated is information necessary to determine whether such concepts and products were actually copied or infringed.

MGA provided a partial response to this interrogatory. However, the answer MGA has provided is non-responsive. Interrogatory Nos. 43 and 44 request the date the MGA products at issue were "conceived" and "first fixed in any tangible

[71]  Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated October 23, 2007, at 7-8, Proctor Dec., Exh. 9.
[72]  Complaint of MGA Entertainment, Inc., dated April 13, 2005, ¶¶ 101-123, Proctor Dec., Exh. 48.
[73]  Court Order Regarding Mattel's Motion for Leave to Amend, dated January 12, 2007, at 24, Proctor Dec., Exh. 57.
[74]  Mattel, Inc.'s Second Amended Answer and Counterclaims, dated July 12, 2007, ¶ 48, Proctor Dec., Exh. 41.

EXHIBIT 7 PAGE 174

1  medium of expression," respectively.[75]  MGA's answers simply refer Mattel to its

2  responses to Interrogatory No. 3 of Mattel's First Set of Interrogatories Re Claims of

3  Unfair Competition, which requested different information -- the dates on which the

4  products were first "disclosed to any PERSON not employed by MGA" and first

5  "made available for sale."[76]  Thus, MGA's current answers do not provide

6  responsive information.  MGA should be compelled to provide full and complete

7  responses.

8      **D.**    <u>**Mattel's Interrogatories About The Trade Dress MGA Claims**</u>

9            <u>**Mattel Products Infringe**</u>

10          Interrogatory Nos. 48 and 49 ask MGA to "separately IDENTIFY each

11  trade dress that YOU contend MATTEL has copied, infringed or diluted" and to

12  "separately and fully IDENTIFY each and every MATTEL product, packaging or

13  other matter that YOU contend copies, infringes or dilutes such trade dress."[77]

14  These interrogatories seek the core contentions underlying MGA's trade dress

15  infringement claims and are clearly proper.[78]  Recognizing that, MGA has provided

16  partial responses.  However, as with MGA's other supplemental responses, MGA

17  has merely provided what it claims are the "basic facts," without any details.[79]

18  Thus, MGA's response to No. 48 did not identify with specificity a single product

19  that MGA alleges was infringed, let alone every product.  MGA also stated that its

20  ——————————————

21    [75]  Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated October 23, 2007, at 7-8, Proctor Dec., Exh. 9.

22    [76]  Mattel's First Set of Interrogatories Re Claims of Unfair Competition, dated March 2, 2007, at 10, Proctor Dec., Exh. 49.

23

24    [77]  Mattel, Inc.'s Seventh Set of Interrogatories, dated October 25, 2007, at 7, Proctor Dec., Exh. 12.

25    [78]  MGA has brought claims against Mattel for False Designation of Origin, Unfair Competition, Dilution and Unjust Enrichment.  See Complaint of MGA Entertainment, Inc., dated April 13, 2005, Proctor Dec., Exh. 48.

26

27

28

EXHIBIT   7

PAGE   175

1  answer to No. 48 was limited by the fact that its answer "may be incomplete" as the

2  subject matter of this interrogatory will be the source of expert testimony, and an

3  expert may identify additional facts that support MGA's contentions.[80]  Such a

4  limitation is improper because it would allow MGA to sandbag Mattel by

5  introducing new products into the litigation in expert disclosures, after fact

6  discovery has closed.[81]  MGA has no basis for failing to provide full and complete

7  responses to Interrogatory Nos. 48 and 49.

8       E.    **Mattel's Interrogatory About The Identity of MGA's Bank**

9             **Accounts**

10      Interrogatory No. 39 asks MGA to "IDENTIFY each and every bank or

11  financial institution account that REFERS OR RELATES TO YOU, including

12  accounts in YOUR name or for YOUR benefit, since January 1, 1999."[82]  MGA

13  objects to this interrogatory as seeking information "not relevant to the claims or

14  defenses of any party to the action and not reasonably calculated to lead to the

15  discovery of admissible evidence."[83]  This objection is unsupportable.

16      This information is clearly discoverable.  MGA's bank account information

17  may lead to direct evidence of liability regarding Mattel's allegations of commercial

18  bribery (which are explicitly alleged as RICO predicate acts) against MGA and

19

20

21  _____

22  [79]  Letter from Proctor to Miller, dated December 13, 2007, at 4, Proctor Dec., Exh. 5.

23  [80]  Id. at 4.

24  [81]  Id. at 4.

25  [82]  Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 13, Proctor Dec., Exh. 7.

26  [83]  MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s

27  Revised Third Set of Interrogatories, dated November 30, 2007, at 59, Proctor Dec., Exh. 21.

28

EXHIBIT __7__
PAGE ___176___

1    Larian.[84]    Payments made to Bryant and to other then-Mattel employees from
2    MGA's bank accounts would establish commercial bribery and other tortious
3    conduct. The timing of such payments would also bear on the timing of Bryant's
4    first involvement with MGA. Similarly, the timing and amounts of payments made
5    to other former Mattel employees who MGA and other defendants are accused of
6    conspiring with to steal Mattel trade secrets would be critical evidence on both
7    Mattel's claims and MGA's claims, and indeed the Discovery Master so held in
8    compelling Bryant to produce his financial information.[85]    Evidence of payments to
9    any of the numerous witnesses in this case, including Bryant, are also obviously
10    relevant to issues of bias.

11            Mattel also has punitive damage claims against MGA.[86]    In assessing
12    punitive damages, the jury is entitled to consider MGA's net worth. See, e.g., U.S.
13    Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc., 2000 WL
14    307470, *4 (C.D. Cal. 2000) (information about a party's net worth "is relevant
15    under Rule 26(b) to plaintiff's claims for damages and punitive damages"); Oakes,
16    179 F.R.D. at 286 ("The discovery of financial information relevant to a punitive
17    damages claim is permissible under the Federal Rules of Civil Procedure, whether
18    or not such evidence would be admissible at trial."). Indeed, under California law
19    Mattel is required to introduce evidence of MGA's financial condition to obtain an
20    award of punitive damages against MGA. See Morgan v. Woessner, 997 F.2d 1244,

21

22        [84]   Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
23    Claims, ¶ 94-97, Prayers ¶ 12, Proctor Dec., Exh. 41.
         [85]   See Order of January 25, 2007, at 14:13-17 ("payments to Bryant are relevant
24    to Mattel's recently added claims for trade secret misappropriation. Payments could
25    show when and what trade secret information Bryant and other defendants allegedly
      misappropriated from Mattel. Any proof of trade secret theft is also relevant to
26    Mattel's defense against MGA's unfair competition claims."), Proctor Dec., Exh. 56.
         [86]   See, e.g., Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and
27    Counter-Claims, dated July 12, 2007, Prayers ¶¶ 11-13, Proctor Dec. Exh. 41.
28

EXHIBIT    7
PAGE    177

1   1259 (9th Cir. 1993) (citing Adams v. Murakami, 54 Cal. 3d 105 (1991)).  MGA's

2   bank account information from recent years is, quite obviously, likely to lead to

3   discoverable information about MGA's financial condition.  See Britton v. Car

4   Toys, Inc., 2007 WL 1395290, at *3 (D. Colo. 2007) ("Evidence regarding a

5   defendant's earnings and assets may be relevant in proving punitive damages.");

6   North Dakota Fair Housing Council, Inc. v. Allen, 298 F. Supp. 2d 897, 899

7   (D.N.D. 2004) ("The discovery of financial records of a defendant in order to

8   prepare a case on the issue of punitive damages is permissible."); Bessier v. Precise

9   Tool & Eng'g Co., Inc., 778 F.Supp. 1509, 1514 (W.D. Mo. 1991) (a plaintiff is

10  "clearly entitled to the discovery of financial records of defendant in order to

11  prepare a case on the issue of punitive damages").

12          For these reasons, the Court has already held precisely that Mr.

13  Larian's bank account information is discoverable.  See Court's Order Granting in

14  Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses

15  Pursuant to Third Notice of Deposition Under Rule 30(b)(6), dated September 25,

16  2007 (compelling MGA to produce a witness on the topic of payments to Larian,

17  including the accounts to which such payments were made, because "MGA's

18  payments to Isaac Larian may be relevant to Mattel's claim for punitive damages").

19  Nevertheless, MGA still refuses to respond.[87]

20          In its objections, MGA asserts that this interrogatory is "premature

21  asset discovery under Federal Rule of Civil Procedure 69(a), as there is presently no

22  judgment for the payment of money pending against MGA."[88]  This objection fails.

23  First, Rule 69(a), which allows a judgment creditor to obtain discovery in aid of a

24

25  [87]   Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec.,

26  Exh. 5.

27

28

EXHIBIT   7
PAGE   178

1   judgment or execution, simply has no application here.  See Fed. R. Civ. P. 69(a).

2   Nothing in the Rule precludes a party from seeking discovery pertaining to issues of

3   liability, bias and punitive damages as Mattel seeks here.  See id.  Second, both the

4   Discovery Master and the District Court have ruled that Mattel may properly seek

5   such discovery.  MGA's net worth was among the topics noticed in Mattel's Second

6   Notice of Deposition Under Rule 30(b)(6).[89]  Concluding that information relating

7   to MGA's net worth was properly the subject of discovery, the Discovery Master

8   ordered MGA to produce a witness responsive to this topic in his May 16, 2007

9   Order.[90]   MGA then objected to the Discovery Master's Order on the grounds,

10   among others, that such discovery was premature.[91]   Judge Larson rejected that

11   argument and affirmed the Discovery Master's May 16, 2007 Order, stating that:

12          [a]lthough MGA's net worth may not be known to it, MGA does not

13          contend that the information is not readily available.  That net worth is

14          generally the subject of expert testimony at trial -- a proposition

15          disputed by neither Mattel nor the Court -- does not render it an

16          improper subject for a Rule 30(b)(6).[92]

17          And, as noted, Mattel's Third Notice of Deposition Under Rule 30(b)(6)

18   included a topic addressing payments of money made by MGA to Larian since

19   _____

20     [88]   MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s

21   Revised Third Set of Interrogatories, dated November 30, 2007, at 59, Proctor Dec.,
      Exh. 21.

22     [89]   Mattel's Second Notice of Deposition Under Rule 30(b)(6), dated February 1,

23   2007, Proctor Dec., Exh. 42.
       [90]   Court's Order Granting Mattel's Motion to Compel MGA to Produce

24   Witnesses for Deposition Pursuant to Rule 30(b)(6), dated May 16, 2007, Proctor

25   Dec., Exh. 43.
       [91]   MGA's Memorandum of Points and Authorities in Support of its Motion

26   Objecting to Portions of the Discovery Master's May 16, 2007 Order, dated May 31,

27   2007, at 5-6, Proctor Dec., Exh. 44.
       [92]   Court's July 2, 2007 Minute Order, at 5, Proctor Dec., Exh. 45.

28

EXHIBIT ___7___
PAGE ___179___

1   January 1, 1999, including information related to bank or financial institution
2   accounts to which any such payments were made.[93]  MGA objected to this topic on
3   a number of bases, including by contending that "Mattel is not entitled to conduct
4   discovery regarding Isaac Larian's net worth at this time."[94]  Rejecting MGA's
5   arguments, the Discovery Master held:

6   > MGA's payments to Isaac Larian . . . are relevant to the claims and
7   > defenses in the case.  Payments to Isaac Larian . . . may also show
8   > possible bias and be used for impeachment purposes.  Moreover,
9   > MGA's payments to Isaac Larian may be relevant to Mattel's claim for
10  > punitive damages.  Payments to Isaac Larian are a component of his net
11  > worth, even if they represent one source of income.  The burden of
12  > producing such information does not outweigh its relevance, taking into
13  > consideration the circumstances of this case.  Furthermore, there is no
14  > stay on discovery pertaining to punitive damages.[95]

15  MGA's refusal to answer this interrogatory at all, even in light of this Order, is
16  improper.  A complete response should be ordered.

17        F.      **Mattel's Contention Interrogatories**

18              In its responses, MGA provided only partial answers to Nos. 30, 31, 32,
19  33, 34, 35, 36, 37, 38, 42 and 50.  Not a single one of these responses is full and
20  complete.  Rather, during the parties' meet and confers, MGA confirmed that (1) its
21  answers regarding its various contentions contain only the "basic facts" on which it
22  will rely, (2) it has limited its responses by its "interpretation" of Mattel's defined

23

24      [93]   Mattel's Third Notice of Deposition Under Rule 30(b)(6), dated June 5, 2007,
25  Proctor Dec., Exh. 46.
        [94]   Court's Order Granting in Part and Denying in Part Mattel's Motion to
26  Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under
27  Rule 30(b)(6), dated September 25, 2007, at 11-12, Proctor Dec., Exh. 47.
        [95]   Id.
28

EXHIBIT ___7___

PAGE ___180___

1  terms, and (3) it has not identified documents as requested.[96]  MGA also confirmed

2  that its supplemental responses will continue to be limited by its objections.[97]

3       These interrogatories provide:

4  **Interrogatory No. 30:** State all facts that support YOUR contention, if YOU to contend, that, assuming BRYANT

5  assigned rights in any BRATZ INVENTION to MATTEL pursuant to the INVENTIONS AGREEMENT, MGA is

6  entitled to priority over and/or has superior rights to MATTEL as to such BRATZ INVENTION, and

7  IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

8  such facts.

9  **Interrogatory No. 31:** State all facts that support YOUR contention, if YOU so contend, that the INVENTIONS

10  AGREEMENT is not valid and enforceable, and IDENTIFY all PERSONS with knowledge of such facts

11  and all DOCUMENTS that REFER OR RELATE TO such facts.

12  **Interrogatory No. 32:** State all facts that support YOUR contention, if YOU so contend, that MATTEL is not or

13  would not be entitled to injunctive relief as requested in its COMPLAINT and/or COUNTERCLAIMS if it is

14  ultimately determined that MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all PERSONS

15  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

16  **Interrogatory No. 33:** State all facts that support YOUR contention, if YOU so contend, that MATTEL is not

17  entitled to an award of punitive or exemplary damages against YOU, and IDENTIFY all PERSONS with

18  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

19  **Interrogatory No. 34:** State all facts that support YOUR contention, if YOU so contend, that YOU did not

20  intentionally interfere with the INVENTIONS AGREEMENT when BRYANT purported to TRANSFER

21  and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY all PERSONS with knowledge of such facts

22  and all DOCUMENTS that REFER OR RELATE TO such facts.

[96] Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec., Exh. 7.
[97] Id.

EXHIBIT 7 PAGE 181

**Interrogatory No. 35:** State all facts that support YOUR contention, if YOU so contend, that YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by BRYANT to MATTEL when BRYANT performed work or services with or for MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 36:** State all facts that support YOUR contention, if YOU so contend, that YOU acted with an innocent state of mind or reasonably believed that MATTEL did not own any rights in any BRATZ INVENTION when BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 37:** State all facts that support YOUR contention, if YOU so contend, that BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT purported to TRANSFER right to BRATZ to MGA, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 38:** State all facts that support YOUR contention, if YOU so contend, that BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to MATTEL when BRYANT performed work or services with or for MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 42:** State all facts that support YOUR contention, if YOU so contend, that any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.[98]

**Interrogatory No. 50:** For each trade dress identified in response to Interrogatory No. 48, separately and completely IDENTIFY all facts that support YOUR contention that such trade dress is protectible, all

---

[98]   Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 10-13, Proctor Dec. Exh. 7; Mattel's Amended Fourth Set of Interrogatories, dated October 23, 2007, at 7, Proctor Dec., Exh. 9.

-31-

Case No. CV 04-9049 SGL (RNBx)
MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES

EXHIBIT    7
PAGE    182

1    DOCUMENTS that REFER OR RELATE to the foregoing and all PERSONS with knowledge of the
2    foregoing.

3          Each of these interrogatories seeks facts relating to key issues in this

4    case -- including MGA's contentions, if any, regarding the priority of Mattel's rights

5    in Bratz vis-à-vis MGA; how Bryant's Inventions Agreement with Mattel,

6    assignment of rights to Bratz inventions to MGA, and services with or for MGA

7    while employed by Mattel affect who owns the rights to Bratz inventions; Mattel's

8    entitlement to punitive damages and other relief; MGA's purported innocent state of

9    mind; MGA's intentionally interference with the Inventions Agreement between

10    Bryant and Mattel; MGA's aiding and abetting Bryant's breach of fiduciary duty and

11    duty of loyalty to Mattel; why the Bratz dolls purportedly are not based on designs

12    Bryant created during his Mattel employment; and why the trade dress MGA

13    contends Mattel infringed is protectible.  Given that these interrogatories go to core

14    issues in this litigation, Mattel indisputably has a substantial need for the requested

15    information.  MGA cannot show burden sufficient to outweigh Mattel's need for this

16    critical information.[99]  Further, any claim by MGA that the interrogatories are

17    improper because they request "all facts" supporting MGA's contentions or an

18    identification of documents is without merit, as discussed above.[100]  The Court

19    should overrule MGA's objections and compel complete responses to Interrogatory

20    Nos. 30, 31, 32, 33, 34, 35, 36, 37, 38, 42 and 50.

21    **G.**    **Mattel's Interrogatories About MGA's Searches For Documents**
22           **And Storage Devices Containing Evidence Of Early Work On**
23           **Bratz**

24          The information sought by Interrogatory Nos. 40 and 47 is also clearly

25    discoverable.  These interrogatories provide:

26

27    [99] See Argument, Section II, infra.

28

EXHIBIT 7
PAGE 183

1
2
3

**Interrogatory No. 40:** IDENTIFY each and every STORAGE DEVICE that YOU have used for any purpose which contains or contained DIGITAL INFORMATION that REFERS OR RELATES TO BRATZ and/or ANGEL prior to January 1, 2002.

4
5
6
7
8

**Interrogatory No. 47:** IDENTIFY each and every SOURCE OF INFORMATION from which YOU have COLLECTED DOCUMENTS in THIS ACTION that REFER OR RELATE TO BRATZ and that also REFER OR RELATE TO the time period prior to February 28, 2001 (regardless of when such DOCUMENT was, in whole or part, created, drafted, generated, sent, received or transmitted).[101]

9   These interrogatories are designed to test MGA's productions in this litigation and

10   obtain additional responsive documents and information. Such discovery plainly is

11   proper under the Federal Rules. See Fed. R. Civ. P. 26(b)(1) (permitting discovery

12   of "any nonprivileged matter that is relevant to any party's claim or defense —

13   including the existence, description, nature, custody, condition, and location of any

14   documents or other tangible things"); see also Fed. R. Civ. P. 34(a) (permitting a

15   party to serve a request to "inspect, copy, test, or sample" any "electronically stored

16   information . . . stored in any medium from which information can be obtained").

17   Nevertheless, MGA provided no answer whatsoever for No. 47 and only a

18   partial answer for No. 40. That partial response lacks most of the information

19   requested by Mattel, including an identification of specific storage devices, the

20   individuals who have used them, the persons who currently possess them, the dates

21   on which they were destroyed or copied (if any), etc.[102]

22
23

---

24   [100]   See id.

25   [101]   Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at
26   13, Proctor Dec., Exh. 7; Mattel's Fifth Set of Interrogatories, dated October 19, 2007, Proctor Dec., Exh. 10.

27   [102]   See Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 8, 13, Proctor Dec., Exh. 7.; MGA Entertainment, Inc.'s Supplemental Responses
28   (footnote continued)

EXHIBIT 7
PAGE 184

1        MGA's limited responses are improper.  The law is clear that access to

2   a party's information storage systems may be granted in appropriate circumstances,

3   including where the party is shown to have improperly withheld relevant documents

4   or information.  See, e.g., Ameriwood Industries v. Liberman, 2006 WL 3825291, at

5   *1 (E.D. Mo. 2006) (granting motion to compel imaging of defendant's hard drive

6   because the court had "cause to question whether defendants had produced all

7   responsive documents"); Simons Prop. Group L.P. v. Simon, Inc., 194 F.R.D. 639,

8   641 (S.D. Ind. 2000) (allowing plaintiff to inspect defendant's computer system

9   because plaintiff demonstrated "troubling discrepancies with respect to defendant's

10  document production"); Playboy Enterprises, Inc. v. Welles, 60 F. Supp. 2d 1050,

11  1054 (S.D. Cal. 1999) (allowing access to party's computer system where party had

12  systematically deleted e-mails after litigation commenced).  Interrogatory Nos. 40

13  and 47 are directed at precisely this issue.  Interrogatory No. 47 asks MGA to

14  identify the sources of information – i.e., the media – from which he has collected

15  documents relating to Bratz and the period prior to February 28, 2001, a key early

16  time period.  By identifying such information, Mattel will be able to discover what

17  sources MGA has examined to produce the key documents in this case, and perhaps

18  more important, the sources MGA has not examined.[103]   That is legitimate

19  discovery.  Interrogatory No. 40, which seeks the identification of the storage

20  devices MGA has used that contain early Bratz-related information, is also

21  _____

22  to Mattel, Inc.'s Revised Third Set of Interrogatories, dated November 30, 2007, at

23  59-63, Proctor Dec., Exh. 21.
       [103]   See Mattel's Fifth Set of Interrogatories, dated October 19, 2007, at 6-7

24  (defining scope of Interrogatory No. 47 to include not only sources of information

25  from which MGA has produced documents, but also any source MGA has collected,
    reviewed, requested, sought, looked for, searched for or analyzed), Proctor Dec.,

26  Exh. 10; see id. at 7 (requiring MGA to state whether "each such SOURCE OF

27  INFORMATION contained or included DOCUMENTS that REFER OR RELATE
    TO BRATZ and the time period prior to February 28, 2001").

28

EXHIBIT    7

PAGE    165

1  legitimate discovery because Mattel may have a right to access such storage devices.

2  The information requested by Mattel is necessary to determine whether MGA has

3  withheld responsive documents and to enable Mattel to obtain such documents.

4  MGA has not articulated valid objections to these interrogatories, nor can it.  See

5  Roesberg, 85 F.R.D. at 296-97 (objecting party has the burden of proving the

6  interrogatory improper).   MGA's objections should be overruled and complete

7  responses should be ordered.

8        During the meet and confer process, MGA proposed that the parties

9  exchange what MGA called "source logs" regarding the entirety of their productions

10  in lieu of MGA's provision of a response to Interrogatory Nos. 40 and 47.[104]

11  According to MGA's proposal, these "source logs" would provide certain

12  information for every document provided by MGA, including each document's

13  Bates number, the identity of the individual who created the document and the

14  location where the document was located by MGA.[105]  However, as Mattel pointed

15  out, these interrogatories do not request source information for every document in

16  the case, and instead seek information only about key early Bratz documents.  In

17  addition, the interrogatories seek additional information MGA proposes not be

18  included on the "source logs."[106]  For example, Interrogatory No. 40 seeks the

19  identification of all storage devices used by MGA to store relevant documents.

20  Such information would not be contained in MGA's proposed "source log," which

21  by definition would only provide the locations of documents actually produced by

22  MGA. It thus would not reveal sources that contain early Bratz documents that

23  MGA has not produced documents from.  The proposed a "source log" is not an

24

25  [104]  Letter from Proctor to Miller, dated December 13, 2007, at 3-4, Proctor Dec.,
26  Exh. 5.
    [105]  Id.
27  [106]  Id.
28

EXHIBIT    7
PAGE    186

1   adequate substitute for answering the interrogatories as it would do little to show

2   Mattel where MGA looked for documents, as well as where MGA failed to look,

3   and would do even less to identify storage devices.

4        **H.**     <u>Mattel's Interrogatory Regarding MGA's Substitution of Counsel</u>

5           MGA refuses to provide any response to Interrogatory No. 46, which

6   calls for the "facts" relating to the dispute regarding this litigation between MGA

7   and its former counsel. During the meet and confer process, counsel for MGA

8   refused to supplement this answer, asserting that "all" of the information called for

9   is protected by the attorney-client privilege.[107] That argument is not tenable.

10           By its terms, Interrogatory No. 46 is limited to matters not protected by

11   the attorney-client privilege and calls only for the revelation of non-privileged *facts*:

12         **Interrogatory No. 46:** Without disclosing the content of
13         communications which are protected by the attorney-client privilege, state fully and in detail all facts which REFER
         OR RELATE TO any dispute regarding THIS ACTION
14         between, on the one hand, O'MELVENY and/or
         CHRISTENSEN, including but not limited to any and all
15         disputes which were or have been asserted as a basis for,
         or which underlie, contributed to or were a factor in, the
16         withdrawal, termination and/or substitution of
         O'MELVENY and/or CHRISTENSEN as counsel of
17         record in this ACTION, and IDENTIFY all PERSONS
         with knowledge of such facts and all DOCUMENTS that
18         REFER OR RELATE TO such facts.[108]

19           In light of the terms of the interrogatory, MGA's purported basis for

20   refusing to respond is baseless. In general, neither the attorney-client privilege nor

21   the work product doctrine protects *facts*, as the Court held.[109] The protection of the

22

23    [107]   Letter from Proctor to Miller, dated December 13, 2007, at 3, Proctor Dec.,

24   Exh. 5.
     [108]   Mattel's Fifth Set of Interrogatories, dated October 19, 2007, at 9, Proctor
25   Dec., Exh. 10.
     [109]   <u>E.g.,</u> Order Granting Mattel's Motion for an Extension of Time to Depose
26
27   Paula Garcia in her Individual Capacity and as a 30(b)(6) Designee; Denying
  Request for Sanctions, dated August 14, 2007, at 12-13, Proctor Dec., Exh. 50.

28

-36-

MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES

EXHIBIT   7

PAGE   187

1   attorney-client privilege extends only to communications; it does not extend to the

2   facts underlying privileged communications. Upjohn Co. v. United States, 449 U.S.

3   383, 390 (1981); see also In re Grand Jury Investigation, 974 F.2d 1068, 1070 (9th

4   Cir. 2002) (the party asserting the privilege has the burden of establishing that the

5   privilege applies).  In addition, "courts have consistently held that the work-product

6   concept furnished no shield to discovery...*of the facts* that the adverse party's lawyer

7   has learned, or the persons from whom he has learned such facts, or the existence or

8   non-existence of documents, even though such documents themselves may not be

9   subject to discovery." Nutmeg Insurance Co. v. Atwell, Vogel & Sterling, et al.,

10  120 F.R.D. 504, 509 (W.D. La. 1988) (citing 8 Wright & Miller, Federal Practice &

11  Procedure, § 2023, at 194 (1970) (emphasis added); Garcia v. City of El Centro, 214

12  F.R.D. 587, 591 (S.D. Cal. 2003) ("[B]ecause the work product doctrine is intended

13  only to guard against divulging the attorney's strategies and legal impressions, it

14  does not protect *facts* concerning the creation of work product or *facts* contained

15  within work product.") (emphasis added).  MGA's blanket privilege objection is

16  improper.

17         Further belying MGA's contentions, Mr. Larian and MGA's counsel

18  have discussed this matter in the press.  For example, in a November 2, 2007 article

19  published on Law.com, both Larian and MGA's counsel made statements about

20  what they claimed to be the crux of the dispute that led to a substitution of

21  counsel.[110]  Larian stated that the substitution of counsel was due in part to the fact

22  that "O'Melveny was pushing for [one of its attorneys] to come in as new trial

23  counsel in this case, and we decided against that," and that "[MGA] decided to go

24  with Skadden and Tom Nolan."[111]  In the same article, Mr. Nolan stated that "Patty

25

26  [110]  Article entitled Behind the Scenes, Bratz Doll Case Heats Up, published on

27  Law.com on November 11, 2007, Proctor Dec., Exh. 53.
    [111]  Id.

28

07209/2326618.5

EXHIBIT   7
PAGE   188

-37-

Case No. CV 04-9049 SGL (RNBx)
MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES

1   Glaser agreed that the matter should be handled by one firm."[112] Thus, MGA has

2   already intentionally disclosed to the public what it claims are the facts underlying

3   MGA's dispute with its former counsel.   Assuming this information ever were

4   privileged, it has now been waived.

5           The facts sought by this interrogatory clearly are discoverable and

6   relevant.   In its application to the Court regarding its withdrawal, the O'Melveny

7   firm cited <u>California Rule of Professional Conduct</u> 3-700(c) as a basis for its

8   withdrawal,[113] but did not clarify which of the eleven prongs of that section applied.

9   If, to take one of many possible examples, O'Melveny attempted to withdraw

10  because MGA was seeking "to pursue an illegal course of conduct" or "insist[ed]

11  that the member pursue a course of conduct that is illegal or that is prohibited under

12  these rules or the State Bar Act," such information would be both non-privileged

13  and highly relevant to Mattel's case.   If O'Melveny attempted to withdraw because

14  MGA sought to provide false testimony, that would be relevant and non-privileged.

15  Because they clearly can reveal relevant, non-privileged information that in fairness

16  an opposing party should have access to, Courts grant disclosure of the facts relating

17  to counsel's withdrawal in appropriate cases.   <u>See, e.g.</u>, <u>George v. Siemens Indus.</u>

18  <u>Automation, Inc.</u>, 182 F.R.D. 134, 142 (D.N.J. 1998) (following motion to

19  withdraw, <i>sua sponte</i> granting defendant access to language in attorney's <i>in camera</i>

20  declaration discussing plaintiff's mental state where her psychological condition was

21  relevant to the suit and the facts in the declaration were not privileged); <u>Blowers v.</u>

22  <u>Lawyers Co-op. Pub. Co.</u>, 1982 WL 221, *5 (W.D.N.Y. 1982) (granting motion to

23  obtain transcript of <i>in camera</i> proceedings related to motion to withdraw as counsel

24

25   [112]   <u>Id.</u>

26   [113]   <i>Ex Parte</i> Application of O'Melveny & Myers LLP for Order Shortening
     Time for Hearing Its Motion to Withdraw and Requiring <i>In Camera</i> Inspection of
27   Supporting Documents, dated October 8, 2007, at 1, Proctor Dec., Exh. 51.

28

EXHIBIT 7
PAGE 189

1   where discussion involved non-privileged fee arrangements).  This is such a case.

2   MGA should be compelled to provide a full and complete answer to Interrogatory

3   No. 39 that will disclose relevant, non-privileged facts.

4

5                               **Conclusion**

6            For the foregoing reasons, Mattel respectfully requests that the

7   Discovery Master (1) overrule all of MGA's objections and limitations and (2)

8   compel MGA to provide full and complete responses to Interrogatory Nos. 27-44

9   and 46-50 in Mattel's Revised Third, Amended Fourth, Fifth and Seventh Sets of

10  Interrogatories.

11

12

13  DATED:  December 20, 2007        QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
14

15

16                                   By _B. Dylan Proctor /mm_____
                                        B. Dylan Proctor
17                                      Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

07209/2326618.5

EXHIBIT 7
PAGE 190