# EXHIBIT 9

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone:   (213) 443-3000
6   Facsimile:   (213) 443-3100

7   Attorneys for Mattel, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

12   CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13              Plaintiff,                Consolidated with
                                          Case No. CV 04-09039
14        vs.                             Case No. CV 05-02727

15   MATTEL, INC., a Delaware             MATTEL, INC.'S NOTICE OF
     corporation,                         MOTION AND MOTION
16                                        OBJECTING TO PORTIONS OF
              Defendant.                  DISCOVERY MASTER'S (1)
17   _____       FEBRUARY 15, 2008 ORDER
                                          REGARDING MATTEL'S MOTION
18   AND CONSOLIDATED ACTIONS             TO COMPEL RESPONSES TO
                                          INTERROGATORIES BY THE MGA
19                                        PARTIES; AND (2) FEBRUARY 20,
                                          2008 ORDER REGARDING
20                                        MATTEL'S MOTION TO COMPEL
                                          RESPONSES TO
21                                        INTERROGATORIES BY CARTER
                                          BRYANT; AND MEMORANDUM OF
22                                        POINTS AND AUTHORITIES

23                                        [Notice of Lodging and Declaration of
                                          B. Dylan Proctor filed concurrently]
24
                                          Hearing Date:     March 24, 2008
25                                        Time:             10:00 a.m.
                                          Place:            Courtroom 1
26
                                          **Phase 1**
27                                        Discovery Cut-off:      January 28, 2008
                                          Pre-trial Conference:   April 21, 2008
28                                        Trial Date:             May 27, 2008

07209/2420393.1
─────────────────────────────────────────────────────────────
     MATTEL'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S FEBRUARY 15, 2008 AND
                                              FEBRUARY 20, 2008 ORDERS

EXHIBIT 9
PAGE 234

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that on March 24, 2008, at 10:00 a.m., or as soon

3   thereafter as counsel may be heard, in the Courtroom of The Honorable Stephen G.

4   Larson, located at 3470 Twelfth Street, Riverside, California 92501, plaintiff and

5   counter-defendant Mattel, Inc. ("Mattel") will, and hereby does, move the Court to

6   overrule portions of (1) the Discovery Master's February 15, 2008 Order Granting in

7   Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos.

8   27-44 and 46-50 by the MGA Parties; and (2) the Discovery Master's February 20,

9   2008 Order Denying Mattel's Motion to Compel Responses to Interrogatory Nos. 27-

10  33, 36-40, 42, 45 and 47 by Carter Bryant.

11         This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 72(a) on the

12  grounds that the Discovery Master's Orders were clearly erroneous and contrary to

13  law in its rulings denying Mattel's motions to compel the MGA parties to provide

14  responses to Interrogatory Nos. 27-39, 41 and 46-50 and to compel Carter Bryant to

15  provide responses to Interrogatory Nos. 27-33, 36-39, 42 and 47.

16         This Motion is based on this Notice of Motion and Motion, the accompanying

17  Memorandum of Points and Authorities, the Declaration of B. Dylan Proctor filed

18  concurrently herewith, the Notice of Lodging filed concurrently herewith, and all

19  other matters of which the Court may take judicial notice.

20                     **Statement of Rule 7-3 Compliance**

21         The parties met and conferred regarding this motion on February 26, 2008, and

22  dates thereafter.

23

24  DATED:  March 3, 2008          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
25

26
                                    By /s/ B. Dylan Proctor
27                                     B. Dylan Proctor
                                       Attorneys for Mattel, Inc.
28

07209/2420393.1

-2-



EXHIBIT   9
PAGE      235

1

## TABLE OF CONTENTS

2

**Page**

PRELIMINARY STATEMENT ................................................................ 1

FACTUAL BACKGROUND.................................................................... 4

ARGUMENT............................................................................................ 6

I.   THE DISCOVERY MASTER'S ORDERS ARE CLEARLY
     ERRONEOUS OR CONTRARY TO LAW AS TO
     INTERROGATORY NOS. 27-29 BECAUSE DEFENDANTS
     IMPROPERLY LIMIT THEIR RESPONSES TO PATENTS .......... 7

II.  THE DISCOVERY MASTER'S ORDERS AS TO INTERROGATORY
     NO. 39 ARE CLEARLY ERRONEOUS OR CONTRARY TO LAW .......... 10

     A.   The Discovery Master's Order Denying Mattel's Motion to
          Compel the MGA Parties to Provide Responses to Interrogatory
          No. 39 Is Clearly Erroneous................................................... 11

     B.   The Discovery Master's Order Denying Mattel's Motion to
          Compel Carter Bryant to Provide a Response to Interrogatory No.
          39 Is Clearly Erroneous.......................................................... 13

III. THE DISCOVERY MASTER'S ORDER AS TO INTERROGATORY
     NO. 41 IS CLEARLY ERRONEOUS OR CONTRARY TO LAW ............... 15

IV.  THE DISCOVERY MASTER'S ORDER AS TO INTERROGATORY
     NO. 46 IS CLEARLY ERRONEOUS OR CONTRARY TO LAW ............... 17

V.   THE DISCOVERY MASTER'S ORDER AS TO INTERROGATORY
     NOS. 48-50 IS CLEARLY ERRONEOUS OR CONTRARY TO LAW ........ 19

VI.  THE DISCOVERY MASTER'S ORDER AS TO BRYANT'S
     RESPONSE TO INTERROGATORY NO. 47 IS CLEARLY
     ERRONEOUS OR CONTRARY TO LAW ...................................... 20

VII. THE DISCOVERY MASTER'S ORDERS ARE CLEARLY
     ERRONEOUS OR CONTRARY TO LAW BECAUSE THEY DO NOT
     REQUIRE DEFENDANTS TO SPECIFICALLY IDENTIFY
     DOCUMENTS ........................................................................... 23

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

07209/2420393.1

i

EXHIBIT     9
PAGE     236

CONCLUSION..................................................................................................25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ii

MATTEL'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S FEBRUARY 15, 2008 AND FEBRUARY 20, 2008 ORDERS

EXHIBIT ___9___
PAGE ___237___

1

## **TABLE OF AUTHORITIES**

2                                                                    **Page**

3

4                                            **CASES**

5   A. Farber and Partners, Inc. v. Garber,
        234 F.R.D. 186 (C.D. Cal. 2006) ........................................................ 14
6
    Clean Earth Remediation and Const. Serv's, Inc. v. American Intern,
7       245 F.R.D. 137 (S.D.N.Y. 2007)........................................................ 24

8   In re Heritage Bond Litigation,
        2004 WL 1970058 (C.D. Cal. July 23, 2004) ................................... 14
9
10  In re Katrina Canal Breaches Consolidated Litig.,
        2007 WL 1959193 (E.D. La. 2007) ................................................... 16
11
    Johnson v. Kraft Foods North America, Inc.,
12      236 F.R.D. 535 (D. Kan. 2006).......................................................... 25

13  King v. Georgia Power Co.,
        50 F.R.D. 134 (N.D. Ga. 1970) ......................................................... 16
14
15  Miller v. Federal Express Corp.,
        186 F.R.D. 376 (W.D. Tenn. 1999).................................................... 24

16  Morgan v. Woessner,
        997 F.2d 1244 (9th Cir. 1993)............................................................ 13
17
18  Schaap v. Executive Indus., Inc.,
        130 F.R.D. 384 (N.D. Ill. 1990) ........................................................ 20
19
    Seff v. General Outdoor Advertising Co.,
20      11 F.R.D. 597 (N.D. Ohio 1951)........................................................ 16

21  U.S. Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc.,
        2000 WL 307470, at *4 (C.D. Cal. 2000) ......................................... 13
22
23  Ukiah Automotive Investments v. Mitsubishi Motors of North America,
        2006 WL 1348562 (N.D. Cal. May 17, 2006) ................................... 24

24  Ultratech, Inc. v. Tamarach Scientific Co.,
        2005 WL 40074 (N.D. Cal. Jan 05, 2005) ......................................... 24
25
26  VNA Plus, Inc. v. Apria Healthcare Group, Inc.,
        1999 WL 386949 (D. Kan 1999) ........................................................ 24
27
    Wright v. Touhy,
28      2003 WL 22439864, at *4 (N.D. Ill. 2003)......................................... 8

EXHIBIT    9
PAGE    238

## STATUTES

Cal. Penal Code § 641.3 ......................................................... 12

Fed R. Civ. P. 26(b)(2) .......................................................... 16

Fed R. Civ. P. 26(b)(1) .......................................................... 18

Fed. R. Civ. P. 33(d) ............................................................. 24

Fed. R. Civ. Proc. 72(a) .......................................................... 6

## OTHER AUTHORITIES

California Rule of Professional Conduct 3-700(c) ..................................... 18

07209/2420393.1

MATTEL'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S FEBRUARY 15, 2008 AND FEBRUARY 20, 2008 ORDERS

EXHIBIT ___9___
PAGE ___239___

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

1       The Discovery Master's February 15, 2008 and February 20, 2008 Orders deny

2  Mattel discovery of critical information.  In response to interrogatories seeking

3  information plainly relevant to the claims and defenses in this case, Defendants have

4  responded either by providing no answers or by providing incomplete and evasive

5  answers.  Mattel is entitled to complete responses consistent with the <u>Federal Rules of</u>

6  <u>Civil Procedure</u>.  The Discovery Master's Orders denying Mattel such responses are

7  clearly erroneous and/or contrary to law and should be overruled.

8       First, Defendants have failed to provide any legitimate response to

9  interrogatories Mattel first served nine months ago seeking the identification of Bratz

10  inventions created during critical time periods -- during Bryant's employment with

11  Mattel, and the periods immediately prior to and after.  Knowing precisely which

12  Bratz designs and other inventions Defendants contend were created before or just

13  after Bryant worked at Mattel, and which they admit were created while Bryant was

14  employed by Mattel, is obviously crucial information.  Yet in their responses,

15  Defendants identify no Bratz inventions at all, instead limiting their responses to a

16  definition of "inventions" "as used in patent law," which conflicts with the definition

17  in Mattel's interrogatories and is simply bizarre since this is not a patent case.  The

18  Discovery Master failed to address that improper limitation in finding Defendants'

19  non-responses "adequate."

20       Second, Defendants refuse to identify the financial accounts they have

21  maintained since January 1, 1999.  The Discovery Master previously compelled Isaac

22  Larian to provide nearly identical information, recognizing that it is relevant to net

23  worth and also "likely to lead to information regarding payments from Larian to

24  Bryant, which is relevant to, among other things, the timing of the creation of Bratz."

25  Yet, the Discovery Master found that to compel MGA and Bryant to provide similar

26  information would be duplicative and cumulative.  Not so.  MGA and Bryant have

07209/2420393.1

-1-



EXHIBIT 9
PAGE 290

1  only produced limited financial information.  The identity of MGA's and Bryant's

2  accounts, which may be the only accounts that reflect payments to Bryant or other

3  witnesses, or payments to other Mattel employees while employed by Mattel, are not

4  duplicative of the identity of Larian's accounts.

5          Third, MGA refuses to provide the date it first contacted former Mattel

6  employees who now work for MGA or have worked for MGA since January 1, 1999.

7  The Discovery Master recognized that such information was "clearly relevant to

8  Mattel's claims" and "conspicuously absent from the MGA parties' response," yet

9  nevertheless denied Mattel the information, finding that to compel it would pose an

10  undue burden.  MGA, however, failed to make any showing of burden at all.  Mattel

11  is entitled to the information, which is central to Mattel's claims that MGA poached

12  Mattel employees and encouraged them to abscond with Mattel's trade secrets.

13          Fourth, MGA refuses to provide any information regarding the facts

14  surrounding its dispute with its former counsel.  The Discovery Master found that

15  Mattel's interrogatory seeking that information was overbroad because it seeks facts

16  regarding "any and all" disputes.  But Mattel's interrogatory was narrowly tailored to

17  only those disputes relating to this case.  The Discovery Master also held that the

18  information was protected by the attorney-client privilege.  That finding ignores that

19  Mattel expressly carved out of its interrogatory "communications which are protected

20  by the attorney-client privilege."  In any event, the underlying facts are not privileged.

21  Indeed, MGA has already publicly discussed some facts regarding the dispute,

22  showing they are not privileged.

23          Fifth, MGA has failed to identify basic information regarding its trade dress

24  claims against Mattel.  Mattel's interrogatories ask MGA to identify the trade dress

25  that MGA contends Mattel has infringed. .Mattel also asks MGA to specifically

26  identify allegedly infringing Mattel products.  Mattel needs this information in order

27  to adequately prepare its defense.  Yet, MGA has provided only general responses,

28  without identifying specific trade dress or allegedly infringing products.  Even MGA

07209/2420393.1

-2-




EXHIBIT  9
PAGE  241

1  recognizes that its responses are inadequate; it represented to the Discovery Master
2  that it would supplement them in connection with Phase 2 discovery.
3  Notwithstanding MGA's admission, the Discovery Master ruled that MGA's
4  responses were "in substantial compliance," thus depriving Mattel of information
5  critical to its defense.

6      Sixth, Bryant refuses to provide an adequate response to Mattel's interrogatory
7  seeking the sources of information from which Bryant searched for and/or collected
8  key documents in this case -- documents that relate to Bratz and the period prior to
9  February 28, 2001.  Although the Discovery Master recognized the importance of this
10  information and compelled MGA to provide a complete response, the Discovery
11  Master found Bryant's response adequate even though Bryant provided only a broad,
12  useless description of where he searched for documents.  Mattel is entitled to a
13  complete, detailed response that will serve the purpose of the interrogatory -- to
14  enable Mattel to test Bryant's production.  That is especially important here, where
15  Bryant has misrepresented his document collection and production efforts and there is
16  substantial evidence that Bryant has spoliated evidence.

17      Last, as the Discovery Master has previously held, in responding to
18  interrogatories that seek the identification of documents, Defendants are required to
19  specifically identify the documents by Bates number where possible.  Defendants
20  have failed to identify documents by Bates number in nearly all of their responses.
21  Mattel raised this issue before the Discovery Master.  Despite the Discovery Master's
22  previous ruling on the issue, his February 15, 2008 and February 20, 2008 Orders do
23  not require Defendants to identify documents with specificity.  They are thus clearly
24  erroneous and contrary to the very law the Discovery Master has previously cited.

25      The Court should overrule the Discovery Master's Orders in part, and compel
26  (1) the MGA parties to provide further responses to Interrogatory Nos. 27-39, 41 and
27  46-50, and (2) Carter Bryant to provide further responses to Interrogatory Nos. 27-33,
28  36-39, 42 and 47.

07209/2420393.1

-3-


EXHIBIT   7
PAGE  242

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

**Factual Background**

Mattel's Interrogatories and Defendants' Responses.  Between September 21, 2007 and October 25, 2007, Mattel served five sets of interrogatories on defendants Carter Bryant ("Bryant") and MGA, MGA Hong Kong, MGAE de Mexico S.R.L. de C.V., Isaac Larian and Carlos Gustavo Machado Gomez (collectively "MGA" or "the MGA parties").[1]  Those five sets of interrogatories ask each of the defendants the same 24 questions (Interrogatory Nos. 27-50).[2]  These interrogatories were re-served after a number of them were previously served in June 2007;[3] by Order dated September 5, 2007, the Discovery Master instructed Mattel to re-serve the interrogatories with his guidance on numerosity and counting issues.[4]

Defendants' initial responses to these interrogatories consisted almost entirely of objections.[5]  On December 13, 2007, Mattel filed a motion to compel Carter Bryant to provide further responses to Interrogatory Nos. 27-33, 36-40, 42, 45 and

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1]   See Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, attached as Exhibit 1 to the concurrently filed Declaration of B. Dylan Proctor, dated March 3, 2007 ("March 3 Proctor Dec."); Mattel's Amended Fourth Set of Interrogatories, dated October 23, 2007, March 3 Proctor Dec., Exh. 2; Mattel's Fifth Set of Interrogatories, dated October 19, 2007, March 3 Proctor Dec., Exh. 3; Mattel's Sixth Set of Interrogatories, dated October 23, 2007, attached as Exhibit 11 to the Declaration of B. Dylan Proctor, dated December 20, 2007, Notice of Lodging, Exh. 4 ("December 20 Proctor Dec."); Mattel's Seventh Set of Interrogatories, dated October 25, 2007, March 3 Proctor Dec., Exh. 4.
[2]   Id.
[3]   See Mattel's Third Set of Interrogatories, dated June 7, 2007, December 20 Proctor Dec., Exh. 34.
[4]   See Order Granting Joint Motion for Protective Order, dated September 5, 2007, at pp. 4-5, December 20 Proctor Dec., Exh. 33.
[5]   See MGA Parties' Responses and Objections to Mattel's Revised Third Set of Interrogatories, December 20 Proctor Dec., Exhs. 13, 21-24; MGA Parties' Responses and Objections to Mattel's Amended Fourth Set of Interrogatories, December 20 Proctor Dec., Exhs. 14, 25-28; MGA Parties' Responses and Objections to Mattel's Fifth Set of Interrogatories, December 20 Proctor Dec., Exhs. 15-18; MGA Parties' Responses and Objections to Mattel's Seventh Set of Interrogatories, December 20 Proctor Dec., Exhs. 20, 29-32; Bryant's Responses and Objections to Mattel's Revised Third Set of Interrogatories, dated November 15, 2007, attached as Exhibit 5 to the Declaration of B. Dylan Proctor, dated December 13, 2007, Notice of Lodging, Exh. 2 ("December 13 Proctor Dec."); Bryant's Responses and Objections to Mattel's Amended Fourth Set of Interrogatories, dated November 15, 2007, December 13 Proctor Dec., Exh. 6; Bryant's Responses and Objections to Mattel's Fifth Set of Interrogatories, dated November 21, 2007, December 13 Proctor Dec., Exh. 7.

-4-

EXHIBIT    9
PAGE   243

1   47.[6]  One week later, Mattel filed a motion to compel the MGA parties to provide

2   further responses to Interrogatory Nos. 27-44 and 46-50.[7]

3          After Mattel filed its motions to compel, Defendants supplemented their

4   responses.  Carter Bryant supplemented certain of his responses on December 17,

5   2007 and again on January 28, 2008.[8]  The MGA parties supplemented certain of

6   their responses on January 7, 2008 and again on January 28, 2008.[9]  However, many

7   of Defendants' responses remain deficient, consisting either of no answer, or

8   incomplete and evasive answers.

9          The Discovery Master's Orders.  On February 11, 2008, the parties had an

10  approximately one-hour hearing before the Discovery Master at which both of

11  Mattel's motions to compel were addressed along with five other discovery motions.[10]

12  On February 15, 2008, the Discovery Master entered an Order Granting in Part and

13  Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44

14

15

16

---

17  [6]  Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27-33, 36-
18  40, 42, 45 and 47) by Carter Bryant, dated December 13, 2007, Notice of Lodging, Exh. 1.
        Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27-44 and
19  46-50) by the MGA Parties, dated December 20, 2007, Notice of Lodging, Exh. 3.
        [8]  See Supplemental Werdegar Declaration in Support of Carter Bryant's
20  Opposition to Mattel, Inc.'s Motion to Compel Responses to Interrogatories, dated
    February 6, 2008, Notice of Lodging, Exh. 17 ("Supp. Werdegar Dec."), ¶ 4; Bryant's
21  Second Supplemental Responses and Objections to Mattel's Revised Third Set of
    Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 5; Bryant's
22  Second Supplemental Responses and Objections to Mattel's Amended Fourth Set of
    Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 6; Bryant's
    Second Supplemental Responses and Objections to Mattel's Fifth Set of
23  Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 7.
        [9]  See Supplemental Declaration of Timothy A. Miller in Support of MGA
24  Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Responses to
    Interrogatories (Nos. 27-44 and 46-50) by the MGA Parties, dated February 8, 2008,
25  Notice of Lodging, Exh. 18 ("Supp. Miller Dec."), ¶ 2; MGA Parties' Third
    Supplemental Responses to Mattel's Revised Third Set of Interrogatories, dated
26  January 28, 2008, March 3 Proctor Dec., Exh. 8 and Supp. Miller Dec., Exhs. 1, 5, 7,
    9; MGA Parties' Third Supplemental Responses to Mattel's Amended Fourth Set of
27  Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 9 and Supp.
    Miller Dec., Exhs. 3, 6, 8, 10.
        [10]  Transcript of February 11, 2008 Hearing before Discovery Master, March 3
28  Proctor Dec., Exh. 10.

07209/2420393.1

EXHIBIT   9
PAGE   244

1  and 46-50 by the MGA Parties.[11]  In that Order, the Discovery Master denied Mattel's

2  motion to compel as to Interrogatory Nos. 27-29, 39, 41 (in part), 46 and 48-50.[12]  On

3  February 20, 2008, the Discovery Master entered an Order Denying Mattel's Motion

4  to Compel Responses to Interrogatory Nos. 27-33, 36-40, 42, 45 and 47 by Carter

5  Bryant.[13]

6        The Parties' Meet and Confer.  On February 25, 2008, Mattel wrote to counsel

7  for MGA seeking to meet and confer regarding Mattel's intended appeal of portions

8  of the Discovery Master's February 15, 2008 Order.[14]  The parties met and conferred

9  on February 29, 2008, but were unable to come to an agreement regarding Mattel's

10  intended appeal.[15]

11        On February 27, 2008, Mattel wrote to counsel for Carter Bryant seeking to

12  meet and confer regarding Mattel's intended appeal of portions of the Discovery

13  Master's February 20, 2008 Order.[16]  On February 28, 2008, counsel for Carter Bryant

14  responded to Mattel's letter, reiterating Bryant's position and stating that further meet

15  and confer did not seem necessary.[17]

16                               **Argument**

17        By the stipulation and court order appointing a Discovery Master, the

18  Discovery Master's rulings are treated like those of a magistrate judge.  Such rulings

19  should be overruled if they are "clearly erroneous or [] contrary to law."  Fed. R. Civ.

20  Proc. 72(a).

21

---

22  [11]  Order Granting in Part and Denying in Part Mattel's Motion to Compel
23  Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated
     February 15, 2008, March 3 Proctor Dec., Exh. 11 ("February 15 Order").
     [12]  Id.
24  [13]  Order Denying Mattel's Motion to Compel Responses to Interrogatory Nos.
     27-33, 36-40, 42, 45 and 47 by Carter Bryant, dated February 20, 2008, March 3
25  Proctor Dec., Exh. 12 ("February 20 Order").
     [14]  Letter from Proctor to Miller, dated February 25, 2008, March 3 Proctor Dec.,
26  Exh. 13.
     [15]  March 3 Proctor Dec., ¶ 14.
     [16]  Letter from Proctor to Werdegar, dated February 27, 2008, March 3 Proctor
27  Dec., Exh. 14.
     [17]  Letter from Werdegar to Proctor, dated February 28, 2008, March 3 Proctor
28  Dec., Exh. 15.

-6-

MATTEL'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S FEBRUARY 15, 2008 AND
FEBRUARY 20, 2008 ORDERS



EXHIBIT  9
PAGE  245

I.  **THE DISCOVERY MASTER'S ORDERS ARE CLEARLY ERRONEOUS OR CONTRARY TO LAW AS TO INTERROGATORY NOS. 27-29 BECAUSE DEFENDANTS IMPROPERLY LIMIT THEIR RESPONSES TO PATENTS**

The Discovery Master based his denial of Mattel's motion to compel both the MGA parties and Bryant to provide responses to Interrogatory Nos. 27-29 on the grounds that the interrogatories are "overbroad and unduly burdensome," and that Mattel has not justified its definition of "Bratz Invention," which "encompass[es] numerous intellectual property concepts."[18]  The Discovery Master found that the MGA parties' and Bryant's responses were thus "adequate under the circumstances."[19] That finding is clearly erroneous.

Interrogatory Nos. 27-29 seek the identity of Bratz inventions created during key time periods -- during Bryant's employment at Mattel and shortly prior to or after Bryant's employment at Mattel.[20]  This information is critical to Mattel's claims.

---

[18] February 15 Order, at pp. 8-9; February 20 Order, at pp. 3-4.
[19] Id.
[20] Interrogatory Nos. 27-29 read as follows:

Interrogatory No. 27: IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in whole or in part, prior to January 4, 1999 and for each BRATZ INVENTION so identified state all facts that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

Interrogatory No. 28: IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and for each BRATZ INVENTION so identified state all FACTS that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

Interrogatory No. 29: IDENTIFY each and every BRATZ INVENTION that was CREATED, in whole or in part, after January 3, 1999 and before October 21, 2000, and for each BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO the timing of the creation of such BRATZ INVENTION and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

(footnote continued)

-7-

EXHIBIT    9
PAGE    246

1   Whether Bryant invented Bratz while employed by Mattel, and thereby assigned the

2   rights to Bratz to Mattel pursuant to the terms of the Inventions Agreement, is at the

3   heart of this case.  In order for Mattel to prepare for trial, it must know Defendants'

4   positions regarding precisely which Bratz works were created or conceived during

5   these critical periods of time, as well as the facts supporting those positions.  See,

6   e.g., Wright v. Touhy, 2003 WL 22439864, at *4 (N.D. Ill. 2003) (the Federal Rules

7   "are designed to promote liberal discovery in an effort to narrow the issues for trial

8   and to prevent unfair surprise").

9      Defendants' responses provide no such information.  The MGA parties and

10  Bryant identified *no* Bratz inventions, unilaterally narrowing the scope of their

11  responses to their own definition of "invention," which they both limit to "as the term

12  is used in utility patent law" and "[w]ith respect to design patents."[21]  That limitation

13  makes no sense and cannot be "adequate."  This is not a patent case and Mattel did

14  not ask patent law interrogatories.

15     The reason for Defendants' arbitrary limitation is clear.  By limiting the

16  definition of "invention" to patents, Defendants avoid identifying key intellectual

17  property at issue in this case, including copyrightable Bratz works that Bryant created

18  while employed by Mattel.  Defendants have made clear they intend to argue that the

19  Inventions Agreement applies only to patents and not other types of inventions, such

20  as copyrightable designs.  Mattel disagrees with that position.  While Defendants are

21  free to argue at summary judgment that only patents are subject to the Inventions

22  Agreement, that position does not preclude Mattel from discovery regarding *other*

23  Bratz inventions created or conceived during the limited time periods at issue, like

24  copyrightable works and ideas.  That information is critical.  Indeed, the identity of

25

26  Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, March 3
    Proctor Dec., Exh. 1.
        [21]  MGA's Third Supplemental Responses to Mattel's Revised Third Set of
27  Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 8; Bryant's
    Second Supplemental Responses and Objections to Mattel's Revised Third Set of
28  Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 5.

07209/2420393.1

-8-



EXHIBIT __9__
PAGE __247__

1    those Bratz inventions could, in and of itself, prove liability as to a number of

2    Mattel's claims.  The Discovery Master's finding that Defendants' responses, limited

3    to patents, were "adequate" precludes discovery of this plainly critical information

4    and is thus clearly erroneous or contrary to law.

5         The Discovery Master's finding that the definition of "BRATZ INVENTION"

6    is overbroad is also clearly erroneous.[22]  Mattel's definition is necessarily

7    comprehensive because Defendants endlessly play games with definitions in

8    discovery.  For example, in response to a Mattel request for admission regarding

9    whether MGA believed it was lawful to market "BRATZ" at the time it entered into

10   its September 2000 agreement with Bryant, MGA repeatedly objected that "the term

11   'BRATZ' is vague and ambiguous and, as defined by Mattel, renders the RFA

12   nonsensical as no BRATZ then existed,"[23] based on MGA's contention that "Bratz"

13   just refers to "Bratz dolls," which had not yet been created.  However, Mattel had

14   defined the term "Bratz" more broadly, and indeed stated expressly in its definition

15   that "the term 'BRATZ' does not and shall not require that there be a doll existing at

16

17   [22]  The definitions of "BRATZ INVENTION" and "DESIGN" provided by Mattel are comprehensive, but straightforward:

18        "BRATZ INVENTION" means any representation, idea, concept, work,
19        process, procedure, plan, improvement, design, or other development, whether fixed in tangible form or not, that REFERS OR RELATES TO BRATZ,
20        including but not limited to any DESIGN that REFERS OR RELATES TO BRATZ."

21        "DESIGN" or "DESIGNS" means any and all representations, whether two-
22        dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork,
23        sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,
24        rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which
25        any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

26   Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at p. 4, March 3 Proctor Dec., Exh. 1.
27        See MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Fifth Set of Requests for Admission, dated August 22, 2007, at pp. 3-6, attached as Exhibit
28   3 to the Supplemental Declaration of B. Dylan Proctor, dated January 7, 2008, Notice of Lodging, Exh. 13 ("January 7 Proctor Dec.").

-9-



EXHIBIT  9

PAGE  248

1   the time of the event . . . that is the subject of, or otherwise relevant or responsive to

2   the Requests."[24]

3        Defendants' responses here demonstrate the same evasiveness and highlight the

4   reason the definition of "Bratz Invention" must be broad and comprehensive; if it

5   were not, and indeed even though it is, Defendants arbitrarily limit the scope of

6   "inventions" to patents. That limitation allows Defendants to shield from discovery

7   the identity of countless inventions that Mattel believes are subject to the Inventions

8   Agreement and are thus Mattel property. Mattel's definition is tailored to obtain the

9   identification of all Bratz creations or conceptions that Mattel believes are subject to

10   the Inventions Agreement and therefore Mattel's property -- information to which

11   Mattel is entitled.

12   **II.   THE DISCOVERY MASTER'S ORDERS AS TO INTERROGATORY**

13         **NO. 39 ARE CLEARLY ERRONEOUS OR CONTRARY TO LAW**

14        Interrogatory No. 39 asks the MGA parties and Bryant to identify financial

15   accounts they have maintained since January 1, 1999.[25] Defendants provided no

16   response at all. Nevertheless, the Discovery Master denied Mattel's motion to compel

17   responses to this interrogatory as to both the MGA parties and Bryant. The

18   Discovery Master's rulings are clearly erroneous or contrary to law.

19

20

21

22

23

24

25      [24]   Mattel, Inc.'s Fifth Set of Requests for Admission to MGA Entertainment, Inc.,
   dated June 8, 2007, at p. 2, January 7 Proctor Dec., Exh. 4.

26      [25]   Interrogatory No. 39 asks Defendants to "IDENTIFY each and every bank or
   financial institution account that REFERS OR RELATES TO YOU, including

27   accounts in YOUR name or for YOUR benefit, since January 1, 1999." Mattel's
   Revised Third Set of Interrogatories, dated September 21, 2007, March 3 Proctor

28   Dec., Exh. 1.



EXHIBIT 9
PAGE 249

**A.**     **The Discovery Master's Order Denying Mattel's Motion to Compel the MGA Parties to Provide Responses to Interrogatory No. 39 Is Clearly Erroneous**

With respect to the MGA parties, the Discovery Master found that "the financial information sought is cumulative of other discovery already sought and obtained by Mattel."[26]  That is incorrect.

It is undisputed that the identity of financial accounts maintained by MGA are relevant.  In fact, the Discovery Master previously compelled Isaac Larian to produce documents in response to a document request nearly identical to the interrogatory at issue here.[27]  In compelling Larian to produce documents sufficient to identify each of his bank accounts, financial institutions or other banking relationships since January 1, 1999, the Discovery Master held that "the requested information is likely to lead to information regarding payments from Larian to Bryant, which is relevant to, among other things, the timing of the creation of Bratz.  The requested information is also likely to show Larian's income and net worth, which are relevant to damages."[28]  The same is true here.  It is not cumulative or duplicative to obtain the same type of information from MGA.  Larian's accounts provide no evidence of MGA's net worth or evidence of payments made to Bryant from MGA accounts.  For the same reason the Discovery Master compelled Larian to produce documents sufficient to identify his accounts, the MGA parties should be compelled to identify their financial accounts.

Moreover, to the extent the Discovery Master based his ruling on the limited financial information already produced by MGA, the Discovery Master's ruling is also clearly erroneous.  The limited financial information MGA has produced is

---

[26]  February 15 Order, at p. 14.
[27]  Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian, dated December 31, 2007, at pp. 15-16, March 3 Proctor Dec., Exh. 16.
[28]  Id.


EXHIBIT  9
PAGE  250

1   clearly insufficient.  For example, the only payments to Bryant -- evidence relevant to

2   show the timing of the creation Bratz -- that MGA has acknowledged providing are

3   "[d]ocuments showing royalty payments to Carter Bryant."[29]  But all payments,

4   whether royalty payments or otherwise, are plainly relevant, especially all payments that

5   predate the Bryant/MGA contract.

6          Moreover, the information requested may lead to direct evidence of liability

7   regarding Mattel's allegations of commercial bribery against MGA and Larian, which

8   are explicitly alleged as predicate acts for Mattel's RICO claims.[30]  Payments to

9   Mattel employees, including Carter Bryant and others, during the course of their

10  Mattel employment, would themselves establish commercial bribery and other

11  tortious conduct that are the subject of Mattel's claims, but MGA has failed to provide

12  such information.  See Cal. Penal Code § 641.3 (stating that any employee who

13  "solicits, accepts, or agrees to accept money or any thing of value from a person other

14  than his employer" without the employer's knowledge and in exchange for using his

15  position to benefit that other person is guilty of commercial bribery).  Mattel recently

16  learned of three additional Mattel employees who worked on Bratz while employed

17  by Mattel for years.[31]  Mattel is entitled to discovery that could show payments made

18  by MGA or Bryant to those individuals.  The Discovery Master's Order did not

19  address the clear relevance of payments to those other than Bryant.

20

21

22

23

24

---

[29]   MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27-44 and 46-50) by the MGA Parties, dated December 31, 2007, at pp. 10-11, Notice of Lodging, Exh. 10.
[30]   Mattel, Inc.'s Second Amended Answer in Case No. 05-2727 and Counterclaims, dated July 12, 2007, ¶¶ 94-97, Prayers ¶ 12, December 20 Proctor Dec., Exh. 41.
[31]   See Deposition of Veronica Marlow at 306:8-25, 363:15-21, January 7 Proctor Dec., Exh. 11.

MATTEL'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S FEBRUARY 15, 2008 AND FEBRUARY 20, 2008 ORDERS

07209/2420393.1


EXHIBIT  9
PAGE  251

**B.    The Discovery Master's Order Denying Mattel's Motion to Compel Carter Bryant to Provide a Response to Interrogatory No. 39 Is Clearly Erroneous**

The Discovery Master also denied Mattel's motion to compel Carter Bryant to respond to Interrogatory No. 39.  That ruling was also clearly erroneous and contrary to law.

First, the Discovery Master found the interrogatory to be overbroad.[32]  But, as described in Section II.B above, the Discovery Master compelled Isaac Larian to produce documents in response to a document request nearly identical to Interrogatory No. 39.[33]  Mattel is likewise entitled to the identity of Bryant's accounts. Those accounts are relevant to show, among other things, payments from MGA and/or Larian to Bryant, payments by Bryant to others related to Bratz, and Bryant's net worth.  That information is directly relevant to the timing of the creation of Bratz (secret payments to Bryant in 1999 or early 2000 would obviously be telling), Mattel's commercial bribery claim, bias and damages.  Mattel has punitive damages claims against Bryant.[34]  In assessing punitive damages, the jury is entitled to consider Bryant's net worth.  See, e.g., U.S. Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc., 2000 WL 307470, at *4 (C.D. Cal. 2000) (information about a party's net worth "is relevant under Rule 26(b) to plaintiff's claims for damages and punitive damages").  Indeed, under California law Mattel is required to introduce evidence of Bryant's financial condition to obtain an award of punitive damages against him.  See Morgan v. Woessner, 997 F.2d 1244, 1259 (9th Cir. 1993) (citing Adams v. Murakami, 54 Cal. 3d 105 (1991)).

---

[32]   February 20 Order, at p. 5.
[33]   Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian, dated December 31, 2007, at pp. 15-16, March 3 Proctor Dec., Exh. 16.
[34]   Mattel, Inc.'s Second Amended Answer in Case No. 05-2727 and Counterclaims, Prayers ¶ 12, December 13 Proctor Dec., Exh. 22.

07209/2420393.1



EXHIBIT ___9___
PAGE ___252___

1    Second, the Discovery Master found that the interrogatory "implicates Bryant's
2  (and others) privacy interests, without reasonable justification."[35]  However, the
3  Discovery Master's decision failed to address the fact that the protective order in this
4  case adequately prevents the use of confidential information outside of this litigation.
5  That protection sufficiently addresses any privacy concerns, as the Discovery Master
6  himself has previously found.[36]  See, e.g., A. Farber and Partners, Inc. v. Garber, 234
7  F.R.D. 186, 191 (C.D. Cal. 2006) ("Resolution of a privacy objection . . . requires a
8  balancing of the need for the information sought against the privacy right asserted . . .
9  *Here, plaintiff's need for defendant Garber's financial documents outweighs*
10  *defendant Garber's claim of privacy, especially when the 'impact' of the disclosure of*
11  *the information can be protected by a 'carefully drafted' protective order*.") (citing In
12  re Heritage Bond Litigation, 2004 WL 1970058, *5 n.12 (C.D. Cal. July 23, 2004)
13  ("Any privacy concerns Kasirer defendants have in their bank records and related
14  financial statements are adequately protected by the protective order, and are not
15  sufficient to prevent production in this matter").  In any case, Mattel is not asking that
16  Bryant identify or produce a vast quantity of sensitive financial records.  It is asking
17  only that he identify the institutions and accounts since January 1, 1999 that refer or
18  relate to him.

19    Last, the Discovery Master found that "to the extent Interrogatory No. 39 seeks
20  relevant information, that information is readily available through alternative less
21  intrusive sources."[37]  Not so.  It is hard to imagine what source other than an
22  interrogatory to Bryant could be less intrusive in obtaining the identity of Bryant's
23  accounts, and no alternatives have been identified.  The Discovery Master's Order
24  denying Mattel this critical information is clearly erroneous or contrary to law.

25

26

27  [35]  February 20 Order, at p. 5.
    [36]  Order Granting Mattel's Motion to Compel Production of Documents, dated
28  January 25, 2007, at p. 14, December 20 Proctor Dec., Exh. 54.
    [37]  February 20 Order, at p. 5.



EXHIBIT   9
PAGE   253

### III.   THE DISCOVERY MASTER'S ORDER AS TO INTERROGATORY NO. 41 IS CLEARLY ERRONEOUS OR CONTRARY TO LAW

Interrogatory No. 41 seeks the identity of former Mattel employees who are now or have been employed by MGA since January 1, 1999, including the date of hire or effective date of contract, date of interview and the first date of contact with MGA regarding potential employment or contracting.[38]  The Discovery Master recognized that the date of interview and first contact "is clearly relevant to Mattel's claims" but "conspicuously absent from the MGA parties' response."[39]  Yet, the Discovery Master held that MGA need provide only the interview date, and could conceal the earlier first date of contact for each individual identified.[40]  That decision is clearly erroneous or contrary to law.

The date on which MGA first contacted former Mattel employees regarding potential employment or contracting is critical evidence relevant to Mattel's claims that MGA has, while poaching Mattel's employees, also induced them to abscond with Mattel's trade secrets.[41]  The dates of first contact could show that Mattel employees were involved with MGA for lengthy periods of time while still employed by Mattel, in breach of their duties to Mattel.  That could lead to admissible evidence of commercial bribery, among other things.  Date of first contact information could

---

[38]   Interrogatory No. 41 reads as follows:

> IDENTIFY all PERSONS who at any time have been employed by or under contract with MATTEL who are now or have been employed by or under contract with YOU since January 1, 1999, and, for each such PERSON, state his or her name, date of hire or effective date of contract, the date on which YOU first had contact with such PERSON regarding potential employment or contracting, the date(s) on which such PERSON was interviewed for possible employment or contracting, each title (if any) such PERSON has held while employed by or under contract with YOU, and the date of termination (if applicable).

Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, March 3 Proctor Dec., Exh. 1.
[40]   February 15 Order, at p. 10.
[41]   Id. at p. 11.
[41]   See Mattel, Inc.'s Second Amended Answer in Case No. 05-2727 and Counterclaims, dated July 12, 2007, December 20 Proctor Dec., Exh. 41.

07209/2420393.1

-15-



EXHIBIT ___9___
PAGE ___254___

1   also show when MGA first had access to sensitive Mattel trade secret information in

2   the possession of those Mattel employees who left for MGA. That showing is critical

3   because, as the Court has previously observed, one of Mattel's defenses and responses

4   to MGA's erroneous infringement and copying contentions is that MGA stole its

5   "innovations" from Mattel.[42] Mattel is entitled to learn precisely when MGA first

6   contacted the employees it poached from Mattel to discover when it first had access

7   to Mattel's information.

8        The Discovery Master's finding that "the burden of producing such information

9   outweighs its likely benefit"[43] is not supported by the record. MGA made no

10  showing before the Discovery Master that providing the date of first contact would

11  pose any burden at all.[44] Even were MGA able to show a burden, the critical

12  information sought and the amount in controversy clearly justifies any work

13  responding fully will require.  See, e.g., Fed R. Civ. P. 26(b)(2); In re Katrina Canal

14  Breaches Consolidated Litig., 2007 WL 1959193, at *6 (E.D. La. 2007) (overruling

15  "overly burdensome" objection and granting discovery request because "[a]lthough

16  the responsive materials are undoubtedly voluminous, considering the amount in

17  controversy, the parties' resources and the vital importance of these materials to the

18  litigation . . . the benefits of production outweigh the burden or expense of

19  production"); King v. Georgia Power Co., 50 F.R.D. 134, 136 (N.D. Ga. 1970)

20  (overruling defendant's objection that interrogatory was burdensome and oppressive,

21  even though preparation of answer would be time-consuming and costly, because

22  information was crucial to the issues of the suit and in exclusive custody of

23  defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio

24  1951) (overruling "overly burdensome" objection because value of information to

25

26    [42]  Order Regarding Mattel's Motion for Leave to Amend, dated January 12, 2007, at pp. 19-20, December 20 Proctor Dec., Exh. 57.

27    [43]  February 15 Order, at p. 11.
     [44]  MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel

28  Responses to Interrogatories (Nos. 27-44 and 46-50) by the MGA Parties, dated December 31, 2007, at pp. 31-33, Notice of Lodging, Exh. 10.



EXHIBIT 9
PAGE 255

1  plaintiff clearly outweighed any annoyance or expense involved in disclosure by

2  defendant).

3  **IV.     THE DISCOVERY MASTER'S ORDER AS TO INTERROGATORY**

4  **NO. 46 IS CLEARLY ERRONEOUS OR CONTRARY TO LAW**

5      The Discovery Master's denial of Mattel's motion to compel the MGA parties

6  to respond to Interrogatory No. 46 is also clearly erroneous or contrary to law.

7  Interrogatory No. 46 seeks the facts regarding MGA's dispute with its former counsel

8  related to this action.[45]   Those facts are not privileged and are reasonably likely to

9  lead to admissible evidence.

10      The Discovery Master found the interrogatory to be "overbroad in seeking

11  information about 'any and all disputes' with former counsel, regardless of whether

12  such disputes relate to a claim or defense in the case."[46]  Yet, Mattel limited the

13  interrogatory to disputes "relating to THIS ACTION."[47]  And, given the

14  circumstances surrounding the withdrawal of O'Melveny & Myers, MGA's former

15  counsel, it is reasonably likely that the dispute between MGA and its former counsel

16  was related to a claim or defense in this case.  In its application to the Court regarding

17  its withdrawal, the O'Melveny firm cited <u>California Rule of Professional Conduct</u> 3-

18

19

---

20  [45]   Interrogatory No. 46 reads as follows:

21      Without disclosing the content of communications which are protected by the

22  attorney-client privilege, state fully and in detail all facts which REFER OR
RELATE TO any dispute relating to THIS ACTION between, on the one

23  hand, MGA, LARIAN, BRYANT and/or MACHADO and, on the other hand,
O'MELVENY and/or CHRISTENSEN, including but not limited to any and
all disputes which were or have been asserted as a basis for, or which

24  underlie, contributed to or were a factor in, the withdrawal, termination and/or
substitution of O'MELVENY and/or CHRISTENSEN as counsel of record in

25  this ACTION, and IDENTIFY all PERSONS with knowledge of such facts
and all DOCUMENTS that REFER OR RELATE TO such facts.

26  Mattel's Fifth Set of Interrogatories, dated October 19, 2007, March 3 Proctor Dec.,
Exh. 3.

27  [46]   February 15 Order, at p. 22.
[47]   Mattel's Fifth Set of Interrogatories, dated October 19, 2007, March 3 Proctor

28  Dec., Exh. 3.

-17-



EXHIBIT    9
PAGE    256

1 | 700(c) as a basis for its withdrawal.[48]  Although it did not identify which of the

2 | eleven prongs of that section applied, a number would relate directly to the claims

3 | and defenses in this case.  As one example, if O'Melveny attempted to withdraw

4 | because MGA was seeking "to pursue an illegal course of conduct" or "insist[ed] that

5 | the members pursue a course of conduct that is illegal or that is prohibited under

6 | these rules or the State Bar Act," such information would be both non-privileged and

7 | highly relevant to Mattel's case.

8 |        The Discovery Master's finding that there "is no evidence . . . to substantiate"

9 | that MGA's dispute with its counsel is relevant[49] puts the cart before the horse.

10 | Mattel does not have substantial *evidence* of what the dispute was about because that

11 | information is exclusively within MGA's possession.  But the information Mattel now

12 | seeks will show this.  Mattel's interrogatory is certainly reasonably calculated to lead

13 | to the discovery of admissible evidence, which is all that is required.  See Fed. R.

14 | Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged,

15 | that is relevant to the claim or defense of any party. . . .  Relevant information need

16 | not be admissible at trial if the discovery appears reasonably calculated to lead to the

17 | discovery of admissible evidence.").

18 |        The Discovery Master also found the interrogatory "objectionable because it

19 | intrudes upon MGA's relationship with former counsel, and thus necessarily intrudes

20 | upon the protections afforded by the attorney-client privilege and work product

21 | doctrine."[50]  That ignores that Mattel limited the interrogatory solely to the

22 | underlying facts and expressly requested a response that "[did not disclose] the

23 | content of communications which are protected by the attorney-client privilege."[51]

24 |

25 |   [48] *Ex Parte* Application of O'Melveny & Myers LLP for Order Shortening Time for Hearing its Motion to Withdraw and Requiring *In Camera* Inspection of

26 | Supporting Documents, dated October 8, 2007, at p. 1, December 20 Proctor Dec., Exh. 51.

27 |   [49] February 20 Order, at p. 21. <br>   [50] Id., at p. 22.

28 |   [51] Mattel's Fifth Set of Interrogatories, dated October 19, 2007, March 3 Proctor Dec., Exh. 3.

-18-

EXHIBIT 9
PAGE 257

1    Indeed, MGA has made public statements regarding some facts underlying its dispute

2    with its former counsel.[52]  Therefore, non-privileged facts regarding the dispute

3    necessarily exist, or MGA has disclosed otherwise privileged information regarding

4    the dispute and thereby waived the privilege.  In either case, Mattel is entitled to a

5    response detailing the facts of MGA's dispute with former counsel.

6    **V.    THE DISCOVERY MASTER'S ORDER AS TO INTERROGATORY**

7    **       NOS. 48-50 IS CLEARLY ERRONEOUS OR CONTRARY TO LAW**

8           Interrogatory Nos. 48-50 ask MGA to identify (1) each trade dress that is

9    subject of MGA's claims, defenses or allegations, (2) each Mattel product that MGA

10   claims infringes that trade dress, and (3) all facts that support MGA's contention that

11   the trade dress that is the subject of its claims is protectible.[53]  In response to these

12   requests, the MGA parties described only general categories of allegedly protected

13   trade dress and allegedly infringing products.[54]  The MGA parties failed to identify

14   all the particular trade dress they claim is at issue or all the particular Mattel products

15

16   _____

17   [52]   Article entitled Behind the Scenes, Bratz Doll Case Heats Up, published on
     Law.com on November 11, 2007, December 20 Proctor Dec., Exh. 53.
     [53]   Interrogatory Nos. 48-50 read as follows:

18   Interrogatory No. 48:  Separately IDENTIFY each trade dress that YOU
19   contend MATTEL has copied, infringed or diluted or that is otherwise the
     subject of YOUR claims, defenses or allegations in THIS ACTION.

20   Interrogatory No. 49:  For each trade dress identified in response to
21   Interrogatory No. 48, separately and fully IDENTIFY each and every
     MATTEL product, packaging or other matter that YOU contend copies,
     infringes or dilutes such trade dress, including without limitation by describing
22   fully and separately, for each such MATTEL product, packaging or other
     matter, each and every element of the claimed trade dress that YOU contend
23   MATTEL has copied, infringed or diluted.

24   Interrogatory No. 50:  For each trade dress identified in response to
     Interrogatory No. 48, separately and completely IDENTIFY all facts that
25   support YOUR contention that such trade dress is protectible, all
     DOCUMENTS that REFER OR RELATE to the foregoing and all PERSONS
     with knowledge of the foregoing.
26
     Mattel's Seventh Set of Interrogatories, dated October 25, 2007, March 3 Proctor
27   Dec., Exh. 4.
     [54]   MGA Parties' Responses and Objections to Mattel's Seventh Set of
28   Interrogatories, December 20 Proctor Dec., Exhs. 20, 29-32.



EXHIBIT 5
PAGE 258

1   they claim infringe that trade dress.[55]  Indeed, recognizing this, MGA represented to

2   the Discovery Master that it would "supplement these responses in the course of

3   Phase 2 discovery."[56]  In spite of the admission that its responses were not complete,

4   the Discovery Master found the responses to be "in substantial compliance with Rule

5   33,"[57] effectively granting MGA license to sandbag Mattel with "new" infringement

6   contentions whenever it chooses.  That finding is clearly erroneous or contrary to law.

7   See, e.g., Schaap v. Executive Indus., Inc., 130 F.R.D. 384-88 (N.D. Ill. 1990)

8   (compelling responses to interrogatories seeking factual bases for contentions

9   because "for the litigation to proceed fairly and effectively, there must be mutual

10  access to all relevant facts.").

11         Without the identity of the specific trade dress MGA claims supports its

12  claims, Mattel cannot prepare its defense.  The same is true with the identity of the

13  specific Mattel products that MGA alleges infringe MGA's trade dress.  Mattel is

14  entitled to discovery of these MGA contentions.  MGA's responses describing its

15  contentions in general terms are insufficient.

16  **VI.    THE DISCOVERY MASTER'S ORDER AS TO BRYANT'S RESPONSE**

17           **TO INTERROGATORY NO. 47 IS CLEARLY ERRONEOUS OR**

18           **CONTRARY TO LAW**

19         The Discovery Master denied Mattel's motion to compel Carter Bryant to

20  provide responses to Interrogatory No. 47.  That interrogatory asks Bryant to identify

21  the sources of information from which he collected documents in this action that both

22  refer or relate to Bratz and refer or relate to the time period prior to February 28,

23  2001.[58]  It is undisputed that Interrogatory No. 47 seeks highly relevant information.

24

25  [55] Id.
    [56] MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel
26  Responses to Interrogatories (Nos. 27-44 and 46-50) by the MGA Parties, dated
    December 31, 2007, at p. 30, Notice of Lodging, Exh. 10.
27  [57] February 15 Order, at p. 13.
    [58] Interrogatory No. 47 reads as follows:
28
    (footnote continued)

07209/2420393.1                                          -20-

EXHIBIT      9

PAGE      259

1   Indeed, the Discovery Master compelled the MGA parties to provide responses to the

2   same interrogatory, finding it "narrowly tailored to a key subject, namely early Bratz

3   documents and other information."[59]  For the same reason Bryant should be

4   compelled to produce further responses.  The Discovery Master's denial of Mattel's

5   motion to compel further responses is clearly erroneous or contrary to law.

6          The Discovery Master held that Bryant's supplemental response to

7   Interrogatory No. 47 is "in substantial compliance with Rule 33."[60]  The Discovery

8   Master specifically identified Bryant's provision of "responsive information about an

9   HP desktop computer and a Compaq Presario Laptop" and identification of "portions

10  of [Bryant's] testimony by page and line number where he discusses the use of a

11  computer at his parents' home and his occasional use of Elise Cloonan's computer" as

12  a sufficient response.[61]  However, that information was responsive to Interrogatory

13  No. 40, which asked for the identity of every storage device used by Bryant that

14  contained information related to Bratz prior to January 1, 2002.[62]  The Discovery

15  Master's written Order does not address why Bryant's response to Interrogatory No.

16  47 is purportedly proper.[63]

17         It is not.  Bryant's response merely provides generalized information regarding

18  where he looked for information.  He does not identify the source of information for

19  any particular documents and does not identify, for example, which sources he

20

21

22     IDENTIFY each and every SOURCE OF INFORMATION from which YOU
       have COLLECTED DOCUMENTS in THIS ACTION that REFER OR
23     RELATE TO BRATZ and that also REFER OR RELATE TO the time period
       prior to February 28, 2001 (regardless of when such DOCUMENT was, in
24     whole or part, created, drafted, generated, sent, received or transmitted).

25  Mattel's Fifth Set of Interrogatories, dated October 19, 2007, March 3 Proctor Dec.,
    Exh. 3.
       59
26     60   February 15 Order, at p. 20.
       61   February 20 Order, at p. 7.
27          Id.
       62   Mattel's Revised Third Set of Interrogatories, dated September 21, 2007,
28  March 3 Proctor Dec., Exh. 1.
       63   February 20 Order, at p. 7.



EXHIBIT 9
PAGE 260

1   searched for early Bratz documents but did not find any.[64]  His responses therefore do

2   not allow Mattel to test the sufficiency of Bryant's searches and production, which is

3   the point of the interrogatory.  By identifying the source of this information, Mattel

4   will be able to discover what sources Bryant has examined to produce the key

5   documents in this case, and perhaps more important, the sources Bryant has *not*

6   examined.

7        That discovery is particularly important here, because Bryant has repeatedly

8   misrepresented his efforts to collect documents from his computers and there is

9   substantial evidence of spoliation.[65]  For example, early in this litigation Bryant and

10  his counsel repeatedly represented that Bryant had possession of a single desktop

11  computer that he had purchased the day after he resigned from Mattel.  Bryant

12  claimed to have searched for responsive documents on that desktop and said there

13  were none.[66]  After Mattel finally obtained access to that desktop, however, it learned

14  Bryant ran a program called "Evidence Eliminatory" on the drive.[67]  Years later

15  Bryant admitted to having imaged the hard drive of a laptop computer early in the

16  case as well.[68]  When Mattel finally received the hard drive of Bryant's laptop, Mattel

17  learned that "Evidence Eliminator" had been run on it both two days before it was

18  imaged by Bryant's counsel and on the same day its was imaged by Bryant's counsel,

19

20

21

22      [64]  Bryant's Second Supplemental Responses and Objections to Mattel's Revised
23  Third Set of Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 5.
        [65]  See, e.g., Mattel's Motion Objecting to Portions of Discovery Master's
24  December 31, 2007 Order Regarding Hard Drives, dated January 16, 2008, at pp. 2-6,
    March 3 Proctor Dec., Exh. 17.
25      [66]  See, e.g., Letter from Jacoby to Quinn, dated November 1, 2004, at p. 2,
    attached as Exhibit 1 to the Declaration of Scott B. Kidman, dated January 16, 2007,
26  March 3 Proctor Dec., Exh. 18 ("Kidman Dec.").
        [67]  See Forensic Analysis Report No. 2 by Mark Menz, dated February 10, 2008,
27  March 3 Proctor Dec., Exh. 21.
        [68]  Letter from Zeller to Wickham, dated April 6, 2007, Kidman Dec., Exh. 15.
28

07209/2420393.1

-22-



EXHIBIT    9
PAGE    261

1  after this lawsuit was filed.[69]  "Evidence Eliminator" deleted more than 9,400 files

2  from Bryant's laptop the first time it was run alone.[70]

3       Given this history, it is particularly important that Mattel obtain detailed

4  information regarding where Bryant searched for key documents, and where they

5  could and could not be found, not simply the general, incomplete descriptions he has

6  provided.  The Discovery Master's ruling denying Mattel further information is

7  clearly erroneous or contrary to law.

8  **VII.**   **THE DISCOVERY MASTER'S ORDERS ARE CLEARLY**

9      **ERRONEOUS OR CONTRARY TO LAW BECAUSE THEY DO NOT**

10      **REQUIRE DEFENDANTS TO SPECIFICALLY IDENTIFY**

11      **DOCUMENTS**

12       Nearly all the interrogatories at issue in Mattel's motions to compel seek the

13  identification of documents relating to the particular interrogatory.[71]  Mattel's

14  interrogatories define "IDENTIFY" with respect to documents as "to describe each

15  DOCUMENT by Bates number."[72]  Defendants' responses fail to do so.

16       In its papers before the Discovery Master and at the hearing on its motions to

17  compel, Mattel raised Defendants' failure to identify specific documents in response

18  to any of the interrogatories at issue.[73]  Although the Discovery Master's Orders

19

20

---

21    [69]  See Forensic Analysis Report No. 1 by Mark Menz, dated February 10, 2008,

22  March 3 Proctor Dec., Exh. 20.

  [70]  Forensic Analysis Report No. 1 by Mark Menz, dated February 10, 2008,

23  March 3 Proctor Dec., Exh. 20.

  [71]  See Interrogatory Nos. 27-38, 42, 46-47 and 50; Mattel's Revised Third Set of

24  Interrogatories, dated September 21, 2007, March 3 Proctor Dec., Exh. 1; Mattel's

Amended Fourth Set of Interrogatories, dated October 23, 2007, March 3 Proctor

25  Dec., Exh. 2; Mattel's Fifth Set of Interrogatories, dated October 19, 2007, March 3

Proctor Dec., Exh. 3; Mattel's Seventh Set of Interrogatories, dated October 25, 2007,

26  March 3 Proctor Dec., Exh. 4.

  [72]  Id.

  [73]  See, e.g., Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos.

27  27-44 and 46-50) by the MGA Parties, dated December 20, 2007, at p. 17, Notice of

Lodging, Exh. 3; February 11, 2008 Hearing Transcript, at 31:14-18, March 3 Proctor

28  Dec., Exh. 10.

-23-

MATTEL'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S FEBRUARY 15, 2008 AND FEBRUARY 20, 2008 ORDERS

EXHIBIT _____9_____

PAGE _____262_____

1  acknowledge that Mattel raised the issue, the Orders do not compel Defendants to

2  specifically identify documents and do not otherwise address the subject.[74]

3       As the Discovery Master has previously held, interrogatory responses must

4  identify any referenced documents specifically and in detail, either by Bates numbers

5  or through a sufficiently detailed description that allows the interrogating party to

6  ascertain which specific documents are being referenced.  Order Granting Mattel's

7  Motion to Compel Response to Interrogatory No. 1, dated April 17, 2007 at p. 6,

8  March 3 Proctor Dec., Exh. 22 ("MGA is required, but has failed, to provide

9  sufficient detail to permit Mattel to locate and to identify, as readily as can MGA, the

10  records from which the answers may be ascertained. . . To comply with Rule 33(d),

11  Fed.R.Civ.P., MGA should, if possible, provide Bates numbers for the invoices")

12  (citing Ultratech, Inc. v. Tamarach Scientific Co., 2005 WL 40074 (N.D. Cal. Jan 05,

13  2005) (No. C 03-3235 CRB JL)); see also Ukiah Automotive Investments v.

14  Mitsubishi Motors of North America, 2006 WL 1348562 at *1 (N.D. Cal. May 17,

15  2006) (plaintiff's response to interrogatory, which requested identification of all

16  documents that support plaintiff's calculation of damages, was insufficient where

17  plaintiff merely referenced its financial statements and records and did not identify

18  the documents by Bates-number or file number); Clean Earth Remediation and Const.

19  Serv's, Inc. v. American Intern, 245 F.R.D. 137, 140 (S.D.N.Y. 2007) (plaintiff's

20  interrogatory response which referenced "correspondence demonstrating same in the

21  form of numerous letters and e-mails between and among [plaintiff] and Defendants"

22  did not adequately identify the documents and required supplemental response);

23  Miller v. Federal Express Corp., 186 F.R.D. 376, 385 (W.D. Tenn. 1999) ("[t]he

24  responding party must specify the documents from which the answer may be derived

25  with sufficient detail to permit the requesting party to locate it"); VNA Plus, Inc. v.

26  Apria Healthcare Group, Inc., 1999 WL 386949, at *5 (D. Kan 1999) (party may not

27

28      [74]   February 15 Order, at p. 4.

07209/2420393.1

-24-



EXHIBIT __9__
PAGE __263__

1  "simply refer generically" to documents produced in interrogatory response); <u>Johnson</u>

2  <u>v. Kraft Foods North America, Inc.</u>, 236 F.R.D. 535, 545 (D. Kan. 2006) ("A party

3  may answer an interrogatory by referring another party to documents attached to the

4  responsive pleadings or to documents previously produced or disclosed.  With that

5  said, the reference shall be in sufficient detail to permit the interrogating party to

6  locate and to identify, as readily as can the party served, the records from which the

7  answer may be ascertained.").

8      Consistent with the Discovery Master's previous ruling and the law cited by the

9  Discovery Master, the MGA parties and Bryant should be required to identify

10  documents with sufficient particularity.  Specifically, MGA should be required to

11  specifically identify documents in response to Interrogatory Nos. 27-38, 46-47 and

12  50, and Bryant should be required to specifically identify documents in response to

13  Interrogatory Nos. 27-33, 36-38, 42 and 47.  The Discovery Master's ruling that

14  Defendants need not do so is contrary to law.

**Conclusion**

16      For the foregoing reasons, Mattel respectfully requests that the Discovery

17  Master's February 15, 2008 and February 20, 2008 Orders be overruled and that (1)

18  the MGA parties be ordered to provide full and complete responses to Interrogatory

19  Nos. 27-29, 39, 41, 46 and 48-50, (2) Carter Bryant be ordered to provide full and

20  complete responses to Interrogatory Nos. 27-29, 39 and 47, (3) the MGA parties be

21  ordered to identify documents with specificity (including by Bates number) in

22  response to Interrogatory Nos. 27-38, 46-47 and 50, and (4) Carter Bryant be ordered

23  to identify documents with specificity (including by Bates number) in response to

24  Interrogatory Nos. 27-33, 36-38, 42 and 47.

25  DATED:  March 3, 2008           QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

26

27                           By /s/ B. Dylan Proctor

28                               B. Dylan Proctor
                             Attorneys for Mattel, Inc.

-25-

MATTEL'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S FEBRUARY 15, 2008 AND FEBRUARY 20, 2008 ORDERS

EXHIBIT    9

PAGE    264

# EXHIBIT 10

1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, CA 90071-3144
3  Telephone: (213) 687-5000
   Facsimile: (213) 687-5600
4  E-mail:    tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, Suite 3800
   San Francisco, CA 94111
7  Telephone: (415) 984-6400
   Facsimile: (415) 984-2698
8  E-mail:    rkennedy@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                    EASTERN DIVISION

14 CARTER BRYANT, an individual      ) CASE NO. CV 04-9049 SGL (RNBx)
                                     )
15            Plaintiff,             ) Consolidated with Case No. 04-9059
                                     ) and Case No. 05-2727
16      v.                           )
                                     ) MGA ENTERTAINMENT,
17 MATTEL, INC., a Delaware          ) INC.'S SUPPLEMENTAL
   corporation                       ) RESPONSES TO MATTEL,
18                                   ) INC.'S SEVENTH SET OF
            Defendant.               ) INTERROGATORIES
19                                   )
                                     ) CONFIDENTIAL --
20                                   ) ATTORNEYS' EYES ONLY
                                     )
21                                   ) Honorable Stephen G. Larson
                                     ) Courtroom 1
22 ─────────────────────────────     )
   Consolidated with MATTEL, INC. v. ) Discovery Cut-Off: March 3, 2008
23 BRYANT and MGA                    )
   ENTERTAINMENT, INC. v.            )
24 MATTEL, INC.                      )
                                     )
25

26 PROPOUNDING PARTY:    MATTEL, INC. ("MATTEL")

27 RESPONDING PARTY:     MGA ENTERTAINMENT, INC.

28 SET NUMBER:           SEVENTH

EXHIBIT 10
PAGE 265

## PRELIMINARY STATEMENT

The General Response set forth herein applies to all responses that MGA Entertainment, Inc. ("MGA") is providing in response to these interrogatories or may in the future provide in response to any discovery request in this action. The Response is made without waiving, or intending to waive but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Response reflects only the present state of MGA's discovery regarding the information that Mattel seeks. Discovery and other investigation or research concerning this litigation are continuing. It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts and meaning to the known facts, as well as establish entirely new factual conclusions, all of which may lead MGA to discover other information responsive to these interrogatories. MGA therefore reserves the right to amend or supplement this Response at any time in light of future investigation, research or analysis, and also expressly reserves the right to rely on, at any time, including trial, subsequently discovered information omitted from this Response as a result of mistake, error, oversight or inadvertence. MGA does not hereby admit, adopt or acquiesce in any factual or legal contention, assertion or characterization contained in the Interrogatories or any particular request therein, even where MGA has not otherwise objected to a particular interrogatory, or has agreed to provide information responsive to a particular interrogatory.

No incidental or implied admissions are intended by this Response. These responses should not be taken as an admission that MGA accepts or admits the

1



EXHIBIT __10__
PAGE __266__

1  existence of any facts set forth or assumed by any instruction, definition or

2  interrogatory.

3  **GENERAL OBJECTIONS**

4  MGA responds to these interrogatories subject to the following general

5  objections and limitations, each of which is incorporated into each and every

6  response as though fully set forth therein:

7  1.  MGA objects to these interrogatories to the extent they seek

8  information that is not subject to disclosure under any applicable privilege, doctrine

9  or immunity, including without limitation the attorney-client privilege, the work

10  product doctrine, the right of privacy, and all other privileges recognized under the

11  constitutional, statutory or decisional law of the United States of America, the State

12  of California or any other applicable jurisdiction.

13  2.  MGA objects to these interrogatories to the extent they seek

14  information not relevant to the claims or defenses of any party to this action and not

15  reasonably calculated to lead to the discovery of admissible evidence.

16  3.  MGA objects to these interrogatories to the extent they seek

17  information which by reason of public filing or otherwise is already in Mattel's

18  possession or is readily accessible to Mattel.

19  4.  MGA objects to these interrogatories to the extent they seek the

20  disclosure of information (1) not currently within its possession, custody or control;

21  (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to

22  persons, entities, or events not known to MGA.  Such instructions, definitions, or

23  requests are objectionable where they seek to require more of MGA than any

24  obligation imposed by the Federal Rules of Civil Procedure; subject MGA to

25  unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to

26  impose upon MGA an obligation to investigate or discover information or materials

27  from sources equally accessible to Mattel.

28

EXHIBIT ___ 10
PAGE ___ 267

5.     MGA objects to these interrogatories to the extent they are
overbroad and unduly burdensome.

6.     MGA objects to the definitions and instructions to the extent such
definitions and instructions purport to enlarge, expand, or alter in any way the plain
meaning and scope of any specific term or specific interrogatories on the ground that
such enlargement, expansion, or alteration renders such a term or request vague,
ambiguous, unintelligible, overly broad, unduly burdensome, and/or uncertain.

7.     MGA objects to the following definitions in these interrogatories:

(a)     MGA objects to the definition of the terms "IDENTIFY" or
"IDENTITY" (Definitions ¶ 10) as overbroad, unduly burdensome, vague and
ambiguous, and oppressive. Mattel's definition of these terms inherently calls for
answers to multiple discrete questions or subparts to questions. For example, as
those terms are used with reference to a protectibility of a trade dress (Definitions ¶
10(f)), the use of those terms request at least four different and distinct facts: (a) all
facts that support YOUR contention that such trade dress is inherently distinctive or
has acquired secondary meaning and that such trade dress is famous; (b) the date that
YOU contend such trade dress acquired secondary meaning and, if YOU contend the
trade dress is famous, the date on which YOU contend that it became famous; (c) all
facts that support YOUR contention that such trade dress is not functional; and (d) if
YOU are relying on advertising to establish secondary meaning or fame, the dollar
amounts, by year, spent by YOU or anyone acting on YOUR behalf on advertising
that features such trade dress. Therefore, any interrogatory that includes or
incorporates the terms "IDENTIFY" or "IDENTITY" is necessarily compound, and
should be posed as separate interrogatories;

(b)     MGA also objects to the term "any" (Definitions ¶ 11) on
the grounds and to the extent it is overbroad, unduly burdensome, and/or is vague
and ambiguous in the context of the interrogatories as written and as those
interrogatories would be plainly understood absent Mattel's definitions;

MGA'S SUPPL. RESPONSES TO MATTEL INC.'S SEVENTH SET OF INTERROGATORIES   NO. CV 04-9049 SGL (RNBx)

EXHIBIT ____ 1D
PAGE ____ 248

1    (c)    MGA objects to the definition of the terms "SOLD,"
2  "SELL" or "SALE" (Definitions ¶ 6) as overbroad, unduly burdensome, vague and
3  ambiguous, and oppressive and strays far from the English meaning of the terms by
4  including concepts such as distribution, licensing and marketing, which are distinct
5  from selling.  MGA will interpret the terms "SOLD," "SELL" or "SALE" consistent
6  with their ordinary, common usages.

7    8.    MGA objects to these interrogatories to the extent they may
8  unfairly seek to restrict the facts on which MGA may rely at trial.  Discovery has not
9  been completed and MGA is not yet necessarily in possession of all the facts and
10  documents upon which MGA intends to rely.  All of the responses submitted
11  herewith are tendered to Mattel with the reservation that the responses are submitted
12  without limiting the evidence on which MGA may rely to support the contentions
13  and defenses that MGA may assert at the trial of this action and to rebut or impeach
14  the contentions, assertions and evidence that Mattel may present.  MGA reserves the
15  right to supplement or amend these responses at a future date.

16    9.    MGA objects to each interrogatory to the extent it seeks
17  information that will be the subject of expert witness testimony and that is therefore
18  premature.

19    10.    MGA objects to each interrogatory to the extent it calls for a legal
20  conclusion.

21    11.    MGA objects to each interrogatory to the extent it seeks the
22  disclosure of confidential, proprietary, or trade-secret information.

23    12.    MGA reserves the right to object on any ground at any time to
24  such other supplemental discovery requests as Mattel may propound involving or
25  relating to the same subject matter of these interrogatories.

26    13.    In responding to these interrogatories, MGA has not complied
27  and will not comply with any instructions or definitions that seek to impose
28  requirements in addition to those imposed by the Federal Rules of Civil Procedure,

4

EXHIBIT ___1 0___
PAGE ___269___

1  the local rules of this Court, any orders entered by the Court in this action, or other

2  applicable law.

3     14. Consistent with Rule 33(d) of the Federal Rules of Civil

4  Procedure, MGA objects to providing responses to interrogatories that can be

5  derived from documents that have been or will be produced (when requested in

6  compliance with Rule 26) and where the burden of deriving such information is

7  substantially the same for Mattel as it is for MGA.

8     15. MGA objects to the definitions, instructions, and interrogatories

9  to the extent they seek information that was prepared in anticipation of litigation,

10  constitutes attorney work product, discloses mental impressions, conclusions,

11  opinions or legal theories of any attorney for or otherwise representative of MGA,

12  contains privileged attorney-client communications, or is otherwise protected from

13  disclosure by any privileges, laws or rules.  MGA shall not produce such information

14  in response to Mattel's interrogatories.  Any disclosure of such protected or

15  privileged information is inadvertent and shall not be construed as a waiver of those

16  privileges or protections.  MGA reserves the right to correct the record with regard to

17  any such inadvertent disclosure, as provided for in the Protective Order governing

18  this case.

19     16. MGA objects to each of Mattel's interrogatories because Mattel

20  has propounded more than 50 interrogatories, including discrete subparts.  Under

21  Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each

22  side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

23     17. The responses below shall not be construed as an admission as to

24  the relevance or admissibility of any statement or characterization contained in any

25  interrogatory.  MGA reserves all objections, including without limitation, objections

26  as to competency, relevance, materiality, privilege, authenticity, or admissibility.

27     18. To the extent MGA responds to an interrogatory, it does so

28  without waiving or intending to waive but rather, on the contrary, preserving and

MGA'S SUPPL. RESPONSES TO MATTEL INC.'S SEVENTH SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

EXHIBIT   10
PAGE   270

1   intending to preserve, its contention that anything Mr. Bryant did on weekends,

2   evenings, vacation and any other time outside ordinary business hours was not done

3   while he was working for Mattel.  MGA's response may not be taken as an admission

4   that the information it provides in its response in any way reflects or evidences work

5   performed by Mr. Bryant while he was working for Mattel or that MGA adopts or

6   agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's

7   interrogatory.

8   **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

9        Without waiving or departing from its General Response and General

10  Objections, and specifically incorporating them in its response to each interrogatory

11  below, MGA makes the following additional objections and responses to specific

12  interrogatories:

13  **INTERROGATORY NO. 48:**

14       Separately IDENTIFY each trade dress that YOU contend MATTEL

15  has copied, infringed or diluted or that is otherwise the subject of YOUR claims,

16  defenses or allegations in THIS ACTION.

17  **RESPONSE TO INTERROGATORY NO. 48:**

18       MGA incorporates by reference its General Response and General

19  Objections above, as though fully set forth herein and specifically incorporates

20  General Objection No. 7 (regarding Definitions), including without limitation its

21  objection to the definitions of the terms "IDENTIFY" and "SOLD."  MGA also

22  objects to this interrogatory to the extent it seeks information that is not subject to

23  disclosure under any applicable privilege, doctrine or immunity, including without

24  limitation the attorney-client privilege, the work product doctrine, the right of

25  privacy, and all other privileges recognized under the constitutional, statutory or

26  decisional law of the United States of America, the State of California or any other

27  applicable jurisdiction.

28       MGA further objects because the interrogatory additionally contains

6

EXHIBIT __16__
PAGE __271__

1 | discrete subparts that require separate, distinct and multiple responses through
2 | defined terms.  Specifically, Mattel's definitions of the terms "IDENTIFY" and
3 | "IDENTITY" as applied to trade dress would require MGA to provide separate,
4 | distinct, and multiple responses.  For example, Mattel's definition of the term
5 | "IDENTIFY" in the context of this interrogatory purports to require MGA to
6 | "IDENTIFY" discrete facts for each copied, infringed or diluted trade dress,
7 | including:  (a) each and every element that makes up the claimed trade dress; and (b)
8 | each and every product or product packaging SOLD that embodies, uses or employs
9 | the claimed trade dress.  This interrogatory is further compounded by Mattel's
10 | definition of "IDENTITY," which purports to require MGA to provide the following
11 | information for each of the product or product packing requested to be identified as
12 | part of Mattel's definition of "IDENTIFY," above:  (1) the full name of the product,
13 | or in the case of packaging, the product or item with which the packaging is used; (2)
14 | the SKU number or any other applicable unique identifier or designation of the
15 | product or, in the case of packaging, the product or item with which the packaging is
16 | used; (3) the time period during which the product was, has been or will be SOLD
17 | or, in the case of product packaging, the time period during which the product
18 | packaging was, has been or will be used; and (4) the IDENTITY of each PERSON
19 | who has licensed from YOU the right to SELL such product or, in the case of
20 | product packaging, the IDENTITY of the PERSON who has licensed from YOU the
21 | right to use the packaging or to SELL the products with which the packaging is used.
22 | This interrogatory is further compounded by Mattel's definition of "IDENTITY,"
23 | which purports to require MGA to provide the following information for each of the
24 | persons requested to be identified as part of Mattel's definition of "IDENTIFY,"
25 | above:  (1) the individual's name; (2) any known business title; (3) the current or last
26 | known business affiliation; (4) the current or last known residential address; (5) the
27 | current or last known business address; (6) the current or last known relationship to
28 | MGA; and (7) the current or last known telephone number.  Additionally, through

7

EXHIBIT ___10___
PAGE ___272___

1 | Mattel's definition of "YOU," this interrogatory asks for all of the foregoing
2 | information about contentions regarding trade dress by each of the multiple separate
3 | responding parties to this set of interrogatories.

4 | MGA further objects to the extent this interrogatory seeks information
5 | that is beyond MGA's personal knowledge and is not in MGA's possession, custody,
6 | or control.  MGA also objects to this interrogatory to the extent it calls for
7 | information already produced in this litigation or more easily obtainable from other
8 | sources.  MGA objects to providing responses to interrogatories that can be derived
9 | from documents that have or will be produced (when requested in compliance with
10 | Rule 26) and where the burden to derive such information is substantially the same
11 | for Mattel as it is for MGA.

12 | MGA objects to this interrogatory because Mattel has propounded more
13 | than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,
14 | "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-
15 | SGL and CV 05-02727.]"

16 | MGA further objects to this interrogatory on the ground that it is
17 | premature because MGA's trade dress (and other legal concepts that may be
18 | relevant) will be the subject of expert testimony at trial.  MGA objects to this
19 | interrogatory to the extent it seeks to limit the expert testimony that MGA may seek
20 | to introduce at trial.  MGA will identify its experts and make related disclosures in
21 | accordance with the Court's orders and applicable rules.

22 | Subject to and without waiving the foregoing objections, MGA
23 | responds as follows:  MGA is willing to meet and confer with Mattel regarding this
24 | interrogatory.

25 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 48:**

26 | MGA incorporates by reference its General Response and General
27 | Objections above, as though fully set forth herein and specifically incorporates
28 | General Objection No. 7 (regarding Definitions), including without limitation its

8

EXHIBIT ___/O___

PAGE ___273___

1   objection to the definitions of the terms "IDENTIFY" and "SOLD." MGA also

2   objects to this interrogatory to the extent it seeks information that is not subject to

3   disclosure under any applicable privilege, doctrine or immunity, including without

4   limitation the attorney-client privilege, the work product doctrine, the right of

5   privacy, and all other privileges recognized under the constitutional, statutory or

6   decisional law of the United States of America, the State of California or any other

7   applicable jurisdiction.

8           MGA further objects because the interrogatory additionally contains

9   discrete subparts that require separate, distinct and multiple responses through

10   defined terms. Specifically, Mattel's definitions of the terms "IDENTIFY" and

11   "IDENTITY" as applied to trade dress would require MGA to provide separate,

12   distinct, and multiple responses. For example, Mattel's definition of the term

13   "IDENTIFY" in the context of this interrogatory purports to require MGA to

14   "IDENTIFY" discrete facts for each copied, infringed or diluted trade dress,

15   including: (a) each and every element that makes up the claimed trade dress; and (b)

16   each and every product or product packaging SOLD that embodies, uses or employs

17   the claimed trade dress. This interrogatory is further compounded by Mattel's

18   definition of "IDENTITY," which purports to require MGA to provide the following

19   information for each of the product or product packing requested to be identified as

20   part of Mattel's definition of "IDENTIFY," above: (1) the full name of the product,

21   or in the case of packaging, the product or item with which the packaging is used; (2)

22   the SKU number or any other applicable unique identifier or designation of the

23   product or, in the case of packaging, the product or item with which the packaging is

24   used; (3) the time period during which the product was, has been or will be SOLD

25   or, in the case of product packaging, the time period during which the product

26   packaging was, has been or will be used; and (4) the IDENTITY of each PERSON

27   who has licensed from YOU the right to SELL such product or, in the case of

28   product packaging, the IDENTITY of the PERSON who has licensed from YOU the

9

EXHIBIT ___ 10 ___

PAGE ___ 274 ___

1  right to use the packaging or to SELL the products with which the packaging is used.

2  This interrogatory is further compounded by Mattel's definition of "IDENTITY,"

3  which purports to require MGA to provide the following information for each of the

4  persons requested to be identified as part of Mattel's definition of "IDENTIFY,"

5  above: (1) the individual's name; (2) any known business title; (3) the current or last

6  known business affiliation; (4) the current or last known residential address; (5) the

7  current or last known business address; (6) the current or last known relationship to

8  MGA; and (7) the current or last known telephone number. Additionally, through

9  Mattel's definition of "YOU," this interrogatory asks for all of the foregoing

10 information about contentions regarding trade dress by each of the multiple separate

11 responding parties to this set of interrogatories.

12      MGA further objects to the extent this interrogatory seeks information

13 that is beyond MGA's personal knowledge and is not in MGA's possession, custody,

14 or control. MGA also objects to this interrogatory to the extent it calls for

15 information already produced in this litigation or more easily obtainable from other

16 sources. MGA objects to providing responses to interrogatories that can be derived

17 from documents that have or will be produced (when requested in compliance with

18 Rule 26) and where the burden to derive such information is substantially the same

19 for Mattel as it is for MGA.

20      MGA further objects to this interrogatory on the ground that it is

21 premature because MGA's trade dress (and other legal concepts that may be

22 relevant) will be the subject of expert testimony at trial. MGA objects to this

23 interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

24 to introduce at trial. MGA will identify its experts and make related disclosures in

25 accordance with the Court's orders and applicable rules.

26      Subject to and without waiving the foregoing objections, MGA provides

27 the following supplemental response:

28      The unique and distinctive trade dress of MGA's "Bratz" line of dolls

EXHIBIT ___10___
PAGE ___275___

1 | that Mattel has copied, infringed, and diluted is comprised of the following elements:

2 | • the unique, unusual geometric-shaped packaging, with increased
3 | transparency including transparent open sides, and with a "flying
4 | banner" style slogan;
5 | • the proportions and special arrangements of the eyes, noses,
6 | mouths and hairlines;
7 | • the shape of the eyes, faces, heads and lips;
8 | • the unique face paint, design, and color scheme depicting facial
9 | features;
10 | • the disproportionately oversized heads;
11 | • the oversized shoes; and
12 | • the trendy, hip clothing and hair styles.

13 | The unique and distinctive trade dress of MGA's "Bratz Petz" line of
14 | dolls that Mattel has copied, infringed and diluted is comprised of the following
15 | elements:

16 | • the open box packaging with no top cover and with partial side
17 | panels that slope from a narrow front panel to a higher back panel;
18 | • the large, humanlike, artfully made-up eyes with long eyelashes
19 | that sweep out and away from the outer corner of the eye;
20 | • the disproportionately oversized heads; and
21 | • the trendy human clothing.

22 | **INTERROGATORY NO. 49:**

23 | For each trade dress identified in response to Interrogatory No. 48,
24 | separately and fully IDENTIFY each and every MATTEL product, packaging or
25 | other matter that YOU contend copies, infringes or dilutes such trade dress,
26 | including without limitation by describing fully and separately, for each such
27 | MATTEL product, packaging or other matter, each and every element of the claimed
28 | trade dress that YOU contend MATTEL has copied, infringed or diluted.

11

EXHIBIT ___10___
PAGE ___274___

**RESPONSE TO INTERROGATORY NO. 49:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including without limitation its objection to the definition of the terms "SOLD," "REFER OR RELATE TO" and "IDENTIFY" insofar as it is used to refer to "product or packaging." MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.

MGA objects because the interrogatory is compound on its face. MGA further objects because the interrogatory additionally contains discrete subparts that require separate, distinct and multiple responses through defined terms. Specifically, Mattel's definition of the term "IDENTIFY" (Definitions ¶ 10(c)) as it pertains to "product or packaging" requires MGA to provide separate, distinct, and multiple responses. For example, Mattel's definition of the term "IDENTIFY" in the context of this interrogatory purports to require MGA to provide a multitude of discrete facts for each infringing or diluting product, packaging or other matter, including: (1) the full name of the product, or in the case of packaging, the product or item with which the packaging is used; (2) the SKU number or any other applicable unique identifier or designation of the product or, in the case of packaging, the product or item with which the packaging is used; (3) the time period during which the product was, has been or will be SOLD or, in the case of product packaging, the time period during which the product packaging was, has been or will be used; and (4) the IDENTITY of each PERSON who has licensed from YOU the right to SELL such product or, in the case of product packaging, the IDENTITY of the PERSON who has licensed

12

EXHIBIT __10__

PAGE __277__

1 from YOU the right to use the packaging or to SELL the products with which the
2 packaging is used. This interrogatory is further compounded by Mattel's definition
3 of "IDENTITY," which purports to require MGA to provide the following
4 information for each of the persons requested to be identified as part of Mattel's
5 definition of "IDENTIFY," above: (1) the individual's name; (2) any known
6 business title; (3) the current or last known business affiliation; (4) the current or last
7 known residential address; (5) the current or last known business address; (6) the
8 current or last known relationship to MGA; and (7) the current or last known
9 telephone number. Additionally, through Mattel's definition of "YOU," this
10 interrogatory asks for all of the foregoing information about contentions regarding
11 trade dress by each of the multiple separate responding parties to this set of
12 interrogatories.

13        MGA further objects to the extent this interrogatory seeks information
14 that is beyond MGA's personal knowledge and is not in MGA's possession, custody,
15 or control. MGA also objects to this interrogatory to the extent it calls for
16 information already produced in this litigation or more easily obtainable from other
17 sources. MGA objects to providing responses to interrogatories that can be derived
18 from documents that have or will be produced (when requested in compliance with
19 Rule 26) and where the burden to derive such information is substantially the same
20 for Mattel as it is for MGA.

21        MGA objects to this interrogatory because Mattel has propounded more
22 than 50 interrogatories. Under Judge Larson's order of February 22, 2007,
23 "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-
24 SGL and CV 05-02727.]"

25        MGA further objects to this interrogatory on the ground that it is
26 premature because MGA's trade dress (and other legal concepts that may be
27 relevant) will be the subject of expert testimony at trial. MGA objects to this
28 interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

EXHIBIT _10_
PAGE _278_

1   to introduce at trial.  MGA will identify its experts and make related disclosures in

2   accordance with the Court's orders and applicable rules.

3            Subject to and without waiving the foregoing objections, MGA

4   responds as follows: MGA is willing to meet and confer with Mattel regarding this

5   interrogatory.

6   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 49:**

7            MGA incorporates by reference its General Response and General

8   Objections above, as though fully set forth herein and specifically incorporates

9   General Objection No. 7 (regarding Definitions), including without limitation its

10  objection to the definition of the terms "SOLD," "REFER OR RELATE TO" and

11  "IDENTIFY" insofar as it is used to refer to "product or packaging."  MGA also

12  objects to this interrogatory to the extent it seeks information that is not subject to

13  disclosure under any applicable privilege, doctrine or immunity, including without

14  limitation the attorney-client privilege, the work product doctrine, the right of

15  privacy, and all other privileges recognized under the constitutional, statutory or

16  decisional law of the United States of America, the State of California or any other

17  applicable jurisdiction.

18            MGA objects because the interrogatory is compound on its face.  MGA

19  further objects because the interrogatory additionally contains discrete subparts that

20  require separate, distinct and multiple responses through defined terms.  Specifically,

21  Mattel's definition of the term "IDENTIFY" (Definitions ¶ 10(c)) as it pertains to

22  "product or packaging" requires MGA to provide separate, distinct, and multiple

23  responses.  For example, Mattel's definition of the term "IDENTIFY" in the context

24  of this interrogatory purports to require MGA to provide a multitude of discrete facts

25  for each infringing or diluting product, packaging or other matter, including:  (1) the

26  full name of the product, or in the case of packaging, the product or item with which

27  the packaging is used; (2) the SKU number or any other applicable unique identifier

28  or designation of the product or, in the case of packaging, the product or item with

14

EXHIBIT ___10___

PAGE ___279___

1  which the packaging is used; (3) the time period during which the product was, has
2  been or will be SOLD or, in the case of product packaging, the time period during
3  which the product packaging was, has been or will be used; and (4) the IDENTITY
4  of each PERSON who has licensed from YOU the right to SELL such product or, in
5  the case of product packaging, the IDENTITY of the PERSON who has licensed
6  from YOU the right to use the packaging or to SELL the products with which the
7  packaging is used. This interrogatory is further compounded by Mattel's definition
8  of "IDENTITY," which purports to require MGA to provide the following
9  information for each of the persons requested to be identified as part of Mattel's
10 definition of "IDENTIFY," above:  (1) the individual's name; (2) any known
11 business title; (3) the current or last known business affiliation; (4) the current or last
12 known residential address; (5) the current or last known business address; (6) the
13 current or last known relationship to MGA; and (7) the current or last known
14 telephone number.  Additionally, through Mattel's definition of "YOU," this
15 interrogatory asks for all of the foregoing information about contentions regarding
16 trade dress by each of the multiple separate responding parties to this set of
17 interrogatories.

18      MGA further objects to the extent this interrogatory seeks information
19 that is beyond MGA's personal knowledge and is not in MGA's possession, custody,
20 or control.  MGA also objects to this interrogatory to the extent it calls for
21 information already produced in this litigation or more easily obtainable from other
22 sources.  MGA objects to providing responses to interrogatories that can be derived
23 from documents that have or will be produced (when requested in compliance with
24 Rule 26) and where the burden to derive such information is substantially the same
25 for Mattel as it is for MGA.

26      MGA further objects to this interrogatory on the ground that it is
27 premature because MGA's trade dress (and other legal concepts that may be
28 relevant) will be the subject of expert testimony at trial.  MGA objects to this

15


EXHIBIT   10
PAGE   780

1  interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

2  to introduce at trial.  MGA will identify its experts and make related disclosures in

3  accordance with the Court's orders and applicable rules.

4          Subject to and without waiving the foregoing objections, MGA provides

5  the following supplemental response:

6          Each of Mattel's "My Scene" fashion dolls copied, infringed and

7  diluted:

8      • the unique, unusual geometric-shaped packaging, with increased

9          transparency including transparent open sides, and with a "flying

10         banner" style slogan;

11     • the proportions and special arrangements of the eyes, noses,

12         mouths and hairlines;

13     • the shape of the eyes, faces, heads and lips;

14     • the unique face paint, design, and color scheme depicting facial

15         features;

16     • the disproportionately oversized heads;

17     • the oversized shoes; and

18     • the trendy, hip clothing and hair styles.

19         Each of Mattel's "My Scene" pet dolls copied, infringed and diluted:

20     • the large, humanlike, artfully made-up eyes with long eyelashes

21         that sweep out and away from the outer corner of the eye;

22     • the disproportionately oversized heads;

23     • the trendy human clothing; and

24     • the open box packaging with no top cover and with partial side

25         panels that slope from a narrow front panel to a higher back

26         panel.

27  **INTERROGATORY NO. 50:**

28          For each trade dress identified in response to Interrogatory No. 48,

MGA'S SUPPL. RESPONSES TO MATTEL INC.'S SEVENTH SET OF INTERROGATORIES    NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___10___

PAGE ___281___

1 separately and completely IDENTIFY all facts that support YOUR contention that

2 such trade dress is protectible, all DOCUMENTS that REFER OR RELATE to the

3 foregoing and all PERSONS with knowledge of the foregoing.

4 **RESPONSE TO INTERROGATORY NO. 50:**

5     MGA incorporates by reference its General Response and General

6 Objections above, as though fully set forth herein and specifically incorporates

7 General Objection No. 7 (regarding Definitions), including without limitation its

8 objection to the definitions of the terms "IDENTIFY" or "IDENTITY," and "REFER

9 OR RELATE TO." MGA also objects to this interrogatory to the extent it seeks

10 information that is not subject to disclosure under any applicable privilege, doctrine

11 or immunity, including without limitation the attorney-client privilege, the work

12 product doctrine, the right of privacy, and all other privileges recognized under the

13 constitutional, statutory or decisional law of the United States of America, the State

14 of California or any other applicable jurisdiction.

15     MGA further objects to the interrogatory on the grounds that it is

16 oppressive, harassing, and unduly burdensome insofar as it requires MGA to compile

17 detailed financial reports of information not reasonably available solely for the

18 purpose of responding this interrogatory.

19     MGA further objects because the interrogatory additionally contains

20 discrete subparts that require separate, distinct and multiple responses through

21 defined terms. Specifically, Mattel's definitions of the term "IDENTIFY" as applied

22 to the protectibility of trade dress would require MGA to provide separate, distinct,

23 and multiple responses.

24     For example, Mattel's definition of the term "IDENTIFY," in the

25 context of protectibility of a trade dress (Definitions ¶ 10(f)), requests at least four

26 different and distinct facts:  (a) all facts that support YOUR contention that such

27 trade dress is inherently distinctive or has acquired secondary meaning and that such

28 trade dress is famous; (b) the date that YOU contend such trade dress acquired

17

EXHIBIT __10__

PAGE __282__

1  secondary meaning and, if YOU contend the trade dress is famous, the date on which
2  YOU contend that it became famous; (c) all facts that support YOUR contention that
3  such trade dress is not functional; and (d) if YOU are relying on advertising to
4  establish secondary meaning or fame, the dollar amounts, by year, spent by YOU or
5  anyone acting on YOUR behalf on advertising that features such trade dress.
6  Additionally, through Mattel's definition of "YOU," this interrogatory asks for all of
7  the foregoing information about contentions regarding trade dress by each of the
8  multiple separate responding parties to this set of interrogatories.

9       MGA further objects to the extent this interrogatory seeks information
10 that is beyond MGA's personal knowledge and is not in MGA's possession, custody,
11 or control.  In particular, MGA objects to this interrogatory to the extent that it
12 requests that MGA "IDENTIFY *all* facts . . . *all* DOCUMENTS . . . and *all*
13 PERSONS" (emphasis added).  MGA also objects to this interrogatory to the extent
14 it calls for information already produced in this litigation or more easily obtainable
15 from other sources.  MGA objects to providing responses to interrogatories that can
16 be derived from documents that have or will be produced (when requested in
17 compliance with Rule 26) and where the burden to derive such information is
18 substantially the same for Mattel as it is for MGA.

19      MGA objects to this interrogatory because Mattel has propounded more
20 than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,
21 "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-
22 SGL and CV 05-02727.]"

23      MGA further objects to this interrogatory on the ground that it is
24 premature because MGA's trade dress (and other legal concepts that may be
25 relevant) will be the subject of expert testimony at trial.  MGA objects to this
26 interrogatory to the extent it seeks to limit the expert testimony that MGA may seek
27 to introduce at trial.  MGA will identify its experts and make related disclosures in
28 accordance with the Court's orders and applicable rules.

EXHIBIT ___10___
PAGE ___283___

1  Subject to and without waiving the foregoing objections, MGA

2  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

3  interrogatory.

4  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 50:**

5  MGA incorporates by reference its General Response and General

6  Objections above, as though fully set forth herein and specifically incorporates

7  General Objection No. 7 (regarding Definitions), including without limitation its

8  objection to the definitions of the terms "IDENTIFY" or "IDENTITY," and "REFER

9  OR RELATE TO."  MGA also objects to this interrogatory to the extent it seeks

10  information that is not subject to disclosure under any applicable privilege, doctrine

11  or immunity, including without limitation the attorney-client privilege, the work

12  product doctrine, the right of privacy, and all other privileges recognized under the

13  constitutional, statutory or decisional law of the United States of America, the State

14  of California or any other applicable jurisdiction.

15  MGA further objects to the interrogatory on the grounds that it is

16  oppressive, harassing, and unduly burdensome insofar as it requires MGA to compile

17  detailed financial reports of information not reasonably available solely for the

18  purpose of responding this interrogatory.

19  MGA further objects because the interrogatory additionally contains

20  discrete subparts that require separate, distinct and multiple responses through

21  defined terms.  Specifically, Mattel's definitions of the term "IDENTIFY" as applied

22  to the protectibility of trade dress would require MGA to provide separate, distinct,

23  and multiple responses.

24  For example, Mattel's definition of the term "IDENTIFY," in the

25  context of protectibility of a trade dress (Definitions ¶ 10(f)), requests at least four

26  different and distinct facts:  (a) all facts that support YOUR contention that such

27  trade dress is inherently distinctive or has acquired secondary meaning and that such

28  trade dress is famous; (b) the date that YOU contend such trade dress acquired

19

EXHIBIT _10_

PAGE _284_

1  secondary meaning and, if YOU contend the trade dress is famous, the date on which
2  YOU contend that it became famous; (c) all facts that support YOUR contention that
3  such trade dress is not functional; and (d) if YOU are relying on advertising to
4  establish secondary meaning or fame, the dollar amounts, by year, spent by YOU or
5  anyone acting on YOUR behalf on advertising that features such trade dress.
6  Additionally, through Mattel's definition of "YOU," this interrogatory asks for all of
7  the foregoing information about contentions regarding trade dress by each of the
8  multiple separate responding parties to this set of interrogatories.

9          MGA further objects to the extent this interrogatory seeks information
10  that is beyond MGA's personal knowledge and is not in MGA's possession, custody,
11  or control.  In particular, MGA objects to this interrogatory to the extent that it
12  requests that MGA "IDENTIFY *all* facts . . . *all* DOCUMENTS . . . and *all*
13  PERSONS" (emphasis added).  MGA also objects to this interrogatory to the extent
14  it calls for information already produced in this litigation or more easily obtainable
15  from other sources.  MGA objects to providing responses to interrogatories that can
16  be derived from documents that have or will be produced (when requested in
17  compliance with Rule 26) and where the burden to derive such information is
18  substantially the same for Mattel as it is for MGA.

19          MGA further objects to this interrogatory on the ground that it is
20  premature because MGA's trade dress (and other legal concepts that may be
21  relevant) will be the subject of expert testimony at trial.  MGA objects to this
22  interrogatory to the extent it seeks to limit the expert testimony that MGA may seek
23  to introduce at trial.  MGA will identify its experts and make related disclosures in
24  accordance with the Court's orders and applicable rules.

25          Subject to and without waiving the foregoing objections, MGA provides
26  the following supplemental response:

27          That the elements of MGA's trade dress in its "Bratz" and "Bratz Petz"
28  lines are aesthetic and non-functional is apparent from an examination of the Bratz

20

EXHIBIT    10
PAGE    285

1  products and packaging, compared to other leading fashion dolls.  That MGA's
2  packaging was and is inherently distinctive is apparent from a comparison of said
3  packaging to the state of fashion doll packaging when Bratz was introduced in 2001,
4  the fact that following the Bratz introduction competitors have copied significant,
5  innovative elements of the Bratz packaging, and the fact that the packaging has won
6  industry awards.  MGA's trade dress has also acquired secondary meaning as a
7  source indicator for "Bratz" as a result of the enormous success of the Bratz dolls in
8  the market, and the marketing and promotional efforts employed by MGA to support
9  Bratz.

10           Documents evidencing the market strength of the Bratz trade dress
11  features include documents evidencing (i) sales totals; (ii) package awards; (iii)
12  package related design patents; (iv) publicity given to the Bratz dolls and their
13  success; and (v) documents evidencing industry awards given to MGA on account of
14  the success of the Bratz dolls and/or their innovative packaging, and the fact that said
15  packaging has been copied and mimicked by competitors.

16           Persons with knowledge of the packaging issues include Steffen Smith
17  (Director of Structural Engineering/Creative Package Development), Leon
18  Djiguerian (in Product Development), Samir Khare and Aileen Storer (Creative
19  Director of Bratz & Dolls).  Such issues also fall within the scope of expert
20  testimony.  Many individuals are knowledgeable of the striking similarities between
21  the protected trade dress of Bratz and features of My Scene Barbie dolls and
22  packaging.  These include Carter Bryant and Paula Garcia.

23
24
25
26
27
28

EXHIBIT ___10___
PAGE ___286___

1         That the unique aspects of the Bratz dolls heads/facial features have

2    acquired secondary meaning falls within the scope of expert testimony.

3    DATED:  November 30, 2007

4

5                                  SKADDEN, ARPS, SLATE, MEAGHER &
                                   FLOM LLP

6

7                                  By:  _____
                                          Thomas J. Nolan

8                                  Attorneys for Counter-Defendants, MGA
                                   ENTERTAINMENT, INC., ISAAC LARIAN,

9                                  MGA ENTERTAINMENT (HK) LTD., and
                                   MGAE de MEXICO S.R.L. de C.V.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA'S SUPPL. RESPONSES TO MATTEL INC.'S SEVENTH SET OF INTERROGATORIES   NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___10___
PAGE ___287___