# Exhibit 1



**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

April 16, 2009

VIA ELECTRONIC MAIL, FACSIMILE AND U.S. MAIL

Todd Gordinier, Esq.
Peter Villar, Esq.
Bingham McCutchen LLP
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626-1924

Re:    Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Counsel:

By Order dated March 10, 2009, the Discovery Master required Omni 808 Investors, LLC ("Omni 808") to produce documents relating to the existence of any debt owned by MGA Entertainment, Inc. to Omni 808, including any debt purchased from Wachovia, and any communications between Omni 808 and the MGA parties regarding any such indebtedness. Discovery Master Order No. 3 at 28:3-7. That production and any associated privilege log should have been served on us no later than April 9, 2009. To date, we have received neither documents nor a privilege log from Omni 808.

Please let us know today whether Omni 808 will bring itself into compliance with the Discovery Master's Order. If not, please consider this a meet and confer request pursuant to paragraph 5 of the Discovery Master Stipulation in advance of a motion, including to enforce the Order and for sanctions. Mattel reserves all rights in this regard.

Best regards,

Jon Corey

Jon Corey

07975/2889200.1

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

EXHIBIT _____ I _____

PAGE _____ 2A _____

# Exhibit 2

# BINGHAM

Peter N. Villar
Direct Phone: 714.830.0640
Direct Fax:     714.830.0719
peter.villar@bingham.com

**Via Fax and Email**

April 17, 2009

Jon Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

**Re:  Mattel, Inc. v. MGA Entertainment, Inc. et al.**

Dear Mr. Corey:

We are in receipt of your April 16, 2009 letter regarding Omni 808 Investors, LLC's compliance with the Discovery Master's Order No. 3.  Omni 808 fully intends to comply with the Discovery Master's Order.  However, it is neither efficient nor necessary for us to conduct seriatim searches for documents responsive to the same subpoena and Order thereon.  You made it plain upon your initial receipt of the Discovery Master's Order No. 3 that you were dissatisfied with it and intended to seek to have it changed.  You now have filed a Motion for Reconsideration of the Discovery Master's Order which will be argued on May 5. Once the scope of any required response is resolved we will, of course, promptly comply therewith.

Sincerely yours,

Peter N. Villar

cc:    Thomas Nolan, Esq.
       Jason Russell, Esq.
       Patricia Glaser, Esq.
       Joel Klevens, Esq.
       Amman Khan, Esq.
       Russell Frackman, Esq.
       Jeffrey Valle, Esq.
       Todd Gordinier, Esq.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

A/73014783.1

**EXHIBIT** __2__

**PAGE** __3__

# Exhibit 3

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

April 17, 2009

**VIA ELECTRONIC MAIL AND FACSIMILE**

Peter Villar, Esq.
Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, California 92626

Re:     Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Peter:

I write in response to your letter of earlier today regarding the admitted failure of Omni 808
Investors, LLC ("Omni 808") to produce any of the documents that Discovery Master Order No.
3 compelled Omni 808 to produce by no later than April 10, 2009.

As your letter makes clear, Omni 808 not only has failed to produce the ordered documents, but
it is deliberately refusing to do so. This knowing refusal to produce documents that the
Discovery Master found discoverable appears to be an effort by Omni 808 to conceal relevant
information from Mattel and to hinder discovery and pending motions.

Omni 808's refusal to comply is also contumacious. Your assertion that Omni 808 is free to
nullify Order No. 3's deadline for self-proclaimed reasons of efficiency and burden fails. The
Discovery Master overruled those contentions and ordered Omni 808 to produce its documents
by April 10, 2009 at the latest. Furthermore, the law is clear that Omni 808 cannot arrogate to
itself a right to ignore Court-ordered obligations based on its own perceived disagreement with
the Order or its terms. "If a person to whom a court directs an order believes that order is
incorrect, the remedy is to appeal, but, *absent a stay, he must comply promptly with the order*
pending appeal." Maness v. Meyers, 419 U.S. 449, 458 (1975) (emphasis added); see also Huber
v. Marine Midland Bank, 51 F.3d 5, 8 (2d Cir. 1995) ("[A] contempt proceeding does not open

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
07975/2892134.1
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

EXHIBIT _____3_____

PAGE _____4_____

to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy."). Therefore, absent an actual stay of an order's obligations, a litigant who fails to comply with a discovery order does not excuse that failure even by seeking its reversal. Donovan v. Mazzola, 716 F.2d 1226, 1240 (9th Cir. 1983) ("Absent a stay, 'all orders and judgments of courts must be complied with promptly.'"); United States v. Innis, 2005 WL 2155558 at *1 (E.D. Cal. 2005) ("[T]he fact that respondents filed an appeal to the Ninth Circuit . . . does not excuse the failure to comply with" court orders "in the absence of a stay pending appeal.").

This is the law that has been applied in this case. Just this week, the Discovery Master held that MGA's filing of a protective order motion with a promise of future compliance could not excuse its non-compliance with an Order.[1] Indeed, MGA was previously sanctioned for disobeying a prior discovery Order absent a stay.[2]

Here, Omni 808 has done even less. Omni 808 simply chose to ignore the deadline and, only after it had passed and after Mattel had inquired about the production, disclosed that it is defying the Order. It has not even sought, let alone obtained, a stay of its obligations under Order No. 3. If you are aware of any authority that supports Omni 808's position that it is at liberty to disregard a Court-ordered deadline based on purported efficiency and burden concerns, please provide it to me.

Please be advised that unless Omni 808 makes a full and complete production of all responsive documents by noon on Monday, April 20th, 2009, Mattel will apply on an ex parte basis for an order compelling compliance with Order No. 3, sanctions, and an order to show cause re: contempt. In the event that Omni 808 intends to continuance with its defiance of the Order, please let us know whether Omni 808 will oppose the application.

---

[1]   Discovery Master Order No. 17, at 16-17 ("The contention that MGA somehow remedied its failure to supplement its responses to Interrogatory Nos. 43 and 44 by offering to provide further responses following the ruling on the Protective Order Motion is likewise unavailing. MGA cites no legal authority, and the Discovery Master has found none, supporting the proposition that a party may refuse to respond to an interrogatory after it has been ordered to do so by subsequently filing a motion for a protective order. Nor would such a rule be logical, as it would permit the party ordered to respond to thereby nullify the effect of the court order.") (citation omitted).
[2]   See Order Granting in Part Mattel's Motion to Enforce the Court's Order of May 16, 2007, To Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6), and Granting Request for Sanctions, August 14, 2007 (holding that it was "egregious" for MGA to "persist in its refusal" to comply with a discovery Order and "gamble[]" that the Court would grant it ex parte relief to extend the time for compliance).

EXHIBIT ___3___

PAGE ___5___

I look forward to receiving Omni 808's full production on Monday, April 20, 2009.

Best regards,

*Jon Corey*

Jon Corey

JDC:jlm

cc:     Todd Gordinier, Esq.
        Thomas Nolan, Esq.
        Jason Russell, Esq.
        Patricia Glaser, Esq.
        Joel Klevens, Esq.
        Amman Khan, Esq.
        Russell Frackman, Esq.
        Jeffery Valle, Esq.

EXHIBIT ___3___

PAGE ___6___

# Exhibit 4

# BINGHAM

Todd E. Gordinier
Direct Phone:   714.830.0622
Direct Fax:   714.830.0717
todd.gordinier@bingham.com

April 20, 2009

**Via Facsimile and Email**

Discovery Master Robert C. O'Brien
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

Re:   Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Mr. O'Brien:

We write to you on behalf of non-party Omni 808 Investors, LLC ("Omni") regarding Phase II Discovery Master Order No. 3 ("Order No. 3"). This request is precipitated by Mattel's latest threat to file yet another ex parte application and, of course, again on the eve of a hearing.

As you know, Omni is a non-party secured creditor of MGA by virtue of its acquisition of an MGA debt obligation from Wachovia Bank. You correctly determined that Mattel's document requests to Omni were not relevant to any Phase 2 claims or defenses, but that "limited information, as it relates to the purchase by [Omni] of the debt obligation previously held by Wachovia Bank, is reasonably calculated to lead to the discovery of admissible evidence concerning Phase 2 issues, including the calculation of MGA's net worth for purposes of calculating punitive damages." (Order No. 3 at 20.) Accordingly, you ordered Omni to produce documents relating to the existence of any debt owed by MGA and any communications between Omni and the MGA parties regarding any such indebtedness. (Order No. 3 at 29.)

Within 48 hours of the issuance of your Order No. 3, Mattel claimed to be dissatisfied with it as "unduly limited" and notified us that they intended to file a motion for reconsideration to have it changed. Two weeks later, on March 24, Mattel filed its Motion for Reconsideration. The hearing is scheduled for May 5.

We understood Mattel's Motion for Reconsideration to effectively stay enforcement of Order No. 3 and intended to make a production of the pertinent materials as a single production once you resolved Mattel's request for reconsideration. In fact, until recently, we believed that Mattel shared the same understanding. While Mattel has engaged in ongoing communications and stipulations with IGWT regarding its compliance with Order No. 3 (Mattel is not

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

A/73016495.1

EXHIBIT __4__

PAGE __7__

Discovery Master Robert C. O'Brien
April 20, 2009
Page 2

seeking reconsideration of Order No. 3 as it relates to IGWT), it had not even mentioned Omni's compliance until this past Thursday.

More to the point, Mattel has taken the <u>same position</u> as Omni takes here with respect to those portions of the Order with which it disagrees. Even though you found that most of the categories of documents are not relevant to this litigation, Mattel has insisted that Omni (and the other Financing Entities) continue to preserve documents **pending the resolution of its Motion for Reconsideration**. Perhaps it is not surprising that Mattel wants the best of all worlds by insisting on a de facto stay of that portion of the Order with which it disagrees, while insisting on interim compliance with that portion of the Order with which it has no quarrel - <u>but</u> this is neither fair, efficient nor appropriate.

This past Thursday, April 16, Mattel's counsel sent us a letter for the first time raising this as an issue. We advised Mattel's counsel that Omni will promptly and fully comply with your Order once the scope of any required response is finally resolved. It is neither efficient nor appropriate for us to conduct seriatim searches for documents responsive to the same subpoena and Order thereon. This would multiply the burden and expense on a non-party and would be particularly cumbersome vis a vis electronic discovery since the search terms will be determined by the scope of the Order.

Predictably, Mattel not only failed to recognize any such commonsensical approach but has threatened to bring yet another ex parte application. Mattel has no good faith basis on which to object to this approach, and has articulated no harm or prejudice that it may suffer by receiving one production once <u>Mattel's own Motion for Reconsideration</u> of the Order has been decided and the scope of the material to be produced is finally resolved.

Indeed, Mattel has argued, in its court filings to date, that the documents already produced by Wachovia are largely the same documents to be produced by Omni.

There is little doubt that Mattel has embarked on a course of conduct designed principally to impose as much burden and expense as possible on my client and this is just the latest example. There is no reason that Omni should be required to conduct serial searches or productions to comply with Order No. 3 (as it presently reads) given Mattel's determination to have your Order reconsidered - particularly where it is Mattel that is seeking the reconsideration. The burden and expense. this would subject my non-party client to entirely outweighs any argument Mattel has for piecemeal resolution of this matter.

EXHIBIT _4_

PAGE _8_

Discovery Master Robert C. O'Brien
April 20, 2009
Page 3

Accordingly, we respectfully request that you make it clear that Omni may
respond to these matters in a single production once you issue your decision on
Mattel's Motion for Reconsideration and the scope of Omni's third-party
discovery obligation is resolved.

Very truly yours,

Todd E. Gordinier

cc:    Michael Zeller, Esq.
       Jon Corey, Esq.
       Thomas Nolan, Esq.
       Jason Russell, Esq.
       Patricia Glaser, Esq.
       Joel Klevens, Esq.
       Amman Khan, Esq.
       Jeffrey Valle, Esq.
       Russell Frackman, Esq.
       Peter Villar, Esq.

EXHIBIT 4

PAGE 9

# Exhibit 5



1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 090378)
     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemnauel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8  [Additional counsel listed on following page]

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12  CARTER BRYANT, an individual,      )  Case No. CV 04-09049 SGL (RNBx)
                                        )
13            Plaintiff,                )  Consolidated with
                                        )  Case No. CV 04-09059
14       v.                             )  Case No. CV 05-02727
                                        )
15  MATTEL, INC., a Delaware            )  STIPULATION FOR APPOINTMENT
    corporation,                        )  OF A DISCOVERY MASTER; AND
16                                      )
              Defendant.                )  [PROPOSED] ORDER
17                                      )
                                        )
18  ────────────────────────────       )  Discovery Cutoff Date: Not Set
                                           Trial Date: Not Set
19

20

21

22

23

24

25

26

27

28

EXHIBIT  5

PAGE  10

Case No. CV 04-09049 SGL (RNBx)
STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1  LITTLER MENDELSON
     Robert F. Millman (Bar No. 062152)
2    Douglas A. Wickham (Bar No. 127268)
     Keith A. Jacoby (Bar No. 150233)
3  2049 Century Park East, 5th Floor
   Los Angeles, California 90067-3107
4  Telephone: (310) 553-0308
   Facsimile: (310) 553-5583
5
   Attorneys for Carter Bryant
6
   O'MELVENY & MYERS LLP
7    Diana M. Torres (Bar No. 162284)
   400 S. Hope Street
8  Los Angeles, California 90017
   Telephone: (213) 430-6000
9  Facsimile: (213) 430-6407

10 O'MELVENY & MYERS LLP
     Dale Cendali
11 Times Square Tower
   7 Times Square
12 New York, NY 10036

13 CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
     Patricia Glaser (Bar No. 55668)
14 10250 Constellation Boulevard - 19th Floor
   Los Angeles, CA 90067
15 Telephone: (310) 553-3000
   Facsimile: (310) 556-2920
16
   Attorneys for MGA Entertainment, Inc.
17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___5___

PAGE ___11___

- 2 -

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1    WHEREAS, the parties are in agreement that a discovery master should be
2  appointed in this matter to resolve any discovery disputes and to minimize the
3  burden on the Court; and

4    WHEREAS, the parties have agreed upon a nominee, Hon. Edward A. Infante
5  (Ret.), and he has agreed to serve as a discovery master in this matter;

6    NOW, THEREFORE, to facilitate the fair and efficient completion of pre-
7  trial discovery, the parties Mattel, Inc. and Carter Bryant and MGA Entertainment,
8  Inc., by and through their respective counsel of record, hereby stipulate and agree as
9  follows:

10    1.    The Discovery Master shall be appointed to assure and provide cost-
11  effective discovery and to minimize the burden of discovery disputes upon the
12  Court.  Any and all discovery motions and other discovery disputes in the above
13  captioned action shall be decided by a master ("Discovery Master") pursuant to
14  Federal Rule of Civil Procedure 53.  Any motions currently pending before
15  Magistrate Judge Block shall be transferred to the Discovery Master.  The moving
16  party shall provide to the Discovery Master all papers associated with each pending
17  motion.

18    2.    The Discovery Master shall be Hon. Edward A. Infante (Ret.).  His
19  business address is: Two Embarcadero Center, Suite 1500, San Francisco, CA
20  94111.

21    3.    Judge Infante shall serve as the Discovery Master until all issues herein
22  have been finally disposed of or determined, or until he shall withdraw in
23  accordance with applicable law.  If at any time he becomes unable to serve as the
24  Discovery Master, the parties shall confer to present an alternative agreed-upon
25  designee to the Court.  In the event that the parties cannot agree to an alternate
26  designee, then the Court shall appoint a Discovery Master.

27    4.    The Discovery Master shall have the authority to set the date, time, and
28  place for all hearings determined by the Discovery Master to be necessary; to

EXHIBIT ____5____

PAGE ____12____    -3-

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1   preside over hearings (whether telephonic or in-person); to take evidence in
2   connection with discovery disputes; to issue orders resolving discovery motions
3   submitted to the Discovery Master; to conduct telephonic conferences to resolve
4   discovery disputes arising during depositions; to issue orders awarding non-
5   contempt sanctions, including, without limitation, the award of attorney's fees, as
6   provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and
7   recommendations, as appropriate.

8        5.    All discovery disputes shall be resolved by motion (except those arising
9   during a deposition which the Discovery Master determines can be resolved by
10  telephonic conference during the deposition).  The moving party shall first identify
11  each dispute, state the relief sought, and identify the authority supporting the
12  requested relief in a meet and confer letter that shall be served on all parties by
13  facsimile or electronic mail.  The parties shall have five court days from the date of
14  service of that letter to conduct an in-person conference to attempt to resolve the
15  dispute.  If the dispute has not been resolved within five court days after such
16  service, the moving party may seek relief from the Discovery Master by formal
17  motion or letter brief, at the moving party's option.  The opposing party shall have
18  five court days from the date of service of the motion or letter brief to submit a
19  formal opposition or response.  Any reply brief or letter brief shall be served within
20  three court days from the date of service of a formal opposition or response.  The
21  hearing on the motion shall take place within five court days of the service of any
22  reply brief or letter unless (a) the parties agree to another hearing date or agree that
23  no hearing is necessary; (b) the Discovery Master determines that no hearing is
24  necessary; or (c) the Discovery Master is not available, in which case the hearing
25  shall take place on the Discovery Master's first available date.  The foregoing shall
26  not prohibit (i) the parties from agreeing to alternate procedures, or (ii) a party from
27  seeking the Discovery Master's immediate resolution of a dispute or resolution of a
28  dispute upon shortened time upon a showing of good cause why a party would be

EXHIBIT ___5___

PAGE ___13___                          - 4 -

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1  prejudiced absent prompt resolution. Service of any document by fax or electronic
2  mail prior to 6:00 p.m. shall constitute service on that day.

3      6.      The Discovery Master's orders resolving discovery disputes, reports, or
4  recommendations pursuant to Rule 53(e) or (f) shall be treated as rulings made by a
5  Magistrate Judge of the United States District Court. The Discovery Master shall
6  file each order, report, or recommendation pursuant to Rule 53(e) or (f) and serve
7  the parties within five court days of his/her decision on a matter.

8      7.      A court reporter shall transcribe any hearing or other proceeding before
9  the Discovery Master.

10     8.      The cost of any proceeding before the Discovery Master, including the
11 fees of the Discovery Master, the fees of court reporters who transcribe hearings or
12 other proceedings before the Discovery Master, and the fees of any other person
13 necessary to the efficient administration of the proceeding before the Discovery
14 Master, shall be paid one-half by Mattel, Inc., and one-half by MGA Entertainment,
15 Inc. and Carter Bryant unless, consistent with the Federal Rules of Civil Procedure,
16 the Discovery Master Orders otherwise. By agreeing to share costs among the
17 parties, no party waives its right to seek recovery or reimbursement for such costs
18 from any other party.

19     9.      The Discovery Master shall be compensated according to his regular
20 hourly rate of $750.

21     10.     Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Discovery
22 Master shall proceed with all reasonable diligence.

23     11.     Based on an affidavit filed by Hon. Edward A. Infante pursuant to
24 28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not
25 aware that he has a relationship to the parties, to counsel, to the action, or to the
26 Court that would require disqualification of a judge under 28 U.S.C. § 455, and
27 based thereon the parties expressly waive any ground for disqualification disclosed
28 therein of Hon. Edward A. Infante to serve as master in these proceedings.

EXHIBIT ____5____

PAGE ____14____

- 5 -

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1   12.   The Discovery Master shall not have ex parte communications with ~~the Court,~~ a party or counsel.

2

3   13.   The Discovery Master shall preserve and maintain all documents and

4   materials submitted by the parties as well as all orders, reports, and

5   recommendations issued by the Discovery Master.  These documents, materials,

6   orders, reports and recommendations shall be the record of the Discovery Master's

7   activities, and shall be maintained in chronological order until the Discovery Master

8   is informed by the parties that all issues herein have been finally disposed of and

9   determined.

10   14.   The Discovery Master is hereby authorized to receive and consider

11   information and documents designated "CONFIDENTIAL" and "CONFIDENTIAL-

12   ATTORNEYS EYES ONLY" pursuant to the January 4, 2005 Stipulated Protective

13   Order.  The Discovery Master agrees to be bound by the January 4, 2005 Order.

14   15.   All third parties subject to discovery requests or deposition in this

15   litigation shall be bound by the terms of this Stipulation and Order.

16

17   Dated: November 22, 2006                    O'MELVENY & MYERS LLP

18

19

20                                              By: _____
                                                    Diana Torres
21                                                  Attorneys for MGA Entertainment, Inc.

22   Dated: November 29, 2006                   LITTLER MENDELSON

23

24

25                                              By: _____
                                                    Douglas A. Wickham
26                                                  Attorneys for Carter Bryant

27

28

- 6 -

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

EXHIBIT ___5___

PAGE ___15___

1   Dated: ~~November~~ December 4, 2006

2                                          QUINN EMANUEL URQUHART
                                           OLIVER & HEDGES, LLP
3
                                           By: _Jon D. Corey_____
4                                              Jon D. Corey
                                               Attorneys for Mattel, Inc.
5

6                          **ORDER**

7       The foregoing Stipulation for Appointment of a Discovery Master is SO

8   ORDERED *as modified.*

9

10  Dated:   _12-6-06._              _S.G. Larson_____

11                                  Hon. Stephen G. Larson
                                    United States District Court Judge
12

13

14              **CONSENT OF DISCOVERY MASTER**

15      If appointed by the Court, I, the undersigned, consent to serve as Discovery

16  Master in the above referenced proceeding consistent with this Order.

17

18  Dated:   _12-5-06_              _Edward A. Infante_____

19                                  Hon. Edward A. Infante (Ret.)

20

21

22

23

24

25

26

27

28

                                    -7-

                                        STIPULATION FOR APPOINTMENT OF A DISCOVERY
                                        MASTER AND [PROPOSED] ORDER

EXHIBIT _____5_____

PAGE _____16_____

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

1 **STATE OF CALIFORNIA** )
2 **COUNTY OF LOS ANGELES** )

3 I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

4

5 On December 5, 2006, I served the foregoing document described as **STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND [PROPOSED ORDER** on all interested parties in this action.

6

7 **Keith A. Jacoby, Esq.**
**Douglas Wickham, Esq.**                    **Diana M. Torres, Esq.**
8 **Littler Mendelson**                         **O'Melveny & Meyers**
**A Professional Corporation**                 400 S. Hope Street
2049 Century Park East, 5th Floor            Los Angeles, CA 90071
9 Los Angeles, California 90067-3107           Phone: 213-430-6000
Phone: 310-553-0308                          **Fax: 213-430-6407**
10 **Fax: 310-553-5583**

11

12 [ ] By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed
13 as follows:

14 [X] **BY MAIL**

15 [ ] I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

16 [ ] As follows: I am "readily familiar" with the firm's practice of collection and processing
17 correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the
18 ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

19

20 [ ] **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

21 [ ] **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

22 Executed on December 5, 2006, at Los Angeles, California.

23 [ ] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24 [X] (Federal) I declare that I am employed in the office of a member of the bar of this court at
25 whose direction the service was made.

26

27 ___Cheri Hatch___                        _____
Print Name                                Signature

28

EXHIBIT ____5____

PAGE ____17____

# Exhibit 6

**THIS EXHIBIT IS FILED UNDER SEAL**
**PURSUANT TO PROTECTIVE ORDER**

# Exhibit 7

1 | Robert C. O'Brien (SBN 154372)
ARENT FOX LLP
2 | 555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
3 | Telephone: 213.629.7400
Facsimile: 213.629.7401
4 | obrien.robert@arentfox.com

5 | Discovery Master

6

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | EASTERN DIVISION

| | |
|---|---|
| 11 CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) |
| 12      Plaintiff, | |
| 13    v. | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727 |
| 14 MATTEL, INC., a Delaware<br>corporation, | **PHASE 2 DISCOVERY MATTER** |
| 15 | **ORDER NO. 17, REGARDING:** |
| 16      Defendant. | |
| 17 | **(1) THE MGA PARTIES' MOTION<br>FOR A PROTECTIVE ORDER<br>STAYING DISCOVERY ON<br>TRADE DRESS CLAIMS;** |
| 18 | |
| 19 | |
| 20 | **(2) MOTION OF MATTEL, INC. TO<br>ENFORCE PRIOR COURT ORDER<br>AND TO COMPEL RESPONSES TO<br>INTERROGATORIES; and** |
| 21 | |
| 22 | |
| 23 | |
| 24 CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v.<br>MATTEL, INC. | **(3) *EX PARTE* APPLICATION<br>FILED BY MATTEL, INC. FOR AN<br>ORDER TO SHOW CAUSE RE:<br>MGA ENTERTAINMENT, INC.'S<br>FAILURE TO COMPLY WITH<br>COURT ORDER** |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 7

PAGE 53

1       This Order sets forth the Discovery Master's ruling on the following

2   discovery matters:  (1) the motion for a protective order staying discovery on trade

3   dress claims filed by MGA Entertainment, Inc., MGA Entertainment (HK) Limited,

4   MGAE De Mexico, S.R.L. De C.V. and Isaac Larian (the "MGA Parties")

5   ("Protective Order Motion") [Docket No. 4921]; (2) the motion filed by Mattel, Inc.

6   ("Mattel") to enforce a prior order compelling MGA Entertainment, Inc. ("MGA")

7   to answer Interrogatory Nos. 43 and 44, and compelling responses to Supplemental

8   Interrogatory Nos. 51 – 55 and 64 ("Motion To Compel") ("[Docket No. 4987]; and

9   (3) the *ex parte* application filed by Mattel for an order to show cause regarding

10  MGA's failure to comply with a prior court order ("Application") [Docket No.

11  4997] (collectively, the "Motions").

12      The Motions came on regularly for hearing before the Discovery Master on

13  April 14, 2009.  All interested parties were represented by counsel and afforded the

14  opportunity to present oral argument on the Motions.  The Discovery Master,

15  having considered the papers filed in support of and in opposition to the Motions,

16  and having heard oral argument, rules as set forth below.

17  **I.**    **THE TRADE DRESS DISCOVERY AT ISSUE**

18      All of the Motions concern discovery related to MGA's trade dress claims.

19      **A.**    **Interrogatory Nos. 43 And 44**

20      On October 23, 2007, Mattel served its Amended Fourth Set of

21  Interrogatories on MGA, including Interrogatory Nos. 43 and 44.  (Declaration of

22  Scott L. Watson in Support of the Motion To Compel ("Watson Decl."), Ex. 1 at

23  pp. 7 – 8).  These interrogatories ask MGA to identify, for each design, product

24  and packaging that MGA contends Mattel copied, the date of conception and the

25  date it was first fixed in a tangible medium:

26          •    Interrogatory No. 43: "For each concept, design, product, product

27              packaging or other matter that YOU contend MATTEL copied or

28              infringed, including but not limited to those identified in MGA's

EXHIBIT ___7___

PAGE ___54___

1    Responses To Mattel, Inc.'s First Set Of Interrogatories Re Claims Of
2    Unfair Competition, Response To Interrogatory No. 2 (and any
3    Supplemental Responses to such Interrogatory), state the date that each
4    such concept, design, product, product packaging or other matter was
5    conceived, and IDENTIFY, all PERSONS with knowledge of, and all
6    DOCUMENTS that REFER OR RELATE TO, the foregoing." (*Id.*,
7    Ex. 1 at p. 7).

8    • Interrogatory No. 44: "For each concept, design, product, product
9      packaging or other matter that YOU contend MATTEL copied or
10     infringed, including but not limited to those identified in MGA's
11     Responses To Mattel, Inc.'s First Set Of Interrogatories Re Claims Of
12     Unfair Competition, Response To Interrogatory No. 2 (and any
13     Supplemental Responses to such Interrogatory), state the date that each
14     such concept, design, product, product packaging or other matter was
15     first fixed in any tangible medium of expression (if ever), and
16     IDENTIFY, all PERSONS with knowledge of, and all DOCUMENTS
17     that REFER OR RELATE TO, the foregoing." (*Id.*, Ex. 1 at pp. 7 and
18     8).

19   MGA responded to Interrogatory Nos. 43 and 44 with only objections on
20   November 15, 2007. (*Id.*, Ex. 2 at pp. 10 – 13). On November 30, 2007, MGA
21   supplemented its responses to both interrogatories. (*Id.*, Ex. 3 at pp. 12 – 19). On
22   December 20, 2007, Mattel moved to compel further responses to the
23   interrogatories. (*Id.*, Ex. 4). The MGA Parties filed their opposition to Mattel's
24   motion to compel on December 31, 2007. (*Id.*, Ex. 5). On January 7 and 28, 2008,
25   MGA served its second and third set of supplemental responses to Interrogatory
26   Nos. 43 and 44. (*Id.*, Ex. 6 at pp. 20 – 26 and Ex. 7 at pp. 28 – 33).

27   On February 4, 2008, the Court stayed all Phase 2 discovery. (Order dated
28   February 4, 2008, p. 3). On February 15, 2008, the prior discovery master granted

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT    7
PAGE    55

1   Mattel's motion to compel, finding that the "requested information is relevant to

2   Mattel's defense against the MGA [P]arties' claims that their products have been

3   copied or infringed by certain Mattel products." (Watson Decl., Ex. 8 at pp. 11 –

4   12).  The prior discovery master further ruled that the supplement responses

5   provided by MGA were deficient, reasoning as follows:

6   > Although the MGA [P]arties served supplemental

7   > responses after filing their opposition brief, the

8   > supplemental responses do not include the requested

9   > information.  The MGA [P]arties have [also] failed to

10  > establish that the interrogatories are unduly burdensome.

11  (Id., Ex. 8 at p. 12).  The prior discovery master then ordered MGA to

12  supplement its responses "no later than February 26, 2008." (Id., Ex. 8

13  at p. 22).

14       On March 3, 2008, seven days after the deadline specified in the prior

15  discovery master's order, MGA supplemented its responses to Interrogatory Nos.

16  43 and 44 for a fourth time, objecting that the discovery in question related to

17  Phase 2 and was therefore stayed pursuant to the stay imposed by the Court on

18  Phase 2 discovery on February 4, 2008. (Id., Ex. 9 at pp. 7 – 16).  On April 22,

19  2008, the prior discovery master granted the MGA Parties' motion for clarification

20  concerning his February 15, 2008 ruling, stating that "the MGA Parties' obligation

21  to supplement their responses to Interrogatory Nos. . . . 43 and 44 . . . [is] hereby

22  stayed until further order of the district court lifting the stay on Phase 2 discovery."

23  (Id., Ex 10 at p. 3).

24       **B.     Supplemental Interrogatory Nos. 51 – 55 And 64**

25       On January 9, 2008, Mattel served Supplemental Interrogatory Nos. 51 – 55

26  and 64 on MGA.  (Id., Ex 11 at p. 12 – 14 and 16).  These interrogatories seek

27  information regarding MGA's allegations that Mattel copied, infringed or diluted

28  MGA's products:

EXHIBIT ___7___

PAGE ___56___

1    • Supplemental Interrogatory No. 51: "For each concept, design,

2        product, product packaging or other matter that YOU contend

3        MATTEL has copied, infringed, or diluted, including but not limited to

4        those identified in MGA's Responses to Mattel, Inc.'s First Set of

5        Interrogatories Re Claims of Unfair Competition, Response To

6        Interrogatory No. 2 (and any Supplemental Responses to such

7        Interrogatory), describe, fully and separately, each and every concept,

8        design, product, product packaging or other matter of or by MATTEL

9        that YOU contend is a copy of, infringes or dilutes YOUR alleged

10       concept(s), design(s), product(s), product packaging or other matter.

11       Your answer should describe the Mattel concept, design, product,

12       product packaging or other matter with specificity and in detail

13       (including without limitation by product name, product number, SKU,

14       or bar code number), and specify those elements or attributes of

15       YOUR claimed concept, design, product, product packaging or other

16       matter that YOU contend were copied, infringed or diluted by

17       MATTEL." (Id., Ex. 11 at pp. 12 – 13).

18    • Supplemental Interrogatory No. 52: "For each trade dress that YOU

19       contend MATTEL copied, infringed, or diluted, separately IDENTIFY

20       each product sold by YOU or YOUR licensees that incorporates such

21       trade dress and, for each such product, separately state (a) the number

22       of units, by year, of each such product sold by YOU or YOUR

23       licensees; (b) revenue received by YOU from such SALES of each

24       such product; (c) all costs YOU have incurred in connection with each

25       product; including but not limited to YOUR cost of good sold, and (D)

26       YOUR gross and net worth from each such product." (Id., Ex. 11 at p.

27       13).

28

- 4 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ____7____

PAGE ____57____

- Supplemental Interrogatory No. 53: "For each MATTEL concept, design, product, product packaging or other matter that YOU contend is likely to cause confusion, to cause mistake, or to deceive as to affiliation, connection, or association, or as to origin, sponsorship, or approval, separately state all facts that support YOUR contention of such, including but not limited to all facts that support YOUR contention, if YOU so contend, that any of the SLEEKCRAFT FACTORS weighs against MATTEL, and IDENTIFY all PERSONS with knowledge of such facts, and all DOCUMENTS that REFER OR RELATE TO such facts." (Id.).

- Supplemental Interrogatory No. 54: "For each concept, design, product, product packaging or other matter that YOU contend MATTEL copied, infringed or diluted, state all facts that support YOUR contention, if YOU so contend, that such copying or infringement was intentional or willful, and IDENTIFY all PERSONS with knowledge of such facts, and all DOCUMENTS that REFER OR RELATE TO such facts." (Id.).

- Supplemental Interrogatory No. 55: "State all facts which support the allegation in Paragraph 120 of YOUR COMPLAINT that MATTEL has "caused and continues to cause blurring and dilution of the distinctive look of MGA's products and trade dress," and IDENTIFY all PERSONS with knowledge of such facts, and all DOCUMENTS that REFER OR RELATE TO such facts." (Id., Ex. 11 at p. 14).

- Supplemental Interrogatory No. 64: "To the extent YOU have not previously disclosed such information in a prior interrogatory response YOU provided to Mattel, state all facts which support YOUR claims against Mattel in THIS ACTION, and IDENTIFY all PERSONS with knowledge of such facts, and all DOCUMENTS that REFER OR

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___7___
PAGE ___58___

1    RELATE TO such facts." (*Id.*, Ex. 11 at p. 16).

2    MGA responded to Supplemental Interrogatory Nos. 51 – 55 and 64 on

3    February 8, 2008, objecting that the discovery related to Phase 2 issues and was

4    therefore stayed.   (*Id.*, Ex. 12 at pp. 15 – 19 and 34 – 35).

5    **C.    The Court Lifts The Stay On Phase 2 Discovery**

6    On January 6, 2009, the Court vacated the stay on Phase 2 discovery.

7    (Watson Decl., Ex. 13 at p. 2).  Mattel's counsel subsequently wrote to counsel for

8    MGA on January 20, 2009 to ask when MGA planned to serve the required

9    responses to Interrogatory Nos. 43 and 44, which the prior discovery master had

10    previously ordered answered. (*Id.*, Ex. 14).

11    Mattel's counsel also wrote to MGA on January 28, 2009, requesting that the

12    parties meet and confer on Supplemental Interrogatory Nos. 51 – 55 and 64. (*Id.*,

13    Ex. 15 at pp. 2 – 3).  Counsel for the parties then spoke on February 6, 2009

14    regarding Mattel's eight trade dress interrogatories. (*Id.*, ¶ 18 and Ex. 18 at p. 1).

15    During the conference, MGA stated, that it would provide responses to

16    Interrogatory Nos. 43 and 44, and Supplemental Interrogatory Nos. 51 – 55 and 64,

17    "not later than 30 days after the Court decides the trade dress summary judgment

18    motion which Mattel has indicated it will be bringing." (*Id.*, Ex. 18 at p. 1).

19    On February 18, 2009, the parties met and conferred regarding Mattel's

20    contemplated summary judgment motion concerning MGA's trade dress claims and

21    again discussed the responses to the eight trade dress interrogatories at issue. (*Id.*,

22    Ex. 23 at p. 1).  The next day, MGA informed Mattel that it would not agree to

23    provide further responses to the interrogatories. (*Id.*).  Rather, MGA said that it

24    planned to request a protective order to stay its obligation to respond and that it

25    would only provide responses:  (1) if their planned protective order was denied; or

26    (2) if the protective order is granted, 21 days after the Court decides Mattel's

27    summary judgment motion, to the extent any trade dress claims remain after that

28    decision. (*Id.*).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _7_
PAGE _59_

1    On February 26, 2009, the MGA Parties filed the Protective Order Motion.
2    Eight days later, Mattel filed its Motion To Compel.  Mattel filed the Application
3    on March 10, 2009.

4    **II.     THE MGA PARTIES' MOTION FOR A PROTECTIVE ORDER**

5        The Discovery Master first addresses the MGA Parties' Protective Order
6    Motion.

7        **A.     The Relief Sought By The MGA Parties**

8        The MGA Parties "seek a stay to defer responding to eight specific
9    interrogatories relating to MGA's trade dress claims until 21 days after the Court
10   rules on Mattel's [contemplated] summary judgment motion."  (Motion for a
11   Protective Order, p. 5).  "The MGA Parties also seek a stay of all discovery relating
12   to MGA's trade dress claims for the same period."  (*Id.*).

13       **B.     Mattel's Opposition**

14       Mattel opposes the Protective Order Motion on five grounds.  First, Mattel
15   argues that the motion is inconsistent with the Court's January 6, 2009 order lifting
16   the stay on Phase 2 discovery. (Opposition, pp. 12 – 13).  Second, Mattel argues
17   that any request to stay discovery is not properly directed to the Discovery Master.
18   (*Id.*, p. 13).  Third, Mattel argues that the request for a stay lacks merit, since "it is
19   commonplace for a party to bring dispositive motions prior to trial . . ."  (*Id.*, pp. 13
20   – 14).  Fourth, Mattel argues that the request for a stay is unworkable since the
21   trade dress claims "are intertwined with Mattel's Phase 2 claims." (*Id.*, pp. 13 –
22   15).  Finally, Mattel argues that the stay would unduly prejudice it and that there is
23   no corresponding undue burden placed on the MGA Parties.  (*Id.*, pp. 16 – 20).

24       **C.     Legal Standard**

25       In general, parties may obtain discovery regarding any matter, not privileged,
26   that is relevant to the claim or defense of any party.  (Fed. Rule Civ. P. 26(b)(1)).
27   The motion brought by the MGA Parties to stay discovery is made pursuant to
28   Federal Rule of Civil Procedure 26(c), which governs motions for protective orders.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

EXHIBIT _____7_____

PAGE _____60_____

1  Rule 26(c) provides that a protective order may be issued "for good cause" and "to

2  protect a party or person from annoyance, embarrassment, oppression, or undue

3  burden or expense." (Fed. Rule Civ. P. 26(c)).

4       A district court is afforded considerable discretion in deciding whether to

5  issue a protective order that stays discovery. (*See, e.g., Wang v. Hsu*, 919 F.2d 130,

6  130 (10th Cir. 1990). While it is within a district court's discretion to stay

7  discovery pending the outcome of a dispositive motion, (*see Monreal v. Potter*, 367

8  F.3d 1224, 1238 (10th Cir. 2004), such stays are not routinely granted, (*see, e.g.,*

9  *TSM Associates, LLC v. Tractor Supply Co.*, 2008 WL 2404818, at *1 (N.D.Okla.

10  June 11, 2008) ["Unless some compelling reason is presented, in the usual case

11  discovery is not stayed as Defendant requests."]; *Kutilek v. Gannon*, 132 F.R.D.

12  296, 297-98 (D.Kan. 1990) ["The general policy in this district is not to stay

13  discovery even though dispositive motions are pending."]).

14       The underlying principle in determining whether to grant or deny a stay is

15  that "[t]he right to proceed in court should not be denied except under the most

16  extreme circumstances." (*Commodity Futures Trading Com'n v. Chilcott Portfolio*

17  *Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). In other words, stays of

18  the normal proceedings of a court should be the exception rather than the rule.

19       Nonetheless, a stay may be appropriate if "resolution of a preliminary motion

20  may dispose of the entire action," (*Nankivil v. Lockheed Martin Corp.*, 216 F.R.D.

21  689, 692 (M.D.Fla. 2003)), "where the case is likely to be finally concluded as a

22  result of the ruling thereon; where the facts sought through uncompleted discovery

23  would not affect the resolution of the motion, or where discovery on all issues of

24  the broad complaint would be wasteful and burdensome," (*Kutilek*, 132 F.R.D. at

25  298).

26       In deciding whether to stay discovery pending the resolution of a dispositive

27  motion, federal courts in California conduct the following inquiry: (1) Is the

28  pending motion "potentially dispositive of the entire case, or at least dispositive on

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___7___

PAGE ___61___

1   the issue at which discovery is directed," and, if so (2) can the pending dispositive

2   motion be decided "absent additional discovery." (*Qwest Communications Corp. v.*

3   *Herakles, LLC*, 2007 WL 2288299, *2 (E.D.Cal. August 8, 2007)). If the court

4   answers both questions in the affirmative, it may then analyze other factors,

5   including the likelihood that the dispositive motion will be granted, (*id.*), and/or

6   "(1) plaintiff's interests in proceeding expeditiously with the civil action and the

7   potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the

8   convenience to the court; (4) the interests of persons not parties to the civil

9   litigation; and (5) the public interest." (*Schmaltz v. Smithkline Beecham Corp.*,

10  2008 WL 3845260, *1 (D.Colo. Aug.15, 2008)).

11      **D.    Analysis**

12          The MGA Parties' primary argument in favor of the requested stay is that, in

13  the event Mattel's contemplated motion for summary judgment is granted, "the

14  Trade Dress Interrogatories may prove unnecessary or may be substantially

15  narrowed." (Protective Order Motion, p. 13; *see also id.* at pp. 1, 2, and 11 – 15).

16  The MGA Parties reason that "[i]t is particularly appropriate to stay discovery when

17  a dispositive motion, such as a summary judgment motion, 'would obviate the need

18  for discovery.'" (*Id.*, p. 11 (citation omitted)).

19          The Discovery Master finds this rationale unpersuasive for the following

20  reasons.

21          **1.    The Discovery Master Does Not Have the Power To Issue**

22                 **The Requested Stay**

23          First, the Discovery Master does not have authority to render a ruling that

24  could directly override the Court's scheduling order and delay the Phase 2 trial.

25  While the Discovery Master has been appointed to resolve "any and all . . .

26  discovery disputes in this case,"[1] and may issue orders that indirectly impact the

27  _____

28  [1] *See* Order appointing the prior discovery master dated December 6, 2006 ("Discovery Master Order) and the Order appointing the current Discovery Master dated January 6, 2009.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

-9-

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___7___

PAGE ___62___

1    scheduling order (e.g., resolving motions to compel, motions to quash, etc.),[2] there

2    is nothing in the order appointing the Discovery Master that authorizes him to

3    override the scheduling order directly.[3]   Indeed, the power to control scheduling in

4    this matter is vested with the Court, as evidenced by the scheduling order issued by

5    it on February, 11, 2009.[4]  (Order dated February 11, 2009, p. 2).  Because the

6    Court, not the Discovery Master, established the applicable discovery cut-off and

7    trial dates for Phase 2, (id.), the Discovery Master cannot issue a stay that overrides

8    that order.

9               **2.       The Court Previously Indicated That the Parties Should**

10                       **Proceed With Phase 2 Discovery.**

11          Second, the Court advised the Discovery Master on February 11, 2009 that

12    "[t]here is no stay on discovery.  Period." (Reporter's Transcript of Proceedings,

13    February 11, 2009, p. 97:15).  It further instructed the Discovery Master "in no

14    uncertain terms, that there is no stay on *any* discovery related to this case at all,"

15    (id., p. 97:9–10 [emphasis added]), and "there is nothing from this Court which is

16    precluding *any* discovery that is properly sought for the trial that is scheduled," (id.,

17    p. 101:22:24 [emphasis added]).  While these statements admittedly arose in the

18    context of the lifting of the stay on Phase 2 discovery, the Discovery Master

19    nevertheless believes that they are instructive of the Court's view that any request

20

21    [2] *See* Order dated February 4, 2008, p. 3 (stating that "[t]he fact that the Discovery Master's
22    ruling might impact upon the Court's scheduling order does not relieve the parties of following
      this procedure.")

23    [3] That the stay requested by the MGA Parties could force the Court to alter its scheduling order is
24    clear, because the requested stay is of an indefinite duration.  Although the MGA Parties request a
      stay until 21 days after the Court rules on Mattel's contemplated summary judgment motion,
25    (Protective Order Motion, p. 5), no such motion is pending before the Court.  Nor is there a
26    hearing date on the yet-to-be-filed motion, let alone an indication as to when the Court might be
      able to issue a ruling disposing of it.

27    [4] The Court issued its Phase 2 scheduling order more than one month after the appointment of the
28    current Discovery Master.

EXHIBIT _____7_____

PAGE _____63_____

1   to the Discovery Master for a stay of Phase 2 discovery should be rejected absent

2   extraordinary circumstances not present here.

3         **3.**    **There Is No Dispositive Motion Pending**

4        Third, the MGA Parties have failed to demonstrate that a stay is warranted,

5   because no dispositive motion is pending before the Court.  The MGA Parties

6   concede in their moving papers and again in their Reply that Mattel has merely

7   represented that it will file a summary judgment motion at some point in the future.

8   (Protective Order Motion, p. 4; Reply, p. 4).  In the absence of a *pending*

9   dispositive motion, there is no basis for granting the requested stay.[5]

10       **4.**    **Mattel's Contemplated Summary Judgment Motion Will**

11              **Not Dispose Of MGA's Trade Dress Claims**

12        Even assuming a dispositive motion had been filed with the Court, the MGA

13

14   [5] The cases cited by the MGA Parties to support its request for a stay are inapposite.  In each case,

15   the party seeking the discovery stay was the party who had brought the pending dispositive
motion.  (*See In re Netflix Antitrust Litig.*, 506 F.Supp.2d 308, 321 (N.D. Cal. 2007) [Defendant

16   who filed a motion to dismiss and requested a stay of discovery was ordered to disclose some
documents upon partial lifting of stay by the Ninth Circuit.]; *Orchid v. Biosciences, Inc. v. St.*

17   *Louis University*, 198 F.R.D. 670, 671 – 672 (S.D. Cal. 2001) [Defendant, who had moved to

18   dismiss for lack of personal jurisdiction, sought protective order denying all discovery or,
alternatively, limiting the discovery to jurisdictional issues]; *Landry v. Air Pilots Ass'n Intern.*

19   *AFL-CIO*, 901 F.2d 404, 435 – 436 (5th Cir. 1990) [Defendant, who had brought motion for
summary judgment, properly sought and obtained a protective order staying discovery

20   propounded on it by plaintiffs.]); *Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988) [Stay on
discovery upheld in favor of party who raised immunity issue via a summary judgment motion];

21   *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D.C.Del., 1979) [Defendant

22   who filed motion to dismiss for lack of ripeness sought a stay of discovery].  By comparison, the
MGA Parties are not arguing that a stay is appropriate due to a dispositive motion that they intend

23   to bring or that the contemplated motion will defeat their trade dress claims.  On the contrary, the
MGA Parties are arguing that a stay should be imposed until Mattel's contemplated summary

24   judgment motion, which the MGA Parties believe should be denied, is resolved.

25      Further, the five cases cited by the MGA Parties all involved situations where a dispositive
motion had already been filed with the Court.  (*Id.*)

26      Finally, most of the cases relied upon by the MGA Parties were at a relatively nascent stage.
Indeed, the dispositive motion was typically a motion to dismiss. (*See, e.g., In re Netflix Litig.*,

27   506 F.Supp.2d at 321; *Orchid*, 198 F.R.D. at 671 – 672; *Coastal States Gas Corp.*, 84 F.R.D. at

28   282;).  In contrast, a trial has already been held in this matter and the lawsuit has been pending for
several years.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___7___

PAGE ___64___

1    Parties have not demonstrated that "[t]he pending motion [is] potentially dispositive

2    of the entire case, or at least dispositive on the issue at which discovery is directed."

3    (*Qwest Communications Corp.*, 2007 WL 2288299, *2). Mattel's contemplated

4    summary judgment motion will not dispose of MGA's trade dress claims because it

5    is undisputed that MGA's trade dress claims "concern products and other matters

6    that will not be the subject of Mattel's contemplated motion." (Opposition, p. 15;

7    *see also* Reply p. 11 n.6).

8       The MGA Parties nevertheless argue in their Reply that "it would make far

9    more sense for MGA to compile responsive information once the summary

10    judgment motion is decided and the full scope of the trade dress claims is settled."

11    (Reply, p. 11 n. 6). Phrased differently, the MGA Parties argue not that the

12    summary judgment motion may moot all of the requested discovery, but only that,

13    if granted, it would narrow the scope of the trade dress discovery. Because

14    discovery will inevitably be required on certain portions of MGA's trade dress

15    claims, this is not a situation where the contemplated motion is potentially

16    dispositive of the issue at which the discovery is directed. Accordingly, the stay

17    requested by the MGA Parties can be denied for that reason alone.

18       **5.**     **Other Factors Also Weigh Against Issuing The Requested**

19                 **Stay**

20       Finally, many, if not all, of the other factors a court may consider in deciding

21    whether a stay is appropriate pending the resolution of a dispositive motion weigh

22    in favor of denying the requested stay.

23       **a.**     **The Merits Of The Dispositive Motion**

24       As explained in *Qwest Communications Corp.*, 2007 WL 2288299, *2, one

25    of the additional factors a court may consider is whether the merits of the pending

26    dispositive motion make it likely that the motion will be granted. Although the

27    Discovery Master cannot perform such an analysis here (because no dispositive

28    motion is pending), I note that the MGA Parties stated in their moving papers that

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___7___

PAGE ___65___

1   Mattel's contemplated summary judgment "arguments are not well-taken . . ."

2   (Protective Order Motion, p. 13). In light of this statement, the MGA Parties are

3   precluded from arguing that it is likely Mattel's motion will be granted in order to

4   justify their request for a stay. Accordingly, the Discover Master finds that – based

5   on the record presented – this factor weighs against issuing the requested stay.[6]

6            **b.    Prejudice To Mattel**

7        Imposing a stay on MGA's trade dress claims could also prejudice Mattel by

8   delaying the ultimate resolution of the matter and increasing litigation costs. As

9   explained above, the stay requested by the MGA Parties is of an indefinite duration

10  and could delay the trial or, alternatively, force Mattel to expedite discovery efforts

11  after the stay is lifted. Moreover, Mattel could be forced to depose the same

12  witnesses multiple times in Phase 2 (once for those issues not related to MGA's

13  trade dress claims and later with respect to those trade dress issues that remain

14  following the disposition of Mattel's contemplated summary judgment motion).

15  For these reasons, this factor weighs against staying the trade dress discovery.

16            **c.    The MGA Parties Have Not Demonstrated They Will**

17                   **Suffer Any Undue Burden**

18       While the MGA Parties claim that it will "be extremely difficult, time-

19  consuming and costly" to respond to the eight trade dress interrogatories at issue,

20  (Protective Order Motion, p. 14), as noted above, some trade dress discovery will

21  have to be taken regardless of the outcome of Mattel's anticipated summary

22  judgment motion. Further, while it is possible that Mattel's contemplated summary

23  judgment motion, if granted, could simplify the issues for trial and reduce the costs

24  imposed on the MGA Parties, it is also possible that the resolution of the motion

25  will not have any bearing on the scope of the discovery needed in this case.

26  Regardless, a party is always burdened with costs when it voluntarily chooses to

27

28

---

[6] Of course, the Discovery Master is in no way deciding the merits of Mattel's contemplated summary judgment motion.

EXHIBIT ___7___

PAGE ___66___

1  pursue a claim, whether the case ultimately is dismissed, summary judgment is
2  granted, the case is settled, or a trial occurs. If the MGA Parties wish to avoid these
3  costs in connection with MGA's trade dress claims, MGA can always dismiss them.
4  Because any hardship that MGA might face is one of its own making, any burden
5  imposed on it in having to respond to the discovery is justified. Accordingly, this
6  factor weighs against issuing the requested stay.

7           **d.**     **The Interests Of The Judiciary And The General**
8                  **Public**

9       The Court, using funds supplied by the general public, has already expended
10  a great deal of effort and resources in this matter, including conducting a lengthy
11  trial in Phase 1. The Court further issued a scheduling order that established a
12  specific trial date and discovery cut-off for Phase 2. Consequently, the general
13  interests of controlling the court's docket and the fair and speedy administration of
14  justice weigh heavily in favor of denying the requested stay.

15      **E.**     **Summary Of Ruling Regarding The Protective Order Motion**
16       For all of the foregoing reasons, the MGA Parties have failed to meet their
17  burden of demonstrating that good cause exists for issuance of a protective order
18  staying their obligation to respond to the subject discovery.

19  **III.**    **MATTEL'S MOTION TO COMPEL**
20       Having denied the Protective Order Motion, the Discovery Master now turns
21  to Mattel's Motion To Compel.

22      **A.**     **Interrogatory Nos. 43 and 44**
23         **1.**     **Orders Issued By The Prior Discovery Master**
24       As explained in Section I.A., above, this is not the first time that Mattel has
25  moved to compel responses to Interrogatory Nos. 43 and 44. The prior discovery
26  master ordered MGA to supplement its responses to these interrogatories as part of
27  his February 15, 2008 order ("February 15, 2008 Order"). (Watson Decl., Ex. 8 at
28  pp. 11 – 12). Seven days after the deadline specified in the February 15, 2008

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT   7
PAGE   67

1    Order for supplementing its responses to Interrogatory Nos. 43 and 44, MGA

2    served objections stating that the discovery in question related to Phase 2 and had

3    been stayed pursuant to a February 4, 2008 order from the Court. (*Id.*, Ex. 9 at pp.

4    7 – 16). After having been advised of the stay imposed by the Court on

5    February 4, 2008, the prior discovery master clarified his February 15, 2008 Order

6    on April 22, 2008 ("April 22, 2008 Order"), ruling that "[t]he MGA Parties

7    obligation to supplement their responses . . . [was] stayed until further order of the

8    district court lifting the stay on Phase 2 discovery." (*Id.*, Ex. 10 at p. 3).

9              **2.     The Relief Sought By Mattel**

10            Because MGA failed to supplement its response to Interrogatory Nos. 43 and

11   44 after the Court lifted the stay on Phase 2 discovery on January 6, 2009, Mattel

12   requests that the Discovery Master enforce the February 15, 2008 Order and require

13   MGA to supplement its responses. (Motion To Compel, pp. 9 – 10).

14            **3.     MGA's Opposition**

15            In its Opposition, MGA relies on two grounds for refusing to provide

16   responses to Interrogatory Nos. 43 and 44. First, MGA argues that it is not in

17   violation of the prior discovery master's February 15, 2008 Order because that

18   order was subsequently stayed by the April 22, 2008 Order, which "did not include

19   any specific date, or time period, after the Phase 2 stay was lifted within which

20   MGA had to provide supplemental responses." (Opposition, p. 10; *see also id.*, pp.

21   9 and 11). Second, MGA argues that it has not refused to answer Interrogatory

22   Nos. 43 and 44 but rather simply moved for a protective order and noted that it will

23   either provide further responses following the denial of that motion or, in the event

24   the motion is granted, after the Court decides Mattel's contemplated summary

25   judgment motion. (*Id.*, pp. 11 – 12).

26            The Discovery Master does not find either of these arguments persuasive.

27            **a.     The April 22, 2008 Order**

28            While MGA is correct that the prior discovery master temporarily stayed the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT   7

PAGE   68

1   enforcement of his February 15, 2008 Order in his April 22, 2008 Order, its

2   argument that it does not have any obligation to supplement the responses to

3   Interrogatory Nos. 43 and 44 because the April 22, 2008 Order did not specify a

4   time within which MGA had to provide responses is not supported by the record.

5        As soon as the stay on Phase 2 discovery was lifted, MGA's obligation to

6   supplement its responses to Interrogatory Nos. 43 and 44 pursuant to the

7   February 15, 2008 Order returned.  Indeed, the plain language of the prior

8   discovery master's April 22, 2008 Order states that the "MGA Parties obligation to

9   supplement their responses . . . are hereby stayed **until further order of the**

10  **district court lifting the stay on Phase 2 discovery**." (Watson Decl., Ex. 10 at p.

11  3 (emphasis added)).  Because the Court lifted the stay on Phase 2 discovery on

12  January 6, 2009, the April 22, 2008 Order has not been a shield to the enforcement

13  of the prior discovery master's February 15, 2008 Order since the lifting of the stay.

14       Further, MGA had, at most, eleven days following the lifting of the stay on

15  Phase 2 discovery to supplement its responses to Interrogatory Nos. 43 and 44.

16  (Watson Decl., Ex. 8 at pp. 11 – 12 and 22).  The prior discovery master's February

17  15, 2008 Order required MGA to provide its supplemental responses within eleven

18  days of the order (i.e., on February 26, 2008). (*Id.*, Ex. 8 at p. 22).  Giving MGA

19  the benefit of the doubt and assuming that all eleven of those days remained at the

20  time the stay was lifted on January 6, 2009, MGA had until January 19, 2009 to

21  provide its responses to Mattel (i.e., 11 days under the February 15, 2008 Order,

22  plus 2 additional days because January 17, 2009 falls on a Saturday).  Because

23  more than three months have passed without a response, MGA has not complied

24  with the terms of the prior discovery master's February 15, 2008 Order.

25              **b.     MGA's Offer To Produce The Supplemental**

26                      **Responses Following The Disposition Of The**

27                      **Protective Order Motion**

28       The contention that MGA somehow remedied its failure to supplement its

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 16 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT   7

PAGE   69

1  responses to Interrogatory Nos. 43 and 44 by offering to provide further responses

2  following the ruling on the Protective Order Motion is likewise unavailing. (*Id.*,

3  pp. 11 – 12). MGA cites no legal authority, and the Discovery Master has found

4  none, supporting the proposition that a party may refuse to respond to an

5  interrogatory after it has been ordered to do so by subsequently filing a motion for a

6  protective order. Nor would such a rule be logical, as it would permit the party

7  ordered to respond to thereby nullify the effect of the court order. Regardless, the

8  Discovery Master denied the Protective Order Motion and finds that it cannot be

9  used as a basis for failing to comply with the February 15, 2008 Order.

10           **4.     Conclusion**

11      For all of the foregoing reasons, MGA must promptly provide full and

12  complete responses to Interrogatory Nos. 43 and 44.

13      **B.     Mattel's Request For Sanctions Regarding Interrogatory Nos. 43**

14           **And 44**

15      In its Motion To Compel, Mattel also requests that the Discovery Master

16  sanction MGA in the amount of $4,515 for failing to comply with the prior

17  discovery master's February 15, 2008 Order. (Motion To Compel, pp. 10 – 11). In

18  response, MGA argues that the Motion To Compel is "entirely unnecessary," since

19  "there is no dispute about whether MGA will respond to Interrogatories 43 and 44,

20  only when, and MGA had already brought the 'when' question to the Discovery

21  Master one week before Mattel filed the instant motion to compel" as part of its

22  Protective Order Motion. (Opposition, p. 13). However, the fact that one party has

23  moved for a protective order does not prevent the party opposing that motion from

24  subsequently filing a motion to enforce a prior court order, particularly where the

25  latter motion requests that the Discovery Master compel MGA to provide responses

26  to the interrogatories at issue "without further delay," (Motion To Compel, p. 10),

27  while the motion for a protective order indicates that MGA will respond to the

28  interrogatories, at the earliest, "within 21 days after" the denial of the Protective

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 17 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ____7____

PAGE ____70____

1  Order Motion, (Protective Order Motion, p. 10).

2       MGA next argues that sanctions should be denied because its Protective

3  Order Motion is supported by numerous cases, (Opposition, pp. 13 – 14), and that

4  "it would be a perversion of every conceivable notion of economy and efficiency,

5  not to mention fairness . . . if a motion to compel could be used to sanction a party

6  for exercising its legal right to seek a protective order." (*Id.*, p. 14). But these

7  arguments are not persuasive for the same reasons discussed in Section II and

8  Section III.A.3.b., above, namely that the Protective Order Motion is not

9  meritorious and MGA has not cited any legal authority supporting the proposition

10  that a party may refuse to respond to an interrogatory after it has been ordered to do

11  so by subsequently filing a motion for a protective order.

12       Finally, MGA argues that it "has not appealed, challenged or otherwise

13  refused to obey" the prior discovery master's order, (*id.*), but merely requested that

14  the "Discovery Master temporarily defer the time to respond . . . based upon the

15  new, intervening circumstances that arose between the issuance of that order and

16  the lifting of the discovery stay," (*id.*, p. 15). However, this is just another way of

17  saying that MGA refused to supplement its responses as required by the prior

18  discovery master due to its mistaken belief that the Protective Order Motion

19  obviated the need to comply with the February 15, 2008 Order. Because that

20  argument has already been rejected, MGA has failed to show that it had substantial

21  justification for opposing the enforcement of the February 15, 2008 Order.

22  Accordingly, the Discovery Master sanctions MGA in the amount of $4,515.[7]

23      **C.**    **Supplemental Interrogatory Nos. 51 – 55 And 64**

24          **1.**    **The Relief Sought By Mattel**

25       Mattel next requests that the Discovery Master overrule MGA's objections

26  and compel it to provide full and complete responses to Supplemental Interrogatory

27   
28  

[7] Having determined that MGA lacked substantial justification for failing to comply with the February 15, 2008 Order, the Discovery Master denies MGA's request for sanctions.

EXHIBIT _____7_____

PAGE _____71_____

1   Nos. 51 – 55 and 64. (Motion To Compel, pp. 12 – 21).

2         **2.   MGA's Opposition**

3       In its Opposition, MGA initially argues that Mattel failed to meet and confer

4   in good faith. (Opposition, pp. 16 – 18). It further argues that even if Mattel did

5   meet and confer sufficiently, its other objections to the interrogatories (i.e., that

6   they (1) contain overbroad definitions, (2) are compound, (3) are duplicative of

7   other interrogatories, (4) improperly seek expert witness information, privileged

8   information, and information better known to Mattel, and/or (5) impose an undue

9   burden) are meritorious and should be sustained. (*Id.*, pp. 18 – 26).

10         **a.   Purported Failure To Meet And Confer**

11       Because it could dispose of the outstanding discovery issues related to

12   Supplemental Interrogatory Nos. 51 – 55 and 64, the Discovery Master first

13   addresses MGA's argument that Mattel failed to meet and confer in good faith prior

14   to filing its motion.

15       MGA argues that Mattel did not meet and confer in good faith because its

16   "meet and confer letter concerning these interrogatories is utterly devoid of any

17   reference whatsoever to the putative impropriety of the objections it now challenges

18   . . ." (Opposition, p. 17). However, MGA admits that the parties did meet and

19   confer about certain issues regarding these interrogatories. (*Id.*, p. 18 ["While the

20   parties did meet and confer about the timing of MGA's response to Interrogatory

21   Nos. 51 – 55 and 64 . . ." (emphasis omitted)]). The record further reflects Mattel

22   sent a meet and confer letter and had multiple phone calls with MGA's counsel

23   about these specific interrogatories. (Watson Decl., ¶ 18 and Exs. 15, 17 and 19).[8]

24   In fact, a letter dated January 28, 2008 specifically asks MGA to let Mattel know

25   "[i]f MGA or Larian intends to limit their responses [to the Supplemental

26

27     [8] The Discovery Master overrules MGA's evidentiary objections to Paragraph 18 of the Watson

28   Decl. because the statements are based on Mr. Watson's personal knowledge, are not vague and ambiguous, do not constitute hearsay, and are not argumentative.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT   7

PAGE   72

1    Interrogatories] based on . . . any other objections . . ." (Watson Decl., Ex. 15).

2    Under such circumstances, the Discovery Master finds that Mattel satisfied Rule

3    37's "good faith" meet and confer requirement.

### b.    Definitional Objections

5        MGA's first substantive argument in opposition to Supplemental

6    Interrogatory Nos. 51 – 55 and 64 is that Supplemental Interrogatory No. 52 is

7    ambiguous because of the manner in which the term "SALES" is defined.

8    (Opposition p. 19). MGA likewise asserts that Supplemental Interrogatory Nos. 51

9    – 55 are ambiguous because of the definition used for the term "MATTEL." (*Id.*,

10    pp. 19 – 20). However, MGA has not cited any legal authority in support of its

11    position.

12        Moreover, MGA did not set forth the grounds for its objections "with

13    specificity," at the time it objected to the interrogatories, as required by Federal

14    Rule of Civil Procedure 33(b)(4). To the contrary, it merely "incorporate[d]

15    General Objection Nos. 14 – 15 (regarding Definitions), including without

16    limitation its objection to the definition of the term 'MATTEL" for Supplemental

17    Interrogatory Nos. 51 – 55, (Separate Statement, pp. 4 – 8), as well as the term

18    "SALES" with respect to Supplemental Interrogatory No. 52 (*id.*, pp. 5 – 6). This

19    incorporation by reference of a list of general objections is insufficient to preserve

20    an objection. (*Convertino v. U.S. Dept. of Justice*, 565 F.Supp.2d 10, 12 – 13

21    (D.D.C. 2008); *ACMA USA, Inc. v. Surefil, LLC*, 2008 WL 2714422, *2 (E.D.Va.

22    July 7, 2008); *Grider v. Keystone Health Plan Central, Inc.*, 2007 WL 2874423, *5

23    - *6 (E.D.Pa. September 27, 2007); see also Fed. R. Civ. Proc. 33(b)(4)).

24        Regardless, the Discovery Master is not persuaded that MGA is unable to

25    understand the terms MATTEL and SALES. Accordingly, the definitional

26    objections are overruled. MGA must answer the interrogatories.[9]

27

28    [9] The prior discovery master repeatedly required MGA to respond to discovery that used these
definitions, including Interrogatory Nos. 43 and 44. (Watson Decl., Exs. 1 and 8).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 20 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT    7

PAGE    73

1              c.    **Expert Witness Objection**

2        With respect to Supplemental Interrogatory Nos. 51 and 53, MGA asserts

3    that it "has simply interposed an objection that preserves [its] right to rely on expert

4    testimony." (Opposition, p. 21).  Since that is the full extent of MGA's expert

5    witness objection, the Discovery Master agrees that the objection, as limited by

6    MGA, is valid.  What MGA cannot do is assert that this objection permits it to

7    withhold information that is now available to it.  Accordingly, the objection is

8    sustained to the extent that MGA's interrogatory response merely includes a

9    reservation of rights to supplement the response during expert discovery.

10             d.    **Objection That The Information Is Better Known By**

11                   **Mattel**

12        Regarding Supplemental Interrogatory No. 51, MGA asserts that the request

13    for it to identify Mattel products by stock keeping number or bar code number is

14    objectionable because that information is better known to Mattel.  (*Id.*, p. 21).

15    However, MGA cannot withhold information on the ground that Mattel knows

16    which people have knowledge of Mattel's purported copying of MGA's intellectual

17    property.  Mattel is entitled to discover the information MGA possesses and the

18    factual bases of its trade dress claims.

19        As for MGA's claim that Supplemental Interrogatory No. 54 improperly asks

20    it to identify all persons with knowledge of certain facts even though it does not

21    know everyone who may possess such information, (*id.*, pp. 21 – 22), it is

22    incumbent upon MGA to provide the information that is within its custody,

23    possession or control.  In fact, MGA concedes that it will provide "whatever

24    information it has." (*Id.*, p. 22).

25             e.    **Compound Objection**

26        MGA next asserts that Supplemental Interrogatory Nos. 51 – 53 are

27    impermissibly compound. (Opposition, pp. 22 – 23).  This contention is

28    unavailing.  The questions in each interrogatory refer to one common theme and a

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
- 21 -    ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 7
PAGE 74

1   common group, and count as a single interrogatory. (*See Swackhammer v. Sprint*

2   *Corp. PCS*, 225 F.R.D. 658, 644 (D.Kan. 2004) ["[A]n interrogatory containing

3   subparts directed at eliciting details concerning a 'common theme' should generally

4   be considered a single question"]). Accordingly, the objection is overruled.

### f.   Duplicative Objection

6       MGA's sixth argument is that Supplemental Interrogatory Nos. 51 and 52 are

7   duplicative of other interrogatories Mattel propounded previously. (Opposition, pp.

8   23 – 24). But MGA has failed to demonstrate that this is the case. As an initial

9   matter, MGA does not explain why Supplemental Interrogatory No. 51 is

10  duplicative of other interrogatories. Rather, it simply states that Mattel "does not

11  take issue with MGA's duplication objection," (*id.*, p 23), even though Mattel

12  addressed that issue in footnote 81 of its Motion to Compel, (Motion To Compel, p.

13  19 ["MGA further objects that Interrogatory No. 51 is duplicative of Interrogatory

14  No. 6 . . . No. 49 . . . .Although Interrogatory Nos. 6 and 49 also address the facts

15  regarding MGA's trade dress claims, MGA has yet to identify each of the Mattel

16  products it contends copied, infringed, or diluted MGA's products by SKU number,

17  as requested by Interrogatory 51."]). Because it has not analyzed Interrogatory No.

18  51, MGA's objection to that interrogatory is overruled.

19      MGA's claim that Supplemental Interrogatory No. 52 is duplicative of

20  Interrogatory No. 45 is also unpersuasive. Supplemental Interrogatory No. 52 seeks

21  MGA profit, costs and revenue associated with each trade dress MGA contends

22  Mattel copied, infringed or diluted, (Separate Statement, p. 5), whereas

23  Interrogatory No. 45 asks MGA to identify each Bratz product that MGA sold and

24  to identify the profits, costs and revenue associated with each such product.

25  The questions are therefore not the same.[10] Accordingly, the objections are

26

---

27  [10] If the interrogatories were the same as previous interrogatories it answered, MGA should be
    able to respond to the latest interrogatories by cutting and pasting its responses to the prior
    interrogatories. However, as discussed below, MGA alleges that responding to Supplemental
28  Interrogatory Nos. 51 and 52 will be overly burdensome, thereby implying that the questions are
    not identical in scope. (Opposition, p. 25).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 22 -                                ORDER NO. 17
                                      [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___7___

PAGE ___75___

1    overruled.

2         **g.    Undue Burden Objection**

3         MGA next objects that Supplemental Interrogatory Nos. 51 – 53 and 64 are

4    unduly burdensome.

5         However, MGA has not provided any evidence in connection with its Motion

6    To Compel to support its claim of burden. (*See Jackson,* 173 F.R.D. at 528-9 ["The

7    party claiming that a discovery request is unduly burdensome must allege specific

8    facts which indicate the nature and extent of the burden, usually by affidavit or

9    other reliable evidence."]). Further, MGA cannot complain that the interrogatories

10   are unduly burdensome when Mattel merely seeks information regarding the extent

11   of MGA's trade dress claims. If MGA contends Mattel infringed numerous

12   products, Mattel has the right to discover the scope of the alleged claims.

13   Accordingly, the objections are overruled.

14        **h.    Privilege Objection**

15        Regarding Supplemental Interrogatory Nos. 52, 53, 55 and 64, MGA argues

16   that it asserted a privilege objection merely to "preserve [its] ability to protect,

17   privileged documents and information . . . . [and to make] clear that it was not

18   waiving the attorney-client privilege . . .." (Opposition, p. 25).  Since that is the

19   full extent of MGA's privilege objection, the Discovery Master agrees that

20   objection as so limited is valid.  Accordingly, the objection is sustained on that

21   limited ground.

22        **3.    Conclusion**

23        For all of the foregoing reasons, MGA must promptly provide full and

24   complete responses to Supplemental Interrogatory Nos. 51 – 55 and 64, except as

25   limited above.

26   **D.    Summary Of Ruling Regarding The Motion To Compel**

27        Mattel's Motion To Compel is granted, except as limited above.  Mattel's

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 23 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 7
PAGE 76

1    request for sanctions in connection with Interrogatory Nos. 43 and 44 is also

2    granted.

3    **IV.    MATTEL'S *EX PARTE* APPLICATION**

4         Several days after Mattel filed its Motion to Compel on March 6, 2009,

5    Mattel filed its Application for issuance of an order to show cause regarding

6    contempt. The Application addresses Interrogatory Nos. 43 and 44 (the

7    "Interrogatories") and is based on the same facts summarized above with respect to

8    the Motion to Compel and Protective Order Motion. However, unlike the Motion

9    to Compel, Mattel filed its Application with the Court, arguing that the Discovery

10   Master is not authorized to issue contempt sanctions. By order dated March 12,

11   2009, the Court referred the Application to the Discovery Master, who was

12   instructed to review it in the first instance and recommend a disposition to the

13   Court. (Order dated March 12, 2009, p. 1).

14        **A.    Basis For The Application**

15             **1.    Circumstances Warranting *Ex Parte* Relief.**

16        In the introductory section of its Application preceding the Memorandum of

17   Points and Authorities, Mattel sets forth the following grounds for *ex parte* relief:

18             [F]or two months, MGA failed and refused to produce Phase 2

19             discovery, including such discovery that was previously ordered.

20             MGA also has a history of flouting Court Orders, but remains

21             undeterred by prior warnings and prior awards of sanctions.

22             Absent prompt intervention by this Court, MGA will continue to

23             block even ordered Phase 2 discovery. Furthermore, MGA's

24             conduct is a direct challenge to the authority of the court and the

25             Discovery Master, and additional delay would inappropriately

26             reward MGA for its refusals to comply with the [prior discovery

27             master's February 15, 2008] Order.

28   (Application, p. i).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 24 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 7

PAGE 77

1    In its Reply, Mattel offers the following as a further justification for bringing

2    the matter on an *ex parte* basis:

3        MGA has repeatedly employed the procedural tactic of refusing

4        to comply with discovery requests and forcing Mattel to return to

5        court for multiple successive orders and sanctions compelling

6        discovery.  In so doing, MGA effectively halts the discovery

7        process and deprives Mattel of crucial information to which it is

8        entitled. … Requiring Mattel to repeat the process of filing a

9        regularly noticed motion would unduly reward MGA for its

10       refusal to comply with the [February 15, 2008] Order and

11       enhance MGA's ability to perpetually deprive Mattel of crucial

12       time in which to conduct discovery.

13   (Reply, pp. 3-4).

14       **2.    Circumstances Warranting Issuance Of An Order To Show**

15            **Cause**

16    In its Application, Mattel argues that, although MGA has improperly refused

17   to respond to all of the discovery referenced in the Motion to Compel (including the

18   Interrogatories), that refusal is, in essence, an "aggravated offense" with respect to

19   the Interrogatories, because MGA had already been ordered to provide responses to

20   those Interrogatories pursuant to the prior discovery master's February 15, 2008

21   Order.  Mattel therefore argues that MGA's failure to provide responses to the

22   Interrogatories should be singled out for special treatment as contempt of the Court.

23       **3.    Relief Sought**

24    MGA seeks issuance of an order to show cause that MGA is in contempt, a

25   finding of contempt, and the following monetary relief:

26       • An award of coercive sanctions against MGA in the amount of $5,000

27         for each day that MGA fails to produce full and complete responses to

28         Interrogatories Nos. 43 and 44 as mandated by the Order, and, in the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 25 -

EXHIBIT _____7_____

PAGE _____78_____

1   event that MGA does not comply within five days of the Court's

2   Order, the amount of coercive sanctions should be increased to

3   $10,000 per day (with all such per diem fine amounts being paid to the

4   Court); and

5   • An award of monetary sanctions against MGA in the amount of

6   $7,000, which represents a portion of the costs incurred by Mattel in

7   bringing the Application.

8   (Application, pp. i - ii).

9   **B.     Discussion**

10  **1.     *Ex Parte* Relief Is Not Justified**

11  As MGA notes, the Court's standing order indicates that *ex parte*

12  applications are "solely for extraordinary relief." This directive was underscored

13  by the Court's Discovery Master Order, which requires that a party applying for *ex*

14  *parte* relief must show that "good cause" exists for hearing any dispute "on

15  shortened time" and that it will "be prejudiced absent prompt resolution" of the

16  issue. (Discovery Master Order, pp. 4 – 5).

17  This standard is not satisfied here. Mattel does not adequately demonstrate

18  that it will be prejudiced if the underlying motion is heard according to regularly

19  noticed motion procedures. The discovery cut-off is still eight months in the future

20  (December 11, 2009), and trial is more than a year away. In its Reply, Mattel

21  argues that it would be unfair to require Mattel to seek relief by means of a

22  regularly noticed motion, given the relevant history:

23  Mattel *already* followed this course of action and already

24  obtained an Order that MGA produce amended interrogatory

25  responses. MGA refuses to obey that [February 15, 2008] Order.

26  Requiring Mattel to repeat the process of filing a regularly

27  noticed motion would unduly reward MGA for its refusal to

28  comply with the [February 15, 2008] Order and enhance MGA's

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 26 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___7___

PAGE ___79___

1      ability to perpetually deprive Mattel of crucial time in which to

2          conduct discovery.

3  (Reply, p. 4, emphasis in original).

4      Mattel's frustration is understandable; Mattel has already been through this

5  process twice (counting the pending motion to compel) with respect to the identical

6  interrogatories which are the subject of the Application. However, Mattel's

7  assertion that it should be allowed to dispense with a noticed motion ignores one

8  important point: the Application seeks relief which both parties acknowledge is

9  entirely different in character than an award of ordinary monetary sanctions for

10  discovery abuses. Unlike its motions to compel, the Application seeks a finding

11  that MGA has deliberately disobeyed a Court order and should be punished by an

12  award of coercive sanctions until it complies with the order. This is the first time

13  Mattel has sought such relief, and MGA has never previously been provided the

14  opportunity to oppose the requested relief in connection with a regularly noticed

15  motion. Thus, while Mattel's above quoted argument might have some application

16  if Mattel were seeking ordinary discovery sanctions on an *ex parte* basis, it does not

17  justify Mattel in seeking contempt sanctions for the first time on an *ex parte* basis.

18      Moreover, the chronology of events tends to negate the assertion that Mattel

19  is suffering immediate and irreparable prejudice from the delay occasioned by

20  MGA's failure to respond to the Interrogatories. MGA has refused to respond to

21  the Interrogatories since the Court lifted the stay on Phase 2 discovery on January 6,

22  2009. Nevertheless Mattel did not file its Application until two months later, after

23  MGA filed the Protective Order Motion and after Mattel filed its Motion to Compel

24  MGA to respond to the outstanding trade dress discovery, including providing

25  responses to the Interrogatories. The timing of these events undermines Mattel's

26  argument that expedited relief is necessary.

27      In the absence of some exigency, the Discovery Master believes that the

28  severity and punitive character of contempt sanctions warrant affording the parties

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 27 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT     7

PAGE     80

1    the time and opportunity to present their arguments in the context of a regularly

2    noticed motion.  Consequently Mattel was not justified in seeking relief on an *ex*

3    *parte* basis.  Nevertheless, because Mattel could simply re-file the Application as a

4    regularly noticed motion and because the Discovery Master is not inclined to

5    recommend that the Court grant the relief Mattel seeks at this time, I address the

6    substantive issues raised by the Application below.

           2.    **MGA's Alleged Disobedience Of The Prior Order**

                 a.    **Legal Standard**

9          As the Ninth Circuit has observed:

10              Courts are invested with inherent powers that are 'governed not

11              by rule or statute but by the control necessarily vested in courts to

12              manage their own affairs so as to achieve the orderly and

13              expeditious disposition of cases.'

14   (*Unigard Security Ins. Co. v. Lakewood Engineering & Manufacturing Corp.*, 982

15   F.2d 363,368 (9th Cir. 1992) (citations omitted)).  When a party fails to comply

16   with a court order, that party commits civil contempt.  (*General Signal Corp. v.*

17   *Donallco, Inc.*, 787 F.2d 1376, 1376 (9th Cir. 1986)).  Additionally, Federal Rule of

18   Civil Procedure 37(b)(2)(A) authorizes a court to treat the failure to obey a

19   discovery order as contempt.

20         The Ninth Circuit has further observed that "courts have strictly adhered to

21   the principle that the power to punish for contempt is limited to '(t)he least possible

22   power adequate to the end proposed.'" (*In re Gustafson*, 619 F.2d 1354, 1361 (9th

23   Cir. 1980) (citations omitted)).

24         Mattel acknowledges that it must meet an exacting standard in order to

25   prevail on its Application.  Specifically, the party seeking imposition of civil

26   contempt sanctions must demonstrate "by *clear and convincing evidence* that the

27   contemnors violated a *specific and definite* order of the court." (*United States v.*

28   *Rose*, 437 F.Supp.2d 1166, 1170 (S.D. Cal. 2006) *quoting FTC v. Affordable Media*

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

                                    - 28 -                    ORDER NO. 17
                                                     [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _____7_____

PAGE _____81_____

1   *LLC*, 179, F.3d 1228, 1239 (9th Cir. 1990) (emphasis added)).  Further, any doubts

2   as to whether the requirements for civil contempt have been met in a particular case

3   must be resolved in favor of the party accused of civil contempt.  (*In re Chief*

4   *Executive Officers Clubs, Inc.*, 359 B.R. 527, 535 (S.D.N.Y. 2007)).

5        In accordance with this standard, contempt sanctions will not be imposed

6   unless the language of the order allegedly violated is clear and unambiguous.

7   (*Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 892 (9th Cir.

8   1982) (affirming district court's denial of applications to hold defendants in

9   contempt for violating terms of consent judgment where, among other things,

10   certain "language of the judgment was ambiguous"); *Sunbeam Corp. v. Black &*

11   *Decker (U.S.) Inc.*, 151 F.R.D. 11, 15 (D.R.I. 1993) (denying motion for contempt

12   and for sanctions where the discovery at issue was open to interpretation: "Any

13   ambiguities or uncertainties in the court order must be read in a light favorable to

14   the person charged with contempt. ... Contempt power should not be used where

15   there is uncertainty"); *Redman v. U.S.*, 77 F.2d 126, 127 (9th Cir. 1935) ("[T]he

16   power of the court to punish for contempt should be used with caution and

17   deliberation.")).

18                    **b.    Application To The Facts**

19        Mattel argues that MGA violated the February 15, 2008 Order, and that it

20   continued to do so for two months before the prior discovery master stayed MGA's

21   obligation to respond to the Interrogatories on April 22, 2008.  (Application, p. 13).

22   That assertion is not accurate.  In granting MGA's motion for clarification of the

23   February 15, 2008 Order, the prior discovery master in essence retroactively found

24   that MGA should not have been ordered to immediately provide supplemental

25   responses because the Interrogatories involved Phase 2 issues and were therefore

26   subject to the Court's February 4, 2008 stay order – a stay imposed 11 days before

27   the February 15, 2008 Order.

28        When the stay was lifted, on January 6, 2009, the Court did not set a new

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 29 -                                    ORDER NO. 17
                                 [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _____7_____

PAGE ____82____

1    deadline for MGA to provide supplemental responses in compliance with the

2    February 15, 2008 Order, nor did Mattel request that either the Court or the current

3    Discovery Master do so. However, one month after the stay was lifted, Mattel did

4    meet and confer with MGA in an attempt to obtain responses. At that time, MGA

5    took the position that it would provide responses to the Interrogatories "not later

6    than 30 days after the Court decides the trade dress summary judgment motion

7    which Mattel has indicated it will be bringing." (Ex. 16 to Watson Decl. in support

8    of Application). Three weeks later, MGA filed the Protective Order Motion

9    seeking a stay of its obligation to respond to the Interrogatories.

10        As set forth above, the Discovery Master finds that, in pursuing this course of

11   conduct instead of responding to the Interrogatories and other discovery that is the

12   subject of Mattel's Motion to Compel, MGA acted without substantial justification

13   and therefore grants Mattel's Motion To Compel and also awards sanctions against

14   MGA. The question raised by the Application is whether MGA should *also* be

15   ordered to appear and show cause why it should not be held in contempt and subject

16   to further sanctions for failing to comply with the February 15, 2008 Order.

17        Since Mattel, as the moving party, has the burden of demonstrating by clear

18   and convincing evidence that MGA has committed civil contempt and should be

19   punished, Mattel must, in the first instance, identify the existence of a "specific and

20   definite" provision of the February 15, 2008 Order which MGA has violated.

21   (*Rose*, 437 F.Supp.2d at 1170). In an attempt to meet this burden Mattel argues:

22              The Discovery Master's [February 15, 2008] Order directed

23              MGA to provide full, complete and updated responses to

24              Interrogatories Nos. 43 and 44 within eleven days. MGA did not

25              comply with that Order and refused to do so for two months

26              before the Discovery Master stayed MGA's obligation to respond

27              while the Court's Phase 2 stay was in place.

28   (Application, p. 13). However, as indicated above, MGA's failure to provide the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 30 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___7___

PAGE ___83___

1    responses specified in the February 15, 2008 Order cannot reasonably be viewed to

2    be a violation of that order during the period of February 15, 2008 to April 22, 2008

3    because the prior discovery master himself retracted the portion of his ruling

4    requiring MGA to comply in response to MGA's motion for clarification. In other

5    words, the prior discovery master found, in effect, that MGA had *properly* withheld

6    supplemental responses on the ground that the subject Interrogatories sought Phase

7    2 discovery, which had been stayed by the Court nearly two weeks *before* the prior

8    discovery master issued the February 15, 2008 Order. Given the prior discovery

9    master's April 22, 2008 ruling granting MGA's motion for clarification, MGA can

10   hardly be deemed to have been in violation of the February 15, 2008 Order while

11   the Court's stay of Phase 2 discovery was in place. A party who believes a ruling is

12   in error has the right to seek clarification or reconsideration, and doing so is not

13   equivalent to willfully disobeying the court.

14        Mattel also argues that MGA "resumed" its violation of the February 15,

15   2008 Order by failing to comply once the Court lifted the Phase 2 discovery stay on

16   January 6, 2009. While the Discovery Master does not agree that any violation

17   resumed on January 6, 2009, as set forth above, I do agree that MGA should have

18   promptly complied with the February 15, 2008 Order once the stay was lifted by

19   serving supplemental responses within 11 days of the lifting of the stay. *Lucero v.*

20   *Martinez*, 2006 WL 1304945 at *2 (D.N.M. Mar. 11, 2006) (party waived all

21   objections to interrogatories served before a stay was issued by failing to respond

22   within 30 days of the stay's expiration); *Donovan v. Mazzola*, 716 F.2d 1226, 1240

23   (9th Cir. 1983) ("Absent a stay, 'all orders and judgments of courts must be

24   complied with promptly.'").

25        However, today's ruling that MGA should have promptly provided responses

26   to the Interrogatories upon the stay being lifted by the Court is not equivalent to a

27   finding that MGA deliberately violated a "specific and definite" provision in the

28   February 15, 2008 Order. That order arguably does not contemplate the situation

EXHIBIT  7

1   which ensued after the order was issued, namely, the prior discovery master's

2   decision to suspend MGA's obligation to respond to the Interrogatories without

3   setting a new deadline to run from the lifting of the stay.

4        While it is reasonable to conclude, as the Discovery Master has done, that the

5   same 11-day deadline imposed by the February 15, 2008 Order would apply once

6   the stay was lifted, an inference, however reasonable, is not the same thing as an

7   express obligation imposed by Court order. (*U.S. v. Saccoccia*, 433 F.3d 19, 29-30

8   (1st Cir. 2005) [government did not carry its burden on civil contempt claim of

9   proving that acceptance of attorney fees by defense attorneys, post-verdict, fell

10  within list of activities expressly forbidden by earlier protective order]; *Independent*

11  *Living Aids, Inc. v. Maxi-Aids, Inc.*, 349 F.Supp.2d 509, 516 (E.D.N.Y. 2004) [the

12  defendant's supposed "understanding," based on oral comments by the Court that

13  he was being ordered to request that search engines discontinue using infringing

14  phrase, was not the same as express provision of injunction and could not serve as

15  basis for civil contempt]).  Further, as noted above, any doubts regarding

16  disobedience of a court order are to be resolved in favor of the party charged with

17  contempt.  Accordingly, the Discovery Master declines, under the applicable case

18  law and on the record presented, to find that MGA deliberately disobeyed the

19  Court, thereby meriting sanctions for civil contempt.  The Discovery Master also

20  declines to recommend that the Court issue the requested order to show cause.

21        However, as set forth in the Disposition section below, the Discovery

22  Master's ruling today *does* contain an express deadline by which MGA must

23  respond fully and without objection to the Interrogatories (as well as the other

24  discovery that is the subject of Mattel's Motion to Compel).  If MGA fails to

25  comply with the express, definite deadline imposed by this Order, the Discovery

26  Master reserves the right to recommend that the Court impose appropriate sanctions

27  from the date of MGA's non-compliance should Mattel renew its request for an

28  order to show cause regarding contempt by filing a noticed motion.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 32 -                          ORDER NO. 17
                    [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _____7_____

PAGE _____85_____

1    V.    **DISPOSITION**

2         A.    MGA's Protective Order Motion is **DENIED**.

3         B.    Mattel's Motion To Compel is **GRANTED**, except as limited above.

4    MGA's responses to Interrogatory Nos. 43 and 44 shall be served within ten (10)

5    days of this Order, subject to any applicable confidentiality designations available

6    under the Protective Order.  MGA's responses to Supplemental Interrogatories Nos.

7    51 – 55 and 64 shall be served within thirty (30) days of this Order, subject to any

8    applicable confidentiality designations available under the Protective Order.

9         C.    Mattel's request for sanctions against MGA in connection with its

10   Motion To Compel is **GRANTED**.  MGA shall pay $4515 to Mattel within ten (10)

11   days of this Order.

12        D.    MGA's request for sanctions in connection with Mattel's Motion To

13   Compel is **DENIED**.

14        E.    Mattel's Application for issuance of an order to show cause regarding

15   contempt is **DENIED,** without prejudice to any noticed motion for an order to show

16   cause regarding contempt that Mattel may deem appropriate in the event that MGA

17   fails to comply with any provision of the present Order.

18   Dated:  April 14, 2009

19

20                          By:   /s/ Robert C. O'Brien

21                                ROBERT C. O'BRIEN
                                  Discovery Master
22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 33 -                          ORDER NO. 17
                                [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT      7

PAGE     86

# Exhibit 8

## CONFORMED COPY

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California  94111
   Telephone:     (415) 774-2611
4  Facsimile:      (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

9                          EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
12         Plaintiff,

13      v.                                 Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15         Defendant.                      ORDER GRANTING IN PART
                                           MATTEL'S MOTION TO ENFORCE
16                                         THE COURT'S ORDER OF MAY 16,
                                           2007, TO COMPEL MGA TO
17                                         PRODUCE WITNESSES FOR
                                           DEPOSITION PURSUANT TO RULE
18                                         30(b)(6), AND GRANTING REQUEST
                                           FOR SANCTIONS
19
    CONSOLIDATED WITH
20  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v. MATTEL,
21  INC.

22

23

24

25                          I. INTRODUCTION

26      On June 29, 2007, Mattel, Inc. ("Mattel") submitted a "Motion to Enforce The Court's

27  Order of May 16, 2007, To Compel MGA To Produce Witnesses For Deposition Pursuant To

28
    Bryant v. Mattel, Inc.,                                                    1
    CV-04-09049 SGL (RNBx)

8/15 EXHIBIT _____8_____

PAGE _____87_____

1   Rule 30(b)(6), And For Sanctions."[1]  On July 9, 2007, MGA Entertainment, Inc. ("MGA")

2   submitted an opposition brief, and on July 12, 2007, Mattel submitted a reply brief.  The matter

3   was heard on August 13, 2007.  Although the scope of Mattel's motion was broader[2], during the

4   hearing, Mattel requested an order compelling MGA to designate and produce witnesses on Topic

5   Nos. 21, 25, 26, and 34 and imposing sanctions for MGA's alleged non-compliance with the May

6   16, 2007 Order, particularly with respect to Topic Nos. 25, 26, 34, 39, 40 and 41.  Having

7   considered the motion papers and the comments of counsel at the hearing, Mattel's motion is

8   granted in part.

9                                II. BACKGROUND

10       On May 16, 2007, the undersigned issued an order granting Mattel's Motion to Compel

11   MGA To Produce Witnesses Pursuant To Rule 30(b)(6) (hereinafter the "May 16, 2007 Order")

12   which provided, in pertinent part:

13       2.     MGA shall confirm its designees and the dates of the designees' availability for

14   deposition for all Topics except Topic Nos. 25 and 26 in Mattel's Notice of Deposition of

15   MGA Pursuant to Rule 30(b)(6) dated February 1, 2007 (the "Second Notice") on or

16   before May 22, 2007.

17       3.     MGA shall make its designees for all Topics in the Second Notice, except Topics

18   Nos. 25 and 26, available for deposition on or before June 30, 2007.

19       4.     The parties shall meet and confer regarding the timing of the depositions on Topic

20   Nos. 25 and 26 of the Second Notice.  Such depositions may take place after June 30,

21   2007.

22       5.     All of MGA's objections and/or limitations regarding the Topics in Mattel's Rule

23   30(b)(6) deposition notices are overruled.

---

[1]   Mattel seeks $3,000 in sanctions.

[2]   In its opening brief, Mattel focused on Topic Nos. 25, 26, 34, 39, 40 and 41 and requested an order
requiring MGA to designate and produce witnesses on all Topics in Mattel's Second Notice of Deposition of MGA.
In its reply brief, Mattel requested an order requiring MGA to produce witnesses on Topic Nos. 11, 13, 14, 19, 21-28,
31, 34, 37 and 39-41.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                     2

EXHIBIT ___8___

PAGE ___88___

1    Proctor Decl., Ex. 1.  The parties later agreed to extend the May 22, 2007 deadline for designating

2    witnesses to May 29, 2007.

3          After the May 16, 2007 Order was issued MGA designated and offered dates for some

4    Rule 30(b)(6) witnesses.  Mattel accepted the dates, however, in the first week of June MGA

5    canceled the depositions of three designees.  On June 7 and again on June 15, 2007, Mattel

6    requested that MGA provide new dates for the three designees.

7          The parties met and conferred on June 22, 2007.  MGA offered designees and deposition

8    dates for 14 of the outstanding Topics.  Although all but one of the dates that MGA proposed

9    were after the June 30, 2007 deadline, Mattel accepted MGA's schedule.  MGA did not, however,

10   identify or produce witnesses to testify on Topics 25, 26, 34 and 39-41, which are the subject of

11   the instant motion.  These Topics are set forth below.

12         Topic 25:  YOUR revenues and profits from BRATZ, including without limitation

13         YOUR gross and net profits, and YOUR costs associated therewith.

14         Topic 26:  YOUR net worth.

15         Topic 34:  Other than those previously filed and served in this ACTION or in

16         which Mattel, Inc.'s counsel in this ACTION was in attendance, the testimony,

17         transcripts, declarations, affidavits and other sworn written statements of any

18         other type by or from YOU or made on YOUR behalf that REFER OR RELATE

19         TO BRATZ THAT REFER OR RELATE TO the time period prior to June 30,

20         2001 (regardless of when such testimony or sworn statement was taken, given,

21         signed, made or filed).

22         Topic 39:  The preservation, collection, destruction, removal, transfer, loss or

23         impairment of YOUR DOCUMENTS and DIGITAL INFORMATION in

24         connection with the ACTION and/or any DOCUMENTS requested by MATTEL

25         in the ACTION.

26         Topic 40:  The preservation, collection, destruction, removal, transfer, loss or

27         impairment of YOUR DOCUMENTS and DIGITAL INFORMATION since

28         January 1, 1999 that REFER OR RELATE TO MATTEL (including without

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3



EXHIBIT ____8____

PAGE ____89____

1   limitation any MATTEL product, plan or information) that YOU received in any

2   manner from any PERSON who was at the time an employee of MATTEL or who

3   had previously been an employee of MATTEL.

4   Topic 41: The testing of or sampling from DOCUMENTS that REFER OR

5   RELATE TO BRATZ or BRYANT, including without limitation such testing or

6   sampling in connection with any ink, paper or chemical analysis performed or

7   attempted to be performed to date, any DOCUMENTS that REFER OR RELATE

8   thereto and all results and reports relating thereto.

9   Mattel's Second Notice of Deposition, dated February 1, 2007, Proctor Decl., Ex. 6.  During the

10  hearing, Mattel also requested an order compelling MGA to designate a witness and schedule a

11  deposition on Topic No. 21, which seeks:

12      Topic No. 21:  YOUR knowledge of, and access to, non-public MATTEL DIVA

13      STARTZ project information and DESIGNS prior to June 30, 2001.

14  Mattel's Second Notice of Deposition, dated February 1, 2007, Proctor Decl., Ex. 6.

15      MGA indicated that Lisa Tonnu would "likely" be its designee on Topic Nos. 25 and 26,

16  but did not offer a date for her deposition because it was awaiting a ruling from Judge Larson

17  regarding the phasing of trials.  MGA also did not designate a witness on Topic Nos. 26, 34 and

18  41 because it was in the process of appealing the May 16, 2007 Order as it pertained to these

19  topics to Judge Larson.[3]  MGA similarly did not designate a witness on Topic No. 40 because it

20  was awaiting a ruling from Judge Larson on its pending motion to dismiss Mattel's counterclaims.

21  MGA's motion to dismiss was based, in part, on Mattel's purported failure to comply with

22  California Code of Civil Procedure §2019.210.  Apparently, MGA thought that the need for

23  discovery on Topic No. 40 might be obviated if it prevailed on its motion to dismiss.

24

25

26  _____

27      [3]   MGA filed its Objection to the May 16, 2007 Order on May 31, 2007.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT _____8_____

PAGE _____90_____

1       MGA also did not designate a witness on the entirety of Topic No. 39. Earlier in June

2  MGA produced Kenneth Lockhart to testify on Topic No. 39. At the deposition, however,

3  Lockhart testified that he had no knowledge regarding MGA's collection of non-electronic

4  documents, a subject within the scope of Topic No. 39. Mattel asked MGA to identify another

5  witness to testify regarding the collection of non-electronic documents. MGA apparently refused

6  to do so because it believed Mattel had agreed to limit Topic No. 39 to exclude that issue.

7       By the end of June 2007, MGA had made only two Rule 30(b)(6) witnesses available for

8  deposition pursuant to the May 16, 2007 Order: Kenneth Lockhart and Paula Garcia. Mattel's

9  Motion at p.3.[4]

10      On June 26, 2007, Judge Larson issued a Minute Order scheduling MGA's appeal of the

11  May 16, 2007 Order for hearing on July 2, 2007. On June 27, 2007, Judge Larson issued an order

12  denying MGA's motion to dismiss, and Mattel renewed its request that MGA produce a witness

13  to testify on Topic No. 40. The next day MGA responded that it intended to identify a designee

14  and dates for a deposition by the end of the week.

15      On June 29, 2007, Mattel filed the instant motion. On July 5, 2007, Judge Larson issued

16  an order affirming the May 16, 2007 Order. That same day MGA confirmed the date and its

17  designation of a witness on Topic Nos. 39 and 40. MGA also confirmed that it would produce

18  witnesses on Topic Nos. 34 and 41. On July 9, 2007, MGA provided designations and dates for

19  deposition for Topic Nos. 34 and 41.

20      In this motion, Mattel contends that MGA has refused to designate and/or to produce

21  witnesses on Topic Nos. 21, 25, 26, 34, 39, 40 and 41, even though the May 16, 2007 Order

22  required it to make all of its Rule 30(b)(6) witnesses (except on Topic Nos. 25 and 26) available

23  by the end of June. Mattel also contends that MGA has refused to meet and confer in good faith

24

25

26    [4] A third deposition was scheduled for June, however, it did not take place. According to Mattel, MGA unilaterally cancelled the deposition the day before it was scheduled to commence. Mattel Motion at p.4. According to MGA, Mattel agreed to defer the deposition.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT ___8___

PAGE ___91___

1  to schedule the deposition of witnesses on Topic Nos. 25 and 26, in violation of the May 16, 2007

2  Order. Lastly, Mattel contends that MGA's stated justifications for refusing to comply with the

3  May 16, 2007 Order all lack merit.

4         MGA contends that Mattel's motion is premature and unnecessary, and is now moot.

5  MGA explains that after the June 22, 2007 meet and confer, there were only four topics open:

6  "one of which (40) was subject to a ruling anticipated to be coming from Judge Larson any day

7  and which was received before Mattel's motion was filed; two of which (34 and 41) were the

8  express subject of an appeal pending before Judge Larson; and the last was simply the result of an

9  honest disagreement between the parties as to the actual intended scope of the topic (39)."

10  MGA's Opposition at p.2.  MGA denies ever refusing to provide witnesses on these topics, and

11  instead, asserts that it was entitled to receive Judge Larson's rulings before scheduling

12  depositions. MGA further contends that it identified witnesses and deposition dates soon after

13  Judge Larson issued his orders.

14  III. DISCUSSION

15  **Topic Nos. 25 and 26**

16         The May 16, 2007 Order required the parties to meet and confer "regarding the timing of

17  the depositions on Topic Nos. 25 and 26." Proctor Decl., Ex. 1. During the June 22, 2007 meet

18  and confer session, MGA indicated that it was likely to designate Lisa Tonnu for these topics;

19  however, it did not offer a date for the deposition because it was awaiting Judge Larson's ruling

20  on the phasing of trials.

21         Mattel contends that MGA's purported justification for failing to schedule the depositions

22  is without merit because discovery in this case has not been phased.  Further, Mattel contends that

23  depositions on these two topics cannot be delayed any longer because under the current schedule,

24  expert reports are due in late August.

25         MGA contends that it fulfilled its meet and confer obligations regarding Topic Nos. 25

26  and 26 and took the position that the depositions shouldn't be scheduled until Judge Larson issued

27  a ruling on the phasing of trials.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT   8

PAGE   92

1    MGA is not technically in violation of the May 16, 2007 Order with respect to Topic Nos.

2   25 and 26 because it fulfilled its obligation to meet and confer regarding the timing of the

3   depositions. Therefore, Mattel's motion to enforce the May 16, 2007 Order and request for

4   sanctions are denied as to Topic Nos. 25 and 26. Nevertheless, MGA's purported justification for

5   delaying scheduling depositions on Topic Nos. 25 and 26 is no longer valid in light of Judge

6   Larson's ruling on the phasing of trials and Mattel is entitled to a date certain for the depositions.

7   **Topic No. 39**

8    The May 16, 2007 Order required MGA to designate a witness on Topic No. 39 by May

9   22, 2007, and to produce its designee for deposition by June 30, 2007. MGA met these deadlines

10  by designating Kenneth Lockhart on Topic No. 39 and producing him for deposition on June 14

11  and 15, 2007. Mr. Lockhart, however, was unable to testify regarding the collection of non-

12  electronic documents. During the parties' subsequent meet and confer, MGA acknowledged that

13  Mr. Lockhart was not proffered regarding the collection of non-electronic documents, but claimed

14  that Mattel had previously agreed to limit Topic No. 39 to electronic documents.

15   Mattel denies ever agreeing to so limit Topic No. 39 and contends that "it is preposterous

16  to think that Mattel would agree to such a limitation." Mattel's Motion at p.10. Mattel points out

17  that the Topic clearly encompasses both electronic and non-electronic documents, and that the

18  May 16, 2007 Order compels MGA to produce a witness on the Topic as written.

19   In contrast, MGA contends that it designated Mr. Lockhart, Chief Information Officer, on

20  Topic No. 39 "based on its good faith belief that the topic was intended to cover the retention of

21  electronic documents and other 'digital information.'" MGA's Opposition at p.6. Nevertheless,

22  on July 5, 2007, MGA designated Lisa Tonnu to testify on Topic No. 39 and indicated that she

23  was available on July 19, 2007.

24   MGA is in substantial compliance with the May 16, 2007 Order, having produced Mr.

25  Lockhart by the June 30th deadline and by offering Lisa Tonnu to testify regarding the remainder

26  of Topic No. 39 after the apparent misunderstanding came to light. Therefore, Mattel's motion to

27  enforce the May 16, 2007 Order is denied with respect to Topic No. 39.

28   //

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                          7

EXHIBIT ___8___

PAGE ___93___

**Topic No. 40**

The May 16, 2007 Order required MGA to designate a witness on Topic No. 40 by May 22, 2007, and to make the witness available for deposition no later than June 30, 2007. At the June 22, 2007 meet and confer session, MGA did not designate or produce a witness on Topic No. 40 because it was awaiting the resolution of its motion to dismiss. On June 27, 2007, Judge Larson denied MGA's motion to dismiss and held that Mattel had already complied with §2019.210. The next day MGA notified Mattel that it would identify a witness on Topic No. 40 and potential dates for deposition by the end of the week. On July 5, 2007, MGA confirmed that Lisa Tonnu would testify on Topic No. 40 and would be available for deposition on July 19, 2007.

Mattel contends that MGA violated the May 16, 2007 without any legitimate basis because Topic No. 40 was not the subject of any appeal. In contrast, MGA contends that it completed its designation and provided available dates promptly after Judge Larson issued his order.

MGA clearly violated the May 16, 2007 by failing to identify a witness to testify on Topic No. 40 and to make the witness available for deposition by June 30th. MGA's non-compliance was willful and inexcusable. MGA could have but failed to request any extension of time to designate and produce a witness on Topic No. 40. MGA has not cited any precedent that excuses a litigant from complying with deadlines imposed by a discovery order, without leave of court, simply because the claim to which the discovery is directed is the subject of a pending motion to dismiss. Mattel's motion is granted as to Topic No. 40 and sanctions are warranted pursuant to Rule 37(b)(2), Fed.R.Civ.P.

**Topic Nos. 34 and 41**

The May 16, 2007 Order required MGA to designate a witness on Topic Nos. 34 and 41 by May 22, 2007 and to produce its designee(s) for deposition by June 30, 2007. At the June 22, 2007 meet and confer session, MGA did not offer any designees or deposition dates for Topic Nos. 34 and 41 because it was in the process of appealing the May 16, 2007 Order to Judge Larson with respect to these topics.

1    On May 31, 2007, MGA appealed the May 16, 2007 Order compelling it to produce

2    designees on Topic Nos. 34 and 41.[5]  MGA sought a stay of the May 16, 2007 Order as to these

3    Topics pending appeal.  On June 21, 2007, the Discovery Master denied the requested stay.  On

4    June 22, 2007, MGA filed an "emergency *ex parte*" application with Judge Larson seeking review

5    of the June 21, 2007 Order denying the requested stay.  On June 26, 2007, Judge Larson issued a

6    Minute Order scheduling MGA's appeal of the May 16, 2007 Order for hearing on July 2, 2007.

7    A few days after the hearing, Judge Larson issued an order upholding the May 16, 2007 Order.

8    That same day MGA confirmed that it would produce witnesses on Topic Nos. 34 and 41.  On

9    July 9, 2007, MGA identified Renato Dionisio to testify on Topic No. 34 and indicated that the

10   witness was available on any one of the following days:  August 21-23 or 28-30.  MGA identified

11   Lisa Tonnu to testify on Topic No. 41 and indicated that she was available to testify on July 19.

12       Mattel contends that MGA willfully failed to comply with the May 16, 2007 Order, even

13   after its request for a stay was denied.  MGA contends that the instant motion was unnecessary

14   and a waste of judicial resources because Mattel knew before it filed the motion that Judge Larson

     had moved up the hearing on MGA's appeals and a ruling would be forthcoming.

15       MGA violated the May 16, 2007 Order by failing to designate and produce a witness to

16   testify on Topic Nos. 34 and 41 by the June 30th deadline.  The violation was particularly

17   egregious because MGA's request for a stay was denied on June 21, 2007, which still left a few

18   days for MGA to at least designate a witness and propose dates for a deposition, even if the

19   deposition was scheduled beyond the June 30th deadline.  Instead, MGA chose to persist in its

20   refusal to comply with the May 16, 2007 Order and gambled that Judge Larson would grant it

21   "emergency" *ex parte* relief.  MGA's clear and flagrant violation of a court order warrants

22   sanctions under Rule 37(b)(2), Fed.R.Civ.P.

23                        IV.  CONCLUSION

24       For the reasons set forth above, Mattel's motion is granted in part and denied in part.  To

25   the extent MGA has not already done so, MGA shall promptly confirm its designees on Topic

26   _____

27   [5]  MGA also appealed the May 16, 2007 Order with respect to Topic No. 26.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                                                         9

EXHIBIT ___8___

PAGE ___95___

Nos. 21, 25, 26 and 34 by August 22, 2007, and make them available for deposition no later than September 27, 2007.

Mattel's request for sanctions is granted based upon MGA's willful violation of the May 16, 2007 Order by failing to identify witnesses and dates for deposition for Topic Nos. 34, 40 and 41 by the designated deadlines. MGA shall reimburse Mattel in the amount of $1,000 in monetary sanctions pursuant to Rule 37(b)(2), Fed.R.Civ.P., no later than August 22, 2007.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

Dated: August 14, 2007

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT 8
PAGE 96

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 14, 2007, I served the attached ORDER GRANTING IN PART MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 16, 2007, TO COMPEL MGA TO PRODUCE WITNESSES FOR DEPOSITION PURSUANT TO RULE 30(b)(6), AND GRANTING REQUEST FOR SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 14, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT _____8_____

PAGE _____97_____