Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
todd.gordinier@bingham.com
PETER N. VILLAR (SBN 204038)
peter.villar@bingham.com
CRAIG A. TAGGART (SBN 239168)
craig.taggart@bingham.com
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700

Attorneys for Non-party
Omni 808 Investors, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carter Bryant, an individual,<br><br>        Plaintiff,<br><br>        v.<br><br>Mattel, Inc., a Delaware Corporation,<br><br>        Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>**DECLARATION OF PETER N. VILLAR IN OPPOSITION TO MATTEL, INC.'S *EX PARTE* APPLICATION FOR AN ORDER TO SHOW CAUSE RE: OMNI 808'S FAILURE TO COMPLY WITH COURT ORDER, OR IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME TO HEAR MOTION FOR SUCH RELIEF**<br><br>**Phase 2:**<br>Discovery Cut-off:    Dec. 11, 2009<br>Pre-trial Conference:   March 1, 2010<br>Trial Date:               March 23, 2010 |

I, Peter N. Villar, hereby declare as follows:

1. I am a partner at the law firm of Bingham McCutchen LLP and counsel of record for non-party Omni 808 Investors, LLC ("Omni"). I make this declaration in support of Omni's Opposition to Mattel, Inc.'s *Ex Parte* Application for an Order to Show Cause Re: Omni's Failure to Comply with Court Order, or in the Alternative, for an Order Shortening Time to Hear Motion for Such Relief. I have personal knowledge of the matters stated herein, and if called upon could and would testify competently to them.

2. Attached hereto as Exhibit A is a true and correct copy of a letter sent by Todd Gordinier to the Discovery Master, Robert O'Brien, on April 20, 2009.

3. In the last few weeks alone, Mattel has unilaterally granted itself extensions of time to comply with Court-ordered deadlines, on at least five separate occasions, without first (and in certain instances ever) obtaining relief or approval from the Court or Discovery Master.

4. Mattel's Opposition to Motion to Quash and/or for Protective Order re Subpoenas Issued by Mattel to Leon Neman, Fred Mashian and Neil Kadisha was due on March 19, pursuant to the briefing schedule mandated by the Court's December 6, 2006 Order for Appointment of a Discovery Master ("Court Order"). The day after this Court-ordered deadline had passed, Mattel faxed a letter to the Discovery Master asking for an extension of time. Mattel's request was granted after its non-compliance with the Court Order.

5. Approximately one hour before the Discovery Master's newly ordered deadline for Mattel's Opposition to Motion to Quash and/or for Protective Order re Subpoenas Issued by Mattel to Leon Neman, Fred Mashian and Neil Kadisha, Mattel faxed a letter to the Discovery Master requesting another extension of time to file its Opposition. The Court-ordered deadline passed again, so Mattel unilaterally granted itself the extension anyway. Mattel's request was granted after its non-compliance with the Court Order.

-1-

6. Mattel's Reply in Support of its Motion to Compel Bingham to Produce Documents Responsive to Subpoena was due on March 17, pursuant to the Court Order. Approximately an hour and a half before the Court-ordered deadline, Mattel faxed a letter to the Discovery Master asking for an extension of time to file its Reply. The Court-ordered deadline passed, so Mattel unilaterally granted itself the extension anyway. Mattel's request was granted a day after its non-compliance with the Court Order.

7. Mattel's Reply to MGA's Opposition to Mattel's Motion for Reconsideration of Phase II Discovery Master Order No. 3 was due on April 8, pursuant to the Court Order. I am informed that Mattel sought and received an informal agreement from MGA for an extension of time to file its Reply. However, to date, Mattel has still not sought or obtained relief or approval from the Court or the Discovery Master.

8. Mattel's Reply to Omni's Opposition to Mattel's Motion for Reconsideration of Phase II Discovery Master Order No. 3 was due on April 22, pursuant to the Court Order. However, Mattel filed and served its Reply after the Court-ordered "prior to 6:00 p.m." deadline without seeking or obtaining relief from the Court or the Discovery Master.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on April 23, 2009.

_____
Peter N. Villar

# EXHIBIT A

**BINGHAM**

Todd E. Gordinier
Direct Phone:    714.830.0622
Direct Fax:      714.830.0717
todd.gordinier@bingham.com

April 20, 2009

**Via Facsimile and Email**

Discovery Master Robert C. O'Brien
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065

Re:   **Mattel, Inc. v. MGA Entertainment, Inc. et al.**

Dear Mr. O'Brien:

We write to you on behalf of non-party Omni 808 Investors, LLC ("Omni") regarding Phase II Discovery Master Order No. 3 ("Order No. 3). This request is precipitated by Mattel's latest threat to file yet another ex parte application and, of course, again on the eve of a hearing.

As you know, Omni is a non-party secured creditor of MGA by virtue of its acquisition of an MGA debt obligation from Wachovia Bank. You correctly determined that Mattel's document requests to Omni were not relevant to any Phase 2 claims or defenses, but that "limited information, as it relates to the purchase by [Omni] of the debt obligation previously held by Wachovia Bank, is reasonably calculated to lead to the discovery of admissible evidence concerning Phase 2 issues, including the calculation of MGA's net worth for purposes of calculating punitive damages." (Order No. 3 at 20.) Accordingly, you ordered Omni to produce documents relating to the existence of any debt owed by MGA and any communications between Omni and the MGA parties regarding any such indebtedness. (Order No. 3 at 29.)

Within 48 hours of the issuance of your Order No. 3, Mattel claimed to be dissatisfied with it as "unduly limited" and notified us that they intended to file a motion for reconsideration to have it changed. Two weeks later, on March 24, Mattel filed its Motion for Reconsideration. The hearing is scheduled for May 5.

We understood Mattel's Motion for Reconsideration to effectively stay enforcement of Order No. 3 and intended to make a production of the pertinent materials as a single production once you resolved Mattel's request for reconsideration. In fact, until recently, we believed that Mattel shared the same understanding. While Mattel has engaged in ongoing communications and stipulations with IGWT regarding its compliance with Order No. 3 (Mattel is not

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

A/73016495.1

EXHIBIT  A
PAGE     3

Discovery Master Robert C. O'Brien
April 20, 2009
Page 2

seeking reconsideration of Order No. 3 as it relates to IGWT), it had not even mentioned Omni's compliance until this past Thursday.

More to the point, Mattel has taken the <u>same position</u> as Omni takes here with respect to those portions of the Order with which it disagrees. Even though you found that most of the categories of documents are not relevant to this litigation, Mattel has insisted that Omni (and the other Financing Entities) continue to preserve documents **<u>pending the resolution of its Motion for Reconsideration</u>**. Perhaps it is not surprising that Mattel wants the best of all worlds by insisting on a de facto stay of that portion of the Order with which it disagrees, while insisting on interim compliance with that portion of the Order with which it has no quarrel - <u>but</u> this is neither fair, efficient nor appropriate.

This past Thursday, April 16, Mattel's counsel sent us a letter for the first time raising this as an issue. We advised Mattel's counsel that Omni will promptly and fully comply with your Order once the scope of any required response is finally resolved. It is neither efficient nor appropriate for us to conduct seriatim searches for documents responsive to the same subpoena and Order thereon. This would multiply the burden and expense on a non-party and would be particularly cumbersome vis a vis electronic discovery since the search terms will be determined by the scope of the Order.

Predictably, Mattel not only failed to recognize any such commonsensical approach but has threatened to bring yet another ex parte application. Mattel has no good faith basis on which to object to this approach, and has articulated no harm or prejudice that it may suffer by receiving one production once <u>Mattel's own Motion for Reconsideration</u> of the Order has been decided and the scope of the material to be produced is finally resolved.

Indeed, Mattel has argued, in its court filings to date, that the documents already produced by Wachovia are largely the same documents to be produced by Omni.

There is little doubt that Mattel has embarked on a course of conduct designed principally to impose as much burden and expense as possible on my client and this is just the latest example. There is no reason that Omni should be required to conduct serial searches or productions to comply with Order No. 3 (as it presently reads) given Mattel's determination to have your Order reconsidered - particularly where it is Mattel that is seeking the reconsideration. The burden and expense this would subject my non-party client to entirely outweighs any argument Mattel has for piecemeal resolution of this matter.

Bingham McCutchen LLP
bingham.com   A/73016495.1

EXHIBIT A
PAGE 4

Discovery Master Robert C. O'Brien
April 20, 2009
Page 3

Accordingly, we respectfully request that you make it clear that Omni may respond to these matters in a single production once you issue your decision on Mattel's Motion for Reconsideration and the scope of Omni's third-party discovery obligation is resolved.

Very truly yours,

Todd E. Gordinier

cc:  Michael Zeller, Esq.
     Jon Corey, Esq.
     Thomas Nolan, Esq.
     Jason Russell, Esq.
     Patricia Glaser, Esq.
     Joel Klevens, Esq.
     Amman Khan, Esq.
     Jeffrey Valle, Esq.
     Russell Frackman, Esq.
     Peter Villar, Esq.

EXHIBIT A
PAGE 5

# Valenzuela, Julie M.

| | |
|---|---|
| **From:** | Valenzuela, Julie M. |
| **Sent:** | Monday, April 20, 2009 1:27 PM |
| **To:** | 'hansen.drew@arentfox.com' |
| **Subject:** | FW: Mattel, Inc. v. MGA Entertainment, Inc. et al. |
| **Attachments:** | 1928_001.PDF |

---

| | |
|---|---|
| **From:** | Valenzuela, Julie M. |
| **Sent:** | Monday, April 20, 2009 1:26 PM |
| **To:** | 'obrien.robert@arentfox.com' |
| **Cc:** | 'hasen.drew@arentfox.com'; 'michaelzeller@quinnemanuel.com'; 'joncorey@quinnemanuel.com'; 'thomas.nolan@skadden.com'; 'jrussell@skadden.com'; 'pglaser@glaserweil.com'; 'jklevens@glaserweil.com'; 'akhan@glaserweil.com'; 'jvalle@valleassociates.com'; 'rjf@msk.com'; Villar, Peter N.; Gordinier, Todd E. |
| **Subject:** | Mattel, Inc. v. MGA Entertainment, Inc. et al. |

Please see the attached letter from Mr. Gordinier.



1928_001.PDF (96 KB)

BINGHAM

Julie M. Valenzuela |
Legal Secretary to Todd E. Gordinier, Edward S. Kim and Jennifer A. Lopez
Plaza Tower, 18th Floor |
600 Anton Boulevard |
Costa Mesa, CA 92626-1924 |
T 714.830.0608 | F 714.830.0700

EXHIBIT A
PAGE 6