QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS<br><br>**PUBLIC - REDACTED** | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF HARD DRIVES FROM COMPUTERS USED BY ISAAC LARIAN AFTER FEBRUARY 27, 2008, FOR SUPPLEMENTAL INSPECTION PURSUANT TO <u>FED. R. CIV. P.</u> 26 (E); AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>[Declaration of Marshall M. Searcy III filed concurrently herewith]<br><br>Hearing Date:  TBA<br>Time:              TBA<br>Place:            Arent Fox LLP<br>**Phase 2**<br>Discovery Cut-off: December 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date:  March 23, 2010 |

07975/2899988.1

1   TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2       PLEASE TAKE NOTICE that, at a hearing date to be set by Discovery

3 Master Robert C. O'Brien, Mattel, Inc. ("Mattel") will and hereby does move

4 pursuant to <u>Federal Rules of Civil Procedure</u> 26 and 37 for an order compelling

5 Isaac Larian ("Larian") to produce for inspection any hard drives and other storage

6 devices (as that term is defined in Mattel's Requests for Production) within his

7 possession, custody or control that were connected to any computer used by Isaac

8 Larian since February 27, 2008, including to comply with <u>Rule</u> 26(e)(1)(A) of the

9 <u>Federal Rules of Civil Procedure</u> and in accordance with the District Court's Order

10 dated February 27, 2008.

11       This Motion is made pursuant to <u>Rules</u> 26 and 37 on the grounds that

12 Isaac Larian has refused to complete and/or supplement his production as required

13 by <u>Rule</u> 26(e)(1)(A).

14       This Motion is based on this Notice of Motion and Motion, the

15 accompanying Memorandum of Points and Authorities, the Declaration of Marshall

16 M. Searcy III filed concurrently herewith, the records and files of this Court, and all

17 other matters of which the Court may take judicial notice.

18 **<u>Certificate of Compliance</u>**

19       Mattel sent a letter requesting a meet and confer pursuant to paragraph

20 5 of the Discovery Master Stipulation on March 17, 2009, and the parties met and

21 conferred regarding the issues presented in this motion on March 27, 2009 and on

22 several occasions thereafter.

23 DATED:  April 23, 2009          QUINN EMANUEL URQUHART OLIVER &
                                            HEDGES, LLP

24

25

26                       By <u>/s/ Marshall M. Searcy III</u>
                           Marshall M. Searcy III

27                            Attorneys for Mattel, Inc.

28

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

FACTUAL BACKGROUND ................................................................. 2

ARGUMENT ................................................................................... 5

I.   LARIAN IS REQUIRED TO SUPPLEMENT HIS PRODUCTION OF HARD DRIVES ........................................................................... 5

    A.   Rule 26(e)(1)(A) Requires Larian To Supplement His Production........ 5

    B.   Larian Has Indisputably Used Hard Drives Since February 2008 And Is Obliged To Supplement His Production ..................................... 6

II.  LARIAN PROVIDES NO VALID EXCUSE FOR NOT UPDATING HIS PRODUCTION OF HARD DRIVES.................................................... 8

    A.   The Court Did Not Exempt Hard Drives Used After February 2008........................................................................................ 8

    B.   Larian's Hard Drives Contain Information Relevant To Phase 2 Issues, As The Court Already Held ......................................... 9

        1.   Larian Cannot Re-Litigate The Relevance Of Information On Or Deleted From His Hard Drives.................................... 10

        2.   Mattel Requested To Inspect The Hard Drives Used Since February 2008 To Discover Evidence Relevant To Mattel's Spoliation And RICO Claims.................................... 11

        3.   The Documents And Information On Larian's Hard Drives Are Relevant To Phase 2 Claims And Issues............................ 13

CONCLUSION.................................................................................. 17

07975/2899988.1

# TABLE OF AUTHORITIES

**Page**

### Cases

AVX Corp. v. Cabot Corp.,
  252 F.R.D. 70 (D. Mass. 2008) ................................................................ 6

Arthur v. Atkinson Freight Lines Corporation,
  164 F.R.D. 19 (S.D.N.Y. 1995)................................................................ 6

Gaytan v. Kapus,
  181 F.R.D. 573 (N.D. Ill. 1998) .............................................................. 6

Thomas & Marker Const. Co. v. Wal-Mart Stores, Inc.,
  2008 WL 3200642 (S.D. Ohio 2008) ...................................................... 6

### Rules and Statutes

Fed. R. Civ. P. 26................................................................................. 1, 2, 14

Fed. R. Civ. P. 26(e) ...................................................................... 5, 6, 8, 9, 10

Fed. R. Civ. P. 26(e)(1) ................................................................................ 6

Fed. R. Civ. P. 26(e)(1)(A).................................................................... 1, 5

### Other Authorities

Fed. R. Civ. P. 26(e), Advisory Committee Note, 1993 Amendments ...................... 6

MOTION TO COMPEL PRODUCTION OF LARIAN HARD DRIVES

07975/2899988.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Federal Rule of Civil Procedure 26(e)(1)(A) requires a party to supplement discovery, even if new responsive information came into existence only after the party responded to the discovery request. Under this Rule and prior Court orders, Isaac Larian should be ordered to provide for inspection all computer hard drives and other media storage devices that he has used since February 2008.[1] The Court issued an Order in February 2008 compelling Mr. Larian to provide hard drives for inspection, after the Court found that the possible spoliation of the contents of the drives was directly relevant to Mattel's claims. After inspecting Mr. Larian's hard drives, Mattel determined that at least ███████████ ███████████████████████████. Mattel now seeks to conduct comparable analyses, and update its prior analysis, by inspecting the hard drives that Larian has used since the prior production.

Larian refuses to supplement his prior, Court-ordered production of hard drives, arguing that he is not obligated to provide any further discovery following the issuance of the Court's Order. Nothing in the Court's Order -- which obligated Larian to provide hard drives "from 1999 to the present" -- even arguably excuses Larian from the supplementation obligation borne by every party under Rule 26, and there is no reason that it would. Larian has continued using computers

---

[1] Mattel's requests for production asked that Larian produce all "STORAGE DEVICES," and defined the term to include all computer hard drives as well as removable storage devices such as USB devices and backup storage devices. See Mattel, Inc.'s First Set of Requests for Documents and Things to Isaac Larian Dated June 13, 2007, attached as Exhibit 1 to the Declaration of Marshall M. Searcy, III, filed concurrently herewith ("Searcy Dec."), at 6. Mattel's requested relief here includes all such STORAGE DEVICES, as the term is defined in Mattel's Requests for Production (which were compelled by the Court), but Mattel will use the short-hand term "hard drives" for purposes of brevity and ease of reading in this motion.

07975/2899988.1

to receive, process, store and possibly delete relevant information, including information related to MGA's Bratz business. The Court already held that any deletion of information from the hard drives is relevant to Mattel's Phase 2 spoliation and RICO claims. Larian's prior production of information from his hard drives is unquestionably incomplete and out of date. He should be required to supplement.

In the event that the Discovery Master holds Larian is not required by Rule 26 to supplement his prior production, Mattel requests that the Discovery Master order Larian to produce all hard drives used since February 2008 that are responsive to Mattel's Requests for Production Nos. 222 and 225, as the hard drives are relevant to the claims and issues in this litigation.

### Factual Background

The Court Orders Larian to Produce His Hard Drives. In June 2007, Mattel requested that hard drives from computers used by Larian and Carter Bryant at MGA be produced or made available for inspection.[2] After Larian refused, Mattel moved to compel production in October 2007.[3] The prior Discovery Master denied Mattel's motion.[4] In February 2008, the District Court overruled that denial

---

[2]   Request Nos. 222 and 225, found in the excerpts of Mattel, Inc.'s First Set of Requests for Documents and Things to Isaac Larian Dated June 13, 2007, attached as Exhibit 1 to the Declaration of Marshall M. Searcy, III, filed concurrently herewith ("Searcy Dec.") ("REQUEST FOR PRODUCTION NO. 222: Each STORAGE DEVICE that YOU have used to create, prepare, generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL or BRYANT."; "REQUEST FOR PRODUCTION NO. 225:  Each STORAGE DEVICE that BRYANT has used to create, prepare, generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL or MGA.").
[3]   Mattel Inc.'s Motion to Compel Production of Documents by Isaac Larian and for Award of Monetary Sanctions, dated October 11, 2007, Searcy Dec., Exh. 2.
[4]   Discovery Master Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian; Denying Request for Sanctions, Dated December 31, 2007, Searcy Dec., Exh. 17.

as "clearly erroneous and contrary to law," and compelled Larian to produce the hard drives from Larian's and Bryant's computers.[5]  The Court held that Mattel was entitled to such discovery to determine whether evidence on the requested hard drives had been deleted or destroyed, as such spoliation would be "relevant to Mattel's claims, including specific predicate acts alleged in Mattel's RICO counterclaims."[6]  The Court ordered Larian to produce:

> All hard drives from, or that were at any time connected to, any computer used by either Isaac Larian or Carter Bryant at any time from 1999 to the present and that contain or previously contained any digital information referring or relating to Bratz, Angel, MGA or Bryant (as those terms are defined in Mattel's Requests).[7]

The Court further ordered that a consultant of Mattel's choosing would be allowed to make forensically sound images of each hard drive and would be permitted to inspect "any and all information on said hard drives."[8]

      <u>Larian Produces Hard Drives With Indications of Evidence Spoliation</u>. Four months after the Court's Order, in June of 2008, MGA and Larian finally produced hard drives responsive to Mattel's requests and permitted them to be inspected and forensically imaged.[9]  Mattel's expert, but not Mattel, was allowed

---

[5]  Order Granting Mattel, Inc.'s Motion Objecting to Portions of Discovery Master's December 31, 2007 Order Regarding Hard Drives (the "Court's Order"), dated February 27, 2008, Searcy Dec., Exh. 19.

[6]  <u>Id.</u>

[7]  <u>Id.</u>

[8]  <u>Id.</u>

[9]  Searcy Dec., ¶ 20. ████████

████████████████████████████████

████████████████████████████

1  access to the drives.[10]  Mattel's expert discovered that files ████████████

2  ████████████████████████████████████████████████

3  ████████████████████████████████████████████████

4  ████████████████████████████████████████████████

5  ████████████████████████████████████████████████

6  ████████████████████████████████████████████████

7  ████████████████████████████████████████████████

8  ████████████████████████████████████████████████

9  ████████████████████████████████████████████████

10  ████████████

11        ████████████████████████████████████████

12  ████████████████████████████████████████████████

13  ████████████  Removable storage devices are used to transfer documents back and

14

15  _____

16    [10]  Letter of Agreement between Mattel and Larian, dated April 22, 2008, Searcy Dec.,

17  Exh. 25. Mattel also was not permitted to inspect the content of any user generated
   "active" files or the documents and information recovered from the hard drives by Mattel's

18  and Larian's experts. Id. Mattel requests that no such limitation be placed on the
   requested supplemental production of hard drives. █████████████████████████

19  ████████████████████████████████████████████

20  ████████████████████████████████████  Preliminary

21  Examination Report, Larian Hard Drives & USB Drive, by Christopher Pavan, Dated June
   24, 2008, at 1, Searcy Dec., Exh. 22. Mattel should be allowed to inspect all relevant, non-

22  privileged documents and information, including "active" user generated files and
   documents and information recovered by the experts.

23    [11]  Id. at 3; Excerpts of Exhibit B to the Preliminary Examination Report, Larian Hard

24  Drives & USB Drive, by Christopher Pavan, Dated June 24, 2008, Searcy Dec., Exh. 23.
      [12]  Id.

25    [13]  Id. Notably, this destruction of documents is part of a broader pattern of spoliation
   in this case. See Part II.B.2, infra.

26    [14]  Preliminary Examination Report, Larian Hard Drives & USB Drive, by Christopher

27  Pavan, Dated June 24, 2008, at 3, Searcy Dec., Exh. 22.
      [15]  Id. at 7-9, 11, 13, 14.

28

forth from computer hard drives.[16]  With one exception, these removable storage devices were never produced to Mattel.[17]

Larian Refuses Any Supplemental Production of His Hard Drives.  In March 2009, Mattel requested that Larian supplement the production of hard drives under Rule 26(e)(1)(A) and allow for inspection of Mr. Larian's hard drives used since they were last made available (including all relevant, non-privileged documents on those hard drives and all relevant, non-privileged documents and information recovered by Mattel's and Larian's experts).[18]  In response to Mattel's meet and confer request, Larian's counsel responded that he had produced hard drives used "up to and including February 27, 2008" -- the date of the Court's Order -- but refused to produce any further hard drives.[19]

## Argument

### I.   LARIAN IS REQUIRED TO SUPPLEMENT HIS PRODUCTION OF HARD DRIVES

#### A.   Rule 26(e)(1)(A) Requires Larian To Supplement His Production

Pursuant to Fed. R. Civ. Proc. 26(e)(1)(A), MGA and Larian have an ongoing duty to timely supplement responses to discovery.  That Rule requires a party to supplement discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1)(A).  The obligations under Rule 26(e) are ongoing, and the required supplementation "should be made at appropriate intervals during the

---

[16] ████████████████████████████████████

[17] Searcy Dec., ¶ 21.

[18] Letter from Marshall Searcy to Amman Kahn, dated March 17, 2008, Searcy Dec., Exh. 27.

[19] Letter from Amman Kahn to Jon Corey, dated March 25, 2009, Searcy Dec., Exh. 20; Letter from Amman Kahn to Marshall Searcy, dated March 31, 2009, Searcy Dec., Exh. 21.

1   discovery period." <u>Rule</u> 26(e), Advisory Committee Note, 1993 Amendments. As

2   one court has stated, "the duty to supplement is a continuing duty and a 'party may

3   not free itself of the burden to fully comply' by placing 'a heretofore unrecognized

4   duty of repeated requests for information on its adversary.'" <u>AVX Corp. v. Cabot</u>

5   <u>Corp.</u>, 252 F.R.D. 70, 77 (D. Mass. 2008) (quoting <u>Arthur v. Atkinson Freight Lines</u>

6   <u>Corporation</u>, 164 F.R.D. 19, 20 (S.D.N.Y. 1995)).[20]

7           In accordance with <u>Rule</u> 26(e), a party must supplement its responses

8   even if the responsive information only came into existence after the party initially

9   responded to the discovery request. <u>See e.g.</u>, <u>Gaytan v. Kapus</u>, 181 F.R.D. 573,

10   577-80 (N.D. Ill. 1998) (defendant sanctioned for not supplementing his discovery

11   responses to reveal additional excessive force complaints that were filed after his

12   first deposition). In fact, courts have enforced this obligation to supplement even

13   for events that have occurred after the close of discovery. <u>Thomas & Marker Const.</u>

14   <u>Co. v. Wal-Mart Stores, Inc.</u>, 2008 WL 3200642, at *3 (S.D. Ohio 2008) (explaining

15   that plaintiff should have amended its discovery responses to produce agreement

16   executed after the close of discovery and compelling production of the agreement).

17   **B.**     <u>**Larian Has Indisputably Used Hard Drives Since February 2008**</u>

18           <u>**And Is Obliged To Supplement His Production**</u>

19           Larian claims he has produced hard drives from computers he used

20   prior to February 2008, but he does not dispute that he has continued to use

21   computers to create, modify, send and receive documents and emails relevant to

22

23

---

24   [20]   The Discovery Master has also held that the MGA parties have a duty under <u>Rule</u>

25   26(e) to supplement prior discovery. <u>See, e.g.</u>, Phase 2 Discovery Matter Amended Order No. 11 Regarding: (1) Motion of Mattel, Inc. to Compel Responses to Interrogatories and

26   Production of Documents by MGA Entertainment, Inc. and Isaac Larian; and (2) Motion of Mattel, Inc. to Compel the Depositions of Pablo Vargas and Mariana Trueba, at 9, fn. 12

27   (holding "MGA also has a continuing duty to supplement its production under the Federal Rules of Civil Procedure" and quoting <u>Rule</u> 26(e)(1)), Searcy Dec., Exh. 24.

28

1   Bratz and other issues in this action since that time.[21]   Nor could he. ███████

2   ████████████████████████████████████████████████████████████

3   ████████████   The hard drives used by Larian since February 2008 should be

4   produced.

5   ████████████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████████████

7   ██████████████████   As MGA's vice president and chief information

8   officer, Ken Lockhart, testified:

9          ██████████████████████████████████████

10         ████████████████████

11         ██████████

12         ████████████████████████████████

13         ██████████████████████████████████████

14         ██████████████████████████████████████

15         ██████████████

16         ██████████████████████████████████████

17         ████████████████████████████████████████

18         ██████████

19         Thus, not only has Larian used computers containing hard drives which

20   are being withheld, but there is a realistic prospect, ██████████████████

21   ████████████████████████████████████████████████████████████

22   _____

23   [21]   See Letter from Amman Kahn to Jon Corey, dated March 25, 2009, Searcy Dec.,

24   Exh. 20; Letter from Amman Kahn to Marshall Searcy, dated March 31, 2009, Searcy
     Dec., Exh. 21 (conceding that Larian had produced hard drives only from computers he

25   had used "up to including February 27, 2008").

26   [22]   See Depo. Tr. of Ken Lockhart (Vol. 2), dated June 15, 2007 at 255:20-21, Searcy
     Dec., Exh. 5.

27   [23]   Id. at 255:2-258:9.

28   [24]   Id. at 257:24-258:9.

1   ████████. Under <u>Rule</u> 26(e), Larian and MGA are obligated to supplement the
2   hard drive production.

3   ## II.   **LARIAN PROVIDES NO VALID EXCUSE FOR NOT UPDATING HIS**
4   **PRODUCTION OF HARD DRIVES**

5          Larian has refused to update his production of hard drives based on two
6   legally incorrect assertions.  First, Larian asserts that he was only obliged under the
7   Court's Order to produce hard drives from computers used until February 2008.[25]
8   Second, Larian asserts that his production is "complete" because information and
9   documents on the withheld drives are not likely relevant to Phase 2 claims and
10   issues.[26]  Neither argument has merit.

11         ### A.   **The Court Did Not Exempt Hard Drives Used After February 2008**
12         Nothing in the Court's February 27, 2008 Order indicates that it sought
13   to <u>limit</u> Larian's production of hard drives, much less excuse Larian from his
14   obligations under <u>Rule</u> 26(e).  Quite the contrary, the Order requiring production of
15   hard drives from computers used from "1999 to the present"[27] rejected any temporal
16   limit based, for instance, on the date that Mattel's counterclaims were filed
17   (November 2006) or when the discovery requests were propounded (June 2007),
18   since *ongoing* spoliation of evidence would be relevant as predicate acts for Mattel's

19

20

[25]   <u>See, e.g.</u>, Letter from Amman Kahn to Jon Corey, dated March 25, 2009, Searcy
21   Dec., Exh. 20 (asserting that "the February 27, 2008 Court Order limited Mattel's
22   inspection and copying of Mr. Larian's hard drives to any computer used by him from
'1999 to the present.'").
23   [26]   <u>Id</u>. (asserting "there is no nexus between the information currently on Mr. Larian's
24   hard drives and the Phase 2 claims"); Letter from Amman Kahn to Marshall Searcy, dated
March 31, 2009, Searcy Dec., Exh. 21 (claiming that Mattel "cannot demonstrate that any
25   information placed on Mr. Larian's hard drives since June 2008 has any relevance to
Mattel's Phase 2 claims.").
26   [27]   Order Granting Mattel, Inc.'s Motion Objecting to Portions of Discovery Master's
27   December 31, 2007 Order Regarding Hard Drives, dated February 27, 2008, Searcy Dec.,
Exh. 19.
28

1    RICO claims which allege ongoing enterprises.  If the Court had (contrary to its own

2    logic) meant to excuse Larian from the obligations of Rule 26(e), it certainly would

3    have indicated so in the Order.  Nothing in the Order supports the notion that Larian

4    is exempt from the Rules or the duties of every litigant to supplement.  And the

5    particular circumstances here -- where there are pending Phase 2 claims alleging

6    ongoing wrongs; there is an actual record of spoliation; and the Court explicitly

7    rejected any temporal limitations on the requested production -- only make the

8    application of the Rule more compelling.

9        **B.      Larian's Hard Drives Contain Information Relevant To Phase 2**

10             **Issues, As The Court Already Held**

11               Larian argues that his production is complete because, he says, "there is

12   no nexus between the information currently on Mr. Larian's hard drives and the

13   Phase 2 claims."[28]     According to Larian, Phase 2 pertains to Mattel's

14   misappropriation of trade secret claims and all relevant information in that regard

15   would have been created during 2004 and 2005, and hence already disclosed on the

16   hard drives provided for inspection in 2008.[29]  However, the Court has already

17   overruled Larian's objections, including his relevance objection, and Larian offers

18   no basis to re-litigate this issue now.

19               Furthermore, Larian's argument is factually incorrect.  Hard drives

20   from computers used since February 2008 remain important evidence regarding

21   Mattel's spoliation claims and likely contain documents relevant to Mattel's Phase 2

22   RICO, copyright infringement, theft of trade secret and unfair competition claims.

23   Indeed, Mattel is aware of documents from these hard drives that are relevant to

24

25

26   [28]   Letter from Amman Kahn to Jon Corey, dated March 25, 2009, Searcy Dec., Exh. 20.

27   [29]   Letter from Amman Kahn to Marshall Searcy, dated March 31, 2009, Searcy Dec., Exh. 21.

28

1 Mattel's Phase 2 claims -- Larian cannot reasonably assert that the hard drives
2 contain no relevant documents when the existence of such documents is beyond
3 dispute.[30]

### 1.    Larian Cannot Re-Litigate The Relevance Of Information On Or Deleted From His Hard Drives

6        The Court has already overruled Larian's objections to the Requests at
7 issue now.  The Court held that the hard drives are "relevant to Mattel's claims,
8 including specific predicate acts alleged in Mattel's RICO counterclaims."[31]  The
9 Court found that Mattel is entitled to discovery into Larian's possible spoliation of
10 evidence on the drives regarding those Phase 2 counterclaims.  The Court overruled
11 the prior Discovery Master's Order refusing to compel responses to Requests Nos.
12 222 and 225 as "clearly erroneous and contrary to law," overruled Larian's
13 objections, and ordered Larian to produce all hard drives responsive to the
14 requests.[32]

15        Larian has a duty under Rule 26(e) to update and supplement his Court-
16 ordered responses to Mattel's requests.  He cannot avoid that duty by seeking to re-
17 litigate the relevance of the information on or deleted from his hard drives.  That
18 issue has already been decided by the Court, and Larian cites no authority that
19 would permit him to re-litigate his relevance objections in the context of the duty to

---

[30] See, e.g., ████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

[31] Order Granting Mattel, Inc.'s Motion Objecting to Portions of Discovery Master's December 31, 2007 Order Regarding Hard Drives, dated February 27, 2008, Searcy Dec., Exh. 19.
[32] Id.

07975/2899988.1

1  supplement as to compelled requests.   Larian cannot now revive long overruled

2  relevance objections, previously rejected by Judge Larson.

### 2. Mattel Requested To Inspect The Hard Drives Used Since February 2008 To Discover Evidence Relevant To Mattel's Spoliation And RICO Claims

6          Mattel specifically alleges that the MGA parties' racketeering activities

7  include repeated, ongoing acts of tampering with evidence and "destroying

8  electronic and other evidence, including by destroying evidence previously

9  contained on Carter Bryant's and Isaac Larian's computer hard drives."[33]   As the

10  Court has already held, evidence of spoliation is "relevant to Mattel's claims,

11  including specific predicate acts alleged in Mattel's RICO counterclaims."[34]   Mattel

12  has already discovered evidence of repeated acts of spoliation by the MGA parties.

13  For example, ███████████████████████████████████████

14  ███████████████████████████████   and Mr. Bryant altered documents[36] and

15

---

16  [33]   Mattel, Inc.'s Second Amended Answer In Case No. 05-2727, dated July 12, 2007

17  (public redacted version, without exhibits), at ¶¶ 88-97, Searcy Dec., Exh. 3.

18  [34]   See Order Granting Mattel, Inc.'s Motion Objecting to Portions of Discovery Master's December 31, 2007 Order Regarding Hard Drives, dated February 27, 2008,

19  Searcy Dec., Exh. 19.

20  [35]



24  [36]   Bryant also backdated Bratz drawings (to conceal that he had created them as a

25  Mattel employee) and MGA then used the back-dated dates on those drawings in filings with the U.S. Copyright Office.   Carter Bryant's Responses to Mattel, Inc.'s Fifth Set of

26  Requests for Admission to Carter Bryant, dated July 9, 2007, Response Nos. 27-29, Searcy

27  Dec., Exh. 11.   See also Searcy Dec., Exhs. 12-16 (Certificates of Copyright Registrations

28  for Yasmin, Sasha, Jade, Cloe and Bratz group drawings).

1   installed and ran a program called "Evidence Eliminator" to permanently delete

2   electronic information on his hard drives.[37]

3           The then-existing evidence of spoliation was significant enough that the

4   Court ordered Larian to produce his hard drives so that Mattel's expert could inspect

5   them for evidence of further document destruction. ███████████

6   ████████████████████████████████

7   ████████████████████████████████

8   ████████████████████████████████

9   ████████████████████████████████

10   ████████████████████████████████

11   ██████████████████████████████

12           Given the significant history of <u>continuous</u> spoliation, there is ample

13   reason to believe that inspection of post-February 2008 hard drives is reasonably

14   calculated to lead to the discovery of admissible evidence here. Certainly, Mattel

15   cannot ascertain whether evidence has been destroyed since that time from Larian's

16   hard drives without obtaining and forensically examining the hard drives

17

18

---

19   [37]  Just *two days* before technicians were scheduled to go to Bryant's home to image

20   his computers for this litigation, the "Evidence Eliminator" program was run on Bryant's

21   laptop computer. Joint Order Regarding the MGA Parties' Motion *in limine* No. 13, at 1, Searcy Dec., Exh. 10. Bryant did not deny the program was run two days before his

22   computer was to be imaged in this case, nor that he had installed and run "Evidence Eliminator" earlier. Trial Transcript, June 13, 2008, at 2684:4-2685:22, Searcy Dec., Exh.

23   7.

24   [38]  Preliminary Examination Report, Larian Hard Drives & USB Drive, by Christopher Pavan, Dated June 24, 2008, at 3, Searcy Dec., Exh. 22; Excerpts of Exhibit B to the

25   Preliminary Examination Report, Larian Hard Drives & USB Drive, by Christopher Pavan, Dated June 24, 2008, Searcy Dec., Exh. 23.

26   [39]  Preliminary Examination Report, Larian Hard Drives & USB Drive, by Christopher

27   Pavan, Dated June 24, 2008, at 3, Searcy Dec., Exh. 22.

  [40]  <u>Id.</u>

28

themselves.  Larian should be ordered to supplement his production with all hard drives from computers he has used since February 2008.

### 3.   The Documents And Information On Larian's Hard Drives Are Relevant To Phase 2 Claims And Issues

Nor is Larian correct that documents on Larian hard drives used since February 2008 are irrelevant to Phase 2 issues.  To the contrary, documents on Larian hard drives from computers used since February 2008 are relevant to numerous claims, including Mattel's copyright infringement, theft of trade secret and unfair competition claims and MGA's trade dress and unfair competition claims.  Considering that the MGA parties have been making, using and selling products infringing Mattel's rights in Bratz from February 2008 until this year, Larian's hard drives undoubtedly contain information relating to MGA's current business activities and ongoing infringement -- unless such information was deleted.[41]

Relevant documents on Larian's hard drives would include, for example, sales and revenue information for Bratz and information related to the development of derivative designs and products.  Such documents on Larian's current hard drives are relevant to Mattel's copyright infringement claims, both civil and criminal, and damages.  As the Discovery Master has explained, "[c]ontinued sale of any such inventory [Bratz dolls] is thus relevant to the Court's injunction and presumably must be made available to Mattel on that basis alone."[42]  Indeed, as the Discovery Master has further ruled, because information on Bratz sales and finances

---

[41]   Mattel, Inc.'s Second Amended Answer In Case No. 05-2727, dated July 12, 2007 (public redacted version, without exhibits), at ¶¶ 34, 89, 93(e), Searcy Dec., Exh. 3.

[42]   See Phase 2 Discovery Matter Amended Order No. 11 Regarding: (1) Motion of Mattel, Inc. to Compel Responses to Interrogatories and Production of Documents by MGA Entertainment, Inc. and Isaac Larian; and (2) Motion of Mattel, Inc. to Compel the Depositions of Pablo Vargas and Mariana Trueba, at 9, Searcy Dec., Exh. 24.

-13-

1   are relevant to the Court's injunction and constructive trust, MGA has a duty to

2   supplement its production of this information under <u>Rule</u> 26.[43]   The Discovery

3   Master further already has held that information relating to Bratz is relevant to

4   Mattel's Phase 2 claims because "[t]he counterclaims to be litigated in Phase 2 (e.g.,

5   Mattel's RICO causes of action, misappropriation of trade secrets claim, and unfair

6   competition cause of action) all incorporate by reference the allegation that "MGA

7   first stole 'Bratz,' a fashion doll, from Mattel, and then continued stealing Mattel's

8   confidential and proprietary information to fuel MGA's growth."[44]   Documents

9   created, used, sent or received since February 2008 that relate to the Bratz are just as

10  relevant as those created, used, sent or received before then.

11         Mattel also alleges that the MGA parties <u>continue to use</u> stolen Mattel

12  plans, strategy and business information to harm Mattel and gain an unfair

13  competitive advantage in the United States and around the world.[45]   Thus, Larian's

14  claim that all information related to the theft of trade secrets would have been

15  created during 2004 and 2005, and would have been on the hard drives already

16  provided for inspection, is not credible.  Larian's current hard drives likely contain

17  documents and emails relevant to MGA's <u>present and ongoing use</u> of Mattel's stolen

18  trade secrets as well as information reflecting the competitive business advantage

19  MGA has gained and continues to gain from its use of Mattel's trade secrets.

20         Additionally, Mattel alleges that MGA and Larian have caused and

21  continue to cause Mattel injury through unfair competition, including through

22

23

24

25  [43]   <u>Id.</u>

26  [44]   <u>Id.</u>

27  [45]   <u>See, e.g.</u>, Mattel, Inc.'s Second Amended Answer In Case No. 05-2727, dated July 12, 2007 (public redacted version, without exhibits), at ¶¶ 112-113, Searcy Dec., Exh. 3.

28

1  Larian's misrepresentations and disparagement of Mattel.[46]   Evidence of these

2  activities, and MGA's current financial gain from past unfair competition,

3  undoubtedly resides on Larian's hard drives.  Likewise there is every reason to

4  think, and no reason not to think, that information relevant to MGA's trade dress

5  and other claims against Mattel also resides on Larian's post-February 2008 drives.

6         Finally, Larian's computers have also been used since February 2008 in

7  transactions which Mattel alleges constitute ongoing financial fraud, transactions

8  that are relevant to MGA's and Larian's net worth.[47]  ████████████████

9  ████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████

11 ████████      Documents related to all of these transactions were necessarily

12 ─────────────

13   [46]  Id. at ¶¶ 163-166, 78-81.  Mattel alleges that Larian has, for example, made
14  misrepresentations to Mattel retailers and issued false and misleading press releases.
    There is no reason to believe these activities have ceased.
15   [47]  Phase 2 Discovery Matter Amended Order No. 11 Regarding: (1) Motion of Mattel,
16  Inc. to Compel Responses to Interrogatories and Production of Documents by MGA
    Entertainment, Inc. and Isaac Larian; and (2) Motion of Mattel, Inc. to Compel the
17  Depositions of Pablo Vargas and Mariana Trueba, at 6-7, Searcy Dec., Exh. 24.  In
    addition, these transactions are the subject of Mattel's pending motion to amend its claims,
18  including the predicate acts for its RICO claims.  See Mattel, Inc.'s Notice of Motion and
    Motion for Leave to File Third Amended Answer and Counterclaims, dated April 8, 2009,
19  Searcy Dec., Exh. 32.
20   [48]  WACHOVIA 010437-441, ██████████████████████, Searcy Dec.,
    Exh. 33.
21   [49]



28  (footnote continued)

07975/2899988.1

1   transmitted from or to, edited, or stored on computers Larian used since February

2   2008.[50] █████████████████████████████████████████████████████████

3   ███████████████████████████████████████████████████████████████████

4   ██████████████████████████        The Discovery Master found this agreement -- which

5   Larian undoubtedly used computers to send, receive, modify or store, or discuss in

6   e-mail communications -- is relevant to Mattel's Phase 2 claims.[52]   Emails since

7   produced by IGWT confirm that Larian did in fact send and receive such emails

8   since February 2008.[53]

9

10

11

12   ─────────────────

13   █████████████████████████████████████████████████

14   █████████████████████████████████████████████████████

15   ██████████████████████████████████████████████████████████

16   ███████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████

18   █ ████████████████████████████████████████████████████████

19   █████████████████████████████████████████████████

20   [51] ██████████████████████████████████████████████

21   [52]   Phase 2 Discovery Matter Order No. 3, Regarding: (1) Motion of MGA

22   Entertainment, Inc., Isaac Larian and MGA Entertainment (HK) Limited to Quash Non-
      Party Subpoenas; and (2) Motion of Mattel, Inc. to Compel Production of Documents

23   Responsive to the Same Non-Party Subpoenas, dated March 10, 2009, at 27, Searcy Dec.,
      Exh. 35.

24   [53] █████████████████████████████████████████████████████████

25   ███████████████████████████████████████████████████████████

26   ███████████████████████████████████████████████████████████

27   ███████████████████████████████████████

28



1    In sum, Larian's assertion that "there is no nexus between the

2  information currently on Mr. Larian's hard drives and the Phase 2 claims"[54] is

3  untenable.  Larian's current hard drives contain information relevant to Mattel's

4  Phase 2 claims in multiple respects.  He should be compelled to produce the hard

5  drives.

6                              **Conclusion**

7    For the foregoing reasons, Larian should be compelled to produce all

8  unproduced hard drives within his possession, custody or control for supplemental

9  inspection by Mattel's consultant.  Such inspection should include inspection of all

10 relevant, non-privileged documents and information, including "active" user

11 generated files and documents and information recovered by the experts.

12

13 DATED: April 23, 2009          QUINN EMANUEL URQUHART OLIVER &
                                 HEDGES, LLP
14

15

16                              By /s/ Marshall M. Searcy III
                                   Marshall M. Searcy III
17                                 Attorneys for Mattel, Inc.

18

19

20

21

22

23

24

25

26 _____

27 [54]  Letter from Amman Kahn to Jon Corey, dated March 25, 2009, Searcy Dec., Exh.
    20.
28