# EXHIBIT 1

ORIGINAL

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5  (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12 | CARTER BRYANT, an individual,      | CASE NO. CV 04-9049 SGL (RNBx)
   |                                    |
13 |            Plaintiff,              | Consolidated with
   |                                    | Case No. CV 04-09059
14 |      v.                            | Case No. CV 05-02727
   |                                    |
15 | MATTEL, INC., a Delaware           | MATTEL, INC.'S FIRST SET OF
   | corporation,                       | REQUESTS FOR DOCUMENTS AND
16 |                                    | THINGS TO ISAAC LARIAN
   |            Defendant.              |
17 |                                    |
18 | AND CONSOLIDATED CASES.            |

19

20

21

22

23

24

25

26           EXHIBIT __1__
27           PAGE __6__
28

           C6 | 13 | c 7

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel,

2  Inc. hereby requests that defendant Isaac Larian ("Larian") respond to these

3  document requests ("Requests") and make available for inspection and copying

4  originals of the following documents within 30 days of service at the offices of

5  Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

6  floor, Los Angeles, CA 90017. Larian shall be obligated to supplement the

7  responses to these Requests at such times and to the extent required by Rule 26(e) of

8  the Federal Rules of Civil Procedure.

9

10  **I.    DEFINITIONS**

11

12    For purposes of these Requests, the following definitions apply:

13    A.    "YOU," "YOUR" and "LARIAN" mean Isaac Larian and any

14  individual or entity acting directly or indirectly by, through, under or on behalf of

15  Isaac Larian, including but not limited to current or former directors, officers,

16  agents, attorneys, employees, partners, joint venturers, contractors, accountants, or

17  representatives of Isaac Larian or any entity under the control or direction of Isaac

18  Larian (including but not limited to MGA), and any corporation, partnership,

19  association, trust, predecessor-in-interest and successor-in-interest, and any other

20  PERSON acting on behalf of Isaac Larian or pursuant to his authority or subject to

21  his control.

22    B.    "MGA" means MGA Entertainment, Inc. and all current or

23  former directors, officers, employees, agents, contractors, attorneys, accountants,

24  representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

25  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

26  authority or subject to its control.

27    C.    "MATTEL" means Mattel, Inc. and all current or former

28  directors, officers, employees, agents, contractors, attorneys, accountants,

07209/2142932.1

EXHIBIT ___1___

PAGE ___7___

1   representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

2   successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

3   authority or subject to its control.

4          D.      "BRYANT" means Carter Bryant, any of his current or former

5   agents, representatives, attorneys, employees, partners, joint venturers,

6   predecessors-in-interest and successors-in-interest, and any other PERSON acting

7   on his behalf, pursuant to his authority or subject to his control. For purposes of

8   these Requests, "MGA" and "LARIAN" do not include "BRYANT."

9          E.      "DOCUMENT" or "DOCUMENTS" means all "writings" and

10  "recordings" as those terms are defined in Rule 1001 of the Federal Rules of

11  Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all

12  writings, including but not limited to handwriting, typewriting, printing, image,

13  photograph, photocopy, digital file of any kind, transmittal by (or as an attachment

14  to) electronic mail (including instant messages and text messages) or facsimile,

15  video and audio recordings, and every other means of recording upon any tangible

16  thing, any form of communication or representation, and any record thereby created,

17  regardless of the manner in which the record has been stored, and all non-identical

18  copies of such DOCUMENTS, in the possession, custody, or control of YOU,

19  YOUR counsel, or any other PERSON acting on YOUR behalf.

20         F.      "COMMUNICATION," in the plural as well as the singular,

21  means any transmittal and/or receipt of information, whether such was oral or

22  written, and whether such was by chance, prearranged, formal or informal, and

23  specifically includes, but is not limited to, conversations in person, telephone

24  conversations, electronic mail (including instant messages and text messages),

25  voicemail, letters, memoranda, statements, media releases, magazine and newspaper

26  articles, and video and audio transmissions.

27         G.      "DESIGN" or "DESIGNS" means any and all representations,

28  whether two-dimensional or three-dimensional, and whether in tangible, digital,

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT    1

PAGE    9

1 || electronic or other form, including but not limited to all works, designs, artwork,

2 || sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

3 || diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

4 || practice, developments, concepts, ideas, inventions and/or improvements, as well as

5 || all other items, things and DOCUMENTS in which any of the foregoing are or have

6 || been expressed, embodied, contained, fixed or reflected in any manner, whether in

7 || whole or in part.

8 ||         H.      "BRATZ" means any project, product, doll or DESIGN or any

9 || portion thereof ever known by that name, that is now or has ever been known as, or

10 || sold or marketed under, the name or term "Bratz" or that is now or has ever been

11 || sold or marketed as part of the "Bratz" line, including without limitation all

12 || prototypes, models, samples and versions thereof.  As used herein, "products, dolls

13 || or DESIGNS or any portion thereof" also includes without limitation any names,

14 || fashions, accessories, artwork, packaging or any other works, materials, matters or

15 || items included or associated therewith.  Without limiting the generality of the

16 || foregoing, "BRATZ" includes any such project, product, doll or DESIGN,

17 || regardless of what any such project, product, doll or DESIGN has in fact been

18 || called, and regardless of what any such project, product, doll or DESIGN is or has

19 || been also, previously or subsequently called.  Also without limiting the generality of

20 || the foregoing, and contrary to MGA's recent assertions in connection with other

21 || Mattel discovery requests, the term "BRATZ" does not require that there be a doll

22 || existing at the time of the event, incident or occurrence that is the subject of, or

23 || otherwise relevant or responsive to, the Requests herein.

24 ||         I.      "ANGEL" refers to those projects, products, dolls or DESIGNS

25 || or any portion thereof, sometimes called "Angel Faces" and/or "Prayer Angels," that

26 || MGA has claimed are the subject of MGA000706-08, MGA000710-12,

27 || MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734, including

28 || without limitation all prototypes, models, samples and versions thereof.  As used

-4-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN



EXHIBIT ___1___

PAGE ___9___

1 herein, "products, dolls or DESIGNS or any portion thereof" also includes without

2 limitation any names, fashions, accessories, artwork, packaging or any other works,

3 materials, matters or items included or associated therewith. Without limiting the

4 generality of the foregoing, "ANGEL" includes any such project, product, doll or

5 DESIGN, regardless of what any such project, product, doll or DESIGN has in fact

6 been called, and regardless of what any such project, product, doll or DESIGN is or

7 has been also, previously or subsequently called. Also without limiting the

8 generality of the foregoing, and contrary to MGA's recent assertions in connection

9 with other Mattel discovery requests, the term "ANGEL" does not require that there

10 be a doll existing at the time of the event, incident or occurrence that is the subject

11 of, or otherwise relevant or responsive to, the Requests herein.

12          J.     "AFFILIATES" means any and all corporations, proprietorships,

13 d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

14 indirectly, in whole or in part, own or control, are under common ownership or

15 control with, or are owned or controlled by a PERSON, party or entity, including

16 without limitation each parent, subsidiary and joint venture of such PERSON, party

17 or entity.

18          K.     "IDENTIFY" or "IDENTITY" means the following:

19                (a)     With reference to an individual, means such individual's

20 name, current or last known business title, current or last known business affiliation,

21 current or last known relationship to YOU, current or last known residential and

22 business address, and current or last known telephone number.

23                (b)     With reference to an entity or governmental organization,

24 means such entity's or organization's name, present or last-known address, and

25 present or last-known telephone number and the IDENTITY of each individual who

26 has served or participated as a contact for or on behalf of such entity or organization.

27                (c)     With reference to an account with a bank or financial

28 institution, means the name and address of the bank or financial institution, the

EXHIBIT ___1___

PAGE ___6___

1  account number(s) for or otherwise associated with such account and the name of
2  each holder, including without limitation each beneficial holder, of each such
3  account.

4          (d)    With reference to a STORAGE DEVICE, means the
5  manufacturer name, brand, model name and number, serial number and all other
6  manufacturer identifiers, and the technical specifications and capacities of such
7  STORAGE DEVICE.

8          L.    "ACTION" means this action now consolidated under Case No.
9  04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v. Bryant, first
10  filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA
11  Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses
12  therein.

13          M.    "DIGITAL INFORMATION" means any information created or
14  stored digitally, including but not limited to electronically, magnetically or optically.

15          N.    "STORAGE DEVICE" means any computer hard drive,
16  memory, USB device, tape, storage array or any other device or medium that allows
17  a user, whether permanently, temporarily or otherwise, to create, generate, prepare,
18  transmit, copy, retain, store or maintain DIGITAL INFORMATION.

19          O.    "FAMILY MEMBER" means any PERSON who at any time is,
20  was or has been a parent, spouse, or child of another PERSON.

21          P.    "RELATING," "RELATING TO," "REFERRING OR
22  RELATING TO," or "REFER OR RELATE TO" means any and all of the following
23  terms and their synonyms: refer to, discuss, constitute, evidence, pertain to,
24  mention, support, contradict, negate, bear on, touch on, contain, embody, reflect,
25  identify, state, deal with, concern, comment on, summarize, respond to, relate to, or
26  describe.

27          Q.    "PERSON," in the plural as well as the singular, means any
28  natural person, association, partnership, corporation, joint venture, government

EXHIBIT   1

PAGE   11

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  entity, organization, trust, institution, proprietorship, or any other entity recognized
2  as having an existence under the laws in the United States or any other nation.

3       R.     "BRATZ PRODUCT" means any product, whether two-
4  dimensional or three-dimensional, and whether in tangible, digital, electronic or
5  other form: (i) that is or has ever been distributed, marketed or sold under the name
6  "Bratz" or as part of the "Bratz" line; (ii) that depicts, incorporates, embodies,
7  consists of or REFERS OR RELATES TO BRATZ; and/or (iii) that is or has ever
8  been distributed, marketed or sold in any packaging that includes the name "Bratz"
9  or depicts, incorporates, embodies, consists of or REFERS OR RELATES TO
10 BRATZ.

11      S.     "BRATZ DOLL" means any doll that is or has ever been
12 distributed, marketed, sold or offered for sale under the name "Bratz" or as part of
13 the "Bratz" line.

14      T.     "BRATZ MOVIE" means any motion picture or film that
15 depicts, incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ
16 or any BRATZ DESIGN.

17      U.     "BRATZ TELEVISION SHOW" means any production
18 exhibited on television that depicts, incorporates, embodies, consists of or REFERS
19 OR RELATES TO BRATZ or any BRATZ DESIGN.

20      V.     "DIVA STARZ" means any project, product, doll or DESIGN or
21 any portion thereof ever known by that name, that is now or has ever been known
22 as, or sold or marketed under, the name or term "DIVA STARZ" or that is now or
23 has ever been sold or marketed as part of the "DIVA STARZ" line, including
24 without limitation "Chat Girls," "Brats," and "Chat Brats," and including without
25 limitation all prototypes, models, samples and versions thereof. As used herein,
26 "products, dolls or DESIGNS or any portion thereof" also includes without
27 limitation any names, fashions, accessories, artwork, packaging or any other works,
28 materials, matters or items included or associated therewith. Without limiting the

-7-

EXHIBIT _____1_____

PAGE _____12_____

1  generality of the foregoing, "DIVA STARZ" includes any such project, product, doll
2  or DESIGN, regardless of what any such project, product, doll or DESIGN has in
3  fact been called, and regardless of what any such project, product, doll or DESIGN
4  is or has been also, previously or subsequently called.  Also without limiting the
5  generality of the foregoing, and contrary to MGA's recent assertions in connection
6  with other Mattel discovery requests, the term "DIVA STARZ" does not require that
7  there be a doll existing at the time of the event, incident or occurrence that is the
8  subject of, or otherwise relevant or responsive to, the Requests herein.

9      W.    The singular form of a noun or pronoun includes within its
10  meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of
11  the masculine form of a pronoun also includes within its meaning the feminine form
12  of the pronoun so used, and *vice versa*; the use of any tense of any verb includes
13  also within its meaning all other tenses of the verb so used, whenever such
14  construction results in a broader request for information; and "and" includes "or"
15  and *vice versa*, whenever such construction results in a broader disclosure of
16  documents or information

17

18  **II.    INSTRUCTIONS**

19

20      A.    YOU are to produce all requested DOCUMENTS in YOUR
21  possession, custody or control.

22      B.    If YOU contend that YOU are not required to produce certain
23  DOCUMENTS called for by these Requests on the grounds of a privilege or
24  protection that YOU are not prepared to waive, identify each such DOCUMENT
25  and provide the following information:

26      1.        the date and type of the DOCUMENT, the author(s) and
27              all recipients;

28

2.      the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;

3.      the title and subject matter of the DOCUMENT;

4.      any additional facts on which YOU base YOUR claim of privilege or protection; and

5.      the identity of the current custodian of the original of the DOCUMENT.

C.      DOCUMENTS shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

D.      The DOCUMENTS should be produced in their complete and unaltered form. Attachments to DOCUMENTS should not be removed. The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance. If emails are produced that had attachments, the attachments shall be attached when produced.

E.      DOCUMENTS in electronic form shall be produced in that form.

F.      In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

1.      the date and type of the DOCUMENT, the author(s) and all recipients;

2.      the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;

3.      the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

4.      the PERSONS who were authorized to carry out such destruction or discard;

5.      the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and

6.      whether any copies of the document exist and, if so, the name of the custodian of each copy.

## III.    REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS prepared, drafted, written, transmitted or received (whether in whole or in part) prior to December 31, 2001 RELATING TO BRATZ.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS RELATING TO BRATZ and RELATING TO any time prior to December 31, 2001 (regardless of when such DOCUMENT was prepared, written, transmitted or received, whether in whole or in part).

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS RELATING TO the origin(s), conception and creation of BRATZ, including without limitation all DOCUMENTS RELATING TO the timing and the method and manner in which BRATZ first came to YOUR or MGA's attention.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS RELATING TO the modeling, prototyping, rotocasting, sculpting or DESIGN of BRATZ at any time prior to June 30, 2001, including without limitation all DOCUMENTS RELATING to the creation, preparation or modification of any three-dimensional representation of BRATZ.

1 REQUEST FOR PRODUCTION NO. 219:

2         All DOCUMENTS RELATING TO YOUR knowledge of any testing

3 of or sampling from any DOCUMENTS RELATING TO BRATZ or BRYANT.

4

5 REQUEST FOR PRODUCTION NO. 220:

6         All DOCUMENTS RELATING TO Erich Speckin.

7

8 REQUEST FOR PRODUCTION NO. 221:

9         All DOCUMENTS RELATING TO YOUR payment of, or offer,

10 promise or agreement to pay, fees or costs in connection with the representation of

11 or provision of legal advice or legal services to any PERSON who is not, as of June

12 8, 2007, an MGA employee, including without limitation all contracts and

13 agreements RELATING thereto, the amounts YOU have so paid or agreed to pay to

14 such PERSON and the dates on which such payments were made.

15

16 REQUEST FOR PRODUCTION NO. 222:

17         Each STORAGE DEVICE that YOU have used to create, prepare,

18 generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION

19 RELATING TO BRATZ, ANGEL or BRYANT.

20

21 REQUEST FOR PRODUCTION NO. 223:

22         DOCUMENTS sufficient to IDENTIFY each STORAGE DEVICE that

23 YOU have used to create, prepare, generate, copy, transmit, receive, delete or

24 modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL or

25 BRYANT.

26

27

28

EXHIBIT ____ 1

PAGE ____ 16

1   REQUEST FOR PRODUCTION NO. 224:

2          All DOCUMENTS RELATING TO the purchase, acquisition,

3   installation, transfer, shipment, destruction or disposition of each STORAGE

4   DEVICE that YOU have used to create, prepare, generate, copy, transmit, receive,

5   delete or modify any DIGITAL INFORMATION RELATING TO BRATZ,

6   ANGEL or BRYANT.

7

8   REQUEST FOR PRODUCTION NO. 225:

9          Each STORAGE DEVICE that BRYANT has used to create, prepare,

10  generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION

11  RELATING TO BRATZ, ANGEL or MGA.

12

13  REQUEST FOR PRODUCTION NO. 226:

14         DOCUMENTS sufficient to IDENTIFY each STORAGE DEVICE that

15  BRYANT has used to create, prepare, generate, copy, transmit, receive, delete or

16  modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL, YOU

17  or MGA.

18

19  REQUEST FOR PRODUCTION NO. 227:

20         All DOCUMENTS RELATING TO the purchase, acquisition,

21  installation, transfer, shipment, destruction or disposition of each STORAGE

22  DEVICE that BRYANT has used to create, prepare, generate, copy, transmit,

23  receive, delete or modify any DIGITAL INFORMATION RELATING TO BRATZ,

24  ANGEL, YOU or MGA.

25

26  REQUEST FOR PRODUCTION NO. 228:

27         All DOCUMENTS RELATING TO the purchase, acquisition,

28  installation, transfer, shipment, destruction or disposition of each STORAGE

EXHIBIT ____1____

PAGE ____17____

-55-

1  REQUEST FOR PRODUCTION NO. 273:

2          All DOCUMENTS RELATING TO the ownership of MGAE de

3  Mexico, S.r.l. de C.V.

4

5  REQUEST FOR PRODUCTION NO. 274:

6          An electronic copy of each DOCUMENT that YOU have produced in

7  this action, or that is responsive to these Requests, that is or was created, prepared,

8  generated, maintained or transmitted in digital form.

9

10  REQUEST FOR PRODUCTION NO. 275:

11          The metadata for each DOCUMENT that YOU have produced in this

12  action, or that is responsive to these Requests, that is or was created, prepared,

13  generated, maintained or transmitted in digital form.

14

15  REQUEST FOR PRODUCTION NO. 276:

16          To the extent not produced in response to any other Request for

17  Production, all DOCUMENTS and tangible things upon which YOU intend to rely

18  in this ACTION.

19

20  DATED:  June 13, 2007          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
21

22

23          By _Michael T. Zeller /_
                Michael T. Zeller
24              Attorneys for Mattel, Inc.

25

26

27

28

07209/2142932.1

-64-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT ___1___

PAGE ___18___

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On June 13, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO ISAAC LARIAN** on the parties in this action as follows:

> John W. Keker, Esq.
> Michael H. Page, Esq.
> Christa M. Anderson, Esq.
> KEKER & VAN NEST, LLP
> 710 Sansome Street
> San Francisco, California 94111

**BY MAIL:** I am "readily familiar" with the practices of Quinn Emanuel Urquhart Oliver & Hedges for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. I enclosed the foregoing in sealed envelope(s) addressed as shown above, and such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 13, 2007, at Los Angeles, California.

*Elaine Chavarria*

Elaine Chavarria

EXHIBIT \_\_\_1\_\_\_
PAGE \_\_\_15\_\_\_

1

## PROOF OF SERVICE

2    I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa
3    Street, 10th Floor, Los Angeles, California 90017-2543.

4    On June 13, 2007, I served true copies of the following document(s) described as **MATTEL, INC'.S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**
5    **ISAAC LARIAN** on the parties in this action as follows:

6

7    Diana M. Torres, Esq.
     O'Melveny & Myers, LLP
8    400 South Hope Street
     Los Angeles, California  90071
9

10

11   **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

12   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.
13

14   Executed on June 13, 2007, at Los Angeles, California.

15

16   DAVE QUINTANA

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __1__

PAGE __20__

# EXHIBIT 2

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:   (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13  Plaintiff, | Consolidated with Case No. CV 04-09059 |
| 14  vs. | Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| 16  Defendant. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To** |
| 17 | **The Court's Order Of December 6, 2006]** |
| 18  AND CONSOLIDATED ACTIONS | MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL |
| 19 | PRODUCTION OF DOCUMENTS BY ISAAC LARIAN AND FOR AWARD OF |
| 20 | MONETARY SANCTIONS; |
| 21 | AND MEMORANDUM OF POINTS AND AUTHORITIES |
| 22 | |
| 23 | [Separate Statement and Declaration of Scott B. Kidman filed concurrently herewith] |
| 24 | |
| 25 | Hearing Date:       TBD |
|  | Time:                  TBD |
| 26 | Place:                 TBD |

27          **CONFIDENTIAL – ATTORNEYS' EYES ONLY**

28    **FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

07209/2230565.2                    _10 - 11_

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

EXHIBIT __2__
PAGE __21__

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2           PLEASE TAKE NOTICE that at a telephonic conference before

3   Discovery Master Hon. Edward Infante (Ret.) that will occur on a date and at a time

4   to be determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby

5   does, move the Court:

6           (1)    to compel Isaac Larian to produce documents responsive to

7   Mattel, Inc.'s First Set of Requests for Documents and Things including, without

8   limitation, Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-76, 79-101, 113-115, 123-

9   125, 139-146, 178, 180, 181, 190-192, 194-199, 207-209, 213, 221-225, 227-228,

10  269, 272 and 273 and a privilege log identifying all documents withheld based on

11  any claimed privilege; and

12          (2)    for an award of sanctions against Larian in the amount of $4,500,

13  which represents a portion of the costs incurred by Mattel in bringing this Motion.

14          This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 34

15  and 37 on the grounds that Mattel's Requests seek discoverable information and

16  Larian's responses are inadequate and his objections lack merit.

17          This Motion is based on this Notice of Motion and Motion, the

18  accompanying Memorandum of Points and Authorities, the Declaration of Scott B.

19  Kidman filed concurrently herewith, the Separate Statement filed concurrently

20  herewith, the records and files of this Court, and all other matters of which the Court

21  may take judicial notice.

22

23

24

25

26

27

28

07209/2230565.2

-2-

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

EXHIBIT __2__
PAGE __22__

1

## Statement of Rule 37-1 Compliance

2        The parties met and conferred regarding this motion on September 11,

3  2007 and times thereafter.

4

5  DATED:  October 11 , 2007      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

6

7                     By

8                        Scott B. Kidman
                        Attorneys for Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2230565.2

-3-

EXHIBIT __2__
PAGE ___23___

# TABLE OF CONTENTS

**Page**

Preliminary Statement ........................................................................................... 1

Background.............................................................................................................. 2

Argument ................................................................................................................ 4

I.   THE COURT SHOULD STRIKE LARIAN'S IMPROPER LIMITATIONS AND COMPEL THE PRODUCTION OF ALL RESPONSIVE DOCUMENTS.................................................................. 4

II.  THE COURT SHOULD COMPEL LARIAN TO PRODUCE ALL DOCUMENTS RESPONSIVE TO THE REQUESTS TO WHICH HE HAS SERVED ONLY OBJECTIONS ................................................... 5

III. LARIAN SHOULD BE SANCTIONED........................................................... 7

Conclusion .............................................................................................................. 9

07209/2230565.2

-i-

EXHIBIT __2__

PAGE ___24___

# TABLE OF AUTHORITIES

**Page**

### Cases

Braley v. Campbell,
  832 F.2d 1504 (10th Cir. 1987).................................................................. 8

Hyde & Drath v. Baker,
  24 F.3d 1162 (9th Cir. 1994)..................................................................... 7

RTC v. Dabney,
  73 F.3d 262 (10th Cir. 1995)...................................................................... 8

### Statutes

28 U.S.C. § 1927........................................................................................ 7

Fed. R. Civ. P. 37(a)(4) ............................................................................ 7

07209/2230565.2

EXHIBIT 2
PAGE 25

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Isaac Larian is a named defendant in this action, the CEO and majority owner of MGA and a central figure in the conduct that forms the parties' claims. Nonetheless, more than three months after being served with a request for production and after a lengthy meet and confer process, Larian had not produced a single document and refused to produce key categories of documents, including documents that the Discovery Master had already found were relevant and discoverable in prior Orders compelling MGA and/or Bryant to produce documents. In addition, when Larian did not flat out refuse to provide documents in response to a request, he stated only that he would produce "relevant" documents -- a response that the Discovery Master previously found to be wholly improper in a motion to compel MGA to produce documents because it permitted MGA to withhold entire categories of documents it unilaterally deemed to be not "relevant" without giving Mattel the slightest hint as to what those documents might be.

Only after Mattel had prepared and was about to file an omnibus motion to compel did Larian agree to withdraw his limitation to "relevant" documents and agree to produce any documents at all. Larian nevertheless still refuses to produce entire categories of responsive documents that are relevant and discoverable and, in response to numerous other requests, continues to impose other improper limitations, including limitations the Discovery Master has already found to be improper.

Mattel needs to complete discovery regarding its claims and defenses in this lawsuit within the deadlines set by the Court. The MGA parties' strategy of obstruction and delay is interfering with Mattel's ability to do so. The Court should order Larian to produce all responsive, non-privileged documents immediately.

EXHIBIT __2__
PAGE __26__

**Background**

1

2       Mattel's Requests for Production of Documents.  On June 13, 2007,

3   Mattel propounded its First Set of Requests for Production of Documents and

4   Things To Isaac Larian.[1]  The Requests seek discoverable information that goes to

5   Mattel's claims and defenses in this lawsuit, including information that the Court has

6   already found to be relevant and discoverable in Orders compelling MGA and/or

7   Bryant to produce documents regarding the same topics and, in many instances, in

8   response to the same requests.

9       Larian's Response to Mattel's Request for Production.  Larian failed to

10  respond to the Requests within the time prescribed by Rule 34 of the Federal Rules

11  of Civil Procedure.[2]  When Larian finally did respond, he flat out objected and

12  wholly refused to produce a single document in response to nearly half the requests,[3]

13  including requests that the Discovery Master had already ordered Bryant and/or

14  MGA to respond to.

15      As to the remaining requests, Larian stated that he would produce only

16  **"personal"** documents that are **"relevant"** and **"within the permissible scope of**

17  **discovery,"** a meaningless response that purported to permit Larian to withhold

18  entire categories of responsive documents he unilaterally deemed to be not

19

20

21

22

23  [1]  Mattel, Inc.'s First Set of Requests for Production of Documents and Things to
    Isaac Larian dated June 13, 2007 ("Requests"), attached to the Declaration of

24  Scott B. Kidman dated October 11, 2007 ("Kidman Dec.") as Exh. 1.
    [2]  Kidman Dec., Exh. 2.

25  [3]  See Isaac Larian's Responses to Mattel, Inc.'s First Set of Requests for

26  Documents and Things dated August 6, 2007 ("Responses"), Request Nos. 1, 2, 46-
    57, 69, 79-81, 93, 104-112, 114-115, 121, 123-146, 174-175, 178-181, 190-213,

27  216, 219-228, 231-237, 240-246, 248-250, 253-254, 258-260, 262-269 and 272-276,

28  Kidman Dec., Exh. 3.

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

07209/2230565.2

EXHIBIT   2

PAGE   27

1  "relevant" without providing Mattel any notice of what those documents might be.[4]
2  Months before Larian provided his responses, the Discovery Master specifically had
3  found MGA's virtually identical limitation to "relevant" documents to be improper:

4              As a threshold matter, MGA's responses are inadequate to
5              the extent MGA has restricted its production to "relevant
6              and responsive non-objectionable documents" or
7              documents "sufficient" to show when events relating to
8              Bratz occurred. These restrictions suggest that MGA
9              might be excluding documents that are responsive to the
10             request based upon its unilateral determination of what is
11             "relevant" or "sufficient." [MGA] shall provide the
12             responses to document requests ordered herein without
13             these restrictions.[5]

14  That ruling nevertheless did not deter Larian from incorporating this same improper
15  limitation to "relevant" documents in more than half of his responses.

16             The Meet and Confer On This Motion. Despite repeated attempts to
17  resolve these issues by Mattel during the meet and confer process, Larian refused to
18  commit to produce a single responsive document or provide supplemental
19  responses, let alone provide a date by which documents would be produced.[6] Only
20  after Mattel's counsel informed Larian's counsel that it would proceed with a motion
21  to compel, and only after Mattel's counsel had prepared and was about to file the
22
23
24  _____
25  [4]  Id., Request Nos. 3-13, 15-45, 58-68, 70-78, 82-92, 94-103, 113, 116-120,
    122, 147-173, 176-177, 182-189, 214-215, 217-218, 229-230, 238-239, 247, 251-
26  252, 255-257, 261 and 270-271, Kidman Dec., Exh. 3.
    [5]  Order Granting Mattel's Motion to Compel Production of Documents and
27  Interrogatory Responses By MGA dated May 15, 2007, Kidman Dec., Exh. 9.
28  [6]  Kidman Dec., ¶¶ 5-6 and Exh. 4.

EXHIBIT **2**
PAGE **29**

1 motion, did Larian agree to produce documents in response to any of the requests.[7]
2 To avoid Mattel's motion to compel on certain of the Requests, he agreed to
3 supplement his responses (including by withdrawing the improper "relevant"
4 document limitations) and to produce documents by October 24, 2007.[8]

5      However, as discussed below and as set forth in detail in Mattel's
6 accompanying Separate Statement, Larian continues to object and refuse to produce
7 any documents in response to numerous requests that seek relevant and discoverable
8 information and to impose improper limitations in response to many others,
9 including improper limitations the Court has previously rejected in Orders
10 compelling MGA and/or Bryant to produce documents.

11
12                         **Argument**
13
14 **I.**    **THE COURT SHOULD STRIKE LARIAN'S IMPROPER**
15      **LIMITATIONS AND COMPEL THE PRODUCTION OF ALL**
16      **RESPONSIVE DOCUMENTS**

17      In response to numerous requests, Larian imposes unilateral restrictions
18 on the documents to be produced. As discussed in detail in Mattel's Separate
19 Statement, the limitations are improper and, many instances, have already been
20 rejected by the Discovery Master, including limitations to the time period prior to
21 January 1, 2001, documents "sufficient to show" when events relating to Bratz
22 occurred and documents unilaterally deemed "relevant." The categories of
23 requested documents include the following:

24

---

25     [7]   Kidman Dec., ¶ 6 and Exh. 20.
26     [8]   Id. More specifically, Larian eventually agreed to produce all documents
27 sought by Request Nos. 3-12, 16-31, 34, 36-40, 42-60, 77-78, 102-112, 116-122,
126-138, 147-177, 179, 182-189, 193, 200-206, 210-212, 214-220, 226, 271 and
28 276.

EXHIBIT __2__
PAGE __29__

1    •    Documents relating to, among other things, the conception, creation
2         and origin of Bratz.[9]
3    •    Documents relating to payments to, agreements with and work
4         performed by individuals involved with Bratz.[10]
5    •    Documents relating to Larian's arbitration proceedings with his
6         brother.[11]
7    •    Communications relating to the retention and destruction of
8         documents.[12]
9         Each of these categories seek relevant and discoverable information.
10   As set forth in Mattel's Separate Statement, the Court should strike Larian's
11   improper limitations and order him to produce all responsive documents.
12
13   II.   **THE COURT SHOULD COMPEL LARIAN TO PRODUCE ALL**
14        **DOCUMENTS RESPONSIVE TO THE REQUESTS TO WHICH HE**
15        **HAS SERVED ONLY OBJECTIONS**
16        Larian continues to object and refuses to produce any responsive
17   documents in response to a number of requests which seek relevant and discoverable
18   information.  The documents Larian refuses to produce are discussed in detail in
19   Mattel's accompanying Separate Statement.  They include the following categories:
20
21
22
23   [9]   Request Nos. 1, 2, 13, 15, 32, 33, 41, 61, 62, 79-81, 113-115 and 181 and
24   Larian's Supplemental Responses, Kidman Dec., Exhs. 1 and 25.
     [10]  Request Nos. 63-68, 69-76, 82-97, 98-101, 139-146 and 221 and Larian's
25   Supplemental Responses, Kidman Dec., Kidman Dec., Exhs. 1 and 25.
     [11]  Request Nos. 123-125 and Larian's Supplemental Responses, Kidman Dec.,
26   Kidman Dec. Exhs. 1 and 25.
     [12]  Request No. 213 and Larian's Supplemental Responses, Kidman Dec.,
27   Kidman Dec., Exhs. 1 and 25.
28

-5-

EXHIBIT __2__
PAGE __30__

- Documents relating to Larian's financial condition, including his net worth.[13]

- Documents relating to Larian's communications with Mattel employees which go directly to Mattel's claims that MGA, and Larian in particular, targeted and hired Mattel employees and enticed them to steal Mattel trade secrets.[14]

- Larian's telephone records for certain specific time periods.[15]

- Documents relating to Larian's statements to the media or financial institutions regarding this action, Bratz, Bryant or Mattel.[16]

- Documents relating to the computers and other devices Larian and Bryant used to create and store information relating to Bratz, Angel and each other.[17]

Larian has no legitimate excuse for his refusals to produce these documents. For example, documents relating Larian's financial condition -- including documents sufficient to show his income and sources of income -- go directly to Mattel's claims for damages which seek, among other things, disgorgement of all benefits Larian has received as a result of his improper conduct. Request No. 269 seeks documents relating to Larian's net worth, a topic which both the Discovery Master and Judge Larson have held to be relevant and discoverable

---

[13]   Request Nos. 207-209 and 269 and Larian's Responses, Kidman Dec., Exhs. 1 and 3.
[14]   Request No. 198 and Larian's Response, Kidman Dec., Exhs. 1 and 3.
[15]   Request Nos. 179 and 180 and Larian's Responses, Kidman Dec., Exhs. 1 and 3.
[16]   Request Nos. 190-192, 194-197 and 199 and Larian's Responses, Kidman Dec., Exhs. 1 and 3.
[17]   Request Nos. 222-225 and 227-228 and Larian's Responses, Kidman Dec., Exhs. 1 and 3.

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

EXHIBIT  2
PAGE  31

1 | for purposes of punitive damages.[18] The requested documents are also necessary to

2 | impeach prior sworn testimony by Larian that he has made no profits from Bratz or

3 | MGA because all of the profits are put back into the company.[19]

4 |       Each of the other categories of documents are relevant and discoverable

5 | for the reasons discussed in detail in Mattel's accompanying Separate Statement.

6 | Larian should be ordered to produce all responsive, non-privileged documents

7 | immediately.

8 |

9 | **III.   LARIAN SHOULD BE SANCTIONED**

10 |       Under the <u>Federal Rules</u>, a party bringing a motion to compel is entitled

11 | to the "reasonable expenses incurred in making the motion, including attorney's fees,

12 | unless the court finds that the motion was filed without the movant's first making a

13 | good faith effort to obtain the disclosure or discovery without court action, or that

14 | the opposing party's nondisclosure, response or objection was substantially justified,

15 | or that other circumstances make an award of expenses unjust." <u>Fed. R. Civ. P.</u>

16 | 37(a)(4). The burden of establishing substantial justification is on the party being

17 | sanctioned. <u>Hyde & Drath v. Baker</u>, 24 F.3d 1162, 1171 (9th Cir. 1994).

18 | Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides

19 | that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably

20 | and vexatiously may be required by the court to satisfy personally the excess costs,

21 | expenses, and attorneys' fees reasonably incurred because of such conduct."

22 | Sanctions under this section are appropriate "for conduct that, viewed objectively,

23 | manifests either intentional or reckless disregard of the attorney's duties to the

24 |

25 | —————————————————

26 | [18]   Order dated July 2, 2007, Kidman Dec., Exh. 18.

27 | [19]   <u>See</u> Excerpts of trial testimony on May 1, 2007 in the matter entitled <u>Art Attacks Ink, LLC v. MGA Entertainment, Inc.</u>, at 23:2-27:11, Kidman Dec.,

28 | Exh. 22.

EXHIBIT  2
PAGE  32

1  court."  RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995), citing Braley v.

2  Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987).

3         Sanctions are called for here.  In response to nearly half of Mattel's

4  requests, Larian objected and refused to produce a single responsive document

5  despite Court Orders covering many of these same requests. As to all of the

6  requests, Larian stated only that he would produce "relevant" documents, a

7  meaningless response that the Discovery Master had already ruled to be improper.

8  Even after a lengthy meet and confer, Larian refused to agree to produce any

9  responsive documents or to discuss a date for the production of any undisclosed

10  categories of documents he might ultimately decide to produce. Only after Mattel

11  was forced to prepare a motion to compel did Larian agree to withdraw his improper

12  limitation to "relevant" documents and to produce any responsive documents.

13  However, Larian still refuses to produce entire categories of documents that are

14  relevant and discoverable and, in response to numerous other requests, continues to

15  impose improper limitations, including limitations that have previously been

16  rejected by the Court.

17         Larian's conduct is part of a pattern of unreasonable and vexatious

18  conduct by the MGA parties, and Larian and his counsel should be sanctioned for

19  the fees Mattel has been forced to incur in connection with this motion.  Mattel

20  therefore requests that Larian and his counsel be ordered to pay $4,500 as partial

21  reimbursement for the fees Mattel has incurred on this Motion.

22

23

24

25

26

27

28

07209/2230565.2

-8-

EXHIBIT __2__
PAGE ___33___

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Conclusion

For the foregoing reasons, Mattel's motion to compel should be granted in its entirety and monetary sanctions should be awarded against Larian in the amount of $4,500.

DATED:  October ͟͟, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Scott B. Kidman
Attorneys for Mattel, Inc.

07209/2230565.2

-9-

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

EXHIBIT 2
PAGE 34