# EXHIBIT 10

1
2
3
4
5
6
7
8                    UNITED STATED DISTRICT COURT
9                  CENTRAL DISTRICT OF CALIFORNIA
10                         EASTERN DIVISION
11   CARTER BRYANT, an individual,        )   CASE NO. CV 04-9049 SGL (RNBx)
                                          )
12                      Plaintiff,        )   Consolidated with Case No. 04-9059
                                          )   and Case No. 05-2727
13           v.                           )
                                          )   Honorable Stephen G. Larson
14   MATTEL, INC., a Delaware             )
     corporation,                         )   JOINT [~~PROPOSED~~] ORDER
15                                        )   REGARDING THE MGA
                        Defendant.        )   PARTIES' MOTION IN LIMINE
16                                        )   NO. 13
                                          )
17   AND CONSOLIDATED ACTIONS             )
                                          )
18
19
20
21
22
23
24
25
26
27
28
     ─────────────────────────────────────────────────────
              [Proposed] Order Regarding the MGA Parties' Motion in Limine No. 13
                         Case No. CV 04-9049 SGL (RNBx)

EXHIBIT  10
PAGE  178

1

## ORDER

2          After consideration of the MGA Parties' Motion in Limine No. 13 to exclude
3   evidence and argument regarding alleged spoliation by Carter Bryant, and all papers
4   filed and evidence presented in support thereof or opposition thereto, and the
5   argument of counsel, IT IS HEREBY ORDERED as follows:

6          The MGA Parties' Motion in Limine No. 13 is GRANTED IN PART, and
7   DENIED IN PART. The Court finds that evidence that Carter Bryant operated the
8   safe shutdown feature of Evidence Eliminator on his 2001 laptop computer on July
9   12, 2004, over two months after the filing of the lawsuit by Mattel on April 27,
10  2004, and only two days prior to his counsel's imaging of that computer's hard
11  drive, which permanently eliminated the residue of previously deleted files and
12  rendered such deleted files unrecoverable, is relevant to his credibility as a witness
13  and is admissible as to his consciousness of guilt, which in turn is relevant to various
14  elements of liability in this trial. Moreover, the Court has carefully considered and
15  weighed whether the probative value of this clearly relevant evidence is
16  substantially outweighed by the danger of unfair prejudice to MGA or undue delay
17  in the trial, and has found that as limited by this order, it does not.

18         Accordingly, evidence that Mr. Bryant operated the safe shutdown feature of
19  Evidence Eliminator on his 2001 laptop computer on July 12, 2004, is admissible
20  for the limited purposes set forth herein, and the MGA Parties' Motion in Limine
21  No. 13 is otherwise granted in full.

22         The Court will instruct the jury that this evidence may only be considered for
23  purposes of evaluating Mr. Bryant's credibility and his consciousness of guilt, and
24  that there is no evidence that any of the MGA Parties had any connection with Mr.
25  Bryant's purchase, installation or use of Evidence Eliminator.

26         The Court further declines to give an adverse inference instruction to the jury,
27  finding that the issue is adequately covered by instructions on credibility of
28

1

[Proposed] Order Regarding the MGA Parties' Motion in Limine No. 13
Case No. CV 04-9049 SGL (RNBx)

EXHIBIT __10__
PAGE __179__

1 | witnesses and circumstantial evidence that are already part of the instructions that

2 | were given to the jury.

3 |

4 | IT IS SO ORDERED:

5 |

6 | Dated: June 12, 2008

7 | The Honorable Stephen G. Larson

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

2

[Proposed] Order Regarding the MGA Parties' Motion in Limine No. 13
Case No. CV 04-9049 SGL (RNBx)

EXHIBIT   10
PAGE   160

# EXHIBIT 11

KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**CARTER BRYANT'S RESPONSES TO MATTEL, INC'S FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT** |
| CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

PROPOUNDING PARTY:        Defendant MATTEL, INC. ("Defendant")

RESPONDING PARTY:         Plaintiff CARTER BRYANT ("Plaintiff")

SET NUMBER:               FIFTH (5)

398501.01

EXHIBIT __11__
PAGE __181__

1    Carter Bryant ("Defendant" or "Bryant") hereby objects and responds to

2  Mattel, Inc.'s ("Plaintiff" or "Mattel") Fifth Set of Requests for Admission.

3    Bryant's responses and objections are made solely for the purpose of this

4  action.

5    Bryant points out that discovery is still pending, that he has not concluded

6  his investigation of the facts relating to this case, has not completed his own

7  discovery in this case, and has not completed preparation for trial. In light of the

8  foregoing, the following Responses are given without prejudice to Bryant's right to

9  stand on his objections, to continue his investigation and discovery, to rely on

10  subsequently discovered facts, and to utilize subsequently discovered or

11  subsequently identified evidence or documents.

12    The following Responses reflect the current status of Bryant's knowledge

13  and belief respecting the matters about which inquiry is made. Discovery will

14  continue as long as permitted by statute or stipulation of the parties, and

15  investigation by Bryant, his attorneys and agents will continue up to and

16  throughout the trial of this action. Bryant specifically reserves the right to

17  introduce at the time of trial any evidence from any source, including documents

18  and testimony from any witnesses which may hereafter be discovered.

19    If any information has been unintentionally omitted from these Responses,

20  Bryant hereby reserves the right to amend these Responses to include the omitted

21  information. Bryant also reserves the right to change, amend or supplement any or

22  all of the matters contained in these responses as additional facts are ascertained,

23  analyses are made, and research is completed. These introductory paragraphs

24  apply to each and every Response herein and shall be incorporated as though fully

25  set forth in each and every Response.

26    All of Bryant's responses are based upon information and documentation

27  that is currently available and specifically known to Bryant. The responses are

28  made in a good-faith effort to provide information now known to Bryant which is

398501.01

EXHIBIT   11
PAGE   192

1    responsive, but Bryant specifically reserves the right both to supplement any of the

2    responses set forth below and to utilize at trial any further information or

3    documents.

4                                    **GENERAL OBJECTIONS**

5           The following general objections apply to the entirety of Mattel's Fourth Set

6    of Requests for Admission (the "Requests"). The assertion of the same, similar, or

7    additional objections to the individual requests does not waive any of Bryant's

8    general objections as set forth below.

9           1.    To the extent these Requests request Bryant to provide information

10   concerning the legal basis of his defense of this matter, Bryant objects on the

11   grounds that the Requests impermissibly call for mental impressions, conclusions,

12   opinions and/or legal theories of Bryant's attorneys.

13          2.    Bryant also objects to the extent these Requests call for the disclosure

14   of information protected by the attorney-client privilege, the work-product

15   doctrine, the joint defense or common interest privilege or any other applicable

16   privilege.

17          3.    Bryant objects to the Requests to the extent that they call for legal

18   conclusions.

19          4.    Bryant objects to the extent that these Requests seek information

20   comprising the trade secrets of MGA and/or third parties, and/or otherwise

21   comprising confidential information, protected from disclosure by California

22   and/or federal law.

23          5.    Bryant objects to the Requests on the grounds that they attempt to

24   unfairly restrict the facts on which Bryant may rely at trial. Discovery has not

25   been completed and Bryant is not yet necessarily in possession of all the facts and

26   documents upon which Bryant intends to rely. All of the responses submitted

27   herewith are tendered to Mattel with the reservation that discovery is ongoing and

28   thus the responses are submitted without limiting the evidence on which Bryant

398501.01

EXHIBIT __11__

PAGE __183__

1  may rely to support the contentions that Bryant may assert at the trial of this action.

2  Further, Bryant reserves the right to supplement or amend these responses in the

3  future if it deems that to be appropriate.

4      6.    Bryant objects to the Requests to the extent that they are compound.

5      7.    Bryant objects to the Requests on the grounds that they are vague and

6  overbroad, unduly burdensome and oppressive, seek information that is not

7  reasonably within Bryant's knowledge, and/or seek information that is neither

8  relevant to this litigation nor reasonably calculated to lead to the discovery of

9  admissible evidence. In particular, Bryant also objects to these Requests on the

10  grounds that they are oppressively repetitive. Bryant also objects to these Requests

11  as burdensome in their sheer number (Mattel has now propounded nearly 500

12  Requests to Bryant alone, many of which consists of multiple interlocking

13  Requests apparently designed to take the place of a single interrogatory).

14      8.    Bryant objects to the Requests to the extent they are vague and

15  ambiguous or call for a legal conclusion as to the scope of Bryant's employment at

16  Mattel. To the extent that Bryant responds to any request regarding what Bryant

17  did or did not do "while employed" at Mattel, Bryant does so without waiving or

18  intending to waive but rather, on the contrary, preserving and intending to

19  preserve, his contention that anything Bryant did on weekends, evenings ,vacation

20  and any other time outside ordinary business hours was not done while he was

21  working for Mattel. Bryant's response to any such request may not be taken as an

22  admission that the information provided in his response in any way reflects or

23  evidences work performed by Bryant while he was working for Mattel or that

24  Bryant adopts or agrees with any fact or legal conclusion assumed, presumed or

25  contained in Mattel's request.

26      9.    Bryant objects to the defined terms YOU, BRYANT, MGA,

27  AFFILIATES, BRATZ, BRATZ WORK and BRATZ WORKS, THE BRATZ

28  PITCH MATERIALS, BRYANT/MGA AGREEMENT, CONTEND, CREATE

3

398501.01

EXHIBIT  11
PAGE  184

1   OR IMPROVE or CREATED OR IMPROVED, and MATTEL on the grounds that

2   these terms, as defined, are overbroad, are vague and ambiguous, and call for legal

3   conclusions. In addition, Bryant objects to the term THE BRATZ PITCH

4   MATERIALS because, as defined, the term is directed towards materials " . . .

5   offered to YOU," not " . . . offered to MGA by YOU," and thus appears

6   nonsensical in this context. Without waiving any related objections, Bryant

7   interprets the definition of the term THE BRATZ PITCH MATERIALS to mean

8   " . . . offered to MGA by YOU," and any response to any request containing the

9   term is based on that interpretation.

10      These general objections shall be deemed incorporated into each specific

11   response below as if they were fully set forth below. Nevertheless, without

12   waiving, without prejudice to, and expressly reserving all of the foregoing

13   objections, Bryant submits the following responses to the Requests.

14              **RESPONSES TO REQUESTS FOR ADMISSION**

15   **REQUEST FOR ADMISSION NO. 1:**

16      Admit that YOU have copied or prepared derivative works from at least one

17   of THE BRATZ PITCH MATERIALS.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

19      Bryant incorporates by reference the above-stated general objections as if

20   fully set forth herein. Bryant also specifically objects to this request on the

21   grounds that it is compound. Bryant also specifically objects to this request on the

22   grounds that it calls for legal conclusions as to what constitutes a derivative work

23   and copying. Bryant also specifically objects to this request on the grounds that it

24   calls for disclosure of information protected by the attorney-client privilege, the

25   work product doctrine, the joint defense privilege, and any other applicable

26   privileges. Bryant also specifically objects to this request on the grounds that it is

27   oppressively repetitive and unnecessary in combination with Mattel's other

28   requests.

4

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

398501.01

EXHIBIT __11__

PAGE __185__

1  the BRYANT/MGA AGREEMENT that entering into the BRYANT/MGA

2  AGREEMENT could or might subject YOU to legal liability.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

4        Bryant incorporates by reference the above-stated general objections as if

5  fully set forth herein. Bryant also specifically objects to this request on the

6  grounds that it is compound. Bryant also specifically objects to this request on the

7  ground that it calls for information that is beyond the scope of this litigation.

8  Bryant also specifically objects to this request on the grounds that it calls for

9  disclosure of information protected by the attorney-client privilege, the work

10  product doctrine, the joint defense privilege, and any other applicable privileges.

11  Bryant also specifically objects to this request on the grounds that it is oppressively

12  repetitive and unnecessary in combination with Mattel's other requests.

13        Subject to and without waiving the foregoing general and specific

14  objections, Bryant responds to this request as follows: Bryant denies that anyone

15  told him the BRYANT/MGA AGREEMENT could or might subject him to legal

16  liability to Mattel.

17  **REQUEST FOR ADMISSION NO. 27:**

18        Admit that YOU CREATED OR IMPROVED at least one of THE BRATZ

19  PITCH MATERIALS while employed by MATTEL.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

21        Bryant incorporates by reference the above-stated general objections as if

22  fully set forth herein. Bryant also specifically objects to this request on the

23  grounds that it is compound. Bryant also specifically objects to this request on the

24  grounds that it calls for legal conclusions as to what constitutes "CREATED OR

25  IMPROVED" and "employed." Bryant also specifically objects to this request

26  because "while employed at Mattel" is vague and ambiguous; without waiving or

27  intending to waive, but rather preserving and intending to preserve, his contention

28  that anything Bryant did on weekends, evenings ,vacation and any other time

24

398501.01

EXHIBIT  11

PAGE  186

1  outside ordinary business hours was not done while he was working for Mattel,
2  Bryant responds to this request based on his interpretation that "while employed"
3  refers only to the dates of Bryant's employment, and not to whether Bryant's
4  specific acts at specific times were part of his employment at Mattel. Bryant's
5  response, based on that interpretation, is not an admission that the information
6  provided in his response in any way reflects or evidences work performed by
7  Bryant while he was working for Mattel or that Bryant adopts or agrees with any
8  fact or legal conclusion assumed, presumed or contained in Mattel's request. To
9  the extent this request asks Bryant to provide information concerning the legal
10  basis of his defense of this matter, Bryant also specifically objects on the grounds
11  that the request impermissibly calls for mental impressions, conclusions, opinions
12  and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this
13  request on the grounds that it calls for disclosure of information protected by the
14  attorney-client privilege, the work product doctrine, the joint defense privilege, and
15  any other applicable privileges. Bryant also specifically objects to this request on
16  the grounds that it is oppressively repetitive and unnecessary in combination with
17  Mattel's other requests.

18  Subject to and without waiving the foregoing general and specific
19  objections, Bryant responds to this request as follows: Bryant admits that he traced
20  his 1998 drawings and colored such tracings in the spring or summer of 1999, a
21  period in which he was employed by Mattel, and that he traced his 1998 drawings,
22  colored such tracings, and drew a few outfits of formal wear between January 1,
23  2000 and October 20, 2000, a period in which he was employed by Mattel. Bryant
24  accordingly admits this request to the extent that this tracing, coloring such
25  tracings, and drawing formal wear outfits constitutes CREAT[ING] OR
26  IMPROV[ING] BRATZ PITCH MATERIALS while employed at Mattel, as
27  Bryant interprets those terms.

28

398501.01

EXHIBIT __11__
PAGE __187__

1  **REQUEST FOR ADMISSION NO. 28:**

2      Admit that YOU CREATED OR IMPROVED more than one of THE

3  BRATZ PITCH MATERIALS while employed by MATTEL.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

5      Bryant incorporates by reference the above-stated general objections as if

6  fully set forth herein.  Bryant also specifically objects to this request on the

7  grounds that it is compound.  Bryant also specifically objects to this request on the

8  grounds that it calls for legal conclusions as to what constitutes "CREATED OR

9  IMPROVED" and "employed."  Bryant also specifically objects to this request

10  because "while employed at Mattel" is vague and ambiguous; without waiving or

11  intending to waive, but rather preserving and intending to preserve, his contention

12  that anything Bryant did on weekends, evenings ,vacation and any other time

13  outside ordinary business hours was not done while he was working for Mattel,

14  Bryant responds to this request based on his interpretation that "while employed"

15  refers only to the dates of Bryant's employment, and not to whether Bryant's

16  specific acts at specific times were part of his employment at Mattel.  Bryant's

17  response, based on that interpretation, is not an admission that the information

18  provided in his response in any way reflects or evidences work performed by

19  Bryant while he was working for Mattel or that Bryant adopts or agrees with any

20  fact or legal conclusion assumed, presumed or contained in Mattel's request.  To

21  the extent this request asks Bryant to provide information concerning the legal

22  basis of his defense of this matter, Bryant also specifically objects on the grounds

23  that the request impermissibly calls for mental impressions, conclusions, opinions

24  and/or legal theories of Bryant's attorneys.  Bryant also specifically objects to this

25  request on the grounds that it calls for disclosure of information protected by the

26  attorney-client privilege, the work product doctrine, the joint defense privilege, and

27  any other applicable privileges.  Bryant also specifically objects to this request on

28  the grounds that it is oppressively repetitive and unnecessary in combination with

26

398501.01

EXHIBIT ___11___

PAGE ___199___

1 Mattel's other requests.

2     Subject to and without waiving the foregoing general and specific
3 objections, Bryant responds to this request as follows: Bryant admits that he traced
4 his 1998 drawings and colored such tracings in the spring or summer of 1999, a
5 period in which he was employed by Mattel, and that he traced his 1998 drawings,
6 colored such tracings, and drew a few outfits of formal wear between January 1,
7 2000 and October 20, 2000, a period in which he was employed by Mattel. Bryant
8 accordingly admits this request to the extent that this tracing, coloring such
9 tracings, and drawing formal wear outfits constitutes CREAT[ING] OR
10 IMPROV[ING] BRATZ PITCH MATERIALS while employed at Mattel, as
11 Bryant interprets those terms.

12 **REQUEST FOR ADMISSION NO. 29:**

13     Admit that YOU CREATED OR IMPROVED all of THE BRATZ PITCH
14 MATERIALS while employed by MATTEL.

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

16     Bryant incorporates by reference the above-stated general objections as if
17 fully set forth herein. Bryant also specifically objects to this request on the
18 grounds that it is compound. Bryant also specifically objects to this request on the
19 grounds that it calls for legal conclusions as to what constitutes "CREATED OR
20 IMPROVED" and "employed." Bryant also specifically objects to this request
21 because "while employed at Mattel" is vague and ambiguous; without waiving or
22 intending to waive, but rather preserving and intending to preserve, his contention
23 that anything Bryant did on weekends, evenings ,vacation and any other time
24 outside ordinary business hours was not done while he was working for Mattel,
25 Bryant responds to this request based on his interpretation that "while employed"
26 refers only to the dates of Bryant's employment, and not to whether Bryant's
27 specific acts at specific times were part of his employment at Mattel. Bryant's
28 response, based on that interpretation, is not an admission that the information

27
CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)
398501.01
EXHIBIT 11
PAGE 189

1  provided in his response in any way reflects or evidences work performed by

2  Bryant while he was working for Mattel or that Bryant adopts or agrees with any

3  fact or legal conclusion assumed, presumed or contained in Mattel's request. To

4  the extent this request asks Bryant to provide information concerning the legal

5  basis of his defense of this matter, Bryant also specifically objects on the grounds

6  that the request impermissibly calls for mental impressions, conclusions, opinions

7  and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this

8  request on the grounds that it calls for disclosure of information protected by the

9  attorney-client privilege, the work product doctrine, the joint defense privilege, and

10 any other applicable privileges. Bryant also specifically objects to this request on

11 the grounds that it is oppressively repetitive and unnecessary in combination with

12 Mattel's other requests.

13      Subject to and without waiving the foregoing general and specific

14 objections, Bryant responds to this request as follows: Bryant admits that he traced

15 his 1998 drawings and colored such tracings in the spring or summer of 1999, a

16 period in which he was employed by Mattel, and that he traced his 1998 drawings,

17 colored such tracings, and drew a few outfits of formal wear between January 1,

18 2000 and October 20, 2000, a period in which he was employed by Mattel. Bryant

19 accordingly admits this request to the extent that this tracing, coloring such

20 tracings, and drawing formal wear outfits constitutes CREAT[ING] OR

21 IMPROV[ING] BRATZ PITCH MATERIALS while employed at Mattel, as

22 Bryant interprets those terms.

23 **REQUEST FOR ADMISSION NO. 30:**

24      Admit that YOU deny YOU willfully infringed any copyrights in BRATZ

25 WORKS.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

27      Bryant incorporates by reference the above-stated general objections as if

28 fully set forth herein. Bryant also specifically objects to this request on the

28

398501.01

EXHIBIT ___11___

PAGE ___190___

1   grounds that it calls for legal conclusions as to what constitutes willful

2   infringement.  To the extent this request asks Bryant to provide information

3   concerning the legal basis of his defense of this matter, Bryant also specifically

4   objects on the grounds that the request impermissibly calls for mental impressions,

5   conclusions, opinions and/or legal theories of Bryant's attorneys.  Bryant also

6   specifically objects to this request on the grounds that it calls for disclosure of

7   information protected by the attorney-client privilege, the work product doctrine,

8   the joint defense privilege, and any other applicable privileges.  Bryant also

9   specifically objects to this request on the grounds that it is oppressively repetitive

10  and unnecessary in combination with Mattel's other requests.

11      Bryant responds to this request as follows: Bryant admits that Bryant

12  disputes Mattel's contentions that Bryant willfully infringed any alleged rights of

13  Mattel.

14  **REQUEST FOR ADMISSION NO. 31:**

15      Admit that YOU deny YOU willfully infringed any copyrights MATTEL

16  claims it owns in BRATZ WORKS.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

18      Bryant incorporates by reference the above-stated general objections as if

19  fully set forth herein.  Bryant also specifically objects to this request on the

20  grounds that it calls for legal conclusions as to what constitutes willful

21  infringement.  To the extent this request asks Bryant to provide information

22  concerning the legal basis of his defense of this matter, Bryant also specifically

23  objects on the grounds that the request impermissibly calls for mental impressions,

24  conclusions, opinions and/or legal theories of Bryant's attorneys.  Bryant also

25  specifically objects to this request on the grounds that it calls for disclosure of

26  information protected by the attorney-client privilege, the work product doctrine,

27  the joint defense privilege, and any other applicable privileges.  Bryant also

28  specifically objects to this request on the grounds that it is oppressively repetitive

29

398501.01

EXHIBIT __11__

PAGE __191__

1   Dated:  July 9, 2007                    KEKER & VAN NEST, LLP

2

3

4   By: Michael H. Page / AWH
    _____
    MICHAEL H. PAGE
    Attorneys for Plaintiff
5   CARTER BRYANT

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

46

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

398501.01

EXHIBIT   11
PAGE   192

1      PROOF OF SERVICE

2          I am employed in the City and County of San Francisco, State of California in the office
   of a member of the bar of this court at whose direction the following service was made. I am
3  over the age of eighteen years and not a party to the within action. My business address is Keker
   & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.
4

5  On July 9, 2007, I served the following document(s):

6  **CARTER BRYANT'S RESPONSES TO MATTEL, INC'S FIFTH SET OF**
   **REQUESTS FOR ADMISSION TO CARTER BRYANT**
7

8  by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as
   shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for
9  correspondence for delivery by FedEx Corporation. According to that practice, items are
   retrieved daily by a FedEx Corporation employee for overnight delivery; AND
10

11  by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy
   scanned into an electronic file in Adobe "pdf" format. The transmission was reported as
12  complete and without error.

13
   John B. Quinn                              Diana M. Torres
14  Michael T. Zeller                          O'Melveny & Myers, LLP
   Quinn Emanuel Urquhart Oliver & Hedges, LLP   400 S. Hope Street
15  865 South Figueroa Street, 10th Floor        Los Angeles, CA 90071
   Los Angeles, CA 90017-2543                   Tel:    213/430-6000
16  Tel:    213/443-3000                        Fax:    213/430-6407
   Fax:    213/443-3100                         Email: dtorres@omm.com
17  Email: johnquinn@quinnemanuel.com
   Email: michaelzeller@quinnemanuel.com
18

19  Patricia L. Glaser
   Christensen Glaser Fink Jacobs Weil & Shapiro
20  10250 Constellation Blvd., 19th Floor
   Los Angeles, CA 90067
21  Tel:    310/553-3000
   Fax:    310/556-2920
22  Email: pglaser@chrisglase.com

23

24      Executed on July 9, 2007, at San Francisco, California.

25      I declare under penalty of perjury under the laws of the State of California that the above
26  is true and correct.

27                              _Julie Selby_
                              JULIE A. SELBY
28

EXHIBIT 11
PAGE 193

# EXHIBIT 12

*LIBRARY OF CONGRESS*

*Copyright Office*
*of the United States*

*WASHINGTON, D.C.*

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **YASMIN DRAWING** registered under number **VA 1-218-491**.

**THIS IS TO CERTIFY ALSO**    that    the attached photocopies are a true representation of the work entitled **YASMIN DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-491**.

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By:    Tracie M. Coleman
Head
Certifications and Documents Section
Information and Reference Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.

EXHIBIT __12__
PAGE __194__

Additional Certificate (17 U.S.C. 706)
# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-218-491**

EFFECTIVE DATE OF REGISTRATION

**DEC 2 2 2003**

| Month | Day | Year |

---

DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET

## 1

**Title of This Work ▼**

YASMIN Drawing

**NATURE OF THIS WORK ▼** See Instructions

color drawing

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical serial or collection give information about the collective work in which the contribution appeared Title of Collective Work ▼

If published in a periodical or serial give Volume ▼ Number ▼ Issue Date ▼ On Pages ▼

## 2

**a** **NAME OF AUTHOR ▼**

Carter Bryant

**DATES OF BIRTH AND DEATH**
Year Born ▼ Year Died ▼

**NOTE**

Was this contribution to the work a work made for hire?
☐ Yes
☑ No

**Author s Nationality or Domicile** Name of Country
OR { Citizen of USA
Domiciled in

**Was This Author s Contribution to the Work**
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes" see detailed Instructions

Under the law the author of a work made for hire is generally the employer not the employee (see Instructions) For any part of this work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

**Nature of Authorship** Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture ☐ Map ☐ Technical drawing
☑ 2 Dimensional artwork ☐ Photograph ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

**b** **Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼ Year Died ▼

Was this contribution to the work a work made for hire
☐ Yes
☐ No

**Author s Nationality or Domicile** Name of Country
OR { Citizen of
Domiciled in

**Was This Author s Contribution to the Work**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes" see detailed Instructions

**Nature of Authorship** Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture ☐ Map ☐ Technical drawing
☐ 2 Dimensional artwork ☐ Photograph ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

## 3

**a** **Year in Which Creation of This Work Was Completed**
1998
This information must be given Year in all cases

**b** **Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published
Month February Day 12 Year 2001
U.S.A.
Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment Inc 16730 Schoenborn Street
North Hills CA 91343 6122

See Instructions before completing this space

**APPLICATION RECEIVED**
DEC 22 2003
**ONE DEPOSIT RECEIVED**

**TWO DEPOSITS RECEIVED**
DEC 22 2003
**FUNDS RECEIVED**

DO NOT WRITE HERE OFFICE USE ONLY

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

Assignment

---

**MORE ON BACK ▶** Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed Instructions Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages



EXHIBIT 12
PAGE 195

| EXAMINED BY | | FORM VA |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**5** PREVIOUS REGISTRATION Has registration for this work  or for an earlier version of this work  already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is  Yes   why is another registration being sought? (Check appropriate box ) ▼
a  ☐ This is the first published edition of a work previously registered in unpublished form
b  ☐ This is the first application submitted by this author as copyright claimant
c  ☐ This is a changed version of the work  as shown by space 6 on this application
If your answer is  Yes  give  Previous Registration Number ▼          Year of Registration ▼

**6** DERIVATIVE WORK OR COMPILATION  Complete both space 6a and 6b for a derivative work  complete only 6b for a compilation
a  Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates ▼

**a**  See instructions before completing this space

b  Material Added to This Work  Give a brief  general statement of the material that has been added to this work and in which copyright is claimed ▼

**b**

**7** DEPOSIT ACCOUNT  If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account
Name ▼                                          Account Number ▼

**a**

CORRESPONDENCE  Give name and address to which correspondence about this application should be sent  Name/Address/Apt/City/State/ZIP ▼

Larry W  McFarland   Keats  McFarland & Wilson  LLP
9720 Wilshire Boulevard  Penthouse Suite
Beverly Hills  California  90212

**b**

Area code and daytime telephone number    ( 310 ) 248 3830          Fax number    ( 310 ) 860 0363
Email   lmcfarland@kmwlaw com

**8** CERTIFICATION*  I  the undersigned  hereby certify that I am the
check only one ▶
☐ author
☐ other  copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  MGA Entertainment  Inc
Name of author or other copyright claimant  or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date
Larry W  McFarland                                          Date  December 16  2003

Handwritten signature (X) ▼
X

**9**
Certificate will be mailed in window envelope to this address

Name ▼
Larry W  McFarland   Keats  McFarland & Wilson  LLP
Number/Street/Apt ▼
9720 Wilshire Boulevard  Penthouse Suite
City/State/ZIP ▼
Beverly Hills  California  90212

YOU MUST
Complete all necessary spaces
Sign your application in space 8
SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE
1  Application form
2  Nonrefundable filing fee in check or money order payable to Register of Copyrights
3  Deposit material
MAIL TO
Library of Congress
Copyright Office
101 Independence Avenue  S E
Washington  D C  20559-6000

17 U S C  § 506(e)  Any person who knowingly makes a false representation of a material fact  in the application for copyright registration provided for by section 409  or in any written statement filed in connection with the application  shall be fined not more than $2 500

Rev  June 2002—20 000  Web Rev June 2002   ⊕ Printed on recycled paper                    U S  Government Printing Office  2000-461 113/20 021



EXHIBIT  12
PAGE  196

VA 1−218−491

Yasmin.

EXHIBIT __12__
PAGE __197__





8/1998

EXHIBIT 12
PAGE 198

# EXHIBIT 13

LIBRARY OF CONGRESS

*Copyright Office
of the United States*

WASHINGTON, D.C.

**THIS IS TO CERTIFY** that the attached additional
certificate is a claim of copyright for the work entitled **SASHA
DRAWING** registered under number **VA 1-218-488**.

**THIS IS TO CERTIFY ALSO**   that   the attached
photocopies are a true representation of the work entitled **SASHA
DRAWING** deposited in the Copyright Office on December 22, 2003
registered under number **VA 1-218-488**.

**IN WITNESS WHEREOF**, the seal of this Office is
affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

*Tracie M. Coleman*

By:   Tracie M. Coleman
Head
Certifications and Documents
Section
Information and Reference
Division

Use of this material is governed by the U. S. copyright law 17 U.S.C.
101 et seq.

EXHIBIT __13__
PAGE __199__

**Additional Certificate (17 U.S.C. 706)**
Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, United States Code,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

R   VA 1–218–488

EFFECTIVE DATE OF REGISTRATION

DEC 22 2003

Month            Day            Year

---

DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET

**1**

Title of This Work ▼

SASHA Drawing

NATURE OF THIS WORK ▼ See instructions

color drawing

Previous or Alternative Titles ▼

Publication as a Contribution  If this work was published as a contribution to a periodical serial or collection give information about the collective work in which the contribution appeared  Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2**
**a** NAME OF AUTHOR ▼
Carter Bryant

DATES OF BIRTH AND DEATH
Year Born ▼        Year Died ▼

**NOTE**

Under the law the author of a work made for hire is generally the employer not the employee (see instructions) For any part of this work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR {  Citizen of  U S A
      Domiciled in

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes  ☑ No
Pseudonymous?   ☐ Yes  ☑ No
If the answer to either of these questions is "Yes" see detailed instructions

Nature of Authorship  Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture      ☐ Map           ☐ Technical drawing
☑ 2 Dimensional artwork        ☐ Photograph    ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design ☐ Architectural work

**b** Name of Author ▼

Dates of Birth and Death
Year Born ▼        Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR {  Citizen of
      Domiciled in

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☐ No
If the answer to either of these questions is "Yes" see detailed instructions

Nature of Authorship  Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture      ☐ Map           ☐ Technical drawing
☐ 2 Dimensional artwork        ☐ Photograph    ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design ☐ Architectural work

**3**
**a** Year in Which Creation of This Work Was
Completed    1998
This information must be given
Year in all cases

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published
Month  February    Day  12    Year  2001
U.S.A.
Nation

**4**
See instructions before completing this space

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment Inc  16730 Schoenborn Street
North Hills CA  91343 6122

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2  give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

Assignment

APPLICATION RECEIVED
DEC 22 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 22 2003
FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

MORE ON BACK ▶   Complete all applicable spaces (numbers 5 9) on the reverse side of this page
                 See detailed instructions   Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

EXHIBIT 13
PAGE 200

VA 1−218−488

Sasha



EXHIBIT __13__
PAGE __201__



EXHIBIT __13__
PAGE ___202___

# EXHIBIT 14

*LIBRARY OF CONGRESS*

*Copyright Office*
*of the United States*

*WASHINGTON, D.C.*

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **JADE DRAWING** registered under number **VA 1-218-487.**

**THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **JADE DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-487.**

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By: Tracie M. Coleman
Head
Certifications and Documents
Section
Information and Reference
Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.

EXHIBIT __14__
PAGE __203__

Additional Certificate (17 U.S.C. 706)
# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1-218-487



EFFECTIVE DATE OF REGISTRATION

DEC 22 2003

Month        Day        Year

---

**DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET**

## 1

**Title of This Work ▼**

JADE Drawing

**NATURE OF THIS WORK ▼** See instructions

color drawing

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical serial or collection give information about the collective work in which the contribution appeared Title of Collective Work ▼

If published in a periodical or serial give Volume ▼        Number ▼        Issue Date ▼        On Pages ▼

## 2

**a** **NAME OF AUTHOR ▼**

Carter Bryant

**DATES OF BIRTH AND DEATH**
Year Born ▼        Year Died ▼

Was this contribution to the work a "work made for hire"
☐ Yes
☑ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ___ U.S.A ___
Domiciled in ___

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is Yes see detailed instructions

**NOTE**

Under the law the author of a "work made for hire" is generally the employer not the employee (see instructions) For any part of this work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

**Nature of Authorship** Check appropriate box(es) **See Instructions**
☐ 3 Dimensional sculpture      ☐ Map          ☐ Technical drawing
☑ 2 Dimensional artwork        ☐ Photograph   ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design ☐ Architectural work

**b** **Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼        Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ___
Domiciled in ___

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes see detailed instructions

**Nature of Authorship** Check appropriate box(es) **See Instructions**
☐ 3 Dimensional sculpture      ☐ Map          ☐ Technical drawing
☐ 2 Dimensional artwork        ☐ Photograph   ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design ☐ Architectural work

## 3

**a** **Year in Which Creation of This Work Was Completed** 1998
This information must be given Year in all cases

**b** **Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published
Month February  Day 12  Year 2001
U.S.A.    Nation

## 4

See instructions before completing this space

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment Inc 16730 Schoenborn Street
North Hills CA 91343 6122

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

Assignment

**APPLICATION RECEIVED**
DEC 22 2003
**ONE DEPOSIT RECEIVED**

**TWO DEPOSITS RECEIVED**
DEC 22 2003
**FUNDS RECEIVED**

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶** Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions      Sign the form at line 8

DO NOT WRITE HERE
Page 1 of 2 pages

EXHIBIT 14
PAGE 204

EXAMINED BY _____    FORM VA

CHECKED BY _____

☐ CORRESPONDENCE
  Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**PREVIOUS REGISTRATION** Has registration for this work or for an earlier version of this work already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is Yes, why is another registration being sought? (Check appropriate box.) ▼

a ☐ This is the first published edition of a work previously registered in unpublished form.

b ☐ This is the first application submitted by this author as copyright claimant.

c ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is Yes, give Previous Registration Number ▼ _____    Year of Registration ▼ _____

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation

a Preexisting Material Identify any preexisting work or works that this work is based on or incorporates ▼

**6**

**a**

See instructions
before completing
this space

b Material Added to This Work Give a brief general statement of the material that has been added to this work and in which copyright is claimed ▼

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account
Name ▼ _____    Account Number ▼ _____

**7**

**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Larry W McFarland  Keats McFarland & Wilson LLP
9720 Wilshire Boulevard  Penthouse Suite
Beverly Hills California 90212

**b**

Area code and daytime telephone number  ( 310 ) 248 3830    Fax number  ( 310 ) 860 0363

Email  lmcfarland@kmwlaw com

**CERTIFICATION**  I, the undersigned, hereby certify that I am the

check only one ▶

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  MGA Entertainment Inc
  Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date

Larry W McFarland    Date  December 16 2003

Handwritten signature (X) ▼

X _____

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼
Larry W McFarland  Keats McFarland & Wilson LLP

Number/Street/Apt ▼
9720 Wilshire Boulevard  Penthouse Suite

City/State/ZIP ▼
Beverly Hills California 90212

**YOU MUST**
Complete all necessary spaces
Sign your application in space 8
**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE**
1 Application form
2 Nonrefundable filing fee in check or money
  order payable to Register of Copyrights
3 Deposit material
**MAIL TO**
Library of Congress
Copyright Office
101 Independence Avenue S.E.
Washington D C 20559-6000

**9**

17 U S C § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2 500

Rev June 2002—20 000  Web Rev June 2002  ⊕ Printed on recycled paper

EXHIBIT ___14___
PAGE ___205___

VA 1−218−487

LIBRARY OF CONGRESS
DEC 2 2 2003 TT
COPYRIGHT OFFICE

EXHIBIT    14
PAGE    206



EXHIBIT 14
PAGE 207

# EXHIBIT 15



*LIBRARY OF CONGRESS*

*Copyright Office
of the United States*

*WASHINGTON, D.C.*

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **CLOE DRAWING** registered under number **VA 1-218-490**.

**THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **CLOE DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-490.**

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By: Tracie M. Coleman
Head
Certifications and Documents
Section
Information and Reference
Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.

EXHIBIT 15
PAGE 208

Additional Certificate (17 U.S.C. 706)
# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1–218–490



EFFECTIVE DATE OF REGISTRATION

DEC 2 2 2003

| Month | Day | Year |

---

DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET

**1**

Title of This Work ▼

CLOE Drawing

NATURE OF THIS WORK ▼ See instructions

color drawing

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical serial or collection give information about the collective work in which the contribution appeared  Title of Collective Work ▼

If published in a periodical or serial give  Volume ▼     Number ▼     Issue Date ▼     On Pages ▼

**2**

NAME OF AUTHOR ▼

**a** Carter Bryant

DATES OF BIRTH AND DEATH
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ___USA___
    { Domiciled in ___

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes" see detailed instructions

Nature of Authorship Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture     ☐ Map     ☐ Technical drawing
☑ 2 Dimensional artwork       ☐ Photograph     ☐ Text
☐ Reproduction of work of art ☐ Jewelry design     ☐ Architectural work

**NOTE**

Under the law the author of a "work made for hire" is generally the employer not the employee (see instructions) For any part of this work that was made for hire check "Yes" in the space provided give the employer (or other person for whom the work was prepared) as "Author" of that part and leave the space for dates of birth and death blank

**b** Name of Author ▼

Dates of Birth and Death
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ___
    { Domiciled in ___

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes" see detailed instructions

Nature of Authorship Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture     ☐ Map     ☐ Technical drawing
☐ 2 Dimensional artwork       ☐ Photograph     ☐ Text
☐ Reproduction of work of art ☐ Jewelry design     ☐ Architectural work

**3**

**a** Year in Which Creation of This Work Was Completed
1998
This information must be given
Year in all cases

**b** Date and Nation of First Publication of This Particular Work
Complete this information Month  February  Day  12  Year  2001
ONLY if this work has been published  U.S.A.
Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment Inc  16730 Schoenborn Street
North Hills CA  91343 6122

See instructions before completing this space

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

Assignment

APPLICATION RECEIVED
DEC 22 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 2 2 2003
FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

MORE ON BACK ▶     Complete all applicable spaces (numbers 5-9) on the reverse side of this page
                    See detailed instructions      Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

EXHIBIT  15
PAGE  209

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
   ☐ Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET

**PREVIOUS REGISTRATION** Has registration for this work  or for an earlier version of this work  already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is  Yes   why is another registration being sought? (Check appropriate box) ▼

a  ☐ This is the first published edition of a work previously registered in unpublished form

b  ☐ This is the first applicat on submitted by this author as copyright claimant

c  ☐ This is a changed version of the work  as shown by space 6 on this application

If your answer is  Yes  give  **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work  complete only 6b for a compilation

a  **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates ▼

**6**

a

See instructions
before completing
this space

b  **Material Added to This Work** Give a brief  general statement of the material that has been added to this work and in which copyright is claimed ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account

Name ▼          Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent  Name/Address/Apt/City/State/ZIP ▼

Larry W  McFarland  Keats  McFarland & Wilson  LLP
9720 Wilshire Boulevard  Penthouse Suite
Beverly Hills  California  90212

b

Area code and daytime telephone number     ( 310 ) 248 3830          Fax number     ( 310 ) 860 0363

Email   lmcfarland@kmwlaw.com

**CERTIFICATION\*** I the undersigned  hereby certify that I am the

check only one ▶

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  MGA Entertainment  Inc
   Name of author or other copyright claimant  or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date

Larry W  McFarland                                        Date   December 16  2003

Handwritten signature (X) ▼

X

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼
Larry W  McFarland   Keats  McFarland & Wilson  LLP

Number/Street/Apt ▼
9720 Wilshire Boulevard  Penthouse Suite

City/State/ZIP ▼
Beverly Hills  California  90212

**YOU MUST**
Complete all necessary spaces
Sign your application in space 8

**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE**
1 Application form
2 Nonrefundable filing fee in check or money
   order payable to Register of Copyrights
3 Deposit material

**MAIL TO**
Library of Congress
Copyright Office
101 Independence Avenue  S E
Washington  D C  20559-6000

**9**

17 U S C  § 506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright reg stration provided for by section 409  or in any written statement filed  n connection
with the application  shall be fined not more than $2 500

Rev  June 2002—20 000  Web Rev  June 2002   ♻ Printed on recycled paper                                        U S  Government Printing Office 2000-461 113/20 021

EXHIBIT  15
PAGE  210

VA 1–218–490

EXHIBIT 15
PAGE 21





8/1998

EXHIBIT 15
PAGE 212

7676072893733.1

# EXHIBIT 16

*LIBRARY OF CONGRESS*

*Copyright Office*
*of the United States*

*WASHINGTON, D.C.*

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **BRATZ GROUP DRAWING** registered under number **VA 1-218-489**.

**THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **BRATZ GROUP DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-489**.

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By: Tracie M. Coleman
Head
Certifications and Documents
Section
Information and Reference
Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.

EXHIBIT __16__
PAGE __213__

Additional Certificate (17 U.S.C. 706)
Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts

VA 1-218-489

EFFECTIVE DATE OF REGISTRATION

DEC 22 2003

Month    Day    Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET

**1**
Title of This Work ▼

BRATZ Group Drawing

NATURE OF THIS WORK ▼ See Instructions

color drawing

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical serial or collection give information about the collective work in which the contribution appeared Title of Collective Work ▼

If published in a periodical or serial give  Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

**2**
**a** NAME OF AUTHOR ▼

Carter Bryant

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _USA_
      Domiciled in

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes  ☑ No
Pseudonymous? ☐ Yes  ☑ No
If the answer to either of these questions is "Yes" see detailed instructions

Nature of Authorship Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture   ☐ Map   ☐ Technical drawing
☑ 2 Dimensional artwork     ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**NOTE**
Under the law the author of a work made for hire is generally the employer not the employee (see instructions) For any part of this work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

**b** Name of Author ▼

Dates of Birth and Death
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of
      Domiciled in

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes  ☐ No
Pseudonymous? ☐ Yes  ☐ No

Nature of Authorship Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2 Dimensional artwork     ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**3**
**a** Year in Which Creation of This Work Was Completed  1998
This information must be given in all cases

**b** Date and Nation of First Publication of This Particular Work
Month February  Day 12  Year 2001
Nation U.S.A.

**4**
COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment Inc 16730 Schoenborn Street
North Hills CA 91343 6122

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

Assignment

APPLICATION RECEIVED
DEC 22 2003
ONE DEPOSIT RECEIVED
TWO DEPOSITS RECEIVED
DEC 22 2003
FUNDS RECEIVED

MORE ON BACK ▶  Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions   Sign the form at line 8

DO NOT WRITE HERE
Page 1 of pages

EXHIBIT 16
PAGE 214

| EXAMINED BY | | FORM VA |
|---|---|---|
| CHECKED BY | | |
| CORRESPONDENCE ☐ Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work  or for an earlier version of this work  already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is  Yes  why is another registration being sought  (Check appropriate box ) ▼
a  ☐ This is the first published edition of a work previously registered in unpublished form
b  ☐ This is the first application submitted by this author as copyright claimant
c  ☐ This is a changed version of the work  as shown by space 6 on this application
If your answer is  Yes  give  Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work  complete only 6b for a compilation
a  Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates ▼

b  Material Added to This Work  Give a brief  general statement of the material that has been added to this work and in which copyright is claimed ▼

**6**
a See instructions before completing this space
b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account
Name ▼          Account Number ▼

**7**
a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent Name/Address/Apt/City/State/ZIP ▼

Larry W  McFarland  Keats McFarland & Wilson  LLP
9720 Wilshire Boulevard  Penthouse Suite
Beverly Hills  California  90212

b

Area code and daytime telephone number    (310 ) 248 3830          Fax number    (310 ) 860 0363
Email   lmcfarland@kmwlaw com

**CERTIFICATION** I the undersigned  hereby certify that I am the
check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  MGA Entertainment  Inc
Name of author or other copyright claimant  or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date
Larry W  McFarland          Date  December 16  2003

Handwritten signature (X) ▼
X

| Certificate will be mailed in window envelope to this address | Name ▼ Larry W  McFarland   Keats McFarland & Wilson  LLP |
|---|---|
| | Number/Street/Apt ▼ 9720 Wilshire Boulevard  Penthouse Suite |
| | City/State/ZIP ▼ Beverly Hills  California  90212 |

**9**

17 U S C § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in connection with the application  shall be fined not more than $2 500

Rev  June 2002—20 000   Web Rev  June 2002   Printed on recycled paper          U S  Government Printing Office 2000 461 113/20 021

EXHIBIT  16
PAGE  215

VA 1–218–489



EXHIBIT 16
PAGE 216



8/1998

EXHIBIT 16
PAGE 217

# EXHIBIT 17

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11

12  CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
13
              Plaintiff,
14                                         Consolidated with
         v.                                Case No. CV 04-09059
15                                         Case No. CV 05-2727
    MATTEL, INC., a Delaware corporation,
16                                         ORDER GRANTING IN PART AND
              Defendant.                   DENYING IN PART MATTEL'S
17                                         MOTION TO COMPEL PRODUCTION
                                           OF DOCUMENTS BY ISAAC LARIAN;
18                                         DENYING REQUEST FOR
                                           SANCTIONS
19

20  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
21  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
22

23
                         I. INTRODUCTION
24
         On October 11, 2007, Mattel, Inc. ("Mattel") submitted a "Motion to Compel Production
25
    of Documents by Isaac Larian and for Award of Monetary Sanctions." Specifically, Mattel seeks
26
    an order compelling Isaac Larian ("Larian") to produce documents responsive to Mattel's First
27
    Set of Requests for Documents and Things, including, without limitation, Request Nos. 1, 2, 13,
28
    Bryant v. Mattel, Inc.,                                                              1
    CV-04-09049 SGL (RNBx)

EXHIBIT 17
PAGE 218

1   15, 32, 33, 35, 41, 61-76, 79-101, 113-115, 123-125, 139-146, 178, 180, 181, 190-192, 194-199,
2   207-209, 213, 221-225, 227-228, 269, 272 and 273 and a privilege log identifying all documents
3   withheld based on any claimed privilege.  Mattel also seeks an award of sanctions against Larian
4   in the amount of $4,500, which represents a portion of the costs incurred by Mattel in bringing
5   this motion.  Larian submitted an opposition on December 5, 2007.[1]  Mattel submitted a reply on
6   December 10, 2007.  The matter was heard on December 14, 2007.  Having considered the
7   motion papers and comments of counsel at the hearing, Mattel's motion to compel is granted in
8   part and denied in part, and the request for sanctions is denied.

## II. BACKGROUND

9           On June 13, 2007, Mattel propounded its First Set of Requests for Production of
10  Documents and Things to Larian, the CEO and majority owner of MGA.  On August 6, 2007,
11  Larian filed his initial responses and objections.  The parties met and conferred, and on September
12  25, 2007, Larian served supplemental responses and objections.
13          Mattel filed the instant motion on October 11, 2007 seeking further responses to 87 of the
14  276 Requests.  The parties met and conferred further, and Larian ultimately agreed to provide
15  further responses to 55 of the disputed 87 Requests.  Specifically, Larian agreed to supplement his
16  responses and to produce documents responsive to Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-
17  76, 82-101, 139-146, 213, 221 and 223, "to include documents, if any, in his personal files that
18  have not previously been produced."  MGA's Opposition at pp. 1-2.
19          The remaining 32 Requests at issue can be grouped into ten categories:  (1) personal
20  financial data; (2) communications with Mattel employees; (3) statements to the media; (4)
21  telephone records; (5) storage devices; (6) Carter Bryant's ("Bryant") storage devices; (7) market
22  research concerning products not at issue; (8) Bryant's attorney and niece; (9) the Larian brother's
23  arbitration; and (10) MGA Hong Kong and MGA Mexico.
24  //
25
26          [1] Mattel filed an Objection to Larian's Opposition and Response to Mattel's Separate Statement, asserting that the submissions should
    not be considered because they are untimely and because the Response to Mattel's Separate Statement fails to set forth a complete and verbatim
27  statement of Mattel's position.  The Objection is overruled because Mattel has not been prejudiced and because of the court's preference to resolve
    Mattel's motion on the merits.
28
    Bryant v. Mattel, Inc.,                                                                                                      2
    CV-04-09049 SGL (RNBx)

EXHIBIT  17
PAGE  215

## II. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006) (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000) (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for the phrase "subject matter involved in the pending action," were intended to prevent discovery that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly litigate the issues presented by the pleadings but to develop new claims or defenses.).

Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or extent of use of the discovery methods if the court determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

The 55 Requests Resolved During Meet and Confer Session

During the meet and confer session held after the instant motion was filed, Larian agreed to produce documents responsive to 55 requests. In his Opposition brief, Larian states that the 55 requests are no longer in dispute.

Nevertheless, a court order compelling production is warranted for two reasons. First, Larian has not yet produced documents responsive to the 55 requests or provided a date by which

EXHIBIT __17__
PAGE __220__

1  he will do so.  Second, Larian's agreement to produce responsive documents is apparently limited

2  to documents from his so-called "personal files."  See Opposition at 2:2-3.

3        Mattel's counsel "never agreed that Larian could limit his response to the above requests

4  to documents in his 'personal files' and Larian's counsel did not state that Larian would limit his

5  response to documents in Larian's 'personal files.'"  Supp. Decl. of Scott B. Kidman.

6  Furthermore, the limitation to "personal files" suggested by Larian is contrary to Rule 34,

7  Fed.R.Civ.P, which imposes a duty to produce responsive documents within the responding

8  parties' "possession, custody or control."  The limitation is also unworkable because, as Mattel

9  points out, it "would create a situation by which responsive and highly relevant documents might

10  never be produced because MGA, on the one hand, deems [a] document to belong to Larian, and

11  Larian, on the other hand, deems [a] document not to be part of his 'personal files.'"  Reply at p.6.

12  Market Research for Products Not at Issue:  Request Nos. 79-81

13        In Request No. 79, Mattel seeks all documents relating to any focus groups relating to

14  Bratz and/or Angel, including without limitation all videotapes, summaries, notes and reports.  In

15  his supplemental response, Larian agrees to produce the following documents, subject to his

16  general objections:

17        Larian will produce all documents within his possession, custody, or control that
        relate to focus groups for "MGA contested products" and "Mattel contested
18        products," as those terms are defined in Mattel's First Requests for Production
        regarding Claims of Unfair Competition, if any, and that have not already been
19        produced, that he discovers in the course of his reasonable search and diligent
        inquiry, and to which no privilege or other protection applies, including without
20        limitation, the attorney-client privilege or attorney's work product doctrine.

21

22  Mattel's Consolidated Separate Statement at pp. 20-21.

23        In Request No. 80, Mattel seeks all documents relating to any services or work performed

24  by L.A. Focus between January 1, 1999 and December 31, 2001, including without limitation, all

25  videotapes, summaries, notes and reports associated therewith.  In his supplemental response,

26  Larian agrees to produce documents relating or referring to Bratz or Angel that are responsive to

27  the request and to which no privilege or other protection applies.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT  17
PAGE  221

1    In Request No. 81, Mattel seeks all documents relating to Alaska Momma. In his

2    supplemental response, Larian agrees to produce all documents relating or referring to Bratz,

3    Angel or Bryant that are responsive to the request and to which no privilege or other protection

4    applies.

5    Mattel contends that the requests are as narrowly tailored as possible to capture relevant

6    information. More specifically, Mattel contends that Request No. 79 seeks documents that bear

7    directly on the timing of the development of Bratz, as well as MGA's unfair competition claims

8    and Mattel's defense thereto. Mattel contends that the requested documents may demonstrate that

9    MGA is guilty of copying Mattel's Barbie and My Scene products.

10   Larian contends that Request Nos. 79-81 are overbroad and unduly burdensome. As an

11   example, Larian points to Request No. 80, which requests all documents relating to any services

12   or work performed by L.A. Focus, regardless of whether that work has any relation to the claims

13   and defenses in the action or any of the products at issue. Larian similarly contends that Request

14   Nos. 79 and 81 are unbounded by subject matter or time, and are untethered to any claim or

      defense in this case.

15   Mattel's motion to compel Larian to produce all documents responsive to Request No. 79

16   is granted. The request is reasonably limited in subject matter to Bratz and Angel. The requested

17   documents are relevant to several issues in the case, including the origin, conception and creation

18   of Bratz. The requested documents are also relevant to the unfair competition claims. Larian's

19   supplemental response to Request No. 79 is unduly restrictive. Among other things, the

20   definitions of "contested MGA products" encompass only those products that provide a basis for

21   any claim by MGA against Mattel, and not claims by Mattel against MGA.

22   Mattel's motion to compel Larian to produce all documents responsive to Request Nos.

23   80-81 is denied. These requests, as drafted, are clearly overbroad because they have no

24   reasonable limitations on subject matter or time. In particular, the requests are directed to L.A.

25   Focus and Alaska Momma without regard to whether the services or work the companies

26   provided has any relation to any product at issue.

27   Larian's supplemental responses to Request Nos. 80 and 81 are reasonably limited to

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT 17
PAGE 222

1   documents related to the products at issue: Bratz and Angel. In Mattel's view, Larian's

2   supplemental response is too narrow and "may result in the exclusion of highly relevant

3   documents because the project, concept or design that is the subject of the focus group is deemed

4   not to relate to something then known as Bratz or Angel." However, Larian acknowledges that

5   these types of hypothetical documents would still fall within the narrower scope of production

6   proposed in his supplemental response.

7          Mattel also contends that it is entitled to all of the requested documents called for by

8   Request No. 80 because they are relevant to credibility and bias, particularly if the documents

9   show that work relating to Bratz or Angel deviate from standard procedures that MGA and L.A.

10  Focus used. It is, however, not apparent how deviations from standard procedures would impact

    credibility or bias.

11         As to Request No. 81, Mattel contends that the documents showing the relationship

12  between Larian or MGA and Alaska Momma are relevant, even if they do not themselves

13  specifically relate to Bratz, Angel or Bryant. Mattel contends that communications from Larian

14  or MGA asking Alaska Momma to look for fashion doll opportunities around the time Bryant

15  claims to have pitched Bratz to Alaska Momma would be highly relevant in impeaching MGA's

16  and Bryant's stories about how and when they came to be introduced. Mattel also contends that

17  documents showing other dealings between Larian or MGA and Alaska Momma are relevant to

18  the issues of bias and credibility. Mattel's supposition about the types of documents that might

19  exist does not justify the type of far-reaching request it has propounded. Request No. 81 is also

20  not limited by either subject matter or time.

21         Accordingly, Larian shall produce documents responsive to Request Nos. 80 and 81 in

22  accordance with his supplemental responses.

23

24  Bryant's Attorney and Niece: Request Nos. 113-115

25         In Request No. 113, Mattel seeks all communications between Larian or MGA and Anne

26  Wang, a lawyer who represented Bryant in his contract negotiations with MGA. In Request No.

27  114, Mattel seeks all documents, including without limitation all communications, between

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT __17__
PAGE __223__

1  Larian or MGA and Anne Wang. In Request No. 115, Mattel seeks documents relating to Brooke
2  Gilbert, Bryant's niece. In his supplemental responses, Larian agrees to produce documents
3  relating to Bratz, Angel or Bryant that are responsive to the requests and to which no privilege or
4  other protection applies. Thus, the only issue is whether Larian should be required to produce
5  responsive documents that do not relate to Bratz, Angel or Bryant.

6        Mattel contends that Request Nos. 113-114 seek documents that are relevant to the origin
7  and conception of Bratz and the timing thereof. Mattel also contends that the documents may
8  disclose relevant information regarding Mattel's claims for breach of contract and inducing
9  breach of contract, including information regarding Bryant's or MGA's knowledge of Bryant's
10  contractual obligations with Mattel. Mattel also contends that Larian has failed to carry his
11  burden of demonstrating that the requests are overly burdensome.

12        Mattel further contends that Larian's supplemental responses to Request Nos. 113 and 114
   are inadequate because the limitations on scope may eliminate otherwise relevant documents that
13  do not specifically refer to Bratz, Angel or Bryant. For example, Mattel contends that
14  communications with or about Bryant's lawyer that do not specifically relate to Bratz, Angel or
15  Bryant may be relevant to the issues of credibility and bias.

16        Mattel contends that Request No. 115 seeks documents that are relevant to determine
17  whether evidence on Bryant's computer was destroyed by the "Evidence Eliminator" software
18  that had been installed and run on the hard drive. Bryant claims to have given his computer to his
19  niece. Mattel also contends that the requested documents are relevant to the issues of credibility
20  and bias. Further, Mattel contends that Larian's supplemental response to Request No. 115 is
21  inadequate, because evidence of any communication between Larian and his niece, regardless of
22  subject matter, is significant.

23        Larian contends that Request Nos. 113-115 are overbroad and unduly burdensome
24  because they lack any subject matter or time constraints. Further, Larian contends that the
25  requests constitute an improper fishing expedition and necessarily sweep in documents that are
26  not relevant to any claim or defense.

27  //

28  Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)

7

EXHIBIT 17
PAGE 224

1    Mattel's motion to compel documents responsive to Request Nos. 113-115 is denied. The

2    requests are overbroad because they are not focused on relevant subject matter and are untethered

3    to any claim or defense. Although Mattel asserts that responsive documents unrelated to Bratz,

4    Angel or Bryant might be relevant to the issues of credibility and bias, that speculative possibility

5    is too remote to justify the breadth of Mattel's requests.

6    Larian's supplemental responses are sufficient to provide Mattel with relevant and

7    responsive documents. Larian shall produce documents responsive to Request Nos. 113-115 in

8    accordance with his supplemental responses.

9

10   The Larian Brothers' "Arbitrations and Suits": Request Nos. 123-125

11   In Request No. 123, Mattel seeks all documents relating to any and all arbitrations and

12   suits between Larian and his brother, Farhad Larian. In Request No. 124, Mattel seeks all

13   documents filed, submitted or served in the suit and/or arbitration proceedings brought by Farhad

14   Larian against Larian, including without limitation all declarations, affidavits, transcripts, video

15   and/or audio recordings and sworn testimony given by any person in such suit or arbitration

16   proceedings. In Request No. 125, Mattel seeks all documents relating to any and all settlements,

17   resolutions, or compromises of any suit and/or arbitration proceedings between Larian and Farhad

18   Larian. In his supplemental responses, Larian agrees to produce all documents referring or

19   relating to Bratz that are responsive to the requests and to which no privilege or other protection

20   applies.

21   Mattel contends that the court has already ruled that the arbitration proceedings between

22   Larian and his brother are relevant because they involve, among other matters, the conception and

23   creation date for Bratz. Mattel contends that Larian's supplemental responses improperly limit

24   the requests to the exclusion of potentially relevant documents. For example, Mattel contends

25   that documents that relate to the business, activities and plans of MGA in early 2000 are relevant

26   to the timing of the development of Bratz, whether or not they specifically refer to Bratz.

27   Mattel also contends that the requested documents are relevant to the value of the Bratz brand and

     the net worths of Larian and MGA, as well as Mattel's claims for damages, including, for

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT ___17___

PAGE ___225___

1   example, profits from the sale and licensing of Bratz and other information that would impeach

2   Larian's testimony that he has not made any profits from Bratz. Further, Mattel contends that the

3   requested documents may lead to evidence of the assessments or valuations of the net worth or

4   value of MGA or Larian, regardless of any reference to Bratz specifically. Mattel also contends

5   that settlement documents may contain information that bears on the merit of Farhad Larian's

6   claims and the value of Bratz. Mattel also claims that the requested documents are relevant to

7   motive, intent, bias and credibility.

8        Larian contends the instant requests are overbroad and unduly burdensome. Further,

9   Larian contends that the relationship of the requested documents to any of the claims or defenses

10   in the present action is questionable, and the existence of such documents is conjectural.

11   Moreover, Larian contends that many of the categories of documents of interest to Mattel are

12   already the subject of other requests. Larian also contends that Request Nos. 123-125 impose an

13   undue burden because of the protective orders in place that strictly limit the use of any documents

14   from an arbitration and suit between Larian and his brother. Larian represents that he is currently

15   working with Mattel and his brother in an attempt to achieve suitable modifications to the orders

16   that are agreeable to all parties.

17        Mattel's motion to compel documents responsive to Request Nos. 123-125 as drafted is

18   denied. The requests are clearly overbroad in calling for all documents from the arbitrations and

19   suits between Larian and his brother, without any subject matter limitations. Furthermore, these

20   requests are unduly burdensome to the extent they require production of documents that do not

21   refer or relate to Bratz. Such documents have marginal relevance, at best, to the claims and

22   defenses in the case.

23        Larian's supplemental responses to Request Nos. 123 -125 are sufficient. Larian's

24   agreement to produce documents that refer or relate to Bratz is a reasonable compromise that will

25   enable Mattel to obtain documents relevant to the claims and defenses in the case, including many

26   of the categories of documents of interest to Mattel. For example, under Larian's proposed

27   limitation, documents that relate to the business, activities and plans of MGA in 2000 that also

28   refer or relate to Bratz must be produced. Documents relating to the value of the Bratz brand are

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

EXHIBIT 17
PAGE 226

1    also within the scope of Larian's proposed limitation and would have to be produced.  Documents

2    relating to the net worth of Larian or MGA that refer or relate to Bratz would also have to be

3    produced.  Further, Larian's proposed limitation does not necessarily foreclose discovery

4    regarding the appraisal of MGA prepared by Mr. Dutcher.  In particular, documents relating to

5    MGA's liabilities, debt, intangible assets, inventory, loans, growth rate projection, and revenue

6    projections must be produced if such documents refer or relate to Bratz.  Accordingly, Larian

7    shall produce documents responsive to Request Nos. 123-125 in accordance with his

8    supplemental responses.

9

10    Telephone Records:  Request Nos. 178-181

11           In Request No. 178, Mattel seeks all documents relating to, including without limitation

12    phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period

     from January 1, 1998 through January 1, 2001.  Larian objects to this request.

13           In Request No. 179, Mattel seeks all documents relating to, including without limitation

14    phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period

15    from January 1, 1998 through January 1, 2001 relating to Bratz and/or Angel.  In his supplemental

16    responses, Larian agrees to produce documents responsive to Request No. 179.  In response to

17    this motion, however, Larian contends that he should be permitted to produce documents

18    responsive to Request No. 179 in redacted form as discussed more fully below.

19           In Request No. 180, Mattel seeks all documents relating to, including without limitation

20    phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period

21    from April 1, 2004 through June 1, 2004.  Larian objects to this request.

22           In Request No. 181, Mattel seeks all documents relating to, including without limitation

23    phone records for, telephone calls relating to Bryant by or to Larian or anyone on Larian's behalf

24    at any time.  In his supplemental response, Larian agrees to produce all documents pertaining to

25    communications made prior to January 1, 2001 that are responsive to the request and to which no

     privilege or other protection applies.

26

27    //

28       10

EXHIBIT 17
PAGE 227

1     Mattel contends that Request No. 178 seeks documents relevant to show Larian's

2  communications with Bryant and other Mattel employees while such employees may still have

3  been employed by Mattel and before Larian claims to have known about Bratz. Similarly, Mattel

4  contends that Request No. 180 seeks documents relevant to Mattel's allegation that MGA, and

5  Larian in particular, were recruiting employees of Mattel's Mexican subsidiary and enticing them

6  to steal Mattel trade secrets.

7     Further, Mattel contends that the requested documents regarding telephone records are

8  relevant to (a) Mattel's claims regarding ownership of Bratz to the extent they show

9  communications with Carter Bryant; (b) Mattel's claims for theft of trade secrets to the extent

   they show communications with current and former Mattel employees, including Machado,
10
   Vargas, Trueba, Brawer, and Brisbois; (c) Mattel's claims regarding allegedly false statements
11
   Larian made to retailers; (d) MGA's counterclaims; and (e) Mattel's defenses. With respect to
12
   burden, Mattel contends that it would be more burdensome to attempt to produce the requested
13
   records in redacted form, and further, that the protective order in place is sufficient to protect
14
   Larian's privacy concerns.

15    Larian contends that the requests regarding telephone records are overbroad, completely

16  unbounded as to subject matter, and necessarily sweep in private information that is completely

17  irrelevant to any of the claims or defenses in the case. Larian also points out that the court

18  previously considered similar requests served on Bryant and allowed production of redacted

19  copies of telephone records as long as Bryant provided a signed verification that none of his

20  redactions related to Bratz, MGA or any other project he worked on for MGA. Specifically,

21  Bryant was permitted to produce redacted phone records as long as he provided a "signed

22  verification that none of the telephone records that were redacted relate or refer in any way to

23  MGA, Bratz, or any other project that Bryant worked on, with, for or on behalf of MGA."

24  Kennedy Decl., Ex. 1 (January 25, 2007 Order Granting Mattel's Motion to Compel Production

25  of Documents by Bryant). Larian contends that he should be permitted to redact responsive

26  documents consistent with the court's prior order. During the meet and confer, Larian offered to

27  provide redacted records and a signed verification that none of the redacted information was

28

EXHIBIT   17
PAGE      228

1    relevant to the case, but Mattel did not respond to the offer.

2          Mattel's motion to compel documents responsive to Request Nos. 178 (all documents
3    relating to phone records by or to Larian for January 1, 1998 – January 1, 2001) is denied. The
4    request is overbroad because it lacks any subject matter limitation, and thus necessarily sweeps in
5    private information that is completely irrelevant to the case. Larian should not be subjected to
6    such an intrusion into his private and business affairs when Mattel has made no attempt to tailor
7    the request to the communications, claims, and defenses identified above.

8          In contrast to Request No. 178, Request No. 179 is reasonably tailored to phone records
9    for a particular time frame (January 1, 1998 to January 1, 2001), and to particular subject matters
10    (Bratz and/or Angel). Accordingly, Larian shall abide by his agreement to comply with Request
11    No. 179, as stated in his supplemental response. Larian's proposal to produce responsive
12    documents in redacted form is appropriate to address his privacy concerns. More specifically,
13    Larian may produce documents responsive to Request No. 179 in redacted form as long as Larian
14    provides a signed verification that none of the redacted material refers or relates in any way to
15    MGA, Bratz, or any other proposed or actual project worked on, with, for or on behalf of MGA,
    or that are otherwise relevant to the case.

16          Mattel's motion to compel documents responsive to Request No. 180 (documents relating
17    to telephone calls by or to Larian from April 1, 2004 – June 1, 2004) is granted. Request No. 180
18    is reasonably tailored to a two month period during which MGA and Larian allegedly recruited
19    employees out of Mattel's Mexican subsidiary and enticed them to steal Mattel trade secrets. See
20    Mattel's Second Amended Answer and Counterclaims, ¶¶37-54. Larian may produce documents
21    responsive to Request No. 180 in redacted form as specified above with respect to Request No.
22    179.

23          Request No. 181 (documents relating to telephone calls relating to Bryant by or to Larian)
24    is overbroad as written because it has no time limits. In his supplemental response, Larian agrees
25    to produce communications prior to January 1, 2001 that are responsive to the request. Larian's
26    proposed limitation is a reasonable compromise that will provide Mattel with relevant documents
27    without imposing an undue burden. Accordingly, Larian shall produce documents responsive to

28

EXHIBIT __17__
PAGE __229__

1 | Request No. 181 consistent with his supplemental response, and may produce such documents in

2 | redacted form as specified above with respect to Request No. 179.

3

4 | Statements to the Media:  Request Nos. 190-192, 194-197 and 199

5 |      In Request Nos. 190-192, 194-197 and 199, Mattel seeks communications between Larian

6 | and members of the press or financial institutions relating to Bratz, Bryant, Mattel or this action.

7 | Mattel contends that the requests are sufficiently narrowly tailored to seek information that goes

8 | to the issues in the lawsuit.  More specifically, Mattel contends that the request are relevant to

9 | Mattel's allegation that MGA and Larian repeatedly issued false and misleading press releases

10 | regarding Bratz's sales, Bratz's market share, Bratz's position relative to Mattel's Barbie

11 | products, sales of Mattel's Barbie products, and the market share of Mattel's Barbie products.

12 | Further, Mattel contends that statements to lenders or investors relating to Bratz or Bryant may

13 | also contain admissions regarding the origin and conception of Bratz and statements relevant to

damages.

14 |      Larian contends that the requests are overbroad and unduly burdensome, particularly

15 | because several of the requests seek publicly available information.  Further, Larian points out

16 | that the court has already considered and rejected as overbroad a nearly identical request served

17 | on MGA that called for all documents relating to any communications by MGA with any news

18 | organization regarding the contested MGA products or the contested Mattel products.  Larian

19 | contends that the same reasoning applies to the instant requests.

20 |      Mattel's motion to compel documents responsive to Request Nos. 190-192, 194-197 and

21 | 199 is denied.  Although several of the requests encompass potentially relevant documents, the

22 | requests are overbroad and encompass documents that have little to no relevance to the claims and

23 | defenses in the case.  Not one of the requests is limited to relevant subject matters, such as Bratz's

24 | sales, Bratz's market share, Bratz's position relative to Mattel's Barbie products, sales of Mattel's

25 | Barbie products, the market share of Mattel's Barbie products, the origin and conception of Bratz,

26 | or damages.

27 | //

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

13

EXHIBIT __17__
PAGE __230__

1    Furthermore, many of these overbroad requests seek publicly available information that is

2    readily accessible to Mattel for which Larian should not be burdened. To the extent the requested

3    documents and information are not publicly available, such documents and information are

4    marginally, if at all, relevant because they are not likely to have caused Mattel compensable harm.

5    In either case, the burden and expense of searching for and producing responsive documents are

6    unjustified.

7

8    Communications With Mattel Employees: Request No. 198

9    In Request No. 198, Mattel seeks all communications between Larian and any individual

     while the individual was employed by Mattel. Mattel contends that this request is directly

10   relevant to Mattel's claims of trade secret theft, and that the relevancy outweighs any purported

11   burden of production.

12   Larian contends that the request is overbroad and unduly burdensome because it is

13   unrestricted as to time and subject matter. Larian also points out that the court has previously

14   found a similar request overbroad. Larian further contends that employees in the toy industry are

15   likely to maintain contacts with other toy manufacturers, and that a large corporation such as

16   Mattel is likely to have a high number of employees communicating with MGA or its officers,

17   which makes the request more unduly burdensome and unreasonable than it appears on its face.

18   Unlike other requests regarding communications, Request No. 198 is reasonably tailored

19   to the specific and numerous allegations in the case regarding alleged trade secret theft. Although

20   the request is not limited by subject matter, it is limited in other respects to seek relevant

21   documents without imposing an undue burden. The request is limited to communications

22   between Larian (and not MGA or persons acting on his behalf) and individuals employed at

23   Mattel. The request is also limited to only those communications that took place while the

24   individuals were employed at Mattel.

25   Nevertheless, an additional temporal limit is appropriate to tailor the request to Mattel's

26   allegations of trade secret theft. The alleged trade secret theft began with Bryant's conduct in

27   1999 and continued to 2005. Accordingly, Larian shall produce documents responsive to Request

28   

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

14

EXHIBIT ___17___
PAGE ___231___

1    No. 198 that are limited to the time frame 1999 to 2005.

2

3    Personal Financial Data:  Request Nos. 207-209 and 269

4         In Request No. 207, Mattel seeks documents sufficient to identify each of Larian's banks

5    or financial institutions and other banking relationships since January 1, 1999.  In Request No.

6    208, Mattel seeks documents sufficient to establish Larian's gross income and sources for such

7    income for each year from 1999 to the present.  In Request No. 209, Mattel seeks Larian's federal

8    and state tax returns for each year from 1999 to the present.  In Request No. 269, Mattel seeks

9    documents sufficient to show or calculate Larian's net worth on a yearly basis for each year from

10   1999 to the present.

11        Mattel contends that Request No. 207 seeks information reasonably calculated to lead to

12   information showing the timing of payments to Bryant and others, which in turn is relevant to the

13   timing of the development of Bratz and issues of credibility.  Mattel contends that Request Nos.

14   208-209 and 269 seek non-privileged information that is directly relevant to Larian's financial

15   condition, which in turn is relevant to damages.  Further, Mattel contends that it is entitled to

16   information regarding the sources of Larian's income to determine whether they are attributable

     to the alleged misconduct and thus subject to disgorgement.

17        Larian contends that the requested personal financial information is not relevant to the

18   claims or defenses at issue.  More specifically, Larian contends that neither the names of his

19   banks nor his gross income have any bearing upon either compensatory or punitive damages or

20   Mattel's claim for disgorgement of profits.  Larian further contends that there is no support for

21   Mattel's supposition that Larian has siphoned off MGA assets for his own personal benefit.

22        Larian also contends that all three of the requests overlap substantially with requests

23   Mattel previously propounded upon MGA, and that Mattel has failed to justify the duplication or

24   burden posed by these requests to him.  Further, Larian contends that the court has previously

25   found that Mattel was not entitled to obtain tax returns from Bryant, and that Mattel has offered

26   no reason why the same result should not apply here.

27        Mattel's motion to compel responses to Request Nos. 207-208 and 269 is granted.  The

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                                                                              15

EXHIBIT ___17___
PAGE ___232___

1    requests are reasonably calculated to lead to the discovery of admissible evidence relevant to

2    several issues in the case. For example, the requested information is likely to lead to information

3    regarding payments from Larian to Bryant, which is relevant to, among other things, the timing of

4    the creation of Bratz. The requested information is also likely to show Larian's income and net

5    worth, which are relevant to damages. Further, Larian has failed to establish that the requests are

6    unduly burdensome. Although Mattel has sought and obtained broad discovery of financial

7    information from MGA, Mattel is also entitled to seek financial information directly from Larian.

         Mattel's motion is denied as to Request No. 209, provided that Larian complies with

8    Request Nos. 207, 208 and 269. In light of the discovery of financial information ordered herein

9    and other requests propounded to MGA, Mattel has not shown a compelling need for Larian's tax

10   returns.

11

12   Storage Devices: Request Nos. 222 and 224

13       In Request Nos. 222 and 224, Mattel seeks digital storage devices and documents relating

14   to digital storage devices used by Larian to create, prepare, generate, copy, transmit, receive,

15   delete or modify digital information relating to Bratz, Angel, or Bryant. Mattel contends that a

16   request for documents under Rule 34, Fed.R.Civ.P., operates as a request for documents stored in

17   electronic form. Mattel also contends that Rule 34 permits a party to obtain and test computer

18   hard drives and other storage devices.

19       Larian contends that the requests are overbroad, unduly burdensome, duplicative, and

20   ignore his privilege and privacy interests. Larian also objects to an inspection of his actual hard

21   drives or other storage devices based upon the Committee Note to Rule 34, Fed.R.Civ.P., which

22   states that the amendment of Rule 34 relating to "electronically stored information is not meant to

23   create a routine right of direct access to a party's electronic information system." See

24   Fed.R.Civ.P. 34(a)(1), 2006 Adv. Comm. Notes. Larian contends that there is no justification for

25   an inspection of his electronic devices because there is no allegation that he improperly deleted

26   documents.

27       Mattel's motion to compel documents responsive to Request Nos. 222 and 224 is denied.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

16

EXHIBIT __17__
PAGE __233__

1    With respect to Request No. 222, Larian correctly notes that Rule 34 was not intended to

2    authorize the routine production of a party's electronic devices. Mattel attempts to justify

3    Request No. 222 by pointing to various instances of alleged destruction of evidence. See Mattel's

4    Consolidated Separate Statement at pp. 203-204 (purported destruction of Larian's computer

5    laptops; "wiping" information from the hard drives of Larian's computer laptops every six

6    months; redacting "Barbie Collectibles" from a faxed version of Bryant's Bratz agreement; and

7    destructive testing of Bryant's original Bratz drawings). However, Mattel fails to explain how

8    these alleged instances of evidence destruction justify Request No. 222, other than to assert that it

9    has a right to inspect Larian's storage devices to ensure that relevant information has not been

10   deleted or permanently destroyed. Mattel's stated purpose suggests instead that Mattel is

11   launching a fishing expedition in pursuit of new claims, which is not permitted by the Federal

12   Rules of Civil Procedure. See e.g. Rivera v. NIBCO, Inc., supra. Furthermore, Mattel's stated

13   purpose for inspecting Larian's storage devices does not justify the breadth of Request No. 222.

14   Among other things, Request No. 222 encompasses every storage device that Larian has used to

15   copy digital information relating to Bratz. Mattel does not need every CD and DVD containing

     copies of Bratz-related video and audio content, but that is what the request seeks.

16        Request No. 222 is also duplicative because it requests information that is sought in

17   numerous other requests served on Larian as well as MGA. Mattel has served hundreds of

18   requests for documents and communications relating to Bratz, Angel, and Bryant. To comply

19   with the requests, Larian was required to search for documents in both hard-copy and electronic

20   form. Under the circumstances, it is unnecessary for Larian to also produce the requested storage

21   devices.

22        Documents responsive to Request No. 224 are minimally relevant (if at all) to the claims

23   and defenses in the case, and therefore do not justify the burden of production on Larian.

24

25   Bryant's Storage Devices:  Request Nos. 225, 227 and 228

26        In Request Nos. 225, 227 and 228, Mattel seeks digital storage devices and documents

27   relating to digital storage devices used by Bryant to create, prepare, generate, copy, transmit,

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                        17

EXHIBIT  17
PAGE  234

1  receive, delete or modify digital information relating to Bratz, Angel, or MGA.

2  Larian contends that the requests are improperly directed to him because he does not have

3  personal possession of Bryant's hard drive or storage devices, or other information about those

4  devices. Mattel's Consolidated Separate Statement at p. 206. Larian also contends that the

5  requests are overbroad and unduly burdensome for the reasons discussed above in connection

6  with Request Nos. 222 and 224.

7  Mattel's motion to compel documents responsive to Request Nos. 225, 227 and 228 is

8  denied for the reasons already discussed in connection with Request Nos. 222 and 224.

9  MGA Hong Kong and MGA Mexico: Request Nos. 272 and 273

10  In Request Nos. 272 and 273, Mattel seeks documents relating to the ownership of MGA

11  Entertainment HK Ltd. ("MGA Hong Kong") and MGAE de Mexico S.r.l. de C.V. ("MGA

12  Mexico"), both of which are named defendants. In his supplemental responses, Larian agrees to

13  produce documents sufficient to show the ownership of these entities.

14  Mattel contends that the requests seek information relevant to refute MGA Mexico's

15  personal jurisdiction defense, and which bear on whether the acts of Larian and others are

16  attributable to the entities. Mattel also contends that Larian's (or MGA's) ownership interest in

17  these companies is relevant to net worth. Mattel contends that Larian's supplemental response is

18  inadequate because it would allow Larian to withhold contradictory information and conceal the

19  true ownership of the business entities. Furthermore, Mattel contends that it is entitled to know

20  the ownership of these entities at times when different allegedly wrongful acts took place and to

21  determine if the ownership structure changed as a means of concealing assets or concealing the

22  payments of commercial bribes.

23  Larian contends that these requests should not be made to him, but to the entities

24  themselves or to MGA. Further, Larian contends that the requests are duplicative of a request

25  Mattel served on MGA Mexico, another request served on MGA Hong Kong, and another request

26  served on MGA. Moreover, Larian contends that the requests are overbroad and unduly

27  burdensome, and that at most, he should only have to produce a list of owners.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

18

EXHIBIT ___17___
PAGE ___235___

1    Mattel contends that Larian cannot avoid his duty to respond to these requests simply by
2    saying that the information is obtainable from another source. Further, Mattel contends that
3    Larian has failed to establish that the requests are unduly burdensome.

4    Mattel's motion to compel documents responsive to Request Nos. 272-273 is denied
5    pursuant to Rule 26(b)(2), Fed.R.Civ.P., because the requested information is clearly obtainable
6    from another source that is more convenient, less burdensome, or less expensive, namely MGA
7    Mexico and MGA Hong Kong. The requests are also overbroad and unduly burdensome.

### IV. CONCLUSION

8
9    For the reasons set forth above, it is hereby ordered as follows:

10   1.      At meet and confer sessions held after the filing of this motion, Larian agreed to
     produce documents in response to Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-76, 82-101, 139-
11   146, 213, 221 and 223. Accordingly, Larian shall produce, without limitation, all non-privileged
12   documents that are responsive to these Requests.

13   2.      With respect to the remaining requests that are at issue in this motion, Larian shall:
14         A.      produce, without limitation, all non-privileged documents that are
15   responsive to Request Nos. 79, 180, 198 (for the time period 1999-2005), 207, 208 and
16   269; and

17         B.      produce, in accordance with his supplemental responses, non-privileged
18   documents that are responsive to Request Nos. 80, 81, 113-115, 123-125, 179, 181 and
19   209.

20         C.      Larian may produce documents responsive to Request Nos. 179, 180 and
21   181 in redacted form as provided herein.

22         D.      Mattel's motion is denied as to Request No. 178, 190-192, 194-197, 199,
23   209, 222, 224, 225, 227, 228, 272 and 273.

24   3.      Larian shall produce all non-privileged documents that are required by this Order
25   that are in his possession, custody or control and that have not already been produced no later
26   than January 11, 2008.

27   4.      Larian shall produce a privilege log no later than January 15, 2008.

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

19

EXHIBIT __17__
PAGE __236__

1       5.     Mattel's request for sanctions is denied.

2       Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

3 Master, Mattel shall file this Order with the Clerk of Court forthwith.

4

5 Dated: December 31, 2007

                         HON. EDWARD A. INFANTE (Ret.)

6                             Discovery Master

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 17
PAGE 237

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on January 2, 2008, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY ISAAC LARIAN; DENYING REQUEST FOR SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on January 2, 2008, at San Francisco, California.

Sandra Chan

EXHIBIT __17__
PAGE __236__

# Miscellaneous Filings (Other Documents)

2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc
(RNBx), AO279, DISCOVERY, RELATED-G

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Proctor, Brett on 1/3/2008 at 10:45 AM PST and filed on 1/3/2008

**Case Name:**        Carter Bryant v. Mattel Inc
**Case Number:**      2:04-cv-9049
**Filer:**            Mattel Inc
**Document Number:** 1439

**Docket Text:**
Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian; Denying Request for Sanctions filed by Defendant Mattel Inc re: MOTION to Compel [1092] (Proctor, Brett)

**2:04-cv-9049 Notice has been electronically mailed to:**

Timothy L Alger    timalger@quinnemanuel.com

Christa M Anderson    canderson@kvn.com

Michelle M Campana    michelle.campana@skadden.com

Jon D Corey    joncorey@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Emil W Herich    eherich@kmwlaw.com

Raoul D Kennedy    rkennedy@skadden.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Nathan Meyer    nmeyer@kayescholer.com, dclow@kayescholer.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com

EXHIBIT __17__
PAGE __239__

Mark E Overland    moverland@obsklaw.com

Michael H Page    mhp@kvn.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

John B Quinn    johnquinn@quinnemanuel.com

David C Scheper    dscheper@obsklaw.com, feseroma@obsklaw.com

John Elliot Trinidad    jtrinidad@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mmv@kvn.com

Michael T Zeller    michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

John W Keker
Keker & Van Nest
710 Sansome St
San Francisco, CA 94111-1704

Kenneth A Plevan
Skadden Arps Slate Meagher & Flom
4 Times Sq
New York, NY 10036-6522

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\laurakinsey\Desktop\Larian Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=1/3/2008] [FileNumber=5143390-0]
[5a2187944fc1d22750aedb257eb3d8e53a9b8728f71d46135a28ece1a78d4d01e2732
dde016f334ddcc72b8e691e63a2605761dac19ba72309568688b0698f2c]]

EXHIBIT __17__
PAGE __240__