Patricia L. Glaser, State Bar No. 055668
Pglaser@glaserweil.com
Joel N. Klevens, State Bar No. 045446
Jklevens@glaserweil.com
GLASER, WEIL, FINK, JACOBS,
 HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  310-553-3000
Facsimile:  310-556-2920

Russell J. Frackman, State Bar No. 049087
rjf@msk.com
MITCHELL, SILBERBERG & KNUPP, LLP
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone:  310-312-2000
Facsimile:  310-312-3100

Attorneys for the MGA Parties For Phase Two

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>  Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>  Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**Hon. Stephen J. Larson**<br><br>**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S *EX PARTE* APPLICATION FOR AMENDMENT OF THE BRIEFING SCHEDULE ON MATTEL, INC.'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 11 REGARDING MOTION OF MATTEL, INC. TO COMPEL DEPOSITIONS OF VARGAS AND TRUEBA**<br><br>**Phase 2**<br>Discovery Cut-off: December 11, 2009<br>Pre-Trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

674982

# MGA PARTIES' OPPOSITION TO MATTEL'S 4/23/2009 *EX PARTE* APPLICATION

The MGA Parties oppose Mattel, Inc.'s April 23, 2009 *ex parte* application, Docket No. 5255, to alter the briefing schedule on Mattel's motion to overturn Discovery Master Order No. 11, which is presently set for hearing on June 1, 2009 (Docket No. 5201, the "Motion"). Mattel's *ex parte* application proposes the Court cut short the MGA Parties' time under Local Rule 7-9 to oppose the Motion in order to afford Mattel more time to file its reply brief. That is not fair or right, and the Court does not need to do so. The Court can simply allow Mattel to file its Reply in support of the Motion on May 26, 2009, which is six calendar days before the hearing.

Mattel complains that under Local Rule 7-10, it currently has only four days to prepare its reply brief. Yet, Mattel was offered but rejected the opportunity to have eight days to file its reply brief. (Declaration of Scott B. Kidman ("Kidman Decl."), ¶ 3, Exh. 2). Under Mattel's proposed briefing schedule it would have until the close of business on May 22, 2009 to file its reply brief. Mattel's ostensible reason for rejecting the MGA Parties' proposal that it file its reply brief on May 26, 2009 is that this will give the Court too little time to review the reply papers. This argument is unfounded because it is highly unlikely that either the Court or its staff will review Mattel's reply papers between May 22 and May 26, 2009, which is the Memorial Day weekend.

Mattel assumes that the Court and its staff will give its Motion so much importance that it will set aside time on the Memorial Day weekend to review its reply papers. This is implausible and unreasonable. This is why it makes the most sense to have Mattel simply file its reply on May 26, 2009 rather than cutting short the MGA Parties' time to file their opposition. MGA wants that time to prepare its opposition because it has a much smaller Phase 2 legal team than Mattel and a lot more to do.

1   Also, Mattel has not (and cannot) meet its burden here.  Mattel has not even
2   attempted to explain, much less provide evidence of, why *it* would be prejudiced by
3   having to file its reply on May 26, 2009.  Lack of evidence alone is sufficient to reject
4   Mattel's *ex parte* application.  *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883
5   F. Supp. 488, 492 (C.D. Cal. 1995).

6   Moreover, Mattel cannot show that it is without fault in creating the purported
7   "crisis" here.  *Id.*  "[T]he creation of the crisis – the necessity for bypassing regular
8   motion procedures –  [ ] requires explanation." *Id.* at 493.  This burden is not easily
9   met.  Here, it is Mattel who filed the instant Motion and scheduled the hearing date
10  for that Motion, with full knowledge that the briefing schedule on its Motion would
11  be scheduled according to that hearing date under the Local Rules.  Mattel now
12  complains that this briefing schedule is somehow "inequitable."  However, Mattel is
13  entirely responsible for creating the schedule.  The fact that Mattel now regrets its
14  decision does not warrant *ex parte* relief.

15  Further, any alleged "prejudice" to Mattel could have been avoided had Mattel
16  given good faith consideration to the proposal outlined by the MGA Parties during the
17  "meet and confer" process. (Kidman Decl., ¶ 3, Exhibit 2.)  Mattel concedes that the
18  MGA Parties agreed to stipulate that Mattel's deadline to file its reply be moved from
19  May 22 to May 26, 2009.  (Motion, p. 1:24-2:1.)  However, Mattel has made no
20  attempt to propose this stipulation to the Court.  At the very least, Mattel could have
21  sought this scheduling arrangement as alternative relief.  Mattel's failure to do so
22  indicates that its true reason for bringing this *ex parte* application is to reduce the time
23  granted to the MGA Parties to file their opposition, and not because the current
24  briefing schedule is purportedly "inequitable."

25  / / /
26  / / /
27  / / /
28  / / /

674982

2

**MGA PARTIES' OPPOSITION TO MATTEL'S 4/23/2009 *EX PARTE* APPLICATION**

## II. CONCLUSION

Based on the foregoing, the MGA Parties respectfully request that the Court deny Mattel's *ex parte* application to alter the briefing schedule on Mattel's motion to overturn Discovery Master Order No. 11.

Dated: April 24, 2009

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS
 HOWARD & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP

By: _____/s/ Amman A. Khan_____
    Amman A. Khan
    Attorneys for the MGA Parties
    for Phase Two