1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@glaserweil.com
3  GLASER, WEIL, FINK, JACOBS,
     HOWARD & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone:   310-553-3000
   Facsimile:   310-556-2920
6

7  Russell J. Frackman, State Bar No. 049087
   rjf@msk.com
8  MITCHELL, SILBERBERG & KNUPP, LLP
   11377 West Olympic Boulevard
9  Los Angeles, California 90064
   Telephone:   310-312-2000
10 Facsimile:   310-312-3100

11 Attorneys for the MGA Parties For Phase Two

12          UNITED STATES DISTRICT COURT
13   CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

14 CARTER BRYANT, an individual        )  Case No. CV 04-9049 SGL (RNBx)
                                       )
15            Plaintiff,               )  Consolidated with: Case No. CV 04-
                                       )  9059 and Case No. CV 05-2727
16 v.                                  )
                                       )  **DISCOVERY MATTER**
17 MATTEL, INC., a Delaware            )  **[To Be Heard by Discovery Master**
   Corporation                         )  **Robert C. O'Brien Pursuant to Order**
18                                     )  **of January 6, 2009]**
                                       )
19            Defendant.               )  **[PUBLIC REDACTED] MGA**
                                       )  **PARTIES' OPPOSITION TO**
20 _____ )  **MATTEL, INC.'S 4/17/09 MOTION**
                                       )  **TO DE-DESIGNATE OPPOSITION**
21 AND CONSOLIDATED ACTIONS           )  **TO MATTEL, INC.'S MOTION TO**
                                       )  **COMPEL DEPOSITION OF**
22                                     )  **VARGAS AND TRUEBA AND**
                                       )  **DECLARATION OF KUEMMERLE**
23                                     )  **IN SUPPORT THEREOF**
                                       )
24                                     )  **[Declaration of Amman A. Khan filed**
                                       )  **and served concurrently herewith]**
25                                     )
                                       )  **Phase 2**
26                                     )  Discovery Cut-off:  December 11, 2009
                                       )  Pre-Trial Conference:  March 1, 2010
27                                     )  Trial Date:  March 23, 2010
                                       )
28 _____ )

LAW OFFICES
GLASER , WEIL , FINK , JACOBS , HOWARD & SHAPIRO , LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310 - 553 - 3000

675062

## MGA Parties' Opposition to Mattel's Motion to De-Designate

### I.     Preliminary Statement

Mattel's Motion to De-Designate the Opposition to Mattel's Motion to Compel the Deposition of Vargas and Trueba and Declaration of Kuemmerle in Support Thereof (the "Motion") is entirely premised on misrepresentations to the Court.  In its Motion, Mattel falsely alleges that the MGA Parties refused to "meet and confer" to try to resolve this matter and that the MGA Parties have designated *all* of the information in the Opposition to Mattel's Motion to Compel Deposition of Vargas and Trueba (the "Opposition") and Declaration of Kuemmerle in Support Thereof (the "Kuemmerle Declaration") (collectively, the "Opposition Documents") as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") – none of which is true.  As set forth below, Mattel's Motion should be denied in its entirety, and Mattel's counsel should be sanctioned for unnecessarily bringing this frivolous Motion, for at least the following reasons.

First, the MGA Parties properly designated and filed under seal portions of the Opposition Documents as "AEO" because they reference matters and documents that were previously (and properly) designated "AEO."  Mattel does not dispute – and to this day has never challenged – the "AEO" designation of that underlying information.  Indeed, Mattel even concedes that such "AEO" designations are proper by filing its motions (which reference the same underlying "AEO" materials) as "AEO."  Mattel's Motion – which seeks to order the public disclosure of information that Mattel itself admits is properly designated "AEO" – is nothing short of nonsensical.

Moreover, the MGA Parties properly filed the Opposition Documents under seal in accordance with the Protective Order because they contain confidential, proprietary, private and personal information about current employees, including details about Mr. Vargas' and Ms. Trueba's family situations, employment and legal proceedings.  Mattel's improper attempt to restrict the Protective Order to only

1

LAW OFFICES
GLASER , WEIL , FINK , JACOBS , HOWARD & SHAPIRO , LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310 - 553 - 3000

G LASER · W EIL · F INK · J ACOBS · H OWARD · & S HAPIRO · LLP

LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310 · 553 · 3000

1  protect information such as social security numbers and bank account information is

2  simply unsupported by the express language of the Protective Order.  Also, Mattel

3  improperly attempts to have the Discovery Master de-designate the Opposition and

4  Kuemmerle Declaration when those documents have been ordered sealed by the

5  Court.  Absent express authorization to do so, the Discovery Master should not revisit

6  orders entered by Judge Larson.

7      For the foregoing reasons and for those set forth below, Mattel's Motion should

8  be denied in its entirety.  In addition, the MGA Parties respectfully request that the

9  Court impose sanctions in the amount of $3,500 on Mattel's counsel for filing this

10  Motion and for misconduct during the "meet and confer" process.

11  **II.**     **Statement of Facts**

12      On February 13, 2009, the MGA Parties properly designated the Opposition

13  and Kuemmerle Declaration as "AEO" pursuant to Paragraph 2 of the Parties'

14  Stipulated Protective Order and requested those documents to be filed under seal.

15  (Declaration of Diane C. Hutnyan ("Hutnyan Decl."), ¶ 9, Exh. 8).  On that same day,

16  the MGA Parties also filed and served public redacted versions of both those

17  documents.  (Declaration of Amman A. Khan ("Khan Decl."), ¶¶ 3, 4, Exhs. B, C).  In

18  an Order dated February 13, 2009, Judge Larson ordered the Opposition and

19  Kuemmerle Declaration to be filed under seal.  (Khan Decl., ¶ 5, Exh. D).

20      Nearly one month later, on March 3, 2009, Jon Corey (counsel for Mattel)

21  requested a "meet and confer" regarding the MGA Parties' designation of the

22  Opposition Documents.  (Hutnyan Decl., ¶ 2, Exh. 1).  In particular, Mattel requested

23  that the MGA Parties de-designate and publicly file all the Opposition Documents,

24  even though Judge Larson had already entered an Order sealing those documents.

25      On March 9, 2009, Amman Khan (counsel for the MGA Parties) responded,

26  explaining that the MGA Parties properly designated and filed under seal the

27  Opposition Documents and would therefore not de-designate and publicly file them.

28  (Hutnyan Decl., Exh. 4).

675062

2

LAW OFFICES
GLASER , WEIL , FINK , JACOBS , HOWARD , & SHAPIRO , LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310 - 553 - 3000

1    Nothing further was heard from Mr. Corey on this matter.  As a result, the

2    MGA Parties reasonably assumed Mattel had let the matter drop and conceded that

3    the MGA Parties had correctly designated and sealed the Opposition and Kuemmerle

4    Declaration.

5        Indeed, nothing was heard from Mattel at all in connection with this issue until

6    more than one month later, when Diane Hutnyan (counsel for Mattel) contacted Mr.

7    Khan via letter dated April 16, 2009.  (Hutnyan Decl., Exh. 3).  In that letter, Ms.

8    Hutnyan accused the MGA Parties of failing to "meet and confer" as requested in Mr.

9    Corey's March 3 letter, but failed to provide any evidence in support of her position.

10   On that same day, Mr. Khan responded via email to Ms. Hutnyan, explaining that

11   Mattel was mistaken because the MGA Parties had responded to the March 3 letter

12   over one month ago and that she was free to call and discuss the matter with him at

13   anytime.  (Hutnyan Decl., Exh. 4).  Accordingly, the MGA Parties had complied with

14   their "meet and confer" obligations pursuant to the Discovery Master's Order No. 1.

15   (Khan Decl., ¶ 2, Exh. A at 2:9-10).

16       Ms. Hutnyan then left a message for Mr. Khan in a purported attempt to discuss

17   the issue further.  (Hutnyan Decl., Exh. 5).  On April 17, 2009, Mr. Khan spoke to

18   Ms. Hutnyan and once again attempted to explain the MGA Parties' position with

19   respect to their designation of the Opposition Documents in order to avoid

20   unnecessary motion practice by Mattel on this issue.  (Khan Decl., ¶ 7).  However,

21   without making any attempt to meaningfully and productively "meet and confer," Ms.

22   Hutnyan proceeded to repeatedly interrupt Mr. Khan and mischaracterize and mock

23   his statements.  (Khan Decl., ¶¶ 7-9).  Ms. Hutnyan then unilaterally and prematurely

24   ended their phone conversation when she abruptly hung up on Mr. Khan.  (Khan

25   Decl., ¶ 9).

26       In spite of Ms. Hutnyan's obvious unwillingness to resolve Mattel's concerns

27   regarding the MGA Parties' designation of the Opposition Documents (other than by

28   unnecessary and frivolous motion practice, as evidenced by the instant Motion), Mr.

G LASER , W EIL , F INK , J ACOBS , H OWARD & S HAPIRO , LLP

LAW OFFICES
10250 C ONSTELLATION B OULEVARD
N INETEENTH F LOOR
L OS A NGELES , C ALIFORNIA 90067
310 - 553 - 3000

1   Khan invited Ms. Hutnyan to resume their discussion of this issue.  (Khan Decl., ¶ 7,

2   Exh. E).  However, Ms. Hutnyan did not call back and instead transmitted a letter

3   demanding another written explanation of the MGA Parties' position, when one had

4   already been provided on March 9, 2009, and filed the instant Motion only a few

5   hours later on that same day.  (Khan Decl., ¶ 10, Exh. F).

6   **III.   Argument**

7       **A.     Mattel Misrepresents That All Of The Information in The MGA**

8              **Parties' Opposition Documents Is Designated "AEO."**

9           As a preliminary matter, Mattel disingenuously mischaracterizes the MGA

10  Parties' designation of the Opposition Documents.  Mattel falsely alleges that the

11  MGA Parties have designated "all of the information" in the Opposition Documents

12  as "AEO."  (Motion at 2:19-24).  As Mattel is well aware, the MGA Parties filed

13  public redacted versions of both documents and thus did not designate ***all*** of the

14  information in those documents as "AEO."  (Khan Decl., ¶¶ 3, 4, Exhs. B, C).

15  Mattel's statement to the contrary is one of several blatant misrepresentations by

16  Mattel in the instant Motion.

17      **B.     The Opposition Documents Are Properly Designated As "AEO."**

18          Mattel's Motion is without merit because the MGA Parties properly designated

19  the Opposition and Kuemmerle Declaration "AEO" pursuant to Paragraph 2 of the

20  Parties' Stipulated Protective Order.  Mattel's Motion to Compel Deposition of

21  Vargas and Trueba (the "Motion to Compel") and the Opposition Documents

22  reference matters that were previously designated as "AEO."  For example, the

23  Opposition and Kuemmerle Declaration both discuss portions of  Ms. Kuemmerle's

24  deposition, dated January 28, 2008, which were properly designated "AEO."  (*See*

25  *e.g.*, Opposition at 10:5-17 (" ███████████████████████████████████████████

26  ████████████████████████████");  *see also* Kuemmerle Declaration, ¶¶ 3-4

27  (" ██████████████████████████████████████████████████████████████████

28  ████████████████████████████████████████████████

1 ████████████████████████████████████████████████████████ ”).

2 The Opposition also refers to an email dated April 11, 2004 from Isaac Larian that

3 was properly designated "AEO."  (Opposition at 10:18-26).

4      Notably, Mattel has never disputed or challenged the designations of portions

5 of Ms. Kuemmerle's deposition or the 2004 Larian email as "AEO."  Indeed, nowhere

6 in Mattel's instant Motion is there any mention whatsoever of Ms. Kuemmerle's

7 deposition or the 2004 Larian email as being improperly designated "AEO."  In fact,

8 Mattel conceded that such designations are proper when it filed its Motion to Compel

9 and the instant Motion under seal and designated them "AEO" because they reference

10 matters which have been designated as such.  (Motion at 4:17-18).  Thus, Mattel's

11 present Motion is wholly improper because it requests the Discovery Master to order

12 the disclosure of information that was previously (and properly) designated "AEO" –

13 a fact which Mattel does not (and cannot) dispute.

14     **C.**    **The Opposition Documents Were Properly Filed Under Seal.**

15      On February 13, 2009, Judge Larson ordered the Opposition and Kuemmerle

16 Declaration sealed.  (Khan Decl., ¶ 5, Exh. D).  Some of the MGA Parties'

17 Opposition Documents were properly filed under seal pursuant to both the "AEO"

18 and "Confidential" standards because they contain "confidential or private

19 information about current or former employees…or other information of a

20 confidential, proprietary, private or personal nature."  (*See* Protective Order, ¶¶ 2, 15).

21 The Opposition Documents both contain private and personal details concerning Mr.

22 Vargas and Ms. Trueba.  For example, the Kuemmerle Declaration discusses personal

23 information with respect to Mr. Vargas' and Ms. Trueba's respective families,

24 including their children.  (*See e.g.*, Kuemmerle Decl., 2:27-3:2 (" ████████

25 ████████████████████████████████████████████████████

26 ████████ ").   The Opposition Documents also discuss ████████████

27 ████████████████████████ .  (*See e.g.*, Opposition at 1:20-25, 7:8-15 (" ████████

28 ████████████████████████████████████████████████████

**[PUBLIC REDACTED] MGA PARTIES' OPPOSITION TO MATTEL'S 4/17/09 MOTION TO DE-DESIGNATE**

LAW OFFICES

GLASER , WEIL , FINK , JACOBS , HOWARD & SHAPIRO , LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310 - 553 - 3000

1  ██████████████████████████████████ "); Kuemmerle Decl., ¶ 8 ("████

2  ██████████████████████████████████████████████████████████████

3  ██████████████████████████████████████████████████████████████

4  ████████████████████████████████████ ").  Moreover, the Opposition

5  Documents provide confidential and proprietary information with respect to Mr.

6  Vargas' and Ms. Trueba's employment and job responsibilities and discuss MGA

7  Mexico's business structure and set-up, which should be kept confidential from

8  competitors like Mattel.  (*See e.g.*, Opposition at 5:6-10, 10:5-16, 10:22-26, 12:15

9  ("██████████████████████████████████████████████████████

10 ██████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████████

12 ████████ "); *see also* Kuemmerle Decl., 2:11-3:9 ("██████████████████

13 ██████████████████████████████████ ").  For these reasons, the Opposition

14 Documents were properly filed under seal pursuant to the Protective Order in this

15 matter.  (Protective Order, ¶¶ 2, 15).

16      Mattel disingenuously argues that only information such as "social security

17 number[s]" or "bank account information" is protected under the Protective Order.

18 (Motion, 4:11-12).  However, Mattel's restrictive and self-serving reading of the

19 Protective Order is unwarranted because the Protective Order contains no such

20 limitation.  Contrary to Mattel's assertion, the plain language of the Protective Order

21 provides that "confidential, proprietary, private or personal" information, like that

22 contained in the Opposition Documents, may be filed under seal.  (Protective Order,

23 ¶¶ 2, 15).  Mattel's request for an order requiring the MGA Parties to de-designate

24 and publicly file the Opposition Documents is thus without merit.

25 ///

26 ///

27 ///

28 ///

**D.   Mattel's Counsel Should be Sanctioned for Misconduct During the "Meet and Confer" Process.**

Mattel's counsel should be sanctioned for making numerous misrepresentations to the Court, mischaracterizing the words and actions of counsel for the MGA Parties, and its wrongful conduct during the "meet and confer" process.

Sanctions against a party's counsel are appropriate under 28 U.S.C. § 1927 as follows: "[a]ny attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Thus, the Court may sanction Mattel's counsel "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 265 (10th Cir. 1995) (citing *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987)); *see also In re Akros Installations, Inc*., 834 F.2d 1526, 1531 (9th Cir. 1987) (district court may impose sanctions on counsel based upon "the inherent power of the judiciary, or upon the authority conferred by 28 U.S.C. § 1927") (overruled on unrelated grounds).

Mattel falsely claims that "Mattel repeatedly sought a meet and confer to try to resolve the matter, but MGA did not participate." (Motion at 3:2-3.) On the contrary, after receiving Mr. Khan's March 9 letter responding to Mr. Corey's initial March 3 correspondence, Mattel never proposed or initiated a "meet and confer" conference until Ms. Hutnyan sent a letter, over one month later, on April 16. Obviously, Mattel could have responded to Mr. Khan's March 9 letter in writing, by email, or by simply placing a single phone call to propose a conference, but instead chose to remain silent until April 16. By that point, counsel for the MGA Parties rightfully assumed that Mattel had dropped the matter and conceded that the designations are proper. On April 17, Mr. Khan called Ms. Hutnyan to "meet and confer," but was met with constant interruptions, mischaracterizations, and mocking. (Khan Decl., ¶¶ 7-8.) Indeed, Ms. Hutnyan made clear her intention to wholly abandon the "meet and

G L A S E R  ,  W E I L  ,  F I N K  ,  J A C O B S  ,  H O W A R D  &  S H A P I R O  ,  L L P
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310 - 553 - 3000

confer" process by hanging up on Mr. Khan.  (Khan Decl., ¶¶ 8-9).  In an attempt to avoid unnecessary motion practice by Mattel, Mr. Khan sent Ms. Hutnyan an email memorializing the conversation and inviting a phone call later that day to further discuss Mattel's concerns.  (Khan Decl., ¶ 7, Exh. E).  This invitation was never accepted or even acknowledged.  Instead, Ms. Hutnyan then demanded another written explanation of the MGA Parties' position (when one had already been provided on March 9) and then Mattel filed the instant Motion only hours later. (Khan Decl., ¶ 10, Exh. F).

The refusal by Mattel's counsel to "meet and confer" in good faith by failing to schedule a conference in March and abandoning basic principles of professionalism during the phone call with Mr. Khan has led to unnecessary motion practice.  This only adds to the costs and burdens placed upon the Parties and the Court.  This outrageous conduct warrants an award of sanctions against Mattel's counsel to reimburse the MGA Parties for the "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  *See* 18 U.S.C. § 1927.  The MGA Parties therefore request that Mattel be ordered to pay $3,500 as partial reimbursement for the fees and costs that the MGA Parties have incurred in opposing this Motion.  (Khan Decl., ¶¶ 11-12).

///
///
///
///
///
///
///
///
///
///

8

**IV.    <u>Conclusion</u>**

Based on the foregoing, the MGA Parties respectfully request that Mattel's Motion to De-Designate the Opposition to Mattel's Motion to Compel the Deposition of Vargas and Trueba and Declaration of Kuemmerle in Support Thereof be denied in its entirety.  The MGA Parties also respectfully request that the Court impose sanctions in the amount of $3,500 on Mattel's counsel for their misconduct in bringing the instant Motion.

Dated:  April 24, 2009

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS
 HOWARD & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP


By: _____/s/ Amman A. Khan_____
    Amman A. Khan
    Attorneys for the MGA Parties
    for Phase Two

675062

[PUBLIC REDACTED] MGA PARTIES' OPPOSITION TO MATTEL'S 4/17/09 MOTION TO DE-DESIGNATE