1   Patricia L. Glaser, State Bar No. 055668
    Pglaser@glaserweil.com
2   Joel N. Klevens, State Bar No. 045446
    Jklevens@glaserweil.com
3   GLASER, WEIL, FINK, JACOBS,
      HOWARD & SHAPIRO, LLP
4   10250 Constellation Boulevard, 19th Floor
    Los Angeles, California 90067
5   Telephone:  310-553-3000
    Facsimile:   310-556-2920
6

7   Russell J. Frackman, State Bar No. 049087
    rjf@msk.com
8   MITCHELL, SILBERBERG & KNUPP, LLP
    11377 West Olympic Boulevard
9   Los Angeles, California 90064
    Telephone:  310-312-2000
10  Facsimile:   310-312-3100

11  Attorneys for the MGA Parties For Phase Two

12              UNITED STATES DISTRICT COURT
13      CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

14  CARTER BRYANT, an individual          )   Case No. CV 04-9049 SGL (RNBx)
                                          )   Consolidated with: Case No. CV 04-
15                  Plaintiff,            )   9059 and Case No. CV 05-2727
                                          )
16  v.                                    )   **DISCOVERY MATTER**
                                          )   **[To Be Heard by Discovery Master**
17  MATTEL, INC., a Delaware              )   **Robert C. O'Brien Pursuant to Order**
    Corporation                           )   **of January 6, 2009]**
18                                        )
                    Defendant.            )   **DECLARATION OF AMMAN A.**
19                                        )   **KHAN IN SUPPORT OF MGA**
    _____       )   **PARTIES' OPPOSITION TO**
20                                        )   **MATTEL, INC.'S 4/17/09 MOTION**
                                          )   **TO DE-DESIGNATE OPPOSITION**
21  AND CONSOLIDATED ACTIONS             )   **TO MATTEL'S MOTION TO**
                                          )   **COMPEL DEPOSITION OF**
22                                        )   **VARGAS AND TRUEBA AND**
                                          )   **DECLARATION OF KUEMMERLE**
23                                        )   **IN SUPPORT THEREOF**
                                          )
24                                        )   Date and Time:   TBD
                                          )   Place:  Arent Fox, LLP
25                                        )            555 West Fifth Street
                                          )            Los Angeles, CA 90013
26                                        )
                                          )   **Phase 2**
27                                        )   Discovery Cut-off:  December 11, 2009
                                          )   Pre-Trial Conference:  March 1, 2010
28                                        )   Trial Date: March 23, 2010

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

674820

## DECLARATION OF AMMAN A. KHAN

I, Amman A. Khan, hereby declare that:

1.      I am an attorney at law, duly licensed to practice before all Courts of the State of California, and am a partner of the law firm of Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP ("Glaser Weil"), Phase 2 attorneys of record herein for MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (the "MGA Parties"). I submit this declaration in support of the MGA Parties' Opposition to Mattel Inc.'s Motion to De-Designate the Opposition to Compel the Deposition of Vargas and Trueba and Declaration of Kuemmerle in Support Thereof (the "Motion").  Unless otherwise stated, I have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

2.      Attached hereto as Exhibit A is true and correct copy of Discovery Master Order No. 1, dated February 12, 2009.

3.      Attached hereto as Exhibit B is a true and correct copy of the public redacted version of the MGA Parties' Opposition to Mattel, Inc.'s 2-09-09 Motion to Compel Depositions of Vargas and Trueba and Request for Sanctions, filed and served on February 13, 2009.

4.      Attached hereto as Exhibit C is a true and correct copy of the public redacted version of the Declaration of Susana Kuemmerle in Support of the MGA Parties' Opposition to Mattel, Inc.'s 2-09-09 Motion to Compel Depositions of Vargas and Trueba and Request for Sanctions, filed and served on February 13, 2009.

5.      Attached hereto as Exhibit D is a true and correct copy of Judge Larson's February 13, 2009 Order sealing: (a) the MGA Parties' Opposition to Mattel, Inc.'s 2-09-09 Motion to Compel Depositions of Vargas and Trueba and Request for Sanctions; and (b) the Declaration of Susana Kuemmerle in Support thereof.

6.      On April 16, 2009, I received a letter from Mattel, Inc.'s counsel, Diane Hutnyan, which is attached as Exhibit 3 to Ms. Hutnyan's declaration in support of

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

674820

1

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  Mattel's Motion.  Attached as Exhibit 4 to her declaration is a copy of an email I sent
2  in response to her letter on that same day.

3       7.    On April 17, 2009, I called Ms. Hutnyan to meet and confer regarding
4  her April 16 letter.  During this conversation, Ms. Hutnyan repeatedly interrupted me,
5  mocked and mischaracterized my arguments, and prematurely ended our conversation
6  by abruptly hanging up on me.  Following this conversation, I sent an e-mail to Ms.
7  Hutnyan to memorialize our conversation and invite a further meet-and-confer
8  conference.  Attached hereto as Exhibit E is a true and correct copy of my email,
9  dated April 17, 2009.

10       8.    Contrary to the allegations in paragraph 6 of Ms. Hutnyan's April 17,
11  2009 declaration, Ms. Hutnyan initially did not let me speak during our April 17,
12  2009 telephone conversation.  Ms. Hutnyan incorrectly asserted that my position was
13  that the MGA Parties' designation of its Opposition and the Kuemmerle Declaration
14  were correct solely because Mattel had designated its moving papers as "Attorneys'
15  Eyes Only," which, she said, was "frivolous" and "ridiculous."  I asked her not to
16  mischaracterize what I said or put words in my mouth.  She told me not to tell her
17  how to run her law practice.

18       9.    I tried to explain that both Mattel's moving papers and the MGA Parties'
19  Opposition had been properly designated "AEO" because both documents cited to,
20  and relied upon, materials that had been designated "AEO," which designations
21  Mattel never challenged.  I also tried to explain that the sealing of those documents
22  was appropriate because it contained personal, familial details of Vargas and Trueba
23  and discussed certain details of the criminal proceedings against them, which were
24  not public in the United States.  I also tried to explain that the MGA Parties'
25  Opposition and the Declaration detailed MGA Mexico's corporate structure and this
26  was not something competitors should have knowledge of either.  I don't think Ms.
27  Hutnyan listened to me because she said, "I am hanging up on you now" and hung up
28  on me while I was talking.

674820

DECLARATION OF AMMAN KHAN IN SUPPORT OF
MGA PARTIES' OPPOSITION TO MATTEL'S 4/17/09 MOTION TO DE-DESIGNATE

LAW OFFICES

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

10.     Later that day, I received a letter from Ms. Hutnyan demanding another written explanation of the MGA Parties' position, despite the fact I had already provided one on March 9, 2009.  Attached hereto as Exhibit F is a true and correct copy of the letter I received from Ms. Hutnyan, dated April 17, 2009.

11.     I supervised Lisa M. Zepeda, the Glaser Weil associate responsible for researching and preparing drafts of the papers submitted in opposition to Mattel's Motion.  Ms. Zepeda's billing rate is $430 per hour.  She spent about 8 hours on the Opposition.  Another associate, Adil M. Khan, also spent about 6 hours on these papers.  His billing rate is $315 per hour.  My hourly rate is $500 an hour and I have practiced civil litigation in Los Angeles for roughly 10 years.  I spent about 1.5 hours on these papers.  The billing rate for the attorneys at Glaser Weil (including myself) who have participated in the drafting of these opposition papers and will attend the hearing on Mattel's Motion ranges from $500 to $625.  Based on over ten years of professional legal experience and knowledge of the local legal community, I believe that Glaser Weil's billing rates conform to the standard billing rates in the Los Angeles community for work of this type by comparable firms.

12.     I estimate that the MGA Parties have incurred more than $6,000 in attorneys' fees and costs for legal research in opposing Mattel's Motion.  In addition, it will cost approximately $3,000 for counsel for the MGA Parties to attend and argue the hearing related to the pending Motion.  MGA seeks $3,500 in sanctions from Mattel, Inc. for partial reimbursement for its costs and fees for opposing this Motion.

I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on this 24th day of April, 2009, in Los Angeles, California.

/s/ Amman A. Khan
Amman A. Khan

**DECLARATION OF AMMAN KHAN IN SUPPORT OF**
**MGA PARTIES' OPPOSITION TO MATTEL'S 4/17/09 MOTION TO DE-DESIGNATE**

**EXHIBIT A**

EXHIBIT ___A___
PAGE ___4___

1   Robert C. O'Brien
    ARENT FOX LLP
2   555 West Fifth Street, 48th Floor
    Los Angeles, CA  90013-1065
3   Telephone:  213.629.7400
    Facsimile:   213.629.7401
4
    Discovery Master
5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12   CARTER BRYANT, an individual,,      Case No.  CV 04-09049 SGL (RNBx)

13              Plaintiff,
                                         **Consolidated with**
14         v.                            **Case No. CV 04-09059**
                                         **Case No. CV 05-2727**
15   MATTEL, INC., a Delaware
     corporation,                        **PHASE II DISCOVERY MATTER**

16              Defendant.               **ORDER NO. 1, REGARDING:**

17
                                         **(1) PROCEDURE GOVERNING**
18                                           **DISCOVERY MOTIONS;**
                                         **(2) PENDING DISCOVERY**
19                                           **MATTERS;**
                                             **and**
20                                       **(3) FURTHER/FUTURE**
                                             **DISCOVERY MOTIONS**
21

22   CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
23   MGZ ENTERTAINMENT, INC. v.
     MATTEL, INC.
24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES                                          1

LA/136065.1

## I.    PROCEDURE GOVERNING DISCOVERY MOTIONS

### A.    Meet and Confer Requirements

The parties are reminded of their obligation to comply with the briefing schedule that they agreed to as set forth in the Stipulation For Appointment Of A Discovery Master and Order dated December 6, 2006 (the "Order").  Specifically, before filing any discovery motion, "[t]he moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail.  The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.  If the dispute has not been resolved within five court days after such service, the moving party may seek relief from the Discovery Master by formal motion or letter brief, at the moving party's option." *Id.*

### B.    Briefing Schedule

As provided by the Order, once any such motion or letter brief is filed, "[t]he opposing party shall have five court days from the date of service of the motion or letter brief to submit a formal opposition or response.  Any reply brief shall be served within three court days from the date of service of a formal opposition or response." *Id.*

### C.    Filing Requirements

All papers submitted, from this date forward, in connection with a discovery motion, opposition or response, or reply brief shall be served on the Discovery Master at Arent Fox LLP, 555 West Fifth Street, 48th Floor Los Angles, California 90013 no later than one business day after they are filed with the Court.  The courtesy copies to be provided to the Discovery Master shall include the Court's electronic file-stamp located at the top of each document.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

LA/136065.1

EXHIBIT A

PAGE 6

**D.     Hearings on Discovery Motions**

1.     Unless ordered otherwise, the hearing on any discovery motion shall be set by the Discovery Master on his first available date following the filing of the reply brief, usually within seven (7) court days.  Unless a telephonic hearing is ordered by the Discovery Master, all such hearings shall take place at the offices of Arent Fox LLP located at 555 West Fifth Street, 48th Floor Los Angles, California 90013.   In the event the Discovery Master determines that no hearing is necessary for a specified motion and the matter can be disposed of on the papers, the Discovery Master shall so notify the parties.

2.     At least twenty-four hours prior to any hearing, counsel for the parties shall each provide Ruben Hernandez, a paralegal at Arent Fox LLP, with a list of all individuals who will be attending the hearing so their names can be provided to the Gas Company Tower's building security.  Mr. Hernandez's email address is: hernandez.ruben@arentfox.com.  The parties should also direct any questions they may have regarding the use of technology or other logistics at a hearing to Mr. Hernandez.

## II.     PENDING DISCOVERY MATTERS

**A.     *Ex Parte* Application of Non-Party Entities**

1.     On or about February 9, 2009, Omni 808, Investors, LLC, Vision Capital, LLC and Omninet Capital, LLC ("Non-Party Entities") filed an *ex parte* application (the "Application") to strike the Motion to Compel Production of Documents Responsive to Third-Party Subpoenas filed by Mattel, Inc. ("Mattel") on or about February 4, 2009.  The Application is **DENIED** as moot, on the ground that it has been superseded by another pleading filed by the Non-Party Entities. Specifically, one day after filing their Application (i.e., on or about February 10, 2009), the Non-Party Entities filed an opposition (the "Opposition") to a motion to compel by Mattel (the "Motion"), and it contains all of the procedural arguments made in the Application, as well as additional substantive arguments.  The

EXHIBIT _A_

PAGE _7_

1    Opposition further states that it was filed "without waiving, and expressly

2    reserving, all arguments raised in [the Non-Party Entities'] ex parte application."

3

4          2.      Although the Application has been superseded by the subsequently-

5    filed Opposition, nothing in this ruling precludes the Non-Party Entities from

6    arguing that the Motion should be denied for the reasons set forth in the

7    Application.  Mattel may respond to any such arguments in its reply papers, and the

8    parties shall have the right to address all such arguments at the hearing on the

9

10   Motion.

11

12   **B.      Hearing Dates**

13         The motions already filed by the parties shall be heard by the Discovery

14   Master in accordance with the schedule set forth below.  Unless the Discovery

15

16   Master notifies the parties otherwise, all discovery hearings shall commence at

17   10:00 a.m. at the offices of Arent Fox, LLP. To the extent any opposition papers

18   have previously been filed to any of the motions below, the opposing party shall

19

20   immediately provide the Discovery Master with a copy of all such documents.

21   Similarly, to the extent any reply papers have previously been filed in connection

22   with any of the motions below, the moving party shall immediately provide the

23

24   Discovery Master with a copy of all such documents.

25   **March 4, 2009:**

26         1.      Motion to Compel Production of Documents Responsive to Third-

27

28   Party Subpoenas filed by Mattel.

- 4 -

Arent Fox LLP
Attorneys At Law
Los Angeles

LA/136065.1

2.    Motion to Quash Receiver Subpoenas filed by MGA Entertainment, Inc. et al. ("MGA") on or about February 4, 2009.

**March 11, 2009:**

1.    Renewed Motion to Compel Production of Documents and Things from MGA filed by Mattel on or about January 26, 2009.

2.    Renewed Motion to Compel Mattel To Produce Documents Responsive To Requests For Production 526 and 528 filed by MGA on or about February 6, 2009.

**March 19, 2009:**

1.    Motion to Compel Depositions of Pablo Vargas and Marian Trueba filed by Mattel on or about February 9, 2009.

2.    Motion to Compel Responses to Interrogatories and Production of Documents from MGA et al. filed by Mattel on or about February 10, 2009.

3.    Motion to Compel MGA To Produce And File Certain Documents Reviewed In Camera filed by Mattel on or about February 12, 2009.

**III.    FURTHER / FUTURE DISCOVERY MOTIONS**

1.    In the event any party has previously filed any other discovery motion not referenced above that should be set for hearing, the Discovery Master requests that the parties promptly submit a joint report identifying the motion(s), the date such motion(s) were filed and all papers submitted in connection with the motion(s) to date.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/136065.1

- 5 -

1       2.     Any motion filed after the date of this order will be set for hearing

2 within a reasonable period of time thereafter by the Discovery Master.

3

4

5 Dated:      February 12, 2009

6

7                                           By:      /s/ Robert C. O'Brien

8                                                   ROBERT C. O'BRIEN
                                                  Discovery Master

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Arent Fox LLP
Attorneys At Law
Los Angeles

LA/136065.1

EXHIBIT ___A___

PAGE ___10___

1

## PROOF OF SERVICE

2
*Bryant v. Mattel Inc. and Consolidated Actions*
USDC, Eastern Division, Case No. CV 04 09049 SGL (RNBx)

3

4
    I am a citizen of the United States.  My business address is Arent Fox LLP, 555 West Fifth Street, 48th Floor, Los Angeles, California 90013-1065.  I am employed in the County of Los Angeles where this service occurs.  I am over the age of 18 years, and not a party to the within cause.

5

6
    On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

7

8
## ORDER NO. 1, REGARDING:  (1) PROCEDURE GOVERNING DISCOVERY MOTIONS; (2) PENDING DISCOVERY MATTERS, and (3) FURTHER/FUTURE DISCOVERY MOTIONS

9

10
☐    (BY FAX)  I transmitted via facsimile, from facsimile number (213) 629-7401, the document(s) to the person(s) listed below at the fax number(s) set forth therein, on this date before 5:00 p.m.  A statement that this document was successfully transmitted without error is attached to this Proof of Service.

11

12

13
☒    (BY E-MAIL)  On this date, I caused the above document(s) to be delivered electronically to the e-mail address (es) of the person(s) on the attached service list.

14

15
☒    (BY MAIL)  I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.  On this date, I placed the document(s) in envelopes addressed to the person(s) listed below and sealed and placed the envelopes for collection and mailing following ordinary business practices.

16

17

18

19
☐    **(BY PERSONAL SERVICE)**  On this date, I caused the above documents to be delivered by hand delivery to the person(s) listed below.

20

21
☐    (BY OVERNIGHT DELIVERY)  On this date, I placed the documents in envelope(s) addressed to the person(s) on the within service list, and caused those envelopes to be delivered to an overnight delivery carrier, with delivery fees provided for, for next-business-day delivery to whom it is to be served.

22

23

### SEE ATTACHED SERVICE LIST

24

25
☒    (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

26

27
    Executed on February 12, 2009 at Los Angeles, California.

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

        /s/ Armida Flores
        Armida Flores

- 1 -

**PROOF OF SERVICE**

*Bryant v. Mattel Inc. and Consolidated Actions*

USDC, Eastern Division, Case No. CV 04 09049 SGL (RNBx)

**SERVICE LIST**

| | |
|---|---|
| John B Quinn<br>johnquinn@quinnemanuel.com | Randa A F Osman<br>randaosman@quinnemanuel.com |
| David C Scheper<br>dscheper@obsklaw.com;<br>feseroma@obsklaw.com | Alisa Morgenthaler Lever<br>amorgenthaler@chrisglase.com |
| Larry W McFarland<br>lmcfarland@kmwlaw.com | Raoul D Kennedy<br>rkennedy@skadden.com |
| Mark E Overland<br>moverland@obsklaw.com;<br>jhibino@obsklaw.com | Thomas J Nolan<br>tnolan@skadden.com; carl.roth@skadden.com;<br>marcus.mumford@skadden.com |
| Emil W Herich<br>eherich@kmwlaw.com | Jason D Russell<br>jrussell@skadden.com; allison.velkes@skadden.com |
| Timothy L Alger<br>timalger@quinnemanuel.com | Sandra L Tholen<br>tholen@caldwell-leslie.com; mejia@caldwell-leslie.com; wilson@caldwell-leslie.com |
| Jon D Corey<br>joncorey@quinnemanuel.com | Douglas Andrew Winthrop<br>dwinthrop@howardrice.com |
| Michael T Zeller<br>michaelzeller@quinnemanuel.com | Linda M Burrow<br>burrow@caldwell-leslie.com; wilson@caldwell-leslie.com; popescu@caldwell-leslie.com |
| Diane C Hutnyan<br>dianehutnyan@quinnemanuel.com;<br>reahoeven@quinnemanuel.com | Kenneth A Plevan<br>kenneth.plevan@skadden.com;<br>drogosa@skadden.com; sumclaug@skadden.com |
| Alexander H Cote<br>acote@obsklaw.com;<br>feseroma@obsklaw.com | Marina Vladimir Bogorad<br>marina.bogorad@skadden.com |
| Brett Dylan Proctor<br>dylanproctor@quinnemanuel.com;<br>westonreid@quinnemanuel.com | Stan Karas<br>stankaras@quinnemanuel.com;<br>gayleduran@quinnemanuel.com;<br>westonreid@quinnemanuel.com |
| Scott E Gizer<br>sgizer@glaserweil.com | David W Hansen<br>dhansen@skadden.com |
| Robyn Aronson<br>robynaronson@dwt.com;<br>frankromero@dwt.com | Oleg Stolyar<br>alexstolyar@quinnemanuel.com |

**PROOF OF SERVICE**

EXHIBIT ___A___

PAGE ___12___

1

*Bryant v. Mattel Inc. and Consolidated Actions*

2

USDC, Eastern Division, Case No. CV 04 09049 SGL (RNBx)

3

**SERVICE LIST**

| | |
|---|---|
| Christian C Dowell<br>cdowell@kmwlaw.com | Cyrus S Naim<br>cyrusnaim@quinnemanuel.com |
| Leah Chava Gershon<br>leah@spertuslaw.com | Michael P Kelly<br>mikelly@skadden.com |
| Sanford I Weisburst<br>sandyweisburst@quinnemanuel.com | Hon. Stephen G. Larson<br>stephen_larson@cacd.uscourts.gov |
| Jerome B Falk<br>Howard Rice Nemerovski Canady Falk<br>& Rabkin<br>3 Embarcadero Ctr. 7th Fl<br>San Francisco CA 94111-4024 | Kien C Tiet<br>Stern and Goldberg<br>6345 Balboa Boulevard, Suite 200<br>Encino CA 91316 |
| Lauren E Aguiar<br>Skadden Arps Slate Meagher & Flom<br>1440 New York Ave<br>Washington DC 20005-2111 | Melissa Grant<br>Quinn Emanuel Urquhart Oliver and Hedges<br>865 South Figueroa Street, 10th Fl<br>Los Angeles CA 90017-2543 |
| Cheryl Plambeck<br>Davis & Gilbert LLP<br>1740 Broadway<br>New York NY 10019 | Amy R Sabrin<br>Skadden Arps Slate Meagher & Flom LLP<br>1440 New York Avenue NW<br>Washington DC 20005-2111 |
| David W Foster<br>Skadden Arps Slate Meagher<br> & Flom LLP<br>1440 New York Avenue NW<br>Washington DC 20005-2111 | Peter H Bonis<br>Peter H. Bonis Law Offices<br>1990 N. California Blvd, 8th Floor<br>Walnut Creek CA 94596 |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP<br>ATTORNEYS AT LAW<br>LOS ANGELES

- 3 -

**PROOF OF SERVICE**

LA/136081.1

EXHIBIT ___A___

PAGE ___13___

**EXHIBIT B**

EXHIBIT _B_

PAGE _14_

1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@glaserweil.com
3  GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
4  Los Angeles, California 90067
   Telephone:  310-553-3000
5  Facsimile:  310-556-2920

6
   Russell J. Frackman, State Bar No. 049087
7  rjf@msk.com
   MITCHELL, SILBERBEG & KNUPP, LLP
8  11377 West Olympic Boulevard
   Los Angeles, California 90064
9  Telephone:  310-312-2000
   Facsimile:  310-312-3100
10
11 Attorneys for the MGA Parties For Phase Two

12            UNITED STATES DISTRICT COURT
         CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

13 CARTER BRYANT, an individual          )  Case No. CV 04-9049 SGL (RNBx)
                                         )  Consolidated with Case No. 04-09059
14            Plaintiff,                  )  and Case No. 05-02727
                                         )
15 v.                                     )  **DISCOVERY MATTER**
                                         )  [To Be Heard by Discovery Master
16 MATTEL, INC., a Delaware              )  Robert C. O'Brien Pursuant to Order
   Corporation                           )  of January 6, 2009]
17                                        )
            Defendant.                    )  [PUBLIC REDACTED] MGA
18                                        )  PARTIES' OPPOSITION TO
                                         )  MATTEL, INC.'S 2-09-09 MOTION
19 _____           )  TO COMPEL DEPOSITIONS OF
                                         )  VARGAS AND TRUEBA AND
20 AND CONSOLIDATED ACTIONS              )  REQUEST FOR SANCTIONS
                                         )
21                                        )
                                         )  [Declarations of Susana Kuemmerle
22                                        )  Amman Khan and Jason Russell filed
                                         )  and served concurrently herewith]
23                                        )
                                         )  Date:    March 19, 2009
24                                        )  Time:    10:00 a.m.
                                         )  Place:   Arent Fox
25                                        )           555 West Fifth Street, 48th Fl.
                                         )           Los Angeles, CA  90013
26                                        )
                                         )  Phase 2
27                                        )

28

666603

1

# TABLE OF CONTENTS

2

Page

3    I.     Preliminary Statement...................................................................2

4    II.    Background Facts .........................................................................3

5    III.   ARGUMENT

6    I.     THE DEPOSITIONS OF VARGAS AND TRUEBA MUST BE
        HELD IN MEXICO ONLY UPON LAWFUL SERVICE OF
7        PROCESS ..................................................................................6

8            A.     Vargas and Trueba Should be Deposed in Mexico Because That is MGA De
            Mexico's Principal Place of Business.............................................6

9
            B.     Mattel Must Comply with the Rule 28(b) or the Hague Convention  To Take
10          The Depositions of Vargas and Trueba in Mexico..............................8

11   II.    MATTEL'S DEPOSITION NOTICES ARE IMPROPER AS A MATTER OF
12       LAW .........................................................................................9

13           A.     Vargas and Trueba are Not "Managing Agents" ...............................9

14   III.   THE MGA PARTIES' OBJECTIONS TO THE DEPOSITIONS ARE
15       SUBSTANTIALLY JUSTIFIED AND NO SANCTIONS SHOULD BE
        AWARDED..................................................................................10

16   IV.    THE COURT SHOULD IMPOSE SANCTIONS AGAINST MATTEL AND ITS
17       COUNSEL FOR DISCOVERY ABUSES.............................................13

18   V.     Conclusion..................................................................................15

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

EXHIBIT   B

PAGE   16

# TABLE OF AUTHORITIES

## FEDERAL CASES

**Page**

Avago Technologies General IP PTE Ltd. v. Elan Microelectronics Corp.,
  2007 U.S. Dist. LEXIS 31357 (N.D. Cal. April 17, 2007) ............................ 3, 9

Cadent Ltd. v. 3M Unitek Corp.,
  232 F.R.D. 625 (C.D. Cal. 2005) ............................................................ 7

Dahl v. City of Huntington Beach,
  84 F.3d 363 (9th Cir. 1996) ................................................................ 13

Delphi Automotive Systems LLC v. Shinwa Internat'l Holdings Ltd.,
  2008 WL 2906765 (S.D. Ind. 2008) ....................................................... 7

Dwelly v. Yamaha Motor Corp., USA,
  214 F.R.D. 537 (D.C. Minn. 2003) ...................................................... 7, 8

Fausto v. Credigy Services Corp.,
  251 F.R.D. 427 (N.D. Cal. 2008) .......................................................... 7

HTC Corp. v. Technology Properties,
  2008 WL 5244905 (N.D. Cal. 2008) ...................................................... 6, 7

In re Akros Installations, Inc.,
  834 F.2d 1526 (9th Cir. 1987) ............................................................ 13

Kirshner v. Uniden Corp. of America,
  842 F.2d 1074 (9th Cir. 1988) ............................................................ 13

New Medium Technologies LLC v. Barco N.V.,
  242 F.R.D. 460 (N.D. Ill. 2007) ........................................................... 7

Reed Paper Co. v. Proctor & Gamble Distributing Co.,
  144 F.R.D. 2 (D. Me. 1992) ............................................................... 12

Reygo Pac. Corp. v. Johnston Pump Co.,
  680 F.2d 647 (9th Cir. 1982) ............................................................. 13

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

EXHIBIT ___B___

PAGE ___17___

Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.,
    482 U.S. 522 (1987) ...........................................................................8

Thomas v. Int'l Business Machines,
    48 F.3d 478 (10th Cir. 1995)...........................................................6

United States v. Afram Lines (USA), Ltd.,
    159 F.R.D 408 (S.D.N.Y. 1994)..............................................10, 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

EXHIBIT __B__
PAGE __18__

1

## STATUTES

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fededural Rules of Civil Procedure
    Rule 28.................................................................................8, 9
    Rule 30.............................................................................3, 8, 9
    Rule 45................................................................................3, 9
    Rule 37..............................................................................12, 13

28 U.S.C. § 1927.........................................................................12, 14

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
(310) 553-3000

EXHIBIT  _B_

PAGE  _19_

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel, Inc.'s ("Mattel") Motion to Compel the Depositions of Pablo Vargas and Marianna Trueba ("Motion") is based on the incorrect legal proposition that residents and citizens of a foreign country who work for a foreign corporation can be hailed into California and forced to submit to deposition at their own cost by the mere issuance of a "Notice of Deposition." This flawed proposition is based on yet another flawed proposition that by mere dint of the fact that the foreign corporation has been hailed into California court by Mattel in a California lawsuit, it can depose the employees of that foreign corporation in California anytime it wants simply by mailing a notice of deposition. A shaky house of cards indeed. Not a single case cited by Mattel in its Motion supports either of these propositions. In fact, the law is to the contrary. Accordingly, Mattel's Motion should be denied in its entirety for the following reasons, any one of which is sufficient.

First, after letters rogatory have issued or Mattel has complied with the Hague Convention, the depositions of Mr. Vargas and Ms. Trueba must be held in Mexico, where they reside and where their employer, MGA De Mexico, has its principal place of business. Mr. Vargas and Ms. Trueba, who are non-parties to this action, should not be required to travel to a different country simply for the convenience of Mattel,

REDACTED

Second, Mr. Vargas and Ms. Trueba are not "directors, officers or managing agents" for purposes of Federal Rule of Civil Procedure ("Rule") 30. Accordingly, mere deposition notices are insufficient as a matter of law to compel their attendance.

666603

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    *Avago Technologies General IP PTE Ltd. v. Elan Microelectronics Corp.*, 2007 U.S.

2    Dist. LEXIS 31357, *4-*6 (N.D. Cal. April 17, 2007).  Rather, Mattel must subpoena

3    the witnesses pursuant to Rule 45 or comply with the procedures set forth in the

4    Hague Convention or Rule 28 – neither of which has occurred here.  *Id.*  Mattel was

5    told this was the MGA Parties' position more than a year ago.  Moreover, Judge

6    Larson reaffirmed Mattel's obligation to properly serve a deponent with legal process

7    when he stated, "Leave was afforded to take the depositions, but that doesn't

8    eviscerate the need to properly serve and properly notice those depositions."

9    (Declaration of Amman Khan ("Khan Decl."), ¶ 5, Ex. C, Trans. of Proc. [Larson]

10   2/4/08, p. 26:16-18.)  With respect to Mr. Vargas and Ms. Trueba specifically, Judge

11   Larson emphasized that "[i]f they're not managing agents, then [Mattel has] to

12   proceed under more formal procedures."  (*Id.*, p. 15:11-18.)  Yet, Mattel continues to

13   employ mere deposition notices to obtain the depositions Mr. Vargas and Ms.

14   Trueba and now brings this baseless Motion in an effort to harass the MGA Parties.

15        Third, the MGA Parties' objections to the deposition notices of Mr. Vargas and

16   Ms. Trueba are entirely justified.  Accordingly, an award of sanctions against the

17   MGA Parties and/or their counsel would be unjust.

18        For the foregoing reasons and for those set forth below, Mattel's Motion should

19   be denied in its entirety.  In addition, the MGA Parties respectfully request that the

20   Court impose sanctions on Mattel and its counsel for filing a frivolous Motion, and

21   for an Order requiring them to serve any future discovery-related documents upon the

22   attorney with they whom they have met and conferred.

### Factual Background

23        On or around January 9, 2009, Mattel served deposition notices setting the

24   depositions of, among others, Mr. Vargas and Ms. Trueba for January 24, 2009.

25   Those deposition notices sought to hail Mr. Vargas and Ms. Trueba into Los Angeles

26   – both of whom are non-parties to the instant action and residents and nationals of

27   Mexico – without service of a subpoena or other lawful process.  Soon thereafter, on

666603

EXHIBIT   B

PAGE   21

1    January 26, 2009, the MGA Parties orally advised Mattel that they objected to the

2    notices of deposition. (Khan Decl., ¶ 2.) The MGA Parties also advised Mattel in

3    writing on January 28, 2009 of their objections. (Khan Decl., ¶ 2, Ex. A.)

4         Contrary to Mattel's misstatements of the factual background here, the MGA

5    Parties have never represented to Mattel that dates for the depositions of Mr. Vargas

6    and Ms. Trueba would be provided. (Declaration of Jason Russell ("Russell Decl."),

7    ¶¶ 3-4.) Mattel's claims that Jason Russell of Skadden, Arps, Slate, Meagher &

8    Flom, LLP ("Skadden") represented to Michael Zeller (counsel for Mattel) that the

9    MGA Parties committed to provide dates for those depositions are therefore, at best,

10   disingenuous. (Id.) In fact, all Mr. Russell did was advise Mr. Zeller that Phase 2

11   counsel would call him on January 26, 2009 to discuss the depositions. (Id.) Indeed,

12   as set forth above, Phase 2 counsel for the MGA Parties, Glaser Weil, contacted and

13   advised Mattel (both orally and in writing) of their objections to the deposition

14   notices of Mr. Vargas and Ms. Trueba.[1]

15        In an obvious effort to deflect attention from its Motion's complete lack of

16   merit, Mattel devotes nearly a quarter of its moving papers to utterly irrelevant and

17   totally false assertions that the MGA Parties have purportedly "obstructed" numerous

18   depositions of other witnesses in this action. (Motion, p. 7-10.) Indeed, much of their

19   vitriol is directed at Carter Bryant, who was represented by separate counsel and with

20   whom Mattel has now reached a settlement. Equally irrelevant are Mattel's false

21   accusations concerning the depositions of Isaac Larian[2] and Gustavo Machado. None

22   _____

23   [1] Any argument by Mattel that Glaser Weil, Phase 2 Counsel for the MGA Parties, did
     not have standing to object to the deposition notices because the Court had not yet
24   served its January 28, 2009 Order permitting Glaser Weil to associate in as counsel
     was explicitly waived in a telephone conversation on January 26, 2009, when Jon
25   Corey (counsel for Mattel) informed Amman Khan of Glaser Weil that he had no
     objection to dealing with Mr. Khan as counsel for the MGA Parties and discussing the
26   objections to the deposition notices. (Khan Decl., ¶ 2.)

27   [2] Notably, Mattel's allegation that "it took two Court orders and an award of sanctions
     before Isaac Larian deigned to appear for deposition" is not only false, it is
28   unsupported by anything attached to Mattel's Motion. (Motion, 2:4-6.)

666603

3

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT B

PAGE 22

1  of this has anything whatsoever to do with the issues before the Discovery Master,

2  which pertain exclusively to propriety *vel non* of deposition notices to compel the

3  attendance in Los Angeles of two non-managerial employees who live, work and are

4  citizens of Mexico.

5      Last, Mattel's Motion is riddled with falsehoods in an effort to obfuscate the

6  relevant issues here.  For example only and without limitation:

7  • Mattel presents the exaggerated ***allegations*** in its second amended

8      counterclaim as ***fact***.  In particular, Mattel asserts that Isaac Larian "enticed

9      Vargas, Trueba and Machado to steal Mattel's confidential and propriety

10      information ..." (Motion, p. 4:6-7.)  Mattel knows this is false.  Both the

11      documentary and testimonial evidence established that Isaac Larian told Mr.

12      Vargas and Ms. Trueba "not to bring anything from Mattel" and "just their

13      heads." (Khan Decl., ¶ 8, Ex. F, Declaration of Isaac Larian, 4/11/07)  Susana

14      Kuemmerle, MGA De Mexico's Vice President and Mr. Vargas' and Ms.

15      Trueba's supervisor, also testified that they had no secret or propriety

16      information that was of any value.  (Khan Decl., ¶ 6, Ex. D, Declaration of

17      Susana Kuemmerle ("Kuemmerle Depo"), p. 131:6-132:3, 221:19-25.)

18  • Mattel falsely alleges that "Larian personally extended written employment

19      contracts to Vargas and Trueba ..." (Motion, p. 4:18), but the Spanish versions

20      of the contracts (rather than Mattel's unauthenticated English translations) have

21      Thomas Park as the signing agent for MGA De Mexico.  (Declaration of

22      Michael T. Zeller ("Zeller Decl."), Exhs. 6-7.)

23  • Mattel falsely asserts that Ms. Trueba is MGA De Mexico's "Director of

24      Marketing."  In fact, Gustavo Machado is MGA De Mexico's Director of

25      Marketing, not Mr. Vargas or Ms. Trueba.  (Khan Decl., ¶ 6, Ex. D,

26      Kuemmerle Depo, p. 93:3-8.)

27

28

666603

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

MGA PARTIES' OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL
DEPOSITIONS OF VARGAS AND TRUEBA

EXHIBIT *B*

PAGE *23*

1    Indeed, Mattel's entire motion is premised on its false characterization of the

2    February 27, 2007 declaration of Susanna Kuemmerle, ¶6.  Mattel falsely alleges that

3    Ms. Kuemmerle stated

4

5                                                              (Motion, p. 5:7-9.)

6    **REDACTED**

7

8

9                                                  (Khan Decl., ¶ 6, Ex. E,

10   2/28/07, Kuemmerle Decl., p. 2:19-22.)  Mattel should not be allowed to blatantly

11   misrepresent the facts.

12                                    **Argument**

13   I.    **THE DEPOSITIONS OF VARGAS AND TRUEBA MUST BE HELD IN**

14         **MEXICO ONLY UPON LAWFUL SERVICE OF PROCESS**

15         A.    **Vargas and Trueba Should be Deposed in Mexico Because That is**

16               **MGA De Mexico's Principal Place of Business**

17         Mr. Vargas and Ms. Trueba should not be required to come to Los Angeles for

18   their depositions.  Mattel concedes that neither of them is a party to this action.  MGA

19   De Mexico's principal place of business is in Mexico, and that is where both Mr.

20   Vargas and Ms. Trueba live and work.  (Kuemmerle Decl., ¶¶ 6,7.)  In fact, MGA De

21   Mexico does not maintain an office in the United States and does not do any business

22   here.  (Kuemmerle Decl., ¶ 2.)  Rather than placing undue burden on Mr. Vargas, Ms.

23   Trueba and MGA De Mexico, the Court should require that these individuals be

24   deposed in Mexico.

25         Courts uniformly apply a "general presumption that the deposition of a

26   corporate party should be taken at its place of business." *HTC Corp. v. Technology*

27   *Properties*, 2008 WL 5244905, *2 (N.D. Cal. 2008) (citing *Thomas v. Int'l Business*

28   *Machines*, 48 F.3d 478, 483 (10th Cir. 1995)).  Indeed, this presumption is expressly

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666603

EXHIBIT _B_

PAGE _24_

1  acknowledged in a number of cases cited in Mattel's own Motion. (Motion, p. 13-14
2  (citing *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005); *Delphi*
3  *Automotive Systems LLC v. Shinwa Internat'l Holdings Ltd*, 2008 WL 2906765 (S.D.
4  Ind. 2008); *New Medium Technologies LLC v. Barco N.V.*, 242 F.R.D. 460, 466 (N.D.
5  Ill. 2007) ("Courts have often... referred to a 'presumption' that the deposition of a
6  corporation should be taken at its principal place of business... particularly so when
7  the corporation is a defendant")).)

8      This presumption is primarily applied to defendants because, "[while] plaintiffs
9  bring the lawsuit and...exercise the first choice as to the forum, [t]he defendants, on
10  the other hand, are not before the court by choice." *Fausto v. Credigy Services*
11  *Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008); *see HTC Corp.*, 2008 WL at *2 ("courts
12  primarily apply this rule to defendants, since plaintiffs have the luxury of choosing
13  the forum"). Here, MGA De Mexico has asserted no affirmative claims in this
14  lawsuit and appears solely as a Counter-Defendant. As a result, the equities balance
15  against forcing MGA De Mexico's employees to travel to another country to fulfill
16  Mattel's purported discovery needs.

17      *Dwelly v. Yamaha Motor Corp., USA*, 214 F.R.D. 537 (D.C. Minn. 2003) is also
18  instructive. In *Dwelly*, the plaintiff in a products liability action sought to deviate
19  from the general rule mentioned above by requiring the defendants to produce a
20  deponent in the United States, even though he lived and worked in Japan. Despite the
21  fact that the defendant corporation conducted business in the United States, the
22  district court held that the deposition should be taken in Japan. *Id.* at 541. The
23  court's ruling was based on the following issues raised by the defendant corporation:
24  (1) producing a deponent in the U.S. would be unduly burdensome because the
25  Japanese deponent had significant responsibilities in Japan and rarely traveled to the
26  U.S.; (2) concerns of international comity and Japanese sovereignty weighed against
27  hauling a foreign national into the U.S.; and (3) the courts should not unnecessarily
28  inconvenience a foreign national by compelling him or her to travel overseas for a

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310/553-3000

1  deposition. *Id.* Based on these considerations, the court found "no basis to conclude

2  that the discovery, to be effective, must be conducted within the territorial boundaries

3  of [the U.S.]." *Id.* at 542.

4        As in *Dwelly*, the balancing of factors weighs against compelling Mr. Vargas

5  and Ms. Trueba to travel to Los Angeles for their depositions.  Significantly, Mattel

6  can only point to a **_single_** instance, several years ago, when Mr. Vargas or Ms. Trueba

7  ever visited Los Angeles.  (Khan Decl., ¶ 6, Exh. D, Kuemmerle Depo., 62:19-21,

8  63:11-12.)

9

10            (Kuemmerle Decl., ¶ 8.)

REDACTED

11                                                          (*Id.*)

12

REDACTED

13

14

15            (*Id.*)

16                       (*Id.*, ¶¶ 6-7.)  To require these witnesses to

17  travel to Los Angeles for Mattel's own convenience would be unduly burdensome and

18  unfair to the witnesses.

19       **B.**    **Mattel Must Comply with the Rule 28(b) or the Hague Convention**

20                **To Take The Depositions of Vargas and Trueba in Mexico**

21        Mattel was told more than a year ago that in order to depose Mr. Vargas and

22  Ms. Trueba in Mexico, Mattel must comply with the applicable provisions of the

23  Hague Convention, to which Mexico is a signatory, or other methods provided for by

24  Rule 28, such as a "letter of request."  *See Societe Nationale Industrielle Aerospatiale*

25  *v. U.S. Dist. Ct.*, 482 U.S. 522,  543 (1987) (in determining whether party must utilize

26  provisions of the Hague Convention or other discovery procedures available under

27  Rule 28(b), courts consider the prevention of discovery abuse and the demands of

28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666603

**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL
DEPOSITIONS OF VARGAS AND TRUEBA**

EXHIBIT _B_

PAGE _26_

1  international comity.).  Mattel neglected and ignored this obligation.  Rule 28

2  provides that a deposition may be taken in a foreign country:

3      (A) under an applicable treaty or convention;

4      (B) under a letter of request, whether or not captioned a "letter

5      rogatory";

6      (C) on notice, before a person authorized to administer oaths either by

7      federal law or by the law in the place of examination; or

8      (D) before a person commissioned by the court to administer any

9      necessary oath and take testimony.

10  Fed. R. Civ. P. 28.

11      As stated in *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. at 413, "a

12  corporate employee or agent who does not qualify as an officer, director, or managing

13  agent is not subject to deposition by notice.... [I]f the witness [subject to subpoena] is

14  overseas, the procedures of the Hague Convention or other applicable treaty must be

15  utilized."  For the reasons stated below, Mr. Vargas and Ms. Trueba are not "managing

16  agents" and their depositions must be sought through a letter of request to the foreign

17  state or in accordance with the Hague Convention.  *See* Fed. R. Civ. P. 28(b).

18  **II.**   **MATTEL'S DEPOSITION NOTICES ARE IMPROPER AS A MATTER**

19      **OF LAW**

20      **A.**   **Vargas and Trueba are Not "Managing Agents"**

21      It is well-established law that corporate employees or agents who do not

22  qualify as "officers, directors, or managing agents," like Mr. Vargas and Ms. Trueba,

23  are not subject to deposition by notice under Rule 30.  *Avago Technologies General IP*

24  *PTE Ltd. v. Elan Microelectronics Corp.*, 2007 U.S. Dist. LEXIS 31357 (N.D. Cal.

25  April 17, 2007) (denying motion to compel corporate party to produce witnesses in

26  response to notices of deposition because individuals were not representatives of

27  corporation for purposes of Rule 30 and therefore could not be compelled by mere

28  deposition notices).  Such witnesses must be subpoenaed pursuant to Rule 45 or, if the

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP.
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666603

EXHIBIT   B

PAGE   27

1    witness is overseas, the procedures of the Hague Convention must be utilized. *U.S. v.*

2    *Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994). Accordingly, the

3    Court should deny this Motion because Mattel has sought to employ inappropriate

4    procedures to obtain the depositions of Mr. Vargas and Ms. Trueba.

5        The party seeking discovery has the burden of establishing an individual is a

6    "managing agent" of the corporate party. *Id.* at 413 (finding that discovering party

7    failed to provide sufficient evidence that agents function as managing agents). As set

8    forth below, Mattel has not (and cannot) meet its burden here.

9        Notably, Mattel does not argue that Mr. Vargas or Ms. Trueba are "officers or

10    directors" of MGA De Mexico. Rather, Mattel's sole contention is that these

11    witnesses hold the ***title*** of "Director of Marketing" (Mr. Vargas) or "Director of Sales"

12    (Ms. Trueba) and are thus "managing agents." But managing agent status is not

13    determined by the title an employee holds. The law is clear, whether a person is a

14    party's "managing agent," and therefore subject to deposition on notice, depends on

15    several factors:

16        1) whether the individual is invested with general powers allowing
17        him to exercise judgment and discretion in corporate matters;

18        2) whether the individual can be relied upon to give testimony, at his
19        employer's request, in response to the demands of the examining
20        party;

21        3) whether any person or persons are employed by the corporate
22        employer in positions of higher authority than the individual
        designated in the area regarding which the information is sought by
23        the examination;

24        4) the general responsibilities of the individual *"respecting the*
25        *matters involved in the litigation,"*; and

26        5) whether the individual can be expected to identify with the interests
27        of the corporation.

28    *Id.* at 413 (emphasis in original) (citations omitted).

666603

EXHIBIT ___B___

PAGE ___2-8___

1    Several of the foregoing factors point strongly against characterizing Mr.

2    Vargas and Ms. Trueba as "managing agents." Neither Mr. Vargas nor Ms. Trueba has

3    discretion to exercise judgment in MGA De Mexico's corporate matters. In fact, both

4    Mr. Vargas and Ms. Trueba are mid-level employees who act at the direction of others

5    in higher positions at MGA De Mexico regarding its business.

        REDACTED

6            REDACTED

7    (Khan Decl., ¶ 6, Exh. D, Kuemmerle Depo., 97:18-19; Feb. 12, 2009, Declaration of

8    Susana Kuemmerle ("Kuemmerle Decl."), ¶4.) In turn,

9            REDACTED                        (Khan Decl., ¶ 6, Exh. D,

10    Kuemmerle Depo., 95:3-96:7; Kuemmerle Decl., ¶ 4.) Similarly,

11            . (Khan Decl., ¶ 6, Exh. D, Kuemmerle Depo., 97:12-13;

12    Kuemmerle Decl., ¶ 3.) Moreover, Ms. Trueba cannot be a "managing" agent

13    because        REDACTED            Khan Decl., ¶ 6, Exh. D,

14    Kuemmerle Depo., 97:14-17; Kuemmerle Decl., ¶ 3.) Last, Mattel's effort to mislabel

15    Ms. Trueba as the "Director of Marketing" is erroneous because she is in fact not a

16    "director" at all,        REDACTED            Khan Decl., ¶ 6,

17    Exh. D, Kuemmerle Depo., 97:14-15; Kuemmerle Decl., ¶ 4.)

18        Mattel wrongly asserts that Isaac Larian "admitted that he hired [Vargas and

19    Trueba] to "run MGA Mexico." (Motion, 1:22-23.) However, this is simply another

20    attempt by Mattel to misrepresent the facts in order to further its improper purposes

21    here. The email is dated 2004 and refers to the time when the company started.

22    Moreover, Mr. Larian was simply explaining

23        REDACTED                        REDACTED

24

25    Vargas or Ms. Trueba a "managing agent," as

26            See U.S. v. Afram Lines (USA), Ltd., 159 F.R.D. 408, 415 (S.D.N.Y.

27    1994) (finding that agents were not "managing agents" because they had no power to

28    exercise judgment in corporate matters). Also, English is Mr. Larian's second

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666603

EXHIBIT  B

PAGE  29

1   language, he cannot be expected to write emails with the tactical precision of a

2   lawyer.

3          Finally, Mattel has attempted to conflate the parties in this case in an effort to

4   paint Mr. Vargas and Ms. Trueba as "managing agents, officers, and/or directors of an

5   MGA entity." (Khan Decl., ¶ 2, Ex. A). Mattel's position was soundly undermined by

6   *Reed Paper Co. v. Proctor & Gamble Distributing Co.*, 144 F.R.D. 2 (D. Me. 1992)

7   ("*Reed*"), a case cited in Mattel's own Motion. In *Reed*, the plaintiff contended that

8   even though the potential deponent was not employed by the defendant corporation at

9   the time of his deposition, he was employed by the umbrella "family of companies

10  and should be considered a 'managing agent' for each member entity." *Id.* at 4. In

11  response, the court held that "In order to reach that conclusion, the Court would be

12  required to pierce... [the] corporate veil. The record in this case does not permit the

13  Court to take such action." *Id.* Similarly, in the instant case, the corporate

14  separateness of MGA and MGA De Mexico is undisputed. Thus, Mattel may not use

15  MGA Entertainment, Inc.'s status as a California corporation as a means to take the

16  disputed depositions in Los Angeles

17  **III.    THE MGA PARTIES' OBJECTIONS TO THE DEPOSITIONS ARE**

18  **SUBSTANTIALLY JUSTIFIED AND NO SANCTIONS SHOULD BE**

19  **AWARDED**

20         Mattel seeks sanctions against the MGA Parties, alleging that the MGA Parties'

21  objections to Mattel's invalid deposition notices are wholly unreasonable and subject

22  to sanctions under Rule 37(a)(4) and 28 U.S.C. § 1927. As an initial matter, Mattel's

23  reference to Rule 37(a)(4) appears to be mistaken.[3] Nonetheless, assuming that

24  Mattel seeks to invoke Rule 37(a)(5), no such sanctions are appropriate in this case.[4]

25

26  [3]    Rule 37(a)(4) provides: "For purposes of this subdivision (a), an evasive or incomplete disclosure, an answer, or response must be treated as a failure to disclose,

27  answer or respond."

28  [4]    Rule 37(a)(5) provides, in part: "If the motion is granted... the court must, after

666603   giving an opportunity to be heard, require the party or deponent whose conduct

11

EXHIBIT  B

PAGE  30

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1        Rule 37(a)(5) provides that the "court must not order" payment of discovery-

2    related sanctions if "the opposing party's nondisclosure, response, or objection was

3    substantially justified" or "other circumstances make an award of expenses unjust."

4    "A request for discovery is 'substantially justified' under [Rule 37] if reasonable

5    people could differ as to whether the party requested must comply." *Reygo Pac.*

6    *Corp. v. Johnston Pump Co.*, 680 F.2d 647 (9th Cir. 1982) (reversing order imposing

7    sanctions).  As set forth above, the MGA Parties' objections to the disputed

8    deposition notices are grounded in well-established law.  Because Mattel cannot point

9    to any conduct by the MGA Parties' counsel that was either vexatious or

10   unreasonable, no sanctions are appropriate.  *See Kirshner v. Uniden Corp. of*

11   *America*, 842 F.2d 1074, 1081-1082 (9th Cir. 1988) (holding that attorney who acted

12   reasonably in response to demands by opposing counsel could not be subjected to

13   sanctions).

14       In the instant case, Mattel has improperly noticed depositions of Mr. Vargas

15   and Ms. Trueba, seeking to hail into Los Angeles two      **REDACTED**      MGA

16   De Mexico who reside in and are citizens of another country.  Because Mattel has

17   refused to take the appropriate processes to obtain these depositions, the MGA Parties

18   are substantially justified in objecting to the deposition notices at issue here.

19   **IV.**   **THE COURT SHOULD IMPOSE SANCTIONS AGAINST MATTEL**

20         **AND ITS COUNSEL FOR DISCOVERY ABUSES**

21       Mattel should be sanctioned for the dirty tricks it employed in bringing its

22   Motion.  *Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996)

23   (approving of award of sanctions against plaintiff's counsel for improper discovery

24   practice); *In re Akros Installations, Inc.*, 834 F.2d 1526, 1531 (9th Cir. 1987) (district

25   court may impose sanctions on counsel based upon "the inherent power of the

26

27   necessitated the motion… to pay the movant's reasonable expenses incurred in

     making the motion…."

28

666603

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT   B

PAGE   31

1   judiciary, or upon the authority conferred by 28 U.S.C. § 1927") (overruled on other,

2   unrelated grounds).  Specifically, Mattel's counsel abused the discovery process by

3   pretending to meet and confer with MGA Parties' counsel, Mr. Khan, but then on

4   February 6, 2009 surreptitiously served their Motion on Patricia L. Glaser, the name

5   partner of Mr. Khan's firm, while she was out of town.  (Khan Decl., ¶¶ 3-4.) Mattel

6   then delayed filing its Motion until February 9, 2009, and then only served the

7   redacted version.  (Khan Decl., ¶¶ 3-4.) By the time MGA's counsel received the un-

8   redacted Motion and accompanying exhibits (which include nearly 600 pages of

9   documents), he had only two days to oppose it.  Mattel refused any reasonable

10  extension to respond to the Motion.  (Khan Decl., ¶ 4, Ex. B.) Mattel also took the

11  position that it was normal procedure to avoid serving the attorney handling the

12  matter with their Motion.  (Khan Decl., ¶ 4, Ex. B.) Accordingly, in addition to

13  sanctions against Mattel for its sharp tactics, Mattel should also be ordered to serve

14  the MGA Parties' attorney with whom they have met and conferred on any motion

15  Mattel files.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

666603

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT _B_

PAGE _32_

1

### Conclusion

2      Based on the foregoing, the MGA Parties respectfully request that Mattel's

3  Motion to Compel Depositions of Mr. Vargas and Ms. Trueba and Request for

4  Sanctions should be denied in its entirety.  The MGA Parties also respectfully request

5  that the Court impose sanctions on Mattel and its counsel for their discovery abuses in

6  bringing the Motion and to order Mattel to serve the MGA Parties' attorney with

7  whom they have met and conferred on any future motion Mattel chooses to bring in

8  this matter.

9

10  Dated: February 13, 2009              Patricia L. Glaser
                                         Joel N. Klevens
11                                       GLASER, WEIL, FINK, JACOBS
                                           & SHAPIRO, LLP
12
                                         Russell J. Frackman
13                                       MITCHELL, SILBERBERG & KNUPP, LLP

14

15

16                                       By: /s/ Amman A. Khan
                                             Amman Khan
17                                           Attorneys for the MGA Parties
                                             for Phase Two
18

19

20

21

22

23

24

25

26

27

28

666603

MGA PARTIES' OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL
DEPOSITIONS OF VARGAS AND TRUEBA

EXHIBIT ___B___

PAGE ___33___

**EXHIBIT C**

EXHIBIT  C

PAGE  34

1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@ glaserweil.com
3  GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
4  Los Angeles, California 90067
   Telephone:  310-553-3000
5  Facsimile:  310-556-2920

6
   Russell J. Frackman, State Bar No. 049087
7  rjf@msk.com
   MITCHELL, SILBERBEG & KNUPP, LLP
8  11377 West Olympic Boulevard
   Los Angeles, California 90064
9  Telephone:  310-312-2000
   Facsimile:  310-312-3100
10

11 Attorneys for the MGA Parties For Phase Two

12                UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14                     EASTERN DIVISION

15 CARTER BRYANT, an individual      )  Case No. CV 04-9049 SGL (RNBx)
                                     )
16              Plaintiff,           )  Consolidated with
                                     )  Case No. CV 04-9059
17 v.                                )  Case No. CV 05-2727
                                     )
18 MATTEL, INC., a Delaware          )  **DISCOVERY MATTER**
   Corporation                       )  **[To Be Heard by Discovery Master**
19                                   )  **Robert C. O'Brien Pursuant to Order**
                                     )  **of January 6, 2009]**
20              Defendant.           )
                                     )  **[PUBLIC REDACTED]**
21                                   )  **DECLARATION OF SUSANA**
                                     )  **KUEMMERLE IN SUPPORT OF**
22                                   )  **MGA PARTIES' OPPOSITION TO**
                                     )  **MOTION TO COMPEL**
23                                   )  **DEPOSITIONS OF PABLO VARGAS**
                                     )  **AND MARIANA TRUEBA AND**
24                                   )  **REQUEST FOR SANCTIONS**
                                     )
25                                   )
                                     )  **Phase 2**
26                                   )  **Pre-Trial Conference:    Not Set**
                                     )  **Trial Date:              Not Set**
27                                   )
                                     )
28 _____)

666837

EXHIBIT  _C_

PAGE  _35_

<u>**DECLARATION OF SUSANA KUEMMERLE**</u>

1    I, Susana Kuemmerle, hereby declare that:

2    1.    I am currently the

3    The facts set forth herein are true of my own personal knowledge and, if called

4    upon to testify thereto, I could and would competently do so under oath.  I submit

5    this declaration in support of the MGA Parties' Opposition to Mattel Inc.'s Motion

6    to Compel the Depositions of Pablo Vargas and Mariana Trueba.

7    2.    MGA De Mexico's principal place of business is in Mexico City,

8    Mexico.  MGA De Mexico does not maintain an office in the United States and

9    does not do any business within the United States.

10    3.    Pablo Vargas currently serves as the

11    .  Mr. Vargas' title as          does not signify that he is

12    REDACTED          at MGA De Mexico.  Mr. Vargas

13

14

15    ?

16    4.    Mariana Trueba currently serves as the          REDACTED

17               Ms. Trueba is not

18    Ms. Trueba's title as          does not signify that she is a

19               at MGA De Mexico.  For example, Ms. Trueba's

20    current title is               and yet she does not

21    REDACTED

22

23

24

25    5.    Accordingly, Mr. Vargas and Ms. Trueba are not

26

27    6.    Mr. Vargas is a Mexican citizen and resident.          REDACTED

28

666837

- 2 -

DECLARATION OF SUSANA KUEMMERLE

EXHIBIT __C__

PAGE __36__

1    7.

2                            REDACTED

3    8.    Currently,

4

5

6          REDACTED              REDACTED

7

8

9

10    I declare under penalty of perjury under the laws of the State of California,

11  the United States of America and Mexico that the foregoing is true and correct.

12    Executed on this 12th day of February, 2009, in Mexico City, Mexico.

13

14

15                           Susana Kuemmerle

16

17

18

19

20

21

22

23

24

25

26

27

28

666837

DECLARATION OF SUSANA KUEMMERLE

EXHIBIT  _C_

PAGE  _37_

**EXHIBIT D**

EXHIBIT _D_

PAGE _38_

1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@glaserweil.com
3  GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
4  Los Angeles, California 90067
   Telephone: 310-553-3000
5  Facsimile:  310-556-2920

6  Russell J. Frackman, State Bar No. 049087
7  rjf@msk.com
   MITCHELL, SILBERBEG & KNUPP, LLP
8  11377 West Olympic Boulevard
   Los Angeles, California 90064
9  Telephone:  310-312-2000
   Facsimile:  310-312-3100
10
11 Attorneys for the MGA Parties For Phase Two

12              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
13                    EASTERN DIVISION

14 CARTER BRYANT, an individual        )  Case No. CV 04-9049 SGL (RNBx)
                                       )  Consolidated with Case No. 04-09059
15            Plaintiff,               )  and Case No. 05-02727
                                       )
16 v.                                  )  **DISCOVERY MATTER**
                                       )  [To Be Heard by Discovery Master
17 MATTEL, INC., a Delaware            )  Robert C. O'Brien Pursuant to Order
   Corporation                         )  of January 6, 2009]
18                                     )
             Defendant.                )  [PROPOSED] ORDER TO FILE
19                                     )  UNDER SEAL
                                       )
20                                     )  Date:    To be set
                                       )  Time:    To be set
21 AND CONSOLIDATED ACTIONS           )  Place:   To be set
                                       )
22                                     )  Phase 2
23                                     )
24
25
26
27
28

EXHIBIT _D_
PAGE _39_

## ORDER

Based on the concurrently filed Application and good cause appearing for the entry thereof, IT IS HEREBY ORDERED that the following documents be filed under seal pursuant to Local Rule 79-5.1:

1.  MGA PARTIES' OPPOSITION TO MATTEL, INC.'S 2-09-09 MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND TRUEBA AND REQUEST FOR SANCTIONS;

2.  DECLARATION OF SUSANA KUEMMERLE IN SUPPORT OF MGA PARTIES' OPPOSITION TO MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA AND REQUEST FOR SANCTIONS; and

3.  DECLARATION OF AMMAN A. KHAN IN SUPPORT OF MGA PARTIES' OPPOSITION TO MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA AND REQUEST FOR SANCTIONS.

Dated: Feb 13 , 2009

_S G Larson_

Hon. Stephen J. Larson
United States District Judge

[PROPOSED] ORDER TO FILE UNDER SEAL Case No. CV 04-0949 SGL (RNBx)

EXHIBIT D

PAGE 40

**EXHIBIT E**

EXHIBIT *E*

PAGE *41*

## Richard Stoll

| | |
|---|---|
| **From:** | Amman Khan |
| **Sent:** | Friday, April 17, 2009 1:32 PM |
| **To:** | 'Diane Hutnyan' |
| **Cc:** | Richard Stoll |
| **Subject:** | RE: MGA/Mattel Correspondence |

I just called you to meet and confer with you about MGA's appropriate Confidential -- AEO designation of its Opposition and related evidence to Mattel's MTC Vargas & Trueba's Depositions in Los Angeles. I started to explain our position, then you interrupted me, mischaracterized my argument and the you proceeded to mock my argument. When I asked you not to do that, you argued with me and you hung up on me. I have been practicing civil litigation in Los Angeles more than 10 years. No lawyer has ever hung up on me.

Your unpleasant and unprofessional treatment of me just now replicates your mistreatment of my associate Richard Stoll. Weeks ago he had confirmed in writing and verbally that MGA was producing all responsive tangible items and non-privileged documents related to Mattel document requests. You then falsely claimed in a meet and confer letter that he had stated he would not do so. When he asked you to submit a declaration under penalty of perjury to back up your assertion, you declined to do so.

This proves to me that you really have no intention of meeting and conferring, you just want to make your record, file motions, keep us busy and churn fees.

If you wish to change your tactics, be honest, listen and not misrepresent what I say, then you can call me back at 2:30 p.m. I'll be back in the office then.

---

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Thursday, April 16, 2009 7:09 PM
**To:** Amman Khan; jason.russell@skadden.com
**Subject:** MGA/Mattel Correspondence

Gentlemen:

Please see attached correspondence, also being sent by fax.

Diane Cafferata Hutnyan, Esq.

**quinn emanuel** | trial lawyers
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3666
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: dianehutnyan@quinnemanuel.com
Web: www.quinnemanuel.com

Linked In: http://www.linkedin.com/in/dianehutnyan

The information contained in this e-mail message is intended only for the personal and confidential use of the

EXHIBIT E

PAGE 42

4/22/2009

recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

4/22/2009

EXHIBIT ___E___

PAGE ___43___

**EXHIBIT F**

EXHIBIT *F*

PAGE *44*

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3666

WRITER'S INTERNET ADDRESS
dianehutnyan@quinnemanuel.com

April 17, 2009

**VIA FACSIMILE AND E-MAIL**

Amman Khan, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:   <u>MGA Entertainment, Inc. v. Mattel, Inc.</u>

Dear Amman:

While I welcome the opportunity to discuss in good faith the issues raised in our meet and confer letters, I do not believe my responsibility extends to enduring extended, nasty, false, ad hominem attacks upon my character or to being lectured on how you will permit me to phrase things in the course of the discussions when I would like to make a point or to press you about MGA's positions in the effort to resolve these discovery disputes.

I asked you with regard to MGA's improper designation of the materials in Kuemmerle Declaration and Opposition Brief about what you believe to be significant about the fact that Mattel designated its motion as Attorneys' Eyes Only. That response, frankly, appears to be frivolous and I am interested in understanding the basis for this position. However, since you are apparently unable to answer that without the aforesaid attacks and lectures, and without raising your voice, I ask that you please explain it in writing.

Sincerely,

Diane C. Hutnyan

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

EXHIBIT    F

PAGE    45