1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@glaserweil.com
3  GLASER, WEIL, FINK, JACOBS,
     HOWARD & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone:  310-553-3000
   Facsimile:  310-556-2920
6

7  Russell J. Frackman, State Bar No. 049087
   rjf@msk.com
8  MITCHELL, SILBERBERG & KNUPP, LLP
   11377 West Olympic Boulevard
9  Los Angeles, California 90064
   Telephone:  310-312-2000
10 Facsimile:  310-312-3100

11 Attorneys for the MGA Parties For Phase Two

12             UNITED STATES DISTRICT COURT
       CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION
13

14 CARTER BRYANT, an individual     ) Case No. CV 04-9049 SGL (RNBx)
                                    )
15            Plaintiff,            ) Consolidated with: Case No. CV 04-
                                    ) 9059 and Case No. CV 05-2727
16    v.                            )
                                    ) **DISCOVERY MATTER**
17 MATTEL, INC., a Delaware         ) [To Be Heard by Discovery Master
   Corporation                      ) Robert C. O'Brien Pursuant to Order
18                                  ) of January 6, 2009]
              Defendant.            )
19                                  ) **MGA'S OPPOSITION TO MATTEL,**
                                    ) **INC.'S 4/17/09 MOTION TO DE-**
20 ─────────────────────────────────) **DESIGNATE MGA'S "RAEO"**
                                    ) **DOCUMENTS AND REQUEST FOR**
21 AND CONSOLIDATED ACTIONS         ) **SANCTIONS**
                                    )
22                                  ) [Declaration of Amman A. Khan filed
                                    ) and served concurrently herewith]
23                                  )
                                    ) Date and Time:  TBD
24                                  ) Place:  Arent Fox, LLP
                                    )         555 West Fifth Street
25                                  )         Los Angeles, CA 90013
                                    )
26                                  ) **Phase 2**
                                    ) Discovery Cut-off:  December 11, 2009
27                                  ) Pre-Trial Conference:  March 1, 2010
                                    ) Trial Date:  March 23, 2010
28

674845

MGA'S OPPOSITION TO MATTEL'S MOTION TO DE-DESIGNATE "RAEO" DOCUMENTS

# MGA'S OPPOSITION TO MATTEL'S MOTION TO DE-DESIGNATE "RAEO" DOCUMENTS

## I. PRELIMINARY STATEMENT

MGA's documents and designs of its unreleased products that were scheduled for release in 2007 and 2008 are entitled to a heightened level of protection in order to prevent leaks or dissemination to its competitors. One of those competitors is Mattel, who enjoys a virtual monopoly in a number of geographic sectors of the toy market. Mattel stipulated that those documents and designs are entitled to a heightened level of protection, and the prior Discovery Master ordered it so in an April 26, 2007 Modification to the Protective Order (the "Stipulated Modification").[1] As a result, each Party has the right to designate such documents and designs "Highly Confidential – Restricted Attorneys' Eyes Only" ("RAEO"). This designation limits who can review the documents and designs to three attorneys per law firm and protects against disclosure to the Parties' direct competitors. Under the April 26, 2007 Order, MGA designated "RAEO" less than 1.5 percent of the total number of documents it has produced in this action.

Mattel now regrets its stipulation and effectively seeks to overturn the prior Discovery Master's Order creating the "RAEO" designation. Mattel baselessly contends the "RAEO" designation somehow "expired," despite there being no expiration clause in the Stipulated Modification. (Motion at p. 1:7-8.) Moreover, the Stipulated Modification specifically states that the "RAEO" designation must be revoked only after the product is either shipped or disseminated to third parties without an express confidentiality agreement. (Stipulated Modification, ¶ 4.) Yet Mattel fails to point to a single product design among the "RAEO" materials that was shipped or disseminated.

---

[1] (Attached hereto as Exhibit A; Declaration of Amman A. Khan ("Khan Decl."), ¶ 2, Exhibit A).

674845

1

1    Mattel's unfounded argument that the "RAEO" designation has "expired" is at
2    the heart of its Motion to De-Designate MGA's "RAEO" Documents and Request for
3    Sanctions (the "Motion") and is the central flaw in its reasoning:

4    It is 2009. It is not possible in 2009 to plan for something in 2007 or
5    2008, and for that matter, products scheduled for release last year or
6    the year before last are, by definition, no longer "unreleased."
7    Therefore, under the express terms of the stipulated modification of
8    the protective order, none of the documents in MGA's massive batch
9    of third tier designated documents can possibly fall under the limited
10   scope of the third tier designation.

11   (Motion at p. 5:14-19.)

12       Mattel's argument ignores the basic fact that products may have been
13   scheduled for public release in 2007 or 2008 and may remain unreleased to this day.
14   There has been a jury verdict in this case, which was appealed. There has been an
15   Order enjoining MGA from selling Bratz products, which has been stayed to the end
16   of 2009 by Judge Larson. Thus it is only logical that products previously slated for
17   release would remain unreleased. This does not mean the documents and designs no
18   longer fit within the definition of "RAEO." The heightened level of protection
19   applies to any documents that were "created after January 1, 2006 that pertain to
20   products which are currently unreleased and scheduled for public release in 2007 or
21   2008 and that constitute highly sensitive trade secrets of the producing Party."
22   (Stipulated Modification, ¶ 1.) While these products were scheduled for release,
23   many of them remain unreleased, which is why the heightened protection for these
24   "RAEO" documents and designs remains warranted.

25       Mattel also baselessly contends MGA "burdened" Mattel's legal team by
26   designating a "massive batch" of documents for heightened protection. Mattel fails to
27   identify the three designated attorneys who are supposedly burdened, fails to cite
28   evidence why they are too busy to review the documents and fails to provide any

foundation as to why there is a burden. Indeed, Mattel neglects to mention that these "RAEO" designated documents were produced *more than two years ago*. The idea that these documents could not be properly reviewed by the three designated attorneys over the last two years in this case stretches credulity. Also, the argument that the designation is "massive" is contrived. Even assuming that Mattel's misrepresentation that more than 116,000 pages of documents have been designated as "RAEO" is taken at face value, that is less than 1.5 percent of the more than seven million documents produced by MGA in this action so far. The idea that Mattel's mighty legal team, which has filed over two hundred discovery motions and files on average one *ex parte* application a week, is unduly "burdened" by the obligation to review less than 1.5 percent of the documents produced by MGA two years ago is ridiculous.

Moreover, aside from being based on a flawed premise, Mattel's grounds for bringing this Motion are false and contrived. Mattel asserts that MGA has "refused to de-designate any of [the "RAEO" designated documents]" – but the opposite is true. (Motion at p.1:22.) MGA's counsel requested an additional seven days to determine which documents it would de-designate. Mattel refused this offer and filed its Motion to de-designate all of the documents anyway. This is but one example of the numerous falsehoods contained in Mattel's Motion.

Because the central basis for Mattel's Motion is flawed, its claims of burden are unfounded and exaggerated, and the basis for bringing this Motion at this time is false, Mattel's Motion and its request for sanctions should be denied. In addition, Mattel's counsel should be sanctioned in the amount of $3,500.00 for bringing this unnecessary and frivolous Motion.

## II. STATEMENT OF FACTS

In April 2007, the Parties stipulated to, and the Court entered, a modification to the Protective Order which allows the Parties to designate documents "created after January 1, 2006 that pertain to products which are currently unreleased and scheduled for public release in 2007 or 2008 and that constitute highly sensitive trade secrets of

1  the producing Party" as "Highly Confidential – Restricted Attorneys' Eyes Only."
2  (Stipulated Modification, ¶¶ 1, 3). Documents designated as "RAEO" may be
3  disclosed to up to three attorneys and one assistant or paralegal at the receiving
4  Party's outside law firm. (Stipulated Modification, ¶ 3.)
5       Indeed, the Discovery Master expressly recognized that information concerning
6  unreleased products must be given heightened protection:

> On balance, ***there is good cause for heightened protection for
> drawings and designs for unreleased products***.... [D]rawings and
> designs for MGA products not yet released to the public are
> ***unquestionably valuable trade secret information***.... In comparison
> to the potential risk to MGA, Mattel's need for drawings and designs
> for unreleased products is relatively small.... [I]t is unlikely that
> Mattel could have suffered any cognizable injury from MGA products
> that have not been released.

15  (Khan Decl., ¶ 3, Exhibit B at 9:12-10:25 (emphasis added).) The Discovery Master
16  even recognized that the "RAEO" products might not be released by 2008, which is
17  why he ordered them produced and created the "RAEO" category. (Khan Decl., ¶ 3,
18  Exhibit B at 11:24-25 ("Although MGA anticipates releasing products in the fall of
19  2007 and the spring of 2008, *there is no guarantee that MGA will meet those*
20  *dates*.") (emphasis added).)
21       Pursuant to the Stipulated Modification, former Phase 1 counsel for MGA,
22  O'Melveny & Myers, LLP ("O'Melveny") produced documents to Mattel under the
23  "RAEO" designation. Since that production, MGA has been represented by three
24  different law firms – namely, Skadden, Arps, Slate, Meagher & Flom, LLP (Phase 1
25  counsel) and Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP ("Glaser Weil")
26  (Phase 2 counsel) and Mitchell, Silberberg & Knupp, LLP (Phase 2 counsel) – none
27  of which participated in the "RAEO" designations which Mattel now complains about
28  in the instant Motion.

674845

4

On April 3, 2009, Diane Hutnyan (counsel for Mattel) contacted Glaser Weil to discuss the "RAEO" designations for the first time. (Khan Decl., ¶ 4, Exhibit C.) In her letter, Ms. Hutnyan vaguely challenged MGA's "RAEO" designations, without identifying with any specificity (by Bates number or otherwise) a single designation or document that Mattel disputed. Ms. Hutnyan then demanded that MGA de-designate or re-designate all the documents designated "RAEO."

On April 10, 2009, Amman Khan of Glaser Weil responded to Ms. Hutynan's April 3 letter. (Khan Decl., ¶ 5, Exhibit D.) Since Phase 2 counsel had not been involved in the "RAEO" designations, Mr. Khan asked Ms. Hutnyan to specify by Bates number the documents Mattel believes to be improperly designated as "RAEO" in order to narrow the issues before the Parties. On that same day, Ms. Hutnyan sent another letter to Richard Stoll of Glaser Weil, demanding that MGA de-designate *all* the "RAEO" designated documents, but refusing to identify a single document in dispute. (Khan Decl., ¶ 6, Exhibit E.)

On April 14, 2009, Ms. Hutnyan and Mr. Khan met and conferred via telephone. (Khan Decl., ¶ 9.) Contrary to Ms. Hutnyan's statements in paragraph 13 of her April 17, 2009 declaration, counsel discussed the issues fully. (Khan Decl., ¶ 9.) Mr. Khan explained to Ms. Hutnyan that her contention that the Stipulated Modification expired after 2008 by mere dint of the passage of time was wrong. He further explained that unreleased products scheduled for release in 2007 and 2008 might remain unreleased and thus qualified for the "RAEO" designation. (Khan Decl., ¶ 9.) Mr. Khan also told her that MGA wanted to review the documents before agreeing to de-designate any to make sure that the documents did not contain information and designs concerning unreleased products that were scheduled for release in 2007 and 2008 and that remained unreleased. (Khan Decl., ¶ 9.) Mr. Khan made clear that Mattel's demand that MGA completely de-designate all the documents without first reviewing them was improper. He explained that MGA has a continuing right to protect its valuable intellectual property and cannot simply de-

designate the documents without first determining if they include documents and designs for unreleased products. (Khan Decl., ¶ 9.) Mr. Khan initially told Ms. Hutnyan he thought MGA might need only a few days to conduct this review because, based on the belief that there were only 265 documents (amounting to about seven thousand pages) that had been designated "RAEO." (Khan Decl., ¶ 10.)

On April 15, 2009, Mattel's counsel provided MGA with a list of documents it asserted were improperly designated and argued that it amounted to over 116,000 pages of pages of documents. (Khan Decl., ¶ 8, Exhibit F.) The following day, on April 16, Mr. Khan contacted Ms. Hutnyan and explained to her that because Phase 2 counsel was not involved in designating the disputed documents, they would need time to review the documents to determine whether they should be de-designated or re-designated, as requested by Mattel. (Khan Decl., ¶ 11, Exhibit G.) Although reviewing 116,000 pages of documents would obviously require a massive effort by Phase 2 counsel, Mr. Khan nonetheless agreed to expeditiously review the documents and respond to Mattel in one week, on April 24. At no time did Phase 2 counsel refuse to de-designate the "RAEO" designated documents disputed by Mattel – they simply requested a reasonable amount of time to review the documents rather than agree to a blanket de-designation of those documents. However, Mattel wholly ignored MGA's request and instead chose to file this unnecessary Motion the next day, on April 17, 2009.

### III. ARGUMENT

#### A. Mattel's Assertion That the Stipulated Modification Purportedly "Expires" After 2008 is Baseless.

Mattel's argument that the "RAEO" designation is no longer proper simply because it is now 2009 is baseless. The Stipulated Modification expressly provides "RAEO" protection for documents "created after January 1, 2006 that pertain to productions which are ***currently unreleased*** and ***scheduled*** for public release in 2007 or 2008 and that constitute highly sensitive trade secrets of the producing Party."

1 (Stipulated Modification, ¶ 1 (emphasis added).) Under the plain language of the
2 Stipulated Modification, documents designated as "RAEO" may still be protected if
3 they were previously *scheduled* for public release, but were in fact *never released*.
4 Mattel's self-serving interpretation of the Stipulated Modification is unsupported by
5 its express terms. The Stipulated Modification contains no expiration date and the
6 simple fact that it is 2009 does not make the "RAEO" designation inapplicable.
7 Documents containing highly sensitive trade secret information about products that
8 are *currently unreleased*, but were *scheduled for release* in 2007 or 2008, still
9 qualify for "RAEO" designation under the plain language of the Stipulated
10 Modification.

11 Moreover, the Stipulated Modification only requires "re-designation or de-
12 designation" of "RAEO" designated documents "relating to a product within fourteen
13 (14) days of the following events, whichever occurs earlier: (a) the product is first
14 shipped, or (b) the product is first disclosed to a third party without an express
15 confidentiality agreement." (Stipulated Modification, ¶ 4.) Under the express terms
16 of the Stipulated Modification, "RAEO" protection is currently available for products
17 that have never been shipped or have never been disclosed to a third party. Mattel
18 fails to cite to a single instance where either of these events has occurred.

19 Thus, Mattel's request for a wholesale de-designation of all the documents
20 designated "RAEO" is unsupported and without merit.

21 **B. Mattel's Assertions That MGA's "RAEO" Designation Only**
22 **Burdens Them Is Unfounded.**

23 Mattel has failed to show that MGA's "RAEO" designation of certain highly
24 sensitive documents is unduly burdensome on Mattel's counsel. Notably, Mattel
25 neglects to mention that the "RAEO" designated documents were produced *over two*
26 *years ago*. The idea that these documents could not be properly reviewed by the three
27 designated attorneys over the course of the last two years is beyond belief. Mattel
28 fails to identify who the three designated attorneys are, fails to cite any evidence why

674845

7

MGA'S OPPOSITION TO MATTEL'S MOTION TO DE-DESIGNATE "RAEO" DOCUMENTS

those purportedly burdened attorneys are too busy to review the documents at issue, and fails to provide any foundation whatsoever as to why there is any burden.

In fact, Mattel's request for "de-designation" will require an intensive undertaking by MGA's counsel. As set forth above, MGA's Phase 2 counsel was not involved in the "RAEO" designations at issue here and will need to review the documents disputed by Mattel to determine if they warrant de-designation or re-designation in far less time than Mattel has been allowed to review those same documents. Accordingly, any purported burden imposed on Mattel's counsel is dwarfed by the burden Mattel's demands for de-designation will impose on MGA's counsel.

In any event, "burden" is no ground for de-designation under the Stipulated Modification, so Mattel's argument fails here as well.

### C. Mattel Falsely Claims MGA Refused to De-Designate the Documents.

Contrary to Mattel's blatant misrepresentation of the facts here, MGA has *never* refused to de-designate documents which have been designated "RAEO." (Motion at 1:22.) MGA's Phase 2 counsel simply asked Mattel for a single week to review documents about which Mattel complains (which purportedly amount to more than 116,000 pages of documents) since Phase 2 counsel was not involved in the "RAEO" designations which are at issue here. (Khan Decl., ¶ 11, Exhibit G.) Indeed, MGA's counsel has a duty to protect MGA's valuable intellectual property and could not simply de-designate the documents without first determining if they include documents and designs for unreleased products. The MGA Parties were thus substantially justified, wholly reasonable and prudent in seeking to review the underlying documents. Mattel's request for a wholesale de-designation of all the "RAEO" designated documents without allowing MGA's counsel an opportunity to review those documents is patently unreasonable. For these reasons, the Discovery Master should not impose sanctions on MGA's counsel.

### D. Mattel Should Be Sanctioned For Bringing This Motion Under False Pretenses.

The Discovery Master should impose sanctions on Mattel's counsel for their failure to make a good faith effort to resolve this issue without court action. The instant Motion is, at the very least, premature because Phase 2 counsel expressly agreed to review the "RAEO" designated documents in order to resolve Mattel's concerns about their designation. (Khan Decl., ¶ 11, Exhibit G.) However, MGA's request for a single week to review the documents was not even acknowledged by Mattel. Instead, Mattel filed this Motion the day after MGA's counsel agreed to review the disputed "RAEO" documents.

Mattel's continued unnecessary and frivolous motion practice only adds to the costs and burdens placed upon the Parties and the Court. This conduct warrants an award of sanctions against Mattel's counsel to reimburse MGA for the "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See* 18 U.S.C. § 1927; *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 265 (10th Cir. 1995) (citing *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987)); *see also In re Akros Installations, Inc.*, 834 F.2d 1526, 1531 (9th Cir. 1987) (district court may impose sanctions on counsel based upon "the inherent power of the judiciary, or upon the authority conferred by 28 U.S.C. § 1927") (overruled on unrelated grounds). MGA therefore requests that Mattel be ordered to pay $3,500.00 in partial reimbursement for the fees and costs that MGA has incurred in opposing this Motion. (Khan Decl., ¶¶ 14-15.)

///
///
///
///
///
///

## IV. CONCLUSION

Based on the foregoing, MGA respectfully requests that Mattel's Motion to De-Designate MGA's "RAEO" Documents and Request for Sanctions be denied in its entirety. MGA also respectfully requests that the Court impose sanctions on Mattel's counsel for the partial fees and costs in opposing this Motion.

Dated: April 24, 2009

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS
 HOWARD & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP

By:     /s/ Amman A. Khan
      Amman A. Khan
      Attorneys for the MGA Parties
      for Phase Two

674845

10

MGA'S OPPOSITION TO MATTEL'S MOTION TO DE-DESIGNATE "RAEO" DOCUMENTS

EXHIBIT A
PAGE 10

**EXHIBIT A**

CONFORMED COPY

1  [Counsel listed on following page]

2007 APR 26  AM 11:46
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,
   Plaintiff,
v.
MATTEL, INC., a Delaware corporation,
   Defendant.

Case No. CV 04-09049 SGL (RNBx)
Consolidated with
Case No. CV 04-09059
Case No. CV 05-02727

**DISCOVERY MATTER**

Hon. Edward A. Infante (Ret.)
Discovery Master

**STIPULATION TO MODIFY PROTECTIVE ORDER; AND**

~~[PROPOSED]~~ **ORDER THEREON**

Discovery Cut-Off: October 22, 2007
Pre-Trial Conference: January 14, 2008
Trial Date: February 12, 2008

Case No. CV 04-09049 SGL (RNBx)
STIPULATION AND ORDER RE PROTECTIVE ORDER

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8  LITTLER MENDELSON
      Robert F. Millman (Bar No. 062152)
9     Douglas A. Wickham (Bar No. 127268)
      Keith A. Jacoby (Bar No. 150233)
10 2049 Century Park East, 5th Floor
   Los Angeles, California 90067-3107
11 Telephone: (310) 553-0308
   Facsimile: (310) 553-5583
12
   Attorneys for Carter Bryant
13
   O'MELVENY & MYERS LLP
14    Diana M. Torres (Bar No. 162284)
   400 S. Hope Street
15 Los Angeles, California 90017
   Telephone: (213) 430-6000
16 Facsimile: (213) 430-6407

17 O'MELVENY & MYERS LLP
      Dale Cendali
18 Times Square Tower
   7 Times Square
19 New York, NY 10036

20 CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
      Patricia Glaser (Bar No. 55668)
21 10250 Constellation Boulevard - 19th Floor
   Los Angeles, CA 90067
22 Telephone: (310) 553-3000
   Facsimile: (310) 556-2920
23
   Attorneys for MGA Entertainment, Inc.
24

25

26

27

28

STIPULATION AND ORDER RE PROTECTIVE ORDER

-2-

1   WHEREAS, on January 24, 2007, Discovery Master Infante heard
2   Mattel, Inc.'s ("Mattel") Motion to Compel Carter Bryant ("Bryant") to Produce
3   Documents ("Motion to Compel");
4   WHEREAS, on January 25, 2007, Discovery Master Infante issued an
5   Order granting Mattel's Motion to Compel (the "Order");
6   WHEREAS, on March 19, 2007, Discovery Master Infante heard
7   Bryant's and MGA Entertainment, Inc.'s ("MGA") Motion for Clarification,
8   Reconsideration and/or Further Protection of the Discovery Master's January 25,
9   2007 Order or for Protective Order Pursuant to Rule 26(c) (the "Motion");
10  WHEREAS, Discovery Master Infante denied the Motion to the extent
11  it sought clarification of the Order and stated that design drawings of currently
12  unreleased products are relevant to the parties' claims and defenses; and
13  WHEREAS, Discovery Master Infante granted the Motion to the extent
14  it sought further protection pursuant to Rule 26 and paragraph 19 of the Protective
15  Order entered by the Court as of January 4, 2005 (the "Protective Order") so as to
16  afford further restrictions on the handling of Subject Documents (defined below) for
17  purposes of providing additional protection for their confidentiality and directed the
18  parties to provide specifics for such modification.
19  NOW, THEREFORE, Mattel, Bryant and MGA, by and through their
20  respective counsel of record, hereby stipulate and agree as follows:
21  1.   As used herein, "Subject Documents" means documents (defined
22  to include both tangible items and electronic data) created after January 1, 2006 that
23  pertain to products which are currently unreleased and scheduled for public release
24  in 2007 or 2008 and that constitute highly sensitive trade secrets of the producing
25  Party. The parties are presently negotiating and may enter an additional stipulation
26  concerning a subset of Subject Documents that pertain to products which are
27  currently unreleased and scheduled for public release in 2008 and that constitute
28  highly sensitive trade secrets of the producing Party (the "2008 Subject

-3-

STIPULATION AND ORDER RE PROTECTIVE ORDER

1. Documents"). In the event the parties do not reach a stipulation with respect to the 2008 Subject Documents, MGA and/or Bryant are not, by entering into this stipulation, waiving any rights to seek review by Judge Larson of the aspects of the Order or Ruling on the Motion that pertain to the 2008 Subject Documents. Until such time that the parties execute a stipulation with respect to the 2008 Subject Documents and in the event that neither MGA nor Bryant seek the afore-mentioned review by Judge Larson, the 2008 Subject Documents shall be treated in the manner set forth herein for the Subject Documents, provided that such 2008 Subject Documents meet the definition for "Subject Documents" set forth above.

2. A Party may withhold from production to other Parties Subject Documents until June 29, 2007.

3. Upon production (whether before, on or after June 29, 2007), a producing Party may designate Subject Documents as "HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY."

    (a) Subject Documents designated as "HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" shall be so designated in the manner set forth in paragraph 3 of the Protective Order.

    (b) Documents designated as "HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" shall not be disclosed in any way to, nor their contents summarized or discussed in substance with, any person other than: (i) up to three attorneys at the receiving Party's outside law firm; (ii) such independent, outside expert(s) for the receiving Party who outside counsel deems necessary to show such documents for purposes of providing expert opinion or expert testimony; (iii) one assistant or paralegal for each Party (for the purposes of photocopying and maintaining files as set forth in subparagraph (d) below); (iv) the Court, including the Discovery Master, and other personnel identified in paragraphs 6(g) and 7 of the Protective Order; (v) the authors, senders, addressees and designated copy recipients of any document designated "HIGHLY

STIPULATION AND ORDER RE PROTECTIVE ORDER

- 4 -

EXHIBIT A
PAGE 14

1  CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY"; and (vi) such
2  other persons as may be consented to in writing or on the record by the Party
3  designating such documents "HIGHLY CONFIDENTIAL – RESTRICTED
4  ATTORNEYS' EYES ONLY."
5         (c)   The Experts described in subsection (ii) of paragraph 3(b) above
6  shall not have access to "HIGHLY CONFIDENTIAL – RESTRICTED
7  ATTORNEYS' EYES ONLY" documents until he/she has certified that he/she has
8  read the Protective Order and this Stipulation and Order and has manifested his/her
9  assent to be bound by signing the Assurance of Compliance attached to the
10 Protective Order as Exhibit A; any such expert who has previously signed an
11 Assurance of Compliance must be shown this Stipulation and Order and sign an
12 Assurance of Compliance that encompasses this Stipulation and Order.
13        (d)   Documents designated as "HIGHLY CONFIDENTIAL –
14 RESTRICTED ATTORNEYS' EYES ONLY" shall not be copied except to create
15 one archival file copy, one working copy for the designated attorneys and/or any
16 designated expert, or for use as exhibits at deposition or trial or in filings with the
17 Court, including the Discovery Master. In the event and to the extent that copies are
18 provided to counsel in attendance at a deposition where documents designated as
19 "HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" are
20 shown or marked at deposition, the Party who so designated the documents may
21 require that any such additional copies be returned to the designating Party's counsel
22 or destroyed. Any document designated as "HIGHLY CONFIDENTIAL –
23 RESTRICTED ATTORNEYS' EYES ONLY" that is marked as a deposition exhibit
24 shall not be bound with the exhibits to the deposition transcript but shall be
25 separately maintained by the deposing party. The parties shall work together to
26 agree upon a proposed procedure for handling such documents at trial if necessary.
27        (e)   Each receiving Party's original copy set and all copies of Subject
28 Documents, including any copies for use as exhibits or in motion practice, shall be

STIPULATION AND ORDER RE PROTECTIVE ORDER
- 5 -

1  maintained in a secure, locked file at all times when not physically being used by the
2  receiving party's counsel or expert.
3       4.   The producing Party shall re-designate or de-designate Subject
4  Documents relating to a product within fourteen (14) days of the following events,
5  whichever occurs earlier: (a) the product is first shipped, or (b) the product is first
6  disclosed to a third party without an express confidentiality agreement. Any Subject
7  Documents initially designated "HIGHLY CONFIDENTIAL – RESTRICTED
8  ATTORNEYS' EYES ONLY" may be re-designated a lesser degree of
9  confidentiality under the Protective Order, such as "CONFIDENTIAL" or
10 "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate under the
11 Protective Order. Such re-designated or de-designated documents shall thereafter be
12 handled and treated in accordance with the terms of the Protective Order for
13 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"
14 material, whichever the case may be.
15      5.   The Protective Order is hereby amended to add the phrase
16 "HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" to
17 paragraphs 2, 3, 4, 7, 8, 9, 10, 12, 15, 16, 17 and 18 of the Protective Order.
18      6.   Except as modified herein, all other provisions of the Protective
19 Order shall remain in full force and effect and are incorporated herein by reference.
20 Without limiting the generality of the foregoing, documents produced as "HIGHLY

STIPULATION AND ORDER RE PROTECTIVE ORDER

- 6 -

EXHIBIT A
PAGE 16

1  CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" shall be subject
2  to the provisions of paragraphs 13 and 14 of the Protective Order.

4  **SO STIPULATED.**
5  Dated: April 23, 2007

*/s/ Douglas A. Wickham*
DOUGLAS A. WICKHAM
LITTLER MENDELSON
A Professional Corporation
Attorneys for CARTER BRYANT

9  Dated: April 18, 2007

*/s/ Diana M. Torres*
DIANA M. TORRES
O'MELVENY & MYERS LLP
Attorneys for MGA
ENTERTAINMENT, INC.

13  Dated: April 23, 2007

*/s/ Michael Zeller*
MICHAEL ZELLER
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
Attorneys for MATTEL, INC.

17  **IT IS SO ORDERED.**

19  DATED: 4-23- , 2007   By */s/ Edward Infante*
Hon. Edward Infante (Retired)
Discovery Master

STIPULATION AND ORDER RE PROTECTIVE ORDER

- 7 -

EXHIBIT A
PAGE 17

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 24, 2007, I served the attached STIPULATION AND ORDER TO MODIFY PROTECTIVE ORDER in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 24, 2007, at San Francisco, California.

*/s/ Sandra Chan*

Sandra Chan

EXHIBIT ___A___

PAGE ___18___