1   Patricia L. Glaser, State Bar No. 055668
    Pglaser@glaserweil.com
2   Joel N. Klevens, State Bar No. 045446
    Jklevens@glaserweil.com
3   GLASER, WEIL, FINK, JACOBS,
      HOWARD & SHAPIRO, LLP
4   10250 Constellation Boulevard, 19th Floor
    Los Angeles, California 90067
5   Telephone:  310-553-3000
    Facsimile:  310-556-2920
6

7   Russell J. Frackman, State Bar No. 049087
    rjf@msk.com
8   MITCHELL, SILBERBERG & KNUPP, LLP
    11377 West Olympic Boulevard
9   Los Angeles, California 90064
    Telephone:  310-312-2000
10  Facsimile:  310-312-3100

11  Attorneys for the MGA Parties For Phase Two

12              UNITED STATES DISTRICT COURT
13       CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

14  CARTER BRYANT, an individual          )  Case No. CV 04-9049 SGL (RNBx)
                                          )  Consolidated with: Case No. CV 04-
15          Plaintiff,                    )  9059 and Case No. CV 05-2727
                                          )
16  v.                                    )  **DISCOVERY MATTER**
                                          )  **[To Be Heard by Discovery Master**
17  MATTEL, INC., a Delaware              )  **Robert C. O'Brien Pursuant to Order**
    Corporation                           )  **of January 6, 2009]**
18                                        )
            Defendant.                    )  **DECLARATION OF AMMAN A.**
19  _____ )  **KHAN IN SUPPORT OF MGA'S**
                                          )  **4/17/09 MOTION TO DE-**
20                                        )  **DESIGNATE MGA'S "RAEO"**
                                          )  **DOCUMENTS AND REQUEST FOR**
21  AND CONSOLIDATED ACTIONS             )  **SANCTIONS**
                                          )
22                                        )  Date and Time:  TBD
                                          )  Place:  Arent Fox, LLP
23                                        )          555 West Fifth Street
                                          )          Los Angeles, CA 90013
24                                        )
                                          )  **Phase 2**
25                                        )  Discovery Cut-off:  December 11, 2009
                                          )  Pre-Trial Conference:  March 1, 2010
26                                        )  Trial Date:  March 23, 2010
                                          )
27

28

674988

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

# DECLARATION OF AMMAN A. KHAN

I, Amman A. Khan, hereby declare that:

1.     I am an attorney at law, duly licensed to practice before the Courts of the State of California, and am a partner of the law firm of Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP ("Glaser Weil"), Phase 2 attorneys of record herein for MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, "MGA"). I submit this declaration in support of MGA's Opposition to Mattel Inc.'s ("Mattel") 4-17-09 Motion to De-Designate MGA's "RAEO" Documents and Request for Sanctions.  Unless otherwise stated, I have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

2.     Attached hereto as Exhibit A is true and correct copy of the Parties' Stipulation to Modify Protective Order; and Order Thereon, dated April 26, 2007.

3.     Attached hereto as Exhibit B is a true and correct copy of the Order Modifying Protective Order, dated May 15, 2007, and filed on May 16, 2007.

4.     On April 3, 2009, I received a letter from Diane C. Hutnyan (counsel for Mattel) that demanded, *inter alia*, MGA de-designate or re-designate the documents it designated "Highly Confidential – Restricted Attorneys' Eyes Only" ("RAEO"). Attached hereto as Exhibit C is a true and correct copy of that letter.

5.     On April 10, 2009, I responded to Ms. Hutnyan's April 3, 2009 letter.  In that letter, I asked Ms. Hutnyan to specifically identify precisely which documents Mattel believed were improperly designated as "RAEO" and the basis for saying so. Attached hereto as Exhibit D is a true and correct copy of that letter.

6.     On April 10, 2009, Ms. Hutnyan sent another letter to Richard Stoll, an associate at my law firm, Glaser Weil.  Attached hereto as Exhibit E is a true and correct copy of that letter.

7.     I exchanged emails with Ms. Hutnyan and scheduled a telephone conference to meet and confer. Contrary to the assertions in paragraphs 14 and 15 of

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1

1  Ms. Hutnyan's April 17, 2009 declaration, Exhibits 13 and 14 are not true and correct

2  copies of the emails we exchanged.  They have been redacted without any indication

3  to the Court that she has done so.

4    8.   On April 15, 2009, I received a letter from Ms. Hutnyan enclosing a list

5  of the Bates-numbered documents that Mattel claims are improperly designated as

6  "RAEO."  Attached hereto as Exhibit F is a true and correct copy of that letter,

7  without the enclosure (due to its volume).

8    9.   On April 14, 2009, Ms. Hutnyan and I met and conferred via telephone.

9  Contrary to Ms. Hutnyan's statements in paragraph 13 of her April 17, 2009

10  declaration, we discussed the issues fully.  I explained to Ms. Hutnyan that her

11  contention that the Modification to the Protective Order expired after 2008 by mere

12  dint of the passage of time was wrong.  I also explained that unreleased products

13  scheduled for release in 2007 and 2008 might remain unreleased and thus qualified

14  for the "RAEO" designation.  I also told her that I wanted to review the documents

15  before I agreed to de-designate any because I wanted to make sure that the documents

16  did not contain information and designs concerning unreleased products that were

17  scheduled for release in 2007 and 2008 and that remained unreleased.  I told her that

18  her demand that I completely de-designate all the documents without even looking at

19  them was improper.  I told her that I had to protect MGA's valuable intellectual

20  property and that I could not simply de-designate the documents without determining

21  if they included documents and designs for unreleased products.

22    10.   I initially told Ms. Hutnyan I thought I might need only a few days to

23  conduct this review because, based on a search of the databases we had online, I

24  believed that there were only 265 documents that amounted to about seven thousand

25  pages that had been designated "RAEO."  I also stated that I did not have concrete

26  information on this because the designation was done by O'Melveny & Myers, LLP,

27  and not by my firm or by even our predecessor counsel, Skadden, Arps, Slate,

28  Meagher & Flom, LLP.  Ms. Hutnyan informed me that it was her belief that more

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

674988

2

1  than seven thousand documents had been designated "RAEO" and that the
2  designation amounted to about 100,000 pages. Later, I tried to confirm that was the
3  case but was unable to do so because the database containing all those documents was
4  not online yet.

5       11.    On April 16, 2009, I sent an email to Ms. Hutnyan explaining to her that
6  because Glaser Weil was not involved in designating the "RAEO" documents, we
7  would need additional time to review the documents to determine whether they
8  should be de-designated or re-designated, as requested by Mattel. I offered to
9  respond to Ms. Hutnyan with respect to this matter on April 24, 2009. Attached
10 hereto as Exhibit G is a true and correct copy of that email.

11      12.    Ms. Hutnyan then wrote back to me demanding I agree to "promptly" de-
12 designate all the "RAEO" documents, something she knew I could not do. There was
13 no rush to bring a motion; Mattel could have waited to resolve the issue as the
14 documents were produced, according to my information and belief, almost two years
15 ago. Mattel, nevertheless filed its Motion to De-Designate on or about April 17,
16 2009.

17      13.    In paragraph 16 of Ms. Hutnyan's April 17, 2009 declaration, she states
18 her hourly rate is $655 an hour. This hourly rate is excessive for a lawyer of her
19 experience. Ms. Hutnyan has been in practice roughly eleven years. I have been in
20 practice in California roughly ten years. My hourly rate is $500 an hour. Thus Mattel
21 should not be accorded Ms. Hutnyan's $655 an hour rate. Additionally, Ms. Hutnyan
22 states Courtney Ballard, a second year associate, spent in excess of twenty hours
23 researching and preparing the motion. This amount of time is also excessive. Given
24 the excessive hourly rates and the excessive amount of time Mattel has apparently
25 spent on its needless Motion, I submit that Mattel should receive no sanctions.

26      14.    I supervised Lisa M. Zepeda, the Glaser Weil associate primarily
27 responsible for researching and preparing drafts of the papers submitted in opposition
28 to Mattel's Motion. Ms. Zepeda's billing rate is $430 per hour and she spent about 8

674988                                     3
KHAN DECLARATION IN SUPPORT OF MGA'S OPPOSITION TO MATTEL'S MOTION TO DE-
DESIGNATE MGA'S "RAEO" DOCUMENTS AND REQUEST FOR SANCTIONS

LAW OFFICES

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   hours preparing the Opposition and related papers.  Another associate, Adil M. Khan,

2   also worked on these papers.  His billing rate is $315.00 per hour.  I spent two hours

3   drafting portions of my declaration and editing and revising the opposition brief.  The

4   billing rate for the attorneys at Glaser Weil (including myself) who have overseen the

5   drafting of these opposition papers and will attend the hearing on Mattel's Motion

6   ranges from $500 to $625.  Based on over ten years of professional legal experience

7   and knowledge of the local legal community, I believe that Glaser Weil's billing rates

8   conform to the standard billing rates in the Los Angeles community for work of this

9   type by comparable firms.

10       15.   I estimate that the MGA Parties have incurred in excess of $2,750 in

11   attorneys' fees and costs for legal research in opposing Mattel's Motion.  In addition,

12   it will cost approximately $3,000 for counsel for the MGA Parties to attend and argue

13   the hearing related to the pending Motion.  Thus, MGA seeks sanctions in the amount

14   of $3,500 as partial reimbursement for the fees and costs incurred in opposing

15   Mattel's Motion.

16       I declare under the penalty of perjury under the laws of the State of California

17   and the United States of America that the foregoing is true and correct.

18       Executed on this 24th day of April, 2009, in Los Angeles, California.

19

20                              /s/ Amman A. Khan
21                              Amman A. Khan

22

23

24

25

26

27

28

674988

KHAN DECLARATION IN SUPPORT OF MGA'S OPPOSITION TO MATTEL'S MOTION TO DE-
DESIGNATE MGA'S "RAEO" DOCUMENTS AND REQUEST FOR SANCTIONS

# EXHIBIT A



EXHIBIT A
PAGE 4

CONFORMED COPY

1   [Counsel listed on following page]

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED

2007 APR 26 AM 11:46

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

        Plaintiff,

    v.

MATTEL, INC., a Delaware corporation,

        Defendant.

Case No. CV 04-09049 SGL (RNBx)

Consolidated with
Case No. CV 04-09059
Case No. CV 05-02727

**DISCOVERY MATTER**

Hon. Edward A. Infante (Ret.)

Discovery Master

**STIPULATION TO MODIFY PROTECTIVE ORDER; AND**

~~[PROPOSED]~~ **ORDER THEREON**

Discovery Cut-Off: October 22, 2007
Pre-Trial Conference: January 14, 2008
Trial Date:   February 12, 2008

EXHIBIT A

PAGE 5

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8  LITTLER MENDELSON
      Robert F. Millman (Bar No. 062152)
9     Douglas A. Wickham (Bar No. 127268)
      Keith A. Jacoby (Bar No. 150233)
10 2049 Century Park East, 5th Floor
   Los Angeles, California  90067-3107
11 Telephone:  (310) 553-0308
   Facsimile:  (310) 553-5583
12
   Attorneys for Carter Bryant
13
   O'MELVENY & MYERS LLP
14    Diana M. Torres (Bar No. 162284)
   400 S. Hope Street
15 Los Angeles, California  90017
   Telephone:  (213) 430-6000
16 Facsimile:  (213) 430-6407

17 O'MELVENY & MYERS LLP
      Dale Cendali
18 Times Square Tower
   7 Times Square
19 New York, NY 10036

20 CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
      Patricia Glaser (Bar No. 55668)
21 10250 Constellation Boulevard - 19th Floor
   Los Angeles, CA 90067
22 Telephone:  (310) 553-3000
   Facsimile:  (310) 556-2920
23
   Attorneys for MGA Entertainment, Inc.
24

25

26

27

28

- 2 -

STIPULATION AND ORDER RE PROTECTIVE ORDER

EXHIBIT A

PAGE 6

1    WHEREAS, on January 24, 2007, Discovery Master Infante heard
2 Mattel, Inc.'s ("Mattel") Motion to Compel Carter Bryant ("Bryant") to Produce
3 Documents ("Motion to Compel");

4    WHEREAS, on January 25, 2007, Discovery Master Infante issued an
5 Order granting Mattel's Motion to Compel (the "Order");

6    WHEREAS, on March 19, 2007, Discovery Master Infante heard
7 Bryant's and MGA Entertainment, Inc.'s ("MGA") Motion for Clarification,
8 Reconsideration and/or Further Protection of the Discovery Master's January 25,
9 2007 Order or for Protective Order Pursuant to Rule 26(c) (the "Motion");

10    WHEREAS, Discovery Master Infante denied the Motion to the extent
11 it sought clarification of the Order and stated that design drawings of currently
12 unreleased products are relevant to the parties' claims and defenses; and

13    WHEREAS, Discovery Master Infante granted the Motion to the extent
14 it sought further protection pursuant to Rule 26 and paragraph 19 of the Protective
15 Order entered by the Court as of January 4, 2005 (the "Protective Order") so as to
16 afford further restrictions on the handling of Subject Documents (defined below) for
17 purposes of providing additional protection for their confidentiality and directed the
18 parties to provide specifics for such modification.

19    NOW, THEREFORE, Mattel, Bryant and MGA, by and through their
20 respective counsel of record, hereby stipulate and agree as follows:

21    1.    As used herein, "Subject Documents" means documents (defined
22 to include both tangible items and electronic data) created after January 1, 2006 that
23 pertain to products which are currently unreleased and scheduled for public release
24 in 2007 or 2008 and that constitute highly sensitive trade secrets of the producing
25 Party. The parties are presently negotiating and may enter an additional stipulation
26 concerning a subset of Subject Documents that pertain to products which are
27 currently unreleased and scheduled for public release in 2008 and that constitute
28 highly sensitive trade secrets of the producing Party (the "2008 Subject

STIPULATION AND ORDER RE PROTECTIVE ORDER

-3-

EXHIBIT  A

PAGE  7

1 Documents"). In the event the parties do not reach a stipulation with respect to the
2 2008 Subject Documents, MGA and/or Bryant are not, by entering into this
3 stipulation, waiving any rights to seek review by Judge Larson of the aspects of the
4 Order or Ruling on the Motion that pertain to the 2008 Subject Documents. Until
5 such time that the parties execute a stipulation with respect to the 2008 Subject
6 Documents and in the event that neither MGA nor Bryant seek the afore-mentioned
7 review by Judge Larson, the 2008 Subject Documents shall be treated in the manner
8 set forth herein for the Subject Documents, provided that such 2008 Subject
9 Documents meet the definition for "Subject Documents" set forth above.

10        2.        A Party may withhold from production to other Parties Subject
11 Documents until June 29, 2007.

12        3.        Upon production (whether before, on or after June 29, 2007), a
13 producing Party may designate Subject Documents as "HIGHLY CONFIDENTIAL
14 – RESTRICTED ATTORNEYS' EYES ONLY."

15        (a)        Subject Documents designated as "HIGHLY CONFIDENTIAL
16 – RESTRICTED ATTORNEYS' EYES ONLY" shall be so designated in the
17 manner set forth in paragraph 3 of the Protective Order.

18        (b)        Documents designated as "HIGHLY CONFIDENTIAL –
19 RESTRICTED ATTORNEYS' EYES ONLY" shall not be disclosed in any way to,
20 nor their contents summarized or discussed in substance with, any person other than:
21 (i) up to three attorneys at the receiving Party's outside law firm; (ii) such
22 independent, outside expert(s) for the receiving Party who outside counsel deems
23 necessary to show such documents for purposes of providing expert opinion or
24 expert testimony; (iii) one assistant or paralegal for each Party (for the purposes of
25 photocopying and maintaining files as set forth in subparagraph (d) below); (iv) the
26 Court, including the Discovery Master, and other personnel identified in paragraphs
27 6(g) and 7 of the Protective Order; (v) the authors, senders, addressees and
28 designated     copy     recipients     of     any     document     designated     "HIGHLY

- 4 -

STIPULATION AND ORDER RE PROTECTIVE ORDER

EXHIBIT  A

PAGE  8

1  CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY"; and (vi) such
2  other persons as may be consented to in writing or on the record by the Party
3  designating such documents "HIGHLY CONFIDENTIAL – RESTRICTED
4  ATTORNEYS' EYES ONLY."

5           (c)  The Experts described in subsection (ii) of paragraph 3(b) above
6  shall not have access to "HIGHLY CONFIDENTIAL – RESTRICTED
7  ATTORNEYS' EYES ONLY" documents until he/she has certified that he/she has
8  read the Protective Order and this Stipulation and Order and has manifested his/her
9  assent to be bound by signing the Assurance of Compliance attached to the
10  Protective Order as Exhibit A; any such expert who has previously signed an
11  Assurance of Compliance must be shown this Stipulation and Order and sign an
12  Assurance of Compliance that encompasses this Stipulation and Order.

13           (d)  Documents designated as "HIGHLY CONFIDENTIAL –
14  RESTRICTED ATTORNEYS' EYES ONLY" shall not be copied except to create
15  one archival file copy, one working copy for the designated attorneys and/or any
16  designated expert, or for use as exhibits at deposition or trial or in filings with the
17  Court, including the Discovery Master. In the event and to the extent that copies are
18  provided to counsel in attendance at a deposition where documents designated as
19  "HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" are
20  shown or marked at deposition, the Party who so designated the documents may
21  require that any such additional copies be returned to the designating Party's counsel
22  or destroyed. Any document designated as "HIGHLY CONFIDENTIAL –
23  RESTRICTED ATTORNEYS' EYES ONLY" that is marked as a deposition exhibit
24  shall not be bound with the exhibits to the deposition transcript but shall be
25  separately maintained by the deposing party. The parties shall work together to
26  agree upon a proposed procedure for handling such documents at trial if necessary.

27           (e)  Each receiving Party's original copy set and all copies of Subject
28  Documents, including any copies for use as exhibits or in motion practice, shall be

- 5 -

STIPULATION AND ORDER RE PROTECTIVE ORDER

EXHIBIT _____A_____

PAGE _____9_____

1  maintained in a secure, locked file at all times when not physically being used by the
2  receiving party's counsel or expert.

3      4.    The producing Party shall re-designate or de-designate Subject
4  Documents relating to a product within fourteen (14) days of the following events,
5  whichever occurs earlier:  (a) the product is first shipped, or (b) the product is first
6  disclosed to a third party without an express confidentiality agreement.  Any Subject
7  Documents initially designated "HIGHLY CONFIDENTIAL – RESTRICTED
8  ATTORNEYS' EYES ONLY" may be re-designated a lesser degree of
9  confidentiality under the Protective Order, such as "CONFIDENTIAL" or
10 "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate under the
11 Protective Order.  Such re-designated or de-designated documents shall thereafter be
12 handled and treated in accordance with the terms of the Protective Order for
13 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"
14 material, whichever the case may be.

15     5.    The Protective Order is hereby amended to add the phrase
16 "HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" to
17 paragraphs 2, 3, 4, 7, 8, 9, 10, 12, 15, 16, 17 and 18 of the Protective Order.

18     6.    Except as modified herein, all other provisions of the Protective
19 Order shall remain in full force and effect and are incorporated herein by reference.
20 Without limiting the generality of the foregoing, documents produced as "HIGHLY

21
22
23
24
25
26
27
28

- 6 -

STIPULATION AND ORDER RE PROTECTIVE ORDER

EXHIBIT ___A___

PAGE ___10___

1    CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" shall be subject

2    to the provisions of paragraphs 13 and 14 of the Protective Order.

3

4        SO STIPULATED.

5    Dated: April 18, 2007

6                                        DOUGLAS A. WICKHAM

7                                        LITTLER MENDELSON

8                                        A Professional Corporation
                                         Attorneys for CARTER BRYANT

9    Dated: April 18, 2007

10                                       DIANA M. TORRES

11                                       O'MELVENY & MYERS LLP

12                                       Attorneys for MGA
                                         ENTERTAINMENT, INC.

13   Dated: April 18, 2007

14                                       MICHAEL ZELLER

15                                       QUINN EMANUEL URQUHART

16                                       OLIVER & HEDGES, LLP
                                         Attorneys for MATTEL, INC.

17

18       IT IS SO ORDERED.

19   DATED: 4-23-        , 2007   By

20                                       Hon. Edward Infante (Retired)

21                                       Discovery Master

22

23

24

25

26

27

28

                              - 7 -
                                               STIPULATION AND ORDER RE PROTECTIVE ORDER

EXHIBIT ____A____

PAGE ____11____

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 24, 2007,

I served the attached STIPULATION AND ORDER TO MODIFY PROTECTIVE ORDER

in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Milliman Esq. | Littler Mendelson | rimilliman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq. | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

I declare under penalty of perjury under the laws of the Untied States of America that
the above is true and correct.

Executed on April 24, 2007, at San Francisco, California.

Sandra Chan

**EXHIBIT B**

EXHIBIT __B__

PAGE __13__

CONFORMED COPY

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7               UNITED STATES DISTRICT COURT

8               CENTRAL DISTRICT OF CALIFORNIA

8                     EASTERN DIVISION

9

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
12          Plaintiff,

13      v.                                 Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15          Defendant.                     **ORDER MODIFYING PROTECTIVE
                                           ORDER**
16

17  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
18  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
19

20

21                      I. INTRODUCTION

22      Presently pending for decision is MGA Entertainment, Inc.'s ("MGA") and Carter

23  Bryant's ("Bryant") "Motion for Clarification Of The Discovery Master's January 25, 2007 Order

    Or For Protective Order Pursuant to Rule 26(c)." At issue is whether the January 25, 2007 Order

24

25

26

27

28

    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT  B

PAGE  14

1    ("Order") requires Bryant to produce drawings and designs in his possession that he created in

2    2006 or later[1] for products currently under development and not yet released to the public.

3    MGA and Bryant filed their motion on February 23, 2007; Mattel submitted an opposition brief

4    on March 2, 2007; and MGA and Bryant submitted a reply brief on March 7, 2007. The matter

5    was heard via telephonic conference on March 19, 2007, and taken under submission pending the

6    parties' submission of a stipulated protective order, which was received on April 23, 2007.

7        Having considered the motion papers and comments of counsel at the hearing, and for the

8    reasons set forth below, the motion for clarification of the Order is denied. There is good cause,

9    however, to modify the current protective order to further limit the disclosure of drawings and

10   designs for MGA products currently under development and not yet released to the public.

11                                    II. BACKGROUND

12       The Order that is the subject of this motion granted Mattel's motion to compel Bryant to

13   produce documents responsive to numerous document requests relating to the development of

14   Bratz and other projects that Bryant worked on for MGA. In ruling on Mattel's motion, the

15   Discovery Master rejected Bryant's relevancy and overbreadth objections to producing

16   documents relating to work that Bryant performed for MGA after the release of the First

17   Generation Bratz dolls on June 30, 2001.

18       Neither party specifically addressed whether Mattel was entitled to drawings and designs

19   for MGA products on which Bryant worked and that are currently under development and not yet

20   released to the public. Mattel has taken the position that the Order requires production of such

21   documents.

22       During the meet and confer process, MGA and Bryant requested that Mattel "agree to a

23   limitation on the disclosure of product drawings and designs for products in development until

24   after that product has been made available for public sale." Torres Decl., Ex. A. Mattel rejected

---

26   [1]   MGA and Bryant's Reply Brief at 4:28-5:28, n. 4.

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                    2

Case 2:04-cv-09049-DOC-RNB   Document 5260-2   Filed 04/24/09   Page 18 of 44   Page ID
#:171633
Case 2:04-cv-09049-SGL-RNB      Document 5207-3      Filed 04/17/2009      Page 60 of 81

1    the proposal, asserting that the proposal "would allow Bryant and/or MGA to unilaterally deem

2    something to be 'in development' and thus not produce it, including for designs Bryant previously

3    created and to which Mattel may have rights." Torres Decl., Ex. A. The parties had further

4    discussions regarding the disclosure of drawings and designs for products in development but

5    were unable to reach an agreement.

6          MGA and Bryant now request "a clarification that the Order does not require the

7    production of drawings or designs for products that have not yet been released." MGA and

8    Bryant's Motion at 2:13-15. In the alternative, MGA and Bryant move for a protective order

9    pursuant to Rule 26(c), Fed.R.Civ.P., providing that drawings or designs for products that have

10   not yet been released (1) need not be produced, or (2) shall be produced only after the products

11   have been released to the public, or (3) shall be produced under other very restrictive conditions

12   to protect their confidentiality. MGA and Bryant contend that "[e]ven if some of the 'Bratz'

13   drawings that Bryant created for MGA after June 30, 2001, may be relevant to claims at issue in

14   this action, drawings for unreleased products are not." MGA and Bryant's Motion at 4:28-5:2.

15   Further, they contend that such drawings are highly valuable trade secret documents whose

16   disclosure could severely jeopardize MGA's business.

17         Mattel opposes the motion on numerous grounds. First, it contends that the motion for

18   clarification is, in effect, an improper motion for reconsideration that does not satisfy the

19   standards for reconsideration, and is another attempt to withhold highly probative evidence that

20   bears directly on Mattel's claims and defenses. Mattel contends that the Order clearly requires

21   Bryant to produce his drawings, and that MGA and Bryant are now precluded from withholding

22   documents relating to unreleased products because they failed to raise the issue earlier. Second,

23   Mattel asserts that drawings and designs for unreleased products are relevant to its claims for

24   breach of contract, breach of fiduciary duty, breach of the duty of loyalty, copyright infringement,

25   and misappropriation of trade secrets. Third, Mattel contends that the protective order currently

26   in place, which addresses trade secret information in particular, is adequate to protect MGA and

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                          3

EXHIBIT   B
PAGE   16

1   Bryant's interests.  Fourth, Mattel contends that the additional protections MGA and Bryant seek

2   under Rule 26(c), Fed.R.Civ.P., would hamstring its ability to investigate and prosecute its claims

3   and defend against MGA's claims.

4                                    III. DISCUSSION

5   A. The Order Requires Production of Drawings and Designs for Products Not Yet Released

6        The Order clearly requires Bryant to produce all documents in his possession, custody or

7   control relating to Bratz and other products that Bryant has worked on with or for MGA.  Among

8   other things, the Order requires Bryant to produce documents responsive to Mattel's Request Nos.

9   12, 19, 40, 41, and 54.  Request No. 12 seeks production of all documents that refer or relate to

10  work or services that Bryant performed for or on behalf of MGA after October 20, 2000.  See

11  Zeller Decl., Ex. 4.  Request No. 19 seeks production of all documents that refer or relate to

12  designs that Bryant created, authored, produced, conceived of or reduced to practice after October

13  20, 2000 as purported "works-made-for-hire," whether in whole or in part for or on behalf of

14  MGA.  Id.  Request No. 40 seeks production of documents that refer or relate to Bryant's

15  participation in the conception, creation, design, development, sculpting, tooling, production or

16  manufacture of Bratz.  Id.  Request No. 41 seeks production of all documents that refer or relate

17  to designs for Bratz.  Id.  Request No. 54 seeks production of all prototypes, models, samples and

18  tangible items that refer or relate to Bratz.  Id.  Each of these requests covers drawings and

19  designs for Bratz products, regardless of when the drawings and designs were created or whether

20  the products to which they relate have been released.

21       Nowhere does the Order exempt, or even arguably exempt, from production responsive

22  documents relating to products that have not been released.  To the contrary, the Order rejects

23  Bryant's objections based upon relevancy and overbreadth.  In particular, the Order rejects

24  Bryant's "First Generation Bratz" limitation, which sought to limit discovery to only those

25  documents relating to the first dolls sold to the public in the summer of 2001.  Thus, under the

26

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                      4

EXHIBIT  B

PAGE  17

1    Order, Bryant is required to produce drawings and designs in his possession for products currently

2    under development and not yet released to the public.

3            Because the terms of the Order are clear, MGA's and Bryant's request for clarification of

4    the Order is denied.

5    B. There is Good Cause to Modify the Protective Order as to Drawings and Designs for Products

6    Not Yet Released

7            In the event that designs and drawings for unreleased products under development are

8    found relevant and within the scope of the Order, MGA and Bryant move in the alternative for a

9    protective order pursuant to Rule 26(c), Fed.R.Civ.P., that would provide additional protections

10   not available under the protective order currently in place.  More specifically, MGA and Bryant

11   seek either (1) an order that the designs and drawings for MGA's unreleased products not be

12   revealed at all; (2) an order delaying production of designs and drawings for MGA's unreleased

13   products until the products are released; (3) an order requiring the designs and drawings to be

14   placed in an escrow for an expert to review and prohibiting the expert from removing or copying

15   the documents; or (4) an order providing that the drawings and designs for unreleased products be

16   produced for inspection by only an independent expert at the offices of MGA's counsel, with no

17   copying, photographing or sketching permitted.  Because there is already a protective order in

18   place, MGA and Bryant's motion is construed as one for modification of the existing protective

19   order.[2]

20                          1. Rule 26 Standards

21           Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

22   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

23

24   _____

25       [2] Mattel's contention that the present motion is an improper motion for reconsideration is without merit. To
     the extent MGA and Bryant seek protection under Rule 26(c), Fed.R.Civ.P., their motion raises issues that were not
     within the scope of Mattel's motion to compel production of documents from Bryant.  Furthermore, paragraph 19 of
26   the protective order currently in place provides that a party may, at any time, apply to the Court for a modification of
     its terms.

27

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                                          5

1   party." Fed.R.Civ.P. 26(b)(1).  "Relevant information need not be admissible at trial if the

2   discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

3   Even when discovery is permissible under Rule 26(b)(1), however, discovery may be limited

4   pursuant to Rule 26(c), Fed.R.Civ.P., which provides for the issuance of a protective order upon

5   motion by a party that has conferred in good faith in an effort to resolve the dispute without court

6   action, and for good cause shown.  Rule 26(c) provides for "any order which justice requires to

7   protect a party or person from annoyance, embarrassment, oppression or undue burden or

8   expense," including, among other things, "(1) that the disclosure or discovery not be had; (2) that

9   the discovery may be had only on specified terms and conditions, including a designation of the

10  time or place . . . (5) that the discovery be conducted with no one present except persons

11  designated by the court" and "(7) that a trade secret or other confidential research, development,

12  or commercial information not be revealed or revealed only in a designated way."  In general, in

13  determining whether a protective order should issue for trade secrets, the Ninth Circuit requires

14  that a court balance the risk to the disclosing party of inadvertent disclosure of trade secrets to

15  competitors against the risk to the moving party that protection of the trade secret would impair

16  the prosecution of its claims.  Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th

17  Cir. 1992) (upholding protective order granting access to source code and other trade secret

18  materials to only an independent consultant).

19                          2. The Documents At Issue Are Relevant

20          In support of its motion for a protective order, MGA and Bryant contend that drawings

21  and designs for products not yet released to the public are not relevant to any of Mattel's claims.

22  As an initial matter, MGA and Bryant contend that Mattel cannot possibly have suffered a

23  cognizable injury relating to MGA's products that have not yet been released, and that Mattel has

24  never taken the position that such products are relevant.  MGA and Bryant next contend that the

25  drawings and designs for unreleased products are not relevant to Mattel's counterclaim for

26  copyright infringement because that claim is premised on an allegation that Bryant created the

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                                          6

EXHIBIT   B
PAGE   19

1    original Bratz drawings while still employed at Mattel. MGA and Bryant similarly contend that
2    drawings and designs for products not yet released to the public are not relevant to Mattel's
3    original claim that Bryant breached his confidentiality obligations while still employed by Mattel.
4    Because Mattel's claims are based upon events occurring while Bryant was still employed by
5    Mattel, MGA and Bryant believe that drawings and designs for products currently under
6    development -- over six years after the termination of Bryant's employment at Mattel -- have no
7    relevance. MGA and Bryant further contend that the drawings and designs for products currently
8    under development are not relevant to Mattel's counterclaim for trade secret misappropriation.
9    MGA and Bryant reason that the trade secret claim is based on the alleged theft of business
10   information, not drawings and designs for products.
11          Consistent with the analysis previously set forth in the Order, the Discovery Master finds
12   that drawings and designs for unreleased products are relevant to Mattel's claims against Bryant.
13   Mattel claims that it owns works created by Bryant during his Mattel employment, regardless of
14   whether the works resulted in a Bratz doll released at a particular time. Further, Mattel's
15   complaint alleges that Bryant breached his confidentiality obligations while employed by Mattel.
16   As Mattel points out, Bryant has a continuing obligation not to use Mattel's confidential and
17   proprietary information.
18          Drawings and designs for unreleased products are also relevant to Mattel's copyright
19   infringement claim. It is true, as MGA and Bryant point out, that Mattel claims it owns
20   copyrights in Bratz works created by Bryant while still employed by Mattel. Mattel, however,
21   also asserts that Bryant has infringed Mattel's alleged copyrights in Bratz works through his
22   ongoing conduct of reproducing and creating derivative works.
23          · Drawings and designs for unreleased products are also relevant to Mattel's counterclaim
24   for trade secret misappropriation. Among other things, Mattel alleges that MGA stole its future
25   line lists that detail the Barbie products that Mattel anticipated producing in 2004. Drawings of
26   unreleased MGA products that resemble unreleased products on Mattel's line lists may support
27
28   Bryant v. Mattel, Inc.,                                                                        7
     CV-04-09049 SGL (RNBx)

EXHIBIT   B

PAGE   20

1  Mattel's allegation of trade secret misappropriation, even if the line list might potentially be

2  outdated. Further, proof of trade secret theft is also relevant to Mattel's defense against MGA's

3  unfair competition claims.[3]

4          <u>3. The Drawings and Designs Are Entitled to Heightened Protection</u>

5        MGA and Bryant contend that drawings and designs for unreleased products fall squarely

6  within the category of trade secret information and should not be revealed at all, or in the

7  alternative, should not be revealed prior to release of the products. They contend that there is

8  good cause for heightened protection for drawings and designs for unreleased products because

9  any relevance of such drawings and designs is marginal at best, and the potential damage to MGA

10 of any disclosure is substantial. According to MGA and Bryant, there are thirteen lawyers at

11 Mattel's retained law firm who have recently been named in or on briefs submitted by Mattel. In

12 addition, MGA and Bryant estimate that there are numerous other staff members and outside

13 vendors – such as copy services, couriers, court reporters, experts and their respective staffs—

14 who also handle documents in this case on a regular basis. MGA and Bryant contend that the

15 current protective order allows disclosure to each of these groups of people, even for documents

16 restricted as "Confidential – Attorneys' Eyes Only." Moreover, MGA and Bryant contend that

17 Mattel has a practice of summarizing or paraphrasing contents of confidential documents or

18 testimony in briefs and other papers filed with the Court. MGA and Bryant suspect that Mattel

19 may follow this practice with respect to drawings and designs of unreleased products, and thereby

20 release MGA's trade secret information to the public.

21       Mattel opposes any modification of the existing protective order, asserting that the parties

22 contemplated exchanging trade secret information, including "non-public information relating to

23

24     [3] MGA and Bryant's contention that discovery of drawings and designs for unreleased products is barred
    unless and until Mattel complies with California Code of Civil Procedure section 2019.210 is without merit.
25     Drawings and designs for unreleased products are relevant to claims other than the trade secret misappropriation
    claim, such as Mattel's claim for copyright infringement. Furthermore, the case relied upon by MGA and Bryant,
26     <u>Advanced Modular Sputtering, Inc. v. Superior Court</u>, 132 Cal.App.4th 826 (2nd Dist. 2005), is distinguishable from
    the present case in that not all of Mattel's claims are "factually dependent" on the trade secret claim.

27

28     Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

                                                     8

1  product development and design,"[4] and agreed to certain safeguards for trade secret information.

2  Mattel contends that there is little to no risk of unwarranted disclosure of MGA's trade secrets

3  because Mattel's in-house counsel and employees are not permitted to inspect or know the

4  contents of documents designated as "Confidential--Attorneys' Eyes Only." Mattel also denies

5  disclosing MGA's confidential information in briefs filed with the court.

6      Mattel's argument that MGA is limited to the terms of the current protective order is

7  without merit. The current protective order was negotiated by the parties at the inception of the

8  case, well before all of the claims and defenses were established. At that time, the parties did not

9  fully understand or foresee what documents and trade secrets would be relevant and discoverable

10  under Rule 26, Fed.R.Civ.P. Moreover, paragraph 19 of the protective order provides that a party

11  may, at any time, apply to the court for a modification of its terms.

12      On balance, there is good cause for heightened protection for drawings and designs for

13  unreleased products. MGA and Mattel are direct competitors. MGA has submitted the

14  declaration of Paula Garcia to support its claim of trade secrets. Ms. Garcia is the Vice President

15  of Product Design and Development and is responsible for the design and development of Bratz

16  products. She states that "[w]ithout question, a toy manufacturer's unreleased toy concepts . . .

17  are among its most highly valuable trade secrets." Garcia Decl. at ¶4. She states that "[a]lthough

18  such drawings and designs are valuable even after the product's public release, their value is

19  enormous prior to their public release because it is the new ideas and designs that are most likely

20  to generate new sales." Id. She further states that MGA protects its product designs and drawings

21  by using confidentiality agreements, computer passwords, and security guards. She also states

22  that vendors, manufacturers, suppliers and other third parties who may see a product design late in

23  the development process are required to sign strict confidentiality agreements. Ms. Garcia states

24  that "MGA's drawings for some of its yet-unreleased 'Bratz' products are even more closely

25

26  ───────────────

27      [4] Protective Order at 2-3.

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                              9

1   protected." Id. at ¶6.  More specifically, she declares that when MGA begins to develop a new

2   Bratz line, only a very limited number of people know about it.  Further, Ms. Garcia asserts, "[i]n

3   fact, with respect to some 'Bratz' products, Carter Bryant and I are the only people who know

4   what the concept is and who see the early product drawings.  Even after I approve and we have

5   finalized the concept, only a small number of people on the 'Bratz' development team have

6   exposure to the drawings." Id.  Thus, drawings and designs for MGA products not yet released to

7   the public are unquestionably valuable trade secret information.

8          Although the protective order currently in place provides for two tiers of protection, MGA

9   points out that even under the higher "Confidential – Attorneys' Eyes Only" tier, MGA's

10  drawings and designs for unreleased products could be disclosed to at least thirteen of Mattel's

11  lawyers, as well as staff members, and also outside vendors such as copy services, court reporters,

12  experts and their staff.  Given the number of people involved in the case, MGA is justifiably

13  concerned about the possibility of inadvertent disclosures of trade secrets that could lead to

14  substantial economic injury.

15         In comparison to the potential risk of harm to MGA, Mattel's need for drawings and

16  designs for unreleased products is relatively small.  Mattel's claims and defenses are centered

17  upon Bryant's conduct during his employment at Mattel, which ended in October of 2000, and

18  events leading up to the release of the First Generation of Bratz dolls in the summer of 2001.

19  Although the lawsuit is much broader than the First Generation of Bratz dolls, events occurring

20  after the summer of 2001 become less relevant as more time passes.  Approximately six years

21  have passed since the launch of the First Generation Bratz dolls.  Furthermore, for purposes of

22  determining damages, drawings and designs for released products are far more relevant than

23  drawings and designs for yet unreleased products.  Indeed, as MGA and Bryant point out, it is

24  unlikely that Mattel could have suffered any cognizable injury from MGA products that have not

25  yet been released.

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT   B

PAGE   23

1    In summary, the potential for inadvertent disclosure under the terms of the existing

2  protective order outweighs Mattel's need for drawings and designs for unreleased products.

3  Accordingly, MGA and Bryant are entitled to additional protective measures to prevent

4  inadvertent disclosure of drawings and designs for unreleased products.

5                    4. Delaying Production of Drawings and Designs Until

6        Products Are Released Would Impair Mattel's Ability To Prosecute Its Claims

7        MGA and Bryant seek a protective order delaying production of drawings and designs for

8  products under development until the products are actually released.  MGA and Bryant anticipate

9  releasing products in the fall of 2007 and the spring of 2008.  MGA and Bryant's Reply at 4:26-

10  28.  MGA and Bryant contend that production of drawings and designs for products under

11  development prior to their release date would impose an unwarranted burden for two reasons.

12  First, MGA and Bryant assert that Mattel's requests are broad.  Second, they contend that

13  requiring production of drawings and designs would be disruptive to the product development

14  process.  They explain that the creative process is fluid, constant, and extremely rapid.  They

15  explain that for some Bratz products, Bryant may create and develop scores of drawings that are

16  modified and improved throughout the development cycle.  Further, MGA often goes back to, or

17  builds on, prior drawings.  MGA and Bryant contend that "to be forced to turn over these

18  drawings throughout the development process before the product line is finalized, particularly as

19  MGA is operating under such short development cycles, would not only substantially compromise

20  the strict confidentiality measures that MGA has in place but would be extremely disruptive to its

21  ability to do business and therefore significantly impact its ability to compete."  MGA and

22  Bryant's Motion at 11:16-22.

23        MGA and Bryant's proposal to delay production until products are released is unworkable.

24  Although MGA anticipates releasing products in the fall of 2007 and the spring of 2008, there is

25  no guarantee that MGA will meet those release dates.  If there are delays in the release dates,

26  Mattel might not have sufficient time to review the drawings and designs and conduct follow up

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                11

EXHIBIT ___B___

PAGE ___24___

1    discovery under the current schedule.  Trial on Mattel's original claims is scheduled for February

2    of 2008, and trial on MGA's claims and Mattel's counterclaims is scheduled for July of 2008.

3    In light of the trial schedule, any delay beyond June 29, 2007 would unduly prejudice Mattel's

4    ability to prepare for trial.

5                                      5. Additional Procedures

6          At the hearing, the parties represented that they would submit a stipulation and proposed

7    order with additional terms governing the production of drawings and designs for MGA's

8    products that are under development.  On April 23, 2007, the parties submitted a stipulation and

9    proposed order.  The parties stipulated to define "Subject Documents" as "documents (defined to

10   include both tangible items and electronic data) created after January 1, 2006 that pertain to

11   products which are currently unreleased and scheduled for public release in 2007 or 2008 and

12   that constitute highly sensitive trade secrets of the producing Party."  Stipulation and Proposed

13   Order at ¶1.  The main terms of the stipulation are as follows:

14         1. That "Subject Documents" may be withheld from production to the other parties until

15   June 29, 2007.  Id. at ¶2.

16         2. That "Subject Documents" may be designated as "Highly Confidential – Restricted

17   Attorneys' Eyes Only," and that documents so designated "shall not be disclosed in any way to,

18   nor their contents summarized or discussed in substance with, any person other than:  (i) up to

19   three attorneys at the receiving Party's outside law firm; (ii) such independent, outside expert(s)

20   for the receiving Party who outside counsel deems necessary to show such documents for

21   purposes of providing expert opinion or expert testimony; (iii) one assistant or paralegal for each

22   Party . . . (iv) the Court, including the Discovery Master and other personnel identified in

23   paragraphs 6(g) and 7 of the Protective Order; (v) the authors, senders, addressees and

24   designated copy recipients of any document designated 'Highly Confidential – Restricted

25   Attorneys' Eyes Only'; and (vi) such other persons as may be consented to in writing or on the

26

27

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                           12

EXHIBIT  B
PAGE  25

1    record by the Party designating such documents 'Highly Confidential – Restricted Attorneys'

2    Eyes Only.'" Id. at ¶3(b).

3        3. That "[d]ocuments designated as 'Highly Confidential – Restricted Attorneys' Eyes

4    Only' shall not be copied except to create one archival file copy, one working copy for the

5    designated attorneys and/or any designated expert, or for use as exhibits at deposition or trial or

6    in filings with the Court, including the Discovery Master." Id. at ¶3(d).

7        4. That "[e]ach receiving Party's original copy set and all copies of Subject Documents,

8    including any copies for use as exhibits or in motion practice, shall be maintained in a secure,

9    locked file at all times when not physically being used by the receiving party's counsel or

10    expert." Id. at ¶3(e); and

11        5. That the producing Party "shall re-designate or de-designate Subject Documents

12    relating to a product within fourteen (14) days of the following events, whichever occurs earlier:

13    (a) the production is first shipped, or (b) the product is first disclosed to a third party without an

14    express confidentiality agreement." Id. at ¶4

15        Good cause appearing, the stipulation is hereby approved and shall be entered as a

16    separate order of the court.

17                 V. CONCLUSION

18        For the reasons set forth above, MGA and Bryant's motion for clarification of the Order is

19    denied. MGA and Bryant's alternative motion for a protective order pursuant to Rule 26(c),

20    Fed.R.Civ.P., is granted. The parties shall abide by the terms of the stipulation and order to

21    modify the protective order.

22        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

23    Master, MGA shall file this Order with the Clerk of Court forthwith.

24    Dated: ~~January~~ May 15, 2007

25                   HON. EDWARD A. INFANTE (Ret.)

                            Discovery Master

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

13

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 15,

2007, I served the attached ORDER MODIFYING PROTECTIVE ORDER in the within

action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that
the above is true and correct.

Executed on May 15, 2007, at San Francisco, California.

Anthony Sales

**EXHIBIT C**

EXHIBIT _C_

PAGE _28_

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

April 3, 2009

VIA FACSIMILE AND E-MAIL

Amman A. Khan, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, CA 90067

Re:   Mattel, Inc. v. MGA Entertainment et al.

Counsel:

I write, pursuant to paragraph 5 of the Order for the Appointment of a Discovery Master, to request a meet and confer regarding the "HIGHLY CONFIDENTIAL -- RESTRICTED ATTORNEYS' EYES ONLY" confidentiality designation established in the April 26, 2007 Stipulation to Modify Protective Order ("third-tier designation").

As you know, the third-tier designation may be applied only to documents "created after January 1, 2006 that pertain to products which are currently unreleased and scheduled for public release in 2007 or 2008 and that constitute highly sensitive trade secrets of the producing Party." Stipulation at 3. Many documents that never fell within this definition were designated as third-tier documents, and all the documents that arguably did fall within the definition should have been re-designated long ago, pursuant to paragraph 4 of the Stipulation. MGA's failure to properly designate or re-designate these documents is a violation of the Stipulation and places an undue burden on the third-tier reviewers.

Please let us know if you are willing to de-designate or re-designate all the documents currently designated "HIGHLY CONFIDENTIAL -- RESTRICTED ATTORNEYS' EYES ONLY." If MGA will not agree to a prompt re-designation of these materials, Mattel plans to move to

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-17

EXHIBIT   _C_

PAGE   _29_

compel MGA to do so and may ask for sanctions for MGA's clear violation of the Stipulation's terms. I am generally available all next week to discuss this. Please let me know what time works with your schedule.

Thank you.

Sincerely,

Diane C. Hutnyan

EXHIBIT _____C_____

PAGE _____30_____

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| | | |
|---|---|---|
| **NEW YORK** | **LOS ANGELES** | **SAN FRANCISCO** |
| 51 Madison Avenue, 22nd Floor | 865 South Figueroa Street, 10th Floor | 50 California Street, 22nd Floor |
| New York, NY 10010 | Los Angeles, CA 90017 | San Francisco, CA 94111 |
| (212) 849-7000 | (213) 443-3000 | (415) 875-6600 |
| Facsimile: (212) 849-7100 | Facsimile: (213) 443-3100 | Facsimile: (415) 875-6700 |

| | | | |
|---|---|---|---|
| **SILICON VALLEY** | **CHICAGO** | **LONDON** | **TOKYO** |
| 555 Twin Dolphin Drive, Suite 560 | 250 South Wacker Drive, Suite 230 | 16 Old Bailey | Akasaka Twin Tower Main Building, 6th Floor |
| Redwood Shores, CA 94065 | Chicago, IL 60606 | London EC4M 7EG United Kingdom | 17-22 Akasaka 2-Chome |
| (650) 801-5000 | (312) 463-2961 | +44(0) 20 7653 2000 | Minato-ku, Tokyo 107-0052 Japan |
| Facsimile: (650) 801-5100 | Facsimile: (312) 463-2962 | Facsimile: +44(0) 20 7653 2100 | +81 3 5561-1711 |
| | | | Facsimile: +81 3 5561-1712 |

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**   April 3, 2009                       **NUMBER OF PAGES, INCLUDING COVER: (3)**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amman A. Khan, Esq.<br>Glaser, Weil, Fink, Jacobs & Shapiro, LLP | | 310-556-2920 |

**FROM:**   Diane C. Hutnyan

**RE:**   Mattel, Inc. v. MGA Entertainment et al.

**MESSAGE:**

PLEASE SEE ATTACHED CORRESPONDENCE.

| 07975/2868500.1 | | | |
|---|---|---|---|
| **CLIENT #** | **07975** | **ROUTE/ RETURN TO:** Tiffany Garcia - 3 | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
| **OPERATOR:** Prisalla | | **CONFIRMED?** ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT _C_

PAGE _31_

**EXHIBIT D**

EXHIBIT $\underline{D}$

PAGE $\underline{32}$

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7865
EMAIL: AKHAN@GLASERWEIL.COM

April 10, 2009

Ⅲ MERITAS LAW FIRMS WORLDWIDE

**VIA EMAIL AND U.S. MAIL**

Diane C. Hutnyan, Esq.
QUINN, EMANUEL, URQUHART,
    OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re:    *Bryant v. Mattel, Inc. and Consolidated Actions*, Case No. CV04-09049

Dear Ms. Hutnyan:

        This responds to your letter of April 3, 2009.  You vaguely challenge MGA's designation
of certain documents as "Highly Confidential-Restricted Attorney Eyes Only" but you fail to
identify by Bates label number, or in some other intelligible fashion, precisely which document
designations you seek to challenge.  You also failed to specify the precise basis on which you
seek to challenge MGA's designations under Paragraphs 3 or 4 of the May 14, 2007 Stipulation
to Modify Protective Order and Order Thereon.

        Please specify by Bates number the documents you believe are improperly designated
"Highly Confidential-Restricted Attorney Eyes Only" and the precise basis for your challenge.

        Please call me anytime if you wish to discuss this further.

                        Very truly yours,

                        Amman A. Khan
                of GLASER, WEIL, FINK, JACOBS,
                    HOWARD & SHAPIRO, LLP

cc:    Joel N. Klevens, Esq.
       Jason Russell, Esq.
       Patricia Benson, Esq.

672771

EXHIBIT  D
PAGE  33

**EXHIBIT E**

EXHIBIT _E_

PAGE _34_

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3666

WRITER'S INTERNET ADDRESS
dianehutnyan@quinnemanuel.com

April 10, 2009

VIA FACSIMILE AND E-MAIL
310-556-2920

Richard Stoll, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, CA 90067

Re:    Bryant v. Mattel, Inc. and Consolidated Actions
       U.S.D.C. Eastern Division, Case No. CV04-09049 SJL (RNBx)

Dear Richard:

As you know, I could not have been more clear in my April 3 letter that every currently third-tier-designated document is improperly designated because whether they ever fell within the definition for that designation or not, MGA certainly should have re-designated them long ago pursuant to Paragraph 4 of the Stipulation.  It is MGA's responsibility to know what is in Paragraph 4 and to comply with Paragraph 4.  MGA has failed to do so.

Will MGA re-designate all the documents?  Also, please let me know if you will make yourself available on Monday or Tuesday, the 13th or 14th, to speak with me about this.  Since, in the past you have not responded to my correspondence for more than a week, if I do not hear from you by Tuesday, I will have to assume that MGA refuses to designate, and will move for de-designation.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

EXHIBIT ___E___
PAGE ___35___

Richard Stoll, Esq.
April 10, 2009

Sincerely,

Diane C. Hutnyan

DH:dh

cc:    Jason Russell, Esq.

2

EXHIBIT ___E___

PAGE ___36___

**EXHIBIT F**

EXHIBIT F

PAGE 37

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3666

WRITER'S INTERNET ADDRESS
dianehutnyan@quinnemanuel.com

April 15, 2009

<u>VIA MAIL AND EMAIL</u>

Amman A. Khan, Esq.
Richard Stoll, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, CA 90067

Re:   Bryant v. Mattel, Inc. and Consolidated Actions
      <u>U.S.D.C. Eastern Division, Case No. CV04-09049 SJL (RNBx)</u>

Dear Amman and Richard:

Pursuant to my conversation with Amman yesterday afternoon regarding MGA's continuing misuse of the third-tier designation, I enclose a list of the Bates-numbered documents that our records show are currently designated as Third Tier by MGA. While I am sure that you recognize that it is not Mattel's responsibility to provide MGA with a list of its own third-tier document designations, Mattel is willing to provide this list to MGA to speed things along.

There is, as we have explained, no basis for MGA's designations. The language of the stipulation identifies the categories of documents affording such protection as those "created after January 1, 2006 that pertain to products which are currently unreleased *and scheduled for public release in 2007 or 2008* and that constitute highly sensitive trade secrets of the producing Party." Indeed, MGA itself has recognized that the modified protective order was intended to cover documents relating to products that were in development in April 2007 for release in fall 2007 and spring 2008. In that it is already 2009, it is not possible to have products currently scheduled for release in fall 2007 or spring 2008. Therefore, no documents can meet the requirements of the definition, and more importantly, they lack the special qualities that MGA

**quinn emanuel urquhart oliver & hedges, llp**

07209/2885 11.2

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

EXHIBIT ___F___
PAGE ___38___

agreed were necessary to afford them the special heightened protection of the third-tier designation.

As already more than a week has elapsed since I raised the issue, we will have no choice but to file our motion unless MGA agrees to re-designate these documents. Please also be advised that because the issue is so clear cut at this point and because MGA was required to re-designate even without Mattel's prodding, Mattel also will seek reimbursement of its fees if MGA forces Mattel to bring a motion to obtain MGA's compliance with the stipulation modifying the protective order.

I look forward to hearing from you soon.

Sincerely,

Diane C. Hutnyan

DH:CEB

Attachment

EXHIBIT __F__

PAGE __39__

**EXHIBIT G**

EXHIBIT ___G___
PAGE ___40___

## Lisa Zepeda

**From:** Amman Khan
**Sent:** Thursday, April 16, 2009 3:20 PM
**To:** 'Diane Hutnyan'
**Subject:** RE: MGA/Mattel Correspondence Regarding Extension of Time

Diane, Thanks for thanking me. Here's my point: Your firm's server delayed relaying your email to me for almost an hour. For me that presents a problem because in this case emails are often sent to the Discovery Master and the Court and decisions can be made without us being given an opportunity to respond. Please check why your emails are delayed and please confirm for me that you will do so.

Regarding your assertion about faxes, I did not get any faxes from you yesterday at 5:18 or at any other time, nor were any sent to me. I double checked that with my secretary. As I said in my VM to you, yesterday afternoon I was in meetings out of the office, but when I got your emails, I responded. As you know, we sent you our opposition brief more than five days earlier. Next time you need an extension from me, please try to get it more than two hours before the deadline!

On another note, thanks for your April 15, 2009 list of third tier designations. Its much much longer than I anticipated. I was not involved in the production or designation of those documents but I have sent out queries to try to get a better handle on why the list is longer than I was initially told. Thus, I will need time to review your list and make sure that those documents do not include product designs that remain unreleased and therefore are deserving of added protection from disclosure to an MGA competitor like Mattel. I propose getting back to you Friday April 24, 2009 about this. Please let me know if that works for you. -- Amman

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Thursday, April 16, 2009 2:38 PM
**To:** Amman Khan
**Subject:** RE: MGA/Mattel Correspondence Regarding Extension of Time

Amman,

Thank you for this information, although I am not sure of your point here. You received my original email asking for the extension at 3:07, and had not responded to it by 4:52, at which point you received my second email asking you again for a response. Also, you received your faxed copy of my letter to Mr. O'Brien requesting the extension by 5:18 and you apparently received Mr. O'Brien's emailed response granting our request at 5:56. Yet your voicemail offer of a one-day extension did not come in until 6:00 p.m. So even if the email carrying my letter to Mr. O'Brien was delayed in reaching you, that does not explain why you (not to mention Mr. Stoll and Mr. Russell) did not respond to the 3:07 email or the 4:52 email, or to the faxes that were received at both of your firms by 5:18.


Diane Cafferata Hutnyan, Esq.
**quinn emanuel** |trial lawyers
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3666
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: dianehutnyan@quinnemanuel.com
Web: www.quinnemanuel.com

Linked In: http://www.linkedin.com/in/dianehutnyan

EXHIBIT ___G___
PAGE ___41___

4/22/2009

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Amman Khan [mailto:akhan@glaserweil.com]
**Sent:** Thursday, April 16, 2009 11:21 AM
**To:** Diane Hutnyan
**Subject:** RE: MGA/Mattel Correspondence Regarding Extension of Time

Diane, it appears your firm's email server is delaying delivery of your email to us.  Although your email to DM O'Brien bears a time stamp of 5:12, I did not get it until 6:53.  And by that time I had already telephoned you and given you a one-day extension based on the email you had sent to me earlier that afternoon.  I checked with my IT department and they confirmed the delay was not with our email servers but with your firm's server.

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Wednesday, April 15, 2009 5:12 PM
**To:** hansen.drew@arentfox.com; obrien.robert@arentfox.com
**Cc:** jason.russell@skadden.com; Richard Stoll; Amman Khan; Patricia Glaser; Michael T Zeller; Dylan Proctor; rjf@msk.com
**Subject:** MGA/Mattel Correspondence Regarding Extension of Time

Dear Mr. O'Brien and Mr. Hansen:

Please find attached correspondence regarding an extension of time for Mattel's Reply In Support of Its Motion To Compel The Production Of Documents and Things as Called for In Request No. 48 (First Set) and Nos. 43-75 (Third Set).

Thank you.


Diane Cafferata Hutnyan, Esq.

**quinn emanuel** | trial lawyers
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3666
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  dianehutnyan@quinnemanuel.com
Web:  www.quinnemanuel.com

Linked In:  http://www.linkedin.com/in/dianehutnyan

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT G
PAGE 42

4/22/2009