QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>  Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>REPLY IN SUPPPORT OF MATTEL, INC.'S *EX PARTE* APPLICATION FOR AMENDMENT OF THE BRIEFING SCHEDULE REGARDING MATTEL, INC.'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 11 REGARDING MOTION OF MATTEL, INC. TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA<br><br>**Phase 2**<br>Discovery Cut-off:   Dec. 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date:                March 23, 2010 |

07975/2902045.2

REPLY ISO EX PARTE APPLICATION FOR AMENDMENT OF BRIEFING SCHEDULE

The MGA Parties do not dispute that the existing briefing schedule on Mattel's objections to the Vargas and Trueba Order—which allows the MGA Parties well over a month to prepare their opposition and leaves Mattel only four days to prepare its reply—is prejudicial to Mattel.  Instead, the MGA Parties continue to maintain that the only way to remedy this inequity is to cut short the Court's time to prepare for the hearing by having Mattel file its reply on Tuesday, May 26, 2009, the day after the Memorial Day holiday, rather than Friday, May 22, 2009. According to the MGA Parties, this would have no impact on the Court because it is "implausible" that the Court would review Mattel's reply papers over the Memorial Day weekend in any event.  Even setting aside their rather presumptuous pronouncements about the Court, the MGA Parties' argument misses the point.  If, as the MGA Parties propose, Mattel files its opposition at the end of the day on Tuesday, May 26 rather than the end of the day on Friday, May 22, the Court will have the completed briefing for less time prior to the June 1 hearing.[1]  MGA's insistence that either Mattel or the Court must be burdened with less time in order to preserve MGA's 35 days to prepare its opposition is simply unreasonable on its face.

The MGA Parties argue that the "true reason" for Mattel's ex parte application is to "cut short" their time to oppose Mattel's motion.  Mattel's proposed revision to the schedule—which still leaves the MGA Parties *28* days to prepare an opposition—hardly squeezes the MGA Parties.  The MGA Parties say they "want" the full 35 days because they purportedly have "a much smaller Phase 2 legal team than Mattel and a lot more to do."  But the MGA Parties are represented by a multitude of lawyers at two separate law firms on Phase 2 issues alone.  They cannot seriously maintain that 28 days to prepare an opposition (which is four times the

---

[1] In its ex parte application, Mattel incorrectly stated that MGA's proposal leaves the Court with only four court days to prepare for the hearing.  In fact, MGA's proposal leaves the Court with only *three* court days to prepare.

normal time period provided by the Local Rules) on discovery issues would be prejudicial. Indeed, rejecting similar claims by MGA, this Court recently found that 19 days was a sufficient period of time for MGA to file an opposition to Mattel's motion for leave to file a third amended answer and counterclaims.

The MGA Parties also argue that Mattel is "entirely responsible" for the current briefing schedule because it chose the June 1 hearing date. In fact, Mattel filed its motion within 10 court days of the Discovery Master's Order as required by the Fed. R. Civ. P. 72(a) and simply noticed the hearing for the first available date on the Court's calendar. Mattel has been seeking the depositions of Pablo Vargas and Mariana Trueba, both key witnesses in this case, for well over a year.[2] According to the MGA Parties, even though the first available hearing date was already seven weeks away, if Mattel wanted anything more than four days to prepare a reply, its only option was to delay the hearing and thereby further delay resolution of the dispute regarding the Vargas and Trueba depositions. Given that an eminently reasonable adjustment of the default briefing schedule under the Local Rules can be made and still leave the MGA Parties at least four weeks to prepare an opposition, this argument has no merit.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court order that the MGA Parties serve and file their opposition on Monday, May 11, 2009. At

---

[2] As set forth in Mattel's Motion, Mattel first noticed the depositions of Vargas and Trueba in January 2008, and moved to compel when they refused to appear. That motion was denied without prejudice when the Court issued its stay of Phase 2 discovery. Three days after the Phase 2 stay was lifted, Mattel re-noticed their depositions. The MGA Parties agreed to provide dates, and then reneged when the Glaser Weil firm substituted in as counsel, thus leading to the motion to compel at issue in Discovery Master Order No. 11 and Mattel's motion objecting thereto. See Mattel, Inc.'s Notice of Motion and Motion Objecting to Portions of Discovery Master Order No. 11 Regarding Motion of Mattel, Inc. to Compel Depositions of Pablo Vargas and Mariana Trueba, dated April 13, 2009, at 5-6 & nn. 23-32.

1  a minimum, the MGA Parties should be ordered to serve and file their opposition no
2  later than Friday, May 15, 2009.
3
4  DATED: April 26, 2009           QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
5
6
                                   By  /s/ Michael T. Zeller
7                                      Michael T. Zeller
                                       Attorneys for Mattel, Inc.