# Exhibit 1

1   DALE M. CENDALI (admitted *pro hac vice*)
    dcendali@omm.com
2   DIANA M. TORRES (S.B. #162284)
    dtorres@omm.com
3   JAMES P. JENAL (S.B. # 180190)
    jjenal@omm.com
4   O'MELVENY & MYERS LLP
    400 South Hope Street
5   Los Angeles, CA  90071-2899
    Telephone:   (213) 430-6000
6   Facsimile:   (213) 430-6407

7   PATRICIA GLASER (S.B. #55668)
    CHRISTENSEN, GLASER, FINK, JACOBS,
8   WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
9   Los Angeles, CA  90067
    Telephone:   (310) 553-3000
10  Facsimile:   (310) 557-9815

11  Attorneys for MGAE de Mexico, S.R.L. de C.V.

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

16  CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
                                           (consolidated with CV 04-9059 & 05-
17                 Plaintiff,              2727)

18         v.                              DECLARATION OF MARIANA
                                           TRUEBA ALMADA IN SUPPORT
19  MATTEL, INC., a Delaware               OF MGAE DE MEXICO, S.R.L. DE
    Corporation,                           C.V.'S REPLY IN SUPPORT OF ITS
20                                         MOTION TO DISMISS MATTEL'S
                   Defendant.              AMENDED ANSWER AND
21                                         COUNTERCLAIMS

22                                         Hearing Date:  April 30, 2007
                                           Time:  10:00 a.m.
23                                         Place:  Courtroom 1

24                                         Discovery Cut-off:  March 3, 2008
                                           Pre-trial Conference:  June 2, 2008
25                                         Trial Date:  July 1, 2008

26                                         Judge: Hon. Stephen G. Larson

27

28

EXHIBIT 1

PAGE 6

DECL OF MARIANA TRUEBA ALMADA ISO MGAE
MEXICO'S REPLY CV 04-09049 SGL (RNBX)

I, MARIANA TRUEBA ALMADA, declare and state as follows:

1.    I am the Director of Marketing for MGAE de Mexico ("MGA Mexico"). I have worked for MGAE Mexico since April 26, 2004. Before joining MGAE Mexico, I worked at Mattel de Mexico ("Mattel Mexico") as the Senior Marketing Manager.

2.    I was first contacted about working for MGAE Mexico when I worked at Mattel by Carlos Gustavo Machado Gomez, who also worked at Mattel Mexico.

3.    I planned to leave Mattel immediately after resigning, rather than provide the customary two weeks notice. This is because I did not want to view Mattel's 2004 Spring line, which was to be unveiled at the end of April 2004.

4.    On April 19, 2004, I resigned from Mattel, effective immediately. Machado and another Mattel employee, Pablo Vargas San Jose, also resigned that day. My employment agreement with MGAE Mexico was finalized April 16, 2004.

5.    Before joining MGAE Mexico, I interviewed for the MGAE Mexico job with Isaac Larian and Tom Park. I also discussed the position with Susana Kuemmerle. No one at or associated with MGA or MGAE Mexico—including Larian, Park, and Kuemmerle—ever asked me to take confidential information from Mattel.

EXHIBIT 1

PAGE 7

DECL OF MARIANA TRUEBA ALMADA ISO MGAE MEXICO'S REPLY CV 04-09049 SGL (RNBX)

6.   When I worked at Mattel Mexico, I did not go out of my way to attend Mattel Mexico meetings or contact an ad agency to get information about Barbie. I only attended Mattel Mexico meetings that I was expected to attend as a regular part of my job at Mattel Mexico.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 11th day of April, 2007, Mexico D.F., Mexico.

Mariana Trueba Almada

EXHIBIT __1__

PAGE __8__

- 2 -

DECL OF MARIANA TRUEBA ALMADA ISO MGAE
MEXICO'S REPLY CV 04-09049 SGL (RNBX)

# Exhibit 2

MAR 0 4 2009

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000

FAX: (213) 687-5600

www.skadden.com

DIRECT DIAL
(213) 687-5368
DIRECT FAX
(213) 621-5368
EMAIL ADDRESS
RHERRING@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 27, 2009

## VIA FACSIMILE & U.S. MAIL

Jon D. Corey, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:   *Mattel v. Bryant*

Dear Jon:

Pursuant to our agreement, I am sending a chart showing the MGA Parties' designations under the Protective Order in this matter for the Kummerle, Machado, and Castilla depositions. Please let us know if there are questions.

Best regards,

Robert J. Herrington

Enclosure

EXHIBIT 2

PAGE 9

**Designation Log for Depositions of Gomez, Kuemmerle, and Castilla**

| | | |
|---|---|---|
| Carlos Gustavo Machado Gomez | 16:9 - 19:14 | Confidential |
| Carlos Gustavo Machado Gomez | 37:2-21 | Confidential |
| Carlos Gustavo Machado Gomez | 42: 2-18 | Confidential |
| Carlos Gustavo Machado Gomez | 43:17 - 50:10 | Confidential |
| Carlos Gustavo Machado Gomez | 51:19-23 | Confidential |
| Carlos Gustavo Machado Gomez | 52:5 - 54:11 | Confidential |
| Carlos Gustavo Machado Gomez | 56:19-22 | Confidential |
| Carlos Gustavo Machado Gomez | 58:16 - 59:13 | Confidential |
| Carlos Gustavo Machado Gomez | 60:8-11 | Confidential |
| Carlos Gustavo Machado Gomez | 60:25 - 61:4 | Confidential |
| Carlos Gustavo Machado Gomez | 61:18 - 63:19 | Confidential |
| Carlos Gustavo Machado Gomez | 65:7 - 67:5 | Confidential |
| Carlos Gustavo Machado Gomez | 67:15 - 68:7 | Confidential |
| Carlos Gustavo Machado Gomez | 68:15 - 69:6 | Confidential |
| Carlos Gustavo Machado Gomez | 69:25 - 72:17 | Confidential / AEO |
| Carlos Gustavo Machado Gomez | 72:18 - 73:14 | Confidential |
| Carlos Gustavo Machado Gomez | 73:19 - 74:20 | Confidential |
| Carlos Gustavo Machado Gomez | 80:21 - 81:1 | Confidential |
| Carlos Gustavo Machado Gomez | 82:25 - 83:3 | Confidential |
| Carlos Gustavo Machado Gomez | 83:7-14 | Confidential |
| Carlos Gustavo Machado Gomez | 83:23 - 84:5 | Confidential |
| Carlos Gustavo Machado Gomez | 88:23 - 94:12 | Confidential |
| Carlos Gustavo Machado Gomez | 95:5-25 | Confidential |

EXHIBIT 2
PAGE 10

Designation Log for Depositions of Gomez, Kuemmerle, and Castilla

| | | |
|---|---|---|
| Carlos Gustavo Machado Gomez | 96:14-17 | Confidential |
| Carlos Gustavo Machado Gomez | 97:25 - 98:8 | Confidential |
| Carlos Gustavo Machado Gomez | 100:12-15 | Confidential |
| Carlos Gustavo Machado Gomez | 100:20-25 | Confidential |
| Carlos Gustavo Machado Gomez | 101:13-16 | Confidential |
| Carlos Gustavo Machado Gomez | 101:25 - 102:5 | Confidential |
| Carlos Gustavo Machado Gomez | 102:23 - 103:12 | Confidential |
| Carlos Gustavo Machado Gomez | 104:7-10 | Confidential |
| Carlos Gustavo Machado Gomez | 105:5-12 | Confidential |
| Carlos Gustavo Machado Gomez | 106:22 - 115:6 | Confidential |
| Carlos Gustavo Machado Gomez | 116:21 - 117:20 | Confidential |
| Susana Kuemmerle | 3:16-7 | Confidential |
| Susana Kuemmerle | 78:6 - 80:25 | AEO |
| Susana Kuemmerle | 83:14-18 | AEO |
| Susana Kuemmerle | 85:11-19 | AEO |
| Susana Kuemmerle | 86:12-24 | AEO |
| Susana Kuemmerle | 88:9 - 90:21 | AEO |
| Susana Kuemmerle | 91:21 - 92:14 | Confidential |
| Susana Kuemmerle | 105:9 - 106:16 | Confidential |
| Susana Kuemmerle | 108:9 - 110:8 | Confidential |
| Susana Kuemmerle | 111:2 - 125:5 | Confidential |
| Susana Kuemmerle | 125:24 - 138:25 | Confidential |
| Susana Kuemmerle | 140:20 - 148:5 | Confidential |
| Susana Kuemmerle | 148:23 - 149:5 | Confidential |

EXHIBIT 2

PAGE 11

Designation Log for Depositions of Gomez, Kuemmerle, and Castilla

| | | |
|---|---|---|
| Susana Kuemmerle | 204:7 - 206:7 | AEO |
| Susana Kuemmerle | 217:3 - 220:15 | AEO |
| Susana Kuemmerle | 121:14 - 125:18 | Confidential |
| Susana Kuemmerle | 127:9-23 | Confidential |
| Susana Kuemmerle | 128:7 - 154:25 | AEO |
| Jorge Castilla | 16:19 - 18:19 | Confidential |
| Jorge Castilla | 19:13 - 21:4 | Confidential |
| Jorge Castilla | 23:14-21 | Confidential |
| Jorge Castilla | 24:24 - 25:4 | Confidential |
| Jorge Castilla | 25:12-23 | Confidential |
| Jorge Castilla | 28:19 - 29:25 | Confidential |
| Jorge Castilla | 35:24 - 36:18 | Confidential |
| Jorge Castilla | 37:11-25 | Confidential |
| Jorge Castilla | 39:19 - 40:1 | Confidential |
| Jorge Castilla | 41:2 - 42:4 | Confidential |
| Jorge Castilla | 43:8 - 47:5 | Confidential |
| Jorge Castilla | 48:25 - 51:22 | Confidential |
| Jorge Castilla | 57:16 - 58:22 | Confidential |
| Jorge Castilla | 80:9-20 | Confidential |
| Jorge Castilla | 81:1-5 | Confidential |
| Jorge Castilla | 84:8 - 85:6 | Confidential |
| Jorge Castilla | 90:25 - 91:13 | Confidential |
| Jorge Castilla | 96:9-14 | Confidential |
| Jorge Castilla | 101:1-8 | Confidential |

EXHIBIT 2
PAGE 12

Designation Log for Depositions of Gomez, Kuemmerle, and Castilla

| | | |
|---|---|---|
| Jorge Castilla | 101:15 - 102:17 | Confidential |
| Jorge Castilla | 103:22 - 104:11 | Confidential |
| Jorge Castilla | 105:3-8 | Confidential |
| Jorge Castilla | 106:2 - 114:22 | Confidential |
| Jorge Castilla | 117:10-21 | Confidential |
| Jorge Castilla | 124:1-16 | Confidential |
| Jorge Castilla | 125:12-19 | Confidential |
| Jorge Castilla | 128:15 - 129:17 | Confidential |
| Jorge Castilla | 130:5-16 | Confidential |
| Jorge Castilla | 130:24 - 131:19 | Confidential |
| Jorge Castilla | 142:15-25 | Confidential |
| Jorge Castilla | 143:17 - 148:8 | Confidential |
| Jorge Castilla | 151:11 - 153:10 | Confidential |
| Jorge Castilla | 154:12 - 158:25 | Confidential |
| Jorge Castilla | 163:8 - 165:1 | Confidential / AEO |
| Jorge Castilla | 168:1-20 | Confidential |
| Jorge Castilla | 173:8 - 191:20 | Confidential |
| Jorge Castilla | 193:25 - 204:17 | Confidential |
| Jorge Castilla | 208:22 - 209:25 | Confidential |
| Jorge Castilla | 214:14 - 215:8 | Confidential |
| Jorge Castilla | 215:21 - 218:25 | Confidential |
| Jorge Castilla | 219:6-21 | Confidential |
| Jorge Castilla | 225:13 - 227:16 | Confidential |
| Jorge Castilla | 228:11 - 229:17 | Confidential |

EXHIBIT 2
PAGE 13

Designation Log for Depositions of Gomez, Kuemmerle, and Castilla

| | | |
|---|---|---|
| Jorge Castilla | 247:15 - 254:18 | Confidential |
| Jorge Castilla | 255:15 - 256:11 | Confidential |
| Jorge Castilla | 259:13 - 260:1 | Confidential |
| Jorge Castilla | 265:9 - 269:16 | Confidential |
| Jorge Castilla | 270:10 - 273:10 | Confidential |
| Jorge Castilla | 290:12 - 292:8 | Confidential |
| Jorge Castilla | 295:25 - 296:8 | Confidential |
| Jorge Castilla | 299:21 - 315:19 | Confidential |
| Jorge Castilla | 317:1 - 324:21 | Confidential |
| Jorge Castilla | 330:23 - 332:8 | Confidential |
| Jorge Castilla | 332:15-19 | Confidential |
| Jorge Castilla | 338:24 - 345:5 | Confidential |
| Jorge Castilla | 345:6 - 356:13 | AEO |
| Jorge Castilla | 362:6 - 363:3 | Confidential |
| Jorge Castilla | 364:21-25 | Confidential |
| Jorge Castilla | 365:12 - 370:8 | AEO |
| Jorge Castilla | 380:14 - 381:7 | Confidential |

EXHIBIT 2
PAGE 14

Confirmation Report – Memory Send

```
                                  Time    : 02-27-2009  03:56pm
                                  Tel line :
                                  Name    :


Job number            :   643

Date                  :   02-27  03:55pm

To                    :   94433100

Document pages        :   007

Start time            :   02-27  03:55pm

End time              :   02-27  03:56pm

Pages sent            :   007

Status                :   OK


Job number    : 643              *** SEND SUCCESSFUL ***
```

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE NO.: (213) 687-5000
FACSIMILE NO.: (213) 687-5600

EMAIL: RHERRING @skadden.com

FACSIMILE TRANSMITTAL SHEET

FROM: Robert J. Herrington                    DATE: February 27, 2009
DIRECT DIAL: (213) 687-5368                   FLOOR/OFFICE NO.: 36
DIRECT FACSIMILE: (213) 621-5368

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):    7

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

NAME: Mr. Jon D. Corey                        FIRM: Quinn Emanuel Urquhart, etc.
CITY: Los Angeles                             TELEPHONE NO.: (213) 443-3000
FACSIMILE NO.: (213) 443-3100

MESSAGE: Please see attached.

463740.05-Los Angeles Server 1A - MSW

EXHIBIT 2
PAGE 15

# Exhibit 3

RECEIVED

FEB 2 7 2007

1   DALE M. CENDALI (admitted *pro hac vice*)
    DIANA M. TORRES (S.B. #162284)
2   JAMES P. JENAL (S.B. # 180190)
    O'MELVENY & MYERS LLP
3   400 South Hope Street
    Los Angeles, CA  90071-2899
4   Telephone:  (213) 430-6000
    Facsimile:   (213) 430-6407
5   Email:       jjenal@omm.com

6   PATRICIA GLASER (S.B. #55668)
    CHRISTENSEN, GLASER, FINK,
7   JACOBS, WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
8   Los Angeles, CA  90067
    Telephone:  (310) 553-3000
9   Facsimile:   (310) 557-9815

10  Attorneys for MGAE de Mexico,
    S.R.L. de C.V.
11

12              UNITED STATES DISTRICT COURT
13             CENTRAL DISTRICT OF CALIFORNIA
                     EASTERN DIVISION
14

15  CARTER BRYANT, an individual,      Case No.  CV 04-09049 SGL (RNBx)
                        Plaintiff,      (consolidated with CV 04-9059 & 05-2727)
16          v.
    MATTEL, INC., a Delaware           **DECLARATION OF SUSANA**
17  Corporation,                       **KUEMMERLE IN SUPPORT OF**
                                        **MGAE DE MEXICO, S.R.L. DE C.V.'S**
18                      Defendant.      **JOINT MOTION TO DISMISS**
                                        **MATTEL'S AMENDED ANSWER AND**
19                                      **COUNTERCLAIMS**

20                                      **[Fed. R. Civ. Pro. 12(b)(2 & 6) & 12(f)]**

21                                      Hearing Date:
                                        Time:          March 26, 2007
22                                      Courtroom:     10:00 A.M.
    CONSOLIDATED WITH                                  1
23  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v.         Discovery Cut-off:
24  MATTEL, INC.                        Pre-trial Conference:   March 3, 2007
                                        Trial Date:             June 2, 2008
25                                                              July 1, 2008

26                                      Judge:  Hon. Stephen G. Larson

27                                      EXHIBIT **3**

28                                      PAGE **16**

                                        DECLARATION OF
                                        SUSANA KUEMMERLE

d

1         I, SUSANA KUEMMERLE, declare under penalty of perjury under

2   the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the

3   following is true and correct:

4         1.    I am the Vice President of MGAE de Mexico, S.R.L. de C.V.

5   ("MGA Mexico") and Latin American Sales, a position I have held since June 2,

6   2004.  I submit this declaration in support of the motion of MGA Mexico pursuant

7   to Rule 12(b)(2 & 6) and 12(f) of the Federal Rules of Civil Procedure to dismiss

8   Mattel's Amended Answer and Counterclaims (the "Counterclaims") insofar as

9   they purport to assert claims against MGA Mexico.

10         2.    MGA Mexico does not conduct any business in the United

11   States.

12         3.    All of MGA Mexico's sales are made locally in Mexico to

13   Mexico-based customers.

14         4.    MGA Mexico does not have any customers located in the

15   United States, does not make any sales calls in the United States, and does not

16   accept or fill any orders in the United States.

17         5.    MGA Mexico buys its "Bratz" line of toys FOB Hong Kong

18   from MGA Entertainment (HK) Limited.

19         6.    All of the day to day operations of MGA Mexico are managed

20   locally in Mexico.  For example, MGA Mexico's Finance Director, Sales Director

21   and Marketing Director are all based in Mexico and all of the marketing and

22   finance functions are handled in Mexico.

23         Executed on: February __, 2007

24

25

26                SUSANA KUEMMERLE

                      EXHIBIT 3

27                         PAGE 17

28

- 2 -

DECLARATION OF
SUSANA KUEMMERLE

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 South Hope Street, Los Angeles, California 90071-2899.

On February 27, 2007, I caused to be personally served the following documents:

1.   **MGAE DE MEXICO, S.R.L. DE C.V.'S NOTICE OF MOTION AND MOTION TO DISMISS MATTEL'S AMENDED ANSWER AND COUNTERCLAIMS;**

2.   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MGAE DE MEXICO, S.R.L. DE C.V.'S JOINT MOTION TO DISMISS MATTEL'S AMENDED ANSWER AND COUNTERCLAIMS;**

3.   **[PROPOSED] ORDER GRANTING MGAE DE MEXICO, S.R.L. DE C.V.'S MOTION TO DISMISS MATTEL'S AMENDED ANSWER AND COUNTERCLAIMS; and**

4.   **DECLARATION OF SUSANA KUEMMERLE IN SUPPORT OF MGAE DE MEXICO, S.R.L. DE C.V.'S JOINT MOTION TO DISMISS MATTEL'S AMENDED ANSWER AND COUNTERCLAIMS.**

upon counsel named below by placing a true and correct copy thereof in an envelope addressed as follows:

John Quinn, Esq.
Michael T. Zeller, Esq.
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 Figueroa Street, 10th Floor
Los Angeles, California 90017

☒     (By Personal Service) I prepared such envelope to be delivered by hand to the addressee(s) by Worldwide Network, Inc. Attorney Services, whose address is 350 South Figueroa Street, Suite 299, Los Angeles, California 90071.

LA2:811267.1

EXHIBIT 3

PAGE 18

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on February 27, 2007, at Los Angeles, California.

Mary C. Layman

EXHIBIT **3**

PAGE **19**

LA2:811267.1

## PROOF OF PERSONAL SERVICE

I am a citizen of the United States and employed in the County of Los Angeles, State of California, by Worldwide Network, Inc., whose address is 350 South Figueroa Street, Suite 299, Los Angeles, CA 90071.  I am over the age of eighteen years and not a party to the within action.  On February 27, 2007, I personally served the following:

1. **MGAE DE MEXICO, S.R.L. DE C.V.'S NOTICE OF MOTION AND MOTION TO DISMISS MATTEL'S AMENDED ANSWER AND COUNTERCLAIMS;**

2. **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MGAE DE MEXICO, S.R.L. DE C.V.'S JOINT MOTION TO DISMISS MATTEL'S AMENDED ANSWER AND COUNTERCLAIMS;**

3. **[PROPOSED] ORDER GRANTING MGAE DE MEXICO, S.R.L. DE C.V.'S MOTION TO DISMISS MATTEL'S AMENDED ANSWER AND COUNTERCLAIMS; and**

4. **DECLARATION OF SUSANA KUEMMERLE IN SUPPORT OF MGAE DE MEXICO, S.R.L. DE C.V.'S JOINT MOTION TO DISMISS MATTEL'S AMENDED ANSWER AND COUNTERCLAIMS.**

by delivering a copy thereof to the office of the following, and either handing the copy to or leaving it with the _____ of the office thereof:

### Service List

John Quinn, Esq.
Michael T. Zeller, Esq.
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 Figueroa Street, 10th Floor
Los Angeles, California  90017

EXHIBIT 3

PAGE 20

LA2:819850.1

1    I declare under penalty of perjury under the laws of the State of

2   California that the above is true and correct.  Executed on February 27, 2006, at

3   Los Angeles, California.

4

5              SIGNATURE:      _____

6              PRINTED NAME:   _____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                      EXHIBIT 3

27                                      PAGE 21

28

LA2:819850.1

# Exhibit 4

DALE M. CENDALI (admitted *pro hac vice*)
dcendali@omm.com
DIANA M. TORRES (S.B. #162284)
dtorres@omm.com
JAMES P. JENAL (S.B. # 180190)
jjenal@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071-2899
Telephone:   (213) 430-6000
Facsimile:    (213) 430-6407

PATRICIA GLASER (S.B. #55668)
CHRISTENSEN, GLASER, FINK,
JACOBS, WEIL & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA  90067
Telephone:   (310) 553-3000
Facsimile:    (310) 557-9815

Attorneys for MGAE de Mexico, S.R.L. de C.V.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant. | Case No.  CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727)<br><br>**DECLARATION OF ISAAC LARIAN IN SUPPORT OF MGAE DE MEXICO, S.R.L. DE C.V.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS MATTEL'S AMENDED ANSWER AND COUNTERCLAIMS**<br><br>Hearing Date:  April 30, 2007<br>Time: 10:00 a.m.<br>Place:  Courtroom 1<br><br>Discovery Cut-off:  March 3, 2008<br>Pre-trial Conference:  June 2, 2008<br>Trial Date: July 1, 2008<br><br>Judge:  Hon. Stephen G. Larson |

1        I, Isaac Larian, declare and state as follows:

2           1.    I am the Chief Executive Officer ("CEO") of MGA

3  Entertainment, Inc. ("MGA") and a resident of the State of California. All of the

4  facts set forth herein are known to me personally, and if called as a witness, I could

5  and would testify competently thereto.

6           2.    In the Spring of 2004, MGA decided to form MGAE de Mexico,

7  S.R.L. de C.V. ("MGA Mexico") to market and sell MGA products to consumers in

8  Mexico.

9           3.    Thomas Park, Susana Kuemmerle, and I recruited three then

10  employees of Mattel Mexico (Carlos Gustavo Machado Gomez, Pablo Vargas San

11  Jose, and Mariana Trueba Almada) to start up the sales and marketing operations of

12  MGA Mexico. During this recruitment and hiring process, I wrote and received

13  several email and mail communications about the terms and conditions of their

14  employment.

15           4.    I never directed, requested or suggested, by email, mail or

16  otherwise, for Machado, Vargas, Trueba, or anyone else to take any confidential or

17  proprietary business information from Mattel or any Mattel subsidiary. Nor did

18  anyone acting at my direction ever request or suggest that anyone take any

19  confidential or proprietary business information from Mattel or any Mattel

20  subsidiary. To the contrary, to the best of my recollection I told all three of them –

21  Machado, Vargas and Trueba – not to take anything from Mattel.

22           5.    In its opposition brief, Mattel implies that these three employees

23  of MGA Mexico – Machado, Vargas and Trueba – reported to me. They never

24  have.

25           6.    I was appointed to the Board of Managers of MGA Mexico on

26  April 15, 2004, when MGA Mexico was incorporated as a Mexican corporation,

27  and was granted powers of attorney to transact business on behalf of MGA Mexico

28  pursuant to its by-laws.

7.    I resigned from the Board of Managers of MGA Mexico effective February 25, 2005.

8.    With the exception of recruiting and hiring employees to start up the sales and marketing operations of MGA Mexico, I have not transacted any business on behalf of MGA Mexico nor have I been involved in the management of its day to day operations.  Susana Kuemmerle directs the operations of MGA Mexico from MGA Mexico's offices in Mexico.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _11_ day of April, 2007, at Los Angeles, California.

Isaac Larian

EXHIBIT 4

PAGE 24

- 2 -

DECL OF ISAAC LARIAN ISO MGAE
MEXICO'S REPLY CV 04-09049 SGL (RNBX)

# Exhibit 5



1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@chrisglase.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@chrisglase.com
3  GLASER, WEIL, FINK, JACOBS
     & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone:  310-553-3000
6  Facsimile:  310-556-2920

7  Russell J. Frackman, State Bar No. 049087
   rjf@msk.com
8  MITCHELL, SILBERBEG & KNUPP, LLP
   11377 West Olympic Boulevard
9  Los Angeles, California 90064
   Telephone:  310-312-2000
10 Facsimile:  310-312-3100

11 Attorneys for the MGA Parties For Phase Two

12               UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14                      EASTERN DIVISION

15

16 CARTER BRYANT, an individual          )   Case No. CV 04-9049 SGL (RNBx)
                                         )
17            Plaintiff,                 )   Consolidated with
                                         )   Case No. 04-09059
18 v.                                    )   Case No. 05-02727
                                         )
19 MATTEL, INC., a Delaware              )   **MGA PARTIES' OBJECTIONS TO**
   Corporation                           )   **MATTEL, INC.'S DEPOSITION**
20                                       )   **NOTICE OF MARIANA TRUEBA**
              Defendant.                 )
21 _____  )
                                         )
22                                       )
   AND CONSOLIDATED ACTIONS             )
23 _____  )

24

25

26                                           EXHIBIT 5

27

28                                           PAGE 25

665412

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

## MGA PARTIES' OBJECTIONS TO DEPOSITION NOTICE OF MARIANA TRUEBA

The MGA Parties hereby object to plaintiff Mattel, Inc.'s deposition notice of Mariana Trueba.

1.     The MGA Parties object to the deposition notice on the ground that Ms. Trueba is a resident and citizen of Mexico, not the United States.  Moreover, Ms. Trueba is neither a director, officer nor "managing agent" for the MGA Parties, and she is not a party to this action.  Thus, it is inappropriate to simply hail her into California by a mere notice of deposition.  *See e.g.*, FRCP 28(b), 45(b)(2); *Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct.*, 482 U.S. 522, 543 (1987) (International comity requires American Courts to exercise "special vigilance" to avoid subjecting foreign persons to unreasonably burdensome discovery. American Courts must give "most careful consideration" to the policies and interests of whatever country is involved . . . .).

2.     The MGA Parties object for the addition reason that Mattel's deposition notice goes beyond the number of depositions permitted and thus it is untimely.  By December 2007, Mattel had exhausted the number of depositions it was permitted.  Under the Court's January 7, 2008 Order (Doc. #1509), Mattel was given leave to conduct close to 50 additional Phase 1 and 2 depositions but it was ordered to complete those depositions by January 28, 2008, subject to a further stipulation of the parties.  "As to all depositions permitted by this Order, all counsel are expected to coordinate their schedules . . . such that the depositions are held prior to the discovery cut off date of January 28, 2008." (*See* Order at p. 5).  In that same order, the Court said that it would consider a stipulation that allowed the parties to designate certain depositions as Phase 2 depositions, and those could be taken in February "if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1." (*See* Order at p. 3; *see also* Order at p. 5 ("Phase 2 depositions [of the additional ones allowed] may be taken in February

EXHIBIT 5

PAGE 26

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES

1  pursuant to a Court-approved stipulation")).  Mattel's deposition notice to Ms. Trueba

2  was issued nearly one year after the Court-imposed the cut-off and any depositions

3  that were stipulated to be completed beyond that cut-off were, in fact, completed.  As

4  there is no stipulation allowing Mattel to take further Phase 2 depositions, this

5  deposition notice is improper.

6       3.     The MGA Parties further object to the deposition notice on the ground

7  that the deposition date was selected unilaterally by Mattel, without prior consultation

8  with anyone, and is invalid based on this reason alone.

9

10  Dated: January 28, 2009            Patricia L. Glaser
                                       Joel N. Klevens
11                                     GLASER, WEIL, FINK, JACOBS
                                         & SHAPIRO, LLP
12
                                       Russell J. Frackman
13                                     MITCHELL, SILBERBEG & KNUPP, LLP

14

15
                                       By:  *Amman Khan*
16                                         Amman Khan
17                                         Attorneys for the MGA Parties
                                           for Phase Two
18

19

20

21

22

23

24

25

26

27

28
665412

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 5
PAGE 27

3

MGA PARTIES' OBJECTIONS TO DEPOSITION NOTICE OF MARIANA TRUEBA

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

    On January 28, 2009, I served the foregoing document described as:

**MGA PARTIES' OBJECTIONS TO MATTEL, INC.'S DEPOSITION NOTICE OF MARIANA TRUEBA**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐   (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐   (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐   (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee.

☒   (BY EMAIL) I caused such documents to be delivered via email to the addressee(s).

☐   (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 28th day of January, 2009, at Los Angeles, California.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

RICHARD G. STOLL

EXHIBIT **5**

PAGE **28**

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

685412

<u>**SERVICE LIST**</u>

1

2

3   Jon D. Corey, Esq.
    (joncorey@quinnemanuel.com)
4   Michael T. Zeller, Esq.
    (michaelzeller@quinnemanuel.com)
5   John Quinn, Esq.
    (johnquinn@quinnemanuel.com)
6   Quinn Emanuel Urquhart Oliver & Hedges, LLP
    865 South Figueroa Street, 10th Floor
7   Los Angeles, CA 90017-2543
    **[By Email]**

8   Russell J. Frackman, Esq.
    (rjf@msk.com)
9   Patricia H. Benson, Esq.
    (phb@msk.com)
10  Mitchell, Silberberg & Knupp, LLP
    11377 W. Olympic Blvd.
11  Los Angeles, CA 90067
    (310) 312-2000
12  **[By Email]**

13  Thomas J. Nolan, Esq.
    (tnolan@skadden.com)
14  Raoul D. Kennedy, Esq.
    (rkennedy@skadden.com)
15  Jason D. Russell, Esq.
    (Jason.russell@skadden.com)
16  Skadden, Arps, Slate, Meagher & Flom LLP
    300 South Grand Avenue, Suite 3400
17  Los Angeles, CA 90071-3144
    (213) 687-5000
18  **[By Email]**

19

20

21

22

23

24

25

26                                                    EXHIBIT **5**

27

28                                                    PAGE ___**29**___

665412

MGA PARTIES' OBJECTIONS TO DEPOSITION NOTICE OF MARIANA TRUEBA

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

# Exhibit 6



1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@chrisglase.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@chrisglase.com
3  GLASER, WEIL, FINK, JACOBS
    & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone:  310-553-3000
6  Facsimile:  310-556-2920

7  Russell J. Frackman, State Bar No. 049087
   rjf@msk.com
8  MITCHELL, SILBERBEG & KNUPP, LLP
   11377 West Olympic Boulevard
9  Los Angeles, California 90064
   Telephone:  310-312-2000
10 Facsimile:  310-312-3100

11 Attorneys for the MGA Parties For Phase Two

12          UNITED STATES DISTRICT COURT

13          CENTRAL DISTRICT OF CALIFORNIA

14                 EASTERN DIVISION

15

16 CARTER BRYANT, an individual          )   Case No. CV 04-9049 SGL (RNBx)
                                         )
17          Plaintiff,                   )   Consolidated with
                                         )   Case No. 04-09059
18 v.                                    )   Case No. 05-02727
                                         )
19 MATTEL, INC., a Delaware             )   **MGA PARTIES' OBJECTIONS TO**
   Corporation                          )   **MATTEL, INC.'S DEPOSITION**
20                                       )   **NOTICE OF PABLO VARGAS**
            Defendant.                   )
21 _____       )
                                         )
22                                       )
23 AND CONSOLIDATED ACTIONS             )
   _____       )

24

25

26                                           **EXHIBIT 6**

27

28                                           **PAGE 30**
685410

                        1-28

MGA PARTIES' OBJECTIONS TO DEPOSITION NOTICE OF PABLO VARGAS

## MGA PARTIES' OBJECTIONS TO DEPOSITION NOTICE OF PABLO VARGAS

The MGA Parties hereby object to plaintiff Mattel, Inc.'s deposition notice of Pablo Vargas.

1.     The MGA Parties object to the deposition notice on the ground that Mr. Vargas is a resident and citizen of Mexico, not the United States.  Moreover, Mr. Vargas is neither a director, officer nor "managing agent" for the MGA Parties, and he is not a party to this action.  Thus, it is inappropriate to simply hail him into California by a mere notice of deposition.  *See e.g.*, FRCP 28(b), 45(b)(2); *Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct.*, 482 U.S. 522, 543 (1987) (International comity requires American Courts to exercise "special vigilance" to avoid subjecting foreign persons to unreasonably burdensome discovery. American Courts must give "most careful consideration" to the policies and interests of whatever country is involved . . . .).

2.     The MGA Parties object for the addition reason that Mattel's deposition notice goes beyond the number of depositions permitted and thus it is untimely.  By December 2007, Mattel had exhausted the number of depositions it was permitted. Under the Court's January 7, 2008 Order (Doc. #1509), Mattel was given leave to conduct close to 50 additional Phase 1 and 2 depositions but it was ordered to complete those depositions by January 28, 2008, subject to a further stipulation of the parties.  "As to all depositions permitted by this Order, all counsel are expected to coordinate their schedules . . . such that the depositions are held prior to the discovery cut off date of January 28, 2008." (*See* Order p. 5).  In that same order, the Court said that it would consider a stipulation that allowed the parties to designate certain depositions as Phase 2 depositions, and those could be taken in February "if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1." (*See* Order at p. 3; *see also* Order at p. 5 ("Phase 2 depositions [of the additional ones allowed] may be taken in February

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

665410

EXHIBIT 6
PAGE 31

1  pursuant to a Court-approved stipulation")).  Mattel's deposition notice to Mr. Vargas
2  was issued nearly one year after the Court-imposed the cut-off and any depositions
3  that were stipulated to be completed beyond that cut-off were, in fact, completed.  As
4  there is no stipulation allowing Mattel to take further Phase 2 depositions, this
5  deposition notice is improper.

6      3.    The MGA Parties further object to the deposition notice on the ground
7  that the deposition date was selected unilaterally by Mattel, without prior consultation
8  with anyone, and is invalid based on this reason alone.

9
10  Dated: January 28, 2009        Patricia L. Glaser
        Joel N. Klevens
11          GLASER, WEIL, FINK, JACOBS
         &amp; SHAPIRO, LLP
12
13          Russell J. Frackman
        MITCHELL, SILBERBEG &amp; KNUPP, LLP
14
15
16          By: _Amman Khan_
           Amman Khan
17             Attorneys for the MGA Parties
           for Phase Two
18
19
20
21
22
23
24
25
26
27
28
665410

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**EXHIBIT 6**

**PAGE 32**

3

## PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On January 28, 2009, I served the foregoing document described as:

## MGA PARTIES' OBJECTIONS TO MATTEL, INC.'S DEPOSITION NOTICE OF PABLO VARGAS

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

### PLEASE SEE ATTACHED SERVICE LIST

☐ (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee.

☒ (BY EMAIL) I caused such documents to be delivered via email to the addressee(s).

☐ (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 28th day of January, 2009, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

RICHARD G. STOLL

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666410

EXHIBIT 6

PAGE 33

1          <u>**SERVICE LIST**</u>

2

3     Jon D. Corey, Esq.
      (joncorey@quinnemanuel.com)
4     Michael T. Zeller, Esq.
      (michaelzeller@quinnemanuel.com)
5     John Quinn, Esq.
      (johnquinn@quinnemanuel.com)
6     Quinn Emanuel Urquhart Oliver & Hedges, LLP
      865 South Figueroa Street, 10th Floor
7     Los Angeles, CA 90017-2543
      **[By Email]**

8     Russell J. Frackman, Esq.
      (rjf@msk.com)
9     Patricia H. Benson, Esq.
      (phb@msk.com)
10    Mitchell, Silberberg & Knupp, LLP
      11377 W. Olympic Blvd.
11    Los Angeles, CA 90067
      (310) 312-2000
12    **[By Email]**

13    Thomas J. Nolan, Esq.
      (tnolan@skadden.com)
14    Raoul D. Kennedy, Esq.
      (rkennedy@skadden.com)
15    Jason D. Russell, Esq.
      (Jason.russell@skadden.com)
16    Skadden, Arps, Slate, Meagher & Flom LLP
      300 South Grand Avenue, Suite 3400
17    Los Angeles, CA 90071-3144
      (213) 687-5000
18    **[By Email]**

19

20

21

22

23

24

25

26

27          EXHIBIT __6__

28          PAGE __34__
665410

5

<u>MGA PARTIES' OBJECTIONS TO DEPOSITION NOTICE OF PABLO VARGAS</u>

# Exhibit 7

EXHIBIT 7

PAGE 35

Home  CND    Legitimate Government    SHP    SEBI    HEALTH    WORK



Download all the documents in a link here
Password: Revolutions



*Download mp3 of interview with Di Costanzo Zabludovsky - Download Document argument for not privatize Pemex (CLICK HERE) - Current Document PEMEX (CLICK HERE) - Document of the Message to the nation of Lázaro Cárdenas in 1938 (CLICK HERE)*







**Los Blogs Más Actualiza**

**Women without fe:**

Firmas por Atenco

A 3 años de Atenco:
Teocelo, campaña Li
Atenco

Ruta por la Libertad:

**Revolutions**

Está cerca nivel 5 de
114 casos: OMS

Economía México ha
trimestre: Banxico

Bebé muerto en EU
mexicano

**Popular Sovereign**

Video ¿Influenza o Ir

Carmen Aristegui No
de 2009

**Kikko Red**

VERGüENZA: La es
Berlusconi Verónica
política de su marido
mujeres en general:

VENEZUELA: NO F

EXHIBIT **7**

PAGE **36**

EXHIBIT 7

PAGE 37

## Turn the legitimate president of Mexico by the State of Puebla

09 September 2007. AMLO TV team was able to cover the tour of the legitimate president of Mexico, Mr. Andrés Manuel López Obrador, by the State of Puebla, in the municipalities of Tepeajuma and Tochimiltzingo. We thank Froylán tinder, Flor y Canto, the kind invitation to us to cover this event.

**Picturetrail**  **Get Your Own**

More photos in http://soberaniapopular.blogspot.com

Posted by: Jesus Time: 4:12 PM      0 comments

## Mario Di Costanzo Conference - MODIFICATION

### *message about the meeting with Mario di Constanzo.*

Dear fellow Resisters:

Please note that the reunion of the day Tuesday September 11th to be held at the offices of <u>Monterey No. 50,</u> (new address of the Secretary of Finance of the legitimate President), <u>was postponed for the day September 12 at 4.30 afternoon,</u> This is because our Secretary of the Treasury at that time to accompany Mr. Andres Manuel Lopez Obrador to the interview conducted by our legitimate President of FAP with legislators in the House. On the understanding that your understanding as we enjoy with these emergencies are beyond our control. We hope that the new schedule is most appropriate for all of us Please do not forget to confirm your attendance and hope to

GRIPE PORCINA: IN

PRUEBAS RAPIDAS
LA MUCOSA NASAL
positivo rosa, negativ

### The Fair Claims

Se llamaba Martha

Pánico, perversión el

Se "estabiliza"

### Yucatan state dem

EUA declara Alerta d
Influenza 28-04-09

Colombia declara siti
Amenaza de Influenz

Influenza porcina afe
Mexicana

### Networks Ciudada

¿Saben cuál es la dil
ePRIdemia y una PA
PANdemia es una ef
de control.

¿Quienes estan detr
(influenza: pandemia

¿Que hacer si se ago
(Humor)

### National League C

Ante la escasez...

En Contexto con Rut
Influenza en la Front

Influenza en el Mund
hablan de la epidemi

### CND Benito Juáre

Virus Porcino ó ¿Poli

Influenza. ¿Ante que
estamos?

E P I D E M I A - I N
MEXICO

### Informative Triple

**EXHIBIT 7**

SE SUSPENDE LA 1
LA UNVIERSIDAD D

**PAGE 38**

EXHIBIT 7

PAGE 39

have pleased his valuable presence. Again Thank You! Sincerely

Posted by: Concepción Arias Time: 12:07 PM        0 comments

### Síntesis Informativa

Today is: September 10, 2007

10 promises of fiscal reform.
Interest rates are lower, the dollar cost less and the rates of light is reduced, the
government presented its economic package offered in 2008 and gains from tax reform
votes.

------------------------------------------------  ------------------------

8 out of 10 unaware of the tax reform.
A survey by IPSOS-BIMSA found that most workers are unaware of the changes
involved in the reform is being discussed in Congress.

And we ask, is or is not a document that the public should know before being discussed
in Congress?

------------------------------------------------  ------------------------

ICA imposed against IDEAL.
Managed contracts for 24,000 pesos, 10,800 million against its rival, just last week
reached an ICA to build the hydroelectric megacontrato The tinder.

------------------------------------------------  ------------------------

Recuperators portfolio without risk.
The managers of credit portfolios do not see any danger in the SCJN ruling, the Court
declared unconstitutional the sale of credit portfolios at the discretion of the authority.

------------------------------------------------  ------------------------

FINANCIAL MARKETS
Points Change Indicator
CPI -1.83% 30,252.77
Dow Jones -1.87% 13,113.38

Dollar BUY: $ 10.93 SALE: $ 11.25

NOTE: After the previous day.

------------------------------------------------  ------------------------

POR RADIOAMLO
¡NOS OÍMOS EN RA
¡SI ESTÁS CON ANI
LA TRES!

**San Luis PejeSí**

Todos al Zócalo 22 d
Interesante Entrevist
Jaguares
"Aquí Entre Nos"

**El Sendero de Ver**

DOCUMENTAL SOB
LA GLORIA Y SU LL
GRANJAS CARROL
GRANJAS CARROL
INSALUBRE DE CAI
DE MOSCAS.
LA MUTACIÓN DEL
DARSE EN UNA CO
VERACRUZ

**La Hora del Pueblo**

Propuesta para la se
Crisis penitenciaria e
José Luis Pérez Can
La Soledad del Mexi

**Resistencia Creati**

Se enreda Córdova:
virus porcino
Videos: Protesta Fre
Salud para exigir info
la Influenza

**Lift the left**

Denuncia Pública: R
Tamaulipas
Televisión y radio lin
siempre, lo hacen rel
Hacia un estado poli

Lines seguimeinto

EXHIBIT 7

PAGE 40

Case 2:04-cv-09049-DOC-RNB   Document 5290-2   Filed 04/29/09   Page 43 of 128   Page ID
#:172275
:: Blogs Resistance in Mexico: September 10, 2007                                    Page 7 of 68

EXHIBIT 7
PAGE 41

EXHIBIT 7

PAGE 42

Microsoft in search of the Domain of Social Networks.
There are several fronts on which Microsoft is currently waging a tough battle to be the
market leader, social networks are no exception.

------------------------------------------- -------------------------

PHRASE [ESTUPIDO]

Clearly, the budget was presented, I admit, is insufficient, but to be a budget consistent
with the needs of the country, is indispensable to adopt the reform, in other words, not
enough, there will be enough money to give priority to all problems. "

He said the ~~President Felipe Calderón~~ PLL, referring to "his" economic plan presented
this weekend in Congress.

------------------------------------------- -------------------------

REVIEW BY MEDIA:

4 Pemex pipelines explode.
Dawn Monday Pemex pipeline exploded in four towns in Veracruz.  Authorities said they
were already working in the facility was closed and affected the movement of fluids.
They said ignoring the pleas of the explosions, but that began the technical work to
know the causes.  (AP)

**Another one for the "Compendium of a smokescreen" to take time in the Forum
Trail Peje ...**

**Well, really Tarados these are on the verge of de-ses-pe-ra-do and send, and
publish to the four winds of course, the kind of idiocy pinky and the brain come
up with ...**

------------------------------------------- -------------------------

Government [the spurious] deficit expected for 2008.
The Mexican government [the spurious of course] will affect a public deficit not
quantified by the Treasury [falsely] because that **will depend on the costs to be
undertaken for the implementation** of the reform of the ISSSTE pension.  Extending
the tax result will obey the total number of employees entering the new pension scheme,
all this under the general policy for 2008.  (Reforma)

**Now we leave that "there will be costs not yet quantified" by the Act desmadre te-
jodissste.**

------------------------------------------- -------------------------

Guidelines for credit.
Legorreta Augustine, former chairman of Banamex, urged financial authorities to issue a
regulation that requires banks to provide credit selective.  For his part, Enrique Castillo,
leader of the ABM, said that international banks gave Mexico the opportunity to develop
their financial markets.  (El Universal)

Fwd: Juegos de Gue
Epidemiológica

Convencion Naciona
Municipales

Destruya ya

**Mexico Progresist:**

Vendan Pemex

La guerra perdida de

La Iglesia Nuevamer
México

**Dorados de Villa**

PANCHO VILLA Y V
CARRANZA

Doble moral en el PA
Rivadeneyra con su

¿A que vino Obama?

**Neo-Insurgentes**

Ante la escasez...

Mensaje de Marcelo
situación de Influenz

Detrás de la gripe po

**Classifieds**



**Blog of Blogs**

Kikko
SHAME: Silvio B
Veronica Lario sa
policy is against v
photo
*7 minutes ago*

Revolutions
EXHIBIT 7

PAGE 43



EXHIBIT 7

PAGE 44

© Copyright Sercom of Mexico 2006 - 2008 "in Blogs Resistance Template Design Disease original 2008 edition by Revolutions

::: LIBRO: Las Huellas Del Fraude

EXHIBIT 7
PAGE 45



EXHIBIT **7**

PAGE **46**



EXHIBIT 7

PAGE 47

Case 2:04-cv-09049-DOC-RNB   Document 5290-2   Filed 04/29/09   Page 50 of 128   Page ID
#:172282
:: Blogs Resistance in Mexico: September 10, 2007                          Page 14 of 68

---

The impact of the mortgage crisis.
Countrywide Financial, one of the largest lenders in the U.S., has announced that over the next three months will eliminate 20% of its workforce, equivalent to 12,000 posts. The firm forecast that next year, the credit is reduced by 25% due to poor conditions of the mortgage market.  (The Wall Street Journal)

---

Pemex research vessel.
The Internal Pemex research vessel owned by Pacific Shipping Group, a subsidiary of TMM, because it supposedly does not meet the requirements of a tender, the standard 13-F, which requires that ships have "double hull" to prevent pollution Oil.  (Reforma)

---

Deactivates explosives in Spain.
Spanish police dismantled the early hours of Monday a car bomb loaded with between 60 and 80 kg of explosives that ETA placed in front of the delegation of the Ministry of Defense in Logrono.  The explosion of the device was performed in a controlled manner without any recorded personal injury.  (El País)

**Police (Spanish) like that of Mexico, always awake, off dangerous device exploded before they did, she did not scare the ...  Ha!  Pure media terrorism like the Americans and now to spurious fecal and misrule in Mexico.**

---

Looking for Mattel executives in Mexico.
PGR ordered the arrest of three former executives of Mattel hired by MGA, maker of Bratz dolls, for stealing secret information from the company of Barbie and give it to her rival.  Mariana Trueba Almada, Pablo Vargas San José Gustavo Machado and Carlos Gomez could spend two to six years in prison and a fine of 10 thousand days of minimum wage for providing secrets to others.  (Reforma)

Level 5 is close w
influenza, 114 ca:
9 minutes ago

POPULAR SOV
Influence Influenz
11 minutes ago

San Luis Pejes!
"We are here"
12 minutes ago

Networks Ciuda
Do you know wha
between a ePRId
pandemic?  The |
is left ePRIdemia
1 hours ago.

CND Peaceful C
NL
2 hours ago

National Leagu:
Resistance Con
The limited ...
4 hours ago

YUCATAN STA
FRONT
U.S. states to Me
Influenza 28-04-0
14 hours ago

Dorados de Vill
Pancho Villa VEN
CARRANZA
17 hours ago

JOURNAL BET'
1 days ago





EXHIBIT 7

PAGE 49

Case 2:04-cv-09049-DOC-RNB   Document 5290-2   Filed 04/29/09   Page 52 of 128   Page ID
#:172284
:: Blogs Resistance in Mexico: September 10, 2007                              Page 16 of 68



::: LIBRO: Las Huellas Del Fraude

¡EL REGALO IDEAL EN ESTA NAVIDAD
PARA DEMOSTRAR A TODO MÉXICO
QUE EN 2006 SÍ HUBO FRAUDE ELECTORAL!

¡Tan solo en 80 pesos! Lo puedes adquirir en los siguientes lugares:

- LIBRERÍA MORGANA: Colima #143-A Col. Roma Norte (entre Córdoba y Mérida)
- FORO SHAKESPEARE: Zamora #7 Col. Condesa (entre Veracruz y Agustín Melgar)
- CAFETERÍA "Los cafetos del Abuelo" Tuy #64 esquina Almería Col. Miguel Alemán

Buy the book THE FOOTSTEPS OF FRAUD, is a useful tool for reflection and the circles of the "house by house, by cologne cologne" which called for our legitimate president López Obrador!

EXHIBIT 7
PAGE 50



EXHIBIT 7

PAGE 51

::: LIBRO: Las Huellas Del Fraude

EXHIBIT 7

PAGE 52



EXHIBIT 7

PAGE 53



EXHIBIT __7__

PAGE __54__



::: LIBRO: Las Huellas Del Fraude

¡EL REGALO IDEAL EN ESTA NAVIDAD
PARA DEMOSTRAR A TODO MÉXICO
QUE EN 2006 SÍ HUBO FRAUDE ELECTORAL!

¡Tan solo en 80 pesos! Lo puedes adquirir en los siguientes lugares:

- LIBRERÍA MORGANA: Colima #143-A Col. Roma Norte (entre Córdoba y Mérida)
- FORO SHAKESPEARE: Zamora #7 Col. Condesa (entre Veracruz y Agustín Melgar)

EXHIBIT 7

PAGE 55

University, the Movement as the seed of a great tree that
finds a groove *in the soil* and *ground* there, as in a sacred place, as



EXHIBIT __7__

PAGE __56__



::: LIBRO: Las Huellas Del Fraude

¡EL REGALO IDEAL EN ESTA NAVIDAD
PARA DEMOSTRAR A TODO MÉXICO
QUE EN 2006 SÍ HUBO FRAUDE ELECTORAL!

¡Tan solo en 80 pesos! Lo puedes adquirir en los siguientes lugares:

- LIBRERÍA MORGANA: Colima #143-A Col. Roma Norte (entre Córdoba y Mérida)
- FORO SHAKESPEARE: Zamora #7 Col. Condesa (entre Veracruz y Agustín Melgar)
- CAFETERÍA "Los cafetos del Abuelo" Tuy #64 esquina Almería Col. Miguel Alemán

Buy the book THE FOOTSTEPS OF FRAUD, is a useful tool for reflection and the
circles of the "house by house, by cologne cologne" which called for our
legitimate president López Obrador!

EXHIBIT 7

PAGE 57



EXHIBIT 7
PAGE 58

EXHIBIT 7

PAGE 59



EXHIBIT 7

PAGE 60



::: LIBRO: Las Huellas Del Fraude

EXHIBIT 7

PAGE 61



EXHIBIT 7

PAGE 62



EXHIBIT 7
PAGE 63

Case 2:04-cv-09049-DOC-RNB   Document 5290-2   Filed 04/29/09   Page 66 of 128   Page ID
#:172298
:: Blogs Resistance in Mexico: September 10, 2007                                    Page 30 of 68



EXHIBIT 7

PAGE 64

Buy the book THE FOOTSTEPS OF FRAUD, is a useful tool for reflection and the
circles of the "house by house, by cologne cologne" which called for our

Case 2:04-cv-09049-DOC-RNB   Document 5290-2   Filed 04/29/09   Page 67 of 128   Page ID
#:172299
:: Blogs Resistance in Mexico: September 10, 2007                                    Page 31 of 68



EXHIBIT 7
PAGE 65

EXHIBIT 7

PAGE 66



EXHIBIT 7
PAGE 67

::: LIBRO: Las Huellas Del Fraude

EXHIBIT 7

PAGE 68







EXHIBIT 7
PAGE 70



::: LIBRO: Las Huellas Del Fraude

¡EL REGALO IDEAL EN ESTA NAVIDAD
PARA DEMOSTRAR A TODO MÉXICO
QUE EN 2006 SÍ HUBO FRAUDE ELECTORAL!

¡Tan solo en 80 pesos! Lo puedes adquirir en los siguientes lugares:

- LIBRERÍA MORGANA: Colima #143-A Col. Roma Norte (entre Córdoba y Mérida)
- FORO SHAKESPEARE: Zamora #7 Col. Condesa (entre Veracruz y Agustín Melgar)
- CAFETERÍA "Los cafetos del Abuelo" Tuy #64 osquina Almería Col. Miguel Alemán

Buy the book THE FOOTSTEPS OF FRAUD, is a useful tool for reflection and the



EXHIBIT 7

PAGE 74



EXHIBIT 7

PAGE 72

*Movement Obrador ... I am ... I always have been. Eternamente I am. ... I always will be no night. No defeats. Only Dreams Anti Victoria and Victoria are the same ... Just Will Hope and Faith and Love* "...

This year represents what is and is to be the University of the Fourth Republic: *A Seed Movement and Transformation in permanent* ... **that we are: a small seed that must grow and multiply** ... We are, but we are not least ... We are not, *still,* a tree full of strength, of flowers and fruit and seed multiplied. Or, rather, *yes. What we are,* but in the sense that **we will** ... We are **what we might be,** if we so choose *and work* ... That, in fact, we're doing: deciding and working. Committed. **... Full of hope**

Our opponents on the right, and even some on the left who have the heart to the right, fill your mouth saying that we are a "duck University" which are "fraud and quackery," *a open, free, secular, Public and Free Quality* is an "impossible dream", unless it comes "from above", from the structures of power and money and the political ...

Some of our compañer @ s @ s on the left we see with sympathy and cautious support for "moral" and condescending. We observed a prudent distance and respectful silence ... Some of them we atarantan recommendations prudent and wise suggestions and we try to protect against many dangers and potential errors (it is curious that the human and not doing anything they should know very well how to do the things that try to do something) ...

... Is that our opponents and some of our compañer s @ @ s do not know Who we are ... **We are** not aware that **seed in Motion** ... That is, we are very little or nothing ... Or are we all very much and we are ... as far as I see ... Let us and that we are partly dependent on our adversaries. But it depends, above all, our @ s @ s compañer struggle. Of how we look and how they interact with us, whether or not to become one with us ... It depends on what you do or not do about us ... Or is the earth and rock that hard anyway makes us stronger and we are growing ... OR Light splendid Air New begets fruitful and we are and makes us flowers and fruit seeds and multiplied ...

EXHIBIT 7
PAGE 73



EXHIBIT __7__
PAGE __74__

::: LIBRO: Las Huellas Del Fraude

EXHIBIT 7
PAGE 75



EXHIBIT 7
PAGE 76



::: LIBRO: Las Huellas Del Fraude

EXHIBIT 7
PAGE 77



EXHIBIT 7
PAGE 78

Case 2:04-cv-09049-DOC-RNB   Document 5290-2   Filed 04/29/09   Page 81 of 128   Page ID
:: Blogs Resistance in Mexico: September 10, 2007                                    Page 45 of 68
#:172313







Buy the book THE FOOTSTEPS OF FRAUD, is a useful tool for reflection and the
circles of the "house by house, by cologne cologne" which called for our
legitimate president López Obrador!

EXHIBIT 7

PAGE 80



EXHIBIT 7

PAGE 81

::: LIBRO: Las Huellas Del Fraude

EXHIBIT 7

PAGE 82

Case 2:04-cv-09049-DOC-RNB   Document 5290-2   Filed 04/29/09   Page 85 of 128   Page ID
#:172317
:: Blogs Resistance in Mexico: September 10, 2007                                    Page 49 of 68



¡Tan solo en 80 pesos! Lo puedes adquirir en los siguientes lugares:

EXHIBIT 7
PAGE 83







::: LIBRO: Las Huellas Del Fraude

¡EL REGALO IDEAL EN ESTA NAVIDAD
PARA DEMOSTRAR A TODO MÉXICO
QUE EN 2006 SÍ HUBO FRAUDE ELECTORAL!

¡Tan solo en 80 pesos! Lo puedes adquirir en los siguientes lugares:

- LIBRERÍA MORGANA: Colima #143-A Col. Roma Norte (entre Córdoba y Mérida)
- FORO SHAKESPEARE: Zamora #7 Col. Condesa (entre Veracruz y Agustin Melgar)
- CAFETERÍA "Los cafetos del Abuelo" Tuy #64 esquina Almería Col. Miguel Alemán



EXHIBIT 7

PAGE 85



EXHIBIT 7

PAGE 86



::: LIBRO: Las Huellas Del Fraude

¡EL REGALO IDEAL EN ESTA NAVIDAD PARA DEMOSTRAR A TODO MÉXICO QUE EN 2006 SÍ HUBO FRAUDE ELECTORAL!

¡Tan solo en 80 pesos! Lo puedes adquirir en los siguientes lugares:

- LIBRERÍA MORGANA: Colima #143-A Col. Roma Norte (entre Córdoba y Mérida)
- FORO SHAKESPEARE: Zamora #7 Col. Condesa (entre Veracruz y Agustín Melgar)
- CAFETERÍA "Los cafetos del Abuelo" Tuy #64 esquina Almería Col. Miguel Alemán

Buy the book THE FOOTSTEPS OF FRAUD, is a useful tool for reflection and the circles of the "house by house, by cologne cologne" which called for our legitimate president López Obrador!

EXHIBIT 7

PAGE 87



EXHIBIT 7

PAGE 88

Case 2:04-cv-09049-DOC-RNB   Document 5290-2   Filed 04/29/09   Page 91 of 128   Page ID
#:172323
:: Blogs Resistance in Mexico: September 10, 2007                     Page 55 of 68

::: LIBRO: Las Huellas Del Fraude

EXHIBIT __7__

PAGE __89__



EXHIBIT 7
PAGE 90





EXHIBIT 7
PAGE 91





EXHIBIT  7

PAGE  92



::: LIBRO: Las Huellas Del Fraude



EXHIBIT 7

PAGE 93

Case 2:04-cv-09049-DOC-RNB   Document 5290-2   Filed 04/29/09   Page 96 of 128   Page ID
#:172328
:: Blogs Resistance in Mexico: September 10, 2007                           Page 60 of 68



¡EL REGALO IDEAL EN ESTA NAVIDAD
PARA DEMOSTRAR A TODO MÉXICO
QUE EN 2006 SÍ HUBO FRAUDE ELECTORAL!

¡Tan solo en 80 pesos! Lo puedes adquirir en los siguientes lugares:

- LIBRERÍA MORGANA: Colima #143-A Col. Roma Norte (entre Córdoba y Mérida)
- FORO SHAKESPEARE: Zamora #7 Col. Condesa (entre Veracruz y Agustín Melgar)
- CAFETERÍA "Los cafetos del Abuelo" Tuy #64 esquina Almeria Col. Miguel Alemán

Buy the book THE FOOTSTEPS OF FRAUD, is a useful tool for reflection and the
circles of the "house by house, by cologne cologne" which called for our
legitimate president López Obrador!



EXHIBIT 7
PAGE 94

EXHIBIT 7

PAGE 95



September 11, 2007 September 09, 2007 Home

EXHIBIT 7

PAGE 96

Case 2:04-cv-09049-DOC-RNB   Document 5290-2   Filed 04/29/09   Page 99 of 128   Page ID
#:172331
:: Blogs Resistance in Mexico: September 10, 2007                                    Page 63 of 68



EXHIBIT 7

PAGE 97

EXHIBIT 7
PAGE 98

EXHIBIT 7

PAGE 99

EXHIBIT 7

PAGE 100

They know very well is much s @ @ s @ s compañer Seed-
anything that is Everything when ell @ s are known and
remembered as the whole and share their All-Air-Water-Electricity-
Seed with our then nothing happens ... The Fourth Miracle in the
construction of the Fourth Republic: **We understand** ... ALL **ALL as
seed** as flower and fruit seeds and multiplied ... *We understand that
in our hands and in our decisions is failure or victory* of each
initiative and not politicking generous in our movement ... The
University of the Fourth Republic is not mine, as is Victor Path, Sam
or revolutions, or even just call and not even by Andrés Manuel
Project Alternative Nation and laboratories ... **The** Movement **that is
fair, honest and is necessary for all, and is nothing without all
of us ...**

So when people ask me about the University of the Fourth
Republic, the only thing I know and rightly say, as I do now, is that
**seed is in Motion** ... That is yours and yours and mine too ... That
is ALL ... Seed dormancy is that his extraordinary and powerful
Blessing and Victoria. But, without you, without your own seeds, is
also latency of failure and missed opportunities ... **YOU DECIDE! ...**
You determine what is or may be this or any other project that

EXHIBIT 7

PAGE 101

Case 2:04-cv-09049-DOC-RNB   Document 5290-2   Filed 04/29/09   Page 104 of 128   Page ID
#:172336
:: Blogs Resistance in Mexico: September 10, 2007                                    Page 68 of 68

September 11, 2007 September 09, 2007 Home

EXHIBIT 7
PAGE 102

# Exhibit 8



## EL UNIVERSAL.com.mx
## Columnas



**Corporate Time**
**Roberto Aguilar**
November **27,** 2006

TV Azteca cleans its finances

The strategy of the television in terms of debt restructuring is progressing favorably with the issuance of tools to better conditions and longer term

One of the most important aspects in the recent operation of TV Azteca is the strategy of continuing to restructure its liabilities.

First, Ricardo Salinas Pliego company sought ways to shift a part of its debt of U.S. dollars into pesos at the lowest domestic rates and now focuses on the change of local currency liabilities by less expensive alternatives and better run.

Recently the company was given the task of putting stock certificates by 4 billion pesos, a comprehensive program of up to 6 billion pesos under an arrangement that had already used in 1994 and was part of the securitization contracts its advertisers through a trust guaranteeing the payment of interest and principal to holders of the documents.

The stock certificates expire in 2020 with five years of grace to pay the principal, besides having the option of gradual depreciation from 2011. The instruments pay a rate of TIIE plus 148 basis points.

Resources from the placement, which was in charge of Invex were used for the payment of short-term debt that the vast majority of emissions included stock certificates that were issued under the same pattern in 2004 and the date added 3 thousand 139 million pesos and the rest to settle claims of financial institutions.

Fitch Ratings gave the AA rating to the program of debt that TV Azteca is one of the highest and most robust.

This company noted that stock certificates have mechanism to protect against any increase in interest rates by limiting it to 15% during the first four years of the program.

**Bratz, the apple of discord**

When in 2004 the toy manufacturer MGA decided to expand its operations in Mexico, hired three executives who worked at Mattel, one of its main competitors.

Before the Carlos Machado Gustavo Gomez, Mariana Trueba and Almada Pablo San José Vargas left Mattel, decided to take more than a good memory.

It turns out that these executives had direct access to all confidential information and commercial projects of all categories of the company, which implemented since coming to AMS.

One of the first successes of the executives was the launch of the Bratz doll, which allowed the new

EXHIBIT **8**

PAGE **103**

Case 2:04-cv-09049-DOC-RNB   Document 5290-2   Filed 04/29/09   Page 107 of 128   Page ID
#:172339
Corporate time - El Universal - Columns                                          Page 2 of 2

company to increase its participation in the Mexican market by 90% in just one year.

Clearly realizing the plagiarism Mattel filed a lawsuit in United States and Mexico in the investigation turned over to the Attorney General for the crimes of theft, misuse of property of the Bratz dolls, and other trade secrets owned by Mattel in the United States.  Damage to Mattel in terms of sales and market share will be determined by the authorities.

It is estimated that only the marketing and licensing for Bratz, whose designs are registered trademark and copyright by Mattel in the United States and globally, MGA receives an annual income exceeding $ 500 million.

The investigation reveals that the April 19, 2004, Machado, and Trueba Vargas gave up their posts, although they said they had been hired by a competitor of Mattel refused to provide the name of the new company.

Four days before resigning, Trueba attended a meeting at which staff discussed Mattel Barbie programs for U.S., Canada and South America and obtained confidential information about the advertising plans for Barbie then gave MGA.

As a result of the criminal case that Mattel introduced to Mexican federal authorities in October last year won a court order catear facilities MGA, where copies were seized in both electronic and paper from a large number of documents containing secret Mattel commercial.

While investigations continue, there are a number of questions about the situation, especially regarding the possible signing of letters where executives agree not to disclose confidential information when they decide to hire a new company and even more so when dealing with a competitor.

**Cablevision, high definition**

Discovery Networks and a subsidiary of Grupo Televisa signed an agreement for the transmission of high definition content, a technology that several months ago Cablevision offers its more than 475 thousand customers.  This is a documentary series on the Discovery Atlas series which premiered worldwide last month.

The intention of the Mexican company is further expanding the availability of HD productions, a factor that puts them on edge over other TV companies restricted.

In the third quarter sales of Cablevision rose 33% due to the addition of more subscribers and a 6% increase in the price of their services.  In addition to higher advertising revenues of the World Cup.  In contrast, the cost of sales increased 23% and operating costs advanced 7%, which results partially affected the operating profit, which reported a growth of 147% over the same period last year.

raguilar@eluniversal.com.mx

El **UNIVERSAL** | **Directorio** | **Contact Us** | **Code of Ethics** | **Privacy Poli**

© 2006 Copyright El Universal Online Mexico, SA de CV

EXHIBIT __8__

PAGE __104__

# Exhibit 9

1 | **OVERLAND BORENSTEIN SCHEPER & KIM LLP**
MARK E. OVERLAND (State Bar No. 38375)
2 | moverland@obsklaw.com
DAVID C. SCHEPER (State Bar No. 120174)
3 | dscheper@obsklaw.com
ALEXANDER H. COTE (State Bar No. 211558)
4 | acote@obsklaw.com
300 South Grand Avenue, Suite 2750
5 | Los Angeles, CA 90071-3144
Telephone: (213) 613-4655
6 | Facsimile: (213) 613-4656

7 | Attorneys for
Carlos Gustavo Machado Gomez

8

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

11

| | |
|---|---|
| 12 — CARTER BRYANT | CASE NO. 04-9049 SGL (RNBx) |
| 13 — Plaintiff, | Consolidated with CV 04-9059 and CV 05-2727 |
| 14 — v. | **[DISCOVERY MATTER]** |
| 15 — MATTEL, INC., | **[Filed Before Discovery Master Hon. Edward Infante (Ret.)]** |
| 16 — Defendant. | |
| 17 | **CARLOS GUSTAVO MACHADO GOMEZ'S** *SUPPLEMENTAL* **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL (1) DEPOSITION OF CARLOS GUSTAVO MACHADO GOMEZ [AND] (2) CONSENT TO PRODUCTION OF ELECTRONIC MAIL MESSAGES;** |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | **DECLARATION OF ALEXANDER H. COTE IN SUPPORT THEREOF; DECLARATION OF CARLOS GUSTAVO MACHADO GOMEZ IN SUPPORT THEREOF** |
| 24 — AND CONSOLIDATED CASES | |
| 25 | |

26

27

28

EXHIBIT 9

PAGE 105

I.     INTRODUCTION

        Mattel initially filed the instant motion on November 15, 2007. At that time, the scope of the discovery master's jurisdiction was unresolved. Accordingly, Mr. Machado opposed the motion solely on jurisdictional grounds. On January 9, 2008, counsel received an order from the District Court, clarifying that the Discovery Master has jurisdiction over discovery disputes between Mattel and Mr. Machado. Accordingly, Mr. Machado respectfully submits this supplemental memorandum in opposition to Mattel's motion.

II.    MR. MACHADO'S DEPOSITION WAS SET FOR JANUARY 15 BUT WAS
       RESCHEDULED DUE TO A CONFLICT

        Despite Mattel's claims to the contrary, counsel for Mr. Machado have been cooperating with Mattel to arrange this deposition. Counsel for Mr. Machado and counsel for Mattel recently agreed to conduct the deposition on January 15, 2008, and counsel for Mattel sent an amended notice to that effect. However, due to a scheduling conflict, the deposition was recently postponed.

        As the Court's recent order makes clear, "all counsel are expected to coordinate their schedules with those of the deponents such that the depositions are held." (Corey Second Supplemental Decl. Ex. 10 at 5.) Mattel's objection to the postponement of Mr. Machado's deposition is in conflict with the Court's directive that the parties "coordinate their schedules." The deposition was set to go forward, and would have gone forward, absent a conflict arising with MGA's counsel. Jack DiCanio, a partner at Skadden Arps and the attorney selected by MGA to handle issues involving Mr. Machado, was unable to travel to Mexico City for the deposition, and therefore, asked that it be postponed. MGA is Mr. Machado's current employer, as well as the alleged recipient of the so-called trade secrets Mr. Machado is accused of misappropriating. Thus, not only does MGA have the right as a party to attend every deposition conducted in this matter, but MGA has an especial interest in attending Mr. Machado's deposition. As a result of Mr.

2

EXHIBIT 9

PAGE 106

1  Dicanio's conflict, and at his express request, counsel for Machado notified Mattel's

2  counsel that the deposition would be continued.

3  However, counsel for Mr. Machado remains willing to work with Mattel and

4  MGA to select a deposition date that is equally convenient for all parties.

5  Scheduling that deposition, however, is difficult and costly, as Mr. Machado is

6  currently restricted from traveling outside Mexico, as a result of Mattel's decision to

7  begin a criminal proceeding in Mexico against Mr. Machado.[1] However, Mr.

8  Machado can petition the Mexican authorities for leave to travel to the United

9  States, although such leave appears to be discretionary and therefore somewhat

10 unpredictable.

11 In order to avoid the inconvenience and unnecessary expense of requiring

12 four sets of counsel (*i.e.*, counsel for Mattel, Isaac Larian/MGA, Carter Bryant and

13 Mr. Machado) as well as the deposition officer and videographer to travel to Mexico

14 City, Mr. Machado proposes the following procedure for scheduling his deposition.

15 The parties should select a mutually agreeable date for the deposition, to take place

16 in Los Angeles sometime in late February. With a sufficient lead time, Mr.

17 Machado's counsel can submit the deposition notice to the Mexican authorities, and

18 request leave for Mr. Machado to attend the deposition in the United States. If that

19 request is denied, only then should the parties travel to Mexico City for the

20

21 _____

22 [1] In its improperly filed "Notice of Withdrawal," Mattel states that it agreed to
   schedule the deposition in Mexico "as an accommodation to him." Like so many of

23 Mattel's claims, this is pure fiction. Mr. Machado cannot travel to the United States
   without leave of the Mexican authorities. Counsel for Mr. Machado preferred to

24 avoid the needless expense of travel to Mexico by attempting to obtain a
   modification of Mr. Machado's travel restrictions.  It was counsel for Mattel that

25 insisted on having the deposition in Mexico. Accordingly, Mattel's *new* request,
   that the deposition be ordered to take place in the United States, is futile.  Even if

26 this relief were granted, Mr. Machado would be unable to comply with the
   Discovery Master's order because of court imposed travel restrictions. Accordingly,

27 the approach described above *infra* is the most efficient and cost-effective way of
   scheduling Mr. Machado's deposition.

28

3

EXHIBIT 9

PAGE 107

1   deposition. This approach would most likely minimize expense and burdens on the

2   parties to the litigation.

3        Nor is there any urgent need to conduct this deposition any earlier. The

4   Court's recent order stated:

5              As to all the depositions permitted by this Order, all

6              counsel are expected to coordinate their schedules with

7              those of the deponents such that the depositions are held

8              prior to the [Phase 1] discovery cutoff date of January 28,

9              2008. However, as set forth above in connection with

10             Mattel's motion to take additional discovery, Phase 2

11             depositions may be taken in February pursuant to a Court-

12             approved stipulation.

13   (Corey Second Supplemental Decl. Ex. 10 at 5.) As the Court's order makes clear,

14   Phase 2 depositions may be conducted in February. Mr. Machado is a party only to

15   Phase 2, and has no role in Phase 1.[2] Accordingly, rescheduling the deposition in

16   February is appropriate.

17   III.   MATTEL IS NOT ENTITLED TO WHOLESALE PRODUCTION OF MR.

18          MACHADO'S PERSONAL EMAILS

19        Mattel also demands an order compelling Mr. Machado to consent to the

20   wholesale production of his personal emails, kept in his Yahoo! account. The

21   subpoena requests are overly broad and will impermissibly invade the attorney

22   client privilege, as well as the work product privilege. Moreover, Mr. Machado has

23   already reviewed his Yahoo! emails for documents responsive to Mattel's First Set

24   _____

25   [2] In the Court's October 31, 2007 order, the Court expressly vacated *all* Phase 2
     discovery deadlines. (Second Supplemental Corey Decl. Ex. 12 at 2.) It is difficult
26   to reconcile the language in the January 7, 2008 Order -- which seems to require
     Phase 2 depositions to occur in January and February, 2008 -- with the October 31,
27   2007 Order -- which vacates any deadlines for Phase 2 discovery. Counsel for
     Machado requested clarification from the Court, but has received no response.

28

EXHIBIT 9

PAGE 108

1    of Requests for Documents and Things, which contained eighty-five requests, and

2    found no responsive documents. Accordingly, Mr. Machado satisfied his discovery

3    obligations, and Mattel's request should be denied.

4         Mattel concedes that its subpoena to Yahoo! falls under the Secured

5    Communications Act (the "SCA"), 18 U.S.C. § 2701-2712. The SCA declares that,

6    subject to certain conditions and exceptions, "a person or entity providing an

7    electronic communication service to the public shall not knowingly divulge to any

8    person or entity the contents of a communication while in electronic storage by that

9    service...." *Id.* at § 2702(a)(1). An exception exists for disclosures made with the

10   consent of a party to the communication.[3] *Id.* at § 2702(b)(3). Accordingly, Mattel

11   contends that Mr. Machado should be compelled to consent to the production, citing

12   *dicta* in *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1446 (2006). However,

13   Mattel has cited no authority for the proposition that a litigant has the unfettered

14   right to demand production of all emails, irrespective of relevance or privilege.

15   Rather, *O'Grady* concludes that even a narrowly drawn subpoena is subject to the

16   requirements of the SCA. *Id.* at 1443 n. 11.

17        The SCA is a reflection of "Congress's judgment that users have a legitimate

18   interest in the confidentiality of communications in electronic storage at a

19   communications facility." *Theofel v. Farey-Jones*, 359 F.3d 1066, 1071-1075 (9th

20   Cir. 2004). Accordingly, the Act protects parties from overbroad subpoenas. *Id.*

21   (finding that SCA was violated by ISP's provision of emails pursuant to overbroad

22   subpoena.)

23   _____

24   [3] Consent is not required for documents that do not reflect the content of emails. 18
     U.S.C. § 2702(c)(6). Yahoo has informed counsel for Mr. Machado that those
25   documents would be produced in response to Mattel's subpoena. (Cote Decl. ¶ 4.)
26   Notably, Mattel has not provided copies of these documents to Mr. Machado's
     counsel. In any event, these documents presumably satisfy Requests 1, 2 and 18-22
27   of Mattel's subpoena. (Corey Decl. Ex. 31.)

28

EXHIBIT 9

PAGE 109

1    Mr. Machado has properly refused to consent to the production of these

2    emails because the subpoena is overbroad. The subpoena seeks essentially every

3    email Mr. Machado has ever sent or received that concerns Mattel, MGA or certain

4    employees at MGA. (*See* Corey Decl. Ex. 31 at ¶¶ 5-6, 8-9, 15, 17.) The MGA

5    employees are also identified in Mattel's complaint as co-conspirators with Mr.

6    Machado and MGA. Mattel is Mr. Machado's former employer and MGA is his

7    current employer. Clearly emails that merely mention these two companies are not

8    necessarily relevant to this matter.[4]

9    But, more importantly, certain communications responsive to the subpoena –

10    that is, communications that mention MGA, Mattel or certain alleged co-

11    conspirators by name – are privileged. Communications between counsel and Mr.

12    Machado are likely to mention MGA and Mattel (parties to this case) and other

13    individuals mentioned in Mattel's complaint. These emails necessarily contain

14    privileged communications between Mr. Machado and his counsel. (Cote Decl. ¶¶

15    2-3, Machado Decl. ¶ 2.) Emails containing counsel's mental impressions and

16    analysis, which are protected by the work product doctrine, are also likely to

17    mention Mattel, MGA and other individuals named in Mattel's complaint. *Id.*

18    Accordingly, Machado cannot be compelled to consent to the disclosure of these

19    privileged communications. Indeed, the SCA is designed specifically to protect

20    against the disclosure of confidential emails of this sort. *Theofel v. Farey-Jones*, 359

21    F.3d 1066, 1071-1075 (9th Cir. 2004).

22    Mattel limits certain of its requests to 2004 and earlier, perhaps in an effort to

23    exclude privileged communications with Mr. Machado's present counsel. (*See*

24    Corey Decl. Ex. 31 at ¶¶ 7, 11-14, 16.) However, no emails responsive to these

25

26    [4] Counsel for Mr. Machado remain willing to meet and confer with Mattel regarding

27    the scope of its subpoena. To date, Mattel has never met and conferred regarding the Yahoo! subpoena, despite its patently false assertions to the contrary. (*See* Motion at iii.)

28

EXHIBIT 9

PAGE 110

1  requests exist. Mr. Machado opened his Yahoo! account in or around June, 2005.

2  (Machado Decl. ¶ 3.) The earliest email sent from the account is dated July 13,

3  2005, and the earliest received email is dated March 16, 2006. (Machado Decl. ¶ 4.)

4  Accordingly, none of Mr. Machado's emails are responsive to any request that seeks

5  communications from 2004 or earlier.[5]

6       It is for the foregoing reasons that Mr. Machado had no documents to produce

7  from his Yahoo! account in response to Mattel's First Set of Requests for

8  Documents and Things. Where no documents are responsive or where the only

9  responsive documents are privileged, there is, of course, nothing to produce.

10 **IV.   CONCLUSION**

11      For the foregoing reasons, Mattel's motion should be denied.

12 DATED: January 14, 2008          OVERLAND BORENSTEIN SCHEPER &
                                    KIM LLP
13                                  MARK E. OVERLAND
14                                  DAVID C. SCHEPER
                                    ALEXANDER H. COTE
15

16

17                         By:          /s/
18                               Alexander H. Cote
19                               Attorneys for CARLOS GUSTAVO
                                 MACHADO GOMEZ
20

21

22

23 ──────────────────
   [5] Contrary to Mattel's misrepresentations, Mr. Machado *never* claimed to have
24 already produced Yahoo! emails. (*See, e.g.*, Motion at 7:14-15, 12:5-6.) Instead,
   counsel made it clear that "Mr. Machado has already produced documents from his
25 Yahoo! email account *that are responsive to Mattel's document requests.*" (Corey
   Decl. Ex. 24 at 2.) Since the Yahoo! account has no responsive emails, none were
26 produced. Mattel also misrepresents the number of documents produced in this
   matter. (*See* Motion at 7:15-16.) Mr. Machado produced approximately the 124
27 pages as part of his initial disclosures, and produced *an additional* 83 pages in
   response to Mattel's document requests.
28

7

EXHIBIT 9

PAGE 111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF ALEXANDER H. COTE

I, ALEXANDER COTE, declare as follows:

1.     I am an attorney at Overland Borenstein Scheper & Kim LLP. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2.     I represent Carlos Gustavo Machado Gomez in this matter. I have communicated with Mr. Machado using his Yahoo! email account, at gus_cmt@yahoo.com.

3.     My communications with Mr. Machado contained my mental impressions and reflections on the case, including litigation strategies and legal advice. Mr. Machado's responses to me from that same email account were statements made to his counsel for the purpose of obtaining legal advice.

4.     Shortly after Mattel issued its subpoena to Yahoo! Inc., I received a phone call from an individual identifying himself as Christian Li, a paralegal at Yahoo!. Mr. Li informed me that Yahoo! would not produce any emails requested by Mattel, but would produce any other documents that were responsive to the subpoena.

I declare under penalty of perjury that the foregoing is true. Executed this 14th day of January, 2008 at Los Angeles, California.

_____/s/_____
ALEXANDER H. COTE

EXHIBIT 9
PAGE 112

8

1    **DECLARATION OF CARLOS GUSTAVO MACHADO GOMEZ**

2    I, CARLOS GUSTAVO MACHADO GOMEZ, hereby declare as follows:

3    1. I am a counter-defendant in an action brought by Mattel, Inc. in the United

4    States District Court for the Central District of California. I present this Declaration

5    regarding document preservation, as ordered by the Court. I have personal

6    knowledge of the facts set forth herein, and if called and sworn as a witness, I could

7    and would testify competently thereto.

8    2. I am current restricted from traveling outside Mexico, pursuant to court

9    order.

10    3. I have used my email account, gus_cmt@yahoo.com, to communicate with

11    my counsel in this matter. My emails to counsel were made in confidence, for the

12    purpose of obtaining legal advice.

13    4. To the best of my recollection, I first established this account on or about

14    June 2005.

15    5. The earliest sent email from this account is dated July 13, 2005 and the

16    earliest email received at that account is dated March 16, 2006.

17    I declare under penalty of perjury under the laws of the United States that the

18    foregoing is true and correct and that this declaration is executed at Mexico City,

19    Mexico on January 14, 2008.

20

21    _____/s/_____

22    Carlos Gustavo Machado Gomez

23

24

25

26

27

28    EXHIBIT **9**

PAGE **113**

9

## Laura Kinsey

**From:** Dylan Proctor
**Sent:** Monday, January 14, 2008 3:11 PM
**To:** MGA / Bryant Team; Laura Kinsey; Jon Corey
**Subject:** FW: Activity in Case 2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc Supplement(Motion related)

B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** cacd_ecfmail@cacd.uscourts.gov [mailto:cacd_ecfmail@cacd.uscourts.gov]
**Sent:** Monday, January 14, 2008 3:08 PM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc Supplement(Motion related)

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended. Direct all inquiries to ecf-helpdesk@cacd.uscourts.gov.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered by Scheper, David on 1/14/2008 at 3:08 PM PST and filed on 1/14/2008
**Case Name:**     Carter Bryant v. Mattel Inc
**Case Number:**   2:04-cv-9049
**Filer:**         Carlos Gustavo Machado Gomez

EXHIBIT 9
PAGE 114

Document Number: 1528

**Docket Text:**
SUPPLEMENT *Carlos Gustavo Machado Gomez's Supplemental Memorandum of Points and Authorities in Opposition to Mattel, Inc.'s Motion to Compel (1) Deposition of Carlos Gustavo Machado Gomez [and] (2) Consent to Production of Electronic Mail Messages; Declaration of Alexander H. Cote in Support Thereof; Declaration of Carlos Gustavo Machado Gomez in Support Thereof* filed by Counter Defendant Carlos Gustavo Machado Gomez. (Scheper, David)

**2:04-cv-9049 Notice has been electronically mailed to:**

Timothy L Alger    timalger@quinnemanuel.com

Christa M Anderson    canderson@kvn.com

Michelle M Campana    michelle.campana@skadden.com

Jon D Corey    joncorey@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Alan Neil Goldberg    agoldberg@sgattys.com

Emil W Herich    eherich@kmwlaw.com

John W Keker    jkeker@kvn.com

Raoul D Kennedy    rkennedy@skadden.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Nathan Meyer    nmeyer@kayescholer.com, dclow@kayescholer.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com

Mark E Overland    moverland@obsklaw.com

Michael H Page    mhp@kvn.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

John B Quinn    johnquinn@quinnemanuel.com

David C Scheper    dscheper@obsklaw.com, feseroma@obsklaw.com

Kien C Tiet    ktiet@sgattys.com

EXHIBIT 9
PAGE 115

1/15/2008

John Elliot Trinidad    jtrinidad@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mmw@kvn.com

Michael T Zeller    michaelzeller@quinncmanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Kenneth A Plevan
Skadden Arps Slate Meagher & Flom
4 Times Sq
New York, NY 10036-6522

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**l:\Gustavo Machado - 372\Mattel v MGA - 2\Discovery\Mot to compel depo & Yahoo emails\Supplemental Opposition to Motion to Compel.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=1/14/2008] [FileNumber=5197976-0]
[536bc2aade9cdfd6ae0126f6da64244ae1057bbcee754e31f9651c6468d369f23013
6fb0601da278721cd538683594aa4cac1da54f3a4c11e846c98a85f6aa1f]]

EXHIBIT 9

PAGE 116

1/15/2008

# Exhibit 10

Case 2:04-cv-09049-DOC-RNB   Document 5290-2   Filed 04/29/09   Page 122 of 128   Page ID
#:172354
Civility and Professionalism Guidelines                                                    Page 1 of 7



United States District Court, Central District
of California

# Attorney Admissions

**Subject:**
**Civility and Professionalism Guidelines**

**Contact:**
**Clerk of Court**

**01/12/2006**

### Civility and Professionalism Guidelines

**Preamble**
**A. Guidelines**
**B. Lawyer's Duties to Other Counsel**
    **1. Communications with Adversaries**
    **2. Scheduling**
    **3. Service of Papers**
    **4. Depositions**
    **5. Document Demands**
    **6. Interrogatories**
    **7. Settlement and Alternative Dispute Resolution**
    **8. Written Submissions to a Court, Including Briefs, Memoranda, Affidavits,**
**Declarations, and Proposed Orders**
    **9. Ex Parte Communications With the Court**
**C. Lawyers' Duties to the Court**
**D. Judges' Duties to Others**

### Preamble

In its purest form, law is simply a societal mechanism for achieving justice. As officers of the court, judges and lawyers have a duty to use the law for this purpose, for the good of the people. Even though "justice" is a lofty goal, one which is not always reached, when an individual becomes a member of the legal profession, he or she is bound to strive towards this end.

Unfortunately, many do not perceive that achieving justice is the function of law in society today. Among members of the public and lawyers themselves, there is a growing sense that lawyers regard their livelihood as a business, rather than a profession. Viewed in this manner, the lawyer may define his or her ultimate goal as "winning" any given case, by whatever means possible, at any cost, with little sense of whether justice is being served. This attitude manifests itself in an array of obstinate discovery tactics, refusals to accommodate the reasonable requests of opposing counsel re: dates, times, and places; and other needless, time-consuming conflicts between and among adversaries. This type of behavior tends to increase costs of litigation and often leads to the denial of justice.

The Central District recognizes that, while the majority of lawyers do not behave in the above described manner, in recent years there has been a discernible erosion of civility and professionalism in our courts. This disturbing trend may have severe consequences if we do not act to reverse its course. Incivil behavior does not constitute effective advocacy; rather, it serves to increase litigation costs and fails to advance the client's lawful interests. Perhaps just as importantly, this type of behavior causes the public to lose faith in the legal profession and its ability to benefit society. For these reasons, we find that civility and professionalism among advocates, between lawyer and client, and between bench and bar are essential to the

EXHIBIT *10*

PAGE *117*

administration of justice.

The following guidelines are designed to encourage us, the members of the bench and bar, to act towards each other, our clients, and the public with the dignity and civility that our profession demands. In formulating these guidelines, we have borrowed heavily from the efforts of others who have written similar codes for this same purpose. The Los Angeles County Bar Association Litigation Guidelines, guidelines issued by other county bar associations within the Central District, the Standards for Professional Conduct within the Seventh Federal Judicial Circuit, and the Texas Lawyer's Creed all provide excellent models for professional behavior in the law.

We expect that judges and lawyers will voluntarily adhere to these standards as part of a mutual commitment to the elevation of the level of practice in our courts. These guidelines shall not be used as a basis for litigation or for sanctions or penalties.

Nothing in these guidelines supersedes or modifies the existing Local Rules of the Central District, nor do they alter existing standards of conduct wherein lawyer negligence may be determined and/or examined.

## A. Guidelines

1. We will practice our profession with a continuing awareness that our role is to advance the legitimate interests of our clients. We will endeavor to achieve our clients' lawful objectives in legal transactions and in litigation as quickly and economically as possible.

2. We will be loyal and committed to our clients' lawful objectives, but we will not permit that loyalty and commitment to interfere with our duty to provide objective and independent advice.

3. We will advise our clients that civility and courtesy are expected and are not a sign of weakness.

4. We will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that we act in an abusive manner or indulge in any offensive conduct.

5. We will advise our clients that we will not pursue conduct that is intended primarily to harass or drain the financial resources of the opposing party.

6. We will advise our clients that we reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect our clients' lawful objectives. Clients have no right to instruct us to refuse reasonable requests made by other counsel.

7. We will advise our clients regarding availability of mediation, arbitration, and other alternative methods of resolving and settling disputes.

8. We will advise our clients of the contents of this creed when undertaking representation.

## B. Lawyer's Duties to Other Counsel

### 1. Communications with Adversaries

1. We will adhere to all express promises and to agreements with other counsel, whether oral or in writing, and will adhere in good faith to all agreements implied by the

EXHIBIT _10_

PAGE _118_

Case 2:04-cv-09049-DOC-RNB   Document 5290-2   Filed 04/29/09   Page 124 of 128   Page ID
#:172356
Civility and Professionalism Guidelines                                                    Page 3 of 7

circumstances or local Customs.

2. When we reach an oral understanding on a proposed agreement or a stipulation and decide to commit it to writing, the drafter will endeavor in good faith to state the oral understanding accurately and completely. The drafter will provide the other counsel with the opportunity to review the writing. As drafts are exchanged due consideration. A client has no right to demand that we act in an abusive manner or indulge in any offensive conduct.

3. We will not write letters for the purpose of ascribing to opposing counsel a position he or she has not taken, or to create "a record" of events that have not occurred. Letters intended only to make a record should be used sparingly and only when thought to be necessary under all of the circumstances. Unless specifically permitted or invited by the court, letters between counsel should not be sent to judges.

## 2. Scheduling

1. We will consult other counsel regarding scheduling matters in a good faith effort to avoid scheduling conflicts.

2. We will endeavor to accommodate previously scheduled dates for hearings, depositions, meetings, conferences, vacations, seminars, or other functions that produce good faith calendar conflicts on the part of other counsel, where it is possible to do so without prejudicing the client's rights. If we have been given an accommodation because of a calendar conflict, we will notify those who have accommodated us as soon as the conflict has been removed.

3. We will notify other counsel and, if appropriate, the court or other persons, at the earliest possible time when hearings, depositions, meetings, or conferences are to be canceled or postponed. Early notice avoids unnecessary travel and expense of counsel and may enable the court to use the previously reserved time for other matters.

4. Unless time is of the essence, as a matter of courtesy we will grant first requests for reasonable extensions of time to respond to litigation deadlines. After a first extension, any additional requests for time will be considered by balancing the need for expedition against the deference one should ordinarily give to an opponent's schedule of personal and professional engagements, the reasonableness of the length of extension requested, the opponent's willingness to grant reciprocal extensions, the time actually needed for the task, and whether it is likely a court would grant the extension if asked to do so.

5. We will not request an extension of time solely for the purpose of unjustified delay or to obtain a tactical advantage.

6. We will not attach to extensions unfair and extraneous conditions. We may impose conditions for the purpose of preserving rights that an extension might jeopardize, or for receiving reciprocal scheduling concessions. We will not, by granting extensions, seek to preclude an opponent's substantive rights, such as his or her right to move against a complaint.

## 3. Service of Papers

1. We will not time the filing or service of motions or pleadings in any way that unfairly

EXHIBIT __10__

PAGE __119__

limits another party's opportunity to respond.

2. We will not serve papers sufficiently close to a court appearance so as to inhibit the ability of opposing counsel to prepare for that appearance or, where permitted by law, to respond to the papers.

3. We will not serve papers in order to take advantage of an opponent's known absence from the office or at a time or in a manner designed to inconvenience an adversary, such as late on Friday afternoon or the day preceding a secular or religious holiday.

4. When it is likely that service by mail, even when allowed, will prejudice the opposing party, we will effect service personally or by facsimile transmission.

## 4. Depositions

1. We will take depositions only when actually needed to ascertain facts or information or to perpetuate testimony. We will not take depositions for the purpose of harassment or to increase litigation expense.

2. We will not engage in any conduct during a deposition that would be inappropriate in the presence of a judge.

3. During depositions we will ask only those questions we reasonably believe are necessary for the prosecution or defense of an action. We will not inquire into a deponent's personal affairs or question a deponent's integrity where such inquiry is irrelevant to the subject matter of the deposition. We will refrain from repetitive or argumentative questions or those asked solely for purposes of harassment.

4. When defending a deposition, we will limit objections to those that are well founded and necessary to protect our client's interests. We recognize that most objections are preserved and need be interposed only when the form of a question is defective or privileged information is sought.

5. When a question is pending, we will not, through objections or otherwise, coach the deponent or suggest answers.

6. We will not direct a deponent to refuse to answer questions unless they seek privileged information or are manifestly irrelevant or calculated to harass.

7. When we obtain documents pursuant to a deposition subpoena, we will make copies of the documents available to opposing counsel at his or her expense, even if the deposition is canceled or adjourned.

## 5. Document Demands

1. We will carefully craft document production requests so they are limited to those documents we reasonably believe are necessary for the prosecution or defense of an action. We will not design production requests to harass or embarrass a party or witness or to impose an undue burden or expense in responding.

2. We will respond to document requests in a timely and reasonable manner and not strain to interpret the request in an artificially restrictive manner to avoid disclosure of relevant and non privileged documents.

EXHIBIT _10_

PAGE _/20_

Case 2:04-cv-09049-DOC-RNB   Document 5290-2   Filed 04/29/09   Page 126 of 128   Page ID
#:172358
Civility and Professionalism Guidelines                                          Page 5 of 7

   3. We will withhold documents on the grounds of privilege only where it is appropriate to
      do so.

   4. We will not produce documents in a disorganized or unintelligible manner, or in a way
      designed to hide or obscure the existence of particular documents.

   5. We will not delay document production to prevent opposing counsel from inspecting
      documents prior to scheduled depositions or for any other tactical reason.

## 6. Interrogatories

   1. We will carefully craft interrogatories so that they are limited to those matters we
      reasonably believe are necessary for the prosecution or defense of an action, and we
      will not design them to harass or place an undue burden or expense on a party.

   2. We will respond to interrogatories in a timely and reasonable manner and will not strain
      to interpret them in an artificially restrictive manner to avoid disclosure of relevant and
      non privileged information.

   3. We will base our interrogatory objections on a good faith belief in their merit and not
      for the purpose of withholding or delaying the disclosure of relevant information if an
      interrogatory is objectionable in part, we will answer the unobjectionable art.

## 7. Settlement and Alternative Dispute Resolution

   1. Except where there are strong and overriding issues of principle, we will raise and
      explore the issue of settlement in every case as soon as enough is known about the
      case to make settlement discussion meaningful.

   2. We will not falsely hold out the possibility of settlement as a means for adjourning
      discovery or delaying trial.

   3. In every case, we will consider whether the client's interest could be adequately served
      and the controversy more expeditiously and economically disposed of by arbitration,
      mediation, or other forms of alternative dispute resolution.

## 8. Written Submissions to a Court, Including Briefs, Memoranda, Affidavits, Declarations, and Proposed Orders

   1. Before filing a motion with the court, we will engage in more than a mere pro forma
      discussion of its purpose in an effort to resolve the issue with opposing counsel.

   2. We will not force our adversary to make a motion and then not oppose it.

   3. In submitting briefs or memoranda of points and authorities to the court, we will not
      rely on facts that are not properly part of the record. We may present historical,
      economic, or sociological data, if such data appears in or is derived from generally
      available sources.

   4. In civil actions, we will stipulate to relevant matters if they are undisputed and if no
      good faith advocacy basis exists for not stipulating.

EXHIBIT _10_

PAGE _121_

Case 2:04-cv-09049-DOC-RNB   Document 5290-2   Filed 04/29/09   Page 127 of 128   Page ID
#:172359
Civility and Professionalism Guidelines                                                    Page 6 of 7

5. Unless directly and necessarily in issue, we will not disparage the intelligence, morals, integrity, or personal behavior of our adversaries before the court, either in written submissions or oral presentations.

6. We will not, absent good cause, attribute bad motives or improper conduct to other counsel or bring the profession into disrepute by unfounded accusations of impropriety.

7. We will not move for court sanctions against opposing counsel without first conducting a reasonable investigation and unless fully justified by the circumstances and necessary to protect our client's lawful interests.

8. We will not cause any default or dismissal to be entered without first notifying opposing counsel, when we know his or her identity.

9. When a draft order is to be prepared by counsel to reflect a court ruling, we will draft an order that accurately and completely reflects the court's ruling. We will promptly prepare and submit a proposed order to other counsel and attempt to reconcile any differences before the draft order is presented to the court.

## 9. Ex Parte Communications With the Court

1. We will avoid ex parte communication on the substance of a pending case with a judge (or his or her law clerk) before whom such case is pending.

2. Even where applicable laws or rules permit an ex parte application or communication to the court, before making such an application or communication we will make diligent efforts to notify the opposing party or his or her attorney.

## C. Lawyers' Duties to the Court

1. We will speak and write civilly and respectfully in all communications with the court.

2. We will be punctual and prepared for all court appearances so that all hearings, conferences, and trials may commence on time; if delayed, we will notify the court and counsel, if possible.

3. We will be considerate of the time constraints and pressures on the court and court staff inherent in their efforts to administer justice.

4. We will not engage in any conduct that brings disorder or disruption to the courtroom. We will advise our clients and witnesses appearing in court of the proper conduct expected and required there and, to the best of our ability, prevent our clients and witnesses from creating disorder or disruption.

5. We will not write letters to the court in connection with a pending action, unless invited or permitted by the court.

6. Before dates for hearing or trials are set, or if that is not feasible, immediately after such date has been set, we will attempt to verify the availability of necessary participants and witnesses so we can promptly notify the court of any likely problems.

EXHIBIT *10*

PAGE *122*

7.  We will act and speak civilly to court marshals, court clerks, court reporters, secretaries, and
    law clerks with an awareness that they, too, are an integral part of the judicial system.

## D. Judges' Duties to Others

1.  We will be courteous, respectful, and civil to the attorneys, parties, and witnesses who
    appear before us. Furthermore, we will use our authority to ensure that all of the attorneys,
    parties, and witnesses appearing in our courtrooms conduct themselves in a civil manner.

2.  We will do our best to ensure that court personnel act civilly toward attorneys, parties and
    witnesses.

3.  We will not employ abusive, demeaning, or humiliating language in opinions or in written or
    oral communications with attorneys, parties, or witnesses.

4.  We will be punctual in convening all hearings, meetings, and conferences.

5.  We will make reasonable efforts to decide promptly all matters presented to us for decision.

6.  While endeavoring to resolve disputes efficiently, we will be aware of the time constraints
    and pressures imposed on attorneys by the exigencies of litigation practice.

7.  Above all, we will remember that the court is the servant of the people, and we will approach
    our duties in this fashion.

EXHIBIT _10_

PAGE _123_