QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated With Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert C. O'Brien]**<br><br>REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO DE-DESIGNATE MGA'S THIRD-TIER DOCUMENTS AND REQUEST FOR SANCTIONS<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Arent Fox, LLP<br>555 West Fifth Street, 48th Floor<br>Los Angeles, CA<br><br>**Phase 2:**<br>Disc. Cut-off:   December 11, 2009<br>Pre-trial Conf.: March 1, 2010<br>Trial Date:       March 23, 2010 |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT .............................................................................................................2

I. MGA'S SPECULATION ABOUT THE CONTENT OF DOCUMENTS DOES NOT SUPPORT ITS CONTINUED DESIGNATION AS "RESTRICTED," AND IS, IN ANY EVENT, MISTAKEN ...............................................................................................2

II. MGA DOCUMENTS THAT ONCE QUALIFIED FOR THE "RESTRICTED" DESIGNATION NO LONGER FALL UNDER THE DEFINITION AS CONTEMPLATED BY THE MODIFIED PROTECTIVE ORDER ......................................................................................4

III. THE "ATTORNEYS' EYES ONLY" DESIGNATION AFFORDS SUFFICIENT PROTECTION TO MGA'S TRADE SECRET OR PROPRIETARY INFORMATION ...............................................................6

IV. MGA'S CURRENT "RESTRICTED" DOCUMENTS HAVE PLACED AN UNDUE BURDEN ON COUNSEL FOR MATTEL ................................7

CONCLUSION ..........................................................................................................8

# TABLE OF AUTHORITIES

**Page**

## Cases

*Acheson v. Falstaff Brewing Corp.*,
  523 F.2d 1327 (9th Cir. 1975) ................................................................. 6

*Cipollone v. Liggett Group, Inc.*,
  785 F.2d 1108 (3rd Cir. 1986) ................................................................. 3

*Cordingly v. Allied Van Lines, Inc.*,
  563 F.2d 960 (9th Cir. 1977) ................................................................... 6

*Culinary Foods, Inc. v. Rachem Corp.*,
  151 F.R.D. 297 (N.D. Ill. 1993) ............................................................... 3

*Dedford v. Schmid Products Co. a Div. of Schmid Laboratories, Inc.*,
  120 F.R.D. 648 (D. Md. 1987) ................................................................. 3

*Del Campo v. American Corrective Counseling Services, Inc.*,
  2007 WL 3306486 (N.D. Cal. 2007) ....................................................... 3

*Google, Inc. v. American Blind & Wallpaper Factory, Inc.*,
  2006 WL 5349265 (N.D. Cal. 2006) ....................................................... 3

*Grundberg v. Upjohn Co.*,
  137 F.R.D. 372 (D. Utah 1991) ............................................................... 3

*Holsinger v. Wolpoff & Abramson, LLP*,
  2006 WL 1523243 (N.D. Cal. 2006) ....................................................... 3

*Kamakana v. City and County of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) ................................................................. 3

*Safran v. United Steelworkers of America AFL-CIO*,
  132 F.R.D. 32 (W.D. Pa. 1990) ............................................................... 3

*Sprint Technology PCS, L.P. v. County of San Diego*,
  2004 WL 1234139 (S.D. Cal. 2004) ........................................................ 3

*In re ULLICO Inc. Litigation*,
  237 F.R.D. 314 (D.D.C. 2006) ................................................................. 3

*Verizon California, Inc. v. Ronald Katz Technology Licensing, L.P.*,
  214 F.R.D. 583 (C.D. Cal 2003) .............................................................. 3

*Zenith Radio Corp. v. Matsushita Electric Industrial Co., Ltd.*,
  529 F. Supp. 866 (E.D. Pa. 1981) ............................................................ 3

**Rules/Statutes**

Fed.R.Civ.P. 26(c) ................................................................................................. 3

**Other Authorities**

RICHARD A. LORD, WILLISTON ON CONTRACTS, 4th Ed., ¶ 32:14 .............................. 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

MGA's refusal to de-designate its Third Tier documents is unsupported by any legitimate business interest, much less by the Protective Order. MGA admits that its current attorneys *do not know* whether more than 116,000 pages of documents marked as "RESTRICTED" (or "RAEO") are still properly so designated. Instead, MGA simply speculates that the designated documents *might* relate to products from 2007 and 2008 that, perhaps, were "never released."

The <u>Federal Rules</u>, Ninth Circuit law and the Protective Order make clear that MGA must do more than speculate as to why its documents should continue to be designated as "RESTRICTED." MGA, as the designating party, bears the burden of <u>proving</u> the propriety of the designation and "shall" re-designate the document if it pertains to a product that has shipped or has been revealed to a third party in the absence of a confidentiality agreement. Here, MGA candidly admits that it has not even checked to determine -- let alone proven -- whether any of the 116,000 documents at issue in this motion pertain to products that have not been released, or otherwise meet the requirements for the claimed designation; it just assumes (incorrectly) that none of the products has been released. MGA has clearly failed to meet its burden.

Nor could MGA make the required showing because documents relating to 2007 and 2008 products are no longer subject to the Modified Protective Order, regardless of their release. The Order was intended to protect the confidentiality of MGA products scheduled to come to market in 2007 and 2008. It was not, as MGA now contends, intended to apply in perpetuity to 2007/2008 MGA products, so long as those products remain unreleased. Indeed, MGA offers no real reason why a heightened "RESTRICTED" designation would be necessary for documents pertaining to older, unreleased products. The Second Tier "Attorneys' Eyes Only" designation that MGA has applied to other documents ensures that

MGA's competitors will never see them, without imposing the added burdens that the Third Tier designation imposes on attorneys, court reporters, staff and others.

Accordingly, the Discovery Master should compel the de-designation of the documents pursuant to the Protective Order in this matter.

### Argument

**I.  MGA'S SPECULATION ABOUT THE CONTENT OF DOCUMENTS IS INSUFFICIENT TO SUPPORT THEIR CONTINUED DESIGNATION AS "RESTRICTED," AND IS MISTAKEN**

In its opposition, MGA argues that each of the 116,000 pages of documents at issue in this motion must remain designated as "RESTRICTED ATTORNEYS' EYES ONLY" because it is possible that the documents might relate to products that "may remain unreleased to this day."[1] MGA does not offer any basis for this speculation. Since the time it produced the 116,000 pages of documents at issue here, MGA has been represented by three different law firms.[2] Its current counsel concedes that "Phase 2 counsel had not been involved in the designations"[3] and thus has apparently never reviewed the documents.[4]

MGA seems to suggest that, because the prior Discovery Master found good cause to support the Modified Protective Order,[5] it is Mattel's burden to show that MGA documents should *not* be designated as "RESTRICTED."[6] But nothing in the Modified Protective Order places such a burden on Mattel. Quite the contrary,

---

[1]  MGA Opposition at 2:12-14.
[2]  *Id.* at 4:21-28.
[3]  *Id.* at 5:8-9.
[4]  *Id.* at 6:8-12.  In addition to its attorneys' lack of knowledge, MGA's opposition also does not attach any MGA employee declaration as to the content of the documents at issue.
[5]  Order Modifying Protective Order 9:12-13, attached as Exhibit 6 to the Declaration of Diane C. Hutnyan ("Hutnyan Dec."), dated April 17, 2009.
[6]  MGA Opposition at 7:17-18.

under the Federal Rules a court may only keep documents under seal where a party can show good cause for the additional protection. <u>Fed.R.Civ.P.</u> 26(c). Ninth Circuit law confirms the point. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006) (designating party has burden of showing "good cause" for documents to remain under seal). It is the designating party's burden to show with particularity that the documents it seeks to shield are entitled to protection from disclosure. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986); *Verizon California, Inc. v. Ronald Katz Technology Licensing, L.P.*, 214 F.R.D. 583, 586 (C.D. Cal 2003); *Del Campo v. American Corrective Counseling Services, Inc.*, 2007 WL 3306486 at *3 (N.D. Cal. 2007); *Holsinger v. Wolpoff & Abramson, LLP*, 2006 WL 1523243 at *1 (N.D. Cal. 2006); *Google, Inc. v. American Blind & Wallpaper Factory, Inc.*, 2006 WL 5349265 at *2 (N.D. Cal. 2006); *In re ULLICO Inc. Litigation*, 237 F.R.D. 314, 318 (D.D.C. 2006); *In re ULLICO Inc. Litigation*, 237 F.R.D. 314, 318 (D.D.C. 2006); *Sprint Technology PCS, L.P. v. County of San Diego*, 2004 WL 1234139 at *4 (S.D. Cal. 2004); *Culinary Foods, Inc. v. Rachem Corp.*, 151 F.R.D. 297, 306 (N.D. Ill. 1993); *Grundberg v. Upjohn Co.*, 137 F.R.D. 372, 389 n. 21 (D. Utah 1991); *Safran v. United Steelworkers of America AFL-CIO*, 132 F.R.D. 32, 36 (W.D. Pa. 1990); *Dedford v. Schmid Products Co. a Div. of Schmid Laboratories, Inc.*, 120 F.R.D. 648, 654 (D. Md. 1987); *Zenith Radio Corp. v. Matsushita Electric Industrial Co., Ltd.*, 529 F. Supp. 866, 891 (E.D. Pa. 1981).

Paragraph 4 of the Modified Protective Order also provides that "[t]he Producing Party *shall* re-designate or de-designate Subject Documents relating to a product within fourteen (14) days of the following events, whichever occurs earlier: (a) the product is first shipped, or (b) the product is first disclosed to a third party

without a confidentiality agreement."[7]  Yet, by its own admission, MGA's counsel does not know to what the designated documents pertain and has taken no action to find out.  A sampling of the "RESTRICTED" documents at issue reveals that MGA is still designating as "RESTRICTED," and refusing to de-designate or re-designate documents pertaining to products that MGA has now released to the public,[8] including product line lists from years ago.[9]  MGA has even designated documents and emails that make no reference to MGA's own products.[10]  MGA offers no proof that any of the designated documents satisfies the standard for a proper "RESTRICTED" designation.  Under both the Modified Protective Order and the Federal Rules, MGA's inaccurate guesswork is insufficient to support its "RESTRICTED" designations.

## II. MGA DOCUMENTS THAT ONCE QUALIFIED FOR THE "RESTRICTED" DESIGNATION NO LONGER FIT THAT DEFINITION

Even if some of the 116,000 pages of "RESTRICTED" Third Tier documents pertain to MGA products that have yet to be released--and there has been no proof that they do--those documents would still not qualify for protection under

---

[7]  Stipulation to Modify Protective Order, ¶ 4 (emphasis added), (Hutnyan Dec., Ex. 7).

[8]  See, e.g. Bates No. MGA 0085201 (regarding "Newbornz" already released); Bates No. MGA 2916721-4 (regarding "Flower Girlz" already released); Bates No. MGA 1387744 (regarding cost reductions on products already released); Bate No. MGA 4009611-2 (regarding "Bratz Diamondz" already released); Bates No. MGA 0084104-5 (regarding movie doll already released), Bates No. MGA 3537029-35357273 (regarding 2007 products) attached as Exhibits 1-5, 7 to the Declaration of Bridget A. Hauler ("Hauler Dec.,"), dated April 29, 2009 and filed concurrently herewith.  This list is merely a sample of MGA's improper designations and is not exhaustive.

[9]  See,e.g., Bates No. MGA 3537029-35357273, Hauler Dec., Exh. 7.

the Modified Protective Order.  By its terms, the Order was designed to protect the secrecy of products that were scheduled for release in 2007 and 2008.  That time has passed, and the Modified Protective Order no longer applies.

MGA urges that documents pertaining to products that were "never released" may be considered "RESTRICTED" in perpetuity because the Order "contains no expiration date."[11]  But this argument again overlooks the pertinent language in the Modified Protective Order.  The Order is limited to documents "created after January 1, 2006 that pertain to products which are *currently unreleased and scheduled for* public release *in 2007 or 2008*..."[12]  It specifically does not provide for designation of documents that pertain to "future" or "anticipated" products, but rather products that were to be released at a particular time.  If the Order had been intended to allow for designation of any unreleased product, it could have easily spelled this out.  Instead the Order provides for a specific temporal limitation on the documents subject to designation.[13]

MGA's own actions likewise reveal that the Order was not intended to allow for "Restricted" designation of every document relating to an unreleased product.  Since the Modified Protective Order was entered, MGA has not sought to designate as "RESTRICTED" *any* documents pertaining to products to be released

---

[10]  See, e.g. Bates No. MGA 0083663-4 (regarding competitor product, no mention of MGA product), Hauler Dec., Ex. 6.

[11]  MGA Opposition at 7:1-6.

[12]  Stipulation to Modify Protective Order, ¶1 (emphasis added), (Hutnyan Dec., Ex. 7).

[13]  In fact, further demonstrating the limited temporal scope of the Modified Protective Order, it sets out in paragraph 1 that the parties might enter into an "additional stipulation" for a "subset" of documents that pertain to products that might be scheduled for release in 2008.  Stipulation to Modify Protective Order, ¶ 1, (Hutnyan Dec., Ex. 7).  Had the Order intended to provide that documents related to any future "unreleased" product were subject to the  "RESTRICTED" designation, such a provision would have been unnecessary.

in 2009 or 2010. MGA itself plainly recognizes that the Modified Protective Order was never intended to apply to the general category of "unreleased" products.

### III. THE "ATTORNEYS' EYES ONLY" DESIGNATION AFFORDS SUFFICIENT PROTECTION FOR MGA'S INFORMATION

The designation of such documents as Second Tier "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" ("AEO"), assuming that were proper, provides protection for MGA's interests. Indeed, that is especially true as to the documents at issue here relating to older, and seemingly out-of-date, products.

The "AEO" designation limits disclosure to: "(a) the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder, or employee of any party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys; (b) secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation; (c) the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "Confidential -- Attorneys' Eyes Only" information; (d) such other persons as may be consented to by the party designating such information as "Confidential -- Attorneys' Eyes Only" information; (e) outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators; (f) independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and (g) professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators."[14] With strict procedures in place for the handling and processing of

---

[14] Stipulated Protective Order 5(a)-(i), (Hutnyan Dec., Ex. 2).

confidential trade secret documents, the "AEO" designation is more than sufficient to protect MGA from inadvertent disclosure of its proprietary information.

### IV. MGA'S "RESTRICTED" DESIGNATION PLACES AN UNDUE BURDEN ON COUNSEL AND THE COURT

MGA admits that the "RESTRICTED" designation entails "cumbersome and restrictive procedures" that place an "onerous" burden on the party reviewing and handling the documents.[15] Still, MGA maintains that there should not be any burden on the three Mattel attorneys designated to review "RESTRICTED" documents because they have had two years to review the documents.[16]

MGA ignores the fact that limiting information and knowledge to three attorneys necessarily hamstrings Mattel's counsel -- in an extremely complex case -- by denying them the opportunity to have additional attorneys analyze the documents or use them for depositions. Such interference is especially unacceptable given the "billions" of dollars that MGA purports to seek on its claims in this action. MGA also ignores the administrative burdens on Mattel and the Court created by the handling and storage specifications for "RESTRICTED" documents. The Modified Protective Order provides that documents designated "RESTRICTED" "shall not be copied except to create one archival file copy, one working copy for the designated attorneys and/or any designated expert, or for use as exhibits at deposition or trial or in filings with the Court, including the Discovery Master."[17] And, the "RESTRICTED" documents must be "maintained in a secure, locked file at all times

---

[15]  Bryant and MGA's Joint Opposition to Mattel's Motion to Modify the Protective Order, 6:22 and 7:13, Hauler Dec., Ex. 8.
[16]  MGA Opposition at 3-11.
[17]  Stipulation to Modify Protective Order, ¶ 3(d), (Hutnyan Dec., Ex. 7).

when not physically being used by the receiving party's counsel or expert."[18] Considering that MGA cannot even indicate why any of its 116,000 designated documents should continue to be treated as "RESTRICTED," there is no reason to impose these burdens on Mattel, the Discovery Master or the Court.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Discovery Master grant Mattel's Motion to De-Designate MGA's Third-Tier Documents and grant Mattel's Request for Sanctions.

DATED:  April 29, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By  /s/ Bridget A. Hauler
    Bridget A. Hauler
    Attorneys for Mattel, Inc.

---

[18]  Stipulation to Modify Protective Order, ¶ 3(e), (Hutnyan Dec., Ex. 7).