QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-9059 & CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert C. O'Brien Pursuant To Order Of January 6, 2009]**<br><br>MATTEL, INC.'S OPPOSITION TO MGA ENTERTAINMENT INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS FROM MGA'S SECOND AND FIFTH SETS OF REQUESTS FOR PRODUCTION AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES TO MATTEL, INC.<br><br>[DECLARATION OF DIANE C. HUTNYAN SUBMITTED CONCURRENTLY]<br><br>Hearing Date:     TBD<br>Time:             TBD<br>Place:            TBD<br><br>Phase 2:<br>Disc. Cut-off:    December 11, 2009<br>Pre-trial Conf.:  March 1, 2010<br>Trial Date:       March 23, 2010 |

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................1

STATEMENT OF FACTS ....................................................................................3

ARGUMENT ...................................................................................................7

I.    MGA'S PRECIPITOUS FILING SHOULD BE SUMMARILY
      REJECTED..............................................................................................7

      A.    As It Now Concedes, Most Issues Raised By MGA Have
            Already Been Resolved....................................................................7

      B.    MGA's Requested Relief as to Its Interrogatories Is Inconsistent
            With Its Own Positions ..................................................................10

      C.    It Would Be Improper To Overrule Mattel's Objections .....................12

II.   AS TO THE REQUESTS IN DISPUTE, MGA'S MOTION SHOULD
      BE DENIED ON THE MERITS ....................................................................14

            1.    Requests for Production No. 148, 162, 486, and 489................14

            2.    Request for Production No. 178 ..................................................16

            3.    Request for Production No. 154 ..................................................17

CONCLUSION................................................................................................20

1

# **TABLE OF AUTHORITIES**

2

**Page**

3

## **Cases**

4

5

Assam v. Assam-Metzler,
    2002 WL. 31236300 (N.D.Ill. Oct. 1, 2002) ...........................................................9

6

Global Polymer Industries, Inc. v. C & A Plus, Inc.,
    2006 WL. 1344088 (D.S.D. May 15, 2006)............................................................9

7

8

Hua v. Boeing Corp.,
    2009 WL. 279018 (W.D.Wash. Feb. 5, 2009) .....................................................10

9

New Hampshire v. Maine,
    532 U.S. 742 (2001).................................................................................................13

10

11

Regan-Touhy v. Walgreen Co.,
    526 F.3d 641 (10th Cir. 2008) ..............................................................................18

12

Rissetto v. Plumbers and Steamfitters Local 343,
    94 F.3d 597 (9th Cir. 1996) ...................................................................................13

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-ii-

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

MGA's motion is premature and unnecessary. The requirement that parties meet and confer before filing discovery motions is not make-work -- the goal, where it can be achieved, is to resolve contemplated motions *before* they are brought, so the expense of motion practice and the burden it imposes on the Discovery Master and the Court is limited to genuine disputes.    MGA's filing is designed to frustrate this process; granting it will reward those efforts.

After waiting months following the lifting of the stay on Phase 2 discovery (contradicting any current claims of urgency), MGA sent Mattel a six-page letter seeking to meet and confer about, by MGA's numbering, twenty-one requests for production and six interrogatories. The requests and interrogatories purport to seek, among other things, a "detailed" and "complete" description of the factual basis of each and every counterclaim Mattel has alleged, including the identification of "all" pertinent documents and witnesses, a "detailed" description of the "complete factual basis" for numerous Mattel contentions, again including the identification of "all" pertinent documents and witnesses, "detailed" estimates of all forms of damages incurred by Mattel, including "all" relevant facts, documents and witnesses, and vast quantities of documents responsive to over a dozen requests for production.    The burden of compliance with such requests is clearly substantial. MGA specifically requested that Mattel supplement its responses and provide this information by May 14, 2009 -- more than two weeks from today.

Mattel met and conferred with MGA on these issues repeatedly.    Of the twenty-one requests for production MGA initially put at issue, Mattel agreed in writing, to provide all documents responsive to eleven of them.    Mattel also agreed, in writing, to provide all documents responsive to a narrowed version of eight additional requests, and addressed the remaining two requests such that MGA did not move on them. Mattel also agreed to supplement its responses to every single interrogatory MGA put

1  at issue.  And Mattel agreed to make every effort to complete its production by the date

2  MGA demanded.  MGA now suggests that Mattel's positions were unclear in certain

3  respects, but at no point did MGA request clarification or did Mattel refuse to provide

4  it.

5          In fact, MGA did not even respond to Mattel's last letter on the subject.

6  Instead, it  filed  this  motion  out  of  the  blue,  weeks  before  the  agreed  date  for

7  supplementation.  MGA cannot demand compliance, obtain agreements to comply and

8  then, before the deadline even approaches, short-circuit the entire process through a

9  premature motion to compel.

10          MGA apparently recognized this two days ago.  Two days ago, a week

11  *after* it filed its motion, on the day Mattel's opposition was originally due, MGA finally

12  responded to Mattel's last letter on the subject -- sent *before* MGA filed its motion --

13  that if the parties can reach agreement as to six requests for production where there may

14  be ongoing disputes, "***MGA will withdraw its pending motion to compel***," reserving its

15  right to move to compel *after* Mattel voluntarily supplements its responses as agreed.[1]

16  This motion to compel, as MGA now concedes, never should have been brought.

17  MGA's gamesmanship has caused hours upon hours of needless work and delay --

18  hours that could have been spent working on the supplemental responses MGA has

19  demanded.

20          As to the few requests where there is a genuine dispute on the merits,

21  MGA's motion should be denied.  MGA's Requests for Production Nos. 148, 162, 486,

22  and 489 seek documents relating to Mattel's and its counsel's knowledge of seizures by

23  Mexican and Canadian law enforcement authorities of Mattel trade secrets in MGA's

24  possession.  But such knowledge is not discoverable:  this is not percipient witness

25  information.   MGA  unreasonably  refused  to  restrict  the  requests  to  percipient

26

27      [1]   See April 27, 2009 letter from Caroline H. Mankey to Diane C. Hutnyan, at 2, Hutnyan Dec., Exh. 6.

28

knowledge, rendering them overbroad and improper. Similarly, in response to MGA's Request No. 154, Mattel offered documents about a trade secret up to the point of its alleged theft. MGA rejected this proposal (while conceding that the request, as drafted, is improper), but offers no reason or authority as to why it is entitled to the balance of an overbroad request . And with respect to Request No. 178, after MGA objected to the scope of Mattel's proposed production, Mattel agreed to broaden the scope in the way MGA wanted. Instead of indicating to Mattel what, if anything, was unsatisfactory, MGA responded by filing this motion.

## Statement of Facts

On March 25, 2009, MGA wrote Mattel a six-page meet-and-confer letter identifying twenty-one requests for production and six interrogatories, the responses to which MGA asked Mattel to supplement.[2]  Mattel promptly met and conferred as requested on March 31, and the dispute as to six of the Requests was resolved quickly. As to four of them, MGA had overlooked that Mattel had already agreed to produce responsive, non-privileged documents.[3]  As to two more, Mattel pointed out that it had already provided the requested information in its Initial Disclosures and in earlier document productions and interrogatory responses.[4]  This left fifteen requests for production and the six named interrogatories at issue.

The parties continued to meet and confer on April 13 and April 16, with confirming letters on April 14, April 16, April 17, and April 20.[5]  Through this process, Mattel and MGA resolved most of the discovery issues by April 16. Mattel informed

---

[2]   See March 25, 2009 letter from Caroline H. Mankey to Jon D. Corey, Hutnyan Dec., Exh. 4.

[3]   See April 16, 2009 letter from Diane C. Hutnyan to Caroline H. Mankey, at 2, Hutnyan Dec., Exh. 1.

[4]   Id.

[5]   See April 14, 2009 letter from Caroline H. Mankey to Diane C. Hutnyan, Hutnyan Dec., Exh. 5; April 16, 2009 letter from Diane C. Hutnyan to Caroline H. (footnote continued)

1  MGA by letter that day that it would supplement all six named interrogatories at issue.[6]

2  Mattel also agreed to supplement its responses to numerous requests for production

3  (Nos. 146, 148, 153, 160, 162, 174-178 in the Second Set, and Nos. 468, 488, 489, 491

4  in the Fifth Set), which it did the next day.[7]   In its written supplemental responses,

5  Mattel responded that it would produce documents responsive to fourteen of the fifteen

6  remaining requests.   As to six of these fourteen, Mattel agreed to produce all

7  responsive, non-privileged documents with no limitations as to the scope of the

8  request.[8]  For three others -- Nos. 153, 176, and 177 -- Mattel agreed to produce all

9  non-privileged documents responsive to slightly narrowed versions of the Requests.[9]

10  MGA has raised no issue with respect to those limitations.  Nor did MGA object to or

11  challenge Mattel's agreement to supplement its interrogatory responses in any way.

12  Thus, by April 17, three days before this motion was filed, the dispute as to all but six

13  requests for production had been amicably resolved.  By letter that day, MGA expressly

---

16  Mankey, at 2, Hutnyan Dec., Exh. 1; April 20, 2009 letter from Diane C. Hutnyan to

17  Caroline H. Mankey, at 1, Hutnyan Dec., Exh. 3.

18  [6]   See April 16, 2009 letter from Diane C. Hutnyan to Caroline H. Mankey, at 3, Hutnyan Dec., Exh. 1.

19  [7]   Id.; see Mattel's Second Supplemental Objections and Responses to MGA

20  Entertainment, Inc.'s Second Set of Requests for Production of Documents and Things (Nos. 146, 148, 153, 160, 162, 174-178), dated April 17, 2009, Hutnyan Dec., Exh. 8;

21  Mattel's Supplemental Responses to MGA's Fifth Set of Requests for Production (Nos. 468, 488, 489, 491), dated April 17, 2009, Hutnyan Dec., Exh. 9.

22  [8]   Those are, specifically, Nos. 146, 160, 174, 175, 488, and 491. See Mattel's

23  Second Supplemental Objections and Responses to MGA Entertainment, Inc.'s Second

24  Set of Requests for Production of Documents and Things (Nos. 146, 148, 153, 160, 162, 174-178), dated April 17, 2009, Hutnyan Dec., Exh. 8; Mattel's Supplemental

25  Responses to MGA's Fifth Set of Requests for Production (Nos. 468, 488, 489, 491), dated April 17, 2009, Hutnyan Dec., Exh. 9.

26  [9]   See Mattel's Second Supplemental Objections and Responses to MGA

27  Entertainment, Inc.'s Second Set of Requests for Production of Documents and Things (Nos. 146, 148, 153, 160, 162, 175-178), dated April 17, 2009, Hutnyan Dec., Exh. 8.

"acknowledge[d] the steps that Mattel has taken in agreeing to provide further written responses and documents responsive to MGA's discovery requests."[10]

Mattel also agreed to produce non-privileged documents responsive to a specifically identified, narrowed request as to five of the six remaining requests for production.[11] MGA had requested that Mattel supplement its discovery by May 14;[12] Mattel committed to endeavor to do so in that time frame.[13] Only as to Request No. 154, which is defective on its face, did Mattel not commit to produce responsive documents. Even as to that request, Mattel continued to work with MGA to try to narrow it appropriately and come to an agreement.[14]

MGA requested some clarifications from Mattel by letter dated April 17, 2009.[15] In a letter emailed and faxed to MGA's counsel at approximately 12:15 and 12:30 p.m. on April 20,[16] Mattel provided those clarifications, advising, *inter alia*, that where Mattel agreed to produce responsive documents in a stated category, it was agreeing to produce <u>all</u> of the responsive documents in the category.[17] Mattel also offered to produce documents responsive to a narrowed version of Request No. 154 -- the only request for which Mattel had not already provided such a commitment -- and explained why the narrowed scope of Request Nos. 148, 154, 162, 178, 486, and 489

---

[10]   <u>See</u> April 17, 2009 letter from Caroline H. Mankey to Diane C. Hutnyan, at 1, Hutnyan Dec., Exh. 2.

[11]   <u>Id.</u>

[12]   <u>See</u> April 14, 2009 letter from Caroline H. Mankey to Diane C. Hutnyan, at 1, Hutnyan Dec., Exh. 5.

[13]   <u>See</u> April 16, 2009 letter from Diane C. Hutnyan to Caroline H. Mankey, at 3, Hutnyan Dec., Exh. 1.

[14]   <u>Id.</u> at 2-3; <u>See</u> April 17, 2009 letter from Caroline H. Mankey to Diane C. Hutnyan, at 2, Hutnyan Dec., Exh. 2.

[15]   <u>See</u> April 17, 2009 letter from Caroline H. Mankey to Diane C. Hutnyan, Hutnyan Dec., Exh. 2.

[16]   <u>See</u> April 20, 2009 email from Diane C. Hutnyan to Caroline H. Mankey, Hutnyan Dec., Exh. 11; April 20, 2009 fax confirmation, Hutnyan Dec., Exh. 12.

1   that Mattel proposed was proper.[18]   As of April 20, the dispute as to all of the

2   interrogatories and all but six requests had thus been resolved, and the parties appeared

3   well on their way towards resolving the remaining six requests.

4           Nevertheless, instead of responding to Mattel's letter to resolve the few

5   remaining disputes, MGA filed its motion to compel five hours after receiving Mattel's

6   clarifications.[19]   MGA purports to move on every interrogatory in its initial request

7   and on eleven or more of its requests for production (MGA's notice of motion lists

8   eleven requests, but its motion discusses a total of 16).[20]   MGA even moves on a

9   request as to which Mattel long ago agreed, in writing,  to produce responsive, non-

10  privileged documents.[21]

11          A week later, on April 27, on the day Mattel's Opposition was originally

12  due, MGA finally responded to Mattel's April 20 letter.[22]   MGA concedes in the letter

13  that "It appears that only a few issues remain in dispute."[23]   Effectively conceding that

14  the motion it filed was both unduly broad and premature, MGA offered to withdraw its

15  motion entirely if those few issues (regarding the six requests for production) were

16  resolved.[24]   But it has refused to consider reasonable modifications to the scope of

---

17    [17]   See April 20, 2009 letter from Diane C. Hutnyan to Caroline H. Mankey, at 1, Hutnyan Dec., Exh. 3.

18    [18]   Id. at 1-2.

19    [19]   Hutnyan Dec., ¶¶ 12, 13, and 14. See also April 20, 2009 email, Hutnyan Dec.,
20    Exh. 13; April 20, 2009 email, Hutnyan Dec., Exh. 11; April 20, 2009 fax confirmation,
21    Hutnyan Dec., Exh. 12.

      [20]   Compare Notice of Motion at 1:5-7 with Motion at 4:4-11. The Motion
22    discusses Requests Nos. 146, 148, 160, and 162 (Second Set), and Request No. 491
23    (Fifth Set), none of which is listed in the Notice of Motion.

      [21]   See Mattel, Inc.'s Supplemental Objections and Responses to MGA
24    Entertainment Inc.'s Second Set of Requests for Production of Documents and Things
25    In Case No. 05-2727, dated June 22, 2007, at 43, Hutnyan Dec., Exh. 7 (No. 158).

      [22]   See April 27, 2009 letter from Caroline H. Mankey to Diane C. Hutnyan,
26    Hutnyan Dec., Exh. 6.

27    [23]   Id. at 1.

28    [24]   Id. at 2.

those six requests.[25]  Nevertheless, to clarify Mattel's position and ensure that MGA receives all documents to which it is even arguably entitled, Mattel has served today supplemental responses reflecting the documents responsive to five of those six requests.[26]

## Argument

### I.    MGA'S PRECIPITOUS FILING SHOULD BE SUMMARILY REJECTED

#### A.    As It Now Concedes, Most Issues Raised By MGA Have Already Been Resolved

As MGA conceded in its letter of two days ago, "It appears that only a few issues remain in dispute."[27]  MGA then identified a handful of issues -- the definition of "Mattel," and six specific Requests for Production -- that it believes are still in dispute following Mattel's April 20 letter.  MGA also wrote: "In the event that we can reach agreement on these remaining issues, MGA will withdraw its pending motion to compel."[28]  Yet MGA chose to burden Mattel and the Discovery Master with a motion addressing far more than those few disputed requests, even though the dispute as to the balance of the issues in this motion was resolved well before the motion was filed. Indeed, MGA did not even acknowledge Mattel's April 20 letter in its motion, nor did it recognize that Mattel's letter of April 17 itself resolved most of the issues in MGA's motion.   MGA's conduct has forced Mattel to spend the last week briefing resolved issues.  It is unjustifiable.

---

[25] Id. at 1-2.

[26] See Mattel's Third Supplemental Objections and Responses to MGA Entertainment, Inc.'s Second Set of Requests for Production of Documents and Things (Nos. 148, 162, and 178) In Case No. 05-2727, dated April 28, 2009, Hutnyan Dec., Exh. 21; Mattel's Second Supplemental Responses to MGA's Fifth Set of Requests for Production (Nos. 486 and 489), dated April 28, 2009, Hutnyan Dec., Exh. 22.

[27] See April 20, 2009 letter from Caroline H. Mankey to Diane C. Hutnyan, at 1, Hutnyan Dec., Exh. 3.

[28] Id., at 2.

MGA even had the audacity to assert in its motion that Mattel did not respond to important issues that were in fact addressed in the April 20 letter. For example, MGA acknowledges in its motion that Mattel agreed to produce documents responsive to sixteen of the Requests -- requests it still chose to move on -- but alleges that Mattel "did not expressly state that it would produce **all** such responsive documents or whether it intends to withhold any documents on the basis of any privilege or objection (including the definition of Mattel)." (Motion at 4:4-9). In fact, Mattel made that very representation in the April 20 letter that MGA chose to ignore.[29] MGA also asserts, with respect to Interrogatory No. 29, that "Mattel initially refused to provide a responsive answer to this request because it claimed that it has not yet completed its calculation of damages and because it seeks information that is the subject of expert analysis and fact discovery from MGA that has not yet been conducted." (Motion at 10:23-26). However, MGA does not mention what happened next: Mattel agreed to supplement its Response to Interrogatory No. 29, as it agreed to supplement every other named interrogatory at issue, days before MGA's motion was filed.[30]

Mattel specifically confirmed to MGA that it intended to produce all responsive documents by May 14, 2009, the date MGA had proposed, days before MGA filed its motion.[31] Mattel will still attempt to meet this commitment, although this unnecessary motion practice has obviously caused delay. But in any case, there is, at present, no discovery dispute with respect to virtually all of the items MGA has

---

[29] See April 20, 2009 letter from Diane C. Hutnyan to Caroline H. Mankey, at 1, Hutnyan Dec., Exh. 3.

[30] See April 16, 2009 letter from Diane C. Hutnyan to Caroline H. Mankey, at 3, Hutnyan Dec., Exh. 1. It is true that Mattel has not yet completed its calculations of damages; it would be impossible to do that at this point since MGA and related third parties have been obstructive in providing information about their financial transactions. The response will necessarily be incomplete at this point, but it will be supplemented.

[31] See April 16, 2009 letter from Diane C. Hutnyan to Caroline H. Mankey, at 3, Hutnyan Dec., Exh. 1.

1  moved on,  and there is no basis to grant a motion to compel discovery where there is

2  no actual dispute.  See Global Polymer Industries, Inc. v. C & A Plus, Inc., 2006 WL

3  1344088, *2 (D.S.D. May 15, 2006) (denying motion to compel as to Interrogatories

4  and Requests for Production that were "not in dispute"); Assam v. Assam-Metzler,

5  2002 WL 31236300 (N.D.Ill. Oct. 1, 2002) (denying motion to compel where "[t]he

6  discovery dispute is not a dispute but, apparently, a miscommunication.").  MGA

7  should not be rewarded for its misconduct by granting, as it improperly demands, an

8  order compelling production of all documents and interrogatory responses "within 24

9  hours."

10          In fact, MGA should be sanctioned for its misconduct.  Mattel met and

11  conferred in good faith with MGA to provide it with the discovery it was entitled to

12  receive.  As MGA now admits, the parties had resolved the majority of the requests for

13  production and all of the interrogatories well before MGA filed its motion.  MGA then

14  brought its overbroad motion anyway, only agreeing to withdraw it (if Mattel would

15  capitulate as to improper requests) after Mattel had incurred the substantial costs of

16  preparing its opposition as to the already-resolved issues.  The Discovery Master has

17  "admonished" the parties "to abide by the provisions of the Discovery Master Order

18  requiring a good faith attempt to meet and confer regarding discovery disputes prior to

19  the filing of any discovery motion."[32]  Such good faith "cannot be shown merely

20  through perfunctory efforts; rather Federal Rule of Civil Procedure 37 mandates a

21  genuine attempt to resolve the discovery dispute through non-judicial means."[33]  "The

22  meet and confer requirements . . . are intended to ensure that parties have an

23  inexpensive and expeditious opportunity to resolve discovery disputes *and that only*

24  *genuine disagreements are brought before the Court.*"  Hua v. Boeing Corp., 2009

25  WL 279018, *1 (W.D.Wash. Feb. 5, 2009) (emphasis added).

26  ───────────────

27  [32]  See Discovery Master Order No. 3, dated March 10, 2009, at n. 12, Hutnyan Dec., Exh. 20.

28

1          MGA has willfully violated these requirements.  Blessing its tactics will

2  render the meet-and-confer process utterly pointless:  there is no reason to spend time

3  discussing the issues, much less voluntarily agreeing to provide discovery, if a motion

4  to compel is going to follow in any case before the agreed due date.  MGA should be

5  ordered to reimburse at least a portion of the costs incurred by Mattel in opposing this

6  motion, in the amount of $3,500, to deter such conduct in the future and to encourage

7  good faith resolution of discovery disputes without costly intervention by the Discovery

8  Master.[34]

9  **B.**    **MGA's Requested Relief as to Its Interrogatories Is Inconsistent With**

10       **Its Own Positions**

11          Although Mattel has agreed to provide supplemental responses to the

12  interrogatories at issue in this motion, the flagrant inconsistencies in MGA's positions

13  must be addressed.  MGA seeks to uneven the playing field by compelling exhaustive

14  responses to interrogatories that are  far beyond what MGA has argued is appropriate in

15  this litigation.   Indeed, MGA has vehemently resisted attempts by Mattel to seek

16  comparable discovery, and it has prevailed in those attempts.

17          MGA seeks to compel contention interrogatories asking for "all facts"

18  (e.g., Nos. 28 and 29) and "the complete factual basis" (e.g., Nos. 22, 23, and 28)

19  behind Mattel's contentions and Counterclaims.  Yet MGA itself has argued that such

20  contention interrogatories are "inherently improper," attacking "Mattel's attempt to

21  compel MGA to provide a narrative account of every stitch of evidence supporting its

22  defense of this action would render Mattel's contention interrogatories unduly

23  burdensome and 'inherently improper.'"[35]  Instead, MGA has urged that a party satisfies

---

[33]  <u>Id.</u> at 11.

[34]  <u>See</u> Hutnyan Dec., ¶ 24.

[35]  <u>See</u> MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, (footnote continued)

1   its discovery obligations by setting forth "sufficient facts, identified persons with

2   knowledge, and identified documents to support [its] contentions."[36] Likewise, when

3   Mattel moved to compel MGA to respond to interrogatories about MGA's trade dress

4   contentions with complete answers, pointing to its own 133-page response to MGA's

5   massive Interrogatory No. 1, MGA claimed it had satisfied its discovery obligations by

6   providing Mattel with the "principal facts supporting its contentions."[37]

7        The Discovery Master shed light on this issue just yesterday, in his

8   Discovery Matter Order No. 22. In that Order, the Discovery Master found that MGA

9   complied with <u>Rule 33</u> by "appris[ing] Mattel of the principal and material facts

10  supporting MGA's trade dress claim."[38]  The Discovery Master explained that

11  "[n]othing more is required of the MGA Parties. There is always a greater degree of

12  specificity that could be provided by an interrogatory response. If Mattel wishes to

13  obtain the details behind each and every fact specified in the response to Interrogatory

14  No. 50, Mattel may depose MGA's person most knowledgeable regarding these issues

15  under Federal Rule of Civil Procedure 30(b)(6)."[39]

16       Mattel has agreed to provide supplemental responses to the MGA

17  interrogatories at issue in this motion. Mattel fully intends to provide a reasonable

18  supplementation that includes a fair recitation of responsive information of which it is

19  aware at the time of supplementation. Once MGA receives those responses, if it feels

---

20  41, 42, 43, 44, 46, 47, 48, 49 and 50) by the MGA Parties, dated December 31, 2007, at
21  3, Hutnyan Dec., Exh. 17.
22  [36]   <u>See</u> Discovery Master's Order Granting in Part and Denying in Part Mattel's
    Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA
23  Parties, dated February 15, 2008, at 17-18, Hutnyan Dec., Exh. 18.
24  [37]   <u>See</u> MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel
    Responses to Interrogatories (Nos. 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40,
25  41, 42, 43, 44, 46, 47, 48, 49 and 50) by the MGA Parties, dated December 31, 2007, at
26  30, Hutnyan Dec., Exh. 17.
    [38]   Discovery Matter Order No. 22, dated April 28, 2009, at 53, Hutnyan Dec., Exh.
27  15.

28

1   they are inadequate Mattel will gladly meet and confer to address any such concerns.

2   But MGA's demand that all of Mattel's objections be overruled *ex ante* -- and its

3   demand that Mattel be held to a higher standard than MGA -- is improper.  Mattel has

4   never argued that every fact that could conceivably be responsive must be recited,

5   chapter and verse, in an interrogatory response.  Yet the blanket order that MGA

6   demands could be misconstrued to require just that.  If MGA seeks further information

7   after Mattel provides the supplemental responses to which it has agreed, the parties (or

8   the Discovery Master) can work out an approach that takes account of previous rulings

9   in this case about how such interrogatories should be answered, and that provides for an

10  even playing field.

11        **C.     It Would Be Improper To Overrule Mattel's Objections**

12             As discussed, MGA seeks a blanket order overruling all of Mattel's

13  objections, despite Mattel's voluntary agreement to provide discovery.  Such an order

14  would be improper.

15             As to the interrogatories, to the extent MGA actually seeks to require

16  Mattel to recite the details of virtually every fact in this case in an interrogatory

17  response, as it appears to demand, Mattel's undue burden objection is well taken.

18  Mattel will supplement in good faith, but should not be held to a higher standard than

19  MGA itself.

20             Also, Mattel's objection that it reserves the right to supplement its

21  responses in the future, including based on expert discovery, is valid and does not

22  render the responses inadequate, as the Discovery Master has ruled.[40]  Mattel does not

23  intend to withhold presently-known information based on this objection, but it is

24  entitled under the Rules to supplement its responses as appropriate.

25

26  [39]  Id.

27  [40]  See Discovery Master Order No. 22, dated April 28, 2009, at 47, Hutnyan Dec.,

28  Exh. 15.

1     MGA apparently seeks to overrule even Mattel's privilege objections (Mtn.

2   at 14:1-3), yet that would obviously be improper.  MGA conceded as much during the

3   meet and confer.[41]  Mattel has agreed to produce specified responsive, non-privileged

4   documents, and to respond to the interrogatories without waiving any applicable

5   privilege.  MGA offers no basis to "overrule" such legitimate objections.

6     MGA also seeks to overrule Mattel's "compound" objection to the

7   interrogatories.  (Motion at 13:22.)  This too should be denied.  Mattel is willing to

8   answer the interrogatories now at issue as discussed, but they are in fact compound --

9   many of them count as far more than one interrogatory under the Rules.  As the prior

10  Discovery Master has held, interrogatories that address several discrete issues, such as

11  discrete legal contentions or factual allegations, consist of discrete subparts, each of

12  which counts as a discrete interrogatory.[42]  MGA sought and obtained this legal ruling

13  to avoid Mattel discovery; it is now estopped from arguing otherwise.[43]  In any event,

14  it would be improper and premature to address this Mattel objection (and Mattel's other

15  objections) now in light of Mattel's agreement to respond to the interrogatories -- again,

16  there is no current dispute that calls for a ruling.  Mattel has agreed to supplement by an

17  agreed date.  MGA's motion seeking to compel those very responses is unripe.

18

19

---

20    [41]  See April 14, 2009 letter from Caroline H. Mankey to Diane C. Hutnyan,
21  Hutnyan Dec., Exh. 5.
      [42]  See Order Granting Joint Motion for Protective Order Regarding Mattel's
22  Interrogatories: Denying Mattel's Motion to Compel Interrogatory Responses, dated
23  September 5, 2007, at 8, Hutnyan Dec., Exh. 16.
      [43]  The doctrine of judicial estoppel precludes a party from obtaining a ruling from
24  the court and then attempting to gain advantage by taking a contrary position in the
25  litigation.  New Hampshire v. Maine, 532 U.S. 742, 749 (2001).  The doctrine protects
    the integrity of the judicial process by "prohibiting parties from deliberately changing
26  positions according to the exigencies of the moment."  Id.; see also Rissetto v. Plumbers
27  and Steamfitters Local 343, 94 F.3d 597, 603 (9th Cir. 1996) (judicial estoppel "enables
    a court to protect itself from manipulation.").

28

II.     **AS TO THE REQUESTS IN DISPUTE, MGA'S MOTION SHOULD BE DENIED ON THE MERITS**

Mattel has met and conferred extensively with MGA to resolve the six remaining requests for production, and offered productions in response to narrowed requests.  Neither in those meet and confer discussions nor in its motion has MGA justified the broader discovery it seeks or explained to Mattel why the production it has offered is inadequate.  The motion to compel additional production in response to these Requests should be denied.

1.     **Requests for Production No. 148, 162, 486, and 489**

These requests all relate to the seizures of Mattel trade secrets in MGA's possession in Mexico and Canada.  They provide:

Request for Production No. 148:  All DOCUMENTS REFERRING OR RELATING TO MATTEL's involvement in the seizure of materials at the facilities of MGAE de Mexico, S.R.L, de C.V. in Mexico City by Mexican authorities.

Request for Production No. 162:  All DOCUMENTS REFERRING OR RELATING TO MATTEL's involvement in the seizure by Canadian law enforcement authorities of a thumb drive from BRISBOIS referenced in paragraph 75 of YOUR COUNTERCLAIMS.

Request for Production No. 486:  All DOCUMENTS REFERRING OR RELATING TO YOUR or YOUR attorney's or agent's knowledge of or participation in the investigation or search of MGAE de Mexico, S.R.L. de C.V, in Mexico City.

Request for Production No. 489:  All DOCUMENTS REFERRING OR RELATED TO YOUR or YOUR attorney's or agent's knowledge of or participation in the seizure of Brisbois' thumb drive by Canadian law enforcement.

1    Aspects of these requests are unobjectionable -- in fact, most responsive

2   documents have already been produced, as Mattel has consistently advised MGA.[44]

3   Mattel has served supplemental responses reciting exactly what it has agreed to, and

4   will, produce, including:

5    Request for Production No. 148: responsive, non-privileged documents

6   that refer or relate to Mattel's involvement, if any, in the seizure of materials at the

7   facilities of MGAE de Mexico, S.R.L. de C.V. in Mexico City by Mexican

8   authorities.[45]

9    Request for Production No. 162: responsive, non-privileged documents

10   referring or relating to Mattel's involvement, if any, in the seizure by Canadian law

11   enforcement authorities of a thumb drive from BRISBOIS.[46]

12    Request for Production No. 486: responsive, non-privileged documents

13   referring or relating to Mattel's participation, if any, in the search of MGAE de Mexico,

14   S.R.L. de C.V. in Mexico City, as well as Mattel's communications with Mexican law

15   enforcement personnel.[47]

16    Request for Production No. 489: responsive, non-privileged documents

17   referring or reflecting Mattel's participation, if any, in the seizure of Brisbois' thumb

18   drive by Canadian law enforcement, as well as regarding Mattel's communications with

19   Canadian law enforcement personnel.[48]

20   _____

21   [44]   See April 16, 2009 letter from Diane C. Hutnyan to Caroline H. Mankey, at 1,
     Hutnyan Dec., Exh. 1; April 20, 2009 letter from Diane C. Hutnyan to Caroline H.
22   Mankey, at 1, Hutnyan Dec., Exh. 3.
     [45]   See Mattel's Third Supplemental Objections and Responses to MGA
23   Entertainment, Inc.'s Second Set of Requests for Production of Documents and Things
24   (Nos. 148, 162, and 178) In Case No. 05-2727, dated April 28, 2009, at 4-5, Hutnyan
     Dec., Exh. 21.
25   [46]   Id. at 5-6.
26   [47]   See Mattel's Second Supplemental Responses to MGA's Fifth Set of Requests for
27   Production (Nos. 486 and 489), dated April 28, 2009, at 5, Hutnyan Dec., Exh. 22.
     [48]   Id. at 6.
28

1      Thus, Mattel has agreed to provide nearly all of what MGA seeks.

2   However, two categories of documents sought by these requests should be denied.

3      First, the requests are defective and overbroad in asking for items relating

4   to Mattel's agents and attorneys' "knowledge" without any reasonable temporal

5   limitation. Obviously, many Mattel agents and attorneys, including outside counsel,

6   *now* know many facts about the seizure of the thumb drive and the search of MGA

7   Mexico. But this non-percipient, post-event knowledge is irrelevant, and searching for

8   it would require a burdensome review of countless files, potentially including those of

9   various outside Mattel counsel. MGA cannot justify its demand that Mattel's lawyers

10  search for documents relating to their non-percipient knowledge, virtually all of which

11  will be privileged or protected work product anyway. These request for documents

12  reflecting Mattel's and its agents' and attorneys' "knowledge" should be rejected.

13     Second, as to Request No. 486, the demand that Mattel produce all

14  documents relating to its and its counsel's knowledge of or participation in the

15  "investigation" of MGA Mexico is vague and overbroad. Mattel does not even know

16  what "investigation" MGA is referring to, let alone know how it might identify

17  responsive documents or why they might be relevant. Mattel has already produced,

18  pursuant to the Discovery Master's Order, over 3000 pages of documents consisting of,

19  among other things, communications with law enforcement.[49]  MGA has never

20  explained the relevance of the unidentified additional "investigation" documents it now

21  seeks. Mattel's supplemental responses provide MGA with all the documents to which

22  it is entitled. Nothing further should be compelled.

23     **2.     Request for Production No. 178**

24     Here, MGA selectively quotes Mattel's correspondence in order to

25  manufacture a non-existent dispute.   MGA's Request No. 178 seeks "All

26  DOCUMENTS REFERRING OR RELATING TO any investigation, surveillance,

27  _____

28  [49]  See Hutnyan Dec., ¶25.

1  inspection, inquiry, survey or analysis into the activities, including but not limited to

2  electronic and computer related activities, alleged in YOUR COUNTERCLAIMS."[50]

3  MGA claims that the Discovery Master must intervene because Mattel has only agreed

4  to produce non-privileged, responsive documents relating to the discovery of MGA's

5  thefts of trade secret and other confidential Mattel information . . . ." (Motion at 6:4-10,

6  citing Mankey Decl. ¶ 10, Exh. H). MGA's sole complaint is that the language does not

7  encompass everything "alleged in Mattel's counterclaims." (Motion at 6:14-15).  But

8  MGA's quote is incomplete and does not reflect Mattel's complete agreement. The text

9  of Mattel's April 20, 2009 letter -- omitted by MGA from the quote in favor of an

10 ellipsis -- shows that Mattel agreed to *exactly* what MGA seeks:  Mattel agreed to

11 produce "all responsive, non-privileged documents relating to the discovery of MGA's

12 thefts of trade secrets and other Mattel confidential information, **as well as other**

13 **wrongful conduct alleged in Mattel's Counterclaims.**"[51]  There is no dispute here.

14 And to avoid any possible ambiguity, Mattel has amended its responses to confirm that

15 it will produce "responsive, non-privileged documents relating to the discovery of

16 MGA's thefts of trade secret and other confidential Mattel information, as well as other

17 wrongful conduct alleged in Mattel's Counterclaims."[52]  There is nothing to compel.

18 MGA's motion as to Request No. 178 should be denied.

19          **3.    Request for Production No. 154**

20          Request No. 154 seeks "All DOCUMENTS REFERRING OR

21 RELATING TO PERSONS who had access to the 2004 Sales Plan referred to in

22

---

23  [50] See MGA's Second Set of Requests for the Production of Documents and Things in Case No. 05-2727, dated March 27, 2007, Hutnyan Dec., Exh. 14.

24  [51] See April 20, 2009 letter from Diane C. Hutnyan to Carol H. Mankey, at 2 (emphasis added), Hutnyan Dec., Exh. 3.

25  [52] See Mattel's Third Supplemental Objections and Responses to MGA

26 Entertainment, Inc.'s Second Set of Requests for Production of Documents and Things (Nos. 148, 162, and 178) In Case No. 05-2727, dated April 28, 2009, at 7, Hutnyan

27 Dec., Exh. 21.

28

1   paragraph 62 of YOUR COUNTERCLAIMS."   Mattel sought repeatedly to reach

2   agreement with MGA as to a revised version of this overbroad request, but MGA

3   refused.   MGA now agrees that the Request, as phrased, is overly broad.[53]  Having

4   rejected Mattel's offers,  MGA must live with its flawed phrasing, and its motion should

5   be denied.  Regan-Touhy v. Walgreen Co., 526 F.3d 641, 650 n.6 (10th Cir. 2008)

6   (affirming denial of motion to compel as overbroad because "it is the parties' obligation

7   to frame their own discovery requests and to seek to narrow any disputes with opposing

8   counsel; the district court is obliged only to rule on the requests for enforcement or

9   protection eventually presented to it, not to do the parties' work for them by editing

10   discovery requests until they comply with the Federal Rules of Civil Procedure.").   Its

11   request is plainly improper on its face.

12          First, in demanding that Mattel produce all documents "REFERRING OR

13   RELATING TO PERSONS who had access to the 2004 Sales Plan," MGA's request

14   would sweep in an unknown and countless quantity of irrelevant documents.   The

15   request requires Mattel to produce every document, from any time, that relates to each

16   and every person who had access to the sales plan.  That is a preposterous requirement,

17   potentially requiring production of tens of thousands of irrelevant documents relating to

18   individuals who are not even involved in this case.  The request is unjustified.

19          Second, "access" is ambiguous and undefined.  For example, it could

20   reflect people who accessed the plan or people who were given access but did not in

21   fact access it.  During the meet and confer process, MGA clarified that "access" means

22   persons to whom Mattel gave the ability or permission to access the 2004 Sales Plan.[54]

23

24          [53]   Motion at 5:20-23.

25          [54]   MGA also agreed to narrow the request to encompass only documents sufficient
        to identify persons who had access to Mattel's 2004 Sales Plan.  See April 14, 2009

26      letter from Caroline H. Mankey to Diane C. Hutnyan, at 2, Hutnyan Dec., Exh. 5. But

27      again, having refused a reasonable compromise, MGA should be required to defend the
        request on which it has moved to compel.

28

1    Mattel agreed to that definition.[55]   But since MGA refused to accept Mattel's

2    agreement, the request as drafted controls, and it contains vague, undefined terms that

3    render it improper.

4              Finally, the request is not limited by time, which renders it improper.

5    During the meet and confer, Mattel proposed narrowing the time period of "access" to

6    the 2004 Sales Plan to the date of the theft, April 19, 2004, or before.  MGA has never

7    shown how post-theft access could be relevant.[56]  Nor can it.  How Mattel treated the

8    2004 Sales Plan after it was already aware of its theft and disclosure to a primary

9    competitor is not relevant to any of MGA's defenses or claims.  Compelling such a

10   response could require the disclosure of thousands of documents about in-house and

11   outside counsel, paralegals, law clerks, word processors, consultants and others – a

12   whole body of materials that MGA itself agreed during the meet and confer process

13   should have been excluded from its Request.[57]  MGA's motion as to Request No. 154

14   should be denied.

15

16

17

18

19

20

21

22

---

23   [55]  See April 20, 2009 letter from Diane C. Hutnyan to Caroline H. Mankey, at 2,
     Hutnyan Dec., Exh. 3.

24   [56]  See April 20, 2009 letter from Diane C. Hutnyan to Caroline H. Mankey, at 2,

25   Hutnyan Dec., Exh. 3.  MGA's Motion is similarly lacking in authority for this point.
     See Motion at 6:1-6.

26   [57]  See April 17, 2009 letter from Caroline H. Mankey to Diane C. Hutnyan, at 2,

27   Hutnyan Dec., Exh. 2.  Before bringing its Motion, MGA had admitted that the Request
     was overbroad.  Id.

28

## Conclusion

For all the foregoing reasons, Mattel respectfully requests that the Discovery Master deny MGA's motion to compel.

DATED: April 29, 2009       Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ Diane C. Hutnyan
   Diane C. Hutnyan
   Attorneys for Mattel, Inc.