# Exhibit 1

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000  FAX: (213) 443-3100

April 16, 2009

<u>VIA ELECTRONIC MAIL AND FAX</u>

Caroline H. Mankey, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:   <u>Mattel v. MGA Entertainment, Inc., et al.</u>

Dear Caroline:

I write to memorialize our telephone call of this afternoon regarding certain MGA Requests for Production and Interrogatories.  As I described to you over the phone, we have agreed:

- For Request for Production Nos. 146, 160, 174, and 175 (Second Set), and 488 and 491 (Fifth Set), Mattel will produce non-privileged documents responsive to these requests, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

- For Request for Production Nos. 148 and 162 (Second Set), and 486 and 489 (Fifth Set), Mattel will produce responsive, non-privileged documents regarding Mattel's communications with law enforcement personnel that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

- For Request for Production No. 153 (Second Set), Mattel will produce responsive, non-privileged documents relating to the trade secret/confidential nature of the 2004 Sales Plan, including any documents relating to it being or containing purportedly public information, that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, Illinois  60606-6301 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG , United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052  Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

**Exhibit** 1
**Page** 5

Caroline Mankey, Esq.
April 16, 2009

- For Request for Production Nos. 176 and 177 (Second Set), Mattel will produce responsive, non-privileged documents that relate to the trade secrets and confidential information at issue in this case and to the policies and procedures applied in the U.S., Mexico and Canada with respect to those trade secrets and confidential information, that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

- For Request for Production No. 178 (Second Set), Mattel will produce responsive, non-privileged documents relating to the discovery of MGA's thefts of trade secret and other confidential Mattel information that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

Also, as we discussed, with respect to Request for Production Nos. 759, 760, 761 (Fifth Set) and 158 (Second Set), Mattel already agreed to produce documents in prior responses and in response to the question you posed today about Request No. 158, we do not know of any responsive documents that have not been produced but we will supplement our production in the event that any additional documents are located.

With respect to Requests for Production Nos. 137 and 157 (Second Set), I explained that Mattel's previously produced documents, interrogatory responses and Initial Disclosures already reflect the universe of people with non-privileged information sought in these requests. Further, we had previously discussed whether No. 137 could be construed as incorporating documents reflecting that the persons had the knowledge of alleged copying, taking, accessing or modification of proprietary Mattel documents by Machado, Trueba, and Vargas, and whether No. 157 could be construed as reflecting the contacts that Brawer with the persons after his resignation from Mattel, and you had said MGA would be willing to narrow the requests to just seek those documents. Mattel has considered that suggestion, and while we disagree as to whether these particular requests necessarily encompass such documents, we believe all such documents have been produced anyway. As a result, I believe these requests are resolved. I suggested that you look at the information already provided and let me know what, if anything, you believe you still need to resolve these two requests. Please confirm that we have agreement on that approach.

With respect to Request for Production No. 154, concerning documents referring or relating to those who had access to the 2004 Sales Plan, we discussed whether MGA means by "access" those who actually accessed the Sales Plan, or those who have access in some more technical, theoretical way. Your understanding was that the requests seeks to identify all the people who actually accessed the document, but you told me you would find out from your team whether that was the case. Also, I raised the issue that the number of people with access can change over time, and that the content of the document itself can change over time. As to the latter, Mattel understands the Request to refer to the version(s) of the document that were actually taken.

Exhibit  /
Page  6

Caroline Mankey, Esq.
April 16, 2009

Mattel is also wondering what MGA has in mind in terms of temporal scope. We do not agree that all post-theft access to the document is relevant in all cases to a trade secret misappropriation claim, but we understand your position that some post-theft access may be relevant and are willing to consider producing items within a reasonable post-theft time period. Please forward any authority that would help us determine what is the proper time period to apply. Also, I noted that Request No. 154 as drafted would include access by lawyers, investigators, court personnel and government personnel as a result of MGA's theft. It did not sound from what you had told me that this is the information MGA seeks. With respect to these issues, you told me that you would get back to me so that we can work out a way to get MGA the information it needs.

With respect to Interrogatories 20 and 22, we discussed MGA's view that the information contemplated by these interrogatories is difficult to recognize in the responses to Interrogatory Nos. 1 and 2. While we don't necessarily agree with MGA on the point, we nevertheless will supplement both of these interrogatories in an effort to resolve this. Mattel will also supplement its responses to Interrogatory Nos. 21, 23, 28, and 29.

This covers all of the Requests for Production and Interrogatories identified in your original meet and confer letter of March 25, 2009. We plan to make all these supplementations and any supplementary production by May 14, which was the date that you proposed.

Sincerely,

/s/

Diane C. Hutnyan

cc: Jason Russell, Esq.

07975/2890452.1

3

Exhibit I
Page 7

# Exhibit 2

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD

NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90067

(310) 553-3000

FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

April 17, 2009

TTT MERITAS LAW FIRMS WORLDWIDE

## VIA FACSIMILE & E-MAIL

Diane C. Hutnyan, Esq.
QUINN, EMANUEL, URQUHART,
    OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

      Re:    Mattel, Inc.v. MGA Entertainment, Inc., et al.

Dear Diane:

      This responds to your letter dated April 16, 2009, confirming our telephone conversation on that date regarding Mattel's responses to the interrogatories and requests for production identified in my March 25, 2009, letter to Jon Corey and Michael Zeller and further discussed in my letter to you dated April 14, 2009.

      We acknowledge the steps that Mattel has taken in agreeing to provide further written responses and documents responsive to MGA's discovery requests.  However, there remain certain areas of ambiguity that continue to concern MGA.

      The first of MGA's concerns applies to all of Mattel's responses to the Requests for Production at issue.  As indicated in my April 14 letter, MGA agreed to apply one definition of "MATTEL" to all of the discovery requests identified in my March 25 meet and confer letter. Specifically, MGA agreed to define "MATTEL" as follows:

      "MATTEL," "YOU" or "YOUR" means the party Mattel, Inc. and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners.

      It is unclear from your response whether Mattel objects to that definition and/or whether it intends to withhold any documents from its production as a result of any such objection(s).

      Indeed, it is unclear from your letter whether Mattel intends to withhold any documents responsive to the Requests for Production at issue on the basis of any objections, other than

Exhibit 2
Page 8

Diane C. Hutnyan, Esq.
April 17, 2009
Page 2

privilege or work product objections. Although your letter reflects an agreement to produce non-privileged documents responsive to Requests for Production Nos. 146, 148, 153, 160, 162, 174, 175, 176, 177, 178, 486, 488, 489 and 491, it does not expressly state whether it will produce *all* such responsive documents or whether it intends to withhold any documents on the basis of any privilege.

The following are concerns about Mattel's responses to specific Requests for Production:

Requests for Production Nos. 148, 162, 486 and 489: You indicate that "Mattel will produce responsive, non-privileged documents regarding Mattel's *communications with law enforcement personnel* that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced." (Emphasis added.) However, the scope of these Requests is broader than just communications with law enforcement personnel. Thus, MGA seeks all documents responsive to these Requests, not just the documents that the Discovery Master has already ordered Mattel to produce. Further, you must confirm that you are producing "*all*" of such documents.

Request for Production No. 154: You have asked us to further define the temporal scope of this Request and to refine the Request with respect to the definition of access we are applying. As noted in my April 14 letter, MGA agrees to narrow the request temporally to apply only to documents predating the filing of Mattel's Second Amended Answer and Counterclaims on July 12, 2007, so long as Mattel confirms that it has no claims relating to the 2004 Sales Plan after this date. MGA also seeks documents reflecting all persons to whom Mattel gave the ability or permission to access the 2004 Sales Plan. It does not seek information from Mattel regarding persons who might have had access to the document while it was in the possession of a person or entity other than Mattel, such as government or court personnel, unless that access was given to them by Mattel.

Request for Production No. 178: You indicate that Mattel will produce non-privileged, responsive documents "relating to the discovery of MGA's thefts of trade secret and other confidential Mattel information...." However, the scope of this Request is far broader than that. It seeks documents relating to "any investigation, surveillance, inspection, inquiry, survey or analysis into the activities, including but not limited to electronic and computer related activities," alleged in Mattel's counterclaims. MGA is not willing to narrow this Request in the manner you have proposed.

For these reasons, and because this matter has been pending without resolution for far longer than the five day period for meeting and conferring contemplated by the order referring discovery disputes to the Discovery Master, MGA intends to move forward with the filing of its motion to compel with the Discovery Master in order to preserve its rights. However, we

Exhibit 2
Page 9

Diane C. Hutnyan, Esq.
April 17, 2009
Page 3

anticipate withdrawing all or portions of the motion in the event that we reach an agreement on any and all outstanding issues.

Thank you for your attention to this matter.

Very truly yours,

Caroline H. Mankey (amk)

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS, HOWARD
& SHAPIRO, LLP

CHM:lde
cc:    Joel N. Klevens, Esq.
       Patricia H. Benson, Esq.
       Amman Khan, Esq.

Exhibit 2
Page 10

# Exhibit 3

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

April 20, 2009

**VIA ELECTRONIC MAIL AND FAX**

Caroline H. Mankey, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:   Mattel v. MGA Entertainment, Inc., et al.

Dear Caroline:

This responds to your April 17, 2009 letter regarding Mattel's responses to MGA Interrogatories
and Requests for Production. Mattel is willing to resolve any purported ambiguities or concerns
about its responses to these discovery requests.

First, I can confirm with respect to Mattel's Second Supplemental Objections and Responses to
MGA Entertainment, Inc.'s Second Set of Requests For Production of Documents And Things
(Nos. 146, 148, 153, 160, 162, 174-178) In Case No. 05-2727, and Mattel's Supplemental
Responses to MGA's Fifth Set Of Requests For Production (Nos. 468, 488, 489, 491), served on
Friday, April 17, the responses to each request that Mattel "will produce" documents in a stated
category means that Mattel intends to produce all documents in the stated category.

Second, with respect to Requests Nos. 148, 162, 486, and 489 as I have told you before, Mattel
notified the Mexican and Canadian authorities of the apparent theft of its property, but was not
involved with, and did not participate in, the seizure, investigation, or search specified in the
Requests.  Certainly, however, if there had been any such "involvement" or "participation," as
Mattel understands those terms – prior knowledge, planning, etc. – they would be captured in the
communications with law enforcement authorities that Mattel has already produced.  We believe
the offer Mattel has advanced as to these Requests thus covers all items arguably responsive to
the spirit of the request without entangling the parties in an argument about the scope of the
undefined terms that renders the requests overbroad and ambiguous and that would directly

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

Exhibit 3
Page 11

Caroline Mankey, Esq.
April 20, 2009

target privileged materials. You say the scope of the requests is "broader," but what kinds of non-privileged documents do you believe would be responsive to these requests that would not already be included within the communications? And if there is nothing within the communications that evidences such involvement or participation, how do you think Mattel could have been involved or could have participated? Please let me know what you believe you are missing or, alternatively, confirm that MGA agrees with Mattel's understanding of the terms "involvement" and "participation."

Also, Requests for Production No. 486 and 489 are defective and overbroad in asking for items responsive to Mattel's "knowledge" without any reasonable temporal limitation. Obviously, many Mattel agents and attorneys *now* know of the facts of the seizure of the thumb drive, and of the investigation and search of MGAE de Mexico, S.R.L. de C.V. in Mexico City. But most of this post-event knowledge is irrelevant. Mattel's proposal was designed to address this problem and get MGA the information to which it is entitled.

As to Request for Production No. 154, Mattel is willing to produce all responsive, non-privileged documents within its possession, custody, or control relating to access to the 2004 Sales Plan, with access being defined, as MGA has requested, as reflecting all persons to whom Mattel gave the ability or permission to access it. However, as the 2004 Sales Plan was time-sensitive information, Mattel does not agree that access as late as 2007, when Mattel filed its Second Amended Answer and Counterclaims, is relevant. We have now twice requested authority from MGA supporting its position that access after the date of the theft (or more specifically years after the theft) is relevant but that authority has not been forthcoming. Please forward whatever information MGA is relying on for its position so we can get this resolved.

As to Request for Production No. 178, recognizing that MGA is not willing to narrow the request as proposed by Mattel, Mattel is willing to broaden the scope of its response in a way that I believe assuages MGA's concerns. Mattel is willing to produce all responsive, non-privileged documents relating to the discovery of MGA's thefts of trade secrets and other Mattel confidential information, as well as of other wrongful conduct alleged in Mattel's Counterclaims. I think this would provide MGA with the relevant information it seeks. If not, please let me know what you believe is missing that is relevant to any claim or defense in this lawsuit.

Finally, regarding the definition of "Mattel," we do not see how the definition of "MATTEL" applies to "all of the discovery requests identified in [your] March 25 letter". In any event, MGA is the one that has been objecting to a similar definition, and thus any alleged ambiguity is the result of MGA's conflicting positions in this case. What we have asked for, but never received a satisfactory response to, is MGA's explanation as to how similar definitions used by Mattel are overbroad but become unobjectionable when used by MGA. Since MGA is standing on its definition, we are fine agreeing to it for the relevant requests, given that MGA agrees that such a definition is not overbroad or otherwise objectionable and is willing to have such a definition applied to the discovery requests to the MGA parties.

2

Exhibit 3
Page 12

Caroline Mankey, Esq.
April 20, 2009

I believe these proposals should enable Mattel and MGA to reach an agreement that will avoid
unnecessary motion practice.  I look forward to hearing from you, and please let me know if
MGA has any additional concerns.

Sincerely,

Diane C. Hutnyan

cc:  Jason Russell, Esq.

3

Exhibit 3
Page 13

# Exhibit 4

GLASER WEIL   Fax:310-556-2406          Mar 25 2009 12:08pm  P001/007

LAW OFFICES
## GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067

Ⅲ MERITAS LAW FIRMS WORLDWIDE

### FAX TRANSMISSION

TELEPHONE NO.: 310-553-3000
FACSIMILE NO.:   310-556-2920

FROM:   Caroline H. Mankey

Number of Pages:
(including this page)

DATE:   March 25, 2009

Client Reference No.:       03460-023

TO:

FAX NO.:        CONFIRMATION NO:

Jon D. Corey, Esq.
Michael T. Zeller, Esq.

213-443-3100        213-443-3000

Sender's Comments:

**If you have received this Transmission in error, please call: 310-553-3000 and mail it to the above address. Thank you.**

NOTE:  THE INFORMATION CONTAINED IN THIS FAX MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE.   THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND, AS SUCH, IS PRIVILEGED AND CONFIDENTIAL.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE BY MAIL.  THANK YOU.

684049 v1

Exhibit 4
Page 14

GLASER WEIL   Fax:310-556-2406              Mar 25 2009 12:08pm   P002/007

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD

NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90067

(310) 553-3000

FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7974
EMAIL: CMANKEY@GLASERWEIL.COM

March 25, 2009

̅̅̅ MERITAS LAW FIRMS WORLDWIDE

VIA E-MAIL & FACSIMILE

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

Re:    *Mattel, Inc. v. MGA Entertainment, Inc., et al.*

Dear Counsel:

I am writing to request a meet and confer pursuant to paragraph 5 of the Discovery Master Order and Local Rule 37-1 in connection with Mattel's responses to the following written discovery:

### MGA Entertainment, Inc.'s Second Set of Requests for Production of Documents and Things in Case No. 05-2727:

Request for Production No. 137

DOCUMENTS sufficient to identify by name and title PERSONS WITH knowledge of alleged copying, taking, accessing or modification of proprietary MATTEL DOCUMENTS by MACHADO, TRUEBA AND VARGAS.

Request for Production No. 146

All DOCUMENTS REFERRING OR RELATING TO the events described in paragraph 53 of YOUR COUNTERCLAIMS regarding MATTEL's notification of Mexican authorities about the alleged theft of MATTEL's trade secret and confidential information, including but not limited to affidavits, declarations, complaints, and evidence filed with the Mexican authorities.

671042

Exhibit 4
Page 15

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 2

Request for Production No. 148
    All DOCUMENTS REFERRING OR RELATING TO MATTEL's involvement in the
seizure of materials at the facilities of MGAE de Mexico, S.R.L. de C.V. in Mexico City by
Mexican authorities.

Request for Production No. 153
    All DOCUMENTS REFERRING OR RELATING TO whether the 2004 Sales Plan
referred to in paragraph 62 of YOUR COUNTERCLAIMS was public information or contained
public information.

Request for Production No. 154
    All DOCUMENTS REFERRING OR RELATING TO PERSONS who had access to the
2004 Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS.

Request for Production No. 157
    DOCUMENTS sufficient to identify by name, title and telephone number MATTEL
employees whom BRAWER allegedly contacted after his resignation from MATTEL, as alleged
in paragraph 69 of YOUR COUNTERCLAIMS.

Request for Production No. 158
    All DOCUMENTS REFERRING OR RELATING TO BRISBOIS' MATTEL exit
interview, including but not limited to reports, memoranda, notes, and recording of or
RELATING TO the exit interview.

Request for Production No. 160
    All DOCUMENTS REFERRING OR RELATING TO the events alleged in paragraph 75
of YOUR COUNTERCLAIMS regarding MATTEL's notification of Canadian law enforcement
authorities about BRISBOIS' alleged theft of MATTEL's trade secret and confidential
information, including but not limited to affidavits, declarations, complaints, and evidence filed
with the Canadian law enforcement authorities.

Request for Production No. 162
    All DOCUMENTS REFERRING OR RELATING TO MATTEL's involvement in the
seizure by Canadian law enforcement authorities of a thumb drive from BRISBOIS referenced in
paragraph 75 of YOUR COUNTERCLAIMS.

Request for Production No. 174
    All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 90
of YOUR COUNTERCLAIMS regarding MGA's alleged racketeering activity for the purpose of

671042

Exhibit 4
Page 16

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 3

executing and attempting to execute a scheme to improperly defraud MATTEL and steal
MATTEL's trade secret.

Request for Production No. 175
       All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 90
of YOUR COUNTERCLAIMS regarding MGA's alleged willful conduct for the purpose of
executing and attempting to execute a scheme to improperly defraud MATTEL and steal its trade
secret.

Request for Production No. 176
       All DOCUMENTS REFERRING OR RELATING TO how access to MATTEL's
confidential information is controlled, including but not limited to DOCUMENTS
CONTAINING MATTEL's policy with respect to confidential information, sign-in and sign-out
sheets for access to confidential information, logs of PERSONS who access confidential
information ,and procedures for accessing confidential information.

Request for Production No. 177
       All DOCUMENTS REFERRING OR RELATING TO the steps and procedures that
MATTEL takes to keep MATTEL's confidential information confidential.

Request for Production No. 178
       All DOCUMENTS REFERRING OR RELATING TO any investigation, surveillance,
inspection, inquiry, survey or analysis into the activities, including but not limited to electronic
and computer related activities, alleged in YOUR COUNTERCLAIMS.

## MGA's Fifth Set of Requests for Production
## of Documents and Things in Case No. 05-2727:

Request for Production No. 486
       All DOCUMENTS REFERRING OR RELATING TO YOUR or YOUR attorney's or
agent's knowledge of or participation in the investigation or search of MGAE de Mexico, S.R.L.
de C.V. in Mexico City.

Request for Production No. 488
       All DOCUMENTS REFERRING OR RELATING TO YOUR knowledge that any of the
items seized by Mexican authorities from MGAE de Mexico, S.R.L. de C.V. in Mexico City
were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA
subsidiary.

671042

Exhibit 4
Page 17

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 4


Request for Production No. 489
        All DOCUMENTS REFERRING OR RELATED TO YOUR or YOUR attorney's or
agent's knowledge of or participation in the seizure of Brisbois' thumb drive by Canadian law
enforcement.

Request for Production No. 491
        All DOCUMENTS REFERRING OR RELATED TO YOUR knowledge that any of the
items seized by Canadian authorities from Brisbois' thumb drive were prepared, made, created,
generated, assembled or compiled by or for MGA or any MGA subsidiary.

### MGA's Seventh Set of Requests for the Production
### of Documents and Things in Case No. 05-2727:

Request for Production No. 759
        All DOCUMENTS REFERRING OR RELATING TO the departure of Jorge Castilla
from MATTEL, including but not limited to any MATTEL exit interview forms, surveys,
questionnaires, agreements, or other documents Castilla completed on or near the date of his
departure from MATTEL.

Request for Production No. 760
        All DOCUMENTS REFERRING OR RELATING TO MGA's recruitment or hiring of
Jorge Castilla, including but not limited to all employment agreements and any agreements
relating to confidentiality or non-disclosure of MATTEL information.

Request for Production No. 761
        All DOCUMENTS REFERRING OR RELATING TO any taking of confidential or
proprietary MATTEL information by Jorge Castilla, including but not limited to forensic reports,
Guidance software reports, or computer imaging reports.

### MGA's Second Set of Interrogatories to Mattel, Inc.:

Interrogatory No. 20
        IDENTIFY with specificity each ALLEGED TRADE SECRET, including the
IDENTITY of each DOCUMENT that embodies or REFERS OR RELATES to each ALLEGED
TRADE SECRET.

Interrogatory No. 21
        IDENTIFY each PERSON who has had access to each ALLEGED TRADE SECRET,
including (a) the ALLEGED TRADE SECRET each PERSON had access to; and (b) the date or
dates each PERSON had this access.

Exhibit 4
Page 18

GLASER WEIL      Fax:310-556-2406      Mar 25 2009 12:09pm   P006/007

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 5


Interrogatory No. 22
     STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that MGA
misappropriated any ALLEGED TRADE SECRET.

Interrogatory No. 23
     STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that the
ALLEGED TRADE SECRETS are protectable.

Interrogatory No. 28
     Describe in detail the complete factual basis for YOUR COUNTERCLAIMS, including,
without limitation all facts, DOCUMENTS, and witnesses that REFER OR RELATE TO YOUR
COUNTERCLAIMS.

Interrogatory No. 29
     Describe in detail any estimate or calculation of damage, loss, injury, or unjust
enrichment, by reason of any act or omission alleged in YOUR COUNTERCLAIMS, that YOU
have made or that has been made on YOUR behalf or at YOUR request, including all facts,
DOCUMENTS or witnesses RELATING TO each estimate or calculation.

     With respect to all of the above referenced requests for production, Mattel has only
objected and has not agreed to produce any responsive documents.  With respect to Interrogatory
Nos. 20-23 and 28, Mattel has asserted objections only and has not provided any substantive
responses.  In response to Interrogatory No. 29, Mattel responded on March 5, 2008, that "[a]s to
Mattel's Phase II counterclaims, Mattel has not yet computed its damages.... Mattel reserves the
right to supplement this response once Phase II discovery resumes and Mattel receives the
necessary information...."

     Documents and information responsive to each of the above requests are directly and
clearly relevant to the issues to be litigated in Phase II.  Moreover, based on the finding in
Discovery Master O'Brien's Order No. 6 that "MGA has made a prima facie case that the
Requests seeking the documents Mattel provided to law enforcement officials, as well as Mattel's
communications with those officials, are reasonably calculated to lead to the discovery of
admissible evidence regarding the claims to be adjudicated in Phase 2" and that such documents
"are not protected from disclosure under any of the privileges or doctrines cited by
Mattel," Mattel's objections to discovery requests pertaining to any law enforcement
investigation of Mattel's claims of trade secret theft, such as Requests for Production Nos. 146,
160, 162, 486 and 488, are without merit.

     Please let us know if Mattel is willing to supplement its responses to any of these
discovery requests and/or when you are available to meet and confer regarding these requests.

671042

Exhibit 4
Page 19

GLASER WEIL          Fax:310-556-2406          Mar 25 2009 12:09pm  P007/007

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 6

Should we fail to reach agreement on the nature and scope of supplemental responses to be
provided by Mattel, we anticipate promptly filing a motion to compel the production of
documents and substantive responses.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS
& SHAPIRO, LLP

cc:     Patricia Benson, Esq.
        Jean Nogues, Esq.
        Russell Frackman, Esq.
        Joel Klevens, Esq.
        Amman Khan, Esq.

671042

Exhibit 4
Page 20

# Exhibit 5

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD

NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90067

(310) 553-3000

FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

April 14, 2009

☰ MERITAS LAW FIRMS WORLDWIDE

<u>**VIA EMAIL AND U.S. MAIL**</u>

Diane C. Hutnyan, Esq.
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

Re:     MGA – Mattel

Dear Diane:

This is to confirm the substance of our telephonic conferences on March 31 and April 13, 2009, regarding Mattel's responses to the interrogatories and requests for production identified in my March 25, 2009, letter to Jon Corey and Michael Zeller.  Although we did not agree upon a date for Mattel to produce further documents and responses, MGA requests that they be produced by Mattel within 30 days from today's date, by May 14, 2009.

## General

MGA does not agree to limit its definition of "MATTEL" as used in the interrogatories and requests for production, but for your convenience, it agrees to apply the following definition of "MATTEL" (from MGA's Seventh Set of Requests for Production of Documents and Things In Case No. 05-2727) to all of the discovery requests discussed herein:

"MATTEL," "YOU" or "YOUR" means the party Mattel, Inc. and any of its past
or present officers, directors, employees, parents, subsidiaries, divisions,
affiliates, predecessors-in-interest, and joint venture partners.

## Requests for Production

<u>Request for Production 137</u>:  It is Mattel's position that this is not a proper request for production and that the information sought by MGA would more properly be requested in an interrogatory.  MGA intends to serve an interrogatory that will require disclosure of this information.

Exhibit 5
Page 21

Diane C. Hutnyan, Esq.
April 14, 2009
Page 2


Request for Production 146 & 148: Mattel will produce all non-privileged, responsive
documents in Mattel's possession, custody or control by April 13, 2009, pursuant to the
Discovery Master's Order No. 6.

Request for Production 153: Mattel will produce all non-privileged, responsive
documents in Mattel's possession, custody or control by May 14, 2009.

Request for Production 154: Mattel takes the position that this request is overly broad.
MGA agrees to narrow the request to encompass only documents sufficient to identify persons
who had access to Mattel's 2004 Sales Plan (as referenced in paragraph 69 of Mattel's Second
Amended Answer and Counterclaims) up to the date of Mattel's filing of the Second Amended
Answer and Counterclaims on July 12, 2007. Mattel will produce by May 14, 2009, all non-
privileged documents responsive to the narrowed request in Mattel's possession, custody or
control.

Request for Production 157: It is Mattel's position that this is not a proper request for
production and that the information sought by MGA would more properly be requested in an
interrogatory. MGA intends to serve an interrogatory that will require disclosure of this
information.

Request for Production 158: Mattel will produce by May 14, 2009, all non-privileged,
responsive documents in Mattel's possession, custody or control.

Request for Production 160 & 162: Mattel will produce all non-privileged, responsive
documents in Mattel's possession, custody or control by April 13, 2009, pursuant to the
Discovery Master's Order No. 6.

Request for Production 174 & 175: Mattel will produce by May 14, 2009, all non-
privileged, responsive documents in Mattel's possession, custody or control.

Request for Production 176 & 177: Mattel takes the position that these requests are
overly broad. MGA agrees to narrow the request by defining Mattel's "confidential information"
as the trade secrets that Mattel contends in this action were stolen by or on behalf of MGA.
MGA further agrees to limit these requests to seek information pertaining only to policies,
procedures and protocols used by Mattel in the U.S., Canada and Mexico. MGA's agreement to
narrow these requests in this manner is without prejudice to MGA's right to seek a broader range
of information at a later time, which right MGA hereby reserves. MGA's reservation of such
right is without prejudice to Mattel's assertion of objections thereto.

Exhibit 5
Page 22

Diane C. Hutnyan, Esq.
April 14, 2009
Page 3

Request for Production 178: Mattel takes the position that this request is overly broad and that all responsive documents have already been produced. MGA thus seeks a written response from Mattel by May 14, 2009, that, after making a diligent search and reasonable inquiry to locate additional responsive documents, no additional responsive documents are in Mattel's possession, custody, or control.

Request for Production 486: Mattel takes the position that no documents responsive to this request exist because its attorneys and agents had no knowledge of or participation in the investigation or search of MGA de Mexico, S.R.L. de C.V. in Mexico City. MGA thus seeks a written response from Mattel by May 14, 2009, that, after making a diligent search and reasonable inquiry to locate responsive documents, Mattel found no responsive documents in its possession, custody, or control.

Request for Production 488: Mattel takes the position that it is not presently aware of the existence of any documents responsive to this request, in part because it has not yet had an opportunity to depose Mariana Trueba or Pablo Vargas. MGA thus seeks a written response from Mattel by May 14, 2009, that, after making a diligent search and reasonable inquiry to locate responsive documents, Mattel has to date found no responsive documents in its possession, custody, or control.

Request for Production 489: Mattel takes the position that no documents responsive to this request exist because its attorneys and agents had no knowledge of or participation in the seizure of Brisbois' thumb drive by Canadian law enforcement, other than reporting the theft. MGA thus seeks a written response from Mattel by May 14, 2009, that, after making a diligent search and reasonable inquiry to locate responsive documents, Mattel found no responsive documents in its possession, custody, or control.

Request for Production 491: Mattel takes the position that no documents responsive to this request exist because its attorneys and agents had no knowledge of or participation in the investigation or search of MGA de Mexico, S.R.L. de C.V. in Mexico City. MGA thus seeks a written response from Mattel by May 14, 2009, that, after making a diligent search and reasonable inquiry to locate responsive documents, Mattel found no responsive documents in its possession, custody, or control.

Request for Production 759 & 760: It is Mattel's position that all non-privileged documents responsive to these requests have already been produced. MGA thus seeks a written response from Mattel by May 14, 2009, that, after making a diligent search and reasonable inquiry to locate additional responsive documents, Mattel found no additional responsive documents in its possession, custody, or control.

Exhibit 5
Page 23

Diane C. Hutnyan, Esq.
April 14, 2009
Page 4

Request for Production 761: Mattel takes the position that it has already produced many responsive documents and that further responsive documents are being produced by Mattel by April 13, 2009. MGA thus seeks a written response from Mattel by May 14, 2009, that, after making a diligent search and reasonable inquiry to locate responsive documents, Mattel found no responsive documents in its possession, custody, or control other than those produced on or prior to May 14, 2009.

## Interrogatories

Interrogatories Nos. 20, 22, 23 & 28:  It is Mattel's position that it has already provided full and complete responses to these interrogatories in its response to MGA's Interrogatory No. 1.

Upon further review, it is MGA's position that Mattel's response to Interrogatory No. 1 does not fully respond to Interrogatories Nos. 20, 22, 23 & 28. For example, Mattel's response to Interrogatory No. 1 does not contain sufficient detail regarding the nature of Mattel's alleged trade secrets or Mattel's treatment, handling and protection of its alleged trade secrets to demonstrate whether the alleged trade secrets are, in fact, protectable trade secrets

The disputed Interrogatories all seek to vet Mattel's trade secret claims by requesting the type of information described by the California Uniform Trade Secret Act ("CUTSA").[1] Interrogatory No. 20 asks Mattel to identify "with specificity" each alleged trade secret referred to in the Second Amended Answer and Counterclaims as well as any related documents. Likewise, Interrogatory No. 23 seeks the complete factual basis for Mattel's contention that the trade secrets that MGA purportedly stole are protectable. Information responsive to these interrogatories would include, for example, the following types of facts: (1) each type of information that Mattel contends constitutes a trade secret; (2) the independent economic value that Mattel purportedly derives from keeping each of the alleged trade secrets from being generally known to the public; and (3) any steps Mattel has taken to ensure the secrecy of the alleged trade secrets. Mattel's response to Interrogatory No. 1 is simply not responsive to this

---

[1] "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

(1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and

(2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Cal. Civ. Code § 3426.1(d).

Exhibit 5
Page 24

Diane C. Hutnyan, Esq.
April 14, 2009
Page 5

inquiry. Furthermore, the CUTSA is clear that the term "trade secret" refers to specific
information, not simply the documents which might contain that information. *See* Cal. Civ.
Code § 3426.1(d). Notwithstanding the fact that Mattel has provided a 20-page list of
documents, MGA is not in a position to divine what trade secrets those documents purportedly
contain.

Therefore, should Mattel decline to voluntarily provide a further response to these
interrogatories, MGA intends to promptly file with the Discovery Master a motion to compel a
further response.

Interrogatory No. 21: Mattel will consider whether it will agree to supplement its
response to this interrogatory with detailed facts. MGA requests Mattel's response by the close
of business on Thursday, April 16, 2009. Should Mattel decline to voluntarily provide a further
response to this interrogatory, MGA intends to promptly file with the Discovery Master a motion
to compel a further response.

Interrogatory No. 29: It is Mattel's position that this interrogatory is premature because it
has not yet received from MGA documents and information needed by Mattel to calculate its
damages and because the interrogatory seeks information that is the subject of expert analysis
that has not yet been conducted. Mattel agrees to produce such information in the future. It is
MGA's position that Mattel should produce promptly whatever estimates or calculations of
damages it has conducted to date, even if incomplete or not final, and all facts, documents or
witnesses relating to such estimates or calculations. Should Mattel decline to voluntarily provide
a further response to this interrogatory, MGA intends to promptly file with the Discovery Master
a motion to compel a further response.

Please let me know as soon as possible if this does not comport with your understanding
of the results of our efforts to meet and confer regarding these discovery requests.

Thank you for your attention to this matter.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

CHM:lde
cc:   Joel N. Klevens, Esq.
      Patricia H. Benson, Esq.
      Amman Khan, Esq.

Exhibit 5
Page 25

# Exhibit 6

GLASER WEIL          Fax:310-556-2406          Apr 27 2009 03:26pm  P001/003

| | |
|---|---|
| **LAW OFFICES**<br>**GLASER, WEIL, FINK, JACOBS,**<br>**HOWARD & SHAPIRO, LLP**<br>10250 CONSTELLATION BOULEVARD<br>NINETEENTH FLOOR<br>LOS ANGELES, CALIFORNIA 90067<br><br>Ⓜ MERITAS LAW FIRMS WORLDWIDE | **FAX TRANSMISSION**<br><br>TELEPHONE NO.: 310-553-3000<br>FACSIMILE NO.:   310-556-2920 |
| FROM:  **Caroline H. Mankey** | Number of Pages:<br>(including this page) |
| DATE:  **April 27, 2009** | Client Reference No.:      03460-023 |

| TO: | FAX NO.: | CONFIRMATION NO: |
|---|---|---|
| **Diane C. Hutnyan, Esq.** | **213-443-3100** | **213-443-3000** |

**Sender's Comments:**

**If you have received this Transmission in error, please call: 310-553-3000 and mail it to the above address. Thank you.**

NOTE: THE INFORMATION CONTAINED IN THIS FAX MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE.  THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND, AS SUCH, IS PRIVILEGED AND CONFIDENTIAL.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE BY MAIL.  THANK YOU.

664049 v1

Exhibit 6
Page 26

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD

NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90067

(310) 553-3000

FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CHANKEY@GLASERWEIL.COM

April 27, 2009

TTT MERITAS LAW FIRMS WORLDWIDE

### VIA FACSIMILE & E-MAIL

Diane C. Hutnyan, Esq.
QUINN, EMANUEL, URQUHART,
  OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

Re:     Mattel, Inc. v. MGA Entertainment, Inc., et al.

Dear Diane:

This responds to your letter of today's date requesting a one-day extension of time to oppose MGA's Motion to Compel Production of Documents and Things From MGA's Second and Fifth Sets of Requests for Production and Responses to MGA's Second Set of Interrogatories to Mattel, Inc. MGA agrees to the extension, under the condition that Mattel afford a similar courtesy and grant MGA a comparable extension in the future upon request by MGA.

This also responds to your letter dated April 20, 2009, regarding our efforts to narrow the disputes over Mattel's responses to Interrogatories 20-23 and 28-29 and Requests for Production 146, 148, 153, 154, 158, 160, 162, 174-178, 486, 488, 489 and 491. I apologize for the delay in responding, but I was out of town April 22 through April 26, 2009. It appears that only a few issues remain in dispute.

With respect to the definition of "MATTEL," MGA is unwilling to agree that the same definition should apply to MGA in *all* undefined pending or future discovery requests propounded by Mattel. If there are specific discovery requests to which Mattel would like to propose applying that definition, MGA will consider that request.

With respect to Requests for Production Nos. 148, 162, 486 and 489, it is MGA's continued position that "Mattel's communications with law enforcement personnel," which Mattel proposes to produce in response to these Requests, do not necessarily encompass the documents sought by MGA pertaining to Mattel's knowledge, participation or involvement in the seizure of materials by the Mexican or Canadian law enforcement authorities. Thus, we are unwilling to limit the scope of these Requests to that proposed by Mattel.

Exhibit 6
Page 27

Diane C. Hutnyan, Esq.
April 27, 2009
Page 2

   With respect to Request for Production No. 154, it is MGA's continued position that the date of the filing of Mattel's Second Amended Answer and Counterclaims is an appropriate temporal limitation, as any occurrence of theft must have happened prior to that date.   We are willing to reconsider if Mattel can demonstrate that *all* of the information contained in the 2004 Sales Plan, including its format and structure, lost its trade secret status at some earlier date.

   With respect to Request for Production No. 178, it is MGA's position that Mattel's offer to produce documents relating to the discovery of MGA's thefts of trade secrets and other Mattel confidential information, as well as other conduct alleged in Mattel's counterclaims, would not adequately respond to MGA's request for documents relating to "any investigation, surveillance, inspection, inquiry, survey or analysis into the activities, including but not limited to electronic and computer related activities," alleged in Mattel's counterclaims. Moreover, it is MGA's position that the latter described documents may be pertinent to MGA's defenses to Mattel's counterclaims, such as its unclean hands defense. Thus, MGA remains unwilling to narrow this Request in the manner you have proposed.

   In the event that we can reach agreement on these remaining issues, MGA will withdraw its pending motion to compel. Notwithstanding any such withdrawal of that motion, or anything herein, MGA reserves its right to move to compel further production of such documents after completion of its review of the documents produced by Mattel in response to the Discovery Master's Order No. 6 and in response to these Requests.

   Thank you for your attention to this matter.

        Very truly yours,

        Caroline H. Mankey
   of GLASER, WEIL, FINK, JACOBS, HOWARD
      & SHAPIRO, LLP

CHM:lde
cc: Joel N. Klevens, Esq.
  Patricia H. Benson, Esq.
  Amman Khan, Esq.

Exhibit 6
Page 28

# Exhibit 7

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Plaintiff and Counter-
   Defendant Mattel, Inc.

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12                           EASTERN DIVISION

13
   CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)
14
                                          Consolidated with
15            Plaintiff,                   Case No. CV 04-09059
                                          Case No. CV 05-02727
16        v.
                                          MATTEL, INC.'S SUPPLEMENTAL
17                                        OBJECTIONS AND RESPONSES TO
   MATTEL, INC., a Delaware               MGA ENTERTAINMENT, INC.'S
18 Corporation,                           SECOND SET OF REQUESTS FOR
                                          PRODUCTION OF DOCUMENTS
19                                        AND THINGS IN CASE NO. 05-2727
              Defendant.
20                                        Hon. Stephen G. Larson

21
   AND CONSOLIDATED ACTIONS
22

23

24

25

26

27

28

06|22|07

Exhibit 7
Page 29

## Preliminary Statement

1

2        Mattel, Inc. ("Mattel") has not yet completed its investigation of the

3 facts relating to this action, has not yet reviewed all documents relating to this

4 action, has not yet interviewed all witnesses in this action, and has not yet received

5 all requested discovery from defendants and third parties with regard to this action.

6 Consequently, Mattel reserves the right to amend and/or supplement its responses if

7 and when additional facts or documents are discovered. Additionally, because

8 Mattel's responses are based on facts and documents that Mattel has identified to

9 date, they do not preclude Mattel from later relying on facts discovered pursuant to

10 further investigation or discovery or on subsequently discovered or generated

11 documents. Mattel's response to any of MGA Entertainment, Inc.'s ("MGA")

12 Second Set of Requests for Production of Documents and Things in Case No. 05-

13 2727 (the "Requests") is not to be construed as a waiver of any of its objections or

14 its right to object to any other request.

15

## General Objections

16

17        Mattel generally objects to each of the Requests on each and every one

18 of the following grounds, which are incorporated into and made a part of the

19 response to each and every individual request:

20        1.    Mattel objects to the Requests on the grounds and to the extent

21 that they seek to impose discovery obligations beyond those required or permitted

22 by the Federal Rules of Civil Procedure.

23        2.    Mattel objects to the Requests on the grounds and to the extent

24 they call for the production of documents subject to the attorney-client privilege, the

25 attorney work product doctrine, the right to privacy as set forth in the United States

26 and/or California Constitutions, or any other applicable law, privilege, immunity,

27 doctrine or other ground of privilege. Mattel will not produce such privileged

28 documents.

07209/2149034.1

-1-

SUPPLEMENTAL RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

Exhibit 7
Page 30

1    3. Mattel objects to the Requests on the grounds and to the extent

2 they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

3    4. Mattel objects to the Requests on the grounds and to the extent

4 they seek information which is not relevant to the subject matter of this action nor

5 reasonably calculated to lead to the discovery of admissible evidence.

6    5. Mattel objects to the Requests on the grounds and to the extent

7 they seek documents equally or more available to, or already in the possession,

8 custody or control of MGA.

9    6. Mattel objects to the Requests on the grounds and to the extent

10 they seek documents not in Mattel's possession, custody or control.

11    7. Mattel objects to the Requests on the grounds that they are

12 unduly burdensome and vague and ambiguous in that they purport to require Mattel

13 to identify and produce documents relating to matters that are currently known to

14 and in the possession, custody and control of defendants and third parties, including

15 third parties associated with defendants, and that are not known to Mattel.

16    8. Mattel objects to the Requests on the grounds that they seek the

17 production of documents or information that are in the possession, custody and

18 control of independent parties over whom Mattel has no control, including without

19 limitation defendants, and seek the disclosure of information or documents that are

20 in the possession, custody and control of defendants or are publicly available and

21 hence equally available to all parties to this litigation.

22    9. Mattel objects to the Requests on the ground and to the extent

23 they seek trade secret, proprietary or otherwise confidential information of Mattel or

24 third parties or would violate the terms of any agreement or contracts with third

25 parties. Any such documents that are produced, if any, will be produced only

26 pursuant to and in reliance upon the Protective Order entered in this case.

27

28

1          10.    Mattel objects to the Requests on the grounds that the definitions

2  of the terms "MATTEL," "MGA," and "BRATZ" are overbroad, vague and

3  ambiguous, and unduly burdensome.

4          11.    Mattel objects to each and every Request that seeks "all"

5  documents which constitute, mention, refer or relate to a given topic on the grounds

6  of undue burden and oppression.  Mattel will make available for inspection and

7  copying those documents and tangible items, if any, that it is able to locate after a

8  reasonable, good-faith search for and review of non-privileged responsive

9  documents.

10         12.    Mattel objects to each and every Request to the extent that they

11  seek documents already produced in this action.  Documents which have already

12  been produced will not be produced again in response to these requests.

13         13.    Objection to the production of any document or category of

14  documents described in the Requests, or agreement to produce any such documents,

15  is not and shall not be construed as an admission by Mattel that any such documents

16  or category of documents exist.  Where the responses indicate that he will produce

17  such responsive documents, such documents, if any, will be produced if and to the

18  extent any such documents are in his possession, custody or control.

19         14.    Mattel objects to the time, place and manner of production

20  specified in defendant's Requests.  Mattel will produce such responsive, non-

21  privileged documents and tangible things, if any and to the extent not previously

22  produced, in accordance with its responses at a time and place and in a manner that

23  is reasonable, convenient and mutually agreed upon by the parties.

24

25  **SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS**

26        Each of the following objections and responses to the Requests is

27  expressly made subject to the above Preliminary Statement and General Objections,

28  all of which are incorporated in each of the following objections and responses to

1  specific requests. A statement that Mattel will produce documents or tangible things

2  in response to a Request is not intended to suggest, nor should it be construed to

3  mean, that any such documents or tangible things exist, or that they are in Mattel's

4  possession, custody or control.

5

6  **REQUEST FOR PRODUCTION NO. 116:**

7  All DOCUMENTS REFERRING OR RELATING TO the quality and

8  substance of the work done while working for MATTEL by any the following

9  former MATTEL employees:

10  -  Carter Bryant,

11  -  Carlos Gustova Machado Gomez,

12  -  Mariana Trueba Almada,

13  -  Pablo Vargas San Jose,

14  -  Ron Brawer, and

15  -  Janine Brisbois,

16  including but not limited to personnel files, performance reviews, contracts, job

17  descriptions, and interviews.

18

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

20  In addition to the general objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

23  documents on this subject without limitation as to time, and regardless of whether

24  such documents relate to products or matters at issue in this case. Mattel further

25  objects to the Request on the grounds that it seeks documents that are not relevant to

26  this action or likely to lead to the discovery of admissible evidence. Mattel further

27  objects to this Request on the grounds that it seeks confidential, proprietary and

28  trade secret information, including such information that has no bearing on the

1  claims or defenses in this case.  Mattel further objects on the grounds that the

2  Request seeks documents that are evidence in or pertain to criminal proceedings,

3  disclosure of which might interfere with such proceedings.  Mattel further objects to

4  this Request on the grounds that it calls for the disclosure of information subject to

5  the attorney-client privilege, the attorney work-product doctrine and other applicable

6  privileges.

7          Subject to the foregoing objections, Mattel responds as follows:  Mattel

8  will produce such responsive, non-privileged documents, to the extent permitted by

9  law, that are in Mattel's possession, custody, or control, if any, that Mattel has been

10  able to locate after a diligent search and reasonable inquiry, to the extent not

11  previously produced.

12

13  **REQUEST FOR PRODUCTION NO. 117:**

14          All DOCUMENTS containing COMMUNICATIONS regarding the

15  resignations of the following former MATTEL employees:

16          -       Carter Bryant,

17          -       Carlos Gustova Machado Gomez,

18          -       Mariana Trueba Almada,

19          -       Pablo Vargas San Jose,

20          -       Ron Brawer, and

21          -       Janine Brisbois.

22

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

24          In addition to the general objections stated above which are

25  incorporated herein by reference, Mattel objects to this Request on the grounds that

26  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

27  documents on this subject without limitation as to time, and regardless of whether

28  such documents relate to products or matters at issue in this case.  Mattel further

07209/2149034.1

-5-

1   objects to the Request on the grounds that it seeks documents that are not relevant to

2   this action or likely to lead to the discovery of admissible evidence.  Mattel further

3   objects to this Request on the grounds that it seeks confidential, proprietary and

4   trade secret information, including such information that has no bearing on the

5   claims or defenses in this case.  Mattel further objects on the grounds that the

6   Request seeks documents that are evidence in or pertain to criminal proceedings,

7   disclosure of which might interfere with such proceedings.  Mattel further objects to

8   this Request on the grounds that it calls for the disclosure of information subject to

9   the attorney-client privilege, the attorney work-product doctrine and other applicable

10  privileges.

11          Subject to the foregoing objections, Mattel responds as follows:  Mattel

12  will produce such responsive, non-privileged documents, to the extent permitted by

13  law, that are in Mattel's possession, custody, or control, if any, that Mattel has been

14  able to locate after a diligent search and reasonable inquiry, to the extent not

15  previously produced.

16

17  **REQUEST FOR PRODUCTION NO. 118:**

18          All DOCUMENTS REFERRING OR RELATING TO copyrights

19  registered to MATTEL REFERRING OR RELATING TO BRATZ designs as

20  referred to in paragraph 2 of YOUR COUNTERCLAIMS, including but not limited

21  to DOCUMENTS made in preparation of the registrations and

22  COMMUNICATIONS with the United States Copyright Office concerning the

23  registrations.

24

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

26          In addition to the general objections stated above which are

27  incorporated herein by reference, Mattel objects to this Request on the grounds that

28  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

1  documents on this subject without limitation as to time, and regardless of whether

2  such documents relate to products or matters at issue in this case.  Mattel further

3  objects to this Request on the grounds that it calls for the disclosure of information

4  subject to the attorney-client privilege, the attorney work-product doctrine and other

5  applicable privileges.

6       Subject to the foregoing objections, Mattel responds as follows:  Mattel

7  will produce such responsive, non-privileged documents that are in Mattel's

8  possession, custody, or control, if any, that Mattel has been able to locate after a

9  diligent search and reasonable inquiry, to the extent not previously produced.

10

11 **REQUEST FOR PRODUCTION NO. 119:**

12      All DOCUMENTS that tend to support or refute YOUR claim to

13 copyrights registered to MATTEL REFERRING OR RELATING TO BRATZ

14 designs.

15

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

17      In addition to the general objections stated above which are

18 incorporated herein by reference, Mattel objects to this Request on the grounds that

19 it is overbroad, unduly burdensome and unintelligible, including in its use of the

20 terms "YOUR claim to copyrights registered by MATTEL" and it seeks all

21 documents without limitation as to time, and regardless of whether such documents

22 relate to products or matters at issue in this case.  Mattel further objects to the

23 Request on the grounds that it seeks documents that are not relevant to this action or

24 likely to lead to the discovery of admissible evidence.  Mattel further objects to this

25 Request on the grounds that it seeks confidential, proprietary and trade secret

26 information.  Mattel further objects to this Request on the grounds that it calls for

27 the disclosure of information subject to the attorney-client privilege, the attorney

28 work-product doctrine and other applicable privileges.

1    Subject to the foregoing objections, Mattel responds as follows: Mattel

2    will produce such responsive, non-privileged documents that are in Mattel's

3    possession, custody, or control, if any, that Mattel has been able to locate after a

4    diligent search and reasonable inquiry, to the extent not previously produced.

5

6    **REQUEST FOR PRODUCTION NO. 120:**

7    All DOCUMENTS REFERRING OR RELATING TO attempts by

8    MATTEL to copyright BRATZ designs, including but not limited to DOCUMENTS

9    made in preparation of the registrations and COMMUNICATIONS with the United

10   States Copyright Office concerning the registrations.

11

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

13   In addition to the general objections stated above which are

14   incorporated herein by reference, Mattel objects to this Request on the grounds that

15   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

16   documents on this subject without limitation as to time, and regardless of whether

17   such documents relate to products or matters at issue in this case.  Mattel further

18   objects to this Request on the grounds that it calls for the disclosure of information

19   subject to the attorney-client privilege, the attorney work-product doctrine and other

20   applicable privileges.

21   Subject to the foregoing objections, Mattel responds as follows: Mattel

22   will produce such responsive, non-privileged documents that are in Mattel's

23   possession, custody, or control, if any, that Mattel has been able to locate after a

24   diligent search and reasonable inquiry, to the extent not previously produced.

25

26   **REQUEST FOR PRODUCTION NO. 121:**

27   All DOCUMENTS REFERRING OR RELATING TO Copyright

28   Registrations VA 1-378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-

07209/2149034.1

-8-

1  378-652, VA 1-378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-

2  657, VA 1-378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271

3  and VAu 715-273 as identified in paragraph 83 of YOUR COUNTERCLAIMS,

4  including but not limited to DOCUMENTS made in preparation of the registrations

5  and COMMUNICATIONS with the United States Copyright Office concerning the

6  registrations.

7

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

9         In addition to the general objections stated above which are

10  incorporated herein by reference, Mattel objects to this Request on the grounds that

11  it is overbroad and unduly burdensome, including in that it seeks all documents on

12  this subject without limitation as to time, and regardless of whether such documents

13  relate to products or matters at issue in this case.  Mattel further objects to this

14  Request on the grounds that it seeks confidential, proprietary and trade secret

15  information.  Mattel further objects to this Request on the grounds that it calls for

16  the disclosure of information subject to the attorney-client privilege, the attorney

17  work-product doctrine and other applicable privileges.

18         Subject to the foregoing objections, Mattel responds as follows:  Mattel

19  will produce such responsive, non-privileged documents that are in Mattel's

20  possession, custody, or control, if any, that Mattel has been able to locate after a

21  diligent search and reasonable inquiry, to the extent not previously produced.

22

23  **REQUEST FOR PRODUCTION NO. 122:**

24         All DOCUMENTS that tend to support or refute YOUR claim to

25  Copyright Registrations VA 1-378-648, VA 1-378-649, VA 1-378-650, VA 1-378-

26  651, VA 1-378-652, VA 1-378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656,

27  VA 1-378-657, VA 1-378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu

28

-9-

1 | 715-271 and VAu 715-273 as identified in paragraph 83 of YOUR

2 | COUNTERCLAIMS.

3

4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

5 |       In addition to the general objections stated above which are

6 | incorporated herein by reference, Mattel objects to this Request on the grounds that

7 | it is overbroad and unduly burdensome, including in that it seeks all documents on

8 | this subject without limitation as to time, and regardless of whether such documents

9 | relate to products or matters at issue in this case.  Mattel further objects to this

10 | Request on the grounds that it calls for the disclosure of information subject to the

11 | attorney-client privilege, the attorney work-product doctrine and other applicable

12 | privileges.

13 |       Subject to the foregoing objections, Mattel responds as follows:  Mattel

14 | will produce such responsive, non-privileged documents that are in Mattel's

15 | possession, custody, or control, if any, that Mattel has been able to locate after a

16 | diligent search and reasonable inquiry, to the extent not previously produced.

17

18 | **REQUEST FOR PRODUCTION NO. 123:**

19 |       All DOCUMENTS that tend to support or refute YOUR assertions in

20 | paragraph 26 of YOUR COUNTERCLAIMS regarding BRYANT's alleged work

21 | with other MATTEL employees and contractors to design and develop BRATZ,

22 | including but not limited to sculpts, models, plans or designs, associated clothing,

23 | and accessories.

24

25 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

26 |       In addition to the general objections stated above which are

27 | incorporated herein by reference, Mattel objects to this Request on the grounds that

28 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

07209/2149034.1

-10-

Exhibit 7
Page 39

1    documents on this subject without limitation as to time, and regardless of whether

2    such documents relate to products or matters at issue in this case.  Mattel further

3    objects to the Request on the grounds that it seeks documents that are not relevant to

4    this action or likely to lead to the discovery of admissible evidence.  Mattel further

5    objects to this Request on the grounds that it seeks confidential, proprietary and

6    trade secret information.  Mattel also objects to this Request on the grounds that it

7    seeks documents and information in the possession or control of MGA and/or

8    Bryant, including documents and information that MGA and Bryant have been

9    compelled to produce by Court orders but still have not produced.  Mattel further

10   objects to this Request on the grounds that it calls for the disclosure of information

11   subject to the attorney-client privilege, the attorney work-product doctrine and other

12   applicable privileges.

13          Subject to the foregoing objections, Mattel responds as follows:  Mattel

14   will produce such responsive, non-privileged documents that are in Mattel's

15   possession, custody, or control, if any, that Mattel has been able to locate after a

16   diligent search and reasonable inquiry, to the extent not previously produced.

17

18   **REQUEST FOR PRODUCTION NO. 124:**

19          All DOCUMENTS that tend to support or refute YOUR assertion in

20   paragraph 27 of YOUR COUNTERCLAIMS regarding BRYANT's alleged

21   enlistment of other MATTEL employees to perform work on BRATZ, including but

22   not limited to emails, memoranda, notes, and recordings.

23

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

25          In addition to the general objections stated above which are

26   incorporated herein by reference, Mattel objects to this Request on the grounds that

27   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

28   documents on this subject without limitation as to time, and regardless of whether

07209/2149034.1

-11-

1  such documents relate to products or matters at issue in this case.  Mattel also

2  objects to this Request on the grounds that it seeks documents and information in the

3  possession or control of MGA and/or Bryant, including documents and information

4  that MGA and Bryant have been compelled to produce by Court orders but still have

5  not produced.  Mattel further objects to this Request on the grounds that it seeks

6  confidential, proprietary and trade secret information.  Mattel further objects to this

7  Request on the grounds that it calls for the disclosure of information subject to the

8  attorney-client privilege, the attorney work-product doctrine and other applicable

9  privileges.

10         Subject to the foregoing objections, Mattel responds as follows:  Mattel

11  will produce such responsive, non-privileged documents that are in Mattel's

12  possession, custody, or control, if any, that Mattel has been able to locate after a

13  diligent search and reasonable inquiry, to the extent not previously produced.

14

15  **REQUEST FOR PRODUCTION NO. 125:**

16         DOCUMENTS sufficient to identify by name and title the employees

17  that BRYANT allegedly enlisted to perform work on BRATZ while BRYANT was

18  still a MATTEL employee.

19

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

21         In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it is unintelligible, including in that it seeks documents without meaningful

24  limitation as to subject matter, and regardless of whether such documents relate to

25  products or matters at issue in this case.  Mattel further objects to the Request on the

26  grounds that it seeks documents that are not relevant to this action or likely to lead

27  to the discovery of admissible evidence.  Mattel also objects to this Request on the

28  grounds that it seeks documents and information in the possession or control of

1  MGA and/or Bryant, including documents and information that MGA and Bryant

2  have been compelled to produce by Court orders but still have not produced.  Mattel

3  further objects to this Request on the grounds that it calls for the disclosure of

4  information subject to the attorney-client privilege, the attorney work-product

5  doctrine and other applicable privileges.

6

7  **REQUEST FOR PRODUCTION NO. 126:**

8         All DOCUMENTS that tend to support or refute YOUR assertion in

9  paragraph 27 of YOUR COUNTERCLAIMS regarding BRYANT's alleged actions

10  which led others to believe that work on BRATZ design or development was for

11  MATTEL, including but not limited to emails, memoranda, notes, and recordings.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

14         In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case.  Mattel also

19  objects to this Request on the grounds that it seeks documents and information in the

20  possession or control of MGA and/or Bryant, including documents and information

21  that MGA and Bryant have been compelled to produce by Court orders but still have

22  not produced.  Mattel further objects to this Request on the grounds that it seeks

23  confidential, proprietary and trade secret information.  Mattel further objects to this

24  Request on the grounds that it calls for the disclosure of information subject to the

25  attorney-client privilege, the attorney work-product doctrine and other applicable

26  privileges.

27         Subject to the foregoing objections, Mattel responds as follows:  Mattel

28  will produce such responsive, non-privileged documents that are in Mattel's

1 possession, custody, or control, if any, that Mattel has been able to locate after a

2 diligent search and reasonable inquiry, to the extent not previously produced.

3

4 **REQUEST FOR PRODUCTION NO. 127:**

5 DOCUMENTS sufficient to identify by name and title the employees

6 that BRYANT led to believe that work done on BRATZ design or development was

7 for MATTEL.

8

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

10 In addition to the general objections stated above which are

11 incorporated herein by reference, Mattel objects to this Request on the grounds that

12 it is unintelligible, including in that it seeks documents without meaningful

13 limitation as to subject matter, and regardless of whether such documents relate to

14 products or matters at issue in this case.  Mattel further objects to the Request on the

15 grounds that it seeks documents that are not relevant to this action or likely to lead

16 to the discovery of admissible evidence.  Mattel also objects to this Request on the

17 grounds that it seeks documents and information in the possession or control of

18 MGA and/or Bryant, including documents and information that MGA and Bryant

19 have been compelled to produce by Court orders but still have not produced.  Mattel

20 further objects to this Request on the grounds that it calls for the disclosure of

21 information subject to the attorney-client privilege, the attorney work-product

22 doctrine and other applicable privileges.

23

24 **REQUEST FOR PRODUCTION NO. 128:**

25 All DOCUMENTS REFERRING OR RELATING TO YOUR

26 assertion that MATTEL employees who allegedly worked on BRATZ design or

27 development were led to believe that they were performing work on a project for

28 MATTEL.

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

2          In addition to the general objections stated above which are

3 incorporated herein by reference, Mattel objects to this Request on the grounds that

4 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 documents on this subject without limitation as to time, and regardless of whether

6 such documents relate to products or matters at issue in this case.  Mattel also

7 objects to this Request on the grounds that it seeks documents and information in the

8 possession or control of MGA and/or Bryant, including documents and information

9 that MGA and Bryant have been compelled to produce by Court orders but still have

10 not produced.  Mattel further objects to this Request on the grounds that it seeks

11 confidential, proprietary and trade secret information.  Mattel further objects to this

12 Request on the grounds that it calls for the disclosure of information subject to the

13 attorney-client privilege, the attorney work-product doctrine and other applicable

14 privileges.

15          Subject to the foregoing objections, Mattel responds as follows:  Mattel

16 will produce such responsive, non-privileged documents that are in Mattel's

17 possession, custody, or control, if any, that Mattel has been able to locate after a

18 diligent search and reasonable inquiry, to the extent not previously produced.

19

20 **REQUEST FOR PRODUCTION NO. 129:**

21          All DOCUMENTS REFERRING OR RELATING TO YOUR

22 assertion in paragraph 28 of YOUR COUNTERCLAIMS that BRYANT made

23 affirmative misrepresentations to MATTEL management and employees, including

24 but not limited to emails, memoranda, notes, and recordings.

25

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

27          In addition to the general objections stated above which are

28 incorporated herein by reference, Mattel objects to this Request on the grounds that

07209/2149034.1

-15-

SUPPLEMENTAL RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

**Exhibit** 7
**Page** 44

1  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2  documents on this subject without limitation as to time, and regardless of whether

3  such documents relate to products or matters at issue in this case.  Mattel also

4  objects to this Request on the grounds that it seeks documents and information in the

5  possession or control of MGA and/or Bryant, including documents and information

6  that MGA and Bryant have been compelled to produce by Court orders but still have

7  not produced.  Mattel further objects to this Request on the grounds that it calls for

8  the disclosure of information subject to the attorney-client privilege, the attorney

9  work-product doctrine and other applicable privileges.

10      Subject to the foregoing objections, Mattel responds as follows:  Mattel

11  will produce such responsive, non-privileged documents that are in Mattel's

12  possession, custody, or control, if any, that Mattel has been able to locate after a

13  diligent search and reasonable inquiry, to the extent not previously produced.

14

15  **REQUEST FOR PRODUCTION NO. 130:**

16      DOCUMENTS sufficient to identify by name and title the members of

17  management and employees to whom BRYANT allegedly made misrepresentations

18  while employed at MATTEL.

19

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

21      In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it is unintelligible, including in that it seeks documents without limitation as to time,

24  and regardless of whether such documents relate to products or matters at issue in

25  this case.  Mattel also objects to this Request on the grounds that it seeks documents

26  and information in the possession or control of MGA and/or Bryant, including

27  documents and information that MGA and Bryant have been compelled to produce

28  by Court orders but still have not produced.  Mattel further objects to the Request on

-16-

**Exhibit** 7
**Page** 45

1  the grounds that it seeks documents that are not relevant to this action or likely to

2  lead to the discovery of admissible evidence. Mattel further objects to this Request

3  on the grounds that it seeks confidential, proprietary and trade secret information,

4  including such information that has no bearing on the claims or defenses in this

5  case. Mattel further objects to this Request on the grounds that it calls for the

6  disclosure of information subject to the attorney-client privilege, the attorney work-

7  product doctrine and other applicable privileges.

8

9  **REQUEST FOR PRODUCTION NO. 131:**

10         All DOCUMENTS REFERRING OR RELATING TO the state of

11  BRATZ design at the time BRYANT left MATTEL on October 20, 2000, including

12  but not limited to sculpts, models, plans or designs, associated clothing, and

13  accessories.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

16         In addition to the general objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

19  documents on this subject without limitation as to time, and regardless of whether

20  such documents relate to products or matters at issue in this case. Mattel also

21  objects to this Request on the grounds that it seeks documents and information in the

22  possession or control of MGA and/or Bryant, including documents and information

23  that MGA and Bryant have been compelled to produce by Court orders but still have

24  not produced. Mattel further objects to this Request on the grounds that it calls for

25  the disclosure of information subject to the attorney-client privilege, the attorney

26  work-product doctrine and other applicable privileges.

27         Subject to the foregoing objections, Mattel responds as follows. Mattel

28  will produce such responsive, non-privileged documents that are in Mattel's

1 possession, custody, or control, if any, that Mattel has been able to locate after a

2 diligent search and reasonable inquiry, to the extent not previously produced.

3

4 **REQUEST FOR PRODUCTION NO. 132:**

5        All DOCUMENTS REFERRING OR RELATING TO any contract

6 BRYANT had with MATTEL.

7

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

9        In addition to the general objections stated above which are

10 incorporated herein by reference, Mattel objects to this Request on the grounds that

11 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

12 documents on this subject without limitation as to time, and regardless of whether

13 such documents relate to products or matters at issue in this case. Mattel further

14 objects to the Request on the grounds that it seeks documents that are not relevant to

15 this action or likely to lead to the discovery of admissible evidence. Mattel further

16 objects to this Request on the grounds that it seeks confidential, proprietary and

17 trade secret information. Mattel further objects to this Request on the grounds that it

18 calls for the disclosure of information subject to the attorney-client privilege, the

19 attorney work-product doctrine and other applicable privileges.

20        Subject to the foregoing objections, Mattel responds as follows: Mattel

21 will produce such responsive, non-privileged documents that are in Mattel's

22 possession, custody, or control, if any, that Mattel has been able to locate after a

23 diligent search and reasonable inquiry, to the extent not previously produced.

24

25 **REQUEST FOR PRODUCTION NO. 133:**

26        All DOCUMENTS REFERRING OR RELATING TO whether any

27 contracts or agreements that BRYANT, MACHADO, VARGAS, TRUEBA,

28 BRAWER, or BRISBOIS had with MATTEL were legal, binding or enforceable.

Exhibit 7
Page 47

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

2          In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5  documents on this subject without limitation as to time, and regardless of whether

6  such documents relate to products or matters at issue in this case. Mattel further

7  objects to the Request on the grounds that it seeks documents that are not relevant to

8  this action or likely to lead to the discovery of admissible evidence. Mattel further

9  objects to this Request on the grounds that it seeks confidential, proprietary and

10 trade secret information. Mattel further objects on the grounds that the Request

11 seeks documents that are evidence in or pertain to criminal proceedings, disclosure

12 of which might interfere with such proceedings. Mattel further objects to this

13 Request on the grounds that it calls for the disclosure of information subject to the

14 attorney-client privilege, the attorney work-product doctrine and other applicable

15 privileges.

16         Subject to the foregoing objections, Mattel responds as follows: Mattel

17 will produce such responsive, non-privileged documents, to the extent permitted by

18 law, that are in Mattel's possession, custody, or control, if any, that Mattel has been

19 able to locate after a diligent search and reasonable inquiry, to the extent not

20 previously produced.

21

22 **REQUEST FOR PRODUCTION NO. 134:**

23         All DOCUMENTS REFERRING OR RELATING TO YOUR

24 assertion in paragraph 30 of YOUR COUNTERCLAIMS that MGA Entertainment

25 (HK) Limited has maintained regular and continuous contacts with persons in the

26 County of Los Angeles.

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

2          In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5  documents on this subject without limitation as to time, and regardless of whether

6  such documents relate to products or matters at issue in this case. Mattel also

7  objects to this Request on the grounds that it seeks documents and information in the

8  possession or control of MGA and/or Bryant, including documents and information

9  that MGA and Bryant have been compelled to produce by Court orders but still have

10  not produced. Mattel further objects to the Request on the grounds that it seeks

11  documents that are not relevant to this action or likely to lead to the discovery of

12  admissible evidence. Mattel further objects to this Request on the grounds that it

13  seeks confidential, proprietary and trade secret information, including such

14  information that has no bearing on the claims or defenses in this case. Mattel further

15  objects to this Request on the grounds that it calls for the disclosure of information

16  subject to the attorney-client privilege, the attorney work-product doctrine and other

17  applicable privileges.

18          Subject to the foregoing objections, Mattel responds as follows: Mattel

19  will produce such responsive, non-privileged documents that are in Mattel's

20  possession, custody, or control, if any, that Mattel has been able to locate after a

21  diligent search and reasonable inquiry, to the extent not previously produced.

22

23  **REQUEST FOR PRODUCTION NO. 135:**

24          All DOCUMENTS REFERRING OR RELATING TO YOUR

25  assertions in paragraph 35 of YOUR COUNTERCLAIMS regarding BRYANT's

26  alleged acts of concealment, such as tampering or defacing documents, including

27  but not limited to the tampered or defaced documents, reports by employees or third

28

1 | parties, and recordings and DOCUMENTS sufficient to identify the employees or

2 | third parties with knowledge of the alleged acts of concealment.

3

4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

5 | In addition to the general objections stated above which are

6 | incorporated herein by reference, Mattel objects to this Request on the grounds that

7 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

8 | documents on this subject without limitation as to time, and regardless of whether

9 | such documents relate to products or matters at issue in this case. Mattel also

10 | objects to this Request on the grounds that it seeks documents and information in the

11 | possession or control of MGA and/or Bryant, including documents and information

12 | that MGA and Bryant have been compelled to produce by Court orders but still have

13 | not produced. Mattel further objects to this Request on the grounds that it seeks

14 | confidential, proprietary and trade secret information. Mattel further objects to this

15 | Request on the grounds that it calls for the disclosure of information subject to the

16 | attorney-client privilege, the attorney work-product doctrine and other applicable

17 | privileges.

18 | Subject to the foregoing objections, Mattel responds as follows: Mattel

19 | will produce such responsive, non-privileged documents that are in Mattel's

20 | possession, custody, or control, if any, that Mattel has been able to locate after a

21 | diligent search and reasonable inquiry, to the extent not previously produced.

22

23 | **REQUEST FOR PRODUCTION NO. 136:**

24 | All DOCUMENTS REFERRING OR RELATING TO YOUR

25 | assertion in paragraph 41 of YOUR COUNTERCLAIMS regarding alleged copying,

26 | taking, accessing or modification of proprietary MATTEL documents by

27 | MACHADO, TRUEBA AND VARGAS, including but not limited to

28 | INVESTIGATIVE REPORTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel also objects to this Request on the grounds that it seeks documents and information in the possession, custody or control of MGA, but that MGA has failed and refused to produce. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the grounds that the Request seeks documents that are evidence in or pertain to criminal proceedings, disclosure of which might interfere with such proceedings. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents, to the extent permitted by law, that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST FOR PRODUCTION NO. 137:**

DOCUMENTS sufficient to identify by name and title PERSONS with knowledge of alleged copying, taking, accessing or modification of proprietary MATTEL DOCUMENTS by MACHADO, TRUEBA AND VARGAS.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

2          In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is overbroad, unduly burdensome and unintelligible, including in that it seeks

5  documents on this subject without limitation as to time, and regardless of whether

6  such documents relate to products or matters at issue in this case.  Mattel further

7  objects to the Request on the grounds that it seeks documents that are not relevant to

8  this action or likely to lead to the discovery of admissible evidence.  Mattel further

9  objects to this Request on the grounds that it seeks confidential, proprietary and

10  trade secret information, including such information that has no bearing on the

11  claims or defenses in this case.  Mattel also objects to this Request on the grounds

12  that it seeks documents and information in the possession, custody or control of

13  MGA, but that MGA has failed and refused to produce.  Mattel further objects on

14  the grounds that the Request seeks documents that are evidence in or pertain to

15  criminal proceedings, disclosure of which might interfere with such proceedings.

16  Mattel further objects to this Request on the grounds that it calls for the disclosure

17  of information subject to the attorney-client privilege, the attorney work-product

18  doctrine and other applicable privileges.

19

20  **REQUEST FOR PRODUCTION NO. 138:**

21          DOCUMENTS sufficient to identify by name and title PERSONS the

22  supervisors of MACHADO, TRUEBA AND VARGAS [*sic*].

23

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

25          In addition to the general objections stated above which are

26  incorporated herein by reference, Mattel objects to this Request on the grounds that

27  it is overbroad, unduly burdensome and unintelligible, including in that it appears to

28  seek documents on this subject without limitation as to time, and regardless of

07209/2149034.1

-23-

1   whether such documents relate to matters at issue in this case.  Mattel further objects

2   to the Request on the grounds that it appears to seek documents that are not relevant

3   to this action or likely to lead to the discovery of admissible evidence.  Mattel

4   further objects to this Request on the grounds that it appears to seek confidential,

5   proprietary and trade secret information, including such information that has no

6   bearing on the claims or defenses in this case.  Mattel further objects on the grounds

7   that the Request appears to seek documents that are evidence in or pertain to

8   criminal proceedings, disclosure of which might interfere with such proceedings.

9   Mattel further objects to this Request on the grounds that it appears to call for the

10  disclosure of information subject to the attorney-client privilege, the attorney work-

11  product doctrine and other applicable privileges.

12          Subject to the foregoing objections, to the extent that Mattel

13  understands the Request, responds as follows:  Mattel will produce such responsive,

14  non-privileged documents that are in Mattel's possession, custody, or control, if any,

15  that Mattel has been able to locate after a diligent search and reasonable inquiry, to

16  the extent not previously produced.

17

18  **REQUEST FOR PRODUCTION NO. 139:**

19          All DOCUMENTS REFERRING OR RELATING TO YOUR

20  assertion in paragraph 41 of YOUR COUNTERCLAIMS regarding statements by

21  MACHADO, TRUEBA AND VARGAS concerning their resignations and

22  concerning the identity of their future employer.

23

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

25          In addition to the general objections stated above which are

26  incorporated herein by reference, Mattel objects to this Request on the grounds that

27  it is overbroad and unduly burdensome, including in that it seeks all documents on

28  this subject without limitation as to time, and regardless of whether such documents

1  relate to products or matters at issue in this case.  Mattel also objects to this Request

2  on the grounds that it seeks documents and information in the possession, custody or

3  control of MGA, but that MGA has failed and refused to produce.  Mattel further

4  objects to this Request on the grounds that it seeks confidential, proprietary and

5  trade secret information, including such information that has no bearing on the

6  claims or defenses in this case.  Mattel further objects on the grounds that the

7  Request seeks documents that are evidence in or pertain to criminal proceedings,

8  disclosure of which might interfere with such proceedings.  Mattel further objects to

9  this Request on the grounds that it calls for the disclosure of information subject to

10  the attorney-client privilege, the attorney work-product doctrine and other applicable

11  privileges.

12         Subject to the foregoing objections, Mattel responds as follows:  Mattel

13  will produce such responsive, non-privileged documents, to the extent permitted by

14  law, that are in Mattel's possession, custody, or control, if any, that Mattel has been

15  able to locate after a diligent search and reasonable inquiry, to the extent not

16  previously produced.

17

18  **REQUEST FOR PRODUCTION NO. 140:**

19         All DOCUMENTS REFERRING OR RELATING TO the resignations

20  of MACHADO, TRUEBA AND VARGAS from MATTEL, including but not

21  limited to COMMUNICATIONS REFERRING OR RELATING TO the

22  circumstances surrounding the resignations of MACHADO, TRUEBA AND

23  VARGAS and the reasons for the resignations of MACHADO, TRUEBA AND

24  VARGAS.

25

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

27         In addition to the general objections stated above which are

28  incorporated herein by reference, Mattel objects to this Request on the grounds that

1  it is overbroad and unduly burdensome, including in that it seeks all documents on

2  this subject without limitation as to time, and regardless of whether such documents

3  relate to products or matters at issue in this case.  Mattel further objects to the

4  Request on the grounds that it seeks documents that are not relevant to this action or

5  likely to lead to the discovery of admissible evidence.  Mattel also objects to this

6  Request on the grounds that it seeks documents and information in the possession,

7  custody or control of MGA, but that MGA has failed and refused to produce.  Mattel

8  further objects to this Request on the grounds that it seeks confidential, proprietary

9  and trade secret information, including such information that has no bearing on the

10  claims or defenses in this case.  Mattel further objects on the grounds that the

11  Request seeks documents that are evidence in or pertain to criminal proceedings,

12  disclosure of which might interfere with such proceedings.  Mattel further objects to

13  this Request on the grounds that it calls for the disclosure of information subject to

14  the attorney-client privilege, the attorney work-product doctrine and other applicable

15  privileges.

16  　　　　Subject to the foregoing objections, Mattel responds as follows:  Mattel

17  will produce such responsive, non-privileged documents, to the extent permitted by

18  law, that are in Mattel's possession, custody, or control, if any, that Mattel has been

19  able to locate after a diligent search and reasonable inquiry, to the extent not

20  previously produced.

21

22  **REQUEST FOR PRODUCTION NO. 141:**

23  　　　　All DOCUMENTS REFERRING OR RELATING TO YOUR

24  assertion in paragraphs 44, 48 and 49 of YOUR COUNTERCLAIMS that

25  MACHADO took MATTEL confidential and proprietary information, including but

26  not limited to the DOCUMENTS MACHADO allegedly copied, took, accessed or

27  modified, INVESTIGATIVE REPORTS of the incident, computer records of the

28

1 incident and the instruments used in the alleged copying, taking, accessing or

2 modification.

3

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

5       In addition to the general objections stated above which are

6 incorporated herein by reference, Mattel objects to this Request on the grounds that

7 it is overbroad, unduly burdensome and unintelligible, including in its use of the

8 terms "instruments used" and that it seeks documents without limitation as to time,

9 and regardless of whether such documents relate to matters at issue in this case.

10 Mattel also objects to this Request on the grounds that it seeks documents and

11 information in the possession, custody or control of MGA, but that MGA has failed

12 and refused to produce.  Mattel further objects to the Request on the grounds that it

13 seeks documents that are not relevant to this action or likely to lead to the discovery

14 of admissible evidence.  Mattel further objects to this Request on the grounds that it

15 seeks confidential, proprietary and trade secret information, including such

16 information that has no bearing on the claims or defenses in this case.  Mattel further

17 objects on the grounds that the Request seeks documents that are evidence in or

18 pertain to criminal proceedings, disclosure of which might interfere with such

19 proceedings.  Mattel further objects to this Request on the grounds that it calls for

20 the disclosure of information subject to the attorney-client privilege, the attorney

21 work-product doctrine and other applicable privileges.

22       Subject to the foregoing objections, Mattel responds as follows:  Mattel

23 will produce such responsive, non-privileged documents, to the extent permitted by

24 law, that are in Mattel's possession, custody, or control, if any, that Mattel has been

25 able to locate after a diligent search and reasonable inquiry, to the extent not

26 previously produced.

27

28

-27-
SUPPLEMENTAL RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

Exhibit 7
Page 56

1  **REQUEST FOR PRODUCTION NO. 142:**

2        All DOCUMENTS REFERRING OR RELATING TO YOUR

3  assertion in paragraphs 45, 48 and 49 of YOUR COUNTERCLAIMS that VARGAS

4  took MATTEL confidential and proprietary information, including but not limited to

5  the DOCUMENTS VARGAS allegedly copied, took, accessed or modified,

6  INVESTIGATIVE REPORTS of the incident, computer records of the incident and

7  the instruments used in the alleged copying, taking, accessing or modification.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

10        In addition to the general objections stated above which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds that

12  it is overbroad, unduly burdensome and unintelligible, including in its use of the

13  terms "instruments used" and that it seeks documents without limitation as to time,

14  and regardless of whether such documents relate to matters at issue in this case.

15  Mattel also objects to this Request on the grounds that it seeks documents and

16  information in the possession, custody or control of MGA, but that MGA has failed

17  and refused to produce. Mattel further objects to the Request on the grounds that it

18  seeks documents that are not relevant to this action or likely to lead to the discovery

19  of admissible evidence. Mattel further objects to this Request on the grounds that it

20  seeks confidential, proprietary and trade secret information, including such

21  information that has no bearing on the claims or defenses in this case. Mattel further

22  objects on the grounds that the Request seeks documents that are evidence in or

23  pertain to criminal proceedings, disclosure of which might interfere with such

24  proceedings. Mattel further objects to this Request on the grounds that it calls for

25  the disclosure of information subject to the attorney-client privilege, the attorney

26  work-product doctrine and other applicable privileges.

27        Subject to the foregoing objections, Mattel responds as follows: Mattel

28  will produce such responsive, non-privileged documents, to the extent permitted by

07209/2149034.1

-28-

1   law, that are in Mattel's possession, custody, or control, if any, that Mattel has been

2   able to locate after a diligent search and reasonable inquiry, to the extent not

3   previously produced.

4

5   **REQUEST FOR PRODUCTION NO. 143:**

6         All DOCUMENTS REFERRING OR RELATING TO YOUR

7   assertion in paragraphs 46, 48 and 49 of YOUR COUNTERCLAIMS that TRUEBA

8   took MATTEL confidential and proprietary information, including but not limited to

9   the DOCUMENTS TRUEBA allegedly copied, took, accessed or modified,

10  INVESTIGATIVE REPORTS of the incident, computer records of the incident and

11  the instruments used in the alleged copying, taking, accessing or modification.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

14        In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad, unduly burdensome and unintelligible, including in its use of the

17  terms "instruments used" and that it seeks documents without limitation as to time,

18  and regardless of whether such documents relate to matters at issue in this case.

19  Mattel also objects to this Request on the grounds that it seeks documents and

20  information in the possession, custody or control of MGA, but that MGA has failed

21  and refused to produce. Mattel further objects to the Request on the grounds that it

22  seeks documents that are not relevant to this action or likely to lead to the discovery

23  of admissible evidence. Mattel further objects to this Request on the grounds that it

24  seeks confidential, proprietary and trade secret information, including such

25  information that has no bearing on the claims or defenses in this case. Mattel further

26  objects on the grounds that the Request seeks documents that are evidence in or

27  pertain to criminal proceedings, disclosure of which might interfere with such

28  proceedings. Mattel further objects to this Request on the grounds that it calls for

1  the disclosure of information subject to the attorney-client privilege, the attorney

2  work-product doctrine and other applicable privileges.

3           Subject to the foregoing objections, Mattel responds as follows:  Mattel

4  will produce such responsive, non-privileged documents, to the extent permitted by

5  law, that are in Mattel's possession, custody, or control, if any, that Mattel has been

6  able to locate after a diligent search and reasonable inquiry, to the extent not

7  previously produced.

8

9  **REQUEST FOR PRODUCTION NO. 144:**

10          All DOCUMENTS REFERRING OR RELATING TO YOUR

11  assertion in paragraph 47 of YOUR COUNTERCLAIMS that TRUEBA took steps

12  to increase her access to MATTEL's confidential information, including but not

13  limited to any meeting attendance records around the time of TRUEBA's

14  resignation, any records of available meetings and the subject matter of the

15  meetings, any records of TRUEBA's alleged contact with MATTEL employees or

16  MATTEL contractors to receive confidential information, and any records of what

17  TRUEBA did with MATTEL's confidential information.

18

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

20          In addition to the general objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it is overbroad and unduly burdensome, including in that it seeks all documents on

23  this subject without limitation as to time, and regardless of whether such documents

24  relate to products or matters at issue in this case.  Mattel further objects to the

25  Request on the grounds that it seeks documents that are not relevant to this action or

26  likely to lead to the discovery of admissible evidence.  Mattel also objects to this

27  Request on the grounds that it seeks documents and information in the possession,

28  custody or control of MGA, but that MGA has failed and refused to produce.  Mattel

07209/2149034.1

-30-

1  further objects to this Request on the grounds that it seeks confidential, proprietary

2  and trade secret information, including such information that has no bearing on the

3  claims or defenses in this case. Mattel further objects on the grounds that the

4  Request seeks documents that are evidence in or pertain to criminal proceedings,

5  disclosure of which might interfere with such proceedings. Mattel further objects to

6  this Request on the grounds that it calls for the disclosure of information subject to

7  the attorney-client privilege, the attorney work-product doctrine and other applicable

8  privileges.

9       Subject to the foregoing objections, Mattel responds as follows: Mattel

10  will produce such responsive, non-privileged documents, to the extent permitted by

11  law, that are in Mattel's possession, custody, or control, if any, that Mattel has been

12  able to locate after a diligent search and reasonable inquiry, to the extent not

13  previously produced.

14

15  **REQUEST FOR PRODUCTION NO. 145:**

16       All DOCUMENTS REFERRING OR RELATING TO YOUR.

17  assertion in paragraph 51 of YOUR COUNTERCLAIMS that MACHADO,

18  VARGAS AND TRUEBA attempted to conceal their alleged theft of MATTEL's

19  proprietary information, INVESTIGATIVE REPORTS of the incidents, computer

20  records of the incidents and the instruments used in the incidents.

21

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

23       In addition to the general objections stated above which are

24  incorporated herein by reference, Mattel objects to this Request on the grounds that

25  it is overbroad, unduly burdensome and unintelligible, including in its use of the

26  terms "instruments used" and that it seeks documents without limitation as to time,

27  and regardless of whether such documents relate to matters at issue in this case.

28  Mattel also objects to this Request on the grounds that it seeks documents and

1  information in the possession, custody or control of MGA, but that MGA has failed

2  and refused to produce. Mattel further objects to the Request on the grounds that it

3  seeks documents that are not relevant to this action or likely to lead to the discovery

4  of admissible evidence. Mattel further objects to this Request on the grounds that it

5  seeks confidential, proprietary and trade secret information, including such

6  information that has no bearing on the claims or defenses in this case. Mattel further

7  objects on the grounds that the Request seeks documents that are evidence in or

8  pertain to criminal proceedings, disclosure of which might interfere with such

9  proceedings. Mattel further objects to this Request on the grounds that it calls for

10  the disclosure of information subject to the attorney-client privilege, the attorney

11  work-product doctrine and other applicable privileges.

12          Subject to the foregoing objections, Mattel responds as follows: Mattel

13  will produce such responsive, non-privileged documents, to the extent permitted by

14  law, that are in Mattel's possession, custody, or control, if any, that Mattel has been

15  able to locate after a diligent search and reasonable inquiry, to the extent not

16  previously produced.

17

18  **REQUEST FOR PRODUCTION NO. 146:**

19          All DOCUMENTS REFERRING OR RELATING TO the events

20  described in paragraph 53 of YOUR COUNTERCLAIMS regarding MATTEL's

21  notification of Mexican authorities about the alleged theft of MATTEL's trade secret

22  and confidential information, including but not limited to affidavits, declarations,

23  complaints, and evidence filed with the Mexican authorities.

24

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

26          In addition to the general objections stated above which are

27  incorporated herein by reference, Mattel objects to this Request on the grounds that

28  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

1 documents on this subject without limitation as to time, and regardless of whether

2 such documents relate to products or matters at issue in this case.  Mattel further

3 objects to the Request on the grounds that it seeks documents that are not relevant to

4 this action or likely to lead to the discovery of admissible evidence.  Mattel further

5 objects to this Request on the grounds that it seeks confidential, proprietary and

6 trade secret information, including such information that has no bearing on the

7 claims or defenses in this case.  Mattel further objects on the grounds that the

8 Request seeks documents that are evidence in or pertain to criminal proceedings,

9 disclosure of which might interfere with such proceedings.  Mattel further objects to

10 this Request on the grounds that it calls for the disclosure of information subject to

11 the attorney-client privilege, the attorney work-product doctrine and other applicable

12 privileges.

13

14 **REQUEST FOR PRODUCTION NO. 147:**

15         All DOCUMENTS REFERRING OR RELATING TO the events

16 described in paragraph 53 of YOUR COUNTERCLAIMS regarding the seizure at

17 the facilities of MGAE de Mexico, S.R.L. de C.V. in Mexico City by Mexican

18 authorities, including but not limited to the search warrant, any report of the seizure,

19 any report regarding the materials seized, any determination by the Mexican

20 authorities regarding the materials seized, and any DOCUMENTS from the facilities

21 of MGAE de Mexico, S.R.L. de C.V., which were taken during the seizure.

22

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

24         In addition to the general objections stated above which are

25 incorporated herein by reference, Mattel objects to this Request on the grounds that

26 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

27 documents on this subject without limitation as to time, and regardless of whether

28 such documents relate to products or matters at issue in this case.  Mattel further

07209/2149034.1

-33-

1   objects to the Request on the grounds that it seeks documents that are not relevant to

2   this action or likely to lead to the discovery of admissible evidence. Mattel also

3   objects to this Request on the grounds that it seeks documents and information in the

4   possession, custody or control of MGA, but that MGA has failed and refused to

5   produce. Mattel further objects to this Request on the grounds that it seeks

6   confidential, proprietary and trade secret information, including such information

7   that has no bearing on the claims or defenses in this case. Mattel further objects on

8   the grounds that the Request seeks documents that are evidence in or pertain to

9   criminal proceedings, disclosure of which might interfere with such proceedings.

10  Mattel further objects to this Request on the grounds that it calls for the disclosure

11  of information subject to the attorney-client privilege, the attorney work-product

12  doctrine and other applicable privileges.

13          Subject to the foregoing objections, Mattel responds as follows: Mattel

14  will produce such responsive, non-privileged documents, to the extent permitted by

15  law, that are in Mattel's possession, custody, or control, if any, that Mattel has been

16  able to locate after a diligent search and reasonable inquiry, to the extent not

17  previously produced.

18

19  **REQUEST FOR PRODUCTION NO. 148:**

20          All DOCUMENTS REFERRING OR RELATING TO MATTEL's

21  involvement in the seizure of materials at the facilities of MGAE de Mexico, S.R.L.

22  de C.V. in Mexico City by Mexican authorities.

23

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

25          In addition to the general objections stated above which are

26  incorporated herein by reference, Mattel objects to this Request on the grounds that

27  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

28  documents on this subject without limitation as to time, and regardless of whether

07209/2149034.1

-34-

1   such documents relate to products or matters at issue in this case.  Mattel further

2   objects to the Request on the grounds that it seeks documents that are not relevant to

3   this action or likely to lead to the discovery of admissible evidence.  Mattel further

4   objects to this Request on the grounds that it seeks confidential, proprietary and

5   trade secret information, including such information that has no bearing on the

6   claims or defenses in this case.  Mattel further objects on the grounds that the

7   Request seeks documents that are evidence in or pertain to criminal proceedings,

8   disclosure of which might interfere with such proceedings.  Mattel further objects to

9   this Request on the grounds that it calls for the disclosure of information subject to

10   the attorney-client privilege, the attorney work-product doctrine and other applicable

11   privileges.

12

13   **REQUEST FOR PRODUCTION NO. 149:**

14   All DOCUMENTS REFERRING OR RELATING TO whether the

15   items seized by Mexican authorities from the facilities of MGAE de Mexico, S.R.L.

16   de C.V. in Mexico City belonged to MATTEL.

17

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

19   In addition to the general objections stated above which are

20   incorporated herein by reference, Mattel objects to this Request on the grounds that

21   it is overbroad and unduly burdensome, including in that it seeks all documents on

22   this subject without limitation as to time, and regardless of whether such documents

23   relate to products or matters at issue in this case.  Mattel further objects to the

24   Request on the grounds that it seeks documents that are not relevant to this action or

25   likely to lead to the discovery of admissible evidence.  Mattel also objects to this

26   Request on the grounds that it seeks documents and information in the possession,

27   custody or control of MGA, but that MGA has failed and refused to produce.  Mattel

28   further objects to this Request on the grounds that it seeks confidential, proprietary

1  and trade secret information, including such information that has no bearing on the

2  claims or defenses in this case.  Mattel further objects on the grounds that the

3  Request seeks documents that are evidence in or pertain to criminal proceedings,

4  disclosure of which might interfere with such proceedings.  Mattel further objects to

5  this Request on the grounds that it calls for the disclosure of information subject to

6  the attorney-client privilege, the attorney work-product doctrine and other applicable

7  privileges.

8       Subject to the foregoing objections, Mattel responds as follows:  Mattel

9  will produce such responsive, non-privileged documents, to the extent permitted by

10  law, that are in Mattel's possession, custody, or control, if any, that Mattel has been

11  able to locate after a diligent search and reasonable inquiry, to the extent not

12  previously produced.

13

14  **REQUEST FOR PRODUCTION NO. 150:**

15       All DOCUMENTS REFERRING OR RELATING TO YOUR

16  assertion in paragraph 59 of YOUR COUNTERCLAIMS regarding BRAWER's

17  response to a survey from President of MATTEL Brands, Matt Bousquette,

18  including but not limited to the DOCUMENT containing the survey that was sent to

19  BRAWER, the DOCUMENT containing BRAWER's alleged response, and any

20  compilation of survey responses.

21

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

23       In addition to the general objections stated above which are

24  incorporated herein by reference, Mattel objects to this Request on the grounds that

25  it is overbroad, unduly burdensome and unintelligible, including in its use of the

26  terms "compilation of survey responses" and in that it seeks all documents on this

27  subject without limitation as to time, and regardless of whether such documents

28  relate to products or matters at issue in this case.  Mattel further objects to the

1  Request on the grounds that it seeks documents that are not relevant to this action or

2  likely to lead to the discovery of admissible evidence. Mattel further objects to this

3  Request on the grounds that it seeks confidential, proprietary and trade secret

4  information, including such information that has no bearing on the claims or

5  defenses in this case. Mattel further objects to this Request on the grounds that it

6  calls for the disclosure of information subject to the attorney-client privilege, the

7  attorney work-product doctrine and other applicable privileges.

8          Subject to the foregoing objections, Mattel responds as follows: Mattel

9  will produce such responsive, non-privileged documents relating to Brawer that are

10 in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

11 after a diligent search and reasonable inquiry, to the extent not previously produced.

12

13 **REQUEST FOR PRODUCTION NO. 151:**

14          All DOCUMENTS REFERRING OR RELATING TO YOUR

15 assertion in paragraph 62 of YOUR COUNTERCLAIMS regarding BRAWER's

16 alleged instruction to his assistant to print MATTEL's 2004 Sales Plan for one of

17 MATTEL'S significant customers, including but not limited to the DOCUMENT the

18 assistant was instructed to print, any DOCUMENT containing BRAWER's

19 instruction, and any calendar of meetings that BRAWER was scheduled to attend or

20 was allowed to attend regarding the customer connected to the sales plan referenced

21 in paragraph 62 of YOUR COUNTERCLAIMS.

22

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

24          In addition to the general objections stated above which are

25 incorporated herein by reference, Mattel objects to this Request on the grounds that

26 it is overbroad, unduly burdensome and unintelligible, including in its use of the

27 terms "allowed to attend" and in that it seeks all documents on this subject without

28 limitation as to time, and regardless of whether such documents relate to products or

07209/2149034.1

-37-

1  matters at issue in this case. Mattel further objects to the Request on the grounds

2  that it seeks documents that are not relevant to this action or likely to lead to the

3  discovery of admissible evidence. Mattel further objects to this Request on the

4  grounds that it seeks confidential, proprietary and trade secret information, including

5  such information that has no bearing on the claims or defenses in this case. Mattel

6  further objects to this Request on the grounds that it calls for the disclosure of

7  information subject to the attorney-client privilege, the attorney work-product

8  doctrine and other applicable privileges.

9          Subject to the foregoing objections, Mattel responds as follows: Mattel

10  will produce such responsive, non-privileged documents that are in Mattel's

11  possession, custody, or control, if any, that Mattel has been able to locate after a

12  diligent search and reasonable inquiry, to the extent not previously produced.

13

14  **REQUEST FOR PRODUCTION NO. 152:**

15          DOCUMENTS sufficient to identify the significant customer connected

16  to the 2004 Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

19          In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad, unduly burdensome and unintelligible, including in its use of the

22  terms "connected to" and in that it seeks all documents on this subject without

23  limitation as to time, and regardless of whether such documents relate to products or

24  matters at issue in this case. Mattel further objects to the Request on the grounds

25  that it seeks documents that are not relevant to this action or likely to lead to the

26  discovery of admissible evidence. Mattel further objects to this Request on the

27  grounds that it seeks confidential, proprietary and trade secret information, including

28  such information that has no bearing on the claims or defenses in this case. Mattel

07209/2149034.1

-38-
SUPPLEMENTAL RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

Exhibit 7
Page 67

1   further objects to this Request on the grounds that it calls for the disclosure of

2   information subject to the attorney-client privilege, the attorney work-product

3   doctrine and other applicable privileges.

4          Subject to the foregoing objections, Mattel responds as follows:. Mattel

5   will produce such responsive, non-privileged documents that are in Mattel's

6   possession, custody, or control, if any, that Mattel has been able to locate after a

7   diligent search and reasonable inquiry, to the extent not previously produced.

8

9   **REQUEST FOR PRODUCTION NO. 153:**

10          All DOCUMENTS REFERRING OR RELATING TO whether the

11   2004 Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS was

12   public information or contained public information.

13

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

15          In addition to the general objections stated above which are

16   incorporated herein by reference, Mattel objects to this Request on the grounds that

17   it is overbroad, unduly burdensome and unintelligible, including in its use of

18   "contained public information" and in that it seeks all documents on this subject

19   without limitation as to time, and regardless of whether such documents relate to

20   matters at issue in this case. Mattel further objects to the Request on the grounds

21   that it seeks documents that are not relevant to this action or likely to lead to the

22   discovery of admissible evidence. Mattel further objects to this Request on the

23   grounds that it seeks confidential, proprietary and trade secret information, including

24   such information that has no bearing on the claims or defenses in this case. Mattel

25   further objects to this Request on the grounds that it calls for the disclosure of

26   information subject to the attorney-client privilege, the attorney work-product

27   doctrine and other applicable privileges.

28

1    **REQUEST FOR PRODUCTION NO. 154:**

2           All DOCUMENTS REFERRING OR RELATING TO PERSONS who

3    had access to the 2004 Sales Plan referred to in paragraph 62 of YOUR

4    COUNTERCLAIMS.

5

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

7           In addition to the general objections stated above which are

8    incorporated herein by reference, Mattel objects to this Request on the grounds that

9    it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

10   documents on this subject without limitation as to time, and regardless of whether

11   such documents relate to matters at issue in this case.  Mattel further objects to the

12   Request on the grounds that it seeks documents that are not relevant to this action or

13   likely to lead to the discovery of admissible evidence.  Mattel further objects to this

14   Request on the grounds that it seeks confidential, proprietary and trade secret

15   information, including such information that has no bearing on the claims or

16   defenses in this case.  Mattel further objects to this Request on the grounds that it

17   calls for the disclosure of information subject to the attorney-client privilege, the

18   attorney work-product doctrine and other applicable privileges.

19

20   **REQUEST FOR PRODUCTION NO. 155:**

21          All DOCUMENTS REFERRING OR RELATING TO BRAWER's

22   MATTEL exit interview, including but not limited to reports, memoranda, notes,

23   and recordings from or RELATING TO the exit interview.

24

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

26          In addition to the general objections stated above which are

27   incorporated herein by reference, Mattel objects to this Request on the grounds that

28   it is overbroad and unduly burdensome, including in that it seeks all documents on

                                    -40-

1  this subject without limitation as to time, and regardless of whether such documents
2  relate to products or matters at issue in this case. Mattel further objects to the
3  Request on the grounds that it seeks documents that are not relevant to this action or
4  likely to lead to the discovery of admissible evidence. Mattel further objects to this
5  Request on the grounds that it seeks confidential, proprietary and trade secret
6  information, including such information that has no bearing on the claims or
7  defenses in this case. Mattel further objects to this Request on the grounds that it
8  calls for the disclosure of information subject to the attorney-client privilege, the
9  attorney work-product doctrine and other applicable privileges.
10         Subject to the foregoing objections, Mattel responds as follows: Mattel
11  will produce such responsive, non-privileged documents that are in Mattel's
12  possession, custody, or control, if any, that Mattel has been able to locate after a
13  diligent search and reasonable inquiry, to the extent not previously produced.
14
15  **REQUEST FOR PRODUCTION NO. 156:**
16         All DOCUMENTS REFERRING OR RELATING TO YOUR
17  assertion in paragraph 69 of YOUR COUNTERCLAIMS regarding BRAWER's
18  alleged contact with MATTEL employees after his resignation from MATTEL,
19  including but not limited to reports, memoranda, notes, and recordings of or by
20  MATTEL employees regarding the alleged contact with BRAWER.
21
22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**
23         In addition to the general objections stated above which are
24  incorporated herein by reference, Mattel objects to this Request on the grounds that
25  it is overbroad and unduly burdensome, including in that it seeks all documents on
26  this subject without limitation as to time, and regardless of whether such documents
27  relate to matters at issue in this case. Mattel further objects to the Request on the
28  grounds that it seeks documents that are not relevant to this action or likely to lead

-41-

SUPPLEMENTAL RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

Exhibit 7
Page 70

1    to the discovery of admissible evidence.  Mattel further objects to this Request on

2    the grounds that it seeks confidential, proprietary and trade secret information,

3    including such information that has no bearing on the claims or defenses in this

4    case.  Mattel further objects to this Request on the grounds that it calls for the

5    disclosure of information subject to the attorney-client privilege, the attorney work-

6    product doctrine and other applicable privileges.

7          Subject to the foregoing objections, Mattel responds as follows:  Mattel

8    will produce such responsive, non-privileged documents that are in Mattel's

9    possession, custody, or control, if any, that Mattel has been able to locate after a

10    diligent search and reasonable inquiry, to the extent not previously produced.

11

12    **REQUEST FOR PRODUCTION NO. 157:**

13          DOCUMENTS sufficient to identify by name, title and telephone

14    number MATTEL employees whom BRAWER allegedly contacted after his

15    resignation from MATTEL, as alleged in paragraph 69 of YOUR

16    COUNTERCLAIMS.

17

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

19          In addition to the general objections stated above which are

20    incorporated herein by reference, Mattel objects to this Request on the grounds that

21    it is overbroad, unduly burdensome and unintelligible, including in that it seeks

22    documents on this subject without limitation as to time, and regardless of whether

23    such documents relate to matters at issue in this case.  Mattel further objects to the

24    Request on the grounds that it seeks documents that are not relevant to this action or

25    likely to lead to the discovery of admissible evidence.  Mattel further objects to this

26    Request on the grounds that it calls for the disclosure of information subject to the

27    attorney-client privilege, the attorney work-product doctrine and other applicable

28    privileges.

-42-

**Exhibit** 7
**Page** 71

1 **REQUEST FOR PRODUCTION NO. 158:**

2         All DOCUMENTS REFERRING OR RELATING TO BRISBOIS'

3 MATTEL exit interview, including but not limited to reports, memoranda, notes,

4 and recordings from or RELATING TO the exit interview.

5

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

7         In addition to the general objections stated above which are

8 incorporated herein by reference, Mattel objects to this Request on the grounds that

9 it is overbroad and unduly burdensome, including in that it seeks all documents on

10 this subject without limitation as to time, and regardless of whether such documents

11 relate to matters at issue in this case. Mattel further objects to the Request on the

12 grounds that it seeks documents that are not relevant to this action or likely to lead

13 to the discovery of admissible evidence. Mattel further objects to this Request on

14 the grounds that it seeks confidential, proprietary and trade secret information,

15 including such information that has no bearing on the claims or defenses in this

16 case. Mattel further objects on the grounds that the Request seeks documents that

17 are evidence in or pertain to criminal proceedings, disclosure of which might

18 interfere with such proceedings. Mattel further objects to this Request on the

19 grounds that it calls for the disclosure of information subject to the attorney-client

20 privilege, the attorney work-product doctrine and other applicable privileges.

21         Subject to the foregoing objections, Mattel responds as follows: Mattel

22 will produce such responsive, non-privileged documents, to the extent permitted by

23 law, that are in Mattel's possession, custody, or control, if any, that Mattel has been

24 able to locate after a diligent search and reasonable inquiry, to the extent not

25 previously produced.

26

27

28

1    **REQUEST FOR PRODUCTION NO. 159:**

2          All DOCUMENTS REFERRING OR RELATING TO YOUR

3 assertion in paragraph 74 of YOUR COUNTERCLAIMS regarding BRISBOIS'

4 alleged copying, taking, accessing or modification of MATTEL confidential and

5 proprietary information, including but not limited to the DOCUMENTS BRISBOIS

6 allegedly copied, took, accessed or modified, INVESTIGATIVE REPORTS of the

7 incident, computer records of the incident and the instruments used in the alleged

8 copying, taking, accessing or modification.

9

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

11          In addition to the general objections stated above which are

12 incorporated herein by reference, Mattel objects to this Request on the grounds that

13 it is overbroad, unduly burdensome and unintelligible, including in its use of the

14 terms "instruments used" and that it seeks documents without limitation as to time,

15 and regardless of whether such documents relate to matters at issue in this case.

16 Mattel also objects to this Request on the grounds that it seeks documents and

17 information in the possession, custody or control of MGA, but that MGA has failed

18 and refused to produce. Mattel further objects to the Request on the grounds that it

19 seeks documents that are not relevant to this action or likely to lead to the discovery

20 of admissible evidence. Mattel further objects to this Request on the grounds that it

21 seeks confidential, proprietary and trade secret information, including such

22 information that has no bearing on the claims or defenses in this case. Mattel further

23 objects on the grounds that the Request seeks documents that are evidence in or

24 pertain to criminal proceedings, disclosure of which might interfere with such

25 proceedings. Mattel further objects to this Request on the grounds that it calls for

26 the disclosure of information subject to the attorney-client privilege, the attorney

27 work-product doctrine and other applicable privileges.

28

-44-

SUPPLEMENTAL RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

**Exhibit** 7
**Page** 73

1      Subject to the foregoing objections, Mattel responds as follows: Mattel

2  will produce such responsive, non-privileged documents that are in Mattel's

3  possession, custody, or control, if any, that Mattel has been able to locate after a

4  diligent search and reasonable inquiry, to the extent not previously produced.

5

6  **REQUEST FOR PRODUCTION NO. 160:**

7      All DOCUMENTS REFERRING OR RELATING TO the events

8  alleged in paragraph 75 of YOUR COUNTERCLAIMS regarding MATTEL's

9  notification of Canadian law enforcement authorities about BRISBOIS' alleged theft

10  of MATTEL's trade secret and confidential information, including but not limited to

11  affidavits, declarations, complaints, and evidence filed with the Canadian law

12  enforcement authorities.

13

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

15      In addition to the general objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case. Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant to

21  this action or likely to lead to the discovery of admissible evidence. Mattel further

22  objects to this Request on the grounds that it seeks confidential, proprietary and

23  trade secret information, including such information that has no bearing on the

24  claims or defenses in this case. Mattel further objects on the grounds that the

25  Request seeks documents that are evidence in or pertain to criminal proceedings,

26  disclosure of which might interfere with such proceedings. Mattel further objects to

27  this Request on the grounds that it calls for the disclosure of information subject to

28

-45-

SUPPLEMENTAL RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

**Exhibit 7**
**Page 74**

1 the attorney-client privilege, the attorney work-product doctrine and other applicable
2 privileges.

3

4 **REQUEST FOR PRODUCTION NO. 161:**

5       All DOCUMENTS REFERRING OR RELATING TO the events
6 alleged in paragraph 75 of YOUR COUNTERCLAIMS regarding the seizure by
7 Canadian law enforcement authorities of a thumb drive from BRISBOIS, including
8 but not limited to the search warrant, any report of the seizure, any report regarding
9 the materials seized, any determination by the Canadian law enforcement authorities
10 regarding the materials seized, and any DOCUMENTS taken during the seizure.

11

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

13       In addition to the general objections stated above which are
14 incorporated herein by reference, Mattel objects to this Request on the grounds that
15 it is overbroad and unduly burdensome, including in that it seeks all documents on
16 this subject without limitation as to time, and regardless of whether such documents
17 relate to products or matters at issue in this case. Mattel further objects to the
18 Request on the grounds that it seeks documents that are not relevant to this action or
19 likely to lead to the discovery of admissible evidence. Mattel also objects to this
20 Request on the grounds that it seeks documents and information in the possession,
21 custody or control of MGA, but that MGA has failed and refused to produce. Mattel
22 further objects to this Request on the grounds that it seeks confidential, proprietary
23 and trade secret information, including such information that has no bearing on the
24 claims or defenses in this case. Mattel further objects on the grounds that the
25 Request seeks documents that are evidence in or pertain to criminal proceedings,
26 disclosure of which might interfere with such proceedings. Mattel further objects to
27 this Request on the grounds that it calls for the disclosure of information subject to

28

1  the attorney-client privilege, the attorney work-product doctrine and other applicable

2  privileges.

3          Subject to the foregoing objections, Mattel responds as follows:  Mattel

4  will produce such responsive, non-privileged documents, to the extent permitted by

5  law, that are in Mattel's possession, custody, or control, if any, that Mattel has been

6  able to locate after a diligent search and reasonable inquiry, to the extent not

7  previously produced.

8

9  **REQUEST FOR PRODUCTION NO. 162:**

10          All DOCUMENTS REFERRING OR RELATING TO MATTEL's

11  involvement in the seizure by Canadian law enforcement authorities of a thumb

12  drive from BRISBOIS referenced in paragraph 75 of YOUR COUNTERCLAIMS.

13

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

15          In addition to the general objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case.  Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant to

21  this action or likely to lead to the discovery of admissible evidence.  Mattel further

22  objects to this Request on the grounds that it seeks confidential, proprietary and

23  trade secret information, including such information that has no bearing on the

24  claims or defenses in this case.  Mattel further objects on the grounds that the

25  Request seeks documents that are evidence in or pertain to criminal proceedings,

26  disclosure of which might interfere with such proceedings.  Mattel further objects to

27  this Request on the grounds that it calls for the disclosure of information subject to

28

07209/2149034.1

-47-

Exhibit 7
Page 70

1 | the attorney-client privilege, the attorney work-product doctrine and other applicable

2 | privileges.

3

4 | **REQUEST FOR PRODUCTION NO. 163:**

5 | All DOCUMENTS REFERRING OR RELATING TO what was

6 | contained on the thumb drive that the Canadian law enforcement authorities seized

7 | from BRISBOIS referenced in paragraph 75 of YOUR COUNTERCLAIMS.

8

9 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

10 | In addition to the general objections stated above which are

11 | incorporated herein by reference, Mattel objects to this Request on the grounds that

12 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

13 | documents on this subject without limitation as to time, and regardless of whether

14 | such documents relate to products or matters at issue in this case. Mattel further

15 | objects to the Request on the grounds that it seeks documents that are not relevant to

16 | this action or likely to lead to the discovery of admissible evidence. Mattel further

17 | objects to this Request on the grounds that it seeks confidential, proprietary and

18 | trade secret information, including such information that has no bearing on the

19 | claims or defenses in this case. Mattel further objects on the grounds that the

20 | Request seeks documents that are evidence in or pertain to criminal proceedings,

21 | disclosure of which might interfere with such proceedings. Mattel further objects to

22 | this Request on the grounds that it calls for the disclosure of information subject to

23 | the attorney-client privilege, the attorney work-product doctrine and other applicable

24 | privileges.

25 | Subject to the foregoing objections, Mattel responds as follows: Mattel

26 | will produce such responsive, non-privileged documents, to the extent permitted by

27 | law, that are in Mattel's possession, custody, or control, if any, that Mattel has been

28

07209/2149034.1

1 | able to locate after a diligent search and reasonable inquiry, to the extent not

2 | previously produced.

3 |

4 | **REQUEST FOR PRODUCTION NO. 164:**

5 | All DOCUMENTS REFERRING OR RELATING TO whether the

6 | DOCUMENTS contained on the thumb drive that the Canadian law enforcement

7 | authorities seized from BRISBOIS, mentioned in paragraph 75 of YOUR

8 | COUNTERCLAIMS, belong or belonged to MATTEL.

9 |

10 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

11 | In addition to the general objections stated above which are

12 | incorporated herein by reference, Mattel objects to this Request on the grounds that

13 | it is overbroad and unduly burdensome, including in that it seeks all documents on

14 | this subject without limitation as to time, and regardless of whether such documents

15 | relate to products or matters at issue in this case.  Mattel further objects to the

16 | Request on the grounds that it seeks documents that are not relevant to this action or

17 | likely to lead to the discovery of admissible evidence.  Mattel further objects to this

18 | Request on the grounds that it seeks confidential, proprietary and trade secret

19 | information, including such information that has no bearing on the claims or

20 | defenses in this case.  Mattel further objects on the grounds that the Request seeks

21 | documents that are evidence in or pertain to criminal proceedings, disclosure of

22 | which might interfere with such proceedings.  Mattel further objects to this Request

23 | on the grounds that it calls for the disclosure of information subject to the attorney-

24 | client privilege, the attorney work-product doctrine and other applicable privileges.

25 | Subject to the foregoing objections, Mattel responds as follows:  Mattel

26 | will produce such responsive, non-privileged documents, to the extent permitted by

27 | law, that are in Mattel's possession, custody, or control, if any, that Mattel has been

28 |

07209/2149034.1

-49-

SUPPLEMENTAL RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

Exhibit 7
Page 78

1  able to locate after a diligent search and reasonable inquiry, to the extent not

2  previously produced.

3

4  **REQUEST FOR PRODUCTION NO. 165:**

5  All DOCUMENTS REFERRING OR RELATING TO YOUR

6  assertion in paragraph 75 of YOUR COUNTERCLAIMS regarding BRISBOIS'

7  access or modification of DOCUMENTS on the thumb drive seized by Canadian

8  law enforcement authorities, including but not limited to the DOCUMENTS

9  BRISBOIS allegedly access and modified, INVESTIGATIVE REPORTS of the

10  BRISBOIS' access and modification of the DOCUMENTS, computer records of the

11  alleged access and modification and the instruments used in the alleged access and

12  modification.

13

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

15  In addition to the general objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case.  Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant to

21  this action or likely to lead to the discovery of admissible evidence.  Mattel further

22  objects to this Request on the grounds that it seeks confidential, proprietary and

23  trade secret information, including such information that has no bearing on the

24  claims or defenses in this case.  Mattel further objects on the grounds that the

25  Request seeks documents that are evidence in or pertain to criminal proceedings,

26  disclosure of which might interfere with such proceedings.  Mattel further objects to

27  this Request on the grounds that it calls for the disclosure of information subject to

28

1 | the attorney-client privilege, the attorney work-product doctrine and other applicable

2 | privileges.

3 |       Subject to the foregoing objections, Mattel responds as follows:  Mattel

4 | will produce such responsive, non-privileged documents, to the extent permitted by

5 | law, that are in Mattel's possession, custody, or control, if any, that Mattel has been

6 | able to locate after a diligent search and reasonable inquiry, to the extent not

7 | previously produced.

8 |

9 | **REQUEST FOR PRODUCTION NO. 166:**

10 |       All DOCUMENTS REFERRING OR RELATING TO or contained in

11 | the personnel files of the 25 former MATTEL employees from MATTEL's United

12 | States operations referenced in paragraph 77 of YOUR COUNTERCLAIMS,

13 | including but not limited to performance reviews, contracts, job descriptions, and

14 | interviews.

15 |

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

17 |       In addition to the general objections stated above which are

18 | incorporated herein by reference, Mattel objects to this Request on the grounds that

19 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

20 | documents on this subject without limitation as to time, and regardless of whether

21 | such documents relate to products or matters at issue in this case.  Mattel further

22 | objects to the Request on the grounds that it seeks documents that are not relevant to

23 | this action or likely to lead to the discovery of admissible evidence.  Mattel further

24 | objects to this Request on the grounds that it seeks confidential, private, proprietary

25 | and trade secret information, including such information that has no bearing on the

26 | claims or defenses in this case.  Mattel further objects to this Request on the grounds

27 | that it calls for the disclosure of information subject to the attorney-client privilege,

28 | the attorney work-product doctrine and other applicable privileges.

-51-
SUPPLEMENTAL RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

**Exhibit 7**
**Page 40**

1    Subject to the foregoing objections, Mattel responds as follows, Mattel

2    will produce responsive, non-privileged portions of personnel files that bear on

3    matters placed at issue in the case, to the extent not previously produced.

4

5    **REQUEST FOR PRODUCTION NO. 167:**

6    All DOCUMENTS REFERRING OR RELATING TO YOUR

7    assertion in paragraph 77 of YOUR COUNTERCLAIMS regarding the alleged

8    copying, taking, accessing or modification of MATTEL confidential and proprietary

9    information by former MATTEL employees that subsequently became MGA

10   employees, including but not limited to the DOCUMENTS allegedly copied, taken,

11   accessed or modified by former MATTEL employees that subsequently became

12   MGA employees, INVESTIGATIVE REPORTS of these incidents, computer

13   records of these incidents and the instruments used in the alleged copying, taking,

14   accessing or modification.

15

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

17   In addition to the general objections stated above which are

18   incorporated herein by reference, Mattel objects to this Request on the grounds that

19   it is overbroad, unduly burdensome and unintelligible, including in its use of the

20   terms "instruments used" and in that it seeks all documents on this subject without

21   limitation as to time, and regardless of whether such documents relate to matters at

22   issue in this case.  Mattel further objects to the Request on the grounds that it seeks

23   documents that are not relevant to this actioMattel also objects to this Request on the

24   grounds that it seeks documents and information in the possession, custody or

25   control of MGA, but that MGA has failed and refused to produce.  n or likely to lead

26   to the discovery of admissible evidence.  Mattel further objects to this Request on

27   the grounds that it seeks confidential, proprietary and trade secret information,

28   including such information that has no bearing on the claims or defenses in this

1   case.  Mattel further objects on the grounds that the Request seeks documents that

2   are evidence in or pertain to criminal proceedings, disclosure of which might

3   interfere with such proceedings.  Mattel further objects to this Request on the

4   grounds that it calls for the disclosure of information subject to the attorney-client

5   privilege, the attorney work-product doctrine and other applicable privileges.

6          Subject to the foregoing objections, Mattel responds as follows:  Mattel

7   will produce such responsive, non-privileged documents, to the extent permitted by

8   law, that are in Mattel's possession, custody, or control, if any, that Mattel has been

9   able to locate after a diligent search and reasonable inquiry, to the extent not

10  previously produced.

11

12  **REQUEST FOR PRODUCTION NO. 168:**

13         All DOCUMENTS REFERRING OR RELATING TO YOUR

14  COMMUNICATIONS with any third party regarding MY SCENE MY BLING

15  BLING product with real gems, including but not limited to advertisements,

16  announcements, memoranda, conversations, offers for sale, and purchase orders,

17  including but not limited to any such COMMUNICATIONS made before May 12,

18  2006.

19

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

21         In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

24  documents on this subject without limitation as to time, and regardless of whether

25  such documents relate to products or matters at issue in this case.  Mattel further

26  objects to the Request on the grounds that it seeks documents that are not relevant to

27  this action or likely to lead to the discovery of admissible evidence.  Mattel further

28  objects to this Request on the grounds that it seeks confidential, proprietary and

07209/2149034.1

-53-

1   trade secret information, including such information that has no bearing on the

2   claims or defenses in this case.  Mattel further objects to this Request on the grounds

3   that it calls for the disclosure of information subject to the attorney-client privilege,

4   the attorney work-product doctrine and other applicable privileges.

5            Subject to the foregoing objections, Mattel responds as follows:  Mattel

6   will produce such responsive, non-privileged documents relating to those matters

7   placed at issue in this litigation that are in Mattel's possession, custody, or control, if

8   any, that Mattel has been able to locate after a diligent search and reasonable

9   inquiry, to the extent not previously produced.

10

11  **REQUEST FOR PRODUCTION NO. 169:**

12           All DOCUMENTS REFERRING OR RELATING TO YOUR

13  assertion in paragraph 80 of YOUR COUNTERCLAIMS regarding

14  misrepresentations that LARIAN made to retailers concerning MY SCENE MY

15  BLING BLING.

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

18           In addition to the general objections stated above which are

19  incorporated herein by reference, Mattel objects to this Request on the grounds that

20  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

21  documents on this subject without limitation as to time, and regardless of whether

22  such documents relate to products or matters at issue in this case.  Mattel further

23  objects to this Request on the grounds that it seeks confidential, proprietary and

24  trade secret information, including such information that has no bearing on the

25  claims or defenses in this case.  Mattel further objects to this Request on the grounds

26  that it calls for the disclosure of information subject to the attorney-client privilege,

27  the attorney work-product doctrine and other applicable privileges.

28

1    Subject to the foregoing objections, Mattel responds as follows:  Mattel

2  will produce such responsive, non-privileged documents that are in Mattel's

3  possession, custody, or control, if any, that Mattel has been able to locate after a

4  diligent search and reasonable inquiry, to the extent not previously produced.

5

6  **REQUEST FOR PRODUCTION NO. 170:**

7    All DOCUMENT REFERRING OR RELATING TO

8  COMMUNICATIONS LARIAN had with third parties concerning any and all

9  products made, sold or offered for sale by MATTEL.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

12    In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case.  Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant to

18  this action or likely to lead to the discovery of admissible evidence.  Mattel further

19  objects to this Request on the grounds that it seeks confidential, proprietary and

20  trade secret information, including such information that has no bearing on the

21  claims or defenses in this case.  Mattel further objects to this Request on the grounds

22  that it calls for the disclosure of information subject to the attorney-client privilege,

23  the attorney work-product doctrine and other applicable privileges.

24

25  **REQUEST FOR PRODUCTION NO. 171:**

26    All DOCUMENTS, including but not limited to

27  COMMUNICATIONS, REFERRING OR RELATING TO any third party's

28  decision not to buy, license, manufacture, promote, distribute or sell MY SCENE

07209/2149034.1

-55-

SUPPLEMENTAL RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

**Exhibit** 7
**Page** 84

1  MY BLING BLING, including but not limited to MY SCENE MY BLING BLING

2  with real gems.

3

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

5          In addition to the general objections stated above which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

8  documents on this subject without limitation as to time, and regardless of whether

9  such documents relate to products or matters at issue in this case.  Mattel further

10  objects to the Request on the grounds that it seeks documents that are not relevant to

11  this action or likely to lead to the discovery of admissible evidence.  Mattel further

12  objects to this Request on the grounds that it seeks confidential, proprietary and

13  trade secret information, including such information that has no bearing on the

14  claims or defenses in this case.  Mattel further objects to this Request on the grounds

15  that it calls for the disclosure of information subject to the attorney-client privilege,

16  the attorney work-product doctrine and other applicable privileges.

17          Subject to the foregoing objections, Mattel responds as follows:  Mattel

18  will produce such responsive, non-privileged documents relating to those matters

19  placed at issue in this litigation that are in Mattel's possession, custody, or control, if

20  any, that Mattel has been able to locate after a diligent search and reasonable

21  inquiry, to the extent not previously produced.

22

23  **REQUEST FOR PRODUCTION NO. 172:**

24          All DOCUMENTS REFERRING OR RELATING TO harm to

25  MATTEL caused by MGA's alleged use of MATTEL's property and trade secrets,

26  including but not limited to MARKET RESEARCH, INVESTIGATIVE REPORTS,

27  and memoranda.

28

07209/2149034.1

Exhibit 7
Page 85

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

2            In addition to the general objections stated above which are

3 incorporated herein by reference, Mattel objects to this Request on the grounds that

4 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 documents on this subject without limitation as to time, and regardless of whether

6 such documents relate to products or matters at issue in this case. Mattel further

7 objects to the Request on the grounds that it seeks documents that are not relevant to

8 this action or likely to lead to the discovery of admissible evidence. Mattel further

9 objects to this Request on the grounds that it seeks confidential, proprietary and

10 trade secret information, including such information that has no bearing on the

11 claims or defenses in this case. Mattel further objects on the grounds that the

12 Request seeks documents that are evidence in or pertain to criminal proceedings,

13 disclosure of which might interfere with such proceedings. Mattel further objects to

14 this Request on the grounds that it calls for the disclosure of information subject to

15 the attorney-client privilege, the attorney work-product doctrine and other applicable

16 privileges.

17            Subject to the foregoing objections, Mattel responds as follows: Mattel

18 will produce such responsive, non-privileged documents, to the extent permitted by

19 law, that are in Mattel's possession, custody, or control, if any, that Mattel has been

20 able to locate after a diligent search and reasonable inquiry, to the extent not

21 previously produced.

22

23    **REQUEST FOR PRODUCTION NO. 173:**

24            All DOCUMENTS REFERRING OR RELATING TO damages

25 suffered by MATTEL due to MGA's alleged infringement of MATTEL's copyrights,

26 including but not limited to MARKET RESEARCH, INVESTIGATIVE REPORTS,

27 and memoranda concerning actual damages.

28

07209/2149034.1

Exhibit 7
Page 86

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

2       In addition to the general objections stated above which are

3 incorporated herein by reference, Mattel objects to this Request on the grounds that

4 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 documents on this subject without limitation as to time, and regardless of whether

6 such documents relate to products or matters at issue in this case. Mattel further

7 objects to the Request on the grounds that it seeks documents that are not relevant to

8 this action or likely to lead to the discovery of admissible evidence. Mattel further

9 objects to this Request on the grounds that it seeks confidential, proprietary and

10 trade secret information, including such information that has no bearing on the

11 claims or defenses in this case. Mattel further objects on the grounds that the

12 Request seeks documents that are evidence in or pertain to criminal proceedings,

13 disclosure of which might interfere with such proceedings. Mattel further objects to

14 this Request on the grounds that it calls for the disclosure of information subject to

15 the attorney-client privilege, the attorney work-product doctrine and other applicable

16 privileges.

17       Subject to the foregoing objections, Mattel responds as follows: Mattel

18 will produce such responsive, non-privileged documents, to the extent permitted by

19 law, that are in Mattel's possession, custody, or control, if any, that Mattel has been

20 able to locate after a diligent search and reasonable inquiry, to the extent not

21 previously produced.

22

23 **REQUEST FOR PRODUCTION NO. 174:**

24       All DOCUMENTS REFERRING OR RELATING TO YOUR

25 assertion in paragraph 90 of YOUR COUNTERCLAIMS regarding MGA's alleged

26 racketeering activity for the purpose of executing and attempting to execute a

27 scheme to improperly defraud MATTEL and steal MATTEL's trade secret.

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

2           In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5  documents on this subject without limitation as to time, and regardless of whether

6  such documents relate to products or matters at issue in this case. Mattel also

7  objects to this Request on the grounds that it seeks documents and information in the

8  possession, custody or control of MGA, but that MGA has failed and refused to

9  produce. Mattel further objects to this Request on the grounds that it is duplicative

10 of other requests. Mattel further objects to the Request on the grounds that it seeks

11 documents that are not relevant to this action or likely to lead to the discovery of

12 admissible evidence. Mattel further objects to this Request on the grounds that it

13 seeks confidential, proprietary and trade secret information, including such

14 information that has no bearing on the claims or defenses in this case. Mattel further

15 objects on the grounds that the Request seeks documents that are evidence in or

16 pertain to criminal proceedings, disclosure of which might interfere with such

17 proceedings. Mattel further objects to this Request on the grounds that it calls for

18 the disclosure of information subject to the attorney-client privilege, the attorney

19 work-product doctrine and other applicable privileges.

20

21 **REQUEST FOR PRODUCTION NO. 175:**

22           All DOCUMENTS REFERRING OR RELATING TO YOUR

23 assertion in paragraph 90 of YOUR COUNTERCLAIMS regarding MGA's alleged

24 willful conduct for the purpose of executing and attempting to execute a scheme to

25 improperly defraud MATTEL and steal its trade secret.

26

27

28

07209/2149034.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the grounds that the Request seeks documents that are evidence in or pertain to criminal proceedings, disclosure of which might interfere with such proceedings. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 176:**

All DOCUMENTS REFERRING OR RELATING TO how access to MATTEL'S confidential information is controlled, including but not limited to DOCUMENTS CONTAINING MATTEL's policy with respect to confidential information, sign-in and sign-out sheets for access to confidential information, logs of PERSONS who access confidential information, and procedures for accessing confidential information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that

1   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2   documents on this subject without limitation as to time, and regardless of whether

3   such documents relate to products or matters at issue in this case.  Mattel further

4   objects to the Request on the grounds that it seeks documents that are not relevant to

5   this action or likely to lead to the discovery of admissible evidence.  Mattel further

6   objects to this Request on the grounds that it seeks confidential, proprietary and

7   trade secret information, including such information that has no bearing on the

8   claims or defenses in this case.  Mattel further objects on the grounds that the

9   Request seeks documents that are evidence in or pertain to criminal proceedings,

10  disclosure of which might interfere with such proceedings.  Mattel further objects to

11  this Request on the grounds that it calls for the disclosure of information subject to

12  the attorney-client privilege, the attorney work-product doctrine and other applicable

13  privileges.

14

15  **REQUEST FOR PRODUCTION NO. 177:**

16          All DOCUMENTS REFERRING OR RELATING TO the steps and

17  procedures that MATTEL takes to keep MATTEL's confidential information

18  confidential.

19

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

21          In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

24  documents on this subject without limitation as to time, and regardless of whether

25  such documents relate to products or matters at issue in this case.  Mattel further

26  objects to the Request on the grounds that it seeks documents that are not relevant to

27  this action or likely to lead to the discovery of admissible evidence.  Mattel further

28  objects to this Request on the grounds that it seeks confidential, proprietary and

07209/2149034.1

-61-

1  trade secret information, including such information that has no bearing on the

2  claims or defenses in this case.  Mattel further objects on the grounds that the

3  Request seeks documents that are evidence in or pertain to criminal proceedings,

4  disclosure of which might interfere with such proceedings.  Mattel further objects to

5  this Request on the grounds that it calls for the disclosure of information subject to

6  the attorney-client privilege, the attorney work-product doctrine and other applicable

7  privileges.

8

9  **REQUEST FOR PRODUCTION NO. 178:**

10      All DOCUMENTS REFERRING OR RELATING TO any

11  investigation, surveillance, inspection, inquiry, survey or analysis into the activities,

12  including but not limited to electronic and computer related activities, alleged in

13  YOUR COUNTERCLAIMS.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

16      In addition to the general objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

19  documents on this subject without limitation as to time, and regardless of whether

20  such documents relate to products or matters at issue in this case.  Mattel further

21  objects to the Request on the grounds that it seeks documents that are not relevant to

22  this action or likely to lead to the discovery of admissible evidence.  Mattel further

23  objects to this Request on the grounds that it seeks confidential, proprietary and

24  trade secret information, including such information that has no bearing on the

25  claims or defenses in this case.  Mattel further objects on the grounds that the

26  Request seeks documents that are evidence in or pertain to criminal proceedings,

27  disclosure of which might interfere with such proceedings.  Mattel further objects to

28  this Request on the grounds that it calls for the disclosure of information subject to

1  the attorney-client privilege, the attorney work-product doctrine and other applicable

2  privileges.

3

4  **REQUEST FOR PRODUCTION NO. 179:**

5       DOCUMENTS sufficient to identify which MATTEL employees have

6  access to confidential or proprietary MATTEL information.

7

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 179:**

9       In addition to the general objections stated above which are

10  incorporated herein by reference, Mattel objects to this Request on the grounds that

11  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

12  documents on this subject without limitation as to time, and regardless of whether

13  such documents relate to products or matters at issue in this case.  Mattel further

14  objects to the Request on the grounds that it seeks documents that are not relevant to

15  this action or likely to lead to the discovery of admissible evidence.  Mattel further

16  objects to this Request on the grounds that it seeks confidential, proprietary and

17  trade secret information, including such information that has no bearing on the

18  claims or defenses in this case.  Mattel further objects on the grounds that the

19  Request seeks documents that are evidence in or pertain to criminal proceedings,

20  disclosure of which might interfere with such proceedings.  Mattel further objects to

21  this Request on the grounds that it calls for the disclosure of information subject to

22  the attorney-client privilege, the attorney work-product doctrine and other applicable

23  privileges.

24

25  **REQUEST FOR PRODUCTION NO. 180:**

26       All DOCUMENTS REFERRING OR RELATING TO changes to store

27  layouts or displays for Mattel products in relation to MGA products from January 1,

28  2001 to the present.

07209/2149034.1

-63-

**Exhibit 7**
**Page 92**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

1

2          In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5  documents on this subject without limitation as to time, and regardless of whether

6  such documents relate to products or matters at issue in this case.  Mattel further

7  objects to the Request on the grounds that it seeks documents that are not relevant to

8  this action or likely to lead to the discovery of admissible evidence.  Mattel further

9  objects to this Request on the grounds that it seeks confidential, proprietary and

10 trade secret information, including such information that has no bearing on the

11 claims or defenses in this case.  Mattel further objects to this Request on the grounds

12 that it calls for the disclosure of information subject to the attorney-client privilege,

13 the attorney work-product doctrine and other applicable privileges.

14

15 **REQUEST FOR PRODUCTION NO. 181:**

16         All DOCUMENTS tending to support or refute any of the allegations

17 or statements in YOUR COUNTERCLAIMS, not produced in response to another

18 Request.

19

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

21         In addition to the general objections stated above which are

22 incorporated herein by reference, Mattel objects to this Request on the grounds that

23 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

24 documents on this subject without limitation as to time, and regardless of whether

25 such documents relate to products or matters at issue in this case.  Mattel further

26 objects to the Request on the grounds that it seeks documents that are not relevant to

27 this action or likely to lead to the discovery of admissible evidence.  Mattel further

28 objects to this Request on the grounds that it seeks confidential, proprietary and

Exhibit 7
Page 93

1 | trade secret information, including such information that has no bearing on the
2 | claims or defenses in this case.  Mattel further objects on the grounds that the
3 | Request seeks documents that are evidence in or pertain to criminal proceedings,
4 | disclosure of which might interfere with such proceedings.  Mattel further objects to
5 | this Request on the grounds that it calls for the disclosure of information subject to
6 | the attorney-client privilege, the attorney work-product doctrine and other applicable
7 | privileges.

8 |         Subject to the foregoing objections, Mattel responds as follows:  Mattel
9 | will produce such responsive, non-privileged documents, to the extent permitted by
10 | law, that are in Mattel's possession, custody, or control, if any, that Mattel has been
11 | able to locate after a diligent search and reasonable inquiry, to the extent not
12 | previously produced.

13 |

14 | DATED:  June 22, 2007         QUINN EMANUEL URQUHART OLIVER &
        HEDGES, LLP

15 |

16 | By
17 |      Timothy L. Alger
     Attorneys for Plaintiff and Counter-
18 |      Defendant Mattel, Inc.

-65-
SUPPLEMENTAL RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

Exhibit 7
Page 94

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On June 22, 2007, I served true copies of the following documents described as:

**MATTEL, INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MGA ENTERTAINMENT, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727**

on the parties in this action as follows:

| | |
|---|---|
| Diana M. Torres, Esq.<br>O'Melveny & Myers<br>400 So. Hope Street<br>Los Angeles, CA 90071 | **Attorneys for *MGA Entertainment***<br><br>Telephone: 213.430.6000<br>Facsimile: 213.430.6407 |
| John W. Keker, Esq.<br>Michael H. Page, Esq.<br>Christa M. Anderson, Esq.<br>Keker & Van Nest, LLP<br>710 Sansome Street<br>San Francisco, CA 94111 | **Attorneys for *Carter Bryant***<br><br><br>Telephone: 415.391.5400<br>Facsimile: 415.397.7188 |

[√]   **[MAIL]** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business, addressed as set forth below. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on June 22, 2007, at Los Angeles, California.

_____
Albert V. Villamil

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

07209/2132730.1

Exhibit 7
Page 95