# Exhibit 8

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-
Defendant Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>MATTEL, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MGA ENTERTAINMENT, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 146, 148, 153, 158, 160, 162, 174-178) IN CASE NO. 05-2727<br><br>Hon. Stephen G. Larson |

Exhibit 8
Page 96

07209/2882971.2

4-11

## **Preliminary Statement**

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents. Mattel's response to any of MGA Entertainment, Inc.'s ("MGA") Second Set of Requests for Production of Documents and Things in Case No. 05-2727 (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request.

## **General Objections**

Mattel generally objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual request:

1.     Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the <u>Federal Rules of Civil Procedure</u>.

2.     Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege, the attorney work product doctrine, the right to privacy as set forth in the United States and/or California Constitutions, or any other applicable law, privilege, immunity, doctrine or other ground of privilege. Mattel will not produce such privileged documents.

Exhibit 8
Page 97

07209/2882971.2

-1-

3.      Mattel objects to the Requests on the grounds and to the extent they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

4.      Mattel objects to the Requests on the grounds and to the extent they seek information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Mattel objects to the Requests on the grounds and to the extent they seek documents equally or more available to, or already in the possession, custody or control of MGA.

6.      Mattel objects to the Requests on the grounds and to the extent they seek documents not in Mattel's possession, custody or control.

7.      Mattel objects to the Requests on the grounds that they are unduly burdensome and vague and ambiguous in that they purport to require Mattel to identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and third parties, including third parties associated with defendants, and that are not known to Mattel.

8.      Mattel objects to the Requests on the grounds that they seek the production of documents or information that are in the possession, custody and control of independent parties over whom Mattel has no control, including without limitation defendants, and seek the disclosure of information or documents that are in the possession, custody and control of defendants or are publicly available and hence equally available to all parties to this litigation.

9.      Mattel objects to the Requests on the ground and to the extent they seek trade secret, proprietary or otherwise confidential information of Mattel or third parties or would violate the terms of any agreement or contracts with third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.

Exhibit 8
Page 98

1    10.   Mattel objects to the Requests on the grounds that the definitions

2  of the terms "MATTEL," "MGA," and "BRATZ" are overbroad, vague and

3  ambiguous, and unduly burdensome.

4    11.   Mattel objects to each and every Request that seeks "all"

5  documents which constitute, mention, refer or relate to a given topic on the grounds

6  of undue burden and oppression.  Mattel will make available for inspection and

7  copying those documents and tangible items, if any, that it is able to locate after a

8  reasonable, good-faith search for and review of non-privileged responsive

9  documents.

10    12.   Mattel objects to each and every Request to the extent that they

11  seek documents already produced in this action.  Documents which have already

12  been produced will not be produced again in response to these requests.

13    13.   Objection to the production of any document or category of

14  documents described in the Requests, or agreement to produce any such documents,

15  is not and shall not be construed as an admission by Mattel that any such documents

16  or category of documents exist.  Where the responses indicate that he will produce

17  such responsive documents, such documents, if any, will be produced if and to the

18  extent any such documents are in his possession, custody or control.

19    14.   Mattel objects to the time, place and manner of production

20  specified in defendant's Requests.  Mattel will produce such responsive, non-

21  privileged documents and tangible things, if any and to the extent not previously

22  produced, in accordance with its responses at a time and place and in a manner that

23  is reasonable, convenient and mutually agreed upon by the parties.

24

25  **SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS**

26    Each of the following objections and responses to the Requests is

27  expressly made subject to the above Preliminary Statement and General Objections,

28  all of which are incorporated in each of the following objections and responses to

MATTEL'S SECOND SUPP. RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

Exhibit 8
Page 99

1   specific requests.  A statement that Mattel will produce documents or tangible things

2   in response to a Request is not intended to suggest, nor should it be construed to

3   mean, that any such documents or tangible things exist, or that they are in Mattel's

4   possession, custody or control.

5

6   **REQUEST FOR PRODUCTION NO. 146:**

7       All DOCUMENTS REFERRING OR RELATING TO the events

8   described in paragraph 53 of YOUR COUNTERCLAIMS regarding MATTEL's

9   notification of Mexican authorities about the alleged theft of MATTEL's trade secret

10  and confidential information, including but not limited to affidavits, declarations,

11  complaints, and evidence filed with the Mexican authorities.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

14      In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case.  Mattel further

19  objects to the Request on the grounds that it seeks documents that are not relevant to

20  this action or likely to lead to the discovery of admissible evidence.  Mattel further

21  objects to this Request on the grounds that it seeks confidential, proprietary and

22  trade secret information, including such information that has no bearing on the

23  claims or defenses in this case.  Mattel further objects on the grounds that the

24  Request seeks documents that are evidence in or pertain to criminal proceedings,

25  disclosure of which might interfere with such proceedings.  Mattel further objects to

26  this Request on the grounds that it calls for the disclosure of information subject to

27  the attorney-client privilege, the attorney work-product doctrine and other applicable

28  privileges.

Exhibit 8
Page 100

1        Subject to the foregoing objections, Mattel responds as follows:  Mattel

2 will produce non-privileged documents responsive to this request, if any, that Mattel

3 has been able to locate after a diligent search and reasonable inquiry, to the extent

4 not previously produced.

5

6 **REQUEST FOR PRODUCTION NO. 148:**

7        All DOCUMENTS REFERRING OR RELATING TO MATTEL's

8 involvement in the seizure of materials at the facilities of MGAE de Mexico, S.R.L.

9 de C.V. in Mexico City by Mexican authorities.

10

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

12        In addition to the general objections stated above which are

13 incorporated herein by reference, Mattel objects to this Request on the grounds that

14 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

15 documents on this subject without limitation as to time, and regardless of whether

16 such documents relate to products or matters at issue in this case.  Mattel further

17 objects to the Request on the grounds that it seeks documents that are not relevant to

18 this action or likely to lead to the discovery of admissible evidence.  Mattel further

19 objects to this Request on the grounds that it seeks confidential, proprietary and

20 trade secret information, including such information that has no bearing on the

21 claims or defenses in this case.  Mattel further objects on the grounds that the

22 Request seeks documents that are evidence in or pertain to criminal proceedings,

23 disclosure of which might interfere with such proceedings.  Mattel further objects to

24 this Request on the grounds that it calls for the disclosure of information subject to

25 the attorney-client privilege, the attorney work-product doctrine and other applicable

26 privileges.

27        Subject to the foregoing objections, Mattel responds as follows:  Mattel

28 will produce responsive, non-privileged documents regarding Mattel's

**Exhibit 8**
**Page 101**

1  communications with Mexican law enforcement personnel that are in Mattel's

2  possession, custody, or control, if any, that Mattel has been able to locate after a

3  diligent search and reasonable inquiry, to the extent not previously produced.

4

5  **REQUEST FOR PRODUCTION NO. 153:**

6          All DOCUMENTS REFERRING OR RELATING TO whether the

7  2004 Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS was

8  public information or contained public information.

9

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

11          In addition to the general objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it is overbroad, unduly burdensome and unintelligible, including in its use of

14  "contained public information" and in that it seeks all documents on this subject

15  without limitation as to time, and regardless of whether such documents relate to

16  matters at issue in this case. Mattel further objects to the Request on the grounds

17  that it seeks documents that are not relevant to this action or likely to lead to the

18  discovery of admissible evidence. Mattel further objects to this Request on the

19  grounds that it seeks confidential, proprietary and trade secret information, including

20  such information that has no bearing on the claims or defenses in this case. Mattel

21  further objects to this Request on the grounds that it calls for the disclosure of

22  information subject to the attorney-client privilege, the attorney work-product

23  doctrine and other applicable privileges.

24          Subject to the foregoing objections, Mattel responds as follows:  Mattel

25  will produce responsive, non-privileged documents relating to the confidential

26  nature of the 2004 Sales Plan, including any documents relating to it being or

27  containing public information, that are in Mattel's possession, custody, or control, if

28

Exhibit 8
Page 102

1  any, that Mattel has been able to locate after a diligent search and reasonable
2  inquiry, to the extent not previously produced.
3
4
5  **REQUEST FOR PRODUCTION NO. 160:**
6        All DOCUMENTS REFERRING OR RELATING TO the events
7  alleged in paragraph 75 of YOUR COUNTERCLAIMS regarding MATTEL's
8  notification of Canadian law enforcement authorities about BRISBOIS' alleged theft
9  of MATTEL's trade secret and confidential information, including but not limited to
10  affidavits, declarations, complaints, and evidence filed with the Canadian law
11  enforcement authorities.
12
13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**
14        In addition to the general objections stated above which are
15  incorporated herein by reference, Mattel objects to this Request on the grounds that
16  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
17  documents on this subject without limitation as to time, and regardless of whether
18  such documents relate to products or matters at issue in this case. Mattel further
19  objects to the Request on the grounds that it seeks documents that are not relevant to
20  this action or likely to lead to the discovery of admissible evidence. Mattel further
21  objects to this Request on the grounds that it seeks confidential, proprietary and
22  trade secret information, including such information that has no bearing on the
23  claims or defenses in this case. Mattel further objects on the grounds that the
24  Request seeks documents that are evidence in or pertain to criminal proceedings,
25  disclosure of which might interfere with such proceedings. Mattel further objects to
26  this Request on the grounds that it calls for the disclosure of information subject to
27  the attorney-client privilege, the attorney work-product doctrine and other applicable
28  privileges.

Exhibit 8
Page 103

1    Subject to the foregoing objections, Mattel responds as follows:  Mattel

2    will produce non-privileged documents responsive to this request, if any, that Mattel

3    has been able to locate after a diligent search and reasonable inquiry, to the extent

4    not previously produced.

5

6    **REQUEST FOR PRODUCTION NO. 162:**

7    All DOCUMENTS REFERRING OR RELATING TO MATTEL's

8    involvement in the seizure by Canadian law enforcement authorities of a thumb

9    drive from BRISBOIS referenced in paragraph 75 of YOUR COUNTERCLAIMS.

10

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

12   In addition to the general objections stated above which are

13   incorporated herein by reference, Mattel objects to this Request on the grounds that

14   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

15   documents on this subject without limitation as to time, and regardless of whether

16   such documents relate to products or matters at issue in this case.  Mattel further

17   objects to the Request on the grounds that it seeks documents that are not relevant to

18   this action or likely to lead to the discovery of admissible evidence.  Mattel further

19   objects to this Request on the grounds that it seeks confidential, proprietary and

20   trade secret information, including such information that has no bearing on the

21   claims or defenses in this case.  Mattel further objects on the grounds that the

22   Request seeks documents that are evidence in or pertain to criminal proceedings,

23   disclosure of which might interfere with such proceedings.  Mattel further objects to

24   this Request on the grounds that it calls for the disclosure of information subject to

25   the attorney-client privilege, the attorney work-product doctrine and other applicable

26   privileges.

27   Subject to the foregoing objections, Mattel responds as follows:  Mattel

28   will produce responsive, non-privileged documents regarding Mattel's

07209/2882971.2

Exhibit  8
Page 104

1   communications with Canadian law enforcement personnel that are in Mattel's

2   possession, custody, or control, if any, that Mattel has been able to locate after a

3   diligent search and reasonable inquiry, to the extent not previously produced.

4

5   **REQUEST FOR PRODUCTION NO. 174:**

6       All DOCUMENTS REFERRING OR RELATING TO YOUR

7   assertion in paragraph 90 of YOUR COUNTERCLAIMS regarding MGA's alleged

8   racketeering activity for the purpose of executing and attempting to execute a

9   scheme to improperly defraud MATTEL and steal MATTEL's trade secret.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

12      In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case.  Mattel also

17  objects to this Request on the grounds that it seeks documents and information in the

18  possession, custody or control of MGA, but that MGA has failed and refused to

19  produce.  Mattel further objects to this Request on the grounds that it is duplicative

20  of other requests.  Mattel further objects to the Request on the grounds that it seeks

21  documents that are not relevant to this action or likely to lead to the discovery of

22  admissible evidence.  Mattel further objects to this Request on the grounds that it

23  seeks confidential, proprietary and trade secret information, including such

24  information that has no bearing on the claims or defenses in this case.  Mattel further

25  objects on the grounds that the Request seeks documents that are evidence in or

26  pertain to criminal proceedings, disclosure of which might interfere with such

27  proceedings.  Mattel further objects to this Request on the grounds that it calls for

28

Exhibit 8
Page 105

1 | the disclosure of information subject to the attorney-client privilege, the attorney
2 | work-product doctrine and other applicable privileges.

3 |       Subject to the foregoing objections, Mattel responds as follows:  Mattel
4 | will produce responsive, non-privileged documents that are in Mattel's possession,
5 | custody, or control, if any, that Mattel has been able to locate after a diligent search
6 | and reasonable inquiry, to the extent not previously produced.

7 |

8 | **REQUEST FOR PRODUCTION NO. 175:**

9 |       All DOCUMENTS REFERRING OR RELATING TO YOUR
10 | assertion in paragraph 90 of YOUR COUNTERCLAIMS regarding MGA's alleged
11 | willful conduct for the purpose of executing and attempting to execute a scheme to
12 | improperly defraud MATTEL and steal its trade secret.

13 |

14 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

15 |       In addition to the general objections stated above which are
16 | incorporated herein by reference, Mattel objects to this Request on the grounds that
17 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
18 | documents on this subject without limitation as to time, and regardless of whether
19 | such documents relate to products or matters at issue in this case.  Mattel further
20 | objects to the Request on the grounds that it seeks documents that are not relevant to
21 | this action or likely to lead to the discovery of admissible evidence.  Mattel further
22 | objects to this Request on the grounds that it seeks confidential, proprietary and
23 | trade secret information, including such information that has no bearing on the
24 | claims or defenses in this case.  Mattel further objects on the grounds that the
25 | Request seeks documents that are evidence in or pertain to criminal proceedings,
26 | disclosure of which might interfere with such proceedings.  Mattel further objects to
27 | this Request on the grounds that it calls for the disclosure of information subject to

28 |

Exhibit 2
Page 106

07209/2882971.2

MATTEL'S SECOND SUPP. RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

1  the attorney-client privilege, the attorney work-product doctrine and other applicable

2  privileges.

3        Subject to the foregoing objections, Mattel responds as follows: Mattel

4  will produce responsive, non-privileged documents that are in Mattel's possession,

5  custody, or control, if any, that Mattel has been able to locate after a diligent search

6  and reasonable inquiry, to the extent not previously produced.

7

8  **REQUEST FOR PRODUCTION NO. 176:**

9        All DOCUMENTS REFERRING OR RELATING TO how access to

10  MATTEL'S confidential information is controlled, including but not limited to

11  DOCUMENTS CONTAINING MATTEL's policy with respect to confidential

12  information, sign-in and sign-out sheets for access to confidential information, logs

13  of PERSONS who access confidential information, and procedures for accessing

14  confidential information.

15

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

17        In addition to the general objections stated above which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case. Mattel further

22  objects to the Request on the grounds that it seeks documents that are not relevant to

23  this action or likely to lead to the discovery of admissible evidence. Mattel further

24  objects to this Request on the grounds that it seeks confidential, proprietary and

25  trade secret information, including such information that has no bearing on the

26  claims or defenses in this case. Mattel further objects on the grounds that the

27  Request seeks documents that are evidence in or pertain to criminal proceedings,

28  disclosure of which might interfere with such proceedings. Mattel further objects to

-11-

Exhibit 8
Page 107

1 | this Request on the grounds that it calls for the disclosure of information subject to
2 | the attorney-client privilege, the attorney work-product doctrine and other applicable
3 | privileges.

4 |        Subject to the foregoing objections, Mattel responds as follows:  Mattel
5 | will produce responsive, non-privileged documents that relate to the trade secrets at
6 | issue in this case and to the policies and procedures applied in the U.S., Mexico and
7 | Canada with respect to those trade secrets, that are in Mattel's possession, custody,
8 | or control, if any, that Mattel has been able to locate after a diligent search and
9 | reasonable inquiry, to the extent not previously produced.

10 |
11 |

12 | **REQUEST FOR PRODUCTION NO. 177:**

13 |        All DOCUMENTS REFERRING OR RELATING TO the steps and
14 | procedures that MATTEL takes to keep MATTEL's confidential information
15 | confidential.

16 |

17 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

18 |        In addition to the general objections stated above which are
19 | incorporated herein by reference, Mattel objects to this Request on the grounds that
20 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
21 | documents on this subject without limitation as to time, and regardless of whether
22 | such documents relate to products or matters at issue in this case.  Mattel further
23 | objects to the Request on the grounds that it seeks documents that are not relevant to
24 | this action or likely to lead to the discovery of admissible evidence.  Mattel further
25 | objects to this Request on the grounds that it seeks confidential, proprietary and
26 | trade secret information, including such information that has no bearing on the
27 | claims or defenses in this case.  Mattel further objects on the grounds that the
28 | Request seeks documents that are evidence in or pertain to criminal proceedings,

-12-
MATTEL'S SECOND SUPP. RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

Exhibit 8
Page 108

1  disclosure of which might interfere with such proceedings.  Mattel further objects to

2  this Request on the grounds that it calls for the disclosure of information subject to

3  the attorney-client privilege, the attorney work-product doctrine and other applicable

4  privileges.

5          Subject to the foregoing objections, Mattel responds as follows:  Mattel

6  will produce responsive, non-privileged documents that relate to the confidential

7  information at issue in this case and to the policies and procedures applied in the

8  U.S., Mexico and Canada with respect to that confidential information, that are in

9  Mattel's possession, custody, or control, if any, that Mattel has been able to locate

10  after a diligent search and reasonable inquiry, to the extent not previously produced.

11

12  **REQUEST FOR PRODUCTION NO. 178:**

13          All DOCUMENTS REFERRING OR RELATING TO any

14  investigation, surveillance, inspection, inquiry, survey or analysis into the activities,

15  including but not limited to electronic and computer related activities, alleged in

16  YOUR COUNTERCLAIMS.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

19          In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case.  Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant to

25  this action or likely to lead to the discovery of admissible evidence.  Mattel further

26  objects to this Request on the grounds that it seeks confidential, proprietary and

27  trade secret information, including such information that has no bearing on the

28  claims or defenses in this case.  Mattel further objects on the grounds that the

-13-

Exhibit 8
Page 109

1  Request seeks documents that are evidence in or pertain to criminal proceedings,

2  disclosure of which might interfere with such proceedings.  Mattel further objects to

3  this Request on the grounds that it calls for the disclosure of information subject to

4  the attorney-client privilege, the attorney work-product doctrine and other applicable

5  privileges.

6         Subject to the foregoing objections, Mattel responds as follows:  Mattel

7  will produce responsive, non-privileged documents relating to the discovery of

8  MGA's thefts of trade secret and other confidential Mattel information that are in

9  Mattel's possession, custody, or control, if any, that Mattel has been able to locate

10 after a diligent search and reasonable inquiry, to the extent not previously produced.

11

12

13  DATED:  April 17, 2009          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
14

15                                   By
16                                     Diane C. Hutnyan
                                       Attorneys for Plaintiff and Counter-
17                                     Defendant Mattel, Inc.

18

19

20

21

22

23

24

25

26

27

28
                                                            Exhibit 8
                                                            Page 110

-14-

# Exhibit 9

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3    michaelzeller@quinnemanuel.com
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Plaintiff and
   Counter-Defendant Mattel

8

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                       EASTERN DIVISION

12  CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)

13                                       Consolidated with:
                  Plaintiff,             Case No. CV 04-09059
14                                       Case No. CV 05-02727

15       v.                              MATTEL'S SUPPLEMENTAL
                                         RESPONSES TO MGA'S FIFTH SET
16  MATTEL, INC., a Delaware             OF REQUESTS FOR PRODUCTION
    Corporation,                         (NOS. 486, 488-489, 491)
17
                                         Hon. Stephen G. Larson
18                Defendant.

19
   ─────────────────────────────
20  AND CONSOLIDATED ACTIONS

21  ─────────────────────────────

22  PROPOUNDING PARTY:        MGA ENTERTAINMENT, INC.

23  RESPONDING PARTY:         MATTEL, INC.

24  SET NO.:                  FIVE

25  NOS.                      486, 488, 489, 491

26

27

28                                              Exhibit 9
07209/2883210.27209/22                            Page 111
0584.1

          MATTEL'S SUPP. RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

**Preliminary Statement**

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents. Mattel's response to any of MGA Entertainment, Inc.'s ("MGA") Fifth Set of Requests for Production of Documents and Things in Case No. 05-2727 (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request.

**General Objections**

Mattel generally objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual request:

1.      Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the Federal Rules of Civil Procedure.

2.      Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege, the attorney work product doctrine, the right to privacy as set forth in the United States and/or California Constitutions, or any other applicable law, privilege, immunity, doctrine or other ground of privilege. Mattel will not produce such privileged documents.

1    3.    Mattel objects to the Requests on the grounds and to the extent
2 they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

3    4.    Mattel objects to the Requests on the grounds and to the extent
4 they seek information which is not relevant to the subject matter of this action nor
5 reasonably calculated to lead to the discovery of admissible evidence.

6    5.    Mattel objects to the Requests on the grounds and to the extent
7 they seek documents equally or more available to, or already in the possession,
8 custody or control of MGA and/or Carter Bryant.

9    6.    Mattel objects to the Requests on the grounds and to the extent
10 they seek documents not in Mattel's possession, custody or control.

11    7.    Mattel objects to the Requests on the grounds that they are
12 unduly burdensome and vague and ambiguous in that they purport to require Mattel
13 to identify and produce documents relating to matters that are currently known to
14 and in the possession, custody and control of defendants and third parties, including
15 third parties associated with defendants, and that are not known to Mattel.

16    8.    Mattel objects to the Requests on the grounds that they seek the
17 production of documents or information that are in the possession, custody and
18 control of independent parties over whom Mattel has no control, including without
19 limitation defendants, and seek the disclosure of information or documents that are
20 in the possession, custody and control of defendants or are publicly available and
21 hence equally available to all parties to this litigation.

22    9.    Mattel objects to the Requests on the ground and to the extent
23 they seek trade secret, proprietary or otherwise confidential information of Mattel or
24 third parties or would violate the terms of any agreement or contracts with third
25 parties. Any such documents that are produced, if any, will be produced only
26 pursuant to and in reliance upon the Protective Order entered in this case.

27    10.    Mattel objects to the Requests on the grounds that the definitions
28 of the terms "ADVERTISEMENT," "ACCELERACERS," "BRATZ,"

07209/2883210.27209/22
0584.1

-2-

Exhibit 9
Page 113

1   "CONTESTED MGA PRODUCTS," "DIVA STARZ," "FISHER-PRICE,"

2   "MATTEL," "MGA," "MY SCENE," and "POLLY POCKET COLOR SURPRISE

3   POLLY" are overbroad, vague and ambiguous, unduly burdensome, and extend

4   beyond those products and matters placed at issue in this litigation.

5           11.   Mattel objects to each and every Request that seeks "all"

6   documents which constitute, mention, refer or relate to a given topic on the grounds

7   of undue burden and oppression.  Mattel will make available for inspection and

8   copying those documents and tangible items, if any, that it is able to locate after a

9   reasonable, good-faith search for and review of non-privileged responsive

10  documents.

11          12.   Mattel objects to the Requests on the grounds that they seek

12  information about matters that are not within the subject matter jurisdiction of the

13  Court.  Production by Mattel, if any, will be limited to those matters within the

14  Court's jurisdiction, and only in the event and to the extent that it is permitted by or

15  otherwise in compliance with foreign laws limiting disclosure and discovery and

16  only in the event and to the extent that the documents are within Mattel's possession,

17  custody or control pursuant to governing law.

18          13.   Mattel objects to each and every Request to the extent that it

19  seeks documents already produced in this action.  Documents which have already

20  been produced will not be produced again in response to these Requests.

21          14.   Objection to the production of any document or category of

22  documents described in the Requests, or agreement to produce any such documents,

23  is not and shall not be construed as an admission by Mattel that any such documents

24  or category of documents exist.  Where the responses indicate that Mattel will

25  produce such responsive documents, such documents, if any, will be produced if and

26  to the extent any such documents are in Mattel's possession, custody or control.

27          15.   Mattel objects to the time, place and manner of production

28  specified in the Requests.  Mattel will produce such responsive, non-privileged

-3-

Exhibit 9
Page 114

1  documents and tangible things, if any and to the extent not previously produced, in

2  accordance with its responses at a time and place and in a manner that is reasonable,

3  convenient and mutually agreed upon by the parties.

4

5  ## RESPONSES TO REQUESTS FOR PRODUCTION

6  Each of the following objections and responses to the Requests is

7  expressly made subject to the above Preliminary Statement and General Objections,

8  all of which are incorporated in each of the following objections and responses to

9  specific Requests.  A statement that Mattel will produce documents or tangible

10 things in response to a Request is not intended to suggest, nor should it be construed

11 to mean, that any such documents or tangible things exist, or that they are in Mattel's

12 possession, custody or control.

13

14 **REQUEST FOR PRODUCTION NO. 486:**

15 All DOCUMENTS REFERRING OR RELATING TO YOUR or

16 YOUR attorney's or agent's knowledge of or participation in the investigation or

17 search of MGAE de Mexico, S.R.L. de C.V. in Mexico City.

18

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 486:**

20 In addition to the general objections stated above which are

21 incorporated herein by reference, Mattel objects to this Request on the grounds that

22 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

23 documents on this subject without limitation as to time, and regardless of whether

24 such documents relate to products or matters at issue in this case.  Mattel further

25 objects to the use of the term "YOUR or YOUR attorney's or agent's knowledge of

26 or participation in the investigation or search of MGAE de Mexico, S.R.L. de C.V."

27 in this context as vague and ambiguous.  Mattel further objects to this Request on

28 the grounds that it calls for the disclosure of information subject to the attorney-

07209/2883210.27209/22
0584.1

-4-

1 | client privilege, the attorney work-product doctrine and other applicable privileges.

2 | Mattel further objects to the Request on the grounds that it seeks documents that are

3 | not relevant to this action or likely to lead to the discovery of admissible evidence.

4 | Mattel further objects to this Request on the grounds that it seeks confidential,

5 | proprietary and trade secret information, including such information that has no

6 | bearing on the claims or defenses in this case.

7 | Subject to the foregoing objections, Mattel responds as follows:  Mattel

8 | will produce responsive, non-privileged documents regarding Mattel's

9 | communications with Mexican law enforcement personnel, that are in Mattel's

10 | possession, custody, or control, if any, that Mattel has been able to locate after a

11 | diligent search and reasonable inquiry, to the extent not previously produced.

12 |

13 |

14 | **REQUEST FOR PRODUCTION NO. 488:**

15 | All DOCUMENTS REFERRING OR RELATING TO YOUR

16 | knowledge that any of the items seized by Mexican authorities from MGAE de

17 | Mexico, S.R.L. de C.V. in Mexico City were prepared, made, created, generated,

18 | assembled or compiled by or for MGA or any MGA subsidiary.

19 |

20 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 488:**

21 | In addition to the general objections stated above which are

22 | incorporated herein by reference, Mattel objects to this Request on the grounds that

23 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

24 | documents on this subject without limitation as to time, and regardless of whether

25 | such documents relate to products or matters at issue in this case.  Mattel further

26 | objects to the Request on the grounds that it seeks documents that are not relevant to

27 | this action or likely to lead to the discovery of admissible evidence.  Mattel further

28 | objects to this Request on the grounds that it seeks confidential, proprietary and

1  trade secret information, including such information that has no bearing on the

2  claims or defenses in this case. Mattel further objects to this Request on the grounds

3  that it calls for the disclosure of information subject to the attorney-client privilege,

4  the attorney work-product doctrine and other applicable privileges. Mattel further

5  objects to this Request to the extent it seeks documents already produced by Mattel,

6  including documents stolen by MGA and other defendants. Such documents will

7  not be produced again.

8          Subject to the foregoing objections, Mattel responds as follows: Mattel

9  will produce non-privileged documents responsive to this request, if any, that Mattel

10  has been able to locate after a diligent search and reasonable inquiry, to the extent

11  not previously produced.

12

13

14  **REQUEST FOR PRODUCTION NO. 489:**

15          All DOCUMENTS REFERRING OR RELATING TO YOUR or

16  YOUR attorney's or agent's knowledge of or participation in the seizure of Brisbois'

17  thumb drive by Canadian law enforcement.

18

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 489:**

20          In addition to the general objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

23  documents on this subject without limitation as to time, and regardless of whether

24  such documents relate to products or matters at issue in this case. Mattel further

25  objects to the use of the term "YOUR or YOUR attorney's or agent's knowledge of

26  or participation in the seizure of Brisbois' thumb drive by Canadian law

27  enforcement" in this context as vague and ambiguous. Mattel further objects to the

28  Request on the grounds that it seeks documents that are not relevant to this action or

07209/2883210.27209/22
0584.1

-6-

1   likely to lead to the discovery of admissible evidence.  Mattel further objects to this

2   Request on the grounds that it seeks confidential, proprietary and trade secret

3   information, including such information that has no bearing on the claims or

4   defenses in this case.  Mattel further objects to this Request on the grounds that it

5   calls for the disclosure of information subject to the attorney-client privilege, the

6   attorney work-product doctrine and other applicable privileges.

7           Subject to the foregoing objections, Mattel responds as follows:  Mattel

8   will produce responsive, non-privileged documents regarding Mattel's

9   communications with Canadian law enforcement personnel, that are in Mattel's

10  possession, custody, or control, if any, that Mattel has been able to locate after a

11  diligent search and reasonable inquiry, to the extent not previously produced.

12

13

14  **REQUEST FOR PRODUCTION NO. 491:**

15          All DOCUMENTS REFERRING OR RELATING TO YOUR

16  knowledge that any of the items seized by Canadian authorities from Brisbois'

17  thumb drive were prepared, made, created, generated, assembled or compiled by or

18  for MGA or any MGA subsidiary.

19

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 491:**

21          In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

24  documents on this subject without limitation as to time, and regardless of whether

25  such documents relate to products or matters at issue in this case.  Mattel further

26  objects to the Request on the grounds that it seeks documents that are not relevant to

27  this action or likely to lead to the discovery of admissible evidence.  Mattel further

28  objects to this Request on the grounds that it seeks confidential, proprietary and

1  trade secret information, including such information that has no bearing on the

2  claims or defenses in this case.  Mattel further objects to this Request on the grounds

3  that it calls for the disclosure of information subject to the attorney-client privilege,

4  the attorney work-product doctrine and other applicable privileges.  Mattel further

5  objects to this Request to the extent it seeks documents already produced by Mattel,

6  including documents stolen by MGA and other defendants.  Such documents will

7  not be produced again.

8        Subject to the foregoing objections, Mattel responds as follows:  Mattel

9  will produce non-privileged documents responsive to this request, if any, that Mattel

10  has been able to locate after a diligent search and reasonable inquiry, to the extent

11  not previously produced.

12  DATED:  April 17, 2009        QUINN EMANUEL URQUHART OLIVER &
13                                HEDGES, LLP

14

15                    By _____
16                       Diane C. Hutnyan
                         Attorneys for Plaintiff and
                         Counter-Defendant Mattel

17

18

19

20

21

22

23

24

25

26

27

28

07209/2883210.27209/22
0584.1

-8-

Exhibit 9
Page 119

MATTEL'S SUPP. RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

# Exhibit 10

1  PATRICIA L. GLASER (Bar No. 055668)
   pglaser@glaserweil.com
2  GLASER WEIL FINK JACOBS & SHAPIRO
   10250 Constellation Blvd., 19th Floor
3  Los Angeles, California 90067
   Telephone: (310) 553-3000
4  Facsimile: (310) 557-9815

5  RUSSELL J. FRACKMAN (Bar No. 49087)
   rjf@msk.com
6  PATRICIA H. BENSON (Bar No. 60565)
   phb@msk.com
7  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
8  Los Angeles, California 90064-1683
   Telephone: (310) 312-2000
9  Facsimile: (310) 312-3100

10 Attorneys for Defendants
   MGA Entertainment, Inc., MGA Entertainment
11 HK, Ltd., MGAE De Mexico, S.R.L. De C.V., and
   Isaac Larian

12                  UNITED STATES DISTRICT COURT

13       CENTRAL DISTRICT OF CALIFORNIA -- EASTERN DIVISION

14 | CARTER BRYANT, an individual, | CASE NO.  CV 04-9049 SGL (RNBx)
15 |          Plaintiff,            | Consolidated with
16 |                               | Case No.  CV 04-09059
   | v.                            | Case No.  CV 05-02727
17 | MATTEL, INC., a Delaware       | **DISCOVERY MATTER**
18 | corporation,                   | **[TO BE HEARD BY DISCOVERY**
   |                               | **MASTER ROBERT O'BRIEN**
19 |          Defendant.            | **PURSUANT TO ORDER OF**
   |                               | **JANUARY 6, 2009]**
20 | AND CONSOLIDATED CASES         | **MGA'S OPPOSITION TO MATTEL'S**
                                    | **MOTION TO ENFORCE AND**
21 |                               | **COMPEL RE TRADE DRESS**
                                    | **INTERROGATORIES**
22 |                               | **[DECLARATION OF JEAN PIERRE**
23 |                               | **NOGUES AND EVIDENTIARY**
                                    | **OBJECTIONS FILED**
24 |                               | **CONCURRENTLY]**
                                    | Date:     April 21, 2009
25 |                               | Time:     10:00 a.m.
                                    | Place:    Arent Fox LLP
26 |                               | **Phase 2**
                                    | Discovery Cut-off:      Dec. 11, 2009
27 |                               | Pre-Trial Conference:   March 1, 2010
                                    | Trial Date:             March 23, 2010

Mitchell
Silberberg &   28
Knupp LLP

2159926.1

Exhibit 10
Page 120

## TABLE OF CONTENTS

Page(s)

I.   INTRODUCTION............................................................................2

II.  STATEMENT OF RELEVANT FACTS ........................................5

III. MATTEL HAS MISREPRESENTED THE PRIOR ORDER
     REGARDING INTERROGATORIES 43 AND 44, HAS
     MISREPRESENTED THAT MGA HAS "REFUSED" TO
     ANSWER THOSE INTERROGATORIES, HAS FILED AN
     UNNECESSARY MOTION, AND SHOULD BE
     SANCTIONED. ............................................................................9

     A.   MGA Is Not In Violation Of Judge Infante's Order .............9

     B.   MGA Has Not "Refused" To Answer Interrogatory Nos.
          43-44 .............................................................................. 11

     C.   Sanctions And An Award Of Attorneys Fees Should Be
          Imposed On Mattel, Not MGA. ........................................ 13

IV.  MATTEL'S MOTION TO COMPEL RESPONSES TO
     INTERROGATORY NOS. 51-55 AND 64 IS
     PROCEDURALLY IMPROPER AND SUBSTANTIVELY
     WITHOUT MERIT, AND SHOULD BE DENIED.......................16

     A.   Mattel's Motion To Overrule MGA's Objection Must Be
          Denied Because Mattel Failed To Comply With The
          Requirement To Meet and Confer In Good Faith...............16

     B.   Each Of The Newly-Challenged Objections Is Valid And
          Proper ............................................................................18

          1.   The Definitions Of "SOLD," "SELL," SALE" and
               "MATTEL".............................................................19

          2.   The Expert Witness Analysis Objection In
               Interrogatory Nos. 51 and 53 Is Proper ....................20

          3.   Information Better Known to Mattel.........................21

          4.   Interrogatory Nos. 51-53 Are Compound .................22

          5.   Some of the Interrogatories Are Duplicative of
               Others Previously Asked and Answered ....................23

          6.   MGA's Undue Burden Objections Are Well-Taken..............24

          7.   MGA's Privilege Objections Should Not Be
               Overruled.............................................................25

Conclusion .................................................................................26

Mitchell
Silberberg &
Knupp LLP

2159926.1

Exhibit  10
Page  121

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*1st Technology LLC v. Bodog Entertainment Group S.A.,*
    2009 WL 426605 (W.D. Wash. Feb. 19, 2009)............................................ 14

*AMF Inc. v. Sleekcraft Boats,*
    599 F.2d 341 (9th Cir. 1979)................................................................ 5, 25

*Coastal States Gas Corp. v. Department of Energy,*
    84 F.R.D. 278 (D. Del., 1979)................................................................. 13

*Collaboration Properties, Inc. v. Polycom, Inc.,*
    224 F.R.D. 473 (N.D. Cal. 2004)............................................................. 23

*Durney v. Wave Crest Laboratories LLC,*
    441 F. Supp. 2d 1055, 1062 (N.D. Cal. 2005) .......................................... 22

*In re Netflix Antitrust Litigation,*
    506 F. Supp. 2d 308 (N.D. Cal. 2007) ..................................................... 13

*Jada Toys v. Mattel, Inc.,*
    518 F.3d 628 (9th Cir. 2008)................................................................... 22

*Little v. City of Seattle,*
    863 F.2d 681 (9th Cir. 1989)................................................................... 13

*Naviant Marketing Solutions v. Larry Tucker, Inc.,*
    339 F.3d 180 (3d Cir. 2003).................................................................... 18

*Orchid Biosciences, Inc. v. St. Louis University,*
    198 F.R.D. 670 (S.D. Cal. 2001).............................................................. 13

*Robinson v. Potter,*
    453 F.3d 990 (8th Cir. 2006)................................................................... 18

**STATUTES**

28 U.S.C. § 1927.......................................................................................... 15

Mitchell
Silberberg &
Knupp LLP

2159926.1

ii

Exhibit 10
Page 122

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

2159926.1

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

Federal Rules of Civil Procedure
   26(c).................................................................................. 13, 14
   37(a).................................................................................. 16, 17
   37(B)........................................................................................ 15
   53(c)(2).................................................................................... 15

## OTHER AUTHORITIES

Kendall et al., Matthew Bender Federal Practice Guide: Federal Civil
   Procedure in California § 22.40(4)(a) ........................................... 13

Schwarzer, Tashima & Wagstaff, Federal Civil Procedure Before
   Trial (Rutter Group 2008 ¶ 11:2386............................................. 14

iii

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
TRADE DRESS INTERROGATORIES

Exhibit  10
Page 123

# I.   INTRODUCTION

Mattel attempts to bury beneath a vitriolic brief and almost 700 pages of "exhibits" the real issue here:  Does it make any sense to require MGA to provide massive amounts of information about trade dress claims that, if Mattel is correct, will very shortly be dismissed on summary judgment *as a matter of law?*  Clearly, the answer is "no."

Despite Mattel's egregious distortions[1] and outright misrepresentations, MGA is *not* in violation of the prior Discovery Master's Order, nor has it "refused" to comply with that Order.  The prior Discovery Master never specified a date or time period after the Phase 2 discovery stay was lifted upon which MGA was supposed to provide further responses to Interrogatory Nos. 43 and 44.  MGA has *expressly* has represented that it *will* answer those interrogatories (as well as Interrogatory Nos. 51-55 and 64), and MGA has even proposed dates on which it will do so.

MGA's proposed response dates are the subject of a currently pending Motion for Protective Order that MGA filed one week *before* Mattel filed its Motion to Compel.  MGA's Motion for Protective Order asks the Discovery Master, among other things, to stay MGA's obligation to provide responses to Interrogatory Nos. 43, 44, 51-55 and 64 (the "Trade Dress Interrogatories") until the earlier of (1) 21 days after the Court decides Mattel's summary judgment motion, to the extent any trade dress claims remain, or (2) if the Discovery Master

---

[1] For example, Mattel begins its motion by suggesting that MGA has delayed providing answers to the subject interrogatories for "[a]lmost four years." *See* Mattel Memo. of Points & Authorities at 1:5-7 ("Almost four years later, MGA still has yet to respond to Mattel's interrogatories…")  That is simply not true. There are two sets of interrogatories at issue – one served approximately *four months before the then-applicable  discovery cut-off date* (March 3, 2008) and the other served *less than three months before that cut-off date*. *See* Watson Decl. in Support of Mattel's Motion, Ex. 1 at 17 (Mattel's Amended Fourth Set of Interrogatories was served October 23, 2007), Ex. 11 at 225-26 (Mattel's Supplemental Interrogatories were served January 9, 2008).

Mitchell
Silberberg &
Knupp LLP

2159926.1

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
TRADE DRESS INTERROGATORIES

Exhibit 10
Page 124

1    denies MGA's request for such a Protective Order, 21 days after denial of the

2    Motion for Protective Order.

3        Given the pendency of MGA's Motion for Protective Order, it was

4    completely unnecessary for Mattel to move to compel responses to the Trade Dress

5    Interrogatories. *Whether* MGA will provide responses is not an issue. The

6    question of *when* MGA will do so will be decided when the present Discovery

7    Master rules on MGA's Motion for Protective Order. Accordingly, Mattel's

8    Motion is without any justification whatsoever, let alone the "substantial

9    justification" that the Federal Rules of Civil Procedure demand. Mattel should be

10   sanctioned not only for filing an utterly unnecessary motion, but also for blatantly

11   misrepresenting that MGA has "violated" a prior Order and "refused" to answer

12   Interrogatories 43 and 44.[2]

13       Mattel also should be sanctioned for filing this Motion insofar as it asks the

14   Discovery Master to overrule certain objections MGA made to Interrogatory Nos.

15   51-55 and 64, because Mattel *never* met and conferred with MGA about the

16   objections it now challenges Mattel makes yet another flagrant misrepresentation

17   when it contends that "MGA refused to discuss its specific objections to these

18   interrogatories or whether it would be standing on its remaining objections when it

19   did provide responses." Not surprisingly, Mattel does not (because it cannot)

20   proffer an iota of admissible evidence to support this assertion.[3] Mattel did not

21

22   [2] Mattel also attempted an end-run around the Discovery Master and *both* MGA's
     Motion for Protective Order *and* its own Motion to Compel. Two (court) days
23   after filing its Motion to Compel, Mattel filed an improper *ex parte* application
     asking Judge Larson to hold MGA in contempt for supposedly violating the prior
24   Discovery Master's Order regarding Interrogatory Nos. 43 and 44 – thus seeking to
     preempt the Discovery Master's ruling on the very same issue Mattel had already
25   raised in the instant Motion to Compel. The Court declined to hear the matter,
     instead referring it to the Discovery Master, to whom, the Court ruled, the matter
26   should have been addressed. *See* Declaration of Jean Pierre Nogues in Opposition
     to Motion to Compel ("Nogues Decl."), Exs. A and K.

27   [3] *See* MGA's Objections to Declaration of Declaration of Scott L. Watson In Supp.
     of Mattel's Motion ("Watson Decl."). Indeed, the exhibits attached to Mr.

Mitchell
Silberberg & 28                                                            (...continued)
Knupp LLP
2159926.1                                            3

Exhibit  10
Page  125

1   raise the subject of the objections it now challenges either in its initial meet and

2   confer letter[4] or thereafter.  Nor did Mattel's counsel even attempt to discuss those,

3   or any other, objections with MGA's counsel when the parties had their telephonic

4   meet and confer discussions about the Trade Dress Interrogatories.  Watson Decl.,

5   Ex. 15.  MGA's counsel did not "refuse" to discuss MGA's objections to

6   Interrogatories 51-55 and 64 because the topic *was never broached* by Mattel's

7   counsel after MGA responded to Mattel's request for a response date by proposing

8   a stay of trade dress discovery pending resolution of Mattel's summary judgment

9   motion.  *See* Nogues Decl., ¶ 7; Watson Decl., Exs. 17-19.

10        Failure to sanction Mattel and its counsel under the circumstances present

11  here will simply encourage them to continue bombarding MGA (and the Discovery

12  Master) with unnecessary discovery motions[5], to continue shading the truth, and to

13  continue flouting their obligation to meet and confer in good faith.  MGA

14  respectfully requests the Discovery Master to make it clear to Mattel and its

15  counsel that this type of behavior is simply not acceptable.

16

17

18

19  (...continued)
    Watson's Declaration summarizing the February 6 meet and confer session  never
20  mention any alleged refusal to discuss objections to the Trade Dress
    Interrogatories.

21  [4] *Compare* Ex. 12 to Watson Decl. *with* Mattel Memorandum of Points and
    Authorities at 12:1-26:4.

22  [5] Indeed, one (court) day after filing *this* unnecessary Motion to Compel, Mattel
    advised MGA that was going to (and did) file a *third* motion on the *identical*
23  interrogatories -- an *ex parte* application to the *District Court* seeking to hold
    MGA in contempt for "violating" the prior Master's order to answer Interrogatory
24  Nos. 43 and 44 --*precisely* the argument it has made in this Motion.  Nogues Decl.,
    Ex. A.  The Court declined to rule on the matter, and referred it to the Discovery
25  Master, holding that it should have been filed with the Discovery Master to begin
    with.  Nogues Decl. Ex. K.
26

27

28

Mitchell
Silberberg &
Knupp LLP

2159926.1

4

Exhibit  10
Page  126

## II.    STATEMENT OF RELEVANT FACTS[6]

**The Interrogatories.** At issue in this Application are eight Interrogatories, two (Nos. 43 and 44) propounded by Mattel on October 23, 2007, and six (Nos. 51 through 55 and 64) propounded on January 9, 2008. Watson Decl., Exs. 1 and 12. All of these interrogatories (the "Trade Dress Interrogatories") sought information concerning MGA's claims that Mattel had wrongfully copied and diluted the trade dress of MGA products. Specifically, they sought: dates of conception of the designs and products as to which MGA claims trade dress protection (Interrogatory No. 43); dates the items MGA claims are protected were first "fixed" in tangible form (Interrogatory No. 44); listings of Mattel products that infringed or diluted MGA's products, designs, concepts and packaging (Interrogatory No. 51); units of infringed products and items sold, and revenues, costs and profits relating to those sales (Interrogatory No. 52); facts relating to application of *Sleekcraft* factors[7] (Interrogatory No. 53); facts supporting allegations of willful copying and infringement by Mattel (Interrogatory No. 54); and facts supporting MGA's dilution allegations (Interrogatory No. 55) *Id.* MGA initially objected to Interrogatories 43 and 44 on November 15, 2007, and then supplemented its responses on November 30, 2007 and January 8, 2008. *Id.*, Exs. 3 and 7.[8] MGA

---

[6] In order to avoid burdening the Discovery Master with duplicative paperwork, this Opposition will, whenever possible, cite to exhibits to the Watson Declaration filed in support of Mattel's Motion to Compel.

[7] In *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979), the Court listed eight factors that should be considered in assessing the likelihood of confusion between two marks: strength of mark, proximity of goods, similarity of marks, evidence of actual confusion, marketing channels used, degree of care exercised by purchaser, defendant's intent and likelihood of expansion of product line. *Id.* at 348-49.

[8] It bears noting that MGA already has provided millions of pages of documents and voluminous pages of interrogatory responses, not to mention hours of deposition testimony, concerning its trade dress claims. *See, e.g.,* February Order Watson Decl., Ex. 8, at 174:1-8 (denying Mattel's Motion to Compel further responses to Interrogatory Nos. 48-50: "[T]he MGA parties' responses identify Mattel's 'My Scene' fashion dolls and pet dolls as the Mattel products that infringe their trade dress. The MGA parties also set forth the principal facts supporting (...continued)

Mitchell
Silberberg &
Knupp LLP

2159926.1

5

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
TRADE DRESS INTERROGATORIES

Exhibit 10
Page 121

1    served objections to Interrogatories 51-55 and 64 on February 8, 2008, after the

2    Court stayed all Phase 2 discovery.  Watson Decl., Ex. 12.

3        **The February 15, 2008, Order.**  In December 2007, Mattel filed a motion

4    to compel further responses to twenty-three interrogatories, including

5    Interrogatories 43 and 44.  Watson Decl., Ex. 4.  On February 15, 2008, the former

6    Discovery Master (Hon. Edward Infante), issued a lengthy order in which he

7    denied Mattel's motion as to seventeen interrogatories, and granted it as to six

8    (after narrowing one of them) (the "February Order").  *Id.*, Ex. 8.  Among the six

9    interrogatories as to which Judge Infante ordered supplemental responses were

10   Interrogatories 43 and 44.  The February Order directed that further supplemental

11   responses be provided by February 26, 2008.  *Id.*

12       **The Phase 2 Discovery Stay And The Clarification Order.**  On

13   February 4, 2008, the Court stayed all Phase 2 discovery.  Believing that the

14   February Order, insofar as it required responses by February 26, 2008 to certain

15   Interrogatories, including Nos. 43 and 44, was in conflict with the February 4,

16   2008 Stay of Phase 2 discovery, MGA moved for clarification to Judge Infante.

17   Judge Infante granted the Motion for Clarification and stayed MGA's obligation to

18   respond to those Interrogatories:

19          "Having reviewed the interrogatories at issue in this
            Motion for a second time, it is apparent that the
20          interrogatories are relevant primarily, if not exclusively,
            to Phase 2…. Accordingly, the MGA Parties' motion is
21          granted.  The MGA Parties' obligation to supplement
            their responses to Interrogatory Nos. 41, 43, and 44… are
22          hereby stayed until further order of the district court
23          lifting the stay on Phase 2 discovery."

24

25

26   _____
     (…continued)
27   their contention that their trade dress is protectable under the applicable trade dress
     legal principles…")

Mitchell
Silberberg &
Knupp LLP

2159926.1

6

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
TRADE DRESS INTERROGATORIES

28

Exhibit 10
Page 128

1   April 22, 2008, Order re: Clarification (the "Clarification Order") (Watson Decl.,

2   Ex. 10, pp. 206-07).

3        **The Stay is Lifted But No New Response Date Is Ordered.** On January 6,

4   2009, the Court lifted the discovery stay and appointed Robert O'Brien as

5   Discovery Master. Watson Decl., Ex. 13. Neither the Court nor the new

6   Discovery Master set a new deadline for compliance with the February Order, nor

7   did Mattel request either the Court or the Discovery Master to do so. Thus, there is

8   no extant order requiring MGA to provide supplemental responses to the

9   Interrogatories by any specific date.

10        **Mattel Advises MGA That It Intends Immediately To Move For**

11   **Summary Judgment On MGA's Trade Dress Claims.** The first meet and confer

12   letter Mattel sent after the Phase 2 stay was lifted did *not* pertain to discovery, but

13   to Mattel's intent to file a motion for summary judgment on MGA's trade dress

14   claims. On January 8, 2009 (less than 48 hours after the stay had been lifted),

15   Mattel sent a letter to counsel for MGA announcing that it planned to move for

16   summary judgment on MGA's trade dress claims on the theory that the Phase 1

17   verdicts precluded MGA from claiming trade dress rights in Bratz products as a

18   matter of law. Watson Decl., Ex. 16. On February 18, 2009, Mattel's counsel

19   stated that the summary judgment motion would be filed within a week after the

20   Court ruled on pending post-trial motions.[9]

21        **Mattel Demands that MGA Provide Supplemental Responses to the**

22   **Trade Dress Interrogatories; The Parties Meet and Confer.** In late January,

23   2009, Mattel sent letters to MGA's counsel inquiring when MGA would provide

---

24
25   [9] The parties disagree about whether Mattel's counsel stated that its summary judgment motion would be filed within a week or within weeks of the Court's
26   decision on the pending Phase 1 matters. *Compare* Watson Decl., Ex. 23 *with* Nogues Decl. Ex. D. Either way, it is clear that Mattel plans to file the motion
27   quite promptly, and that with the current December 11, 2009, discovery cut-off, there will be ample time to deal with trade dress discovery after the Court rules on
28   that motion.

Mitchell
Silberberg &
Knupp LLP

2159926.1

7

Exhibit  10
Page  129

1    supplemental responses to the Trade Dress Interrogatories (thereby acknowledging
2    that there was no order requiring that responses to Interrogatories 43 and 44 be
3    provided by a specific date). Watson Decl., Exs. 14 and 15.
4         Thereafter, counsel met and conferred about the issue. Reasoning that it did
5    not make sense for MGA to provide detailed discovery that Mattel did not need for
6    its summary judgment motion, and whose relevance would depend on the outcome
7    of that motion, MGA proposed that the parties agree that supplemental responses
8    to the Interrogatories be provided within 30 days after the Court decided Mattel's
9    summary judgment motion. Watson Decl., Ex. 18. MGA's counsel said that if
10   Mattel were unwilling to agree, MGA would seek a protective order staying any
11   obligation to provide further responses to the Interrogatories until after a ruling on
12   the motion for summary judgment. *Id.* Mattel's counsel said they would
13   "consider" MGA's proposal. *Id.*, Ex. 19. On February 12, 2009, Mattel rejected
14   MGA's proposal, and demanded that MGA provide its supplemental responses by
15   February 27. *Id.*, Ex. 21.
16        MGA then proposed that it respond to the Interrogatories (a) if its protective
17   order motion were denied, within 21 days after that denial, or (b) if the motion
18   were granted, within 21 days after the Court's decided Mattel's summary judgment
19   motion. *Id.*, Ex. 23. Mattel did not respond to that proposal. Nogues Decl. ¶ 8.
20   **MGA's Motion For Protective Order and Mattel's Motion To Compel.**
21   On February 27, 2009, MGA filed its Motion for a Protective Order, requesting
22   that the Discovery Master issue an order staying MGA's obligation to provide
23   further responses to the Trade Dress Interrogatories until 21 days after the Court
24   decided Mattel's motion for summary judgment or, if the Discovery Master denied
25   the Protective Order, 21 days after such denial. Nogues Decl. ¶ 9. The Discovery
26   Master set MGA's Motion for a hearing on April 14, 2009. Id., Ex. E.
27

28

Mitchell
Silberberg &
Knupp LLP

2159926.1

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
TRADE DRESS INTERROGATORIES

Exhibit 10
Page 130

1    Mattel filed its opposition to MGA's Motion on March 6, 2009. Nogues

2    Decl. ¶ 11. That same day, Mattel also filed its motion to compel further responses

3    to the Trade Dress Interrogatories. *Id.* ¶ 12.[10]

4    III.   **MATTEL HAS MISREPRESENTED THE PRIOR ORDER**

5          **REGARDING INTERROGATORIES 43 AND 44, HAS**

6          **MISREPRESENTED THAT MGA HAS "REFUSED" TO ANSWER**

7          **THOSE INTERROGATORIES, HAS FILED AN UNNECESSARY**

8          **MOTION, AND SHOULD BE SANCTIONED.**

9

10         A.     **MGA Is Not In Violation Of Judge Infante's Order**

11   Judge Infante's Order directing MGA to provide supplemental responses to

12   Interrogatories 43 and 44 (Ex. 8 to Watson Decl.) was issued on February 15,

13   2008, eleven days after Judge Larson had stayed Phase 2 discovery. The

14   February 15, 2008 Order did direct MGA to supplement those responses by

15   February 26, 2008. *Id.* *However*, Judge Infante subsequently *stayed* his own

16   Order, after "[h]aving reviewed the Interrogatories at issue for a second time," and

17   having concluded that Interrogatory Nos. 43 and 44 "are relevant primarily, if not

18

19   [10] Notwithstanding the pending motions before the Discovery Master, on March 9,
20   2009, Mattel's counsel informed MGA (for the first time) that Mattel would be
     filing an *ex parte* application with the Court "relating to MGA's continuing
21   refusals and failures to comply with the Discovery Master's Order of February 15,
     2008." Nogues Decl., Ex. F. Because Mattel's letter did not specify what
22   "refusals and failures" it was referring to, MGA's counsel asked for an
     explanation, pointing out that an ex parte application was inappropriate in light of
23   the many months remaining until the discovery cut-off, and that any dispute about
     Interrogatory Nos. 43 and 44 was already was pending before the Discovery
24   Master. Nogues Decl., Ex. G. At approximately 9:30 p.m. that evening, Mattel
     wrote a curt response confirming that its *ex parte* Application would be directed to
25   Interrogatory Nos. 43 and 44, and that "unless MGA immediately stipulates to
     fully and completely supplement its responses as ordered, Mattel will file its ex
26   parte application tomorrow." *Id.*, Ex. H. Mattel manually filed its ex parte
     Application at approximately 12:30 p.m. on Tuesday, March 10, 2009, but did not
27   send it to MGA's counsel (via e-mail) until a few minutes before 5:00 p.m. *Id.*,
     Exs. B and C. The Court declined to hear Mattel's ex parte application, referring
28   it, instead, to the Discovery Master. *Id.* Ex. K.

Mitchell
Silberberg &
Knupp LLP

2159926.1

9

Exhibit 10
Page 131

1    exclusively, to Phase 2." Ex. 10 to Watson Decl. at 205:22-23 and 206:1-4. The

2    former Discovery Master's Clarification Order expressly provided that "[t]he

3    MGA Parties' obligation to supplement their responses to Interrogatory Nos....43

4    and 44...[is] hereby stayed until further order of the district court lifting the stay on

5    Phase 2 discovery." *Id.* at 206:1-4. The former Discovery Master did not include

6    any specific date, or time period, after the Phase 2 stay was lifted within which

7    MGA had to provide supplemental responses.

8         Mattel itself recognizes that there is no extant order setting a date by which

9    MGA must respond. Thus, in its initial post-stay communication on the subject of

10   Interrogatory Nos. 43 and 44, Mattel's counsel wrote:

11              "On February 15, 2008, Judge Infante issued an order

12              compelling further responses to certain interrogatories

13              that Mattel had served. By order dated April 22, 2008,

14              Judge Infante clarified that the obligations of MGA and

15              MGA Mexico to respond to certain interrogatories were

16              stayed, as part of Phase 2 discovery. Now that the Phase

17              2 discovery stay has been lifted, please let me know

18              *when* we can expect the ordered supplemental

19              responses."

20   Ex. 14 to Watson Decl.)[11] Mattel's counsel did not even intimate there was a

21   specific deadline for responding, and they certainly have never been shy about

22   demanding compliance with orders, or threatening MGA for alleged violations of

23   orders. Absent an order *expressly mandating* an express response date, MGA is

24

25

26   [11] Despite these admissions and Judge Infante's ruling, Mattel has recently
     invented a theory that MGA was in contempt of Judge Infante's February Order
27   before he issue his Clarification Order. *See* Mattel Brief in Support of its *Ex Parte*
     Application 9. Clearly, Judge Infante did not think so.

Mitchell
Silberberg &
Knupp LLP    28
2159926.1
                                        10
                    MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
                                  TRADE DRESS INTERROGATORIES

Exhibit 10
Page 132

1    not in "violation" of anything, contrary to Mattel's repeated assertions. *See, e.g.,*

2    Mattel Motion at 1:11, 9:17, 10:2.[12]

3          B.      **MGA Has Not "Refused" To Answer Interrogatory Nos. 43-44**

4          Mattel's contention that MGA has "refused" to supplement its responses to

5    Interrogatory Nos. 43 and 44 is belied by the very exhibits it proffers in support of

6    its Motion.  In his February 6, 2009 letter to Mattel's counsel, MGA's counsel,

7    Jean Pierre Nogues, confirmed what he had said during the telephonic meet and

8    confer discussion earlier that day:

9                  "This will *confirm* MGA's proposal during our meet-

10                 and-confer-session today that MGA *would provide*

11                 *further responses to Mattel's Interrogatories 43, 44,* 51

12                 through 55, and 64, all of which deal with MGA's trade

13                 dress claims, *not later than 30 days after the Court*

14                 *decides the trade dress summary judgment motion*

15                 which Mattel has indicated it will be bringing...."

16                 [¶] I also advised that if Mattel did not agree to this

17                 proposal, MGA would make a motion for a protective

18                 order that would defer its obligation to respond until after

19                 the Mattel summary judgment motion is heard."

20

21

22   [12] In its *ex parte* Application to the District Court, Mattel made the astonishing
     argument that "[u]nder any possible reading or scenario, the deadline for
23   compliance is long past," but it carefully refrained from identifying what that
     deadline was, or when it had expired.  More important, at no time during the
24   parties' meet and confer conversations about MGA's proposal to defer responses
     until Mattel's summary judgment motion was decided did Mattel *ever* intimate that
25   there was a "deadline" that Mattel either had violated or was about to "violate."  If
     Mattel *had* told MGA that it believed that a deadline for response was about to
26   expire, MGA would have sought *ex parte* relief from the Master.  Instead, Mattel
     chose to sandbag MGA by filing a motion to compel in which, *for the very first*
27   *time*, it accused MGA of violating the February 15 Order.

28

Mitchell
Silberberg &
Knupp LLP

2159926.1

Exhibit 10
Page 133

1    Ex. 18 to Watson Decl. (emphasis added).  Mattel rejected this proposal by letter

2    dated February 12, 2009, in which its counsel demanded that MGA provide

3    supplemental responses on or before February 27, 2009.  (Ex. 21 to Watson Decl.).

4         Mr. Nogues then made an alternative proposal:

5              "[The MGA Parties] *offer to provide their supplemental*

6              *responses either:* (1) if the protective order motion is

7              denied, *21 days after its denial; or* (2) if the protective

8              order motion is granted, *21 days after the Court decides*

9              *Mattel's summary judgment motion,* to the extent any

10             trade dress claims remain after that decision."

11   (Ex. 23 to Watson Decl.) (emphasis added)[13]  In short, this is a dispute about the

12   timing of the supplemental responses; it is *not* a dispute about whether they will be

13   provided.[14]

14        Because Mattel has already (over) burdened the Discovery Master with

15   pounds of paper, MGA will not repeat here the arguments set forth at length in its

16   opening and reply briefs in support of its Motion for Protective Order, which

17   address MGA's position on the "when" question.  Instead, MGA incorporates

18   those briefs (and the supporting declaration and exhibits) by reference, and based

19   thereon respectfully submits that the Discovery Master should deny Mattel's

20   Motion to Compel.

21

22

23

24

25   [13] Mattel never responded to this proposal.  Nogues Decl. ¶ 8.

26   [14] Mattel attempts to twist a dispute over timing that into a "refusal to respond" by
     sleight-of-hand references to objections made by Phase 1 counsel almost a year
     *before* Mr. Nogues expressly stated that MGA *would* respond.  *See* Mattel Memo

27   of Points and Authorities at 10:10-11 and n. 54 (citing relevance objections
     prepared by Phase 1 counsel on March 3, *2008*).

Mitchell
Silberberg &   28
Knupp LLP

2159926.1                                    12
             MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
                            TRADE DRESS INTERROGATORIES

Exhibit 10
Page 131

1      C.    **Sanctions And An Award Of Attorneys Fees Should Be Imposed**

2            **On Mattel, Not MGA.**

3            With almost unbelievable chutzpah, Mattel argues that is entitled to

4    sanctions because MGA "forced" it to file a motion to compel responses to

5    Interrogatories.  Nothing of the sort occurred.  As discussed above, there is no

6    dispute about whether MGA will respond to Interrogatories 43 and 44, only when,

7    and MGA had already brought the "when" question to the Discovery Master one

8    week *before* Mattel filed the instant motion to compel.  Mattel's motion to compel,

9    was entirely unnecessary.

10           Significantly, the "when" question only arose after Mattel announced that it

11   was imminently moving for summary judgment on MGA's trade dress claims

12   (based on the Phase 1 verdicts) but *simultaneously* demanded that MGA provide

13   detailed factual information about the very causes of action Mattel contends

14   *cannot exist as a matter of law* because of the Phase 1 verdicts.  When Mattel

15   rejected MGA's informal request to defer the responses until after the summary

16   judgment motion was decided, MGA took the legally appropriate step of moving

17   for a Protective Order.  *See* Fed. R. Civ. Proc. 26(c) ( "[t]he court may, for good

18   cause, issue an order to protect a party or person from annoyance, embarrassment,

19   oppression, or undue burden or expense [by]. . . (B) specifying terms, including

20   time and place, for the disclosure or discovery."

21           Cases are legion that recognize the propriety of staying discovery when, as

22   here, a dispositive motion, such as a summary judgment motion, "would obviate

23   the need for discovery."  Kendall et al., Matthew Bender Federal Practice Guide:

24   Federal Civil Procedure in California § 22.40(4)(a).  *See, e.g., Little v. City of*

25   *Seattle,* 863 F.2d 681, 685 (9th Cir. 1989) (as amended) (stay of discovery pending

26   resolution of dispositive immunity issue appropriate because it "furthers the goal of

27   efficiency for the court and litigants."); *In re Netflix Antitrust Litigation,* 506 F.

Mitchell
Silberberg &      28
Knupp LLP
2159926.1

13

1    Supp. 2d 308, 321 (N.D. Cal. 2007) (courts have broad discretion to stay discovery

2    pending the resolution of a potentially dispositive motion); *Orchid Biosciences,*

3    *Inc. v. St. Louis University*, 198 F.R.D. 670, 672 (S.D. Cal. 2001) ("court has broad

4    discretion to stay discovery in a case while a dispositive motion is pending");

5    *Coastal States Gas Corp. v. Dept. of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)

6    ("It is within the sound discretion of the Court to postpone discovery of issues

7    relating to the merits of a case pending resolution of potentially dispositive

8    motions. [Citations]. Indeed, such a procedure is an eminently logical means to

9    prevent wasting the time and effort of all concerned, and to make the most efficient

10   use of judicial resources. [Citation]").

11         It would be a perversion of every conceivable notion of economy and

12   efficiency, not to mention fairness and Rule 26(c) itself, if a motion to compel

13   could be used to sanction a party for exercising its legal right to seek a protective

14   order. *See, e.g.*, Schwarzer, Tashima & Wagstaff, Federal Civil Procedure Before

15   Trial (Rutter Group 2008 ¶ 11:2386 ("[W]here there is legitimate difference of

16   opinion, an award of expenses is usually improper.); *1st Technology LLC v. Bodog*

17   *Entm't Group S.A.*, 2009 WL 426605, at *2 (W.D. Wash. Feb. 19, 2009) (where

18   issues presented "were legitimate and relatively complicated," Defendants' delay

19   in responding to the Discovery Requests until the Court ruled on the Motion to

20   Dismiss was substantially justified; the Court declined to impose sanctions.)

21         We anticipate Mattel will argue, as it did in its *ex parte* Application to the

22   District Court, that "[i]t has...been ruled in this case that it is improper and

23   sanctionable to disobey an Order while appealing or collaterally attacking an order

24   absent an actual stay," and that "MGA was previously sanctioned for disobeying a

25   discovery Order while 'gambling' that it would be granted a stay." *Ex parte*

26   Application at 16. These arguments are specious. First, MGA has not appealed,

27   challenged or otherwise refused to obey the February Order. Nor has it attempted

28

Mitchell
Silberberg &
Knupp LLP
2159926.1

14

Exhibit 10
Page 136

1    to attack the factual or legal basis for that order as an excuse for noncompliance.

2    All MGA has done is to request that the Discovery Master temporarily defer the

3    time to respond.  MGA's request is based upon the new, intervening circumstances

4    that arose between the issuance of that order and the lifting of the discovery stay –

5    *i.e.,* the Phase 1 verdicts and Mattel's announcement of an imminent summary

6    judgment motion based solely on those verdicts.  Second, the previous sanction

7    ruling to which Mattel refers pertained to MGA's failure to designate and propose

8    dates for a 30(b)(6) *by a specific date set forth in a Discovery Master order* after

9    Judge Larson had denied an emergency request for a stay a few days before the

10   date *specified* in the underlying order.[15]

11          In fact, the party that should be sanctioned is Mattel and its counsel, not

12   MGA.  Sanctions against Mattel are appropriate under both Fed. R. Civ.

13   Proc. 37(B) and 28 U.S.C. § 1927.  Rule 37(B) provides that a party opposing a

14   motion to compel is entitled to the cost of opposing the motion where, as here, the

15   motion is filed without substantial justification.  Sanctions also are more than

16   warranted under 28 U.S.C. § 1927 which, as Mattel admits, provides that "[a]ny

17   attorney who…so multiplies the proceedings in any case unreasonably and

18   vexatiously may be required by the court to satisfy personally the excess costs,

19   expenses and attorneys fees reasonably incurred because of such conduct."

20          Here, Mattel not only has unreasonably and vexatiously filed a Motion to

21   Compel that was unnecessary because the issue of when MGA should supplement

22   its responses to Interrogatory Nos. 43 and 44 was already before the Discovery

23   Master, but it then *further* multiplied the proceedings and attempted to do an end-

24   run around the Discovery Master by filing an *ex parte* application asking the

25

26

27   ──────────────
     [15] It also bears noting that Mattel itself was sanctioned for failing to produce a
     properly educated 30(b)(6) deposition witness as previously ordered.

Mitchell
Silberberg &    28
Knupp LLP
                                        15
2159926.1          MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
                                  TRADE DRESS INTERROGATORIES

Exhibit 10
Page 137

1    District Court to hold MGA in contempt for "refusing" to answer these same

2    interrogatories.[16]

3

4    IV.    MATTEL'S MOTION TO COMPEL RESPONSES TO

5           INTERROGATORY NOS. 51-55 AND 64 IS PROCEDURALLY

6           IMPROPER AND SUBSTANTIVELY WITHOUT MERIT, AND

7           SHOULD BE DENIED

8           As with Interrogatory Nos. 43 and 44, the parties' dispute is not about

9    whether MGA will respond to Interrogatory Nos. 51-55 and 64, but when.[17]  And,

10   as with Interrogatory Nos. 43 and 44, the "when" question was already before the

11   Discovery Master when Mattel filed this utterly unnecessary Motion to Compel.

12   Thus, MGA again incorporates by reference the arguments in its briefs in support

13   of its Motion for Protective Order.

14         A.    **Mattel's Motion To Overrule MGA's Objection Must Be Denied**

15               **Because Mattel Failed To Comply With The Requirement To**

16               **Meet and Confer In Good Faith**

17         Mattel asks the Discovery Master to overrule objections to Interrogatory

18   Nos. 51-55 and 64 *that Mattel never met and conferred with counsel about,* and

19   some of which were not made with respect to these interrogatories in any event.

20   Fed. R. Civ. Proc. 37(a)  requires a party to "meet and confer in good faith" before

21

22

23   [16] In an argument so lacking in merit that Mattel hid it in a footnote, Mattel tried to
24   justify its *ex parte* application on the ground that "contempt sanctions are outside
     the bounds of the Discovery Master's authority." *See* Nogues Decl., Ex. A at I, n.1.
25   That argument ignores the facts that the Discovery Master has the authority to
     recommend contempt sanctions (Fed. R. Civ. P. 53(c)(2)), and the Discovery Order
26   expressly requires "any and all" discovery matters to be brought to the Discovery
     Master first.

27   [17] *See* J. Nogues letters to J. Corey dated February 6, 2009 and February 19, 2009,
     Exs. 18 and 23 to Watson Decl. and quoted in relevant part in Section III B, *supra.*

28

Mitchell
Silberberg &
Knupp LLP

2159926.1

Exhibit  10
Page  138

1   filing a discovery motion.  The Discovery Master Order similarly provides, in clear
2   and unambiguous terms:

> "The moving party *shall* first identify *each* dispute, state
> the relief sough, and identify the authority supporting the
> requested relief in a meet and confer letter...."

6   Discovery Master Order, ¶ 5.

7       Mattel's meet and confer letter concerning these interrogatories is utterly
8   devoid of any reference whatsoever to the putative impropriety of the objections it
9   now challenges -- objections (1) to the definitions of "SOLD," "SELL," "SALE"
10  and "MATTEL" (Mattel Memo. of Points & Authorities at 13:18); (2) that the
11  information sought may be the subject of expert testimony or analysis (*id.* at 16);
12  (3) that some of the information is better known to Mattel (*id.* at 17); (4) that the
13  interrogatories are compound (*id.* at 18); (5) that the interrogatories are duplicative
14  (*id.* at 19); (6) that the interrogatories are unduly burdensome (*id.* at 20); and
15  (7) that information subject to any privilege will not be provided (*id.* at 25).  *See*
16  Ex. 15 to Watson Decl.  The *only* objections with which Mattel took issue in its
17  meet and confer letter were MGA's objections to the definition of "Former Mattel
18  Employees," and "Mattel Documents" -- objections that Mattel does not even
19  mention in the instant motion (presumably because the terms "Former Mattel
20  Employees" and "Mattel Documents" do not appear in any of Interrogatory Nos.
21  51-55 or 64).  *Id.*

22      Mattel not only failed to address the now-challenged objections in its meet
23  and confer letter, but it has not proffered an iota of admissible evidence
24  establishing that it ever raised these issues orally.  *See* MGA Objections to
25  Declaration of Scott Watson, including objection to ¶ 18 thereof.  The absence of
26  evidence is hardly surprising, since none of these objections (or any others) were
27  raised by Mattel's counsel in any meet and confer conversation about Interrogatory

Mitchell
Silberberg &
Knupp LLP
28

2159926.1

17

Exhibit 10
Page 139

1   Nos. 51-55 or 64. *See* Nogues Decl. ¶ 7. Mattel's claim that "MGA refused to

2   discuss specific objections" to these interrogatories (Mattel Memo of Points &

3   Authorities at 7:16-17) is simply another fabrication.

4         The meet and confer requirement is not some meaningless edict to which

5   counsel need only give a perfunctory nod. It is intended to encourage the parties to

6   have productive interchanges in the hope they can resolve their disputes without

7   the necessity of court intervention. Thus, unless a moving party demonstrates it

8   made a good faith attempt to resolve an issue before asking the court of assistance,

9   a motion to compel should be denied. *See, e.g., Robinson v. Potter*, 453 F.3d 990,

10  995 (8th Cir. 2006) (affirming denial of motion to compel where moving party

11  failed to show parties met and conferred in good faith); *Naviant Marketing*

12  *Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186-87 (3d Cir. 2003) (district

13  court properly denied motion to compel where movant's counsel "failed to make a

14  good faith effort to resolve discovery disputes prior to invoking court

15  intervention."). Here, Mattel did not meet and confer at all on the objections, let

16  alone do so in good faith.

17        While the parties did meet and confer about the ***timing*** of MGA's response

18  to Interrogatory Nos. 51-55 and 64, that does not give Mattel *carte blanche* to run

19  to the Discovery Master with ***other*** complaints it purportedly has about MGA's

20  response to these interrogatories – complaints that it neither shared with MGA, nor

21  tried to resolve informally. Accordingly, to the extent Mattel's motion seeks an

22  order "overruling" the objections at issue, the motion must be denied.

23        **B.    Each Of The Newly-Challenged Objections Is Valid And Proper**

24        Although MGA strongly believes that the Discovery Master should not

25  consider Mattel's arguments about MGA's objections because Mattel never met

26  and conferred with MGA, MGA is concerned that its failure to address Mattel's

27  arguments might be deemed a waiver of its right to rebut Mattel's specious

Mitchell
Silberberg &   28
Knupp LLP

2159926.1

18

Exhibit 10
Page 140

1   contentions.  Accordingly, and without waiving its position that Mattel's
2   arguments are not properly before the Discovery Master, MGA will address each
3   of the objections to which Mattel belatedly has taken umbrage.

### 1.   The Definitions Of "SOLD," "SELL," SALE" and "MATTEL"

6          Mattel's request that the Discovery Master overrule MGA's objections to
7   the definitions of "SOLD," "SELL," SALE" and "MATTEL" can be dismissed
8   out of hand.  None of Interrogatory Nos. 51, 53, 54, 55 or 64 uses any of those
9   capitalized terms.  Interrogatory No. 52 does use the term "SALES," but in a
10  context that can only mean one thing -- the transfer of title for compensation.  That
11  is because Interrogatory No. 52 first asks about products "sold" (*without* that term
12  being capitalized) by MGA or its licensees, and then asks for revenues received by
13  MGA from "*such*" "SALES."  The question thus simultaneously refers back to
14  sales (an undefined term that must be understood in the ordinary sense of the word)
15  of products by MGA or its Licensees, and then uses a term of much broader
16  definition that is not employed in the earlier part of the question.  As such, MGA
17  quite properly incorporated its general objection that the definition rendered the
18  interrogatory ambiguous, since that definition includes concepts such as
19  "marketing" and "distribution" that cannot be squared with the questions posed in
20  Interrogatory No. 52.

21         MGA's objection to Mattel's definition of "MATTEL" also is entirely
22  proper.  Mattel sweeps within that definition "its current employees, officers,
23  directors, agents representatives, attorneys, parents, subsidiaries, divisions,
24  AFFILIATES, predecessors-in-interest, successors-in-interest, and any other
25  PERSON acting on its behalf, pursuant to its authority or subject to its control."[18]

26

27  ──────────
[18] "AFFILIATE" and "PERSON" are also broadly defined terms, which add extra
layers of complexity and confusion to Mattel's definition of "MATTEL."

Mitchell
Silberberg &
Knupp LLP

2159926.1

28

Exhibit 10
Page 141

1    This broad definition of Mattel makes each of the interrogatories vague,

2    ambiguous and incomprehensible to the MGA Parties. MGA simply has no idea

3    who or what is included in this definition of MATTEL, and fully suspects that even

4    Mattel and its counsel would be hard pressed accurately to list everyone and every

5    entity included. Moreover, MGA suspects that this definition, read literally, would

6    encompasses thousands of entities and individuals, rendering the Trade Dress

7    Interrogatories vastly more compound and unduly burdensome than they already

8    are. *See* discussion *infra.* Thus, MGA's objection to Mattel's overbroad, vague

9    and incomprehensible definition of MATTEL is spot on, and should be sustained.

10            **2.      The Expert Witness Analysis Objection In Interrogatory**

11                      **Nos. 51 and 53 Is Proper**

12            As the prior Discovery Master already has held, "[t]hat the interrogatory

13   responses include a reservation of rights to supplement during expert discovery

14   does not render the responses inherently improper or objectionable." Watson

15   Decl., Ex. 8 at 174:8-9.[19] Interrogatory No. 51 seeks identification of elements and

16   products subject to trade dress infringement and dilution. As the prior Discovery

17   Master observed in denying Mattel's earlier effort to have the "expert analysis"

18   objection overruled, "Mattel does not contest that the identification of the elements

19   and products subject to trade dress infringement will be a subject of expert

20   analysis." *Id.* at 174:10-11. Nor does Mattel dispute that the subject of

21

22

23   [19] Mattel's discussion of this objection conveniently omits that it was made in
     conjunction with MGA's General Objections, which state, among other things,
24   (1) "MGA objects to these Interrogatories to the extent that they may unfairly seek
     to restrict the facts on which MGA may rely at trial… MGA reserves the right to
25   supplement of amend these responses at a future date;" and (2) "MGA objects to
     these Interrogatories to the extent that they seek information that will be the subject
26   of expert witness testimony and that is therefore premature. MGA further objects
     to these Interrogatories to the extent that they seek to circumvent the expert
27   disclosure provisions of the Federal and Local Rules." Watson Decl., Ex. 12
     at 230:18-231:2.

Mitchell
Silberberg &
Knupp LLP

2159926.1

28

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
TRADE DRESS INTERROGATORIES

Exhibit 10
Page 142

1   Interrogatory No. 53 – likelihood of confusion – will be the subject of expert

2   testimony.

3          Mattel's assertion that Judge Larson held "this very objection…was not a

4   proper basis for withholding discovery" is disingenuous at best.  Judge Larson's

5   July 2, 2007 order merely *upheld* Judge Infante's ruling that the fact that net worth

6   is generally the subject of expert testimony "does not render it an improper subject

7   *for a Rule 30(b) (6) deposition.*"  Ex. 41 to Watson Decl. at 5.  MGA has not

8   objected to the subject matter of Interrogatory Nos. 51 and 53; it has simply

9   interposed an objection that preserves MGA's right to rely on expert testimony.

10  That Mattel's reliance on Judge Larson's Order is an exercise in substituting apples

11  for oranges is evident from the fact that, seven months *after* Judge Larson upheld

12  Judge Infante's order requiring MGA to designate a 30(b)(6) witness on a topic

13  that might also be the subject of expert testimony, Judge Infante ruled that for

14  *interrogatory* purposes, it was proper for MGA to preserve its right to later rely on

15  expert testimony.

16          3.      **Information Better Known to Mattel**

17          Mattel challenges this objection to Interrogatory Nos. 51 and 54.  Mattel is

18  wrong.  Interrogatory No. 51 demands that MGA identify *Mattel* products "by

19  SKU [Stock Keeping Unit] or bar code number."  If the SKUs or bar codes Mattel

20  assigns to its products are not uniquely known to Mattel, or better known to it than

21  to MGA, it is difficult to know what type of information would be.

22          Interrogatory No. 54 asks MGA, among other things, to identify all persons

23  with knowledge of the facts that Mattel copied MGA concepts, designs, products,

24  packaging, or "other matter."  Obviously, there are persons within Mattel

25  responsible for or knowledgeable about Mattel's copying, and to the extent MGA

26  has not yet identified such persons or Mattel's obstructionist tactics have prevented

27  it from doing so, MGA cannot provide the information.  That is not to say that

Mitchell
Silberberg &
Knupp LLP

2159926.1

28

Exhibit 10
Page 143

1  MGA will not provide whatever information it has (it has already said it will

2  further respond to this Interrogatory, subject to whatever timing order results from

3  its request for a Protective Order). However, MGA is entitled to preserve its

4  objection to providing information that Mattel has and MGA does not.

5          **4.    Interrogatory Nos. 51-53 Are Compound**

6       MGA objected to Interrogatories 51, 52 and 53 as compound. Mattel takes

7  issue with those objections as to Interrogatories 51 and 52, but *not* with respect to

8  Interrogatory 53, thereby conceding that Interrogatory No. 53 is objectionable on

9  this ground.

10       Mattel argues that Interrogatory Nos. 51 and 52 ask the same question about

11  a "common group." That is not true. Interrogatory 51 asks about "every [Mattel]

12  concept, design, product, product packaging or other matter" that MGA contends

13  "is a copy of, infringes or dilute" MGA's concepts, designs, products, product

14  packaging or other matters. Just stopping there, Interrogatory 51 deals with ten

15  very different tangible *and* intangible things (concepts, designs, products, product

16  packaging and "other matters" of MGA, and concepts, designs, products, product

17  packaging and "other matters" of Mattel) and at least two very different legal

18  concepts (copying/infringement and dilution).[20] The interrogatory then goes on to

19  add more subparts by purporting to require that MGA provide the product name,

20  SKU number or bar code number for each Mattel concept, design, product, product

21  packaging or other matter identified, and then to specify those "elements or

22  attributes that [MGA] contend[s] were copies, infringed and diluted." MGA's

23  compound objection is more than well-taken.

24       Interrogatory 52 is equally compound. There, Mattel once again asks

25  questions about multiple categories of different things (concepts, designs, products,

26

27

28

---

[20] *See, e.g., Jada Toys v. Mattel, Inc.,* 518 F.3d 628, 634, 636-37 (9th Cir. 2008); *Durney v. WaveCrest Laboratories, LLC,* 441 F. Supp. 2d 1055, 1062 (N.D. Cal. 2005).

Mitchell
Silberberg &
Knupp LLP

2159926.1

22

Exhibit 10
Page 144

1   product packaging or other matters), and two separate legal concepts

2   (copying/infringement and dilution). It then asks for four categories of information

3   (units sold, revenues, costs and profits) about each of the five things as to which

4   MGA makes one of two contentions. Once again, MGA's objection is well-

5   founded.[21]

### 5.   Some of the Interrogatories Are Duplicative of Others Previously Asked and Answered

8       MGA objected to Interrogatories 51 and 52 as duplicative of earlier

9   interrogatories. Mattel disagrees with MGA's assertions as to Interrogatory 52, but

10  does not take issue with MGA's duplication objection to Interrogatory 51.

11      Interrogatory 52 asks that MGA provide units sold, revenue, cost and profit

12  information for all products it contends Mattel copied, infringed or diluted. Mattel

13  concedes that its Interrogatory 45 asked MGA to provide units sold, revenues, cost

14  and profit information for Bratz products sold. In a lame attempt to get around this

15  duplication, Mattel argues that MGA has to do it all over again because now Mattel

16  is asking about all infringed and diluted products, not all Bratz products. MGA has

17  *already* told Mattel in great detail which of its products it contends Mattel·

18  copied/infringed or diluted. *See* MGA's Fourth Supplemental Response to

19  Interrogatory 2 (Ex. J to Nogues Decl.). MGA should not now have to go back and

20  re-sort and recompile the information which Mattel was already provided when

21  Mattel can just as easily as cost-effectively do it for itself.

22      Mattel *now* argues that the Interrogatory is not duplicative because it covers

23  three non-Bratz products, but that the Interrogatory is not so limited, and Mattel

24  has never offered to so limit it. As Judge Infante previously noted, "[i]t is not the

25

26  [21] *Collaboration Properties, Inc. v. Polycom, Inc.*, 224 F.R.D. 473, 475 (N.D. Cal. 2004) (denying motion to compel where single interrogatory seeking information

27  about 26 separate products in a patent case held to contain 26 discrete subparts and therefore would have violated maximum number of interrogatories allowed).

28

Mitchell Silberberg & Knupp LLP

2159926.1

23

Exhibit 10
Page 145

1 | MGA parties' responsibility to re-write the interrogatories[.]" Ex. 8 to Watson
2 | Decl. at 169:25-27.

**6.    MGA's Undue Burden Objections Are Well-Taken**

Mattel's incredibly broad definitions and multi-faceted questions are
overbroad. The former Discovery Master's rulings on Mattel's motion to compel
similarly broad Interrogatories 27 through 29 are instructive in this regard. In
denying Mattel's motion to compel with respect to those interrogatories, Judge
Infante noted:

> "Mattel's motion to compel further responses to
> Interrogatory Nos. 27-29 is denied because the
> interrogatories are overbroad and unduly burdensome.
> The definition of "Bratz Invention" is extremely broad,
> encompassing numerous intellectual property concepts.
> . . . Not all contention interrogatories requiring a
> recitation of all facts, documents and witnesses are
> objectionable. In the instant case, however, Mattel's
> contention interrogatories would force the MGA parties
> to review nearly 4 million pages of documents produced
> in this action and more than 50 days of deposition
> testimony in search of [the requested] information . . . ."

Watson Decl. Ex. 8 at 169:2-170:3 (citations omitted).

Much the same can be said here. In the Trade Dress Interrogatories, Mattel
has conflated many kinds of tangible and intangible "property," ranging from
products to designs to packaging to concepts, and has asked about copying,
infringement and dilution. Mattel has compounded this extraordinary burden
further by, for example, purporting to require that MGA identify Mattel's
offending products by name or SKU or code number, and "specify" those

Mitchell
Silberberg &
Knupp LLP

2159926.1

Exhibit 10
Page 146

1    "elements or attributes" of each product, design, packaging or concept that MGA

2    claims each Mattel product infringes, copies or dilutes (Interrogatory 51); identify

3    *Sleekcraft* factors for each concept, product, design or packaging infringed, copied

4    or diluted (Interrogatory 52); and identify all facts, witnesses and documents

5    pertaining to any of its claims in this case (Interrogatory 64).  These requests are at

6    least as overbroad and unduly burdensome as those previously rejected by the prior

7    Discovery Master.  MGA's objections should be similarly upheld here.

8               7.     **MGA's Privilege Objections Should Not Be Overruled**

9               Mattel also complains about MGA's privilege objections.  Those objections

10   were made to preserve MGA's ability to protect privileged documents and

11   information in the face of broad-ranging interrogatories that, among other things,

12   require MGA to identify documents and persons with knowledge of various things.

13   MGA is fully aware of its obligation to provide privilege logs when privileged

14   documents and information are responsive to discovery.  But given some of the

15   assertions and arguments made in this case to date, it cautiously and properly made

16   it clear that it was not waiving the attorney-client privilege and would not produce

17   any privileged information or documents responsive to Mattel's requests.

18              Once again, the prior Discovery Master's February 2008 rulings are

19   instructive in this regard.  In the motion that was the subject of that order, Mattel

20   had asserted that various MGA objections, including a privilege objection, were

21   improper boilerplate.  Watson Decl., Ex. 8 at 184:16-25.  The Discovery Master

22   did not overrule MGA's privilege objections.  Indeed, the only privilege ruling in

23   the February Order sustained MGA's privilege objections to Interrogatory 46.  *Id.*

24   at 182:10-183:12.

25

26

27

Mitchell
Silberberg &   28
Knupp LLP

2159926.1

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
TRADE DRESS INTERROGATORIES

Exhibit 10
Page 147

1                                    <u>Conclusion</u>

2              For all the reasons set forth herein the Discovery Master should deny

3    Mattel's motion to compel and award sanctions in favor of the MGA Parties and

4    against Mattel for this baseless and unnecessary motion.

5

6    DATED:  March 13, 2009                    RUSSELL J. FRACKMAN
                                               PATRICIA H. BENSON
7                                              MITCHELL SILBERBERG & KNUPP LLP

8

9                                      By:_____/s/_____.
                                           Patricia H. Benson
10                                         Attorneys for Defendants
                                           MGA Entertainment, Inc., MGA
11                                         Entertainment HK, Ltd., MGAE De
                                           Mexico, S.R.L. De C.V., and Isaac Larian
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Mitchell
Silberberg &   28
Knupp LLP

2159926.1
                                            26
                         MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
                                       TRADE DRESS INTERROGATORIES

Exhibit  10
Page 148

# Exhibit 11

**From**: Diane Hutnyan
**To**: Caroline Mankey
**Cc**: jason.russell@skadden.com
**Sent**: Mon Apr 20 12:13:44 2009
**Subject**: MGA/Mattel Correspondence

Caroline,

Please see attached correspondence.

Diane Cafferata Hutnyan, Esq.

## quinn emanuel |trial lawyers
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3666
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  dianehutnyan@quinnemanuel.com
Web:  www.quinnemanuel.com

Linked In:  http://www.linkedin.com/in/dianehutnyan

4/28/2009

Exhibit  11
Page 149

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Exhibit  11
Page  150

# Exhibit 12

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| NEW YORK | LOS ANGELES | SAN FRANCISCO |
|---|---|---|
| 51 Madison Avenue, 22nd Floor | 865 South Figueroa Street, 10th Floor | 50 California Street, 22nd Floor |
| New York, NY 10010 | Los Angeles, CA 90017 | San Francisco, CA 94111 |
| (212) 849-7000 | (213) 443-3000 | (415) 875-6600 |
| Facsimile: (212) 849-7100 | Facsimile: (213) 443-3100 | Facsimile: (415) 875-6700 |

| SILICON VALLEY | CHICAGO | LONDON | TOKYO |
|---|---|---|---|
| 555 Twin Dolphin Drive, Suite 560 | 250 South Wacker Drive, Suite 230 | 16 Old Bailey | Akasaka Twin Tower Main Building, 6th Floor |
| Redwood Shores, CA 94085 | Chicago, IL 60606 | London EC4M 7EG United Kingdom | 17-22 Akasaka 2-Chome |
| (650) 801-5000 | (312) 463-2961 | +44(0) 20 7653 2000 | Minato-ku, Tokyo 107-0052 Japan |
| Facsimile: (650) 801-5100 | Facsimile: (312) 463-2962 | Facsimile: +44(0) 20 7653 2100 | +81 3 5561-1711 |
| | | | Facsimile: +81 3 5561-1712 |

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   April 20, 2009                    **NUMBER OF PAGES, INCLUDING COVER:** 4

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Caroline Mankey, Esq.<br>Glaser, Weil, Fink, Jacobs & Shapiro LLP | (310) 553-3000 | (310) 556-2920 |
| cc:   Jason Russell, Esq.<br>        Skadden, Arps, Slate Meagher & Flom LLP | (213) 687.5000 | (213) 687.5600 |

**FROM:**   Diane C. Hutnyan

**RE:**   Mattel, Inc. v. MGA Entertainment, Inc. et al.

**MESSAGE:**

PLEASE SEE ATTACHED CORRESPONDENCE.



| CLIENT #   07975 | ROUTE/<br>RETURN TO:   Tiffany Garcia -3 | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED?   ☐ NO   ☐ YES: _____ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

Exhibit 12
Page 151

Job number      : 853                  *** SEND SUCCESSFUL ***

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

**CHICAGO**
250 South Wacker Drive, Suite 230
Chicago, IL 60606
(312) 463-2961
Facsimile: (312) 463-2962

**LONDON**
16 Old Bailey
London EC4M 7EG United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052 Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   April 20, 2009                    **NUMBER OF PAGES, INCLUDING COVER:** 4

| | NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| | Caroline Mankey, Esq.<br>Glaser, Weil, Fink, Jacobs & Shapiro LLP | (310) 553-3000 | (310) 556-2920 |
| cc: | Jason Russell, Esq.<br>Skadden, Arps, Slate Meagher & Flom LLP | (213) 687-5000 | (213) 687-5600 |

**FROM:**   Diane C. Hutnyan

**RE:**   Mattel, Inc. v. MGA Entertainment, Inc. et al.

**MESSAGE:**

PLEASE SEE ATTACHED CORRESPONDENCE.

| CLIENT # | 07975 | ROUTE/<br>RETURN TO: | Tiffany Garcia -3 | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?   ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit 12
Page 152

# Group Send Report

```
Page      : 001
Date & Time: 04-20-2009   12:31
Line 1    : 2134433100
Line 2    :
Machine ID : QUINN EMANUEL
```

Job number            :   853

Date                  :   04-20  12:29

Number of pages       :   004

Start time            :   04-20  12:29

End time              :   04-20  12:31

Successful nbrs.

   Fax numbers

        ☎1+13105562920
        ☎1+12136875600

Unsuccessful nbrs.                                                    Pages sent

Exhibit 12
Page 153

# Exhibit 13

## Mercedes Hereford

| | |
|---|---|
| **From:** | Adil Khan [amkhan@glaserweil.com] |
| **Sent:** | Monday, April 20, 2009 5:35 PM |
| **To:** | John Quinn; John Quinn; Michael T Zeller; Diane Hutnyan |
| **Cc:** | 'rjf@msk.com'; 'Benson, Patricia'; 'tnolan@skadden.com'; 'Jason.russell@skadden.com'; 'moverland@obsklaw.com'; 'acote@obsklaw.com'; Joel Klevens; Caroline Mankey; Sophia Lau |
| **Subject:** | RE: Mattel, Inc. v. MGA Entertainment, Inc., et al. |

**Attachments:** Motion to compel.pdf; Mankey Dec.pdf

Documents attached.

**Adil M. Khan | Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP**
10250 Constellation Boulevard, 19th Floor, Los Angeles, California  90067-6219
direct: (310) 556-7828 | fax: (310) 556-2920 |  amkhan@glaserweil.com
**This message and any attached documents may contain information from the law firm of Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.**

---

**From:** Adil Khan
**Sent:** Monday, April 20, 2009 5:34 PM
**To:** 'johnquinn@quinnemanuel.com'; 'johnquinn@quinnemanuel.com'; 'michaelzeller@quinnemanuel.com'; 'dianehutnyan@quinnemanuel.com'
**Cc:** 'rjf@msk.com'; 'Benson, Patricia'; 'tnolan@skadden.com'; 'Jason.russell@skadden.com'; 'moverland@obsklaw.com'; 'acote@obsklaw.com'; Joel Klevens; Caroline Mankey; Sophia Lau
**Subject:** Mattel, Inc. v. MGA Entertainment, Inc., et al.

Counsel,

Attached, please find service copies of the following documents:

(1) MGA ENTERTAINMENT, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS FROM MGA'S SECOND AND FIFTH SETS OF REQUESTS FOR PRODUCTION AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES TO MATTEL, INC.; and
(2) Declaration of Caroline H. Mankey in Support Thereof.

Thank you.

**Adil M. Khan | Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP**
10250 Constellation Boulevard, 19th Floor, Los Angeles, California  90067-6219
direct: (310) 556-7828 | fax: (310) 556-2920 |  amkhan@glaserweil.com
**This message and any attached documents may contain information from the law firm of Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.**

Exhibit 13
Page 154

# Exhibit 14

RECEIVED

MAR 2 7 2007

CALENDARED

1  DIANA M. TORRES (S.B. #162284)
   JAMES P. JENAL (S.B. #180190)
2  O'MELVENY & MYERS LLP
   400 South Hope Street
3  Los Angeles, California 90071-2899
   Telephone: (213) 430-6000
4  Facsimile: (213) 430-6407
   Email: dtorres@omm.com
5
   DALE M. CENDALI (admitted pro hac vice)
6  JOHANNA SCHMITT (admitted pro hac vice)
   O'MELVENY & MYERS LLP
7  Times Square Tower
   7 Times Square
8  New York, New York 10036
   Telephone: (212) 326-2000
9  Facsimile: (212) 326-2061
   Email: dcendali@omm.com
10
   PATRICIA GLASER (S.B. # 55668)
11 CHRISTENSEN, GLASER, FINK,
   JACOBS, WEIL & SHAPIRO LLP
12 10250 Constellation Boulevard, 19th Floor
   Los Angeles, CA 90067
13 Telephone:  (310) 553-3000
   Facsimile:  (310) 556-2920
14 Email: pglaser@chrisglase.com

15 Attorneys for Plaintiff
   MGA Entertainment, Inc.
16

17              UNITED STATES DISTRICT COURT

18              CENTRAL DISTRICT OF CALIFORNIA

19                    EASTERN DIVISION

20
   CARTER BRYANT, an individual,        Case No.  CV 04-09049 SGL (RNBx)
21                                       (Consolidated with CV 04-9059 and
                Plaintiff,               CV 05-2727)
22
        v.                               MGA'S SECOND SET OF
23                                       REQUESTS FOR THE
   MATTEL, INC., a Delaware Corporation, PRODUCTION OF
24                                       DOCUMENTS AND THINGS IN
                Defendant                CASE NO. 05-2727
25
26 CONSOLIDATED WITH

27 MATTEL, INC. v. BRYANT and
   MGA ENTERTAINMENT, INC. v.
28 MATTEL, INC.

1  PROPOUNDING PARTY:        MGA ENTERTAINMENT, INC.

2  RESPONDING PARTY:         MATTEL, INC.

3  SET NO.                   TWO

4  NOS.                      116-181

5

6  ## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

7      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA

8  Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel")

9  produce all documents and tangible things described, in accordance with the

10 Definitions and Instructions set forth below, on Thursday, April 26, 2007, at the

11 offices of O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles,

12 California 90071.

13                            ## DEFINITIONS

14      As used in these Requests:

15      1.     "BRATZ" means and refers to each image, character, logo, doll, toy,

16 accessory, product, packaging or other thing or matter that is or has ever been

17 manufactured, marketed or sold by MGA, or others under license, as part of a line

18 of goods or merchandise commonly known as, or sold and marketed under the

19 "Bratz" trademark or trade dress.

20      2.     "BRYANT" means Carter Bryant.

21      3.     "MACHADO" means Carlos Gustavo Machado Gomez.

22      4.     "TRUEBA" means Mariana Trueba Alamada.

23      5.     "VARGAS" means Pablo Vargas San Jose.

24      6.     "BRAWER" means Ron Brawer.

25      7.     "BRISBOIS" means Janine Brisbois.

26      8.     "MGA" means MGA Entertainment, Inc. and any of its past or present

27 officers, directors, agents, employees, representatives, consultants, attorneys,

28

- 1 -

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

**Exhibit** 14
**Page** 156

1   parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-

2   in-interest, entities and persons acting in joint venture or partnership relationships

3   with MGA and any others acting on MGA's behalf, pursuant to its authority or

4   subject to its control.

5       9.    "LARIAN" means MGA's Chief Executive Officer Isaac Larian.

6       10.   "MATTEL," "YOU" or "YOUR" means MATTEL, Inc. and any of

7   its past or present officers, directors, agents, employees, representatives,

8   consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-

9   interest and successors-in-interest, entities and persons acting in joint venture or

10  partnership relationships with YOU and any others acting on YOUR behalf,

11  pursuant to YOUR authority or subject to YOUR control.

12      11.   "COMMUNICATION[S]" means any transmission of information

13  from one person or entity to another, including, without limitation, by personal

14  meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request

15  that encompasses information relating in any way to communications to, from or

16  within a business or corporate entity is hereby designated to mean, and should be

17  construed to include, all communications by and between representatives,

18  employees, agents or servants of the business or corporate entity.

19      12.   "DOCUMENT[S]" incorporates the full meaning of Federal Rule of

20  Civil Procedure 34, and shall be construed in the broadest sense to mean any and all

21  writings, tangible things and property, of any kind, that are now or that have been in

22  YOUR actual or constructive possession, custody or control, including, but not

23  limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed,

24  punched, copied, recorded, transcribed, graphic or photographic matter of any kind

25  or nature, in, through, or from which information may be embodied, translated,

26  conveyed or stored, whether an original, a draft or copy, however produced or

27  reproduced, whether sent or received or neither, including, but not limited to, notes,

28  memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports,

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit  14
Page  157

1    inter- and intra-office COMMUNICATIONS, work papers, work sheets, work

2    records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets,

3    estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders,

4    telephone records, telegrams, telexes, literature, invoices, contracts, purchase

5    orders, estimates, recordings, transcriptions of recordings, records, books,

6    pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio

7    and digital recordings, television commercials, story boards, website or other spot

8    advertisements, movies, movie trailers, prototypes, products, diaries, calendars,

9    charts, drawings, sketches, messages, photographs and data contained in or

10   accessible through any electronic data processing system, including, but not limited

11   to, computer databases, data sheets, data processing cards, computer files and tapes,

12   computer disks, CD-ROMs, computer meta-data, microfilm, microfiche, electronic

13   mail, website and web pages and transcriptions thereof and all other

14   memorializations of any conversations, meetings and conferences, by telephone or

15   otherwise.  The term DOCUMENT also means every copy of a DOCUMENT,

16   where such copy is not an identical duplicate of the original, whether because of

17   deletions, underlinings, showing of blind copies, initialing, signatures, receipt

18   stamps, comments, notations, differences in stationery or any other difference or

19   modification of any kind.

20        13.   "MARKET RESEARCH" means any type of research, study, survey

21   or analysis of consumers or potential consumers of a product or potential product

22   including, without limitation, focus groups, consumer surveys, market analyses,

23   behavioral analyses and consumer research.

24        14.   "INVESTIGATIVE REPORT[S]" means any type of DOCUMENT

25   REFERRING OR RELATING TO an investigation, examination, research, study,

26   survey or analysis into the truth of the matter conducted by any employees, any

27   contractors or any third parties.

28

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 14
Page 158

1     15.    "MGA PRODUCTS" means any and all products offered for sale by

2   MGA Entertainment, Inc. including, without limitation, "Bratz," "4-Ever Best

3   Friends," "Alien Racers," and "Mommy's Little Patient."

4     16.    "MY SCENE MY BLING BLING" means and refers to each image,

5   character, logo, doll, toy, accessory, product, packaging or other thing or matter that

6   is or has ever been manufactured, marketed or sold by MATTEL, or others under

7   license by MATTEL, as part of a line of goods or merchandise commonly known

8   as, or sold and marketed under the name, "My Scene My Bling Bling."

9     17.    "COMPLAINT" means the complaint filed April 13, 2005 in *MGA*

10   *Entertainment, Inc. v. Mattel, Inc.,* CV 05-02727.

11     18.    "ANSWER" means the answer filed May 13, 2005 in *MGA*

12   *Entertainment, Inc. v. Mattel, Inc.,* CV 05-02727.

13     19.    "AMENDED ANSWER" means line 1, page 3 to line 3, page 27 of

14   *Mattel, Inc.'s Amended Answer in Case No. 05-02727 and Counterclaims for: 1.*

15   *Copyright Infringement; 2. Violation of the Racketeer Influenced and Corrupt*

16   *Organizations Act; 3. Conspiracy to Violate the Racketeer Influenced and Corrupt*

17   *Organizations Act; 4. Misappropriation of Trade Secrets; 5. Breach of Contract; 6.*

18   *Intentional Interference with Contract; 7. Breach of Fiduciary Duty; 8. Aiding and*

19   *Abetting Breach of Fiduciary Duty; 9. Breach of Duty of Loyalty; 10. Aiding and*

20   *Abetting Breach of Duty of Loyalty; 11. Conversion; 12. Unfair Competition; and*

21   *13. Declaratory Relief* filed January 12, 2007 in *Carter Bryant v. Mattel, Inc.,* CV

22   04-09049.

23     20.    "COUNTERCLAIM[S]" means line 4, page 27 to page 74 of *Mattel,*

24   *Inc.'s Amended Answer in Case No. 05-02727 and Counterclaims for: 1. Copyright*

25   *Infringement; 2. Violation of the Racketeer Influenced and Corrupt Organizations*

26   *Act; 3. Conspiracy to Violate the Racketeer Influenced and Corrupt Organizations*

27   *Act; 4. Misappropriation of Trade Secrets; 5. Breach of Contract; 6. Intentional*

28   *Interference with Contract; 7. Breach of Fiduciary Duty; 8. Aiding and Abetting*

- 4 -

1   *Breach of Fiduciary Duty; 9. Breach of Duty of Loyalty; 10. Aiding and Abetting*

2   *Breach of Duty of Loyalty; 11. Conversion; 12. Unfair Competition; and 13.*

3   *Declaratory Relief* filed January 12, 2007 in *Carter Bryant v. Mattel, Inc.,* CV 04-

4   09049.

5         21.   "PERSON" or "PERSONS" means all natural persons, partnerships,

6   corporations, joint ventures and any kind of business, legal or public entity or

7   organization, as well as its, his or her agents, representatives, employees, officers

8   and directors and anyone else acting on its, his or her behalf, pursuant to its, his or

9   her authority or subject to its, his or her control.

10         22.   "REFERRING OR RELATING TO" should be construed in the

11   broadest possible sense to mean concerning, consisting of, referring to, relating to,

12   describing, discussing, constituting, evidencing, containing, reflecting, mentioning,

13   pertaining to, citing, summarizing, analyzing or bearing any logical or factual

14   connection with the matter requested or described.

15         23.   The singular form includes the plural and vice versa.

16         24.   The terms "any" and "all" are interchangeable.

17         25.   The terms "and" and "or" shall be construed disjunctively and

18   conjunctively, and each shall include the other whenever such dual construction

19   will serve to bring within the scope of any request, information that would

20   otherwise not be within its scope.

21                                    **INSTRUCTIONS**

22         1.   YOU are instructed to produce all non-privileged DOCUMENTS in

23   YOUR possession, custody or control. A document is in YOUR "possession,

24   custody, or control" if it is in YOUR physical possession, or if, as a practical

25   matter, YOU have the right, upon request, to obtain possession of the DOCUMENT

26   or a copy thereof from another person or entity who has physical possession of the

27   DOCUMENT.

28

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 14
Page 160

2.      If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

3.      Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

4.      If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work product doctrine, or other privilege, please set forth for each DOCUMENT or portion of a DOCUMENT withheld:

> (a)     The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;
>
> (b)     The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;
>
> (c)     A general description of the subject matter of the DOCUMENT;
>
> (d)     The basis of any claim of privilege; and
>
> (e)     If work-product is asserted, the proceeding for which the DOCUMENT was created.

5.      For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

> (a)     The reason the DOCUMENT is no longer in YOUR possession, custody or control;
>
> (b)     The person or entity, if any, who has possession, custody or control or, if unknown, so state;

- 6 -

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

**Exhibit** 14
**Page** 161

1        (c)    If the DOCUMENT was destroyed or otherwise disposed of,

2        state (i) the manner of disposal (*i.e.* destruction, loss, discarding

3        or other means of disposal); (ii) the date of disposal; (iii) the

4        reason for disposal; (iv) the person authorizing disposal; (v) the

5        person disposing of the DOCUMENT; and (vi) the name and

6        address of the most recent custodian of the DOCUMENT.

7        6.    These Requests impose a continuing obligation subsequent to YOUR

8    initial production to the full extent provided for in Rule 26(e) of the Federal Rules

9    of Civil Procedure.

10

11    **REQUESTS FOR PRODUCTION**

12    **REQUEST NO. 116:**

13        All DOCUMENTS REFERRING OR RELATING TO the quality and

14    substance of the work done while working for MATTEL by any the following

15    former MATTEL employees:

16        - Carter Bryant,

17        - Carlos Gustova Machado Gomez,

18        - Mariana Trueba Almada,

19        - Pablo Vargas San Jose,

20        - Ron Brawer, and

21        - Janine Brisbois,

22    including but not limited to personnel files, performance reviews, contracts, job

23    descriptions, and interviews.

24    **REQUEST NO. 117:**

25        All DOCUMENTS containing COMMUNICATIONS regarding the

26    resignations of the following former MATTEL employees:

27        - Carter Bryant,

28        - Carlos Gustova Machado Gomez,

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 14
Page 162

1       - Mariana Trueba Almada,

2       - Pablo Vargas San Jose,

3       - Ron Brawer, and

4       - Janine Brisbois.

5 **REQUEST NO. 118:**

6     All DOCUMENTS REFERRING OR RELATING TO copyrights registered

7 to MATTEL REFERRING OR RELATING TO BRATZ designs as referred to in

8 paragraph 2 of YOUR COUNTERCLAIMS, including but not limited to

9 DOCUMENTS made in preparation of the registrations and COMMUNICATIONS

10 with the United States Copyright Office concerning the registrations.

11 **REQUEST NO. 119:**

12     All DOCUMENTS that tend to support or refute YOUR claim to copyrights

13 registered to MATTEL REFERRING OR RELATING TO BRATZ designs.

14 **REQUEST NO. 120:**

15     All DOCUMENTS REFERRING OR RELATING TO attempts by

16 MATTEL to copyright BRATZ designs, including but not limited to

17 DOCUMENTS made in preparation of the registrations and COMMUNICATIONS

18 with the United States Copyright Office concerning the registrations.

19 **REQUEST NO. 121:**

20     All DOCUMENTS REFERRING OR RELATING TO Copyright

21 Registrations VA 1-378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-

22 378-652, VA 1-378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-

23 657, VA 1-378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271

24 and VAu 715-273 as identified in paragraph 83 of YOUR COUNTERCLAIMS,

25 including but not limited to DOCUMENTS made in preparation of the registrations

26 and COMMUNICATIONS with the United States Copyright Office concerning the

27 registrations.

28

- 8 -

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 14
Page 163

1  **REQUEST NO. 122:**

2      All DOCUMENTS that tend to support or refute YOUR claim to Copyright

3  Registrations VA 1-378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-

4  378-652, VA 1-378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-

5  657, VA 1-378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271

6  and VAu 715-273 as identified in paragraph 83 of YOUR COUNTERCLAIMS.

7  **REQUEST NO. 123:**

8      All DOCUMENTS that tend to support or refute YOUR assertions in

9  paragraph 26 of YOUR COUNTERCLAIMS regarding BRYANT's alleged work

10  with other MATTEL employees and contractors to design and develop BRATZ,

11  including but not limited to sculpts, models, plans or designs, associated clothing,

12  and accessories.

13  **REQUEST NO. 124:**

14      All DOCUMENTS that tend to support or refute YOUR assertion in

15  paragraph 27 of YOUR COUNTERCLAIMS regarding BRYANT's alleged

16  enlistment of other MATTEL employees to perform work on BRATZ, including

17  but not limited to emails, memoranda, notes, and recordings.

18  **REQUEST NO. 125:**

19      DOCUMENTS sufficient to identify by name and title the employees that

20  BRYANT allegedly enlisted to perform work on BRATZ while BRYANT was still

21  a MATTEL employee.

22  **REQUEST NO. 126:**

23      All DOCUMENTS that tend to support or refute YOUR assertion in

24  paragraph 27 of YOUR COUNTERCLAIMS regarding BRYANT's alleged actions

25  which led others to believe that work on BRATZ design or development was for

26  MATTEL, including but not limited to emails, memoranda, notes, and recordings.

27

28

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 14
Page 164

1  **REQUEST NO. 127:**

2      DOCUMENTS sufficient to identify by name and title the employees that

3  BRYANT led to believe that work done on BRATZ design or development was for

4  MATTEL.

5  **REQUEST NO. 128:**

6      All DOCUMENTS REFERRING OR RELATING TO YOUR assertion that

7  MATTEL employees who allegedly worked on BRATZ design or development

8  were led to believe that they were performing work on a project for MATTEL.

9  **REQUEST NO. 129:**

10      All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

11  paragraph 28 of YOUR COUNTERCLAIMS that BRYANT made affirmative

12  misrepresentations to MATTEL management and employees, including but not

13  limited to emails, memoranda, notes, and recordings.

14  **REQUEST NO. 130:**

15      DOCUMENTS sufficient to identify by name and title the members of

16  management and employees to whom BRYANT allegedly made misrepresentations

17  while employed at MATTEL.

18  **REQUEST NO. 131:**

19      All DOCUMENTS REFERRING OR RELATING TO the state of BRATZ

20  design at the time BRYANT left MATTEL on October 20, 2000, including but not

21  limited to sculpts, models, plans or designs, associated clothing, and accessories.

22  **REQUEST NO. 132:**

23      All DOCUMENTS REFERRING OR RELATING TO any contract

24  BRYANT had with MATTEL.

25  **REQUEST NO. 133:**

26      All DOCUMENTS REFERRING OR RELATING TO whether any contracts

27  or agreements that BRYANT, MACHADO, VARGAS, TRUEBA, BRAWER, or

28  BRISBOIS had with MATTEL were legal, binding or enforceable.

- 10 -

MGA'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727

Exhibit 14
Page 165

1  **REQUEST NO. 134:**

2      All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

3  paragraph 30 of YOUR COUNTERCLAIMS that MGA Entertainment (HK)

4  Limited has maintained regular and continuous contacts with persons in the County

5  of Los Angeles.

6  **REQUEST NO. 135:**

7      All DOCUMENTS REFERRING OR RELATING TO YOUR assertions in

8  paragraph 35 of YOUR COUNTERCLAIMS regarding BRYANT's alleged acts of

9  concealment, such as tampering or defacing documents, including but not limited to

10  the tampered or defaced documents, reports by employees or third parties, and

11  recordings and DOCUMENTS sufficient to identify the employees or third parties

12  with knowledge of the alleged acts of concealment.

13  **REQUEST NO. 136:**

14      All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

15  paragraph 41 of YOUR COUNTERCLAIMS regarding alleged copying, taking,

16  accessing or modification of proprietary MATTEL documents by MACHADO,

17  TRUEBA AND VARGAS, including but not limited to INVESTIGATIVE

18  REPORTS.

19  **REQUEST NO. 137:**

20      DOCUMENTS sufficient to identify by name and title PERSONS with

21  knowledge of alleged copying, taking, accessing or modification of proprietary

22  MATTEL DOCUMENTS by MACHADO, TRUEBA AND VARGAS.

23  **REQUEST NO. 138:**

24      DOCUMENTS sufficient to identify by name and title PERSONS the

25  supervisors of MACHADO, TRUEBA AND VARGAS.

26  **REQUEST NO. 139:**

27      All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

28  paragraph 41 of YOUR COUNTERCLAIMS regarding statements by MACHADO,

- 11 -

1   TRUEBA AND VARGAS concerning their resignations and concerning the

2   identity of their future employer.

3   **REQUEST NO. 140:**

4        All DOCUMENTS REFERRING OR RELATING TO the resignations of

5   MACHADO, TRUEBA AND VARGAS from MATTEL, including but not limited

6   to COMMUNICATIONS REFERRING OR RELATING TO the circumstances

7   surrounding the resignations of MACHADO, TRUEBA AND VARGAS and the

8   reasons for the resignations of MACHADO, TRUEBA AND VARGAS.

9   **REQUEST NO. 141:**

10       All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

11  paragraphs 44, 48 and 49 of YOUR COUNTERCLAIMS that MACHADO took

12  MATTEL confidential and proprietary information, including but not limited to the

13  DOCUMENTS MACHADO allegedly copied, took, accessed or modified,

14  INVESTIGATIVE REPORTS of the incident, computer records of the incident and

15  the instruments used in the alleged copying, taking, accessing or modification.

16  **REQUEST NO. 142:**

17       All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

18  paragraphs 45, 48 and 49 of YOUR COUNTERCLAIMS that VARGAS took

19  MATTEL confidential and proprietary information, including but not limited to the

20  DOCUMENTS VARGAS allegedly copied, took, accessed or modified,

21  INVESTIGATIVE REPORTS of the incident, computer records of the incident and

22  the instruments used in the alleged copying, taking, accessing or modification.

23  **REQUEST NO. 143:**

24       All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

25  paragraphs 46, 48 and 49 of YOUR COUNTERCLAIMS that TRUEBA took

26  MATTEL confidential and proprietary information, including but not limited to the

27  DOCUMENTS TRUEBA allegedly copied, took, accessed or modified,

28

- 12 -

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 14
Page 167

1  INVESTIGATIVE REPORTS of the incident, computer records of the incident and

2  the instruments used in the alleged copying, taking, accessing or modification.

3  **REQUEST NO. 144:**

4      All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

5  paragraph 47 of YOUR COUNTERCLAIMS that TRUEBA took steps to increase

6  her access to MATTEL's confidential information, including but not limited to any

7  meeting attendance records around the time of TRUEBA's resignation, any records

8  of available meetings and the subject matter of the meetings, any records of

9  TRUEBA's alleged contact with MATTEL employees or MATTEL contractors to

10  receive confidential information, and any records of what TRUEBA did with

11  MATTEL's confidential information.

12  **REQUEST NO. 145:**

13      All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

14  paragraph 51 of YOUR COUNTERCLAIMS that MACHADO, VARGAS AND

15  TRUEBA attempted to conceal their alleged theft of MATTEL's proprietary

16  information, INVESTIGATIVE REPORTS of the incidents, computer records of

17  the incidents and the instruments used in the incidents.

18  **REQUEST NO. 146:**

19      All DOCUMENTS REFERRING OR RELATING TO the events described

20  in paragraph 53 of YOUR COUNTERCLAIMS regarding MATTEL's notification

21  of Mexican authorities about the alleged theft of MATTEL's trade secret and

22  confidential information, including but not limited to affidavits, declarations,

23  complaints, and evidence filed with the Mexican authorities.

24  **REQUEST NO. 147:**

25      All DOCUMENTS REFERRING OR RELATING TO the events described

26  in paragraph 53 of YOUR COUNTERCLAIMS regarding the seizure at the

27  facilities of MGAE de Mexico, S.R.L. de C.V. in Mexico City by Mexican

28  authorities, including but not limited to the search warrant, any report of the

- 13 -

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 14
Page 168

1   seizure, any report regarding the materials seized, any determination by the

2   Mexican authorities regarding the materials seized, and any DOCUMENTS from

3   the facilities of MGAE de Mexico, S.R.L. de C.V., which were taken during the

4   seizure.

5   **REQUEST NO. 148:**

6         All DOCUMENTS REFERRING OR RELATING TO MATTEL's

7   involvement in the seizure of materials at the facilities of MGAE de Mexico, S.R.L.

8   de C.V. in Mexico City by Mexican authorities.

9   **REQUEST NO. 149:**

10        All DOCUMENTS REFERRING OR RELATING TO whether the items

11  seized by Mexican authorities from the facilities of MGAE de Mexico, S.R.L. de

12  C.V. in Mexico City belonged to MATTEL.

13  **REQUEST NO. 150:**

14        All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

15  paragraph 59 of YOUR COUNTERCLAIMS regarding BRAWER's response to a

16  survey from President of MATTEL Brands, Matt Bousquette, including but not

17  limited to the DOCUMENT containing the survey that was sent to BRAWER, the

18  DOCUMENT containing BRAWER's alleged response, and any compilation of

19  survey responses.

20  **REQUEST NO. 151:**

21        All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

22  paragraph 62 of YOUR COUNTERCLAIMS regarding BRAWER's alleged

23  instruction to his assistant to print MATTEL's 2004 Sales Plan for one of

24  MATTEL's significant customers, including but not limited to the DOCUMENT

25  the assistant was instructed to print, any DOCUMENT containing BRAWER's

26  instruction, and any calendar of meetings that BRAWER was scheduled to attend or

27  was allowed to attend regarding the customer connected to the sales plan referenced

28  in paragraph 62 of YOUR COUNTERCLAIMS.

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 14
Page 169

1  **REQUEST NO. 152:**

2      DOCUMENTS sufficient to identify the significant customer connected to

3  the 2004 Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS.

4  **REQUEST NO. 153:**

5      All DOCUMENTS REFERRING OR RELATING TO whether the 2004

6  Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS was public

7  information or contained public information.

8  **REQUEST NO. 154:**

9      All DOCUMENTS REFERRING OR RELATING TO PERSONS who had

10  access to the 2004 Sales Plan referred to in paragraph 62 of YOUR

11  COUNTERCLAIMS.

12  **REQUEST NO. 155:**

13      All DOCUMENTS REFERRING OR RELATING TO BRAWER's

14  MATTEL exit interview, including but not limited to reports, memoranda, notes,

15  and recordings from or RELATING TO the exit interview.

16  **REQUEST NO. 156:**

17      All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

18  paragraph 69 of YOUR COUNTERCLAIMS regarding BRAWER's alleged

19  contact with MATTEL employees after his resignation from MATTEL, including

20  but not limited to reports, memoranda, notes, and recordings of or by MATTEL

21  employees regarding the alleged contact with BRAWER.

22  **REQUEST NO. 157:**

23      DOCUMENTS sufficient to identify by name, title and telephone number

24  MATTEL employees whom BRAWER allegedly contacted after his resignation

25  from MATTEL, as alleged in paragraph 69 of YOUR COUNTERCLAIMS.

26

27

28

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 14
Page 170

1   **REQUEST NO. 158:**

2       All DOCUMENTS REFERRING OR RELATING TO BRISBOIS'

3   MATTEL exit interview, including but not limited to reports, memoranda, notes,

4   and recordings from or RELATING TO the exit interview.

5   **REQUEST NO. 159:**

6       All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

7   paragraph 74 of YOUR COUNTERCLAIMS regarding BRISBOIS' alleged

8   copying, taking, accessing or modification of MATTEL confidential and

9   proprietary information, including but not limited to the DOCUMENTS BRISBOIS

10  allegedly copied, took, accessed or modified, INVESTIGATIVE REPORTS of the

11  incident, computer records of the incident and the instruments used in the alleged

12  copying, taking, accessing or modification.

13  **REQUEST NO. 160:**

14      All DOCUMENTS REFERRING OR RELATING TO the events alleged in

15  paragraph 75 of YOUR COUNTERCLAIMS regarding MATTEL's notification of

16  Canadian law enforcement authorities about BRISBOIS' alleged theft of

17  MATTEL's trade secret and confidential information, including but not limited to

18  affidavits, declarations, complaints, and evidence filed with the Canadian law

19  enforcement authorities.

20  **REQUEST NO. 161:**

21      All DOCUMENTS REFERRING OR RELATING TO the events alleged in

22  paragraph 75 of YOUR COUNTERCLAIMS regarding the seizure by Canadian

23  law enforcement authorities of a thumb drive from BRISBOIS, including but not

24  limited to the search warrant, any report of the seizure, any report regarding the

25  materials seized, any determination by the Canadian law enforcement authorities

26  regarding the materials seized, and any DOCUMENTS taken during the seizure.

27

28

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 14
Page 171

1  **REQUEST NO. 162:**

2      All DOCUMENTS REFERRING OR RELATING TO MATTEL's

3  involvement in the seizure by Canadian law enforcement authorities of a thumb

4  drive from BRISBOIS referenced in paragraph 75 of YOUR COUNTERCLAIMS.

5  **REQUEST NO. 163:**

6      All DOCUMENTS REFERRING OR RELATING TO what was contained

7  on the thumb drive that the Canadian law enforcement authorities seized from

8  BRISBOIS referenced in paragraph 75 of YOUR COUNTERCLAIMS.

9  **REQUEST NO. 164:**

10      All DOCUMENTS REFERRING OR RELATING TO whether the

11  DOCUMENTS contained on the thumb drive that the Canadian law enforcement

12  authorities seized from BRISBOIS, mentioned in paragraph 75 of YOUR

13  COUNTERCLAIMS, belong or belonged to MATTEL.

14  **REQUEST NO. 165:**

15      All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

16  paragraph 75 of YOUR COUNTERCLAIMS regarding BRISBOIS' access or

17  modification of DOCUMENTS on the thumb drive seized by Canadian law

18  enforcement authorities, including but not limited to the DOCUMENTS BRISBOIS

19  allegedly access and modified, INVESTIGATIVE REPORTS of the BRISBOIS'

20  access and modification of the DOCUMENTS, computer records of the alleged

21  access and modification and the instruments used in the alleged access and

22  modification.

23  **REQUEST NO. 166:**

24      All DOCUMENTS REFERRING OR RELATING TO or contained in the

25  personnel files of the 25 former MATTEL employees from MATTEL's United

26  States operations referenced in paragraph 77 of YOUR COUNTERCLAIMS,

27  including but not limited to performance reviews, contracts, job descriptions, and

28  interviews.

- 17 -

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 14
Page 172

**REQUEST NO. 167:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 77 of YOUR COUNTERCLAIMS regarding the alleged copying, taking, accessing or modification of MATTEL confidential and proprietary information by former MATTEL employees that subsequently became MGA employees, including but not limited to the DOCUMENTS allegedly copied, taken, accessed or modified by former MATTEL employees that subsequently became MGA employees, INVESTIGATIVE REPORTS of these incidents, computer records of these incidents and the instruments used in the alleged copying, taking, accessing or modification.

**REQUEST NO. 168:**

All DOCUMENTS REFERRING OR RELATING TO YOUR COMMUNICATIONS with any third party regarding MY SCENE MY BLING BLING product with real gems, including but not limited to advertisements, announcements, memoranda, conversations, offers for sale, and purchase orders, including but not limited to any such COMMUNICATIONS made before May 12, 2006.

**REQUEST NO. 169:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 80 of YOUR COUNTERCLAIMS regarding misrepresentations that LARIAN made to retailers concerning MY SCENE MY BLING BLING.

**REQUEST NO. 170:**

All DOCUMENT REFERRING OR RELATING TO COMMUNICATIONS LARIAN had with third parties concerning any and all products made, sold or offered for sale by MATTEL.

**REQUEST NO. 171:**

All DOCUMENTS, including but not limited to COMMUNICATIONS, REFERRING OR RELATING TO any third party's decision not to buy, license,

- 18 -

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 14
Page 173

1    manufacture, promote, distribute or sell MY SCENE MY BLING BLING,

2    including but not limited to MY SCENE MY BLING BLING with real gems.

3    **REQUEST NO. 172:**

4         All DOCUMENTS REFERRING OR RELATING TO harm to MATTEL

5    caused by MGA's alleged use of MATTEL's property and trade secrets, including

6    but not limited to MARKET RESEARCH, INVESTIGATIVE REPORTS, and

7    memoranda.

8    **REQUEST NO. 173:**

9         All DOCUMENTS REFERRING OR RELATING TO damages suffered by

10    MATTEL due to MGA's alleged infringement of MATTEL's copyrights, including

11    but not limited to MARKET RESEARCH, INVESTIGATIVE REPORTS, and

12    memoranda concerning actual damages.

13    **REQUEST NO. 174:**

14         All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

15    paragraph 90 of YOUR COUNTERCLAIMS regarding MGA's alleged

16    racketeering activity for the purpose of executing and attempting to execute a

17    scheme to improperly defraud MATTEL and steal MATTEL's trade secret.

18    **REQUEST NO. 175:**

19         All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

20    paragraph 90 of YOUR COUNTERCLAIMS regarding MGA's alleged willful

21    conduct for the purpose of executing and attempting to execute a scheme to

22    improperly defraud MATTEL and steal its trade secret.

23    **REQUEST NO. 176:**

24         All DOCUMENTS REFERRING OR RELATING TO how access to

25    MATTEL'S confidential information is controlled, including but not limited to

26    DOCUMENTS CONTAINING MATTEL's policy with respect to confidential

27    information, sign-in and sign-out sheets for access to confidential information, logs

28

- 19 -

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 14
Page 174

1 | of PERSONS who access confidential information, and procedures for accessing
2 | confidential information.

3 | **REQUEST NO. 177:**

4 | All DOCUMENTS REFERRING OR RELATING TO the steps and
5 | procedures that MATTEL takes to keep MATTEL's confidential information
6 | confidential.

7 | **REQUEST NO. 178:**

8 | All DOCUMENTS REFERRING OR RELATING TO any investigation,
9 | surveillance, inspection, inquiry, survey or analysis into the activities, including but
10 | not limited to electronic and computer related activities, alleged in YOUR
11 | COUNTERCLAIMS.

12 | **REQUEST NO. 179:**

13 | DOCUMENTS sufficient to identify which MATTEL employees have access
14 | to confidential or proprietary MATTEL information.

15 | **REQUEST NO. 180:**

16 | All DOCUMENTS REFERRING OR RELATING TO changes to store
17 | layouts or displays for Mattel products in relation to MGA products from January 1,
18 | 2001 to the present.

19 | **REQUEST NO. 181:**

20 | All DOCUMENTS tending to support or refute any of the allegations or
21 | statements in YOUR COUNTERCLAIMS, not produced in response to another
22 | Request.

23
24 |       Dated:  March 27, 2007                    O'MELVENY & MYERS LLP
25
26
27 |                                         B. Jennifer Glad
     |                                         Attorney for MGA Entertainment, Inc.
28

- 20 -

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 14
Page 175

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

I, C. Kelley Canning, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On March 27, 2007, I served the within document(s):

**MGA'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727**

☒   by causing to be personally served the document(s) listed above to the person(s) listed below.

Michael T. Zeller, Esq.
Timothy Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Keith A. Jacoby, Esq.                 Patricia Glaser, Esq.
Littler Mendelson, P.C.               Christensen, Glaser, Fink, Jacobs,
2049 Century Park East,               Weil & Shapiro, LLP
Fifth Floor                           10250 Constellation Blvd.,
Los Angeles, CA 90067                 19th Floor
                                      Los Angeles, CA 90067

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on March 27, 2007, at Los Angeles, California.

*C. Kelley Canning*
C. Kelley Canning

LA2:826706

MGA'S SECOND SET OF REQUESTS FOR
THE PRODUCTION OF DOCUMENTS AND
THINGS IN CASE NO. 05-2727

**Exhibit 14**
**Page 176**

1                 **PROOF OF PERSONAL SERVICE**

2             I am a citizen of the United States and employed in the County of Los

3 Angeles, State of California, by Nationwide Legal, Inc., whose address is 316 W. 2nd

4 Street, Suite 705, Los Angeles, CA 90012.  I am over the age of eighteen years and not a

5 party to the within action.  On March 27, 2007, I personally served the following:

6               **MGA'S SECOND SET OF REQUESTS FOR THE**
**PRODUCTION OF DOCUMENTS AND THINGS IN**
7               **CASE NO. 05-2727**

8 by delivering a copy thereof to the office of the following, and either handing the copy to

9 or leaving it with the _____ of the office thereof:

10

11                        **Service List**

12                  **Michael T. Zeller, Esq.**
                 **Timothy Alger, Esq.**
13             **QUINN EMANUEL URQUHART**
               **OLIVER & HEDGES, LLP**
14          **865 Figueroa Street, 10th Floor**
           **Los Angeles, California  90017**
15

16

17             I declare under penalty of perjury under the laws of the United States that

18 the above is true and correct.  Executed on March 27, 2007, at Los Angeles, California.

19

20              SIGNATURE:      _____

             PRINTED NAME:   _____

21

22 LA2:826708

23

24

25

26

27

28

                        MGA'S SECOND SET OF REQUESTS FOR THE
                        PRODUCTION OF DOCUMENTS AND THINGS
                        IN CASE NO. 05-2727

Exhibit 14
Page 177