QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated With Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard By Discovery Master Robert C. O'Brien]<br><br>[PUBLIC REDACTED] REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO DE-DESIGNATE OPPOSITION TO MATTEL'S MOTION TO COMPEL DEPOSITIONS OF VARGAS AND TRUEBA AND DECLARATION OF KUEMMERLE IN SUPPORT THEREOF<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Arent Fox, LLP<br>555 West Fifth Street,<br>48th Floor<br>Los Angeles, CA<br><br>**Phase 2:**<br>Disc. Cut-off: December 11, 2009<br>Pre-trial Conf.: March 1, 2010<br>Trial Date: March 23, 2010 |

00505.07975/2911726.1

# TABLE OF CONTENTS

**Page**

Preliminary Statement ............................................................................................... 1

Argument .................................................................................................................. 1

    I.    MGA has failed to meet its burden of proving that THE information is confidential .......... 1

    II.    MATTEL HAS NOT CONCEDED THAT MGA'S DESIGNATIONS ARE PROPER ............................................................................................................ 5

    III.    THIS MOTION IS PROPERLY BEFORE THE DISCOVERY MASTER ......................... 6

    IV.    MGA'S CONDUCT, NOT MATTEL'S CONDUCT, WARRANTS SANCTIONS ........... 7

Conclusion ................................................................................................................ 9

## Preliminary Statement

MGA has made no showing that the information it seeks to restrict to "Attorneys' Eyes Only" constitutes the type of trade secret or commercially sensitive information for which that designation is reserved. On its face, the designated information--which includes such things as job titles, countries of citizenship and even MGA's legal conclusion that Vargas and Trueba are not ▮▮▮▮▮▮▮▮ --does not satisfy this test. In addition, all of the information is publicly available, much of it having already been disclosed by MGA itself and some of it even in the publicly filed versions of the very documents at issue here. MGA argues that Mattel has conceded that the "Attorneys' Eyes Only" designation is proper because Mattel designated its filings with the same information "Attorneys' Eyes Only." Mattel has conceded no such thing. Mattel was required under the Protective Order in this case to so designate its filings because they referred to materials MGA had designated "Attorneys' Eyes Only." The Protective Order makes clear that such compliance is not an admission that the designation is proper. The materials should be de-designated in their entirety so that Mattel can share them with more than just outside counsel, as is its right.

## Argument

### I. MGA HAS FAILED TO MEET ITS BURDEN OF PROVING THAT THE INFORMATION IS CONFIDENTIAL

MGA does not dispute that as the designating party it bears the burden of proving the propriety of a confidential designation under the Protective Order. Nor does it dispute that the "Confidential -- Attorneys' Eyes Only" designation is limited to "*trade secrets* or other confidential *commercial* information . . . which the disclosing Party in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or

further disclosure."[1]  MGA does not even attempt to show that the information redacted from the Opposition Documents meets this standard.  MGA refers to "personal information" about Vargas and Trueba redacted from the Opposition Documents but does not--and cannot--show that such information constitutes a *trade secret* or confidential *commercial* information that would result in a competitive disadvantage to MGA if disclosed.[2]  Likewise, MGA fails to show how such basic information as Vargas' and Trueba's job titles, the name of the person they report to, the fact that Trueba ▮▮▮▮ media and public relations, MGA's characterization of them as ▮▮▮▮▮▮▮▮[3] or its assertion that neither is an ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ of MGA Mexico[4] meets this standard.

Nor has MGA shown that the redacted information meets the definition of "Confidential" information under the Protective Order.  Indeed, the substance of most of the designated information in the Opposition Papers is already a matter of public record and, in many instances, has previously been disclosed by MGA itself.  For example:

- MGA redacted from the Opposition Papers references to Vargas' and Trueba's job titles but routinely publicly files declarations from its employees which include the employee's job title, including a declaration from Trueba herself with her job title at MGA Mexico.[5] While MGA redacted Vargas' and Trueba's job titles from the Kuemmerle Declaration, it did not redact Kuemmerle's job title.  In

---

[1]  Protective Order, ¶ 2 (emphasis added.), Declaration of Diane C. Hutnyan in Support of Mattel. Inc.'s Motion to De-Designate ("Hutnyan Dec."), Exh. 8.

[2]  MGA fails to even reference the definition of "Confidential -- Attorneys' Eyes Only information" and instead points only to the definition of "Confidential" information.  As shown below, however, the redacted information does not meet the standard for even this lower tier designation.

[3]  Compare redacted version of MGA's Opposition at p. 9 (Khan Dec., Exh. B) with unredacted version of MGA's Opposition at p. 9 (Hutnyan Dec., Exh. 6).

[4]  Compare redacted version of Kuemmerle Declaration at ¶¶ 3-4 (Khan Dec., Exh. C) with unredacted version of Kuemmerle Declaration at ¶¶ 3-4 (Hutnyan Dec., Exh. 7).

[5]  Compare redacted version of Kuemmerle Declaration, ¶ 3-4 (Khan Dec., Exh. C) with Declaration of Mariana Trueba Almada in Support of MGAE De Mexico, S.R.L. De C.V.'s Reply in Support of Motion to Dismiss Mattel's Amended Answer and Counterclaims, dated April 11, 2007, Supp. Hutnyan Dec. Exh. 1.

addition, Ms. Kuemmerle testified at her deposition about Vargas' and Trueba's job titles and that testimony is not designated under the Protective Order.[6]

- MGA redacted from the Opposition the statement that Trueba ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ but MGA did not designate this same information from Ms. Kuemmerle's deposition under the Protective Order.[7]

- MGA redacted from the Opposition and the Kuemmerle Declaration information about who Vargas and Trueba report to and who reports to them but did not designate as confidential Ms. Kuemmerle's deposition testimony on this same subject.[8]

- MGA redacted from its Opposition a description of the "day-to-day operations of MGA Mexico," yet the redacted language is taken verbatim from a prior, publicly filed declaration from Ms. Kuemmerle.[9]

- MGA redacted an assertion in its Opposition that a 2004 e-mail from Isaac Larian explained that Vargas, Trueba and Carlos Machado ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ yet publicly filed a declaration from Larian in which he admits that he recruited Vargas, Trueba and Machado "to start up the sales and marketing operation of MGA Mexico."[10]

- MGA redacted from the Kuemmerle Declaration the assertion that Trueba is a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ but made this same assertion without any confidentiality designation in its objection to Mattel's deposition notice for Ms. Trueba.[11]  Nor did MGA designate as

---

[6] Compare Kuemmerle Tr. 94:6-10, 95:14-18 (Khan Dec., Exh. D) with Designation Log for Depositions of Gomez, Kuemmerle, and Castilla, dated February 27, 2009, Supp. Hutnyan Dec., Exh. 2.

[7] Compare Kuemmerle Tr. 97:14-15 (Khan Dec., Exh. D) with Designation Log for Depositions of Gomez, Kuemmerle, and Castilla, dated February 27, 2009, Supp. Hutnyan Dec., Exh. 2.

[8] Compare Kuemmerle Tr. 97:5-19 (Khan Dec., Exh. D) with Designation Log for Depositions of Gomez, Kuemmerle, and Castilla, dated February 27, 2009, Supp. Hutnyan Dec., Exh. 2.

[9] Compare language redacted from MGA's Opposition at 5:2-9 with Declaration of Susan Kuemmerle dated February 28, 2007 at ¶ 6, Supp. Hutnyan Dec., Exh. 3.

[10] Compare language redacted from MGA's Opposition at 10:22-24 to Declaration of Isaac Larian dated April 11, 2007 at ¶3, Supp. Hutnyan Dec., Exh. 4.

[11] Compare language redacted from Kuemmerle Declaration at ¶ 7 with MGA Parties' Objection to Mattel, Inc.'s Deposition Notice of Mariana Trueba dated January 28, 2009, Supp. Hutnyan Dec., Exh. 5.

confidential Ms. Kuemmerle's deposition testimony that both Vargas and Trueba are citizens of Mexico.[12]

- MGA redacted from the Kuemmerle Declaration the assertion that Vargas and Trueba are purportedly not ███████████████ of MGA Mexico yet publicly made this same assertion in its objections to Mattel's notices of their depositions.[13]

The information MGA seeks to restrict, on its face, does not rise to the level of "Confidential" information, let alone "Confidential -- Attorneys' Eyes Only" information. The proof is MGA's own disclosure of the very information it claims is so highly confidential. In fact, in many cases MGA publicly disclosed the same information it is now fighting to restrict in the very same filing. For example, MGA redacted from the Opposition and the Kuemmerle Declaration statements about who Vargas and Trueba purportedly report to but openly states elsewhere in the Opposition that Kuemmerle is "Mr. Vargas' and Ms. Trueba's supervisor."[14] MGA also redacted from the Opposition the claim that Vargas and Trueba are ███████████████████████████████████████████ but did not bother to redact a virtually identical claim on the very same page of that document.[15] That information such as Vargas' and Trueba's job titles and whether they report to others or others report to them is not confidential is further demonstrated by the Discovery Master's inclusion of MGA's statements on these topics in his Order regarding Mattel's motion to compel the Vargas and Trueba depositions.[16]

---

[12] Compare Kuemmerle Tr. 94:21-95:2 (Khan Dec., Exh. D) with Designation Log for Depositions of Gomez, Kuemmerle, and Castilla, dated February 27, 2009, Supp. Hutnyan Dec., Exh. 2.

[13] Compare language redacted from Kuemmerle Declaration at ¶ 5 with MGA Parties' Objection to Mattel, Inc.'s Deposition Notice of Mariana Trueba dated January 28, 2009 at ¶ 1, Supp. Hutnyan Dec., Exh. 6 and MGA Parties' Objection to Mattel, Inc.'s Deposition Notice of Pablo Vargas dated January 28, 2009 at ¶ 1, Supp. Hutnyan Dec., Exh. 6.

[14] Compare language redacted from Kuemmerle Declaration at ¶¶ 3-4 with publicly filed version of MGA's Opposition at 4:13-15 (Khan Dec., Exh. 3).

[15] Compare language redacted from Opposition at 10:22-26 with Publicly Filed Version of Opposition at 10:1-5 (Khan Dec., Exh. 3).

[16] See Mattel's Motion to De-Designate at p. 4, n. 7.

MGA also redacted from the Opposition and the Kuemmerle Declaration references to the pending criminal proceedings against Vargas and Trueba in Mexico and certain restrictions on their travel outside of Mexico imposed by the Mexican court.[17] But the fact of the criminal proceedings against Vargas and Trueba in Mexico is not confidential, and MGA has failed to show otherwise. A simple internet search will disclose both the fact of the pending criminal action against Trueba and Vargas as well as the penalties they face.[18] As for the restrictions on travel being confidential, Mr. Machado, who is being prosecuted in Mexico along with Vargas and Trueba, publicly filed a brief in this matter referring to these very same travel restrictions,[19] and MGA has argued for its advantage that Mattel is "well aware" of them.[20] Nor, in any case, has MGA shown that "travel restrictions" as to its employees merit disclosure restrictions under the Protective Order. MGA has failed to meet its burden of showing that any of the information redacted from the Opposition Papers is properly designated as "Confidential" or "Confidential -- Attorneys' Eyes Only" under the Protective Order.

## II. MATTEL HAS NOT CONCEDED THAT MGA'S DESIGNATIONS ARE PROPER

In its opposition, MGA repeats the same frivolous argument that it made during meet and confer discussions--that Mattel "conceded" the propriety of MGA's "Attorneys Eyes Only" designations by designating its own court filings

---

[17] MGA's Opposition at 1:20-25 and 7:8-15.
[18] http://blogdeblogsmx.blogspot.com/2007_09_10_archive.html; http://translate.google.com/translate?hl=en&sl=es&u=http://www.el-universal.com.mx/columnas/62057.html&ei=x3v3SffdDoX2tAP80czjDg&sa=X&oi=translate&resnum=6&ct=result&prev=/search%3Fq%3D%2522pablo%2Bvargas%2522%2Bmattel%26hl%3Den, Supp. Hutnyan Dec., Exhs. 7 and 8.
[19] Carlos Gustavo Machado Gomez's Supplemental Memorandum of Points and Authorities in Opposition to Mattel, Inc.'s Motion to Compel (1) Deposition of Carlos Gustavo Machado Gomez [and] (2) Consent to Production of Electronic Mail Messages, dated January 14, 2008, Supp. Hutnyan Dec., Exh. 9.
[20] See unredacted version of MGA's Opposition at p. 7:8, (Hutnyan Dec., Exh. 6).

1  (which reference some of the same information) as "Attorneys' Eyes Only." But as
2  Mattel pointed out in its de-designation motion, Mattel was required under the
3  Protective Order to so designate the materials in its court filings precisely because
4  MGA had already designated them as "Attorneys' Eyes Only."[21] Mattel is not
5  required to risk sanctions for failing to comply with a Court Order so that it may
6  preserve its objections. The Protective Order itself rejects any such rule, explicitly
7  providing that a failure to object "shall not be deemed an admission that such
8  information qualifies for such designation."[22]

MGA also suggests that Mattel has conceded the propriety of MGA's designation by not previously objecting to the designation of certain other documents and testimony that are purportedly referenced therein. This argument fares no better. Again, the Protective Order expressly states that "[t]he failure of any party to object to the designation of information as "Confidential" or "Confidential -- Attorneys' Eyes Only" shall not be deemed an admission that such information qualifies for such designation."[23] The Protective Order does not set a deadline for a party to object to an improper designation. In any event, Mattel did object to the designation of the underlying testimony MGA points to from the deposition of Susana Kuemmerle, and MGA de-designated it.[24]

**III. THIS MOTION IS PROPERLY BEFORE THE DISCOVERY MASTER**

MGA argues that this motion should have been brought to the Court in the first instance because it seeks to undo the Court's Order sealing the Opposition

---

[21] See Protective Order, ¶ 15 (requiring materials designated as "Confidential" or "Confidential -- Attorneys' Eyes Only" to be filed under seal), (Hutnyan Dec., Exh. 8).
[22] Id. at ¶ 9.
[23] Id.
[24] Compare MGA's citations to Kuemmerle deposition testimony at 10:5-17 of MGA's Opposition to Mattel's Motion to Compel Depositions of Vargas and Trueba (Hutnyan Dec., Exh. 6) with MGA's Designation Log for Depositions of Gomez, Kuemmerle, and Castilla, dated February 27, 2009, Supp. Hutnyan Dec., Exh. 2.

Documents. Not so. The Court's sealing Order did not make a substantive determination of the propriety of MGA's "Attorneys' Eyes Only" designation under the Protective Order; it is an administrative order to seal the Opposition Documents based on the designation applied by MGA itself. The substantive determination of the propriety of that designation is properly before the Discovery Master. Judge Larson has issued hundreds of sealing orders in this case. It does not follow that every challenge to a confidentiality designation must be directed to him.

## IV. MGA'S CONDUCT, NOT MATTEL'S CONDUCT, WARRANTS SANCTIONS

MGA's attack on Mattel and the meet-and-confer process is exaggerated, mean-spirited, and misleading. Contrary to its representations on pages 3 and 7 of its brief, MGA did not meet and confer as required. Mattel's March 3, 2009, letter requested that MGA's counsel "[p]lease let me know when you are available to meet and confer," if it could not readily agree to the requested relief.[25] Mr. Khan's March 9, 2009, response letter did not include any times when Mr. Khan was available, nor did it express any willingness to discuss the matter.[26] Nor did Mr. Khan send any other correspondence accepting Mattel's invitation to meet and confer within the required 5-court-day timeframe.[27] Accordingly, Mattel had every right to bring its motion on or after March 10, 2009.

But the press of business delayed the filing, and so out of courtesy, Mattel's counsel sent a follow-up letter on April 16, 2009, noting MGA's failure to meet and confer and giving counsel one more opportunity to discuss the matter and hopefully resolve it.[28] Mr. Khan responded by calling and reiterating one of the arguments he had made in his March 9, 2009, letter -- that the materials were

---

[25] Hutnyan Dec., Exh. 1.
[26] Hutnyan Dec., Exh. 2.
[27] Supp. Hutnyan Dec., ¶ 2.

properly designated because Mattel had also designated them AEO. As noted above, this argument is frivolous, and Mattel's counsel sought to convince Mr. Khan of the weakness of this position. Mr. Khan's response was to attack counsel and her position in an abusive fashion.[29] Mr. Khan's inappropriate behavior on the call is corroborated by the condescending, insulting email he sent afterwards.[30] Mattel requested one last time that Mr. Khan explain MGA's position in writing,[31] but he would not.

There is absolutely no basis for sanctions against Mattel. Although she had no responsibility to do so after MGA had failed to meet and confer in the required timeframe, Mattel's counsel continually sought to engage in a productive discussion of the merits of the dispute. That proved to be impossible, and so counsel tried one last time in writing to advance discussion on the merits. Nothing in the Rules requires counsel to do more than this; certainly, nothing in the Rules requires counsel to endure demeaning abuse from opposing counsel. To the contrary, the Central District Civility and Professional Guidelines suggest that counsel should, as Mattel's counsel did, try to avoid involving oneself in such conduct.

This was not just an unfortunate error, but a deliberate strategy by MGA to abuse the meet and confer process in the hopes of gaining a wrongful advantage. MGA failed to meet and confer as required by the rules; MGA *never* addressed or provided a reasonable basis for its position on the merits -- even after a month, neither on the call nor in writing; and because of its inability to support its position, MGA's counsel instigated an ugly personal confrontation, which it then attempted to use to create a false technical for denial of the motion.

---

[28] Hutnyan Dec., Exh. 3.
[29] The details of this conversation are recounted in the Supp. Hutnyan Dec., ¶¶ 3-9.
[30] Khan Dec., Exh. E.

1  MGA should be sanctioned and its counsel admonished to adhere to the
2  letter and spirit of the Civility and Professional Guidelines.[32] Allowing MGA's
3  counsel to engage in such behavior without reproach will only make it more difficult
4  to resolve anything short of motion practice.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Discovery Master grant Mattel's Motion to De-Designate MGA's Opposition to Mattel's Motion to Compel Deposition of Vargas and Trueba and Declaration of Kuemmerle in Support Thereof and award sanctions against as appropriate against counsel for MGA.

DATED: April 29, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ B. Dylan Proctor
B. Dylan Proctor
Attorneys for Mattel, Inc.

---

[31] Khan Dec., Exh. F.
[32] http://www.cacd.uscourts.gov/cacd/AttyAdm.nsf/cbc47d4fc6b05ae0882567c20075c55c/f8fb3292453bd42d882567c80058c22a?OpenDocument, Hutnyan Dec., Ex. 10.