# EXHIBIT K

EXHIBIT J

PAGE 102

CONFORMED COPY

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
2   (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
   Duane R. Lyons (Bar No. 125091)
5   (duanelyons@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11 CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

12          Plaintiff,                  Consolidated With Case No. 04-9059 and
                                        Case No. 05-2727
13      v.
                                        MATTEL, INC.'S SECOND AMENDED
14                                      ANSWER IN CASE NO. 05-2727 AND
                                        COUNTERCLAIMS FOR:
15 MATTEL, INC., a Delaware
   corporation,                         1.  COPYRIGHT INFRINGEMENT;
16                                      2.  VIOLATION OF THE
          Defendant.                        RACKETEER INFLUENCED AND
17                                          CORRUPT ORGANIZATIONS
                                            ACT;
18 MGA ENTERTAINMENT, INC. a           3.  CONSPIRACY TO VIOLATE THE
   California corporation,                  RACKETEER INFLUENCED AND
19                                          CORRUPT ORGANIZATIONS
                                            ACT;
20         Plaintiff,                   4.  MISAPPROPRIATION OF TRADE
                                            SECRETS;
21      v.                              5.  BREACH OF CONTRACT;
                                        6.  INTENTIONAL INTERFERENCE
22 MATTEL, INC., a Delaware                 WITH CONTRACT;
   corporation, and DOES 1-10,          7.  BREACH OF FIDUCIARY DUTY;
23                                      8.  AIDING AND ABETTING
           Defendants.                      BREACH OF FIDUCIARY DUTY;
24                                      9.  BREACH OF DUTY OF
                                            LOYALTY;
25

26                                      PUBLIC REDACTED VERSION
27                                           Volume I
28

2154363.2

C7:12c7

SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT 1

PAGE 103

| | |
|---|---|
| 1 | MATTEL, INC., a Delaware corporation, |
| 2 | Counter-claimant, |
| 3 | v. |
| 4 | MGA ENTERTAINMENT, INC., a California corporation; ISAAC |
| 5 | LARIAN, an individual; CARTER BRYANT, an individual; MGA |
| 6 | ENTERTAINMENT (HK) LIMITED, a Hong Kong Special Administrative |
| 7 | Region business entity; MGAE DE MEXICO, S.R.L. DE C.V., a |
| 8 | Mexico business entity; CARLOS GUSTAVO MACHADO GOMEZ, an |
| 9 | individual; and DOES 4 through 10, |
| 10 | Counter-defendants. |
| 11 | |
| 12 | AND CONSOLIDATED CASES |

10. AIDING AND ABETTING BREACH OF DUTY OF LOYALTY;
11. CONVERSION;
12. UNFAIR COMPETITION; AND
13. DECLARATORY RELIEF

DEMAND FOR JURY TRIAL

-2-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT 5
PAGE 104

**SECOND AMENDED ANSWER**

1
2      Pursuant to the Court's Orders of January 12, 2007 and June 27, 2007,
3   Defendant Mattel, Inc. ("Mattel") answers the Complaint of MGA Entertainment,
4   Inc. ("Complaint") as follows:
5                          Preliminary Statement
6      The Complaint in this case contravenes Rule 8(a) of the Federal Rules
7   of Civil Procedure in multiple respects.  For example, in many places, the Complaint
8   improperly mixes factual averments with argumentative rhetoric.  The Complaint
9   also includes a selective recitation of alleged historical facts and "rumor," much of
10  which is both irrelevant and inflammatory in tone and content.  In addition, many of
11  the allegations of the Complaint are overly broad, vague or conclusory and include
12  terms which are undefined and which are susceptible to different meanings.
13  Accordingly, by way of a general response, all allegations are denied unless
14  specifically admitted, and any factual averment admitted is admitted only as to the
15  specific facts and not as to any conclusions, characterizations, implications or
16  speculations which are contained in the averment or in the Complaint as a whole.
17  These comments and objections are incorporated, to the extent appropriate, into
18  each numbered paragraph of this Second Amended Answer.
19      Mattel further submits that the use of the headings throughout the
20  Complaint is improper, and therefore no response to them is required.  In the event
21  that a response is required, Mattel denies those allegations.
22      The Complaint also contains many purported photographs of various
23  items, and it uses one or more headings purporting to describe, either individually or
24  in groups, these various photographs.  The images of these photographs contained in
25  the Complaint are all relatively small and some are of less than optimal quality,
26  making it difficult to evaluate the adequacy of the photographs or their fairness and
27  accuracy in depicting what they purport to represent.  The Complaint also does not
28  describe the circumstances or time frame in which these photographs were taken,

1   and in many cases does not identify, or does not sufficiently or properly identify, the

2   item depicted in the photographs. All of these factors, as well as the use of these

3   photographs and headings out of context, or with an insufficient context, impair the

4   ability of Mattel to fully respond to these photographs and headings, or to any

5   purported allegations involving, or relying upon, the use of such photographs and

6   accompanying headings. By way of a general response, Mattel therefore does not

7   admit the authenticity of any photograph, or the accuracy or adequacy of any

8   heading, nor does it admit any allegation or inference that is based on, or purports to

9   be based on, any photograph or accompanying heading in the Complaint. Mattel

10   reserves the right to challenge the authenticity of any photograph and the accuracy

11   or adequacy of any heading (either as included in the Complaint or in the context of

12   additional material not included). Further, with reference to all photographs and

13   accompanying headings, or any averments based on the Complaint's use of such

14   photographs and headings, which might be offered into evidence, Mattel specifically

15   reserves its right to object to any use of such photographs, headings, and averments,

16   or the Complaint as a whole or in part, in evidence for any purpose whatsoever.

17          To the extent that Mattel has endeavored to answer any particular

18   allegation containing any such photographs and headings, any admission concerning

19   the item purported to be depicted in such photograph, or described in such headings,

20   shall not constitute an admission that the photograph is authentic, adequate, or

21   admissible, nor that any heading is accurate, adequate, or admissible. All such items

22   purportedly depicted in such photographs, and described in such headings, "speak

23   for themselves". Accordingly, to the extent that any such referenced materials are

24   deemed allegations against Mattel, they are denied.

25                                    Responses

26          1.     Answering paragraph 1 of the Complaint, Mattel admits that

27   plaintiff MGA Entertainment, Inc. ("plaintiff" or "MGA") is a California

28   corporation with a principal place of business in Van Nuys, California.

-4-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

2154363.2

EXHIBIT _____5_____
PAGE _____106_____

2.     Answering paragraph 2 of the Complaint, Mattel admits that Mattel is a Delaware corporation with a principal place of business in El Segundo, California.

3.     Answering paragraph 3 of the Complaint, Mattel denies that there has been wrongful conduct on its part and states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth therein and, on that basis, denies them.

4.     Answering paragraph 4 of the Complaint, Mattel admits that plaintiff purports to assert claims under the Lanham Act, 15 U.S.C. §§ 1125(a) and (c), California Business and Professions Code §§ 17200 *et seq.*, California Business and Professions Code § 14330 and California common law, denies that plaintiff is entitled to any relief thereunder and denies the truth of the remaining allegations set forth in paragraph 4.

5.     Answering paragraph 5 of the Complaint, Mattel admits that it is subject to personal jurisdiction in this District and denies the truth of the remaining allegations set forth in paragraph 5.

6.     Answering paragraph 6 of the Complaint, Mattel admits that venue is proper in this District and denies the truth of the remaining allegations set forth in paragraph 6.

7.     Answering paragraph 7 of the Complaint, Mattel admits that MGA has filed the instant lawsuit and denies the truth of the remaining allegations set forth in paragraph 7.

8.     Answering paragraph 8 of the Complaint, Mattel states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding MGA's history set forth therein and, on that basis, denies them, states that MGA has made conflicting representations, including in sworn statements, that are at odds with the allegations of the Complaint and denies the truth of the remaining allegations set forth in paragraph 8.

2154363.2

EXHIBIT __/__
PAGE __/07__

1      9.    Answering paragraph 9 of the Complaint, Mattel admits that
2  MGA filed this action, states that Mattel's web site and corporate governance
3  policies speak for themselves and denies the truth of the remaining allegations set
4  forth in paragraph 9.

5      10.    Answering paragraph 10 of the Complaint, Mattel admits that it
6  is the world's most successful toy company, states that the first doll in its BARBIE
7  line was publicly introduced in 1959 and that BARBIE-branded dolls have been the
8  world's best-selling toys, states that Mattel's sales and stock price speak for
9  themselves, and denies the truth of the remaining allegations set forth in paragraph
10  10.

11      11.    Answering paragraph 11 of the Complaint, Mattel admits that
12  Adrienne Fontanella is the former president for girls' toys at Mattel, states that it is
13  without knowledge or information sufficient to form a belief as to the truth or falsity
14  of the allegations regarding an alleged statement by Ms. Fontanella, and denies the
15  truth of the remaining allegations set forth in paragraph 11.

16      12.    Answering paragraph 12 of the Complaint, Mattel is without
17  knowledge or information sufficient to form a belief as to the truth or falsity of the
18  allegations regarding alleged statements by unidentified "analysts," states that
19  Mattel's sales and stock price speak for themselves, and denies the truth of the
20  remaining allegations set forth in paragraph 12.

21      13.    Answering paragraph 13 of the Complaint, Mattel admits that Jill
22  Barad became President and Chief Executive Officer of Mattel in January 1997, that
23  Mattel acquired Tyco Industries, Inc. ("Tyco") in March 1997, that Mattel acquired
24  Pleasant Company in 1998, Mattel acquired the Learning Company in May 1999,
25  that Mattel acquired Purple Moon in 1999, that the MATCHBOX brand was owned
26  by Tyco, that the AMERICAN GIRL line of dolls was made by Pleasant Company
27  at the time of that entity's acquisition, and denies the truth of the remaining
28  allegations set forth in paragraph 13.

EXHIBIT 5
PAGE 108

1      14.   Answering paragraph 14 of the Complaint, Mattel states that its
2  public announcements speak for themselves, and denies the truth of the remaining
3  allegations set forth therein.

4      15.   Answering paragraph 15 of the Complaint, Mattel states that its
5  stock price and its public announcements speak for themselves, and denies the truth
6  of the remaining allegations set forth therein.

7      16.   Answering paragraph 16 of the Complaint, Mattel states that its
8  stock price speaks for itself, states that it is without knowledge or information
9  sufficient to form a belief as to the truth or falsity of the allegations regarding the
10  alleged views of unnamed "analysts" and "[i]nvestors," and denies the truth of the
11  remaining allegations set forth therein.

12      17.   Answering paragraph 17 of the Complaint, Mattel admits that
13  Ms. Barad resigned in February 2000.

14      18.   Answering paragraph 18 of the Complaint, Mattel admits that
15  Robert Eckert became Chairman and Chief Executive Officer of Mattel in May 2000
16  and that Mr. Eckert previously was employed at Kraft Foods, Inc. for 23 years, is
17  without knowledge or information sufficient to form a belief as to the truth or falsity
18  of the allegations regarding the views of unnamed "[i]nvestors" and others, and
19  denies the truth of the remaining allegations set forth in paragraph 18.

20      19.   Answering paragraph 19 of the Complaint, Mattel admits that the
21  *Wall Street Journal* published an article on August 10, 2000 the content of which
22  speaks for itself, and denies the truth of the remaining allegations set forth therein.

23      20.   Answering paragraph 20 of the Complaint, Mattel admits that it
24  disposed of the Learning Company in October 2000, states that its sales and
25  revenues speak for themselves, states that the remainder of the allegations contained
26  therein are characterizations, not factual assertions, and therefore no response is
27  necessary under Fed. R. Civ. P. 8(b) and, to the extent any further response is
28  required, denies the truth of any remaining allegations set forth in paragraph 20.

2154363.2

-7-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT  5
PAGE  109

21.     Answering paragraph 21 of the Complaint, Mattel admits that products in plaintiff's "Bratz" line compete with products in Mattel's BARBIE and other product lines and states that the remainder of the allegation contained therein—consisting of a sentence fragment—is unintelligible and on that basis denies the truth of any such remaining allegation set forth therein.

22.     Answering paragraph 22 of the Complaint, Mattel admits that products in plaintiff's "Bratz" line compete with Mattel products, states that the remainder of the allegations contained therein are characterizations, not factual assertions, and that therefore no response is necessary under Fed. R. Civ. P. 8(b) and, to the extent any further response is required, denies the truth of any remaining allegations set forth therein.

23.     Answering paragraph 23 of the Complaint, Mattel states that MGA has made conflicting statements, including in sworn statements, that are inconsistent with the allegations set forth in paragraph 23 of the Complaint and states that it is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them.

24.     Answering paragraph 24 of the Complaint, Mattel states that the "look" of the referenced dolls speak for themselves and denies the truth of the remaining allegations set forth therein.  By way of further answer, Mattel states that the photographs and their accompanying caption on page 7 of the Complaint are false and misleading to the extent they are intended to suggest that MGA has produced or used a consistent packaging shape or look or that it has protectible rights in the matters depicted in the photographs.

25.     Answering paragraph 25 of the Complaint, Mattel admits that Bratz dolls are between approximately 9.5 to 10 inches in height, states that the appearances of the dolls speak for themselves, denies that "Bratz" dolls are or "were intentionally shorter" than dolls in Mattel's BARBIE line, denies that the "Bratz"

SECOND AMENDED ANSWER AND COUNTERCLAIMS

2154363.2

EXHIBIT ___J___
PAGE __110__

1    dolls "looked like no other" and denies the truth of the remaining allegations set
2    forth in paragraph 25.
3          26.    Answering paragraph 26 of the Complaint, Mattel states that the
4    use of the term "classic" is unintelligible, since Mattel has designed and sold
5    different dolls using different heads and with different fashions and themes over the
6    years, and denies the truth of any remaining allegations. By way of further answer,
7    Mattel states that the image encaptioned "Mattel's 'Barbie'" on page 8 of the
8    Complaint is misleading in that it depicts one of the doll heads that have been used
9    as part of the BARBIE line for many years, and therefore ignores that Mattel has
10   long designed and sold an array of different BARBIE line dolls that use different
11   doll heads, including doll heads which depict different ethnicities, and that are
12   dressed in different clothing and fashion styles.
13         27.    Answering paragraph 27 of the Complaint, Mattel admits that
14   MGA has used the line "The Girls With a Passion for Fashion" in some contexts,
15   denies that MGA originated or otherwise has rights to that phrase, admits that one
16   audience for products in the "Bratz" line has been "tweens" and denies the truth of
17   the remaining allegations set forth in paragraph 27.
18         28.    Answering paragraph 28 of the Complaint, Mattel admits that
19   certain "Bratz" dolls have won certain awards, the terms of which speak for
20   themselves, states that it is without knowledge or information sufficient to form a
21   belief as to the truth or falsity of the allegations regarding the "awards" MGA claims
22   and, on that basis, denies them, denies that plaintiff has protectible rights and denies
23   the truth of any remaining allegations set forth in paragraph 28.
24         29.    Answering paragraph 29 of the Complaint, Mattel admits that
25   dolls in the "Bratz" line compete with dolls in Mattel product lines, denies that
26   Mattel has or has ever had a "stranglehold" on any market, states that the market
27   allegations contained in paragraph 29 are vague and ambiguous, including without
28   limitation in that the allegations fail to specify what products among the parties'

2154363.2

-9-

EXHIBIT  5

PAGE  111

1   respective lines are being referred to and what time period is being referred to, and

2   denies the truth of any remaining allegations set forth in paragraph 29.

3          30.   Answering paragraph 30 of the Complaint, Mattel admits that

4   MGA has been a licensee of Mattel, states that the market allegations are vague and

5   ambiguous, including without limitation in that the allegations fail to specify what

6   products are being referred to and what time periods or points in time are being

7   referred to, and states that the remainder of the allegations contained therein are

8   characterizations, not factual assertions, and therefore no response is necessary

9   under Fed. R. Civ. P. 8(b) and, to the extent any further response is required, denies

10  the truth of any remaining allegations set forth in paragraph 30.

11         31.   Answering paragraph 31 of the Complaint, Mattel states that the

12  allegations contained therein are characterizations, not factual assertions, and

13  therefore no response is necessary under Fed. R. Civ. P. 8(b) and, to the extent any

14  further response is required, denies the truth of the allegations set forth in paragraph

15  31.

16         32.   Answering paragraph 32 of the Complaint, Mattel denies the

17  truth of the allegations set forth therein.

18         33.   Answering paragraph 33 of the Complaint, Mattel denies the

19  truth of the allegations set forth therein.

20         34.   Answering paragraph 34 of the Complaint, Mattel states that it

21  has released various MY SCENE dolls, including MY SCENE dolls named

22  "Madison", "Chelsea" and "Barbie," states that the appearance of the Bratz and MY

23  SCENE dolls speak for themselves, denies that Mattel designed its MY SCENE

24  dolls to "evoke" or resemble the alleged "look" of "Bratz" dolls, denies that plaintiff

25  has protectible rights, states that MGA has made conflicting representations that are

26  at odds with the allegations of the Complaint and that it is therefore without

27  knowledge or information sufficient to form a belief as to the truth or falsity of the

28  allegations regarding the "launch" of Bratz dolls set forth therein and, on that basis,

2154363.2

-10-

SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT 5

PAGE 112

1  denies them, and denies the truth of the remaining allegations set forth therein.  By

2  way of further answer, Mattel states that the photographs and their accompanying

3  captions on page 10 of the Complaint are misleading and false to the extent they are

4  intended to suggest that a particular Mattel doll has been changed over time as

5  purportedly depicted.  Among other things, Mattel has long designed and sold an

6  array of different BARBIE line dolls using different doll heads, and the photographs

7  encaptioned "Mattel's Traditional 'Barbie'" is one of the doll heads that has been

8  used, and continues to be used, as part of the BARBIE line.  In addition, the

9  photographs encaptioned MY SCENE doll "circa 2002" is, in fact, a Mattel doll

10 character called BARBIE that continues to be sold and/or marketed with that head,

11 and the photographs encaptioned MY SCENE doll "circa 2004" depict a MY

12 SCENE doll character separate and apart from the one depicted in the "circa 2002"

13 image (and is not a revised character as plaintiff apparently attempts to imply).

14       35.   Answering paragraph 35 of the Complaint, Mattel admits that

15 Mattel released a product line called FLAVAS, states that the appearance of the

16 FLAVAS dolls speaks for themselves, states that it is without knowledge or

17 information sufficient to form a belief as to the truth or falsity of the allegations

18 regarding the  "rumor" relied upon by plaintiff and the undefined "media"

19 purportedly quoting Isaac Larian and, on that basis, denies them, denies that Mattel

20 has abandoned the FLAVAS line, and denies the truth of the remaining allegations

21 set forth in paragraph 35.

22       36.   Answering paragraph 36 of the Complaint, Mattel denies the

23 truth of the allegations set forth therein.

24       37.   Answering paragraph 37 of the Complaint, Mattel denies the

25 truth of the allegations set forth therein.  By way of further answer, Mattel states that

26 the unnumbered photographs and their accompanying captions on pages 11 through

27 16 of the Complaint -- which apparently were included to purportedly support the

28 allegation that MY SCENE dolls "became 'Bratz,'" which allegation Mattel

2154363.2

-11-

SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT ___5___

PAGE __113__

1   specifically denies -- are false and misleading.  Among other things, the heads

2   depicted are among an array of different doll heads that Mattel has used, and

3   continues to use, over the course of many years.  Moreover, the images purport to

4   compare different Mattel doll lines to show alleged changes in appearance even

5   though, in fact, each of the heads are currently sold and/or marketed to the public.

6   The "Blonde" series of photographs encaptioned "original" and "recent" MY

7   SCENE is further and specifically misleading in that it purports to compare two

8   differently named and outfitted dolls in the MY SCENE doll line, both of which

9   continue to be sold and/or marketed.

10           38.     Answering paragraph 38 of the Complaint, Mattel states that the

11   phrase "the 'BRATZ' eye" is unintelligible, denies that MGA has rights therein,

12   denies that MGA was the originator of or the first to use the eye shape or makeup

13   depicted as purportedly constituting "the 'BRATZ' eye," denies that Mattel has

14   copied the "the 'BRATZ' eye" and denies the truth of the remaining allegations

15   contained in paragraph 38.  By way of further answer, Mattel states that the

16   unnumbered photographs and accompanying caption on page 13 of the Complaint

17   are false and misleading.  Among other things, the purported "Original Mattel 'My

18   Scene' Eye" is one of the eye and makeup designs that Mattel has used over the

19   course of many years, and Mattel continues to sell and/or market dolls using the eye

20   and makeup design depicted therein.

21           39.     Answering paragraph 39 of the Complaint, Mattel states that the

22   phrase "the 'BRATZ' eye" is unintelligible, denies that MGA has rights therein,

23   denies that MGA was the originator of or the first to use the eye shape or makeup

24   purportedly described as constituting "the 'BRATZ' eye," denies that Mattel has

25   copied "the 'BRATZ' eye," states that the relevant dolls speak for themselves and

26   denies the truth of the remaining allegations contained in paragraph 39.  By way of

27   further answer, Mattel states that the unnumbered photographs and accompanying

28   captions on page 14 of the Complaint are false and misleading.  Among other things,

-12-

EXHIBIT 5
PAGE 114

1  the purported "New Mattel 'My Scene' Eye" is one of the eye and makeup designs

2  that Mattel has used over the course of many years, and Mattel continues to sell

3  and/or market dolls using the eye and makeup design depicted on page 14 of the

4  Complaint.

5      40.    Answering paragraph 40 of the Complaint, Mattel denies the

6  truth of the allegations therein.  By way of further answer, Mattel states that the

7  unnumbered photographs and their accompanying captions on pages 15 to 16 are

8  false and misleading.  Among other things, the heads depicted are among an array of

9  different doll heads that Mattel has used, and continues to use, over the course of

10 many years.  Moreover, the photographs purport to compare different Mattel doll

11 lines to show alleged changes in appearance even though, in fact, each of the heads

12 are currently sold and/or marketed to the public.  The "Blonde" series of

13 photographs encaptioned "original" and "recent" MY SCENE is further and

14 specifically misleading in that it purports to compare two differently named and

15 outfitted dolls in the MY SCENE doll line, both of which continue to be sold and/or

16 marketed.

17     41.    Answering paragraph 41 of the Complaint, Mattel denies the

18 truth of the allegations set forth therein.

19     42.    Answering paragraph 42 of the Complaint, Mattel admits that the

20 photographs purport to depict two packages that were, among others, part of the MY

21 SCENE line, state that the packages speak for themselves and denies the truth of any

22 remaining allegations set forth therein.

23     43.    Answering paragraph 43 of the Complaint, Mattel admits that the

24 photograph purports to depict one of the packages that were, among others, part of

25 the MY SCENE line, states that the parties' packages speak for themselves, states

26 that MGA has failed to establish that it originated, or has protectible rights in, an

27 "open and transparent style" for packaging and denies the truth of the remaining

28 allegations set forth therein.

11543363.2

-13-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT _5_
PAGE _115_

44.   Answering paragraph 44 of the Complaint, Mattel admits that one photograph purports to depict one of the packages that were, among others, part of the MY SCENE line, admits that the other photograph purports to depict one of the packages that were, among others, used as part of the Bratz line, states that the parties' packages speak for themselves, denies that MGA originated, or has protectible rights in, "the 'BRATZ' packaging" or in the packaging depicted in the Complaint and denies the truth of any remaining allegations set forth therein.

45.   Answering paragraph 45 of the Complaint, Mattel admits that one photograph purports to depict one of the packages that were, among others, part of the MY SCENE line, admits that the other photograph purports to depict one of the packages that were, among others, used as part of the Bratz line, states that the parties' packages speak for themselves, denies that MGA originated, or has protectible rights in, the packaging depicted in the Complaint and denies the truth of any remaining allegations set forth therein.

46.   Answering paragraph 46 of the Complaint, Mattel states that it has utilized a wide variety of packaging styles and shapes over the years, states that the relevant packaging speaks for itself, states that MGA lacks protectible rights in "non-rectangular shaped box" packaging or in the other elements MGA claims in paragraph 46, and denies the truth of the remaining allegations set forth therein.

47.   Answering paragraph 47 of the Complaint, Mattel denies that any alleged "theme" is "MGA's theme," denies that MGA originated or has rights to any theme and denies the truth of the remaining allegations set forth therein.

48.   Answering paragraph 48 of the Complaint, Mattel admits that it released a doll called "Chillin Out!", states that it has released such themed dolls over the course of many years, admits MGA released a "Wintertime Wonderland" themed doll, denies that MGA originated or has rights to such theme, states that the relevant products speak for themselves and denies the truth of the remaining allegations set forth therein.

2154363.2

-14-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT 5
PAGE 116

1    49.    Answering paragraph 49 of the Complaint, Mattel admits that it

2    released a doll called "Night on the Town", states that it has released such themed

3    dolls over the course of many years, admits MGA released a "Formal Funk" themed

4    doll, denies that MGA originated or has rights to such theme, states that the relevant

5    products speak for themselves and denies the truth of the remaining allegations set

6    forth therein.

7    50.    Answering paragraph 50 of the Complaint, Mattel admits that it

8    released a doll called "Jammin' in Jamaica" and a playset called "Guava Gulch Tiki

9    Lounge", states that it has released such themed dolls and products over the course

10   of many years, admits that MGA released a "Sun-Kissed Summer" themed doll and

11   playset, denies that MGA originated or has rights to such theme, states that the

12   relevant products speak for themselves and denies the truth of the remaining

13   allegations set forth therein.

14   51.    Answering paragraph 51 of the Complaint, Mattel admits that it

15   has aired television commercials for its MY SCENE line, states that such

16   commercials speak for themselves, denies the truth of the remaining allegations set

17   forth therein and specifically denies that MGA was the originator of or has rights to

18   commercials "combining live action with animated sequences" set to "pop music

19   and lyrics".

20   52.    Answering paragraph 52 of the Complaint, Mattel denies the

21   truth of the allegations set forth therein.

22   53.    Answering paragraph 53 of the Complaint, Mattel admits that it

23   released a MY SCENE "Sound Lounge", admits that MGA released a product called

24   "Runway Disco", states that the relevant products speak for themselves, denies that

25   it "imitated MGA's trapezoidal box," denies that MGA has rights thereto, and

26   denies the truth of the remaining allegations set forth therein.

27   54.    Answering paragraph 54 of the Complaint, Mattel denies the

28   truth of the allegations set forth therein.

2154363.2

-15-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT _5_

PAGE _117_

55.     Answering paragraph 55 of the Complaint, Mattel admits that, among the styling heads it has produced and sold over the course of many years, it released a MY SCENE styling head, admits that MGA released a styling head called "Funky Fashion Makeover Head", states that the relevant products speak for themselves, denies that MGA has protectible rights and denies the truth of the remaining allegations set forth in paragraph 55.

56.     Answering paragraph 56 of the Complaint, Mattel is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein because plaintiff fails to identify the alleged instances of confusion, including the source of the unidentified picture titled "Hairstyle practice", and on that basis, denies them, and denies the truth of any remaining allegations set forth in paragraph 56.

57.     Answering paragraph 57 of the Complaint, Mattel admits that it has aired television commercials for its MY SCENE line, states that such commercials speak for themselves and denies the truth of the remaining allegations set forth therein.

58.     Answering paragraph 58 of the Complaint, Mattel admits that MGA has used the line "The Girls With a Passion for Fashion" in some contexts, denies that MGA originated that phrase or otherwise has rights to it, states that Mattel's web site speaks for itself and denies the truth of the remaining allegations set forth therein.

59.     Answering paragraph 59 of the Complaint, Mattel admits that, among the plush products that it has produced and sold over the course of many years, it has released plush dogs as part of its MY SCENE "Miami Getaway" themed product line, states that Mattel has for many years sold plush pets of the type used with its MY SCENE dog, admits that MGA has released various Bratz pets, states that MGA was not the originator of and has no rights to the features and other

1  elements described therein, states that the relevant products speak for themselves
2  and denies the truth of the remaining allegations set forth therein.

3         60.    Answering paragraph 60 of the Complaint, Mattel admits that,
4  among the plush toys that it has released over the course of many years, its MY
5  SCENE dog has been sold in packaging depicted (in part) on page 22 of the
6  Complaint, states that Mattel has for many years sold plush pets and other plush
7  products in packaging of the type used with its MY SCENE dog, admits that MGA
8  has released a "Bratz" dog, states that MGA was not the originator of and has no
9  rights to the packaging described therein, states that the relevant packages speak for
10  themselves and denies the truth of the remaining allegations set forth therein.

11         61.    Answering paragraph 61 of the Complaint, Mattel denies that it
12  has intended to cause any consumer confusion and states that it is without
13  knowledge or information sufficient to form a belief as to the truth or falsity of the
14  allegations set forth therein concerning unnamed retailers, customers and others
15  because plaintiff fails to identify any source for the matters alleged and, on that
16  basis, denies them and denies the truth of any remaining allegations set forth therein.

17         62.    Answering paragraph 62 of the Complaint, Mattel denies that it
18  has intended to cause any confusion and states that it is without knowledge or
19  information sufficient to form a belief as to the truth or falsity of the allegations set
20  forth therein concerning alleged comments and conversations because plaintiff fails
21  to identify any source for the alleged comments and conversations and, on that
22  basis, denies them, and denies the truth of any remaining allegations set forth
23  therein.

24         63.    Answering paragraph 63 of the Complaint, Mattel denies that it
25  has intended to cause any confusion and states that it is without knowledge or
26  information sufficient to form a belief as to the truth or falsity of the allegations set
27  forth therein because plaintiff fails to identify any source for the alleged comments
28

-17-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

2154363.2

EXHIBIT 5
PAGE 119

and conversations and, on that basis, denies them, and denies the truth of any remaining allegations set forth therein.

64. Answering paragraph 64 of the Complaint, Mattel denies that it has intended to cause any confusion and states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein because plaintiff fails to identify any source for the alleged comments and conversations and, on that basis, denies them, and denies the truth of any remaining allegations set forth therein.

65. Answering paragraph 65 of the Complaint, Mattel denies the truth of the allegations set forth therein.

66. Answering paragraph 66 of the Complaint, Mattel admits that it sued a competitor in the German courts for unfair competition for copying various Mattel BARBIE line products, states that such claims exclusively arose under and were the subject of German law, states that since that time the Federal Supreme Court has rejected the contention made by MGA in paragraph 66 that "systematically copying and borrowing elements" from competing dolls supports a claim for unfair competition, and denies the truth of the remaining allegations set forth therein.

67. Answering paragraph 67 of the Complaint, Mattel denies the truth of the allegations set forth therein.

68. Answering paragraph 68 of the Complaint, Mattel admits that it has released dolls called "Wee 3 Friends," admits that MGA has released dolls called "4-Ever Best Friends," states that the relevant products speak for themselves, denies that MGA's packaging is distinctive, denies that MGA has protectible rights thereto and denies the truth of the remaining allegations set forth in paragraph 68.

69. Answering paragraph 69 of the Complaint, Mattel admits that its Fisher Price division has released, among other dolls called "Little Mommy," the "Little Mommy Potty Training Baby Doll," admits that MGA has released a

-18-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

2154363.2

EXHIBIT 5
PAGE 120

1   "Mommy's Little Patient" doll and denies the truth of the remaining allegations set
2   forth therein.

3         70.    Answering paragraph 70 of the Complaint, Mattel admits that it
4   has released die-cast cars and other products called "Acceleracers" as part of its
5   HOT WHEELS line, admits that MGA has released products called "AlienRacers,"
6   denies that MGA was the originator of or has rights to the elements and matters
7   described in paragraph 70, states that the relevant products speak for themselves and
8   denies the truth of the remaining allegations set forth therein.

9         71.    Answering paragraph 71 of the Complaint, Mattel admits that it
10  has aired commercials relating to "Acceleracers," states that such commercials
11  speak for themselves, denies the truth of the remaining allegations set forth therein
12  and specifically denies that MGA originated or has rights to commercials and other
13  matters described therein.

14        72.    Answering paragraph 72 of the Complaint, Mattel states that its
15  web site speaks for itself, denies the truth of the remaining allegations contained in
16  paragraph 72 and specifically denies that Mattel intended to create confusion in the
17  marketplace.

18        73.    Answering paragraph 73 of the Complaint, Mattel denies the
19  truth of the allegations set forth therein.

20        74.    Answering paragraph 74 of the Complaint, Mattel denies the
21  truth of the allegations set forth therein.

22        75.    Answering paragraph 75 of the Complaint, Mattel admits that it
23  has reminded certain former employees who became employed by MGA by letter of
24  their contractual and fiduciary obligation to maintain the secrecy of all Mattel
25  confidential and proprietary business information, states that such letters were
26  prepared and sent to their recipients in good faith contemplation of litigation, admits
27  that it filed a complaint for declaratory relief against Ronald Brawer in Los Angeles
28  Superior Court, entitled Mattel, Inc. v. Brawer, Case No. BC323381, on October 21,

-19-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT 5
PAGE 121

1   2004, states that pursuant to the Court's Order of August 25, 2005 it need not

2   respond to the allegations in paragraph 75 relating to that action, and denies the truth

3   of the remaining allegations set forth in paragraph 75.

4        76.   Answering paragraph 76 of the Complaint, Mattel states that

5   MGA cannot establish subject matter jurisdiction regarding extra-territorial acts,

6   including such acts that are lawful in foreign nations, and denies the truth of

7   allegations set forth therein.

8        77.   Answering paragraph 77 of the Complaint, Mattel states that

9   MGA cannot establish subject matter jurisdiction regarding extra-territorial acts,

10  including such acts that are lawful in foreign nations, and denies the truth of the

11  allegations set forth therein.

12       78.   Answering paragraph 78 of the Complaint, Mattel states that it is

13  without knowledge or information sufficient to form a belief as to the truth or falsity

14  of the allegations regarding MGA's claimed "shortage of doll hair" and, on that

15  basis, denies them and denies the truth of the remaining allegations set forth therein.

16       79.   Answering paragraph 79 of the Complaint, Mattel states that

17  MGA cannot establish subject matter jurisdiction regarding extra-territorial acts,

18  including such acts that are lawful in foreign nations, and denies the truth of

19  allegations set forth therein.

20       80.   Answering paragraph 80 of the Complaint, Mattel denies the

21  truth of the allegations set forth therein.

22       81.   Answering paragraph 81 of the Complaint, Mattel admits that

23  NPD Funworld ("NPD") supplies sales statistics in *inter alia* the toy, PC games and

24  video games industries, admits that to Mattel's knowledge NPD restricts the use of

25  its subscriber information, states that MGA was sued by NPD and states that it is

26  without knowledge or information sufficient to form a belief as to the truth or falsity

27  of the allegations regarding the need of unspecified "toy companies" for NPD

28

SECOND AMENDED ANSWER AND COUNTERCLAIMS

2154363.2

EXHIBIT  5

PAGE  122

1 statistics and, on that basis, denies them and denies the truth of any remaining

2 allegations set forth therein.

3       82.    Answering paragraph 82 of the Complaint, Mattel denies the

4 truth of the allegations set forth therein.

5       83.    Answering paragraph 83 of the Complaint, Mattel states that it is

6 without knowledge or information sufficient to form a belief as to the truth or falsity

7 of the allegations set forth therein because MGA fails to quantify its annual

8 subscription fees and, on that basis, denies them.

9       84.    Answering paragraph 84 of the Complaint, Mattel states that it is

10 without knowledge or information sufficient to form a belief as to the truth or falsity

11 of the allegations set forth therein and, on that basis, denies them.

12       85.    Answering paragraph 85 of the Complaint, Mattel states that

13 MGA was sued by NPD, states that it is without knowledge or information sufficient

14 to form a belief as to such nature and grounds for such litigation (to which Mattel

15 was not a party) and, on that basis, denies the allegations relating thereto, and denies

16 the truth of the remaining allegations set forth therein.

17       86.    Answering paragraph 86 of the Complaint, Mattel denies the

18 truth of the allegations set forth therein.

19       87.    Answering paragraph 87 of the Complaint, Mattel admits that the

20 Children's Advertising Review Unit ("CARU") is the children's arm of the

21 advertising industry's self-regulation program, states that compliance with CARU's

22 Privacy Program can provide FTC-approved Safe Harbor under the Children's

23 Online Privacy Protection Act ("COPPA"), and denies the truth of the remaining

24 allegations set forth therein.

25       88.    Answering paragraph 88 of the Complaint, Mattel admits that it

26 is one of dozens of CARU Supporters and denies the truth of the remaining

27 allegations set forth therein.

28

2154363.2

-21-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT 5
PAGE 123

89.   Answering paragraph 89 of the Complaint, Mattel denies the truth of the allegations set forth therein.

90.   Answering paragraph 90 of the Complaint, Mattel states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to the consequences to MGA of MGA's violations of CARU standards and, on that basis, denies them.

91.   Answering paragraph 91 of the Complaint, Mattel states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to the consequences to MGA of MGA violation of CARU standards and, on that basis, denies them.

92.   Answering paragraph 92 of the Complaint, Mattel admits that the Toy Industry Association, Inc. ("TIA") is a toy industry trade association, admits that at certain times TIA has given awards called the People's Choice Toy of The Year or the Toy of The Year Award, denies that Mattel wrongfully influenced TIA and states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth therein and, on that basis, denies them.

93.   Answering paragraph 93 of the Complaint, Mattel states that the allegations set forth therein are vague and ambiguous, including in that they fail to properly identify the years in which the referenced awards were given and/or the particular product which won such awards, and accordingly lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them.

94.   Answering paragraph 94 of the Complaint, Mattel admits that Neil Freidman was the chairman of TIA from approximately May 2002 to May 2004, states that Fischer Price is a division of Mattel and denies the truth of the remaining allegations set forth therein.

SECOND AMENDED ANSWER AND COUNTERCLAIMS

2154363.2

EXHIBIT 5

PAGE 124

1          95.    Answering paragraph 95 of the Complaint, Mattel admits that
2    Hokey Pokey Elmo won the Toy of the Year Award and denies the truth of the
3    remaining allegations set forth therein.

4          96.    Answering paragraph 96 of the Complaint, Mattel states that it is
5    without knowledge or information sufficient to form a belief as to the truth or falsity
6    of the allegations set forth therein and, on that basis, denies them.

7          97.    Answering paragraph 97 of the Complaint, Mattel denies the
8    truth of the allegations set forth therein.

9          98.    Answering paragraph 98 of the Complaint, Mattel denies the
10   truth of the allegations set forth therein.

11         99.    Answering paragraph 99 of the Complaint, Mattel denies the
12   truth of the allegations set forth therein.

13         100.   Answering paragraph 100 of the Complaint, Mattel denies the
14   truth of the allegations set forth therein.

15         101.   Answering paragraph 101 of the Complaint, Mattel repeats its
16   responses contained in paragraphs 1 through 100 of this Second Amended Answer
17   and incorporates them by reference as though fully and completely set forth herein.

18         102.   Answering paragraph 102 of the Complaint, Mattel denies the
19   truth of the allegations set forth therein and specifically denies that MGA's alleged
20   trade dress is distinctive.

21         103.   Answering paragraph 103 of the Complaint, Mattel denies the
22   truth of the allegations set forth therein and specifically denies that MGA's alleged
23   trade dress is distinctive.

24         104.   Answering paragraph 104 of the Complaint, Mattel denies the
25   truth of the allegations set forth therein.

26         105.   Answering paragraph 105 of the Complaint, Mattel denies the
27   truth of the allegations set forth therein.

28

2154363.2

-23-

EXHIBIT 5

PAGE 125

1        106.   Answering paragraph 106 of the Complaint, Mattel denies the
2   truth of the allegations set forth therein.

3        107.   Answering paragraph 107 of the Complaint, Mattel denies the
4   truth of the allegations set forth therein.

5        108.   Answering paragraph 108 of the Complaint, Mattel denies the
6   truth of the allegations set forth therein and specifically denies that plaintiff is
7   entitled to injunctive relief.

8        109.   Answering paragraph 109 of the Complaint, Mattel repeats its
9   responses contained in paragraphs 1 through 108 of this Second Amended Answer
10  and incorporates them by reference as though fully and completely set forth herein.

11       110.   Answering paragraph 110 of the Complaint, Mattel denies the
12  truth of the allegations set forth therein.

13       111.   Answering paragraph 111 of the Complaint, Mattel denies the
14  truth of the allegations set forth therein.

15       112.   Answering paragraph 112 of the Complaint, Mattel denies the
16  truth of the allegations set forth therein.

17       113.   Answering paragraph 113 of the Complaint, Mattel denies the
18  truth of the allegations set forth therein.

19       114.   Answering paragraph 114 of the Complaint, Mattel denies the
20  truth of the allegations set forth therein.

21       115.   Answering paragraph 115 of the Complaint, Mattel denies the
22  truth of the allegations set forth therein.

23       116.   Answering paragraph 116 of the Complaint, Mattel denies the
24  truth of the allegations set forth therein.

25       117.   Answering paragraph 117 of the Complaint, Mattel denies the
26  truth of the allegations set forth therein and specifically denies that plaintiff is
27  entitled to injunctive relief.

28

2154363.2

-24-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT __J__
PAGE __126__

118.   Answering paragraph 118 of the Complaint, Mattel denies the truth of the allegations set forth therein.

119.   Answering paragraph 119 of the Complaint, Mattel repeats its responses contained in paragraphs 1 through 118 of this Second Amended Answer and incorporates them by reference as though fully and completely set forth herein.

120.   Answering paragraph 120 of the Complaint, Mattel denies the truth of the allegations set forth therein.

121.   Answering paragraph 121 of the Complaint, Mattel denies the truth of the allegations set forth therein.

122.   Answering paragraph 122 of the Complaint, Mattel denies the truth of the allegations set forth therein.

123.   Answering paragraph 123 of the Complaint, Mattel denies the truth of the allegations set forth therein and specifically denies that plaintiff is entitled to injunctive relief.

124.   Answering paragraph 124 of the Complaint, Mattel repeats its responses contained in paragraphs 1 through 123 of this Second Amended Answer and incorporates them by reference as though fully and completely set forth herein.

125.   Answering paragraph 125 of the Complaint, Mattel denies the truth of the allegations set forth therein.

## General Denial

Unless specifically admitted herein, Mattel denies the truth of each and every allegation set forth in plaintiff's Complaint and specifically denies that plaintiff is entitled to any relief against Mattel.

2154363.2

-25-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT ___J___

PAGE ___127___

## Affirmative Defenses

By alleging the Affirmative Defenses set forth below, Mattel does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.

## First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

Plaintiff has no valid, enforceable or protectible rights or interest in the alleged trade dress or other matters asserted, including without limitation in that plaintiff has failed to establish that its alleged trade dress is distinctive as to plaintiff.

## Third Affirmative Defense

Plaintiff's claims, including without limitation plaintiff's claims based upon alleged extra-territorial acts, are barred in whole or in part by lack of subject matter jurisdiction.

## Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by plaintiff's unclean hands.

## Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part by virtue of Mattel's prior-creation of the elements and other matters asserted in the Complaint.

EXHIBIT J
PAGE 128

**Sixth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by its lack of standing.

**Seventh Affirmative Defense**

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation and the doctrine of laches.

**Eighth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel and acquiescence.

**Ninth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by Mattel's constitutional rights of free speech, petitioning and association, including without limitation by the litigation privilege as protected by and/or codified in *inter alia* Section 47(b) of the California Civil Code, the *Noerr-Pennington* doctrine, the common interest privilege and by other privileges.

**Tenth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by Mattel's federal and state constitutional rights of free speech, including without limitation under the First Amendment of the United States Constitution.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred in whole or in part by the competitor privilege.

2154363.2

-27-

EXHIBIT ___J___

PAGE _129_

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Twelfth Affirmative Defense</u>

Plaintiff's claims are in whole or in part preempted by the Copyright Act and barred by the *Sears-Compco* doctrine.

<u>Thirteenth Affirmative Defense</u>

Plaintiff's requested relief, including plaintiff's requests for punitive and/or enhanced damages, are barred in whole or in part because all of Mattel's actions were in good faith.

<u>Fourteenth Affirmative Defense</u>

Plaintiff's damages, if any, were not caused by Mattel and are not attributable to the acts or omissions of Mattel.

<u>Fifteenth Affirmative Defense</u>

Plaintiff has failed to mitigate its damages, if any.

<u>Additional Defenses</u>

Mattel has insufficient knowledge or information upon which to form a belief as to whether additional defenses are available. Mattel reserves the right to amend this Second Amended Answer to add, delete, or modify additional defenses based on legal theories which may or will be divulged through clarification of the Complaint, through discovery, through change or clarification of the governing law or through further legal analysis of plaintiff's positions in this litigation.

<u>Prayer for Relief</u>

WHEREFORE, Mattel prays for relief as follows:

2154363.2

-28-

EXHIBIT 5

PAGE 130

1   1. That the Complaint be dismissed with prejudice;

2   2. That plaintiff take nothing by reason of the Complaint against

3 Mattel and that judgment be entered in Mattel's favor;

4   3. That Mattel recover its costs and attorneys' fees; and

5   4. That this Court award such other and further relief as it deems

6 just and proper.

7

8     **COUNTERCLAIMS**

9   Pursuant to the Court's Orders of January 12, 2007 and June 27, 2007,

10 and incorporating its [Proposed] Amended Complaint dated November 19, 2006,

11 Mattel, Inc. alleges as follows:

12     **Preliminary Statement**

13   1. For years MGA Entertainment, Inc. has engaged in a pattern of

14 stealing and using Mattel, Inc.'s property and trade secrets. MGA's use of the

15 stolen property and trade secrets caused and continues to cause significant harm to

16 Mattel. MGA first stole "Bratz," a fashion doll, from Mattel, and then continued

17 stealing Mattel's confidential and proprietary information to fuel MGA's growth.

18   2. Carter Bryant conceived, created and developed Bratz designs

19 while he was employed by Mattel as a doll designer. He concealed his Bratz work

20 from Mattel and wrongfully sold Bratz to MGA while he was a Mattel employee.

21 As MGA knows, Mattel owns the Bratz designs that Bryant made. As the rightful

22 owner of those Bratz designs, Mattel has registered copyrights for them and seeks

23 damages arising from MGA's repeated infringement of those copyrights.

24   3. Emboldened by the success of its illegal conduct, MGA has

25 repeated—and even expanded—its pattern of theft on numerous occasions. For

26 example, in or about 2004, MGA decided to expand into Mexico. To do so, and

27 operating from its Southern California offices, MGA hired away three key Mattel

28 employees in Mexico, who, on their way out, stole virtually every category of

2154363.2

SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT ___J___

PAGE _131_

1    Mattel's sensitive and trade secret business plans and information for the Mexican
2    market, as well as a significant quantity of sensitive and trade secret information
3    for Mattel's U.S. and worldwide businesses, and took them to MGA.  Armed with
4    Mattel's confidential business plans and methods, MGA claimed to have increased
5    its market share in Mexico alone by 90% in a single year.
6              4.    In 2005, MGA needed help in Canada.  So MGA, again
7    operating from its Southern California headquarters, hired Janine Brisbois from
8    Mattel.  At that time, Ms. Brisbois was responsible for Mattel's account with Toys
9    'R Us ("TRU") and Wal-Mart.  MGA gave her responsibility for those same
10   accounts, and she took from Mattel documents containing proprietary advertising,
11   project, sales, customer and strategy information for not only Canada, but for the
12   United States.  Eliminating any doubt that MGA then proceeded to use those stolen
13   materials, Brisbois subsequently accessed and modified certain of those Mattel
14   documents while employed by MGA.
15             5.    These are not the only instances of such misconduct, which
16   MGA orchestrated and carried out from its headquarters in this District.  Counter-
17   defendants have engaged in an ongoing, widespread pattern of illegal acts,
18   consisting of inducing Mattel employees to steal Mattel's confidential information
19   or other property and take it with them to MGA to further MGA's business interests
20   and to harm Mattel.

                          **Jurisdiction**

21

22             6.    This Court has federal question jurisdiction over this action
23   pursuant to 28 U.S.C. §§ 1331, 17 U.S.C. §§ 101 *et seq.*, and 18 U.S.C. § 1964(c).
24   This Court has supplemental jurisdiction over Mattel's state law claims pursuant to
25   28 U.S.C. § 1367.

                            **Venue**

26

27             7.    Venue is proper in this District pursuant to 28 U.S.C.
28   §§ 1391(b)-(d), 1391(f) and 1400(a) and 18 U.S.C. § 1965.

SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT 5
PAGE 132

**Parties**

8.    Mattel is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in El Segundo, California.

9.    Counter-defendant MGA Entertainment, Inc. ("MGA") is a corporation organized and existing under the laws of the State of California, with its principal place of business in Van Nuys, California. Mattel is informed and believes, and on that basis alleges, that ABC International Traders, Inc. is a predecessor corporation to MGA and that until September 16, 2002, MGA was incorporated and known as ABC International Traders, Inc. Upon the filing of the Complaint, Mattel, being ignorant of the nature, extent and scope of MGA Entertainment, Inc.'s involvement and complicity in the conduct alleged therein and having designated MGA Entertainment, Inc. in the Complaint as Doe 1 and having discovered its involvement and complicity, Mattel hereby amends its Complaint by substituting MGA Entertainment, Inc. for the fictitious Doe name Doe 1.

10.    Counter-defendant Carter Bryant ("Bryant") is an individual who formerly was employed by Mattel and has worked for and continues to work as a contactor for MGA. Mr. Bryant currently resides in the State of Missouri.

11.    Counter-defendant MGA Entertainment (HK) Limited is a business entity organized and existing under the laws of the Hong Kong Special Administrative Region, with its principal place of business in Hong Kong. Upon the filing of the Complaint, Mattel, being ignorant of the nature, extent and scope of involvement and complicity of MGA Entertainment (HK) Limited in the conduct alleged therein and having designated MGA Entertainment (HK) Limited in the Complaint as Doe 2 and having discovered its involvement and complicity, Mattel hereby amends its Complaint by substituting MGA Entertainment (HK) Limited for the fictitious Doe name Doe 2.

SECOND AMENDED ANSWER AND COUNTERCLAIMS

2154363.2

EXHIBIT 5
PAGE 133

1    12.    Counter-defendant MGAE de Mexico, S.R.L. de C.V. ("MGA
2    de Mexico") is a business entity organized and existing under the laws of Mexico,
3    with its principal place of business in Mexico City, Mexico.
4    13.    Mattel is informed and believes, and on that basis alleges, that
5    Counter-defendant Larian is the President and CEO of MGA and an individual
6    residing in the County of Los Angeles.   Upon the filing of the Complaint, Mattel,
7    being ignorant of the nature, extent and scope of involvement and complicity of
8    Larian in the conduct alleged therein and having designated Larian in the
9    Complaint as Doe 3 and having discovered his involvement and complicity, Mattel
10   hereby amends its Complaint by substituting Larian for the fictitious Doe name
11   Doe 3.
12   14.    Counter-defendant Carlos Gustavo Machado Gomez is an
13   individual who is employed by Counter-defendant MGA and who, on information
14   and belief, currently resides in the County of Los Angeles.
15   15.    The true names and capacities of Counter-defendants sued herein
16   as DOES 4 through 10, inclusive, are unknown to Mattel, which therefore sues said
17   Counter-defendants by such fictitious names.  Mattel will amend its pleadings to
18   allege their true names and capacities when the same are ascertained.
19                           **Factual Background**
20   I.    MATTEL
21   16.    Mattel manufactures and markets toys, games, dolls and other
22   consumer products.  Harold Mattson and Eliot and Ruth Handler founded Mattel in
23   1945.  The name of the company was created by incorporating the names of two of
24   its founders, "MATT-son" and "EL-liot."  Originating from the Handlers' garage in
25   Southern California, the company greatly expanded its operations following World
26   War II.  During the next several decades, Mattel became famous for producing
27   high-quality products at reasonable prices.
28

2154363.2

-32-

EXHIBIT ___5___

PAGE _134_

17.   Critical to Mattel's success is its ability to design and develop new products.  Mattel invests millions of dollars in product design and development and introduces hundreds of new products each year.  Mattel maintains a 180,000 square-foot design center in El Segundo, California, that houses hundreds of designers, sculptors, painters and other artists, who work exclusively to create the products on which Mattel's business depends.

18.   Mattel also has invested substantial amounts over many years to develop its business methods and practices, including, without limitation, its marketing and advertising research, plans, methods and processes; its business research and forecasts; its costs, budgets, pricing, credit terms, deal terms and finances; its manufacturing, distribution, and sales methods and processes; and its inventory methods and processes.  These represent a material part of the intellectual infrastructure of Mattel and are highly valuable.

## II.   MGA ENTERTAINMENT

19.   MGA is also a toy manufacturer.  MGA began as a consumer electronics business, but expanded into the toy business with licenses to sell handheld electronic games.  By approximately late 1999 or early 2000, MGA developed a strategy to expand its business and compete directly with Mattel by launching a fashion doll line, so it stole a fashion doll that was owned by Mattel – "Bratz."

20.   MGA intentionally stole not just specific Mattel property, such as Bratz designs, prototypes and related materials, but also a vast array of trade secrets and other confidential information that comprise Mattel's intellectual infrastructure.  MGA's rapid growth was not organic, but rather was based upon its theft of Bratz.  As a result, MGA lacked an appropriate intellectual infrastructure for a company of its size and it became increasingly difficult to manage.  To deal with these problems, as detailed below, time and time again MGA simply stole Mattel's proprietary business methods, practices and information.  This not only

2154363.2

-33-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT 5
PAGE 135

1  allowed MGA to avoid expending time, money and effort necessary to build a

2  legitimate business, but also allowed MGA to unfairly compete against Mattel by

3  taking Mattel's playbook.

4  **III.  MGA STEALS A NEW LINE OF FASHION DOLLS FROM MATTEL**

5         21.  Carter Bryant is a former Mattel employee.  Bryant joined Mattel

6  in September 1995, where he worked in Mattel's Design Center as a BARBIE

7  product designer.  In or about April 1998, Bryant resigned his position with Mattel

8  and moved to Missouri to live with his parents.  Late in 1998, Bryant applied to

9  Mattel to be rehired.  On January 4, 1999, he began working at Mattel in Mattel's

10  Design Center, again as a product designer, for Mattel's BARBIE collectibles line.

11         22.  Upon his return to Mattel in January 1999, Bryant executed an

12  Employee Confidential Information and Inventions Agreement (the "Employment

13  Agreement"), a true and correct copy of which is attached hereto as Exhibit A.

14         23.  Pursuant to his Employment Agreement and as a condition of

15  and in consideration for his employment, Bryant agreed, among other things, that

16  he held a position of trust with Mattel, that the designs and inventions he created

17  during his Mattel employment (with certain exceptions not relevant here) were

18  owned by Mattel, and that he would be loyal to the company by agreeing not to

19  assist or work for any competitor of Mattel while he was employed by Mattel.

20         24.  On January 4, 1999, Bryant also executed Mattel's Conflict of

21  Interest Questionnaire (the "Conflict Questionnaire").  Among other things, Bryant

22  certified in the Conflict Questionnaire that, other than as disclosed, he had not

23  worked for any competitor of Mattel in the prior twelve months and had not

24  engaged in any business venture or transaction involving a Mattel competitor that

25  could be construed as a conflict of interest.  Bryant understood what the Conflict

26  Questionnaire required because, among other things, he disclosed on it the

27  freelance work he had performed while in Missouri for Ashton-Drake, which is

28

2154369.2

-34-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT 5

PAGE 136

1  unrelated to the conduct alleged herein. A true and correct copy of the Conflict

2  Questionnaire executed by Bryant is attached hereto as Exhibit B.

3         25.   Pursuant to the Conflict Questionnaire, Bryant also agreed that

4  he would immediately notify his supervisor of any change in his situation that

5  would cause him to change any of the foregoing certifications. Despite this

6  obligation, at no time did Bryant disclose to Mattel that he was engaging in any

7  business venture or transaction with MGA or any other Mattel competitor.

8         26.   More specifically, while Bryant was employed by Mattel, Bryant

9  and other Counter-defendants misappropriated and misused Mattel property and

10 Mattel resources for the benefit of Bryant and MGA. Such acts included, but are

11 not limited to, the following:

12         a.   using his exposure to Mattel development programs to

13 create the concept, design and name of Bratz;

14         b.   using Mattel resources, and while employed by Mattel,

15 Bryant worked by himself and with other Mattel employees and contractors to

16 design and develop Bratz, including without limitation by creating drawings and

17 three-dimensional models of Bratz dolls, and fashion designs for the dolls'

18 associated clothing and accessories; and

19         c.   using Mattel resources, and while employed by Mattel,

20 Bryant took steps to assist MGA to produce Bratz dolls.

21         27.   During the time that he was employed by Mattel and thereafter,

22 Bryant concealed these actions from Mattel, including by failing to notify his

23 supervisor of the conflict of interest he created when he began working on MGA's

24 behalf and when he began receiving payments from MGA. Bryant additionally

25 enlisted other Mattel employees to perform work on Bratz during the time he was

26 employed by Mattel and, by all indications, in at least some cases led them to

27 believe that they were performing work on a project for Mattel.

28

2154363.2

EXHIBIT 5

PAGE 137

28.   Bryant also made affirmative misrepresentations to Mattel management and employees immediately before his departure from Mattel on October 20, 2000. For example, during his last few weeks at Mattel, Bryant told his co-workers and supervisors that he was going to leave Mattel for "non-competitive" pursuits. Bryant's representations to his supervisors and his co-workers were false. Bryant knew at the time that those representations were false and made those false statements to conceal from Mattel the fact that he was already working with MGA and that he had contracted with MGA to assign Bratz works to MGA and to provide design and development services to MGA, a Mattel competitor.

29.   As a result of the efforts of Bryant and other Mattel employees working on Bratz (which were done without Mattel's knowledge), the Bratz dolls had been designed and were far along in development during the time that Bryant was employed by Mattel and prior to the time that Bryant left Mattel on October 20, 2000. Not only did Bryant create and develop designs for the dolls as well as other aspects of the products such as their fashion accessories during the time he was employed by Mattel, but MGA showed Bratz prototypes and/or product to both focus groups and retailers in November 2000, less than three weeks after Bryant left Mattel. Bryant, Larian and others at MGA arranged these meetings while Bryant was still employed by Mattel.

30.   Bryant and MGA employees also repeatedly and continuously communicated with employees of MGA Entertainment (HK) Limited on subjects such as design and manufacturing of Bratz. On information and belief, at all material times, MGA Entertainment (HK) Limited has maintained regular and continuous contacts with persons in the County of Los Angeles; it regularly has shipped products that it manufactures, or that are manufactured for it, to the County of Los Angeles; and such products have been distributed to retailers and sold to consumers in the County of Los Angeles.

2154363.2

-36-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT 5

PAGE 138

31.   Bratz also were shown to retailers at the Hong Kong Toy Fair in January 2001.  By early 2001, only a few months after Bryant resigned from Mattel, MGA began having the Bratz fashion doll line and accessories manufactured and then, shortly thereafter, began selling them at retail.

32.   Since 2001, MGA has distributed and sold Bratz and Bratz-related products throughout the world.  Mattel is informed and believes that MGA also licenses Bratz to third parties.  Mattel is also informed and believes that MGA derives annual revenue from its sales and licenses of Bratz in excess of $500 million.  Mattel is further informed and believes that MGA and Bryant claim current ownership of Bratz, and all copyrights and copyright registrations attendant thereto.  MGA continues to market, sell and license Bratz and has expressed an intention to continue to do so.

33.   Mattel is informed and believes that MGA and Larian encouraged, aided and financed Bryant to develop Bratz, knowing full well that Bryant was still employed by Mattel at the time and that by performing such work, including design-related work, for his own benefit and/or the benefit of MGA, Bryant would be, and was, in breach of his contractual, statutory and common law duties to Mattel.  Mattel is also informed and believes that MGA proceeded to aid and encourage Bryant to develop Bratz with the goal of obtaining a valuable fashion doll line that would be commercially successful in the competitive, multi-billion dollar market for fashion dolls.

34.   Pursuant to Bryant's contract with Mattel, among other things, Mattel is the true owner of Bratz designs and works, including those specifically that were conceived, created or reduced to practice during Bryant's Mattel employment as well as all designs and works that are or have been derived therefrom.  Counter-defendants' continued use, sale, distribution and licensing of Bratz thus infringes upon Mattel's rights, injures Mattel and unlawfully enriches the Counter-defendants.

2154363.2

-37-

EXHIBIT 5
PAGE 139

1    35.   Bryant and MGA deliberately and intentionally concealed facts
2  sufficient for Mattel to suspect or to know that it was the true owner of Bratz.
3  Their acts of concealment include, but are not limited to, concealing the fact that
4  Bryant conceived, created, designed and developed Bratz while employed by
5  Mattel, including by tampering with and defacing documents which showed that, in
6  fact, Bryant was a Mattel employee while he was working for and with MGA;
7  concealing the fact that Bryant worked with and assisted MGA during the time
8  Bryant was employed by Mattel and was compensated for that assistance;
9  concealing that Bryant was providing consulting services to MGA; concealing
10  Bryant's role in Bratz by falsely claiming that Larian and others were the creators
11  of Bratz; and concealing the fact that Mattel was the true owner of Bratz by, among
12  other things, filing fraudulent registrations and/or amendments to registrations with
13  the United States Copyright Office claiming MGA as the author of Bratz as a work
14  for hire and altering relevant dates on such documents to further obscure the true
15  facts of when the works were created.
16    36.   Because of Bryant's and MGA's acts of concealment and Bryant's
17  misrepresentations to Mattel, Mattel had no reason to suspect that Bryant had
18  worked with MGA, or assisted MGA, while he still employed by Mattel until
19  approximately November 24, 2003, when Mattel received, through an unrelated
20  legal action, a copy of Bryant's agreement with MGA which showed that the date
21  of Bryant's agreement with MGA predated Bryant's departure from Mattel.  It was
22  then, as a result, that Mattel learned for the first time that Bryant had secretly aided,
23  assisted and worked for and with MGA while employed at Mattel and in violation
24  of his Mattel Employment Agreement.  Specifically, Bryant's agreement with
25  MGA obligated Bryant to provide product design services to MGA on a "top
26  priority" basis.  Bryant's agreement with MGA also provided that Bryant would
27  receive royalties and other consideration for sales of products on which Bryant
28  provided aid or assistance; that all works and services furnished by Bryant under

2154363.2

-38-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT 5
PAGE 140

1  the agreement, including those he purportedly provided while still a Mattel

2  employee, purportedly would be considered "works for hire" of MGA; and that all

3  intellectual property rights to preexisting works by Bryant, including Bratz designs,

4  purportedly were assigned to MGA.

5  **IV.  MGA STEALS MATTEL TRADE SECRETS IN MEXICO**

6         37.   On information and belief, in or about late 2003 or early 2004,

7  MGA decided to open business operations in Mexico.  Faced with the difficult task

8  of developing an overall strategy for expanding into a market in which it had only a

9  nominal presence and no operations, MGA elected to steal Mattel's plans, strategy

10  and business information for the Mexican market and materials related to Mattel's

11  worldwide business strategies.  As detailed below, MGA and Larian approached

12  three employees of Mattel's Mexican subsidiary ("Mattel Mexico"), enticed them to

13  steal Mattel's most sensitive business planning materials, and then hired them to

14  assist in establishing and running MGA's new Mexican subsidiary.

15     **A.   MGA Hires Three Senior Mattel Employees in Mexico**

16         38.   Carlos Gustavo Machado Gomez ("Machado") was the Senior

17  Marketing Manager, Boys Division, for Mattel Mexico, a position of trust and

18  confidence.  He was employed at Mattel Mexico from April 1, 1997 until April 19,

19  2004.  His duties included short, medium and long-term marketing planning,

20  generating product sales projections, and assisting in creation of the media plan.  In

21  his position, Machado had access to highly confidential and sensitive marketing

22  and product development information.  Machado had an employment agreement

23  with Mattel in which he agreed to maintain the confidentiality of Mattel's protected

24  information.  Mattel's policies also required Machado to protect Mattel's

25  proprietary information and not to disclose it to competitors.

26         39.   Mariana Trueba Almada ("Trueba") was the Senior Marketing

27  Manager, Girls Division, for Mattel Mexico, a position of trust and confidence.

28  She was employed at Mattel Mexico from November 3, 1997 until April 19, 2004.