Patricia L. Glaser, State Bar No. 055668
Pglaser@glaserweil.com
Joel N. Klevens, State Bar No. 045446
Jklevens@glaserweil.com
GLASER, WEIL, FINK, JACOBS
 HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: 310-553-3000
Facsimile: 310-556-2920

Russell J. Frackman, State Bar No. 049087
rjf@msk.com
MITCHELL, SILBERBERG & KNUPP, LLP
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone: 310-312-2000
Facsimile: 310-312-3100

Attorneys for the MGA Parties For Phase Two

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT
OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx)<br>Consolidated with: Case No. CV 04-9059; Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>**[To Be Heard by Discovery Master Robert C. O'Brien Pursuant to Order of January 6, 2009]**<br><br>**MGA ENTERTAINMENT, INC.'S REPLY RE MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS FROM MGA'S SECOND AND FIFTH SETS OF REQUESTS FOR PRODUCTION AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES TO MATTEL, INC.**<br><br>Date: May 19, 2009<br>Time: 10:00 a.m.<br>Place: Arent Fox LLP<br><br>[Honorable Stephen G. Larson]<br>**Phase 2**<br>Discovery Cut-off: December 11, 2009<br>Pre-Trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

## I. INTRODUCTION

Based on Mattel's representations and recent supplemental discovery responses, it appears that most of the issues raised by MGA's Motion have been resolved. Thus, to the extent Mattel has honored its representations with respect to: (a) Requests for Production 146, 148, 153, 158, 160, 162, 174, 175, 176, 177, 488 and 491 from MGA's Second and Fifth Sets of Requests for Production; and (b) Interrogatory Nos. 20, 21, 22, 23, 28 and 29 from MGA's Second Set of Interrogatories by the time the Motion is heard, MGA shall withdraw portions of its Motion accordingly.[1]

Assuming Mattel does, in fact, provide further responses to the subject interrogatories, produce all responsive documents, and supplement its inadequate discovery responses as it has committed to do, no Interrogatories and only four Requests for Production appear to remain at issue. With respect to Request for Production Nos. 154, 178, 486 and 489, Mattel has not agreed to produce all non-privileged documents responsive to these requests. Instead, Mattel seeks to limit its production of these documents by claiming either that the requests are vague, overly broad and seek irrelevant documents, or that it has already produced or agreed to produce documents responsive to these requests. Further, Mattel conspicuously refuses to indicate in its responses that it will produce *all* such responsive documents.

---

[1] Mattel dedicates multiple pages of its Opposition to complaining about MGA's purportedly premature filing of the Motion to Compel, even though MGA is entitled to seek relief from the Discovery Master if a dispute has not been resolved within five court days after service of a meet and confer letter. (*See* Stipulation For Appointment of a Discovery Master; And Order, ¶ 5.) In this case, MGA did not bring its Motion to Compel until nearly a month after the first meet and confer letter was served and numerous conferences had been conducted. (Mankey Decl., ¶ 8, Exh. F.) Moreover, Mattel's complaints about MGA's filing of the motion are defeated by Mattel's own filing of several motions to compel even though MGA agreed to or did supplement its interrogatory responses and/or document production as to the disputed discovery addressed in those motions. (Declaration of Amman A. Khan filed concurrently herewith, ¶ 2.) Based on the foregoing, Mattel's suggestion that MGA should be sanctioned for bringing the instant Motion is unpersuasive.

For the reasons discussed in detail below, Mattel's arguments as to these requests are baseless and MGA is entitled to an Order compelling Mattel to produce *all* non-privileged documents that are responsive to each of these Requests.

## II.  ARGUMENT

### A.  Request For Production No. 154

Request No. 154 seeks "All DOCUMENTS REFERRING OR RELATING TO PERSONS who had access to the 2004 Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS."

Mattel disingenuously asserts that MGA refused to reach agreement with Mattel with respect to Request No. 154.  (Opp. at p.18:1-3.)  Contrary to Mattel's assertion, MGA attempted to resolve the issue informally by agreeing to narrow the scope of Request No. 154 to apply only to documents:  1) predating the filing of Mattel's SAAC on July 12, 2007 (if Mattel confirms that it has no claims relating to the 2004 Sales Plan that arose after that date); and 2) reflecting all persons to whom Mattel (as opposed to MGA or anyone else) gave the ability or permission to access the Sales Plan.  (Mankey Decl., ¶ 11, Exh. I.)  MGA's willingness to narrow the scope of the request in an effort to resolve the dispute informally and avoid a motion to compel does not render the Request overly broad.[2]

First, Mattel claims that compliance with Request No. 154 would potentially require the production of countless irrelevant documents relating to individuals who are not even involved in this case.  (Opp. at p.12-18.)  However, the identification of individuals (including anyone who is not involved in this case) who had access to the Sales Plan is *directly relevant* to MGA's defense against Mattel's claim that the Sales Plan contains protectable trade secrets as it may demonstrate that Mattel did not undertake efforts to maintain the secrecy of these purported trade secrets.  *See* Cal.

---

[2]  *Regan-Touhy v. Walgreen Co.*, cited in Mattel's Opposition, is distinguishable as the subject discovery in that case was overly broad because it sought "all documents" that "relate in any way" to the "allegations, facts, and circumstances concerning the litigation."  526 F.3d 641, 650 (10th Cir. 2008).

**2**

Civ. Code § 3426.1(d) (requiring efforts to maintain the "secrecy" of purported trade secrets).

Second, Mattel argues that the term "access" is ambiguous because "it could reflect people who accessed the plan or people who were given access but did not in fact access it." (Opp. at p. 18:19-21.) Mattel is correct in asserting that the term "access" includes both interpretations. MGA is entitled to seek documents reflecting information as to anyone who accessed the Sales Plan or was given access to the Sales Plan, even if that person never accessed it. Again, this information is *directly relevant* to MGA's defense as to whether Mattel took sufficient steps to maintain the secrecy of the alleged trade secrets in the Sales Plan. Therefore, the term "access" is not ambiguous or overly broad.

Finally, Mattel seeks to avoid production of the requested documents by conflating two distinct concepts: the time at which a trade secret is purportedly misappropriated and the time at which the alleged theft is discovered. Mattel argues that "MGA has never shown how post-theft access could be relevant. Nor can it. How Mattel treated the Sales Plan after it was already aware of its theft and disclosure to a primary competitor is not relevant to any of MGA's defenses or claims." (Opp. at p. 19:6-9.) However, Mattel's protection (or lack thereof) over particular information prior to *discovery* of its alleged theft is crucial to MGA's defense of Mattel's misappropriation claims. To qualify as a trade secret, information must be "the subject of efforts that are reasonable under the circumstances to maintain its secrecy". Cal. Civ. Code § 3426.1(d). In fact, Mattel's counsel admitted that "we understand your position that some post-theft access may be relevant and are willing to consider producing items within a reasonable post-theft time period" – thereby admittedly belying the "nor can it" argument above. (4/29/09 Declaration of Diane C. Hutnyan ("Hutnyan Decl."), ¶ 2, Exh. 1 [4/16/09 letter from Hutnyan to Mankey].)

Further, post-theft access to the Sales Plan is plainly relevant to the claims and defenses at issue in this case because the Sales Plan might contain elements that

1  Mattel could seek to protect as trade secrets in *current* versions of the Sales Plan.  For
2  instance, Mattel's Sales Plan for other years might contain business goals,
3  assumptions for sale and revenue projections, market share information, etc.  If Mattel
4  failed to take reasonable efforts to maintain the secrecy of these categories of
5  information in a particular year, then not only would any claim of trade secret
6  protection over Sales Plans for subsequent years fail, but it would also demonstrate
7  that those types of information in the 2004 Sales Plan were never trade secrets.  *See*
8  Cal. Civ. Code § 3426.1(d).

9  Based on the foregoing and given the minimal burden placed on demonstrating
10 relevance for discovery purposes, MGA is entitled to the documents sought by
11 Request No. 154.  *See* Fed. R. Civ. Proc. 26(b)(1) (granting litigants the right to
12 discover non-privileged information "relevant to any party's claim or defense –
13 including the existence, description, nature, custody, condition, and location of any
14 documents or other tangible things and the identity and location of persons who know
15 of any discoverable matter.").

### B.   Request For Production Nos. 486 and 489

17 Request No. 486 seeks "All DOCUMENTS REFERRING OR RELATING TO
18 YOUR or YOUR attorney's or agent's knowledge of or participation in the
19 investigation or search of MGAE de Mexico, S.R.L. de C.V. in Mexico City."
20 Request No. 489 seeks "All DOCUMENTS REFERRING OR RELATED TO YOUR
21 or YOUR attorney's or agent's knowledge of or participation in the seizure of
22 Brisbois' thumb drive by Canadian law enforcement."

23 As indicated in its Second Set of Supplemental Responses (served on the same
24 day as its Opposition), Mattel has not agreed to produce documents related to its
25 attorneys' or agents' knowledge of these facts.  Instead, Mattel has restricted its
26 responses on the grounds that the Requests lack any temporal limitation and that
27 "non-percipient, post-event knowledge [by Mattel's agents and attorneys] is
28 irrelevant… [and] burdensome."  (Opp. at p. 16.)

**4**

Mattel's position is unfounded because, to the extent Mattel's counsel and agents have had ongoing discussions with, or provided assistance to, Mexican or Canadian authorities, such information is clearly relevant to this action. These documents could provide a crucial source of evidence that is critical to MGA's defense to Mattel's trade secret claims. Further, the Discovery Master has already ordered Mattel to produce documents in response to similar requests in his Order No. 6:

> Given Mattel's allegations regarding the theft of its trade secrets, its communications with law enforcement officials, and the overlap between the civil and criminal claims Mattel is pursuing, the Discovery Master concludes that, as a threshold matter, MGA has made a prima facie case that the Requests seeking the documents Mattel provided to law enforcement officials, as well as Mattel's communications with those officials, are reasonably calculated to lead to the discovery of admissible evidence regarding the claims to be adjudicated in Phase 2.

(Mankey Decl., ¶ 6, Exh. D, Phase 2 Discovery Matter Order No. 6, p. 11.) The Discovery Master's ruling does not contain any temporal limitation because none is warranted. Mattel's response fails to acknowledge that MGA does not seek documents protected by the attorney-client privilege or the work-product doctrine. Thus, the vast majority of documents that might otherwise create an undue burden upon Mattel are not at issue.

Mattel also argues that Request No. 486 is vague and overbroad because it does not know what "investigation" MGA is referring to or why such documents might be relevant. However, MGA does not have to identify a specific investigation for Mattel to be obligated to produce documents responsive to this request. Mattel must provide all non-privileged documents referring or relating to *any* investigation of MGAE de Mexico, S.R.L. de C.V. in Mexico City. Mattel has not provided any reason as to why documents referring or relating to an investigation of MGAE de Mexico could possibly not be relevant in this case, particularly when it is a key element of Mattel's factual allegations of trade secret theft by MGA or its agents in Mexico. Contrary to

Mattel's assertion, Mattel's production of documents consisting of communications with law enforcement does not encompass documents requested by Request No. 486, as Mattel may not have provided all of its "investigation" documents to law enforcement.

For the foregoing reasons and because MGA is entitled to all documents which may support or refute Mattel's claims, all non-privileged documents responsive to Request Nos. 486 and 489 must be produced.

### C. Request For Production No. 178

Request No. 178 seeks "All DOCUMENTS REFERRING OR RELATING TO any investigation, surveillance, inspection, inquiry, survey or analysis into the activities, including but not limited to electronic and computer related activities, alleged in YOUR COUNTERCLAIMS."

Mattel misleadingly asserts that MGA's "sole complaint is that the language of [Mattel's response to Request No. 178] does not encompass everything alleged in Mattel's counterclaims." (Opp. at 17:6-7.) And contrary to Mattel's assertion, Mattel has not "agreed to *exactly* what MGA seeks." (Opp. at 17:10.) Agreeing to produce "responsive, non-privileged documents relating to the discovery of MGA's thefts of trade secret and other confidential Mattel information, as well as other wrongful conduct alleged in Mattel's Counterclaims" (Hutnyan Decl., ¶ 22, Exh. 21) is not the same as agreeing to produce "*all*" documents referring or relating to "any investigation, surveillance, inspection, inquiry, survey or analysis into the activities, including but not limited to electronic and computer related activities" alleged in Mattel's counterclaims, sought by Request No. 178.

Despite having stated that it will produce a more limited category of documents than that sought by MGA in response to this Request, Mattel takes the position in its opposition that it has no objection to Request No. 178 (*See* Opp. at 17:13: "There is no dispute here." and at 17:17: "There is nothing to compel."). Thus, MGA is entitled to and seeks the production of *all* responsive non-privileged documents and

1  an amended response by Mattel indicating that it will produce *all* such documents as
2  sought by the specific language of Request No. 178.  *See 3M Co. v. Kanbar*, 2007
3  WL 2972921, *2 (N.D. Cal. October 10, 2007) (court ordered each Defendant to sign
4  a declaration certifying that *all* non-privileged, responsive document have been
5  produced).

### III.  CONCLUSION

For the foregoing reasons, MGA respectfully requests that the Discovery Master grant its Motion to Compel Production of Documents and Things From MGA's Second and Fifth Sets of Requests For Production and Responses to MGA's Second Set of Interrogatories to Mattel, Inc., and order Mattel to provide written responses and documents responsive to all of the disputed discovery.

Dated: May 4, 2009

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS,
 HOWARD & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP

By: _____/s/ Joel N. Klevens_____
   Joel N. Klevens
   Attorneys for the MGA Parties
   for Phase Two

MGA'S REPLY RE MOTION TO COMPEL RESPONSES TO MGA'S REQUESTS FOR PRODUCTION & INTERROGATORIES

675610

675610