1   Patricia L. Glaser, State Bar No. 055668
    Pglaser@glaserweil.com
2   Joel N. Klevens, State Bar No. 045446
    Jklevens@glaserweil.com
3   GLASER, WEIL, FINK, JACOBS,
      HOWARD & SHAPIRO, LLP
4   10250 Constellation Boulevard, 19th Floor
    Los Angeles, California 90067
5   Telephone:   310-553-3000
    Facsimile:   310-556-2920
6
7   Russell J. Frackman, State Bar No. 049087
    rjf@msk.com
8   MITCHELL, SILBERBERG & KNUPP, LLP
    11377 West Olympic Boulevard
9   Los Angeles, California 90064
    Telephone:   310-312-2000
10  Facsimile:   310-312-3100
11  Attorneys for the MGA Parties For Phase 2
12              UNITED STATES DISTRICT COURT
13    CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

14  CARTER BRYANT, an individual          )   Case No. CV 04-9049 SGL (RNBx)
                                          )
15              Plaintiff,                )   Consolidated with: Case No. CV 04-
                                          )   9059 and Case No. CV 05-2727
16  v.                                    )
                                          )   **Hon. Stephen J. Larson**
17  MATTEL, INC., a Delaware              )
    Corporation                           )   **[PUBLIC REDACTED] MGA**
18                                        )   **PARTIES' OPPOSITION TO**
                Defendant.                )   **MATTEL, INC.'S 4/13/09 MOTION**
19                                        )   **OBJECTING TO PORTIONS OF**
                                          )   **DISCOVERY MASTER ORDER NO.**
20  ──────────────────────────           )   **11 DENYING MATTEL, INC.'S**
                                          )   **MOTION TO COMPEL**
21  AND CONSOLIDATED ACTIONS              )   **DEPOSITIONS OF PABLO**
                                          )   **VARGAS AND MARIANA TRUEBA**
22                                        )
                                          )   **[Supplemental Declaration of Amman**
23                                        )   **A. Khan filed and served concurrently**
                                          )   **herewith]**
24  ──────────────────────────           )
        **PUBLIC REDACTED**              )   Date:     June 1, 2009
25                                        )   Time:     10:00 a.m.
                                          )   Place     Courtroom 1
26                                        )
                                          )   **Phase 2**
27                                        )   Discovery Cut-off:  December 11, 2009
                                          )   Pre-Trial Conference:  March 1, 2010
28                                        )   Trial Date:  March 23, 2010

# TABLE OF CONTENTS

**Page**

I.   Preliminary Statement ............................................................................................ 1

II.  Factual Background .................................................................................................. 3

III. Argument .................................................................................................................. 7

   A.   The Legal Standard for Overturning the Discovery Master's Order ........ 7

   B.   Mattel Has Failed to Show That the Discovery Master's Order Is Contrary to Law ............................................................................................ 8

      1.   Mattel Concedes That the Discovery Master Applied the Correct Multi-Factor Test To Determine Managing Agent Status Under Rule 30(b)(1) .................................................................................. 8

      2.   The Discovery Master's Focus on Whether the Witnesses Are *Currently* Managing Agents Is Not Contrary To Law ................. 11

      3.   The Discovery Master Applied the Proper Burden of Proof And Determined That This is Not A Close Question ........................... 13

   C.   Mattel Fails to Demonstrate That the Discovery Master's Analysis of the Facts Was Clearly Erroneous ................................................................. 13

      1.   The Discovery Master Properly Found That Neither Witness is Invested with General Powers Sufficient to Make Him or Her A "Managing Agent" .................................................................... 14

      2.   Other Employees of MGA De Mexico Are in Superior Positions to Ms. Trueba and Mr. Vargas with Respect to the Relevant Areas of Information Sought ....................................................................... 16

      3.   The Discovery Master Properly Found The Interests of the MGA Parties, on The One Hand, and Mr. Vargas and Ms. Trueba, on The Other, are Not Necessarily Aligned ....................................... 17

   D.   The Court Should Defer to Principles of International Comity in Considering the Depositions of Non-Party, Foreign Nationals. ............. 17

   E.   The Depositions of Vargas and Trueba Should be Held in Mexico Only upon Lawful Service of Process .......................................................... 19

IV.  Conclusion .............................................................................................................. 22

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

675297

i

# TABLE OF AUTHORITIES

**Page**

## CASES

*Boston Diagnostics Development Corp., Inc. v. Kollsman Manufacturing Co.*,
123 F.R.D. 415 (D. Mass. 1988) ................................................................11, 14

*Cadent Ltd. v. 3M Unitek Corp.*,
232 F.R.D. 625 (C.D. Cal. 2005)..........................................................................20

*Calixto v. Watson Bowman Acme Corp.*,
2008 WL 4487679 (S.D. Fla. 2008) ....................................................................12

*Delphi Automotive Systems LLC v. Shinwa Internat'l Holdings Ltd*,
2008 WL 2906765 (S.D. Ind. 2008) ....................................................................20

*Dwelly v. Yamaha Motor Corp., USA*,
214 F.R.D. 537 (D.C. Minn. 2003)..................................................................1, 20

*Equality Employment Opportunity Commission v. Honda of America Manufacturing, Inc.*,
2007 U.S. Dist. LEXIS 14496 (S.D. Ohio Feb. 28, 2007) ...........................11, 18

*Faro Technologies, Inc. v. Romer*,
2007 WL 496615 (M.D. Fla. 2007)......................................................................11

*Fausto v. Credigy Services Corp.*,
251 F.R.D. 427 (N.D. Cal. 2008) ........................................................................20

*Founding Church of Scientology of Washington D.C., Inc. v. Webster*,
802 F.2d 1448 (D.C. 1986)...................................................................................12

*Gonzales v. Hickman*,
2007 U.S. Dist. LEXIS 83702 (C.D. Cal. 2007) ...................................................8

*Grimes v. City and County of San Francisco*,
951 F.2d 236 (9th Cir.1991) ..............................................................................7, 8

*HTC Corp. v. Technology Properties*,
2008 WL 5244905 (N.D. Cal. 2008).....................................................................20

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

ii

**MGA PARTIES' OPPOSITION TO MATTEL'S 4/13/09 MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 11 RE MOTION TO COMPEL DEPOSITIONS**

*Hilton v. Guyot,*
    159 U.S. 113 (1895)..................................................................................17

*In re Honda American Motor Co.,*
    168 F.R.D. 535 (D. Md. 1996) ...............................................................10

*Libbey Glass, Inc. v. Oneida, Ltd.,*
    197 F.R.D. 342 (N.D. Oh. 1999) ...........................................1, 6, 7, 9, 10

*New Medium Technologies LLC v. Barco N.V.,*
    242 F.R.D. 460 (N.D. Ill. 2007) .............................................................20

*Richmark Corp. v. Timber Falling Consultants,*
    959 F.2d 1468 (9th Cir. Or. 1992) ..........................................................18

*Smith v. Shoe Show of Rocky Mountain, Inc.,*
    2001 WL 1757184 (D. Mass. Aug. 26, 2001) .........................................12

*Societe Nationale Industrielle Aerospatiale v. U.S. District Court for South.*
    *District of Iowa,*
    482 U.S. 522 (1987)...............................................................................17

*Sugarhill Records, Ltd. v. Motown Records Corp.,*
    105 F.R.D. 166 (S.D.N.Y. 1985).............................................9, 13, 14, 15

*Thomas v. International Business Machines,*
    48 F.3d 478 (10th Cir. 1995) ..................................................................20

*United States of America v. Afram Lines (USA) Ltd.,*
    159 F.R.D. 408 (S.D.N.Y. 1994)..............................................7, 12, 14, 19

*United States v. McConney,*
    728 F.2d 1195 (9th Cir.1984) ...................................................................8

*Wolpin v. Philip Morris, Inc.,*
    189 F.R.D. 418 (C.D. Cal. 1999).............................................................8

## STATUTES

Fed. R. Civ. P. 28(b), 45(b)(2)....................................................................17

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**MGA PARTIES' OPPOSITION TO MATTEL'S 4/13/09 MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 11 RE MOTION TO COMPEL DEPOSITIONS**

Fed. R. Civ. P. 30(b)(1)...................................................................2, 8, 11, 17

Fed. R. Civ. P. 32(a)(2)...................................................................12

Fed. R. Civ. P. 48(b) .......................................................................17

Fed. R. Civ. Proc. 72(a) ...................................................................7

Under 28 U.S.C. § 636(b)(1)(A)........................................................7

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310·553·3000

675297

**MGA PARTIES' OPPOSITION TO MATTEL'S 4/13/09 MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 11 RE MOTION TO COMPEL DEPOSITIONS**

## I.   **PRELIMINARY STATEMENT**

On March 30, 2009, the Discovery Master properly denied Mattel's motion to compel (the "Deposition Motion") two Mexican residents, Pablo Vargas and Mariana Trueba (the "Witnesses"), to attend deposition in Los Angeles pursuant to a Notice of Deposition, because neither was a "managing agent" of Mattel De Mexico within the meaning of Federal Rule of Civil Procedure ("Rule") 30(b)(1).  In denying Mattel's Deposition Motion, the Discovery Master rejected Mattel's attempt to circumvent the Hague Convention and compel the depositions in the United States of two Mexican nationals who are not parties to this action and who live and work in Mexico.

As the Discovery Master noted, "[t]he identification of a managing agent in any case is fact-sensitive," and "the standard remains a functional one to be determined largely on a case-by-case basis."  (Order No. 11, p. 28 (internal quotation and citation omitted).)  Mattel concedes in its Motion Objecting to Portions of Discovery Master Order No. 11 (the "Motion to Overturn," p. 10:1-14), that the Discovery Master used the correct multi-factor test formulated by federal courts to determine managing agent status, which Mattel itself had urged the Discovery Master to follow.  The Discovery Master also analyzed the evidence under the "practical and well-reasoned test" outlined in *Libbey Glass, Inc. v. Oneida, Ltd.,* 197 F.R.D. 342, 350 (N.D. Oh. 1999) ("*Libbey Glass*") (Order No. 11, p. 31:23-27).  Using both the multi-factor test and the *Libbey Glass* test, the Discovery Master correctly concluded that Mattel had not met its burden, and that given the lack of evidence, it was not even a "***close case***" that the witnesses were in fact ***not*** managing agents.  (Order No. 11, p. 36 (emphasis added).)

Mattel now asks the Court to overturn Order No. 11 pursuant to Rule 72(a).  In an attempt to obfuscate the fact that Mattel failed to satisfy its evidentiary burden before the Discovery Master, Mattel wastes much of its Motion to Overturn arguing that the requested deposition testimony is relevant.  That is not the issue.  The MGA Parties have never argued that the Witnesses are not relevant, nor did the Discovery

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    Master so find.  To the contrary, the Discovery Master went so far as to assure Mattel

2    that if it sought letters rogatory for the depositions, the Discovery Master would "see

3    that the letters rogatory are expeditiously issued by the Court." (Order No. 11, p. 36.)

4    This is precisely what the MGA Parties have been urging Mattel to do ever since

5    Mattel improperly tried to obtain these depositions by the Deposition Notice

6    procedure during Phase 1, more than a year ago.  Thus Mattel has wasted its time

7    seeking to force the issue rather than proceeding appropriately by obtaining letters

8    rogatory.

9        As set forth below, Mattel has not met its burden to show that Order No. 11 is

10   "clearly erroneous" or "contrary to law."

11       First, Mattel fails to demonstrate that the Discovery Master's ruling is

12   "contrary to law."  Indeed, Mattel concedes that the Discovery Master applied the

13   very multi-factor test that Mattel urged as the framework for determining whether an

14   individual is a managing agent under Rule 30(b)(1).  That Mattel disagrees with the

15   Discovery Master's application of the law to the facts does not make his decision

16   "contrary to law."

17       Second, Mattel does not, and cannot, cite any controlling Ninth Circuit

18   authority to support its contention that the Discovery Master was required to

19   determine whether the Witnesses were managing agents five years ago, rather than

20   whether they are *currently* managing agents of MGA De Mexico.  Cases from

21   different jurisdictions have taken different approaches to this issue in different factual

22   contexts, although the MGA Parties believe that the Discovery Master adopted the

23   better reasoned view.  However, in the absence of controlling authority on this point,

24   Order No. 11 cannot be "contrary to law."

25       Third, Mattel fails to meet its burden to demonstrate that the Discovery

26   Master's consideration of the evidence is "clearly erroneous."  As discussed more

27   fully below, the Discovery Master carefully weighed all of the evidence (and Mattel's

28

675297

[PUBLIC REDACTED] MGA PARTIES' OPPOSITION TO MATTEL'S 4/13/09 MOTION OBJECTING TO
PORTIONS OF DISCOVERY MASTER ORDER NO. 11 RE MOTION TO COMPEL DEPOSITIONS

1  lack of evidence) and ruled in the MGA Parties' favor.  That Mattel disagrees with the

2  Discovery Master's conclusion does not make it "clearly erroneous."

3      It also bears noting that Mattel not only is seeking to overturn the Discovery

4  Master's Order on the "managing agent" issue, but it also is trying to do an end-run

5  around the Discovery Master on a second issue.  Because the Discovery Master found

6  that the Witnesses are not managing agents of MGA De Mexico (and therefore their

7  attendance at deposition could not be compelled simply by notice), he did not reach

8  the question of *where* the depositions should be taken.  (Order, p. 36, fn. 28.)  Mattel

9  now urges the Court to order the Witnesses to appear in Los Angeles.  However, in

10  the event the Court decides to overturn the Discovery Master's ruling on the

11  managing agent issue (which the MGA Parties submit it should not), the Court should

12  remand the matter to the Discovery Master to decide where the depositions should be

13  held.  That is a discovery issue that the Discovery Master has not yet ruled upon, and

14  that he should decide.

15  **II.   FACTUAL BACKGROUND**

16      Ever since Mattel served its original and improper deposition notices for Mr.

17  Vargas and Ms. Trueba in January 2008, the MGA Parties have consistently taken the

18  position that neither Witness is an officer, director, or managing agent of the MGA

19  Parties.[1]

20      On January 9, 2009, Mattel re-served deposition notices purporting to set the

21  depositions of, among others, Mr. Vargas and Ms. Trueba for January 24, 2009.

22  Those deposition notices sought to hail the Witnesses into Los Angeles, even though

23  neither is a party to this litigation, and both are residents and nationals of Mexico.  On

24  January 26 and 27, 2009, the MGA Parties advised Mattel (orally and in writing) that

---

26  [1]    (Declaration of Jason Russell in support of MGA Parties' Opposition to Mattel,
27  Inc.'s 2-09-09 Motion to Compel Depositions of Vargas and Trueba ("Russell Decl."), a copy of which is lodged concurrently herewith,¶ 2; Order No. 11, p. 26:23-
28  25.)

675297

**[PUBLIC REDACTED] MGA PARTIES' OPPOSITION TO MATTEL'S 4/13/09 MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 11 RE MOTION TO COMPEL DEPOSITIONS**

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

they objected to the notices of deposition, as neither Witness was a managing agent, and both resided in Mexico.[2]  The MGA Parties also advised Mattel in writing on January 28, 2009 of their objections.  (Khan Decl., ¶ 2, Ex. A.)

Mattel's claims that Jason Russell of Skadden, Arps, Slate, Meagher & Flom, LLP ("Skadden") represented to Michael Zeller (counsel for Mattel) that the MGA Parties committed to provide dates for those depositions are therefore, at best, disingenuous.  (Russell Decl., ¶¶ 3-4.)  Mr. Russell merely advised Mr. Zeller that Phase 2 counsel would call him on January 26, 2009 to discuss the depositions.  (*Id.*)  True to that representation, Phase 2 counsel for the MGA Parties, Glaser Weil, contacted and advised Mattel (both orally and in writing) of the aforementioned objections to the deposition notices of Mr. Vargas and Ms. Trueba.[3]  Mattel then filed its Deposition Motion.

Preliminarily, the MGA Parties feel compelled to observe that Mattel's Motion to Overturn is riddled with the same misrepresentations of "fact" that it argued to the Discovery Master, even though none of them had any bearing on the managing agent question.  For example only and without limitation:

- Mattel presented the exaggerated *allegations* in its second amended counterclaim as *fact*.  In particular, Mattel asserted that Isaac Larian "enticed Vargas, Trueba and Machado to steal Mattel's confidential and propriety

---

[2]   (Declaration of Amman A. Khan in support of MGA Parties' Opposition to Mattel, Inc.'s 2-09-09 Motion to Compel Depositions of Vargas and Trueba ("Khan Decl."), a copy of which is lodged concurrently herewith; Supplemental Declaration of Amman A. Khan in support of the MGA Parties' Opposition to the Motion to Overturn, filed concurrently herewith, ¶¶ 2-3, Exhs. A and B.)

[3]   Any argument by Mattel in the Deposition Motion that Glaser Weil, Phase 2 Counsel for the MGA Parties, did not have standing to object to the deposition notices because the Court had not yet served its January 28, 2009 Order permitting Glaser Weil to associate in as counsel was explicitly waived in a telephone conversation on January 26, 2009, when Jon Corey (counsel for Mattel) informed Amman Khan of Glaser Weil that he had no objection to dealing with Mr. Khan as counsel for the MGA Parties and discussing the objections to the deposition notices.  (Khan Decl., ¶ 2.)

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

675297

4

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  information …" (Deposition Motion, p. 4:6-7; Motion to Overturn, p. 3:13-

2  14.) Mattel knows this is false.  Both the documentary and testimonial

3  evidence established that Isaac Larian told Mr. Vargas and Ms. Trueba "not to

4  bring anything from Mattel" and "just their heads." (Khan Decl., ¶ 8, Ex. F,

5  Declaration of Isaac Larian, 4/11/07.)  Susana Kuemmerle, MGA De Mexico's

6  Vice President and Mr. Vargas' and Ms. Trueba's supervisor, also testified that

7  they had no secret or propriety information that was of any value.  (Khan Decl.,

8  ¶ 6, Ex. D, Declaration of Susana Kuemmerle ("Kuemmerle Depo"), p. 131:6-

9  132:3, 221:19-25.)

10  • Mattel falsely alleged that "Larian personally extended written employment

11  contracts to Vargas and Trueba …" (Deposition Motion, p. 4:18; Motion to

12  Overturn, p. 4:5-6), but the Spanish versions of the contracts (rather than

13  Mattel's unauthenticated English translations) have Thomas Park as the signing

14  agent for MGA De Mexico.  (Declaration of Michael T. Zeller ("Zeller Decl."),

15  Exhs. 6-7.)

16  • Mattel falsely asserted that Ms. Trueba is MGA De Mexico's "Director of

17  Marketing." (Deposition Motion, 12:22; Motion to Overturn, p. 1).  In fact,

18  Gustavo Machado is MGA De Mexico's Director of Marketing, not Mr. Vargas

19  or Ms. Trueba.  (Khan Decl., ¶ 6, Ex. D, Kuemmerle Depo, p. 93:3-8.)

20  Those irrelevant misrepresentations aside, Mattel's Deposition Motion rested

21  almost exclusively on the role of the Witnesses in helping to set up MGA De Mexico

22  five years ago. (Order No. 11, p. 32:8-9.) The Discovery Master found this, at best,

23  "only minimally probative of the *current scope* of the Witnesses' activities and

24  authority." (*Id.* at 32: 11-12 (emphasis in original).)  The only other evidence

25  proffered by Mattel was a deposition excerpt to the effect that the Witnesses were

26  among those who were part of a "combined group effort" to determine prices for

27  MGA products in Mexico (*Id.* at 33:1-7) and a February 27, 2007 declaration of

28  Susanna Kuemmerle that Mattel flat-out mischaracterized. (Order No. 11 at 32:12-

675297

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  33:11.) Mattel argued to the Discovery Master that Ms. Kuemmerle had stated in her

2  declaration that "█████████████████████████████████████████████████████

3  ███████████████████████████████████████████████████████████████████

4  ███████████████████████████." (Deposition Motion, p. 5:7-9.) In fact, as

5  the Discovery Master noted, Ms. Kuemmerle's Declaration actually states: "████

6  ██████████████████████████████████████████████████████████████████

7  ██████████████████████████████████████████████████████████████████

8  ██████████████████████████████████████████████████████████████████

9  █████." (Khan Decl., ¶ 6, Ex. E, 2/28/07, Kuemmerle Decl., p. 2:19-22.) The only

10 other evidence before the Discovery Master showed that ████████████████████

11 ██████████████████████████████████████████████████████████████████

12 ██████████████████████████████████████████████████████████████████

13 ██████████████████████████████████. (Order No. 11 at 33-34.)



14      Both parties acknowledged that the federal courts have formulated a multi-

15 factor test to assist in deciding whether a witness is a party's "managing agent."

16 (Order No. 11, p. 29:6-22.) Mattel argued vehemently that the paramount factor was

17 "whether the witness can be expected to identify with the interests of the corporation"

18 – the so-called "loyalty" factor – a position it has abandoned in its Motion to

19 Overturn. (Order No. 11, p. 29:23-30:2.) The Discovery Master rejected Mattel's

20 argument, finding that the nature of the witness's activities on behalf of the

21 corporation was a more appropriate focus than his/her loyalty to its interests, citing

22 *Libbey Glass v. Oneida, Ltd.*, 197 F.R.D. 342 (N.D. Oh. 1999) ("*Libbey Glass*").

23 (Order No. 11, p. 30:3-31:26.)

24      On March 31, 2009, the Discovery Master denied Mattel's Deposition Motion.

25 (Order No. 11.) In doing so, the Discovery Master analyzed the sparse evidence

26 before it under both the multi-factor test that both parties had cited, and the "practical

27 and well-reasoned test" set forth in *Libbey Glass*, which "discarded the notion that

28 the witness' loyalty to his employer is the main factor to be considered in ascertaining

his status as a managing agent," and instead focused on "the nature of the deponent's activities on behalf of the corporation, rather than his loyalty to its interests." (Order No. 11, p. 31:7-26.)  After carefully considering all of the evidence (and Mattel's lack thereof), the Discovery Master determined that the evidence was insufficient to find that the Witness' functions on behalf of, and control over, MGA [De Mexico] is such that they can be deemed "managing agents." (Order. No. 11, p. 12-14.)

As part of his lengthy and cogently reasoned Order, the Discovery Master also addressed the burden of proof on the managing agent issue.  He correctly recognized that the burden is generally on the discovering party (Mattel) to establish the status of the proposed deponent. (Order No. 11 at 28.)  He also recognized, however, that courts generally resolve doubts in favor of the examining party, at least at the discovery stage. (*Id.*)  He reconciled these seemingly contradictory precepts by following the teaching of *United States of America v. Afram Lines (USA) Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994), and holding that, in order for the presumption in favor of discovery to apply, Mattel "ha[d] the burden of providing enough evidence to show that it is at least a close question whether the proposed deponent is a managing agent." (Order No. 11, p. 28:19-22.)  Applying this legal standard, the Discovery Master concluded that "[t]he presumption in favor of the party seeking discovery ***only*** applies (as Mattel itself acknowledges) in ***close cases… this is not such a case***." (Order No 11, p. 36:12-16 (emphasis added).)

## III.   ARGUMENT

### A.   The Legal Standard for Overturning the Discovery Master's Order

Under 28 U.S.C. § 636(b)(1)(A), a district court may only reconsider a magistrate judge's determination of non-dispositive pretrial matters if the magistrate's order is "clearly erroneous or contrary to law."  Similarly, the Federal Rules of Civil Procedure provide that a magistrate judges' rulings on non-dispositive motions may only be set aside or modified by the district court if found to be "clearly erroneous" or "contrary to law."  Fed. R. Civ. Proc. 72(a); *see also Grimes v. City and County of*

7

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   *San Francisco*, 951 F.2d 236, 241 (9th Cir.1991).  Discovery orders are non-
2   dispositive matters and are, therefore, subject to this standard of review.  *Grimes*, 951
3   F.2d at 240.

4       The "clearly erroneous" standard applies to the magistrate judge's findings of
5   fact, while the "contrary to law" standard pertains to legal conclusions.  *Wolpin v.*
6   *Philip Morris, Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999) (citing *United States v.*
7   *McConney*, 728 F.2d 1195, 1200-01 (9th Cir.1984), overruled on other grounds).  To
8   conclude that a magistrate judge's decision is clearly erroneous, the District Court
9   must utilize a "significantly deferential" approach and arrive at a "definite and firm
10  conviction that a mistake has been committed."  *Gonzales v. Hickman*, 2007 U.S.
11  Dist. Lexis 83702, *9 (C.D. Cal. 2007); *Wolpin*, 189 F.R.D. at 422

12      **B.**    **Mattel Has Failed to Show That the Discovery Master's Order Is**
13      **Contrary to Law**

14      **1.**    **Mattel Concedes That the Discovery Master Applied the**
15      **Correct Multi-Factor Test To Determine Managing Agent**
16      **Status Under Rule 30(b)(1).**

17      In its Motion to Overturn, Mattel concedes that the Discovery Master used the
18  correct legal standard to determine who is a managing agent for purposes of Rule
19  30(b)(1).  (Motion to Overturn, p. 6:18-7:13).  As Mattel acknowledges, the courts
20  have formulated a set of factors to guide the analysis of whether a person is a party's
21  "managing agent," and therefore subject to deposition on mere notice.  These factors
22  include:

23      1.    whether the individual is invested with general powers allowing him to
24      exercise judgment and discretion in corporate matters;
25      2.    whether the individual can be relied upon to give testimony, at his
26      employer's request, in response to the demands of the examining party;

27

28

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

675297

8

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

3.   whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination;

4.   the general responsibilities of the individual respecting the matters involved in the litigation; and

5.   whether the individual can be expected to identify with the interests of the corporation.

(Motion to Overturn, 6:18-7:13; *see also* Order No. 11 (citing *Sugarhill Records, Ltd. v. Motown Records Corp.*, 105 F.R.D. 166, 177 (S.D.N.Y. 1985).)  Generally speaking, these factors break down into two overall categories: the functions and authority of the employee (factors 1, 3 and 4), and the employee's loyalty to the corporation (factors 2 and 5).

Mattel cannot now argue that the Discovery Mastery somehow applied the incorrect legal standard when Mattel cites and relies on the same legal standard in its Motion to Overturn.  (*Id.*)  Simply because the Discovery Master did not find that these factors weighed in Mattel's favor, does not make that decision "contrary to law." Mattel has not met its burden here, and its Motion to Overturn should be denied for this reason alone.

Moreover, although Mattel previously argued that the most important of these five factors is "whether the witness can be expected to identify with the employer corporation's interest as opposed to an adversary's" – Mattel now concedes that the Discovery Master correctly rejected Mattel's prior argument by concluding that no one factor is entitled to special weight.  (Order No. 11, p. 20:3-4 ("Mattel's emphasis on the employee's loyalty as the main test for determining his or her status is unwarranted.")  Contrary to what Mattel previously argued in its Deposition Motion, Mattel now contends that the Discovery Master's Order is contrary to law "because it elevates [a] single factor…above all others in what is supposed to be a multi-factor test." (Motion to Overturn, p. 14:10-11.)  Mattel misrepresents Order No. 11 in two

9

serious respects.  First, the "practical and well-reasoned" approach of *Libbey Glass*, which the Discovery Master followed – which focuses initially on the employee's functions and authority – actually encompasses factors 1, 3 and 4 of the multi-factor test.  Second, the Discovery Master expressly considered and weighed all five factors that Mattel advocates as the proper legal test to determine managing agent status.  (Order No. 11, p. 27-36).

In *Libbey Glass*, the Court focused on "the nature of the deponent's activities on behalf of the corporation, rather than his loyalty to its interests."[4]  (Order No. 11, p. 31:7-26.)  In accordance with the approach set forth in *Libbey Glass*, the Discovery Master properly began "his analysis by examining the Witness' activities on behalf of, and managerial control over the operations of MGA [De Mexico]."  (Order No. 11, p. 32:5-7.)  Based on the evidence before him, the Discovery Master determined that the evidence was insufficient to find that the Witness' functions on behalf of, and control over, MGA [De Mexico] is such that they can be deemed "managing agents."  (Order. No. 11, p. 12-14.)

---

[4]   As explained by the Discovery Master and the Court in *Libbey Glass*, the rationale for the approach suggested by Mattel (and the case upon which Mattel erroneously relies, *In re Honda American Motor Co.*, 168 F.R.D. 535, 541 (D. Md. 1996)), is no longer applicable in light of the enactment of Federal Rule of Evidence 607 ("Rule 607").  (Order No. 11, p. 30:10-31:1.)  Prior to Rule 607, courts were concerned with the evidentiary problem facing a litigant seeking to obtain and use the testimony of an adversary corporation's most senior employees because the litigant could not call such employees to testify at trial in their individual capacity without waiving the right to impeach those witnesses.  (*Id.*, p. 30:15-19.)  These evidentiary concerns (and any emphasis on an employee's loyalty to determine his or her status) were entirely mooted by Rule 607, which allows a party to take the deposition of a senior employee of an adversary corporation in his individual capacity and to nonetheless still seek to impeach his testimony.  (*Id.*, p. 31:1-3.)

**[PUBLIC REDACTED] MGA PARTIES' OPPOSITION TO MATTEL'S 4/13/09 MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 11 RE MOTION TO COMPEL DEPOSITIONS**

**2.**    **The Discovery Master's Focus on Whether the Witnesses Are *Currently* Managing Agents Is Not Contrary To Law**

Virtually all of the "evidence" Mattel presented on the managing agent issue focused on 2004. But as counsel for the MGA Parties correctly noted at oral argument, the question was "when do we look at this question as to whether these [Witnesses] are managing agents? And the answer, of course, is now." (Order No. 11, p. 32, fn. 24.) The Discovery Master agreed with the MGA Parties' view that the relevant inquiry was whether the Witnesses were ***currently*** managing agents, not what their role had been five years earlier when they had helped set up MGA's fledgling Mexican subsidiary. (Order No. 11, p. 32-34.) Mattel challenges that holding as contrary to law. Mattel is wrong.

As various courts have recognized, "the determination as to whether a deponent is an officer, director, or managing agent of a corporate party is made ***at the time the deposition is noticed***, rather than at the time the events in question occurred." *Equal Employment Opportunity Commission v. Honda of America Mfg., Inc.*, 2007 U.S. Dist. LEXIS 14496 at *5 (S.D. Ohio Feb. 28, 2007) (emphasis added); *see also, e.g., Faro Technologies, Inc. v. Romer*, 2007 WL 496615 (M.D. Fla. 2007) ("The evidence presented to the Court shows that [the deponent] is not ***currently*** an officer, director or managing agent of [defendants]. Based on this evidence, [plaintiff] has failed to establish its burden of showing that [deponent] may be deposed by notice.")

Mattel cites no controlling authority from the Ninth Circuit to support its bald assertion that the Discovery Master's inquiry into whether Ms. Trueba and Mr. Vargas are ***currently*** managing agents of MGA De Mexico is "clearly erroneous." (Motion to Overturn, p. 14.) For this reason alone, Mattel has not met its burden of showing that the Discovery Master's Order is "contrary to law." (Order, p. 32:8-12.) Mattel offers a handful of district court cases from other Circuits that purportedly focus on a witness' status at the time of the relevant transaction, injury, etc. occurred. However, in the face of conflicting (non-binding) authority, the fact that the

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

675297

11

[PUBLIC REDACTED] MGA PARTIES' OPPOSITION TO MATTEL'S 4/13/09 MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 11 RE MOTION TO COMPEL DEPOSITIONS

1   Discovery Master chose one line of cases over another does not make his decision

2   "contrary to law."

3          Further, much of the non-controlling case law on which Mattel relies fails to

4   support its position.  For example, *Boston Diagnostics Development Corp., Inc. v.*

5   *Kollsman Mfg. Co.*, 123 F.R.D. 415 (D. Mass. 1988) ("*Boston Diagnostics*") makes

6   no mention of Rule 30(b)(1), which is the only issue here.  Rather, *Boston*

7   *Diagnostics* solely concerns Rule 32(a)(2), regarding use of a deposition to impeach

8   testimony.  Fed. R. Civ. P. 32(a)(2).  Remarkably, Mattel accuses the Discovery

9   Master of "conflating" rules 30 and 32 in applying the purportedly incorrect "timing

10  rule," but it is Mattel itself that improperly conflates these two different rules of civil

11  procedure.  Nor is *Calixto v. Watson Bowman Acme Corp.*, 2008 WL 4487679 (S.D.

12  Fla. 2008) even persuasive, let alone controlling, authority.  *Calixto* relied on

13  *Founding Church of Scientology of Washington D.C., Inc. v. Webster*, 802 F. 2d 1448

14  (D.C. 1986), but the language it quoted not only was *dicta,* but also pertained to the

15  no-longer relevant emphasis on employee "loyalty" that flowed from a no-longer

16  applicable rule of evidence.  (Order No. 11, pp. 30:3-31:6.)  The actual holding of

17  *Founding Church of Scientology* was based on the fact that notwithstanding any effort

18  to remove himself from certain administrative tasks, proposed deponent L. Ron

19  Hubbard continued to be the leader of the Church of Scientology.  802 F.2d at 1456.

20  Mr. Vargas and Ms. Trueba hardly stand in the same position as to MGA De Mexico

21  that L. Ron Hubbard stood as to the Church of Scientology.  Similarly, Mattel

22  erroneously relies on *Smith v. Shoe Show of Rocky Mountain, Inc.* 2001 WL 1757184

23  (D. Mass. Aug. 26, 2001) ("*Smith*").  However, unlike here, the deponent in *Smith*

24  was not only a ***former*** managing agent, but the court found that in his new capacity he

25  ***remained*** a managing agent at the time the deposition notice was served.  *Id.* at *2.

26

27

28

**[PUBLIC REDACTED] MGA PARTIES' OPPOSITION TO MATTEL'S 4/13/09 MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 11 RE MOTION TO COMPEL DEPOSITIONS**

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

3.   **The Discovery Master Applied the Proper Burden of Proof And Determined That This is Not A Close Question.**

Mattel also erroneously claims that the Discovery Master failed to apply the correct burden of proof for demonstrating managing agent status. (Motion to Overturn, p. 11:27-12:3.) Mattel is wrong. The Discovery Master recognized, and Mattel agreed, that "the examining party has the burden of providing enough evidence to show that it is at least a close question whether the proposed deponent is a managing agent." (Order No. 11, p. 28:19-22 (citing *United States of America v. Afram Lines (USA) Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994)); *see also* Order No. 11, p. 36:12-16 ("[t]he presumption in favor of the party seeking discovery *only* applies (as Mattel itself acknowledges) in *close cases*"). The Discovery Master merely concluded, based on the scant evidence before him, that "*this is not such a* [close] *case.*" (Order No 11, p. 36:12-16 (emphasis added).) That evidentiary ruling is not clearly erroneous.

C.   **Mattel Fails to Demonstrate That the Discovery Master's Analysis of the Facts Was Clearly Erroneous**

The Discovery Master applied the correct law to the facts presented and concluded that Mattel failed to meet its initial burden to demonstrate that either Mr. Vargas or Ms. Trueba can be deemed a "managing agent" of MGA De Mexico. (Order No. 11, p. 34, 36.) The Discovery Master carefully balanced five different factors, some of which weighed in Mattel's favor and some in MGA's, and concluded that Mattel failed to provide enough evidence to present even a "close case." (Order No. 11, p. 36.) Mattel misleads the Court in arguing that the "Discovery Master dismissed all of the evidence presented by Mattel regarding Vargas' and Trueba's role in establishing and running MGA Mexico." (Motion to Overturn, p. 9.) To the contrary, the Discovery Master dedicated well over four pages of Order No. 11 to carefully analyzing the evidence presented for each of the factors   (Order No. 11, pp. 32-36.) Thus, Mattel's attempts to mischaracterize the Discovery Master's decision

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  as "clearly erroneous" necessarily fails.  On the contrary, several of the relevant

2  factors as laid out in Section III.C.1, *supra*, weigh heavily against characterizing Mr.

3  Vargas and Ms. Trueba as "managing agents."

     **1.**    <u>**The Discovery Master Properly Found That Neither Witness is**</u>

            <u>**Invested with General Powers Sufficient to Make Him or Her**</u>

            <u>**A "Managing Agent"**</u>

7       Mattel's contention that the Discovery Master somehow "conflated" the

8  distinction between a managing agent and an officer is without merit.  As *Sugarhill*

9  makes clear, the first prong of the multi-factor test for a "managing agent" is

10  "whether the individual is invested with ***general powers*** allowing him to ***exercise***

11  ***judgment*** and ***discretion*** in corporate matters."  *Sugarhill*, 105 F.R.D. at 170

12  (emphasis added).  This is precisely the standard that the Discovery Master quoted

13  and applied to the Witnesses.  (Order No. 11, pp. 34-35.)

14       First, ████████████████████████████████████████████████

15  ████████████████████████████████, even under the cases

16  Mattel relies upon.  *See U.S. v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413

17  (S.D.N.Y. 1994) (defining first factor as "whether the individual is invested with

18  general powers allowing him to exercise judgment and discretion in corporate

19  matters"); *Boston Diagnostics Development Corp., Inc. v. Kollsman Mfg. Co.*, 123

20  F.R.D. 415, 416 (D. Mass. 1988) (defining "managing agent" as one who is "invested

21  by the corporation with general powers to exercise his discretion and judgment in

22  dealing with corporate matters").)  Indeed, as the Discovery Master properly

23  concluded, the scope of the Witnesses' powers is the "***opposite of general*** .... [T]here

24  is ***no evidence*** that either of the Witnesses has any authority over such things as

25  internal administrative functions, budgeting, contracts with vendors, and various other

26  aspects of running a business."  (Order No. 11, p. 35:3-10 (emphasis added).)  Despite

27  Mattel's attempts to the contrary, this is the precise factor laid out in numerous cases

28  and properly applied by the Discovery Master.

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

675297

14

[PUBLIC REDACTED] MGA PARTIES' OPPOSITION TO MATTEL'S 4/13/09 MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 11 RE MOTION TO COMPEL DEPOSITIONS

1  Mattel wrongly asserts that Isaac Larian "████████████████████

2  █████████████████████" (Deposition Motion, p. 1:22-23; Motion to

3  Overturn, p. 7:19, 8:21.)  However, this is simply another attempt by Mattel to

4  misrepresent the facts in order to bolster its pretextual claim that Mr. Vargas and Ms.

5  Trueba are managing agents.  The email in question ████████████████████

6  █████████████████████.  Moreover, Mr. Larian was simply

7  explaining that ███████████████████████████████████████

8  ██████████, which is a far cry from investing them "with general powers to

9  exercise…discretion and judgment in dealing with corporate matters."  Now, in 2009,

10  they report to others and are mid-level employees.  As a matter of law, that does make

11  Mr. Vargas or Ms. Trueba a "managing agent," as they have no authority to establish

12  corporate policy.  *See U.S. v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 415 (S.D.N.Y.

13  1994) (finding that individuals were not "managing agents" because they had no

14  power to exercise judgment in corporate matters).

15  Second, Mattel attempts to confuse the issues by arguing that the Witnesses are

16  "managing agents for the purposes of the subject matter of the case [which is] the

17  alleged theft of trade secrets by Vargas and Trueba."  (Motion to Overturn, p. 12-13.)

18  But, Mattel has not (and cannot) provide *any* evidence that Mr. Vargas or Ms. Trueba

19  stole Mattel's trade secrets in their capacity as "managing agents" of MGA De

20  Mexico.  At the time the alleged misappropriation took place, neither Witness was yet

21  employed by MGA De Mexico.  Mattel can cite no such evidence because the record

22  demonstrates that both Witnesses were told *not* to bring anything from Mattel to

23  MGA.  (Khan Decl., ¶ 8, Ex. F, Declaration of Isaac Larian, 4/11/07.)  Likewise,

24  Susana Kuemmerle, an officer of MGA De Mexico, also testified at deposition that

25  █████████████████████████████████████████████████.

26  Thus, the Witnesses cannot testify as to MGA De Mexico's position on alleged trade

27  secret theft as that entity's managing agents.

28

15

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

### 2.  Other Employees of MGA De Mexico Are in Superior Positions to Ms. Trueba and Mr. Vargas with Respect to the Relevant Areas of Information Sought

Second, both Mr. Vargas and Ms. Trueba are mid-level employees who act at the direction of others in higher positions who have broader discretion and superior knowledge in the precise areas related to the information sought by Mattel. *See, e.g.,* *Sugarhill Records, Ltd.*, 105 F.R.D. at 177 (defining second factor as whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination). Mattel claims that Ms. Trueba is a managing agent because ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████" (Motion to Overturn, p. 13.)

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████. (Khan Decl., ¶ 6, Exh. D, Kuemmerle Depo., 97:12-13; Kuemmerle Decl., ¶ 3.) For these reasons, the Discovery Master properly held that there are clearly "employees in positions of higher authority than the Witnesses in the area regarding which the information is sought." (Order No. 11, p. 35:16-22.)

---

[5]  (Khan Decl., ¶ 6, Exh. D, Kuemmerle Depo., 95:3-96:7, 97:18-19; Feb. 12, 2009, Declaration of Susana Kuemmerle a copy of which is lodged concurrently herewith ("Kuemmerle Decl."), ¶ 4.)

675297

16

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

### 3. The Discovery Master Properly Found The Interests of the MGA Parties, on The One Hand, and Mr. Vargas and Ms. Trueba, on The Other, are Not Necessarily Aligned.

Finally, the Discovery Master properly observed that Ms. Trueba's and Mr. Vargas' interests are not necessarily aligned with those of the MGA Parties.  (Order at 36.)  Throughout this litigation, the MGA Parties' consistent position has been that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  This is why, as the Discovery Master noted, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  (Order No. 11, p. 36.)  Moreover, the Discovery Master considered Mattel's argument that Ms. Trueba submitted a declaration on behalf of MGA De Mexico over two years ago, but properly found that fact to be unpersuasive.  (Order, p. 34, n.26.)  Thus, Mattel's reliance on the fact that both Ms. Trueba and Mr. Vargas are still employed by MGA De Mexico is overly simplistic.

### D. The Court Should Defer to Principles of International Comity in Considering the Depositions of Non-Party, Foreign Nationals.

As a matter of law, non-party witnesses, like Mr. Vargas and Ms. Trueba, should not be unduly burdened.  Indeed, that is exactly why the Federal Rules of Civil Procedure expressly limit deposition by mere notice to "officers, directors or managing agents."  Fed. R. Civ. P. 30(b)(1).  In all other cases, a subpoena *must* be duly served upon employees of lower rank in the corporate structure.  *See* Fed. R. Civ. P. 28(b), 45(b)(2).  As the Discovery Master properly concluded, Mattel's attempt to circumvent the Federal Rules is improper.

Also as a matter of well-established law, foreign nationals (like Mr. Vargas and Ms. Trueba) who are non-parties and thus, not subject to the Court's jurisdiction, may not be hailed into the United States without first sending a letter of request to the foreign state or complying with other procedures established by the Hague

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   Convention.  *See* Fed. R. Civ. P. 48(b); *see also Societe Nationale Industrielle*

2   *Aerospatiale v. U.S. Dist. Court for South. Dist. of Iowa*, 482 U.S. 522 (1987)

3   (vacated on other grounds).  Longstanding principles of "international comity," which

4   the Supreme Court defined over one hundred years ago as "the recognition which one

5   nation allows within its territory to the legislative, executive or judicial acts of another

6   nation, having due regard both to international duty and convenience, and to the rights

7   of its own citizens or of other persons who are under the protection of its laws,"

8   mandate compliance with these procedures.  *See Hilton v. Guyot*, 159 U.S. 113, 163-

9   164 (1895).  As the Supreme Court more recently recognized, "American courts, in

10   supervising pretrial proceedings, should exercise **special vigilance** to protect foreign

11   litigants from the danger that unnecessary, or unduly burdensome, discovery may

12   place them in a disadvantageous position." *Societe Nationale Industrielle*

13   *Aerospatiale*, 482 U.S. at 543 (emphasis added).  As discussed above, when a witness

14   is not a litigant in the action, the concern for undue burden is even higher.

15         Under Mexican Law, depositions for U.S. lawsuits are regularly obtained under

16   letters rogatory, because both the U.S. and Mexico are parties to the *Inter-American*

17   *Convention on Letters Rogatory, signed at Panama on January 30, 1975*, and the

18   *Hague Convention on the Taking of Evidence Abroad in Civil or Commercial*

19   *Matters*,  U.S. Department of State, Bureau of Consular Affairs, International Judicial

20   Assistance in Mexico.[6]

21         Courts are wary of compelling foreign nationals to submit to deposition in the

22   United States out of a concern for reciprocity, that U.S. citizens could be compelled to

23

---

24   [6]     http://travel.state.gov/law/info/judicial/judicial_677.html:  "Under this

25   Convention, the requesting court in the U.S. transmits the model letter of request and accompanying documents, in duplicate, with translations in duplicate directly to the

26   Mexican Central Authority to compel evidence. Mexico has designated the Secretaria de Relaciones Exteriores (SRE) Direccion General de Asuntos Juridicos, Ricardo

27   Flores Magon No. 1, Mexico, D.F. , Mexico (telephone 782-34-40) as the central

28   Authority under this convention."

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  appear in foreign courts and to avoid undue burdens placed on U.S. citizens by

2  foreign jurisdictions. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468

3  (9th Cir. Or. 1992) (recognizing that courts must assess the interests of each nation in

4  requiring or prohibiting discovery, and determine whether disclosure would affect

5  important substantive policies or interests of either the United States or the other

6  country).  Thus, where a foreign entity is concerned, the courts will only compel

7  directors, officers and managing agents to appear for deposition on mere notice, once

8  the court has ruled that the entity is properly subject to its jurisdiction.  *See EEOC v.*

9  *Honda of Am. Mfg., Inc.*, 2007 U.S. Dist. LEXIS 14496 (S.D. Ohio Feb. 28, 2007) (If

10 the witness is not an officer, director, or managing agent of a corporate opponent,

11 "[s]uch a witness must be subpoenaed pursuant to Rule 45…or, if the witness is

12 overseas, the procedures of the Hague Convention or other applicable treaty must be

13 utilized"); *U.S. v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 409, 413 (S.D. N.Y.

14 1994) ("a corporate employee or agent who does not qualify as an officer, director, or

15 managing agent [of a party-litigant, over whom the court has jurisdiction,] is not

16 subject to deposition by notice").

17      In the instant case, Mattel seeks to avoid compliance with the Hague

18 Convention and obtain the depositions here in Los Angeles of Ms. Trueba and Mr.

19 Vargas, both of whom live and work in Mexico, under the pretext that both are

20 managing agents of MGA De Mexico.  As the Discovery Master found, and as

21 discussed in further detail above, Mattel's position is untenable.

22      **E.      The Depositions of Vargas and Trueba Should be Held in Mexico**

23              **Only upon Lawful Service of Process.**

24      As set forth above, the Discovery Master properly concluded that, upon

25 issuance of letters rogatory, the depositions must take place in Mexico, where the

26 Witnesses reside and work.  In light of the Discovery Master's finding that the

27 Witnesses are not managing agents of MGA De Mexico, the Discovery did not reach

28 the question of where the depositions should be taken.  (Order, p. 36, fn. 28.)  For the

675297

19

1 reasons set forth above, Mattel has not met its burden to show that the Court should

2 consider this question now.

3    Moreover, even if the Court were to reach this question (which it should not),

4 neither Witness should be required to come to Los Angeles for deposition.  Mattel

5 concedes that neither Witness is a party to this action.  MGA De Mexico's principal

6 place of business is in Mexico, and that is where both Mr. Vargas and Ms. Trueba live

7 and work.  (Kuemmerle Decl., ¶¶ 6,7.)  In fact, MGA De Mexico does not maintain

8 an office in the United States and does not do any business here.  (Kuemmerle Decl.,

9 ¶ 2.)  Rather than placing undue burden on Mr. Vargas, Ms. Trueba, ██████████

10 ██████ and MGA De Mexico, the Court should require that these individuals be

11 deposed in Mexico.

12    Courts uniformly apply a "general presumption that the deposition of a

13 corporate party should be taken at its place of business."  *HTC Corp. v. Technology*

14 *Properties*, 2008 WL 5244905, *2 (N.D. Cal. 2008) (citing *Thomas v. Int'l Business*

15 *Machines*, 48 F.3d 478, 483 (10th Cir. 1995)).  Indeed, this presumption is expressly

16 acknowledged in a number of cases cited by Mattel.  (Deposition Motion, p. 13-14

17 (citing *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005); *Delphi*

18 *Automotive Systems LLC v. Shinwa Internat'l Holdings Ltd*, 2008 WL 2906765 (S.D.

19 Ind. 2008); *New Medium Technologies LLC v. Barco N.V.*, 242 F.R.D. 460, 466 (N.D.

20 Ill. 2007) ("Courts have often… referred to a 'presumption' that the deposition of a

21 corporation should be taken at its principal place of business… particularly so when

22 the corporation is a defendant")).)

23    This presumption is primarily applied to defendants because, "[while] plaintiffs

24 bring the lawsuit and…exercise the first choice as to the forum, [t]he defendants, on

25 the other hand, are not before the court by choice."  *Fausto v. Credigy Services*

26 *Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008); *see HTC Corp.*, 2008 WL at *2 ("courts

27 primarily apply this rule to defendants, since plaintiffs have the luxury of choosing

28 the forum").  Here, MGA De Mexico has asserted no affirmative claims in this

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   lawsuit and appears solely as a Counter-Defendant.  As a result, the equities balance

2   against forcing MGA De Mexico's employees to travel to another country and submit

3   to deposition to fulfill Mattel's purported discovery needs.

4       *Dwelly v. Yamaha Motor Corp., USA*, 214 F.R.D. 537 (D.C. Minn. 2003) is also

5   instructive.  In *Dwelly*, the plaintiff in a products liability action sought to deviate

6   from the general rule mentioned above by requiring the defendants to produce a

7   deponent in the United States, even though he lived and worked in Japan.  Despite the

8   fact that the defendant corporation conducted business in the United States, the

9   district court held that the deposition should be taken in Japan.  *Id.* at 541.  The

10  court's ruling was based on the following issues raised by the defendant corporation:

11  (1) producing a deponent in the U.S. would be unduly burdensome because the

12  Japanese deponent had significant responsibilities in Japan and rarely traveled to the

13  U.S.; (2) concerns of international comity and Japanese sovereignty weighed against

14  hauling a foreign national into the U.S.; and (3) the courts should not unnecessarily

15  inconvenience a foreign national by compelling him or her to travel overseas for a

16  deposition.  *Id.*  Based on these considerations, the court found "no basis to conclude

17  that the discovery, to be effective, must be conducted within the territorial boundaries

18  of [the U.S.]." *Id.* at 542.

19      As in *Dwelly*, the balancing of factors weighs against compelling Mr. Vargas

20  and Ms. Trueba to travel to Los Angeles for their depositions.  Significantly, Mattel

21  can only point to a ***single*** instance, several years ago, when Mr. Vargas or Ms. Trueba

22  ever visited Los Angeles.  (Khan Decl., ¶ 6, Exh. D, Kuemmerle Depo., 62:19-21,

23  63:11-12.)  Moreover, as Mattel is well aware,

24

25      . (Kuemmerle Decl., ¶ 8.)

26      . (*Id.*)

27

28

1  ████████████████████████████████████████████

2  ████████████.  (*Id.*)  ████████████████████

3  ████████████████████████.  (*Id.*, ¶¶ 6-7.)  To require these witnesses to

4  travel to Los Angeles for Mattel's own convenience would be unduly burdensome and

5  unfair to the witnesses.

6      Finally, in the event the Court overturns the Discovery Master's ruling on that

7  neither Witness is a managing agent of MGA De Mexico, the Court should remand

8  the matter to the Discovery Master to decide where the depositions should be held, as

9  that is a discovery issue that the Discovery Master has not yet ruled upon should

10  decide.

## IV.  CONCLUSION

12      Based on the foregoing, the MGA Parties respectfully request that Mattel's

13  Motion Objecting to Portions of Discovery Master Order No. 11 Regarding Mattel's

14  Motion to Compel the Depositions of Pablo Vargas and Mariana Trueba be denied in

15  its entirety.

17  Dated: May 4, 2009         Patricia L. Glaser
18                                Joel N. Klevens
19                                GLASER, WEIL, FINK, JACOBS
                               HOWARD & SHAPIRO, LLP

20                                Russell J. Frackman
21                                MITCHELL, SILBERBERG & KNUPP, LLP

22                                By: _____/s/ Amman A. Khan_____
23                                  Amman A. Khan
                               Attorneys for the MGA Parties
24                                 for Phase Two

*Margin (vertical):* GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP — 10250 CONSTELLATION BOULEVARD, NINETEENTH FLOOR, LOS ANGELES, CALIFORNIA 90067 — 310-553-3000

675297

**[PUBLIC REDACTED] MGA PARTIES' OPPOSITION TO MATTEL'S 4/13/09 MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 11 RE MOTION TO COMPEL DEPOSITIONS**