Patricia L. Glaser, State Bar No. 055668
Pglaser@glaserweil.com
Joel N. Klevens, State Bar No. 045446
Jklevens@glaserweil.com
GLASER, WEIL, FINK, JACOBS,
 HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  310-553-3000
Facsimile:   310-556-2920

Russell J. Frackman, State Bar No. 049087
rjf@msk.com
MITCHELL, SILBERBERG & KNUPP, LLP
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone:  310-312-2000
Facsimile:   310-312-3100

Attorneys for the MGA Parties For Phase Two

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx)<br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>[To Be Heard by Discovery Master Robert C. O'Brien Pursuant to Order of January 6, 2009]<br><br>**SUPPLEMENTAL DECLARATION OF AMMAN A. KHAN IN SUPPORT OF MGA PARTIES' OPPOSITION TO MATTEL, INC.'S 4/13/09 MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 11 DENYING MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA**<br><br>**Phase 2**<br>Discovery Cut-off: December 11, 2009<br>Pre-Trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

675755

# SUPPLEMENTAL DECLARATION OF AMMAN A. KHAN

I, Amman A. Khan, hereby declare that:

1. I am an attorney at law, duly licensed to practice before the Courts of the State of California, and am a partner at the law firm of Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP ("Glaser Weil"), Phase 2 attorneys of record herein for MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, "MGA"). I submit this declaration in support of the MGA Parties' Opposition to Mattel, Inc.'s 4/13/09 Motion Objecting to Portions of Discovery Master Order No. 11 re Mattel, Inc.'s Motion to Compel the Depositions of Pablo Vargas and Mariana Trueba.

2. Attached hereto as Exhibit A is a true and correct copy of a January 27, 2009, letter from me to Jon D. Corey, counsel for Mattel, Inc.

3. Attached hereto as Exhibit B is a true and correct copy of another January 27, 2009, letter from me to Mr. Corey, in part, objecting to the notices that purported to schedule the depositions of Pablo Vargas and Mariana Trueba during the week of January 26, 2009.

I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on this 4th day of May, 2009, in Los Angeles, California.

/s/ Amman A. Khan
Amman A. Khan

675755

1

# EXHIBIT A

EXHIBIT A

PAGE 3

LAW OFFICES

**GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP**

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7865
EMAIL: AMKHAN@GLASERWEIL.COM

January 27, 2009

MERITAS LAW FIRMS WORLDWIDE

**VIA EMAIL AND FACSIMILE (213) 443-3100**

Jon D. Corey, Esq.
QUINN, EMANUEL, URQUHART,
 OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

 Re: *Bryant v. Mattel, Inc. and Consolidated Actions*
  U.S.D.C. Eastern Division, Case No. CV04-09049 SJL(RNBx)

Dear Jon:

 This responds to your January 27, 2009 letter concerning Mattel Inc.'s notices of deposition of Mr. Vargas, Ms. Trueba and Ms. Salemnia, which were unaccompanied by subpoenas or other appropriate lawful legal process, and set to take place in Los Angeles.

 First, as we discussed yesterday, and as you acknowledged, Mr. Vargas and Ms. Trueba are residents and citizens of Mexico, not the United States. Also, I can now confirm that they are neither directors, officers or "managing agents" for the MGA Parties and they are not parties to this action either. Thus, it is inappropriate to simply hail these individuals into California by a mere notice of deposition. See e.g. FRCP 28(b), 45(b)(2) *Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct.*, 482 U.S. 522, 543 (1987) (International comity requires American Courts to exercise "special vigilance" to avoid subjecting foreign persons to unreasonably burdensome discovery. American Courts must give "most careful consideration" to the policies and interests of whatever country is involved. . .).

 Second, we also discussed that Ms. Salemnia is no longer in the employ of MGA. Her last day of employment was May 23, 2008. Thus, she is not under the control of MGA and an FRCP 45 subpoena is required to compel her appearance as well.

 Third, it is my understanding that Mattel's deposition notices go beyond the number of depositions permitted and they are untimely. By December 2007, Mattel had exhausted the number of depositions it was permitted. Under the Court's January 7, 2008 Order (Doc.#1509), Mattel was given leave to conduct close to 50 additional Phase 1 and 2 depositions but it was ordered to complete those depositions by January 28, 2008, subject to a further stipulation of the

626097.1

EXHIBIT A
PAGE 4

Jon D. Corey, Esq.
January 27, 2009
Page 2

parties. "As to all depositions permitted by this Order, all counsel are expected to coordinate their schedules...such that the depositions are held prior to the discovery cut off date of January 28, 2008." (see Order p. 5) In that same order, the Court said that it would consider a stipulation that allowed the parties to designate certain depositions as Phase 2 depos, and those could be taken in February "if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1." (See Order p. 3; see also p. 5 ("Phase 2 depositions [of the additional ones allowed] may be taken in February pursuant to a Court-approved stipulation")) Mattel's most recent deposition notices were issued almost one year after the Court-imposed cut-off and any depositions that were stipulated to be completed beyond that cut-off were, in fact, completed. There is no stipulation allowing Mattel to take further Phase 2 depositions.

Finally, your assertions regarding Jason Russell's alleged representations are mistaken. I spoke to Mr. Russell and he confirmed that he had absolutely no discussions with you about the deposition notices for Mr. Vargas, Ms. Trueba and Ms. Salemnia. In fact, he confirmed that his discussions were with Michael Zeller of your firm and that Mr. Zeller was told that no dates could be agreed upon as the Skadden firm did not anticipate being Phase 2 counsel. Similarly, John Quinn of your firm was also told by Thomas Nolan that Phase 2 counsel would discuss these depositions with you, depending on the outcome of the January 26, 2009 hearing before Judge Larsen. Thus, your understanding of Jason Russell's statements are not based on personal knowledge, nor are they correct.

Accordingly, will you kindly advise that you will withdraw the improperly noticed depositions of Mr. Vargas, Ms. Trueba and Ms. Salemnia?

Very truly yours,

*Amman Khan*

Amman Khan
of GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP


AMM/rs

cc: Joel N. Klevens, Esq.
Jason Russell, Esq.
Patricia Benson, Esq.

665264

EXHIBIT A
PAGE 5

# EXHIBIT B

EXHIBIT __B__

PAGE __6__

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7865
EMAIL: AMKHAN@GLASERWEIL.COM

January 27, 2009

⊞ MERITAS LAW FIRMS WORLDWIDE

### VIA E-MAIL AND U.S. MAIL

Jon D. Corey, Esq.
QUINN, EMANUEL, URQUHART,
 OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re: Mattel – Deposition Notices of Trueba, Vargas and Salemnia

Dear Mr. Corey:

The MGA Parties object to Mattel, Inc.'s Deposition Notices for Mariana Trueba, Pablo Vargas, and Shirin Salemnia unilaterally scheduled to commence the week of January 26, 2009, for three key reasons.

First, Mattel's Deposition Notices go beyond the number of depositions permitted and they are untimely. By December 2007, Mattel had exhausted the number of depositions it was permitted under the Federal Rules and the applicable discovery orders. Under the Court's January 7, 2008 Order (Doc.#1509), Mattel was given leave to conduct close to 50 additional Phase 1 and 2 depositions but it was ordered to complete those depositions by January 28, 2008, subject to a further stipulation of the parties. Mattel's most recent deposition notices were issued almost one year after the Court-imposed cut-off and any depositions that were stipulated to be completed beyond that cut-off were, in fact, completed.

Second, the Deposition Notices for Trueba and Vargas are invalid because they seek the U.S. depositions of persons who are citizens of, and reside in, a foreign country, without valid service of lawful legal process. Trueba and Vargas are residents of Mexico, not the United States. And, there is no valid reason that Mattel can articulate for requiring these individuals to appear for deposition in the United States at either their own or the MGA Parties' expense. *See e.g. Grey v. Continental Mktg. Ass'n, Inc.*, 315 F.Supp. 826, 832 (ND GA 1970) ("unusual circumstances" required to justify putting party to inconvenience of deposition elsewhere); *Philadelphia Indem. Ins. Co. v. Federal Ins. Co.*, 215 F.R.D. 492, 495 (ED PA 2003); *O'Sullivan v. Rivera*, 229 F.R.D. 187, 189 (D NM 2004) (deposition of nonresident party ordered at party's residence).

626097.1

EXHIBIT B
PAGE 7

Jon D. Corey, Esq.
January 27, 2009
Page 2

  Third, the Deposition Notice for Salemnia is invalid because it is unaccompanied by a subpoena. Ms Salemnia is no longer employed by MGA or affiliated with the MGA parties. Under the Federal Rules, a subpoena is required to compel the deposition of a third party witness. FRCP 45."

  Because I am just now getting re-involved in this case, please let me know of any information that may be of assistance in resolving these issues without the need for resorting to motion practice.

        Very truly yours,

        *[signature]*

        Amman Khan
      of GLASER, WEIL, FINK, JACOBS
        & SHAPIRO, LLP

AMM/rs

cc: Jason Russell, Esq.
   Patricia Benson, Esq.
   Patricia L. Glaser, Esq.
   Joel N. Klevens, Esq.

665165

EXHIBIT B
PAGE 8

## PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On May 4, 2009, I served the foregoing document described as:

**SUPPLEMENTAL DECLARATION OF AMMAN A. KHAN IN SUPPORT OF MGA PARTIES' OPPOSITION TO MATTEL, INC.'S 4/13/09 MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 11 DENYING MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐ (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee.

☒ (BY EMAIL) I caused such documents to be delivered via email to the addressee(s).

☐ (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 4th day of May, 2009, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Lora Anderson*
Lora Anderson

675755

2

**SUPPLEMENTAL KHAN DECLARATION IN SUPPORT OF MGA PARTIES' OPPOSITION TO MATTEL'S MOTION OBJECTION TO DISCOVERY MASTER ORDER NO. 11**

## SERVICE LIST

Robert C. O'Brien
Discovery Master
Arent Fox LLP
555 West 5th St., Suite 4800
Los Angeles, CA 90013
**[By Personal Service on April 27, 2009]**

John Quinn, Esq.
(johnquinn@quinnemanuel.com)
Jon D. Corey, Esq.
(joncorey@quinnemanuel.com)
Michael T. Zeller, Esq.
(michaelzeller@quinnemanuel.com)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
**[By Email Service]**

Russell J. Frackman, Esq.
(rjf@msk.com)
Patricia H. Benson, Esq.
(phb@msk.com)
Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90067
(310) 312-2000
**[By Email Service]**

Thomas J. Nolan, Esq.
(tnolan@skadden.com)
Raoul D. Kennedy, Esq.
(rkennedy@skadden.com)
Jason D. Russell, Esq.
(Jason.russell@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
(213) 687-5000
**[By Email Service]**

Mark E. Overland, Esq.
moverland@obsklaw.com
Alexander H. Cote, Esq.
acote@obsklaw.com
Overland Borenstein Scheper & Kim LLP
601 W. 5th Street, 12th Floor
Los Angeles, CA 90017
**[By Email Service]**

675755

3

**SUPPLEMENTAL KHAN DECLARATION IN SUPPORT OF MGA PARTIES' OPPOSITION TO MATTEL'S MOTION OBJECTION TO DISCOVERY MASTER ORDER NO. 11**