PATRICIA L. GLASER (Bar No. 055668)
pglaser@glaserweil.com
GLASER WEIL FINK JACOBS & SHAPIRO
10250 Constellation Blvd., 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 557-9815

RUSSELL J. FRACKMAN (Bar No. 49087)
rjf@msk.com
PATRICIA H. BENSON (Bar No. 60565)
phb@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for The MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br>[To Be Heard By Discovery Master Robert O'Brien Pursuant To Order Of January 6, 2009]<br><br>**MGA ENTERTAINMENT, INC.'S NOTICE OF MOTION AND MOTION TO DE-DESIGNATE DOCUMENTS PRODUCED BY MATTEL, INC. AS "ATTORNEYS' EYES ONLY" IN RESPONSE TO DOCUMENT REQUEST NOS. 526 AND 528 AND REQUEST FOR SANCTIONS**<br><br>[DECLARATIONS OF DANIEL M. HAYES AND ALFREDO ORTEGA FILED CONCURRENTLY]<br><br>Time: TBD<br>Date: TBD<br>Place: TBD<br>Phase 2<br>Discovery Cut-Off: December 11, 2009<br>Pre-Trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

Mitchell
Silberberg &
Knupp LLP

2224707.2

MGA ENTERTAINMENT, INC.'S MOTION TO DE-DESIGNATE DOCUMENTS PRODUCED BY MATTEL, INC.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on a date and at a time to be set by the Discovery Master, or as soon thereafter as the matter may be heard, MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico, S.R.L. de C.V. (collectively, the "MGA Parties" or "MGA") will and hereby do move for an order de-designating the documents labeled Bates Nos. M 0920565 through M 0923763, M0924039 through M 0925726, and M 0925729 through M 0926800, produced by Mattel, Inc. ("Mattel") in response to MGA Document Request Nos. 526 and 528, which Mattel has designated "Attorneys' Eyes Only." The motion is made pursuant to Paragraph 10 of the January 4, 2005 protective order (the "Protective Order"), and on the grounds that the documents Mattel designated "Attorneys' Eyes Only" do not warrant that designation under the criteria set forth by the Protective Order.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the concurrently filed declarations of Daniel M. Hayes and Alfredo Ortega in support thereof, the records on file with the Court and Discovery Master, and any and all argument presented by counsel for MGA at or before the hearing on this motion.

Mitchell Silberberg & Knupp LLP
2224707.2

1

MGA ENTERTAINMENT, INC.'S MOTION TO DE-DESIGNATE DOCUMENTS PRODUCED BY MATTEL, INC.

Counsel for the MGA Parties sent counsel for Mattel letters on April 22, 23, and 27, 2009, requesting a telephonic meet and confer regarding the subject matter of this motion pursuant to paragraph 5 of the Discover Master Stipulation. Counsel for the MGA Parties and counsel for Mattel met and conferred on April 29, 2009, but that telephone conference did not resolve this matter. Counsel for the MGA Parties offered to meet and confer again the next day, April 30, 2009, but counsel for Mattel declined.

DATED: May 6, 2009

RUSSELL J. FRACKMAN
PATRICIA H. BENSON
MITCHELL SILBERBERG & KNUPP LLP

By: *Patricia H. Benson / by DMH*

Patricia H. Benson
Attorneys for The MGA Parties

Mitchell Silberberg & Knupp LLP
2224707.2

2

MGA ENTERTAINMENT, INC.'S MOTION TO DE-DESIGNATE DOCUMENTS PRODUCED BY MATTEL, INC.

## TABLE OF CONTENTS

Page(s)

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1
I.    INTRODUCTION ................................................................................................................. 1
II.   STATEMENT OF RELEVANT FACTS ............................................................................. 2
      A.   The Discovery Requests .............................................................................................. 2
      B.   The Protective Order .................................................................................................... 3
      C.   Mattel Produces Documents Indiscriminately Designated "AEO" ............................. 4
      D.   Mattel Rebuffs The MGA Parties' Attempts To Meet and Confer .............................. 5
III.  ALL OF THE DOCUMENTS MATTEL DESIGNATED AEO SHOULD BE DE-DESIGNATED ............................................................................................................ 8
      A.   None of The Documents On Discs One and Two Are Entitled To AEO Protection Under The Protective Order (Production Nos. M 0920565 – M 0923654) ............................................................................. 8
      B.   The Documents On Disc Three Do Not Warrant AEO Protection (Production Nos. M 0923655 – M 0923763, M 0924039 – M 0925726, and M 0925729 – M 0926800) ............................................................................. 9
      C.   MGA Is Entitled To Recover Its Attorneys' Fees Incurred In Connection With This Motion ........................................................................ 11
IV.   CONCLUSION ................................................................................................................... 12

Mitchell Silberberg & Knupp LLP
2224707.2

i

MGA ENTERTAINMENT, INC.'S MOTION TO DE-DESIGNATE DOCUMENTS PRODUCED BY MATTEL, INC.

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Avtel Services v. United States,*
   70 Fed. Cl. 173 (Fed. Cl. 2005) .................................................................. 10

*B.K.B. v. Maui Police Department,*
   276 F. 3d 1091 (9th Cir. 2002) ..................................................................... 12

*Chambers v. NASCO, Inc.,*
   501 U.S. 32 (1991) ........................................................................................ 12

*In re Coordinated Pretrial Proceedings in Petroleum Products
Antitrust,*
   101 F.R.D. 34 (C.D. Cal. 1984) .................................................................. 10

**STATUTES**

28 U.S.C. § 1927 ................................................................................................ 11, 12

Mitchell
Silberberg &
Knupp LLP

2224707.2

ii

MGA ENTERTAINMENT, INC.'S MOTION TO DE-DESIGNATE DOCUMENTS PRODUCED
BY MATTEL, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This Motion arises from Mattel Inc.'s ("Mattel") blatant abuse of the "Attorneys Eyes Only" ("AEO") designation on documents that do not even arguably warrant that status.

The parties' January 4, 2005 protective order (the "Protective Order") is clear. Only documents containing "trade secrets or other confidential commercial information" are entitled to AEO protection. However, days after quoting this standard itself in its own de-designation motion, Mattel indiscriminately designated as AEO almost 6,000 pages of documents produced to the MGA Parties, including family photographs of a former Mattel (and now MGA) employee, documents with no information at all save tab numbers, correspondence to and from MGA's own employees, correspondence with government officials about matters directly alleged in Mattel's Second Amended Complaint in this action (a pleading that is designated "Confidential," not "Attorney Eyes Only,") and even *the Protective Order itself*. Under the terms of the Protective Order, counsel for MGA is currently forbidden from disclosing to their clients, or to the clients' in-house counsel, any of the documents Mattel improperly designated AEO, and is subjected to the unnecessary additional burden and expense of filing any motions describing or attaching these documents – including the instant motion – under seal.

That Mattel's endgame is to impose additional costs on the MGA Parties is not open to question: its counsel let that much slip during the MGA Parties' attempt to meet and confer on the issues. After acknowledging that it is the *designating party's* burden to justify an "Attorneys' Eye Only" designation, but steadfastly refusing to identify even a single document that Mattel believes really deserves AEO protection, Mattel's counsel mockingly announced to counsel for

1

MGA ENTERTAINMENT, INC.'S MOTION TO DE-DESIGNATE DOCUMENTS PRODUCED BY MATTEL, INC.

Mitchell Silberberg & Knupp LLP
2224707.2

the MGA Parties how this issue would "play out": ***"You will file a motion, and in our opposition we'll identify the documents we think are Attorneys Eyes Only."*** See Declaration of Daniel M. Hayes ("Hayes Decl.") ¶ 18, Ex. 11.

This lawsuit is not a game, as Mattel and its lawyers seem to believe. Mattel cannot indiscriminately designate thousands of documents AEO whether or not that designation is proper, refuse to identify which ones, if any, it believes warrant that designation, force the MGA Parties to file a motion, and only after the MGA Parties have incurred the time and expense of filing a motion, deign to undo that which it never should have done in the first place.

Mattel cannot offer any justification for its conduct. If ever a motion warranted sanctions for unreasonably and vexatiously multiplying the proceedings, this is it. Not only should all of the documents at issue be immediately stripped of the AEO designation, but, Mattel should be ordered to reimburse MGA for the attorneys' fees it has been forced to incur as a result of Mattel's indefensible and inexcusable conduct.

## II. STATEMENT OF RELEVANT FACTS

### A. The Discovery Requests

On March 13, 2009, the Discovery Master ordered Mattel to produce documents responsive to Request Nos. 526 and 528 of the MGA Parties' Fifth Set of Requests for Production of Documents and Things to Mattel. See Hayes Decl. ¶ 3, Ex. 2 (Discovery Matter Order No. 6). These Requests sought communications between Mattel and law enforcement authorities in Mexico, Canada and the United Sates concerning any of the allegations in Mattel's counterclaims, including allegations of trade secret misappropriation, and any documents Mattel had provided to such authorities about those matters.[1] The MGA Parties had been

---

[1] Request No. 526 sought "[a]ll documents that constitute communications between [Mattel] (including [its] agents and attorneys) and law enforcement authorities in Mexico, Canada, or the United States, including but not limited to the (...continued)

2

forced to file a motion to compel Mattel to produce these clearly relevant documents, because Mattel had adamantly refused to do so.

**B.  The Protective Order**

On January 4, 2005, the parties entered into a Stipulated Protective Order which authorizes them to designate certain types of sensitive information as either "Confidential" or "Confidential – Attorney's Eyes Only." The "Confidential" designation protects a document from public dissemination. The AEO designation is far more restrictive, in that it prevents counsel for the non-designating party from sharing the information with either his/her client or with in-house counsel for the client. The Protective Order provides, in pertinent part, as follows:

> The designation of information as 'CONFIDENTIAL – ATTORNEYS' EYES ONLY' ***shall be limited to trade secrets or other confidential commercial information***, including without limitation non-public designs and drawings, ***which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action*** without restriction upon use or further disclosure.

---

(...continued)
United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, concerning any of the allegations in [Mattel's] counterclaims or any other alleged taking of confidential Mattel information by MGA or persons currently of formerly employed by MGA." Hayes Decl. ¶ 3, Ex. 2, 10:6-14. Request No. 528 sought "[a]ll documents that [Mattel] (including [its] agents and attorneys) provided to law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities concerning any of the allegations in [Mattel's] counterclaims or any other alleged taking of confidential Mattel information by MGA or persons currently or formerly employed by MGA." Id., 10:15-22.

3

MGA ENTERTAINMENT, INC.'S MOTION TO DE-DESIGNATE DOCUMENTS PRODUCED BY MATTEL, INC.

Hayes Decl. ¶ 2, Ex. 1 (Protective Order), 4:13-18 (emphasis added).[2] The inability to disclose information to the client or its in-house counsel, and obtain their input, obviously makes it much more difficult for litigation counsel to prepare the case for trial. That is why the AEO designation was reserved for only the most sensitive information—that which a party *in good faith* believes would result in *competitive disadvantage* or *competitive harm* if disclosed to the opposing party.

The Protective Order places the burden of proving the propriety of an AEO designation on the designating party -- here, Mattel. Hayes Decl. ¶ 2, Ex. 1 (Protective Order) ¶ 2; Declaration of Alfredo Ortega ("Ortega Decl.") ¶ 2, Ex. 1 (Mattel Motion to De-Designate), 3:14-15.

### C. Mattel Produces Documents Indiscriminately Designated "AEO"

On April 13, 2009, Mattel produced documents responsive to Request Nos. 526 and 528, as it had been ordered to do. As part of its production, Mattel produced three compact discs, each with thousands of pages of document images. The documents on the first disc ("Disc One") bear production numbers M 0920565 through M 0922993, and consist entirely of Spanish language pleadings and other court records filed in judicial proceedings in Mexico. Ortega Decl. ¶ 3. The documents on the second disc ("Disc Two") bear production numbers M 0922994 through M 0923654, and consist of additional Spanish language pleadings and court records from Mexican judicial proceedings. Ortega Decl. ¶ 4. The documents on the third disc ("Disc Three") bear production numbers M 0923655 through M 0926800, and include such items as English language correspondence, deposition transcripts from this case, a Mattel employee handbook, power point

---

[2] Mattel relied on this language from the Protective Order in *its* recent motion to de-designate. Ortega Decl. ¶ 2, Ex. 1 (Mattel Motion to De-Designate), 2:7-11, claiming the MGA Parties improperly had designated certain information AEO. Yet, days after filing that motion, Mattel indiscriminately applied the AEO designation to thousands of documents which could not even arguably be characterized as "trade secrets or other confidential commercial information" as required by the Protective Order.

presentations, pleadings filed in this action (including Mattel's first amended complaint and the Protective Order), and family photographs that Mattel apparently copied from the computer hard drive of a former Mattel employee who left Mattel for MGA, and whom Mattel now accuses of misappropriating trade secrets. Ortega Decl. ¶ 5.

Mattel indiscriminately stamped every single one of the 3089 pages of court records on Disc One and Disc Two "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the Protective Order. Ortega Decl. ¶¶ 3, 4. Mattel did the same on over 90% of the 3145 pages of documents on Disc Three, including family photographs, blank pages containing no information at all, and *the Protective Order itself*. Ortega Decl. ¶ 5.

### D. Mattel Rebuffs The MGA Parties' Attempts To Meet and Confer

On April 22, 2009, after Disc One had been reviewed, Daniel M. Hayes of Mitchell Silberberg & Knupp LLP ("MSK"), counsel for the MGA Parties, sent Jon D. Corey of Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel"), counsel for Mattel, a meet and confer letter, requesting that Mattel withdraw the AEO designation applied indiscriminately to all of the documents on Disc One, or meet and confer before April 29, 2009. Hayes Decl. ¶ 5, Ex. 4. On April 23, 2009, Mr. Hayes received a letter from Diane C. Hutnyan, also of Quinn Emanuel, stating that she would be available on April 27 to meet and confer telephonically. Hayes Decl. ¶ 5, Ex. 6. Also on April 23, after Disc Two had been reviewed, Mr. Hayes sent Ms. Hutnyan another meet and confer letter, stating that the documents on Disc Two, like those on Disc One, consisted of additional Spanish language court records that had been indiscriminately and improperly designated "Attorneys' Eyes Only." Hayes Decl. ¶ 7, Ex. 6. Mr. Hayes suggested that the April 27 meet and confer conversation include the documents on Disc Two as well. Id.

MGA ENTERTAINMENT, INC.'S MOTION TO DE-DESIGNATE DOCUMENTS PRODUCED BY MATTEL, INC.

On April 27, Ms. Hutnyan sent a letter by email to Mr. Hayes requesting that he postpone their meet and confer call to April 29 to give her more time to "prepare for a meaningful meet-and-confer discussion." Hayes Decl. ¶ 8, Ex. 7. Mr. Hayes responded by letter that same day, indicating that he would postpone the call to April 29 "only if you are prepared to tell us exactly what documents you feel warrant 'Attorney's Eyes Only' designation." Hayes Decl. ¶ 11, Ex. 8. Mr. Hayes also noted that his office had "continued our review of the documents that Mattel, Inc. recently produced, and do not believe any of the documents labeled Bates Nos. M 0920565 through M 00926800 warrant 'Attorney's Eyes Only' designation." Id.

Between the April 27 exchange of correspondence and the parties' April 29 meet and confer, Mattel's counsel simply ignored Mr. Hayes' request that Mattel identify which documents Mattel believed truly deserved AEO designation. Hayes Decl. ¶ 13. On April 29, Mr. Hayes and his colleague, Alfredo Ortega, telephonically met and conferred with Mr. Corey and Ms. Hutnyan regarding Mattel's AEO designations. Hayes Decl. ¶ 14, Ex. 11. Mr. Hayes asked Mr. Corey and Ms. Hutnyan to identify which documents they really felt deserved the AEO designation, so that counsel could discuss those documents. Hayes Decl. ¶ 15, Ex. 12. Mr. Corey and Ms. Hutnyan refused, and demanded that Mr. Hayes identify the documents he felt did *not* deserve the AEO designation. Id. Mr. Hayes responded that the AEO designation was improper as to all of the documents, and that the designation was impeding the preparation of MGA's case since the attorneys could not share the documents with MGA. Id.

Mr. Corey then took the position that, under Mexican law, court records are not public, and therefore somehow deserved AEO protection, even though both Mr. Corey and Ms. Hutnyan acknowledged that Mexican court records, as a category, did not fit the definition of documents entitled to AEO designation under

the terms of the Protective Order, and even though the "Confidential" designation permitted by the Protective Order would more than adequately protect any putative concerns about the court records not being "public." Hayes Decl. ¶ 16, Ex. 11. Mr. Corey asked if Mr. Hayes would stipulate to extend the application of an AEO designation to Mexican court records. Id. Mr. Hayes declined to so stipulate, and confirmed that refusal in a letter to Mr. Corey and Ms. Hutnyan on May 1, 2009. Id.

Mr. Hayes asked Mr. Corey and Ms. Hutnyan whether, apart from their contention that the court records were not public under Mexican law, they felt any of the court records from Mexico contained "trade secrets" or other "confidential commercial information" that qualified for AEO protection under the Protective Order. Hayes Decl. ¶ 17, Ex. 11. Mr. Corey responded that "thousands" qualified. Id. Mr. Hayes asked Mr. Corey and Ms. Hutnyan to identify one document out of any of the documents Mattel produced that truly deserved an AEO designation. Id. Mr. Corey and Ms. Hutnyan again refused. Id.

Ms. Hutnyan then made a shocking statement: she informed Mr. Hayes that the way matters would "play out" was that he would make a motion to de-designate, and that Mattel would identify *in its opposition to that motion* the documents it contended warranted AEO designation. Hayes Decl. ¶ 18, Ex. 11. In other words, Ms. Hutnyan's position was that Mattel was not going to de-designate any documents, nor identify any documents it felt truly warranted AEO protection, unless and until the MGA Parties filed a motion.[3]

Mr. Hayes invited Mr. Corey and Ms. Hutnyan to participate in another meet and confer call the next day, April 30, but they both stated they were unavailable. Hayes Decl. ¶ 22, Ex. 11. Mr. Hayes asked if anyone else in their office was

---

[3] Mr. Corey and Ms. Hutnyan both acknowledged that, on a motion to de-designate documents designated AEO, the burden is on the designating party to demonstrate that the designation is appropriate. Hayes Decl. ¶ 19, Ex. 11.

available, but neither Mr. Corey nor Ms. Hutnyan agreed to arrange for another attorney to participate. Id. Mr. Hayes asked, again, whether Mr. Corey or Ms. Hutnyan would identify which documents they really felt warranted AEO protection. Id. Again, they refused. Id.

### III. ALL OF THE DOCUMENTS MATTEL DESIGNATED AEO SHOULD BE DE-DESIGNATED

#### A. None of The Documents On Discs One and Two Are Entitled To AEO Protection Under The Protective Order (Production Nos. M 0920565 – M 0923654)

The documents produced on Disc One and Disc Two consist entirely of Spanish language court records from judicial proceedings in Mexico, all of which were improperly designated AEO. Ortega Decl. ¶¶ 3, 4. Mattel admits, as it must, that court records from Mexico, as a category, do not fall within the definition of documents entitled to AEO protection under the Protective Order. Hayes Decl. ¶ 16, Ex. 11. Court records are not "trade secrets or other confidential commercial information."

Mattel has failed and refused to identify even one document on Disc One or Disc Two (or Disc Three, for that matter) that contains "trade secrets or other confidential commercial information" that would cause competitive harm if disclosed, even though Mattel's counsel acknowledged in a meet and confer conversation and in their own prior motion to de-designate that the burden is on the *designating party* to justify an AEO designation under the Protective Order. Hayes Decl. ¶ 19, Ex. 11.[4] Instead, Mattel has tried to shift that burden to MGA by designating *everything* AEO, and forcing the MGA Parties to file this Motion.

---

[4] It appears that when Mattel "really" feels a document contains trade secrets, it simply ignores the Protective Order altogether and withholds the information. See Hayes Decl. ¶ 4, Ex. 3 (April 13, 2009 Supplemental Privilege Log), items 94-100, 102, 103. This may be the subject of a separate motion.

Mattel's adamant refusal during the meet and confer process to identify a single document even arguably falling within the category properly designated AEO is a tacit admission that no such documents exist. Accordingly, the Discovery Master should issue an order providing that none of the documents on Disc One or Disc Two are "Attorneys' Eyes Only."

### B. The Documents On Disc Three Do Not Warrant AEO Protection (Production Nos. M 0923655 – M 0923763, M 0924039 – M 0925726, and M 0925729 – M 0926800)

Over 90% of the pages of documents produced on Disc Three were marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Among the documents on Disc Three that Mattel apparently contends are so sensitive only the outside litigation counsel can see them are family photographs (see, e.g., M 0925821 – at the beach; M 0925827 – little girl playing; M 0925828 – in costume), entirely blank pages with nothing but apparent tab numbers (see, e.g., M 0925829, M 0925782), and *the Protective Order itself* (M 0924216 through M 0924237). Ortega Decl. ¶ 13, Ex. 9; ¶ 14, Ex. 10; ¶ 15, Ex. 11; ¶ 16, Ex. 12; ¶ 17, Ex. 13; ¶ 18, Ex. 14.

Based on the MGA Parties' review, there is nothing on Disc Three that warrants AEO protection.

It bears noting that Mattel contends former employees misappropriated information in 2004 (Machado, Vargas, Trueba) and 2005 (Brisbois). Thus, even if Mattel could identify documents among its communications with law enforcement authorities that it contends disclose 2004 or 2005 trade secrets (which it has not done), that information is far too stale to warrant AEO status now.

"A claim that disclosure might result in a competitive advantage or disadvantage also is contingent upon whether the information or material sought to be protected is stale. In general, although largely a fact and case-specific inquiry,

9

MGA ENTERTAINMENT, INC.'S MOTION TO DE-DESIGNATE DOCUMENTS PRODUCED BY MATTEL, INC.

information loses its confidential nature once it becomes stale." <u>Avtel Services v. United States</u>, 70 Fed. Cl. 173, 191 (Fed. Cl. 2005); see also <u>In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust</u>, 101 F.R.D. 34, 44 (C.D. Cal. 1984) (Court indicating "intention to withhold from the public only that information that ***remains*** a trade secret or is actually commercially sensitive such that its disclosure would cause more harm to defendants' competitive positions than its nondisclosure would to the public's access interests") (emphasis added). Therefore, a showing that a particular document contains "trade secrets" is not enough. Mattel must also show that information is not stale and still worthy of exceptional AEO protection.

    Second, to the extent Mattel is going to rely at trial on the misappropriation of any putative trade secret contained in its April 13, 2009 production, litigation counsel ***must*** be allowed to discuss that "trade secret" information with their client and its in-house counsel. Otherwise, litigation counsel cannot prepare this case for trial (and in-house counsel cannot evaluate the case for settlement purposes). The MGA Parties are entitled to know exactly what "Mattel trade secrets" they are accused of improperly using, so they can prepare their defense. Further, such information will become public at trial in any event, and there is no ***legitimate*** reason the MGA Parties or their in-house counsel should have to wait until trial to learn what it is they are supposed to have stolen and/or used. The time when AEO designation was appropriate has long since passed. Moreover, the Court has expressed a clear directive disfavoring the sealing of documents, which means even the public has a right to see documents to be relied on in this case. See <u>Hayes Decl.</u> ¶ 25, Ex. 12 (April 27, 2009 Minute Order), 12-13.[5]

---

[5] The Court ordered as follows: "Counsel for all the parties are **ORDERED** to engage in a review and meet and confer process to significantly narrow, if not eliminate the under seal nature of the filings dated May 28, 2008, through the date of the lifting of the stay on Phase 2 discovery, which occurred on February 11, 2009. The parties are **ORDERED** to file with the Court, no later than forty-five (...continued)

10

MGA ENTERTAINMENT, INC.'S MOTION TO DE-DESIGNATE DOCUMENTS PRODUCED BY MATTEL, INC.

### C. MGA Is Entitled To Recover Its Attorneys' Fees And Costs Incurred In Connection With This Motion

Under the Protective Order, an AEO designation must be made in "good faith." Hayes Decl. ¶ 2, Ex. 1 (Protective Order), 4:16. Mattel's indiscriminate use of the AEO designation on documents that cannot even arguably be characterized as "trade secrets" or "confidential business information," is a knowing, intentional, and blatant violation of the Protective Order.

When counsel for the MGA Parties informed Mattel's counsel they did not believe any of the documents on Discs One, Two and Three warranted AEO status, and asked Mattel to identify any such documents that Mattel truly believed were AEO, Mattel's counsel adamantly refused to do so. Indeed, Mattel's counsel mockingly informed the MGA Parties' counsel that the way things would "play out" was that the MGA Parties would file their motion, and *only then* would Mattel, in its opposition to the motion, identify documents it believed were truly AEO.

In short, Mattel improperly designated documents as AEO and then refused to withdraw any such designation, or even discuss which ones it thought were truly AEO, unless and until the MGA Parties filed a motion. That is precisely the type of conduct that can and should be sanctioned under 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case

---

(...continued)
days from the entry of this Order, a joint report that identifies by docket number and pinpoint citation all materials the parties agree should remain under seal, as well as the materials any party contends should remain under seal. In all instances, all materials that are contemplated by any party to be maintained by the Court under seal shall specify the reasons therefor. Counsel should anticipate the narrowest possible information to be maintained under seal. For example, if there is good cause for maintaining under seal only a small portion of an attachment, counsel should anticipate that they may be required to e-file a public redacted version of that document." Hayes Decl. ¶ 25, Ex. 12 (April 27, 2009 Minute Order).

11

MGA ENTERTAINMENT, INC.'S MOTION TO DE-DESIGNATE DOCUMENTS PRODUCED BY MATTEL, INC.

1  unreasonably and vexatiously may be required by the court to satisfy personally
2  the excess costs, expenses, and attorneys' fees reasonably incurred because of such
3  conduct."); Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (discussing Court's
4  inherent power to impose sanctions); B.K.B. v. Maui Police Department, 276 F. 3d
5  1091, 1106-09 (9th Cir. 2002) (holding that "knowledge of the rule and the
6  applicable law and recklessness in the face of such undeniable knowledge"
7  supported sanctions under both the Court's inherent power and 28 U.S.C. § 1927).
8      Therefore, the Court should order Mattel to reimburse MGA the amount of
9  $4760, representing the attorneys' fees that Mattel forced MGA to incur in filing
10 this Motion.  Hayes Decl. ¶ 26.

### IV. CONCLUSION

For all of the foregoing reasons, MGA respectfully requests that the Discovery Matter (1) order that all of the AEO designations on documents bearing Bates Nos. M 0920565 through M 0923763, M0924039 through M 0925726, and M 0925729 through M 0926800 are deemed withdrawn, (2) order Mattel to identify by specific Bates No. and within 48 hours, which documents it contends warrant "Confidential" designation, and (3) award MGA its attorneys' fees in the amount of $4760 incurred in connection with this motion.

DATED: May 6, 2009

RUSSELL J. FRACKMAN
PATRICIA H. BENSON
MITCHELL SILBERBERG & KNUPP LLP

By: *Patricia H. Benson /by DMH*
Patricia H. Benson
Attorneys for The MGA Parties