```
 1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
 2    johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
 3    (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
 4    (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
 5  Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
 6  Facsimile: (213) 443-3100

 7  Attorneys for Mattel, Inc.
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS<br><br>**PUBLIC -- REDACTED** | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF HARD DRIVES FROM COMPUTERS USED BY ISAAC LARIAN AFTER FEBRUARY 27, 2008, FOR SUPPLEMENTAL INSPECTION PURSUANT TO FED. R. CIV. P. 26 (E)<br><br>[Declarations of Marshall M. Searcy III and Christopher Pavan filed concurrently herewith]<br><br>Hearing Date:  TBA<br>Time:          TBA<br>Place:         Arent Fox LLP<br>**Phase 2**<br>Discovery Cut-off: December 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

NEWMMS/2917972.1

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT ............................................................................................................. 3

I.   MGA'S ASSERTIONS ABOUT MATTEL'S TRIAL STRATEGY ARE BOTH INCORRECT AND INAPPOSITE TO THIS MOTION ............ 3

II.  CONTRARY TO MGA'S ARGUMENTS, EVIDENCE OF LARIAN AND MGA'S SPOLIATION OF EVIDENCE IS INDISPUTABLY RELEVANT AND DISCOVERABLE ................................................................ 6

III. UNDER RULE 26, LARIAN MUST SUPPLEMENT HIS PRIOR PRODUCTION OF THE HARD DRIVES HE PROVIDED IN RESPONSE TO THE COURT'S ORDER ...................................................... 7

IV.  EVIDENCE OF SPOLIATION CAN ONLY BE FOUND THROUGH AN EXAMINATION OF THE LARIAN HARD DRIVES, WHICH IS WARRANTED GIVEN THE ONGOING PATTERN OF SPOLIATION ............................................................................................... 8

V.   THE COURT'S ORDER EXPLICITLY ALLOWED MATTEL TO EXAMINE "ANY AND ALL INFORMATION" ON LARIAN'S HARD DRIVES ................................................................................................ 9

VI.  MGA'S REQUEST FOR SANCTIONS IS MERITLESS AND SHOULD BE DENIED .................................................................................. 11

CONCLUSION ........................................................................................................ 12

# TABLE OF AUTHORITIES

**Page**

### Cases

AVX Corp. v. Cabot Corp.,
 252 F.R.D. 70 (D. Mass. 2008) ................................................................. 8

F.D.I.C. v. Conner,
 20 F.3d 1376 (5th Cir. 1994) .................................................................. 12

Gaytan v. Kapus,
 181 F.R.D. 573 (N.D. Ill. 1998) ................................................................ 8

Kucala Enterprises, Ltd. v. Auto Wax Co., Inc.,
 2003 WL 21230605 (N.D. Ill. 2003) ......................................................... 7

New Alaska Development Corp. v. Guetschow,
 869 F.2d 1298 (9th Cir. 1989) ................................................................ 12

Rambus, Inc. v. Infineon Technologies AG,
 222 F.R.D. 280 (E.D. Va. 2004) ............................................................... 7

Toombs v. Leone,
 777 F.2d 465 (9th Cir. 1985) .................................................................. 12

### Statutes

Fed. R. Civ. Proc. 26(e)(1)(A) ........................................................................ 7

**Preliminary Statement**

MGA has little to say about the obligations of Rule 26.[1] Instead, MGA recites a litany of reasons why it should not be subject to them. Each is unavailing.

MGA suggests that, because Mattel did not call its forensic expert as a witness at the Phase 1 trial, spoliation issues are somehow no longer part of the case and it need not supplement its prior discovery. The argument is incorrect and irrelevant. Mattel's trial strategy in Phase 1 of this case, however, has no bearing on the spoliation issues that are part of Mattel's Phase 2 claims or MGA's Rule 26 obligations. Mattel is fully pursuing its spoliation allegation and is entitled to full and complete discovery on them. Moreover, as MGA itself concedes, Mattel introduced percipient witness testimony at trial about spoliation by MGA, and ███████████████████████████████████████████████████████████. Larian's on-going spoliation is material and discoverable.

MGA urges that it should not have to supplement its production of hard drives because Mattel's operative complaint does not allege "ongoing" destruction of documents by MGA. That too is incorrect. Mattel's complaint alleges precisely that. And MGA's continued spoliation of evidence is always relevant in any case -- MGA is not entitled to destroy evidence just because it happens to be of a more recent vintage.

---

[1] Though Mattel sought hard drives from Isaac Larian, the opposition to this motion is made on behalf of "MGA parties." Accordingly, this reply addresses the arguments made by "MGA." As in the Mattel's Motion, Mattel uses the term "hard drives" in this reply. However, Mattel's requested relief here includes all STORAGE DEVICES, as the term is defined in Mattel's Requests for Production (which were compelled by the Court), but Mattel will use the short-hand term "hard drives" for purposes of brevity and ease of reading in this reply.

MGA contends that if Mr. Larian previously complied with the Court's Order compelling inspection of hard drives he should not have to do anything further. But MGA again ignores the issue here. Rule 26 requires that MGA supplement discovery related to Mattel's spoliation allegations. The Court's Order-- which requires production of hard drives to "the present"-- does nothing to exempt MGA or Larian from this Rule.

MGA also posits that it should not have to allow inspection of hard drives because documents on them could be obtained by a "simple document request." This argument not only attempts to rehash the motion MGA lost before the Court, which compelled production of Larian hard drives, but it also misses the point. If MGA has destroyed documents stored on Mr. Larian's computers, those documents will never be produced. Indeed, it is only by inspection of the hard drives themselves that Mattel can ascertain whether files have been deleted, erased, modified or otherwise spoliated -- which is why the Court ordered them produced in the first place. Moreover, it is the act of destroying the document which is pertinent to Mattel's claims here. Such destruction has happened before, and Mattel is entitled to supplemental discovery to see if it has happened again.

Finally, MGA complains that it should not have to allow inspection of "active user files" because, when hard drives were inspected previously, the parties entered into a "protocol" that limited review. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Then, after having itself insisted on the limitation, MGA used that limitation as a basis for criticizing the work of Mattel's expert. As such, this limitation should not be part of any new review protocol. In any event, the protocol for inspecting hard drives is no basis for MGA's refusal to produce additional Larian hard drives. Production of the hard drives should be compelled, as Rule 26 requires.

# Argument

## I. MGA'S ASSERTIONS ABOUT MATTEL'S TRIAL STRATEGY ARE BOTH INCORRECT AND INAPPOSITE TO THIS MOTION

MGA's primary relevance argument is based on Mattel's trial strategy in Phase 1 of this case. MGA asserts that, because Mattel chose to present percipient witness testimony about spoliation of evidence, rather than call the expert consultant it used to inspect Mr. Larian's hard drive, Mattel's expert must have been "discredited" by MGA's expert.[2] Based on this misplaced speculation, MGA seems to suggest that Mattel's claims of spoliation are somehow no longer part of Phase 2.

At the outset, MGA's assumptions are simply wrong-- 

---

[2] Opp. at 2:19-21 and n.3.
[3] Exhibit 3 to the Report of Samuel Rubin, dated July 1, 2008, Searcy Dec., Exh. 8.
[4] Opp. at 10:28-11:8.
[5] Deposition of Samuel Rubin, dated July 3, 2008, at 62:15-63:15, 107:17-25, Searcy Dec., Exh. 1.

1
2
3
4
5
6
7
8
9
10
11
12

---

13  [6] Deposition of Samuel Rubin, dated July 3, 2008, at 39:8-20, 62:25-63:15, Searcy Dec., Exh 1.
14  [7] Id.
15  [8] Id. at 64:14-65:23, 62:15-24, 107:17-25.
16  [9] Id. at 64:14-65:23; 61:7-12.

███

MGA also does not refute that there is other evidence of spoliation in this case--much of it committed by Mr. Larian himself or at his direction. For example, as Mattel explained in its Motion (and MGA does not refute), Mr. Larian ordered MGA employees to alter documents to help hide Mr. Bryant's theft of Bratz designs, and Mr. Bryant altered documents and installed and ran a program called "Evidence Eliminator" to permanently delete electronic information on his hard drives.[12]

Not only is MGA's assumption about Mattel's Phase 1 trial strategy thus mistaken, but its argument is irrelevant here. *The Court has already found* that Mr. Larian's hard drives are pertinent to Mattel's RICO claims based, in part, on evidence destruction. Those claims will be part of Phase 2 trial. MGA's

---



[10] ███ Deposition of Samuel Rubin, dated July 3, 2008, at 62:25-63:15, Searcy Dec., Exh. 1.

[11] Id., at 64:1-8.

[12] Motion at 11-12.

speculations about Mattel's Phase 1 trial strategy does not and cannot dictate what discovery Mattel is entitled to for Phase 2 trial, let alone foreclose discovery that Judge Larson has ruled Mattel is entitle to.

## II. CONTRARY TO MGA'S ARGUMENTS, EVIDENCE OF LARIAN AND MGA'S SPOLIATION OF EVIDENCE IS INDISPUTABLY RELEVANT AND DISCOVERABLE

MGA argues that it does not need to supplement its prior production of hard drives because Mattel's spoliation claims only relate to acts occurring "prior" to Mattel's Second Amended Complaint.[13] MGA is wrong. ███████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████

Moreover, MGA's argument is inconsistent with the Court's prior ruling compelling Larian's hard drives. The Court did not order Larian to provide

---

[13] Opp. at 12: 17-22.
[14] Searcy Dec., Exh. 2.

hard drives up to the date of Mattel's Second Amended Complaint. Rather, the Court required him to provide hard drives "from 1999 to the present."[15]

Of course, even putting aside the allegations in Mattel's complaint and the Court's prior Order, MGA's ongoing spoliation would still be an appropriate area for discovery. Courts routinely permit discovery on spoliation issues, particularly where, as here, Mattel has adduced evidence indicating spoliation has occurred. See e.g., Kucala Enterprises, Ltd. v. Auto Wax Co., Inc., 2003 WL 21230605, *1 (N.D. Ill. 2003) (noting prior order to produce drive for inspection for spoliation); Rambus, Inc. v. Infineon Technologies AG, 222 F.R.D. 280, 296 (E.D. Va. 2004) (permitting discovery on spoliation issues).

### III. UNDER RULE 26, LARIAN MUST SUPPLEMENT HIS PRIOR PRODUCTION OF THE HARD DRIVES HE PROVIDED IN RESPONSE TO THE COURT'S ORDER

MGA argues that, so long as it complied with the Court's February 27, 2008 Order compelling production of Larian hard drives, it is not required by Fed. R. Civ. Proc. 26(e)(1)(A) to produce any hard drives after that date.[16] MGA does not point to anything in the Court's Order that relieves it of its duties under Rule 26. Instead, MGA says only that nothing in the Order allows "unlimited access to Mr. Larian's current hard drives."[17]

This red-herring argument fails to acknowledge, much less dispute, the requirements of Fed. R. Civ. Proc. 26(e)(1)(A). MGA does not contest that, under the rule, MGA has an ongoing duty to timely supplement responses to discovery

---

[15] Order Granting Mattel, Inc.'s Motion Objecting to Portions of Discovery Master's December 31, 2007 Order Regarding Hard Drives, dated February 27, 2008, Searcy Dec., Exh. 3.

[16] Opp. at 11:17-24.

[17] Opp. at 12:2-3.

requests on an ongoing basis. Nor does it dispute that, under Rule 26(e), a party must supplement its discovery responses even if the responsive information only came into existence after the party initially responded to the discovery request. See AVX Corp. v. Cabot Corp., 252 F.R.D. 70, 77 (D. Mass. 2008) ("the duty to supplement is a continuing duty and a 'party may not free itself of the burden to fully comply' by placing 'a heretofore unrecognized duty of repeated requests for information on its adversary.'") (quoting Arthur v. Atkinson Freight Lines Corporation, 164 F.R.D. 19, 20 (S.D.N.Y. 1995)). See also Gaytan v. Kapus, 181 F.R.D. 573, 577-80 (N.D. Ill. 1998) (defendant sanctioned for not supplementing his discovery responses to reveal additional excessive force complaints that were filed after his first deposition).

As set forth in Mattel's motion, nothing in the Court's Order limits MGA's duties under Rule 26, and there is no reason to read any such limitation into the Order. To the contrary, considering that Mattel has alleged ongoing spoliation by MGA and Larian (as discussed above), and that the Court ordered production of hard drives "to the present"--and did not limit production to the date of Mattel's Second Amended Complaint or even its discovery requests--such a limitation would run directly counter to the spirit and purpose of the Order.

## IV. EVIDENCE OF SPOLIATION CAN ONLY BE FOUND THROUGH AN EXAMINATION OF THE LARIAN HARD DRIVES, WHICH IS WARRANTED GIVEN THE ONGOING PATTERN OF SPOLIATION

Arguing that production of hard drives is unnecessarily invasive, MGA argues that the information Mattel seeks could be obtained "through a simple document request."[18] This argument is unavailing. "A simple document request" will not turn up the documents or files MGA has destroyed. It is the destruction of

---

[18] Opp. at 14.

documents and files, in addition to the documents and files themselves, that is relevant to Mattel's spoliation claims. Evidence showing whether documents have been deleted from Larian's hard drives *can only be obtained* through a forensic examination of the hard drives. Indeed, that was why production of Larian hard drives was ordered previously. Thus, MGA's argument on this score is both wrong and little more than an effort to relitigate the substance of a prior Court ruling that MGA already lost.

## V. THE COURT'S ORDER EXPLICITLY ALLOWED MATTEL TO EXAMINE "ANY AND ALL INFORMATION" ON LARIAN'S HARD DRIVES

MGA accuses Mattel of engaging in a "fishing expedition" to "*discover new claims*"[19] because Mattel correctly pointed out that Larian's current hard drives are <u>known</u> to contain information relevant to Mattel's financial fraud issues[20] -- unless that information has been deleted. But Mattel is not seeking to *discover* new claims -- it is not "fishing" for anything. It has alleged spoliation as a RICO predicate. It has sought leave to amend its pleadings to add additional claims.[21] Mattel already *knows* which claims it wishes to make. What Mattel seeks here is evidence for the claims -- evidence that MGA is already obligated to produce by

---

[19] Opp. at 15.

[20] ████████████████████████████████████████

[21] Furthermore, the transactions which form the basis of Mattel's financial fraud claims are directly relevant to MGA and Larian's net worth, which the Discovery Master has already held is a proper subject of discovery. Phase 2 Discovery Matter Amended Order No. 11 Regarding: (1) Motion of Mattel, Inc. to Compel Responses to Interrogatories and Production of Documents by MGA Entertainment, Inc. and Isaac Larian; and (2) Motion of Mattel, Inc. to Compel the Depositions of Pablo Vargas and Mariana Trueba, at 6-7, Searcy Dec., Exh. 5.

Court Order and under its obligations to supplement. Moreover, Mattel showed, and MGA does not dispute, that Larian's drives are likely to contain information relevant to numerous existing Mattel claims and that the information may have been deleted or destroyed.[22]

MGA further asserts that Mattel seeks more than it obtained in prior motion practice because the Court's Order supposedly prohibits Mattel from examining the contents of user generated files on the Larian hard drives.[23] MGA claims that the Order "did not allow Mattel to inspect 'documents,' the content of documents, or 'active user files.'"[24] That position is contrary to the face of the Order. The Court's Order specifically stated that Mattel's expert "shall have the right to inspect **any and all information on said hard drives** to determine" whether there was evidence of spoliation or attempted spoliation.[25] Further, as MGA itself concedes, Mattel's expert was allowed not only to determine whether files had been deleted or removed, but also "to recover any such information, in whole or in part."[26] "Any and all information" necessarily includes the contents of documents and "active user files."

MGA points to a "protocol" which, at MGAs demand, limited Mattel from examining the contents of active, user generated files on the hard drives at issue. Mattel did not know when it entered the protocol, however, that MGA would use it as both shield and a sword to try to undermine Mattel's expert. Due to the

---

[22] Motion at 13-17.

[23] Opp. at 13.

[24] Opp. at 1.

[25] Order Granting Mattel, Inc.'s Motion Objecting to Portions of Discovery Master's December 31, 2007 Order Regarding Hard Drives, dated February 27, 2008, Searcy Dec., Exh. 3.

[26] Opp. at 13:28.

1 restrictions of the protocol, ███████████████████████████
2 ███████████████████████████████████████████████████████
3 ███████████████████████████████████████████████████████
4 ████████████████████████  ████████████████████████████
5 ███████████████████████████████████████████████████████
6 ████████████

      Because MGA is attempting to use its own imposed limitations to attack Mattel's expert, the limitations are not proper. In any event, it is the Court's Order, not the prior protocol, which is controlling here, and issues regarding the terms of an inspection protocol are at best tangential to the issue raised in this motion. The Court ordered production of hard drives. <u>Rule</u> 26 requires MGA to provide the hard drives for supplemental inspection. The hard drives should be ordered produced. Once the drives are produced, a new protocol for inspection of the hard drives may be negotiated and decided.

## VI. <u>MGA'S REQUEST FOR SANCTIONS IS MERITLESS AND SHOULD BE DENIED</u>

      Mattel's motion legitimately seeks discovery which Larian is obliged to provide. The Court previously ordered Larian to respond to Mattel's requests for production over Larian's objections. Mattel requests that Larian now supplement his responses as required by the <u>Federal Rules</u>. Mattel's motion is neither

---

[27] Declaration of Christopher Pavan, dated May 7, 2009, attached hereto, ¶¶ 5-7. <u>See also</u> Preliminary Examination Report, Larian Hard Drives & USB Drive, by Christopher Pavan, Dated June 24, 2008, at 1, Searcy Dec., Exh. 6.

[28] Opp. at 8:25-9:25. ████████████████████████████████████████
█████████████████████ Deposition of Samuel Rubin, dated July 3, 2008, at 62:25-63:15, Searcy Dec., Exh. 1. <u>See also</u> Preliminary Examination Report, Larian Hard Drives & USB Drive, by Christopher Pavan, Dated June 24, 2008, at 1, Searcy Dec., Exh. 6.

unreasonable nor vexatious, nor is it made in bad faith.[29] To the contrary, Mattel's motion is meritorious. MGA's request for sanctions is baseless and should be denied.

### Conclusion

For the foregoing reasons, MGA and Larian should be compelled to produce all unproduced hard drives within his possession, custody or control for supplemental inspection by Mattel's consultant. Such inspection should include inspection of all relevant, non-privileged documents and information, including "active" user generated files and documents and information recovered by the experts.

DATED: May 7, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Marshall M. Searcy III
Marshall M. Searcy III
Attorneys for Mattel, Inc.

---

[29] See F.D.I.C. v. Conner, 20 F.3d 1376, 1384 (5th Cir. 1994) (holding that sanctions under Section 1927 require a finding that the offending attorney's multiplication of the proceedings was both unreasonable and vexatious, and explaining that Section 1927 "should be employed 'only in instances evidencing a serious and standard disregard for the orderly process of justice.'... [L]iability should 'flow only from an intentional departure from proper conduct, or, at a minimum, from a reckless disregard of the duty owed by counsel to the court.'") (citations omitted); New Alaska Development Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989) ("Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith. 'Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent.'") (citations omitted). Nor are sanctions proper under the Court's inherent powers. "[M]onetary sanctions against counsel are within a court's powers when counsel has 'willfull[y] abuse[d] judicial processes' or otherwise conducted litigation in bad faith." Toombs v. Leone, 777 F.2d 465, 471 (9th Cir. 1985). Mattel's motion is a reasonable attempt to obtain discovery in response to requests for production to which the Court already compelled responses.