QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>[PUBLIC REDACTED] REPLY IN SUPPORT OF MATTEL, INC.'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 11 REGARDING MOTION OF MATTEL, INC. TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA<br><br>[Supplemental Declaration of Scott B. Kidman filed concurrently herewith]<br><br>Hearing Date: May 11, 2009<br>Time: 1:45 p.m.<br>Place: Courtroom 1<br><br>**Phase 2**<br>Discovery Cut-off: Dec. 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

07975/2926241.1

[PUBLIC REDACTED] REPLY ISO MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 11 REGARDING MOTION OF MATTEL. INC. TO COMPEL DEPOSITIONS OF VARGAS AND TRUEBA

# TABLE OF CONTENTS

**Page**

I.   THE DISCOVERY MASTER'S FINDING THAT VARGAS AND TRUEBA ARE NOT MANAGING AGENTS IS CLEARLY ERRONEOUS AND CONTRARY TO LAW ................................................... 1

    A.   Vargas And Trueba Have Responsibilites of Managing Agents Respecting Matters Involved In This Lawsuit ......................................... 1

    B.   Vargas's And Trueba's General Responsibilities Confer Managing Agent Status ................................................................. 2

        1.   Vargas and Trueba are currently managing agents ..................... 2

        2.   Vargas and Trueba were managing agents at the relevant time period for the issues in this lawsuit ....................................... 4

    C.   There Are No Persons In Higher Authority In The Area For Which The Information is Sought ................................................. 6

    D.   Vargas And Trueba's Interests Are Aligned With The MGA Parties ...................................................................................... 7

    E.   Vargas and Trueba Can Be Relied Upon To Give Testimony At MGA Mexico's Request ....................................................... 8

II.  THE HAGUE CONVENTION DOES NOT APPLY ................................ 8

III. THE DEPOSITIONS SHOULD BE HELD IN LOS ANGELES .............. 9

CONCLUSION ............................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**        **Page**

Afram Export Corp. v. Metallurgiki Halyps, S.A.,
  772 F.2d 1358 (7th Cir. 1985) .................................................................. 12

Boston Diagnostics Development Corp., Inc. v. Kollsman Mfg. Co.,
  123 F.R.D. 415 (D. Mass 1988) ................................................................. 5

Cadent Ltd. v. 3m Unitek Corporation,
  232 F.R.D. 625 (C.D. Cal. 2005) ..................................................... 9, 10, 12

Calixto v. Watson Bowman Acme Corp.,
  2008 WL 4487679 (S.D. Fla. Sep. 29, 2008) ........................................... 4, 5

Custom Form Mfg. v. Omron Corp.,
  196 F.R.D. 333 (N.D. Ind. 2000) .............................................................. 10

DeFazio v. Wallis,
  459 F. Supp. 2d 159 (E.D. N.Y. 2006) ....................................................... 1

Delphi Automotive Systems LLC v. Shinwa Intern. Holdings Ltd.,
  2008 WL 2906765 (S.D. Ind. July 23, 2008) ........................................... 10

Dubai Islamic Bank v. Citibank, N.A.,
  2002 WL 1159699 (S.D.N.Y. May 31, 2002) ......................................... 4, 8

Dwelly v. Yamaha Motor Corp.,
  214 F.R.D. 537 (D. Minn. 2003) .............................................................. 12

E.E.O.C. v. Honda of America Mfg., Inc.,
  2007 WL 682088 (S.D. Ohio Feb. 28, 2007) .......................................... 5, 6

Faro Technologies, Inc. v. Romer,
  2007 WL 496615 (M.D. Fla. Feb. 12, 2007) .............................................. 6

Founding Church of Scientology of Washington, D.C. v. Webster,
  802 F.2d 1448 (D.C. Cir. 1986) .................................................................. 3

HTC Corp. v. Technology Properties,
  2008 WL 5244905 (N.D. Cal. Dec. 16, 2008), cited by MGA ................ 10

Harrington v. Scribner,
  2009 WL 1032858 (E.D. Cal. Apr. 16, 2009) ............................................ 1

In re Honda American Motor Co.,
  168 F.R.D. 535 (D. Md. 1996) ................................................................... 3

Humble Oil & Refining Co. v. Sun Oil Co.,
  191 F.2d 705 (5th Cir. 1951) ...................................................................... 3

Libbey Glass, Inc. v. Oneida, Ltd.,
  197 F.R.D. 342 (N.D. Oh. 1999) ............................................................ 2, 5

Liverpool & London & Globe Ins. Co. of Liverpool, England, v. Nebraska Storage Warehouses,
  96 F.2d 30 (8th Cir. 1938) .................................................................................. 3

Mediatek, Inc. v. Sanyo Electronic Co. Ltd.,
  2006 WL 5709449 (E.D. Tex. August 9, 2006) ............................................... 10

New Medium Techs. LLC v. Barco, N.V.,
  242 F.R.D. 460 (N.D. Ill. 2007) ...................................................................... 10

Philadelphia Indem. Ins. Co. v. Federal Ins. Co.,
  215 F.R.D. 492 (E.D. Pa. 2003) ........................................................................ 4

Potlatch Lumber Co. v. Anderson,
  199 F. 742 (9th Cir. 1912) ................................................................................. 3

Salve Regina College v. Russell,
  499 U.S. 225 (1991) ......................................................................................... 12

Sierra v. Woodford,
  2008 WL 797449 (E.D. Cal. Mar. 26, 2008) ..................................................... 1

Smith v. Shoe Show of Rocky Mountain, Inc.,
  2001 WL 1757184 (D. Mass. Aug. 26, 2001) ................................................... 5

Sugarhill Records, Ltd. v. Motown Records Corp.,
  105 F.R.D. 166 (S.D.N.Y 1985) ................................................................... 7, 8

United States v. Afram Lines, Ltd.,
  159 F.R.D. 408 (S.D.N.Y 1994) ....................................................................... 8

Yent v. Baca,
  2002 WL 32810316 (C.D. Cal. Dec. 16, 2002) ................................................. 1

**Statutes**

Federal Rule of Civil Procedure 30 ............................................................................ 5

Federal Rule of Civil Procedure 30(b)(1) ............................................................. 4, 5

Federal Rule of Civil Procedure 32 ............................................................................ 5

Federal Rule of Civil Procedure 32(a)(2) .................................................................. 5

Federal Rule of Civil Procedure 32(a)(3) .................................................................. 4

Federal Rule of Civil Procedure 72(a) ........................................................................ 6

**Miscellaneous**

2 Wigmore on Evidence § 437 .................................................................................. 3

07975/2926241.1

-iii-

[PUBLIC REDACTED] REPLY ISO MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 11 REGARDING MOTION OF MATTEL, INC. TO COMPEL DEPOSITIONS OF VARGAS AND TRUEBA

## I. THE DISCOVERY MASTER'S FINDING THAT VARGAS AND TRUEBA ARE NOT MANAGING AGENTS IS CLEARLY ERRONEOUS AND CONTRARY TO LAW

### A. Vargas And Trueba Have Responsibilites of Managing Agents Respecting Matters Involved In This Lawsuit

MGA contends that because the Discovery Master recited in his ruling the five factors considered by courts in determining managing agent status, his ruling cannot be "contrary to law." (Opp. at 8-9) Not so. "An order is contrary to law when it fails to apply or *misapplies* relevant statutes, case law, or rules of procedure." Harrington v. Scribner, 2009 WL 1032858, at *1 (E.D. Cal. Apr. 16, 2009) (quoting DeFazio v. Wallis, 459 F. Supp. 2d 159, 163 (E.D. N.Y. 2006) (emphasis added); Sierra v. Woodford, 2008 WL 797449 (E.D. Cal. Mar. 26, 2008) (same) (quoting Yent v. Baca, 2002 WL 32810316, at *2 (C.D. Cal. Dec. 16, 2002) (emphasis added). Here, the Discovery Master concluded that because of the purported lack of evidence regarding Vargas' and Trueba's current "general powers" at MGA Mexico, the five factors have "marginal relevance" and that "even if all of those factors were satisfied . . . the record would still be insufficient to enforce the deposition notices at issue here."[1] That is contrary to law: it is well established that an individual who is not vested with broad powers such that the individual is a managing agent with respect to the day-to-day operations of the corporation may nonetheless be a managing agent with respect to particular matters at issue in the lawsuit.[2] Indeed, MGA does not contend otherwise and fails to even address the cases cited by Mattel in support of this proposition.

Instead, MGA argues that Vargas and Trueba cannot be managing agents with respect to the theft and provision of Mattel's trade secrets to the MGA parties--matters

---

[1] See Discovery Master's Order No. 11 ("Order"), at 34, Exhibit 3 to Declaration of Scott Kidman In Support of Mattel's Motion Objection to Portions of Discovery Master Order No. 11 ("Kidman Dec.").

[2] See Motion Objecting to Portions of Discovery Master Order No. 11 Regarding Motion of Mattel, Inc. to Compel Depositions of Vargas and Trueba ("Motion"), at 12-13.

07975/2926241.1

-1-

[PUBLIC REDACTED] REPLY ISO MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 11 REGARDING MOTION OF MATTEL. INC. TO COMPEL DEPOSITIONS OF VARGAS AND TRUEBA

that are indisputably at issue in this lawsuit--because MGA denies that they were told to bring anything with them from Mattel to MGA. (Opp. at 15.) But Mattel is not required to prove its claims before it is entitled to take discovery on them. It would turn the rules of discovery on their head to require that Mattel rebut MGA's denials before it can take the depositions of the individuals most likely to have the information that would allow it to do so.

MGA does not dispute that Vargas' and Trueba's current responsibilities at MGA Mexico encompass the trade secrets taken from Mattel. The Discovery Master himself found that "Mattel's papers demonstrate that the Witnesses do oversee aspects of [MGA Mexico] which are directly addressed by Mattel's Phase 2 counterclaims, namely sales and public relations (which, Mattel contends, [MGA Mexico] conducts using stolen Mattel trade secrets)."[3] That he nonetheless concluded that he need look no further than Vargas' and Trueba's purported current lack of "general powers" demonstrates that-- contrary to MGA's claim--the Discovery Master improperly elevated this single factor above all others in what is supposed to be a multi-factor test.[4]

### B. Vargas's And Trueba's General Responsibilities Confer Managing Agent Status

#### 1. Vargas and Trueba are currently managing agents

In its motion to the Discovery Master, Mattel established that Vargas and Trueba were two of the four founding members of MGA Mexico charged with running the day-to-day operations of company,[5] but the Discovery Master dismissed the significance of

---

[3] Order at 35, Kidman Dec., Ex. 3.
[4] MGA argues that the Discovery Master did not improperly elevate this factor because he followed the approach set forth in Libbey Glass, Inc. v. Oneida, Ltd., 197 F.R.D. 342 (N.D. Oh. 1999), and Libbey Glass "actually encompasses factors 1, 3 and 4 of the multi-factor test." (Opp. at 10.) But MGA fails to reconcile the fact that Libbey Glass may encompass factors 1, 3 and 4 of the multi-factor test with the Discovery Master's conclusion that "even if all of those factors were satisfied" Mattel would still lose.
[5] Motion to Compel Depositions of Pablo Vargas and Mariana Trueba [Docket No. 4857] at 4-5. Even now, MGA make no attempt to dispute that evidence. Instead, it makes the specious claim that "running the day-to-day operations in Mexico" is "a far cry from investing
(footnote continued)

-2-

this evidence because it purportedly related to an earlier time period. But MGA has yet to present any evidence that Vargas' and Trueba's responsibilities had been diminished in any respect in the intervening time period. As simple as it would have been for Isaac Larian (or anyone at MGA Mexico purportedly in a higher position than Vargas or Trueba) to submit a declaration stating that Vargas and Trueba were no longer among the small group of individuals responsible for running the day-to-day operations of the company, no one did; the Discovery Master had no basis to conclude that anything had changed. See Founding Church of Scientology of Washington, D.C. v. Webster, 802 F.2d 1448, 1455 (D.C. Cir. 1986) ("A 'general principal' in the law of evidence . . . is that 'a *prior* or *subsequent* existence is evidential of a *later* or *earlier* one.'") (quoting 2 Wigmore on Evidence § 437 at 514 (emphasis in original)).[6]

Even if managing agent status is determined as of time the deposition is to be taken, the Discovery Master's failure to credit Mattel's evidence was clearly erroneous and contrary to law, particularly in light of the well established principle that any "doubt[s] about an individual's status as a 'managing agent,' at the pre-trial discovery stage, are resolved in favor of the examining party." In re Honda American Motor Co., 168 F.R.D. 535, 540 (D. Md. 1996) (citing Founding Church of Scientology, 802 F.2d at 1452 n.4). Moreover, information obtained by Mattel since the Discovery Master issued his Order and since Mattel filed its motion objecting to the Order confirms that Vargas and Trueba continue to function as managing agents of MGA Mexico. According to published news reports, MGA Mexico has recently terminated all of its

---

them 'with general powers to exercise . . . discretion and judgment in dealing with corporate matters.'" (Opp. at 15.)

[6] See also Liverpool & London & Globe Ins. Co. of Liverpool, England, v. Nebraska Storage Warehouses, 96 F.2d 30, 36 (8th Cir. 1938) ("It is a general rule that a prior or subsequent existence is evidential of a later or earlier one."); Humble Oil & Refining Co. v. Sun Oil Co., 191 F.2d 705, 715 (5th Cir. 1951) ("A fact, once shown to exist, is presumed to continue until the contrary is proven."); Potlatch Lumber Co. v. Anderson, 199 F. 742, 748 (9th Cir. 1912) ("[W]hen the existence of a condition at a given time is in issue, the prior existence of it, and the subsequent existence of it, afford some indication of its existence at the time in issue.").

employees *except* Vargas, Trueba, and Gustavo Machado.[7] MGA can hardly maintain that Vargas and Trueba are no longer responsible for managing day-to-day operations at MGA Mexico when, along with Mr. Machado, they appear to be the only individuals who even remain at the company.

### 2. **Vargas and Trueba were managing agents at the relevant time period for the issues in this lawsuit**

In any event, the weight of authority and better reasoned rule is that for purposes of determining whether a deposition can be taken on notice under Rule 30(b)(1)--as opposed to whether the testimony will bind the corporation at trial under Rule 32(a)(3)--managing agent status is determined by examining the witness' functions and responsibilities "at the time of the transactions at issue in this lawsuit." Philadelphia Indem. Ins. Co. v. Federal Ins. Co., 215 F.R.D. 492, 494 (E.D. Pa. 2003). This interpretation avoids the mischief that would allow a party, as here, to avoid producing a managing agent for deposition simply by asserting that the individual's functions and responsibilities have changed; it eliminates the need to take discovery merely to determine whether the deposition of a witness with clearly relevant information can be taken on notice; and it avoids the need for courts to draw arbitrary lines to determine whether discovery regarding a witness' functions and responsibilities--which will never be completely contemporaneous--is recent enough to establish what those functions and responsibilities are "now." In short, "[t]his approach permits discovery to proceed while deferring until trial the ultimate question of whether the witness' testimony is binding on the corporation." Dubai Islamic Bank v. Citibank, N.A., 2002 WL 1159699, at *4 (S.D.N.Y. May 31, 2002).

MGA fails to even address many of the authorities Mattel cites for this proposition, and it fails to persuasively distinguish even the few it does address. For example, MGA claims that Calixto v. Watson Bowman Acme Corp., 2008 WL

---

[7] See Excerpts from El Economista, Exhibit 1 to Supplemental Declaration of Scott Kidman ("Supp. Kidman Dec."), attached hereto.

4487679 (S.D. Fla. Sep. 29, 2008) does not support Mattel's position because it cites to dicta in another case regarding the "emphasis on employee 'loyalty.'" (Opp. at 12). Mattel cited Calixto on the question of when a witness' responsibilities are examined for determining managing agent status--not the loyalty factor--and Calixto correctly holds that "[c]ourts attribute managing agent status to persons who no longer have authority over the matters at issue . . . so long as those individuals retained some role in the corporation and at least maintained interests consonant with rather than adverse to its interests.") (internal quotations omitted).[8] MGA simply ignores this aspect of Calixto. MGA completely mischaracterizes Boston Diagnostics Development Corp., Inc. v. Kollsman Mfg. Co., 123 F.R.D. 415 (D. Mass 1988), claiming that it involved Rule 32(a)(2), not Rule 30(b)(1). In fact, the court in Boston Diagnostics held that a person can be a managing agent for purposes of compelling a deposition under Rule 30 based on responsibilities at the time of the transactions at issue in lawsuit, even if that person is not a managing agent at the time of deposition as required to use the testimony at trial under Rule 32. Id. at 416 (noting that the "real issue in dispute in this case is whether Mr. Gallagher was a managing agent of one or more of the plaintiff-corporations at the time of the transactions at issue in this lawsuit."). MGA seeks to distinguish Smith v. Shoe Show of Rocky Mountain, Inc., 2001 WL 1757184, at *2 (D. Mass. Aug. 26, 2001), on the grounds that the witness purportedly retained his status as managing agent after he was demoted from district manager to store manager. The court clearly held, however, that plaintiff was entitled to take the witness' deposition on notice because "[t]here can be no dispute that [he] 'was a managing agent . . . at the time of the transactions at issue in the lawsuit.'" Id. at *2 (quoting Boston Diagnostics, 123 F.R.D. at 416).

As for its affirmative authority, MGA relies on E.E.O.C. v. Honda of America

---

[8] Even Libbey Glass, cited by the Discovery Master and touted by MGA, found that "the deponent need not be associated with the corporation at the time of his deposition" to be deemed a managing agent. Libbey Glass, 197 F.R.D. at 350-51.

Mfg., Inc., 2007 WL 682088, at *2 (S.D. Ohio Feb. 28, 2007), for the proposition that the determination of managing agent status must be made at the time the deposition is noticed, rather than at the time of the transactions at issue in the lawsuit. There, however, the court held "under particular circumstances, someone who has terminated his or her relationship with a corporate party might still be considered to be a 'managing agent.'" Id. In order for a terminated employee to be considered a "managing agent," the court would necessarily have to consider the former employees' status prior to service of the notice. In Faro Technologies, Inc. v. Romer, 2007 WL 496615, at *3 (M.D. Fla. Feb. 12, 2007), also cited by MGA, the deponent was no longer employed at all by the party to the litigation when the deposition notice was served; there was no showing that he retained any role in the corporation or that his interests were consonant with rather than adverse to its interests.[9] In short, MGA can point to no authority in support of the Discovery Master's conclusion.

### C. There Are No Persons In Higher Authority In The Area For Which The Information is Sought

MGA asserts that Vargas and Trueba "act at the direction of others in higher positions who have broader discretion and superior knowledge in the precise areas related to the information sought by Mattel." (Opp. at 16.) MGA fails to cite to any evidence to support this assertion. The only evidence MGA points to--and the only evidence considered by the Discovery Master in ruling that this factor weighed against Mattel--is Ms. Kuemmerle's testimony that ████████████████████████ ████████████[10] But as Mattel pointed out, the test is not whether the individual

---

[9] MGA alleges that the Discovery Master's conclusion as to the timing issue cannot be contrary to law because "Mattel cites no controlling authority from the Ninth Circuit" on that issue. But MGA cites no authority for the proposition that the absence of controlling circuit court law forecloses the contrary to law analysis. Nor would such a requirement make sense-- objections under Federal Rule of Civil Procedure 72(a) frequently involve discovery issues which are often *not* addressed by controlling circuit court authority.

[10] Opp. at 16; see also Declaration of Susana Kuemmerle in Support of MGA Parties Opposition to Compel Deposition of Pablo Vargas and Mariana Trueba and Request for Sanctions, dated February 13, 2009 ("Kuemmerle Dec.") [Docket No. 4861].

reports to someone else in the corporation. If it were, only the highest level officers in the corporate hierarchy would qualify and the provision allowing for the deposition of "managing agents" of a corporate party (in addition to officers and directors) by notice would be superfluous. The authority MGA cites confirms that the relevant inquiry is whether there are others in positions of higher authority in the areas for which the information is sought. See Sugarhill Records, Ltd. v. Motown Records Corp., 105 F.R.D. 166, 177 (S.D.N.Y 1985) (defining test as whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in area regarding which the information is sought by the examination).

The Discovery Master found that Vargas and Trueba "oversee" aspects of MGA Mexico that are "directly addressed by Mattel's Phase 2 counterclaims, namely sales and public relations."[11] The MGA parties have presented no evidence that there is anyone in a higher position at the company to testify regarding theses areas, let alone regarding Vargas' and Trueba's participation in the theft of Mattel's trade secrets and the provision of those trade secrets to the MGA parties. As for Ms. Kuemmerle, she no longer supervises Vargas or Trueba as she is no longer with MGA Mexico.[12] This factor clearly weighs in Mattel's favor.

### D. Vargas And Trueba's Interests Are Aligned With The MGA Parties

MGA argues that Mattel's reliance on Vargas' and Trueba's current employment with MGA Mexico to satisfy the alignment of interests test is "overly simplistic." (Opp. at 17.) Yet courts have consistently found that current employment fully satisfies this test,[13] and MGA fails to cite a single authority to the contrary. Moreover, MGA completely ignores the evidence demonstrating that, even apart from their current employment, Vargas' and Trueba's interests are aligned with the MGA parties.[14] The

---

[11] Order at 35, Kidman Dec., Ex. 3.
[12] See Supp. Kidman Dec., Exh. 1.
[13] See Motion at 20.
[14] Id. at 20-21. That Vargas and Trueba, along with Mr. Machado--another former Mattel employee who stole Mattel trade secrets and brought them with him to MGA Mexico--are the
(footnote continued)

Discovery Master's finding that "[i]t is unclear on this record whether this factor weighs in favor of or against deeming the Witnesses to be managing agents"[15] was contrary to law and clearly erroneous.

### E. Vargas and Trueba Can Be Relied Upon To Give Testimony At MGA Mexico's Request

The Discovery Master correctly found that Vargas and Trueba can be relied upon to give testimony at MGA Mexico's request.[16] MGA has never contended otherwise. This factor also weighs in Mattel's favor.

Properly applied, the five factor test overwhelmingly supports the conclusion that Vargas and Trueba are and were managing agents. At a minimum, this was a close case. As MGA concedes, and as the Discovery Master recognized, all doubts are to be resolved in favor of discovery. See Dubai, 2002 WL 1159699, at *4 (at pre-trial discovery stage the burden is "modest" and all doubts about an individual's status as a "managing agent" are "to be resolved in favor of the examining party").[17] The Discovery Master's failure to do so was clearly erroneous and contrary to law.

## II. THE HAGUE CONVENTION DOES NOT APPLY

MGA argues that "foreign nationals ... who are non-parties and thus, not subject to the Court's jurisdiction" may not be "hailed into the United States" without obtaining letters of request or complying with the Hague Convention. (Opp. at 17.) MGA Mexico is a party to this lawsuit and the Court has already found that it is subject to the Court's jurisdiction.[18] A notice of deposition is sufficient to compel the deposition of

---

only remaining employees of MGA Mexico only confirms this conclusion.
[15] Order at 36, Kidman Dec., Exh. 3
[16] Id. at 35, Kidman Dec., Exh. 3.
[17] See also United States v. Afram Lines, Ltd., 159 F.R.D. 408, 413 (S.D.N.Y 1994) (cases that fall into the "grey area" are resolved in favor of the examining party); Sugarhill Records, 105 F.R.D. at 171 ("I am to resolve close questions regarding the status of an employee as 'managing agent' in favor of the examining party since the issue of whether the witness' testimony can be used as a statement by the defendant still remains to be resolved at trial.") (citing cases).
[18] See Order Re Motions Heard on June 11, 2007 at 26-30, attached as Exhibit H to
(footnote continued)

an officer, director or managing agent of a corporate party even if the witness resides in a foreign country. See Cadent Ltd. v. 3m Unitek Corporation, 232 F.R.D. 625, 628 (C.D. Cal. 2005) (ordering officers and managing agents of corporate party who resided in New Jersey and Israel to appear for deposition in Los Angeles and noting that "[i]t is well recognized that 'if the corporation is a *party, the notice compels it to produce* any officer, director or managing agent named in the deposition notice. It is not necessary to subpoena such individual.") (emphasis in original). None of the cases cited by MGA hold or even suggest otherwise. To the contrary, MGA concedes that "where a foreign entity is concerned," the courts will compel officers, directors and managing agents to appear for deposition on mere notice "once the court has ruled that the entity is properly subject to its jurisdiction." (Opp. at 19.) Because Vargas and Trueba are managing agents of MGA Mexico, letters of request and the Hague Convention have no application here.[19]

### III. THE DEPOSITIONS SHOULD BE HELD IN LOS ANGELES

MGA argues that even if the Court overrules the Discovery Master's finding that Vargas and Trueba are not managing agents of MGA Mexico, it should remand the matter to the Discovery Master to determine where the depositions should be held. (Opp. at 19-20) MGA has delayed these depositions long enough. The Court should order that Vargas and Trueba appear in Los Angeles for their depositions without further delay.

---

the Supplemental Declaration of Michael T. Zeller in Support of Reply in Support of Mattel, Inc.'s Motion to Compel Depositions of Pablo Vargas and Mariana Trueba; and Request for Sanctions, dated February 19, 2009 (lodged with the Court concurrently with Mattel's motion on April 13, 2008).

[19] MGA disingenuously claims that Mattel has wasted time in bringing this motion "rather than proceeding appropriately by obtaining letters rogatory." (Opp. at 2.) Yet when Mattel has undertaken this process with regard to other foreign MGA employees, MGA has vigorously objected. On January 28, 2008, Mattel filed letters of request to be served on Jeanine Brisbois. MGA objected, forcing the Discovery Master, in Phase 2 Order No. 22, to issue a lengthy Order, ultimately granting Mattel the requested relief. See Discovery Master's Phase 2 Order No. 22, dated April 28, 2009, Kidman Dec., Exh. 2. Absent the Order sought here, Mattel has every reason to believe that MGA will obstruct the depositions of Vargas and Trueba by letters rogatory both in the United States and Mexico.

07975/2926241.1

-9-

[PUBLIC REDACTED] REPLY ISO MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 11 REGARDING MOTION OF MATTEL. INC. TO COMPEL DEPOSITIONS OF VARGAS AND TRUEBA

MGA does not dispute that "[a] party may unilaterally choose the place for deposing the opposing party" or that MGA has the burden of showing good cause for why these depositions should be held elsewhere. See Cadent, 232 F.R.D. at 628-29. MGA offers no evidence to carry that burden and instead relies on a "general presumption that the deposition of a corporate party should be taken at its place of business." (Opp. at 20.) But MGA fails to mention that courts, including courts in a number of the decisions it cites, have described this so-called "presumption" as merely a general rule that "facilitates determination when other relevant factors do not favor one side over the other." Delphi Automotive Systems LLC v. Shinwa Intern. Holdings Ltd., 2008 WL 2906765 (S.D. Ind. July 23, 2008) (citing cases); New Medium Techs. LLC v. Barco, N.V., 242 F.R.D. 460, 466 (N.D. Ill. 2007) (noting that "this is not a presumption at all. Indeed, it is the antithesis of a presumption.").[20]

Here, the relevant factors all weigh in favor of holding the depositions in Los Angeles, where they were noticed and where MGA maintains its headquarters. MGA does not dispute that counsel for all parties, including MGA Mexico, are located in Los Angeles. See Mediatek, Inc. v. Sanyo Electronic Co. Ltd., 2006 WL 5709449 (E.D. Tex. August 9, 2006) (ordering depositions of Japanese corporate defendant to take place in California and noting that "it would be much easier for those witnesses to travel to California for deposition than for the gaggle of attorneys on both sides to travel to Japan"). Nor do they dispute that requiring the depositions to take place in Mexico would compromise this Court's ability to resolve disputes, which the record of obstructionist conduct by the defendants in this matter indicate are likely to arise. See Custom Form Mfg. v. Omron Corp., 196 F.R.D. 333, 336-37 (N.D. Ind. 2000) (if depositions take place in Japan, "this court's authority to intervene, should it become necessary, is compromised"); New Medium, 242 F.R.D. at 467 (ordering depositions of Japanese corporate defendant to take place in Chicago where action was pending and

---

[20] HTC Corp. v. Technology Properties, 2008 WL 5244905 (N.D. Cal. Dec. 16, 2008), cited by MGA, was designated "not for citation."

[PUBLIC REDACTED] REPLY ISO MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 11 REGARDING MOTION OF MATTEL. INC. TO COMPEL DEPOSITIONS OF VARGAS AND TRUEBA

noting that "an antecedent history of contentiousness is a sufficient . . . basis on which to require a deposition in a locale where judicial supervision will be available"). MGA argues that, based on the limited Phase 2 discovery conducted to date, Mattel has presented evidence of only one trip by Vargas and Trueba to Los Angeles. (Opp. at 21.) Notably, however, they do not dispute that Vargas and Trueba do travel to Los Angeles. Not even Ms. Kuemmerle, who purports to have supervised Vargas and Trueba, disputed that they travel here in connection with their employment.

The Kuemmerle declaration is devoid of any evidence that it would impose a hardship for Vargas and Trueba to travel to Los Angeles. Ms. Kuemmerle and Mr. Machado both traveled to Los Angeles for their depositions, with no apparent hardship to MGA Mexico.[21] While Kuemmerle notes that ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮, neither Vargas nor Trueba has submitted a declaration claiming that they would suffer any hardship if they were deposed in Los Angeles. Kuemmerle also states that, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[22] She fails to demonstrate, however, that this would require anything more than ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[23] When Mr. Machado made this same argument in opposition to Mattel's motion to compel his deposition, Mattel was able to show that he was granted leave from the Mexican court to travel to the United States for MGA meetings the same day

---

[21] See Kuemmerle Tr. (cover), Supp. Kidman Dec., Exh. 3; See the deposition transcript of Gustavo Machado (cover), Supp. Kidman Dec., Exh. 4.
[22] The MGA Parties assert that Mattel "influenced" Mexican authorities to prosecute Vargas and Trueba in Mexico. (Opp. at 21.) They cite to no evidence to support this bald assertion, which if anything only serves to underscore the importance of deposing these witnesses in advance of the Phase 2 trial where MGA has now made clear it hopes to air these allegations. In any event, it is undisputed Mexican authorities found thousands of pages of confidential Mattel documents at the offices of MGA Mexico. Mattel, not MGA Mexico, Vargas or Trueba is the victim of that theft.
[23] Kuemmerle Dec., ¶ 8.

he requested it.[24] In fact, the requirement that he secure written permission did not interfere with his ability to travel to Los Angeles when the Court ordered him to appear here for his deposition.[25]

Vargas and Trueba should also be ordered to appear for their depositions in Los Angeles as noticed. See Cadent, 232 F.R.D. at 629 (ordering officers and managing agents of corporate party who resided in Israel and New Jersey to appear for deposition in Los Angeles where there were no declarations demonstrating undue burden); see also Afram Export Corp. v. Metallurgiki Halyps, S.A., 772 F.2d 1358, 1365 (7th Cir. 1985) (affirming order that Greek corporation's president be deposed in the United States where corporation made no showing of hardship) abrogated on other grounds, Salve Regina College v. Russell, 499 U.S. 225, 235-240 (1991).[26]

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant its motion in its entirety and order Vargas and Trueba to appear for deposition in Los Angeles forthwith.

DATED: May 11, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

By_____
Michael T. Zeller
Attorneys for Mattel. Inc.

---

[24] See Third Supplemental Declaration of Jon Corey in Support of Mattel, Inc.'s Motion to Compel Deposition of Carlos Gustavo Machado Gomez dated January 14, 2008, attached to Supp. Kidman Dec. as Exh. 6.
[25] See Court's Order, dated September 2, 2009, Supp. Kidman Dec., Exh. 5.
[26] Dwelly v. Yamaha Motor Corp., 214 F.R.D. 537 (D. Minn. 2003), cited by the MGA Parties, is distinguishable. There, the court determined on the record before it that the Japanese corporate defendant had shown it would suffer undue burden by producing a fourth 30(b)(6) witness for deposition in the United States but nonetheless noted that "[o]ur ruling would have been different, absent the Defendants' representation that they were waiving any insistence on adherence to Japanese procedures if the deposition were taken in Japan." Id. at 541. MGA has made no such representation here.