QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>     vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>MATTEL, INC.'S OPPOSITION TO MGA PARTIES' *EX PARTE* APPLICATION TO CONTINUE HEARING ON MATTEL, INC.'S (1) MOTION FOR LEAVE TO FILE THIRD AMENDED ANSWER AND COUNTERCLAIMS AND (2) MOTION TO RECONSIDER DISCOVERY MASTER'S ORDER NO. 11 PRESENTLY SET FOR MAY 18, 2009<br><br>**Phase 2:**<br>Discovery Cut-off:      Dec. 11, 2009<br>Pre-trial Conference:   Mar. 1, 2010<br>Trial Date:             Mar. 23, 2010 |

07975/2927600.2

1  Mattel, Inc. respectfully submits this opposition to the MGA Parties' *Ex Parte*
2  Application to Continue Hearings on Mattel's Inc.'s (1) Motion for Leave to File Third
3  Amended Answer and Counterclaims, and (2) Motion to Reconsider Discovery
4  Master's Order No. 11 Presently Set for May 18, 2009 ("App.").

## Preliminary Statement

6  MGA's application is not about conserving resources. It is about attempting to
7  obtain a tactical advantage. Mattel understands that an MGA insurer has agreed to
8  defend MGA in this litigation. So, MGA's application here demonstrably cannot be
9  about avoiding spending MGA's money on attorney's fees. From what Mattel can
10 ascertain, MGA nevertheless asked the Temporary Receiver to seek from the Court "a
11 stay of the Phase 2 litigation." Fraioli Decl., ¶ 4. The Court indicated that MGA
12 needed to follow standard procedure. *Id.* But in its application now, MGA does not
13 seek a *stay* of the litigation "for approximately three weeks or such other time as the
14 Court deems appropriate" (App. at 1:8-9), which is what the logic of its argument, to
15 the extent there is any, would indicate it should seek. Instead, MGA asks to put off
16 selective portions of the litigation that will stymie Mattel's efforts to move its case
17 forward while remaining free to pursue portions of the litigation that it perceives as
18 beneficial to it. That is not logical, and that is not fair.

19 MGA's request is also inefficient and will only serve to increase expense to the
20 parties. The Mattel motions that MGA selectively seeks to continue are fully briefed.
21 They are fresh in everyone's mind. To the extent that counsel for MGA needs to
22 "review the voluminous filings" to prepare for the hearings (App. at 1:14-18), that work
23 is going to have to be done *sometime*, and obviously it is most efficiently done *now*.
24 That is especially true since the parties will be before the Court on May 18, when
25 Mattel's motions are currently scheduled to be heard, regardless. Putting off Mattel's
26 motions thus means that a separate hearing would have to be scheduled -- with an
27 increase in fees and costs as a result. Thus, far from saving anything, MGA's selective
28 request to continue Mattel's motions would be exceedingly inefficient.

MGA is quick to assert, baldly, that Mattel will suffer no prejudice. MGA is incorrect. Further delay at this point -- and particularly on the motions that MGA hopes to delay -- will impair Mattel's ability to timely complete discovery. Indeed, Mattel applied to advance the hearing date on its motion for leave to amend to May 18 -- a request that the Court granted -- precisely because MGA and third parties that are funded by and affiliated with MGA have been flatly refusing to produce key discovery on the grounds that it is purportedly "outside the scope" of Mattel's pleadings. Promptly hearing Mattel's motion for leave thus will not only allow Mattel to obtain long-withheld discovery, but will result in substantial cost savings by eliminating a multitude of present and future discovery disputes. Equally importantly, and as also was a basis for Mattel's request that the motion hearing be advanced, MGA and its affiliates have claimed that third parties have no obligation to preserve evidence. This is of particular concern since, as the Court is aware, MGA and Larian have been using a variety of third parties to engage in financial manipulations, including ones currently unknown to Mattel. In short, MGA's efforts to delay Mattel's ability to pursue this discovery by delaying Mattel's motion for leave creates the palpable risk that evidence will be destroyed in the interim. That is prejudice.

Mattel respectfully submits MGA's application be denied in all respects.

## Argument

### A. The Continuances Sought Would Impair And Not Promote The Efficient Use Of Resources.

Although MGA suggests that savings to MGA supports its application, Mattel understands that MGA's fees are being paid by an MGA insurer that has agreed to defend this litigation. If so, that alone would warrant rejection of MGA's request here.

There is, in any event, a backwards premise to MGA's arguments: that it would take significant labor and the poring over of "voluminous filings" to prepare for and argue the motions that MGA selectively seeks to continue. App. at 1:14-18. To be sure, counsel should be prepared and well-versed in the record for the hearing. But the

great bulk of that work — and the great bulk of the attendant cost — should have been incurred during the preparation of the motion (or else something is clearly amiss in the way of wasteful preparation in the first place). What is equally true is what any experienced lawyer knows: the longer after the briefing is complete the hearing is held, the more it will cost to prepare for the hearing. Those factual and legal citations that are all but dripping from one's lips at the time the reply is filed are mostly forgotten four or six weeks hence. Declarations, depositions and documents must be re-read; cases must be re-analyzed. What an hour of preparation would take shortly after briefing is complete will take two or three hours a month later. And, of course, regardless of when the hearing is held, preparation work for the hearing is going to have to be done sometime. The most efficient time to do it is now.

Also demonstrating the fallacy of MGA's claim, there *will* be a hearing on May 18 in any case, which counsel based in Los Angeles will attend. The most efficient course is to have a hearing that will resolve multiple motions pending before the Court, including the ones MGA selectively seeks to continue. Contrary to MGA's mistaken thesis, having counsel for the parties make that same round-trip weeks later on a re-calendared hearing date will further waste resources.

MGA's application fails and should be denied for these reasons alone.

### B. The Continuances Would Unfairly Prejudice Mattel.

Delaying the hearing on Mattel's motions not only would result in these inefficiencies, but it would prejudice Mattel. From the moment this Court lifted the Phase 2 stay on January 6, 2009, MGA delayed and impeded Mattel's preparation of its case. MGA refuses to voluntarily produce Phase 2 discovery and sometimes refuses even after such discovery has been ordered, requiring Mattel to return to the Discovery Master for multiple, successive orders before finally obtaining even a fraction of the discovery due it long ago. One MGA stonewalling strategy in this Phase especially relevant here has been to claim that conduct that was not discovered at the time Mattel filed its Second Amended Answer and Counterclaim (and in many instances conduct

that had not yet even occurred) is "beyond the scope" of the present pleadings, and on that basis broadly refuse to provide relevant discovery. That was largely the reason Mattel brought an *ex parte* application to set an earlier hearing date on its motion for leave to file its Third Amended Answer and Counterclaims in the first place -- an *ex parte* which this Court granted based on Mattel's clear showing of prejudice absent the expeditious hearing of this motion.

Also as part of its effort to disrupt and delay this case, MGA has repeatedly moved for stays throughout 2009 alone. First, MGA frivolously argued that this Court's January 6 Order *lifting* the stay actually imposed a stay and refused discovery on that basis for over a month, until this Court had to reiterate to MGA at the February 11 hearing that the Court meant what it had said. Undeterred, MGA then moved before the Discovery Master to stay Mattel's discovery into its trade dress claims, which MGA claimed justified its refusal to produce discovery that the Discovery Master *already* had ordered MGA to produce. The Discovery Master denied that motion, rejected every argument that MGA advanced and imposed sanctions on MGA for its defiance of the first Order compelling discovery. *See* Order No. 17, dated April 14, 2009, at 7:7 to 14:14. Likewise, even though ordered to produce certain key financial discovery, a Larian-funded vehicle, Omni 808, refused to produce it by the ordered deadline, claiming that it would be "inefficient" for it to comply. It was only after a second Order again requiring compliance, with a threat of a contempt citation hanging over it, that Omni 808 belatedly, partially obeyed.

MGA's playbook since the Court lifted the stay on Phase 2 thus consists of one play with a number of variations: delay and impede Mattel's discovery on behalf of its defenses and counterclaims. Hence, it is no surprise that MGA's latest application seeks just that result. A continuance of the two motions MGA selectively seeks to derail will continue to hamper Mattel's ability to timely conclude Phase 2 discovery.

One motion that MGA seeks to delay the hearing on is Mattel's motion for leave to file its Third Amended Answer and Counterclaims. MGA has resisted all discovery

not explicitly spelled out by the Mattel's present pleading on the grounds that it is "outside the scope" of the case. Obviating this objection by updating Mattel's pleading is essential for Mattel's much-stymied discovery efforts to be timely completed. Indeed, in its successful request to the Court to advance the hearing date on its motion for leave to May 18, Mattel cited as a basis that discovery was being disrupted and prolonged because MGA, and third parties funded by and affiliated with MGA, flatly refuse to produce key discovery on the grounds that Mattel's pleadings did not make certain allegations. Resolving Mattel's motion for leave will greatly enhance efficiencies and reduce fee expenditures in this case by eliminating a multitude of present and future discovery disputes that MGA will otherwise continue to create.

The same is true with respect to Mattel's motion to reconsider the Discovery Master's Order No. 11. That motion relates to whether Mattel can pursue certain party discovery pursuant to the <u>Federal Rules of Civil Procedure</u> or whether it must pursue that discovery pursuant to much more time-consuming foreign procedures. To be sure, Mattel is confident it will prevail at the hearing, but in the unlikely event it does not prevail it needs to know that *now* so it may expeditiously pursue that foreign discovery.

With no analysis, MGA proclaims that Mattel will not be prejudiced an iota by MGA's requested partial stay (staying only Mattel motions) for a minimum of three weeks (and perhaps much longer). MGA's Panglossian conclusion cannot withstand scrutiny. As noted, Mattel previously obtained the May 18 date for its motion for leave based on its showing of threatened prejudice from further delays in Mattel's ability to timely complete discovery. As also was a basis for Mattel's successful request to advance the motion for leave hearing, MGA and its affiliates have claimed that third parties (even those affiliated with MGA) have no obligation to preserve evidence until served with a subpoena. This is of particular concern since, as the Court is aware, MGA and Larian have been using a variety of third parties to engage in financial manipulations, including third parties who Mattel cannot even serve with subpoenas because they are currently unknown to Mattel and because MGA and its affiliates

refuse to disclose that information.  In short, MGA's efforts to delay Mattel's motion for leave and thereby delay Mattel's ability to pursue this discovery creates the serious risk that evidence will be destroyed in the interim.  The prospect of significant prejudice to Mattel from the further delay MGA seeks is real.

### C. The One-Sided Stay That MGA Seeks Is Unfair.

There is a logical disconnect at the heart of MGA's Application.  If it is necessary to conserve MGA's resources, why only conserve *some* of them?  What MGA now seeks is the same result that MGA has sought since the moment the stay of Phase 2 was lifted: to hobble Mattel's ability to prepare for the trial of Phase 2 while vigorously pursuing their own claims and defenses.  Counsel for MGA have not taken a vacation; for example, they have demanded that Mattel review dozens of privileged documents to support its privilege assertions, prepare cumbersome interrogatory responses and oppose "de-designation" motions about whether *thousands* of documents are truly confidential, all while urging that they cannot afford to spend whatever hours they need to argue two motions at a hearing that will take place in any case.  MGA does not seek for the litigation to stop, or even slow down — it simply seeks to delay Mattel's motions from being decided.  A stay of Phase 2 would be clearly improper, but the partial, unilateral stay MGA seeks is simply unsupportable.

### Conclusion

The additional delay MGA seeks would be unfair, inefficient and prejudicial, and Mattel respectfully requests that the Court deny MGA's application in all respects.

DATED: May 13, 2009            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc.