# EXHIBIT G

I, Paul K. Meyer, declare as follows:

1. Counsel for MGA Entertainment, Inc. ("MGA") retained Navigant Consulting, Inc. ("NCI") to address certain economic issues arising out of the MGA Entertainment, Inc. v. Mattel, Inc., et al. matter. I previously provided testimony in the trial regarding damages. During the course of completing my previous work on this matter, I studied and familiarized myself with MGA's business systems and processes, financial reporting tools and accounting practices.

2. I am a Managing Director of NCI, an international business, economic, financial and damages consulting company that provides services to government agencies, corporations and counsel. NCI includes approximately 2,000 consulting professionals in over 45 offices throughout the United States, Canada, Europe and Asia.

3. I am a Certified Public Accountant, accredited in business valuation and a Certified Fraud Examiner. I am also a Consulting Professor at Stanford University in the Graduate School of Engineering, where I have been teaching a course covering accounting, quantitative methods and financial issues for over 15 years. I graduated from the University of Virginia in 1979 and am currently a member of the University's Advisory Board for the McIntire School of Commerce.

4. Prior to joining NCI in February 2004, I was co-founder and President of TUCKER ALAN INC. ("TUCKER ALAN"), a national business and litigation consulting firm with 13 offices and approximately 350 employees. Prior to founding TUCKER ALAN in July 1994, I was employed by Peterson Consulting, an international consulting firm. At Peterson Consulting, I held various positions including Executive Vice President and Member of the Board of Directors. Prior to joining Peterson Consulting in 1981, I worked for an international public accounting and consulting firm.

5. I am experienced in financial, economic, damage, valuation and accounting matters related to the scope of my work, analysis and study on this matter. I have analyzed and prepared numerous claims for lost profits, reasonable royalties, increased costs and other financial and economic impacts, including matters involving intellectual property misappropriation and infringement.

6. I have analyzed hundreds of business plans and forecasts. I have also analyzed hundreds of agreements relating to the licensing of intellectual property, determined reasonable royalty rates for the use of intellectual property, and valued intellectual property on numerous occasions. These matters have involved both litigation and non-litigation assignments. I have consulted on matters involving toys, games, rights of publicity and professional sports property licensing and merchandising.

7. On May 7, 2009, I filed a declaration assessing the reasonableness of MGA's financial forecasts and apportioned Bratz future profits to the intellectual property claimed by Mattel. This Declaration further describes the efforts performed by me and Navigant Consulting (under my direction) to assess the reasonableness of MGA's forecasts for Bratz.

8. In Exhibit 2 to my May 7, 2009 declaration, I identified financial documents including forecasting and budgeting detail that my team and I reviewed, analyzed and tested to assess the reasonableness of the Bratz projections. Navigant Consulting gathered this information from a variety of sources at MGA including finance, licensing, sales and marketing, and manufacturing and logistics. These documents included (1) global 2009 Bratz sales forecast which indicates 2009 Bratz sales by region, (2) global 2009 Bratz sales forecast by product which identifies MGA's expected sales in units and revenues for approximately 1,000 individual products (SKUs), (3) MGA's 2009 forecasting model to determine manufacturing costs for product sales, (4) Bratz 2009 licensing revenue budget containing licensing revenue forecasts, (5) Bratz 2009 profit and loss forecast which includes allocations for operating expenses, (6)

MGA's U.S. budget tracker which compares Bratz year to date sales forecasts to actual results by month and by retailer, (7) MGA's 2008 and 2009 forecast and budget, (8) MGA's 2008 comparison of budgeted financial results to actual financial results, and (9) MGA's consolidated financial statements for 2008 and early 2009.

9. Navigant Consulting reviewed, compared, analyzed and tested these documents to assess the reasonableness of the Bratz 2009 forecast and budget. In connection with this effort, Navigant Consulting sought access to MGA personnel involved with different aspects the forecasting and budgeting process, including MGA personnel from finance, licensing, sales and marketing, and manufacturing and logistics. Navigant Consulting spoke with Larry Falcon, John Woolard, Brian Wing, Lisa Tonnu, Steve Shultz, Pamela Keller and Spencer Woodman. In addition to these individuals, other MGA employees were involved with the forecasting and budgeting process and provided information reviewed in connection with my May 7, 2009 declaration, including Rodney Lazar, David Richter and others.

10. Prior to filing my May 7, 2009 declaration, the Navigant Consulting team devoted considerable efforts to analyze issues relevant to my assessment of the Bratz forecasts. My past efforts relevant to the opinions expressed in my May 7, 2009 declaration include (1) gaining an overall understanding of MGA's business processes and systems, financial report tools and accounting practices, (2) studying the sales, expenses and profits for MGA and the Bratz product line, including a detailed review of thousands of general ledger accounts and sales for thousands of individual Bratz products, (3) evaluating marketplace demand for fashion dolls and related products, including industry research and analysis of Mattel sales and marketing surveys, and (4) analyzing MGA's contributions to the Bratz product line that generated sales and profits. During the course of my work on the Bratz litigation, I filed three expert reports (including preparation of thousands of pages of analyses and work papers), submitted two declarations,

provided two depositions and offered expert testimony at trial. Navigant Consulting personnel have spent approximately 7,000 hours in connection with the Bratz litigation, analyzed tens of thousands of pages of documents and data and reviewed the depositions of over 20 individuals including MGA personnel, Mattel personnel and experts retained by both parties.

11. Based on analyzing and testing the MGA and Bratz budgeting and forecasting data, discussions with MGA personnel, and our past experience with this litigation, I conclude that MGA's forecasted Bratz profits for 2009 and 2010 are reasonable.

12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 14, 2009, in San Francisco, California.

_____
PAUL K. MEYER