Patricia L. Glaser, State Bar No. 055668
Pglaser@glaserweil.com
Joel N. Klevens, State Bar No. 045446
Jklevens@glaserweil.com
GLASER, WEIL, FINK, JACOBS,
  HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  310-553-3000
Facsimile:  310-556-2920

Russell J. Frackman, State Bar No. 049087
rjf@msk.com
MITCHELL, SILBERBERG & KNUPP, LLP
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone:  310-312-2000
Facsimile:  310-312-3100

Attorneys for the MGA Parties For Phase Two

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx)<br>Consolidated with Case No. 04-09059 and Case No. 05-02727<br><br>**Hon. Stephen J. Larson**<br><br>**MGA PARTIES' EVIDENTIARY OBJECTIONS TO SUPPLEMENTAL DECLARATION OF SCOTT B. KIDMAN FILED WITH MATTEL'S REPLY IN SUPPORT OF ITS MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 11 REGARDING MOTION OF MATTEL, INC. TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA**<br><br>**Hearing Date:  May 18, 2009**<br>**Time:  1:45 p.m.**<br>**Place:  Courtroom 1**<br><br>**Discovery Cut-off:  Dec. 11, 2009**<br>**Pre-trial Conference:  March 1, 2009**<br>**Trial Date:  March 23, 2010** |

676966

**MGA PARTIES' EVIDENTIARY OBJECTIONS TO SUPP. KIDMAN DECLARATION**

## I. PRELIMINARY STATEMENT

The MGA Parties hereby object to new evidence that Mattel, Inc. ("Mattel") improperly seeks to submit in the Supplemental Declaration of Scott B. Kidman ("Supplemental Kidman Declaration") filed with Mattel's Reply in Support of its Motion Objecting to Portions of Discovery Master Order No. 11 Regarding Motion of Mattel, Inc. to Compel Depositions of Pablo Vargas and Mariana Trueba ("Reply"). Specifically, Mattel submits a newspaper article, attached as Exhibit 1 to the Supplemental Kidman Declaration, purportedly from the April 29, 2009 edition of the Mexican publication *El Economista* (the "News Article"), which should be disregarded on evidentiary grounds for the following reasons.

## II. MGA PARTIES' EVIDENTIARY OBJECTIONS TO SUPPLEMENTAL KIDMAN DECLARATION, ¶ 2, EXH. 1.

Supplemental Kidman Declaration, ¶ 2: "Attached hereto as Exhibit 1 is a true and correct copy of a newspaper article from the April 29, 2009 edition of the Mexican Newspaper El Economista, and a true and correct certified English translation of that article."

First, the MGA Parties' objections to the News Article are proper because the Court should not consider evidence that was not presented to the Discovery Master in denying Mattel's Motion to Compel Depositions of Pablo Vargas and Mariana Trueba. In reviewing the magistrate judge's order for factual error on a non-dispositive matter pursuant to Federal Rule of Civil Procedure ("Rule") 72(a), "the district court is limited to the record that the magistrate judge had before her in the proceeding below." *Estate of Gonzales v. Hickman*, 2007 U.S. Dist. LEXIS 83702, *10, *19 n.15 (C.D. Cal. Apr. 13, 2007) (refusing to consider "new facts that were not presented to the magistrate judge"). As a matter of law, in considering a party's motion for reconsideration under Rule 72(a), like here, this Court is limited to the factual record before the Discovery Master:

1  This Court's function, on a motion for review of a magistrate judge's
2  discovery orders, is not to decide what decision this Court would have
3  reached on its own, nor to determine what is the best possible result
4  considering all available evidence. It is to decide whether the
5  Magistrate Judge, based on the evidence and information before him,
6  rendered a decision that was clearly erroneous or contrary to law."

*Paramount Pictures Corp. v. Replay TV*, 2002 U.S. Dist. LEXIS 28126, *1 (CD. Cal. May 30, 2002) (holding that parties objecting to a magistrate judge's order may not present affidavits containing evidence not presented to the Magistrate Judge); *see also United States v. Howell*, 231 F.3d 615 (9th Cir. 2000) (holding that district court did not abuse discretion in refusing to consider new evidence on a motion for review of a magistrate judge's discovery order).

Second, the Court should not consider the News Article submitted by Mattel because Mattel improperly introduces these purported "facts" for the first time in its Reply. "Issues raised for the first time in the reply brief are waived." *Ghotra v. Holder*, 2009 WL 1112777, *1 (9th. Cir. 2009) (citing *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996)); *Creative Science Systems, Inc. v. Forex Capital Markets, LLC*, 2006 WL 305963, *2 (N.D. Cal. 2006) ("it is improper for a moving party to introduce new facts in its reply brief other than those presented in its moving papers"). "Parties are required to raise all of their arguments in their opening brief to prevent 'sandbagging' of other non-moving party and to provide opposing counsel the chance to respond. *Hamilton v. Willms*, 2007 WL 2558615, *11 (E.D. Cal. 2007) (citing *Corson and Gruman Co. v. N.L.R.B.*, 899 F.2d 47, 50 (D.C.Cir. 1990)). Accordingly, Mattel should not be allowed to present new "facts" for the first time in its Reply.

Third, the News Article should be rejected as inadmissible and unreliable hearsay. Fed. R. Evid. 801(c); *Drew v. Equifax Information Services, LLC*, 2009 WL 595459, *5 (N.D. Cal. 2009) ("The news reporter's statement that plaintiff contacted

1  the CRAs is inadmissible hearsay and cannot be considered in support of plaintiff's
2  motion"); *Johnson v. Poway Unified School Dist.*, 2008 WL 5657801, *1 (S.D. Cal.
3  2008) (denying request for judicial notice because internet newspaper articles "have
4  been held inadmissible hearsay as to their content"). Mattel presents the News Article
5  to support its contention that "MGA Mexico has recently terminated all of its
6  employees *except* Vargas, Trueba, and Gustavo Machado." (Reply, 3:21-4:1.) The
7  News Article is inadmissible hearsay because it is offered by Mattel to prove the truth
8  of the matters asserted therein. *See* Fed. R. Evid. 801(c).

9  Fourth, both the Supplemental Kidman Declaration and the News Article lack
10 foundation for the matters asserted. The declarant, Scott Kidman, does not lay any
11 foundation for the matters set forth in the News Article and neither does the News
12 Article itself. *See* Fed. R. Evid. 602.

13 For the foregoing reasons, the MGA Parties respectfully request that the Court
14 sustain the MGA Parties' evidentiary objections to the Supplemental Kidman
15 Declaration filed with Mattel's Reply.

Dated: May 15, 2009

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS
  HOWARD & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP


By: /s/ Amman Khan
    Amman Khan
    Phase Two Attorneys for the MGA Parties