```
 1  THOMAS J. NOLAN (Bar No. 66992)
    (tnolan@skadden.com)
 2  JASON D. RUSSELL (Bar No. 169219)
    (jrussell@skadden.com)
 3  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    300 South Grand Avenue, Suite 3400
 4  Los Angeles, CA  90071-3144
    Tel.: (213) 687-5000
 5  Fax: (213) 687-5600
 6  Attorneys for Counter-Defendants,
    MGA ENTERTAINMENT, INC., ISAAC LARIAN,
 7  and MGA ENTERTAINMENT (HK) LIMITED
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | Honorable Stephen G. Larson |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | MGA PARTIES' OBJECTIONS TO DECLARATION OF CAROL A. SCOTT |
| and Consolidated Cases | |

**GENERAL OBJECTIONS**

1. In support of its Opposition to the MGA Parties' Motion to Stay Pending Appeal, Mattel has filed the Declaration of Carol A. Scott ("Scott Decl."). The opinions offered in that declaration are defective in two respects: Ms. Scott lacks foundation and is not qualified to testify about Bratz or MGA.

2. First, Ms. Scott lacks foundation and is not qualified to testify about Bratz. The bulk of Ms. Scott's declaration purports to offer expert opinions about Bratz; indeed, paragraphs 6, 7, 8, 10, 12, 13, 14, 18, and 19 focus on a variety of issues relating to Bratz, including in particular, MGA's branding efforts as respects Bratz.

This Court has already ruled that Ms. Scott may not offer an opinion about Bratz. As the Court remarked, "[b]ut be that as it may, I do have serious concerns about her understanding of the Bratz products, the Bratz-related products, for her to testify as to specifics about that." (Trial Tr. at 5256:1-7.)

The Court's decision was well-founded. To be admissible, expert opinions must be based on sufficient facts or data. Fed R. Evid. 702(1). Thus, "an expert's testimony is inadmissible if it is based upon suppositions rather than facts." 4 Weinstein's Federal Evidence § 702.05[2][b]; see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800-01 (6th Cir. 2000) ("expert's conclusions regarding causation must have a basis in established fact and cannot be premised on mere suppositions"); accord General Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997) ("[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert."); Lanphere Enters., Inc. v. Jiffy Lube Int'l, Inc., 138 Fed. Appx. 20, 22 (9th Cir. June 1, 2005), citing General Elec., 522 U.S. at 146 ("The court need not admit an expert opinion that is connected to the underlying data 'only by the ipse dixit of the expert.'"); Domingo v. T.K., 289 F.3d 600, 607 (9th Cir. 2002) ("A trial court may exclude evidence when it finds that 'there is simply too great an analytical gap between the data and the opinion proffered.'"). Of course, an expert that "eschews rigorous methodology" in favor of prior "experience" or "training" must still base her opinions on

1 sufficient facts and data. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999); Fed R. Evid. 702(1).

Ms. Scott has not conducted a review of the Bratz line since the Phase 1 trial. Her report suggests that she has read some articles, most of which have nothing to do with Bratz, reviewed five financial schedules and a handful of pleadings and declarations filed in connection with MGA's pending Motion to Stay Pending Appeal. (May 13, 2008 Scott Declaration at Ex. 3.) But she has not reviewed any depositions or trial testimony since this Court determined that Ms. Scott did not have a sufficient basis to offer an opinion about the Bratz doll line. Accordingly, the Court should strike paragraphs 6, 7, 8, 10, 12, 13, 14, 18, and 19 from Ms. Scott's declaration.

3.  Second, Ms. Scott lacks foundation and is not qualified to testify about MGA. Ms. Scott reports that her review has been limited to publicly available documents (most of which have nothing to do with MGA), two MGA documents and the declarations and pleadings filed by MGA in connection with its Motion to Stay Pending. (See Scott May 13, 2009 Declaration Ex. 3.) It does not appear that Ms. Scott reviewed any trial testimony or MGA depositions in preparation for her work on her recent declaration. (Id.) Thus, it is apparent that Ms. Scott has not undertaken any serious effort to learn more about MGA since August 2008.

Simply put, Ms. Scott has no basis to offer any opinion about MGA or Bratz. Fed R. Evid. 702(1); McLean, 224 F.3d at 800-01; General Elec. Co., 522 U.S. at 146; Lanphere Enters., Inc., 138 Fed. Appx. at 22; Domingo, 289 F.3d at 607; Kumho Tire, 526 U.S. at 152. Accordingly, the Court should strike paragraphs 10, 12, 13, and 18 from Ms. Scott's declaration.

DATED: May 15, 2009     SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/ Thomas J. Nolan_____
Thomas J. Nolan
Attorneys for the MGA Parties