QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>**MATTEL, INC.'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION TO STRIKE THE WOOLARD, FALCON, PEMBLETON AND THIRD-PARTY DECLARATIONS IN SUPPORT OF THE MGA PARTIES' REQUEST FOR STAY**<br><br>Hearing Date:  May 18, 2009<br>Time:  2:00 p.m.<br>Place:  Courtroom 1 |

07975/2934873.3

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT ............................................................................................................1

I. THE DECLARATIONS ARE SPECULATIVE, UNRELIABLE AND IMPROPER OPINION TESTIMONY ............................................................1

    A. The Declarants' Conclusions Lack Proper Foundation ..........................1

    B. The Declarants Are "Expert[s] In Lay Witness Clothing" ....................3

II. THE DECLARATIONS ARE REPEATS OF PREVIOUS DECLARATIONS WHICH CONTAINED PREDICTIONS THAT HAVE BEEN PROVED WRONG ...............................................................3

III. THERE IS NOTHING PROCEDURALLY IMPROPER ABOUT THE EX PARTE ................................................................................................4

CONCLUSION .........................................................................................................5

# TABLE OF AUTHORITIES

Page

## Cases

K.W. Plastics v. United States Can Co.,
  131 F. Supp. 2d 1265 (M.D. Ala. 2001) ............................................................... 2

Lightning Lube, Inc. v. Witco Corp.,
  4 F.3d 1153 (3d Cir. 1993) ............................................................................... 1, 2

Nationwide Transp. Fin. v. Cass Info. Sys., Inc.,
  2006 WL 5242377 (D. Nev. 2006) ............................................................. 1, 2, 4

Pfingston v. Ronan Engineering Co,
  284 F.3d 999 (9th Cir. 2002) ............................................................................... 4

Stuart v. UNUM Life Ins. Co. of America,
  217 F.3d 1145 (9th Cir. 2000) ............................................................................. 2

United States v. Thompson,
  559 F.2d 552 (9th Cir. 1977) ............................................................................... 2

## Statutes

Fed. R. Evid. 701 .................................................................................................... 3

Fed. R. Evid. 702 .................................................................................................... 3

07975/2934873.3

-ii-

REPLY IN SUPPORT OF MOTION TO STRIKE

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

MGA claims that its declarants have laid a proper foundation for their testimony because they recite their positions and job responsibilities. But the applicable case law establishes that a witness making statements about the ramifications of complex business transactions must do more than recite a job title; the witness has to demonstrate why he or she would have personal knowledge of the facts testified to. MGA's declarants fail to do this.

Additionally, MGA's declarants, who in many cases repeat verbatim statements they made 6 months ago, fail to take into account the current state of the facts. Previously, the declarants warned that a stay was necessary to ensure MGA's survival. Now, even though MGA is massively insolvent, the declarants make precisely the same statements as in their prior declarations. They not only fail to acknowledge those facts, but do not even reveal whether they know of them. Clearly, MGA has submitted "cookie cutter" declarations, and the declarations' recitation of the same, outdated statements only further demonstrates that the declarations are speculative, unreliable and unsupported and should be stricken.

## Argument

**I. THE DECLARATIONS ARE SPECULATIVE, UNRELIABLE AND IMPROPER OPINION TESTIMONY**

### A. The Declarants' Conclusions Lack Proper Foundation

Citing <u>Lightning Lube, Inc. v. Witco Corp.</u> and <u>Nationwide Transport Finance v. Cass Info. Sys., Inc.</u>, MGA claims that a business owner may "opine on damages because the witness had personal knowledge by virtue of his participation

-1-

07975/2934873.3

REPLY IN SUPPORT OF MOTION TO STRIKE

in day-to-day business affairs."[1] (Opp. at 6.) <u>Lightning Lube</u> actually held that an officer or owner of a company may offer a damages report as a lay witness "only if he has personal knowledge of the components and materials of the report; and either (1) helped prepare the report based on personal knowledge; or (2) the contents of the report are admissible themselves." <u>Nationwide Transp. Fin. v. Cass Info. Sys., Inc.</u>, 2006 WL 5242377, at *6 (D. Nev. 2006) (quoting <u>K.W. Plastics v. United States Can Co.</u>, 131 F. Supp. 2d 1265, 1273 (M.D. Ala. 2001) (citing <u>Lightning Lube, Inc. v. Witco Corp.</u>, 4 F.3d 1153, 1175 (3d Cir. 1993)). "In other words, the owner or officer has to have personal knowledge of the information underlying the calculations and how that information is combined to achieve the bottom line." <u>Id.</u> (internal quotes and citations omitted).

Unlike the witness in <u>Lightning Lube</u>, MGA's declarants have not introduced documentation or data of any kind to support their sweeping conclusions. In fact, none of the declarants except one have even attempted to quantify the purported harm an injunction would cause them. Such testimony does not meet the standards for personal knowledge explained in <u>Nationwide Transport</u> and <u>Lightning Lube</u> and should be stricken for lack of foundation.

---

[1] MGA cites <u>Stuart v. UNUM Life Ins. Co of America</u> and <u>U.S. v. Thompson</u> for the same proposition, but neither of these cases indicate that position or job responsibilities are sufficient foundation for expert-like predictions of complex future events. They establish only that position or job responsibilities provide sufficient foundation for testimony regarding normal business procedures. <u>Stuart v. UNUM Life Ins. Co of America</u>, 217 F.3d 1145, 1154-1155 (9th Cir. 2000) (Vice President of Corporate Services and former Director of Human Resources has sufficient personal knowledge to testify that his employer contributes directly to its employee insurance plan; <u>United States v. Thompson</u>, 559 F.2d 552, 554 (9th Cir.1977) (restaurant manager may testify about normal company procedures for issuing receipts to customers).

### B. The Declarants Are "Expert[s] In Lay Witness Clothing"

Federal Rule of Evidence 701 provides that lay opinion is admissible only if it is "not based on scientific, technical or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). This Rule aims to prevent "expert [opinion] in lay witness clothing." Nationwide Transport, 2006 WL 5242377 at *5 (quoting Fed. R. Evid. 702, Advisory Committee Notes for 2000 Amendments). Where, however, opinion is based on "scientific, technical or other specialized knowledge," it may be admitted only if "the testimony is based on sufficient facts or data…." Fed. R. Evid. 702.

The Declarations fail to satisfy the criteria of Rule 701. They offer opinions about future events based on technical and specialized knowledge, but fail to provide any facts or data (not to mention "sufficient facts or data to support their conclusions."). The Declarations are rendered even more unreliable by their failure to account for significant facts, such as MGA's insolvency and the possibility that the temporary receivership could become permanent. As explained in Mattel's Ex Parte Application, both of these factors should have a material effect on the declarants' opinions, yet none of the declarants even mention them.

## II. THE DECLARATIONS ARE REPEATS OF PREVIOUS DECLARATIONS WHICH CONTAINED PREDICTIONS THAT HAVE BEEN PROVED WRONG

Notwithstanding the current state of the facts, as MGA admits, the Declarations filed in support of its most recent Application for Stay Pending Appeal bear a striking resemblance to the declarations MGA filed in December in support of its first Application for Stay Pending Appeal. (Opp. at 19). In support of its first stay motion, MGA claimed that its survival depended on a stay, and it submitted a series of declarations so claiming. But, in spite of obtaining the stay, MGA has been

in a downward financial spiral. Its sales are plummeting,[2] and the evidence -- including MGA's own proffered expert -- suggests that its customers are discontinuing Bratz and will not place any Bratz orders for the second half of 2009.[3] Now, MGA has submitted declarations with the same vague, unsubstantiated assertions that MGA needs a stay in order to survive, without any mention or recognition of these events. Because the Declarations do not take into account the relevant facts, they should be stricken. Cf. Nationwide, 2006 WL 5242377 at *6 (personal knowledge of components of profit projections required for witness to testify about the projections).

### III. THERE IS NOTHING PROCEDURALLY IMPROPER ABOUT THE EX PARTE

As before, MGA asserts that Mattel's submission of both evidentiary objections and a motion to strike is procedurally improper. The case that MGA relies upon, Pfingston v. Ronan Engieering Co., does not support MGA's position. Pfingston holds that, in order to preserve an objection for appeal, a party must file either objections or a motion to strike. Pfingston v. Ronan Engineering Co., 284 F.3d 999, 1003 (9th Cir. 2002). Nowhere does Pfingston indicate that it is improper to file both objections and a motion to strike.

Moreover, contrary to MGA's assertion, Mattel's objections and motion to strike are not duplicative. The objections set out point by point the flaws in MGA's declarations for the convenience of the Court, while the motion to strike seeks relief that the objections do not, namely that the declarations be stricken. Given the distinct roles of the objections and the motion to strike, it is simply illogical that there would be anything procedurally improper with filing both.

---

[2] Ex Parte Application at 4, n. 9.
[3] Ex Parte Application at 11, n. 36.

## Conclusion

For all of the foregoing reasons, Mattel respectfully requests that the Ex Parte Declarations be stricken.

DATED: May 18, 2009         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Marshall M. Searcy
   Marshall M. Searcy III
   Attorneys for Mattel, Inc.