```
 1                    UNITED STATES DISTRICT COURT
 2                   CENTRAL DISTRICT OF CALIFORNIA
 3                          EASTERN DIVISION
 4                              - - -
 5        HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING
 6                              - - -
 7  MATTEL, INC.,                    )
                                     )
 8                   Plaintiff,      )
                                     )
 9            vs.                    )  No. CV 04-09049
                                     )
10  MGA ENTERTAINMENT, inc., et. Al.,)  trial day 23
                                     )  JURY DELIBERATIONS
11                   Defendants.     )  Pages 5015-5026
    _____)
12  AND CONSOLIDATED ACTIONS,        )
                                     )
13  _____)
14
15       REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS
16                      RIVERSIDE, California
17                      FRIDAY, JULY 11, 2008
18                      10:30 A.M. - 2:49 P.M.
19
20
21
22
23             THERESA A. LANZA, RPR, CSR
                FEDERAL Official Court Reporter
24              3470 12th Street, Rm. 134
                RIVERSIDE, California  92501
25                   951-274-0844
                  WWW.THERESALANZA.COM
```

```
 1  APPEARANCES:

 2
    On behalf of MATTEL, INC.:
 3
                        QUINN EMANUEL
 4                      By:  WILLIAM PRICE
                             JON COREY
 5                            MICHAEL T. ZELLER
                        865 S. FIGUEROA STREET,
 6                      10TH FLOOR
                        LOS ANGELES, California  90017
 7                      213-624-7707

 8

 9  ON BEHALF OF MGA ENTERTAINMENT:

10                      SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                        BY:   THOMAS J. NOLAN
11                            Lauren aguiar
                              Carl roth
12                      300 SOUTH GRAND AVENUE
                        LOS ANGELES, CALIFORNIA  90071-3144
13                      213-687-5000

14

15

16

17

18

19

20

21

22

23

24

25
```

FRIDAY, JULY 11, 2008                           TRIAL DAY 23, JURY DELIBERATIONS

```
 1                          I N D E X

 2                                                          Page

 3   JURY DELIBERATIONS............................    5018
```

5018

1      RIVERSIDE, CALIFORNIA; FRIDAY, JULY 11, 2008; 10:30 A.M.
2                               -oOo-
3           (OUTSIDE OF THE PRESENCE OF THE JURY.)
4           **The CLERK:** CALLING CASE NUMBER CV-04-09049-SGL,
5    MATTEL, INC., V. MGA, INC., ET AL.
6           MAY WE HAVE COUNSEL PLEASE COME FORWARD AND STATE
7    YOUR APPEARANCES FOR THE RECORD.
8           **MR. PRICE:** BILL PRICE, JON COREY.
9           **MR. NOLAN:** TOM NOLAN, LAUREN AGUIAR, FOR MGA.
10          **THE COURT:** The COURT HAS RECEIVED TWO NOTES THIS
11   MORNING FROM THE JURY -- NOTE NUMBERs 14 AND 15; I DON'T
12   UNDERSTAND IT -- IN ANY EVENT, WE'RE GOING TO NUMBER THEM NEXT
13   IN ORDER.  The FIRST IS THAT THE JURY HAS VOTED CHRIS BLAZER,
14   JUROR NUMBER FOUR, AS THE FOREPERSON.  I WASN'T GOING TO BOTHER
15   YOU WITH THAT ONE, BUT THE SECOND ONE I WANT TO RUN BY YOU
16   BEFORE I RESPOND TO IT.
17          THE SECOND ONE WAS HANDED -- WAS NOT SIGNED BUT
18   HANDED TO MR. HOLMES BY JUROR NUMBER SEVEN, Ms. DOME.  THIS IS
19   THE JUROR WHO HAD FOOD POISONING.  SHE ASKS: "MAY I USE THE
20   LIGHT BOX FOR MY NOTE READING?"  AND THEN SHE PUTS IN
21   PARENTHESIS "(WRITTEN IN MIRROR IMAGE)."
22          IT THREW ME FOR A LOOP, BUT APPARENTLY SHE SUFFERS
23   FROM A FORM OF DYSLEXIA IN WHICH, WHEN SHE WRITES, SHE WRITES
24   BACKWARDS; AND THE ONLY WAY THAT SHE CAN READ HER NOTES IS BY
25   LITERALLY HOLDING THEM UP TO A MIRROR, OR, AS WE SAW

|   |   |   |
|---|---|---|
| 1 | DEMONSTRATED IN THE TRIAL WITH THE RAINY DAY RASCALS, THE | |
| 2 | MIRROR IMAGE ON THE LIGHT BOX ACTUALLY ALLOWS HER TO READ THE | |
| 3 | PAPER BY TURNING IT UPSIDE DOWN IN THE LIGHT BOX, AND IT | |
| 4 | APPEARS THROUGH THE LIGHT BOX, I GUESS, ON THE RIGHT SIDE. | |
| 5 |      I WASN'T GOING TO SEND THE LIGHT TRACER BACK TO THE | 10:31 |
| 6 | JURY UNLESS THEY REQUESTED IT, BECAUSE I DON'T WANT THEM DOING | |
| 7 | ANY EXPERIMENTING OR ANYTHING THAT COUNSEL IS NOT AWARE OF; IF | |
| 8 | WE WERE GOING TO DO ANY DEMONSTRATIONS, I WANTED TO HAVE THIS | |
| 9 | IN THE COURTROOM.  BUT SHE'S ASKED FOR THIS TO HELP HER READ | |
| 10 | HER NOTES. | 10:32 |
| 11 | **MS. AGUIAR:**  OF COURSE; THAT'S FINE. | |
| 12 | **MR. NOLAN:**  WE HAVE NO OBJECTION, OBVIOUSLY, TO THAT | |
| 13 | PROCESS TO ASSIST HER IN READING HER NOTES. | |
| 14 | **MR. PRICE:**  WE HAVE NO OBJECTION IF IT'S USED FOR | |
| 15 | THAT PURPOSE, BUT I THINK THE COURT SHOULD TELL THE JURY IT'S | 10:32 |
| 16 | NOT TO BE USED FOR ANY OTHER PURPOSE. | |
| 17 | **THE COURT:**  SO THE COURT'S RESPONSE WILL BE SOMETHING | |
| 18 | TO THE EFFECT OF -- HOW DO YOU PHRASE THAT? | |
| 19 | **MR. NOLAN:**  YOUR HONOR, THEY HAVE NOT ASKED TO -- NO | |
| 20 | ONE HAS INQUIRED OF THAT.  I THINK TO ANTICIPATE AN ISSUE AND | 10:32 |
| 21 | INSTRUCT THEM BEFORE THEY EVEN RAISE SOMETHING WOULD BE | |
| 22 | INAPPROPRIATE. | |
| 23 |      WE WOULD OBJECT TO THAT, YOUR HONOR.  WE THINK THE | |
| 24 | QUESTION WAS STRAIGHTFORWARD WITH THE NOTE AND THAT SHE SHOULD | |
| 25 | BE ALLOwED TO USE THAT IF IT FACILITATES HER READING THE NOTES. | 10:33 |

FRIDAY, JULY 11, 2008                                          TRIAL DAY 23, JURY DELIBERATIONS

```
 1  THIS IS AN HONEST AND CAREFUL JURY, AND...
 2           THE COURT:  THERE'S A PLACE FOR THE COURT'S RESPONSE.
 3  I COULD PUT SIMPLY "YOU MAY USE IT FOR YOUR NOTE READING."
 4           MR. NOLAN:  THAT WOULD BE PERFECT.
 5           THANK YOU, YOUR HONOR.                                        10:33
 6           MR. PRICE:  THAT'S FINE, YOUR HONOR.
 7           THE COURT:  "YOU MAY USE THE LIGHT BOX FOR YOUR NOTE
 8  READING."
 9           I'LL SEND THIS BACK TO THE JURY.  I'LL HAVE
10  MR. HOLMES MAKE COPIES OF BOTH NOTES.                                 10:33
11           THAT'S ALL FOR NOW.
12           THE CLERK:  COURT IS IN RECESS.
13           (WHEREUPON, RECESS HELD.)
14           THE CLERK:  RECALLING THE MATTER OF CASE NUMBER
15  CV04-09049-SGL, MATTEL, INC., V. MGA, INC., ET AL., OUTSIDE OF        11:51
16  THE PRESENCE OF THE JURY.
17           THE COURT:  WE HAVE MR. PRICE AND MS. AGUIAR HERE.
18           THE COURT HAS RECEIVED JURY NOTE NUMBER 13:
19           QUESTION FROM VERDICT FORM:  "CAN YOU CLARIFY THE
20  TERM 'CONCEIVED OR REDUCED TO PRACTICE'?  DOES THIS TERM REFER        11:51
21  TO ONLY THE CREATION OF THE DRAWINGS, OR DOES IT REFER TO
22  CREATION OF A 3-D MODEL?"
23           THAT IS THE QUESTION.
24           MR. HOLMES, IF YOU WOULD PASS THIS OUT.
25           I'LL GIVE YOU MY INITIAL SENSE, AND THEN I'LL HEAR           11:52
```

1  FROM YOU.
2         MY SENSE WOULD BE TO SIMPLY TELL THE JURY TO PLEASE
3  SEE JURY INSTRUCTION NUMBER 21, PERIOD, WHICH I BELIEVE
4  ADDRESSES THIS VERY ISSUE.  THAT'S MY INCLINATION.
5         **MR. PRICE:**  YOUR HONOR, IF I COULD COMMENT.                  11:54
6         I THINK THE CONFUSION MIGHT BE BECAUSE OF QUESTION
7  FOUR, WHICH SPECIFICALLY TALKS ABOUT 'CONCEIVED OR REDUCED TO
8  PRACTICE' TWO ITEMS WHICH ARE NOT DRAWINGS.
9         THE JURY INSTRUCTION SAYS "IDEAS, CONCEPTS, DRAWINGS,
10 DESIGNS AND OTHER WORKS."  IT COULD BE THAT'S WHAT THE           11:54
11 CONFUSION IS.
12        I THINK IT WOULD BE APPROPRIATE TO SAY THAT FOR THE
13 FIRST THREE QUESTIONS, THIS IS REFERRING TO THE DRAWINGS AND
14 THE FOURTH QUESTION IS REFERRING TO THE ITEMS IN THE FOURTH
15 QUESTION, WHICH ARE 3-D MODELS.                                  11:54
16        **THE COURT:**  YES.  I READ IT THE SAME WAY YOU DID,
17 MR. PRICE.  BUT I THINK THE WORD 'WORK' -- CLEARLY, A 3-D MODEL
18 OR A SCULPT IS CLEARLY A WORK; THAT'S FLUSHED OUT IN THE
19 INSTRUCTION, BUT MAYBE YOU'RE CORRECT.
20        **MR. PRICE:**  I WOULD THINK SO.  BUT THE FACT THEY      11:55
21 ASKED THE QUESTION INDICATES THAT THEY ARE NOT SURE; SO RATHER
22 THAN HAVING THEM DEBATE THAT, SINCE WE KNOW IT DOES REFER TO
23 3-D AS WELL.
24        **THE COURT:**  THEY SEEM TO UNDERSTAND THAT THE TERM
25 APPLIES TO THE FIRST THREE QUESTIONS TO THE SERIES OF DRAWINGS   11:55

FRIDAY, JULY 11, 2008                           TRIAL DAY 23, JURY DELIBERATIONS

```
 1  THAT ARE IN EACH ONE, AND THEY DO SEEM TO BE HELD UP WHEN YOU
 2  GET TO THE 3-D MODELS, TRIAL EXHIBIT 1136 AND THE 3-D ITEM
 3  PRESENTED AT THE PITCH MEETING.
 4            MR. PRICE:  SO I THINK IT'S FAIR TO CLARIFY FOR THEM
 5  THAT QUESTIONS ONE THROUGH THREE REFER TO 'CONCEIVED OR REDUCED      11:55
 6  TO PRACTICE' REFERS TO DRAWINGS, AND QUESTION FOUR, 'CONCEIVED
 7  OR REDUCED TO PRACTICE' REFERS TO THE WORKS LISTED, OR THE 3-D
 8  MODELS LISTED.
 9            THE COURT:  MAYBE THE ANSWER IS SIMPLY 'YES' TO THEIR
10  QUESTION.                                                            11:55
11            "DOES THIS TERM REFER TO ONLY THE" -- NO -- "OR DOES
12  IT REFER TO CREATION OF A 3-D MODEL?"
13            IT MAY REFER TO BOTH.
14            MR. PRICE:  THAT WOULD BE BETTER.
15            THAT'S BEEN MY FEAR IS SOMEONE IS GOING TO THINK IT        11:56
16  ONLY REFERS TO THAT, GIVEN THE STRUCTURE OF THE QUESTION.
17            THE COURT:  "THE TERM MAY REFER TO BOTH."
18            MR. PRICE:  YES.  THAT SOUNDS FINE TO US.
19            THE COURT:  MGA?
20            MR. NOLAN:  THAT'S FINE WITH US.                           11:56
21            THE COURT:  "THE TERM MAY REFER TO BOTH."
22            MS. AGUIAR:  YES.
23            THE COURT:  THEY USE THE SINGULAR, BUT I THINK IT
24  SHOULD BE "THE TERMS MAY REFER TO BOTH."
25            WHAT ABOUT ADDING "SEE JURY INSTRUCTION NUMBER 21,"        11:56
```

1  OR IS THAT NOT NECESSARY?

2  **MR. NOLAN:** I DON'T THINK IT'S NECESSARY.

3  **THE COURT:** "THE TERMS MAY REFER TO BOTH."

4  OKAY. IF THAT'S AGREED, THAT'S WHAT I'LL SEND BACK.

5  HEARING NO OPPOSITION, MR. HOLMES, IF YOU WOULD COPY    11:57

6  THAT FOR THE LAWYERS AND RETURN THIS TO THE JURY.

7  COURT IS IN RECESS.

8  (WHEREUPON A RECESS WAS HELD.)

9  (HEARING HELD OUTSIDE THE PRESENCE OF THE JURORS: )

10 **THE COURT:** WE'RE BACK ON THE RECORD WITH COUNSEL    02:44

11 PRESENT, OUTSIDE OF THE PRESENCE OF THE JURY.

12 WE'VE RECEIVED TWO NOTES; ONE WAS STRICTLY

13 INFORMATIVE, INDICATING THAT FOR THE WEEK OF JULY 14TH THROUGH

14 THE 18TH, WE WILL NOT MEET ON MONDAY; WE WILL MEET TUESDAY,

15 WEDNESDAY, THURSDAY, AND FRIDAY. NOTE TIME CHANGE: 9:00 A.M.    02:44

16 UNTIL 4:00 P.M. WE FURTHER WISH TO STOP AT 4 O'CLOCK TODAY."

17 SO ESSENTIALLY ALL THAT HAS CHANGED IS THE TIMING

18 9:00 TO 4:00, TUESDAY THROUGH FRIDAY.

19 THE OTHER NOTE HAS TWO PARTS. ONE: "CAN WE REVIEW

20 CERTAIN TRANSCRIPTS FROM TRIAL TESTIMONY?" AND THEN THE SECOND    02:45

21 PART IS "CAN YOU LOCATE FOR US A 6-FOOT EXTENSION CORD FOR

22 LIGHT BOX?" WHICH THE COURT WILL TRY TO LOCATE.

23 BUT THE ONE THAT I WANT TO ADDRESS WITH COUNSEL IS

24 THE FIRST ONE, "CAN WE REVIEW CERTAIN TRANSCRIPTS FROM TRIAL

25 TESTIMONY?"    02:45

FRIDAY, JULY 11, 2008                                    TRIAL DAY 23, JURY DELIBERATIONS

```
 1            THE COURT HAS ALREADY INSTRUCTED THE JURY, AND I'LL
 2   INSTRUCT THEM AGAIN, THAT "TRANSCRIPTS ARE NOT AVAILABLE FOR
 3   REVIEW IN THE JURY ROOM; YOU SHOULD RELY ON YOUR MEMORY."
 4            I SUPPOSE I COULD FURTHER INSTRUCT THEM THAT "IF A
 5   PARTICULAR TESTIMONY IS ESSENTIAL TO YOUR DELIBERATIONS, WE CAN      02:45
 6   RECONVENE COURT TO HEAR IT."
 7            I CERTAINLY DON'T WANT TO ENCOURAGE THAT, AND I AM
 8   PARTICULARLY CONCERNED -- THIS IS A GENERAL QUESTION, NOT A
 9   PARTICULAR QUESTION.
10            LET ME HEAR FROM COUNSEL ON THIS.                           02:45
11            **MR. NOLAN:**  YOUR HONOR, IF THE COURT HAD ALREADY
12   WRITTEN THAT OUT OR IF THAT WAS OFF THE TOP OF YOUR HEAD, THAT
13   WAS PRETTY GOOD.
14            **THE COURT:**  OKAY.
15            **MR. NOLAN:**  BECAUSE I THINK YOU'RE RIGHT.  WE'VE ALL    02:46
16   BEEN HERE, AND YOU CAN GO DOWN A SLIPPERY SLOPE HERE WITH A LOT
17   OF READBACKS.  AND I THOUGHT THE WAY YOU ARTICULATED IT WITH
18   RESPECT TO 'IF YOU HAVE A SPECIFIC QUESTION WITH RESPECT TO
19   PARTICULAR TESTIMONY,' THAT MIGHT BE AVAILABLE, BUT THEY NEED
20   TO LIMIT IT OR DEFINE IT.                                            02:46
21            **THE COURT:**  AND THAT WE'D HAVE TO RECONVENE COURT TO
22   HEAR IT; SO IT'S NOT -- I'M SURE THEY HAVE SEEN HOW THE
23   TRANSCRIPTS HAVE COME AND GONE THROUGHOUT THIS WHOLE PROCESS;
24   YOU'VE BEEN ABLE TO INSTANTANEOUSLY, THANKS TO OUR TECH PEOPLE,
25   BEEN ABLE TO BRING THESE UP.                                         02:46
```

```
 1            MR. NOLAN:  WE WERE ABLE TO PUT THEM ON THE SCREEN
 2   REAL QUICK.
 3            THE COURT:  I SUPPOSE THIS IS THE DOWNSIDE OF THAT.
 4            MR. PRICE:  I GUESS, BECAUSE OF THAT, I'M A LITTLE
 5   BIT WARY OF TELLING THEM THE TRANSCRIPTS AREN'T AVAILABLE,       02:46
 6   BECAUSE THEY ARE; WE HAVE BOTH USED THEM.  I DON'T WANT TO
 7   UNDERMINE --
 8            THE COURT:  WHAT I'M SAYING IS 'TRANSCRIPTS ARE NOT
 9   AVAILABLE FOR REVIEW IN THE JURY ROOM' IS HOW I WOULD PHRASE
10   IT.  THAT'S HOW THE INSTRUCTION I GAVE THEM IS.  I'M NOT GOING   02:47
11   TO SEND THE TRANSCRIPTS BACK INTO THE JURY ROOM.
12            MR. PRICE:  I THINK WHAT YOU SAID OFF THE TOP OF YOUR
13   HEAD IS PRETTY GOOD.
14            THE COURT:  LET ME WRITE THAT OUT, THEN.
15            "TRANSCRIPTs ARE NOT AVAILABLE FOR REVIEW IN THE JURY   02:47
16   ROOM.  YOU SHOULD RELY ON YOUR MEMORY.  IF PARTICULAR TESTIMONy
17   IS ESSENTIAL TO YOUR DELIBERATIONS, WE CAN RECONVENE THE COURT
18   SO THAT YOU CAN HEAR IT."
19            AGREED?
20            MR. NOLAN:  TO HEAR IT OR TO HAVE IT REREAD?            02:49
21            THE COURT:  HEAR IT FROM BEING READ.
22            MR. PRICE:  THAT'S FINE, YOUR HONOR.
23            THE COURT:  BOTH NOTES WILL BE COPIED AND the
24   ORIGINAL WILL BE SENT BACK TO THE JURY ROOM.
25            MR. HOLMES, DO WE HAVE AN EXTENSION CORD?               02:49
```

FRIDAY, JULY 11, 2008                        TRIAL DAY 23, JURY DELIBERATIONS

1        **THE CLERK:** YES.

2        **THE COURT:** AND EVERYONE IS AWARE OF the TIME; SO IN

3    ANOTHER HOUR AND TEN MINUTES, HAVE A GOOD WEEKEND.

4        **MR. NOLAN:** WE'RE GOING TO STAY HERE, YOUR HONOR.

5        **THE COURT:** FEEL FREE.                                    02:49

6        **THE CLERK:** The COURT STANDS IN RECESS.

7           (WHEREUPON A BRIEF RECESS WAS HELD.)

8            (CONCLUSION OF PROCEEDINGS.)

16                          CERTIFICATE

18   I hereby certify that pursuant to Section 753, Title 28, united
     states code, the foregoing is a true and correct transcript of
19   the stenographically recorded proceedings held in the above-
     entitled matter and that the transcript page format is in
20   conformance with the regulations of the judicial conference of
     the united states.

22   _____          _____
     THERESA A. LANZA, CSR, RPR                       Date
23   FEDERAL Official COURT Reporter