1           UNITED STATES DISTRICT COURT

2           CENTRAL DISTRICT OF CALIFORNIA

3                 EASTERN DIVISION

4                    - - -

5       HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                    - - -

7   MATTEL, INC.,                    )
                                     )
8                   Plaintiff,       )
                                     )
9            vs.                     )  No. CV 04-09049
                                     )
10  MGA ENTERTAINMENT, inc., et. Al., )  Trial Day 25
                                     )
11                  Defendants.      )  Pages 5044-5060
    _____ )
12  AND CONSOLIDATED ACTIONS,        )
    _____ )
13

14

15      REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

16              Riverside, California

17            Wednesday, July 16, 2008

18            12:27 P.M. - 12:47 P.M.

19

20

21

22

23          THERESA A. LANZA, RPR, CSR
          Federal Official Court Reporter
24           3470 12th Street, Rm. 134
           Riverside, California  92501
25              951-274-0844
             WWW.THERESALANZA.COM

```
 1   APPEARANCES:

 2
     On behalf of MATTEL, INC.:
 3
                         QUINN EMANUEL
 4                       By:  JOHN QUINN
                              JON COREY
 5                             MICHAEL T. ZELLER
                              HARRY OLIVAR
 6                             TIMOTHY ALGER
                              William price
 7                       865 S. FIGUEROA STREET,
                         10TH FLOOR
 8                       LOS ANGELES, California  90017
                         213-624-7707
 9


10
     ON BEHALF OF MGA ENTERTAINMENT:
11
                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
12                       BY:  THOMAS J. NOLAN
                              JASON RUSSELL
13                             RAOUL KENNEDY
                              Lauren aguiar
14                             Carl roth
                         300 SOUTH GRAND AVENUE
15                       LOS ANGELES, CALIFORNIA  90071-3144
                         213-687-5000
16

17

18

19

20

21

22

23

24

25
```

WEDNESDAY, JULY 16, 2008                         TRIAL DAY 25

1                           I N D E X

2                                                      Page

3    JURY DELIBERATIONS.............................   5047

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1          RIVERSIDE, CALIFORNIA; WEDNESDAY, JULY 16, 2008; 12:27 P.M.

 2                              -oOo-

 3               (THE CASE HAVING BEEN CALLED, THE

 4                FOLLOWING PROCEEDINGS WERE HELD

 5                OUTSIDE OF THE PRESENCE OF THE JURY:)          12:27

 6          MR. PRICE:  GOOD AFTERNOON, YOUR HONOR.

 7          BILL PRICE, MIKE ZELLER, FOR MATTEL.

 8          MR. NOLAN:  TOM NOLAN, LAUREN AGUILAR, ON BEHALF OF

 9   MGA.

10          THE COURT:  THE COURT HAS RECEIVED THE FOLLOWING     12:27

11   NOTE; IT'S A LONG ENOUGH NOTE.  WHY DON'T YOU PASS IT OUT.

12          I JUST MADE COPIES OF THE NOTE.

13          THE NOTE STATES AS FOLLOWS:

14          "ON JURY INSTRUCTION NUMBER 29, IT STATES,

15   'ISAAC LARIAN WRONGFULLY EXERCISED CONTROL OVER MATTEL'S    12:27

16   PROPERTY, INCLUDING TANGIBLE BRATZ-RELATED WORKS SUCH AS

17   MR. BRYANT'S DRAWINGS...'  DOES THIS QUESTION INCLUDE ALL OF

18   THE DRAWINGS?  DOES OUR RESPONSE POSSIBLY NEGATE THE SPECIFIC

19   LIST OF DRAWINGS AND WHO WE FEEL OWNS IT?"

20          I'LL HEAR FROM COUNSEL WHEN THEY ARE READY.          12:27

21          I'M TYPING UP WHAT I'M GOING TO PROPOSE, BUT I'LL

22   HEAR FROM YOU FIRST, IF YOU WOULD LIKE.

23          MR. PRICE:  I ALSO WANT TO HEAR YOUR THOUGHTS.

24          THE COURT:  ALL RIGHT.  VERY WELL.

25          I THINK THIS REQUIRES AN INSTRUCTION BACK, BECAUSE   12:27
```

```
 1   THIS IS NOT SOMETHING THAT I CAN REFER THEM BACK TO AN

 2   INSTRUCTION OR A QUESTION; SO I WAS GOING TO PROPOSE THE

 3   FOLLOWING:

 4        "IF YOU FIND THAT MATTEL HAS PROVEN BY A

 5   PREPONDERANCE OF THE EVIDENCE THAT ANY OF CARTER BRYANT'S      12:28

 6   TANGIBLE ITEMS IDENTIFIED IN QUESTIONS ONE THROUGH FOUR OF THE

 7   VERDICT FORM WERE 'CONCEIVED OR REDUCED TO PRACTICE,' THAT IS,

 8   CREATED DURING THE PERIOD IN WHICH HE WAS EMPLOYED BY MATTEL,

 9   JANUARY 4, 1999, TO OCTOBER 19, 2000" -- SO BASICALLY it's JUST

10   TRACKING THE LANGUAGE WE'VE ALREADY GIVEN THEM -- "THEN YOU     12:28

11   SHOULD FIND MATTEL HAS PROVEN THE FIRST ELEMENT OF THE CLAIM OF

12   CONVERSION."

13        "YOU SHOULD SEPARATELY CONSIDER THE SECOND, THIRD,

14   FOURTH, AND FIFTH ELEMENTS OF THAT CLAIM AS SET FORTH IN

15   INSTRUCTION NUMBER 29."                                        12:28

16        AND THEN, TO KIND OF ANSWER THIS QUESTION AT THE END,

17   I WAS GOING TO PUT "PLEASE DO NOT CONCERN YOURSELFs WITH WHAT

18   AFFECT THE ANSWER TO QUESTIONS 13 TO 15, THE CONVERSION

19   QUESTIONS, MAY HAVE ON YOUR FINDINGS AS TO ANY OTHER QUESTION

20   ON THE VERDICT FORM."                                          12:29

21        AND I SAY THAT SIMPLY BECAUSE WE'VE ALREADY DECIDED

22   AMONGST OURSELVES THAT ONE QUESTION DOES NOT AFFECT ANOTHER

23   QUESTION; AT LEAST NOT IN THAT WAY.

24        SO THAT'S HOW I AM PROPOSING TO ADDRESS THIS.

25        I'LL TYPE THIS UP, JUST SO WE DON'T HAVE TO READ MY       12:29
```

1    WRITING.

2         **MR. PRICE:**  I THINK YOUr DRAFT IS "IF YOU FIND THAT

3    MATTEL HAS PROVEN THAT ANY OF CARTER BRYANT'S TANGIBLE

4    ITEMS..." AND I THINK IT'S SUFFICIENT TO SAY "IF YOU FIND THAT

5    MATTEL HAS PROVEN THAT ANY OF THE ITEMS IN QUESTIONS ONE                 12:31

6    THROUGH FOUR" --

7         **THE COURT:**  ANY OF THE ITEMS...

8         **MR. PRICE.**  "...IN QUESTIONS ONE THROUGH FOUR..." AND

9    THEN CONTINUE WITH YOUR SUGGESTION.

10        **THE COURT:**  SO YOU WANT TO CHANGE THIS "IF YOU FIND           12:31

11   MATTEL, BY A PREPONDERANCE OF THE EVIDENCE, THAT" --

12        **MR. PRICE:**  "ANY OF THE ITEMS..."  BASICALLY

13   CONFORMING IT TO THE JURY VERDICT FORM AS IT EXISTS -- "IF YOU

14   FIND MATTEL HAS PROVEN THAT ANY OF THE ITEMS IDENTIFIED IN

15   QUESTIONS ONE THROUGH FOUR OF THE VERDICT FORM WERE 'CONCEIVED        12:32

16   OR REDUCED TO PRACTICE,' THAT IS, CREATED DURING THE PERIOD IN

17   WHICH CARTER BRYANT WAS EMPLOYED BY MATTEL..."

18        **THE COURT:**  NO.  IT WOULD HAVE TO HAVE THAT THEY WERE

19   "CONCEIVED OR REDUCED TO PRACTICE" BY CARTER BRYANT.

20        **MR. PRICE:**  YES.                                            12:32

21        **THE COURT:**  I SHORTENED THAT BY PUTTING "ANY OF

22   CARTER BRYANT'S TANGIBLE ITEMS IDENTIFIED IN QUESTIONS ONE

23   THROUGH FOUR..."

24        **MR. PRICE:**  THEN THAT ASSUMES THAT THEY ARE HIS

25   PROPERTY.                                                           12:32

```
 1              THE COURT:  I SEE THE PROBLEM.

 2              YOU'RE SUGGESTING "TANGIBLE ITEMS IDENTIFIED IN

 3    QUESTIONS ONE THROUGH FOUR OF THE VERDICT FORM THAT WERE

 4    'CONCEIVED OR REDUCED TO PRACTICE,' THAT IS, CREATED, BY

 5    CARTER BRYANT DURING THE PERIOD IN WHICH HE WAS EMPLOYED BY      12:32

 6    MATTEL."

 7              THAT'S WHAT WE WERE MISSING THERE.

 8              "ANY OF THE TANGIBLE ITEMS..."

 9              SO WHAT YOU ARE SAYING IS I ELIMINATE "CARTER BRYANT"

10    AND PUT "THE" BEFORE "TANGIBLE ITEMS."                          12:33

11              MR. PRICE:  YES.

12              THE COURT:  AND THEN PUT "BY CARTER BRYANT" AFTER THE

13    CREATED HYPHEN.

14              MR. PRICE:  YES.

15              THE COURT:  ANY OTHER SUGGESTIONS?                    12:33

16              MR. PRICE:  WITH THOSE CHANGES, YOUR HONOR, WE WOULD

17    BE FINE WITH THAT INSTRUCTION FROM THE COURT.

18              THE COURT:  VERY WELL.

19              MR. NOLAN?

20              MR. NOLAN:  WELL, YOUR HONOR, RESPECTFULLY, I DON'T    12:33

21    BELIEVE THIS ANSWERS THE JURY'S QUESTION, AND I THINK IT'S

22    HIGHLY SUGGESTIVE OF WHAT YOU MAY BELIEVE THAT THEY HAVE FOUND.

23              FOR INSTANCE, THE ONLY POSSIBLE FINDING THAT YOU'RE

24    MENTIONING HERE IS THAT MATTEL HAS PREVAILED ON QUESTIONS ONE

25    THROUGH FOUR, AND THEY WOULD HAVE SATISFIED THEIR FIRST         12:34
```

1  ELEMENT.

2          **THE COURT:**  WAIT A SECOND.

3          THE FIRST ELEMENT IS "THAT TANGIBLE PROPERTY WAS

4  'CONCEIVED OR REDUCED TO PRACTICE' BY CARTER BRYANT, ALONE OR

5  JOINTLY WITH OTHERS, DURING THE PERIOD OF TIME IN WHICH HE WAS    12:34

6  EMPLOYED."

7          THAT IS THE FIRST ELEMENT.

8          **MR. NOLAN:**  I AGREE WITH YOU.

9          THAT'S NOT THE ISSUE.

10         MY POINT IS, I WOULD SAY THAT THE SECOND PARAGRAPH         12:34

11  WOULD BE, CONVERSELY, "IF YOU FOUND THAT MATTEL HAS NOT PROVED

12  BY A PREPONDERANCE OF THE EVIDENCE THAT ANY OF THE TANGIBLE

13  ITEMS IDENTIFIED IN QUESTIONS ONE THROUGH FOUR OF THE VERDICT

14  FORM WERE 'CONCEIVED OR REDUCED TO PRACTICE,' THAT IS, CREATED,

15  DURING THE..." BLAH, BLAH, BLAH -- "THEN YOU SHOULD FIND THAT     12:34

16  MATTEL HAS NOT PROVEN THE FIRST ELEMENT OF THE CLAIM OF

17  CONVERSION."

18         **THE COURT:**  VERY GOOD.  I SEE WHAT YOU ARE SAYING.

19         **MR. NOLAN:**  ALL I'M TRYING TO DO IS FOR IT TO BE

20  BALANCED, YOUR HONOR.                                            12:35

21         **THE COURT:**  I SEE WHAT YOU'RE SAYING.

22         I THOUGHT THE "IF" AT THE BEGINNING MAKES IT CLEAR

23  THEY FIRST HAVE TO FIND THIS AND THAT THE BURDEN IS CLEARLY --

24  THAT'S WHY I ADDED THE 'PREPONDERANCE OF THE EVIDENCE'

25  LANGUAGE.  IT'S CLEAR THAT THE BURDEN IS STILL ON MATTEL TO       12:35

```
 1    PROVE ANYTHING AT ALL.

 2              MR. NOLAN:  I APPRECIATE THAT.  IT'S JUST THAT "IF"

 3    IS SUCH A SMALL WORD.

 4              THE COURT:  IT'S A SMALL WORD, BUT IT HAS A LOT OF

 5    POWER.                                                          12:35

 6              MR. NOLAN:  I KNOW.

 7              IT'S LIKE THE WORDS, WHAT DOES "THIS" MEAN?

 8              THE COURT:  SO THEN YOU WOULD JUST TRACK THE SAME

 9    LANGUAGE?

10              MR. NOLAN:  YES, YOUR HONOR.                          12:35

11              THE COURT:  "THEN YOU SHOULD FIND THAT MATTEL HAS NOT

12    PROVEN THE FIRST ELEMENT OF THE CLAIM OF CONVERSION."

13              MR. NOLAN:  CORRECT.

14              THE COURT:  THAT'S WHAT YOU ARE SUGGESTING?

15              MR. NOLAN:  RIGHT.                                    12:35

16              THEN THE LAST PARAGRAPH, "DO NOT CONCERN YOURSELVES

17    WITH THE AFFECT OF THE ANSWERS TO QUESTIONS 13 THROUGH 15 OF

18    THE VERDICT FORM MAY HAVE ON YOUR FINDINGS AS TO ANY OTHER

19    QUESTION ON THE VERDICT FORM."

20              ALTHOUGH I BELIEVE THAT'S TECHNICALLY CORRECT.  I DO  12:36

21    THINK, THOUGH, THAT THERE IS -- AND WE ALL AGREE TO THIS --

22    THAT THERE'S A SEPARATENESS, IF YOU WOULD, BETWEEN THE STATE

23    TORT CLAIMS AND THE QUESTIONS ONE THROUGH FOUR, AND SO I WOULD

24    TRY TO DRAW THE DISTINCTION AND MAYBE --

25              THE COURT:  THERE IS THAT SEPARATENESS.               12:36
```

1        I THINK THIS IS A VERY INTELLIGENT NOTE FROM THE JURY

2    IN MANY RESPECTS, BECAUSE THEY ALSO SEE THE CONNECTEDNESS OF

3    QUESTIONS ONE THROUGH FOUR AND THIS PARTICULAR STATE CLAIM.

4        **MR. NOLAN:**  AND SO WHAT I WOULD RECOMMEND, YOUR

5    HONOR, IS THAT THIS IS ONE TIME WHERE WE ANSWER THE QUESTION    12:36

6    SPECIFICALLY AND SAY "DOES THIS QUESTION INCLUDE ALL OF THE

7    DRAWINGS?"  AND I WOULD SAY "YOUR RESPONSE OR YOUR FINDINGS

8    WITH RESPECT TO QUESTION" -- WHATEVER THE QUESTION IS, I DON'T

9    HAVE IT IN FRONT OF ME -- "DOES NOT NEGATE THE SPECIFIC LIST OF

10    DRAWINGS."    12:37

11        **THE COURT:**  THAT DOESN'T MAKE ANY SENSE.

12        WHAT DO YOU MEAN, 'DOES NOT NEGATE THE SPECIFIC LIST

13    OF DRAWINGS?'

14        **MR. NOLAN:**  HERE'S WHAT MAY VERY WELL BE HAPPENING

15    HERE, AND THIS IS JUST A HYPOTHETICAL -- AND I ALWAYS CHOOSE    12:37

16    THE OPTIMISTIC SIDE OF THIS -- LET'S SAY THEY HAVE FOUND THAT

17    THE FIRST BUCKET, THE 1998 DRAWINGS, WERE IN FACT DONE IN 1998

18    AND CARTER BRYANT, MGA, OWNS THEM.  AND LIKEWISE, THE 1999

19    DRAWINGS, THEY HAVE CONCLUDED, BASED ON THE EVIDENCE, THAT THEY

20    WERE DONE WHILE AT MATTEL.    12:37

21        NOW THE QUESTION THAT THEY ARE ASKING WHEN THEY COME

22    TO THIS -- AND IT'S A RATHER INTELLIGENT QUESTION -- IS WHETHER

23    OR NOT BY NOW SAYING, GEE, WE THINK THAT HE DID, MGA DID,

24    POSSESS THE 1999 DRAWINGS.  BUT IF THEY MAKE THAT FINDING, DOES

25    THIS NEGATE THEIR FINDING WITH RESPECT TO HOW THEY ANSWER THAT    12:38

```
 1   FIRST BUCKET?

 2         THE COURT:  HOW COULD THEY BE CONSISTENT IF THAT WERE

 3   THE CASE?  HOW COULD THEY CONSISTENTLY FIND THAT CARTER BRYANT

 4   DID NOT DO THE DRAWINGS IN 1999 FOR PURPOSES OF QUESTIONS ONE

 5   THROUGH FOUR -- AND WHEN WE SAY 'DRAWINGS,' WE'RE TALKING ABOUT     12:38

 6   THE DRAWINGS AND/OR THE SCULPTS -- AND, IN RESPONSE TO

 7   INSTRUCTION NUMBER 29 THE CONVERSION CLAIMS, FIND THAT HE DID

 8   DO THEM?  THAT WOULD BE AN INCONSISTENT VERDICT.

 9         MR. NOLAN:  I APOLOGIZE.

10         THAT THEY FOUND FOR BUCKET TWO, YES, HE DID THEM            12:38

11   WHILE HE WAS EMPLOYED AT MATTEL.

12         THE COURT:  OKAY.

13         MR. NOLAN:  SO THAT ANSWER AND THE ANSWER TO THE NEXT

14   QUESTION REGARDING THE TORT CLAIM WOULD BE CONSISTENT; THAT MGA

15   WOULD HAVE CONVERTED THOSE DRAWINGS.                              12:38

16         THE COURT:  RIGHT.  BUT WE'RE STILL -- ALL I'M TRYING

17   TO TELL THE JURY AT THIS POINT IS THAT WHATEVER YOU DETERMINE

18   ON VERDICT FORM QUESTIONS 13 AND 15, THAT DOES NOT AFFECT YOUR

19   FINDINGS TO ANY OTHER QUESTIONS.  THESE ARE ALL TO BE VIEWED

20   SEPARATELY.                                                      12:39

21         MR. NOLAN:  AND MS. AGUIAR HAS A GOOD SUGGESTION.

22   MAYBE RATHER THAN SAYING "DO NOT CONCERN YOURSELVES WITH WHAT

23   THE AFFECT OF THE ANSWERS TO QUESTIONS 13 AND 15 MIGHT BE."  TO

24   MERELY STATE THE AFFIRMATIVE; THAT IS, THAT YOUR ANSWER TO

25   QUESTIONS NUMBER 13 THROUGH 15 OF THE VERDICT FORM WILL NOT       12:39
```

1    NEGATE YOUR FINDINGS WITH RESPECT TO QUESTIONS ONE THROUGH

2    FOUR.

3            THE COURT:  "YOUR ANSWERS TO QUESTIONS 13 THROUGH 15

4    OF THE VERDICT FORM" --

5            MR. NOLAN:  "WILL NOT NEGATE..."                    12:39

6            THE COURT:  "YOUR FINDINGS ON ANY OTHER QUESTIONS ON

7    THE VERDICT FORM."

8            MR. NOLAN:  I THINK THAT CLARIFIES ANY POTENTIAL

9    CONFUSION AND GIVES THEM A LITTLE MORE GUIDANCE.

10           THE COURT:  I'LL HEAR FROM MATTEL ON BOTH            12:40

11   SUGGESTIONS.

12           MR. PRICE:  WITH RESPECT TO THE SUGGESTION ADDING THE

13   ADDITIONAL PARAGRAPH, THAT MAY END UP CONFUSING THE JURY,

14   BECAUSE THE QUESTION IS "DOES THIS QUESTION INVOLVE ALL OF THE

15   DRAWINGS?"  AND YOU'RE SIMPLY SAYING 'NO, IT'S ANY OF THEM.  IF  12:40

16   ANY OF THE DRAWINGS WERE CREATED DURING THIS TIME FRAME BY

17   MATTEL, SHOULD YOU FIND MATTEL AS PROVING THE FIRST ELEMENT?'

18   SO I DON'T THINK THAT SECOND PARAGRAPH IS NECESSARY BECAUSE IT

19   DOESN'T ANSWER THEY QUESTION.

20           THE COURT:  THAT'S NOT REALLY MR. NOLAN'S OBJECTION.   12:40

21           WHAT HIS OBJECTION IS IS I THINK HE RECOGNIZES THAT

22   THE COURT'S FIRST QUESTION DOES ADDRESS THE QUESTION, BUT THAT

23   IT DOES SO IN A WAY THAT TIPS THE BALANCE IN THE WAY THAT THE

24   INSTRUCTION IS WRITTEN IN FAVOR OF MATTEL BY ONLY PROVIDING A

25   SCENARIO BY WHICH THEY WOULD FIND FOR MATTEL.                 12:40

```
 1            I DON'T KNOW IF I AGREE WITH THAT BECAUSE OF THE WORD
 2    "IF" AND "THE PREPONDERANCE OF THE EVIDENCE" BEING THERE, BUT I
 3    THINK THAT'S HIS ARGUMENT.
 4            MR. PRICE:  IF THAT'S HIS ARGUMENT, I THINK --
 5    OBVIOUSLY, THE JURY INSTRUCTIONS OFTEN SAY 'IF YOU FIND THIS,     12:41
 6    YOU THEN HAVE TO GO TO THE NEXT ELEMENT.'  THAT'S ALL YOU'RE
 7    SAYING.
 8            SO I THINK IT'S UNNECESSARY AND IT MIGHT BE
 9    CONFUSING, BECAUSE THEY MIGHT BE WONDERING, WELL...
10            THE COURT:  WHAT ABOUT THE SUGGESTION ON THE THIRD        12:41
11    PARAGRAPH, MS. AGUILAR'S SUGGESTION?
12            MR. PRICE:  I HAVE NO PROBLEM WITH THAT.  I THINK
13    THAT'S MORE DIRECTLY --
14            THE COURT:  "YOUR ANSWER TO QUESTIONS 13 THROUGH 15
15    OF THE VERDICT FORM WILL NOT NEGATE YOUR FINDINGS AS TO ANY       12:41
16    OTHER QUESTION ON THE VERDICT FORM."
17            MR. PRICE:  YES.
18            THE COURT:  I THINK THAT'S GOOD TOO.
19            MR. NOLAN:  YOUR HONOR, IS IT NECESSARY TO HAVE THE
20    REFERENCE TO 'TANGIBLE'?  COULD WE JUST SAY 'THE ITEMS            12:42
21    IDENTIFIED IN QUESTIONS ONE THROUGH FOUR'?
22            THAT MIGHT ELIMINATE SOME OF THE CONFUSION.
23            THE COURT:  TAKE OUT THE WORD WHAT?  'TANGIBLE'?
24            MR. NOLAN:  WHEN YOU SAY STRIKE CARTER BRYANT, AND
25    THEN I THINK IT HAS TANGIBLE ITEMS IDENTIFIED IN QUESTIONS ONE    12:42
```

```
 1   THROUGH FOUR, AND WE WERE THINKING JUST STRIKING TANGIBLE.

 2        THE COURT:  THE REASON I'M DOING THAT IS BECAUSE IT'S

 3   A CONVERSION CLAIM.  THIS WAS SOMETHING YOU WERE PRESSING --

 4   ACTUALLY, MR. RUSSEL WAS PRESSING -- MIGHTILY DURING OUR

 5   CHARGING INSTRUCTIONS, FOR THE COURT TO MAKE CLEAR THAT THESE    12:42

 6   ARE JUST THE TANGIBLE ITEMS THEMSELVES THAT ARE THE SUBJECT.

 7        MR. NOLAN:  I UNDERSTAND.

 8        I'M GETTING SUGGESTIONS FROM MS. AGUIAR AND

 9   MR. RUSSEL, AND THEY ARE USUALLY GOOD; SO I'LL SIT DOWN.

10        THE COURT:  FOLLOW THEIR DIRECTION, COUNSEL.              12:42

11        MR. NOLAN:  I'LL SIT DOWN.

12        THE COURT:  OKAY.  THIS IS WHAT THE COURT IS GOING TO

13   PROVIDE TO THE JURY:

14        "IF YOU FIND THAT MATTEL HAS PROVEN BY A

15   PREPONDERANCE OF THE EVIDENCE THAT ANY OF THE TANGIBLE ITEMS    12:43

16   IDENTIFIED IN QUESTIONS ONE THROUGH FOUR OF THE VERDICT FORM

17   WERE 'CONCEIVED OR REDUCED TO PRACTICE,' -- THAT IS, CREATED --

18   BY CARTER BRYANT DURING THE PERIOD IN WHICH HE WAS EMPLOYED BY

19   MATTEL (JANUARY 4, 1999 TO OCTOBER 19TH, 2000), THEN YOU SHOULD

20   FIND THAT MATTEL HAS PROVEN THE FIRST ELEMENT OF THE CLAIM OF    12:44

21   CONVERSION."

22        "YOU SHOULD SEPARATELY CONSIDER THE SECOND, THIRD,

23   FOURTH, AND FIFTH ELEMENTS OF THAT CLAIM AS SET FORTH IN

24   INSTRUCTION NUMBER 29.  YOUR ANSWER TO QUESTIONS 13 THROUGH 15

25   OF THE VERDICT FORM WILL NOT NEGATE YOUR FINDING ON ANY OTHER    12:44
```

```
1    QUESTION ON THE VERDICT FORM."

2             ANY OBJECTION FROM MATTEL?

3         MR. PRICE:  NO OBJECTION, YOUR HONOR.

4         THE COURT:  ANY OBJECTION FROM MGA?

5         MR. NOLAN:  YOUR HONOR, WE BELIEVE THAT THE --        12:44

6         THE COURT:  I UNDERSTAND YOU WANT THAT ADDITIONAL

7    PARAGRAPH.  I'VE DECIDED NOT TO GIVE IT.

8         MR. NOLAN:  I APPRECIATE THAT.

9             THEN, YOUR HONOR, I WOULD ASK THAT THE LEAD-IN

10   PARAGRAPH, RATHER THAN SAYING 'IF,' WOULD SAY 'ONLY IF YOU FIND    12:44

11   THAT MATTEL HAS PROVEN BY A PREPONDERANCE OF THE EVIDENCE...'

12        THE COURT:  THANK YOU, COUNSEL.

13            ANYTHING ELSE?

14            VERY WELL.

15            SO WHAT SHALL I CALL THIS?  SUPPLEMENTAL INSTRUCTION    12:45

16   NUMBER ONE?

17        MR. PRICE:  THAT'S FINE.

18        MR. NOLAN:  THAT'S FINE.

19        THE COURT:  THEY WILL BE PRINTED OUT IN CHAMBERS.

20   I'LL HAVE COPIES PROVIDED TO BOTH COUNSEL AND ONE COPY WILL GO    12:45

21   BACK TO THE JURY.

22            YES?

23        MR. NOLAN:  ONE QUESTION, MORE FROM A MECHANICAL

24   POINT OF VIEW.

25            I'M WONDERING WHETHER OR NOT THE COURT HAS AN IDEA,    12:46
```

```
1   IF THE VERDICT COMES IN IN THE NEXT COUPLE OF DAYS, WILL THE
2   COURT HOLD IT FOR MORE THAN TEN MINUTES?  THE CLIENTS ARE
3   ASKING IN TERMS OF HAVING THEM ASSEMBLED HERE.  WOULD THE COURT
4   ENTERTAIN HOLDING THE VERDICT FOR AN HOUR?
5           WHAT'S THE COURT'S PRACTICE IN THAT REGARD?                12:46
6       THE COURT:  AN HOUR IS PROBABLY TOO LONG.  TEN
7   MINUTES, I RECOGNIZE, IS TOO SHORT.
8           SAY, HALF AN HOUR?
9       MR. NOLAN:  THANK YOU.
10      THE COURT:  LET ME KNOW IF A CLIENT IS ALMOST HERE OR    12:46
11  SOMETHING LIKE THAT, AND I'LL CERTAINLY ACCOMMODATE A CLIENT.
12          MR. NOLAN:  I APPRECIATE THAT, YOUR HONOR.
13          THE COURT:  OR A PARTICULAR ATTORNEY.
14          THERE WAS A MOTION THAT YOU ARE SEEKING LEAVE TO
15  FILE; IS THAT CORRECT?  AM I MISTAKEN ON THAT?                    12:46
16          MS. AGUIAR:  YOU'RE REFERRING TO THE MOTION REGARDING
17  THE SUPPLEMENTAL EXPERT REPORT, OR ARE YOU TALKING ABOUT THE
18  MOTION WE WANTED TO FILE AFTER THE VERDICT?
19          THE COURT:  THOSE ARE THE ONLY TWO I'M AWARE OF.
20          IS THERE ANOTHER MOTION?                                  12:46
21          MS. AGUIAR:  TO MY KNOWLEDGE, NO, BUT I CAN CHECK AND
22  GET BACK TO YOU AFTER LUNCH.
23          THE COURT:  LET ME KNOW, BECAUSE I'M AWARE OF THE
24  SUPPLEMENTAL EXPERT REPORT.  I SAW A DECLARATION THAT DIDN'T
25  MAKE SENSE; IT DIDN'T SEEM TO APPLY TO EITHER OF THOSE TWO       12:47
```

1   MOTIONS; THERE SEEMED TO BE YET A THIRD MOTION.

2            **MR. NOLAN:**  IF WE COULD LOOK AT IT, IF MR. HOLMES

3   COULD SHOW IT TO US, WE COULD IDENTIFY IT FOR THE COURT.

4            **THE COURT:**  VERY GOOD.

5            ARE YOU TRYING TO SET A HEARING ON A MOTION?                    12:47

6            **MR. NOLAN:**  NO.  WE'RE TRYING TO BEHAVE.  I SWEAR.

7            **THE COURT:**  FINE.

8            IF YOU'RE NOT TRYING TO SET A HEARING, I'M NOT GOING

9   TO SET A HEARING.

10           WE'RE IN RECESS, THEN.                                          12:47

11           (WHEREUPON A BRIEF RECESS WAS HELD.)

12           (CONCLUSION OF PROCEEDINGS.)

13

14

15

16

17                          CERTIFICATE

18

19   I hereby certify that pursuant to section 753, title 28, united
     states code, the foregoing is a true and correct transcript of
20   the stenographically recorded proceedings held in the above-
     entitled matter and that the transcript page format is in
21   conformance with the regulations of the judicial conference of
     the united states.

22

23   _____          _____

     THERESA A. LANZA, CSR, RPR                      Date
24   FEDERAL Official COURT Reporter

25

WEDNESDAY, JULY 16, 2008                         TRIAL DAY 25