1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10                          EASTERN DIVISION
11

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>       Plaintiff,<br><br>     vs.<br><br>MATTEL, INC., a Delaware corporation,,<br><br>       Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>[~~PROPOSED~~] REQUEST FOR JUDICIAL ASSISTANCE (LETTER OF REQUEST) BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |

# TABLE OF CONTENTS

**Page**

I.      NATURE OF PROCEEDINGS ................................................................. 2

    A.   Names and Addresses of the Parties and Their Representatives ............ 2

    B.   Nature and Purpose of the Proceedings and Summary of the Alleged Facts ........................................................................................ 2

        1.   Procedural Background ................................................................ 2

        2.   Knowledge of Person to be Examined ........................................ 4

            (a)   Janine Brisbois .................................................................. 4

            (b)   MGA Entertainment Canada ............................................. 6

II.     CANADIAN EVIDENCE SOUGHT .................................................... 6

    A.   Janine Brisbois ................................................................................... 7

    B.   MGA Entertainment Canada's Person Most Knowledgeable ............... 9

        1.   Subject Matter About Which The Deponents Are To Be Examined ................................................................................... 10

        2.   Special Methods or Procedures to be Followed ........................ 10

        3.   Fees and Costs .......................................................................... 10

        4.   Conclusion ................................................................................ 10

III.    REQUEST FOR JUDICIAL ASSISTANCE ..................................... 11

IV.     RECIPROCITY ................................................................................. 14

V.      CONCLUSION .................................................................................. 14

SCHEDULE A ........................................................................................... 15

SCHEDULE B ........................................................................................... 16

SCHEDULE C ........................................................................................... 20

SCHEDULE D ........................................................................................... 21

SCHEDULE E ............................................................................................ 25

-i-

**TO THE ONTARIO SUPERIOR COURT OF JUSTICE:**

The United States District Court for the Central District of California presents its compliments to the Ontario Superior Court of Justice, and requests international judicial assistance to obtain the following: (1) the production of documents and oral examination, under oath, from Janine Brisbois, as set forth in Schedule B and C, respectively; (2) the production of documents from MGA Entertainment Canada, as set forth in Schedule D; and (3) the oral examination, under oath, from MGA Entertainment Canada on the topics set forth in Schedule E.

This request is made pursuant to 28 U.S.C. § 1781 and the Canada Evidence Act, Revised Statutes of Canada, 1970, c. E-10.  This Court, the United States District Court for the Central District of  California, Eastern Division, is a competent court of law and equity which properly has jurisdiction over this proceeding, and has the power to compel the attendance of witnesses and production of documents both within and outside its jurisdiction.  On information and belief, Ms. Brisbois resides in Canada.  The testimony of Ms. Brisbois and the production of documents by her is intended for use at trial.  Further, on information and belief, the person most knowledgeable on the topics set forth in Schedule E is employed by MGA Entertainment Canada and resides in Ontario, Canada.  The testimony of this witness and the production of documents by MGA Canada is intended for use at trial.

This request is made with the understanding that it will in no way require the person described below to commit any offense, nor will it require the person described below to undergo a broader form of inquiry than they would if the litigation were conducted in Canada.  In the proper exercise of its authority, this Court has determined that the testimony of Janine Brisbois on the topics set forth in Schedule C and the documents described in Schedule B can not be secured except by the intervention of the Ontario Superior Court of Justice.  This Court has further determined that the testimony of the person most knowledgeable on the topics set

1

forth in Schedule E and the documents described in Schedule D can not be secured except by intervention of the Ontario Superior Court of Justice.

## I.   NATURE OF PROCEEDINGS

### A.   Names and Addresses of the Parties and Their Representatives

The evidence requested relates to the action entitled Bryant v. Mattel, Inc., Case No. CV 04-9049 SGL (RNBx), which consists of three actions that have been consolidated before the requesting judicial authority:  Mattel, Inc. v. Bryant, Case No. CV 04-9049 SGL (RNBx) (the "Bryant Case"); Bryant v. Mattel, Inc., Case No. CV 04-9049 SGL (RNBx) (the "Declaratory Relief Case"), and MGA v. Mattel, Inc., Case No. CV05-2727 SGL (RNBx) (the "Unfair Competition Case"). The parties and their representatives are listed in Schedule A attached hereto.  The applicant for this letter of request is defendant and cross-plaintiff Mattel, Inc. ("Mattel").

### B.   Nature and Purpose of the Proceedings and Summary of the Alleged Facts

#### 1.   Procedural Background

Mattel's Original Complaint.  Mattel learned in November 2003 that Carter Bryant, a former Mattel doll designer, had contracted to provide and provided services to MGA Entertainment, Inc. while he was a Mattel employee.  Mattel originally filed suit against Bryant for breach of contract, breach of fiduciary duty, breach of the duty of loyalty, unjust enrichment and conversion in April 2004.  In its Complaint, Mattel alleged its claim to ownership of all inventions and works created by Bryant during his Mattel employment and seeks to recover all benefits obtained as a result of his breach of duties.  As of January 2005, Bryant claimed he had earned more than $10 million from his relationship with MGA.  MGA intervened in Mattel's case against Bryant in December 2004 to defend the rights it claims in the Bratz properties, which Bryant created while, Mattel alleges, he was a Mattel doll designer.

1    <u>Bryant's Counterclaims</u>.  Bryant initially challenged the assignment

2    provisions in the Inventions Agreement between he and Mattel in four

3    Counterclaims, alleging unconscionability, mistake, duress, fraud, Labor Code

4    violations, Business and Professions Code violations, unfair competition and other

5    claims.  Bryant sought rescission of the Inventions Agreement and a declaration that

6    the Inventions Agreement is unenforceable.  The Court dismissed all of Bryant's

7    Counterclaims in an 18-page Order.  The Court rejected Bryant's arguments that the

8    Inventions Agreement is not enforceable, holding that, even construing Bryant's

9    allegations in the light most favorable to him, "Bryant cannot prove any set of facts

10   in support of the claims that would entitle him to relief."

11       In addition to his Counterclaims, Bryant sued Mattel in November 2004 for a

12   declaratory judgment that he had not infringed the copyrights in a Mattel project

13   known as "Toon Teens."  Like his Counterclaims, the Court dismissed Bryant's

14   declaratory judgment complaint on the pleadings.

15       <u>Consolidation</u>.  After the Court lifted a discovery stay imposed while the

16   Ninth Circuit Court of Appeal resolved an appeal regarding subject matter

17   jurisdiction issues, the Court consolidated Mattel's case against Bryant, Bryant's

18   declaratory relief case and a case that MGA had filed against Mattel alleging trade

19   dress infringement, delusion and unfair competition, among others, for all purposes.

20       <u>Mattel's Second Amended Counterclaims</u>.  Mattel filed its Second Amended

21   Answer and Counterclaims on July 12, 2007, asserting thirteen counterclaims

22   against six named defendants, MGA Entertainment, Inc., Isaac Larian, MGA

23   Entertainment (HK) Ltd., MGAE de Mexico S.R.L. de C.V., Carlos Gustavo

24   Machado Gomez, and Carter Bryant.  Mattel's counterclaims included claims for

25   copyright infringement, misappropriation of trade secrets, violation of and

26   conspiracy to violate the Racketeer Influenced and Corrupt Organizations ("RICO")

27   Act, breach of contract, intentional interference with contract, breach of fiduciary

28   duty, aiding and abetting breach of fiduciary duty, breach of duty of loyalty, aiding

1  and abetting breach of duty of loyalty, conversion, unfair competition, and

2  declaratory relief.

3      In its Second Amended Counterclaims, Mattel alleges that MGA and other

4  defendants have engaged in the systematic theft of Mattel's trade secrets, which

5  MGA used to unfairly compete against Mattel.[1]  It is alleged that MGA hired

6  directly from Mattel at least 25 employees, ranging from the Senior Vice-President

7  level to lower level employees.[2]  Mattel further alleged that MGA specifically

8  targeted and recruited many of these employees based on the Mattel confidential and

9  proprietary information the Mattel employees could access and bring to MGA.[3]

10 Janine Brisbois was one of these Mattel employees.

11          **2.    Knowledge of Person to be Examined**

12              **(a)    Janine Brisbois**

13      Mattel has alleged that Janine Brisbois was one of the principal actors in

14 MGA's scheme to steal and profit from Mattel's trade secrets and confidential and

15 proprietary information.  MGA recruited Janine Brisbois in 2005.  In 2005,

16 Ms. Brisbois was a Director of Sales for Mattel's Girls Division in Canada and

17 responsible for Mattel's accounts with Toys 'R Us and Wal-Mart.[4]  When

18 Ms. Brisbois joined MGA Entertainment Canada, MGA gave her responsibility for

19 those same accounts.[5]

20      Mattel alleges that Ms. Brisbois spoke with Isaac Larian, the President and

21 CEO of MGA, prior to her departure from Mattel, and four days before she

22 resigned, copied approximately 45 Mattel documents containing Mattel proprietary

23

24      [1]   The allegations set forth in this section are from Mattel's Second Amended

25 Counterclaims dated July 12, 2007.  Id. at ¶ 37.

26      [2]   Id. at ¶ 77.

      [3]   Id.

27      [4]   Id. at ¶ 71.

      [5]   Id. at ¶ 73.

28

advertising, project, sales, customer and strategy information (for both Canada and the United States) onto a USB drive.[6]  While Ms. Brisbois was working as a Vice President of Sales at MGA Entertainment Canada, Brisbois accessed and used a number of these Mattel documents.[7]  Mattel further alleges that Ms. Brisbois and MGA subsequently used these stolen trade secrets to improperly benefit MGA Entertainment, Inc., including its management of MGA's Toys 'R Us and Wal-Mart accounts.[8]  Ms. Brisbois' testimony regarding her participation in this alleged scheme with MGA and anyone acting on MGA's behalf is, therefore, both relevant to and essential for Mattel's prosecution of its Counterclaims.[9]

Mattel's document requests also seek highly relevant documents.  Mattel requests documents containing communications between Ms. Brisbois and MGA prior to her resignation from Mattel.  Such documents will prove that Ms. Brisbois, acting in concert with MGA, planned and subsequently stole Mattel's trade secret, or otherwise confidential and propriety information.  These documents are also relevant and necessary to support Mattel's Counterclaims for misappropriation of trade secrets, among others.[10]  Similarly, documents regarding Mattel's proprietary information received by MGA from Ms. Brisbois (either directly or indirectly) will show the same and such documents are necessary in order for Mattel to adequately prosecute its Counterclaims.

Mattel has previously sought to depose Ms. Brisbois.  Mattel noticed her deposition and requested, through MGA's counsel, that she voluntarily appear for

---

[6]  Id. at ¶ 74.
[7]  Id. at ¶¶ 70-76.
[8]  Id. at ¶ 97.
[9]  Id. at ¶¶ 88-97; 98-105, 106-115.
[10]  Id. at ¶¶ 88-97; 98-105, 106-115.

07975/2938972.1

REQUEST FOR JUDICIAL ASSISTANCE

1  deposition and produce the requested documents.  MGA's counsel, on behalf of

2  Ms. Brisbois, refused.[11]

**(b)   MGA Entertainment Canada**

4  Through this Letter of Request, Mattel seeks discovery in the form of

5  deposition testimony and documents regarding how MGA Entertainment Canada

6  used Mattel's trade secrets, confidential and proprietary information to the benefit of

7  MGA Entertainment in the United States.  This discoverable information requires

8  that Mattel understand the manner in which MGA Entertainment Canada accesses,

9  stores, reproduces, disseminates, and/or reviews the documents and information

10 stolen by Ms. Brisbois from Mattel.  Accordingly, Mattel seeks the deposition of

11 MGA Entertainment Canada's person most knowledgeable on the topics set forth in

12 Schedule E.

**II.   CANADIAN EVIDENCE SOUGHT**

14 The evidence to be obtained consists of testimony for use in the trial of the

15 actions that have been consolidated as part of <u>Bryant v. Mattel, Inc.</u>, Case No. 04-

16 9049 SGL (RNBx) (Consolidated with Case No. 04-9059 and Case No. 05-2727).  It

17 is requested that a Canadian judicial authority compel Janine Brisbois to appear and

18 to be deposed, under oath, as to her knowledge of the topics set forth in Schedule C.

19 Additionally, Mattel requests the production of documents, as set forth in Schedule

20 B.  It is further requested that a Canadian judicial authority compel MGA

21 Entertainment Canada to identify a designee and to appear and to be deposed, under

22 oath, as to his or her knowledge of the topics set forth in Schedule E, and compel

23 MGA Entertainment Canada to produce the documents described in Schedule D.

---

[11]   See <u>generally</u> Declaration of Jon D. Corey dated January 28, 2008 and Exhibits A-O attached thereto.

REQUEST FOR JUDICIAL ASSISTANCE

## A.   Janine Brisbois

Ms. Brisbois resides in your jurisdiction at 3130 Cole Road, RR # 2, Queensville, Ontario, Canada L0GR0.  As detailed in section I.B.2, *supra*, it is alleged that Ms. Brisbois was one of the principal actors engaged in MGA's scheme of wrongdoing underlying Mattel's Counterclaims in that she stole and subsequently assisted MGA in profiting from Mattel's trade secrets, or otherwise confidential or proprietary information.  Mattel has alleged:

> In 2005, MGA needed help in Canada.  So MGA, again operating from its Southern California headquarters, hired Janine Brisbois from Mattel.  At that time, Ms. Brisbois was responsible for Mattel's account with Toys 'R Us ("TRU") and Wal-Mart.  MGA gave her responsibility for those same accounts, and she took from Mattel documents containing proprietary advertising, project, sales, customer and strategy information for not only Canada, but for the United States.  Eliminating any doubt that MGA then proceeded to use those stolen materials, Brisbois subsequently accessed and modified certain of those Mattel documents while employed by MGA.[12]
>
>         *     *     *
>
> Mattel subsequently learned that on the same day that she spoke with Mr. Larian and four days before she resigned, Brisbois copied approximately 45 Mattel documents on to a USB or "thumb" drive with the volume label "BACKPACK."  On information and belief, Brisbois

07975/2938972.1

removed the thumb drive from Mattel Canada's office by concealing it in her backpack or gym bag the last time that she left that office.  These documents contained Mattel trade secret and proprietary information, and included:

• a document containing the price, cost, sales plan and quantity of every Mattel product ordered by every Mattel customer in 2005 and 2006;

• the BARBIE television advertising strategy and information concerning sales increases generated by television advertisements;

• competitive analysis of Mattel vis-à-vis its competitors in Canada;

• an analysis of Mattel's girls business sales beginning in 2003 and forecasts through 2006;

• profit and loss reviews for Mattel's products being sold in Wal-Mart, including margins and profit in not only Canada, but in the United States and Mexico; and a document containing the product launch dates and related advertising for all Mattel new products between Fall 2005 and Spring 2006.[13]

                    *        *        *

After Mattel discovered that Brisbois had copied these sensitive documents to a thumb drive, Mattel notified Canadian law enforcement authorities.  Canadian law

---

[12] Id. at ¶ 4.
[13] Id. at ¶ 74.

1    enforcement authorities recovered from Brisbois a thumb

2    drive with the volume label "BACKPACK" containing

3    the documents that Brisbois had copied from Mattel's

4    computer system.  Mattel later learned that while she was

5    working as a Vice President of Sales at MGA, Brisbois

6    accessed and modified documents on that thumb drive.[14]

7    These allegations, and others, underlie Mattel's claims for misappropriation of

8    trade secrets and RICO violations.[15]  These allegations are also relevant to Mattel's

9    claims in that they will bear on and Mattel believes will evidence MGA's theft and

10   use of Mattel's trade secrets.  Moreover, they are relevant to MGA's unfair

11   competition claims because such information will prove that it was MGA that had

12   prior access to Mattel's business plans and strategies and that MGA was the one

13   copying Mattel—not the other way around as MGA alleges.

14   Because Ms. Brisbois has unique and personal knowledge of the matters at

15   issue in the consolidated litigation proceedings, it will further the interests of justice

16   if she is deposed, under oath, as to her knowledge of the facts which are relevant to

17   the issues of these cases and produce the documents set forth in Schedule B.

18   **B.    MGA Entertainment Canada's Person Most Knowledgeable**

19   MGA Entertainment Canada resides in your jurisdiction at 7100 Woodbine

20   Avenue, Suite #202, Markham, Ontario, Canada, L3R 5J2.  MGA Entertainment

21   Canada's designee on the topics set forth in Schedule E has unique and personal

22   knowledge regarding the manner in which MGA Entertainment Canada accessed,

23   used, reproduced, disseminated and/or transferred Mattel's trade secrets, confidential

24   and proprietary information stolen by Ms. Brisbois.  Therefore, it will further the

25   interests of justice if MGA Entertainment Canada designee is deposed, under oath,

26

27   [14]  Id. at ¶ 75.

[15]  Id. at ¶¶ 88-115.

28

1  as to his or her knowledge of the facts which are relevant to the issues of these cases

2  and produce the documents set forth in Schedule D.

3           **1.**     <u>**Subject Matter About Which The Deponents Are To Be**</u>

4                  <u>**Examined**</u>

5       The subject matter about which Ms Brisbois is to be examined is set forth in

6  Schedule C.  The subject matter about which MGA Entertainment Canada designee

7  is to be examined is set forth in Schedule E.

8           **2.**     <u>**Special Methods or Procedures to be Followed**</u>

9       The examinations shall be taken under the Federal Rules of Civil Procedure

10  of the United States of America, except to the extent such procedure is incompatible

11  with the internal laws of Canada.

12       The examination shall be taken before a commercial stenographer and a

13  verbatim transcript shall be produced.  The deposition shall also be videotaped.

14           **3.**     <u>**Fees and Costs**</u>

15       Any fees and costs incurred by Ms. Brisbois or MGA Entertainment Canada

16  in conjunction with their respective depositions and production of documents will be

17  paid by Defendant Mattel, Inc, through its counsel of record:  Jon D. Corey, Quinn

18  Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor,

19  Los Angeles, CA  90017.  Mattel's payment of any such fees and costs is without

20  prejudice to its making a subsequent request to be reimbursed for these costs by

21  other parties in this consolidated proceeding.

22           **4.**     <u>**Conclusion**</u>

23       Based on the foregoing and the Court's review of the pleadings, the

24  Declaration of Jon D. Corey filed concurrently with the Letter of Request, this Court

25  has concluded that Janine Brisbois has information, including both personal

26  knowledge and documents, about the transactions that are the subject of the civil

27  action against MGA and Carter Bryant, including but not limited to her knowledge

28  of the alleged theft of Mattel's propriety advertising, project, sales, customer and

1  strategy information and her knowledge of communications with MGA, or anyone
2  acting on MGA's behalf, on or before September 27, 2005, regarding her resignation
3  from Mattel; compensation, money or anything of value paid by MGA to
4  Ms. Brisbois.

5      Further, this Court has concluded that MGA Entertainment Canada has
6  information, including both personal information and documents, about the
7  transactions which are the subject of the civil action against MGA and Carter
8  Bryant, including but not limited to the manner in which MGA Entertainment
9  Canada accessed, used, reproduced, disseminated and/or transferred Mattel's trade
10  secrets, confidential and proprietary information stolen by Ms. Brisbois.

11      Accordingly, in the interests of justice and to assure a complete record, it is
12  necessary for: (1) Janine Brisbois to produce the documents set forth in Schedule B;
13  (2) Janine Brisbois to be examined under oath on the topics set forth in Schedule C;
14  (3) MGA Entertainment Canada to produce the documents set forth in Schedule D;
15  and (4) MGA Entertainment Canada to produce a designee knowledgeable about the
16  topics set forth in Schedule E to be examined under oath.

17  **III.   REQUEST FOR JUDICIAL ASSISTANCE**

18      The evidence sought cannot be obtained other than from Janine Brisbois or
19  MGA Entertainment Canada, through deposition and document production, and
20  such evidence will be useful to this Court in determining the validity of the claims
21  and defenses in this case.  The evidence sought is necessary for trial in this matter
22  and will be adduced at trial, if admissible and appropriate.

23      Therefore, after having thoroughly reviewed the pleadings in this matter and
24  the exhibits attached to the concurrently filed Declaration of Jon D. Corey, this
25  Court requests the following as to Janine Brisbois:

26      (1)    You cause, by your proper and usual process, Janine Brisbois to be
27  summoned to appear before you or some competent office authorized by you, on a
28  date mutually agreed upon by the deponent and the parties or at a time and/or place

to be determined by you, to give testimony under oath by questions and answers upon oral deposition, such deposition to continue day to day until completion and conducted in accordance with the <u>Federal Rules of Civil Procedure</u> or as permitted by you.  In the event that the Law of Canada does not permit the swearing of an oath by a particular witness, the duly appointed officer shall make inquiry of such witness to ensure that he/she understands the gravity of the procedure and affirms that his/her statement will be true and correct in all respects.

(2)     You permit Janine Brisbois to be examined under oath by counsel for all parties in this matter, allowing full examination and cross-examination on the subject matter of this case, including the topics delineated in Schedule C to this Letter of Request.

(3)     You order Janine Brisbois to produce documents at the offices of Heenan Blaikie LLP, Attn: George Karayannides, Suite 2600, 200 Bay Street, Royal Bank Plaza, South Tower, Toronto, Ontario M5J 2J4 in accordance with Schedule B to this Letter of Request and not later than 5 court days prior to the date of Ms. Brisbois' deposition.

(4)     You order Janine Brisbois to produce, at or immediately after the oral examination, specific documents relevant to the subject matter of this case, the existence of which becomes known during the course of the examination and which are requested by counsel.

(5)     You cause a verbatim transcript of the testimony of the witness to be taken and reduced to writing.  The deposition shall also be videotaped.

(6)     You order, pursuant to <u>Ontario Rule of Civil Procedure</u> 30.1, that the oral and documentary evidence produced pursuant to your enforcement of this Letter of Request shall not be used by anyone in any manner or proceeding other than in this matter, <u>Bryant v. Mattel, Inc.</u>, Case No. 04-9049 SGL (RNBx) (Consolidated with Case No. 04-9059 and Case No. 05-2727), pending in the United

07975/2938972.1

REQUEST FOR JUDICIAL ASSISTANCE

1    States District Court for the Central District of California.  A Protective Order was

2    entered in this action on January 4, 2005 (Attachment A hereto).

3         This Court further requests the following as to MGA Entertainment Canada:

4         (1)    You cause, by your proper and usual process, MGA Entertainment

5    Canada to produce a designee with knowledge of the topics set forth in Schedule E

6    to be summoned to appear before you or some competent office authorized by you,

7    on a date mutually agreed upon by the deponent and the parties or at a time and/or

8    place to be determined by you, to give testimony under oath by questions and

9    answers upon oral deposition, such deposition to continue day to day until

10    completion and conducted in accordance with the <u>Federal Rules of Civil Procedure</u>

11    or as permitted by you.  In the event that the Law of Canada does not permit the

12    swearing of an oath by a particular witness, the duly appointed officer shall make

13    inquiry of such witness to ensure that he/she understands the gravity of the

14    procedure and affirms that his/her statement will be true and correct in all respects.

15         (2)    You permit MGA Entertainment Canada's knowledgeable designee to

16    be examined under oath by counsel for all parties in this matter, allowing full

17    examination and cross-examination on the subject matter of this case, including the

18    topics delineated in Schedule E to this Letter of Request.

19         (3)    You order MGA Entertainment Canada to produce documents at the

20    offices of Heenan Blaikie LLP, Attn: George Karayannides, Suite 2600, 200 Bay

21    Street, Royal Bank Plaza, South Tower, Toronto, Ontario M5J 2J4 in accordance

22    with Schedule D to this Letter of Request and not later than 5 court days prior to the

23    date of MGA Entertainment Canada's person most knowledgeable deposition.

24         (4)    You order MGA Entertainment Canada to produce, at or immediately

25    after the oral examination, specific documents relevant to the subject matter of this

26    case, the existence of which becomes known during the course of the examination

27    and which are requested by counsel.

28

REQUEST FOR JUDICIAL ASSISTANCE

1      (5)    You cause a verbatim transcript of the testimony of the witness to be

2  taken and reduced to writing.  The deposition shall also be videotaped.

3      (6)    You order, pursuant to <u>Ontario Rule of Civil Procedure</u> 30.1, that the

4  oral and documentary evidence produced pursuant to your enforcement of this

5  Letter of Request shall not be used by anyone in any manner or proceeding other

6  than in this matter, <u>Bryant v. Mattel, Inc.</u>, Case No. 04-9049 SGL (RNBx)

7  (Consolidated with Case No. 04-9059 and Case No. 05-2727), pending in the United

8  States District Court for the Central District of California.  A Protective Order was

9  entered in this action on January 4, 2005 (Attachment 1 hereto).

## IV.    **RECIPROCITY**

11      This Court expresses its sincere willingness to provide similar assistance to

12  the Ontario Superior Court of Justice if future circumstances should require.

## V.    **CONCLUSION**

14      In the spirit of comity and reciprocity, this Court hereby requests international

15  judicial assistance in the form of this Letter of Request to compel: (1) Janine

16  Brisbois to produce the documents set forth in Schedule B; (2) Janine Brisbois to be

17  examined under oath on the topics set forth in Schedule C; (3) MGA Entertainment

18  Canada to produce the documents set forth in Schedule D; and (4) MGA

19  Entertainment Canada to produce a knowledgeable designee on the topics set forth

20  in Schedule E to be examined under oath.

21  DATED:    __5 / 2 1__, 2009

By _____
THE HONORABLE STEPHEN G. LARSON
United States District Judge

~~SHERRI R. CARTER~~, Clerk of the Court
Terry Nafisi,

By _____
Deputy Clerk_____

1

## SCHEDULE A [REVISED]

2

### NAMES AND ADDRESSES OF THE PARTIES

3

### AND THEIR REPRESENTATIVES

4

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>    Thomas J. Nolan, Esq.<br>    Jason Russell, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071<br>    tnolan@skadden.com<br>    jrussell@skadden.com | **Attorneys for *the MGA Parties*** |
| Glaser, Weil, Fink, Jacobs, & Shapiro, LLP<br>    Patricia L. Glaser, Esq.<br>10250 Constellation Blvd 19th Floor<br>Los Angeles, CA 90067<br>    pglaser@glaserweil.com | **Attorneys for *the MGA Parties*** |
| Mitchell, Silberberg, & Knupp, LLP<br>    Russell J. Frackman, Esq.<br>11377 W. Olympic Blvd.<br>Los Angeles, CA 90064<br>    rjf@msk.com | **Attorneys for *the MGA Parties*** |
| Overland Borenstein Scheper & Kim, LLP<br>    Mark E. Overland, Esq.<br>    Alexander H. Cote, Esq.<br>601 West Fifth Street, 12th Floor<br>Los Angeles, CA 90071<br>    moverland@obsklaw.com<br>    acote@obsklaw.com | **Attorneys for *Carlos Gustavo Machado Gomez*** |
| Peter H. Bonis Law Offices<br>    Peter Bonis<br>1990 N. California Blvd.<br>8th Floor<br>Walnut Creek, CA 94596<br>    peter@bonislaw.com | **Attorney for *Carter Bryant*** |

22
23
24
25
26
27
28

15

## SCHEDULE B

For purpose of construing the below-listed Requested Documents, the following definitions and instructions apply:

## I.   DEFINITIONS

For purposes of these Requests, the following definitions apply:

A.   The terms "YOU" and "YOUR" shall mean Janine Brisbois, her attorneys, accountants, agents, and all persons acting under her, or by her direction or control, or on her behalf.

B.   "MGA" means MGA Entertainment, Inc. and any individual or entity acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to current or former directors, officers, employees, agents, contractors, attorneys, accountants, or representatives of MGA Entertainment, Inc. and any corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest, and any other PERSON acting on its behalf.

C.   The term "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

D.   "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of communication or representation, and any record thereby created,

1  regardless of the manner in which the record has been stored, and all non-identical
2  copies of such DOCUMENTS, in the possession, custody, or control of YOU,
3  YOUR counsel, or any other PERSON acting on YOUR behalf.
4      E.    The term "COMMUNICATION," in the plural as well as the singular,
5  means any transmittal and/or receipt of information, whether such was oral or
6  written, and whether such was by chance, prearranged, formal or informal, and
7  specifically includes, but is not limited to, conversations in person, telephone
8  conversations, electronic mail (including instant messages and text messages),
9  voicemail, letters, memoranda, statements, media releases, magazine and newspaper
10 articles, and video and audio transmissions.
11     F.    "BRATZ PRODUCT" means any product, whether two-dimensional or
12 three-dimensional, and whether in tangible, digital, electronic or other form: (i) that
13 is or has ever been distributed, marketed or sold under the name "Bratz" or as part of
14 the "Bratz" line; (ii) that depicts, incorporates, embodies, consists of or REFERS
15 OR RELATES TO BRATZ; and/or (iii) that is or has ever been distributed,
16 marketed or sold in any packaging that includes the name "Bratz" or depicts,
17 incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ.
18     G.    The term "PERSON," in the plural as well as the singular, means any
19 natural person, association, partnership, corporation, joint venture, government
20 entity, organization, trust, institution, proprietorship, or any other entity recognized
21 as having an existence under the laws in United States or any other nation.
22     H.    The terms "RELATE TO" and "RELATING TO" means any and all of
23 the following terms and their synonyms:  refer to, discuss, constitute, evidence,
24 pertain to, mention, support, contradict, negate, bear on, touch on, contain, embody,
25 reflect, identify, state, deal with, concern, comment on, respond to, relevant to, or
26 describe.
27
28

## II.      **REQUESTS FOR DOCUMENTS AND THINGS**

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between MGA, Isaac Larian and Ron Brawer, on the one hand, and Janine Brisbois, on the other, ("Brisbois") prior to September 27, 2005.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO COMMUNICATIONS between MGA, Isaac Larian and Ron Brawer, on the one hand, and Brisbois, on the other, prior to September 27, 2005, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Brisbois' resignation from Mattel.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO compensation, money or any other item of value paid to Brisbois, whether directly or indirectly, by MGA between January 2005 and the present.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS received by MGA, directly or indirectly, from Brisbois RELATING TO any MATTEL product or plan.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO MGA's receipt, access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for MATTEL and that MGA received, directly or indirectly from Brisbois.

**REQUEST FOR PRODUCTION NO. 7:**

A copy of each personnel file maintained or created by MGA RELATING TO Brisbois, excluding any portions solely related to medical or health care information, and excluding social security numbers, tax identification numbers, dates of birth, indications of sexual orientation, bank account numbers and checking account numbers.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS taken by Brisbois from Mattel Canada, Inc., including but not limited to the 45 Mattel documents contained on a USB or "thumb" drive with the volume label "BACKPACK" from Mattel's Canada, Inc.'s office.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATING TO COMMUNICATIONS between Brisbois, on the one hand, and Toys 'R Us or Wal-Mart on the other, or anyone acting on behalf of Toys 'R Us or Wal-Mart, between September 27, 2005, and January 1, 2007, including but not limited to her COMMUNICATIONS with Toys 'R Us or Wal-Mart about promotions of MGA products.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, created by Brisbois while employed by MGA RELATED TO MGA's marketing of products that compete with Mattel's products, recruiting or attempting to recruit Mattel's employees, or the theft of Mattel trade secrets, confidential or proprietary information.

REQUEST FOR JUDICIAL ASSISTANCE

## SCHEDULE C

### SUBJECT MATTER ABOUT WHICH MS. BRISBOIS IS TO BE EXAMINED

1. Theft of Mattel documents containing proprietary advertising, project, sales, customer and strategy information by anyone, including Ms. Brisbois.

2. Theft by Ms. Brisbois of approximately 45 Mattel documents contained on a USB or "thumb" drive with the volume label "BACKPACK" from Mattel's Canada office.

3. Ms. Brisbois' communications with MGA, or anyone acting on MGA's behalf, on or before September 27, 2005, including but not limited to communications regarding Ms. Brisbois' resignation from Mattel; compensation, money or anything of value paid by MGA to Ms. Brisbois.

4. Ms. Brisbois' receipt, access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any documents, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for MATTEL and that MGA received, directly or indirectly from Brisbois.

5. Ms. Brisbois' access, use, dissemination or disclosure of Mattel's trade secrets, or otherwise confidential or proprietary information, while employed by MGA, including but not limited to Mattel's information regarding advertising strategy and in-store promotions at retailers.

6. Ms. Brisbois' communications with MGA, including but not limited to Isaac Larian or Ron Brawer, relating to her decision to join MGA and other matters at issue in this Action.

07975/2938972.1

REQUEST FOR JUDICIAL ASSISTANCE

## SCHEDULE D

For purpose of construing the below-listed Requested Documents, the following definitions and instructions apply:

## I.   DEFINITIONS

For purposes of these Requests, the following definitions apply:

I.   The terms "YOU" and "YOUR" shall mean MGA Entertainment Canada, its attorneys, accountants, agents, and all persons acting under its direction or control, or on its behalf.

J.   "MGA" means MGA Entertainment, Inc. and any individual or entity acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to current or former directors, officers, employees, agents, contractors, attorneys, accountants, or representatives of MGA Entertainment, Inc. and any corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest, and any other PERSON acting on its behalf.

K.   The term "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

L.   "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of communication or representation, and any record thereby created,

1  regardless of the manner in which the record has been stored, and all non-identical

2  copies of such DOCUMENTS, in the possession, custody, or control of YOU,

3  YOUR counsel, or any other PERSON acting on YOUR behalf.

4      M.    The term "COMMUNICATION," in the plural as well as the singular,

5  means any transmittal and/or receipt of information, whether such was oral or

6  written, and whether such was by chance, prearranged, formal or informal, and

7  specifically includes, but is not limited to, conversations in person, telephone

8  conversations, electronic mail (including instant messages and text messages),

9  voicemail, letters, memoranda, statements, media releases, magazine and newspaper

10  articles, and video and audio transmissions.

11      N.    "BRATZ PRODUCT" means any product, whether two-dimensional or

12  three-dimensional, and whether in tangible, digital, electronic or other form: (i) that

13  is or has ever been distributed, marketed or sold under the name "Bratz" or as part of

14  the "Bratz" line; (ii) that depicts, incorporates, embodies, consists of or REFERS

15  OR RELATES TO BRATZ; and/or (iii) that is or has ever been distributed,

16  marketed or sold in any packaging that includes the name "Bratz" or depicts,

17  incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ.

18      O.    The term "PERSON," in the plural as well as the singular, means any

19  natural person, association, partnership, corporation, joint venture, government

20  entity, organization, trust, institution, proprietorship, or any other entity recognized

21  as having an existence under the laws in United States or any other nation.

22      P.    The terms "RELATE TO" and "RELATING TO" means any and all of

23  the following terms and their synonyms:  refer to, discuss, constitute, evidence,

24  pertain to, mention, support, contradict, negate, bear on, touch on, contain, embody,

25  reflect, identify, state, deal with, concern, comment on, respond to, relevant to, or

26  describe.

27

28

## II.   REQUESTS FOR DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between YOU and Janine Brisbois ("Brisbois") prior to September 27, 2005.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and Brisbois prior to September 27, 2005, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Brisbois' resignation from Mattel.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO compensation, money or any other item of value paid to Brisbois, whether directly or indirectly, by MGA between January 2005 and the present.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS received by YOU, directly or indirectly, from Brisbois RELATING TO any MATTEL product or plan.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO YOUR receipt, access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for MATTEL and that MGA received, directly or indirectly from Brisbois.

**REQUEST FOR PRODUCTION NO. 7:**

A copy of each personnel file maintained or created by YOU RELATING TO Brisbois, excluding any portions solely related to medical or health care information, and excluding social security numbers, tax identification numbers, dates of birth, indications of sexual orientation, bank account numbers and checking account numbers.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS taken by Brisbois from Mattel Canada, Inc., including but not limited to the 45 Mattel documents contained on a USB or "thumb" drive with the volume label "BACKPACK" from Mattel's Canada, Inc.'s office.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU, on the one hand, and Toys 'R Us or Wal-Mart on the other, or anyone acting on behalf of Toys 'R Us or Wal-Mart, between September 27, 2005 and January 1, 2007, regarding Ms. Brisbois or Ms. Brisbois' responsibility for the Toys 'R Us and Wal-Mart accounts with MGA, and COMMUNICATIONS with Toys 'R Us or Wal-Mart about promotions or advertising for MGA products.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, created by Brisbois while employed by MGA RELATED TO MGA's marketing of products that compete with Mattel's products, recruitment or attempted recruitment of Mattel's employees, or the theft of Mattel trade secrets or confidential or proprietary information.

07975/2938972.1

REQUEST FOR JUDICIAL ASSISTANCE

## SCHEDULE E

### SUBJECT MATTER ABOUT WHICH PERSON MOST KNOWLEDGEABLE IS TO BE EXAMINED

1.  Knowledge of MGA Entertainment Canada's methods and procedures regarding the access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any documents, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for MATTEL and that MGA received, directly or indirectly from Janine Brisbois.

2.  Knowledge of MGA Entertainment Canada's methods and procedures regarding the access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any documents, data and/or information regarding MGA Entertainment Canada's advertising, project, sales, customer and strategy information related to any Bratz Product, regardless of whether such information was received directly or indirectly from Janine Brisbois.

07975/2938972.1

REQUEST FOR JUDICIAL ASSISTANCE