```
 1                  UNITED STATES DISTRICT COURT

 2                 CENTRAL DISTRICT OF CALIFORNIA

 3                         EASTERN DIVISION

 4                              - - -

 5        HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                              - - -

 7  MATTEL, INC.,                    )
                                     )
 8                   Plaintiff,      )
                                     )
 9          vs.                      ) No. CV 04-09049
                                     )
10  MGA ENTERTAINMENT, inc., et. Al.,)
                                     )
11                   Defendants.     )
    _____) BENCH CONFERENCE
12  AND CONSOLIDATED ACTIONS,        )
                                     ) Pages 8353-8361
13  _____)

14

15           REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                     Riverside, California

17                  Thursday, August 28, 2008

18                          2:59 P.M.

19

20

21

22

23              THERESA A. LANZA, RPR, CSR
                Federal Official Court Reporter
24              3470 12th Street, Rm. 134
                Riverside, California  92501
25                    951-274-0844
                  WWW.THERESALANZA.COM
```

Thursday, August 28, 2008                         Bench Conference

```
 1   APPEARANCES:

 2

     On behalf of MATTEL, INC.:
 3
                         QUINN EMANUEL
 4                       By:  JON COREY
                         865 S. FIGUEROA STREET,
 5                       10TH FLOOR
                         LOS ANGELES, California  90017
 6                       213-624-7707

 7

 8

 9   ON BEHALF OF MGA ENTERTAINMENT:

10                       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                         BY:   THOMAS J. NOLAN
11                             CARL ROTH
                         300 SOUTH GRAND AVENUE
12                       LOS ANGELES, CALIFORNIA  90071-3144
                         213-687-5000
13

14

15

16

17

18

19

20

21

22

23

24

25
```

Thursday, August 28, 2008                    Bench Conference


```
 1                        i N D E X

 2                                                        Page

 3    Bench conference..............................     8356
```

```
 1      RIVERSIDE, CALIFORNIA; THURSDAY, AUGUST 28, 2008; 2:59 P.M.
 2                                 -oOo-
 3            THE CLERK:  Calling case number CV04-09049-SGL,
 4   MATTEL, INC., v. MGA, INC., ET AL.
 5            May we have counsel please come forward and state
 6   your appearances for the record.
 7            MR. COREY:  Jon Corey on behalf of Mattel.
 8            MR. NOLAN:  Tom Nolan, Carl Roth for MGA and
 9   Isaac Larian.
10            THE COURT:  Good afternoon, Counsel.                    03:00
11            The Court greatly appreciates you coming out this
12   afternoon on such short notice.
13            I received an e-mail from Mr. Holmes this morning
14   which was forwarding a note that Mr. Holmes received from
15   former juror number seven, Lisa Marie Dome, that I thought   03:00
16   should be brought to counsel's attention.  The note reads as
17   follows:
18            "Hi, James, how are you?  We so enjoyed knowing you
19   during the trial.  You, as well as the others, made this
20   tedious experience enjoyable.  I do have a question.  I have  03:00
21   been catching up on all of the media coverage and was shocked
22   to find a few articles dealing with the damages award.
23            "For the record, the jury intended that Mattel
24   receive the full award amount when added up.  If we had known
25   that there were duplicative elements to the jury instructions,  03:00
```

1   I could assure you that we would have allocated the amount so
2   that the disbursement totaled the over one hundred million.
3           "Does our intention have any weight here?
4           "I do sympathize with MGA, but even more so with the
5   wrong done to Mattel and feel strongly that our intentions
6   should be understood by Judge Larson.
7           "Please feel free to call me, if you have any
8   questions, at..." and then she gives her home phone number.
9           "Sincerely, Lisa Marie Dome."
10          **THE COURT:**  I'm simply going to give counsel a copy
11  and I'll block out the home phone number and the e-mail
12  address.  I'll ask Mr. Holmes to give a copy to both counsel.
13          Frankly, I don't know how to proceed, I've never been
14  in this position before, and that's why I wanted to seek the
15  advice of counsel.
16          **MR. NOLAN:**  Your Honor, we could provide a cite to a
17  case.
18          **MR. ROTH:**  There is a case, actually an eighth
19  circuit case, from June of this year which deals with a
20  situation very similar to this.  The issue was whether or not
21  damages were duplicative or not and whether evidence from the
22  jurors in that case, after things were filed by the Viacomm
23  Company suggesting that the award should be added up for total
24  rather than just handled individually, exactly as the case was
25  here.

1          The District Court and the Eighth Circuit both held
2  that sort of evidence was improper for the Court to consider.
3  So it seems to us then that --
4          **THE COURT:**  Under 606?
5          **MR. ROTH:**  Yes.                                         03:02
6          **THE COURT:**  Okay.
7          I looked at 606(B), and there is that language
8  exception concerning an error, and I don't know if this is the
9  type of thing that would constitute an error or not.
10         **MR. ROTH:**  That's exactly the issue that the court    03:03
11 was dealing with, Your Honor, and it indicated that was not the
12 sort of clerical error to be handled in that rule.
13         I'd be happy to submit that case to the Court.
14         **MR. NOLAN:**  Your Honor, I might also indicate that in
15 comments with the jury post-trial, you get various reports from  03:03
16 each of the jurors as to how they approached it and how they
17 came to the manner in which they filled out the verdict form.
18 And it very well may be -- and I don't know, but based on
19 conversations that I've had, that there was a methodology to
20 the calculation itself indicating the import of their feelings   03:03
21 with respect to certain findings, in particular, say,
22 copyright, just to use that as an example.
23         But all of that is for naught.  I think that is why
24 you have the 606(B) and the Viacomm case --
25         **THE COURT:**  The deliberations of the jury.             03:04

Thursday, August 28, 2008                              Bench Conference

| | |
|---|---|
| 1 | **MR. NOLAN:** Exactly. |
| 2 | And Mr. Roth has provided me with the cite: |
| 3 | 528 Fed. 3, 1001. |
| 4 | **THE COURT:** I'll look at that. |
| 5 | **MR. NOLAN:** It was filed June 4, 2008. |
| 6 | **THE COURT:** Mr. Corey? |
| 7 | **MR. COREY:** I frankly don't know that there's |
| 8 | anything that the Court needs to do with this at this point. |
| 9 | I do know we were conveyed information in this vein |
| 10 | from some of the jurors, we'd started looking at that, and I |
| 11 | think we have a response to that. But I think we don't address |
| 12 | this now, I think we address this, at best, in a Motion For |
| 13 | Remittitur, and probably, eventually, when we start to put a |
| 14 | number in a judgment. |
| 15 | I don't know there's any relief being sought from the |
| 16 | Court now. Mattel isn't seeking any relief from the Court now. |
| 17 | I didn't hear MGA saying they want any relief or something done |
| 18 | to amend or alter the verdict form as a result of this note. |
| 19 | I think we should just take this up in good course. |
| 20 | The Court can deal with the admissibility of things like this, |
| 21 | whether the Court should consider it; whether the Court, |
| 22 | frankly, even needs to go beyond the face of the verdict form |
| 23 | to resolve issues about duplication, potential double-counting |
| 24 | of damages, in due course with the benefit of full briefing. |
| 25 | **THE COURT:** Very well. |

Thursday, August 28, 2008                                           Bench Conference

```
 1              If there was going to be a request for recalling the
 2   jury for questioning, I wanted to get that out on the table
 3   today, but I'm not hearing that from either side; so the Court
 4   is not going to take that action.
 5              I will take a look at this case.  Counsel, I'll       03:05
 6   certainly give Mattel leave to submit a letter brief, to fax a
 7   letter brief to the Court tomorrow morning, if there's any
 8   authority that you want the Court to consider.  I'll look at
 9   this case, and if the Court is satisfied there's nothing
10   further to do at this time, then there's nothing further I'll   03:06
11   do at this time.
12              MR. COREY:  As I understand it, the case being
13   proffered to the Court was to support the proposition whether
14   juror affidavits would be admissible in a case where the jury
15   learned that the verdict form did not reflect the jurors'       03:06
16   intent.  We'd be happy to address that in a letter brief.
17              THE COURT:  Very well.
18              MR. NOLAN:  Your Honor, the other point I would make
19   is that the Court specifically instructed the jury; they had
20   jury instructions that guided their deliberations.  The other   03:06
21   thing is that there were questions unrelated to damage numbers
22   which could affect the overall amount of the verdict; in other
23   words, the concealment issues that were present to the jury; so
24   we're not making any requests.
25              THE COURT:  I'm not going to pursue this any further. 03:07
```

Thursday, August 28, 2008                              Bench Conference

1  I just didn't want to wait. I had put a stay in place. And I
2  know we're not going to be getting into any issues of motions
3  for new trial or remittitur until weeks, if not months, down
4  the road. If there was going to be a request to interview the
5  jury or bring them in, I didn't want to wait a month to do
6  that; I wanted to do this while it was fresh in everyone's
7  minds.
8        But I'm not hearing anything, and so the Court is
9  certainly not going to do anything sua sponte. I'll look at
10 this case, Mr. Roth, that you made reference to, and I'll
11 invite Mattel to submit anything it wishes to, and I'll leave
12 it at that.
13       You have the note. I'll make the note a part of the
14 record, just so that -- it's something the Court received
15 unsolicited, and I'll leave it at that.
16       **THE CLERK:** Court stands in recess.

CERTIFICATE

I hereby certify that pursuant to section 753, title 28, united states code, the foregoing is a true and correct transcript of the stenographically recorded proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the judicial conference of the united states.

_____          _____
THERESA A. LANZA, CSR, RPR                      Date
Federal Official Court Reporter

Thursday, August 28, 2008                       Bench Conference