QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>     vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>**MATTEL, INC.'S NOTICE OF CONDITIONAL CROSS-APPEAL** |

07975/2947408.1

MATTEL'S NOTICE OF CONDITIONAL CROSS-APPEAL

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Cross-Claimant Mattel, Inc. ("Mattel") hereby conditionally cross-appeals to the United States Court of Appeals for the Ninth Circuit from the following orders dated December 3, 2008, as amended by orders dated January 7, 2009, April 27, 2009, and May 21, 2009, by the United States District Court for the Central District of California (respectively, the "December 3 Injunctive Orders", "January 7 Injunctive Order", "April 27 Injunctive Order" and "May 21 Injunctive Order"), to the extent such orders are appealable:

(1) "Order Granting Mattel, Inc.'s Motion for Permanent Injunction" (C.R. 4443), dated December 3, 2008;

(2) "Order Granting Declaratory Judgment" (C.R. 4442), dated December 3, 2008;

(3) "Order Granting Mattel's Motion for Constructive Trust and For Finding Liability and Injunctive Relief Pursuant to Cal. Bus. & Prof. Code § 17200" (C.R. 4441), dated December 3, 2008;

(4) Minute Order (C.R. 4439) re, *inter alia*, "Order Finding In Favor of Mattel As to The MGA Parties' Affirmative Defenses"; "Order Granting Mattel's Motion for Declaratory Judgment"; "Order Granting Mattel's Motion for Constructive Trust and § 17200 Injunctive Relief"; "Order Granting Mattel's Motion for Permanent Injunction," etc., dated December 3, 2008.

PLEASE FURTHER TAKE NOTICE THAT Mattel also hereby conditionally cross-appeals to the United States Court of Appeals for the Ninth Circuit from the following orders, to the extent such orders are appealable:

(5) Minute Order (C.R. 4657) re: *inter alia*, "Order Modifying Stay of Permanent Injunction," etc., dated January 7, 2009;

(6) Minute Order (C.R. 5273) re: *inter alia*, "Order Denying Mattel's Motion for Judgment as a Matter of Law"; "Order Granting in Part and Denying in Part MGA's Motion for Judgment as a Matter of Law"; "Order Amending in Part Order re Finding

of Liability Pursuant to Cal. Bus. & Profs. Code § 17200"; "Order Granting in Part and Denying in Part MGA's Motion for Remittitur"; "Order Lifting Stay on Permanent Injunction"; "Order for Accounting of Bratz Profits", dated April 27, 2009; and

(7) Minute Order (C.R. 5565) re: *inter alia*, "Order Denying Ex Parte Application for Stay Pending Appeal" and "Order re: Expiration of Temporary Receivership and Order Appointing MGA Monitor", dated May 21, 2009.

PLEASE FURTHER TAKE NOTICE THAT Mattel also hereby conditionally cross-appeals to the United States Court of Appeals for the Ninth Circuit from the following interlocutory orders, and any related interlocutory orders, to the extent they are inextricably intertwined with the Court's December 3 Injunctive Orders, January 7 Injunctive Order, April 27 Injunctive Order, and May 21 Injunctive Order and are for that reason appealable:

(8) The Court's August 15, 2008 order sealing certain documents and "strik[ing] them from its consideration of the evidence, both during the trial and, of course, *in any third phase where the Court must consider the equitable defenses*." *See* Reporter's Transcript, August 15, 2008, pages 7656-7657 (emphasis added).

(9) The Court's June 20, 2008 Minute Order (C.R. 4014) denying Mattel's Motion to Compel Production of Communications Made in Furtherance of Crimes and Frauds.

(10) The Court's July 2, 2008 Order denying the Motion of Plaintiff Mattel, Inc. for Order Compelling Production of Communications as to Which MGA Has Waived the Attorney-Client Privilege. *See* Reporter's Transcript, July 2, 2008, page 4066.

This cross-appeal is conditional in nature. That is, the issues to be raised by Mattel on cross-appeal would need to be decided by the Ninth Circuit only in the event that the separate appeal of MGA Entertainment, Inc., MGA Entertainment (HK)

1 Limited, and Isaac Larian (the "MGA Parties") were to result in a vacatur, reversal,

2 and/or remand of any of the above-described orders (1)-(7).[1]

3     Copies of these orders (minus any attachments thereto) are attached as Exhibits

4 A-J hereto.

6 DATED:  May 27, 2009      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

8     By /s/ *Michael T. Zeller*
9       Michael T. Zeller
      Attorneys for Mattel, Inc.

---

[1] Moreover, it is well settled that an appellee "may argue an alternative ground for affirming a district court judgment without taking a cross-appeal." *Francisco Jose Rivero v. City and County of San Francisco*, 316 F.3d 857, 862 (9th Cir. 2002).  Mattel expressly reserves in full its right to raise, in support of the orders appealed by the MGA Parties, any alternative grounds that are supported by the district court record.