```
 1                UNITED STATES DISTRICT COURT

 2              CENTRAL DISTRICT OF CALIFORNIA

 3                     EASTERN DIVISION

 4                          - - -

 5     HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                          - - -

 7  MATTEL, INC.,                      )
                                       )
 8                  Plaintiff,         )
                                       )
 9         vs.                         ) No. CV 04-09049
                                       )
10  MGA ENTERTAINMENT, INC., ET. AL., )
                                       )
11                  Defendants.        )
    _____) STATUS CONFERENCE
12  AND CONSOLIDATED ACTIONS,          )
                                       )
13  _____)

14


15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                  Riverside, California

17                 Monday, January 26, 2009

18                      11:16 A.M.

19


20


21


22


23            THERESA A. LANZA, RPR, CSR
            Federal Official Court Reporter
24            3470 12th Street, Rm. 134
            Riverside, California  92501
25                  951-274-0844
              WWW.THERESALANZA.COM
```

```
 1  APPEARANCES:

 2
    ON BEHALF OF MATTEL, INC.:
 3
                         QUINN EMANUEL
 4                       By:  DYLAN PROCTOR
                              MICHAEL T. ZELLER
 5                       865 S. Figueroa Street,
                         10TH Floor
 6                       Los Angeles, California  90017
                         213-624-7707
 7

 8  ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
    (Outgoing)
 9                       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                         BY:  THOMAS J. NOLAN
10                            JASON RUSSELL
                         300 South Grand Avenue
11                       Los Angeles, California  90071-3144
                         213-687-5000
12

13  ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
    (Incoming)
14                       GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
                         BY:  PATRICIA L. GLASER
15                            JOEL KLEVENS
                         10250 Constellation Boulevard
16                       Los Angeles, California  90067
                         310-553-3000
17
                         MITCHELL, SILBERBERG & KNUPP LLP
18                       BY:  RUSSELL J. FRACKMAN
                         11377 West Olympic Boulevard,
19                       Los Angeles, California  90064-1683
                         310-312-2000
20

21  ON BEHALF OF DEFENDANT GUSTAVO MACHADO:

22                       OVERLAND BORENSTEIN SCHEPER & KIM LLP
                         BY:  ALEXANDER H. COTE
23                       601 West Fifth Street,
                         12th Floor
24                       Los Angeles, California  90071
                         213-613-4660
25
```

Monday, January 26, 2009                        STATUS CONFERENCE

```
 1                      I N D E X

 2                                                    Page

 3   Status conference.............................     4

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Monday, January 26, 2009                          STATUS CONFERENCE

```
 1      RIVERSIDE, CALIFORNIA; MONDAY, JANUARY 26, 2009; 11:16 A.M.
 2                              -oOo-
 3           THE CLERK:  Calling item number 12, in the matter of
 4   Mattel versus MGA, Case Number CV 04-9049.
 5           May we have the parties in that matter please come
 6   forward and state your appearances for the record.
 7           MR. NOLAN:  Tom Nolan and Jason Russell on behalf of
 8   Isaac Larian and MGA.
 9           MR. ZELLER:  Mike Zeller and Dylan Proctor on behalf
10   of Mattel.
11           THE COURT:  The Court has before it the request for
12   approval of substitution of counsel and the proposed order.  I
13   asked for a hearing on this.
14           I see, Ms. Glaser, you're here as well, if you want
15   to put your name on for the record.
16           MS. GLASER:  Hopefully, not too short-lived.
17           Patricia Glaser and Joel Klevens of the Glaser law
18   firm on behalf of MGA and Mr. Larian.
19           MR. FRACKMAN:  Russell Frackman of
20   Mitchell, Silberberg & Knupp.
21           MR. COTE:  Alexander Cote on behalf of
22   Gustavo Machado.
23           If I could ask the Court's indulgence.  I'm not sure
24   if you requested Mr. Machado's counsel to be here today,
25   because I believe the main issue is MGA's representation.  And
```

Monday, January 26, 2009                          STATUS CONFERENCE

```
 1  if there's nothing that concerns Mr. Machado, I'd ask to be
 2  excused.  But if you'd like us to stay, that's, of course, fine
 3  as well.
 4          THE COURT:  I don't envision this going very long, so
 5  if you wouldn't mind just staying a few minutes, that would be      00:01
 6  great.
 7          MR. COTE:  Sure.  Thank you.
 8          THE COURT:  Thank you, sir.
 9          As I indicated, I have this request for approval of
10  substitution of counsel, and I certainly have no issue with        00:01
11  additional counsel coming in on a case, clients choosing
12  whoever they want to represent them in a civil case.  The
13  problem, as I tried to explain in the minute order that I sent
14  out, is having two different lead counsel for the same case.
15          I tried to indicate, as best I could, some concerns        00:01
16  that I had in my minute order; Mattel raised some additional
17  ones.  I've kind of come up with more as I've thought about
18  this over the course of the last couple of weeks.
19          Just based on the complicated nature of this case to
20  begin with, I can see a lot of issues coming up; that having,      00:02
21  essentially, two heads, no matter how well they get along, no
22  matter how professional they are -- and, of course, I have
23  nothing but the highest regard for everyone who's involved in
24  this -- just becoming a problem.
25          And then there's the further issue with respect to         00:02
```

Monday, January 26, 2009                               STATUS CONFERENCE

| | |
|---|---|
| 1 | Ms. Glaser, in terms of her potentially being a witness.  And, |
| 2 | again, if that's not an issue, then it's not an issue; but I |
| 3 | just want to have that fleshed out in advance. |
| 4 | So that's what I want to have addressed at the status |
| 5 | conference. |
| 6 | **MS. GLASER:**  Thank you, your Honor.  Very briefly. |
| 7 | Recognizing your Honor's concerns -- we, obviously, |
| 8 | read carefully your order -- I will be the lead counsel. |
| 9 | **THE COURT:**  For all of it? |
| 10 | **MS. GLASER:**  For all of it. |
| 11 | Skadden will -- it's effectively going to be an |
| 12 | association of counsel. |
| 13 | **THE COURT:**  Okay. |
| 14 | **MS. GLASER:**  If you actually want us to refile, we |
| 15 | will refile in that way.  We don't want any -- |
| 16 | **THE COURT:**  I will, just to clarify the record; but |
| 17 | that can be done. |
| 18 | **MS. GLASER:**  Not a problem.  And we'll do that. |
| 19 | With respect to the potential of Glaser being a |
| 20 | witness, we have a waiver, an informed waiver, from the client, |
| 21 | to the extent that is ever going to be an issue.  We don't |
| 22 | anticipate it being an issue, frankly; but if it ever were to |
| 23 | be an issue, I have with me, and I'm glad to share it with your |
| 24 | Honor, if you'd like to see it, the informed waiver of the |
| 25 | client. |

| | |
|---|---|
| 1 | **THE COURT:** That would be great. If you could pass |
| 2 | that forward to Mr. Holmes. |
| 3 | **MS. GLASER:** Certainly. |
| 4 | (Brief pause.) |
| 5 | **THE COURT:** Very good. I'll have this filed under |
| 6 | seal with the Court, just so we'll have a record of that. |
| 7 | **MS. GLASER:** Thank you, your Honor. |
| 8 | **THE COURT:** So then, on a going-forward basis, if and |
| 9 | when the Court approves the refiled substitution of counsel, |
| 10 | which will indicate that you are lead counsel, you will be the |
| 11 | counsel of record for what we've been calling Isaac Larian and |
| 12 | the MGA parties. |
| 13 | **MS. GLASER:** Yes, sir. |
| 14 | **THE COURT:** Very well. |
| 15 | Mr. Nolan, anything further? |
| 16 | **MR. NOLAN:** No, your Honor. |
| 17 | We apologize for any confusion that may have been |
| 18 | created. The idea was to try to make it actually clear who was |
| 19 | going to be responsible. Certainly, I read the Court's order. |
| 20 | I understand the Court's concern. Given the professionalism, I |
| 21 | think, of both counsel and how we are coordinated, we thought |
| 22 | it made better sense to do it the way we had suggested; that |
| 23 | is, so that there's no confusion; that if there's a discovery |
| 24 | dispute on Phase 2, that we're not having all of the law firms |
| 25 | down here. And I think that with Ms. Glaser being in the lead, |

Monday, January 26, 2009                                    STATUS CONFERENCE

1  that makes the most sense.
2           We're going to take the lead with respect to the
3  February 11th hearing on the JMOL and those kinds of things, as
4  we've outlined in the motion.
5           **THE COURT:**  Well, just so it's clear.  I just want                00:06
6  there to be a clear transition here.  It's a time of
7  transition, from one administration to the next.
8           You, Mr. Nolan, are lead counsel up to and the point
9  that I sign the substitution, which will be, most likely,
10 tomorrow, or this afternoon as soon as it comes in; and you                   00:06
11 have spoken for Isaac Larian and MGA up to this point.  I will,
12 in all likelihood, approve that substitution once it's filed
13 this afternoon or tomorrow morning; and from that point
14 forward, Patty Glaser will be responsible and will speak for
15 Isaac Larian and MGA.                                                         00:06
16          But I also want it understood that representations
17 that have been made up to this point, through you, are binding
18 upon Isaac Larian and MGA; and, thereafter, representations
19 made by Ms. Glaser will be binding on MGA.  I just want to make
20 sure that is clear.                                                           00:07
21          **MS. GLASER:**  No question about that, your Honor.
22          The only thing I think Mr. Nolan was alluding to is
23 that on February 11th, he will be arguing.
24          **THE COURT:**  That's fine.  Although if you are the
25 lead counsel of record, you are the lead counsel of record.                   00:07

Monday, January 26, 2009                                   STATUS CONFERENCE

```
 1  You can have whoever you want argue on your behalf.  I've
 2  permitted even multiple attorneys to argue on the same motion;
 3  so I'm quite lenient in terms of allowing that.  We just need
 4  to have these parties speaking with one voice.
 5           And if for some reason Isaac Larian wanted to have       00:07
 6  his own counsel separate and apart from the MGA parties, that
 7  would be fine as well.  I'm not requiring that, obviously, the
 8  individual join with the company.  But to the extent that there
 9  is going to be a joint representation in the case, there's
10  going to be one head to that joint representation.                00:07
11           MS. GLASER:  We appreciate that.  Thank you.
12           THE COURT:  Very well.
13           Any concerns by Mattel on any of this?
14           MR. ZELLER:  Certainly, some of this is resolved by
15  the association, but it still doesn't, I think, resolve the      00:08
16  advocate witness issue that we have here.
17           And, certainly, for purposes, perhaps, of pretrial
18  proceedings, Ms. Glaser as lead counsel may be fine, but trial
19  is really a different animal.
20           You'll recall, of course, that MGA interjected her as   00:08
21  a witness.  And Mr. Larian did it on the stand.  I'm not even
22  talking about the issues that arose in the August 15th
23  in-camera conference, but Mr. Larian got up and repeatedly
24  interjected her name, talked about as officers of the court, of
25  course they're being truthful.  And this was directly related   00:08
```

1    to the spoliation issues that were part of Phase 1, and are
2    specifically alleged as part of Rico predicate acts for
3    Phase 2.
4              The Court may recall that, in fact, when we moved to
5    compel testimony from Ms. Glaser's firm, Judge Infante
6    correctly ruled that those issues were relevant to both Phase 1
7    and Phase 2.  MGA never challenged that, never appealed it; so
8    that is certainly a binding finding at this point.
9              So we do have concerns about, you know, certainly,
10   how this is going to look at trial.  Obviously, it pains us,
11   and I say that frankly, to have to raise these issues about
12   another lawyer; but the problem is that MGA themselves have
13   really interjected her into the proceedings and may force us
14   during Phase 2 to call her as a witness in front of the jury.
15             And I would refer the Court to the Prantil case,
16   where the Ninth Circuit talked about how there are
17   institutional concerns, beyond ethics concerns, when you have
18   an advocate witness issue.
19             So in terms of the waiver that's being proffered
20   here, that may resolve technical issues about ethics and the
21   California rules; but the Ninth Circuit has recognized that the
22   advocate witness rule goes beyond that.  And what we're talking
23   about here at this point is a substitution, which is, I think
24   everyone would agree, a purely discretionary matter.  It is not
25   something that is simply governed by the state ethics rules.

| | |
|---|---|
| 1 | And that's why I would refer the Court to the <u>Prantil</u> case in |
| 2 | connection with.  So we do have that concern. |
| 3 |         **THE COURT:**  Specifically, what's your concern, |
| 4 | Mr. Zeller?  How is Mattel prejudiced in any way? |
| 5 |         **MR. ZELLER:**  Well, we would be prejudiced -- and it's |
| 6 | really, in some respects, the same as the institutional |
| 7 | concern. |
| 8 |         **THE COURT:**  I can see, I suppose more readily -- and |
| 9 | maybe I just have a blind spot here -- I can see more readily, |
| 10 | perhaps, how MGA or Isaac Larian might feel awkward having |
| 11 | their attorney called up as a witness by Mattel.  But they're |
| 12 | willing to waive that, so I defer entirely to their discretion |
| 13 | on that. |
| 14 |         How is Mattel in any way prejudiced by this? |
| 15 |         **MR. ZELLER:**  I would, in fact, refer to exactly the |
| 16 | language in the <u>Prantil</u> case, your Honor.  And this is |
| 17 | basically where it's talking about the witness advocate issue |
| 18 | in that particular case, and it goes on to say, "When, however, |
| 19 | the proposed testimony is germane to his adversary's case, the |
| 20 | balance of hardships is no longer an equilibrium.  Instead of |
| 21 | merely mitigating the hardship to his client's cause, the |
| 22 | attorney may wish to deprive an adversary of the benefits of |
| 23 | his testimony by electing to appear as an advocate and not as a |
| 24 | witness.  Under the veil of 'ethics,' opposing counsel is |
| 25 | deprived of a material witness while the witness, although |

Monday, January 26, 2009                              STATUS CONFERENCE

1  unsworn, is permitted to be an advocate.  This cannot be.  The
2  advocate-witness rule is aimed at protecting the integrity of
3  the fact-finding process, not at distorting the process
4  itself."
5          So the concern is, number one, that we will be in a        00:11
6  position where we may need her testimony and will be denied it.
7  The Court will recall, of course, they opposed our ability to
8  even take these depositions in Phase 1.
9          **THE COURT:**  I can address that issue by getting a
10 waiver on that right now.  If they agree that they're not going  00:12
11 to use that as a basis -- I can't believe that this
12 substitution is designed just to avoid having Ms. Glaser called
13 as a witness.  But I can address that with Ms. Glaser.
14         Ms. Glaser, is that --
15         **MS. GLASER:**  I can assure you that's not the case,    00:12
16 your Honor.
17         **THE COURT:**  Very well.
18         So your client would waive any concern on that basis
19 to you being called?  I mean, you may have other reasons in
20 terms of relevancy and foundation and other reasons why you      00:12
21 cannot testify; but in terms of that being an issue, that is
22 waived; correct?
23         **MS. GLASER:**  Assuming that were even a legitimate
24 issue, that is absolutely correct, your Honor.
25         **THE COURT:**  Very well.                                00:12

Monday, January 26, 2009                           STATUS CONFERENCE

1           What else, Mr. Zeller?

2           **MR. ZELLER:**  Well, then, I think also we still have

3  the issue of whether or not MGA can essentially interject her

4  into these proceedings.

5           We had it happen involuntarily to us in Phase 1, as

6  the Court may recall; those e-mails, all of those things are

7  still at issue in the case.  Mr. Larian, over our objection,

8  repeatedly referred to them, even after Mr. Nolan made a

9  representation to the Court -- and we're not contesting that

10 he, in fact, did this; but he told Mr. Larian to stop doing it.

11 And he continued to do it.  So we have very serious concerns

12 that Phase 2 is going to turn into a situation where Mr. Larian

13 is going to essentially try and force us to put Ms. Glaser on

14 the stand.

15          So what I would also think is that as part of this,

16 MGA should not be allowed to themselves call her.  Obviously,

17 if we call Ms. Glaser, they should be allowed to obviously

18 redirect, or whatever they're going to do; but I don't think it

19 should be left to their choice.

20          That also would seem to be the other part of this

21 equation, so that we are not into these exact issues that

22 Prantil is concerned about.  Because you do still have, whether

23 an attorney is actually called to the stand or not, what's

24 considered the 'unsworn witness problem,' because it confuses

25 the boundaries between advocate and witness.

Monday, January 26, 2009                              STATUS CONFERENCE

| | |
|---|---|
| 1 | **THE COURT:** We can certainly address that through an |
| 2 | *in limine* ruling, that there's not going to be any unsworn |
| 3 | testimony.  We can certainly restrict references to that by |
| 4 | Mr. Larian or anybody else unless and until Mattel or somebody |
| 5 | calls Ms. Glaser as a witness. |
| 6 | I guess there's a heavy presumption in the Court's |
| 7 | mind to afford counsel an opportunity to have counsel of their |
| 8 | choice.  I understand there are concerns, but these don't seem |
| 9 | to be insurmountable concerns. |
| 10 | **MR. ZELLER:**  And I'm not sure that I disagree with |
| 11 | that, but I do want to put on the record our concerns at this |
| 12 | point.  Certainly, having the waiver with respect to us calling |
| 13 | Ms. Glaser as a witness if we need to for Phase 2; that, |
| 14 | obviously, eliminates that concern.  But then there is the |
| 15 | other side of the equation that I'm now raising. |
| 16 | And as they say, it's not a hypothetical concern. |
| 17 | This is what Mr. Larian already did in Phase 1. |
| 18 | **THE COURT:**  And that's part of the reason why the |
| 19 | Court wanted to have a status conference.  I understand it's |
| 20 | not a hypothetical concern. |
| 21 | Very good.  Thank you, Mr. Zeller. |
| 22 | **MR. ZELLER:**  Thank you. |
| 23 | **THE COURT:**  Yes? |
| 24 | **MR. COTE:**  As your Honor knows, we did not have the |
| 25 | privilege of participating in the trial in Phase 1 all summer, |

Monday, January 26, 2009                                    STATUS CONFERENCE

| | |
|---|---|
| 1 | so we don't have the historical background that the other |
| 2 | counsel sitting at the table have.  I just want to ask a point |
| 3 | of clarification. |
| 4 |       The February 11th hearing, I understood from the |
| 5 | Court's orders -- and I may have misunderstood -- that that was |
| 6 | mostly going to be resolving the pending motions, the pending |
| 7 | post trial motions. |
| 8 |       **THE COURT:**  Exactly. |
| 9 |       **MR. COTE:**  But I also understand that there may be |
| 10 | some scheduling conference-type issues addressed at that time. |
| 11 |       **THE COURT:**  I am directing all counsel to be present. |
| 12 | Because depending on whether or not -- the Court will want to |
| 13 | issue a scheduling order.  It probably will not do so then, but |
| 14 | rather, contemporaneous with the order relating to the motions, |
| 15 | because that actually might effect some scheduling issues.  But |
| 16 | I'll want counsel there so that we can take up the issue as |
| 17 | part of that hearing; we'll look at counsel's availability, et |
| 18 | cetera. |
| 19 |       **MR. COTE:**  Thank you. |
| 20 |       **THE COURT:**  Is there anything further from MGA or |
| 21 | Isaac Larian? |
| 22 |       Indicating not, I will issue an order on this status |
| 23 | conference.  I will anticipate receiving revised substitution |
| 24 | papers which clearly spell out lead counsel.  And I wish you |
| 25 | all well. |

Monday, January 26, 2009　　　　　　　　　　　　　　　　STATUS CONFERENCE

CERTIFICATE

I hereby certify that pursuant to section 753, title 28, United States Code, the foregoing is a true and correct transcript of the stenographically recorded proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

_____  _____
THERESA A. LANZA, CSR, RPR                        Date
Federal Official Court Reporter

Monday, January 26, 2009                          STATUS CONFERENCE