```
 1                    UNITED STATES DISTRICT COURT

 2                   CENTRAL DISTRICT OF CALIFORNIA

 3                          EASTERN DIVISION

 4                              - - -

 5         HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                              - - -

 7  carter bryant, et. Al.,           )
                                      )
 8                    Plaintiffs,     )
                                      )
 9          vs.                       )  No. ED CV 04-09049
                                      )  (LEAD LOW NUMBER)
10  mattel, inc., et. Al.,            )
                                      )
11                    Defendants.     )  TELEPHONIC
    _____)  CONFERENCE
12  AND CONSOLIDATED ACTIONS,         )
                                      )
13  _____)

14

15            REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                     Riverside, California

17                  Thursday, February 28, 2008

18                          10:08 A.M.

19

20

21

22

23            THERESA A. LANZA, RPR, CSR
             Federal Official Court Reporter
24            3470 12th Street, Rm. 134
             Riverside, California  92501
25                   951-274-0844
               WWW.THERESALANZA.COM
```

```
 1   APPEARANCES: (TELEPHONICALLY)

 2   On behalf of CARTER BRYANT:

 3                           KEKER & VAN NEST
                             BY:  MATTHEW M. WERDEGAR
 4                           BY:  MIKE PAGE
                             710 SANSOME STREET
 5                           SAN FRANCISCO, California  94111-1704
                             415-391-5400
 6


 7
     on behalf of MATTEL:
 8
                             QUINN EMANUEL
 9                           BY:  JON COREY
                             865 S. FIGUEROA STREET,
10                           10TH FLOOR
                             LOS ANGELES, California  90017
11                           213-624-7707

12
     ON BEHALF OF MGA ENTERTAINMENT:
13
                             SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
14                           BY:  THOMAS J. NOLAN
                             300 SOUTH GRAND AVENUE
15                           LOS ANGELES, CALIFORNIA  90071-3144
                             213-687-5000
16

17

18

19

20

21

22

23

24

25
```

FEBRUARY 27, 2008                    TELEPHONIC CONFERENCE

```
 1                           I N D E X

 2                                                          Page

 3    HEARING........................................    4
```

FEBRUARY 27, 2008                    TELEPHONIC CONFERENCE

```
 1   RIVERSIDE, CALIFORNIA; THURSDAY, FEBRUARY 28, 2008; 10:08 A.M.
 2                              -oOo-
 3          THE COURT:  GENTLEMEN, GOOD MORNING.
 4          APPEARANCES, PLEASE.                                          01:26
 5          MR. COREY:  JON COREY FOR MATTEL.
 6          MR. NOLAN:  TOM NOLAN ON BEHALF OF MGA, ISAAC LARIAN.
 7          MR. WERDEGAR:  MATTHEW WERDEGAR, MIKE PAGE, ON BEHALF
 8   OF CARTER BRYANT.
 9          THE COURT:  GOOD MORNING TO YOU ALL.
10          COUNSEL, THE COURT WAS PREPARING ITS MONDAY CALENDAR,         01:26
11   AND I WAS REVIEWING THE MOTION FOR LEAVE TO TAKE ADDITIONAL
12   DISCOVERY ON THE MGA'S DEFENDANTS UNCLEAN HANDS AFFIRMATIVE
13   DEFENSE.  AFTER REVIEWING THE MOTION, I RECEIVED MGA'S NOTICE
14   OF WITHDRAWAL OF THE UNCLEAN HANDS AFFIRMATIVE DEFENSE.
15          THINKING THAT MIGHT RESOLVE OR MAKE ONE LESS THING TO         01:27
16   WORRY ABOUT, I THEN RECEIVED THE NOTICE OF NON OPPOSITION BY
17   CARTER BRYANT, FILED BY MATTEL; AND IT WASN'T SO MUCH A NOTICE
18   OF NON OPPOSITION AS IT WAS A NOTICE OF NO OPPOSITION BEING
19   FILED.  BUT THEN AGAIN, THE MOTION WAS DIRECTED TOWARDS MGA, SO
20   THAT PROBABLY WASN'T AS REMARKABLE AS I FIRST THOUGHT.               01:28
21          AND THEN, TO COMPLETE THE CIRCLE, I RECEIVED,
22   ACTUALLY JUST THIS MORNING, CARTER BRYANT'S STATEMENT REGARDING
23   MATTEL'S MOTION.
24          AS I UNDERSTAND IT, MATTEL WANTS SOME DEPOSITIONS TO
25   ADDRESS MGA'S UNCLEAN HANDS DEFENSE, WHICH FROM MATTEL'S             01:28
```

```
 1  PERSPECTIVE HAS BEEN INCORPORATED IN THE CARTER BRYANT'S
 2  DEFENSE.  ALTHOUGH, FROM CARTER BRYANT'S PERSPECTIVE, THEY HAD
 3  A SEPARATE AND INDEPENDENT AFFIRMATIVE DEFENSE OF UNCLEAN
 4  HANDS, WHICH WAS NOT A FUNCTION OF INCORPORATING MGA'S DEFENSE,
 5  AND, THEREFORE, CARTER BRYANT'S POSITION IS THAT THIS MOTION IS      01:29
 6  NOT DIRECTED TOWARDS THEM AND THAT IT IS, THEREFORE, MADE MOOT
 7  BY MGA'S WITHDRAWAL OF THE AFFIRMATIVE DEFENSE.
 8          MATTEL TAKES THE POSITION THAT IT'S ALL INEXTRICABLY
 9  INTERTWINED AND BASICALLY THEIR MOTION IS DIRECTED TOWARDS
10  CARTER BRYANT AS WELL.  THAT SEEMS TO BE WHERE I'M AT RIGHT NOW      01:29
11  IN TERMS OF JUST TRYING TO UNDERSTAND WHAT'S GOING ON HERE.
12          BUT PERHAPS ALL THREE PARTIES CAN HELP CLARIFY THE
13  COURT'S UNDERSTANDING OF THEIR POSITIONS AND THEN WE CAN
14  ADDRESS THE MOTION ITSELF.
15          MR. NOLAN:  I'LL GO FIRST.                                   01:29
16          WE THOUGHT THAT IN MOVING FORWARD AND FILING THE
17  NOTICE OF WITHDRAWAL OF THE UNCLEAN HANDS, WITH RESPECT TO
18  PHASE ONE ISSUES, THAT WE WERE MOOTING THE NEED FOR ADDITIONAL
19  DISCOVERY.  IT WAS OUR UNDERSTANDING THAT CARTER BRYANT WAS
20  BASICALLY IN THE SAME POSITION AND, THEREFORE, THIS MATTER WAS      01:30
21  MOOT.
22          WHEN WE SAW THE COURT'S NOTICE REGARDING A TELEPHONIC
23  CONFERENCE, WE CALLED AND SPOKE WITH CARTER BRYANT'S COUNSEL
24  AND THEY CONFIRMED THAT WAS THEIR POSITION AND THEN THEY HAD
25  THEIR FILING LAST NIGHT; SO AS MGA AND ISAAC LARIAN ARE              01:30
```

```
 1   CONCERNED, WE THOUGHT THIS MATTER WAS MOOT AND WOULD BE DEALT
 2   WITH IN PHASE TWO.
 3             MR. WERDEGAR:  ON BEHALF OF CARTER BRYANT, OUR
 4   UNDERSTANDING UP UNTIL WE SAW THIS NOTICE OF NON OPPOSITION
 5   FROM MATTEL WAS THE SAME.  THIS WAS A MOTION THAT WAS DIRECTED        01:30
 6   AGAINST MGA AND MGA'S UNCLEAN HANDS DEFENSE, WHICH IS WHY WE
 7   DID NOT FILE AN OPPOSITION.  IT WASN'T A MOTION THAT WE THOUGHT
 8   RELATED TO US.
 9             WHEN WE SAW THE NON OPPOSITION FROM MATTEL, THAT'S
10   WHEN WE ENDEAVORED TO PREPARE THE STATEMENT THAT YOU RECEIVED         01:31
11   THIS MORNING, YOUR HONOR.
12             AND I THINK IT'S CLEAR IN THE STATEMENT, BUT TO BE
13   CLEAR, TO THE EXTENT THAT WE WERE INCORPORATING OR RELYING UPON
14   MGA'S UNCLEAN HANDS DEFENSE, WE'RE NOT ASSERTING THAT IN PHASE
15   ONE.  IT'S BEEN WITHDRAWN AS TO PHASE ONE AND IT IS STILL AN          01:31
16   ISSUE IN PHASE IT TWO; SO WE DON'T THINK ANY ADDITIONAL
17   DISCOVERY IS APPROPRIATE AT THIS TIME.
18             WE DO HAVE A SEPARATE AND INDEPENDENT UNCLEAN HANDS
19   DEFENSE RELATED TO PHASE ONE.  I DON'T THINK THERE'S ANY
20   DISPUTE WITH MATTEL REGARDING THAT, BUT THAT DOESN'T RELATE TO        01:31
21   ANY OF THE FACTS AND CONTENTIONS THAT MATTEL IS CLAIMING IT
22   NEEDS ADDITIONAL DISCOVERY ON; IT RELATES TO SEPARATE FACTS AND
23   CONTENTIONS, AND THE DISCOVERY AS TO THOSE IS COMPLETE.
24             MR. COREY:  LET ME TRY TO CUT THROUGH THIS A LITTLE
25   BIT.                                                                  01:32
```

FEBRUARY 27, 2008                    TELEPHONIC CONFERENCE

1           MATTEL ACKNOWLEDGES THAT CARTER BRYANT DOES HAVE AN
2    UNCLEAN HANDS DEFENSE THAT HE IS ASSERTING IN PHASE ONE.
3    MATTEL UNDERSTANDS THAT THAT UNCLEAN HANDS DEFENSE IS FAIRLY
4    TAILORED IN SCOPE.
5           WITH RESPECT TO THE INTERROGATORIES THAT THE COURT                01:33
6    PERMITTED MATTEL TO SERVE ASKING FOR FACTUAL BASIS FOR THE
7    AFFIRMATIVE DEFENSES, CARTER BRYANT'S RESPONSE TO THAT
8    INTERROGATORY WITH RESPECT TO HIS UNCLEAN HANDS DEFENSE
9    CONTAINED A NUMBER OF FACTUAL ALLEGATIONS, ALMOST 20 PAGES OF
10   FACTUAL ALLEGATIONS, THAT PARROTED BACK THE UNCLEAN HANDS            01:33
11   DEFENSE THAT WAS BEING ASSERTED BY MGA.  AND TO THE EXTENT THAT
12   CARTER BRYANT WAS PROCEEDING IN PHASE ONE WITH THAT TYPE OF
13   UNCLEAN HANDS DEFENSE, THAT VERY BROAD SCOPE, THEN MATTEL
14   THOUGHT IT WAS ENTITLED TO TAKE DISCOVERY FROM MGA WHO HAS THE
15   FACTUAL INFORMATION RELATED TO THAT.                                  01:33
16           **THE COURT:**  BUT NOW THAT YOU KNOW THEY ARE NOT, IS
17   THIS MOOT NOW?
18           **MR. COREY:**  WELL, I THINK THE WAY TO DEAL WITH
19   THAT -- AND THIS GOES TO THE LETTER THAT WAS ATTACHED TO
20   MR. WERDEGAR'S DECLARATION --                                         01:34
21           **THE COURT:**  RIGHT.  I SAW THAT LETTER.  THE LAST
22   PARAGRAPH OF THAT LETTER SEEMS TO SPELL OUT, WITH REFERENCE TO
23   THE INTERROGATORY ITSELF, THE SCOPE OF THE CARTER BRYANT
24   UNCLEAN HANDS DEFENSE.
25           **MR. COREY:**  AND I THINK WITH THE REPRESENTATION ON        01:34

FEBRUARY 27, 2008                    TELEPHONIC CONFERENCE

| | |
|---|---|
| 1 | THE RECORD BY COUNSEL FOR MR. BRYANT THAT THEY ARE NOT RELYING |
| 2 | ON THE PORTIONS OF THAT INTERROGATORY THAT WAS AT PAGE 8, |
| 3 | LINE FIVE THROUGH PAGE 28, LINE SEVEN, AND ONE ADDITIONAL |
| 4 | SENTENCE THAT I SPOKE TO MR. WERDEGAR ABOUT THIS MORNING, |
| 5 | THAT'S THE SENTENCE STARTING ON PAGE 4, LINE FOUR, THAT THOSE |
| 6 | ARE NOT GOING TO BE ASSERTED IN PHASE ONE, THE MOTION DOES |
| 7 | BECOME MOOT. |
| 8 | **MR. WERDEGAR:** WE AGREE, YOUR HONOR; THAT WAS THE |
| 9 | INTENT OF THE LETTER WHICH WE STAND BEHIND AND WE AGREE THE |
| 10 | MOTION SHOULD BE MOOT AT THIS POINT. |
| 11 | **THE COURT:** VERY WELL. |
| 12 | I WILL VACATE THE HEARING FOR MONDAY.  AND BASED ON |
| 13 | YOUR REPRESENTATION SET FORTH IN THE LETTER ATTACHED, THE |
| 14 | LETTER DATED FEBRUARY 27TH TO MR. PROCTOR FROM MR. WERDEGAR, |
| 15 | THE MOTION IS MOOT AND THE HEARING IS VACATED. |
| 16 | **MR. COREY:** THANK YOU, YOUR HONOR. |
| 17 | **THE COURT:** ANYTHING ELSE AT THIS TIME? |
| 18 | **MR. NOLAN:** YOUR HONOR, WE RECEIVED JUST ABOUT TEN |
| 19 | MINUTES BEFORE THE HEARING THE ORDER THAT THE COURT SIGNED WITH |
| 20 | RESPECT TO THE ORDER REGARDING HARD DRIVES. |
| 21 | **THE COURT:** YES. |
| 22 | **MR. NOLAN:** MAY I JUST FOR A MOMENT, YOUR HONOR, |
| 23 | RAISE AN ISSUE. |
| 24 | FIRST OF ALL, WE RECEIVED THE COURT'S MINUTE ORDER |
| 25 | LAST EVENING AND DID NOT RECEIVE A COPY THIS ORDER UNTIL THIS |

1  MORNING.  WE STARTED TO ENDEAVOR LAST NIGHT TO CONSIDER MUTUAL
2  EXPERTS TO TAKE A LOOK AT THIS.
3           WHEN WE RECEIVED THE ORDER SIGNED IN THE FORMAT THAT
4  MATTEL SUBMITTED IT, THIS GOES WAY BEYOND THE RELIEF THAT THEY
5  WERE SEEKING IN THEIR PAPERS AND, IN PARTICULAR, THEIR REPLY         01:37
6  PAPERS.
7           THE ROOM FOR CONCERN HERE, YOUR HONOR -- AND IT'S A
8  VERY SERIOUS CONCERN ON OUR PART -- IS THAT A LITERAL
9  INTERPRETATION OF THIS ORDER WOULD SUGGEST THAT MATTEL CAN MAKE
10 A FORENSIC COPY OF ANY HARD DISK DRIVE OR, FRANKLY, ANY MEMORY       01:37
11 DEVICE THAT ISAAC LARIAN MAY HAVE USED DURING THE PERIOD OF
12 1999 TO THE CURRENT TIME AND, BY SO DOING, GET ACCESS TO ALL OF
13 THIS INFORMATION ON HIS COMPUTER HARD DRIVE, INCLUDING BUT NOT
14 LIMITED TO -- OBVIOUSLY THE MOST IMPORTANT ONE IS ANY ATTORNEY-
15 CLIENT PRIVILEGED MATERIAL, BECAUSE A FORENSIC COPY WOULD            01:37
16 SIMPLY JUST COPY EVERYTHING THAT'S ON IT.  THERE IS ALSO
17 FINANCIAL INFORMATION INVOLVING HIS OWN PERSONAL ASSETS, HIS
18 CHILDREN'S ASSETS; SO THIS ORDER IS SO BROAD.
19          WHAT WE WERE GOING TO DO TODAY, IF WE HADN'T RECEIVED
20 THE SIGNED ORDER A FEW MINUTES AGO, WAS TO ASK THE COURT IF WE       01:38
21 COULD SUBMIT AN ORDER WHICH WE THINK TAILORS WHAT IS NECESSARY
22 HERE IN ORDER TO PREVENT MATTEL HAVING ACCESS TO ALL OF
23 ISAAC LARIAN'S MATERIALS ON HIS COMPUTER WITHOUT THE ABILITY TO
24 OBJECT ON THE BASIS OF, AS I SAID, ATTORNEY-CLIENT PRIVILEGE.
25 IN THE ORDER PROPOSED BY MATTEL, IT WAS JUST OVERBROAD.              01:39

1          **THE COURT:** MR. NOLAN, I CERTAINLY UNDERSTAND THE

2    CONCERN.  THIS WHOLE ISSUE WITH THE HARD DRIVES UNDERSCORES THE

3    IMPORTANCE, PARTICULARLY IN LIGHT OF WHERE THE FEDERAL RULES OF

4    CIVIL PROCEDURE ARE NOW ON ELECTRONIC DISCOVERY, ABOUT ONCE

5    LITIGATION HAS COMMENCED OR IS ANTICIPATED, THAT HARD DRIVES DO          01:39

6    NOT GET ERASED, PARTICULARLY IN PRINCIPALS LIKE MR. LARIAN.

7          PUTTING THAT ASIDE, I MEAN, THAT'S A PRIMARY CONCERN.

8          A SECONDARY CONCERN, OF COURSE, IS WHAT YOU'RE

9    RAISING HERE, AND I WOULD CERTAINLY ANTICIPATE THAT SOME KIND

10   OF PROTECTIVE ORDER COULD BE DRAFTED OR DRAWN UP WHICH WOULD,            01:40

11   IN A FIRST INSTANCE, LIMIT REVIEW OF THE HARD DRIVES TO

12   WHATEVER EXPERTS OR WHATEVER FORENSIC COMPUTER SPECIALIST IS

13   GOING TO BE REVIEWING THESE HARD DRIVES TO DETERMINE WHAT, IF

14   ANYTHING, WAS DELETED THAT'S RELEVANT, AND ALL OF THAT.

15         **MR. NOLAN:** RIGHT.                                              01:40

16         **THE COURT:** I CERTAINLY UNDERSTAND THE CONCERNS AND

17   THE PRIVACY CONCERNS OF MR. LARIAN AND HIS CHILDREN, AND I

18   SUSPECT THAT WOULD BE SOMETHING THAT MR. COREY AND MR. QUINN

19   WOULD BE WILLING TO DISCUSS WITH YOU.  I WOULD HOPE THAT YOU

20   COULD WORK THAT OUT AMONG YOURSELF.                                     01:40

21         IF YOU NEED TO SEEK RELIEF FROM THE COURT, I WOULD

22   CERTAINLY GIVE YOU LEAVE TO DO SO, BUT NOT BEFORE YOU'VE TRIED

23   TO WORK THIS OUT.

24         **MR. NOLAN:** RIGHT.

25         **THE COURT:** I UNDERSTAND YOUR CONCERNS.  TO ME, THEY            01:41

FEBRUARY 27, 2008                    TELEPHONIC CONFERENCE

```
 1   ARE NOT SUFFICIENT, GIVEN WHERE WE ARE ON THIS, GIVEN WHAT THE
 2   RULES ARE ON THIS AND NOT HAVING THE EVIDENCE REVIEWED.  BUT
 3   CERTAINLY WE NEED TO INSTALL CERTAIN PROPHYLACTIC MEASURES THAT
 4   PREVENT THAT TYPE OF INFORMATION FROM GETTING OUT, EVEN TO THE
 5   ATTORNEYS, NOT TO MENTION THE PARTIES IN THIS CASE, UNLESS AND        01:41
 6   UNTIL IT IS DETERMINED THAT THIS REALLY IS EVIDENCE THAT'S
 7   GOING TO BE USED IN THE MOTION OR IN THE TRIAL.
 8            MR. NOLAN:  RIGHT.
 9            YOUR HONOR, EVEN MATTEL IN ITS REPLY PAPERS,
10   SUGGESTED THAT A SO-CALLED NEUTRAL --                                 01:41
11            THE COURT:  RIGHT.
12            MR. COREY:  WE'RE MORE THAN HAPPY TO DISCUSS THAT
13   WITH MR. NOLAN AND COME UP WITH A PROTOCOL.
14            THE COURT:  A PROTOCOL NEEDS TO COME UP.  I WILL TAKE
15   RESPONSIBILITY FOR THAT.  I SHOULD HAVE LOOKED MORE CAREFULLY         01:42
16   AND CONSIDERED MORE CAREFULLY THAT DIMENSION OF THE ORDER
17   BEFORE ISSUING IT OR MADE IT CLEAR THAT I WANTED TO HAVE THAT
18   INCLUDED.  SO PLEASE DO THAT.  THAT WAS CERTAINLY THE INTENTION
19   OF THE COURT TO HAVE THAT TYPE OF PROTOCOL ESTABLISHED.
20   PERHAPS I JUST ASSUMED THAT WAS IN PLACE BETWEEN THE PARTIES,         01:42
21   BUT I SHOULDN'T MAKE THAT KIND OF ASSUMPTION, OF COURSE, IN A
22   MATTER OF THIS NATURE.
23            I'LL LEAVE IT TO YOU IN THE FIRST INSTANCE TO TRY TO
24   WORK THAT OUT.  IF THERE'S ANY DISPUTE OVER THAT PROTOCOL, LET
25   ME KNOW.                                                              01:43
```

```
 1          MR. NOLAN:  YOUR HONOR, MAY I JUST ASK AND INQUIRE
 2  ABOUT THIS:
 3          WE'LL MEET AND CONFER WITH MR. COREY AND MAYBE WE
 4  WON'T HAVE ANY PROBLEM.  BUT IF WE DO, JUST FOR PROTECTION
 5  PURPOSES, JUST SUBMIT A PROTECTIVE ORDER FOR THE COURT'S            01:43
 6  SIGNATURE?  OR DO YOU WANT US TO GO TO JUDGE INFANTE?
 7          THE COURT:  YES.  I WANT THAT TO COME TO ME.
 8          MR. NOLAN:  RIGHT.  AND WE CAN ALSO DISCUSS WITH
 9  MR. COREY THE APPOINTMENT OF A NEUTRAL -- IF THAT'S THE CASE,
10  YOUR HONOR, I'M WONDERING WHETHER OR NOT IT WOULD BE                01:43
11  APPROPRIATE -- AND WE'LL MOVE QUICKLY.  I'LL REPRESENT WE'LL
12  START THE MEET AND CONFER IMMEDIATELY WITH MR. COREY.  WHEN I
13  SAY IMMEDIATELY, AFTER THIS PHONE CALL.
14          DOES THE COURT MIND CONSIDERING WITHDRAWING THE ORDER
15  THAT HAS BEEN PRESENTLY SIGNED?                                     01:44
16          BECAUSE THE SIGNING OF THAT ORDER DOES START CERTAIN
17  TIME CONSIDERATIONS FOR COMING BACK TO YOU; YOU SAID YOU WOULD
18  GRANT US LEAVE TO COME BACK TO YOU.  WE HAVE YOUR MINUTE ORDER.
19  WE KNOW WHAT THE INTENT OF THE COURT IS.  MAYBE WHAT WE COULD
20  DO IS COME TOGETHER WITH A STIPULATED ORDER AND HAVE THIS           01:44
21  REPLACED.
22          THE COURT:  I'M NOT GOING TO DISTURB THE ORDER,
23  MR. NOLAN, BUT I WILL GIVE YOU LEAVE TO NEGOTIATE THIS
24  PROTOCOL, AND I WILL GIVE YOU EXPRESSED LEAVE AND I'LL SET
25  FORTH IN THE MINUTE ORDER FROM THIS CONFERENCE HERE THAT IF         01:44
```

```
 1   YOU'RE UNABLE TO RESOLVE THIS TO YOUR SATISFACTION, I WILL GIVE
 2   YOU LEAVE TO FILE A MOTION FOR RECONSIDERATION.
 3          I'M CERTAINLY NOT INVITING THAT OR ENCOURAGING THAT,
 4   BECAUSE I HAVE CAREFULLY CONSIDERED THE VARIOUS ISSUES IN TERMS
 5   OF, AS I INDICATED, WHAT I REFERRED TO AS THE PRIMARY ISSUE.       01:45
 6   I'M CONVINCED THESE HARD DRIVES NEED TO BE EXAMINED,
 7   SPECIFICALLY IN THE PROTOCOL IN TERMS OF HOW THAT PROCESS TAKES
 8   PLACE.
 9          **MR. NOLAN:**  RIGHT.  I WASN'T TRYING TO BACK DOOR THE
10   RECONSIDERATION MOTION ON THE ACTUAL ISSUE ITSELF, BUT MORE        01:45
11   THAT THERE'S NOTHING IN THE COURT'S ORDER THAT WAS INTENDED TO
12   SUGGEST THAT MATTEL COULD HAVE ACCESS --
13          **THE COURT:**  UNFETTERED ACCESS; NO, OF COURSE NOT.
14          **MR. NOLAN:**  RIGHT.  OKAY.  GREAT.
15          I APPRECIATE THAT, YOUR HONOR.  WE'LL WORK IT OUT            01:45
16   WITH THEM.  HOPEFULLY WE WON'T HAVE TO BRING IT BACK TO YOU.
17          **THE COURT:**  VERY WELL.
18          MR. COREY, IS THERE ANYTHING FURTHER FROM YOU ON THAT
19   POINT?
20          **MR. COREY:**  NO.  I'M HAPPY TO HAVE THAT DISCUSSION       01:46
21   WITH MR. NOLAN.  I DON'T KNOW THAT WE'RE GOING TO AGREE THAT A
22   NEUTRAL EXPERT IS SOMEONE WHO BECOMES APPOINTED, BUT I THINK WE
23   WILL BE ABLE TO DEAL WITH THE PRIVILEGE AND PRIVACY ISSUES.
24          **THE COURT:**  LET THE COURT KNOW IF THE COURT CAN BE OF
25   SERVICE.  I WANT TO GET THIS RESOLVED AS SOON AS POSSIBLE,         01:46
```

FEBRUARY 27, 2008                    TELEPHONIC CONFERENCE

```
 1  BECAUSE I KNOW THAT WE'VE GOT LOTS OF OTHER THINGS TO BE
 2  WORKING ON.
 3          MR. NOLAN:  RIGHT.
 4          I'M JUST TALKING ABOUT THEIR OWN REQUEST TO YOU AND
 5  THEIR REPLY PAPERS THAT A NEUTRAL EXPERT SHOULD BE APPOINTED.    01:47
 6          THE COURT:  I'M NOT EXPRESSING AN OPINION ON THAT AT
 7  THIS POINT.
 8          MR. NOLAN:  VERY WELL.
 9          THE COURT:  I WILL MAKE MYSELF AVAILABLE IF YOU
10  CANNOT AGREE.                                                    01:47
11          MR. NOLAN:  ALL RIGHT.  THANK YOU.
12          THE COURT:  ANYTHING FURTHER FROM CARTER BRYANT?
13          MR. WERDEGAR:  NO, YOUR HONOR.
14          MR. NOLAN:  THANK YOU VERY MUCH.
15          MR. COREY:  THANK YOU, YOUR HONOR.                       01:47
16          THE COURT:  GOOD DAY.
17
18                          CERTIFICATE
19
20  I hereby certify that pursuant to section 753, title 28, United
    States code, the foregoing is a true and correct transcript of
21  the stenographically recorded proceedings held in the above-
    entitled matter and that the transcript page format is in
22  conformance with the regulations of the judicial conference of
    the United States.
23
24  _____         _____
    THERESA A. LANZA, CSR, RPR                       Date
25  FEDERAL Official COURT Reporter
```

FEBRUARY 27, 2008                    TELEPHONIC CONFERENCE