```
 1                    UNITED STATES DISTRICT COURT

 2                   CENTRAL DISTRICT OF CALIFORNIA

 3                          EASTERN DIVISION

 4                              - - -

 5        HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                              - - -

 7  carter bryant, et. Al.,          )
                                     )
 8                     Plaintiffs,   )
                                     )
 9            vs.                    )  No. ED CV 04-09049
                                     )  (LEAD LOW NUMBER)
10  mattel, inc., et. Al.,           )
                                     )
11                     Defendants.   )
    _____)  TELEPHONIC HEARING
12  AND RELATED ACTIONS,             )
    _____)

13

14
                 REPORTER'S TRANSCRIPT OF PROCEEDINGS
15
                        Riverside, California
16
                    Wednesday, April 9th, 2008
17
                             4:51 P.M.
18

19

20

21

22

23              THERESA A. LANZA, RPR, CSR
                Federal Official Court Reporter
24                3470 12th Street, Rm. 134
                Riverside, California  92501
25                    (951) 274-0844
                    WWW.THERESALANZA.COM
```

```
 1   APPEARANCES (ALL TELEPHONIC):

 2


 3   On behalf of MATTEL, INC.:

 4
                         QUINN EMANUEL
 5                       BY:  JAMES WEBSTER
                         By:  DYLAN PROCTOR
 6                       865 S. FIGUEROA STREET,
                         10TH FLOOR
 7                       LOS ANGELES, California  90017
                         (213) 624-7707
 8


 9
     ON BEHALF OF MGA ENTERTAINMENT:
10
                         SKADDEN, ARPS, SLATE,
11                        MEAGHER & FLOM
                         BY:  TOM NOLAN
12                       BY:  LANCE ETCHEVERRY
                         300 SOUTH GRAND AVENUE
13                       LOS ANGELES, CALIFORNIA 90071-3144
                         213-687-5000
14

15

16

17

18

19

20

21

22

23

24

25
```

APRIL 9TH, 2008                                    TELEPHONIC HEARING

I N D E X

Page

TELEPHONIC HEARING..............................    4

APRIL 9TH, 2008                              TELEPHONIC HEARING

```
 1      RIVERSIDE, CALIFORNIA; WEDNESDAY, APRIL 9, 2008; 4:51 P.M.
 2                                -oOo-
 3          THE COURT:  COUNSEL, MAKE YOUR APPEARANCES FOR THE
 4   RECORD, PLEASE.
 5          MR. NOLAN (TELEPHONICALLY):  TOM NOLAN AND                 04:51
 6   LANCE ETCHEVERRY FOR MGA AND ISAAC LARIAN.
 7          MR. WEBSTER (TELEPHONICALLY):  JAMES WEBSTER AND
 8   DYLAN PROCTOR ON BEHALF OF MATTEL, FROM QUINN EMANUEL.
 9          THE COURT:  VERY GOOD.
10          I UNDERSTAND THAT WE WERE NOT ABLE TO GET COUNSEL FOR      04:51
11   CARTER BRYANT AT SUCH SHORT NOTICE; BUT SINCE THIS CONFERENCE
12   BASICALLY INVOLVES MOTIONS BEING BROUGHT BY MGA, AND THE COURT
13   IS OF THE VIEW THAT THE INTERESTS OF CARTER BRYANT AND MGA
14   MERGE ON THIS PARTICULAR ISSUE, I THINK I WILL PROCEED WITHOUT
15   THEM.                                                             04:51
16          IS THERE ANY OBJECTION?
17          MR. NOLAN:  NO OBJECTION, YOUR HONOR.
18          MR. WEBSTER:  NO OBJECTION.
19          THE COURT:  VERY WELL.
20          WE'LL MAKE SURE THAT COUNSEL FOR CARTER BRYANT             04:51
21   RECEIVES NOTICE OF THIS.
22          I SET THIS UP IN RESPONSE TO AN E-MAIL THAT WAS
23   FORWARDED TO ME BY MY COURTROOM DEPUTY FROM MR. NOLAN
24   CONCERNING CERTAIN MATTERS THAT ARE SCHEDULED FOR MONDAY.
25   THERE ARE THREE DIFFERENT MATTERS THAT THE COURT BELIEVES ARE     04:51
```

1    SOMEWHAT RELATED, AND I WAS PLANNING, ACTUALLY THIS AFTERNOON,
2    TO ISSUE A MINUTE ORDER CONSOLIDATING THESE THREE FOR ARGUMENT
3    ON MONDAY.
4            THE THREE MATTERS ARE, FIRST OF ALL, THE EX-PARTE
5    APPLICATIONS I MADE REFERENCE TO AT MONDAY'S HEARING; THIS IS                04:51
6    BY MGA TO COMPEL THE DEPOSITIONS OF MS. CABRERRA, MS. MORALES
7    AND MS. SALAZAR; THEN THERE'S THE MGA MOTION, WHICH IS ALREADY
8    CALENDARED FOR MONDAY, CONCERNING THE EVIDENTIARY HEARING
9    REGARDING THE ALLEGED WITNESS TAMPERING; AND THEN A THIRD
10   SOMEWHAT RELATED MOTION IS MGA'S MOTION TO REVIEW PORTIONS OF                04:51
11   THE DISCOVERY MASTER'S MARCH 11, 2008 ORDER REGARDING THE
12   MOTION TO QUASH THE DEPOSITION SUBPOENAS OF THE THREE
13   INDIVIDUALS THAT I'VE NAMED.  THESE ALL ARE INTERTWINED.
14           ADD TO THAT MIX, I RECEIVED MR. NOLAN'S E-MAIL
15   INDICATING THAT THE MGA APPEAL OF THE DISCOVERY MASTER'S ORDER               04:51
16   IS GOING TO BE WITHDRAWN AND THAT THERE'S SOME KIND OF
17   AGREEMENT TO CONTINUE THE HEARING FOR MONDAY FOR THE HEARING
18   REGARDING THE REQUEST FOR AN EVIDENTIARY HEARING ON MGA'S
19   MOTION REGARDING WITNESS TAMPERING.  ALTHOUGH, IN THAT SAME
20   PARAGRAPH, THERE'S AN INDICATION THAT THE MATTER IS BEING TAKEN              04:51
21   OFF CALENDAR; SO I GUESS I WAS CONFUSED AS TO WHETHER OR NOT
22   THAT MOTION IS COMPLETELY BEING WITHDRAWN OR JUST TAKEN OFF
23   CALENDAR OR HELD IN ABEYANCE.
24           I GUESS THAT LEAVES ALSO THE 'WHERE ARE WE ON THAT
25   EX-PARTE APPLICATION REGARDING THE COMPELLING OF THE                         04:51

APRIL 9TH, 2008                                    TELEPHONIC HEARING

```
 1  DEPOSITIONS THEMSELVES?'  I WAS WONDERING IF THERE WAS SOME
 2  AGREEMENT THAT WAS REACHED ON THAT.  I WANT TO GET THIS WHOLE
 3  MATTER RESOLVED CONCERNING THESE THREE WITNESSES AND WHERE
 4  WE'RE GOING ON THAT.
 5           THAT WASN'T PROBABLY THE MOST ARTFUL DESCRIPTION OF       04:51
 6  WHERE WE ARE AT, BUT THAT'S MY BEST UNDERSTANDING.
 7           SO MR. NOLAN, WHY DON'T I START WITH YOU, AND PERHAPS
 8  YOU CAN GIVE ME A BETTER UNDERSTANDING OF WHERE WE ARE AT ON
 9  THESE RELATED ISSUES.
10           **MR. NOLAN:**  YOUR HONOR, YOUR DESCRIPTION IS FAR MORE   04:51
11  ARTFUL THAN MY E-MAIL, AND I APOLOGIZE FOR ANY CONFUSION.
12           IF I MIGHT JUST TRY TO STATE A LITTLE BIT OF
13  BACKGROUND HERE FOR YOUR HONOR.
14           FIRST OF ALL -- AND MR. ETCHEVERRY IS WITH ME -- I
15  ASKED MR. ETCHEVERRY TO CALL MR. HOLMES IMMEDIATELY TODAY UPON     04:51
16  REACHING AN AGREEMENT WITH MATTEL'S COUNSEL IN CONNECTION WITH
17  THESE MATTERS, FIRST AND FORMALLY, AND THEN WE WERE GOING TO
18  FOLLOW UP WITH A WRITTEN SUBMISSION.  BUT GIVEN THE BURDEN ON
19  THE COURT, I WANTED TO AT LEAST GIVE A HEADS-UP INTO WHAT YOU
20  DIDN'T HAVE TO WORRY ABOUT FOR MONDAY IN THIS MATTER.              04:51
21           THE PURPOSE OF THIS, YOUR HONOR, IS AS FOLLOWS:  THE
22  EVIDENTIARY HEARING, THERE'S A CONFLICT IN THE SCHEDULING, AND
23  IT'S MY CONFLICT, AND GIVEN THE IMPORTANCE OF THE EVIDENTIARY
24  HEARINGS, I THOUGHT IT WAS IMPORTANT THAT I BE PRESENT.  THE
25  CONFLICT HAS TO DO WITH A COMMITMENT THAT I HAVE IN NEW YORK       04:51
```

```
 1  THAT DAY, AND I DID NOT REALIZE IT WAS GOING TO BE SCHEDULED ON
 2  THE 14TH.
 3          THAT LED TO THE FOLLOWING SCENARIO, AND THAT IS THAT
 4  THERE IS AN ISSUE WHERE MATTEL WOULD LIKE TO TAKE THE
 5  DEPOSITIONS OF THE THREE SEAMSTRESSES, FORMER EMPLOYEES OF         04:51
 6  MATTEL.  THE MATTER WAS HEARD BEFORE JUDGE INFANTE AND
 7  JUDGE INFANTE ISSUED AN ORDER ALLOWING THE DEPOSITIONS TO GO
 8  FORWARD.
 9          WE RAISED AN OBJECTION TO THAT ORDER AND WE WERE
10  GOING TO SEEK CLARIFICATION OF THE COURT, BECAUSE ORIGINALLY       04:51
11  WHEN THIS WHOLE ISSUE CAME UP, THE COURT SAID THAT IT WANTED TO
12  RETAIN JURISDICTION OVER THIS MATTER IN THE FIRST INSTANCE;
13  THAT WAS THE BASIS FOR THE APPEAL.
14          UPON REFLECTION, YOUR HONOR -- AND THIS IS THE
15  PURPOSE OF SUGGESTING THAT WE TAKE THE MATTER OFF CALENDAR FOR     04:51
16  THE TIME BEING -- WE THINK THE ISSUE MIGHT BE BETTER FRAMED
17  WITH THE DEPOSITIONS GOING FORWARD, SO THAT THE COURT, WHEN WE
18  DO ASK FOR THE EVIDENTIARY HEARING, WILL HAVE A FULL AND
19  COMPLETE RECORD.
20          HOWEVER, WHEN I REALIZED THE SCHEDULING CONFLICT,          04:52
21  RATHER THAN JUST DECIDING TO TRY TO MOVE THE HEARING, I
22  REALIZED THAT MATTEL MIGHT WRONGFULLY THINK THAT I WAS TRYING
23  TO GAIN SOME ADVANTAGE AND JUST POSTPONE THE INEVITABLE EVENT
24  OF YOU RULING ON WHETHER OR NOT THESE DEPOSITIONS GO FORWARD.
25          SO UPON REFLECTION TODAY, WE JUST THOUGHT IT WOULD BE      04:52
```

1   A BETTER USE OF THE COURT'S TIME AND EFFORT FOR US TO REMOVE
2   THE APPEAL, ASK THE COURT'S INDULGENCE AND ALLOW US TO TAKE THE
3   EVIDENTIARY HEARING OFF ON MONDAY; ALLOW THE DEPOSITIONS TO GO
4   FORWARD WITHOUT OUR OBJECTIONS.  THEY ARE REPRESENTED BY
5   SEPARATE COUNSEL, AND THAT WILL BE COORDINATED BETWEEN MATTEL        04:52
6   AND THEIR COUNSEL.  THAT WAY, YOUR HONOR, I THINK THAT THE
7   ISSUE WILL BE PACKAGED MORE APPROPRIATELY.
8           YOU WERE ALREADY GOING TO CONSOLIDATE IT ALL ONE, BUT
9   I THINK THIS IS THE BEST WAY, FROM EVERYBODY'S PERSPECTIVE, TO
10  APPROACH THIS.  IT WAS NOT MEANT IN ANY WAY TO GAIN AN              04:52
11  ADVANTAGE.  IN FACT, WE'RE GIVING UP THE APPEAL SO THAT WE CAN
12  BETTER FRAME THE ISSUE.
13          **THE COURT:**  WHAT PROGRESS HAS MATTEL MADE IN TERMS OF
14  SCHEDULING THESE DEPOSITIONS IN LIGHT OF THIS?
15          **MR. WEBSTER:**  WELL, YOUR HONOR, WE HAVEN'T MADE MUCH      04:52
16  PROGRESS YET.  ALTHOUGH, WE UNDERSTAND FROM COUNSEL FOR THE
17  WITNESSES THAT SHE IS WILLING TO COOPERATE WITH US ON DATES.
18  I'M EXPECTING TO HEAR BACK FROM HER IN THE NEXT DAY IN THAT
19  REGARD.
20          CERTAINLY, WE WOULD THEN TRY TO COORDINATE WITH              04:52
21  MR. NOLAN AND HIS CLIENTS TO SET SOME CONVENIENT DATES; SO I
22  THINK THAT'S WHERE THAT IS AT.
23          **MR. NOLAN:**  WE WILL NOT RESIST THAT; WE'LL COOPERATE
24  WITH THE SETTING OF DATES, YOUR HONOR.  WE'RE RUNNING FOUR
25  DEPOSITIONS A DAY; SO WE'LL DO WHATEVER WE CAN WORK OUT THAT'S      04:52

APRIL 9TH, 2008                                    TELEPHONIC HEARING

```
 1  CONVENIENT FOR THE THREE EMPLOYEES, FORMER EMPLOYEES, WE'LL
 2  MAKE THAT WORK AMONGST OURSELVES.
 3          THE COURT:  VERY WELL.  SO THEN THE COURT IS GOING TO
 4  ASSUME THAT THESE DEPOSITIONS ARE GOING FORWARD, WHICH WOULD
 5  MAKE, AT LEAST AT THIS POINT IN TIME -- OBVIOUSLY THE APPEAL IS      04:52
 6  WITHDRAWN, SO THAT IS OFF THE DOCKET.  I'M DOING THIS FOR THE
 7  SAKE OF CLEARING UP THE DOCKET, AND THE COURT WILL ENTER A
 8  MINUTE ORDER TO THIS EFFECT.  BUT THE APPEAL IS WITHDRAWN,
 9  PURSUANT TO MR. NOLAN'S REPRESENTATION.
10          THE EX-PARTE APPLICATION TO COMPEL THE DEPOSITION IS         04:52
11  RENDERED MOOT BY THIS AGREEMENT, SO I'M GOING TO HAVE THAT
12  TAKEN OFF THE DOCKET AS WELL -- NOT TAKEN OFF THE DOCKET, BUT
13  VIEWED AS MOOT AND SATISFIED.
14          THAT LEAVES THIS MOTION CONCERNING THE WITNESS
15  TAMPERING.                                                           04:52
16          FRANKLY, THE COURT HAS ALREADY READ THE TRANSCRIPTS.
17  I WENT THROUGH THE TRANSCRIPTS EARLIER THIS WEEK OF THE TWO
18  TRANSCRIPTS, THERE WERE TWO INDIVIDUALS THEMSELVES, AND THAT
19  WAS MS. CABRERRA AND MS. MORALES.
20          I GUESS WHAT I'M STILL NOT CLEAR ON, MR. NOLAN, IS           04:52
21  WHEN YOU PLAN ON BRINGING THIS MOTION OR PRESSING THIS MOTION?
22          IS THIS BEING TAKEN OFF AND PLACED IN LIMBO?  WHAT
23  ARE WE DOING WITH THIS?
24          MR. NOLAN:  YOUR HONOR, WHAT I WOULD LIKE TO DO IS
25  TAKE THE NEXT AVAILABLE HEARING THAT'S CONVENIENT FOR THE COURT      04:52
```

APRIL 9TH, 2008                              TELEPHONIC HEARING

```
 1  AFTER THE DEPOSITIONS ARE COMPLETED OF THESE THREE
 2  SEAMSTRESSES, WHICH I ASSUME WILL BE IN VERY SHORT ORDER; AND
 3  THEN I THINK ONCE WE DID THAT, WE CAN EVALUATE THE RECORD FROM
 4  THOSE DEPOSITIONS.
 5          THE COURT:  YOU KNOW, I THINK THAT AN EVALUATION OF         04:52
 6  THE RECORD BASED ON THOSE DEPOSITIONS WOULD BE QUITE
 7  APPROPRIATE.  I THINK THE ACTUAL TAKING OF THE DEPOSITIONS
 8  ACTUALLY MIGHT REFLECT UPON -- MIGHT AFFECT THE EVIDENTIARY
 9  RECORD, THE BASIS FOR THE MOTION ITSELF; SO WHAT I'M INCLINED
10  TO DO AT THIS POINT IS DENY THE MOTION ITSELF WITHOUT PREJUDICE    04:52
11  TO ITS RENEWAL ONCE THE DEPOSITIONS HAVE BEEN CONDUCTED.  AND
12  THEN BASED ON THE FULL EVIDENTIARY RECORD, NOT ONLY THE
13  TRANSCRIPTS OF THE TWO WITNESS INTERVIEWS THAT WERE DONE, BUT
14  ALSO THE THREE DEPOSITIONS -- BECAUSE I PRESUME THESE TOPICS OR
15  TOPICS RELATED TO THIS MOTION WILL BE EXPLORED IN THOSE            04:52
16  DEPOSITIONS -- IF COUNSEL STILL WISHES TO PRESS THIS MOTION,
17  YOU MAY DO SO.  AND IF YOU DON'T, YOU DON'T.  THEN THAT'S
18  ENTIRELY UP TO YOU AND YOU CERTAINLY RESERVE YOUR RIGHT TO
19  BRING THE MOTION.
20          BUT I WOULD CERTAINLY WANT THE MOTION BROUGHT IN           04:52
21  LIGHT OF THE FULL RECORD AND NOT JUST SUPPLEMENTED IN LIGHT OF
22  THE DEPOSITIONS, BECAUSE I COULD SEE THE DEPOSITIONS TRULY
23  AFFECTING THE RECORD.
24          MR. NOLAN:  YOUR HONOR, WE FULLY AGREE, AND THAT,
25  AFTER ALL OF THIS CAME TOGETHER, MADE ABSOLUTELY MORE SENSE TO     04:52
```

APRIL 9TH, 2008                                    TELEPHONIC HEARING

1  ME TOO.  AND THE FACT THAT THAT WAS GOING TO BE THE LIKELY

2  OUTCOME AT MONDAY'S HEARING, IT SEEMS THIS IS THE BETTER COURSE

3  TO ADVISE THE COURT IMMEDIATELY SO AS NOT TO DO ANY ADDITIONAL

4  WORK.

5         AND I APOLOGIZE FOR HAVING THE COURT TAKE A LOOK AT         04:52

6  THIS ON PROBABLY HALF OF THE RECORD THAT WE WOULD WANT.

7         **THE COURT:**  I APPRECIATE THAT, MR. NOLAN.

8         SO I AM GOING TO DENY IT THEN, WITHOUT PREJUDICE.

9  THE OTHER TWO MOTIONS HAVE BEEN ESSENTIALLY DENIED OR

10 WITHDRAWN, AS INDICATED ON THE RECORD.  AND I TRUST THE            04:52

11 DEPOSITIONS WILL GO FORWARD, AND THEN I WILL SEE ALL OF YOU ON

12 OUR NEXT MEETING; THAT WILL BE ON THE 22ND.  WE HAVE A SPECIAL

13 DATE FOR HEARING ON THE MOTIONS FOR SUMMARY JUDGMENT THAT

14 TUESDAY; SO I WILL SEE YOU AT THAT TIME.

15        **MR. NOLAN:**  GREAT.  THANK YOU, YOUR HONOR.              04:52

16        **MR. WEBSTER:**  THANK YOU, YOUR HONOR.

17        **THE COURT:**  ALL RIGHT.  GOOD EVENING.

18                              CERTIFICATE

19

20 I hereby certify that pursuant to section 753, title 28, united
   states code, the foregoing is a true and correct transcript of
21 the stenographically recorded proceedings held in the above-
   entitled matter and that the transcript page format is in
22 conformance with the regulations of the judicial conference of
   the united states.
23

24 _____           _____
   THERESA A. LANZA, CSR, RPR                       Date
25 FEDERAL Official COURT Reporter

APRIL 9TH, 2008                              TELEPHONIC HEARING