1              UNITED STATES DISTRICT COURT

2              CENTRAL DISTRICT OF CALIFORNIA

3                    EASTERN DIVISION

4                        - - -

5        HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                        - - -

7   CARTER BRYANT, ET. AL.,          )
                                     )
8                    PLAINTIFFS,  )
                                     )
9            VS.                  )   NO. ED CV 04-09049
                                 )   (LEAD LOW NUMBER)
10   MATTEL, INC., ET. AL.,          )
                                     )
11                   DEFENDANTS.  )   TELECONFERENCE
    _____)   RE:  AEO DOCUMENTS
12   AND CONSOLIDATED ACTIONS,       )
    _____)

13

14

15           REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                 RIVERSIDE, CALIFORNIA

17              WEDNESDAY, MAY 14, 2008

18                    12:07 P.M.

19

20

21

22

23            THERESA A. LANZA, RPR, CSR
            FEDERAL OFFICIAL COURT REPORTER
24            3470 12TH STREET, RM. 134
            RIVERSIDE, CALIFORNIA  92501
25                 951-274-0844
                WWW.THERESALANZA.COM

```
 1   APPEARANCES (TELEPHONICALLY):

 2

 3   ON BEHALF OF CARTER BRYANT:

 4                         KEKER & VAN NEST
                           BY:  MATTHEW M. WERDEGAR
 5                         710 SANSOME STREET
                           SAN FRANCISCO, CALIFORNIA  94111-1704
 6                         415-391-5400

 7

 8   ON BEHALF OF MATTEL:

 9                         QUINN EMANUEL
                           BY:  TIMOTHY ALGER
10                         865 S. FIGUEROA STREET,
                           10TH FLOOR
11                         LOS ANGELES, CALIFORNIA  90017
                           213-624-7707
12

13
     ON BEHALF OF MGA ENTERTAINMENT:
14
                           SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
15                         BY:  THOMAS J. NOLAN
                           BY:  JASON RUSSELL
16                         300 SOUTH GRAND AVENUE
                           LOS ANGELES, CALIFORNIA  90071-3144
17                         213-687-5000

18

19

20

21

22

23

24

25
```

1                           I N D E X

2                                                       PAGE

3     HEARING........................................    4

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

WEDNESDAY. MAY 14. 2008                    TELECONFERENCE HEARING

1       RIVERSIDE, CALIFORNIA; WEDNESDAY, MAY 14, 2008; 12:07 P.M.

2                              -OOO-

3                   (TELECONFERENCE AS FOLLOWS:)

4           **THE COURT:**  GOOD AFTERNOON.  THIS IS JUDGE LARSON.

5       APPEARANCES, PLEASE.                                          12:07

6           **MR. NOLAN:**  TOM NOLAN FOR MGA PARTIES.

7           **MR. WERDEGAR:**  MATTHEW WERDEGAR FOR CARTER BRYANT.

8           **MR. ALGER:**  TIM ALGER ON BEHALF OF MATTEL.

9           **THE COURT:**  GOOD AFTERNOON TO YOU ALL.

10          I APPRECIATE EVERYONE GETTING TOGETHER THIS                12:07

11      AFTERNOON.  WE BASICALLY RAN OUT OF TIME ON MONDAY TO ADDRESS

12      THIS ISSUE CONCERNING THE UNDER-SEAL FILINGS AND THE AEO.  I

13      KNOW THAT MR. NOLAN WAS PREPARED TO PROCEED WITH A PROPOSAL,

14      BUT I GOT THE SENSE THAT PERHAPS IT HADN'T BEEN FULLY

15      DISCUSSED.  I HOPE YOU'VE HAD A CHANCE TO DO SO BY NOW.        12:08

16          WHAT I WOULD LIKE TO DO NOW IS TO GET A SENSE FROM

17      ALL THREE PARTIES AS TO WHAT THEIR PERSPECTIVE IS ON HOW WE

18      PROCEED.  I KNOW THAT WITNESS PREPARATION IS PROBABLY BEING

19      HAMPERED BY NOT HAVING THIS ISSUE RESOLVED, SO I DIDN'T WANT TO

20      WAIT UNTIL MONDAY; THAT'S WHY I WANTED TO PUT SOMETHING ON     12:08

21      TODAY.

22          MR. NOLAN, SINCE I KIND OF CUT YOU OFF ON MONDAY, WHY

23      DON'T I LET YOU GO FIRST HERE AT THIS CONFERENCE.

24          **MR. NOLAN:**  THANK YOU, YOUR HONOR.

25          RATHER THAN TALKING ABOUT IT IN THE FORM OF A             12:08

1   PROPOSAL, IF I COULD JUST GIVE YOU WHAT I BELIEVE IS A STATUS

2   REPORT OF WHERE WE STAND, A LOT OF WHICH I THINK IS GOING TO BE

3   GOOD NEWS, AND THEN THERE IS STILL A LITTLE BIT OF WORK TO BE

4   DONE.

5           **THE COURT:**  THAT WOULD BE VERY HELPFUL.                    12:08

6           **MR. NOLAN:**  IF I COULD BREAK THIS DOWN, YOUR HONOR,

7   THE FIRST GROUP OF DOCUMENTS DEAL WITH THOSE DOCUMENTS THAT

8   WERE MARKED AS EXHIBITS TO THE VARIOUS SUMMARY JUDGMENT

9   SUBMISSIONS OF THE PARTIES YOU HAVE BEFORE YOU.  AND I BELIEVE

10  AT THE END OF THE HEARING, MR. ALGER WAS ALSO REFERRING TO THIS   12:09

11  ORDER.

12          I THINK THE PARTIES ARE IN AGREEMENT THAT IF YOU

13  ACCEPT THE JOINT REPORT OF THE PARTIES, WHICH BASICALLY SAYS

14  THAT ALL OF THE DOCUMENTS ATTACHED OR USED AS EXHIBITS IN

15  SUPPORT OF THE SUMMARY JUDGMENT MOTIONS SHOULD BE RELEASED FROM   12:09

16  THE PROTECTIVE ORDERS, EXCEPT FOR -- AND I BELIEVE THERE ARE

17  ONLY A HANDFUL OF DOCUMENTS WHICH ARE IDENTIFIED IN THE REPORT.

18          JUST TO SHOW YOU THE PRECAUTIONS THAT WE'RE TAKING,

19  JUDGE, ONE DEALS WITH VICTORIA O'CONNOR'S PERSONAL ADDRESS

20  THAT'S LISTED ON ONE OF THE DOCUMENTS; OUT OF AN ABUNDANCE OF     12:09

21  PRIVACY CONCERNS, WE WANTED THAT REDACTED.  ONE OF THE EXHIBITS

22  IS THE SO-CALLED CLAWBACK DOCUMENT THAT WAS THE SUBJECT OF ONE

23  OF OUR ARGUMENTS ON MONDAY.  THAT'S REALLY, IN ESSENCE, THE TWO

24  ISSUES THAT ARE BEING HELD BACK FROM THAT PARTICULAR GROUP.

25          IF THE COURT WERE TO ISSUE A MINUTE ORDER APPROVING        12:10

1  THE PARTIES' JOINT REPORT WITH RESPECT TO THE AEO OR THE

2  PRIVILEGED PROTECTIVE ORDER CHARACTERIZATION OF THE MOTIONS FOR

3  SUMMARY JUDGMENT TODAY, THAT WOULD BE ONE THING THAT WE COULD

4  EASILY ACCOMPLISH.  AND I ASSUME THAT THERE'S NO DISAGREEMENT

5  BY ANYBODY BECAUSE THAT WAS THE REPORT THAT WE FILED A COUPLE          12:10

6  OF WEEKS AGO.

7          **THE COURT:**  LET ME STOP YOU THERE, MR. NOLAN.

8          UNFORTUNATELY, YOU REFERENCE A JOINT REPORT THAT WAS

9  FILED A COUPLE OF WEEKS AGO.  I'VE SEEN A LOT OF PAPER, BUT I

10  HAVE NOT SEEN THAT.          12:10

11          DO YOU HAVE A DOCKET NUMBER FOR THAT?  I CAN TRACK

12  THIS DOWN PRETTY QUICKLY, THEN.

13          **MR. NOLAN:**  NO.

14          I'M GOING TO HAVE SOMEONE GO GET THAT DOCKET

15  REFERENCE FOR YOU.  I SHOULD HAVE HAD IT.  I'LL GET IT VERY          12:11

16  QUICKLY FOR YOU.

17          **THE COURT:**  ALL RIGHT.

18          **MR. ALGER:**  I DON'T HAVE A NUMBER, BUT I KNOW IT WAS

19  FILED ON THE 18TH OF APRIL.

20          **THE COURT:**  THERE WAS A LOT FILED ON APRIL 18TH, SO          12:11

21  WE NEED A DOCKET NUMBER.

22          **MR. NOLAN:**  MY LEGAL ASSISTANT IS GOING ONLINE RIGHT

23  NOW, YOUR HONOR.  WE'LL GET THAT.

24          **THE COURT:**  VERY GOOD.

25          THE FIRST CATEGORY, THEN, IS DOCUMENTS MARKED AS          12:11

1  EXHIBITS, THE PSJ PLEADINGS, EXCEPT FOR THOSE IDENTIFIED IN THE

2  JOINT REPORT.

3         **MR. NOLAN:**  THAT'S CORRECT, YOUR HONOR.

4         **THE COURT:**  AND AS TO THOSE THAT HAVE BEEN IDENTIFIED

5  IN THE JOINT REPORT, THOSE YOU WANT TO REMAIN UNDER THE    12:11

6  PROTECTIVE ORDER; IS THAT CORRECT?

7         **MR. NOLAN:**  RIGHT.  YES.  BECAUSE I THINK

8  QUINN EMANUEL FILED REDACTED VERSIONS OF THOSE, BUT THOSE

9  SHOULD REMAIN.  WITH THE EXCEPTION OF THE REPORT, EVERYTHING

10  ELSE SHOULD BE RELEASED.    12:12

11         **THE COURT:**  VERY GOOD.

12         **MR. ALGER:**  YOUR HONOR, WE WANT TO ADDRESS THIS

13  PARTICULAR CATEGORY FIRST.

14         **THE COURT:**  ALL RIGHT.  THAT'S FINE.

15         **MR. ALGER:**  WHAT HAPPENED WAS THE BULK OF THE    12:12

16  DOCUMENTS IDENTIFIED IN THE JOINT REPORT WERE MATTEL DOCS.

17  WHAT WE DID WAS MATTEL FILED REDACTED VERSIONS THAT COULD BE

18  CLEARED IN THE PUBLIC FILE.  I THINK THOSE ARE ALREADY IN THE

19  PUBLIC FILE; SO IT'S JUST A MATTER OF THE DOCUMENTS THAT ARE

20  IDENTIFIED IN THE JOINT REPORT CONTINUING TO REMAIN UNDER SEAL.    12:12

21         BUT THERE'S ONE ADDITION THAT I WANTED TO ADD TO IT

22  IF THE COURT IS GOING TO ISSUE AN ORDER, AND THAT IS, THERE WAS

23  AN EXHIBIT 86 TO THE DECLARATION OF MICHAEL ZELLER; THIS IS THE

24  SECURITY FILE THAT THE COURT MIGHT BE FAMILIAR WITH; THERE WAS

25  A DOCUMENT IN THERE, AND THE ISSUE OF WHETHER IT SHOULD HAVE    12:12

1    BEEN REDACTED CORRECTLY OR NOT IS STILL IN FRONT OF

2    JUDGE INFANTE.  SO WHAT WE DID WAS WE FILED A CORRECTED

3    EXHIBIT 86; SO THE ORIGINAL ONE NEEDS TO STAY UNDER FILE; THE

4    CORRECTED ONE IS BEING RELEASED.

5           **THE COURT:**  OKAY.                                    12:13

6           **MR. NOLAN:**  WE HAVE NO OBJECTION TO THAT, YOUR HONOR.

7           **THE COURT:**  VERY GOOD.

8           MR. WERDEGAR, DO YOU WANT TO BE HEARD ON THIS FIRST

9    CATEGORY?

10          **MR. WERDEGAR:**  NO.  I'M IN AGREEMENT AND I'M IN        12:13

11   ACCORD WITH THE COMMENTS MADE ALREADY.

12          **THE COURT:**  VERY GOOD.

13          MR. NOLAN, WHAT IS THE SECOND CATEGORY, THEN?

14          **MR. NOLAN:**  THE SECOND CATEGORY, YOUR HONOR, IS THE

15   UNIVERSE OF REMAINING DOCUMENTS --                            12:13

16          **THE COURT:**  THAT HAVE BEEN PREVIOUSLY FILED.

17          **MR. NOLAN:**  -- THAT HAVE BEEN PREVIOUSLY -- FROM

18   BEGINNING TO END, THROUGH TODAY.

19          **THE COURT:**  RIGHT.

20          **MR. NOLAN:**  MY UNDERSTANDING, YOUR HONOR, IS THAT WE   12:13

21   HAVE EXCHANGED LISTS WITH QUINN EMANUEL --

22          **MR. RUSSELL:**  YOUR HONOR, THIS IS JASON RUSSEL.

23          THE PROPOSAL WAS TO EXCHANGE LISTS THIS WEEK.  THE

24   EXCHANGE HASN'T HAPPENED YET, BUT IT WOULD HAPPEN FRIDAY AT

25   10:00 A.M.                                                    12:14

1      **MR. NOLAN:**  BUT THE QUANTITY OF THE UNIVERSE -- LET

2  ME JUST TELL YOU WHAT THE UNIVERSE CONSISTS OF.

3          WE UNDERSTAND FROM PRIOR DISCUSSIONS THAT MATTEL HAS

4  APPROXIMATELY SIX DOCUMENTS THAT THEY WOULD LIKE TO HAVE THE

5  COURT CONSIDER STILL SUBJECT TO THE PROTECTIVE ORDER.  WE HAVE          12:14

6  NOT SEEN THOSE.  WE MAY NOT HAVE ANY OBJECTIONS ONCE WE SEE THE

7  DOCUMENTS.

8      **THE COURT:**  OKAY.

9      **MR. NOLAN:**  ON OUR LIST, YOUR HONOR, THERE ARE 122

10  DOCUMENTS, BUT THEY FALL WITHIN THREE BASIC CATEGORIES OF          12:14

11  DOCUMENTS.  ONE HAS TO DEAL WITH DOCUMENTS PERTAINING TO THE

12  ARBITRATION THAT WAS HAD BETWEEN THE LARIAN BROTHERS, WHICH IS

13  THE SUBJECT OF A PROTECTIVE ORDER IN AND OF ITSELF FROM THAT

14  ARBITRATION.

15          MATTEL HAS NOT AGREED TO ANY OF THIS BECAUSE THEY          12:14

16  HAVEN'T SEEN THE LIST, BUT I'M JUST GIVING EVERYBODY A SENSE OF

17  WHAT THE POTENTIAL ISSUES WILL BE WHEN WE DEAL WITH THEM.

18          ANOTHER CATEGORY, YOUR HONOR, IS THOSE DOCUMENTS THAT

19  PERTAIN TO MGA FINANCIALS AND ISAAC LARIAN'S FINANCIAL

20  DOCUMENTS, WHICH, OF COURSE, IS OF PARAMOUNT CONCERN TO US,          12:15

21  BECAUSE ALREADY, AS RECENTLY AS YESTERDAY, BLOOMBERG NEWS RAN A

22  STORY THAT WAS PICKED UP BY A LOT OF NEWS AGENCIES QUOTING

23  REVENUE NUMBERS FROM MGA WHERE WE HAVE NO UNDERSTANDING AS TO

24  WHERE THEY COULD HAVE GOTTEN THOSE NUMBERS OTHER THAN FROM

25  DOCUMENTS THAT WE THOUGHT WERE UNDER SEAL.          12:15

1        **THE COURT:**  YES; I SAW THAT BACK IN BOSTON.

2        **MR. NOLAN:**  RIGHT.  THAT WAS A LITTLE BIT OF A

3   SURPRISE TO US.

4        THEN, I THINK THE THIRD CATEGORY OF DOCUMENTS WOULD

5   BE DOCUMENTS FROM THE ART ATTACKS TRIAL WHICH, AGAIN, YOUR      12:15

6   HONOR, IS SUBJECT TO A PROTECTIVE ORDER THAT WAS ISSUED BY A

7   JUDGE IN THAT PARTICULAR CASE.  BUT WE NEED TO EXCHANGE THOSE

8   WITH MATTEL; SO I BELIEVE THE GOOD NEWS IS THAT WE MAY BE DOWN

9   TO A GROUP OF ABOUT 130 DOCUMENTS IN PLAY BETWEEN THE BOTH OF

10  US.                                                            12:16

11       WE'RE GOING TO EXCHANGE THE REPORT ON FRIDAY.  AND

12  PERHAPS, AS LOADED AS MONDAY IS, WE COULD ADDRESS THOSE ISSUES,

13  IF THERE ARE ANY ISSUES, OR PRESENT TO YOU A STIPULATION THAT

14  COULD BE SIGNED BY THE COURT.

15       I DON'T KNOW ABOUT CARTER BRYANT'S ISSUES ON ANY OF       12:16

16  HIS DOCUMENTS.

17       **THE COURT:**  MR. WERDEGAR?

18       **MR. WERDEGAR:**  YOUR HONOR, WE ARE FINALIZING OUR

19  LIST.  BUT THE DOCUMENTS WE'RE GOING TO BE ASKING THE COURT TO

20  HAVE REMAIN UNDER SEAL OR BE REPLACED WITH REDACTED VERSIONS    12:16

21  ARE ALL DOCUMENTS WHERE MR. BRYANT'S SOCIAL SECURITY NUMBER OR

22  SIMILAR FINANCIAL IDENTIFYING INFORMATION APPEARS.  AND I THINK

23  PURSUANT TO THE LOCAL RULES OF THE CENTRAL DISTRICT, THOSE

24  DOCUMENTS ARE SUPPOSED TO BE REDACTED.

25       SO IF THE REDACTED VERSION THAT JUST BLOCKS OUT THAT       12:16

1    INFORMATION IS PLACED IN THE RECORD TO REPLACE THE VERSION

2    THAT'S NOT REDACTED, THEN THAT WOULD BE THE ONLY INFORMATION

3    WE'D WANT TO HAVE REMAIN UNDER SEAL OR BE REDACTED.

4            THERE ARE A FAIR NUMBER OF THOSE DOCUMENTS, BUT WE'RE

5    FINALIZING A LIST WITH THE EXACT FILING DATES, DOCKET NUMBERS,    12:17

6    EXHIBIT NUMBERS, ET CETERA.

7            **THE COURT:**  VERY GOOD.  THIS ALL SOUNDS ENCOURAGING

8    TO THE COURT.

9            **MR. ALGER:**  MAY I BE HEARD?

10           **THE COURT:**  PLEASE.    12:17

11           **MR. ALGER:**  I DON'T MEAN TO BE A WET BLANKET, BUT I'M

12   JUST NOT SO SURE THAT I CAN JOIN IN MR. NOLAN'S ROSY VIEW OF

13   THINGS.

14           I HAVE NOT SIGNED OFF ON SIX DOCUMENTS HERE AT

15   MATTEL.  I NEED TO LOOK AT THEM.  I BELIEVE THERE'S MORE THAN    12:17

16   SIX DOCUMENTS INVOLVED.

17           **THE COURT:**  OKAY.  THAT'S FINE.

18           BUT THE BOTTOM LINE IS IT SOUNDS LIKE YOU ARE ALL

19   IDENTIFYING THOSE LIMITED NUMBER OF DOCUMENTS THAT YOU BELIEVE

20   THAT YOU CAN ARTICULATE A PARTICULARIZED SHOWING OF GOOD CAUSE    12:17

21   TO REMAIN PROTECTED.  AND THAT'S WHAT THE COURT IS LOOKING FOR

22   AT THIS POINT.

23           RIGHT NOW, WE JUST HAVE REAMS OF PAPER THAT ARE UNDER

24   SEAL, AND THAT KIND OF CATEGORICAL APPROACH TO IT NEEDS TO BE

25   REVISED IN FAVOR OF A PARTICULARIZED SHOWING WITH RESPECT TO    12:18

1   PARTICULAR DOCUMENTS; SO I AM OPTIMISTIC THAT YOU HAVE MADE

2   SOME PROGRESS ON THIS.

3        WHAT I'D LIKE TO DO IS HAVE YOU CONTINUE TO WORK ON

4   THIS.  DISCLOSE THESE LISTS BY FRIDAY; THAT SOUNDS LIKE A GOOD

5   THING TO DO.  AND THEN MONDAY AT THE PRETRIAL CONFERENCE, I'LL        12:18

6   PROVIDE FURTHER DIRECTION TO PROVIDE A PROPOSED ORDER FOR THE

7   COURT WHICH WILL THEN ACTUALLY MAKE THIS TAKE AFFECT.  I'LL

8   WANT TO CONFER WITH OUR COURTROOM DEPUTY TO DISCUSS THE FORM OF

9   THAT ORDER SO THAT IT WOULD BE EASY TO USE OR DOCKET-CLERK

10  FRIENDLY, BASICALLY.                                                  12:18

11       WHAT WE'LL PROBABLY WANT TO DO IS REFER BY DOCKET

12  NUMBER TO THOSE DOCUMENTS WHICH CAN BE UNSEALED AT THIS POINT,

13  SUBJECT TO, OF COURSE, WHATEVER FURTHER ONGOING PROTECTION THE

14  COURT IS GOING TO CONTINUE TO PROVIDE TO PARTICULAR DOCUMENTS.

15  IF THAT MAKES SENSE.                                                  12:19

16       **MR. ALGER:**  YOUR HONOR, BECAUSE OF THE PRETRIAL

17  PREPARATIONS AND DEPOSITIONS AND SO FORTH THAT ARE LITERALLY

18  GOING ON AS WE SPEAK, I THINK FRIDAY IS QUITE AGGRESSIVE, TO BE

19  HONEST WITH YOU, AS FAR AS THE EXCHANGE, AND THERE MAY BE SOME

20  MISUNDERSTANDING HERE.                                               12:19

21       LITERALLY, I'M LEAVING FOR THE AIRPORT AS SOON AS WE

22  HANG UP THE PHONE AND I'M GOING TO BE OUT OF TOWN.  I DON'T SEE

23  THE NEED TO NECESSARILY REACH SOME SORT OF A DECISION ON

24  MONDAY.  THE STANDARD FOR THESE PARTICULAR DOCUMENTS IS A GOOD

25  CAUSE SHOWING, AS OPPOSED TO THE MSJ DOCUMENTS WHICH INVOLVE A       12:19

1  COMPELLING INTEREST STANDARD UNDER THE FIRST AMENDMENT.

2  I WOULD LIKE TO PUSH IT OUT A BIT FURTHER SO WE COULD

3  HAVE A MEANFUL OPPORTUNITY TO LOOK AT MGA'S DOCUMENTS AND

4  PROVIDE A MEANINGFUL RESPONSE.

5  **THE COURT:**  COUNSEL, THE TRIAL BASICALLY BEGINS ON        12:20

6  TUESDAY.  THE COURT HAS BEEN RAISING THIS FOR ABOUT SIX MONTHS

7  AND GIVEN QUITE A BIT OF NOTICE TO EVERYBODY INVOLVED THAT THIS

8  DAY WOULD COME, AND MY MINUTE ORDER OF LAST WEEK SPECIFIED THE

9  DAY WOULD COME ON MAY 12TH; SO I'M NOT REALLY SURE WHAT YOU

10  MEAN THAT YOU WANT TO SPREAD THIS OUT OR THAT YOU NEED        12:20

11  ADDITIONAL TIME.

12  **MR. NOLAN:**  MY UNDERSTANDING WAS THAT THE AGREEMENT

13  WAS AFTER WE RECEIVED YOUR MINUTE ORDER.  AND, OF COURSE, WE

14  HAVE BEEN PROMPTED FOR SIX MONTHS, AND MANY TIMES I ALSO RAISED

15  IT MYSELF, THAT WE WOULD EXCHANGE LISTS TODAY.  I TRIED TO GET   12:20

16  THE DOCUMENTS EXCHANGED THIS MORNING IN ADVANCE OF THE PHONE

17  CALL SO WE COULD WRAP IT ALL IN, AND MATTEL ASKED UNTIL FRIDAY

18  TO EXCHANGE THE LISTS.

19  I AGREE, YOUR HONOR, OUR PRACTICAL PROBLEM STILL

20  EXISTS, AND THAT IS THAT WE HAVE WITNESS PREPARATION THAT WE    12:21

21  ARE CONFINED TO IN DEALING WITH THIS PROTECTIVE ORDER.  IT GETS

22  TO BE CUMBERSOME.

23  I WILL ALSO TELL THE COURT, I DON'T KNOW WHETHER OR

24  NOT THE COURT HAS RECEIVED ANYTHING IN WRITING, BUT WE HAVE

25  BEEN ADVISED THAT THERE ARE NEWS AGENCIES THAT ARE PREPARING    12:21

1    LITIGATION TO GET ACCESS TO DOCUMENTS BECAUSE THEY HAVE BEEN

2    ASKED --

3         **THE COURT:**  THAT IS PRECISELY WHAT I WANTED TO AVOID

4    WHEN I FIRST BROUGHT THIS SUBJECT UP IN OCTOBER; SO THIS SHOULD

5    NOT BE A SURPRISE TO ANYBODY.                                    12:21

6         I WILL BE ISSUING AN ORDER ON MONDAY, WHICH I WILL

7    HAVE PREPARED BY THE PARTIES, UNSEALING ANYTHING FOR WHICH

8    PARTICULARIZED GOOD CAUSE HAS NOT BEEN SHOWN.  YOU CAN ASSURE

9    WHATEVER NEWS AGENCIES THAT YOU'RE IN CONTACT WITH -- AND I

10   DIRECT THIS TO ALL PARTIES -- THAT THE COURT DOES INTEND TO     12:21

11   UNSEAL EVERYTHING ABSENT A SHOWING OF PARTICULARIZED GOOD

12   CAUSE.

13        SO WHATEVER RESOURCES YOU NEED TO DEVOTE TO THIS

14   ISSUE, YOU'RE GOING TO NEED TO DEVOTE.  BECAUSE, LIKE I SAID,

15   I'VE BEEN TALKING ABOUT THIS SINCE AT LEAST OCTOBER OF LAST     12:22

16   YEAR, EVEN BEFORE SKADDEN ARPS WAS IN THE CASE HERE.  THE TIME

17   TO DO THIS IS NOW, IN LIGHT OF ALL OF OUR OBLIGATIONS UNDER THE

18   FIRST AMENDMENT.

19        IT SOUNDS LIKE YOU HAVE A PROCESS IN PLACE WHICH

20   SOUNDS REASONABLE TO THE COURT, AND WE'LL JUST TAKE THIS UP AS  12:22

21   ONE OF THE MATTERS AT THE PRETRIAL CONFERENCE ON MONDAY.

22        **MR. NOLAN:**  YOUR HONOR, THE DOCKET NUMBER FOR THE

23   JOINT REPORT -- WHICH I DON'T THINK NEEDS TO WAIT UNTIL MONDAY,

24   BUT OBVIOUSLY IT'S UP TO THE COURT -- THE JOINT REPORT WE'VE

25   SUBMITTED, THAT I THINK WE'RE ALL IN AGREEMENT, COULD BE        12:22

1    APPROVED AS SUBMITTED; IT IS DOCKET NUMBER 3209.

2         **THE COURT:**  VERY GOOD.  I'LL TAKE A LOOK AT THAT

3    JOINT REPORT.

4         WHAT I'LL DO IS HOLD OFF UNTIL MONDAY TO ACTUALLY

5    ISSUE A CONSOLIDATED ORDER RELATED TO THIS TOPIC.  BUT I JUST          12:23

6    TRUST IN THE INTERIM THAT -- I GUESS WHAT YOU'RE LOOKING FOR,

7    MR. NOLAN, IS AN ORDER TODAY SO THAT YOU CAN START USING THESE

8    DOCUMENTS WITH YOUR WITNESSES.  IS THAT IT?

9         **MR. NOLAN:**  ABSOLUTELY, YOUR HONOR.  THAT'S THE

10   PRACTICAL PROBLEM.                                                     12:23

11        THE OTHER ISSUE IS THAT I HAVE THE DEPOSITION OF

12   MATT BOUSQUETTE ON SATURDAY, AND I NEED, FRANKLY, THE ABILITY

13   TO USE THOSE DOCUMENTS IN PREPARING FOR THE DEPOSITION AND

14   CONSULTING WITH INSIDE COUNSEL AT MGA AND OTHER PERSONNEL AT

15   MGA THAT MIGHT BE MORE KNOWLEDGEABLE IN THE MARKETPLACE THAN I         12:23

16   AM IN TERMS OF TOY INDUSTRY ISSUES AND THINGS OF THAT NATURE.

17   AND SO, YOUR HONOR, I THINK ALL OF US ARE IN AGREEMENT WITH

18   RESPECT TO THAT ONE DOCKET, THAT MIGHT BE ABLE TO BE DONE

19   BEFORE MONDAY.

20        I WOULD URGE THE COURT, IF IT COULD FIT IT IN, TO                 12:24

21   TAKE A LOOK AT THAT AND SEE IF YOU APPROVE IT.  BECAUSE AT

22   MATT BOUSQUETTE'S DEPOSITION ON SATURDAY, YOUR HONOR, I DON'T

23   WANT TO HAVE THE PROCESS THAT HAS BEEN EMPLOYED NOW, EVER SINCE

24   WE'VE BEEN HERE, AND THAT IS THAT DURING THE COURSE OF THE

25   DEPOSITION, A PARTY DESIGNATES SOMETHING AS AEO, AND THEN THE          12:24

1  OTHER PARTY'S REPRESENTATIVE HAS TO LEAVE THE DEPOSITION.  IT

2  BECOMES VERY AWKWARD.  NOW IS THE TIME.

3       SO I GUESS I DON'T WANT TO HAVE MATT BOUSQUETTE'S

4  DEPOSITION ON SATURDAY HAMPERED IN ANY WAY BECAUSE THESE

5  PARTIES ARE HOLDING ON FOR TWO MORE DAYS FOR A DESIGNATION OF          12:24

6  AN AEO DOCUMENT AND, THEREFORE, KEEPING MGA'S IN-HOUSE COUNSEL

7  OR ISAAC LARIAN OUT OF THE DEPOSITION.

8       THAT'S ANOTHER BIG CONCERN THAT I HAVE.

9       **THE COURT:**  MR. ALGER?

10      **MR. ALGER:**  YOUR HONOR, I NEED TO BE HEARD FOR A          12:24

11  COUPLE OF MINUTES HERE.  I NEED TO CORRECT A FEW THINGS.

12       FIRST OF ALL, THE FIRST CATEGORY OF DOCUMENTS THAT

13  WE'VE BEEN TALKING ABOUT ARE MSJ DOCUMENTS.  THERE IS NO DOUBT

14  THAT THE COMPELLING INTEREST STANDARD APPLIES TO THOSE.  THE

15  PARTIES HAVE AGREED.  I MENTIONED AN ADDITIONAL DOCUMENT THAT          12:25

16  NEEDS TO BE ADDED TO THE JOINT REPORT.  THAT'S FINE.

17       NOTEWORTHY IN THAT JOINT REPORT, IT SPECIFICALLY SAYS

18  THAT THE DOCUMENTS THAT ARE UNDER SEAL SHOULD REMAIN UNDER SEAL

19  UNTIL AN ORDER IS ISSUED BY THE COURT.  WE HAVE INFORMATION

20  THAT MGA HAS ALREADY VIOLATED THAT.  MGA PROVIDED A GREAT          12:25

21  NUMBER OF DOCUMENTS TO THE WALL STREET JOURNAL ALREADY; THAT'S

22  WHY MR. NOLAN IS VERY HOT TO GET AN ORDER FROM THE COURT TODAY,

23  BECAUSE MGA HAS ALREADY VIOLATED THE COURT'S ORDER AND

24  DISCLOSED ATTORNEYS' EYES ONLY DOCUMENTS TO THE WALL STREET

25  JOURNAL.  THAT'S THE MOTIVATION HERE.          12:25

1      NUMBER TWO, THE SECOND CATEGORY OF DOCUMENTS WHICH

2  WE'VE BEEN WORKING ON ARE FILINGS IN THE COURT FILE, AND MANY

3  OF THOSE INVOLVE DISCOVERY MOTIONS.  BOTH SIDES HAVE BEEN

4  WORKING ON THOSE.  THOSE, AGAIN, ARE DISCOVERY MOTIONS THAT

5  HAVE BEEN FILED WITH THE COURT, LARGELY.  THERE'S A COUPLE          12:26

6  EXCEPTIONS, SUCH AS TERMINATING SANCTIONS MOTIONS, AND SO

7  FORTH, THAT ARE IN THE COURT FILE.  WE'RE FINE WITH WORKING ON

8  THAT, MAKING SURE THAT THE FILE IS OPEN TO THE PUBLIC.  WE'RE

9  ALL IN FAVOR OF THE FILE BEING OPEN TO THE PUBLIC.

10      THE THIRD ISSUE, THOUGH, IS A DIFFERENT ISSUE THAT           12:26

11  MR. NOLAN IS ATTEMPTING TO CONFLATE INTO THIS, AND THAT IS THE

12  PREPARATION OF WITNESSES.

13      I'M CERTAINLY OPEN TO DISCUSSING HOW TO PREPARE

14  WITNESSES IN THE NEXT COUPLE OF DAYS AND THE USE OF DOCUMENTS

15  AT DEPOSITIONS.  BUT THOSE DOCUMENTS, THESE DOCUMENTS THAT       12:26

16  MR. NOLAN IS TALKING ABOUT DISCLOSING TO WITNESSES OR USING AT

17  THE DEPOSITION OF MR. BOUSQUETTE, ARE SUBJECT TO THE PROTECTIVE

18  ORDER.  THEY ARE NOT IN THE COURT FILE, AND THAT HAS TO BE

19  DEALT WITH SEPARATELY.

20      AND MR. NOLAN'S RATIONALE FOR AN ORDER TODAY, A             12:26

21  MINUTE ORDER TODAY, BASED ON SHOWING DOCUMENTS, PREPARING

22  DOCUMENTS FOR MR. BOUSQUETTE, IS PUTTING THE CART BEFORE THE

23  HORSE.  WE HAVE A PROTECTIVE ORDER.  DOCUMENTS HAVE BEEN

24  DISCLOSED TO THE OTHER SIDE UNDER THE PROTECTIVE ORDER.  AND

25  THEY HAVE TO BE DEALT WITH ON A CASE-BY-CASE BASIS.             12:27

1    WE'RE PREPARED TO DISCUSS HOW THAT CAN BE DONE, BUT

2  IT'S A DIFFERENT ISSUE THAN UNSEALING A COURT FILE OR UNSEALING

3  PORTIONS OF THE COURT FILE.

4    **THE COURT:**  MR. ALGER, JUST TO BE CLEAR, I DO

5  UNDERSTAND THE DISTINCTION YOU'RE DRAWING.  THE COURT IS ONLY    12:27

6  CONCERNED ABOUT DOCUMENTS THAT ARE IN THE COURT FILE AT THIS

7  POINT.  THE COURT IS NOT ADDRESSING AT THIS POINT THE LARGER

8  ISSUE OF OTHER AEO DOCUMENTS.  THE WHOLE FIRST AMENDMENT

9  CONCERN HERE TURNS EXCLUSIVELY ON WHAT HAS BEEN PLACED INTO THE

10  COURT RECORD, EITHER THROUGH DISCOVERY MOTIONS, THE MOTION FOR    12:27

11  PARTIAL SUMMARY JUDGMENT, OR ANYTHING ELSE FOR THAT MATTER THAT

12  HAS BEEN PLACED UNDER SEAL.  THAT'S WHAT I'M TALKING ABOUT AND

13  THAT'S WHAT I AM ADDRESSING HERE.  THIS IS WHAT I'VE BEEN

14  ADDRESSING SINCE OCTOBER.

15    THE ISSUE WITH RESPECT TO AEO DOCUMENTS THAT HAVE NOT    12:27

16  BEEN MADE A PART OF ANYTHING THAT WAS FILED WITH THE COURT IS A

17  SEPARATE ISSUE WHICH I WILL WANT TO ADDRESS AT THE PRETRIAL

18  CONFERENCE.  BUT THAT IS DISTINCT FROM THE ISSUE I'M ADDRESSING

19  HERE.

20    SO, MR. NOLAN, YOU MAY WANT TO ELABORATE ON THAT.    12:28

21    I DO WANT TO CIRCLE BACK AROUND ALSO, MR. ALGER,

22  BEFORE -- LET ME DO THIS BEFORE I HEAR FROM MR. NOLAN.  I'LL

23  CERTAINLY GIVE YOU A CHANCE TO RESPOND.

24    YOU'VE MADE A PRETTY SERIOUS ALLEGATION HERE ON THE

25  RECORD AGAINST SKADDEN ARPS IN TERMS OF DISCLOSING OR VIOLATING    12:28

1   A COURT ORDER BY PROVIDING SEALED DOCUMENTS TO THE WALL STREET

2   JOURNAL.

3          WHAT IS THE BASIS FOR THAT ALLEGATION?

4          **MR. ALGER:**  WE'VE BEEN INFORMED BY THE WALL STREET

5   JOURNAL THAT THEY HAVE RECEIVED DOCUMENTS FROM COUNSEL FOR                    12:28

6   EITHER MGA OR COUNSEL FOR MGA THAT HAVE NOT BEEN UNSEALED BY

7   THE COURT.  I BELIEVE MANY OF THESE DOCUMENTS WERE ATTACHED TO

8   MSJ FILINGS.  THERE'S NO DOUBT ABOUT THAT.  I THINK MANY, IF

9   NOT ALL.  I DON'T KNOW WHAT THEY HAVE.  A GREAT NUMBER OF THEM

10  WERE SUBMITTED WITH THE MSJ.  BUT THEY HAVE NOT BEEN UNSEALED                 12:29

11  AND AN ORDER HAS NOT BEEN ISSUED BY THIS COURT IN UNSEALING

12  THEM YET.

13         **THE COURT:**  MR. NOLAN?

14         **MR. NOLAN:**  NOBODY FROM SKADDEN ARPS PROVIDED ANY

15  DOCUMENTS UNDER SEAL TO ANY REPORTER.                                        12:29

16         I DO KNOW THAT THE WALL STREET JOURNAL DID OBTAIN A

17  COPY OF A PUBLICLY REDACTED VERSION OF THE SUMMARY JUDGMENT

18  MOTION THAT'S AVAILABLE TO THE PUBLIC AND TO THE PRESS.  I

19  MEAN, IT'S BEEN UNREDACTED.  AND THAT'S THE FORM -- IF THEY DO

20  HAVE A COPY OF THE MOTIONS, THAT'S ALL -- NOBODY AT                          12:29

21  SKADDEN ARPS PROVIDED ANY OF THE EXHIBITS THAT ARE ATTACHED

22  UNDER SEAL, YOUR HONOR.

23         **THE COURT:**  MR. ALGER, ARE YOU SAYING THAT THE WALL

24  STREET JOURNAL REPORTS TO YOU THAT THEY HAVE RECEIVED

25  UNREDACTED VERSIONS OF DOCUMENTS THAT WERE FILED AND THAT WERE               12:30

1    ACTUALLY UNDER SEAL?

2          **MR. ALGER**:  YOUR HONOR, I'M NOT SURE WHAT MR. NOLAN

3    IS TALKING ABOUT.  I DO KNOW TWO FACTS.

4          FIRST, MGA ISSUED A PRESS RELEASE MORE THAN A WEEK

5    AGO THAT QUOTED FROM, DIRECT QUOTES FROM DOCUMENTS, THE ALLEGED      12:30

6    'HOUSE ON FIRE' DOCUMENTS THAT HAVE BEEN SUBMITTED IN THIS CASE

7    IN CONJUNCTION WITH THE MSJ FILING.  MY BELIEF IS THAT THOSE

8    DOCUMENTS ARE STILL UNDER SEAL; THAT NO ORDER HAS BEEN ISSUED

9    BY THE COURT OF RELEASING THOSE DOCUMENTS FROM THIS SEAL.

10   THAT'S NUMBER ONE.  THAT'S A PRESS RELEASE THAT WAS ISSUED TO       12:30

11   THE PUBLIC.  IT WAS PUT ON THE BUSINESS WIRES, AND SO FORTH, BY

12   MGA.

13         NUMBER TWO, WE HAVE BEEN INFORMED BY THE <u>WALL STREET</u>

14   <u>JOURNAL</u>, AND WE HAVE BEEN PUT IN A POSITION WHERE WE'VE HAD TO

15   RESPOND REGARDING DOCUMENTS, THE SAME GROUP OF DOCUMENTS AND        12:30

16   PERHAPS OTHER DOCUMENTS, THAT ARE STILL UNDER SEAL.

17         SO UNLESS I'M MISINFORMED ABOUT THE STATUS OF THESE

18   DOCUMENTS OR WHETHER THEY HAVE BEEN QUOTED IN UNREDACTED --

19   REDACTED MOTION PAPERS, I DON'T KNOW.  MAYBE I SHOULD BE

20   CORRECTED.  BUT MY UNDERSTANDING IS THAT THE <u>WALL STREET</u>        12:31

21   <u>JOURNAL</u> ACTUALLY HAS DOCUMENTS THAT WERE ATTACHED TO THE

22   SUMMARY JUDGMENT PAPERS BY MGA, AND I BELIEVE THEY HAVE THE

23   ACTUAL DOCUMENTS.

24         **THE COURT**:  WHO IS YOUR SOURCE, MR. ALGER?

25         **MR. ALGER**:  THE <u>WALL STREET JOURNAL</u>.                  12:31

1        **THE COURT:**  I SAID WHO.  NOT WHAT.

2        **MR. ALGER**:  WE'VE BEEN -- I DON'T HAVE THE NAME OF

3   THE REPORTER RIGHT NOW, BUT WE HAVE BEEN SPEAKING TO A REPORTER

4   AT THE WALL STREET JOURNAL.

5        YOUR HONOR, WE'VE BEEN PUT IN A POSITION, LITERALLY,      12:31

6   OF HAVING TO RESPOND TO THE WALL STREET JOURNAL, YOUR HONOR,

7   WHICH IS PREPARING AN ARTICLE IN ANTICIPATION OF THE TRIAL

8   REGARDING DOCUMENTS THAT THE WALL STREET JOURNAL NOW HAS IN ITS

9   POSSESSION.

10       **THE COURT:**  MR. WERDEGAR, DO YOU KNOW ANYTHING ABOUT   12:31

11  THIS?

12       **MR. WERDEGAR:**  I DO NOT, YOUR HONOR.

13       I CAN REPRESENT, CERTAINLY, THAT NO ONE, MYSELF OR

14  ANYONE FROM MY FIRM, HAS PROVIDED ANY DOCUMENTS TO THE WALL

15  STREET JOURNAL.  I DON'T BELIEVE WE HAVE HAD ANY CONTACT        12:32

16  WHATSOEVER WITH THE WALL STREET JOURNAL IN ANY WAY, SHAPE OR

17  FORM.

18       **THE COURT:**  MR. ALGER, YOU CERTAINLY HAVE LEAVE TO

19  FILE ANYTHING THAT YOU WANT TO WITH THE COURT ON THIS MATTER.

20  OBVIOUSLY, THIS IS A VERY SERIOUS CONCERN TO THE COURT.  I'M    12:32

21  NOT GOING TO TAKE ANYTHING UNTIL I HAVE A RECORD BEFORE ME AND

22  AN OPPORTUNITY FOR EVERYBODY TO RESPOND.  BUT THIS IS A MATTER

23  OF SERIOUS CONCERN, SO...

24       **MR. NOLAN:**  IF I MIGHT, FOR A MOMENT.

25       **THE COURT:**  YOU MAY.                                  12:32

```
 1            MR. NOLAN:   THE REFERENCE TO THE PRESS RELEASE WAS IN

 2   RESPONSE TO A STATEMENT THAT MATTEL HAD MADE FOLLOWING THE

 3   MOTION FOR SUMMARY JUDGMENT ARGUMENT.   THE REFERENCES TO

 4   DOCUMENTS SUCH AS 'HOUSE ON FIRE' ARE REFERENCES THAT ARE ONLY

 5   IN THE UNREDACTED VERSIONS OF THE MOTION AND WAS REFERRED TO IN    12:33

 6   OPEN COURT.   BLOOMBERG NEWS SERVICE WAS PRESENT AT THOSE

 7   HEARINGS.

 8            SO I'M JUST SAYING THAT THERE HAVE BEEN REPORTS OF

 9   DOCUMENTS THAT REFER TO 'BARBIE BRAND IN CRISIS' OR 'HOUSE ON

10   FIRE,' BUT THOSE HAVE BEEN ARGUMENTS THAT WE MADE IN PUBLIC        12:33

11   ARGUMENTS.   AND I WAS VERY CAREFUL, YOUR HONOR, BEFORE THE

12   ARGUMENT, TO MAKE CERTAIN THAT THESE DOCUMENTS WERE AVAILABLE

13   TO BE ARGUED IN FRONT OF THE COURT AND DISPLAYED DURING THE

14   SUMMARY JUDGMENT ARGUMENTS.

15            THE COURT:   RIGHT.                                       12:33

16            LIKE I SAID, I HAVE NO REASON TO DISBELIEVE ANYBODY

17   AT THIS POINT IN TIME.   I ACCEPT THE REPRESENTATIONS.   I WILL

18   NOT CONSIDER THIS FURTHER UNTIL I HAVE A FURTHER RECORD BEFORE

19   ME.

20            I WOULD STRONGLY ENCOURAGE ALL PARTIES TO DISCUSS         12:34

21   THIS AMONGST THEMSELVES.   PERHAPS THERE ARE MISUNDERSTANDINGS;

22   PERHAPS THERE ARE INNOCENT EXPLANATIONS FOR ALL OF THIS.   I

23   WOULD ENCOURAGE THE PARTIES TO FULLY EXPLORE THAT BEFORE THEY

24   FILE OR BRING ANYTHING FURTHER TO THE COURT'S ATTENTION.

25            YES, MR. ALGER?                                           12:34
```

1        **MR. ALGER:**  I JUST WANTED TO -- I DO NOT BELIEVE IT

2   NECESSARY THAT WE ARE GOING TO BE PURSUING IT WITH THE COURT.

3   HOWEVER, I DID WANT THE RECORD TO BE CLEAR AS TO WHY --

4        **THE COURT:**  COUNSEL, I HAVE TO INTERRUPT THERE.

5        IF YOU'RE NOT GOING TO PURSUE THE MATTER WITH THE          12:34

6   COURT, THEN YOU SHOULD NOT BRING IT UP AT A HEARING SUCH AS

7   THIS.  THESE TYPES OF ALLEGATIONS ARE NOT THE TYPES OF THINGS

8   THAT YOU JUST THROW OUT IN THE MIDST OF A TELEPHONIC CONFERENCE

9   AND THEN DON'T BACK UP.

10       THIS IS AN EXTRAORDINARILY SERIOUS ALLEGATION.  AND      12:34

11  IF IT'S TRUE, THEN YOU NEED TO PURSUE IT.  IF IT'S NOT TRUE, IT

12  SHOULD NOT BE BROUGHT UP.

13       DO YOU UNDERSTAND?

14       **MR. ALGER:**  YES, YOUR HONOR.

15       **THE COURT:**  VERY WELL.                                12:35

16       MR. NOLAN, GETTING BACK TO THE SUBSTANCE OF THIS

17  PARTICULAR HEARING, COULD YOU ADDRESS THE DISTINCTION THAT THE

18  COURT WAS MAKING A FEW MOMENTS AGO.

19       WHAT I'M FOCUSING ON NOW, FOR FIRST AMENDMENT

20  PURPOSES, ARE DOCUMENTS THAT WERE SUBMITTED UNDER SEAL, SOME OF   12:35

21  WHICH MAY BE AEO, SOME MAY NOT BE.  BUT THAT'S THE FOCUS THAT I

22  AM ON RIGHT NOW.  SEPARATE AND APART FROM AEO DOCUMENTS THAT

23  HAVE NEVER BEEN FILED UNDER SEAL.

24       I UNDERSTAND THAT ULTIMATELY BOTH NEED TO BE

25  ADDRESSED AT THE PRETRIAL CONFERENCE.  BUT UNDERSTAND THAT AT    12:35

1    THIS POINT, WHAT I'M FOCUSING ON IS MATTERS THAT WERE SUBMITTED

2    UNDER SEAL TO THE COURT.

3         **MR. NOLAN:**  WHEN I WAS REFERRING TO THE SO-CALLED

4    UNIVERSE, THAT'S WHAT I WAS REFERRING TO; THAT IS, WHAT IS YOUR

5    PROBLEM -- NOT YOUR PROBLEM.  I APOLOGIZE.  THAT IS THE FIRST          12:35

6    AMENDMENT ISSUE THAT WE HOPEFULLY WILL NOT HAVE TO CONFRONT IS

7    WHAT HAS BEEN FILED WITH THE COURT AND WHAT REMAINS UNDER SEAL?

8    AND THAT'S WHAT MY COMMENTS WERE WITH RESPECT TO THE SO-CALLED

9    UNIVERSE OF DOCUMENTS.

10        NOW, IF, FOR INSTANCE, IN MATT BOUSQUETTE'S                       12:36

11   DEPOSITION -- WHICH I CAN'T FATHOM THAT WE WOULD SHOW HIM A

12   DOCUMENT THAT HAS NOT BEEN PREVIOUSLY MARKED IN THIS CASE --

13   MAYBE THAT STILL REMAINS AEO.  BUT THAT'S NOT MY CONCERN.

14        I THINK THAT THE DOCUMENTS WE'RE USING --

15        **THE COURT:**  MR. NOLAN, WHEN YOU SAY 'PREVIOUSLY              12:36

16   MARKED,' DO YOU MEAN PREVIOUSLY FILED?

17        **MR. NOLAN:**  I'M SORRY, YOUR HONOR.  PREVIOUSLY MARKED

18   AND SUBMITTED AND --

19        **THE COURT:**  EVERYTHING HAS BEEN MARKED, ONE WAY OR

20   ANOTHER, I ASSUME.                                                     12:36

21        **MR. NOLAN:**  I ASSUME SO TOO, YOUR HONOR.

22        I MEANT FILED WITH THE COURT.

23        **THE COURT:**  RIGHT.

24        **MR. NOLAN:**  ALSO, JUST GOING BACK TO THE SUMMARY

25   JUDGMENT ISSUE, JUST TO CLARIFY IT.  WHEN WE ARGUED THAT MATTER       12:36

```
 1   IN OPEN COURT, OUR INSTRUCTIONS BY THE COURT BEFORE THE SUMMARY

 2   JUDGMENT ARGUMENT WERE THAT YOU WANTED ALL OF THE DOCUMENTS

 3   RELATING TO THE SUMMARY JUDGMENT MOTION TO BE CLEARED BY THE

 4   PARTIES.  AND WE ARE IN A POSITION, AND WE'VE ALWAYS BEEN IN A

 5   POSITION, TO ARGUE TO THE COURT THAT WAY, THAT EVERYTHING WAS      12:37

 6   IN THE PUBLIC DOMAIN; SO I DIDN'T WANT TO HAVE ANY CONFUSION

 7   WITH RESPECT TO THAT, YOUR HONOR.

 8        THE COURT:  ALL RIGHT.  VERY GOOD.

 9        LETS PROCEED AS WE DISCUSSED EARLIER.  I WILL ISSUE A

10   MINUTE ORDER ON THIS PARTICULAR HEARING.  I'LL LOOK AT THAT       12:37

11   JOINT REPORT.  THE PARTIES SHOULD CONTINUE TO MEET AND CONFER

12   IN TERMS OF WHAT DOCUMENTS THAT HAVE BEEN FILED AND THAT THEY

13   WANT TO CONTINUE TO BE PROTECTED.  WE'LL TAKE THAT UP AND I'LL

14   ISSUE A FINAL ORDER ON MONDAY.

15        MR. ALGER, I THINK THIS LAST CLARIFICATION BY                12:37

16   MR. NOLAN ADDRESSES THE CONCERN THAT YOU RAISED AS TO WHETHER

17   WE'RE TALKING ABOUT ALL AEO DOCUMENTS OR JUST THE ONES THAT

18   HAVE BEEN FILED WITH THE COURT.

19        IS THAT CORRECT?

20        MR. ALGER:  I UNDERSTAND THAT MR. NOLAN WANTS                12:37

21   DOCUMENTS UNSEALED SUCH THAT HE CAN SHOW THEM TO HIS CLIENTS IN

22   ANTICIPATION OF THE BOUSQUETTE DEPOSITION.

23        IS THAT CORRECT?

24        MR. NOLAN:  THAT'S CORRECT.

25        THE COURT:  VERY GOOD.                                       12:38
```

1      **MR. ALGER:**  AND THAT MR. NOLAN IS NOT SEEKING AN

2  ORDER, AND THE COURT IS NOT ISSUING AN ORDER RIGHT NOW, THAT IS

3  TAKING DOCUMENTS OUT FROM UNDER THE PROTECTIVE ORDER OTHERWISE.

4      **THE COURT:**  THAT IS CORRECT.  ALL THAT WE'RE

5  ADDRESSING HERE ARE DOCUMENTS THAT HAVE BEEN FILED WITH THE         12:38

6  COURT.  AND THIS, I THINK, WAS YOUR ANALYSIS EARLIER,

7  MR. ALGER.  IT DOESN'T RISE TO THE FIRST AMENDMENT ISSUE UNTIL

8  AND UNLESS IT'S ACTUALLY FILED WITH THE COURT, USED AS AN

9  EXHIBIT IN TRIAL, ET CETERA, ET CETERA.

10      **MR. ALGER:**  THAT'S RIGHT, YOUR HONOR.                       12:38

11      AND, AGAIN, THE FACT OF THE MATTER IS, WE, MATTEL,

12  HAVE NO PROBLEM WITH THE UNSEALING OF THE MSJ DOCUMENTS SUBJECT

13  TO THE JOINT REPORT AND SUBJECT TO THE USE OF THE CORRECTED

14  EXHIBIT 86 THAT WAS ATTACHED TO A DECLARATION THAT I FILED ON

15  APRIL 17, 2008; SO THE ORIGINAL EXHIBIT 86 TO THE ZELLER          12:38

16  DECLARATION NEEDS TO REMAIN UNDER SEAL; THAT WOULD BE AN

17  ADDITIONAL DOCUMENT.

18      **THE COURT:**  VERY GOOD.

19      **MR. ALGER:**  BUT OTHER THAN THAT, WE'RE FINE WITH THE

20  COURT SO ORDERING THE UNSEALING OF THE BALANCE OF THE MSJ         12:39

21  DOCUMENTS AS OF TODAY.

22      **THE COURT:**  COUNSEL, YOU CAN CONSIDER IT ORDERED AS

23  OF THIS MOMENT.  I WILL ISSUE A MINUTE ORDER TODAY TO THAT

24  EFFECT.  I'LL CONSULT THE JOINT REPORT TO ADOPT THE APPROPRIATE

25  LANGUAGE.  BUT JUST FOR YOUR PREPARATION PURPOSES, YOU MAY        12:39

1    PROCEED KNOWING THAT THE COURT HAS ORDERED THAT UNSEALING.

2        THEN WE'LL TAKE UP THE REST OF THE DOCUMENTS THAT

3    HAVE BEEN FILED UNDER SEAL, THE DISCOVERY AND THE LIKE, AT THE

4    PRETRIAL CONFERENCE ON MONDAY, AND WE CAN HOPEFULLY GO FROM

5    THERE.                                                      12:39

6        ARE THERE ANY OTHER ISSUES AT THIS TIME, COUNSEL?

7        **MR. NOLAN:**  NO, YOUR HONOR, JUST A CONFIRMATION.

8        ON MONDAY, WE START AT 10:00 A.M. ON, I THINK, THE

9    MOTION FOR RECONSIDERATION WITH RESPECT TO THE CITY OF HOPE

10   CASE?                                                       12:40

11       **THE COURT:**  HOLD ON ONE SECOND.  I WANT TO CONSULT

12   WITH MY CLERK AND TAKE A LOOK AT THE CALENDAR.  WE DO HAVE A

13   FEW OTHER MOTIONS WHICH I'M GOING TO TAKE UP FIRST AND THEN I

14   WILL DEVOTE BASICALLY THE REST OF THE TIME TO YOU.

15       I'M GOING TO PUT YOU ON HOLD FOR ONE SECOND.            12:40

16       (BRIEF PAUSE. )

17       **THE COURT:**  COUNSEL, IN LOOKING AT THE CALENDAR, I

18   THINK THE BEST THING TO DO IS TO MOVE EVERYTHING TO THE

19   AFTERNOON AT 1:30.  I'VE GOT SEVERAL OTHER MATTERS, AND I'M

20   CONCERNED THAT I'M GOING TO GET BOGGED DOWN WITH THOSE IN THE  12:42

21   MORNING.  WHAT I'D RATHER DO IS MOVE NOT ONLY THE PRETRIAL

22   CONFERENCE, BUT ALSO, WE HAVE THE MOTION FOR RECONSIDERATION

23   THAT HAS BEEN FILED BY CARTER BRYANT; I'VE GOT THE OPPOSITION

24   BY MATTEL.  IF THERE'S GOING TO BE A REPLY ON THAT, THAT NEEDS

25   TO BE FILED BY 4:00 P.M. ON MAY 16, BY FRIDAY.  WHY DON'T WE DO  12:42

1    THAT AND THIS PRETRIAL CONFERENCE AT 1:30; THAT WAY YOU WON'T

2    BE JOCKEYING FOR POSITION WITH OTHER PARTIES.  AND THEN WE CAN

3    ALSO CONTINUE OUR HEARING ON THE MOTION FOR PARTIAL SUMMARY

4    JUDGMENT AT THE SAME TIME.

5            DOES THAT POSE A PROBLEM FOR ANYBODY?                    12:43

6        **MR. NOLAN:**  NO, YOUR HONOR, NOT FOR US.

7        **THE COURT:**  VERY WELL.

8        MR. ALGER?

9        **MR. ALGER:**  NOT A PROBLEM FOR MATTEL.

10       **THE COURT:**  MR. WERDEGAR?  CARTER BRYANT?                 12:43

11       **MR. WERDEGAR:**  NO, YOUR HONOR.

12           CONFIRM THAT'S ALSO FINE WITH US, AND THANK YOU.

13       **MR. NOLAN:**  YOUR HONOR, JUST FOR CLARIFICATION, IF WE

14   START AT 1:30 THE HEARING FOR PARTIAL SUMMARY JUDGMENT -- THERE

15   WAS A QUESTION ASKED BY MR. ALGER AT THE END OF MONDAY'S         12:43

16   HEARING ABOUT HAVING LIVE TESTIMONY AT MONDAY'S HEARING.  AND

17   MR. QUINN AND I HAVE TALKED, AND WE'RE TRYING TO WORK OUT AN

18   AGREEMENT WHERE WE WOULD NOT PRESENT LIVE TESTIMONY.  WHICH, OF

19   COURSE, AS YOU SAID, IT WAS, I GUESS, MATTEL'S MOTION ON

20   SUMMARY JUDGMENT.                                                12:44

21           I GUESS I JUST WANT TO MAKE CERTAIN.  WHAT WE

22   ANTICIPATE IS THAT THERE'S GOING TO BE FURTHER HEARING ON

23   PARTIAL SUMMARY JUDGMENT.  IF THE COURT WERE TO DETERMINE THAT

24   SOME FURTHER ANALYSIS FOR PURPOSES OF MOVING FORWARD WITH THE

25   COPYRIGHT CLAIM, WHETHER OR NOT YOU CALL IT FILTRATION OR        12:44

1    DISSECTION, OR WHATEVER, THAT WOULD NOT BE CONDUCTED ON MONDAY.

2          AM I MISTAKEN ON THAT?

3          **THE COURT:**  MR. ALGER?

4          **MR. ALGER:**  YOUR HONOR, I HAVE NOT SPOKEN TO

5    MR. QUINN ABOUT THIS, SO I DO NOT HAVE A RESPONSE.          12:44

6          **THE COURT:**  VERY WELL.

7          WHY DON'T YOU DISCUSS THIS AMONGST YOURSELVES.  THE

8    COURT WILL MAKE ITSELF AVAILABLE.  I'M CLEARING EVERYTHING ELSE

9    OFF OF MY CALENDAR FOR MONDAY AFTERNOON, SO YOU'LL HAVE ME FROM

10   1:30 ON.  THE COURT WILL CERTAINLY BE INTERESTED IN WHAT YOU     12:44

11   HAVE TO SAY.

12         **MR. NOLAN:**  I GUESS ANOTHER WAY TO ASK IT, YOUR

13   HONOR, IS, DOES THE COURT HAVE A PREFERENCE?  WOULD THE COURT

14   LIKE TO HEAR LIVE TESTIMONY ON ANY OF THOSE PARTICULAR ISSUES?

15         **THE COURT:**  I DON'T HAVE A PARTICULAR REQUEST FOR     12:45

16   LIVE TESTIMONY, BUT I WILL LEAVE IT TO THE PARTIES TO PRESENT

17   THEIR ARGUMENTS IN THE WAY THAT THEY THINK IS MOST EFFECTIVE.

18         **MR. NOLAN:**  THANK YOU, YOUR HONOR.  THAT HELPS US.

19         **THE COURT:**  VERY WELL.

20         GOOD AFTERNOON, COUNSEL.          12:45

21         **MR. ALGER:**  THANK YOU, YOUR HONOR.

22         **THE COURT:**  SEE YOU ON MONDAY.

23         **MR. WERDEGAR:**  THANK YOU, JUDGE.

24   /  /  /

25   /  /  /

1                            CERTIFICATE

2

3    I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
     STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
4    THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
     ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
5    CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
     THE UNITED STATES.

6

7    _____          _____
     THERESA A. LANZA, CSR, RPR                         DATE
8    FEDERAL OFFICIAL COURT REPORTER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

WEDNESDAY. MAY 14. 2008                        TELECONFERENCE HEARING