UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                                           Date: June 9, 2009
Title:        MATTEL, INC. V. MGA ENTERTAINMENT, INC., et al.
==================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

          Cindy Sasse                                                   None Present
          Courtroom Deputy                                        Court Reporter

ATTORNEYS PRESENT FOR                          ATTORNEYS PRESENT FOR
PLAINTIFFS:                                                  DEFENDANTS:

None Present                                                  None Present

**PROCEEDINGS:   ORDER SETTING HEARING**

      On May 21, 2009, the Court ordered briefing on two issues:  First, the proper scope of the profits from Bratz products to be placed in escrow; and second, the potential unsealing of the Forensic Auditor's Reports.  The parties have fully briefed these issues and the Court sets this matter for hearing on June 15, 2009, at 2:00 p.m. <u>See</u> May 21, 2009, Order at 7-8 and 14-15.

      As for the accounting issue, the parties' briefs have left the Court with no clear definition of the amount of Bratz profits that should be placed in escrow.  The MGA parties have requested an evidentiary hearing regarding this matter, which the Court will consider at the hearing.  In connection therewith, the MGA parties shall be prepared to proffer their evidence or articulate why that proffer must await another date.

      As for the unsealing issue, as noted in its Order of May 21, 2009, of particular concern to the Court are the contents of the Statement of Position of Omni 808 Investors, LLC, filed on May 14, 2009, wherein counsel for Omni 808, in addition to revealing information that was ordered to be maintained under seal, <u>see</u> May 5, 2009, Order, mounted a personal attack on the Court-appointed Forensic Auditor, Ronald Durkin, calling into question not only his competence but his impartiality.  Although the Court recognizes that Omni 808 strongly disagrees with the conclusions drawn by Mr.

MINUTES FORM 90                                              Initials of Deputy Clerk __cls_____
CIVIL -- GEN                                        1

Durkin (a point underscored by subsequent filings), as well as Omni 808's right and counsel's duty to so inform the Court, the Court cannot permit public attacks <u>ad hominem</u> based on sealed information that, precisely because such information remains sealed, cannot be the subject of a public response by the subject of the attacks.

Additionally, in their objections to the release of the Forensic Auditor's Reports, the MGA parties challenge counsel for Mattel's unspecified public disclosure of information ordered by the Court to be maintained under seal, a disclosure they contend has been exacerbated by Mattel's refusal to stipulate to seal or strike a similarly unspecified portion of the transcript of the May 18, 2009, hearing.  MGA Parties Objs. to Release of Forensic Auditor's Reports at 2, n.3.  A similar concern as that identified above emerges in this context as well.

On the one hand, the Court believes that, consistent with both the letter and rationale of the First Amendment, perhaps the best way to address this matter, particularly given the absence of any contemporaneous objections either on the record or at sidebar by <u>any</u> counsel attending the hearing (a factor which distinguishes this particular episode from earlier ones), is to simply release all of the information contained in the Forensic Auditor's Reports.  On the other hand, the Court is mindful of the significant and weighty concerns raised by the MGA parties regarding the potential impact of the unsealing of the Reports.  Therefore, the Court will hear further from the parties on this issue.

Toward that end, in addition to counsel for all parties, the following attorneys are specifically **ORDERED TO APPEAR** personally at the June 15, 2009, hearing:  Michael Zeller and Todd Gordinier.

Finally, the Court is in receipt of what is labeled a Request of Omni 808 Investors, LLC, to Strike the Summary and Responsive Reports of the Court-Appointed Forensic Auditor, which the Court construes as a motion.  The Court sets the motion for hearing on July 6, 2009, at 10:00 a.m., in Courtroom One of the above-referenced Court.  Omni 808 shall file and serve an appropriate notice of motion on all parties.  Any opposition to the motion shall be filed on or before June 19, 2009, and any reply thereto shall be filed on or before June 26, 2009, all under seal pending further order of this Court.  In addition to the counsel identified above, the Court-appointed Forensic Auditor, Ronald Durkin, is **ORDERED TO APPEAR** personally at the July 6, 2009, hearing.  The Clerk shall serve a copy of Omni 808's Motion to Strike on the Court-Appointed Forensic Auditor.  The parties shall serve all future documents relating to Omni 808's Motion to Strike on him as well.

**IT IS SO ORDERED.**

cc:  Ronald Durkin