\

# EXHIBIT 18

RECEIVED

1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@ glaserweil.com
3  GLASER, WEIL, FINK, JACOBS
   & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
5  Los Angeles, California 90067
   Telephone:  310-553-3000
6  Facsimile:  310-556-2920

7  Russell J. Frackman, State Bar No. 049087
   rjf@msk.com
8  MITCHELL, SILBERBERG & KNUPP, LLP
   11377 West Olympic Boulevard
9  Los Angeles, California 90064
   Telephone:  310-312-2000
10 Facsimile:  310-312-3100

11 Attorneys for the MGA Parties For Phase Two

12            UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14                    EASTERN DIVISION

15

16 CARTER BRYANT, an individual    )  Case No. CV 04-9049 SGL (RNBx)
                                   )
17            Plaintiff,           )  Consolidated with
                                   )  Case No. 04-09059
18 v.                              )  Case No. 05-02727
                                   )
19 MATTEL, INC., a Delaware        )  **RESPONSES TO REQUESTS FOR**
   Corporation                     )  **DOCUMENTS AND THINGS TO**
20                                 )  **MGA ENTERTAINMENT, INC.**
            Defendant.             )  **(PHASE 2)**
21                                 )
                                   )
22                                 )
                                   )
23 AND CONSOLIDATED ACTIONS        )
                                   )
24

25

26

27        EXHIBIT ___18___

28        PAGE ___288___
665960v2
                  2 6 09

1    The General Response set forth herein applies to all responses that MGA is

2   providing in response to these requests for production (the "Requests") or may in the

3   future provide in response to any discovery request in this action.  The Response is

4   made without waiving, or intending to waive but, on the contrary, expressly

5   reserving:  (a) the right to object, on the grounds of competency, privilege, relevancy

6   or materiality, or any other proper grounds, to the use of the Response, for any

7   purpose in whole or in part, in any subsequent step or proceeding in this action or any

8   other action; (b) the right to object on any and all grounds, at any time, to other

9   requests for production or other discovery procedures; and (c) the right at any time to

10  revise, correct, add to, or clarify any of the responses propounded herein.

11    The Response reflects only the present state of MGA's discovery regarding the

12  information that Mattel seeks.  Discovery for Phase Two and other investigation or

13  research concerning this litigation are continuing.  It is anticipated that further

14  discovery, independent investigation, and legal research and analysis will supply

15  additional facts and meaning to the known facts, as well as establish entirely new

16  factual conclusions, all of which may lead MGA to discover other information

17  responsive to these Requests.  MGA therefore reserves the right to amend or

18  supplement this Response at any time in light of future investigation, research or

19  analysis, and also expressly reserves the right to rely on, at any time, including trial,

20  subsequently discovered information omitted from this Response as a result of

21  mistake, error, oversight or inadvertence.  MGA does not hereby admit, adopt or

22  acquiesce in any factual or legal contention, assertion or characterization contained in

23  the Requests or any particular request therein, even where MGA has not otherwise

24  objected to a particular request, or has agreed to provide information responsive to a

25  particular request.

26    No incidental or implied admissions are intended by this Response.  These

27  responses should not be taken as an admission that MGA accepts or admits the

28  existence of any facts set forth or assumed by any instruction, definition or request.

EXHIBIT ___ 665960v2  19

PAGE ___ 289

(c)     MGA objects to the terms "IDENTIFY" or "IDENTITY" (Definitions ¶ L) as overbroad, unduly burdensome, vague, ambiguous, and oppressive.  Mattel's definition of these terms inherently call for answers to multiple discrete questions or subparts to questions.  For example, when those terms are used to reference any individual, the use of those terms requests at least 7 different and distinct facts: (a) such individual's name; (b) such individual's current or last known business title; (c) such individual's current or last known business affiliation; (d) such individual's current or last known relationship to MGA; (e) such individual's current or last known residential address; (f) such individual's current or last known business address; (g) such individual's current or last known telephone number.  When those terms are used to reference any business entity, the use of those terms requests at least 4 different and distinct facts: (a) such entity's full name; (b) state (or country) of incorporation or organization; (c) such entity's present or last known address; (d) such entity's present or last known telephone number.   Therefore, any request that includes or incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily compound and should be posed as separate requests.

8.     MGA objects to these request to the extent that they may unfairly seek to restrict the facts on which MGA may rely at trial.  Discovery has not been completed and MGA is not yet necessarily in possession of all the facts and documents upon which MGA intends to rely.  All of the responses submitted herewith are tendered to Mattel with the reservation that the responses are submitted without limiting the evidence on which MGA may rely to support the contentions and defenses that MGA may assert at the trial of this action and to rebut or impeach the contentions, assertions and evidence that Mattel may present.  MGA reserves the right to supplement or amend these responses at a future date.

9.     MGA objects to each request to the extent that it seeks information that will be the subject of expert witness testimony and that is therefore premature.

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18
PAGE 270

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1          10.     MGA objects to each request to the extent that it seeks the

2  disclosure of confidential, proprietary, or trade-secret information.

3          11.     MGA objects to each request to the extent that it calls for a legal

4  conclusion.

5          12.     MGA reserves the right to object on any ground at any time to

6  such other and supplemental discovery requests as Mattel may propound involving or

7  relating to the same subject matter of these request.

8          13.     The responses below shall not be construed as an admission as to

9  the relevance or admissibility of any statement or characterization contained in any

10 request.  MGA reserves all objections, including without limitation objections as to

11 competency, relevance, materiality, privilege, authenticity, or admissibility.

12         14.     In responding to these Requests, MGA has not and will not

13 comply with any instructions or definitions that seek to impose requirements in

14 addition to those imposed by the Federal Rules of Civil Procedure and any applicable

15 local rule.

16                      **SPECIFIC OBJECTIONS AND RESPONSES**

17 **REQUEST FOR PRODUCTION NO. 1**

18     All YOUR audited and unaudited monthly, quarterly and annual financial

19 statements covering or RELATING TO any period on or after January 1, 2007,

20 including without limitation balance sheets, income statements, profit and loss

21 statements, consolidated statements of operations, cash flow statements and

22 statements of retained earnings.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

24     MGA incorporates by reference its General Objections as though fully set forth

25 herein.  MGA further objects on the grounds that this request calls for the production

26 of documents that are not limited to the subject matter of this action and not relevant

27 to any claim or defense in the pending litigation or reasonably calculated to lead to

28 the discovery of admissible evidence.  The request appears designed to circumvent

665960v2

EXHIBIT ___18___
PAGE ___291___

1   the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

2   the auditor's costs in the first instance.  <u>See</u> January 7, 2009 Larson Order Appointing

3   Forensic Auditor.

4        MGA further objects to this request on the grounds that it is compound.  MGA

5   further objects to the request to the extent it violates the privacy rights of third parties

6   to their private, confidential, proprietary or trade secret information.

7        MGA also objects to this request on the grounds that it is overbroad, including,

8   without limitation, in that it would extend to any MGA financial statement relating to

9   any period on or after January 1, 2007, without regard to whether such documents are

10   at all relevant to any claim or defense at issue herein.  MGA further objects to this

11   request on the grounds that it is vague and ambiguous in its use of the term "financial

12   statements."  Mattel has not demonstrated how *all* MGA's audited and unaudited

13   monthly, quarterly and annual financial statements could be relevant to the claims and

14   defenses in this action, let alone established that the relevancy of these documents

15   outweighs the individual's fundamental right of privacy.  MGA further objects to this

16   request on the ground that the term RELATING TO renders the request vague,

17   ambiguous, overly broad and unduly burdensome.  MGA further objects to the

18   request to the extent that it seeks documents that by reason of public filing, public

19   distribution or otherwise are already in Mattel's possession or are readily accessible to

20   Mattel.  MGA further objects to this request to the extent that it seeks documents not

21   in MGA's possession, custody or control.  MGA also objects to this request on the

22   grounds that it seeks confidential, proprietary or commercially sensitive information,

23   the disclosure of which would be inimical to the business interests of MGA.  MGA

24   also objects to this request to the extent it calls for the disclosure of attorney-client

25   privileged information or information protected from disclosure by the work-product

26   doctrine, joint defense or common interest privilege, or other privilege.

27   **EXHIBIT** ___19___

28   **PAGE** ___292___

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    MGA further objects to this request as cumulative and duplicative to the extent

2   that it seeks documents previously requested by Mattel or produced by MGA in

3   response to Mattel's document requests.

4   **REQUEST FOR PRODUCTION NO. 2**

5        All agreements and contracts with any lenders to or creditors of MGA covering,

6   RELATING TO, in effect, dated or entered into on or after January 1, 2007, including

7   without limitation loan agreements, credit agreements, financing agreements, lines of

8   credit and promissory notes, and any amendments or modifications thereto, and any

9   notices of default and COMMUNICATIONS REFERRING OR RELATING TO any

10  such agreements and contracts.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

12       MGA incorporates by reference its General Objections as though fully set forth

13  herein.  MGA further objects on the grounds that this request calls for the production

14  of documents and communications that are not limited to the subject matter of this

15  action and not relevant to any claim or defense in the pending litigation or reasonably

16  calculated to lead to the discovery of admissible evidence.

17       MGA further objects to this request on the grounds that it is compound.  MGA

18  further objects to the request to the extent it violates the privacy rights of third parties

19  to their private, confidential, proprietary or trade secret information.

20       MGA also objects to this request on the grounds that it is overbroad, including,

21  without limitation, that it would extend to *any* agreements and contracts with *any*

22  lenders to or creditors of MGA and *any* communications referring or relating thereto,

23  without regard to whether such communications are at all relevant to any claim or

24  defense at issue herein.  MGA further objects to this request on the grounds that it is

25  vague and ambiguous in its use of the terms "lenders," "creditors," "agreements," and

26  "contracts."  Mattel has not demonstrated how *all* agreements and contracts with any

27  lenders to or creditors of MGA covering, RELATING TO, in effect, dated or entered

28  into on or after January 1, 2007, and *any* notices of default and COMMUNICATIONS

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT __18__

PAGE __293__

7

1  REFERRING OR RELATING TO any such agreements and contracts could be
2  relevant to the claims and defenses in this action, let alone established that the
3  relevancy of these documents and communications outweighs the individual's
4  fundamental right of privacy.  MGA further objects to this request on the ground that
5  the terms COMMUNICATIONS, REFERRING OR RELATING TO render the
6  request vague, ambiguous, overly broad and unduly burdensome.  MGA further
7  objects to the request to the extent that it seeks documents that by reason of public
8  filing, public distribution or otherwise are already in Mattel's possession or are
9  readily accessible to Mattel.  MGA further objects to this request to the extent that it
10  seeks documents not in MGA's possession, custody or control.  MGA also objects to
11  this request on the grounds that it seeks confidential, proprietary or commercially
12  sensitive information, the disclosure of which would be inimical to the business
13  interests of MGA.  MGA also objects to this request to the extent it calls for the
14  disclosure of attorney-client privileged information or information protected from
15  disclosure by the work-product doctrine, joint defense or common interest privilege,
16  or other privilege.

17        MGA further objects to this request as cumulative and duplicative to the extent
18  that it seeks documents previously requested by Mattel or produced by MGA in
19  response to Mattel's document requests.

20  **REQUEST FOR PRODUCTION NO. 3**

21        To the extent not produced in response to any other Request, DOCUMENTS
22  sufficient to IDENTIFY each other PERSON from whom YOU sought, solicited,
23  requested, obtained, received or were denied credit, financing or funding on or after
24  January 1, 2007 and sufficient to show the amount(s) and terms involved.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

26        MGA incorporates by reference its General Objections as though fully set forth
27  herein.  MGA further objects on the grounds that this request calls for the production
28  of documents that are not limited to the subject matter of this action and not relevant

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT  18
PAGE  294

1    to any claim or defense in the pending litigation or reasonably calculated to lead to

2    the discovery of admissible evidence.  The request appears designed to circumvent

3    the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

4    the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing

5    Forensic Auditor.

6        MGA further objects to this request on the grounds that it is compound.  MGA

7    further objects to the request to the extent it violates the privacy rights of third parties

8    to their private, confidential, proprietary or trade secret information.

9        MGA also objects to this request on the grounds that it is overbroad, including,

10   without limitation, that it would require production of any documents sufficient to

11   identify any person or entity from whom MGA sought, solicited, requested, obtained,

12   received or were denied credit, financing or funding, without regard to whether such

13   documents are at all relevant to any claim or defense at issue herein.  MGA further

14   objects to this request on the grounds that it is vague and ambiguous in its use of the

15   terms "sought," "solicited," "requested," "obtained," "received," "denied," "credit,"

16   "financing," and "funding."  Mattel has not demonstrated how DOCUMENTS

17   sufficient to IDENTIFY *each* other PERSON from whom MGA sought, solicited,

18   requested, obtained, received or were denied credit, financing or funding on or after

19   January 1, 2007 and sufficient to show the amount(s) and terms involved could be

20   relevant to the claims and defenses in this action, let alone established that the

21   relevancy of these documents outweighs the individual's fundamental right of

22   privacy.  MGA further objects to this request on the ground that the terms

23   DOCUMENTS, IDENTIFY, and PERSON render the request vague, ambiguous,

24   overly broad and unduly burdensome.  MGA further objects to the request to the

25   extent that it seeks documents that by reason of public filing, public distribution or

26   otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA

27   further objects to this request to the extent that it seeks documents not in MGA's

28   possession, custody or control.  MGA also objects to this request on the grounds that

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _18_

PAGE _295_

1   it seeks confidential, proprietary or commercially sensitive information, the disclosure

2   of which would be inimical to the business interests of MGA.  MGA also objects to

3   this request to the extent it calls for the disclosure of attorney-client privileged

4   information or information protected from disclosure by the work-product doctrine,

5   joint defense or common interest privilege, or other privilege.

6       MGA further objects to this request as cumulative and duplicative to the extent

7   that it seeks documents previously requested by Mattel or produced by MGA in

8   response to Mattel's document requests.

9   **REQUEST FOR PRODUCTION NO. 4**

10      All DOCUMENTS REFERRING OR RELATING TO YOUR solvency or

11  insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or

12  after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this

13  action).

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

15      MGA incorporates by reference its General Objections as though fully set forth

16  herein.  MGA further objects to this request on the grounds that the Discovery Master

17  already has ruled on similarly phrased requests, including in an Order dated May 7,

18  2008, concluding that requests using phrases like "all documents," and "referring to

19  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

20  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

21  that this request calls for the production of documents that are not limited to the

22  subject matter of this action and not relevant to any claim or defense in the pending

23  litigation or reasonably calculated to lead to the discovery of admissible evidence.

24  The request appears designed to circumvent the Court's January 7 Order appointing a

25  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

26  See January 7, 2009 Larson Order Appointing Forensic Auditor.

27

28

665960v2

EXHIBIT 18
PAGE 296

1   MGA further objects to this request on the grounds that it is compound.  MGA

2   further objects to the request to the extent it violates the privacy rights of third parties

3   to their private, confidential, proprietary or trade secret information.

4   MGA also objects to this request on the grounds that it is overbroad, including,

5   without limitation, in that it would extend to any document referring or relating in any

6   way to a wide variety of matter that could potentially be construed as "relating" to

7   MGA's solvency or insolvency, without regard to whether such documents are at all

8   relevant to any claim or defense at issue herein.  MGA further objects to this request

9   on the grounds that it is vague and ambiguous in its use of the terms "solvency" and

10  "insolvency."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

11  RELATING TO MGA's solvency or insolvency, or whether MGA's liabilities exceed

12  its assets could be relevant to the claims and defenses in this action, let alone

13  established that the relevancy of these documents outweighs fundamental privacy

14  rights.  MGA further objects to this request on the ground that the terms

15  DOCUMENTS and REFERRING OR RELATING TO render the request vague,

16  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

17  request to the extent that it seeks documents that by reason of public filing, public

18  distribution or otherwise are already in Mattel's possession or are readily accessible to

19  Mattel.  MGA also objects to this request on the grounds that it seeks confidential,

20  proprietary or commercially sensitive information, the disclosure of which would be

21  inimical to the business interests of MGA.  MGA also objects to this request to the

22  extent it calls for the disclosure of attorney-client privileged information or

23  information protected from disclosure by the work-product doctrine, joint defense or

24  common interest privilege, or other privilege.

25  MGA further objects to this request as cumulative and duplicative to the extent

26  that it seeks documents previously requested by Mattel or produced by MGA in

27  response to Mattel's document requests.

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT  18

PAGE  297

1 **REQUEST FOR PRODUCTION NO. 5**

2     All DOCUMENTS REFERRING OR RELATING TO any representation or

3 statement made by YOU about YOUR solvency or insolvency, or whether YOUR

4 liabilities exceed YOUR assets, for any period on or after January 1, 2007 (excluding

5 pleadings served by YOU on MATTEL in this action).

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

7     MGA incorporates by reference its General Objections as though fully set forth

8 herein.  MGA further objects to this request on the grounds that the Discovery Master

9 already has ruled on similarly phrased requests, including in an Order dated May 7,

10 2008, concluding that requests using phrases like "all documents," and "referring to

11 or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

12 information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

13 that this request calls for the production of documents that are not limited to the

14 subject matter of this action and not relevant to any claim or defense in the pending

15 litigation or reasonably calculated to lead to the discovery of admissible evidence.

16     MGA further objects to this request on the grounds that it is compound.  MGA

17 further objects to the request to the extent it violates the privacy rights of third parties

18 to their private, confidential, proprietary or trade secret information.

19     MGA also objects to this request on the grounds that it is overbroad, including,

20 without limitation, that it would extend to *any* statement or representation made by

21 anyone at MGA referring or relating in any way to a wide variety of matter that could

22 potentially be construed as "relating" to this MGA's solvency, insolvency, liabilities,

23 or assets without regard to whether such statements or representations are at all

24 relevant to any claim or defense at issue herein.  MGA also objects to this request on

25 the grounds that it is overbroad, unduly burdensome and oppressive in that it purports

26 to require MGA diligently to identify *every* statement or representation that any of its

27 hundreds of employees may have made to any other person referring or relating to

28 MGA's solvency, insolvency, liabilities, or assets.  MGA further objects to this

665960v2

EXHIBIT 18

PAGE 298

1  request on the grounds that it is vague and ambiguous in its use of the terms

2  "representation," "statement," "solvency," and "insolvency."   Mattel has not

3  demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO any

4  representation or statement made by MGA about MGA's solvency or insolvency, or

5  whether MGA's liabilities exceed its assets could be relevant to the claims and

6  defenses in this action, let alone established that the relevancy of these documents

7  outweighs fundamental privacy rights.  MGA further objects to this request on the

8  ground that the terms DOCUMENTS and REFERRING OR RELATING TO render

9  the request vague, ambiguous, overly broad and unduly burdensome.  MGA further

10  objects to the request to the extent that it seeks documents that by reason of public

11  filing, public distribution or otherwise are already in Mattel's possession or are

12  readily accessible to Mattel.  MGA further objects to this request to the extent that it

13  seeks documents not in MGA's possession, custody or control.  MGA also objects to

14  this request on the grounds that it seeks confidential, proprietary or commercially

15  sensitive information, the disclosure of which would be inimical to the business

16  interests of MGA.  MGA also objects to this request to the extent it calls for the

17  disclosure of attorney-client privileged information or information protected from

18  disclosure by the work-product doctrine, joint defense or common interest privilege,

19  or other privilege.

20      MGA further objects to this request as cumulative and duplicative to the extent

21  that it seeks documents previously requested by Mattel or produced by MGA in

22  response to Mattel's document requests.

23  **REQUEST FOR PRODUCTION NO. 6**

24      All DOCUMENTS REFERRING OR RELATING TO YOUR net worth for

25  any period on or after January 1, 2007 (excluding pleadings served by YOU on

26  MATTEL in this action).

27

28
665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT __18__

PAGE __299__

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, in that it would extend to any document referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to MGA's net worth, without regard to whether such documents are at all relevant to any claim or defense at issue herein. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the term "net worth." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO MGA's net worth could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. MGA further objects to this request on the ground that the terms DOCUMENTS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks

665960v2

EXHIBIT 18
PAGE 300

1  documents that by reason of public filing, public distribution or otherwise are already
2  in Mattel's possession or are readily accessible to Mattel. MGA also objects to this
3  request on the grounds that it seeks confidential, proprietary or commercially
4  sensitive information, the disclosure of which would be inimical to the business
5  interests of MGA. MGA also objects to this request to the extent it calls for the
6  disclosure of attorney-client privileged information or information protected from
7  disclosure by the work-product doctrine, joint defense or common interest privilege,
8  or other privilege.

9     MGA further objects to this request as cumulative and duplicative to the extent
10 that it seeks documents previously requested by Mattel or produced by MGA in
11 response to Mattel's document requests.

12 **REQUEST FOR PRODUCTION NO. 7**

13    All DOCUMENTS REFERRING OR RELATING TO ISAAC LARIAN's net
14 worth for any period on or after January 1, 2007 (excluding pleadings served by YOU
15 on MATTEL in this action).

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

17    MGA incorporates by reference its General Objections as though fully set forth
18 herein. MGA further objects to this request on the grounds that the Discovery Master
19 already has ruled on similarly phrased requests, including in an Order dated May 7,
20 2008, concluding that requests using phrases like "all documents," and "referring to
21 or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant
22 information. See May 7, 2008 Infante Order. MGA further objects on the grounds
23 that this request calls for the production of documents that are not limited to the
24 subject matter of this action and not relevant to any claim or defense in the pending
25 litigation or reasonably calculated to lead to the discovery of admissible evidence.
26 The request appears designed to circumvent the Court's January 7 Order appointing a
27 forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.
28 See January 7, 2009 Larson Order Appointing Forensic Auditor.

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT  18
PAGE  301

1    MGA further objects to this request on the grounds that it is compound.  MGA

2  further objects to the request to the extent it violates the privacy rights of third parties

3  to their private, confidential, proprietary or trade secret information.

4    MGA also objects to this request on the grounds that it is overbroad, including,

5  without limitation, in that it would extend to any document referring or relating in any

6  way to a wide variety of matter that could potentially be construed as "relating" to

7  Isaac Larian's net worth, without regard to whether such documents are at all relevant

8  to any claim or defense at issue herein.  MGA further objects to this request on the

9  grounds that it is vague and ambiguous in its use of the term "net worth."  Mattel has

10  not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO Isaac

11  Larian's net worth could be relevant to the claims and defenses in this action, let

12  alone established that the relevancy of these documents outweighs the individual's

13  fundamental right of privacy.  MGA further objects to this request on the ground that

14  the terms DOCUMENTS and REFERRING OR RELATING TO render the request

15  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

16  request to the extent that it seeks documents that by reason of public filing, public

17  distribution or otherwise are already in Mattel's possession or are readily accessible to

18  Mattel.  MGA also objects to this request on the grounds that it seeks confidential,

19  proprietary or commercially sensitive information, the disclosure of which would be

20  inimical to the business interests of MGA.  MGA also objects to this request to the

21  extent it calls for the disclosure of attorney-client privileged information or

22  information protected from disclosure by the work-product doctrine, joint defense or

23  common interest privilege, or other privilege.

24    MGA further objects to this request as cumulative and duplicative to the extent

25  that it seeks documents previously requested by Mattel or produced by MGA in

26  response to Mattel's document requests.

27

28

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___18___

PAGE ___302___

**REQUEST FOR PRODUCTION NO. 10**

All DOCUMENTS REFERRING OR RELATING TO the transfer of any ITEM OF VALUE by MGA to, or for the benefit of, ISAAC LARIAN, any member of ISAAC LARIAN's family or any entity controlled by ISAAC LARIAN or any member of ISAAC LARIAN's family, since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to the transfer of any item of value between MGA and Isaac Larian or any member of Isaac Larian's family, or any entity controlled by Isaac Larian or Isaac Larian's family, without regard to whether such documents are at all relevant to any claim or defense at issue herein. Mattel has not demonstrated how *all* DOCUMENTS REFERRING

665960v2

EXHIBIT 18
PAGE 303

1   OR RELATING TO the transfer of any ITEM OF VALUE by MGA to, or for the

2   benefit of, ISAAC LARIAN, any member of ISAAC LARIAN's family or any entity

3   controlled by ISAAC LARIAN or any member of ISAAC LARIAN's family could be

4   relevant to the claims and defenses in this action, let alone established that the

5   relevancy of these documents outweighs the individual's fundamental right of

6   privacy. MGA further objects to this request on the ground that the terms

7   DOCUMENTS, REFERRING OR RELATING TO, and ITEM OF VALUE render the

8   request vague, ambiguous, overly broad and unduly burdensome. MGA further

9   objects to the request to the extent that it seeks documents that by reason of public

10  filing, public distribution or otherwise are already in Mattel's possession or are

11  readily accessible to Mattel. MGA further objects to this request to the extent that it

12  seeks documents not in MGA's possession, custody or control. MGA also objects to

13  this request on the grounds that it seeks confidential, proprietary or commercially

14  sensitive information, the disclosure of which would be inimical to the business

15  interests of MGA. MGA also objects to this request to the extent it calls for the

16  disclosure of attorney-client privileged information or information protected from

17  disclosure by the work-product doctrine, joint defense or common interest privilege,

18  or other privilege.

19      MGA further objects to this request as cumulative and duplicative to the extent

20  that it seeks documents previously requested by Mattel or produced by MGA in

21  response to Mattel's document requests.

22  **REQUEST FOR PRODUCTION NO. 11**

23      All COMMUNICATIONS between YOU and any third-party, including

24  without limitation any retailer or distributor but excluding MATTEL and any Court,

25  REFERRING OR RELATING TO YOUR ex parte application for stay pending

26  appeal, filed December 11, 2008, including without limitation any declaration,

27  whether final, draft, proposed or requested, in connection therewith and copies of all

28  draft declarations in connection therewith.

665960v2

EXHIBIT ___18___
PAGE ___304___

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any communication between MGA and any third-party referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to MGA's ex parte application for stay pending appeal, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every communication that any of its hundreds of employees may have had with any third-party referring or relating to this action. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons involved in the communications. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "third-party," "retailer or distributor," and "ex parte application for stay pending appeal." Mattel has not demonstrated how *all* COMMUNICATIONS between MGA and any third-party REFERRING OR RELATING TO MGA's ex parte application for stay pending appeal could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms COMMUNICATIONS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT  18
PAGE  365

665960v2

1  and unduly burdensome.  MGA further objects to the request to the extent that it seeks

2  documents that by reason of public filing, public distribution or otherwise are already

3  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to this

4  request to the extent that it seeks documents not in MGA's possession, custody or

5  control.  MGA also objects to this request on the grounds that it seeks confidential,

6  proprietary or commercially sensitive information, the disclosure of which would be

7  inimical to the business interests of MGA.  MGA also objects to this request to the

8  extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense or

10  common interest privilege, or other privilege.

11      MGA further objects to this request as cumulative and duplicative to the extent

12  that it seeks documents previously requested by Mattel or produced by MGA in

13  response to Mattel's document requests.

14  **REQUEST FOR PRODUCTION NO. 12**

15      All DOCUMENTS REFERRING OR RELATING TO capital contributions to

16  MGA since January 1, 2007.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

18      MGA incorporates by reference its General Objections as though fully set forth

19  herein.  MGA further objects to this request on the grounds that the Discovery Master

20  already has ruled on similarly phrased requests, including in an Order dated May 7,

21  2008, concluding that requests using phrases like "all documents," and "referring to

22  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

23  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

24  that this request calls for the production of documents that are not limited to the

25  subject matter of this action and not relevant to any claim or defense in the pending

26  litigation or reasonably calculated to lead to the discovery of admissible evidence.

27  The request appears designed to circumvent the Court's January 7 Order appointing a

28

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18
PAGE 306

1   forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

2   See January 7, 2009 Larson Order Appointing Forensic Auditor.

3       MGA further objects to this request on the grounds that it is compound. MGA

4   further objects to the request to the extent it violates the privacy rights of third parties

5   to their private, confidential, proprietary or trade secret information.

6       MGA also objects to this request on the grounds that it is overbroad, including,

7   without limitation, that it would extend to any documents referring or relating in any

8   way to a wide variety of matter that could potentially be construed as "relating" to

9   capital contributions to MGA, without regard for whether such documents are at all

10  relevant to any claim or defense at issue herein. MGA further objects to this request

11  on the grounds that it is vague and ambiguous in its use of the term "capital

12  contributions." Mattel has not demonstrated how *all* DOCUMENTS REFERRING

13  OR RELATING TO capital contributions to MGA could be relevant to the claims and

14  defenses in this action, let alone established that the relevancy of these documents

15  outweighs the individual's fundamental right of privacy. MGA further objects to this

16  request on the ground that the terms DOCUMENTS and REFERRING OR

17  RELATING TO render the request vague, ambiguous, overly broad and unduly

18  burdensome. MGA further objects to the request to the extent that it seeks documents

19  that by reason of public filing, public distribution or otherwise are already in Mattel's

20  possession or are readily accessible to Mattel. MGA further objects to this request to

21  the extent that it seeks documents not in MGA's possession, custody or control.

22  MGA also objects to this request on the grounds that it seeks confidential, proprietary

23  or commercially sensitive information, the disclosure of which would be inimical to

24  the business interests of MGA. MGA also objects to this request to the extent it calls

25  for the disclosure of attorney-client privileged information or information protected

26  from disclosure by the work-product doctrine, joint defense or common interest

27  privilege, or other privilege.

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-282-6000

EXHIBIT 18
PAGE 307

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1    MGA further objects to this request as cumulative and duplicative to the extent

2    that it seeks documents previously requested by Mattel or produced by MGA in

3    response to Mattel's document requests.

4    **REQUEST FOR PRODUCTION NO. 13**

5    All DOCUMENTS showing MGA's projected revenue, costs, profits or

6    financial performance for any period since January 1, 2007.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

8    MGA incorporates by reference its General Objections as though fully set forth

9    herein. MGA further objects on the grounds that this request calls for the production

10   of documents that are not limited to the subject matter of this action and not relevant

11   to any claim or defense in the pending litigation or reasonably calculated to lead to

12   the discovery of admissible evidence. The request appears designed to circumvent

13   the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

14   the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing

15   Forensic Auditor.

16   MGA further objects to this request on the grounds that it is compound. MGA

17   further objects to the request to the extent it violates the privacy rights of third parties

18   to their private, confidential, proprietary or trade secret information.

19   MGA also objects to this request on the grounds that it is overbroad, including,

20   without limitation, that it would extend to any documents referring or relating in any

21   way to a wide variety of matter that could potentially be construed as "showing"

22   MGA's projected revenue, costs, profits or financial performance, without regard for

23   whether such documents are at all relevant to any claim or defense at issue herein.

24   MGA further objects to this request on the grounds that it is vague and ambiguous in

25   its use of the terms "projected revenue," "costs," "profits," and "financial

26   performance." Mattel has not demonstrated how *all* DOCUMENTS showing MGA's

27   projected revenue, costs, profits or financial performance could be relevant to the

28   claims and defenses in this action, let alone established that the relevancy of these

665960v2

EXHIBIT 18

PAGE 308

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  documents outweighs fundamental privacy rights. MGA further objects to this

2  request on the ground that the term DOCUMENTS renders the request vague,

3  ambiguous, overly broad and unduly burdensome. MGA further objects to the

4  request to the extent that it seeks documents that by reason of public filing, public

5  distribution or otherwise are already in Mattel's possession or are readily accessible to

6  Mattel. MGA further objects to this request to the extent that it seeks documents not

7  in MGA's possession, custody or control. MGA also objects to this request on the

8  grounds that it seeks confidential, proprietary or commercially sensitive information,

9  the disclosure of which would be inimical to the business interests of MGA. MGA

10 also objects to this request to the extent it calls for the disclosure of attorney-client

11 privileged information or information protected from disclosure by the work-product

12 doctrine, joint defense or common interest privilege, or other privilege.

13      MGA further objects to this request as cumulative and duplicative to the extent

14 that it seeks documents previously requested by Mattel or produced by MGA in

15 response to Mattel's document requests.

16 **REQUEST FOR PRODUCTION NO. 14**

17      All DOCUMENTS REFERRING OR RELATING TO any transfer of any

18 ITEM OF VALUE or other transaction between (i) MGA, and (ii) ISAAC LARIAN,

19 any ISAAC LARIAN family member, any PERSON controlled, directly or indirectly

20 by ISAAC LARIAN, or any PERSON controlled, directly or indirectly, by any

21 ISAAC LARIAN family member since January. 1, 2007.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

23      MGA incorporates by reference its General Objections as though fully set forth

24 herein. MGA further objects to this request on the grounds that the Discovery Master

25 already has ruled on similarly phrased requests, including in an Order dated May 7,

26 2008, concluding that requests using phrases like "all documents," and "referring to

27 or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

28 information. See May 7, 2008 Infante Order. MGA further objects on the grounds

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18

PAGE 309

1    that this request calls for the production of documents that are not limited to the

2    subject matter of this action and not relevant to any claim or defense in the pending

3    litigation or reasonably calculated to lead to the discovery of admissible evidence.

4    The request appears designed to circumvent the Court's January 7 Order appointing a

5    forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

6    See January 7, 2009 Larson Order Appointing Forensic Auditor.

7          MGA further objects to this request on the grounds that it is compound. MGA

8    further objects to the request to the extent it violates the privacy rights of third parties

9    to their private, confidential, proprietary or trade secret information.

10         MGA also objects to this request on the grounds that it is overbroad, including,

11    without limitation, that it would extend to any document referring or relating in any

12    way to a wide variety of matter that could potentially be construed as "relating" to

13    this any transfer of any item of value between MGA, Isaac Larian, any Isaac Larian

14    family member, and any person controlled directly or indirectly by Isaac Larian or

15    Isaac Larian's family, without regard to whether such documents are at all relevant to

16    any claim or defense at issue herein. MGA further objects to this request on the

17    grounds that it is vague and ambiguous in its use of the terms "transfer" and

18    "controlled, directly or indirectly." Mattel has not demonstrated how *all*

19    DOCUMENTS REFERRING OR RELATING TO any transfer of any ITEM OF

20    VALUE or other transaction between (i) MGA, and (ii) ISAAC LARIAN, any ISAAC

21    LARIAN family member, any PERSON controlled, directly or indirectly by ISAAC

22    LARIAN, or any PERSON controlled, directly or indirectly, by any ISAAC LARIAN

23    family member could be relevant to the claims and defenses in this action, let alone

24    established that the relevancy of these documents outweighs the individual's

25    fundamental right of privacy. MGA further objects to this request on the ground that

26    the terms DOCUMENTS, REFERRING OR RELATING TO, ITEM OF VALUE, and

27    PERSON render the request vague, ambiguous, overly broad and unduly burdensome.

28    MGA further objects to the request to the extent that it seeks documents that by

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18
PAGE 310

1  reason of public filing, public distribution or otherwise are already in Mattel's

2  possession or are readily accessible to Mattel. MGA further objects to this request to

3  the extent that it seeks documents not in MGA's possession, custody or control.

4  MGA also objects to this request on the grounds that it seeks confidential, proprietary

5  or commercially sensitive information, the disclosure of which would be inimical to

6  the business interests of MGA. MGA also objects to this request to the extent it calls

7  for the disclosure of attorney-client privileged information or information protected

8  from disclosure by the work-product doctrine, joint defense or common interest

9  privilege, or other privilege.

10       MGA further objects to this request as cumulative and duplicative to the extent

11  that it seeks documents previously requested by Mattel or produced by MGA in

12  response to Mattel's document requests.

13  **REQUEST FOR PRODUCTION NO. 15**

14       All W-2s REFERRING OR RELATING TO any ISAAC LARIAN family

15  member since January 1, 2007.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

17       MGA incorporates by reference its General Objections as though fully set forth

18  herein. MGA further objects on the grounds that this request calls for the production

19  of documents that are not limited to the subject matter of this action and not relevant

20  to any claim or defense in the pending litigation or reasonably calculated to lead to

21  the discovery of admissible evidence. The request appears designed to circumvent

22  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

23  the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing

24  Forensic Auditor.

25       MGA further objects to this request on the grounds that it is compound. MGA

26  further objects to the request to the extent it violates the privacy rights of third parties

27  to their private, confidential, proprietary or trade secret information.

28

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18
PAGE 311

1    MGA further objects to this request on the grounds that it is vague and

2    ambiguous in its use of the terms "W-2" and "family member." Mattel has not

3    demonstrated how *all* W-2s REFERRING OR RELATING TO any ISAAC LARIAN

4    family member could be relevant to the claims and defenses in this action, let alone

5    established that the relevancy of these documents outweighs the individual's

6    fundamental right of privacy. MGA further objects to this request on the ground that

7    the term REFERRING OR RELATING TO renders the request vague, ambiguous,

8    overly broad and unduly burdensome. MGA further objects to the request to the

9    extent that it seeks documents that by reason of public filing, public distribution or

10   otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA

11   further objects to this request to the extent that it seeks documents not in MGA's

12   possession, custody or control. MGA also objects to this request on the grounds that

13   it seeks confidential, proprietary or commercially sensitive information, the disclosure

14   of which would be inimical to the business interests of MGA. MGA also objects to

15   this request to the extent it calls for the disclosure of attorney-client privileged

16   information or information protected from disclosure by the work-product doctrine,

17   joint defense or common interest privilege, or other privilege.

18        MGA further objects to this request as cumulative and duplicative to the extent

19   that it seeks documents previously requested by Mattel or produced by MGA in

20   response to Mattel's document requests.

21   **REQUEST FOR PRODUCTION NO. 16**

22        All DOCUMENTS REFERRING OR RELATING TO any sale, distribution or

23   transfer by MGA of BRATZ products having a retail value greater than $50,000 other

24   than to retailers in the ordinary course of business since January 1, 2007.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

26        MGA incorporates by reference its General Objections as though fully set forth

27   herein. MGA further objects to this request on the grounds that the Discovery Master

28   already has ruled on similarly phrased requests, including in an Order dated May 7,

665960v2

EXHIBIT _18_

PAGE _312_

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES

1  2008, concluding that requests using phrases like "all documents," and "referring to

2  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

3  information. See May 7, 2008 Infante Order. MGA further objects on the grounds

4  that this request calls for the production of documents that are not limited to the

5  subject matter of this action and not relevant to any claim or defense in the pending

6  litigation or reasonably calculated to lead to the discovery of admissible evidence.

7  The request appears designed to circumvent the Court's January 7 Order appointing a

8  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

9  See January 7, 2009 Larson Order Appointing Forensic Auditor.

10      MGA further objects to this request on the grounds that it is compound. MGA

11  further objects to the request to the extent it violates the privacy rights of third parties

12  to their private, confidential, proprietary or trade secret information.

13      MGA also objects to this request on the grounds that it is overbroad, including,

14  without limitation, that it would extend to any document referring or relating in any

15  way to a wide variety of matter that could potentially be construed as "relating" to

16  any sale, distribution or transfer by MGA of BRATZ products having a retail value

17  greater than $50,000 other than to retailers in the ordinary course of business, without

18  regard to whether such documents are at all relevant to any claim or defense at issue

19  herein. MGA also objects to this request on the grounds that it is overbroad, unduly

20  burdensome and oppressive in that it is not in any way limited as to the persons

21  involved in the sales, distributions, or transfers. MGA further objects to this request

22  on the grounds that it is vague and ambiguous in its use of the terms "sale,"

23  "distribution," "transfer," "retail value," "retailers," and "ordinary course of

24  business." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

25  RELATING TO any sale, distribution or transfer by MGA of BRATZ products having

26  a retail value greater than $50,000 other than to retailers in the ordinary course of

27  business could be relevant to the claims and defenses in this action, let alone

28  established that the relevancy of these documents outweighs fundamental privacy

665960v2

EXHIBIT    18

PAGE    313

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  rights.  MGA further objects to this request on the ground that the terms

2  DOCUMENTS and REFERRING OR RELATING TO render the request vague,

3  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

4  request to the extent that it seeks documents that by reason of public filing, public

5  distribution or otherwise are already in Mattel's possession or are readily accessible to

6  Mattel.  MGA further objects to this request to the extent that it seeks documents not

7  in MGA's possession, custody or control.  MGA also objects to this request on the

8  grounds that it seeks confidential, proprietary or commercially sensitive information,

9  the disclosure of which would be inimical to the business interests of MGA.  MGA

10  also objects to this request to the extent it calls for the disclosure of attorney-client

11  privileged information or information protected from disclosure by the work-product

12  doctrine, joint defense or common interest privilege, or other privilege.

13      MGA further objects to this request as cumulative and duplicative to the extent

14  that it seeks documents previously requested by Mattel or produced by MGA in

15  response to Mattel's document requests.

16  **REQUEST FOR PRODUCTION NO. 17**

17      All DOCUMENTS REFERRING OR RELATING TO agreements,

18  transactions, sales, shipments or the transfer of any ITEM OF VALUE between MGA

19  and IGWT Group, LLC.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

21      MGA incorporates by reference its General Objections as though fully set forth

22  herein.  MGA further objects to this request on the grounds that the Discovery Master

23  already has ruled on similarly phrased requests, including in an Order dated May 7,

24  2008, concluding that requests using phrases like "all documents," and "referring to

25  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

26  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

27  that this request calls for the production of documents that are not limited to the

28  subject matter of this action and not relevant to any claim or defense in the pending

665960v2

**RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)**

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
LOS ANGELES, CALIFORNIA 90067
310.553.3000

EXHIBIT 18

PAGE 314

1    litigation or reasonably calculated to lead to the discovery of admissible evidence.
2    The request appears designed to circumvent the Court's January 7 Order appointing a
3    forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.
4    See January 7, 2009 Larson Order Appointing Forensic Auditor.

5            MGA further objects to this request on the grounds that it is compound. MGA
6    further objects to the request to the extent it violates the privacy rights of third parties
7    to their private, confidential, proprietary or trade secret information. MGA further
8    objects to this request on the grounds that it is overbroad as to subject matter and
9    time; in particular, MGA objects that the phrases "all documents" and "referring or
10   relating to" are unbounded by any date limitation and are not tied in any way to any
11   claim, defense or other issues involved in Phase 2 of this litigation.

12           MGA also objects to this request on the grounds that it is overbroad, including,
13   without limitation, that it would extend to any document referring or relating in any
14   way to a wide variety of matter that could potentially be construed as "relating" to
15   any agreements, transactions, sales, shipments or the transfer of any ITEM OF
16   VALUE between MGA and IGWT Group, LLC, without regard to whether such
17   documents are at all relevant to any claim or defense at issue herein. MGA also
18   objects to this request on the grounds that it is overbroad, unduly burdensome and
19   oppressive in that it is not in any way limited as to the persons involved in the
20   communications or as to time. MGA further objects to this request on the grounds
21   that it is vague and ambiguous in its use of the terms "agreements," "transactions,"
22   "sales," "shipments," and "transfer." Mattel has not demonstrated how *all*
23   DOCUMENTS REFERRING OR RELATING TO agreements, transactions, sales,
24   shipments or the transfer of any ITEM OF VALUE between MGA and IGWT Group,
25   LLC could be relevant to the claims and defenses in this action, let alone established
26   that the relevancy of these documents outweighs the individual's fundamental right of
27   privacy. MGA further objects to this request on the ground that the terms
28   DOCUMENTS, REFERRING OR RELATING TO, and ITEM OF VALUE render

665960v2

1  the request vague, ambiguous, overly broad and unduly burdensome.  MGA further

2  objects to the request to the extent that it seeks documents that by reason of public

3  filing, public distribution or otherwise are already in Mattel's possession or are

4  readily accessible to Mattel.  MGA further objects to this request to the extent that it

5  seeks documents not in MGA's possession, custody or control.  MGA also objects to

6  this request on the grounds that it seeks confidential, proprietary or commercially

7  sensitive information, the disclosure of which would be inimical to the business

8  interests of MGA.  MGA also objects to this request to the extent it calls for the

9  disclosure of attorney-client privileged information or information protected from

10  disclosure by the work-product doctrine, joint defense or common interest privilege,

11  or other privilege.

12        MGA further objects to this request as being overly broad and unduly

13  burdensome on the grounds that it is not limited in time.  MGA further objects to this

14  request as cumulative and duplicative to the extent that it seeks documents previously

15  requested by Mattel or produced by MGA in response to Mattel's document requests.

16  **REQUEST FOR PRODUCTION NO. 18**

17        All DOCUMENTS REFERRING OR RELATING TO the alleged transfer of

18  product from MGA to IGWT Group, LLC pursuant to the Inventory Purchase

19  Agreement dated July 7, 2008, including without limitation all audits or other

20  valuations performed in connection with such product, any opinions RELATING TO

21  the fairness or unfairness of such transfer, all MGA corporate or director resolutions

22  or approvals of such transfer, all bids received or solicited in connection with the

23  purported sale or offering for sale of such product, the terms of such bids and any

24  other and all COMMUNICATIONS relating to any of the foregoing.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

26        MGA incorporates by reference its General Objections as though fully set forth

27  herein.  MGA further objects to this request on the grounds that the Discovery Master

28  already has ruled on similarly phrased requests, including in an Order dated May 7,

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18

PAGE 316

2008, concluding that requests using phrases like "all documents," and "referring to
or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant
information. See May 7, 2008 Infante Order. MGA further objects on the grounds
that this request calls for the production of documents that are not limited to the
subject matter of this action and not relevant to any claim or defense in the pending
litigation or reasonably calculated to lead to the discovery of admissible evidence.
The request appears designed to circumvent the Court's January 7 Order appointing a
forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.
See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA
further objects to the request to the extent it violates the privacy rights of third parties
to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including,
without limitation, that it would extend to any documents and communications
between anyone at MGA and any other person referring or relating in any way to a
wide variety of matter that could potentially be construed as "relating" to the alleged
transfer of product from MGA to IGWT Group, LLC pursuant to the Inventory
Purchase Agreement dated July 7, 2008, without regard to whether such documents
and communications are at all relevant to any claim or defense at issue herein. MGA
also objects to this request on the grounds that it is overbroad, unduly burdensome
and oppressive in that it purports to require MGA diligently to identify every
communication that any of its hundreds of employees may have had with any other
person referring or relating to the alleged transfer of product from MGA to IGWT
Group, LLC pursuant to the Inventory Purchase Agreement dated July 7, 2008. MGA
also objects to this request on the grounds that it is overbroad, unduly burdensome
and oppressive in that it is not in any way limited as to the persons involved in the
communications. MGA further objects to this request on the grounds that it is vague
and ambiguous in its use of the terms "transfer of product," "corporate or director

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18
PAGE 317

1  resolutions or approvals," "bids received or solicited," and "purported sale or offering

2  for sale."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

3  RELATING TO the alleged transfer of product from MGA to IGWT Group, LLC

4  pursuant to the Inventory Purchase Agreement dated July 7, 2008, *any* opinions

5  RELATING TO the fairness or unfairness of such transfer, *all* MGA corporate or

6  director resolutions or approvals of such transfer, *all* bids received or solicited in

7  connection with the purported sale or offering for sale of such product, the terms of

8  such bids and *any other and all* COMMUNICATIONS relating to any of the

9  foregoing could be relevant to the claims and defenses in this action, let alone

10 established that the relevancy of these documents outweighs the individual's

11 fundamental right of privacy.  MGA further objects to this request on the ground that

12 the terms DOCUMENTS, REFERRING OR RELATING TO, and

13 COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly

14 burdensome.  MGA further objects to the request to the extent that it seeks documents

15 that by reason of public filing, public distribution or otherwise are already in Mattel's

16 possession or are readily accessible to Mattel.  MGA further objects to this request to

17 the extent that it seeks documents not in MGA's possession, custody or control.

18 MGA also objects to this request on the grounds that it seeks confidential, proprietary

19 or commercially sensitive information, the disclosure of which would be inimical to

20 the business interests of MGA.  MGA also objects to this request to the extent it calls

21 for the disclosure of attorney-client privileged information or information protected

22 from disclosure by the work-product doctrine, joint defense or common interest

23 privilege, or other privilege.

24     MGA further objects to this request as cumulative and duplicative to the extent

25 that it seeks documents previously requested by Mattel or produced by MGA in

26 response to Mattel's document requests.

27

28
665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18
PAGE 318

**REQUEST FOR PRODUCTION NO. 19**

1    All DOCUMENTS REFERRING OR RELATING TO the revenue generated
2  by IGWT Group, LLC's sales, licensing, distribution or other transfer of BRATZ
3  products and the transfer or disposition of such revenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

6    MGA incorporates by reference its General Objections as though fully set forth
7  herein.  MGA further objects to this request on the grounds that the Discovery Master
8  already has ruled on similarly phrased requests, including in an Order dated May 7,
9  2008, concluding that requests using phrases like "all documents," and "referring to
10  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant
11  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds
12  that this request calls for the production of documents that are not limited to the
13  subject matter of this action and not relevant to any claim or defense in the pending
14  litigation or reasonably calculated to lead to the discovery of admissible evidence.
15  The request appears designed to circumvent the Court's January 7 Order appointing a
16  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.
17  See January 7, 2009 Larson Order Appointing Forensic Auditor.

18    MGA further objects to this request on the grounds that it is compound.  MGA
19  further objects to the request to the extent it violates the privacy rights of third parties
20  to their private, confidential, proprietary or trade secret information.  MGA further
21  objects to this request on the grounds that it is overbroad as to subject matter and
22  time; in particular, MGA objects that the phrases "all documents" and "referring or
23  relating to" are unbounded by any date limitation and are not tied in any way to any
24  claim, defense or other issues involved in Phase 2 of this litigation.

25    MGA also objects to this request on the grounds that it is overbroad, including,
26  without limitation, that it would extend to any documents referring or relating in any
27  way to a wide variety of matter that could potentially be construed as "relating" to the
28  revenue generated by IGWT Group, LLC's sales, licensing, distribution or other

665960v2

EXHIBIT 18
PAGE 319

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1 transfer of BRATZ products and the transfer or disposition of such revenue, without
2 regard to whether such documents are at all relevant to any claim or defense at issue
3 herein.  MGA also objects to this request on the grounds that it is overbroad, unduly
4 burdensome and oppressive in that it is not in any way limited as to the persons
5 involved in the communications or as to time.  MGA further objects to this request on
6 the grounds that it is vague and ambiguous in its use of the terms "revenue
7 generated," "sales," "licensing," "distribution," "other transfer," "BRATZ products,"
8 and "transfer or disposition of such revenue."  Mattel has not demonstrated how *all*
9 DOCUMENTS REFERRING OR RELATING TO the revenue generated by IGWT
10 Group, LLC's sales, licensing, distribution or other transfer of BRATZ products and
11 the transfer or disposition of such revenue could be relevant to the claims and
12 defenses in this action, let alone established that the relevancy of these documents
13 outweighs the individual's fundamental right of privacy.  MGA further objects to this
14 request on the ground that the terms DOCUMENTS and REFERRING OR
15 RELATING TO render the request vague, ambiguous, overly broad and unduly
16 burdensome.  MGA further objects to the request to the extent that it seeks documents
17 that by reason of public filing, public distribution or otherwise are already in Mattel's
18 possession or are readily accessible to Mattel.  MGA further objects to this request to
19 the extent that it seeks documents not in MGA's possession, custody or control.
20 MGA also objects to this request on the grounds that it seeks confidential, proprietary
21 or commercially sensitive information, the disclosure of which would be inimical to
22 the business interests of MGA.  MGA also objects to this request to the extent it calls
23 for the disclosure of attorney-client privileged information or information protected
24 from disclosure by the work-product doctrine, joint defense or common interest
25 privilege, or other privilege.

26      MGA further objects to this request as being overly broad and unduly
27 burdensome on the grounds that it is not limited in time.  MGA further objects to this
28

665960v2

EXHIBIT 18
PAGE 320

1   request as cumulative and duplicative to the extent that it seeks documents previously

2   requested by Mattel or produced by MGA in response to Mattel's document requests.

3   **REQUEST FOR PRODUCTION NO. 20**

4       All DOCUMENTS REFERRING OR RELATING TO agreements, contracts,

5   transactions, sales, shipments or transfers of any ITEM OF VALUE between MGA

6   and IGWT 826 Investments, LLC.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

8       MGA incorporates by reference its General Objections as though fully set forth

9   herein.  MGA further objects to this request on the grounds that the Discovery Master

10  already has ruled on similarly phrased requests, including in an Order dated May 7,

11  2008, concluding that requests using phrases like "all documents," and "referring to

12  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

13  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

14  that this request calls for the production of documents that are not limited to the

15  subject matter of this action and not relevant to any claim or defense in the pending

16  litigation or reasonably calculated to lead to the discovery of admissible evidence.

17  The request appears designed to circumvent the Court's January 7 Order appointing a

18  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

19  See January 7, 2009 Larson Order Appointing Forensic Auditor.

20      MGA further objects to this request on the grounds that it is compound.  MGA

21  further objects to the request to the extent it violates the privacy rights of third parties

22  to their private, confidential, proprietary or trade secret information.  MGA further

23  objects to this request on the grounds that it is overbroad as to subject matter and

24  time; in particular, MGA objects that the phrases "all documents" and "referring or

25  relating to" are unbounded by any date limitation and are not tied in any way to any

26  claim, defense or other issues involved in Phase 2 of this litigation.

27      MGA also objects to this request on the grounds that it is overbroad, including,

28  without limitation, that it would extend to any documents referring or relating in any

665960v2

**RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)**

EXHIBIT __18__

PAGE __321__

1   way to a wide variety of matter that could potentially be construed as "relating" to

2   agreements, contracts, transactions, sales, shipments or transfers of any ITEM OF

3   VALUE between MGA and IGWT 826 Investments, LLC, without regard to whether

4   such documents are at all relevant to any claim or defense at issue herein.  MGA

5   further objects to this request on the grounds that it is vague and ambiguous in its use

6   of the terms "agreements," "contracts," "transactions," "sales," "shipments," and

7   "transfers."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

8   RELATING TO agreements, contracts, transactions, sales, shipments or transfers of

9   any ITEM OF VALUE between MGA and IGWT 826 Investments, LLC could be

10  relevant to the claims and defenses in this action, let alone established that the

11  relevancy of these documents outweighs fundamental privacy rights.  MGA further

12  objects to this request on the ground that the terms DOCUMENTS, REFERRING OR

13  RELATING TO, and ITEM OF VALUE render the request vague, ambiguous, overly

14  broad and unduly burdensome.  MGA further objects to the request to the extent that

15  it seeks documents that by reason of public filing, public distribution or otherwise are

16  already in Mattel's possession or are readily accessible to Mattel.  MGA further

17  objects to this request to the extent that it seeks documents not in MGA's possession,

18  custody or control.  MGA also objects to this request on the grounds that it seeks

19  confidential, proprietary or commercially sensitive information, the disclosure of

20  which would be inimical to the business interests of MGA.  MGA also objects to this

21  request to the extent it calls for the disclosure of attorney-client privileged

22  information or information protected from disclosure by the work-product doctrine,

23  joint defense or common interest privilege, or other privilege.

24      MGA further objects to this request as being overly broad and unduly

25  burdensome on the grounds that it is not limited in time.  MGA further objects to this

26  request as cumulative and duplicative to the extent that it seeks documents previously

27  requested by Mattel or produced by MGA in response to Mattel's document requests.

28

665960v2

EXHIBIT 18
PAGE 322

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**REQUEST FOR PRODUCTION NO. 21**

All DOCUMENTS REFERRING OR RELATING TO the revenue generated by IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of BRATZ products and the transfer or disposition of such revenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to the revenue generated by IGWT 826 Investments, LLC's sales, licensing, distribution or

665960v2

EXHIBIT 18
PAGE 323

other transfer of BRATZ products and the transfer or disposition of such revenue, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "sales, licensing, distribution or other transfer" and "transfer or disposition of such revenue." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO the revenue generated by IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of BRATZ products and the transfer or disposition of such revenue could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. MGA further objects to this request on the ground that the terms DOCUMENTS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18
PAGE 324

665960v2

**REQUEST FOR PRODUCTION NO. 22**

All agreements, contracts and written COMMUNICATIONS between MGA and Wachovia since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to agreements, contracts and written COMMUNICATIONS between anyone at MGA and anyone at Wachovia, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every communication that any of its hundreds of employees may have had with any employee of Wachovia since January 1, 2007. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "agreements" and "contracts." Mattel has not demonstrated how *all* agreements, contracts and written COMMUNICATIONS between MGA and Wachovia could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. MGA further objects to this request on the ground that the term COMMUNICATIONS renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public

665960v2

1  filing, public distribution or otherwise are already in Mattel's possession or are

2  readily accessible to Mattel.  MGA further objects to this request to the extent that it

3  seeks documents not in MGA's possession, custody or control.  MGA also objects to

4  this request on the grounds that it seeks confidential, proprietary or commercially

5  sensitive information, the disclosure of which would be inimical to the business

6  interests of MGA.  MGA also objects to this request to the extent it calls for the

7  disclosure of attorney-client privileged information or information protected from

8  disclosure by the work-product doctrine, joint defense or common interest privilege,

9  or other privilege.

10      MGA further objects to this request as cumulative and duplicative to the extent

11  that it seeks documents previously requested by Mattel or produced by MGA in

12  response to Mattel's document requests.

13  **REQUEST FOR PRODUCTION NO. 23**

14      All agreements and contracts REFERRING OR RELATING TO any

15  indebtedness owed to Wachovia or any credit extended by Wachovia since January 1,

16  2007, and any amendments or modifications thereto, and any COMMUNICATIONS

17  RELATED TO any such agreements or contracts.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

19      MGA incorporates by reference its General Objections as though fully set forth

20  herein.  MGA further objects on the grounds that this request calls for the production

21  of documents that are not limited to the subject matter of this action and not relevant

22  to any claim or defense in the pending litigation or reasonably calculated to lead to

23  the discovery of admissible evidence.

24      MGA further objects to this request on the grounds that it is compound.  MGA

25  further objects to the request to the extent it violates the privacy rights of third parties

26  to their private, confidential, proprietary or trade secret information.

27      MGA also objects to this request on the grounds that it is overbroad, including,

28  without limitation, that it would extend to any documents and communications

665960v2

**RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)**

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
310-553-3000

EXHIBIT 18
PAGE 326

1  between anyone at MGA and anyone at Wachovia referring or relating in any way to

2  a wide variety of matter that could potentially be construed as "relating" to any

3  indebtedness owed to Wachovia or any credit extended by Wachovia, without regard

4  to whether such documents and communications are at all relevant to any claim or

5  defense at issue herein.  MGA also objects to this request on the grounds that it is

6  overbroad, unduly burdensome and oppressive in that it purports to require MGA

7  diligently to identify every document and communication that any of its hundreds of

8  employees may have had with anyone at Wachovia referring or relating to any

9  indebtedness owed to Wachovia or any credit extended by Wachovia.  MGA further

10  objects to this request on the grounds that it is vague and ambiguous in its use of the

11  terms "indebtedness" and "credit extended."  Mattel has not demonstrated how *all*

12  agreements and contracts REFERRING OR RELATING TO any indebtedness owed

13  to Wachovia or any credit extended by Wachovia since January 1, 2007, and any

14  amendments or modifications thereto, and any COMMUNICATIONS RELATED TO

15  any such agreements or contracts could be relevant to the claims and defenses in this

16  action, let alone established that the relevancy of these documents outweighs the

17  individual's fundamental right of privacy.  MGA further objects to this request on the

18  ground that the terms REFERRING OR RELATING TO and COMMUNICATIONS

19  render the request vague, ambiguous, overly broad and unduly burdensome.  MGA

20  further objects to the request to the extent that it seeks documents that by reason of

21  public filing, public distribution or otherwise are already in Mattel's possession or are

22  readily accessible to Mattel.  MGA further objects to this request to the extent that it

23  seeks documents not in MGA's possession, custody or control.  MGA also objects to

24  this request on the grounds that it seeks confidential, proprietary or commercially

25  sensitive information, the disclosure of which would be inimical to the business

26  interests of MGA.  MGA also objects to this request to the extent it calls for the

27  disclosure of attorney-client privileged information or information protected from

28

665960v2

45

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18

PAGE 327

1  disclosure by the work-product doctrine, joint defense or common interest privilege,

2  or other privilege.

3      MGA further objects to this request as cumulative and duplicative to the extent

4  that it seeks documents previously requested by Mattel or produced by MGA in

5  response to Mattel's document requests.

6  **REQUEST FOR PRODUCTION NO. 24**

7      All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

8  transactions between MGA and OMNI 808 INVESTORS, LLC, and any amendments

9  or modifications thereto, and any COMMUNICATIONS REFERRING OR

10  RELATING TO any such agreements, contracts or transactions.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

12      MGA incorporates by reference its General Objections as though fully set forth

13  herein.  MGA further objects to this request on the grounds that the Discovery Master

14  already has ruled on similarly phrased requests, including in an Order dated May 7,

15  2008, concluding that requests using phrases like "all documents," and "referring to

16  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

17  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

18  that this request calls for the production of documents that are not limited to the

19  subject matter of this action and not relevant to any claim or defense in the pending

20  litigation or reasonably calculated to lead to the discovery of admissible evidence.

21  The request appears designed to circumvent the Court's January 7 Order appointing a

22  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

23  See January 7, 2009 Larson Order Appointing Forensic Auditor.

24      MGA further objects to this request on the grounds that it is compound.  MGA

25  further objects to the request to the extent it violates the privacy rights of third parties

26  to their private, confidential, proprietary or trade secret information.  MGA further

27  objects to this request on the grounds that it is overbroad as to subject matter and

28  time; in particular, MGA objects that the phrases "all documents" and "referring or

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 18

PAGE 328

1  relating to" are unbounded by any date limitation and are not tied in any way to any

2  claim, defense or other issues involved in Phase 2 of this litigation.

3        MGA also objects to this request on the grounds that it is overbroad, including,

4  without limitation, that it would extend to any documents and communication

5  between anyone at MGA and anyone at OMNI 808 INVESTORS, LLC referring or

6  relating in any way to a wide variety of matter that could potentially be construed as

7  "relating" to agreements, contracts or transactions between MGA and OMNI 808

8  INVESTORS, LLC, and any amendments or modifications thereto, without regard to

9  whether such documents and communications are at all relevant to any claim or

10  defense at issue herein.  MGA also objects to this request on the grounds that it is

11  overbroad, unduly burdensome and oppressive in that it purports to require MGA

12  diligently to identify every communication that any of its hundreds of employees may

13  have had with anyone at OMNI 808 INVESTORS, LLC referring or relating to

14  agreements, contracts or transactions between MGA and OMNI 808 INVESTORS,

15  LLC, and any amendments or modifications thereto.  MGA further objects to this

16  request on the grounds that it is vague and ambiguous in its use of the terms

17  "agreements, contracts or transactions" and "amendments or modifications."  Mattel

18  has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO

19  agreements, contracts or transactions between MGA and OMNI 808 INVESTORS,

20  LLC, and any amendments or modifications thereto, and any COMMUNICATIONS

21  REFERRING OR RELATING TO any such agreements, contracts or transactions

22  could be relevant to the claims and defenses in this action, let alone established that

23  the relevancy of these documents outweighs the individual's fundamental right of

24  privacy.  MGA further objects to this request on the ground that the terms

25  DOCUMENTS, REFERRING OR RELATING TO, and COMMUNICATIONS

26  render the request vague, ambiguous, overly broad and unduly burdensome.  MGA

27  further objects to the request to the extent that it seeks documents that by reason of

28  public filing, public distribution or otherwise are already in Mattel's possession or are

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18
PAGE 329

1  readily accessible to Mattel. MGA further objects to this request to the extent that it

2  seeks documents not in MGA's possession, custody or control. MGA also objects to

3  this request on the grounds that it seeks confidential, proprietary or commercially

4  sensitive information, the disclosure of which would be inimical to the business

5  interests of MGA. MGA also objects to this request to the extent it calls for the

6  disclosure of attorney-client privileged information or information protected from

7  disclosure by the work-product doctrine, joint defense or common interest privilege,

8  or other privilege.

9        MGA further objects to this request as being overly broad and unduly

10  burdensome on the grounds that it is not limited in time. MGA further objects to this

11  request as cumulative and duplicative to the extent that it seeks documents previously

12  requested by Mattel or produced by MGA in response to Mattel's document requests.

13  **REQUEST FOR PRODUCTION NO. 25**

14        All DOCUMENTS containing financial information, including but not limited

15  to YOUR historical and prospective financial performance, provided by YOU to

16  OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or LEXINGTON

17  FINANCIAL, LLC since January 1, 2008.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

19        MGA incorporates by reference its General Objections as though fully set forth

20  herein. MGA further objects on the grounds that this request calls for the production

21  of documents that are not limited to the subject matter of this action and not relevant

22  to any claim or defense in the pending litigation or reasonably calculated to lead to

23  the discovery of admissible evidence.

24        MGA further objects to this request on the grounds that it is compound. MGA

25  further objects to the request to the extent it violates the privacy rights of third parties

26  to their private, confidential, proprietary or trade secret information.

27        MGA also objects to this request on the grounds that it is overbroad, including,

28  without limitation, that it would extend to *all* documents provided to anyone at MGA

665960v2

48

**RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)**

EXHIBIT 18

PAGE 330

1    by any other person at OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or
2    LEXINGTON FINANCIAL, LLC since January 1, 2008, without regard to whether
3    such documents are at all relevant to any claim or defense at issue herein.  MGA
4    further objects to this request on the grounds that it is vague and ambiguous in its use
5    of the terms "financial information" and "historical and prospective financial
6    performance."  Mattel has not demonstrated how *all* DOCUMENTS containing
7    financial information, including but not limited to MGA's historical and prospective
8    financial performance, provided by MGA to OMNI 808 INVESTORS, LLC, VISION
9    CAPITAL, LLC or LEXINGTON FINANCIAL, LLC could be relevant to the claims
10   and defenses in this action, let alone established that the relevancy of these documents
11   outweighs the individual's fundamental right of privacy.  MGA further objects to this
12   request on the ground that the term DOCUMENTS renders the request vague,
13   ambiguous, overly broad and unduly burdensome.  MGA further objects to the
14   request to the extent that it seeks documents that by reason of public filing, public
15   distribution or otherwise are already in Mattel's possession or are readily accessible to
16   Mattel.  MGA further objects to this request to the extent that it seeks documents not
17   in MGA's possession, custody or control.  MGA also objects to this request on the
18   grounds that it seeks confidential, proprietary or commercially sensitive information,
19   the disclosure of which would be inimical to the business interests of MGA.  MGA
20   also objects to this request to the extent it calls for the disclosure of attorney-client
21   privileged information or information protected from disclosure by the work-product
22   doctrine, joint defense or common interest privilege, or other privilege.
23       MGA further objects to this request as cumulative and duplicative to the extent
24   that it seeks documents previously requested by Mattel or produced by MGA in
25   response to Mattel's document requests.
26
27   \ \ \
28   \ \ \

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ___18___
PAGE ___331___

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

**REQUEST FOR PRODUCTION NO. 26**

All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between LEXINGTON FINANCIAL, LLC and MGA or any other PERSON, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents and communication between anyone at MGA and anyone at LEXINGTON FINANCIAL, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to agreements, contracts or transactions between MGA and

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18
PAGE 332

665960v2

50

1  LEXINGTON FINANCIAL, LLC, and any amendments or modifications thereto,

2  without regard to whether such documents and communications are at all relevant to

3  any claim or defense at issue herein. MGA also objects to this request on the grounds

4  that it is overbroad, unduly burdensome and oppressive in that it purports to require

5  MGA diligently to identify every communication that any of its hundreds of

6  employees may have had with anyone at LEXINGTON FINANCIAL, LLC or any

7  other person referring or relating to agreements, contracts or transactions between

8  LEXINGTON FINANCIAL, LLC and MGA or any other person, and any

9  amendments or modifications thereto. MGA further objects to this request on the

10  grounds that it is vague and ambiguous in its use of the terms "agreements, contracts

11  or transactions" and "amendments or modifications." Mattel has not demonstrated

12  how *all* DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

13  transactions between LEXINGTON FINANCIAL, LLC and MGA or any other

14  PERSON, and any amendments or modifications thereto, and any

15  COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

16  contracts or transactions could be relevant to the claims and defenses in this action, let

17  alone established that the relevancy of these documents outweighs the individual's

18  fundamental right of privacy. MGA further objects to this request on the ground that

19  the terms DOCUMENTS, REFERRING OR RELATING TO, and

20  COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly

21  burdensome. MGA further objects to the request to the extent that it seeks documents

22  that by reason of public filing, public distribution or otherwise are already in Mattel's

23  possession or are readily accessible to Mattel. MGA further objects to this request to

24  the extent that it seeks documents not in MGA's possession, custody or control.

25  MGA also objects to this request on the grounds that it seeks confidential, proprietary

26  or commercially sensitive information, the disclosure of which would be inimical to

27  the business interests of MGA. MGA also objects to this request to the extent it calls

28  for the disclosure of attorney-client privileged information or information protected

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT  18
PAGE  333
665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)