1   from disclosure by the work-product doctrine, joint defense or common interest

2   privilege, or other privilege.

3       MGA further objects to this request as being overly broad and unduly

4   burdensome on the grounds that it is not limited in time.  MGA further objects to this

5   request as cumulative and duplicative to the extent that it seeks documents previously

6   requested by Mattel or produced by MGA in response to Mattel's document requests.

7   **REQUEST FOR PRODUCTION NO. 27**

8       All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

9   transactions between VISION CAPITAL, LLC and MGA or any other PERSON, and

10  any amendments or modifications thereto, and any COMMUNICATIONS

11  REFERRING OR RELATING TO any such agreements, contracts or transactions.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

13      MGA incorporates by reference its General Objections as though fully set forth

14  herein.  MGA further objects to this request on the grounds that the Discovery Master

15  already has ruled on similarly phrased requests, including in an Order dated May 7,

16  2008, concluding that requests using phrases like "all documents," and "referring to

17  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

18  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

19  that this request calls for the production of documents that are not limited to the

20  subject matter of this action and not relevant to any claim or defense in the pending

21  litigation or reasonably calculated to lead to the discovery of admissible evidence.

22      MGA further objects to this request on the grounds that it is compound.  MGA

23  further objects to the request to the extent it violates the privacy rights of third parties

24  to their private, confidential, proprietary or trade secret information.  MGA further

25  objects to this request on the grounds that it is overbroad as to subject matter and

26  time; in particular, MGA objects that the phrases "all documents" and "referring or

27  relating to" are unbounded by any date limitation and are not tied in any way to any

28  claim, defense or other issues involved in Phase 2 of this litigation.

665960v2

EXHIBIT ___18___

PAGE ___334___

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    MGA also objects to this request on the grounds that it is overbroad, including,

2    without limitation, that it would extend to any documents and communication

3    between anyone at MGA and anyone at VISION CAPITAL, LLC referring or relating

4    in any way to a wide variety of matter that could potentially be construed as

5    "relating" to agreements, contracts or transactions between MGA and VISION

6    CAPITAL, LLC, and any amendments or modifications thereto, without regard to

7    whether such documents and communications are at all relevant to any claim or

8    defense at issue herein.  MGA also objects to this request on the grounds that it is

9    overbroad, unduly burdensome and oppressive in that it purports to require MGA

10   diligently to identify every communication that any of its hundreds of employees may

11   have had with anyone at VISION CAPITAL, LLC or any other person referring or

12   relating to agreements, contracts or transactions between VISION CAPITAL, LLC

13   and MGA or any other person, and any amendments or modifications thereto.  MGA

14   further objects to this request on the grounds that it is vague and ambiguous in its use

15   of the terms "agreements, contracts or transactions" and "amendments or

16   modifications."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING

17   OR RELATING TO agreements, contracts or transactions between VISION

18   CAPITAL, LLC and MGA or any other PERSON, and any amendments or

19   modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING

20   TO any such agreements, contracts or transactions could be relevant to the claims and

21   defenses in this action, let alone established that the relevancy of these documents

22   outweighs the individual's fundamental right of privacy.  MGA further objects to this

23   request on the ground that the terms DOCUMENTS, REFERRING OR RELATING

24   TO, and COMMUNICATIONS render the request vague, ambiguous, overly broad

25   and unduly burdensome.  MGA further objects to the request to the extent that it seeks

26   documents that by reason of public filing, public distribution or otherwise are already

27   in Mattel's possession or are readily accessible to Mattel.  MGA further objects to this

28   request to the extent that it seeks documents not in MGA's possession, custody or

665960v2

EXHIBIT ___18___

PAGE ___335___

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  control.  MGA also objects to this request on the grounds that it seeks confidential,

2  proprietary or commercially sensitive information, the disclosure of which would be

3  inimical to the business interests of MGA.  MGA also objects to this request to the

4  extent it calls for the disclosure of attorney-client privileged information or

5  information protected from disclosure by the work-product doctrine, joint defense or

6  common interest privilege, or other privilege.

7       MGA further objects to this request as being overly broad and unduly

8  burdensome on the grounds that it is not limited in time.  MGA further objects to this

9  request as cumulative and duplicative to the extent that it seeks documents previously

10  requested by Mattel or produced by MGA in response to Mattel's document requests.

11  **REQUEST FOR PRODUCTION NO. 28**

12       DOCUMENTS sufficient to IDENTIFY each member, managing member,

13  holder of any ownership interest in, shareholder, officer and director of IGWT Group,

14  LLC.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

16       MGA incorporates by reference its General Objections as though fully set forth

17  herein.  MGA further objects on the grounds that this request calls for the production

18  of documents that are not limited to the subject matter of this action and not relevant

19  to any claim or defense in the pending litigation or reasonably calculated to lead to

20  the discovery of admissible evidence.

21       MGA further objects to this request on the grounds that it is compound.  MGA

22  further objects to the request to the extent it violates the privacy rights of third parties

23  to their private, confidential, proprietary or trade secret information.  MGA further

24  objects to this request on the grounds that it is overbroad as to subject matter and

25  time; in particular, MGA objects that the phrase "each member, managing member,

26  holder of any ownership interest in, shareholder, officer and director" is unbounded

27  by any date limitation and is not tied in any way to any claim, defense or other issues

28  involved in Phase 2 of this litigation.

665960v2

**RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)**

EXHIBIT 18
PAGE 336

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   MGA also objects to this request on the grounds that it is overbroad, unduly

2   burdensome and oppressive in that it is not in any way limited as to the persons

3   mentioned or as to time.  MGA further objects to this request on the grounds that it is

4   vague and ambiguous in its use of the terms "member," "managing member," "holder

5   of any ownership interest," "shareholder," "officer," "director."  Mattel has not

6   demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

7   member, holder of any ownership interest in, shareholder, officer and director of

8   IGWT Group, LLC could be relevant to the claims and defenses in this action, let

9   alone established that the relevancy of these documents outweighs the individual's

10   fundamental right of privacy.  MGA further objects to the request to the extent that it

11   seeks documents that by reason of public filing, public distribution or otherwise are

12   already in Mattel's possession or are readily accessible to Mattel.  MGA further

13   objects to this request to the extent that it seeks documents not in MGA's possession,

14   custody or control.  MGA also objects to this request to the extent it calls for the

15   disclosure of attorney-client privileged information or information protected from

16   disclosure by the work-product doctrine, joint defense or common interest privilege,

17   or other privilege.

18   MGA further objects to this request as cumulative and duplicative to the extent

19   that it seeks documents previously requested by Mattel or produced by MGA in

20   response to Mattel's document requests.

21   **REQUEST FOR PRODUCTION NO. 29**

22   DOCUMENTS sufficient to IDENTIFY each member, managing member,

23   holder of any ownership interest in, shareholder, officer and director of IGWT 826

24   Investments, LLC.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

26   MGA incorporates by reference its General Objections as though fully set forth

27   herein.  MGA further objects on the grounds that this request calls for the production

28   of documents that are not limited to the subject matter of this action and not relevant

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18

PAGE 337

1    to any claim or defense in the pending litigation or reasonably calculated to lead to

2    the discovery of admissible evidence.

3         MGA further objects to this request on the grounds that it is compound.  MGA

4    further objects to the request to the extent it violates the privacy rights of third parties

5    to their private, confidential, proprietary or trade secret information.  MGA further

6    objects to this request on the grounds that it is overbroad as to subject matter and

7    time; in particular, MGA objects that the phrase "each member, managing member,

8    holder of any ownership interest in, shareholder, officer and director" is unbounded

9    by any date limitation and is not tied in any way to any claim, defense or other issues

10   involved in Phase 2 of this litigation.

11        MGA also objects to this request on the grounds that it is overbroad, unduly

12   burdensome and oppressive in that it is not in any way limited as to the persons

13   mentioned or as to time.  MGA further objects to this request on the grounds that it is

14   vague and ambiguous in its use of the terms "member," "managing member," "holder

15   of any ownership interest," "shareholder," "officer," "director."  Mattel has not

16   demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

17   member, holder of any ownership interest in, shareholder, officer and director of

18   IGWT 826 Investments, LLC could be relevant to the claims and defenses in this

19   action, let alone established that the relevancy of these documents outweighs the

20   individual's fundamental right of privacy.  MGA further objects to the request to the

21   extent that it seeks documents that by reason of public filing, public distribution or

22   otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA

23   further objects to this request to the extent that it seeks documents not in MGA's

24   possession, custody or control.  MGA also objects to this request to the extent it calls

25   for the disclosure of attorney-client privileged information or information protected

26   from disclosure by the work-product doctrine, joint defense or common interest

27   privilege, or other privilege.

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18
PAGE 338

1   MGA further objects to this request as cumulative and duplicative to the extent

2   that it seeks documents previously requested by Mattel or produced by MGA in

3   response to Mattel's document requests.

4   **REQUEST FOR PRODUCTION NO. 30**

5   DOCUMENTS sufficient to IDENTIFY each member, managing member,

6   holder of any ownership interest in, shareholder, officer and director of OMNI 808

7   INVESTORS, LLC.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

9   MGA incorporates by reference its General Objections as though fully set forth

10  herein. MGA further objects on the grounds that this request calls for the production

11  of documents that are not limited to the subject matter of this action and not relevant

12  to any claim or defense in the pending litigation or reasonably calculated to lead to

13  the discovery of admissible evidence.

14  MGA further objects to this request on the grounds that it is compound. MGA

15  further objects to the request to the extent it violates the privacy rights of third parties

16  to their private, confidential, proprietary or trade secret information. MGA further

17  objects to this request on the grounds that it is overbroad as to subject matter and

18  time; in particular, MGA objects that the phrase "each member, managing member,

19  holder of any ownership interest in, shareholder, officer and director" is unbounded

20  by any date limitation and is not tied in any way to any claim, defense or other issues

21  involved in Phase 2 of this litigation.

22  MGA also objects to this request on the grounds that it is overbroad, unduly

23  burdensome and oppressive in that it is not in any way limited as to the persons

24  mentioned or as to time. MGA further objects to this request on the grounds that it is

25  vague and ambiguous in its use of the terms "member," "managing member," "holder

26  of any ownership interest," "shareholder," "officer," "director." Mattel has not

27  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

28  member, holder of any ownership interest in, shareholder, officer and director of

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18
PAGE 337
665960v2

1   OMNI 808 INVESTORS, LLC could be relevant to the claims and defenses in this
2   action, let alone established that the relevancy of these documents outweighs the
3   individual's fundamental right of privacy.  MGA further objects to the request to the
4   extent that it seeks documents that by reason of public filing, public distribution or
5   otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA
6   further objects to this request to the extent that it seeks documents not in MGA's
7   possession, custody or control.  MGA also objects to this request to the extent it calls
8   for the disclosure of attorney-client privileged information or information protected
9   from disclosure by the work-product doctrine, joint defense or common interest
10  privilege, or other privilege.

11      MGA further objects to this request as cumulative and duplicative to the extent
12  that it seeks documents previously requested by Mattel or produced by MGA in
13  response to Mattel's document requests.

14  **REQUEST FOR PRODUCTION NO. 31**

15      DOCUMENTS sufficient to IDENTIFY each member, managing member,
16  holder of any ownership interest in, shareholder, officer and director of VISION
17  CAPITAL, LLC.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

19      MGA incorporates by reference its General Objections as though fully set forth
20  herein.  MGA further objects on the grounds that this request calls for the production
21  of documents that are not limited to the subject matter of this action and not relevant
22  to any claim or defense in the pending litigation or reasonably calculated to lead to
23  the discovery of admissible evidence.

24      MGA further objects to this request on the grounds that it is compound.  MGA
25  further objects to the request to the extent it violates the privacy rights of third parties
26  to their private, confidential, proprietary or trade secret information.  MGA further
27  objects to this request on the grounds that it is overbroad as to subject matter and
28  time; in particular, MGA objects that the phrase "each member, managing member,

665960v2

**RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)**

EXHIBIT ___18___
PAGE ___340___

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  holder of any ownership interest in, shareholder, officer and director" is unbounded

2  by any date limitation and is not tied in any way to any claim, defense or other issues

3  involved in Phase 2 of this litigation.

4      MGA also objects to this request on the grounds that it is overbroad, unduly

5  burdensome and oppressive in that it is not in any way limited as to the persons

6  mentioned or as to time.  MGA further objects to this request on the grounds that it is

7  vague and ambiguous in its use of the terms "member," "managing member," "holder

8  of any ownership interest," "shareholder," "officer," "director."  Mattel has not

9  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

10  member, holder of any ownership interest in, shareholder, officer and director of

11  VISION CAPITAL, LLC could be relevant to the claims and defenses in this action,

12  let alone established that the relevancy of these documents outweighs the individual's

13  fundamental right of privacy.  MGA further objects to the request to the extent that it

14  seeks documents that by reason of public filing, public distribution or otherwise are

15  already in Mattel's possession or are readily accessible to Mattel.  MGA further

16  objects to this request to the extent that it seeks documents not in MGA's possession,

17  custody or control.  MGA also objects to this request to the extent it calls for the

18  disclosure of attorney-client privileged information or information protected from

19  disclosure by the work-product doctrine, joint defense or common interest privilege,

20  or other privilege.

21      MGA further objects to this request as cumulative and duplicative to the extent

22  that it seeks documents previously requested by Mattel or produced by MGA in

23  response to Mattel's document requests.

24  **REQUEST FOR PRODUCTION NO. 32**

25      DOCUMENTS sufficient to IDENTIFY each member, managing member,

26  holder of any ownership interest in, shareholder, officer and director of LEXINGTON

27  FINANCIAL, LLC.

28

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___18___

PAGE ___341___

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrase "each member, managing member, holder of any ownership interest in, shareholder, officer and director" is unbounded by any date limitation and is not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons mentioned or as to time. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "member," "managing member," "holder of any ownership interest," "shareholder," "officer," "director." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing member, holder of any ownership interest in, shareholder, officer and director of LEXINGTON FINANCIAL, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request to the extent it calls

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT \_\_\_18\_\_\_

PAGE \_\_\_342\_\_\_

1    for the disclosure of attorney-client privileged information or information protected

2    from disclosure by the work-product doctrine, joint defense or common interest

3    privilege, or other privilege.

4        MGA further objects to this request as cumulative and duplicative to the extent

5    that it seeks documents previously requested by Mattel or produced by MGA in

6    response to Mattel's document requests.

7    **REQUEST FOR PRODUCTION NO. 33**

8        All DOCUMENTS RELATING TO any transfer of any funds, monies or any

9    ITEM OF VALUE from, or any extension of credit or funding by, LEXINGTON

10    FINANCIAL, LLC to YOU or LARIAN.

11    **RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

12        MGA incorporates by reference its General Objections as though fully set forth

13    herein. MGA further objects to this request on the grounds that the Discovery Master

14    already has ruled on similarly phrased requests, including in an Order dated May 7,

15    2008, concluding that requests using phrases like "all documents," and "or relating

16    to" are overly broad, vague, unduly burdensome, and seek irrelevant information. <u>See</u>

17    May 7, 2008 Infante Order. MGA further objects on the grounds that this request

18    calls for the production of documents that are not limited to the subject matter of this

19    action and not relevant to any claim or defense in the pending litigation or reasonably

20    calculated to lead to the discovery of admissible evidence. The request appears

21    designed to circumvent the Court's January 7 Order appointing a forensic auditor and

22    requiring Mattel to pay the auditor's costs in the first instance. <u>See</u> January 7, 2009

23    Larson Order Appointing Forensic Auditor.

24        MGA further objects to this request on the grounds that it is compound. MGA

25    further objects to the request to the extent it violates the privacy rights of third parties

26    to their private, confidential, proprietary or trade secret information. MGA further

27    objects to this request on the grounds that it is overbroad as to subject matter and

28    time; in particular, MGA objects that the phrases "all documents" and "relating to"

665960v2

EXHIBIT 18

PAGE 343

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1 are unbounded by any date limitation and are not tied in any way to any claim,

2 defense or other issues involved in Phase 2 of this litigation.

3     MGA also objects to this request on the grounds that it is overbroad, including,

4 without limitation, that it would extend to any documents referring or relating in any

5 way to a wide variety of matter that could potentially be construed as "relating" to

6 any transfer of any funds, monies or any ITEM OF VALUE from, or any extension of

7 credit or funding by, LEXINGTON FINANCIAL, LLC to MGA or LARIAN, without

8 regard to whether such documents are at all relevant to any claim or defense at issue

9 herein.  MGA further objects to this request on the grounds that it is vague and

10 ambiguous in its use of the terms "transfer of any funds, monies or any ITEM OF

11 VALUE" and "extension of credit or funding."  Mattel has not demonstrated how *all*

12 DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF

13 VALUE from, or any extension of credit or funding by, LEXINGTON FINANCIAL,

14 LLC to MGA or LARIAN could be relevant to the claims and defenses in this action,

15 let alone established that the relevancy of these documents outweighs the individual's

16 fundamental right of privacy.  MGA further objects to this request on the ground that

17 the terms DOCUMENTS, RELATING TO and ITEM OF VALUE render the request

18 vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

19 request to the extent that it seeks documents that by reason of public filing, public

20 distribution or otherwise are already in Mattel's possession or are readily accessible to

21 Mattel.  MGA further objects to this request to the extent that it seeks documents not

22 in MGA's possession, custody or control.  MGA also objects to this request on the

23 grounds that it seeks confidential, proprietary or commercially sensitive information,

24 the disclosure of which would be inimical to the business interests of MGA.  MGA

25 also objects to this request to the extent it calls for the disclosure of attorney-client

26 privileged information or information protected from disclosure by the work-product

27 doctrine, joint defense or common interest privilege, or other privilege.

28

665960v2

1   MGA further objects to this request as being overly broad and unduly

2   burdensome on the grounds that it is not limited in time.  MGA further objects to this

3   request as cumulative and duplicative to the extent that it seeks documents previously

4   requested by Mattel or produced by MGA in response to Mattel's document requests.

5   **REQUEST FOR PRODUCTION NO. 34**

6   All DOCUMENTS RELATING TO any transfer of any funds, monies or any

7   ITEM OF VALUE to or from, or any extension of credit or funding by or to,

8   LEXINGTON FINANCIAL, LLC, whether directly or indirectly.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

10   MGA incorporates by reference its General Objections as though fully set forth

11   herein.  MGA further objects to this request on the grounds that the Discovery Master

12   already has ruled on similarly phrased requests, including in an Order dated May 7,

13   2008, concluding that requests using phrases like "all documents," and "relating to"

14   are overly broad, vague, unduly burdensome, and seek irrelevant information.  See

15   May 7, 2008 Infante Order.  MGA further objects on the grounds that this request

16   calls for the production of documents that are not limited to the subject matter of this

17   action and not relevant to any claim or defense in the pending litigation or reasonably

18   calculated to lead to the discovery of admissible evidence.  The request appears

19   designed to circumvent the Court's January 7 Order appointing a forensic auditor and

20   requiring Mattel to pay the auditor's costs in the first instance.  See January 7, 2009

21   Larson Order Appointing Forensic Auditor.

22   MGA further objects to this request on the grounds that it is compound.  MGA

23   further objects to the request to the extent it violates the privacy rights of third parties

24   to their private, confidential, proprietary or trade secret information.  MGA further

25   objects to this request on the grounds that it is overbroad as to subject matter and

26   time; in particular, MGA objects that the phrases "all documents" and "relating to"

27   are unbounded by any date limitation and are not tied in any way to any claim,

28   defense or other issues involved in Phase 2 of this litigation.

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___18___

PAGE ___345___

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   MGA also objects to this request on the grounds that it is overbroad, including,

2   without limitation, that it would extend to any documents referring or relating in any

3   way to a wide variety of matter that could potentially be construed as "relating" to

4   any transfer of any funds, monies or any ITEM OF VALUE to or from, or any

5   extension of credit or funding by or to, LEXINGTON FINANCIAL, LLC, without

6   regard to whether such documents are at all relevant to any claim or defense at issue

7   herein.  MGA further objects to this request on the grounds that it is vague and

8   ambiguous in its use of the terms "transfer of any funds, monies or any ITEM OF

9   VALUE" and "extension of credit or funding."  Mattel has not demonstrated how *all*

10  DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF

11  VALUE to or from, or any extension of credit or funding by or to, LEXINGTON

12  FINANCIAL, LLC could be relevant to the claims and defenses in this action, let

13  alone established that the relevancy of these documents outweighs fundamental

14  privacy rights.  MGA further objects to this request on the ground that the terms

15  DOCUMENTS, RELATING TO and ITEM OF VALUE render the request vague,

16  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

17  request to the extent that it seeks documents that by reason of public filing, public

18  distribution or otherwise are already in Mattel's possession or are readily accessible to

19  Mattel.  MGA further objects to this request to the extent that it seeks documents not

20  in MGA's possession, custody or control.  MGA also objects to this request on the

21  grounds that it seeks confidential, proprietary or commercially sensitive information,

22  the disclosure of which would be inimical to the business interests of MGA.  MGA

23  also objects to this request to the extent it calls for the disclosure of attorney-client

24  privileged information or information protected from disclosure by the work-product

25  doctrine, joint defense or common interest privilege, or other privilege.

26      MGA further objects to this request as being overly broad and unduly

27  burdensome on the grounds that it is not limited in time.  MGA further objects to this

28

665960v2

1  request as cumulative and duplicative to the extent that it seeks documents previously

2  requested by Mattel or produced by MGA in response to Mattel's document requests.

3  **REQUEST FOR PRODUCTION NO. 35**

4      DOCUMENTS sufficient to IDENTIFY each member, managing member,

5  holder of any ownership interest in, shareholder, officer and director of IGWT Group,

6  LLC.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

8      MGA incorporates by reference its General Objections as though fully set forth

9  herein. MGA further objects on the ground that this request is cumulative and

10  duplicative to the extent that is the same request as Request for Production No. 28.

11  MGA further objects on the grounds that this request calls for the production of

12  documents that are not limited to the subject matter of this action and not relevant to

13  any claim or defense in the pending litigation or reasonably calculated to lead to the

14  discovery of admissible evidence.

15      MGA further objects to this request on the grounds that it is compound. MGA

16  further objects to the request to the extent it violates the privacy rights of third parties

17  to their private, confidential, proprietary or trade secret information. MGA further

18  objects to this request on the grounds that it is overbroad as to subject matter and

19  time; in particular, MGA objects that the phrase "each member, managing member,

20  holder of any ownership interest in, shareholder, officer and director" is unbounded

21  by any date limitation and is not tied in any way to any claim, defense or other issues

22  involved in Phase 2 of this litigation.

23      MGA also objects to this request on the grounds that it is overbroad, unduly

24  burdensome and oppressive in that it is not in any way limited as to the persons

25  mentioned or as to time. MGA further objects to this request on the grounds that it is

26  vague and ambiguous in its use of the terms "member," "managing member," "holder

27  of any ownership interest," "shareholder," "officer," "director." Mattel has not

28  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18

PAGE 347

665960v2

1   member, holder of any ownership interest in, shareholder, officer and director of

2   IGWT Group, LLC could be relevant to the claims and defenses in this action, let

3   alone established that the relevancy of these documents outweighs the individual's

4   fundamental right of privacy.  MGA further objects to the request to the extent that it

5   seeks documents that by reason of public filing, public distribution or otherwise are

6   already in Mattel's possession or are readily accessible to Mattel.  MGA further

7   objects to this request to the extent that it seeks documents not in MGA's possession,

8   custody or control.  MGA also objects to this request to the extent it calls for the

9   disclosure of attorney-client privileged information or information protected from

10  disclosure by the work-product doctrine, joint defense or common interest privilege,

11  or other privilege.

12          MGA further objects to this request as cumulative and duplicative to the extent

13  that it seeks documents previously requested by Mattel or produced by MGA in

14  response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 36**

16          DOCUMENTS sufficient to IDENTIFY each member, managing member,

17  holder of any ownership interest in, shareholder, officer and director of IGWT 826

18  Investments, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

20          MGA incorporates by reference its General Objections as though fully set forth

21  herein.  MGA further objects on the ground that this request is cumulative and

22  duplicative to the extent that is the same request as Request for Production No. 29.

23  MGA further objects on the grounds that this request calls for the production of

24  documents that are not limited to the subject matter of this action and not relevant to

25  any claim or defense in the pending litigation or reasonably calculated to lead to the

26  discovery of admissible evidence.

27          MGA further objects to this request on the grounds that it is compound.  MGA

28  further objects to the request to the extent it violates the privacy rights of third parties

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ____18____

PAGE ____348____

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1  to their private, confidential, proprietary or trade secret information.  MGA further

2  objects to this request on the grounds that it is overbroad as to subject matter and

3  time; in particular, MGA objects that the phrase "each member, managing member,

4  holder of any ownership interest in, shareholder, officer and director" is unbounded

5  by any date limitation and is not tied in any way to any claim, defense or other issues

6  involved in Phase 2 of this litigation.

7       MGA also objects to this request on the grounds that it is overbroad, unduly

8  burdensome and oppressive in that it is not in any way limited as to the persons

9  mentioned or as to time.  MGA further objects to this request on the grounds that it is

10  vague and ambiguous in its use of the terms "member," "managing member," "holder

11  of any ownership interest," "shareholder," "officer," "director."  Mattel has not

12  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

13  member, holder of any ownership interest in, shareholder, officer and director of

14  IGWT 826 Investments, LLC could be relevant to the claims and defenses in this

15  action, let alone established that the relevancy of these documents outweighs the

16  individual's fundamental right of privacy.  MGA further objects to the request to the

17  extent that it seeks documents that by reason of public filing, public distribution or

18  otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA

19  further objects to this request to the extent that it seeks documents not in MGA's

20  possession, custody or control.  MGA also objects to this request to the extent it calls

21  for the disclosure of attorney-client privileged information or information protected

22  from disclosure by the work-product doctrine, joint defense or common interest

23  privilege, or other privilege.

24       MGA further objects to this request as cumulative and duplicative to the extent

25  that it seeks documents previously requested by Mattel or produced by MGA in

26  response to Mattel's document requests.

27

28

665960v2

EXHIBIT ___18___
PAGE ___347___

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**REQUEST FOR PRODUCTION NO. 37**

DOCUMENTS sufficient to IDENTIFY each of YOUR bank accounts since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the term "bank accounts." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY each of MGA's bank accounts could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms DOCUMENTS and IDENTIFY render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be

665960v2

1    inimical to the business interests of MGA.  MGA also objects to this request to the

2    extent it calls for the disclosure of attorney-client privileged information or

3    information protected from disclosure by the work-product doctrine, joint defense or

4    common interest privilege, or other privilege.

5          MGA further objects to this request as cumulative and duplicative to the extent

6    that it seeks documents previously requested by Mattel or produced by MGA in

7    response to Mattel's document requests.

8    **REQUEST FOR PRODUCTION NO. 38**

9          DOCUMENTS sufficient to IDENTIFY each bank account to or from which

10   Isaac Larian has transferred or has had transferred any ITEM OF VALUE since

11   January 1, 2007.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

13         MGA incorporates by reference its General Objections as though fully set forth

14   herein.  MGA further objects on the grounds that this request calls for the production

15   of documents that are not limited to the subject matter of this action and not relevant

16   to any claim or defense in the pending litigation or reasonably calculated to lead to

17   the discovery of admissible evidence.  The request appears designed to circumvent

18   the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

19   the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing

20   Forensic Auditor.

21         MGA further objects to this request on the grounds that it is compound.  MGA

22   further objects to the request to the extent it violates the privacy rights of third parties

23   to their private, confidential, proprietary or trade secret information.

24         MGA further objects to this request on the grounds that it is vague and

25   ambiguous in its use of the terms "bank account," "transferred," and "has had

26   transferred."  Mattel has not demonstrated how DOCUMENTS sufficient to

27   IDENTIFY *each* bank account to or from which Isaac Larian has transferred or has

28   had transferred any ITEM OF VALUE could be relevant to the claims and defenses in

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18
PAGE 351

1    this action, let alone established that the relevancy of these documents outweighs the

2    individual's fundamental right of privacy.  MGA further objects to this request on the

3    ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the

4    request vague, ambiguous, overly broad and unduly burdensome.  MGA further

5    objects to the request to the extent that it seeks documents that by reason of public

6    filing, public distribution or otherwise are already in Mattel's possession or are

7    readily accessible to Mattel.  MGA further objects to this request to the extent that it

8    seeks documents not in MGA's possession, custody or control.  MGA also objects to

9    this request on the grounds that it seeks confidential, proprietary or commercially

10   sensitive information, the disclosure of which would be inimical to the business

11   interests of MGA.  MGA also objects to this request to the extent it calls for the

12   disclosure of attorney-client privileged information or information protected from

13   disclosure by the work-product doctrine, joint defense or common interest privilege,

14   or other privilege.

15       MGA further objects to this request as cumulative and duplicative to the extent

16   that it seeks documents previously requested by Mattel or produced by MGA in

17   response to Mattel's document requests.

18   **REQUEST FOR PRODUCTION NO. 39**

19       DOCUMENTS sufficient to IDENTIFY each bank account to or from which

20   OMNI 808 INVESTORS, LLC has transferred or has had transferred any ITEM OF

21   VALUE since January 1, 2007.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

23       MGA incorporates by reference its General Objections as though fully set forth

24   herein.  MGA further objects on the grounds that this request calls for the production

25   of documents that are not limited to the subject matter of this action and not relevant

26   to any claim or defense in the pending litigation or reasonably calculated to lead to

27   the discovery of admissible evidence.  The request appears designed to circumvent

28   the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

**RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)**

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18
PAGE 352

665960v2

1    the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing

2    Forensic Auditor.

3           MGA further objects to this request on the grounds that it is compound.  MGA

4    further objects to the request to the extent it violates the privacy rights of third parties

5    to their private, confidential, proprietary or trade secret information.

6           MGA further objects to this request on the grounds that it is vague and

7    ambiguous in its use of the terms "bank account," "transferred," and "has had

8    transferred."  Mattel has not demonstrated how DOCUMENTS sufficient to

9    IDENTIFY *each* bank account to or from which OMNI 808 INVESTORS, LLC has

10   transferred or has had transferred any ITEM OF VALUE could be relevant to the

11   claims and defenses in this action, let alone established that the relevancy of these

12   documents outweighs fundamental privacy rights.  MGA further objects to this

13   request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF

14   VALUE render the request vague, ambiguous, overly broad and unduly burdensome.

15   MGA further objects to the request to the extent that it seeks documents that by

16   reason of public filing, public distribution or otherwise are already in Mattel's

17   possession or are readily accessible to Mattel.  MGA further objects to this request to

18   the extent that it seeks documents not in MGA's possession, custody or control.

19   MGA also objects to this request on the grounds that it seeks confidential, proprietary

20   or commercially sensitive information, the disclosure of which would be inimical to

21   the business interests of MGA.  MGA also objects to this request to the extent it calls

22   for the disclosure of attorney-client privileged information or information protected

23   from disclosure by the work-product doctrine, joint defense or common interest

24   privilege, or other privilege.

25           MGA further objects to this request as cumulative and duplicative to the extent

26   that it seeks documents previously requested by Mattel or produced by MGA in

27   response to Mattel's document requests.

28
665960v2

EXHIBIT    18
PAGE    353

**REQUEST FOR PRODUCTION NO. 40**

DOCUMENTS sufficient to IDENTIFY each bank account to or from which IGWT Group, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "bank account," "transferred," and "has had transferred." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* bank account to or from which IGWT Group, LLC has transferred or has had transferred any ITEM OF VALUE could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. MGA further objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ___18___
PAGE ___354___

665960v2

seeks documents not in MGA's possession, custody or control.  MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 41**

DOCUMENTS sufficient to IDENTIFY each bank account to or from which IGWT 826 Investments, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

MGA incorporates by reference its General Objections as though fully set forth herein.  MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "bank account," "transferred," and "has had

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18
PAGE 355

1   transferred." Mattel has not demonstrated how DOCUMENTS sufficient to

2   IDENTIFY *each* bank account to or from which IGWT 826 Investments, LLC has

3   transferred or has had transferred any ITEM OF VALUE could be relevant to the

4   claims and defenses in this action, let alone established that the relevancy of these

5   documents outweighs fundamental privacy rights. MGA further objects to this

6   request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF

7   VALUE render the request vague, ambiguous, overly broad and unduly burdensome.

8   MGA further objects to the request to the extent that it seeks documents that by

9   reason of public filing, public distribution or otherwise are already in Mattel's

10  possession or are readily accessible to Mattel. MGA further objects to this request to

11  the extent that it seeks documents not in MGA's possession, custody or control.

12  MGA also objects to this request on the grounds that it seeks confidential, proprietary

13  or commercially sensitive information, the disclosure of which would be inimical to

14  the business interests of MGA. MGA also objects to this request to the extent it calls

15  for the disclosure of attorney-client privileged information or information protected

16  from disclosure by the work-product doctrine, joint defense or common interest

17  privilege, or other privilege.

18       MGA further objects to this request as cumulative and duplicative to the extent

19  that it seeks documents previously requested by Mattel or produced by MGA in

20  response to Mattel's document requests.

21  **REQUEST FOR PRODUCTION NO. 42**

22       All COMMUNICATIONS between or among YOU, IGWT 826 Investments,

23  LLC and/or IGWT Group, LLC REFERRING OR RELATING TO MATTEL and/or

24  BRATZ.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

26       MGA incorporates by reference its General Objections as though fully set forth

27  herein. MGA further objects on the grounds that this request calls for the production

28  of communications that are not limited to the subject matter of this action and not

665960v2

EXHIBIT 18

PAGE 356

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   relevant to any claim or defense in the pending litigation or reasonably calculated to

2   lead to the discovery of admissible evidence.

3       MGA further objects to this request on the grounds that it is compound. MGA

4   further objects to the request to the extent it violates the privacy rights of third parties

5   to their private, confidential, proprietary or trade secret information. MGA further

6   objects to this request on the grounds that it is overbroad as to subject matter and

7   time; in particular, MGA objects that the phrases "all communications" and "referring

8   or relating to" are unbounded by any date limitation and are not tied in any way to

9   any claim, defense or other issues involved in Phase 2 of this litigation.

10      MGA also objects to this request on the grounds that it is overbroad, including,

11  without limitation, that it would extend to any communication between or among

12  anyone at MGA, IGWT 826 Investments, LLC and/or IGWT Group, LLC referring or

13  relating in any way to a wide variety of matter that could potentially be construed as

14  "relating" to Mattel and/or Bratz, without regard to whether such communications are

15  at all relevant to any claim or defense at issue herein. MGA also objects to this

16  request on the grounds that it is overbroad, unduly burdensome and oppressive in that

17  it purports to require MGA diligently to identify every communication between

18  anyone at MGA, IGWT 826 Investments, LLC and/or IGWT Group, LLC referring or

19  relating in any way to a wide variety of matter that could potentially be construed as

20  "relating" to Mattel and/or Bratz. MGA also objects to this request on the grounds

21  that it is overbroad, unduly burdensome and oppressive in that it is not in any way

22  limited as to the persons involved in the communications or as to time. Mattel has not

23  demonstrated how *all* COMMUNICATIONS between or among MGA, IGWT 826

24  Investments, LLC and/or IGWT Group, LLC REFERRING OR RELATING TO

25  MATTEL and/or BRATZ could be relevant to the claims and defenses in this action,

26  let alone established that the relevancy of these documents outweighs the individual's

27  fundamental right of privacy. MGA further objects to this request on the ground that

28  the terms COMMUNICATIONS and REFERRING OR RELATING TO render the

665960v2

EXHIBIT 18
PAGE 357

1  request vague, ambiguous, overly broad and unduly burdensome. MGA further

2  objects to the request to the extent that it seeks documents that by reason of public

3  filing, public distribution or otherwise are already in Mattel's possession or are

4  readily accessible to Mattel. MGA further objects to this request to the extent that it

5  seeks documents not in MGA's possession, custody or control. MGA also objects to

6  this request on the grounds that it seeks confidential, proprietary or commercially

7  sensitive information, the disclosure of which would be inimical to the business

8  interests of MGA. MGA also objects to this request to the extent it calls for the

9  disclosure of attorney-client privileged information or information protected from

10 disclosure by the work-product doctrine, joint defense or common interest privilege,

11 or other privilege.

12      MGA further objects to this request as being overly broad and unduly

13 burdensome on the grounds that it is not limited in time. MGA further objects to this

14 request as cumulative and duplicative to the extent that it seeks documents previously

15 requested by Mattel or produced by MGA in response to Mattel's document requests.

16 **REQUEST FOR PRODUCTION NO. 43**

17      All COMMUNICATIONS between or among YOU, OMNI 808 INVESTORS,

18 LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL, LLC

19 REFERRING OR RELATING TO MATTEL, MGA, LARIAN and/or BRATZ.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

21      MGA incorporates by reference its General Objections as though fully set forth

22 herein. MGA further objects on the grounds that this request calls for the production

23 of communications that are not limited to the subject matter of this action and not

24 relevant to any claim or defense in the pending litigation or reasonably calculated to

25 lead to the discovery of admissible evidence.

26      MGA further objects to this request on the grounds that it is compound. MGA

27 further objects to the request to the extent it violates the privacy rights of third parties

28 to their private, confidential, proprietary or trade secret information. MGA further

665960v2

EXHIBIT 18

PAGE 358

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  objects to this request on the grounds that it is overbroad as to subject matter and

2  time; in particular, MGA objects that the phrases "all communications" and "referring

3  or relating to" are unbounded by any date limitation and are not tied in any way to

4  any claim, defense or other issues involved in Phase 2 of this litigation.

5      MGA also objects to this request on the grounds that it is overbroad, including,

6  without limitation, that it would extend to any communication between or among

7  anyone at MGA, OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC and/or

8  LEXINGTON FINANCIAL, LLC referring or relating in any way to a wide variety

9  of matter that could potentially be construed as "relating" to MATTEL, MGA,

10  LARIAN and/or BRATZ, without regard to whether such communications are at all

11  relevant to any claim or defense at issue herein.  MGA also objects to this request on

12  the grounds that it is overbroad, unduly burdensome and oppressive in that it purports

13  to require MGA diligently to identify every communication between anyone and

14  among at MGA, IGWT 826 Investments, LLC and/or IGWT Group, LLC referring or

15  relating in any way to a wide variety of matter that could potentially be construed as

16  "relating" to Mattel and/or Bratz.  MGA also objects to this request on the grounds

17  that it is overbroad, unduly burdensome and oppressive in that it is not in any way

18  limited as to the persons involved in the communications or as to time.  Mattel has not

19  demonstrated how *all* COMMUNICATIONS between or among MGA, OMNI 808

20  INVESTORS, LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL,

21  LLC REFERRING OR RELATING TO MATTEL, MGA, LARIAN and/or BRATZ

22  could be relevant to the claims and defenses in this action, let alone established that

23  the relevancy of these documents outweighs the individual's fundamental right of

24  privacy.  MGA further objects to this request on the ground that the terms

25  COMMUNICATIONS and REFERRING OR RELATING TO render the request

26  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

27  request to the extent that it seeks documents that by reason of public filing, public

28  distribution or otherwise are already in Mattel's possession or are readily accessible to

1   Mattel.  MGA further objects to this request to the extent that it seeks documents not

2   in MGA's possession, custody or control.  MGA also objects to this request on the

3   grounds that it seeks confidential, proprietary or commercially sensitive information,

4   the disclosure of which would be inimical to the business interests of MGA.  MGA

5   also objects to this request to the extent it calls for the disclosure of attorney-client

6   privileged information or information protected from disclosure by the work-product

7   doctrine, joint defense or common interest privilege, or other privilege.

8          MGA further objects to this request as being overly broad and unduly

9   burdensome on the grounds that it is not limited in time.  MGA further objects to this

10  request as cumulative and duplicative to the extent that it seeks documents previously

11  requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 44**

13         All COMMUNICATIONS between YOU and MASHIAN REFERRING OR

14  RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC,

15  LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

17         MGA incorporates by reference its General Objections as though fully set forth

18  herein.  MGA further objects on the grounds that this request calls for the production

19  of communications that are not limited to the subject matter of this action and not

20  relevant to any claim or defense in the pending litigation or reasonably calculated to

21  lead to the discovery of admissible evidence.

22         MGA further objects to this request on the grounds that it is compound.  MGA

23  further objects to the request to the extent it violates the privacy rights of third parties

24  to their private, confidential, proprietary or trade secret information.  MGA further

25  objects to this request on the grounds that it is overbroad as to subject matter and

26  time; in particular, MGA objects that the phrases "all communications" and "referring

27  or relating to" are unbounded by any date limitation and are not tied in any way to

28  any claim, defense or other issues involved in Phase 2 of this litigation.

665960v2

EXHIBIT  18

PAGE  360

1       MGA also objects to this request on the grounds that it is overbroad, including,

2 without limitation, that it would extend to any communication between anyone at

3 MGA and MASHIAN referring or relating in any way to a wide variety of matter that

4 could potentially be construed as "relating" to OMNI 808 INVESTORS, LLC,

5 VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA,

6 LARIAN and/or BRATZ, without regard to whether such communications are at all

7 relevant to any claim or defense at issue herein.  MGA also objects to this request on

8 the grounds that it is overbroad, unduly burdensome and oppressive in that it purports

9 to require MGA diligently to identify every communication between anyone and

10 among at MGA and MASHIAN REFERRING OR RELATING TO OMNI 808

11 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC,

12 MATTEL, MGA, LARIAN and/or BRATZ.  Mattel has not demonstrated how *all*

13 COMMUNICATIONS between MGA and MASHIAN REFERRING OR RELATING

14 TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON

15 FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could be relevant to

16 the claims and defenses in this action, let alone established that the relevancy of these

17 documents outweighs the individual's fundamental right of privacy.  MGA further

18 objects to this request on the ground that the terms COMMUNICATIONS and

19 REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

20 and unduly burdensome.  MGA further objects to the request to the extent that it seeks

21 documents that by reason of public filing, public distribution or otherwise are already

22 in Mattel's possession or are readily accessible to Mattel.  MGA further objects to this

23 request to the extent that it seeks documents not in MGA's possession, custody or

24 control.  MGA also objects to this request on the grounds that it seeks confidential,

25 proprietary or commercially sensitive information, the disclosure of which would be

26 inimical to the business interests of MGA.  MGA also objects to this request to the

27 extent it calls for the disclosure of attorney-client privileged information or

28

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1  information protected from disclosure by the work-product doctrine, joint defense or

2  common interest privilege, or other privilege.

3      MGA further objects to this request as being overly broad and unduly

4  burdensome on the grounds that it is not limited in time.  MGA further objects to this

5  request as cumulative and duplicative to the extent that it seeks documents previously

6  requested by Mattel or produced by MGA in response to Mattel's document requests.

7  **REQUEST FOR PRODUCTION NO. 45**

8      All COMMUNICATIONS between YOU and Neil Kadisha REFERRING OR

9  RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC,

10  LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

12      MGA incorporates by reference its General Objections as though fully set forth

13  herein.  MGA further objects on the grounds that this request calls for the production

14  of communications that are not limited to the subject matter of this action and not

15  relevant to any claim or defense in the pending litigation or reasonably calculated to

16  lead to the discovery of admissible evidence.

17      MGA further objects to this request on the grounds that it is compound.  MGA

18  further objects to the request to the extent it violates the privacy rights of third parties

19  to their private, confidential, proprietary or trade secret information.  MGA further

20  objects to this request on the grounds that it is overbroad as to subject matter and

21  time; in particular, MGA objects that the phrases "all communications" and "referring

22  or relating to" are unbounded by any date limitation and are not tied in any way to

23  any claim, defense or other issues involved in Phase 2 of this litigation.

24      MGA also objects to this request on the grounds that it is overbroad, including,

25  without limitation, that it would extend to any communication between anyone at

26  MGA and Neil Kadisha referring or relating in any way to a wide variety of matter

27  that could potentially be construed as "relating" to OMNI 808 INVESTORS, LLC,

28  VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA,

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 Constellation Boulevard
NINETEENTH FLOOR
Los Angeles, California 90067
310-553-3000

EXHIBIT 18
PAGE 362
665960v2

80

1   LARIAN and/or BRATZ, without regard to whether such communications are at all

2   relevant to any claim or defense at issue herein.  MGA also objects to this request on

3   the grounds that it is overbroad, unduly burdensome and oppressive in that it purports

4   to require MGA diligently to identify every communication between anyone and

5   among at MGA and MASHIAN REFERRING OR RELATING TO OMNI 808

6   INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC,

7   MATTEL, MGA, LARIAN and/or BRATZ.  Mattel has not demonstrated how *all*

8   COMMUNICATIONS between MGA and Neil Kadisha REFERRING OR

9   RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC,

10  LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could

11  be relevant to the claims and defenses in this action, let alone established that the

12  relevancy of these documents outweighs the individual's fundamental right of

13  privacy.  MGA further objects to this request on the ground that the terms

14  COMMUNICATIONS and REFERRING OR RELATING TO render the request

15  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

16  request to the extent that it seeks documents that by reason of public filing, public

17  distribution or otherwise are already in Mattel's possession or are readily accessible to

18  Mattel.  MGA further objects to this request to the extent that it seeks documents not

19  in MGA's possession, custody or control.  MGA also objects to this request on the

20  grounds that it seeks confidential, proprietary or commercially sensitive information,

21  the disclosure of which would be inimical to the business interests of MGA.  MGA

22  also objects to this request to the extent it calls for the disclosure of attorney-client

23  privileged information or information protected from disclosure by the work-product

24  doctrine, joint defense or common interest privilege, or other privilege.

25       MGA further objects to this request as being overly broad and unduly

26  burdensome on the grounds that it is not limited in time.  MGA further objects to this

27  request as cumulative and duplicative to the extent that it seeks documents previously

28  requested by Mattel or produced by MGA in response to Mattel's document requests.

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___18___

PAGE ___363___

**REQUEST FOR PRODUCTION NO. 46**

All COMMUNICATIONS between YOU and OMNI 808 INVESTORS, LLC REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of communications that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any communication between anyone at MGA and OMNI 808 INVESTORS, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every communication between anyone and among at MGA and OMNI 808 INVESTORS, LLC REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA,

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18
PAGE 364

665960v2

1 LARIAN and/or BRATZ.  Mattel has not demonstrated how *all*

2 COMMUNICATIONS between MGA and OMNI 808 INVESTORS, LLC

3 REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON

4 FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could be relevant to

5 the claims and defenses in this action, let alone established that the relevancy of these

6 documents outweighs the individual's fundamental right of privacy.  MGA further

7 objects to this request on the ground that the terms COMMUNICATIONS and

8 REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

9 and unduly burdensome.  MGA further objects to the request to the extent that it seeks

10 documents that by reason of public filing, public distribution or otherwise are already

11 in Mattel's possession or are readily accessible to Mattel.  MGA further objects to this

12 request to the extent that it seeks documents not in MGA's possession, custody or

13 control.  MGA also objects to this request on the grounds that it seeks confidential,

14 proprietary or commercially sensitive information, the disclosure of which would be

15 inimical to the business interests of MGA.  MGA also objects to this request to the

16 extent it calls for the disclosure of attorney-client privileged information or

17 information protected from disclosure by the work-product doctrine, joint defense or

18 common interest privilege, or other privilege.

19     MGA further objects to this request as being overly broad and unduly

20 burdensome on the grounds that it is not limited in time.  MGA further objects to this

21 request as cumulative and duplicative to the extent that it seeks documents previously

22 requested by Mattel or produced by MGA in response to Mattel's document requests.

23 **REQUEST FOR PRODUCTION NO. 47**

24     All COMMUNICATIONS REFERRING OR RELATING TO VISION

25 CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS,

26 LLC.

27

28

665960v2

EXHIBIT 18
PAGE 365

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of communications that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to *any* communications between *anyone* referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify *every* communication between *anyone* REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC. Mattel has not demonstrated how *all* COMMUNICATIONS REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310.553.3000

EXHIBIT  18
PAGE  366

privacy.  MGA further objects to this request on the ground that the terms

COMMUNICATIONS and REFERRING OR RELATING TO render the request

vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

request to the extent that it seeks documents that by reason of public filing, public

distribution or otherwise are already in Mattel's possession or are readily accessible to

Mattel.  MGA further objects to this request to the extent that it seeks documents not

in MGA's possession, custody or control.  MGA also objects to this request on the

grounds that it seeks confidential, proprietary or commercially sensitive information,

the disclosure of which would be inimical to the business interests of MGA.  MGA

also objects to this request to the extent it calls for the disclosure of attorney-client

privileged information or information protected from disclosure by the work-product

doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as being overly broad and unduly

burdensome on the grounds that it is not limited in time.  MGA further objects to this

request as cumulative and duplicative to the extent that it seeks documents previously

requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 48**

DOCUMENTS sufficient to IDENTIFY each bank account to or from which

VISION CAPITAL, LLC has transferred or has had transferred any ITEM OF

VALUE since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

MGA incorporates by reference its General Objections as though fully set forth

herein.  MGA further objects on the grounds that this request calls for the production

of documents that are not limited to the subject matter of this action and not relevant

to any claim or defense in the pending litigation or reasonably calculated to lead to

the discovery of admissible evidence.  The request appears designed to circumvent

the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

665960v2

1  the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing

2  Forensic Auditor.

3       MGA further objects to this request on the grounds that it is compound.  MGA

4  further objects to the request to the extent it violates the privacy rights of third parties

5  to their private, confidential, proprietary or trade secret information.

6       MGA further objects to this request on the grounds that it is vague and

7  ambiguous in its use of the terms "bank account," "transferred," and "has had

8  transferred."  Mattel has not demonstrated how DOCUMENTS sufficient to

9  IDENTIFY *each* bank account to or from which VISION CAPITAL, LLC has

10 transferred or has had transferred any ITEM OF VALUE could be relevant to the

11 claims and defenses in this action, let alone established that the relevancy of these

12 documents outweighs the individual's fundamental right of privacy.  MGA further

13 objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and

14 ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly

15 burdensome.  MGA further objects to the request to the extent that it seeks documents

16 that by reason of public filing, public distribution or otherwise are already in Mattel's

17 possession or are readily accessible to Mattel.  MGA further objects to this request to

18 the extent that it seeks documents not in MGA's possession, custody or control.

19 MGA also objects to this request on the grounds that it seeks confidential, proprietary

20 or commercially sensitive information, the disclosure of which would be inimical to

21 the business interests of MGA.  MGA also objects to this request to the extent it calls

22 for the disclosure of attorney-client privileged information or information protected

23 from disclosure by the work-product doctrine, joint defense or common interest

24 privilege, or other privilege.

25      MGA further objects to this request as cumulative and duplicative to the extent

26 that it seeks documents previously requested by Mattel or produced by MGA in

27 response to Mattel's document requests.

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18
PAGE 368

**REQUEST FOR PRODUCTION NO. 49**

DOCUMENTS sufficient to IDENTIFY each bank account to or from which LEXINGTON FINANCIAL, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. <u>See</u> January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "bank account," "transferred," and "has had transferred." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* bank account to or from which LEXINGTON FINANCIAL, LLC has transferred or has had transferred any ITEM OF VALUE could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to

665960v2

1  the extent that it seeks documents not in MGA's possession, custody or control.

2  MGA also objects to this request on the grounds that it seeks confidential, proprietary

3  or commercially sensitive information, the disclosure of which would be inimical to

4  the business interests of MGA. MGA also objects to this request to the extent it calls

5  for the disclosure of attorney-client privileged information or information protected

6  from disclosure by the work-product doctrine, joint defense or common interest

7  privilege, or other privilege.

8       MGA further objects to this request as cumulative and duplicative to the extent

9  that it seeks documents previously requested by Mattel or produced by MGA in

10  response to Mattel's document requests.

11  **REQUEST FOR PRODUCTION NO. 50**

12       DOCUMENTS sufficient to IDENTIFY each licensee of any BRATZ product

13  since January 1, 2007.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

15       MGA incorporates by reference its General Objections as though fully set forth

16  herein. MGA further objects on the grounds that this request calls for the production

17  of documents that are not limited to the subject matter of this action and not relevant

18  to any claim or defense in the pending litigation or reasonably calculated to lead to

19  the discovery of admissible evidence.     MGA further objects to this request on

20  the grounds that it is compound. MGA further objects to the request to the extent it

21  violates the privacy rights of third parties to their private, confidential, proprietary or

22  trade secret information.

23       MGA further objects to this request on the grounds that it is vague and

24  ambiguous in its use of the term "licensee." Mattel has not demonstrated how

25  DOCUMENTS sufficient to IDENTIFY *each* licensee of any BRATZ product since

26  January 1, 2007 could be relevant to the claims and defenses in this action, let alone

27  established that the relevancy of these documents outweighs the individual's

28  fundamental right of privacy. MGA further objects to this request on the ground that

665960v2

88

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 18
PAGE 370

1        MGA further objects to this request as being overly broad and unduly

2   burdensome on the grounds that it is not limited in time.  MGA further objects to this

3   request as cumulative and duplicative to the extent that it seeks documents previously

4   requested by Mattel or produced by MGA in response to Mattel's document requests.

5

6

7   Dated: _2/6/___ , 2009            Patricia L. Glaser

8                                   Joel N. Klevens
                                    GLASER, WEIL, FINK, JACOBS

9                                     & SHAPIRO, LLP

10                                  Russell J. Frackman
                                    MITCHELL, SILBERBERG & KNUPP, LLP

11

12

13             By: _____

14                        Amman Khan
                          Attorneys for the MGA Parties

15                        for Phase Two

16

17

18

19

20

21

22

23

24

25

26

27

28

665960v2

99

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 18

PAGE 371

1                           **PROOF OF SERVICE**

2   STATE OF CALIFORNIA

3   COUNTY OF LOS ANGELES

4         I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

6         On January 28, 2009, I served the foregoing document described as:

7   **RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)**

9   on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

10                 **PLEASE SEE ATTACHED SERVICE LIST**

11 ☐    (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

15 ☐    (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

18 ☒    **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee.

20 ☐    (BY EMAIL) I caused such documents to be delivered via email to the addressee(s).

21 ☐    (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

23   Executed this 6th day of February, 2009, at Los Angeles, California.

24         I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                                        *Yumi Chung*

                                    YUMI CHUNG

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310/553-3000

EXHIBIT 18

PAGE 372

665411 v1

## SERVICE LIST

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
John Quinn, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Russel J. Frackman, Esq.
Patricia H. Benson, Esq.
Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90067
(310) 312-2000

Thomas J. Nolan, Esq.
Raoul D. Kennedy, Esq.
Jason D. Russell, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
(213) 687-5000

EXHIBIT   18
PAGE   373

665411 v1