1  Byron Z. Moldo (SBN 109652)
     bmoldo@ecjlaw.com
2  David Seror (SBN 67488)
     dseror@ecjlaw.com
3  Peter A. Davidson (SBN 76194)
     pdavidson@ecjlaw.com
4  **ERVIN COHEN & JESSUP LLP**
   9401 Wilshire Boulevard, Ninth Floor
5  Beverly Hills, California 90212-2974
   Telephone  (310) 273-6333
6  Facsimile  (310) 859-2325

7  Attorneys for Patrick A. Fraioli, Jr., Temporary Receiver

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11            EASTERN DIVISION (RIVERSIDE)

12

13  CARTER BRYANT, an individual,      )  CASE NO. CV 04-9049 SGL (RNBx)
                                       )
14              Plaintiff,             )  Consolidated with Case No. 04-9059
                                       )  and Case No. 05-2727
15       v.                            )
                                       )  [Judge Stephen G. Larson]
16  MATTEL, INC., a Delaware           )
    corporation,                       )
17                                     )  **EX PARTE MOTION OF**
              Defendant.               )  **TEMPORARY RECEIVER FOR**
18                                     )  **ORDER (1) APPROVING FINAL**
                                       )  **ACCOUNT AND REPORT; (2)**
19                                     )  **APPROVING FINAL**
                                       )  **COMPENSATION TO**
20                                     )  **TEMPORARY RECEIVER AND**
                                       )  **PROFESSIONALS; (3)**
21                                     )  **DISCHARGING RECEIVER;**
                                       )  **RECEIVER'S FINAL ACCOUNT**
22                                     )  **AND REPORT; DECLARATION OF**
                                       )  **PATRICK A. FRAIOLI, JR.**
23                                     )
                                       )  **DATE:**
24                                     )  **TIME:**
                                       )  **CTRM:  1**
25                                     )
                                       )
26                                     )  **[FILED IN CAMERA]**
                                       )
27  _____)

28

IDOCS:13569.1:891349.1                    1
                  MOTION OF TEMPORARY RECEIVER FOR ORDER

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1  TO THE HONORABLE STEPHEN G. LARSON, UNITED STATES
2  DISTRICT COURT JUDGE;

3      Patrick A. Fraioli, Jr., Temporary Receiver ("Receiver"), hereby moves the
4  Court ex parte for an order approving his final account and report, as set forth below;
5  approving final compensation to the Receiver and the professionals he employed and
6  discharging the Receiver.

7  <u>Receiver's Final Account and Report</u>

8  1.    Patrick A. Fraioli, Jr. was appointed Temporary Receiver for MGA
9      Entertainment, Inc. and MGA Hong Kong ("MGAE") on April 27, 2009.
10      The Receiver was charged to manage, supervise and oversee the assets of
11      MGAE and the Bratz Brand and all Bratz Assets, as those terms were
12      defined in the Order.

13  2.    The Order further directed the Receiver to prepare and provide the Court
14      with a report setting forth his preliminary conclusions, findings and
15      recommendations.

16  3.    Upon his appointment, the Receiver prepared and filed his oath.

17  4.    The Receiver assembled the following team of professionals to assist in
18      his efforts and in order to prepare a preliminary report:

19      a.    Kibel Green, Inc. ("Kibel") – Financial Consultants to Receiver;

20      b.    Reinventures LLC ("Reinventures") – Management Consultant to
21      Receiver;

22      c.    Crowe Horwath LLP ("Crowe") – Forensic Accountants to
23      Receiver;

24      d.    Ervin Cohen & Jessup LLP ("ECJ") – Attorneys for Receiver; and

25      e.    Interco Management Corp. ("Interco") – Field Agent to Receiver.

26  5.    <u>Financial Controls and Safeguards.</u>

27      As a means of supervising cash disbursements, the Receiver instituted a new
28  cash disbursement policy.  Under this policy, the Receiver required his approval for

1  any payment exceeding $25,000, including checks, wire transfers and other

2  disbursements.  In an effort to maintain routine operations, payments of $25,000 or

3  less that were in the ordinary course of business and not made to a related party were

4  allowed to proceed without the approval of the Receiver.

5       Investigation of MGAE financial records and interviews with management

6  revealed a number of payments to MGAE related parties and affiliated entities.  The

7  cash disbursement policy implemented by the Receiver restricted disbursements to

8  related parties in order to better preserve MGAE's cash position.  Pursuant to the

9  disbursement policy, no payments could be made to related parties or affiliated

10  entities (including MGAE subsidiaries) without the approval of the Receiver.  Related

11  parties included Isaac Larian, Jahangir and Shirin Makabi, other relatives of

12  Mr. Larian and 16300 Roscoe Boulevard, LLC and MGA North LLC, owners of

13  MGAE leased properties.

14       Mr. Larian, Mr. Larian's sister and Mr. Makabi's wife are employees of

15  MGAE.  The Receiver authorized the continued payment of salary to these individuals

16  for periods to and including May 18, 2009.  The Receiver also authorized

17  reimbursement of travel expenses in the approximate amount of $125,000, and the

18  payment by MGAE of certain legal fees for Mr. Larian.  The Temporary Receiver

19  authorized a payment of $168,000 to 16300 Roscoe Boulevard, LLC in partial

20  payment of amounts due for May rent.  MGAE leases its Van Nuys corporate

21  headquarters from 16300 Roscoe Boulevard, LLC, a Larian related party. The amount

22  of the payment is in the amount of the corresponding mortgage payments required to

23  be paid by the owner of the property.

24       The Receiver prohibited payments to Omni 808 LLC and Wachovia Bank

25  without his prior authorization.  On or about May 1, 2009, the Receiver authorized a

26  payment in the amount of $94,000 to Wachovia Bank.  No payment was made to

27  OMNI 808 during the Receivership.

28

ERVIN COHEN & JESSUP LLP

**ERVIN COHEN & JESSUP** LLP

1    The Receiver and/or his advisors participated in discussions with MGAE

2    officers in Europe and Hong Kong regarding finance and operations.  During these

3    discussions, the Receiver learned the European offices in Poland, Spain, France,

4    Germany, the Netherlands and the United Kingdom and the office in Hong Kong use a

5    different system for reporting weekly cash flow projections than the system used in

6    the United States.  In order to standardize the system for reporting weekly cash flow

7    projections, the Receiver instructed the European and Hong Kong offices to

8    immediately switch to the reporting system utilized by the United States.  At the

9    direction of the Receiver, the MGAE Corporate Treasury instituted a weekly cash

10    forecast requirement in which each MGAE entity, both within and outside the United

11    States, was required to submit a Cash Flow Forecast with actual current week details

12    and updates for future cash flows, using a uniform template, by the close of business

13    every Friday.

14         6.   <u>MGAE (Mexico)</u>.

15         Upon review of MGAE's operations at its Mexican facility, the Receiver

16    discovered that the monthly cost to operate the facility was approximately $500,000

17    and that the continued operation of the facility was not necessary given MGAE's

18    current level of operations.  Based on these findings and following discussions with

19    members of MGAE management, the Receiver concluded that it was in the best

20    interests of MGAE to cease operations at the Mexican facility as soon as possible,

21    consistent with minimizing the overall cost to MGAE of closing the facility.  Under

22    the direction of Diane Goveia-Gordon, President of Canada, Mexico and Latin

23    America, a plan was prepared for the orderly closure of the Mexican facility.

24    Management's initial plan was delivered to the Receiver on May 5, 2009 and provides

25    for a period of approximately four months to complete the closure.  Ms. Goveia-

26    Gordon advised the Receiver that, given various logistical, contractual and regulatory

27    considerations, it was not feasible to complete the closure prior to September 1, 2009.

28

IDOCS:13569.1:891349.1

4

MOTION OF TEMPORARY RECEIVER FOR ORDER

1   At the time the Receiver was appointed, the Mexican facility had 22 employees.

2   The Receiver agreed with management's suggestion to reduce staffing levels, and,

3   accordingly, ten of the employees were terminated effective April 30, 2009.

4          7.    <u>Communication with Retailers.</u>

5         A preliminary investigation of MGAE's sales, including interviews with

6   management, showed that the following four retailers account for approximately 75%

7   of MGAE's sales worldwide: (1) Target; (2) Wal-Mart; (3) Toys "R" Us; and

8   (4) K-Mart.  Given the significance of these retailers to the well-being of MGAE, the

9   Receiver, with the help of Larry Falcon, Vice-President of Sales at MGAE, contacted

10  all four major retailers in an effort to discuss the current situation and to open a line of

11  communication between MGAE and the retailers during the receivership.  During

12  preliminary conversations, the general concern communicated to the Receiver was

13  twofold: (i) whether MGAE can fulfill previously-placed orders and deliver product as

14  promised; and (ii) whether MGAE will be able to reimburse the retailers for the return

15  of any remaining product as required by the terms of the permanent injunction.

16         8.    <u>Meetings and Other Communications with the MGA Entities, Mattel and</u>

17              <u>Other Interested Parties.</u>

18        The Receiver, directly and through his advisors, established a regular course of

19  meetings and other communications with the MGA entities, Mattel and other

20  interested parties, including:

21
22  ▪   Regular meetings and conversations with MGAE management, including
    establishing a regular dialogue with MGAE management to discuss the
23  implications of the receivership;

24  ▪   Frequent meetings and conversations with Isaac Larian;

25  ▪   Meetings with MGAE's in-house and outside counsel, as well as Mattel's in-
26  house and outside counsel, to discuss the current litigation and each party's
    respective positions;
27

28

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Meetings with OMNI 808 LLC's counsel, Todd Gordinier of Bingham McCutchen LLP, to clarify the elements and nature of the transaction with Wachovia Bank;

- Visits to various MGAE facilities for purposes of investigation and observation, including the Chatsworth showroom and the Redlands warehouse/ distribution center;

- Participation in weekly cash management meetings with MGAE executives;

- Telephonic conferences with representatives from MGAE's European and Asian operations, including Ron Brawer, President of MGAE Europe, and Eric Groenwald, European Finance Director; and

- Responding on a daily basis to numerous inquiries from vendors, creditors and licensees.

9.    Miscellaneous Actions.

The Receiver, directly and through his advisors, also took the following actions:

- The Receiver was added as an additional insured on all relevant MGAE insurance policies;

- On May 5, 2009, pursuant to Section 4(g) of the Court's Order, the Receiver opened a bank account at Torrey Pines Bank in the name of Patrick A. Fraioli Jr., Temporary Receiver, for use in connection with the administration of the receivership estate; and

- The Receiver's advisors conducted a UCC search on "MGA Entertainment," as Debtor, and obtained copies of all UCC financing statements of record as of April 21, 2009.

- Each of the professionals retained by the Receiver, with the exception of Interco, prepared a preliminary report of their actions taken and preliminary conclusions, findings and recommendations, which reports were attached to the Receiver's Preliminary Report and Recommendations, which was filed on May 12, 2009.

- The Receiver prepared and filed his Preliminary Report and Recommendations.

- The Receiver attended the hearing on his Report and Recommendations held on May 18, 2009.

- The Receiver made numerous operational decisions on a daily basis involving all aspects of the MGAE business.

No funds were transferred into the sole control of the Receiver except for $1,050,000.00 which the Receiver had transferred from MGA to pay interim fees to the Receiver and his professionals pursuant to the Court's order.  The detail of the disbursement of those funds is set forth below.

      10.   Approval of Final Compensation to Receiver and Professionals.

Pursuant to the provisions of the Court's order appointing the Receiver, the Receiver prepared notices of intent to pay interim compensation to the Receiver and his professionals.  Copies of those notices are attached hereto as **Exhibit "A"**.[1]  Three (3) notices were prepared and filed during the Receivership.  This Court approved the payment of interim fees and costs.  Funds to pay the fees were transferred from MGAE to the Receiver's account, discussed above, and then disbursed to pay the approved fees and costs.  $97,387 remains in the Receiver's account.

For the period April 27, 2009 through May 14, 2009 the following fees and costs were approved and paid:

| | |
|---|---|
| To the Receiver: | $111,868.76 |
| To Reinventures LLC: | $151,333.75 |
| To Crowe Horwath LLP: | $ 77,215.97 |
| To Ervin Cohen & Jessup LLP: | $414,541.71 |
| To Interco Management Corp.: | $ 33,336.00 |
| To Kibel Green, Inc.: | $164,316.84 |

The following unpaid fees and costs through the termination of the receivership on May 18, 2009 are owed to the Receiver and his professionals:

| | |
|---|---|
| Receiver: | $12,573.00 |
| Reinventures LLC: | $18,700.50 |

---

[1] Pursuant to the Court's instructions all Exhibits have been filed under seal and have not been served on the parties.

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

| | |
|---|---|
| Crowe Horwath LLP: | $ 9,785.50 |
| Ervin Cohen & Jessup LLP: | $38,049.82 |
| Interco Management Corp.: | $ 1,640.00 |
| Kibel Green, Inc.: | $ 6,884.68 |

Attached hereto as **Exhibit "B"** are invoices reflecting the unpaid time and costs incurred by the Receiver and the professionals. The Receiver requests that this Court approve these invoices and authorize the Receiver to pay the invoices from the funds he has in his account. Because those funds are not sufficient, the Receiver requests the Court to order MGAE to pay the shortfall to the Receiver ($2,600.76) so that the invoices can be paid in full.

The Receiver and his counsel (ECJ) also request $12,257.50 in fees representing 45 hours of the Receiver's time ($2,227.50) and 12.1 hours of ECJ time ($6,050.00) for the preparation, service and filing of this Final Account and Report and $1,980.00 for the Receiver and $2,000.00 for ECJ representing an estimated 4 hours each in traveling to and attending the hearing on the Receiver's Final Account and Report.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

1.   The Receiver's Final Account and Report should be approved and settled and the Receiver should be discharged.

As set forth in the Receiver's final account and report above, all of the Receiver's duties have been completed.  Because the Court has terminated the receivership, Fraioli should be discharged from all further duties, liabilities and responsibilities as Receiver herein.

> There is no fixed time for the duration of a receivership…Generally, the receivership does not terminate until the final settlement of the case.  However, it is elementary that a receivership should be terminated as soon as it has accomplished its purpose…As a general rule, whenever the reason or necessity ceases to exist, the Receiver should be discharged.

16 *Fletcher Cyn. Corp.,* Receivers § 7770 (Perm. Ed. 1979).

> A receiver may be discharged on termination of the action, when his account has been settled, his compensation allowed, and the property in his charge turned over to the parties entitled thereto as ordered…an order of the court is necessary for that purpose…an order discharging the receiver operates to end the receivership proceedings.  The end of the controversy in which the receiver was appointed warrants such an order.

55 *Cal. Jur. 3d.,* Receivers, § 84 (1980).

## CONCLUSION

For the reasons set forth above, Fraioli requests that the Court enter its order to:

A.   Approve, confirm, settle and allow the Receiver's final account and report;

ERVIN COHEN & JESSUP LLP

IDOCS:13569.1:891349.1

ERVIN COHEN & JESSUP LLP

1    B.    Approve and ratify the three interim compensation distributions to the
2  Receiver and his professionals as discussed above.
3    C.    Approve final compensation and reimbursement of expenses to Fraioli, as
4  Receiver, and to his professionals as follows:
5        (1)    To Fraioli as Receiver $12,670.26 plus $4,207.50 for the
6  preparation of this final account and report and attending the hearing on same;
7        (2)    To ECJ $38,049.82 plus $8,050.00 for the preparation of this final
8  account and report and attending the hearing on same;
9        (3)    To Reinventures:        $18,700.50
10       (4)    To Crowe Horwath LLP:    $ 9,785.50
11       (5)    To Interco Management Corp:  $ 1,640.00
12       (6)    To Kibel Green:          $ 6,884.68
13   D.    Authorize the Receiver to pay the approved final fees from the funds
14  under his control and order  MGAE  to pay the shortfall of $2,600.76 to the Receiver
15  so the approved final fees can be paid in full;
16   E.    Discharge Fraioli from all further duties, liabilities and responsibilities as
17  Receiver herein, and approve and ratify all of his actions as having been in the best
18  interest of the receivership estate.
19
20                    RESPECTFULLY SUBMITTED,
21  DATED: June 8, 2009          ERVIN COHEN & JESSUP LLP
22                   Peter A. Davidson
23
24              By: _____
25                   PETER A. DAVIDSON
                     Attorneys for Patrick A. Fraioli, Jr.,
26                   Temporary Receiver
27
28

IDOCS:13569.1:891349.1                    10
                    MOTION OF TEMPORARY RECEIVER FOR ORDER

## DECLARATION OF PATRICK A. FRAIOLI, JR.

I, Patrick A. Fraioli, Jr., declare:

I served as the Temporary Receiver in this case. I have personal knowledge of the facts set forth herein and if called as a witness I could and would competently testify thereto.

1.  Attached hereto as **Exhibit "A"** are copies of three notices of intent to pay interim compensation in this case. The Court approved payment of the interim fees and costs reflected in the notices and I have paid the amounts indicated.

2.  Attached hereto as **Exhibit "B"** are copies of the unpaid invoices for fees and costs incurred by me as Receiver and my professionals through the termination of the Receivership on May 18, 2009.

3.  The narrative description of the services I rendered, as Receiver, set forth in the attached final account and report is true and correct.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on June 8, 2009 at Beverly Hills, California.

PATRICK A. FRAIOLI, JR.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and am not a party to the within action. My business address: 9401 Wilshire Blvd., 9th Floor, Beverly Hills, CA 90212-2974.

On **June 19, 2009**, I served the document(s) described as: **EX PARTE MOTION OF TEMPORARY RECEIVER FOR ORDER (1) APPROVING FINAL ACCOUNT AND REPORT; (2) APPROVING FINAL COMPENSATION TO TEMPORARY RECEIVER AND PROFESSIONALS; (3) DISCHARGING RECEIVER; RECEIVER'S FINAL ACCOUNT AND REPORT; DECLARATION OF PATRICK A. FRAIOLI, JR. (WITHOUT EXHIBITS)**, on the interested parties in said action by enclosing the document(s) in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

☒ **BY MAIL:** I caused such envelope(s) with postage thereon, fully prepaid, to be placed in the United States mail. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

☐ **BY FEDERAL EXPRESS/EXPRESS MAIL:** I caused said document(s) to be sent via Federal Express / Express Mail for next business day delivery.

☐ **BY FACSIMILE:** I caused said document(s) to be sent via facsimile.

☐ **BY EMAIL:** I caused said document(s) to be sent via email.

☐ **ELECTRONICALLY MAILED:** Said document(s) were electronically served on the person(s) as indicated on the attached Notice of Electronic Filing.

☐ **BY TELEPHONIC COMMUNICATION:** I telephoned the interested parties and gave notice as indicated in my declaration.

☐ **BY PERSONAL SERVICE:** I caused said document(s) to be delivered to the addressees listed on the attached Service List.

☐ **[State]** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **[Federal]** I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **June 19, 2009**, at Los Angeles, California.

TRISH MELENDEZ

IDOCS:13569.1:883209.1

**SERVICE LIST**

| | |
|---|---|
| Thomas J. Nolan, Esq.<br>Jason D. Russell, Esq.<br>Skadden Arps Slate Meagher & Flom LLP<br>300 S. Grand Avenue, Suite 3400<br>Los Angeles, CA 90071-3144<br>T: 213/687-5000<br>F: 213/687-5600<br>E: tnolan@skadden.com; jrussell@skadden.com | Counsel for Defendants/Counter-Defendants/Appellants, MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian |
| Mark E. Haddad, Esq.<br>Robert A. Holland, Esq.<br>Alycia A. Degen, Esq.<br>Sidley Austin LLP<br>555 West Fifth Street, Suite 4000<br>Los Angeles, CA 90013-1010<br>T: 213/896-6000<br>F: 213/896-6600<br>E: mhaddad@sidley.com;<br>rholland@sidley.com; adegen@sidley.com | Counsel for Defendants/Counter-Defendants/Appellants, MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian |
| John B. Quinn, Esq.<br>Michael T. Zeller, Esq.<br>Jon D. Corey, Esq.<br>Brett Dylan Proctor, Esq.<br>Quinn Emanuel Urquhart Oliver & Hedges LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017-2543<br>T: 213/443-3000<br>F: 213/443-3100<br>E: johnquinn@quinnemanuel.com;<br>michaelzeller@quinnemanuel.com;<br>joncorey@quinnemanuel.com;<br>dylanproctor@quinnemanuel.com | Counsel for Defendant/Appellee, Mattel, Inc. |
| Sanford I. Weisburst, Esq.<br>Quinn Emanuel Urquhart Oliver & Hedges LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>T : 212/849-7170<br>F : 212/849-7100<br>E : sandyweisburst@quinnemanuel.com | Counsel for Defendant/Appellee, Mattel, Inc. |

IDOCS:13569.1:883209.1

1

2  Patricia L. Glaser, Esq.                          Counsel for Counter-Defendant, MGAE De
   Glaser Weil Fink Jacobs and Shapiro               Mexico SRL De Cv
3  10250 Constellation Blvd., 19th Floor
   Los Angeles, CA  90067
4  T: 310/553-3000
   F: 310/556-2920
5  E:  pglaser@glaserweil.com

6
   Russell J. Frackman, Esq.                         Counsel for Counter-Defendant, MGAE De
7  Mitchell Silberberg & Knupp                       Mexico SRL De Cv
   11377 W. Olympic Blvd.
8  Los Angeles, CA  90064-1683
   T:  310/312-3132
9  F:  310/312-3788
   E:  rjf@msk.com
10

11 Peter H. Bonis, Esq.                              Counsel for Plaintiff, Carter Bryant
   Peter H. Bonis Law Offices
12 1990 N. California Blvd., 8th Floor
   Walnut Creek, CA  94596
13 T:  925/287-6428
   E:  phbonis@cs.com
14

15
   Alexander H. Cote, Esq.                           Counsel for Counter-Defendant, Carlos Gustavo
16 Mark E. Overland, Esq.                            Machado Gomez
   David C. Scheper, Esq.
17 Overland Borenstein Scheper & Kim
   601 West Fifth Street, 12th Floor
18 Los Angeles, CA  90071-2025
   T:  213/613-4655
19 F:  213/613-4656
   E:  acote@obsklaw.com;
20 moverland@obsklaw.com;
   dscheper@obsklaw.com
21

22

23

24

25

26

27

28

IDOCS:13569.1:883209.1

| | | |
|---|---|---|
| 1 | Leah Chava Gershon, Esq. | Counsel for Counter-Defendant, Carlos Gustavo Machado Gomez |
| 2 | James W. Spertus Law Offices<br>12100 Wilshire Blvd., Suite 620 | |
| 3 | Los Angeles, CA 90025<br>T: 310/826-4700 | |
| 4 | E: leah@spertuslaw.com | |
| 5 | Linda M. Burrow, Esq. | Counsel for Third Party Defendant, Anne Wang |
| 6 | Caldwell Leslie and Proctor PC<br>1000 Wilshire Blvd., Suite 600 | |
| 7 | Los Angeles, CA 90017<br>T: 213/629-9040 | |
| 8 | F: 213/629-9022<br>E: burrow@caldwell-leslie.com | |
| 9 | | |
| 10 | Todd E. Gordinier, Esq. | Counsel for Limited Intervenor, Omni 808 Investors LLC |
| 11 | Bingham McCutchen<br>600 Anton Blvd., 18th Floor | |
| 12 | Costa Mesa, CA 92626<br>T: 714/830-0600 | |
| 13 | F: 714/830-0700<br>E: todd.gordinier@bingham.com | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

IDOCS:13569.1:883209.1