1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
      Telephone:  (213) 443-3000
6   Facsimile:  (213) 443-3100

7   Attorneys for Mattel, Inc.

8

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11                       EASTERN DIVISION

12  | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| 13 | Plaintiff, | Consolidated with |
| 14 | vs. | Case No. CV 04-09059 and Case No. CV 05-02727 |
| 15 | MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S NOTICE OF MOTION AND [PUBLIC REDACTED] MOTION FOR PRECLUSIVE RELIEF OR, IN THE ALTERNATIVE, ACCESS TO ACTIVE FILES ON THE LARIAN HARD DRIVES; AND |
| 16 | | |
| 17 | Defendant. | |
| 18 | AND CONSOLIDATED ACTIONS | |
| 19 | | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| 20 | | |
| 21 | | [Declaration of Marshall M. Searcy III filed concurrently] |
| 22 | | |
| 23 | | Date:    August 10, 2009 Time:   10:00 a.m. Crtrm.: 1 |
| 24 | | |
| 25 | | **Phase 2** Discovery Cut-off:          Dec. 10, 2009 |
| 26 | | Pre-trial Conference:        Mar. 1, 2010 Trial Date:                      Mar. 23, 2010 |

27

28

07975/2985555.1

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that on August 10, 2009 or as soon thereafter

3  as the matter may be heard, in the courtroom of the Honorable Stephen G. Larson,

4  located at 3470 Twelfth Street, Riverside California, 92501, Mattel, Inc. will, and

5  hereby does, move the Court for preclusive relief or, in the alternative, for access to

6  active files on the hard drives Isaac Larian has been ordered to produce pursuant to

7  Phase 2 Discovery Matter Order No. 34.

8      Mattel makes this motion pursuant to principles of equity and <u>Fed. R.</u>

9  <u>Civ. P.</u> 72(a) on the grounds that the MGA Parties have taken inconsistent positions

10 in this litigation on which the Discovery Master has relied and which have resulted

11 in prejudice to Mattel.

12     This Motion is based on this Notice of Motion, the accompanying

13 Memorandum of Points and Authorities, all other pleadings and papers on file in this

14 action, and all other matters of which this Court may take judicial notice.

15                **Statement of Rule 7-3 Compliance**

16     The parties met and conferred on the underlying motion on March 17,

17 2009 and on occasions thereafter.  By letter dated June 17, 2009, Mattel requested

18 that MGA and Larian meet and confer regarding the present motion.[1]  MGA and

19 Larian did not respond to that letter.

20 DATED: June 24, 2009              QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
21

22                                  By/s. Marshall M. Searcy III
23                                     Marshall M. Searcy III
                                       Attorneys for Mattel, Inc.
24

25  _____

26  [1]  Letter from Marshall Searcy to Amman Khan, dated June 17, 2009, attached

27  to the concurrently filed Declaration of Marshall M. Searcy III ("Searcy Decl.") as
    Exh. 1.
28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS .................................................................................... 3

ARGUMENT ........................................................................................................ 8

I.    MGA IS PRECLUDED FROM ARGUING THAT MATTEL SHOULD HAVE EXAMINED ACTIVE FILES ............................................. 8

    A.    Judicial Estoppel Bars MGA From Arguing That Mattel Should Have Examined Active Files .................................................................. 8

    B.    MGA May Not Rely On Evidence It Has Not Produced ..................... 10

II.   IF MGA IS NOT PRECLUDED FROM ARGUING THAT MATTEL SHOULD HAVE EXAMINED ACTIVE FILES, MATTEL SHOULD BE ALLOWED TO EXAMINE THOSE ACTIVE FILES ............................ 10

    A.    The Discovery Master's Factual Conclusions Regarding Active Files Are Clearly Erroneous, as MGA's Expert Report Makes Clear ................................................................................................... 11

    B.    The Discovery Master's Alternative Grounds for Denying Access to Active Files Are Not Implicated by Access for the Purpose of Analyzing and Recovering Deleted Files ............................................. 13

CONCLUSION ................................................................................................... 15

07975/2985555.1

# TABLE OF AUTHORITIES

**Page**

## Cases

Davis v. Nevarez,
2009 WL 1468705 (D. Idaho, May 22, 2009) ................................................ 10

Hamilton v. State Farm Fire & Cas. Co.,
270 F.3d 778 (9th Cir. 2001) ........................................................................ 8

Humetrix, Inc. v. Gemplus S.C.A.,
268 F.3d 910 (9th Cir. 2001) ........................................................................ 8

Interstate Fire & Cas. Co. v. Underwriters at Lloyd's, London,
139 F.3d 1234 (9th Cir. 1998) ...................................................................... 8

Kern River Gas Transmission Co. v. 6.17 Acres of Land, More or Less, In Salt Lake County, Utah,
156 Fed. Appx. 96 (10th Cir. 2005) ............................................................. 10

New Hampshire v. Maine,
532 U.S. 742 (2001) ...................................................................................... 8

Reilly v. NatWest Markets Group Inc.,
181 F.3d 253 (2d Cir. 1999) ....................................................................... 10

Smith v. Massachussettes,
543 U.S. 462 (2005) ..................................................................................... 11

Yniguez v. Arizona,
939 F.2d 727 (9th Cir. 1991) ........................................................................ 8

## Statutes

Fed. R. Civ. P. 72(a) .................................................................................... 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel brings this motion to prevent MGA from abusing alleged privacy safeguards put in place by the Discovery Master at MGA's urging. The Discovery Master recently ruled, as this Court did in Phase 1, that MGA must produce hard drives from computers used by Isaac Larian to enable Mattel's expert to inspect them for evidence of spoliation, a key Phase 2 issue. But the Discovery Master also ruled, at MGA's urging, that Mattel's expert could not view "active user files" on the hard drives. In Phase 1, MGA took advantage of a similar restriction to criticize the adequacy and accuracy of the investigation by Mattel's expert. It should not be allowed to do so again.

In Phase 1, Mattel's expert conducted an inspection of Larian's hard drives pursuant to a protocol put in place at MGA's insistence that did not permit review of active user files on the drives. MGA's expert then criticized Mattel's expert for *not* looking at those very files, arguing that ███████████████ ████████████████████████████████████████████████████ ███████████████████████████████████[2] When Mattel advised the Discovery Master that the same inspection protocol could not be maintained in Phase 2 given this gamesmanship, MGA argued, inconsistent with its position in Phase 1, that ████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████[3] The Discovery Master accepted that MGA argument. So,

---

[2]   Report on Larian Media Analysis ("MGA Report"), dated July 1, 2008, Searcy Decl., Exh. 2, at 2.

[3]   Opposition to Mattel, Inc.'s Motion to Compel Production of Hard Drives from Computers Used by Isaac Larian after February 27, 2008 ("Opposition"), Searcy Decl., Exh. 17, at 16:11-13 (emphasis added). For the Court's convenience, Mattel has also attached to the Searcy Declaration copies of (1) Mattel's Motion to (footnote continued)

1  as in Phase 1, Mattel's expert may not look at Larian's active, undeleted files to
2  determine whether they contain information that may have been deleted elsewhere.
3  MGA should not be permitted to repeat its tactic of then attacking Mattel's expert
4  for failing to do what it succeeded in barring him from doing.  Confidentiality
5  protections may not be used as a sword and a shield, and they certainly should not
6  be twice abused.

7          To avoid such an abuse, MGA should be precluded from relying on any
8  opinion or raising any argument that Mattel's expert's inspection is deficient because
9  of the limitations imposed by the Discovery Master's inspection protocol.  MGA
10 succeeded in convincing the Discovery Master that review of active files was
11 invasive and unnecessary.  Pursuant to equity and the doctrine of judicial estoppel,
12 MGA should not be able to argue at trial that such review was required for an
13 adequate inspection.  It should not be allowed to rely on evidence it refused to
14 produce.

15         Alternatively, if the Court does not order such preclusion, then the
16 Discovery Master's Order should be modified and Mattel's expert should be granted
17 access to Mr. Larian's user files.  If MGA wishes to criticize Mattel's expert for not
18 looking at active user files, it is only fair that he be given a full opportunity to
19 review them to determine what data they may contain.  Either by precluding MGA
20 or by granting Mattel's expert full access, MGA's misuse of the inspection protocol
21 should be brought to a halt.

22 ―――――――――――

23 Compel Production of Hard Drives from Computers Used by Isaac Larian after
24 February 27, 2008, for Supplemental Inspection Pursuant to Fed. R. Civ. P. 26(e)
   ("Motion") (Searcy Decl., Exh. 16), (2) the Declaration Samuel S. Rubin in Support
25 of the MGA Parties' Opposition to Mattel's Motion (Searcy Decl., Exh. 18), (3)
26 Mattel's Reply in Support of the Motion (Searcy Decl., Exh. 19), and (4) the
   Declaration of Christopher Pavan in Support of Mattel's Reply (Searcy Decl., Exh.
27 20).
28     (footnote continued)

1   **Statement of Facts**

2   <u>The Court Orders Larian to Produce His Hard Drives</u>.  In June 2007,

3   Mattel requested that hard drives from computers used by Larian and Carter Bryant

4   at MGA be produced or made available for inspection.[4]  Larian refused and Mattel

5   moved to compel production of the hard drives.[5]  After the prior Discovery Master

6   denied Mattel's motion,[6] the Court overruled the Discovery Master's order as

7   "clearly erroneous and contrary to law" and compelled MGA and Larian to produce

8   hard drives from Larian's and Bryant's computers.[7]  In particular, the Court held

9   that Mattel was entitled to determine whether evidence on the hard drives had been

10   deleted or destroyed as such spoliation would be "relevant to Mattel's claims,

11   including specific predicate acts alleged in Mattel's RICO counterclaims."[8]

12   Accordingly, the Court ordered production of:

13   All hard drives from, or that were at any time connected

14   to, any computer used by either Isaac Larian or Carter

15

16

17   [4]   Excerpts of Mattel, Inc.'s First Set of Requests for Documents and Things to
18   Isaac Larian Dated June 13, 2007, Searcy Decl., Exh. 3, at Request Nos. 222 and 225
     ("REQUEST FOR PRODUCTION NO. 222: Each STORAGE DEVICE that YOU have
19   used to create, prepare, generate, copy, transmit, receive, delete or modify any DIGITAL
     INFORMATION RELATING TO BRATZ, ANGEL or BRYANT."; "REQUEST FOR
20   PRODUCTION NO. 225:  Each STORAGE DEVICE that BRYANT has used to create,
21   prepare, generate, copy, transmit, receive, delete or modify any DIGITAL
     INFORMATION RELATING TO BRATZ, ANGEL or MGA.").
22   [5]   Mattel Inc.'s Motion to Compel Production of Documents by Isaac Larian and
23   for Award of Monetary Sanctions, dated October 11, 2007, Searcy Decl., Exh. 4.
     [6]   Discovery Master Order Granting in Part and Denying in Part Mattel's Motion
24   to Compel Production of Documents by Isaac Larian; Denying Request for
25   Sanctions, Dated December 31, 2007, Searcy Decl., Exh. 5.
     [7]   Order Granting Mattel, Inc.'s Motion Objecting to Portions of Discovery
26   Master's December 31, 2007 Order Regarding Hard Drives ("February 27, 2008
27   Order"), dated February 27, 2008, Searcy Decl., Exh. 6.
     [8]   <u>Id.</u>
28

1       Bryant at any time from 1999 to the present and that

2       contain or previously contained any digital information

3       referring or relating to Bratz, Angel, MGA or Bryant (as

4       those terms are defined in Mattel's Requests).[9]

5   The Court further ordered that a consultant of Mattel's choosing would be allowed

6   to make forensically sound images of each hard drive and would be permitted to

7   inspect "any and all information on said hard drives"[10] in order to determine:

8       (a) whether, when and by whom any information was

9       deleted, destroyed, written over, lost, exported, moved,

10      spoliated or otherwise rendered inaccessible or unreadable;

11      (b) whether, when and by whom any attempts were made

12      to delete, destroy, write over, export, move, spoliate or

13      otherwise render inaccessible or unreadable any

14      information on those hard drives;  (c) the current or past

15      presence or use of any hardware or software tool to

16      accomplish any of the actions identified above;

17      (d) whether any information deleted, destroyed, written

18      over, lost, exported, moved, spoliated or otherwise

19      rendered inaccessible or unreadable may be recovered; and

20      (e) to recover any such information, in whole or in part.[11]

21      MGA Demands An Inspection Protocol.  After four months of delays

22  and repeated demands by Mattel, MGA and Larian finally made hard drives

23

24

25  _____

26  [9]  Id.

27  [10]  Id.

28  [11]  Id.

1  responsive to Mattel's requests available for inspection and imaging.[12]  Mattel's

2  expert, but not Mattel, was allowed access to the drives.[13]  As part of the inspection

3  protocol, MGA insisted that Mattel's expert "not access the user generated content of

4  any active file that exists on the hard drives," a demand which Mattel opposed and

5  acceded to only because the inspection was set to occur shortly before trial.[14] ████

6  ████████████████████████████████████████████████████████████████████████

7  ███████████████████████████████████[15] but Mattel's expert nonetheless

8  complied with the terms of the protocol and did not examine the content of any

9  active files on the drives.[16]

10       MGA's Expert Criticizes Mattel's Expert For Complying With The

11  Protocol It Demanded.  Though Mattel's inspection was limited by the restrictions

12  MGA insisted on, MGA's subsequent rebuttal expert report used those very

13  limitation to disparage the analysis of Mattel's expert, attacking his conclusions

14  because he did not examine the content of active files, the very files MGA barred

15  him from inspecting.  MGA's rebuttal report claimed that ████████████████

16  ████████████████████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████████████████████

18

---

19  [12]  Searcy Decl., ¶ 7. ████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████████████████

21  ████ Preliminary Examination Report, Larian Hard Drives & USB Drive
   ("Mattel Report"), by Christopher Pavan, Dated June 24, 2008, at 15, Searcy Decl.,
22  Exh. 7.
   [13]  Letter from John Corey to Lance Etcheverry, dated April 22, 2008, Searcy
23  Decl., Exh. 8.
   [14]  Id. at ¶ 6. ████████████████████████████████████████
24  ████████████████████████████████████████████ Deposition of Christopher Pavan, dated
25  June 26, 2008, Searcy Decl., Exh. 9, at 23:13-24:22.
   [15]  Mattel Report, Searcy Decl., Exh. 7, at 1.
26  [16]  Id. ████████████████████████████████████████████████████████
27  ████████████████████████████).

28



1  ██████████████████████[17]  MGA's report went on to conclude that ██████

2  ████████████████████████████████████████████████████████████

3  ██████████████████████  Because Mattel's expert had not been permitted to

4  examine the content of active files, Mattel ability to effectively answer such charges

5  was impeded.[18]

6       <u>The Discovery Master Orders Larian to Supplement His Production of</u>

7  <u>Hard Drives</u>.  In March 2009, Mattel requested that Larian supplement his

8  June 2008 production of hard drives and allow inspection of any hard drives he had

9  used since the June 2008 inspection.  In response, Larian claimed he had complied

10  with the Court's February 27, 2008 Order by producing hard drives used "up to and

11  including February 27, 2008" and refused to produce any additional hard drives.[19]

12  Mattel moved to compel Larian to supplement his earlier production of hard drives,

13  specifically requesting access to active files so that its expert could conduct a full

14  and thorough forensic analysis of deletion and spoliation.

15       Contradicting the statements in MGA's earlier rebuttal report, MGA's

16  Opposition claimed that █████████████████████████████████████████

17  ██████████████████████████████████████████████████████

18  ███████████████████████████████████████[20]   The Discovery

19  Master found that hard drives used by Larian since February 27, 2008 relate to

20  Phase 2 issues[21] and that <u>Rule 26</u> requires Larian to supplement his earlier

21

22

---

23  [17]  MGA Report, Searcy Decl., Exh. 2, at 2 (emphasis provided).

[18]  Mattel did not call its expert, Mr. Pavan, to testify at the Phase 1 trial.

24  [19]  Letter from Amman Khan to Jon Corey, dated March 25, 2009, Searcy Decl.,

25  Exh. 10; Letter from Amman Khan to Marshall Searcy, dated March 31, 2009, Searcy Decl., Exh. 11.

26  [20]  Opposition, Searcy Decl., Exh. 17, at 16:11-13.

[21]  Phase 2 Discovery Matter Order No. 34 ("Order No. 34"), Searcy Decl.,

27  Exh. 12 at 11-12.

28

1  production.[22] But, adopting MGA's claim that active files and deleted files are

2  unrelated, he denied Mattel's request for access to active files.[23]

3    Lest there be any doubt about MGA's intentions, MGA has already

4  indicated its intent to renew is unfair criticisms of Mattel's expert's analyses. In its

5  opposition, even while arguing that ███████████████████████████████████████

6  ███, MGA again criticized Mattel's expert for not examining active files on Larian's

7  hard drives. Quoting from its rebuttal report, MGA claimed that ███████████████

8  ████████████████████████████████████████████████████████████[24] and

9  argued that, █████████████████████████████████████████████████████████

10 █████████████████████████████████████████████[25]

11   <u>Mattel Attempts to Meet and Confer</u>. Two days after the Discovery

12 Master issued Order No. 34, the Court stayed discovery through June 12, 2009.[26]

13 On June 17, Mattel sent a letter to MGA asking to meet and confer regarding active

14 files on Larian's hard drives.[27] In light of MGA's statement in its Opposition that

15 █████████████████████████████████████████████ Mattel asked MGA to

16 stipulate that it would not assert that Mattel's expert failed to conduct a thorough

17 review because he did not examine whether deleted files exist as active files.[28]

18 MGA did not respond to Mattel's letter.

19

20

21 [22] <u>Id.</u> at 6, 8.
   [23] <u>Id.</u> at 8-11.

22 [24] Opposition, Searcy Decl., Exh. 17, at 9:3.
   [25] Opposition, Searcy Decl., Exh. 17, at 9:1-5.

23 [26] Order Imposing Limited and Temporary Stay of Phase 2 and Requiring

24 Mandatory Settlement Conference, dated May 21, 2009, Searcy Decl., Exh. 13, at

25 14.
   [27] Letter from Marshall Searcy to Amman Khan, dated June 17, 2009, Searcy

26 Decl., Exh. 1.

27 [28] <u>Id.</u> at 2.

28

1  **Argument**

2  I.  **MGA IS PRECLUDED FROM ARGUING THAT MATTEL SHOULD**

3  **HAVE EXAMINED ACTIVE FILES**

4  A.  **Judicial Estoppel Bars MGA From Arguing That Mattel Should**

5  **Have Examined Active Files**

6  Pursuant to general principles of equity, and under the equitable

7  doctrine of judicial estoppel, MGA is precluded from arguing (1) that active files are

8  relevant to forensic analysis of deletion and spoliation and (2) that any analysis

9  conducted by Mattel's expert is incomplete or otherwise flawed for failing to

10  examine active files.  It would be unfair to permit MGA to use the shield it has

11  demanded as a sword against Mattel.

12  Judicial estoppel precludes parties from taking inconsistent positions in

13  the same litigation.  Interstate Fire & Cas. Co. v. Underwriters at Lloyd's, London,

14  139 F.3d 1234, 1239 (9th Cir. 1998).  "The doctrine is commonly applied to bar a

15  party from making a factual assertion in a legal proceeding which directly

16  contradicts an earlier assertion made in the same proceeding."  Humetrix, Inc. v.

17  Gemplus S.C.A., 268 F.3d 910, 917 (9th Cir. 2001) (quoting Yniguez v. Arizona,

18  939 F.2d 727, 738 (9th Cir. 1991)).  "[A] court invokes judicial estoppel not only to

19  prevent a party from gaining an advantage by taking inconsistent positions, but also

20  because of general considerations of the orderly administration of justice and regard

21  for the dignity of judicial proceedings, and to protect against a litigant playing fast

22  and loose with the courts."  Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778,

23  782 (9th Cir. 2001) (internal quotes and citations omitted).

24  The Supreme Court has articulated three factors that inform the

25  decision to invoke judicial estoppel: (1) whether the two positions are "clearly

26  inconsistent," (2) whether the party was successful in asserting the earlier position,

27  and (3) whether the party seeking to assert the position would derive an unfair

28  advantage or impose an unfair detriment on the opposing party.  New Hampshire v.

-8-

1  <u>Maine</u>, 532 U.S. 742, 750-51 (2001).  All three factors weigh in favor of preclusive

2  relief for Mattel.

3  　　　　First, any assertion that Mattel's expert should have considered the

4  contents of active files would be clearly inconsistent with MGA's assertion that

5  ████████████████████████████████████████████████████████████████

6  ████████████████████████████████████████[29]  If an examination of active

7  files is part of a thorough forensic analysis of spoliation, as MGA and its expert

8  have claimed, then it is clearly not the case that ██████████████████████

9  ██████████████  as MGA urged in persuading the Discovery Master to maintain

10  the restrictive protocol.

11  　　　　Second, MGA was successful in its earlier, inconsistent stance.  The

12  Discovery Master made it clear that he had accepted MGA's position that active

13  files and deleted files are unrelated: "[b]y definition, an active file is one that is still

14  in existence.  Conversely, a file that has been destroyed is not accessible unless it

15  can somehow be recovered."[30]  This language is strikingly similar to the language

16  used by MGA in its Opposition.  ████████████████████████████████

17  ████████████████████████████████████████████████████████████

18  ████████████████████████████████[31]

19  　　　　Finally, if MGA is once again allowed to argue that Mattel should have

20  examined the active files it barred them from viewing, MGA will derive an unfair

21  benefit and Mattel will suffer unfair prejudice.  The attack on Mattel's expert is itself

22  fundamentally unfair.  And because of the limitations of the protocol set by the

23  Discovery Master, Mattel would not have a way to contest the reliability, accuracy

24  or veracity of MGA's criticisms.  To prevent further unfair advantage to MGA and

25  _____

26  [29]  Opposition, Searcy Decl., Exh. 17, at 16:11-13.

27  [30]  Order No. 34, Searcy Decl., Exh. 12, at 10:7-9.
    [31]  Opposition, Searcy Decl., Exh. 17, at 8:2-5.

28

07975/2985555.1

1 | unfair prejudice to Mattel, MGA should be estopped from using active files, or
2 | Mattel's failure to examine them, as a basis for attacking or answering the findings
3 | of Mattel's expert.

4 |         **B.**    **MGA May Not Rely On Evidence It Has Not Produced**

5 |         Principles of fairness dictate that MGA may not rely on evidence that it
6 | has failed or refused to produce.  Courts preclude the use of evidence a party has
7 | failed to produce in order to level the playing field and to prevent prejudice to the
8 | party without access to the evidence.  See, e.g., Kern River Gas Transmission Co. v.
9 | 6.17 Acres of Land, More or Less, In Salt Lake County, Utah, 156 Fed. Appx. 96,
10 | 103 (10th Cir. 2005) (affirming order precluding the use of any expert evidence not
11 | produced during discovery); Reilly v. NatWest Markets Group Inc., 181 F.3d 253,
12 | 269 (affirming order precluding testimony of two fact witnesses because they had
13 | not been produced for deposition); Davis v. Nevarez, 2009 WL 1468705 at *5 (D.
14 | Idaho, May 22, 2009) (defendant precluded from offering testimony at trial as to any
15 | matter for which defendant failed to produce discovery).  Because MGA has refused
16 | to produce active files on Larian's hard drives, Mattel has been unable to test the
17 | reliability, accuracy and veracity of the claims MGA has based on the contents of
18 | those files.  Allowing MGA to make claims based on material it has not produced,
19 | and to which Mattel has no access, would subject Mattel to unfair prejudice.

20 | II.    **IF MGA IS NOT PRECLUDED FROM ARGUING THAT MATTEL**
21 |        **SHOULD HAVE EXAMINED ACTIVE FILES, MATTEL SHOULD BE**
22 |        **ALLOWED TO EXAMINE THOSE ACTIVE FILES**

23 |         If MGA is permitted to argue, to Mattel's prejudice, that Mattel's expert
24 | should have examined active files, then Order No. 34 should be overruled to the
25 | extent it denies Mattel's request for access to those files.  Under the Stipulation for
26 | Appointment of a Discovery Master, the Discovery Master's orders are to be treated
27 |
28 |

1  as rulings made by a magistrate,[32] and thus should be overruled when they are
2  clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).[33]  Here, MGA's prior
3  litigation conduct demonstrates that the Discovery Master's conclusion that active
4  files and deleted files are unrelated is clearly erroneous.  Discover Matter Order
5  No. 34 should be overruled to the extent that it denies Mattel access to active files
6  on Larian's hard drives.

### A.  The Discovery Master's Factual Conclusions Regarding Active Files Are Clearly Erroneous, as MGA's Expert Report Makes Clear

10          In denying Mattel's request for access to active files, the Discovery
11  Master emphasized that active and deleted files are unrelated and that examination
12  of active files is not relevant to deletion or spoliation.[34]  Based on this distinction,
13  the Discovery Master concluded that examination of active files is not related to "the
14  inspection permitted by the court relating to *deleted files*."[35]

15          Not so, according to MGA and its expert.



------

20  [32]   Stipulation for Appointment of a Discovery Master, December 6, 2006,
21  Searcy Decl., Exh. 14, at ¶ 6.
        [33]   The Court also has inherent power to reconsider and modify interlocutory
22  orders prior to the entry of judgment.  Smith v. Massachussettes, 543 U.S. 462, 475
23  (2005).
        [34]   Order No. 34, Searcy Decl., Exh. 12, at 10:7-9.
24  [35]   Id. at 10:6-7.
25  [36]   See MGA Report, Searcy Decl., Exh. 2, at 8 (
26                                                                                ).
27  [37]   Id. at 2.

28

1 ████████████████████████████████████████████████████

2 ████████████████████████████████████████ ██[38]  MGA

3 convinced the Discovery Master to adopt a position which it had previously

4 claimed, with evidence Mattel effectively could not challenge, was so clearly

5 erroneous that Mattel's expert investigation was dismissed as ████████

6 ████████████████████████ ██[39]  In light of MGA's arguments, treating

7 active files as irrelevant to spoliation is clearly erroneous.

8          Likewise, the Discovery Master's conclusion that access to active files

9 is "not within the scope of the inspection authorized by the Court" is also clearly

10 erroneous.[40]  The Court's February 27, 2008 Order permits Mattel:

11          the right to inspect any and all information on [the Larian

12          hard drives] to determine: (a) whether . . . any information

13          was deleted, destroyed, written over, lost, exported,

14          moved, spoliated or otherwise rendered inaccessible or

15          unreadable; . . . (d) whether . . . any information deleted,

16          destroyed, written over, lost, exported, moved, spoliated or

17          otherwise rendered inaccessible or unreadable may be

18          recovered; and (e) to recover any such information, in

19          whole or in part.[41]

20 As stated in MGA's own previous report, access to active files is necessary to

21 analyze whether information has been "deleted" or "moved."  Access to active files

22 is also necessary to determine whether deleted information "may be recovered" and,

23

24

25  [38]  Id. at 8.

26  [39]  Id. at 2.

27  [40]  Order No. 34, Searcy Decl., Exh. 12, at 10:11.
    [41]  February 27, 2008 Order, Searcy Decl., Exh. 6, at 3.

28

07975/2985555.1

1   if so, to recovery of such information.  All of these activities are explicitly allowed

2   by the February 27, 2008 Order.

3       B.      **The Discovery Master's Alternative Grounds for Denying Access to**

4               **Active Files Are Not Implicated by Access for the Purpose of**

5               **Analyzing and Recovering Deleted Files**

6               In addition to denying Mattel access to active files based on the

7   erroneous contention that active files are not within the scope of the February 27,

8   2008 Order, the Discovery Master also denied access to Mattel because he

9   concluded that (1) there has been no showing that the active files are relevant to

10  Phase 2 issues, (2) Mattel does not have the right to "rifle through Larian's electronic

11  files looking for unspecified information," and (3) allowing Mattel access to active

12  files would allow it to discover attorney-client privileged information.[42]  None of

13  these reasons, however, is implicated by access to active files for the purpose of

14  analyzing and recovering deleted files.  First, as the Court recognized in issuing its

15  February 27, 2008 Order, "[d]estruction of electronic evidence on hard drives is

16  relevant to Mattel's claims, including specific predicate acts alleged in Mattel's

17  RICO counterclaims."[43]  In fact, as part of its RICO counterclaims, Mattel has

18  specifically alleged that evidence on Larian's hard drives was intentionally

19  destroyed.[44]  Because active files are relevant to forensic analysis of destruction of

20

21  _____

22      [42]  Order No. 34, Searcy Decl., Exh. 12, at 10-11.

23      [43]  February 27, 2008 Order, Searcy Decl., Exh. 6, at 2:12-14.
        [44]  Mattel, Inc.'s Third Amended Answer and Counterclaims, Searcy Decl.,

24  Exh. 15, at ¶ 141(c) (the MGA Parties and Larian "did corruptly alter, destroy,

25  mutilate, or conceal more than one record, document, or other object, or attempted
    to do so, with the intent to impair the object's integrity or availability for use in an

26  official proceeding, including this action, including without limitation by . . .

27  destroying electronic and other evidence, including by destroying evidence
    previously contained on . . .  Isaac Larian's hard drives . . .").

28

1    electronic evidence, they are relevant to the Phase 2 issue of spoliation as alleged in
2    Mattel's RICO counterclaims.

3          Second, Mattel is not asking to "rifle through Larian's electronic files
4    looking for unspecified information." Rather, Mattel is asking for access, granted to
5    an outside expert, for the specific and limited purpose of determining whether
6    intentionally deleted files exist as active files in other locations on the Larian hard
7    drives.  Such limited and targeted access does not implicate any concerns raised by
8    "rifling" of electronic files.

9          Finally, access to active files to prove deletion or spoliation would not
10   allow Mattel improper access to attorney-client privileged information.  As before,
11   Mattel will agree that, following the inspection, its expert will provide MGA with
12   print outs of any user-generated files identified in the inspection so that MGA may
13   identify privileged documents, if any, and prepare a privilege log.[45]  Any files that
14   are subject to attorney-client privilege may thus be appropriately logged and the
15   contents withheld.

16
17
18
19
20
21
22
23
24
25
26

27   [45]   See Letter from John Corey to Lance Etcheverry, dated April 22, 2008,
     Searcy Decl., Exh. 8, at ¶¶ 5(c) and 6(c).
28

1

## Conclusion

2          For the foregoing reasons, Mattel respectfully requests that MGA be

3    precluded from making any argument based on, or introducing any evidence of,

4    Mattel's non-examination of active files.  In the alternative, Mattel requests that it

5    be allowed to view active files as part of its forensic analysis of Larian's hard drives.

6

7    DATED:      June 24, 2009          QUINN EMANUEL URQUHART
                                        OLIVER & HEDGES, LLP
8

9
                                        By /s/ Marshall M. Searcy III
10                                         Marshall M. Searcy III
                                           Attorneys for Mattel, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                                  .

27

28

07975/2985555.1

-15-