# Exhibit 1

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3152**

WRITER'S INTERNET ADDRESS
**marshallsearcy@quinnemanuel.com**

June 17, 2009

**VIA FACSIMILE AND U.S. MAIL**

Amman A. Khan, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, California 90067

Re:    Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Counsel:

I write in regard to the upcoming forensic examination of hard drives used by Isaac Larian since February 2008.

First, we ask that you please provide us with the date on which these hard drives will be made available for inspection.

Second, in advance of the inspection, we seek clarification of MGA's position on active user files. MGA has urged that Mattel's expert should not be allowed to review active user files because examination of such files is unnecessary. For example, in its opposition to Mattel's Motion to Compel Production of Hard Drives from Computers Used by Isaac Larian After February 28, 2008, MGA represented to the Discovery Master that "Mr. Larian's 'active' user generated files have nothing to do with any purported spoliation because such files have not been deleted." (Opposition at 16.)

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY  10010 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA  94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA  94065 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 224 South Wacker Drive, Suite 230, Chicago, IL  60606 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

EXHIBIT 1
PAGE 4

Based upon these and other MGA representations, Mattel assumes that the MGA parties will stipulate that they will **not** assert--as they did previously--that Mattel's expert has failed to conduct a thorough review of Mr. Larian's hard drives because he did not examine whether deleted files exist as active user files. If MGA does intend to pursue this line of argument, please let us know immediately so that we can confer on a potential Mattel motion seeking: (1) appropiate preclusive relief in advance of the experts' reports on this issue; or in the alternative (2) to compel production of active user files.

I look forward to hearing from you.

Best regards,

/s/ Marshall Searcy

Marshall M. Searcy III

MMS:TMR
07975/2950717.1

EXHIBIT __1__
PAGE __5__

# Exhibit 2
# Filed Under Seal Pursuant to Protective Order

# Exhibit 3

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
   (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
   (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
   (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| v. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO ISAAC LARIAN |
| Defendant. | |
| AND CONSOLIDATED CASES. | |

EXHIBIT 3
PAGE 28

C4 | B | c 7

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel,

2 Inc. hereby requests that defendant Isaac Larian ("Larian") respond to these

3 document requests ("Requests") and make available for inspection and copying

4 originals of the following documents within 30 days of service at the offices of

5 Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

6 floor, Los Angeles, CA 90017.  Larian shall be obligated to supplement the

7 responses to these Requests at such times and to the extent required by Rule 26(e) of

8 the Federal Rules of Civil Procedure.

9

10 **I.    DEFINITIONS**

11

12    For purposes of these Requests, the following definitions apply:

13    A.    "YOU," "YOUR" and "LARIAN" mean Isaac Larian and any

14 individual or entity acting directly or indirectly by, through, under or on behalf of

15 Isaac Larian, including but not limited to current or former directors, officers,

16 agents, attorneys, employees, partners, joint venturers, contractors, accountants, or

17 representatives of Isaac Larian or any entity under the control or direction of Isaac

18 Larian (including but not limited to MGA), and any corporation, partnership,

19 association, trust, predecessor-in-interest and successor-in-interest, and any other

20 PERSON acting on behalf of Isaac Larian or pursuant to his authority or subject to

21 his control.

22    B.    "MGA" means MGA Entertainment, Inc. and all current or

23 former directors, officers, employees, agents, contractors, attorneys, accountants,

24 representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

25 successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

26 authority or subject to its control.

27    C.    "MATTEL" means Mattel, Inc. and all current or former

28 directors, officers, employees, agents, contractors, attorneys, accountants,

07209/2142932.1

EXHIBIT __3__

PAGE __29__

-2-

1 representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and
2 successors-in-interest, and any other PERSON acting on its behalf, pursuant to its
3 authority or subject to its control.

4          D.     "BRYANT" means Carter Bryant, any of his current or former
5 agents, representatives, attorneys, employees, partners, joint venturers,
6 predecessors-in-interest and successors-in-interest, and any other PERSON acting
7 on his behalf, pursuant to his authority or subject to his control. For purposes of
8 these Requests, "MGA" and "LARIAN" do not include "BRYANT."

9          E.     "DOCUMENT" or "DOCUMENTS" means all "writings" and
10 "recordings" as those terms are defined in Rule 1001 of the Federal Rules of
11 Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all
12 writings, including but not limited to handwriting, typewriting, printing, image,
13 photograph, photocopy, digital file of any kind, transmittal by (or as an attachment
14 to) electronic mail (including instant messages and text messages) or facsimile,
15 video and audio recordings, and every other means of recording upon any tangible
16 thing, any form of communication or representation, and any record thereby created,
17 regardless of the manner in which the record has been stored, and all non-identical
18 copies of such DOCUMENTS, in the possession, custody, or control of YOU,
19 YOUR counsel, or any other PERSON acting on YOUR behalf.

20          F.     "COMMUNICATION," in the plural as well as the singular,
21 means any transmittal and/or receipt of information, whether such was oral or
22 written, and whether such was by chance, prearranged, formal or informal, and
23 specifically includes, but is not limited to, conversations in person, telephone
24 conversations, electronic mail (including instant messages and text messages),
25 voicemail, letters, memoranda, statements, media releases, magazine and newspaper
26 articles, and video and audio transmissions.

27          G.     "DESIGN" or "DESIGNS" means any and all representations,
28 whether two-dimensional or three-dimensional, and whether in tangible, digital,

07209/2142932.1

EXHIBIT __3__
PAGE __30__

-3-

1  electronic or other form, including but not limited to all works, designs, artwork,
2  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
3  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
4  practice, developments, concepts, ideas, inventions and/or improvements, as well as
5  all other items, things and DOCUMENTS in which any of the foregoing are or have
6  been expressed, embodied, contained, fixed or reflected in any manner, whether in
7  whole or in part.

8        H.     "BRATZ" means any project, product, doll or DESIGN or any
9  portion thereof ever known by that name, that is now or has ever been known as, or
10 sold or marketed under, the name or term "Bratz" or that is now or has ever been
11 sold or marketed as part of the "Bratz" line, including without limitation all
12 prototypes, models, samples and versions thereof. As used herein, "products, dolls
13 or DESIGNS or any portion thereof" also includes without limitation any names,
14 fashions, accessories, artwork, packaging or any other works, materials, matters or
15 items included or associated therewith. Without limiting the generality of the
16 foregoing, "BRATZ" includes any such project, product, doll or DESIGN,
17 regardless of what any such project, product, doll or DESIGN has in fact been
18 called, and regardless of what any such project, product, doll or DESIGN is or has
19 been also, previously or subsequently called. Also without limiting the generality of
20 the foregoing, and contrary to MGA's recent assertions in connection with other
21 Mattel discovery requests, the term "BRATZ" does not require that there be a doll
22 existing at the time of the event, incident or occurrence that is the subject of, or
23 otherwise relevant or responsive to, the Requests herein.

24       I.     "ANGEL" refers to those projects, products, dolls or DESIGNS
25 or any portion thereof, sometimes called "Angel Faces" and/or "Prayer Angels," that
26 MGA has claimed are the subject of MGA000706-08, MGA000710-12,
27 MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734, including
28 without limitation all prototypes, models, samples and versions thereof. As used

EXHIBIT __3__

PAGE __31__

-4-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  herein, "products, dolls or DESIGNS or any portion thereof" also includes without

2  limitation any names, fashions, accessories, artwork, packaging or any other works,

3  materials, matters or items included or associated therewith. Without limiting the

4  generality of the foregoing, "ANGEL" includes any such project, product, doll or

5  DESIGN, regardless of what any such project, product, doll or DESIGN has in fact

6  been called, and regardless of what any such project, product, doll or DESIGN is or

7  has been also, previously or subsequently called. Also without limiting the

8  generality of the foregoing, and contrary to MGA's recent assertions in connection

9  with other Mattel discovery requests, the term "ANGEL" does not require that there

10  be a doll existing at the time of the event, incident or occurrence that is the subject

11  of, or otherwise relevant or responsive to, the Requests herein.

12         J.    "AFFILIATES" means any and all corporations, proprietorships,

13  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

14  indirectly, in whole or in part, own or control, are under common ownership or

15  control with, or are owned or controlled by a PERSON, party or entity, including

16  without limitation each parent, subsidiary and joint venture of such PERSON, party

17  or entity.

18         K.    "IDENTIFY" or "IDENTITY" means the following:

19         (a)    With reference to an individual, means such individual's

20  name, current or last known business title, current or last known business affiliation,

21  current or last known relationship to YOU, current or last known residential and

22  business address, and current or last known telephone number.

23         (b)    With reference to an entity or governmental organization,

24  means such entity's or organization's name, present or last-known address, and

25  present or last-known telephone number and the IDENTITY of each individual who

26  has served or participated as a contact for or on behalf of such entity or organization.

27         (c)    With reference to an account with a bank or financial

28  institution, means the name and address of the bank or financial institution, the

EXHIBIT __3__

PAGE __32__

-5-

1 | account number(s) for or otherwise associated with such account and the name of

2 | each holder, including without limitation each beneficial holder, of each such

3 | account.

4 | (d) With reference to a STORAGE DEVICE, means the

5 | manufacturer name, brand, model name and number, serial number and all other

6 | manufacturer identifiers, and the technical specifications and capacities of such

7 | STORAGE DEVICE.

8 | L. "ACTION" means this action now consolidated under Case No.

9 | 04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v. Bryant, first

10 | filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA

11 | Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses

12 | therein.

13 | M. "DIGITAL INFORMATION" means any information created or

14 | stored digitally, including but not limited to electronically, magnetically or optically.

15 | N. "STORAGE DEVICE" means any computer hard drive,

16 | memory, USB device, tape, storage array or any other device or medium that allows

17 | a user, whether permanently, temporarily or otherwise, to create, generate, prepare,

18 | transmit, copy, retain, store or maintain DIGITAL INFORMATION.

19 | O. "FAMILY MEMBER" means any PERSON who at any time is,

20 | was or has been a parent, spouse, or child of another PERSON.

21 | P. "RELATING," "RELATING TO," "REFERRING OR

22 | RELATING TO," or "REFER OR RELATE TO" means any and all of the following

23 | terms and their synonyms: refer to, discuss, constitute, evidence, pertain to,

24 | mention, support, contradict, negate, bear on, touch on, contain, embody, reflect,

25 | identify, state, deal with, concern, comment on, summarize, respond to, relate to, or

26 | describe.

27 | Q. "PERSON," in the plural as well as the singular, means any

28 | natural person, association, partnership, corporation, joint venture, government

EXHIBIT __3__

PAGE __33__

1  entity, organization, trust, institution, proprietorship, or any other entity recognized

2  as having an existence under the laws in the United States or any other nation.

3         R.     "BRATZ PRODUCT" means any product, whether two-

4  dimensional or three-dimensional, and whether in tangible, digital, electronic or

5  other form: (i) that is or has ever been distributed, marketed or sold under the name

6  "Bratz" or as part of the "Bratz" line; (ii) that depicts, incorporates, embodies,

7  consists of or REFERS OR RELATES TO BRATZ; and/or (iii) that is or has ever

8  been distributed, marketed or sold in any packaging that includes the name "Bratz"

9  or depicts, incorporates, embodies, consists of or REFERS OR RELATES TO

10  BRATZ.

11         S.     "BRATZ DOLL" means any doll that is or has ever been

12  distributed, marketed, sold or offered for sale under the name "Bratz" or as part of

13  the "Bratz" line.

14         T.     "BRATZ MOVIE" means any motion picture or film that

15  depicts, incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ

16  or any BRATZ DESIGN.

17         U.     "BRATZ TELEVISION SHOW" means any production

18  exhibited on television that depicts, incorporates, embodies, consists of or REFERS

19  OR RELATES TO BRATZ or any BRATZ DESIGN.

20         V.     "DIVA STARZ" means any project, product, doll or DESIGN or

21  any portion thereof ever known by that name, that is now or has ever been known

22  as, or sold or marketed under, the name or term "DIVA STARZ" or that is now or

23  has ever been sold or marketed as part of the "DIVA STARZ" line, including

24  without limitation "Chat Girls," "Brats," and "Chat Brats," and including without

25  limitation all prototypes, models, samples and versions thereof. As used herein,

26  "products, dolls or DESIGNS or any portion thereof" also includes without

27  limitation any names, fashions, accessories, artwork, packaging or any other works,

28  materials, matters or items included or associated therewith. Without limiting the

EXHIBIT __3__

PAGE __34__

1 generality of the foregoing, "DIVA STARZ" includes any such project, product, doll

2 or DESIGN, regardless of what any such project, product, doll or DESIGN has in

3 fact been called, and regardless of what any such project, product, doll or DESIGN

4 is or has been also, previously or subsequently called. Also without limiting the

5 generality of the foregoing, and contrary to MGA's recent assertions in connection

6 with other Mattel discovery requests, the term "DIVA STARZ" does not require that

7 there be a doll existing at the time of the event, incident or occurrence that is the

8 subject of, or otherwise relevant or responsive to, the Requests herein.

9         W.    The singular form of a noun or pronoun includes within its

10 meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of

11 the masculine form of a pronoun also includes within its meaning the feminine form

12 of the pronoun so used, and *vice versa*; the use of any tense of any verb includes

13 also within its meaning all other tenses of the verb so used, whenever such

14 construction results in a broader request for information; and "and" includes "or"

15 and *vice versa*, whenever such construction results in a broader disclosure of

16 documents or information

17

18 **II.**   **INSTRUCTIONS**

19

20         A.    YOU are to produce all requested DOCUMENTS in YOUR

21 possession, custody or control.

22         B.    If YOU contend that YOU are not required to produce certain

23 DOCUMENTS called for by these Requests on the grounds of a privilege or

24 protection that YOU are not prepared to waive, identify each such DOCUMENT

25 and provide the following information:

26         1.    the date and type of the DOCUMENT, the author(s) and

27                all recipients;

28

2.      the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;

3.      the title and subject matter of the DOCUMENT;

4.      any additional facts on which YOU base YOUR claim of privilege or protection; and

5.      the identity of the current custodian of the original of the DOCUMENT.

C.      DOCUMENTS shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

D.      The DOCUMENTS should be produced in their complete and unaltered form. Attachments to DOCUMENTS should not be removed. The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance. If emails are produced that had attachments, the attachments shall be attached when produced.

E.      DOCUMENTS in electronic form shall be produced in that form.

F.      In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

1.      the date and type of the DOCUMENT, the author(s) and all recipients;

2.      the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;

3.      the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

4.      the PERSONS who were authorized to carry out such destruction or discard;

07209/2142932.1

EXHIBIT **3**
PAGE **36**

-9-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

5. the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and

6. whether any copies of the document exist and, if so, the name of the custodian of each copy.

## III.  REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS prepared, drafted, written, transmitted or received (whether in whole or in part) prior to December 31, 2001 RELATING TO BRATZ.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS RELATING TO BRATZ and RELATING TO any time prior to December 31, 2001 (regardless of when such DOCUMENT was prepared, written, transmitted or received, whether in whole or in part).

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS RELATING TO the origin(s), conception and creation of BRATZ, including without limitation all DOCUMENTS RELATING TO the timing and the method and manner in which BRATZ first came to YOUR or MGA's attention.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS RELATING TO the modeling, prototyping, rotocasting, sculpting or DESIGN of BRATZ at any time prior to June 30, 2001, including without limitation all DOCUMENTS RELATING to the creation, preparation or modification of any three-dimensional representation of BRATZ.

EXHIBIT __3__

PAGE __31__

-10-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS RELATING TO any payment or transfer of anything of value made to or on behalf of BRYANT for any DESIGN that BRYANT assigned or transferred to YOU or MGA prior to October 21, 2000, regardless of when such payment was actually made.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS that RELATING TO invoices submitted by BRYANT to YOU or MGA prior to January 31, 2001.

REQUEST FOR PRODUCTION NO. 7:

All royalty statements to or for BRYANT.

REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS RELATING TO BRYANT's participation in the conception, creation, DESIGN, development, sculpting, tooling, production or manufacture of BRATZ.

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU or MGA and BRYANT and RELATING TO the period prior to December 31, 2001 (regardless of when such document was prepared, written, transmitted or received, whether in whole or in part), including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise RELATING TO any such COMMUNICATIONS.

1   REQUEST FOR PRODUCTION NO. 10:

2        All DOCUMENTS RELATING TO COMMUNICATIONS between

3   YOU or MGA and BRYANT prior to December 31, 2001, including without

4   limitation all diaries, notes, calendars, logs, phone records and letters, that reflect,

5   record or memorialize or otherwise RELATING TO any such

6   COMMUNICATIONS.

7

8   REQUEST FOR PRODUCTION NO. 11:

9        All COMMUNICATIONS between YOU or MGA and BRYANT prior

10  to December 31, 2001.

11

12  REQUEST FOR PRODUCTION NO. 12:

13       All DOCUMENTS RELATING TO COMMUNICATIONS between

14  YOU or MGA and BRYANT prior to December 31, 2001 (regardless of when such

15  DOCUMENT was prepared, written, transmitted or received, whether in whole or in

16  part), including without limitation all diaries, notes, calendars, logs, phone records

17  and letters, that reflect, record or memorialize or otherwise RELATING TO any

18  such COMMUNICATIONS.

19

20  REQUEST FOR PRODUCTION NO. 13:

21       All COMMUNICATIONS RELATING TO BRATZ between YOU or

22  MGA and any PERSON prior to December 31, 2001.

23

24  REQUEST FOR PRODUCTION NO. 14:

25       All DOCUMENTS RELATING TO COMMUNICATIONS between

26  YOU or MGA and any PERSON and RELATING TO the period prior to December

27  31, 2001 (regardless of when such DOCUMENT was prepared, written, transmitted

28  or received, whether in whole or in part), including without limitation all diaries,

07209/2142932.1

EXHIBIT __3__

PAGE __39__

-12-

1  notes, calendars, logs, phone records and letters, that reflect, record or memorialize
2  or otherwise RELATING TO any such COMMUNICATIONS.
3
4  REQUEST FOR PRODUCTION NO. 15:
5          All COMMUNICATIONS RELATING TO BRATZ between YOU or
6  MGA and BRYANT.
7
8  REQUEST FOR PRODUCTION NO. 16:
9          All DOCUMENTS RELATING TO BRYANT's employment by
10  MATTEL.
11
12  REQUEST FOR PRODUCTION NO. 17:
13          All DOCUMENTS RELATING TO YOUR or MGA's knowledge of
14  BRYANT's employment by MATTEL.
15
16  REQUEST FOR PRODUCTION NO. 18:
17          All DOCUMENTS RELATING TO DESIGNS that BRYANT
18  produced, prepared, created, authored, conceived of or reduced to practice, whether
19  alone or jointly with others, prior to December 31, 2001.
20
21  REQUEST FOR PRODUCTION NO. 19:
22          All DOCUMENTS RELATING TO DESIGNS produced, prepared,
23  created, authored, conceived of or reduced to practice prior to December 31, 2001
24  by BRYANT, whether alone or jointly with others, in which YOU or MGA have
25  purported at any time to purchase, acquire or own any right, title or interest (whether
26  in whole or in part).
27
28

EXHIBIT __3__
PAGE __40__

-13-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

07209/2142932.1

1 | REQUEST FOR PRODUCTION NO. 20:

2 | All DOCUMENTS, including without limitation all
3 | COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO
4 | any agreement or contract between BRYANT and MATTEL.

5

6 | REQUEST FOR PRODUCTION NO. 21:

7 | All DOCUMENTS, including without limitation all
8 | COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO
9 | YOUR or MGA's knowledge of any agreement or contract between BRYANT and
10 | MATTEL.

11

12 | REQUEST FOR PRODUCTION NO. 22:

13 | All DOCUMENTS RELATING TO any payment or transfer of
14 | anything of value made to or on behalf of BRYANT prior to October 21, 2000 or for
15 | work or services performed by BRYANT prior to October 21, 2000 regardless of
16 | when such payment was actually made.

17

18 | REQUEST FOR PRODUCTION NO. 23:

19 | All DOCUMENTS RELATING TO any agreement or contract
20 | between YOU or MGA, on the one hand, and BRYANT, on the other hand,
21 | including without limitation all drafts thereof, all actual or proposed amendments,
22 | modifications and revisions thereto and all COMMUNICATIONS RELATING
23 | thereto.

24

25 | REQUEST FOR PRODUCTION NO. 24:

26 | All doll heads, sculpts, prototypes, models, samples and tangible items
27 | that were created, prepared or made, whether in whole or in part, prior to December
28 | 31, 2001 RELATING TO BRATZ.

REQUEST FOR PRODUCTION NO. 25:

All doll heads, sculpts, prototypes, models, samples and tangible items that were created, prepared or made, whether in whole or in part, prior to December 31, 2001 RELATING TO ANGEL.

REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS RELATING TO each and every sculpt of BRATZ (including without limitation any model, prototype or sample thereof) prior to June 1, 2001.

REQUEST FOR PRODUCTION NO. 27:

All DOCUMENTS RELATING TO each and every sculpt of ANGEL (including without limitation any model, prototype or sample thereof).

REQUEST FOR PRODUCTION NO. 28:

All DOCUMENTS RELATING TO the procurement, fabrication, preparation and production of each and every mold for BRATZ (including without limitation for any model, prototype or sample thereof) prior June 30, 2001, including without limitation all orders, purchase orders and invoices relating thereto.

REQUEST FOR PRODUCTION NO. 29:

DOCUMENTS sufficient to show when any mold for ANGEL (including without limitation for any model, prototype or sample thereof) was first ordered, requested, procured, fabricated, prepared and produced.

REQUEST FOR PRODUCTION NO. 30:

All DOCUMENTS RELATING TO any showing, presentation or exhibition, or any proposed, offered or requested showing, presentation or

07209/2142932.1

EXHIBIT __3__

PAGE __42__

-15-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  exhibition, of BRATZ (including without limitation any model, prototype or sample
2  thereof) prior to June 30, 2001.

3

4  REQUEST FOR PRODUCTION NO. 31:

5  DOCUMENTS sufficient to show when ANGEL (including without
6  limitation any model, prototype or sample thereof) was first exhibited, shown or
7  presented to any third party.

8

9  REQUEST FOR PRODUCTION NO. 32:

10  All COMMUNICATIONS between YOU or MGA and any wholesaler,
11  distributor, and/or retailer RELATING TO BRATZ prior to December 31, 2001.

12

13  REQUEST FOR PRODUCTION NO. 33:

14  All COMMUNICATIONS between YOU or MGA and any wholesaler,
15  distributor, and/or retailer RELATING TO ANGEL.

16

17  REQUEST FOR PRODUCTION NO. 34:

18  All DOCUMENTS RELATING TO when and where BRATZ
19  (including without limitation any model, prototype or sample thereof) was first
20  marketed to any wholesaler, distributor and/or retailer.

21

22  REQUEST FOR PRODUCTION NO. 35:

23  All DOCUMENTS RELATING TO when and where ANGEL
24  (including without limitation any model, prototype or sample thereof) was first
25  marketed to any wholesaler, distributor and/or retailer.

26
27
28

EXHIBIT **3**
PAGE **43**

-16-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1 REQUEST FOR PRODUCTION NO. 36:

2       DOCUMENTS sufficient to show when and where BRATZ was first

3 shipped, distributed and sold.

4

5 REQUEST FOR PRODUCTION NO. 37:

6       DOCUMENTS sufficient to show when and where ANGEL was first

7 shipped, distributed and sold.

8

9 REQUEST FOR PRODUCTION NO. 38:

10       All DOCUMENTS RELATING TO the licensing, including without

11 limitation the proposed, offered or requested licensing, of BRATZ prior to

12 December 31, 2001.

13

14 REQUEST FOR PRODUCTION NO. 39:

15       All COMMUNICATIONS between YOU or MGA and any

16 manufacturer, or any contemplated, proposed or potential manufacturer,

17 RELATING TO BRATZ prior to December 31, 2001.

18

19 REQUEST FOR PRODUCTION NO. 40:

20       DOCUMENTS sufficient to identify when YOU or MGA first

21 contacted any manufacturer, or any contemplated, proposed or potential

22 manufacturer, for the production or manufacture of ANGEL.

23

24 REQUEST FOR PRODUCTION NO. 41:

25       All COMMUNICATIONS between YOU or MGA and any PERSON

26 that REFER OR RELATE TO the distribution or proposed or potential distribution

27 of BRATZ prior to December 31, 2001.

28

1  REQUEST FOR PRODUCTION NO. 42:

2        All DOCUMENTS RELATING TO the performance of any agreement

3  or contract between YOU or MGA, on the one hand, and BRYANT, on the other

4  hand.

5

6  REQUEST FOR PRODUCTION NO. 43:

7        All DOCUMENTS RELATING TO the agreement dated as of

8  September 18, 2000 between MGA and BRYANT, including without limitation all

9  drafts thereof, any actual or proposed modifications, amendments or revisions

10  thereto and all COMMUNICATIONS RELATING thereto.

11

12  REQUEST FOR PRODUCTION NO. 44:

13        All DOCUMENTS RELATING TO the Modification and Clarification

14  of the Agreement dated as of September 18, 2000 between MGA and BRYANT,

15  including without limitation all drafts thereof, any actual or proposed modifications,

16  amendments or revisions thereto and all COMMUNICATIONS RELATING

17  thereto.

18

19  REQUEST FOR PRODUCTION NO. 45:

20        All DOCUMENTS RELATING TO the agreement dated April 2001

21  between MGA and BRYANT, including without limitation all drafts thereof, any

22  actual or proposed modifications, amendments or revisions thereto and all

23  COMMUNICATIONS RELATING thereto.

24

25  REQUEST FOR PRODUCTION NO. 46:

26        All DOCUMENTS that RELATING TO any agreement or contract that

27  REFERS AND RELATES TO BRATZ between Isaac Larian and any PERSON

28  (including without limitation MGA), including without limitation all drafts thereof,

EXHIBIT __3__

PAGE __45__

07209/2142932.1

-18-

1  all actual or proposed amendments, modifications and revisions thereto and all

2  COMMUNICATIONS RELATING thereto.

3

4  REQUEST FOR PRODUCTION NO. 47:

5         All DOCUMENTS RELATING TO the performance of any agreement

6  or contract that REFERS AND RELATES TO BRATZ between Isaac Larian and

7  any PERSON (including without limitation MGA).

8

9  REQUEST FOR PRODUCTION NO. 48:

10        All DOCUMENTS that REFER OR RELATE TO any agreement or

11  contract that REFERS AND RELATES TO BRYANT between Isaac Larian and

12  any PERSON (including without limitation MGA), including without limitation all

13  drafts thereof, all actual or proposed amendments, modifications and revisions

14  thereto and all COMMUNICATIONS RELATING thereto.

15

16  REQUEST FOR PRODUCTION NO. 49:

17        All DOCUMENTS RELATING TO the performance of any agreement

18  or contract that REFERS AND RELATES TO BRYANT between Isaac Larian and

19  any PERSON (including without limitation MGA).

20

21  REQUEST FOR PRODUCTION NO. 50:

22        All DOCUMENTS that REFER OR RELATE TO any agreement or

23  contract that REFERS AND RELATES TO BRATZ between any FAMILY

24  MEMBER of Isaac Larian and any PERSON (including without limitation MGA

25  and/or Isaac Larian), including without limitation all drafts thereof, all actual or

26  proposed amendments, modifications and revisions thereto and all

27  COMMUNICATIONS RELATING thereto.

28

REQUEST FOR PRODUCTION NO. 51:

All DOCUMENTS RELATING TO the performance of any agreement or contract that REFERS AND RELATES TO BRATZ between any FAMILY MEMBER of Isaac Larian and any PERSON (including without limitation MGA and/or Isaac Larian).

REQUEST FOR PRODUCTION NO. 52:

All DOCUMENTS RELATING TO any agreement or contract that REFERS AND RELATES TO BRYANT between any FAMILY MEMBER of Isaac Larian and any PERSON (including without limitation MGA and/or Isaac Larian), including without limitation all drafts thereof, all actual or proposed amendments, modifications and revisions thereto and all COMMUNICATIONS RELATING thereto.

REQUEST FOR PRODUCTION NO. 53:

All DOCUMENTS RELATING TO the performance of any agreement or contract that REFERS AND RELATES TO BRYANT between any FAMILY MEMBER of Isaac Larian and any PERSON (including without limitation MGA and/or Isaac Larian).

REQUEST FOR PRODUCTION NO. 54:

All DOCUMENTS RELATING TO royalties or payments RELATING TO BRATZ that have been made by any PERSON (including without limitation MGA) to, for or on behalf of Isaac Larian.

EXHIBIT _3_
PAGE _47_

1 REQUEST FOR PRODUCTION NO. 55:

2       All DOCUMENTS RELATING TO royalties or payments RELATING

3 TO BRATZ that have been made by any PERSON (without limitation MGA) to, for

4 or on behalf of any FAMILY MEMBER of Isaac Larian.

5

6 REQUEST FOR PRODUCTION NO. 56:

7       All DOCUMENTS RELATING TO DIVA STARZ and RELATING

8 TO any time prior to December 31, 2001 (regardless of when such document was

9 prepared, written, transmitted or received, whether in whole or in part).

10

11 REQUEST FOR PRODUCTION NO. 57:

12       All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

13 DIVA STARZ and RELATING TO any time prior to December 31, 2001

14 (regardless of when such document was prepared, written, transmitted or received,

15 whether in whole or in part).

16

17 REQUEST FOR PRODUCTION NO. 58:

18       All DOCUMENTS RELATING TO MATTEL's consideration or

19 proposed use of "Brats," "Chat Brats" or any variation thereon and RELATING TO

20 any time prior to December 31, 2001 (regardless of when such document was

21 prepared, written, transmitted or received, whether in whole or in part).

22

23 REQUEST FOR PRODUCTION NO. 59:

24       All DOCUMENTS RELATING TO "Toon Teens."

25

26 REQUEST FOR PRODUCTION NO. 60:

27       All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

28 "Toon Teens."

EXHIBIT __3__

PAGE __48__

07209/2142932.1

-21-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

REQUEST FOR PRODUCTION NO. 61:

All DOCUMENTS, including without limitation COMMUNICATIONS, prepared, drafted, created, received or transmitted (whether in whole or in part) prior to December 31, 2001 RELATING TO BRYANT.

REQUEST FOR PRODUCTION NO. 62:

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by BRYANT for, with or on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such DOCUMENT was prepared, created, received or transmitted, whether in whole or in part).

REQUEST FOR PRODUCTION NO. 63:

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by Anna Rhee for, with or on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such DOCUMENT was prepared, created, received or transmitted, whether in whole or in part).

REQUEST FOR PRODUCTION NO. 64:

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by Veronica Marlow for, with or on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such

EXHIBIT ___3___

PAGE ___49___

1   DOCUMENT was prepared, created, received or transmitted, whether in whole or in

2   part).

3

4   REQUEST FOR PRODUCTION NO. 65:

5           All DOCUMENTS RELATING TO any actual, potential, proposed,

6   considered or contemplated work, activities or services, including without limitation

7   any freelance work or consulting services, by Sarah Halpern for, with or on behalf

8   of YOU or MGA prior to December 31, 2001 (regardless of when any such

9   DOCUMENT was prepared, created, received or transmitted, whether in whole or in

10  part).

11

12  REQUEST FOR PRODUCTION NO. 66:

13          All DOCUMENTS RELATING TO any actual, potential, proposed,

14  considered or contemplated work, activities or services, including without limitation

15  any freelance work or consulting services, by Jesse Ramirez for, with or on behalf of

16  YOU or MGA prior to December 31, 2001 (regardless of when any such

17  DOCUMENT was prepared, created, received or transmitted, whether in whole or in

18  part).

19

20  REQUEST FOR PRODUCTION NO. 67:

21          All DOCUMENTS RELATING TO any actual, potential, proposed,

22  considered or contemplated work, activities or services, including without limitation

23  any freelance work or consulting services, by Margaret Hatch (also known as

24  Margaret Leahy and/or Margaret Hatch-Leahy) for, with or on behalf of YOU or

25  MGA prior to December 31, 2001 (regardless of when any such DOCUMENT was

26  prepared, created, received or transmitted, whether in whole or in part).

27

28

EXHIBIT __3__

PAGE __50__

07209/2142932.1

-23-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1 | REQUEST FOR PRODUCTION NO. 68:

2         All DOCUMENTS RELATING TO any actual, potential, proposed,

3 considered or contemplated work, activities or services, including without limitation

4 any freelance work or consulting services, by Elise Cloonan for, with or on behalf of

5 YOU or MGA.

6

7 | REQUEST FOR PRODUCTION NO. 69:

8         All DOCUMENTS RELATING TO any actual, potential, proposed,

9 considered or contemplated work, activities or services, including without limitation

10 any freelance work or consulting services, by Maureen Mullen for, with or on behalf

11 of YOU or MGA.

12

13 | REQUEST FOR PRODUCTION NO. 70:

14         All DOCUMENTS RELATING TO any actual, potential, proposed,

15 considered or contemplated work, activities or services, including without limitation

16 any freelance work or consulting services, by Billy Ragsdale for, with or on behalf

17 of YOU or MGA.

18

19 | REQUEST FOR PRODUCTION NO. 71:

20         All DOCUMENTS RELATING TO any actual, potential, proposed,

21 considered or contemplated work, activities or services, including without limitation

22 any freelance work or consulting services, by Wendy Ragsdale for, with or on

23 behalf of YOU or MGA.

24

25 | REQUEST FOR PRODUCTION NO. 72:

26         All DOCUMENTS RELATING TO any actual, potential, proposed,

27 considered or contemplated work, activities or services, including without limitation

28

EXHIBIT __3__

PAGE __51__

any freelance work or consulting services, by David Dees for, with or on behalf of YOU or MGA.

REQUEST FOR PRODUCTION NO. 73:

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by Steve Linker for, with or on behalf of YOU or MGA.

REQUEST FOR PRODUCTION NO. 74:

All DOCUMENTS RELATING TO Steve Linker and RELATING TO any time prior to December 31, 2001 (regardless of when such document was prepared, written, transmitted or received, whether in whole or in part).

REQUEST FOR PRODUCTION NO. 75:

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by Liz Hogan for, with or on behalf of YOU or MGA.

REQUEST FOR PRODUCTION NO. 76:

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by Amy Meyers for, with or on behalf of YOU or MGA.

EXHIBIT __3__
PAGE __52__

-25-

REQUEST FOR PRODUCTION NO. 77:

To the extent not covered by other Requests, all DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by any PERSON RELATING TO BRATZ prior to December 31, 2001.

REQUEST FOR PRODUCTION NO. 78:

To the extent not covered by other Requests, all DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by any PERSON RELATING TO ANGEL prior to December 31, 2001.

REQUEST FOR PRODUCTION NO. 79:

All DOCUMENTS RELATING TO any focus groups RELATING TO BRATZ and/or ANGEL, including without limitation all videotapes, summaries, notes and reports associated therewith.

REQUEST FOR PRODUCTION NO. 80:

All DOCUMENTS RELATING TO any services or work performed by L.A. Focus between January 1, 1999 and December 31, 2001, including without limitation all videotapes, summaries, notes and reports associated therewith.

REQUEST FOR PRODUCTION NO. 81:

All DOCUMENTS RELATING TO Alaska Momma.

REQUEST FOR PRODUCTION NO. 82:

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated agreement or contract between YOU or MGA and Anna

1  Rhee, including without limitation all drafts thereof and amendments, modifications
2  and revisions thereto, and all COMMUNICATIONS relating thereto.
3
4  REQUEST FOR PRODUCTION NO. 83:
5            All DOCUMENTS RELATING TO any payments of money or the
6  transfer of anything of value to Anna Rhee or her FAMILY MEMBERS.
7
8  REQUEST FOR PRODUCTION NO. 84:
9            All DOCUMENTS RELATING TO any actual, potential, proposed,
10  considered or contemplated agreement or contract between YOU or MGA and
11  Veronica Marlow or her FAMILY MEMBERS, including without limitation all
12  drafts thereof and amendments, modifications and revisions thereto, and all
13  COMMUNICATIONS relating thereto.
14
15  REQUEST FOR PRODUCTION NO. 85:
16            All DOCUMENTS RELATING TO any payments of money or the
17  transfer of anything of value to Veronica Marlow or her FAMILY MEMBERS.
18
19  REQUEST FOR PRODUCTION NO. 86:
20            All DOCUMENTS RELATING TO any actual, potential, proposed,
21  considered or contemplated agreement or contract between YOU or MGA and
22  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or
23  her FAMILY MEMBERS, including without limitation all drafts thereof and
24  amendments, modifications and revisions thereto, and all COMMUNICATIONS
25  relating thereto.
26
27
28

EXHIBIT __3__
PAGE __54__

1  REQUEST FOR PRODUCTION NO. 87:

2      All DOCUMENTS RELATING TO any payments of money or the

3  transfer of anything of value to Margaret Hatch (also known as Margaret Leahy

4  and/or Margaret Hatch-Leahy) or her FAMILY MEMBERS.

5

6  REQUEST FOR PRODUCTION NO. 88:

7      All DOCUMENTS RELATING TO any actual, potential, proposed,

8  considered or contemplated agreement or contract between YOU or MGA and Sarah

9  Halpern or her FAMILY MEMBERS, including without limitation all drafts thereof

10  and amendments, modifications and revisions thereto, and all

11  COMMUNICATIONS relating thereto.

12

13  REQUEST FOR PRODUCTION NO. 89:

14      All DOCUMENTS RELATING TO any payments of money or the

15  transfer of anything of value to Sarah Halpern or her FAMILY MEMBERS.

16

17  REQUEST FOR PRODUCTION NO. 90:

18      All DOCUMENTS RELATING TO any actual, potential, proposed,

19  considered or contemplated agreement or contract between YOU or MGA and Jesse

20  Ramirez or his FAMILY MEMBERS, including without limitation all drafts thereof

21  and amendments, modifications and revisions thereto, and all

22  COMMUNICATIONS relating thereto.

23

24  REQUEST FOR PRODUCTION NO. 91:

25      All DOCUMENTS RELATING TO any actual, potential, proposed,

26  considered or contemplated agreement or contract between YOU or MGA and Elise

27  Cloonan or her FAMILY MEMBERS, including without limitation all drafts thereof

28

EXHIBIT __3__
PAGE __55__

07209/2142932.1

1 and amendments, modifications and revisions thereto, and all

2 COMMUNICATIONS relating thereto.

3

4 REQUEST FOR PRODUCTION NO. 92:

5      All DOCUMENTS RELATING TO any payments of money or the

6 transfer of anything of value to Elise Cloonan or her FAMILY MEMBERS.

7

8 REQUEST FOR PRODUCTION NO. 93:

9      All DOCUMENTS RELATING TO any actual, potential, proposed,

10 considered or contemplated agreement or contract between YOU or MGA and

11 Stephen Lee or his FAMILY MEMBERS at any time after January 1, 2003,

12 including without limitation all drafts thereof and amendments, modifications and

13 revisions thereto, and all COMMUNICATIONS relating thereto.

14

15 REQUEST FOR PRODUCTION NO. 94:

16      All DOCUMENTS RELATING TO any actual, potential, proposed,

17 considered or contemplated agreement or contract between YOU or MGA and

18 David Dees or his FAMILY MEMBERS, including without limitation all drafts

19 thereof and amendments, modifications and revisions thereto, and all

20 COMMUNICATIONS relating thereto.

21

22 REQUEST FOR PRODUCTION NO. 95:

23      All DOCUMENTS RELATING TO any payments of money or the

24 transfer of anything of value to David Dees or her FAMILY MEMBERS.

25

26 REQUEST FOR PRODUCTION NO. 96:

27      All DOCUMENTS RELATING TO any actual, potential, proposed,

28 considered or contemplated agreement or contract between YOU or MGA and Steve

07209/2142932.1

1   Linker, including without limitation all drafts thereof and amendments,

2   modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

3

4   REQUEST FOR PRODUCTION NO. 97:

5          All DOCUMENTS RELATING TO any actual, potential, proposed,

6   considered or contemplated agreement or contract between YOU or MGA and Liz

7   Hogan, including without limitation all drafts thereof and amendments,

8   modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

9

10   REQUEST FOR PRODUCTION NO. 98:

11          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

12   created, authored, conceived of or reduced to practice prior to December 31, 2001

13   by Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy),

14   whether alone or jointly with others, in which YOU or MGA have purported at any

15   time to purchase, acquire or own any right, title or interest (whether in whole or in

16   part).

17

18   REQUEST FOR PRODUCTION NO. 99:

19          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

20   created, authored, conceived of or reduced to practice prior to December 31, 2001

21   by Anna Rhee, whether alone or jointly with others, in which YOU or MGA have

22   purported at any time to purchase, acquire or own any right, title or interest (whether

23   in whole or in part).

24

25   REQUEST FOR PRODUCTION NO. 100:

26          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

27   created, authored, conceived of or reduced to practice prior to January 1, 2001 by

28   Veronica Marlow, whether alone or jointly with others, in which YOU or MGA

1  have purported at any time to purchase, acquire or own any right, title or interest
2  (whether in whole or in part).

3

4  REQUEST FOR PRODUCTION NO. 101:

5          All DOCUMENTS RELATING TO DESIGNS produced, prepared,
6  created, authored, conceived of or reduced to practice by Elise Cloonan, whether
7  alone or jointly with others, in which YOU or MGA have purported at any time to
8  purchase, acquire or own any right, title or interest (whether in whole or in part).

9

10  REQUEST FOR PRODUCTION NO. 102:

11          All DOCUMENTS prepared, written, transmitted or received (whether
12  in whole or in part) prior to January 1, 2001 RELATING TO ANGEL.

13

14  REQUEST FOR PRODUCTION NO. 103:

15          All DOCUMENTS RELATING TO ANGEL RELATING TO any time
16  prior to January 1, 2001 (regardless of when such document was prepared, written,
17  transmitted or received, whether in whole or in part).

18

19  REQUEST FOR PRODUCTION NO. 104:

20          All DOCUMENTS, including without limitation all
21  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO
22  any agreement or contract between Margaret Hatch (also known as Margaret Leahy
23  and/or Margaret Hatch-Leahy) and MATTEL.

24

25  REQUEST FOR PRODUCTION NO. 105:

26          All DOCUMENTS, including without limitation all
27  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO
28  any agreement or contract between Kami Gillmour and MATTEL.

1 | REQUEST FOR PRODUCTION NO. 106:

2 |  All DOCUMENTS, including without limitation all

3 | COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4 | any agreement or contract between Paula Garcia and MATTEL.

5 |

6 | REQUEST FOR PRODUCTION NO. 107:

7 |  All DOCUMENTS, including without limitation all

8 | COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

9 | any agreement or contract between Mercedeh Ward and MATTEL.

10 |

11 | REQUEST FOR PRODUCTION NO. 108:

12 |  All DOCUMENTS, including without limitation all

13 | COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

14 | any agreement or contract between Jessie Ramirez and MATTEL.

15 |

16 | REQUEST FOR PRODUCTION NO. 109:

17 |  All DOCUMENTS, including without limitation all

18 | COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

19 | any agreement or contract between Billy Ragsdale and MATTEL.

20 |

21 |

22 | REQUEST FOR PRODUCTION NO. 110:

23 |  All DOCUMENTS, including without limitation all

24 | COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

25 | any agreement or contract between Wendy Ragsdale and MATTEL.

26 |

27 |  EXHIBIT _3_

28 |  PAGE _59_

-32-

1   REQUEST FOR PRODUCTION NO. 111:

2           All DOCUMENTS, including without limitation all

3   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4   any agreement or contract between Veronica Marlow and MATTEL.

5

6   REQUEST FOR PRODUCTION NO. 112:

7           To the extent not covered by other Requests, all DOCUMENTS,

8   including without limitation all COMMUNICATIONS between YOU or MGA and

9   any PERSON, RELATING TO any agreement or contract between MATTEL, on

10  the one hand, and any former employee of MATTEL who has been hired,

11  considered, solicited or interviewed for any position or potential position or

12  employment by YOU or MGA.

13

14  REQUEST FOR PRODUCTION NO. 113:

15          All COMMUNICATIONS between YOU or MGA and Anne Wang.

16

17  REQUEST FOR PRODUCTION NO. 114:

18          All DOCUMENTS, including without limitation all

19  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

20  Anne Wang.

21

22  REQUEST FOR PRODUCTION NO. 115:

23          All DOCUMENTS, including without limitation all

24  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

25  Brooke Gilbert.

26

27

28

EXHIBIT __3__

PAGE __60__

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1 || REQUEST FOR PRODUCTION NO. 116:

2 |       All COMMUNICATIONS between YOU or MGA and BRYANT

3 || RELATING TO MATTEL or any officer, director, employee or representative of

4 || MATTEL.

5

6 || REQUEST FOR PRODUCTION NO. 117:

7 |       All declarations, affidavits and other sworn written statements of any

8 || other type or form by any PERSON RELATING TO BRATZ (other than those

9 || previously filed and served in this ACTION), including all such declarations,

10 || affidavits and other sworn written statements of any other type or form by or on

11 || behalf of YOU.

12

13 || REQUEST FOR PRODUCTION NO. 118:

14 |       All transcripts and video and/or audio recordings of statements made

15 || by any PERSON under oath, including without limitation all deposition transcripts,

16 || trial transcripts and arbitration transcripts, RELATING TO BRATZ (other than

17 || those taken in this ACTION when MATTEL's counsel was in attendance),

18 || including all such transcripts and video and/or audio recordings of statements by or

19 || on behalf of YOU.

20

21 || REQUEST FOR PRODUCTION NO. 119:

22 |       All declarations, affidavits and other sworn written statements of any

23 || other type or form by any PERSON RELATING TO ANGEL (other than those

24 || previously filed and served in this ACTION), including all such declarations,

25 || affidavits and other sworn written statements of any other type or form by or on

26 || behalf of YOU.

27

28

EXHIBIT __3__

PAGE __61__

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 120:

2      All transcripts and video and/or audio recordings of statements made

3  by any PERSON under oath, including without limitation all deposition transcripts,

4  trial transcripts and arbitration transcripts, that RELATING TO ANGEL (other than

5  those taken in this ACTION when Mattel's counsel was in attendance), including all

6  such declarations, affidavits and other sworn written statements of any other type or

7  form by or on behalf of YOU.

8

9  REQUEST FOR PRODUCTION NO. 121:

10     All DOCUMENTS RELATING TO the litigation encaptioned *The*

11  *Ships Carpenter, Inc. v. MGA Entertainment*, filed in Los Angeles Superior Court

12  on or about October 11, 2001, Case Nos. 01S03739 and 01S03740.

13

14  REQUEST FOR PRODUCTION NO. 122:

15     All DOCUMENTS seen, viewed or reviewed by YOU at any time in

16  preparation for the deposition of YOU that was taken in this ACTION on July 18,

17  2006.

18

19  REQUEST FOR PRODUCTION NO. 123:

20     All DOCUMENTS RELATING TO any and all arbitrations and suits

21  between YOU and Farhad Larian.

22

23  REQUEST FOR PRODUCTION NO. 124:

24     All DOCUMENTS filed, submitted or served in the suit and/or

25  arbitration proceedings brought by Farhad Larian against YOU, including without

26  limitation all declarations, affidavits, transcripts, video and/or audio recordings and

27  sworn testimony given by any PERSON in such suit or arbitration proceedings.

28

EXHIBIT __3__
PAGE __62__

1 | REQUEST FOR PRODUCTION NO. 125:

2   All DOCUMENTS RELATING TO any and all settlements resolutions
3 or compromises of any suit and/or arbitration proceedings between YOU and Farhad
4 Larian.

5

6 | REQUEST FOR PRODUCTION NO. 126:

7   All contracts or agreements between YOU or MGA and Farhad Larian.

8

9 | REQUEST FOR PRODUCTION NO. 127:

10   All COMMUNICATIONS RELATING TO BRATZ between YOU or
11 MGA and Farhad Larian.

12

13 | REQUEST FOR PRODUCTION NO. 128:

14   All DOCUMENTS RELATING TO COMMUNICATIONS between
15 YOU or MGA and Farhad Larian that REFER OR RELATE TO BRATZ, including
16 without limitation all diaries, notes, calendars, logs, phone records and letters, that
17 reflect, record or memorialize or otherwise RELATING TO any such
18 COMMUNICATIONS.

19

20 | REQUEST FOR PRODUCTION NO. 129:

21   All COMMUNICATIONS RELATING TO BRYANT between YOU
22 or MGA and Farhad Larian.

23

24 | REQUEST FOR PRODUCTION NO. 130:

25   All DOCUMENTS RELATING TO COMMUNICATIONS between
26 YOU or MGA and Farhad Larian that REFER OR RELATE TO BRYANT,
27 including without limitation all diaries, notes, calendars, logs, phone records and

28

EXHIBIT __3__

PAGE __63__

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

07209/2142932.1

letters, that reflect, record or memorialize or otherwise RELATING TO any such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 131:

All DOCUMENTS RELATING TO any and all payments or transfer of anything of value that YOU or MGA have made, have offered or proposed to make or have promised or agreed to make, to or for the benefit of Farhad Larian or his FAMILY MEMBERS at any time since January 1, 2001.

REQUEST FOR PRODUCTION NO. 132:

All contracts or agreements between YOU or MGA and Morad Zarabi.

REQUEST FOR PRODUCTION NO. 133:

All COMMUNICATIONS RELATING TO BRATZ between YOU or MGA and Morad Zarabi.

REQUEST FOR PRODUCTION NO. 134:

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRATZ, including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise RELATING TO any such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 135:

All COMMUNICATIONS RELATING TO BRYANT between YOU or MGA and Morad Zarabi.

EXHIBIT _3_
PAGE _64_

1   REQUEST FOR PRODUCTION NO. 136:

2          All DOCUMENTS RELATING TO COMMUNICATIONS between

3   YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRYANT,

4   including without limitation all diaries, notes, calendars, logs, phone records and

5   letters, that reflect, record or memorialize or otherwise RELATING TO any such

6   COMMUNICATIONS.

7

8   REQUEST FOR PRODUCTION NO. 137:

9          All DOCUMENTS RELATING TO any and all payments or transfer of

10  anything of value that YOU or MGA have made, have offered or proposed to make

11  or have promised or agreed to make, to or for the benefit of Morad Zarabi or his

12  FAMILY MEMBERS at any time since January 1, 2001.

13

14  REQUEST FOR PRODUCTION NO. 138:

15         All DOCUMENTS RELATING TO any and all payments or transfers

16  of anything of value that YOU or MGA have made, have offered or proposed to

17  make or have promised or agreed to make, to or for the benefit of BRYANT or his

18  FAMILY MEMBERS.

19

20  REQUEST FOR PRODUCTION NO. 139:

21         All DOCUMENTS RELATING TO any and all payments or transfers

22  of anything of value that YOU or MGA have made, have offered or proposed to

23  make or have promised or agreed to make, to or for the benefit of Elise Cloonan or

24  her FAMILY MEMBERS.

25

26  REQUEST FOR PRODUCTION NO. 140:

27         All DOCUMENTS RELATING TO any and all payments or transfers

28  of anything of value that YOU or MGA have made, have offered or proposed to

07209/2142932.1

EXHIBIT __3__

PAGE __65__

-38-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  make or have promised or agreed to make, to or for the benefit of Margaret Hatch

2  (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or her FAMILY

3  MEMBERS.

4

5  REQUEST FOR PRODUCTION NO. 141:

6       All DOCUMENTS RELATING TO any and all payments or transfers

7  of anything of value that YOU or MGA have made, have offered or proposed to

8  make or have promised or agreed to make, to or for the benefit of Amy Meyers or

9  her FAMILY MEMBERS.

10

11  REQUEST FOR PRODUCTION NO. 142:

12       All DOCUMENTS RELATING TO any and all payments or transfers

13  of anything of value that YOU or MGA have made, have offered or proposed to

14  make or have promised or agreed to make, to or for the benefit of Sarah Halpern or

15  her FAMILY MEMBERS at any time since January 1, 1999.

16

17  REQUEST FOR PRODUCTION NO. 143:

18       All DOCUMENTS RELATING TO any and all payments or transfers

19  of anything of value that YOU or MGA have made, have offered or proposed to

20  make or have promised or agreed to make, to or for the benefit of Maureen Mullen

21  or her FAMILY MEMBERS at any time since January 1, 1999.

22

23  REQUEST FOR PRODUCTION NO. 144:

24       All DOCUMENTS RELATING TO any and all payments or transfers

25  of anything of value that YOU or MGA have made, have offered or proposed to

26  make or have promised or agreed to make, to or for the benefit of Wendy Ragsdale

27  or her FAMILY MEMBERS.

28

EXHIBIT ___3___

PAGE ___66___

REQUEST FOR PRODUCTION NO. 145:

All DOCUMENTS RELATING TO any and all payments or transfers of anything of value that YOU or MGA have made, have offered or proposed to make or have promised or agreed to make, to or for the benefit of Billy Ragsdale or his FAMILY MEMBERS.

REQUEST FOR PRODUCTION NO. 146:

All DOCUMENTS RELATING TO any and all payments or transfers of anything of value that YOU or MGA have made, have offered or proposed to make or have promised or agreed to make, to or for the benefit of Anna Rhee or her FAMILY MEMBERS at any time since January 1, 1999.

REQUEST FOR PRODUCTION NO. 147:

All DOCUMENTS RELATING TO any indemnification that BRYANT has sought, proposed, requested or obtained in connection with this ACTION.

REQUEST FOR PRODUCTION NO. 148:

All DOCUMENTS RELATING TO any indemnification that Elise Cloonan has sought, proposed, requested or obtained in connection with this ACTION.

REQUEST FOR PRODUCTION NO. 149:

All DOCUMENTS RELATING TO any indemnification that Margaret Hatch-Leahy has sought, proposed, requested or obtained in connection with this ACTION.

EXHIBIT __3__
PAGE __67__

07209/2142932.1

-40-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 150:

2          All DOCUMENTS RELATING TO any indemnification that Veronica

3  Marlow has sought, proposed, requested or obtained in connection with this

4  ACTION.

5

6  REQUEST FOR PRODUCTION NO. 151:

7          All DOCUMENTS RELATING TO any indemnification that Sarah

8  Halpern has sought, proposed, requested or obtained in connection with this

9  ACTION.

10

11  REQUEST FOR PRODUCTION NO. 152:

12          All DOCUMENTS RELATING TO any indemnification that Paula

13  Garcia (also known as Paula Treantafellas) has sought, proposed, requested or

14  obtained in connection with this ACTION.

15

16  REQUEST FOR PRODUCTION NO. 153:

17          To the extent not covered by other Requests, all DOCUMENTS

18  RELATING TO any indemnification that any PERSON has sought, proposed,

19  requested or obtained in connection with this ACTION.

20

21  REQUEST FOR PRODUCTION NO. 154:

22          All DOCUMENTS RELATING TO any indemnification that YOU or

23  MGA have sought, proposed, requested or obtained in connection with this

24  ACTION.

25

26  REQUEST FOR PRODUCTION NO. 155:

27          All COMMUNICATIONS between YOU or MGA and Universal

28  Commerce Corp., Ltd. prior to June 1, 2001.

EXHIBIT __3__

PAGE __68__

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 156:

2         All DOCUMENTS that REFER OR RELATE TO MATTEL, or that

3  were prepared, authored or created by MATTEL, that BRYANT has ever provided

4  to, shown, described to, communicated to or disclosed in any manner to YOU or

5  MGA.

6

7  REQUEST FOR PRODUCTION NO. 157:

8         All COMMUNICATIONS between YOU or MGA and BRYANT prior

9  to January 1, 2001, including without limitation all diaries, notes, calendars, logs,

10  phone records and letters, that reflect, record or memorialize or otherwise

11  RELATING TO any such COMMUNICATIONS.

12

13  REQUEST FOR PRODUCTION NO. 158:

14        All COMMUNICATIONS between YOU or MGA and Elise Cloonan

15  that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee,

16  including without limitation all diaries, notes, calendars, logs, phone records and

17  letters, that reflect, record or memorialize or otherwise RELATING TO any such

18  COMMUNICATIONS.

19

20  REQUEST FOR PRODUCTION NO. 159:

21        All COMMUNICATIONS between YOU or MGA and Elise Cloonan

22  prior to June 11, 2002, including without limitation all diaries, notes, calendars,

23  logs, phone records and letters, that reflect, record or memorialize or otherwise

24  RELATING TO any such COMMUNICATIONS.

25

26  REQUEST FOR PRODUCTION NO. 160:

27        All COMMUNICATIONS between YOU or MGA and Veronica

28  Marlow prior to January 1, 2001, including without limitation all diaries, notes,

07209/2142932.1

EXHIBIT _____3_____

PAGE ____69____

-42-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1   calendars, logs, phone records and letters, that reflect, record or memorialize or

2   otherwise RELATING TO any such COMMUNICATIONS.

3

4   REQUEST FOR PRODUCTION NO. 161:

5          All COMMUNICATIONS between YOU or MGA and Mercedeh

6   Ward prior to November 6, 2000, including without limitation all diaries, notes,

7   calendars, logs, phone records and letters, that reflect, record or memorialize or

8   otherwise RELATING TO any such COMMUNICATIONS.

9

10  REQUEST FOR PRODUCTION NO. 162:

11         All COMMUNICATIONS between YOU or MGA and Margaret Hatch

12  (also known as Margaret Leahy and/or Margaret Hatch-Leahy) prior to January 1,

13  2001, including without limitation all diaries, notes, calendars, logs, phone records

14  and letters, that reflect, record or memorialize or otherwise RELATING TO any

15  such COMMUNICATIONS.

16

17  REQUEST FOR PRODUCTION NO. 163:

18         All COMMUNICATIONS between YOU or MGA and Anna Rhee

19  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

20  logs, phone records and letters, that reflect, record or memorialize or otherwise

21  RELATING TO any such COMMUNICATIONS.

22

23  REQUEST FOR PRODUCTION NO. 164:

24         All COMMUNICATIONS between Veronica Marlow and Anna Rhee

25  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

26  logs, phone records and letters, that reflect, record or memorialize or otherwise

27  RELATING TO any such COMMUNICATIONS.

28

EXHIBIT __3__

PAGE __70__

07209/2142932.1

-43-

1  REQUEST FOR PRODUCTION NO. 165:

2            All COMMUNICATIONS between YOU or MGA and Sarah Halpern

3  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

4  logs, phone records and letters, that reflect, record or memorialize or otherwise

5  RELATING TO any such COMMUNICATIONS.

6

7  REQUEST FOR PRODUCTION NO. 166:

8            All COMMUNICATIONS between YOU or MGA and Jesse Ramirez

9  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

10  logs, phone records and letters, that reflect, record or memorialize or otherwise

11  RELATING TO any such COMMUNICATIONS.

12

13  REQUEST FOR PRODUCTION NO. 167:

14            Any personnel or vendor file that YOU created, control, or maintain

15  concerning BRYANT.

16

17  REQUEST FOR PRODUCTION NO. 168:

18            Any personnel file that YOU created, control, or maintain concerning

19  Paula Garcia (also known as Paula Treantafellas).

20

21  REQUEST FOR PRODUCTION NO. 169:

22            Any personnel file that YOU created, control, or maintain concerning

23  Mercedeh Ward.

24

25  REQUEST FOR PRODUCTION NO. 170:

26            Any personnel or vendor file that YOU created, control, or maintain

27  concerning Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-

28  Leahy).

EXHIBIT _3_

PAGE _71_

1  REQUEST FOR PRODUCTION NO. 171:

2       Any personnel or vendor file that YOU created, control, or maintain

3  concerning Veronica Marlow.

4

5  REQUEST FOR PRODUCTION NO. 172:

6       Any personnel or vendor file that YOU created, control, or maintain

7  concerning Anna Rhee.

8

9  REQUEST FOR PRODUCTION NO. 173:

10      Any personnel or vendor file that YOU created, control, or maintain

11  concerning Jessie Ramirez.

12

13  REQUEST FOR PRODUCTION NO. 174:

14      Any personnel file that YOU created, control, or maintain concerning

15  Shirin Salemnia.

16

17  REQUEST FOR PRODUCTION NO. 175:

18      DOCUMENTS sufficient to show the relationship, whether by blood or

19  marriage, between Isaac Larian or any FAMILY MEMBER of Isaac Larian, on the

20  one hand, and Shirin Salemnia.

21

22  REQUEST FOR PRODUCTION NO. 176:

23      Any personnel file that YOU created, control, or maintain concerning

24  Victoria O'Connor.

25

26  REQUEST FOR PRODUCTION NO. 177:

27      Any personnel file that YOU created, control, or maintain concerning

28  Farhad Larian.

EXHIBIT __3__

PAGE __72__

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 178:

2        All DOCUMENTS RELATING TO, including without limitation

3  phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

4  time period from January 1, 1998 through January 1, 2001.

5

6  REQUEST FOR PRODUCTION NO. 179:

7        All DOCUMENTS RELATING TO, including without limitation

8  phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

9  time period from January 1, 1998 through January 1, 2001 RELATING TO BRATZ

10  and/or ANGEL.

11

12  REQUEST FOR PRODUCTION NO. 180:

13        All DOCUMENTS RELATING TO, including without limitation

14  phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

15  time period from April 1, 2004 through June 1, 2004.

16

17  REQUEST FOR PRODUCTION NO. 181:

18        All DOCUMENTS RELATING TO, including without limitation

19  phone records for, telephone calls RELATING TO BRYANT by or to YOU or

20  anyone on YOUR behalf at any time.

21

22  REQUEST FOR PRODUCTION NO. 182:

23        All DOCUMENTS that RELATING TO any actual, proposed,

24  contemplated, considered or potential copyright, patent or any other application or

25  registration for BRATZ or any BRATZ DESIGN, including without limitation all

26  COMMUNICATIONS pertaining thereto.

27

28

EXHIBIT __3__

PAGE __73__

-46-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

07209/2142932.1

1  REQUEST FOR PRODUCTION NO. 183:

2          All DOCUMENTS RELATING TO any actual, proposed,

3  contemplated, considered or potential copyright, patent or any other application or

4  registration for ANGEL or any ANGEL DESIGN, including without limitation all

5  COMMUNICATIONS pertaining thereto.

6

7  REQUEST FOR PRODUCTION NO. 184:

8          All doll heads, sculpts, prototypes, models, samples and tangible items

9  that Anna Rhee painted, whether in whole or in part, for YOU, MGA or BRYANT,

10  or on behalf of YOU, MGA or BRYANT, prior to January 1, 2001.

11

12  REQUEST FOR PRODUCTION NO. 185:

13          All doll heads, sculpts, prototypes, models, samples and tangible items

14  that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that

15  BRYANT produced, created, authored, conceived of or reduced to practice, whether

16  alone or jointly with others, prior to January 1, 2001.

17

18  REQUEST FOR PRODUCTION NO. 186:

19          All DOCUMENTS RELATING TO the exhibition or showing of

20  BRATZ at the Hong Kong Toy Fair in January 2001.

21

22  REQUEST FOR PRODUCTION NO. 187:

23          All DOCUMENTS RELATING TO the exhibition or showing of

24  BRATZ at the Tokyo Toy Fair in or about February 2001.

25

26  REQUEST FOR PRODUCTION NO. 188:

27          All DOCUMENTS RELATING TO the exhibition of BRATZ at the

28  New York Toy Fair in or about February 2001.

EXHIBIT __3__

PAGE __74__

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1

2 | REQUEST FOR PRODUCTION NO. 189:

3        To the extent not covered by other Requests, all DOCUMENTS

4 RELATING TO the exhibition of BRATZ at any toy fair at any time prior to

5 December 31, 2001.

6

7 | REQUEST FOR PRODUCTION NO. 190:

8        All COMMUNICATIONS between YOU and any stock analyst,

9 investment analyst, investment bank, institutional lender, or venture capital fund

10 RELATING TO BRYANT, this ACTION OR MATTEL since January 1, 1999.

11

12 | REQUEST FOR PRODUCTION NO. 191:

13        All COMMUNICATIONS between YOU and any member of the press

14 RELATING TO BRATZ, including without limitation RELATING TO the origins,

15 conception, creation, DESIGN or development thereof.

16

17 | REQUEST FOR PRODUCTION NO. 192:

18        All COMMUNICATIONS between YOU and any member of the press

19 RELATING TO BRYANT since January 1, 1999.

20

21 | REQUEST FOR PRODUCTION NO. 193:

22        All COMMUNICATIONS between YOU and any member of the press

23 RELATING TO this ACTION.

24

25 | REQUEST FOR PRODUCTION NO. 194:

26        All COMMUNICATIONS between YOU and any member of the press

27 RELATING TO MATTEL since January 1, 1999.

28

EXHIBIT __3__

PAGE __75__

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

REQUEST FOR PRODUCTION NO. 195:

All DOCUMENTS RELATING TO any statements made by YOU to any stock analyst, investment analyst, investment bank, institutional lender, or venture capital fund RELATING TO BRYANT since January 1, 1999.

REQUEST FOR PRODUCTION NO. 196:

All DOCUMENTS RELATING TO any statements made by YOU to any stock analyst, investment analyst, investment bank, institutional lender, or venture capital fund RELATING TO this ACTION.

REQUEST FOR PRODUCTION NO. 197:

All DOCUMENTS RELATING TO any statements made by YOU to any stock analyst, investment analyst, investment bank, institutional lender, or venture capital fund RELATING TO MATTEL since January 1, 1999.

REQUEST FOR PRODUCTION NO. 198:

All COMMUNICATIONS between YOU and any individual while the individual was employed by MATTEL.

REQUEST FOR PRODUCTION NO. 199:

All DOCUMENTS RELATING TO publicity by YOU or MGA RELATING TO BRATZ, ANGEL and/or BRYANT since January 1, 1999, including but not limited to advertising, media releases, and public relations material.

EXHIBIT __3__
PAGE __76__

07209/2142932.1

1  REQUEST FOR PRODUCTION NO. 200:

2  All DOCUMENTS RELATING TO any effort by YOU or MGA to

3  recruit employees or contractors who have been or are employed by or who have

4  worked for MATTEL since January 1, 1999, including but not limited to

5  advertising, media releases, brochures, articles, catalogs, handbooks, and public

6  relations material.

7

8  REQUEST FOR PRODUCTION NO. 201:

9  All DOCUMENTS RELATING TO the hiring, engagement, or

10  retention by YOU or MGA of any current or former MATTEL employee or

11  contractor since January 1, 1999, including but not limited to all employment

12  agreements and agreements RELATING TO confidentiality or the invention,

13  authorship, or ownership of any concept or product.

14

15  REQUEST FOR PRODUCTION NO. 202:

16  All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

17  receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,

18  deletion or use of any DOCUMENTS or DIGITAL INFORMATION, including but

19  not limited to any compilation of information, that was prepared, made, created,

20  generated, assembled or compiled by or for MATTEL and that was not publicly

21  available at the time of YOUR receipt of such DOCUMENT or DIGITAL

22  INFORMATION.

23

24  REQUEST FOR PRODUCTION NO. 203:

25  All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

26  knowledge of any MATTEL product prior to the time that such product had been

27  announced or disclosed by MATTEL to retailers or the public.

28

EXHIBIT __3__
PAGE __77__

-50-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 204:

2      All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

3  knowledge of any DESIGN created by, on behalf of, or at the behest of MATTEL,

4  or created by any PERSON employed by or under contract with MATTEL at the

5  time of the DESIGN's creation, that was not manufactured for sale or placed into the

6  retail market.

7

8  REQUEST FOR PRODUCTION NO. 205:

9      All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

10  receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,

11  deletion or use of any MATTEL line list or other DOCUMENT prepared by

12  MATTEL identifying MATTEL products in the planning, design or development

13  phase.

14

15  REQUEST FOR PRODUCTION NO. 206:

16      All DOCUMENTS, since January 1, 1999, RELATING TO MGA's

17  receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,

18  deletion or use of any MATTEL line list or other DOCUMENT prepared by

19  MATTEL identifying MATTEL products in the planning, design or development

20  phase.

21

22  REQUEST FOR PRODUCTION NO. 207:

23      DOCUMENTS sufficient to IDENTIFY each account with any bank or

24  financial institution that YOU have or have had, or that YOU have or have had any

25  legal or beneficial interest in, since January 1, 1999.

26

27

28

EXHIBIT __3__
PAGE __78__

07209/2142932.1

-51-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1 | REQUEST FOR PRODUCTION NO. 208:

2         Documents sufficient to establish YOUR gross income, and the sources

3 of that gross income, for the years 1999 through the present, inclusive.

4

5 | REQUEST FOR PRODUCTION NO. 209:

6         YOUR federal and state tax returns for each of the years 1999 through

7 the present, inclusive.

8

9 | REQUEST FOR PRODUCTION NO. 210:

10         DOCUMENTS sufficient to IDENTIFY each telephone subscription

11 service account that YOU have or have had, or that YOU use or have used, since

12 January 1, 1999.

13

14 | REQUEST FOR PRODUCTION NO. 211:

15         All MATTEL DOCUMENTS that BRYANT or any other PERSON

16 has shown, given, provided, summarized or otherwise communicated to YOU or

17 MGA (whether directly or indirectly) at any time since January 1, 1999.

18

19 | REQUEST FOR PRODUCTION NO. 212:

20         All DOCUMENTS that YOU knew or were informed that, or ever had

21 any reason to believe, had been or were created by or originated from MATTEL,

22 other than MATTEL products that YOU or MGA purchased at retail.

23

24 | REQUEST FOR PRODUCTION NO. 213:

25         All COMMUNICATIONS between YOU and any PERSON

26 RELATING TO the retention or destruction of DOCUMENTS or DIGITAL

27 INFORMATION between January 1, 1999 and the present.

28

**EXHIBIT** _3_

**PAGE** _79_

1  REQUEST FOR PRODUCTION NO. 214:

2      All DOCUMENTS RELATING TO any facts underlying any of

3  YOUR defenses in this ACTION.

4

5  REQUEST FOR PRODUCTION NO. 215:

6      All doll heads, sculpts, prototypes, models, samples and tangible items

7  RELATING TO any facts underlying any of YOUR defenses in this ACTION.

8

9  REQUEST FOR PRODUCTION NO. 216:

10      All DOCUMENTS RELATING TO any facts underlying the claims for

11  relief in MATTEL's Complaint (including without limitation its Counterclaims)

12  against YOU or any other PERSON in this ACTION.

13

14  REQUEST FOR PRODUCTION NO. 217:

15      All doll heads, sculpts, prototypes, models, samples and tangible items

16  RELATING TO any facts underlying the claims for relief in MATTEL's Complaint

17  (including without limitation its Counterclaims) against YOU or any other PERSON

18  in this ACTION.

19

20  REQUEST FOR PRODUCTION NO. 218:

21      All DOCUMENTS RELATING TO any testing of or sampling from

22  any DOCUMENTS RELATING TO BRATZ or BRYANT, including without

23  limitation any such testing or sampling in connection with any ink, paper or

24  chemical analysis to date any such DOCUMENTS and including without limitation

25  all results and reports relating thereto.

26

27

28

EXHIBIT __3__

PAGE __80__

-53-

1 REQUEST FOR PRODUCTION NO. 219:

2 All DOCUMENTS RELATING TO YOUR knowledge of any testing

3 of or sampling from any DOCUMENTS RELATING TO BRATZ or BRYANT.

4

5 REQUEST FOR PRODUCTION NO. 220:

6 All DOCUMENTS RELATING TO Erich Speckin.

7

8 REQUEST FOR PRODUCTION NO. 221:

9 All DOCUMENTS RELATING TO YOUR payment of, or offer,

10 promise or agreement to pay, fees or costs in connection with the representation of

11 or provision of legal advice or legal services to any PERSON who is not, as of June

12 8, 2007, an MGA employee, including without limitation all contracts and

13 agreements RELATING thereto, the amounts YOU have so paid or agreed to pay to

14 such PERSON and the dates on which such payments were made.

15

16 REQUEST FOR PRODUCTION NO. 222:

17 Each STORAGE DEVICE that YOU have used to create, prepare,

18 generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION

19 RELATING TO BRATZ, ANGEL or BRYANT.

20

21 REQUEST FOR PRODUCTION NO. 223:

22 DOCUMENTS sufficient to IDENTIFY each STORAGE DEVICE that

23 YOU have used to create, prepare, generate, copy, transmit, receive, delete or

24 modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL or

25 BRYANT.

26

27

28

EXHIBIT _3_

PAGE _81_

-54-

1  REQUEST FOR PRODUCTION NO. 224:

2          All DOCUMENTS RELATING TO the purchase, acquisition,

3  installation, transfer, shipment, destruction or disposition of each STORAGE

4  DEVICE that YOU have used to create, prepare, generate, copy, transmit, receive,

5  delete or modify any DIGITAL INFORMATION RELATING TO BRATZ,

6  ANGEL or BRYANT.

7

8  REQUEST FOR PRODUCTION NO. 225:

9          Each STORAGE DEVICE that BRYANT has used to create, prepare,

10  generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION

11  RELATING TO BRATZ, ANGEL or MGA.

12

13  REQUEST FOR PRODUCTION NO. 226:

14          DOCUMENTS sufficient to IDENTIFY each STORAGE DEVICE that

15  BRYANT has used to create, prepare, generate, copy, transmit, receive, delete or

16  modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL, YOU

17  or MGA.

18

19  REQUEST FOR PRODUCTION NO. 227:

20          All DOCUMENTS RELATING TO the purchase, acquisition,

21  installation, transfer, shipment, destruction or disposition of each STORAGE

22  DEVICE that BRYANT has used to create, prepare, generate, copy, transmit,

23  receive, delete or modify any DIGITAL INFORMATION RELATING TO BRATZ,

24  ANGEL, YOU or MGA.

25

26  REQUEST FOR PRODUCTION NO. 228:

27          All DOCUMENTS RELATING TO the purchase, acquisition,

28  installation, transfer, shipment, destruction or disposition of each STORAGE

07209/2142932.1

EXHIBIT __3__

PAGE __82__

-55-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  DEVICE that BRYANT has used to create, prepare, generate, copy, transmit,

2  receive, delete or modify any DIGITAL INFORMATION.

3

4  REQUEST FOR PRODUCTION NO. 229:

5          DOCUMENTS sufficient to identify by product name, product number

6  and SKU each BRATZ PRODUCT including without limitation each BRATZ

7  DOLL, sold by MGA or its licensees.

8

9  REQUEST FOR PRODUCTION NO. 230:

10          DOCUMENTS sufficient to show the number of units of each BRATZ

11  DOLL sold by MGA or its licensees.

12

13  REQUEST FOR PRODUCTION NO. 231:

14          DOCUMENTS sufficient to show the revenue received by YOU from

15  the sale of each BRATZ DOLL sold by MGA or its licensees.

16

17  REQUEST FOR PRODUCTION NO. 232:

18          DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost

19  and other costs for each BRATZ DOLL sold by MGA or its licensees.

20

21  REQUEST FOR PRODUCTION NO. 233:

22          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

23  YOUR profits from the sale of each BRATZ DOLL sold by MGA or its licensees.

24

25  REQUEST FOR PRODUCTION NO. 234:

26          For each customer to whom YOU or YOUR licensees have ever sold

27  any BRATZ DOLL, DOCUMENTS sufficient to show the number of units of each

28  such BRATZ DOLL sold by MGA or its licensees to that customer.

REQUEST FOR PRODUCTION NO. 235:

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ DOLL, documents sufficient to show the revenue received by YOU from each such BRATZ DOLL sold by MGA or its licensees to that customer.

REQUEST FOR PRODUCTION NO. 236:

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ DOLL, documents sufficient to show YOUR profits from each such BRATZ DOLL sold by MGA or its licensees to that customer.

REQUEST FOR PRODUCTION NO. 237:

DOCUMENTS sufficient to show customer returns to YOU of BRATZ DOLLS sold or distributed by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 238:

DOCUMENTS sufficient to show customer rebates or credits given by MGA or its licensees to customers in connection with BRATZ DOLLS.

REQUEST FOR PRODUCTION NO. 239:

DOCUMENTS sufficient to show, by product number or SKU, the number of units of each BRATZ DOLL sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 240:

DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from the sale of each BRATZ DOLL sold by MGA or its licensees.

EXHIBIT _3_
PAGE _84_

07209/2142932.1

-57-

REQUEST FOR PRODUCTION NO. 241:

DOCUMENTS sufficient to show, by product number or SKU, YOUR cost of goods sold, unit cost and other costs for each BRATZ DOLL sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 242:

All DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR profits, by product number or SKU, from the sale of each BRATZ DOLL sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 243:

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU, the number of units of each such BRATZ DOLL sold by MGA or its licensees to that customer.

REQUEST FOR PRODUCTION NO. 244:

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from each such BRATZ DOLL sold by MGA or its licensees to that customer.

REQUEST FOR PRODUCTION NO. 245:

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU, YOUR profits from each such BRATZ DOLL sold by MGA or its licensees to that customer.

EXHIBIT __3__
PAGE __85__

07209/2142932.1

-58-

1  REQUEST FOR PRODUCTION NO. 246:

2          DOCUMENTS sufficient to show the revenue and profits derived by

3  YOU from the sale by MGA or its licensees of BRATZ DOLLS including, without

4  limitation, DOCUMENTS sufficient to show sales revenue, costs of goods sold,

5  variable costs, gross margins, royalties paid and received, gross profits and nets

6  profits.

7

8  REQUEST FOR PRODUCTION NO. 247:

9          DOCUMENTS sufficient to show the number of units of each BRATZ

10  PRODUCT sold by MGA or its licensees.

11

12  REQUEST FOR PRODUCTION NO. 248:

13          DOCUMENTS sufficient to show the revenue received by YOU from

14  the sale of each BRATZ PRODUCT sold by MGA or its licensees.

15

16  REQUEST FOR PRODUCTION NO. 249:

17          DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost

18  and other costs for each BRATZ PRODUCT sold by MGA or its licensees.

19

20  REQUEST FOR PRODUCTION NO. 250:

21          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

22  YOUR profits from the sale of each BRATZ PRODUCT sold by MGA or its

23  licensees.

24

25  REQUEST FOR PRODUCTION NO. 251:

26          DOCUMENTS sufficient to IDENTIFY all customers to whom MGA

27  or its licensees have ever sold any BRATZ PRODUCT.

28

EXHIBIT __3__

PAGE __86__

07209/2142932.1

-59-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 252:

2         For each customer to whom MGA or its licensees have ever sold any

3  BRATZ PRODUCT, DOCUMENTS sufficient to show the number of units of each

4  such BRATZ PRODUCT sold by MGA or its licensees to that customer.

5

6  REQUEST FOR PRODUCTION NO. 253:

7         For each customer to whom MGA or its licensees have ever sold any

8  BRATZ PRODUCT, documents sufficient to show the revenue received by YOU

9  from each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

10

11  REQUEST FOR PRODUCTION NO. 254:

12         For each customer to whom MGA or its licensees have ever sold any

13  BRATZ PRODUCT, documents sufficient to show YOUR profits from each such

14  BRATZ PRODUCT sold by MGA or its licensees to that customer.

15

16  REQUEST FOR PRODUCTION NO. 255:

17         DOCUMENTS sufficient to show customer returns to MGA of

18  BRATZ PRODUCTS sold or distributed by MGA or its licensees.

19

20  REQUEST FOR PRODUCTION NO. 256:

21         DOCUMENTS sufficient to show customer rebates and credits given

22  by MGA or its licensees to customers in connection with BRATZ PRODUCTS.

23

24  REQUEST FOR PRODUCTION NO. 257:

25         DOCUMENTS sufficient to show, by product number or SKU, the

26  number of units of each BRATZ PRODUCT sold by MGA or its licensees.

27

28

EXHIBIT __3__

PAGE __87__

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

REQUEST FOR PRODUCTION NO. 258:

DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from the sale of each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 259:

DOCUMENTS sufficient to show, by product number or SKU, YOUR cost of goods sold, unit cost and other costs for each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 260:

All DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR or MGA's profits, by product number or SKU, from the sale of each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 261:

For each customer to whom MGA or its licensees have ever sold any BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the number of units of each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

REQUEST FOR PRODUCTION NO. 262:

For each customer to whom MGA or its licensees have ever sold any BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

EXHIBIT _3_
PAGE _88_

REQUEST FOR PRODUCTION NO. 263:

DOCUMENTS sufficient to show the revenue and profits derived by YOU or MGA from the sale by YOU, MGA or its licensees of BRATZ PRODUCTS including, without limitation, DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs, gross margins, royalties paid and received, gross profits and nets profits.

REQUEST FOR PRODUCTION NO. 264:

DOCUMENTS sufficient to show the revenue and profits derived by YOU or MGA from BRATZ MOVIES including, without limitation, DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs, gross margins, royalties paid and received, gross profits and net profits.

REQUEST FOR PRODUCTION NO. 265:

DOCUMENTS sufficient to show the revenue and profits derived by YOU or MGA from BRATZ TELEVISION SHOWS including, without limitation, DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs, gross margins, royalties paid and received, gross profits and net profits.

REQUEST FOR PRODUCTION NO. 266:

All quarterly and annual profit and loss statements for BRATZ.

REQUEST FOR PRODUCTION NO. 267:

All sales, profit and cash flow projections or forecasts for BRATZ DOLLS, BRATZ PRODUCTS, BRATZ MOVIES and BRATZ TELEVISION SHOWS.

EXHIBIT _3_

PAGE _89_

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

REQUEST FOR PRODUCTION NO. 268:

All DOCUMENTS that REFER OR RELATE TO the value of the BRATZ brand.

REQUEST FOR PRODUCTION NO. 269:

DOCUMENTS sufficient to show or calculate YOUR net worth on a yearly basis for each year from 1999 to the present.

REQUEST FOR PRODUCTION NO. 270:

All DOCUMENTS that evidence, reflect or REFER OR RELATE TO the BRATZ DOLL's share of the fashion doll market including, without limitation, the extent to which Bratz has been or is gaining or losing market share in the fashion doll market.

REQUEST FOR PRODUCTION NO. 271:

DOCUMENTS sufficient to show each of YOUR position(s), titles and functions with and relationship to MGA, including without limitation with or to MGA Entertainment HK Limited and MGAE de Mexico, S.r.l. de C.V.

REQUEST FOR PRODUCTION NO. 272:

All DOCUMENTS RELATING TO the ownership of MGA Entertainment HK Limited.

EXHIBIT __3__
PAGE __90__

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 273:

2          All DOCUMENTS RELATING TO the ownership of MGAE de

3  Mexico, S.r.l. de C.V.

4

5  REQUEST FOR PRODUCTION NO. 274:

6          An electronic copy of each DOCUMENT that YOU have produced in

7  this action, or that is responsive to these Requests, that is or was created, prepared,

8  generated, maintained or transmitted in digital form.

9

10  REQUEST FOR PRODUCTION NO. 275:

11          The metadata for each DOCUMENT that YOU have produced in this

12  action, or that is responsive to these Requests, that is or was created, prepared,

13  generated, maintained or transmitted in digital form.

14

15  REQUEST FOR PRODUCTION NO. 276:

16          To the extent not produced in response to any other Request for

17  Production, all DOCUMENTS and tangible things upon which YOU intend to rely

18  in this ACTION.

19

20  DATED:  June 13, 2007          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
21

22

23          By _Michael T. Zeller_/
                Michael T. Zeller
24              Attorneys for Mattel, Inc.

25

26

27                                        EXHIBIT __3__

28                                        PAGE __91__

07209/2142932.1

-64-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

**PROOF OF SERVICE**

1

2      I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3    Street, 10th Floor, Los Angeles, California 90017-2543.

4      On June 13, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**

5    **ISAAC LARIAN** on the parties in this action as follows:

6

7        John W. Keker, Esq.
         Michael H. Page, Esq.

8        Christa M. Anderson, Esq.
         KEKER & VAN NEST, LLP

9        710 Sansome Street
         San Francisco, California  94111

10

11

12    **BY MAIL:** I am "readily familiar" with the practices of Quinn Emanuel Urquhart Oliver & Hedges for collecting and processing correspondence for mailing with the United States Postal

13    Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. I enclosed the foregoing in sealed envelope(s)

14    addressed as shown above, and such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary

15    business practices.

16      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

17

       Executed on June 13, 2007, at Los Angeles, California.

18

19

20                                        _Elaine Chavarria_
                                          Elaine Chavarria

21

22

23

24

25

26

27

28

09819/2143538.1

**EXHIBIT** 3

**PAGE** 92

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa
3  Street, 10th Floor, Los Angeles, California 90017-2543.

4      On June 13, 2007, I served true copies of the following document(s) described as
**MATTEL, INC'.S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**
5  **ISAAC LARIAN** on the parties in this action as follows:

6

7      Diana M. Torres, Esq.
    O'Melveny & Myers, LLP
8      400 South Hope Street
    Los Angeles, California  90071
9

10

11  **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s)
being served.

12      I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.
13

14      Executed on June 13, 2007, at Los Angeles, California.

15

16  DAVE QUINTANA

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _3_
PAGE _93_

# Exhibit 4
# Filed Under Seal Pursuant to
# Protective Order

# Exhibit 5

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                    EASTERN DIVISION

11

12                                          CASE NO. CV 04-09049 SGL (RNBx)
                                            JAMS Reference No. 1100049530
   CARTER BRYANT, an individual,
13
          Plaintiff,
14                                          Consolidated with
      v.                                    Case No. CV 04-09059
15                                          Case No. CV 05-2727
   MATTEL, INC., a Delaware corporation,
16                                          ORDER GRANTING IN PART AND
          Defendant.                        DENYING IN PART MATTEL'S
17                                          MOTION TO COMPEL PRODUCTION
                                            OF DOCUMENTS BY ISAAC LARIAN;
18                                          DENYING REQUEST FOR
                                            SANCTIONS
19

20  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
21  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
22

23                         I. INTRODUCTION

24       On October 11, 2007, Mattel, Inc. ("Mattel") submitted a "Motion to Compel Production

25  of Documents by Isaac Larian and for Award of Monetary Sanctions." Specifically, Mattel seeks

26  an order compelling Isaac Larian ("Larian") to produce documents responsive to Mattel's First

27  Set of Requests for Documents and Things, including, without limitation, Request Nos. 1, 2, 13,

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

                              12-31

EXHIBIT 5
PAGE 108

15, 32, 33, 35, 41, 61-76, 79-101, 113-115, 123-125, 139-146, 178, 180, 181, 190-192, 194-199, 207-209, 213, 221-225, 227-228, 269, 272 and 273 and a privilege log identifying all documents withheld based on any claimed privilege. Mattel also seeks an award of sanctions against Larian in the amount of $4,500, which represents a portion of the costs incurred by Mattel in bringing this motion. Larian submitted an opposition on December 5, 2007.[1] Mattel submitted a reply on December 10, 2007. The matter was heard on December 14, 2007. Having considered the motion papers and comments of counsel at the hearing, Mattel's motion to compel is granted in part and denied in part, and the request for sanctions is denied.

## II. BACKGROUND

On June 13, 2007, Mattel propounded its First Set of Requests for Production of Documents and Things to Larian, the CEO and majority owner of MGA. On August 6, 2007, Larian filed his initial responses and objections. The parties met and conferred, and on September 25, 2007, Larian served supplemental responses and objections.

Mattel filed the instant motion on October 11, 2007 seeking further responses to 87 of the 276 Requests. The parties met and conferred further, and Larian ultimately agreed to provide further responses to 55 of the disputed 87 Requests. Specifically, Larian agreed to supplement his responses and to produce documents responsive to Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-76, 82-101, 139-146, 213, 221 and 223, "to include documents, if any, in his personal files that have not previously been produced." MGA's Opposition at pp. 1-2.

The remaining 32 Requests at issue can be grouped into ten categories: (1) personal financial data; (2) communications with Mattel employees; (3) statements to the media; (4) telephone records; (5) storage devices; (6) Carter Bryant's ("Bryant") storage devices; (7) market research concerning products not at issue; (8) Bryant's attorney and niece; (9) the Larian brother's arbitration; and (10) MGA Hong Kong and MGA Mexico.

//

---

[1] Mattel filed an Objection to Larian's Opposition and Response to Mattel's Separate Statement, asserting that the submissions should not be considered because they are untimely and because the Response to Mattel's Separate Statement fails to set forth a complete and verbatim statement of Mattel's position. The Objection is overruled because Mattel has not been prejudiced and because of the court's preference to resolve Mattel's motion on the merits.

EXHIBIT 5
PAGE 109

## II. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006) (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000) (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for the phrase "subject matter involved in the pending action," were intended to prevent discovery that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly litigate the issues presented by the pleadings but to develop new claims or defenses.).

Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or extent of use of the discovery methods if the court determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

The 55 Requests Resolved During Meet and Confer Session

During the meet and confer session held after the instant motion was filed, Larian agreed to produce documents responsive to 55 requests. In his Opposition brief, Larian states that the 55 requests are no longer in dispute.

Nevertheless, a court order compelling production is warranted for two reasons. First, Larian has not yet produced documents responsive to the 55 requests or provided a date by which

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT 5
PAGE 110

1  he will do so.  Second, Larian's agreement to produce responsive documents is apparently limited

2  to documents from his so-called "personal files."  See Opposition at 2:2-3.

3       Mattel's counsel "never agreed that Larian could limit his response to the above requests

4  to documents in his 'personal files' and Larian's counsel did not state that Larian would limit his

5  response to documents in Larian's 'personal files.'"  Supp. Decl. of Scott B. Kidman.

6  Furthermore, the limitation to "personal files" suggested by Larian is contrary to Rule 34,

7  Fed.R.Civ.P, which imposes a duty to produce responsive documents within the responding

8  parties' "possession, custody or control."  The limitation is also unworkable because, as Mattel

9  points out, it "would create a situation by which responsive and highly relevant documents might

10  never be produced because MGA, on the one hand, deems [a] document to belong to Larian, and

11  Larian, on the other hand, deems [a] document not to be part of his 'personal files.'"  Reply at p.6.

12  Market Research for Products Not at Issue:  Request Nos. 79-81

13       In Request No. 79, Mattel seeks all documents relating to any focus groups relating to

14  Bratz and/or Angel, including without limitation all videotapes, summaries, notes and reports.  In

15  his supplemental response, Larian agrees to produce the following documents, subject to his

16  general objections:

17       Larian will produce all documents within his possession, custody, or control that
         relate to focus groups for "MGA contested products" and "Mattel contested
18       products," as those terms are defined in Mattel's First Requests for Production
         regarding Claims of Unfair Competition, if any, and that have not already been
19       produced, that he discovers in the course of his reasonable search and diligent
         inquiry, and to which no privilege or other protection applies, including without
20       limitation, the attorney-client privilege or attorney's work product doctrine.

21

22  Mattel's Consolidated Separate Statement at pp. 20-21.

23       In Request No. 80, Mattel seeks all documents relating to any services or work performed

24  by L.A. Focus between January 1, 1999 and December 31, 2001, including without limitation, all

25  videotapes, summaries, notes and reports associated therewith.  In his supplemental response,

26  Larian agrees to produce documents relating or referring to Bratz or Angel that are responsive to

27  the request and to which no privilege or other protection applies.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4



EXHIBIT _5_
PAGE _111_

1    In Request No. 81, Mattel seeks all documents relating to Alaska Momma. In his

2    supplemental response, Larian agrees to produce all documents relating or referring to Bratz,

3    Angel or Bryant that are responsive to the request and to which no privilege or other protection

4    applies.

5    Mattel contends that the requests are as narrowly tailored as possible to capture relevant

6    information. More specifically, Mattel contends that Request No. 79 seeks documents that bear

7    directly on the timing of the development of Bratz, as well as MGA's unfair competition claims

8    and Mattel's defense thereto. Mattel contends that the requested documents may demonstrate that

9    MGA is guilty of copying Mattel's Barbie and My Scene products.

10    Larian contends that Request Nos. 79-81 are overbroad and unduly burdensome. As an

11    example, Larian points to Request No. 80, which requests all documents relating to any services

12    or work performed by L.A. Focus, regardless of whether that work has any relation to the claims

13    and defenses in the action or any of the products at issue. Larian similarly contends that Request

      Nos. 79 and 81 are unbounded by subject matter or time, and are untethered to any claim or

14    defense in this case.

15    Mattel's motion to compel Larian to produce all documents responsive to Request No. 79

16    is granted. The request is reasonably limited in subject matter to Bratz and Angel. The requested

17    documents are relevant to several issues in the case, including the origin, conception and creation

18    of Bratz. The requested documents are also relevant to the unfair competition claims. Larian's

19    supplemental response to Request No. 79 is unduly restrictive. Among other things, the

20    definitions of "contested MGA products" encompass only those products that provide a basis for

21    any claim by MGA against Mattel, and not claims by Mattel against MGA.

22    Mattel's motion to compel Larian to produce all documents responsive to Request Nos.

23    80-81 is denied. These requests, as drafted, are clearly overbroad because they have no

24    reasonable limitations on subject matter or time. In particular, the requests are directed to L.A.

25    Focus and Alaska Momma without regard to whether the services or work the companies

26    provided has any relation to any product at issue.

27    Larian's supplemental responses to Request Nos. 80 and 81 are reasonably limited to

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT 5
PAGE 112

1    documents related to the products at issue: Bratz and Angel. In Mattel's view, Larian's

2    supplemental response is too narrow and "may result in the exclusion of highly relevant

3    documents because the project, concept or design that is the subject of the focus group is deemed

4    not to relate to something then known as Bratz or Angel." However, Larian acknowledges that

5    these types of hypothetical documents would still fall within the narrower scope of production

6    proposed in his supplemental response.

7        Mattel also contends that it is entitled to all of the requested documents called for by

8    Request No. 80 because they are relevant to credibility and bias, particularly if the documents

9    show that work relating to Bratz or Angel deviate from standard procedures that MGA and L.A.

10   Focus used. It is, however, not apparent how deviations from standard procedures would impact

     credibility or bias.

11       As to Request No. 81, Mattel contends that the documents showing the relationship

12   between Larian or MGA and Alaska Momma are relevant, even if they do not themselves

13   specifically relate to Bratz, Angel or Bryant. Mattel contends that communications from Larian

14   or MGA asking Alaska Momma to look for fashion doll opportunities around the time Bryant

15   claims to have pitched Bratz to Alaska Momma would be highly relevant in impeaching MGA's

16   and Bryant's stories about how and when they came to be introduced. Mattel also contends that

17   documents showing other dealings between Larian or MGA and Alaska Momma are relevant to

18   the issues of bias and credibility. Mattel's supposition about the types of documents that might

19   exist does not justify the type of far-reaching request it has propounded. Request No. 81 is also

20   not limited by either subject matter or time.

21       Accordingly, Larian shall produce documents responsive to Request Nos. 80 and 81 in

22   accordance with his supplemental responses.

23

24   Bryant's Attorney and Niece: Request Nos. 113-115

25       In Request No. 113, Mattel seeks all communications between Larian or MGA and Anne

26   Wang, a lawyer who represented Bryant in his contract negotiations with MGA. In Request No.

27   114, Mattel seeks all documents, including without limitation all communications, between

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                                                                                                6


EXHIBIT 5
PAGE 113

1  Larian or MGA and Anne Wang. In Request No. 115, Mattel seeks documents relating to Brooke

2  Gilbert, Bryant's niece. In his supplemental responses, Larian agrees to produce documents

3  relating to Bratz, Angel or Bryant that are responsive to the requests and to which no privilege or

4  other protection applies. Thus, the only issue is whether Larian should be required to produce

5  responsive documents that do not relate to Bratz, Angel or Bryant.

6       Mattel contends that Request Nos. 113-114 seek documents that are relevant to the origin

7  and conception of Bratz and the timing thereof. Mattel also contends that the documents may

8  disclose relevant information regarding Mattel's claims for breach of contract and inducing

9  breach of contract, including information regarding Bryant's or MGA's knowledge of Bryant's

10  contractual obligations with Mattel. Mattel also contends that Larian has failed to carry his

    burden of demonstrating that the requests are overly burdensome.

11       Mattel further contends that Larian's supplemental responses to Request Nos. 113 and 114

12  are inadequate because the limitations on scope may eliminate otherwise relevant documents that

13  do not specifically refer to Bratz, Angel or Bryant. For example, Mattel contends that

14  communications with or about Bryant's lawyer that do not specifically relate to Bratz, Angel or

15  Bryant may be relevant to the issues of credibility and bias.

16       Mattel contends that Request No. 115 seeks documents that are relevant to determine

17  whether evidence on Bryant's computer was destroyed by the "Evidence Eliminator" software

18  that had been installed and run on the hard drive. Bryant claims to have given his computer to his

19  niece. Mattel also contends that the requested documents are relevant to the issues of credibility

20  and bias. Further, Mattel contends that Larian's supplemental response to Request No. 115 is

21  inadequate, because evidence of any communication between Larian and his niece, regardless of

22  subject matter, is significant.

23       Larian contends that Request Nos. 113-115 are overbroad and unduly burdensome

24  because they lack any subject matter or time constraints. Further, Larian contends that the

25  requests constitute an improper fishing expedition and necessarily sweep in documents that are

26  not relevant to any claim or defense.

27  //

28  

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT 5
PAGE 114

1    Mattel's motion to compel documents responsive to Request Nos. 113-115 is denied. The

2  requests are overbroad because they are not focused on relevant subject matter and are untethered

3  to any claim or defense. Although Mattel asserts that responsive documents unrelated to Bratz,

4  Angel or Bryant might be relevant to the issues of credibility and bias, that speculative possibility

5  is too remote to justify the breadth of Mattel's requests.

6    Larian's supplemental responses are sufficient to provide Mattel with relevant and

7  responsive documents. Larian shall produce documents responsive to Request Nos. 113-115 in

8  accordance with his supplemental responses.

9

10  <u>The Larian Brothers' "Arbitrations and Suits": Request Nos. 123-125</u>

11    In Request No. 123, Mattel seeks all documents relating to any and all arbitrations and

12  suits between Larian and his brother, Farhad Larian. In Request No. 124, Mattel seeks all

13  documents filed, submitted or served in the suit and/or arbitration proceedings brought by Farhad

14  Larian against Larian, including without limitation all declarations, affidavits, transcripts, video

15  and/or audio recordings and sworn testimony given by any person in such suit or arbitration

16  proceedings. In Request No. 125, Mattel seeks all documents relating to any and all settlements,

17  resolutions, or compromises of any suit and/or arbitration proceedings between Larian and Farhad

18  Larian. In his supplemental responses, Larian agrees to produce all documents referring or

19  relating to Bratz that are responsive to the requests and to which no privilege or other protection

20  applies.

21    Mattel contends that the court has already ruled that the arbitration proceedings between

22  Larian and his brother are relevant because they involve, among other matters, the conception and

23  creation date for Bratz. Mattel contends that Larian's supplemental responses improperly limit

24  the requests to the exclusion of potentially relevant documents. For example, Mattel contends

25  that documents that relate to the business, activities and plans of MGA in early 2000 are relevant

26  to the timing of the development of Bratz, whether or not they specifically refer to Bratz.

27  Mattel also contends that the requested documents are relevant to the value of the Bratz brand and

the net worths of Larian and MGA, as well as Mattel's claims for damages, including, for

28

8



EXHIBIT 5
PAGE 115

1   example, profits from the sale and licensing of Bratz and other information that would impeach

2   Larian's testimony that he has not made any profits from Bratz. Further, Mattel contends that the

3   requested documents may lead to evidence of the assessments or valuations of the net worth or

4   value of MGA or Larian, regardless of any reference to Bratz specifically. Mattel also contends

5   that settlement documents may contain information that bears on the merit of Farhad Larian's

6   claims and the value of Bratz. Mattel also claims that the requested documents are relevant to

7   motive, intent, bias and credibility.

8         Larian contends the instant requests are overbroad and unduly burdensome. Further,

9   Larian contends that the relationship of the requested documents to any of the claims or defenses

10  in the present action is questionable, and the existence of such documents is conjectural.

11  Moreover, Larian contends that many of the categories of documents of interest to Mattel are

12  already the subject of other requests. Larian also contends that Request Nos. 123-125 impose an

13  undue burden because of the protective orders in place that strictly limit the use of any documents

14  from an arbitration and suit between Larian and his brother. Larian represents that he is currently

15  working with Mattel and his brother in an attempt to achieve suitable modifications to the orders

    that are agreeable to all parties.

16        Mattel's motion to compel documents responsive to Request Nos. 123-125 as drafted is

17  denied. The requests are clearly overbroad in calling for all documents from the arbitrations and

18  suits between Larian and his brother, without any subject matter limitations. Furthermore, these

19  requests are unduly burdensome to the extent they require production of documents that do not

20  refer or relate to Bratz. Such documents have marginal relevance, at best, to the claims and

21  defenses in the case.

22        Larian's supplemental responses to Request Nos. 123 -125 are sufficient. Larian's

23  agreement to produce documents that refer or relate to Bratz is a reasonable compromise that will

24  enable Mattel to obtain documents relevant to the claims and defenses in the case, including many

25  of the categories of documents of interest to Mattel. For example, under Larian's proposed

26  limitation, documents that relate to the business, activities and plans of MGA in 2000 that also

27  refer or relate to Bratz must be produced. Documents relating to the value of the Bratz brand are

28


EXHIBIT 5
PAGE 116

1   also within the scope of Larian's proposed limitation and would have to be produced. Documents

2   relating to the net worth of Larian or MGA that refer or relate to Bratz would also have to be

3   produced. Further, Larian's proposed limitation does not necessarily foreclose discovery

4   regarding the appraisal of MGA prepared by Mr. Dutcher. In particular, documents relating to

5   MGA's liabilities, debt, intangible assets, inventory, loans, growth rate projection, and revenue

6   projections must be produced if such documents refer or relate to Bratz. Accordingly, Larian

7   shall produce documents responsive to Request Nos. 123-125 in accordance with his

8   supplemental responses.

9

10   Telephone Records: Request Nos. 178-181

11        In Request No. 178, Mattel seeks all documents relating to, including without limitation

12   phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period

13   from January 1, 1998 through January 1, 2001. Larian objects to this request.

14        In Request No. 179, Mattel seeks all documents relating to, including without limitation

15   phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period

16   from January 1, 1998 through January 1, 2001 relating to Bratz and/or Angel. In his supplemental

17   responses, Larian agrees to produce documents responsive to Request No. 179. In response to

18   this motion, however, Larian contends that he should be permitted to produce documents

19   responsive to Request No. 179 in redacted form as discussed more fully below.

20        In Request No. 180, Mattel seeks all documents relating to, including without limitation

21   phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period

22   from April 1, 2004 through June 1, 2004. Larian objects to this request.

23        In Request No. 181, Mattel seeks all documents relating to, including without limitation

24   phone records for, telephone calls relating to Bryant by or to Larian or anyone on Larian's behalf

25   at any time. In his supplemental response, Larian agrees to produce all documents pertaining to

26   communications made prior to January 1, 2001 that are responsive to the request and to which no

27   privilege or other protection applies.

28   //

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT  5
PAGE  117

1   Mattel contends that Request No. 178 seeks documents relevant to show Larian's

2   communications with Bryant and other Mattel employees while such employees may still have

3   been employed by Mattel and before Larian claims to have known about Bratz. Similarly, Mattel

4   contends that Request No. 180 seeks documents relevant to Mattel's allegation that MGA, and

5   Larian in particular, were recruiting employees of Mattel's Mexican subsidiary and enticing them

6   to steal Mattel trade secrets.

7   Further, Mattel contends that the requested documents regarding telephone records are

8   relevant to (a) Mattel's claims regarding ownership of Bratz to the extent they show

9   communications with Carter Bryant; (b) Mattel's claims for theft of trade secrets to the extent

10  they show communications with current and former Mattel employees, including Machado,

11  Vargas, Trueba, Brawer, and Brisbois; (c) Mattel's claims regarding allegedly false statements

12  Larian made to retailers; (d) MGA's counterclaims; and (e) Mattel's defenses. With respect to

13  burden, Mattel contends that it would be more burdensome to attempt to produce the requested

14  records in redacted form, and further, that the protective order in place is sufficient to protect

    Larian's privacy concerns.

15  Larian contends that the requests regarding telephone records are overbroad, completely

16  unbounded as to subject matter, and necessarily sweep in private information that is completely

17  irrelevant to any of the claims or defenses in the case. Larian also points out that the court

18  previously considered similar requests served on Bryant and allowed production of redacted

19  copies of telephone records as long as Bryant provided a signed verification that none of his

20  redactions related to Bratz, MGA or any other project he worked on for MGA. Specifically,

21  Bryant was permitted to produce redacted phone records as long as he provided a "signed

22  verification that none of the telephone records that were redacted relate or refer in any way to

23  MGA, Bratz, or any other project that Bryant worked on, with, for or on behalf of MGA."

24  Kennedy Decl., Ex. 1 (January 25, 2007 Order Granting Mattel's Motion to Compel Production

25  of Documents by Bryant). Larian contends that he should be permitted to redact responsive

26  documents consistent with the court's prior order. During the meet and confer, Larian offered to

27  provide redacted records and a signed verification that none of the redacted information was

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

11



EXHIBIT 5
PAGE 118

1    relevant to the case, but Mattel did not respond to the offer.

2        Mattel's motion to compel documents responsive to Request Nos. 178 (all documents

3    relating to phone records by or to Larian for January 1, 1998 – January 1, 2001) is denied. The

4    request is overbroad because it lacks any subject matter limitation, and thus necessarily sweeps in

5    private information that is completely irrelevant to the case. Larian should not be subjected to

6    such an intrusion into his private and business affairs when Mattel has made no attempt to tailor

7    the request to the communications, claims, and defenses identified above.

8        In contrast to Request No. 178, Request No. 179 is reasonably tailored to phone records

9    for a particular time frame (January 1, 1998 to January 1, 2001), and to particular subject matters

10   (Bratz and/or Angel). Accordingly, Larian shall abide by his agreement to comply with Request

11   No. 179, as stated in his supplemental response. Larian's proposal to produce responsive

12   documents in redacted form is appropriate to address his privacy concerns. More specifically,

13   Larian may produce documents responsive to Request No. 179 in redacted form as long as Larian

14   provides a signed verification that none of the redacted material refers or relates in any way to

15   MGA, Bratz, or any other proposed or actual project worked on, with, for or on behalf of MGA,

     or that are otherwise relevant to the case.

16       Mattel's motion to compel documents responsive to Request No. 180 (documents relating

17   to telephone calls by or to Larian from April 1, 2004 – June 1, 2004) is granted. Request No. 180

18   is reasonably tailored to a two month period during which MGA and Larian allegedly recruited

19   employees out of Mattel's Mexican subsidiary and enticed them to steal Mattel trade secrets. See

20   Mattel's Second Amended Answer and Counterclaims, ¶¶37-54. Larian may produce documents

21   responsive to Request No. 180 in redacted form as specified above with respect to Request No.

22   179.

23       Request No. 181 (documents relating to telephone calls relating to Bryant by or to Larian)

24   is overbroad as written because it has no time limits. In his supplemental response, Larian agrees

25   to produce communications prior to January 1, 2001 that are responsive to the request. Larian's

26   proposed limitation is a reasonable compromise that will provide Mattel with relevant documents

27   without imposing an undue burden. Accordingly, Larian shall produce documents responsive to

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)



EXHIBIT 5
PAGE 119

1    Request No. 181 consistent with his supplemental response, and may produce such documents in

2    redacted form as specified above with respect to Request No. 179.

3

4    Statements to the Media:  Request Nos. 190-192, 194-197 and 199

5          In Request Nos. 190-192, 194-197 and 199, Mattel seeks communications between Larian

6    and members of the press or financial institutions relating to Bratz, Bryant, Mattel or this action.

7    Mattel contends that the requests are sufficiently narrowly tailored to seek information that goes

8    to the issues in the lawsuit. More specifically, Mattel contends that the request are relevant to

9    Mattel's allegation that MGA and Larian repeatedly issued false and misleading press releases

10   regarding Bratz's sales, Bratz's market share, Bratz's position relative to Mattel's Barbie

11   products, sales of Mattel's Barbie products, and the market share of Mattel's Barbie products.

12   Further, Mattel contends that statements to lenders or investors relating to Bratz or Bryant may

13   also contain admissions regarding the origin and conception of Bratz and statements relevant to

14   damages.

15          Larian contends that the requests are overbroad and unduly burdensome, particularly

16   because several of the requests seek publicly available information. Further, Larian points out

17   that the court has already considered and rejected as overbroad a nearly identical request served

18   on MGA that called for all documents relating to any communications by MGA with any news

19   organization regarding the contested MGA products or the contested Mattel products. Larian

     contends that the same reasoning applies to the instant requests.

20          Mattel's motion to compel documents responsive to Request Nos. 190-192, 194-197 and

21   199 is denied. Although several of the requests encompass potentially relevant documents, the

22   requests are overbroad and encompass documents that have little to no relevance to the claims and

23   defenses in the case. Not one of the requests is limited to relevant subject matters, such as Bratz's

24   sales, Bratz's market share, Bratz's position relative to Mattel's Barbie products, sales of Mattel's

25   Barbie products, the market share of Mattel's Barbie products, the origin and conception of Bratz,

26   or damages.

27   //

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                                                                                      13

EXHIBIT 5
PAGE 120

1  Furthermore, many of these overbroad requests seek publicly available information that is
2  readily accessible to Mattel for which Larian should not be burdened. To the extent the requested
3  documents and information are not publicly available, such documents and information are
4  marginally, if at all, relevant because they are not likely to have caused Mattel compensable harm.
5  In either case, the burden and expense of searching for and producing responsive documents are
6  unjustified.

7
8  Communications With Mattel Employees: Request No. 198

9  In Request No. 198, Mattel seeks all communications between Larian and any individual
10 while the individual was employed by Mattel. Mattel contends that this request is directly
11 relevant to Mattel's claims of trade secret theft, and that the relevancy outweighs any purported
   burden of production.

12 Larian contends that the request is overbroad and unduly burdensome because it is
13 unrestricted as to time and subject matter. Larian also points out that the court has previously
14 found a similar request overbroad. Larian further contends that employees in the toy industry are
15 likely to maintain contacts with other toy manufacturers, and that a large corporation such as
16 Mattel is likely to have a high number of employees communicating with MGA or its officers,
17 which makes the request more unduly burdensome and unreasonable than it appears on its face.

18 Unlike other requests regarding communications, Request No. 198 is reasonably tailored
19 to the specific and numerous allegations in the case regarding alleged trade secret theft. Although
20 the request is not limited by subject matter, it is limited in other respects to seek relevant
21 documents without imposing an undue burden. The request is limited to communications
22 between Larian (and not MGA or persons acting on his behalf) and individuals employed at
23 Mattel. The request is also limited to only those communications that took place while the
24 individuals were employed at Mattel.

25 Nevertheless, an additional temporal limit is appropriate to tailor the request to Mattel's
26 allegations of trade secret theft. The alleged trade secret theft began with Bryant's conduct in
27 1999 and continued to 2005. Accordingly, Larian shall produce documents responsive to Request

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

14


EXHIBIT 5
PAGE 121