1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
6  Facsimile:    (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9                    UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                       EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13          Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
| 14       vs. | Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware<br>corporation, | **DISCOVERY MATTER** |
| 16          Defendant. | **[To Be Heard By Discovery Master<br>Robert O'Brien Pursuant to Order of<br>January 6, 2009]** |
| 17 | |
| 18  AND CONSOLIDATED ACTIONS | MATTEL, INC.'S NOTICE OF<br>MOTION AND MOTION TO<br>COMPEL PRODUCTION OF |
| 19 | DOCUMENTS FOR WHICH ANY<br>CLAIMS OF PRIVILEGE HAVE<br>BEEN WAIVED |
| 20 | |
| 21 | |
| 22 | Date:    TBD<br>Time:    TBD<br>Place:   Arent Fox LLP |
| 23 | |
| 24 | **Phase 2:**<br>Discovery Cut-off:  December 11, 2009<br>Pre-trial Conference:  March 1, 2010 |
| 25 | Trial Date:  March 23, 2010 |
| 26 | |
| 27 | |
| 28 | |

1  TO ALL PARTIES, OMNI 808 INVESTORS, LLC AND THEIR ATTORNEYS OF

2  RECORD:

3        PLEASE TAKE NOTICE that, on a date and time to be set by the

4  Discovery Master, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the

5  Court pursuant to <u>Federal Rules of Civil Procedure</u> 37 and 45 to compel Omni 808

6  Investors, LLC ("Omni 808") to produce all documents responsive to the Discovery

7  Master's Order No. 3 that it has withheld on the purported basis of privilege, and for

8  an award of monetary sanctions in the amount of $4,500.

9        This Motion is made on the grounds that Mattel seeks discoverable

10 information and that Omni 808 has waived its privilege objections by its failure to

11 timely produce a privilege log, in violation of the <u>Rules</u> and the Court's orders, and

12 therefore should be sanctioned.

13       This Motion is based on this Notice of Motion and Motion, the

14 accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan

15 Proctor filed concurrently herewith, the records and files of this Court, and all other

16 matters of which the Court may take judicial notice.

17                            **Statement of Compliance**

18       Mattel sent Omni 808 an initial letter on April 21, 2009 requesting a

19 meet and confer pursuant to paragraph 5 of the Discovery Master Stipulation.  Omni

20 808 did not respond.  Follow-up letters from Mattel dated May 5 and May 20, 2009

21 led to no resolution of the matter.

22

23 DATED:  June 29, 2009           QUINN EMANUEL URQUHART OLIVER &
                                          HEDGES, LLP

24

25                         By<u>/s/ B. Dylan Proctor</u>

26                           B. Dylan Proctor
                          Attorneys for Plaintiff

27                           Mattel, Inc.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND ..................................................................................................... 2

ARGUMENT ........................................................................................................... 4

I.      OMNI 808 HAS WAIVED ANY CLAIM TO PRIVILEGE ............................ 4

     A.      Omni 808 Had An Obligation To Identify And Substantiate Its
             Claims As To  Each Withheld Document In A Timely Fashion .............. 4

     B.      Omni 808 Has Waived Any Privilege Claims ........................................ 6

II.     OMNI 808 SHOULD BEAR THE COSTS OF THIS MOTION .................... 10

CONCLUSION...................................................................................................... 11

1

## TABLE OF AUTHORITIES

2                                                                                              **Page**

3                                                            **Cases**

4    Am. Dental Assoc. v. Khorrami,
         2003 WL 24141019 (C.D. Cal. Jul. 14, 2003) ............................................................ 7
5
     Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court,
6        408 F.3d 1142 (9th Cir. 2005) ........................................................... 4, 5, 6, 7, 8, 9

7    Flanagan v. Benicia Unif. Sch. Dist.,
         2008 WL 2073952 (E.D. Cal. May 14, 2008) ............................................................ 7
8
     Get-A-Grip, II, Inc. v. Hornell Brewing Co., Inc.,
9        2000 WL 1201385 (E.D. Pa. Aug. 8, 2000) ............................................................... 8

10   Hanni v. Am. Airlines, Inc.,
         2009 WL 1505286 (N.D. Cal. May 27, 2009) ...................................................... 5, 10
11
     Hyde & Drath v. Baker,
12       24 F.3d 1162 (9th Cir. 1994) .................................................................................. 10

13   Lopez v. City of New York,
         2007 WL 869590 (E.D.N.Y. March 20, 2007) .......................................................... 8
14
     RTC v. Dabney,
15       73 F.3d 262 (10th Cir. 1995) .................................................................................. 10

16   Ritacca v. Abbott Lab.,
         203 F.R.D. 332 (N.D. Ill. 2001) ............................................................................... 9
17
     Thelen Reid & Priest LLP v. Marland,
18       2007 WL 578989 (N.D. Cal. Feb. 21, 2007) ............................................................ 6

19   Wolk v. Green,
         2007 WL 3203050 (N.D. Cal. Oct. 29, 2007) .......................................................... 4
20

21                                                          **Statutes**

22   28 U.S.C. § 1927 ........................................................................................................ 10

23   Fed. R. Civ. P. § 26 ................................................................................................... 4, 5

24   Fed. R. Civ. P. § 26(b)(5) ....................................................................................... 4, 5, 6

25   Fed. R. Civ. P. § 37(a)(5)(A) ..................................................................................... 10

26   Fed. R. Civ. P. § 37(b)(2) ............................................................................................ 6

27   Fed. R. Civ. P. § 45 ..................................................................................................... 4

28   Fed. R. Civ. P. § 45(d)(2) ............................................................................................ 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Omni 808 has intentionally failed and refused to produce a privilege log identifying documents it has withheld under its purported claims of privilege.  In an Order issued more than three and a half months ago (enforcing subpoenas served more than six months ago), Omni 808 was ordered to produce documents within 30 days.  Omni 808 defied the Discovery Master's Order and refused to produce its documents.  Only after Mattel was forced to move for contempt and other sanctions, and only after the Discovery Master issued a warning, did Omni 808 deign to produce any documents to even partially comply with the Discovery Master's Order.  And it still has not produced a privilege log.

Mattel has repeatedly inquired as to the status of Omni 808's privilege log; each inquiry has been met (variously) with silence, arguments that no log is required or dubious assurances that a log will someday be provided.  All the while, though the relationship between Omni 808 and MGA remains a key matter at issue, Mattel has been and is being denied the opportunity to review, and if necessary challenge, Omni 808's privilege claims.  The Ninth Circuit has instructed that the failure to timely produce a privilege log results in a waiver of privilege in appropriate cases.  Every factor weighs in favor of waiver here.  Because of Omni 808's consistent disregard for its basic obligations under the Federal Rules and the Discovery Master's Orders, it should be compelled to produce all documents responsive to Order No. 3 which it is currently withholding under purported (but never specifically asserted) claims of privilege.[1]

---

[1]   On May 6, 2009, Omni 808 was also ordered to produce documents in the Discovery Master's Order No. 27.  While Omni 808 has failed to provide a privilege log relating to that Order as well, Mattel does not currently seek a finding of waiver as to such withheld documents, despite Omni 808's lack of compliance, because the length of its non-compliance to date has been less extreme.

07975/2989019.1

-1-

## **Background**

Over six months ago, on January 9, 2009, Mattel served subpoenas on Omni 808 seeking documents relevant to, *inter alia*, Omni 808's purported acquisition of MGA debt from Wachovia Bank.[2]  Omni 808 refused to comply with the requests on the basis of various objections, including a boilerplate claim of attorney-client and work product privilege.[3]  On February 3, 2009, Mattel moved to compel Omni 808 to comply with the subpoenas and to produce all withheld responsive documents.[4]

On March 10, the Discovery Master ordered Omni 808 to produce documents responsive to six of the requests (1 through 3, 13, 15, 17).[5]  Omni 808 was given 30 days to produce all non-privileged documents.[6]  Omni 808 refused to comply with the Discovery Master's Order.  On April 21, 2009, Mattel was forced to file an *ex parte* application with respect to Omni 808's failure to comply.[7]  The Discovery Master then ordered Omni 808 "to produce to Mattel all documents ordered to be produced pursuant to the March 10 Order no later than 5:00 p.m. on April 28, 2009."[8]

When Omni 808 finally produced some responsive documents on April 28, it did not (despite its earlier claims of privilege) provide a privilege log

---

[2]  See Omni 808 Investors, LLC (Beverly Hills) and Omni 808 Investors, LLC (Los Angeles) subpoenas, dated January 9, 2009, Proctor Decl., Exs. 1 & 2.

[3]  See Non-Party Omni 808 Investors, LLC's Objections to Subpoena, dated January 28, 2009, Proctor Decl., Ex. 3.

[4]  See Mattel Inc.'s Notice of Motion and Motion to Compel Production of Documents Responsive to Third-Party Subpoenas, dated February 3, 2009, Proctor Decl. Ex. 4.

[5]  See Phase 2 Discovery Matter Order No. 3, dated March 10, 2009 ("Order No. 3"), at 29, Proctor Decl., Ex. 5.

[6]  Id. at 30.

[7]  See Mattel, Inc.'s *Ex Parte* Application for an Order to Show Cause re Omni 808's Failure to Comply with Court Order, dated April 21, 2009, Proctor Decl., Ex. 6.

[8]  See Phase 2 Discovery Matter Order No. 21, dated April 23, 2009 ("Order No. 21"), Proctor Decl., Ex. 7.

1  identifying any documents withheld under the attorney-client privilege or work

2  product doctrine.   Because Omni 808 had originally made boilerplate privilege

3  assertions, Mattel sent letters inquiring as to Omni 808's claims of privilege and the

4  status of its privilege log.  Omni 808 did not respond at all to Mattel's first letter.[9]  In

5  response to Mattel's second letter—and only after Mattel specifically warned that it

6  "intend[ed] to bring [a] motion for an order deeming Omni 808 to have waived any

7  privilege and compelling the production of all such documents based on its failure to

8  provide a privilege log"[10]—Omni 808 suggested, more than a month and a half ago,

9  that while it purportedly had no obligation to produce a privilege log at all it was "in

10 the process" of preparing one.[11]  No privilege log ever arrived.

11        In late May, when Omni 808 still had not provided a privilege log,

12 Mattel again inquired as to its status and again received no response.[12]  Meanwhile,

13 the Discovery Master ordered Omni 808 to produce additional documents by May 22,

14 2009, in his Order No. 27.[13]  While Omni 808 produced some of those compelled

15 documents on June 22, 2009, it still did not produce, and has not produced, a

16 privilege log relating to either of its productions.   Omni 808's only further

17 communication on the matter has been a vague assertion, provided with the

18 production on June 22, that a privilege log would be provided at some unspecified

19 point in the future.[14]

20        Thus, as things stand now, more than six months since Mattel served its

21 subpoenas and more than three and a half months since Order No. 3 was issued, even

22 following two more Discovery Master Orders requiring Omni 808 to comply with its

23 _____

24   [9]   See April 21, 2009 Letter from M. Zeller to P. Villar, Proctor Decl., Ex. 8.
     [10]   See May 5, 2009 Letter from B. Proctor to P. Villar, Proctor Decl., Ex. 9.

25   [11]   See May 7, 2009 Letter from P. Villar to B. Proctor, Proctor Decl., Ex. 10.
     [12]   See May 20, 2008 Letter from B. Proctor to P. Villar, Proctor Decl., Ex. 11.

26   [13]   See Phase 2 Discovery Matter Order No. 27, dated May 6, 2009, Proctor Decl., Ex.

27 12.  Subsequently, Omni 808 sought, and was granted, and extension until May 29, 2009.
   See Phase 2 Discovery Matter Order No. 37, dated May 21, 2009, Proctor Decl., Ex. 13.

28   [14]   See June 22, 2009 Letter from P. Villar to J. Quinn, Proctor Decl., Ex. 14.

1   discovery obligations, and even after Mattel expressly advised Omni 808 of the

2   prospect of waiver months ago, Omni 808 still has not produced a log or even offered

3   a date by which a log will be produced, much less an explanation as to its disregard of

4   the Rules.

5                                   **Argument**

6   **I.     OMNI 808 HAS WAIVED ANY CLAIM TO PRIVILEGE**

7          **A.     Omni 808 Had An Obligation To Identify And Substantiate Its**

8                 **Claims As To  Each Withheld Document In A Timely Fashion**

9          The Federal Rules require that, when withholding responsive documents

10  on the basis of privilege, "[a] party must: (i) expressly make the claim; and (ii)

11  describe the nature of the documents, communications, or tangible things not

12  produced or disclosed—and do so in a manner that, without revealing information

13  itself privileged or protected, will enable other parties to assess the claim."  Fed. R.

14  Civ. P. § 26(b)(5).  Likewise, Rule 45 mandates that a third party asserting privilege

15  in response to a subpoena request must "expressly make that claim" and "describe the

16  nature of the withheld documents, communications or tangible things in a manner

17  that, without revealing information itself privileged or protected, will enable the

18  parties to assess the claim."  Fed. R. Civ. P. 45(d)(2).

19          The Ninth Circuit has held that "boilerplate objections or blanket

20  refusals inserted into a [discovery] response" are inadequate to substantiate a claim of

21  privilege under Rule 26.  Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court,

22  408 F.3d 1142, 1149 (9th Cir. 2005).  Ordinarily, the particular showing that is

23  required is made through the preparation of a privilege log which identifies the

24  specific documents withheld and details the basis for the claimed privilege's

25  applicability.  See id. at 1148; see also Wolk v. Green, 2007 WL 3203050, at

26  *2  (N.D. Cal. Oct. 29, 2007) (noting that "[b]lanket refusals or boilerplate objections

27  are insufficient to assert privilege" and that such claims are "commonly satisfied by

28  filing a privilege log").  Throughout this litigation, both the Court and the prior

07975/2989019.1

-4-

1  Discovery Master have consistently required, for parties and non-parties alike, the

2  prompt production of a privilege log as the "universally accepted" means to justify to

3  withholding of otherwise responsive documents on the grounds of privilege.[15]

4         By the Discovery Master's Orders, Omni 808 was compelled to produce

5  documents pursuant to <u>Rule</u> 26.[16]   While Omni 808 may have had the right to

6  withhold privileged documents, it also had an obligation to "describe the nature of the

7  documents, communications, or things not produced" in a manner that would enable

8  Mattel (or the Court) "to assess the applicability of the privilege or protection."  <u>Fed.</u>

9  <u>R. Civ. P.</u> § 26(b)(5).  It was required to satisfy that obligation independently and in a

10  timely manner, not merely in response to Mattel's demands or the prospect of

11  sanctions.  <u>See</u> <u>Hanni v. Am. Airlines, Inc.</u>, 2009 WL 1505286, at *3 (N.D. Cal. May

12  27, 2009) ("While Plaintiffs note that they produced their privilege log on April 15,

13  2009, Plaintiffs should have provided their log by April 3, as this Court's order

14  required them to provide full discovery responses by that date. Instead, Plaintiffs

15  waited until after Defendant moved for sanctions to provide a privilege log.

16  Plaintiffs' failure to produce the log by April 3 was not substantially justified.").  To

17  date, Omni 808 has not provided a privilege log or provided any of the necessary

18  "information about the content of the allegedly privileged material" it is withholding.

19  <u>Burlington</u>, 408 F.3d at 1148.  It is clearly in violation of the requirements of the

20  <u>Federal Rules</u>.

21

22

23

---

24  [15]  Phase 1 Discovery Master's Order re Mattel's Motion to Compel Farhad Larian, Kaye Scholer, and Stern & Goldberg to Produce Documents, dated January 25, 2008, at 13,

25  Proctor Decl., Ex. 15 (ordering non-party to produce a document-by-document privilege log); July 2, 2007 Minute Order at 2, Proctor Decl., Ex. 16 ("The Discovery Master's order

26  compels the production of only non-privileged documents. . . . If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege

27  log.").

28  [16]  <u>See, e.g.</u>, Order No. 3 at 13, 29, Proctor Decl., Ex. 5.

**B.      Omni 808 Has Waived Any Privilege Claims**

The appropriate sanction for Omni 808's willful violations is a finding of waiver.  It is "well settled that failure to produce a privilege log or production of an inadequate privilege log may be deemed waiver of the privilege."  Thelen Reid & Priest LLP v. Marland, 2007 WL 578989, at *10 (N.D. Cal. Feb. 21, 2007); see also Burlington, 408 F.3d at 1149 (affirming trial court's finding of waiver for five-month delay in serving privilege log).  Indeed, the Advisory Committee notes to Rule 26(b)(5) specifically anticipate waiver of privilege as a remedy for the failure of a party to timely produce a privilege log.  See Fed. R. Civ. P. § 26(b)(5) advisory committee's note (1993 Amendments) ("To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection.").

In Burlington, the Ninth Circuit identified several factors in determining whether a failure to produce a timely privilege log should result in a waiver, including: (1) the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged; (2) the timeliness of the objection and accompanying information about the withheld documents; (3) the magnitude of the document production; and (4) other particular circumstances of the litigation that make responding to the discovery unusually easy or unusually hard.  See Burlington, 408 F.3d at 1149.

Here, each factor supports a finding of waiver.  The first factor strongly weighs in favor of waiver because the purported claims of privilege Omni 808 asserted in its initial objections are exactly the type "boilerplate objections [which] are presumptively insufficient" to substantiate a claim of privilege.  Burlington, 408 F.3d at 1149.  Nowhere in its objections—or in its subsequent briefing—did Omni 808 articulate any of the "particulars typically contained in a privilege log" that would "enable[] the litigant seeking discovery and the court to evaluate whether each

1    of the withheld documents is privileged." <u>Id.</u>  Nowhere has it described "the nature

2    of the documents" withheld or provided any details of attorney's involvement that

3    would be sufficient to demonstrate the applicability of any privilege.  Simply put,

4    neither the Court nor Mattel has any idea what kind of purportedly privileged

5    documents or communications, or how many such documents, have been withheld by

6    Omni 808, let alone who created such documents and for what purpose and to whom

7    they were transmitted.  <u>See</u> <u>Flanagan v. Benicia Unif. Sch. Dist.</u>, 2008 WL 2073952,

8    at *7 (E.D. Cal. May 14, 2008) (party's failure to produce privilege log constituted

9    waiver where "[e]ven at this time the court and defendants are not aware of what

10   documents have been withheld on account of the asserted privileges. The documents

11   withheld could number one, ten, one hundred—who knows?").  As the Discovery

12   Master has ruled, "[i]n determining whether the attorney-client privilege protects a

13   document from disclosure, the burden is on the party asserting the privilege to

14   establish all the elements of the privilege," which requires the withholding party to

15   "provide enough information to permit the court to review the applicability of the

16   privilege to the documents at issue."  Phase 2 Discovery Master Order No. 11, dated

17   May 18, 2009 (citations and internal quotations omitted).  Omni 808 cannot simply

18   withhold an unknown set of documents or communications based on a claim of

19   privilege for which it has not provided a shred of support.

20          The second factor—timeliness—also weighs heavily in favor of a

21   finding of waiver.  The subpoenas were issued in January, and Omni 808 has had

22   many months, amounting to almost half of the Phase 2 discovery period, to review

23   the documents for which it claims privilege and substantiate its assertions in a

24   privilege log.  Omni 808 was ordered to produce withheld documents in Order No. 3

25   more than three and a half months ago, on March 10, 2009.  Yet Omni 808 has

26   merely provided vague, unfilled promises of a log.  Courts have found that

27   comparable delays warrant a finding of waiver.  <u>See, e.g.,</u> <u>Am. Dental Assoc. v.</u>

28   <u>Khorrami</u>, 2003 WL 24141019, at *8-10 (C.D. Cal. Jul. 14, 2003) (***reversing***

1    magistrate judge's finding of no waiver where party had not provided privilege log

2    six months from initial date on which discovery response was due); <u>Lopez v. City of</u>

3    <u>New York</u>, 2007 WL 869590, at *4 (E.D.N.Y. March 20, 2007) (seven-month delay

4    in producing privilege log resulted in waiver of privilege); <u>Get-A-Grip, II, Inc. v.</u>

5    <u>Hornell Brewing Co., Inc.</u>, 2000 WL 1201385, at *2-3 (E.D. Pa. Aug. 8, 2000) (two

6    month delay in production of privilege log waived any claim to privilege); <u>see also</u>

7    <u>Burlington</u>, 408 F.3d at 1149 (five-month delay from date of production is more than

8    sufficient to justify a finding of waiver: "In the absence of mitigating considerations,

9    this fact alone would immunize the district court's ruling from reversal under the

10   standard just articulated.").

11           The third and fourth factors also support a finding of waiver because

12   there is nothing to suggest that the allegedly privileged documents withheld are so

13   numerous or otherwise difficult to log that Omni 808's failure to produce a privilege

14   log should be excused.  Omni 808's entire production on April 28, 2009 amounted to

15   approximately 850 documents, which hardly suggests an overwhelming set of

16   documents.[17]  Omni 808 has never averred, let alone shown, that the sheer amount of

17   privileged material at issue is too burdensome to log.  Presumably, Omni 808 has

18   already conducted a review for privilege—how else could it have determined which

19   documents to withhold when it produced documents?  It has had more than ample

20   time since then to log those documents on a privilege log.  Its failure to do so in these

21   many months is unjustified.

22           Nor are there any "mitigating circumstances" that might conceivably

23   excuse what otherwise appears to be a clear choice by Omni 808 to ignore its

24   obligations (or delay complying with them for as long as possible to prejudice to

25   Mattel).  Like the party in <u>Burlington</u> who waited months to produce a privilege log,

26   leading to waiver, Omni 808 is "a sophisticated corporate litigant" who is represented

27   ───────────────

28   [17]   <u>See</u> Proctor Decl. ¶ 20.

1  by counsel and is aware of the essential purpose of privilege logs.  Burlington,

2  408 F.3d at 1149.  Indeed, Mattel specifically advised Omni 808 of its obligation to

3  produce a log and of the potential consequences for failing to do so, and did so

4  months ago, warning that it "intend[ed] to bring [a] motion for an order deeming

5  Omni 808 to have waived any privilege and compelling the production of all such

6  documents based on its failure to provide a privilege log."[18]

7          Moreover, Omni 808's failure to satisfy its obligations is compounded

8  by the fact that Omni 808 has already failed to comply with the Discovery Master's

9  Orders.  "[E]vidence of foot-dragging or a cavalier attitude towards following court

10  orders and the discovery rules supports finding waiver."  Ritacca v. Abbott Lab.,

11  203 F.R.D. 332, 335 (N.D. Ill. 2001) (citations omitted).  Omni 808's failure to

12  produce a privilege log is part of a demonstrated pattern of Omni 808 to obstruct and

13  delay discovery.  As the Discovery Master will recall, Omni refused to comply with

14  Order No. 3 at all, claiming it had no obligation to produce compelled documents

15  because Mattel had filed a motion for reconsideration on *other* aspects of the Order

16  that sought production of *other* documents.[19]  The Discovery Master was then forced

17  to reinforce its prior order and compel compliance by a date and time certain (April

18  28 at 5:00 p.m.).[20]  Yet now, two months after *that* deadline, Omni 808 still has not

19  provided a log listing documents it admits it is withholding.

20          It will take Mattel time to review any privilege log Omni 808 ultimately

21  produces to assess its claims of privilege and bring any necessary motion practice.

22  Omni 808 is intentionally obstructing discovery to prevent Mattel from completing

23  that task.  Failure to abide by requirements of the Rules must have some consequence

24  or those Rules will be made meaningless.  The parties have been repeatedly

25

26  [18] See May 5, 2009 Letter from B. Proctor to P. Villar, Proctor Decl., Ex. 9.

27  [19] See Mattel, Inc.'s *Ex Parte* Application for an Order to Show Cause re Omni 808's Failure to Comply with Court Order, dated April 21, 2009, at 11, Proctor Decl., Ex. 6.

28  [20] See Order No. 21 at 1, Proctor Decl., Ex. 7.

07975/2989019.1

-9-

MATTEL'S MOTION TO COMPEL RE WAIVER

1    admonished that the failure to produce a timely privilege log may result in waiver.

2    Yet, time and again, MGA and its affiliates in this litigation have delayed producing

3    privilege logs, forcing Mattel to bring motions that should not have to be brought.[21]

4    Omni 808's recalcitrance is sanctionable.  A finding of waiver is appropriate.

5    **II.     OMNI 808 SHOULD BEAR THE COSTS OF THIS MOTION**

6              Omni 808's failure to satisfy its basic obligation under the Rules has

7    forced Mattel to bring this motion.   Under the Federal Rules, a party bringing a

8    motion to compel is entitled to the "reasonable expenses incurred in making the

9    motion, including attorney's fees" unless "the opposing party's nondisclosure,

10   response or objection was substantially justified, or that other circumstances make an

11   award of expenses unjust."     Fed. R. Civ. Proc. 37(a)(5)(A).     The burden of

12   establishing substantial justification is Omni 808's.  See Hyde & Drath v. Baker, 24

13   F.3d 1162, 1171 (9th Cir. 1994).[22]

14             There is no basis on which Omni 808's failure to provide a privilege log

15   can be justified.  Omni 808 should not be rewarded for ignoring its obligations and

16   forcing Mattel to expend resources that could be spent on other pressing matters in

17   this litigation.  See Hanni, 2009 WL 1505286, at *3 (holding that party's failure to

18   produce  privilege  log  "until  after  Defendant  moved  for  sanctions"  was  not

19

20

21   [21]   See, e.g., Phase 2 Discovery Matter Order No. 22, dated April 28, 2009, at 22,
     Proctor Decl., Ex. 17 (granting a further "short period" in which to comply with obligation

22   to produce log); December 14, 2007 Hearing Transcript at 27:24-25, 28:11-13, Proctor
     Decl., Ex. 18 (prior Discovery Master finding that "the privilege logs submitted by MGA

23   are untimely" and expressing "disappoint[ment] [] in the way the discovery has been
     produced" by MGA).

24   [22]   Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides

25   that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and
     vexatiously may be required by the court to satisfy personally the excess costs, expenses,

26   and attorneys' fees reasonably incurred because of such conduct."  Sanctions under this
     section are appropriate "for conduct that, viewed objectively, manifests either intentional or

27   reckless disregard of the attorney's duties to the court."  RTC v. Dabney, 73 F.3d 262, 265

28   (10th Cir. 1995) (citation omitted).

1   "substantially justified" and imposing costs). Accordingly, Omni 808 should be

2   sanctioned in the amount of $4500, for a portion of the fees and costs incurred in

3   preparing this motion.

4                                          **Conclusion**

5              For the foregoing reasons, the Discovery Master should enter an order

6   finding that Omni 808 has waived any privilege claims regarding documents

7   responsive to the Discovery Master's Order No. 3, compelling Omni 808 to produce

8   any documents withheld on such basis immediately, and awarding monetary

9   sanctions of $4,500.[23]

10

11   DATED: June 29, 2009                QUINN EMANUEL URQUHART OLIVER &
                                             HEDGES, LLP

12

13                           By /s/ B. Dylan Proctor
                              B. Dylan Proctor

14                               Attorneys for Plaintiff
                              Mattel, Inc.

15

16

17

18

19

20

21

22

23

24

25

---

26     [23]   While none of the orders provided an applicable temporal limitation, Mattel submits

27   that Omni 808 was obligated to log—and therefore has waived its claims with regard to—
    any allegedly privileged responsive documents or communications created or transmitted on

28   or before the date of Omni 808's partial intervention in this case, April 27, 2009.