EXHIBIT 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

CARTER BRYANT, an individual,

    Plaintiff,

vs.

MATTEL, INC., a Delaware corporation,

    Defendants.

No. CV 04-9049 SGL (RNBx)

**CERTIFIED COPY**

Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC.

HEARING BEFORE THE HONORABLE EDWARD A. INFANTE

San Francisco, California

Friday, December 14, 2007

Reported by:
DANA M. FREED
CSR No. 10602

JOB No. 76864



EXHIBIT 18
PAGE 307

```
 1                    UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
 2                          EASTERN DIVISION

 3

 4   CARTER BRYANT, an
     individual,
 5
              Plaintiff,
 6
         vs.                              No. CV 04-9049 SGL
 7                                        (RNBx)
     MATTEL, INC., a Delaware
 8   corporation,

 9            Defendants.

10   _____
     Consolidated with MATTEL, INC. v.
11   BRYANT and MGA ENTERTAINMENT, INC.
     v. MATTEL, INC.
12   _____

13

14              Hearing before the Honorable Edward A. Infante,

15   at JAMS, Two Embarcadero Center, Suite 1500, San Francisco,

16   California, beginning at 10:49 a.m. and ending at

17   12:43 p.m. on Friday, December 14, 2007, before

18   DANA M. FREED, Certified Shorthand Reporter No. 10602.

19

20

21

22

23

24

25
```

```
 1   APPEARANCES:
 2
 3   For the Plaintiff CARTER BRYANT, an individual:
 4         KEKER & VAN NEST LLP
           BY:   MICHAEL H. PAGE
 5               JOHN TRINIDAD
                 CHRISTA MARTINE ANDERSON
 6         Attorneys at Law
           710 Sansome Street
 7         San Francisco, California 94111-1704
           415.391.5400
 8
     For the Defendant MATTEL, INC., a Delaware
 9   corporation:
10         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
           BY:   JOHN B. QUINN
11               JON COREY
                 SCOTT B. KIDMAN
12               B. DYLAN PROCTOR
           Attorneys at Law
13         865 Figueroa Street, 10th Floor
           Los Angeles, California 90017
14         213.443.3000
15   For the Defendants MGA Entertainment, Inc., MGA
     Entertainment (HK) Limited, and Isaac Larian:
16
           SKADDEN ARPS SLATE MEAGHER & FLOM LLP
17         BY:   RAOUL D. KENNEDY
                 THOMAS J. NOLAN
18               AMY S. PARK
           Attorneys at Law
19         Four Embarcadero Center, 38th Floor
           San Francisco, California 94111-5974
20         415.984.6400
21   Also Present:
22         CRAIG HOLDEN, MGA Entertainment
23
24
25
```

```
 1    San Francisco, California, Friday, December 14, 2007
 2                    10:49 a.m. - 12:43 p.m.
 3
 4         JUDGE INFANTE:  Let's begin with counsel.  If
 5    you could please enter your appearances, please.
 6    First for Mattel.
 7         MR. QUINN:  John Quinn appearing for Mattel.
 8         MR. COREY:  Jon Corey on behalf of Mattel.
 9         MR. KIDMAN:  Scott Kidman for Mattel.
10         MR. PROCTOR:  B. Dylan Proctor for Mattel.
11         MS. ANDERSON:  Your Honor, Christa Martine
12    Anderson for Carter Bryant.
13         JUDGE INFANTE:  Okay.
14         MR. PAGE:  Michael Page for Carter Bryant.
15         MR. TRINIDAD:  John Trinidad for Carter
16    Bryant.
17         MR. HOLDEN:  Craig Holden for MGA.
18         MS. PARK:  Amy Park for MGA.
19         MR. NOLAN:  Tom Nolan for MGA.
20         MR. KENNEDY:  Raoul Kennedy also for MGA.
21         JUDGE INFANTE:  Thank you.
22         I received the parties' joint report
23    regarding motions scheduled to be heard as to which
24    motions you had resolved through your meet and confer
25    process, which motions needed a decision.  That report
```

HEARING                                        12/14/07

```
 1   provided until after we filed this motion, and then
 2   they started to drill the Lau, and it was mostly
 3   back-end loaded.  Within the next -- November was the
 4   largest logging, within 60 days of the discovery
 5   cutoff here.
 6              This is not a gotcha situation.  If
 7   Your Honor takes a look at our moving papers at page 5
 8   and the citations to Mr. Proctor's declaration, we
 9   discussed in the meet and confer that took place on
10   August 2nd, the fact that they were in default of
11   this, Your Honor's order requiring the privilege log.
12   This was no surprise.
13              And we confirmed that in a letter that we
14   were objecting to that, to their failure to comply.
15   I wouldn't think it should be necessary to continue to
16   object and object and object to the fact that your
17   adversary is not in compliance with an order.  This
18   was not a gotcha situation.  This was something that
19   was specifically raised and discussed.
20              I mean, this is a case that -- where there
21   has been, as the Burlington court said, Your Honor,
22   a manipulation of the -- and a failure to comply with
23   the discovery rules which has disrupted the discovery
24   process.  And the Court said in that case that in
25   those circumstances it's appropriate to find a waiver
```

26

HEARING                                                                    12/14/07

1   of privilege. And I think that this is a, if there
2   ever was a case where such a waiver should be found
3   where there's been just defiance of an order being
4   told, notwithstanding the fact that there's an order
5   saying you must produce the log by the end of May,
6   being told in August we are not going to do it until
7   the middle of September at the earliest, with no
8   justification provided, the only appropriate response
9   to that, the only corrective measure, the only
10  meaningful sanction is not a couple thousand dollars
11  in attorney's fees at this point, it's waiver of the
12  privilege as to these documents.
13          JUDGE INFANTE: Okay. Thank you very much.
14          I have read everything on this, including the
15  case law cited, and in particular the Burlington case
16  with respect to the ad hoc approach and the balancing
17  of factors cited in that case.
18          I believe that Judge Larson's order, which
19  was a result of review of my prior order, in which he
20  postulated a new date for production of July 31st,
21  impliedly authorized that the privilege logs be
22  completed by that date as opposed to the date
23  I originally imposed which was May 31st.
24          So I believe that the privilege logs
25  submitted by MGA are untimely, but they're untimely

EXHIBIT 18
PAGE 312

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

1   only as to, as of July 31st, '07, instead of
2   May 31st, '07. Given the number of documents
3   involved, the magnitude of the document production,
4   other circumstances involved in this litigation, and
5   all of the factors taught by the Burlington case, I
6   find that a wholesale waiver of the attorney/client
7   privilege as to all documents requested by Mattel is
8   inappropriate.
9           Waiver is a serious matter. It should be
10  dealt with cautiously. Although I am not satisfied,
11  and indeed I'm disappointed, in the way discovery has
12  been produced, I think it would be too harsh to
13  declare a wholesale waiver of the scope that Mattel
14  hereby requests.
15          While I feel your motion was justified,
16  I decline to grant a waiver, to grant your motion and
17  find a waiver. Motion is denied.
18          MR. QUINN: May I -- I do not believe in our
19  moving papers we requested any other sanctions.
20          JUDGE INFANTE: You did not. You did not.
21  And for that reason, I'm not imposing any sanctions.
22          Mr. Kennedy, I would ask you to prepare an
23  order consistent with my comments on the record and my
24  citation of Burlington.
25          MR. KENNEDY: Yes, Your Honor.

HEARING                                                                 12/14/07

```
 1            JUDGE INFANTE:  And let the record also
 2   reflect that MGA withdrew its countermotion.
 3            Let's move on to the next motion.  How would
 4   Mattel like to proceed?
 5            MR. QUINN:  The next one, Your Honor, would
 6   be the motion relating to the production of documents
 7   bearing on indemnity issues and agreements with
 8   witnesses or with Mr. Bryant in particular.  In terms
 9   of the timeline, this overlaps the motion that we just
10   discussed.
11            JUDGE INFANTE:  Yes.
12            MR. QUINN:  It arises out of the May 15th
13   order where Your Honor ordered MGA to either produce
14   such documents, ruled they were relevant, or log them
15   as privileged.
16            JUDGE INFANTE:  Yes.  This is just, so we can
17   clarify the record, this is Mattel's Motion to Enforce
18   the Court's Order of May 15, 2007 and to Compel MGA to
19   Produce Compelled Documents Including Fee and/or
20   Indemnity Agreements Between MGA and Bryant and Order
21   That Any Privilege Objections Have Been Waived and
22   Impose Sanctions.
23            You may proceed.
24            MR. QUINN:  That was then the subject of
25   a proceeding before Judge Larson where there was
```


EXHIBIT 18
PAGE 314

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

29

```
```

1    I, the undersigned, a Certified Shorthand
2    Reporter of the State of California, do hereby certify:
3    That the foregoing proceedings were taken
4    before me at the time and place herein set forth; that
5    any witnesses in the foregoing proceedings, prior to
6    testifying, were duly sworn; that a record of the
7    proceedings was made by me using machine shorthand
8    which was thereafter transcribed under my direction;
9    that the foregoing transcript is a true record of the
10   testimony given.
11   Further, that if the foregoing pertains to
12   the original transcript of a deposition in a Federal
13   Case, before completion of the proceedings, review of
14   the transcript [ ] was [ ] was not requested.
15   I further certify I am neither financially
16   interested in the action nor a relative or employee
17   of any attorney or party to this action.
18   IN WITNESS WHEREOF, I have this date
19   subscribed my name.
20
21   Dated:  DEC 1 7 2007
22
23                              _____
                                DANA M. FREED
24                              CSR No. 10602
25



EXHIBIT 18
PAGE 3/5