1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   EASTERN DIVISION

11 | CARTER BRYANT, an individual,        | CASE NO. CV 04-9049 SGL (RNBx)
   |                                      | Consolidated with
12 |              Plaintiff,              | Case No. CV 04-09039
   |                                      | Case No. CV 05-02727
13 |        vs.                           |
   |                                      | Hon. Stephen G. Larson
14 | MATTEL, INC., a Delaware corporation,|
   |                                      |
15 |              Defendant.              | [PUBLIC REDACTED] MATTEL,
   |                                      | INC.'S REPLY IN SUPPORT OF
16 |_____| MOTION OBJECTING TO
   | AND CONSOLIDATED ACTIONS             | PORTIONS OF DISCOVERY
17 |_____| MASTER ORDER NO. 27
   |                                      | REGARDING MOTION OF
18 |                                      | MATTEL, INC. TO COMPEL
   |                                      | DOCUMENTS FROM BINGHAM
19 |                                      | MCCUTCHEN

20                                        [Declaration of Scott B. Kidman filed
                                          concurrently]
21
                                          Hearing Date:      July 6, 2009
22                                        Time:              10:00 a.m.
                                          Place:             Courtroom 1
23
                                          **Phase 2**
24
                                          Discovery Cutoff:      Dec. 11, 2009
25                                        Pre-trial Conference:  March 1, 2010
                                          Trial:                 March 23, 2010
26

27

28

07975/2990479.1

## TABLE OF AUTHORITIES

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT ....................................................................................................... 2

I.      THE POTENTIAL FOR ENCOMPASSING SOME PRIVILEGED
        MATERIALS IS NOT GROUNDS FOR REFUSING TO ENFORCE
        A SUBPOENA .......................................................................................... 2

II.     PARTIAL DUPLICATION IS NOT GROUNDS FOR REFUSING TO
        ENFORCE A SUBPOENA ........................................................................... 5

III.    THE BINGHAM SUBPOENA IS NOT BARRED BECAUSE
        LEXINGTON HAS YET TO BE EFFECTIVELY SERVED ........................... 7

IV.     ████████████████████████████████████ ........................ 9

V.      THE REQUESTS ARE CLEARLY RELEVANT TO PHASE 2
        ISSUES ................................................................................................. 10

CONCLUSION ................................................................................................... 12

07975/2990479.1

MATTEL, INC.'S REPLY ISO MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER
NO. 27 REGARDING MOTION OF MATTEL, INC. TO COMPEL BINGHAM

# TABLE OF AUTHORITIES

**Page**

## Cases

Application of Sarrio, S.A.,
119 F.3d 143 (2d. Cir. 1997) ...................................................................9

In re Bunyan,
354 F.3d 1149 (9th Cir. 2004) ...............................................................8

Claytor v. Computer Assocs. Int'l, Inc.,
211 F.R.D. 665 (D. Kan. 2003) ............................................................11

Fairview Development Corp. v. Aztex Custom Homebuilders, LLC,
2008 WL 2113492 (D. Ariz. May 16, 2008) ........................................3

Giganti v. Gen-X Strategies, Inc.,
222 F.R.D. 299 (E.D. Va. 2004) ...........................................................11

Heat and Control, Inc. v. Hester Industries, Inc.,
785 F.2d 1017 (Fed. Cir. 1986) ...........................................................10

Hunter v. Copeland,
2004 WL 1562832 (E.D. La. July 12, 2004) ........................................12

JZ Buckingham Investments, LLC v. United States,
78 Fed. Cl. 15 .........................................................................................10

Martin v. Neil, slip op.,
2009 WL 1161009 (E.D.N.Y. April 28, 2009) .....................................8

Mattel, Inc. v. Walking Mountain Productions,
353 F.3d 792 (9th Cir. 2003) ..........................................................4, 5

Moon v. SCP Pool Corp.,
232 F.R.D. 633 (C.D. Cal. 2005) ....................................................6, 10

In re Parmalat Sec. Litig.,
2005 WL 1529035 (S.D.N.Y. 2005) ......................................................9

Proffit v. Veneman,
2002 WL 1758232 (W.D. Va. July 15, 2002) .....................................11

Ratliff v. Davis Polk & Wardwell,
354 F.3d 165 (2nd. Cir. 2003) ..........................................................8, 9

In re Sarrio, S.A.,
1995 WL 598988 (S.D.N.Y. Oct. 11, 1995) .........................................9

United States v. Ruiz,
536 U.S. 622 (2002) ................................................................................8

MATTEL, INC.'S REPLY ISO MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER
NO. 27 REGARDING MOTION OF MATTEL, INC. TO COMPEL BINGHAM

07975/2990479.1

## **Statutes**

Rule 45 ..................................................................................................................... 3, 5, 10
Rule 45(c)(3) ..................................................................................................................... 10
Rule 45(d)(2) ....................................................................................................................... 3
Rule 72(a) ..................................................................................................................... 11, 12

MATTEL, INC.'S REPLY ISO MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER
NO. 27 REGARDING MOTION OF MATTEL, INC. TO COMPEL BINGHAM

## Preliminary Statement

Bingham's opposition is better described as an unsupported screed that the firm (and its clients) should be free from the discovery obligations imposed on everyone else by the <u>Federal Rules</u>.   Bingham repeatedly chides Mattel for even serving a subpoena on the firm, claiming that Mattel already has all the documents relevant to the Omni transactions.   But the facts are indisputably to the contrary.   Because none of those involved have produced such documents, Mattel does not even know who the principals of Lexington Financial are, much less who is paying Bingham to represent them -- information that is indisputably relevant and non-privileged.   Bingham also claims that it was Mattel's supposedly abusive subpoenas to Omni, Vision Capital and Lexington that led them to retain Bingham to defend them, when in fact Bingham was a key player in the underlying financial transactions, having been retained--though Mattel still does not know by whom--to structure and negotiate them.   Bingham complains of the burden of asking its client companies to produce categories of records, ignoring that these are single purpose entities created and operated for the sole purpose of allowing Isaac Larian to disguise his dealings from Mattel and the Court.

A rant is all Bingham can offer, because it can point to neither facts nor law in support of the remarkable proposition that a law firm is free from any obligation to produce relevant, non-privileged documents in its possession, including documents that no one else may have (and that certainly no one else has produced) and that go directly to the claims at issue. ██████████████████████████████ ████████████████████████████████████ ████████████████████████. Bingham cannot begin to explain why a law firm in the Central District of California should be immunized from providing discovery in a lawsuit in the Central District of California because its client (whose principals may well turn out to live in the Central District of California) is incorporated in Nevis. Bingham also fails to identify a single authority supporting █████████████

MATTEL, INC.'S REPLY ISO MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 27 REGARDING MOTION OF MATTEL, INC. TO COMPEL BINGHAM

07975/2990479.1

1 ███████████████████████████████████████

2 ███████████████████████████████████████

3 ███████████████████████████████████████

4 ██████████  Bingham is required to come forward with specific evidence to avoid

5 compliance with a subpoena on burden grounds.  Not only did it fail to do so before the

6 Discovery Master, but even now it points to no such evidence to support its complaints.

7        Nor is "relevance" a basis on which the order below can be sustained.  While

8 Bingham claims ████████████████████████████████

9 ███████████████████████████████████████

10 ███████████████████████████████████████

11 ████████  Bingham offers no defense, authority or rationale for ████████████

12 ███████████████████████████████████████

13 ██████████████████████  As for the RICO claims in the Third Amended

14 Answer and Counterclaims which, among other things, expressly include the Omni

15 financial transactions and specifically identify Omni, Vision Capital, Lexington and

16 others as part of the ongoing criminal enterprise, Bingham does not even attempt to

17 dispute the relevance of the subpoena but instead claims that the Court should simply

18 turn back the clock and ignore the newest version of the complaint.  That the subpoena

19 seeks documents that are even more critical now than they were when it was issued is

20 reason, under Bingham's approach, to quash it.  The Discovery Master's Order, as

21 Bingham's inability to defend it makes plain, was contrary to law and clearly erroneous.

## Argument

I.  **THE POTENTIAL FOR ENCOMPASSING SOME PRIVILEGED MATERIALS IS NOT GROUNDS FOR REFUSING TO ENFORCE A SUBPOENA**

26 ██████████████████████████████████████

27 ███████████████████████████████████████

07975/2990479.1

1  ████████████████████████ (Opp. at 10, emphasis added.)  But

2  Bingham fails to address any of the authority cited in Mattel's motion--including the

3  prior order of this Court--finding refusals to provide discovery based on blanket

4  privilege objections improper.[1]   Bingham claims ██████████████████

5  ████████████████████████████████████████████████

6  ██████ As the former discovery master recognized, however, Rule 45(d)(2) "requires

7  a party responding to a subpoena to provide sufficient information to enable the party

8  seeking discovery to assess the claims of privilege and work product protection," and

9  the "*'universally accepted' means of claiming that requested documents are privileged*

10  *is by a producing a document-by-document privilege log.*"[2]  Bingham, of course, has

11  provided no such information.

12        Instead of providing information, Bingham offers sweeping speculation.  For

13  example, Bingham does not dispute that the Ninth Circuit holds that the information

14  about fee agreements and arrangements sought by Request Nos. 1 and 2 is not

15  privileged, but merely asserts that ████████████████████████████

16  ████████████████████████████████████████████████

17  ████████████ (Opp. at 11.)  It may or may not.  If, as the evidence shows, Isaac

18  Larian/MGA are paying Bingham's fees, the request may encompass mainly, if not

19  entirely, non-privileged communications which Mattel is entitled to discover.  Unless

20  Bingham is required to produce these non-privileged documents and properly identify

21

22    [1]  See Mattel's Motion at 7-9.

23    [2]  Order dated January 25, 2008 at 13, attached to the concurrently filed Declaration of
      Scott B. Kidman ("Kidman Decl.") as Ex. 1 (emphasis added).  Similarly, in Fairview
24    Development Corp. v. Aztex Custom Homebuilders, LLC, 2008 WL 2113492, *2 (D. Ariz.
      May 16, 2008), also cited by Bingham, the court *rejected* a claim of trade secret privilege
25    because the subpoenaed party failed to demonstrate the materials at issue were privileged.  "A
      witness who withholds information on a claim of privilege or other protection must state the
26    claim expressly and support it with sufficient documentation to enable the demanding party to
27    contest the claim."  Id.

28

1  claimed privileged ones on a log, Mattel will be denied on a wholesale basis
2  information it has a right to know.[3]

3      Rather than offer authority, Bingham attacks Mattel and its counsel.  Bingham
4  ████████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████████
7  ███████████████████ (Opp. at 13.) <u>Walking Mountain</u>, decided six years ago,[4] has
8  nothing to do with any privilege issue and contains no discussion of privilege as a basis
9  for quashing any subpoena. ████████████████████████████████████
10 ████████████████[5] Nor has the Court in any Order in this case refused to enforce a
11 subpoena on these grounds.  The Order from the former Discovery Master that

---

13  [3]    Bingham also claims that ████████████████████████████████
14 ████████████████████████████████
15 ████████████  But Mattel is not seeking the substance of any privileged communications
between Bingham and its clients, but only documents identifying the principals of these
16 entities.  No claim is made, nor could it be, that such information is inherently privileged.
17  [4]    The Ninth Circuit's decision is nearly six years old (<u>see</u> <u>Mattel, Inc. v. Walking</u>
<u>Mountain Productions</u>, 353 F.3d 792 (9th Cir. 2003)) and the underlying district court decision
18 was prior to that.  Notably, over the years, MGA and Bryant have sought to attack Mattel by
19 also using this same off-point decision on more than one occasion, to no avail.  For example,
at the March 4, 2009 hearing when Bingham sought to interject this same case--based on the
20 wholly erroneous claim that the decision requires party discovery before third party discovery
can be taken--the Discovery Master noted the impropriety of *ad hominem* attacks. (March 4,
21 2009 hearing transcript at 56:24-57:25 Kidman Decl., Ex. 3.)  And, during Phase 1 of this
22 case, MGA and its affiliated third parties cited this case to the Court, to no avail.
    [5]    ██████████████████████  The court in <u>Walking Mountain</u> did not quash the subpoena because
23 a "duplicative" subpoena had been served on another non-party.  Bingham does not have a
24 "tenuous" relationship to the litigation.  It was directly involved in the structuring and
negotiation of--and therefore is a percipient witness regarding--transactions that are expressly
25 at issue in this litigation.  Any discussion of subpoenas served for the purported purpose of
26 "annoying and harassing" is completely irrelevant and grossly misleading as the Discovery
Master's orders here have never even suggested that the subpoenas to Bingham or the Omni
27 Parties were served for any such purpose.

28

-4-

MATTEL, INC.'S REPLY ISO MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER
NO. 27 REGARDING MOTION OF MATTEL, INC. TO COMPEL BINGHAM

1  Bingham cites to does not turn on any issue of privilege.[6]  Bingham's claim ████████

2  ██████████████████████████████████████████████████████████████

3  ██████████████████████████████████████████████████████████████

4  ████████████.  The mere possibility that Mattel's subpoena will encompass some

5  privileged documents, in addition to non-privileged documents, does not justify its

6  quashing.

7  **II.    PARTIAL DUPLICATION IS NOT GROUNDS FOR REFUSING TO**

8  **ENFORCE A SUBPOENA**

9  Bingham urges that ██████████████████████████████████

10 ██████████████████████████████████████████████████████████████

11 █████████████████████████████████.  (Opp. at 15.)  But there is no

12 rule which states that it is improper to seek the same discovery from multiple parties or

13 non-parties, ████████████████████████████████████████████

14 ████████████[7]

15 As Mattel established by authority that Bingham ignores, far from being

16 improper, multiple requests are recognized as essential to developing a full record.[8]

17 Duplicative requests do not mean duplicative productions; different entities may and

18 likely will have different documents for a variety of reasons, some innocent and others

19 perhaps not.  For example, because Bingham was directly involved in structuring and

20 negotiating the financial transactions at issue, it will likely have documents, such as

21 communications with Larian's counsel or Wachovia's counsel, that are not and never

22 have been in Omni's or Vision Capital's files.  For this reason, ████████████████

23

24

25 [6]  Discovery Master Order dated May 7, 2008, Kidman Decl., Ex. 2.

26 [7]  In Walking Mountain, the court did not--as Bingham suggests--quash the subpoena on the grounds that it was unduly burdensome because a "virtually identical" subpoena had been served on another third party.  See 353 F.3d at 813-14.

27 [8]  See Mattel's Motion at 15:17-16:11.

28

07975/2990479.1

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████

3 ██████████████████████████████████████. So too is Bingham's

4 assertion that ██████████████████████████████████████████.

5 (Opp. at 14.) For example, Mattel has yet to receive a single document identifying the

6 entities or individuals behind Lexington.[9]

7      Moreover, ████████████████████████████████████████

8 ████████████████████ The subpoena to Bingham requests categories of documents

9 that are *not* called for by the Omni and Vision Capital subpoenas, including documents

10 regarding fee agreements. ██████████████████████████████

11 █████████████████████████████████████████████████████.

12 Bingham also ignores its success in quashing all efforts to serve Lexington, quashing

13 Mattel's deposition subpoena to Fred Mashian, who has acted for Lexington, and even

14 beating back Mattel's modest efforts to require document preservation pending effective

15 service. ████████████████████████████████████████████

16 ████████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████

18 ████ Indeed, as noted, none of the subpoenas has yielded documents even about who

19 operates or owns Lexington, documents that are plainly relevant as discussed below.

20 ██████████████████████████ cites Moon v. SCP Pool Corp., 232 F.R.D.

21 633, 637 (C.D. Cal. 2005), for the proposition that requests for documents that pertain

22 to a party and that can be more easily and inexpensively obtained from that party may

23 ———————————————

24    [9] See Declaration of B. Dylan Proctor in Support of Mattel Inc.'s Motion Objecting to

25 Portions of Discovery Master Order No. 27 Regarding Motion of Mattel, Inc. to Compel Documents from Bingham McCutchen, Dated May 21, 2009 ("Proctor Decl."), ¶18.

26 ████████████████████████████████████████████████████████

27 ████████████████████████████████████████████

07975/2990479.1

-6-

MATTEL, INC.'S REPLY ISO MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 27 REGARDING MOTION OF MATTEL, INC. TO COMPEL BINGHAM

1  be found to impose an undue burden.  (Opp. at 17.)  Indeed they may.  But "partial

2  duplication" with the subpoenas to Omni and Vision Capital does not mean the

3  documents sought from Bingham can more easily and less expensively obtained from a

4  party, much less substitute for an actual showing of burden.  Moreover, Vision Capital

5  and Lexington are even not parties, and Omni was permitted to intervene only for a

6  limited purpose; ████████████████████████ explain (and no Rule requires

7  or case holds) why as between two or more non-parties, Mattel must elect to seek

8  discovery from only one and hope that it chose wisely.

9  **III.    THE BINGHAM SUBPOENA IS NOT BARRED BECAUSE LEXINGTON**

10  **HAS YET TO BE EFFECTIVELY SERVED**

11      Bingham's strains to no avail to ████████████████████████

12  ████████████████████████████████████████████████

13  ████████████████████████████████████████████████

14  ███████████████████████████ Bingham argues that ███

15  ████████████████████████████████████████████████

16  ████████████████████████████████████████████████

17  ████████████████████████████████████████████████

18  ██████████[12]  Of course, Lexington is not being forced to produce anything here, and

19  Bingham was not hired merely to defend Lexington against Mattel's subpoena.  Long

20  before any subpoenas were served, Bingham was directly involved in structuring the

21  underlying financial transactions that are at issue in Phase 2 of this case, including

22  Lexington's purported funding of Vision Capital which was secured by a purported

23  ownership interest in Omni 808 which in turn purportedly acquired nearly $300 million

24

25

26  _____

27  [12]  Opp. at 19 (emphasis added).

28

MATTEL, INC.'S REPLY ISO MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER
NO. 27 REGARDING MOTION OF MATTEL, INC. TO COMPEL BINGHAM



1    of MGA's secured debt from Wachovia at a steep discount.[13]  Indeed, Omni 808 lists

2    Bingham's Los Angeles office, 355 South Grand Avenue, Suite 4400, Los Angeles, CA

3    90071, as its registered address with the California Secretary of State.[14]  If Bingham has

4    non-privileged documents regarding Lexington's role in those transactions -- including

5    for example communications with parties to the transactions it did not represent that

6    disclose the identity of Lexington's principals -- Mattel is entitled to them.

7

8

9

10        Bingham asserts that <u>Ratliff v. Davis Polk & Wardwell</u>, 354 F.3d 165 (2nd. Cir.

11    2003),                            Ratliff

12    turned on privilege, not jurisdiction.  The Second Circuit held that because no privilege

13    or work product immunity applied, documents in the possession of Davis Polk were

14    subject to subpoena, *even though the documents were provided to Davis Polk by a*

15

---

16    [13]  For this reason, Bingham's unsupported prediction that enforcing the subpoena at issue

17    here will lead to a "terrible precedent" of serving "duplicative subpoenas" on litigation counsel has no merit.  Bingham's direct involvement as transactional counsel in the structuring and

18    negotiation of the underlying financial transactions makes it a percipient witness to them.

19    Transactional counsel commonly is required to produce non-privileged documents and provide testimony where, as here, the transaction is at issue in litigation.  <u>Martin v. Neil</u>, slip

20    op., 2009 WL 1161009, at *1-2 (E.D.N.Y.  April 28, 2009) (Overruling privilege objections, compelling production from a non-party attorney of "the non-privileged portion of his files

21    associated with his representation of the sellers in the transactions at issue," and ordering a privilege log for any documents withheld).

22    [14]  <u>See</u> Omni 808 Investors, LLC's Registration Information (available at

23    <http://kepler.sos.ca.gov/corpdata/ShowLpllcAllList?QueryLpllcNumber=200822610026&printer=yes>) as accessed on March 1, 2009, Proctor Decl., Exh. 4.

24    [15]

25    Nor does Bingham attempt to square

26    that outcome with well-established Ninth Circuit law that a "federal court always has jurisdiction to determine its own jurisdiction."  <u>In re Bunyan</u>, 354 F.3d 1149, 1152 (9th Cir.

27    2004) (citing <u>United States v. Ruiz</u>, 536 U.S. 622, 628 (2002)).

28

07975/2990479.1

-8-

MATTEL, INC.'S REPLY ISO MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER
NO. 27 REGARDING MOTION OF MATTEL, INC. TO COMPEL BINGHAM

1    *foreign corporation residing outside the court's subpoena power*. Id. at 170-71

2    ("documents held by an attorney in the United States on behalf of a foreign client,

3    *absent privilege*, are as susceptible to subpoena as those stored in a warehouse within

4    the district court's jurisdiction.") (emphasis added). Likewise, In re Sarrio, S.A., 1995

5    WL 598988, *3 (S.D.N.Y. Oct. 11, 1995), also cited by Bingham, turned on whether

6    documents subpoenaed from a foreign corporation's domestic attorney were protected

7    from disclosure by attorney-client privilege. See Ratliff, 354 F.3d at 169 ("The district

8    court [in Sarrio] found that . . . the attorney-client privilege shielded Chase from

9    producing documents delivered to the United States solely for review by counsel."). On

10   appeal, in a decision Bingham fails to cite, the Second Circuit held that although

11   production was indeed inappropriate if "the documents were protected by the attorney-

12   client privilege," the defendant had *waived* the privilege and the documents were

13   therefore no longer protected from discovery. Application of Sarrio, S.A., 119 F.3d

14   143, 147-48 (2d. Cir. 1997) ("we conclude that Chase's subsequent waiver of its

15   privilege removes the basis for [the district court's] order"); see also In re Parmalat Sec.

16   Litig., 2005 WL 1529035, at *3 (S.D.N.Y. 2005) ("[T]he animating principle of *Sarrio*

17   was privilege. . . . Without the privilege, the court concluded, no significance attached

18   to the fact that the documents were held by lawyers.").

19           Absent privilege, a domestic attorney subject to this Court's jurisdiction must

20   produce documents provided to it by a foreign entity outside the court's jurisdiction.

21   ████████████████████████████████████████████████

22   ████████████████████████████████████████████████

23   ██████████████████████████████ That is clearly erroneous and contrary to law.

24   **IV.** ████████████████████████████████████████████

25   ██████████████████████████████

26   Bingham argues that ████████████████████████████████

27   ██████████████████████ It is beyond dispute, however, that the "burden of

28

1    proving that a subpoena is oppressive is on the party moving to quash and is a heavy

2    one." Heat and Control, Inc. v. Hester Industries, Inc., 785 F.2d 1017, 1025 (Fed. Cir.

3    1986) (cited by Discovery Master); see also JZ Buckingham Investments, LLC v.

4    United States, 78 Fed. Cl. 15, 25 (party seeking relief under Rule 45 for unduly

5    burdensome document requests "must provide specific and compelling proof that the

6    burden is undue.").[16]  It is also beyond dispute ███████████████████████

7    ████████████████   Bingham presented no proof of undue burden to the Discovery

8    Master, let alone "specific and compelling proof," and points to no such proof in its

9    opposition.  That was clear error.

10   **V.    THE REQUESTS ARE CLEARLY RELEVANT TO PHASE 2 ISSUES**

11        Bingham  maintains  that  ████████████████████████████████

12   ██████████████████████████████████████████████████████████

13   ██████████████████████████████████████████████████████████

14   ██████████████████████████████████████████████████████████

15   ██████████████████████████████████████████████████████████

16   ██████████████████████████████████████████████████████████

17   ██████████████████████████████████████████████████████████

18   ██████████████████████████████████████████████████████████

19   ██████████████████████████████████████████████████████████

20   ███████████   But this would not support quashing the subpoena in any case because

21   the requests are unquestionably relevant to other Phase 2 issues, as noted above, and

22   because Bingham does not even attempt to defend ████████████████████

23

24   _____

25   [16]   Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005)--████████
     ████████████████--confirms that "the party who moves to quash a subpoena

26   has the 'burden of persuasion' under Rule 45(c)(3)."

27   ████████████████████████████████████████████.

28

1    ████████████████████████████████████████████ Given the

2    allegations in the SAAC of a widespread, ongoing criminal enterprise and the scope of

3    permissible discovery regarding those claims, including discovery into intent and

4    pattern issues, the relevance of the subpoena to Mattel's RICO claims is clear.[19]

5         Moreover, there is no disputing relevance to Mattel's RICO claims in light of the

6    allegations in Mattel's Third Amended Answer and Counterclaims (the "TAAC"),

7    which expressly include the Omni financial transactions as part of the RICO claims and

8    specifically identify Omni, Vision Capital, Lexington and others as part of the ongoing

9    criminal enterprise.[20] Bingham urges that ███████████████████

10   ████████████████████████████████████████. But

11   Rule 72(a) is not so rigid.  In each of the cases Bingham cites, the party filing the Rule

12   72(a) objection sought to introduce evidence that had been available at the time of the

13   original motion or to make a new purely legal argument that had not been raised with

14   the magistrate or referee.[21]  Mattel does neither here.  It has merely pointed out the

15   indisputable relevance of the requests to allegations in the operative pleading in this

16   lawsuit which had not yet formally been filed at the time the Discovery Master issued

---

[19]  See Mattel's Motion at 21-24.
[20]  See TAAC at ¶¶ 136, 138. ████████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

[21]  See Giganti v. Gen-X Strategies, Inc., 222 F.R.D. 299, 308 (E.D. Va. 2004) (articulating a purely procedural argument -- that the motion for sanctions was untimely -- never argued before the magistrate judge); Claytor v. Computer Assocs. Int'l, Inc., 211 F.R.D. 665, 667 (D. Kan. 2003) (because plaintiff "should have" brought these circumstances, ones in existence several months before the filing of the motion, to the attention of the magistrate judge originally, the court chose not to consider them); Proffit v. Veneman, 2002 WL 1758232, at *3 (W.D. Va. July 15, 2002) (defendant alleged the inadequacy of plaintiff's expert witness's disclosures in her objections, but did not argue this issue before the magistrate judge).

07975/2990479.1

-11-

MATTEL, INC.'S REPLY ISO MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER
NO. 27 REGARDING MOTION OF MATTEL, INC. TO COMPEL BINGHAM

1    his order.  Rule 72(a) does not preclude the Court from considering the issue of

2    relevance in light of those new allegations.  See Hunter v. Copeland, 2004 WL

3    1562832, at *1 (E.D. La. July 12, 2004) (while a party is "not entitled to raise new

4    theories or arguments in its objections[,]" it is appropriate to consider "new evidence

5    that could not have been obtained through the exercise of due diligence").[22]

6                                    **Conclusion**

7           Mattel respectfully requests that the Court overrule the portion of Discovery

8    Master Order No. 27 regarding Mattel, Inc.'s Motion To Compel Bingham to Produce

9    Documents Responsive to Subpoena and compel Bingham to produce.

10   DATED:  June 29, 2009              QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
11

12                                 By  _Michael T. Zeller_
13                                        Michael T. Zeller
                                          Attorneys for Mattel, Inc.
14

15

16

17

18

19

20

21   _____

[22]  Certainly, it would serve no purpose--other than further delay--to require Mattel to go
22   back to the Discovery Master on the issue of relevance ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

23   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Bingham also frivolously requests that

24   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

27   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

28

07975/2990479.1

MATTEL, INC.'S REPLY ISO MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER
NO. 27 REGARDING MOTION OF MATTEL, INC. TO COMPEL BINGHAM