# Exhibit 1

**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA - Eastern Division
CIVIL MINUTES - GENERAL

Case No.   CV 04-09059 SGL(RNBx)                                        Date:  February 12, 2007
Title:        MATTEL, INC. -v- CARTER BRYANT, DOES 1-10, INCLUSIVE
              **Consolidated Action**
              CV 05-02727 SGL(RNBx)    MGA ENTERTAINMENT v. MATTEL, INC.,
================================================================
PRESIDING:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                                       Theresa Lanza
Courtroom Deputy Clerk                           Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

John B. Quinn and Michael Zeller for        Diana M. Torres for MGA
Mattel                                       Keith A. Jacoby for Carter Bryant

PROCEEDINGS:     SCHEDULING CONFERENCE PURSUANT TO FRCP 16(b)

        The Court convened a scheduling conference pursuant to FRCP 16(b).  Court and counsel
discussed case management and thereafter the court set the following schedule:  See attachment
"Schedule of Trial and Pretrial Dates."

        Counsel stipulated pursuant to Local Rule 16-14, to settlement procedure #3, to a retired judicial
officer or other private or non-profit dispute resolution body for mediation type settlement proceedings.
The Court approves the request and refers this case to an outside Mediator to act as the Settlement
Officer.  Counsel are directed to contact such outside Mediator to schedule a settlement conference as
soon as the parties believe such a conference would be fruitful. The cut-off to complete the mandatory
settlement procedures under Local Rule 16-14, is December 3, 2007, in Case No. CV 04-09059-SGL
(RNBx) Mattel, Inc. v. Carter Bryant, and the cut-off to complete the mandatory settlement procedures
under Local rule 16-14, is April 21, 2008, in Case No. CV 05-02727 SGL (RNBx) MGA Entertainment v.
Mattel, Inc.

        The Court further ordered that in both Case No. CV 04-09049-SGL (RNBx), Mattel, Inc. v. Carter
Bryant, and Case No. CV 05-02727 SGL (RNBx), MGA Entertainment v. Mattel, Inc.:

        1.      Non-Expert Depositions are limited to a total of 24 for each side for both cases.
        2.      Expert Depositions are limited to a total of 20 for each side for both cases.
        3.      Interrogatories are limited to 50 for each side for both cases.

        IT IS SO ORDERED.

MINUTES FORM 90                                 FEB 2 2 20                  Initials of Deputy Clerk: jh
CIVIL -- GEN                      Page 1                                    00/30

                2-12-07

Exhibit 1 Page **5**

<u>SCHEDULE OF TRIAL AND PRETRIAL DATES</u>

CASE NAME:   CARTER BRYANT -v- MATTEL, INC., CASE NO: CV 04-09059-SGL(RNBx)

(Consolidated Case No: CV 05-2727-SGL(RNBx), MGA Entertainment, Inc. v. Mattel, Inc., et al.)

| Matter | Time | Court Order |
|---|---|---|
| Jury Trial Date | 9:30 am | 02/12/08 |
| Estimated Length of Trial | | |
| [Hearing on Motions in Limine; Hearing on Disputed Jury Instructions | 10:00 am | 02/04/08 |
| Final Pretrial Conference, LR 16-7 Motions in Limine to be filed | 11:00 am | 01/14/08 |
| Lodge Pretrial Conference Order, LR 16-6 to 16-6.2; File Contentions of Fact and Law, LR16-2.8; Exhibit & Witness Lists, LR 16-4 to 16-5; File Status Report regarding Settlement; File Rule 26(e)(1) Supplementation File Agreed Upon Set of Jury Instructions and Verdict Forms LR 49-1 to 49-2, 51-1 to 51-5.1; File Joint Statement regarding Disputed Instructions, Verdicts, etc. | | 12/31/07 |
| Last date to conduct Settlement Conference | | 12/03/07 |
| Last date for hearing motions, LR 7.2, et seq. | 10:00 am | 11/19/07 |
| Discovery cut-off | | 10/22/07 |
| Last date to Amend Pleadings or Add Parties | | Closed |

**ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE**

LR 16-14.4 Settlement Selection: to be discussed

☐ 1. CT/USMJ              ☑ 3. Outside ADR

☐ 2. Attorney Settlement Panel    ☐

DOE Dismissal:     Complaint Filed: 04/13/05       SET DATE

Dismissal Date:                  to be discussed

Exhibit 1 Page 6

# Exhibit 2

**CERTIFIED COPY**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| CARTER BRYANT, AN INDIVIDUAL, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | NO. CV 04-9040 SGL (RNBX) |
| | ) | |
| MATTEL, INC., A DELAWARE | ) | (CONSOLIDATED WITH |
| CORPORATION, | ) | NO. 04-9059 AND |
| | ) | CASE NO. 05-2727) |
| DEFENDANTS. | ) | |
| | ) | |
| AND CONSOLIDATED ACTIONS. | ) | |
| | ) | |

# TRANSCRIPT OF
# TELEPHONIC PROCEEDINGS

# JUNE 19, 2007

**REPORTED BY:**
EMILY MCCARY
CSR NO. 7584
JOB NO. 07EM059



COURT REPORTERS
**700 S. Flower Street**
Suite 1100
Los Angeles, California 90017
Office: (213) 955-0070
Fax: (213) 955-0077

Exhibit 2  Page **7**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVSION

CARTER BRYANT, AN INDIVIDUAL, )
                              )
            PLAINTIFF,        )
                              )
     V.                       ) CASE NO.
                              )
MATTEL, INC., A DELAWARE      ) CV 04-9049 SGL
CORPORATION,                  ) (RNBX)
                              ) [CONSOLIDATED WITH
            DEFENDANTS.       ) NO. 04-9059 AND
_____) CASE NO. 05-2727]
                              )
AND CONSOLIDATED ACTION(S).   )
_____)


            TRANSCRIPT OF TELEPHONIC PROCEEDINGS,

        TAKEN BEFORE HON. EDWARD A. INFANTE, AT

        865 SOUTH FIGUEROA STREET, TENTH FLOOR,

        LOS ANGELES, CALIFORNIA, COMMENCING AT

        1:34 P.M., TUESDAY, JUNE 19, 2007,

        BEFORE EMILY MCCARY, CSR NO. 7584.

Exhibit 2  Page **8**

```
1
2    BEFORE HON. EDWARD A. INFANTE (TELEPHONICALLY)
3
4    APPEARANCES OF COUNSEL:
5
6    FOR MATTEL, INC.:
7            QUINN EMANUEL URQUHART
             OLIVER & HEDGES, LLP
8            BY:  B. DYLAN PROCTOR, ESQ.
                  TIMOTHY L. ALGER, ESQ.
9            865 SOUTH FIGUEROA STREET
             TENTH FLOOR
10           LOS ANGELES, CALIFORNIA  90017
             (213) 624-7707
11
12
13   FOR MGA ENTERTAINMENT, INC.:
14           O'MELVENY & MYERS, LLP
             BY:  MICHAEL KEATS, ESQ.
15                MELANIE BRADLEY, ESQ.
             TIMES SQUARE TOWER
16           7 TIMES SQUARE
             NEW YORK, NEW YORK  10036
17           (212) 326-2000
             (TELEPHONICALLY)
18
19
     FOR THE PLAINTIFF:
20
             KEKER & VAN NEST, LLP
21           BY:  MICHAEL H. PAGE, ESQ.
             710 SANSOME STREET
22           SAN FRANCISCO, CALIFORNIA 94111
             (415) 391-5400
23           (TELEPHONICALLY)
24
25
```

Exhibit 2 Page **9**

1  30(B)(6) WITNESS WHO WILL GO THROUGH ALL OF PRIOR

2  WITNESS STATEMENTS OF ANY SORT OF M.G.A. -- ANY

3  WITNESSES, YOU KNOW, OF M.G.A. OR OTHERWISE WHO

4  HAVE TESTIFIED ABOUT BRATZ.  AND WE JUST THINK

5  THAT THAT'S JUST A WAY THAT PLAINTIFFS ARE TRYING

6  TO CIRCUMVENT SORT OF THE LIMITATIONS ON THE

7  NUMBER OF DEPOSITIONS.  AND IT'S HARD TO GET

8  SOMEONE UP TO SPEED ON THE KNOWLEDGE OF OTHER

9  PEOPLE'S TESTIMONY.

10         YOU KNOW, THE ORDINARY COURSE WOULD

11 BE TO CONFRONT WITNESSES WITH THEIR PRIOR

12 STATEMENTS IF THEY'RE INCONSISTENT OR OTHERWISE.

13 AND WE JUST DIDN'T SEE A REASON TO DEPART FROM

14 THE ORDINARY COURSE.

15         JUDGE INFANTE:  WELL, I'M NOT HEARING THE

16 APPEAL, SO I DON'T CARE ABOUT DEPOSITIONS.

17         MR. KEATS:  NO, NO, NO.  I UNDERSTAND.  I'M

18 JUST LETTING YOU KNOW THE THINGS WE'RE SEEKING

19 STAYS ON THE 30(B)(6) ORDER ARE MORE LIMITED.

20 THAT'S ALL I'M SAYING.  IT'S LIMITED TO THE STUFF

21 THAT WE HAVE RAISED ON APPEAL.  THAT IS ALL I'M

22 SAYING.

23         I UNDERSTAND THAT THAT'S NOT BEFORE

24 YOU AND THAT'S BEFORE JUDGE LARSON.  AND I THINK

25 THAT'S BEING ARGUED, ACTUALLY, ON THIS COMING

Exhibit 2 Page 10

1    MONDAY.  SO, YOU KNOW, WE'LL HAVE THE ANSWER

2    THERE.

3                YOU KNOW, ONE OTHER ISSUE ON TIMING,

4    AND IT'S COME UP BECAUSE THERE WAS AN ORAL

5    ARGUMENT ON MONDAY, THIS PAST MONDAY, ON THE

6    MOTION TO DISMISS.  MATTEL HAS RAISED THE ISSUE

7    OF WHAT CLAIMS SHOULD BE TRIED IN THE PHASE ONE

8    TRIAL.  THERE'S BEEN A BUNCH OF MOTION PRACTICE

9    ON THAT.

10               AND M.G.A. AND MATTEL ARE -- WERE

11   CLOSE ON THE CLAIMS THAT SHOULD BE MOVED FROM

12   PHASE TWO TO PHASE ONE THAT WILL CHANGE THINGS,

13   OBVIOUSLY, FOR DISCOVERY AND PRIORITIES; BUT

14   THERE'S A WHOLE ISSUE OF WHETHER DAMAGES ARE

15   GOING TO BE TRIED IN PHASE ONE NOW.  AND MY SENSE

16   IS THAT THERE'S A GOOD CHANCE THINGS LIKE EXPERT

17   DISCOVERY DEADLINES AND POSSIBLY EVEN THE TRIAL

18   DATES MAY BE AFFECTED BECAUSE THIS STUFF HAS BEEN

19   PUT UP IN THE AIR.

20               JUDGE INFANTE:  WAIT A MINUTE.  I'M

21   OPERATING ON THE RECORD AS IT EXISTS AT THE TIME

22   I ISSUE MY ORDERS.  AND THE RECORD AS IT EXISTS

23   HAS NO BIFURCATED DISCOVERY.  END OF STORY.

24               MR. KEATS:  NO.  I AGREE WITH THAT, BUT THE

25   POSITION THAT THE PLAINTIFF -- SORRY.  I AGREE

Exhibit 2 Page *11*

1   WITH YOU.  THE POSITION MATTEL IS TAKING WITH ME

2   IN MEET AND CONFERS, THOUGH, ON PHASE TWO IS

3   IT'S MORE IMPORTANT TO GET THE PHASE ONE STUFF

4   FIRST, AND THERE'S NO RUSH TO GET THE PHASE TWO.

5         SO I COMPLETELY AGREE WITH YOU THAT

6   THERE SHOULD NOT BE A BIFURCATION OF DISCOVERY,

7   AND I'M NOT REMOTELY SUGGESTING IT.  BUT ALL --

8   ALL I'M SUGGESTING, AND THE ONLY REASON I RAISED

9   IT AT ALL IS THAT I DON'T THINK THE TIME WE'RE

10   SEEKING FOR THESE CATEGORIES TO FINISH ARE

11   UNREASONABLE, AND, YOU KNOW, THAT WE SHOULD BE

12   COMPLETED WITH OUR PRODUCTION WHEN I DON'T HAVE

13   ANY IDEA WHEN MATTEL IS GOING TO COMPLETE THEIRS.

14   TO ME, IT SEEMS A LITTLE UNFAIR.

15        JUDGE INFANTE:  THIS IS NOT ABOUT MATTEL.

16   THIS IS ABOUT YOU COMPLYING WITH A COURT ORDER

17   THAT WAS ISSUED BY A SPECIAL MASTER.  AND LET ME

18   TELL YOU WHAT THE CHRONOLOGY WAS:  THE REQUESTS

19   WERE MADE LONG AGO.  THE MOTION TO COMPEL WAS

20   FILED FEBRUARY 2ND; THE OPPOSITION, FEBRUARY

21   26TH, AND THEREAFTER A REPLY.

22        THE MOTION WAS HEARD ON MARCH 5TH,

23   AND DURING THAT HEARING I INDICATED THAT I WOULD

24   BE GRANTING THE MOTION.  AND I GAVE THE PARTIES

25   MY DIRECTION WITH RESPECT TO THE FUTURE

Exhibit 2 Page *12*

1    STATE OF CALIFORNIA        )

2                               ) SS.

3    COUNTY OF LOS ANGELES      )

4

5

6        I, EMILY MCCARY, CERTIFIED SHORTHAND

7    REPORTER, CERTIFICATE NO. 7584, FOR THE STATE OF

8    CALIFORNIA, HEREBY CERTIFY;

9        THE FOREGOING PROCEEDINGS WERE TAKEN BEFORE

10   ME AT THE TIME AND PLACE THEREIN SET FORTH;

11       THE TESTIMONY OF THE WITNESSES AND ALL

12   OBJECTIONS MADE AT THE TIME OF THE EXAMINATION

13   WERE RECORDED STENOGRAPHICALLY BY ME AND WERE

14   THEREAFTER TRANSCRIBED;

15       THE FOREGOING TRANSCRIPT IS A TRUE AND

16   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO

17   TAKEN;

18       I FURTHER CERTIFY THAT I AM NEITHER COUNSEL

19   FOR NOR RELATED TO ANY PARTY TO SAID ACTION NOR

20   IN ANY WAY INTERESTED IN THE OUTCOME THEREOF;

21       IN WITNESS WHEREOF, I HAVE HEREUNTO

22   SUBSCRIBED MY NAME THIS 19TH OF JUNE, 2007,

23

24   _____

25              EMILY MCCARY

Exhibit 2 Page *13*

# Exhibit 3

1   ROBERT F. MILLMAN, Bar No. CA 062152
    DOUGLAS A. WICKHAM, Bar No. CA 127268
2   LITTLER MENDELSON
    A Professional Corporation
3   2049 Century Park East, 5th Floor
    Los Angeles, CA  90067.3107
4   Telephone:  310.553.0308
    Facsimile:     310.553.5583
5
    Attorneys for Defendant
6   CARTER BRYANT

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware            Case No. CV 04 3431 NM (RBx)
    Corporation,
12                                      **DEFENDANT'S FIRST SET OF**
                 Plaintiff,             **INTERROGATORIES**
13                                      **PROPOUNDED ON PLAINTIFF**
          v.                            **MATTEL, INC.**
14
    CARTER BRYANT, an individual;
15  and DOES 1 through 10, inclusive,   Action Filed: April 27, 2004

16               Defendant.

17

18  PROPOUNDING PARTY:      DEFENDANT, CARTER BRYANT

19  RESPONDING PARTY:       PLAINTIFF, MATTEL, INC.

20  SET:                    ONE

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

INTERROGATORIES

Exhibit 3 Page *14*

**TO PLAINTIFF MATTEL, INC. AND ITS ATTORNEYS OF RECORD, QUINN EMANUEL URQUHART OLIVER & HEDGES:**

Defendant Carter Bryant (hereinafter "Defendant" or "Bryant") hereby requests, pursuant to Federal Rule of Civil Procedure Rule 33, that Plaintiff MATTEL, Inc. (hereinafter "Plaintiff" or "MATTEL") answer in writing and under oath the following Interrogatories within 30 days of service hereof.

## DEFINITIONS

1. "PERSON" or "PERSONS" means any or all entities, including, but not limited to, any or all individuals, single proprietorships, associations, companies, firms, partnerships, joint ventures, corporations, employees or former employees, or any other business, governmental, or labor entity, and any divisions, departments, or other units thereof.

2. The singular and plural forms of words are used interchangeably, as are the masculine and feminine forms and the present and past tenses of verbs.

3. "IDENTIFY" means:

    A.    when used in reference to a natural PERSON, to state the individual's full name, present or last known residence and business addresses, social security number, present or last known position and business affiliation, and present or last known e-mail and telephone number;

    B.    when used in reference to a corporation, partnership, or other entity, to state the full and complete corporate name, the organizational format (e.g., corporation, partnership, limited liability partnership), the present or last known address of its principal place of business, the present or last known e-mail address and telephone number, the date on which it commenced doing business, each and every officer of the company, and each

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

2.

INTERROGATORIES

Exhibit 3 Page **15**

1      and every stockholder of a corporation or partner of a partnership,

2      or anyone holding an equity interest in the entity;

3   C.   when used in reference to a DOCUMENT, to state the date,

4      identity of the author, addressee(s), signatories, parties, or other

5      PERSONS identified therein, the type of DOCUMENT (e.g.,

6      letter, memorandum, chart, etc.), its present location or custodian

7      and a brief topical description of its contents; and

8   D.   when used in reference to a COMMUNICATION, to state the date,

9      IDENTIFY the parties, the type of COMMUNICATION, and a

10      brief description of its contents.

11   4.   "RELATE TO" and "RELATING TO" mean in any way directly or

12 indirectly, concerning, referring to, pertaining to, mentioning, discussing, describing,

13 disclosing, confirming, supporting, evidencing, representing, or being connected with

14 a stated subject matter or any aspect thereof.

15   5.   "AND" and "OR" mean either the conjunctive or the disjunctive as

16 context may require so that the meaning of the term is inclusive rather than exclusive.

17

18   6.   "MATTEL," "PLAINTIFF," "YOU" or "YOUR" refer to Plaintiff

19 MATTEL, Inc. and its officers, directors, agents, employees and all persons acting

20 under its direction or control or on its behalf.

21 **INTERROGATORY NO. 1:**

22

23   State all facts supporting YOUR contention, if YOU so contend, that Bryant

24 performed services or did any work for a third party or for himself while in the

25 employ of MATTEL.

26 **INTERROGATORY NO. 2:**

27   State all facts supporting YOUR contention, if YOU so contend, that Bryant for

28 his own gain, or the gain of any third party, at any time converted, improperly used,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2045 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3.

INTERROGATORIES

Exhibit 3 Page *16*

1  sold, assigned or otherwise transferred any work product of his creation which YOU
2  believe was owned by MATTEL.

3  **INTERROGATORY NO. 3:**

4       State all facts supporting YOUR contention, if YOU so contend, that Bryant for
5  his own gain, or the gain of any third party, at any time converted, used, sold, assigned
6  or otherwise transferred any MATTEL work product owned at any time by MATTEL
7  or created by any MATTEL employee other than Bryant, or by any independent
8  contractor, during the time that such PERSON was working for MATTEL.

9  **INTERROGATORY NO. 4:**

10      State all facts supporting YOUR contention, if YOU so contend, that any
11  product sold by MGA Entertainment, Inc. ("MGA") under the trade name "Bratz"
12  originated from, is derived from, is based on, copies, incorporates, or is substantially
13  or confusingly similar to any design or work product created or worked on by Bryant
14  while employed by MATTEL.

15 **INTERROGATORY NO. 5:**

16      State all facts supporting YOUR contention, if YOU so contend, that any
17  product sold at any time by MGA under the trade name "Bratz" originated from, is
18  derived from, is based on, copies, incorporates, or is substantially or confusingly
19  similar to any design or work product owned at any time by MATTEL or created by
20  any MATTEL employee other than Bryant or by any independent contractor during
21  the time that such PERSON was working for MATTEL.

22 **INTERROGATORY NO. 6:**

23      State all facts supporting YOUR claim that YOU have been damaged by any act
24  or omission of Bryant.

25 **INTERROGATORY NO. 7:**

26      IDENTIFY all PERSONS YOU believe have knowledge of facts supporting
27  YOUR contention, if YOU so contend, that any product sold by MGA under the trade
28  name "Bratz" originated from, is derived from, is based on, copies, incorporates, is

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

4.

INTERROGATORIES

Exhibit 3 Page *17*

1  substantially similar to any design, or elements thereof, created or worked on by
2  Bryant while employed by MATTEL.

3  **INTERROGATORY NO. 8:**

4      IDENTIFY all PERSONS YOU believe have knowledge of facts supporting
5  YOUR contention, if YOU so contend, that any product sold by MGA under the trade
6  name "Bratz" originated from, is derived from, is based on, copies, incorporates, or is
7  substantially or confusingly similar to any design or work product owned at any time
8  by MATTEL or created by any MATTEL employee other than Bryant or by any
9  independent contractor during the time that such PERSON was working for
10  MATTEL.

11  **INTERROGATORY NO. 9:**

12      State all facts supporting YOUR contention that MATTEL first became aware
13  of the alleged wrongful conduct of Bryant in November 2003, as set forth in
14  Paragraph 12 of the Complaint.

15  **INTERROGATORY NO. 10:**

16      State all facts supporting YOUR contention that Bryant failed to meet his
17  obligations under the MATTEL "Employee Confidential Information and Inventions
18  Agreement" attached to the Complaint as Exhibit "A".

19  **INTERROGATORY NO. 11:**

20      State all facts supporting YOUR contention that Bryant failed to meet his
21  obligations under the MATTEL Conflict of Interest Questionnaire," attached to the
22  Complaint as Exhibit "B".

23  **INTERROGATORY NO. 12:**

24      State all facts supporting YOUR contention that Bryant misappropriated
25  MATTEL property, including without limitation intellectual property, at any time.

26  **INTERROGATORY NO. 13:**

27      State all facts supporting YOUR contention that Bryant was in a fiduciary
28  relationship with MATTEL.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

5.

Exhibit 3 Page *18*

1 **INTERROGATORY NO. 14:**

2      If YOU contend that prior to October 20, 2000, MATTEL had any toy concept

3 or project which had not yet been offered for sale to the public, including without

4 limitation, any toy concept or project in the pre-production or development phase, that

5 Bryant improperly copied, replicated, borrowed or otherwise used in whole, or in any

6 part, during or after Bryant's employment with MATTEL, IDENTIFY that toy

7 concept or project.

8 **INTERROGATORY NO. 15:**

9      IDENTIFY each and every MATTEL employee who supervised work

10 performed by Bryant throughout the period or periods of Bryant's employment with

11 MATTEL.

12 **INTERROGATORY NO. 16:**

13      IDENTIFY each and every MATTEL employee or independent contractor that

14 worked with Bryant on any project he worked on for MATTEL, from 1996 to October

15 2000.

16 **INTERROGATORY NO. 17:**

17      IDENTIFY each and every employee against whom YOU have filed, or

18 threaten to file, a lawsuit pertaining in whole, or in any part, to an alleged violation of

19 the MATTEL "Employee Confidential Information and Inventions Agreement," the

20 form of which is attached to the Complaint as Exhibit "A".

21 **INTERROGATORY NO. 18:**

22      IDENTIFY each and every employee against whom YOU have filed, or

23 threaten to file, a lawsuit pertaining in whole, or in any part, to an alleged violation of

24 the MATTEL "Conflict of Interest Questionnaire," the form of which attached to the

25 Complaint as Exhibit "B".

26 **INTERROGATORY NO. 19:**

27      IDENTIFY all measures taken by MATTEL to achieve compliance with the

28 MATTEL "Employee Confidential Information and Inventions Agreement," the form

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

6.

1    of which is attached to the Complaint as Exhibit "A," and the MATTEL "Conflict of

2    Interest Questionnaire," the form of which attached to the Complaint as Exhibit "B".

3

4    Dated:  June 14, 2004

5                                            ROBERT F. MILLMAN
                                             DOUGLAS A. WICKHAM
6

7                                            DOUGLAS A. WICKHAM

8                                            LITTLER MENDELSON
                                             A Professional Corporation
9                                            Attorneys for Defendant
                                             CARTER BRYANT
10

11   Los_Angeles:361794.1 028307.1010

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
6th Floor
Los Angeles, CA 90067.3107
310.553.0308

7.

INTERROGATORIES

Exhibit 3  Page **20**

1

## PROOF OF SERVICE BY PERSONAL DELIVERY

2       I am employed in Los Angeles County, California.  I am over the age of

3 eighteen years and not a party to the within-entitled action.  My business address is

4 ProCourier, 1706 South  Figueroa Street, Los Angeles, California 90015.  On June 14,

5 2004, I personally served:

6
### DEFENDANT'S FIRST SET OF INTERROGATORIES
7 PROPOUNDED ON PLAINTIFF MATTEL, INC.

8       by delivering copies thereof to:

9 Michael T. Zeller, Esq.

10 **Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 South Figueroa Street, 10th Floor

11 Los Angeles, California 90017

12

13       Executed on June 14, 2004, at Los Angeles, California.

14

15

16 _____

17 Los_Angeles:362022.1 028307.1010

18

19

20

21

22

23

24

25

26

27

28

ITTLER MENDELSON
· Professional Corporation
2049 Century Park East
5th Floor
33 Angeles, CA 90067-3107
310 553.0358

PROOF OF PERSONAL SERVICE

Exhibit 3  Page 21

# Exhibit 4

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   MATTHEW M. WERDEGAR - #200470
5  mwerdegar@kvn.com
   JOHN E. TRINIDAD - #250468
6  jtrinidad@kvn.com
   AUDREY WALTON-HADLOCK- #250574
7  awaltonhadlock@kvn.com
   710 Sansome Street
8  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
9  Facsimile:  (415) 397-7188

10 Attorneys for Plaintiff
   CARTER BRYANT

11

12               UNITED STATES DISTRICT COURT

13               CENTRAL DISTRICT OF CALIFORNIA

14                      EASTERN DIVISION

15

16 CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                        (consolidated with CV 04-9059 & 05-
17                 Plaintiff,           2727

18      v.                             **CARTER BRYANT'S SECOND SET
                                       OF INTERROGATORIES TO
19 MATTEL, INC. a Delaware             MATTEL, INC.**
   Corporation,
20
21                 Defendant.

22 CONSOLIDATED WITH MATTEL,
   INC., v. BRYANT and MGA
23 ENTERTAINMENT, INC. v.
   MATTEL, INC.
24

25

26

27

28

                           12-26

PROPOUNDING PARTY:    CARTER BRYANT

RESPONDING PARTY:    MATTEL, INC.

SET NUMBER:    TWO

Pursuant to Federal Rule of Civil Procedure 33, CARTER BRYANT requests that MATTEL, INC. respond to the following interrogatories separately, fully and under oath within thirty days of service.

## DEFINITIONS

1.    "MATTEL" or "YOU" means and refers to Mattel, Inc., its current employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.    "BRATZ" refers to any product that has ever been sold or marketed under the name or term "Bratz."

3.    "DOCUMENT" or "DOCUMENTS" is defined broadly to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and includes all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a DOCUMENT, all drafts of final DOCUMENTS, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody or control, regardless of the medium on which they are produced, reproduced, or stored, and any electronic mail, recording or writing, as these terms are defined in Federal Rule of Evidence 1001. Any DOCUMENT bearing marks, including without limitation, initials, stamped initials, comments, or

1

1 notations not a part of the original text or photographic reproduction thereof, is a
2 separate DOCUMENT.

3     4.    "IDENTIFY" or "IDENTIFYING" means the following: (a) with
4 reference to PERSONS, means to state such PERSON's full name, any known
5 business title, current or last known residential address, current or last known
6 business address, and current or last known telephone number, and current or last
7 known relationship to MATTEL; (b) with reference to DOCUMENT or
8 DOCUMENTS, means to describe each DOCUMENT by Bates number if the
9 DOCUMENT has a bate number, and if not, then to provide a complete description
10 of the DOCUMENT including the date of creation, identity of author, identity of
11 current custodian, the document's present physical location, the location of where
12 the document is stored electronically, and a description of the DOCUMENT's
13 subject matter and content; (c) with reference to "MATTEL property or resources",
14 means to provide a complete description of the property or the resource, including
15 but not limited, its monetary value or estimated monetary value.

16     5.    "PERSON" or "PERSONS" means and refers to all natural persons,
17 partnerships, joint ventures and any kind of business, legal or public entity or
18 organization, as well as its, its or her agents, representatives, employees, officers
19 and directors and any one else acting on its, its or her behalf, pursuant to its, its or
20 her authority or subject or its, its or her control.

21     6.    "REFER OR RELATE TO" should be construed in the broadest
22 possible sense to mean concern, consist of, refer to, relate to, pertain to, involved
23 with, describe, discuss, constitute, evidence, contain, reflect, mention, cite,
24 summarize, embody, analyze or bear any logical or factual connection with the
25 subject matter discussed.

26 **INSTRUCTIONS**

27     1.    If MATTEL elects to answer any interrogatory pursuant to Federal
28 Rule of Civil Procedure 33(d), BRYANT requests that MATTEL identify the

2

CARTER BRYANT'S SECOND SET OF INTERROGATORIES TO MATTEL, INC.<br>CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 4 Page **24**

1  particular documents relating to the subject matter of the specific interrogatory,

2  and separately for each document, the date the document bears, the title of the

3  document, if any, the identity of the authors of the document, the identity of each

4  addressee or recipient of the document, the type and subject matter of the

5  document and the present location or custodian of the document.

6       2.    If MATTEL cannot answer an interrogatory in full, MATTEL is

7  hereby directed to answer it to the fullest extent possible, specify the reasons for its

8  inability to answer the remainder, and state whatever information or knowledge

9  MATTEL has concerning the unanswered portion.

10

11                      **INTERROGATORIES**

12

13  **INTERROGATORY NO. 20:**

14       To the extent that YOU contend that BRYANT used or employed any

15  MATTEL property or resources in connection with the design, development, sale

16  or licensing of any BRATZ products, IDENTIFY each such MATTEL property or

17  resource and state all facts that support your contention, including but not limited

18  to IDENTIFYING all PERSONS with knowledge of such facts and all

19  DOCUMENTS which REFER OR RELATE TO such facts.

20

21  Dated:  December 26, 2007             KEKER & VAN NEST, LLP

22

23

24  By:                                        
                        Matthew M. Werdegar

25                          Attorneys for Plaintiff
                        CARTER BRYANT

26

27

28

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On December 26, 2007, I served the following document(s):

**CARTER BRYANT'S SECOND SET OF INTERROGATORIES TO MATTEL, INC.**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| John B. Quinn<br>Michael T. Zeller<br>Quinn Emanuel Urquhart Oliver &<br>Hedges, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017-2543<br>Tel:   213/443-3000<br>Fax:   213/443-3100<br>Email: johnquinn@quinnemanuel.com<br>Email: michaelzeller@quinnemanuel.com | Thomas J. Nolan<br>Skadden Arps Slate Meagher & Flom<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071-3144<br>Tel:   213/687-5000<br>Fax:   213/687-5600<br>Email: tnolan@skadden.com |

Alexander H. Cote
Overland Borenstein Scheper & Kim LLP
300 S. Grand Avenue, Suite 2750
Los Angeles, California 90071
Tel:   213/613-4660
Fax:   213/613-4656
Email :     acote@obsklaw.com

396359.01

Exhibit 4  Page **26**

1    Executed on December 26, 2007, at San Francisco, California.

2        I declare under penalty of perjury under the laws of the State of California
3    that the above is true and correct.

4                                            _Julie Selby_____
                                             JULIE A. SELBY

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 4  Page **27**

# Exhibit 5

DIANA M. TORRES (S.B. #162284)
PAULA E. AMBROSINI (S.B. #193126)
ALICIA C. MEYER (S.B. #230189)
O'MELVENY & MYERS, LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendant-in-Intervention,
MGA Entertainment, Inc.

**RECEIVED**

FEB 0 7 2005

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MATTEL, INC., a Delaware
Corporation,

               Plaintiff,

     v.

CARTER BRYANT, an individual,
and MGA ENTERTAINMENT,
INC., a California Corporation

            Defendant and
            Defendant-in-
            Intervention.

Case No. CV04-9059 NM (RNBx)

**MGA'S FIRST SET OF
INTERROGATORIES TO MATTEL,
INC.**

| | |
|---|---|
| PROPOUNDING PARTY: | MGA ENTERTAINMENT, INC. |
| RESPONDING PARTY: | MATTEL, INC. |
| SET: | ONE |

Exhibit 5 Page 28

1    Defendant-In-Intervention, MGA Entertainment Inc. ("MGA"), hereby
2    requests that Plaintiff, Mattel Inc. ("Mattel") answer the following Interrogatories
3    separately, fully, and under oath, pursuant to Rule 33 of the Federal Rules of Civil
4    Procedure, within thirty (30) days of service, in accordance with the definitions and
5    instructions set forth herein.

6    ## DEFINITIONS

7        1. "BRATZ" means and refers to each image, character, logo, doll, toy,
8    accessory, product, packaging or other thing or matter that is or has ever been
9    manufactured, marketed or sold by MGA, or others under license, as part of a line of
10   goods or merchandise commonly known as, or sold and marketed under the "Bratz"
11   trademark or trade dress including but not limited to the "BRATZ CONCEPT,"
12   "FIRST BRATZ DOLLS," "BRATZ DOLLS," "BRATZ PACK", "LIL' BRATZ,"
13   "BRATZ PETZ," "BRATZ BABYZ," and "BRATZ BOYZ.

14       2. "BRATZ CONCEPT" means and refers to each "BRATZ"-related image,
15   drawing, picture, sculpt, mold, prototype and any other form of artwork predating the
16   FIRST BRATZ DOLLS, examples of which have been the subject of Mr. Bryant's
17   testimony and produced by Mr. Bryant bearing Bates serial numbers Bryant 00175-
18   177; 00179-00182; 00189-00190; 00192-00196; 00198-00216; 00218; 00341; 00972;
19   01014; and 01116-01118.

20       3. "FIRST BRATZ DOLLS" means and refers to each image, character, logo,
21   doll, toy, accessory, product, packaging or other thing or matter that is or has ever
22   been manufactured, marketed or sold by MGA, or others under license, as part of a
23   line of goods or merchandise commonly known as, or sold and marketed under the
24   "Bratz" trademark or trade dress and consisting of the following: "Bratz Cloe", SKU
25   248521; "Bratz Cloe", SKU 248538; "Bratz Jade", SKU 248545; "Bratz Sasha, SKU
26   248552; "Bratz Yasmin", SKU 248569; "Bratz Pajama Power Fashion", SKU
27   248576; "Bratz Study Hall Fashion", SKU 248583; and "Bratz Dynamite Dance
28   Fashion", SKU 248682.

1

Exhibit 5 Page 29

4. "BRATZ DOLLS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress excluding the "FIRST BRATZ DOLLS", "LIL' BRATZ," "BRATZ PETZ," and "BRATZ BABYZ" and including, without limitation, the styling head commonly known as or sold and marketed as the "Bratz Funky Fashion Make Over" styling head, and specifically including, without limitation, the images, characters, dolls, playsets and other products and toys called or referred to as, or named or marketed in association with the names "Cloe", "Jade", "Sasha", "Yasmin", "Meygan", "Dana", "Fianna", "Nevra", "Cameron", "Dylan", "Eitan", "Koby", "Cade", "Ailani", "Nazalia", "Talia", "Zada", "Mikko", "Colin", "Deavon", "Lakin", "Flaunt It," "Beach Party", "Micro Bratz", "Xpress It", "Bratz Boyz", "Funk 'n' Glow", "Funky Fashion Makeover", "Holiday Bratz – Sweetheart", "Holiday Bratz – Spring Fling", "Holiday Bratz – Independence Dance", "Slumber Party", "Strut It", "Spring Break", "Formal Funk", "Bratz Boyz Formal Funk", "Wintertime Wonderland", "Style It!", "Funky Fashion Makeover", "Funk Out!", "Sun-Kissed Summer", "Girls Nite Out!", "Wild Life Safari", and any other released, or yet to be released, BRATZ named character or product theme.

5. "BRATZ PACK" means and refers to any collection, compilation or grouping of two or more images, characters or dolls that are or have ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress including, without limitation, the collection, compilation or grouping of four female images, characters or dolls individually named, called or referred to as "Bratz Cloe", "Bratz Jade", "Bratz Sasha", and "Bratz Yasmin" and any other similar collection, compilation or grouping of two or more images, characters or dolls, male or female, and specifically including, without limitation, the images,

2

Exhibit 5 Page **30**

1   characters and dolls called or referred to as, or named or marketed in association with

2   the names "Cloe", "Jade", "Sasha", "Yasmin", "Meygan", "Dana", "Fianna",

3   "Nevra", "Cameron", "Dylan", "Eitan", "Koby", "Cade", "Ailani", "Nazalia",

4   "Talia", "Zada", "Mikko", "Colin", "Deavon", "Lakin", and any other released, or yet

5   to be released, BRATZ character.

6       6. "LIL' BRATZ" means and refers to each image, character, logo, doll, toy,

7   accessory, product, packaging or other thing or matter that is or has ever been

8   manufactured, marketed or sold by MGA, or others under license, as part of a line of

9   goods or merchandise commonly known as, or sold and marketed under the "Bratz"

10  trademark or trade dress and commonly labeled, called, referred to, named or

11  identified as "LIL' BRATZ", and specifically including, without limitation, the

12  images, characters, dolls, playsets and other products and toys called or referred to as,

13  or named or marketed in association with the names "Cloe", "Yasmin", "Sasha",

14  "Jade", "Ailani", "Nazalia", "Talia", "Zada", "Lil' Boyz", "Cameron", "Dylan",

15  "Eitan", "Koby", "Mikko", "Colin", "Deavon", "Lakin", "Lil' Bratz Slumber Party",

16  "Lil' Bratz Tote", "Lil' Bratz Spring Break", "Lil Bratz Dancefloor Funk", "Lil' Boyz

17  Dancefloor Funk", and any other released, or yet to be released, LIL' BRATZ

18  character or product theme.

19      7. "BRATZ PETZ" means and refers to each image, character, logo, doll, toy,

20  accessory, product, packaging or other thing or matter that is or has ever been

21  manufactured, marketed or sold by MGA, or others under license, as part of a line of

22  goods or merchandise commonly known as, or sold and marketed under the "Bratz"

23  trademark or trade dress and commonly labeled, called, referred to, named or

24  identified as "BRATZ PETZ", and specifically including, without limitation, the

25  images, characters and toys called or referred to as, or named or marketed in

26  association with the names, "Bratz Catz", "Brigitte", "Jolie", "Kendall", "Daphne",

27  "Bratz Petz Tokyo Catz", "Kyoto", "Cho", "Nami", "Yukiko", "Bratz Petz Foxz",

28  "Carly", "Reilly", "Shayna", "Bree", "Bratz Petz Dogz", "Shae", "Kali", "Pilar",

3

Exhibit 5 Page 31

1  "Abby", and any other released, or yet to be released, BRATZ PETZ character or

2  product theme.

3        8. "BRATZ BABYZ" means and refers to each image, character, logo, doll,

4  toy, accessory, product, packaging or other thing or matter that is or has ever been

5  manufactured, marketed or sold by MGA, or others under license, as part of a line of

6  goods or merchandise commonly known as, or sold and marketed under the "Bratz"

7  trademark or trade dress and commonly labeled, called, referred to, named or

8  identified as "BRATZ BABYZ", and specifically including, without limitation, the

9  images, characters and dolls called or referred to as, or named or marketed in

10  association with the names, "Cloe", "Sasha", "Jade," "Yasmin", and any other

11  released, or yet to be released, BRATZ BABYZ character or product theme.

12        9. "BRATZ BOYZ" means and refers to each male image, character, logo, doll,

13  toy, accessory, product, packaging or other thing or matter that is or has ever been

14  manufactured, marketed or sold by MGA, or others under license, as part of a line of

15  goods or merchandise commonly known as, or sold and marketed under the "Bratz"

16  trademark or trade dress and commonly labeled, called, referred to, named or

17  identified as "BRATZ BOYZ", and specifically including, without limitation, the

18  images characters, dolls, playsets and other products and toys called or referred to as,

19  or named or marketed in association with the names "Cameron", "Dylan", "Eitan",

20  "Koby", "Cade", "Mikko", "Colin", "Deavon", "Lakin", "Bratz Boyz Formal Funk",

21  "Boyz Funk Out!", "Boyz Sun-Kissed Summer", and any other released, or yet to be

22  released BRATZ BOYZ character or product theme.

23       10. "BRATZ INTELLECTUAL PROPERTY" means all intellectual and

24  industrial property rights in and to BRATZ including, without limitation, all

25  copyrights, patents, trademarks, industrial designs, trade secrets, contract and

26  licensing rights, design rights, moral rights and trade dress rights, in any country of

27  the world.

28       11. "BRYANT" means defendant Carter Bryant.

4

Exhibit 5 Page **32**

12.   "COMMUNICATION[S]" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request that encompasses information relating in any way to communications to, from or within a business or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents or servants of the business or corporate entity.

13.   "COMPLAINT" means and refers to the Complaint filed by Mattel Inc. in this matter on April 27, 2004 and now designated as Case No. CV 04-9059 NM (RNBx) in the United States District Court for the Central District of California.

14.   "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 24, and shall be construed in the broadest sense to mean any and all writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders, telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders, estimates, recordings, transcriptions of recordings, records, books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital recordings, television commercials, story boards, website or other spot

advertisements, movies, movie trailers, prototypes, products, diaries, calendars, charts, drawings, sketches, messages, photographs and data contained in or accessible through any electronic data processing system, including, but not limited to, computer databases, data sheets, data processing cards, computer files and tapes, computer disks, CD-ROMs, computer meta-data, microfilm, microfiche, electronic mail, website and web pages and transcriptions thereof and all other memorializations of any conversations, meetings and conference, by telephone or otherwise. The term DOCUMENT also means every copy of a DOCUMENT, where such copy is not an identical duplicate of the original, whether because of deletions, underlinings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery or any other difference or modification of any kind.

15.    "MARKET RESEARCH" means any type of research, study, survey or analysis of consumers or potential consumers of a product or potential product including, without limitation, focus groups, consumer surveys, market analyses, behavioral analyses and consumer research.

16.    "MATTEL," "PLAINTIFF," "YOU" or "YOUR" means plaintiff MATTEL, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with YOU and any others acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

17.    MGA" means MGA Entertainment, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with MGA

6

Exhibit 5 Page 34

and any others acting on MGA's behalf, pursuant to its authority or subject to its control.

18.    "MGA PRODUCTS" means any and all products offered for sale by MGA Entertainment, Inc., other than BRATZ, including, without limitation, "4-Ever Best Friends" and "Alien Racers".

19.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

20.    "PROPERTY" or "PROPERTIES" means all ideas, concepts, rights, designs, proprietary and confidential information, and other intellectual and intangible property including, without limitation, copyrights, patents, trademarks, design rights and trade secrets.

21.    The singular form includes the plural, and vice versa.

22.    The terms "any" and "all" are interchangeable.

23.    The terms "and" and "or" shall be construed disjunctively and conjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of any interrogatory, information that would otherwise not be within its scope.

24.    As used herein, the terms "relating to" and "referring to" should each be construed in the broadest possible sense to mean concerning, consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

## INSTRUCTIONS

1.    Mattel is instructed to serve written responses to these Interrogatories

Exhibit 5 Page **35**

1   upon MGA's counsel at O'Melveny & Myers LLP, 400 South Hope Street, Los

2   Angeles, California 90071.

3       2.   These Interrogatories are deemed to be continuing in nature. If, after

4   responding, Mattel discovers additional information responsive to any Interrogatory,

5   or part thereof, MGA requests that Mattel provide such information to MGA within

6   thirty days after acquiring knowledge of its existence or advise MGA in writing as to

7   why such additional information cannot be provided within the specified period.

8       3.   For any information withheld based on any ground, including privilege,

9   provide a written statement setting forth: (a) the identity of all person(s) from and to

10  whom the information has been communicated; (b) the names and organization

11  position, if any, of each such person; (c) a brief description of the subject matter of the

12  information; and (d) the legal ground upon which you rely in withholding the

13  information; and (e) if work product is asserted, the proceeding for or during which

14  the information was obtained or created.

15      4.   Whenever in these Interrogatories there is a request to "IDENTIFY" a

16  COMMUNICATION, the answering party shall state the date of the

17  COMMUNICATION, the places of origin and reception of the COMMUNICATION,

18  the persons present during any portion of the COMMUNICATION if oral, the type of

19  COMMUNICATION (*i.e.* letter, facsimile, face-to-face conversation, telephone, etc.),

20  the substance of the COMMUNICATION and the DOCUMENT(S), if any, that

21  constitute, record, show or refer to the COMMUNICATION.

22      5.   Whenever in these Interrogatories there is a request to state the

23  "IDENTITY" of a PERSON, the answering party shall set forth the person's name,

24  present or last known business address, residence address and telephone numbers,

25  dates of employment, job capacity, title, status, position, rank or classification or, with

26  respect to a non-natural person, the name and address of the principal office or place

27  of business, all names under which it is doing business or ever has done business, the

28  nature of the venture (*i.e.* sole proprietorship, partnership , corporation, etc.), and the

8

Exhibit 5 Page **36**

1   identities of its officers, directors, partners or administrators.

2       6.    Whenever in these Interrogatories there is a request to state the

3   "IDENTITY" of a DOCUMENT, the answering party shall identify, by name, all

4   authors and recipients of the DOCUMENT, the date of the DOCUMENT, the person

5   or entity who currently has possession, custody and control of the DOCUMENT, and

6   describe the DOCUMENT in a manner sufficient for MGA to draft a discovery

7   demand requesting production of the DOCUMENT.

8       7.    Whenever in these Interrogatories there is a request to "IDENTIFY"

9   PROPERTY, the answering party shall describe the PROPERTY as specifically as

10  possible, state the name and current employer, if known, of the author(s), inventor(s),

11  owner(s) and any assignee(s) and licensee(s) of the PROPERTY, state any copyright

12  registration, recordation information relative to a copyright interest, trademark

13  registration and patent numbers of the PROPERTY, if any, and state the dates of

14  conception, authorship, invention and reduction to practice of the PROPERTY.

15

16                          **INTERROGATORIES**

17  **INTERROGATORY NO. 1.:**

18      State all facts, with particularity, and IDENTIFY all DOCUMENTS that

19  support YOUR contention, if YOU so contend, that YOU have suffered harm as a

20  result of any act or omission of MGA.

21  **INTERROGATORY NO. 2.:**

22      For each fact stated in response to Interrogatory No. 1, IDENTIFY all

23  PERSONS with knowledge of each fact.

24  **INTERROGATORY NO. 3.:**

25      State, with particularity, the nature, amount, cause and calculation of every item

26  of YOUR alleged damages, including, without limitation, general, actual and statutory

27  damages, restitution, disgorgement of unlawful profits, lost profits, lost payments, lost

28

Exhibit 5 Page **37**

revenues, lost monies, lost royalties or license fees, reputational harm, lost relationships, lost business opportunities, interest, attorneys' fees, costs, expenses, and any other form of injury or damage or quantifiable remedy that YOU seek to recover in this lawsuit.

**INTERROGATORY NO. 4.:**

State all facts, with particularity, and IDENTIFY all DOCUMENTS that support YOUR contention, if YOU so contend, that YOU are entitled to exemplary damages, attorneys' fees and costs.

**INTERROGATORY NO. 5.:**

State all facts, with particularity, and IDENTIFY all DOCUMENTS that YOU contend prove, directly or circumstantially, that MGA copied YOUR PROPERTY, including, without limitation, "Toon Teens".

**INTERROGATORY NO. 6.:**

IDENTIFY each COMMUNICATION that YOU have ever made, received, or participated in that referred to, mentioned, or concerned this lawsuit.

**INTERROGATORY NO. 7.:**

IDENTIFY all PERSONS interviewed for the July 18, 2003 Wall Street Journal article.

**INTERROGATORY NO. 8.:**

Describe, with particularity, each error contained in the July 18, 2003 Wall Street Journal article by explaining why and in what way each fact is incorrect.

**INTERROGATORY NO. 9.:**

State, with particularity, when and how MATTEL first learned of BRATZ.

**INTERROGATORY NO. 10.:**

State, with particularity, when and how MATTEL first learned that BRYANT performed work for MGA.

Exhibit 5 Page **38**

1   **INTERROGATORY NO. 11.:**

2       State, with particularity, when and how MATTEL first learned that BRYANT

3   conceived of the BRATZ CONCEPT.

4

5   Dated:  February ___, 2005                DIANA M. TORRES
                                             PAULA E. AMBROSINI
6                                            ALICIA C. MEYER
                                             O'MELVENY & MEYERS LLP
7

8

9                                            Paula E. Ambrosini,
                                             Attorneys for MGA Entertainment, Inc.
10

11  LA2:746290.2

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

Exhibit 5 Page **39**

1

## PROOF OF SERVICE

2          I, Suzanne I. Jimenez, declare:

3          I am a resident of the State of California and over the age of eighteen years, and
not a party to the within action; my business address is 400 South Hope Street, Los Angeles,
4   California 90071-2899.  On February 4, 2005, I served the within document:

5          **MGA'S FIRST SET OF INTERROGATORIES TO MATTEL, INC.**

6

7    ☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully
           prepaid, in the United States mail at Los Angeles addressed as set forth below.  I am
8          readily familiar with the firm's practice of collecting and processing correspondence for
           mailing.  Under that practice it would be deposited with the U.S. Postal Service on that
           same day with postage thereon fully prepaid in the ordinary course of business.  I am
9          aware that on motion of the party served, service is presumed invalid if the postal
           cancellation date or postage meter date is more than one day after date of deposit for
10         mailing in affidavit.

11   ☒     by putting a true and correct copy thereof, together with an unsigned copy of this
           declaration, in a sealed envelope designated by the carrier, with delivery fees paid or
12         provided for, for delivery the same business day to the person(s) listed above. I am readily
           familiar with this firm's practice for collection and processing of overnight courier
13         correspondence.  In the ordinary course of business, such correspondence collected from
           me would be processed on the same day, with fees thereon fully prepaid.
14

15   Michael T. Zeller                          **VIA HAND-DELIVERY & MAIL**
     Quinn Emanuel Urquhart Oliver & Hedges, LLP
16   865 South Figueroa Street, 10th Floor
     Los Angeles, California  90017-2543
17   Tel:  (213) 443-3000
     Fax: (213) 443-3100
18

19   Keith Jacoby                               **VIA REGULAR MAIL**
     Littler Mendelson
20   A Professional Corporation
     2049 Century Park East, 5th Floor
21   Los Angeles, CA  90067-3107
     Tel:  (310) 553-0308
22   Fax: (310) 553-5583
23

24         I declare under penalty of perjury under the laws of the United States that the
     above is true and correct.
25

26         Executed on February 4, 2005, at Los Angeles, California.

27

28                                         _Suzanne I. Jimenez_
                                            Suzanne I. Jimenez

Exhibit 5  Page **40**

# Exhibit 6

1 THOMAS J. NOLAN (Bar No. 066992)
  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 300 South Grand Avenue
  Los Angeles, California 90071-3144
3 Telephone:   (213) 687-5000
  Facsimile:   (213) 687-5600
4 E-mail:   tnolan@skadden.com

5

  KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
6 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
  4 Times Square
7 New York, NY  10036
  Telephone:   (212) 735-3000
8 Facsimile:   (212) 735-2000
  E-mail:      kplevan@skadden.com
9
  Attorneys for Counter-Defendants,
10 MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
   (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.
11
                    UNITED STATES DISTRICT COURT
12
                    CENTRAL DISTRICT OF CALIFORNIA
13
                         EASTERN DIVISION
14
   CARTER BRYANT, an individual      )  CASE NO. CV 04-9049 SGL (RNBx)
15                                    )
                    Plaintiff,        )  Consolidated with Case No. 04-9059
16                                    )  and Case No. 05-2727
          v.                          )
17                                    )  **MGA'S SECOND SET OF**
   MATTEL, INC., a Delaware           )  **INTERROGATORIES TO**
18 corporation                        )  **MATTEL, INC.**
                                      )
19                  Defendant.        )
                                      )
20                                    )
                                      )  Honorable Stephen G. Larson
21                                    )  Courtroom 1
                                      )
22                                    )

23

24

25

26

27

28

                              12-4

MGA'S SECOND SET OF INTERROGATORIES TO MATTEL, INC.          NO. CV 04-9049 SGL (RNBx)

Exhibit 6 Page 41

Consolidated with MATTEL, INC. v.
BRYANT and MGA
ENTERTAINMENT, INC. v.
MATTEL, INC.

**PROPOUNDING PARTY:**   MGA ENTERTAINMENT, INC.

**RESPONDING PARTY:**    MATTEL, INC.

**SET NUMBER:**          SECOND

1    MGA Entertainment Inc. ("MGA"), hereby requests that Plaintiff, Mattel Inc.

2  ("Mattel") respond to the following Second Set of Interrogatories separately, fully,

3  and under oath, pursuant to Rule 33 of the Federal Rules of Civil Procedure, within

4  (30) days of service, in accordance with the definitions and instructions set forth

5  herein.

6                                **DEFINITIONS**

7    1.    "AFFILIATES" means any and all corporations, proprietorships, d/b/a's,

8  partnerships, joint ventures and business entities of any kind that, directly or

9  indirectly, in whole or in part, own or control, are under common ownership or

10  control with, or are owned or controlled by a PERSON, party or entity, including

11  without limitation each parent, subsidiary and joint venture of such person, party or

12  entity.

13    2.    "ALLEGED COPYRIGHTED WORKS" means the copyrighted works

14  alleged in paragraph 83 of MATTEL'S Second Amended Answer in Case No. 05-

15  2727 and Counterclaim in THIS ACTION.

16    3.    "ALLEGED TRADE SECRETS" means the trade secret material

17  alleged in paragraphs 107 thru 111 of MATTEL'S Second Amended Answer in Case

18  No. 05-2727 and Counterclaim in THIS ACTION.

19    4.    "BARBIE" means and refers to each image, character, logo, doll, toy,

20  styling head, plush toy, play set, accessory, product, packaging or any other thing

21  that is or has ever been manufactured, marketed or sold by YOU, or others under

22  licensed by YOU, as part of a line of goods or merchandise commonly known as, or

23  sold and marketed under the name "Barbie."

24    5.    "BRYANT" means Carter Bryant individually and does not include his

25  agents, representatives, attorneys, experts or any other PERSON acting on his behalf,

26  pursuant to his authority or subject to his control.

27    6.    "BRATZ" means and refers to each image, character, logo, doll, fashion

28  doll, plush toy, styling head, toy, accessory, product, packaging, theme, or other

2



1  thing or matter that is or has ever been manufactured, marketed or sold by MGA, or

2  others under license, as part of a line of goods or merchandise commonly known as,

3  or sold and marketed under the "Bratz" trademark or trade dress.

4      7.    "COLLECT," "COLLECTED" or "COLLECTION" with reference to

5  DOCUMENTS means to collect, review, produce, request, seek, look for, search for,

6  analyze or in any other way collect or review or attempt to collect or review such

7  DOCUMENTS in connection with YOUR search for, review of and/or production of

8  DOCUMENTS in this ACTION."

9      8.    The term "CONFLICT OF INTEREST QUESTIONNAIRE" refers to

10  Mattel's form of employment agreement concerning, inter alia, relations, if any,

11  between Mattel's employees, suppliers, and/or competition, whether known by the

12  title "Conflict of Interest Questionnaire" or any other title, including without

13  limitation the form of Conflict of Interest Questionnaire entitled "Conflict of Interest

14  Questionnaire" executed by Carter Bryant on or about January 4, 1999.

15      9.    "CONTESTED MATTEL PRODUCTS" means:

16      (a) each female fashion doll and its packaging that is or has ever been

17  manufactured, marketed or sold by MATTEL, or others under license by MATTEL,

18  as part of a line of goods or merchandise commonly known as, or sold and marketed

19  under the "My Scene" trademark or trade dress;

20      (b) each image, character, logo, fashion doll, doll, toy, accessory, product,

21  packaging or other thing or matter that is or has ever been manufactured, marketed or

22  sold by MATTEL, or others under license by MATTEL, as part of a line of goods or

23  merchandise commonly known as, or sold and marketed under the "My Scene"

24  "Chillin' Out!" trademark or trade dress, the "My Scene" "Night on the Town"

25  trademark or trade dress, the "My Scene" "My Bling Bling" trademark or trade

26  dress, and/or the "My Scene" "Jammin' in Jamaica" trademark or trade dress;

27      (c) each plush toy and its packaging that is or has ever been manufactured,

28  marketed or sold by MATTEL, or others under license by MATTEL, as part of a line

Exhibit 6 Page 44

1  of goods or merchandise commonly known as, or sold and marketed under the "My

2  Scene" trademark or trade dress;

3      (d)  each styling head that is or has ever been manufactured, marketed or sold

4  by MATTEL, or others under license by MATTEL, as part of a line of goods or

5  merchandise commonly known as, or sold and marketed under the "My Scene"

6  trademark or trade dress;

7      (e) the "My Scene Sound Lounge" play set and packaging;

8      (f) each image, character, logo, doll, toy, accessory, product, packaging or any

9  other thing that is or has ever been manufactured, marketed or sold by MATTEL, or

10  others under license by MATTEL, as part of a line of goods or merchandise

11  commonly known as, or sold and marketed under the name "Little Mommy";

12      (g) each image, character, logo, doll, toy, accessory, product, packaging or any

13  other thing that is or has ever been manufactured, marketed or sold by YOU, or

14  others under licensed by YOU, as part of a line of goods or merchandise commonly

15  known as, or sold and marketed under the name "Wee 3 Friends"; and

16      (h) each image, character, logo, toy, accessory, product, packaging or any

17  other thing that is or has ever been manufactured, marketed or sold by MATTEL, or

18  others under license by MATTEL, as part of a line of goods or merchandise

19  commonly known as, or sold and marketed under the name "AcceleRacerS."

20      10.    "COUNTERCLAIMS" means Mattel, Inc.'s Second Amended Answer

21  and Counterclaims for: 1. Copyright Infringement; 2. Violation of the Racketeer

22  Influenced and Corrupt Organizations Act; 3. Conspiracy to Violate the Racketeer

23  Influenced and Corrupt Organizations Act; 4. Misappropriation of Trade Secrets; 5.

24  Breach of Contract; 6. Intentional Interference with Contract; 7. Breach of Fiduciary

25  Duty; 8. Aiding and Abetting Breach of Fiduciary Duty; 9. Breach of Duty of

26  Loyalty; 10. Aiding and Abetting Breach of Duty of Loyalty; 11. Conversion; 12.

27  Unfair Competition; and 13. Declaratory Relief filed July 12, 2007, in MGA v.

28  Mattel, Inc., CV 05-02727, including any amendment or supplement thereto.

4

Exhibit 6  Page 45

11. "DESCRIBE THE SALES AND PROFITS" means to state fully and separately for each MATTEL PRODUCT by year (a) the number of units of each such MATTEL PRODUCT sold by YOU or YOUR licensees, (b) the gross and net revenue received by YOU from such sales of each such MATTEL PRODUCT, (c) all costs YOU have incurred in connection with each such MATTEL PRODUCT, including but not limited to YOUR cost of goods sold, and (d) YOUR gross and net profits from each such MATTEL PRODUCT.

12. "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blue prints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, development, inventions, or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, which in whole or in part.

13. "DIGITAL INFORMATION" means any information created or stored digitally, including but not limited to electronically, magnetically, or optically.

14. "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 34, and shall be construed in the broadest sense to mean any and all DIGITAL INFORMATION, STORAGE DEVICE, writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office

5

Exhibit 6 Page 46

1 | COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs,

2 | indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills,

3 | bills of lading, bids, time cards, receipts, purchase orders, telephone records,

4 | telegrams, telexes, literature, invoices, contracts, purchase orders, estimates,

5 | recordings, transcriptions of recordings, records, books, pamphlets, periodicals,

6 | publications, papers, tapes, DVDs, video CDs, video, audio and digital recordings,

7 | television commercials, story boards, website or other spot advertisements, movies,

8 | movie trailers, prototypes, products, diaries, calendars, charts, drawings, sketches,

9 | messages, photographs and data contained in or accessible through any electronic

10 | data processing system, including, but not limited to, computer databases, data sheets,

11 | data processing cards, computer files and tapes, computer disks, CD-ROMs,

12 | computer metadata, microfilm, microfiche, electronic mail, website and web pages

13 | and transcriptions thereof and all other memorializations of any conversations,

14 | meetings and conference, by telephone or otherwise.  The term DOCUMENT also

15 | means every copy of a DOCUMENT, where such copy is not an identical duplicate

16 | of the original, whether because of deletions, underlinings, showing of blind copies,

17 | initialing, signatures, receipt stamps, comments, notations, differences in stationery

18 | or any other difference or modification of any kind.

19 |      15.    The term "EMPLOYEE INVENTIONS AGREEMENT" refers to

20 | Mattel's form of employment agreement concerning, _inter alia_, (i) ownership of

21 | inventions, and (ii)(a) trade secrets and/or (iii) conflicts, whether known by the title

22 | "Employee Confidential Information and Inventions Agreement" or any other title,

23 | including without limitation the form of Employee Inventions Agreement entitled

24 | "Employee Confidential Information and Inventions Agreement" executed by Carter

25 | Bryant on or about January 4, 1999.

26 |      16.    "IDENTIFY," "IDENTITY," or "IDENTIFYING" mean the following:

27 |      •    With reference to an _individual_, means to state fully and

28 | separately for each, such individual's full name, any known business title, current or

Exhibit 6  Page 47

1  last known business affiliation, current or last known residential address, current or
2  last known business address, current or last known relationship with MATTEL, and
3  current or last known phone number(s).

4       • With reference to an *entity*, means to state, fully and separately
5  for each, such entity's full name, state (or country) of incorporation or organization,
6  present or last known address, and present or last known telephone number(s).

7       • With reference to any *DOCUMENT*, means to describe each
8  DOCUMENT by Bates number. If the DOCUMENT does not have a Bates number,
9  IDENTIFY means to provide a complete description of the DOCUMENT such that it
10  may be the subject of a request for production of documents, including by stating the
11  date, identity of the author, addresses(s), recipient(s), signatories, parties, or other
12  PERSONS identified in the DOCUMENT, its present location or custodian and a
13  description of its contents.

14       • With reference to any MATTEL or MGA product, means to state
15  fully and separately for each, the full name of the product; the number of the product;
16  the SKU of the product; any other applicable designation of the product; the period
17  of time in which the product has been sold; and IDENTIFY each PERSON who has
18  licensed such product.

19       17.   "MATTEL," "YOU," or "YOUR" means the party Mattel, Inc. and any
20  of its past or present officers, directors, employees, parents, subsidiaries, divisions,
21  affiliates, predecessors-in-interest, and joint venture partners.

22       18.   "MATTEL EMPLOYEE" means any of MATTEL's current or former
23  employees.

24       19.   "MATTEL'S INITIAL DISCLOSURES" means Mattel, Inc.'s
25  Consolidated (1) Initial Disclosures Relating to MGA's Unfair Competition Claims,
26  and (2) Second Supplemental Initial Disclosures Relating to Mattel's Claims Against
27  Bryant and MGA, dated January 5, 2007 and any supplemental or amendment
28  thereto.

Exhibit 6 Page **48**

1    20.    "MATTEL PRODUCTS," includes all products sold or offered by sale

2  by MATTEL under or using the name "Barbie," including without limitation, all

3  CONTESTED MATTEL PRODUCTS, all MY SCENE DOLLS, and any doll sold

4  or offered for sale under the name "Diva Starz."

5    21.    "MY SCENE" means and refers to each image, character, logo, doll,

6  fashion doll, toy, styling head, plush toy, play set, accessory, product, packaging or

7  any other thing that is or has ever been manufactured, marketed or sold by YOU, or

8  others under licensed by YOU, as part of a line of goods or merchandise commonly

9  known as, or sold and marketed under the name "My Scene."

10    22.    "MY SCENE DOLL" means any fashion doll that is or has ever been

11  distributed, marketed, sold or offered for sale under the name "My Scene" or as part

12  of the "My Scene" line, including separate themes.

13    23.    "PERSON" or "PERSONS" means all natural persons, partnerships,

14  joint ventures and any kind of business, legal or public entity or organization, as well

15  as its, its or her agents, representatives, employees, officers and directors and any

16  one else acting on its, its or her behalf, pursuant to its, its or her authority or subject

17  or its, its or her control.

18    24.    "REFERRING OR RELATING TO" means constituting, embodying,

19  containing, referring to, commenting on, evidencing, regarding, discussing,

20  describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting,

21  contradicting, negating, revoking or otherwise relating to in any manner.

22    25.    "STATE THE COMPLETE FACTUAL BASIS FOR YOUR

23  CONTENTION" means to (i) describe in detail the complete factual for the

24  identified contention; (ii) IDENTIFY all DOCUMENTS that REFER OR RELATE

25  TO that contention; and (iii) IDENTIFY all witnesses who may have information

26  that REFERS OR RELATES TO the contention.

27    26.    "STORAGE DEVICE" means any computer hard drive, memory, USB

28  device, tape, storage array or any other device or medium that allows a user, whether

8

Exhibit 6 Page **49**

1 permanently, temporarily or otherwise, to create, generate, transmit, copy, retain,

2 store, or maintain DIGITAL INFORMATION.

3      27.   "SOURCE OF INFORMATION" means any PERSON or medium

4 containing DOCUMENTS, DIGITAL INFORMATION, or other information,

5 whether in paper, electronic or other form, including, but not limited to any

6 STORAGE DEVICE, file, file cabinet, or any other source of information or

7 DOCUMENTS.

8      28.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-9059

9 SGL (RNBx), filed on April 27, 2004 and all cases consolidated or coordinated

10 therewith.

11      29.   The singular form of a noun or pronoun includes within its meaning the

12 plural form of the noun or pronoun so used, and vice versa; the use of the masculine

13 form of a pronoun also includes within its meaning the feminine form of the pronoun

14 so used, and vice versa; the use of any tense of any verb includes also within its

15 meaning all other tenses of the verb so used, whenever such construction results in a

16 broader request for information; and "and" includes "or" and vice versa, whenever

17 such construction results in a broader disclosure of documents or information.

18

19               **INSTRUCTIONS**

20      1.   Mattel is instructed to serve written responses to these Interrogatories on

21 MGA's counsel at Skadden, Arps, Slate, Meagher & Flom, LLP, 300 South Grand

22 Avenue, Los Angeles, California 90071.

23      2.   Pursuant to Federal Rule of Civil Procedure 33, Mattel shall provide its

24 answers under oath within 30 days of service.

25      3.   If, in responding to these Interrogatories, Mattel asserts an ambiguity in

26 either a particular Interrogatory or an Instruction of Definition applicable thereto,

27 Mattel shall identify in the response to such Interrogatory the language it contends is

28 ambiguous and state the interpretation used in responding.



1        4.     These Interrogatories impose a continuing obligation subsequent to your

2  initial production to the full extent provided for in Rule 26(e) of the Federal Rules of

3  Civil Procedure.

4        5.     If, in responding to these Interrogatories, any information is not being

5  provided based on an objection or otherwise, IDENTIFY the information not be

6  provided and explain the complete basis supporting YOUR refusal and/or failure to

7  provide that information.

8        6.     Unless otherwise noted, these Interrogatories seek information from

9  January 1, 1995, to the present.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 6  Page 51

1

2 **INTERROGATORIES**

3 INTERROGATORY NO. 12:

4      IDENTIFY each version of the EMPLOYEE INVENTIONS AGREEMENT

5 adopted and/or used by or on behalf of MATTEL, including, without limitation,

6 (a) the IDENTITY of all persons who participated in or were consulted concerning

7 the creation, drafting, adoption, and/or use of the EMPLOYEE INVENTIONS

8 AGREEMENT; (b) the date(s) and/or range(s) of dates MATTEL'S used each

9 version of the EMPLOYEE INVENTIONS AGREEMENT; and (c) the reason(s) for

10 the changes between each version.

11

12 INTERROGATORY NO. 13:

13      Describe in detail each instance in which any provision of an EMPLOYEE

14 INVENTIONS AGREEMENT was breached or alleged to be breached by an

15 employee, independent contractor, or any other person with whom MATTEL had

16 entered into an EMPLOYEE INVENTIONS AGREEMENT, including without

17 limitation: (a) a complete description of the conduct comprising said breach; and (b)

18 a complete description of all steps taken by MATTEL in response to said breach or

19 alleged breach (*including, for example, conducting an investigation or arranging*

20 *that an investigation be conducted on MATTEL'S behalf; issuing a warning, whether*

21 *written or oral; issuing any other notification, whether written or oral; initiating*

22 *civil litigation, including the name, case number and court of any such litigation;*

23 *initiating any other legal proceeding, including but not limited to criminal*

24 *proceedings, including the name, case number and court of any such proceeding;*

25 *making an exception, whether written, oral, express, or implied; making a*

26 *determination that no breach occurred, whether or not such determination was*

27 *documented; or no action*).

28

1  INTERROGATORY NO. 14:

2       IDENTIFY each version of the CONFLICT OF INTEREST

3  QUESTIONNAIRE adopted and/or used by or on behalf of MATTEL, including,

4  without limitation, (a) the identity of all persons who participated in or were

5  consulted concerning the creation, drafting, adoption, and/or use of the CONFLICT

6  OF INTEREST QUESTIONNAIRE; (b) the date(s) and/or range(s) of dates

7  MATTEL'S used each version of the CONFLICT OF INTEREST

8  QUESTIONNAIRE; and (c) the reason(s) for the changes between each version.

9

10  INTERROGATORY NO. 15:

11       Describe in detail each instance in which any provision of a CONFLICT OF

12  INTEREST QUESTIONNAIRE was breached or alleged to be breached by an

13  employee, independent contractor, or any other person with whom MATTEL had

14  entered into a CONFLICT OF INTEREST QUESTIONNAIRE, including without

15  limitation: (a) a description of the conduct comprising said breach; and (b) a

16  description of all steps taken by MATTEL in response to said breach or alleged

17  breach (*including, for example, conducting an investigation or arranging that an*

18  *investigation be conducted on MATTEL'S behalf; issuing a warning, whether written*

19  *or oral; issuing any other notification, whether written or oral; initiating civil*

20  *litigation, including the name, case number and court of any such litigation;*

21  *initiating any other legal proceeding, including but not limited to criminal*

22  *proceedings, including the name, case number and court of any such proceeding;*

23  *making an exception, whether written, oral, express, or implied; making a*

24  *determination that no breach occurred, whether or not such determination was*

25  *documented; or no action*).

26

27

28

Exhibit 6  Page 53

INTERROGATORY NO. 16:

STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that MATTEL has a viable affirmative claim for relief against MGA even if the evidence establishes both of the following:  (i) in August and/or September, 1998, Carter Bryant conceived of the line of fashion dolls that he named Bratz, <u>and</u> (ii) the design for the BRATZ dolls sold by MGA in 2001 was reduced to practice after October 20, 2000.

INTERROGATORY NO. 17:

STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that MATTEL employees in the Design Center who personally knew Carter Bryant did not know and/or believe, immediately following the launch of MGA's Bratz dolls in 2001, that Carter Bryant was the creator of the concept for the BRATZ line of dolls.

INTERROGATORY NO. 18:

STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that any of the fashions and/or accessories for the BRATZ line of dolls sold by MGA violate or infringe any of MATTEL'S intellectual property and/or proprietary rights.

INTERROGATORY NO. 19:

IDENTIFY with specificity each element of each ALLEGED COPYRIGHTED WORK that MATTEL contends is an original element protectable under the United States Copyright Laws.

13

Exhibit 6 Page 54

**INTERROGATORY NO. 20:**

IDENTIFY with specificity each ALLEGED TRADE SECRET, including the IDENTITY of each DOCUMENT that embodies or REFERS OR RELATES to each ALLEGED TRADE SECRET.

**INTERROGATORY NO. 21:**

IDENTIFY each PERSON who has had access to each ALLEGED TRADE SECRET, including (a) the ALLEGED TRADE SECRET each PERSON had access to; and (b) the date or dates each PERSON had this access.

**INTERROGATORY NO. 22:**

STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that MGA misappropriated any ALLEGED TRADE SECRET.

**INTERROGATORY NO. 23:**

STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that the ALLEGED TRADE SECRETS are protectable.

**INTERROGATORY NO. 24:**

DESCRIBE THE SALES AND PROFITS for each MATTEL PRODUCT that has been sold or offered for sale by YOU or YOUR licensees. (The time period applicable to this interrogatory is from January 1, 1990 to the present).

**INTERROGATORY NO. 25:**

IDENTIFY, fully and separately, each and every PERSON who was involved in the development or marketing of the CONTESTED MATTEL PRODUCTS by stating each PERSON'S name, role, and start/end date. (As used in this Interrogatory, the phrase "development or marketing" means the entire process of

14

Exhibit 6  Page 55

1 creating and selling a new product or design, including without limitation, the

2 marketing, advertising, promotion, licensing, offering for sale, conception, origin,

3 creation, design, development, sculpting, engineering, reduction to practice, tooling

4 or painting of a product or embodiment of a product).

5

6 INTERROGATORY NO. 26:

7 　　　Describe in detail all instances in which a PERSON expressed confusion as to

8 source or sponsorship between any MATTEL products, packaging or advertising

9 (including, but not limited to, the CONTESTED MATTEL PRODUCTS) and any

10 MGA products, packaging or advertising (including, but not limited to, "BRATZ"),

11 by: (i) stating the facts and circumstances of each instance; (ii) IDENTIFYING all

12 DOCUMENTS that REFER OR RELATE TO each instance; and (iii)

13 IDENTIFYING all witnesses who may have information that REFER OR RELATE

14 TO each instance.

15

16 INTERROGATORY NO. 27:

17 　　　For each PERSON listed in MATTEL'S INITIAL DISCLOSURES,

18 IDENTIFY each PERSON and describe in detail each PERSON's alleged

19 knowledge of the subjects or information identified in MATTEL'S INITIAL

20 DISCLOSURES.

21

22 INTERROGATORY NO. 28:

23 　　　Describe in detail the complete factual basis for YOUR COUNTERCLAIMS,

24 including, without limitation all facts, DOCUMENTS, and witnesses that REFER

25 OR RELATE TO YOUR COUNTERCLAIMS.

26

27

28

Exhibit 6 Page 56

1  INTERROGATORY NO. 29:

2      Describe in detail any estimate or calculation of damage, loss, injury, or unjust

3  enrichment, by reason of any act or omission alleged in YOUR COUNTERCLAIMS,

4  that YOU have made or that has been made on YOUR behalf or at YOUR request,

5  including all facts, DOCUMENTS or witnesses RELATING TO each estimate or

6  calculation.

7

8  INTERROGATORY 30:

9      IDENTIFY each and every SOURCE OF INFORMATION from which YOU

10  have COLLECTED DOCUMENTS that REFER OR RELATE TO BRATZ.

11

12  INTERROGATORY 31:

13      STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION

14  that any BRATZ doll is substantially similar to, a copy or a derivative of BRATZ

15  DESIGNS created by Carter Bryant on or before October 19, 2000.

16

17

18  DATED:  December 4, 2007

19                          SKADDEN, ARPS, SLATE, MEAGHER &
                            FLOM, LLP
20
                            By: _____
21                              Robert J. Herrington
                            Attorneys for Counter-Defendants, MGA
22                          ENTERTAINMENT, INC., ISAAC LARIAN,
                            MGA ENTERTAINMENT (HK) LIMITED,
23                          AND MGAE de MEXICO S.R.L. de C.V.

24

25

26

27

28

Exhibit 6 Page 57

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On December 4, 2007, I served the foregoing document described as:

### MGA'S SECOND SET OF INTERROGATORIES TO MATTEL, INC.

on the interested parties in this action addressed as follows:

### SEE ATTACHED SERVICE LIST

☒   (BY PERSONAL SERVICE)   ☐   By personally delivering copies to the person served. (FEDERAL)

☒   I caused such document to be hand delivered to the office of the addressee. (FEDERAL) [As Noted.]

☒   **(BY MAIL)** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. [As Noted.]

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on December 4, 2007 at Los Angeles, California.

Allison G. Velkes
PRINT NAME                                   SIGNATURE

1

Exhibit 6 Page **58**

### SERVICE LIST

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
(213) 443-3100 (Fax)

Attorneys for Mattel, Inc.
[Personal Service]

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400
(415) 397-7188 (Fax)

Attorneys for Carter Bryant
[Mail]

Mark E. Overland, Esq.
Alexander H. Cote, Esq.
David C. Scheper, Esq.
Overland Borenstein Scheper & Kim
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071
(213) 613-4655
(213) 613-4656 (Fax)

Attorneys for Carlos Gustavo Machado
Gomez
[Mail]

Exhibit 6  Page *59*

# Exhibit 7

CALENDARED

RECEIVED

DEC 1 0 2007

1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone: (213) 687-5000
   Facsimile: (213) 687-5600
4  E-mail:   tnolan@skadden.com

5
   KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
6  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   4 Times Square
7  New York, NY 10036
   Telephone: (212) 735-3000
8  Facsimile: (212) 735-2000
   E-mail:   kplevan@skadden.com
9
   Attorneys for Counter-Defendants,
10 MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
   (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.
11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

                    EASTERN DIVISION

14 CARTER BRYANT, an individual        ) CASE NO. CV 04-9049 SGL (RNBx)
                                       )
15            Plaintiff,               ) Consolidated with Case No. 04-9059
                                       ) and Case No. 05-2727
16      v.                             )
                                       ) **MGA'S AMENDED**
17 MATTEL, INC., a Delaware            ) **SUPPLEMENTAL**
   corporation                         ) **INTERROGATORY TO**
18                                     ) **MATTEL, INC. REGARDING**
              Defendant.               ) **ITS AFFIRMATIVE**
19                                     ) **DEFENSES**
                                       )
20                                     )
                                       )
21                                     )
                                       )
22                                     ) Honorable Stephen G. Larson
                                       ) Courtroom 1
23                                     )
   _____
24

25

26

27

28
                        12-6
   _____
   MGA'S SUPPLEMENTAL SET OF INTERROGATORIES TO MATTEL, INC.      NO. CV 04-9049 SGL (RNBx)

Exhibit 7  Page 60

1 | Consolidated with MATTEL, INC. v.
2 | BRYANT and MGA
| ENTERTAINMENT, INC. v.
3 | MATTEL, INC.
4

5 | **PROPOUNDING PARTY:**     **MGA ENTERTAINMENT, INC.**

6 | **RESPONDING PARTY:**      **MATTEL, INC.**

7 | **SET NUMBER:**            **(AMENDED) SUPPLEMENTAL**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

MGA'S SUPPLEMENTAL SET OF INTERROGATORIES TO MATTEL, INC.                    NO. CV 04-9049 SGL (RNBx)

Exhibit 7 Page 61

1   MGA Entertainment Inc. ("MGA"), hereby requests that Plaintiff, Mattel Inc.

2  ("Mattel") respond to the following (Amended) SUPPLEMENTAL Interrogatory

3  fully, and under oath, pursuant to Rule 33 of the Federal Rules of Civil Procedure,

4  within (30) days of service, in accordance with the definitions and instructions set

5  forth herein.

6  ## DEFINITIONS

7      1.    "DIGITAL INFORMATION" means any information created or stored

8  digitally, including but not limited to electronically, magnetically, or optically.

9      2.    "DOCUMENT[S]" incorporates the full meaning of Federal Rule of

10  Civil Procedure 34, and shall be construed in the broadest sense to mean any and all

11  DIGITAL INFORMATION, STORAGE DEVICE, writings, tangible things and

12  property, of any kind, that are now or that have been in YOUR actual or constructive

13  possession, custody or control, including, but not limited to, any handwritten,

14  typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded,

15  transcribed, graphic or photographic matter of any kind or nature, in, through, or

16  from which information may be embodied, translated, conveyed or stored, whether

17  an original, a draft or copy, however produced or reproduced, whether sent or

18  received or neither, including, but not limited to, notes, memoranda, correspondence,

19  letters, facsimiles and facsimile transmittals, reports, inter- and intra-office

20  COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs,

21  indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills,

22  bills of lading, bids, time cards, receipts, purchase orders, telephone records,

23  telegrams, telexes, literature, invoices, contracts, purchase orders, estimates,

24  recordings, transcriptions of recordings, records, books, pamphlets, periodicals,

25  publications, papers, tapes, DVDs, video CDs, video, audio and digital recordings,

26  television commercials, story boards, website or other spot advertisements, movies,

27  movie trailers, prototypes, products, diaries, calendars, charts, drawings, sketches,

28  messages, photographs and data contained in or accessible through any electronic

Exhibit 7 Page **62**

1  data processing system, including, but not limited to, computer databases, data sheets,

2  data processing cards, computer files and tapes, computer disks, CD-ROMs,

3  computer metadata, microfilm, microfiche, electronic mail, website and web pages

4  and transcriptions thereof and all other memorializations of any conversations,

5  meetings and conference, by telephone or otherwise.  The term DOCUMENT also

6  means every copy of a DOCUMENT, where such copy is not an identical duplicate

7  of the original, whether because of deletions, underlinings, showing of blind copies,

8  initialing, signatures, receipt stamps, comments, notations, differences in stationery

9  or any other difference or modification of any kind.

10      3.      "IDENTIFY," "IDENTITY," or "IDENTIFYING" mean the following:

11          •      With reference to an *individual*, means to state fully and

12  separately for each, such individual's full name, any known business title, current or

13  last known business affiliation, current or last known residential address, current or

14  last known business address, current or last known relationship with MATTEL, and

15  current or last known phone number(s).

16          •      With reference to an *entity*, means to state, fully and separately

17  for each, such entity's full name, state (or country) of incorporation or organization,

18  present or last known address, and present or last known telephone number(s).

19          •      With reference to any *DOCUMENT*, means to describe each

20  DOCUMENT by Bates number.  If the DOCUMENT does not have a Bates number,

21  IDENTIFY means to provide a complete description of the DOCUMENT such that it

22  may be the subject of a request for production of documents, including by stating the

23  date, identity of the author, addresses(s), recipient(s), signatories, parties, or other

24  PERSONS identified in the DOCUMENT, its present location or custodian and a

25  description of its contents.

26          •      With reference to any MATTEL or MGA product, means to state

27  fully and separately for each, the full name of the product; the number of the product;

28  the SKU of the product; any other applicable designation of the product; the period

Exhibit 7 Page **63**

1  of time in which the product has been sold; and IDENTIFY each PERSON who has

2  licensed such product.

3       4.     "MATTEL," "YOU," or "YOUR" means the party Mattel, Inc. and any

4  of its past or present officers, directors, employees, parents, subsidiaries, divisions,

5  affiliates, predecessors-in-interest, and joint venture partners.

6       5.     "PERSON" or "PERSONS" means all natural persons, partnerships,

7  joint ventures and any kind of business, legal or public entity or organization, as well

8  as its, its or her agents, representatives, employees, officers and directors and any

9  one else acting on its, its or her behalf, pursuant to its, its or her authority or subject

10 or its, its or her control.

11      6.     "REFERRING OR RELATING TO" means constituting, embodying,

12 containing, referring to, commenting on, evidencing, regarding, discussing,

13 describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting,

14 contradicting, negating, revoking or otherwise relating to in any manner.

15      7.     "STATE THE COMPLETE FACTUAL BASIS FOR YOUR

16 CONTENTION" means to (i) describe in detail the complete factual for the

17 identified contention; (ii) IDENTIFY all DOCUMENTS that REFER OR RELATE

18 TO that contention; and (iii) IDENTIFY all witnesses who may have information

19 that REFERS OR RELATES TO the contention.

20      8.     "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-9059

21 SGL (RNBx), filed on April 27, 2004 and all cases consolidated or coordinated

22 therewith.

23      9.     The singular form of a noun or pronoun includes within its meaning the

24 plural form of the noun or pronoun so used, and vice versa; the use of the masculine

25 form of a pronoun also includes within its meaning the feminine form of the pronoun

26 so used, and vice versa; the use of any tense of any verb includes also within its

27 meaning all other tenses of the verb so used, whenever such construction results in a

28

4

Exhibit 7 Page **64**

1  broader request for information; and "and" includes "or" and vice versa, whenever

2  such construction results in a broader disclosure of documents or information.

3

4  **INSTRUCTIONS**

5      1.    Mattel is instructed to serve written responses to this Supplemental

6  Interrogatory on MGA's counsel at Skadden, Arps, Slate, Meagher & Flom, LLP,

7  300 South Grand Avenue, Los Angeles, California 90071.

8      2.    Pursuant to Federal Rule of Civil Procedure 33, Mattel shall provide its

9  answers under oath within 30 days of service.

10      3.    If, in responding to these Interrogatories, Mattel asserts an ambiguity in

11  either a particular Interrogatory or an Instruction of Definition applicable thereto,

12  Mattel shall identify in the response to such Interrogatory the language it contends is

13  ambiguous and state the interpretation used in responding.

14      4.    These Interrogatories impose a continuing obligation subsequent to your

15  initial production to the full extent provided for in Rule 26(e) of the Federal Rules of

16  Civil Procedure.

17      5.    If, in responding to these Interrogatories, any information is not being

18  provided based on an objection or otherwise, IDENTIFY the information not be

19  provided and explain the complete basis supporting YOUR refusal and/or failure to

20  provide that information.

21      6.    Unless otherwise noted, these Interrogatories seek information from

22  January 1, 1995, to the present.

23

24

25

26

27

28

Exhibit 7  Page **65**

1

2                                    **INTERROGATORIES**

3    SUPPLEMENTAL INTERROGATORY :

4            State the facts upon which YOU intend to rely at trial to support YOUR

5    affirmative defenses, and IDENTIFY all PERSONS with knowledge of those facts

6    and all DOCUMENTS that REFER OR RELATE TO those facts.

7

8

9

10   DATED:  December 6, 2007

11                                   SKADDEN, ARPS, SLATE, MEAGHER &
                                     FLOM, LLP
12
                                     By: _____
13                                           Robert J. Herrington
                                     Attorneys for Counter-Defendants, MGA
14                                   ENTERTAINMENT, INC., ISAAC LARIAN,
                                     MGA ENTERTAINMENT (HK) LIMITED,
15                                   AND MGAE de MEXICO S.R.L. de C.V.

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          6

Exhibit 7  Page 66

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On **December 6, 2007,** I served the foregoing document described as:

**MGA's AMENDED SUPPLEMENTAL INTERROGATORY TO MATTEL INC. REGARDING ITS AFFIRMATIVE DEFENSES**

on the interested parties in this action addressed as follows:

### SEE ATTACHED SERVICE LIST

[X]   (BY PERSONAL SERVICE)   ☐   By personally delivering copies to the person served.

                                   [X]   I caused such documents to be hand delivered to the office of the addressee.

[X]   **(BY MAIL)** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on December 6, 2007 at Los Angeles, California.

Becky S. Isomoto
PRINT NAME

SIGNATURE

1

Exhibit 7 Page **67**

John B. Quinn, Esq.
Michael T. Zeller, Esq.
B. Dylan Proctor, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
(213) 443-3100 (Fax)

*Attorneys for Mattel, Inc.*
*(Personal Service)*

Mark E. Overland
Alexander H. Cote
David C. Scheper
Overland Borenstein Scheper & Kim
300 South Grand Avenue, Suite 2750
Los Angeles, CA  90071
(213) 613-4655
(213) 613-4656 (Fax)

*Attorneys for Carlos Gustavo Machado*
*Gomez*
*(U.S. Mail)*

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415)391-5400
(415) 397-7188 (Fax)

*Attorneys for Carter Bryant*
*(U.S. Mail)*

3

Exhibit 7  Page *68*