# Exhibit 12

ORIGINAL

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
     Jon D. Corey (Bar No. 185066)
3    Tania M. Krebs (Bar No. 227281)
   865 South Figueroa Street, 10th Floor
4  Los Angeles, California 90017-2543
   Tel.: (213) 443-3000
5  Fax: (213) 443-3100

6  Attorneys for Plaintiff and Counter-Defendant
   Mattel, Inc.

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware corporation,     )  Case No. CV 04-09059 NM (RNBx)

12                    Plaintiff,              )

13          v.                                )  PLAINTIFF MATTEL, INC.'S
                                              )  OBJECTIONS AND RESPONSES
14  CARTER BRYANT, an individual              )  TO MGA'S FIRST SET OF
                                              )  INTERROGATORIES
15                    Defendant.              )

16  _____ )

17  CARTER BRYANT, on behalf of himself,      )
    all present and former employees of       )
18  Mattel, Inc., and the general public,     )

19                    Counter-claimant,       )

20          v.                                )

21  MATTEL, INC., a Delaware corporation,     )

22                    Counter-defendant.      )

23  _____ )

24

25

26

27

28

07209/639421.2

Preliminary Statement

Mattel has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has yet to receive requested discovery from defendants Carter Bryant and from defendant MGA Entertainment, Inc. ("MGA") with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts or documents discovered or generated pursuant to subsequent investigation or discovery. Mattel's partial response to any of MGA's First Set of Interrogatories (the "Interrogatories") is not to be construed as a waiver of any of its objections or its right to object to any other Interrogatory or discovery request.

General Objections

Mattel generally objects to each of the Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual Interrogatory:

1.      Mattel objects to the Interrogatories on the grounds that they seek to impose obligations upon Mattel beyond those imposed by the Federal Rules of Civil Procedure.

2.      Mattel objects to the Interrogatories on the grounds that they call for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, including the privilege against disclosure of the identities and work product of consulting experts. Such information and documents will not be produced.

3.      Mattel objects to the Interrogatories on the grounds that they seek the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control, including

07209/639421.2

MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 12  Page *178*

1  without limitation to defendants Carter Bryant and MGA Entertainment Inc.

2  ("MGA"), and seek the disclosure of information or documents that are in the

3  possession, custody and control of defendants or are publicly available and hence

4  equally available to all parties to this litigation.

5          4.      Mattel objects to the Interrogatories on the grounds that they

6  seek information that is neither relevant to the claims or defenses of any party to

7  the pending action nor reasonably calculated to lead to the discovery of admissible

8  evidence.

9          5.      Mattel objects to the Interrogatories on the grounds that they

10  are unduly burdensome and oppressive.

11          6.      Mattel objects to the Interrogatories on the grounds that they

12  seek the disclosure of information or documents in violation of the terms of

13  agreements or protective orders entered into with third parties, or in violation of

14  the privacy, contractual, or other rights of third parties.

15          7.      Mattel objects to the Interrogatories on the grounds that the

16  definition of "Mattel" is overbroad, vague and ambiguous and unduly burdensome.

17  <u>Specific and General Responses</u>

18        Each of the following objections and responses to the Interrogatories

19  is expressly made subject to the above Preliminary Statement and General

20  Objections, all of which are incorporated in each of the following objections and

21  responses to specific Interrogatories.

22

23  <u>INTERROGATORY NO. 1</u>:

24        State all facts, with particularity, and IDENTIFY all DOCUMENTS

25  that support YOUR contention, if YOU so contend, that YOU have suffered harm

26  as a result of any act or omission of MGA.

27

28

07209/639421.2

-3-

1 | RESPONSE TO INTERROGATORY NO. 1:

2         In addition to the general objections stated above, Mattel specifically

3 | objects to this Interrogatory on the grounds that it is overbroad, oppressive and

4 | harassing, including without limitation that the Interrogatory is not restricted to

5 | claims in this suit and thus purports to require disclosure of matters that have no

6 | bearing on and are not at issue in this suit.  Such matters will not be revealed or

7 | addressed.  Mattel further objects to this Interrogatory as unreasonably

8 | burdensome and overbroad in that it purports to require Mattel to summarize all

9 | facts and identify all documents on this subject, including without limitation facts

10 | that are known to or in the possession, custody and control of defendants and non-

11 | parties, including non-parties associated with defendants.  Mattel further objects to

12 | this interrogatory on the grounds that it is vague and ambiguous with regard to the

13 | phrase "suffered harm as a result of any act or omission."  Mattel further objects to

14 | this Interrogatory because defendant Bryant refuses to allow the completion of his

15 | deposition and because defendant MGA refuses to produce any witness for

16 | deposition.  Moreover, Bryant and MGA have refused for months, despite

17 | Mattel's requests, to provide the originals of their drawings, including those that

18 | they performed unauthorized destructive testing on, and thus continue to withhold

19 | and conceal from Mattel information necessary for it to evaluate and take

20 | discovery as to the drawings and thus has materially interfered with Mattel's

21 | ability to ascertain the amount, nature or source of its damages.  Mattel further

22 | objects to this Interrogatory on the grounds that it calls for the disclosure of

23 | information subject to the attorney-client privilege, the attorney work-product

24 | doctrine and other applicable privileges.

25         Mattel continues its factual investigation and currently has

26 | outstanding discovery requests to Bryant and to MGA relevant to this

27 | Interrogatory, including as to matters that are the subject of pending motions to

28 | compel.  Mattel reserves the right to supplement this response and, consistent with

07209/639421.2

-4-

MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 12  Page 180

1    its obligations under <u>Federal Rule of Civil Procedure</u> 26(e), Mattel will

2    supplement this response if Mattel receives additional responsive information.

3

4    <u>INTERROGATORY NO. 2</u>:

5            For each fact stated in response to Interrogatory No. 1, IDENTIFY all

6    PERSONS with knowledge of each fact.

7

8    <u>RESPONSE TO INTERROGATORY NO. 2</u>:

9            In addition to the general objections stated above, Mattel specifically

10    objects to this Interrogatory on the grounds that it is overbroad, oppressive and

11    harassing, including without limitation that the Interrogatory is not restricted to

12    claims in this suit and thus purports to require disclosure of matters that have no

13    bearing on and are not at issue in this suit.  Such matters will not be revealed or

14    addressed.  Mattel further objects to this Interrogatory as being overbroad and

15    unduly burdensome on the grounds that it seeks to identify <u>all</u> persons having

16    knowledge of any fact relevant to this subject. Such a request potentially seeks the

17    identification of a large number of MGA employees, vendors and contractors not

18    currently known to Mattel and is also information known to Bryant.  Mattel further

19    objects to this Interrogatory on the grounds that it is premature in that it purports

20    to seek all facts relating to this subject at the outset of discovery in this action and

21    also seeks to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local</u>

22    <u>Rules</u>. Mattel further objects to this Interrogatory on the grounds that it purports

23    to require Mattel to disclose the identity of consulting experts.  The identity of any

24    such experts will not be disclosed.  Mattel further objects to this Interrogatory

25    because defendant Bryant refuses to allow the completion of his deposition and

26    because defendant MGA refuses to produce any witness for deposition.

27    Moreover, defendants have refused for months, despite Mattel's requests, to

28    provide the originals of their drawings, including those that they performed

-5-

MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 12 Page <u>181</u>

1 unauthorized destructive testing on, and thus continue to withhold and conceal

2 from Mattel information necessary for it to evaluate and take discovery as to the

3 drawings and thus has materially interfered with Mattel's ability to ascertain the

4 amount, nature or source of its damages. Mattel further objects to this

5 Interrogatory on the grounds that it calls for the disclosure of information subject

6 to the attorney-client privilege, the attorney work-product doctrine and other

7 applicable privileges.

8         Mattel continues its factual investigation and currently has

9 outstanding discovery requests to Bryant and to MGA relevant to this

10 Interrogatory, including as to matters that are the subject of pending motions to

11 compel. Mattel reserves the right to supplement this response and, consistent with

12 its obligations under Federal Rule of Civil Procedure 26(e), Mattel will

13 supplement this response if Mattel receives additional responsive information.

14

15 INTERROGATORY NO. 3:

16         State, with particularity, the nature, amount, cause and calculation of

17 every item of YOUR alleged damages, including, without limitation, general,

18 actual and statutory damages, restitution, disgorgement of unlawful profits, lost

19 profits, lost payments, lost revenues, lost monies, lost royalties or license fees,

20 reputational harm, lost relationships, lost business opportunities, interest,

21 attorneys' fees, costs, expenses, and any other form of injury or damage or

22 quantifiable remedy that YOU seek to recover in this lawsuit.

23

24 RESPONSE TO INTERROGATORY NO. 3:

25         In addition to the general objections stated above, Mattel specifically

26 objects to this Interrogatory on the grounds that it calls for the disclosure of

27 information subject to the attorney-client privilege, the attorney work-product

28 doctrine and other applicable privileges. Mattel further objects to this

1   Interrogatory as unreasonably burdensome and overbroad in that it purports to

2   require Mattel to summarize all facts on this subject, including without limitation

3   facts that are known to or in the possession, custody and control of defendants and

4   non-parties, including non-parties associated with defendants.  Mattel further

5   objects to this Interrogatory because defendant Bryant refuses to allow the

6   completion of his deposition and because defendant MGA refuses to produce any

7   witness for deposition.  Moreover, defendants have refused for months, despite

8   Mattel's requests, to provide the originals of their drawings, including those that

9   they performed unauthorized destructive testing on, and thus continue to withhold

10  and conceal from Mattel information necessary for it to evaluate and take

11  discovery as to the drawings and thus has materially interfered with Mattel's

12  ability to ascertain the amount, nature or source of its damages. and thus has

13  materially interfered with Mattel's ability to ascertain the amount, nature or source

14  of its damages.  Mattel further objects to this Interrogatory on the grounds that it is

15  premature in that it purports to seek to all facts relating to this subject at the outset

16  of discovery in this action and also seeks to circumvent the expert disclosure

17  provisions of the <u>Federal</u> and <u>Local Rules</u>.

18          Subject to and without waiving the foregoing general and specific

19  objections, Mattel responds as follows:

20          Mattel has not yet computed the exact amount of its damages because

21  the facts necessary to make those calculations are uniquely in the possession of

22  Bryant, MGA and third parties, which have refused to provide that information in

23  discovery.  Such information is currently being sought from Bryant and MGA,

24  including by way of pending motions to compel.  Once Mattel receives the

25  necessary information, it will compute the exact amount of its damages it suffered

26  and continues to suffer which will include, at a minimum and without limitation,

27  the following: (a) monies paid to Bryant by any Mattel competitor, including

28  without limitation, defendant MGA, during his period of disloyalty; (b) monies

-7-

MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 12  Page 183

1  paid to Bryant by any Mattel competitor, including without limitation, defendant
2  MGA, as a result of Bryant's misconduct; (c) disgorgement of any benefit, or its
3  value, or its proceeds, derived or obtained by Bryant as a result of his disloyalty,
4  his breach of contract and other misconduct or as a result of work that he
5  performed for any Mattel competitor, including without limitation MGA, during
6  his Mattel employment; (d) the value of Mattel assets, resources, opportunities
7  and/or property, including intellectual property, that Bryant converted, diverted
8  from Mattel or otherwise improperly used or usurped; (e) the value of confidential,
9  proprietary or trade secret information and intellectual property owned by Mattel
10 that Bryant provided to any Mattel competitor in violation of his obligations to
11 Mattel; (f) compensation paid by Mattel to Bryant during Bryant's period of
12 disloyalty; (g) any profits and the value of any other benefits that others acting in
13 concert with Bryant derived or obtained as a result of Bryant's disloyalty and other
14 misconduct; (h) the lost profits that Mattel suffered as a result of Bryant's
15 misconduct; (i) exemplary damages to which Mattel is entitled as a result of
16 Bryant's oppressive, fraudulent and malicious conduct; and (j) all other damages
17 and relief sought in Mattel's Complaint.

18        By way of further answer, pursuant to Federal Rule of Civil
19 Procedure 33(d), Mattel has produced responsive, non-privileged documents and
20 tangible items in its possession, custody or control from which the answer to this
21 Interrogatory may be derived.

22        By way of further answer, this topic may be the subject of expert
23 testimony, which will be disclosed in the manner, and at the time, required for
24 expert disclosures pursuant to the Federal and Local Rules.

25        Mattel continues its factual investigation and currently has
26 outstanding discovery requests to Bryant and to MGA, as well as motions to
27 compel Bryant and MGA to disclose information relevant to this subject.  Mattel
28 reserves the right to supplement this response and, consistent with its obligations

07209/639421.2

1  under <u>Federal Rule of Civil Procedure</u> 26(e), Mattel will supplement this response
2  if Mattel receives additional responsive information.
3
4  <u>INTERROGATORY NO. 4</u>:
5          State all facts, with particularity, and IDENTIFY all DOCUMENTS
6  that support YOUR contention, if YOU so contend, that YOU are entitled to
7  exemplary damages, attorneys' fees and costs.
8
9  <u>RESPONSE TO INTERROGATORY NO. 4</u>:
10         In addition to the general objections stated above, Mattel specifically
11 objects to this Interrogatory on the grounds that it is overbroad, oppressive and
12 harassing, including without limitation that the Interrogatory is not restricted to
13 claims in this suit and thus purports to require disclosure of matters that have no
14 bearing on and are not at issue in this suit.  Such matters will not be revealed or
15 addressed.  Mattel further objects to this Interrogatory on the grounds that it calls
16 for the disclosure of information subject to the attorney-client privilege, the
17 attorney work-product doctrine and other applicable privileges.  Mattel further
18 objects to this Interrogatory as unreasonably burdensome and overbroad in that it
19 purports to require Mattel to summarize all facts on this subject, including without
20 limitation facts that are known to or in the possession, custody and control of
21 defendants and non-parties, including non-parties associated with defendants.
22 Mattel further objects to this Interrogatory on the grounds that it is premature in
23 that it purports to seek to all facts relating to this subject at the outset of discovery
24 in this action and also seeks to circumvent the expert disclosure provisions of the
25 <u>Federal</u> and <u>Local</u> <u>Rules</u>.   Mattel further objects to this Interrogatory because
26 defendant Bryant refuses to allow the completion of his deposition and because
27 defendant MGA refuses to produce any witness for deposition.  Moreover,
28 defendants have refused for months, despite Mattel's requests, to provide the

07209/639421.2

-9-

1   originals of their drawings, including those that they performed unauthorized
2   destructive testing on, and thus continue to withhold and conceal from Mattel
3   information necessary for it to evaluate and take discovery as to the drawings and
4   thus have materially interfered with Mattel's ability to ascertain the nature, amount
5   and extent of its damages, which are relevant to exemplary damages.

6          Subject to and without waiving the foregoing general and specific
7   objections, Mattel responds as follows:

8          Exemplary damages are available for the breach of an obligation not
9   arising from contract, where it is proven by clear and convincing evidence that the
10  defendant has been guilty of oppression, fraud, or malice, pursuant to <u>California</u>
11  <u>Civil Code</u> § 3294. As alleged in the Complaint, Carter Bryant breached
12  obligations to Mattel not arising from contract, including without limitation by
13  knowingly aiding, assisting and working with a Mattel competitor during the term
14  of his Mattel employment. Moreover, Bryant misrepresented that he was leaving
15  his employment with Mattel to pursue non-competitive business interests. At the
16  time that Bryant made that misrepresentation, he knew that the statement was
17  false. He also knew at the time that he made that misrepresentation that he had
18  engaged in business activities that were competitive with Mattel, which he failed
19  to disclose. Moreover, Bryant and MGA have concealed and intentionally
20  spoliated evidence in an effort to conceal the true nature, timing and extent of their
21  unlawful behavior. These will be the subject of further discovery and appropriate
22  motions.

23         By way of further answer, pursuant to <u>Federal Rule of Civil</u>
24  <u>Procedure</u> 33(d), Mattel has produced responsive, non-privileged documents and
25  tangible items in its possession, custody or control from which the answer to this
26  Interrogatory may be derived.

27

28

07209/639421.2

-10-
MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 12 Page 186

1      By way of further answer, this topic may be the subject of expert

2 testimony, which will be disclosed in the manner, and at the time, required for

3 expert disclosures pursuant to the <u>Federal</u> and <u>Local Rules</u>.

4      Mattel continues its factual investigation and currently has

5 outstanding discovery requests to Bryant and to MGA.  Mattel reserves the right to

6 supplement this response and, consistent with its obligations under <u>Federal Rule of</u>

7 <u>Civil Procedure</u> 26(e), Mattel will supplement this response if Mattel receives

8 additional responsive information.

9

10 <u>INTERROGATORY NO. 5</u>:

11      State all facts, with particularity, and IDENTIFY all DOCUMENTS

12 that YOU contend prove, directly or circumstantially, that MGA copied YOUR

13 PROPERTY, including, without limitation, "Toon Teens".

14

15 <u>RESPONSE TO INTERROGATORY NO. 5</u>:

16      In addition to the general objections stated above, Mattel specifically

17 objects to this Interrogatory on the grounds that it is overbroad, unduly

18 burdensome, oppressive and harassing, including without limitation that the

19 Interrogatory is not restricted to claims in this suit and thus purports to require

20 disclosure of matters that have no bearing on and are not at issue in this suit.  Such

21 matters will not be revealed or addressed.  Mattel further objects to this

22 Interrogatory as unreasonably burdensome and overbroad in that it purports to

23 require Mattel to identify all facts and documents relating to this subject.  Mattel

24 further objects to this interrogatory on the grounds that it is vague and ambiguous

25 with regard to the phrase "YOUR PROPERTY."  Moreover, the Request is vague

26 and ambiguous in its use of "copied" in this context, including in particular

27 because defendant fails to specify whether it is a reference to a copyright

28 infringement term of art or whether it is being given some other meaning, and its

07209/639421.2

-11-

1   use of "some element" in this context, including in particular because it is unclear
2   whether the Request intends to include matters that may be used as evidence.  The
3   Request is further vague and ambiguous in its use of "Toon Teens," including in
4   particular whether it is referring to drawings, prototypes, photographs, ideas,
5   concepts or any other specified matter in connection with that project.  Mattel
6   further objects to this Interrogatory on the grounds that it calls for information that
7   is neither relevant to the claims or defenses of any party to the pending action nor
8   reasonably calculated to lead to the discovery of admissible evidence.  Mattel
9   further objects to this Interrogatory because defendant Bryant refuses to allow the
10  completion of his deposition and because defendant MGA refuses to produce any
11  witness for deposition.  Moreover, defendants have refused for months, despite
12  Mattel's requests, to provide the originals of their drawings, including those that
13  they performed unauthorized destructive testing on, and thus continue to withhold
14  and conceal from Mattel information necessary for it to evaluate and take
15  discovery as to the drawings.  Mattel further objects to this Interrogatory on the
16  grounds that it calls for the disclosure of information subject to the attorney-client
17  privilege, the attorney work-product doctrine and other applicable privileges.
18          Subject to and without waiving the foregoing general and specific
19  objections, Mattel responds as follows:  Mattel has not asserted copyright
20  infringement claims against Bryant in this action.
21          Mattel continues its factual investigation and currently has
22  outstanding discovery requests to Bryant and to MGA.  Mattel reserves the right to
23  supplement this response and, consistent with its obligations under Federal Rule of
24  Civil Procedure 26(e), Mattel will supplement this response if Mattel receives
25  additional responsive information.
26
27
28

-12-
MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 12  Page *188*

1  INTERROGATORY NO. 6:

2      IDENTIFY each COMMUNICATION that YOU have ever made,

3  received, or participated in that referred to, mentioned, or concerned this lawsuit.

4

5  RESPONSE TO INTERROGATORY NO. 6:

6      In addition to the general objections stated above, Mattel specifically

7  objects to this Interrogatory on the grounds that it calls for the disclosure of

8  information subject to the attorney-client privilege, the attorney work-product

9  doctrine and other applicable privileges.  Mattel further objects to this

10  Interrogatory as unreasonably burdensome, overbroad and harassing in that it

11  purports to require Mattel to summarize all communications "ever made, received,

12  or participated in that referred to, mentioned, or concerned this lawsuit," without

13  limitation as to time and thus as encompassing, and purporting to require

14  disclosure of, all the written, oral and other "communications" that Mattel's

15  lawyers have on this matter, including with the Courts and even defendants'

16  counsel.  Mattel further objects to this interrogatory on the grounds that it is vague

17  and ambiguous with regard to the phrase "referred to, mentioned, or concerned

18  this lawsuit."  Mattel further objects to this Interrogatory on the grounds that it

19  calls for information that is neither relevant to any claim or defense of any party to

20  the pending action nor reasonably calculated to lead to the discovery of admissible

21  evidence.

22

23  INTERROGATORY NO. 7:

24      IDENTIFY all PERSONS interviewed for the July 18, 2003 *Wall

25  Street Journal* article.

26

27

28

07209/639421.2

-13-

1   RESPONSE TO INTERROGATORY NO. 7:

2          In addition to the general objections stated above, Mattel specifically

3   objects to this Interrogatory on the grounds that it is unreasonably burdensome and

4   overbroad in that it purports to require Mattel to gather and summarize all facts on

5   this subject, including without limitation facts that are known to or in the

6   possession, custody and control of defendants and non-parties, including the *Wall*

7   *Street Journal* staff.  Mattel further objects to the Interrogatory as purporting to

8   seek information not known to and not readily ascertainable by Mattel.  Mattel

9   further objects to this Interrogatory on the grounds that it calls for information that

10  is neither relevant to the claims or defenses of any party to the pending action, nor

11  reasonably calculated to lead to the discovery of admissible evidence.

12         Subject to and without waiving the foregoing general and specific

13  objections, Mattel responds as follows:

14         The July 18, 2003 *Wall Street Journal* article was not prepared by

15  Mattel.  Further, Mattel does not know where the *Journal* obtained its information.

16  It states on its face those named sources who were quoted in the article, including

17  Isaac Larian of MGA.  As to the anonymous source(s)--who, according to the

18  article, had not worked for Mattel in more than two years at the time of

19  publication--Mattel does not know their identity or identities.

20         Mattel continues its factual investigation and currently has

21  outstanding discovery requests to Bryant and to MGA.  Mattel reserves the right to

22  supplement this response and, consistent with its obligations under Federal Rule of

23  Civil Procedure 26(e), Mattel will supplement this response if Mattel receives

24  additional responsive information.

25

26

27

28

07209/639421.2

-14-

MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 12  Page 190

1  INTERROGATORY NO. 8:

2          Describe, with particularity, each error contained in the July 18, 2003

3  *Wall Street Journal* article by explaining why and in what way each fact is

4  incorrect.

5

6  RESPONSE TO INTERROGATORY NO. 8:

7          In addition to the general objections stated above, Mattel specifically

8  objects to this Interrogatory on the grounds that it is overbroad, unduly

9  burdensome and harassing, and not reasonably calculated to lead to the discovery

10  of admissible evidence, in that the article discusses several subjects, including

11  subjects that have no conceivable bearing on this suit.  Mattel further objects to

12  this Interrogatory in that it calls for the disclosure of information subject to the

13  attorney-client privilege, the attorney work-product doctrine and other applicable

14  privileges.  Mattel further objects to this Interrogatory as unreasonably

15  burdensome and overbroad in that it purports to require Mattel to summarize all

16  facts on this subject, including without limitation facts that are known to or in the

17  possession, custody and control of defendants and non-parties, including non-

18  parties associated with defendants and the *Wall Street Journal* reporting staff.

19  Mattel further objects to this Interrogatory on the grounds that it calls for

20  information that is neither relevant to a claim or defense of any party to the

21  pending action nor reasonably calculated to lead to the discovery of admissible

22  evidence.

23          Mattel continues its factual investigation and currently has

24  outstanding discovery requests to Bryant and to MGA.  Mattel reserves the right to

25  supplement this response and, consistent with its obligations under Federal Rule of

26  Civil Procedure 26(e), Mattel will supplement this response if Mattel receives

27  additional responsive information.

28

07209/639421.2

1  INTERROGATORY NO. 9:

2        State, with particularity, when and how MATTEL first learned of

3  BRATZ.

4

5  RESPONSE TO INTERROGATORY NO. 9:

6        In addition to the general objections stated above, Mattel specifically

7  objects to this Interrogatory as unreasonably burdensome, overbroad and

8  incomprehensible in that it defines "Mattel" to include "past . . . employees,"

9  including but not limited to defendant Carter Bryant and a number of other former

10 Mattel employees who worked with Carter Bryant to design and develop Bratz

11 after each had been a Mattel employee and who, at that time, had no relationship

12 with Mattel that would have required those persons to disclose to Mattel the

13 development of the Bratz dolls.  Mattel further objects to this interrogatory on the

14 grounds that it is vague and ambiguous with regard to the phrase "first learned of

15 BRATZ."  Mattel further objects to this Interrogatory on the grounds that it calls

16 for information that is neither relevant to the claims or defenses of any party to the

17 pending action nor reasonably calculated to lead to the discovery of admissible

18 evidence.  Mattel further objects to this Interrogatory on the grounds that it calls

19 for the disclosure of information subject to the attorney-client privilege, the

20 attorney work-product doctrine and other applicable privileges.

21        Subject to and without waiving the foregoing general and specific

22 objections, Mattel responds as follows:

23        Excluding from this response defendant Carter Bryant and those

24 former Mattel employees who worked with defendant Carter Bryant to design and

25 develop Bratz, a Mattel representative first saw the Bratz dolls at the time or after

26 MGA released them on the market in Spain.

27        Mattel continues its factual investigation and currently has

28 outstanding discovery requests to Bryant and to MGA.  Mattel reserves the right to

-16-

Exhibit 12  Page 192

1   supplement this response and, consistent with its obligations under <u>Federal Rule of</u>

2   <u>Civil Procedure</u> 26(e), Mattel will supplement this response if Mattel receives

3   additional responsive information.

4

5   <u>INTERROGATORY NO. 10</u>:

6          State, with particularity, when and how MATTEL first learned that

7   BRYANT performed work for MGA.

8

9   <u>RESPONSE TO INTERROGATORY NO. 10</u>:

10          In addition to the general objections stated above, Mattel specifically

11   objects to this Interrogatory as unreasonably burdensome, overbroad and

12   incomprehensible in that it defines "Mattel" to include "past . . . employees,"

13   including but not limited to defendant Carter Bryant and a number of other former

14   Mattel employees who worked with Carter Bryant to design and develop Bratz

15   after each had been a Mattel employee and who, at that time, had no relationship

16   with Mattel that would have required those persons to disclose to Mattel the

17   development of the Bratz dolls.  Mattel further objects to this interrogatory on the

18   grounds that it is vague and ambiguous with regard to the phrase "first learned that

19   BRYANT performed work for MGA."  Mattel further objects to this Interrogatory

20   on the grounds that it calls for information that is neither relevant to the claims or

21   defenses of any party to the pending action nor reasonably calculated to lead to the

22   discovery of admissible evidence.  Mattel further objects to this Interrogatory on

23   the grounds that it calls for the disclosure of information subject to the attorney-

24   client privilege, the attorney work-product doctrine and other applicable

25   privileges.

26          Subject to and without waiving the foregoing general and specific

27   objections, Mattel responds as follows:

28

MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 12  Page *193*

1   Excluding from this response defendant Carter Bryant and those
2   former Mattel employees who worked with defendant Carter Bryant to design and
3   develop Bratz, Mattel states as follows:  Bryant and MGA acted to conceal,
4   including by Bryant's affirmative misrepresentations to Mattel during his Mattel
5   employment, Bryant's involvement with Bratz.  To Mattel's knowledge, Bryant
6   was first confirmed as the Bratz designer in the July 18, 2003 *Wall Street Journal*
7   article, in which Isaac Larian also indicated that Bryant had been involved in some
8   manner with MGA in or about "late 1999."

9   Subsequently, in November 2003, Mattel obtained a copy of a
10   contract between defendant Carter Bryant and defendant MGA.  That contract--
11   which Bryant and MGA had entered into while Bryant was employed by Mattel--
12   required Bryant to provide design services to MGA on a "top priority" basis, in
13   conflict with his then-existing obligations to Mattel.  It also purported to grant
14   MGA ownership of works produced by Bryant both before and after the
15   agreement's effective date, in further contravention of his obligations to Mattel.
16   Through this agreement, Mattel concluded that Bryant--while being employed and
17   paid by Mattel for his exclusive services as a designer--also worked as a designer
18   for a Mattel competitor, MGA.

19   Answering further, this fact was confirmed for the first time by
20   Bryant at his deposition in November 2004, which took place only after Bryant
21   had refused to be deposed for months and only after the Court entered two Orders
22   compelling him to testify.  At that time, he acknowledged that he worked on the
23   "Bratz" project and an ostensibly separate project that defendants purport to call
24   "Angel" during the time of his Mattel employment.

25   Answering further, pursuant to Federal Rule of Civil Procedure 33(d),
26   Mattel has produced responsive, non-privileged documents and tangible items in
27   its possession, custody or control from which the answer to this Interrogatory may
28   be derived.

1    Mattel continues its factual investigation and currently has

2  outstanding discovery requests to Bryant and to MGA.  Mattel reserves the right to

3  supplement this response and, consistent with its obligations under <u>Federal Rule of</u>

4  <u>Civil Procedure</u> 26(e), Mattel will supplement this response if Mattel receives

5  additional responsive information.

6

7  <u>INTERROGATORY NO. 11:</u>

8    State, with particularity, when and how MATTEL first learned that

9  BRYANT conceived of the BRATZ CONCEPT.

10

11 <u>RESPONSE TO INTERROGATORY NO. 11:</u>

12    In addition to the general objections stated above, Mattel specifically

13 objects to this Interrogatory on the grounds that it calls for the disclosure of

14 information subject to the attorney-client privilege, the attorney work-product

15 doctrine and other applicable privileges.  Mattel further objects to this

16 Interrogatory as unreasonably burdensome and overbroad in that it purports to

17 require Mattel to summarize all facts on this subject, including without limitation

18 facts that are known to or in the possession, custody and control of defendants and

19 non-parties, including non-parties associated with defendants.  Mattel further

20 objects to this interrogatory on the grounds that it is vague and ambiguous with

21 regard to the phrase "first learned that BRYANT conceived of the BRATZ

22 CONCEPT."  Mattel further objects to this interrogatory on the grounds that it is

23 unreasonably burdensome and overbroad in that it defines "Mattel" to include

24 "past . . . employees," including but not limited to defendant Carter Bryant and a

25 number of other former Mattel employees who worked with Carter Bryant to

26 design and develop Bratz after each had been a Mattel employee and who, at that

27 time, had no relationship with Mattel that would have required those persons to

28 disclose to Mattel the development of the Bratz dolls.  Mattel further objects to

MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 12  Page *195*

1  this Interrogatory on the grounds that it calls for information that is neither

2  relevant to the claims or defenses of any party to the pending action nor

3  reasonably calculated to lead to the discovery of admissible evidence. Mattel

4  further objects to this Interrogatory because defendant Bryant refuses to allow the

5  completion of his deposition and because defendant MGA refuses to produce any

6  witness for deposition. Moreover, defendants have refused for months, despite

7  Mattel's requests, to provide the originals of their drawings, including those that

8  they performed unauthorized destructive testing on, and thus continue to withhold

9  and conceal from Mattel information necessary for it to evaluate and take

10  discovery as to the drawings and thus to respond to this Interrogatory.

11          Mattel continues its factual investigation and currently has

12  outstanding discovery requests to Bryant and to MGA, including as to matters that

13  are the subject of pending motions to compel. Mattel reserves the right to

14  supplement this response and, consistent with its obligations under <u>Federal Rule of</u>

15  <u>Civil Procedure</u> 26(e), Mattel will supplement this response if Mattel receives

16  additional responsive information.

17

18  DATED: March 7, 2005

19                          QUINN EMANUEL URQUHART
20                          OLIVER & HEDGES, LLP

21                          By
                            Michael T. Zeller
22                          Attorneys for Plaintiff and Counter-
                            Defendant Mattel, Inc.
23

24

25

26

27

28

07209/639421.2

1013A(3) CCP Revised 5/1/88

1  STATE OF CALIFORNIA )
2  COUNTY OF LOS ANGELES )

3     I am employed in the county of Los Angeles  State of California.  I am over the age of 18
   and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor,
4  Los Angeles, CA 90012.

5     On March 7, 2005, I served the foregoing document described as PLAINTIFF
   MATTEL, INC.'S OBJECTIONS AND RESPONSES TO MGA'S FIRST SET OF
6  INTERROGATORIES  on all interested parties in this action.

7  Robert F. Millman, Esq.                    Diana M. Torres, Esq.
   Douglas A. Wickham, Esq.                   O'Melveny & Meyers
   Keith A. Jacoby, Esq.                      400 S. Hope Street
8  Littler Mendelson                          Los Angeles, CA 90071
   A Professional Corporation                 Phone: 213-430-6000
9  2049 Century Park East, 5th Floor          Fax: 213-430-6407
   Los Angeles, California 90067-3107
10 Phone: 310-553-0308
   Fax: 310-553-5583
11

12

13 [ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed
       as follows:

14 [x ]  BY MAIL

15 [ ]   I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed
       with postage thereon fully prepaid.
16
17 [ ]   As follows:  I am "readily familiar" with the firm's practice of collection and processing
       correspondence for mailing.  Under that practice it would be deposited with U.S. postal
18     service on that same day with postage thereon fully prepaid at Los Angeles, California in the
       ordinary course of business.  I am aware that on motion of the party served, service is
19     presumed invalid if postal cancellation date or postage meter date is more than one day after
       date of deposit for mailing in affidavit.

20 [x ]  BY TELECOPIER By transmitting the above listed document(s) to the fax number(s)
       set forth above on this date.

21 []    BY PERSONAL SERVICE I delivered such envelope by hand to the addressee.

22 Executed on March 7, 2005, at Los Angeles, California.

23 [ ]   (State) I declare under penalty of perjury under the laws of the State of California that the
       above is true and correct.
24
25 [X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at
       whose direction the service was made.

26 Tania Krebs
   Print Name                            Signature
27

28

Exhibit 12 Page 197

# Exhibit 13

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   | John B. Quinn (Bar No. 090378)
2 | (johnquinn@quinnemanuel.com)
   | Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
   | Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
   | Timothy L. Alger (Bar No. 160303)
5 | (timalger@quinnemanuel.com)
   | 865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
   | Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Plaintiff and Cross-
   | Defendant
9 | MATTEL, Inc.

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | EASTERN DIVISION

| | |
|---|---|
| 13 CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 14   Plaintiff, | Consolidated with: |
| 15   vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 16 MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S OBJECTIONS AND RESPONSES TO MGA |
| 17   Defendant. | ENTERTAINMENT, INC.'S SECOND SET OF INTERROGATORIES |
| 18 | |
| 19 CONSOLIDATED WITH | Hon. Stephen G. Larson |
| 20 MATTEL, INC. v. BRYANT, and | |
| 21 MGA ENTERTAINMENT, INC. v. MATTEL, INC., | |
| 22 | |
| 23   Cross-Defendant. | |

24

25 | PROPOUNDING PARTY: MGA ENTERTAINMENT, INC.

26 | RESPONDING PARTY: MATTEL, INC.

27 | SET NO.: TWO (2)

28 | NOS.: 12 - 31

1

## **Preliminary Statement**

2          Mattel, Inc. ("Mattel") has not yet completed its investigation of the

3   facts relating to this action, has not yet reviewed all documents relating to this

4   action, has not yet interviewed all witnesses in this action, and has not completed

5   discovery from defendants Carter Bryant ("Bryant") or MGA Entertainment, Inc.

6   ("MGA") or any third parties with regard to this action.  Consequently, Mattel

7   reserves the right to amend and/or supplement these responses if and when

8   additional facts or documents are discovered.  Additionally, because Mattel's

9   responses are based on facts and documents that Mattel has identified to date, they

10  do not preclude Mattel from later relying on facts or documents discovered or

11  generated pursuant to subsequent investigation or discovery.  Mattel's response to

12  any of Defendant's Second Set of Interrogatories (the "Interrogatories") is not to be

13  construed as a waiver of any of its objections or its right to object to any other

14  discovery request.

15

16

## **General Objections**

17          Mattel generally objects to each of the Interrogatories on each and

18  every one of the following grounds, which are incorporated into and made a part of

19  Mattel's response to each and every individual Interrogatory:

20          1.      Mattel objects to the Interrogatories on the grounds that they

21  seek to impose obligations upon Mattel beyond those imposed by the <u>Federal Rules</u>

22  <u>of Civil Procedure</u>.

23          2.      Mattel objects to the Interrogatories on the grounds that they call

24  for the disclosure of information subject to the attorney-client privilege, the attorney

25  work-product doctrine, or any other applicable privilege, including the privilege

26  against disclosure of the identities and work product of consulting experts.  Such

27  information and documents will not be produced.

28

07975/2338502.1

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

3.      Mattel objects to the Interrogatories on the grounds that they call for production or disclosure of confidential, proprietary and/or private information. Such information and documents will not be disclosed or produced except pursuant to and in reliance upon the operative protective order.

4.      Mattel objects to the Interrogatories on the grounds that they seek the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control, and seek the disclosure of information or documents that are in the possession, custody and control of defendant MGA or are publicly available and hence equally available to all parties to this litigation.

5.      Mattel objects to the Interrogatories on the grounds that they call for information that is neither relevant to the claims or defenses in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

6.      Mattel objects to the Interrogatories on the grounds that they are unduly burdensome and oppressive.

7.      Mattel further objects to the Interrogatories on the grounds that they purport to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local</u> <u>Rules</u>.  Such disclosures will be made in accordance with the requirements of, and at the times specified by, the Court's Orders and the <u>Rules</u>.

8.      Mattel objects to the Interrogatories on the grounds that they seek the disclosure of information or documents in violation of the terms of agreements or protective orders entered into with third parties, or in violation of the privacy, contractual, or other rights of third parties.

9.      Mattel objects to the Interrogatories on the grounds that the definitions of "Mattel," "Bratz," "Contested Mattel Products" and "MY SCENE" are overbroad, vague and ambiguous and unduly burdensome.

10.     Mattel objects to the Interrogatories on the grounds that the defendants have exceeded the limit on the number of interrogatories they may

1 | properly serve on Mattel without leave of the Court, which defendants have neither
2 | sought nor obtained.
3
4 | **Specific and General Responses**
5 | Each of the following objections and responses to the Interrogatories is
6 | expressly made subject to the above Preliminary Statement and General Objections,
7 | all of which are incorporated in each of the following objections and responses to
8 | specific Interrogatories.
9
10
11 | **RESPONSES TO INTERROGATORIES**
12 | **INTERROGATORY NO. 12:**
13 | IDENTIFY each version of the EMPLOYEE INVENTIONS
14 | AGREEMENT adopted and/or used by or on behalf of MATTEL, including,
15 | without limitation, (a) the IDENTITY of all persons who participated in or were
16 | consulted concerning the creation, drafting, adoption, and/or use of the EMPLOYEE
17 | INVENTIONS AGREEMENT; (b) the date(s) and/or range(s) of dates MATTEL'S
18 | used each version of the EMPLOYEE INVENTIONS AGREEMENT; and (c) the
19 | reason(s) for the changes between each version.
20
21 | **RESPONSE TO INTERROGATORY NO. 12:**
22 | In addition to the general objections stated above, Mattel specifically
23 | objects to this Interrogatory on the grounds that defendants' Second Set of
24 | Interrogatories purports to require Mattel to answer interrogatories that are in excess
25 | of the number of interrogatories allowed defendants, including pursuant to the
26 | Discovery Master's guidelines set forth in his Order of September 5, 2007. Because
27 | defendants have neither sought nor obtained leave of the Court to serve such excess
28 | number of interrogatories, they are improper. Mattel further objects to this

-4-

Exhibit 13 Page 201
MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

1  Interrogatory on the grounds that it seeks information that is not relevant nor likely

2  to lead to the discovery of admissible evidence.  Mattel further objects to this

3  Interrogatory as unreasonably burdensome, overbroad and compound, including

4  without limitation in that it seeks information about provisions of agreements that

5  have no bearing on this action and regardless of whether any such agreements are at

6  issue in this case.  Mattel further objects to this Interrogatory on the grounds that it

7  calls for the disclosure of information subject to the attorney-client privilege, the

8  attorney work-product doctrine and other applicable privileges.  Mattel further

9  objects to this Interrogatory as vague and ambiguous, including without limitation in

10  its use of the terms "participated in" and "use" in this context.  Mattel further objects

11  to this Interrogatory on the grounds that it calls for the disclosure of confidential

12  and/or proprietary information, which Mattel will disclose only subject to and in

13  reliance upon the operative protective order.

14

15  **INTERROGATORY NO. 13:**

16              Describe in detail each instance in which any provision of an

17  EMPLOYEE INVENTIONS AGREEMENT was breached or alleged to be

18  breached by an employee, independent contractor, or any other person with whom

19  MATTEL had entered into an EMPLOYEE INVENTIONS AGREEMENT,

20  including without limitation:  (a) a complete description of the conduct comprising

21  said breach; and (b) a complete description of all steps taken by MATTEL in

22  response to said breach or alleged breach *(including, for example, conducting an*

23  *investigation or arranging that an investigation be conducted on MATTEL'S behalf,*

24  *issuing a warning, whether written or oral; issuing any other notification, whether*

25  *written or oral; initiating civil litigation, including the name, case number and court*

26  *of any such litigation; initiating any other legal proceeding, including but not*

27  *limited to criminal proceedings, including the name, case number and court of any*

28  *such proceeding; making an exception, whether written, oral, express, or implied;*

1 | *making a determination that no breach occurred, whether or not such determination*

2 | *was documented; or no action).*

3

4 | **RESPONSE TO INTERROGATORY NO. 13:**

5 |       In addition to the general objections stated above, Mattel specifically

6 | objects to this Interrogatory on the grounds that defendants' Second Set of

7 | Interrogatories purports to require Mattel to answer interrogatories that are in excess

8 | of the number of interrogatories allowed defendants, including pursuant to the

9 | Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

10 | defendants have neither sought nor obtained leave of the Court to serve such excess

11 | number of interrogatories, they are improper. Mattel further objects to this

12 | Interrogatory on the grounds that it seeks information that is not relevant nor likely

13 | to lead to the discovery of admissible evidence. Mattel further objects to this

14 | Interrogatory as unreasonably burdensome, overbroad and compound, including

15 | without limitation in that it seeks information about agreements and provisions of

16 | agreements that are not at issue in this case and about employees, independent

17 | contractors and other persons who have no bearing on this action. Mattel further

18 | objects to this Interrogatory on the grounds that it calls for the disclosure of

19 | information subject to the attorney-client privilege, the attorney work-product

20 | doctrine and other applicable privileges. Mattel further objects to this Interrogatory

21 | on the grounds that it calls for the disclosure of confidential and/or proprietary

22 | information, which Mattel will disclose only subject to and in reliance upon the

23 | operative protective order.

24

25 | **INTERROGATORY NO. 14:**

26 |       IDENTIFY each version of the CONFLICT OF INTEREST

27 | QUESTIONNAIRE adopted and/or used by or on behalf of MATTEL, including,

28 | without limitation, (a) the identity of all persons who participated in or were

1  consulted concerning the creation, drafting, adoption, and/or use of the CONFLICT
2  OF INTEREST QUESTIONNAIRE; (b) the date(s) and/or range(s) of dates
3  MATTEL'S used each version of the CONFLICT OF INTEREST
4  QUESTIONNAIRE; and (c) the reason(s) for the changes between each version.
5
6  **RESPONSE TO INTERROGATORY NO. 14:**
7          In addition to the general objections stated above, Mattel specifically
8  objects to this Interrogatory on the grounds that defendants' Second Set of
9  Interrogatories purports to require Mattel to answer interrogatories that are in excess
10  of the number of interrogatories allowed defendants, including pursuant to the
11  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because
12  defendants have neither sought nor obtained leave of the Court to serve such excess
13  number of interrogatories, they are improper.  Mattel further objects to this
14  Interrogatory on the grounds that it seeks information that is not relevant nor likely
15  to lead to the discovery of admissible evidence.  Mattel further objects to this
16  Interrogatory as unreasonably burdensome, overbroad and compound, including
17  without limitation in that it seeks information about provisions of conflict of interest
18  questionnaires that have no bearing on this action and regardless of whether any
19  such questionnaires are at issue in this case.  Mattel further objects to this
20  Interrogatory on the grounds that it calls for the disclosure of information subject to
21  the attorney-client privilege, the attorney work-product doctrine and other applicable
22  privileges.  Mattel further objects to this Interrogatory as vague and ambiguous,
23  including without limitation in its use of the terms "participated in" and "use" in this
24  context.  Mattel further objects to this Interrogatory on the grounds that it calls for
25  the disclosure of confidential and/or proprietary information, which Mattel will
26  disclose only subject to and in reliance upon the operative protective order.
27
28

## INTERROGATORY NO. 15:

Describe in detail each instance in which any provision of a CONFLICT OF INTEREST QUESTIONNAIRE was breached or alleged to be breached by an employee, independent contractor, or any other person with whom MATTEL had entered into a CONFLICT OF INTEREST QUESTIONNAIRE, including without limitation: (a) a description of the conduct comprising said breach; and (b) a description of all steps taken by MATTEL in response to said breach or alleged breach *(including, for example, conducting an investigation or arranging that an investigation be conducted on MATTEL'S behalf, issuing a warning, whether written or oral; issuing any other notification, whether written or oral; initiating civil litigation, including the name, case number and court of any such litigation; initiating any other legal proceeding, including but not limited to criminal proceedings, including the name, case number and court of any such proceeding; making an exception, whether written, oral, express, or implied; making a determination that no breach occurred, whether or not such determination was documented; or no action).*

## RESPONSE TO INTERROGATORY NO. 15:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that defendants' Second Set of Interrogatories purports to require Mattel to answer interrogatories that are in excess of the number of interrogatories allowed defendants, including pursuant to the Discovery Master's guidelines set forth in his Order of September 5, 2007. Because defendants have neither sought nor obtained leave of the Court to serve such excess number of interrogatories, they are improper. Mattel further objects to this Interrogatory on the grounds that it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence. Mattel further objects to this Interrogatory as unreasonably burdensome, overbroad and compound, including

1  without limitation in that it seeks information about conflict of interest
2  questionnaires and provisions of such questionnaires that are not at issue in this case
3  and about employees, independent contractors and other persons who have no
4  bearing on this action.  Mattel further objects to this Interrogatory on the grounds
5  that it calls for the disclosure of information subject to the attorney-client privilege,
6  the attorney work-product doctrine and other applicable privileges.  Mattel further
7  objects to this Interrogatory on the grounds that it calls for the disclosure of
8  confidential and/or proprietary information, which Mattel will disclose only subject
9  to and in reliance upon the operative protective order.

10

11  **INTERROGATORY NO. 16:**

12         STATE THE COMPLETE FACTUAL BASIS FOR YOUR
13  CONTENTION that MATTEL has a viable affirmative claim for relief against
14  MGA even if the evidence establishes both of the following:  (i) in August and/or
15  September, 1998, Carter Bryant conceived of the line of fashion dolls that he named
16  Bratz, and (ii) the design for the BRATZ dolls sold by MGA in 2001 was reduced to
17  practice after October 20, 2000.

18

19  **RESPONSE TO INTERROGATORY NO. 16:**

20         In addition to the general objections stated above, Mattel specifically
21  objects to this Interrogatory on the grounds that defendants' Second Set of
22  Interrogatories purports to require Mattel to answer interrogatories that are in excess
23  of the number of interrogatories allowed defendants, including pursuant to the
24  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because
25  defendants have neither sought nor obtained leave of the Court to serve such excess
26  number of interrogatories, they are improper.  Mattel further objects to this
27  interrogatory in that it asks Mattel to make assumptions that are contrary to the
28  evidence, including without limitation to facts admitted to by defendants and/or their

17975/2338502.1

-9-

Exhibit 13  Page 206

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

1   witnesses, and are contrary to the logical inferences stemming from defendants'

2   conduct, including their concealment and spoliation of evidence. Mattel further

3   objects to this Interrogatory as unreasonably burdensome and overbroad in that it

4   purports to require Mattel to summarize all facts on this subject, including without

5   limitation, facts that are known to or in the possession, custody and control of

6   defendants MGA and Bryant and that such defendants have concealed despite Court

7   Orders to provide them, and despite defendants' refusals to answer interrogatories

8   with the same or comparable language. Mattel further objects to this Interrogatory

9   as compound. Mattel further objects to this Interrogatory on the grounds that it calls

10  for the disclosure of information subject to the attorney-client privilege, the attorney

11  work-product doctrine and other applicable privileges. Mattel further objects to this

12  Interrogatory on the grounds that it calls for the disclosure of confidential and/or

13  proprietary information, which Mattel will disclose only subject to and in reliance

14  upon the operative protective order.

15

16  **INTERROGATORY NO. 17:**

17          STATE THE COMPLETE FACTUAL BASIS FOR YOUR

18  CONTENTION that MATTEL employees in the Design Center who personally

19  knew Carter Bryant did not know and/or believe, immediately following the launch

20  of MGA's Bratz dolls in 2001, that Carter Bryant was the creator of the concept for

21  the BRATZ line of dolls.

22

23  **RESPONSE TO INTERROGATORY NO. 17:**

24          In addition to the general objections stated above, Mattel specifically

25  objects to this Interrogatory on the grounds that defendants' Second Set of

26  Interrogatories purports to require Mattel to answer interrogatories that are in excess

27  of the number of interrogatories allowed defendants, including pursuant to the

28  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

-10-

Exhibit 13  Page 207

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

1 defendants have neither sought nor obtained leave of the Court to serve such excess
2 number of interrogatories, they are improper.  Mattel further objects to this
3 interrogatory in that it misstates Mattel's contentions.  Mattel further objects to this
4 interrogatory on the ground that it seeks information that is not relevant nor
5 reasonably calculated to lead to the discovery of admissible evidence, including
6 without limitation in that knowledge or notice of such matters are irrelevant to
7 defendants' purported statute of limitations and laches defenses.  Mattel further
8 objects to this Interrogatory as unreasonably burdensome and overbroad in that it
9 purports to require Mattel to summarize all facts on this subject, despite defendants'
10 own refusals to answer interrogatories with the same or comparable language.
11 Mattel further objects to this Interrogatory as compound.  Mattel further objects to
12 this Interrogatory on the grounds that it calls for the disclosure of information
13 subject to the attorney-client privilege, the attorney work-product doctrine and other
14 applicable privileges.  Mattel further objects to this Interrogatory on the grounds that
15 it calls for the disclosure of confidential and/or proprietary information, which
16 Mattel will disclose only subject to and in reliance upon the operative protective
17 order.
18
19 **INTERROGATORY NO. 18:**
20         STATE THE COMPLETE FACTUAL BASIS FOR YOUR
21 CONTENTION that any of the fashions and/or accessories for the BRATZ line of
22 dolls sold by MGA violate or infringe any of MATTEL'S intellectual property
23 and/or proprietary rights.
24
25 **RESPONSE TO INTERROGATORY NO. 18:**
26         In addition to the general objections stated above, Mattel specifically
27 objects to this Interrogatory on the grounds that defendants' Second Set of
28 Interrogatories purports to require Mattel to answer interrogatories that are in excess

1  of the number of interrogatories allowed defendants, including pursuant to the

2  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

3  defendants have neither sought nor obtained leave of the Court to serve such excess

4  number of interrogatories, they are improper. Mattel further objects to this

5  interrogatory on the ground that it seeks information that is not relevant nor

6  reasonably calculated to lead to the discovery of admissible evidence, including in

7  that it purports to require Mattel to identify matters that are the subject of claims not

8  asserted in this action and/or are asserted in other actions. Mattel further objects to

9  this Interrogatory on the grounds that it is unreasonably burdensome and overbroad,

10 including in that it purports to require Mattel to summarize all facts on this subject,

11 despite defendants' own refusals to answer interrogatories with the same or

12 comparable language. Mattel further objects to this Interrogatory as compound.

13 Mattel further objects to this Interrogatory on the grounds that it calls for the

14 disclosure of information subject to the attorney-client privilege, the attorney work-

15 product doctrine and other applicable privileges. Mattel further objects to this

16 Interrogatory on the grounds that it calls for the disclosure of confidential and/or

17 proprietary information, which Mattel will disclose only subject to and in reliance

18 upon the operative protective order.

19

20 **INTERROGATORY NO. 19:**

21        IDENTIFY with specificity each element of each ALLEGED

22 COPYRIGHTED WORK that MATTEL contends is an original element protectable

23 under the United States Copyright Laws.

24

25 **RESPONSE TO INTERROGATORY NO. 19:**

26        In addition to the general objections stated above, Mattel specifically

27 objects to this Interrogatory on the grounds that defendants' Second Set of

28 Interrogatories purports to require Mattel to answer interrogatories that are in excess

17975/2338502.1

-12-

Exhibit 13 Page 209

1 | of the number of interrogatories allowed defendants, including pursuant to the

2 | Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

3 | defendants have neither sought nor obtained leave of the Court to serve such excess

4 | number of interrogatories, they are improper. Mattel further objects to this

5 | interrogatory on the ground that it seeks information that is not relevant nor

6 | reasonably calculated to lead to the discovery of admissible evidence. Mattel

7 | further objects to this Interrogatory on the grounds that it is unreasonably

8 | burdensome and overbroad, including in that it purports to require Mattel to identify

9 | "each element" of numerous works, despite defendants' own refusals to answer

10 | interrogatories with the same or comparable language. Mattel further objects to this

11 | Interrogatory as compound. Mattel further objects to this Interrogatory on the

12 | grounds that it calls for the disclosure of information subject to the attorney-client

13 | privilege, the attorney work-product doctrine and other applicable privileges. Mattel

14 | further objects to this Interrogatory on the grounds that it calls for the disclosure of

15 | confidential and/or proprietary information, which Mattel will disclose only subject

16 | to and in reliance upon the operative protective order.

17 |

18 | **INTERROGATORY NO. 20:**

19 | IDENTIFY with specificity each ALLEGED TRADE SECRET,

20 | including the IDENTITY of each DOCUMENT that embodies or REFERS OR

21 | RELATES to each ALLEGED TRADE SECRET.

22 |

23 | **RESPONSE TO INTERROGATORY NO. 20:**

24 | In addition to the general objections stated above, Mattel specifically

25 | objects to this Interrogatory on the grounds that defendants' Second Set of

26 | Interrogatories purports to require Mattel to answer interrogatories that are in excess

27 | of the number of interrogatories allowed defendants, including pursuant to the

28 | Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

-13-

Exhibit 13  Page 210

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

1 | defendants have neither sought nor obtained leave of the Court to serve such excess
2 | number of interrogatories, they are improper.  Mattel further objects to this
3 | Interrogatory on the grounds that it is unreasonably burdensome, overbroad and
4 | duplicative of other discovery requests propounded in this action.  Mattel further
5 | objects to this Interrogatory on the grounds that it calls for the disclosure of
6 | information subject to the attorney-client privilege, the attorney work-product
7 | doctrine and other applicable privileges.  Mattel further objects to this Interrogatory
8 | on the grounds that it calls for the disclosure of confidential and/or proprietary
9 | information, which Mattel will disclose only subject to and in reliance upon the
10 | operative protective order.

11 |

12 | **INTERROGATORY NO. 21:**

13 | IDENTIFY each PERSON who has had access to each ALLEGED
14 | TRADE SECRET, including (a) the ALLEGED TRADE SECRET each PERSON
15 | had access to; and (b) the date or dates each PERSON had this access.

16 |

17 | **RESPONSE TO INTERROGATORY NO. 21:**

18 | In addition to the general objections stated above, Mattel specifically
19 | objects to this Interrogatory on the grounds that defendants' Second Set of
20 | Interrogatories purports to require Mattel to answer interrogatories that are in excess
21 | of the number of interrogatories allowed defendants, including pursuant to the
22 | Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because
23 | defendants have neither sought nor obtained leave of the Court to serve such excess
24 | number of interrogatories, they are improper.  Mattel further objects to this
25 | Interrogatory on the grounds that it is unreasonably burdensome, overbroad and
26 | duplicative of other discovery requests propounded in this action.  Mattel further
27 | objects to this interrogatory as vague and ambiguous, including as to time.  Mattel
28 | further objects to this Interrogatory on the grounds that it calls for the disclosure of

1  information subject to the attorney-client privilege, the attorney work-product

2  doctrine and other applicable privileges.  Mattel further objects to this Interrogatory

3  on the grounds that it calls for the disclosure of confidential and/or proprietary

4  information, which Mattel will disclose only subject to and in reliance upon the

5  operative protective order.

6

7  **INTERROGATORY NO. 22:**

8          STATE THE COMPLETE FACTUAL BASIS FOR YOUR

9  CONTENTION that MGA misappropriated any ALLEGED TRADE SECRET.

10

11  **RESPONSE TO INTERROGATORY NO. 22:**

12          In addition to the general objections stated above, Mattel specifically

13  objects to this Interrogatory on the grounds that defendants' Second Set of

14  Interrogatories purports to require Mattel to answer interrogatories that are in excess

15  of the number of interrogatories allowed defendants, including pursuant to the

16  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

17  defendants have neither sought nor obtained leave of the Court to serve such excess

18  number of interrogatories, they are improper.  Mattel further objects to this

19  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

20  duplicative of other discovery requests propounded in this action, including that it

21  purports to require Mattel to identify facts that are known to or in the possession,

22  custody and control of defendants but that defendants have failed and refused to

23  discuss and including in that it purports to require Mattel to summarize all facts on

24  this subject, despite defendants' own refusals to answer interrogatories with the

25  same or comparable language.  Mattel further objects to this Interrogatory on the

26  grounds that it calls for the disclosure of information subject to the attorney-client

27  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

28  further objects to this Interrogatory on the grounds that it calls for the disclosure of

1  confidential and/or proprietary information, which Mattel will disclose only subject

2  to and in reliance upon the operative protective order.

3

4  **INTERROGATORY NO. 23:**

5      STATE THE COMPLETE FACTUAL BASIS FOR YOUR

6  CONTENTION that the ALLEGED TRADE SECRETS are protectable.

7

8  **RESPONSE TO INTERROGATORY NO. 23:**

9      In addition to the general objections stated above, Mattel specifically

10  objects to this Interrogatory on the grounds that defendants' Second Set of

11  Interrogatories purports to require Mattel to answer interrogatories that are in excess

12  of the number of interrogatories allowed defendants, including pursuant to the

13  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

14  defendants have neither sought nor obtained leave of the Court to serve such excess

15  number of interrogatories, they are improper.  Mattel further objects to this

16  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

17  duplicative of other discovery requests propounded in this action, including in that it

18  purports to require Mattel to summarize all facts on this subject, despite defendants'

19  own refusals to answer interrogatories with the same or comparable language.

20  Mattel further objects to this Interrogatory on the grounds that it calls for the

21  disclosure of information subject to the attorney-client privilege, the attorney work-

22  product doctrine and other applicable privileges.  Mattel further objects to this

23  Interrogatory on the grounds that it calls for the disclosure of confidential and/or

24  proprietary information, which Mattel will disclose only subject to and in reliance

25  upon the operative protective order.

26

27

28

1  **INTERROGATORY NO. 24:**

2         DESCRIBE THE SALES AND PROFITS for each MATTEL

3  PRODUCT that has been sold or offered for sale by YOU or YOUR licensees. (The

4  time period applicable to this interrogatory is from January 1, 1990 to the present).

5

6  **RESPONSE TO INTERROGATORY NO. 24:**

7         In addition to the general objections stated above, Mattel specifically

8  objects to this Interrogatory on the grounds that defendants' Second Set of

9  Interrogatories purports to require Mattel to answer interrogatories that are in excess

10  of the number of interrogatories allowed defendants, including pursuant to the

11  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

12  defendants have neither sought nor obtained leave of the Court to serve such excess

13  number of interrogatories, they are improper. Mattel further objects to this

14  interrogatory on the ground that it seeks information that is not relevant nor

15  reasonably calculated to lead to the discovery of admissible evidence. Mattel

16  further objects to this Interrogatory on the grounds that it is unreasonably

17  burdensome and overbroad, including in that it seeks information about Mattel sales

18  and products not at issue in this case. Mattel further objects to this Interrogatory on

19  the grounds that it calls for the disclosure of confidential and/or proprietary

20  information, which Mattel will disclose only subject to and in reliance upon the

21  operative protective order.

22

23  **INTERROGATORY NO. 25:**

24         IDENTIFY, fully and separately, each and every PERSON who was

25  involved in the development or marketing of the CONTESTED MATTEL

26  PRODUCTS by stating each PERSON'S name, role, and start/end date. (As used in

27  this Interrogatory, the phrase "development or marketing" means the entire process

28  of creating and selling a new product or design, including without limitation, the

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

1   marketing, advertising, promotion, licensing, offering for sale, conception, origin,

2   creation, design, development, sculpting, engineering, reduction to practice, tooling

3   or painting of a product or embodiment of a product).

4

5   **RESPONSE TO INTERROGATORY NO. 25:**

6          In addition to the general objections stated above, Mattel specifically

7   objects to this Interrogatory on the grounds that defendants' Second Set of

8   Interrogatories purports to require Mattel to answer interrogatories that are in excess

9   of the number of interrogatories allowed defendants, including pursuant to the

10   Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

11   defendants have neither sought nor obtained leave of the Court to serve such excess

12   number of interrogatories, they are improper. Mattel further objects to this

13   Interrogatory on the grounds that it is unreasonably burdensome and overbroad,

14   including in that it seeks information about Mattel sales and products not at issue in

15   this case. Mattel further objects to this Interrogatory on the grounds that it calls for

16   the disclosure of confidential and/or proprietary information, which Mattel will

17   disclose only subject to and in reliance upon the operative protective order.

18

19   **INTERROGATORY NO. 26:**

20          Describe in detail all instances in which a PERSON expressed

21   confusion as to source or sponsorship between any MATTEL products, packaging

22   or advertising (including, but not limited to, the CONTESTED MATTEL

23   PRODUCTS) and any MGA products, packaging or advertising (including, but not

24   limited to, "BRATZ"), by: (i) stating the facts and circumstances of each instance;

25   (ii) IDENTIFYING all DOCUMENTS that REFER OR RELATE TO each instance;

26   and (iii) IDENTIFYING all witnesses who may have information that REFER OR

27   RELATE TO each instance.

28

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

1 | **RESPONSE TO INTERROGATORY NO. 26:**

2            In addition to the general objections stated above, Mattel specifically

3 objects to this Interrogatory on the grounds that defendants' Second Set of

4 Interrogatories purports to require Mattel to answer interrogatories that are in excess

5 of the number of interrogatories allowed defendants, including pursuant to the

6 Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

7 defendants have neither sought nor obtained leave of the Court to serve such excess

8 number of interrogatories, they are improper. Mattel further objects to this

9 Interrogatory on the grounds that it seeks information that is not relevant nor likely

10 to lead to the discovery of admissible evidence and is unreasonably burdensome and

11 overbroad, including in that it seeks information about products, packaging and

12 other matters not at issue in this case. Mattel further objects to this Interrogatory on

13 the grounds that it calls for the disclosure of confidential and/or proprietary

14 information, which Mattel will disclose only subject to and in reliance upon the

15 operative protective order.

16

17 | **INTERROGATORY NO. 27:**

18            For each PERSON listed in MATTEL'S INITIAL DISCLOSURES,

19 IDENTIFY each PERSON and describe in detail each PERSON's alleged

20 knowledge of the subjects or information identified in MATTEL'S INITIAL

21 DISCLOSURES.

22

23 | **RESPONSE TO INTERROGATORY NO. 27:**

24            In addition to the general objections stated above, Mattel specifically

25 objects to this Interrogatory on the grounds that defendants' Second Set of

26 Interrogatories purports to require Mattel to answer interrogatories that are in excess

27 of the number of interrogatories allowed defendants, including pursuant to the

28 Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

1 | defendants have neither sought nor obtained leave of the Court to serve such excess
2 | number of interrogatories, they are improper. Mattel further objects to this
3 | Interrogatory on the grounds that it seeks information that is unreasonably
4 | burdensome and overbroad. Mattel further objects to this Interrogatory on the
5 | grounds that it calls for the disclosure of confidential and/or proprietary information,
6 | which Mattel will disclose only subject to and in reliance upon the operative
7 | protective order.

8

9 | **INTERROGATORY NO. 28:**

10 | Describe in detail the complete factual basis for YOUR
11 | COUNTERCLAIMS, including, without limitation all facts, DOCUMENTS, and
12 | witnesses that REFER OR RELATE TO YOUR COUNTERCLAIMS.

13

14 | **RESPONSE TO INTERROGATORY NO. 28:**

15 | In addition to the general objections stated above, Mattel specifically
16 | objects to this Interrogatory on the grounds that defendants' Second Set of
17 | Interrogatories purports to require Mattel to answer interrogatories that are in excess
18 | of the number of interrogatories allowed defendants, including pursuant to the
19 | Discovery Master's guidelines set forth in his Order of September 5, 2007. Because
20 | defendants have neither sought nor obtained leave of the Court to serve such excess
21 | number of interrogatories, they are improper. Mattel further objects to this
22 | Interrogatory on the grounds that it is unreasonably burdensome, overbroad and
23 | compound, including in that it purports to require Mattel to summarize all facts on
24 | these multiple subject, despite defendants' own refusals to answer interrogatories
25 | with the same or comparable language. Mattel further objects to this Interrogatory
26 | on the grounds that it calls for the disclosure of information subject to the attorney-
27 | client privilege, the attorney work-product doctrine and other applicable privileges.
28 | Mattel further objects to this Interrogatory on the grounds that it calls for the

-20-

Exhibit 13 Page 2/7

1 | disclosure of confidential and/or proprietary information, which Mattel will disclose
2 | only subject to and in reliance upon the operative protective order.

3

4 | **INTERROGATORY NO. 29:**

5 |      Describe in detail any estimate or calculation of damage, loss, injury, or
6 | unjust enrichment, by reason of any act or omission alleged in YOUR
7 | COUNTERCLAIMS, that YOU have made or that has been made on YOUR behalf
8 | or at YOUR request, including all facts, DOCUMENTS or witnesses RELATING
9 | TO each estimate or calculation.

10

11 | **RESPONSE TO INTERROGATORY NO. 29:**

12 |      In addition to the general objections stated above, Mattel specifically
13 | objects to this Interrogatory on the grounds that defendants' Second Set of
14 | Interrogatories purports to require Mattel to answer interrogatories that are in excess
15 | of the number of interrogatories allowed defendants, including pursuant to the
16 | Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because
17 | defendants have neither sought nor obtained leave of the Court to serve such excess
18 | number of interrogatories, they are improper.  Mattel further objects to this
19 | Interrogatory on the grounds that it is unreasonably burdensome, overbroad and
20 | compound, including in that it purports to require Mattel to summarize all facts on
21 | these multiple subject, despite defendants' own refusals to answer interrogatories
22 | with the same or comparable language.  Mattel further objects to this Interrogatory
23 | on the grounds that it calls for the disclosure of information subject to the attorney-
24 | client privilege, the attorney work-product doctrine and other applicable privileges.
25 | Mattel further objects to this Interrogatory on the grounds that it purports to require
26 | Mattel to disclose the identity of consulting experts.  The identity of any such
27 | experts will not be disclosed.  Mattel further objects to this Interrogatory on the
28 | grounds that it calls for the disclosure of confidential and/or proprietary information,

1 which Mattel will disclose only subject to and in reliance upon the operative

2 protective order. Mattel further objects to this Interrogatory on the grounds that it

3 purports to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local</u>

4 <u>Rules</u>. Such disclosures will be made in accordance with the requirements of, and at

5 the times specified by, the Court's Orders and the <u>Rules</u>.

6

7 **INTERROGATORY NO. 30:**

8          IDENTIFY each and every SOURCE OF INFORMATION from which

9 YOU have COLLECTED DOCUMENTS that REFER OR RELATE TO BRATZ.

10

11 **RESPONSE TO INTERROGATORY NO. 30:**

12          In addition to the general objections stated above, Mattel specifically

13 objects to this Interrogatory on the grounds that defendants' Second Set of

14 Interrogatories purports to require Mattel to answer interrogatories that are in excess

15 of the number of interrogatories allowed defendants, including pursuant to the

16 Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

17 defendants have neither sought nor obtained leave of the Court to serve such excess

18 number of interrogatories, they are improper. Mattel further objects to this

19 Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

20 compound, including in that it purports to require Mattel to summarize all facts on

21 these multiple subject, despite defendants' own refusals to answer interrogatories

22 with the same or comparable language. Mattel further objects to this Interrogatory

23 on the grounds that it calls for the disclosure of information subject to the attorney-

24 client privilege, the attorney work-product doctrine and other applicable privileges.

25 Mattel further objects to this Interrogatory on the grounds that it purports to require

26 Mattel to disclose the identity of consulting experts. The identity of any such

27 experts will not be disclosed. Mattel further objects to this Interrogatory on the

28 grounds that it calls for the disclosure of confidential and/or proprietary information,

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

1  which Mattel will disclose only subject to and in reliance upon the operative

2  protective order.

3

4  **INTERROGATORY NO. 31:**

5       STATE THE COMPLETE FACTUAL BASIS FOR YOUR

6  CONTENTION that any BRATZ doll is substantially similar to, a copy or a

7  derivative of BRATZ DESIGNS created by Carter Bryant on or before October 19,

8  2000.

9

10 **RESPONSE TO INTERROGATORY NO. 31:**

11       In addition to the general objections stated above, Mattel specifically

12 objects to this Interrogatory on the grounds that defendants' Second Set of

13 Interrogatories purports to require Mattel to answer interrogatories that are in excess

14 of the number of interrogatories allowed defendants, including pursuant to the

15 Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

16 defendants have neither sought nor obtained leave of the Court to serve such excess

17 number of interrogatories, they are improper. Mattel further objects to this

18 Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

19 compound, including in that it purports to require Mattel to summarize all facts on

20 these multiple subject, despite defendants' own refusals to answer interrogatories

21 with the same or comparable language. Mattel further objects to this Interrogatory

22 on the grounds that its description of Mattel's positions in this suit is erroneous and

23 incomplete. Mattel further objects to this Interrogatory on the grounds that it calls

24 for the disclosure of information subject to the attorney-client privilege, the attorney

25 work-product doctrine and other applicable privileges. Mattel further objects to this

26 Interrogatory on the grounds that it purports to require Mattel to disclose the identity

27 of consulting experts. The identity of any such experts will not be disclosed. Mattel

28 further objects to this Interrogatory on the grounds that it calls for the disclosure of

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

1  confidential and/or proprietary information, which Mattel will disclose only subject

2  to and in reliance upon the operative protective order.

3

4  DATED:  January 3, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

5

6                                                  By_Michael Zeller (by Heidi Frahn)

7                                                      Michael T. Zeller
                                                        Attorneys for Mattel, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 14

CALENDARED

**RECEIVED**

**JAN 0 8 2009**

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                            Date: January 6, 2009

Title:    MATTEL, INC. V. MGA ENTERTAINMENT, INC., et al.
====================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

James Holmes                          None Present
Courtroom Deputy Clerk                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                          None Present

PROCEEDINGS:    ORDER APPOINTING DISCOVERY MASTER

As in Phase 1 of this case, the Court intends to appoint a Discovery Master to govern any
discovery disputes that might arise in Phase 2 of this case.  The appointment of the Discovery
Master was made at the joint request of the parties in this case.  See Stipulation for Appointment of
a Discovery Master and Order, December 6, 2006.

Pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), the Court continues to believe that
a Discovery Master, as opposed to the assigned Magistrate Judge, is necessary to address what
MGA has aptly described to the Court as "the massive administrative burdens in time and labor
necessary to deal with the enormous complexities, both legal and practical, of the issues in Phase
2" and the "sheer volume of complex civil discovery disputes likely to arise in Phase 2."  Based on
the Court's experience in this case, there is no question that a Discovery Master is needed to
"effectively and timely" address the anticipated discovery matters in this case.

The Court previously submitted to all counsel of record the names of eight attorneys for
consideration by the parties and invited counsel to submit, in camera, any objections to those
attorneys to serve as a Discovery Master (or as a Special Master to oversee the implementation of
the permanent injunction, if needed).  The Court has carefully considered the objections submitted.
Two of the individuals named were not the subject of an objection by any party.  Of those two, the
Court selects Robert C. O'Brien of Arent, Fox to serve as Discovery Master for Phase 2 of this

MINUTES FORM 90                                          Initials of Deputy Clerk: jh
CIVIL -- GEN                          1

01-06                          Exhibit 14  Page 222

case.

The Discovery Master will serve under the terms and conditions of the Stipulation and Order dated December 6, 2006, the terms and conditions of which were previously agreed to by the parties. The stay on discovery for Phase 2 of this case is hereby VACATED.

Notwithstanding the parties' stated lack of objection to the appointment of Mr. O'Brien as Discovery Master, the Discovery Master is directed to promptly disclose to counsel for all parties any potential grounds for conflict of interest or disqualification, and the parties shall, within three days of receipt of said disclosure, submit any objection to the Court in camera.  A failure to object will be deemed by the Court as a waiver of any objections and consent to Mr. O'Brien to serve as Discovery Master.  The Discovery Master is further directed to contact counsel for all parties and resolve any and all outstanding discovery motions as expeditiously as possible.

IT IS SO ORDERED.

Exhibit 14  Page 223

Date Transmit. .:        1/6/2009 3:00:50 PM

2:04-cv-9049  Doc: 4640


Melissa  Grant
Quinn Emanuel Urquhart Oliver and Hedges
865 South Figueroa Street, 10th Fl
Los Angeles, CA   90017-2543


Number of Pages:        2


*It is hereby certified that this document was served by first class mail postage prepaid or by fax or e-mail delivery to counsel (or parties) at their respective address or fax number or e-mail address of record.*

Exhibit 14  Page 224

From:cacd_ecfmail@ cd.uscourts.gov

To:ecfnef@cacd.uscourts.gov

Bcc: johnquinn@quinnemanuel.com , randaosman@quinnemanuel.co
m , amorgenthaler@chrisglase.com , rkennedy@skadden.com , tn
olan@skadden.com , carl.roth@skadden.com , marcus.mumford@sk
adden.com , eherich@kmwlaw.com , timalger@quinnemanuel.com ,
 joncorey@quinnemanuel.com , michaelzeller@quinnemanuel.com
, burrow@caldwell-leslie.com , wilson@caldwell-leslie.com ,
popescu@caldwell-leslie.com , kenneth.plevan@skadden.com , d
rogosa@skadden.com , sumclaug@skadden.com , acote@obsklaw.co
m , feseroma@obsklaw.com , marina.bogorad@skadden.com , dyla
nproctor@quinnemanuel.com , westonreid@quinnemanuel.com , st
ankaras@quinnemanuel.com , gayleduran@quinnemanuel.com , sgi
zer@glaserweil.com , robynaronson@dwt.com , frankromero@dwt.
com , cdowell@kmwlaw.com , cyrusnaim@quinnemanuel.com , leah
@spertuslaw.com , mikelly@skadden.com , sandyweisburst@quinn
emanuel.com , nef@cacd.circ9.dcn , obrien.robert@arentfox.co
m , prosper.pierre@arentfox.com , barbara_north@cacd.uscourt
s.gov , dscheper@obsklaw.com,feseroma@obsklaw.com_sumry,  l
mcfarland@kmwlaw.com,  moverland@obsklaw.com,jhibino@obsklaw
.com_sumry,  jrussell@skadden.com,allison.velkes@skadden.com
_sumry,  tholen@caldwell-leslie.com,mejia@caldwell-leslie.co
m,wilson@caldwell-leslie.com,  dwinthrop@howardrice.com,  di
anehutnyan@quinnemanuel.com,andreahoeven@quinnemanuel.com,
dhansen@skadden.com,  alexstolyar@quinnemanuel.com,  crd_blo
ck@cacd.uscourts.gov,crd_block@cacd.uscourts.gov_sumry,  crd
_larson@cacd.uscourts.gov,kathie_pimentel@cacd.uscourts.gov_
sumry,crd_larson@cacd.uscourts.gov_sumry,  crd_larson@cacd.u
scourts.gov,kathie_pimentel@cacd.uscourts.gov_sumry,crd_lars
on@cacd.uscourts.gov_sumry, Prosper.Pierre@Arentfox.com, Bar
bara_North@cacd.uscourts.gov,

Jerome B FalkHoward Rice Nemerovski Canady Falk & Rabkin3 Em
barcadero Ctr  7th FlSan Francisco CA 94111-4024,

Kien C TietStern and Goldberg6345 Balboa Boulevard, Suite 20
0Encino CA 91316,

Lauren E AguiarSkadden Arps Slate Meagher & Flom1440 New Yor
k AveWashington DC 20005-2111,

Melissa  GrantQuinn Emanuel Urquhart Oliver and Hedges865 So
uth Figueroa Street, 10th FlLos Angeles CA 90017-2543,

Cheryl  PlambeckDavis & Gilbert LLP1740 BroadwayNew York NY
10019US,

Amy R SabrinSkadden Arps Slate Meagher & Flom LLP1440 New Yo
rk Avenue NWWashington DC 20005-2111US,

David W FosterSkadden Arps Slate Meagher & Flom LLP1440 New

Exhibit 14 Page 225

Peter H BonisPeter . Bonis Law Offices1990 N California Blvd, 8th FloorWalnut Creek CA 94596US
Message-Id:
Subject:Activity in Case 2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc Order
Content-Type: text/html***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.'
UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
Notice of Electronic Filing


The following transaction was entered  on 1/6/2009 at 2:31 PM PST and filed
on 1/6/2009


Case Name:
Carter Bryant v. Mattel Inc
Case Number:2:04-cv-9049

Filer:

Document Number:

<a href=https://ecf.cacd.uscourts.gov/doc1/03107239590?magic_num=MAGIC&de_seq_num=14130&caseid=167222
>4640


Docket Text:

Exhibit 14 Page 226

: [re Order extend. g
time [4503], Stipulation for Extension of Time to File, [449
0]; the Court
selects Robert C. O&#039;Brien of Arent, Fox to serve as Dis
covery Master
for Phase 2 of this case.  The stay on discovery for Phase 2
 of this case
is hereby VACATED.  Notwithstanding the parties&#039; stated
 lack of objection
to the appointment of Mr. O&#039;Brien as Discovery Master,
the Discovery
Master is directed to promptly disclose to counsel for all p
arties any potential
grounds for conflict of interest or disqualification, and th
e parties shall,
within three days of receipt of said disclosure, submit any
objection to
the Court in camera.  A failure to object will be deemed by
the Court as
a waiver of any objections and consent to Mr. O&#039;Brien t
o serve as Discovery
Master.  The Discovery Master is further directed to contact
 counsel for
all parties and resolve any and all outstanding discovery mo
tions as expeditiously
as possible. See order for complete text.  (jh)


2:04-cv-9049 Notice has been electronically mailed to:


John B Quinn        johnquinn@quinnemanuel.com

Randa A F Osman        randaosman@quinnemanuel.com

David C Scheper        dscheper@obsklaw.com,feseroma@obsklaw.co
m_sumry

Exhibit 14 Page 227

Larry W McFarland        lmcfarland@kmwlaw.com

Raoul D Kennedy         rkennedy@skadden.com

Mark E Overland         moverland@obsklaw.com,jhibino@obsklaw.co
m_sumry


Thomas J Nolan          tnolan@skadden.com,carl.roth@skadden.com
,marcus.mumford@skadden.com


Emil W Herich           eherich@kmwlaw.com

Jason D Russell         jrussell@skadden.com,allison.velkes@skad
den.com_sumry


Timothy L Alger          timalger@quinnemanuel.com

Sandra L Tholen         tholen@caldwell-leslie.com,mejia@caldwel
l-leslie.com,wilson@caldwell-leslie.com


Jon D Corey        joncorey@quinnemanuel.com

Douglas Andrew Winthrop        dwinthrop@howardrice.com

Michael T Zeller          michaelzeller@quinnemanuel.com

Linda M Burrow         burrow@caldwell-leslie.com,wilson@caldwe
ll-leslie.com,popescu@caldwell-leslie.com


Diane C Hutnyan         dianehutnyan@quinnemanuel.com,andreahoev
en@quinnemanuel.com


Kenneth A Plevan         kenneth.plevan@skadden.com,drogosa@ska
dden.com,sumclaug@skadden.com

Exhibit 14 Page 228

Marina Vladimir Bogorad        marina.bogorad@skadden.com

Brett Dylan Proctor        dylanproctor@quinnemanuel.com,westo
nreid@quinnemanuel.com


Stan   Karas        stankaras@quinnemanuel.com,gayleduran@quinn
emanuel.com,westonreid@quinnemanuel.com


Scott E Gizer        sgizer@glaserweil.com

David W Hansen        dhansen@skadden.com

Robyn   Aronson        robynaronson@dwt.com,frankromero@dwt.com


Oleg   Stolyar        alexstolyar@quinnemanuel.com

Christian C Dowell        cdowell@kmwlaw.com

Cyrus S Naim        cyrusnaim@quinnemanuel.com

Leah Chava Gershon        leah@spertuslaw.com

Michael P Kelly        mikelly@skadden.com

Sanford I Weisburst        sandyweisburst@quinnemanuel.com



2:04-cv-9049 Notice has been delivered by First Class U. S.
Mail or by
fax to: :



Jerome B Falk
Howard Rice Nemerovski Canady Falk & Rabkin
3 Embarcadero Ctr   7th Fl
San Francisco CA 94111-4024

Exhibit 14 Page 229

Kien C Tiet
Stern and Goldberg
6345 Balboa Boulevard, Suite 200
Encino CA 91316


Lauren E Aguiar
Skadden Arps Slate Meagher & Flom
1440 New York Ave
Washington DC 20005-2111


Melissa  Grant
Quinn Emanuel Urquhart Oliver and Hedges
865 South Figueroa Street, 10th Fl
Los Angeles CA 90017-2543


Cheryl  Plambeck
Davis & Gilbert LLP
1740 Broadway
New York NY 10019
US

Amy R Sabrin
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington DC 20005-2111
US

David W Foster
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington DC 20005-2111
US

Peter H Bonis
Peter H. Bonis Law Offices
1990 N. California Blvd, 8th Floor
Walnut Creek CA 94596
US

Exhibit 14 Page 230

# Exhibit 15

1              UNITED STATES DISTRICT COURT

2              CENTRAL DISTRICT OF CALIFORNIA

3                   EASTERN DIVISION

4                     - - -

5       HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                     - - -

7   MATTEL, INC.,                    )
                                     )
8                  Plaintiff,        )
                                     )
9           vs.                      )    No. CV 04-09049
                                     )
10  MGA ENTERTAINMENT, INC., ET. AL.,)
                                     )
11                 Defendants.       )
    _____)    Motions
12  AND CONSOLIDATED ACTIONS,        )
                                     )
13  _____)

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                Riverside, California

17             Wednesday, February 11, 2009

18                   10:03 A.M.

19

20

21

22

23            THERESA A. LANZA, RPR, CSR
            Federal Official Court Reporter
24            3470 12th Street, Rm. 134
            Riverside, California   92501
25                951-274-0844
              WWW.THERESALANZA.COM

```
 1   APPEARANCES:

 2   ON BEHALF OF MATTEL, INC.:

 3                        QUINN EMANUEL
                          By:  JOHN QUINN
 4                             DYLAN PROCTOR
                               MICHAEL T. ZELLER
 5                        865 S. FIGUEROA STREET,
                          10TH FLOOR
 6                        LOS ANGELES, California  90017
                          213-624-7707
 7

 8   ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
     (Outgoing)
 9                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                          BY:  THOMAS J. NOLAN
10                             JASON RUSSELL
                          300 SOUTH GRAND AVENUE
11                        LOS ANGELES, CALIFORNIA  90071-3144
                          213-687-5000
12

13   ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
     (Incoming)
14                        GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
                          BY:  JOEL KLEVENS
15                        10250 Constellation Boulevard
                          Los Angeles, California  90067
16                        310-553-3000

17                        MITCHELL, SILBERBERG & KNUPP LLP
                          BY:  RUSSELL J. FRACKMAN
18                        11377 West Olympic Boulevard,
                          Los Angeles, California  90064-1683
19                        310-312-2000

20

21   ON BEHALF OF DEFENDANT GUSTAVO MACHADO:

22                        OVERLAND BORENSTEIN SCHEPER & KIM LLP
                          BY:  ALEXANDER H. COTE
                          601 West Fifth Street,
23                        12th Floor
                          Los Angeles, California  90071
24                        213-613-4660

25   / / /
```

:dnesday, February 11, 2009                    Mattel vs. MGA Entertainmer

Exhibit 15 Page 232

```
 1                        I N D E X  (Continued)

 2

 3    APPEARANCES (continued):

 4
      On behalf of OMNI 808:
 5

 6                         BINGHAM McCUTCHEN LLP
                           BY:  Todd E. Gordinier
 7                         600 Anton Boulevard
                           Costa Mesa, CA  92626-1924
 8                         714-830-0622

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    The question for the discovery master will be whether

2    or not the disputed discovery request is related or relevant to

3    the trial that has now been scheduled for March or not.  I can

4    see tremendous overlap between, for example, discovery on

5    financial condition of the company as it relates to damages in        02:42

6    the Phase 2 and also issues that the receiver is looking at.

7    And without making a ruling on any of this, I would not suggest

8    for a moment that these are mutually exclusive categories.

9          MR. RUSSELL:  They may not be, Your Honor.  That's

10   the reason why Mr. O'Bryan in the first instance should deal        02:42

11   with it.  Because if you take it the way we take it, this might

12   not be Phase 2 discovery.

13         THE COURT:  You can make that argument to

14   Mr. O'Bryan.

15         MR. RUSSELL:  Thank you, Your Honor.                          02:43

16         MR. ZELLER:  And just so it's clear, what Mr. Russell

17   is articulating is a basis as to why MGA has refused to give us

18   any financial --

19         THE COURT:  Mr. Zeller, I'm going to cut you off

20   here.  Take that up with the Discovery Master.  I don't mean to     02:43

21   cut you off, but I think I made my position as clear as I can

22   today that there is nothing from this Court which is precluding

23   any discovery that is properly sought for the trial that is

24   scheduled.

25         Whatever has happened has happened and we need to            02:43

Exhibit 15 Page 234

```
 1    move forward.

 2              MR. ZELLER:  Thank you, Your Honor.

 3              THE COURT:  Thank you, counsel.

 4              MR. FRACKMAN:  I'm last, and I think I'll be the

 5    shortest.  On the issue of streamlining discovery, I've read      02:43

 6    the Court's prior orders concerning the number of depositions,

 7    for example, and I confess, I'm a bit confused.

 8              We would request from the Court that there be a

 9    reasonable limit placed on Phase 2 depositions.  I don't know

10    whether that comes to Your Honor or whether that goes to the      02:44

11    discover referee.

12              THE COURT:  In the first instance, that would go to

13    the discovery referee.  The limits that were placed were limits

14    that were placed on the earlier discovery phase.

15              To be clear again, I have placed no limits, no          02:44

16    restrictions, other than what is set forth in the rules of

17    civil procedure and in local rule 37 on discovery from this

18    point until March 23rd.

19              If the parties wish to stipulate, they may.  If the

20    parties think that the Court needs to be involved in this in      02:44

21    the first instance, that needs to go to the Discovery Master.

22              MR. FRACKMAN:  I think we're prepared to follow the

23    federal rules, Your Honor.  Thank you.

24              THE COURT:  Very good.

25              MR. ZELLER:  I feel like I'm being more difficult at    02:44
```

:dnesday, February 11, 2009                    Mattel vs. MGA Entertainme

Exhibit 15 Page 235

1    the end than I should be.

2          Just so it's clear, because as I understood it,

3    there, of course, are the limits under the Federal Rules of ten

4    depositions.  We, of course, have -- and I thought that the

5    parties --                                                          02:45

6          THE COURT:  You did more than ten depositions.

7          MR. ZELLER:  Correct.  And I think both sides have.

8          THE COURT:  Yes.

9          MR. ZELLER:  Or then there were limits the Court did

10   put on the case, as we understood it; I want to say the number     02:45

11   was 24, but I could be off slightly, that the Court did modify

12   the limits already.

13         THE COURT:  I allowed for additional depositions.

14   But those were all in the context of the first phase.  We now

15   have new counsel coming in.  I'm certainly not going to suggest    02:45

16   you're all done with discovery.

17         MR. ZELLER:  Absolutely.

18         THE COURT:  Maybe I should.  Maybe I should say the

19   limits have all been filled in spades and we're done and let's

20   go to trial.                                                        02:45

21         MR. ZELLER:  That's what I'm trying to understand is

22   is the Court's view on this, because the Court had

23   previously -- and I don't recall the mechanics of how we got

24   there, but the Court essentially increased the limit to, I

25   think, 24.                                                          02:45

Exhibit 15 Page 236

```
 1    we'll go from there.

 2                MR. ZELLER:   Thank you.

 3                THE COURT:   Anything further?

 4                Thank you.   Good day.

 5

 6

 7

 8

 9

10                         CERTIFICATE

11

12    I hereby certify that pursuant to section 753, title 28, United
      States Code, the foregoing is a true and correct transcript of
13    the stenographically recorded proceedings held in the above-
      entitled matter and that the transcript page format is in
14    conformance with the regulations of the Judicial Conference of
      the United States.

15

16    _____        _____
      THERESA A. LANZA, CSR, RPR                    Date
17    Federal Official Court Reporter

18

19

20

21

22

23

24

25
```

# Exhibit 16

LAW OFFICES

**GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP**

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

March 25, 2009

Tir MERITAS LAW FIRMS WORLDWIDE

VIA E-MAIL & FACSIMILE

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

     Re:   *Mattel, Inc.v. MGA Entertainment, Inc., et al.*

Dear Counsel:

     I am writing to request a meet and confer pursuant to paragraph 5 of the Discovery Master Order and Local Rule 37-1 in connection with Mattel's responses to the following written discovery:

**MGA Entertainment, Inc.'s Second Set of Requests for Production
of Documents and Things in Case No. 05-2727:**

Request for Production No. 137
     DOCUMENTS sufficient to identify by name and title PERSONS WITH knowledge of alleged copying, taking, accessing or modification of proprietary MATTEL DOCUMENTS by MACHADO, TRUEBA AND VARGAS.

Request for Production No. 146
     All DOCUMENTS REFERRING OR RELATING TO the events described in paragraph 53 of YOUR COUNTERCLAIMS regarding MATTEL's notification of Mexican authorities about the alleged theft of MATTEL's trade secret and confidential information, including but not limited to affidavits, declarations, complaints, and evidence filed with the Mexican authorities.

671042

Exhibit 16  Page 238

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 2

Request for Production No. 148
       All DOCUMENTS REFERRING OR RELATING TO MATTEL's involvement in the
seizure of materials at the facilities of MGAE de Mexico, S.R.L. de C.V. in Mexico City by
Mexican authorities.

Request for Production No. 153
       All DOCUMENTS REFERRING OR RELATING TO whether the 2004 Sales Plan
referred to in paragraph 62 of YOUR COUNTERCLAIMS was public information or contained
public information.

Request for Production No. 154
       All DOCUMENTS REFERRING OR RELATING TO PERSONS who had access to the
2004 Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS.

Request for Production No. 157
       DOCUMENTS sufficient to identify by name, title and telephone number MATTEL
employees whom BRAWER allegedly contacted after his resignation from MATTEL, as alleged
in paragraph 69 of YOUR COUNTERCLAIMS.

Request for Production No. 158
       All DOCUMENTS REFERRING OR RELATING TO BRISBOIS' MATTEL exit
interview, including but not limited to reports, memoranda, notes, and recording of or
RELATING TO the exit interview. ·

Request for Production No. 160
       All DOCUMENTS REFERRING OR RELATING TO the events alleged in paragraph 75
of YOUR COUNTERCLAIMS regarding MATTEL's notification of Canadian law enforcement
authorities about BRISBOIS' alleged theft of MATTEL's trade secret and confidential
information, including but not limited to affidavits, declarations, complaints, and evidence filed
with the Canadian law enforcement authorities.

Request for Production No. 162
       All DOCUMENTS REFERRING OR RELATING TO MATTEL's involvement in the
seizure by Canadian law enforcement authorities of a thumb drive from BRISBOIS referenced in
paragraph 75 of YOUR COUNTERCLAIMS.

Request for Production No. 174
       All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 90
of YOUR COUNTERCLAIMS regarding MGA's alleged racketeering activity for the purpose of

671042

Exhibit 16  Page 239

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 3

executing and attempting to execute a scheme to improperly defraud MATTEL and steal MATTEL's trade secret.

Request for Production No. 175
All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 90 of YOUR COUNTERCLAIMS regarding MGA's alleged willful conduct for the purpose of executing and attempting to execute a scheme to improperly defraud MATTEL and steal its trade secret.

Request for Production No. 176
All DOCUMENTS REFERRING OR RELATING TO how access to MATTEL's confidential information is controlled, including but not limited to DOCUMENTS CONTAINING MATTEL's policy with respect to confidential information, sign-in and sign-out sheets for access to confidential information, logs of PERSONS who access confidential information ,and procedures for accessing confidential information.

Request for Production No. 177
All DOCUMENTS REFERRING OR RELATING TO the steps and procedures that MATTEL takes to keep MATTEL's confidential information confidential.

Request for Production No. 178
All DOCUMENTS REFERRING OR RELATING TO any investigation, surveillance, inspection, inquiry, survey or analysis into the activities, including but not limited to electronic and computer related activities, alleged in YOUR COUNTERCLAIMS.

### MGA's Fifth Set of Requests for Production of Documents and Things in Case No. 05-2727:

Request for Production No. 486
All DOCUMENTS REFERRING OR RELATING TO YOUR or YOUR attorney's or agent's knowledge of or participation in the investigation or search of MGAE de Mexico, S.R.L. de C.V. in Mexico City.

Request for Production No. 488
All DOCUMENTS REFERRING OR RELATING TO YOUR knowledge that any of the items seized by Mexican authorities from MGAE de Mexico, S.R.L. de C.V. in Mexico City were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary.

671042

Exhibit 16  Page 240

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 4

Request for Production No. 489
        All DOCUMENTS REFERRING OR RELATED TO YOUR or YOUR attorney's or agent's knowledge of or participation in the seizure of Brisbois' thumb drive by Canadian law enforcement.

Request for Production No. 491
        All DOCUMENTS REFERRING OR RELATED TO YOUR knowledge that any of the items seized by Canadian authorities from Brisbois' thumb drive were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary.

### MGA's Seventh Set of Requests for the Production of Documents and Things in Case No. 05-2727:

Request for Production No. 759
        All DOCUMENTS REFERRING OR RELATING TO the departure of Jorge Castilla from MATTEL, including but not limited to any MATTEL exit interview forms, surveys, questionnaires, agreements, or other documents Castilla completed on or near the date of his departure from MATTEL.

Request for Production No. 760
        All DOCUMENTS REFERRING OR RELATING TO MGA's recruitment or hiring of Jorge Castilla, including but not limited to all employment agreements and any agreements relating to confidentiality or non-disclosure of MATTEL information.

Request for Production No. 761
        All DOCUMENTS REFERRING OR RELATING TO any taking of confidential or proprietary MATTEL information by Jorge Castilla, including bit not limited to forensic reports, Guidance software reports, or computer imaging reports.

### MGA's Second Set of Interrogatories to Mattel, Inc.:

Interrogatory No. 20
        IDENTIFY with specificity each ALLEGED TRADE SECRET, including the IDENTITY of each DOCUMENT that embodies or REFERS OR RELATES to each ALLEGED TRADE SECRET.

Interrogatory No. 21
        IDENTIFY each PERSON who has had access to each ALLEGED TRADE SECRET, including (a) the ALLEGED TRADE SECRET each PERSON had access to; and (b) the date or dates each PERSON had this access.

671042

Exhibit 16  Page 241

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 5

Interrogatory No. 22
        STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that MGA
misappropriated any ALLEGED TRADE SECRET.

Interrogatory No. 23
        STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that the
ALLEGED TRADE SECRETS are protectable.

Interrogatory No. 28
        Describe in detail the complete factual basis for YOUR COUNTERCLAIMS, including,
without limitation all facts, DOCUMENTS, and witnesses that REFER OR RELATE TO YOUR
COUNTERCLAIMS.

Interrogatory No. 29
        Describe in detail any estimate or calculation of damage, loss, injury, or unjust
enrichment, by reason of any act or omission alleged in YOUR COUNTERCLAIMS, that YOU
have made or that has been made on YOUR behalf or at YOUR request, including all facts,
DOCUMENTS or witnesses RELATING TO each estimate or calculation.

        With respect to all of the above referenced requests for production, Mattel has only
objected and has not agreed to produce any responsive documents.  With respect to Interrogatory
Nos. 20-23 and 28, Mattel has asserted objections only and has not provided any substantive
responses.  In response to Interrogatory No. 29, Mattel responded on March 5, 2008, that "[a]s to
Mattel's Phase II counterclaims, Mattel has not yet computed its damages.... Mattel reserves the
right to supplement this response once Phase II discovery resumes and Mattel receives the
necessary information...."

        Documents and information responsive to each of the above requests are directly and
clearly relevant to the issues to be litigated in Phase II.  Moreover, based on the finding in
Discovery Master O'Brien's Order No. 6 that "MGA has made a prima facie case that the
Requests seeking the documents Mattel provided to law enforcement officials, as well as Mattel's
communications with those officials, are reasonably calculated to lead to the discovery of
admissible evidence regarding the claims to be adjudicated in Phase 2" and that such documents
"are not protected from disclosure under any of the privileges or doctrines cited by
Mattel," Mattel's objections to discovery requests pertaining to any law enforcement
investigation of Mattel's claims of trade secret theft, such as Requests for Production Nos. 146,
160, 162, 486 and 488, are without merit.

        Please let us know if Mattel is willing to supplement its responses to any of these
discovery requests and/or when you are available to meet and confer regarding these requests.

671042

Exhibit 16  Page 242

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 6


Should we fail to reach agreement on the nature and scope of supplemental responses to be
provided by Mattel, we anticipate promptly filing a motion to compel the production of
documents and substantive responses.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS
& SHAPIRO, LLP


cc:   Patricia Benson, Esq.
      Jean Nogues, Esq.
      Russell Frackman, Esq.
      Joel Klevens, Esq.
      Amman Khan, Esq.


671042

Exhibit 16  Page 243

# Exhibit 17

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

April 16, 2009

<u>VIA ELECTRONIC MAIL AND FAX</u>

Caroline H. Mankey, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:   <u>Mattel v. MGA Entertainment, Inc., et al.</u>

Dear Caroline:

I write to memorialize our telephone call of this afternoon regarding certain MGA Requests for
Production and Interrogatories.  As I described to you over the phone, we have agreed:

- For Request for Production Nos. 146, 160, 174, and 175 (Second Set), and 488
  and 491 (Fifth Set), Mattel will produce non-privileged documents responsive to
  these requests, if any, that Mattel has been able to locate after a diligent search
  and reasonable inquiry, to the extent not previously produced.

- For Request for Production Nos. 148 and 162 (Second Set), and 486 and 489
  (Fifth Set), Mattel will produce responsive, non-privileged documents regarding
  Mattel's communications with law enforcement personnel that are in Mattel's
  possession, custody, or control, if any, that Mattel has been able to locate after a
  diligent search and reasonable inquiry, to the extent not previously produced.

- For Request for Production No. 153 (Second Set), Mattel will produce responsive,
  non-privileged documents relating to the trade secret/confidential nature of the
  2004 Sales Plan, including any documents relating to it being or containing
  purportedly public information, that are in Mattel's possession, custody, or
  control, if any, that Mattel has been able to locate after a diligent search and
  reasonable inquiry, to the extent not previously produced.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, Illinois 60606-6301 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG , United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

Exhibit 17   Page 242

Caroline Mankey, Esq.
April 16, 2009

- For Request for Production Nos. 176 and 177 (Second Set), Mattel will produce responsive, non-privileged documents that relate to the trade secrets and confidential information at issue in this case and to the policies and procedures applied in the U.S., Mexico and Canada with respect to those trade secrets and confidential information, that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

- For Request for Production No. 178 (Second Set), Mattel will produce responsive, non-privileged documents relating to the discovery of MGA's thefts of trade secret and other confidential Mattel information that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

Also, as we discussed, with respect to Request for Production Nos. 759, 760, 761 (Fifth Set) and 158 (Second Set), Mattel already agreed to produce documents in prior responses and in response to the question you posed today about Request No. 158, we do not know of any responsive documents that have not been produced but we will supplement our production in the event that any additional documents are located.

With respect to Requests for Production Nos. 137 and 157 (Second Set), I explained that Mattel's previously produced documents, interrogatory responses and Initial Disclosures already reflect the universe of people with non-privileged information sought in these requests. Further, we had previously discussed whether No. 137 could be construed as incorporating documents reflecting that the persons had the knowledge of alleged copying, taking, accessing or modification of proprietary Mattel documents by Machado, Trueba, and Vargas, and whether No. 157 could be construed as reflecting the contacts that Brawer with the persons after his resignation from Mattel, and you had said MGA would be willing to narrow the requests to just seek those documents. Mattel has considered that suggestion, and while we disagree as to whether these particular requests necessarily encompass such documents, we believe all such documents have been produced anyway. As a result, I believe these requests are resolved. I suggested that you look at the information already provided and let me know what, if anything, you believe you still need to resolve these two requests. Please confirm that we have agreement on that approach.

With respect to Request for Production No. 154, concerning documents referring or relating to those who had access to the 2004 Sales Plan, we discussed whether MGA means by "access" those who actually accessed the Sales Plan, or those who have access in some more technical, theoretical way. Your understanding was that the requests seeks to identify all the people who actually accessed the document, but you told me you would find out from your team whether that was the case. Also, I raised the issue that the number of people with access can change over time, and that the content of the document itself can change over time. As to the latter, Mattel understands the Request to refer to the version(s) of the document that were actually taken.

2

Exhibit 17 Page 245

Caroline Mankey, Esq.
April 16, 2009

Mattel is also wondering what MGA has in mind in terms of temporal scope. We do not agree
that all post-theft access to the document is relevant in all cases to a trade secret misappropriation
claim, but we understand your position that some post-theft access may be relevant and are
willing to consider producing items within a reasonable post-theft time period. Please forward
any authority that would help us determine what is the proper time period to apply. Also, I noted
that Request No. 154 as drafted would include access by lawyers, investigators, court personnel
and government personnel as a result of MGA's theft. It did not sound from what you had told
me that this is the information MGA seeks. With respect to these issues, you told me that you
would get back to me so that we can work out a way to get MGA the information it needs.

With respect to Interrogatories 20 and 22, we discussed MGA's view that the information
contemplated by these interrogatories is difficult to recognize in the responses to Interrogatory
Nos. 1 and 2. While we don't necessarily agree with MGA on the point, we nevertheless will
supplement both of these interrogatories in an effort to resolve this. Mattel will also supplement
its responses to Interrogatory Nos. 21, 23, 28, and 29.

This covers all of the Requests for Production and Interrogatories identified in your original meet
and confer letter of March 25, 2009. We plan to make all these supplementations and any
supplementary production by May 14, which was the date that you proposed.

Sincerely,

/s/

Diane C. Hutnyan

cc: Jason Russell, Esq.
07975/2890452.1

3

Exhibit 17  Page 246