# Exhibit 18

OLENDARED
RECEIVED

APR 1 5 2009

1   PATRICIA L. GLASER (Bar No. 055668)
    pglaser@glaserweil.com
2   GLASER WEIL FINK JACOBS & SHAPIRO
    10250 Constellation Blvd., 19th Floor
3   Los Angeles, California 90067
    Telephone: (310) 553-3000
4   Facsimile: (310) 557-9815

5   RUSSELL J. FRACKMAN (Bar No. 49087)
    rjf@msk.com
6   PATRICIA H. BENSON (Bar No. 60565)
    phb@msk.com
7   JEAN P. NOGUES (Bar No. 84445)
    jpn@msk.com
8   MITCHELL SILBERBERG & KNUPP LLP
    11377 West Olympic Boulevard
9   Los Angeles, California 90064-1683
    Telephone: (310) 312-2000
10  Facsimile: (310) 312-3100

11  Attorneys for Plaintiffs
    MGA Entertainment, Inc., MGA Entertainment HK,
12  Ltd., MGAE De Mexico S.R.L. De C.V and Isaac
    Larian

13

14

15                   UNITED STATES DISTRICT COURT

16                  CENTRAL DISTRICT OF CALIFORNIA

17                         EASTERN DIVISION

18  CARTER BRYANT, an individual,,        CASE NO.   CV 04-9049 SGL (RNBx)

19          Plaintiff,                    Consolidated with
                                          Case No. CV 04-09059
20      v.                                Case No. CV 05-02727

21  MATTEL, INC., a Delaware corporation,,  **MGA ENTERTAINMENT, INC.'S**
                                          **FIRST SET OF PHASE 2**
22          Defendant.                    **INTERROGATORIES TO MATTEL,**
                                          **INC.**
23  AND CONSOLIDATED CASES

24

25

26  PROPOUNDING PARTY: MGA Entertainment, Inc.

27  RESPONDING PARTY:   Mattel, Inc.

28  SET NO.             One (Phase Two) [Nos. 1-14]

Mitchell
Silberberg &
Knupp LLP
2189397.1

                            4-14

        MGA'S FIRST SET OF INTERROGATORIES (PHASE 2)

Exhibit 18   Page 247

1    Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 33-1, *et seq.*,

2    plaintiff MGA Entertainment, Inc. hereby requests that defendant Mattel, Inc.

3    individually answer the following Interrogatories separately and fully, in writing and under

4    oath, within 30 days after service hereof.  Mattel, Inc. shall be obligated to supplement its

5    responses to the Interrogatories at such times and to the extent required by the Federal

6    Rules of Civil Procedure.

7

8    **DEFINITIONS**

9

10    1.    "AFFILIATES" means any and all corporations, proprietorships,

11    d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

12    indirectly, in whole or in part, own or control, are under common ownership or control with,

13    or are owned or controlled by a PERSON, party or entity, including without limitation

14    each parent, subsidiary and joint venture of such PERSON, party or entity.

15    2.    "ANY" as used in these interrogatories includes the word "all," and

16    the word "all" as used in these interrogatories includes the word "any."

17    3.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

18    "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

19    Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to,

20    all writings and records of every type and description including, but not limited to,

21    contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail

22    ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any

23    kind, statements, reports, minutes, recordings, transcripts and summaries of meetings,

24    voice recordings, pictures, photographs, drawings, electronically stored information,

25    computer cards, tapes, discs, printouts and records of all types, studies, instruction

26    manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks

27    and every other device or medium by which or through which information of any type is

28    transmitted, recorded or preserved. Without any limitation on the foregoing, the term

Mitchell
Silberberg &
Knupp LLP

2189397.1

2

1   "DOCUMENT" shall include all copies that differ in any respect from the original or

2   other versions of the DOCUMENT, including, but not limited to, all drafts and all copies

3   of such drafts or originals containing initials, comments, notations, insertions,

4   corrections, marginal notes, amendments or any other variation of any kind.

5          4.      "MATTEL DOCUMENTS" means the DOCUMENTS identified by

6   Bates Number in Definition No. 25, at 7:3-9:9, of Mattel, Inc.'s Supplemental

7   Interrogatories served on MGA on or about January 9, 2008, a copy of which is attached

8   hereto as Exhibit 1, and ANY other DOCUMENT MATTEL alleges that MGA stole,

9   wrongfully obtained or took, or otherwise obtained by IMPROPER MEANS from

10  MATTEL, regardless of whether MATTEL contends ANY such DOCUMENT

11  constitutes or contains a TRADE SECRET.

12         5.      "IDENTIFY" means the following:

13                 (a)    with reference to an individual or individuals, means to state,

14  fully and separately as to each, such individual's full name, any known business title,

15  current or last known business affiliation, current or last known residential address,

16  current or last known business address, current or last known relationship to MATTEL,

17  and current or last known telephone number.

18                 (b)    with reference to an entity or entities, means to state, fully

19  and separately as to each, such entity's full name, state (or country) of incorporation or

20  organization, present or last known address, and present or last known telephone number.

21                 (c)    with reference to any alleged TRADE SECRET, means to

22  describe and state, in detail and fully and separately as to each, the information, formula,

23  pattern, compilation, program, device, method, technique, or process claimed by

24  MATTEL to be a TRADE SECRET, and with sufficient specificity to differentiate each

25  such TRADE SECRET from public and/or non-proprietary information.

26                 (d)    with reference to any other DOCUMENT or DOCUMENTS,

27  means to describe each DOCUMENT by Bates number.  In the event that a

28  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each

Mitchell
Silberberg &
Knupp LLP

2189397.1

3

Exhibit 18  Page 249

1   such DOCUMENT, to provide a complete description of it such that it may be the subject

2   of a request for the production of documents, including by stating the date, identity of the

3   author, addressee(s), signatories, parties, or other PERSONS identified therein, its present

4   location or custodian and a description of its contents.

5           (e)    with reference to any MATTEL PRODUCT, means to

6   IDENTIFY the specific MATTEL PRODUCT by name, model or product number, and

7   SKU number if different from the model or product number, and

8           (f)    with reference to any alleged damage, state the amount of

9   such damage and describe completely and in detail how YOU calculate the amount of

10   damage YOU contend YOU have suffered; and

11           (g)    with reference to any alleged act or omission, state: (a) the act

12   or omission; (b) the PERSONS who committed or were involved with the act or omission

13   as a principal; (c) the PERSONS who committed or were involved with the act or

14   omission as an aider or abettor; (d) the date of the act or omission; (e) the place of the act

15   or omission; (f) the PERSONS harmed by the act or omission; (g) PERSONS who have

16   knowledge of the act or omission; (h) the federal statute listed in 18 U.S.C. § 1961(1)

17   which YOU allege was violated by the act or omission; and (i) the nature of the harm that

18   resulted from the act or omission..

19          6.    "IMPROPER MEANS" shall have the definition given such term in

20   California Civil Code §3426.1(a), as follows: "'Improper means' includes theft, bribery,

21   misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or

22   espionage through electronic or other means.  Reverse engineering or independent

23   derivation alone shall not be considered improper means."

24          7.    "MATTEL," "YOU," or "YOUR" means defendant Mattel, Inc. and

25   ANY of its past or present officers, directors, employees, parents, subsidiaries, divisions,

26   AFFILIATES, predecessors-in-interest, successors-in-interest, and joint venture partners.

27          8.    "MATTEL PRODUCTS" means any toys, dolls, games, or other

28   products sold, marketed, or distributed by MATTEL from January 1,  to the present.

Mitchell
Silberberg &
Knupp LLP

2189397.1

4

Exhibit 18 Page 250

1        9.    "MGA" means plaintiff MGA Entertainment, Inc. and ANY of its

2    past or present officers, directors, employees, parents, subsidiaries, divisions,

3    AFFILIATES, predecessors-in-interest, successors-in-interest, and joint venture partners.

4    Without limiting the foregoing, "MGA" includes MGA Entertainment (HK) Limited,

5    MGAE de Mexico, S.R.L. de C.V., and Isaac Larian.

6        10.    "MISAPPROPRIATION" or "MISAPPROPRIATED" shall have

7    the definition given the term "Misappropriation" in California Civil Code §3426.1(b), as

8    follows: "'Misappropriation' means:

9        (1)    Acquisition of a TRADE SECRET of another by a person who

10   knows or has reason to know that the TRADE SECRET was acquired by IMPROPER

11   MEANS; or

12       (2)    Disclosure or use of a TRADE SECRET of another without express

13   or implied consent by a person who:

14       (A)    Used IMPROPER MEANS to acquire knowledge of the

15   TRADE SECRET; or

16       (B)    At the time of disclosure or use, knew or had reason to know

17   that his or her knowledge of the TRADE SECRET was:

18       (i)    Derived from or through a person who had utilized

19   IMPROPER MEANS to acquire it;

20       (ii)    Acquired under circumstances giving rise to a duty to

21   maintain its secrecy or limit its use; or

22       (iii)    Derived from or through a person who owed a duty to

23   the person seeking relief to maintain its secrecy or limit its use; or

24       (C)    Before a material change of his or her position, knew or had

25   reason to know that it was a TRADE SECRET and that knowledge of it had been

26   acquired by accident or mistake."

27       11.    "PERSON" or "PERSONS" means all natural persons, partnerships,

28   corporations, joint ventures and any kind of business, legal or public entity or

Mitchell
Silberberg &
Knupp LLP

2189397.1

5

Exhibit 18 Page 25

1  organization, as well as its, his or her agents, representatives, employees, officers and

2  directors and any one else acting on its, his or her behalf, pursuant to its, his or her

3  authority or subject to its, his or her control.

4         12.   "REFER OR RELATE TO" a given subject matter means relate to,

5  refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify, state,

6  deal with, comment on, respond to, describe, analyze, support, refute, contradict, or in

7  any way pertain to that subject matter, either directly or indirectly.

8         13.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-

9  9059 SGL (RNBx), filed by MATTEL on April 27, 2004, and the cases consolidated

10  therewith.

11         14.   "TRADE SECRET" or "TRADE SECRETS" shall have the

12  definition given such term in California Civil Code Section 3426.1(d), as follows:

13  "'Trade Secret' means information, including a formula, pattern, compilation, program,

14  device, method, technique, or process, that:

15         (1)   Derives independent economic value, actual or potential, from not

16  being generally known to the public or to other persons who can obtain economic value

17  from its disclosure or use; and

18         (2)   Is the subject of efforts that are reasonable under the circumstances

19  to maintain its secrecy."

20         15.   "RFA" means the specific request for admission identified from

21  among those requests being served concurrently with these Interrogatories, and entitled

22  *MGA's First Set of Phase 2 Requests for Admission to Mattel.*

23         16.   "OPERATIVE COUNTERCLAIMS" means the pleading entitled

24  *Mattel's Second Amended Answer in Case No. 05-2727 and Counterclaims For (1)*

25  *Copyright Infringement; (2) Violation of The Racketeer Influenced and Corrupt*

26  *Organizations Act; (3) Conspiracy to Violate The Racketeer Influenced and Corrupt*

27  *Organizations Act; (4) Misappropriation of Trade Secrets; (5) Breach of Contract; (6)*

28  *Intentional Interference With Contract; (7) Breach of Fiduciary Duty; (8) Aiding and*

Mitchell
Silberberg &
Knupp LLP
2189397.1

6

MGA'S FIRST SET OF INTERROGATORIES (PHASE 2)

Exhibit 18  Page 252

1 | *Abetting Breach of Fiduciary Duty; (9) Breach of Duty of Loyalty; (10) Aiding and*
2 | *Abetting Breach of Duty of Loyalty; (11) Conversion; (12) Unfair Competition; and (13)*
3 | *Declaratory Relief,* unless that pleading has been superseded as of the time YOU respond
4 | to these Interrogatories, in which event OPERATIVE COUNTERCLAIMS shall mean
5 | the pleading that has superseded the Second Amended Answer and Counterclaims.
6 |       17.    The singular form of a noun or pronoun includes within its meaning
7 | the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form
8 | of a pronoun also includes within its meaning the feminine form of the pronoun so used,
9 | and vice versa; the use of any tense of any verb includes also within its meaning all other
10 | tenses of the verb so used, whenever such construction results in a broader request for
11 | information; and "and" includes "or" and vice versa, whenever such construction results
12 | in a broader disclosure of documents or information.
13 |
14 | **INSTRUCTIONS**
15 |
16 |     A.    When an interrogatory requests disclosure of a COMMUNICATION or
17 | other information as to which YOU claim any privilege or protection as a ground for
18 | nondisclosure, identify each PERSON who participated in or had knowledge of the
19 | COMMUNICATION or other information and provide the following:
20 |       (i)    the privilege or protection that YOU claim precludes disclosure;
21 |       (ii)    the subject matter of the COMMUNICATION or information
22 | (without revealing the content as to which the privilege is claimed); and
23 |       (iii)    any additional facts or grounds on which YOU base YOUR claim of
24 | privilege or protection.
25 |     B.    When an interrogatory requests that YOU provide information, YOU are
26 | required to supply all information known by or available to YOU or YOUR employees,
27 | officers, directors, agents, representatives, attorneys and experts. If YOU cannot
28 | completely answer the interrogatory after making diligent efforts to do so, please so state.

Mitchell Silberberg & Knupp LLP
2189397.1

7

MGA'S FIRST SET OF INTERROGATORIES (PHASE 2)

Exhibit 18 Page 253

1   Then describe in detail all efforts made to answer the interrogatory; identify every

2   PERSON involved in such efforts; and state the additional information YOU need, if any,

3   to respond completely to the interrogatory.

4

5                                  **INTERROGATORIES**

6

7   **INTERROGATORY NO. 1**

8          If your response to RFA No. 1 is anything other than an unqualified admission,

9   state for each MATTEL DOCUMENT that is a basis for such response ANY facts that

10  SUPPORT your response to RFA No. 1, IDENTIFY ANY PERSONS with knowledge of

11  such facts, and ANY DOCUMENTS that REFER OR RELATE to such facts.

12

13  **INTERROGATORY NO. 2**

14         If YOUR answer to RFA No. 2 is anything other than an unqualified admission,

15  state for each MATTEL DOCUMENT that is a basis for such response ANY facts that

16  SUPPORT your response to RFA No. 2, IDENTIFY ANY PERSONS with knowledge of

17  such facts, and IDENTIFY ANY DOCUMENTS that REFER OR RELATE to such facts.

18

19  **INTERROGATORY NO. 3**

20         If your answer to RFA No. 3 is anything other than an unqualified admission, state

21  for each MATTEL DOCUMENT that is a basis for such response ANY facts that

22  SUPPORT your response to RFA No. 3, IDENTIFY ANY PERSONS with knowledge of

23  such facts, and ANY DOCUMENTS that REFER OR RELATE to such facts.

24

25  **INTERROGATORY NO. 4**

26         If your answer to RFA No. 4 is anything other than an unqualified admission, state

27  all facts that SUPPORT your response to RFA No. 4 and IDENTIFY all PERSONS with

28  knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such facts.

Mitchell
Silberberg &
Knupp LLP
2189397.1

8
MGA'S FIRST SET OF INTERROGATORIES (PHASE 2)

Exhibit 18  Page 254

**INTERROGATORY NO. 5**

IDENTIFY ANY damages YOU contend YOU have suffered as a result of the violation of the Racketeer Influenced and Corrupt Organization Act alleged by YOU in the Second Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in THIS ACTION.

**INTERROGATORY NO. 6**

IDENTIFY ANY damages YOU contend YOU have suffered as a result of the alleged MISAPPROPRIATION of trade secrets alleged by YOU in the Fourth Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in THIS ACTION.

**INTERROGATORY NO. 7**

IDENTIFY every MATTEL PRODUCT whose sales YOU contend were harmed by MGA's sale of the Bratz line of dolls and products.

**INTERROGATORY NO. 8**

IDENTIFY every MATTEL PRODUCT whose sales YOU contend were harmed by ANY act or omission of MGA alleged in YOU OPERATIVE COUNTERCLAIMS.

**INTERROGATORY NO. 9**

IDENTIFY ANY evidence that YOU contend was destroyed or otherwise spoiliated by or on behalf of MGA.

**INTERROGATORY NO. 10**

For each specific piece of evidence that YOU INDENTIFIED in response to Interrogatory No. 9, IDENTIFY the PERSON(S) that YOU contend destroyed or spoiled such specific piece of evidence.

Mitchell
Silberberg &
Knupp LLP

2189397.1

9

Exhibit 18  Page 255

**INTERROGATORY NO. 11**

For each piece of evidence YOU IDENTIFIED in response to Interrogatory No. 9, state ANY facts that support YOUR contention and IDENTIFY ANY PERSONS with knowledge of such facts and ANY DOCUMENTS that REFER OR RELATE to such facts.

**INTERROGATORY NO. 12**

IDENTIFY each act or omission by Isaac Larian that YOU contend constitutes "racketeering activity" as defined by 18 U.S.C. § 1961(1), IDENTIFY ANY PERSONS with knowledge of each alleged act or omission, and IDENTIFY ANY DOCUMENTS that REFER OR RELATE to each alleged act or omission.

**INTERROGATORY NO. 13**

IDENTIFY each act or omission by MGA that YOU contend constitutes "racketeering activity" as defined by 18 U.S.C. § 1961 (1) state ANY facts that support YOUR contention and IDENTIFY ANY PERSONS with knowledge of each alleged act or omission and ANY DOCUMENTS that REFER OR RELATE to each alleged act or omission.

**INTERROGATORY NO. 14**

For each act or omission by MGA that YOU contend constitutes "racketeering activity" as defined by 18 U.S.C. § 1961(1), state ANY facts which support YOUR contention, if YOU so contend, that Isaac Larian participated in or directed ANY such acts.

1   DATED: April 14, 2009

2                                       RUSSELL J. FRACKMAN
                                        PATRICIA H. BENSON
                                        JEAN PIERRE NOGUES
3                                       RICHARD B. SHELDON
                                        MITCHELL SILBERBERG & KNUPP LLP
4

5                                       By:

6                                            Richard B. Sheldon

7                                       Attorneys for Defendants
                                        MGA Entertainment, Inc., MGA
8                                       Entertainment HK, Ltd., MGAE De Mexico
                                        S.R.L. De C.V, and Isaac Larian

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

2189397.1

Exhibit 18  Page 257

# Exhibit 19

CALENDAR

RECEIVED
APR 1 5 2009

1   PATRICIA L. GLASER (Bar No. 055668)
    pglaser@glaserweil.com
2   GLASER WEIL FINK JACOBS & SHAPIRO
    10250 Constellation Blvd., 19th Floor
3   Los Angeles, California 90067
    Telephone: (310) 553-3000
4   Facsimile: (310) 557-9815

5   RUSSELL J. FRACKMAN (Bar No. 49087)
    rjf@msk.com
6   PATRICIA H. BENSON (Bar No. 60565)
    phb@msk.com
7   JEAN P. NOGUES (Bar No. 84445)
    jpn@msk.com
8   MITCHELL SILBERBERG & KNUPP LLP
    11377 West Olympic Boulevard
9   Los Angeles, California 90064-1683
    Telephone: (310) 312-2000
10  Facsimile: (310) 312-3100

11  Attorneys for Plaintiffs
    MGA Entertainment, Inc., MGA Entertainment HK,
12  Ltd., MGAE De Mexico S.R.L. De C.V and Isaac
    Larian

13

14                  UNITED STATES DISTRICT COURT

15                 CENTRAL DISTRICT OF CALIFORNIA

16                        EASTERN DIVISION

17

| | |
|---|---|
| CARTER BRYANT, an individual,, | CASE NO.   CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No.  CV 04-09059<br>Case No.  CV 05-02727 |
| v. | |
| MATTEL, INC., a Delaware corporation,, | **MGA ENTERTAINMENT, INC.'S SECOND SET OF PHASE 2 REQUESTS FOR PRODUCTION OF DOCUMENTS AND OTHER TANGIBLE THINGS TO MATTEL, INC.** |
| Defendant. | |
| AND CONSOLIDATED CASES | |

PROPOUNDING PARTY:  MGA Entertainment, Inc.

RESPONDING PARTY:  Mattel, Inc.

SET NO.                       Two (Phase Two) [Nos. 69-111]

Mitchell
Silberberg &
Knupp LLP

2190837.3

*4-14*

MGA'S FIRST SET OF REQUESTS FOR PRODUCTION (PHASE 2)

Exhibit 19 Page 258

1   Pursuant to Federal Rule of Civil Procedure 34 and Local Rule 34-1, *et seq.*,

2   plaintiff MGA Entertainment, Inc. hereby requests that defendant Mattel, Inc. produce,

3   within 30 days of service hereof, the following documents for inspection and copying at

4   the offices of Mitchell, Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los

5   Angeles, California 90064-1683.  Mattel, Inc. shall be obligated to supplement its

6   responses to the Document Requests and its production of documents at such times and to

7   the extent required by the Federal Rules of Civil Procedure.

8

9               **DEFINITIONS AND INSTRUCTIONS**

10

11              1.      "AFFILIATES" means any and all corporations, proprietorships,

12  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

13  indirectly, in whole or in part, own or control, are under common ownership or control with,

14  or are owned or controlled by a PERSON, party or entity, including without limitation

15  each parent, subsidiary and joint venture of such PERSON, party or entity.

16              2.      "ANY" as used in these interrogatories includes the word "all," and

17  the word "ALL" as used in these interrogatories includes the word "any."

18              3.      "COMMUNICATION" means any correspondence, contact, gesture,

19  discussion, or electronic connection or exchange between any two or more persons,

20  including, but not limited to, documents, e-mails, telephone conversations, voice mails,

21  other electronic communications, face-to-face conversations, meetings and conferences.

22              4.      "DOCUMENT" or "DOCUMENTS" means all "writings" and

23  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

24  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to,

25  all writings and records of every type and description including, but not limited to,

26  contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail

27  ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any

28  kind, statements, reports, minutes, recordings, transcripts and summaries of meetings,

Mitchell
Silberberg &
Knupp LLP

2190837.3

2

MGA'S FIRST SET OF REQUESTS FOR PRODUCTION (PHASE 2)

Exhibit 19 Page 259

1  voice recordings, pictures, photographs, drawings, electronically stored information,

2  computer cards, tapes, discs, printouts and records of all types, studies, instruction

3  manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks

4  and every other device or medium by which or through which information of any type is

5  transmitted, recorded or preserved. Without any limitation on the foregoing, the term

6  "DOCUMENT" shall include all copies that differ in any respect from the original or

7  other versions of the DOCUMENT, including, but not limited to, all drafts and all copies

8  of such drafts or originals containing initials, comments, notations, insertions,

9  corrections, marginal notes, amendments or any other variation of any kind.

10         5.    "MATTEL DOCUMENTS" means the DOCUMENTS identified by

11  Bates Number in Definition No. 25, at 7:3-9:9, of MATTEL'S Supplemental

12  Interrogatories served on MGA on or about January 9, 2008, a copy of which is attached

13  hereto as Exhibit 1 and incorporated herein by reference, and ANY other DOCUMENT

14  MATTEL alleges that MGA stole, wrongfully obtained or took, or otherwise obtained by

15  IMPROPER MEANS from MATTEL, regardless of whether MATTEL contends ANY

16  such DOCUMENT constitutes or contains a TRADE SECRET.

17         6.    "IMPROPER MEANS" shall have the definition given such term in

18  California Civil Code §3426.1(a), as follow: "'Improper means' includes theft, bribery,

19  misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or

20  espionage through electronic or other means.  Reverse engineering or independent

21  derivation alone shall not be considered improper means."

22         7.    "INTERROGATORY" means the specific interrogatory request

23  identified from those interrogatories being served concurrently with these Requests for

24  Production, and entitled *MGA Entertainment, Inc.'s First Set of Phase 2 Interrogatory*

25  *Requests, Nos. 1-14.*

26         8.    "MATTEL," "YOU," or "YOUR" means defendant Mattel, Inc. and

27  ANY of its past or present officers, directors, employees, parents, subsidiaries, divisions,

28  AFFILIATES, predecessors-in-interest, successors-in-interest, and joint venture partners.

Mitchell
Silberberg &
Knupp LLP

2190837.3

3

MGA'S FIRST SET OF REQUESTS FOR PRODUCTION (PHASE 2)

Exhibit 19  Page 260

1        9.      "MATTEL HARMED PRODUCTS" means those products

2    identified by YOU in response to INTERROGATORY No. 7 and INTERROGATORY

3    No. 8, served concurrently herewith.

4        10.     "MATTEL PRODUCTS" means any toys, dolls, games, or other

5    products sold, marketed, or distributed by MATTEL from January 1, 1996 to the present.

6        11.     "MGA" means plaintiff MGA Entertainment, Inc. and ANY of its

7    past or present officers, directors, employees, parents, subsidiaries, divisions,

8    AFFIILIATES, predecessors-in-interest, successors-in-interest, and joint venture

9    partners.  Without limiting the foregoing, "MGA" includes MGA Entertainment (HK)

10   Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian.

11       12.     "MISAPPROPRIATION" or "MISAPPROPRIATED" shall have

12   the definition given the term "Misappropriation" in California Civil Code §3426.1(b), as

13   follows: "'Misappropriation' means:

14               (1)     Acquisition of a TRADE SECRET of another by a person

15   who knows or has reason to know that the TRADE SECRET was acquired by

16   IMPROPER MEANS; or

17               (2)     Disclosure or use of a TRADE SECRET of another without

18   express or implied consent by a person who:

19                       (A)     Used IMPROPER MEANS to acquire knowledge of

20   the TRADE SECRET; or

21                       (B)     At the time of disclosure or use, knew or had reason to

22   know that his or her knowledge of the TRADE SECRET was:

23                               (i)     Derived from or through a person who had

24   utilized IMPROPER MEANS to acquire it;

25                               (ii)    Acquired under circumstances giving rise to a

26   duty to maintain its secrecy or limit its use; or

27                               (iii)   Derived from or through a person who owed a

28   duty to the person seeking relief to maintain its secrecy or limit its use; or

Mitchell
Silberberg &
Knupp LLP

2190837.3

4

MGA'S FIRST SET OF REQUESTS FOR PRODUCTION (PHASE 2)

Exhibit 19 Page 261

1                 (C)     Before a material change of his or her position, knew

2  or had reason to know that it was a TRADE SECRET and that knowledge of it had been

3  acquired by accident or mistake."

4           13.    "PERSON" or "PERSONS" means all natural persons, partnerships,

5  corporations, joint ventures and any kind of business, legal or public entity or

6  organization, as well as its, his or her agents, representatives, employees, officers and

7  directors and any one else acting on its, his or her behalf, pursuant to its, his or her

8  authority or subject to its, his or her control.

9           14.    "REFER OR RELATE TO" a given subject matter means relate to,

10  refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify, state,

11  deal with, comment on, respond to, describe, analyze, support, refute, contradict, or in

12  any way pertain to that subject matter, either directly or indirectly.

13           15.    "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-

14  9059 SGL (RNBx), filed by MATTEL on April 27, 2004, and the cases consolidated

15  therewith.

16           16.    "TRADE SECRET" or "TRADE SECRETS" shall have the

17  definition given such term in California Civil Code Section 3426.1(d), as follows:

18  "'Trade Secret' means information, including a formula, pattern, compilation, program,

19  device, method, technique, or process, that:

20                 (1)     Derives independent economic value, actual or potential,

21  from not being generally known to the public or to other persons who can obtain

22  economic value from its disclosure or use; and

23                 (2)     Is the subject of efforts that are reasonable under the

24  circumstances to maintain its secrecy."

25           17.    "2007 TOY RECALL" refers to any recall of any and all MATTEL

26  PRODUCTS because of the alleged presence of lead paint.

27           18.    The singular form of a noun or pronoun includes within its meaning

28  the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form

Mitchell
Silberberg &
Knupp LLP

2190837.3

5

1  of a pronoun also includes within its meaning the feminine form of the pronoun so used,

2  and vice versa; the use of any tense of any verb includes also within its meaning all other

3  tenses of the verb so used, whenever such construction results in a broader request for

4  admission; and "and" includes "or" and vice versa, whenever such construction results in

5  a broader request for admission.

6          19.    "OPERATIVE COUNTERCLAIMS" means the pleading entitled

7  *Mattel's Second Amended Answer in Case No. 05-2727 and Counterclaims For (1)*

8  *Copyright Infringement; (2) Violation of The Racketeer Influenced and Corrupt*

9  *Organizations Act; (3) Conspiracy to Violate The Racketeer Influenced and Corrupt*

10  *Organizations Act; (4) Misappropriation of Trade Secrets; (5) Breach of Contract; (6)*

11  *Intentional Interference With Contract; (7) Breach of Fiduciary Duty; (8) Aiding and*

12  *Abetting Breach of Fiduciary Duty; (9) Breach of Duty of Loyalty; (10) Aiding and*

13  *Abetting Breach of Duty of Loyalty; (11) Conversion; (12) Unfair Competition; and (13)*

14  *Declaratory Relief,* unless that pleading has been superseded as of the time YOU respond

15  to these Interrogatories, in which event OPERATIVE COUNTERCLAIMS shall mean

16  the pleading that has superseded the Second Amended Answer and Counterclaims.

17          20.    Each document produced in response to the following requests

18  should be referenced by the number of the specific request to which it is responsive.

19          21.    If, in answering these requests, the responding party seeks to rely

20  upon any privilege, the work product doctrine, or any claim of confidentiality or privacy,

21  in refusing to produce any requested documents, then the responding party must identify

22  such documents and set forth the specific grounds upon which it refuses to produce such

23  documents. For each such document withheld, the responding party shall provide the

24  following: (i) the date of the document; (ii) the author of the document; (iii) the title or

25  general description of the content of the document; (iv) each person who transmitted or

26  received the document or any copy thereof; and (v) all facts upon which respondent relies

27  in asserting the privilege or confidentiality objection.

28          22.    These requests are in no way intended to be duplicative, harassing,

Mitchell
Silberberg &
Knupp LLP

2190837.3

1 | or unduly burdensome, and YOU are expressly not requested to re-produce any of the
2 | documents YOU have already produced in this action.

3

4 | ### REQUESTS FOR PRODUCTION

5

6 | **REQUEST FOR PRODUCTION NO. 69**

7 | All DOCUMENTS identified, described or referenced in YOUR response to
8 | INTERROGATORY NO. 1 or containing information that YOU used or to which YOU
9 | referred in formulating the response.

10 | **REQUEST FOR PRODUCTION NO. 70**

11 | All DOCUMENTS identified, described or referenced in YOUR response to
12 | INTERROGATORY NO. 2 or containing information that YOU used or to which YOU
13 | referred in formulating the response.

14 | **REQUEST FOR PRODUCTION NO. 71**

15 | All DOCUMENTS identified, described or referenced in YOUR response to
16 | INTERROGATORY NO. 3 or containing information that YOU used or to which YOU
17 | referred in formulating the response.

18 | **REQUEST FOR PRODUCTION NO. 72**

19 | All DOCUMENTS identified, described or referenced in YOUR response to
20 | INTERROGATORY NO. 4 or containing information that YOU used or to which YOU
21 | referred in formulating the response.

22 | **REQUEST FOR PRODUCTION NO. 73**

23 | For each MATTEL HARMED PRODUCT sold by YOU or YOUR licensees
24 | anywhere in the world, produce DOCUMENTS sufficient to show, for each year from
25 | January 1, 1998 to the present: (a) the number of units of such MATTEL HARMED
26 | PRODUCT sold; (b) revenue received by YOU from such sales of each such product; (c)
27 | all costs YOU incurred in connection with each such product, including but not limited to
28 | YOUR cost of goods sold; and (d) YOUR gross and net profits from each such product.

Mitchell
Silberberg &
Knupp LLP

2190837.3

7

MGA'S FIRST SET OF REQUESTS FOR PRODUCTION (PHASE 2)

Exhibit 19 Page 264

1   **REQUEST FOR PRODUCTION NO. 74**

2       For each MATTEL HARMED PRODUCT sold by YOU or YOUR licensees in

3   the United States, produce DOCUMENTS sufficient to show, for each year from January

4   1, 1998 to the present, and with respect to sales in or from the United States, only: (a) the

5   number of units of such MATTEL HARMED PRODUCT sold; (b) revenue received by

6   YOU from such sales of each such product, (c) all costs YOU incurred in connection with

7   each such product, including but not limited to YOUR cost of goods sold; and (d) YOUR

8   gross and net profits from each such product sold in the United States.

9   **REQUEST FOR PRODUCTION NO. 75**

10       For each MATTEL HARMED PRODUCT sold by YOU or YOUR licensees in

11  Canada, produce DOCUMENTS sufficient to show, for each year from January 1, 1998

12  to the present, and with respect to sales in or from Canada, only: (a) the number of units

13  of each such MATTEL HARMED PRODUCT sold; (b) revenue received by YOU from

14  such sales of each such product; (c) all costs YOU have incurred in connection with each

15  such product, including but not limited to YOUR cost of goods sold; and (d) YOUR gross

16  and net profits from each such product.

17  **REQUEST FOR PRODUCTION NO. 76**

18       For each MATTEL HARMED PRODUCT sold by YOU or YOUR licensees in

19  Mexico, produce DOCUMENTS sufficient to show, for each year from January 1, 1998

20  to the present, and with respect to sales in or from Mexico, only: (a) the number of units,

21  by year, of each MATTEL HARMED PRODUCT sold; (b) revenue received by YOU

22  from such sales of each such product; (c) all costs YOU have incurred in connection with

23  each such product, including but not limited to YOUR cost of goods sold; and (d) YOUR

24  gross and net profits from each such product.

25  **REQUEST FOR PRODUCTION NO. 77**

26       All DOCUMENTS that REFER OR RELATE to ANY potential, perceived,

27  anticipated, or actual effect that the 2007 TOY RECALL had on the sales of MATTEL

28  PRODUCTS.

Mitchell
Silberberg &
Knupp LLP

2190837.3

8

1  **REQUEST FOR PRODUCTION NO. 78**

2      ALL non-privileged COMMUNICATIONS between MATTEL and ANY

3  PERSON that REFER OR RELATE to who was at fault for the 2007 TOY RECALL.

4  **REQUEST FOR PRODUCTION NO. 79**

5      ALL non-privileged COMMUNICATIONS between MATTEL and ANY

6  PERSON that REFER OR RELATE to ANY lobbying efforts by or on behalf of

7  MATTEL concerning proposed legislation before the U.S. Congress to ban ANY

8  chemicals or other substances found in MATTEL PRODUCTS.

9  **REQUEST FOR PRODUCTION NO. 80**

10      ALL DOCUMENTS that REFER OR RELATE to the recall of ANY MATTEL

11  HARMED PRODUCTS from January 1, 2000 to the present.

12  **REQUEST FOR PRODUCTION NO. 81**

13      ALL CORRESPONDENCE between MATTEL and the Consumer Product Safety

14  Commission that REFER OR RELATE to the 2007 TOY RECALL.

15  **REQUEST FOR PRODUCTION NO. 82**

16      A copy of every complaint filed against MATTEL that REFERS OR RELATES to

17  the recall of ANY MATTEL HARMED PRODUCTS from January 1, 2001 to the

18  present.

19  **REQUEST FOR PRODUCTION NO. 83**

20      ALL DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses,

21  focus groups, polling, or ANY other research concerning whether the 2007 TOY

22  RECALL impacted sales of the MATTEL PRODUCTS.

23  **REQUEST FOR PRODUCTION NO. 84**

24      ALL DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses,

25  focus groups, polling, or ANY other research concerning whether the recall of ANY

26  MATTEL PRODUCT impacted sales of the MATTEL HARMED PRODUCTS.

27

28

Mitchell
Silberberg &
Knupp LLP

2190837.3

9

MGA'S FIRST SET OF REQUESTS FOR PRODUCTION (PHASE 2)

Exhibit 19 Page 266

1   **REQUEST FOR PRODUCTION NO. 85**

2        ALL DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses,

3   focus groups, polling, or ANY other research concerning ANY decline in the sales of the

4   MATTEL HARMED PRODUCTS.

5   **REQUEST FOR PRODUCTION NO. 86**

6        All DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses,

7   focus groups, polling, or ANY other research generated from January 1, 2000 to the

8   present that discuss, refer to or concern the sales or popularity of the Barbie line of dolls

9   and products.

10   **REQUEST FOR PRODUCTION NO. 87**

11        All DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses,

12   focus groups, polling, or ANY other research generated from January 1, 2000 to the

13   present concerning the sale and popularity of the Bratz line of dolls and products.

14   **REQUEST FOR PRODUCTION NO. 88**

15        All DOCUMENTS that REFER OR RELATE to ANY alleged destruction or

16   spoliation of evidence by or on behalf of MGA, as alleged in YOUR OPERATIVE

17   COUNTERCLAIMS in THIS ACTION.

18   **REQUEST FOR PRODUCTION NO. 89**

19        All DOCUMENTS that REFER OR RELATE to the DOCUMENTS to which

20   Farhad Larian allegedly gave YOU access and which YOU allegedly viewed or inspected

21   before Farhad Larian allegedly destroyed or spoiled the same, including but not limited to

22   ANY lists of such DOCUMENTS to which YOU actually were given access and/or YOU

23   actually viewed or inspected.

24   **REQUEST FOR PRODUCTION NO. 90**

25        ALL DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses,

26   focus groups, polling, or ANY other research concerning the sale of the MATTEL

27   HARMED PRODUCTS from January 1, 2000 to the present.

28

Mitchell
Silberberg &
Knupp LLP

2190837.3

MGA'S FIRST SET OF REQUESTS FOR PRODUCTION (PHASE 2)

Exhibit 19 Page 267

**REQUEST FOR PRODUCTION NO. 91**

1  
2  ALL DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses,
3  focus groups, polling, or ANY other research concerning the sale of the Barbie line of
4  dolls and products from January 1, 2000 to the present.

5  **REQUEST FOR PRODUCTION NO. 92**

6  ALL DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses,
7  focus groups, polling, or ANY other research concerning the sale of the Bratz line of
8  dolls and products from January 1, 2001 to the present.

9  **REQUEST FOR PRODUCTION NO. 93**

10  ALL DOCUMENTS THAT REFER OR RELATE to ANY studies, reports,
11  analyses, focus groups, polling, or ANY other research concerning future sales of the
12  MATTEL HARMED PRODUCTS. (As used in this Request, "future sales" means sales
13  in or after June, 2009).

14  **REQUEST FOR PRODUCTION NO. 94**

15  ALL DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses,
16  focus groups, polling, or ANY other research concerning future sales of the Barbie line of
17  dolls and products.  (As used in this Request, "future sales" means sales in or after June,
18  2009).

19  **REQUEST FOR PRODUCTION NO. 95**

20  ALL DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses,
21  focus groups, polling, or ANY other research concerning future sales of the Bratz line of
22  dolls and products.  (As used in this Request, "future sales" means sales in or after June,
23  2009).

24  **REQUEST FOR PRODUCTION NO. 96**

25  All DOCUMENTS identified, described, or referenced in YOUR response to
26  INTERROGATORY NO. 11 or containing information that YOU used or to which YOU
27  referred in formulating the response.

28

Mitchell  
Silberberg &  
Knupp LLP  
2190837.3

11  
MGA'S FIRST SET OF REQUESTS FOR PRODUCTION (PHASE 2)

Exhibit 19 Page 268

**REQUEST FOR PRODUCTION NO. 97**

All DOCUMENTS that REFER OR RELATE to ANY plans or intent by YOU to market, produce, or sell all or ANY part of the Bratz line of dolls and products, or ANY products based upon the Bratz line of dolls and products.

**REQUEST FOR PRODUCTION NO. 98**

All DOCUMENTS identified, described, or referenced in YOUR response to INTERROGATORY NO. 12 or containing information that YOU used or to which YOU referred in formulating the response, that YOU have not already produced in this ACTION.

**REQUEST FOR PRODUCTION NO. 99**

ALL DOCUMENTS that constitute or REFER OR RELATE to any analysis of Janine Brisbois' "thumb" drive referred to in YOUR OPERATIVE COUNTERCLAIMS, including but not limited to any analysis by or on behalf of KPMG.

**REQUEST FOR PRODUCTION NO. 100**

YOUR entire personnel file (except health care specific information, social security numbers, tax identification numbers, dates of birth, bank account numbers, and checking account numbers) for Carlos Gustavo Machado Gomez ("Machado"), including but not limited to ANY employment agreements between YOU and Machado, all confidentiality or non-disclosure agreements signed by Machado, and ANY other DOCUMENTS signed by Machado that concern the use, confidentiality, and disclosure of MATTEL's TRADE SECRETS.

**REQUEST FOR PRODUCTION NO. 101**

YOUR entire personnel file (except health care specific information, social security numbers, tax identification numbers, dates of birth, bank account numbers, and checking account numbers) for Mariana Trueba Almada ("Trueba"), including but not limited to ANY employment agreements between YOU and Trueba, ANY confidentiality or non-disclosure agreements signed by Trueba, and ANY other DOCUMENTS signed

Mitchell
Silberberg &
Knupp LLP
2190837.3

12

1 | by Trueba that concern the use, confidentiality, and disclosure of MATTEL's TRADE

2 | SECRETS.

3 | **REQUEST FOR PRODUCTION NO. 102**

4 | YOUR entire personnel file (except health care specific information, social

5 | security numbers, tax identification numbers, dates of birth, bank account numbers, and

6 | checking account numbers) for Pablo Vargas San Jose ("Vargas"), including but not

7 | limited to ANY employment agreements between YOU and Vargas, ANY confidentiality

8 | or non-disclosure agreements signed by Vargas, and ANY other DOCUMENTS signed

9 | by Vargas that concern the use, confidentiality, and disclosure of MATTEL's TRADE

10 | SECRETS.

11 | **REQUEST FOR PRODUCTION NO. 103**

12 | YOUR entire personnel file (except health care specific information, social

13 | security numbers, tax identification numbers, dates of birth, bank account numbers, and

14 | checking account numbers) for Ron Brawer ("Brawer"), including but not limited to

15 | ANY employment agreements between YOU and Brawer, ANY confidentiality or non-

16 | disclosure agreements signed by Brawer, and ANY other DOCUMENTS signed by

17 | Brawer that concern the use, confidentiality, and disclosure of MATTEL's TRADE

18 | SECRETS.

19 | **REQUEST FOR PRODUCTION NO. 104**

20 | YOUR entire personnel file (except health care specific information, social

21 | security numbers, tax identification numbers, dates of birth, bank account numbers, and

22 | checking account numbers) for Janine Brisbois ("Brisbois"), including but not limited to

23 | ANY employment agreements between YOU and Brisbois, ANY confidentiality or non-

24 | disclosure agreements signed by Brisbois, and ANY other DOCUMENTS signed by

25 | Brisbois that concern the use, confidentiality, and disclosure of MATTEL's TRADE

26 | SECRETS.

27

28

Mitchell
Silberberg &
Knupp LLP

2190837.3

MGA'S FIRST SET OF REQUESTS FOR PRODUCTION (PHASE 2)

Exhibit 19 Page 276

1 | **REQUEST FOR PRODUCTION NO. 105**

2 |     YOUR entire personnel files (except health care specific information, social

3 | security numbers, tax identification numbers, dates of birth, bank account numbers, and

4 | checking account numbers) for ANY past or present employees or contractors hired since

5 | January 1, 1998, who were working for MGA when YOU hired them or worked for

6 | MGA preceding being hired by YOU.

7 | **REQUEST FOR PRODUCTION NO. 106**

8 |     YOUR entire personnel files (except health care specific information, social

9 | security numbers, tax identification numbers, dates of birth, bank account numbers, and

10 | checking account numbers) for ANY past or present employees or contractors hired since

11 | January 1, 1998, who were working for ANY PERSON who is or was regularly engaged

12 | in the business, in whole or in part, of designing, manufacturing, producing, or selling

13 | dolls when YOU hired them or worked for such a PERSON preceding being hired by

14 | YOU.

15 | **REQUEST FOR PRODUCTION NO. 107**

16 |     All DOCUMENTS identified, described, or referenced in YOUR response to

17 | INTERROGATORY NO. 13 or containing information that YOU used or to which YOU

18 | referred in formulating the response and that YOU have not already produced in this

19 | ACTION.

20 | **REQUEST FOR PRODUCTION NO. 108**

21 |     All DOCUMENTS identified, described, or referenced in YOUR response to

22 | INTERROGATORY NO. 14 served by MGA or containing information that YOU used

23 | or to which YOU referred in formulating the response and that YOU have not already

24 | produced in this ACTION.

25 | **REQUEST FOR PRODUCTION NO. 109**

26 |     DOCUMENTS sufficient to identify the make and model of YOUR hardware

27 | based backup system referred to in the letter sent by Jon Corey to the Skadden firm on

28 | January 9, 2009.

Mitchell
Silberberg &
Knupp LLP

2190837.3

14

MGA'S FIRST SET OF REQUESTS FOR PRODUCTION (PHASE 2)

Exhibit 19 Page 271

**REQUEST FOR PRODUCTION NO. 110**

DOCUMENTS sufficient to describe ANY modifications of YOUR e-mail preservation system caused by the implementation of the hardware based backup system referred to in the letter sent by Jon Corey to the Skadden firm on January 9, 2009.

**REQUEST FOR PRODUCTION NO. 111**

All DOCUMENTS that refer or relate to ANY contacts allegedly made by Ron Brawer after his resignation from MATTEL to past or present MATTEL employees, as alleged in paragraph 60 of YOUR OPERATIVE COUNTERCLAIMS.

DATED: April 14, 2009

RUSSELL J. FRACKMAN
PATRICIA H. BENSON
JEAN PIERRE NOGUES
RICHARD B. SHELDON
MITCHELL SILBERBERG & KNUPP LLP

By: _____
Richard B. Sheldon

Attorneys for Plaintiffs
MGA Entertainment, Inc., MGA
Entertainment HK, Ltd., MGAE De Mexico
S.R.L. De C.V, and Isaac Larian

Mitchell
Silberberg &
Knupp LLP
2190837.3

# Exhibit 20

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6   Facsimile: (213) 443-3100

7   Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11  CARTER BRYANT, an individual,      CASE NO. CV 04-9049 SGL (RNBx)
                                        Consolidated with
12              Plaintiff,              Case Nos. CV 04-09059 & CV 05-2727

13         vs.

14  MATTEL, INC., a Delaware           RESPONSES OF MATTEL, INC. TO MGA
    corporation,                        ENTERTAINMENT, INC.'S FIRST SET
15                                       OF PHASE 2 INTERROGATORIES
                Defendant.
16                                      **Phase 2:**
17  AND CONSOLIDATED ACTIONS           Discovery Cut-off:    Dec. 11, 2009
                                        Pre-trial Conference: Mar. 1, 2010
18                                      Trial Date:           Mar. 23, 2010

19

20

21

22  PROPOUNDING PARTY:    MGA ENTERTAINMENT, INC.

23  RESPONDING PARTY:     MATTEL, INC.

24  SET NO.:   ONE (PHASE TWO) [NOS. 1-14]

25

26

27

28

15/2936304.1

## **Preliminary Statement**

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Defendants have also failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered, disclosed or produced. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents. Mattel's response to any of MGA Entertainment, Inc.'s ("MGA") First Set of (Phase 2) Interrogatories (the "Interrogatories") is not to be construed as a waiver of any of its objections or its right to object to any other request.

## **General Objections**

Mattel generally objects to each of the Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual request:

1.    Mattel objects to the Interrogatories on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained.

2.    Mattel objects to the Interrogatories on the grounds that they seek to impose obligations upon Mattel beyond those imposed by the Federal Rules of Civil Procedure. In particular, MGA's Instructions purport to require that if Mattel cannot completely answer the interrogatory after making diligent efforts to

75/2936304.1

-1-

1  do so, Mattel must "describe in detail all efforts made to answer the interrogatory;

2  identify every PERSON involved in such efforts; and state the additional

3  information YOU need, if any, to respond completely to the interrogatory."  The

4  Federal Rules of Civil Procedure impose no such requirements.

5          3.      Mattel objects to the Requests on the grounds and to the extent

6  that they are unduly burdensome, premature and vague and ambiguous in that the

7  full scope of material and other trade secrets MGA stole and the other facts

8  necessary to answer the Requests are uniquely known by defendants and by third

9  parties within defendants' control, but are not known by Mattel at this juncture

10 because defendants refuse to disclose information to Mattel, including by refusing to

11 produce information that is the subject of prior Court Orders and pending Mattel

12 motions to enforce and/or compel and by refusing to appear for deposition.  Mattel

13 further anticipates that defendants and/or additional persons associated with

14 defendants, but who have not yet been deposed or who have not yet been identified,

15 have knowledge pertinent to the topics that are the subject of the Requests.

16         4.      Mattel objects to the Interrogatories on the grounds that they call

17 for the disclosure of information subject to the attorney-client privilege, the attorney

18 work-product doctrine, or any other applicable privilege, including the privilege

19 against disclosure of the identities and work product of consulting experts.  Such

20 information and documents will not be produced.

21         5.      Mattel objects to the Interrogatories on the grounds that they call

22 for production or disclosure of confidential, proprietary and/or private information.

23 Such information and documents will not be disclosed or produced except pursuant

24 to and in reliance upon the operative protective order.

25         6.      Mattel objects to the Interrogatories on the grounds that they

26 seek the disclosure of information or documents that are in the possession, custody

27 and control of independent parties over whom Mattel has no control, and seek the

28 disclosure of information or documents that are in the possession, custody and

75/2936304.1

-2-

Ex 20

275

1   control of defendant MGA or are publicly available and hence equally available to
2   all parties to this litigation.

3          7.     Mattel objects to the Interrogatories on the grounds that they call
4   for information that is neither relevant to the claims or defenses in the pending
5   action nor reasonably calculated to lead to the discovery of admissible evidence.

6          8.     Mattel objects to the Interrogatories on the grounds that they are
7   unduly burdensome and oppressive.

8          9.     Mattel further objects to the Interrogatories on the grounds that
9   they purport to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local</u>
10  <u>Rules</u>.  Such disclosures will be made in accordance with the requirements of, and at
11  the times specified by, the Court's Orders and the <u>Rules</u>.

12         10.    Mattel objects to the Interrogatories on the grounds that they
13  seek the disclosure of information or documents in violation of the terms of
14  agreements or protective orders entered into with third parties, or in violation of the
15  privacy, contractual, or other rights of third parties.

16         11.    Mattel objects to the Interrogatories on the grounds that the
17  definitions of "MATTEL PRODUCTS" are overbroad, vague and ambiguous and
18  unduly burdensome, including in that it refers to products "sold, marketed or
19  distributed by MATTEL from January 1, to the present" without specifying which
20  January 1 of which year.

21         12.    Mattel objects to the definition of "MATTEL DOCUMENTS" as
22  vague and ambiguous including in that the full scope of documents, material and
23  trade secrets MGA stole and the other facts necessary to determine all of the
24  documents, material and trade secrets stolen by MGA are uniquely known by
25  defendants and by third parties within defendants' control, but are not known by
26  Mattel at this juncture because defendants refuse to disclose information to Mattel,
27  including by refusing to produce information that is the subject of prior Court
28  Orders and pending Mattel motions to enforce and/or compel and by refusing to

-3-

**276**

Exhibit 20  Page ___

1  appear for deposition.  Mattel further anticipates that defendants and/or additional

2  persons associated with defendants, but who have not yet been deposed or who have

3  not yet been identified, have knowledge pertinent to determining all of the

4  documents, materials and trade secrets stolen by MGA.

5

6                          **Specific and General Responses**

7              Each of the following objections and responses to the Interrogatories is

8  expressly made subject to the above Preliminary Statement and General Objections,

9  all of which are incorporated in each of the following objections and responses to

10  specific Interrogatories.

11

12                     **RESPONSES TO INTERROGATORIES**

13

14  **INTERROGATORY NO. 1:**

15              If your response to RFA No. 1 is anything other than an unqualified

16  admission, state for each MATTEL DOCUMENT that is a basis for such response

17  ANY  facts  that  SUPPORT  your  response  to  RFA  No.  1,  IDENTIFY  ANY

18  PERSONS with knowledge of such facts, and ANY DOCUMENTS that REFER

19  OR RELATE to such facts.

20  **RESPONSE TO INTERROGATORY NO. 1:**

21              In addition to the general objections stated above, Mattel specifically

22  objects to this Interrogatory on the grounds that the defendants have exceeded the

23  limit on the number of Interrogatories they may properly serve on Mattel without

24  leave of the Court, which defendants have neither sought nor obtained.  Mattel

25  further objects to this Interrogatory on the grounds that it is overly broad, unduly

26  burdensome and seeks information that is neither relevant nor likely to lead to the

27  discovery of admissible evidence.  Mattel further objects to this Interrogatory on

28  each and every one of the grounds on which Mattel objects to RFA No. 1.  In

particular, Mattel objects to this Interrogatory because it is premature because it seeks information that will be the subject of expert discovery. This Interrogatory is also premature because defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel further objects to this Interrogatory on the grounds that the term "MATTEL DOCUMENTS" is vague and ambiguous including in that the full scope of documents, material and trade secrets MGA stole and the other facts necessary to determine all of the documents, material and trade secrets stolen by MGA are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to disclose information to Mattel, including by refusing to produce information that is the subject of prior Court Orders and pending Mattel motions to enforce and/or compel and by refusing to appear for deposition. Mattel further objects to this Interrogatory to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**INTERROGATORY NO. 2:**

If YOUR answer to RFA No. 2 is anything other than an unqualified admission, state for each MATTEL DOCUMENT that is a basis for such response ANY facts that SUPPORT your response to RFA No. 2, IDENTIFY ANY PERSONS with knowledge of such facts, and IDENTIFY ANY DOCUMENTS that REFER OR RELATE to such facts.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without

1   leave of the Court, which defendants have neither sought nor obtained. Mattel
2   further objects to this Interrogatory on the grounds that it is overly broad, unduly
3   burdensome and seeks information that is neither relevant nor likely to lead to the
4   discovery of admissible evidence. Mattel further objects to this Interrogatory on
5   each and every one of the grounds on which Mattel objects to RFA No. 2.   In
6   particular, Mattel objects to this Interrogatory because it is premature because it
7   seeks information that will be the subject of expert discovery. This Interrogatory is
8   also premature because defendants have not complied with their discovery
9   obligations.   They have failed to produce witnesses for deposition and are
10  withholding information and documents requested in violation of orders of the
11  Discovery Master and the Court. Mattel further objects to this Interrogatory on the
12  grounds that the term "MATTEL DOCUMENTS" is vague and ambiguous
13  including in that the full scope of documents, material and trade secrets MGA stole
14  and the other facts necessary to determine all of the documents, material and trade
15  secrets stolen by MGA are uniquely known by defendants and by third parties
16  within defendants' control, but are not known by Mattel at this juncture because
17  defendants refuse to disclose information to Mattel, including by refusing to produce
18  information that is the subject of prior Court Orders and pending Mattel motions to
19  enforce and/or compel and by refusing to appear for deposition. Mattel further
20  objects to this Interrogatory to the extent that it calls for the disclosure of
21  information subject to the attorney-client privilege, the attorney work-product
22  doctrine and other applicable privileges.

23

24  **INTERROGATORY NO. 3:**

25        If your answer to RFA No. 3 is anything other than an unqualified
26  admission, state for each MATTEL DOCUMENT that is a basis for such response
27  ANY facts that SUPPORT your response to RFA No. 3, IDENTIFY ANY

28

75/2936304.1

-6-

1 | PERSONS with knowledge of such facts, and ANY DOCUMENTS that REFER
2 | OR RELATE to such facts.

3 | **RESPONSE TO INTERROGATORY NO. 3:**

4 | In addition to the general objections stated above, Mattel specifically
5 | objects to this Interrogatory on the grounds that the defendants have exceeded the
6 | limit on the number of Interrogatories they may properly serve on Mattel without
7 | leave of the Court, which defendants have neither sought nor obtained.  Mattel
8 | further objects to this Interrogatory on the grounds that it is overly broad, unduly
9 | burdensome and seeks information that is neither relevant nor likely to lead to the
10 | discovery of admissible evidence.  Mattel further objects to this Interrogatory on
11 | each and every one of the grounds on which Mattel objects to RFA No. 3.  In
12 | particular, Mattel objects to this Interrogatory because it is premature because it
13 | seeks information that will be the subject of expert discovery.  This Interrogatory is
14 | also premature because defendants have not complied with their discovery
15 | obligations.   They have failed to produce witnesses for deposition and are
16 | withholding information and documents requested in violation of orders of the
17 | Discovery Master and the Court. Mattel further objects to this Interrogatory on the
18 | grounds that the term "MATTEL DOCUMENTS" is vague and ambiguous
19 | including in that the full scope of documents, material and trade secrets MGA stole
20 | and the other facts necessary to determine all of the documents, material and trade
21 | secrets stolen by MGA are uniquely known by defendants and by third parties
22 | within defendants' control, but are not known by Mattel at this juncture because
23 | defendants refuse to disclose information to Mattel, including by refusing to produce
24 | information that is the subject of prior Court Orders and pending Mattel motions to
25 | enforce and/or compel and by refusing to appear for deposition.  Mattel further
26 | objects to this Interrogatory to the extent that it calls for the disclosure of
27 | information subject to the attorney-client privilege, the attorney work-product
28 | doctrine and other applicable privileges.

75/2936304.1

-7-

**280**

**INTERROGATORY NO. 4:**

If your answer to RFA No. 4 is anything other than an unqualified admission, state all facts that SUPPORT your response to RFA No. 4 and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such facts.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained. Mattel further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Mattel further objects to this Interrogatory on each and every one of the grounds on which Mattel objects to RFA No. 4. In particular, Mattel objects to this Interrogatory because it is vague, ambiguous, overly-broad and unduly burdensome, including in RFA No. 4's use of the word "never" and with regard to the time frame to which RFA No. 4 is directed. Mattel further objects to this Interrogatory because it is premature because it seeks information that will be the subject of expert discovery. This Interrogatory is also premature because defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel further objects to this Interrogatory on the grounds that the term "MATTEL DOCUMENTS" is vague and ambiguous including in that the full scope of documents, material and trade secrets MGA stole and the other facts necessary to determine all of the documents, material and trade secrets stolen by MGA are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to

75/2936304.1

1   disclose information to Mattel, including by refusing to produce information that is

2   the subject of prior Court Orders and pending Mattel motions to enforce and/or

3   compel and by refusing to appear for deposition.  Mattel further objects to this

4   Interrogatory to the extent that it calls for the disclosure of information subject to the

5   attorney-client privilege, the attorney work-product doctrine and other applicable

6   privileges.

7

8   **INTERROGATORY NO. 5:**

9          IDENTIFY ANY damages YOU contend YOU have suffered as a

10  result of the violation of the Racketeer Influenced and Corrupt Organization Act

11  alleged by YOU in the Second Counterclaim of YOUR OPERATIVE

12  COUNTERCLAIMS in THIS ACTION.

13  **RESPONSE TO INTERROGATORY NO. 5:**

14         In addition to the general objections stated above, Mattel specifically

15  objects to this Interrogatory on the grounds that the defendants have exceeded the

16  limit on the number of Interrogatories they may properly serve on Mattel without

17  leave of the Court, which defendants have neither sought nor obtained.  Mattel

18  further objects to this Interrogatory on the grounds that it is overly broad, unduly

19  burdensome and seeks information that is neither relevant nor likely to lead to the

20  discovery of admissible evidence. Mattel further objects to this Interrogatory on the

21  grounds that it is vague and ambiguous in its use of the term "OPERATIVE

22  COUNTERCLAIMS."  Mattel objects to this Interrogatory because it is premature

23  because it seeks information that will be the subject of expert discovery.  This

24  Interrogatory is also premature because defendants have not complied with their

25  discovery obligations. They have failed to produce witnesses for deposition and are

26  withholding information and documents requested in violation of orders of the

27  Discovery Master and the Court. Mattel further objects to this Interrogatory on the

28  grounds that it is vague and ambiguous including in that the full scope of

775/2936304.1

282

Exhibit 20 Page __

1  documents, material and trade secrets MGA stole and the other facts necessary to
2  determine all of the documents, material and trade secrets stolen by MGA are
3  uniquely known by defendants and by third parties within defendants' control, but
4  are not known by Mattel at this juncture because defendants refuse to disclose
5  information to Mattel, including by refusing to produce information that is the
6  subject of prior Court Orders and pending Mattel motions to enforce and/or compel
7  and by refusing to appear for deposition.  Mattel objects to this Interrogatory on the
8  grounds that it is also premature in that facts needed to determine the type and
9  amount damages that Mattel has suffered as a result of defendant's violations of the
10  Racketeer Influenced and Corrupt Organization Act and the other facts necessary to
11  answer this Interrogatory are uniquely known by defendants and by third parties
12  within defendants' control, but are not known by Mattel at this juncture because
13  defendants refuse to disclose information to Mattel, including by refusing to produce
14  information that is the subject of prior Court Orders and pending Mattel motions to
15  enforce and/or compel and by refusing to appear for deposition.  Mattel further
16  objects to this Interrogatory to the extent that it calls for the disclosure of
17  information subject to the attorney-client privilege, the attorney work-product
18  doctrine and other applicable privileges.

19

20  **INTERROGATORY NO. 6:**

21          IDENTIFY ANY damages YOU contend YOU have suffered as a
22  result of the alleged MISAPPROPRIATION of trade secrets alleged by YOU in the
23  Fourth Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in THIS
24  ACTION.

25  **RESPONSE TO INTERROGATORY NO. 6:**

26          In addition to the general objections stated above, Mattel specifically
27  objects to this Interrogatory on the grounds that the defendants have exceeded the
28  limit on the number of Interrogatories they may properly serve on Mattel without

75/2936304.1

283

1  leave of the Court, which defendants have neither sought nor obtained.  Mattel

2  further objects to this Interrogatory on the grounds that it is overly broad, unduly

3  burdensome and seeks information that is neither relevant nor likely to lead to the

4  discovery of admissible evidence.  Mattel further objects to this Interrogatory on the

5  grounds that it is vague and ambiguous in its use of the term "OPERATIVE

6  COUNTERCLAIMS."  Mattel objects to this Interrogatory because it is premature

7  because it seeks information that will be the subject of expert discovery.  This

8  Interrogatory is also premature because defendants have not complied with their

9  discovery obligations.  They have failed to produce witnesses for deposition and are

10  withholding information and documents requested in violation of orders of the

11  Discovery Master and the Court.  Mattel further objects to this Interrogatory on the

12  grounds that it is vague and ambiguous including in that the full scope of

13  documents, material and trade secrets MGA stole and the other facts necessary to

14  determine all of the documents, material and trade secrets stolen by MGA are

15  uniquely known by defendants and by third parties within defendants' control, but

16  are not known by Mattel at this juncture because defendants refuse to disclose

17  information to Mattel, including by refusing to produce information that is the

18  subject of prior Court Orders and pending Mattel motions to enforce and/or compel

19  and by refusing to appear for deposition.  Mattel objects to this Interrogatory on the

20  grounds that it is also premature in that facts needed to determine the type and

21  amount damages that Mattel has suffered as a result of defendant's thefts and the

22  other facts necessary to answer this Interrogatory are uniquely known by defendants

23  and by third parties within defendants' control, but are not known by Mattel at this

24  juncture because defendants refuse to disclose information to Mattel, including by

25  refusing to produce information that is the subject of prior Court Orders and pending

26  Mattel motions to enforce and/or compel and by refusing to appear for deposition.

27  Mattel further objects to this Interrogatory to the extent that it calls for the disclosure

28

1 | of information subject to the attorney-client privilege, the attorney work-product
2 | doctrine and other applicable privileges.

3

4 | **INTERROGATORY NO. 7:**

5 | IDENTIFY every MATTEL PRODUCT whose sales YOU contend
6 | were harmed by MGA's sale of the Bratz line of dolls and products.

7 | **RESPONSE TO INTERROGATORY NO. 7:**

8 | In addition to the general objections stated above, Mattel specifically
9 | objects to this Interrogatory on the grounds that the defendants have exceeded the
10 | limit on the number of Interrogatories they may properly serve on Mattel without
11 | leave of the Court, which defendants have neither sought nor obtained.   Mattel
12 | further objects to this Interrogatory on the grounds that it is overly broad, unduly
13 | burdensome and seeks information that is neither relevant nor likely to lead to the
14 | discovery of admissible evidence.   This Interrogatory is also premature because
15 | defendants have not complied with their discovery obligations.  They have failed to
16 | produce witnesses for deposition and are withholding information and documents
17 | requested in violation of orders of the Discovery Master and the Court.   Mattel
18 | further objects to this Interrogatory on the grounds that it is vague and ambiguous
19 | including in that the facts needed to answer this Interrogatory are uniquely known
20 | by defendants and by third parties within defendants' control, but are not known by
21 | Mattel at this juncture because defendants refuse to disclose information to Mattel,
22 | including by refusing to produce information that is the subject of prior Court
23 | Orders and pending Mattel motions to enforce and/or compel and by refusing to
24 | appear for deposition. Mattel further objects to this Interrogatory to the extent that it
25 | calls for the disclosure of information subject to the attorney-client privilege, the
26 | attorney work-product doctrine and other applicable privileges.

27

28

**INTERROGATORY NO. 8:**

IDENTIFY every MATTEL PRODUCT whose sales YOU contend were harmed by ANY act or omission of MGA alleged in YOUR OPERATIVE COUNTERCLAIMS.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained.  Mattel further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Mattel further objects to this Interrogatory on the grounds that it is vague and ambiguous in its use of the term "OPERATIVE COUNTERCLAIMS."  Mattel objects to this Interrogatory because it is premature because it seeks information that will be the subject of expert discovery.  This Interrogatory is also premature because defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Mattel further objects to this Interrogatory on the grounds that it is vague and ambiguous including in that the facts needed to answer this Interrogatory are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to disclose information to Mattel, including by refusing to produce information that is the subject of prior Court Orders and pending Mattel motions to enforce and/or compel and by refusing to appear for deposition.  Mattel further objects to this Interrogatory to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

1 | **INTERROGATORY NO. 9:**

2 | IDENTIFY ANY evidence that YOU contend was destroyed or

3 | otherwise spoliated by or on behalf of MGA.

4 | **RESPONSE TO INTERROGATORY NO. 9:**

5 | In addition to the general objections stated above, Mattel specifically

6 | objects to this Interrogatory on the grounds that the defendants have exceeded the

7 | limit on the number of Interrogatories they may properly serve on Mattel without

8 | leave of the Court, which defendants have neither sought nor obtained. Mattel

9 | further objects to this Interrogatory on the grounds that it is overly broad, unduly

10 | burdensome and seeks information that is neither relevant nor likely to lead to the

11 | discovery of admissible evidence. Mattel objects to this Interrogatory because it is

12 | premature because it seeks information that will be the subject of expert discovery.

13 | This Interrogatory is also premature because defendants have not complied with

14 | their discovery obligations. They have failed to produce witnesses for deposition

15 | and are withholding information and documents requested in violation of orders of

16 | the Discovery Master and the Court. Mattel further objects to this Interrogatory on

17 | the grounds that it is vague and ambiguous including in that the facts needed to

18 | answer this Interrogatory are uniquely known by defendants and by third parties

19 | within defendants' control, but are not known by Mattel at this juncture because

20 | defendants refuse to disclose information to Mattel, including by refusing to produce

21 | information that is the subject of prior Court Orders and pending Mattel motions to

22 | enforce and/or compel and by refusing to appear for deposition. Mattel further

23 | objects to this Interrogatory to the extent that it calls for the disclosure of

24 | information subject to the attorney-client privilege, the attorney work-product

25 | doctrine and other applicable privileges.

26

27

28

**INTERROGATORY NO. 10:**

For each specific piece of evidence that YOU INDENTIFIED in response to Interrogatory No. 9, IDENTIFY the PERSON(S) that YOU contend destroyed or spoiled such specific piece of evidence.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained. Mattel further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Mattel objects to this Interrogatory because it is premature because it seeks information that will be the subject of expert discovery. This Interrogatory is also premature because defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel further objects to this Interrogatory on the grounds that it is vague and ambiguous including in that the facts needed to answer this Interrogatory are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to disclose information to Mattel, including by refusing to produce information that is the subject of prior Court Orders and pending Mattel motions to enforce and/or compel and by refusing to appear for deposition. Mattel further objects to this Interrogatory to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**INTERROGATORY NO. 11:**

For each piece of evidence YOU IDENTIFIED in response to Interrogatory No. 9, state ANY facts that support YOUR contention and IDENTIFY ANY PERSONS with knowledge of such facts and ANY DOCUMENTS that REFER OR RELATE to such facts.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained. Mattel further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. This Interrogatory is also premature because defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel further objects to this Interrogatory on the grounds that it is vague and ambiguous including in that the facts necessary to answer this Interrogatory are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to disclose information to Mattel, including by refusing to produce information that is the subject of prior Court Orders and pending Mattel motions to enforce and/or compel and by refusing to appear for deposition. Mattel further objects to this Interrogatory to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**INTERROGATORY NO. 12:**

IDENTIFY each act or omission by Isaac Larian that YOU contend constitutes "racketeering activity" as defined by 18 U.S.C. § 1961(1), IDENTIFY ANY PERSONS with knowledge of each alleged act or omission, and IDENTIFY ANY DOCUMENTS that REFER OR RELATE to each alleged act or omission.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained. Mattel further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Mattel objects to this Interrogatory because it is premature because it seeks information that will be the subject of expert discovery. This Interrogatory is also premature because defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel objects to this Interrogatory on the grounds that it is also premature, vague and ambiguous including in that facts needed to determine Larian's violations of the Racketeer Influenced and Corrupt Organization Act and the other facts necessary to answer this Interrogatory are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to disclose information to Mattel, including by refusing to produce information that is the subject of prior Court Orders and pending Mattel motions to enforce and/or compel and by refusing to appear for deposition. Mattel further objects to this Interrogatory to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

RESPONSES TO MGA'S FIRST SET OF PHASE 2 INTERROGATORIES

Exhibit 20 Page **290**

**INTERROGATORY NO. 13:**

IDENTIFY each act or omission by MGA that YOU contend constitutes "racketeering activity" as defined by 18 U.S.C. § 1961 (1) state ANY facts that support YOUR contention and IDENTIFY ANY PERSONS with knowledge of each alleged act or omission and ANY DOCUMENTS that REFER OR RELATE to each alleged act or omission.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained. Mattel further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Mattel objects to this Interrogatory because it is premature because it seeks information that will be the subject of expert discovery. This Interrogatory is also premature because defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel objects to this Interrogatory on the grounds that it is also premature, vague and ambiguous including in that facts needed to determine MGA's violations of the Racketeer Influenced and Corrupt Organization Act and the other facts necessary to answer this Interrogatory are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to disclose information to Mattel, including by refusing to produce information that is the subject of prior Court Orders and pending Mattel motions to enforce and/or compel and by refusing to appear for deposition. Mattel further objects to this Interrogatory

1   to the extent that it calls for the disclosure of information subject to the attorney-
2   client privilege, the attorney work-product doctrine and other applicable privileges.

3

4   **INTERROGATORY NO. 14:**

5           For each act or omission by MGA that YOU contend constitutes
6   "racketeering activity" as defined by 18 U.S.C. § 1961(4) state ANY facts which
7   support YOUR contention, if YOU so contend, that Isaac Larian participated in or
8   directed ANY such acts.

9   **RESPONSE TO INTERROGATORY NO. 14:**

10          In addition to the general objections stated above, Mattel specifically
11  objects to this Interrogatory on the grounds that the defendants have exceeded the
12  limit on the number of Interrogatories they may properly serve on Mattel without
13  leave of the Court, which defendants have neither sought nor obtained.   Mattel
14  further objects to this Interrogatory on the grounds that it is overly broad, unduly
15  burdensome and seeks information that is neither relevant nor likely to lead to the
16  discovery of admissible evidence.  Mattel objects to this Interrogatory because it is
17  premature because it seeks information that will be the subject of expert discovery.
18  This Interrogatory is also premature because defendants have not complied with
19  their discovery obligations.  They have failed to produce witnesses for deposition
20  and are withholding information and documents requested in violation of orders of
21  the Discovery Master and the Court.  Mattel objects to this Interrogatory on the
22  grounds that it is also premature, vague and ambiguous including in that facts
23  needed to determine MGA's violations of the Racketeer Influenced and Corrupt
24  Organization Act and the other facts necessary to answer this Interrogatory are
25  uniquely known by defendants and by third parties within defendants' control, but
26  are not known by Mattel at this juncture because defendants refuse to disclose
27  information to Mattel, including by refusing to produce information that is the
28  subject of prior Court Orders and pending Mattel motions to enforce and/or compel

1    and by refusing to appear for deposition.  Mattel further objects to this Interrogatory

2    to the extent that it calls for the disclosure of information subject to the attorney-

3    client privilege, the attorney work-product doctrine and other applicable privileges.

4

5    DATED:  May 18, 2009         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

6

7                           By /s/ Marshall M. Searcy III

8                             Marshall M. Searcy III

9                             Attorneys for Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2    I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa
3    Street, 10th Floor, Los Angeles, California 90017-2543.

4    On May 18, 2009, I served true copies of the following document(s) described as RESPONSES OF MATTEL, INC. TO MGA ENTERTAINMENT, INC.'S FIRST SET OF
5    PHASE 2 REQUESTS FOR ADMISSION; MATTEL, INC.'S OBJECTIONS TO MGA ENTERTAINMENT, INC.'S SECOND SET OF PHASE 2 REQUESTS FOR PRODUCTION OF
6    DOCUMENTS AND OTHER TANGIBLE THINGS; AND RESPONSES OF MATTEL, INC. TO MGA ENTERTAINMENT, INC.'S FIRST SET OF PHASE 2 INTERROGATORIES on the
7    parties in this action as follows:

8      Skadden, Arps, Slate, Meagher &             Glaser, Weil, Fink, Jacobs, & Shapiro,
        Flom LLP                                    LLP
9        Thomas J. Nolan, Esq.                        Patricia L. Glaser, Esq.
         Jason Russell, Esq.                        10250 Constellation Blvd 19th Floor
10     300 South Grand Ave., Suite 3400            Los Angeles, CA 90067
       Los Angeles, CA  90071                        pglaser@glaserweil.com
11       tnolan@skadden.com                        **Attorneys for** *the MGA Parties*
         jrussell@skadden.com
12     **Attorneys for** *the MGA Parties*

13     Mitchell, Silberberg, & Knupp, LLP          Overland Borenstein Scheper & Kim LLP
         Russell J. Frackman, Esq.                   Mark E. Overland, Esq.
14     11377 W. Olympic Blvd.                        Alexander H. Cote, Esq.
       Los Angeles, CA 90064                       601 W. 5th Street, 12th Floor
15       rjf@msk.com                               Los Angeles, CA 90017
       **Attorneys for** *the MGA Parties*           moverland@obsklaw.com
16                                                 **Attorneys for** *Carlos Gustavo Machado*
                                                   *Gomez*
17

18

19    **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with
20    postage thereon fully prepaid.

21    **BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from yalondadekle@quinnemanuel.com on May 18, 2009, by transmitting a PDF format copy of such
22    document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported
23    as complete and without error.

24    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

25    Executed on May 18, 2009, at Los Angeles, California.

26

27

28                                      Tenaya Rodewald

07975/2936641.1

Exhibit 20  Page 294

# Exhibit 21

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 090378)
     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11

12  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)
                                         Consolidated with
13          Plaintiff,                   Case Nos. CV 04-09059 & CV 05-2727

14      vs.                              Hon. Stephen G. Larson

15  MATTEL, INC., a Delaware             MATTEL, INC.'S OBJECTIONS TO
    corporation,                         MGA ENTERTAINMENT, INC.'S
16                                       SECOND SET OF PHASE 2
            Defendant.                   REQUESTS FOR PRODUCTION OF
17                                       DOCUMENTS AND OTHER
    _____ TANGIBLE THINGS
18  AND CONSOLIDATED ACTIONS

19                                       Phase 2:
                                         Discovery Cut-off: December 11, 2009
20                                       Pre-trial Conference: March 1, 2010
                                         Trial Date: March 23, 2010
21

22

23  PROPOUNDING PARTY:   MGA ENTERTAINMENT, INC.

24  RESPONDING PARTY:    MATTEL, INC.

25  SET NO.:             TWO (PHASE TWO) [NOS. 69-111]

26

27

28

07975/2935855.2

## Preliminary Statement

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Defendants have also failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered, disclosed or produced. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents. Further, Mattel notes that MGA is currently seeking a stay of discovery in this matter even while serving discovery on Mattel. Mattel's response to any of MGA Entertainment, Inc.'s ("MGA") Second Set of (Phase 2) Requests for the Production of Documents and Things (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request.

## General Objections

Mattel generally objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual request:

1. Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the Federal Rules of Civil Procedure.

2. Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege, the attorney work product doctrine, the right to privacy as set forth in the United States

07975/2935855.2

MATTEL'S RESPONSE TO MGA'S SECOND SET OF PHASE 2 REQUESTS FOR PRODUCTION OF DOCUMENTS

Exhibit 21  Page 296

1    and/or California Constitutions, or any other applicable law, privilege, immunity,
2    doctrine or other ground of privilege.  Mattel will not produce such privileged
3    documents.

4              3.      Mattel objects to the Requests on the grounds and to the extent
5    they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

6              4.      Mattel objects to the Requests on the grounds and to the extent
7    they seek information which is not relevant to the subject matter of this action nor
8    reasonably calculated to lead to the discovery of admissible evidence.

9              5.      Mattel objects to the Requests on the grounds and to the extent
10   they seek documents equally or more available to, or already in the possession,
11   custody or control of MGA.

12             6.      Mattel objects to the Requests on the grounds and to the extent
13   they seek documents not in Mattel's possession, custody or control.

14             7.      Mattel objects to the Requests on the grounds that they are
15   unduly burdensome and vague and ambiguous in that they purport to require Mattel
16   to identify and produce documents relating to matters that are currently known to
17   and in the possession, custody and control of defendants and third parties, including
18   third parties associated with defendants, and that are not known to Mattel.

19             8.      Mattel objects to the Requests on the grounds that they seek the
20   production of documents or information that are in the possession, custody and
21   control of independent parties over whom Mattel has no control, including without
22   limitation defendants, and seek the disclosure of information or documents that are
23   in the possession, custody and control of defendants or are publicly available and
24   hence equally available to all parties to this litigation.

25             9.      Mattel objects to the Requests on the ground and to the extent
26   they seek trade secret, proprietary or otherwise confidential information of Mattel or
27   third parties or would violate the terms of any agreement or contracts with third

28

1   parties.  Any such documents that are produced, if any, will be produced only

2   pursuant to and in reliance upon the Protective Order entered in this case.

3          10.    Mattel objects to each and every Request that seeks "all"

4   documents which constitute, mention, refer or relate to a given topic on the grounds

5   of undue burden and oppression.  Mattel will make available for inspection and

6   copying those documents and tangible items, if any, that it is able to locate after a

7   reasonable, good-faith search for and review of non-privileged responsive

8   documents.

9          11.    Mattel objects to each and every Request to the extent they seek

10  documents in the possession, custody or control of a foreign subsidiary of a party.

11  The MGA Defendants have objected that such documents are not within the scope

12  of requests to a domestic party.

13         12.    Mattel objects to each and every Request to the extent that they

14  seek documents already produced in this action.  Documents which have already

15  been produced will not be produced again in response to these requests.

16         13.    Objection to the production of any document or category of

17  documents described in the Requests, or agreement to produce any such documents,

18  is not and shall not be construed as an admission by Mattel that any such documents

19  or category of documents exist.  Where the responses indicate that Mattel will

20  produce such responsive documents, such documents, if any, will be produced if and

21  to the extent any such documents are in Mattel's possession, custody or control.

22         14.    Mattel objects to the time, place and manner of production

23  specified in defendant's Requests.  At a mutually agreeable time and place, Mattel

24  will produce such responsive, non-privileged documents and tangible things, if any

25  and to the extent not previously produced, in accordance with its responses at a time

26  and place and in a manner that is reasonable, convenient and mutually agreed upon

27  by the parties.

28

-3-

MATTEL'S RESPONSE TO MGA'S SECOND SET OF PHASE 2
REQUESTS FOR PRODUCTION OF DOCUMENTS

Exhibit 21  Page 298

## RESPONSE TO REQUESTS FOR PRODUCTION

Each of the following objections and responses to the Requests is expressly made subject to the above Preliminary Statement and General Objections, all of which are incorporated in each of the following objections and responses to specific Requests. A statement that Mattel will produce documents or tangible things in response to a Request is not intended to suggest, nor should it be construed to mean, that any such documents or tangible things exist, or that they are in Mattel's possession, custody or control.

## REQUEST FOR PRODUCTION NO. 69:

All DOCUMENTS identified, described or referenced in YOUR response to INTERROGATORY NO. 1 or containing information that YOU used or to which YOU referred in formulating the response.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 69:

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel further specifically objects to this Request on the grounds and to the extent that it calls for the production of documents subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges. Such documents will not be produced. Mattel further specifically objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to the Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial. Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial. Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules. Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations by failing to produce witnesses for deposition and withholding information and documents requested in violation of orders of the

1  Discovery Master and the Court.  Mattel further objects to this Request on the
2  ground and to the extent it seeks trade secret, proprietary or otherwise confidential
3  information of Mattel or third parties.  Any such documents that are produced, if
4  any, will be produced only pursuant to and in reliance upon the Protective Order
5  entered in this case.  Mattel also objects to this Request to the extent it seeks
6  documents that are in the possession, custody and control of a foreign subsidiary of
7  a party on the basis that MGA has objected that such documents are not within the
8  scope of requests to a domestic party.  Mattel further objects to this Request to the
9  extent that it may seek documents already produced by Mattel, including documents
10  stolen by MGA and other defendants.  Such documents will not be produced again.
11
12  **REQUEST FOR PRODUCTION NO. 70:**
13          All DOCUMENTS identified, described or referenced in YOUR
14  response to INTERROGATORY NO. 2 or containing information that YOU used or
15  to which YOU referred in formulating the response.
16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**
17          Mattel incorporates by reference the above-stated general objections as
18  if fully set forth herein.  Mattel further specifically objects to this Request on the
19  grounds and to the extent that it calls for the production of documents subject to the
20  attorney-client privilege, the attorney work product doctrine and other applicable
21  privileges.  Such documents will not be produced.  Mattel further objects to this
22  Request on the grounds that it is vague and ambiguous.  Mattel further objects to the
23  Request on the ground that it is premature because the subject matter of this Request
24  will be the subject of expert testimony at trial.  Mattel objects to this Request to the
25  extent it seeks to limit the expert testimony that Mattel may seek to introduce at
26  trial.  Mattel will identify its experts and make related disclosures in accordance
27  with the Court's orders and applicable rules.  Mattel further objects that this Request
28  is premature because Defendants have not complied with their discovery obligations

-5-

Exhibit 21  Page 2/0

1 | by failing to produce witnesses for deposition and withholding information and
2 | documents requested in violation of orders of the Discovery Master and the Court.
3 | Mattel further objects to this Request on the ground and to the extent it seeks trade
4 | secret, proprietary or otherwise confidential information of Mattel or third parties.
5 | Any such documents that are produced, if any, will be produced only pursuant to
6 | and in reliance upon the Protective Order entered in this case.  Mattel also objects to
7 | this Request to the extent it seeks documents that are in the possession, custody and
8 | control of a foreign subsidiary of a party on the basis that MGA has objected that
9 | such documents are not within the scope of requests to a domestic party. Mattel
10 | further objects to this Request to the extent that it may seek documents already
11 | produced by Mattel, including documents stolen by MGA and other defendants.
12 | Such documents will not be produced again.

13 |

14 | **REQUEST FOR PRODUCTION NO. 71:**

15 |       All DOCUMENTS identified, described or referenced in YOUR
16 | response to INTERROGATORY NO. 3 or containing information that YOU used or
17 | to which YOU referred in formulating the response.

18 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

19 |       Mattel incorporates by reference the above-stated general objections as
20 | if fully set forth herein.  Mattel further specifically objects to this Request on the
21 | grounds and to the extent that it calls for the production of documents subject to the
22 | attorney-client privilege, the attorney work product doctrine and other applicable
23 | privileges.  Such documents will not be produced.  Mattel further objects to this
24 | Request on the grounds that it is vague and ambiguous.  Mattel further objects to the
25 | Request on the ground that it is premature because the subject matter of this Request
26 | will be the subject of expert testimony at trial.  Mattel objects to this Request to the
27 | extent it seeks to limit the expert testimony that Mattel may seek to introduce at
28 | trial.  Mattel will identify its experts and make related disclosures in accordance

1  with the Court's orders and applicable rules. Mattel further objects that this Request
2  is premature because Defendants have not complied with their discovery obligations
3  by failing to produce witnesses for deposition and withholding information and
4  documents requested in violation of orders of the Discovery Master and the Court.
5  Mattel further objects to this Request on the ground and to the extent it seeks trade
6  secret, proprietary or otherwise confidential information of Mattel or third parties.
7  Any such documents that are produced, if any, will be produced only pursuant to
8  and in reliance upon the Protective Order entered in this case. Mattel also objects to
9  this Request to the extent it seeks documents that are in the possession, custody and
10  control of a foreign subsidiary of a party on the basis that MGA has objected that
11  such documents are not within the scope of requests to a domestic party. Mattel
12  further objects to this Request to the extent that it may seek documents already
13  produced by Mattel, including documents stolen by MGA and other defendants.
14  Such documents will not be produced again.
15
16  **REQUEST FOR PRODUCTION NO. 72:**
17          All DOCUMENTS identified, described or referenced in YOUR
18  response to INTERROGATORY NO. 4 or containing information that YOU used or
19  to which YOU referred in formulating the response.
20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**
21          Mattel incorporates by reference the above-stated general objections as
22  if fully set forth herein. Mattel also specifically objects to this Request on the
23  grounds that it is vague and ambiguous. Mattel further objects to the Request on the
24  ground that it is premature because the subject matter of this Request will be the
25  subject of expert testimony at trial. Mattel objects to this Request to the extent it
26  seeks to limit the expert testimony that Mattel may seek to introduce at trial. Mattel
27  will identify its experts and make related disclosures in accordance with the Court's
28  orders and applicable rules. Mattel further objects that this Request is premature

-7-

Exhibit 21  Page 2/2

1 | because Defendants have not complied with their discovery obligations by failing to
2 | produce witnesses for deposition and withholding information and documents
3 | requested in violation of orders of the Discovery Master and the Court.  Mattel
4 | further objects to this Request to the extent that it calls for the disclosure of
5 | information subject to the attorney-client privilege, the attorney work-product
6 | doctrine and other applicable privileges.  Such documents will not be produced.
7 | Mattel further objects to this Request on the ground and to the extent it seeks trade
8 | secret, proprietary or otherwise confidential information of Mattel or third parties.
9 | Any such documents that are produced, if any, will be produced only pursuant to
10 | and in reliance upon the Protective Order entered in this case.  Mattel also objects to
11 | this Request to the extent it seeks documents that are in the possession, custody and
12 | control of a foreign subsidiary of a party on the basis that MGA has objected that
13 | such documents are not within the scope of requests to a domestic party.  Mattel
14 | further objects to this Request to the extent that it may seek documents already
15 | produced by Mattel, including documents stolen by MGA and other defendants.
16 | Such documents will not be produced again.

17 |

18 | **REQUEST FOR PRODUCTION NO. 73:**

19 | For each MATTEL HARMED PRODUCT sold by YOU or YOUR
20 | licensees anywhere in the world, produce DOCUMENTS sufficient to show, for
21 | each year from January 1, 1998 to the present:  (a) the number of units of such
22 | MATTEL HARMED PRODUCT sold; (b) revenue received by YOU from such
23 | sales of each such product; (c) all costs YOU incurred in connection with each such
24 | product, including but not limited to YOUR cost of goods sold; and (d) YOUR gross
25 | and net profits from each such product.

26 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

27 | Mattel incorporates by reference the above-stated general objections as
28 | if fully set forth herein.  Mattel further objects to the Request on the ground that it is

07975/2935855.2

-8-

Exhibit 21  Page 213

1   premature because the subject matter of this Request will be the subject of expert

2   testimony at trial. Mattel objects to this Request to the extent it seeks to limit the

3   expert testimony that Mattel may seek to introduce at trial. Mattel will identify its

4   experts and make related disclosures in accordance with the Court's orders and

5   applicable rules. Mattel further objects to this Request on the grounds that is vague

6   and ambiguous, overly-broad, unduly burdensome and seeks irrelevant information,

7   including as a result of the terms "licensees" and "MATTEL HARMED

8   PRODUCT." Mattel objects to MGA's concurrently served Interrogatories Nos. 7

9   and 8, on which the definition of this term is based, in their entirety, and Mattel

10   additionally objects to this request on the grounds stated in Mattel's objections to

11   those Interrogatories, including without limitation that MGA's Interrogatories

12   exceed the number permitted by the <u>Federal Rules</u>. Mattel further objects that this

13   Request is premature because Defendants have not complied with their discovery

14   obligations by failing to produce witnesses for deposition and withholding

15   information and documents requested in violation of orders of the Discovery Master

16   and the Court. Mattel further objects that this Request is premature in that Mattel

17   has not yet calculated its damages, nor is Mattel required to elect a damages theory

18   at this point. Mattel further objects to this Request to the extent that it calls for the

19   disclosure of information subject to the attorney-client privilege, the attorney work-

20   product doctrine and other applicable privileges. Mattel further objects to this

21   Request on the ground and to the extent it seeks trade secret, proprietary or

22   otherwise confidential information of Mattel or third parties. Any such documents

23   that are produced, if any, will be produced only pursuant to and in reliance upon the

24   Protective Order entered in this case. Mattel also objects to this Request to the

25   extent it seeks documents that are in the possession, custody and control of a foreign

26   subsidiary of a party on the basis that MGA has objected that such documents are

27   not within the scope of requests to a domestic party. Mattel further objects to this

28   Request to the extent that it may seek documents already produced by Mattel,

-9-

Exhibit 21  Page 2/4

1 | including documents stolen by MGA and other defendants. Such documents will
2 | not be produced again.

3

4 | **REQUEST FOR PRODUCTION NO. 74:**

5 |         For each MATTEL HARMED PRODUCT sold by YOU or YOUR
6 | licensees in the United States, produce DOCUMENTS sufficient to show, for each
7 | year from January 1, 1998 to the present, and with respect to sales in or from the
8 | United States, only: (a) the number of units of such MATTEL HARMED
9 | PRODUCT sold; (b) revenue received by YOU from such sales of each such
10 | product, (c) all costs YOU incurred in connection will each such product, including
11 | but not limited to YOUR cost of goods sold; and (d) YOUR gross and net profits
12 | from each such product sold in the United States.

13 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

14 |         Mattel incorporates by reference the above-stated general objections as
15 | if fully set forth herein. Mattel further objects to the Request on the ground that it is
16 | premature because the subject matter of this Request will be the subject of expert
17 | testimony at trial. Mattel objects to this Request to the extent it seeks to limit the
18 | expert testimony that Mattel may seek to introduce at trial. Mattel will identify its
19 | experts and make related disclosures in accordance with the Court's orders and
20 | applicable rules. Mattel further objects to this Request on the grounds that the term
21 | MATTEL HARMED PRODUCT is vague and ambiguous and makes the request
22 | overly-broad and unduly burdensome. Mattel objects to MGA's concurrently
23 | served Interrogatories Nos. 7 and 8, on which the definition of this term is based, in
24 | their entirety, and Mattel additionally objects to this request on the grounds stated in
25 | Mattel's objections to those Interrogatories, including without limitation that MGA's
26 | Interrogatories exceed the number permitted by the Federal Rules. Mattel further
27 | objects that this Request is premature because Defendants have not complied with
28 | their discovery obligations by failing to produce witnesses for deposition and

-10-

Exhibit 21  Page 215

1   withholding information and documents requested in violation of orders of the

2   Discovery Master and the Court.  Mattel further objects that this Request is

3   premature in that Mattel has not yet calculated its damages, nor is Mattel required to

4   elect a damages theory at this point.  Mattel further objects to this Request to the

5   extent that it calls for the disclosure of information subject to the attorney-client

6   privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

7   further objects to this Request on the ground and to the extent it seeks trade secret,

8   proprietary or otherwise confidential information of Mattel or third parties.  Any

9   such documents that are produced, if any, will be produced only pursuant to and in

10  reliance upon the Protective Order entered in this case.  Mattel also objects to this

11  Request to the extent it seeks documents that are in the possession, custody and

12  control of a foreign subsidiary of a party on the basis that MGA has objected that

13  such documents are not within the scope of requests to a domestic party.  Mattel

14  further objects to this Request to the extent that it may seek documents already

15  produced by Mattel, including documents stolen by MGA and other defendants.

16  Such documents will not be produced again.

17

18  **REQUEST FOR PRODUCTION NO. 75:**

19          For each MATTEL HARMED PRODUCT sold by YOU or YOUR

20  licensees in Canada, produce DOCUMENTS sufficient to show, for each year from

21  January 1, 1998 to the present, and with respect to sales in or from Canada, only:

22  (a) the number of units of each such MATTEL HARMED PRODUCT sold;

23  (b) revenue received by YOU from such sales of each such product; (c) all costs

24  YOU have incurred in connection with cad such product, including but not limited

25  to YOUR cost of goods sold; and (d) YOUR gross and net profits from each such

26  product.

27

28

07975/2935855.2

-11-

Exhibit 21  Page 2/6

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel further specifically objects to the Request on the grounds that the request is overly broad, unduly burdensome and seeks irrelevant information. Mattel further objects on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial. Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial. Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules. Mattel further objects to this Request on the grounds that the term MATTEL HARMED PRODUCT is vague and ambiguous and makes the request overly-broad and unduly burdensome. Mattel objects to MGA's concurrently served Interrogatories Nos. 7 and 8, on which the definition of this term is based, in their entirety, and Mattel additionally objects to this request on the grounds stated in Mattel's objections to those Interrogatories, including without limitation that MGA's Interrogatories exceed the number permitted by the <u>Federal Rules</u>. Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations by failing to produce witnesses for deposition and withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel further objects that this Request is premature in that Mattel has not yet calculated its damages, nor is Mattel required to elect a damages theory at this point. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties. Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case. Mattel also objects to this Request to the

-12-

Exhibit 21 Page 217

1  extent it seeks documents that are in the possession, custody and control of a foreign

2  subsidiary of a party on the basis that MGA has objected that such documents are

3  not within the scope of requests to a domestic party.  Mattel further objects to this

4  Request to the extent that it may seek documents already produced by Mattel,

5  including documents stolen by MGA and other defendants.  Such documents will

6  not be produced again.

7

8  **REQUEST FOR PRODUCTION NO. 76:**

9       For <u>each</u> MATTEL HARMED PRODUCT sold by YOU or YOUR

10  licensees in Mexico, produce DOCUMENTS sufficient to show, for <u>each</u> year from

11  January 1, 1998 to the present, and with respect to sales in or from Mexico, only:

12  (a) the number of units by year, of each MATTEL HARMED PRODUCT sold;

13  (b) revenue received by YOU from such sales of each such product; (c) all costs

14  YOU have incurred in connection with each such product, including but not limited

15  to YOUR cost of goods sold; and (d) YOUR gross and net profits from each such

16  product.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

18       Mattel incorporates by reference the above-stated general objections as

19  if fully set forth herein.  Mattel further specifically objects to the Request on the

20  grounds that the request is overly broad, unduly burdensome and seeks irrelevant

21  information.  Mattel further objects to the Request on the ground that it is premature

22  because the subject matter of this Request will be the subject of expert testimony at

23  trial.  Mattel objects to this Request to the extent it seeks to limit the expert

24  testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts

25  and make related disclosures in accordance with the Court's orders and applicable

26  rules.  Mattel further objects to this Request on the grounds that the term MATTEL

27  HARMED PRODUCT is vague and ambiguous and makes the request overly-broad

28  and unduly burdensome.  Mattel objects to MGA's concurrently served

07975/2935855.2

-13-

Exhibit 21  Page _218_

1   Interrogatories Nos. 7 and 8, on which the definition of this term is based, in their
2   entirety, and Mattel additionally objects to this request on the grounds stated in
3   Mattel's objections to those Interrogatories, including on the basis that MGA's
4   Interrogatories violate the limits set forth in the <u>Federal Rules</u>. Mattel further
5   objects that this Request is premature because Defendants have not complied with
6   their discovery obligations by failing to produce witnesses for deposition and
7   withholding information and documents requested in violation of orders of the
8   Discovery Master and the Court. Mattel further objects that this Request is
9   premature in that Mattel has not yet calculated its damages, nor is Mattel required to
10  elect a damages theory at this point. Mattel further objects to this Request to the
11  extent that it calls for the disclosure of information subject to the attorney-client
12  privilege, the attorney work-product doctrine and other applicable privileges. Mattel
13  further objects to this Request on the ground and to the extent it seeks trade secret,
14  proprietary or otherwise confidential information of Mattel or third parties. Any
15  such documents that are produced, if any, will be produced only pursuant to and in
16  reliance upon the Protective Order entered in this case. Mattel also objects to this
17  Request to the extent it seeks documents that are in the possession, custody and
18  control of a foreign subsidiary of a party on the basis that MGA has objected that
19  such documents are not within the scope of requests to a domestic party. Mattel
20  further objects to this Request to the extent that it may seek documents already
21  produced by Mattel, including documents stolen by MGA and other defendants.
22  Such documents will not be produced again.
23
24  **REQUEST FOR PRODUCTION NO. 77:**
25      All DOCUMENTS that REFER OR RELATE to ANY potential,
26  perceived, anticipated, or actual effect that the 2007 TOY RECALL had on the sales
27  of MATTEL PRODUCTS.
28

07975/2935855.2

-14-

Exhibit 21  Page 2/9

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

2          Mattel incorporates by reference the above-stated general objections as

3   if fully set forth herein. Mattel objects that the Request is vague and ambiguous,

4   seeks information that is neither relevant nor reasonably calculated to lead to the

5   discovery of admissible evidence and is overly broad and unduly burdensome.

6   Mattel further objects to the Request on the ground that it is premature because the

7   subject matter of this Request will be the subject of expert testimony at trial. Mattel

8   objects to this Request to the extent it seeks to limit the expert testimony that Mattel

9   may seek to introduce at trial. Mattel will identify its experts and make related

10  disclosures in accordance with the Court's orders and applicable rules. Mattel

11  further objects that this Request is premature because Defendants have not complied

12  with their discovery obligations by failing to produce witnesses for deposition and

13  withholding information and documents requested in violation of orders of the

14  Discovery Master and the Court. Mattel further objects that this Request is

15  premature in that Mattel has not yet calculated its damages, nor is Mattel required to

16  elect a damages theory at this point. Mattel further objects to this Request to the

17  extent that it calls for the disclosure of information subject to the attorney-client

18  privilege, the attorney work-product doctrine and other applicable privileges. Mattel

19  further objects to this Request on the ground and to the extent it seeks trade secret,

20  proprietary or otherwise confidential information of Mattel or third parties. Any

21  such documents that are produced, if any, will be produced only pursuant to and in

22  reliance upon the Protective Order entered in this case. Mattel also objects to this

23  Request to the extent it seeks documents that are in the possession, custody and

24  control of a foreign subsidiary of a party on the basis that MGA has objected that

25  such documents are not within the scope of requests to a domestic party. Mattel

26  further objects to this Request to the extent that it may seek documents already

27  produced by Mattel, including documents stolen by MGA and other defendants.

28  Such documents will not be produced again.

07975/2935855.2

-15-

Exhibit 21  Page 220

1 | **REQUEST FOR PRODUCTION NO. 78:**

2 |             ALL non-privileged COMMUNICATIONS between MATTEL and

3 | ANY PERSON that REFER OR RELATE to who was at fault for the 2007 TOY

4 | RECALL.

5 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

6 |             Mattel incorporates by reference the above-stated general objections as

7 | if fully set forth herein.  Mattel also specifically objects to this Request on the

8 | grounds that it is vague and ambiguous, seeks information not relevant to the subject

9 | matter of this action nor reasonably calculated to lead to the discovery of admissible

10 | evidence and is overly broad and unduly burdensome.  Mattel further objects to the

11 | Request on the ground that it is premature because the subject matter of this Request

12 | will be the subject of expert testimony at trial.  Mattel objects to this Request to the

13 | extent it seeks to limit the expert testimony that Mattel may seek to introduce at

14 | trial.  Mattel will identify its experts and make related disclosures in accordance

15 | with the Court's orders and applicable rules.  Mattel further objects that this Request

16 | is premature because Defendants have not complied with their discovery obligations

17 | by failing to produce witnesses for deposition and withholding information and

18 | documents requested in violation of orders of the Discovery Master and the Court.

19 | Mattel further objects that this Request is premature in that Mattel has not yet

20 | calculated its damages, nor is Mattel required to elect a damages theory at this point.

21 | Mattel further objects to this Request to the extent that it calls for the disclosure of

22 | information subject to the attorney-client privilege, the attorney work-product

23 | doctrine and other applicable privileges.  Mattel further objects to this Request on

24 | the ground and to the extent it seeks trade secret, proprietary or otherwise

25 | confidential information of Mattel or third parties.  Any such documents that are

26 | produced, if any, will be produced only pursuant to and in reliance upon the

27 | Protective Order entered in this case.  Mattel also objects to this Request to the

28 | extent it seeks documents that are in the possession, custody and control of a foreign

07975/2935855.2

-16-

Exhibit 21  Page 221

1   subsidiary of a party on the basis that MGA has objected that such documents are
2   not within the scope of requests to a domestic party.  Mattel further objects to this
3   Request to the extent that it may seek documents already produced by Mattel.  Such
4   documents will not be produced again.
5
6   **REQUEST FOR PRODUCTION NO. 79:**
7           ALL non-privileged COMMUNICATIONS between MATTEL and
8   ANY PERSON that REFER OR RELATE to ANY lobbying efforts by or on behalf
9   of MATTEL concerning proposed legislation before the U.S. Congress to ban ANY
10  chemicals or other substances found in MATTEL PRODUCTS.
11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**
12          Mattel incorporates by reference the above-stated general objections as
13  if fully set forth herein.  Mattel also specifically objects to this Request on the
14  grounds that it is vague and ambiguous, seeks information not relevant to the subject
15  matter of this action nor reasonably calculated to lead to the discovery of admissible
16  evidence and is overly broad and unduly burdensome.  Mattel objects to the use of
17  the phrase "proposed legislation" as being vague, ambiguous, and overbroad.  Mattel
18  further objects that this Request is premature because Defendants have not complied
19  with their discovery obligations by failing to produce witnesses for deposition and
20  withholding information and documents requested in violation of orders of the
21  Discovery Master and the Court.  Mattel further objects to this Request to the extent
22  that it calls for the disclosure of information subject to the attorney-client privilege,
23  the attorney work-product doctrine and other applicable privileges.  Mattel further
24  objects to this Request on the ground and to the extent it seeks trade secret,
25  proprietary or otherwise confidential information of Mattel or third parties.  Any
26  such documents that are produced, if any, will be produced only pursuant to and in
27  reliance upon the Protective Order entered in this case.  Mattel also objects to this
28  Request to the extent it seeks documents that are in the possession, custody and

-17-

Exhibit 21  Page 222

1  control of a foreign subsidiary of a party on the basis that MGA has objected that

2  such documents are not within the scope of requests to a domestic party.

3

4  **REQUEST FOR PRODUCTION NO. 80:**

5          ALL DOCUMENTS that REFER OR RELATE to the recall of ANY

6  MATTEL HARMED PRODUCTS from January 1, 2000 to the present.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

8          Mattel incorporates by reference the above-stated general objections as

9  if fully set forth herein.  Mattel also specifically objects to this Request in that it

10  seeks information not relevant to the subject matter of this action nor reasonably

11  calculated to lead to the discovery of admissible evidence and is overly broad and

12  unduly burdensome.  Mattel further objects to this Request on the grounds that the

13  term MATTEL HARMED PRODUCT is vague and ambiguous and makes the

14  request overly-broad and unduly burdensome.  Mattel objects to MGA's

15  concurrently served Interrogatories Nos. 7 and 8, on which the definition of this

16  term is based, in their entirety, and Mattel additionally objects to this request on the

17  grounds stated in Mattel's objections to those Interrogatories, including without

18  limitation in that such Interrogatories exceed the limit set by the Federal Rules.

19  Mattel further objects that this Request is premature because Defendants have not

20  complied with their discovery obligations by failing to produce witnesses for

21  deposition and withholding information and documents requested in violation of

22  orders of the Discovery Master and the Court.  Mattel further objects that this

23  Request is premature in that Mattel has not yet calculated its damages, nor is Mattel

24  required to elect a damages theory at this point.  Mattel further objects to this

25  Request to the extent that it calls for the disclosure of information subject to the

26  attorney-client privilege, the attorney work-product doctrine and other applicable

27  privileges.  Mattel further objects to this Request on the ground and to the extent it

28  seeks trade secret, proprietary or otherwise confidential information of Mattel or

07975/2935855.2

-18-

Exhibit 21  Page 223

1   third parties.  Any such documents that are produced, if any, will be produced only

2   pursuant to and in reliance upon the Protective Order entered in this case.  Mattel

3   also objects to this Request to the extent it seeks documents that are in the

4   possession, custody and control of a foreign subsidiary of a party on the basis that

5   MGA has objected that such documents are not within the scope of requests to a

6   domestic party.

7

8   **REQUEST FOR PRODUCTION NO. 81:**

9          ALL CORRESPONDENCE between MATTEL and the Consumer

10  Product Safety Commission that REFER OR RELATE to the 2007 TOY RECALL.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

12         Mattel incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Mattel objects that the Request is vague and ambiguous,

14  unduly burdensome and overly broad and seeks information that is neither relevant

15  nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel

16  further objects to this Request to the extent that it calls for the disclosure of

17  information subject to the attorney-client privilege, the attorney work-product

18  doctrine and other applicable privileges.  Mattel further objects to this Request on

19  the ground and to the extent it seeks trade secret, proprietary or otherwise

20  confidential information of Mattel or third parties.  Any such documents that are

21  produced, if any, will be produced only pursuant to and in reliance upon the

22  Protective Order entered in this case.  Mattel also objects to this Request to the

23  extent it seeks documents that are in the possession, custody and control of a foreign

24  subsidiary of a party on the basis that MGA has objected that such documents are

25  not within the scope of requests to a domestic party.

26

27

28

07975/2935855.2

-19-

Exhibit 21  Page 224

1  **REQUEST FOR PRODUCTION NO. 82:**

2  A copy of every complaint filed against MATTEL that REFERS OR

3  RELATES to the recall of ANY MATTEL HARMED PRODUCTS from January 1,

4  2001 to the present.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

6  Mattel incorporates by reference the above-stated general objections as

7  if fully set forth herein.  Mattel objects that the Request is vague and ambiguous,

8  unduly burdensome and overly broad and seeks information that is neither relevant

9  nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel

10  further objects to this Request on the grounds that the term MATTEL HARMED

11  PRODUCT is vague and ambiguous and makes the request overly-broad and unduly

12  burdensome.  Mattel objects to MGA's concurrently served Interrogatories Nos. 7

13  and 8, on which the definition of this term is based, in their entirety, and Mattel

14  additionally objects to this request on the grounds stated in Mattel's objections to

15  those Interrogatories, including without limitation in that such Interrogatories

16  exceed the limit set by the Federal Rules.  Mattel further objects to this Request to

17  the extent that it calls for the disclosure of information subject to the attorney-client

18  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

19  further objects to this Request on the ground and to the extent it seeks trade secret,

20  proprietary or otherwise confidential information of Mattel or third parties.  Any

21  such documents that are produced, if any, will be produced only pursuant to and in

22  reliance upon the Protective Order entered in this case.  Mattel also objects to this

23  Request to the extent it seeks documents that are in the possession, custody and

24  control of a foreign subsidiary of a party on the basis that MGA has objected that

25  such documents are not within the scope of requests to a domestic party.

26

27

28

1 **REQUEST FOR PRODUCTION NO. 83:**

2          ALL DOCUMENTS that REFER OR RELATE to ANY studies,

3 reports, analyses focus groups, polling, or ANY other research concerning whether

4 the 2007 TOY RECALL impacted sales of the MATTEL PRODUCTS.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

6          Mattel incorporates by reference the above-stated general objections as

7 if fully set forth herein.  Mattel objects that the Request is vague and ambiguous,

8 unduly burdensome and overly broad and seeks information that is neither relevant

9 nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel

10 further objects to this Request to the extent that it calls for the disclosure of

11 information subject to the attorney-client privilege, the attorney work-product

12 doctrine and other applicable privileges.  Mattel further objects to this Request on

13 the ground and to the extent it seeks trade secret, proprietary or otherwise

14 confidential information of Mattel or third parties.  Any such documents that are

15 produced, if any, will be produced only pursuant to and in reliance upon the

16 Protective Order entered in this case.  Mattel also objects to this Request to the

17 extent it seeks documents that are in the possession, custody and control of a foreign

18 subsidiary of a party on the basis that MGA has objected that such documents are

19 not within the scope of requests to a domestic party.

20

21 **REQUEST FOR PRODUCTION NO. 84:**

22          ALL DOCUMENTS that REFER OR RELATE to ANY studies,

23 reports, analyses focus groups, polling, or ANY other research concerning whether

24 the recall of ANY MATTEL PRODUCT impacted sales of the MATTEL

25 HARMED PRODUCTS.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

27          Mattel incorporates by reference the above-stated general objections as

28 if fully set forth herein.  Mattel objects that the Request is vague and ambiguous,

07975/2935855.2

-21-

Exhibit 21  Page 226

1   unduly burdensome and overly broad and seeks information that is neither relevant

2   nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel

3   further objects to this Request on the grounds that the term MATTEL HARMED

4   PRODUCT is vague and ambiguous and makes the request overly-broad and unduly

5   burdensome.  Mattel objects to MGA's concurrently served Interrogatories Nos. 7

6   and 8, on which the definition of this term is based, in their entirety, and Mattel

7   additionally objects to this request on the grounds stated in Mattel's objections to

8   those Interrogatories, including without limitation in that such Interrogatories

9   exceed the limit set by the Federal Rules.  Mattel further objects to this Request to

10  the extent that it calls for the disclosure of information subject to the attorney-client

11  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

12  further objects to this Request on the ground and to the extent it seeks trade secret,

13  proprietary or otherwise confidential information of Mattel or third parties.  Any

14  such documents that are produced, if any, will be produced only pursuant to and in

15  reliance upon the Protective Order entered in this case.  Mattel also objects to this

16  Request to the extent it seeks documents that are in the possession, custody and

17  control of a foreign subsidiary of a party on the basis that MGA has objected that

18  such documents are not within the scope of requests to a domestic party.

19

20  **REQUEST FOR PRODUCTION NO. 85:**

21          ALL DOCUMENTS that REFER OR RELATE to ANY studies,

22  reports, analyses, focus groups, polling, or ANY other research concerning ANY

23  decline in the sales of the MATTEL HARMED PRODUCTS.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

25          Mattel incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Mattel objects that the Request is vague and ambiguous,

27  unduly burdensome and overly broad and seeks information that is neither relevant

28  nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel

1 further objects to this Request to the extent that it calls for the disclosure of

2 information subject to the attorney-client privilege, the attorney work-product

3 doctrine and other applicable privileges.  Mattel further objects to this Request on

4 the grounds that the term MATTEL HARMED PRODUCT is vague and ambiguous

5 and makes the request overly-broad and unduly burdensome.  Mattel objects to

6 MGA's concurrently served Interrogatories Nos. 7 and 8, on which the definition of

7 this term is based, in their entirety, and Mattel additionally objects to this request on

8 the grounds stated in Mattel's objections to those Interrogatories, including without

9 limitation in that such Interrogatories exceed the limit set by the Federal Rules.

10 Mattel further objects to this Request on the ground and to the extent it seeks trade

11 secret, proprietary or otherwise confidential information of Mattel or third parties.

12 Any such documents that are produced, if any, will be produced only pursuant to

13 and in reliance upon the Protective Order entered in this case.  Mattel also objects to

14 this Request to the extent it seeks documents that are in the possession, custody and

15 control of a foreign subsidiary of a party on the basis that MGA has objected that

16 such documents are not within the scope of requests to a domestic party.

17

18 **REQUEST FOR PRODUCTION NO. 86:**

19          All DOCUMENTS that REFER OR RELATE to ANY studies, reports,

20 analyses, focus groups, polling, or ANY other research generated from January 1,

21 2000 to the present that discuss, refer to or concern the sales or popularity of the

22 Barbie line of dolls and products.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

24          Mattel incorporates by reference the above-stated general objections as

25 if fully set forth herein.  Mattel objects that the Request is vague and ambiguous,

26 unduly burdensome and overly broad and seeks information that is neither relevant

27 nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel

28 further objects to this Request to the extent that it calls for the disclosure of

1 | information subject to the attorney-client privilege, the attorney work-product
2 | doctrine and other applicable privileges.  Mattel further objects to this Request on
3 | the ground and to the extent it seeks trade secret, proprietary or otherwise
4 | confidential information of Mattel or third parties.  Any such documents that are
5 | produced, if any, will be produced only pursuant to and in reliance upon the
6 | Protective Order entered in this case.  Mattel also objects to this Request to the
7 | extent it seeks documents that are in the possession, custody and control of a foreign
8 | subsidiary of a party on the basis that MGA has objected that such documents are
9 | not within the scope of requests to a domestic party.  Mattel further objects to this
10 | Request to the extent that it may seek documents already produced by Mattel,
11 | including documents stolen by MGA and other defendants.  Such documents will
12 | not be produced again.

13

14 | **REQUEST FOR PRODUCTION NO. 87:**

15 | All DOCUMENTS that REFER OR RELATE to ANY studies, reports,
16 | analyses, focus groups, polling, or ANY other research generated from January 1,
17 | 2000 to the present concerning the sale and popularity of the Bratz line of dolls and
18 | products.

19 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

20 | Mattel incorporates by reference the above-stated general objections as
21 | if fully set forth herein.  Mattel objects that the Request is vague and ambiguous,
22 | unduly burdensome and overly broad and seeks information that is neither relevant
23 | nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel
24 | further objects to this Request to the extent that it calls for the disclosure of
25 | information subject to the attorney-client privilege, the attorney work-product
26 | doctrine and other applicable privileges.  Mattel further objects to this Request on
27 | the ground and to the extent it seeks trade secret, proprietary or otherwise
28 | confidential information of Mattel or third parties.  Any such documents that are

07975/2935855.2

-24-

1 produced, if any, will be produced only pursuant to and in reliance upon the

2 Protective Order entered in this case. Mattel also objects to this Request to the

3 extent it seeks documents that are in the possession, custody and control of a foreign

4 subsidiary of a party on the basis that MGA has objected that such documents are

5 not within the scope of requests to a domestic party. Mattel further objects to this

6 Request to the extent that it may seek documents already produced by Mattel,

7 including documents stolen by MGA and other defendants. Such documents will

8 not be produced again.

9

10 **REQUEST FOR PRODUCTION NO. 88:**

11           All DOCUMENTS that REFER OR RELATE to ANY alleged

12 destruction or spoliation of evidence by or on behalf of MGA, as alleged in YOUR

13 OPERATIVE COUNTERCLAIMS in THIS ACTION.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

15           Mattel incorporates by reference the above-stated general objections as

16 if fully set forth herein. Mattel also specifically objects to this Request on the

17 grounds that it is duplicative of prior Requests and seeks documents already

18 produced by Mattel and/or were the subject of prior rulings in this case. Such

19 documents will not be produced. Mattel further objects to this Request as vague and

20 ambiguous, including in its use of "OPERATIVE COUNTERCLAIMS." Mattel

21 further objects to the Request on the ground that it is premature because the subject

22 matter of this Request will be the subject of expert testimony at trial. Mattel objects

23 to this Request to the extent it seeks to limit the expert testimony that Mattel may

24 seek to introduce at trial. Mattel will identify its experts and make related

25 disclosures in accordance with the Court's orders and applicable rules. Mattel

26 further objects that this Request is premature because Defendants have not complied

27 with their discovery obligations by failing to produce witnesses for deposition and

28 withholding information and documents requested in violation of orders of the

-25-
MATTEL'S RESPONSE TO MGA'S SECOND SET OF PHASE 2
REQUESTS FOR PRODUCTION OF DOCUMENTS

Exhibit 21  Page 230

1 Discovery Master and the Court. Mattel further objects that this Request is
2 premature in that Mattel has not yet calculated its damages, nor is Mattel required to
3 elect a damages theory at this point. Mattel further objects to this Request to the
4 extent that it calls for the disclosure of information subject to the attorney-client
5 privilege, the attorney work-product doctrine and other applicable privileges. Mattel
6 further objects to this Request on the ground and to the extent it seeks trade secret,
7 proprietary or otherwise confidential information of Mattel or third parties. Any
8 such documents that are produced, if any, will be produced only pursuant to and in
9 reliance upon the Protective Order entered in this case. Mattel also objects to this
10 Request to the extent it seeks documents that are in the possession, custody and
11 control of a foreign subsidiary of a party on the basis that MGA has objected that
12 such documents are not within the scope of requests to a domestic party.

13

14 **REQUEST FOR PRODUCTION NO. 89:**

15        All DOCUMENTS that REFER OR RELATE to the DOCUMENTS to
16 which Farhad Larian allegedly gave YOU access and which YOU allegedly viewed
17 or inspected before Farhad Larian allegedly destroyed or spoiled the same, including
18 but not limited to ANY lists of such DOCUMENTS to which YOU actually were
19 given access and/or YOU actually viewed or inspected.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

21        Mattel incorporates by reference the above-stated general objections as
22 if fully set forth herein. Mattel also specifically objects to this Request on the
23 grounds that it is duplicative of prior Requests and seeks documents already
24 produced by Mattel and/or were the subject of prior rulings in this case. Such
25 documents will not be produced. Mattel further objects to the Request on the
26 ground that it is premature because the subject matter of this Request will be the
27 subject of expert testimony at trial. Mattel objects to this Request to the extent it
28 seeks to limit the expert testimony that Mattel may seek to introduce at trial. Mattel

07975/2935855.2

-26-

Exhibit 21  Page 231

1  will identify its experts and make related disclosures in accordance with the Court's

2  orders and applicable rules. Mattel further objects that this Request is premature

3  because Defendants have not complied with their discovery obligations by failing to

4  produce witnesses for deposition and withholding information and documents

5  requested in violation of orders of the Discovery Master and the Court. Mattel

6  further objects that this Request is premature in that Mattel has not yet calculated its

7  damages, nor is Mattel required to elect a damages theory at this point. Mattel

8  further objects to this Request to the extent that it calls for the disclosure of

9  information subject to the attorney-client privilege, the attorney work-product

10  doctrine and other applicable privileges. Mattel further objects to this Request on

11  the ground and to the extent it seeks trade secret, proprietary or otherwise

12  confidential information of Mattel or third parties. Any such documents that are

13  produced, if any, will be produced only pursuant to and in reliance upon the

14  Protective Order entered in this case. Mattel also objects to this Request to the

15  extent it seeks documents that are in the possession, custody and control of a foreign

16  subsidiary of a party on the basis that MGA has objected that such documents are

17  not within the scope of requests to a domestic party.

18

19  **REQUEST FOR PRODUCTION NO. 90:**

20          ALL DOCUMENTS that REFER OR RELATE to ANY studies,

21  reports, analyses, focus groups, polling, or ANY other research concerning the sale

22  of the MATTEL HARMED PRODUCTS from January 1, 2000 to the present.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

24          Mattel incorporates by reference the above-stated general objections as

25  if fully set forth herein. Mattel objects that the Request is vague and ambiguous,

26  unduly burdensome and overly broad and seeks information that is neither relevant

27  nor reasonably calculated to lead to the discovery of admissible evidence. Mattel

28  further objects to this Request as vague and ambiguous in its use of the term "other

07975/2935855.2

-27-

1  research." Mattel further objects to this Request to the extent that it calls for the

2  disclosure of information subject to the attorney-client privilege, the attorney work-

3  product doctrine and other applicable privileges. Mattel further objects to this

4  Request on the grounds that the term MATTEL HARMED PRODUCT is vague and

5  ambiguous and makes the request overly-broad and unduly burdensome. Mattel

6  objects to MGA's concurrently served Interrogatories Nos. 7 and 8, on which the

7  definition of this term is based, in their entirety, and Mattel additionally objects to

8  this request on the grounds stated in Mattel's objections to those Interrogatories,

9  including without limitation in that such Interrogatories exceed the limit set by the

10 Federal Rules. Mattel further objects to this Request on the ground and to the extent

11 it seeks trade secret, proprietary or otherwise confidential information of Mattel or

12 third parties. Any such documents that are produced, if any, will be produced only

13 pursuant to and in reliance upon the Protective Order entered in this case. Mattel

14 also objects to this Request to the extent it seeks documents that are in the

15 possession, custody and control of a foreign subsidiary of a party on the basis that

16 MGA has objected that such documents are not within the scope of requests to a

17 domestic party. Mattel further objects to this Request to the extent that it may seek

18 documents already produced by Mattel, including documents stolen by MGA and

19 other defendants. Such documents will not be produced again.

20

21 **REQUEST FOR PRODUCTION NO. 91:**

22          ALL DOCUMENTS that REFER OR RELATE to ANY studies,

23 reports, analyses, focus groups, polling, or ANY other research concerning the sale

24 of the Barbie line of dolls and products from January 1, 2000 to the present.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

26          Mattel incorporates by reference the above-stated general objections as

27 if fully set forth herein. Mattel objects that the Request is vague and ambiguous,

28 unduly burdensome and overly broad and seeks information that is neither relevant

1  nor reasonably calculated to lead to the discovery of admissible evidence. Mattel

2  further objects to this Request as vague and ambiguous in its use of the term "other

3  research." Mattel further objects to this Request to the extent that it calls for the

4  disclosure of information subject to the attorney-client privilege, the attorney work-

5  product doctrine and other applicable privileges. Mattel further objects to this

6  Request on the ground and to the extent it seeks trade secret, proprietary or

7  otherwise confidential information of Mattel or third parties. Any such documents

8  that are produced, if any, will be produced only pursuant to and in reliance upon the

9  Protective Order entered in this case. Mattel also objects to this Request to the

10  extent it seeks documents that are in the possession, custody and control of a foreign

11  subsidiary of a party on the basis that MGA has objected that such documents are

12  not within the scope of requests to a domestic party. Mattel further objects to this

13  Request to the extent that it may seek documents already produced by Mattel,

14  including documents stolen by MGA and other defendants. Such documents will

15  not be produced again.

16

17  **REQUEST FOR PRODUCTION NO. 92:**

18        ALL DOCUMENTS that REFER OR RELATE to ANY studies,

19  reports, analyses, focus groups, polling, or ANY other research concerning the sale

20  of the Bratz line of dolls and products from January 1, 2001 to the present.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

22        Mattel incorporates by reference the above-stated general objections as

23  if fully set forth herein. Mattel objects that the Request is vague and ambiguous,

24  unduly burdensome and overly broad and seeks information that is neither relevant

25  nor reasonably calculated to lead to the discovery of admissible evidence. Mattel

26  further objects to this Request as vague and ambiguous in its use of the term "other

27  research." Mattel further objects to this Request to the extent that it calls for the

28  disclosure of information subject to the attorney-client privilege, the attorney work-

1   product doctrine and other applicable privileges.  Mattel further objects to this

2   Request on the ground and to the extent it seeks trade secret, proprietary or

3   otherwise confidential information of Mattel or third parties.  Any such documents

4   that are produced, if any, will be produced only pursuant to and in reliance upon the

5   Protective Order entered in this case.  Mattel also objects to this Request to the

6   extent it seeks documents that are in the possession, custody and control of a foreign

7   subsidiary of a party on the basis that MGA has objected that such documents are

8   not within the scope of requests to a domestic party.  Mattel further objects to this

9   Request to the extent that it may seek documents already produced by Mattel,

10  including documents stolen by MGA and other defendants.  Such documents will

11  not be produced again.

12

13  **REQUEST FOR PRODUCTION NO. 93:**

14          ALL DOCUMENTS THAT REFER OR RELATE to ANY studies,

15  reports, analyses, focus groups, polling, or ANY other research concerning future

16  sales of the MATTEL HARMED PRODUCTS.  (As used in this Request, "future

17  sales" means sales in or after June, 2009).

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

19          Mattel incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Mattel objects that the Request is vague and ambiguous,

21  unduly burdensome and overly broad and seeks information that is neither relevant

22  nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel

23  further objects to this Request as vague and ambiguous in its use of the term "other

24  research."  Mattel further objects to this Request to the extent that it calls for the

25  disclosure of information subject to the attorney-client privilege, the attorney work-

26  product doctrine and other applicable privileges.  Mattel further objects to this

27  Request on the grounds that the term MATTEL HARMED PRODUCT is vague and

28  ambiguous and makes the request overly-broad and unduly burdensome.  Mattel

-30-

Exhibit 21  Page 235

1 | objects to MGA's concurrently served Interrogatories Nos. 7 and 8, on which the
2 | definition of this term is based, in their entirety, and Mattel additionally objects to
3 | this request on the grounds stated in Mattel's objections to those Interrogatories,
4 | including without limitation in that such Interrogatories exceed the limit set by the
5 | Federal Rules. Mattel further objects to this Request on the ground and to the extent
6 | it seeks trade secret, proprietary or otherwise confidential information of Mattel or
7 | third parties. Any such documents that are produced, if any, will be produced only
8 | pursuant to and in reliance upon the Protective Order entered in this case. Mattel
9 | also objects to this Request to the extent it seeks documents that are in the
10 | possession, custody and control of a foreign subsidiary of a party on the basis that
11 | MGA has objected that such documents are not within the scope of requests to a
12 | domestic party. Mattel further objects to this Request to the extent that it may seek
13 | documents already produced by Mattel, including documents stolen by MGA and
14 | other defendants. Such documents will not be produced again.

15 |

16 | **REQUEST FOR PRODUCTION NO. 94:**

17 | ALL DOCUMENTS that REFER OR RELATE to ANY studies,
18 | reports, analyses, focus groups, polling, or ANY other research concerning future
19 | sales of the Barbie line of dolls and products. (As used in this Request, "future
20 | sales" means sales in or after June, 2009).

21 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

22 | Mattel incorporates by reference the above-stated general objections as
23 | if fully set forth herein. Mattel objects that the Request is vague and ambiguous,
24 | unduly burdensome and overly broad and seeks information that is neither relevant
25 | nor reasonably calculated to lead to the discovery of admissible evidence. Mattel
26 | further objects to this Request as vague and ambiguous in its use of the term "other
27 | research." Mattel further objects to this Request to the extent that it calls for the
28 | disclosure of information subject to the attorney-client privilege, the attorney work-

-31-

Exhibit 21 Page 236

1  product doctrine and other applicable privileges.  Mattel further objects to this

2  Request on the ground and to the extent it seeks trade secret, proprietary or

3  otherwise confidential information of Mattel or third parties.  Any such documents

4  that are produced, if any, will be produced only pursuant to and in reliance upon the

5  Protective Order entered in this case.  Mattel also objects to this Request to the

6  extent it seeks documents that are in the possession, custody and control of a foreign

7  subsidiary of a party on the basis that MGA has objected that such documents are

8  not within the scope of requests to a domestic party.  Mattel further objects to this

9  Request to the extent that it may seek documents already produced by Mattel,

10  including documents stolen by MGA and other defendants.  Such documents will

11  not be produced again.

12

13  **REQUEST FOR PRODUCTION NO. 95:**

14          ALL DOCUMENTS that REFER OR RELATE to ANY studies,

15  reports, analyses, focus groups, polling, or ANY other research concerning future

16  sales of the Bratz line of dolls and products. (As used in this Request, "future sales"

17  means sales in or after June, 2009).

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

19          Mattel incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Mattel objects that the Request is vague and ambiguous,

21  unduly burdensome and overly broad and seeks information that is neither relevant

22  nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel

23  further objects to this Request as vague and ambiguous in its use of the term "other

24  research."  Mattel further objects to this Request to the extent that it calls for the

25  disclosure of information subject to the attorney-client privilege, the attorney work-

26  product doctrine and other applicable privileges.  Mattel further objects to this

27  Request on the ground and to the extent it seeks trade secret, proprietary or

28  otherwise confidential information of Mattel or third parties.  Any such documents

07975/2935855.2

-32-

Exhibit 21  Page 237

1  that are produced, if any, will be produced only pursuant to and in reliance upon the

2  Protective Order entered in this case.  Mattel also objects to this Request to the

3  extent it seeks documents that are in the possession, custody and control of a foreign

4  subsidiary of a party on the basis that MGA has objected that such documents are

5  not within the scope of requests to a domestic party.  Mattel further objects to this

6  Request to the extent that it may seek documents already produced by Mattel,

7  including documents stolen by MGA and other defendants.  Such documents will

8  not be produced again.

9

10  **REQUEST FOR PRODUCTION NO. 96:**

11          All DOCUMENTS identified, described, or referenced in YOUR

12  response to INTERROGATORY NO. 11 or containing information that YOU used

13  or to which YOU referred in formulating the response.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

15          Mattel incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Mattel objects that the Request is vague and ambiguous,

17  unduly burdensome and overly broad and seeks information that is neither relevant

18  nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel

19  further objects to this Request to the extent that it calls for the disclosure of

20  information subject to the attorney-client privilege, the attorney work-product

21  doctrine and other applicable privileges.  Mattel objects to MGA's concurrently

22  served Interrogatory No. 11, on which this request is based, in its entirety, and

23  Mattel additionally objects to this request on the grounds stated in Mattel's

24  objections to that Interrogatory, including without limitation in that such

25  Interrogatories exceed the limit set by the <u>Federal Rules</u>.  Mattel further objects to

26  this Request on the ground and to the extent it seeks trade secret, proprietary or

27  otherwise confidential information of Mattel or third parties.  Any such documents

28  that are produced, if any, will be produced only pursuant to and in reliance upon the

-33-

Exhibit 21  Page 238

1  Protective Order entered in this case. Mattel also objects to this Request to the
2  extent it seeks documents that are in the possession, custody and control of a foreign
3  subsidiary of a party on the basis that MGA has objected that such documents are
4  not within the scope of requests to a domestic party. Mattel further objects to this
5  Request to the extent that it may seek documents already produced by Mattel,
6  including documents stolen by MGA and other defendants. Such documents will
7  not be produced again.

8

9  **REQUEST FOR PRODUCTION NO. 97:**

10          All DOCUMENTS that REFER OR RELATE to ANY plans or intent
11  by YOU to market, produce, or sell all or ANY part of the Bratz line of dolls and
12  products, or ANY products based upon the Bratz line of dolls and products.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

14          Mattel incorporates by reference the above-stated general objections as
15  if fully set forth herein. Mattel objects that the Request is vague and ambiguous,
16  unduly burdensome and overly broad and seeks information that is neither relevant
17  nor reasonably calculated to lead to the discovery of admissible evidence. Mattel
18  further objects to this Request to the extent that it calls for the disclosure of
19  information subject to the attorney-client privilege, the attorney work-product
20  doctrine and other applicable privileges. Mattel further objects to this Request on
21  the ground and to the extent it seeks trade secret, proprietary or otherwise
22  confidential information of Mattel or third parties. Any such documents that are
23  produced, if any, will be produced only pursuant to and in reliance upon the
24  Protective Order entered in this case. Mattel also objects to this Request to the
25  extent it seeks documents that are in the possession, custody and control of a foreign
26  subsidiary of a party on the basis that MGA has objected that such documents are
27  not within the scope of requests to a domestic party.

28

07975/2935855.2

-34-

Exhibit 21 Page 239

**REQUEST FOR PRODUCTION NO. 98:**

All DOCUMENTS identified, described, or referenced in YOUR response to INTERROGATORY NO. 12 or containing information that YOU used or to which YOU referred in formulating the response, that YOU have not already produced in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel objects that the Request is vague and ambiguous, unduly burdensome and overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel objects to MGA's concurrently served Interrogatory No. 12, on which this request is based, in its entirety, and Mattel additionally objects to this request on the grounds stated in Mattel's objections to that Interrogatory, including without limitation in that such Interrogatories exceed the limit set by the Federal Rules. Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties. Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case. Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party on the basis that MGA has objected that such documents are not within the scope of requests to a domestic party. Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants. Such documents will not be produced again.

-35-

Exhibit 21  Page 246

1 | **REQUEST FOR PRODUCTION NO. 99:**

2    ALL DOCUMENTS that constitute or REFER OR RELATE to any

3 analysis of Janine Brisbois' "thumb" drive referred to in YOUR OPERATIVE

4 COUNTERCLAIMS, including but not limited to any analysis by or on behalf of

5 KPMG.

6 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

7    Mattel incorporates by reference the above-stated general objections as

8 if fully set forth herein. Mattel also specifically objects to this Request on the

9 grounds that it is duplicative of prior Requests and seeks documents already

10 produced by Mattel and/or were the subject of prior rulings in this case. Such

11 documents will not be produced. Mattel further objects to this Request as vague and

12 ambiguous, including in its use of "OPERATIVE COUNTERCLAIMS." Mattel

13 objects to this Request to the extent it seeks to limit the expert testimony that Mattel

14 may seek to introduce at trial. Mattel will identify its experts and make related

15 disclosures in accordance with the Court's orders and applicable rules. Mattel

16 further objects that this Request is premature because Defendants have not complied

17 with their discovery obligations by failing to produce witnesses for deposition and

18 withholding information and documents requested in violation of orders of the

19 Discovery Master and the Court. Mattel further objects that this Request is

20 premature in that Mattel has not yet calculated its damages, nor is Mattel required to

21 elect a damages theory at this point. Mattel further objects to this Request to the

22 extent that it calls for the disclosure of information subject to the attorney-client

23 privilege, the attorney work-product doctrine and other applicable privileges. Mattel

24 further objects to this Request on the ground and to the extent it seeks trade secret,

25 proprietary or otherwise confidential information of Mattel or third parties. Any

26 such documents that are produced, if any, will be produced only pursuant to and in

27 reliance upon the Protective Order entered in this case. Mattel also objects to this

28 Request to the extent it seeks documents that are in the possession, custody and

07975/2935855.2

-36-

Exhibit 21  Page 241

1  control of a foreign subsidiary of a party on the basis that MGA has objected that

2  such documents are not within the scope of requests to a domestic party.

3

4  **REQUEST FOR PRODUCTION NO. 100:**

5        YOUR entire personnel file (except health care specific information,

6  social security numbers, tax identification numbers, dates of birth, bank account

7  numbers, and checking account numbers) for Carlos Gustavo Machado Gomez

8  ("Machado"), including but not limited to ANY employment agreements between

9  YOU and Machado, all confidentiality or non-disclosure agreements signed by

10  Machado, and ANY other DOCUMENTS signed by Machado that concern the use,

11  confidentiality, and disclosure of MATTEL'S TRADE SECRETS.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

13        Mattel incorporates by reference the above-stated general objections as

14  if fully set forth herein.  Mattel also specifically objects to this Request on the

15  grounds that it is duplicative of prior Requests and seeks documents already

16  produced by Mattel and/or were the subject of prior rulings in this case.  Such

17  documents will not be produced.  Mattel objects that the Request is vague and

18  ambiguous, unduly burdensome and overly broad and seeks information that is

19  neither relevant nor reasonably calculated to lead to the discovery of admissible

20  evidence.  Mattel further objects to this Request to the extent that it calls for the

21  disclosure of information subject to the attorney-client privilege, the attorney work-

22  product doctrine and other applicable privileges.  Mattel further objects to this

23  Request on the ground and to the extent it seeks trade secret, proprietary or

24  otherwise confidential information of Mattel or third parties.  Any such documents

25  that are produced, if any, will be produced only pursuant to and in reliance upon the

26  Protective Order entered in this case.  Mattel also objects to this Request to the

27  extent it seeks documents that are in the possession, custody and control of a foreign

28

1  subsidiary of a party on the basis that MGA has objected that such documents are
2  not within the scope of requests to a domestic party.

3

4  **REQUEST FOR PRODUCTION NO. 101:**

5           YOUR entire personnel file (except health care specific information,
6  social security numbers, tax identification numbers, dates of birth, bank account
7  numbers, and checking account numbers) for Mariana Trueba Almada ("Trueba"),
8  including but not limited to ANY employment agreements between YOU and
9  Trueba, ANY confidentiality or non-disclosure agreements signed by Trueba, and
10 ANY other DOCUMENTS signed by Trueba that concern the use, confidentiality,
11 and disclosure of MATTEL's TRADE SECRETS.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

13          Mattel incorporates by reference the above-stated general objections as
14 if fully set forth herein.  Mattel also specifically objects to this Request on the
15 grounds that it is duplicative of prior Requests and seeks documents already
16 produced by Mattel and/or were the subject of prior rulings in this case.  Mattel
17 further objects to this Request to the extent that it calls for the disclosure of
18 information subject to the attorney-client privilege, the attorney work-product
19 doctrine and other applicable privileges.  Mattel objects that the Request is vague
20 and ambiguous, unduly burdensome and overly broad and seeks information that is
21 neither relevant nor reasonably calculated to lead to the discovery of admissible
22 evidence.  Mattel further objects to this Request on the ground and to the extent it
23 seeks trade secret, proprietary or otherwise confidential information of Mattel or
24 third parties.  Any such documents that are produced, if any, will be produced only
25 pursuant to and in reliance upon the Protective Order entered in this case.  Mattel
26 also objects to this Request to the extent it seeks documents that are in the
27 possession, custody and control of a foreign subsidiary of a party on the basis that
28

07975/2935855.2

Exhibit 21  Page 243

1    MGA has objected that such documents are not within the scope of requests to a
2    domestic party.

3

4    **REQUEST FOR PRODUCTION NO. 102:**

5            YOUR entire personnel file (except health care specific information,
6    social security numbers, tax identification numbers, dates of birth, bank account
7    numbers, and checking account numbers) for Pablo Vargas San Jose ("Vargas"),
8    including but not limited to ANY employment agreements between YOU and
9    Vargas, ANY confidentiality or non-disclosure agreements signed by Vargas, and
10   ANY other DOCUMENTS signed by Vargas that concern the use, confidentiality,
11   and disclosure of MATTEL's TRADE SECRETS.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

13           Mattel incorporates by reference the above-stated general objections as
14   if fully set forth herein.  Mattel also specifically objects to this Request on the
15   grounds that it is duplicative of prior Requests and seeks documents already
16   produced by Mattel and/or were the subject of prior rulings in this case.  Mattel
17   further objects to this Request to the extent that it calls for the disclosure of
18   information subject to the attorney-client privilege, the attorney work-product
19   doctrine and other applicable privileges.  Mattel objects that the Request is vague
20   and ambiguous, unduly burdensome and overly broad and seeks information that is
21   neither relevant nor reasonably calculated to lead to the discovery of admissible
22   evidence.  Mattel further objects to this Request on the ground and to the extent it
23   seeks trade secret, proprietary or otherwise confidential information of Mattel or
24   third parties.  Any such documents that are produced, if any, will be produced only
25   pursuant to and in reliance upon the Protective Order entered in this case.  Mattel
26   also objects to this Request to the extent it seeks documents that are in the
27   possession, custody and control of a foreign subsidiary of a party on the basis that
28

Exhibit 21  Page 244

1  MGA has objected that such documents are not within the scope of requests to a
2  domestic party.

3

4  **REQUEST FOR PRODUCTION NO. 103:**

5      YOUR entire personnel file (except health care specific information,
6  social security numbers, tax identification numbers, dates of birth, bank account
7  numbers, and checking account numbers) for Ron Brawer ("Brawer"), including but
8  not limited to ANY employment agreements between YOU and Brawer, ANY
9  confidentiality or non-disclosure agreements signed by Brawer, and ANY other
10  DOCUMENTS signed by Brawer that concern the use, confidentiality, and
11  disclosure of MATTEL's TRADE SECRETS.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

13      Mattel incorporates by reference the above-stated general objections as
14  if fully set forth herein. Mattel also specifically objects to this Request on the
15  grounds that it is duplicative of prior Requests and seeks documents already
16  produced by Mattel and/or were the subject of prior rulings in this case. Such
17  documents will not be produced. Mattel objects that the Request is vague and
18  ambiguous, unduly burdensome and overly broad and seeks information that is
19  neither relevant nor reasonably calculated to lead to the discovery of admissible
20  evidence. Mattel further objects to this Request to the extent that it calls for the
21  disclosure of information subject to the attorney-client privilege, the attorney work-
22  product doctrine and other applicable privileges. Mattel further objects to this
23  Request on the ground and to the extent it seeks trade secret, proprietary or
24  otherwise confidential information of Mattel or third parties. Any such documents
25  that are produced, if any, will be produced only pursuant to and in reliance upon the
26  Protective Order entered in this case. Mattel also objects to this Request to the
27  extent it seeks documents that are in the possession, custody and control of a foreign
28

-40-
MATTEL'S RESPONSE TO MGA'S SECOND SET OF PHASE 2
REQUESTS FOR PRODUCTION OF DOCUMENTS

Exhibit 21 Page 245

1  subsidiary of a party on the basis that MGA has objected that such documents are

2  not within the scope of requests to a domestic party.

3

4  **REQUEST FOR PRODUCTION NO. 104:**

5          YOUR entire personnel file (except health care specific information,

6  social security numbers, tax identification numbers, dates of birth, bank account

7  numbers, and checking account numbers) for Janine Brisbois ("Brisbois"), including

8  but not limited to ANY employment agreements between YOU and Brisbois, ANY

9  confidentiality or non-disclosure agreements signed by Brisbois, and ANY other

10  DOCUMENTS signed by Brisbois that concern the use, confidentiality, and

11  disclosure of MATTEL's TRADE SECRETS.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

13          Mattel incorporates by reference the above-stated general objections as

14  if fully set forth herein.  Mattel also specifically objects to this Request on the

15  grounds that it is duplicative of prior Requests and seeks documents already

16  produced by Mattel and/or were the subject of prior rulings in this case.  Such

17  documents will not be produced.  Mattel further objects to this Request to the extent

18  that it calls for the disclosure of information subject to the attorney-client privilege,

19  the attorney work-product doctrine and other applicable privileges.  Mattel objects

20  that the Request is vague and ambiguous, unduly burdensome and overly broad and

21  seeks information that is neither relevant nor reasonably calculated to lead to the

22  discovery of admissible evidence.  Mattel further objects to this Request on the

23  ground and to the extent it seeks trade secret, proprietary or otherwise confidential

24  information of Mattel or third parties.  Any such documents that are produced, if

25  any, will be produced only pursuant to and in reliance upon the Protective Order

26  entered in this case.  Mattel also objects to this Request to the extent it seeks

27  documents that are in the possession, custody and control of a foreign subsidiary of

28

1  a party on the basis that MGA has objected that such documents are not within the

2  scope of requests to a domestic party.

3

4  **REQUEST FOR PRODUCTION NO. 105:**

5          YOUR entire personnel files (except health care specific information,

6  social security numbers, tax identification numbers, dates of birth, bank account

7  numbers, and checking account numbers) for ANY past or present employees or

8  contractors hired since January 1, 1998, who were working for MGA when YOU

9  hired them or worked for MGA preceding being hired by YOU.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

11         Mattel incorporates by reference the above-stated general objections as

12 if fully set forth herein. Mattel also specifically objects to this Request on the

13 grounds that it is duplicative of prior Requests and seeks documents already

14 produced by Mattel and/or were the subject of prior rulings in this case. Such

15 documents will not be produced. Mattel objects that the Request is vague and

16 ambiguous, unduly burdensome and overly broad and seeks information that is

17 neither relevant nor reasonably calculated to lead to the discovery of admissible

18 evidence. Mattel further objects to this Request to the extent that it calls for the

19 disclosure of information subject to the attorney-client privilege, the attorney work-

20 product doctrine and other applicable privileges. Mattel further objects to this

21 Request on the ground and to the extent it seeks trade secret, proprietary or

22 otherwise confidential information of Mattel or third parties. Any such documents

23 that are produced, if any, will be produced only pursuant to and in reliance upon the

24 Protective Order entered in this case. Mattel also objects to this Request to the

25 extent it seeks documents that are in the possession, custody and control of a foreign

26 subsidiary of a party on the basis that MGA has objected that such documents are

27 not within the scope of requests to a domestic party.

28

07975/2935855.2

Exhibit 21   Page 247

**REQUEST FOR PRODUCTION NO. 106:**

YOUR entire personnel files (except health care specific information, social security numbers, tax identification numbers, dates of birth, bank account numbers, and checking account numbers) for ANY past or present employees or contractors hired since January 1, 1998, who were working for ANY PERSON who is or was regularly engaged in the business, in whole or in part, of designing, manufacturing, producing, or selling dolls when YOU hired them or worked for such a PERSON preceding being hired by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel also specifically objects to this Request on the grounds that it is duplicative of prior Requests and seeks documents already produced by Mattel and/or were the subject of prior rulings in this case. Such documents will not be produced. Mattel objects that the Request is vague and ambiguous, unduly burdensome and overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties. Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case. Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party on the basis that MGA has objected that such documents are not within the scope of requests to a domestic party.

Exhibit 21  Page 248

1    **REQUEST FOR PRODUCTION NO. 107:**

2          All DOCUMENTS identified, described, or referenced in YOUR

3    response to INTERROGATORY NO. 13 or containing information that YOU used

4    or to which YOU referred in formulating the response and that YOU have not

5    already produced in this ACTION.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

7          Mattel incorporates by reference the above-stated general objections as

8    if fully set forth herein.  Mattel objects that the Request is vague and ambiguous,

9    unduly burdensome and overly broad and seeks information that is neither relevant

10   nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel

11   further objects to the Request on the ground that it is premature because the subject

12   matter of this Request will be the subject of expert testimony at trial.  Mattel objects

13   to this Request to the extent it seeks to limit the expert testimony that Mattel may

14   seek to introduce at trial.  Mattel will identify its experts and make related

15   disclosures in accordance with the Court's orders and applicable rules.  Mattel

16   objects to MGA's concurrently served Interrogatory No. 13, on which this request is

17   based, in its entirety, and Mattel additionally objects to this request on the grounds

18   stated in Mattel's objections to that Interrogatory, including without limitation in

19   that such Interrogatories exceed the limit set by the Federal Rules.  Mattel further

20   objects that this Request is premature because Defendants have not complied with

21   their discovery obligations by failing to produce witnesses for deposition and

22   withholding information and documents requested in violation of orders of the

23   Discovery Master and the Court.  Mattel further objects that this Request is

24   premature in that Mattel has not yet calculated its damages, nor is Mattel required to

25   elect a damages theory at this point.  Mattel further objects to this Request to the

26   extent that it calls for the disclosure of information subject to the attorney-client

27   privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

28   further objects to this Request on the ground and to the extent it seeks trade secret,

Exhibit 21 Page 249

1 proprietary or otherwise confidential information of Mattel or third parties. Any

2 such documents that are produced, if any, will be produced only pursuant to and in

3 reliance upon the Protective Order entered in this case. Mattel also objects to this

4 Request to the extent it seeks documents that are in the possession, custody and

5 control of a foreign subsidiary of a party on the basis that MGA has objected that

6 such documents are not within the scope of requests to a domestic party. Mattel

7 further objects to this Request to the extent that it may seek documents already

8 produced by Mattel, including documents stolen by MGA and other defendants.

9 Such documents will not be produced again.

10

11 **REQUEST FOR PRODUCTION NO. 108:**

12 All DOCUMENTS identified, described, or referenced in YOUR

13 response to INTERROGATORY NO. 14 served by MGA or containing information

14 that YOU used or to which YOU referred in formulating the response and that YOU

15 have not already produced in this ACTION.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

17 Mattel incorporates by reference the above-stated general objections as

18 if fully set forth herein. Mattel objects that the Request is vague and ambiguous,

19 unduly burdensome and overly broad and seeks information that is neither relevant

20 nor reasonably calculated to lead to the discovery of admissible evidence. Mattel

21 further objects to this Request to the extent that it calls for the disclosure of

22 information subject to the attorney-client privilege, the attorney work-product

23 doctrine and other applicable privileges. Mattel objects to MGA's concurrently

24 served Interrogatory No. 14, on which this request is based, in its entirety, and

25 Mattel additionally objects to this request on the grounds stated in Mattel's

26 objections to those Interrogatories, including without limitation in that such

27 Interrogatories exceed the limit set by the Federal Rules. Mattel further objects to

28 this Request on the ground and to the extent it seeks trade secret, proprietary or

1   otherwise confidential information of Mattel or third parties.  Any such documents

2   that are produced, if any, will be produced only pursuant to and in reliance upon the

3   Protective Order entered in this case.  Mattel also objects to this Request to the

4   extent it seeks documents that are in the possession, custody and control of a foreign

5   subsidiary of a party on the basis that MGA has objected that such documents are

6   not within the scope of requests to a domestic party.  Mattel further objects to this

7   Request to the extent that it may seek documents already produced by Mattel,

8   including documents stolen by MGA and other defendants.  Such documents will

9   not be produced again.

10

11   **REQUEST FOR PRODUCTION NO. 109:**

12   DOCUMENTS sufficient to identify the make and model of YOUR

13   hardware based backup system referred to in the letter sent by Jon Corey to the

14   Skadden firm on January 9, 2009.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

16   Mattel incorporates by reference the above-stated general objections as

17   if fully set forth herein.  Mattel also specifically objects to this Request on the

18   grounds that it is duplicative of prior Requests and seeks documents already

19   produced by Mattel and/or were the subject of prior rulings in this case.  Such

20   documents will not be produced.  Mattel objects that the Request is vague and

21   ambiguous, unduly burdensome and overly broad and seeks information that is

22   neither relevant nor reasonably calculated to lead to the discovery of admissible

23   evidence.  Mattel further objects to this Request to the extent that it calls for the

24   disclosure of information subject to the attorney-client privilege, the attorney work-

25   product doctrine and other applicable privileges.  Mattel further objects to this

26   Request on the ground and to the extent it seeks trade secret, proprietary or

27   otherwise confidential information of Mattel or third parties.  Any such documents

28   that are produced, if any, will be produced only pursuant to and in reliance upon the

07975/2935855 2

-46-

Exhibit 21 Page 251

1 Protective Order entered in this case. Mattel also objects to this Request to the
2 extent it seeks documents that are in the possession, custody and control of a foreign
3 subsidiary of a party on the basis that MGA has objected that such documents are
4 not within the scope of requests to a domestic party.

5

6 **REQUEST FOR PRODUCTION NO. 110:**

7 　　　　DOCUMENTS sufficient to describe ANY modifications of YOUR e-
8 mail preservation system caused by the implementation of the hardware based
9 backup system referred to in the letter sent by Jon Corey to the Skadden firm on
10 January 9, 2009.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

12 　　　　Mattel incorporates by reference the above-stated general objections as
13 if fully set forth herein. Mattel also specifically objects to this Request on the
14 grounds that it is duplicative of prior Requests and seeks documents already
15 produced by Mattel and/or were the subject of prior rulings in this case. Such
16 documents will not be produced. Mattel objects that the Request is vague and
17 ambiguous, unduly burdensome and overly broad and seeks information that is
18 neither relevant nor reasonably calculated to lead to the discovery of admissible
19 evidence. Mattel further objects to this Request to the extent that it calls for the
20 disclosure of information subject to the attorney-client privilege, the attorney work-
21 product doctrine and other applicable privileges. Mattel further objects to this
22 Request on the ground and to the extent it seeks trade secret, proprietary or
23 otherwise confidential information of Mattel or third parties. Any such documents
24 that are produced, if any, will be produced only pursuant to and in reliance upon the
25 Protective Order entered in this case. Mattel also objects to this Request to the
26 extent it seeks documents that are in the possession, custody and control of a foreign
27 subsidiary of a party on the basis that MGA has objected that such documents are
28 not within the scope of requests to a domestic party.

**REQUEST FOR PRODUCTION NO. 111:**

All DOCUMENTS that refer or relate to ANY contacts allegedly made by Ron Brawer after his resignation from MATTEL to past or present MATTEL employees, as alleged in paragraph 60 of YOUR OPERATIVE COUNTERCLAIMS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the grounds that it is duplicative of prior Requests and seeks documents already produced by Mattel and/or were the subject of prior rulings in this case.  Such documents will not be produced.  Mattel objects that the Request is vague and ambiguous, unduly burdensome and overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request as vague and ambiguous, including in its use of "OPERATIVE COUNTERCLAIMS."  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party on the basis that MGA has objected that such documents are not within the scope of requests to a domestic party.

///
///
///

1  DATED:  May 18, 2009

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ Marshal M. Searcy III
    Marshall M. Searcy III
    Attorneys for Mattel, Inc.

07975/2935855.2

-49-

MATTEL'S RESPONSE TO MGA'S SECOND SET OF PHASE 2
REQUESTS FOR PRODUCTION OF DOCUMENTS

Exhibit 21  Page 254

## PROOF OF SERVICE

1

2       I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3   Street, 10th Floor, Los Angeles, California 90017-2543.

4       On May 18, 2009, I served true copies of the following document(s) described as RESPONSES OF MATTEL, INC. TO MGA ENTERTAINMENT, INC.'S FIRST SET OF

5   PHASE 2 REQUESTS FOR ADMISSION; MATTEL, INC.'S OBJECTIONS TO MGA ENTERTAINMENT, INC.'S SECOND SET OF PHASE 2 REQUESTS FOR PRODUCTION OF

6   DOCUMENTS AND OTHER TANGIBLE THINGS; AND RESPONSES OF MATTEL, INC. TO MGA ENTERTAINMENT, INC.'S FIRST SET OF PHASE 2 INTERROGATORIES on the

7   parties in this action as follows:

8       Skadden, Arps, Slate, Meagher &           Glaser, Weil, Fink, Jacobs, & Shapiro,
        Flom LLP                                     LLP
9         Thomas J. Nolan, Esq.                        Patricia L. Glaser, Esq.
          Jason Russell, Esq.                        10250 Constellation Blvd 19th Floor
10      300 South Grand Ave., Suite 3400            Los Angeles, CA 90067
        Los Angeles, CA 90071                          pglaser@glaserweil.com
11        tnolan@skadden.com                        **Attorneys for** *the MGA Parties*
          jrussell@skadden.com
12      **Attorneys for** *the MGA Parties*

13      Mitchell, Silberberg, & Knupp, LLP         Overland Borenstein Scheper & Kim LLP
          Russell J. Frackman, Esq.                   Mark E. Overland, Esq.
14      11377 W. Olympic Blvd.                         Alexander H. Cote, Esq.
        Los Angeles, CA 90064                       601 W. 5th Street, 12th Floor
15        rjf@msk.com                               Los Angeles, CA 90017
        **Attorneys for** *the MGA Parties*           moverland@obsklaw.com
16                                                  **Attorneys for** *Carlos Gustavo Machado
                                                    Gomez*
17

18   **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I

19   deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

20
     **BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from
21   yalondadekle@quinnemanuel.com on May 18, 2009, by transmitting a PDF format copy of such

22   document(s) to each such person at the e-mail address listed below their address(es).  The document(s) was/were transmitted by electronic transmission and such transmission was reported

23   as complete and without error.

24       I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

25       Executed on May 18, 2009, at Los Angeles, California.

26

27       _____

28       Tenaya Rodewald

07975/2936641.1

Exhibit 21  Page 255