# Exhibit 30

1  DALE M. CENDALI (admitted *pro hac vice*)
   JAMES P. JENAL (S.B. #180190)
2  O'MELVENY & MYERS LLP
   400 South Hope Street
3  Los Angeles, CA 90071-2899
   Telephone: (213) 430-6000
4  Facsimile: (213) 430-6407
   jjenal@omm.com
5
   PATRICIA GLASER (S.B. #55668)
6  CHRISTENSEN, GLASER, FINK,
   JACOBS, WEIL & SHAPIRO, LLP
7  10250 Constellation Boulevard, 19th Floor
   Los Angeles, CA 90067
8  Telephone: (310) 553-3000
   Facsimile: (310) 557-9815
9
   Attorneys for MGA Entertainment, Inc.
10
   MICHAEL H. PAGE (S.B. #154913)
11 KEKER & VAN NEST LLP
   710 Sansome Street
12 San Francisco, CA 94111
   Telephone: (415) 391-5400
13 Facsimile: (415) 397-7188
14 Attorneys for Carter Bryant

15              **UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

17                    **EASTERN DIVISION**

18

19 CARTER BRYANT, an individual,        Case No. CV 04-9049 SGL (RNBx)
                                        (consolidated with CV 04-9059 & 05-
20              Plaintiff,               2727)

21      v.                              **[DISCOVERY MATTER]**

22 MATTEL, INC., a Delaware            **MGA ENTERTAINMENT, INC.,**
   corporation,                        **MGA ENTERTAINMENT (HK)**
23                                      **LTD., ISAAC LARIAN, AND**
                Defendant.             **CARTER BRYANT'S JOINT**
24                                      **NOTICE OF MOTION AND**
                                        **MOTION FOR PROTECTIVE**
25 AND CONSOLIDATED ACTIONS            **ORDER REGARDING MATTEL'S**
                                        **INTERROGATORIES**
26
                                        Hearing Date:    T.B.D.
27                                      Time:            T.B.D.
                                        Discovery Cutoff: October 22, 2007
28                                      Trial Date:      February 12, 2008

                                        JOINT MOTION FOR PROTECTIVE ORDER
                                        CASE NO. CV 04-9049

**EXHIBIT 3 O   PAGE 302**

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that, at a telephonic conference before Discovery

3   Master Hon. Edward Infante (Ret.) that will occur at a time to be determined by

4   Judge Infante, MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Ltd.

5   ("MGA (HK)"), Isaac Larian ("Mr. Larian"), and Carter Bryant ("Bryant") jointly

6   will, and hereby do, move the Discovery Master to issue a protective order to limit

7   the number of interrogatories that Mattel, Inc. ("Mattel") may serve on the parties,

8   in compliance with the number previously ordered by the District Court.

9       This Motion is made pursuant to Federal Rule of Civil Procedure 26 on the

10  grounds that Mattel has served more than the 50 interrogatories allowed per side by

11  the District Court's Order and has refused to withdraw or to otherwise serve a

12  revised set of interrogatories so as to comply with the limit imposed by the District

13  Court.

14      The parties met and conferred regarding this Motion pursuant to Local Rule

15  37-1 on July 10, 2007.

16      This Motion is based on this Notice of Motion and Motion, the

17  accompanying Memorandum of Points and Authorities, the Declaration of B.

18  Jennifer Glad filed concurrently herewith and attached exhibits, the record and files

19  of this Court, and all other matters of which the Court may take judicial notice.

20

21  Dated: July 10, 2007          O'MELVENY & MYERS LLP

22
                                  By: James P. Jenal
23                                Attorneys for MGA Entertainment, Inc.,
                                  MGA Entertainment (HK) Ltd., and
24                                Isaac Larian

25  Dated: July 10, 2007          KEKER & VAN NEST LLP

26
                                  By: Michael H. Page
27                                Attorneys for Carter Bryant

28
                                              JOINT MOTION FOR PROTECTIVE ORDER
                        - 2 -                         CASE NO. CV 04-9049

EXHIBIT 30 PAGE 303

## I.   INTRODUCTION

Mattel's most recent set of interrogatories is one more example of Mattel's attempts to avoid the District Court's limits on discovery and to engage in abusive and excessive discovery tactics.[1]  As Mattel is well aware, the District Court limited the number of interrogatories allowed in the consolidated actions to "50 for each side."  In an attempt to circumvent this limitation, however, Mattel has served a series of compound interrogatories which well exceed the number of interrogatories allowed per side.  Mattel has also served its most recent set of interrogatories on multiple responding parties, claiming that each interrogatory in that set constitutes only one interrogatory.  However, this latest set alone exceeds the total number of interrogatories allowed in the consolidated actions.  In fact, Mattel has served more than *five times* the amount of interrogatories allowed by the District Court.

When MGA pointed out Mattel's excessive interrogatories and asked that Mattel withdraw them and serve a revised set consistent with the number of interrogatories allowed by the District Court, Mattel refused.  Mattel's conduct belies its claims of cooperation, which it has made repeatedly to both the Discovery Master and the District Court.  Mattel's attempt to circumvent the District Court's limitations on discovery and to serve, conservatively, *227 separate interrogatories,* should not be allowed.

Accordingly, for the reasons set forth below, the Court should issue a protective order preventing Mattel from serving additional interrogatories and continuing to engage in its abusive and excessive discovery,[2] and require Mattel to serve revised interrogatories or else identify the interrogatories, or subparts of

---

[1] MGA's motions for protective orders in response to Mattel's bandying and abusive 30(b)(6) deposition practice, among others, will be filed separately.

[2] Mattel has also engaged in a practice of serving excessive Requests for Admission.  Although the District Court has not currently set any limit on the number of Requests for Admission a party may ask, Mattel's behavior in this regard is consistent with its pattern of serving excessive interrogatories and other abusive discovery tactics.  Indeed, to date Mattel has served *4,257* separate Requests for Admission on MGA, MGA (HK), Mr. Larian and Bryant.  *See* Declaration of B. Jennifer Glad ("Glad Decl."), ¶ 5.

- 3 -

EXHIBIT  30   PAGE 304

1   interrogatories, it wishes to be answered, consistent with the limits imposed by the

2   District Court.

3   **II.   STATEMENT OF FACTS**

4       Since the inception of this case, Mattel has served multiple sets of

5   interrogatories on Bryant and MGA.  On December 27 and 28, 2004, Mattel served

6   its First Sets of Interrogatories on Bryant and MGA, respectively, followed by its

7   Second Sets of Interrogatories propounded on Bryant and MGA on April 28, 2005.

8   Thereafter, on December 20, 2006, Mattel served its First [sic] Set of

9   Interrogatories Re: Claims of Unfair Competition on MGA.

10       On February 12, 2007, the District Court held a scheduling conference,

11   during which time the Court specifically stated that it wanted parameters placed on

12   discovery due to its concern over what it clearly thought was excessive requests for

13   discovery.[3]  In particular, the District Court stated that the parties were limited to 50

14   interrogatories per side for the consolidated actions, in addition to imposing limits

15   on the number of expert and non-expert depositions.[4]  When the issue was raised

16   that the Federal Rules ordinarily provide for interrogatories to "parties" rather than

17   to "sides," the District Court specifically stated that the parties were to work within

18   the confines of the 50 interrogatories allowed per side.[5]  In the hearing before Judge

19   Larson, the parties all agreed to the limitation on the number of interrogatories,

20   however, Mattel has now revealed that it never intended to so limit itself.

21       On June 7, 2007, Mattel served its Third Set of Interrogatories on Bryant,

22   MGA, MGA (HK) and Mr. Larian.  Upon review of this most recent set of Mattel's

23   _____

[3] *See* Glad Decl., ¶ 2 & Ex. 1 (Transcript of Status/Scheduling Conference, dated February 12,
24   2007, at 8:19-25 ("Speaking of discovery -- and this is part of what gives the court so much pause
in terms of continuing to let this case go on without some kind of parameters -- that is the mutual
25   request for no limit on the number of expert depositions.  You're asking for 40 non-expert
depositions with no limit on the number of Rule 30(b)(6) witnesses.  That is disconcerting."),
26   24:16-18 ("I just don't want to have open-ended numbers of interrogatories and experts."))
[4] *See* Glad Decl., ¶ 2 & Ex. 1 (Transcript of Status/Scheduling Conference, dated February 12,
27   2007, at 20:21-23:11).
[5] *See* Glad Decl., ¶ 2 & Ex. 1 (Transcript of Status/Scheduling Conference, dated February 12,
28   2007, at 23:12-24:18).

- 4 -      JOINT MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049

EXHIBIT __3O__ PAGE __305__

1   interrogatories, however, it was apparent that Mattel had willfully violated the

2   District Court's Order by exceeding the number of interrogatories allowed per side

3   even though it had never requested that the District Court increase the number of

4   interrogatories allowed.[6]

5          Thereafter, on July 2, 2007, counsel for MGA, MGA (HK), Mr. Larian and

6   Bryant requested that Mattel either withdraw its excessive interrogatories or meet

7   and confer in anticipation of a joint motion for a protective order.[7] Mattel refused

8   to withdraw its interrogatories, claiming that it had served fewer than 50

9   interrogatories to date, and that none of its interrogatories constituted more than one

10  interrogatory.[8] Although Mattel originally agreed to meet and confer on July 9,

11  2007, Mattel later stated that it was unavailable to meet on that date and instead

12  insisted that the parties meet and confer on July 10, 2007, the day *after* the parties'

13  responses were due, to discuss this issue as well as to address Mattel's anticipated

14  motion to compel on the same.[9] MGA, MGA (HK), Mr. Larian and Bryant

15  subsequently served objections to Mattel's improper and excessive interrogatories

16  on July 9, 2007. Thereafter, on July 10, 2007, the parties met and conferred, at

17  which time Mattel reiterated its refusal to withdraw its Third Set of

18  Interrogatories.[10]

19         To date, Mattel has served a total of 46 differently numbered interrogatories,

20  the vast majority of which are compound or were served on multiple responding

21  parties, thus constituting multiple interrogatories.[11] Thus, due to the compound

22  nature of its interrogatories, and the fact that its most recent set was served on four

23

24  ---
    [6] Any such request to increase the number of interrogatories allowed must be made to the District
    Court. *See* Glad Decl., ¶ 2 & Ex. 1 (Transcript of Status/Scheduling Conference, dated February
25  12, 2007, at 24:5-23).
    [7] *See* Glad Decl., ¶ 3 & Ex. 3.
26  [8] *Id.*
    [9] *Id.*
27  [10] *Id.*
28  [11] *Id.* ¶ 4 & Exs. 4-9.

JOINT MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049

EXHIBIT __30__ PAGE __306__

1  separate responding parties on the same "side," Mattel has served, conservatively,

2  *227 separate interrogatories.* This is well over the 50 interrogatories allowed per

3  side and should not be condoned.

4  **III.   ARGUMENT**

5      **A.   Mattel's Interrogatories Far Exceed the District Court's Allowed Maximum**

6        Mattel's attempt to circumvent the District Court's Order limiting the number

7  of interrogatories is improper and should not be allowed. Pursuant to the District

8  Court's Scheduling Order, dated February 12, 2007, the number of interrogatories

9  is "limited to 50 for each side" for the consolidated actions.[12]  Additionally, Federal

10  Rule of Civil Procedure 33(a) provides that "discrete subparts" of interrogatories

11  should be counted as separate interrogatories. Interrogatory subparts are to be

12  counted as discrete subparts if they are not "logically or factually subsumed within

13  and necessarily related to the primary question."[13]  Courts have explained that "[i]f

14  the first question can be answered fully and completely without answering the

15  second question, then the second question is totally independent of the first and not

16  factually subsumed within and necessarily related to the primary question."[14]

17        Mattel has exceeded the 50 interrogatories permitted per side by serving

18  interrogatories that are compound and by serving interrogatories on multiple

19  responding parties. First, many of the interrogatories propounded by Mattel, both

20  in its latest set as well as those in prior sets, are compound and are, in reality, not

21  one but multiple interrogatories.[15]  For example, Mattel has propounded the

22  following interrogatories:

23

24  ───────────
[12] *Id.,* ¶ 2, Ex. 2 (Scheduling Order, dated February 12, 2007).

25  [13] *See Kendall v. GES Exposition Services, Inc.,* 174 F.R.D. 684, 686 (D. Nev. 1997); *Trevino v. ACB American, Inc.,* 232 F.R.D. 612, 614 (N.D. Cal. 2006).

26  [14] *See Krawczyk v. City of Dallas,* 2004 U.S. Dist. LEXIS 30011, *7 (N.D. Tex. 2004); *Kendall,* 174 F.R.D. at 686.

27  [15] The following interrogatories served by Mattel are compound and constitute multiple
28  interrogatories: Mattel's Second Set of Interrogatories propounded on MGA, Interrogatory No. 10; Mattel's First Set of Interrogatories Re: Claims of Unfair Competition propounded on MGA,

JOINT MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049

**EXHIBIT 30 PAGE 307**

1    State all facts that support YOUR contention, if YOU so

2    contend, that one or more of MATTEL's claims against

3    YOU in THIS ACTION is barred, in whole or in part, by

4    the doctrines of unclean hands, estoppel, waiver, or

5    consent, and IDENTIFY all PERSONS with knowledge

6    of such facts and all DOCUMENTS that REFER OR

7    RELATE TO such facts.[16]

8

9    State all facts that support YOUR contention, if YOU so

10   contend, that YOU did not intentionally interfere with the

11   INVENTIONS AGREEMENT or any other agreement or

12   contract between MATTEL and Bryant, or aid or abet any

13   breach of fiduciary duty or duty of loyalty owed by

14   BRYANT to MATTEL, when BRYANT purported to

15   TRANSFER and MGA purported to ACQUIRE rights to

16   BRATZ or when BRYANT performed work or services

17   with or for MGA while BRYANT was employed by

18   MATTEL, and IDENTIFY all PERSONS with

19   knowledge of such facts and all DOCUMENTS that

20   REFER OR RELATE TO such facts.[17]

21

22   State all facts that support YOUR contention, if YOU so

23   contend, that BRYANT did not breach the INVENTIONS

24   AGREEMENT or BRYANT's duty of loyalty or

25

26   Interrogatory Nos. 4, 5, 6, 7, 8, 9 and 10;  Mattel's Third Set of Interrogatories propounded on
     MGA, MGA (HK), Mr. Larian and Bryant, Interrogatory Nos. 12, 13, 14, 15, 16, 17, 18, 19, 20,
27   21, 22, 23 and 27.  *See* Glad Decl., ¶ 4, Exs. 4-9.
     [16] Glad Decl., ¶ 4 & Ex. 9 (Mattel's Third Set of Interrogatories, Interrogatory No. 18).
28   [17] *Id.* ¶ 4 & Ex. 9 (Mattel's Third Set of Interrogatories, Interrogatory No. 21).

- 7 -                    JOINT MOTION FOR PROTECTIVE ORDER
                         CASE NO. CV 04-9049

EXHIBIT __30__ PAGE _308_

1                    fiduciary duties to MATTEL when BRYANT purported

2                    to TRANSFER rights to BRATZ to MGA or performed

3                    work or services with or for MGA while BRYANT was

4                    employed by MATTEL, and IDENTIFY all PERSONS

5                    with knowledge of such facts and all DOCUMENTS that

6                    REFER OR RELATE TO such facts.[18]

7 Each of these interrogatories addresses several discrete issues, and constitutes

8 multiple interrogatories. Indeed, not only do the interrogatories request that the

9 responding parties "state all facts," "identify all persons with knowledge of such

10 facts," and identify "all documents" referring or relating to such facts, which alone

11 constitutes multiple interrogatories, but the interrogatories also request that the

12 responding parties answer such questions with regard to multiple claims or

13 defenses. Combining multiple interrogatories in this fashion is clearly improper

14 and should not be allowed. *See United States ex rel. Pogue v. Diabetes Treatment*

15 *Ctrs. of America, Inc.*, 235 F.R.D. 521, 524 (D.C. Cir. 2006) (explaining that an

16 "interrogatory may properly seek identification of documents and facts supporting a

17 contention, but it may not do so in a single interrogatory"); *Nobles v. Jacobs IMC*,

18 2003 U.S. Dist. LEXIS 24083, *18 (D. V.I. 2003) (finding that an interrogatory that

19 asks the responding party to state all facts regarding a particular issue and to

20 identify all persons having knowledge of such information is two separate

21 interrogatories because "although identity of persons who are the source of various

22 facts inquired about may be logically subsumed within and necessarily related to

23 the primary question, the determination of the identity of all persons having

24 knowledge of such information requires additional effort by Defendant"); *Sec. Ins.*

25 *Co. v. Trustmark Ins. Co.*, 2003 U.S. Dist. LEXIS 18196, *4-5 (D. Conn. 2003)

26 (finding that a single interrogatory seeking information about all elements of a

27

28 [18] Glad Decl., ¶ 4 & Ex. 9 (Mattel's Third Set of Interrogatories, Interrogatory No. 23).

JOINT MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049

EXHIBIT __30__ PAGE 309

1  given claim was compound and explaining that each element of a claim is discrete

2  and constitutes a separate interrogatory).  Moreover, many of the definitions in

3  Mattel's interrogatories require distinct subsets of information, further making the

4  interrogatories compound.[19]  Thus, even under a conservative reading of Mattel's

5  interrogatories, Mattel has served well in excess of the 50 permitted.

6      Second, Mattel exceeded the number of interrogatories it was allowed to ask

7  in its Third Set of Interrogatories alone.  In particular, Mattel's Third Set of

8  Interrogatories includes 19 different interrogatories served on four different

9  responding parties on the same side.  In its definitions to the set of interrogatories,

10

11  [19] *See e.g.*, Glad Decl., ¶ 4 & Ex. 9 (Mattel, Inc.'s Third Set of Interrogatories at 2, defining
"BRATZ" to mean "any project, product, doll, or DESIGN ever known by that name (whether in
12  whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has
been also, previously or subsequently called) and any product, doll or DESIGN or any portion
13  thereof that is now or has even been known as, or sold or marketed under, the name or term
'Bratz' (whether in whole or in part and regardless of what such product, doll or DESIGN or
14  portion thereof is or has been also, previously or subsequently called) or that is now or has ever
been sold or marketed as part of the 'Bratz' line, and each version or iteration of such product,
15  doll or DESIGN or any portion thereof.  As used herein, 'product, doll or design or portion
thereof' also includes without limitation any names, fashions, accessories, artwork, packaging or
16  any other works, materials, matters or items included or associated therewith.  Without limiting
the generality of the foregoing, and contrary to MGA's recent assertions in connection with other
17  Mattel discovery requests, the term 'BRATZ' does not and shall not require that there be a doll
existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant
18  or responsive to, the Interrogatories.");  Glad Decl., ¶ 4 & Ex. 8 (Mattel, Inc.'s First Set of
Interrogatories Re Claims of Unfair Competition at 2, defining "CONTESTED MGA
19  PRODUCTS" as "the CONTESTED BRATZ DOLLS PRODUCTS, the CONTESTED BRATZ
PETZ PRODUCTS, the CONTESTED BRATZ FUNKY FASHION MAKEOVER HEAD, the
20  CONTESTED 4-EVER BEST FRIENDS PRODUCTS, the CONTESTED MOMMY's LITTLE
DOLL PRODUCTS, and the CONTESTED ALIENRACERS PRODUCTS, and any doll, toy,
21  portion thereof, or version thereof that is now or has ever been known as, or sold, offered for sale,
licensed, offered for license or marketed under the name or terms 'Bratz,' '4-Ever Best Friends,'
22  'Mommy's Little,' 'Alienracers,' or any derivative thereof, that provides a basis for any claim by
YOU against MATTEL, including without limitation 'Bratz Dolls,' 'Bratz Dogz,' 'Winter
23  Wonderland,' 'Bratz Sportz,' 'Formal Funk,' 'Sun-Kissed Summer,' 'Funky Fashion Makeover
Head,' 'Runway Disco,' '4-Ever Best Friends,' 'Mommy's Little Patient,' and 'Alienracers.'");
24  Glad Decl., ¶ 4 & Ex. 8 (Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair
Competition at 2, defining "EMBODIMENT" to mean "any representation of the identified
25  product or its retail packaging, whether two-dimensional or three-dimensional, and whether in
tangible, digital, electronic or other form, including but not limited to all works, designs, artwork,
26  sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams,
images, sculptures, prototypes, models, samples, reductions to practice, developments, inventions
27  and/or improvements, as well as other items, things and DOCUMENTS in which any of the
foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner,
28  whether in whole or in part.")

- 9 -
JOINT MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049

EXHIBIT 30 PAGE 310

1  Mattel defined the terms "YOU" and "YOUR" to mean "each of the Responding

2  Parties."[20]  These interrogatories include questions related to the personal financial

3  information of Mr. Larian,[21] the responding parties' state of mind at various points

4  in time,[22] and the potential defenses that may be raised by the various responding

5  parties,[23] among other questions.  These interrogatories necessarily require each

6  responding party to serve its own specific objections and responses based on the

7  particular information known or otherwise available to the responding party.  Thus,

8  even assuming that these interrogatories are not *textually* compound, which many

9  of them are, at a minimum Mattel's Third Set of Interrogatories alone constitutes 76

10  separate interrogatories by virtue of the multiple responding parties aligned on the

11  same side.

12  **B.    The Court Should Issue a Protective Order Preventing Mattel
         From Abusing the Discovery Process and Attempting to Exceed**

13  **the Number of Interrogatories Allowed**

14  Under Federal Rule of Civil Procedure 26(c), a court may "make any order

15  which justice requires to protect a party or person from annoyance, embarrassment,

16  oppression, or undue burden or expense," including "that the disclosure or

17  discovery not be had."  Because Mattel's Third Set of Interrogatories far exceeds

18  the number of interrogatories allowed under the District Court's Order, MGA,

19  MGA (HK), Mr. Larian and Bryant should not be obligated to respond to the

20  [20] Glad Decl., ¶ 4 & Ex. 9 (Mattel, Inc.'s Third Set of Interrogatories at 1).

21  [21] "IDENTIFY each and every bank or financial institution account that REFERS OR RELATES
    TO LARIAN, including accounts in LARIAN's name or for LARIAN's benefit, since January 1,

22  1999." *See* Glad Decl., ¶ 4 & Ex. 9 (Mattel's Third Set of Interrogatories, Interrogatory No. 24).
    [22] "State all facts that support YOUR contention, if YOU so contend, that YOU acted with an

23  innocent state of mind or reasonably believed that MATTEL did not own any rights in any
    BRATZ INVENTION when BRYANT purported to TRANSFER and MGA purported to

24  ACQUIRE rights to BRATZ or when BRYANT performed work or services with or for MGA
    while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with knowledge of

25  such facts and all DOCUMENTS that REFER OR RELATE TO such facts." *See* Glad Decl., ¶ 4
    & Ex. 9 (Mattel's Third Set of Interrogatories, Interrogatory No. 22).

26  [23] "State all facts that support YOUR contention, if YOU so contend, that one or more of
    MATTEL's claims against YOU in THIS ACTION is barred, in whole or in part, by the doctrines

27  of unclean hands, estoppel, waiver, or consent, and IDENTIFY all PERSONS with knowledge of
    such facts and all DOCUMENTS that REFER OR RELATE TO such facts." *See* Glad Decl., ¶ 4

28  & Ex. 9 (Mattel's Third Set of Interrogatories, Interrogatory No. 18).

- 10 -    JOINT MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049

EXHIBIT 30 PAGE 311

1   interrogatories.  MGA, MGA (HK), Mr. Larian and Bryant respectfully request that

2   the Discovery Master issue a protective order preventing Mattel from serving

3   additional interrogatories and continuing to engage in its abusive and excessive

4   discovery, and require Mattel to withdraw its present set of interrogatories and

5   serve revised interrogatories or else identify the interrogatories, or subparts of

6   interrogatories, it wishes to be answered, consistent with the limits imposed by the

7   District Court.

8   **IV.   CONCLUSION**

9        For the foregoing reasons, MGA, MGA (HK), Mr. Larian and Mr. Bryant

10  respectfully request that the Discovery Master issue a protective order preventing

11  Mattel from serving additional interrogatories and continuing to engage in its

12  abusive and excessive discovery, and require Mattel to serve a revised set of its

13  latest interrogatories or else identify which interrogatories, or subparts of

14  interrogatories, it wishes to be answered, consistent with the limits imposed by the

15  District Court.

16

17

18  Dated:  July 10, 2007                    O'MELVENY & MYERS LLP

19                                           By:  James P. Jenal
                                             Attorneys for MGA Entertainment, Inc.,
20                                           MGA Entertainment (HK) Ltd., and
                                             Isaac Larian
21

22  Dated:  July 10, 2007                    KEKER & VAN NEST LLP

23

24                                           By:  Michael H. Page
                                             Attorneys for Carter Bryant
25

26

27

28

                              - 11 -        JOINT MOTION FOR PROTECTIVE ORDER
                                                    CASE NO. CV 04-9049

EXHIBIT   30   PAGE 312

# Exhibit 31

**From:** Herrington, Robert J [mailto:Robert.Herrington@skadden.com]
**Sent:** Thursday, January 17, 2008 6:44 PM
**To:** Dylan Proctor
**Cc:** Matthew Werdegar
**Subject:** MGA/Mattel - Interrogatories

Dylan:

As discussed yesterday, we do not agree with Mattel's position regarding the counting of MGA and Carter Bryant's interrogatories. Notwithstanding the parties' dispute on this issue, we agreed to the following resolution. MGA and Bryant will identify seven of the currently pending interrogatories, which Mattel will answer, and we will either seek leave of court regarding the other interrogatories, or the parties will submit the dispute to the Discovery Master.

Pursuant to this agreement, MGA and Bryant identify the following seven interrogatories, which Mattel will answer: (1) Bryant's one pending interrogatory; (2) MGA's interrogatory 12; (3) MGA's interrogatory 18; (4) MGA's interrogatory 19; (5) MGA's interrogatory 29; (6) MGA's interrogatory 30; and (7) MGA's interrogatory 31.

Please call me to discuss the timing of these responses and the most appropriate method to resolve the remaining dispute regarding the counting of interrogatories.

**EXHIBIT _31_ PAGE _313_**

1/22/2008

Thanks Dylan,
--rob

THIS E-MAIL MESSAGE IS CONFIDENTIAL AND INTENDED FOR THE PERSON(S) NAMED ABOVE ONLY. ALL
OTHER USE, COPYING, OR DISTRIBUTION IS STRICTLY PROHIBITED.


**Robert J. Herrington**
**Skadden, Arps, Slate, Meagher & Flom LLP**
300 South Grand Ave. | Suite 3400 | Los Angeles, CA | 90071
☎ Direct: (213) 687-5368 | 📠 Fax: (213) 621-5368 | 📧 Email: rherring@skadden.com

**Joanne Otero, Assistant to Robert Herrington**
☎ Direct: (213) 687-5252 | 📧 Email: jootero@skadden.com


---
**************************************************** To ensure compliance with Treasury
Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice
contained in this message was not intended or written to be used, and cannot be used, for the purpose of
(i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law
provisions or (ii) promoting, marketing or recommending to another party any tax-related matters
addressed herein. ***************************************************
**************************************************** This email and any attachments
thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged
and/or confidential information. If you are not the intended recipient of this email, you are hereby
notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly
prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and
permanently delete the original copy and any copy of any email, and any printout thereof. Further
information about the firm, a list of the Partners and their professional qualifications will be provided
upon request. ***************************************************
---

EXHIBIT _3/_ PAGE _3/4_

1/22/2008