# EXHIBIT 1

[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]

**EXHIBIT 2**

07209/2338252.1

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**EXHIBIT 3**

07209/2338252.1

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Cross-Defendant
MATTEL, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH<br><br>MATTEL, INC. v. BRYANT, and<br><br>MGA ENTERTAINMENT, INC. v. MATTEL, INC.,<br><br>Cross-Defendant. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>MATTEL, INC.'S OBJECTIONS AND RESPONSE TO MGA ENTERTAINMENT, INC.'S AMENDED SUPPLEMENTAL INTERROGATORY REGARDING AFFIRMATIVE DEFENSES |

PROPOUNDING PARTY:   MGA ENTERTAINMENT, INC.

RESPONDING PARTY:    MATTEL, INC.

SET NO.:             (AMENDED) SUPPLEMENTAL

EXHIBIT 3
PAGE 378

-1-

## Preliminary Statement

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not completed discovery from MGA Entertainment, Inc. ("MGA") or other parties and third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement this response if and when additional facts or documents are discovered. Additionally, because Mattel's response is based on facts and documents that Mattel has identified to date, it does not preclude Mattel from later relying on facts or documents discovered or generated pursuant to subsequent investigation or discovery. Mattel's response to Defendant's Amended Supplemental Interrogatory Regarding Affirmative Defenses (the "Interrogatory") is not to be construed as a waiver of any of its objections or its right to object to any other discovery request.

## General Objections

Mattel generally objects to the Interrogatory on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to the Interrogatory:

1. Mattel objects to the Interrogatory on the grounds that it seeks to impose obligations upon Mattel beyond those imposed by the Federal Rules of Civil Procedure.

2. Mattel objects to the Interrogatory to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, including the privilege against disclosure of the identities and work product of consulting experts. Such information and documents will not be produced.

3. Mattel objects to the Interrogatory on the grounds that it calls for production or disclosure of confidential, proprietary and/or private information.

-2-
MATTEL'S OBJECTIONS AND RESPONSE TO MGA'S SUPPLEMENTAL INTERROGATORY

EXHIBIT 3
PAGE 379

1  Such information and documents will not be disclosed or produced except pursuant
2  to and in reliance upon the operative protective order.

3      4.     Mattel objects to the Interrogatory to the extent that it seeks the
4  disclosure of information or documents that are in the possession, custody and
5  control of independent parties over whom Mattel has no control, and seeks the
6  disclosure of information or documents that are in the possession, custody and
7  control of MGA or are publicly available and hence equally available to all parties
8  to this litigation.

9      5.     Mattel objects to the Interrogatory to the extent that it calls for
10 information that is neither relevant to the claims or defenses in the pending action
11 nor reasonably calculated to lead to the discovery of admissible evidence.

12     6.     Mattel objects to the Interrogatory to the extent that it is unduly
13 burdensome and oppressive.

14     7.     Mattel further objects to the Interrogatory to the extent that it
15 purports to circumvent the expert disclosure provisions of the Federal and Local
16 Rules. Such disclosures will be made in accordance with the requirements of, and at
17 the times specified by, the Court's Orders and the Rules.

18     8.     Mattel objects to the Interrogatory to the extent that it seeks the
19 disclosure of information or documents in violation of the terms of agreements or
20 protective orders entered into with third parties, or in violation of the privacy,
21 contractual, or other rights of third parties.

22     9.     Mattel objects to the Interrogatory on the grounds that the
23 definition of "Mattel" is overbroad, vague and ambiguous and unduly burdensome.

24     10.    Mattel objects to the term "REFER OR RELATE TO" as it is not
25 defined. To the extent MGA intends for the definition of this term to be the same as
26 its defined term "REFERRING OR RELATING TO," as Mattel presumes, Mattel
27 objects to the definition to the extent it is overbroad and vague and ambiguous.

28

EXHIBIT 3
PAGE 380

-3-
MATTEL'S OBJECTIONS AND RESPONSE TO MGA'S SUPPLEMENTAL INTERROGATORY

11. Mattel objects to the Interrogatory on the grounds that the defendants have exceeded the limit on the number of interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained.

### Specific and General Responses

Each of the following objections and responses to the Interrogatory is expressly made subject to the above Preliminary Statement and General Objections, all of which are incorporated in the following objections and response to the Interrogatory.

### RESPONSE TO SUPPLEMENTAL INTERROGATORY

**SUPPLEMENTAL INTERROGATORY:**

State the facts upon which YOU intend to rely at trial to support YOUR affirmative defenses, and IDENTIFY all PERSONS with knowledge of those facts and all DOCUMENTS that REFER OR RELATE TO those facts.

**RESPONSE TO SUPPLEMENTAL INTERROGATORY:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that MGA's Amended Supplemental Interrogatory Regarding Its Affirmative Defenses purports to require Mattel to answer multiple interrogatories that are in excess of the number of interrogatories allowed to defendants, including pursuant to the Discovery Master's guidelines set forth in his Order of September 5, 2007. Because defendants have neither sought nor obtained leave of the Court to serve such excess number of interrogatories, they are improper. Moreover, the Court instructed MGA on December 3, 2007 to meet

EXHIBIT 3
PAGE 381

-4-
MATTEL'S OBJECTIONS AND RESPONSE TO MGA'S SUPPLEMENTAL INTERROGATORY

1  and confer regarding this Interrogatory, but MGA never sought to do so. *See*
2  Hearing Transcript of December 3, 2007 at 38:18-22.
3       Mattel further objects to this Interrogatory to the extent that it is unreasonably
4  burdensome, overbroad and compound, including in that it purports to require
5  Mattel to summarize all facts on these multiple subjects, despite defendants' own
6  refusals to answer interrogatories with the same or comparable language.
7       Mattel further objects to this Interrogatory to the extent that it calls for the
8  disclosure of information subject to the attorney-client privilege, the attorney work-
9  product doctrine and other applicable privileges.
10      Subject to and without waiving the foregoing general and specific objections,
11 Mattel states that it is willing to meet and confer with MGA regarding this
12 Interrogatory, as ordered by the Court on December 3, 2007.

DATED: January 7, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _/s/ Michael Zeller (by Heidi Fiala)_
Michael T. Zeller
Attorneys for Mattel, Inc.

EXHIBIT 3
PAGE 382

-5-
MATTEL'S OBJECTIONS AND RESPONSE TO MGA'S SUPPLEMENTAL INTERROGATORY

07975/2342042.1

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On January 7, 2008, I served true copies of the following document(s) described as **MATTEL, INC.'S OBJECTIONS AND RESPONSE TO MGA ENTERTAINMENT, INC.'S AMENDED SUPPLEMENTAL INTERROGATORY REGARDING AFFIRMATIVE DEFENSES**, on the parties in this action as follows:

Thomas Nolan, Esq.
SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Mark E. Overland, Esq.
David C. Scheper, Esq.
Alexander H. Cote
OVERLAND BORENSTEIN SCHEPER & KIM LLP
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144

Michael H. Page, Esq.
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 7, 2008, at Los Angeles, California.

_____
HEIDI FRAHM

EXHIBIT 3
PAGE 383

07975/2338349.2

**EXHIBIT 4**

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**EXHIBIT 5**

07209/2338252.1

# [FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]

07209/2338252.1