1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@glaserweil.com
3  GLASER, WEIL, FINK, JACOBS,
     HOWARD & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone:  310-553-3000
   Facsimile:   310-556-2920
6
7  Russell J. Frackman, State Bar No. 049087
   rjf@msk.com
8  MITCHELL, SILBERBERG & KNUPP, LLP
   11377 West Olympic Boulevard
9  Los Angeles, California 90064
   Telephone:  310-312-2000
10 Facsimile:   310-312-3100

11 Attorneys for the MGA Parties for Phase 2

12            UNITED STATES DISTRICT COURT

13     CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

14

15 CARTER BRYANT, an individual        )  Case No. CV 04-9049 SGL (RNBx)
                                       )
16            Plaintiff,               )  Consolidated with: Case No. CV 04-
                                       )  9059 and Case No. CV 05-2727
17 v.                                  )
                                       )  **Hon. Stephen J. Larson**
18 MATTEL, INC., a Delaware            )
   Corporation                         )  **MGA PARTIES' ANSWER AND**
19                                     )  **AFFIRMATIVE DEFENSES TO**
              Defendant.               )  **MATTEL, INC.'S THIRD**
20                                     )  **AMENDED ANSWER AND**
                                       )  **COUNTERCLAIMS**
21 _____ )
                                       )  **Phase 2**
22 AND CONSOLIDATED ACTIONS            )  Discovery Cut-off:  December 11, 2009
                                       )  Pre-Trial Conference:  March 1, 2010
23                                     )  Trial Date:  March 23, 2010
                                       )
24 _____ )

25

26

27

28

680227

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

Counter-defendants MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V. and Isaac Larian (collectively, the "MGA Parties") hereby answer the Third Amended Counterclaim of Mattel, Inc. ("Mattel") as follows:

As a preliminary matter, Mattel's use of headings throughout its counterclaims is improper, and therefore no response to Mattel's headings is required. If any response is required, the MGA Parties deny all allegations contained in Mattel's headings.

## RESPONSES

1.     The MGA Parties deny the allegations set forth in paragraph 1.

2.     The MGA Parties deny the allegations set forth in paragraph 2.

3.     The MGA Parties admit that the jury in the Phase 1 trial reached a verdict on July 17, 2008. The contents of that verdict speak for themselves. The MGA Parties deny the remaining allegations set forth in paragraph 3.

4.     The MGA Parties admit that MGA decided to expand into Mexico in or about 2004, and deny the remaining allegations set forth in paragraph 4.

5.     The MGA Parties deny the allegations set forth in paragraph 5.

6.     The MGA Parties deny the allegations set forth in paragraph 6.

7.     The MGA Parties deny the allegations set forth in paragraph 7.

8.     The MGA Parties admit that the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, deny that 17 U.S.C. §§ 101 and 18 U.S.C. § 1964(c) apply to the extraterritorial conduct alleged in the Counterclaims, and deny that Mattel is entitled to any relief on its Counterclaims.

9.     The MGA Parties admit that venue is proper in this District for Mattel's claims based on conduct alleged to have occurred within this District and deny that venue is proper in this District for acts alleged to have occurred in Mexico, Canada, Hong Kong, or other places outside of this District.

10.     The MGA Parties admit the allegations set forth in paragraph 10.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

680227

MGA PARTIES' ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S THIRD AMENDED ANSWER AND COUNTERCLAIMS

11.     The MGA Parties admit the allegations set forth in the first and second sentences of paragraph 11 and deny the remaining allegations set forth in paragraph 11.

12.     The MGA Parties admit that Carter Bryant ("Bryant") was formerly employed by Mattel.  The MGA Parties further admit that Bryant later worked for MGA after leaving Mattel.  The MGA Parties deny the remaining allegations set forth in paragraph 12.

13.     The MGA Parties admit the allegations set forth in the first sentence of paragraph 13 and deny the remaining allegations set forth in paragraph 13.

14.     The MGA Parties admit the allegations set forth in paragraph 14.

15.     The MGA Parties admit the allegations set forth in the first sentence of paragraph 15.  The MGA Parties deny the remaining allegations set forth in paragraph 15.

16.     The MGA Parties deny the allegations set forth in paragraph 16.

17.     The MGA Parties deny the allegations set forth in paragraph 17.

18.     The MGA Parties deny the allegations set forth in paragraph 18.

19.     The MGA Parties deny the allegations set forth in paragraph 19.

20.     The MGA Parties deny the allegations set forth in paragraph 20.

21.     The MGA Parties admit that Carlos Gustavo Machado Gomez ("Machado") resided in this District at the time he was named and served as a Counter-defendant in the Second Amended Answer and Counterclaims.  The MGA Parties deny the remaining allegations in paragraph 21.

22.     Paragraph 22 is a statement of Mattel's legal position, to which no response is necessary.  To the extent that a response is required, the MGA Parties deny the allegations set forth in paragraph 22.

23.     The MGA Parties admit the allegations set forth in the first sentence of paragraph 23.  The MGA Parties are without sufficient knowledge to

680227

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  admit or deny the remaining allegations set forth in paragraph 23, and on that basis,

2  deny the remaining allegations set forth in paragraph 23.

3      24.    The MGA Parties are without sufficient knowledge to admit or

4  deny the allegations set forth in paragraph 24, and on that basis, deny the allegations

5  set forth in paragraph 24.

6      25.    The MGA Parties are without sufficient knowledge to admit or

7  deny the allegations set forth in paragraph 25, and on that basis, deny the allegations

8  set forth in paragraph 25.

9      26.    The MGA Parties admit that MGA is a toy manufacturer, that

10  MGA began as a consumer electronics business and expanded into the toy business

11  with licenses to sell handheld electronic games, and later expanded its business by

12  launching the Bratz fashion doll line, and deny the remaining allegations set forth in

13  paragraph 26.

14      27.    The MGA Parties deny the allegations set forth in paragraph 27.

15      28.    The MGA Parties admit that Carter Bryant is a former employee

16  of Mattel, and state they are without sufficient knowledge to admit or deny the

17  remaining allegations set forth in paragraph 28, and on that basis, deny the remaining

18  allegations set forth in paragraph 28.

19      29.    The MGA Parties are without sufficient knowledge to admit or

20  deny the allegations set forth in paragraph 29, and on that basis, deny the allegations

21  set forth in paragraph 29.

22      30.    The MGA Parties are without sufficient knowledge to admit or

23  deny the allegations set forth in paragraph 30, and on that basis, deny the allegations

24  set forth in paragraph 30.

25      31.    The MGA Parties are without sufficient knowledge to admit or

26  deny the allegations set forth in paragraph 31, and on that basis, deny the allegations

27  set forth in paragraph 31.

28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

680227

MGA PARTIES' ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S THIRD
AMENDED ANSWER AND COUNTERCLAIMS

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    32.    The MGA Parties are without sufficient knowledge to admit or

2  deny the allegations set forth in paragraph 32, and on that basis, deny the allegations

3  set forth in paragraph 32.

4    33.    The MGA Parties deny the allegations set forth in paragraph 33.

5    34.    The MGA Parties deny the allegations set forth in paragraph 34.

6    35.    The MGA Parties deny the allegations set forth in paragraph 35.

7    36.    The MGA Parties deny the allegations set forth in paragraph 36.

8    37.    The MGA Parties admit that after MGA made the decision to

9  proceed with the manufacture of the Bratz dolls, MGA employees communicated

10  with employees of MGA Entertainment (HK) Limited on subjects including the

11  manufacturing of Bratz, and deny the remaining allegations set forth in the first

12  sentence of paragraph 37.  The MGA Parties admit the second sentence of paragraph

13  37.

14    38.    The MGA Parties admit that preliminary samples of the four

15  original Bratz dolls were shown at the Hong Kong Toy Fair in January 2001, and

16  deny the remaining allegations set forth in paragraph 38.

17    39.    The MGA Parties admit that MGA and its subsidiaries have

18  distributed and sold Bratz and Bratz-related products in many countries throughout

19  the world, that MGA and its subsidiaries have licensed Bratz to third parties, that

20  MGA has derived substantial revenues from its sales and licenses of Bratz in excess

21  of $500 million, that MGA and its subsidiaries continue to market, sell and license

22  Bratz to the extent permitted by the Court's orders, and deny the remaining allegations

23  set forth in paragraph 39.

24    40.    The MGA Parties deny the allegations set forth in paragraph 40.

25    41.    The MGA Parties deny the allegations set forth in paragraph 41.

26    42.    The MGA Parties deny the allegations set forth in paragraph 42.

27

28

680227

MGA PARTIES' ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S THIRD
AMENDED ANSWER AND COUNTERCLAIMS

43.     The MGA Parties admit that Bryant had an agreement with MGA, state that the terms of the agreement speak for themselves, and deny the remaining allegations set forth in paragraph 43.

44.     The MGA Parties admit that in or about early 2004, MGA decided to form a new corporation, MGAE de Mexico, S.R.L. de C.V., to conduct business in Mexico, admit that MGAE de Mexico hired three former employees of Mattel's Mexican subsidiary, and deny the remaining allegations set forth in paragraph 44.

45.     The MGA Parties admit that Carlos Gustavo Machado Gomez was a Marketing Manager, Boys Division, for Mattel Mexico, admit that Machado was employed at Mattel Mexico from April 1997 until April 19, 2004, admit that Machado had access to some nonpublic business information of Mattel Mexico, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 45, and on that basis, deny the remaining allegations set forth in paragraph 45.

46.     The MGA Parties admit that Mariana Trueba Almada was a Marketing Manager, Girls Division, for Mattel Mexico, admit that Trueba had access to some nonpublic business information of Mattel Mexico, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 46, and on that basis, deny the remaining allegations set forth in paragraph 46.

47.     The MGA Parties admit that Pablo Vargas San Jose was a Trade Marketing Manager for Mattel Mexico, admit that Vargas was employed at Mattel Mexico from March 2001 until April 19, 2004, admit that Vargas had access to some nonpublic business information of Mattel Mexico, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 47, and on that basis, deny the remaining allegations set forth in paragraph 47.

48.     The MGA Parties admit that in or about early 2004, Machado, Trueba and Vargas discussed leaving Mattel Mexico, admit that Machado, Trueba

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

MGA PARTIES' ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S THIRD AMENDED ANSWER AND COUNTERCLAIMS

1   and Vargas resigned from Mattel Mexico on April 19, 2004, admit that they did not

2   identify their new employer to Mattel Mexico, admit that Machado, Trueba and

3   Vargas were offered and accepted employment with MGAE de Mexico, and deny the

4   remaining allegations set forth in paragraph 48.

5          49.   The MGA Parties admit that MGA personnel communicated by

6   telephone with Machado and Vargas prior to their Mattel resignations, admit that

7   MGA personnel, including Larian, communicated by e-mail with Machado and

8   Vargas concerning terms of potential employment with MGA through an America

9   Online e-mail account with the address <plot04@aol.com>, and deny the remaining

10  allegations set forth in paragraph 49.

11         50.   The MGA Parties admit that in or about March 2004, Machado,

12  Trueba, and Vargas made plans to travel from Mexico to Los Angeles in April 2004,

13  admit that in or about March 2004, Machado, Trueba, and Vargas discussed with

14  MGA personnel, including Larian, employment at MGAE de Mexico, state that the e-

15  mails speak for themselves, and deny the remaining allegations set forth in paragraph

16  50.

17         51.   The MGA Parties are without sufficient knowledge to admit or

18  deny the allegations set forth in paragraph 51, and on that basis, deny the allegations

19  set forth in paragraph 51.

20         52.   The MGA Parties are without sufficient knowledge to admit or

21  deny the allegations set forth in paragraph 52, and on that basis, deny the allegations

22  set forth in paragraph 52.

23         53.   The MGA Parties are without sufficient knowledge to admit or

24  deny the allegations set forth in paragraph 53, and on that basis, deny the allegations

25  set forth in paragraph 53.

26         54.   The MGA Parties are without sufficient knowledge to admit or

27  deny the allegations set forth in the third sentence of paragraph 54, and on that basis,

28  deny these allegations, and deny the remaining allegations set forth in paragraph 54.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

680227

MGA PARTIES' ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S THIRD
AMENDED ANSWER AND COUNTERCLAIMS

55.    The MGA Parties deny the allegations set forth in paragraph 55.

56.    The MGA Parties deny the allegations set forth in paragraph 56.

57.    The MGA Parties are without sufficient knowledge to admit or deny the allegation that MGA publicized a claim that, in 2005, it had increased its Mexican market share by 90% over the prior year, and on that basis, deny this allegation, and deny the remaining allegations set forth in paragraph 57.

58.    The MGA Parties deny the allegations set forth in paragraph 58.

59.    The MGA Parties deny the allegations set forth in paragraph 59.

60.    The MGA Parties admit that on October 27, 2005, at Mattel's behest, Mexican authorities searched MGAE de Mexico and seized certain documents, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 60, and on that basis, deny the remaining allegations set forth in paragraph 60.

61.    To the extent that paragraph 61 purports to characterize Machado's deposition, the MGA Parties state that Machado's deposition transcript speaks for itself.  The MGA Parties admit that Machado was transferred from MGAE de Mexico to MGA's office in Van Nuys, California, admit that Machado has resided in the County of Los Angeles, and deny the remaining allegations set forth in paragraph 61.

62.    The MGA Parties admit the allegations set forth in the first sentence of paragraph 62.  The MGA Parties admit that Tyco Toys hired Brawer on April 22, 1996, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in the second sentence of paragraph 62, and on that basis, deny the remaining allegations set forth in the second sentence of paragraph 62. The MGA Parties admit that on April 9, 1997, Brawer became a Marketing Director for Mattel in Mount Laurel, New Jersey, and state that the remaining allegations in the fourth sentence of paragraph 62 are a statement of Mattel's legal position, to

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

680227

MGA PARTIES' ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S THIRD AMENDED ANSWER AND COUNTERCLAIMS

1   which no response is necessary. To the extent a response is required, the MGA

2   Parties deny the remaining allegations set forth in paragraph 62.

3          63.    The MGA Parties are without sufficient knowledge to admit or

4   deny the allegations set forth in paragraph 63, and on that basis, deny the allegations

5   set forth in paragraph 63. The last sentence of paragraph 63 is a statement of Mattel's

6   legal position, to which no response is necessary. To the extent a response is

7   required, the MGA Parties deny the remaining allegations set forth in last sentence of

8   paragraph 63.

9          64.    The MGA Parties admit that by 2003, Brawer had advanced

10  within Mattel to a Senior Vice President position over customer marketing, and state

11  that the remaining allegations in the first sentence of paragraph 64 are a statement of

12  Mattel's legal position, to which no response is necessary. To the extent a response is

13  required, the MGA Parties deny the remaining allegations set forth in the first

14  sentence of paragraph 64. The MGA Parties admit that in his executive position,

15  Brawer was provided access to certain nonpublic Mattel information, and deny the

16  remaining allegations set forth in the second sentence of Paragraph 64.

17         65.    The MGA Parties admit the allegations set forth in the first

18  sentence of paragraph 65. The MGA Parties deny the allegations set forth in the

19  second sentence of paragraph 65. The MGA Parties are without sufficient knowledge

20  to admit or deny the remaining allegations set forth in paragraph 65, and on that basis,

21  deny the remaining allegations set forth in paragraph 65.

22         66.    The MGA Parties are without sufficient knowledge to admit or

23  deny the allegations set forth in paragraph 66, and on that basis, deny the allegations

24  set forth in paragraph 66.

25         67.    The MGA Parties admit that in April 2004, Mattel made Brawer a

26  Senior Vice President/General Manager, and state that they are without sufficient

27  knowledge to admit or deny the remaining allegations set forth in paragraph 67, and

28  on that basis, deny the allegations set forth in paragraph 67.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

MGA PARTIES' ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S THIRD
AMENDED ANSWER AND COUNTERCLAIMS

68.     The MGA Parties admit that in May 2004, Brawer began performing General Manager duties, working with one of Mattel's major retail customer accounts, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 68, and on that basis, deny the allegations set forth in paragraph 68.

69.     The MGA Parties admit the allegations set forth in the first sentence of paragraph 69.  The MGA Parties admit that as Brawer left, he carried a large cardboard box, and deny the remaining allegations set forth in the second sentence of paragraph 69.  The MGA Parties state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 69, and on that basis, deny the remaining allegations set forth in paragraph 69.

70.     The MGA Parties admit the allegations set forth in paragraph 70.

71.     The MGA Parties admit that on September 20, 2004, Mattel hand-delivered a letter to Brawer, state that the contents of the letter speak for themselves, and deny the remaining allegations set forth in paragraph 71.

72.     The MGA Parties admit that at his exit interview on September 29, 2004, Brawer was given a copy of an agreement with Tyco that he had signed on April 22, 1996, and a copy of Mattel's Code of Conduct, admit that Brawer stated that he had not signed the Code of Conduct, and deny the remaining allegations set forth in paragraph 72.

73.     The MGA Parties admit that on October 1, 2004, Brawer's last day of employment with Mattel, Mattel delivered a letter to Brawer, state that the contents of the letter speak for themselves, and deny the remaining allegations set forth in paragraph 73.

74.     The MGA Parties admit that Brawer became MGA's Executive Vice President of Sales and Marketing, admit that Brawer was responsible for sales worldwide, admit that Brawer had and continues to have responsibility for MGA's

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

680227

9

1    accounts with some of the same retailers that Brawer worked with while at Mattel,

2    and deny the remaining allegations set forth in paragraph 74.

3         75.    The MGA Parties admit that Brawer stated during his exit

4    interview that he had returned all confidential proprietary information to Mattel, state

5    that he did not provide copies of information from his personal contacts file, and deny

6    the remaining allegations set forth in paragraph 75.

7         76.    The MGA Parties admit that since leaving Mattel, Brawer has had

8    contacts with certain Mattel employees, both by telephone and electronic mail, and

9    deny the remaining allegations set forth in paragraph 76.

10        77.    The MGA Parties admit that MGA Entertainment, Inc., hired

11   Jorge Castilla ("Castilla") on or around March 13, 2006 and admit that Castilla was

12   previously employed by Mattel.  The MGA Parties deny that MGA "recruited"

13   Castilla.  The MGA Parties are without sufficient knowledge to admit or deny the

14   remaining allegations set forth in paragraph 77, and on that basis, deny the remaining

15   allegations set forth in paragraph 77.

16        78.    The MGA Parties admit that Castilla was previously employed by

17   Mattel.  The MGA Parties are without sufficient knowledge to admit or deny the

18   remaining allegations set forth in paragraph 78, and on that basis, deny the remaining

19   allegations set forth in paragraph 78.

20        79.    The MGA Parties admit that Castilla was previously employed by

21   Mattel.  The MGA Parties are without sufficient knowledge to admit or deny the

22   remaining allegations set forth in paragraph 79, and on that basis, deny the remaining

23   allegations set forth in paragraph 79.

24        80.    The MGA Parties are without sufficient knowledge to admit or

25   deny the allegations set forth in paragraph 80, and on that basis, deny the allegations

26   set forth in paragraph 80.

27   ///

28   ///

MGA PARTIES' ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S THIRD
AMENDED ANSWER AND COUNTERCLAIMS

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

81.     The MGA Parties are without sufficient knowledge to admit or deny the allegations set forth in paragraph 81, and on that basis, deny the allegations set forth in paragraph 81.

82.     The MGA Parties are without sufficient knowledge to admit or deny the allegations set forth in paragraph 82, and on that basis, deny the allegations set forth in paragraph 82.

83.     The MGA Parties are without sufficient knowledge to admit or deny the allegations set forth in paragraph 83, and on that basis, deny the allegations set forth in paragraph 83.

84.     The MGA Parties are without sufficient knowledge to admit or deny the allegations set forth in paragraph 84, and on that basis, deny the allegations set forth in paragraph 84.

85.     The MGA Parties are without sufficient knowledge to admit or deny the allegations set forth in paragraph 85, and on that basis, deny the allegations set forth in paragraph 85.

86.     To the extent that paragraph 86 purports to characterize Castilla's deposition, the MGA Parties state that Castilla's deposition transcript speaks for itself.  The MGA Parties admit that Castilla, before he was employed by MGA, turned over to FBI agents a storage media from his personal digital device.  The MGA Parties deny the remaining allegations set forth in paragraph 86.

87.     The MGA Parties deny the allegations set forth in paragraph 87.

88.     The MGA Parties deny the allegations set forth in paragraph 88.

89.     The MGA Parties are without sufficient knowledge to admit or deny the allegations set forth in paragraph 89, and on that basis, deny the allegations set forth in paragraph 89.

90.     The MGA Parties are without sufficient knowledge to admit or deny the allegations set forth in paragraph 90, and on that basis, deny the allegations set forth in paragraph 90.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

MGA PARTIES' ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S THIRD AMENDED ANSWER AND COUNTERCLAIMS

91.    The MGA Parties admit that on September 26, 2005, Janine Brisbois ("Brisbois") resigned from Mattel Canada, state that she took a position as Vice President of National Accounts at MGAE Canada, and deny the remaining allegations set forth in the first sentence of paragraph 91. The MGA Parties are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 91, and on that basis, deny the remaining allegations set forth in paragraph 91.

92.    The MGA Parties admit that Brisbois spoke with Larian by telephone on or about the evening of September 22, 2005, deny that Brisbois copied approximately 45 Mattel documents onto a USB or thumb drive on that same date, deny that Brisbois concealed the thumb drive the last time she left Mattel Canada's office, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 92, and on that basis, deny the remaining allegations set forth in paragraph 92.

93.    The MGA Parties deny the allegations set forth in paragraph 93.

94.    The MGA Parties admit that Brisbois traveled several times to MGA's offices in Van Nuys, California, and met with Larian and Brawer, that MGA issued a press release, state that the press release speaks for itself, and deny the remaining allegations set forth in paragraph 94.

95.    The MGA Parties state that Veronica Marlow's deposition transcript speaks for itself. The MGA Parties deny the allegations set forth in paragraph 95.

96.    The MGA Parties are without sufficient knowledge to admit or deny the allegations set forth in paragraph 96, and on that basis, deny the allegations set forth in paragraph 96.

97.    To the extent that paragraph 97 purports to characterize or quote e-mails, the MGA Parties state that those e-mails speak for themselves. The MGA

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

680227

12

1  Parties admit that they hired Maria Elena Salazar.  The MGA Parties deny the

2  remaining allegations set forth in paragraph 97.

3          98.    The MGA Parties deny the allegations set forth in paragraph 98.

4          99.    The MGA Parties deny the allegations set forth in the first

5  sentence of paragraph 99.  The MGA Parties admit that Larian has sent e-mail

6  messages to a "Bratz News" distribution list, admit that the recipients of e-mail

7  messages sent to the "Bratz News" distribution list includes members of the media as

8  well as representatives of customers of both MGA and Mattel, and deny the

9  remaining allegations set forth in paragraph 99.

10        100.    The MGA Parties admit that on May 12, 2006, Larian sent an e-

11  mail message to the "Bratz News" distribution list that included a reference to the

12  new My Scene product with real gems, and state that they are without sufficient

13  knowledge to admit or deny the remaining allegations set forth in paragraph 100, and

14  on that basis, deny the remaining allegations set forth in paragraph 100.

15        101.    The MGA Parties admit that Larian told one retailer that such

16  retailer was the only retailer with plans to purchase MY SCENE BLING BLING with

17  real gems, at a time when Larian had a good faith belief that such retailer was the only

18  retailer with plans to purchase MY SCENE BLING BLING with real gems, and deny

19  the remaining allegations set forth in paragraph 101.

20        102.    The MGA Parties deny the allegations set forth in paragraph 102.

21        103.    The MGA Parties deny the allegations set forth in paragraph 103.

22        104.    The MGA Parties admit that Larian offered sworn testimony

23  during Phase 1 that Bryant told him, and that Larian believed, that Bryant had not

24  created Bratz while employed by Mattel.  The MGA Parties deny the remaining

25  allegations set forth in paragraph 104.

26        105.    The MGA Parties deny the allegations set forth in paragraph 105.

27        106.    The MGA Parties deny the allegations set forth in paragraph 106.

28        107.    The MGA Parties deny the allegations set forth in paragraph 107.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

680227

13

1    108.    The MGA Parties deny the allegations set forth in paragraph 108.

2    109.    The MGA Parties are without sufficient knowledge to admit or

3  deny the allegations set forth in paragraph 109, and on that basis, deny the allegations

4  set forth in paragraph 109.

5    110.    The MGA Parties deny the allegations set forth in paragraph 110.

6    111.    The MGA Parties deny the allegations set forth in paragraph 111.

7    112.    The MGA Parties admit that Shirin Makabi is Isaac Larian's sister

8  and that Jahangir Eli Makabi is Isaac Larian's brother-in-law, and that both are

9  shareholders of MGA.  The MGA Parties deny the remaining allegations set forth in

10  paragraph 112.

11    113.    The MGA Parties admit that on or around July 21, 2008,

12  Wachovia accelerated the maturity of MGA's outstanding debt obligations,

13  amounting to $313 million, owed to Wachovia, and deny the remaining allegations set

14  forth in paragraph 113.

15    114.    The MGA Parties deny the allegations set forth in paragraph 114.

16    115.    The MGA Parties admit that Omni 808 has represented to the

17  Court that its acquisition of the Wachovia note was an arms-length transaction and

18  that the funds used for the acquisition did not originate from the MGA Parties, and

19  deny the remaining allegations set forth in paragraph 115.  To the extent that

20  paragraph 115 purports to characterize certain documents, the MGA Parties state that

21  those documents speak for themselves.

22    116.    The MGA Parties admit that Leon Neman is Larian's brother-in-

23  law.  The MGA Parties deny that Vision Capital is affiliated with MGA.  The MGA

24  Parties are without sufficient knowledge to admit or deny the remaining allegations

25  set forth in paragraph 116, and on that basis, deny the remaining allegations set forth

26  in paragraph 116.

27    117.    The MGA Parties deny the allegations set forth in paragraph 117.

28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

680227

MGA PARTIES' ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S THIRD
AMENDED ANSWER AND COUNTERCLAIMS

118.   To the extent that paragraph 118 purports to characterize or quote documents, the MGA Parties state that those documents speak for themselves.  The MGA Parties deny the allegations set forth in paragraph 118.

119.   The MGA Parties deny the allegations set forth in paragraph 119.

120.   The MGA Parties deny the allegations set forth in paragraph 120.

121.   To the extent that paragraph 121 purports to characterize certain documents, the MGA Parties state that those documents speak for themselves.  The MGA Parties admit that MGA shareholders have loaned the amounts alleged in paragraph 121 to MGA.  Except as otherwise admitted, the MGA Parties deny the remaining allegations set forth in paragraph 121.

122.   The MGA Parties deny the allegations set forth in paragraph 122.

123.   The MGA Parties deny the allegations set forth in paragraph 123.

124.   To the extent that paragraph 124 purports to characterize or quote documents, the MGA Parties state that those documents speak for themselves.  The MGA Parties deny the allegations set forth in paragraph 124.

125.   To the extent that paragraph 125 purports to characterize or quote documents, the MGA Parties state that those documents speak for themselves.  The MGA Parties deny the allegations set forth in paragraph 125.

126.   The MGA Parties deny the allegations set forth in paragraph 126.

127.   The MGA Parties repeat their responses contained in paragraphs 1 through 126 of this Answer and incorporate them by reference as though fully and completely set forth herein.

128.   The MGA Parties deny the allegations set forth in paragraph 128.

129.   The MGA Parties deny the allegations set forth in paragraph 129.

130.   The MGA Parties deny the allegations set forth in paragraph 130.

131.   The MGA Parties deny the allegations set forth in paragraph 131.

132.   The MGA Parties deny the allegations set forth in paragraph 132.

MGA PARTIES' ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S THIRD AMENDED ANSWER AND COUNTERCLAIMS

133.    The MGA Parties repeat their responses contained in paragraphs 1 through 132 of this Answer and incorporate them by reference as though fully and completely set forth herein.

134.    The MGA Parties deny the allegations set forth in paragraph 134.

135.    The MGA Parties deny the allegations set forth in paragraph 135.

136.    The MGA Parties deny the allegations set forth in paragraph 136.

137.    The MGA Parties deny the allegations set forth in paragraph 137.

138.    The MGA Parties deny the allegations set forth in paragraph 138.

139.    The MGA Parties deny the allegations set forth in paragraph 139.

140.    The MGA Parties deny the allegations set forth in paragraph 140.

141.    The MGA Parties deny the allegations set forth in paragraph 141.

142.    The MGA Parties deny the allegations set forth in paragraph 142.

143.    The MGA Parties deny the allegations set forth in paragraph 143.

144.    The MGA Parties deny the allegations set forth in paragraph 144.

145.    The MGA Parties deny the allegations set forth in paragraph 145.

146.    The MGA Parties repeat their responses contained in paragraphs 1 through 145 of this Answer and incorporate them by reference as though fully and completely set forth herein.

147.    The MGA Parties deny the allegations set forth in paragraph 147.

148.    The MGA Parties deny the allegations set forth in paragraph 148.

149.    The MGA Parties deny the allegations set forth in paragraph 149.

150.    The MGA Parties deny the allegations set forth in paragraph 150.

151.    The MGA Parties deny the allegations set forth in paragraph 151.

152.    The MGA Parties deny the allegations set forth in paragraph 152.

153.    The MGA Parties deny the allegations set forth in paragraph 153.

154.    The MGA Parties deny the allegations set forth in paragraph 154.

155.    The MGA Parties deny the allegations set forth in paragraph 155.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

MGA PARTIES' ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S THIRD AMENDED ANSWER AND COUNTERCLAIMS

156. The MGA Parties repeat their responses contained in paragraphs 1 through 155 of this Answer and incorporate them by reference as though fully and completely set forth herein.

157. The MGA Parties deny the allegations set forth in paragraph 157.

158. The MGA Parties deny the allegations set forth in paragraph 158.

159. The MGA Parties deny the allegations set forth in paragraph 159.

160. The MGA Parties deny the allegations set forth in paragraph 160.

161. The MGA Parties deny the allegations set forth in paragraph 161.

162. The MGA Parties deny the allegations set forth in paragraph 162.

163. The MGA Parties deny the allegations set forth in paragraph 163.

164. The MGA Parties deny the allegations set forth in paragraph 164.

165. The MGA Parties deny the allegations set forth in paragraph 165.

166. The MGA Parties repeat their responses contained in paragraphs 1 through 165 of this Answer and incorporate them by reference as though fully and completely set forth herein.

167. The MGA Parties deny the allegations set forth in paragraph 167.

168. The MGA Parties deny the allegations set forth in paragraph 168.

169. The MGA Parties deny the allegations set forth in paragraph 169.

170. The MGA Parties deny the allegations set forth in paragraph 170.

171. The MGA Parties deny the allegations set forth in paragraph 171.

172. The MGA Parties repeat their responses contained in paragraphs 1 through 171 of this Answer and incorporate them by reference as though fully and completely set forth herein.

173. The MGA Parties deny the allegations set forth in paragraph 173.

174. The MGA Parties deny the allegations set forth in paragraph 174.

175. The MGA Parties deny the allegations set forth in paragraph 175.

176. The MGA Parties deny the allegations set forth in paragraph 176.

177. The MGA Parties deny the allegations set forth in paragraph 177.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

680227

17

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

178.   The MGA Parties deny the allegations set forth in paragraph 178.

179.   The MGA Parties repeat their responses contained in paragraphs 1 through 178 of this Answer and incorporate them by reference as though fully and completely set forth herein.

180.   The MGA Parties deny the allegations set forth in paragraph 180.

181.   The MGA Parties deny the allegations set forth in paragraph 181.

182.   The MGA Parties deny the allegations set forth in paragraph 182.

183.   The MGA Parties deny the allegations set forth in paragraph 183.

184.   The MGA Parties deny the allegations set forth in paragraph 184.

185.   The MGA Parties deny the allegations set forth in paragraph 185.

186.   The MGA Parties repeat their responses contained in paragraphs 1 through 185 of this Answer and incorporate them by reference as though fully and completely set forth herein.

187.   The MGA Parties deny the allegations set forth in paragraph 187.

188.   The MGA Parties deny the allegations set forth in paragraph 188.

189.   The MGA Parties deny the allegations set forth in paragraph 189.

190.   The MGA Parties deny the allegations set forth in paragraph 190.

191.   The MGA Parties deny the allegations set forth in paragraph 191.

192.   The MGA Parties repeat their responses contained in paragraphs 1 through 191 of this Answer and incorporate them by reference as though fully and completely set forth herein.

193.   The MGA Parties deny the allegations set forth in paragraph 193.

194.   The MGA Parties deny the allegations set forth in paragraph 194.

195.   The MGA Parties deny the allegations set forth in paragraph 195.

196.   The MGA Parties deny the allegations set forth in paragraph 196.

197.   The MGA Parties deny the allegations set forth in paragraph 197.

198.   The MGA Parties deny the allegations set forth in paragraph 198.

680227

MGA PARTIES' ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S THIRD AMENDED ANSWER AND COUNTERCLAIMS

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

199.   The MGA Parties repeat their responses contained in paragraphs 1 through 198 of this Answer and incorporate them by reference as though fully and completely set forth herein.

200.   The MGA Parties deny the allegations set forth in paragraph 200.

201.   The MGA Parties deny the allegations set forth in paragraph 201.

202.   The MGA Parties deny the allegations set forth in paragraph 202.

203.   The MGA Parties deny the allegations set forth in paragraph 203.

204.   The MGA Parties deny the allegations set forth in paragraph 204.

205.   The MGA Parties repeat their responses contained in paragraphs 1 through 204 of this Answer and incorporate them by reference as though fully and completely set forth herein.

206.   The MGA Parties deny the allegations set forth in paragraph 206.

207.   The MGA Parties deny the allegations set forth in paragraph 207.

208.   The MGA Parties deny the allegations set forth in paragraph 208.

209.   The MGA Parties deny the allegations set forth in paragraph 209.

210.   The MGA Parties deny the allegations set forth in paragraph 210.

211.   The MGA Parties deny the allegations set forth in paragraph 211.

212.   The MGA Parties deny the allegations set forth in paragraph 212.

213.   The MGA Parties repeat their responses contained in paragraphs 1 through 212 of this Answer and incorporate them by reference as though fully and completely set forth herein.

214.   Paragraph 214 is a statement of Mattel's legal position, to which no response is necessary.  In the event a response is necessary, the MGA Parties deny the allegations set forth in paragraph 214.

215.   The MGA Parties deny the allegations set forth in paragraph 215.

216.   The MGA Parties deny the allegations set forth in paragraph 216.

///

///

680227

MGA PARTIES' ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S THIRD AMENDED ANSWER AND COUNTERCLAIMS

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

217.   The MGA Parties repeat their responses contained in paragraphs 1 through 216 of this Answer and incorporate them by reference as though fully and completely set forth herein.

218.   The MGA Parties deny the allegations set forth in paragraph 218.

219.   The MGA Parties deny the allegations set forth in paragraph 219.

220.   The MGA Parties deny the allegations set forth in paragraph 220.

221.   The MGA Parties deny the allegations set forth in paragraph 221.

222.   The MGA Parties deny the allegations set forth in paragraph 222.

223.   The MGA Parties repeat their responses contained in paragraphs 1 through 222 of this Answer and incorporate them by reference as though fully and completely set forth herein.

224.   The MGA Parties deny the allegations set forth in paragraph 224.

225.   Paragraph 225 is a statement of Mattel's legal position, to which no response is necessary.  To the extent that a response is required, the MGA Parties deny the allegations set forth in paragraph 225.

226.   Paragraph 226 is a statement of Mattel's legal position, to which no response is necessary.  To the extent that a response is required, the MGA Parties deny the allegations set forth in paragraph 226.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of the MGA Parties or any Counter-Defendant, and without admitting that Mattel suffered any loss, damage, or injury, the MGA Parties allege the following affirmative defenses to the Counterclaims.  By designating the following as affirmative defenses, the MGA Parties do not in any way waive or limit any defenses which are or may be raised by their denials, allegations, and averments set forth herein.  The MGA Parties also do not, by alleging any affirmative defense, admit that Mattel does not have the burden of proof for any or all facts underlying any of those defenses.  These defenses are pled in the alternative, and are raised to preserve the rights of the MGA Parties to assert

680227

20

1  such defenses, and are raised without prejudice to their ability to raise other and

2  further defenses.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

5  Mattel's counterclaims fail to state a claim against the MGA Parties upon

6  which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

9  Mattel's counterclaims are barred in whole or in part by Mattel's unclean hands

10 and wrongful acts.  This affirmative defense is based, in part, on Mattel's efforts to

11 undermine MGA's business and to "kill" Bratz at any cost which include, but are not

12 limited to, Mattel's efforts to infringe and dilute MGA's trade dress, copy MGA's

13 products, packaging, themes, and advertising (including for Mattel products My

14 Scene, Diva Starz, Wee 3 Friends, Acceleracers, Polly Pocket, and Little Mommy, to

15 name a few), and engage in other acts of unfair competition against MGA as alleged

16 in MGA's complaint against Mattel; Mattel's efforts to create negative publicity or

17 press about MGA, MGA products, Carter Bryant, Isaac Larian, or MGA employees;

18 Mattel's efforts to fund or commission market research or studies that portray Bratz

19 or MGA products negatively; Mattel's misuse of statistics published by NPD

20 Funworld and efforts to pressure NPD Funworld into terminating MGA's subscription

21 to its publications; Mattel's efforts to induce the Children's Advertising Review Unit

22 ("CARU") to place onerous restrictions on MGA advertisements; Mattel's efforts to

23 interfere with MGA's acquisition of or investment in Zapf Creation AG; Mattel's

24 efforts to include negative references to MGA or Bratz on Mattel's "We Believe in

25 Girls" website; Mattel's efforts or intent to interfere with business dealings or

26 contractual relations between MGA and Smoby Group; Mattel's influencing

27 Nickelodeon to reject MGA advertisements or to limit time slots for advertisements;

28 assisting parties in lawsuits against MGA; Mattel's monitoring, "spying on," or

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

680227

21

1  gaining knowledge of MGA's trade secrets, non-public information, non-public

2  activities, unreleased products, and product development; gaining access, or attempts

3  to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays, or Toy

4  Fair displays on false pretenses; Mattel's wrongfully obtaining MGA's costs and sales

5  information through Mattel-employed category managers at retailers; Mattel's

6  inducing non-party customers to breach confidentiality agreements with MGA and

7  divulge non-public information about MGA's unreleased products; Mattel's covertly

8  investigating MGA, its officers and employees, and their family members; Mattel's

9  contacting persons under false pretense in order to interrogate them about Bratz and

10 this litigation; Mattel's coercing its employees to accept restrictive covenants (right

11 before a massive layoff) and non-compete clauses and other efforts to prevent

12 prospective MGA employees from accepting offers of employment; Mattel's admitted

13 use of this litigation as a "business strategy" or weapon to drain MGA resources from

14 competing in the marketplace; Mattel's threatening and attempting to intimidate

15 employees into going to work for MGA; Mattel's hiring of a former MGA employee,

16 Tina Patel (MGA's brand manager for Bratz), and attempting to gain confidential

17 information about MGA from this former employee; Mattel's delay in suing Carter

18 Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated Mattel

19 case; Mattel's falsely inflating its Barbie sales figures in an effort to mislead the

20 public and retailers; and Mattel's taking all measures to conceal its bad acts, including

21 the willful non-retention and destruction of documents.  Additionally, Mattel believed

22 from the time that Carter Bryant left Mattel's employ that he was going to perform

23 work for a Mattel competitor.  Mattel began investigating Bryant and MGA, including

24 Bryant's role in the creation and development of Bratz, at least as early as March

25 2002.  Nonetheless, Mattel waited years to bring suit, all the while allowing MGA to

26 spend years developing its business and allowing MGA to invest tens of millions of

27 dollars developing the Bratz products and building the Bratz brand.  These averments

28

LAW OFFICES

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

680227

MGA PARTIES' ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S THIRD
AMENDED ANSWER AND COUNTERCLAIMS

1  are made on information and belief except where the MGA Parties have knowledge

2  thereof.

### THIRD AFFIRMATIVE DEFENSE

#### (Laches)

5      Mattel's counterclaims are barred by the equitable doctrine of laches because,

6  among other things, Mattel believed from the time that Carter Bryant left Mattel's

7  employ that he was going to perform work for a Mattel competitor.  Mattel began

8  investigating Bryant and MGA, including Bryant's role in the creation and

9  development of Bratz, at least as early as March 2002 and thereafter continued its

10  investigation into Bryant's role in the creation and development of Bratz, as well as

11  his work with MGA, in August 2002 after Mattel's CEO, Robert Eckert, received an

12  "anonymous letter" that claimed that Bryant stole the idea for Bratz from Mattel and

13  sold it to MGA.  Nonetheless, Mattel waited years to bring suit, all the while allowing

14  MGA to spend years developing its business and allowing MGA to invest tens of

15  millions of dollars developing the Bratz products and building the Bratz brand.

### FOURTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

18      Mattel's counterclaims are barred by the applicable statutes of limitations,

19  including but not limited to, 18 U.S.C. § 1961 *et seq.*, 17 U.S.C. § 507(b), and Code

20  of Civil Procedure §§ 337, 339, 343 and 338(c).

### FIFTH AFFIRMATIVE DEFENSE

#### (*Bona Fide* Purchaser for Value)

23      Mattel cannot maintain its counterclaims against the MGA Parties because

24  MGA paid valuable consideration for Bryant's assignment of his rights in the original

25  Bratz drawings to MGA, and Isaac Larian acted with a good faith belief that Bryant

26  owned the rights to his original Bratz drawings and that his assignment of such rights

27  to MGA was valid and permissible.

28

680227

MGA PARTIES' ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S THIRD
AMENDED ANSWER AND COUNTERCLAIMS

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

## SIXTH AFFIRMATIVE DEFENSE

### (17 U.S.C. § 205(d))

Mattel cannot maintain its counterclaims against the MGA Parties because, among other things, Isaac Larian acted with a good faith belief that Bryant owned the rights to his original Bratz drawings and that his assignment of such rights to MGA was valid and permissible.

## SEVENTH AFFIRMATIVE DEFENSE

### (Information Readily Ascertainable)

The MGA Parties cannot be liable, either on their own account or by association with other defendants, for misappropriation of information that was readily ascertainable by proper means at the time of the alleged acquisition or use. Such information includes, but is not limited to, the identity of suppliers, manufacturers, distributors and retailers, contact information for the same, and sales, marketing and media data.

## EIGHTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Others)

Mattel's damages, if any, were not caused by the MGA Parties and are not attributable to any acts or omissions of the MGA Parties.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

Mattel's counterclaims are barred in whole or in part by the equitable doctrine of estoppel because, among other things, Mattel believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor. Mattel began investigating Bryant and MGA, including Bryant's role in the creation and development of Bratz, at least as early as March 2002. Nonetheless, Mattel waited years to bring suit, all the while allowing MGA to spend years developing its business and allowing MGA to invest tens of millions of dollars developing the Bratz products and building the Bratz brand.

680227

24

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

## TENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Mattel's counterclaims are barred in whole or in part by acquiescence because, among other things, Mattel believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor.  Mattel began investigating Bryant and MGA, including Bryant's role in the creation and development of Bratz, at least as early as March 2002.  Nonetheless, Mattel waited years to bring suit, all the while allowing MGA to spend years developing its business and allowing MGA to invest tens of millions of dollars developing the Bratz products and building the Bratz brand.  Additionally, Mattel tolerated and condoned conduct by other employees similar to the alleged conduct by Bryant and others on which Mattel bases its claims.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The MGA Parties deny that Mattel suffered any damages, but even if it did, Mattel failed to take reasonable steps to mitigate those purported damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

The MGA Parties deny that Mattel suffered any damages, but even if it did, any recovery by Mattel is barred or must be reduced as a result of Mattel's comparative fault.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Improver/Set off)

The MGA Parties deny that Mattel suffered any damages, but even if it did, the MGA Parties are good faith improvers and/or are entitled to a set-off or credit for their improvements to any idea or property conveyed to Mattel pursuant to constructive trust as well as any judgment, settlement, profits or other proceeds paid

680227

1 │ or owed to Mattel by the MGA Parties or any other person in connection with the

2 │ allegations set forth in Mattel's counterclaims.

3 │ ### FOURTEENTH AFFIRMATIVE DEFENSE

4 │ ### (Bar On Damages and Relief)

5 │ The MGA Parties deny that Mattel suffered any damages, but even if it did,

6 │ Mattel is barred from recovering damages and further relief to the extent it has

7 │ already obtained an award of damages and relief in connection with the allegations set

8 │ forth in Mattel's counterclaims.

9 │ ### FIFTEENTH AFFIRMATIVE DEFENSE

10 │ ### (No Statutory Damages or Attorneys' Fees)

11 │ Mattel is barred from recovering statutory damages and/or attorneys' fees

12 │ because it failed to register the copyrights that are purportedly at issue within the time

13 │ required by 17 U.S.C. § 412.  Mattel is also barred from recovering attorneys' fees

14 │ under Cal. Civil Code § 3426 because the MGA Parties did not engage in any willful

15 │ or malicious misappropriation of trade secrets.

16 │ ### SIXTEENTH AFFIRMATIVE DEFENSE

17 │ ### (Waiver)

18 │ Mattel's counterclaims are barred in whole or in part by waiver because, among

19 │ other things, Mattel believed from the time that Carter Bryant left Mattel's employ

20 │ that he was going to perform work for a Mattel competitor.  Mattel began

21 │ investigating Bryant and MGA, including Bryant's role in the creation and

22 │ development of Bratz, at least as early as March 2002.  Nonetheless, Mattel waited

23 │ years to bring suit, all the while allowing MGA to spend years developing its business

24 │ and allowing MGA to invest tens of millions of dollars developing the Bratz products

25 │ and building the Bratz brand.

26 │ ///

27 │ ///

28 │ ///

LAW OFFICES

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

680227

MGA PARTIES' ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S THIRD
AMENDED ANSWER AND COUNTERCLAIMS

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Abandonment)

Mattel has abandoned any interest it may have had in the alleged copyrighted works.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (*De Minimus* Use)

The MGA Parties deny that Mattel owns any copyright interest in the alleged works, but even if Mattel could craft a claim that the Bratz dolls incorporate an aspect of a Mattel copyrighted work, such use would be *de minimus* and non-infringing.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Joint Authorship)

The MGA Parties deny that Mattel owns any copyright interest in the alleged works, but even if it did, any liability would be eliminated or greatly diminished by the doctrine of joint authorship.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Competition Privilege/Justification)

Mattel's counterclaims are barred in whole or in part on the grounds that the acts of the MGA Parties were lawful competition or justified.  MGA was privileged to respond to the acts of long-time fashion doll toy monopolist Mattel in Mattel's efforts to destroy its business and to "kill" Bratz, which included, but are not limited to, Mattel's efforts to infringe and dilute MGA's trade dress, copy MGA's products, packaging, themes, and advertising (including for Mattel products My Scene, Diva Starz, Wee 3 Friends, Acceleracers, Polly Pocket, and Little Mommy, to name a few), and engage in other acts of unfair competition against MGA as alleged in MGA's complaint against Mattel; Mattel's efforts to create negative publicity or press about MGA, MGA products, Carter Bryant, Isaac Larian, or MGA employees; Mattel's efforts to fund or commission market research or studies that portray Bratz or MGA products negatively; Mattel's misuse of statistics published by NPD Funworld and

efforts to pressure NPD Funworld into terminating MGA's subscription to its publications; Mattel's efforts to induce the Children's Advertising Review Unit ("CARU") to place onerous restrictions on MGA advertisements; Mattel's efforts to interfere with MGA's acquisition of or investment in Zapf Creation AG; Mattel's efforts to include negative references to MGA or Bratz on Mattel's "We Believe in Girls" website; Mattel's efforts or intent to interfere with business dealings or contractual relations between MGA and Smoby Group; Mattel's influencing Nickelodeon to reject MGA advertisements or to limit time slots for advertisements; assisting parties in lawsuits against MGA; Mattel's monitoring, "spying on," or gaining knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development; gaining access, or attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays, or Toy Fair displays on false pretenses; Mattel's wrongfully obtaining MGA's costs and sales information through Mattel-employed category managers at retailers; Mattel's inducing non-party customers to breach confidentiality agreements with MGA and divulge non-public information about MGA's unreleased products; Mattel's covertly investigating MGA, its officers and employees, and their family members; Mattel's contacting persons under false pretense in order to interrogate them about Bratz and this litigation; Mattel's coercing its employees to accept restrictive covenants (right before a massive layoff) and non-compete clauses and other efforts to prevent prospective MGA employees from accepting offers of employment; Mattel's admitted use of this litigation as a "business strategy" or weapon to drain MGA resources from competing in the marketplace; Mattel's threatening and attempting to intimidate employees into going to work for MGA; Mattel's hiring of a former MGA employee, Tina Patel (MGA's brand manager for Bratz), and attempting to gain confidential information about MGA from this former employee; Mattel's delay in suing Carter Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated Mattel case; Mattel's falsely inflating its Barbie sales figures in an effort to mislead the

MGA PARTIES' ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S THIRD
AMENDED ANSWER AND COUNTERCLAIMS

1   public and retailers; and Mattel's taking all measures to conceal its bad acts, including

2   the willful non-retention and destruction of documents.  Additionally, Mattel believed

3   from the time that Bryant left Mattel's employ that he was going to perform work for

4   a Mattel competitor.  Mattel began investigating Bryant and MGA, including Bryant's

5   role in the creation and development of Bratz, at least as early as March 2002.

6   Nonetheless, Mattel waited years to bring suit, all the while allowing MGA to spend

7   years developing its business and allowing MGA to invest tens of millions of dollars

8   developing the Bratz products and building the Bratz brand.  Particularly in light of

9   the foregoing allegations (which are made upon information and belief except to those

10   matters within the personal knowledge of the MGA Parties), Mattel's effort to

11   preclude effective competition by MGA violates established California law and public

12   policy.  Mattel is attempting to preclude MGA from engaging in free and fair

13   competition, which is privileged conduct and immune from tort liability.  California

14   law has long recognized that a competitor may solicit and hire the employees of the

15   competition and may solicit business from its competitors through lawful means.

16   Mattel nonetheless, afraid of such fair competition, particularly from a more nimble,

17   innovative and successful competitor like MGA seeks to prevent MGA from doing

18   what the law otherwise allows—and indeed, encourages.  Mattel's claims are

19   inconsistent with its own conduct in the marketplace and the competitive privilege

20   held by the MGA Parties; accordingly, the MGA Parties cannot be held liable for this

21   conduct.

22                    **TWENTY-FIRST AFFIRMATIVE DEFENSE**

23                         (Employee Right Of Mobility)

24        In violation of California law and public policy, as reflected, e.g., in California

25   Business & Professions Code section 16600, Mattel is seeking, through its claims and

26   its interpretations of employee contracts to restrain employee mobility.  Under

27   California law, employees' interest in their own mobility and betterment are of

28   paramount importance and an employer's agreements restricting that mobility are

680227

deemed void.  Here, Mattel seeks to prevent its employees from seeking better and more productive employment with a more innovative and dynamic competitor and to use lawsuits, such as this one, and onerous, one-sided employment agreements, to instill fear in its employees and to discourage lawful mobility.  Mattel's claims conflict with California's long-respected public policy of employee mobility and the right to engage in a competitive business, and MGA's conduct in furtherance of that public policy cannot result in liability.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Mattel's Bad Faith Claim Of Misappropriation)

Mattel's claims of misappropriation of trade secrets are objectively spurious and have been brought and maintained in bad faith.  Mattel's motivation in bringing suit is not to protect any legally cognizable trade secrets but to thwart and discourage lawful competition by MGA.  Facing declining sales and the loss of employees to a more innovative and successful competitor, Mattel has orchestrated its trade secrets claims to slow competitive pressures on it, discourage employee departures, and preclude MGA from fairly competing with Mattel.  Under section 3426.4 of the California Uniform Trade Secrets Act ("CUTSA"), Mattel's claims should be found to have been made in bad faith and the MGA Parties should be awarded their reasonable attorney's fees and costs.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Good Faith)

Mattel's counterclaims are barred in whole or in part because the MGA Parties acted in good faith.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Lack of Authority)

Mattel's counterclaims are barred in whole or in part on the grounds that to the extent any person committed an unlawful or tortious act, the person lacked authority to commit such act on behalf of the MGA Parties.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

680227

MGA PARTIES' ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S THIRD AMENDED ANSWER AND COUNTERCLAIMS

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Mattel's counterclaims are barred in whole or in part by its lack of standing.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Joinder in Defenses of Co-Defendants)

The MGA Parties hereby adopt and incorporate by reference any and all other affirmative defenses that have been or will be asserted by any other defendant (including Bryant) in this litigation to the extent that defendants may share in such affirmative defenses.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Preemption by California Uniform Trade Secrets Act)

Mattel's state law counterclaims are preempted by the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426 *et seq.*, because they are based on the same nucleus of facts as Mattel's Fourth Counterclaim for Misappropriation of Trade Secrets under the CUTSA.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Preemption by Copyright Act)

Some or all of Mattel's claims are preempted by the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (*Res Judicata* and Collateral Estoppel (Fed. R. Civ. Proc. 8(c)(1))

Mattel's Phase 2 counterclaims are barred in whole or in part by the doctrines of *res judicata* and collateral estoppel as a result of the Phase 1 proceedings.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Law of the Case, Direct Estoppel and Reexamination Clause)

To the extent the jury and/or this Court has decided certain issues during and following the Phase 1 trial, Mattel's counterclaims are barred in whole or in part by

680227

31

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    the "law of the case" doctrine, by direct estoppel and by the Seventh Amendment

2    Reexamination Clause.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (No Injury Sustained by Alleged Creditor)

5    As to Mattel's claims for fraudulent conveyance, none of the alleged

6    transactions caused any injury to Mattel, who is in no worse a position as a purported

7    creditor of the MGA Parties.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Lack of Jurisdiction)

10    Mattel's claims, including without limitation its claims based upon

11    alleged extra-territorial acts, are barred in whole or in part by lack of subject matter

12    jurisdiction.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Illegal Conduct/Fraud)

15    Mattel's claims are barred in whole or in part by Mattel's own illegal conduct

16    and/or fraud.  The MGA Parties allege, upon information and belief, that: (1) Mattel

17    has attempted to influence government officials in Mexico, through illegal means, to

18    prosecute three former Mattel employees; (2) Mattel has attempted to suborn perjury

19    by offering settlement terms to the three former Mattel employees that were premised

20    upon them offering false testimony against MGA and/or Isaac Larian; (3) Mattel

21    falsely imprisoned seamstresses and intimidated and harassed them into making

22    statements; and (4) Mattel and/or its counsel has altered evidence that would reveal

23    when Mattel first learned of the facts putting it on notice regarding its copyrights,

24    thereby triggering the statute of limitations.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (Spoliation of Evidence)

27    Mattel's claims are barred in whole or in part by Mattel's spoliation of

28    evidence.  Mattel has continuously failed to stop its automatic destruction of relevant

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

680227

32

1 | documents, preserve relevant documents, institute a proper litigation hold, and search

2 | for and produce relevant electronic evidence.

3 | **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

4 | (Undiscovered Defenses)

5 | The MGA Parties have insufficient knowledge or information upon which to

6 | form a belief as to whether additional defenses are available.  The MGA Parties

7 | reserve the right to assert any further or additional defenses upon receiving more

8 | complete information regarding the matters alleged in the Counterclaims, through

9 | discovery or otherwise.

10 | WHEREFORE, the MGA Parties pray for relief as follows:

11 | a.     that Mattel, Inc.'s Counterclaims be dismissed with prejudice;

12 | b.     that judgment be entered in favor of the MGA Parties and against

13 | counterclaimant Mattel, Inc. and that Mattel, Inc. take nothing by way of its Third

14 | Amended Counterclaim;

15 | c.     that the MGA Parties recover their costs and attorneys' fees; and

16 | d.     that the Court award such other and further relief as is just and proper.

Dated:  June 29, 2009

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS
 HOWARD & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP

By: _____
Joel N. Klevens
Attorneys for the MGA Parties
for Phase 2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

680227

MGA PARTIES' ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S THIRD
AMENDED ANSWER AND COUNTERCLAIMS