QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Cross-Defendant Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | **DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL'S MOTION OF MATTEL INC. FOR LIMITED RECONSIDERATION OF PHASE 2 DISCOVERY MATTER ORDER NO. 33** |
| vs. | |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | Date: TBD<br>Time: TBD<br>Place: Arent Fox, LLP<br>555 W. Fifth Street,<br>48th Floor<br>Los Angeles, CA 90013 |
| CONSOLIDATED ACTIONS | |
| **[PUBLIC REDACTED]** | **Phase 2:**<br>Discovery Cut-Off: December 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

07975/2990806.2

## DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1. I am a member of the Bar of the State of California and am a partner in Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel") herein. I make this declaration of my personal and firsthand knowledge and, if called and sworn as a witness, I could and would testify competently hereto.

2. On January 30, 2009, Mattel served its "[Corrected] Notice of Subpoena Issued to Fred Mashian." On March 12, 2009, Bingham McCutchen LLP moved on behalf of Mr. Mashian and two other third-party witnesses for a protective order and/or to quash deposition subpoenas issued by Mattel, including the subpoena directed to Mr. Mashian.

3. Mattel sought to take Mr. Mashian's deposition because he was responsible for filing a UCC statement in California on behalf of Lexington Financial Ltd. ("Lexington"), a business incorporated in Nevis. (Nevis, along with St. Kitts, forms the Federation of St. Kitts and Nevis and appears to have approximately 12,000 citizens.) True and correct copies of the UCC statement is attached as Exhibit A.

4. 

1     5. ████████████████████████████
2 ████████████████████████████████████████
3 ████████████████████████████████████████
4 ████████████████████████████████████████
5 ████████████████████████████████████████
6 ██████████████████████

7     6. However, Vision Capital is not really the investor in Omni 808. Instead, according to the Omni Parties' California UCC statements, Vision Capital obtained $10 million from Lexington and then "invested" that amount in Omni 808. Lexington perfected its purported security interest in Vision Capital's ownership interest in Omni 808 on August 29, 2008--three days after the jury rendered its damages verdict against the MGA defendants and Larian.

    7. Lexington is, therefore, intimately involved in Omni 808's debt purchase from Wachovia. That transaction is now at the center of the issues to be tried during the Phase 2 trial. As Judge Larson explained in granting Mattel leave to file its Third Amended Answer and Counterclaims ("TAAC") (*see* Court's May 21, 2009 Order):

> Mattel [now] avers facts that fall into the following broad categories: (1) Allegations regarding certain 2008 financial transactions that were the subject of the Forensic Auditor's Report ("the Wachovia/Omni 808 Transactions") . . . .

    8. Because those allegations are now front and center, Mattel needs to take discovery of Lexington. However, it cannot do so because it cannot determine who Lexington's principals are. Nevis deliberately does not request or disclose such information and Mattel has been unable to identify any board members, officers or employees of Lexington, notwithstanding its best efforts to do so. Although Lexington maintains its "headquarters" in London, England, I have

learned that its office there is nothing more than a mail drop; no employee works there.

9. Mr. Mashian is the only person known by Mattel to have had any direct communication with Lexington (he filed Lexington's UCC statements). Mr. Mashian is therefore the only person known to Mattel who could possibly provide information concerning Lexington's ownership and its ties to defendants.

10. Mattel has attempted in a variety of ways to learn the identities of any persons who are board members, officers or employees of Lexington. For example, on January 23, 2009, and again on January 30, 2009, Mattel attempted to serve subpoenas on Lexington. True and correct copies of those subpoenas are attached as Exhibits D and E, respectively. It then sought an order deeming Lexington served. Lexington, through counsel, opposed Mattel's application. Pursuant to Order No. 8, the Discovery Master denied Mattel's application for an order deeming Lexington served or, in the alternative, ordering that Lexington could be served through the Secretary of State. A true and correct copy of that order is attached as Exhibit F.

11. In addition, Mattel sought to obtain discovery of Lexington through Mr. Mashian, as well as through Mr. Kadisha, but those attempts were also rejected pursuant to Order No. 8.

12. Mattel next sought an order requiring Lexington to preserve documents. Lexington again appeared through counsel to oppose the application and pursuant to Order No. 14, Mattel's application was denied. A true and correct copy of that order is attached as Exhibit G.

13. Because one of the arguments Lexington raised in opposing Mattel's applications to deem it served and to order to preserve evidence was that it was improperly named as "Lexington Financial, LLC" when, in fact, it claims that its true name is "Lexington Financial Limited," Mattel requested that Lexington's

07975/2990806.2

-4-   Case No. CV 04-9049 SGL (RNBx)
DECLARATION OF MICHAEL ZELLER ISO MATTEL'S MOTION FOR LIMITED RECONSIDERATION OF ORDER NO. 33

attorneys at the Bingham McCutchen firm accept a subpoena naming "Lexington Financial Limited, a Nevis Company." *See* letter from Jon D. Corey to Peter M. Villar, a true and correct copy of which is attached as Exhibit H. By letter dated March 16, 2009, one of Lexington's attorneys in this matter, Peter M. Villar, responded that the subpoena was "of no legal significance" and that his client did "not intend to provide any further response." A true and correct copy of Mr. Villar's March 16, 2009 letter is attached as Exhibit I.

14. Mattel then sought to compel a compliance with a subpoena served on Mr. Mashian. Lexington's attorneys opposed that application, as well, and pursuant to Order No. 33, Mattel's application was denied without prejudice to Mattel's right to attempt again to compel compliance without subpoena if it could not discover the information it seeks from Mr. Mashian through other means. Because Mattel has now exhausted any means to identify the directors, officers or employees (if any) of Lexington, it must depose Mr. Mashian.

15. In accordance with the Federal Rules of Civil Procedure, Mattel has taken numerous depositions of attorneys in this action, including David Rosenbaum, Anne Wang, Patricia Glaser, Lucy Arant and others.

16. Attached as Exhibit J is a true and correct copy of the cover page of the Transcript of the Deposition of David Rosenbaum, dated Friday, January 25, 2008. Attached as Exhibit K is a true and correct copy of the cover page of the Transcript of the Deposition of Anne Wang, dated January 28, 2008. Attached as Exhibit L is the cover page of the Transcript of the Deposition of Patricia Glaser, dated May 15, 2008. Attached as Exhibit M is the cover page of the Transcript of Lucy Arant, dated May 15, 2008.

17. Several transactional and in-house attorneys also testified at the Phase 1 trial. Attached as Exhibit N is a true and correct copy of the Trial Transcript pages, in which Michael Moore testified. Attached as Exhibit O is a true

1 and correct copy of a portion of the Trial Transcript in which Lucy Arant testified.
2 Attached as Exhibit P is a true and correct copy of a portion of the Trial Transcript
3 in which Mitchell Kamark testified. Attached as Exhibit Q is a true and correct
4 copy of a portion of the Trial Transcript in which Daphne Gronich testified.

5       18. Attached as Exhibit R is a true and correct copy of the first
6 Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to
7 Compel Deposition and Production of Documents of Christensen Glaser Fink Jacobs
8 Weil & Shapiro LLP, dated May 1, 2008.

9       19. Attached as Exhibit S is a true and correct copy of Phase 2
10 Discovery Matter Order No. 27, dated May 6, 2009.

11       I declare under penalty of perjury under the laws of the United States of
12 America that the foregoing is true and correct.

13       Executed this 29th day of June, 2009, Los Angeles, California.

_____
Michael T. Zeller