1

```
 1                    UNITED STATES DISTRICT COURT

 2                   CENTRAL DISTRICT OF CALIFORNIA

 3                                ---

 4         HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 5                                ---

 6   MATTEL, INC.,                  :
                                    :
 7              PLAINTIFF,          :
                                    :
 8        VS.                       :   NO. ED CV04-09049-SGL
                                    :   [CONSOLIDATED WITH
 9   MGA ENTERTAINMENT, INC.,       :   CV04-9059 & CV05-2727]
     ET AL.,                        :
10                                  :   SIDEBAR CONFERENCE
                DEFENDANTS.         :   AS REDACTED BY THE COURT.
11

12

13

14

15        REPORTER'S REDACTED TRANSCRIPT OF PROCEEDINGS

16                      RIVERSIDE, CALIFORNIA

17                     THURSDAY, JUNE 5, 2008

18                       JURY TRIAL - DAY 8

19          SIDEBAR CONFERENCE - AFTERNOON SESSION

20

21

22                                MARK SCHWEITZER, CSR, RPR, CRR
                                  OFFICIAL COURT REPORTER
23                                UNITED STATES DISTRICT COURT
                                  181-H ROYBAL FEDERAL BUILDING
24                                255 EAST TEMPLE STREET
                                  LOS ANGELES, CALIFORNIA 90012
25                                (213) 663-3494
```

CERTIFIED COPY

```
 1    Appearances of Counsel:

 2

 3    On Behalf of Mattel:

 4        Quinn Emanuel
          By John B. Quinn, Esq.
 5           B. Dylan Proctor, Esq.
             Michael T. Zeller, Esq.
 6           Harry Olivar, Esq.
             John Corey, Esq.
 7           Diane Hutnyan, Esq.
             William Price, Esq.
 8        855 South Figueroa Street
          10th Floor
 9        Los Angeles, CA 90017
          (213) 624-7707
10

11

12    On Behalf of MGA Entertainment:

13        Skadden, Arps, Slate, Meagher & Flom LLP
          By Thomas J. Nolan, Esq.
14           Carl Alan Roth, Esq.
             Jason Russell, Esq.
15           Lauren Aguiar, Esq.
             David Hansen, Esq.
16           Matthew Sloan, Esq.
          300 South Grand Avenue
17        Los Angeles, CA 90071-3144
          (213) 687-5000
18

19

20

21

22

23

24

25
```

```
 1                          I N D E X

 2             MATTER:  Sidebar conference had during afternoon
                        session, as redacted by the Court.
 3

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

4

| | |
|---|---|
| 1 | Riverside, California; Thursday, June 5, 2008 |
| 2 | (REDACTED SIDEBAR CONFERENCE HELD) |
| 3 | THE COURT: Okay. We're on the record at sidebar |
| 4 | outside the presence of the jury and obviously outside the |
| 5 | presence of anybody else. The Court has received the letter |
| 6 | submitted under -- well, it actually has not been filed. |
| 7 | It's simply been lodged with the Court. Both counsel have |
| 8 | copies of it. Let me ask Mr. Nolan, what are you asking the |
| 9 | Court to do with this? |
| 10 | MR. NOLAN: Your Honor, what I'd like to do is have |
| 11 | leave to file a motion before you to perhaps take discovery |
| 12 | on this issue. The reason we lodged it with you is this came |
| 13 | in during the course of trial on the eve of Mr. Larian taking |
| 14 | the stand. Don't know who sent this. This is an anonymous |
| 15 | letter; however, your Honor, these allegations that are |
| 16 | contained in this anonymous letter XXX-REDACTION-XXX  But |
| 17 | your Honor, based on this new information that we have, I |
| 18 | just wanted leave to have permission to possibly bring this |
| 19 | before you in a formal motion. You've asked us to alert you |
| 20 | and ask permission. That's the only reason I did it in this |
| 21 | fashion. |
| 22 | THE COURT: What type of discovery would you be |
| 23 | seeking? |
| 24 | MR. NOLAN: This issue, your Honor, goes to |
| 25 | XXX-REDACTION-XXX. |

1           And so that's the reason why I brought it to your
2  attention.
3           THE COURT: Very good. Mr. Zeller?
4           MR. ZELLER: Your Honor, what I would ask is for
5  two things. Number one, that this be immediately sealed.
6  There is no basis for it being in the public record other
7  than the justification that we now know that Mr. Larian and
8  his people are handing this out to the press. That's the
9  reason why. That's why it was --
10          MR. QUINN: It's happening right now.
11          MR. ZELLER: That's going on this second.
12          MR. QUINN: A Mattel P.R. person was just
13  approached by a press person with this letter in hand
14  requesting a comment.
15          Your Honor, I'm sorry. This was lodged with the
16  Court for the sole reason so that this could be done and we
17  would have this distraction. XXX-REDACTION-XXX.
18          And Mr. Nolan, I'm really surprised about the
19  representation that was made to the Court.
20          XXX-REDACTION-XXX.
21          THE COURT: Fair enough. Okay. A couple of
22  things. The allegation is serious enough that the Court is
23  not going to ignore it. At the same time, it's an anonymous
24  letter, and I look askance at all anonymous letters.
25          MR. NOLAN: Of course.

```
1           THE COURT:  As you have probably figured out from
2  my ruling on the statute of limitations.  The fact that we
3  have a an anonymous letter is nothing more than that.  It's
4  an anonymous letter.  There are a number of theories as to
5  how it could come into existence.
6           I'm inclined to give you leave for the -- simply to
7  file a motion for the discovery.  But I'm greatly concerned,
8  and I've expressed this concern before about this becoming
9  simply an issue for the press, particularly what it's
10 predicated on.  So what I'm inclined to do at this point,
11 until there's anything more than what we have right now, to
12 keep this matter under seal.
13          MR. NOLAN:  I agree, your Honor.
14          THE COURT:  And I am reluctant to issue gag orders
15 of any type, but what representations would you be willing --
16 what's your position vis-a-vis this concern of it being
17 passed out at this point?
18          MR. NOLAN:  Well, I agree absolutely, your Honor,
19 and I will take it upon myself.  We have not distributed it.
20 And I don't perceive it as a gag order.
21          THE COURT:  Fair enough.
22          MR. NOLAN:  I will go and make absolutely certain
23 that there is no distribution to the press.  If there has
24 been, it has been without my knowledge, and --
25          THE COURT:  If this is happening right now, why
```

1  don't we adjourn this sidebar, and let's take whatever
2  measure you want to take up on this representation, and I
3  will give you leave to file under seal, and I'll give Mattel
4  time to respond in writing. And let's keep this to no more
5  than seven pages.
6         MR. NOLAN: I understand, and I realize this is
7  anonymous, but it --
8         THE COURT: But it's serious. So we'll flesh this
9  out.
10         MR. ZELLER: If I may just address some of this,
11  because I mean this -- for Mr. Nolan to turn this on Mattel
12  is frankly really quite -- I hate to use the word outrage,
13  but that's I think where we are. And let me tell you why.
14  The Court is familiar with the fact that they have made all
15  manner of allegations against Mattel that turn out to have
16  zero substance, and the Court has found that.
17         THE COURT: And this might be another one.
18         MR. ZELLER: And that is, of course, our
19  perception. Then on the day while Mr. Larian is going to
20  testify, and this letter has a postmark of May 21st. Days
21  later it is now suddenly lodged in the public record without
22  any notice to us, no advance notice, done by counsel. And
23  then we find out it's being distributed to the press. Right
24  after that, to argue it's a coincidence or assert somehow
25  that it's a coincidence or these are unrelated is very hard

Case 2:04-cv-09049-DOC-RNB   Document 5826   Filed 07/01/09   Page 8 of 10   Page ID #:188531

8

1  for us to accept. And I do think that to the extent that

2  they are going to raise this through some sort of motion

3  practice, we would be asked to give -- we would ask for leave

4  to file a motion of our own for what we consider to be an

5  inappropriate use of the Court's procedures.

6          THE COURT: Well, you can certainly respond.

7  There's no need for a separate motion. You can certainly

8  address your concerns in the context of responding to

9  whatever motion they bring. And let's leave it at that.

10 Let's both be very careful as we go down this road. Do not

11 do something that we're going to regret. I don't know what,

12 if anything, that this means or doesn't mean.

13         MR. NOLAN: I want to make it absolutely clear that

14 the process -- and I don't think I abused the process. I

15 understood that this is something that to file we would have

16 to get permission. That's all.

17         THE COURT: I'm not making any findings at this

18 point with respect to any of this. And one other thing. And

19 maybe Mr. Price might wants to come up.

20         Mr. Price, Mr. Larian is the CEO of the company. I

21 trust he's well prepared for his testimony. I certainly

22 never want to rush anybody through their testimony,

23 particularly when English is a second language, and I will

24 afford him an opportunity to read whatever he wants. At some

25 point in time, the Court will exercise its discretion,

1   however, to charge that time to MGA.

2          MR. NOLAN: I understand. And your Honor, I
3   understand that.

4          THE COURT: I'm not suggesting that this is being
5   done to delay time or to take time from Mattel. It is what
6   it is. But there does come a point in time that I expect
7   witnesses, particularly a party witness, to be prepared
8   enough to review exhibits that have been designated in
9   advance, deposition testimony that has been extensively
10  covered, most of these same documents. So there needs to be
11  some degree of preparation.

12         MR. NOLAN: Your Honor, I understand. And I accept
13  that. Two things, one is that we just got these binders this
14  morning, okay? I think that the original designation for
15  Mr. Larian may have been over 700 or 800 documents.

16         THE COURT: Fair enough.

17         MR. NOLAN: But I will tell you this, your Honor.
18  He speaks English. His reading is abominable. And it's very
19  slow. But I will tell him that, and I am also telling your
20  Honor he's not gaming here. It's just that he is the slowest
21  reader --

22         THE COURT: I'm not suggesting he is. I'm just
23  saying that at some point in time out of fairness, I think
24  the time has to be credited to MGA. We're not there yet, and
25  probably not even close to it, but I wanted to put everybody

1   on notice.

2

3              (CONCLUSION OF REDACTED SIDEBAR CONFERENCE.)

4

5

6

7

8                         C E R T I F I C A T E

9

10

11          I hereby certify that pursuant to Title 28,

12   Section 753 United States Code, the foregoing is a true and

13   correct transcript of the stenographically reported

14   proceedings in the above matter.

15          Certified on June 12, 2008.

16

17                         _____
18                         MARK SCHWEITZER, CSR, RPR, CRR
                           Official Court Reporter
19                         License No. 10514

20

21

22

23

24

25