QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-9059 & CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO AMEND PROTECTIVE ORDER; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>[Declarations of Francisco J. Tiburcio and Rory S. Miller filed concurrently herewith]<br><br>Hearing Date:    TBD<br>Time:            TBD<br>Location:        TBD<br><br>Phase 2:<br>Disc. Cut-off:   December 11, 2009<br>Pre-trial Conf.: March 1, 2010<br>Trial Date:      March 23, 2010 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that at a date and time to be set by Discovery Master Robert O'Brien, Mattel, Inc. hereby moves, pursuant to Paragraph 19 of the Protective Order issued on January 4, 2005, to amend the definition of "Attorneys' Eyes Only" documents to allow for the designation of:

(1) non-public documents that comprise official Mexican criminal investigative files or the official records of a Mexican court proceeding, and non-public documents that discuss the contents of such official files and records; and

(2) non-public documents that comprise communications with the United States Attorney's Office and the Federal Bureau of Investigation, and non-public documents that discuss the contents of such communications.

In the alternative, Mattel respectfully requests that the Discovery Master make a report and recommendation that the Protective Order be so modified.

Mattel makes this Motion on the grounds that MGA has taken the position that the current Protective Order does not provide protection to the foregoing categories of highly confidential or non-public documents from dissemination and disclosure.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declarations of Francisco J. Tiburcio and Rory S. Miller, the record on file in this action, and any argument presented at the hearing on this motion.

**Certification of Meet and Confer**

The parties met and conferred regarding this Motion on April 29, 2009.

DATED: July 1, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____/for____
James J. Webster
Attorneys for Mattel, Inc.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 1

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ........................................................................................ 1

ARGUMENT ............................................................................................................ 2

I.   THE COURT HAS AUTHORITY TO MODIFY THE STIPULATED PROTECTIVE ORDER ................................................................................... 2

II.  THE MEXICAN JUDICIAL FILE OF THE CRIMINAL INVESTIGATION AND PROSECUTION OF MACHADO, VARGAS AND TRUEBA SHOULD BE "ATTORNEYS EYES ONLY" ................................................................................................................. 3

    A.   Criminal Investigation Records and Judicial Files are Confidential Documents under Mexican Law ................................. 3

    B.   The Protective Order Should Respect and Enforce the Confidentiality Provided to Official Mexican Criminal Records by Mexican Law ........................................................................ 4

III. COMMUNICATIONS WITH THE UNITED STATES ATTORNEY'S OFFICE AND THE FBI IN CONNECTION WITH THEIR CRIMINAL INVESTIGATION OF THE THEFT OF MATTEL'S TRADE SECRETS BY MGA EMPLOYEES SHOULD BE "ATTORNEYS EYES ONLY" ................................................................................ 5

CONCLUSION ........................................................................................................ 6

# TABLE OF AUTHORITIES

**Page**

## Cases

Emory v. Grenough,
    3 Dall. 369 (1797) .......................................................................................... 4

In re Grand Jury Matter (Catania),
    682 F.2d 61 (3d Cir. 1982) ........................................................................... 6

Hilton v. Guyot,
    159 U.S. 113 (1895) ..................................................................................... 4

Osband v. Woodford,
    290 F.3d 1036 (9th Cir. 2002) ...................................................................... 2

In re Schimmelpennick,
    183 F.3d 347 (5th Cir. 1999) ........................................................................ 4

Société National Industrille Aérospatiale v. United States District Court,
    482 U.S. 522 (1987) ..................................................................................... 4

United Nuclear Corp. v. Cranford Ins. Co.,
    905 F.2d 1424 (10th Cir. 1990) .................................................................... 2

United States v. CBS, Inc.,
    666 F.2d 364 (9th Cir. 1982) ........................................................................ 2

United States v. Under Seal,
    920 F.2d 235 (4th Cir. 1990) ........................................................................ 6

## Rules/Statutes

Fed. R. Civ. P. 26(c)(1) ........................................................................................ 2

Fed. R. Crim. P. 6 ........................................................................................... 5, 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

By this motion, Mattel seeks to modify the Protective Order to expressly allow for the designation of two categories of highly sensitive documents as "Attorneys Eyes Only." The first category is non-public documents that comprise the official Mexican criminal investigative file or the official records of a Mexican court proceeding, and non-public documents discussing the contents of these official files. Under Mexican law, these official criminal investigative and prosecutorial documents are so confidential that the unauthorized disclosure of them carries a potential criminal penalty of up to a decade.

The second category is non-public documents that comprise communications with the United States Attorney's Office and the Federal Bureau of Investigation, including those relating to law enforcement's criminal investigation of the theft of Mattel's trade secrets by MGA executives and employees. Because both categories directly relate to the ongoing criminal investigation of the parties here, dissemination and disclosure of such documents should be strictly limited to avoid interfering with ongoing law enforcement efforts.

Accordingly, Mattel respectfully requests that the Discovery Master issue an order amending the Protective Order to allow for the designation of both categories of documents as "Attorneys' Eyes Only," or, alternatively, issue a report and recommendation for such an amendment.

## Statement of Facts

Mattel's concurrently filed Opposition to MGA Entertainment Inc.'s Motion to De-Designate Documents Produced by Mattel, Inc. as "Attorneys' Eyes Only" in Response to Document Request Nos. 526 and 528 details the dispute between the parties that has necessitated this Motion and is incorporated herein by reference. During the meet and confer process relating to that Motion, counsel for Mattel asked MGA to stipulate that the Protective Order should encompass non-public documents

regarding criminal prosecutions and investigations. MGA rejected this request and filed its motion. In its Opposition, Mattel argues that the two categories of documents at issue here should be protected as "Attorneys' Eyes Only" under the existing Protective Order. Should the Discovery Master disagree, the purpose of this Motion is to modify the Protective Order to establish explicitly the bases for designating these two categories of documents as "Attorneys' Eyes Only."

## Argument

### I. THE COURT HAS AUTHORITY TO MODIFY THE STIPULATED PROTECTIVE ORDER

Upon a showing of good cause, a court may restrict access to discovery materials. See Fed. R. Civ. P. 26(c)(1). Protective orders provide a critical safeguard against the disclosure of confidential documents included within the expansive reach of discovery. See United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982).

The Court has full authority to modify a protective order. "A party subject to a protective order is generally free to return to the issuing court to seek modification of the order." Osband v. Woodford, 290 F.3d 1036, 1039 (9th Cir. 2002). This rule applies not only to court-imposed protective orders, but also to those stipulated to by the parties. See, e.g., United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir. 1990). Here, the Protective Order itself explicitly provides that "a Party may at any time apply to the Court for modification of this Stipulation and Protective Order pursuant to a motion brought in accordance with the rules of the Court. . ."[1] In late 2004 and early 2005, when the Protective Order was agreed to, the parties did not anticipate and explicitly address the categories of documents at issue in this Motion.

---

[1] Declaration of Rory S. Miller, filed concurrently ("Miller Decl."), Exh. 1 at § 19 (Protective Order).

## II. THE MEXICAN JUDICIAL FILE OF THE CRIMINAL INVESTIGATION AND PROSECUTION OF MACHADO, VARGAS AND TRUEBA SHOULD BE "ATTORNEYS EYES ONLY"

The first, and significantly larger, category of documents that should be protected as "Attorneys' Eyes Only" under a modified protective order are the judicial files of the investigation by Mexican law enforcement officials into the theft of trade secrets from Mattel. The certified copy of the two volume Record of Criminal Investigation and Proceedings 130/2007 details the official investigation and prosecution of Gustavo Machado, Mariana Trueba and Pablo Vargas for theft of trade secrets from Mattel and its subsidiaries in Mexico. The file also contains thousands of pages of stolen documents containing Mattel's trade secrets. While Mexican authorities do not, as a matter of course, provide the entirety of the criminal investigative file even to the victim, here Mattel, the law allows the victim to petition for release of a certified copy, which Mattel did.[2]

### A. Criminal Investigation Records and Judicial Files are Confidential Documents under Mexican Law

Mexican law treats records of criminal judicial proceedings—and of criminal investigations leading up to judicial proceedings—as confidential material, with limits on dissemination. Under Article 16 of the Mexican Federal Criminal Procedures Code, a criminal investigative file is available only to the defendant, the victim, and their respective attorneys. See Declaration of Francisco J. Tiburcio, filed concurrently ("Tiburcio Decl."), at ¶ 16 & Exhs. 1-2. Under Article 14 of the Federal Law of Transparency and Access to the Governmental Public Information, all information regarding criminal investigations, including the judicial file of an

---

[2] In this instance, Mattel was only able to obtain the documents after nearly two months of effort by its Mexican counsel.

investigation and any subsequent trials, is "reserved [i.e. confidential] information." See id. at ¶ 8 & Exhs. 4-5.

Because such information is protected, Mexican officials who come into its possession are required, under Articles 18 and 19 of the Federal Law of Transparency, to maintain the secrecy of the information absent express permission to disclose it from the private party that provided the information. See id. at ¶ 9 & Exhs. 4-5. Information provided to law enforcement may be used solely to carry out the duties of the public official who received it—in the present case, solely to prosecute the theft of trade secrets committed by Machado, Trueba, and Vargas. See id. at ¶ 10 (discussing the Mexican Federal Law of Liabilities of Public Servants). Under Mexican law, a person found guilty of disclosure of information or documents that are part of the criminal investigative file to unauthorized recipients may be imprisoned for between four and ten years. See id. at ¶ 12 & Exhs. 8-9.

### B. The Protective Order Should Respect and Enforce the Confidentiality Provided to Official Mexican Criminal Records by Mexican Law

International comity "refers to the spirit of cooperation in which a domestic tribunal approaches the resolution of cases touching the laws and interests of other sovereign states." Société National Industrille Aérospatiale v. United States District Court, 482 U.S. 522, 543 n.27 (1987) (discussing Emory v. Grenough, 3 Dall. 369, 370 n. (1797), and Hilton v. Guyot, 159 U.S. 113, 163-64 (1895)). To be accorded respect by United States courts, "foreign laws need not be identical to . . . the laws of the United States; they merely must not be repugnant to our laws and policies." In re Schimmelpennick, 183 F.3d 347, 365 (5th Cir. 1999). Mexico's policy of confidentiality of judicial files should be respected in these proceedings by allowing for their designation and protection as "Attorneys' Eyes Only" material under the Protective Order.

### III. COMMUNICATIONS WITH THE UNITED STATES ATTORNEY'S OFFICE AND THE FBI IN CONNECTION WITH THEIR CRIMINAL INVESTIGATION OF THE THEFT OF MATTEL'S TRADE SECRETS BY MGA EMPLOYEES SHOULD BE "ATTORNEYS EYES ONLY"

The Discovery Master should also modify the Protective Order to protect the confidentiality of ongoing federal criminal investigations and prosecutions, particularly the investigation of MGA manager Jorge Castilla by the United States Attorney's Office for the Central District of California and the FBI. As described in Mattel's Second Supplemental Responses to MGA's First Set of Interrogatories to Mattel, Inc., served on May 23, 2008,[3] while preparing to resign from Mattel to work for MGA, Mr. Castilla created a folder named "to take" on his work computer. This folder held documents that he subsequently emailed or copied to a mobile device, and its contents were stolen by Castilla between March 10 and March 12, 2006. The documents that Castilla stole detailed the sophisticated inventory control system based on forecasting models that Mattel, through significant investment, developed to obtain a competitive advantage in the toy industry with its unique order, manufacture, and delivery cycles.

In response to questions from the U.S. Attorney's Office and the FBI, Mattel provided federal officials with documents containing trade secrets, a deposition transcript, and summaries of internal investigations into Castilla's thefts. While MGA has provided no justification for its refusal to honor the confidentiality of these communications, the same policy justifications underlying protecting the integrity of ongoing criminal investigations and prosecutions in Mexico apply to federal criminal investigations and prosecutions in the United States.[4] Review of the materials provided

---

[3] A copy of Mattel's Responses are attached as Exhibit 2 to the Miller Declaration. The discussion of Mr. Castilla's trade secret thefts is on pages 38-44.

[4] Federal Rule of Criminal Procedure 6(e), which protects the secrecy of grand jury proceedings, further supports Mattel's proposed modifications. Of course, Mattel does
(footnote continued)

to law enforcement by Mattel, as well as the confidential Mattel reports and documents addressed to that investigation, would almost certainly risk compromising the progress of the ongoing federal criminal investigation of Mr. Castilla. In light of the sensitivity of this ongoing investigation, the Discovery Master should modify the Protective Order to encompass Mattel's non-public communications with the United States Attorney's Office and the FBI.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Discovery Master issue an order modifying the applicable Protective Order to make explicit that "Attorneys Eyes Only" includes:

(1) non-public documents that comprise official Mexican criminal investigative files or the official records of a Mexican court proceeding, and non-public documents that discuss the contents of such official files and records; and

(2) non-public documents that comprise communications with the United States Attorney's Office and the Federal Bureau of Investigation, and non-public documents that discuss the contents of such communications.

/ / /
/ / /
/ / /
/ / /
/ / /

---

not know if a grand jury has been convened in the investigation of Mr. Castilla or what evidence may have been offered to a grand jury. But it is well-established that materials that would provide insights into a grand jury investigation are protected. Rule 6(e) is not limited to the actual deliberations of the grand jury, but also applies "to anything which may reveal what occurred before the grand jury." In re Grand Jury Matter (Catania), 682 F.2d 61, 63 (3d Cir. 1982). Thus, for Rule 6(e) purposes, the protection extends to "anything that may reveal what has transpired before the grand jury." United States v. Under Seal, 920 F.2d 235, 241 (4th Cir. 1990).

In the alternative, Mattel respectfully requests that the Discovery Master make a report and recommendation that the Protective Order be so modified.

DATED: July 1, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____/s/_____ /for
James J. Webster
Attorneys for Mattel, Inc.