QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 90378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>DECLARATION OF FRANCISCO J. TIBURCIO IN SUPPORT OF MATTEL, INC.'S MOTION TO AMEND PROTECTIVE ORDER<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD<br><br>**Phase 2:**<br>Disc. Cut-off: December 11, 2009<br>Pre-trial Conf.: March 1, 2010<br>Trial Date: March 23, 2010 |

## DECLARATION OF FRANCISCO J. TIBURCIO

I, Francisco J. Tiburcio, declare as follows:

1. My full name in Mexico is Francisco Javier Tiburcio Celorio.

2. I am a partner at the law firm Basham, Ringe y Correa, S.C. I have been licensed to practice law in Mexico since 1986. For the past twenty years the majority of my practice has been Mexican criminal law.

3. I obtained my professional degree at the Cristobal Colón University in the State of Veracruz in 1986, granting me the license to practice as an attorney in Mexico. In 1995, I received a Doctorate in Law from Panamericana University in Mexico City, which was formally recognized by the Federal Mexican Government in 2005. This Doctorate is the highest level of formal accreditation available to an attorney in Mexico.

4. As a long-standing practitioner of criminal law in Mexico, I know and I am familiar with the contents of the laws regarding the treatment of the files of criminal prosecution in Mexico. Because I have this knowledge of all the related issues, Mattel, Inc. has asked me to declare to the status of the relevant Mexican law in this regard.

5. The file in a criminal proceeding in Mexico is not accessible by the general public or by the press. Only the defendant and victim (or their legal representatives) may access a file in a criminal proceeding. The laws of Mexico prohibit government employees from disclosing any portion of a criminal investigation or criminal court file to an unauthorized person. It is a crime in Mexico if they do so, punishable by four to ten years in prison. I have identified below the sources of law that govern or that address the treatment of criminal investigations or criminal court files in Mexico.

6. Under Article 16 of the Federal Criminal Procedures Code, access to a criminal investigation file is reserved to the defendant, his/her attorney,

1  and the victim or offended or his/her legal representative. A true and correct copy
2  of this statute is attached as Exhibit 1. A true and correct English translation of the
3  relevant Article is attached as Exhibit 2.

4      7.    Under Article 25 of the Federal Criminal Procedures Code, a
5  resolution of the Public Prosecutor or of the Court is required in order to have a
6  copy of any court order or action, and such a resolution is only issued in favor of
7  persons legally recognized as part of the procedure in question. A true and correct
8  copy of this statute is attached as Exhibit 1. A true and correct English translation
9  of the relevant Article is attached as Exhibit 3.

10     8.    Under Article 14 of the Federal Law of Transparency and Access
11  to the Governmental Public Information, criminal investigations and judicial files
12  are also classified information. A true and correct copy of this statute is attached as
13  Exhibit 4. A true and correct English translation of the relevant Article is attached
14  as Exhibit 5.

15     9.    Articles 18 and 19 of that law establish that when a private
16  individual provides confidential information or materials, which is defined as
17  information the providing party classifies as confidential, to a government authority,
18  then the official, as the custodian of that information or material, has the duty to
19  keep the secrecy of the information. A true and correct copy of these statutes is
20  attached as Exhibit 4. A true and correct English translation of the relevant Articles
21  is attached as Exhibit 5.

22     10.    The same duty is contained in Article 47 of the Federal Law of
23  Liabilities of the Public Servants, which establishes that a public servant, such as a
24  prosecutor or a judge, may use the classified information only to comply with
25  his/her duties as a public servant. A true and correct copy of this statute is attached
26  as Exhibit 6. A true and correct English translation of the relevant Article is
27  attached as Exhibit 7.

28

11. Articles 63 and 64 of the Federal Law of Transparency establish administrative liability for public servants who disclose information considered to be classified or confidential, including the classified information under Article 16 and Article 25 of the Federal Criminal Procedures Code. A true and correct copy of this statute is attached as Exhibit 4. A true and correct English translation of the relevant Articles is attached as Exhibit 5.

12. Article 225 of the Federal Criminal Code provides a criminal punishment from 4 up to 10 years of imprisonment by the public official for disclosing to unauthorized parties information or documents that are part of a criminal investigation or a criminal trial, including the classified information under Article 16 and Article 25 of the Federal Criminal Procedures Code. A true and correct copy of this statute is attached as Exhibit 8. A true and correct English translation of the relevant Article is attached as Exhibit 9.

13. Finally, trade secrets are regulated by the Industrial Property Law, which in Articles 82 and 86-Bis-1 establishes, among other things, that any trade secret information furnished to a government authority shall not be considered public, or disclosed pursuant to any statutory provision, when such disclosure is made for the purpose of seeking action by the government authority. In any judicial or administrative proceeding which requires that an interested party disclose a trade secret, the presiding authority is instructed to adopt all measures necessary to avoid the disclosure to third parties of any confidential or trade secret information. A true and correct copy of this statute is attached as Exhibit 10. A true and correct English translation of the relevant Articles is attached as Exhibit 11.

14. Based on the above, the documents contained in the criminal investigation before the Federal Attorney General Office and the criminal trial before the Tenth Federal Judge in the Eastern Correctional Center of Mexico City, including those appearing in the certified copy of the judicial file, are classified and

DECLARATION OF FRANCISCO TIBURCIO

1  confidential and, for that reason not in the public domain. Only the parties and their
2  counsels may access the criminal court file. The parties to that matter are
3  exclusively the Public Prosecutor ascribed to the Court, Messrs. Mariana Trueba,
4  Pablo Vargas, Gustavo Machado, Mattel, Inc., Mattel de Mexico, S.A. de C.V. and
5  Mattel Servicios, S.A. de C.V. They, and their attorneys, including me and some
6  members of my law firm, Basham, Ringe y Correa, S.C., as counsel for the Mattel
7  victims in Mexico, may access the criminal court file. MGA Entertainment, Inc.,
8  Isaac Larian and MGAE de Mexico, S. de R.L. de C.V. are not parties in the
9  criminal trial.

      15.   Both the Federal Attorney General Office and different Federal Courts have established that the evidence of trade secret misappropriation by these individuals merits prosecution in a criminal trial.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed on June 30, 2009, at Mexico City, Mexico

Francisco J. Tiburcio