# EXHIBIT 1

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

# CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES

**Nuevo Código publicado en el Diario Oficial de la Federación el 30 de agosto de 1934**

**TEXTO VIGENTE**
**Última reforma publicada DOF 23-01-2009**

**Nota de vigencia:** El artículo 133 Bis, reformado por Decreto publicado en el Diario Oficial de la Federación el 23 de enero de 2009, "estará vigente hasta en tanto entre en vigor el sistema procesal acusatorio a que se refiere el Decreto por el que se reforman los artículos 16, 17, 18, 19, 20, 21 y 22, las fracciones XXI y XXIII del artículo 73, la fracción VII del artículo 115 y la fracción XIII del apartado B, del artículo 123 de la Constitución Política de los Estados Unidos Mexicanos, publicado en el Diario Oficial de la Federación el 18 de junio de 2008" (DOF 23-01-2009, artículo Segundo Transitorio).

Al margen un sello que dice: Poder Ejecutivo Federal.- Estados Unidos Mexicanos.- México.- Secretaría de Gobernación.

El C. Presidente Constitucional Substituto de los Estados Unidos Mexicanos, se ha servido dirigirme el siguiente Código:

**ABELARDO L. RODRIGUEZ**, Presidente Substituto Constitucional de los Estados Unidos Mexicanos, a sus habitantes, sabed:

Que en uso de las facultades que me fueron concedidas por decreto expedido por el Congreso de la Unión con fecha 27 de diciembre de 1933, he tenido a bien expedir el siguiente

DECRETO

## CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES

## TITULO PRELIMINAR

**Artículo 1o.-** El presente Código comprende los siguientes procedimientos:

**I.-** El de averiguación previa a la consignación a los tribunales, que establece las diligencias legalmente necesarias para que el Ministerio Público pueda resolver si ejercita o no la acción penal;

**II.-** El de preinstrucción, en que se realizan las actuaciones para determinar los hechos materia del proceso, la clasificación de éstos conforme al tipo penal aplicable y la probable responsabilidad del inculpado, o bien, en su caso, la libertad de éste por falta de elementos para procesar;

**III.-** El de instrucción, que abarca las diligencias practicadas ante y por los tribunales con el fin de averiguar y probar la existencia del delito, las circunstancias en que hubiese sido cometido y las peculiares del inculpado, así como la responsabilidad o irresponsabilidad penal de éste;

**IV.-** El de primera instancia, durante el cual el Ministerio Público precisa su pretensión y el procesado su defensa ante el Tribunal, y éste valora las pruebas y pronuncia sentencia definitiva;

**V.-** El de segunda instancia ante el tribunal de apelación, en que se efectúan las diligencias y actos tendientes a resolver los recursos;

**VI.-** El de ejecución, que comprende desde el momento en que cause ejecutoria la sentencia de los tribunales hasta la extinción de las sanciones aplicadas;

**Exhibit 1, Page 5**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**VII.-** Los relativos a inimputables, a menores y a quienes tienen el hábito o la necesidad de consumir estupefacientes o psicotrópicos.

Si en cualquiera de esos procedimientos algún menor o incapaz se ve relacionado con los hechos objeto de ellos, sea como autor o participe, testigo, víctima u ofendido, o con cualquier otro carácter, el Ministerio Público o el tribunal respectivo suplirán la ausencia o deficiencia de razonamientos y fundamentos que conduzcan a proteger los derechos que legítimamente puedan corresponderles.

**Artículo 2o.**- Compete al Ministerio Público Federal llevar a cabo la averiguación previa y ejercer, en su caso, la acción penal ante los tribunales.

En la averiguación previa corresponderá al Ministerio Público:

**I.-** Recibir las denuncias o querellas que le presenten en forma oral o por escrito sobre hechos que puedan constituir delito;

**II.** Practicar y ordenar la realización de todos los actos conducentes a la acreditación del cuerpo del delito y la probable responsabilidad del inculpado, así como a la reparación del daño;

**III.-** Solicitar a la autoridad jurisdiccional las medidas precautorias de arraigo, aseguramiento o embargo que resulten indispensables para la averiguación previa, así como las órdenes de cateo que procedan;

**IV.** Acordar la detención o retención de los indiciados cuando así proceda. Realizada la detención se procederá a su registro inmediato. En el caso del acuerdo de retención se procederá a actualizar su registro;

**V.** Solicitar el apoyo de la policía para brindar protección a víctimas, ofendidos, testigos, jueces, magistrados, agentes del Ministerio Público y de la policía, y en general, de todos los sujetos que intervengan en el procedimiento, en los casos en que exista un riesgo objetivo para su vida o integridad corporal;

**VI.-** Asegurar o restituir al ofendido en sus derechos en los términos del artículo 38;

**VII.-** Determinar la reserva o el ejercicio de la acción penal;

**VIII.-** Acordar y notificar personalmente al ofendido o víctima el no ejercicio de la acción penal y, en su caso, resolver sobre la inconformidad que aquéllos formulen;

**IX.-** Conceder o revocar, cuando proceda, la libertad provisional del indiciado;

**X.-** En caso procedente promover la conciliación de las partes; y

**XI.-** Las demás que señalen las leyes.

**Artículo 3o.-** Las Policías actuarán bajo la conducción y el mando del Ministerio Público en la investigación de los delitos, en términos de lo dispuesto por el artículo 21 de la Constitución Política de los Estados Unidos Mexicanos, y quedarán obligadas a:

**I.**     Recibir las denuncias sobre hechos que puedan ser constitutivos de delito, sólo cuando debido a las circunstancias del caso aquéllas no puedan ser formuladas directamente ante el Ministerio

**Exhibit 1, Page 6**



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

Público, al que las Policías deberán informar de inmediato, así como de las diligencias practicadas y dejarán de actuar cuando él lo determine;

**II.**   Practicar las diligencias necesarias que permitan el esclarecimiento de los delitos y la identidad de los probables responsables, en cumplimiento de los mandatos del Ministerio Público;

**III.**   Practicar detenciones en los casos de flagrancia en los términos de ley y poner a disposición de las autoridades ministeriales competentes a las personas detenidas o los bienes que se hayan asegurado o estén bajo su custodia, con estricto cumplimiento de los plazos constitucional y legalmente establecidos;

**IV.**   Participar, en auxilio del Ministerio Público, en la investigación y persecución de los delitos, en la detención de personas o en el aseguramiento de bienes relacionados con la investigación de los delitos, cumpliendo sin excepción los requisitos previstos en los ordenamientos constitucionales y legales aplicables;

**V.**   Registrar de inmediato la detención, como garantía del inculpado, en términos de las disposiciones aplicables, así como remitir sin demora y por cualquier medio la información al Ministerio Público. En dicho registro deberá anotarse la resolución que se emita con relación a su situación jurídica.

El registro deberá ser cancelado de oficio y sin mayor trámite cuando se resuelva la libertad del detenido o cuando en la averiguación previa no se hayan reunido los elementos necesarios para ejercitar la acción penal, cuando se haya determinado su inocencia o cuando se actualicen las hipótesis previstas en el artículo 165 Bis de este código;

**VI.**   Preservar el lugar de los hechos y la integridad de los indicios, huellas o vestigios del hecho delictuoso, así como los instrumentos, objetos o productos del delito. Las unidades de la Policía facultadas para el procesamiento del lugar de los hechos deberán fijar, señalar, levantar, embalar y entregar la evidencia física al Ministerio Público, conforme a las instrucciones de éste y en términos de las disposiciones aplicables;

**VII.**   Solicitar al Ministerio Público, que requiera a las autoridades competentes, informes y documentos para fines de la investigación;

**VIII.**   Garantizar que se asiente constancia de cada una de sus actuaciones, así como llevar un control y seguimiento de éstas. Durante el curso de la investigación deberán elaborar informes sobre el desarrollo de la misma, y rendirlos al Ministerio Público, sin perjuicio de los informes que éste le requiera;

**IX.**   Emitir los informes, partes policiales y demás documentos que se generen, con los requisitos de fondo y forma que establezcan las disposiciones aplicables, para tal efecto se podrán apoyar en los conocimientos científicos y técnicos que resulten necesarios;

**X.**   Proporcionar atención a víctimas, ofendidos o testigos del delito, para tal efecto deberá:

   **a)**   Prestar protección y auxilio inmediato, de conformidad con las disposiciones legales aplicables;

   **b)**   Informar a la víctima u ofendido sobre los derechos que en su favor establece la Constitución Política de los Estados Unidos Mexicanos;

   **c)**   Garantizar que reciban atención médica y psicológica cuando sea necesaria;

**Exhibit 1, Page 7**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN                                     *Última Reforma DOF 23-01-2009*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**d)** Adoptar las medidas que se consideren necesarias tendientes a evitar que se ponga en peligro su integridad física y psicológica, en el ámbito de su competencia;

**e)** Recibir y preservar todos los indicios y elementos de prueba que la víctima u ofendido aporten para la comprobación del cuerpo del delito y la probable responsabilidad del imputado, informando de inmediato al Ministerio Público a cargo del asunto para que éste acuerde lo conducente, y

**f)** Otorgar las facilidades que las Leyes establezcan para identificar al imputado, sin riesgo para ellos, en especial en los casos de delitos contra la libertad, el normal desarrollo psicosexual o el libre desarrollo de la personalidad.

**XI.** Dar cumplimiento a las órdenes de aprehensión y demás mandatos ministeriales y jurisdiccionales;

**XII.** Entrevistar a las personas que pudieran aportar algún dato o elemento para la investigación en caso de flagrancia o por mandato del Ministerio Público;

**XIII.** Hacer constar el estado de las personas, cosas y lugares, mediante inspecciones, planos, fotografías, video filmaciones, y demás operaciones que requiera la investigación, sin perjuicio de la intervención que corresponda a los servicios periciales. Las constancias, junto con las fotografías, video filmaciones y demás elementos que las soporten deberán remitirse al Ministerio Público para agregarse a la averiguación previa, y

**XIV.** Las demás que le confieran este Código y demás disposiciones aplicables.

En el ejercicio de la función investigadora a que se refiere este artículo, queda estrictamente prohibido a la Policía recibir declaraciones del indiciado o detener a alguna persona, fuera de los casos de flagrancia, sin que medien instrucciones escritas del Ministerio Público, del juez o del tribunal.

**Artículo 4o.-** Los procedimientos de preinstrucción, instrucción y primera instancia, así como la segunda instancia ante el tribunal de apelación, constituyen el proceso penal federal, dentro del cual corresponde exclusivamente a los tribunales federales resolver si un hecho es o no delito federal, determinar la responsabilidad o irresponsabilidad penal de las personas acusadas ante ellos e imponer las penas y medidas de seguridad que procedan con arreglo a la ley.

Durante estos procedimientos, el Ministerio Público y la Policía Judicial bajo el mando de aquél, ejercitarán, en su caso, también las funciones que señala la fracción II del artículo 2; y el Ministerio Público cuidará de que los tribunales federales apliquen estrictamente las leyes relativas y de que las resoluciones de aquéllos se cumplan debidamente.

**Artículo 5o.-** En el procedimiento de ejecución, el Poder Ejecutivo, por conducto del órgano que la ley determine, ejecutará las penas y medidas de seguridad decretadas en las sentencias de los tribunales hasta su extinción; y el Ministerio Público cuidará de que se cumplan debidamente las sentencias judiciales.

## TITULO PRIMERO
### Reglas Generales para el Procedimiento Penal

## CAPITULO I
### Competencia



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**Artículo 6o.**- Es tribunal competente para conocer de un delito, el del lugar en que se comete, salvo lo previsto en los párrafos segundo y tercero del artículo 10.

Si el delito produce efectos en dos o más entidades federativas, será competente el juez de cualquiera de éstas o el que hubiera prevenido; pero cuando el conflicto involucre como partes a indígenas y no indígenas, será tribunal competente el que ejerza jurisdicción en el domicilio donde radique la parte indígena.

**Artículo 7o.**- En los casos de los artículos 2o, 4o y 5o., fracción V, del Código Penal, será competente el tribunal en cuya jurisdicción territorial se encuentre el inculpado; pero si éste se hallare en el extranjero, lo será para solicitar la extradición, instruir y fallar el proceso, el tribunal de igual categoría en el Distrito Federal, ante quien el Ministerio Público ejercite la acción penal.

**Artículo 8o.**- En los casos de las fracciones I y II del artículo 5o del Código Penal, es competente el tribunal a cuya jurisdicción corresponda el primer punto del territorio nacional adonde arribe el buque; y en los casos de la fracción III del mismo artículo, el tribunal a cuya jurisdicción pertenezca el puerto en que se encuentre o arribe el buque.

**Artículo 9o.**- Las reglas del artículo anterior son aplicables, en los casos análogos, a los delitos a que se refiere la fracción IV del mismo artículo 5o. del Código Penal.

**Artículo 10.**- Es competente para conocer de los delitos continuados y de los continuos o permanentes, cualquiera de los tribunales cuyo territorio aquéllos produzcan efectos o hayan realizado actos constitutivos de tales delitos.

En caso de concurso de delitos, el Ministerio Público Federal será competente para conocer de los delitos del fuero común que tengan conexidad con delitos federales, y los jueces federales tendrán, asimismo, competencia para juzgarlos.

También será competente para conocer de un asunto, un juez de distrito distinto al del lugar de comisión del delito, atendiendo a las características del hecho imputado, a las circunstancias personales del inculpado, por razones de seguridad en las prisiones o por otras que impidan garantizar el desarrollo adecuado del proceso, cuando el Ministerio Público de la Federación considere necesario llevar el ejercicio de la acción penal ante otro juez. Lo anterior es igualmente aplicable para los casos en que, por las mismas razones la autoridad judicial, de oficio o a petición de parte, estime necesario trasladar a un procesado a algún centro de reclusión de máxima seguridad, en los que será competente el tribunal del lugar en que se ubique dicho centro.

En estos supuestos no procede la declinatoria.

**Artículo 11.**- Para la decisión de las competencias se observarán las siguientes reglas:

**I.** Las que se susciten entre tribunales federales se decidirán conforme a los artículos anteriores, y si hay dos o más competentes a favor del que haya prevenido.

**II.** Las que se susciten entre los tribunales de la Federación y los de los Estados, Distrito o Territorios Federales, se decidirán declarando cuál es el fuero en que radica la jurisdicción.

**III.** Las que se susciten entre los tribunales de un Estado y los de otro, o entre los de éstos y los del Distrito o Territorios Federales se decidirán conforme a las leyes de esas Entidades, si tienen la misma disposición respecto del punto jurisdiccional controvertido. En caso contrario, se decidirán con arreglo a lo dispuesto en este Capítulo.

**Exhibit 1, Page 9**



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**
*Última Reforma DOF 23-01-2009*

**Artículo 12**.- En materia penal, no cabe prórroga ni renuncia de jurisdicción.

**Artículo 13**.- Ningún tribunal puede promover competencia a su superior jerárquico.

**Artículo 14**.- Cuando los detenidos fueren reclamados por autoridades de dos o más Estados, o por las de éstos y las del Distrito o Territorios Federales, y no hubiere conformidad entre las autoridades requirentes y la requerida, la Suprema Corte de Justicia hará la declaración de preferencia. También resolverá lo procedente, en el caso de que la autoridad requerida se niegue a obsequiar un exhorto expedido conforme a la ley, para la aprehensión de un inculpado.

Cuando los detenidos o los inculpados sean reclamados por dos o más tribunales federales, resolverá el tribunal de competencias respectivo.

## CAPITULO II
## Formalidades

**Artículo 15**.- Las actuaciones se podrán practicar a toda hora y aún en los días inhábiles, sin necesidad de previa habilitación y en cada una de ellas se expresarán el lugar, la hora, el día, el mes y el año en que se practiquen; en ellas se usará el idioma castellano, salvo las excepciones en que la ley permita el uso de otro, en cuyo caso se recabará la traducción correspondiente; y en el acta que se levante se asentará únicamente lo que sea necesario para constancia del desarrollo que haya tenido la diligencia.

Cuando intervengan en las actuaciones personas pertenecientes a los pueblos o comunidades indígenas, deberán ser asistidos por intérpretes y defensores que tengan conocimiento de su lengua y cultura, debiendo asentarse tal circunstancia en el acta respectiva.

**Artículo 16.-** El Juez, el Ministerio Público y la Policía estarán acompañados, en las diligencias que practiquen, de sus secretarios, si los tuvieren, o de dos testigos de asistencia, que darán fe de todo lo que en aquéllas pase.

Al expediente de averiguación previa únicamente tendrán acceso el inculpado, su defensor y la víctima u ofendido o su representante legal. La averiguación previa así como todos los documentos, independientemente de su contenido o naturaleza, y los objetos, registros de voz e imágenes o cosas que le estén relacionados, son estrictamente reservados.

Para efectos de acceso a la información pública gubernamental, únicamente deberá proporcionarse una versión pública de la resolución de no ejercicio de la acción penal, siempre que haya transcurrido un plazo igual al de prescripción de los delitos de que se trate, de conformidad con lo dispuesto en el Código Penal Federal, sin que pueda ser menor de tres ni mayor de doce años, contado a partir de que dicha resolución haya quedado firme.

Si la resolución de no ejercicio de acción penal resulta de la falta de datos que establezcan que se hubiese cometido el delito, el Ministerio Público podrá proporcionar la información de acuerdo a las disposiciones aplicables, siempre y cuando no se ponga en riesgo indagatoria alguna.

En ningún caso se podrá hacer referencia a información confidencial relativa a los datos personales del inculpado, víctima u ofendido, así como testigos, servidores públicos o cualquier persona relacionada o mencionada en la indagatoria.

El Ministerio Público no podrá proporcionar información una vez que se haya ejercitado la acción penal a quien no esté legitimado.

**Exhibit 1, Page 10**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

Al servidor público que quebrante la reserva de la información de la averiguación previa o proporcione copia de los documentos que contenga, se le sujetará al procedimiento de responsabilidad administrativa o penal que corresponda.

En el proceso, los tribunales presidirán los actos de prueba y recibirán, por sí mismos, las declaraciones.

En las diligencias podrán emplearse, según el caso y a juicio del funcionario que las practique, la taquigrafía, el dictáfono y cualquier otro medio que tenga por objeto reproducir imágenes o sonidos y el medio empleado se hará constar en el acta respectiva.

**Artículo 17.**- En las actuaciones y promociones no se emplearán abreviaturas, no se rasparán las palabras equivocadas, sobre las que sólo pondrá una línea delgada que permita su lectura, salvándose con toda precisión, antes de las firmas, el error cometido. En la misma forma se salvarán las palabras que se hubieren entrerrenglonado.

Todas las fechas y datos se escribirán precisamente con letra.

Las actuaciones del Ministerio Público y de los tribunales deberán levantarse por duplicado, ser autorizadas y conservarse en sus respectivos archivos. En todo caso, los tribunales sacarán y entregarán al Ministerio Público, para conservarse en el archivo mencionado de éste, una copia certificada de las siguientes constancias; de los autos de formal prisión, sujeción a proceso o de libertad por falta de elementos para procesar; de los autos que den entrada y resuelvan algún incidente; de las sentencias definitivas, así como de las que dicte el tribunal de apelación resolviendo definitivamente algún recurso.

Excepción hecha de lo dispuesto por el artículo 23 de este Código, en ningún caso se autorizará la salida de un expediente del local del tribunal sin que previamente se notifique de ello al Ministerio Público y a quien corresponda, conforme a la ley.

**Artículo 18.**- Inmediatamente después de que se hayan asentado las actuaciones del día o agregado los documentos recibidos, el secretario foliará y rubricará las hojas respectivas y pondrá el sello del tribunal en el fondo del cuaderno, de manera que abrace las dos caras.

El secretario guardará con la seguridad debida, bajo su responsabilidad hasta en tanto dé cuenta al juez, los documentos originales u objetos que se presenten al proceso.

Cuando se trate de personas integrantes de pueblos o comunidades indígenas, el intérprete, además de tener conocimiento de su lengua, deberá conocer sus usos y costumbres.

**Artículo 19.**- Las actuaciones se asentarán en los expedientes en forma continua, sin dejar hojas o espacios en blanco; y cuando haya que agregar documentos, se hará constar cuáles son las fojas que les corresponden.

**Artículo 20.**- Las promociones que se hagan por escrito deberán ser firmadas por su autor, pudiéndose ordenar su ratificación cuando se estime necesario; pero deberán ser siempre ratificadas si el que las hace no las firma por cualquier motivo.

**Artículo 21.**- Los secretarios deberán dar cuenta, dentro del término de veinticuatro horas, con las promociones que se hicieren. Para tal efecto, se hará constar en los expedientes el día y hora en que se presenten las promociones por escrito y se hagan verbales.



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**
*Última Reforma DOF 23-01-2009*

A cada promoción recaerá una resolución específica por separado, que el tribunal fundará y motivará en los términos y plazos establecidos por la Ley y de no existir término o plazos dentro de las setenta y dos horas siguientes.

**Artículo 22**.- Cada diligencia se asentará en acta por separado.

El inculpado, su defensor y en su caso, la persona de su confianza que, el inculpado puede designar, sin que esto último implique exigencia procesal, el ofendido, los peritos y los testigos firmarán al calce del acta en que consten las diligencias en que tomaron parte y al margen de cada una de las hojas donde se asiente aquélla. Si no pudieren firmar, imprimirán al calce y al margen, la huella de alguno de los dedos de la mano, debiéndose indicar en el acta cuál de ellos fue.

Si no quisieren o no pudieren firmar ni imprimir la huella digital, se hará constar el motivo.

El Ministerio Público firmará al calce y, si lo estima conveniente, también al margen.

Si antes de que se pongan las firmas o huellas los comparecientes hicieren alguna modificación o rectificación, se hará constar inmediatamente, expresándose los motivos que dijeron tener para hacerla. Si fuere después, pero antes de retirarse los interesados se asentará la modificación o rectificación en acta que se levantará inmediatamente después de la anterior, y que firmarán los que hayan intervenido en la diligencia.

**Artículo 23**.- Podrán entregarse al Ministerio Público los expedientes para que los estudie fuera del local del tribunal, pero no a las demás partes que intervengan en ellos. Estas y el ofendido podrán imponerse de los autos de la Secretaría del tribunal, debiéndose tomar las medidas necesarias para que no los destruyan, alteren o substraigan.

**Artículo 24**.- Si se perdieren alguna constancia o el expediente, se repondrán a costa del responsable, quien estará obligado a pagar los daños que se ocasionen por la pérdida, y además se hará la consignación correspondiente al Ministerio Público.

Cuando no sea posible reponer todas las actuaciones, se tendrá por probada plenamente la existencia de las que se inserten o mencionen en el auto de detención, en el de formal prisión o de sujeción a proceso, o en cualquiera otra resolución de que haya constancia, siempre que no se hubiese objetado oportunamente la exactitud de la inserción o cita que de ellas se haga.

La reposición se sustanciará conforme al procedimiento previsto para los incidentes no especificados. Sin acuerdo previo, el secretario hará constar desde luego, bajo su responsabilidad y dentro de las veinticuatro horas siguientes al conocimiento de la pérdida, la existencia anterior y falta posterior de la constancia o el expediente.

Los tribunales investigarán de oficio, para la debida marcha del proceso, la falta de las constancias o expedientes cuya desaparición adviertan o se les comunique, valiéndose para ello de todos los medios que no sean contrarios a derecho.

**Artículo 25**.- Los secretarios de los tribunales cotejarán las copias o testimonios de constancias que se mandaren expedir, y las autorizarán con su firma y el sello correspondiente.

Sin perjuicio de lo dispuesto en el artículo 17, para sacar copia de algún auto o diligencia se requiere resolución del Ministerio Público o del tribunal, en su caso, que solo se dictará en favor de las personas legitimadas en el procedimiento para obtener dichos documentos.

**Exhibit 1, Page 12**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**Artículo 26**.- Las actuaciones deberán ser autorizadas inmediatamente por los funcionarios a quienes corresponda firmar, dar fe o certificar el acto.

**Artículo 27**.- La infracción de las disposiciones contenidas en los artículos 17, 18, 19, 21, 22, 23, 25 y 26, se sancionará con una corrección disciplinaria, sin perjuicio de consignar el caso al Ministerio Público, cuando pudiere resultar la existencia de un delito.

**Artículo 27 Bis**.- Las actuaciones serán nulas cuando carezcan de alguna de las formalidades esenciales que prevenga la ley, de manera que se, cause perjuicio a cualquiera de las partes, así como cuando la ley expresamente determine la nulidad. Esta no podrá ser invocada por quien dio lugar a ella. La nulidad de una actuación se reclamará, por la parte que la promueva, en la actuación subsecuente en que ésta deba intervenir, y se substanciará conforme al procedimiento previsto para los incidentes no especificados. Cuando se resuelva la nulidad del acto, serán igualmente nulas las actuaciones posteriores al acto anulado que se deriven precisamente de éste. Las resoluciones que resuelvan sobre la nulidad invocada, serán apelables con efecto devolutivo.

## CAPITULO III
### Intérpretes

**Artículo 28**.- Cuando el inculpado, el ofendido o el denunciante, los testigos o los peritos no hablen o no entiendan suficientemente el idioma castellano, se les nombrará a petición de parte o de oficio, uno o más traductores, quienes deberán traducir fielmente las preguntas y contestaciones que hayan de transmitir. Cuando lo solicite cualquiera de las partes, podrá escribirse la declaración en el idioma del declarante, sin que ésto obste para que el traductor haga la traducción.

Cuando no pudiere ser habido un traductor mayor de edad, podrá nombrarse a un menor que haya cumplido quince años.

**Artículo 29**.- Las partes podrán recusar al intérprete motivando la recusación; y el funcionario que practique las diligencias resolverá de plano y sin recurso.

**Artículo 30**.- Los testigos no podrán ser intérpretes.

**Artículo 31**.- Si el inculpado, el ofendido o algún testigo fuere sordo-mudo, se le nombrará como intérprete a una persona que pueda comprenderlo, siempre que sea mayor de catorce años; y en este caso se observará lo dispuesto en los artículos anteriores.

**Artículo 32**.- A los sordos y a los mudos que sepan leer y escribir, se les interrogará por escrito o por medio de intérprete.

## CAPITULO IV
### Despacho de los asuntos

**Artículo 33**.- Los tribunales tienen el deber de mantener el buen orden y de exigir que se les guarde, tanto a ellos como a las demás autoridades, el respeto y la consideración debidos, aplicando en el acto, por las faltas que se cometan, las correcciones disciplinarias que este Código señala.

**Artículo 34**.- Las fianzas que deban otorgarse ante los tribunales se sujetarán a las disposiciones especiales de este Código y, en su defecto, a las del Código Civil aplicable en materia federal, y a la Ley Federal de Instituciones de Fianzas.

**Exhibit 1, Page 13**



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**Artículo 35**.- En materia penal no se pagarán costas. El empleado que las cobrare o recibiere, aunque sea a título de gratificación, será destituido de su empleo, sin perjuicio de que sea consignado al Ministerio Público.

**Artículo 36**.- Todos los gastos que se originen en las diligencias de averiguación previa, en las acordadas por los tribunales a solicitud del Ministerio Público, y en las decretadas de oficio por los tribunales, serán cubiertos por el erario federal.

Los gastos de las diligencias solicitadas por el inculpado o la defensa serán cubiertos por quienes las promuevan. En el caso de que estén imposibilitados para ello y de que el Ministerio Público estime que son indispensables para el esclarecimiento de los hechos, podrá éste hacer suya la petición de esas diligencias y entonces quedarán también a cargo del Erario Federal.

**Artículo 37**.- Cuando cambiare el personal de un tribunal, no se proveerá auto alguno haciendo saber el cambio, sino que en el primero que proveyere el nuevo funcionario se insertará su nombre completo; y en los tribunales colegiados, se pondrán al margen de los autos los nombres y apellidos de los funcionarios que los firmen.

Cuando no tenga que dictarse resolución alguna anterior a la sentencia, sí se hará saber el cambio de personal.

**Artículo 38**.- Cuando en las actuaciones esté acreditado el cuerpo del delito de que se trate, el funcionario que conozca del asunto dictará las providencias necesarias, a solicitud del interesado, para asegurar sus derechos o restituirlos en el goce de éstos, siempre que estén legalmente justificados. Si se tratare de cosas, únicamente podrán retenerse, esté o no comprobado el cuerpo del delito, cuando a juicio de quien practique las diligencias, la retención fuere necesaria para la debida integración de la averiguación.

Si la entrega del bien pudiera lesionar derechos de tercero o del inculpado, la devolución se hará mediante caución bastante para garantizar el pago de los daños y perjuicios. La autoridad que conozca fijará la naturaleza y el monto de la caución, fundando y motivando su determinación, en vista de las circunstancias del caso.

**Artículo 39**.- Cuando durante el proceso se encontrare que el hecho que se averigua tiene ramificaciones, o que se siguen otros con los que tuvieren conexión, se dará conocimiento de ello al Ministerio Público para que promueva lo que corresponda.

**Artículo 40**.- Toda incoacción del proceso será comunicada al tribunal de apelación respectivo.

**Artículo 41**.- Los tribunales dictarán de oficio los trámites y providencias encaminados a que la justicia sea pronta y expedita. Para este fin, las partes podrán solicitar la orientación del tribunal sobre puntos del procedimiento que ante éste se desarrolla, como cómputos, plazos y circunstancias para la promoción y el desahogo de pruebas, y otras cuestiones que aseguren, con plena información para los participantes, la debida marcha del proceso, sin abordar cuestiones de fondo que la autoridad judicial deba resolver en los autos o en la sentencia. La información la dará el tribunal en audiencia pública con presencia de las partes.

Los tribunales rechazarán de plano, sin necesidad de sustanciar artículo, pero notificando a las partes, incidentes, recursos o promociones notoriamente frívolos o improcedentes. Contra la resolución judicial caben los recursos que este Código establece, según el caso de que se trate.

## CAPITULO V
## Correcciones disciplinarias y medios de apremio

**Exhibit 1, Page 14**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES
*Última Reforma DOF 23-01-2009*

**Artículo 42**.- Son correcciones disciplinarias:

**I.-** Apercibimiento;

**II.-** Multa por el equivalente a entre uno y quince días de salario mínimo, vigente en el momento y lugar en que se cometa la falta que amerite corrección. Tratándose de jornaleros, obreros y trabajadores la multa no deberá exceder de un día de salario y tratándose de trabajadores no asalariados el de un día de ingreso;

**III.-** Arresto hasta de treinta y seis horas, y

**IV.-** Suspensión.

La suspensión sólo se podrá aplicar a servidores públicos, con la duración prevista por la Ley Federal de Responsabilidades de los Servidores Públicos.

**Artículo 43**.- Contra cualquiera providencia en que se imponga alguna corrección disciplinaria, se oirá al interesado, si lo solicita dentro de las veinticuatro horas siguientes a la en que tenga conocimiento de ella.

En vista de lo que manifieste el interesado, el funcionario que la hubiere impuesto resolverá desde luego lo que estime procedente.

**Artículo 44**.- El Ministerio Público en la averiguación previa, y los tribunales, podrán emplear, para hacer cumplir sus determinaciones, los siguientes medios de apremio:

**I.**   Apercibimiento;

**II.**   Multa por el equivalente a entre treinta y cien días de salario mínimo vigente en el momento y lugar en que se realizó o se omitió realizar la conducta que motivó el medio de apremio. Tratándose de jornaleros, obreros y trabajadores la multa no deberá exceder de un día de salario y tratándose de trabajadores no asalariados el de un día de su ingreso;

**III.**   Auxilio de la fuerza pública, y

**IV.**   Arresto hasta de treinta y seis horas.

La atribución prevista en este artículo podrá emplearla el Tribunal respecto de los agentes del Ministerio Público, defensores y los peritos.

El Ministerio Público o el Tribunal podrán dar vista a las autoridades competentes en materia de responsabilidad administrativa o penal que en su caso proceda.

## CAPITULO VI
### Requisitorias y exhortos

**Artículo 45**.- Las diligencias de averiguación previa que deban practicarse fuera del lugar en que se esté tramitando alguna averiguación, se encargarán a quien toque desempeñar esas funciones en el lugar donde deban practicarse, enviándole la averiguación original o un oficio con las inserciones necesarias.

Exhibit 1, Page 15



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**Artículo 46**.- Cuando tengan que practicarse diligencias judiciales fuera del territorio jurisdiccional del tribunal que conozca del asunto, se encomendará su cumplimiento al de igual categoría del territorio jurisdiccional donde deban practicarse.

Si las diligencias tuvieren que practicarse fuera del lugar de la residencia del tribunal, pero dentro de su territorio jurisdiccional, y aquél no pudiere trasladarse, se encargará su cumplimiento al inferior del mismo fuero, o a la autoridad judicial del orden común del lugar donde deban practicarse.

Se empleará la forma de exhorto cuando se dirija a un tribunal igual en categoría, y de requisitoria cuando se dirija a un inferior.

Al dirigirse los tribunales a funcionarios o autoridades que no sean judiciales, lo harán por medio de oficio.

**Artículo 47**.- Cuando el tribunal federal requerido no pudiere practicar por sí mismo, en todo o en parte, las diligencias que se le encarguen, podrá encomendar su ejecución al juez del orden común del lugar donde deban practicarse, remitiéndole el exhorto original o un oficio, con las inserciones necesarias.

**Artículo 48**.- Cuando el tribunal no pueda dar cumplimiento al exhorto o requisitoria, por hallarse en otra jurisdicción la persona o las cosas que sean objeto de la diligencia, lo remitirá al tribunal del lugar en que aquélla o éstas se encuentren, y lo hará saber al requirente.

El cumplimiento de los exhortos o requisitorias no implica prórroga ni renuncia de competencia.

**Artículo 49**.- Los exhortos y requisitorias contendrán las inserciones necesarias, según la naturaleza de las diligencias que hayan de practicarse; llevarán el sello del tribunal, e irán firmados por el funcionario correspondiente y por el secretario respectivo o por testigos de asistencia.

Los tribunales requeridos tramitarán los exhortos y requisitorias aun cuando carezcan de alguna formalidad, si la ausencia de ésta no afecta su validez o impide el conocimiento de la naturaleza y características de la diligencia solicitada, excepto órdenes de aprehensión y de cateo, las que deben llenar todas las formalidades.

**Artículo 50**.- En casos urgentes, notificado que fuere de ello previamente el Ministerio Público y quien corresponda conforme a la ley, podrá resolverse que se haga uso de la vía telegráfica, expresándose con toda claridad las diligencias que han de practicarse, la parte que las solicitó, el nombre del inculpado, si fuere posible, el delito de que trata y el fundamento de la providencia. Estos exhortos se mandarán mediante oficio al jefe de la oficina telegráfica de la localidad, acompañados de una copia, en la cual el empleado respectivo de dicha oficina extenderá recibo; el oficio será entregado por conducto del Secretario o del Actuario del tribunal, quienes se identificarán ante el encargado del servicio telegráfico, quien deberá agregar esta circunstancia al texto del telegrama. En la misma fecha en que se entregue el citado oficio a la oficina telegráfica, el tribunal requirente enviará por correo el exhorto o requisitoria en forma.

**Artículo 51**.- (Se deroga).

**Artículo 52**.- (Se deroga).

**Artículo 53**.- El tribunal que recibiere un exhorto o requisitoria extendido en debida forma, procederá a cumplimentarlo en un plazo no mayor de cinco días contados a partir de la fecha de su recibo; si por la naturaleza o circunstancia de la diligencia no fuere posible su cumplimentación en el plazo indicado, el tribunal lo resolverá así, determinando o razonando las causas de ello. Si estimare que no concurren en

**Exhibit 1, Page 16**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN                    *Última Reforma DOF 23-01-2009*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

él todos los requisitos legales, lo devolverá al requirente, fundando su negativa dentro del mismo plazo establecido en este artículo.

Cuando un tribunal no atienda un exhorto o requisitoria sin motivo justificado, el que lo haya expedido podrá ocurrir en queja ante el superior de aquél. Recibida la queja, será resuelta dentro del término de tres días, con vista de las constancias del exhorto o requisitoria, de lo que expongan las autoridades contendientes y audiencia del Ministerio Público.

**Artículo 54**.- Si el tribunal exhortado estimare que no debe cumplimentar el exhorto por interesarse en ello su jurisdicción, oirá al Ministerio Público y resolverá dentro de tres días, promoviendo en su caso la competencia respectiva.

**Artículo 55**.- Se dará entera fe y crédito a los exhortos y requisitorias que libren los tribunales de la Federación, debiendo cumplimentarse siempre que llenen las condiciones fijadas por este Código.

**Artículo 56**.- Cuando se demore el cumplimiento de un exhorto o requisitoria, se recordará su despacho por medio de oficio. Si a pesar de esto continúa la demora, el tribunal requirente lo pondrá en conocimiento del superior inmediato del requerido, si se trata de exhorto. Dicho superior apremiará al moroso, obligándolo a que diligencie el exhorto y hará la consignación del caso al Ministerio Público, si procede.

Si se tratare de requisitoria y continuare la demora, el tribunal requirente hará uso de los medios de apremio y, si procediere, consignará el caso al Ministerio Público.

**Artículo 57**.- La resolución dictada por el tribunal requerido ordenando o negando la práctica de las diligencias que se le hayan encomendado, admite los recursos que este Código establece y que se resolverán por el órgano jurisdiccional federal competente en el Circuito en que se ubique el citado tribunal requerido.

**Artículo 58**.- Los exhortos dirigidos a los tribunales extranjeros se remitirán, con aprobación de la Suprema Corte de Justicia, por la vía diplomática al lugar de su destino. Las firmas de las autoridades que los expidan serán legalizadas por el Presidente o el Secretario General de Acuerdos de aquélla y las de estos servidores públicos por el Secretario de Relaciones Exteriores o el servidor público que él designe.

**Artículo 59**.- Podrá encomendarse la práctica de diligencias en países extranjeros a los secretarios de legaciones y a los agentes consulares de la República, por medio de oficio con las inserciones necesarias.

**Artículo 60**.- Los exhortos de los tribunales extranjeros deberán tener, además de los requisitos que indiquen las legislaciones respectivas y los tratados internacionales, la legalización que haga el representante autorizado para atender los asuntos de la República en el lugar donde sean expedidos.

## CAPITULO VII
### Cateos

**Artículo 61.-** Cuando en la averiguación previa el Ministerio Público estime necesaria la práctica de un cateo, acudirá a la autoridad judicial competente, o si no la hubiere a la del orden común, a solicitar por cualquier medio la diligencia, dejando constancia de dicha solicitud, expresando su objeto y necesidad, así como la ubicación del lugar a inspeccionar y persona o personas que han de localizarse o de aprehenderse, y los objetos que se buscan o han de asegurarse a lo que únicamente debe limitarse la diligencia.

**Exhibit 1, Page 17**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

Al inicio de la diligencia el Ministerio Público designará a los servidores públicos que le auxiliarán en la práctica de la misma.

Al concluir el cateo se levantará acta circunstanciada, en presencia de dos testigos propuestos por el ocupante del lugar cateado o en su ausencia o negativa, por la autoridad que practique la diligencia; los servidores públicos designados por el Ministerio Público para auxiliarle en la práctica de la diligencia no podrán fungir como testigos de la misma.

Cuando no se cumplan estos requisitos, la diligencia carecerá de todo valor probatorio, sin que sirva de excusa el consentimiento de los ocupantes del lugar.

La petición de orden de cateo deberá ser resuelta por la autoridad judicial de manera inmediata, en un plazo que no exceda de las veinticuatro horas siguientes a que la haya recibido. Si dentro del plazo señalado el juez no resuelve sobre el pedimento de cateo, el Ministerio Público podrá recurrir al superior jerárquico para que éste resuelva en un plazo igual.

**Artículo 62.-** Las diligencias de cateo se practicarán por el Ministerio Público, previa autorización judicial, el cual podrá auxiliarse de la policía, según se precise en el mandamiento. Si alguna autoridad hubiere solicitado del Ministerio Público la promoción del cateo, ésta podrá asistir a la diligencia.

**Artículo 63**.- Para decretar la práctica de un cateo, bastará la existencia de indicios o datos que hagan presumir, fundadamente, que el inculpado a quien se trate de aprehender se encuentra en el lugar en que deba efectuarse la diligencia; o que se encuentran en él los objetos materia del delito, el instrumento del mismo, libros, papeles u otros objetos, que puedan servir para la comprobación del delito o de la responsabilidad del inculpado.

**Artículo 64**.- Los cateos deberán practicarse entre las seis y las diez y ocho horas, pero si llegadas las diez y ocho horas no se han terminado, podrán continuarse hasta su conclusión.

**Artículo 65**.- Cuando la urgencia del caso lo requiera, podrán practicarse los cateos a cualquier hora, debiendo expresarse esta circunstancia en el mandamiento judicial.

**Artículo 66**.- Si al practicarse un cateo resultare casualmente el descubrimiento de un delito distinto del que lo haya motivado, se hará constar en el acta correspondiente, siempre que el delito descubierto sea de los que se persiguen de oficio.

**Artículo 67**.- Para la práctica de un cateo en la residencia o despacho de cualquiera de los poderes federales o de los Estados, el tribunal recabará la autorización correspondiente.

**Artículo 68**.- Cuando tenga que practicarse un cateo en buques mercantes extranjeros, se observarán las disposiciones de las leyes y reglamentos marítimos.

**Artículo 69**.- Al practicarse un cateo se recogerán los instrumentos y objetos del delito, así como los libros, papeles o cualesquiera otras cosas que se encuentren, si fueren conducentes al éxito de la investigación o estuvieren relacionados con el nuevo delito en el caso previsto en el artículo 66.

Se formará un inventario de los objetos que se recojan relacionados con el delito que motive el cateo y, en su caso, otro por separado con los que se relacionen con el nuevo delito. En todo caso, deberán observarse las reglas a las que se refieren los artículos 123 Bis a 123 Quintus.

**Artículo 70**.- Si el inculpado estuviere presente, se le mostrarán los objetos recogidos para que los reconozca y ponga en ellos su firma o rúbrica, si fueren susceptibles de ello; y si no supiere firmar, sus huellas digitales. En caso contrario, se unirá a ellos una tira de papel que se sellará en la juntura de los

**Exhibit 1, Page 18**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

dos extremos y se invitará al inculpado a que firme o ponga sus huellas digitales. En ambos casos se hará constar esta circunstancia, así como si no pudiere firmar o poner sus huellas digitales, o se negare a ello.

## CAPITULO VIII
### Plazos y términos

**Artículo 71**.- Los plazos son improrrogables y empezarán a correr desde el día siguiente al de la fecha de la notificación, salvo los casos que este Código señale expresamente.

No se incluirán en los plazos, los sábados, los domingos ni los días inhábiles, a no ser que se trate de poner al inculpado a disposición de los tribunales, de tomarle su declaración preparatoria, o de resolver la procedencia de su prisión, sujeción a proceso, o libertad.

**Artículo 72**.- Los plazos se contarán por días hábiles, excepto los que se refieren a los tres casos mencionados en la segunda parte del artículo anterior y a cualquier otro que por disposición legal deba computarse por horas, pues éstos se contarán de momento a momento, a partir de la hora que corresponda conforme a la ley.

Los términos se fijarán por día y hora, y salvo los actos a que se refieren el artículo 19 Constitucional y otras disposiciones, se precisarán por el tribunal cuando menos con cuarenta y ocho horas de anticipación al día y hora en que se hayan de celebrar las actuaciones a que se refieran.

## CAPITULO IX
### Citaciones

**Artículo 73**.- Con excepción de los altos funcionarios de la Federación, toda persona está obligada a presentarse ante los tribunales y ante el Ministerio Público cuando sea citada, a menos que no pueda hacerlo porque padezca alguna enfermedad que se lo impida, o tenga alguna otra imposibilidad física para presentarse.

**Artículo 74**.- Las citaciones podrán hacerse verbalmente, o por cédula, o por telégrafo, anotándose en cualquiera de esos casos la constancia respectiva en el expediente.

La cédula se asentará en papel oficial y deberá ser sellada por el tribunal o el Ministerio Público que haga la citación.

**Artículo 75**.- La cédula y el telegrama contendrán:

**I.-** La designación legal de la autoridad ante la que deba presentarse el citado;

**II.-** El nombre, apellido y domicilio del citado si se supieren o, en caso contrario, los datos de que se disponga para identificarlo;

**III.-** El día, hora y lugar en que debe comparecer;

**IV.-** El medio de apremio que se empleará si no compareciere; y

**V.-** La firma o la transcripción de la firma del funcionario que ordene la citación.

**Artículo 76**.- Cuando se haga la citación por cédula, deberá acompañarse a ésta un duplicado en el cual firme el interesado o cualquiera otra persona que la reciba.

Exhibit 1, Page 19



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**Artículo 77**.- Cuando la citación se haga por telégrafo, se enviará por duplicado a la oficina que haya de transmitirla, la cual devolverá, con su constancia de recibo, uno de los ejemplares que se agregará al expediente.

**Artículo 78**.- En caso de urgencia podrá hacerse la citación por telefonema que transmitirá el funcionario de la policía judicial que practique las diligencias o el secretario o actuario respectivo del tribunal que corresponda, quienes harán la citación con las indicaciones a que se refieren las fracciones I y III del artículo 75, asentando constancia en el expediente.

Asimismo podrá ordenarse por teléfono a la policía que haga la citación, cumpliéndose con los requisitos del mismo artículo 75.

**Artículo 79**.- También podrá citarse por teléfono a la persona que haya manifestado expresamente su voluntad para que se le cite por ese medio, dando el número del aparato al cual debe hablársele, sin perjuicio de que si no es hallada en ese lugar o no se considera conveniente hacerlo de esa manera, se le cite por alguno de los otros medios señalados en este Capítulo.

**Artículo 80**.- Cuando no se pueda hacer la citación verbalmente, se hará por cédula, la cual será entregada por personal del juzgado o por los auxiliares del Ministerio Público directamente a la persona citada, quien deberá firmar el recibo correspondiente en la copia de la cédula, o bien estampar en ésta sus huellas digitales cuando no sepa firmar; si se negare a hacerlo, el personal comisionado asentará este hecho y el motivo que el citado expresare para su negativa.

Cuando el caso lo permita, podrá enviarse la cédula por correo, en sobre cerrado y sellado con acuse de recibo.

**Artículo 81**.- En el caso de citación por cédula, cuando no se encuentre a quien va destinada, se entregará en su domicilio o en el lugar en que trabaje, y en el duplicado, que se agregará al expediente, se recogerá la firma o huella digital de la persona que la reciba, o su nombre y la razón de por qué no firmó o no puso su huella.

Si la persona que recibiere la citación manifestare que el interesado está ausente, dirá dónde se encuentra y desde cuando se ausentó, así como la fecha en que se espera su regreso, y todo esto se hará constar para que el funcionario respectivo dicte las providencias que fueren procedentes.

En los casos a los que se refiere el párrafo precedente de este artículo, y el artículo anterior, el secretario o actuario del tribunal o, en su caso, la policía judicial o el auxiliar del Ministerio Público Federal, asentará en su razón los datos que hubiere recabado para identificar a la persona a quien hubiese entregado la cédula.

**Artículo 82**.- La citación a los militares y empleados oficiales, o particulares en alguna rama del servicio público, se hará por conducto del superior jerárquico respectivo, a menos que el éxito de la tramitación requiera que no se haga así.

**Artículo 83**.- Cuando se ignorare la residencia de la persona que deba ser citada, se encargará a la policía que averigüe su domicilio y lo proporcione. Si esta investigación no tuviere éxito y quien ordene la citación lo estimare conveniente, podrá hacerlo por medio de un periódico de los de mayor circulación.

Se agregará al expediente un ejemplar del periódico en la parte que contiene la inserción, de modo que se identifique el periódico, la fecha de publicación y la sección y página en la que ésta aparece.



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**Artículo 84**.- La citación a los jurados se hará por medio de cédulas que serán entregadas a los interesados por conducto del secretario o actuario del tribunal, y contendrán:

**I.-** El lugar y la fecha en que se expida la cita;

**II.-** El objeto de ella con expresión de los nombres y apellidos del acusado, del delito por el cual debe ser juzgado y la designación de la persona contra quien fue cometido;

**III.-** El lugar, día y hora en que deba instalarse el jurado;

**IV.-** La conminación de que si el citado no concurriere pagará una multa de cinco a cien pesos, o sufrirá arresto de uno a quince días; y

**V.-** La firma del secretario y el sello del tribunal.

**Artículo 85**.- El Secretario o actuario del tribunal dará cuenta, por medio de informe en autos, del resultado de la entrega de las citas a que se refiere el artículo anterior, precisamente antes de la hora señalada para la audiencia.

La falta de cumplimiento de esta disposición será sancionada por el tribunal con multa de hasta diez días de salario mínimo vigente en el lugar de que se trate.

## CAPITULO X
## Audiencias de derecho

**Artículo 86**.- Las audiencias serán públicas y en ellas el inculpado podrá defenderse por sí mismo o por su defensor.

El Ministerio Público podrá replicar cuantas veces quisiere, pudiendo la defensa contestar en cada caso.

Si el acusado tuviere varios defensores, no se oirá más que a uno de ellos cada vez que toque hablar a la defensa. Cuando intervinieren varios agentes del Ministerio Público, sólo se oirá a uno de ellos cada vez que corresponda intervenir al Ministerio Público.

**Artículo 87**.- Las audiencias se llevarán a cabo, concurran o no las partes, salvo el Ministerio Público, que no podrá dejar de asistir a ellas. En la diligencia de declaración preparatoria comparecerá el inculpado asistido de su defensor y en su caso, la persona de su confianza que el inculpado puede designar, sin que esto último implique exigencia procesal.

En la audiencia final del juicio también será obligatoria la presencia del defensor quien podrá hacer la defensa oral del acusado, sin perjuicio del alegato escrito que quiera presentar.

En el supuesto a que se refiere el artículo 124 bis de este Código, no podrán llevarse a cabo las audiencias en que deba participar el inculpado sin el traductor a que dicho precepto se refiere.

**Artículo 88**.- En las audiencias a que se refieren los artículos 305, 307 y 311 si el defensor no concurre, el funcionario que las presida, las diferirá, requiriendo al inculpado para que nombre nuevo defensor y si no lo hiciere se le designará uno de oficio.

Cuando el nuevo defensor no esté en condiciones, de acuerdo con la naturaleza del negocio, para cumplir desde luego con su cometido, se diferirá o suspenderá la audiencia a juicio del tribunal.



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

Si el faltista fuere defensor de oficio se comunicará la falta a su superior inmediato, se ordenará su presentación o se le substituirá por otro, sin perjuicio de su consignación al Ministerio Público si procediere.

**Artículo 89**.- Durante la audiencia el inculpado podrá comunicarse con sus defensores, pero no con el público.

Si infringe esta disposición, se le impondrá una corrección disciplinaria.

Si alguna persona del público se comunica o intenta comunicarse con el inculpado, será retirada de la audiencia y se le impondrá una corrección disciplinaria, si se estima conveniente.

**Artículo 90**.- Antes de cerrarse el debate, el funcionario que presida la audiencia preguntará al inculpado si quiere hacer uso de la palabra, concediéndosela en caso afirmativo.

**Artículo 91**.- Si el inculpado altera el orden en una audiencia se le apercibirá de que si insiste en su actitud se tendrá por renunciado su derecho de estar presente; si no obstante esto, continúa, se le mandará retirar del local y proseguirá la diligencia con su defensor. Todo esto, sin perjuicio de aplicarle la corrección disciplinaria que el tribunal estime pertinente.

**Artículo 92**.- Si es el defensor quien altera el orden, se le apercibirá, y si continúa en la misma actitud se le expulsará del local, pudiendo imponérsele, además, una corrección disciplinaria. Para que el inculpado no carezca de defensor, se procederá de acuerdo con lo dispuesto en la parte primera del artículo 88.

**Artículo 93**.- En las audiencias la policía estará a cargo del funcionario que presida.

En los caso en que dicho funcionario se ausentare del local, la policía quedará a cargo del Ministerio Público.

Cuando también el Ministerio Público abandonare el local en que se efectúe la audiencia, la policía quedará encomendada al jefe de la escolta que haya conducido a los inculpados.

## CAPITULO XI
### Resoluciones judiciales

**Artículo 94**.- Las resoluciones judiciales son: sentencias, si terminan la instancia resolviendo el asunto en lo principal; y autos, en cualquier otro caso.

Toda resolución deberá ser fundada y motivada, expresará la fecha en que se pronuncie y se redactará en forma clara, precisa y congruente con la promoción o actuación procesal que la origine.

Toda resolución deberá cumplirse o ejecutarse en sus términos.

**Artículo 95**.- Las sentencias contendrán:

**I.-** El lugar en que se pronuncien;

**II.-** La designación del tribunal que las dicte;

**III.-** Los nombres y apellidos del acusado, su sobrenombre si lo tuviere, el lugar de su nacimiento, nacionalidad, edad, estado civil, en su caso el grupo étnico indígena al que pertenece, idioma, residencia o domicilio, y ocupación, oficio o profesión.

**Exhibit 1, Page 22**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**IV.-** Un extracto breve de los hechos exclusivamente conducentes a los puntos resolutivos del auto o de la sentencia en su caso, evitando la reproducción innecesaria de constancias.

**V.-** Las consideraciones, fundamentaciones y motivaciones legales de la sentencia; y

**VI.-** La condenación o absolución que proceda, y los demás puntos resolutivos correspondientes.

**Artículo 96.-** Los autos contendrán una breve exposición del punto de que se trate y la resolución que corresponda, precedida de su motivación y fundamentos legales.

**Artículo 97.-** Los autos que contengan resoluciones de mero trámite deberán dictarse dentro de cuarenta y ocho horas, contadas desde aquella en que se haga la promoción; los demás autos, salvo lo que la ley disponga para casos especiales dentro de tres días y la sentencia dentro de diez días a partir del siguiente a la terminación de la Audiencia; pero si el expediente excediere de quinientas fojas, por cada cien de exceso o fracción se aumentará un día más del plazo señalado, sin que nunca sea mayor de treinta días hábiles.

**Artículo 98.-** Las resoluciones judiciales se dictarán por los respectivos Ministros de la Suprema Corte de Justicia, Magistrados o Jueces, y serán firmadas por ellos y por el secretario que corresponda o, a la falta de éste, por testigos de asistencia.

**Artículo 99.-** Para la validez de las sentencias y de los autos que no sean de mero trámite, dictados por un tribunal colegiado se requerirá, cuando menos, el voto de la mayoría de sus miembros.

**Artículo 100.-** Cuando alguno de los componentes de un tribunal colegiado no estuviere conforme con la resolución de la mayoría, expresará sucintamente las razones de su inconformidad en voto particular, que se agregará al expediente.

**Artículo 101.-** Ningún juez o tribunal unitario puede modificar ni variar sus resoluciones después de formuladas, ni los colegiados después de haberlos votado. Esto se entiende sin perjuicio de la aclaración de sentencia.

**Artículo 102.-** Las resoluciones judiciales causan estado cuando notificadas las partes de las mismas, éstas manifiesten expresamente su conformidad, no interpongan los recursos que procedan dentro de los plazos señalados por la ley o, también, cuando se resuelvan los recursos planteados contra las mismas.

Ninguna resolución judicial se ejecutará sin que previamente se haya notificado de la misma al Ministerio Público y a quien corresponda, conforme a la ley.

## CAPITULO XII
## Notificaciones

**Artículo 103.-** Las notificaciones se harán a más tardar el día siguiente al en que se dicten las resoluciones que las motiven.

Cuando la resolución entrañe una citación o un término para la práctica de una diligencia, se notificará personalmente con cuarenta y ocho horas de anticipación, cuando menos, al día y hora en que se haya de celebrar la actuación o audiencia a que se refiera, debiéndose tomar en cuenta lo dispuesto en el segundo párrafo del artículo 72 de este Código, y asistiéndose de traductor si la persona por notificarse no habla o no entiende suficientemente el idioma castellano.

**Exhibit 1, Page 23**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**Artículo 104**.- Las resoluciones contra las cuales proceda el recurso de apelación, se notificarán personalmente a las partes por conducto del secretario o actuario del tribunal.

Las demás resoluciones con excepción de los autos que ordenen aprehensiones, cateos, providencias precautorias, aseguramientos y otras diligencias análogas respecto de las cuales el tribunal estime que deba guardarse sigilo para el éxito de la investigación se notificarán al detenido o al procesado personalmente, y, a los otros interesados en la forma señalada en el artículo 107 de este Código.

**Artículo 105**.- En los casos a que se refiere la segunda parte del artículo anterior, las resoluciones que deban guardarse en sigilo, solamente se notificarán al Ministerio Público. En las demás no será necesaria la notificación personal al inculpado, cuando éste haya autorizado a algún defensor para que reciba las notificaciones que deban hacérsele.

**Artículo 106**.- Cuando el inculpado tenga varios defensores, designará a uno de ellos para que reciba las notificaciones que correspondan a la defensa, sin perjuicio de que sean notificados alguno o algunos de los demás, si lo solicitaren del tribunal.

Si no se hace esa designación, bastará notificar a cualquiera de los defensores.

**Artículo 107**.- Los actuarios o secretarios del tribunal que hagan las notificaciones que no sean personales, fijarán diariamente en la puerta del tribunal una lista de los asuntos acordados, expresando únicamente el número del expediente y el nombre del inculpado, y asentarán constancia de ese hecho en los expedientes respectivos. En los lugares donde hubiere Boletín Judicial de la Federación, la lista se publicará en él.

Si alguno de los interesados desea que se le haga notificación personal, podrá ocurrir a más tardar al día siguiente al en que se fije la lista o se haga la publicación en el Boletín Judicial de la Federación, solicitándola del actuario o secretario del tribunal. Si no se presentaran los interesados en ese término, la notificación se tendrá por hecha al tercer día de que se fije la lista en la puerta del Tribunal o de que se hubiere publicado en el Boletín Oficial.

**Artículo 108**.- Las personas que intervengan en un proceso, designarán en la primera diligencia un domicilio ubicado en el lugar, para recibir notificaciones. Si por cualquiera circunstancia no hacen la designación, cambian de domicilio sin dar aviso al tribunal o señalan uno falso, la notificación se les hará aún cuando deba ser personal, en la forma que establece el artículo anterior.

**Artículo 109**.- Las notificaciones personales se harán en el tribunal o en el domicilio designado. Si no se encuentra al interesado en el domicilio, se le dejará con cualquiera de las personas que allí residan, una cédula que contendrá: nombre del tribunal que la dicte, causa en la cual se dicta, transcripción, en lo conducente, de la de resolución que se le notifique, día y hora en que se hace dicha notificación y persona en poder de la cual se deja, expresándose, además, el motivo por el cual no se hizo en persona al interesado.

Si el que deba ser notificado se niega a recibir al funcionario encargado de hacer la notificación, o las personas que residen en el domicilio se rehúsan a recibir la cédula, o no se encuentra a nadie en el lugar, se fijará la cédula en la puerta de entrada.

**Artículo 110**.- Si se probare que no se hizo una notificación decretada, o que se hizo en contravención de lo dispuesto en este Capítulo, el encargado de hacerla será responsable de los daños y perjuicios que ocasione la falta y se le juzgará con arreglo a la ley, si obró con dolo. En caso contrario, se le impondrá alguna corrección disciplinaria.



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**
*Última Reforma DOF 23-01-2009*

**Artículo 111.-** Si a pesar de no haberse hecho la notificación en la forma que este Código previene, la persona que debe ser notificada se muestra sabedora de la providencia, se tendrá por hecha la notificación.

**Artículo 112.-** Las notificaciones hechas contra lo dispuesto en este capítulo serán nulas, excepto en el caso del artículo anterior.

**TITULO SEGUNDO
Averiguación Previa**

**CAPITULO I
Iniciación del procedimiento**

**Artículo 113.-** El Ministerio Público y sus auxiliares, de acuerdo con las órdenes que reciban de aquél, están obligados a proceder de oficio a la investigación de los delitos de que tengan noticia. Tratándose de delitos que deban perseguirse de oficio, bastará para el inicio de la averiguación la comunicación o parte informativo que rinda la policía, en el que se hagan del conocimiento de la autoridad investigadora hechos que pudieran ser delictivos, sin que deban reunirse los requisitos a que aluden los artículos 118, 119 y 120 de este ordenamiento. A la comunicación o parte informativo se acompañarán los elementos de que se dispongan y que sean conducentes para la investigación. La averiguación previa no podrá iniciarse de oficio en los casos siguientes.

**I.-**   Cuando se trate de delitos en los que solamente se pueda proceder por querella necesaria, si ésta no se ha presentado.

**II.-**  Cuando la ley exija algún requisito previo, si éste no se ha llenado.

Si el que inicia una investigación no tiene a su cargo la función de proseguirla, dará inmediata cuenta al que corresponda legalmente practicarla.

Cuando para la persecución de un delito se requiera querella u otro acto equivalente, a título de requisito de procedibilidad, el Ministerio Público Federal actuará según lo previsto en la Ley Orgánica de la Procuraduría General de la República, para conocer si la autoridad formula querella o satisface el requisito de procedibilidad equivalente.

Tratándose de informaciones anónimas, el Ministerio Público ordenará a la Policía que investigue la veracidad de los datos aportados; de confirmarse la información, iniciará la averiguación previa correspondiente, observándose además, lo dispuesto en el primer párrafo de este artículo.

**Artículo 114.-** Es necesaria la querella del ofendido, solamente en los casos en que así lo determinen el Código Penal u otra ley.

**Artículo 115.-** Cuando el ofendido sea menor de edad, pero mayor de dieciséis años, podrá querellarse por sí mismo o por quien esté legitimado para ello. Tratándose de menores de esta edad o de otros incapaces, la querella se presentará por quienes ejerzan la patria potestad o la tutela.

**Artículo 116.-** Toda persona que tenga conocimiento de la comisión de un delito que deba perseguirse de oficio, está obligada a denunciarlo ante el Ministerio Público y en caso de urgencia ante cualquier funcionario o agente de policía.

**Artículo 117.-** Toda persona que en ejercicio de funciones públicas tenga conocimiento de la probable existencia de un delito que deba perseguirse de oficio, está obligada a participarlo inmediatamente al

**Exhibit 1, Page 25**



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

Ministerio Público, trasmitiéndole todos los datos que tuviere, poniendo a su disposición, desde luego, a los inculpados, si hubieren sido detenidos.

**Artículo 118.**- Las denuncias y las querellas pueden formularse verbalmente o por escrito. Se contraerán, en todo caso, a describir los hechos supuestamente delictivos, sin calificarlos jurídicamente, y se harán en los términos previstos para el ejercicio del derecho de petición. Cuando una denuncia o querella no reúna estos requisitos, el funcionario que la reciba prevendrá al denunciante o querellante para que la modifique, ajustándose a ellos. Asimismo, se informará al denunciante o querellante, dejando constancia en el acta, acerca de la trascendencia jurídica del acto que realizan, sobre las penas en que incurre quien se produce falsamente ante las autoridades, y sobre las modalidades del procedimiento según se trate de delito perseguible de oficio o por querella.

En el caso de que la denuncia o la querella se presenten verbalmente, se harán constar en acta que levantará el funcionario que las reciba. Tanto en este caso como cuando se hagan por escrito, deberán contener la firma o huella digital del que las presente y su domicilio.

Cuando el denunciante o querellante hagan publicar la denuncia o la querella, están obligados a publicar también a su costa y en la misma forma utilizada para esa publicación, el acuerdo que recaiga al concluir la averiguación previa, si así lo solicita la persona en contra de la cual se hubiesen formulado dichas denuncia o querella, y sin perjuicio de las responsabilidades en que aquéllos incurran, en su caso, conforme a otras leyes aplicables.

**Artículo 119.**- Cuando la denuncia o la querella se presenten por escrito, el servidor público que conozca de la averiguación, deberá asegurarse de la identidad del denunciante o querellante, de la legitimación de este último, así como de la autenticidad de los documentos en que aparezca formulada la querella y en los que se apoyen ésta o la denuncia.

En todo caso, el servidor público que reciba una denuncia o querella formuladas verbalmente o por escrito, requerirá al denunciante o querellante para que se produzcan bajo protesta de decir verdad, con el apercibimiento a que se refiere el artículo 118 y les formulará las preguntas que estime conducentes.

**Artículo 120.**- No se admitirá intervención de apoderado jurídico para la presentación de denuncias, salvo en el caso de personas morales que podrán actuar por conducto de apoderado general para pleitos y cobranzas. Las querellas formuladas en representación de personas morales, se admitirán cuando el apoderado tenga un poder general para pleitos y cobranzas, con cláusula especial para formular querellas, sin que sean necesarios acuerdo o ratificación del Consejo de Administración o de la Asamblea de Socios o Accionistas poder especial para el caso determinado, ni instrucciones concretas del mandante.

**Artículo 121.**- Cuando en un negocio judicial se arguya de falso un documento o el tribunal tenga duda fundada sobre su autenticidad, se dará vista al Agente del Ministerio Público adscrito y si éste lo solicita se desglosará de los autos dejando en ellos copia fotostática, y si no fuere posible ésta, copia certificada. El original del documento, que deberá firmar el Juez o Magistrado y el secretario, y el testimonio de las constancias conducentes, se remitirán al Ministerio Público.

**Artículo 122.**- En los casos del artículo anterior, se requerirá a quien hayan presentado el documento para que diga si insiste en que se tome en consideración o no; si contestare afirmativamente y siempre que la falsedad sea de tal naturaleza, a juicio del tribunal, que si llegare a dictarse sentencia influiría substancialmente en ella, éste ordenará, a petición del Ministerio Público, que se suspenda el procedimiento civil a partir de la citación para sentencia, hasta en tanto se declare que no ha lugar a intentarse la acción penal, o si se intenta, hasta que se pronuncie resolución definitiva. Si no se insistiere en que se tome en consideración el documento, no se suspenderá el procedimiento civil.

**Exhibit 1, Page 26**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

Este artículo se aplicará también en lo conducente cuando se tache de falso a un testigo.

# CAPITULO II
## Reglas especiales para la práctica de diligencias y levantamiento de actas de averiguación previa

**Artículo 123.-** Inmediatamente que el Ministerio Público, las policías o los funcionarios encargados de practicar en su auxilio diligencias de averiguación previa tengan conocimiento de la probable existencia de un delito que deba perseguirse de oficio, dictarán todas las medidas y providencias necesarias para: proporcionar seguridad y auxilio a las víctimas y testigos; impedir que se pierdan, destruyan o alteren los indicios, huellas o vestigios del hecho delictuoso, así como los instrumentos, objetos o productos del delito; saber qué personas fueron testigos; evitar que el delito se siga cometiendo y, en general, impedir que se dificulte la averiguación, procediendo a la detención de los que intervinieron en su comisión en los casos de delito flagrante y su registro inmediato.

Lo mismo se hará tratándose de delitos que solamente puedan perseguirse por querella, si ésta ha sido formulada.

El Ministerio Público sólo podrá ordenar la detención de una persona, cuando se trate de delito flagrante o de caso urgente, conforme a lo dispuesto por el artículo 16 de la Constitución y en los términos de los artículos 193 y 194 respectivamente.

**Artículo 123 Bis.-** La preservación de los indicios, huellas o vestigios del hecho delictuoso, así como los instrumentos, objetos o productos del delito es responsabilidad directa de los servidores públicos que entren en contacto con ellos.

En la averiguación previa deberá constar un registro que contenga la identificación de las personas que intervengan en la cadena de custodia y de quienes estén autorizadas para reconocer y manejar los indicios, huellas o vestigios del hecho delictuoso, así como los instrumentos, objetos o productos del delito.

Los lineamientos para la preservación de indicios, huellas o vestigios del hecho delictuoso, así como de los instrumentos, objetos o productos del delito, que por acuerdo general emita la Procuraduría General de la República, detallarán los datos e información necesaria para asegurar la integridad de los mismos.

La cadena de custodia iniciará donde se descubra, encuentre o levante la evidencia física y finalizará por orden de autoridad competente.

**Artículo 123 Ter.-** Cuando las unidades de la policía facultadas para la preservación del lugar de los hechos descubran indicios, huellas o vestigios del hecho delictuoso, así como los instrumentos, objetos o productos del delito, en el lugar de los hechos, deberán:

I.   Informar de inmediato por cualquier medio eficaz y sin demora alguna al Ministerio Público e indicarle que se han iniciado las diligencias correspondientes para el esclarecimiento de los hechos, para efectos de la conducción y mando de éste respecto de la investigación;

II.  Identificar los indicios, huellas o vestigios del hecho delictuoso, así como los instrumentos, objetos o productos del delito. En todo caso, los describirán y fijarán minuciosamente;

III. Recolectar, levantar, embalar técnicamente y etiquetar los indicios, huellas o vestigios del hecho delictuoso, así como los instrumentos, objetos o productos del delito. Deberán describir la forma

**Exhibit 1, Page 27**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN                                                       *Última Reforma DOF 23-01-2009*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

en que se haya realizado la recolección y levantamiento respectivos, así como las medidas tomadas para asegurar la integridad de los mismos, y

IV.   Entregar al Ministerio Público todos los indicios, huellas o vestigios del hecho delictuoso, así como los instrumentos, objetos o productos del delito, sus respectivos contenedores y las actas, partes policiales o documentos donde se haya hecho constancia de su estado original y de lo dispuesto en las fracciones anteriores para efectos de la averiguación y la práctica de las diligencias periciales que éste ordene. En dichos documentos deberá constar la firma autógrafa de los servidores públicos que intervinieron en el procedimiento.

**Artículo 123 Quater.-** El Ministerio Público se cerciorará de que se han seguido los procedimientos para preservar los indicios, huellas o vestigios del hecho delictuoso, así como los instrumentos, objetos o productos del delito.

Tratándose de los indicios, huellas o vestigios del hecho delictuoso, el Ministerio Público ordenará la práctica de las pruebas periciales que resulten procedentes. Respecto de los instrumentos, objetos o productos del delito ordenará su aseguramiento de conformidad con lo dispuesto en el artículo 181 de este Código, previos los dictámenes periciales a los que hubiere lugar.

En caso de que la recolección levantamiento y traslado de los indicios, huellas o vestigios del hecho delictuoso, así como los instrumentos, objetos o productos del delito no se haya hecho como lo señala el artículo anterior, el Ministerio Público lo asentará en la averiguación previa y, en su caso, dará vista a las autoridades que resulten competentes para efectos de las responsabilidades a las que haya lugar.

**Artículo 123 Quintus.-** Los peritos se cerciorarán del correcto manejo de los indicios, huellas o vestigios del hecho delictuoso, así como de los instrumentos, objetos o productos del delito y realizarán los peritajes que se le instruyan. Los dictámenes respectivos serán enviados al Ministerio Público para efectos de la averiguación. La evidencia restante será devuelta al Ministerio Público, quien ordenará su resguardo para posteriores diligencias o su destrucción, si resulta procedente.

Los peritos darán cuenta por escrito al Ministerio Público cuando los indicios, huellas o vestigios del hecho delictuoso, así como los instrumentos, objetos o productos del delito no hayan sido debidamente resguardados, de conformidad con lo dispuesto en los artículos anteriores y demás aplicables, sin perjuicio de la práctica de los peritajes que se les hubiere instruido.

**Artículo 124.-** En el caso del artículo anterior, se procederá a levantar el acta correspondiente, que contendrá: la hora, fecha y modo en que se tenga conocimiento de los hechos; el nombre y carácter de la persona que dio noticia de ellos, y su declaración, así como la de los testigos cuyos dichos sean más importantes y la del inculpado, si se encontrase presente, incluyendo el grupo étnico indígena al que pertenece, en su caso; la descripción de lo que haya sido objeto de inspección ocular; los nombres y domicilios de los testigos que no se hayan podido examinar; el resultado de la observación de las particularidades que se hayan notado a raíz de ocurridos los hechos, en las personas que en ellas intervengan; las medidas y providencias que se hayan tomado para la investigación de los hechos, así como los demás datos y circunstancias que se estime necesario hacer constar.

**Artículo 124 Bis.-** En la averiguación previa en contra de personas que no hablen o no entiendan suficientemente el castellano, se les nombrará un traductor desde el primer día de su detención, quien deberá asistirlas en todos los actos procedimentales sucesivos y en la correcta comunicación que haya de tener con su defensor.

El juez, en su caso, de oficio, o a petición de parte, verificará que perdure ese canal de comunicación; y si lo estimare prudente, podrá nombrar el defensor o el traductor que mejoren dicha comunicación.

**Exhibit 1, Page 28**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

Tratándose de personas pertenecientes a los pueblos o comunidades indígenas, tanto el defensor como el intérprete correspondiente deberán tener pleno conocimiento de su lengua y cultura.

**Artículo 125**.- El Ministerio Público que inicie una averiguación previa podrá citar para que declaren sobre los hechos que se averigüen, a las personas que por cualquier concepto participen en ellos o aparezcan tengan datos sobre los mismos. En el acta se hará constar quién mencionó a la persona que haya de citarse, o por qué motivo el funcionario que practique las diligencias estimó conveniente hacer la citación.

**Artículo 126**.- Cuando una autoridad auxiliar del Ministerio Público practique con ese carácter diligencias de averiguación previa, remitirá a éste, dentro de los tres días de haberlas concluido, el acta o actas levantadas y todo lo que con ellas se relacione. Si hubiese detenidos, la remisión se hará sin demora y se observará lo previsto en los artículos 193 y 194.

**Artículo 127**.- Cuando se presentare al funcionario o agente que hubiere iniciado una averiguación, un funcionario del Ministerio Público, éste podrá continuar por sí mismo la averiguación, en cuyo caso el primero cerrará el acta en el estado en que se encuentre, y la entregará a dicho funcionario, así como los detenidos y los objetos que se hayan recogido, comunicándole todos los demás datos de que tenga noticia; pero si el Ministerio Público, lo estima conveniente para el éxito de la averiguación, podrá encomendar a quien la haya iniciado, que la continúe bajo su dirección, debiendo el funcionario o agente comisionado acatar sus instrucciones y hacer constar esa intervención en el acta.

**Artículo 127 Bis**.- Toda persona que haya de rendir declaración, en los casos de los artículos 124 y 125, tendrá derecho a hacerlo asistido por un abogado nombrado por él.

El abogado podrá impugnar las preguntas que se hagan al declarante si éstas son inconducentes o contra derecho. Pero no puede producir ni inducir las respuestas de su asistido.

**Artículo 128**.- Cuando el inculpado fuese detenido o se presentare voluntariamente ante el Ministerio Público Federal, se procederá de inmediato en la siguiente forma:

**I.-** Se hará constar por quien haya realizado la detención o ante quien aquél haya comparecido, el día, hora y lugar de la detención o de la comparecencia, así como, en su caso, el nombre y cargo de quien la haya ordenado. Cuando la detención se hubiese practicado por una autoridad no dependiente del Ministerio Público, se asentará o se agregará, en su caso, la información circunstanciada suscrita por quien la haya realizado o haya recibido al detenido;

**II.-** Se le hará saber la imputación que existe en su contra y el nombre del denunciante o querellante;

**III.-** Se le harán saber los derechos que le otorga la Constitución Política de los Estados Unidos Mexicanos y, particularmente en la averiguación previa, de los siguientes:

**a)** No declarar si así lo desea, o en caso contrario, a declarar asistido por su defensor;

**b)** Tener una defensa adecuada por sí, por abogado o por persona de su confianza, o si no quisiere o no pudiere designar defensor, se le designará desde luego un defensor de oficio;

**c)** Que su defensor comparezca en todos los actos de desahogo de pruebas dentro de la averiguación;

**d)** Que se le faciliten todos los datos que solicite para su defensa y que consten en la averiguación, para lo cual se permitirá a él y su defensor consultar en la oficina del Ministerio Público y en presencia del personal, el expediente de la averiguación previa;

**Exhibit 1, Page 29**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**e)** Que se le reciban los testigos y demás pruebas que ofrezca y que se tomarán en cuenta para dictar la resolución que corresponda, concediéndosele el tiempo necesario para ello, siempre que no se traduzca en entorpecimiento de la averiguación y las personas cuyos testimonios ofrezca se encuentren en el lugar donde aquélla se lleva a cabo. Cuando no sea posible el desahogo de pruebas, ofrecidas por el inculpado o su defensor, el juzgador resolverá sobre la admisión y práctica de las mismas; y

**f)** Que se le conceda, inmediatamente que lo solicite, su libertad provisional bajo caución, conforme a lo dispuesto por la fracción I del artículo 20 de la Constitución y en los términos del párrafo segundo del artículo 135 de este Código.

Para efectos de los incisos b) y c) se le permitirá al indiciado comunicarse con las personas que él solicite, utilizando el teléfono o cualquier otro medio de comunicación del que se pueda disponer, o personalmente, si ellas se hallaren presentes.

De la información al inculpado sobre los derechos antes mencionados, se dejará constancia en las actuaciones.

**IV.-** Cuando el detenido perteneciere a un pueblo o comunidad indígena o fuere extranjero, que no hable o no entienda suficientemente el español, se le designará un traductor que le hará saber los derechos a que se refiere la fracción anterior. Tratándose de indígenas, el traductor y el defensor que deberán asistirle, deberán tener además conocimiento de su lengua y cultura. Si se tratare de un extranjero, la detención se comunicará de inmediato a la representación diplomática o consular que corresponda, y

**V.-** En todo caso se mantendrán separados a los hombres y a las mujeres en los lugares de detención o reclusión.

**Artículo 129.**- Cuando se determine la internación de alguna persona a un hospital u otro establecimiento similar, deberá indicarse el carácter con que sea su ingreso, lo que se comunicará a los encargados del establecimiento respectivo, quienes bajo su responsabilidad no autorizarán su salida, a menos de recibir notificación escrita en este sentido de parte de la autoridad que hubiese ordenado la internación; si no se hiciere esa indicación, se entenderá que sólo ingresa para su curación.

**Artículo 130.**- El Ministerio Público expedirá las órdenes para la autopsia e inhumación del cadáver y el levantamiento de las actas de defunción respectivas, cuando apareciere que la muerte fue posiblemente originada por algún delito y las diligencias de policía judicial no estuvieren en estado de consignarse desde luego a los tribunales.

Si de las mismas diligencias apareciere claramente que la muerte no tuvo por origen un delito y, por lo mismo, no procediere ejercitar la acción penal, las órdenes para el levantamiento del acta de defunción y para la inhumación del cadáver, se darán por el Ministerio Público.

**Artículo 131.**- Si de las diligencias practicadas no resultan elementos bastantes para hacer la consignación a los tribunales y no aparece que se puedan practicar otras, pero con posterioridad pudieran allegarse datos para proseguir la averiguación, se reservará el expediente hasta que aparezcan esos datos, y entretanto se ordenará a la policía que haga investigaciones tendientes a lograr el esclarecimiento de los hechos.

**Artículo 132.**- En la práctica de diligencias de averiguación previa se aplicarán en lo conducente las disposiciones del Título Sexto de este código.

**Exhibit 1, Page 30**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**
*Última Reforma DOF 23-01-2009*

**Artículo 133.-** Cuando en vista de la averiguación previa el Agente del Ministerio Público a quien la Ley Reglamentaria del artículo 102 de la Constitución General de la República faculte para hacerlo, determinare que no es de ejercitarse la acción penal por los hechos que se hubieren denunciado como delitos, o por los que se hubiere presentado querella, el denunciante, el querellante o el ofendido, podrán presentar su inconformidad a través de un escrito en el cual expongan los argumentos o elementos de la averiguación previa que considere que el Ministerio Público dejó de atender para ejercitar la acción penal, ante el Procurador General de la República dentro del término de quince días contados a partir de que se les haya hecho saber la determinación mediante notificación personal.

El Procurador General de la República, oyendo el parecer de sus agentes auxiliares y analizando los argumentos del escrito de inconformidad y de las causas del no ejercicio de la acción penal propuesto por el Ministerio Público, decidirá en definitiva si debe o no ejercitarse la acción penal.

La resolución del Procurador General de la República, puede ser motivo de responsabilidad para el caso de que se resuelva sin atender lo prescrito en este precepto.

Las resoluciones del Procurador General de la República, deberán contener:

**I.-** Un resumen de las actuaciones contenidas en la averiguación previa;

**II.-** Las razones que el Ministerio Público, tomó en consideración para la determinación de no ejercicio de la acción penal;

**III.-** Las nuevas consideraciones que se realicen del estudio de la averiguación, así como la respuesta a los planteamientos hechos en el escrito de inconformidad, debidamente fundadas y motivadas, y

**IV.-** Los resolutivos de la nueva determinación.

**Artículo 133 Bis.-** La autoridad judicial podrá, a petición del Ministerio Público, decretar el arraigo domiciliario del indiciado tratándose de delitos graves, siempre que sea necesario para el éxito de la investigación, la protección de personas o bienes jurídicos o cuando exista riesgo fundado de que el inculpado se sustraiga a la acción de la justicia. Corresponderá al Ministerio Público y a sus auxiliares vigilar que el mandato de la autoridad judicial sea debidamente cumplido.

El arraigo domiciliario se prolongará por el tiempo estrictamente indispensable, no debiendo exceder de cuarenta días.

El afectado podrá solicitar que el arraigo quede sin efecto, cuando considere que las causas que le dieron origen han desaparecido. En este supuesto, la autoridad judicial escuchará al Ministerio Público y al afectado, y resolverá si debe o no mantenerse.

**Artículo 133 Ter.-** La autoridad judicial podrá, a petición del Ministerio Público, imponer las medidas cautelares a la persona en contra de quien se prepare el ejercicio de la acción penal, siempre y cuando estas medidas sean necesarias para evitar que el sujeto se sustraiga a la acción de la justicia; la destrucción, alteración u ocultamiento de pruebas, la intimidación, amenaza o influencia a los testigos del hecho a fin de asegurar el éxito de la investigación o para protección de personas o bienes jurídicos.

Corresponderá al Ministerio Público y a sus auxiliares vigilar que el mandato de la autoridad judicial sea debidamente cumplido.

El cumplimiento a la prohibición de abandonar una demarcación geográfica podrá ser vigilado de manera personal o a través de cualquier medio tecnológico.

**Exhibit 1, Page 31**



CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

Última Reforma DOF 23-01-2009

El afectado podrá solicitar que las medidas cautelares queden sin efecto, cuando considere que las causas que le dieron origen han desaparecido. En este supuesto, la autoridad judicial escuchará al Ministerio Público y al afectado, y resolverá si debe o no mantenerse.

# CAPITULO III
## Consignación ante los tribunales

**Artículo 134.**- En cuanto aparezca de la averiguación previa que se han acreditado el cuerpo del delito y la probable responsabilidad del indiciado, en los términos del artículo 168, el Ministerio Público ejercitará la acción penal ante los tribunales y expresará, sin necesidad de acreditarlo plenamente, la forma de realización de la conducta, los elementos subjetivos específicos cuando la descripción típica lo requiera, así como las demás circunstancias que la ley prevea.

No obstante lo dispuesto por la Fracción II del artículo 15 del Código Penal Federal, el Ministerio Público podrá ejercitar la acción penal en los términos del párrafo precedente y, en su caso, las excluyentes del delito que se actualicen por la falta de los elementos subjetivos del tipo, serán analizados por el juzgador después de que se haya dictado el auto de formal prisión o de sujeción a proceso según corresponda, sin perjuicio del derecho del inculpado de acreditar ante el propio Ministerio Público la inexistencia de los mencionados elementos subjetivos del tipo.

Para el libramiento de la orden de aprehensión, los tribunales se ajustarán a lo previsto en el segundo párrafo del artículo 16 constitucional y en el 195 del presente Código.

Si el ejercicio de la acción penal es con detenido, el tribunal que reciba la consignación radicará de inmediato el asunto, y se entenderá que el inculpado queda a disposición del juzgador, para los efectos constitucionales y legales correspondientes, desde el momento en que el Ministerio Público lo interne en el reclusorio o centro de salud correspondiente. El Ministerio Público dejará constancia de que el detenido quedó a disposición de la autoridad judicial y entregará copia de aquélla al encargado del reclusorio o del centro de salud, quien asentará el día y la hora de la recepción.

El juez que reciba la consignación con detenido procederá de inmediato a determinar si la detención fue apegada a la Constitución Política de los Estados Unidos Mexicanos o no; en el primer caso ratificará la detención y en el segundo decretará la libertad con las reservas de ley.

En caso de que la detención de una persona exceda los plazos señalados en el artículo 16 de la Constitución Política citada, se presumirá que estuvo incomunicada, y las declaraciones que haya emitido el indiciado no tendrán validez.

En el pliego de consignación, el Ministerio Público hará expreso señalamiento de los datos reunidos durante la averiguación previa que, a su juicio, puedan ser considerados para los efectos previstos en el artículo 20 fracción I, de la Constitución Política de los Estados Unidos Mexicanos, y en los preceptos de este Código relativos a la libertad provisional bajo caución, tanto en lo referente a la determinación del tipo penal, como por lo que respecta a los elementos que deban tomarse en cuenta para fijar el monto de la garantía.

**Artículo 135.**- Al recibir el Ministerio Público Federal diligencias de averiguación previa, si hubiere detenidos y la detención fuere justificada, hará inmediatamente la consignación a los tribunales, si se cumple lo previsto en el párrafo primero del artículo 134; si tales requisitos no se satisfacen, podrá retenerlos ajustándose a lo previsto en los artículos 193, 194 y 194 bis. Si la detención fuere injustificada, ordenará que los detenidos queden en libertad.

Exhibit 1, Page 32



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**
*Última Reforma DOF 23-01-2009*

El Ministerio Público dispondrá la libertad del inculpado, en los supuestos y cumpliendo con los requisitos establecidos por el artículo 399 para los jueces. El Ministerio Público fijará la caución suficiente para garantizar que el detenido no se sustraerá a la acción de la justicia ni al pago de la reparación del daño. Tratándose de delitos cometidos con motivo del tránsito de vehículos, no se concederá este beneficio al inculpado que hubiese incurrido en el delito de abandono de personas o se encuentre en estado de ebriedad o bajo el influjo de estupefacientes, psicotrópicos o de cualquier otra sustancia que produzca efectos similares. Cuando el delito merezca pena alternativa o no privativa de libertad, se dispondrá la libertad sin necesidad de caución.

Cuando el Ministerio Público deje libre al indiciado, lo prevendrá a fin de que comparezca cuantas veces sea necesario para la práctica de diligencias de averiguación previa, y, concluida ésta, ante el Juez a quien se consigne, quien ordenará su presentación y si no comparece sin causa justa y comprobada, ordenará su aprehensión, mandando hacer efectiva la garantía otorgada.

El Ministerio Público podrá hacer efectiva la garantía si el indiciado desobedeciere, sin causa justificada, las órdenes que dictare.

La garantía se cancelará y en su caso se devolverá por el Ministerio Público, cuando se resuelva el no ejercicio de la acción penal. Consignado el caso, tal garantía se considerará prorrogada tácitamente, hasta en tanto el Juez no decida su modificación o cancelación.

**Artículo 135 Bis**.- Se concederá al inculpado la libertad sin caución alguna, por el Ministerio Público, o por el juez, cuando el término medio aritmético de la pena de prisión no exceda de tres años, siempre que:

**I.-** No exista riesgo fundado de que pueda sustraerse a la acción de la justicia;

**II.-** Tenga domicilio fijo con antelación no menor de un año, en el lugar de la residencia de la autoridad que conozca del caso;

**III.-** Tenga un trabajo lícito; y

**IV.-** Que el inculpado no haya sido condenado por delito intencional.

La presente disposición no será aplicable cuando se trate de los delitos graves señalados en este Código.

## TITULO TERCERO

## CAPITULO UNICO
### Acción penal

**Artículo 136**.- En ejercicio de la acción penal, corresponde al Ministerio Público:

**I.-** Promover la incoación del proceso penal;

**II.-** Solicitar las órdenes de comparecencia para preparatoria y las de aprehensión, que sean procedentes;

**III.-** Pedir el aseguramiento precautorio de bienes para los efectos de la reparación del daño;

**IV.-** Rendir las pruebas de la existencia de los delitos y de la responsabilidad de los inculpados;

**Exhibit 1, Page 33**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**V.-** Pedir la aplicación de las sanciones respectivas; y

**VI.-** En general, hacer todas las promociones que sean conducentes a la tramitación regular de los procesos.

**Artículo 137**.- El Ministerio Público no ejercitará la acción penal:

**I.-** Cuando la conducta o los hechos de que conozca no sean constitutivos de delito, conforme a la descripción típica contenida en la Ley Penal;

**II.-** Cuando se acredite plenamente que el inculpado no tuvo participación en la conducta o en los hechos punibles, y sólo por lo que respecta a aquél;

**III.-** Cuando, aún pudiendo ser delictivos la conducta o los hechos de que trate, resulte imposible la prueba de su existencia por obstáculo material insuperable;

**IV.-** Cuando la responsabilidad penal se halla extinguida legalmente, en los términos del Código Penal; y

**V.-** Cuando de las diligencias practicadas se desprenda plenamente que el inculpado actuó en circunstancias que excluyen la responsabilidad penal.

**Artículo 138**.- El Ministerio Público promoverá el sobreseimiento y la libertad absoluta del inculpado, cuando durante el proceso aparezca que la conducta o los hechos no son constitutivos de delito, conforme a la descripción típica contenida en la ley penal; que el inculpado no tuvo participación en el delito que se persigue; que la pretensión punitiva está legalmente extinguida, o que existe en favor del inculpado una causa excluyente de responsabilidad.

También se sobreseerán los procedimientos concernientes a delitos culposos que sólo produzcan daño en propiedad ajena y/o lesiones de los comprendidos en los artículos 289 y 290 del Código Penal, si se cubre la reparación del daño causado a la víctima u ofendido y el inculpado no haya abandonado a aquéllas ni haya actuado hallándose en estado de ebriedad o bajo el efecto de estupefacientes o psicotrópicos. Lo anterior no se concederá cuando se trate de culpa que se califique de grave conforme a la parte conducente del artículo 60 del Código Penal.

**Artículo 139**.- Las resoluciones que se dicten en los casos a que se refieren los dos artículos anteriores, producirán el efecto de impedir definitivamente el ejercicio de la acción penal respecto de los hechos que las motiven.

**Artículo 140**.- En los casos del artículo anterior, se estará al procedimiento previsto en los artículos 294 y 295 del presente Código.

**Artículo 141.-** La víctima o el ofendido por algún delito tendrán los derechos siguientes:

**A.** En la averiguación previa:

**I.** Recibir asesoría jurídica respecto de sus denuncias o querellas para la defensa de sus intereses;

**II.** Ser informado de los derechos que en su favor establece la Constitución y demás ordenamientos aplicables en la materia;

**Exhibit 1, Page 34**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**III.** Ser informado del desarrollo de la averiguación previa y de las consecuencias legales de sus actuaciones;

**IV.** Ser informado claramente del significado y los alcances jurídicos del perdón en caso de que deseen otorgarlo;

**V.** Ser tratado con la atención y respeto debido a su dignidad humana;

**VI.** Recibir un trato sin discriminación, motivado por origen étnico o nacional, el género, la edad, las discapacidades, la condición social, las condiciones de salud, la religión, las opiniones, las preferencias sexuales, el estado civil o cualquier otra que atente contra la dignidad humana y tenga por objeto anular o menoscabar los derechos y libertades de las personas, por lo que la protección de sus derechos se hará sin distinción alguna;

**VII.** Acceder a la justicia de manera pronta, gratuita e imparcial respecto de sus denuncias o querellas;

**VIII.** Ser asistido en las diligencias que se practiquen por abogado o persona de confianza, sin que ello implique una representación; cuando la víctima sea menor o incapaz y comparezca ante el Ministerio Público además podrá ser acompañado por quien ejerza la patria potestad, tutela o curatela;

**IX.** Recibir copia simple o certificada de sus declaraciones y su denuncia o querella en forma gratuita, cuando lo solicite;

**X.** Ser auxiliados por intérprete o traductor cuando pertenezcan a un grupo étnico o pueblos indígenas, no conozcan o no comprendan bien el idioma castellano, o padezcan alguna discapacidad que les impida oír o hablar;

**XI.** Contar con todas las facilidades para identificar al probable responsable, sin poner en riesgo su integridad física o psicológica;

**XII.** Aportar todas aquellas pruebas que considere tiendan a acreditar el cuerpo del delito de que se trate, la probable responsabilidad del indiciado, la procedencia y la cuantificación por concepto de reparación del daño. Cuando el Ministerio Público estime que no es procedente integrarlas a la averiguación previa, deberá fundar y motivar su negativa;

**XIII.** Solicitar el desahogo de las diligencias que, en su caso, correspondan, salvo que el Ministerio Público considere que no es necesario el desahogo de determinada diligencia, debiendo éste fundar y motivar su negativa;

**XIV.** Recibir atención médica y psicológica cuando la requieran y, en caso de delitos que atenten contra la libertad y el normal desarrollo psicosexual, a recibir esta atención por una persona de su mismo sexo;

**XV.** Solicitar al Ministerio Público la continuación de la averiguación previa y la realización de diligencias de investigación y, de ser denegada esta petición, podrá reclamarla ante el superior jerárquico del servidor público que negó la petición;

**XVI.** Solicitar que el imputado sea separado del domicilio de la víctima como una medida cautelar, cuando se trate de delitos que pongan en peligro la integridad física o mental de mujeres y niños, así como cuando la víctima conviva con el imputado; esta solicitud deberá ser canalizada por el Ministerio Público ante la autoridad judicial fundando y motivando las razones que la justifican;

**Exhibit 1, Page 35**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**XVII.** Solicitar se dicten medidas y providencias suficientes para proteger sus bienes, posesiones o derechos, contra todo acto de intimidación, represalia o daño posible, o cuando existan datos suficientes que demuestren que éstos pudieran ser afectados por los probables responsables del delito o por terceros implicados o relacionados con el inculpado;

**XVIII.** Solicitar el traslado de la autoridad al lugar en donde se encuentre, para ser interrogada o participar en el acto para el cual fue citada, cuando por su edad, precaria condición física o psicológica se presente un obstáculo insuperable para comparecer, y

**XIX.** Impugnar ante Procurador General de la República o el servidor público en quien éste delegue la facultad, las omisiones del Ministerio Público en la investigación de los delitos, así como las resoluciones de reserva, no ejercicio, desistimiento de la acción penal o suspensión del procedimiento.

La víctima u ofendido podrá proporcionar al Ministerio Público, en cualquier momento de la averiguación previa, o al juzgador, directamente o por medio de aquél, todos los datos o elementos de prueba con que cuente, así como solicitar la práctica de diligencias que conduzcan a acreditar el cuerpo del delito y la probable responsabilidad del inculpado, así como la procedencia y monto de la reparación del daño.

La autoridad ministerial, dentro de un plazo de tres días contados a partir de la recepción de dichos elementos de prueba, resolverá sobre su admisión. En caso de que considere que los elementos de prueba aportados por la víctima o el ofendido o las diligencias solicitadas sean ilícitas o inconducentes, deberá fundar y motivar su resolución, notificándola personalmente siempre que haya señalado domicilio para tal efecto.

La víctima u ofendido, podrá presentar su inconformidad ante el Procurador General de la República contra la resolución del Ministerio Público a que se refiere el párrafo anterior, dentro del plazo de cinco días contados a partir de la notificación.

El Procurador General de la República o los servidores públicos en quienes delegue esta facultad, oyendo el parecer de sus agentes auxiliares y los argumentos del promovente, dentro de los cinco días siguientes a la presentación de la inconformidad, dictará la resolución que corresponda, en un plazo no mayor a tres días.

**B.** En el proceso penal:

**I.** Tener acceso al expediente para informarse sobre el estado y avance del procedimiento en cualquier momento del mismo, por lo que hace a las actuaciones relacionadas con su interés jurídico, salvo la información que ponga en riesgo la investigación o la identidad de personas protegidas;

**II.** Ser informado del desarrollo del proceso penal y de las consecuencias legales de sus actuaciones;

**III.** Recibir copia simple o certificada de sus declaraciones de forma gratuita cuando lo solicite;

**IV.** A coadyuvar con el Ministerio Público por sí o a través de su abogado, en las mismas condiciones que el defensor del inculpado;

**V.** Aportar todas aquellas pruebas que considere tiendan a acreditar el cuerpo del delito de que se trate, así como la responsabilidad del inculpado durante el proceso penal;

**VI.** Manifestar lo que a su derecho convenga, en caso de que el Ministerio Público presente conclusiones no acusatorias, así como respecto de cualquier otro acto cuya consecuencia sea el

**Exhibit 1, Page 36**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

*Última Reforma DOF 23-01-2009*

sobreseimiento del proceso o genere la libertad del inculpado durante la instrucción, suspenda o ponga fin al proceso penal antes de que se dicte sentencia;

**VII.** Ser restituido en sus derechos, cuando éstos estén acreditados;

**VIII.** Solicitar y recibir la reparación del daño en los casos procedentes. El Ministerio Público estará obligado a solicitar la reparación del daño y, en su caso, ofrecer las pruebas conducentes ante la autoridad judicial, la cual no podrá absolver al sentenciado de dicha reparación si ha emitido una sentencia condenatoria;

**IX.** Al resguardo de su identidad y otros datos personales en los siguientes casos: cuando sean menores de edad; cuando se trate de delitos de violación, secuestro o delincuencia organizada y, en otros casos, cuando a juicio del juzgador sea necesario para su protección, salvaguardando en todo caso los derechos de la defensa;

**X.** Ser notificado personalmente del desistimiento de la acción penal y de todas las resoluciones apelables, y

**XI.** Los derechos previstos en apartado A, fracciones I, II, IV, V, VI, VIII, X, XI, XII, XVI, XVII y XVIII también serán observados durante el proceso penal. Asimismo, se observará lo dispuesto en la fracción XIX en lo que hace al desistimiento de la acción penal.

**C.** En la ejecución de sanciones, ser notificado por la autoridad competente, cuando lo solicite, del inicio y conclusión del procedimiento para la obtención de tratamientos preliberatorios, la concesión de la remisión parcial de la pena y de la libertad preparatoria, a efecto de que pueda exponer lo que a su derecho e interés convenga y, en su caso, aportar los elementos probatorios con que cuente, antes de que recaiga la resolución correspondiente.

## TITULO CUARTO
### Instrucción

## CAPITULO I
### Reglas generales de la instrucción

**Artículo 142**.- Tratándose de consignaciones sin detenido, el tribunal ante el cual se ejercite la acción penal radicará el asunto dentro del término de dos días, salvo lo previsto en el párrafo tercero, abriendo expediente en el que resolverá lo que legalmente corresponda y practicará sin demora alguna todas las diligencias que promuevan las partes.

El juez ordenará o negará la aprehensión, reaprehensión, comparecencia o cateo solicitados por el Ministerio Público dentro de los diez días contados a partir del día en que se haya acordado la radicación.

Tratándose de los delitos que el artículo 194 señala como graves, la radicación se hará de inmediato y el juez ordenará o negará la aprehensión o cateo solicitados por el Ministerio Público, dentro de las veinticuatro horas contadas a partir del momento en que se haya acordado la radicación.

Si dentro de los plazos antes indicados el juez no dicta auto de radicación o no resuelve sobre los pedimentos de aprehensión, reaprehensión, comparecencia o cateo, el Ministerio Público podrá ocurrir en queja ante el Tribunal Unitario de Circuito que corresponda.

**Exhibit 1, Page 37**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

Si el juez niega la aprehensión, reaprehensión, comparecencia o cateo, por considerar que no están reunidos los requisitos de los artículos 16 de la Constitución Política de los Estados Unidos Mexicanos y 195 de este Código, se regresará el expediente al Ministerio Público para el trámite correspondiente.

**Artículo 143**.- Siempre que un tribunal del orden común inicie diligencias en auxilio de la justicia federal, deberá dar aviso inmediato al federal competente y éste, a su vez, lo hará saber al Agente del Ministerio Público de su adscripción.

**Artículo 144**.- El tribunal, con vista del aviso a que se refiere el artículo anterior, podrá dar a la autoridad que practique las diligencias, las instrucciones que juzgue necesarias; trasladarse al lugar para practicarlas personalmente; o bien pedir su envío desde luego o en su oportunidad, según lo estime conveniente.

De no existir instrucciones expedidas por el tribunal federal, en tratándose de consignaciones con detenidos, el juez del orden común, dará la participación que conforme a esta ley corresponda al Ministerio Público Federal, si en el lugar del juicio hay Agente de esta autoridad, tomará la declaración preparatoria al inculpado, proveerá lo que legalmente proceda, resolverá lo conducente respecto a la libertad caucional y la situación jurídica de acuerdo a los artículos 161, 162 y 167 de este Código. Cumplidas estas diligencias, el juez del orden común remitirá de inmediato, por conducto del Ministerio Público Federal, el expediente y el detenido al tribunal federal competente, a efecto de que éste continúe el proceso.

**Artículo 145**.- Las diligencias de policía judicial y las practicadas por los tribunales del orden común que pasen al conocimiento de los federales, no se repetirán por éstos para que tengan validez, sin perjuicio de lo dispuesto en el artículo 440.

La nulidad y los recursos planteados contra las resoluciones de los tribunales comunes a que se refiere este artículo, cuando actúen en los términos de la fracción VI del artículo 1o. de la Ley Orgánica del Poder Judicial de la Federación, serán resueltos conforme a lo establecido en este Código, por el tribunal federal que corresponda.

**Artículo 146**.- Durante la instrucción, el tribunal que conozca del proceso deberá tomar en cuenta las circunstancias peculiares del inculpado, allegándose datos para conocer su edad, educación e ilustración; sus costumbres y conductas anteriores; los motivos que lo impulsaron a delinquir; sus condiciones económicas y las especiales en que se encontraba en el momento de la comisión del delito; la pertenencia del inculpado, en su caso, a un grupo étnico indígena y las prácticas y características que como miembro de dicho grupo pueda tener; los demás antecedentes personales que puedan comprobarse; así como sus vínculos de parentesco, amistad o nacidos de otras relaciones sociales, la calidad de las personas ofendidas y las circunstancias de tiempo, lugar, modo y ocasión, que en su conjunto demuestren la gravedad del ilícito y el grado de culpabilidad del agente.

El tribunal deberá tomar conocimiento directo del sujeto, de la víctima y de las circunstancias del hecho en la medida requerida para cada caso, teniendo amplias facultades para allegarse los datos a que se refiere este artículo, pudiendo obrar para ese objeto.

La misma obligación señalada en los párrafos precedentes tiene el Ministerio Público durante la averiguación previa y en el curso de la instrucción, para el efecto de hacer, fundadamente, los señalamientos y peticiones que correspondan al ejercitar la acción penal o al formular conclusiones.

**Artículo 147.-** La instrucción deberá terminarse en el menor tiempo posible. Cuando exista auto de formal prisión y el delito tenga señalada una pena máxima que exceda de dos años de prisión, se terminará dentro de diez meses; si la pena máxima es de dos años de prisión o menor, o se hubiere dictado auto de sujeción a proceso, la instrucción deberá terminarse dentro de tres meses.

**Exhibit 1, Page 38**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

Los plazos a que se refiere este artículo se contarán a partir de la fecha del auto de formal prisión o del de sujeción a proceso, en su caso. Dentro del mes anterior a que concluya cualquiera de los plazos antes señalados, el juez dictará auto que señale esta circunstancia, así como la relación de pruebas, diligencias y recursos que aparezcan pendientes de desahogo. En el mismo auto, el juez ordenará se gire oficio al tribunal unitario que corresponda, solicitándole resuelva los recursos antes de que se cierre la instrucción, y dará vista a las partes para que, dentro de los diez días siguientes, manifiesten lo que a su derecho convenga, indicándoles que de no hacerlo resolverá como lo ordena el artículo 150 de este Código.

Cuando el juez omita dictar el auto al que se refiere el párrafo anterior, cualquiera de las partes podrá recurrir en la forma prevista por este Código para la queja.

**Artículo 148**.- El perdón que otorgue el querellante surtirá sus efectos en los términos que previene el Código Penal.

**Artículo 149**.- El Ministerio Público, el ofendido o sus legítimos representantes solicitarán al juez, y éste dispondrá, con audiencia del inculpado, salvo que éste se haya sustraído a la acción de la justicia, el embargo precautorio de los bienes en que pueda hacerse efectiva la reparación de daños y perjuicios. Tomando en cuenta la probable cuantía de éstos, según los datos que arrojen las constancias procesales, se negará el embargo o se levantará el efectuado, cuando el inculpado u otra persona en su nombre otorguen caución bastante, a juicio del órgano jurisdiccional, para asegurar la satisfacción de la responsabilidad de los daños y perjuicios causados.

Para los efectos de este artículo, se resolverá y diligenciará el embargo, notificando de inmediato al inculpado sobre la medida precautoria dictada, para desahogar la audiencia prevista en el párrafo anterior.

Se entiende que el inculpado se encuentra sustraído a la acción de la justicia a partir del momento en que se dicta en su contra orden de aprehensión, reaprehensión o comparecencia, y hasta en tanto se ejecuta ésta.

**Artículo 150**.- Transcurridos los plazos que señala el artículo 147 de este Código o cuando el tribunal considere agotada la instrucción lo determinará así mediante resolución que se notificará personalmente a las partes, y mandará poner el proceso a la vista de éstas por diez días comunes, para que promuevan las pruebas que estimen pertinentes y que puedan practicarse dentro de los quince días siguientes al en que se notifique el auto que recaiga a la solicitud de la prueba. Según las circunstancias que aprecie el juez en la instancia podrá de oficio ordenar el desahogo de las pruebas que a su juicio considere necesarias para mejor proveer o bien ampliar el plazo de desahogo de pruebas hasta por diez días más. Al día siguiente de haber transcurrido los plazos establecidos en este artículo, el tribunal, de oficio y previa la certificación que haga el secretario, dictará auto en el que se determinen los cómputos de dichos plazos.

Se declarará cerrada la instrucción cuando, habiéndose resuelto que tal procedimiento quedó agotado, conforme a lo previsto en el párrafo anterior, hubiesen transcurrido los plazos que se citan en este artículo o las partes hubieran renunciado a ellos.

**Artículo 151**.- Cuando en un asunto penal sea necesario comprobar un derecho civil, se hará esto por cualquier medio de prueba en el curso de la instrucción. La resolución dictada en el procedimiento penal no servirá de base para el ejercicio de las acciones civiles que del derecho expresado puedan originarse.

**Artículo 152**.- El proceso se tramitará en forma sumaria en los siguientes casos:

**Exhibit 1, Page 39**



CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**a)** En los casos de delitos cuya pena no exceda de dos años de prisión, sea o no alternativa, o la aplicable no sea privativa de libertad, al dictar el auto de formal prisión o de sujeción a proceso, de oficio resolverá la apertura del procedimiento sumario, en el cual se procurará cerrar la instrucción dentro de quince días. Una vez que el tribunal la declare cerrada, citará a la audiencia a que se refiere el artículo 307;

**b)** Cuando la pena exceda de dos años de prisión sea o no alternativa, al dictar el auto de formal prisión o de sujeción a proceso, el juez de oficio resolverá la apertura del procedimiento sumario en el cual se procurará cerrar la instrucción dentro del plazo de treinta días, cuando se esté en cualquiera de los siguientes casos:

**I.-** Que se trate de delito flagrante;

**II.-** Que exista confesión rendida precisamente ante la autoridad judicial o ratificación ante ésta de la rendida ante el Ministerio Público; o

**III.-** Que no exceda de cinco años el término medio aritmético de la pena de prisión aplicable, o que excediendo sea alternativa.

Una vez que el juzgador acuerde cerrar la instrucción, citará para la audiencia a que se refiere el artículo 307, la que deberá celebrarse dentro de los diez días siguientes;

**c)** En cualquier caso en que se haya dictado auto de formal prisión o de sujeción a proceso y las partes manifiesten al notificarse de ese auto o dentro de los tres días siguientes a la notificación, que se conforman con él y que no tienen más pruebas que ofrecer salvo las conducentes sólo a la individualización de la pena o medida de seguridad y el juez no estime necesario practicar otras diligencias, citará a la audiencia a que se refiere el artículo 307.

El inculpado podrá optar por el procedimiento ordinario dentro de los tres días siguientes al que se le notifique la instauración del juicio sumario.

**Artículo 152 Bis**.- (Se deroga).

## CAPITULO II
## Declaración preparatoria del inculpado y nombramiento de defensor

**Artículo 153**.- La declaración preparatoria se recibirá en local al que tenga acceso el público, sin que puedan estar presentes los testigos que deban ser examinados con relación a los hechos que se averigüen.

**Artículo 154**.- La declaración preparatoria comenzará por las generales del inculpado, en las que se incluirán también los apodos que tuviere, el grupo étnico indígena al que pertenezca, en su caso, y si habla y entiende suficientemente el idioma castellano y sus demás circunstancias personales. Acto seguido se le hará saber el derecho que tiene para defenderse por sí o por persona de su confianza, advirtiéndole que si no lo hiciere, el juez le nombrará un defensor de oficio.

Si el inculpado pertenece a un pueblo o comunidad indígenas, se le hará saber el derecho que tiene de ser asistido por un intérprete y por un defensor que tengan conocimiento de su lengua y cultura, en términos del artículo 2o. de la Constitución Política de los Estados Unidos Mexicanos.

Si el inculpado no hubiere solicitado su libertad provisional bajo caución, se le hará nuevamente conocedor de ese derecho en los términos del artículo 20 fracción I de la Constitución Política de los Estados Unidos Mexicanos y del artículo 399 de este Código.

**Exhibit 1, Page 40**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**
*Última Reforma DOF 23-01-2009*

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

A continuación se le hará saber en qué consiste la denuncia o querella así como los nombres de sus acusadores y de los testigos que declaren en su contra, se le preguntará si es su voluntad declarar y en caso de que así lo desee se le examinará sobre los hechos consignados. Si el inculpado decidiere no declarar, el juez respetará su voluntad dejando constancia de ello en el expediente.

Igualmente se le harán saber todas las siguientes garantías que le otorga el artículo 20 de la Constitución Política de los Estados Unidos Mexicanos; que se le recibirán todos los testigos y las pruebas que ofrezca, en los términos legales, ayudándole para obtener la comparecencia de las personas que solicite, siempre y cuando estén domiciliadas en el lugar del juicio; así como que será sentenciado antes de cuatro meses, si se tratare de delitos cuya pena máxima no exceda de dos años de prisión, o antes de un año si la pena máxima excediere de ese tiempo; y que le serán facilitados todos los datos que solicite para su defensa y que consten en el proceso.

Acto seguido el juez le interrogará sobre su participación en los hechos imputados, y practicará careos entre el inculpado y los testigos que hayan declarado en su contra y estuvieren en el lugar del juicio, para que aquél y su defensor puedan hacerles todas las preguntas conducentes a su defensa, mismo derecho que también corresponde al Ministerio Público.

**Artículo 155.**- La declaración preparatoria se rendirá en forma oral o escrita, por el inculpado, quien podrá se asesorado por su defensor. El inculpado podrá dictar sus declaraciones, pero si no lo hiciere, el juzgador que practique la diligencia las redactará con la mayor exactitud posible. Si fueran varios los inculpados por los mismos hechos, se les tomará declaración por separado, en una sola audiencia. Cuando haya diversos inculpados que deban rendir declaración, el juez adoptará las medidas precautorias previstas en el artículo 257.

**Artículo 156.**- Tanto la defensa como el Agente del Ministerio Público, quien deberá estar presente en la diligencia, podrán interrogar al inculpado. Las preguntas que se hagan a éste deberán referirse a hechos propios, se formularán en términos precisos y cada una abarcará un solo hecho, salvo cuando se trate de hechos complejos en que por la íntima relación que exista entre ellos, no pueda afirmarse o negarse uno sin afirmar o negar el otro. El juez podrá disponer que los interrogatorios se hagan por su conducto cuando lo estime necesario, y desechará las preguntas que a su juicio sean capciosas o inconducentes, pero la pregunta y la resolución judicial que la deseche se asentarán en el expediente, cuando así lo solicite quien la hubiese formulado. Esta resolución sólo será revocable.

**Artículo 157.**- En los casos a que se refiere el segundo párrafo del artículo 135, y en todos aquellos en que el delito no dé lugar a detención, a pedimento del Ministerio Público se librará orden de comparecencia en contra del inculpado para que rinda su declaración preparatoria, siempre que existan datos que acrediten el cuerpo del delito y la probable responsabilidad del inculpado.

**Artículo 158.**- Si contra una orden de aprehensión no ejecutada o de comparecencia para preparatoria, se concede la suspensión definitiva por haber pedido amparo el inculpado, el tribunal que libró dicha orden procederá desde luego a solicitar del que concedió la suspensión que lo haga comparecer a su presencia dentro de tres días, para que rinda su declaración preparatoria y para los demás efectos del procedimiento.

**Artículo 159.**- La designación de defensor de oficio en los lugares donde no resida tribunal federal y en que, por tanto, los jueces locales tengan que auxiliar a éste, se hará entre los defensores de oficio del orden común.

Lo mismo se hará cuando no hubiere defensor de oficio federal en el lugar en que resida el tribunal federal que conozca del asunto.

**Exhibit 1, Page 41**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

Cuando el inculpado pertenezca a un pueblo o comunidad indígena, la designación del defensor de oficio recaerá sobre aquel que tenga conocimiento de su lengua y cultura.

**Artículo 160**.- No pueden ser defensores los que se hallen presos ni los que estén procesados. Tampoco podrán serlo los que hayan sido condenados por alguno de los delitos señalados en el Capítulo II, Título Décimo segundo del Libro II del Código Penal, ni los ausentes que, por el lugar en que encuentren, no puedan acudir ante el tribunal dentro de las veinticuatro horas en que debe hacerse saber su nombramiento a todo defensor.

Fuera de los casos excluidos en el párrafo anterior, el inculpado puede designar a personas de su confianza para que lo defiendan, pero en caso de que la designación no recaiga sobre quien tenga cédula profesional de licenciado en Derecho o autorización de pasante, conforme a la Ley que reglamente el ejercicio de las profesiones, el tribunal dispondrá que intervenga, además del designado, un defensor de oficio que oriente a aquél y directamente al propio inculpado en todo lo que concierne a su adecuada defensa.

Si el inculpado designare a varios defensores, éstos deberán nombrar en el mismo acto a un representante común, y si no lo hicieren, en su lugar lo determinará el juez.

# CAPITULO III
## Autos de formal prisión, de sujeción a proceso y de libertad por falta de elementos para procesar

**Artículo 161**.- Dentro de las setenta y dos horas siguientes al momento en que el inculpado quede a disposición del juez, se dictará el auto de formal prisión cuando de lo actuado aparezcan acreditados los siguientes requisitos:

**I.-** Que se haya tomado declaración preparatoria del inculpado, en la forma y con los requisitos que establece el capítulo anterior, o bien que conste en el expediente que aquél se rehusó a declarar;

**II.-** Que esté comprobado el cuerpo del delito que tenga señalado sanción privativa de libertad;

**III.-** Que en relación a la fracción anterior esté demostrada la probable responsabilidad del inculpado; y

**IV.-** Que no esté plenamente comprobada a favor del inculpado alguna circunstancia eximente de responsabilidad, o que extinga la acción penal.

El plazo a que se refiere el párrafo primero de este artículo, podrá prorrogarse por única vez, hasta por setenta y dos horas, cuando lo solicite el indiciado, por si o por su defensor, al rendir su declaración preparatoria, o dentro de las tres horas siguientes, siempre que dicha prórroga sea con la finalidad de aportar y desahogar pruebas para que el juez resuelva su situación jurídica.

El Ministerio Público no podrá solicitar dicha prórroga ni el juez resolverá de oficio; el Ministerio Público en ese plazo puede, sólo en relación con las pruebas o alegatos que propusiere el indiciado o su defensor, hacer las promociones correspondientes al interés social que representa.

La prórroga del plazo se deberá notificar a la autoridad responsable del establecimiento en donde, en su caso, se encuentre internado el indiciado, para los efectos a que se refiere el segundo párrafo del artículo 19 constitucional.

Adicionalmente, el auto de formal prisión deberá expresar el delito que se le impute al indiciado, así como el lugar, tiempo y circunstancias de ejecución.

**Exhibit 1, Page 42**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**Artículo 162.-** Cuando el delito cuya existencia se haya comprobado no merezca pena privativa de libertad, o esté sancionado con pena alternativa, se dictará auto con todos los requisitos del de formal prisión, sujetando a proceso a la persona contra quien aparezcan datos suficientes para presumir su responsabilidad, para el sólo efecto de señalar el delito por el cual se ha de seguir el proceso.

**Artículo 163.-** Los autos a que se refieren los dos artículos anteriores se dictarán por el delito que realmente aparezca comprobado, tomando en cuenta sólo los hechos materia de la consignación, y considerando la descripción típica legal y la presunta responsabilidad correspondientes, aun cuando con ello se modifique la clasificación hecha en promociones o resoluciones anteriores. Dichos autos serán inmediatamente notificados, en forma personal, a las partes.

**Artículo 164.-** El auto de formal prisión se notificará a la autoridad responsable del establecimiento donde se encuentre detenido el inculpado. Si este funcionario no recibe copia autorizada de la mencionada resolución dentro de los plazos que señala el artículo 161, en su caso, a partir del acto en que se puso al inculpado a disposición de su juez, dará a conocer por escrito esta situación al citado juez y al Ministerio Público en el momento mismo de concluir el plazo, y si no obstante esto no recibe la copia autorizada del auto de formal prisión dentro de las tres horas siguientes, pondrá en libertad al inculpado. De todo ello se dejará constancia en el expediente del proceso.

**Artículo 165.-** Dictado el auto de formal prisión o el de sujeción a proceso se identificará al procesado por el sistema adoptado administrativamente. En todo caso se comunicarán a las oficinas de identificación las resoluciones que pongan fin al proceso y que hayan causado ejecutoria, para se que hagan las anotaciones correspondientes.

Las constancias de antecedentes penales y los documentos o fichas en que conste la identificación de individuos indiciados o inculpados con motivo de cualquier averiguación o proceso penal, sólo se proporcionarán por las oficinas respectivas cuando lo requiera una autoridad competente, fundando y motivando su requerimiento, o cuando se solicite por ser necesarias para ejercitar un derecho o cumplir un deber legalmente previstos.

**Artículo 165 Bis.-** Se procederá a la cancelación del documento de identificación administrativa que establece el artículo 165 de la presente Ley, en los siguientes supuestos:

**a)** Cuando el proceso penal haya concluido con una sentencia absolutoria que haya causado estado;

**b)** En el caso de que el sobreseimiento recayera sobre la totalidad de los delitos a que se refiere la causa, y

**c)** En el caso de reconocimiento de inocencia, contemplado en el artículo 96 del Código Penal Federal.

**Artículo 165 Ter.-** En los supuestos previstos en el artículo 165 Bis, el Juzgador, de oficio y sin mayor trámite, ordenará la cancelación del documento de identificación administrativa. De lo anterior dejará constancia en el expediente.

**Artículo 166.-** El auto de formal prisión no revoca la libertad provisional concedida, excepto cuando así se determine expresamente en el propio auto.

**Artículo 167.-** Si dentro del término legal no se reúnen los requisitos necesarios para dictar el auto de formal prisión o el de sujeción a proceso, se dictará auto de libertad por falta de elementos para procesar, o de no sujeción a proceso, según corresponda, sin perjuicio de que por medios posteriores de prueba se

**Exhibit 1, Page 43**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**
*Última Reforma DOF 23-01-2009*

actúe nuevamente en contra del inculpado; en estos casos no procederá el sobreseimiento hasta en tanto prescriba la acción penal del delito o delitos de que se trate.

También en estos casos, el Ministerio Público podrá promover prueba, en ejercicio de las atribuciones que le confiere el segundo párrafo del artículo 4o., hasta reunir los requisitos necesarios, con base en los cuales, en su caso, solicitará nuevamente al juez dicte orden de aprehensión, en los términos del artículo 195, o de comparecencia, según corresponda.

## TITULO QUINTO
### Disposiciones Comunes a la Averiguación Previa y a la Instrucción

## CAPITULO I
### Comprobación del cuerpo del delito y de la probable responsabilidad del inculpado

**Artículo 168**.- El Ministerio Público acreditará el cuerpo del delito de que se trate y la probable responsabilidad del indiciado, como base del ejercicio de la acción penal; y la autoridad judicial, a su vez, examinará si ambos requisitos están acreditados en autos.

Por cuerpo del delito se entiende el conjunto de los elementos objetivos o externos que constituyen la materialidad del hecho que la ley señale como delito, así como los normativos, en el caso de que la descripción típica lo requiera.

La probable responsabilidad del indiciado se tendrá por acreditada cuando, de los medios probatorios existentes, se deduzca su participación en el delito, la comisión dolosa o culposa del mismo y no exista acreditada a favor del indiciado alguna causa de licitud o alguna excluyente de culpabilidad.

El cuerpo del delito de que se trate y la probable responsabilidad se acreditarán por cualquier medio probatorio que señale la ley.

**Artículo 168 Bis.-** El Ministerio Público con el fin de allegarse de elementos probatorios para la investigación podrá solicitar la aportación voluntaria de muestras de fluido corporal, vello o cabello. En el caso de que el imputado acceda a proporcionar dichas muestras, el Ministerio Público procederá, en coordinación con los servicios periciales, a realizar las diligencias necesarias para su obtención, levantándose al concluirlas una acta circunstanciada en presencia de dos testigos.

Dichas muestras deberán ser obtenidas por personal especializado y del mismo sexo, y con estricto apego al respeto a la dignidad humana.

Las muestras obtenidas en términos del párrafo anterior, serán analizadas y dictaminadas por los peritos en la materia.

**Artículo 168 Ter.-** En el supuesto de que la persona requerida se niegue a proporcionar la muestra, el Ministerio Público podrá acudir ante el órgano jurisdiccional para solicitar la autorización de la práctica de dicha diligencia, justificando la necesidad de la medida y expresando la persona o personas en quienes haya de practicarse, el tipo y extensión de muestra a obtener, a lo que únicamente se limitará la diligencia. De concederse la autorización requerida, el juez deberá facultar al Ministerio Público para que lleve a cabo la localización y presentación de la persona a efecto de que tenga verificativo la diligencia correspondiente.

**Artículo 168 Quater.-** El juez resolverá la petición a que se refiere el artículo anterior del Ministerio Público, en forma inmediata, en un plazo que no exceda de 24 horas. En el caso de que el órgano jurisdiccional no resuelva en el plazo previsto para ello, el Ministerio Público podrá interponer el recurso a

**Exhibit 1, Page 44**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNION
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

que se refiere el artículo 398 Bis. La resolución que niegue la solicitud del Ministerio Público podrá ser recurrida en apelación.

**Artículo 169**.- Cuando se trate de lesiones externas éstas serán objeto de inspección con asistencia de peritos médicos, describiéndolas pormenorizadamente y se recabará dictamen de aquellos peritos, que las describa y las clasifique en orden a su naturaleza, gravedad, consecuencias y cualquier otra circunstancia atendible para ese fin.

**Artículo 170**.- En el caso de lesiones internas, envenenamiento u otra enfermedad proveniente del delito, además de cualesquiera de otras diligencias que resulten procedentes, se practicará inspección haciéndose constar las manifestaciones exteriores que presentare la víctima y se recabará el dictamen pericial en que se expresarán los síntomas que presente, si existen esas lesiones y si han sido producidas por una causa externa. En caso de no existir manifestaciones exteriores, se hará constar esta circunstancia, agregándose el dictamen pericial.

**Artículo 171**.- Si se tratare de homicidio, además de otras diligencias que sean procedentes, se practicará la inspección del cadáver, describiéndosele minuciosamente y se recabará el dictamen de los peritos médicos, quienes practicarán la autopsia y expresarán con minuciosidad el estado que guarde el cadáver y las causas que originaron la muerte. Si hubiere sido sepultado, se procederá a exhumarlo.

Solamente podrá dejarse de practicar la autopsia cuando tanto Ministerio Público, o el tribunal en su caso, estimen que no es necesaria.

**Artículo 172**.- Cuando el cadáver no se encuentre, o por otro motivo no se haga la autopsia, bastará que los peritos, en vista de los datos que obren en el expediente declaren que la muerte fue resultado de las lesiones inferidas.

**Artículo 173**.- En los casos de aborto o de infanticidio, además de las diligencias mencionadas en los artículos 171 y 172, así como de cualesquiera otras que resulten pertinentes, en el primero, también reconocerán los peritos médicos a la madre, describirán las lesiones que presente y dictaminarán sobre la causa del aborto. En uno y otro caso expresarán la edad de la víctima, si nació viable y todo aquello que pueda servir para fijar la naturaleza del delito.

**Artículo 174**.- (Se deroga).

**Artículo 175**.- (Se deroga).

**Artículo 176**.- Tratándose del delito a que se refiere la fracción II del artículo 368 del Código Penal, cuando, sin previo contrato con una empresa de energía eléctrica, de gas, o de cualquier fluido, se encuentre conectada a una instalación particular a las tuberías o líneas de la empresa respectiva, o a cualquier tubería o líneas particulares conectadas a las tuberías o líneas de dicha empresa, en la inspección que se practique, con asistencia de peritos en la materia, se harán constar estas circunstancias y se recabará el dictamen pericial que las describa y además precise la naturaleza del fluido de que se trate y cuantifique, en lo posible, la cantidad de fluido que haya sido consumido mediante la conexión de que se trate.

**Artículo 177**.- Para la comprobación de los delitos relacionados con la industria petrolera nacional y con el servicio público de energía eléctrica previstos en los artículos 185, 253 fracción I inciso i); 254 fracciones VII y VIII, 254 ter, 368 fracciones II y III del Código Penal Federal, se presumirá la propiedad federal, salvo prueba en contrario.

Para el acreditamiento de la propiedad federal, no se exigirá la presentación de factura o escritura pública o la inscripción en el registro público.

**Exhibit 1, Page 45**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**Artículo 178**.- (Se deroga).

**Artículo 179**.- Cuando tratándose de delito de ataques a las vías de comunicación, no fuere posible practicar inspección porque para evitar perjuicios al servicio público haya sido necesario repararlas inmediatamente, se practicará inspección de las huellas u otros signos que constituyan posibles indicios de la existencia del hecho incriminado y de la antigüedad y extensión de la reparación, además de recabarse facturas u otros documentos relativos a ella y cualesquiera otras pruebas a las que se pueda tener acceso.

**Artículo 180**.- Para la comprobación del cuerpo del delito y de la probable responsabilidad el indiciado, el Ministerio Público y los tribunales gozarán de la acción más amplia para emplear los medios de investigación que estimen conducentes según su criterio, aunque no sean de los que menciona la ley, siempre que estos medios no sean contrarios a derecho.

Los requerimientos que formule el Procurador General de la República o el servidor público en quien se delegue esta facultad, o la autoridad judicial en su caso, de información o documentos relativos al sistema financiero, se harán por conducto de la Comisión Nacional Bancaria y de Valores, de la Comisión Nacional de Seguros y Fianzas, así como de la Comisión Nacional del Sistema de Ahorro para el Retiro y del Servicio de Administración Tributaria, en sus respectivas competencias. Los requerimientos de información o documentos de naturaleza fiscal se harán por conducto de la unidad de la Secretaría de Hacienda y Crédito Público que determine el titular de dicha Secretaría.

La información y documentos así obtenidos sólo podrán ser utilizados en la investigación y para efectos del proceso penal, debiéndose guardar la más estricta confidencialidad. Al servidor público que quebrante la reserva de las actuaciones o proporcione copia de ellas o de los documentos que obran en la averiguación, se le sujetará al procedimiento de responsabilidad administrativa y penal, según corresponda.

## CAPITULO II
### Huellas del delito.- Aseguramiento de los Instrumentos y objetos del mismo

**Artículo 181**.- Los instrumentos, objetos o productos del delito, así como los bienes en que existan huellas o pudieran tener relación con éste, serán asegurados a fin de que no se alteren, destruyan o desaparezcan. El Ministerio Público, las policías y los peritos, durante la investigación y en cualquier etapa del proceso penal, deberán seguir las reglas referidas en los artículos 123 Bis a 123 Quintus. La administración de los bienes asegurados se realizará de conformidad con la ley de la materia.

Las autoridades que actúen en auxilio del Ministerio Público pondrán inmediatamente a disposición de éste los bienes a que se refiere el párrafo anterior. El Ministerio Público, al momento de recibir los bienes, resolverá sobre su aseguramiento y sobre la continuidad o no del procedimiento al que se refieren los artículos 123 Bis a 123 Quintus de este Código, bajo su más estricta responsabilidad y conforme a las disposiciones aplicables.

Cuando se trate de plantíos de mariguana, papaver somniferum o adormidera, u otros estupefacientes, el Ministerio Público, la Policía Judicial o las autoridades que actúen en su auxilio, procederán a la destrucción de aquéllos, levantando un acta en la que se haga constar: el área del cultivo, cantidad o volumen del estupefaciente, debiéndose recabar muestras del mismo para que obren en la averiguación previa que al efecto se inicie.

Cuando se aseguren estupefacientes o psicotrópicos, el Ministerio Público acordará y vigilará su destrucción, si esta medida es procedente, previa la inspección de las sustancias, en la que se determinará la naturaleza, el peso y las demás características de éstas. Se conservará una muestra

**Exhibit 1, Page 46**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

representativa suficiente para la elaboración de los dictámenes periciales que hayan de producirse en la averiguación previa o en el proceso, según el caso.

**Artículo 182.-** Al realizar el aseguramiento, los Agentes del Ministerio Público con el auxilio de la Agencia Federal de Investigaciones, o bien, los actuarios y demás funcionarios que designe la autoridad judicial para practicar la diligencia, según corresponda, deberán:

**I.-** Levantar acta que incluya inventario con la descripción y el estado en que se encuentren los bienes que se aseguren;

**II.-** Identificar los bienes asegurados con sellos, marcas, cuños, fierros, señales u otros medios adecuados;

**III.-** Proveer las medidas conducentes e inmediatas para evitar que los bienes asegurados se destruyan, alteren o desaparezcan;

**IV.-** Solicitar que se haga constar el aseguramiento en los registros públicos que correspondan de acuerdo con lo dispuesto por el artículo 182-D de este Código, y

**V.-** Una vez que hayan sido satisfechos los requisitos anteriores, poner los bienes a disposición de la autoridad competente para su administración, dentro de las setenta y dos horas siguientes, en la fecha y los lugares que previamente se acuerden con dicha autoridad, de conformidad con las disposiciones aplicables.

La autoridad que inicie el acto de aseguramiento está obligada a concluirlo en los términos previstos por este Capítulo.

Los bienes asegurados durante la averiguación previa o el proceso penal, que puedan ser objeto de prueba, serán administrados por el Servicio de Administración y Enajenación de Bienes, de conformidad con la legislación aplicable y de acuerdo con las reglas establecidas en los artículos 123 Bis a 123 Quintus de este Código y las demás disposiciones que resulten aplicables, en su caso.

**Artículo 182-A.-** La autoridad judicial o el Ministerio Público que decreten el aseguramiento deberán notificar al interesado o a su representante legal dentro de los sesenta días naturales siguientes a su ejecución, entregando o poniendo a su disposición, según sea el caso, una copia certificada del acta a que se refiere la fracción I del artículo anterior, para que manifieste lo que a su derecho convenga.

En dicha notificación se apercibirá al interesado o a su representante legal para que no enajene o grave los bienes asegurados.

En la notificación deberá apercibirse al interesado o a su representante legal, que de no manifestar lo que a su derecho convenga, en un término de noventa días naturales siguientes al de la notificación, los bienes causarán abandono a favor del Gobierno Federal.

**Artículo 182-B.-** Las notificaciones a que se refiere este Capítulo se practicarán como sigue:

**I.-** Personalmente, con el interesado o su representante legal, de conformidad con las reglas siguientes:

**a)** La notificación se practicará en el domicilio del interesado. En caso de que el interesado se encuentre privado de su libertad, la notificación personal se hará en el lugar donde se encuentre detenido;

**Exhibit 1, Page 47**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

*Última Reforma DOF 23-01-2009*

**b)** El notificador deberá cerciorarse del domicilio, entregar copia de la resolución que se notifique y recabar nombre y firma de la persona con quien se entienda la diligencia, asentando los datos del documento oficial con el que se identifique. Asimismo, se deberán asentar en el acta de notificación, los datos de identificación del servidor público que la practique;

**c)** De no encontrarse la persona en la primera notificación, se le dejará citatorio en el domicilio designado para que espere al notificador al día hábil siguiente, en la hora determinada en el citatorio, y de no encontrarse la persona o de negarse a recibir la notificación, se fijará instructivo en un lugar visible del domicilio, señalando el notificador tal circunstancia en el acta de notificación, y

**d)** En todos los casos deberá levantarse acta circunstanciada de la diligencia que se practique.

**II.-** Por edictos, cuando se desconozca la identidad o domicilio del interesado, en cuyo caso se publicará por una sola ocasión en el **Diario Oficial de la Federación** y en un periódico de circulación nacional. Los edictos deberán contener un resumen de la resolución por notificar.

Las notificaciones personales surtirán efectos el día en que hubieren sido practicadas y las efectuadas por edictos el día de su publicación.

El interesado deberá señalar domicilio para oír y recibir notificaciones.

Los plazos establecidos en este Capítulo empezarán a correr el día siguiente a aquél en que haya surtido efectos la notificación respectiva.

**Artículo 182-C.-** Cuando los bienes que se aseguren hayan sido previamente embargados, intervenidos, secuestrados o asegurados, se notificará el nuevo aseguramiento a las autoridades que hayan ordenado dichos actos. Los bienes continuarán en custodia de quien se haya designado para ese fin, y a disposición de la autoridad judicial o del Ministerio Público para los efectos del procedimiento penal.

De levantarse el embargo, intervención, secuestro o aseguramiento previos, quien los tenga bajo su custodia, los entregará a la autoridad competente para efectos de su administración.

Los bienes asegurados no podrán ser enajenados o gravados por sus propietarios, depositarios, interventores o administradores, durante el tiempo que dure el aseguramiento en el procedimiento penal, salvo los casos expresamente señalados por las disposiciones aplicables.

El aseguramiento no implica modificación alguna a los gravámenes existentes con anterioridad sobre los bienes.

**Artículo 182-D.-** Se hará constar en los registros públicos que correspondan, de conformidad con las disposiciones aplicables:

**I.-** El aseguramiento de bienes inmuebles, derechos reales, aeronaves, embarcaciones, empresas, negociaciones, establecimientos, acciones, partes sociales, títulos bursátiles y cualquier otro bien o derecho susceptible de registro o constancia, y

**II.-** El nombramiento del depositario, interventor o administrador, de los bienes a que se refiere la fracción anterior.

El registro o su cancelación se realizarán sin más requisito que el oficio de la autoridad judicial o del Ministerio Público.

**Exhibit 1, Page 48**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**Artículo 182-E.-** A los frutos o rendimientos de los bienes durante el tiempo del aseguramiento, se les dará el mismo tratamiento que a los bienes asegurados que los generen.

**Artículo 182-F.-** El aseguramiento de bienes no implica que éstos entren al erario público federal.

**Artículo 182-G.-** La moneda nacional o extranjera que se asegure, embargue o decomise, será administrada por el Servicio de Administración y Enajenación de Bienes, quien deberá depositarla en la Tesorería de la Federación.

Los términos y condiciones de esos depósitos serán determinados por la Tesorería de la Federación.

En caso de billetes o piezas metálicas que por tener marcas, señas u otras características, sea necesario conservar para fines de la averiguación previa o el proceso penal, la autoridad judicial o el Ministerio Público así lo indicará al Servicio de Administración y Enajenación de Bienes para que éste los guarde y conserve en el estado en que los reciba. En estos casos, los depósitos no devengarán intereses.

**Artículo 182-H.-** La autoridad judicial o el Ministerio Público que asegure depósitos, títulos de crédito y, en general, cualesquiera bienes o derechos relativos a operaciones, que las instituciones financieras establecidas en el país celebren con sus clientes, dará aviso inmediato a la autoridad encargada de la administración de los bienes asegurados y a las autoridades competentes, quienes tomarán las medidas necesarias para evitar que los titulares respectivos realicen cualquier acto contrario al aseguramiento.

**Artículo 182-I.-** Las especies de flora y fauna de reserva ecológica que se aseguren, serán provistas de los cuidados necesarios y depositadas en zoológicos o en instituciones análogas, considerando la opinión de la Secretaría del Medio Ambiente y Recursos Naturales.

**Artículo 182-J.-** Las obras de arte, arqueológicas o históricas que se aseguren, serán provistas de los cuidados necesarios y depositadas en museos, centros o instituciones culturales, considerando la opinión de la Secretaría de Educación Pública.

**Artículo 182-K.-** Tratándose de delitos culposos ocasionados con motivo del tránsito de vehículos; éstos se entregarán en depósito al conductor o a quien se legitime como su propietario o poseedor.

**Artículo 182-L.-** Los inmuebles que se aseguren podrán quedar en posesión de su propietario, poseedor o de alguno de sus ocupantes, siempre y cuando no se afecte el interés social ni el orden público. Quienes queden en posesión de los inmuebles no podrán enajenar o gravar los inmuebles a su cargo, y en caso de que generen frutos o productos, estarán obligados en los términos de los artículos 12 y 15 de la Ley Federal para la Administración y Enajenación de Bienes del Sector Público. En todo caso, se respetarán los derechos legítimos de terceros.

**Artículo 182-M.-** El aseguramiento no será causa para el cierre o suspensión de actividades de empresas, negociaciones o establecimientos con actividades lícitas.

**Artículo 182-N.-** La devolución de bienes asegurados procede en los casos siguientes:

**I.-** En la averiguación previa, cuando el Ministerio Público resuelva el no ejercicio de la acción penal, la reserva, o se levante el aseguramiento, de conformidad con las disposiciones aplicables, y

**II.-** Durante el proceso, cuando la autoridad judicial no decrete el decomiso o levante el aseguramiento, de conformidad con las disposiciones aplicables.

**Exhibit 1, Page 49**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**Artículo 182-Ñ.-** Cuando proceda la devolución de bienes asegurados, éstos quedarán a disposición de quien acredite tener derecho a ellos. La autoridad judicial o el Ministerio Público notificará su resolución al interesado o al representante legal dentro de los treinta días siguientes, para que en el plazo de tres meses a partir de la notificación se presente a recogerlos, bajo el apercibimiento que de no hacerlo los bienes causarán abandono a favor del Gobierno Federal.

Cuando se haya hecho constar el aseguramiento de los bienes en los registros públicos, la autoridad judicial o el Ministerio Público ordenará su cancelación.

**Artículo 182-O.-** La devolución de los bienes asegurados incluirá la entrega de los frutos que, en su caso, hubieren generado.

La devolución de numerario comprenderá la entrega del principal y de sus rendimientos durante el tiempo en que haya sido administrado, a la tasa que cubra la Tesorería de la Federación por los depósitos a la vista que reciba.

El Servicio de Administración y Enajenación de Bienes, al devolver empresas, negociaciones o establecimientos, rendirá cuentas de la administración que hubiere realizado a la persona que tenga derecho a ello, y le entregará los documentos, objetos, numerario y, en general, todo aquello que haya comprendido la administración.

Previo a la recepción de los bienes por parte del interesado, se dará oportunidad a éste para que revise e inspeccione las condiciones en que se encuentren los mismos, a efecto de que verifique el inventario a que se refiere el artículo 25 de la Ley Federal para la Administración y Enajenación de Bienes del Sector Público y, en su caso, se proceda conforme a lo establecido por el artículo 28 de la misma.

**Artículo 182-P.-** Cuando se determine por la autoridad competente la devolución de los bienes que hubieren sido previamente enajenados de conformidad con la Ley Federal para la Administración y Enajenación de Bienes del Sector Público o exista la imposibilidad de devolverlos, dicha devolución se tendrá por cumplida entregando el valor de los bienes al realizarse el aseguramiento más los rendimientos correspondientes, calculados a la tasa referida en el artículo 182-O de este Código.

**Artículo 182-Q.-** La autoridad judicial, mediante sentencia en el proceso penal correspondiente, podrá decretar el decomiso de bienes, con excepción de los que hayan causado abandono en los términos de este Código.

**Artículo 182-R.-** Los recursos que se obtengan por la enajenación de los bienes decomisados en procesos penales federales, a que se refiere la fracción I del artículo 1 de la Ley Federal para la Administración y Enajenación de Bienes del Sector Público, así como por la enajenación de sus frutos y productos, serán entregados conforme a lo dispuesto en el artículo 89 de la citada Ley, en partes iguales, al Poder Judicial de la Federación, a la Procuraduría General de la República y a la Secretaría de Salud.

Los recursos que correspondan a la Secretaría de Salud deberán destinarse a programas de prevención y rehabilitación de farmacodependientes.

**Artículo 183.-** Siempre que sea necesario tener a la vista alguna de las cosas a que se refieren los artículos anteriores, se comenzará la diligencia haciendo constar el estado en que se encuentra su embalaje y si la cosa se encuentra en el mismo estado en que estaba al ser asegurada según conste en la descripción. Si se considera que ha sufrido alteración voluntaria o accidental, se inscribirán en los registros los signos o señales que la hagan presumir.

**Artículo 184.-** Los cadáveres deberán ser siempre identificados por cualquier medio legal de prueba, y si esto no fuere posible dentro de las doce horas siguientes a la en que fueren recogidos, se expondrán

**Exhibit 1, Page 50**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES

Última Reforma DOF 23-01-2009

al público en el local destinado al efecto por un plazo de veinticuatro horas a no ser que, según dictamen médico, tal exposición ponga en peligro la salubridad general. Cuando por cualquier circunstancia el rostro de los cadáveres se encuentre desfigurado y se haga difícil identificarlo, se hará su reconstitución, siempre que sea posible.

Si a pesar de haberse tomado las providencias que señala este artículo no se logra la identificación del cadáver, se tomarán fotografías del mismo agregándose un ejemplar a la averiguación; se pondrán otros en los lugares públicos, juntamente con todos los datos que puedan servir para que sea reconocido; y se exhortará a todos los que hayan conocido al occiso para que se presenten ante la autoridad exhortante a declarar sobre la identidad de aquél.

Los vestidos se describirán minuciosamente en el expediente y se conservarán en depósito seguro para que puedan ser presentados a los testigos de identidad.

**Artículo 185.**- Los cadáveres, previa una minuciosa inspección y descripción hecha por el funcionario de policía judicial que practique las primeras diligencias y por un perito médico, podrán ser entregados por el Ministerio Público a quienes los reclamen, debiendo manifestar éstos el lugar en que los cadáveres quedarán depositados a disposición de la autoridad competente y conducirlos al lugar destinado a la práctica de la autopsia, cuando proceda.

Si hubiere temor de que el cadáver pueda ser ocultado o de que sufra alteraciones, no será entregado en tanto no se practique la autopsia o se resuelva que ésta no es necesaria.

**Artículo 186.**- En los casos de envenenamiento se recogerán cuidadosamente las vasijas y demás objetos que haya usado el ofendido, los restos de los alimentos, bebidas y medicinas que hubiere tomado, las deyecciones y vómitos que hubiere tenido, todo lo cual será depositado con las precauciones necesarias para evitar su alteración, y se describirán todos lo síntomas que presente el individuo intoxicado. A la brevedad posible serán llamados los peritos para que reconozcan al ofendido, hagan el análisis de las substancias recogidas y emitan su opinión sobre las cualidades tóxicas que tengan éstas y si han podido causar la intoxicación de que se trate.

**Artículo 187.**- Si el delito fuere de falsificación de documento, además de la minuciosa descripción que se haga de éste, se depositará en lugar seguro haciendo que firmen sobre aquél, si fuere posible, las personas que depongan respecto de su falsedad, y en caso contrario, se hará constar el motivo. Al expediente se agregará una copia certificada del documento argüido de falso y otra fotostática del mismo, si fuere necesario y posible.

## CAPITULO III
## Atención médica a los lesionados

**Artículo 188.**- La atención médica de quienes hayan sufrido lesiones provenientes de delito, se hará en los hospitales públicos.

Cuando por la urgencia del caso o la gravedad de la lesión se requiera la intervención médica inmediata y no fuese posible recurrir a un hospital que preste servicios al público en general, se recurrirá, para la atención que corresponda, a los establecimientos de salud de organismos de la Administración Pública más cercanos al lugar en que se encuentre el lesionado.

Si el lesionado no debe estar privado de libertad, la autoridad que conozca del caso podrá permitir, si lo juzga conveniente, que sea atendido en lugar distinto bajo responsiva de médico con título legalmente reconocido y previa la clasificación legal de las lesiones. Este permiso se concederá sin perjuicio de que la autoridad se cerciore del estado del lesionado cuando lo estime oportuno.

Exhibit 1, Page 51



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

Siempre que se deba explorar físicamente a personas del sexo femenino, la atención correspondiente deberá ser proporcionada, a petición de la interesada, por médicos mujeres, salvo que no las haya en el momento y sitio en que deba efectuarse la exploración, en cuyo supuesto la propia interesada podrá proponer quien la atienda.

**Artículo 189**.- En el caso de la segunda parte del artículo anterior, el lesionado tiene la obligación de participar a la autoridad que conozca del asunto en qué lugar va a ser atendido y cualquier cambio de éste o de su domicilio. La falta de aviso del cambio ameritará su ingreso al hospital o que se le imponga una corrección disciplinaria.

**Artículo 190**.- La responsiva a que se refiere el artículo 188, impone al médico las obligaciones siguientes:

**I.-** Atender debidamente al lesionado;

**II.-** Dar aviso a la autoridad correspondiente de cualquier accidente o complicación que sobrevenga, expresando si es consecuencia inmediata o necesaria de la lesión o si proviene de otra causa;

**III.-** Comunicar inmediatamente a la misma autoridad todo cambio de domicilio del lesionado o del lugar donde sea atendido; y

**IV.-** Extender certificado de sanidad o de defunción, en su caso, y los demás que le solicite la autoridad.

El incumplimiento de cualquiera de las obligaciones señaladas en este artículo ameritará la imposición de una corrección disciplinaria, cuando no sea delictuoso.

**Artículo 191**.- Los certificados de defunción o de sanidad expedidos por médicos particulares, estarán sujetos a la revisión de los médicos oficiales, quienes rendirán el dictamen definitivo.

**Artículo 192**.- Cuando un lesionado necesite pronta atención, cualquier médico que se halle presente donde aquél se encuentre, debe atenderlo y aun trasladarlo del lugar de los hechos al sitio apropiado para su atención, sin esperar la intervención de la autoridad, debiendo comunicar a ésta, inmediatamente después de brindarle los primeros auxilios, los siguientes datos: nombre del lesionado: lugar preciso en que fue encontrado y circunstancias en que se hallaba; naturaleza de las lesiones que presente y causas probables que las originaron; curaciones que se le hubieren hecho, y lugar preciso en que queda a disposición de la autoridad.

## CAPITULO IV
### Aseguramiento del inculpado

**Artículo 193.-** Cualquier persona podrá detener al indiciado:

**I.** En el momento de estar cometiendo el delito;

**II.** Cuando sea perseguido material e inmediatamente después de cometer el delito, o

**III.** Inmediatamente después de cometer el delito, cuando la persona sea señalada por la víctima, algún testigo presencial de los hechos o quien hubiere intervenido con ella en la comisión del delito, o cuando existan objetos o indicios que hagan presumir fundadamente que intervino en el delito. Además de estos indicios se considerarán otros elementos técnicos.

**Exhibit 1, Page 52**

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

El indiciado deberá ser puesto sin demora a disposición de la autoridad competente, conforme al artículo 16, párrafo cuarto, de la Constitución.

Las autoridades que realicen cualquier detención o aprehensión deberán informar por cualquier medio de comunicación y sin dilación alguna, a efecto de que se haga el registro administrativo correspondiente y que la persona sea presentada inmediatamente ante la autoridad competente. La autoridad que intervenga en dicha detención elaborará un registro pormenorizado de las circunstancias de la detención.

Desde el momento de la detención hasta la puesta a disposición ante la autoridad ministerial correspondiente, se deberán respetar los derechos fundamentales del detenido.

El Ministerio Público constatará que los derechos fundamentales del detenido no hayan sido violados.

La violación a lo dispuesto en los dos párrafos anteriores será causa de responsabilidad penal y administrativa.

La detención por flagrancia deberá ser registrada de inmediato por la autoridad competente.

**Artículo 193 bis**.- En casos urgentes el Ministerio Público podrá, bajo su responsabilidad, ordenar por escrito la detención de una persona, fundando y expresando los indicios que acrediten:

**a)** Que el indiciado haya intervenido en la comisión de alguno de los delitos señalados como graves en el artículo siguiente;

**b)** Que exista riesgo fundado de que el indiciado pueda sustraerse a la acción de la justicia, y

**c)** Que por razón de la hora, lugar o cualquier otra circunstancia, no pueda ocurrir ante autoridad judicial para solicitar la orden de aprehensión.

La violación de esta disposición hará penalmente responsable al Ministerio Público o funcionario que decrete indebidamente la detención y el sujeto será puesto en inmediata libertad.

La detención por caso urgente deberá ser registrada de inmediato en los términos señalados por el artículo 193 Quater de este Código.

**Artículo 193 Ter.-** Se entenderá que el indiciado queda a disposición del Ministerio Público para los efectos constitucionales y legales correspondientes, desde el momento en que le sea entregado física y formalmente.

Para los mismos efectos, cuando sea necesario ingresar al detenido a alguna institución de salud, la autoridad que haya realizado la detención deberá acompañar a su parte informativo, la constancia respectiva de dicha institución.

Del mismo modo, cuando otras autoridades tengan a disposición al indiciado por otros delitos y pongan en conocimiento al Ministerio Público de la Federación de algún delito de su competencia.

**Artículo 193 Quater.-** La autoridad que practique la detención deberá registrarla de inmediato en términos de las disposiciones aplicables. El registro, al menos, deberá contener:

**I.** Nombre y, en su caso, apodo del detenido;

**II.** Media filiación

**Exhibit 1, Page 53**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**III.** Motivo, circunstancias generales, lugar y hora en que se haya practicado la detención;

**IV.** Nombre de quién o quiénes hayan intervenido en la detención. En su caso, rango y área de adscripción, y

**V.** Lugar a dónde será trasladado el detenido y tiempo aproximado para su traslado.

**Artículo 193 Quintus.-** La información capturada en este registro será confidencial y reservada. A la información contenida en el registro sólo podrán tener acceso:

**I.** Las autoridades competentes en materia de investigación de los delitos, para los fines que se prevean en los ordenamientos legales aplicables, y

**II.** Los probables responsables, estrictamente para la rectificación de sus datos personales y para solicitar que se asiente en el mismo el resultado del procedimiento penal, en términos de lo dispuesto en la Ley Federal de Transparencia y Acceso a la Información Pública Gubernamental.

Los datos contenidos en el registro de detención serán proporcionados al detenido y a su abogado defensor, quienes sólo podrán utilizarlos en el ejercicio del derecho de defensa.

La Comisión Nacional de los Derechos Humanos tendrá acceso a ese registro cuando medie queja.

Bajo ninguna circunstancia se podrá proporcionar información contenida en el registro a terceros. El registro no podrá ser utilizado como base de discriminación, vulneración de la dignidad, intimidad, privacidad u honra de persona alguna.

Al servidor público que quebrante la reserva del registro o proporcione información sobre el mismo, se le sujetará al procedimiento de responsabilidad administrativa o penal, según corresponda.

El registro deberá ser cancelado de oficio y sin mayor trámite cuando se resuelva la libertad del detenido o cuando en la averiguación previa no se hayan reunido los elementos necesarios para ejercitar la acción penal, cuando se haya determinado su inocencia o cuando se actualicen las hipótesis previstas en el artículo 165 Bis de este código.

**Artículo 193 Sextus.-** El Ministerio Público, una vez que el detenido sea puesto a su disposición, recabará, en su caso, lo siguiente:

**I.** Domicilio, fecha de nacimiento, edad, estado civil, grado de estudios y ocupación o profesión;

**II.** Clave Única de Registro de Población;

**III.** Grupo étnico al que pertenezca;

**IV.** Descripción del estado físico del detenido;

**V.** Huellas dactilares;

**VI.** Identificación antropométrica, y

**VII.** Otros medios que permitan la identificación del individuo.

**Artículo 193 Septimus.-** El Procurador General de la República emitirá las disposiciones necesarias para regular los dispositivos técnicos que permitan generar, enviar, recibir, consultar o archivar toda la

**Exhibit 1, Page 54**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

información a que se refiere el artículo anterior, la que podrá abarcar imágenes, sonidos y video, en forma electrónica, óptica o mediante cualquier otra tecnología.

**Artículo 193 Octavus.-** El Ministerio Público y la policía deberán informar a quien lo solicite, si una persona está detenida y, en su caso, la autoridad a cuya disposición se encuentre. Tratándose de delincuencia organizada, únicamente se proporcionará dicha información a los parientes consanguíneos en línea recta ascendente o descendente sin limitación de grado, parientes colaterales consanguíneos o afines hasta el cuarto grado, adoptante o adoptado, cónyuge, y a su abogado.

**Artículo 194.-** Se califican como delitos graves, para todos los efectos legales, por afectar de manera importante valores fundamentales de la sociedad, los previstos en los ordenamientos legales siguientes:

**I.** Del Código Penal Federal, los delitos siguientes:

**1)** Homicidio por culpa grave, previsto en el artículo 60, párrafo tercero;

**2)** Traición a la patria, previsto en los artículos 123, 124, 125 y 126;

**3)** Espionaje, previsto en los artículos 127 y 128;

**4)** Terrorismo, previsto en los artículos 139 al 139 Ter y terrorismo internacional previsto en los artículos 148 Bis al 148 Quáter;

**5)** Sabotaje, previsto en el artículo 140, párrafo primero;

**6)** Los previstos en los artículos 142, párrafo segundo y 145;

**7)** Piratería, previsto en los artículos 146 y 147;

**8)** Genocidio, previsto en el artículo 149 Bis;

**9)** Evasión de presos, previsto en los artículos 150 y 152;

**10)** Ataques a las vías de comunicación, previsto en los artículos 168 y 170;

**11)** Uso ilícito de instalaciones destinadas al tránsito aéreo, previsto en el artículo 172 Bis párrafo tercero;

**12)** Contra la salud, previsto en los artículos 194, 195, párrafo primero, 195 Bis, excepto cuando se trate de los casos previstos en las dos primeras líneas horizontales de las tablas contenidas en el apéndice I, 196 Bis, 196 Ter, 197, párrafo primero y 198, parte primera del párrafo tercero;

**13)** Corrupción de personas menores de dieciocho años de edad o de personas que no tienen capacidad para comprender el significado del hecho o de personas que no tienen capacidad para resistirlo, previsto en el artículo 201; Pornografía de personas menores de dieciocho años de edad o de personas que no tienen capacidad para comprender el significado del hecho o de personas que no tienen capacidad para resistirlo, previsto en el artículo 202; Turismo sexual en contra de personas menores de dieciocho años de edad o de personas que no tienen capacidad para comprender el significado del hecho o de personas que no tienen capacidad para resistirlo, previsto en los artículos 203 y 203 BIS; Lenocinio de personas menores de dieciocho años de edad o de personas que no tienen capacidad para

**Exhibit 1, Page 55**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES
*Última Reforma DOF 23-01-2009*

comprender el significado del hecho o de personas que no tienen capacidad para resistirlo, previsto en el artículo 204.

14) Los previstos en el artículo 205, segundo párrafo;

15) Explotación del cuerpo de un menor de edad por medio del comercio carnal, previsto en el artículo 208;

16) El desvío u obstaculización de las investigaciones, previsto en el artículo 225, fracción XXXII;

17) Falsificación y alteración de moneda, previsto en los artículos 234, 236 y 237;

18) Se deroga.

19) Contra el consumo y riqueza nacionales, previsto en el artículo 254, fracción VII, párrafo segundo;

20) Violación, previsto en los artículos 265, 266 y 266 Bis;

21) Asalto en carreteras o caminos, previsto en el artículo 286, segundo párrafo;

22) Lesiones, previsto en los artículos 291, 292 y 293, cuando se cometa en cualquiera de las circunstancias previstas en los artículos 315 y 315 Bis;

23) Homicidio, previsto en los artículos 302 con relación al 307, 313, 315, 315 Bis, 320 y 323;

24) Secuestro, previsto en el artículo 366, salvo los dos párrafos últimos, y tráfico de menores, previsto en el artículo 366 ter;

25) Robo calificado, previsto en el artículo 367 cuando se realice en cualquiera de las circunstancias señaladas en los artículos 372 y 381, fracciones VII, VIII, IX, X, XI, XIII, XV y XVI;

26) Robo calificado, previsto en el artículo 367, en relación con el 370 párrafos segundo y tercero, cuando se realice en cualquiera de las circunstancias señaladas en el artículo 381 Bis;

27) Comercialización habitual de objetos robados, previsto en el artículo 368 Ter;

28) Sustracción o aprovechamiento indebido de hidrocarburos o sus derivados, previsto en el artículo 368 Quáter, párrafo segundo;

29) Robo, previsto en el artículo 371, párrafo último;

30) Robo de vehículo, previsto en el artículo 376 Bis;

31) Los previstos en el artículo 377;

32) Extorsión, previsto en el artículo 390;

33) Operaciones con recursos de procedencia ilícita, previsto en el artículo 400 Bis, y

Exhibit 1, Page 56



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN                                 *Última Reforma DOF 23-01-2009*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**33) Bis.** Contra el Ambiente, en su comisión dolosa, previsto en los artículos 414, párrafos primero y tercero, 415, párrafo último, 416, párrafo último y 418, fracción II, cuando el volumen del derribo, de la extracción o de la tala, exceda de dos metros cúbicos de madera, o se trate de la conducta prevista en el párrafo último del artículo 419 y 420, párrafo último.

**34)** En materia de derechos de autor, previsto en el artículo 424 Bis.

**35)** Desaparición forzada de personas previsto en el artículo 215-A.

**36).** En materia de delitos ambientales, el previsto en la fracción II Bis del artículo 420.

**II.** De la Ley Federal contra la Delincuencia Organizada, el previsto en el artículo 2.

**III.** De la Ley Federal de Armas de Fuego y Explosivos, los delitos siguientes:

**1)** Portación de armas de uso exclusivo del Ejército, Armada o Fuerza Aérea, previsto en el artículo 83, fracción III;

**2)** Los previstos en el artículo 83 Bis, salvo en el caso del inciso i) del artículo 11;

**3)** Posesión de armas de uso exclusivo del Ejército, Armada o Fuerza Aérea, en el caso previsto en el artículo 83 Ter, fracción III;

**4)** Los previstos en el artículo 84, y

**5)** Introducción clandestina de armas de fuego que no están reservadas al uso exclusivo del Ejército, Armada o Fuerza Aérea, previsto en el artículo 84 Bis, párrafo primero.

**IV.** De la Ley Federal para Prevenir y Sancionar la Tortura, el delito de tortura, previsto en los artículos 3o. y 5o.

**V.** De la Ley General de Población, el delito de tráfico de indocumentados, previsto en el artículo 138.

**VI.** Del Código Fiscal de la Federación, los delitos siguientes:

**1)** Contrabando y su equiparable, previstos en los artículos 102 y 105 fracciones I a la IV, cuando les correspondan las sanciones previstas en las fracciones II o III, segundo párrafo del artículo 104, y

**2)** Defraudación fiscal y su equiparable, previstos en los artículos 108 y 109, cuando el monto de lo defraudado se ubique en los rangos a que se refieren las fracciones II o III del artículo 108, exclusivamente cuando sean calificados.

**VII.** De la Ley de la Propiedad Industrial, los delitos previstos en el artículo 223, fracciones II y III.

**VIII.** De la Ley de Instituciones de Crédito, los previstos en los artículos 111; 112, en el supuesto del cuarto párrafo, excepto la fracción V; 112 Bis; 112 Ter; 112 Quáter, y 113 Bis, en el supuesto del cuarto párrafo del artículo 112;

**VIII Bis.-** De la Ley General de Títulos y Operaciones de Crédito, los previstos en los artículos 432, 433 y 434;

**Exhibit 1, Page 57**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**IX.** De la Ley General de Organizaciones y Actividades Auxiliares del Crédito, los previstos en los artículos 98, en el supuesto del cuarto párrafo, excepto las fracciones IV y V, y 101;

**X.** De la Ley Federal de Instituciones de Fianzas, los previstos en los artículos 112 Bis; 112 Bis 2, en el supuesto del cuarto párrafo; 112 Bis 3, fracciones I y IV, en el supuesto del cuarto párrafo; 112 Bis 4, fracción I, en el supuesto del cuarto párrafo del artículo 112 Bis 3, y 112 Bis 6, fracciones II, IV y VII, en el supuesto del cuarto párrafo;

**XI.** De la Ley General de Instituciones y Sociedades Mutualistas de Seguros, los previstos en los artículos 141, fracción I; 145, en el supuesto del cuarto párrafo, excepto las fracciones IV y V; 146 fracciones II, IV y VII, en el supuesto del cuarto párrafo, y 147, fracción II inciso b), en el supuesto del cuarto párrafo del artículo 146;

**XII.** De la Ley del Mercado de Valores, los previstos en los artículos 52, y 52 Bis cuando el monto de la disposición de los fondos o de los valores, títulos de crédito o documentos a que se refiere el artículo 3o. de dicha ley, exceda de trescientos cincuenta mil días de salario mínimo general vigente en el Distrito Federal;

**XIII.** De la Ley de los Sistemas de Ahorro para el Retiro, los previstos en los artículos 103, y 104 cuando el monto de la disposición de los fondos, valores o documentos que manejen de los trabajadores con motivo de su objeto, exceda de trescientos cincuenta mil días de salario mínimo general vigente en el Distrito Federal, y

**XIV.** De la Ley de Quiebras y Suspensión de Pagos, los previstos en el artículo 96.

**XV.** De la Ley General de Salud, los previstos en las fracciones I, II y III del artículo 464 Ter.

**XVI.** De la Ley para Prevenir y Sancionar la Trata de Personas, los previstos en los artículos 5 y 6.

La tentativa punible de los ilícitos penales mencionados en las fracciones anteriores, también se califica como delito grave.

**Artículo 194 Bis**.- En los casos de delito flagrante y en casos urgentes, ningún indiciado podrá ser retenido por el Ministerio Público por más de cuarenta y ocho horas, quien transcurrido dicho plazo, deberá ordenar su libertad o ponerlo a disposición de la autoridad judicial. Este plazo podrá duplicarse respecto de los delitos a que se refiere la ley federal en materia de delincuencia organizada.

**Artículo 195**.- Cuando estén reunidos los requisitos del artículo 16 constitucional, el tribunal librará orden de aprehensión, reaprehensión o comparecencia, según el caso, contra el inculpado, a pedimento del Ministerio Público.

La resolución respectiva contendrá una relación sucinta de los hechos que la motiven, sus fundamentos legales y la clasificación provisional que se haga de los hechos delictuosos, y se transcribirá inmediatamente al Ministerio Público para que éste ordene a la policía su ejecución.

**Artículo 196**.- Cuando se trate de la aprehensión de alguna persona cuyo paradero se ignore, el tribunal que dicte la orden la comunicará al Agente del Ministerio Público adscrito para que éste la transcriba a la Procuraduría General de la República, a fin de que la Policía Judicial Federal o los auxiliares de ésta, localicen y aprehendan a dicha persona. Lograda la aprehensión se procederá en los términos del artículo 52.

**Artículo 197**.- Siempre que se lleve a cabo una aprehensión en virtud de orden judicial, quien la hubiere ejecutado deberá poner al aprehendido, sin demora alguna, a disposición del tribunal respectivo,

**Exhibit 1, Page 58**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

informando a éste acerca de la fecha, hora y lugar en que se efectuó, y dando a conocer al aprehendido el derecho que tiene para designar defensor.

Se entenderá que el inculpado queda a disposición del juzgador, para los efectos constitucionales y legales correspondientes, desde el momento en que la policía judicial, en cumplimiento de la orden respectiva, lo ponga a disposición de aquél en la prisión preventiva o en un centro de salud. El encargado del reclusorio o del centro de salud asentará en el documento relativo a la orden de aprehensión ejecutada, que le presente la policía judicial, el día y hora del recibo del detenido.

Las personas que se encuentren internadas en centros de reclusión de alta seguridad, podrán ser trasladadas a otro centro, hospital, oficina o cualquier lugar, notificándolo al Ministerio Público Federal y a su defensor.

**Artículo 198**.- Los miembros de la policía o de las Fuerzas Armadas Mexicanas, que estuvieren detenidos o sujetos a prisión preventiva deberán sufrir ésta en las prisiones especiales, si existieren, o en su defecto en las comunes. Lo anterior no será aplicable para los miembros de las Fuerzas Armadas Mexicanas que se encuentren en dicha situación por estárseles siguiendo un proceso penal por la comisión de un delito en contra de la salud, en cualesquiera de sus modalidades.

No podrán considerarse prisiones especiales los cuarteles u oficinas.

**Artículo 199**.- Para dictarse orden de aprehensión no será obstáculo la circunstancia de que esté pendiente un recurso de apelación interpuesto contra resolución anterior que la hubiere negado.

**Artículo 200**.- Si por datos posteriores el Ministerio Público estimare que ya no es procedente una orden de aprehensión, o que debe reclasificarse la conducta o hecho por los cuales se hubiese ejercitado la acción, y la orden no se hubiera ejecutado aún, pedirá su cancelación o hará la reclasificación, en su caso, con acuerdo del Procurador o del funcionario que corresponda, por delegación de aquél. Este acuerdo deberá constar en el expediente. La cancelación no impide que continúe la averiguación, y que posteriormente vuelva a solicitarse orden de aprehensión, si procede, salvo que por la naturaleza del hecho en el que la cancelación se funde, deba sobreseerse el proceso. En los casos a los que se refiere este artículo, el juez resolverá de plano.

**Artículo 201**.- Cuando se ejecute una orden de aprehensión dictada contra persona que maneje fondos públicos, se tomarán las providencias necesarias para que no se interrumpa el servicio y se haga entrega de los fondos, valores y documentos que tenga en su poder el inculpado, dictándose entre tanto las medidas preventivas que se juzgue oportunas para evitar que se substraiga a la acción de la justicia.

**Artículo 202**.- Al ser aprehendido un empleado o servidor público o un miembro de las Fuerzas Armadas Mexicanas, se comunicará la detención sin demora al superior jerárquico respectivo. También será notificado dicho superior jerárquico cuando al empleado o servidor público o el miembro de las Fuerzas Armadas Mexicanas, se le decrete formal prisión y cuando se le dicte sentencia definitiva, ya sea condenatoria o absolutoria en cualquiera de sus formas, remitiéndole el juzgador copia certificada de la misma.

**Artículo 203**.- Cuando deba aprehenderse a un empleado oficial o a un particular que en ese momento esté trabajando en un servicio público, se procurará que éste no se interrumpa, tomándose las providencias necesarias a fin de que el inculpado no se fugue entre tanto se obtiene su relevo.

**Artículo 204**.- Para la aprehensión de funcionarios federales o locales se procederá de acuerdo con lo que dispongan la Ley Federal de Responsabilidades de los Servidores Públicos y las leyes orgánicas y reglamentarias respectivas, sin perjuicio de adoptar las medidas conducentes para evitar que el inculpado se sustraiga a la acción de la justicia. Si aquél intenta hacerlo, lo evitará la autoridad encargada de su

**Exhibit 1, Page 59**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

vigilancia y solicitará inmediatamente instrucciones a quien esté conociendo del asunto o deba expedir la autorización, ajustándose a las órdenes que de estos órganos reciba.

**Artículo 205**.- Cuando por la naturaleza del delito o de la pena aplicable el imputado no deba ser internado en prisión preventiva y existan elementos para suponer que podrá sustraerse a la acción de la justicia, el Ministerio Público podrá solicitar al juez, fundada y motivadamente, o éste disponer de oficio, con audiencia del imputado, el arraigo de éste con las características y por el tiempo que el juzgador señale, sin que en ningún caso pueda exceder del máximo señalado en el artículo 133-bis o bien tratándose de la averiguación previa o bien en el proceso por el término constitucional en que este deba resolverse.

## TITULO SEXTO
### Prueba

## CAPITULO I
### Medios de prueba

**Artículo 206**.- Se admitirá como prueba en los términos del artículo 20 fracción V de la Constitución Política de los Estados Unidos Mexicanos, todo aquello que se ofrezca como tal, siempre que pueda ser conducente, y no vaya contra el derecho, a juicio del juez o tribunal. Cuando la autoridad judicial lo estime necesario, podrá por algún otro medio de prueba, establecer su autenticidad.

## CAPITULO II
### Confesión

**Artículo 207**.- La confesión es la declaración voluntaria hecha por persona no menor de dieciocho años, en pleno uso de sus facultades mentales, rendida ante el Ministerio Público, el juez o tribunal de la causa, sobre hechos propios constitutivos del tipo delictivo materia de la imputación, emitida con las formalidades señaladas por el artículo 20 de la Constitución Política de los Estados Unidos Mexicanos: se admitirá en cualquier estado del procedimiento, hasta antes de dictar sentencia irrevocable.

## CAPITULO III
### Inspección

**Artículo 208**.- Es materia de inspección todo aquello que pueda ser directamente apreciado por la autoridad que la realice.

La Policía, previa autorización del Ministerio Público y con estricto apego a sus instrucciones, podrá practicar inspecciones en el lugar de la detención o del hecho. La diligencia deberá efectuarse por el agente policial responsable; los objetos y efectos que se recojan por estar relacionados con el delito deberán ser debidamente resguardados, en términos de las disposiciones aplicables. El agente policial que practique la diligencia levantará un acta en la que describirá el estado de las cosas y personas, así como las evidencias recolectadas u objetos asegurados y las medidas adoptadas para su resguardo y entrega al Ministerio Público.

Durante la averiguación previa o el proceso, la inspección debe ser practicada invariablemente, bajo pena de nulidad, con la asistencia del Ministerio Público o, en su caso del juez. Para su desahogo se fijará día, hora y lugar, y se citará oportunamente a quienes hayan de concurrir, los que podrán hacer al funcionario que la practique las observaciones que estimen convenientes, que se asentarán en el expediente si así lo solicitan quien las hubiese formulado o alguna de las partes. Si el Ministerio Público o el juez lo consideran necesario, se harán acompañar de testigos y asistir de peritos que dictaminarán según su competencia técnica.

**Exhibit 1, Page 60**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

Cuando por la complejidad de la inspección haya necesidad de preparar el desahogo de ésta, el Ministerio Público o el juez podrán ordenar que alguno de sus auxiliares realice los trámites conducentes a precisar la materia de la diligencia y a desarrollar ésta en forma pronta y expedita, conforme a las normas aplicables.

**Artículo 209**.- Para la descripción de lo inspeccionado se emplearán, según el caso, dibujos, planos topográficos, fotografías ordinarias o métricas, moldeados, o cualquier otro medio para reproducir las cosas, haciéndose constar en el acta cuál o cuáles de aquéllos, en qué forma y con qué objeto se emplearon.

Se hará la descripción por escrito de todo lo que no hubiere sido posible efectuar por los medios anteriores, procurándose fijar con claridad los caracteres, señales o vestigios que el delito dejare, el instrumento o medio que probablemente se haya empleado y la forma en que se hubiere usado.

**Artículo 210**.- Al practicarse una inspección podrá examinarse a las personas presentes, que puedan proporcionar algún dato útil a la averiguación previa o al proceso, según el caso, a cuyo efecto se les podrá prevenir que no abandonen el lugar.

**Artículo 211**.- El Ministerio Público o el juez, según se trate de averiguación o de proceso, al practicar una inspección podrán hacerse acompañar por los peritos que estimen necesarios.

**Artículo 212**.- En caso de lesiones, al sanar el lesionado se deberá hacer la inspección y la descripción de las consecuencias apreciables que hubieren dejado.

**Artículo 213**.- En los delitos sexuales y en el de aborto, puede concurrir al reconocimiento que practiquen los médicos el funcionario que conozca del asunto, si lo juzga indispensable.

Además de las personas a que se refiere este artículo, únicamente se permitirá asistir a la diligencia a aquéllas que designe la reconocida cuando quiera que la acompañen.

**Artículo 214**.- La inspección podrá tener el carácter de reconstrucción de hechos y su objeto será apreciar las declaraciones que se hayan rendido y los dictámenes periciales que se hayan formulado. Se podrá llevar a cabo, siempre que la naturaleza del delito y las pruebas rendidas así lo exijan, a juicio del servidor público que conozca del asunto, aun durante la vista del proceso, si el tribunal lo estima necesario, no obstante que se haya practicado con anterioridad.

**Artículo 215**.- La reconstrucción deberá practicarse precisamente a la hora y en el lugar donde se cometió el delito, cuando estas circunstancias tengan influencia en la determinación de los hechos que se reconstruyan; en caso contrario podrá efectuarse en cualquiera hora y lugar.

**Artículo 216**.- No se practicará la reconstrucción sin que hayan sido examinadas las personas que hubieren intervenido en los hechos o que los hayan presenciado y deben tomar parte de ella. En el caso a que se refiere la primera parte del artículo anterior, es necesario, además, que se haya llevado a cabo la simple inspección ocular del lugar.

**Artículo 217**.- Cuando alguna de las partes solicite la reconstrucción, deberá precisar cuáles son los hechos y circunstancias que desea esclarecer, pudiéndose repetir la diligencia cuantas veces sea necesario, a juicio del inculpado, de su defensor, del Ministerio Público del juez o del Tribunal.

**Artículo 218**.- En la reconstrucción estarán presentes, si fuere posible, todos los que hayan declarado haber participado en los hechos o haberlos presenciado. Cuando no asistiere alguno de los primeros podrá comisionarse a otra persona para que ocupe su lugar, salvo que esa falta de asistencia haga inútil

**Exhibit 1, Page 61**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

la práctica de la diligencia, en cuyo caso se suspenderá. Asimismo se citará a los peritos que sea necesario.

La descripción se hará en la forma que establece el artículo 209.

**Artículo 219**.- Cuando hubiere versiones distintas acerca de la forma en que ocurrieron los hechos, se practicarán, si fueren conducentes al esclarecimiento de los mismos, las reconstrucciones relativas a cada una de aquéllas; y en caso de que se haga necesaria la intervención de peritos, éstos dictaminarán sobre cuál de las versiones puede acercarse más a la verdad.

## CAPITULO IV
### Peritos

**Artículo 220**.- Siempre que para el examen de personas, hechos u objetos, se requieran conocimientos especiales se procederá con intervención de peritos.

**Artículo 220 Bis**.- Cuando el inculpado pertenezca a un grupo étnico indígena, se procurará allegarse dictámenes periciales, a fin de que el juzgador ahonde en el conocimiento de su personalidad y capte su diferencia cultural respecto a la cultura media nacional.

En los procedimientos en los que intervengan personas que aleguen tener la calidad de indígenas, la misma se acreditará con la sola manifestación de quien la haga. Cuando el juez tenga duda de ella o fuere cuestionada en juicio, se solicitará a las autoridades comunitarias la expedición de la constancia que acredite la pertenencia del individuo a un determinado pueblo o comunidad.

**Artículo 221**.- Los peritos que dictaminen serán dos o más; pero bastará uno cuando solamente éste pueda ser habido, o cuando el caso sea urgente.

**Artículo 222**.- Con independencia de las diligencias de pericia desahogadas en la averiguación previa, la defensa y el Ministerio Público tendrán derecho a nombrar hasta dos peritos en el proceso, para dictaminar sobre cada punto que amerite intervención pericial. El tribunal hará saber a los peritos su nombramiento y les ministrará todos los datos que fueren necesarios para que emitan su opinión.

**Artículo 223**.- Los peritos deberán tener título oficial en la ciencia o arte a que se refiere el punto sobre el cual deba dictaminarse, si la profesión o arte están legalmente reglamentados; en caso contrario, se nombrarán peritos prácticos. Cuando el inculpado pertenezca a un grupo étnico indígena, podrán ser peritos prácticos, personas que pertenezcan a dicho grupo étnico indígena.

**Artículo 224**.- También podrán ser nombrados peritos prácticos cuando no hubiere titulados en el lugar en que se siga la instrucción; pero en este caso se librará exhorto o requisitoria al tribunal del lugar en que los haya, para que en vista del dictamen de los prácticos emitan su opinión.

**Artículo 225**.- La designación de peritos hecha por el tribunal o por el Ministerio Público deberá recaer en las personas que desempeñen ese empleo por nombramiento oficial y a sueldo fijo, o bien en personas que presten sus servicios en dependencias del Gobierno Federal, en Universidades del país, o que pertenezcan a Asociaciones de Profesionistas reconocidas en la República.

**Artículo 226**.- Si no hubiere peritos de los que menciona el artículo anterior y el tribunal o el Ministerio Público lo estiman conveniente, podrán nombrar otros. En estos casos los honorarios se cubrirán según lo que se acostumbre pagar en los establecimientos particulares del ramo de que se trate a los empleados permanentes de los mismos, teniendo en cuenta el tiempo que los peritos debieron ocupar en el desempeño de su comisión.



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**Artículo 227**.- Los peritos que acepten el cargo, con excepción de los oficiales titulares, tiene obligación de protestar su fiel desempeño ante el funcionario que practique las diligencias.

En casos urgentes la protesta la rendirán al producir o ratificar su dictamen.

**Artículo 228**.- El funcionario que practique las diligencias fijará a los peritos el tiempo en que deban cumplir su cometido. Si transcurrido ese tiempo no rinden su dictamen o sí legalmente citados y aceptado el cargo, no concurren a desempeñarlo, se hará uso de alguno de los medios de apremio.

Si a pesar de haber sido apremiado el perito no cumple con las obligaciones impuestas en el párrafo anterior, se hará su consignación al Ministerio Público para que proceda por el delito a que se refiere el artículo 178 del Código Penal.

**Artículo 229**.- Cuando se trate de una lesión proveniente de delito y el lesionado se encontrare en algún hospital público, los médicos de éste se tendrán por nombrados como peritos, sin perjuicio de que el funcionario que practique las diligencias nombre además otros, si lo creyere conveniente, para que dictaminen y hagan la clasificación legal.

**Artículo 230**.- La autopsia de los cadáveres de personas que hayan fallecido en un hospital público, la practicarán los médicos de éste; sin perjuicio de la facultad que concede la parte final del artículo anterior.

**Artículo 231**.- Fuera de los casos previstos en los dos artículos anteriores el reconocimiento o la autopsia se practicará por los peritos médicos legistas oficiales si los hubiere y, además, si se estima conveniente, por los que designe el funcionario que conozca del asunto.

**Artículo 232**.- Cuando el funcionario que practique las diligencias lo juzgue conveniente, asistirá al reconocimiento u operaciones que efectúen los peritos.

**Artículo 233**.- El funcionario que practique las diligencias y las partes, podrán hacer a los peritos las preguntas que resulten pertinentes sobre la materia objeto de la pericia; les dará por escrito o de palabra, pero sin sugestión alguna, los datos que tuviere y hará constar estos hechos en el acta respectiva.

**Artículo 234**.- Los peritos practicarán todas las operaciones y experimentos que su ciencia o arte les sugiera y expresarán los hechos y circunstancias que sirvan de fundamento a su opinión.

**Artículo 235**.- Los peritos emitirán su dictamen por escrito y lo ratificarán en diligencia especial. Los peritos oficiales no necesitarán ratificar sus dictámenes, sino cuando el funcionario que practique las diligencias lo estime necesario. En esta diligencia el juez y las partes podrán formular preguntas a los peritos.

**Artículo 236**.- Cuando las opiniones de los peritos discordaren, el funcionario que practique las diligencias los citará a junta en la que se discutirán los puntos de diferencia, haciéndose constar en el acta el resultado de la discusión. Si los peritos no se pusieren de acuerdo se nombrará un perito tercero en discordia.

**Artículo 237**.- Cuando el peritaje recaiga sobre objetos que se consuman al ser analizados, no se permitirá que se verifique el primer análisis sino cuando más sobre la mitad de la substancia, a no ser que su cantidad sea tan escasa, que los peritos no puedan emitir su opinión sin consumirla por completo, lo cual se hará constar en el acta respectiva en los términos del procedimiento referido en los artículos 123 Bis a 123 Quintus de este código. En ambos casos se dará aviso previo al Ministerio Público.

**Artículo 238**.- Cuando el funcionario que practique las diligencias lo crea conveniente, podrá ordenar que asistan peritos a ellas.

**Exhibit 1, Page 63**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**Artículo 239**.- Cuando se niegue o ponga en duda la autenticidad de un documento podrá pedirse y decretarse el cotejo de letras o firmas, que se practicará conforme a las siguientes reglas:

**I.-** El cotejo se hará por peritos, pudiendo asistir a la diligencia respectiva el funcionario que esté practicando la averiguación, y en ese caso se levantará el acta correspondiente; y

**II.-** El cotejo se hará con documentos indubitables, o con los que las partes de común acuerdo reconozcan como tales; con aquellos cuya letra o firma haya sido reconocida judicialmente, y con el escrito impugnado en la parte en que reconozca la letra como suya aquel a quien perjudique.

El juez podrá ordenar que se repita el cotejo por otros peritos.

## CAPITULO V
### Testigos

**Artículo 240**.- El tribunal no podrá dejar de examinar durante la instrucción a los testigos presentes cuya declaración soliciten las partes.

**Artículo 241**.- También mandará examinar, según corresponda, a los testigos ausentes, sin que esto estorbe la marcha de la instrucción ni la facultad del tribunal para darla por terminada cuando haya reunido los elementos bastantes.

**Artículo 242**.- Toda persona que sea testigo está obligada a declarar con respecto a los hechos investigados. Las preguntas que formulen las partes deberán guardar relación con los hechos.

El juez o tribunal desechará únicamente las preguntas que sean objetadas por impertinentes o inconducentes para los fines del proceso. El acuerdo de desechamiento será revocable. En todo caso el testigo dará razón de su dicho. Si el testigo no comparece a la primera citación, sin causa justificada, el juez ordenará que sea presentado a declarar.

**Artículo 243**.- No se obligará a declarar al tutor, curador, pupilo o cónyuge del inculpado ni a sus parientes por consanguinidad o afinidad en la línea recta ascendente o descendente sin limitación de grados y en la colateral hasta el cuarto inclusive, ni a los que estén ligados con el inculpado por amor, respeto, cariño o estrecha amistad; pero si estas personas tuvieren voluntad de declarar se hará constar esta circunstancia y se recibirá su declaración.

**Artículo 243 Bis.-** No estarán obligados a declarar sobre la información que reciban, conozcan o tengan en su poder:

**I.** Los abogados, consultores técnicos y los notarios, respecto de los asuntos en los cuales hubieran intervenido y tengan información que deban reservarse para el ejercicio de su profesión;

**II.** Los ministros de cualquier culto, con motivo de las confesiones que hubieran recibido en ejercicio del ministerio que presten;

**III.** Los periodistas, respecto de los nombres o las grabaciones, registros telefónicos, apuntes, archivos documentales y digitales y todo aquello que de manera directa o indirecta pudiera llevar a la identificación de las personas que, con motivo del ejercicio de su actividad, les proporcionen como información de carácter reservada, en la cual sustenten cualquier publicación o comunicado;

**IV.** Las personas o servidores públicos que desempeñen cualquier otro empleo, cargo oficio o profesión, en virtud del cual la ley les reconozca el deber de guardar reserva o secreto profesional, y

**Exhibit 1, Page 64**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**V.** Los médicos cirujanos o especialistas y psicólogos clínicos, respecto de la información concerniente a la salud de sus pacientes, que conozcan con motivo de su ejercicio profesional.

En caso de que alguna o algunas de las personas comprendidas en las fracciones anteriores manifiesten su deseo de declarar y cuenten con el consentimiento expreso de quien les confió el secreto, información o confesión, se hará constar dicha circunstancia y se recibirá su declaración o testimonio.

La reserva de información que, por disposición de la propia ley, deben guardar los servidores públicos, se hará del conocimiento de la autoridad que requiera la declaración o testimonio y, en todo caso, se estará a lo dispuesto en la ley que rija las facultades del servidor público correspondiente.

Al servidor público que viole lo dispuesto en este artículo, se le aplicarán las penas a que se refiere el artículo 215 del Código Penal Federal, pero si el delito es cometido contra la administración de justicia, se le aplicarán las penas a que se refiere el artículo 225 del mismo ordenamiento.

**Artículo 244**.- Si el testigo se hallare en el lugar de la residencia del funcionario que practica las diligencias pero tuviere imposibilidad física para presentarse ante él, dicho funcionario podrá trasladarse al lugar donde se encuentre el testigo para tomarle su declaración.

**Artículo 245**.- Cuando haya que examinar a los altos funcionarios de la Federación, quien practique las diligencias se trasladará al domicilio u oficina de dichas personas para tomarles su declaración o, si lo estima conveniente, solicitará de aquéllos que la rindan por medio de oficio, sin perjuicio de que el interesado, si se le requiere y lo desea, comparezca personalmente.

**Artículo 246**.- Los testigos deben ser examinados separadamente y sólo las partes podrán asistir a la diligencia, salvo en los casos siguientes:

**I.-** Cuando el testigo sea ciego.

**II.-** Cuando sea sordo o mudo.

**III.-** Cuando ignore el idioma castellano.

En el caso de la fracción I el funcionario que practique las diligencias designará a otra persona para que acompañe al testigo, la que firmará la declaración después de que éste la haya ratificado; en los casos de las fracciones II y III se procederá conforme lo dispone el Capítulo III del Título Primero de este Código.

**Artículo 247**.- Antes de que los testigos comiencen a declarar se les instruirá de las penas que el Código Penal establece para los que se producen con falsedad, o se niegan a declarar.

Esto podrá hacerse hallándose reunidos todos los testigos.

A los menores de dieciocho años en vez de hacérseles saber las penas en que incurren los que se producen con falsedad, se les exhortará para que se conduzcan con verdad.

**Artículo 248**.- Después de tomarle la protesta de decir verdad, se preguntará al testigo su nombre, apellido, edad, lugar de origen, habitación, estado civil, profesión u ocupación; si se halla ligado con el inculpado o el ofendido por vínculos de parentesco, amistad o cualesquiera otros y si tiene algún motivo de odio o rencor contra alguno de ellos.

**Exhibit 1, Page 65**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**Artículo 249**.- Los testigos declararán de viva voz, sin que les sea permitido leer las respuestas que tengan escritas; pero podrán consultar algunas notas o documentos que lleven consigo, cuando sea pertinente según la naturaleza del asunto y a juicio de quien practique las diligencias.

El Ministerio Público, el inculpado, el defensor, la víctima u ofendidos, tendrán derecho de interrogar al testigo; el juez o el tribunal tendrán la facultad de desechar las preguntas que a su juicio o por objeción de parte sean señaladas como impertinentes o inconducentes y, además, podrá interrogar al testigo sobre los puntos que estime convenientes.

**Artículo 250**.- Las declaraciones se redactarán con claridad y usando hasta donde sea posible las mismas palabras empleadas por el testigo. Si quisiere dictar o escribir su declaración se le permitirá hacerlo.

**Artículo 251**.- Si la declaración se refiere a algún objeto puesto en depósito, después de interrogar al testigo sobre las señales que caractericen dicho objeto, se le pondrá a la vista para que lo reconozca y firme sobre él, si fuere posible.

**Artículo 252**.- Si la declaración es relativa a un hecho que hubiere dejado vestigios en algún lugar, el testigo podrá ser conducido a él para que haga las explicaciones convenientes.

**Artículo 253**.- Siempre que se examine a una persona cuya declaración sea sospechosa de falta de veracidad, se hará constar esto en el acta.

En el momento de la diligencia, el Ministerio Público, el inculpado o su defensor podrán manifestar los motivos que tuvieren para suponer falta de veracidad en el declarante, e inclusive ofrecer pruebas al respecto, que se agregarán al expediente.

**Artículo 253 Bis**.- Durante el proceso penal la autoridad judicial podrá ordenar, de oficio o a petición del Ministerio Público, que se otorgue protección policial a los testigos, víctimas u ofendidos del delito, cuando:

**I.** Se ponga en peligro su vida o integridad corporal por su intervención en procesos penales por algún delito, y

**II.** Su declaración pueda ser determinante para el adecuado desarrollo del proceso penal o para absolver o condenar al inculpado.

En los casos de delitos señalados como de delincuencia organizada, se estará a lo dispuesto en la Ley Federal contra la Delincuencia Organizada.

**Artículo 254**.- Concluida la diligencia se leerá al testigo su declaración o la leerá él mismo, si quisiere, para que la ratifique o la enmiende, y después de esto será firmada por el testigo y su acompañante si lo hubiere.

**Artículo 255**.- Si de lo actuado apareciere que algún testigo se ha producido con falsedad, se mandarán compulsar las constancias conducentes para la investigación de ese delito y se hará la consignación respectiva al Ministerio Público sin que esto sea motivo para que se suspenda el procedimiento; si en el momento de rendir su declaración el testigo, apareciere que es manifiesta la comisión del delito de falsedad, será detenido desde luego y consignado al Ministerio Público.

**Artículo 256**.- Cuanto tuviere que ausentarse del lugar en que se practiquen las diligencias alguna persona que pueda declarar acerca del delito, de sus circunstancias o de la persona del inculpado, el tribunal, a solicitud de cualquiera de las partes, procederá a examinarla desde luego si fuere posible; en

**Exhibit 1, Page 66**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

caso contrario, podrá arraigar al testigo por el tiempo que sea estrictamente indispensable para que rinda su declaración. Si resultare que la solicitud fué infundada y por lo mismo indebido el arraigo, el testigo podrá exigir al que lo solicitó que lo indemnice de los daños y perjuicios que le haya causado.

**Artículo 257**.- El funcionario que practique las diligencias podrá dictar las providencias necesarias para que los testigos no se comuniquen entre sí, ni por medio de otra persona, antes de que rindan su declaración.

## CAPITULO VI
### Confrontación

**Artículo 258**.- Toda persona que tuviere que referirse a otra, lo hará de un modo claro y distinto mencionando, si le fuere posible, el nombre, apellido, habitación y demás circunstancias que puedan servir para identificarla.

**Artículo 259**.- Cuando el que declare no pueda dar noticia exacta de la persona a quien se refiera, pero exprese que podrá reconocerla si se le presentare, el tribunal procederá a la confrontación.

Lo mismo se hará cuando el que declare asegure conocer a una persona y haya motivos para sospechar que no la conoce.

**Artículo 260**.- Al practicar la confrontación se cuidará de:

**I.-** Que la persona que sea objeto de ella no se disfrace, ni se desfigure, ni borre las huellas o señales que puedan servir al que tiene que designarla;

**II.-** Que aquélla se presente acompañada de otros individuos vestidos con ropas semejantes y aún con las mismas señas que las del confrontado, si fuere posible; y

**III.-** Que los individuos que acompañen a la persona que va a confrontarse sean de clase análoga, atendidas su educación, modales y circunstancias especiales.

**Artículo 261**.- Si alguna de las partes solicita que se observen mayores precauciones que las prevenidas en el artículo anterior, el tribunal podrá acordarlas si las estima convenientes.

**Artículo 262**.- El que deba ser confrontado puede elegir el sitio en que quiera colocarse con relación a los que lo acompañen y pedir que se excluya del grupo a cualquiera persona que le parezca sospechosa. El tribunal podrá limitar prudentemente el uso de este derecho cuando lo crea malicioso.

**Artículo 263**.- En la diligencia de confrontación se procederá colocando en una fila a la persona que deba ser confrontada y a las que hayan de acompañarla; y se interrogará al declarante sobre:

**I.-** Si persiste en su declaración anterior;

**II.-** Si conocía con anterioridad a la persona a quien atribuye el hecho o si la conoció en el momento de ejecutarlo; y

**III.-** Si después de la ejecución del hecho la ha visto, en qué lugar, por qué motivo y con qué objeto.

Se le llevará frente a las personas que formen el grupo; se le permitirá mirarlas detenidamente y se le prevendrá que toque con la mano a la de que se trate, manifestando las diferencias o semejanzas que tuviere entre el estado actual y el que tenía en la época a la que se refirió en su declaración.

**Exhibit 1, Page 67**

Case 2:04-cv-09049-DOC-RNB   Document 5864-4   Filed 07/01/09   Page 65 of 217   Page ID #:189804



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

*Última Reforma DOF 23-01-2009*

**Artículo 264**.- Cuando la pluralidad de las personas amerite varias confrontaciones, éstas se verificarán en actos separados.

## CAPITULO VII
### Careos

**Artículo 265**.- Con excepción de los mencionados en la fracción IV del artículo 20 de la Constitución, que sólo se celebrará si el procesado o su defensor lo solicita, los careos se practicarán cuando exista contradicción sustancial en las declaraciones de dos personas, pudiendo repetirse cuando el tribunal lo estime oportuno o cuando surjan nuevos puntos de contradicción.

**Artículo 266**.- El careo solamente se practicará entre dos personas y no concurrirán a la diligencia sino las que deban ser careadas, las partes, y los intérpretes si fueren necesarios.

**Artículo 267**.- Los careos, salvo los exceptuados en el artículo 265, se practicarán dando lectura a las declaraciones que se reputen contradictorias, llamando la atención de los careados sobre sus contradicciones, a fin de que discutan entre sí y pueda aclararse la verdad.

**Artículo 268**.- Cuando, por cualquier motivo, no pudiere obtenerse la comparecencia de alguno de los que deban ser careados, se practicará careo supletorio, leyéndose al presente la declaración del otro y haciéndole notar las contradicciones que hubiere entre aquélla y lo declarado por él.

Si los que deban carearse estuvieren fuera de la jurisdicción del tribunal, se librará el exhorto correspondiente.

## CAPITULO VIII
### Documentos

**Artículo 269**.- El tribunal recibirá las pruebas documentales que le presenten las partes hasta un día antes de la citación de la audiencia de vista, y las agregará al expediente, asentando razón en autos.

**Artículo 270**.- Cuando alguna de las partes pidiere copia o testimonio de un documento que obre en archivos de dependencias u organismos públicos, el tribunal ordenará a la autoridad correspondiente que expida y le remita copia oficial de dicho documento. Con la solicitud presentada por una de las partes, se dará vista a la otra para que, dentro de tres días, pida a su vez se adicionen las constancias que crea convenientes acerca del mismo asunto. En todo caso, el tribunal resolverá de plano si son procedentes las peticiones que las partes formulen.

**Artículo 271**.- Los documentos existentes fuera de la jurisdicción del tribunal en que se siga el procedimiento, se compulsarán a virtud de exhorto que se dirija al del lugar en que se encuentren.

**Artículo 272**.- Los documentos privados y la correspondencia procedentes de uno de los interesados, que se presenten por otro, se reconocerán por aquél.

Con este objeto se le mostrarán originales y se le dejará ver todo el documento.

**Artículo 273**.- Cuando el Ministerio Público estime que pueden encontrarse pruebas del delito que motiva la instrucción en la correspondencia que se dirija al inculpado, pedirá al tribunal y éste ordenará que dicha correspondencia se recoja.

**Artículo 274**.- La correspondencia recogida se abrirá por el juez en presencia de su secretario, del Ministerio Público y del inculpado si estuviere en el lugar.

Exhibit 1, Page 68



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

En seguida el juez leerá para sí la correspondencia; si no tuviere relación con el hecho que se averigua, la devolverá al inculpado o a alguna persona de su familia, si aquél no estuviere presente; si tuviere relación le comunicará su contenido, y la mandará agregar al expediente.

**Artículo 275**.- El tribunal podrá ordenar que se faciliten por cualquiera oficina telegráfica, copias autorizadas de los telegramas por ella transmitidos o recibidos, si pudiere esto contribuir al esclarecimiento de los hechos.

**Artículo 276**.- El auto motivado que se dicte en los casos de los tres artículos que preceden, determinará con exactitud el nombre del destinatario cuya correspondencia deba ser recogida.

**Artículo 277**.- Cuando a solicitud de parte el tribunal mande sacar testimonio de documentos privados existentes en los libros, cuadernos o archivos de comerciantes, industriales o de cualquier otro particular, el que pida la compulsa deberá indicar la constancia que solicita y el tribunal ordenará la exhibición de aquéllos para que se inspeccione lo conducente.

En caso de resistencia del tenedor del documento el tribunal, oyendo a aquél y a las partes presentes, resolverá de plano si debe hacerse la exhibición.

**Artículo 278**.- Los documentos redactados en idioma extranjero se presentarán originales, acompañados de su traducción al castellano.

Si ésta fuere objetada, se ordenará que sean traducidos por los peritos que designe el tribunal.

## CAPÍTULO VIII BIS
## Comunicaciones Privadas entre Particulares

**Artículo 278 Bis.-** Las comunicaciones entre particulares podrán ser aportadas voluntariamente a la averiguación previa o al proceso penal, cuando hayan sido obtenidas directamente por alguno de los participantes en la misma.

El tribunal recibirá las grabaciones o video filmaciones presentadas como prueba por las partes y las agregará al expediente.

Las comunicaciones que obtenga alguno de los participantes con el apoyo de la autoridad, también podrán ser aportadas a la averiguación o al proceso, siempre que conste de manera fehaciente la solicitud previa de apoyo del particular a la autoridad. De ser necesario, la prueba se perfeccionará con las testimoniales o periciales conducentes.

En ningún caso el Ministerio Público o el juez admitirán comunicaciones que violen el deber de confidencialidad que establezca la Ley, ni la autoridad prestará el apoyo a que se refiere el párrafo anterior cuando se viole dicho deber.

No se viola el deber de confidencialidad cuando se cuente con el consentimiento expreso de la persona con quien se guarda dicho deber.

Las empresas concesionarias y permisionarias del servicio de telecomunicaciones o de internet, estarán obligadas a colaborar con las autoridades para la obtención de dichas pruebas cuando así lo soliciten. Cualquier omisión o desacato a esta disposición será sancionada por la autoridad, en los términos del artículo 178 del Código Penal Federal.

**Exhibit 1, Page 69**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN                                    *Última Reforma DOF 23-01-2009*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

Carecen de todo valor las comunicaciones que sean obtenidas y aportadas en contravención a las disposiciones señaladas en este Código.

**Artículo 278 Ter.-** Cuando la solicitud de intervención de comunicaciones privadas sea formulada por el Procurador General de la República o los servidores públicos en quienes delegue la facultad, la autoridad judicial otorgará la autorización cuando se constate la existencia de indicios suficientes que acrediten la probable responsabilidad en la comisión de delitos graves.

El Ministerio Público será responsable de que la intervención se realice en los términos de la autorización judicial. La solicitud de autorización deberá contener los preceptos legales que la funda, el razonamiento por el que se considera procedente, el tipo de comunicaciones, los sujetos y los lugares que serán intervenidos, así como el periodo durante el cual se llevarán a cabo las intervenciones, el cual podrá ser prorrogado, sin que el periodo de intervención, incluyendo sus prórrogas, pueda exceder de seis meses. Después de dicho plazo, sólo podrán autorizarse nuevas intervenciones cuando el Ministerio Público acredite nuevos elementos que así lo justifiquen.

En la autorización, el juez determinará las características de la intervención, sus modalidades, límites y, en su caso, ordenará a instituciones públicas o privadas, modos específicos de colaboración.

En la autorización que otorgue el juez deberá ordenar que, cuando en la misma práctica sea necesario ampliar a otros sujetos o lugares la intervención, se deberá presentar ante el propio juez, una nueva solicitud; también ordenará que al concluir cada intervención se levante un acta que contendrá un inventario pormenorizado de las cintas de audio y video que contengan los sonidos o imágenes captadas durante la intervención, así como que se le entregue un informe sobre sus resultados, a efecto de constatar el debido cumplimiento de la autorización otorgada.

El juez podrá, en cualquier momento, verificar que las intervenciones sean realizadas en los términos autorizados y, en caso de incumplimiento, decretar su revocación parcial o total.

En caso de no ejercicio de la acción penal y una vez transcurrido el plazo legal para impugnarlo, sin que ello suceda, el juez que autorizó la intervención, ordenará que se pongan a su disposición las cintas resultado de las investigaciones, los originales y sus copias, y ordenará su destrucción en presencia del Ministerio Público.

## CAPITULO IX
### Valor jurídico de la prueba

**Artículo 279.-** La autoridad judicial calificará el valor de la confesión, tomando en cuenta los requisitos previstos en el artículo 287 y razonando su determinación, según lo dispuesto en el artículo 290.

**Artículo 280.-** Los documentos públicos harán prueba plena, salvo el derecho de las partes para redargüirlos de falsedad y para pedir su cotejo con los protocolos o con los originales existentes en los archivos.

**Artículo 281.-** Son documentos públicos los que señale como tales el Código Federal de Procedimientos Civiles o cualquiera otra ley federal.

**Artículo 282.-** Los documentos públicos procedentes del extranjero, se reputarán auténticos, cuando:

**I.** Sean legalizados por el representante autorizado para atender los asuntos de la República, en el país donde sean expedidos. La legalización de firmas del representante se hará por el funcionario autorizado de la Secretaría de Relaciones Exteriores;

**Exhibit 1, Page 70**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**II.** Haya sido certificada su autenticidad, por cualquier medio previsto en Tratados Internacionales de los que México y el Estado del que procedan, sean parte, o

**III.** Cuando sean presentados por vía diplomática.

**Artículo 283**.- Cuando no haya representante mexicano en el lugar donde se expiden los documentos públicos y, por tanto, los legalice el representante de una nación amiga, la firma de este representante deberá ser legalizada por el ministro o cónsul de esa nación que resida en la capital de la República, y la de éste, por el funcionario autorizado de la Secretaría de Relaciones Exteriores.

**Artículo 284**.- La inspección, así como el resultado de los cateos, harán prueba plena siempre que se practiquen con los requisitos legales.

**Artículo 285**.- Todos los demás medios de prueba o de investigación y la confesión, salvo lo previsto en el segundo párrafo del artículo 279, constituyen meros indicios.

La información, datos o pruebas obtenidas con motivo de recompensas, no podrán desestimarse por ese sólo hecho por el juzgador y deberán apreciarse y valorarse en términos del presente capítulo.

**Artículo 286**.- Los tribunales, según la naturaleza de los hechos y el enlace lógico y natural, más o menos necesario que exista entre la verdad conocida y la que se busca, apreciarán en conciencia el valor de los indicios hasta poder considerarlos como prueba plena.

**Artículo 287**.- La confesión ante el Ministerio Público y ante el juez deberá reunir los siguientes requisitos:

**I.-** Que sea hecha por persona no menor de dieciocho años, en su contra, con pleno conocimiento, y sin coacción, ni violencia física o moral;

**II.-** Que sea hecha ante el Ministerio Público o el tribunal de la causa, con la asistencia de su defensor o persona de su confianza, y que el inculpado esté debidamente informado del procedimiento y del proceso;

**III.-** Que sea de hecho propio; y

**IV.-** Que no existan datos que, a juicio del juez o tribunal, la hagan inverosímil.

No podrá consignarse a ninguna persona si existe como única prueba la confesión. La Policía Judicial podrá rendir informes pero no obtener confesiones; si lo hace estas carecerán de todo valor probatorio.

Las diligencias practicadas por agentes de la Policía Judicial Federal o local, tendrán valor de testimonios que deberán complementarse con otras diligencias de prueba que practique el Ministerio Público, para atenderse en el acto de la consignación, pero en ningún caso se podrán tomar como confesión lo asentado en aquéllas.

**Artículo 288**.- Los tribunales apreciarán los dictámenes periciales, aun los de los peritos científicos, según las circunstancias del caso.

**Artículo 289**.- Para apreciar la declaración de un testigo el tribunal tendrá en consideración:

**I.-** Que por su edad, capacidad e instrucción, tenga el criterio necesario para juzgar del acto;

**Exhibit 1, Page 71**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**II.-** Que por su probidad, la independencia de su posición y antecedentes personales, tenga completa imparcialidad;

**III.-** Que el hecho de que se trate sea susceptible de conocerse por medio de los sentidos, y que el testigo lo conozca por sí mismo y no por inducciones ni referencias de otro;

**IV.-** Que la declaración sea clara y precisa, sin dudas ni reticencias, ya sobre la sustancia del hecho, ya sobre sus circunstancias esenciales; y

**V.-** Que el testigo no haya sido obligado por fuerza o miedo, ni impulsado por engaño, error o soborno. El apremio judicial no se reputará fuerza.

**Artículo 289 Bis.-** Cuando durante el procedimiento a que se refieren los artículos 123 Bis a 123 Quintus de este Código, los indicios, huellas o vestigios del hecho delictuoso, así como los instrumentos, objetos o productos del delito, se alteren, no perderán su valor probatorio, a menos que la autoridad competente verifique que han sido modificados de tal forma que hayan perdido su eficacia para acreditar el hecho o circunstancia de que se trate.

Los indicios, huellas o vestigios del hecho delictuoso, así como los instrumentos, objetos o productos del delito, en los casos a que se refiere el párrafo anterior, deberán concatenarse con otros medios probatorios para tal fin.

**Artículo 290.-** Los tribunales, en sus resoluciones, expondrán los razonamientos que hayan tenido en cuenta para valorar jurídicamente la prueba.

## TITULO SEPTIMO
### Conclusiones

## CAPITULO UNICO

**Artículo 291.-** Cerrada la instrucción, se mandará poner la causa a la vista del Ministerio Público, por diez días, para que formule conclusiones por escrito. Si el expediente excediere de doscientas fojas, por cada cien de exceso o fracción, se aumentará un día al plazo señalado, sin que nunca sea mayor de treinta días hábiles.

Transcurrido el plazo a que se refiere el párrafo anterior sin que el Ministerio Público haya presentado conclusiones, el juez deberá informar mediante notificación personal al Procurador General de la República acerca de esta omisión, para que dicha autoridad formule u ordene la formulación de las conclusiones pertinentes, en un plazo de diez días hábiles, contados desde la fecha en que se le haya notificado la omisión, sin perjuicio de que se apliquen las sanciones que correspondan; pero, si el expediente excediere de doscientas fojas, por cada cien de exceso o fracción se aumentará un día en el plazo señalado, sin que nunca sea mayor de treinta días hábiles.

Si transcurren los plazos a que alude el párrafo anterior, sin que se formulen las conclusiones, el juez tendrá por formuladas conclusiones de no acusación y el procesado será puesto en inmediata libertad y se sobreseerá el proceso.

**Artículo 292.-** El Ministerio Público, al formular sus conclusiones, hará una exposición breve de los hechos y de las circunstancias peculiares del procesado; propondrá las cuestiones de derecho que se presenten; y citará las leyes, ejecutorias o doctrinas aplicables. Dichas conclusiones deberán precisar si hay o no lugar a acusación

**Exhibit 1, Page 72**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**Artículo 293**.- En el primer caso de la parte final del artículo anterior, deberá fijar en proposiciones concretas, los hechos punibles que atribuya al acusado, solicitar la aplicación de las sanciones correspondientes, incluyendo la reparación del daño y perjuicio, y citar las leyes y la jurisprudencia aplicables al caso. Estas proposiciones deberán contener los elementos constitutivos del delito y los conducentes a establecer la responsabilidad, así como las circunstancias que deban tomarse en cuenta para individualizar la pena o medida. Para este último fin, el Ministerio Público considerará las reglas que el Código Penal señala acerca de la individualización de las penas medidas.

**Artículo 294**.- Si las conclusiones fueren de no acusación, el juez o tribunal las enviará con el proceso al Procurador General de la República, para los efectos del artículo 295.

Se tendrán por conclusiones no acusatorias, aquéllas en las que no se concretice la pretensión punitiva, o bien, ejercitándose ésta, se omite acusar:

**a)** Por algún delito expresado en el auto de formal prisión; o

**b)** A persona respecto de quien se abrió el proceso.

**Artículo 295**.- El Procurador General de la República o el Subprocurador que corresponda oirán el parecer de los funcionarios que deban emitirlo y dentro de los diez días siguientes al de la fecha en que se haya recibido el proceso, resolverán, si son de confirmarse o modificarse las conclusiones. Si transcurrido este plazo no se recibe respuesta de los funcionarios primeramente mencionados, se entenderá que las conclusiones han sido confirmadas.

**Artículo 296**.- Las conclusiones acusatorias, ya sean formuladas por el Agente o por el Procurador, en su caso, se harán conocer al acusado y a su defensor dándoles vista de todo el proceso, a fin de que, en un término igual al que para el Ministerio Público señala el artículo 291, contesten el escrito de acusación y formulen, a su vez, las conclusiones que crean procedentes.

Cuando los acusados fueren varios, el término será común para todos.

Si las conclusiones acusatorias definitivas se refieren a delito cuya punibilidad no señale pena de prisión o la señale alternativa con otra no privativa de libertad, el juez pondrá en inmediata libertad al acusado, advirtiéndole que queda sujeto al proceso para su continuación hasta la sentencia ejecutoria.

**Artículo 297**.- Si al concluirse el término concedido al acusado y a su defensor, éstos no hubieren presentado conclusiones, se tendrán por formuladas las de inculpabilidad.

## TITULO OCTAVO
### Sobreseimiento

## CAPITULO UNICO

**Artículo 298**.- El sobreseimiento procederá en los casos siguientes:

**I.-** Cuando el Procurador General de la República confirme o formule conclusiones no acusatorias.

**II.-** Cuando el Ministerio Público lo solicite, en el caso al que se refiere el artículo 138;

**III.-** Cuando aparezca que la responsabilidad penal está extinguida.

**Exhibit 1, Page 73**



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**
*Última Reforma DOF 23-01-2009*

**IV.-** Cuando no se hubiere dictado auto de formal prisión o de sujeción a proceso y aparezca que el hecho que motiva la averiguación no es delictuoso, o cuando estando agotada ésta se compruebe que no existió el hecho delictuoso que la motivó.

**V.-** Cuando, habiéndose decretado la libertad por desvanecimiento de datos, esté agotada la averiguación y no existan elementos posteriores para dictar nueva orden de aprehensión, o se esté en el caso previsto por la parte final del artículo 426; y

**VI.-** Cuando esté plenamente comprobado que en favor del inculpado existe alguna causa eximente de responsabilidad.

**VII.-** Cuando existan pruebas que acrediten fehacientemente la inocencia del acusado.

**VIII.-** En cualquier otro caso que la ley señale;

En los casos de sobreseimiento siempre será el juez el que decida si procede o no.

En segunda instancia el sobreseimiento procederá, de oficio o a petición de parte, sólo en el caso de la fracción III de este artículo, o cuando alguna de las partes lo promueva exhibiendo pruebas supervenientes que acrediten la inocencia del encausado.

**Artículo 299.**- El procedimiento cesará y el expediente se mandará archivar en los casos de la fracción IV del artículo anterior, o cuando esté plenamente comprobado que los únicos presuntos responsables se hallan en alguna de las circunstancias a que se refieren las fracciones I, II, III, V y VI del mismo; pero sí alguno no se encontrare en tales condiciones, el procedimiento continuará por lo que a él se refiere, siempre que no deba suspenderse en los términos del Capítulo III de la Sección Segunda del Título Décimoprimero.

Cuando se siga el procedimiento por dos o más delitos y por lo que toca a alguno exista causa de sobreseimiento, éste se decretará por lo que al mismo se refiere y continuará el procedimiento en cuanto a los demás delitos, siempre que no deba suspenderse.

**Artículo 300.**- El sobreseimiento puede decretarse de oficio o a petición de parte, en los casos de las fracciones I a IV del artículo 298 y en la última forma en los demás.

**Artículo 301.**- El sobreseimiento se resolverá de plano cuando se decrete de oficio. Si fuere a petición de parte, se tramitará por separado y en forma de incidente no especificado.

**Artículo 302.**- No podrá dictarse auto de sobreseimiento después de que hayan sido formuladas conclusiones por el Ministerio Público, excepto en los casos a que se refieren las fracciones I y II del artículo 298.

**Artículo 303.**- El inculpado a cuyo favor se haya decretado el sobreseimiento será puesto en absoluta libertad respecto al delito por el que se decretó.

**Artículo 304.**- El auto de sobreseimiento que haya causado estado, surtirá los efectos de una sentencia absolutoria con valor de cosa juzgada.

## TITULO NOVENO
### Juicio

## CAPITULO I

**Exhibit 1, Page 74**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

## Procedimiento ante los Jueces de Distrito

**Artículo 305.**- El mismo día en que el inculpado o su defensor presenten sus conclusiones, o en el momento en que se haga la declaración a que se refiere el artículo 297, se citará a la audiencia de vista que deberá efectuarse dentro de los cinco días siguientes. La citación para esa audiencia produce los efectos de citación para sentencia.

**Artículo 306.**- En la audiencia podrán interrogar al acusado sobre los hechos materia del juicio, el juez, el Ministerio Público y la defensa. Podrán repetirse las diligencias de prueba que se hubieren practicado durante la instrucción, siempre que fuere necesario y posible a juicio del tribunal, y si hubieren sido solicitadas por las partes, a más tardar al día siguiente en que se notificó el auto citando para la audiencia. Se dará lectura a las constancias que las partes señalen; y después de oír los alegatos de las mismas, se declarará visto el proceso, con lo que terminará la diligencia, salvo que el juez oyendo a las partes, considere conveniente citar a nueva audiencia, por una sola vez.

Contra la resolución que niegue o admita la repetición de las diligencias de prueba o cite a nueva audiencia, no procede recurso alguno.

**Artículo 307.**- Cuando se esté en los casos a que se refieren los apartados a), b) y c) del artículo 152, la audiencia principiará presentando el Ministerio Público sus conclusiones y contestándolas a continuación la defensa. Si aquéllas fueren acusatorias, se seguirá el procedimiento señalado en el artículo anterior, dictándose la sentencia en la misma audiencia o dentro de los cinco días siguientes a ésta. Si las conclusiones fueren de las contempladas en el artículo 294, se suspenderá la audiencia y se estará en lo previsto en el artículo 295.

## CAPITULO II
## Procedimiento relativo al jurado popular

**Artículo 308.**- En los casos de la competencia del jurado popular federal, formuladas las conclusiones del Ministerio Público y de la defensa, el tribunal que conozca del proceso señalará día y hora para la celebración del juicio, dentro de los quince siguientes, y ordenará la insaculación y sorteo de los jurados.

En el mismo auto se mandará citar a todos los testigos y peritos no científicos que hubiesen sido examinados durante la instrucción.

Los peritos científicos sólo podrán ser citados cuando lo solicite alguna de las partes, o cuando a juicio del tribunal sea necesaria su presencia para el solo efecto de fijar hechos o esclarecerlos.

**Artículo 309.**- La insaculación y sorteo de jurados se hará en público el día anterior al en que deba celebrarse el juicio, debiendo estar presente el juez, su secretario, el Ministerio Público, el acusado y su defensor. Estos dos últimos podrán dejar de asistir si así les conviniere.

**Artículo 310.**- Reunidas las personas a que se refiere el artículo anterior, el juez introducirá en una ánfora los nombres de cien jurados inscritos en los padrones respectivos y ellos sacará treinta.

Al sacarse cada nombre, el juez lo leerá en voz alta. En este acto el Ministerio Público y el acusado, por sí o por su defensor, podrán recusar, sin expresión de causa, cada uno de ellos, hasta cinco de los jurados designados por la suerte. Los recusados serán substituidos inmediatamente en el mismo sorteo. Concluida la diligencia, se ordenará se cite a los jurados designados.

**Artículo 311.**- Durante la audiencia deberán estar presentes: el Presidente de Debates, su secretario, el representante del Ministerio Público, el acusado, a no ser que renuncie expresamente su derecho de

**Exhibit 1, Page 75**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

asistir, su defensor y los jurados insaculados. Si alguno faltare sin motivo justificado, el tribunal impondrá al faltista una corrección disciplinaria.

**Artículo 312.**- El día fijado para la audiencia, transcurrida media hora de la señalada, presentes el Presidente de Debates, su secretario y el representante del Ministerio Público, se dará cuenta con los informes a que se refiere el artículo 85 y se pasará lista a los jurados citados.

Si concurrieren doce jurados, por lo menos, se procederá a la insaculación y sorteo de los que deban conocer de la causa. En caso contrario, se mandará traer por medio de la policía a los ausentes que hubieren sido citados, según los informes rendidos, hasta completar el número de doce.

Si transcurriere una hora sin haberse reunido el número requerido, no se efectuará la audiencia y se señalará nuevo día para la insaculación y sorteo de los jurados, y celebración de aquélla.

**Artículo 313.**- A todos los jurados que, habiendo sido citados, no concurrieren, se les impondrá de plano la sanción con que se les hubiere conminado, que se hará efectiva sin recurso alguno, a menos que el faltista probare el impedimento que le hubiere imposibilitado para asistir.

No se considerará como impedimento justificado el no haber tenido conocimiento de la cita por encontrarse ausente o por haber cambiado de domicilio si hubiere omitido el faltista los avisos correspondientes.

A los jurados que se presentaren durante el sorteo, se les llamará públicamente la atención por su falta de puntualidad.

**Artículo 314.**- Reunidos doce jurados, por lo menos, se introducirán sus nombres en una ánfora de la que el Presidente de Debates extraerá los de siete propietarios y los de los supernumerarios que crea conveniente, de modo que el número total de los sorteados no iguale al de los presentes. Los jurados supernumerarios suplirán a los propietarios en el orden en que hubiesen sido sorteados.

**Artículo 315.**- Practicado el sorteo, el Presidente de Debates ordenará se dé lectura a las disposiciones de la Ley Orgánica del Poder Judicial de la Federación que establezcan los requisitos para ser jurado y sus causas de impedimento, y en seguida preguntará a los jurados sorteados si tienen los requisitos y si no existen respecto de ellos algunas de esas causas. Si un jurado manifiesta que reconoce no poder fungir por cualquiera de esos motivos, se oirá en el acto al Ministerio Público, y el Presidente de Debates resolverá de plano, sin recurso alguno, si admite o desecha el motivo alegado.

No se aceptará en este caso como motivo de impedimento, el de simple excusa que señale la misma Ley Orgánica.

**Artículo 316**.- Cuando un jurado no manifestare el impedimento que crea tener al hacércele la pregunta a que se refiere el artículo anterior, y apareciere en el acto o posteriormente que lo tiene, será consignado por el delito a que se refiere la fracción I del artículo 247 del Código Penal.

La misma consignación se hará si se alegare algún impedimento, y después apareciere no ser cierto.

**Artículo 317.**- Admitido el impedimento, será substituido por medio de sorteo el jurado impedido y, con el que resulte designado, se observará lo dispuesto en el artículo 315.

**Artículo 318.**- En este acto las partes podrán pedir la exclusión de algún jurado que tenga impedimento y no lo hubiere manifestado procediendo el Presidente de Debates con arreglo a los artículos anteriores.

**Exhibit 1, Page 76**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**
*Última Reforma DOF 23-01-2009*

**Artículo 319**.- Concluido el sorteo, se retirarán los jurados que no hubieren sido designados, y se pasará lista de los peritos y testigos citados.

**Artículo 320**.- Si todos los peritos y testigos citados estuvieren presentes o se hubiere declarado que a pesar de la falta de alguno de ellos es de celebrarse la audiencia, estando completo el número de los jurados, el Presidente de los Debates tomará a éstos la siguiente protesta:

Protestáis desempeñar las funciones de jurado sin odio ni temor y decidir según apreciéis en vuestra conciencia y en vuestra íntima convicción, los cargos y los medios de defensa, obrando en todo con imparcialidad y firmeza?

Cada miembro del jurado, llamado individualmente, deberá contestar: Sí protesto.

**Artículo 321**.- Si alguno de los jurados se negare a protestar, el Presidente de los Debates le impondrá de plano, y sin recurso alguno, multa de diez a cien pesos y lo substituirá desde luego por el supernumerario correspondiente.

**Artículo 322**.- Instalado el Jurado, el Presidente de los Debates ordenará al secretario que dé lectura a las constancias que el mismo Presidente estime necesarias o que soliciten las partes.

**Artículo 323**.- Terminada la lectura de constancias, el Presidente de Debates interrogará al acusado sobre los hechos motivo de juicio. El Ministerio Público, la defensa y los jurados podrán a continuación interrogarlo, por sí mismos, pidiendo la palabra al Presidente, o por medio de éste, y hacerle las preguntas conducentes al esclarecimiento de la verdad. Los jurados evitarán cuidadosamente que se trasluzca su opinión.

Se examinará a los testigos y peritos en la forma y por las personas que señala el párrafo anterior, así como por el acusado si lo pidiere.

En los interrogatorios del acusado, testigos y peritos, se observarán en su caso, las reglas establecidas en los artículos 156 y 249.

**Artículo 324**.- Concluido el examen del acusado, de los testigos y peritos, practicados los careos y recibidas las demás pruebas, el Ministerio Público fundará verbalmente sus conclusiones.

Su alegato se reducirá a una exposición clara y metódica de los hechos imputados al acusado y de las pruebas rendidas con el análisis que creyere conveniente hacer, pero sin referirse a las reglas sobre la prueba legal, ni hacer alusión a la sanción que deba imponerse al acusado; no podrá citar leyes, ejecutorias, doctrinas, ni opiniones jurídicas de ninguna especie. El Presidente de los Debates llamará al orden al infractor de esta disposición, conminándolo con multa de cincuenta a doscientos pesos si reincidiere.

**Artículo 325**.- El Ministerio Público deberá sostener las mismas conclusiones que hubiere formulado en el proceso, sin poder retirarlas, modificarlas o alegar otras, sino por causa superveniente y suficiente, bajo su más estricta responsabilidad y sin que sea necesaria la revisión del Procurador General de la República.

En este caso, cuando le corresponda hacer uso de la palabra para fundar sus conclusiones, expondrá verbalmente las razones que tenga para retirarlas, modificarlas o sostener otras.

**Artículo 326**.- Concluido el alegato del Ministerio Público, el defensor hará la defensa sujetándose a las reglas que establece el artículo 324.

Exhibit 1, Page 77



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**Artículo 327**.- Siempre que el Ministerio Público o la defensa citen o hagan referencia a alguna constancia del proceso que o no exista, o no sea tal como se indica, el Presidente de los Debates tomará nota para hacer la rectificación correspondiente al concluir el orador.

**Artículo 328**.- El defensor podrá cambiar o retirar libremente sus conclusiones.

**Artículo 329**.- Al concluir de hablar el acusado, el Presidente declarará cerrados los debates.

**Artículo 330**.- A continuación, el Presidente de los debates procederá a formular el interrogatorio, que deberá someter a la deliberación del Jurado, sujetándose a las reglas siguientes:

**I.-** Si en las conclusiones formuladas por el Ministerio Público se encontraren algunas contradicciones, el Presidente lo declarará así; si, no obstante esta declaración, aquél no retirare alguna de ellas para hacer desaparecer la contradicción, ninguna de las contradictorias se pondrá en el interrogatorio;

**II.-** Si existiere la contradicción en las conclusiones de la defensa, se procederá del mismo modo que respecto del Ministerio Público previene la fracción anterior;

**III.-** Si el Ministerio Público retirase toda acusación, el Presidente declarará disuelto el Jurado y sobreseerá el proceso;

**IV.-** Si la defensa, en sus conclusiones, estimare los hechos considerados por el Ministerio Público como constitutivos de delito diverso, se formará sobre esto otro interrogatorio, agregando a él las circunstancias alegadas por el Ministerio Público cuando no sean incompatibles;

**V.-** Los hechos alegados en las conclusiones del Ministerio Público y de la defensa, que no constituyan una circunstancia determinada por la ley, o que por carecer de alguno de los elementos que en aquélla se exigen no puedan ser considerados en la sentencia, no se incluirán en el interrogatorio;

**VI.-** Cuando las conclusiones del Ministerio Público y las de la defensa sean contradictorias, se pondrán en el interrogatorio las anotaciones necesarias para que el Jurado no incurra en contradicciones;

**VII.-** Cuando los hechos contenidos en las conclusiones del Ministerio Público o de la defensa, sean complejos, se dividirán en el interrogatorio en tantas preguntas cuantas sean necesarias para que cada una contenga un solo hecho;

**VIII.-** Si en las conclusiones de alguna de las partes se empleare un término técnico que, jurídicamente, contenga varios hechos o elementos, se procederá como previene la fracción anterior;

Si sólo significare un hecho, se substituirá el término técnico por uno vulgar, hasta donde esto fuere posible; en caso contrario, se hará una anotación explicando el significado de dicho término;

**IX.-** No se incluirán en el interrogatorio preguntas sobre la edad o sexo del acusado, o del ofendido, ni sobre los hechos que consten o deban constar por juicio especial de peritos científicos.

Tampoco se incluirán preguntas relativas a trámites o constancias, que sean exclusivamente del procedimiento;

**X.-** Tampoco se incluirán en el interrogatorio preguntas que envuelvan la negación de un hecho, pues sólo se someterán a los jurados cuando el Ministerio Público o la defensa afirmen la existencia de ese hecho;

**Exhibit 1, Page 78**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**XI.-** La primera pregunta del interrogatorio se formulará en los términos siguientes: Al acusado N. N. le es imputable ........... (aquí se asentarán el hecho o hechos que constituyan los elementos materiales del delito imputado, sin darles denominación jurídica ni aplicar lo dispuesto en la fracción VII de este artículo).

En seguida se pondrán las preguntas sobre las circunstancias modificativas, observándose lo dispuesto en las fracciones VII y VIII de este artículo; y

**XII.-** En una columna del interrogatorio destinada a este efecto, se pondrán delante de cada pregunta, las palabras hecho constitutivo, circunstancia modificativa, según el carácter de la pregunta.

**Artículo 331.-** En el caso de la fracción IV del artículo anterior, el Jurado sujetará primero a votación cuál de los dos interrogatorios es de votarse, y votará aquel que decida la mayoría. Al calce de éste y antes de las firmas se asentará la razón de la votación, expresándose el número de votos que hubieren formado la mayoría.

**Artículo 332.-** Los hechos a que se refiere la fracción X del artículo 330, los estimará el Presidente de Debates en su sentencia con sujeción a las reglas de la prueba legal, siempre que hubieren sido materia de las conclusiones de alguna de las partes.

**Artículo 333.-** En los casos en que, conforme a la ley, para que se tome en consideración una circunstancia se requiera la no existencia de un hecho, se tendrá éste por no existente, siempre que el jurado no hubiere votado su existencia, ya por no habérsele sometido, ya porque sometida en los términos de la fracción X del artículo 330, la hubiere negado.

**Artículo 334.-** Por cada acusado, si hubiere varios, se formará distinto interrogatorio, conforme a las reglas establecidas en el artículo 330.

**Artículo 335.-** El Ministerio Público y la defensa podrán objetar la redacción del interrogatorio. El Presidente de los Debates resolverá, sin recurso alguno, sobre la oposición.

**Artículo 336.-** A continuación, el Presidente de los Debates dirigirá a los jurados la siguiente instrucción:

La ley no toma en cuenta a los jurados los medios por los cuales formen su convicción; no les fija ninguna regla de la cual dependa la prueba plena y suficiente; sólo les manda interrogarse a sí mismos y examinar con la sinceridad de su conciencia la impresión que sobre ella produzcan las pruebas rendidas en favor o en contra del acusado. La ley se limita a hacerles esta pregunta, que resume todos sus deberes: ¿Tenéis la íntima convicción de que el acusado cometió el hecho que se le imputa? Los jurados faltan a su principal deber si toman en cuenta la suerte que, en virtud de su decisión, deba caber al acusado por lo que disponen las Leyes Penales.

En seguida el Presidente de los Debates entregará el proceso e interrogatorio al jurado de más edad, quien hará de Presidente del Jurado, funcionando el más joven como secretario.

Suspendida la audiencia, los jurados pasarán a la sala de deliberaciones, sin poder salir de ella ni tener comunicación alguna, con las personas de fuera, sino hasta que el veredicto esté firmado.

Los jurados supernumerarios que no estuvieren supliendo a algún propietario, permanecerán en la sala de audiencias, para cubrir cualquier falta que ocurra durante las deliberaciones.

**Artículo 337.-** El Presidente del Jurado sujetará a la deliberación de los jurados, una a una, las preguntas del interrogatorio, permitiéndoles y aun exhortándolos, a discutirlas; sólo cuando la discusión estuviere agotada se procederá a votar.

**Exhibit 1, Page 79**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**Artículo 338**.- En la deliberación el Presidente del Jurado exhortará a los miembros del mismo a expresar su opinión y a discutir el caso. Agotada la discusión se procederá a votar.

**Artículo 339**.- Para la votación, el secretario entregará a cada uno de los jurados dos fichas, una de las cuales contendrá la palabra sí y la otra la palabra no y después les presentará una ánfora para que en ella depositen la ficha que contenga su voto. Recogidas las fichas de todos los jurados, el secretario entregará el ánfora al Presidente del Jurado, y presentará otra a los jurados para que depositen en ella la ficha sobrante. El Presidente sacará del ánfora de votación una a una, las fichas que contenga, y leerá en voz alta la palabra escrita en ella, haciendo el secretario el cómputo de votos. Después se dará lectura a éste, y el Presidente ordenará al secretario que asiente el resultado de la votación en el pliego en que se formuló el interrogatorio.

Si alguno de los jurados reclamare en este momento, por haber incurrido en error o equivocación al emitir su voto, se repetirá la votación.

Una vez escrito el resultado de la votación ya no podrá repetirse.

**Artículo 340**.- Cuando alguno de los jurados se negare a votar, el Presidente del Jurado llamará al de los Debates, quien exhortará al renuente a que dé su voto, haciéndole ver las sanciones en que incurre por su negativa.

Si el jurado insistiere en no votar, el Presidente de los Debates le impondrá, de plano y sin recurso alguno, una multa de cincuenta a doscientos pesos o el arresto correspondiente, y ordenará que el voto omitido se agregue a la mayoría o al más favorable para el acusado, si hubiere igual número en pro y en contra del mismo.

**Artículo 341**.- Asentado el resultado de la votación, el secretario del Jurado recogerá las firmas de todos los jurados, certificará que han sido puestas por ellos y firmará la certificación.

Si alguno de los jurados no firmare por imposibilidad física, el secretario los certificará así. Esta certificación surtirá todos los efectos de la firma del impedido.

**Artículo 342**.- Si algún jurado rehusare firmar, se procederá conforme al artículo 340.

**Artículo 343**.- Firmado el veredicto, pasarán los jurados a la sala de audiencias y su Presidente lo entregará con el proceso al de los Debates, quien dará lectura al veredicto en voz alta.

**Artículo 344**.- Si hubiere dejado de votarse alguna pregunta o hubiere contradicción en la votación, a juicio del Presidente de los Debates, hará éste que los jurados vuelvan a la sala de deliberaciones a votar la pregunta omitida, o las contradictorias en lo que sea necesario para decidir la contradicción.

El secretario pondrá la razón de la nueva votación, recogerá las firmas de los jurados y las certificará.

Si no hubiere necesidad de proceder como lo preceptúan los párrafos anteriores, sea absolutorio o condenatorio el veredicto, el Presidente de los Debates manifestará a los jurados que habiendo concluido su misión pueden retirarse. En seguida se abrirá la audiencia de derecho.

**Artículo 345**.- Abierta la audiencia de derecho, se concederá la palabra al Ministerio Público y en seguida a la defensa, para que aleguen lo que creyeren pertinente, fundando su petición en las leyes, ejecutorias y doctrinas que estimen aplicables.

**Exhibit 1, Page 80**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**Artículo 346**.- Concluido el debate, el juez dictará la sentencia que corresponda, la que solamente contendrá la parte resolutiva y que será leída por el secretario.

**Artículo 347**.- La lectura de la sentencia conforme al artículo anterior, surte los efectos de notificación en forma en cuanto a las partes que hubieren asistido a la audiencia, aun cuando no estuvieren presentes en los momentos de la lectura, siempre que la ausencia fuere voluntaria.

A las que no hubieren asistido a la audiencia se les notificará el fallo en la forma y términos establecidos en el Capítulo XII del Título Primero.

**Artículo 348**.- Si la sentencia fuere absolutoria, se pondrá en el acto en libertad al acusado, si no estuviere detenido por otro motivo.

**Artículo 349**.- Dentro de los tres días siguientes el secretario del tribunal extenderá acta pormenorizada de la audiencia, en la que siempre se harán constar los nombres y apellidos de todas las personas que con cualquier carácter hubieren intervenido en ella.

**Artículo 350**.- La sentencia se engrosará dentro de los cinco días siguientes al de la fecha del acta a que se refiere el artículo anterior.

## CAPITULO III
### Aclaración de sentencia

**Artículo 351**.- La aclaración procede únicamente tratándose de sentencias definitivas, y sólo una vez puede pedirse.

**Artículo 352**.- La aclaración se pedirá ante el tribunal que haya dictado la sentencia, dentro del término de tres días contados desde la notificación y expresando claramente la contradicción, ambigüedad, obscuridad o deficiencia de que, en concepto del promovente, adolezca la sentencia.

**Artículo 353**.- De la solicitud respectiva se dará vista a las otras partes por tres días, para que expongan lo que estimen procedente.

**Artículo 354**.- El tribunal resolverá dentro de tres días si es de aclararse la sentencia y en qué sentido, o si es improcedente la aclaración.

**Artículo 355**.- Cuando el tribunal que dictó la sentencia estime que debe aclararse algún error de ella, dictará auto expresando las razones que crea existan para hacer la aclaración. Dará a conocer esa opinión a las partes para que éstas, dentro de tres días, expongan lo que estimen conveniente y en seguida procederá en la forma que dispone el artículo anterior.

**Artículo 356**.- En ningún caso se alterará, a pretexto de aclaración, el fondo de la sentencia.

**Artículo 357**.- La resolución en que se aclare una sentencia se reputará parte integrante de ella.

**Artículo 358**.- Contra la resolución que se dicte otorgando o negando la aclaración, no procede recurso alguno.

**Artículo 359**.- La aclaración propuesta interrumpe el término señalado para la apelación.

## CAPITULO IV
### Sentencia irrevocable

**Exhibit 1, Page 81**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**Artículo 360**.- Son irrevocables y causan ejecutoria:

**I.-** Las sentencias pronunciadas en primera instancia cuando se hayan consentido expresamente o cuando, concluido el término que la ley señala para interponer algún recurso, no se haya interpuesto; y

**II.-** Las sentencias contra las cuales no dé la ley recurso alguno.

## TITULO DECIMO
### Recursos

## CAPITULO I
### Revocación

**Artículo 361**.- Solamente los autos contra los cuales no se conceda por este Código el recurso de apelación, serán revocables por el tribunal que los dictó.

También lo serán las resoluciones que se dicten en segunda instancia antes de la sentencia.

**Artículo 362**.- El plazo para interponer el recurso de revocación y ofrecer pruebas será de cinco días, contados a partir de que surta efectos la notificación de la resolución que se impugna.

El tribunal resolverá el recurso oyendo a las partes en una audiencia que se efectuará dentro de las cuarenta y ocho horas siguientes a la notificación que se haga a la parte que no interpuso el recurso, acerca de la admisión de éste. En la audiencia se desahogarán las pruebas ofrecidas, se escuchará a las partes y se dictará resolución, contra la que no procede recurso alguno. Si no es posible que en esa audiencia concluya el desahogo de pruebas, el juez podrá convocar, por una sola vez, a otra audiencia.

## CAPITULO II
### Apelación

**Artículo 363**.- El recurso de apelación tiene por objeto examinar si en la resolución recurrida no se aplicó la ley correspondiente o se aplicó ésta inexactamente, si se violaron los principios reguladores de la valoración de la prueba, si se alteraron los hechos o no se fundó o motivó correctamente.

**Artículo 364**.- La segunda instancia solamente se abrirá a petición de parte legítima, para resolver sobre los agravios que estime el apelante le cause la resolución recurrida. Los agravios deberán expresarse al interponerse el recurso o en la vista del asunto. El tribunal de apelación suplirá la deficiencia de los agravios cuando el recurrente sea el procesado o, siéndolo el defensor, se advierta que por torpeza no los hizo valer debidamente.

Las apelaciones interpuestas contra resoluciones anteriores a la sentencia de primera instancia, deben ser resueltas por el tribunal de apelación antes de que se emita dicha sentencia.

**Artículo 365**.- Tienen derecho de apelar el Ministerio Público, el inculpado y su defensor, así como el ofendido o sus legítimos representantes cuando hayan sido reconocidos por el juez de primera instancia, como coadyuvante del Ministerio Público, para efectos de la reparación de daños y perjuicios. En este caso, la apelación se contraerá a lo relativo a la reparación de daños y perjuicios y a las medidas precautorias conducentes a asegurarla.

**Artículo 366**.- Son apelables en ambos efectos solamente las sentencias definitivas en que se imponga alguna sanción.

**Exhibit 1, Page 82**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**Artículo 367.-** Son apelables en el efecto devolutivo:

**I.** Las sentencias definitivas que absuelven al acusado, excepto las que se pronuncien en relación con delitos punibles con no más de seis meses de prisión o con pena no privativa de libertad, en los términos del primer párrafo del artículo 152;

**II.-** Los autos en que se decrete el sobreseimiento en los casos de las fracciones III a VI del artículo 298 y aquéllos en que se niegue el sobreseimiento.

**III.-** Los autos en que se niegue o conceda la suspensión del procedimiento judicial; los que concedan o nieguen la acumulación de autos; los que decreten o nieguen la separación de autos; los que concedan o nieguen la recusación;

**III bis.-** Los autos que ratifiquen la constitucionalidad de una detención a que se refiere el párrafo sexto del artículo 16 constitucional;

**IV.-** Los autos de formal prisión; los de sujeción a proceso; los de falta de elementos para procesar; y aquéllos que resuelvan situaciones concernientes a la prueba.

**V.-** Los autos en que se conceda o niegue la libertad provisional bajo caución; los que concedan o nieguen la libertad por desvanecimiento de datos, y los que resuelvan algún incidente no especificado;

**VI.-** Los autos en que se niegue la orden de aprehensión o se niegue la citación para preparatoria. Estos autos sólo son apelables por el Ministerio Público.

**VII.-** Los autos que nieguen el cateo, las medidas precautorias de carácter patrimonial, el arraigo del indiciado o la prohibición de abandonar una demarcación geográfica;

**VIII.-** Los autos en que un tribunal se niegue a declarar su incompetencia por declinatoria, o a librar el oficio inhibitorio a que se refiere el artículo 436, y

**IX.-** Las demás resoluciones que señala la Ley.

**Artículo 368**.- La apelación podrá interponerse en el acto de la notificación o por escrito o comparecencia dentro de los cinco días siguientes si se tratare de sentencia, o de tres días si se interpusiere contra un auto.

**Artículo 369.-** Al notificarse al acusado la sentencia definitiva de primera instancia, se le hará saber el término que la ley concede para interponer el recurso de apelación; lo que se hará constar en el proceso.

La omisión de este requisito surte el efecto de duplicar el término legal para interponer el recurso, y el secretario o actuario que haya incurrido en ella, será castigado disciplinariamente por el tribunal que conozca del recurso, con una multa de cinco a cincuenta pesos.

**Artículo 370.-** Interpuesto el recurso dentro del término legal, el tribunal que dictó la resolución apelada lo admitirá o lo desechará de plano, según que sea o no procedente conforme a las disposiciones anteriores.

Contra el auto que admita la apelación no procede recurso alguno, sin perjuicio de lo que dispone el artículo 374.

**Exhibit 1, Page 83**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**Artículo 371.**- Si el apelante fuere acusado, al admitirse el recurso se le prevendrá que nombre defensor que lo patrocine en la segunda instancia.

**Artículo 372.**- Admitida la apelación en ambos efectos, se remitirá original el proceso al Tribunal de apelación respectivo. Si fueren varios los acusados y la apelación solamente se refiere a alguno o algunos de ellos, el tribunal que dictó la sentencia apelada ordenará se expidan los testimonios a que se refiere el artículo 531.

Si se trata de sentencia absolutoria, podrá remitirse original el proceso, a no ser que hubieren uno o más inculpados que no hubiesen apelado.

Cuando la apelación se admite en el efecto devolutivo, salvo el caso del párrafo anterior, se remitirá el duplicado autorizado de constancias o testimonio de lo que las partes designen y de lo que el tribunal estime conveniente.

El duplicado o testimonio debe remitirse dentro de cinco días y si no se cumple con esta prevención, el tribunal de apelación, a pedimento del apelante, impondrá al inferior una multa de cinco a quince veces el salario mínimo.

En el caso al que se refiere el párrafo anterior, el juez remitirá al tribunal de apelación, junto con el testimonio, un informe indicando el estado que guarda el proceso al momento en que dictó el auto recurrido, para los efectos de la última parte del artículo 364.

**Artículo 373.**- Recibido el proceso, el duplicado autorizado de constancias o el testimonio, en su caso, el tribunal lo pondrá a la vista de las partes por el plazo de tres días; y si dentro de ellos no promovieren prueba, se señalará día para la vista, que se efectuará dentro de los treinta siguientes a la conclusión del primer plazo, si se tratare de sentencias definitivas, y dentro de cinco días si se tratare de autos.

Para ella serán citados el Ministerio Público, el inculpado si estuviere en el lugar y el defensor nombrado. Si no se hubiere nombrado a éste para la instancia, el tribunal lo nombrará de oficio.

**Artículo 374.**- Dentro de los tres días a que se refiere el artículo anterior, las partes podrán impugnar la admisión del recurso o el efecto o efectos en que haya sido admitido, y el tribunal dará vista de la promoción a las otras partes por tres días, y resolverá lo que fuere procedente dentro de los tres días siguientes.

Si se declarare mal admitida la apelación, se devolverá el proceso al tribunal de su origen, si lo hubiere remitido.

**Artículo 375.**- Si las partes no impugnan el recurso conforme al artículo anterior, se podrá declarar de oficio, después de la celebración de la vista, que fue mal admitida la apelación, y sin revisarse la resolución apelada, se devolverá el expediente, en su caso, al tribunal de su origen.

**Artículo 376.**- Si dentro del plazo para promover prueba a que se refiere el artículo 373, alguna de las partes la promueve, expresará el objeto y naturaleza de la prueba. Dentro de tres días de hecha la promoción, el tribunal decidirá, sin más trámite, si es de admitirse o no.

Cuando se admita la prueba, se rendirá dentro del plazo de cinco días. Desahogada, denegada o pasado el plazo que se concedió para rendirla, nuevamente se citará para la vista de la causa dentro de los plazos que señala el artículo 373.

**Artículo 377.**- Si la prueba hubiere de rendirse en lugar distinto al en que se encuentre el tribunal de apelación, éste concederá el término que crea prudente según las circunstancias del caso.



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**Artículo 378**.- Sólo se admitirá la prueba testimonial en segunda instancia, cuando los hechos a que se refiera no hayan sido materia del examen de testigos en primera instancia.

**Artículo 379**.- Siempre que se haya interpuesto el recurso de apelación en contra de una sentencia definitiva, el tribunal tiene facultad para admitir las pruebas que no se hubieren promovido o practicado en primera instancia para justificar la procedencia de la condena condicional y para resolver sobre ella al fallarse el asunto, aun cuando no haya sido motivo de agravio el no haberse concedido ese beneficio en la primera instancia.

Tratándose de apelaciones respecto de los autos de formal prisión, sujeción a proceso o libertad por falta de elementos para procesar, el tribunal podrá ordenar el desahogo de las pruebas que no se hubiesen practicado, si las partes las promueven.

**Artículo 380**.- Los instrumentos públicos son admisibles mientras no se declare vista la causa.

**Artículo 381**.- Las partes podrán tomar en la Secretaría del tribunal los apuntes que necesiten para alegar.

**Artículo 382**.- El día señalado para la vista comenzará la audiencia haciendo el secretario del tribunal una relación del asunto; en seguida hará uso de la palabra el apelante y a continuación las otras partes, en el orden que indique quien presida la audiencia. Si fueren dos o más los apelantes, usarán de la palabra en el orden que designe el mismo funcionario que presida.

**Artículo 383**.- Declarado visto el asunto, quedará cerrado el debate y el tribunal de apelación pronunciará el fallo que corresponda, a más tardar, dentro de ocho días, confirmando, revocando o modificando la resolución apelada.

**Artículo 384**.- No obstante lo dispuesto en el artículo anterior, si después de celebrada la vista el tribunal de apelación creyere necesaria la práctica de alguna diligencia para ilustrar su criterio, podrá decretarla para mejor proveer, y la practicará dentro de los diez días siguientes con arreglo a las disposiciones relativas de este Código. Practicada que fuere, fallará el asunto dentro de los cinco días siguientes.

**Artículo 385**.- Si solamente hubiere apelado el procesado o su defensor, no se podrá aumentar la sanción impuesta en la sentencia recurrida.

Si se tratare de auto de formal prisión o de sujeción a proceso, o de orden de aprehensión o de citación para preparatoria, podrá cambiarse la clasificación del delito y dictarse por el que aparezca probado.

**Artículo 386**.- La reposición del procedimiento se decretará a petición de parte, debiendo expresarse los agravios en que se apoye la petición. No se podrán alegar aquellos con los que la parte agraviada se hubiere conformado expresamente, ni los que cause alguna resolución contra la que no se hubiere intentado el recurso que la ley conceda o, si no hay recurso, si no se protesta contra dichos agravios al tenerse conocimiento de ellos en la instancia en que se causaron.

**Artículo 387.-** No obstante lo dispuesto en el artículo anterior si el tribunal de apelación encuentra que hubo violación manifiesta del procedimiento, que haya dejado sin defensa al procesado, y que sólo por torpeza o negligencia de su defensor no fue combatida debidamente, deberá suplir la deficiencia y ordenar que se reponga dicho procedimiento.

**Artículo 388**.- Habrá lugar a la reposición del proceso por alguna de las causas siguientes:

**Exhibit 1, Page 85**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**I.-** Por no haberse hecho saber al procesado durante la instrucción ni al celebrarse el juicio, el motivo del procedimiento, o el nombre de las personas que le imputen la comisión del delito,

**II.-** Por no habérsele permitido nombrar defensor o no nombrársele el de oficio en los términos que señala la ley; por no habérsele facilitado la manera de hacer saber al defensor su nombramiento, y por habérsele impedido comunicarse con él o que dicho defensor lo asistiere en alguna de las diligencias del proceso;

**II Bis.-** Por haberse omitido la designación del traductor al inculpado que no hable o entienda suficientemente el idioma castellano, en los términos que señale la ley.

**III.-** Por no habérsele ministrado los datos que necesitare para su defensa y que constaren en el proceso

**IV.-** Por no habérsele careado con algún testigo que hubiere depuesto en su contra, si el testigo rindió su declaración en el mismo lugar donde sigue el proceso, estando allí también el procesado

**V.-** Por no haber sido citada alguna de las partes para las diligencias que tuviere derecho a presenciar;

**VI.-** Por no haberse recibido a alguna de las partes, injustificadamente, las pruebas que hubiere ofrecido, con arreglo a la ley;

**VII.-** Por haberse celebrado el juicio sin asistencia del funcionario que deba fallar, de su secretario o testigos de asistencia y del Ministerio Público;

**VII bis.-** Por existir omisiones graves de la defensa en perjuicio del sentenciado; se reputan como omisiones graves de la defensa:

**a)** No haber asesorado al inculpado sobre la naturaleza y las consecuencias jurídicas de las hechos imputados en el proceso;

**b)** No haber asistido a las diligencias que se practicaren con intervención del inculpado durante la averiguación previa y durante el proceso;

**c)** No haber ofrecido y aportado las pruebas necesarias para la defensa del inculpado;

**VIII.-** Por haberse hecho la insaculación de jurados en forma distinta de la prevenida por este Código;

**IX.-** Por no haberse aceptado injustificadamente al acusado o a su defensor, la recusación de alguno o algunos de los jurados hecha en la forma y términos legales;

**X.-** Por no haberse integrado el jurado por el número de personas que señale la ley o por carecer alguna de ellas de algún requisito legal;

**XI.-** Por haberse sometido a la resolución del jurado cuestiones de distinta índole de las que la ley señale;

**XII.-** Por haber sido juzgado el acusado por un tribunal de derecho, debiendo haberlo sido por el Jurado, o viceversa;

**Exhibit 1, Page 86**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**XIII.-** Por habérsele condenado por hechos distintos de los que fueron considerados en las conclusiones del Ministerio Público;

**XIV.-** Por haberse negado a alguna de las partes los recursos procedentes, o por haberse resuelto la revocación en forma contraria a derecho; y

**XV.-** Por haberse tenido en cuenta una diligencia que, conforme a la ley, fuese nula.

**Artículo 389.**- Notificado el fallo a las partes, se remitirá desde luego la ejecutoria al tribunal de primera instancia, devolviéndole el expediente, en su caso.

**Artículo 390.**- Siempre que el tribunal de apelación encuentre que se retardó indebidamente el despacho del asunto o que se violó la ley durante el procedimiento judicial, si esas violaciones no ameritan que sea repuesto el procedimiento ni que se revoque o modifique la resolución de que se trate, llamará la atención al inferior y podrá imponerle una corrección disciplinaria, o consignarlo al Ministerio Público si la violación constituye delito.

**Artículo 391.**- Cuando el tribunal de apelación notare que el defensor faltó a sus deberes: por no haber interpuesto los recursos que procedían; por haber abandonado los interpuestos, cuando de las constancias de autos apareciere que debían prosperar; por no haber alegado circunstancias probadas en el proceso y que habrían favorecido notablemente al inculpado, o por haber alegado hechos no probados en autos, podrá imponerle una corrección disciplinaria o consignarlo al Ministerio Público si procediere. Si el defensor fuere de oficio, el tribunal deberá, además, dar cuenta al superior de aquél, llamándole la atención sobre la negligencia o ineptitud de dicho defensor.

## CAPITULO III
## Denegada apelación

**Artículo 392.**- El recurso de denegada apelación procede cuando ésta se haya negado, o cuando se conceda sólo en el efecto devolutivo siendo procedente en ambos, aun cuando el motivo de la denegación sea que no se considera como parte al que intente el recurso.

**Artículo 393.**- El recurso se interpondrá verbalmente o por escrito, dentro de los tres días siguientes al en que se notifique la resolución que niegue la apelación.

**Artículo 394.**- Interpuesto el recurso, el tribunal, sin más substanciación, mandará expedir dentro de tres días, certificado en el que brevemente expondrá la naturaleza y estado de las actuaciones, el punto sobre que recayó el auto apelado e insertará éste a la letra, así como el que lo haya declarado inapelable.

**Artículo 395.**- Cuando el tribunal de primera instancia no cumpliere con lo prevenido en el artículo anterior, el interesado podrá ocurrir por escrito ante el de apelación, el cual mandará que el inferior remita el certificado dentro de veinticuatro horas, sin perjuicio de la responsabilidad a que hubiere lugar.

**Artículo 396.**- Recibido por el promovente el certificado, deberá presentarlo ante el tribunal de apelación dentro del término de tres días contados desde que se le entregue, si el tribunal reside en el mismo lugar. Si reside en otro, el de primera instancia señalará además de los tres días, el término que sea necesario, atendidas las distancias y los medios de comunicación, sin que el término total pueda exceder de treinta días.

**Artículo 397.**- El tribunal de apelación, sin más trámite, citará para sentencia y pronunciará ésta dentro de los cinco días siguientes a la notificación.



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**Artículo 398**.- Si la apelación se declara admisible, o se varía el grado, se pedirá el testimonio o el expediente, en su caso, al tribunal de primera instancia para substanciar la segunda.

## CAPITULO IV
## Queja

**Artículo 398 Bis**.- El recurso de queja procede contra las conductas omisivas de los Jueces de Distrito que no emitan las resoluciones o no señalen la práctica de diligencias dentro de los plazos y términos que señale la ley, o bien, que no cumplan las formalidades o no despachen los asuntos de acuerdo a lo establecido en este Código.

La queja podrá interponerse en cualquier momento a partir de que se produjo la situación que la motiva, y se interpondrá por escrito ante el Tribunal Unitario de Circuito que corresponda.

En las hipótesis previstas en el artículo 142, el recurso lo interpondrá el Ministerio Público.

El Tribunal Unitario de Circuito, en el plazo de cuarenta y ocho horas, le dará entrada al recurso y requerirá al Juez de Distrito, cuya conducta omisiva haya dado lugar al recurso, para que rinda informe dentro del plazo de tres días.

Transcurrido este plazo, con informe o sin él, se dictará la resolución que proceda. Si se estima fundando el recurso, el Tribunal Unitario requerirá al Juez de Distrito para que cumpla las obligaciones determinadas en la ley. La falta del informe al que se refiere el párrafo anterior, establece la presunción de ser cierta la omisión atribuida y hará incurrir al juez en multa de diez a cien veces el salario mínimo vigente en el momento y lugar en que hubiese ocurrido la omisión.

## TITULO DECIMO PRIMERO
## Incidentes

## Sección Primera
## Incidentes de Libertad

## CAPITULO I
## Libertad provisional bajo caución

**Artículo 399**.- Todo inculpado tendrá derecho durante la averiguación previa o el proceso a ser puesto en libertad provisional, inmediatamente que lo solicite, si se reúnen los siguientes requisitos:

**I.-** Que garantice el monto estimado de la reparación del daño

Tratándose de delitos que afecten la vida o la integridad corporal, el monto de la reparación no podrá ser menor del que resulte aplicándose las disposiciones relativas de la Ley Federal del Trabajo;

**II.-** Que garantice las sanciones pecuniarias que en su caso puedan imponérsele;

**III.-** Que caucione el cumplimiento de las obligaciones a su cargo, que la ley establece en razón del proceso; y

**IV.-** Que no se trate de alguno de los delitos calificados como graves en el artículo 194.

La caución a que se refiere la fracción III y las garantías a que se refieren las fracciones I y II, podrán consistir en depósito en efectivo, fianza, prenda, hipoteca o fideicomiso formalmente constituido.

**Exhibit 1, Page 88**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN                                    *Última Reforma DOF 23-01-2009*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**Artículo 399 Bis.-** En caso de delitos no graves, el Juez podrá negar a solicitud del Ministerio Público, la libertad provisional del inculpado, cuando éste haya sido condenado con anterioridad, por algún delito calificado como grave por la ley o, cuando el Ministerio Público aporte elementos al Juez para establecer que la libertad del inculpado representa, por su conducta precedente o por las circunstancias y características del delito cometido, un riesgo particularmente para la víctima u ofendido y testigos o, en general, para la sociedad.

Por conducta precedente o circunstancias y características del delito cometido, según corresponda, se entenderán, cuando:

**I.** El inculpado sea delincuente habitual o reincidente por delitos dolosos, en términos de lo dispuesto por el Código Penal Federal.

**II.** El inculpado esté sujeto a otro u otros procesos penales anteriores, en los cuales se le haya dictado auto de formal prisión por el mismo género de delitos;

**III.** El inculpado se haya sustraído a la acción de la justicia y esté sujeto a un procedimiento penal por delito doloso por el cual haya sido extraditado;

**IV.** El inculpado se haya sustraído con anterioridad a la acción de la justicia impidiendo con ello la continuidad del proceso penal correspondiente;

**V.** El Ministerio Público aporte cualquier otro elemento probatorio de que el inculpado se sustraerá a la acción de la justicia, si la libertad provisional le es otorgada;

**VI.** Exista el riesgo fundado de que el inculpado cometa un delito doloso contra la víctima u ofendido, alguno de los testigos que depongan en su contra, servidores públicos que intervengan en el procedimiento, o algún tercero, si la libertad provisional le es otorgada;

**VII.** Se trate de delito cometido con violencia, en asociación delictuosa o pandilla, o

**VIII.** El inculpado haya cometido el delito bajo el influjo de estupefacientes o sustancias psicotrópicas.

**Artículo 399 ter**.- El juez podrá en todo caso revocar la libertad provisional concedida al inculpado cuando aparezca durante el proceso cualesquiera de las causas previstas en el artículo anterior y así lo solicite el Ministerio Público.

**Artículo 400.-** A petición del procesado o su defensor, la caución que garantice el cumplimiento de las obligaciones que la ley establece a cargo del primero en razón del proceso, se reducirá en la proporción que el juez estime justa y equitativa, por cualquiera de las circunstancias siguientes:

**I.-** El tiempo que el procesado lleve privado de su libertad;

**II.-** La disminución acreditada de las consecuencias o efectos del delito;

**III.-** La imposibilidad económica demostrada para otorgar la caución señalada inicialmente, aun con pagos parciales;

**IV.-** El buen comportamiento observado en el centro de reclusión de acuerdo con el informe que rinda el Consejo Técnico Interdisciplinario; y

**Exhibit 1, Page 89**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**V.-** Otras que racionalmente conduzcan a crear seguridad de que no procurará substraerse a la acción de la justicia.

La petición de reducción se tramitará en Incidente que se substanciará conforme a las reglas señaladas en el artículo 494.

Las garantías a que se refieren las fracciones I y II del artículo 399 sólo podrán ser reducidas en los términos expuestos en el primer párrafo del presente artículo, cuando se verifique la circunstancia señalada en la fracción III de este artículo. En este caso, si se llegare a acreditar que para obtener la reducción el inculpado simuló su insolvencia, o bien, que con posterioridad a la reducción de la caución recuperó su capacidad económica para cubrir los montos de las garantías inicialmente señaladas, de no restituir éstas en el plazo que el juez señale para ese efecto, se le revocará la libertad provisional que tenga concedida.

**Artículo 401**.- Si se negare la libertad caucional podrá solicitarse de nuevo y concederse por causas supervenientes.

**Artículo 402**.- El monto de la caución relacionada con la fracción III del artículo 399, deberá ser asequible para el inculpado y se fijará tomando en cuenta:

**I.-** Los antecedentes del inculpado;

**II.-** La gravedad y circunstancias del delito imputado;

**III.-** El mayor o menor interés que pueda tener el inculpado en substraerse a la acción de la justicia;

**IV.-** Las condiciones económicas del inculpado; y

**V.-** La naturaleza de la garantía que se ofrezca.

**Artículo 403**.- La naturaleza de la caución quedará a elección del inculpado, quien al solicitar la libertad, manifestará la forma que elige, para los efectos de la fracción V del artículo anterior. En caso de que el inculpado, su representante o su defensor, no hagan la manifestación mencionada, el tribunal, de acuerdo con el artículo que antecede, fijará las cantidades que correspondan a cada una de las formas de la caución.

**Artículo 404**.- La caución consistente en depósito en efectivo, se hará por el inculpado o por terceras personas en la institución de crédito autorizada para ello. El certificado correspondiente se depositará en la caja de valores del tribunal, asentándose constancia de ello en autos. Cuando por razón de la hora o por ser día inhábil no pueda constituirse el depósito directamente en la institución mencionada, el tribunal recibirá la cantidad exhibida y la mandará depositar en aquélla el primer día hábil.

Cuando el inculpado no tenga recursos económicos suficientes para efectuar de una sola exhibición el depósito en efectivo, el juez podrá autorizarlo para que lo efectúe en parcialidades, de conformidad con las siguientes reglas:

**I.-** Que el inculpado tenga cuando menos un año de residir en forma efectiva en el lugar en que se siga el proceso, y demuestre estar desempeñando empleo, profesión u ocupación lícitos que le provean medios de subsistencia;

**II.-** Que el inculpado tenga fiador personal que, a juicio del juez, sea solvente e idóneo y dicho fiador proteste hacerse cargo de las exhibiciones no efectuadas por el inculpado. El juez podrá eximir de esta obligación, para lo cual deberá motivar su resolución;

**Exhibit 1, Page 90**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**III.-** El monto de la primera exhibición no podrá ser inferior al quince por ciento del monto total de la caución fijada, y deberá efectuarse antes de que se obtenga la libertad provisional; y

**IV.-** El inculpado deberá obligarse a efectuar las exhibiciones por los montos y en los plazos que le fije el juez.

**Artículo 405.-** Cuando la garantía consista en hipoteca, el inmueble no deberá tener gravamen alguno y su valor fiscal no deberá ser menor que la suma fijada como caución más la cantidad que el juez estime necesaria para cubrir los gastos destinados a hacer efectiva la garantía en los términos del artículo 414 de este Código.

Cuando la garantía consista en prenda su valor de mercado será, cuando menos, de dos veces el monto de la suma fijada como caución. En este caso el tribunal expedirá el certificado de depósito correspondiente.

**Artículo 406.-** Cuando se ofrezca como garantía fianza personal por cantidad que no exceda del equivalente a cien veces el salario mínimo general vigente para el Distrito Federal, quedará bajo la responsabilidad del tribunal la apreciación que haga de la solvencia e idoneidad del fiador.

**Artículo 407**.- Cuando la fianza exceda del equivalente a cien veces el salario mínimo general vigente para el Distrito Federal, se regirá por lo dispuesto en los artículos 2851 a 2855 del Código Civil, con la salvedad de que, tratándose de instituciones legalmente constituidas y autorizadas para ello, no será necesario que éstas tengan bienes raíces inscritos en el Registro Público de la Propiedad.

**Artículo 408.-** Los bienes inmuebles de los fiadores deben tener un valor fiscal no menor que la suma fijada como caución, más la cantidad que el juez estime necesaria para cubrir los gastos destinados a hacer efectiva la garantía en los términos del artículo 414 de este Código.

**Artículo 409.-** Las fianzas de que habla este Capítulo se extenderán en la misma pieza de autos o se agregarán a éstos.

**Artículo 410.-** El fiador, excepto cuando se trate de las instituciones o empresas mencionadas en el artículo 407, declarará ante el tribunal bajo protesta de decir verdad, si ha otorgado con anterioridad alguna otra fianza judicial y, en su caso, la cuantía y circunstancias de la misma, para que esa declaración se tome en cuenta al calificar su solvencia.

**Artículo 411.-** Al notificarse al inculpado el auto que le conceda la libertad caucional, se le hará saber que contrae las siguientes obligaciones: presentarse ante el tribunal que conozca de su caso los días fijos que se estime conveniente señalarle y cuantas veces sea citado o requerido para ello; comunicar al mismo tribunal los cambios de domicilio que tuviere, y no ausentarse del lugar sin permiso del citado tribunal, el que no se lo podrá conceder por tiempo mayor de un mes.

También se le harán saber las causas de revocación de la libertad caucional.

En la notificación se hará constar que se hicieron saber al acusado las anteriores obligaciones y las causas de revocación; pero la omisión de este requisito no librará de ellas ni de sus consecuencias al inculpado.

**Artículo 412.-** Cuando el inculpado haya garantizado por sí mismo su libertad con depósito, prenda, hipoteca o fideicomiso, aquélla se le revocará en los casos siguientes:

**Exhibit 1, Page 91**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**I.-** Cuando desobedeciere, sin causa justa y comprobada, las órdenes legítimas del tribunal que conozca de su asunto, o no efectúe las exhibiciones dentro de los plazos fijados por el tribunal, en caso de habérsele autorizado a efectuar el depósito en parcialidades;

**II.-** Cuando fuere sentenciado por un nuevo delito intencional que merezca pena de prisión, antes de que el expediente en que se le concedió la libertad esté concluido por sentencia ejecutoria;

**III.** Cuando, por sí o por interpósita persona, amenazare o intimidare a la víctima u ofendido o a algún testigo de los que hayan depuesto o tengan que deponer en su asunto o tratare de cohechar o sobornar a alguno de estos últimos, a algún funcionario del tribunal, o al Agente del Ministerio Público que intervengan en el caso;

**IV.-** Cuando lo solicite el mismo inculpado y se presente al tribunal.

**V.-** Cuando aparezca con posterioridad que le corresponde al inculpado una pena que no permita otorgar la libertad.

**VI.-** Cuando en el proceso cause ejecutoria la sentencia dictada en primera o segunda instancia.

**VII.-** Cuando el inculpado no cumpla con algunas de las obligaciones a que se refiere el artículo 411.

**VIII.-** En el caso señalado en la parte final del último párrafo del artículo 400.

**Artículo 413**.- Cuando un tercero haya garantizado la libertad del inculpado por medio de depósito en efectivo, de fianza, prenda, hipoteca o fideicomiso, aquélla se revocará:

**I.-** En los casos que se mencionan en el artículo anterior.

**II.-** Cuando el tercero pida que se le releve de la obligación y presente al inculpado.

**III.-** Cuando con posterioridad se demuestre la insolvencia del fiador.

**IV.-** En el caso del artículo 416.

**V.-** En el caso señalado en la parte final del artículo 400.

**Artículo 414**.- En los casos de las fracciones I y VII del artículo 412 se mandará reaprehender al inculpado y la caución se hará efectiva, a cuyo efecto el tribunal enviará el certificado de depósito o el testimonio de la hipoteca a la autoridad fiscal para su cobro.

En los casos de las fracciones II, III, V y VI del mismo artículo y III del artículo 413, se ordenará la reaprehensión del inculpado. En los de las fracciones IV del artículo 412 y II del 413, se remitirá al inculpado al establecimiento que corresponda.

**Artículo 415**.- El tribunal ordenará la devolución del depósito o mandará cancelar la garantía:

**I.-** Cuando de acuerdo con el artículo anterior se remita al inculpado al establecimiento correspondiente.

**II.-** En los casos de las fracciones II, III, V y VI del artículo 412, cuando se haya obtenido la reaprehensión del inculpado.

**III.-** Cuando se decrete el sobreseimiento en el asunto o la libertad del inculpado.

**Exhibit 1, Page 92**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**IV.-** Cuando el acusado sea absuelto.

**V.-** Cuando resulte condenado el acusado y se presente a cumplir su condena.

**Artículo 416**.- Cuando un tercero haya constituido depósito, fianza, prenda, hipoteca o fideicomiso, para garantizar la libertad de un inculpado, las órdenes para que comparezca éste se entenderán con aquél. Si no pudiere desde luego presentarlo, el tribunal podrá otorgarle un plazo hasta de treinta días para que lo haga, sin perjuicio de librar orden de aprehensión si lo estima oportuna. Si concluido el plazo concedido no se obtiene la comparecencia del inculpado, se ordenará su reaprehensión y se hará efectiva la garantía en los términos del primer párrafo del artículo 414.

**Artículo 417**.- En los casos del primer párrafo del artículo 414 y de la última parte del artículo 416, la autoridad fiscal conservará en su poder el importe de la caución que se haya hecho efectiva, entretanto se resuelve sobre la sanción pecuniaria, para los efectos del último párrafo del artículo 35 del Código Penal.

## CAPITULO II
## Libertad provisional bajo protesta

**Artículo 418**.- La libertad bajo protesta podrá decretarse siempre que concurran las circunstancias siguientes:

**I.-** Que se trate de delitos cuya pena máxima no exceda de tres años de prisión. Tratándose de personas de escasos recursos, el juez podrá conceder este beneficio cuando la pena privativa de libertad no exceda de cuatro años.

**II.-** Que el inculpado no haya sido condenado por delito intencional.

**III.-** Que éste tenga domicilio fijo y conocido en el lugar en donde se sigue o deba seguirse el proceso, o dentro de la jurisdicción del tribunal respectivo;

**IV.-** Que la residencia del inculpado en dicho lugar sea de un año cuando menos;

**V.-** Que el inculpado tenga profesión, oficio, ocupación o modo honesto de vivir; y

**VI.-** Que a juicio de la autoridad que la conceda no haya temor de que el inculpado se substraiga a la acción de la justicia.

La libertad bajo protesta se substanciará en la forma establecida para los incidentes no especificados.

Serán aplicables a la libertad bajo protesta, las disposiciones contenidas en el artículo 411.

**Artículo 419**.- Será igualmente puesto en libertad bajo protesta el inculpado, sin los requisitos del artículo anterior, cuando cumpla la pena impuesta en primera instancia, estando pendiente el recurso de apelación. Los tribunales acordarán de oficio la libertad de que trata este artículo.

Si sólo apeló el sentenciado, no se revocará la libertad bajo protesta, salvo que se esté en el caso previsto en la fracción IV del artículo 421.

**Artículo 420**.- El auto en que se conceda la libertad bajo protesta, no surtirá sus efectos hasta que el inculpado proteste formalmente presentarse ante el tribunal que conozca del asunto siempre que se le ordene.

**Exhibit 1, Page 93**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**Artículo 421**.- La libertad bajo protesta se revocará en los casos siguientes:

**I.-** Cuando el inculpado desobedeciere sin causa justa y probada la orden de presentarse al tribunal que conozca de su proceso.

**II.-** Cuando cometiere un nuevo delito, antes de que el proceso en que se le concedió la libertad esté concluido por sentencia ejecutoria.

**III.** Cuando por sí o por interpósita persona, amenazare o intimidare a la víctima u ofendido o a algún testigo de los que hayan depuesto o tengan que deponer en su proceso o tratare de cohechar o sobornar a alguno de estos últimos, a algún funcionario del tribunal, o al Agente del Ministerio Público que intervengan en su proceso;

**IV.-** Cuando en el curso del proceso apareciere que el delito merece una pena mayor que la señalada en la fracción I del artículo 418.

**V.-** Cuando dejare de concurrir alguna de las condiciones expresadas en las fracciones III, V y VI del artículo 418.

**VI.-** Cuando recaiga sentencia condenatoria contra el inculpado y ésta cause ejecutoria.

## CAPITULO III
## Libertad por desvanecimiento de datos

**Artículo 422**.- La libertad por desvanecimiento de datos procede en los siguientes casos:

**I.-** Cuando en cualquier estado de la instrucción y después de dictado el auto de formal prisión aparezca plenamente desvanecidos los datos que sirvieron para comprobar el cuerpo del delito, o

**II.-** Cuando en cualquier estado de la instrucción y sin que hubieren aparecido datos posteriores de responsabilidad, se hayan desvanecido plenamente los considerados en el auto de formal prisión para tener al detenido como presunto responsable.

**Artículo 423**.- Para substanciar el incidente respectivo, hecha la petición por alguna de las partes, el tribunal la citará a una audiencia dentro del término de cinco días, a las que el Ministerio Público deberá asistir.

La resolución que proceda se dictará dentro de las setenta y dos horas siguientes a la en que se celebró la audiencia.

**Artículo 424**.- La solicitud del Ministerio Público para que se conceda la libertad por desvanecimiento de datos no implica el desistimiento de la acción penal. En consecuencia, el tribunal puede negar dicha libertad a pesar de la petición favorable del Ministerio Público, salvo que se esté en el caso previsto por el artículo 138.

**Artículo 425**.- Cuando el inculpado solamente haya sido declarado sujeto a proceso, se podrá promover el incidente a que se refiere este capítulo, para que quede sin efecto esa declaración.

**Artículo 426**.- La resolución que conceda la libertad tendrá los mismos efectos que el auto de libertad por falta de elementos para procesar, quedando expeditos el derecho del Ministerio Público para pedir nuevamente la aprehensión del inculpado y la facultad del tribunal para dictar nuevo auto de formal prisión, si aparecieren posteriormente datos que les sirvan de fundamento y siempre que no se varíen los

**Exhibit 1, Page 94**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

hechos delictuosos motivo del procedimiento. Cuando la libertad se resuelva con apoyo en la fracción I del artículo 422, tendrá efectos definitivos y se sobreseerá el proceso.

## Sección Segunda
## Incidentes Diversos

## CAPITULO I
## Substanciación de las competencias

**Artículo 427.**- Las cuestiones de competencia pueden iniciarse por declinatoria o por inhibitoria.

Cuando se hubiere optado por uno de estos medios, no se podrá abandonar para recurrir al otro ni emplear los dos sucesivamente, pues se deberá pasar por el resultado de aquel que se hubiere preferido.

**Artículo 428.**- La declinatoria se intentará ante el tribunal que conozca del asunto pidiéndole que se abstenga del conocimiento del mismo y que remita las actuaciones al tribunal que se estime competente.

**Artículo 429.**- La declinatoria podrá promoverse en cualquier estado del procedimiento judicial. Si se opusiere durante la instrucción, el tribunal que conozca del asunto podrá seguir actuando válidamente hasta que el Ministerio Público y la defensa formulen conclusiones.

**Artículo 430.**- Propuesta la declinatoria el tribunal mandará dar vista de la solicitud a las otras partes por el término de tres días comunes y resolverá lo que corresponda dentro de los seis días siguientes.

**Artículo 431.**- La declinatoria puede iniciarse y sostenerse de oficio por los tribunales y para el efecto se oirá la opinión del Ministerio Público y se resolverá lo que se estime procedente remitiéndose, en su caso, las actuaciones por conducto del Ministerio Público a la autoridad que se juzgue competente.

**Artículo 432.**- La competencia por declinatoria no podrá resolverse hasta después de que se practiquen las diligencias que no admitan demora, y en caso de que haya detenido de haberse dictado el auto de formal prisión o el de libertad por falta de elementos para procesar.

**Artículo 433.**- El tribunal que reciba las actuaciones que le remita el que se hubiese declarado incompetente, oirá al Ministerio Público dentro de tres días y resolverá en el plazo de seis días si reconoce su competencia. Si no la reconoce remitirá las audiencias al tribunal de competencia con su opinión, comunicándole al tribunal que hubiere enviado el expediente. Si el tribunal que reciba las actuaciones conforme a lo previsto en la primera parte de este artículo, no resuelve dentro del plazo señalado, se procederá como en la queja.

**Artículo 434.**- La inhibitoria se intentará ante el tribunal a quien se crea competente para que se aboque al conocimiento del asunto, pero nunca se podrá intentar para que deje de conocer el juez cuya competencia se haya establecido por razones de alta seguridad.

**Artículo 435.**- El que promueva la inhibitoria puede desistirse de ella antes de que sea aceptada por los tribunales; mas una vez que éstos la acepten, continuará substanciándose hasta su decisión.

**Artículo 436.**- El tribunal mandará dar vista al Ministerio Público cuando no proviniere de éste la instancia, por el término de tres días, y si estimare que es competente para conocer del asunto, librará oficio inhibitorio al tribunal que conozca del negocio, a efecto de que le remita el expediente.

**Artículo 437.**- Luego que el tribunal requerido reciba la inhibitoria, señalará tres días al Ministerio Público y otros tres comunes a las demás partes, si las hubiere, para que se impongan de lo actuado; los

**Exhibit 1, Page 95**



CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

citará para una audiencia que se efectuará dentro de las veinticuatro horas siguientes, concurran o no los citados; y resolverá lo que corresponda dentro de tres días. Si la resolución es admitiendo su incompetencia, remitirá desde luego los autos al tribunal requirente.

Si la resolución fuere sosteniendo su competencia, remitirá el incidente al tribunal de competencias comunicando este trámite al requeriente para que a su vez remita sus actuaciones al tribunal que deba decidir la controversia.

**Artículo 438**.- Los incidentes sobre competencias se tramitarán siempre por separado.

**Artículo 439**.- El tribunal de competencias en los casos de los artículos 433 y 437, dará vista al Ministerio Público por el término de seis días y resolverá lo que corresponda dentro de los quince días siguientes, remitiendo las actuaciones al tribunal que declare competente.

**Artículo 440**.- Lo actuado por un tribunal incompetente será válido si se tratare de tribunal del mismo fuero. Si se tratare de distinto fuero, el tribunal federal dictará auto declarando que queda abierta la instrucción para que las partes promuevan las diligencias de prueba que estimen convenientes, procediéndose en enseguida conforme a las demás disposiciones de este Código.

**Artículo 441**.- Cuando la competencia se resuelva en favor del fuero que haya conocido del asunto, el tribunal de competencias se limitará a devolver las actuaciones al tribunal que las haya remitido.

**Artículo 442**.- En la substanciación de las competencias, una vez transcurridos los términos se proveerá de oficio el trámite que corresponda.

**Artículo 443**.- En todas las controversias de competencia, será oído el Ministerio Público.

## CAPITULO II
### Impedimentos, excusas y recusaciones

**Artículo 444**.- Los magistrados y jueces deben excusarse en los asuntos en que intervengan, por cualquiera de las causas de impedimento que señale la Ley Orgánica del Poder Judicial de la Federación.

**Artículo 445**.- Las causas de impedimento no pueden dispensarse por voluntad de las partes.

**Artículo 446**.- El impedimento se calificará por el superior a quien correspondería juzgar de una recusación, en vista del informe que, dentro de tres días, rinda el juez o magistrado. Contra la resolución que se dicte no habrá recurso alguno.

**Artículo 447**.- Cuando un juez o magistrado no se excuse a pesar de tener algún impedimento, procederá la recusación.

No son admisibles las recusaciones sin causa. En todo caso se expresará concreta y claramente la que exista, y siendo varias se propondrán al mismo tiempo, salvo que se trate de alguna superveniente, la que se propondrá cuando ocurra.

**Artículo 448**.- La recusación puede interponerse en cualquier tiempo, pero no después de que se haya citado para sentencia de primera instancia o para la vista en los tribunales superiores, y la promovida no suspenderá la instrucción ni la tramitación del recurso pendiente. Si se interpusiere en contra de un juez o magistrado, se suspenderá la celebración del juicio y, en su caso, la audiencia para la resolución del asunto en los tribunales superiores.

**Exhibit 1, Page 96**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**Artículo 449**.- Si después de la citación para sentencia o para la vista, hubiere cambio en el personal de un tribunal, la recusación sólo será admisible si se propone dentro de los tres días siguientes al en que se notifique el auto a que se refiere el artículo 37.

**Artículo 450**.- Toda recusación que no fuere promovida en tiempo y forma, será desechada de plano.

**Artículo 451**.- Cuando el juez o magistrado estimen cierta y legal la causa de recusación, sin audiencia de las partes se declararán inhibidos y mandarán que pase el asunto a quien corresponda.

**Artículo 452**.- Cuando los funcionarios a que se refiere el artículo anterior estimen que no es cierta o que no es legal la causa alegada, señalarán al recusante el término de cuarenta y ocho horas para que ocurra ante el superior que deba conocer de la recusación.

Si éste estuviere en diferente lugar del en que reside el funcionario recusado, además de las cuarenta y ocho horas indicadas, se concederá otro término que será el suficiente teniendo en cuenta la mayor o menor dificultad en las comunicaciones.

Si dentro de los términos de que trata este artículo no se presenta el recusante al superior, se le tendrá por desistido.

**Artículo 453**.- Interpuesta la recusación, el recusado deberá dirigir oficio al superior que deba calificar aquélla, con inserción del escrito en que se haya promovido, del proveído correspondiente y de las constancias que sean indispensables, a juicio del mismo recusado, y de las que señalare el recusante.

**Artículo 454**.- En el caso del artículo 452 recibido el escrito de la parte que haya promovido la recusación por quien deba conocer de ella, se pedirá informe al funcionario recusado, quien lo rendirá dentro del término de veinticuatro horas.

**Artículo 455**.- Dentro de cinco días, contados desde el siguiente al en que se reciban los oficios a que se refieren los dos artículos anteriores, se resolverá si es legal o no la causa de recusación que se hubiere alegado.

Si la resolución fuere afirmativa y la causa se hubiere fundado en hechos que no estuvieren justificados, se abrirá el incidente a prueba por un término que no excederá de diez días.

**Artículo 456**.- Concluido el término probatorio, dentro de las cuarenta y ocho horas siguientes, se pronunciará la resolución contra la que no habrá recurso alguno.

**Artículo 457**.- Cuando se deseche la recusación se impondrá al recusante una multa de diez a cien pesos.

**Artículo 458**.- Admitido un impedimento o calificada como legal la causa de una recusación, el impedido o recusado quedará definitivamente separado del conocimiento del asunto, del cual conocerá el tribunal a quien corresponda conforme a la Ley Orgánica del Poder Judicial de la Federación.

**Artículo 459**.- No procede la recusación:

**I.-** Al cumplimentar exhortos.

**II.-** En los incidentes de competencia.

**III.-** En la calificación de los impedimentos o recusaciones.

**Exhibit 1, Page 97**

Case 2:04-cv-09049-DOC-RNB   Document 5864-4   Filed 07/01/09   Page 95 of 217   Page ID #:189834


**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**
*Última Reforma DOF 23-01-2009*

**Artículo 460**.- Los secretarios y los actuarios de los tribunales quedan comprendidos en lo dispuesto en este capítulo, con las modificaciones que determinan los tres siguientes artículos.

**Artículo 461**.- De los incidentes conocerá el juez o magistrado de quien dependa el impedido o recusado.

**Artículo 462**.- Alegado el impedimento o admitida la recusación, el secretario o actuario pasará el asunto a quien deba substituirle conforme a la ley.

**Artículo 463**.- Reconocida por el recusado como cierta la causa de recusación, o admitido como legítimo el impedimento, el juez o magistrado declarará, sin más trámite, impedido para actuar en el negocio al secretario o actuario de quien se trate.

Si se declara que el impedimento o la recusación no es procedente, el secretario o el actuario continuará actuando en la causa.

Contra la resolución respectiva no cabe recurso alguno.

**Artículo 464**.- Los jurados, funcionarios del Ministerio Público y defensores de oficio, deben excusarse en los asuntos en que intervengan, por cualquiera de las causas de impedimento que señalen las Leyes Orgánicas o Reglamentarias respectivas.

**Artículo 465**.- Los impedimentos de los funcionarios del Ministerio Público serán calificados por quienes designe la ley que reglamente la Institución.

**Artículo 466**.- Las excusas de los defensores de oficio serán calificadas por el tribunal que conozca del asunto.

**Artículo 467**.- Las excusas voluntarias de los jurados serán calificadas en los términos que señale la Ley Orgánica del Poder Judicial de la Federación.

## CAPITULO III
### Suspensión del procedimiento

**Artículo 468**.- Iniciado el procedimiento judicial, no podrá suspenderse sino en los casos siguientes:

**I.-** Cuando el responsable se hubiere substraído a la acción de la justicia.

**II.-** Cuando se advierte que se está en alguno de los casos señalados en las fracciones I y II del artículo 113.

**III.-** Cuando enloquezca el procesado, cualquiera que sea el estado del proceso.

**IV.-** Cuando no exista auto de formal prisión o de sujeción a proceso y se llenen además los requisitos siguientes:

**a).-** Que aunque no esté agotada la averiguación haya imposibilidad transitoria para practicar las diligencias que resulten indicadas en ella;

**b).-** Que no haya base para decretar el sobreseimiento; y

**c).-** Que se desconozca quién es el responsable del delito.

**Exhibit 1, Page 98**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**V.-** En los demás casos en que la ley ordene expresamente la suspensión del procedimiento.

La suspensión fundada en los supuestos de las fracciones I y III no impide que, a requerimiento del Ministerio Público o del ofendido o sus representantes, adopte el juzgador medidas precautorias patrimoniales en los términos del artículo 149.

**Artículo 469**.- Lo dispuesto en la fracción I del artículo anterior se entiende sin perjuicio de que, en su oportunidad, se practiquen todas las diligencias que sean procedentes para comprobar la existencia del delito y la responsabilidad del prófugo, y para lograr su captura.

La substracción de un inculpado a la acción de la justicia no impedirá la continuación del procedimiento, respecto de los demás inculpados que se hallaren a disposición del tribunal.

**Artículo 470**.- Lograda la captura del prófugo, el proceso continuará su curso, sin que se repitan las diligencias ya practicadas, a menos que el tribunal lo estime indispensable.

**Artículo 471**.- Cuando se haya decretado la suspensión del procedimiento en los casos a que se refieren las fracciones II, III y IV del artículo 468, se continuará tan luego como desaparezcan las causas que lo motivaron.

**Artículo 472**.- El tribunal resolverá de plano sobre la suspensión del procedimiento, de oficio, a petición del Ministerio Público o del inculpado o su representante, en lo procedente, fundada en cualquiera de las causas a que se refiere el artículo 468.

## CAPITULO IV
### Acumulación de autos

**Artículo 473**.- La acumulación tendrá lugar:

**I.-** En los procesos que se sigan contra una misma persona, en los términos del artículo 18 del Código Penal.

**II.-** En los que se sigan en investigación de delitos conexos.

**III.-** En los que se sigan contra los copartícipes de un mismo delito.

**IV.-** En los que se sigan en investigación de un mismo delito contra diversas personas.

**Artículo 474**.- No procederá la acumulación si se trata de diversos fueros, excepto lo previsto por el artículo 10, párrafos segundo y tercero.

**Artículo 475**.- Los delitos son conexos:

**I.-** Cuando han sido cometidos por varias personas unidas.

**II.-** Cuando han sido cometidos por varias personas, aunque en diversos tiempos y lugares, pero a virtud de concierto entre ellas.

**III.-** Cuando se ha cometido un delito: para procurarse los medios de cometer otro, para facilitar su ejecución, para consumarlo, o para asegurar la impunidad.

**Artículo 476**.- La acumulación no podrá decretarse en los procesos después de cerrada la instrucción.

**Exhibit 1, Page 99**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNION
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**Artículo 477**.- Cuando alguno de los procesos ya no estuviere en estado de instrucción, pero tampoco estuviere concluido, o cuando no sea procedente la acumulación conforme a este capítulo, el tribunal cuya sentencia cause ejecutoria la remitirá en copia certificada al tribunal que conozca del otro proceso para los efectos de la aplicación de las sanciones.

**Artículo 478**.- Si los procesos se siguen en el mismo tribunal, la acumulación podrá decretarse de oficio sin substanciación alguna.

Si la promoviere alguna de las partes, el tribunal las oirá en audiencia verbal que tendrá lugar dentro de tres días y, sin más trámite, resolverá dentro de los tres siguientes, pudiendo negarla cuando a su juicio dificulte la investigación.

**Artículo 479**.- Si los procesos se siguen en diversos tribunales, será competente para conocer de todos los que deban acumularse el tribunal que conociere de las diligencias más antiguas; y si éstas se comenzaron en la misma fecha, el que designare el Ministerio Público.

**Artículo 480**.- La acumulación deberá promoverse ante el tribunal que, conforme al artículo anterior, sea competente; y el incidente a que dé lugar se substanciará en la forma establecida para las competencias por inhibitoria.

**Artículo 481**.- Los incidentes de acumulación se substanciarán por separado sin suspenderse el procedimiento.

**Artículo 482**.- Serán aplicables las disposiciones de este capítulo a las averiguaciones que se practiquen por los tribunales, aun cuando no exista auto de formal prisión o de sujeción a proceso.

## CAPITULO V
## Separación de autos

**Artículo 483**.- El juez que conozca de un proceso seguido contra varios sujetos, ordenará la separación de procesos, únicamente cuando alguno de aquéllos solicite el cierre de la instrucción, en tanto que otro se oponga a ello.

**Artículo 484**.- (Se deroga).

**Artículo 485**.- (Se deroga).

**Artículo 486**.- (Se deroga).

**Artículo 487**.- El incidente sobre separación de autos se substanciará por separado, en la misma forma que el de acumulación sin suspender el procedimiento.

**Artículo 488**.- Cuando varios tribunales conocieren de procesos cuya separación se hubiere decretado, el que primero pronuncie sentencia ejecutoria procederá en los términos del artículo 477.

## CAPITULO VI
## Reparación del daño exigible a personas distintas del inculpado

**Artículo 489**.- La acción para exigir la reparación del daño a personas distintas del inculpado, de acuerdo con el artículo 32 del Código Penal, debe ejercitarse por quien tenga derecho a ello ante el tribunal que conozca de la penal; pero deberá intentarse y seguirse ante los tribunales del orden común,

**Exhibit 1, Page 100**



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**
*Última Reforma DOF 23-01-2009*

en el juicio que corresponda, cuando haya recaído sentencia irrevocable en el proceso sin haberse intentado dicha acción, siempre que el que la intente fuere un particular. Esto último se observará también cuando, concluida la instrucción, no hubiere lugar al juicio penal por falta de acusación del Ministerio Público y se promueva posteriormente la acción civil.

Cuando promovidas las dos acciones hubiere concluido el proceso sin que el incidente de reparación del daño esté en estado de sentencia, continuará conociendo de él tribunal ante quien se haya iniciado.

**Artículo 490**.- A la falta de disposición expresa de este Código, en la tramitación de los incidentes sobre reparación del daño exigible a persona distinta del inculpado, supletoriamente se aplicará, en lo conducente o en lo que determina la ley, el Código Federal de Procedimientos Civiles. Estos incidentes se tramitarán por separado. Las notificaciones se harán en la forma que señala el capítulo XII del Título Primero de este Código.

**Artículo 491**.- Si el incidente llega al estado de alegar antes de que concluya la instrucción, se suspenderá hasta que el proceso se encuentre en estado de sentencia, la que se pronunciará resolviendo a la vez sobre la acción penal y sobre la reparación del daño exigible a personas distintas del inculpado, produciéndose los alegatos en la audiencia del juicio penal.

**Artículo 492**.- En los casos previstos en las fracciones I y III del artículo 468, se continuará la tramitación del incidente hasta dictarse sentencia.

**Artículo 493**.- Las providencias precautorias que pudiere intentar quien tenga derecho a la reparación, se regirán por lo que dispone el Código Federal de Procedimientos Civiles, sin perjuicio de las facultades que las leyes conceden al Fisco para asegurar su interés.

## CAPITULO VII
### Incidentes no especificados

**Artículo 494**.- Los incidentes cuya tramitación no se detalle en este Código y que, a juicio del tribunal, no puedan resolverse de plano y sean de aquéllos que no deban suspender el curso del procedimiento, se substanciarán por separado y del modo siguiente: se dará vista de la promoción del incidente a las partes, para que contesten en el acto de la notificación o a más tardar dentro de los tres días siguientes. Si el tribunal lo creyere necesario o alguna de las partes lo pidiere, se abrirá un término de prueba que no exceda de cinco días, después de los cuales se citará para una audiencia que se verificará dentro de los tres siguientes. Concurran o no las partes, el tribunal fallará desde luego el incidente.

## TITULO DECIMO SEGUNDO
### Procedimiento Relativo a los Enfermos Mentales, a los Menores y a los que tienen el Hábito o la Necesidad de Consumir Estupefacientes o Psicotrópicos

## CAPITULO I
### Enfermos mentales

**Artículo 495**.- Tan pronto como se sospeche que el inculpado esté loco, idiota, imbécil o sufra cualquiera otra debilidad, enfermedad o anomalía mentales, el tribunal lo mandará examinar por peritos médicos, sin perjuicio de continuar el procedimiento en la forma ordinaria. Si existe motivo fundado, ordenará provisionalmente la reclusión del inculpado en manicomio o en departamento especial.

**Artículo 496**.- Inmediatamente que se compruebe que el inculpado está en alguno de los casos a que se refiere el artículo anterior, cesará el procedimiento ordinario y se abrirá el especial, en el que la ley deja al recto criterio y a la prudencia del tribunal la forma de investigar la infracción penal imputada, la

**Exhibit 1, Page 101**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

participación que en ella hubiere tenido el inculpado, y la de estudiar la personalidad de éste, sin necesidad de que el procedimiento que se emplee sea similar al judicial.

**Artículo 497**.- Si se comprueba la infracción a la ley penal y que en ella tuvo participación el inculpado, previa solicitud del Ministerio Público y en audiencia de éste, del defensor y del representante legal, si los tuviere, el tribunal resolverá el caso, ordenando la reclusión en los términos de los artículos 24 inciso 3, 68 y 69 del Código Penal.

La resolución que se dicte será apelable en el efecto devolutivo.

**Artículo 498**.- Cuando en el curso del proceso el inculpado enloquezca, se suspenderá el procedimiento en los términos del artículo 468, fracción III, remitiéndose al loco al establecimiento adecuado para su tratamiento.

**Artículo 499**.- La vigilancia del recluido estará a cargo de la autoridad administrativa federal correspondiente.

## CAPITULO II
### Menores

**Artículo 500**.- En los lugares donde existan tribunales locales para menores, éstos serán competentes para conocer de las infracciones a las leyes penales federales cometidas por menores de dieciocho años, aplicando las disposiciones de las leyes federales respectivas.

**Artículo 501**.- Los tribunales federales para menores en las demás Entidades federativas, conocerán en sus respectivas jurisdicciones, de las infracciones a las leyes penales federales cometidas por menores de dieciocho años.

**Artículo 502**.- En las Entidades federativas donde hubiere dos o más tribunales para menores, conocerá del caso el que hubiere prevenido.

**Artículo 503**.- (Se deroga).

**Artículo 504**.- (Se deroga).

**Artículo 505**.- (Se deroga).

**Artículo 506**.- (Se deroga).

**Artículo 507**.- (Se deroga).

**Artículo 508**.- (Se deroga).

**Artículo 509**.- (Se deroga).

**Artículo 510**.- (Se deroga).

**Artículo 511**.- (Se deroga).

**Artículo 512**.- (Se deroga).

**Artículo 513**.- (Se deroga).

**Exhibit 1, Page 102**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**Artículo 514**.- (Se deroga).

**Artículo 515**.- (Se deroga).

**Artículo 516**.- (Se deroga).

**Artículo 517**.- (Se deroga).

**Artículo 518**.- (Se deroga).

**Artículo 519**.- (Se deroga).

**Artículo 520**.- (Se deroga).

**Artículo 521**.- (Se deroga).

**Artículo 522**.- (Se deroga).

## CAPITULO III
### De los que tienen el hábito o la necesidad de consumir estupefacientes o psicotrópicos

**Artículo 523**.- Cuando el Ministerio Público tenga conocimiento de que una persona ha hecho uso indebido de estupefacientes o psicotrópicos, al iniciar su averiguación, se pondrá inmediatamente en relación con la autoridad sanitaria federal correspondiente para determinar la intervención que ésta deba tener en el caso.

**Artículo 524**.- Si la averiguación se refiere a la adquisición y posesión de estupefacientes o psicotrópicos, el Ministerio Público, de acuerdo con la autoridad sanitaria a que se refiere el artículo anterior, precisará acuciosamente si esa posesión tiene por finalidad exclusiva el uso personal que de ellos haga el indiciado. En este caso, y siempre que el dictamen hecho por la autoridad sanitaria indique que el inculpado tiene el hábito o necesidad de consumir ese estupefaciente o psicotrópico y la cantidad sea la necesaria para su propio consumo, no hará consignación a los tribunales; en caso contrario, ejercitará acción penal.

**Artículo 525**.- Si se hubiere hecho la consignación y dentro de las setenta y dos horas que señala el artículo 19 constitucional se formula o se rectifica el dictamen en el sentido de que el inculpado tiene hábito o la necesidad de consumir el estupefaciente o psicotrópico y la cantidad sea la necesaria para su propio consumo, el Ministerio Público se desistirá de la acción penal sin necesidad de consulta al Procurador y pedirá al tribunal que el detenido sea puesto a disposición de la autoridad sanitaria federal para su tratamiento, por el tiempo necesario para su curación.

**Artículo 526**.- Si el inculpado está habituado o tiene la necesidad de consumir estupefacientes o psicotrópicos y además de adquirir o poseer los necesarios para su consumo, comete cualquier delito contra la salud, se le consignará, sin perjuicio de que intervenga la autoridad sanitaria federal para su tratamiento.

**Artículo 527**.- Cuando exista aseguramiento de estupefacientes o psicotrópicos, los peritos de la autoridad sanitaria federal o cualesquiera otros oficiales, rendirán al Ministerio Público o a los tribunales, un dictamen sobre los caracteres organolépticos o químicos de la sustancia asegurada. Este dictamen cuando hubiere detenido, será rendido dentro del término de setenta y dos horas a que se refiere el artículo 19 constitucional.



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

# TITULO DECIMO TERCERO
## Ejecución

## CAPITULO I
## Disposiciones generales

**Artículo 528.-** En toda sentencia condenatoria el tribunal que la dicte prevendrá que se amoneste al sentenciado para que no reincida, advirtiéndole las sanciones a que se expone, lo que se hará en diligencia con las formalidades que señala el artículo 42 del Código Penal Federal. La falta de esa diligencia no impedirá que se hagan efectivas las sanciones de reincidencia y de habitualidad que fueren procedentes.

**Artículo 529.**- La ejecución de las sentencias irrevocables en materia penal corresponde al Poder Ejecutivo, quien, por medio del órgano que designe la Ley, determinará, en su caso, el lugar y las modalidades de ejecución, ajustándose a lo previsto en el Código Penal, en las normas sobre ejecución de penas y medidas y en la sentencia.

Será deber del Ministerio Público practicar todas las diligencias conducentes a fin de que las sentencias sean estrictamente cumplidas; y lo hará así, ya gestionando cerca de las autoridades administrativas lo que proceda, o ya exigiendo ante los tribunales la represión de todos los abusos que aquéllas o sus subalternos cometan, cuando se aparten de lo prevenido en las sentencias, en pro o en contra de los individuos que sean objeto de ellas.

**Artículo 530.**- El Ministerio Público cumplirá con el deber que le impone el artículo anterior siempre que, por queja del interesado o de cualquiera otra manera, llegue a su noticia que la autoridad encargada de la ejecución de la sentencia se aparta de lo ordenado en ella. Los Agentes del Ministerio Público, para hacer sus gestiones en tales casos ante la autoridad administrativa o ante los tribunales, recabarán previamente instrucciones expresas y escritas del Procurador General de la República.

**Artículo 531.-** Pronunciada una sentencia ejecutoriada condenatoria o absolutoria, el juez o el tribunal que las pronuncie expedirá dentro de cuarenta y ocho horas, una copia certificada para la Secretaría de Seguridad Pública, con los datos de identificación del sentenciado. El incumplimiento de esta disposición será sancionado con una multa de quince a treinta días de salario mínimo.

El juez está obligado a dictar de oficio, todas las providencias conducentes para que el sentenciado sea puesto a disposición de la Secretaría de Seguridad Pública. El incumplimiento de esta obligación se sancionará con multa de cuarenta a sesenta días de salario mínimo.

**Artículo 532.**- El Ministerio Público solicitará de los tribunales que, para los efectos del artículo 37 del Código Penal, se envíe a la autoridad fiscal que corresponda, copia autorizada de la sentencia en que se condena a la sanción pecuniaria, para que se haga efectivo su importe.

**Artículo 533.**- Efectuado el pago de la sanción pecuniaria, en todo o en parte, la autoridad fiscal, dentro del improrrogable término de tres días, pondrá la cantidad correspondiente a la reparación del daño a disposición del tribunal, el que hará comparecer a quien tenga derecho a ella para hacerle entrega inmediata de su importe.

El tribunal podrá aplicar a la autoridad fiscal el medio de apremio que estime necesario para que dé cumplimiento a la obligación que le impone este artículo.



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**Artículo 534.-** Cuando un sentenciado enloquezca después de dictarse en su contra sentencia irrevocable que lo condene a pena privativa de libertad, se suspenderán los efectos de ésta mientras no recobre la razón, internándosele en un hospital para su tratamiento.

**Artículo 535.-** Cuando se decrete el decomiso, se estará a lo previsto en el Código Penal para los fines de conservación, destrucción, venta y aplicación de instrumentos, objetos y productos de los delitos.

## CAPITULO II
## Condena condicional

**Artículo 536.-** Las pruebas que se promuevan para acreditar los requisitos que exige el artículo 90 del Código Penal para la concesión de la condena condicional, se rendirán durante la instrucción sin que el ofrecimiento de esas pruebas por parte del procesado, signifique la aceptación de su responsabilidad en los hechos que se le imputan.

**Artículo 537.-** Al formular conclusiones el agente del Ministerio Público o el defensor, si estiman procedente la condena condicional, lo indicarán así para el caso en que el tribunal imponga una pena privativa de libertad que no exceda de cuatro años.

**Artículo 538.-** Si el procesado o su defensor no hubieren solicitado en sus conclusiones el otorgamiento del beneficio de la condena condicional y si no se concediere de oficio, podrán solicitarla y rendir las pruebas respectivas durante la tramitación de la segunda instancia.

El sentenciado que considere que al dictarse sentencia reunía las condiciones fijadas en el artículo 90 del Código Penal Federal, y que está en aptitudes de cumplir los demás requisitos que en el propio precepto se establecen, si es por inadvertencia de su parte o de los Tribunales que no obtuvo en la sentencia el otorgamiento de la condena condicional, podrá promover que se le conceda abriendo el incidente respectivo ante el Juez de la causa.

**Artículo 539.-** Cuando por alguna de las causas que señala el artículo 90 del Código Penal Federal deba hacerse efectiva la sanción impuesta, revocándose el beneficio de la condena condicional, el tribunal que concedió éste, procederá, con audiencia del Ministerio Público, y del sentenciado y de su defensor, si fuere posible, a comprobar la existencia de dicha causa y, en su caso, ordenará que se ejecute la sanción.

## CAPITULO III
## Libertad preparatoria

**Artículo 540.-** Cuando algún sentenciado que esté compurgando una pena privativa de libertad crea tener derecho a la libertad preparatoria, la solicitará del órgano del Poder Ejecutivo que designe la Ley a cuyo efecto acompañará los certificados y demás pruebas que tuviere.

**Artículo 541.-** Recibida la solicitud, se pedirán informes acerca de los requisitos a que se refieren las fracciones I y II del artículo 84 del Código Penal, a la autoridad ejecutiva del reclusorio en el que el sentenciado se encuentre compurgando la condena, la cual deberá acompañar además el dictamen que en cada caso emita el Consejo Técnico Interdisciplinario.

Los informes que rinda la autoridad mencionada no serán obstáculo para que se obtengan los datos necesarios por cualquier otro medio.

Tratándose de delitos contra la salud en materia de estupefacientes o psicotrópicos, deberán pedirse informes en todo caso a la Procuraduría General de la República.

**Exhibit 1, Page 105**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

En vista de estos informes y datos, se resolverá sobre la procedencia de la libertad solicitada y se fijarán las condiciones a que su concesión deba sujetarse.

**Artículo 542.**- Cuando se conceda la libertad preparatoria se recibirá una información sobre la solvencia e idoneidad del fiador propuesto y en vista de ella se resolverá si es de admitirse al fiador.

**Artículo 543.-** Admitido el fiador se otorgará la fianza en los términos que este código establece para la libertad bajo caución y se extenderá al sentenciado un salvoconducto para que pueda comenzar a disfrutar de la libertad preparatoria. Esta concesión se comunicará al jefe de la prisión respectiva, a la autoridad del lugar que se señale para la residencia del mismo sentenciado y al tribunal que haya conocido del proceso.

**Artículo 544.-** El salvoconducto a que se refiere el artículo anterior se remitirá al jefe de la prisión para que lo entregue al sentenciado al ponerlo en libertad, haciéndolo suscribir un acta en que conste que recibió dicho salvoconducto y que se obliga a no separarse del lugar que se le haya señalado para su residencia, sin permiso de la autoridad que le concedió la libertad preparatoria.

En caso de que al que se le haya concedido la libertad preparatoria obtenga permiso para cambiar de residencia, se presentará a la autoridad municipal del lugar adonde vaya a radicarse y exhibirá ante ella el documento que justifique haber dado aviso del cambio a la autoridad municipal de su anterior domicilio.

**Artículo 545.-** El sentenciado deberá presentar el salvoconducto, siempre que sea requerido para ello por un Magistrado o Juez Federal o Policía o del Ministerio Público y si se rehusare, se comunicará a la autoridad que le concedió la libertad preparatoria, la que podrá imponerle hasta quince días de arresto, pero sin revocarle dicha libertad.

**Artículo 546.**- Cuando el que goce de libertad preparatoria se encuentre en alguno de los casos que menciona el artículo 86 del Código Penal, la autoridad municipal o cualquiera otra que tenga conocimiento de ello dará cuenta a la que le concedió la libertad, para los efectos del mismo artículo.

**Artículo 547.-** Cuando el sentenciado cometiere un nuevo delito, el tribunal que conozca de éste remitirá copia certificada de la sentencia que cause ejecutoria a la autoridad que concedió la libertad, quien de plano decretará la revocación, de conformidad con el artículo 86 del Código Penal Federal.

**Artículo 548.**- Cuando se revoque la libertad preparatoria conforme a los dos artículos anteriores, se recogerá e inutilizará el salvo-conducto.

## CAPITULO IV
### Retención

**Artículo 549.**- (Se deroga).

**Artículo 550.**- (Se deroga).

**Artículo 551.**- (Se deroga).

**Artículo 552.**- (Se deroga).

## CAPITULO V
### Conmutación y reducción de sanciones y cesación de sus efectos

**Exhibit 1, Page 106**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**Artículo 553**.- El que hubiese sido condenado por sentencia irrevocable y en los casos de conmutación de sanciones o de aplicación de ley más favorable a que se refiere el Código Penal, podrá solicitar de la autoridad jurisdiccional o del Poder Ejecutivo, en su caso, la conmutación, la reducción de pena o el sobreseimiento que procedan, sin perjuicio de que dichas autoridades actúen de oficio y sin detrimento de la obligación de reparar los daños y perjuicios legalmente exigibles.

**Artículo 554**.- Recibida la solicitud se resolverá sin más trámite lo que fuere procedente.

Dictada la resolución se comunicará al tribunal que haya conocido del proceso y al jefe de la prisión en que se encuentre el sentenciado. El tribunal deberá mandar notificar la resolución al interesado.

**Artículo 555**.- (Se deroga).

**Artículo 556**.- (Se deroga).

## CAPITULO VI
### Indulto y reconocimiento de la inocencia del sentenciado

**Artículo 557**.- (Se deroga).

**Artículo 558**.- Cuando se trate del indulto a que se refiere la fracción III del artículo 97 del Código Penal, el solicitante ocurrirá al Ejecutivo Federal con su petición, por conducto de la Secretaría de Gobernación, debiendo acompañar los justificantes de los servicios prestados a la Nación por el sentenciado.

**Artículo 559**.- El Ejecutivo, en vista de los comprobantes, o si así conviniere a la tranquilidad y seguridad públicas tratándose de delitos políticos, concederá el indulto sin condición alguna o con las que estimare convenientes.

**Artículo 560**.- El reconocimiento de la inocencia del sentenciado se basa en alguno de los motivos siguientes:

**I.-** Cuando la sentencia se funde exclusivamente en pruebas que posteriormente se declaren falsas.

**II.-** Cuando después de la sentencia aparecieren documentos públicos que invaliden la prueba en que se haya fundado aquélla o las presentadas al jurado y que sirvieron de base a la acusación y al veredicto.

**III.-** Cuando condenada alguna persona por homicidio de otra que hubiere desaparecido, se presentare ésta o alguna prueba irrefutable de que vive.

**IV.** Cuando dos sentenciados hayan sido condenados por el mismo delito y se demuestre la imposibilidad de que los dos lo hubieren cometido;

**V.-** Cuando el sentenciado hubiese sido condenado por los mismos hechos en juicios diversos. En este caso prevalecerá la sentencia más benigna.

**VI.-** (Se deroga).

**Artículo 561**.- El sentenciado que se crea con derecho a obtener el reconocimiento de su inocencia, ocurrirá a la Suprema Corte de Justicia, por escrito en el que expondrá la causa en que funda su petición, acompañando las pruebas que correspondan o protestando exhibirlas oportunamente. Sólo será admitida la prueba documental, salvo que se trate del caso a que se refiere la fracción III del mismo artículo anterior.

**Exhibit 1, Page 107**



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**Artículo 562**.- Al hacer su solicitud, el sentenciado podrá nombrar defensor, conforme a las disposiciones conducentes de este Código, para que lo patrocine durante la substanciación del indulto, hasta su resolución definitiva.

**Artículo 563**.- Recibida la solicitud se pedirá inmediatamente el proceso o procesos a la oficina en que se encontraren; y cuando conforme al artículo 561 se haya protestado exhibir las pruebas, se señalará un término prudente para recibirlas.

**Artículo 564**.- Recibidos el proceso o procesos y, en su caso, las pruebas del promovente, se pasará el asunto al Ministerio Público por el término de cinco días para que pida lo que a su representación convenga.

**Artículo 565.-** Devuelto el expediente por el Ministerio Público, se pondrá a la vista del sentenciado y de su defensor por el término de tres días, para que se impongan de él y formulen sus alegatos por escrito.

**Artículo 566**.- Transcurrido el término a que se refiere el artículo anterior, se fallará el asunto declarando fundada o no la solicitud, dentro de los diez días siguientes.

**Artículo 567**.- Si se declara fundada, se remitirá original el expediente al Ejecutivo de la Unión por conducto de la Secretaría de Gobernación, para que, sin más trámite, reconozca la inocencia del sentenciado.

**Artículo 568**.- Todas las resoluciones en que se conceda indulto se publicarán en el **Diario Oficial de la Federación** y se comunicarán al tribunal que hubiese dictado la sentencia, para que se haga la anotación respectiva en el expediente del caso.

Las resoluciones relativas al reconocimiento de la inocencia se comunicarán al tribunal que hubiese dictado la sentencia, para que haga la anotación respectiva en el expediente del caso. A petición del interesado, también se publicarán en el **Diario Oficial de la Federación**.

## CAPITULO VII
## Rehabilitación

**Artículo 569**.- La rehabilitación de los derechos políticos se otorgará en la forma y términos que disponga la Ley Orgánica del artículo 38 de la Constitución.

**Artículo 570.-** La rehabilitación de los derechos civiles o políticos no procederá mientras el sentenciado esté extinguiendo la sanción privativa de libertad.

**Artículo 571.-** Si el sentenciado hubiere extinguido ya la sanción privativa de libertad, o si ésta no le hubiere sido impuesta, pasado el término que señala el artículo siguiente, podrá ocurrir al tribunal que haya dictado la sentencia irrevocable, solicitando se le rehabilite en los derechos de que se le privó, o en cuyo ejercicio estuviere suspenso, para lo cual acompañará a su escrito relativo los documentos siguientes:

**I.-** Un certificado expedido por la autoridad que corresponda, que acredite haber extinguido la pena privativa de libertad que se le hubiere impuesto, o que se le concedió la conmutación, o el indulto, en su caso; y

**II.-** Un certificado de la autoridad municipal del lugar donde hubiere residido desde que comenzó a sufrir la inhabilitación, o la suspensión, y una información recibida por la misma autoridad, con audiencia

Exhibit 1, Page 108



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

del Ministerio Público, que demuestre que el promovente ha observado buena conducta continua desde que comenzó a sufrir su pena, y que ha dado pruebas de haber contraído hábitos de orden, trabajo y moralidad.

**Artículo 572.-** Si la pena impuesta al sentenciado hubiere sido la de inhabilitación o suspensión por seis o más años, no podrá ser rehabilitado antes de que transcurran tres años, contados desde que hubiere comenzado a extinguirla.

Si la inhabilitación o suspensión fuere por menos de seis años, el sentenciado podrá solicitar su rehabilitación cuando haya extinguido la mitad de la pena.

**Artículo 573.-** Recibida la solicitud, el tribunal, a instancia del Ministerio Público o de oficio, si lo creyere necesario, recabará informes más amplios para dejar perfectamente precisada la conducta del sentenciado.

**Artículo 574.-** Recibidas las informaciones, o desde luego si no se estimaren necesarias, el tribunal decidirá dentro de tres días, oyendo al Ministerio Público y al peticionario, si es o no fundada la solicitud. En el primer caso remitirá las actuaciones originales, con su informe, al Ejecutivo de la Unión, por conducto de la Secretaría de Gobernación, a efecto de que resuelva en definitiva lo que fuere procedente. Si se concediere la rehabilitación se publicará en el Diario Oficial de la Federación; si se negare, se dejarán expeditos al sentenciado sus derechos para que pueda solicitarla de nuevo después de un año.

**Artículo 575**.- Concedida la rehabilitación por el Ejecutivo, la Secretaría de Gobernación comunicará la resolución al tribunal correspondiente, para que haga la anotación respectiva en el proceso.

**Artículo 576**.- Al que una vez se le hubiere concedido la rehabilitación, nunca se le podrá conceder otra.

## TRANSITORIOS

**Artículo 1o.-** Este Código comenzará a regir el día primero de octubre de mil novecientos treinta y cuatro.

**Artículo 2o.-** Desde esa fecha queda abrogado el Código Federal de Procedimientos Penales expedido el día dieciséis de diciembre de mil novecientos ocho.

**Artículo 3o.-** Todos los asuntos que estén tramitándose al comenzar a regir este Código, se sujetarán a sus disposiciones.

**Artículo 4o.-** Los recursos interpuestos antes de la vigencia de éste Código y que no se hubieren admitido o desechado aún, se admitirán siempre que en este mismo Código o en el anterior fueren procedentes, y se substanciarán conforme a lo determinado en el presente, excepto los de apelación que se tramitarán de acuerdo con las disposiciones del Código anterior.

**Artículo 5o.-** Los términos que estén corriendo al comenzar a regir este Código, se computarán conforme a las disposiciones del mismo o del anterior, aplicándose las que señalen mayor tiempo.

En cumplimiento de lo dispuesto por la fracción I del artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, promulgo el presente Código, en la residencia del Poder Ejecutivo Federal, en la ciudad de México, a los veintitrés días de mes de agosto de mil novecientos treinta y cuatro.- **A. L. Rodríguez**.-Rúbrica.- El Subsecretario de Gobernación, Encargado del Despacho, **Juan G. Cabral**.-Rúbrica

**Exhibit 1, Page 109**



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

Lo que comunico a usted para su publicación y demás fines.

Sufragio Efectivo. No Reelección.

México, D. F., a 28 de agosto de 1934. - El Subsecretario de Gobernación, Encargado del Despacho, **Juan G. Cabral**.-Rúbrica.

Al C...

**Exhibit 1, Page 110**



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

### ARTÍCULOS TRANSITORIOS DE DECRETOS DE REFORMA

**DECRETO por el que se reforman, adicionan y derogan diversos artículos del Código Penal para el Distrito Federal en Materia de Fuero Común y para toda la República en Materia de Fuero Federal, del Código Fiscal de la Federación, del Código de Procedimientos Penales para el Distrito Federal y del Código Federal de Procedimientos Penales.**

Publicado en el Diario Oficial de la Federación el 13 de mayo de 1996

**ARTÍCULO SEGUNDO.-** Se reforman los artículos 146, párrafo primero y 194 último párrafo; y se adicionan el artículo 177 y un párrafo segundo al artículo 180 del Código Federal de Procedimientos Penales para quedar como sigue:

..........

### TRANSITORIOS

**PRIMERO.-** El presente decreto entrará en vigor al día siguiente de su publicación en el **Diario Oficial de la Federación**.

**SEGUNDO.-** El artículo 115 bis del Código Fiscal de la Federación, vigente hasta la entrada en vigor del presente decreto, seguirá aplicándose por los hechos realizados durante su vigencia. Asimismo, dicho precepto seguirá aplicándose a las personas procesadas o sentenciadas por los delitos previstos y sancionados por el mencionado artículo.

Para proceder penalmente en los casos a que se refiere el artículo 115 bis del Código Fiscal de la Federación, en los términos del párrafo anterior, se seguirá requiriendo la querella de la Secretaría de Hacienda y Crédito Público.

Para efectos de la aplicación de las penas respectivas, regirá lo dispuesto en el artículo 56 del Código Penal citado, sin que ello implique la extinción de los tipos penales.

**TERCERO.-** Para los supuestos, sujetos y efectos del artículo anterior, los delitos previstos en el artículo 115 bis del Código Fiscal de la Federación, se seguirán calificando como graves, en los términos del artículo 194 del Código Federal de Procedimientos Penales, para todos los efectos legales procedentes.

México, D.F., a 29 de abril de 1996.- Sen. **Miguel Alemán Velasco**, Presidente.- Dip. **María Claudia Esqueda Llanes**, Presidente.- Sen. **Raúl Juárez Valencia**, Secretario.- Dip. **Sergio Vázquez Olivas**, Secretario.- Rúbricas".

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los nueve días del mes de mayo del año de mil novecientos noventa y seis.- **Ernesto Zedillo Ponce de León**.- Rúbrica.- El Secretario de Gobernación, **Emilio Chuayffet Chemor**.- Rúbrica.



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**DECRETO por el que se reforman, adicionan y derogan diversas disposiciones del Código Penal para el Distrito Federal en Materia de Fuero Común y para toda la República en Materia de Fuero Federal; del Código Federal de Procedimientos Penales; de la Ley de Vías Generales de Comunicación; de la Ley Orgánica del Poder Judicial de la Federación y de la Ley Orgánica de la Procuraduría General de la República.**

Publicado en el Diario Oficial de la Federación el 7 de noviembre de 1996

**ARTÍCULO SEGUNDO.-** Se adicionan cuatro párrafos al artículo 182 y se reforma el artículo 194 bis del Código Federal de Procedimientos Penales, para quedar como sigue:

..........

## TRANSITORIOS

**PRIMERO.-** Este Decreto entrará en vigor al día siguiente de su publicación en el **Diario Oficial de la Federación**.

**SEGUNDO.-** Los artículos 167, fracción IX, y 196 bis del Código Penal para el Distrito Federal en materia de Fuero Común y para toda la República en materia de Fuero Federal, vigentes hasta la entrada en vigor del presente Decreto, seguirán aplicándose por los hechos realizados durante su vigencia. Asimismo, dichos preceptos seguirán aplicándose a las personas procesadas o sentenciadas por los delitos previstos y sancionados por los mismos artículos. Lo anterior sin perjuicio de aplicar, cuando proceda, lo previsto en el artículo 56 del citado Código Penal.

México, D.F., a 29 de octubre de 1996.- Sen. **Melchor de los Santos Ordóñez**, Presidente.- Dip. **Carlos Humberto Aceves del Olmo**, Presidente.- Sen. **Eduardo Andrade Sánchez**, Secretario.- Dip. **Fernando Jesús Rivadeneyra Rivas**, Secretario.- Rúbricas".

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los seis días del mes de noviembre de mil novecientos noventa y seis.- **Ernesto Zedillo Ponce de León**.- Rúbrica.- El Secretario de Gobernación, **Emilio Chuayffet Chemor**.- Rúbrica.

**Exhibit 1, Page 112**

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

## DECRETO por el que se modifican diversas leyes fiscales y otros ordenamientos federales.

Publicado en el Diario Oficial de la Federación el 31 de diciembre de 1998

### Código Federal de Procedimientos Penales

**Artículo Décimo Cuarto.** Se **REFORMA** el artículo 194, tercer párrafo, del Código Federal de Procedimientos Penales, para quedar como sigue:

..........

## Transitorios

**PRIMERO.** El presente Decreto entrará en vigor el 1o. de enero de 1999.

**SEGUNDO.** El Artículo Cuarto de este Decreto entrará en vigor el 1o. de enero del año 2000.

México, D.F., a 30 de diciembre de 1998.- Dip. **Juan Marcos Gutiérrez González**, Presidente.- Sen. **Mario Vargas Aguiar**, Presidente.- Dip. **José Ernesto Manrique Villarreal**, Secretario.- Sen. **Fernando Palomino Topete**, Secretario.- Rúbricas**"**.

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los treinta y un días del mes de diciembre de mil novecientos noventa y ocho.- **Ernesto Zedillo Ponce de León**.- Rúbrica.- El Secretario de Gobernación, **Francisco Labastida Ochoa**.- Rúbrica.

**Exhibit 1, Page 113**



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**DECRETO por el que se reforman diversas disposiciones del Código Penal para el Distrito Federal en Materia de Fuero Común y para toda la República en Materia de Fuero Federal; del Código Federal de Procedimientos Penales, y de la Ley de Amparo, Reglamentaria de los Artículos 103 y 107 de la Constitución Política de los Estados Unidos Mexicanos.**

Publicado en el Diario Oficial de la Federación el 8 de febrero de 1999

**ARTICULO SEGUNDO.-** Se reforman los artículos 133 Bis, 181, 193 y 194 en su actual último párrafo, la fracción VII del artículo 367 y la fracción IV del artículo 399; se adiciona un último párrafo al artículo 194 y se deroga el artículo 182, del Código Federal de Procedimientos Penales, para quedar como sigue:

..........

## TRANSITORIOS

**PRIMERO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el **Diario Oficial de la Federación**.

**SEGUNDO.-** A las personas que a la fecha de entrada en vigor del presente Decreto se encuentren sujetas a proceso penal por alguno de los delitos contenidos en las disposiciones del Código Penal para el Distrito Federal en Materia de Fuero Común y para toda la República en Materia de Fuero Federal, mencionadas en el Artículo Primero de este Decreto, le serán aplicables las disposiciones de dichos artículos vigentes al momento de la comisión del delito.

Los procedimientos penales y de amparo no concluidos en la fecha señalada en el transitorio anterior, seguirán tramitándose conforme a las disposiciones del Código Federal de Procedimientos Penales y de la Ley de Amparo vigentes con anterioridad a la fecha de entrada en vigor del presente Decreto.

**TERCERO.-** La resoluciones de la autoridad judicial en las que se hubiere prorrogado el arraigo domiciliario decretado originalmente seguirán subsistiendo por todo el término que se hubiere señalado en la prórroga.

México, D.F., a 2 de diciembre de 1998.- Sen. **José Ramírez Gamero**, Presidente.- Dip. **Salvador Sánchez Vázquez**, Presidente.- Sen. **Gabriel Covarrubias Ibarra**, Secretario.- Dip. **Horacio Veloz Muñoz**, Secretario.- Rúbricas.**"**

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los veintinueve días del mes de enero de mil novecientos noventa y nueve.- **Ernesto Zedillo Ponce de León**.- Rúbrica.- El Secretario de Gobernación, **Francisco Labastida Ochoa**.- Rúbrica.

**Exhibit 1, Page 114**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

## DECRETO por el que se reforman diversas disposiciones en materia penal.

Publicado en el Diario Oficial de la Federación el 17 de mayo de 1999

**ARTICULO CUARTO.-** Se reforman los artículos 194 y 282, y se adiciona el artículo 193 Bis, del Código Federal de Procedimientos Penales, para quedar como sigue:

..........

## TRANSITORIOS

**PRIMERO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el **Diario Oficial de la Federación**.

**SEGUNDO.-** A las personas que hayan cometido un delito de los contemplados en el presente Decreto con anterioridad a su entrada en vigor, incluidas las procesadas o sentenciadas, les serán aplicadas las disposiciones del Código Penal para el Distrito Federal en Materia de Fuero Común y para toda la República en Materia de Fuero Federal y de la Ley de la Propiedad Industrial vigentes en el momento en que se haya cometido.

**TERCERO.-** Las referencias que otras disposiciones hagan al artículo 194 del Código Federal de Procedimientos Penales respecto de la detención de personas en casos urgentes, se entenderán hechas al artículo 193 bis del mismo ordenamiento.

**CUARTO.-** Las referencias que en el presente Decreto se hagan al Código Penal para el Distrito Federal en Materia de Fuero Común y para toda la República en Materia de Fuero Federal, se entenderán hechas al Código Penal Federal, si es llegado el caso de aprobarse, y en su momento, publicarse la iniciativa por el que se reforman diversas disposiciones en materia penal que el ciudadano Presidente de los Estados Unidos Mexicanos envió a la consideración del Congreso de la Unión por conducto del Senado de la República como Cámara de Origen, el 23 de marzo de 1999.

México, D.F., a 29 de abril de 1999.- Sen. **Héctor Ximénez González**, Presidente.- Dip. **María Mercedes Maciel Ortiz**, Presidente.- Sen. **Ma. del Carmen Bolado del Real**, Secretario.- Dip. **Mario Guillermo Haro Rodríguez**, Secretario.- Rúbricas**"**.

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los trece días del mes de mayo de mil novecientos noventa y nueve.- **Ernesto Zedillo Ponce de León**.- Rúbrica.- El Secretario de Gobernación, **Francisco Labastida Ochoa**.- Rúbrica.

**Exhibit 1, Page 115**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**DECRETO por el que se reforma, adiciona y deroga diversas disposiciones de la Ley de Instituciones de Crédito, de la Ley General de Organizaciones y Actividades Auxiliares del Crédito, de la Ley Federal de Instituciones de Fianzas, de la Ley General de Instituciones y Sociedades Mutualistas de Seguros, de la Ley del Mercado de Valores, de la Ley de los Sistemas de Ahorro para el Retiro y del Código Federal de Procedimientos Penales.**

Publicado en el Diario Oficial de la Federación el 17 de mayo de 1999

**ARTICULO SEPTIMO.-** Se adicionan las fracciones VIII a XIV al artículo 194 del Código Federal de Procedimientos Penales para quedar como sigue:

..........

## TRANSITORIOS

**PRIMERO.-** El presente decreto entrará en vigor al día siguiente de su publicación en el **Diario Oficial de la Federación**.

**SEGUNDO.-** Las modificaciones al artículo 194 del Código Federal de Procedimientos Penales, entrarán en vigor un día después de que se apruebe y publique, en su caso, la reforma al mismo artículo que se propone en la iniciativa que reforma diversas disposiciones en materia penal presentada por el Ejecutivo Federal el 18 de noviembre de 1998 en el Senado de la República como Cámara de Origen.

México, D.F., a 30 de abril de 1999.- Dip. **Juan Moisés Calleja Castañón**, Presidente.- Sen. **Héctor Ximénez González**, Presidente.- Dip. **Germán Ramírez López**, Secretario.- Sen. **Sonia Alcántara Magos**, Secretario.- Rúbricas**"**.

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los trece días del mes de mayo de mil novecientos noventa y nueve.- **Ernesto Zedillo Ponce de León**.- Rúbrica.- El Secretario de Gobernación, **Francisco Labastida Ochoa**.- Rúbrica.

**Exhibit 1, Page 116**



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

## DECRETO por el que se reforman diversas disposiciones en materia penal.

Publicado en el Diario Oficial de la Federación el 18 de mayo de 1999

**ARTICULO TERCERO.-** Se reforman las fracciones I y II del artículo 2; el primer párrafo del artículo 38; el primer párrafo del artículo 134; el primer párrafo del artículo 135; el tercer párrafo del artículo 154; el artículo 157; la fracción II y los tres últimos párrafos del artículo 161; la denominación del Capítulo I, del Título Quinto; el artículo 168; el primer párrafo del artículo 177; el primer párrafo del artículo 180, y la fracción I del artículo 422, y se adicionan un segundo y tercer párrafos al artículo 134 y los demás se recorren en su orden; un último párrafo al artículo 161, el artículo 399 bis y el artículo 399 ter, todos del Código Federal de Procedimientos Penales, para quedar como sigue:

..........

## TRANSITORIOS

**PRIMERO.-** El presente Decreto entrará en vigor el día siguiente de su publicación en el **Diario Oficial de la Federación**.

**SEGUNDO.-** Las menciones que en otras disposiciones de carácter federal se hagan al Código Penal para el Distrito Federal en Materia de Fuero Común y para toda la República en Materia de Fuero Federal, se entenderán referidas al Código Penal Federal.

México, D.F., a 29 de abril de 1999.- Sen. **Héctor Ximénez González**, Presidente.- Dip. **María Mercedes Maciel Ortiz**, Presidente.- Sen. **Sonia Alcántara Magos**, Secretario.- Dip. **Leticia Villegas Nava**, Secretario.- Rúbricas**"**.

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los trece días del mes de mayo de mil novecientos noventa y nueve.- **Ernesto Zedillo Ponce de León**.- Rúbrica.- El Secretario de Gobernación, **Francisco Labastida Ochoa**.- Rúbrica.



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

*Última Reforma DOF 23-01-2009*

**DECRETO por el que se reforman y adicionan diversas disposiciones del Código Penal Federal y del Código Federal de Procedimientos Penales.**

Publicado en el Diario Oficial de la Federación el 4 de enero de 2000

**ARTÍCULO SEGUNDO.-** Se reforma el artículo 194 del Código Federal de Procedimientos Penales, para quedar como sigue:

..........

## TRANSITORIO

**ÚNICO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el **Diario Oficial de la Federación**.

México, D.F., a 9 de diciembre de 1999.- Sen. **Luis Mejía Guzmán**, Vicepresidente en funciones.- Dip. **Francisco José Paoli Bolio**, Presidente.- Sen. **Raúl Juárez Valencia**, Secretario.- Dip. **Guadalupe Sánchez Martínez**, Secretario.- Rúbricas**".**

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los veintinueve días del mes de diciembre de mil novecientos noventa y nueve.- **Ernesto Zedillo Ponce de León**.- Rúbrica.- El Secretario de Gobernación, **Diódoro Carrasco Altamirano**.- Rúbrica.



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

*Última Reforma DOF 23-01-2009*

## DECRETO por el que se reforma y adiciona diversas disposiciones del Código Penal Federal, del Código Federal de Procedimientos Penales y de la Ley Orgánica del Poder Judicial de la Federación.

Publicado en el Diario Oficial de la Federación el 12 de junio de 2000

**ARTICULO SEGUNDO.-** Se reforma el artículo 194, fracción I, inciso 23), del Código Federal de Procedimientos Penales, para quedar como sigue:

.........

### TRANSITORIOS

**PRIMERO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el **Diario Oficial de la Federación**.

**SEGUNDO.-** En un plazo no mayor de seis meses, el Ejecutivo Federal deberá crear la estructura administrativa necesaria para la Procuraduría General de la República para la atención de los delitos previstos en los artículos 366, fracción III; 366 ter y 366 quáter previstos en este Decreto.

Para los efectos del párrafo anterior, se autoriza al Ejecutivo Federal para hacer las adecuaciones presupuestarias que resulten necesarias.

**"TERCERO.-** Los delitos previstos en los artículos 366 ter y 366 quáter del Código Penal Federal vigentes con anterioridad a la fecha de entrada en vigor de este Decreto, seguirán aplicándose respecto de hechos cometidos durante su vigencia.**"**

**CUARTO.-** Se derogan las disposiciones que se opongan al presente Decreto.

México, D.F., a 29 de abril de 2000.- Sen. **Dionisio Pérez Jácome**, Vicepresidente en funciones.- Dip. **Francisco José Paoli Bolio**, Presidente.- Sen. **Raúl Juárez Valencia**, Secretario.- Dip. **Guadalupe Sánchez Martínez**, Secretario.- Rúbricas**"**.

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los seis días del mes de junio de dos mil.- **Ernesto Zedillo Ponce de León**.- Rúbrica.- El Secretario de Gobernación, **Diódoro Carrasco Altamirano**.- Rúbrica.



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

## DECRETO por el que se reforman y adicionan diversas disposiciones del Código Penal Federal y del Código Federal de Procedimientos Penales.

Publicado en el Diario Oficial de la Federación el 1º de junio de 2001

**ARTÍCULO SEGUNDO.-** Se reforma la fracción I y se adiciona el inciso 34, del artículo 194 del Código Federal de Procedimientos Penales, para quedar como sigue:

..........

### TRANSITORIO

**ÚNICO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el **Diario Oficial de la Federación**.

México, D.F., a 25 de abril de 2001.- Dip.- **Ricardo García Cervantes**, Presidente.- Sen. **Enrique Jackson Ramírez**, Presidente.- Dip. **Manuel Medellín Milán**, Secretario.- Sen. **Yolanda González Hernández**, Secretaria.- Rúbricas**"**.

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los treinta días del mes de mayo de dos mil uno.- **Vicente Fox Quesada**.- Rúbrica.- El Secretario de Gobernación, **Santiago Creel Miranda**.- Rúbrica.

**Exhibit 1, Page 120**



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

*Última Reforma DOF 23-01-2009*

**DECRETO por el que se reforman y adicionan diversas disposiciones de los códigos Penal Federal y Federal de Procedimientos Penales.**

Publicado en el Diario Oficial de la Federación el 6 de febrero de 2002

**ARTÍCULO SEGUNDO.- Se adiciona** un inciso 32 Bis a la fracción I del artículo 194 del Código Federal de Procedimientos Penales, para quedar como sigue:

..........

## TRANSITORIOS

**PRIMERO.-** Este decreto entrará en vigor al día siguiente de su publicación en el **Diario Oficial de la Federación**.

**SEGUNDO.-** Los artículos del Título Vigésimo Quinto del Código Penal Federal, vigentes hasta la entrada en vigor del presente decreto, seguirán aplicándose por los hechos realizados durante su vigencia. Asimismo, dichos preceptos seguirán aplicándose a las personas procesadas o sentenciadas por los delitos previstos y sancionados por los mismos artículos. Lo anterior sin perjuicio de aplicar, cuando proceda, lo previsto en el artículo 56 del citado Código Penal Federal.

México, D.F., a 27 de diciembre de 2001.- Dip. **Beatriz Elena Paredes Rangel**, Presidenta.- Sen. **Diego Fernández de Cevallos Ramos**, Presidente.- Dip. **Martha Silvia Sánchez González**, Secretario.- Sen. **Yolanda E. González Hernández**, Secretaria.- Rúbricas**".**

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la Residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a primero de febrero de dos mil dos.- **Vicente Fox Quesada**.- Rúbrica.- El Secretario de Gobernación, **Santiago Creel Miranda**.- Rúbrica.

**Exhibit 1, Page 121**



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

*Última Reforma DOF 23-01-2009*

## DECRETO por el que se reforman y adicionan diversas disposiciones del Código Penal Federal y del Código Federal de Procedimientos Penales.

Publicado en el Diario Oficial de la Federación el 18 de diciembre de 2002

ARTÍCULO SEGUNDO: Se **reforman**, el párrafo segundo del artículo 6; y, la fracción IV del artículo 128; se **adicionan**, un párrafo segundo al artículo 15; un párrafo tercero al artículo 18; un párrafo tercero al artículo 124 bis; un párrafo segundo al artículo 154, recorriéndose en su orden el vigente segundo y los tres últimos, para quedar como párrafos tercero, cuarto y quinto; un párrafo tercero al artículo 159; y, un párrafo segundo al artículo 220 bis, todas estas disposiciones del Código Federal de Procedimientos Penales, para quedar como sigue:

..........

### TRANSITORIO

**ÚNICO.-** El presente Decreto entrará en vigor al siguiente día de su publicación en el **Diario Oficial de la Federación**.

México, D.F., a 12 de noviembre de 2002.- Sen. **Enrique Jackson Ramírez**, Presidente.- Dip. **Beatriz Elena Paredes Rangel**, Presidenta.- Sen. **Lydia Madero García**, Secretario.- Dip. **Rodolfo Dorador Pérez Gavilán**, Secretario.- Rúbricas**".**

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la Residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los once días del mes de diciembre de dos mil dos.- **Vicente Fox Quesada**.- Rúbrica.- El Secretario de Gobernación, **Santiago Creel Miranda**.- Rúbrica.

**Exhibit 1, Page 122**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

## DECRETO por el que se expide la Ley Federal para la Administración y Enajenación de Bienes del Sector Público y se adiciona el Código Federal de Procedimientos Penales.

Publicado en el Diario Oficial de la Federación el 19 de diciembre de 2002

**ARTÍCULO SEGUNDO.** Se **ADICIONAN** los artículos 182 y 182-A a 182-R del Código Federal de Procedimientos Penales, para quedar como sigue:

..........

## Transitorios

**Primero.** El presente Decreto entrará en vigor a los 180 días naturales contados a partir del día siguiente al de su publicación en el **Diario Oficial de la Federación**.

**Segundo.** Se abroga la Ley Federal para la Administración de Bienes Asegurados, Decomisados y Abandonados.

**Tercero.** Se derogan todas las disposiciones legales, reglamentarias y administrativas, que se opongan a lo dispuesto en el presente Decreto.

**Cuarto.** Los asuntos iniciados ante el Servicio de Administración de Bienes Asegurados, que a la fecha de entrada en vigor de este Decreto se encuentren en trámite, se seguirán tramitando hasta su conclusión por el **SAE**.

Los recursos que deriven de los asuntos a que se refiere el párrafo anterior, recibirán el tratamiento previsto en este Decreto.

**Quinto.** Las referencias al Servicio de Administración de Bienes Asegurados que hagan las leyes y demás disposiciones, se entenderán hechas al **SAE**.

**Sexto.** El Reglamento de la Ley Federal para la Administración y Enajenación de Bienes del Sector Público, así como el Estatuto Orgánico del **SAE**, deberán ser emitidos con la debida oportunidad para que entren en vigor el mismo día que el presente Decreto.

El Director General del **SAE** deberá ser nombrado, a más tardar, a los 10 días hábiles siguientes al de la entrada en vigor del presente Decreto.

**Séptimo.** Los recursos financieros y materiales asignados al Servicio de Administración de Bienes Asegurados, pasarán a formar parte del patrimonio del **SAE**.

**Octavo.** Los mandatos y demás operaciones que hasta antes de la fecha de entrada en vigor del presente Decreto, tenga encomendados el Fideicomiso Liquidador de Instituciones y Organizaciones Auxiliares de Crédito, se entenderán conferidos al **SAE**, salvo que dentro de los treinta días naturales siguientes a la fecha indicada, el mandante o quien haya girado las instrucciones correspondientes manifieste por escrito ante el **SAE** su voluntad de dar por concluido el mandato. Así mismo, los recursos financieros, humanos y materiales asignados al citado Fideicomiso, pasarán a formar parte del patrimonio del **SAE**.

Dentro del plazo a que se refiere el Transitorio Primero de este Decreto, se deberán realizar todas las acciones conducentes a efecto de extinguir el Fideicomiso Liquidador de Instituciones y Organizaciones Auxiliares de Crédito.

**Exhibit 1, Page 123**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**Noveno.** Las referencias a la Ley Federal para la Administración de Bienes Asegurados, Decomisados y Abandonados que hagan las leyes y demás disposiciones, se entenderán hechas a la Ley Federal para la Administración y Enajenación de Bienes del Sector Público.

México, D.F., a 31 de octubre de 2002.- Sen. **Enrique Jackson Ramírez**, Presidente.- Dip. **Beatriz Elena Paredes Rangel**, Presidenta.- Sen. **Yolanda E. González Hernández**, Secretario.- Dip. **Rodolfo Dorador Pérez Gavilán**, Secretario.- Rúbricas**".**

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la Residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los once días del mes de diciembre de dos mil dos.- **Vicente Fox Quesada**.- Rúbrica.- El Secretario de Gobernación, **Santiago Creel Miranda**.- Rúbrica.

**Exhibit 1, Page 124**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

*Última Reforma DOF 23-01-2009*

## DECRETO por el que se adiciona el Código Federal de Procedimientos Penales y el Código Penal Federal.

Publicado en el Diario Oficial de la Federación el 8 de febrero de 2006

**ARTÍCULO PRIMERO.-** Se adiciona el artículo 194 del Código Federal de Procedimientos Penales, para quedar como sigue:

..........

## TRANSITORIOS

**PRIMERO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el Diario Oficial de la Federación.

**SEGUNDO.-** Se derogan todas las disposiciones que se opongan a las contenidas en el presente Decreto.

México, D.F., a 14 de diciembre de 2005.- Sen. **Enrique Jackson Ramírez**, Presidente.- Dip. **Heliodoro Díaz Escárraga**, Presidente.- Sen. **Sara Isabel Castellanos Cortés**, Secretaria.- Dip. **Ma. Sara Rocha Medina**, Secretaria.- Rúbricas.**"**

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la Residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los tres días del mes de febrero de dos mil seis.- **Vicente Fox Quesada**.- Rúbrica.- El Secretario de Gobernación, **Carlos María Abascal Carranza**.- Rúbrica.

**Exhibit 1, Page 125**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES
Última Reforma DOF 23-01-2009

**DECRETO por el que se reforma el artículo 133 del Código Federal de Procedimientos Penales.**

Publicado en el Diario Oficial de la Federación el 23 de mayo de 2006

**ARTÍCULO ÚNICO.-** Se reforma el artículo 133 del Código Federal de Procedimientos Penales, para quedar como sigue:

..........

### TRANSITORIO

**Único.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el Diario Oficial de la Federación.

México, D.F., a 6 de abril de 2006.- Dip. **Marcela González Salas P.**, Presidenta.- Sen. **Carlos Chaurand Arzate**, Vicepresidente.- Dip. **Marcos Morales Torres**, Secretario.- Sen. **Sara I. Castellanos Cortés**, Secretaria.- Rúbricas.**"**

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la Residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los dieciocho días del mes de mayo de dos mil seis.- **Vicente Fox Quesada**.- Rúbrica.- El Secretario de Gobernación, **Carlos María Abascal Carranza**.- Rúbrica.

**Exhibit 1, Page 126**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

*Última Reforma DOF 23-01-2009*

## DECRETO por el que se reforman y adicionan diversas disposiciones de la Ley General de Salud y del Código Federal de Procedimientos Penales.

Publicado en el Diario Oficial de la Federación el 25 de mayo de 2006

**Artículo Segundo.-** Se adiciona la fracción XV al Artículo 194 del Código Federal de Procedimientos Penales, para quedar como sigue:

.........

## TRANSITORIO

**Único.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el Diario Oficial de la Federación.

México, D.F., a 28 de marzo de 2006.- Dip. **Marcela González Salas P**., Presidenta.- Sen. **Enrique Jackson Ramírez**, Presidente.- Dip. **Marcos Morales Torres**, Secretario.- Sen. **Yolanda E. González Hernández**, Secretaria.- Rúbricas.**"**

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la Residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los veintidós días del mes de mayo de dos mil seis.- **Vicente Fox Quesada**.- Rúbrica.- El Secretario de Gobernación, **Carlos María Abascal Carranza**.- Rúbrica.

**Exhibit 1, Page 127**



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

*Última Reforma DOF 23-01-2009*

## DECRETO por el que se reforman y adicionan diversas disposiciones del Código Federal de Procedimientos Penales y del Código Penal Federal.

Publicado en el Diario Oficial de la Federación el 6 de junio de 2006

**ARTÍCULO PRIMERO.-** Se adiciona el artículo 243 Bis, al Código Federal de Procedimientos Penales, para quedar como sigue:

..........

## TRANSITORIO

**ÚNICO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el Diario Oficial de la Federación.

México, D.F., a 18 de abril de 2006.- Sen. **Enrique Jackson Ramírez**, Presidente.- Dip. **Marcela González Salas P.**, Presidenta.- Sen. **Sara Isabel Castellanos Cortés**, Secretaria.- Dip. **Ma. Sara Rocha Medina**, Secretaria.- Rúbricas.**"**

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la Residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los treinta días del mes de mayo de dos mil seis.- **Vicente Fox Quesada**.- Rúbrica.- El Secretario de Gobernación, **Carlos María Abascal Carranza**.- Rúbrica.

**Exhibit 1, Page 128**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

*Última Reforma DOF 23-01-2009*

## DECRETO por el que se reforman los artículos 2o. y 141 del Código Federal de Procedimientos Penales.

Publicado en el Diario Oficial de la Federación el 22 de junio de 2006

**ARTÍCULO ÚNICO.-** Se reforman la fracción VIII del Artículo 2o.; la fracción IV y se adiciona la fracción V, pasando la actual V a ser VI del Artículo 141 del Código Federal de Procedimientos Penales, para quedar como sigue:

..........

## TRANSITORIO

**ÚNICO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el Diario Oficial de la Federación.

México, D.F., a 26 de abril de 2006.- Dip. **Marcela González Salas P.**, Presidenta.- Sen. **Enrique Jackson Ramírez**, Presidente.- Dip. **Marcos Morales Torres**, Secretario.- Sen. **Micaela Aguilar González**, Secretaria.- Rúbricas.**"**

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la Residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los diecinueve días del mes de junio de dos mil seis.- **Vicente Fox Quesada**.- Rúbrica.- El Secretario de Gobernación, **Carlos María Abascal Carranza**.- Rúbrica.

**Exhibit 1, Page 129**



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

## DECRETO por el que se reforman, adicionan y derogan diversas disposiciones del Código Penal Federal, del Código Federal de Procedimientos Penales y de la Ley Federal contra la Delincuencia Organizada, en materia de explotación sexual infantil.

Publicado en el Diario Oficial de la Federación el 27 de marzo de 2007

**ARTÍCULO SEGUNDO:** Se reforman los incisos 13) y 23) de la fracción I del artículo 194 del Código Federal de Procedimientos Penales, para quedar como sigue:

.........

## TRANSITORIOS

**ÚNICO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el Diario Oficial de la Federación.

México, D.F., a 20 de febrero de 2007.- Dip. **Jorge Zermeño Infante**, Presidente.- Sen. **Manlio Fabio Beltrones Rivera**, Presidente.- Dip. **Ma. Mercedes Maciel Ortiz**, Secretaria.- Sen. **Ludivina Menchaca Castellanos**, Secretaria.- Rúbricas."

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la Residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los veintiséis días del mes de marzo de dos mil siete.- **Felipe de Jesús Calderón Hinojosa**.- Rúbrica.- El Secretario de Gobernación, **Francisco Javier Ramírez Acuña**.- Rúbrica.

**Exhibit 1, Page 130**



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

## DECRETO por el que se reforma el  párrafo único del artículo 387 del Código Federal de Procedimientos Penales.

Publicado en el Diario Oficial de la Federación el 10 de abril de 2007

**ARTÍCULO ÚNICO.-** Se reforma el párrafo único del artículo 387 del Código Federal de Procedimientos Penales, para quedar como sigue:

..........

## TRANSITORIO

**Único.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el Diario Oficial de la Federación.

México, D.F., a 6 de marzo de 2007.- Dip. **Jorge Zermeño Infante**, Presidente.- Sen. **Manlio Fabio Beltrones Rivera**, Presidente.- Dip. **Antonio Xavier Lopez Adame**, Secretario.- Sen. **Ludivina Menchaca Castellanos**, Secretaria. - Rúbricas.**"**

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la Residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los dos días del mes de abril de dos mil siete.- **Felipe de Jesús Calderón Hinojosa**.- Rúbrica.- El Secretario de Gobernación, **Francisco Javier Ramírez Acuña**.- Rúbrica.

**Exhibit 1, Page 131**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

**DECRETO por el que se reforman diversas disposiciones del Código Penal Federal; del Código Federal de Procedimientos Penales; de la Ley Federal contra la Delincuencia Organizada; de la Ley de Instituciones de Crédito; de la Ley de Ahorro y Crédito Popular; de la Ley de los Sistemas de Ahorro para el Retiro; de la Ley de Sociedades de Inversión; de la Ley del Mercado de Valores; de la Ley Federal de Instituciones de Fianzas; de la Ley General de Instituciones y Sociedades Mutualistas de Seguros; y de la Ley General de Organizaciones y Actividades Auxiliares del Crédito.**

Publicado en el Diario Oficial de la Federación el 28 de junio de 2007

**ARTICULO SEGUNDO.** Se reforma el segundo párrafo del Artículo 180, así como el 194, fracción I, inciso 4), ambos del Código Federal de Procedimientos Penales, para quedar como sigue:

..........

## TRANSITORIOS

**PRIMERO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el Diario Oficial de la Federación.

**SEGUNDO.-** A las personas que hayan cometido un delito de los contemplados en el presente Decreto con anterioridad a su entrada en vigor, les serán aplicables las disposiciones del Código Penal Federal vigentes en el momento de su comisión.

México, D.F., a 26 de abril de 2007.- Dip. **Jorge Zermeño Infante**, Presidente.- Sen. **Manlio Fabio Beltrones Rivera**, Presidente.- Dip. **Antonio Xavier Lopez Adame**, Secretario.- Sen. **Renán Cleominio Zoreda Novelo**, Secretario.- Rúbricas.**"**

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la Residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a veintiséis de junio de dos mil siete.- **Felipe de Jesús Calderón Hinojosa**.- Rúbrica.- El Secretario de Gobernación, **Francisco Javier Ramírez Acuña**.- Rúbrica.

**Exhibit 1, Page 132**



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**DECRETO por el que se expide la Ley para Prevenir y Sancionar la Trata de Personas, y se reforman, adicionan y derogan diversas disposiciones de la Ley Federal contra la Delincuencia Organizada; el Código Federal de Procedimientos Penales y el Código Penal Federal.**

Publicado en el Diario Oficial de la Federación el 27 de noviembre de 2007

**ARTÍCULO TERCERO.-** Se reforma el inciso 13) de la fracción I y se adiciona una fracción XVI al artículo 194 del Código Federal de Procedimientos Penales, para quedar como sigue:

..........

## TRANSITORIOS

**Primero.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el Diario Oficial de la Federación.

**Segundo.-** El Ejecutivo expedirá el Reglamento de la Ley en un término de 120 días hábiles.

México, D.F., a 2 de octubre de 2007.- Dip. **Ruth Zavaleta Salgado**, Presidenta.- Sen. **Santiago Creel Miranda**, Presidente.- Dip. **Antonio Xavier Lopez Adame**, Secretario.- Sen. **Adrián Rivera Pérez**, Secretario.- Rúbricas.**"**

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la Residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los veintiséis días del mes de noviembre de dos mil siete.- **Felipe de Jesús Calderón Hinojosa**.- Rúbrica.- El Secretario de Gobernación, **Francisco Javier Ramírez Acuña**.- Rúbrica.



CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

*Última Reforma DOF 23-01-2009*

**DECRETO por el que se adicionan los artículos 165 Bis y 165 Ter al Código Federal de Procedimientos Penales.**

Publicado en el Diario Oficial de la Federación el 7 de diciembre de 2007

**Artículo Único.-** Se adicionan los artículos 165 Bis y 165 Ter al Código Federal de Procedimientos Penales, para quedar como sigue:

……….

## TRANSITORIO

**Único.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el Diario Oficial de la Federación.

México, D.F., a 23 de octubre de 2007.- Dip. **Ruth Zavaleta Salgado**, Presidenta.- Sen. **Santiago Creel Miranda**, Presidente.- Dip. **Esmeralda Cardenas Sanchez**, Secretaria.- Sen. **Claudia Sofía Corichi García**, Secretaria.- Rúbricas.**"**

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la Residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a treinta de noviembre de dos mil siete.- **Felipe de Jesús Calderón Hinojosa**.- Rúbrica.- El Secretario de Gobernación, **Francisco Javier Ramírez Acuña**.- Rúbrica.

**Exhibit 1, Page 134**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

## DECRETO por el que se reforman, adicionan y derogan diversas disposiciones de la Ley de Instituciones de Crédito, de la Ley General de Títulos y Operaciones de Crédito, del Código Federal de Procedimientos Penales y del Código Penal Federal.

Publicado en el Diario Oficial de la Federación el 26 de junio de 2008

**Artículo Tercero.-** Se reforma la fracción VIII, se adiciona la fracción VIII Bis y se deroga el inciso 17) de la fracción I, todos del artículo 194 del Código Federal de Procedimientos Penales, para quedar como sigue:

……….

## Transitorios

**Primero.** El presente Decreto entrará en vigor al día siguiente al de su publicación en el Diario Oficial de la Federación.

**Segundo.** Los delitos previstos en los artículos 112 Bis de la Ley de Instituciones de Crédito y 240 Bis del Código Penal Federal vigentes hasta la entrada en vigor del presente decreto, seguirán aplicándose por los hechos realizados durante su vigencia. Asimismo, dichos preceptos seguirán aplicándose a las personas procesadas o sentenciadas por los delitos previstos y sancionados por los mismos artículos. Lo anterior sin perjuicio de aplicar, cuando proceda, lo previsto en el artículo 56 del citado Código Penal Federal.

**Tercero.** Para los supuestos, sujetos y efectos del artículo anterior, los delitos previstos en el artículo 240 Bis del Código Penal Federal, se seguirán calificando como graves en los términos del artículo 194 del Código Federal de Procedimientos Penales, para todos los efectos legales procedentes.

México, D.F., a 22 de abril de 2008.- Dip. **Ruth Zavaleta Salgado**, Presidenta.- Sen. **Santiago Creel Miranda**, Presidente.- Dip. **Esmeralda Cardenas Sanchez**, Secretaria.- Sen. **Adrián Rivera Pérez**, Secretario.- Rúbricas.**"**

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la Residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a nueve de junio de dos mil ocho.- **Felipe de Jesús Calderón Hinojosa**.- Rúbrica.- El Secretario de Gobernación, **Juan Camilo Mouriño Terrazo**.- Rúbrica.

**Exhibit 1, Page 135**



**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**

CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 23-01-2009*

## DECRETO por el que se reforman, adicionan y derogan diversas disposiciones del Código Federal de Procedimientos Penales, de la Ley Federal contra la Delincuencia Organizada, de la Ley que Establece las Normas Mínimas sobre Readaptación Social de Sentenciados, del Código Penal Federal, de la Ley de la Policía Federal Preventiva, de la Ley Orgánica de la Procuraduría General de la República, de la Ley Federal de Responsabilidades Administrativas de los Servidores Públicos, y de la Ley Federal de Procedimiento Contencioso Administrativo.

Publicado en el Diario Oficial de la Federación el 23 de enero de 2009

**ARTÍCULO PRIMERO.-** Se REFORMAN los artículos 2o., fracción IV y V; 3o.; 10, párrafo tercero; 16, párrafos primero y segundo; 44, fracciones, I, II y III; 61, párrafos primero y actual segundo; 62; 69, segundo párrafo; 113, párrafo primero; 123, párrafo primero; 133 Bis; 135, párrafo segundo; 141; 162; 181, párrafos primero y segundo; 182, párrafo tercero; 183; 193; 208; 237; 399 Bis, primer párrafo; 412, fracción III; 419, párrafo segundo; 421, fracción III; 528; 531; 534; 538, párrafo segundo; 539; 540; 543; 544, párrafo primero; 545; 547; 554, párrafo segundo; 560, fracción IV; 565; 570; 571, párrafo primero; 572; 573; 574; se ADICIONAN, el párrafo cuarto al artículo 10; los párrafos tercero, cuarto, quinto, sexto y séptimo, recorriéndose los actuales tercero y cuarto, para quedar como octavo y noveno al artículo 16; la fracción IV y los párrafos segundo y tercero al artículo 44; un párrafo segundo, recorriéndose en su orden y un último párrafo al artículo 61; el párrafo cuarto al artículo 113; los artículos 123 Bis; 123 Ter; 123 Quáter; 123 Quintus; 133 Ter; 168 Bis, 168 Ter y 168 Quáter; el párrafo tercero al artículo 193 Bis; 193 Ter; 193 Quater; 193 Quintus; 193 Sextus; 193 Septimus; 193 Octavus; un numeral 16), recorriéndose en su orden los subsecuentes a la fracción I del artículo 194; 208; 253 Bis; el Capítulo VIII Bis, denominado "Comunicaciones Privadas entre Particulares", que contiene los artículos 278 Bis y 278 Ter; un segundo párrafo al artículo 285; 289 Bis; todos del Código Federal de Procedimientos Penales, para quedar como sigue:

..........

## TRANSITORIOS

**PRIMERO.** El presente Decreto entrará en vigor al día siguiente de su publicación en el Diario Oficial de la Federación.

**SEGUNDO.** Lo dispuesto en el artículo 133 Bis, del Código Federal de Procedimientos Penales estará vigente hasta en tanto entre en vigor el sistema procesal acusatorio a que se refiere el Decreto por el que se reforman los artículos 16, 17, 18, 19, 20, 21 y 22, las fracciones XXI y XXIII del artículo 73, la fracción VII del artículo 115 y la fracción XIII del apartado B, del artículo 123 de la Constitución Política de los Estados Unidos Mexicanos, publicado en el Diario Oficial de la Federación el 18 de junio de 2008.

**TERCERO.** Dentro de los seis meses siguientes a la entrada en vigor del presente Decreto, las autoridades competentes deberán expedir las disposiciones administrativas necesarias para regular recepción, transmisión y conservación de la información derivada de las detenciones a que se refieren los artículos 193, 193 bis, 193 ter, 193 quáter, 193 quintus y 193 octavus del Código Federal de Procedimientos Penales.

México, D.F., a 9 de diciembre de 2008.- Sen. **Gustavo Enrique Madero Muñoz**, Presidente.- Dip. **Cesar Horacio Duarte Jaquez**, Presidente.- Sen. **Renan Cleominio Zoreda Novelo**, Secretario.- Dip. **Rosa Elia Romero Guzman**, Secretaria.- Rúbricas.**"**

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la

**Exhibit 1, Page 136**



**CÁMARA DE DIPUTADOS DEL H. CONGRESO DE LA UNIÓN**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES**
*Última Reforma DOF 23-01-2009*

Residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a veintidós de enero de dos mil nueve.- **Felipe de Jesús Calderón Hinojosa**.- Rúbrica.- El Secretario de Gobernación, Lic. **Fernando Francisco Gómez Mont Urueta**.- Rúbrica.

**Exhibit 1, Page 137**

# EXHIBIT 2

Federal Law of Criminal Procedures

ARTICLE 16.- In all procedures that they perform, the Judge, the Department of Prosecutions and the Police shall be accompanied by their secretaries (if applicable) or by witnesses who will attest to everything that occurs in said procedures.

Access to the preliminary investigation file shall only be available to the suspect and his or her defense counsel, and to the victim or injured party and his or her legal representative. The preliminary investigation and all documents, irrespective of their nature or content, together with any related objects, voice or image recordings, or things shall be kept strictly confidential.

For purposes of access to public government information, only a public version of a decision not to pursue criminal proceedings may be issued, provided this occurs after a period equal to the statute of limitations on the offenses in question, in accordance with the terms of the Federal Criminal Code; in no case shall said period be less than three nor greater than twelve years calculated from the date on which the aforesaid decision enters into effect.

If the decision not to pursue criminal proceedings arises due to a lack of details as to whether the offense had been committed, then the Department of Prosecutions may supply the information in accordance with the applicable provisions, provided that this does not place any investigation in jeopardy.

In no case shall there be any reference to confidential information concerning the personal details of the suspect, victim or injured party, or of any witnesses, public employees or any other person associated with or mentioned in the investigation.

Once criminal proceedings have commenced, the Department of Prosecutions shall not supply information to any unauthorized persons.

Any public employee who violates the confidentiality of the preliminary investigation or furnishes a copy of any documents contained therein, shall be liable to the corresponding procedure for administrative or criminal liability.

During proceedings, the courts will preside over the evidentiary procedures and take statements and depositions directly.

According to the nature of each case and at the discretion of the official in charge, the proceedings may use means such as shorthand, dictaphone or some other image or sound reproduction medium, and the medium employed shall be noted on the respective official record.



**TRANSPERFECT**

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BERLIN
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBAI
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
ORLANDO
PARIS
PHILADELPHIA
PHOENIX
PORTLAND
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
VANCOUVER
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Marina Yoffe, hereby certify that the document "Article 16" is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English.

_____
Marina Yoffe

Sworn to before me on

May 12, 2009

Signature, Notary Public

Pamela Boyle
Notary Public, State of New York
No. 01BO6181278
Qualified in NEW YORK County
Commission Expires Jan 28,

_____
Stamp, Notary Public

THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016   T 212.689.5555   F 212.689.1059   WWW.TRANSPERFECT.COM

# EXHIBIT 3

**Article 25** – Court clerks will compare the copies or certified copies of documents ordered to be issued and will certify them with their signature and the appropriate stamp.

Without prejudice to the provisions of article 17, a decision of the Prosecutor or the court, as the case may be, is required to make a copy of any document or proceeding, which decision will be rendered in favor of the persons with legitimate standing to obtain such documents in the proceedings.



**TRANSPERFECT**

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BERLIN
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBAI
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PHOENIX
PORTLAND
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
VANCOUVER
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Marina Yoffe, hereby certified that the document, "Article 25 of the Federal Criminal Procedures Code" to the best of my knowledge and belief, is a true and accurate translation from Spanish into English.

Marina Yoffe

Sworn before me this

26th Day of May, 2008

Signature, Notary Public

Stamp, Notary Public

# EXHIBIT 4



**LEY FEDERAL DE TRANSPARENCIA Y ACCESO A LA INFORMACIÓN PÚBLICA GUBERNAMENTAL**

**Cámara de Diputados del H. Congreso de la Unión**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 06-06-2006*

# LEY FEDERAL DE TRANSPARENCIA Y ACCESO A LA INFORMACIÓN PÚBLICA GUBERNAMENTAL

**Nueva Ley publicada en el Diario Oficial de la Federación el 11 de junio de 2002**

**TEXTO VIGENTE**
**Última reforma publicada DOF 06-06-2006**

Al margen un sello con el Escudo Nacional, que dice: Estados Unidos Mexicanos.- Presidencia de la República.

**VICENTE FOX QUESADA**, Presidente de los Estados Unidos Mexicanos, a sus habitantes sabed:

Que el Honorable Congreso de la Unión, se ha servido dirigirme el siguiente

**DECRETO**

"EL CONGRESO DE LOS ESTADOS UNIDOS MEXICANOS, DECRETA:

**LEY FEDERAL DE TRANSPARENCIA Y ACCESO A LA INFORMACIÓN PÚBLICA GUBERNAMENTAL**

**TÍTULO PRIMERO**
**DISPOSICIONES COMUNES PARA LOS SUJETOS OBLIGADOS**

**Capítulo I**
**Disposiciones Generales**

**Artículo 1.** La presente Ley es de orden público. Tiene como finalidad proveer lo necesario para garantizar el acceso de toda persona a la información en posesión de los Poderes de la Unión, los órganos constitucionales autónomos o con autonomía legal, y cualquier otra entidad federal.

**Artículo 2.** Toda la información gubernamental a que se refiere esta Ley es pública y los particulares tendrán acceso a la misma en los términos que ésta señala.

**Artículo 3.** Para los efectos de esta Ley se entenderá por:

**I. Comités:** Los Comités de Información de cada una de las dependencias y entidades mencionados en el Artículo 29 de esta Ley o el titular de las referidas en el Artículo 31;

**II. Datos personales:** La información concerniente a una persona física, identificada o identificable, entre otra, la relativa a su origen étnico o racial, o que esté referida a las características físicas, morales o emocionales, a su vida afectiva y familiar, domicilio, número telefónico, patrimonio, ideología y opiniones políticas, creencias o convicciones religiosas o filosóficas, los estados de salud físicos o mentales, las preferencias sexuales, u otras análogas que afecten su intimidad;

**III. Documentos:** Los expedientes, reportes, estudios, actas, resoluciones, oficios, correspondencia, acuerdos, directivas, directrices, circulares, contratos, convenios, instructivos, notas, memorandos, estadísticas o bien, cualquier otro registro que documente el ejercicio de las facultades o la actividad de los sujetos obligados y sus servidores públicos, sin importar su fuente o fecha de elaboración. Los

**Exhibit 4, Page 142**



**LEY FEDERAL DE TRANSPARENCIA Y ACCESO A LA INFORMACIÓN PÚBLICA GUBERNAMENTAL**

**Cámara de Diputados del H. Congreso de la Unión**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 06-06-2006*

documentos podrán estar en cualquier medio, sea escrito, impreso, sonoro, visual, electrónico, informático u holográfico;

**IV. Dependencias y entidades:** Las señaladas en la Ley Orgánica de la Administración Pública Federal, incluidas la Presidencia de la República, los órganos administrativos desconcentrados, así como la Procuraduría General de la República;

**V. Información:** La contenida en los documentos que los sujetos obligados generen, obtengan, adquieran, transformen o conserven por cualquier título;

**VI. Información reservada:** Aquella información que se encuentra temporalmente sujeta a alguna de las excepciones previstas en los Artículos 13 y 14 de esta Ley;

**VII. Instituto:** El Instituto Federal de Acceso a la Información establecido en el Artículo 33 de esta Ley;

**VIII. Ley:** La Ley Federal de Transparencia y Acceso a la Información Pública Gubernamental;

**IX. Órganos constitucionales autónomos:** El Instituto Federal Electoral, la Comisión Nacional de los Derechos Humanos, el Banco de México, las universidades y las demás instituciones de educación superior a las que la ley otorgue autonomía y cualquier otro establecido en la Constitución Política de los Estados Unidos Mexicanos;

**X. Reglamento:** El Reglamento respecto al Poder Ejecutivo Federal, de la Ley Federal de Transparencia y Acceso a la Información Pública Gubernamental;

**XI. Servidores públicos:** Los mencionados en el párrafo primero del Artículo 108 Constitucional y todas aquellas personas que manejen o apliquen recursos públicos federales;

**XII. Seguridad nacional:** Acciones destinadas a proteger la integridad, estabilidad y permanencia del Estado Mexicano, la gobernabilidad democrática, la defensa exterior y la seguridad interior de la Federación, orientadas al bienestar general de la sociedad que permitan el cumplimiento de los fines del Estado constitucional;

**XIII. Sistema de datos personales:** El conjunto ordenado de datos personales que estén en posesión de un sujeto obligado;

**XIV. Sujetos obligados:**

**a)** El Poder Ejecutivo Federal, la Administración Pública Federal y la Procuraduría General de la República;

**b)** El Poder Legislativo Federal, integrado por la Cámara de Diputados, la Cámara de Senadores, la Comisión Permanente y cualquiera de sus órganos;

**c)** El Poder Judicial de la Federación y el Consejo de la Judicatura Federal;

**d)** Los órganos constitucionales autónomos;

**e)** Los tribunales administrativos federales, y

**f)** Cualquier otro órgano federal.

**Exhibit 4, Page 143**



**LEY FEDERAL DE TRANSPARENCIA Y ACCESO A LA INFORMACIÓN PÚBLICA GUBERNAMENTAL**

**Cámara de Diputados del H. Congreso de la Unión**                                   *Última Reforma DOF 06-06-2006*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**XV. Unidades administrativas:** Las que de acuerdo con la normatividad de cada uno de los sujetos obligados tengan la información de conformidad con las facultades que les correspondan.

**Artículo 4.** Son objetivos de esta Ley:

**I.** Proveer lo necesario para que toda persona pueda tener acceso a la información mediante procedimientos sencillos y expeditos;

**II.** Transparentar la gestión pública mediante la difusión de la información que generan los sujetos obligados;

**III.** Garantizar la protección de los datos personales en posesión de los sujetos obligados;

**IV.** Favorecer la rendición de cuentas a los ciudadanos, de manera que puedan valorar el desempeño de los sujetos obligados;

**V.** Mejorar la organización, clasificación y manejo de los documentos, y

**VI.** Contribuir a la democratización de la sociedad mexicana y la plena vigencia del Estado de derecho.

**Artículo 5.** La presente Ley es de observancia obligatoria para los servidores públicos federales.

**Artículo 6.** En la interpretación de esta Ley y de su Reglamento, así como de las normas de carácter general a las que se refiere el Artículo 61, se deberá favorecer el principio de máxima publicidad y disponibilidad de la información en posesión de los sujetos obligados.

El derecho de acceso a la información pública se interpretará conforme a la Constitución Política de los Estados Unidos Mexicanos; la Declaración Universal de los Derechos Humanos; el Pacto Internacional de Derechos Civiles y Políticos; la Convención Americana sobre Derechos Humanos; la Convención Sobre la Eliminación de Todas las Formas de Discriminación Contra la Mujer, y demás instrumentos internacionales suscritos y ratificados por el Estado Mexicano y la interpretación que de los mismos hayan realizado los órganos internacionales especializados.

*Artículo reformado DOF 06-06-2006*

## Capítulo II
## Obligaciones de transparencia

**Artículo 7.** Con excepción de la información reservada o confidencial prevista en esta Ley, los sujetos obligados deberán poner a disposición del público y actualizar, en los términos del Reglamento y los lineamientos que expida el Instituto o la instancia equivalente a que se refiere el Artículo 61, entre otra, la información siguiente:

**I.** Su estructura orgánica;

**II.** Las facultades de cada unidad administrativa;

**III.** El directorio de servidores públicos, desde el nivel de jefe de departamento o sus equivalentes;

**IV.** La remuneración mensual por puesto, incluso el sistema de compensación, según lo establezcan las disposiciones correspondientes;

**Exhibit 4, Page 144**



**Cámara de Diputados del H. Congreso de la Unión**          *Última Reforma DOF 06-06-2006*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**V.** El domicilio de la unidad de enlace, además de la dirección electrónica donde podrán recibirse las solicitudes para obtener la información;

**VI.** Las metas y objetivos de las unidades administrativas de conformidad con sus programas operativos;

**VII.** Los servicios que ofrecen;

**VIII.** Los trámites, requisitos y formatos. En caso de que se encuentren inscritos en el Registro Federal de Trámites y Servicios o en el Registro que para la materia fiscal establezca la Secretaría de Hacienda y Crédito Público, deberán publicarse tal y como se registraron;

**IX.** La información sobre el presupuesto asignado, así como los informes sobre su ejecución, en los términos que establezca el Presupuesto de Egresos de la Federación. En el caso del Ejecutivo Federal, dicha información será proporcionada respecto de cada dependencia y entidad por la Secretaría de Hacienda y Crédito Público, la que además informará sobre la situación económica, las finanzas públicas y la deuda pública, en los términos que establezca el propio presupuesto;

**X.** Los resultados de las auditorías al ejercicio presupuestal de cada sujeto obligado que realicen, según corresponda, la Secretaría de Contraloría y Desarrollo Administrativo, las contralorías internas o la Auditoría Superior de la Federación y, en su caso, las aclaraciones que correspondan;

**XI.** El diseño, ejecución, montos asignados y criterios de acceso a los programas de subsidio. Así como los padrones de beneficiarios de los programas sociales que establezca el Decreto del Presupuesto de Egresos de la Federación;

**XII.** Las concesiones, permisos o autorizaciones otorgados, especificando los titulares de aquéllos;

**XIII.** Las contrataciones que se hayan celebrado en términos de la legislación aplicable detallando por cada contrato:

**a)** Las obras públicas, los bienes adquiridos, arrendados y los servicios contratados; en el caso de estudios o investigaciones deberá señalarse el tema específico;

**b)** El monto;

**c)** El nombre del proveedor, contratista o de la persona física o moral con quienes se haya celebrado el contrato, y

**d)** Los plazos de cumplimiento de los contratos;

**XIV.** El marco normativo aplicable a cada sujeto obligado;

**XV.** Los informes que, por disposición legal, generen los sujetos obligados;

**XVI.** En su caso, los mecanismos de participación ciudadana, y

**XVII.** Cualquier otra información que sea de utilidad o se considere relevante, además de la que con base a la información estadística, responda a las preguntas hechas con más frecuencia por el público.



**LEY FEDERAL DE TRANSPARENCIA Y ACCESO A LA INFORMACIÓN PÚBLICA GUBERNAMENTAL**

**Cámara de Diputados del H. Congreso de la Unión**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 06-06-2006*

La información a que se refiere este Artículo deberá publicarse de tal forma que facilite su uso y comprensión por las personas, y que permita asegurar su calidad, veracidad, oportunidad y confiabilidad. Las dependencias y entidades deberán atender las recomendaciones que al respecto expida el Instituto.

**Artículo 8.** El Poder Judicial de la Federación deberá hacer públicas las sentencias que hayan causado estado o ejecutoria, las partes podrán oponerse a la publicación de sus datos personales.

**Artículo 9.** La información a que se refiere el Artículo 7 deberá estar a disposición del público, a través de medios remotos o locales de comunicación electrónica. Los sujetos obligados deberán tener a disposición de las personas interesadas equipo de cómputo, a fin de que éstas puedan obtener la información, de manera directa o mediante impresiones. Asimismo, éstos deberán proporcionar apoyo a los usuarios que lo requieran y proveer todo tipo de asistencia respecto de los trámites y servicios que presten.

Las dependencias y entidades deberán preparar la automatización, presentación y contenido de su información, como también su integración en línea, en los términos que disponga el Reglamento y los lineamientos que al respecto expida el Instituto.

**Artículo 10.** Las dependencias y entidades deberán hacer públicas, directamente o a través de la Consejería Jurídica del Ejecutivo Federal o de la Comisión Federal de Mejora Regulatoria, en los términos que establezca el Reglamento, y por lo menos con 20 días hábiles de anticipación a la fecha en que se pretendan publicar o someter a firma del titular del Ejecutivo Federal, los anteproyectos de leyes y disposiciones administrativas de carácter general a que se refiere el Artículo 4 de la Ley Federal de Procedimiento Administrativo, salvo que se determine a juicio de la Consejería o la Comisión Federal de Mejora Regulatoria, según sea el caso, que su publicación puede comprometer los efectos que se pretendan lograr con la disposición o se trate de situaciones de emergencia, de conformidad con esa Ley.

**Artículo 11.** Los informes que presenten los partidos políticos y las agrupaciones políticas nacionales al Instituto Federal Electoral, así como las auditorías y verificaciones que ordene la Comisión de Fiscalización de los Recursos Públicos de los Partidos y Agrupaciones Políticas, deberán hacerse públicos al concluir el procedimiento de fiscalización respectivo.

Cualquier ciudadano podrá solicitar al Instituto Federal Electoral, la información relativa al uso de los recursos públicos que reciban los partidos políticos y las agrupaciones políticas nacionales.

**Artículo 12.** Los sujetos obligados deberán hacer pública toda aquella información relativa a los montos y las personas a quienes entreguen, por cualquier motivo, recursos públicos, así como los informes que dichas personas les entreguen sobre el uso y destino de dichos recursos.

**Capítulo III**
**Información reservada y confidencial**

**Artículo 13.** Como información reservada podrá clasificarse aquélla cuya difusión pueda:

**I.** Comprometer la seguridad nacional, la seguridad pública o la defensa nacional;

**II.** Menoscabar la conducción de las negociaciones o bien, de las relaciones internacionales, incluida aquella información que otros estados u organismos internacionales entreguen con carácter de confidencial al Estado Mexicano;

**III.** Dañar la estabilidad financiera, económica o monetaria del país;

**Exhibit 4, Page 146**



**Cámara de Diputados del H. Congreso de la Unión**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**IV.** Poner en riesgo la vida, la seguridad o la salud de cualquier persona, o

**V.** Causar un serio perjuicio a las actividades de verificación del cumplimiento de las leyes, prevención o persecución de los delitos, la impartición de la justicia, la recaudación de las contribuciones, las operaciones de control migratorio, las estrategias procesales en procesos judiciales o administrativos mientras las resoluciones no causen estado.

**Artículo 14.** También se considerará como información reservada:

**I.** La que por disposición expresa de una Ley sea considerada confidencial, reservada, comercial reservada o gubernamental confidencial;

**II.** Los secretos comercial, industrial, fiscal, bancario, fiduciario u otro considerado como tal por una disposición legal;

**III.** Las averiguaciones previas;

**IV.** Los expedientes judiciales o de los procedimientos administrativos seguidos en forma de juicio en tanto no hayan causado estado;

**V.** Los procedimientos de responsabilidad de los servidores públicos, en tanto no se haya dictado la resolución administrativa o la jurisdiccional definitiva, o

**VI.** La que contenga las opiniones, recomendaciones o puntos de vista que formen parte del proceso deliberativo de los servidores públicos, hasta en tanto no sea adoptada la decisión definitiva, la cual deberá estar documentada.

Cuando concluya el periodo de reserva o las causas que hayan dado origen a la reserva de la información a que se refieren las fracciones III y IV de este Artículo, dicha información podrá ser pública, protegiendo la información confidencial que en ella se contenga.

No podrá invocarse el carácter de reservado cuando se trate de la investigación de violaciones graves de derechos fundamentales o delitos de lesa humanidad.

**Artículo 15.** La información clasificada como reservada según los artículos 13 y 14, podrá permanecer con tal carácter hasta por un periodo de doce años. Esta información podrá ser desclasificada cuando se extingan las causas que dieron origen a su clasificación o cuando haya transcurrido el periodo de reserva. La disponibilidad de esa información será sin perjuicio de lo que, al respecto, establezcan otras leyes.

El Instituto, de conformidad con el Reglamento, o la instancia equivalente a que se refiere el Artículo 61, establecerán los criterios para la clasificación y desclasificación de la información reservada.

Excepcionalmente, los sujetos obligados podrán solicitar al Instituto o a la instancia establecida de conformidad con el Artículo 61, según corresponda, la ampliación del periodo de reserva, siempre y cuando justifiquen que subsisten las causas que dieron origen a su clasificación.

**Artículo 16.** Los titulares de las unidades administrativas serán responsables de clasificar la información de conformidad con los criterios establecidos en esta Ley, su Reglamento y los lineamientos expedidos por el Instituto o por la instancia equivalente a que se refiere el Artículo 61, según corresponda.



**LEY FEDERAL DE TRANSPARENCIA Y ACCESO A LA INFORMACIÓN PÚBLICA GUBERNAMENTAL**

**Cámara de Diputados del H. Congreso de la Unión**                                      *Última Reforma DOF 06-06-2006*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**Artículo 17.** Las unidades administrativas elaborarán semestralmente y por rubros temáticos, un índice de los expedientes clasificados como reservados. Dicho índice deberá indicar la unidad administrativa que generó la información, la fecha de la clasificación, su fundamento, el plazo de reserva y, en su caso, las partes de los documentos que se reservan. En ningún caso el índice será considerado como información reservada.

El titular de cada dependencia o entidad deberá adoptar las medidas necesarias para asegurar la custodia y conservación de los expedientes clasificados.

En todo momento, el Instituto tendrá acceso a la información reservada o confidencial para determinar su debida clasificación, desclasificación o la procedencia de otorgar su acceso.

**Artículo 18.** Como información confidencial se considerará:

**I.** La entregada con tal carácter por los particulares a los sujetos obligados, de conformidad con lo establecido en el Artículo 19, y

**II.** Los datos personales que requieran el consentimiento de los individuos para su difusión, distribución o comercialización en los términos de esta Ley.

No se considerará confidencial la información que se halle en los registros públicos o en fuentes de acceso público.

**Artículo 19.** Cuando los particulares entreguen a los sujetos obligados la información a que se refiere la fracción I del artículo anterior, deberán señalar los documentos que contengan información confidencial, reservada o comercial reservada, siempre que tengan el derecho de reservarse la información, de conformidad con las disposiciones aplicables. En el caso de que exista una solicitud de acceso que incluya información confidencial, los sujetos obligados la comunicarán siempre y cuando medie el consentimiento expreso del particular titular de la información confidencial.

## Capítulo IV
## Protección de datos personales

**Artículo 20.** Los sujetos obligados serán responsables de los datos personales y, en relación con éstos, deberán:

**I.** Adoptar los procedimientos adecuados para recibir y responder las solicitudes de acceso y corrección de datos, así como capacitar a los servidores públicos y dar a conocer información sobre sus políticas en relación con la protección de tales datos, de conformidad con los lineamientos que al respecto establezca el Instituto o las instancias equivalentes previstas en el Artículo 61;

**II.** Tratar datos personales sólo cuando éstos sean adecuados, pertinentes y no excesivos en relación con los propósitos para los cuales se hayan obtenido;

**III.** Poner a disposición de los individuos, a partir del momento en el cual se recaben datos personales, el documento en el que se establezcan los propósitos para su tratamiento, en términos de los lineamientos que establezca el Instituto o la instancia equivalente a que se refiere el Artículo 61;

**IV.** Procurar que los datos personales sean exactos y actualizados;

**Exhibit 4, Page 148**



**LEY FEDERAL DE TRANSPARENCIA Y ACCESO A LA INFORMACIÓN PÚBLICA GUBERNAMENTAL**

**Cámara de Diputados del H. Congreso de la Unión**                                    *Última Reforma DOF 06-06-2006*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**V.** Sustituir, rectificar o completar, de oficio, los datos personales que fueren inexactos, ya sea total o parcialmente, o incompletos, en el momento en que tengan conocimiento de esta situación, y

**VI.** Adoptar las medidas necesarias que garanticen la seguridad de los datos personales y eviten su alteración, pérdida, transmisión y acceso no autorizado.

**Artículo 21.** Los sujetos obligados no podrán difundir, distribuir o comercializar los datos personales contenidos en los sistemas de información, desarrollados en el ejercicio de sus funciones, salvo que haya mediado el consentimiento expreso, por escrito o por un medio de autenticación similar, de los individuos a que haga referencia la información.

**Artículo 22.** No se requerirá el consentimiento de los individuos para proporcionar los datos personales en los siguientes casos:

**I.** (Se deroga).

*Fracción derogada DOF 11-05-2004*

**II.** Los necesarios por razones estadísticas, científicas o de interés general previstas en ley, previo procedimiento por el cual no puedan asociarse los datos personales con el individuo a quien se refieran;

**III.** Cuando se transmitan entre sujetos obligados o entre dependencias y entidades, siempre y cuando los datos se utilicen para el ejercicio de facultades propias de los mismos;

**IV.** Cuando exista una orden judicial;

**V.** A terceros cuando se contrate la prestación de un servicio que requiera el tratamiento de datos personales. Dichos terceros no podrán utilizar los datos personales para propósitos distintos a aquéllos para los cuales se les hubieren transmitido, y

**VI.** En los demás casos que establezcan las leyes.

**Artículo 23.** Los sujetos obligados que posean, por cualquier título, sistemas de datos personales, deberán hacerlo del conocimiento del Instituto o de las instancias equivalentes previstas en el Artículo 61, quienes mantendrán un listado actualizado de los sistemas de datos personales.

**Artículo 24.** Sin perjuicio de lo que dispongan otras leyes, sólo los interesados o sus representantes podrán solicitar a una unidad de enlace o su equivalente, previa acreditación, que les proporcione los datos personales que obren en un sistema de datos personales. Aquélla deberá entregarle, en un plazo de diez días hábiles contados desde la presentación de la solicitud, en formato comprensible para el solicitante, la información correspondiente, o bien, le comunicará por escrito que ese sistema de datos personales no contiene los referidos al solicitante.

La entrega de los datos personales será gratuita, debiendo cubrir el individuo únicamente los gastos de envío de conformidad con las tarifas aplicables. No obstante, si la misma persona realiza una nueva solicitud respecto del mismo sistema de datos personales en un periodo menor a doce meses a partir de la última solicitud, los costos se determinarán de acuerdo con lo establecido en el Artículo 27.

**Artículo 25.** Las personas interesadas o sus representantes podrán solicitar, previa acreditación, ante la unidad de enlace o su equivalente, que modifiquen sus datos que obren en cualquier sistema de datos personales. Con tal propósito, el interesado deberá entregar una solicitud de modificaciones a la unidad de enlace o su equivalente, que señale el sistema de datos personales, indique las modificaciones por realizarse y aporte la documentación que motive su petición. Aquélla deberá entregar al solicitante, en un

**Exhibit 4, Page 149**



**LEY FEDERAL DE TRANSPARENCIA Y ACCESO A LA INFORMACIÓN PÚBLICA GUBERNAMENTAL**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 06-06-2006*

plazo de 30 días hábiles desde la presentación de la solicitud, una comunicación que haga constar las modificaciones o bien, le informe de manera fundada y motivada, las razones por las cuales no procedieron las modificaciones.

**Artículo 26.** Contra la negativa de entregar o corregir datos personales, procederá la interposición del recurso a que se refiere el Artículo 50. También procederá en el caso de falta de respuesta en los plazos a que se refieren los artículos 24 y 25.

## Capítulo V
## Cuotas de acceso

**Artículo 27.** Los costos por obtener la información no podrán ser superiores a la suma de:

**I.** El costo de los materiales utilizados en la reproducción de la información, y

**II.** El costo de envío.

Las cuotas de los derechos aplicables deberán estar establecidas en la Ley Federal de Derechos.

Los sujetos obligados deberán esforzarse por reducir los costos de entrega de información.

## TÍTULO SEGUNDO
## ACCESO A LA INFORMACIÓN EN EL PODER EJECUTIVO FEDERAL

## Capítulo I
## Unidades de enlace y comités de información

**Artículo 28.** Los titulares de cada una de las dependencias y entidades designarán a la unidad de enlace que tendrá las funciones siguientes:

**I.** Recabar y difundir la información a que se refiere el Artículo 7, además de propiciar que las unidades administrativas la actualicen periódicamente;

**II.** Recibir y dar trámite a las solicitudes de acceso a la información, referidas en los artículos 24, 25 y 40;

**III.** Auxiliar a los particulares en la elaboración de solicitudes y, en su caso, orientarlos sobre las dependencias o entidades u otro órgano que pudieran tener la información que solicitan;

**IV.** Realizar los trámites internos de cada dependencia o entidad, necesarios para entregar la información solicitada, además de efectuar las notificaciones a los particulares;

**V.** Proponer al Comité los procedimientos internos que aseguren la mayor eficiencia en la gestión de las solicitudes de acceso a la información;

**VI.** Habilitar a los servidores públicos de la dependencia o entidad que sean necesarios, para recibir y dar trámite a las solicitudes de acceso a la información;

**VII.** Llevar un registro de las solicitudes de acceso a la información, sus resultados y costos, y

**Exhibit 4, Page 150**



**LEY FEDERAL DE TRANSPARENCIA Y ACCESO A LA INFORMACIÓN PÚBLICA GUBERNAMENTAL**

**Cámara de Diputados del H. Congreso de la Unión**                    *Última Reforma DOF 06-06-2006*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**VIII.** Las demás necesarias para garantizar y agilizar el flujo de información entre la dependencia o entidad y los particulares.

**Artículo 29.** En cada dependencia o entidad se integrará un Comité de Información que tendrá las funciones siguientes:

**I.** Coordinar y supervisar las acciones de la dependencia o entidad tendientes a proporcionar la información prevista en esta Ley;

**II.** Instituir, de conformidad con el Reglamento, los procedimientos para asegurar la mayor eficiencia en la gestión de las solicitudes de acceso a la información;

**III.** Confirmar, modificar o revocar la clasificación de la información hecha por los titulares de las unidades administrativas de la dependencia o entidad;

**IV.** Realizar a través de la unidad de enlace, las gestiones necesarias para localizar los documentos administrativos en los que conste la información solicitada;

**V.** Establecer y supervisar la aplicación de los criterios específicos para la dependencia o entidad, en materia de clasificación y conservación de los documentos administrativos, así como la organización de archivos, de conformidad con los lineamientos expedidos por el Instituto y el Archivo General de la Nación, según corresponda;

**VI.** Elaborar un programa para facilitar la obtención de información de la dependencia o entidad, que deberá ser actualizado periódicamente y que incluya las medidas necesarias para la organización de los archivos, y

**VII.** Elaborar y enviar al Instituto, de conformidad con los lineamientos que éste expida, los datos necesarios para la elaboración del informe anual a que se refiere el Artículo 39.

**Artículo 30.** Cada Comité estará integrado por:

**I.** Un servidor público designado por el titular de la dependencia o entidad;

**II.** El titular de la unidad de enlace, y

**III.** El titular del órgano interno de control de cada dependencia o entidad.

El Comité adoptará sus decisiones por mayoría de votos.

**Artículo 31.** El Centro de Investigación y Seguridad Nacional; el Centro de Planeación para el Control de Drogas; la Dirección de Coordinación de Inteligencia de la Policía Federal Preventiva; la Unidad contra la Delincuencia Organizada; el Estado Mayor Presidencial, el Estado Mayor de la Defensa Nacional y el Estado Mayor General de la Armada o bien, las unidades administrativas que los sustituyan, no estarán sujetos a la autoridad de los Comités a que se refiere el Artículo 29, siendo sus funciones responsabilidad exclusiva del titular de la propia unidad administrativa.

**Artículo 32.** Corresponderá al Archivo General de la Nación elaborar, en coordinación con el Instituto, los criterios para la catalogación, clasificación y conservación de los documentos administrativos, así como la organización de archivos de las dependencias y entidades. Dichos criterios tomarán en cuenta los estándares y mejores prácticas internacionales en la materia.

**Exhibit 4, Page 151**



**LEY FEDERAL DE TRANSPARENCIA Y ACCESO A LA INFORMACIÓN PÚBLICA GUBERNAMENTAL**

**Cámara de Diputados del H. Congreso de la Unión**                                                            *Última Reforma DOF 06-06-2006*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

Los titulares de las dependencias y entidades, de conformidad con las disposiciones aplicables, deberán asegurar el adecuado funcionamiento de los archivos. Asimismo, deberán elaborar y poner a disposición del público una guía simple de sus sistemas de clasificación y catalogación, así como de la organización del archivo.

## Capítulo II
## Instituto Federal de Acceso a la Información Pública

**Artículo 33.** El Instituto Federal de Acceso a la Información Pública es un órgano de la Administración Pública Federal, con autonomía operativa, presupuestaria y de decisión, encargado de promover y difundir el ejercicio del derecho de acceso a la información; resolver sobre la negativa a las solicitudes de acceso a la información y proteger los datos personales en poder de las dependencias y entidades.

**Artículo 34.** El Instituto estará integrado por cinco comisionados, quienes serán nombrados por el Ejecutivo Federal. La Cámara de Senadores podrá objetar dichos nombramientos por mayoría, y cuando se encuentre en receso por la Comisión Permanente, con la misma votación. En todo caso, la instancia legislativa tendrá treinta días para resolver, vencido este plazo sin que se emita resolución al respecto, se entenderá como no objetado el nombramiento del Ejecutivo Federal.

Los comisionados sólo podrán ser removidos de sus funciones cuando transgredan en forma grave o reiterada las disposiciones contenidas en la Constitución y esta Ley, cuando por actos u omisiones se afecten las atribuciones del Instituto, o cuando hayan sido sentenciados por un delito grave que merezca pena corporal.

Durarán en su encargo siete años, sin posibilidad de reelección, y durante el mismo no podrán tener ningún otro empleo, cargo o comisión, salvo en instituciones docentes, científicas o de beneficencia.

El Instituto, para efectos de sus resoluciones, no estará subordinado a autoridad alguna, adoptará sus decisiones con plena independencia y contará con los recursos humanos y materiales necesarios para el desempeño de sus funciones.

**Artículo 35.** Para ser Comisionado se requiere:

**I.** Ser ciudadano mexicano;

**II.** No haber sido condenado por la comisión de algún delito doloso;

**III.** Tener cuando menos, treinta y cinco años de edad el día de su designación;

**IV.** Haberse desempeñado destacadamente en actividades profesionales, de servicio público o académicas, relacionadas con la materia de esta Ley, y

**V.** No haber sido Secretario de Estado, Jefe de departamento administrativo, Procurador General de la República, Senador, Diputado Federal o Local, dirigente de un partido o asociación política, Gobernador de algún Estado o Jefe de Gobierno del Distrito Federal, durante el año previo al día de su nombramiento.

**Artículo 36.** El Instituto será presidido por un Comisionado, quien tendrá la representación legal del mismo. Durará en su encargo un periodo de dos años, renovable por una ocasión, y será elegido por los comisionados.

**Artículo 37.** El Instituto tendrá las siguientes atribuciones:

**Exhibit 4, Page 152**



**LEY FEDERAL DE TRANSPARENCIA Y ACCESO A LA INFORMACIÓN PÚBLICA GUBERNAMENTAL**

**Cámara de Diputados del H. Congreso de la Unión**          *Última Reforma DOF 06-06-2006*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**I.** Interpretar en el orden administrativo esta Ley, de conformidad con el Artículo 6;

**II.** Conocer y resolver los recursos de revisión interpuestos por los solicitantes;

**III.** Establecer y revisar los criterios de clasificación, desclasificación y custodia de la información reservada y confidencial;

**IV.** Coadyuvar con el Archivo General de la Nación en la elaboración y aplicación de los criterios para la catalogación y conservación de los documentos, así como la organización de archivos de las dependencias y entidades;

**V.** Vigilar y, en caso de incumplimiento, hacer las recomendaciones a las dependencias y entidades para que se dé cumplimiento a lo dispuesto en el Artículo 7;

**VI.** Orientar y asesorar a los particulares acerca de las solicitudes de acceso a la información;

**VII.** Proporcionar apoyo técnico a las dependencias y entidades en la elaboración y ejecución de sus programas de información establecidos en la fracción VI del Artículo 29;

**VIII.** Elaborar los formatos de solicitudes de acceso a la información, así como los de acceso y corrección de datos personales;

**IX.** Establecer los lineamientos y políticas generales para el manejo, mantenimiento, seguridad y protección de los datos personales, que estén en posesión de las dependencias y entidades;

**X.** Hacer del conocimiento del órgano interno de control de cada dependencia y entidad, de conformidad con el último párrafo del Artículo 56, las presuntas infracciones a esta Ley y su Reglamento. Las resoluciones finales que al respecto expidan los órganos internos de control y que hayan causado estado deberán ser notificadas al Instituto, quien deberá hacerlas públicas a través de su informe anual;

**XI.** Elaborar la guía a que se refiere el Artículo 38;

**XII.** Promover y, en su caso, ejecutar la capacitación de los servidores públicos en materia de acceso a la información y protección de datos personales;

**XIII.** Difundir entre los servidores públicos y los particulares, los beneficios del manejo público de la información, como también sus responsabilidades en el buen uso y conservación de aquélla;

**XIV.** Elaborar y publicar estudios e investigaciones para difundir y ampliar el conocimiento sobre la materia de esta Ley;

**XV.** Cooperar respecto de la materia de esta Ley, con los demás sujetos obligados, las entidades federativas, los municipios, o sus órganos de acceso a la información, mediante la celebración de acuerdos o programas;

**XVI.** Elaborar su Reglamento Interior y demás normas de operación;

**XVII.** Designar a los servidores públicos a su cargo;

**XVIII.** Preparar su proyecto de presupuesto anual, el cual será enviado a la Secretaría de Hacienda y Crédito Público para que lo integre al Presupuesto de Egresos de la Federación, y

**Exhibit 4, Page 153**



**Cámara de Diputados del H. Congreso de la Unión**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 06-06-2006*

---

**XIX.** Las demás que le confieran esta Ley, su Reglamento y cualquier otra disposición aplicable.

**Artículo 38.** El Instituto elaborará una guía que describirá, de manera clara y sencilla, los procedimientos de acceso a la información de las dependencias y entidades.

**Artículo 39.** El Instituto rendirá anualmente un informe público al H. Congreso de la Unión sobre el acceso a la información, con base en los datos que le rindan las dependencias y entidades según lo señala el Artículo 29 fracción VII, en el cual se incluirá, al menos, el número de solicitudes de acceso a la información presentadas ante cada dependencia y entidad así como su resultado; su tiempo de respuesta; el número y resultado de los asuntos atendidos por el Instituto; el estado que guardan las denuncias presentadas ante los órganos internos de control y las dificultades observadas en el cumplimiento de la Ley. Para este efecto, el Instituto expedirá los lineamientos que considere necesarios.

## Capítulo III
## Del procedimiento de acceso ante la dependencia o entidad

**Artículo 40.** Cualquier persona o su representante podrá presentar, ante la unidad de enlace, una solicitud de acceso a la información mediante escrito libre o en los formatos que apruebe el Instituto. La solicitud deberá contener:

**I.** El nombre del solicitante y domicilio u otro medio para recibir notificaciones, como el correo electrónico, así como los datos generales de su representante, en su caso;

**II.** La descripción clara y precisa de los documentos que solicita;

**III.** Cualquier otro dato que propicie su localización con objeto de facilitar su búsqueda, y

**IV.** Opcionalmente, la modalidad en la que prefiere se otorgue el acceso a la información, la cual podrá ser verbalmente siempre y cuando sea para fines de orientación, mediante consulta directa, copias simples, certificadas u otro tipo de medio.

Si los detalles proporcionados por el solicitante no bastan para localizar los documentos o son erróneos, la unidad de enlace podrá requerir, por una vez y dentro de los diez días hábiles siguientes a la presentación de la solicitud, que indique otros elementos o corrija los datos. Este requerimiento interrumpirá el plazo establecido en el Artículo 44.

Las unidades de enlace auxiliarán a los particulares en la elaboración de las solicitudes de acceso a la información, en particular en los casos en que el solicitante no sepa leer ni escribir. Cuando la información solicitada no sea competencia de la entidad o dependencia ante la cual se presente la solicitud de acceso, la unidad de enlace deberá orientar debidamente al particular sobre la entidad o dependencia competente.

Si la solicitud es presentada ante una unidad administrativa distinta a la unidad de enlace, aquélla tendrá la obligación de indicar al particular la ubicación física de la unidad de enlace.

En ningún caso la entrega de información estará condicionada a que se motive o justifique su utilización, ni se requerirá demostrar interés alguno.

**Artículo 41.** La unidad de enlace será el vínculo entre la dependencia o entidad y el solicitante, ya que es la responsable de hacer las notificaciones a que se refiere esta Ley. Además, deberá llevar a

**Exhibit 4, Page 154**



**LEY FEDERAL DE TRANSPARENCIA Y ACCESO A LA INFORMACIÓN PÚBLICA GUBERNAMENTAL**

**Cámara de Diputados del H. Congreso de la Unión**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 06-06-2006*

cabo todas las gestiones necesarias en la dependencia o entidad a fin de facilitar el acceso a la información.

**Artículo 42.** Las dependencias y entidades sólo estarán obligadas a entregar documentos que se encuentren en sus archivos. La obligación de acceso a la información se dará por cumplida cuando se pongan a disposición del solicitante para consulta los documentos en el sitio donde se encuentren; o bien, mediante la expedición de copias simples, certificadas o cualquier otro medio.

El acceso se dará solamente en la forma en que lo permita el documento de que se trate, pero se entregará en su totalidad o parcialmente, a petición del solicitante.

En el caso que la información solicitada por la persona ya esté disponible al público en medios impresos, tales como libros, compendios, trípticos, archivos públicos, en formatos electrónicos disponibles en Internet o en cualquier otro medio, se le hará saber por escrito la fuente, el lugar y la forma en que puede consultar, reproducir o adquirir dicha información.

**Artículo 43.** La unidad de enlace turnará la solicitud a la unidad administrativa que tenga o pueda tener la información, con objeto de que ésta la localice, verifique su clasificación y le comunique a la primera la procedencia del acceso y la manera en que se encuentra disponible, a efecto de que se determine el costo, en su caso.

Las unidades administrativas podrán entregar documentos que contengan información clasificada como reservada o confidencial, siempre y cuando los documentos en que conste la información permitan eliminar las partes o secciones clasificadas. En tales casos, deberán señalarse las partes o secciones que fueron eliminadas.

**Artículo 44.** La respuesta a la solicitud deberá ser notificada al interesado en el menor tiempo posible, que no podrá ser mayor de veinte días hábiles, contados desde la presentación de aquélla. Además, se precisará el costo y la modalidad en que será entregada la información, atendiendo en la mayor medida de lo posible a la solicitud del interesado. Excepcionalmente, este plazo podrá ampliarse hasta por un periodo igual cuando existan razones que lo motiven, siempre y cuando éstas se le notifiquen al solicitante.

La información deberá entregarse dentro de los diez días hábiles siguientes al que la unidad de enlace le haya notificado la disponibilidad de aquélla, siempre que el solicitante compruebe haber cubierto el pago de los derechos correspondientes.

El Reglamento establecerá la manera y términos para el trámite interno de las solicitudes de acceso a la información.

**Artículo 45.** En caso de que el titular de la unidad administrativa haya clasificado los documentos como reservados o confidenciales, deberá remitir de inmediato la solicitud, así como un oficio, con los elementos necesarios para fundar y motivar dicha clasificación, al Comité de la dependencia o entidad, mismo que deberá resolver si:

**I.** Confirma o modifica la clasificación y niega el acceso a la información, o

**II.** Revoca la clasificación y concede el acceso a la información.

El Comité podrá tener acceso a los documentos que estén en la unidad administrativa. La resolución del Comité será notificada al interesado en el plazo que establece el Artículo 44. En caso de ser negativa,



**LEY FEDERAL DE TRANSPARENCIA Y ACCESO A LA INFORMACIÓN PÚBLICA GUBERNAMENTAL**

**Cámara de Diputados del H. Congreso de la Unión**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 06-06-2006*

deberá fundar y motivar las razones de la clasificación de la información e indicar al solicitante el recurso que podrá interponer ante el Instituto.

**Artículo 46.** Cuando los documentos no se encuentren en los archivos de la unidad administrativa, ésta deberá remitir al Comité de la dependencia o entidad la solicitud de acceso y el oficio en donde lo manifieste. El Comité analizará el caso y tomará las medidas pertinentes para localizar, en la dependencia o entidad, el documento solicitado y resolverá en consecuencia. En caso de no encontrarlo, expedirá una resolución que confirme la inexistencia del documento solicitado y notificará al solicitante, a través de la unidad de enlace, dentro del plazo establecido en el Artículo 44.

**Artículo 47.** Las solicitudes de acceso a la información y las respuestas que se les dé, incluyendo, en su caso, la información entregada, serán públicas. Asimismo, las dependencias y entidades deberán poner a disposición del público esta información, en la medida de lo posible a través de medios remotos o locales de comunicación electrónica.

**Artículo 48.** Las unidades de enlace no estarán obligadas a dar trámite a solicitudes de acceso ofensivas; cuando hayan entregado información sustancialmente idéntica como respuesta a una solicitud de la misma persona, o cuando la información se encuentre disponible públicamente. En este caso, deberán indicar al solicitante el lugar donde se encuentra la información.

## Capítulo IV
## Del procedimiento ante el Instituto

**Artículo 49.** El solicitante a quien se le haya notificado, mediante resolución de un Comité: la negativa de acceso a la información, o la inexistencia de los documentos solicitados, podrá interponer, por sí mismo o a través de su representante, el recurso de revisión ante el Instituto o ante la unidad de enlace que haya conocido el asunto, dentro de los quince días hábiles siguientes a la fecha de la notificación. La unidad de enlace deberá remitir el asunto al Instituto al día siguiente de haberlo recibido.

**Artículo 50.** El recurso también procederá en los mismos términos cuando:

**I.** La dependencia o entidad no entregue al solicitante los datos personales solicitados, o lo haga en un formato incomprensible;

**II.** La dependencia o entidad se niegue a efectuar modificaciones o correcciones a los datos personales;

**III.** El solicitante no esté conforme con el tiempo, el costo o la modalidad de entrega, o

**IV.** El solicitante considere que la información entregada es incompleta o no corresponda a la información requerida en la solicitud.

**Artículo 51.** El recurso previsto en los artículos 49 y 50 procederá en lugar del recurso establecido en el artículo 83 de la Ley Federal de Procedimiento Administrativo.

**Artículo 52.** El Instituto subsanará las deficiencias de los recursos interpuestos por los particulares.

**Artículo 53.** La falta de respuesta a una solicitud de acceso, en el plazo señalado en el Artículo 44, se entenderá resuelta en sentido positivo, por lo que la dependencia o entidad quedará obligada a darle acceso a la información en un periodo de tiempo no mayor a los 10 días hábiles, cubriendo todos los costos generados por la reproducción del material informativo, salvo que el Instituto determine que los documentos en cuestión son reservados o confidenciales.



**Cámara de Diputados del H. Congreso de la Unión**                                    *Última Reforma DOF 06-06-2006*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

A efecto de dar cabal cumplimiento a lo establecido en el párrafo primero de este Artículo, el Reglamento establecerá un procedimiento expedito para subsanar el incumplimiento de las dependencias y entidades de entregar la información. Para este efecto, los particulares podrán presentar la constancia a que se refiere el Artículo 17 de la Ley Federal de Procedimiento Administrativo expedida por la unidad de enlace que corresponda, o bien bastará que presenten copia de la solicitud en la que conste la fecha de su presentación ante la dependencia o entidad. En este último caso, el procedimiento asegurará que éstas tengan la oportunidad de probar que respondieron en tiempo y forma al particular.

**Artículo 54.** El escrito de interposición del recurso de revisión deberá contener:

**I.** La dependencia o entidad ante la cual se presentó la solicitud;

**II.** El nombre del recurrente y del tercero interesado si lo hay, así como el domicilio o medio que señale para recibir notificaciones;

**III.** La fecha en que se le notificó o tuvo conocimiento del acto reclamado;

**IV.** El acto que se recurre y los puntos petitorios;

**V.** La copia de la resolución que se impugna y, en su caso, de la notificación correspondiente, y

**VI.** Los demás elementos que considere procedentes someter a juicio del Instituto.

**Artículo 55.** Salvo lo previsto en el Artículo 53, el Instituto sustanciará el recurso de revisión conforme a los lineamientos siguientes:

**I.** Interpuesto el recurso, el Presidente del Instituto, lo turnará al Comisionado ponente, quien deberá, dentro de los treinta días hábiles siguientes a la interposición del recurso, integrar el expediente y presentar un proyecto de resolución al Pleno del Instituto;

**II.** El Pleno del Instituto podrá determinar la celebración de audiencias con las partes;

**III.** Durante el procedimiento deberá aplicarse la suplencia de la queja a favor del recurrente y asegurarse de que las partes puedan presentar, de manera oral o escrita, los argumentos que funden y motiven sus pretensiones, así como formular sus alegatos;

**IV.** Mediante solicitud del interesado podrán recibirse, por vía electrónica, las promociones y escritos;

**V.** El Pleno resolverá, en definitiva, dentro de los veinte días hábiles siguientes en que se presentó el proyecto de resolución, y

**VI.** Las resoluciones del Pleno serán públicas.

Cuando haya causa justificada, el Pleno del Instituto podrá ampliar, por una vez y hasta por un periodo igual, los plazos establecidos en las fracciones I y V de este Artículo.

La información reservada o confidencial que, en su caso, sea solicitada por el Instituto por resultar indispensable para resolver el asunto, deberá ser mantenida con ese carácter y no estará disponible en el expediente.

**Artículo 56.** Las resoluciones del Instituto podrán:

**Exhibit 4, Page 157**



**Cámara de Diputados del H. Congreso de la Unión**                    *Última Reforma DOF 06-06-2006*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**I.** Desechar el recurso por improcedente o bien, sobreseerlo;

**II.** Confirmar la decisión del Comité, o

**III.** Revocar o modificar las decisiones del Comité y ordenar a la dependencia o entidad que permita al particular el acceso a la información solicitada o a los datos personales; que reclasifique la información o bien, que modifique tales datos.

Las resoluciones, que deberán ser por escrito, establecerán los plazos para su cumplimiento y los procedimientos para asegurar la ejecución.

Si el Instituto no resuelve en el plazo establecido en esta Ley, la resolución que se recurrió se entenderá confirmada.

Cuando el Instituto determine durante la sustanciación del procedimiento que algún servidor público pudo haber incurrido en responsabilidad, deberá hacerlo del conocimiento del órgano interno de control de la dependencia o entidad responsable para que ésta inicie, en su caso, el procedimiento de responsabilidad que corresponda.

**Artículo 57.** El recurso será desechado por improcedente cuando:

**I.** Sea presentado, una vez transcurrido el plazo señalado en el Artículo 49;

**II.** El Instituto haya conocido anteriormente del recurso respectivo y resuelto en definitiva;

**III.** Se recurra una resolución que no haya sido emitida por un Comité, o

**IV.** Ante los tribunales del Poder Judicial Federal se esté tramitando algún recurso o medio de defensa interpuesto por el recurrente.

**Artículo 58.** El recurso será sobreseído cuando:

**I.** El recurrente se desista expresamente del recurso;

**II.** El recurrente fallezca o, tratándose de personas morales, se disuelva;

**III.** Cuando admitido el recurso de impugnación, aparezca alguna causal de improcedencia en los términos de la presente ley, o

**IV.** La dependencia o entidad responsable del acto o resolución impugnado lo modifique o revoque, de tal manera que el medio de impugnación quede sin efecto o materia.

**Artículo 59.** Las resoluciones del Instituto serán definitivas para las dependencias y entidades. Los particulares podrán impugnarlas ante el Poder Judicial de la Federación.

Los tribunales tendrán acceso a la información reservada o confidencial cuando resulte indispensable para resolver el asunto y hubiera sido ofrecida en juicio. Dicha información deberá ser mantenida con ese carácter y no estará disponible en el expediente judicial.

**Artículo 60.** Transcurrido un año de que el Instituto expidió una resolución que confirme la decisión de un Comité, el particular afectado podrá solicitar ante el mismo Instituto que reconsidere la resolución.



**LEY FEDERAL DE TRANSPARENCIA Y ACCESO A LA INFORMACIÓN PÚBLICA GUBERNAMENTAL**

**Cámara de Diputados del H. Congreso de la Unión**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 06-06-2006*

Dicha reconsideración deberá referirse a la misma solicitud y resolverse en un plazo máximo de 60 días hábiles.

# TÍTULO TERCERO
## ACCESO A LA INFORMACIÓN EN LOS DEMÁS SUJETOS OBLIGADOS

### Capítulo Único

**Artículo 61.** El Poder Legislativo Federal, a través de la Cámara de Senadores, la Cámara de Diputados, la Comisión Permanente y la Auditoría Superior de la Federación; el Poder Judicial de la Federación a través de la Suprema Corte de Justicia de la Nación, del Consejo de la Judicatura Federal y de la Comisión de Administración del Tribunal Federal Electoral; los órganos constitucionales autónomos y los tribunales administrativos, en el ámbito de sus respectivas competencias, establecerán mediante reglamentos o acuerdos de carácter general, los órganos, criterios y procedimientos institucionales para proporcionar a los particulares el acceso a la información, de conformidad con los principios y plazos establecidos en esta Ley.

Las disposiciones que se emitan señalarán, según corresponda:

**I.** Las unidades administrativas responsables de publicar la información a que se refiere el Artículo 7;

**II.** Las unidades de enlace o sus equivalentes;

**III.** El Comité de información o su equivalente;

**IV.** Los criterios y procedimientos de clasificación y conservación de la información reservada o confidencial;

**V.** El procedimiento de acceso a la información, incluso un recurso de revisión, según los artículos 49 y 50, y uno de reconsideración en los términos del Artículo 60;

**VI.** Los procedimientos de acceso y rectificación de datos personales a los que se refieren los artículos 24 y 25, y

**VII.** Una instancia interna responsable de aplicar la Ley, resolver los recursos, y las demás facultades que le otorga este ordenamiento.

**Artículo 62.** Los sujetos obligados a que se refiere el artículo anterior elaborarán anualmente un informe público de las actividades realizadas para garantizar el acceso a la información, siguiendo los lineamientos establecidos en el Artículo 39, del cual deberán remitir una copia al Instituto.

# TÍTULO CUARTO
## RESPONSABILIDADES Y SANCIONES

### Capítulo Único

**Artículo 63.** Serán causas de responsabilidad administrativa de los servidores públicos por incumplimiento de las obligaciones establecidas en esta Ley las siguientes:

**Exhibit 4, Page 159**



**LEY FEDERAL DE TRANSPARENCIA Y ACCESO A LA INFORMACIÓN PÚBLICA GUBERNAMENTAL**

**Cámara de Diputados del H. Congreso de la Unión**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 06-06-2006*

**I.** Usar, sustraer, destruir, ocultar, inutilizar, divulgar o alterar, total o parcialmente y de manera indebida información que se encuentre bajo su custodia, a la cual tengan acceso o conocimiento con motivo de su empleo, cargo o comisión;

**II.** Actuar con negligencia, dolo o mala fe en la sustanciación de las solicitudes de acceso a la información o en la difusión de la información a que están obligados conforme a esta Ley;

**III.** Denegar intencionalmente información no clasificada como reservada o no considerada confidencial conforme a esta Ley;

**IV.** Clasificar como reservada, con dolo, información que no cumple con las características señaladas en esta Ley. La sanción sólo procederá cuando exista una resolución previa respecto del criterio de clasificación de ese tipo de información del Comité, el Instituto, o las instancias equivalentes previstas en el Artículo 61;

**V.** Entregar información considerada como reservada o confidencial conforme a lo dispuesto por esta Ley;

**VI.** Entregar intencionalmente de manera incompleta información requerida en una solicitud de acceso, y

**VII.** No proporcionar la información cuya entrega haya sido ordenada por los órganos a que se refiere la fracción IV anterior o el Poder Judicial de la Federación.

La responsabilidad a que se refiere este Artículo o cualquiera otra derivada del incumplimiento de las obligaciones establecidas en esta Ley, será sancionada en los términos de la Ley Federal de Responsabilidades Administrativas de los Servidores Públicos.

La infracción prevista en la fracción VII o la reincidencia en las conductas previstas en las fracciones I a VI de este Artículo, serán consideradas como graves para efectos de su sanción administrativa.

**Artículo 64.** Las responsabilidades administrativas que se generen por el incumplimiento de las obligaciones a que se refiere el Artículo anterior, son independientes de las del orden civil o penal que procedan.

## TRANSITORIOS

**Primero.** La presente Ley entrará en vigor el día siguiente al de su publicación en el **Diario Oficial de la Federación**, con las modalidades que establecen los artículos siguientes.

**Segundo.** La publicación de la información a que se refiere el Artículo 7 deberá completarse, a más tardar, un año después de la entrada en vigor de la Ley.

**Tercero.** Los titulares de las dependencias y entidades de la Administración Pública Federal, deberán designar la unidad de enlace y a los miembros de los Comités referidos en esta Ley, a más tardar, seis meses después de la entrada en vigor de este ordenamiento, y en el mismo plazo deberán iniciar funciones. Asimismo, deberán notificarlo a la Secretaría de Contraloría y Desarrollo Administrativo que, a su vez, deberá publicar la lista de unidades en el **Diario Oficial de la Federación**. La conformación de las estructuras a que se refiere esta disposición deberá hacerse con los recursos humanos, materiales y presupuestarios asignados, por lo que no deberán implicar erogaciones adicionales.

**Exhibit 4, Page 160**



**LEY FEDERAL DE TRANSPARENCIA Y ACCESO A LA INFORMACIÓN PÚBLICA GUBERNAMENTAL**

**Cámara de Diputados del H. Congreso de la Unión**                                  *Última Reforma DOF 06-06-2006*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**Cuarto.** Los sujetos obligados a los que se refiere el Artículo 61 deberán publicar las disposiciones correspondientes a más tardar un año después de la entrada en vigor de la Ley.

**Quinto.** La designación de los cinco primeros comisionados será realizada a más tardar tres meses después de la entrada en vigor de la Ley. En el primer periodo de ejercicio, tres comisionados concluirán su encargo en cuatro años, y podrán ser ratificados para un nuevo periodo de 7 años. El Ejecutivo indicará en su designación el periodo de ejercicio para cada Comisionado.

**Sexto.** El Ejecutivo Federal expedirá el Reglamento de esta Ley dentro del año siguiente a su entrada en vigor.

**Séptimo.** El Instituto expedirá su reglamento interior dentro del año siguiente a la entrada en vigor de la Ley.

**Octavo.** Los particulares podrán presentar las solicitudes de acceso a la información o de acceso y corrección de datos personales un año después de la entrada en vigor de la Ley.

**Noveno.** Salvo lo dispuesto en el Artículo 53, el Artículo 17 de la Ley Federal de Procedimiento Administrativo no será aplicable a la presente Ley.

**Décimo.** Los sujetos obligados deberán, a más tardar el 1 de enero de 2005, completar la organización y funcionamiento de sus archivos administrativos, así como la publicación de la guía a que se refiere el Artículo 32.

**Undécimo.** El Presupuesto de Egresos de la Federación para el año 2003 deberá establecer la previsión presupuestal correspondiente para permitir la integración y funcionamiento adecuado del Instituto.

México, D.F., a 30 de abril de 2002.- Dip. **Beatriz Elena Paredes Rangel**, Presidenta.- Sen. **Diego Fernández de Cevallos Ramos**, Presidente.- Dip. **Adrián Rivera Pérez**, Secretario.- Sen. **Yolanda González Hernández**, Secretaria.- Rúbricas**"**.

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la Residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los diez días del mes de junio de dos mil dos.- **Vicente Fox Quesada**.- Rúbrica.- El Secretario de Gobernación, **Santiago Creel Miranda**.- Rúbrica.

**Exhibit 4, Page 161**



**LEY FEDERAL DE TRANSPARENCIA Y ACCESO A LA INFORMACIÓN PÚBLICA GUBERNAMENTAL**

**Cámara de Diputados del H. Congreso de la Unión**                                                    *Última Reforma DOF 06-06-2006*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

## ARTÍCULOS TRANSITORIOS DE DECRETOS DE REFORMA

**DECRETO por el que se deroga la fracción I del artículo 22 de la Ley Federal de Transparencia y Acceso a la Información Pública Gubernamental.**

Publicado en el Diario Oficial de la Federación el 11 de mayo de 2004

**ARTICULO UNICO.-** Se deroga la fracción I del artículo 22 de la Ley Federal de Transparencia y Acceso a la Información Pública Gubernamental.

### TRANSITORIO

**UNICO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el **Diario Oficial de la Federación**.

México, D.F., a 23 de marzo de 2004.- Sen. **Enrique Jackson Ramírez**, Presidente.- Dip. **Juan de Dios Castro Lozano**, Presidente.- Sen. **Rafael Melgoza Radillo**, Secretario.- Dip. **Ma. de Jesús Aguirre Maldonado**, Secretaria.- Rúbricas.**"**

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la Residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los cuatro días del mes de mayo de dos mil cuatro.- **Vicente Fox Quesada**.- Rúbrica.- El Secretario de Gobernación, **Santiago Creel Miranda**.- Rúbrica.

**Exhibit 4, Page 162**



**LEY FEDERAL DE TRANSPARENCIA Y ACCESO A LA INFORMACIÓN PÚBLICA GUBERNAMENTAL**

**Cámara de Diputados del H. Congreso de la Unión**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 06-06-2006*

## DECRETO por el que se reforma el Artículo 6 de la Ley Federal de Transparencia y Acceso a la Información Pública Gubernamental.

Publicado en el Diario Oficial de la Federación el 6 de junio de 2006

**ARTÍCULO ÚNICO.-** Se reforma el Artículo 6 de la Ley Federal de Transparencia y Acceso a la Información Pública Gubernamental, para quedar como sigue:

..........

## TRANSITORIO

**ARTÍCULO ÚNICO.-** El presente Decreto entrará en vigor el día siguiente de su publicación en el Diario Oficial de la Federación.

México, D.F., a 25 de abril de 2006.- Dip. **Marcela González Salas P.**, Presidenta.- Sen. **Enrique Jackson Ramírez**, Presidente.- Dip. **Patricia Garduño Morales**, Secretaria.- Sen. **Sara I. Castellanos Cortés**, Secretaria.- Rúbricas."

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la Residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los treinta días del mes de mayo de dos mil seis.- **Vicente Fox Quesada**.- Rúbrica.- El Secretario de Gobernación, **Carlos María Abascal Carranza**.- Rúbrica.

**Exhibit 4, Page 163**

# EXHIBIT 5

**Article 14.** The following will also be considered classified information:

I. That which by a Law's express provision is considered confidential, classified, commercial classified or government confidential;

II. Commercial, industrial, tax, bank, and fiduciary secrets, or others so considered in legal provisions;

III. Prior investigations;

IV. Judicial files or administrative procedures that have taken the form of a trial, when there has been no ruling;

V. Liability proceedings against public servants, when an administrative ruling or a definitive jurisdictional ruling has not been made, or

VI. That which contains the opinions, recommendations or points of view that are part of a public servant's deliberative process, until that time when a final decision is adopted, which itself must be documented.

When the period of classification is over or the causes that gave rise to the classification of the information, referred to in clauses III and IV of this Article, no longer exist, said information may be made public, with the exception of whatever confidential information it may contain.

Information may not be classified when the investigation of grave violations of fundamental rights or crimes against humanity is at stake.

**Exhibit 5, Page 164**

**Article 18.** The following will be considered confidential information:

    **I.** That which private individuals have turned over to the subjects compelled by the Law under this title, in accordance with Article 19, and

    **II.** Personal information that requires an individual's consent before being disclosed, distributed or marketed as stipulated in this Law.

Information found in public records or in sources to which the public has access will not be considered confidential.

**Article 19.** When private individuals turn over information referred to in section I of the preceding Article to subjects compelled by the Law, the former must indicate which documents contain confidential, classified or commercial classified information, as long as they have the right to classify information according to the applicable provisions. When a request for access that includes confidential information is made, the subjects compelled by the Law will disclose it only with the express consent of the individual to whom that confidential information belongs.

**Article 63**. Public servants will be administratively liable for failure to comply with the obligations established in this Law, in the event they commit the following acts:

I. Using, removing, destroying, concealing, failing to use, disclosing or unduly altering, in whole or in part, information in their custody, to which they have access or of which they have knowledge due to their employment, assignment or commission;

II. Acting negligently, fraudulently or in bad faith when hearing requests for access to information or when disclosing information as obliged by this Law;

III. Intentionally denying information that is not categorized as classified or confidential in the terms defined by this Law;

IV. Fraudulently classifying as classified, information that does not fulfill the characteristics indicated by this Law. The sanction will only proceed when there exists a prior ruling by the Committee, the Institute, or the equivalent instances envisioned in Article 61 with respect to the classification criteria of this type of information;

V. Delivering information considered classified or confidential in accordance with the provisions of this Law;

VI. Intentionally providing incomplete information in response to a request for access, and

VII. Not turning over information that has been ordered to be provided by the bodies referred to in the preceding section IV or by the Judicial Branch of the Federation.

The liability to which this Article refers or any other derived from the failure to comply with the obligations established in this Law will be sanctioned in the terms of the Federal Law of Administrative Responsibilities of Public Servants.

The infraction envisioned in section VII of this Article, or the repeated occurrence of conduct as outlined in sections I to VI of this Article, will be considered serious for purposes of administrative sanction.

**Article 64.** The administrative liabilities generated by the failure to comply with the obligations referred to in the previous article are independent of the civil or penal liabilities that may follow.



**TRANSPERFECT**

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BERLIN
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBAI
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PHOENIX
PORTLAND
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
VANCOUVER
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Marina Yoffe, hereby certified that the document, "Articles 14, 18, 19, 63 and 64 of the Federal Law of Transparency and Access to the Governmental Public Information" to the best of my knowledge and belief, is a true and accurate translation from Spanish into English.

_____

Marina Yoffe

Sworn before me this

26th Day of May, 2008

Signature, Notary Public

Amelia Doyle
ary Public, State of New York
No. 01BO6181278
ualified in NEW YORK County
Commission Expires Jan 28,

_____

Stamp, Notary Public

**Exhibit 5, Page 168**

# EXHIBIT 6



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

# LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS

**Nueva Ley publicada en el Diario Oficial de la Federación el 31 de diciembre de 1982**

**TEXTO VIGENTE**
**Última reforma publicada DOF 13-06-2003**

---

**Nota:** el artículo segundo transitorio de la Ley Federal de Responsabilidades Administrativas de los Servidores Públicos, publicada en el Diario Oficial de la Federación el 13 de marzo de 2002, establece que:

"Se derogan los Títulos Primero, por lo que se refiere a la materia de responsabilidades administrativas, Tercero y Cuarto de la Ley Federal de Responsabilidades de los Servidores Públicos, únicamente por lo que respecta al ámbito federal.

Las disposiciones de la Ley Federal de Responsabilidades de los Servidores Públicos seguirán aplicándose en dicha materia a los servidores públicos de los órganos ejecutivo, legislativo y judicial de carácter local del Distrito Federal."

---

Al margen un sello con el Escudo Nacional, que dice: Estados Unidos Mexicanos.- Presidencia de la República.

**MIGUEL DE LA MADRID HURTADO**, Presidente Constitucional de los Estados Unidos Mexicanos, a sus habitantes, sabed:

Que el H. Congreso de la Unión se ha servido dirigirme el siguiente

DECRETO

"El Congreso de los Estados Unidos Mexicanos, decreta:

**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PUBLICOS**

**TITULO PRIMERO**
*Título derogado DOF 13-03-2002 ("por lo que se refiere a la materia de responsabilidades administrativas")*

**CAPITULO UNICO**
**Disposiciones Generales**

**ARTÍCULO 1o.-** Esta ley tiene por objeto reglamentar el Título Cuarto Constitucional en materia de:

**I.-** Los sujetos de responsabilidad en el servicio público;

**II.-** Las obligaciones en el servicio público;

**III.-** Las responsabilidades y sanciones administrativas en el servicio público, así como las que se deban resolver mediante juicio político;

**IV.-** Las autoridades competentes y los procedimientos para aplicar dichas sanciones;

**V.-** Las autoridades competentes y los procedimientos para declarar la procedencia del procesamiento penal de los servidores públicos que gozan de fuero y,

**VI.-** El registro patrimonial de los servidores públicos.

**Exhibit 6, Page 169**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

**ARTÍCULO 2o.-** Son sujetos de esta Ley, los servidores públicos mencionados en el párrafo primero y tercero del artículo 108 Constitucional y todas aquellas personas que manejen o apliquen recursos económicos federales.

**ARTÍCULO 3o.-** Las autoridades competentes para aplicar la presente Ley serán:

**I.-** Las Cámaras de Senadores y Diputados al Congreso de la Unión;

**I Bis.** La Asamblea Legislativa del Distrito Federal;

*Fracción adicionada DOF 21-07-1992. Reformada DOF 04-12-1997*

**II.** La Secretaría de Contraloría y Desarrollo Administrativo;

*Fe de erratas a la fracción DOF 10-03-1983. Reformada DOF 04-12-1997*

**III.-** Las dependencias del Ejecutivo Federal;

**IV.** El órgano ejecutivo local del Gobierno del Distrito Federal;

*Fracción reformada DOF 04-12-1997*

**V.-** (Se deroga)

*Fracción derogada DOF 26-05-1995*

**VI.-** El Consejo de la Judicatura del Distrito Federal;

*Fracción reformada DOF 12-12-1995*

**VII.-** El Tribunal Federal de Justicia Fiscal y Administrativa;

*Fracción reformada DOF 31-12-2000*

**VIII.-** Los Tribunales de Trabajo, en los términos de la legislación respectiva;

**IX.-** Los demás órganos jurisdiccionales que determinen las leyes.

**ARTÍCULO 4o.-** Cuando los actos u omisiones materia de las acusaciones queden comprendidos en más de uno de los casos sujetos a sanción y previstos en el artículo 109 Constitucional, los procedimientos respectivos se desarrollarán en forma autónoma e independiente según su naturaleza y por la vía procesal que corresponda, debiendo las autoridades a que alude el artículo anterior turnar las denuncias a quien deba conocer de ellas. No podrán imponerse dos veces por una sola conducta, sanciones de la misma naturaleza.

*Artículo reformado DOF 21-07-1992*

## TITULO SEGUNDO
### Procedimientos ante el Congreso de la Unión en materia de juicio político y declaración de procedencia

### CAPITULO I
### Sujetos, causas de juicio político y sanciones

**ARTÍCULO 5o.-** En los términos del primer párrafo del artículo 110 de la Constitución General de la República, son sujetos de juicio político los servidores públicos que en él se mencionan.

Los gobernadores de los Estados, los Diputados a las Legislaturas Locales y los Magistrados de los Tribunales Superiores de Justicia Locales podrán ser sujetos de juicio político por violaciones graves a la

**Exhibit 6, Page 170**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

Constitución General de la República, a las Leyes Federales que de ella emanen, así como por el manejo indebido de fondos y recursos federales.

**ARTÍCULO 6o.-** Es procedente el juicio político cuando los actos u omisiones de los servidores públicos a que se refiere el artículo anterior, redunden en perjuicio de los intereses públicos fundamentales o de su buen despacho.

**ARTÍCULO 7o.-** Redundan en perjuicio de los intereses públicos fundamentales y de su buen despacho:

**I.-** El ataque a las instituciones democráticas;

**II.-** El ataque a la forma de gobierno republicano, representativo, federal;

**III.-** Las violaciones graves y sistemáticas a las garantías individuales o sociales;

**IV.-** El ataque a la libertad de sufragio;

**V.-** La usurpación de atribuciones;

**VI.-** Cualquier infracción a la Constitución o a las leyes federales cuando cause perjuicios graves a la Federación, a uno o varios Estados de la misma o de la sociedad, o motive algún trastorno en el funcionamiento normal de las instituciones;

**VII.-** Las omisiones de carácter grave, en los términos de la fracción anterior; y

**VIII.-** Las violaciones sistemáticas o graves a los planes, programas y presupuestos de la Administración Pública Federal o del Distrito Federal y a las leyes que determinan el manejo de los recursos económicos federales y del Distrito Federal.

No procede el juicio político por la mera expresión de ideas.

El Congreso de la Unión valorará la existencia y gravedad de los actos u omisiones a que se refiere este artículo. Cuando aquellos tengan carácter delictuoso se formulará la declaración de procedencia a la que alude la presente ley y se estará a lo dispuesto por la legislación penal.

*Fe de erratas al párrafo DOF 10-03-1983*

**ARTÍCULO 8o.-** Si la resolución que se dicte en el juicio político es condenatoria, se sancionará al servidor público con destitución. Podrá también imponerse inhabilitación para el ejercicio de empleos, cargos o comisiones en el servicio público desde un año hasta veinte años.

**CAPITULO II**
**Procedimiento en el Juicio Político**

**ARTÍCULO 9o.-** Cualquier ciudadano, bajo su más estricta responsabilidad podrá formular por escrito, denuncia contra un servidor público ante la Cámara de Diputados por las conductas a las que se refiere el artículo 7 de esta propia Ley y por las conductas que determina el párrafo segundo del artículo 5 de esta misma Ley, por lo que toca a los Gobernadores de los Estados, Diputados a las Legislaturas Locales y Magistrados de los Tribunales de Justicia Locales. En el caso de ciudadanos, pueblos y comunidades indígenas del país, serán asistidos por traductores para elaborar la denuncia, si así lo solicitan. Dicha denuncia podrá presentarse por escrito en la lengua indígena.

*Párrafo reformado DOF 13-06-2003*

**Exhibit 6, Page 171**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

**Cámara de Diputados del H. Congreso de la Unión**
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

La denuncia deberá estar apoyada en pruebas documentales o elementos probatorios suficientes para establecer la existencia de la infracción y estar en condiciones de presumir la responsabilidad del denunciado. En caso de que el denunciante no pudiera aportar dichas pruebas por encontrarse éstas en posesión de una autoridad, la Subcomisión de Examen Previo, ante el señalamiento del denunciante, podrá solicitarlas para los efectos conducentes.

Las denuncias anónimas no producirán ningún efecto.

El juicio político sólo podrá iniciarse durante el tiempo en que el servidor público desempeñe su empleo, cargo o comisión, y dentro de un año después de la conclusión de sus funciones.

Las sanciones respectivas se aplicarán en un plazo no mayor de un año, a partir de iniciado el procedimiento.

*Artículo reformado DOF 21-07-1992*

**ARTÍCULO 10.-** Corresponde a la Cámara de Diputados sustanciar el procedimiento relativo al juicio político, actuando como órgano instructor y de acusación, y a la Cámara de Senadores fungir como Jurado de Sentencia.

La Cámara de Diputados sustanciará el procedimiento de juicio político por conducto de las Comisiones Unidas de Gobernación y Puntos Constitucionales y de Justicia, quienes al momento de su instalación designarán a cinco miembros de cada una de ellas para que en unión de sus Presidentes y un Secretario por cada Comisión, integren la Subcomisión de Examen Previo de denuncias de juicios políticos que tendrá competencia exclusiva para los propósitos contenidos en el Capítulo II de esta Ley.

*Artículo reformado DOF 21-07-1992*

**ARTÍCULO 11.-** Al proponer la Gran Comisión de cada una de las Cámaras del Congreso de la Unión, la constitución de Comisiones para el despacho de los asuntos, propondrá la integración de una Comisión para sustanciar los procedimientos consignados en la presente Ley y en los términos de la Ley Orgánica del Congreso General de los Estados Unidos Mexicanos.

Aprobada la propuesta a que hace referencia el párrafo anterior, por cada Cámara se designarán de cada una de las Comisiones, cuatro integrantes para que formen la Sección instructora en la Cámara de Diputados y la de Enjuiciamiento en la de Senadores.

Las vacantes que ocurran en la Sección correspondiente de cada Cámara, serán cubiertas por designación que haga la Gran Comisión, de entre los miembros de las Comisiones respectivas.

**ARTÍCULO 12.-** La determinación del juicio político se sujetará al siguiente procedimiento:

**a)** El escrito de denuncia se deberá presentar ante la Secretaría General de la Cámara de Diputados y ratificarse ante ella dentro de los tres días naturales siguientes a su presentación;

*Inciso reformado DOF 13-06-2003*

**b)** Una vez ratificado el escrito, la Secretaría General de la Cámara de Diputados lo turnará a las Comisiones que corresponda, para la tramitación correspondiente. Si se trata de una denuncia presentada en lengua indígena, ordenará su traducción inmediata al español y lo turnará conforme al procedimiento establecido;

*Inciso reformado DOF 13-06-2003*

**c)** La Subcomisión de Examen Previo procederá, en un plazo no mayor a treinta días hábiles, a determinar si el denunciado se encuentra entre los servidores públicos a que se refiere el artículo 2o., de esta Ley, así como si la denuncia contiene elementos de prueba que justifiquen que la conducta atribuida

**Exhibit 6, Page 172**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

corresponde a las enumeradas en el artículo 7o. de la propia Ley, y si los propios elementos de prueba permiten presumir la existencia de la infracción y la probable responsabilidad del denunciado y por tanto, amerita la incoación del procedimiento. En caso contrario la Subcomisión desechará de plano la denuncia presentada.

En caso de la presentación de pruebas supervivientes, la Subcomisión de Examen Previo podrá volver a analizar la denuncia que ya hubiese desechado por insuficiencia de pruebas;

**d)** La resolución que dicte la Subcomisión de Examen Previo, desechando una denuncia, podrá revisarse por el pleno de las Comisiones Unidas a petición de cualquiera de los Presidentes de las Comisiones o a solicitud, de cuando menos, el diez por ciento de los diputados integrantes de ambas Comisiones, y

*Fe de erratas al inciso DOF 22-07-1992*

**e)** La resolución que dicte la Subcomisión de Examen Previo declarando procedente la denuncia, será remitida al pleno de las Comisiones Unidas de Gobernación y Puntos Constitucionales y de Justicia para efecto de formular la resolución correspondiente y ordenar se turne a la Sección Instructora de la Cámara.

*Artículo reformado DOF 21-07-1992*

**ARTÍCULO 13.-** La Sección Instructora practicará todas las diligencias necesarias para la comprobación de la conducta o hecho materia de aquella; estableciendo las características y circunstancias del caso y precisando la intervención que haya tenido el servidor público denunciado.

Dentro de los tres días naturales siguientes a la ratificación de la denuncia, la Sección informará al denunciado sobre la materia de la denuncia, haciéndole saber su garantía de defensa y que deberá, a su elección, comparecer o informar por escrito, dentro de los siete días naturales siguientes a la notificación.

**ARTÍCULO 14.-** La Sección Instructora abrirá un período de prueba de 30 días naturales dentro del cual recibirá las pruebas que ofrezcan el denunciante y el servidor público, así como las que la propia Sección estime necesarias.

Si al concluir el plazo señalado no hubiese sido posible recibir las pruebas ofrecidas oportunamente, o es preciso allegarse otras, la Sección Instructora podrá ampliarlo en la medida que resulte estrictamente necesaria.

En todo caso, la Sección Instructora calificará la pertinencia de las pruebas, desechándose las que a su juicio sean improcedentes.

**ARTÍCULO 15.-** Terminada la instrucción del procedimiento, se pondrá el expediente a la vista del denunciante, por un plazo de tres días naturales, y por otros tantos a la del servidor público y sus defensores, a fin de que tomen los datos que requieran para formular alegatos, que deberán presentar por escrito dentro de los seis días naturales siguientes a la conclusión del segundo plazo mencionado.

**ARTÍCULO 16.-** Transcurrido el plazo para la presentación de alegatos, se hayan o no entregado éstos, la Sección Instructora formulará sus conclusiones en vista de las constancias del procedimiento. Para este efecto analizará clara y metódicamente la conducta o los hechos imputados y hará las consideraciones jurídicas que procedan para justificar, en su caso, la conclusión o la continuación del procedimiento.

**ARTÍCULO 17.-** Si de las constancias del procedimiento se desprende la inocencia del encausado, las conclusiones de la Sección Instructora terminarán proponiendo que se declare que no ha lugar a proceder en su contra por la conducta o el hecho materia de la denuncia, que dio origen al procedimiento.

**Exhibit 6, Page 173**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión                          *Última Reforma DOF 13-06-2003*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Fe de erratas al párrafo DOF 10-03-1983*

Si de las constancias se desprende la responsabilidad del servidor público, las conclusiones terminarán proponiendo la aprobación de lo siguiente:

*Párrafo reformado DOF 21-07-1992*

**I.-** Que está legalmente comprobada la conducta o el hecho materia de la denuncia;

**II.** Que se encuentra acreditada la responsabilidad del encausado;

*Fracción reformada DOF 21-07-1992*

**III.-** La sanción que deba imponerse de acuerdo con el artículo 8o. de esta Ley, y

**IV.-** Que en caso de ser aprobadas las conclusiones, se envíe la declaración correspondiente a la Cámara de Senadores, en concepto de acusación, para los efectos legales respectivos.

De igual manera deberán asentarse en las conclusiones las circunstancias que hubieren concurrido en los hechos.

*Fe de erratas al párrafo DOF 22-07-1992*

**ARTÍCULO 18.-** Una vez emitidas las conclusiones a que se refieren los artículos precedentes, la Sección Instructora las entregará a los secretarios de la Cámara de Diputados para que den cuenta al Presidente de la misma, quien anunciará que dicha Cámara debe reunirse y resolver sobre la imputación, dentro de los tres días naturales siguientes, lo que harán saber los secretarios al denunciante y al servidor público denunciado, para que aquél se presente por sí y éste lo haga personalmente, asistido de su defensor, a fin de que aleguen lo que convenga a sus derechos.

**ARTÍCULO 19.-** La Sección Instructora deberá practicar todas las diligencias y formular sus conclusiones hasta entregarlas a los secretarios de la Cámara, conforme a los artículos anteriores, dentro del plazo de sesenta días naturales, contado desde el día siguiente a la fecha en que se le haya turnado la denuncia, a no ser que por causa razonable y fundada se encuentre impedida para hacerlo. En este caso podrá solicitar de la Cámara que se amplíe el plazo por el tiempo indispensable para perfeccionar la instrucción. El nuevo plazo que se conceda no excederá de quince días.

*Fe de erratas al párrafo DOF 10-03-1983*

Los plazos a que se refiere este artículo se entienden comprendidos dentro del período ordinario de sesiones de la Cámara o bien dentro del siguiente ordinario o extraordinario que se convoque.

**ARTÍCULO 20.-** El día señalado, conforme al Artículo 18, la Cámara de Diputados se erigirá en órgano de acusación, previa declaración de su Presidente. En seguida la Secretaría dará lectura a las constancias procedimentales o a una síntesis que contenga los puntos sustanciales de éstas, así como a las conclusiones de la Sección Instructora. Acto continuo se concederá la palabra al denunciante y en seguida al servidor público o a su defensor, o a ambos si alguno de éstos lo solicitare, para que aleguen lo que convenga a sus derechos.

El denunciante podrá replicar y, si lo hiciere, el imputado y su defensor podrán hacer uso de la palabra en último término.

Retirados el denunciante y el servidor público y su defensor, se procederá a discutir y a votar las conclusiones propuestas por la Sección Instructora.

**ARTÍCULO 21.-** Si la Cámara resolviese que no procede acusar al servidor público, éste continuará en el ejercicio de su cargo. En caso contrario, se le pondrá a disposición de la Cámara de Senadores, a

Exhibit 6, Page 174



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

la que se remitirá la acusación, designándose una comisión de tres diputados para que sostengan aquélla ante el Senado.

**ARTÍCULO 22.-** Recibida la acusación en la Cámara de Senadores, ésta la turnará a la Sección de Enjuiciamiento, la que emplazará a la Comisión de Diputados encargada de la acusación, al acusado y a su defensor, para que presenten por escrito sus alegatos dentro de los cinco días naturales siguientes al emplazamiento.

**ARTÍCULO 23.-** Transcurrido el plazo que se señala en el artículo anterior, con alegatos o sin ellos, la Sección de Enjuiciamiento de la Cámara de Senadores formulará sus conclusiones en vista de las consideraciones hechas en la acusación y en los alegatos formulados, en su caso, proponiendo la sanción que en su concepto deba imponerse al servidor público y expresando los preceptos legales en que se funde.

La Sección podrá escuchar directamente a la Comisión de Diputados que sostienen la acusación y al acusado y su defensor, si así lo estima conveniente la misma Sección o si lo solicitan los interesados. Asimismo, la Sección podrá disponer la práctica de otras diligencias que considere necesarias para integrar sus propias conclusiones.

Emitidas las conclusiones, la Sección las entregará a la Secretaría de la Cámara de Senadores.

**ARTÍCULO 24.-** Recibidas las conclusiones por la Secretaría de la Cámara, su Presidente anunciará que debe erigirse ésta en Jurado de Sentencia dentro de las 24 horas siguientes a la entrega de dichas conclusiones, procediendo la Secretaría a citar a la Comisión a que se refiere el artículo 21 de esta Ley, al acusado y a su defensor.

A la hora señalada para la audiencia, el Presidente de la Cámara de Senadores la declarará erigida en Jurado de Sentencia y procederá de conformidad con las siguientes normas:

**1.-** La Secretaría dará lectura a las conclusiones formuladas por la Sección de Enjuiciamiento;

**2.-** Acto continuo, se concederá la palabra a la Comisión de Diputados, al servidor público o a su defensor, o a ambos;

**3.-** Retirados el servidor público y su defensor, y permaneciendo los diputados en la sesión se procederá a discutir y a votar las conclusiones y aprobar los que sean los puntos de acuerdo, que en ellas se contengan, el Presidente hará la declaratoria que corresponda.

Por lo que toca a gobernadores, diputados a las Legislaturas Locales y Magistrados de Tribunales Superiores de Justicia de los Estados, la Cámara de Senadores se erigirá en Jurado de Sentencia dentro de los tres días naturales siguientes a las recepciones de las conclusiones. En este caso, la sentencia que se dicte tendrá efectos declarativos y la misma se comunicará a la Legislatura Local respectiva, para que en ejercicio de sus atribuciones proceda como corresponda.

## CAPITULO III
### Procedimiento para la declaración de Procedencia

*Fe de erratas a la denominación del Capítulo DOF 10-03-1983*

**ARTÍCULO 25.-** Cuando se presente denuncia o querella por particulares o requerimiento del Ministerio Público cumplidos los requisitos procedimentales respectivos para el ejercicio de la acción penal, a fin de que pueda procederse penalmente en contra de algunos de los servidores públicos a que se refiere el primer párrafo del artículo 111 de la Constitución General de la República, se actuará, en lo pertinente, de acuerdo con el procedimiento previsto en el capítulo anterior en materia de juicio político

**Exhibit 6, Page 175**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión                    *Última Reforma DOF 13-06-2003*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

ante la Cámara de Diputados. En este caso, la Sección Instructora practicará todas las diligencias conducentes a establecer la existencia del delito y la probable responsabilidad del imputado, así como la subsistencia del fuero constitucional cuya remoción se solicita. Concluida esta averiguación, la Sección dictaminará si ha lugar a proceder penalmente en contra del inculpado.

*Fe de erratas al párrafo DOF 10-03-1983*

Si a juicio de la Sección, la imputación fuese notoriamente improcedente, lo hará saber de inmediato a la Cámara, para que ésta resuelva si se continúa o desecha, sin perjuicio de reanudar el procedimiento si posteriormente aparecen motivos que lo justifiquen.

Para los efectos del primer párrafo de este artículo, la Sección deberá rendir su dictamen en un plazo de sesenta días hábiles, salvo que fuese necesario disponer de más tiempo, a criterio de la Sección. En este caso se observarán las normas acerca de ampliación de plazos para la recepción de pruebas en el procedimiento referente al juicio político.

**ARTÍCULO 26.-** Dada cuenta del dictamen correspondiente, el Presidente de la Cámara anunciará a ésta que debe erigirse en Jurado de Procedencia al día siguiente a la fecha en que se hubiese depositado el dictamen, haciéndolo saber al inculpado y a su defensor, así como al denunciante, al querellante o al Ministerio Público, en su caso.

**ARTÍCULO 27.-** El día designado, previa declaración al Presidente de la Cámara, ésta conocerá en Asamblea del dictamen que la Sección le presente y actuará en los mismos términos previstos por el artículo 20 en materia de juicio político.

**ARTÍCULO 28.-** Si la Cámara de Diputados declara que ha lugar a proceder contra el inculpado, éste quedará inmediatamente separado de su empleo, cargo o comisión y sujeto a la jurisdicción de los tribunales competentes. En caso negativo, no habrá lugar a procedimiento ulterior mientras subsista el fuero, pero tal declaración no será obstáculo para que el procedimiento continúe su curso cuando el servidor público haya concluido el desempeño de su empleo, cargo o comisión.

Por lo que toca a gobernadores, Diputados a las Legislaturas Locales y Magistrados de los Tribunales Superiores de Justicia de los Estados a quienes se hubiere atribuido la comisión de delitos federales, la declaración de procedencia que al efecto dicte la Cámara de Diputados, se remitirá a la Legislatura Local respectiva, para que en ejercicio de sus atribuciones proceda como corresponda y, en su caso, ponga al inculpado a disposición del Ministerio Público Federal o del Organo Jurisdiccional respectivo.

**ARTÍCULO 29.-** Cuando se siga proceso penal a un servidor público de los mencionados en el artículo 111 Constitucional, sin haberse satisfecho el procedimiento al que se refieren los artículos anteriores, la Secretaría de la misma Cámara o de la Comisión Permanente librará oficio al Juez o Tribunal que conozca de la causa, a fin de que suspenda el procedimiento en tanto se plantea y resuelve si ha lugar a proceder.

## CAPITULO IV
### Disposiciones Comunes para los Capítulos II y III del Título Segundo

**ARTÍCULO 30.-** Las declaraciones y resoluciones definitivas de las Cámaras de Diputados y Senadores son inatacables.

**ARTÍCULO 31.-** Las Cámaras enviarán por riguroso turno a las Secciones Instructoras las denuncias, querellas, requerimientos del Ministerio Público o acusaciones que se les presenten.

**ARTÍCULO 32.-** En ningún caso podrá dispensarse un trámite de los establecidos en los Capítulos Segundo y Tercero de este Título.

**Exhibit 6, Page 176**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

**ARTÍCULO 33.-** Cuando alguna de las Secciones o de las Cámaras deba realizar una diligencia en la que se requiera la presencia del inculpado, se emplazará a éste para que comparezca o conteste por escrito a los requerimientos que se le hagan; si el inculpado se abstiene de comparecer o de informar por escrito se entenderá que contesta en sentido negativo.

La Sección respectiva practicará las diligencias que no requieran la presencia del denunciado, encomendando al Juez de Distrito que corresponda las que deban practicarse dentro de su respectiva jurisdicción y fuera del lugar de residencia de las Cámaras, por medio de despacho firmado por el Presidente y el Secretario de la Sección al que se acompañará testimonio de las constancias conducentes.

El Juez de Distrito practicará las diligencias que le encomiende la Sección respectiva, con estricta sujeción a las determinaciones que aquélla le comunique.

Todas las comunicaciones oficiales que deban girarse para la práctica de las diligencias a que se refiere este artículo, se entregarán personalmente o se enviarán por correo, en pieza certificada y con acuse de recibo, libres de cualquier costo. Aquellas que involucren a un ciudadano, pueblo o comunidad indígena, podrán remitirse, a elección de éstos, en español o traducirse a lengua indígena que cuente con expresión escrita.

*Párrafo reformado DOF 13-06-2003*

**ARTÍCULO 34.-** Los miembros de las Secciones y, en general, los Diputados y Senadores que hayan de intervenir en algún acto del procedimiento, podrán excusarse o ser recusados por alguna de las causas de impedimento que señala la Ley Orgánica del Poder Judicial de la Federación.

Unicamente con expresión de causa podrá el inculpado recusar a miembros de las Secciones Instructoras que conozcan de la imputación presentada en su contra, o a Diputados y Senadores que deban participar en actos del procedimiento.

El propio servidor público sólo podrá hacer valer la recusación desde que se le requiera para el nombramiento de defensor hasta la fecha en que se cite a las Cámaras para que actúen colegiadamente, en sus casos respectivos.

**ARTÍCULO 35.-** Presentada la excusa o la recusación, se calificará dentro de los tres días naturales siguientes en un incidente que se sustanciará ante la Sección a cuyos miembros no se hubiese señalado impedimento para actuar. Si hay excusa o recusación de integrantes de ambas secciones, se llamará a los suplentes. En el incidente se escucharán al promovente y al recusado y se recibirán las pruebas correspondientes. Las Cámaras calificarán en los demás casos de excusa o recusación.

**ARTÍCULO 36.-** Tanto el inculpado como el denunciante o querellante podrán solicitar de las oficinas o establecimientos públicos las copias certificadas de documentos que pretendan ofrecer como prueba ante la Sección respectiva o ante las Cámaras.

Las autoridades estarán obligadas a expedir dichas copias certificadas, sin demora, y si no lo hicieren la Sección, o las Cámaras a instancia del interesado, señalará a la autoridad omisa un plazo razonable para que las expida, bajo apercibimiento de imponerle una multa de diez a cien veces el salario mínimo diario vigente en el Distrito Federal sanción que se hará efectiva si la autoridad no las expidiere. Si resultase falso que el interesado hubiera solicitado las constancias, la multa se hará efectiva en su contra.

*Fe de erratas al párrafo DOF 10-03-1983*

**Exhibit 6, Page 177**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

Por su parte, la Sección o las Cámaras solicitarán las copias certificadas de constancias que estimen necesarias para el procedimiento, y si la autoridad de quien las solicitase no las remite dentro del plazo discrecional que se le señale, se impondrá la multa a que se refiere el párrafo anterior.

**ARTÍCULO 37.-** Las Secciones o las Cámaras podrán solicitar, por sí o a instancia de los interesados, los documentos o expedientes originales ya concluidos, y la autoridad de quien se soliciten tendrá la obligación de remitirlos. En caso de incumplimiento, se aplicará la corrección dispuesta en el artículo anterior.

Dictada la resolución definitiva en el procedimiento, los documentos y expedientes mencionados deberán ser devueltos a la oficina de su procedencia, pudiendo dejarse copia certificada de las constancias que las Secciones o Cámaras estimen pertinentes.

**ARTÍCULO 38.-** Las Cámaras no podrán erigirse en órgano de acusación o Jurado de Sentencia, sin que antes se compruebe fehacientemente que el servidor público, su defensor, el denunciante o el querellante y en su caso el Ministerio Público hayan sido debidamente citados.

**ARTÍCULO 39.-** No podrán votar en ningún caso los Diputados o Senadores que hubiesen presentado la imputación contra el servidor público. Tampoco podrán hacerlo los Diputados o Senadores que hayan aceptado el cargo de defensor, aun cuando lo renuncien después de haber comenzado a ejercer el cargo.

**ARTÍCULO 40.-** En todo lo no previsto por esta Ley, en las discusiones y votaciones se observarán, en lo aplicable, las reglas que establecen la Constitución, la Ley Orgánica y el Reglamento Interior del Congreso General para discusión y votación de las leyes. En todo caso, las votaciones deberán ser nominales, para formular, aprobar o reprobar las conclusiones o dictámenes de las Secciones y para resolver incidental o definitivamente en el procedimiento.

**ARTÍCULO 41.-** En el juicio político al que se refiere esta Ley, los acuerdos y determinaciones de las Cámaras se tomarán en sesión pública, excepto en la que se presenta la acusación o cuando las buenas costumbres o el interés en general exijan que la audiencia sea secreta.

**ARTÍCULO 42.-** Cuando en el curso del procedimiento a un servidor público de los mencionados en los artículos 110 y 111 de la Constitución, se presentare nueva denuncia en su contra, se procederá respecto de ella con arreglo a esta Ley, hasta agotar la instrucción de los diversos procedimientos, procurando, de ser posible, la acumulación procesal.

Si la acumulación fuese procedente, la Sección formulará en un solo documento sus conclusiones, que comprenderán el resultado de los diversos procedimientos.

**ARTÍCULO 43.-** Las Secciones y las Cámaras podrán disponer las medidas de apercibimiento que fueren procedentes, mediante acuerdo de la mayoría de sus miembros presentes en la sesión respectiva.

**ARTÍCULO 44.-** Las declaraciones o resoluciones aprobadas por las Cámaras con arreglo a esta Ley, se comunicarán a la Cámara a la que pertenezca el acusado, salvo que fuere la misma que hubiese dictado la declaración o resolución; a la Suprema Corte de Justicia de la Nación si se tratase de alguno de los integrantes del Poder Judicial Federal a que alude esta Ley; y en todo caso al Ejecutivo para su conocimiento y efectos legales, y para su publicación en el **Diario Oficial de la Federación**.

En el caso de que la declaratoria de las Cámaras se refiera a gobernadores, diputados locales y Magistrados de los Tribunales Superiores de Justicia Locales, se hará la notificación a la Legislatura Local respectiva.

**Exhibit 6, Page 178**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión          *Última Reforma DOF 13-06-2003*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**ARTÍCULO 45.-** En todas las cuestiones relativas al procedimiento no previstas en esta Ley, así como en la apreciación de las pruebas, se observarán las disposiciones del Código Federal de Procedimientos Penales. Asimismo, se atenderán, en lo conducente, las del Código Penal.

## TITULO TERCERO
### Responsabilidades Administrativas
*Título derogado DOF 13-03-2002 ("únicamente por lo que respecta al ámbito federal")*

## CAPITULO I
### Sujetos y obligaciones del servidor público

**ARTÍCULO 46.-** Incurren en responsabilidad administrativa los servidores públicos a que se refiere el artículo 2o. de esta Ley.

**ARTÍCULO 47.-** Todo servidor público tendrá las siguientes obligaciones, para salvaguardar la legalidad, honradez, lealtad, imparcialidad y eficiencia que deben ser observadas en el desempeño de su empleo, cargo o comisión, y cuyo incumplimiento dará lugar al procedimiento y a las sanciones que correspondan, sin perjuicio de sus derechos laborales, así como de las normas específicas que al respecto rijan en el servicio de las fuerzas armadas:

*Párrafo reformado DOF 21-07-1992*

**I.-** Cumplir con la máxima diligencia el servicio que le sea encomendado y abstenerse de cualquier acto u omisión que cause la suspensión o deficiencia de dicho servicio o implique abuso o ejercicio indebido de un empleo, cargo o comisión;

**II.-** Formular y ejecutar legalmente, en su caso, los planes, programas y presupuestos correspondientes a su competencia, y cumplir las leyes y otras normas que determinen el manejo de recursos económicos públicos;

**III.-** Utilizar los recursos que tengan asignados para el desempeño de su empleo, cargo o comisión, las facultades que le sean atribuidas o la información reservada a que tenga acceso por su función exclusivamente para los fines a que están afectos;

**IV.-** Custodiar y cuidar la documentación e información que por razón de su empleo, cargo o comisión, conserve bajo su cuidado o a la cual tenga acceso, impidiendo o evitando el uso, la sustracción, destrucción, ocultamiento o inutilización indebidas de aquéllas.

**V.-** Observar buena conducta en su empleo, cargo o comisión, tratando con respeto, diligencia, imparcialidad y rectitud a las personas con las que tenga relación con motivo de éste.

**VI.-** Observar en la dirección de sus inferiores jerárquicos las debidas reglas del trato y abstenerse de incurrir en agravio, desviación o abuso de autoridad;

**VII.-** Observar respeto y subordinación legítimas con respecto a sus superiores jerárquicos inmediatos o mediatos, cumpliendo las disposiciones que éstos dicten en el ejercicio de sus atribuciones;

**VIII.-** Comunicar por escrito al titular de la dependencia o entidad en la que presten sus servicios, las dudas fundadas que le suscite la procedencia de las órdenes que reciba;

*Fracción reformada DOF 21-07-1992*

**Exhibit 6, Page 179**



Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

**IX.-** Abstenerse de ejercer las funciones de un empleo, cargo o comisión después de concluido el período para el cual se le designó o de haber cesado, por cualquier otra causa, en el ejercicio de sus funciones;

**X.-** Abstenerse de disponer o autorizar a un subordinado a no asistir sin causa justificada a sus labores por más de quince días continuos o treinta discontinuos en un año, así como de otorgar indebidamente licencias, permisos o comisiones con goce parcial o total de sueldo y otras percepciones, cuando las necesidades del servicio público no lo exijan;

**XI.-** Abstenerse de desempeñar algún otro empleo, cargo o comisión oficial o particular que la Ley le prohiba.

**XII.-** Abstenerse de autorizar la selección, contratación, nombramiento o designación de quien se encuentre inhabilitado por resolución firme de la autoridad competente para ocupar un empleo, cargo o comisión en el servicio público.

**XIII.-** Excusarse de intervenir en cualquier forma en la atención, tramitación o resolución de asuntos en los que tenga interés personal, familiar o de negocios, incluyendo aquéllos de los que pueda resultar algún beneficio para él, su cónyuge o parientes consanguíneos hasta el cuarto grado, por afinidad o civiles, o para terceros con los que tenga relaciones profesionales, laborales o de negocios, o para socios o sociedades de las que el servidor público o las personas antes referidas formen o hayan formado parte.

**XIV.-** Informar por escrito al jefe inmediato y en su caso, al superior jerárquico, sobre la atención, trámite o resolución de los asuntos a que hace referencia la fracción anterior y que sean de su conocimiento; y observar sus instrucciones por escrito sobre su atención, tramitación y resolución, cuando el servidor público no pueda abstenerse de intervenir en ellos;

**XV.-** Abstenerse, durante el ejercicio de sus funciones de solicitar, aceptar o recibir, por sí o por interpósita persona, dinero, objetos mediante enajenación a su favor en precio notoriamente inferior al que el bien de que se trate y que tenga en el mercado ordinario, o cualquier donación, empleo, cargo o comisión para sí, o para las personas a que se refiere la fracción XIII, y que procedan de cualquier persona física o moral cuyas actividades profesionales, comerciales o industriales se encuentren directamente vinculadas, reguladas o supervisadas por el servidor público de que se trate en el desempeño de su empleo, cargo o comisión y que implique intereses en conflicto. Esta prevención es aplicable hasta un año después de que se haya retirado del empleo, cargo o comisión;

**XVI.-** Desempeñar su empleo, cargo o comisión sin obtener o pretender obtener beneficios adicionales a las contraprestaciones comprobables que el Estado le otorga por el desempeño de su función, sean para él o para las personas a las que se refiere la fracción XIII;

**XVII.-** Abstenerse de intervenir o participar indebidamente en la selección, nombramiento, designación, contratación, promoción, suspensión, remoción, cese o sanción de cualquier servidor público, cuando tenga interés personal, familiar o de negocios en el caso, o pueda derivar alguna ventaja o beneficio para él o para las personas a las que se refiere la fracción XIII;

**XVIII.-** Presentar con oportunidad y veracidad, las declaraciones de situación patrimonial, en los términos establecidos por esta ley;

*Fracción reformada DOF 21-07-1992*

**XIX.-** Atender con diligencia las instrucciones, requerimientos y resoluciones que reciba de la Secretaría de la Contraloría, conforme a la competencia de ésta;

**Exhibit 6, Page 180**

**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**



Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

**XX.-** Supervisar que los servidores públicos sujetos a su dirección, cumplan con las disposiciones de este artículo; y denunciar por escrito, ante el superior jerárquico o la contraloría interna, los actos u omisiones que en ejercicio de sus funciones llegare a advertir respecto de cualquier servidor público que pueda ser causa de responsabilidad administrativa en los términos de esta ley, y de las normas que al efecto se expidan;

*Fracción reformada DOF 21-07-1992*

**XXI.-** Proporcionar en forma oportuna y veraz, toda la información y datos solicitados por la institución a la que legalmente le competa la vigilancia y defensa de los derechos humanos, a efecto de que aquélla pueda cumplir con las facultades y atribuciones que le correspondan.

*Fracción adicionada DOF 11-01-1991*

**XXII.-** Abstenerse de cualquier acto u omisión que implique incumplimiento de cualquier disposición jurídica relacionada con el servicio público, y

*Fracción reformada DOF 11-01-1991 (se recorre)*

**XXIII.-** Abstenerse, en ejercicio de sus funciones o con motivo de ellas, de celebrar o autorizar la celebración de pedidos o contratos relacionados con adquisiciones, arrendamientos y enajenación de todo tipo de bienes, prestación de servicios de cualquier naturaleza y la contratación de obra pública, con quien desempeñe un empleo, cargo o comisión en el servicio público, o bien con las sociedades de las que dichas personas formen parte, sin la autorización previa y específica de la Secretaría a propuesta razonada, conforme a las disposiciones legales aplicables, del titular de la dependencia o entidad de que se trate. Por ningún motivo podrá celebrarse pedido o contrato alguno con quien se encuentre inhabilitado para desempeñar un empleo, cargo o comisión en el servicio público, y

*Fracción adicionada DOF 21-07-1992*

**XXIV.-** La demás que le impongan las leyes y reglamentos.

*Fracción reformada DOF 11-01-1991 (se recorre), 21-07-1992 (se recorre)*

Cuando el planteamiento que formule el servidor público a su superior jerárquico deba ser comunicado a la Secretaría de la Contraloría General, el superior procederá a hacerlo sin demora, bajo su estricta responsabilidad, poniendo el trámite en conocimiento del subalterno interesado. Si el superior jerárquico omite la comunicación a la Secretaría de la Contraloría General, el subalterno podrá practicarla directamente informando a su superior acerca de este acto.

**ARTÍCULO 48.-** Para los efectos de esta ley se entenderá por Secretaría a la Secretaría de Contraloría y Desarrollo Administrativo.

*Párrafo reformado DOF 24-12-1996, 04-12-1997*

Para los mismos efectos, se entenderá por superior jerárquico al titular de la dependencia y, en el caso de las entidades, al coordinador del sector correspondiente, el cual aplicará las sanciones cuya imposición se le atribuya a través de la contraloría interna de su dependencia.

## CAPITULO II
## Sanciones administrativas y procedimientos para aplicarlas

**ARTÍCULO 49.-** En las dependencias y entidades de la Administración Pública se establecerán unidades específicas, a las que el público tenga fácil acceso, para que cualquier interesado pueda presentar quejas y denuncias por incumplimiento de las obligaciones de los servidores públicos, con las que se iniciará, en su caso, el procedimiento disciplinario correspondiente.

La Secretaría establecerá las normas y procedimientos para que las instancias del público sean atendidas y resueltas con eficiencia.

**Exhibit 6, Page 181**



Cámara de Diputados del H. Congreso de la Unión                                    *Última Reforma DOF 13-06-2003*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**ARTÍCULO 50.-** La Secretaría, el superior jerárquico y todos los servidores públicos tienen la obligación de respetar y hacer respetar el derecho a la formulación de las quejas y denuncias a las que se refiere el artículo anterior y de evitar que con motivo de éstas se causen molestias indebidas al quejoso.

Incurre en responsabilidad el servidor público que por sí o por interpósita persona, utilizando cualquier medio, inhiba al quejoso para evitar la formulación o presentación de quejas y denuncias, o que con motivo de ello realice cualquier conducta injusta u omita una justa y debida que lesione los intereses de quienes las formulen o presenten.

**ARTÍCULO 51.-** Las Cámaras de Senadores y Diputados del Congreso de la Unión, así como la Asamblea Legislativa del Distrito Federal establecerán los órganos y sistemas para identificar, investigar y determinar las responsabilidades derivadas del incumplimiento de las obligaciones establecidas en el artículo 47, así como para aplicar las sanciones establecidas en el presente capítulo, conforme a la legislación respectiva y por lo que hace a su competencia.

Asimismo, y por lo que hace a su competencia, las autoridades jurisdiccionales a que se refieren las fracciones VII a X del artículo 3o., determinarán los órganos y sistemas para los efectos a que se refiere el párrafo anterior, en los términos de sus legislaciones respectivas.

*Artículo reformado DOF 21-07-1992, 26-05-1995, 12-12-1995, 04-12-1997*

**ARTÍCULO 52.-** Los servidores públicos de la Secretaría que incurran en responsabilidad por incumplimiento de las obligaciones establecidas en el artículo 47 serán sancionados conforme al presente Capítulo por la contraloría interna de dicha Secretaría. El titular de esta contraloría será designado por el Presidente de la República y sólo será responsable administrativamente ante él.

**ARTÍCULO 53.-** Las sanciones por falta administrativa consistirán en:

**I.-** Apercibimiento privado o público;

**II.-** Amonestación privada o pública.

*Fe de erratas a la fracción DOF 10-03-1983*

**III.-** Suspensión;

**IV.-** Destitución del puesto;

**V.-** Sanción económica; e

**VI.-** Inhabilitación temporal para desempeñar empleos, cargos o comisiones en el servicio público.

Cuando la inhabilitación se imponga como consecuencia de un acto u omisión que implique lucro o cause daños y perjuicios, será de un año hasta diez años si el monto de aquéllos no excede de doscientas veces el salario mínimo mensual vigente en el Distrito Federal, y de diez a veinte años si excede de dicho límite. Este último plazo de inhabilitación también será aplicable por conductas graves de los servidores públicos.

*Párrafo reformado DOF 21-07-1992*

Para que una persona que hubiere sido inhabilitada en los términos de ley por un plazo mayor de diez años, pueda volver a desempeñar un empleo, cargo o comisión en el servicio público una vez transcurrido el plazo de la inhabilitación impuesta, se requerirá que el titular de la dependencia o entidad a la que pretenda ingresar, dé aviso a la Secretaría, en forma razonada y justificada, de tal circunstancia.

*Párrafo adicionado DOF 21-07-1992*

**Exhibit 6, Page 182**



Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

La contravención a lo dispuesto por el párrafo que antecede será causa de responsabilidad administrativa en los términos de esta ley, quedando sin efectos el nombramiento o contrato que en su caso se haya realizado.

*Párrafo adicionado DOF 21-07-1992*

**ARTÍCULO 54.-** Las sanciones administrativas se impondrán tomando en cuenta los siguientes elementos:

**I.-** La gravedad de la responsabilidad en que se incurra y la conveniencia de suprimir prácticas que infrinjan, en cualquier forma, las disposiciones de esta Ley o las que se dicten con base en ella;

**II.-** Las circunstancias socioeconómicas del servidor público;

**III.-** El nivel jerárquico, los antecedentes y las condiciones del infractor;

**IV.-** Las condiciones exteriores y los medios de ejecución;

**V.-** La antigüedad del servicio;

**VI.-** La reincidencia en el incumplimiento de obligaciones; y

**VII.-** El monto del beneficio, daño o perjuicio económicos derivado del incumplimiento de obligaciones.

**ARTÍCULO 55.-** En caso de aplicación de sanciones económicas por beneficios obtenidos y daños y perjuicios causados por incumplimiento de las obligaciones establecidas en el Artículo 47, se aplicarán dos tantos del lucro obtenido y de los daños y perjuicios causados.

Las sanciones económicas establecidas en este artículo se pagarán una vez determinadas en cantidad líquida, en su equivalencia en salarios mínimos vigentes al día de su pago, conforme al siguiente procedimiento:

**I.-** La sanción económica impuesta se dividirá entre la cantidad líquida que corresponda y el salario mínimo mensual vigente en el Distrito Federal al día de su imposición, y

**II.-** El cociente se multiplicará por el salario mínimo mensual vigente en el Distrito Federal al día del pago de la sanción.

Para los efectos de esta Ley se entenderá por salario mínimo mensual, el equivalente a treinta veces el salario mínimo diario vigente en el Distrito Federal.

**ARTÍCULO 56.-** Para la aplicación de las sanciones a que hace referencia el artículo 53 se observarán las siguientes reglas:

**I.-** El apercibimiento, la amonestación y la suspensión del empleo, cargo o comisión por un período no menor de tres días ni mayor de tres meses, serán aplicables por el superior jerárquico;

**II.-** La destitución del empleo, cargo o comisión de los servidores públicos, se demandará por el superior jerárquico de acuerdo con los procedimientos consecuentes con la naturaleza de la relación y en los términos de las leyes respectivas;

**III.-** La suspensión del empleo, cargo o comisión durante el período al que se refiere la fracción I, y la destitución de los servidores públicos de confianza, se aplicarán por el superior jerárquico;

**Exhibit 6, Page 183**

Case 2:04-cv-09049-DOC-RNB   Document 5864-4   Filed 07/01/09   Page 186 of 217   Page ID #:189925

**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**



Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

**IV.-** La Secretaría promoverá los procedimientos a que hacen referencia las fracciones II y III, demandando la destitución del servidor público responsable o procediendo a la suspensión de éste cuando el superior jerárquico no lo haga. En este caso, la Secretaría desahogará el procedimiento y exhibirá las constancias respectivas al superior jerárquico;

**V.-** La inhabilitación para desempeñar un empleo, cargo o comisión en el servicio público, será aplicable por resolución que dicte la autoridad competente, y

*Fracción reformada DOF 21-07-1992*

**VI.-** Las sanciones económicas serán aplicadas por la contraloría interna de la dependencia o entidad.

*Fracción reformada DOF 21-07-1992, 24-12-1996*

**ARTÍCULO 57.-** Todo servidor público deberá denunciar por escrito a la contraloría interna de su dependencia o entidad los hechos que, a su juicio, sean causa de responsabilidad administrativa imputables a servidores públicos sujetos a su dirección.

La contraloría interna de la dependencia o entidad determinará si existe o no responsabilidad administrativa por el incumplimiento de las obligaciones de los servidores públicos, y aplicará las sanciones disciplinarias correspondientes.

El superior jerárquico de la dependencia o entidad respectiva enviará a la Secretaría copia de las denuncias cuando se trate de infracciones graves o cuando, en su concepto, y habida cuenta de la naturaleza de los hechos denunciados, la Secretaría deba, directamente, conocer el caso o participar en las investigaciones.

*Artículo reformado DOF 24-12-1996*

**ARTÍCULO 58.-** La Secretaría aplicará las sanciones correspondientes a los contralores internos de las dependencias cuando éstos incurran en actos u omisiones que impliquen responsabilidad administrativa.

**ARTÍCULO 59.-** Incurrirán en responsabilidad administrativa los servidores públicos de las contralorías internas que se abstengan injustificadamente de sancionar a los infractores o que, al hacerlo, no se ajusten a lo previsto por esta Ley. La Secretaría informará de ello al Titular de la dependencia y aplicará las sanciones correspondientes.

**ARTÍCULO 60.-** La contraloría interna de cada dependencia o entidad será competente para imponer sanciones disciplinarias.

*Artículo reformado DOF 21-07-1992, 24-12-1996*

**ARTÍCULO 61.-** Si la contraloría interna de la dependencia o el coordinador de sector en las entidades tuvieran conocimiento de hechos que impliquen responsabilidad penal, darán vista de ellos a la Secretaría y a la autoridad competente para conocer del ilícito.

**ARTÍCULO 62.-** Si de las investigaciones y auditorías que realice la Secretaría apareciera la responsabilidad de los servidores públicos, informará a la contraloría interna de la dependencia correspondiente o al coordinador sectorial de las entidades, para que proceda a la investigación y sanción disciplinaria por dicha responsabilidad, si fuera de su competencia. Si se trata de responsabilidad mayores cuyo conocimiento sólo compete a la Secretaría, ésta se avocará directamente al asunto, informando de ello al Titular de la dependencia y a la contraloría interna de la misma para que participe o coadyuve en el procedimiento de determinación de responsabilidades.

**Exhibit 6, Page 184**



Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

**ARTÍCULO 63.-** La dependencia y la Secretaría, en los ámbitos de sus respectivas competencias, podrán abstenerse de sancionar al infractor, por una sola vez, cuando lo estimen pertinente, justificando la causa de la abstención, siempre que se trate de hechos que no revistan gravedad ni constituyan delito, cuando lo ameriten los antecedentes y circunstancias del infractor y el daño causado por éste no exceda de cien veces el salario mínimo diario vigente en el Distrito Federal.

**ARTÍCULO 64.-** La Secretaría impondrá las sanciones administrativas a que se refiere este Capítulo mediante el siguiente procedimiento:

**I.-** Citará al presunto responsable a una audiencia, haciéndole saber la responsabilidad o responsabilidades que se le imputen, el lugar, día y hora en que tendrá verificativo dicha audiencia y su derecho a ofrecer pruebas y alegar en la misma lo que a su derecho convenga, por sí o por medio de un defensor.

También asistirá a la audiencia el representante de la dependencia que para tal efecto se designe.

Entre la fecha de la citación y la de la audiencia deberá mediar un plazo no menor de cinco ni mayor de quince días hábiles;

**II.-** Desahogadas las pruebas, si las hubiere, la Secretaría resolverá dentro de los treinta días hábiles siguientes, sobre la inexistencia de responsabilidad o imponiendo al infractor las sanciones administrativas correspondientes y notificará la resolución al interesado dentro de las setenta y dos horas, a su jefe inmediato, al representante designado por la dependencia y al superior jerárquico;

*Fracción reformada DOF 21-07-1992*

**III.-** Si en la audiencia la Secretaría encontrara que no cuenta con elementos suficientes para resolver o advierta elementos que impliquen nueva responsabilidad administrativa a cargo del presunto responsable o de otras personas, podrá disponer la práctica de investigaciones y citar para otra u otras audiencias; y

**IV.-** En cualquier momento, previa o posteriormente al citatorio al que se refiere la fracción I del presente artículo, la Secretaría podrá determinar la suspensión temporal de los presuntos responsables de sus cargos, empleos o comisiones, si a su juicio así conviene para la conducción o continuación de las investigaciones. La suspensión temporal no prejuzga sobre la responsabilidad que se impute. La determinación de la Secretaría hará constar expresamente esta salvedad.

La suspensión temporal a que se refiere el párrafo anterior suspenderá los efectos del acto que haya dado origen a la ocupación del empleo, cargo o comisión, y regirá desde el momento en que sea notificada al interesado o éste quede enterado de la resolución por cualquier medio. La suspensión cesará cuando así lo resuelva la Secretaría, independientemente de la iniciación, continuación o conclusión del procedimiento a que se refiere el presente artículo en relación con la presunta responsabilidad de los servidores públicos.

Si los servidores suspendidos temporalmente no resultaren responsables de la falta que se les imputa, serán restituidos en el goce de sus derechos y se les cubrirán las percepciones que debieran percibir durante el tiempo en que se hallaron suspendidos.

Se requerirá autorización del Presidente de la República para dicha suspensión si el nombramiento del servidor público de que se trate incumbe al titular del Poder Ejecutivo. Igualmente se requerirá autorización de la Cámara de Senadores, o en su caso de la Comisión Permanente, si dicho nombramiento requirió ratificación de éste en los términos de la Constitución General de la República.

**Exhibit 6, Page 185**



Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

**ARTÍCULO 65.-** En los procedimientos que se sigan para investigación y aplicación de sanciones ante las contralorías internas de las dependencias, se observarán, en todo cuanto sea aplicable a las reglas contenidas en el artículo anterior.

**ARTÍCULO 66.-** Se levantará acta circunstanciada de todas las diligencias que se practiquen, que suscribirán quienes intervengan en ellas, apercibidos de las sanciones en que incurran quienes falten a la verdad.

**ARTÍCULO 67.-** El Titular de la dependencia o entidad podrá designar un representante que participe en las diligencias. Se dará vista de todas las actuaciones a la dependencia o entidad en la que el presunto responsable presta sus servicios.

**ARTÍCULO 68.-** Las resoluciones y acuerdos de la Secretaría y de las dependencias durante el procedimiento al que se refiere este Capítulo constarán por escrito, y se asentarán en el registro respectivo, que comprenderá las secciones correspondientes a los procedimientos disciplinarios y a las sanciones impuestas, entre ellas, en todo caso, las de inhabilitación.

**ARTÍCULO 69.-** La Secretaría expedirá constancias que acrediten la no existencia de registro de inhabilitación, que serán exhibidas, para los efectos pertinentes, por las personas que sean requeridas para desempeñar un empleo, cargo o comisión en el servicio público.

**ARTÍCULO 70.-** Los servidores públicos sancionados podrán impugnar ante el Tribunal Federal de Justicia Fiscal y Administrativa las resoluciones administrativas por las que se les impongan las sanciones a que se refiere este Capítulo. Las resoluciones anulatorias firmes dictadas por ese Tribunal, tendrán el efecto de que la dependencia o entidad en la que el servidor público preste o haya prestado sus servicios, lo restituya en el goce de los derechos de que hubiese sido privado por la ejecución de las sanciones anuladas, sin perjuicio de lo que establecen otras leyes.

*Artículo reformado DOF 21-07-1992, 31-12-2000*

**ARTÍCULO 71.-** Las resoluciones por las que se impongan sanciones administrativas, podrán ser impugnadas por el servidor público ante la propia autoridad, mediante el recurso de revocación que se interpondrá dentro de los quince días siguientes a la fecha en que surta efectos la notificación de la resolución recurrida.

*Párrafo reformado DOF 21-07-1992*

La tramitación del recurso se sujetará a las normas siguientes:

**I.-** Se iniciará mediante escrito en el que deberán expresarse los agravios que a juicio del servidor público le cause la resolución, acompañando copia de ésta y constancia de la notificación de la misma, así como la proposición de las pruebas que considere necesario rendir;

**II.-** La autoridad acordará sobre la admisibilidad del recurso y de las pruebas ofrecidas, desechando de plano las que no fuesen idóneas para desvirtuar los hechos en que se base la resolución, y

*Fracción reformada DOF 21-07-1992*

**III.-** Desahogadas las pruebas, si las hubiere, la autoridad emitirá resolución dentro de los treinta días hábiles siguientes, notificándolo al interesado en un plazo no mayor de setenta y dos horas.

*Fracción reformada DOF 21-07-1992*

**ARTÍCULO 72.-** La interposición del recurso suspenderá la ejecución de la resolución recurrida, si lo solicita el promovente, conforme a estas reglas:

**Exhibit 6, Page 186**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

**I.-** Tratándose de sanciones económicas, si el pago de éstas se garantiza en los términos que prevenga el Código Fiscal de la Federación; y

*Fe de erratas a la fracción DOF 10-03-1983*

**II.-** Tratándose de otras sanciones, se concederá la suspensión si concurren los siguientes requisitos;

**a)** Que se admita el recurso;

**b)** Que la ejecución de la resolución recurrida produzca daños o perjuicios de imposible reparación en contra del recurrente; y

**c)** Que la suspensión no traiga como consecuencia la consumación o continuación de actos u omisiones que impliquen perjuicios al interés social o al servicio público.

**ARTÍCULO 73.-** El servidor público afectado por las resoluciones administrativas que se dicten conforme a esta Ley, podrá optar entre interponer el recurso de revocación o impugnarlas directamente ante el Tribunal Federal de Justicia Fiscal y Administrativa.

La resolución que se dicte en el recurso de revocación será también impugnable ante el Tribunal Federal de Justicia Fiscal y Administrativa.

*Artículo reformado DOF 21-07-1992,31-12-2000*

**ARTÍCULO 74.-** Las resoluciones absolutorias que dicte el Tribunal Federal de Justicia Fiscal y Administrativa podrán ser impugnadas por la Secretaría o por el superior jerárquico.

*Artículo reformado DOF 31-12-2000*

**ARTÍCULO 75.-** La ejecución de las sanciones administrativas impuestas en resolución firme se llevará a cabo de inmediato en los términos que disponga la resolución. La suspensión, destitución o inhabilitación que se impongan a los servidores públicos de confianza, surtirán efectos al notificarse la resolución y se considerarán de orden público.

Tratándose de los servidores públicos de base, la suspensión y la destitución se sujetarán a lo previsto en la ley correspondiente.

Las sanciones económicas que se impongan constituirán créditos fiscales a favor del Erario Federal, se harán efectivas mediante el procedimiento económico-coactivo de ejecución, tendrán la prelación pevista para dichos créditos y se sujetarán en todo a las disposiciones fiscales aplicables a esta materia.

**ARTÍCULO 76.-** Si el servidor público presunto responsable confesare su responsabilidad por el incumplimiento de las obligaciones a que hace referencia la presente Ley, se procederá de inmediato a dictar resolución, a no ser que quien conoce del procedimiento disponga la recepción de pruebas para acreditar la veracidad de la confesión. En caso de que se acepte la plena validez probatoria de la confesión, se impondrá al interesado dos tercios de la sanción aplicable, si es de naturaleza económica, pero en lo que respecta a indemnización, ésta en todo caso deberá ser suficiente para cubrir los daños y perjuicios causados, y siempre deberá restituirse cualquier bien o producto que se hubiese percibido con motivo de la infracción. Quedará a juicio de quien resuelve disponer o no la suspensión, separación o inhabilitación.

**ARTÍCULO 77.-** Para el cumplimiento de las atribuciones que les confiere esta Ley, la Secretaría y el superior jerárquico podrán emplear los siguientes medios de apremio:

*Párrafo reformado DOF 21-07-1992*

**I.-** Sanción económica de hasta veinte veces el salario mínimo diario vigente en el Distrito Federal;

*Fe de erratas a la fracción DOF 10-03-1983*

**Exhibit 6, Page 187**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

**II.-** Auxilio de la fuerza pública.

Si existe resistencia al mandamiento legítimo de autoridad, se estará a lo que prevenga la legislación penal.

**ARTÍCULO 77-BIS.-** Cuando en el procedimiento administrativo disciplinario se haya determinado la responsabilidad del servidor público y que la falta administrativa haya causado daños y perjuicios a particulares, éstos podrán acudir a las dependencias, entidades o a la Secretaría de Contraloría y Desarrollo Administrativo, para que ellas directamente reconozcan la responsabilidad de indemnizar la reparación del daño en cantidad líquida y, en consecuencia, ordenar el pago correspondiente, sin necesidad de que los particulares acudan a la instancia judicial o cualquier otra.

*Párrafo reformado DOF 04-12-1997*

El Estado podrá repetir de los servidores públicos el pago de la indemnización hecha a los particulares.

Si el órgano del Estado niega la indemnización, o si el monto no satisface al reclamante, se tendrán expeditas, a su elección, la vía administrativa o judicial.

Cuando se haya aceptado una recomendación de la Comisión de Derechos Humanos en la que se proponga la reparación de daños y perjuicios, la autoridad competente se limitará a su determinación en cantidad líquida y la orden de pago respectiva.

*Artículo adicionado DOF 10-01-1994*

**ARTÍCULO 78.-** Las facultades del superior jerárquico y de la Secretaría para imponer las sanciones que esta ley prevé se sujetarán a lo siguiente:

*Párrafo reformado DOF 10-01-1994*

**I.-** Prescribirán en un año si el beneficio obtenido o el daño causado por el infractor no excede de diez veces el salario mínimo mensual vigente en el Distrito Federal, y

*Fracción reformada DOF 21-07-1992*

**II.-** En los demás casos prescribirán en tres años.

El plazo de prescripción se contará partir del día siguiente a aquél en que se hubiera incurrido en la responsabilidad o a partir del momento en que hubiese cesado, si fue de carácter continuo.

*Párrafo adicionado DOF 21-07-1992*

En todos los casos la prescripción a que alude este precepto se interrumpirá al iniciarse el procedimiento administrativo previsto por el artículo 64.

*Párrafo adicionado DOF 21-07-1992*

**III.-** El derecho de los particulares a solicitar la indemnización de daños y perjuicios, prescribirá en un año, a partir de la notificación de la resolución administrativa que haya declarado cometido la falta administrativa.

*Fracción adicionada DOF 10-01-1994*

## TITULO CUARTO
*Título derogado DOF 13-03-2002 ("únicamente por lo que respecta al ámbito federal")*

## CAPITULO UNICO
### Registro patrimonial de los servidores públicos

**Exhibit 6, Page 188**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

**ARTÍCULO 79.-** La Secretaría llevará el registro y seguimiento de la evolución de la situación patrimonial de los servidores públicos de las dependencias y entidades de la Administración Pública Federal, así como de los órganos jurisdiccionales a que se refieren las fracciones VII a IX del artículo 3o., en los términos de esta Ley y demás disposiciones aplicables.

Las atribuciones que este Título otorga a la Secretaría, a las Cámaras de Senadores y Diputados del Congreso de la Unión y a la Asamblea Legislativa del Distrito Federal.

*Párrafo derogado DOF 26-05-1995. Reformado DOF 12-12-1995, 04-12-1997*

Para los efectos del párrafo que antecede, las citadas autoridades conforme a la legislación respectiva, determinarán los órganos encargados de ejercer dichas atribuciones, así como los sistemas que se requieran para tal propósito.

*Artículo reformado DOF 21-07-1992*

**ARTÍCULO 80.-** Tienen la obligación de presentar declaraciones de situación patrimonial, ante la autoridad competente, conforme a lo dispuesto por el artículo 79, bajo protesta de decir verdad, en los términos que esta Ley señala:

*Párrafo reformado DOF 21-07-1992*

**I.-** En el Congreso de la Unión: Diputados y Senadores, Oficiales Mayores, Tesoreros y Directores de las Cámaras, y Contador Mayor de Hacienda;

**I Bis.** En la Asamblea Legislativa del Distrito Federal: los Diputados, Oficial Mayor, Tesorero, Directores, Subdirectores y Jefes de Departamento de la misma;

*Fracción adicionada DOF 21-07-1992. Reformada DOF 04-12-1997*

**II.-** En el Poder Ejecutivo Federal: Todos los funcionarios, desde el nivel de jefes de departamentos hasta el de Presidente de la República, además de los previstos en las fracciones IV, V y IX de este artículo;

**III.-** En la Administración Pública Paraestatal: Directores Generales, gerentes generales, subdirectores generales, subgerentes generales, directores, gerentes, subdirectores y servidores públicos equivalentes de los órganos descentralizados, empresas de participación estatal mayoritaria y sociedades y asociaciones asimiladas y fideicomisos públicos;

**IV.** En el órgano ejecutivo local del gobierno del Distrito Federal: todos los funcionarios, desde el nivel a que se refiere la fracción II hasta el Jefe de Gobierno del Distrito Federal, incluyendo Delegados Políticos, Subdelegados y Jefes de Departamento de las Delegaciones;

*Fracción reformada DOF 04-12-1997*

**V.-** En la Procuraduría General de la República y en la Procuraduría General de Justicia del Distrito Federal: Todos los funcionarios, desde el nivel mencionado en la fracción II hasta los de Procurador General de la República y Procurador General de Justicia del Distrito Federal, incluyendo a Agentes del Ministerio Público y policías judiciales;

**VI.-** En el Poder Judicial Federal: Ministros de la Suprema Corte de Justicia de la Nación, Magistrados de Circuito, Jueces de Distrito, secretarios judiciales y actuarios de cualquier categoría o designación;

**VII.** En el Tribunal de lo Contencioso Administrativo del Distrito Federal, Magistrados y Secretarios o sus equivalentes;

*Fracción reformada DOF 04-12-1997*

**Exhibit 6, Page 189**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

**VIII.** En el Tribunal Federal de Justicia Fiscal y Administrativa, en los tribunales de trabajo y en los demás órganos jurisdiccionales que determinen las leyes: Magistrados, miembros de junta y Secretarios o sus equivalentes; y

*Fracción reformada DOF 21-07-1992, 04-12-1997, 31-12-2000*

**IX.-** En la Secretaría de la Contraloría General: Todos los servidores públicos de confianza.

El servidor público que en su declaración de situación patrimonial falte a la verdad en relación con lo que es obligatorio manifestar en términos de esta Ley, será suspendido, y cuando por su importancia lo amerite, destituido e inhabilitado de tres meses a tres años.

*Párrafo adicionado DOF 21-07-1992*

Asimismo, deberán presentar las declaraciones a que se refiere este artículo, los demás servidores públicos de las dependencias y entidades de la Administración Pública Federal y de los órganos jurisdiccionales a que se refieren las fracciones VII a IX del artículo 3o., que determine el Secretario de la Contraloría General de la Federación, mediante disposiciones generales debidamente motivadas y fundadas.

*Párrafo reformado DOF 21-07-1992*

**ARTÍCULO 81.-** La declaración de situación patrimonial deberá presentarse en los siguientes plazos:

**I.-** Dentro de los sesenta días naturales siguientes a la toma de posesión;

**II.-** Dentro de los treinta días naturales siguientes a la conclusión del encargo; y

**III.-** Durante el mes de mayo de cada año deberá presentarse la declaración de situación patrimonial, acompañada de una copia de la declaración anual presentada por personas físicas para los efectos de la Ley del Impuesto Sobre la Renta, salvo que en ese mismo año se hubiese presentado la declaración a que se refiere la fracción I.

Si transcurrido el plazo a que hace referencia la fracción I, no se hubiese presentado la declaración correspondiente, sin causa justificada, quedará sin efectos el nombramiento respectivo previa declaración de la Secretaría. Lo mismo ocurrirá cuando se omita la declaración contemplada en la fracción III.

Para el caso de omisión, sin causa justificada, en la presentación de la declaración a que alude la fracción II, se inhabilitará al infractor por un año.

*Párrafo adicionado DOF 21-07-1992*

**ARTÍCULO 82.-** La Secretaría expedirá las normas y los formatos bajo los cuales el servidor público deberá presentar la declaración de situación patrimonial, así como los manuales e instructivos que indicarán lo que es obligatorio declarar.

**ARTÍCULO 83.-** En la declaración inicial y final de situación patrimonial se manifestarán los bienes inmuebles, con la fecha y valor de adquisición.

En las declaraciones anuales se manifestarán sólo las modificaciones al patrimonio, con fecha y valor de adquisición. En todo caso se indicará el medio por el que se hizo la adquisición.

Tratándose de bienes muebles, la Secretaría decidirá, mediante acuerdo general, las características que deba tener la declaración.

**ARTÍCULO 84.-** Cuando los signos exteriores de riqueza sean ostensibles y notoriamente superiores a los ingresos lícitos que pudiera tener un servidor público, la Secretaría podrá ordenar, fundando y

Exhibit 6, Page 190



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

motivando su acuerdo, la práctica de visitas de inspección y auditorías. Cuando estos actos requieran orden de autoridad judicial, la Secretaría hará ante ésta la solicitud correspondiente.

Previamente a la inspección o al inicio de la auditoría, se dará cuenta al servidor público de los hechos que motivan estas actuaciones y se le presentarán las actas en que aquéllos consten, para que exponga lo que en derecho le convenga.

**ARTÍCULO 85.-** El servidor público a quien se practique visita de investigación o auditoría podrá interponer inconformidad ante la Secretaría contra los hechos contenidos en las actas, mediante escrito que deberá presentar dentro de los cinco días siguientes a la conclusión de aquéllas, en el que se expresará los motivos de inconformidad y ofrecerá las pruebas que considere necesario acompañar o rendir dentro de los treinta días siguientes a la presentación del recurso.

*Fe de erratas al párrafo DOF 10-03-1983*

Todas las actas que se levanten con motivo de la visita deberán ir firmadas por el servidor público y los testigos que para tal efecto designe. Si el servidor público o los testigos se negaren a firmar, el visitador lo hará constar, sin que estas circunstancias afecten el valor probatorio que, en su caso, posea el documento.

**ARTÍCULO 86.-** Serán sancionados en los términos que disponga el Código Penal los servidores públicos que incurran en enriquecimiento ilícito.

**ARTÍCULO 87.-** Para los efectos de esta Ley y del Código Penal, se computarán entre los bienes que adquieran los servidores públicos o con respecto de los cuales se conduzcan como dueños, los que reciban o de los que dispongan su cónyuge y sus dependientes económicos directos, salvo que se acredite que éstos los obtuvieron por sí mismos y por motivos ajenos al servidor público.

**ARTÍCULO 88.-** Durante el desempeño de su empleo, cargo o comisión, y un año después, los servidores públicos no podrán solicitar, aceptar o recibir por sí, o por interpósita persona, dinero o cualquier otra donación, servicio, empleo, cargo o comisión para sí, o para las personas a que se refiere la fracción XIII del artículo 47 y que procedan de cualquier persona cuyas actividades profesionales, comerciales o industriales se encuentren directamente vinculadas, reguladas o supervisadas por el servidor público en el desempeño de su empleo, cargo o comisión, que determinen conflicto de intereses.

Para los efectos del párrafo anterior, no se considerarán los que reciba el servidor público en una o más ocasiones, de una misma persona física o moral de las mencionadas en el párrafo precedente, durante un año, cuando el valor acumulado durante ese año no sea superior a diez veces el salario mínimo diario vigente en el Distrito Federal en el momento de su recepción.

En ningún caso se podrán recibir de dichas personas títulos valor, bienes inmuebles o cesiones de derechos sobre juicios o controversias en las que se dirima la titularidad de los derechos de posesión o de propiedad sobre bienes de cualquier clase.

Se castigará como cohecho las conductas de los servidores públicos que violen lo dispuesto en este artículo y serán sancionados en términos de la legislación penal.

**ARTÍCULO 89.-** Cuando los servidores públicos reciban obsequios, donativos o beneficios en general de los que se mencionan en el artículo anterior y cuyo monto sea superior al que en él se establece o sean de los estrictamente prohibidos, deberán informar de ello a la autoridad que la Secretaría determine a fin de ponerlos a su disposición. La autoridad correspondiente llevará un registro de dichos bienes.

**ARTÍCULO 90.-** La Secretaría de Contraloría y Desarrollo Administrativo hará al Ministerio Público, en su caso, declaratoria de que el funcionario sujeto a la investigación respectiva, en los términos de la

**Exhibit 6, Page 191**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

presente ley, no justificó la procedencia lícita del incremento sustancial de su patrimonio de los bienes adquiridos o de aquéllos sobre los que se conduzca como dueño, durante el tiempo de su encargo o por motivos del mismo.

*Artículo reformado DOF 04-12-1997*

## TÍTULO QUINTO
## DE LAS DISPOSICIONES APLICABLES A LOS SERVIDORES PÚBLICOS DEL ÓRGANO EJECUTIVO DEL DISTRITO FEDERAL

*Título adicionado DOF 04-12-1997*

## CAPÍTULO ÚNICO

*Capítulo adicionado DOF 04-12-1997*

**ARTÍCULO 91.-** Al frente de la Contraloría General de la Administración Pública del Distrito Federal habrá un Contralor General, quien será nombrado y removido libremente por el Jefe de Gobierno.

Las facultades y obligaciones que esta Ley otorga a la Secretaría y a su titular se entenderán conferidas en el Distrito Federal a la Contraloría General de la Administración Pública del Distrito Federal y a su titular.

*Artículo adicionado DOF 04-12-1997*

**ARTÍCULO 92.-** El Contralor General designará y removerá libremente a los titulares de los órganos de control interno de las dependencias, entidades paraestatales y órganos desconcentrados de la Administración Pública del Distrito Federal.

Los órganos de control interno tendrán las mismas facultades que esta Ley les confiere a las contralorías internas de las dependencias y entidades de la Administración Pública Federal, las que serán ejercidas en las dependencias, entidades y órganos desconcentrados de la Administración Pública del Distrito Federal.

*Artículo adicionado DOF 04-12-1997*

**ARTÍCULO 93.-** El servidor público afectado por los actos o resoluciones de la Contraloría General de la Administración Pública del Distrito Federal o de los órganos de control interno, podrá, a su elección, interponer el recurso de revocación, previsto en esta Ley, o impugnar dichos actos o resoluciones ante el Tribunal de lo Contencioso Administrativo del Distrito Federal, el que se sujetará a lo dispuesto por los artículos 73 y 74 de esta ley.

*Artículo adicionado DOF 04-12-1997*

## TRANSITORIOS

**ARTÍCULO PRIMERO.-** Esta Ley abroga la Ley de Responsabilidades de los Funcionarios y Empleados de la Federación del Distrito Federal y de los Altos Funcionarios de los Estados, de fecha 27 de diciembre de 1979 y publicada en el **Diario Oficial de la Federación** el 4 de enero de 1980, y se derogan todas aquellas disposiciones que se opongan a la presente Ley.

Independientemente de las disposiciones que establece la presente Ley, quedan preservados los derechos sindicales de los trabajadores.

**ARTÍCULO SEGUNDO.-** Todas las dependencias de la Administración Pública Federal, establecerán dentro de su estructura orgánica, en un plazo no mayor de seis meses el órgano competente a que se refiere el artículo 49 de esta Ley.

**Exhibit 6, Page 192**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

La Suprema Corte de Justicia de la Nación, el Tribunal Superior de Justicia del Distrito Federal y las Cámaras de Senadores y Diputados del Congreso de la Unión, establecerán los órganos y sistemas a que hace referencia el artículo 51 en un plazo no mayor de seis meses.

**ARTÍCULO TERCERO.-** Por lo que respecta a las declaraciones sobre situación patrimonial efectuadas con anterioridad a la vigencia de la Ley Federal de Responsabilidades de los Servidores Públicos, se estará a lo dispuesto en las normas vigentes en el momento de formularse dicha declaración.

**ARTÍCULO CUARTO.-** La presente Ley entrará en vigor el día siguiente al de su publicación en el **Diario Oficial de la Federación**.

México, D.F., a 30 diciembre de 1982.- **Antonio Riva Palacio López**, S. P.- **Mariano Piña Olaya**, D. P.- **Silvia Hernández de Galindo**, S. S.- **Everardo Gámiz Fernández**, D. S.- Rúbricas".

En cumplimiento de lo dispuesto por la fracción I del artículo 89 de la Constitución Política de los Estados Unidos Mexicanos y para su debida publicación y observancia, expido el presente Decreto en la residencia del Poder Ejecutivo Federal, en la ciudad de México, Distrito Federal, a los treinta días del mes de diciembre de mil novecientos ochenta y dos.- "Año del General Vicente Guerrero".- **Miguel de la Madrid Hurtado**.- Rúbrica.- El Secretario de Relaciones Exteriores, **Bernardo Sepúlveda Amor**.- Rúbrica.- El Secretario de la Defensa Nacional, **Juan Arévalo Gardoqui**.- Rúbrica.- El Secretario de Marina, **Miguel Angel Gómez Ortega**.- Rúbrica.- El Secretario de Hacienda y Crédito Público, **Jesús Silva Herzog**.- Rúbrica.- El Secretario de Programación y Presupuesto, **Carlos Salinas de Gortari**.- Rúbrica.- El Secretario de Patrimonio y Fomento Industrial, **Francisco Labastida Ochoa**.- Rúbrica.- El Secretario de Comercio, **Héctor Hernández Cervantes**.- Rúbrica.- El Secretario de Agricultura y Recursos Hidráulicos, **Horacio García Aguilar**.- Rúbrica.- El Secretario de Comunicaciones y Transportes, **Rodolfo Félix Valdez**.- Rúbrica.- El Secretario de Asentamientos Humanos y Obras Públicas, **Marcelo Javelly Girard**.- Rúbrica.- El Secretario de Educación Pública, **Jesús Reyes Heroles**.- Rúbrica.- El Secretario de Salubridad y Asistencia, **Guillermo Soberón Acevedo**.- Rúbrica.- El Secretario del Trabajo y Previsión Social, **Arsenio Farell Cubillas**.- Rúbrica.- El Secretario de la Reforma Agraria, **Luis Martínez Villicaña**.- Rúbrica.- El Secretario de Turismo, **Antonio Enríquez Savignac**.- Rúbrica.- El Secretario de Pesca, **Pedro Ojeda Paullada**.- Rúbrica.- El Jefe del Departamento del Distrito Federal, **Ramón Aguirre Velázquez**.- Rúbrica.- El Secretario de Gobernación, **Manuel Bartlett Díaz**.- Rúbrica.

**Exhibit 6, Page 193**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

## ARTÍCULOS TRANSITORIOS DE DECRETOS DE REFORMA

**Fe de erratas a la Ley Federal de Responsabilidades de los Servidores Públicos, publicada el 31 de diciembre de 1982.**

Publicada en el Diario Oficial de la Federación el 10 de marzo de 1983

En el **artículo 3o., fracción II**, dice:
"La Secretaría de la Contraloría General de la República .

Debe decir:
"La Secretaría de la Contraloría General de la Federación".

Página 4, primera sección, primera columna, renglón 33, **artículo 7o., último párrafo**, dice:
"omisiones que se"

Debe decir:
"omisiones a que se"

Página 5, primera sección, primera columna, renglones 41 y 42, **artículo 17**, dice:
"Sección Instructora continuarán proponiendo"

Debe decir:
"Sección Instructora terminarán proponiendo"

Página 5, primera sección, segunda columna, renglón 24, **artículo 19**, dice:
"contados desde el día siguiente"

Debe decir:
"contado desde el día siguiente"

Página 6, primera sección, segunda columna, se omitió el término "**Capítulo III**" que tiene el título de **"Procedimiento para la declaración de Procedencia"**, y debe quedar intercalado entre los **artículos 24 y 25**.

Página 6, primera sección, segunda columna, renglón 18, **artículo 25**, dice:
"y probable"

Debe decir:
"y la probable"

Página 7, primera sección, segunda columna, renglón 45, **artículo 36**, dice:
"no la expidiere"

Debe decir:
"no las expidiere"

Pagina 10, primera sección, segunda columna, renglón 16, **artículo 53**, dice:
"II.-Amonestación privada o público".

Debe decir:
"II.-Amonestación privada o pública"

**Exhibit 6, Page 194**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

Página 13, primera sección, primera columna, renglón 46, **artículo 72**, dice:
"provenga el Código Fiscal de la Federación"

Debe decir:
"prevenga el Código Fiscal de la Federación"

Página 13, primera sección, segunda columna, renglón 56, **artículo 77**, dice:
"diario en el Distrito Federal"

Debe decir:
"diario vigente en el Distrito Federal"

Página 15, primera sección, primera columna, renglón 26, **artículo 85**, dice:
"días siguientes a la conclusión de aquéllas, en la"

Debe decir:
"días siguientes a la conclusión de aquéllas, en el"

**Exhibit 6, Page 195**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

## DECRETO por el que se reforma y adiciona la Ley Federal de Responsabilidades de los Servidores Públicos.

Publicado en el Diario Oficial de la Federación el 11 de enero de 1991

**Artículo Unico.-** Al artículo 47 de la Ley Federal de Responsabilidades de los Servidores Públicos se le **adiciona** una fracción que será la XXI y se corre la numeración de las dos fracciones subsistentes posteriores con su mismo texto, para quedar como sigue:

..........

## TRANSITORIO

**UNICO.-** El presente decreto entrará en vigor al día siguiente de su publicación en el **Diario Oficial de la Federación**.

México, D. F., a 20 de diciembre de 1990.- Dip. **Fernando Córdoba Lobo**, Presidente.- Sen. **Ricardo Canavati Tafich**, Presidente.- Dip. **Juan Manuel Verdugo Rosas**, Secretario.- Sen. **Eliseo Rangel Gaspar**, Secretario.- Rúbricas."

En cumplimiento de lo dispuesto por la fracción I del artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto, en la residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los veintidós días del mes de diciembre de mil novecientos noventa.- **Carlos Salinas de Gortari**.- Rúbrica.- El Secretario de Gobernación, **Fernando Gutiérrez Barrios**.- Rúbrica.

**Exhibit 6, Page 196**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión                    *Última Reforma DOF 13-06-2003*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

**FE de erratas al Decreto por el que se reforma y adiciona la Ley Federal de Responsabilidades de los Servidores Públicos, publicado el 11 de enero de 1991.**

Publicada en el Diario Oficial de la Federación el 14 de enero de 1991

En la página 2, primer rubro, dice:

## SECRETARIA DE GOBERNACION

Decreto por el que se reforma y adiciona la Ley Federal de Responsabilidades de los Servidores Públicos.

Debe decir:

## SECRETARIA DE LA CONTRALORIA GENERAL DE LA FEDERACION

Decreto por el que se reforma y adiciona la Ley Federal de Responsabilidades de los Servidores Públicos.



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

## DECRETO que reforma, adiciona y deroga diversas disposiciones de la Ley Federal de Responsabilidades de los Servicios Públicos.

Publicado en el Diario Oficial de la Federación el 21 de julio de 1992

**ARTICULO UNICO.-** Se **REFORMAN** los artículos 4; 9; 10; 12; 17, segundo párrafo y fracción II; 47, primer párrafo y fracciones VIII, XVIII y XX; 51, segundo párrafo; 53, segundo párrafo; 56, fracciones V y VI; 60; 64, fracción II; 70; 71, primer párrafo y fracciones II y III; 73, primer párrafo; 77 primer párrafo; 78, fracción I; 79 y 80, primer y último párrafos, y fracción VIII. Se **ADICIONAN** los artículos 3o., con la fracción I Bis; 47, con una fracción XXIII, y se recorre la actual fracción XXIII para pasar a ser XXIV; 51, con un tercer párrafo; 53, con los párrafos; tercero y cuarto; 78, con un segundo y tercer párrafos; 80, con la fracción I Bis y un segundo párrafo, y 81, con un tercer párrafo; y se **DEROGA** el segundo párrafo de la fracción II del artículo 71 de la Ley Federal de Responsabilidades de los Servidores Públicos, para quedar como sigue:

..........

## TRANSITORIOS

**ARTICULO PRIMERO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el **Diario Oficial de la Federación**.

**ARTICULO SEGUNDO.-** Se derogan todas aquellas disposiciones que se opongan a lo establecido por este ordenamiento.

**ARTICULO TERCERO.-** La Asamblea de Representantes del Distrito Federal y las autoridades jurisdiccionales a que se refieren las fracciones VII a IX del artículo 3o. de esta Ley, establecerán los órganos y sistemas previstos en el artículo 51 que se reforma, en un plazo que no excederá de sesenta días naturales, contados a partir de la entrada en vigor de este Decreto, realizando las adecuaciones que al efecto procedan en sus reglamentos interiores y manuales de organización.

**ARTICULO CUARTO.-** La Suprema Corte de Justicia de la Nación y el Tribunal Superior de Justicia del Distrito Federal, así como las Cámaras de Senadores y Diputados del Congreso de la Unión y la Asamblea de Representantes del Distrito Federal, establecerán los órganos, sistemas, registros, formatos y demás circunstancias pertinentes que se requieran para ejercer las atribuciones que les confieren, en virtud de esta reforma, los artículos 79 a 90 de la Ley, en un plazo que no excederá de sesenta días naturales contados a partir de la entrada en vigor del presente ordenamiento. Al efecto, la Secretaría de la Contraloría General de la Federación entregará las declaraciones de situación patrimonial que en su oportunidad haya recibido, a la autoridad que resulte competente en los términos de este Decreto.

Para los fines de la presentación de las declaraciones de situación patrimonial, las Cámaras del Congreso de la Unión y la Asamblea de Representantes, así como el Pleno de la Suprema Corte de Justicia de la Nación y del Tribunal Superior de Justicia del Distrito Federal, determinarán los órganos que de manera provisional habrán de recibirlas respecto de los servidores públicos que les están adscritos, así como custodiarlas, en tanto se establecen los órganos señalados en el párrafo anterior. Para la presentación de las declaraciones, se podrán utilizar los formatos expedidos por la propia Secretaría.

México, D. F., 13 de julio de 1992.- Dip. **Gustavo Carvajal Moreno**, Presidente.- Sen. **Manuel Aguilera Gómez**, Presidente.- Dip. **Jaime Rodríguez Calderón**, Secretario.- Sen. **Oscar Ramírez Mijares**, Secretario.- Rúbricas."

**Exhibit 6, Page 198**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión                                    *Última Reforma DOF 13-06-2003*
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos y para su debida publicación y observancia, expido el presente Decreto en la residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los quince días del mes de julio de mil novecientos noventa y dos. **Carlos Salinas de Gortari**.- Rúbrica.- El Secretario de Gobernación, **Fernando Gutiérrez Barrios**.- Rúbrica.

**Exhibit 6, Page 199**



Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

**FE de erratas al Decreto que reforma, adiciona y deroga diversas disposiciones de la Ley Federal de Responsabilidades de los Servidores Públicos, publicado el 21 de julio de 1992.**

Publicada en el Diario Oficial de la Federación el 22 de julio de 1992

En la página 4, columna izquierda, **Artículo 12, inciso d**, dice:

d) a resolución...

Debe decir:

d) La resolución...

En la página 4, columna derecha, **Artículo 17, fracciones III y IV**, dice:

III y IV ...................................

Debe decir:

III y IV ...................................

...................................................

**Exhibit 6, Page 200**



Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

**DECRETO que reforma, adiciona y deroga diversos artículos del Código Penal para el Distrito Federal en Materia de Fuero Común y para toda la República en Materia de Fuero Federal, del Código Federal de Procedimientos Penales, del Código de Procedimientos Penales para el Distrito Federal, de la Ley de Amparo Reglamentaria de los artículos 103 y 107 de la Constitución Política de los Estados Unidos Mexicanos, de la Ley de Extradición Internacional, del Código Civil para el Distrito Federal en Materia Común y para toda la República en Materia Federal, de la Ley Federal de Responsabilidades de los Servidores Públicos, de la Ley Orgánica del Tribunal Fiscal de la Federación, de la Ley del Tribunal de lo Contencioso Administrativo del Distrito Federal, de la Ley Federal para Prevenir y Sancionar la Tortura y de la Ley de Presupuesto, Contabilidad y Gasto Público Federal y de la Ley Orgánica del Poder Judicial de la Federación.**

Publicado en el Diario Oficial de la Federación el 10 de enero de 1994

**ARTICULO SEPTIMO.-** De la Ley Federal de Responsabilidades de los Servidores Públicos se **reforma** el artículo 78 párrafo primero, se **adicionan** un artículo 77 bis y una fracción III al artículo 78, para quedar como sigue:

.........

## TRANSITORIOS

**PRIMERO.-** El presente decreto entrará en vigor el primero de febrero de mil novecientos noventa y cuatro.

**SEGUNDO.-** Con relación a los procedimientos que se sigan por delitos contra la salud, iniciados con anterioridad a la vigencia del presente decreto, continuarán en los términos de las nuevas disposiciones contenidas en ese decreto, aun cuando éstas hayan cambiado de numeración.

**TERCERO.-** A las personas que hayan cometido un delito, incluidas las procesadas o sentenciadas, con anterioridad a la entrada en vigor del presente decreto, les serán aplicables las disposiciones del Código Penal vigentes en el momento en que se haya cometido, sin perjuicio de aplicar, cuando proceda, lo previsto en el artículo 56 del citado Código.

**CUARTO.-** Se derogan todas las disposiciones que se opongan al presente decreto.

México, D. F., a 21 de diciembre de 1993.- Dip. **Cuauhtémoc López Sánchez**, Presidente.- Sen. **Eduardo Robledo Rincón**, Presidente.- Dip. **Sergio González Santa Cruz**, Secretario.- Sen. **Antonio Melgar Aranda**, Secretario.- Rúbricas".

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los veintitrés días del mes de diciembre de mil novecientos noventa y tres.- **Carlos Salinas de Gortari**.- Rúbrica.- El Secretario de Gobernación, **José Patrocinio González Blanco Garrido**.- Rúbrica.

**Exhibit 6, Page 201**



Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

**Ley Orgánica del Poder Judicial de la Federación.**

Publicada en el Diario Oficial de la Federación el 26 de mayo de 1995

## ARTICULOS TRANSITORIOS

**PRIMERO.** La presente ley entrará en vigor el día siguiente de su publicación en el **Diario Oficial de la Federación.**

**SEGUNDO.** Los amparos indirectos promovidos en contra de actos de tribunales unitarios de circuito que a la fecha de entrada en vigor de esta ley se encuentren radicados en los juzgados de distrito, deberán seguir siendo tramitados y resueltos por estos.

**TERCERO.** Se abroga la Ley Orgánica del Poder Judicial de la Federación publicada en el **Diario Oficial de la Federación** de 5 de enero de 1988, y sus reformas.

**CUARTO.** Se abroga el Decreto que Establece las Causas de Retiro Forzoso o Voluntario de los Ministros de la Suprema Corte de Justicia de la Nación del 19 de febrero de 1951 y su reforma de 1963.

**QUINTO.** Los acuerdos administrativos dictados por la Suprema Corte de Justicia funcionando en Pleno y por la Comisión de Gobierno y Administración de la Suprema Corte de Justicia con fundamento en la Ley Orgánica que se abroga mediante el presente decreto, continuarán en vigor en lo que no se opongan a la presente ley hasta que el Consejo de la Judicatura Federal o la Suprema Corte de Justicia funcionando en Pleno dicte las normas administrativas que correspondan.

**SEXTO.** Se faculta a la Suprema Corte de Justicia funcionando en Pleno y al Pleno del Consejo de la Judicatura Federal para dictar, en sus respectivos ámbitos de atribuciones, todas las medidas que sean necesarias para la efectividad e inmediato cumplimiento de la presente Ley.

**SEPTIMO.** El presupuesto del Poder Judicial de la Federación para el ejercicio de 1995 será administrado y ejercido por el Presidente de la Suprema Corte de Justicia y por el Consejo de la Judicatura Federal, en sus rubros y montos requeridos respectivamente. Para este efecto, dentro de los treinta días siguientes a la entrada en vigor de la presente Ley, el presidente de la Suprema Corte de Justicia someterá al Pleno del Consejo de la Judicatura Federal la división de dicho presupuesto, tomando en cuenta las necesidades para la administración de ambos, durante el resto del presente ejercicio fiscal.

**OCTAVO.** Se derogan los artículos 3o., 51 y 79 de la Ley Federal de Responsabilidades de los Servidores Públicos, únicamente en lo que se refiere a la Suprema Corte de Justicia.

**NOVENO.** A partir de la entrada en vigor de esta ley, los días hábiles a que se refiere el primer párrafo del artículo 23 de la Ley de Amparo serán los que señala el artículo 160 de esta ley.

**DECIMO.** Las atribuciones, presupuesto y personal con que actualmente cuenta el Instituto de Especialización Judicial, pasarán a formar parte del Instituto de la Judicatura.

**DECIMO PRIMERO.** Para la suplencia en los casos de ausencia del Presidente de la Suprema Corte de Justicia a que se refiere el artículo 13 de esta ley, se considerará el orden de nombramientos aprobados por la Cámara de Senadores.

**DECIMO SEGUNDO.** Los miembros del Comité Académico del Instituto de la Judicatura serán designados dentro de los treinta días siguientes a la publicación de la presente ley. La mitad de los

**Exhibit 6, Page 202**



Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

miembros que integre el primer Comité Académico será designada para un período de dos años y la restante para un período de cuatro años.

**DECIMO TERCERO.** Los ministros designados para períodos inferiores a quince años, de acuerdo con lo dispuesto por el artículo Cuarto Transitorio del Decreto por el que se reforman diversas disposiciones de la Constitución Política de los Estados Unidos Mexicanos, publicado en el **Diario Oficial de la Federación** del 31 de diciembre de 1994, tendrán derecho al haber por retiro en términos del primer párrafo del artículo 183 de esta ley, cuando cumplan el período por el que fueron designados. Cuando se retiren sin haber cumplido su período, tendrán derecho a su haber por retiro de manera proporcional al tiempo de su desempeño.

**DECIMO CUARTO.** Dentro de los treinta días siguientes a la entrada en vigor de esta ley, el Presidente del Consejo de la Judicatura Federal y los consejeros designados por el Senado de la República y por el Poder Ejecutivo, procederán a insacular a los magistrados de circuito y al juez de distrito que ocuparán el cargo de consejeros cumpliendo con los requisitos de esta ley, quienes desempeñarán el cargo hasta concluir el período a que se refiere el artículo Quinto Transitorio del Decreto por el que se reforman diversas disposiciones de la Constitución Política de los Estados Unidos Mexicanos, publicado en el **Diario Oficial de la Federación** del 31 de diciembre de 1994.

**DECIMO QUINTO.** Las resoluciones del Pleno de la Suprema Corte de Justicia de la Nación constituyen jurisprudencia, siempre que lo resuelto en ellas se sustente en cinco sentencias no interrumpidas por otra en contrario, y que hayan sido aprobadas por lo menos por ocho ministros.

México, D.F., a 19 de mayo de 1995.- Sen. **Germán Sierra Sánchez**, Presidente.- Dip. **Alejandro Zapata Perogordo**, Presidente.- Sen. **Angel Ventura Valle**, Secretario.- Dip. **Anastacia Guadalupe Flores Valdez**, Secretaria.- Rúbricas".

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los veinticinco días del mes de mayo de mil novecientos noventa y cinco.- El Presidente Constitucional de los Estados Unidos Mexicanos.- **Ernesto Zedillo Ponce de León**.- Rúbrica.- El Secretario de Gobernación, **Esteban Moctezuma Barragán**.- Rúbrica.



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

**DECRETO por el que se reforman y adicionan diversas disposiciones del Estatuto de Gobierno del Distrito Federal y de la Ley Federal de Responsabilidades de los Servidores Públicos.**

Publicado en el Diario Oficial de la Federación el 12 de diciembre de 1995

**ARTICULO SEGUNDO.-** Se reforma la fracción VI del artículo 3o., el primer párrafo del artículo 51 y el segundo párrafo del artículo 79 de la Ley Federal de Responsabilidades de los Servidores Públicos, para quedar como sigue:

.........

## TRANSITORIOS

**PRIMERO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el **Diario Oficial de la Federación.**

**SEGUNDO.-** A los miembros del Consejo de la Judicatura del Distrito Federal en funciones a la entrada en vigor del presente Decreto, les serán aplicables las disposiciones contenidas en el Artículo Primero del mismo, salvo la duración en el cargo, la cual se sujetará a lo previsto en el Artículo Séptimo transitorio del Decreto por el que se reforman diversos artículos de la Constitución Política de los Estados Unidos Mexicanos, publicado en el **Diario Oficial de la Federación** el 31 de diciembre de 1994.

México, D.F., a 28 de noviembre de 1995.- Dip. **Fernando Salgado Delgado**, Presidente.- Sen. **Ernesto Navarro González**, Presidente.- Dip. **Audomaro Alba Padilla**, Secretario.- Sen. **Raúl Juárez Valencia**, Secretario.- Rúbricas."

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos y para su debida publicación y observancia, expido el presente Decreto en la residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los ocho días del mes diciembre de mil novecientos noventa y cinco.- **Ernesto Zedillo Ponce de León**.- Rúbrica.- El Secretario de Gobernación, **Emilio Chuayffet Chemor**.- Rúbrica.

**Exhibit 6, Page 204**



Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

**DECRETO por el que se reforma la Ley Orgánica de la Administración Pública Federal, la Ley Federal de las Entidades Paraestatales y la Ley Federal de Responsabilidades de los Servidores Públicos.**

Publicado en el Diario Oficial de la Federación el 24 de diciembre de 1996

**ARTÍCULO TERCERO.-** Se reforman los artículos 48, 56 fracción VI, 57 y 60 de la Ley Federal de Responsabilidades de los Servidores Públicos, para quedar como siguen:

..........

## TRANSITORIOS

**PRIMERO.-** El presente decreto entrará en vigor el día 1o. de enero de 1997.

**SEGUNDO.-** Se derogan las disposiciones legales y administrativas que se opongan al presente decreto.

**TERCERO.-** En tanto el Secretario de Contraloría y Desarrollo Administrativo designa a los titulares de los órganos de control interno, así como a los de sus áreas de auditoría, quejas y responsabilidades, los actuales titulares continuarán en su cargo y ejercerán sus atribuciones en los términos de este decreto.

**CUARTO.-** Los órganos de control interno de las entidades paraestatales resolverán los procedimientos de responsabilidades administrativas y los recursos de revocación que, a la entrada en vigor del presente decreto, se encuentren en trámite en las Dependencias Coordinadoras de Sector, relativos a asuntos de las citadas entidades, así como los que se inicien por hechos consumados con anterioridad a la entrada en vigor antes mencionada. Dichos procedimientos y recursos continuarán resolviéndose conforme a las disposiciones legales que los rigen.

**QUINTO.-** La Secretaría de Hacienda y Crédito Público realizará los actos que correspondan a efecto de que, para el ejercicio fiscal de 1997, los recursos financieros destinados al pago de los sueldos y prestaciones de los servidores públicos que por virtud del presente decreto pasarán a depender de la Secretaría de Contraloría y Desarrollo Administrativo, se transfieran a esta última.

Las dependencias y entidades continuarán proporcionando los espacios físicos, los recursos humanos y materiales que requieran los referidos órganos de control interno.

La relación laboral del resto del personal de dichos órganos de control interno no se modifica por la entrada en vigor del presente decreto.

México, D.F., a 6 de diciembre de 1996.- Sen. **Laura Pavón Jaramillo**, Presidenta.- Dip. **Agustín Torres Delgado**, Presidente.- Sen. **Ricardo Naumann Escobar**, Secretario.- Dip. **Victoria Eugenia Méndez Márquez**, Secretario.- Rúbricas".

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los dieciocho días del mes de diciembre de mil novecientos noventa y seis.- **Ernesto Zedillo Ponce de León**.- Rúbrica.- El Secretario de Gobernación, **Emilio Chuayffet Chemor**.- Rúbrica.



Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

**DECRETO por el que se reforman, adicionan y derogan diversas disposiciones del Estatuto de Gobierno del Distrito Federal; de la Ley Federal de Responsabilidades de los Servidores Públicos; de la Ley de Expropiación y de la Ley Orgánica de la Administración Pública Federal.**

Publicado en el Diario Oficial de la Federación el 4 de diciembre de 1997

**ARTÍCULO SEGUNDO.-** Se reforman los artículos 3o. fracciones I Bis, II y IV, 48, 51, 77 Bis, 79 segundo párrafo, 80 fracciones I Bis, IV, VII y VIII y 90, y se adiciona un Título Quinto con un Capítulo Único con los artículos 91 a 93 de la Ley Federal de Responsabilidades de los Servidores Públicos, para quedar como sigue:

..........

## TRANSITORIOS

**PRIMERO.-** La reforma a la fracción II del artículo 3o. y las que se refieren a la Asamblea Legislativa del Distrito Federal entrarán en vigor al día siguiente de su publicación en el **Diario Oficial de la Federación**.

**SEGUNDO.-** Las demás reformas entrarán en vigor el día 5 de diciembre de 1997.

**TERCERO.-** En tanto la Asamblea Legislativa del Distrito Federal regula las responsabilidades de los servidores públicos de los órganos encargados de la función judicial del fuero común en el Distrito Federal, seguirán aplicándose las disposiciones de esta Ley vigentes a la fecha del presente Decreto.

**ARTÍCULOS TRANSITORIOS DEL DECRETO POR EL QUE SE REFORMAN, ADICIONAN Y DEROGAN DIVERSAS DISPOSICIONES DEL ESTATUTO DE GOBIERNO DEL DISTRITO FEDERAL; DE LA LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS; DE LA LEY DE EXPROPIACIÓN Y DE LA LEY ORGÁNICA DE LA ADMINISTRACIÓN PÚBLICA FEDERAL.**

**PRIMERO.-** Las reformas a que se refiere el presente Decreto entrarán en vigor al día siguiente de su publicación en el **Diario Oficial de la Federación**, con las particularidades que se establecen en las disposiciones transitorias de cada uno de los artículos de este Decreto.

**SEGUNDO.-** Se derogan todas las disposiciones que se opongan al presente Decreto.

**TERCERO.-** Publíquese el presente Decreto en la Gaceta Oficial del Distrito Federal.

México, D.F., a 3 de diciembre de 1997.- Dip. **Juan Cruz Martínez**, Presidente.- Sen. **Heladio Ramírez López**, Presidente.- Dip. **Francisco Rodríguez García**, Secretario.- Sen. **José Antonio Valdivia**, Secretario.- Rúbricas".

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los tres días del mes de diciembre de mil novecientos noventa y siete.- **Ernesto Zedillo Ponce de León**.- Rúbrica.- El Secretario de Gobernación, **Emilio Chuayffet Chemor**.- Rúbrica.

**Exhibit 6, Page 206**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

**DECRETO por el que se reforman diversas disposiciones fiscales.**

Publicado en el Diario Oficial de la Federación el 31 de diciembre de 2000

**Disposiciones Transitorias de la Ley Orgánica del Tribunal Fiscal de la Federación**

**Artículo Décimo Primero.** En relación con las modificaciones a que se refiere el Artículo Décimo de este Decreto, se estará a lo siguiente:

I.   La reforma al artículo 28 de la Ley Orgánica del Tribunal Fiscal de la Federación, entrará en vigor el 1o. de febrero de 2001.

II.  Para los efectos del artículo 31 de la Ley Orgánica del Tribunal Fiscal de la Federación, las demandas presentadas antes del 1o. de enero de 2001, serán competencia de la Sala Regional que corresponda, de conformidad con el citado artículo 31, vigente hasta el 31 de diciembre de 2000.

III. Se reforma la denominación del Tribunal Fiscal de la Federación por la de Tribunal Federal de Justicia Fiscal y Administrativa. En consecuencia, se reforma la Ley Orgánica del Tribunal Fiscal de la Federación tanto en su título como en sus disposiciones, así como en todas aquellas contenidas en el Código Fiscal de la Federación y en las demás leyes fiscales y administrativas federales, en las que se cite al Tribunal Fiscal de la Federación, para sustituir ese nombre por el de Tribunal Federal de Justicia Fiscal y Administrativa.

**Transitorios**

**Primero.** El presente Decreto entrará en vigor el 1o. de enero de 2001.

**Segundo.** Las menciones hechas en el presente Decreto a las Secretarías cuyas denominaciones se modificaron por efectos del Decreto publicado en el **Diario Oficial de la Federación** el jueves 30 de noviembre de 2000, mediante el cual se reformó la Ley Orgánica de la Administración Pública Federal, se entenderán conforme a la denominación que para cada una se estableció en este último.

México, D.F., a 28 de diciembre de 2000.- Sen. **Enrique Jackson Ramírez**, Presidente.- Dip. **Ricardo Francisco García Cervantes**, Presidente.- Sen. **Yolanda González Hernández**, Secretario.- Dip. **Manuel Medellín Milán**, Secretario.- Rúbricas**".**

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los veintinueve días del mes de diciembre de dos mil.- **Vicente Fox Quesada**.- Rúbrica.- El Secretario de Gobernación, **Santiago Creel Miranda**.- Rúbrica.

**Exhibit 6, Page 207**



Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

**DECRETO por el que se expide la Ley Federal de Responsabilidades Administrativas de los Servidores Públicos, y se reforman la Ley Orgánica de la Administración Pública Federal y la Ley de Coordinación Fiscal.**

Publicado en el Diario Oficial de la Federación el 13 de marzo de 2002

**ARTICULO PRIMERO.-** Se expide la Ley Federal de Responsabilidades Administrativas de los Servidores Públicos para quedar como sigue:

..........

# TRANSITORIOS

**Artículo Primero.-** La presente Ley entrará en vigor al día siguiente de su publicación en el **Diario Oficial de la Federación**.

**Artículo Segundo.-** Se derogan los Títulos Primero, por lo que se refiere a la materia de responsabilidades administrativas, Tercero y Cuarto de la Ley Federal de Responsabilidades de los Servidores Públicos, únicamente por lo que respecta al ámbito federal.

Las disposiciones de la Ley Federal de Responsabilidades de los Servidores Públicos seguirán aplicándose en dicha materia a los servidores públicos de los órganos ejecutivo, legislativo y judicial de carácter local del Distrito Federal.

**Artículo Tercero.-** Con la salvedad a que se refiere el transitorio que antecede, se derogan todas aquellas disposiciones federales que se opongan a lo establecido en el presente ordenamiento.

**Artículo Cuarto.-** Las autoridades a que se refiere el artículo 3 de esta Ley, que no cuenten con los órganos y sistemas previstos en los artículos 11 y 35, dispondrán para su establecimiento de un plazo que no excederá de sesenta días naturales, contados a partir de la entrada en vigor de este ordenamiento, para lo cual realizarán las adecuaciones procedentes a sus reglamentos interiores, manuales de organización o disposiciones equivalentes.

**Artículo Quinto.-** Los servidores públicos que deban presentar declaraciones de situación patrimonial en los términos de este ordenamiento legal y que no hayan estado obligados a presentarlas conforme a la ley que se deroga, dispondrán por única vez de un plazo de sesenta días naturales para presentar la declaración a que se refiere la fracción I del artículo 37 de esta Ley, contados a partir del día siguiente a que concluya el . plazo señalado en el transitorio que antecede.

**Artículo Sexto.-** Los procedimientos seguidos a servidores públicos federales que se encuentren en trámite o pendientes de resolución a la fecha de entrada en vigor de esta Ley, así como las resoluciones de fondo materia de los mismos, deberán sustanciarse y concluirse de conformidad con las disposiciones vigentes al momento en que se iniciaron tales procedimientos.

Las disposiciones de la Ley Federal de Responsabilidades de los Servidores Públicos vigentes hasta la entrada en vigor de la presente Ley seguirán aplicándose por los hechos realizados durante su vigencia.

**Artículo Séptimo.-** Con el fin de actualizar la información patrimonial de los servidores públicos con que cuenta la Secretaría de Contraloría y Desarrollo Administrativo, en la declaración de modificación patrimonial a presentarse en el mes de mayo de 2002, por única vez, los servidores públicos deberán

**Exhibit 6, Page 208**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

proporcionar la información que se indique en el formato que al efecto emita dicha Dependencia, el cual deberá ser dado a conocer de manera oportuna.

**Artículo Octavo.-** La Secretaría deberá emitir, en un plazo no mayor a ciento veinte días hábiles, contados a partir de la entrada en vigor de este ordenamiento, el Código de Etica, en términos de lo dispuesto por el artículo 49 de la Ley.

**Artículo Noveno.-** Las menciones que en otras leyes, reglamentos y demás disposiciones jurídicas o administrativas de carácter federal se hagan de la Ley Federal de Responsabilidades de los Servidores Públicos o en particular de alguno de sus preceptos, se entenderán referidas a esta Ley o a los artículos de este ordenamiento legal cuyo contenido coincida con los de la Ley que se deroga, con la salvedad que se establece en el transitorio segundo de esta Ley.

## TRANSITORIOS

**Artículo Primero.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el **Diario Oficial de la Federación**.

**Artículo Segundo.-** Se derogan todas aquellas disposiciones que se opongan a lo establecido en el presente ordenamiento.

**Artículo Tercero.-** En relación con la reforma a que se refiere el ARTICULO TERCERO del presente Decreto, los asuntos relativos a las responsabilidades administrativas, civiles y penales en que hubieren incurrido las autoridades locales o municipales, con motivo de la desviación de recursos federales recibidos y que se encuentren en trámite o pendientes de resolución, deberán sustanciarse de conformidad con las disposiciones vigentes al momento en que se cometió la irregularidad.

México, D.F., a 15 de diciembre de 2001.- Dip. **Beatriz Elena Paredes Rangel**, Presidenta.- Sen. **Diego Fernández de Cevallos Ramos**, Presidente.- Dip. **Adrián Rivera Pérez**, Secretario.- Sen. **María Lucero Saldaña Pérez**, Secretaria.- Rúbricas**".**

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la Residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los doce días del mes de marzo de dos mil dos.- **Vicente Fox Quesada**.- Rúbrica.- El Secretario de Gobernación, **Santiago Creel Miranda**.- Rúbrica.

**Exhibit 6, Page 209**



**LEY FEDERAL DE RESPONSABILIDADES DE LOS SERVIDORES PÚBLICOS**

Cámara de Diputados del H. Congreso de la Unión
Secretaría General
Secretaría de Servicios Parlamentarios
Centro de Documentación, Información y Análisis

*Última Reforma DOF 13-06-2003*

## DECRETO por el que se reforman y adicionan diversos artículos de la Ley Federal de Responsabilidades de los Servidores Públicos.

Publicado en el Diario Oficial de la Federación el 13 de junio de 2003

**ARTÍCULO ÚNICO.-** Se reforman los artículos 9, 12 y 33 de la Ley Federal de Responsabilidades de los Servidores Públicos, para quedar como sigue:

..........

## TRANSITORIO

**ÚNICO.-** El presente Decreto entrará en vigor al día siguiente de su publicación en el **Diario Oficial de la Federación**.

México, D.F., a 24 de abril de 2003.- Dip. **Armando Salinas Torre**, Presidente.- Sen. **Enrique Jackson Ramírez**, Presidente.- Dip. **María de las Nieves García Fernández**, Secretario.- Sen. **Sara I. Castellanos Cortés**, Secretaria.- Rúbricas**"**.

En cumplimiento de lo dispuesto por la fracción I del Artículo 89 de la Constitución Política de los Estados Unidos Mexicanos, y para su debida publicación y observancia, expido el presente Decreto en la Residencia del Poder Ejecutivo Federal, en la Ciudad de México, Distrito Federal, a los diez días del mes de junio de dos mil tres.- **Vicente Fox Quesada**.- Rúbrica.- El Secretario de Gobernación, **Santiago Creel Miranda**.- Rúbrica.

**Exhibit 6, Page 210**

# EXHIBIT 7

**ARTICLE 47.-** Every public servant will have the following obligations, to safeguard the legality, honesty, loyalty, fairness and efficiency that must be observed in the course of his position, office or commission, the default on which will lead to the appropriate procedure and sanctions, without prejudice to their employment rights, as well as the specific rules governing the matter in the service of the armed forces:

*Paragraph amended DOF 07/21/92*

**I. -** Perform with the utmost diligence the service entrusted to them and refrain from any act or omission causing the suspension or failure of that service or implying abuse or undue performance of a position, office or commission;

**II .-** Develop and implement legally, if applicable, plans, programs and budgets under their competence and comply with the laws and other rules governing the handling of public funds;

**III .-** Use the resources allocated to them in the discharge of their position, office or commission, the powers attributed to them or the reserved information to which they have access due to their functions exclusively for the applicable purposes;

**IV .-** Watch over and take care of the documentation and information which, by reason of their position, office or commission, they keep in their care or to which they have access, preventing or avoiding the use, theft, destruction, concealment or undue lack of use thereof;

**V. -** Observe good conduct in their position, office or commission, treating with respect, diligence, impartiality and honesty the people with whom they are in contact because of it.

**VI .-** Observe in the management of their subordinates the rules of proper treatment and refrain from engaging in tort, misuse or abuse of authority;

**VII .-** Observe legitimate respect and subordination with respect to their immediate or higher superiors, complying with the provisions they adopt in the exercise of their powers;

**VIII .-** Communicate in writing to the manager of the agency or entity to which they render their services, the motivated questions as to the suitability of the orders they receive;

*Section amended DOF 07/21/92*

**IX** .- Refrain from exercising the functions of a position, office or commission after the end of the period for which they were appointed or from which they were terminated for any reason;

**X** – Refrain from ordering or authorizing a subordinate not to come to work without justified cause for more than fifteen consecutive days or thirty non-consecutive days during one year and wrongly granting licenses, permits or commissions with partial or full payment of salary and other benefits, when the needs of the public service do not require it;

**XI** .- Refrain from performing any other official or private position, office or commission prohibited by law.

**XII** .- Refrain from authorizing the selection, recruitment, appointment or designation of a person who is disqualified by firm decision of the competent authority to fill a position, office or commission in the public service.

**XIII** .- Excuse themselves from intervening in any way in the care, handling or resolution of cases in which they have personal, family or business interest, including those that may be of some benefit to themselves, their spouse or relatives up to the fourth degree of consanguinity, affinity or civil ties, or for third parties with whom they have professional, labor or business relationships, or partners or companies of which the public servant or persons referred to above belong or belonged in the past.

**XIV** .- Inform in writing the immediate supervisor and, where applicable, the hierarchic superior, on the care, processing or resolution of the matters referred to in the preceding section and of which they are aware; and obey their written instructions concerning the care, processing or resolution, when the public servant cannot refrain from intervening in them;

**XV** .- Refrain during the course of their duties from soliciting, accepting or receiving, either by themselves or through an intermediary, money, objects by sale to them at a price well below the price of the goods in question in the regular market, or any gift, position, office or commission for themselves or for the persons referred to in section XIII coming from any natural or legal person whose professional, commercial or industrial activities are directly linked, regulated or supervised by the public servant in question in the performance of their position, office or commission and that involves conflicting interests. This prohibition is applicable for up to one year after they have retired from the position, office or commission;

**XVI** .- Perform their position, office or commission without obtaining or attempting to obtain additional benefits to those given to them by the State for the performance of their function, whether for themselves or for the persons referred to in section XIII;

**XVII** .- Refrain from unduly interfering or participating in the selection, nomination, appointment, hiring, promotion, suspension, removal, dismissal or sanction of any civil servant when they have a personal, family or business interest in the case, or when they may derive some advantage or benefit for themselves or for the persons referred to in section XIII;

**XVIII** .- File in a timely and accurate manner, the statements of assets, within the terms established by this law;

*Section amended DOF 07/21/92*

**XIX** .- Diligently comply with the instructions, requirements and resolutions received from the Secretariat of the Comptroller, under the jurisdiction thereof;

**Exhibit 7, Page 212**

**XX.-** Supervise that the public servants under their management comply with the provisions of this article; and report in writing to the hierarchic supervisor or Internal Control the acts or omissions noted by them in the performance of their functions with respect to any public servant that may be an administrative cause of liability in the terms of this law and the rules issued to this effect;

*Section amended DOF 07/21/92*

**XXI .-** Provide in a timely and accurate fashion all information and data requested by the institution legally in charge of the monitoring and defense of human rights, so that it may discharge the powers and duties that apply to them.

*Section added DOF 01/11/91*

**XXII .-** Refrain from any act or omission involving breach of any legal provision relating to public service, and

*Section amended DOF 01/11/91 (repeat)*

**XXIII.-** Refrain, in the performance of their functions or in connection with them, from executing or authorizing the execution of orders or contracts associated with acquisitions, leasing and disposal of all types of goods, services of any nature and public works contracting, with those who hold a position, office or commission in the public service, or with the companies in which said persons work, without prior specific authorization of the Secretariat following motivated proposal, in accordance with the applicable laws, of the head of the agency or entity concerned. Under no circumstances may an order or contract be executed with any person who is disqualified from filling a position, office or commission in public service, and

*Section added DOF 07/21/92*

**XXIV .-** The others, imposed by the laws and regulations.

*Section amended DOF 01/11/91 (repeated), 07/21/92 (repeat)*

When the statement made by the public servant to his hierarchic superior must be communicated to the Secretariat of the Comptroller General, the superior will do so without delay under his strict responsibility, communicating the process to the subordinate in question. If the hierarchic superior fails to issue the communication to the Secretariat of the Comptroller General, the subordinate may do so directly, reporting the fact to his superior.

**Exhibit 7, Page 213**



**TRANSPERFECT**

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BERLIN
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBAI
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PHOENIX
PORTLAND
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
VANCOUVER
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Marina Yoffe, hereby certified that the document, "Article 47 of the Federal Law of Liabilities of the Public Servants" to the best of my knowledge and belief, is a true and accurate translation from Spanish into English.

Marina Yoffe

Sworn before me this

26th Day of May, 2008

Signature, Notary Public

Stamp, Notary Public