QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Robert O'Brien]** |
| Defendant. | DECLARATION OF YOUNG RA LEE IN SUPPORT OF MATTEL, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL RESPONSES TO MATTEL, INC.'S FIRST SET OF INTERROGATORIES (PHASE 2) TO ISAAC LARIAN |
| AND CONSOLIDATED ACTIONS | |
| | Hearing Date:        TBD<br>Time:                TBD<br>Place:               TBD |
| | **Phase 2** |
| | Discovery Cutoff:    Dec. 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial:               March 23, 010 |

00505.07209/2992416.2

## DECLARATION OF YOUNG RA LEE

I, Young Ra Lee, declare as follows:

1.     I am a member of the bar of the State of California.  I am an attorney at Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for Mattel, Inc. ("Mattel").  I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.     Attached hereto as Exhibit 1 is a true and correct copy of the Court's Order After June 15, 2009 Hearing on Accounting Issues, dated June 18, 2009.

3.     Attached hereto as Exhibit 2 is a true and correct copy of the Court's Omnibus Order, dated April 27, 2009.

4.     Attached hereto as Exhibit 3 is a true and correct copy of MGA Entertainment, Inc.'s First Set of Phase 2 Interrogatories to Mattel, Inc., dated April 15, 2009.

5.     Tamar Buchakjian is currently out of the country and unable to respond to Larian's claims that she failed to meet and confer in good faith regarding this motion.  I was present for, and took notes during, both meet and confer teleconferences with Richard Sheldon and Daniel M. Hayes on April 21, 2009 and April 23, 2009.

6.     On April 21, 2009, Ms. Buchakjian met and conferred telephonically with Mr. Hayes and Mr. Sheldon.  Mr. Hayes and Mr. Sheldon asked Ms. Buchakjian to clarify the language of the interrogatories and the accompanying definitions.  Ms. Buchakjian asked them what, specifically, they did not understand.  Ms. Buchakjian then went through the interrogatories and their definitions line-by-line asking Mr. Hayes and Mr. Sheldon to identify what parts they did not understand.  Mr. Hayes and Mr. Sheldon said that they understood each phrase.

00505.07209/2992416.2

-2-
DECLARATION OF YOUNG RA LEE ISO REPLY ISO MOTION TO COMPEL RESPONSE TO MATTEL, INC'S FIRST SET OF INTERROGATORIES (PHASE 2)

7.      Mr. Hayes and Mr. Sheldon suggested omitting the following language from the interrogatory:  "the current or former trustees, beneficiaries, attorneys, agents, representatives, accountants, vendors, consultants or any other PERSON acting on its behalf, subject to its authority and control."  They also suggested limiting Interrogatory No. 2 so that they would not include "insignificant transactions" by limiting the transactions as of a date certain.  Ms. Buchakjian stated that Mattel would consider a proposal raising the minimum monetary amount to something above $1000, but Mr. Hayes and Mr. Sheldon did not propose an alternate minimum amount (or appear to care about the dollar amount).  As for the other discussed limitations, Ms. Buchakjian told Mr. Hayes and Mr. Sheldon that she did not believe that her client would agree to them because the scope of the interrogatories was already limited in time and subject matter, but agreed to consult with the client.

8.      On April 23, 2009, Ms. Buchakjian again met and conferred telephonically with Mr. Hayes and Mr. Sheldon.  She confirmed that Mattel already considered the Interrogatories properly limited in time and subject matter.  When Mr. Hayes asked Ms. Buchakjian for Mattel's definition of "LARIAN TRUST," again Ms. Buchakjian walked through the definition of "LARIAN TRUST" line-by-line and asked both Mr. Hayes and Mr. Sheldon to specify the parts that they did not understand.  Ms. Buchakjian offered further explanation of the definition in the same manner discussed in Mattel's reply brief here.  Mr. Hayes and Mr. Sheldon did not ask Ms. Buchakjian to clarify "LARIAN TRUST" beyond the definition, and raised no further questions or specific inquiry, which indicated that they understood every line in the definition.  Instead, they wanted Ms. Buchakjian to change what the interrogatory was actually seeking, but Ms. Buchakjian explained that Mattel believed that the information sought was appropriate.

9.      Ms. Buchakjian also explained to Mr. Hayes and Mr. Sheldon that the definition of "LARIAN TRUST" was consistent with the information that

-3-

the Discovery Master ordered pursuant to Order Nos. 11 and 3 in regard to the subpoena to IGWT -- information related to net worth, financial condition and ability to pay.  Mr. Hayes and Mr. Sheldon did not dispute that the interrogatories sought relevant information, but responded that the Order was narrower because it was directed only to IGWT.  Ms. Buchakjian stated that Interrogatory No. 2 was narrow as well because it was directed to Larian.

10.     Ms. Buchakjian asked Mr. Hayes and Mr. Sheldon what they would be willing to respond to, and Mr. Hayes and Mr. Sheldon did not concede that Larian would respond to anything.  Mr. Hayes and Mr. Sheldon indicated that Larian was unwilling to withdraw any of his objections to the interrogatories and was unwilling to suggest any specific limitations to the interrogatories.  Mr. Hayes and Mr. Sheldon then accused Ms. Buchakjian of not meeting and conferring in good faith because she would not narrow the scope of the interrogatories.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 1, 2009 at Los Angeles, California.

/s/  Young Ra Lee
Young Ra Lee