1   THOMAS J. NOLAN (Bar No. 66992)
    (tnolan@skadden.com)
2   JASON D. RUSSELL (Bar No. 169219)
    (jrussell@skadden.com)
3   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    300 South Grand Avenue, Suite 3400
4   Los Angeles, CA  90071-3144
    Tel.: (213) 687-5000/Fax: (213) 687-5600
5

6   Attorneys for Counter-Defendants,
    MGA ENTERTAINMENT, INC., ISAAC LARIAN,
7   and MGA ENTERTAINMENT (HK) LIMITED

8                    UNITED STATED DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11  CARTER BRYANT, an individual     )   CASE NO. CV 04-9049 SGL (RNBx)
                                     )
12               Plaintiff,          )   Consolidated with Case No. 04-9059 and
                                     )   Case No. 05-2727
13        v.                         )
                                     )
14  MATTEL, INC., a Delaware corporation )  MGA PARTIES' REPLY
                                     )   MEMORANDUM IN FURTHER
15               Defendant.          )   SUPPORT OF THEIR *EX PARTE*
                                     )   APPLICATION & MOTION FOR
16  _____      )   PARTIAL RELEASE OF *IN CAMERA*
                                     )   JUROR INTERVIEW TRANSCRIPTS;
17  AND CONSOLIDATED ACTIONS.        )
                                     )
18                                       Hearing Date: TBD
                                         Time: TBD
19

20

21

22

23

24

25

26

27

28

1    Predictably ignoring the MGA Parties' invitation to avoid wasting further time and

2    resources by submitting on the thorough briefing filed before the Ninth Circuit Court of

3    Appeals, Mattel filed an opposition that almost entirely regurgitates its Ninth Circuit

4    opposition brief, which was submitted with the MGA Parties' *ex parte* application and

5    motion for the Court's consideration. (6/30/09 del Castillo Dec. Ex. 2.)  Mattel's arguments

6    were fully addressed – and refuted – in the MGA Parties' reply brief filed in the Ninth

7    Circuit.  Consequently, in the interest of expediency and efficiency, the MGA Parties will

8    not reiterate their response to Mattel's opposition here and instead incorporate by reference

9    their Reply filed with Ninth Circuit and respectfully request that this Court consider as

10   though it had been filed here. (Id. Ex. 3.)

11   The only argument made by Mattel in its current opposition that was not already

12   briefed before the Ninth Circuit is Mattel's contention that the MGA Parties' request for *ex*

13   *parte* relief is improper.  As Mattel is well aware from the MGA Parties' Ninth Circuit

14   briefing, the MGA Parties filed their Motion before the Ninth Circuit based on their entirely

15   reasonable belief that the issue of unsealing the transcripts of the juror interviews had

16   *already* been considered and rejected by this Court.  At the hearing on the MGA Parties'

17   Motion for Mistrial, the Court observed:

18       I know both counsel – and I recognize this at the outset – are at somewhat of a

19       disadvantage.  I have not released the transcripts of those in-camera juror

20       interviews.  You stipulated for the court to do it.  *I think counsel for MGA had*

21       *asked me to release them.*  But I'm holding off precisely because of the 606

22       issue, because there are questions and discussions with a juror that do touch

23       upon their deliberations, which I do not believe, legally or ethically, can or

24       should be disclosed.  But it puts the court in the awkward position of being the

25       sole possessor of the information.  *And I'm relating my findings, and the*

26       *record is there, of course, for the appellate courts to review no matter what the*

27       *outcome of this is; so I feel very convinced on those findings.*

28   Tr. 5693:11-24 (emphasis added).  Given this Court's acknowledgement that MGA had

1

1   asked – and the Court had declined – to release the transcripts, as well as this Court's stated
2   view that the Ninth Circuit was free to review the transcripts on appeal, the MGA Parties
3   reasonably believed it was appropriate to take the issue directly to the Ninth Circuit and
4   moved before the Ninth Circuit shortly after filing their appeal.   The Ninth Circuit's
5   decision to require formal, post-trial consideration of the issue upon written motion, as
6   reflected in its Order issued on Monday, June 29 (6/30/09 del Castillo Decl. Ex. 4),
7   unavoidably required the MGA Parties to seek expedited relief in light of the July 10, 2009
8   deadline for their opening appellate brief.  The MGA Parties moved *the next day* day for *ex*
9   *parte* relief before this Court.   Under these circumstances, Mattel's suggestion that the
10  MGA Parties are not entitled to *ex parte* relief is simply wrong, as is their suggestion that
11  MGA should have filed a request sooner.

12       The MGA Parties thus respectfully request that the Court consider their motion on an
13  expedited basis and partially unseal the juror interview transcripts to allow review by the
14  MGA Parties and their counsel before their opening appellate brief is filed on July 10, 2009.

16  DATED:  July 2, 2009          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

17                               By:  _____/s/ Thomas J. Nolan_____
18                                         Thomas J. Nolan
19                                    Attorneys for the MGA Parties

MGA Parties' Reply ISO *Ex Parte* Appl. & Motion For Partial Release Of *In Camera* Juror Interview Transcripts
Case No. CV 04-9049 SGL (RNBx)