EXHIBIT A

**From:** Scott Watson [scottwatson@quinnemanuel.com]
**Sent:** Wednesday, July 01, 2009 7:03 PM
**To:** Caroline Mankey
**Cc:** Joel Klevens; 'Benson, Patricia'; Devin McRae; Michael T Zeller; Dylan Proctor; Scott Watson
**Subject:** RE: Mattel v. MGA

Caroline:

I appreciate you getting back to me.

The suggestion that our requested relief was inappropriate for an ex parte is simply incorrect. There was no other way for us to bring this to the Court's attention prior to having to respond substantively. In light of that, an ex parte application was both appropriate and necessary.

Moreover, your proposal does nothing to cure the defect we raised in our papers. The Court expressly told the parties at the May 18 hearing that it did not want to address cost-shifting issues at this time. Ms. Glaser even reiterated the Court's instruction in this regard. A proposal that the parties set a briefing schedule on these issues does nothing to cure the fact that MGA's cost-shifting request is both premature and directly contrary to the Court's unambiguous direction.

Best,

Scott

---

**From:** Caroline Mankey [mailto:cmankey@glaserweil.com]
**Sent:** Wednesday, July 01, 2009 5:32 PM
**To:** Scott Watson
**Cc:** Joel Klevens; 'Benson, Patricia'; Devin McRae
**Subject:** RE: Mattel v. MGA

Scott:

The concensus from my team is that: (1) the ex parte relief Mattel seeks--essentially permission not to respond to a substantive argument on the purported ground that the argument is premature--does not nearly qualify as "extraordinary relief" within the meaning of Central District case law and Judge Larson's Standing Order (¶ 6: "Counsel are reminded that ex parte applications are solely for extraordinary relief"); (2) rather than wasting the parties' and the Court's time and expense on ex parte motion practice, Mattel should file a substantive response in which it can include its ripeness argument; (3) in exchange for not putting everyone to the unnecessary expense of responding to an unnecessary ex parte motion, we will not argue that Mattel first needs leave of court to respond to our opposition to the temporary receiver's ex parte regarding the final accounting; and (4) we are willing to stipulate to a reasonable response date for Mattel's opposition/response (such as one week from today) and a reply date for us (one week from the service of Mattel's opposition/response).

If Mattel is amenable to this proposal, please prepare a proposed stipulation for my signature.

Thank you,
Caroline

Caroline H. Mankey
Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

7/2/2009

T: (310) 556-7874
F: (310) 556-2920
E-mail: cmankey@glaserweil.com
This message and any attached documents may contain information from the law firm of Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Scott Watson [mailto:scottwatson@quinnemanuel.com]
**Sent:** Wednesday, July 01, 2009 4:00 PM
**To:** Caroline Mankey
**Subject:** Mattel v. MGA

Caroline,

Did you have an opportunity to talk to your team about my request?

Best,

Scott

**Scott Watson**
**Quinn Emanuel Urquhart Oliver & Hedges LLP.**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3203 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
scottwatson@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

7/2/2009