QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>**REPLY IN SUPPORT OF MATTEL'S *EX PARTE* APPLICATION FOR AN ORDER THAT MATTEL NEED NOT RESPOND TO MGA'S IMPROPER REQUEST TO SHIFT THE COSTS OF THE TEMPORARY RECEIVER**<br><br>Hearing Date:   TBD<br>Time:           TBD<br>Place:          Courtroom 1<br><br>Discovery Cut-off:  December 11, 2009<br>Pre-trial Conference:  March 1, 2010<br>Trial Date:  March 23, 2010 |

07975/2995061.3

**Preliminary Statement**

MGA does not dispute that the Court considered and rejected the very argument it makes now—that costs should be shifted to Mattel and that this issue is ripe for determination. Yet it offers no persuasive explanation why it should be permitted to ignore the Court's direction and seek reconsideration just a month later. Nothing has changed since May 18. MGA should not be permitted to ignore the Court's determination and force Mattel to brief issues that cannot and should not be resolved at this time, let alone through an improper request in an opposition brief to another *ex parte* that Mattel did not even bring.

## I. MGA DOES NOT JUSTIFY RECONSIDERATION OF THIS COURT'S INSTRUCTION THAT COST-SHIFTING REQUESTS ARE PREMATURE

MGA makes no serious attempt to justify seeking reconsideration of the Court's May 18 determinations in opposition to an *ex parte*. It tersely claims that Mattel presents an "incomplete and misleading" record of the May 18, 2009 hearing, then quotes a lone, out-of-context snippet of text from that hearing. (MGA Opp. at 4.) MGA's own lead counsel, however, understood and reiterated on May 18 that determinations on cost-shifting would be made "down the line."[1] When MGA's counsel requested that receivership costs be "re-allocated sooner than later,"[2] the Court expressly rejected that proposal:

> The concern I would have of doing that earlier as opposed to later is that, to me, doing it later, the Court will have the benefit of reflecting on what actually has happened, what actually has played out. I've received a lot of representations; I've received a lot of statements as to what things are,

---

[1] May 18, 2009 Hearing Tr. ("Hearing Tr.") at 124:9. Relevant excepts from the May 18 Hearing Transcript were attached as Exhibit 2 to the Declaration of Scott L. Watson, filed concurrently with Mattel's *Ex Parte* Application.

[2] May 18 Hearing Tr. at 80:6.

what things aren't.  But I don't know at this point.  And I would think that would be a better decision.[3]

MGA does not and cannot argue that the Court is in a better position to "know" "what actually has happened" now than it was on May 18.  All it argues is that the Court now has the alleged benefit of authority MGA purports to cite. (MGA Opp. at 4.)  But nothing has resolved the factual matters that formed the basis of the Court's rejection of MGA's request to hear cost-shifting issues.  Mattel should not be forced to respond to MGA's improper demand for reconsideration, particularly given that it was not even made as a proper motion in the first place, but only in an opposition to an *ex parte* brought by the Receiver.[4]

## II. MATTEL'S *EX PARTE* IS APPROPRIATE

Contrary to MGA's complaint, only *ex parte* relief can avoid the harm to Mattel of responding to MGA's improper motion for reconsideration and to cure MGA's disregard of this Court's directive at the May 18 hearing.  A noticed motion by Mattel would be moot by the time it was heard.  That is prejudice enough to warrant *ex parte* relief.

If anything, MGA's arguments about the impropriety of *ex parte* relief only serves to underscore the impropriety of MGA's own request for cost-shifting.  It was, after all, brought in the context of an MGA opposition that itself seeks *ex parte*

---

[3] May 18 Hearing Tr. at 80:14-20.

[4] MGA claims that seeking reconsideration in opposition to an *ex parte* is an appropriate procedure because that's how the issue of cost-shifting was resolved in the (unpublished) decision in United States v. Guess, 2007 WL 1819382 (S.D. Cal. June 28, 2005).  MGA ignores, however, that the Local Rules of this Court—which indisputably require a motion and notice of motion—cannot be trumped by whatever procedures an out-of-District court chose to follow in another case.  Furthermore, this Court already stated it intends to set a time and a schedule for addressing cost-shifting issues.  What happened in Guess does not provide MGA license to ignore this Court's directive.

relief without basis since nowhere does MGA attempt to show it would suffer prejudice by proceeding on a regularly noticed motion.

Mission Power, cited by MGA, supports requiring MGA to bring a regularly noticed motion. As that decision explained, the Rules "contemplate that regular noticed motions are most likely to produce a just result" and provide "[t]imetables for the submission of [pleadings] and for the setting of hearings [which are] are intended to provide a framework for the fair, orderly, and efficient resolution of disputes." Mission Power Engineering Co. v. Continental Cas. Co., 883 F.Supp. 488, 491 (C.D. Cal. 1995). These are precisely the precepts that MGA's improper attempt to seek reconsideration through an *ex parte* opposition violated. The Court already said that it will "afford[] leave to all of the parties to file motions related to potential cost shifting, for any of the costs that were incurred as a result of the Court appointments."[5] Rather than seek such leave, or bring a noticed motion as mandated by the Rules, MGA seeks reconsideration in an improper, tactical fashion—leaving Mattel with two choices: 1) expend substantial effort to brief an issue that the Court has already told the parties is premature for resolution and that MGA did not properly bring as a noticed motion; or 2) seek *ex parte* relief. It thus is MGA's improper request for reconsideration, in violation of this Court's instructions and the Local Rules, that has forced Mattel's application, not a lack of respect for the Rules by Mattel.

## III.   MGA CANNOT SELECTIVELY WAIVE PRIVILEGE

MGA offers to share the privileged communications it relies upon, provided that its voluntary disclosure to Mattel would not constitute waiver. (MGA Opp. at 5.) MGA's selective disclosure, however, is what waived the attorney-client privilege. See U.S. v. Reyes, 239 F.R.D. 591, 603 (N.D. Cal. 2006 ("Parties 'cannot be permitted to pick and choose' in their disclosure of protected communications, 'waiving the privilege for some and resurrecting the claim of confidentiality to obstruct

---

[5] May 18 Hearing Tr. at 56:5-6, 56:8-11.

others.'") (citation omitted). Nor does MGA's offer to share these privileged communications with Mattel—to engage in yet another selective waiver—cure MGA's waiver. To the contrary, by voluntarily submitting privileged material to the Court to support its litigation position (as opposed to support the assertion of privilege), MGA waived the privilege. ICU Medical, Inc. v. Alaris Medical Systems, Inc., 2007 WL 6137003, at *13 (declarations containing privileged material submitted *in camera* was a "selective waiver"); S.E.C. v. Lavin, 111 F.3d 921, 933-34 (D.C. Cir. 1997). These documents therefore must be disclosed to Mattel, and Mattel should have them before having to respond to MGA's cost-shifting request.[6]

DATED: July 2, 2009            QUINN EMANUEL URQUHART OLIVER &
                               HEDGES, LLP


                                By /s Michael T. Zeller
                                   Michael T. Zeller
                                   Attorneys for Mattel, Inc.

---

[6] MGA does not seriously contest Mattel's alternative request that, if the Court considers MGA's request, Mattel should be afforded an opportunity to bring its own cost-shifting motions that should be heard at the same time. Instead, in a footnote, MGA casts aspersions on the request as not "sincere" because—hours after refusing any resolution of the issues here to avoid this *ex parte* and while Mattel was in the process of filing its *ex parte*—MGA sent a last-minute email with a vague proposal on scheduling. MGA's belated proposal, however, missed the point and was substantively inadequate because it offered to extend the briefing schedule on Mattel's response to MGA's improper *ex parte* opposition, not on other cost-shifting motions that in fairness should be heard together.