QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>  Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To be heard by Discovery Master Robert C. O'Brien]**<br><br>DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL'S OPPOSITION TO MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS FROM MGA'S SECOND AND FIFTH SETS OF REQUESTS FOR PRODUCTION AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES<br><br>Date:   July 8, 2009<br>Time:  10:00 a.m.<br>Place:  Arent Fox LLP<br>           555 West Fifth St.<br>           48th Floor<br>           Los Angeles, CA  90013<br><br>**Phase 2**<br>Discovery Cut-off:          Dec. 11, 2008<br>Pre-Trial Conference:     March 1, 2009<br>Trial Date:                      March 23, 2009 |

07975/2996837.1

-1-

PROCTOR DECLARATION

# DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I submit this declaration in further support of Mattel's opposition to MGA's Motion To Compel Production of Documents and Things From MGA's Second and Fifth Sets of Requests for Production and Responses to MGA's Second Set of Interrogatories (the "Motion"), which the Discovery Master has scheduled to hear on July 8, 2009, and to apprise the Discovery Master of recent developments pertaining thereto.

3. As the Discovery Master knows from Mattel's opposition to MGA's Motion, Mattel initially agreed in April 2009 to supplement its responses to previously-served interrogatories (Nos. 20, 21, 22, 23, 28 and 29) pursuant to MGA's requests. These interrogatories had been served during discovery prior to the Phase 1 trial. At that time (i.e., prior to the Phase 1 trial), Mattel served only objections to Interrogatory Nos. 20, 21, 22, 23 and 28 because MGA had exceeded its allotted interrogatories under the then-applicable limits for interrogatories set by Judge Larson. That is, Mattel substantively answered Interrogatory No. 29 (and many other interrogatories not at issue here) pursuant to MGA's request, but did not substantively answer Interrogatory Nos. 20, 21, 22, 23 and 28 because MGA had exceeded the Court-imposed limits on the number of interrogatories defendants could serve (at the time, the limit was 50). MGA did not move to compel substantive responses to Interrogatory Nos. 20, 21, 22, 23 and 28 after Mattel explained that MGA had exceeded the applicable limits. Thus, to date these interrogatories have never been answered.

1       4.      After the Court increased the number of interrogatories that the
2  parties could serve (which provided defendants 25 additional interrogatories) earlier
3  this year, MGA asked Mattel to provide substantive responses to these never-before-
4  answered interrogatories, as well as Interrogatory No. 29.  To avoid motion practice,
5  Mattel agreed to supplement its responses.  MGA then filed its Motion
6  notwithstanding that agreement.  Furthermore, MGA served additional "Phase 2"
7  interrogatories -- interrogatories that Mattel believes exceed the applicable limits on
8  interrogatories in light of the Court's prior rulings on how interrogatories are to be
9  counted.  After Mattel informed MGA several weeks ago that its latest set of
10 interrogatories put MGA over the applicable limits, MGA then took the position --
11 for the first time -- that Mattel's supplemental responses to the interrogatories MGA
12 served prior to the Phase 1 trial should not count towards the limits on
13 interrogatories, even where the interrogatories were never before substantively
14 answered.  See Mattel's Motion for Protective Order Regarding MGA's First Set of
15 Phase 2 Interrogatories at 4:1-5:3, dated June 29, 2009, a true and correct copy of
16 which is attached hereto as Exhibit 1.

17      5.      Mattel has now filed a motion for protective order seeking
18 guidance as to how MGA's excessive interrogatories should be counted.  Id.
19 However, this motion has not yet been set for hearing.

20      6.      While Mattel remains willing to supplement its responses to
21 Interrogatory Nos. 20, 21, 22, 23, and 28 pursuant to the parties' prior discussions,
22 Mattel believes these interrogatories and Mattel's responses thereto should count
23 towards the limits on interrogatories.  Accordingly, in light of MGA's recent
24 statement of its position to the contrary, Mattel advised MGA that it would not
25 supplement its responses to these interrogatories (Nos. 20, 21, 22, 23, and 28) unless
26 MGA would agree they would count towards the limits on interrogatories, and
27 advised that Mattel would supplement its responses as agreed if MGA would agree
28 they count.  See Letter from Michael Zeller to Caroline Mankey, dated July 3, 2008,

at 2, a true and correct copy of which is attached hereto as Exhibit 2.  To the best of my knowledge, Mattel has not received a response to this letter from MGA.

7. As noted above, Mattel did substantively respond to Interrogatory No. 29 prior to the Phase 1 trial.  Mattel agrees with MGA that supplemental responses to interrogatories that *were* previously answered (and hence have already been counted towards the limits on interrogatories) do not count as additional interrogatories for purposes of the limits (i.e., a single interrogatory that is answered once does not become a second interrogatory merely because supplemental responses to it are served).  Accordingly, Mattel has served a supplemental response to Interrogatory No. 29, as agreed.  Attached as Exhibit 3 is a true and correct copy of Mattel's Second Supplemental Response to Interrogatory No. 29 of MGA's Second Set of Interrogatories.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 7, 2009, at Los Angeles, California.


/s/ B. Dylan Proctor
B. Dylan Proctor