# EXHIBIT 1

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 |   John B. Quinn (Bar No. 090378)
    |   johnquinn@quinnemanuel.com
3 |   Michael T. Zeller (Bar No. 196417)
    |   (michaelzeller@quinnemanuel.com)
4 |   Jon D. Corey (Bar No. 185066)
    |   (joncorey@quinnemanuel.com)
5 | 865 South Figueroa Street, 10th Floor
    | Los Angeles, California 90017-2543
6 | Telephone: (213) 443-3000
    | Facsimile: (213) 443-3100

7 | Attorneys for Mattel, Inc.

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER REGARDING MGA'S FIRST SET OF PHASE 2 INTERROGATORIES; AND MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declarations of Marshall M. Searcy and Bridget A. Hauler filed concurrently herewith]<br><br>Date: TBD<br>Time: TBD<br>Place: Arent Fox LLP<br>      555 West Fifth St.<br>      48th Floor<br>      Los Angeles, CA<br>      90013<br><br>Discovery Cut-off: December 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

EXHIBIT ___1___
PAGE ___5___

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that, at a hearing before Discovery Master

3   Robert C. O'Brien that will occur on a date and at a time to be determined by the

4   Discovery Master, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move for a

5   protective order (1) finding that MGA Entertainment, Inc., Isaac Larian, MGAE de

6   Mexico, S.A. de C.V. and MGA Entertainment (HK) Ltd. ("the MGA Parties") have

7   exceeded their allotted interrogatories; and (2) granting Mattel relief from answering

8   MGA's First Set of Phase 2 Interrogatories and Request Nos. 69, 70, 71, 72, 73, 74,

9   75, 76, 80, 82, 84, 85, 90, 93, 98, 107 and 108 of MGA's Second Set of Phase 2

10  Requests for Production.

11        This Motion is made pursuant to <u>Federal Rule of Civil Procedure</u> 26(c)

12  and the Order appointing the Discovery Master on the grounds that the MGA Parties

13  have served more than the 75 Interrogatories they were allotted by the District

14  Court's Orders; the MGA Parties have refused to withdraw interrogatories so as to

15  comply with the District Court's Orders; and the Requests for Production are

16  inextricably intertwined with the Interrogatories.

17        This Motion is based on this Notice of Motion and Motion, the

18  accompanying Memorandum of Points and Authorities, the Declarations of Marshall

19  M. Searcy and Bridget A. Hauler filed concurrently herewith, the records and files

20  of this Court, and all other matters of which the Court may take judicial notice.

21

22

23

24

25

26

27

28

EXHIBIT ___1___
PAGE ___6___

07975/2986195.4

i

MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER

1

**Conference of Counsel**

2          The parties met and conferred concerning the issues regarding this

3    motion on June 19, 2009 and dates thereafter.

4

5    DATED:  June 29, 2009              QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
6

7                                       By/s/ Marshall M. Searcy
                                          Marshall M. Searcy
8                                         Attorneys for Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ____1____

PAGE ____7____

07975/2986195.4

-ii-

1

## **TABLE OF CONTENTS**

2                                                                                                              **Page**

3

4    Preliminary Statement ............................................................................................... 1

5    Statement of Facts ...................................................................................................... 2

6    Argument ..................................................................................................................... 6

7    I.    BECAUSE DEFENDANTS HAVE FAR EXCEEDED THEIR
          ALLOTTED INTERROGATORIES IN THIS CASE, A
8         PROTECTIVE ORDER IS APPROPRIATE.................................................. 6

9         A.    Discrete Subparts Of An Interrogatory Count As Separate
                Interrogatories ................................................................................... 6
10
          B.    Defendants' Interrogatories Are Compound ......................................... 9
11
          C.    MGA Has Exceeded Its Allotted Interrogatories................................. 13
12
13   II.   MATTEL WILL BE UNDULY BURDENED IF IT IS REQUIRED
          TO ANSWER THE INTERROGATORIES AND REQUESTS IN
14        QUESTION............................................................................................... 15

     Conclusion ................................................................................................................ 15

15

16

17

18

19

20

21

22

23

24

25

26

27                                                    **EXHIBIT** ___1___

28                                                    **PAGE** ___8___

# TABLE OF AUTHORITIES

**Page**

### Cases

Hamilton v. State Farm Fire & Cas. Co.,
  270 F.3d 778 (9th Cir. 2001) ................................................................. 9

Helfand v. Gerson,
  105 F.3d 530 (9th Cir. 1997) ............................................................... 9

Pegram v. Herdrich,
  530 U.S. 211 (2000) ............................................................................. 9

### Statutes

Fed. R. Civ. P. 26(c) ............................................................................. 6

Fed. R. Civ. P. 33 ................................................................................. 4

Fed. R. Civ. P. 33(a) ............................................................................ 6

EXHIBIT ___1___
PAGE ___9___

MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER

07975/2986195.4

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Mattel respectfully seeks an order protecting it from having to answer the MGA Parties' excessive and improper interrogatories. Under legal rulings obtained by the MGA Parties and pursuant to legal principles urged by them, interrogatories that contain discrete subparts, including interrogatories that address separate and distinct legal theories and/or discrete factual matters, count as multiple interrogatories even if numbered as one. Defendants have far exceeded the number of interrogatories they were allotted under these principles. Accordingly, the Discovery Master should order that Mattel need not respond to MGA's "First" Set of Phase 2 Interrogatories (as well as related requests for production) and specifying the number of interrogatories the MGA Parties still have available, if any. With the benefit of the Discovery Master's guidance, the MGA Parties can then serve a revised set of interrogatories that does not exceed the limits set by the Court, assuming they may serve any additional interrogatories.[1]

Prior to the Phase 1 trial, the Court ordered that Defendants may serve up to 50 interrogatories on Mattel. Defendants served 51 numbered interrogatories

---

[1] There is precedent for this procedure in this case, established by MGA itself. In July 2007, MGA moved for a protective order that it need not answer Mattel's interrogatories, claiming that the 46 numbered interrogatories that Mattel had served as of that date really were, "conservatively, 227 separate interrogatories." See Joint Motion for Protective Order Regarding Mattel's Interrogatories, dated July 10, 2007, at 3:17-19, 5:19-21, attached as Exhibit 30 to the Declaration of Marshall M. Searcy III ("Searcy Dec."), dated June 29, 2009 and filed concurrently herewith. Although the Discovery Master rejected nearly all of MGA's specific counting arguments, he found that Mattel's pending set of interrogatories did put Mattel slightly over the then-applicable limit of 50, and required Mattel to serve an amended set of interrogatories that did not exceed that limit. See Order Granting Joint Motion for Protective Order Regarding Mattel's Interrogatories; Denying Mattel's Motion to Compel Interrogatory Responses ("Sep. 2007 Order"), dated September 5, 2007, Searcy Dec., Exh. 29.

EXHIBIT ___1___
PAGE ___10___

-1-

1  that, because many were compound, far exceeded the limits set by the Court.

2  Accordingly, Mattel objected to Defendants' excessive interrogatories, but offered

3  to respond to 7 of the 21 numbered interrogatories then pending in MGA's Second

4  Set of Interrogatories and Bryant's Second Set of Interrogatories (Mattel had already

5  responded to several prior sets served by MGA and Bryant).  Rather than litigate the

6  counting issue (and obviously recognizing what the outcome of such a fight would

7  be), MGA agreed that Mattel need only answer those seven interrogatories.

8        Following the Phase 1 trial, the Court gave each side another 25

9  interrogatories.   MGA then demanded that Mattel answer many of the

10  interrogatories from its Second Set that had gone unanswered prior to the Phase 1

11  trial.  Because Defendants had been allotted 25 more interrogatories, Mattel agreed.

12  Now, however, MGA has served an additional set of interrogatories that once again

13  clearly exceeds the limits imposed by the Court.  Because MGA may not serve more

14  interrogatories than it has been allotted, the Discovery Master should issue a

15  protective order.

16                       **Statement of Facts**

17        <u>Defendants Exceed the Limits on Interrogatories Prior to the Phase 1</u>

18  <u>Trial.</u>  In early 2007, the Court set the total number of interrogatories "per side" at

19  50 interrogatories for the consolidated case <u>Carter Bryant v. Mattel, Inc.</u>, CV 04-

20  9049 SGL (RNBx).[2]  Although trial was bifurcated between Phase 1 and Phase 2,

21  discovery was not bifurcated.[3]  Thus, the parties served discovery relating to both

22  Phase 1 and Phase 2 prior to the Phase 1 discovery cut-off of January 28, 2008.

23

24

25

26  [2]  <u>See</u> Minute Order of February 27, 2007, Searcy Dec., Exh. 1.

27  [3]  <u>See</u> Hearing Transcript, dated June 19, 2007, at 19:22-23 ("And the record as it exists has no bifurcated discovery.  End of story."), Searcy Dec., Exh. 2.

28

EXHIBIT ___1___

PAGE ___11___

-2-

MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER

1  Carter Bryant served a total of 20 numbered interrogatories on Mattel (in two sets),[4]

2  and the MGA Parties served a total of 31 numbered interrogatories on Mattel (in

3  three sets).[5]  Many of the 51 interrogatories served by Bryant and the MGA Parties

4  consisted of compound interrogatories and, thus, the 51 numbered interrogatories

5  were, in actuality, far in excess of that number.[6]

6              The Parties Meet and Confer on Defendants' Excessive Interrogatories.

7  On January 3, 2008, Mattel requested that the parties meet and confer because

8  Defendants had exceeded the number of interrogatories they were allotted.[7]

9  Following that conference, Mattel offered to answer seven numbered

10  interrogatories, to be identified by MGA, in addition to the 25 numbered

11  interrogatories that Mattel had already answered.[8]  MGA identified Interrogatory

12  No. 20 from Bryant's Second Set of Interrogatories and Interrogatory Nos. 12, 18,

13  19, 29, 30 and 31 from MGA's Second Set of Interrogatories.[9]  In March 2008,

14  Mattel served supplemental responses to those interrogatories, as promised.[10]

15

16      [4]  See Defendant's First Set of Interrogatories Propounded on Plaintiff, dated
17  June 13, 2004; Bryant's Second Set of Interrogatories to Mattel, Inc., dated
     December 26, 2007, Searcy Dec., Exhs. 3-4.
18      [5]  See MGA's First Set of Interrogatories to Mattel, dated February 4, 2005;
19  MGA's Second Set of Interrogatories to Mattel, dated December 4, 2007; MGA's
     Amended Supplemental Interrogatory to Mattel, Inc. Re Its Affirmative Defenses,
20  dated December 6, 2007, Searcy Dec., Exhs. 5-7.
        [6]  See January 3, 2008 letter from B. Dylan Proctor to Michael H. Page and
21  Thomas J. Nolan ("January 3 Proctor Letter"), Searcy Dec., Exh. 8.
22      [7]  Id.
        [8]  See January 17, 2008 letter from B. Dylan Proctor to Robert J. Herrington
23  ("January 17 Proctor Letter"), Searcy Dec., Exh. 9.  Mattel and the MGA Parties
24  each reserved the right to go to the Court for further relief.  Id.  However, no party
     moved on the outstanding interrogatories.
25      [9]  See Email from Robert Herrington to Dylan Proctor, copy to Matthew
26  Werdegar, dated January 17, 2008, Searcy Dec., Exh. 31.
        [10]  See Mattel's Supplemental Response to Bryant's Second Set of
27  Interrogatories, dated March 4, 2008, attached as Exhibit 5 to the Declaration of
28      (footnote continued)

EXHIBIT ____(____

PAGE ____12____

1         <u>The Court Grants Leave To Serve Additional Discovery.</u>   In February

2    2009, following the Phase 1 trial, the Court ruled that each side would be allowed

3    additional discovery for Phase 2 of this litigation, consistent with the <u>Federal Rules</u>

4    <u>of Civil Procedure</u> and <u>Local Rule</u> 37.[11]   <u>Fed. R. Civ. P.</u> 33 states that "a party may

5    serve on any other party no more than 25 written interrogatories, including all

6    discrete subparts."     Thus, Defendants now were allowed an additional 25

7    interrogatories, for a total of 75.

8         <u>Mattel Agrees To Respond To Additional MGA Interrogatories.</u>   After

9    the Court provided the parties with additional interrogatories, MGA demanded, in

10   March 2009, that the parties meet and confer regarding MGA's Second Set of

11   Interrogatories, served in 2007, and demanded that Mattel supplement its responses

12   to Interrogatory Nos. 20, 21, 22, 23, 28 and 29 from that set.[12]   Among other

13   objections, Mattel had objected, in early 2008, that these interrogatories exceeded

14   Defendants' allotted limit and that certain of them were compound.[13]   Because the

15   interrogatories had exceeded the previously-applicable 50 interrogatory limit, Mattel

16   previously had served only objections to most of them (Interrogatory Nos. 20, 21,

17   22, 23 and 28).     However, because the Court gave each side additional

18   interrogatories, Mattel agreed upon MGA's requested to supplement its responses to

19   Interrogatory Nos. 20, 21, 22, 23, 28 and 29 of MGA's Second Set of

20

21   Bridget A. Hauler ("Hauler Dec."), dated June 26, 2009 and filed concurrently
herewith; Mattel's Supplemental Responses to MGA's Second Set of

22   Interrogatories, dated March 5, 2008; Hauler Dec., Exh. 2.

23     [11]   <u>See</u> Hearing Transcript, dated February 11, 2009, at 102:12-21, Searcy Dec.,
Exh. 15.

24     [12]   <u>See</u> March 25, 2009 letter from Carolyn H. Mankey to Jon D. Corey and

25   Michael T. Zeller ("March 25 Mankey Letter"), Searcy Dec., Exh. 16.
  [13]   <u>See</u> Mattel's Supp. Responses to MGA's Second Set of Interrogatories at

26   Response to Interrogatory No. 29, Hauler Dec., Exh. 2; <u>see also</u> Mattel's Responses

27   to MGA's Second Set of Interrogatories, dated January 3, 2008, at Responses to
Interrogatory Nos. 20, 21, 22, 23 and 28, Searcy Dec., Exh. 13.

28

EXHIBIT ___1___

PAGE ___13___

1 Interrogatories.[14]   Despite the parties' agreement, MGA then moved to compel

2 Mattel to supplement its responses to these interrogatories anyway; that motion is

3 currently pending before the Discovery Master.[15]

4        MGA Serves Excessive Interrogatories.   On April 14, 2009, MGA

5 served so-called "Phase 2" discovery, including the discovery that is the subject of

6 this motion -- MGA's First Set of Phase 2 Interrogatories and MGA's Second Set of

7 Phase 2 Requests for Production.[16]   Mattel served responses, objecting to the

8 interrogatories on (among other grounds) the basis that Defendants have again

9 exceeded the number of interrogatories they have been allotted.[17]

10        MGA requested that Mattel meet and confer regarding its responses to

11 this so-called Phase 2 discovery on May 21, 2009.[18]   The Court stayed discovery

12 that same day.[19]   The parties met and conferred regarding the discovery, including

13 the interrogatories and requests for production, once the stay was lifted.[20]   The

14 parties were unable to reach agreement regarding how MGA's interrogatories

15

16

17    [14]   See April 16, 2009 letter from Diane C. Hutnyan to Caroline H. Mankey ("April 16 Hutnyan Letter"), at 3, Searcy Dec., Exh. 17.

18    [15]   See Searcy Dec., ¶ 19.

19    [16]   See MGA's First Set of Phase 2 Interrogatories, MGA's Second Set of Phase 2 Requests for Production, Searcy Dec., Exhs. 18-19.

20    [17]   See Mattel's Responses to MGA's First Set of Phase 2 Interrogatories, dated

21 May 18, 2009; Mattel's Responses to MGA's First Set of Phase 2 Requests for Production, dated May 18, 2009, Searcy Dec., Exhs. 20-21.

22    [18]   See May 21, 2009 letter from Jean Pierre Nogues to Marshall M. Searcy

23 ("May 21 Nogues Letter"), Searcy Dec., Exh. 22.

   [19]   See Court's Order, dated May 21, 2009, Searcy Dec., Exh. 24.

24    [20]   See June 17, 2009 letter from Mr. Nogues to Mr. Searcy ("June 17 Nogues

25 Letter"); June 18 letter from Mr. Searcy to Mr. Nogues ("June 18 Searcy Letter"); June 22 letter from Mr. Searcy to Mr. Nogues ("June 22 Searcy Letter"); June 24

26 letter from Mr. Nogues to Mr. Searcy ("June 24 Nogues Letter"); and June 26 letter

27 from Mr. Searcy to Mr. Nogues ("June 26 Searcy Letter"); Searcy Dec., Exhs. 23, 25-28.

28

EXHIBIT ___1___

PAGE ___14___

1  should be counted and the total number allowed, and MGA was unwilling to limit

2  its interrogatories in any way.[21]

3  **Argument**

4  **I.    BECAUSE DEFENDANTS HAVE FAR EXCEEDED THEIR**

5  **ALLOTTED INTERROGATORIES IN THIS CASE, A PROTECTIVE**

6  **ORDER IS APPROPRIATE**

7         Federal Rule of Civil Procedure 26(c) provides that "the court in which

8  the action is pending may make any order which justice requires to protect a party or

9  person from annoyance, embarrassment, oppression, or undue burden or expense,

10  including that certain matters not be inquired into, that the scope of the disclosure or

11  discovery be limited to certain matters, or that a trade secret or other confidential

12  research, development, or commercial information not be revealed or be revealed

13  only in a designated way." Fed. R. Civ. P. 26(c). Defendants have served a total of

14  65 numbered interrogatories to date, many of which are compound; the actual

15  number of interrogatories served is far in excess of Defendants' allotted 75

16  interrogatories.[22] Accordingly, Mattel is entitled to a protective order, comparable

17  to the one previously obtained by MGA, providing that MGA should serve an

18  amended set of interrogatories within the limits set by the Court to which Mattel

19  may respond.

20  **A.    Discrete Subparts Of An Interrogatory Count As Separate**

21  **Interrogatories**

22         Pursuant to Fed. R. Civ. P. 33(a), "discrete subparts" of an

23  interrogatory are to be counted as separate interrogatories for purposes of the limits

24  on the number of interrogatories a party may serve.

25

26  _____

27  [21] June 26 Searcy Letter at 1, Searcy Dec., Exh. 28.

28  [22] See Defendants' Interrogatories, Searcy Dec., Exhs. 3-7, 18.

EXHIBIT **1**
PAGE **15**

MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER

1    The prior Discovery Master analyzed this rule of law in detail in 2007.
2    MGA had moved for a protective order in July of that year, urging that the 46
3    numbered interrogatories that Mattel had served as of that date actually counted as,
4    "conservatively, 227 separate interrogatories."[23]   The Discovery Master rejected
5    virtually all of Defendants' specific arguments regarding how Mattel's particular
6    interrogatories should be counted, including their assertions that one interrogatory
7    asking the responding party to state facts, identify all persons with knowledge of
8    such facts, and identify all documents referring or relating to such facts was
9    compound.[24]   However, the Discovery Master adopted Defendants' argument that
10   interrogatories that addressed "discrete issues" were compound.[25]   The Discovery
11   Master ruled that a handful of Mattel's interrogatories addressed separate and
12   discrete legal theories and/or discrete factual matters, and found that Mattel's 46
13   numbered interrogatories actually totaled more than 60.[26]

14    The Discovery Master explained his holding with reference to the
15   specific interrogatories that had been served by Mattel.  Thus, the Discovery Master
16   ruled that the following interrogatory constituted four separate interrogatories
17   because it was "directed to four separate and discrete defense theories:"

18              State all facts that support YOUR contention, if YOU so
19              contend, that one or more of MATTEL'S claims against
20              YOU in THIS ACTION is barred, in whole or in part, by
21              the doctrines of unclean hands, estoppel, waiver or
22              consent, and IDENTIFY all PERSONS with knowledge of

23

24

_____

25   [23]  See Joint Motion at 3:17-19, 5:19-21, Searcy Dec., Exh. 30.
26   [24]  See Sep. 2007 Order at 7:1-9, Searcy Dec., Exh. 29.
27   [25]  Id. at 7:11-12, 9:4-8.
28   [26]  Id. at 7:10-9:10.

EXHIBIT ___1___
PAGE ___10___

1        such facts and all DOCUMENTS that REFER OR

2        RELATE TO such facts.[27]

3 Similarly, the Discovery Master ruled that the following interrogatory consisted of

4 six discrete subparts -- three different legal contentions and two different factual

5 allegations – and thus equaled six interrogatories:

6        State all facts that support YOUR contention, if YOU so

7        contend, that YOU did not intentionally interfere with the

8        INVENTIONS AGREEMENT or any other agreement or

9        contract between MATTEL and BRYANT, or aid or abet

10        any breach of fiduciary duty or duty of loyalty owed by

11        BRYANT to MATTEL, when BRYANT purported to

12        TRANSFER and MGA purported to ACQUIRE rights to

13        BRATZ or when BRYANT performed work or services

14        with or for MGA while BRYANT was employed by

15        MATTEL, and IDENTIFY all PERSONS with knowledge

16        of such facts and all DOCUMENTS that REFER OR

17        RELATE TO such facts.[28]

18        Because Mattel had, under these standards, exceeded the 50

19 interrogatory limit, the Discovery Master granted Defendants' motion for protective

20 order and required Mattel to serve an amended set of interrogatories pursuant to his

21 ruling.[29]

22        The rule that interrogatories that address separate and discrete legal

23 theories and/or separate and discrete factual matters count as multiple interrogatories

24 applies now. This has been the rule in this case since MGA successfully urged it

25

26  [27]  <u>Id.</u> at 7:12-8:2.

27  [28]  <u>Id.</u> at 8:3-15.
    [29]  <u>Id.</u> at 7:10-9:2.

28

EXHIBIT ___1___

PAGE ___17___

07975/2986195.4

MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER

1    two years.  MGA obtained the benefits of the rule applied by the prior Discovery

2    Master, which it advocated; it cannot now distance itself from that rule.[30]

3    **B.   Defendants' Interrogatories Are Compound**

4              Applying the prior Discovery Master's ruling to the Interrogatories

5    served by Defendants, it is immediately apparent that many of the interrogatories are

6    compound.  To take some examples:

7              • **Bryant Interrogatory No. 6:**  "State all facts supporting YOUR

8                  claim that YOU have been damaged by any act or omission of

9                  Bryant."[31]

10    This Interrogatory, to which Mattel has responded, purports to require

11    Mattel to provide all facts supporting damages for each of its 10 discrete claims

12    against Bryant.

13

14    ─────────────────

15    [30]   To allow MGA to now argue otherwise, after receiving the benefit of the
prior ruling it demanded, would be inequitable and inconsistent with the principles

16    of judicial estoppel.  "Judicial estoppel is an equitable doctrine that precludes a party
from gaining an advantage by asserting one position, and then later seeking an

17    advantage by taking a clearly inconsistent position."  Hamilton v. State Farm Fire &

18    Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001).  The doctrine is invoked "not only to
prevent a party from gaining an advantage by taking inconsistent positions, but also

19    because of 'general considerations of the orderly administration of justice and

20    regard for the dignity of judicial proceedings,' and to 'protect against a litigant
playing fast and loose with the courts.'"  Id. (quoting Russell v. Rolfs, 893 F.2d

21    1033, 1037 (9th Cir. 1990)).  Judicial estoppel can apply to inconsistent positions

22    of law or fact.  See Helfand v. Gerson, 105 F.3d 530, 534-536 (9th Cir. 1997) ("The
integrity of the judicial process is threatened when a litigant is permitted to gain an

23    advantage by the manipulative assertion of inconsistent positions, factual or legal.")

24    Judicial estoppel can also apply within the continuing progress of a single action.

25    See Pegram v. Herdrich, 530 U.S. 211, 228 n. 8 (2000) ("Judicial estoppel generally
prevents a party from prevailing in one phase of a case on an argument and then

26    relying on a contradictory argument to prevail in another phase.").

27    [31]   See Interrogatory No. 6 to Defendants First Set of Interrogatories, Searcy
Dec., Exh. 3.

28

07975/2986195.4

-9-

MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER

EXHIBIT ___1___

PAGE ___18___

1   • **MGA Interrogatory No. 1:** "State all facts, with particularity,

2   and IDENTIFY all DOCUMENTS that support YOUR

3   contention, if YOU so contend, that YOU have suffered harm as

4   a result of any act or omission of MGA."[32]

5         Similarly, this interrogatory, to which Mattel has responded, purports to

6   require Mattel to disclose all facts supporting damages for each of Mattel's 15

7   claims against MGA in Mattel's Complaint in Case No. 04-9049 and in Mattel's

8   Third Amended Answer in Case No. 05-2727 (namely, Mattel's claims for unjust

9   enrichment, copyright infringement, violation of RICO, conspiracy to violate RICO,

10  misappropriation of trade secrets, breach of contract, intentional interference with

11  contract, breach of fiduciary duty, aiding and abetting breach of fiduciary duty,

12  breach of duty of loyalty, aiding and abetting breach of duty of loyalty, conversion,

13  unfair competition, avoidance of intentional and constructive fraudulent transfers

14  under Uniform Fraudulent Transfers Act, and declaratory relief).  Each of these

15  claims has distinct elements that Mattel must prove.

16        In addition, many of these claims involve, within them, a variety of

17  factual allegations and sub-theories.  For instance, Mattel's misappropriation of

18  trade secret claims is based on individual thefts across multiple countries involving

19  at least eight different former Mattel employees.[33]  Thus, counting Interrogatory No.

20  1 as only 15 interrogatories truly is "conservative."  Mattel has supplemented its

21

22

23

24

---

25  [32]   MGA's First Set of Interrogatories at Interrogatory No. 1, Searcy Dec., Exh.

26  5.

27  [33]   See Mattel, Inc.'s [Public Redacted] Third Amended Answer, dated May 22, 2009, at ¶¶ 28-98, 156-165, Docket No. 5597.

28

EXHIBIT ___I___

PAGE ___19___

MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER

1  response to this interrogatory multiple times; its most recent supplemental response

2  exceeds one hundred pages.[34]

3        • **Interrogatory No. 3:** "State, with particularity, the nature,

4        amount, cause and calculation of every item of YOUR alleged

5        damages, including, without limitation, general, actual and

6        statutory damages, restitution, disgorgement of unlawful profits,

7        lost profits, lost payments, lost revenues, lost monies, lost

8        royalties or license fees, reputational harm, lost relationships,

9        lost business opportunities, interest, attorneys' fees, costs,

10        expenses, and any other form of injury or damage or quantifiable

11        remedy that YOU seek to recover in this lawsuit."[35]

12        Interrogatory No. 3, to which Mattel has responded, is in actuality at

13  least ten interrogatories. It purports to require Mattel to provide facts relating to at

14  least ten unique, enumerated damage theories -- actual; statutory; restitution;

15  disgorgement; lost profits; reputational harm; lost relationships/business; interest;

16  attorneys' fees; and costs/expenses. Counting Interrogatory No. 3 as ten

17  interrogatories is also conservative in that this approach groups some of the different

18  damages theories and does not count separately each of the dozen plus unique

19  claims Mattel must apply when considering damages.

20        • **Interrogatory No. 4:** "State all facts, with particularity, and

21        IDENTIFY all DOCUMENTS that support YOUR contention, if

22

23

24

25  [34] See Mattel's Second Supplemental Responses to MGA's First Set of
Interrogatories at Second Supplemental Response To Interrogatory No. 1, Hauler

26  Dec., Exh. 1.

27  [35] MGA's First Set of Interrogatories at Interrogatory No. 3, Searcy Dec., Exh.
5.

28

EXHIBIT ____1____

PAGE ____20____

1        YOU so contend, that YOU are entitled to exemplary damages,
2        attorneys' fees and costs."[36]

3        Interrogatory No. 4, to which Mattel responded, is in actuality at least
4    three interrogatories in that it requires Mattel to provide facts relating to at least
5    three wholly distinct items -- exemplary damages, attorneys' fees and costs.

6        • **Interrogatory No. 18:** "STATE THE COMPLETE FACTUAL
7        BASIS FOR YOUR CONTENTION that any of the fashions
8        and/or accessories for the BRATZ line of dolls sold by MGA
9        violate or infringe any of MATTEL'S intellectual property and/or
10       proprietary rights."[37]

11       Interrogatory No. 18, to which Mattel responded, is at least two
12   different interrogatories because it addresses two distinct fact patterns -- whether
13   any Bratz fashions violate or infringe any of Mattel's intellectual property and/or
14   proprietary rights and whether any Bratz accessories do so.   Fashions are the
15   clothing that a fashion doll wears; accessories include items such as toy cars or toy
16   houses.  They are discrete factual items that count as discrete subparts.

17       • **Interrogatory No. 28:** "Describe in detail the complete factual
18       basis for YOUR COUNTERCLAIMS including, without
19       limitation all facts, DOCUMENTS, and witnesses that REFER
20       OR RELATE TO YOUR COUNTERCLAIMS."[38]
21       • **Interrogatory No. 29:**  "Describe in detail any estimate or
22       calculation of damage, loss, injury, or unjust enrichment, by
23       reason   of   any   act   or   omission   alleged   in   YOUR

---

[36] MGA's First Set of Interrogatories at Interrogatory No. 4, Searcy Dec., Exh. 5.

[37] MGA's Second Set of Interrogatories at Interrogatory No. 18, Searcy Dec., Exh. 6.

[38] Id. at Interrogatory No. 28.

EXHIBIT ___1___
PAGE ___21___

-12-

07975/2986195.4

1          COUNTERCLAIMS, that YOU have made or that has been

2          made on YOUR behalf or at YOUR request, including all facts,

3          DOCUMENTS or witnesses RELATING TO each estimate or

4          calculation."[39]

5        Each of Interrogatory Nos. 28 and 29 is in actuality 14 interrogatories

6 because each requires Mattel to address 14 distinct legal theories -- its 14

7 counterclaims.  Counting each of these interrogatories as only 14 interrogatories is

8 again a conservative approach because, as noted with respect to Interrogatory No. 1,

9 within each of Mattel's counterclaims live separate legal theories and factual

10 allegations that arguably should also count as individual interrogatories under the

11 Discovery Master's analysis, promoted by MGA, in the September 2007 Order.  To

12 date, Mattel has substantively responded to Interrogatory No. 29, and plans to

13 substantively respond to Interrogatory No. 28 pursuant to MGA's recent demands.

14     **C.**   **MGA Has Exceeded Its Allotted Interrogatories**

15        Accordingly, based on the counting approach that MGA itself has

16 urged, the conclusion that MGA has exceeded its allotted interrogatories is

17 unavoidable.  Based on the Court's Scheduling Order and the February 11 hearing,

18 Defendants were allotted 75 Interrogatories total.  Counting only the interrogatories

19 Mattel has answered to date, Mattel has provided substantive answers to 32

20 numbered interrogatories, which are in actuality at least 80 interrogatories.[40]  In

21 _____

22    [39]  Id. at Interrogatory No. 29.

23    [40]  See Mattel's Responses and Supplemental Responses, Hauler Dec., Exhs. 1-
5, Searcy Dec., Exhs. 10-13. Mattel has answered 17 numbered interrogatories

24 served by Bryant, including No. 6, which counts as at least 10 separate
interrogatories; thus, these 17 numbered interrogatories actually equal at least 26

25 interrogatories.  See Mattel's Responses and Supplemental Responses to Bryant's

26 First and Second sets of interrogatories, Hauler Dec., Exhs. 4 & 5, Searcy Dec.,
Exhs. 10 & 11. Mattel has answered 15 numbered interrogatories served by MGA,

27 including Nos. 1, 3, 4, 18 and 29, which count as 15, 10, 3, 2 and 14, respectively;

28 (footnote continued)

07975/2986195.4

EXHIBIT ___I___
PAGE ___22___

-13-

1  addition, Mattel has agreed to provide substantive answers to an additional five
2  numbered interrogatories served prior to the Phase 1 trial that Mattel previously had
3  refused to answer because they exceeded the Court's limitations; these five
4  interrogatories are equal to an additional 18 interrogatories.[41] Thus, MGA is already
5  far in excess of its allotted 75 interrogatories, not including *any,* let alone all, of the
6  14 numbered interrogatories in its "First" Set of Phase 2 Interrogatories.

7         During the meet and confer process, the MGA Parties argued that the
8  Court gave Defendants an additional 25 interrogatories at the February 11 hearing,
9  regardless of the number Defendants had served previously. Even if that were
10 correct, the MGA Parties are still in excess of the limit. After that hearing, MGA
11 requested, and Mattel agreed, to supplement its responses to six interrogatories,
12 including five to which Mattel had previously served only objections. These five
13 equal at least 18 actual interrogatories.[42] Therefore, even under MGA's theory the
14 nominally 14 "Phase 2" interrogatories served by MGA exceed the 25
15 interrogatories MGA was allotted for Phase 2; MGA is now demanding answers to
16 at least 32 separate and distinct interrogatories that have never been answered
17 before. At a minimum, the Discovery Master should compel the MGA Parties to

18

19 ─────────────────

20 thus these 15 numbered interrogatories actually constitute at least 54 actual
21 interrogatories. See Mattel's Responses and Supplemental Responses to MGA's
   Sets of Interrogatories, Hauler Dec., Exhs. 1-3, Searcy Dec., Exhs. 12 & 13.
22 [41] See April 16, 2009 letter, Searcy Dec., Exh. 17; see also MGA's Second Set
23 of Interrogatories at Interrogatory Nos. 20, 21, 22, 23, 28 and 29, Searcy Dec., Exh.
   6. Mattel substantively answered Interrogatory No. 29 -- one of the compound
24 interrogatories -- prior to the Phase 1 trial. However, Interrogatory No. 28 which is
25 one of the five numbered interrogatories that Mattel has agreed to answer since the
   discovery stay lifted in January, and which had not previously been answered,
26 constitutes 14 separate interrogatories, as discussed. Therefore, those five numbered
27 interrogatories actually equal at least 18 interrogatories.
   [42] See fn. 41.
28

EXHIBIT __1__
PAGE __23__

MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER

1  identify which seven, of the fourteen "Phase 2" interrogatories they have served,
2  they would like Mattel to respond to.

3  **II.    MATTEL WILL BE UNDULY BURDENED IF IT IS REQUIRED TO**
4  **ANSWER THE INTERROGATORIES AND REQUESTS IN**
5  **QUESTION**

6        Mattel already has served more than a thousand pages of responses to
7  MGA interrogatories served to date.[43]    These interrogatories seek expansive
8  information regarding Mattel's Phase 2 claims and damages theories.[44]  Mattel will
9  be unduly burdened if it has to answer additional interrogatories in excess of the
10  number allotted by the Court and the Federal Rules.  In addition, Mattel will be
11  unduly burdened if it is forced to respond to Requests for Production that are
12  inextricably intertwined with those Interrogatories, which is the case for all of the
13  Request for Production at issue in this motion – there is simply no way to comply
14  with them absent preexisting responses to the interrogatories now at issue since the
15  requests for production, by their terms, assume prior responses to the
16  interrogatories.[45]  The undue burden on Mattel caused by MGA's over-the-limits
17  discovery justifies a protective order.

18                        **Conclusion**

19        For the reasons set forth above, Mattel respectfully requests that the
20  Discovery Master issue a protective order (1) finding that the MGA Parties have
21  exceeded their allotted interrogatories; and (2) granting Mattel relief from answering

22
          —————————————
23  [43]  See Mattel's Responses and Supplemental Responses, Hauler Dec., Exhs. 1-5, Searcy Dec., Exhs. 10-13.
24  [44]  See, e.g., Interrogatory Nos. 28 and 29 of MGA's Second Set of
25  Interrogatories, Searcy Dec., Exh. 6.
    [45]  See, e.g., Request for Production No. 69 of MGA's Second Set of Phase 2
26  Requests for Production ("All DOCUMENTS identified, described or referenced in
27  YOUR response to INTERROGATORY NO. 1 or containing information that YOU
    used or to which YOU referred in formulating the response."), Searcy Dec., Exh. 19.
28

EXHIBIT ____1____
PAGE ____24____

1    MGA's First Set of Phase 2 Interrogatories and Request Nos. 69, 70, 71, 72, 73, 74,

2    75, 76, 80, 82, 84, 85, 90, 93, 98, 107 and 108 of MGA's Second Set of Phase 2

3    Requests for Production.

4

5    DATED:  June 29, 2009          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
6

7                                   By/s/ Marshall M. Searcy
                                       Marshall M. Searcy
8                                      Attorneys for Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___1___

PAGE ___25___

# EXHIBIT 2

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3180**

WRITER'S INTERNET ADDRESS
michaelzeller@quinnemanuel.com

July 3, 2009

**VIA FACSIMILE AND U.S. MAIL**

Caroline Mankey, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:   Bryant v. Mattel, Inc.

Dear Caroline:

I write regarding Interrogatory Nos. 20, 21, 22, 23, 28 and 29 of MGA's Second Set of Interrogatories.

As you know, MGA originally demanded that Mattel provide supplemental responses to these interrogatories before the Phase One trial.  Because MGA had exceeded the interrogatory limit that was applicable at that time, Mattel did not agree to do so (with the exception of Interrogatory No. 29 and other interrogatories not at issue here), and MGA did not move to compel.  Thus, these excessive interrogatories, which exceeded the applicable limits, went unanswered prior to the Phase One trial (again, with the exception of Interrogatory No. 29).

After Judge Larson allotted MGA 25 additional interrogatories earlier this year, MGA again requested that Mattel provide substantive responses.  Given the allotment of additional interrogatories, Mattel agreed to do so to avoid unnecessary motion practice.  Nevertheless, MGA then improperly moved to compel responses to these interrogatories notwithstanding Mattel's agreement.

EXHIBIT  2
PAGE  26

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL. (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, IL 60606 | TEL (312) 463-2961  FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG United Kingdom | TEL. +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL. +81 3 5561-1711  FAX +81 3 5561-1712

Only after MGA had obtained Mattel's agreement to supplement, MGA took the position, when discussing MGA's "First" Set of "Phase 2" Interrogatories, that Mattel's supplemental responses to Interrogatory Nos. 20, 21, 22, 23, 28 and 29 should not count (for some unexplained reason) towards MGA's allotted interrogatory limit.  MGA's position (which it had not previously disclosed) that Mattel's supplemental responses to interrogatories Mattel expressly refused to answer prior to the Phase One trial (because they were excessive) should not be counted in any way is indefensible.  As you know, Mattel has filed a motion for protective order seeking guidance as to how MGA's excessive interrogatories should be counted, and how many more such interrogatories, if any, Mattel must answer.

That motion, however, likely will not be heard for a number of weeks.  Thus, MGA's conduct has placed Mattel in an untenable position where it is now being told by MGA that supplemental responses Mattel intended to provide will not be counted towards the limits on interrogatories.  As long as MGA takes the position that Interrogatory Nos. 20, 21, 22, 23 and 28 do not count towards MGA's total allotted interrogatories, Mattel cannot provide supplemental responses as it had intended.

On the other hand, if MGA will agree that Mattel's supplemental responses to Interrogatory Nos. 20, 21, 22, 23 and 28 *will* count towards MGA's total allotted interrogatories (whether that is 75 overall, as Mattel believes is the case, or 25 for Phase 2, as MGA has argued), Mattel remains willing to standby its original offer to supplement.  If MGA wishes to so stipulate, please let me know.

Very truly yours,

Michael T. Zeller

MTZ
07975/2995478.1

2

EXHIBIT ___2___
PAGE ___27___

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

CHICAGO
250 South Wacker Drive, Suite 230
Chicago, IL 60606
(312) 463-2961
Facsimile: (312) 463-2962

LONDON
16 Old Bailey
London EC4M 7EG United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

TOKYO
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052 Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   July 3, 2009                          **NUMBER OF PAGES, INCLUDING COVER: 3**

| **NAME/COMPANY** | **PHONE NO.** | **FAX NO.** |
|---|---|---|
| Caroline Mankey<br>Glaser, Weil, Fink, Jacobs & Shapiro LLP | (310) 553-3000 | (310) 556-2920 |

**FROM:**    Michael T. Zeller
(213) 443-3180
michaelzeller@quinnemanuel.com

**RE:**    Bryant v. Mattel, Inc.

**MESSAGE:**

# EXHIBIT 2
# PAGE 28

07975/2995476.1

| | | ROUTE/ | | ☒ CONFIRM FAX |
| CLIENT # | 7975 | RETURN TO: | Tiffany Garcia | ☐ INCLUDE CONF. REPORT |

OPERATOR:                    CONFIRMED?   ☐ NO  ☐ YES: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

```
                    *********************
                    ***    TX REPORT    ***
                    *********************

        TRANSMISSION OK

        TX/RX NO                0152
        RECIPIENT ADDRESS       729*13105562920
        DESTINATION ID
        ST. TIME                07/03 15:58
        TIME USE                03'13
        PAGES SENT              3
        RESULT                  OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<table>
<tr>
<td><u>NEW YORK</u><br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>(212) 849-7000<br>Facsimile: (212) 849-7100</td>
<td colspan="2"><u>LOS ANGELES</u><br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>Facsimile: (213) 443-3100</td>
<td><u>SAN FRANCISCO</u><br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br>Facsimile: (415) 875-6700</td>
</tr>
<tr>
<td><u>SILICON VALLEY</u><br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065<br>(650) 801-5000<br>Facsimile: (650) 801-5100</td>
<td><u>CHICAGO</u><br>250 South Wacker Drive, Suite 230<br>Chicago, IL 60606<br>(312) 463-2961<br>Facsimile: (312) 463-2962</td>
<td><u>LONDON</u><br>16 Old Bailey<br>London EC4M 7EG United Kingdom<br>+44(0) 20 7653 2000<br>Facsimile: +44(0) 20 7653 2100</td>
<td><u>TOKYO</u><br>Akasaka Twin Tower Main Building, 6th Floor<br>17-22 Akasaka 2-Chome<br>Minato-ku, Tokyo 107-0052 Japan<br>+81 3 5561-1711<br>Facsimile: +81 3 5561-1712</td>
</tr>
</table>

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:** July 3, 2009

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Caroline Mankey<br>Glaser, Weil, Fink, Jacobs & Shapiro LLP | (310) 553-3000 | (310) 556-2920 |

**FROM:**   Michael T. Zeller
(213) 443-3180
michaelzeller@quinnemanuel.com

**RE:**   Bryant v. Mattel, Inc.

**MESSAGE:**

EXHIBIT __2__
PAGE __29__