QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>MATTEL, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MGA ENTERTAINMENT, INC.'S SECOND SET OF INTERROGATORIES |

**<u>Confidential -- Attorney's Eyes Only</u>**

**<u>Filed Under Seal Pursuant to Protective Order</u>**

PROPOUNDING PARTY:  MGA ENTERTAINMENT, INC.

RESPONDING PARTY:  MATTEL, INC.

SET NO.:  TWO (2)

07209/2997947.1

Exhibit 3
Page 30

MATTEL'S SECOND SUPP. OBJECTIONS & RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

## Preliminary Statement

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not completed discovery from the MGA Parties or any third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement these responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts or documents discovered or generated pursuant to subsequent investigation or discovery. Mattel's response to any of Defendant's Second Set of Interrogatories (the "Interrogatories") is not to be construed as a waiver of any of its objections or its right to object to any other discovery request.

## General Objections

Mattel generally objects to each of the Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual Interrogatory:

1.	Mattel objects to the Interrogatories on the grounds that they seek to impose obligations upon Mattel beyond those imposed by the <u>Federal Rules of Civil Procedure</u>.

2.	Mattel objects to the Interrogatories on the grounds and to the extent that they call for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, including the privilege against disclosure of the identities and work product of consulting experts. Such information and documents will not be produced.

3.	Mattel objects to the Interrogatories on the grounds that they call for production or disclosure of confidential, proprietary and/or private information,

Such information and documents will not be disclosed or produced except pursuant to and in reliance upon the operative protective order.

4. Mattel objects to the Interrogatories on the grounds that they seek the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control, including defendants, or are publicly available and hence equally available to all parties to this litigation.

5. Mattel objects to the Interrogatories on the grounds and to the extent that they call for information that is neither relevant to the claims or defenses in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

6. Mattel objects to the Interrogatories on the grounds that they are unduly burdensome, compound and oppressive, including in that they (1) purport to require Mattel to identify all facts -- which Defendants have refused to do -- and in conflict with the Court's Orders of February 15, 2008, February 20, 2008, and March 31, 2009, and (2) that they relate to multiple claims and discrete issues.

7. Mattel further objects to the Interrogatories on the grounds and to the extent that they purport to circumvent the expert disclosure provisions of the Federal and Local Rules. Such disclosures will be made in accordance with the requirements of, and at the times specified by, the Court's Orders and the Rules.

8. Mattel objects to the Interrogatories on the grounds and to the extent that they seek the disclosure of information or documents in violation of the terms of agreements or protective orders entered into with third parties, or in violation of the privacy, contractual, or other rights of third parties.

9. Mattel objects to the Interrogatories on the grounds that they are overbroad and vague and ambiguous, including with respect to the defined terms "IDENTIFY," "IDENTITY," "IDENTIFYING," and "STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION."

**Specific and General Responses**

Each of the following objections and responses to the Interrogatories is expressly made subject to the above Preliminary Statement and General Objections, all of which are incorporated in each of the following objections and responses to specific Interrogatories.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 29:**

Describe in detail any estimate or calculation of damage, loss, injury, or unjust enrichment, by reason of any act or omission alleged in YOUR COUNTERCLAIMS, that YOU have made or that has been made on YOUR behalf or at YOUR request, including all facts, DOCUMENTS or witnesses RELATING TO each estimate or calculation.

**RESPONSE TO INTERROGATORY NO. 29:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad and compound, including in that it purports to require Mattel to summarize all facts on these multiple subject, despite defendants' own refusals to answer interrogatories with the same or comparable language. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it purports to require Mattel to disclose the identity of consulting experts. The identity of any such experts will not be disclosed. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject

Exhibit 3
Page 33

1 to and in reliance upon the operative protective order.  Mattel further objects to this
2 Interrogatory on the grounds that it purports to circumvent the expert disclosure
3 provisions of the <u>Federal</u> and <u>Local Rules</u>.  Such disclosures will be made in
4 accordance with the requirements of, and at the times specified by, the Court's
5 Orders and the <u>Rules</u>.

7 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 29:**

8 In addition to the general objections stated above, Mattel specifically
9 objects to this Interrogatory on the grounds that it is unreasonably burdensome,
10 overbroad and compound, including in that it purports to require Mattel to
11 summarize all facts on these multiple subjects, despite defendants' own refusals to
12 answer interrogatories with the same or comparable language, and in conflict with
13 the Court's Orders of February 15, 2008 and February 20, 2008.  Mattel further
14 objects to this Interrogatory on the grounds that it calls for the disclosure of
15 information subject to the attorney-client privilege, the attorney work-product
16 doctrine and other applicable privileges.  Mattel further objects to this Interrogatory
17 on the grounds and to the extent that it purports to require Mattel to disclose the
18 identity of consulting experts.  The identity of any such experts will not be
19 disclosed.  Mattel further objects to this Interrogatory on the grounds that it purports
20 to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>.  Such
21 disclosures will be made in accordance with the requirements of, and at the times
22 specified by, the Court's Orders and the <u>Rules</u>.

23 Subject to and without waiving the foregoing general and specific
24 objections, Mattel responds as follows:

25 Mattel reserves the right to seek whatever damages are appropriate
26 based on the evidence at trial.  With respect to Mattel's Phase I claims and
27 counterclaims, Mattel's damages include, at a minimum and without limitation, all
28 profits obtained by counter-defendants that are attributable to the infringement of

1  Mattel's copyrights or other unlawful or improper conduct by counter-defendants.
2  Certain estimates of such damages are set forth in the Expert Report of Michael J.
3  Wagner, dated February 11, 2008, and any rebuttal or supplemental reports Mattel
4  will offer, which Mattel incorporates by reference as though fully set forth herein.
5  Documents relevant to the estimate of Mattel's damages have been attached to or
6  referred to in the Expert Report of Michael J. Wagner, and include, but are not
7  limited to, the following:  MGA 3719906 - MGA 3719921; MGA 3709925 - MGA
8  3709930; MGA 3710124 - MGA 3710131; MGA 3710419 - MGA 3710429; MGA
9  3710565 - MGA 3710582; MGA 3710834 - MGA 3710851; MGA 3713507 - MGA
10 3713524; MGA 3711608 - MGA 3711637; MGA 3720119 - MGA 3720122; MGA
11 3743395 - MGA 3743416; MGA 3743539; MGA 3743605; MGA 3709872 - MGA
12 3709873; MGA 3710008 - MGA 3710123; MGA 3710236 - MGA 3710245; MGA
13 3714340 - MGA 3714457; MGA 7341 - MGA 7351; MGA 7353 - MGA 7362;
14 MGA 3708300 - MGA 3708311; MGA 0863874- MGA 0863887; MGA 0863888 -
15 MGA 0863901; MGA 0868693 - MGA 0868706; MGA 0868707 - MGA 0868722;
16 MGA 0236491 - MGA 0236504; MGA 3708470 - MGA 3708580; MGA 3787372 -
17 MGA 3787391; MGA 0222789 - MGA 0222799; MGA 0218345 - MGA 0218356;
18 MGA 1506115 - MGA 1506133; MGA 1510770 - MGA 1510771; MGA 1008775 -
19 MGA 1008778; MGA 0148746 - MGA 0148753; MGA 0228031 - MGA 0228040;
20 MGA 0215417 - MGA 0215417; MGA 0218606 - MGA 0218669; MGA 0868723 -
21 MGA 0868730; MGA 0868731 - MGA 0868742; MGA 0868743 - MGA 0868750;
22 MGA 0868751 - MGA 0868792; MGA 0868793 - MGA 0868812; MGA 0868813 -
23 MGA 0868830; MGA 0868831 - MGA 0868840; MGA 086841 - MGA 0868842;
24 MGA 0868843 - MGA 0868843; MGA 0868844 - MGA 0868844; MGA 0868845 -
25 MGA 0868850; MGA 0868851 - MGA 0868851; MGA 0868852 - MGA 0868857;
26 MGA 0868858 - MGA 0868863; MGA 0868864 - MGA 0868865; MGA 0006406B
27 - MGA 0006408B; MGA 0815789 - MGA 0815789; MGA 1185642 - MGA
28 1185655; MGA 0148782 - MGA 0148785; BRYANT 1215 - BRYANT 1213;

MGA 3720955 - MGA 3720966; MGA 3865982 - MGA 3866029; BRYANT 12066 - BRYANT 12074; MGA 3787279 - MGA 3787279; BRYANT 2011166 - BRYANT 2011166; BRYANT 04532 - BRYANT 04532; BRYANT 02626 - BRYANT 02626; BRYANT 02615 - BRYANT 02615; BRYANT 04863 - BRYANT 04863; BRYANT 02630 - BRYANT 02631; BRYANT 02663 - BRYANT 02663; BRYANT 04857 - BRYANT 04857; BRYANT 02903 - BRYANT 02903; BRYANT 02907 - BRYANT 02909; BRYANT 02633 - BRYANT 02633; BRYANT 02912 - BRYANT 02916; MGA 0008982RB - MBA 0008985RB; BRYANT 02756 - BRYANT 02756; BRYANT 02757 - BRYANT 02757; BRYANT 02617 - BRYANT 02624; BRYANT 12237 - BRYANT 12240; BRYANT 12244 - BRYANT 12244; MGA 3720893 - MGA 3720905; BRYANT 12253 - BRYANT 12254; BRYANT 12116 - BRYANT 12120; MGA 3720918 - MGA 3720931; BRYANT 12242 - BRYANT 12242; MGA 3787316 - MGA 3787330; Deposition of Lisa Tonnu (Rough), dated January 17, 2008; 2002 Tax Rate Schedules; Federal Reserve Releases Data; Statistics for SIC Code 394, updated through September 2007; Mergerstat/BVR Control Premium Study Advanced Search Results; Stocks, Bonds, Bills and Inflation 2007 Yearbook Valuation Edition; article by Roger Grabowski, "Equity risk Premium: What is the Current Evidence?"; article by Sharon Pratt, "Valuers Should Lower Equity Risk Premium Component of Discount Rate"; Wachovia Equity Research, dated January 7, 2008; Wedbush Morgan Securities Equity Research re: Hasbro Stock, dated January 4, 2008; Needham: Hasbro, Inc. - Hold, dated November 29, 2007; Wedbush Morgan Securities Equity Research re: Mattel, dated January 14, 2007; Wedbush Morgan Securities Equity Research re: RC2 Corp., dated December 13, 2007; Wachovia Equity Research re: RC2 Corp., dated November 13, 2007; Wedbush Morgan Securities Equity Research re: JAKKS Pacific, dated December 12, 2007; Needham: JAKKS Pacific, Inc. (JAKK) - Hold, dated December 21, 2007; Wachovia Equity Research re: Mattel, Inc., dated January 7, 2008; MGA

Worldwide Segment P&L October 2006 YTD Active - sorted by EBIT Margin%; Wedbush Morgan Securities January 2008 Toys and Entertainment Monthly, dated January 2, 2008; Wedbush Morgan Securities Toy Industry Channel Checks and Pricing Comparisons, dated December 17, 2007; Needham: LeapFrog Enterprises, Inc. Equity Research, dated November 12, 2007; SMH Capital Research Report: Marvel Entertainment, dated December 21, 2007; Yuanta: Vtech Holdings, dated November 15, 2007; Capital IQ Transaction Screening Report; Wedbush Morgan Securities: LeapFrog Enterprises Equity Research, dated November 9, 2007; Yahoo! Finance Toys & Games Industry, Company List; Complaint for False Designation of Origin Affiliation, Association or Sponsorship, filed in Case No. 05-02727; Press Release: "MGA Entertainment Follows Up an Award-Winning Year with Bratz by Introducing Exciting New Lines in Girls and Boys Entertainment at the 2004 American International Toy Fair in New York City," dated February 11, 2004; affirmation of Lee Shiu Cheung, dated June 18, 2002; contract between MGA and Carter Bryant, dated as of September 18, 2000; article from CBSNews.com: "Battle of Babes in Toyland," dated March 8, 2005; MGA Press Release re: "MGA Entertainment Announces that it Remains the Fastest Growing Consumer Entertainment Company in the World," dated January 7, 2004; BusinessWeek article, "Hair-Pulling in the Dollhouse," dated May 2, 2005; BusinessWeek biography on Isaac Larian, dated May 2, 2005; Mattel, Inc.'s Amended Answer in Case No. 05-02727 and Counterclaims, dated January 12, 2007; Deposition Transcript of Carter Bryant, dated January 24, 2008; Isaac and Angela Larian List of Assets, 2006; Capital IQ Company Screening Report; Deposition Transcript of Lisa Tonnu, Volume V, dated January 24, 2008; Deposition Transcript of Lisa Tonnu, Volume II, dated September 24, 2007; and MGA Press Release, "MGA Entertainment Secures Multi-Year License for Die-Cast Vehicles Based Upon Marvel Super Hero Universe," dated January 31, 2006.

1          As to Mattel's Phase II counterclaims, Mattel has not yet computed its
2 damages because the facts necessary to make those calculations are uniquely in the
3 possession of Bryant, MGA, Larian, Machado and third parties, and because the
4 Court has stayed Phase II discovery until the completion of the Phase I trial.  <u>See</u>
5 Court's Minute Order, dated February 4, 2008.  Mattel reserves the right to
6 supplement this response once Phase II discovery resumes and Mattel receives the
7 necessary information.  Mattel's damages may also be the subject of further expert
8 testimony.
9          By way of further answer, pursuant to <u>Federal Rule of Civil Procedure</u>
10 33(d), Mattel has produced responsive, non-privileged documents and tangible items
11 in its possession, custody or control from which the answer to this Interrogatory may
12 be derived, including the transcripts and documents identified in response to
13 Interrogatory No. 1 of MGA's First Set of Interrogatories to Mattel, Inc.
14          Mattel continues its factual investigation.  Mattel reserves the right to
15 supplement this response and, consistent with its obligations under <u>Federal Rule of</u>
16 <u>Civil Procedure</u> 26(e), Mattel will supplement this response if Mattel receives
17 additional responsive information.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 29:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad and compound, including in that it purports to require Mattel to summarize all facts on these multiple subjects, despite defendants' own, repeated refusals to answer interrogatories with the same or comparable language, and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Mattel further objects to this interrogatory on the grounds that it is premature, and purports to circumvent the expert disclosure provisions of the Federal and Local Rules, because Mattel's damages will be the subject of expert testimony at trial. Mattel objects to this interrogatory to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial. Mattel will identify its experts and make related disclosures in accordance with the requirements of, and at the times specified by, the Court's Orders and the Rules.

Subject to and without waiving the foregoing general and specific objections, Mattel responds as follows:

Mattel reserves the right to seek whatever damages are appropriate based on the evidence at trial. With respect to Mattel's Phase I claims and counterclaims, Mattel's damages include, at a minimum and without limitation, all profits obtained by counter-defendants that are attributable to the infringement of Mattel's copyrights or other unlawful or improper conduct by counter-defendants. Certain estimates of such damages are set forth in the Expert Report of Michael J. Wagner, dated February 11, 2008, and any rebuttal or supplemental reports Mattel will offer, which Mattel incorporates by reference as though fully set forth herein. Documents relevant to the estimate of Mattel's damages have been attached to or

1  referred to in the Expert Report of Michael J. Wagner, and include, but are not
2  limited to, the following:  MGA 3719906 - MGA 3719921; MGA 3709925 - MGA
3  3709930; MGA 3710124 - MGA 3710131; MGA 3710419 - MGA 3710429; MGA
4  3710565 - MGA 3710582; MGA 3710834 - MGA 3710851; MGA 3713507 - MGA
5  3713524; MGA 3711608 - MGA 3711637; MGA 3720119 - MGA 3720122; MGA
6  3743395 - MGA 3743416; MGA 3743539; MGA 3743605; MGA 3709872 - MGA
7  3709873; MGA 3710008 - MGA 3710123; MGA 3710236 - MGA 3710245; MGA
8  3714340 - MGA 3714457; MGA 7341 - MGA 7351; MGA 7353 - MGA 7362;
9  MGA 3708300 - MGA 3708311; MGA 0863874- MGA 0863887; MGA 0863888 -
10 MGA 0863901; MGA 0868693 - MGA 0868706; MGA 0868707 - MGA 0868722;
11 MGA 0236491 - MGA 0236504; MGA 3708470 - MGA 3708580; MGA 3787372 -
12 MGA 3787391; MGA 0222789 - MGA 0222799; MGA 0218345 - MGA 0218356;
13 MGA 1506115 - MGA 1506133; MGA 1510770 - MGA 1510771; MGA 1008775 -
14 MGA 1008778; MGA 0148746 - MGA 0148753; MGA 0228031 - MGA 0228040;
15 MGA 0215417 - MGA 0215417; MGA 0218606 - MGA 0218669; MGA 0868723 -
16 MGA 0868730; MGA 0868731 - MGA 0868742; MGA 0868743 - MGA 0868750;
17 MGA 0868751 - MGA 0868792; MGA 0868793 - MGA 0868812; MGA 0868813 -
18 MGA 0868830; MGA 0868831 - MGA 0868840; MGA 086841 - MGA 0868842;
19 MGA 0868843 - MGA 0868843; MGA 0868844 - MGA 0868844; MGA 0868845 -
20 MGA 0868850; MGA 0868851 - MGA 0868851; MGA 0868852 - MGA 0868857;
21 MGA 0868858 - MGA 0868863; MGA 0868864 - MGA 0868865; MGA 0006406B
22 - MGA 0006408B; MGA 0815789 - MGA 0815789; MGA 1185642 - MGA
23 1185655; MGA 0148782 - MGA 0148785; BRYANT 1215 - BRYANT 12133;
24 MGA 3720955 - MGA 3720966; MGA 3865982 - MGA 3866029; BRYANT 12066
25 - BRYANT 12074; MGA 3787279 - MGA 3787279; BRYANT 2011166 -
26 BRYANT 2011166; BRYANT 04532 - BRYANT 04532; BRYANT 02626 -
27 BRYANT 02626; BRYANT 02615 - BRYANT 02615; BRYANT 04863 -
28 BRYANT 04863; BRYANT 02630 - BRYANT 02631; BRYANT 02663 -

Exhibit 3
Page 40

1  BRYANT 02663; BRYANT 04857 - BRYANT 04857; BRYANT 02903 -
2  BRYANT 02903; BRYANT 02907 - BRYANT 02909; BRYANT 02633 -
3  BRYANT 02633; BRYANT 02912 - BRYANT 02916; MGA 0008982RB - MBA
4  0008985RB; BRYANT 02756 - BRYANT 02756; BRYANT 02757 - BRYANT
5  02757; BRYANT 02617 - BRYANT 02624; BRYANT 12237 - BRYANT 12240;
6  BRYANT 12244 - BRYANT 12244; MGA 3720893 - MGA 3720905; BRYANT
7  12253 - BRYANT 12254; BRYANT 12116 - BRYANT 12120; MGA 3720918 -
8  MGA 3720931; BRYANT 12242 - BRYANT 12242; MGA 3787316 - MGA
9  3787330; Deposition of Lisa Tonnu (Rough), dated January 17, 2008; 2002 Tax
10 Rate Schedules; Federal Reserve Releases Data; Statistics for SIC Code 394,
11 updated through September 2007; Mergerstat/BVR Control Premium Study
12 Advanced Search Results; Stocks, Bonds, Bills and Inflation 2007 Yearbook
13 Valuation Edition; article by Roger Grabowski, "Equity risk Premium:  What is the
14 Current Evidence?"; article by Sharon Pratt, "Valuers Should Lower Equity Risk
15 Premium Component of Discount Rate"; Wachovia Equity Research, dated January
16 7, 2008; Wedbush Morgan Securities Equity Research re: Hasbro Stock, dated
17 January 4, 2008; Needham:  Hasbro, Inc. - Hold, dated November 29, 2007;
18 Wedbush Morgan Securities Equity Research re: Mattel, dated January 14, 2007;
19 Wedbush Morgan Securities Equity Research re: RC2 Corp., dated December 13,
20 2007; Wachovia Equity Research re: RC2 Corp., dated November 13, 2007;
21 Wedbush Morgan Securities Equity Research re: JAKKS Pacific, dated December
22 12, 2007; Needham:  JAKKS Pacific, Inc. (JAKK) - Hold, dated December 21,
23 2007; Wachovia Equity Research re: Mattel, Inc., dated January 7, 2008; MGA
24 Worldwide Segment P&L October 2006 YTD Active - sorted by EBIT Margin%;
25 Wedbush Morgan Securities January 2008 Toys and Entertainment Monthly, dated
26 January 2, 2008; Wedbush Morgan Securities Toy Industry Channel Checks and
27 Pricing Comparisons, dated December 17, 2007; Needham:  LeapFrog Enterprises,
28 Inc. Equity Research, dated November 12, 2007; SMH Capital Research Report:

Exhibit 3
Page 41

Marvel Entertainment, dated December 21, 2007; Yuanta: Vtech Holdings, dated November 15, 2007; Capital IQ Transaction Screening Report; Wedbush Morgan Securities: LeapFrog Enterprises Equity Research, dated November 9, 2007; Yahoo! Finance Toys & Games Industry, Company List; Complaint for False Designation of Origin Affiliation, Association or Sponsorship, filed in Case No. 05-02727; Press Release: "MGA Entertainment Follows Up an Award-Winning Year with Bratz by Introducing Exciting New Lines in Girls and Boys Entertainment at the 2004 American International Toy Fair in New York City," dated February 11, 2004; affirmation of Lee Shiu Cheung, dated June 18, 2002; contract between MGA and Carter Bryant, dated as of September 18, 2000; article from CBSNews.com: "Battle of Babes in Toyland," dated March 8, 2005; MGA Press Release re: "MGA Entertainment Announces that it Remains the Fastest Growing Consumer Entertainment Company in the World," dated January 7, 2004; BusinessWeek article, "Hair-Pulling in the Dollhouse," dated May 2, 2005; BusinessWeek biography on Isaac Larian, dated May 2, 2005; Mattel, Inc.'s Amended Answer in Case No. 05-02727 and Counterclaims, dated January 12, 2007; Deposition Transcript of Carter Bryant, dated January 24, 2008; Isaac and Angela Larian List of Assets, 2006; Capital IQ Company Screening Report; Deposition Transcript of Lisa Tonnu, Volume V, dated January 24, 2008; Deposition Transcript of Lisa Tonnu, Volume II, dated September 24, 2007; and MGA Press Release, "MGA Entertainment Secures Multi-Year License for Die-Cast Vehicles Based Upon Marvel Super Hero Universe," dated January 31, 2006.

As to Mattel's Phase II counterclaims, Mattel has not yet computed or estimated its damages because the facts necessary to make those calculations are uniquely in the possession of MGA, Larian, Machado, Castilla, Trueba, Vargas and others who conspired with MGA, and because defendants have repeatedly obstructed Mattel's access to the information it requires to conduct its calculations, including by refusing to produce Trueba and Vargas for deposition and by invoking

an alleged Fifth Amendment right against self-incrimination hundreds of times, thus preventing Mattel from determining the full extent of their wrongdoing to date. Moreover, this topic may be the subject of expert testimony, which will be disclosed in the manner, and at the time, required for expert disclosures pursuant to the Federal and Local Rules.

Although Mattel has not calculated its damages to date, Mattel has conducted preliminary estimates, in the context of being the complaining victim in a criminal investigation, of certain direct out-of-pocket costs to Mattel to create certain documents stolen by Jorge Castilla and Janine Brisbois, and costs to Mattel in investigating such conduct. These analyses show that the costs in creating the trade secret information stolen by Jorge Castilla exceed, at a minimum, $5 million. The costs to Mattel in creating the trade secret information stolen by Janine Brisbois exceed, at a minimum, $600,000. Mattel's damages from these thefts greatly exceed these amounts, the loss of which represents merely one of the many ways in which defendants' thefts and other unlawful conduct injured Mattel and were designed to injure Mattel and enrich MGA, Larian and their co-conspirators. Additional documents which relate to these numbers include: M 0924136–M 0924137; M 0926385–M 0926800.

By way of further answer, pursuant to Federal Rule of Civil Procedure 33(d), Mattel has produced responsive, non-privileged documents and tangible items in its possession, custody or control from which the answer to this Interrogatory may be derived, including the transcripts and documents identified in response to Interrogatory No. 1 of MGA's First Set of Interrogatories to Mattel, Inc., which response is incorporated herein by reference, and the deposition transcripts of Larian, Brawer, Castilla, Tonnu and Machado.

Mattel continues its factual investigation. Mattel reserves the right to supplement this response and, consistent with its obligations under Federal Rule of Civil Procedure 26(e), Mattel will supplement this response if Mattel receives

additional responsive information, particularly after MGA, Larian and their associates produce discovery that they have failed and refused to produce to date.

DATED: July 7, 2009         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                             By /s/ Michael T. Zeller
                                Michael T. Zeller
                                Attorneys for Mattel, Inc.

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On July 7, 2009, I served true copies of the following document(s) described as **MATTEL, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MGA ENTERTAINMENT, INC.'S SECOND SET OF INTERROGATORIES** on the parties in this action as follows:

| | |
|---|---|
| Thomas J. Nolan, Esq.<br>Jason D. Russell, Esq.<br>Skadden Arps Slate Meagher & Flom<br>300 S. Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>thomas.nolan@skadden.com<br>jason.russell@skadden.com | Melinda Haag<br>Annette L. Hurst<br>Warrington S. Parker III<br>Orrick, Herrington & Sutcliffe, LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>mhaag@orrick.com<br>ahurst@orrick.com<br>wparker@orrick.com |
| William A. Molinski<br>Orrick, Herrington & Sutcliffe, LLP<br>777 South Figueroa Street<br>Suite 3200<br>Los Angeles, CA 90017<br>wmolinski@orrick.com | Mark E. Overland, Esq.<br>Alexand H. Cote, Esq.<br>Overland Borenstein Scheper & Kim LLP<br>601 West Fifth Street, 125th Floor<br>Los Angeles, CA 90071<br>moverland@scheperkim.com<br>acote@scheperkim.com |
| Todd E. Gordinier<br>Bingham McCutchen LLP<br>600 Anton Boulevard, 18th Floor<br>Costa Mesa, CA 92626<br>todd.gordinier@bingham.com | |

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from cyrusnaim@quinnemanuel.com on July 7, 2009, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

Exhibit 3
Page 45

07209/2996794.1

1   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

2

3   Executed on July 7, 2009, at Los Angeles, California.

4

5                                                         /s/ Cyrus S. Naim
                                                          Cyrus S. Naim

Exhibit 3
Page 46

07209/2996794.1                         -2-