Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
todd.gordinier@bingham.com
PETER N. VILLAR (SBN 204038)
peter.villar@bingham.com
CRAIG A. TAGGART (SBN 239168)
craig.taggart@bingham.com
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700

Attorneys for Omni 808 Investors, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carter Bryant, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Mattel, Inc., a Delaware Corporation,<br><br>Defendant. | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br>**To be heard by Discovery Master**<br>**Robert C. O'Brien**<br><br>**OMNI 808 INVESTORS, LLC'S MEMORANDUM IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FOR WHICH ANY CLAIMS OF PRIVILEGE HAVE BEEN WAIVED**<br><br>[DECLARATION OF PETER N. VILLAR FILED CONCURRENTLY] |
| AND CONSOLIDATED ACTIONS. | **Hearing:**<br>Date: TBD<br>Time: TBD<br>Place: Arent Fox LLP<br><br>**Phase 2:**<br>Discovery Cut-off: Dec. 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

A/73079049.6

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1

II. STATEMENT OF FACTS ....................................................................................4
    A. Mattel Subpoenas Documents From Omni And Other Nonparties..................................................................................................4
    B. Omni Makes Its Initial Production Of Documents To Mattel Pursuant To The Discovery Master's Orders.................................................5
    C. The Court Stays All Proceedings From May 18, 2009 To June 12, 2009 ......................................................................................................6
    D. Omni Produces Its Supplemental Set Of Documents And Serves Its Privilege Log ..........................................................................................6

III. MATTEL'S WAIVER ARGUMENT IN FACTUALLY AND LEGALLY BASELESS ..........................................................................................7
    A. Omni Has Preserved Its Privilege Objections...............................................7
    B. There Is No Specific Deadline For Nonparties To Produce A Privilege Log ................................................................................................8
        1. There Is No Statutory Deadline ...........................................................8
        2. There are No Cases That Specify A Deadline Either And This Court And Other Ninth Circuit Courts Have Flatly Rejected Mattel's Waiver Argument ...................................................10
    C. The Cases Cited By Mattel Are Not Remotely Applicable And Actually Undermine Its Waiver Argument.................................................11
    D. Mattel Should Be Judicially Estopped From Bringing This Motion Because It Told The Court That It Does Not Want Privileged Material ....................................................................................13

IV. MATTEL SHOULD BE SANCTIONED FOR FILING THIS MOTION WITHOUT SUBSTANTIAL JUSTIFICATION ................................14

IV. CONCLUSION ....................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*American Dental Association v. Khorrami,*
   2003 WL 24141019 (C.D. Cal. July 14, 2003) .................................................... 11

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court,*
   408 F.3d 1142 (9th Cir. 2005) ............................................................................ 10, 11

*Chore-Time Equip., Inc v. Big Dutchman, Inc.,*
   255 F. Supp. 1020 (W.D. Mich. 1966) ................................................................ 8

*Cram v. Electronic Data Systems Corp.,*
   2008 U.S. Dist. Case No. 07cv1842-LAB (NLS) ............................................... 14

*Exxon Shipping Co. v. U.S. Dept. of Interior,*
   34 F.3d 774 (9th Cir. 1994)) .............................................................................. 9

*Flanagan v. Benicia Unif. Sch. Dist.,*
   2008 WL 2073952 (E.D. Cal. May 14, 2008) .................................................... 11

*Get-a-Grip, II, Inc. v. Hornell Brewing Co., Inc.,*
   2000 WL 1201385 (E.D. Pa Aug. 8, 2000) ........................................................ 12

*Haines v. Liggett Group, Inc.,*
   975 F.2d 81 (3d Cir. 1992) ................................................................................. 8

*Hanni v. Am. Airlines, Inc.,*
   2009 WL 1505286 (N.D. Cal. May 27, 2009) .................................................... 11

*In re DG Acquisition Corp.,*
   151 F.3d 75 (2nd Cir. 1998) ............................................................................... 9

*In re Lott,*
   424 F.3d 446 (6th Cir. Ohio 2005) ..................................................................... 7

*Lopez v. City of New York,*
   2007 WL 869590 (E.D.N.Y. March 20, 2007) ................................................... 12

*Mattel, Inc. v. Walking Mountain Productions,*
   353 F. 3d 792 (9th Cir. 2003) ............................................................................. 1

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*New Hampshire v. Maine,*
   532 U.S. 742 (2001)..................................................................................13

*Reygo Pacific Corp. v. Johnston Pump Co.,*
   680 F.2d 647 (9th Cir. 1982) ....................................................................14

*Ritacca v. Abbott Laboratories,*
   203 F.R.D. 332 (N.D. Ill. 2001).................................................................12

*United Nat. Ins. Co. v. Spectrum Worldwide, Inc.,*
   555 F.3d 772 (9th Cir. 2009) ....................................................................13

*United States v. Bauer,*
   132 F.3d 504 (9th Cir. 1997) ......................................................................8

*Upjohn Co. v. United States,*
   449 U.S. 383, 66 L. Ed. 2d 584, 101 S. Ct. 677 (1981)..............................7

*Whaley v. Belleque,*
   520 F.3d 997 (9th Cir. 2008) ....................................................................14

**RULES**

Fed. R. Civ. P. 26, 45 .......................................................................................8

Fed. R. Civ. P. 45 ........................................................................................8, 9

Fed. R. Civ. P. 45(c)(1)..................................................................................15

## I.   INTRODUCTION

Mattel, Inc.'s motion to compel non-party Omni 808 Investors, LLC to produce all of its privileged attorney-client communications and attorney work product is not only factually and legally baseless, but also blatantly contradicts Mattel's representation to Judge Larson just days ago that "**Mattel does not want, and did not request, privileged material**" concerning Omni and its counsel, Bingham McCutchen LLP. Mattel's attempt to flout the most sacred of privileges afforded by the American judicial system, based on an unprecedented procedural argument, is another example of its "pattern" of "abusive" discovery tactics to "exert pressure" on third parties "for the purpose of annoying and harassment." *Mattel, Inc. v. Walking Mountain Productions*, 353 F. 3d 792, 814 (9th Cir. 2003).[1]

Mattel and its counsel began their abuse of Omni by serving a subpoena that required Omni to produce "virtually every document in its possession," which the Discovery Master correctly found was largely "overbroad and not reasonably calculated to lead to the discovery of admissible evidence with respect to Phase 2 issues." (Order No. 3, pp. 20-21, 25; *see also* Order No. 27.) Omni complied with the Discovery Master's Orders, making its initial production of documents on April 28 and completing its production on June 22. <u>One week later</u>, on June 30, Omni served its privilege log.

Despite receiving more than 10,000 documents produced by Omni, and more than 10,000 documents produced by Wachovia, including all conceivable documents relating to the MGA debt acquisition, Mattel served a subpoena on

---

[1] Hopefully, the Discovery Master now recognizes the stark similarities between Mattel's pattern of discovery abuses in the *Walking Mountain Productions* case and Mattel's pattern of discovery abuses in this case. Indeed, Mattel and its counsel appear to pride themselves on their over-the-top litigation tactics and were recently featured for using such abusive tactics in *Toy Monster: The Big Bad World of Mattel*.

1 | Omni's counsel, Bingham McCutchen, which sought the same categories of
2 | documents that the Discovery Master found to be irrelevant or already ordered
3 | Omni to produce. The Discovery Master correctly found that the Bingham
4 | subpoena "impermissibly seeks privileged information, is at least partially
5 | duplicative of prior subpoenas served on the Financing Entities, is barred by Order
6 | Nos. 8 and 14 to the extent it seeks information concerning Lexington, and is
7 | overbroad." (Order No. 27, p. 30.) Mattel then appealed Discovery Master Order
8 | No. 27 claiming that the Discovery Master "misapplied and ignored the law,"
9 | "contravened undisputed and overwhelming authority," "engrafted new
10 | exceptions" to the Federal Rules of Civil Procedure and "invented new rules" that
11 | are "unsupported by authority" and "contrary to law." Significantly, in an attempt
12 | to sway (i.e., mislead) Judge Larson to overturn the Discovery Master's Order
13 | regarding the Bingham subpoena, Mattel and its counsel represented to Judge
14 | Larson that "**MATTEL DOES NOT WANT, AND DID NOT REQUEST,**
15 | **PRIVILEGED MATERIAL.**" (Mattel, Inc's Motion Objecting to Portions of
16 | Discovery Master Order No. 27 Regarding Motion to Compel Documents from
17 | Bingham McCutchen, p. 11, emphasis added.)

18 |     Contrary to its representation to the Court, Mattel now asks the Discovery
19 | Master to compel Omni to produce all of its privileged material that Mattel told
20 | Judge Larson it **"does not want, and did not request"** on the ground that Omni
21 | failed to simultaneously serve a privilege log with its documents. No court in the
22 | Ninth Circuit, or any other Circuit, has ever granted such extraordinary relief under
23 | remotely similar circumstances.

24 |     Indeed, Mattel both miscites the few cases it purports to rely upon, each of
25 | which involves **parties to the litigation, extraordinary delays, and other exigent**
26 | **circumstances,** and fails to inform the Discovery Master that the Court in this case
27 | already has rejected Mattel's waiver theory when it brought the same motion
28 | against another non-party. In rejecting this same argument, the Discovery Master

A/73079049.6

2

1  stated "[t]he law is clear ... **the failure to produce a document-by-document**
2  **privilege log <u>does not result in a per-se waiver of any privilege</u>**." (Order re
3  Mattel's Motion to Compel Farhad Larian, Kaye Scholer and Stern & Goldberg to
4  Produce Documents, p. 19, emphasis added.)

5  What's more, Mattel grossly exaggerates the timeframe and circumstances
6  under which Omni produced its privilege log by starting from the date the Omni
7  subpoena was originally served (not the dates the documents were produced) and
8  by ignoring the four-week discovery stay. The truth is that Omni, from the very
9  outset, agreed to provide a privilege log in an effort to avoid a discovery dispute
10 and did so within 37 days (<u>23 court days</u>) of its initial production and within 8 days
11 (<u>5 court days</u>) of completing its production.

12 Perhaps most troubling, on June 22, the date Omni completed its production
13 of documents, Omni sent a letter to Mattel's counsel reiterating that "**We are in**
14 **the process of updating and completing our privilege log and will serve it once**
15 **it's completed.**" Then, on June 29, Omni notified Mattel's counsel that "**We**
16 **should be able to send [the privilege log] to you by tomorrow.**" Without ever
17 responding to either of Omni's letters, and despite receiving Omni's privilege log
18 on June 30, as promised, Mattel filed, and has refused to withdraw, its motion.

19 For these reasons, Omni respectfully requests that the Court deny Mattel's
20 motion in its entirety and sanction Mattel and its counsel to reimburse Omni for the
21 costs of responding to this frivolous motion in the sum of $7,500.

## II. STATEMENT OF FACTS[2]

### A. Mattel Subpoenas Documents From Omni And Other Nonparties

Mattel issued subpoenas to Omni and the other nonparty Financing Entities that improperly requested the production of virtually every document in Omni's and the other nonparties' possession. Omni and the other nonparties served timely objections, including objections on the grounds that the requests were overbroad, irrelevant, unduly burdensome and sought information protected by the attorney-client privilege and attorney work product doctrine. Thereafter, Mattel filed its motion to compel production of documents responsive to the subpoenas.

The Discovery Master denied Mattel's motion to compel the production of documents responsive to the subpoenas issued to Omninet and Vision Capital. (*See* Discovery Master Order No. 3). The Discovery Master also limited the information Mattel could obtain from Omni to "non-privileged documents" relating to (1) the existence of any debt owed by MGA ... to Omni ... including any debt purchased from Wachovia Bank, and (2) any communications between Omni ... and the MGA parties regarding any such indebtedness." (*Id.*, p. 28.) The Discovery Master correctly found that Mattel's requests were largely "overbroad and not reasonably calculated to lead to the discovery of admissible evidence with respect to Phase 2 issues." (*Id.*, pp. 20-21, 25.) The Discovery Master's ruling was premised on, among other things, Mattel's failure to "sufficiently articulate the necessary connection between most of the Financing Discovery and any Phase 2 issue." (*Id.*, p. 25.) The Discovery Master did not order the production of a privilege log, let alone the production of a privilege log within any specific

---

[2] Mattel's purported description of the "Background" is not an accurate or complete statement of the pertinent facts, events or circumstances preceding its motion.

timeframe. (*Id.*)

### B. Omni Makes Its Initial Production Of Documents To Mattel Pursuant To The Discovery Master's Orders

On or about March 24, 2009, Mattel filed its Motion for Reconsideration of Order No. 3. As a result, Omni requested that the Discovery Master continue the date on which Omni was required to produce documents. (Villar Decl., ¶ 2.) On or about April 21, 2009, the Discovery Master granted Omni's request for an extension and continued the deadline to produce documents to April 28, 2009. (*See* Discovery Master Order No. 21, p. 1.) On April 28, 2009, pursuant to Discovery Master's Orders No. 3 and 21, Omni produced more than 10,000 pages of documents to Mattel.[3] (Villar Decl., ¶ 3.)

On or about May 5, 2009, several days after Omni produced more than 10,000 pages of documents, Mattel threatened to file a motion deeming Omni to have waived its right to withhold privilege documents because its document production did not include a privilege log. (*See* Exhibit 9 to the Declaration of B.

---

[3] Mattel's assertion that Omni's production of 10,000 pages of documents "hardly suggests an overwhelming set of documents" is yet another example of Mattel counsel's proclivity to take diametrically inconsistent positions to suit their particular needs for each separate discovery motion. Omni has produced 10,382 pages of documents (which Mattel apparently calculates as 850 complete documents), which exceeds the number of pages of documents produced by Wachovia (10,087 pages) by approximately 300 pages. As the Discovery Master may recall, when Mattel's counsel received Wachovia's production (fewer documents and fewer pages of documents than produced by Omni), they requested, and received, three separate extensions of time to respond to discovery motions in order to review Wachovia's "voluminous" production of documents. (*See* letters from Mattel's counsel to Discovery Master dated 3/17, 3/20 & 3/23.) Indeed, after requesting and receiving the first two extensions based on this production, Mattel's counsel wrote to the Discovery Master again stating, "At present, Mattel's consultants are still reviewing these materials and require additional time to further analyze the documents." (*See* letter dated 3/23.) After representing to the Discovery Master that Wachovia's production of 10,087 pages of documents was voluminous for purposes of obtaining three extensions, Mattel's counsel represents to the Discovery Master that Omni's larger production of 10,382 pages "hardly suggests an overwhelming set of documents" for purposes of their present motion.

Proctor in support of Mattel's Motion to Compel.) On or about May 6, 2009, the Discovery Master determined, based on new evidence presented by Mattel, that Mattel could discover additional categories of documents from Omni and other nonparties.[4] (Discovery Master Order No. 27.) On May 7, 2009, Omni's counsel promptly responded to Mattel's May 5 letter assuring Mattel's counsel that "we are in the process of preparing a privilege log so your motion is unnecessary." (Villar Decl., ¶ 4, Ex.1.)

### C. The Court Stays All Proceedings From May 18, 2009 To June 12, 2009

The Court stayed all discovery proceedings in the action from May 18, 2009 to June 12, 2009, and postponed any deadlines for compliance until after the expiration of the stay.[5] (Docket No. 5565, May 21, 2009). Accordingly, the deadline for Omni's supplemental production of documents pursuant to Order No. 27 was postponed until June 22, 2009.

### D. Omni Produces Its Supplemental Set Of Documents And Serves Its Privilege Log

One week after the stay was lifted, on June 22, 2009, Omni made its supplemental production of documents to Mattel pursuant to the Court's Order.

---

[4] The Discovery Master's decision to expand the scope of his Order No. 3 was based, in significant part, on Mattel's citation to the Summary Report of the Court-appointed forensic auditor, Ronald Durkin. Since the Court admonished the parties that "no one, neither side, should be relying upon the information that Mr. Durkin is gathering for purposes of litigating this case," the Discovery Master should not have expanded the scope of his Order No. 3 at all. In fact, at the Court hearing on July 6, Judge Larson reiterated that Mattel's citation to the Durkin report was improper and that if there was any confusion regarding the Court's prior admonition, it should be clear now. But, in all events, the Financing Entities have produced the additional categories of documents ordered by the Discovery Master.

[5] Mattel omits this fact from its motion presumably to artificially inflate the number of days between Omni's production of documents and Omni's production of its privilege log.

(Villar Decl., ¶ 5.) In addition to its supplemental production of documents, Omni's counsel sent a letter to Mattel's counsel stating **"We are in the process of updating and completing our privilege log and will serve it once it's completed."** (*Id.*, Ex. 2.) Mattel's counsel did not respond to the letter or make any further inquires regarding the privilege log. (Villar Decl., ¶ 6.)

On June 29, upon receipt of Mattel's electronic notice of motion, Omni's counsel immediately sent another letter to Mattel's counsel stating **"we just informed you last week that we are in the process of updating and completing our privilege log in accordance with Omni's supplemental production of documents. We should be able to send it to you by tomorrow."** (Villar Decl., ¶ 7, Ex. 3.)

As promised, Omni served its privilege log on June 30, 2009, **37 days (23 court days)** after its original document production and only **8 days (5 court days)** after completing its document production.[6] (Villar Decl., ¶ 8.) Without ever responding to Omni's letters, and despite receiving Omni's privilege log on June 30, Mattel has refused to withdraw this Motion. (Villar Decl., ¶ 9.)

### III. MATTEL'S WAIVER ARGUMENT IS FACTUALLY AND LEGALLY BASELESS

#### A. Omni Has Preserved Its Privilege Objections

The United States Supreme Court has held that "[t]he attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 66 L. Ed. 2d 584, 101 S. Ct. 677 (1981)). It "is more critical to our system of justice than other privileges." *In re Lott*, 424 F.3d 446, 461 (6th Cir. Ohio 2005). Indeed, the Ninth

---

[6] Omni's calculation of days properly takes into consideration the Court's stay of all proceedings.

Circuit recognizes that "the attorney-client privilege is, perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system." *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997). "Documents within the scope of the attorney-client privilege are 'zealously protected.'" *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 90 (3d Cir. 1992) (citing 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2017 (1970); also citing *Chore-Time Equip., Inc v. Big Dutchman, Inc.*, 255 F. Supp. 1020, 1021 (W.D. Mich. 1966) ("It generally is acknowledged that the attorney-client privilege is so sacred and so compellingly important that the courts must, within their limits, guard it jealously.")).

In response to Mattel's subpoena, Omni asserted timely objections including objections on the grounds that the subpoena sought information protected by the attorney-client privilege and attorney work product doctrine. Indeed, the Discovery Master limited its Orders to only "non-privileged documents." (*See e.g.* Discovery Master Orders Nos. 3, 21, 27, 33). Therefore, Omni's privilege objections have been preserved. *See* Fed. R. Civ. P. 45.

### B. There Is No Specific Deadline For Nonparties To Produce A Privilege Log

#### 1. There Is No Statutory Deadline

There is no statutory rule that prescribes a specific time period by which a party, let alone a nonparty, must file a privilege log. *See, e.g.* Fed. R. Civ. P. 26, 45. Nor does Mattel cite to one.

In this case, Federal Rule of Civil Procedure 45 governs Omni's duties to produce documents under a third party subpoena and to identify any documents withheld on the grounds of privilege.[7] While Rule 45 expressly sets forth the

---

[7] Mattel attempts to mislead the Discovery Master by incorrectly arguing in its motion that the Discovery Master "compelled [Omni] to produce documents

(Footnote Continued on Next Page.)

A/73079049.6                                8

obligations of nonparties withholding subpoenaed documents on privilege grounds, it does not prescribe a specific deadline by which a nonparty must provide the subpoenaing party a privilege log.[8] Rather, Rule 45 merely states that a person withholding subpoenaed information under a privilege must, as Omni has done, "expressly make that claim" and "describe the nature of the withheld document, communication or tangible things in a manner that ... will enable the parties to assess the claim." Fed. R. Civ. Proc. 45.

Here, Omni has "expressly" and repeatedly objected to Mattel's overbroad subpoenas on the grounds that certain documents sought were protected by the attorney-client privilege and attorney-work product doctrine. Omni has also produced a privilege log to Mattel that adequately described the nature of the withheld documents to enable Mattel to asses Omni's privilege claim. Omni, therefore, has fully satisfied Rule 45's requirements.

---

(Footnote Continued from Previous Page.)

pursuant to Rule 26." (Mot. at 5.) The Discovery Master properly, however, recognized that Federal Rule of Civil Procedure 45 governs discovery from nonparties. (Discovery Master Order No. 3 at 14.) The Discovery Master also recognized that nonparties are entitled to "special heightened protection against burdensome discovery." *Id.* (citing *Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994)). Accordingly, the Discovery Master stated, "the Federal Rules distinguish between **discovery from non-parties to a lawsuit (governed under Rule 45)** and discovery from parties (governed generally by Rule 26), based on the recognition that the former is inherently more burdensome and less convenient that the latter." (*Id.*) (emphasis added). Thus, the Discovery Master correctly observed that Rule 45 controls discovery from Omni.

[8] Analyzing the production of privilege logs pursuant to Rule 45, the Second Circuit Court of Appeals stated, "[a] full privilege log may follow '**within a reasonable time**[.]'" *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2nd Cir. 1998).

2. **There Are No Cases That Specify A Deadline Either <u>And</u> This Court And Other Ninth Circuit Courts Have Flatly Rejected Mattel's Waiver Argument**

Contrary to Mattel's repeated assertions, the Ninth Circuit flatly rejects a per se waiver rule that deems privilege waived if a privilege log is not produced within a specified time period of a party's document production -- let alone <u>simultaneously</u> with a <u>non-party's</u> document production. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005). Indeed, Mattel fails to mention that, <u>in this case</u>, the previous Discovery Master rejected Mattel's argument that a nonparty's refusal and failure to provide a privilege log waived its privilege objections, holding **"[t]he law is clear ... the failure to produce a document-by-document privilege log <u>does not result in a per-se waiver of any privilege</u>**." (Order Re Mattel's Motion to Compel Farhad Larian, Kaye Scholer and Stern & Goldberg to Produce Documents, p. 19) (emphasis added). Consistent with the precedent in <u>this case</u>, the District Court of California in *Moreno v. Autozone, Inc.*, relying on the holding in *Burlington*, held that there is no per-se waiver of privilege and <u>refused to find</u> that a <u>party</u> waived its privilege objections despite serving its privilege log <u>more than six months</u> after its deadline to produce documents. 2008 WL 906510, at *2 (N.D. Cal. Apr. 1, 2008) (emphasis added). The *Moreno* court stated, "[t]he Court does not find waiver based solely on Plaintiff's delay." *Id.* Accordingly, Omni's service of its privilege log 37 days (23 court days) after its initial production and 8 days (5 court days) after its final production unquestionably preserved all of its privilege objections.

A/73079049.6

10

### C. The Cases Cited By Mattel Are Not Remotely Applicable And Actually Undermine Its Waiver Argument

The Ninth Circuit cases, and cases from other jurisdictions, that Mattel cites are not remotely applicable to this case -- other than to confirm that Omni has not possibly waived its privilege objections. All of the cases Mattel cites involve **parties to the litigation, extraordinary delays, and other exigent circumstances.** For example, in *Burlington*, the defendant failed to provide a privilege log for five months after the documents were due. Moreover, the court reasoned that, *inter alia*, the defendant should have been able to promptly produce the documents and privilege log (since the same documents were produced in a prior lawsuit) and that the privilege log produced after more than five months was grossly inadequate. *Burlington*, 408 F.3d at 1149-50. In *American Dental*, the defendant willfully refused to produce a privilege log for more than six months in "purposeful circumvention" of the rules governing party discovery and the court's order. *American Dental Association v. Khorrami*, 2003 WL 24141019, *9-10 (C.D. Cal. July 14, 2003) In *Flanagan*, the plaintiff willfully refused to provide a privilege log for nine months and engaged in a pattern of other discovery abuses that the court found were "beyond the pale in terms of abuse." Moreover, the court found that plaintiff's many discovery abuses impaired the defendant's ability to defend itself at trial. *Flanagan v. Benicia Unif. Sch. Dist.*, 2008 WL 2073952, *5-10 (E.D. Cal. May 14, 2008). In *Hanni*, the court notably found that the plaintiffs **did not waive their privilege** despite failing to provide a privilege log by the court-ordered deadline. *Hanni v. Am. Airlines, Inc.*, 2009 WL 1505286, at *3 (N.D. Cal. May 27, 2009).[9]

---

[9] The other non-jurisdictional cases Mattel cites are even less persuasive. For example, in *Get-a-Grip*, the plaintiff failed to provide a privilege log for two

(Footnote Continued on Next Page.)

A/73079049.6

11

|     |     |
| --- | --- |
| 1   | Here, the timing and circumstances are not remotely similar to the cases |
| 2   | Mattel cites. Unlike all of those cases, Omni is <u>not a party</u> to the litigation, and |
| 3   | was not even a party for limited purposes of addressing the receivership issues at |
| 4   | the time it was served with the subpoena. Mattel fails to cite a single case |
| 5   | involving a non-party. Moreover, unlike all of the cases Mattel cites, Omni, from |
| 6   | the very outset, <u>agreed to provide a privilege log</u> and did so within a relatively |
| 7   | short time period. Unlike the parties' delays of <u>five to ten months</u> in the cases that |
| 8   | Mattel cites, Omni, a non-party, produced its privilege log within 37 days (<u>23 court</u> |
| 9   | <u>days</u>) of its initial production and within 8 days (<u>5 court days</u>) of completing its |
| 10  | production.[10] Further, unlike the other cases, here there are <u>no extenuating</u> |
| 11  | <u>circumstances or prejudice</u>. |
| 12  | In addition, unlike all of the cases Mattel cites, on June 22, the date Omni |
| 13  | completed its production of documents, Omni sent a letter to Mattel's counsel |

(Footnote Continued from Previous Page.)

months after the court-ordered deadline to produce the documents and privilege log. *Get-a-Grip, II, Inc. v. Hornell Brewing Co., Inc.*, 2000 WL 1201385, *2-3 (E.D. Pa Aug. 8, 2000). Moreover, the court reasoned that the plaintiff had a "history of lack of cooperation" and that plaintiff's failure to comply with the court's order to provide a privilege log for two months was "not substantially justified." *Id.* In *Ritacca*, the <u>defendant never asserted any privilege objection in response to plaintiff's document requests</u>, failed to provide a privilege log for <u>four months</u> after its production of documents, which the court found was "slipshod" and inadequate in any event. *Ritacca v. Abbott Laboratories*, 203 F.R.D. 332, 335-336 (N.D. Ill. 2001). In *Lopez*, the <u>plaintiff</u> failed to provide a privilege log for <u>ten months</u> after defendant served its document requests, <u>seven months</u> after promising to produce a privilege log, and in <u>violation of two court orders</u> to produce documents and a privilege log, and that the privilege log provided by plaintiff was inadequate. *Lopez v. City of New York*, 2007 WL 869590, *4 (E.D.N.Y. March 20, 2007). The court reasoned that "based on plaintiff's repeated failures to submit a proper privilege log, which required defendant to move twice to compel discovery after plaintiff failed to respond ... plaintiff has waived the work product protection with respect to the witness statements," which the court found (unlike attorney work product and attorney-client communications involved in this case) are only afforded "minimal level of work product protection." *Id.*

[10] Mattel erroneously argues that Omni "failed to comply with the Discovery Master's Orders" which is part of a "demonstrated pattern ... to obstruct and delay discovery." Omni has complied with all Court Orders.

A/73079049.6

12

reiterating that "**We are in the process of updating and completing our privilege log and will serve it once it's completed.**" (Villar Decl., Ex. 2.) Then, on June 29, upon receipt of Mattel's electronic notice of motion, Omni sent another letter to Mattel's counsel stating "**we just informed you last week that we are in the process of updating and completing our privilege log in accordance with Omni's supplemental production of documents. We should be able to send it to you by tomorrow.**" (Villar Decl., Ex. 3.) Without ever responding to either of Omni's letters, and despite receiving Omni's privilege log on June 30, Mattel has refused to withdraw the motion. Therefore, Mattel's motion has no merit and was filed in bad faith.

### D. Mattel Should Be Judicially Estopped From Bringing This Motion Because It Told The Court That It Does Not Want Privileged Material

Mattel's motion is not only factually and legally baseless, but it is also inconsistent with Mattel's recent representation to Judge Larson that "**Mattel does not want, and did not request, privileged material**" including attorney-client communications and work product between Omni and its counsel. (Mattel, Inc's Motion Objecting to Portions of Discovery Master Order No. 27 Regarding Motion to Compel Documents from Bingham McCutchen, p. 11.) Mattel made this representation to Judge Larson in an effort to overturn Discovery Master Order No. 27, which denied Mattel's motion to compel Bingham to produce documents responsive to the Bingham subpoena.

"[A] party should not be allowed to gain an advantage by litigation on one theory and then seek an inconsistent advantage by pursuing an incompatible theory." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *see also United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 778-79 (9th Cir. 2009) (judicial estoppel precludes a party from taking one position, gaining an advantage therefrom, then seeking a second advantage by later taking an incompatible

A/73079049.6

13

position); *Whaley v. Belleque*, 520 F.3d 997, 1002 (9th Cir. 2008) (same). Accordingly, Mattel should be judicially estopped from inconsistently asserting that it **does want the same privileged material** for purposes of this motion.

### IV. MATTEL SHOULD BE SANCTIONED FOR FILING THIS MOTION WITHOUT SUBSTANTIAL JUSTIFICATION

Mattel's motion is unsupported and unprecedented under these circumstances. Mattel both miscites the scant legal authority it purports to rely upon <u>and</u> fails to inform the Discovery Master that the Court <u>in this case</u> already has rejected Mattel's waiver theory when it brought the same motion against another non-party. What's more, in attempt to mislead the Discovery Master, Mattel grossly exaggerates the timeframe and circumstances under which Omni produced its privilege log.

Perhaps most troubling, Omni sent a letter to Mattel's counsel on June 22 (the day it completed its production) reiterating that "We are in the process of updating and completing our privilege log and will serve it once it's completed." (Villar Decl., Ex. 2.) Then, on June 29, Omni notified Mattel's counsel that "We should be able to send [the privilege log] to you by tomorrow." (Villar Decl., Ex. 3.) Without ever responding to either of Omni's letters, and despite receiving Omni's privilege log on June 30, as promised, Mattel filed, and has refused to withdraw, its motion.

"Absent substantial justification or some special circumstance, an Order for the recovery of costs incurred to oppose an unnecessary discovery motion is appropriate, and **is in fact mandated... .**" *Cram v. Electronic Data Systems Corp.*, 2008 U.S. Dist. Case No. 07cv1842-LAB (NLS) LEXIS 5703, *8 (Jan. 25, 2008) (emphasis added) (ordering the party who brought an unsuccessful motion to compel to pay the opposing party's attorneys fees and costs); (citing *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982). Mattel's motion, therefore, lacks substantial justification.

A/73079049.6
14

Ironically, Mattel cautioned the Discovery Master that "[f]ailure to abide by the requirements of the Rules must have some consequence or those Rules will be made meaningless." Since Mattel has repeatedly failed to follow the rules and has exhibited a pattern of discovery abuses in this instance and prior, Mattel must be sanctioned. Failure to sanction Mattel will only breed more of the same misconduct. Accordingly, Omni requests that the Court issue sanctions against Mattel and its counsel to compensate Omni for the costs of responding to this motion in the sum of $7,500. (Villar Decl., ¶ 10); (*see also* Fed. R. Civ. P. 45(c)(1)).

## V. CONCLUSION

For the foregoing reasons, Omni respectfully requests that the Court deny Mattel's motion in its entirety, and issue sanctions against Mattel and its counsel in the sum of $7,500.

DATED: July 7, 2009          Bingham McCutchen LLP

By: /s/ Todd E. Gordinier
    Todd E. Gordinier
    Attorneys for Omni 808 Investors, LLC

A/73079049.6                    15