| | |
|---|---|
| 1 | Bingham McCutchen LLP |
| 2 | TODD E. GORDINIER (SBN 82200) |
|   | todd.gordinier@bingham.com |
|   | PETER N. VILLAR (SBN 204038) |
| 3 | peter.villar@bingham.com |
|   | CRAIG A. TAGGART (SBN 239168) |
| 4 | craig.taggart@bingham.com |
|   | 600 Anton Boulevard, 18th Floor |
| 5 | Costa Mesa, CA  92626-1924 |
|   | Telephone:  714.830.0600 |
| 6 | Facsimile:  714.830.0700 |
| 7 | Attorneys for Omni 808 Investors, LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carter Bryant, an individual, | Case No. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| v. | |
| Mattel, Inc., a Delaware Corporation, | **DISCOVERY MATTER**<br>**To be heard by Discovery Master**<br>**Robert C. O'Brien** |
| Defendant. | |
| | **DECLARATION OF PETER N. VILLAR IN SUPPORT OF OMNI 808 INVESTORS, LLC'S OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FOR WHICH ANY CLAIMS OF PRIVILEGE HAVE BEEN WAIVED** |
| AND CONSOLIDATED ACTIONS. | **Hearing:**<br>Date:   TBD<br>Time:   TBD<br>Place:  Arent Fox LLP |
| | **Phase 2:**<br>Discovery Cut-off:         Dec. 11, 2009<br>Pre-trial Conference:     March 1, 2010<br>Trial Date:                     March 23, 2010 |

A/73085545.1

I, Peter N. Villar, hereby declare as follows:

1. I am a partner at the law firm of Bingham McCutchen LLP and counsel of record for Omni 808 Investors, LLC ("Omni"). I make this declaration in support of Omni's Opposition to Mattel, Inc.'s Motion to Compel Production of Documents for Which Any Claims of Privilege Have Been Waived. I have personal knowledge of the matters stated herein, and if called upon could and would testify competently to them.

2. On March 10, 2009, the Discovery Master issued Order No. 3 requiring Omni to produce certain categories of non-privileged documents within 30 days. The Discovery Master subsequently issued Order No. 21 granting Omni a brief extension of time to produce its documents until April 28, 2008.

3. On April 28, 2009, Omni produced more than 10,000 pages of documents to Mattel pursuant to Discovery Master Orders No. 3 and 21.

4. On May 5, 2009, Mattel's counsel sent us a letter threatening to file a motion deeming Omni to have waived its privileges because it had not served a privilege log. On May 7, 2009, I promptly responded to Mattel's May 5 letter assuring Mattel's counsel that "we are in the process of preparing a privilege log so your motion is unnecessary." A true and correct copy of my letter dated May 7, 2009 is attached hereto as Exhibit 1.

5. Following the expiration of the Court's discovery stay, on June 22, 2009, in accordance with Discovery Master Orders Nos. 27, 37 and 38, Omni made its supplemental production of documents to Mattel. In addition to its supplemental production of documents, I sent a letter to Mattel's counsel stating "We are in the process of updating and completing our privilege log and will serve it once it's completed." A true and correct copy of my letter dated June 22, 2009 is attached hereto as Exhibit 2.

6. Mattel's counsel did not respond to my letter dated June 22, 2009 (Exhibit 2) or make any further inquires regarding the privilege log.

A/73085545.1

- 1 -

7. On June 29, 2009, upon receipt of Mattel's electronic notice of motion, I immediately sent another letter to Mattel's counsel stating "we just informed you last week that we are in the process of updating and completing our privilege log in accordance with Omni's supplemental production of documents. We should be able to send it to you by tomorrow." A true and correct copy of my letter dated June 29, 2009 is attached hereto as Exhibit 3.

8. As promised, Omni served its privilege log on June 30, 2009, setting forth the author, recipients, dates and descriptions of all privileged documents.

9. Despite never responding to my June 22 or June 29 letters, and despite receiving Omni's privilege log on June 30, Mattel has refused our requests to withdraw its motion.

10. Our firm has spent in excess of 15 hours responding to Mattel's motion and expects to spend additional time preparing for and attending the hearing. Our average hourly billable rate in connection with this motion is $500. Therefore, Omni has incurred attorney fees in excess of $7,500 in connection with Mattel's motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on July 7, 2009.



Peter N. Villar

# EXHIBIT 1


# BINGHAM

Peter N. Villar
Direct Phone: 714.830.0640
Direct Fax:     714.830.0719
peter.villar@bingham.com

May 7, 2009

**Via Email: dylanproctor@quinnemanuel.com**
**Via Facsimile:  (213) 443-3100**

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

**Re:   Mattel, Inc. v. MGA Entertainment, Inc. et al.**

Dear Dylan:

I am in receipt of your letter dated May 5, 2009. You seem more intent on creating a dispute than resolving one.

In the first paragraph of your letter, you assert that Omni 808 did not produce a privilege log with its "belated production as required by the Discovery Master's Orders …" However, as you know, Omni's production occurred on April 28, 2009, in compliance with the Discovery Master's Order No. 21. Also, neither of the Discovery Master's Orders (Nos. 3 and 21) even mentions a privilege log.

In the second paragraph of your letter, you assert that Omni's "time to meet and confer has passed." I assume you are referring to an arbitrary "time period" set by Mattel, and not to any statutory meet and confer timeframe, so I respectfully disagree. You also cite to a case which, on its face, has no application to these circumstances.

In all events, we are in the process of preparing a privilege log so your motion is unnecessary. But, if it is more important to you and your client to file a motion than to resolve a dispute (which appears to be your modus operandi), I am available to "meet and confer" almost any time on Friday, May 15. Please let me know if that will be necessary.

Sincerely,

Peter N. Villar

cc:   Todd E. Gordinier, Esq.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

A/73031547.1

# EXHIBIT 2

# BINGHAM

Peter N. Villar
Direct Phone:  714.830.0640
Direct Fax:    714.830.0719
peter.villar@bingham.com

June 22, 2009

**Via Hand Delivery**

John Quinn, Esq.
Michael Zeller, Esq.
Quinn, Emanuel, Urqhart, Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

**Re:  Mattel, Inc. v. MGA Entertainment, Inc., et al**

Counsel:

Pursuant to the Discovery Master's Order No. 27, enclosed is Omni 808 Investors, LLC's supplemental production of documents (Bates Nos. OMNI0010220-OMNI0010382). Also enclosed are Vision Capital, LLC's production of documents (Bates Nos. VISION000001-VISION000149). Finally, Omninet Capital, LLC has no responsive documents beyond those already produced by Omni 808 Investors, LLC.

We are in the process of updating and completing our privilege log and will serve it once it's completed.

Sincerely,

Peter N. Villar

Enclosures

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

A/73066426.1

# EXHIBIT 3

# BINGHAM

Peter N. Villar
Direct Phone: 714.830.0640
Direct Fax: 714.830.0719
peter.villar@bingham.com

**Via Email and Facsimile**

June 29, 2009

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re: Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Mr. Proctor:

We are in receipt of your notice of motion to compel the production of privileged documents including attorney-client communications between Omni 808 and its attorneys. Your motion is not only frivolous, but it also comes as a surprise given that we have not met and conferred and, more importantly, that we just informed you last week that we are in the process of updating and completing our privilege log in accordance with Omni's supplemental production of documents. We should be able to send it to you by tomorrow. Given these circumstances, we request that you immediately withdraw your motion.

Sincerely,

Peter N. Villar

cc: Todd E. Gordinier, Esq.
Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

A/73079077.1