1  PATRICIA L. GLASER (Bar No. 055668)
   pglaser@glaserweil.com
2  GLASER WEIL FINK JACOBS & SHAPIRO
   10250 Constellation Blvd., 19th Floor
3  Los Angeles, California 90067
   Telephone: (310) 553-3000
4  Facsimile: (310) 557-9815

5  RUSSELL J. FRACKMAN (Bar No. 49087)
   rjf@msk.com
6  PATRICIA H. BENSON (Bar No. 60565)
   phb@msk.com
7  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
8  Los Angeles, California 90064-1683
   Telephone: (310) 312-2000
9  Facsimile: (310) 312-3100

10  Attorneys for The MGA Parties For Phase Two

11

12                UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
13                     EASTERN DIVISION

14  CARTER BRYANT, an individual,      CASE NO.  CV 04-9049 SGL (RNBx)

15          Plaintiff,                 Consolidated with
                                       Case No.  CV 04-09059
16       v.                            Case No.  CV 05-02727

17  MATTEL, INC., a Delaware           DISCOVERY MATTER
    corporation,                       [To Be Heard By Discovery Master
18                                     Robert O'Brien Pursuant To Order Of
                                       January 6, 2009]
19          Defendant.
                                       DECLARATION OF JEAN PIERRE
20  AND CONSOLIDATED CASES             NOGUES IN SUPPORT OF MGA
                                       ENTERTAINMENT, INC.'S
21                                     OPPOSITION TO MATTEL, INC.'S
                                       MOTION FOR PROTECTIVE
22                                     ORDER RE: MGA'S FIRST SET OF
                                       PHASE 2 INTERROGATORIES
23
                                       [Opposition and Declarations of Robert J.
24                                     Herrington and Caroline H. Mankey Filed
                                       Concurrently]
25
                                       Date:   TBD
26                                     Time:   TBD
                                       Place:  TBD
27
                                       Phase 2
28                                     Discovery Cutoff:    December 11, 2009
                                       Pretrial Conference: March 1, 2010
                                       Trial Date:          March 23, 2010

Mitchell
Silberberg &
Knupp LLP

2293384.1

DECLARATION OF JEAN PIERRE NOGUES IN SUPPORT OF MGA'S OPPOSITION TO MATTEL'S
MOTION FOR PROTECTIVE ORDER REGARDING MGA'S FIRST SET OF PHASE 2 INTERROGATORIES

1    I, JEAN PIERRE NOGUES, declare:

2        1.    I am an attorney at law duly licensed to practice law in the State of

3    California and before this Court. I am, through my professional corporation, a

4    partner in the law firm of Mitchell, Silberberg & Knupp LLP, attorneys of record

5    for the MGA Parties. I have personal knowledge of the following facts and, if

6    called and sworn as a witness, could and would competently testify thereto.

7        2.    I was the attorney for MGA primarily responsible for meeting and

8    conferring with Mattel's counsel regarding Mattel's Responses to MGA's First Set

9    of Phase 2 Interrogatories and MGA's Second Set of Phase 2 Requests for

10   Production.

11       3.    During this meeting and conferring, I primarily corresponded and

12   spoke with Marshall M. Searcy III of Quinn Emanuel, Mattel's counsel.

13       4.    During this meet and confer process, Mattel's counsel never once

14   mentioned, either telephonically or via letter or email, that it intended to or even

15   contemplated filing a Motion for Protective Order. Instead, Mr. Searcy and I met

16   and conferred solely about Mattel's objections and responses to the Interrogatories

17   and Requests at issue and MGA's expected Motion to Compel. Neither I nor any

18   other representative of MGA, to my knowledge, had the slightest notice that Mattel

19   intended to file this Motion for Protective Order prior to the time when Mattel filed

20   it.

21       5.    Attached hereto as Exhibit 1 is a true and correct copy of the

22   Stipulation for Appointment of a Discovery Master, dated Dec. 6, 2006.

23       6.    Attached hereto as Exhibit 2 is a true and correct copy of the Order

24   Appointing Discovery Master, dated Jan. 6, 2009.

25       7.    Attached hereto as Exhibit 3 is a true and correct copy of a portion of

26   the Transcript of February 11, 2009 Hearing.

27

28

Mitchell
Silberberg &
Knupp LLP

2293384.1

1

DECLARATION OF JEAN PIERRE NOGUES IN SUPPORT OF MGA'S OPPOSITION TO MATTEL'S
MOTION FOR PROTECTIVE ORDER REGARDING MGA'S FIRST SET OF PHASE 2 INTERROGATORIES

1    8.    Attached hereto as Exhibit 4 is a true and correct copy of the caption

2    page to Mattel, Inc.'s First Set of Interrogatories (Phase 2) to Isaac Larian.

3        9.    Exhibit 5 hereto has been left intentionally blank.

4        10.    Attached hereto as Exhibit 6 is a true and correct copy of MGA

5    Entertainment, Inc.'s Motion to Compel Production of Documents and Things

6    from MGA's Second and Fifth Sets of Requests for Production and Responses to

7    MGA's Second Set of Interrogatories to Mattel, Inc.

8        11.    Attached hereto as Exhibit 7 is a true and correct copy of Mattel,

9    Inc.'s Opposition to MGA Entertainment Inc.'s Motion to Compel Production of

10    Documents and Things from MGA's Second and Fifth Sets of Requests for

11    Production and Responses to MGA's Second Set of Interrogatories to Mattel, Inc.

12        12.    Attached hereto as Exhibit 8 is a true and correct copy of the prior

13    Discovery Master's Order Granting Joint Motion for Protective Order Regarding

14    Mattel's Interrogatories; Denying Mattel's Motion to Compel Interrogatory

15    Responses, dated Sept. 5, 2007.

16        13.    Attached hereto as Exhibit 9 is a true and correct copy of Order No.

17    11, dated March 30, 2009.

18        14.    Attached hereto as Exhibit 10 is a true and correct copy of Mattel,

19    Inc.'s Notice of Motion and Motion to Enforce Order Compelling MGA to Provide

20    Discovery, to Compel Responses to Contention Interrogatories by MGA and for

21    Sanctions.

22        15.    Attached hereto as Exhibit 11 is a true and correct copy of MGA's

23    Opposition to Mattel's Motion to Enforce and Compel Re Trade Dress

24    Interrogatories

25        16.    Attached hereto as Exhibit 12 is a true and correct copy of Mattel's

26    Reply in Support of Mattel, Inc.'s Motion to Enforce Order Compelling MGA to

27

28

Mitchell
Silberberg &
Knupp LLP

2293384.1

2

1 Provide Discovery, to Compel Responses to Contention Interrogatories by MGA

2 and for Sanctions.

3     17.    Attached hereto as Exhibit 13 is a true and correct copy of Order No.

4 17, dated April 14, 2009.

5     18.    Attached hereto as Exhibit 14 is a true and correct copy of the Order

6 Granting Mattel's Motion to Compel Production of Documents and Interrogatory

7 Responses by MGA, dated May 15, 2007.

8     19.    I and my colleague, Andrew Spitser, have spent well over 10 hours

9 responding to Mattel's Motion for Protective Order.  The cost to MGA of

10 responding to the motion is, therefore, well in excess of $4000.

11

12     I declare under penalty of perjury under the laws of the United States of

13 America that the foregoing is true and correct.

14     Executed this _7th_ day of July, 2009, at Los Angeles, California.

15

16                                              Jean Pierre Nogues

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

2293384.1

3

DECLARATION OF JEAN PIERRE NOGUES IN SUPPORT OF MGA'S OPPOSITION TO MATTEL'S
MOTION FOR PROTECTIVE ORDER REGARDING MGA'S FIRST SET OF PHASE 2 INTERROGATORIES

# EXHIBIT 1

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT 1

# TO DECLARATION OF

# JEAN PIERRE NOGUES



1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 090378)
      (johnquinn@quinnemanuel.com)
3     Michael T. Zeller (Bar No. 196417)
      (michaelzeller@quinnemanuel.com)
4     Jon D. Corey (Bar No. 185066)
      (joncorey@quinnemnanuel.com)
5   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
6   Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
7   Attorneys for Mattel, Inc.

8   [Additional counsel listed on following page]

9

10                  UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12  CARTER BRYANT, an individual,          )   Case No. CV 04-09049 SGL (RNBx)
                                           )
13                   Plaintiff,            )   Consolidated with
                                           )   Case No. CV 04-09059
14           v.                            )   Case No. CV 05-02727
                                           )
15  MATTEL, INC., a Delaware               )   STIPULATION FOR APPOINTMENT
    corporation,                           )   OF A DISCOVERY MASTER; AND
16                                         )
                     Defendant.            )   [PROPOSED] ORDER
17                                         )
                                           )   Discovery Cutoff Date: Not Set
18                                             Trial Date: Not Set

19

20

21

22

23

24

25

26

27

28

Exhibit 1
page 4

1   LITTLER MENDELSON
        Robert F. Millman (Bar No. 062152)
2       Douglas A. Wickham (Bar No. 127268)
        Keith A. Jacoby (Bar No. 150233)
3   2049 Century Park East, 5th Floor
    Los Angeles, California 90067-3107
4   Telephone: (310) 553-0308
    Facsimile: (310) 553-5583
5
    Attorneys for Carter Bryant
6
    O'MELVENY & MYERS LLP
7       Diana M. Torres (Bar No. 162284)
    400 S. Hope Street
8   Los Angeles, California 90017
    Telephone: (213) 430-6000
9   Facsimile: (213) 430-6407

10  O'MELVENY & MYERS LLP
        Dale Cendali
11  Times Square Tower
    7 Times Square
12  New York, NY 10036

13  CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
        Patricia Glaser (Bar No. 55668)
14  10250 Constellation Boulevard - 19th Floor
    Los Angeles, CA 90067
15  Telephone: (310) 553-3000
    Facsimile: (310) 556-2920
16
    Attorneys for MGA Entertainment, Inc.
17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 1
page 5

1    WHEREAS, the parties are in agreement that a discovery master should be

2    appointed in this matter to resolve any discovery disputes and to minimize the

3    burden on the Court; and

4    WHEREAS, the parties have agreed upon a nominee, Hon. Edward A. Infante

5    (Ret.), and he has agreed to serve as a discovery master in this matter;

6    NOW, THEREFORE, to facilitate the fair and efficient completion of pre-

7    trial discovery, the parties Mattel, Inc. and Carter Bryant and MGA Entertainment,

8    Inc., by and through their respective counsel of record, hereby stipulate and agree as

9    follows:

10    1.    The Discovery Master shall be appointed to assure and provide cost-

11    effective discovery and to minimize the burden of discovery disputes upon the

12    Court. Any and all discovery motions and other discovery disputes in the above

13    captioned action shall be decided by a master ("Discovery Master") pursuant to

14    Federal Rule of Civil Procedure 53. Any motions currently pending before

15    Magistrate Judge Block shall be transferred to the Discovery Master. The moving

16    party shall provide to the Discovery Master all papers associated with each pending

17    motion.

18    2.    The Discovery Master shall be Hon. Edward A. Infante (Ret.). His

19    business address is: Two Embarcadero Center, Suite 1500, San Francisco, CA

20    94111.

21    3.    Judge Infante shall serve as the Discovery Master until all issues herein

22    have been finally disposed of or determined, or until he shall withdraw in

23    accordance with applicable law. If at any time he becomes unable to serve as the

24    Discovery Master, the parties shall confer to present an alternative agreed-upon

25    designee to the Court. In the event that the parties cannot agree to an alternate

26    designee, then the Court shall appoint a Discovery Master.

27    4.    The Discovery Master shall have the authority to set the date, time, and

28    place for all hearings determined by the Discovery Master to be necessary; to

Exhibit 1
page 6

1   preside over hearings (whether telephonic or in-person); to take evidence in

2   connection with discovery disputes; to issue orders resolving discovery motions

3   submitted to the Discovery Master; to conduct telephonic conferences to resolve

4   discovery disputes arising during depositions; to issue orders awarding non-

5   contempt sanctions, including, without limitation, the award of attorney's fees, as

6   provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and

7   recommendations, as appropriate.

8        5.     All discovery disputes shall be resolved by motion (except those arising

9   during a deposition which the Discovery Master determines can be resolved by

10  telephonic conference during the deposition).  The moving party shall first identify

11  each dispute, state the relief sought, and identify the authority supporting the

12  requested relief in a meet and confer letter that shall be served on all parties by

13  facsimile or electronic mail.  The parties shall have five court days from the date of

14  service of that letter to conduct an in-person conference to attempt to resolve the

15  dispute.  If the dispute has not been resolved within five court days after such

16  service, the moving party may seek relief from the Discovery Master by formal

17  motion or letter brief, at the moving party's option.  The opposing party shall have

18  five court days from the date of service of the motion or letter brief to submit a

19  formal opposition or response.  Any reply brief or letter brief shall be served within

20  three court days from the date of service of a formal opposition or response.  The

21  hearing on the motion shall take place within five court days of the service of any

22  reply brief or letter unless (a) the parties agree to another hearing date or agree that

23  no hearing is necessary; (b) the Discovery Master determines that no hearing is

24  necessary; or (c) the Discovery Master is not available, in which case the hearing

25  shall take place on the Discovery Master's first available date.  The foregoing shall

26  not prohibit (i) the parties from agreeing to alternate procedures, or (ii) a party from

27  seeking the Discovery Master's immediate resolution of a dispute or resolution of a

28  dispute upon shortened time upon a showing of good cause why a party would be

Exhibit 1
page 7

1   prejudiced absent prompt resolution.  Service of any document by fax or electronic

2   mail prior to 6:00 p.m. shall constitute service on that day.

3          6.     The Discovery Master's orders resolving discovery disputes, reports, or

4   recommendations pursuant to Rule 53(e) or (f) shall be treated as rulings made by a

5   Magistrate Judge of the United States District Court.  The Discovery Master shall

6   file each order, report, or recommendation pursuant to Rule 53(e) or (f) and serve

7   the parties within five court days of his/her decision on a matter.

8          7.     A court reporter shall transcribe any hearing or other proceeding before

9   the Discovery Master.

10         8.     The cost of any proceeding before the Discovery Master, including the

11  fees of the Discovery Master, the fees of court reporters who transcribe hearings or

12  other proceedings before the Discovery Master, and the fees of any other person

13  necessary to the efficient administration of the proceeding before the Discovery

14  Master, shall be paid one-half by Mattel, Inc., and one-half by MGA Entertainment,

15  Inc. and Carter Bryant unless, consistent with the Federal Rules of Civil Procedure,

16  the Discovery Master Orders otherwise.  By agreeing to share costs among the

17  parties, no party waives its right to seek recovery or reimbursement for such costs

18  from any other party.

19         9.     The Discovery Master shall be compensated according to his regular

20  hourly rate of $750.

21         10.    Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Discovery

22  Master shall proceed with all reasonable diligence.

23         11.    Based on an affidavit filed by Hon. Edward A. Infante pursuant to

24  28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not

25  aware that he has a relationship to the parties, to counsel, to the action, or to the

26  Court that would require disqualification of a judge under 28 U.S.C. § 455, and

27  based thereon the parties expressly waive any ground for disqualification disclosed

28  therein of Hon. Edward A. Infante to serve as master in these proceedings.  **Exhibit 1**
                                                                              **page 8**

12.   The Discovery Master shall not have ex parte communications with ~~the Court~~, a party or counsel.

13.   The Discovery Master shall preserve and maintain all documents and materials submitted by the parties as well as all orders, reports, and recommendations issued by the Discovery Master.  These documents, materials, orders, reports and recommendations shall be the record of the Discovery Master's activities, and shall be maintained in chronological order until the Discovery Master is informed by the parties that all issues herein have been finally disposed of and determined.

14.   The Discovery Master is hereby authorized to receive and consider information and documents designated "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS EYES ONLY" pursuant to the January 4, 2005 Stipulated Protective Order.  The Discovery Master agrees to be bound by the January 4, 2005 Order.

15.   All third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order.

Dated: November ___, 2006                    O'MELVENY & MYERS LLP

                                             By: _____
                                                 Diana Torres
                                                 Attorneys for MGA Entertainment, Inc.

Dated: November 29, 2006                     LITTLER MENDELSON

                                             By: _____
                                                 Douglas A. Wickham
                                                 Attorneys for Carter Bryant

STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER AND [PROPOSED] ORDER

Exhibit 1
page 9

1    Dated: ~~November~~ December 4, 2006        QUINN EMANUEL URQUHART
                                                 OLIVER & HEDGES, LLP
2

3                                                By: _Jon D. Corey_
                                                    Jon D. Corey
4                                                   Attorneys for Mattel, Inc.

5

6                                            ORDER

7    The foregoing Stipulation for Appointment of a Discovery Master is SO

8    ORDERED *as modified.*

9

10   Dated: _12-6-06._                       _S.G. Larson_
                                             Hon. Stephen G. Larson
11                                           United States District Court Judge

12

13

14                          CONSENT OF DISCOVERY MASTER

15       If appointed by the Court, I, the undersigned, consent to serve as Discovery

16   Mester in the above referenced proceeding consistent with this Order.

17

18   Dated: _12-5-06_                        _Edward A. Infante_
                                             Hon. Edward A. Infante (Ret.)
19

20

21

22

23

24

25

26

27

28

                                             STIPULATION FOR APPOINTMENT OF A DISCOVERY
                                             MASTER AND PROPOSED ORDER

                                                             **Exhibit 1**
                                                             page 10

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

    I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

    On December 5, 2006, I served the foregoing document described as STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND [PROPOSED ORDER on all interested parties in this action.

Keith A. Jacoby, Esq.                     Diana M. Torres, Esq.
Douglas Wickham, Esq.                     O'Melveney & Meyers
Littler Mendelson                         400 S. Hope Street
A Professional Corporation                Los Angeles, CA 90071
2049 Century Park East, 5th Floor         Phone: 213-430-6000
Los Angeles, California 90067-3107        Fax: 213-430-6407
Phone: 310-553-0308
Fax: 310-553-5583

[ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[X]   BY MAIL

[ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   BY TELECOPIER By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]   BY PERSONAL SERVICE I delivered such envelope by hand to the addressee.

Executed on December 5, 2006, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Cheri Hatch
Print Name

Signature

**Exhibit 1**
**page 11**

# EXHIBIT 2

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT 2

# TO DECLARATION OF

# JEAN PIERRE NOGUES

Exhibit 2
page 12

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    CV 04-09049 SGL(RNBx)                    Date: January 6, 2009

Title:    MATTEL, INC. V. MGA ENTERTAINMENT, INC., et al.
=========================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        James Holmes                          None Present
        Courtroom Deputy Clerk                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                             None Present

PROCEEDINGS:    **ORDER APPOINTING DISCOVERY MASTER**

        As in Phase 1 of this case, the Court intends to appoint a Discovery Master to govern any discovery disputes that might arise in Phase 2 of this case.  The appointment of the Discovery Master was made at the joint request of the parties in this case.  <u>See</u> Stipulation for Appointment of a Discovery Master and Order, December 6, 2006.

        Pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), the Court continues to believe that a Discovery Master, as opposed to the assigned Magistrate Judge, is necessary to address what MGA has aptly described to the Court as "the massive administrative burdens in time and labor necessary to deal with the enormous complexities, both legal and practical, of the issues in Phase 2" and the "sheer volume of complex civil discovery disputes likely to arise in Phase 2."  Based on the Court's experience in this case, there is no question that a Discovery Master is needed to "effectively and timely" address the anticipated discovery matters in this case.

        The Court previously submitted to all counsel of record the names of eight attorneys for consideration by the parties and invited counsel to submit, in camera, any objections to those attorneys to serve as a Discovery Master (or as a Special Master to oversee the implementation of the permanent injunction, if needed).  The Court has carefully considered the objections submitted.  Two of the individuals named were not the subject of an objection by any party.  Of those two, the Court selects Robert C. O'Brien of Arent, Fox to serve as Discovery Master for Phase 2 of this

MINUTES FORM 90                                     Initials of Deputy Clerk: jh
CIVIL -- GEN                        1

**Exhibit 2**
**page 13**

case.

The Discovery Master will serve under the terms and conditions of the Stipulation and Order dated December 6, 2006, the terms and conditions of which were previously agreed to by the parties. **The stay on discovery for Phase 2 of this case is hereby VACATED.**

Notwithstanding the parties' stated lack of objection to the appointment of Mr. O'Brien as Discovery Master, the Discovery Master is directed to promptly disclose to counsel for all parties any potential grounds for conflict of interest or disqualification, and the parties shall, within three days of receipt of said disclosure, submit any objection to the Court in camera.  A failure to object will be deemed by the Court as a waiver of any objections and consent to Mr. O'Brien to serve as Discovery Master.  The Discovery Master is further directed to contact counsel for all parties and resolve any and all outstanding discovery motions as expeditiously as possible.

IT IS SO ORDERED.

Exhibit 3
page 14

# EXHIBIT 3

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT 3

# TO DECLARATION OF

# JEAN PIERRE NOGUES

1

```
 1              UNITED STATES DISTRICT COURT

 2              CENTRAL DISTRICT OF CALIFORNIA

 3                    EASTERN DIVISION

 4                       - - -

 5        HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                       - - -

 7   MATTEL, INC.,                  )
                                    )
 8                   Plaintiff,     )
                                    )
 9           vs.                    )   No. CV 04-09049
                                    )
10   MGA ENTERTAINMENT, INC., ET. AL.,)
                                    )
11                   Defendants.    )
     _____)   Motions
12   AND CONSOLIDATED ACTIONS,      )
                                    )
13   _____)

14

15           REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                  Riverside, California

17              Wednesday, February 11, 2009

18                     10:03 A.M.

19

20

21

22

23            THERESA A. LANZA, RPR, CSR
             Federal Official Court Reporter
24             3470 12th Street, Rm. 134
             Riverside, California  92501
25                  951-274-0844
                 WWW.THERESALANZA.COM
```

Exhibit 3
page 15

2

```
 1   APPEARANCES:

 2   ON BEHALF OF MATTEL, INC.:

 3                         QUINN EMANUEL
                          By:  JOHN QUINN
 4                             DYLAN PROCTOR
                               MICHAEL T. ZELLER
 5                        865 S. FIGUEROA STREET,
                          10TH FLOOR
 6                        LOS ANGELES, California   90017
                          213-624-7707
 7

 8   ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
     (Outgoing)
 9                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                          BY:  THOMAS J. NOLAN
10                             JASON RUSSELL
                          300 SOUTH GRAND AVENUE
11                        LOS ANGELES, CALIFORNIA   90071-3144
                          213-687-5000
12

13   ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
     (Incoming)
14                         GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
                          BY:  JOEL KLEVENS
15                        10250 Constellation Boulevard
                          Los Angeles, California   90067
16                        310-553-3000

17                         MITCHELL, SILBERBERG & KNUPP LLP
                          BY:  RUSSELL J. FRACKMAN
18                        11377 West Olympic Boulevard,
                          Los Angeles, California   90064-1683
19                        310-312-2000

20
     ON BEHALF OF DEFENDANT GUSTAVO MACHADO:
21
                          OVERLAND BORENSTEIN SCHEPER & KIM LLP
22                        BY:  ALEXANDER H. COTE
                          601 West Fifth Street,
23                        12th Floor
                          Los Angeles, California   90071
24                        213-613-4660

25   /  /  /
```

**Exhibit 3**
**page 16**

3

```
 1                        I N D E X  (Continued)

 2

 3   APPEARANCES (continued):

 4

     On behalf of OMNI 808:
 5

 6                          BINGHAM McCUTCHEN LLP
                            BY:  Todd E. Gordinier
 7                          600 Anton Boulevard
                            Costa Mesa, CA  92626-1924
 8                          714-830-0622

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

ednesday, February 11, 2009                    Mattel vs. MGA Entertainmer

**Exhibit 3**
**page 17**

4

```
1                          I N D E X

2                                                    Page

3   Motions.....................................     4
```

Exhibit 3
page 18

90

1  with opposing counsel --

2          THE COURT:  I'm somewhat disappointed that the lead

3  counsel is not present here today, because this was the hearing

4  that was designated previously on several occasions as the time

5  that we would be discussing the resolution of Phase 1 and the          02:24

6  scheduling of Phase 2.  But I will give you some latitude on

7  that point.

8          MR. NOLAN:  I appreciate that, Your Honor.

9          On Friday we'll have our submissions.

10         Thank you very much.                                          02:24

11         THE COURT:  Very well.

12         The last issue I want to take up is the scheduling of

13  Phase 2 at this time, and I had asked counsel previously to

14  come prepared to discuss and to commit to those dates.

15         Essentially, I want to come up with five dates:  A           02:24

16  discovery cutoff date, a dispositive motion cutoff date, a

17  pretrial conference date, a trial date, and a mandatory

18  settlement conference cutoff date; so those are the five dates.

19         I'll hear from either side on this.

20         There's now nobody on the defense counsel table for           02:24

21  MGA.  This is somewhat disconcerting.  Someone is going to have

22  to come forward and pick this up.

23         (Laughter.)

24         MR. ZELLER:  One thing, Your Honor, if I may just

25  start with this.  The Court about a month ago lifted the            02:25

Exhibit 3
page 19

102

1    move forward.

2              MR. ZELLER:  Thank you, Your Honor.

3              THE COURT:  Thank you, counsel.

4              MR. FRACKMAN:  I'm last, and I think I'll be the

5    shortest.  On the issue of streamlining discovery, I've read                02:43

6    the Court's prior orders concerning the number of depositions,

7    for example, and I confess, I'm a bit confused.

8              We would request from the Court that there be a

9    reasonable limit placed on Phase 2 depositions.  I don't know

10   whether that comes to Your Honor or whether that goes to the                02:44

11   discover referee.

12             THE COURT:  In the first instance, that would go to

13   the discovery referee.  The limits that were placed were limits

14   that were placed on the earlier discovery phase.

15             To be clear again, I have placed no limits, no                    02:44

16   restrictions, other than what is set forth in the rules of

17   civil procedure and in local rule 37 on discovery from this

18   point until March 23rd.

19             If the parties wish to stipulate, they may.  If the

20   parties think that the Court needs to be involved in this in               02:44

21   the first instance, that needs to go to the Discovery Master.

22             MR. FRACKMAN:  I think we're prepared to follow the

23   federal rules, Your Honor.  Thank you.

24             THE COURT:  Very good.

25             MR. ZELLER:  I feel like I'm being more difficult at             02:44

Exhibit 3
page 20

103

1    the end than I should be.

2              Just so it's clear, because as I understood it,

3    there, of course, are the limits under the Federal Rules of ten

4    depositions.  We, of course, have -- and I thought that the

5    parties --                                                        02:45

6              THE COURT:  You did more than ten depositions.

7              MR. ZELLER:  Correct.  And I think both sides have.

8              THE COURT:  Yes.

9              MR. ZELLER:  Or then there were limits the Court did

10   put on the case, as we understood it; I want to say the number   02:45

11   was 24, but I could be off slightly, that the Court did modify

12   the limits already.

13             THE COURT:  I allowed for additional depositions.

14   But those were all in the context of the first phase.  We now

15   have new counsel coming in.  I'm certainly not going to suggest   02:45

16   you're all done with discovery.

17             MR. ZELLER:  Absolutely.

18             THE COURT:  Maybe I should.  Maybe I should say the

19   limits have all been filled in spades and we're done and let's

20   go to trial.                                                      02:45

21             MR. ZELLER:  That's what I'm trying to understand is

22   is the Court's view on this, because the Court had

23   previously -- and I don't recall the mechanics of how we got

24   there, but the Court essentially increased the limit to, I

25   think, 24.                                                        02:45

Exhibit 3
page 21

104

1        THE COURT:  Whatever limits I imposed, if I did not

2   use the precise language that I should have, let me make it

3   clear now:  That was applied to the discovery phase.  That's

4   now water under the bridge.  It is over.

5        We are starting with a clean slate, a new discovery          02:46

6   master, new counsel for MGA, and we are going to build this up

7   and we'll go from here.  If there's a discovery dispute, please

8   take it to the Discovery Master.

9        MR. ZELLER:  That helps clarify it quite a bit, Your

10  Honor.                                                            02:46

11       The other component is that at least with respect to

12  Phase 1, when we asked the question of where should we take a

13  request for leave to take additional depositions or serve

14  additional interrogatories and the like, the Court previously

15  directed that the motions be made to Your Honor.  And the Court  02:46

16  may recall that, in fact, in the first phase, Mattel did make

17  such a motion that was granted.

18       THE COURT:  Regarding what, again?

19       MR. ZELLER:  Increasing the limits.

20       THE COURT:  That is something which I am going to           02:46

21  change for this.  I think in the first instance that should be

22  directed to the Discovery Master.  You both have full right to

23  appeal any decision from that, but I think it's best that the

24  Discovery Master function essentially as the Magistrate Judge

25  in this case and handle all of those from the get-go.  And       02:47

Exhibit 3
page 22

105

```
 1    we'll go from there.

 2              MR. ZELLER:  Thank you.

 3              THE COURT:  Anything further?

 4              Thank you.  Good day.

 5

 6

 7

 8

 9

10                        CERTIFICATE

11

12    I hereby certify that pursuant to section 753, title 28, United
      States Code, the foregoing is a true and correct transcript of
13    the stenographically recorded proceedings held in the above-
      entitled matter and that the transcript page format is in
14    conformance with the regulations of the Judicial Conference of
      the United States.

15

16    _____              _____
      THERESA A. LANZA, CSR, RPR                     Date
17    Federal Official Court Reporter

18

19

20

21

22

23

24

25
```

Exhibit 3
page 23

# EXHIBIT 4
# TO DECLARATION OF
# JEAN PIERRE NOGUES

# EXHIBIT 4
# TO DECLARATION OF
# JEAN PIERRE NOGUES

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

|  |  |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| vs. | MATTEL, INC.'S FIRST SET OF INTERROGATORIES (PHASE 2) |
| MATTEL, INC., a Delaware corporation, |  |
| Defendant. |  |
| AND CONSOLIDATED ACTIONS |  |

PROPOUNDING PARTY:      Mattel, Inc.

RESPONDING PARTIES:     Isaac Larian

SET NO.:                ONE (Phase 2)

00811.GL578/2814351.1

# EXHIBIT 5

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT 5

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# Exhibit 5

# Left Intentionally Blank

EXHIBIT 5  PAGE 25

# EXHIBIT 6
# TO DECLARATION OF
# JEAN PIERRE NOGUES

# EXHIBIT 6
# TO DECLARATION OF
# JEAN PIERRE NOGUES

1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@glaserweil.com
3  GLASER, WEIL, FINK, JACOBS
     & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone:  310-553-3000
   Facsimile:   310-556-2920
6
7  Russell J. Frackman, State Bar No. 049087
   rjf@msk.com
8  MITCHELL, SILBERBERG & KNUPP, LLP
   11377 West Olympic Boulevard
9  Los Angeles, California 90064
   Telephone:  310-312-2000
10 Facsimile:   310-312-3100
11 Attorneys for the MGA Parties For Phase Two

12            UNITED STATES DISTRICT COURT, CENTRAL DISTRICT
13                   OF CALIFORNIA, EASTERN DIVISION

14 CARTER BRYANT, an individual          )  Case No. CV 04-9049 SGL (RNBx)
                                         )  Consolidated with: Case No. CV 04-
15              Plaintiff,               )  9059; Case No. CV 05-2727
                                         )
16      v.                               )  **DISCOVERY MATTER**
                                         )  [To Be Heard by Discovery Master
17 MATTEL, INC., a Delaware              )  Robert C. O'Brien Pursuant to Order
   Corporation                          )  of January 6, 2009]
18                                       )
                Defendant.               )  **MGA ENTERTAINMENT, INC.'S**
19                                       )  **MOTION TO COMPEL**
                                         )  **PRODUCTION OF DOCUMENTS**
20 ─────────────────────────────        )  **AND THINGS FROM MGA'S**
                                         )  **SECOND AND FIFTH SETS OF**
21 AND CONSOLIDATED ACTIONS              )  **REQUESTS FOR PRODUCTION**
                                         )  **AND RESPONSES TO MGA'S**
22                                       )  **SECOND SET OF**
                                         )  **INTERROGATORIES TO**
23                                       )  **MATTEL, INC.**
                                         )
24                                       )  Date:   TBD
                                         )  Time:   TBD
25                                       )  Place:  TBD
                                         )
26                                       )  [Honorable Stephen G. Larson]
                                         )  **Phase 2**
27                                       )  Discovery Cut-off: December 11, 2009
                                         )  Pre-Trial Conference: March 1, 2010
28                                       )  Trial Date: March 23, 2010

672844

MGA'S MOTION TO COMPEL RESPONSES TO MGA'S REQUESTS FOR PRODUCTION & SECOND SET OF INTERROGATORIES

EXHIBIT 6  PAGE 26

1   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2       PLEASE TAKE NOTICE that at a hearing before the Discovery Master Robert

3   O'Brien, occurring at a date and time to be set by the Discovery Master, MGA

4   Entertainment, Inc. ("MGA") will, and hereby does, move to compel Mattel, Inc.

5   ("Mattel") to: (1) produce all documents and things responsive to Request Nos. 153,

6   154, 158, 174, 175, 176 177 and 178 of MGA's Second Set of Requests for

7   Documents and Things and Request Nos. 486, 488 and 489 of its Fifth Set of

8   Requests for Documents and Things; and (2) respond to interrogatories 20, 21, 22, 23,

9   28 and 29 of its Second Set of Interrogatories.

10       This Motion is made pursuant to Federal Rules of Civil Procedure 33, 34, and

11   37 and pursuant to the Court's January 6, 2009 Order Appointing Discovery Master.

12       This Motion is based on this Notice of Motion and Motion, the accompanying

13   Memorandum of Points and Authorities, the Declaration of Caroline H. Mankey filed

14   concurrently herewith, the records and files of this Court, and all other matters of

15   which the Court may take judicial notice.

16               **Statement of Rule 37-1 Compliance**

17       The parties met and conferred regarding the issues in this Motion on March 25,

18   2009, March 31, 2009, April 13, 2009, April 16, 2009, April 17, 2009 and dates

19   thereafter.

20

21   Dated: April 20, 2009          Patricia L. Glaser

                             Joel N. Klevens

22                               GLASER, WEIL, FINK, JACOBS,

                              HOWARD & SHAPIRO, LLP

23

24                               Russell J. Frackman

                            MITCHELL, SILBERBERG & KNUPP, LLP

25

26                      By:      /s/ Joel N. Klevens

                            Joel N. Klevens

27                               Attorneys for the MGA Parties

                            for Phase Two

28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

MGA'S MOTION TO COMPEL RESPONSES TO MGA'S REQUESTS FOR PRODUCTION & SECOND SET OF INTERROGATORIES

672844

EXHIBIT 6  PAGE 27

## TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ............................................................. 1

II.   PROCEDURAL HISTORY ................................................................. 1

III.  STATEMENT OF RELEVANT FACTS ................................................ 2

   A.   Requests for Production of Documents and Things ........................ 2

   B.   Interrogatories ................................................................................. 2

IV.   ARGUMENT ....................................................................................... 3

   A.   Mattel Must Produce *All* Responsive Documents ....................... 3

      1.   Request for Production Nos. 148, 162, 486 and 489 ..................... 4

      2.   Request for Production No. 154 .................................................. 5

      3.   Request for Production No. 178 .................................................. 6

   B.   Mattel Should Be Compelled to Comply with Its Obligations To the Extent It Has Not Done So Before the Hearing on This Motion ............... 6

   C.   Mattel's Response to Interrogatory No. 1 Is Not An Adequate Response to Interrogatory Nos. 20, 21, 22, 23 or 28 ........................................ 7

   D.   MGA Is Entitled to a Full and Complete Response to Interrogatory No. 29 ....................................................................................................... 10

   C.   Mattel's Boilerplate Objections Should Be Rejected ........................ 12

V.    CONCLUSION ................................................................................... 15

672844

EXHIBIT 6  PAGE 28

## TABLE OF AUTHORITIES

### FEDERAL CASES

*A. Farber and Partners, Inc. v. Garber*,
    234 F.R.D. 186 (C.D. Cal 2006)..................................................12

*Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.*,
    175 F.R.D. 646 (C.D. Cal. 1997)................................................13

*City and County of San Francisco v. Tutor-Saliba Corp.*,
    218 F.R.D. 219 (N.D. Cal. 2003)................................................11

*Jackson v. Montgomery Ward & Co.*,
    173 F.R.D. 524 (D. Nev. 1997)..................................................12

*Keith H. v. Long Beach Unified School District*,
    228 F.R.D. 652 (C.D. Cal. 2005)................................................14

*O'Connor v. Boeing North American, Inc.*,
    185 F.R.D. 272 (C.D. Cal. 1999)................................................13

*Putnam v. Eli Lilly and Co.*,
    508 F. Supp. 2d 812 (C.D. Cal. 2007)..........................................14

*Swackhammer v. Sprint Corp PCS*,
    225 F.R.D. 658 (D. Kan. 2004)..................................................13

*Walker v. Lakewood Condominium Owners Ass'n*,
    186 F.R.D. 584 (C.D. Cal. 1999)................................................12

### STATE CASES

*Bathija v. Panoff Pub., Inc.*,
    2005 WL 2323298 (D. Alaska September 21, 2005)..............................11

[continued on next page]

672844

EXHIBIT 6  PAGE 29

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

## FEDERAL STATUTES

Fed. R. Civ. P. 33(a)(2) ..............................................................9, 13

Fed. R. Civ. P. 33(b)(4) ...................................................................12

Federal Rule of Civil Procedure 11 ...............................................11

Federal Rules of Civil Procedure 33, 34...........................................1

## STATE STATUTES

Cal. Civ. Code § 3426.1(d) ..........................................................8, 9

Cal. Civ. Code § 3426.1(d)(2) ......................................................5, 10

## MISCELLANEOUS

Miller & Marcus, Fed. Prac. and Proc.: Civil § 2167 at 247 (2d ed. 1994) ..............13

EXHIBIT 6  PAGE 30

## I. PRELIMINARY STATEMENT

By this motion to compel (the "Motion"), MGA Entertainment, Inc. ("MGA") seeks documents and interrogatory responses that are directly relevant to the claims and defenses as alleged in Mattel's Second Amended Answer and Counterclaims (the "SAAC"). The parties have met and conferred at length about these discovery requests. Although Mattel has agreed to provide further written responses and documents, MGA has a number of concerns which Mattel has not yet addressed. Accordingly, MGA brings this Motion in order to preserve its rights and ensure that Mattel complies with its representation that it will supplement its interrogatory responses, produce the documents at issue, and provide written confirmation that all responsive documents in Mattel's possession have been produced.

To the extent Mattel does not comply with its representations to provide further responses and documents by the time the Discovery Master hears this motion, MGA seeks an order compelling production within twenty-four hours of the Discovery Master's ruling.[1]

## II. PROCEDURAL HISTORY

This Motion concerns requests for production and interrogatories propounded by MGA upon Mattel between one-and-a-half and two years ago:

- MGA Entertainment, Inc.'s Second Set of Requests for Production of Documents and Things in Case No. 05-2727, dated March 27, 2007;
- MGA's Fifth Set of Requests for Production of Documents and Things in Case No. 05-2727, dated August 3, 2007; and
- MGA's Second Set of Interrogatories to Mattel, Inc., dated December 4, 2007.

(Declaration of Caroline H. Mankey ("Mankey Decl."), ¶ 2.) These requests that are the subject of this Motion all relate to MGA's defense of Mattel's Phase 2

---

[1] The parties are still working to resolve these issues informally. Mattel has represented that it will provide supplementary responses and documents by May 14, 2009 in response to the subject requests for production and interrogatories. As a result, MGA shall withdraw all or portions of its Motion in the event the parties are able to reach an agreement as to the discovery at issue.

EXHIBIT 6  PAGE 31

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  counterclaims. Although Mattel initially refused to respond to these discovery

2  requests and elected to make baseless objections instead, MGA was precluded from

3  seeking enforcement by the Court due to the February 4, 2008 Order placing a stay on

4  all Phase 2 discovery. (*Id.*) After the stay was lifted, MGA's Phase 2 counsel

5  initiated the meet and confer process as required by Rule 37-1. Because Mattel has

6  not committed to providing full and complete responses to MGA's discovery requests

7  in a timely manner, MGA seeks the Discovery Master's assistance by bringing this

8  Motion.

9  **III.   STATEMENT OF RELEVANT FACTS**

10      **A.   Requests for Production of Documents and Things**

11      Requests for Production 146, 148, 153, 154, 158, 160, 162, 174, 175, 176, 177,

12  178, 486, 488, 489 and 491 from MGA's Second and Fifth Sets of Requests for

13  Production go to the heart of Mattel's counterclaims. Indeed, Mattel did not

14  challenge any of these requests on the basis of relevance, but agreed to produce

15  documents responsive to them and asserted that documents responsive to the others

16  had either been produced already or do not exist in Mattel's possession, custody or

17  control. (Mankey Decl., ¶¶ 8, 9, Exhs. F, G.)

18      During the meet and confer process, Mattel indicated that it would either

19  produce non-privileged, responsive documents in its possession, custody or control or

20  provide written confirmation that it is not in possession, custody, or control of

21  responsive documents. (*Id.*) However, Mattel did not expressly state whether it will

22  produce *all* such responsive documents or whether it intends to withhold any

23  documents on the basis of any privilege or any purported objection. (Mankey Decl., ¶

24  11, Exh. I.)

25      **B.   Interrogatories**

26      The interrogatories at issue also go to the heart of Mattel's counterclaims –

27  most notably, its trade secret claims. Interrogatory No. 20 asks Mattel to identify

28  each alleged trade secret that Mattel claims has been misappropriated by the MGA

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

2

EXHIBIT 6   PAGE 32

1  Parties. (Mankey Decl., ¶ 4, Exh. B, Mattel's Responses to MGA's Second Set of
2  Interrogatories, p. 13.)  Interrogatory No. 21 seeks the identity of the people who had
3  access to each alleged trade secret and the dates that these people had the access. (*Id.*
4  at p. 14)  Interrogatory Nos. 22 and 23 ask Mattel to state all facts that support
5  Mattel's contentions: (1) that MGA misappropriated any alleged trade secret; and (2)
6  that these alleged trade secrets are protectable. (*Id.* at pp. 15-16.)  Interrogatory No.
7  28 seeks the complete factual basis for Mattel's counterclaims, including all facts,
8  documents, and witnesses that refer or relate to those counterclaims. (*Id.* at p. 20)
9  Finally, Interrogatory No. 29 asks Mattel to describe in detail any estimate or
10  calculation of damage, loss, etc., as a result of the MGA Parties' purported
11  wrongdoing, as alleged in Mattel's Counterclaims. (*Id.* at p. 21.)
12      Although Mattel has agreed to supplement its responses to these
13  interrogatories, Mattel has not yet done so and has not withdrawn its objections. (*See*
14  Mankey Decl., ¶¶ 10, 11, Exhs. H, I.)  Thus, MGA seeks an order compelling a full
15  and complete response to these interrogatories and an order overruling Mattel's
16  objections.

17  **IV.    ARGUMENT**

18      A.    Mattel Must Produce *All* Responsive Documents

19      During the parties' meet and confer, Mattel sought clarification of the term
20  "Mattel" because each set of requests for production defined the term slightly
21  differently.  In response, by letter dated April 14, 2009, MGA indicated that it will
22  agree to apply one definition of "MATTEL" to all of MGA's requests for production
23  currently at issue. (Mankey Decl., ¶ 9, Exh. G.)  Specifically, MGA agreed to define
24  "MATTEL" as follows:

25          "MATTEL," "YOU" or "YOUR" means the party Mattel, Inc. and any
26          of its past or present officers, directors, employees, parents, subsidiaries,
27          divisions, affiliates, predecessors-in-interest, and joint venture partners.

28

3

EXHIBIT 6  PAGE 38

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   (*Id.*) Mattel has not indicated whether it agrees to this definition or whether it intends

2   to withhold any documents from its production as a result of any objection to this

3   definition.

4       In fact, although Mattel has indicated that it will produce documents responsive

5   to Request for Production Nos. 146, 148, 153, 160, 162, 174, 175, 176, 178, 486, 488,

6   489 and 491, Mattel did not expressly state that it would produce *all* such responsive

7   documents or whether it intends to withhold any documents on the basis of any

8   privilege or objection (including to the definition of Mattel). (Mankey Decl., ¶¶ 10,

9   11, Exhs. H, I.) To the extent Mattel does not intend to produce all documents, MGA

10  seeks an Order compelling Mattel to produce *all* non-privileged documents

11  responsive to the subject requests for production.[2]

12         **1.**    <u>Request for Production Nos. 148, 162, 486 and 489</u>

13      As to certain specific requests, Mattel has indicated that it will produce

14  documents, but is vague as to the scope of documents it intends to produce in

15  response to those requests. With respect to Request for Production Nos. 148, 162,

16  486 and 489, Mattel has indicated that it "will produce responsive, non-privileged

17  documents regarding Mattel's *communications with law enforcement personnel* that

18  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

19  locate after a diligent search and reasonable inquiry, to the extent not previously

20  produced." (Emphasis added.) (Mankey Decl., ¶ 10, Exh. H.) However, the scope of

21  these requests is broader than just communications with law enforcement personnel.

22  Request Nos. 148 and 486 seek all documents relating to Mattel's involvement and

23  Mattel's agent's knowledge of or participation in the seizure, investigation or search

24  of materials at MGA Mexico. (Mankey Decl., ¶ 11, Exh. I.) Request Nos. 162 and

25  489 seek all documents relating to Mattel's involvement and Mattel's agent's

26  knowledge of or participation in the seizure by Canadian law enforcement authorities

27  [2]    To the extent Mattel withholds any documents on the basis of privilege, it must provide a

28  privilege log identifying those documents with sufficient detail.

EXHIBIT 6   PAGE 34

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  of a thumb drive from Brisbois. (Mankey Decl., ¶¶ 8, 11, Exhs. F, I.) Thus, MGA

2  seeks all documents responsive to these Requests, and not just the narrowed scope of

3  documents Mattel indicates it will produce and that the Discovery Master already

4  ordered Mattel to produce in his Order No. 6:

> Given Mattel's allegations regarding the theft of its trade secrets, its communications with law enforcement officials, and the overlap between the civil and criminal claims Mattel is pursuing, the Discovery Master concludes that, as a threshold matter, MGA has made a prima facie case that the Requests seeking the documents Mattel provided to law enforcement officials, as well as Mattel's communications with those officials, are reasonably calculated to lead to the discovery of admissible evidence regarding the claims to be adjudicated in Phase 2.

10  (Mankey Decl., ¶ 6, Exh. D, Phase 2 Discovery Matter Order No. 6, p. 11.)

11      **2.**    **Request for Production No. 154**

12      It is unclear which documents Mattel will produce in response to Request for

13  Production No. 154, which seeks all documents relating to persons "who had access

14  to the 2004 Sales Plan referred to in paragraph 62" alleged in Mattel's counterclaims.

15  (Mankey Decl., ¶ 8, Exh. F.) This Request is directly relevant to Mattel's claims that

16  its 2004 Sales Plan, which Mattel contends was misappropriated by MGA, contains

17  protectable trade secrets. *See* Cal. Civ. Code § 3426.1(d)(2) (requiring efforts to

18  maintain the "secrecy" of purported trade secrets).

19      During meet and confer discussions, Mattel requested that MGA limit the

20  temporal scope and definition of the term "access." (Mankey Decl., ¶ 10, Exh. H.) In

21  response, MGA agreed to narrow the request temporally to apply only to documents

22  predating the filing of Mattel's SAAC on July 12, 2007, so long as Mattel confirms

23  that it has no claims relating to the 2004 Sales Plan after this date. (Mankey Decl., ¶

24  11, Exh. I.) MGA also clarified that it seeks documents reflecting all persons to

25  whom Mattel gave the ability or permission to access the 2004 Sales Plan, but does

26  not seek information regarding persons who might have had access to the document

27  while it was in the possession of a person or entity other than Mattel, such as

28  government or court personnel, unless that access was given to them by Mattel. (*Id.*)

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

5

EXHIBIT 6 PAGE 35

1    Documents reflecting the time period before Mattel filed its counterclaims and
2 the people who had access to the 2004 Sales Plan are not only relevant, but critical to
3 MGA's defense because they may show, for example, that Mattel did not maintain the
4 2004 Sales Plan as confidential and, thus, that it does not contain protectable trade
5 secrets. Thus, Mattel should produce all non-privileged documents responsive to
6 Request No. 154 as narrowed by MGA.

7         3.    **Request for Production No. 178**

8    With respect to Request for Production No. 178, Mattel has indicated that it
9 will produce non-privileged, responsive documents "relating to the discovery of
10 MGA's thefts of trade secret and other confidential Mattel information . . . ."
11 (Mankey Decl., ¶ 10, Exh. H.)  However, the scope of this Request is much broader
12 than that.  Request for Production No. 178 seeks documents relating to "any
13 investigation, surveillance, inspection, inquiry, survey or analysis into the activities,
14 including but not limited to electronic and computer related activities," alleged in
15 Mattel's counterclaims. (Mankey Decl., ¶ 11, Exh. I.)  Mattel has offered no basis to
16 limit its production, thus, MGA seeks an order compelling Mattel to produce *all*
17 documents responsive to this Request.

18    **B.    Mattel Should Be Compelled to Comply with Its Obligations To the**
19           **Extent It Has Not Done So Before the Hearing on This Motion**

20    Mattel has agreed to produce non-privileged responsive documents in response
21 to most of MGA's requests for production and/or supplement its responses in writing
22 to confirm that it does not have any additional responsive documents in its possession,
23 custody, or control that have not been produced. (Mankey Decl., ¶ 10, Exh. H.)  To
24 the extent Mattel fails to produce these documents and/or provide a written
25 supplemental response confirming that it has produced all documents by the time the
26 Discovery Master rules on the instant Motion, MGA seeks an order compelling
27 Mattel to comply with its obligations within twenty-four hours of the Discovery
28 Master's Order.

6

MGA'S MOTION TO COMPEL RESPONSES TO MGA'S REQUESTS FOR PRODUCTION & SECOND SET OF INTERROGATORIES.

672844

EXHIBIT 6 · PAGE 36

1    Mattel will not be prejudiced by such an order given its agreement to provide

2  these documents and responses.  Moreover, Mattel has had more than adequate notice

3  of MGA's demands for these documents and written responses to be able to produce

4  these responses and documents immediately.  Not only were the requests for

5  production served during Phase 1, but MGA's initial meet and confer letter was sent

6  to Mattel on March 25, 2009.  (Mankey Decl., ¶ 8, Exh. F.)  Telephonic conferences

7  were then held on March 31, April 13, and April 16, 2009, this motion is being filed

8  on April 20, 2009, and this motion will not be heard until well after that, all of which

9  gives Mattel plenty of time to assemble and produce the relevant documents and

10  written responses that it has agreed to provide.  (Mankey Decl., ¶ 12.)

11    Absent such an order, MGA would be highly prejudiced in the event of

12  Mattel's failure to produce the agreed upon documents and written responses in a

13  timely fashion because MGA would then have to file an entirely new motion to

14  compel, months after having initiated the meet and confer process regarding these

15  requests in March 2009.  Indeed, such a failure by Mattel to produce documents and

16  written responses after agreeing to do so would only encourage Mattel to employ such

17  tactics in the future to avoid or delay its discovery obligations at MGA's expense and

18  to MGA's detriment in connection with its ongoing discovery and preparation for

19  trial.

20  **C.**    **Mattel's Response to Interrogatory No. 1 Is Not An Adequate**

21       **Response to Interrogatory Nos. 20, 21, 22, 23 or 28**

22    During the meet and confer process, Mattel contended that its response to

23  Interrogatory No. 1 was a complete answer to Interrogatory Nos. 20, 22, 23 and 28,

24  which seek detailed information supporting each of Mattel's counterclaims.  (Mankey

25  Decl., ¶¶ 3, 9, Exhs. A, G.)  Mattel also objected to these latter Requests on the basis

26  that they are duplicative.  (Mankey Decl., ¶ 5, Exh. C.)  Although Mattel appears to

27  have abandoned these objections by agreeing to provide further responses to these

28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
3104829000

7

672844

EXHIBIT 6  PAGE 37

1  interrogatories, MGA nonetheless seeks an order that the objections are overruled

2  because Mattel has not expressly withdrawn them.

3       Interrogatory No. 1 asked Mattel to state all facts and identify all documents

4  that support its contention that Mattel has suffered harm as a result of any act or

5  omission of MGA.  (Mankey Decl., ¶ 3, Exh. A.)  As discussed below, Mattel's

6  response to Interrogatory No. 1 is not responsive to Nos. 20, 22, 23 or 28.

7       The California Uniform Trade Secret Act ("CUTSA") defines a "trade secret"

8  as follows: .

9       "Trade secret" means information, including a formula, pattern,
        compilation, program, device, method, technique, or process, that:

10

11          (1) Derives independent economic value, actual or
            potential, from not being generally known to the public
            or to other persons who can obtain economic value from

12          its disclosure or use; and

13          (2) Is the subject of efforts that are reasonable under the
            circumstances to maintain its secrecy.

14

15  Cal. Civ. Code § 3426.1(d).  The disputed Interrogatories all seek to vet Mattel's trade

16  secret claims by requesting the type of information described by the statute.

17       Interrogatory No. 20 asks Mattel to identify "with specificity" each alleged

18  trade secret referred to in the SAAC as well as any related documents. . (Mankey

19  Decl., ¶ 4, Exh. B.)  Likewise, Interrogatory No. 23 seeks the complete factual basis

20  for Mattel's contention that the trade secrets that MGA purportedly stole are

21  protectable.  (Id.)  Finally, Interrogatory Nos. 22 and 28 request the factual bases for

22  Mattel's contention that MGA misappropriated any alleged trade secret and for its

23  counterclaims generally.  (Id.)

24       Information responsive to these interrogatories would include, for example, the

25  following types of facts: (1) each type of information that Mattel contends constitutes

26  a trade secret; (2) the independent economic value that Mattel purportedly derives

27  from keeping each of the alleged trade secrets from being generally known to the

28  public; (3) any steps Mattel has taken to ensure the secrecy of the alleged trade

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

8

672844

EXHIBIT 6   PAGE 38

1  secrets; and (4) individuals who had access to these purported trade secrets and

2  whether they were obligated or could be trusted to keep this information confidential.

3  Additionally, because MGA's Second Set of Interrogatories defines the term "factual

4  basis" to include identification of documents and witnesses with relevant information,

5  complete responses would provide this information as well. (Mankey Decl., ¶ 4, Exh.

6  B.)

7      Mattel's response to Interrogatory No. 1 does not adequately respond to these

8  interrogatories. As an initial matter, Mattel's response does not identify all

9  documents or witnesses related to each of its contentions. (Mankey Decl., ¶3, Exh.

10  A.) Moreover, the CUTSA statute is clear that the term "trade secret" refers to

11  specific information, not simply the documents which might contain that information.

12  *See* Cal. Civ. Code § 3426.1(d). Notwithstanding the fact that Mattel has provided a

13  20-page list of documents, MGA is not in a position to presume what trade secrets

14  those documents purportedly contain. (Mankey Decl., ¶ 3, Exh. A.) Finally, as the

15  Discovery Master has already ruled in relation to prior discovery disputes, if an

16  interrogatory is truly duplicative of a prior request, the responding party "should be

17  able to respond to the latest interrogatories by cutting and pasting its responses to the

18  prior interrogatories." (Mankey Decl., ¶ 7, Exh. E, Phase 2 Discovery Matter Order

19  No. 17, p. 22 n.10.)

20      Mattel also objects to Interrogatory No. 22, which asks for the complete factual

21  basis underlying its contention that MGA misappropriated any alleged trade secret, on

22  the basis that it seeks "facts that are known to or in the possession, custody or

23  control" of MGA. (Mankey Decl., ¶ 5, Exh. C.) It is Mattel's burden to identify and

24  establish trade-secret protection over the information that MGA purportedly

25  misappropriated and it is Mattel's obligation to disclose such information in response

26  to MGA's interrogatory. As discussed in further detail below, contention

27  interrogatories are expressly authorized by the Federal Rules of Civil Procedure. Fed.

28  R. Civ. P. 33(a)(2). Mattel may not limit its discovery obligations by dictating what

1  information MGA is entitled to receive or by asserting that the facts are already

2  known to MGA.

3      For the same reasons that MGA is entitled to the information sought by

4  Interrogatories 20, 22, 23 and 28, MGA is also entitled to information regarding each

5  person who has had access to each of Mattel's trade secrets and the dates upon which

6  they had such access, as sought by Interrogatory No. 21.  Such information is clearly

7  relevant under the CUTSA statute, which requires efforts to maintain the "secrecy" of

8  purported trade secrets.  *See* Cal. Civ. Code § 3426.1(d)(2).  A detailed list of

9  individuals who had access (and when they had such access) to Mattel's alleged trade

10 secrets is highly relevant to MGA's defense of Mattel's misappropriation claims as

11 they may demonstrate that Mattel did not take efforts to maintain the secrecy of its

12 purported trade secrets.  This information is not provided in Mattel's supplemental

13 response to Interrogatory No. 1 and should be disclosed to MGA.  (Mankey Decl., ¶

14 3, Exh. A.)  Thus, Mattel's response to Interrogatory No. 1 does not fully respond to

15 Interrogatories Nos. 20, 21, 22, 23 and 28.

16     **D.    MGA Is Entitled to a Full and Complete Response to Interrogatory**

17         **No. 29**

18     Interrogatory No. 29 asks Mattel to describe in detail any estimate or

19 calculation of damages, loss, etc., it purports to have sustained in connection with its

20 counterclaims.  (Mankey Decl., ¶ 4, Exh. B.)  Even though Mattel has agreed to

21 supplement its response, MGA seeks an order to ensure that Mattel fully and

22 completely responds to this interrogatory.

23     Mattel initially refused to provide a responsive answer to this request because it

24 claimed that it has not yet completed its calculation of damages and because it seeks

25 information that is the subject of expert analysis and fact discovery from MGA that

26 has not yet been conducted.  (Mankey Decl., ¶ 9, Exh. G.)  None of these objections

27 absolves Mattel of its duty to provide responsive, non-privileged information that is

28 currently known.  The Discovery Master recently ruled that a party "cannot... assert

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

672844

EXHIBIT 6  PAGE 40

1   that the objection [based on expert testimony] permits it to withhold information that

2   is now available to it." (Mankey Decl., ¶ 7, Exh. E, Phase 2 Discovery Matter Order

3   No. 17, p. 21.)

4          Notwithstanding its ability to supplement its response later, Mattel must still

5   comply with its current discovery obligations to provide the full extent of information

6   relating to its damages estimates and calculations that is currently in its possession,

7   custody or control. *City and County of San Francisco v. Tutor-Saliba Corp.*, 218

8   F.R.D. 219, 221 (N.D. Cal. 2003) (holding that plaintiff should provide its assessment

9   of damages in light of the information currently available to it in sufficient detail);

10  *Bathija v. Panoff Pub., Inc.*, 2005 WL 2323298, at *1-2 (D. Alaska September 21,

11  2005) (granting defendant's motion to compel because plaintiff must provide the

12  specific facts on which it currently possesses and relies upon to support its

13  allegations, even if plaintiff supplements its response at a later date).

14         Certainly, Mattel has made *some* kind of estimate of damages it contends that it

15  has suffered as a result of the alleged acts of MGA and has *some* evidence to support

16  that estimate. Federal Rule of Civil Procedure 11 requires Mattel to have had some

17  basis for filing a counterclaim alleging damages purportedly caused by MGA. Mattel

18  asserted its counterclaims in 2006 – more than two years ago – and has had ample

19  time to assess its claim for damages. Certain of the information supporting Mattel's

20  damages analysis is necessarily in Mattel's possession, and not MGA's, such as

21  information regarding Mattel's purported lost profits, lost sales, decreased market

22  share, and various other sales, marketing and financial data that may support any

23  other alleged theory of damages. Mattel cannot withhold such evidence and

24  information from MGA simply because Mattel has not completed its own discovery

25  from MGA. MGA is entitled to all such information and evidence currently in

26  Mattel's possession, custody or control, even if it is not final or complete. Thus,

27  Mattel's supplemental response must provide a full and complete response to this

28  interrogatory.

672844

EXHIBIT 6  PAGE 41

## C.   Mattel's Boilerplate Objections Should Be Rejected

In its written objections to Interrogatory Nos. 20, 21, 22, 23, 28 and 29, Mattel also makes a number of improper boilerplate objections (set forth below); none of which is substantiated with any level of detail.  Because boilerplate objections are equivalent to "not making any objection at all" and because Mattel abandoned these objections by failing to raise them during the meet and confer process, such objections should be rejected and overruled by the Discovery Master.

Under the Federal Rules of Civil Procedure, "the grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  The courts have specifically held that "general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal 2006).  Stated another way, "boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999).  This constitutes waiver.

In fact, the Discovery Master has previously ruled that the failure to provide supporting evidence is fatal to an objection based on a claim of undue burden. (Mankey Decl., ¶ 7, Exh. E, Phase 2 Discovery Master Order No. 17, p. 23 (citing *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 528-9 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.").)  The Discovery Master has further ruled that a party cannot complain that interrogatories are unduly burdensome when the request simply seeks information regarding the extent and details of the responding party's claims." (*See id.*)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 6  PAGE 42

1   Furthermore, interrogatories that require a responding party to substantiate its

2   contentions are not objectionable on that basis alone. Fed. R. Civ. P. 33(a)(2) ("an

3   interrogatory is not objectionable merely because it asks for an opinion or contention

4   that relates to fact or the application of law to fact...."); *see O'Connor v. Boeing*

5   *North American, Inc.*, 185 F.R.D. 272, 280-281 (C.D. Cal. 1999) (interrogatory

6   asking responding party to describe each injury "which you contend was caused by

7   defendant's conduct" was proper). In fact, the courts have expressly held that under

8   Rule 33, "there is no... automatic rule that an interrogatory must be disallowed

9   merely because it calls for an opinion or contentions." *Cable & Computer*

10  *Technology, Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997)

11  (citing Wright, Miller & Marcus, Fed. Prac. and Proc.: Civil § 2167 at 247 (2d

12  ed.1994)). Because such interrogatories seek information related to the responding

13  parties own factual and legal contentions, "the burden [is] on the party opposing

14  discovery rather than... the proponent of the contention interrogatories to justify their

15  propoundment." *Id.* at 652. This policy is "consistent with Rule 11 of the Federal

16  Rules of Civil Procedure, [which requires that] plaintiffs must have some factual basis

17  for the allegations in their complaint...." *Id.*

18      In response to Interrogatory Nos. 20, 21, 22, 23 28 and 29, Mattel has made

19  various boilerplate objections:

20      • "unreasonably burdensome, [and] overbroad"

21      • "duplicative of other discovery requests propounded in this action"

22      • "compound"[3]

23

24

25  [3]   Mattel's "compound" objection is restricted to Interrogatory Nos. 28 and 29. As with prior
    discovery disputes, the Discovery Master should reject these objections on the ground that such
26  interrogatories "refer to one common theme and a common group, ...count as a single
    interrogatory," and are therefore proper. (Mankey Decl., ¶ 7, Exh. E, Phase 2 Discovery Matter
27  Order No. 17, p. 21-22 (citing *Swackhammer v. Sprint Corp PCS*, 225 F.R.D. 658, 644 (D. Kan.
    2004) ("[a]n interrogatory containing subparts directed at eliciting details concerning a 'common
28  theme' should generally be considered a single question")).)

13

672844

EXHIBIT 6  PAGE 43

1        •   "calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges"

2

3        •   "calls for the disclosure of confidential and/or proprietary information"

4        •   "purports to require Mattel to summarize all facts on" one or more subjects

5

6   (Mankey Decl., ¶ 5, Exh. C.)  In doing so, Mattel fails to:

7        •   explain how a particular interrogatory is burdensome or overbroad;

8        •   identify other discovery requests previously propounded by MGA that purportedly seek the same information;

9

10       •   explain how a request is compound and, if true, why that is improper;

11       •   describe how the attorney-client privilege or work-product doctrines are implicated by the interrogatory;

12       •   articulate what Mattel means by "other applicable privileges;" or

13       •   express how the interrogatory calls for the production of confidential or proprietary information.

14

15      Mattel's objection based on confidential and proprietary information is

16  particularly frivolous because Mattel acknowledges in its objections that the parties

17  have stipulated to, and the Court has entered, a Protective Order sufficient to protect

18  these interests.  (Mankey Decl., ¶ 5, Exh. C.)  The applicable case law is clear that

19  such protective orders alleviate any plausible concerns Mattel may have with respect

20  to confidentiality.  *See, e.g., Putnam v. Eli Lilly and Co.*, 508 F. Supp. 2d 812, 814

21  (C.D. Cal. 2007) (a protective order "can strike the appropriate balance between the

22  need for the information and the privacy concerns" of a party opposing discovery);

23  *Keith H. v. Long Beach Unified School District*, 228 F.R.D. 652, 658 (C.D. Cal. 2005)

24  (compelling production of records in light of redactions and "a protective order to

25  minimize any invasion of the students' privacy rights").  Accordingly, the parties to

26  this action have already produced volumes of documents containing "confidential

27  and/or proprietary information" under the designations "Confidential" and

28

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 6  PAGE 44

1   "Confidential – Attorneys' Eyes Only" as provided in the Protective Order.  The

2   interrogatories at issue here are no different.

3   **V.       CONCLUSION**

4           For the foregoing reasons, MGA respectfully requests that the Discovery

5   Master grant this motion in its entirety and order Mattel to:  (1) produce documents

6   and things responsive to MGA's Second Set of Requests for Documents and Things

7   and Fifth Set of Requests for Documents and Things, and/or provide written

8   confirmation that Mattel has no additional documents in its possession, custody, or

9   control responsive to these requests, which have not been produced; and (2) provide

10  full and complete supplemental responses to MGA's Second Set of Interrogatories.

11  Dated:  April 20, 2009                    Patricia L. Glaser
                                             Joel N. Klevens
12                                           GLASER, WEIL, FINK, JACOBS,
                                               HOWARD & SHAPIRO, LLP
13

14                                           Russell J. Frackman
                                             MITCHELL, SILBERBERG & KNUPP, LLP
15

16                                           By:  _____/s/ Joel N. Klevens_____
                                                  Joel N. Klevens
17                                                Attorneys for the MGA Parties
                                                  for Phase Two

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 6  PAGE 45

LAW OFFICES<br>GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP<br>10250 CONSTELLATION BOULEVARD<br>NINETEENTH FLOOR<br>LOS ANGELES, CALIFORNIA 90067<br>310.553.3000

1

## PROOF OF SERVICE

2  STATE OF CALIFORNIA

3  COUNTY OF LOS ANGELES

4      I am employed in the County of Los Angeles, State of California; I am over the age of 18
and not a party to the within action; my business address is 10250 Constellation Boulevard,
5  Nineteenth Floor, Los Angeles, California 90067.

6      On April 20, 2009, I served the foregoing document described as:

7  **MGA ENTERTAINMENT, INC.'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS AND THINGS FROM MGA'S SECOND AND FIFTH SETS
8  OF REQUESTS FOR PRODUCTION AND RESPONSES TO MGA'S
SECOND SET OF INTERROGATORIES TO MATTEL, INC.**
9

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope
10  addressed as follows:

11              **PLEASE SEE ATTACHED SERVICE LIST**

12  ☐  (BY MAIL) I am readily familiar with the business practice for collection and
processing of correspondence for mailing with the United States Postal Service.
13  This correspondence shall be deposited with the United States Postal Service this
same day in the ordinary course of business at our Firm's office address in Los
14  Angeles, California. Service made pursuant to this paragraph, upon motion of a
party served, shall be presumed invalid if the postal cancellation date of postage
15  meter date on the envelope is more than one day after the date of deposit for
mailing contained in this affidavit.
16

17  ☐  (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by
Federal Express, an express service carrier which provides overnight delivery, as
18  follows. I placed true copies of the foregoing document in sealed envelopes or
packages designated by the express service carrier, addressed to each interested
19  party as set forth above, with fees for overnight delivery paid or provided for.

20  ☒  (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to
the offices of the above named addressee.

21  ☒  (BY EMAIL) I caused such documents to be delivered via email to the
22  addressee(s).

23  ☐  (BY FACSIMILE) I caused such documents to be delivered via facsimile to the
offices of the addressee(s) at the following facsimile number:
24

Executed this 20rd day of April, 2009, at Los Angeles, California.

25      I declare under penalty of perjury under the laws of the State of California that the above is
26  true and correct.

27
28                          _____
                            ADIL M. KHAN

672844

EXHIBIT 6  PAGE 46

1

## SERVICE LIST

2  Robert C. O'Brien
   Discovery Master
3  Arent Fox LLP
   555 West 5th St., Suite 4800
4  Los Angeles, CA 90013
   **[By Personal Service on April 21, 2009]**

5

6  John Quinn, Esq.
   (johnquinn@quinnemanuel.com)
7  Jon D. Corey, Esq.
   (joncorey@quinnemanuel.com)
8  Michael T. Zeller, Esq.
   (michaelzeller@quinnemanuel.com)
9  Quinn Emanuel Urquhart Oliver & Hedges, LLP
   865 South Figueroa Street, 10th Floor
10 Los Angeles, CA 90017-2543
   **[By Email Service]**

11 Russell J. Frackman, Esq.
   (rjf@msk.com)
12 Patricia H. Benson, Esq.
   (phb@msk.com)
13 Mitchell, Silberberg & Knupp, LLP
   11377 W. Olympic Blvd.
14 Los Angeles, CA 90067
   (310) 312-2000
15 **[By Email Service]**

16 Thomas J. Nolan, Esq.
   (tnolan@skadden.com)
17 Raoul D. Kennedy, Esq.
   (rkennedy@skadden.com)
18 Jason D. Russell, Esq.
   (Jason.russell@skadden.com)
19 Skadden, Arps, Slate, Meagher & Flom LLP
   300 South Grand Avenue, Suite 3400
20 Los Angeles, CA 90071-3144
   (213) 687-5000
21 **[By Email Service]**

22 Mark E. Overland, Esq.
   moverland@obsklaw.com
23 Alexander H. Cote, Esq.
   acote@obsklaw.com
24 Overland Borenstein Scheper & Kim LLP
   601 W. 5th Street, 12th Floor
25 Los Angeles, CA 90017

26                      **[By Email Service]**

27

28

672844

EXHIBIT 6  PAGE 47