# EXHIBIT 11

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT 11

# TO DECLARATION OF

# JEAN PIERRE NOGUES

1  PATRICIA L. GLASER (Bar No. 055668)
   pglaser@glaserweil.com
2  GLASER WEIL FINK JACOBS & SHAPIRO
   10250 Constellation Blvd., 19th Floor
3  Los Angeles, California 90067
   Telephone: (310) 553-3000
4  Facsimile: (310) 557-9815

5  RUSSELL J. FRACKMAN (Bar No. 49087)
   rjf@msk.com
6  PATRICIA H. BENSON (Bar No. 60565)
   phb@msk.com
7  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
8  Los Angeles, California 90064-1683
   Telephone: (310) 312-2000
9  Facsimile: (310) 312-3100

10 Attorneys for Defendants
   MGA Entertainment, Inc., MGA Entertainment
11 HK, Ltd., MGAE De Mexico, S.R.L. De C.V., and
   Isaac Larian

12             UNITED STATES DISTRICT COURT

13      CENTRAL DISTRICT OF CALIFORNIA -- EASTERN DIVISION

14 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
15 |           Plaintiff,          | Consolidated with |
                                    | Case No. CV 04-09059 |
16 |              v.               | Case No. CV 05-02727 |
                                    | **DISCOVERY MATTER** |
17 | MATTEL, INC., a Delaware      | **[TO BE HEARD BY DISCOVERY** |
   | corporation,                  | **MASTER ROBERT O'BRIEN** |
18 |                               | **PURSUANT TO ORDER OF** |
   |           Defendant.          | **JANUARY 6, 2009]** |
19 |                               | **MGA'S OPPOSITION TO MATTEL'S** |
20 | AND CONSOLIDATED CASES        | **MOTION TO ENFORCE AND** |
   |                               | **COMPEL RE TRADE DRESS** |
21 |                               | **INTERROGATORIES** |
22                                   **[DECLARATION OF JEAN PIERRE**
                                     **NOGUES AND EVIDENTIARY**
23                                   **OBJECTIONS FILED**
                                     **CONCURRENTLY]**
24                                   Date:      April 21, 2009
                                     Time:      10:00 a.m.
25                                   Place:     Arent Fox LLP
                                     **Phase 2**
26                                   Discovery Cut-off:      Dec. 11, 2009
                                     Pre-Trial Conference:   March 1, 2010
27                                   Trial Date:             March 23, 2010

28

Mitchell
Silberberg &
Knupp LLP

2159926.1

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
TRADE DRESS INTERROGATORIES

EXHIBIT 11 PAGE 154

## TABLE OF CONTENTS

Page(s)

I.    INTRODUCTION.................................................................... 2

II.   STATEMENT OF RELEVANT FACTS ...................................... 5

III.  MATTEL HAS MISREPRESENTED THE PRIOR ORDER REGARDING INTERROGATORIES 43 AND 44, HAS MISREPRESENTED THAT MGA HAS "REFUSED" TO ANSWER THOSE INTERROGATORIES, HAS FILED AN UNNECESSARY MOTION, AND SHOULD BE SANCTIONED. ................................................................... 9

      A.    MGA Is Not In Violation Of Judge Infante's Order .............. 9

      B.    MGA Has Not "Refused" To Answer Interrogatory Nos. 43-44 ................................................................ 11

      C.    Sanctions And An Award Of Attorneys Fees Should Be Imposed On Mattel, Not MGA. ................................... 13

IV.   MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 51-55 AND 64 IS PROCEDURALLY IMPROPER AND SUBSTANTIVELY WITHOUT MERIT, AND SHOULD BE DENIED ...................... 16

      A.    Mattel's Motion To Overrule MGA's Objection Must Be Denied Because Mattel Failed To Comply With The Requirement To Meet and Confer In Good Faith............... 16

      B.    Each Of The Newly-Challenged Objections Is Valid And Proper ............................................................... 18

            1.    The Definitions Of "SOLD," "SELL," SALE" and "MATTEL" .............................................. 19

            2.    The Expert Witness Analysis Objection In Interrogatory Nos. 51 and 53 Is Proper ................... 20

            3.    Information Better Known to Mattel ..................... 21

            4.    Interrogatory Nos. 51-53 Are Compound ............... 22

            5.    Some of the Interrogatories Are Duplicative of Others Previously Asked and Answered ................. 23

            6.    MGA's Undue Burden Objections Are Well-Taken..... 24

            7.    MGA's Privilege Objections Should Not Be Overruled ............................................... 25

Conclusion ...................................................................... 26

i

Mitchell
Silberberg &
Knupp LLP

2159926.1

EXHIBIT 11 PAGE 155

1

## TABLE OF AUTHORITIES

2                                                                              **Page(s)**

3

4                                   **CASES**

5    *1st Technology LLC v. Bodog Entertainment Group S.A.,*
6        2009 WL 426605 (W.D. Wash. Feb. 19, 2009) ............................... 14

7    *AMF Inc. v. Sleekcraft Boats,*
8        599 F.2d 341 (9th Cir. 1979) ...........................................5, 25

9    *Coastal States Gas Corp. v. Department of Energy,*
10        84 F.R.D. 278 (D. Del., 1979) ........................................... 13

11    *Collaboration Properties, Inc. v. Polycom, Inc.,*
         224 F.R.D. 473 (N.D. Cal. 2004) .......................................23
12
13    *Durney v. Wave Crest Laboratories LLC,*
         441 F. Supp. 2d 1055, 1062 (N.D. Cal. 2005) .........................22
14
15    *In re Netflix Antitrust Litigation,*
         506 F. Supp. 2d 308 (N.D. Cal. 2007) .................................. 13
16
17    *Jada Toys v. Mattel, Inc.,*
         518 F.3d 628 (9th Cir. 2008) ...........................................22
18
19    *Little v. City of Seattle,*
         863 F.2d 681 (9th Cir. 1989) ........................................... 13
20
21    *Naviant Marketing Solutions v. Larry Tucker, Inc.,*
         339 F.3d 180 (3d Cir. 2003) ............................................ 18
22    *Orchid Biosciences, Inc. v. St. Louis University,*
23        198 F.R.D. 670 (S.D. Cal. 2001) ....................................... 13

24    *Robinson v. Potter,*
         453 F.3d 990 (8th Cir. 2006) ........................................... 18
25
                                  **STATUTES**
26
27    28 U.S.C. § 1927 ....................................................... 15

28

Mitchell
Silberberg &
Knupp LLP

2159926.1

ii

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
TRADE DRESS INTERROGATORIES

EXHIBIT 11 PAGE 156

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

Federal Rules of Civil Procedure
    26(c) ................................................................... 13, 14
    37(a) ................................................................... 16, 17
    37(B) ................................................................... 15
    53(c)(2) ............................................................... 15

## OTHER AUTHORITIES

Kendall et al., Matthew Bender Federal Practice Guide: Federal Civil
    Procedure in California § 22.40(4)(a) ................................. 13

Schwarzer, Tashima & Wagstaff, Federal Civil Procedure Before
    Trial (Rutter Group 2008 ¶ 11:2386 .................................... 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

2159926.1

iii

EXHIBIT 11 PAGE 157

## I.   INTRODUCTION

Mattel attempts to bury beneath a vitriolic brief and almost 700 pages of "exhibits" the real issue here:  Does it make any sense to require MGA to provide massive amounts of information about trade dress claims that, if Mattel is correct, will very shortly be dismissed on summary judgment *as a matter of law?*  Clearly, the answer is "no."

Despite Mattel's egregious distortions[1] and outright misrepresentations, MGA is *not* in violation of the prior Discovery Master's Order, nor has it "refused" to comply with that Order.  The prior Discovery Master never specified a date or time period after the Phase 2 discovery stay was lifted upon which MGA was supposed to provide further responses to Interrogatory Nos. 43 and 44.  MGA has *expressly* has represented that it *will* answer those interrogatories (as well as Interrogatory Nos. 51-55 and 64), and MGA has even proposed dates on which it will do so.

MGA's proposed response dates are the subject of a currently pending Motion for Protective Order that MGA filed one week *before* Mattel filed its Motion to Compel.  MGA's Motion for Protective Order asks the Discovery Master, among other things, to stay MGA's obligation to provide responses to Interrogatory Nos. 43, 44, 51-55 and 64 (the "Trade Dress Interrogatories") until the earlier of (1) 21 days after the Court decides Mattel's summary judgment motion, to the extent any trade dress claims remain, or (2) if the Discovery Master

---

[1] For example, Mattel begins its motion by suggesting that MGA has delayed providing answers to the subject interrogatories for "[a]lmost four years."  *See* Mattel Memo. of Points & Authorities at 1:5-7 ("Almost four years later, MGA still has yet to respond to Mattel's interrogatories...")  That is simply not true. There are two sets of interrogatories at issue – one served approximately *four months before the then-applicable discovery cut-off date* (March 3, 2008) and the other served *less than three months before that cut-off date. See* Watson Decl. in Support of Mattel's Motion, Ex. 1 at 17 (Mattel's Amended Fourth Set of Interrogatories was served October 23, 2007), Ex. 11 at 225-26 (Mattel's Supplemental Interrogatories were served January 9, 2008).

Mitchell
Silberberg &
Knupp LLP

2159926.1

1   denies MGA's request for such a Protective Order, 21 days after denial of the

2   Motion for Protective Order.

3        Given the pendency of MGA's Motion for Protective Order, it was

4   completely unnecessary for Mattel to move to compel responses to the Trade Dress

5   Interrogatories. *Whether* MGA will provide responses is not an issue. The

6   question of *when* MGA will do so will be decided when the present Discovery

7   Master rules on MGA's Motion for Protective Order. Accordingly, Mattel's

8   Motion is without any justification whatsoever, let alone the "substantial

9   justification" that the Federal Rules of Civil Procedure demand. Mattel should be

10  sanctioned not only for filing an utterly unnecessary motion, but also for blatantly

11  misrepresenting that MGA has "violated" a prior Order and "refused" to answer

12  Interrogatories 43 and 44.[2]

13       Mattel also should be sanctioned for filing this Motion insofar as it asks the

14  Discovery Master to overrule certain objections MGA made to Interrogatory Nos.

15  51-55 and 64, because Mattel *never* met and conferred with MGA about the

16  objections it now challenges Mattel makes yet another flagrant misrepresentation

17  when it contends that "MGA refused to discuss its specific objections to these

18  interrogatories or whether it would be standing on its remaining objections when it

19  did provide responses." Not surprisingly, Mattel does not (because it cannot)

20  proffer an iota of admissible evidence to support this assertion.[3] Mattel did not

21

22  [2] Mattel also attempted an end-run around the Discovery Master and *both* MGA's Motion for Protective Order *and* its own Motion to Compel. Two (court) days
23  after filing its Motion to Compel, Mattel filed an improper *ex parte* application asking Judge Larson to hold MGA in contempt for supposedly violating the prior
24  Discovery Master's Order regarding Interrogatory Nos. 43 and 44 – thus seeking to preempt the Discovery Master's ruling on the very same issue Mattel had already
25  raised in the instant Motion to Compel. The Court declined to hear the matter, instead referring it to the Discovery Master, to whom, the Court ruled, the matter
26  should have been addressed. *See* Declaration of Jean Pierre Nogues in Opposition to Motion to Compel ("Nogues Decl."), Exs. A and K.
27  [3] *See* MGA's Objections to Declaration of Declaration of Scott L. Watson In Supp. of Mattel's Motion ("Watson Decl."). Indeed, the exhibits attached to Mr.
28  (...continued)

Mitchell
Silberberg &
Knupp LLP

2159926.1

3

1  raise the subject of the objections it now challenges either in its initial meet and

2  confer letter[4] or thereafter.  Nor did Mattel's counsel even attempt to discuss those,

3  or any other, objections with MGA's counsel when the parties had their telephonic

4  meet and confer discussions about the Trade Dress Interrogatories.  Watson Decl.,

5  Ex. 15.  MGA's counsel did not "refuse" to discuss MGA's objections to

6  Interrogatories 51-55 and 64 because the topic *was never broached* by Mattel's

7  counsel after MGA responded to Mattel's request for a response date by proposing

8  a stay of trade dress discovery pending resolution of Mattel's summary judgment

9  motion.  *See* Nogues Decl., ¶ 7; Watson Decl., Exs. 17-19.

10      Failure to sanction Mattel and its counsel under the circumstances present

11  here will simply encourage them to continue bombarding MGA (and the Discovery

12  Master) with unnecessary discovery motions[5], to continue shading the truth, and to

13  continue flouting their obligation to meet and confer in good faith.  MGA

14  respectfully requests the Discovery Master to make it clear to Mattel and its

15  counsel that this type of behavior is simply not acceptable.

16

17

18

(...continued)
19  Watson's Declaration summarizing the February 6 meet and confer session  never
20  mention any alleged refusal to discuss objections to the Trade Dress
    Interrogatories.

21  [4] *Compare* Ex. 12 to Watson Decl. *with* Mattel Memorandum of Points and
    Authorities at 12:1-26:4.

22  [5] Indeed, one (court) day after filing *this*  unnecessary Motion to Compel, Mattel
23  advised MGA that was going to (and did) file a *third* motion on the *identical*
    interrogatories -- an *ex parte* application to the *District Court* seeking to hold
24  MGA in contempt for "violating" the prior Master's order to answer Interrogatory
    Nos. 43 and 44 –*precisely* the argument it has made in this Motion.  Nogues Decl.,
25  Ex. A.  The Court declined to rule on the matter, and referred it to the Discovery
    Master, holding that it should have been filed with the Discovery Master to begin
26  with.  Nogues Decl. Ex. K.

27

28

Mitchell
Silberberg &
Knupp LLP

2159926.1

4

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
TRADE DRESS INTERROGATORIES

EXHIBIT 11 PAGE 160

1  II.    STATEMENT OF RELEVANT FACTS[6]

2        **The Interrogatories.**  At issue in this Application are eight Interrogatories,

3   two (Nos. 43 and 44) propounded by Mattel on October 23, 2007, and six (Nos. 51

4   through 55 and 64) propounded on January 9, 2008.  Watson Decl., Exs. 1 and 12.

5   All of these interrogatories (the "Trade Dress Interrogatories") sought information

6   concerning MGA's claims that Mattel had wrongfully copied and diluted the trade

7   dress of MGA products.  Specifically, they sought: dates of conception of the

8   designs and products as to which MGA claims trade dress protection (Interrogatory

9   No. 43); dates the items MGA claims are protected were first "fixed" in tangible

10  form (Interrogatory No. 44); listings of Mattel products that infringed or diluted

11  MGA's products, designs, concepts and packaging (Interrogatory No. 51); units of

12  infringed products and items sold, and revenues, costs and profits relating to those

13  sales (Interrogatory No. 52); facts relating to application of *Sleekcraft* factors[7]

14  (Interrogatory No. 53); facts supporting allegations of willful copying and

15  infringement by Mattel (Interrogatory No. 54); and facts supporting MGA's

16  dilution allegations (Interrogatory No. 55) *Id.*  MGA initially objected to

17  Interrogatories 43 and 44 on November 15, 2007, and then supplemented its

18  responses on November 30, 2007 and January 8, 2008.  *Id.*, Exs. 3 and 7.[8]  MGA

---

[6] In order to avoid burdening the Discovery Master with duplicative paperwork, this Opposition will, whenever possible, cite to exhibits to the Watson Declaration filed in support of Mattel's Motion to Compel.

[7] In *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979), the Court listed eight factors that should be considered in assessing the likelihood of confusion between two marks: strength of mark, proximity of goods, similarity of marks, evidence of actual confusion, marketing channels used, degree of care exercised by purchaser, defendant's intent and likelihood of expansion of product line. *Id.* at 348-49.

[8] It bears noting that MGA already has provided millions of pages of documents and voluminous pages of interrogatory responses, not to mention hours of deposition testimony, concerning its trade dress claims. *See, e.g.*, February Order Watson Decl., Ex. 8, at 174:1-8 (denying Mattel's Motion to Compel further responses to Interrogatory Nos. 48-50: "[T]he MGA parties' responses identify Mattel's 'My Scene' fashion dolls and pet dolls as the Mattel products that infringe their trade dress.  The MGA parties also set forth the principal facts supporting (...continued)

Mitchell
Silberberg &
Knupp LLP

2159926.1

5

EXHIBIT 11 PAGE 161

1  served objections to Interrogatories 51-55 and 64 on February 8, 2008, after the

2  Court stayed all Phase 2 discovery.  Watson Decl., Ex. 12.

3      **The February 15, 2008, Order.**  In December 2007, Mattel filed a motion

4  to compel further responses to twenty-three interrogatories, including

5  Interrogatories 43 and 44.  Watson Decl., Ex. 4.  On February 15, 2008, the former

6  Discovery Master (Hon. Edward Infante), issued a lengthy order in which he

7  denied Mattel's motion as to seventeen interrogatories, and granted it as to six

8  (after narrowing one of them) (the "February Order").  *Id.*, Ex. 8.  Among the six

9  interrogatories as to which Judge Infante ordered supplemental responses were

10  Interrogatories 43 and 44.  The February Order directed that further supplemental

11  responses be provided by February 26, 2008.  *Id.*

12      **The Phase 2 Discovery Stay And The Clarification Order.**  On

13  February 4, 2008, the Court stayed all Phase 2 discovery.  Believing that the

14  February Order, insofar as it required responses by February 26, 2008 to certain

15  Interrogatories, including Nos. 43 and 44, was in conflict with the February 4,

16  2008 Stay of Phase 2 discovery, MGA moved for clarification to Judge Infante.

17  Judge Infante granted the Motion for Clarification and stayed MGA's obligation to

18  respond to those Interrogatories:

19          "Having reviewed the interrogatories at issue in this
            Motion for a second time, it is apparent that the
20          interrogatories are relevant primarily, if not exclusively,
            to Phase 2.... Accordingly, the MGA Parties' motion is
21          granted.  The MGA Parties' obligation to supplement
            their responses to Interrogatory Nos. 41, 43, and 44... are
22          hereby stayed until further order of the district court
            lifting the stay on Phase 2 discovery."
23
24

25

26  (...continued)

27  their contention that their trade dress is protectable under the applicable trade dress
    legal principles...")

28

Mitchell
Silberberg &
Knupp LLP

2159926.1

6

EXHIBIT 11 PAGE 162

1    April 22, 2008, Order re: Clarification (the "Clarification Order") (Watson Decl.,
2    Ex. 10, pp. 206-07).

3        **The Stay is Lifted But No New Response Date Is Ordered.**  On January 6,
4    2009, the Court lifted the discovery stay and appointed Robert O'Brien as
5    Discovery Master.  Watson Decl., Ex. 13.  Neither the Court nor the new
6    Discovery Master set a new deadline for compliance with the February Order, nor
7    did Mattel request either the Court or the Discovery Master to do so.  Thus, there is
8    no extant order requiring MGA to provide supplemental responses to the
9    Interrogatories by any specific date.

10        **Mattel Advises MGA That It Intends Immediately To Move For**
11    **Summary Judgment On MGA's Trade Dress Claims.**  The first meet and confer
12    letter Mattel sent after the Phase 2 stay was lifted did *not* pertain to discovery, but
13    to Mattel's intent to file a motion for summary judgment on MGA's trade dress
14    claims.  On January 8, 2009 (less than 48 hours after the stay had been lifted),
15    Mattel sent a letter to counsel for MGA announcing that it planned to move for
16    summary judgment on MGA's trade dress claims on the theory that the Phase 1
17    verdicts precluded MGA from claiming trade dress rights in Bratz products as a
18    matter of law.  Watson Decl., Ex. 16.  On February 18, 2009, Mattel's counsel
19    stated that the summary judgment motion would be filed within a week after the
20    Court ruled on pending post-trial motions.[9]

21        **Mattel Demands that MGA Provide Supplemental Responses to the**
22    **Trade Dress Interrogatories; The Parties Meet and Confer.**  In late January,
23    2009, Mattel sent letters to MGA's counsel inquiring when MGA would provide

24
25    [9]  The parties disagree about whether Mattel's counsel stated that its summary
     judgment motion would be filed within a week or within weeks of the Court's
26    decision on the pending Phase 1 matters.  *Compare* Watson Decl., Ex. 23 *with*
     Nogues Decl. Ex. D.  Either way, it is clear that Mattel plans to file the motion
27    quite promptly, and that with the current December 11, 2009, discovery cut-off,
     there will be ample time to deal with trade dress discovery after the Court rules on
28    that motion.

Mitchell
Silberberg &
Knupp LLP

2159926.1

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
TRADE DRESS INTERROGATORIES

EXHIBIT 11 PAGE 163

1   supplemental responses to the Trade Dress Interrogatories (thereby acknowledging

2   that there was no order requiring that responses to Interrogatories 43 and 44 be

3   provided by a specific date). Watson Decl., Exs. 14 and 15.

4          Thereafter, counsel met and conferred about the issue. Reasoning that it did

5   not make sense for MGA to provide detailed discovery that Mattel did not need for

6   its summary judgment motion, and whose relevance would depend on the outcome

7   of that motion, MGA proposed that the parties agree that supplemental responses

8   to the Interrogatories be provided within 30 days after the Court decided Mattel's

9   summary judgment motion. Watson Decl., Ex. 18. MGA's counsel said that if

10   Mattel were unwilling to agree, MGA would seek a protective order staying any

11   obligation to provide further responses to the Interrogatories until after a ruling on

12   the motion for summary judgment. *Id.*. Mattel's counsel said they would

13   "consider" MGA's proposal. *Id.*, Ex. 19. On February 12, 2009, Mattel rejected

14   MGA's proposal, and demanded that MGA provide its supplemental responses by

15   February 27. *Id.*, Ex. 21.

16          MGA then proposed that it respond to the Interrogatories (a) if its protective

17   order motion were denied, within 21 days after that denial, or (b) if the motion

18   were granted, within 21 days after the Court's decided Mattel's summary judgment

19   motion. *Id.*, Ex. 23. Mattel did not respond to that proposal. Nogues Decl. ¶ 8.

20   **MGA's Motion For Protective Order and Mattel's Motion To Compel.**

21   On February 27, 2009, MGA filed its Motion for a Protective Order, requesting

22   that the Discovery Master issue an order staying MGA's obligation to provide

23   further responses to the Trade Dress Interrogatories until 21 days after the Court

24   decided Mattel's motion for summary judgment or, if the Discovery Master denied

25   the Protective Order, 21 days after such denial. Nogues Decl. ¶ 9. The Discovery

26   Master set MGA's Motion for a hearing on April 14, 2009. Id., Ex. E.

27

28

Mitchell
Silberberg &
Knupp LLP

2159926.1

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
TRADE DRESS INTERROGATORIES

EXHIBIT 11 PAGE 164

1    Mattel filed its opposition to MGA's Motion on March 6, 2009. Nogues

2  Decl. ¶ 11. That same day, Mattel also filed its motion to compel further responses

3  to the Trade Dress Interrogatories. *Id.* ¶ 12.[10]

4  III.   **MATTEL HAS MISREPRESENTED THE PRIOR ORDER**

5         **REGARDING INTERROGATORIES 43 AND 44, HAS**

6         **MISREPRESENTED THAT MGA HAS "REFUSED" TO ANSWER**

7         **THOSE INTERROGATORIES, HAS FILED AN UNNECESSARY**

8         **MOTION, AND SHOULD BE SANCTIONED.**

9

10       A.    **MGA Is Not In Violation Of Judge Infante's Order**

11   Judge Infante's Order directing MGA to provide supplemental responses to

12  Interrogatories 43 and 44 (Ex. 8 to Watson Decl.) was issued on February 15,

13  2008, eleven days after Judge Larson had stayed Phase 2 discovery. The

14  February 15, 2008 Order did direct MGA to supplement those responses by

15  February 26, 2008. *Id. However*, Judge Infante subsequently *stayed* his own

16  Order, after "[h]aving reviewed the Interrogatories at issue for a second time," and

17  having concluded that Interrogatory Nos. 43 and 44 "are relevant primarily, if not

18

19  [10] Notwithstanding the pending motions before the Discovery Master, on March 9,

20  2009, Mattel's counsel informed MGA (for the first time) that Mattel would be
    filing an *ex parte* application with the Court "relating to MGA's continuing
    refusals and failures to comply with the Discovery Master's Order of February 15,

21  2008." Nogues Decl., Ex. F. Because Mattel's letter did not specify what
    "refusals and failures" it was referring to, MGA's counsel asked for an

22  explanation, pointing out that an ex parte application was inappropriate in light of
    the many months remaining until the discovery cut-off, and that any dispute about

23  Interrogatory Nos. 43 and 44 was already was pending before the Discovery
    Master. Nogues Decl., Ex. G. At approximately 9:30 p.m. that evening, Mattel

24  wrote a curt response confirming that its *ex parte* Application would be directed to
    Interrogatory Nos. 43 and 44, and that "unless MGA immediately stipulates to

25  fully and completely supplement its responses as ordered, Mattel will file its ex
    parte application tomorrow." *Id.*, Ex. H. Mattel manually filed its ex parte

26  Application at approximately 12:30 p.m. on Tuesday, March 10, 2009, but did not
    send it to MGA's counsel (via e-mail) until a few minutes before 5:00 p.m. *Id.*,

27  Exs. B and C. The Court declined to hear Mattel's ex parte application, referring
    it, instead, to the Discovery Master. *Id.* Ex. K.

28

Mitchell
Silberberg &
Knupp LLP

2159926.1

9

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
TRADE DRESS INTERROGATORIES

EXHIBIT 11 PAGE 165

1   exclusively, to Phase 2." Ex. 10 to Watson Decl. at 205:22-23 and 206:1-4.  The

2   former Discovery Master's Clarification Order expressly provided that "[t]he

3   MGA Parties' obligation to supplement their responses to Interrogatory Nos....43

4   and 44...[is] hereby stayed until further order of the district court lifting the stay on

5   Phase 2 discovery." *Id.* at 206:1-4.  The former Discovery Master did not include

6   any specific date, or time period, after the Phase 2 stay was lifted within which

7   MGA had to provide supplemental responses.

8          Mattel itself recognizes that there is no extant order setting a date by which

9   MGA must respond.  Thus, in its initial post-stay communication on the subject of

10  Interrogatory Nos. 43 and 44, Mattel's counsel wrote:

11              "On February 15, 2008, Judge Infante issued an order

12              compelling further responses to certain interrogatories

13              that Mattel had served.  By order dated April 22, 2008,

14              Judge Infante clarified that the obligations of MGA and

15              MGA Mexico to respond to certain interrogatories were

16              stayed, as part of Phase 2 discovery.  Now that the Phase

17              2 discovery stay has been lifted, please let me know

18              *when* we can expect the ordered supplemental

19              responses."

20  Ex. 14 to Watson Decl.)[11]  Mattel's counsel did not even intimate there was a

21  specific deadline for responding, and they certainly have never been shy about

22  demanding compliance with orders, or threatening MGA for alleged violations of

23  orders.  Absent an order *expressly mandating* an express response date, MGA is

24

25

26  [11] Despite these admissions and Judge Infante's ruling, Mattel has recently
    invented a theory that MGA was in contempt of Judge Infante's February Order
27  before he issue his Clarification Order.  *See* Mattel Brief in Support of its *Ex Parte*
    Application 9.  Clearly, Judge Infante did not think so.

28

Mitchell
Silberberg &
Knupp LLP

2159926.1

10

EXHIBIT 11 PAGE 166

1  not in "violation" of anything, contrary to Mattel's repeated assertions. *See, e.g.,*

2  Mattel Motion at 1:11, 9:17, 10:2.[12]

3      **B.**    **MGA Has Not "Refused" To Answer Interrogatory Nos. 43-44**

4      Mattel's contention that MGA has "refused" to supplement its responses to

5  Interrogatory Nos. 43 and 44 is belied by the very exhibits it proffers in support of

6  its Motion.  In his February 6, 2009 letter to Mattel's counsel, MGA's counsel,

7  Jean Pierre Nogues, confirmed what he had said during the telephonic meet and

8  confer discussion earlier that day:

9          "This will *confirm* MGA's proposal during our meet-

10         and-confer-session today that MGA *would provide*

11         *further responses to Mattel's Interrogatories 43, 44,* 51

12         through 55, and 64, all of which deal with MGA's trade

13         dress claims, *not later than 30 days after the Court*

14         *decides the trade dress summary judgment motion*

15         which Mattel has indicated it will be bringing...."

16         [¶] I also advised that if Mattel did not agree to this

17         proposal, MGA would make a motion for a protective

18         order that would defer its obligation to respond until after

19         the Mattel summary judgment motion is heard."

20

21

22 [12] In its *ex parte* Application to the District Court, Mattel made the astonishing argument that "[u]nder any possible reading or scenario, the deadline for

23 compliance is long past," but it carefully refrained from identifying what that deadline was, or when it had expired.  More important, at no time during the

24 parties' meet and confer conversations about MGA's proposal to defer responses until Mattel's summary judgment motion was decided did Mattel *ever* intimate that

25 there was a "deadline" that Mattel either had violated or was about to "violate."  If Mattel *had* told MGA that it believed that a deadline for response was about to

26 expire, MGA would have sought *ex parte* relief from the Master.  Instead, Mattel chose to sandbag MGA by filing a motion to compel in which, *for the very first*

27 *time*, it accused MGA of violating the February 15 Order.

Mitchell
Silberberg &
Knupp LLP

2159926.1

28

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
TRADE DRESS INTERROGATORIES

EXHIBIT 11 PAGE 167

1  Ex. 18 to Watson Decl. (emphasis added).  Mattel rejected this proposal by letter

2  dated February 12, 2009, in which its counsel demanded that MGA provide

3  supplemental responses on or before February 27, 2009.  (Ex. 21 to Watson Decl.).

4      Mr. Nogues then made an alternative proposal:

5          "[The MGA Parties] *offer to provide their supplemental*

6          *responses either:* (1) if the protective order motion is

7          denied, *21 days after its denial; or* (2) if the protective

8          order motion is granted, *21 days after the Court decides*

9          *Mattel's summary judgment motion,* to the extent any

10          trade dress claims remain after that decision."

11  (Ex. 23 to Watson Decl.) (emphasis added)[13]  In short, this is a dispute about the

12  timing of the supplemental responses; it is *not* a dispute about whether they will be

13  provided.[14]

14      Because Mattel has already (over) burdened the Discovery Master with

15  pounds of paper, MGA will not repeat here the arguments set forth at length in its

16  opening and reply briefs in support of its Motion for Protective Order, which

17  address MGA's position on the "when" question.  Instead, MGA incorporates

18  those briefs (and the supporting declaration and exhibits) by reference, and based

19  thereon respectfully submits that the Discovery Master should deny Mattel's

20  Motion to Compel.

21

22

23

24

25  [13] Mattel never responded to this proposal.  Nogues Decl. ¶ 8.

26  [14] Mattel attempts to twist a dispute over timing that into a "refusal to respond" by sleight-of-hand references to objections made by Phase 1 counsel almost a year

27  *before* Mr. Nogues expressly stated that MGA *would* respond.  *See* Mattel Memo of Points and Authorities at 10:10-11 and n. 54 (citing relevance objections prepared by Phase 1 counsel on March 3, *2008*).

28

Mitchell Silberberg & Knupp LLP
2159926.1

12

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE TRADE DRESS INTERROGATORIES

EXHIBIT 11 PAGE 168

1    **C.**    <u>Sanctions And An Award Of Attorneys Fees Should Be Imposed</u>

2              <u>On Mattel, Not MGA.</u>

3        With almost unbelievable chutzpah, Mattel argues that is entitled to

4    sanctions because MGA "forced" it to file a motion to compel responses to

5    Interrogatories. Nothing of the sort occurred. As discussed above, there is no

6    dispute about whether MGA will respond to Interrogatories 43 and 44, only when,

7    and MGA had already brought the "when" question to the Discovery Master one

8    week *before* Mattel filed the instant motion to compel. Mattel's motion to compel,

9    was entirely unnecessary.

10       Significantly, the "when" question only arose after Mattel announced that it

11    was imminently moving for summary judgment on MGA's trade dress claims

12    (based on the Phase 1 verdicts) but *simultaneously* demanded that MGA provide

13    detailed factual information about the very causes of action Mattel contends

14    *cannot exist as a matter of law* because of the Phase 1 verdicts. When Mattel

15    rejected MGA's informal request to defer the responses until after the summary

16    judgment motion was decided, MGA took the legally appropriate step of moving

17    for a Protective Order. *See* Fed. R. Civ. Proc. 26(c) ( "[t]he court may, for good

18    cause, issue an order to protect a party or person from annoyance, embarrassment,

19    oppression, or undue burden or expense [by]. . . (B) specifying terms, including

20    time and place, for the disclosure or discovery."

21       Cases are legion that recognize the propriety of staying discovery when, as

22    here, a dispositive motion, such as a summary judgment motion, "would obviate

23    the need for discovery." Kendall et al., Matthew Bender Federal Practice Guide:

24    Federal Civil Procedure in California § 22.40(4)(a). *See, e.g., Little v. City of*

25    *Seattle,* 863 F.2d 681, 685 (9th Cir. 1989) (as amended) (stay of discovery pending

26    resolution of dispositive immunity issue appropriate because it "furthers the goal of

27    efficiency for the court and litigants."); *In re Netflix Antitrust Litigation,* 506 F.

28

Mitchell
Silberberg &
Knupp LLP

2159926.1

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
TRADE DRESS INTERROGATORIES

EXHIBIT 11 PAGE 169

1  Supp. 2d 308, 321 (N.D. Cal. 2007) (courts have broad discretion to stay discovery

2  pending the resolution of a potentially dispositive motion); *Orchid Biosciences,*

3  *Inc. v. St. Louis University*, 198 F.R.D. 670, 672 (S.D. Cal. 2001) ("court has broad

4  discretion to stay discovery in a case while a dispositive motion is pending");

5  *Coastal States Gas Corp. v. Dept. of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)

6  ("It is within the sound discretion of the Court to postpone discovery of issues

7  relating to the merits of a case pending resolution of potentially dispositive

8  motions. [Citations]. Indeed, such a procedure is an eminently logical means to

9  prevent wasting the time and effort of all concerned, and to make the most efficient

10  use of judicial resources. [Citation]").

11      It would be a perversion of every conceivable notion of economy and

12  efficiency, not to mention fairness and Rule 26(c) itself, if a motion to compel

13  could be used to sanction a party for exercising its legal right to seek a protective

14  order. *See, e.g.*, Schwarzer, Tashima & Wagstaff, Federal Civil Procedure Before

15  Trial (Rutter Group 2008 ¶ 11:2386 ("[W]here there is legitimate difference of

16  opinion, an award of expenses is usually improper.); *1st Technology LLC v. Bodog*

17  *Entm't Group S.A.*, 2009 WL 426605, at *2 (W.D. Wash. Feb. 19, 2009) (where

18  issues presented "were legitimate and relatively complicated," Defendants' delay

19  in responding to the Discovery Requests until the Court ruled on the Motion to

20  Dismiss was substantially justified; the Court declined to impose sanctions.)

21      We anticipate Mattel will argue, as it did in its *ex parte* Application to the

22  District Court, that "[i]t has...been ruled in this case that it is improper and

23  sanctionable to disobey an Order while appealing or collaterally attacking an order

24  absent an actual stay," and that "MGA was previously sanctioned for disobeying a

25  discovery Order while 'gambling' that it would be granted a stay." *Ex parte*

26  Application at 16. These arguments are specious. First, MGA has not appealed,

27  challenged or otherwise refused to obey the February Order. Nor has it attempted

28

Mitchell
Silberberg &
Knupp LLP

2159926.1

14

EXHIBIT 11 PAGE 170

1   to attack the factual or legal basis for that order as an excuse for noncompliance.

2   All MGA has done is to request that the Discovery Master temporarily defer the

3   time to respond.  MGA's request is based upon the new, intervening circumstances

4   that arose between the issuance of that order and the lifting of the discovery stay –

5   *i.e.,* the Phase 1 verdicts and Mattel's announcement of an imminent summary

6   judgment motion based solely on those verdicts.  Second, the previous sanction

7   ruling to which Mattel refers pertained to MGA's failure to designate and propose

8   dates for a 30(b)(6) *by a specific date set forth in a Discovery Master order* after

9   Judge Larson had denied an emergency request for a stay a few days before the

10  date *specified* in the underlying order.[15]

11      In fact, the party that should be sanctioned is Mattel and its counsel, not

12  MGA.  Sanctions against Mattel are appropriate under both  Fed. R. Civ.

13  Proc. 37(B) and 28 U.S.C. § 1927.  Rule 37(B) provides that a party opposing a

14  motion to compel is entitled to the cost of opposing the motion where, as here, the

15  motion is filed without substantial justification.  Sanctions also are more than

16  warranted under 28 U.S.C. § 1927 which, as Mattel admits, provides that "[a]ny

17  attorney who…so multiplies the proceedings in any case unreasonably and

18  vexatiously may be required by the court to satisfy personally the excess costs,

19  expenses and attorneys fees reasonably incurred because of such conduct."

20      Here, Mattel not only has unreasonably and vexatiously filed a Motion to

21  Compel that was unnecessary because the issue of when MGA should supplement

22  its responses to Interrogatory Nos. 43 and 44 was already before the Discovery

23  Master, but it then *further* multiplied the proceedings and attempted to do an end-

24  run around the Discovery Master by filing an *ex parte* application asking the

25

26

27  [15] It also bears noting that Mattel itself was sanctioned for failing to produce a
    properly educated 30(b)(6) deposition witness as previously ordered.

28

Mitchell
Silberberg &
Knupp LLP
2159926.1

15

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
TRADE DRESS INTERROGATORIES

EXHIBIT 11 PAGE 171

1   District Court to hold MGA in contempt for "refusing" to answer these same

2   interrogatories.[16]

3

4   **IV.   MATTEL'S MOTION TO COMPEL RESPONSES TO**

5   **INTERROGATORY NOS. 51-55 AND 64 IS PROCEDURALLY**

6   **IMPROPER AND SUBSTANTIVELY WITHOUT MERIT, AND**

7   **SHOULD BE DENIED**

8         As with Interrogatory Nos. 43 and 44, the parties' dispute is not about

9   whether MGA will respond to Interrogatory Nos. 51-55 and 64, but when.[17] And,

10  as with Interrogatory Nos. 43 and 44, the "when" question was already before the

11  Discovery Master when Mattel filed this utterly unnecessary Motion to Compel.

12  Thus, MGA again incorporates by reference the arguments in its briefs in support

13  of its Motion for Protective Order.

14        **A.   Mattel's Motion To Overrule MGA's Objection Must Be Denied**

15        **Because Mattel Failed To Comply With The Requirement To**

16        **Meet and Confer In Good Faith**

17        Mattel asks the Discovery Master to overrule objections to Interrogatory

18  Nos. 51-55 and 64 *that Mattel never met and conferred with counsel about*, and

19  some of which were not made with respect to these interrogatories in any event.

20  Fed. R. Civ. Proc. 37(a)  requires a party to "meet and confer in good faith" before

21

22

23  [16] In an argument so lacking in merit that Mattel hid it in a footnote, Mattel tried to
    justify its *ex parte* application on the ground that "contempt sanctions are outside
24  the bounds of the Discovery Master's authority." *See* Nogues Decl., Ex. A at I, n.1.
    That argument ignores the facts that the Discovery Master has the authority to
25  recommend contempt sanctions (Fed. R. Civ. P. 53(c)(2)), and the Discovery Order
    expressly requires "any and all" discovery matters to be brought to the Discovery
26  Master first.

27  [17] *See* J. Nogues letters to J. Corey dated February 6, 2009 and February 19, 2009,
    Exs. 18 and 23 to Watson Decl. and quoted in relevant part in Section III B, *supra.*
28

Mitchell
Silberberg &
Knupp LLP
2159926.1

16

EXHIBIT 11 PAGE 172

1   filing a discovery motion.  The Discovery Master Order similarly provides, in clear

2   and unambiguous terms:

3          "The moving party *shall* first identify *each* dispute, state

4          the relief sough, and identify the authority supporting the

5          requested relief in a meet and confer letter...."

6   Discovery Master Order, ¶ 5.

7          Mattel's meet and confer letter concerning these interrogatories is utterly

8   devoid of any reference whatsoever to the putative impropriety of the objections it

9   now challenges – objections (1) to the definitions of "SOLD," "SELL," SALE"

10  and "MATTEL" (Mattel Memo. of Points & Authorities at 13:18); (2) that the

11  information sought may be the subject of expert testimony or analysis (*id.* at 16);

12  (3) that some of the information is better known to Mattel (*id.* at 17); (4) that the

13  interrogatories are compound (*id.* at 18); (5) that the interrogatories are duplicative

14  (*id.* at 19); (6) that the interrogatories are unduly burdensome (*id.* at 20); and

15  (7) that information subject to any privilege will not be provided (*id.* at 25).  *See*

16  Ex. 15 to Watson Decl.  The *only* objections with which Mattel took issue in its

17  meet and confer letter were MGA's objections to the definition of "Former Mattel

18  Employees," and "Mattel Documents" – objections that Mattel does not even

19  mention in the instant motion (presumably because the terms "Former Mattel

20  Employees" and "Mattel Documents" do not appear in any of Interrogatory Nos.

21  51-55 or 64).  *Id.*

22         Mattel not only failed to address the now-challenged objections in its meet

23  and confer letter, but it has not proffered an iota of admissible evidence

24  establishing that it ever raised these issues orally.  *See* MGA Objections to

25  Declaration of Scott Watson, including objection to ¶ 18 thereof.  The absence of

26  evidence is hardly surprising, since none of these objections (or any others) were

27  raised by Mattel's counsel in any meet and confer conversation about Interrogatory

Mitchell
Silberberg &
Knupp LLP

2159926.1

28

17

EXHIBIT 11 PAGE 173

1   Nos. 51-55 or 64. *See* Nogues Decl. ¶ 7. Mattel's claim that "MGA refused to

2   discuss specific objections" to these interrogatories (Mattel Memo of Points &

3   Authorities at 7:16-17) is simply another fabrication.

4         The meet and confer requirement is not some meaningless edict to which

5   counsel need only give a perfunctory nod.  It is intended to encourage the parties to

6   have productive interchanges in the hope they can resolve their disputes without

7   the necessity of court intervention.  Thus, unless a moving party demonstrates it

8   made a good faith attempt to resolve an issue before asking the court of assistance,

9   a motion to compel should be denied.  *See, e.g., Robinson v. Potter*, 453 F.3d 990,

10   995 (8th Cir. 2006) (affirming denial of motion to compel where moving party

11   failed to show parties met and conferred in good faith); *Naviant Marketing*

12   *Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186-87 (3d Cir. 2003) (district

13   court properly denied motion to compel where movant's counsel "failed to make a

14   good faith effort to resolve discovery disputes prior to invoking court

15   intervention.").  Here, Mattel did not meet and confer at all on the objections, let

16   alone do so in good faith.

17         While the parties did meet and confer about the *timing* of MGA's response

18   to Interrogatory Nos. 51-55 and 64, that does not give Mattel *carte blanche* to run

19   to the Discovery Master with *other* complaints it purportedly has about MGA's

20   response to these interrogatories – complaints that it neither shared with MGA, nor

21   tried to resolve informally. Accordingly, to the extent Mattel's motion seeks an

22   order "overruling" the objections at issue, the motion must be denied.

23       **B.**   **Each Of The Newly-Challenged Objections Is Valid And Proper**

24         Although MGA strongly believes that the Discovery Master should not

25   consider Mattel's arguments about MGA's objections because Mattel never met

26   and conferred with MGA, MGA is concerned that its failure to address Mattel's

27   arguments might be deemed a waiver of its right to rebut Mattel's specious

28

Mitchell
Silberberg &
Knupp LLP
2159926.1

18

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
TRADE DRESS INTERROGATORIES

EXHIBIT 11 PAGE 174

1   contentions.  Accordingly, and without waiving its position that Mattel's
2   arguments are not properly before the Discovery Master, MGA will address each
3   of the objections to which Mattel belatedly has taken umbrage.

        **1.**    **The Definitions Of "SOLD," "SELL," SALE" and**

              **"MATTEL"**

6         Mattel's request that the Discovery Master overrule MGA's objections to
7   the definitions of "SOLD," "SELL," SALE" and "MATTEL" can be dismissed
8   out of hand.  None of Interrogatory Nos. 51, 53, 54, 55 or 64 uses any of those
9   capitalized terms.  Interrogatory No. 52 does use the term "SALES," but in a
10  context that can only mean one thing – the transfer of title for compensation.  That
11  is because Interrogatory No. 52 first asks about products "sold" (*without* that term
12  being capitalized) by MGA or its licensees, and then asks for revenues received by
13  MGA from "*such*" "SALES." The question thus simultaneously refers back to
14  sales (an undefined term that must be understood in the ordinary sense of the word)
15  of products by MGA or its Licensees, and then uses a term of much broader
16  definition that is not employed in the earlier part of the question.  As such, MGA
17  quite properly incorporated its general objection that the definition rendered the
18  interrogatory ambiguous, since that definition includes concepts such as
19  "marketing" and "distribution" that cannot be squared with the questions posed in
20  Interrogatory No. 52.

21        MGA's objection to Mattel's definition of "MATTEL" also is entirely
22  proper.  Mattel sweeps within that definition "its current employees, officers,
23  directors, agents representatives, attorneys, parents, subsidiaries, divisions,
24  AFFILIATES, predecessors-in-interest, successors-in-interest, and any other
25  PERSON acting on its behalf, pursuant to its authority or subject to its control."[18]
26
27  ――――――――――――――――
[18] "AFFILIATE" and "PERSON" are also broadly defined terms, which add extra
28  layers of complexity and confusion to Mattel's definition of "MATTEL."

Mitchell
Silberberg &
Knupp LLP

2159926.1

19

EXHIBIT 11 PAGE 175

1    This broad definition of Mattel makes each of the interrogatories vague,

2    ambiguous and incomprehensible to the MGA Parties.  MGA simply has no idea

3    who or what is included in this definition of MATTEL, and fully suspects that even

4    Mattel and its counsel would be hard pressed accurately to list everyone and every

5    entity included.  Moreover, MGA suspects that this definition, read literally, would

6    encompasses thousands of entities and individuals, rendering the Trade Dress

7    Interrogatories vastly more compound and unduly burdensome than they already

8    are. *See* discussion *infra*.  Thus, MGA's objection to Mattel's overbroad, vague

9    and incomprehensible definition of MATTEL is spot on, and should be sustained.

10                **2.    The Expert Witness Analysis Objection In Interrogatory**

11                        **Nos. 51 and 53 Is Proper**

12          As the prior Discovery Master already has held, "[t]hat the interrogatory

13   responses include a reservation of rights to supplement during expert discovery

14   does not render the responses inherently improper or objectionable."  Watson

15   Decl., Ex. 8 at 174:8-9.[19]  Interrogatory No. 51 seeks identification of elements and

16   products subject to trade dress infringement and dilution.  As the prior Discovery

17   Master observed in denying Mattel's earlier effort to have the "expert analysis"

18   objection overruled, "Mattel does not contest that the identification of the elements

19   and products subject to trade dress infringement will be a subject of expert

20   analysis." *Id.* at 174:10-11.  Nor does Mattel dispute that the subject of

21

22

23   [19] Mattel's discussion of this objection conveniently omits that it was made in conjunction with MGA's General Objections, which state, among other things, (1) "MGA objects to these Interrogatories to the extent that they may unfairly seek to restrict the facts on which MGA may rely at trial... MGA reserves the right to supplement of amend these responses at a future date;" and (2) "MGA objects to these Interrogatories to the extent that they seek information that will be the subject of expert witness testimony and that is therefore premature.  MGA further objects to these Interrogatories to the extent that they seek to circumvent the expert disclosure provisions of the Federal and Local Rules."  Watson Decl., Ex. 12 at 230:18-231:2.

28

Mitchell
Silberberg &
Knupp LLP
2159926.1

20

EXHIBIT 11 PAGE 176

1   Interrogatory No. 53 – likelihood of confusion – will be the subject of expert

2   testimony.

3        Mattel's assertion that Judge Larson held "this very objection...was not a

4   proper basis for withholding discovery" is disingenuous at best. Judge Larson's

5   July 2, 2007 order merely *upheld* Judge Infante's ruling that the fact that net worth

6   is generally the subject of expert testimony "does not render it an improper subject

7   *for a Rule 30(b) (6) deposition.*" Ex. 41 to Watson Decl. at 5. MGA has not

8   objected to the subject matter of Interrogatory Nos. 51 and 53; it has simply

9   interposed an objection that preserves MGA's right to rely on expert testimony.

10   That Mattel's reliance on Judge Larson's Order is an exercise in substituting apples

11   for oranges is evident from the fact that, seven months *after* Judge Larson upheld

12   Judge Infante's order requiring MGA to designate a 30(b)(6) witness on a topic

13   that might also be the subject of expert testimony, Judge Infante ruled that for

14   *interrogatory* purposes, it was proper for MGA to preserve its right to later rely on

15   expert testimony.

16        **3.**   **Information Better Known to Mattel**

17        Mattel challenges this objection to Interrogatory Nos. 51 and 54. Mattel is

18   wrong. Interrogatory No. 51 demands that MGA identify *Mattel* products "by

19   SKU [Stock Keeping Unit] or bar code number." If the SKUs or bar codes Mattel

20   assigns to its products are not uniquely known to Mattel, or better known to it than

21   to MGA, it is difficult to know what type of information would be.

22        Interrogatory No. 54 asks MGA, among other things, to identify all persons

23   with knowledge of the facts that Mattel copied MGA concepts, designs, products,

24   packaging, or "other matter." Obviously, there are persons within Mattel

25   responsible for or knowledgeable about Mattel's copying, and to the extent MGA

26   has not yet identified such persons or Mattel's obstructionist tactics have prevented

27   it from doing so, MGA cannot provide the information. That is not to say that

28

Mitchell
Silberberg &
Knupp LLP

2159926.1

21

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
TRADE DRESS INTERROGATORIES

EXHIBIT 11 PAGE 177

1   MGA will not provide whatever information it has (it has already said it will

2   further respond to this Interrogatory, subject to whatever timing order results from

3   its request for a Protective Order).  However, MGA is entitled to preserve its

4   objection to providing information that Mattel has and MGA does not.

5          **4.     Interrogatory Nos. 51-53 Are Compound**

6          MGA objected to Interrogatories 51, 52 and 53 as compound.  Mattel takes

7   issue with those objections as to Interrogatories 51 and 52, but *not* with respect to

8   Interrogatory 53, thereby conceding that Interrogatory No. 53 is objectionable on

9   this ground.

10          Mattel argues that Interrogatory Nos. 51 and 52 ask the same question about

11   a "common group."  That is not true.  Interrogatory 51 asks about "every [Mattel]

12   concept, design, product, product packaging or other matter" that MGA contends

13   "is a copy of, infringes or dilute" MGA's concepts, designs, products, product

14   packaging or other matters.  Just stopping there, Interrogatory 51 deals with ten

15   very different tangible *and* intangible things (concepts, designs, products, product

16   packaging and "other matters" of MGA, and concepts, designs, products, product

17   packaging and "other matters" of Mattel) and at least two very different legal

18   concepts (copying/infringement and dilution).[20]  The interrogatory then goes on to

19   add more subparts by purporting to require that MGA provide the product name,

20   SKU number or bar code number for each Mattel concept, design, product, product

21   packaging or other matter identified, and then to specify those "elements or

22   attributes that [MGA] contend[s] were copies, infringed and diluted."  MGA's

23   compound objection is more than well-taken.

24          Interrogatory 52 is equally compound.  There, Mattel once again asks

25   questions about multiple categories of different things (concepts, designs, products,

26   _____

27   [20] *See, e.g., Jada Toys v. Mattel, Inc.,* 518 F.3d 628, 634, 636-37 (9th Cir. 2008); *Durney v. WaveCrest Laboratories, LLC,* 441 F. Supp. 2d 1055, 1062 (N.D. Cal. 2005).

28

1  product packaging or other matters), and two separate legal concepts

2  (copying/infringement and dilution).  It then asks for four categories of information

3  (units sold, revenues, costs and profits) about each of the five things as to which

4  MGA makes one of two contentions.  Once again, MGA's objection is well-

5  founded.[21]

6       **5.    Some of the Interrogatories Are Duplicative of Others**

7          **Previously Asked and Answered**

8       MGA objected to Interrogatories 51 and 52 as duplicative of earlier

9  interrogatories.  Mattel disagrees with MGA's assertions as to Interrogatory 52, but

10  does not take issue with MGA's duplication objection to Interrogatory 51.

11       Interrogatory 52 asks that MGA provide units sold, revenue, cost and profit

12  information for all products it contends Mattel copied, infringed or diluted.  Mattel

13  concedes that its Interrogatory 45 asked MGA to provide units sold, revenues, cost

14  and profit information for Bratz products sold.  In a lame attempt to get around this

15  duplication, Mattel argues that MGA has to do it all over again because now Mattel

16  is asking about all infringed and diluted products, not all Bratz products.  MGA has

17  *already* told Mattel in great detail which of its products it contends Mattel

18  copied/infringed or diluted.  *See* MGA's Fourth Supplemental Response to

19  Interrogatory 2 (Ex. J to Nogues Decl.).  MGA should not now have to go back and

20  re-sort and recompile the information which Mattel was already provided when

21  Mattel can just as easily as cost-effectively do it for itself.

22       Mattel *now* argues that the Interrogatory is not duplicative because it covers

23  three non-Bratz products, but that the Interrogatory is not so limited, and Mattel

24  has never offered to so limit it.  As Judge Infante previously noted, "[i]t is not the

26  [21] *Collaboration Properties, Inc. v. Polycom, Inc.*, 224 F.R.D. 473, 475 (N.D. Cal.

27  2004) (denying motion to compel where single interrogatory seeking information about 26 separate products in a patent case held to contain 26 discrete subparts and therefore would have violated maximum number of interrogatories allowed).

Mitchell Silberberg & Knupp LLP
2159926.1

23

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE TRADE DRESS INTERROGATORIES

EXHIBIT 11 PAGE 179

1  MGA parties' responsibility to re-write the interrogatories[.]" Ex. 8 to Watson

2  Decl. at 169:25-27.

3        **6.   MGA's Undue Burden Objections Are Well-Taken**

4       Mattel's incredibly broad definitions and multi-faceted questions are

5  overbroad.  The former Discovery Master's rulings on Mattel's motion to compel

6  similarly broad Interrogatories 27 through 29 are instructive in this regard.  In

7  denying Mattel's motion to compel with respect to those interrogatories, Judge

8  Infante noted:

9        "Mattel's motion to compel further responses to

10        Interrogatory Nos. 27-29 is denied because the

11        interrogatories are overbroad and unduly burdensome.

12        The definition of "Bratz Invention" is extremely broad,

13        encompassing numerous intellectual property concepts.

14        . . . Not all contention interrogatories requiring a

15        recitation of all facts, documents and witnesses are

16        objectionable.  In the instant case, however, Mattel's

17        contention interrogatories would force the MGA parties

18        to review nearly 4 million pages of documents produced

19        in this action and more than 50 days of deposition

20        testimony in search of [the requested] information . . . ."

21       Watson Decl. Ex. 8 at 169:2-170:3 (citations omitted).

22       Much the same can be said here.  In the Trade Dress Interrogatories, Mattel

23  has conflated many kinds of tangible and intangible "property," ranging from

24  products to designs to packaging to concepts, and has asked about copying,

25  infringement and dilution.  Mattel has compounded this extraordinary burden

26  further by, for example, purporting to require that MGA identify Mattel's

27  offending products by name or SKU or code number, and "specify" those

28

Mitchell
Silberberg &
Knupp LLP

2159926.1

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
TRADE DRESS INTERROGATORIES

EXHIBIT 11 PAGE 180

1   "elements or attributes" of each product, design, packaging or concept that MGA

2   claims each Mattel product infringes, copies or dilutes (Interrogatory 51); identify

3   *Sleekcraft* factors for each concept, product, design or packaging infringed, copied

4   or diluted (Interrogatory 52); and identify all facts, witnesses and documents

5   pertaining to any of its claims in this case (Interrogatory 64). These requests are at

6   least as overbroad and unduly burdensome as those previously rejected by the prior

7   Discovery Master. MGA's objections should be similarly upheld here.

8                  **7.    MGA's Privilege Objections Should Not Be Overruled**

9         Mattel also complains about MGA's privilege objections. Those objections

10   were made to preserve MGA's ability to protect privileged documents and

11   information in the face of broad-ranging interrogatories that, among other things,

12   require MGA to identify documents and persons with knowledge of various things.

13   MGA is fully aware of its obligation to provide privilege logs when privileged

14   documents and information are responsive to discovery. But given some of the

15   assertions and arguments made in this case to date, it cautiously and properly made

16   it clear that it was not waiving the attorney-client privilege and would not produce

17   any privileged information or documents responsive to Mattel's requests.

18         Once again, the prior Discovery Master's February 2008 rulings are

19   instructive in this regard. In the motion that was the subject of that order, Mattel

20   had asserted that various MGA objections, including a privilege objection, were

21   improper boilerplate. Watson Decl., Ex. 8 at 184:16-25. The Discovery Master

22   did not overrule MGA's privilege objections. Indeed, the only privilege ruling in

23   the February Order sustained MGA's privilege objections to Interrogatory 46. *Id.*

24   at 182:10-183:12.

25

26

27

28

Mitchell
Silberberg &
Knupp LLP
2159926.1

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
TRADE DRESS INTERROGATORIES

EXHIBIT 11 PAGE 181

1          <u>Conclusion</u>

2          For all the reasons set forth herein the Discovery Master should deny

3   Mattel's motion to compel and award sanctions in favor of the MGA Parties and

4   against Mattel for this baseless and unnecessary motion.

5

6   DATED:  March 13, 2009              RUSSELL J. FRACKMAN
                                       PATRICIA H. BENSON
7                                      MITCHELL SILBERBERG & KNUPP LLP

8

9                                      By:_____/s/_____.
                                          Patricia H. Benson
10                                         Attorneys for Defendants
                                          MGA Entertainment, Inc., MGA
11                                         Entertainment HK, Ltd., MGAE De
                                          Mexico, S.R.L. De C.V., and Isaac Larian
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

2159926.1

MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE AND COMPEL RE
TRADE DRESS INTERROGATORIES

EXHIBIT 11 PAGE 182

# EXHIBIT 12

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT 12

# TO DECLARATION OF

# JEAN PIERRE NOGUES

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6   Facsimile: (213) 443-3100

7   Attorneys for Mattel, Inc.

8

9                     UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                          EASTERN DIVISION

12   | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
13   | Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
14   | vs. | |
15   | MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Robert O'Brien]** |
16   | Defendant. | REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO ENFORCE |
17   | | ORDER COMPELLING MGA TO PROVIDE DISCOVERY, TO COMPEL |
18   | AND CONSOLIDATED ACTIONS | RESPONSES TO CONTENTION INTERROGATORIES BY MGA AND |
19   | | FOR SANCTIONS |
20   | | [Supplemental Declaration of Scott Watson filed concurrently] |
21   | | |
22   | | Date: TBD<br>Time: TBD |
23   | **PUBLIC REDACTED** | Place: TBD |
24   | | **Phase 2**<br>Discovery December 11, 2009 |
25   | | Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

26

27

28

07975/2840467.1

EXHIBIT 12 PAGE 183

## TABLE OF CONTENTS

                                                    **Page**

PRELIMINARY STATEMENT .................................................................1

ARGUMENT ...........................................................................................2

I.     MGA IS IN VIOLATION OF THE PRIOR DISCOVERY MASTER'S
      ORDER AND SHOULD BE SANCTIONED....................................2

     A.    MGA Was In Violation Of The Order Both Before And After
         The Stay..............................................................................2

     B.    MGA Should Be Sanctioned ................................................3

II.    THE DISCOVERY MASTER SHOULD COMPEL MGA TO
      PROVIDE FULL AND COMPLETE RESPONSES TO
      INTERROGATORY NOS. 51 THROUGH 55 AND 64....................4

     A.    Mattel's Motion Is Not Moot................................................4

     B.    Mattel Properly Met and Conferred with MGA Regarding
         Interrogatory Nos. 51-55 and 64 Before It Filed Its Motion.........5

     C.    The Court Should Overrule Each of MGA's Objections .........7

         1.    MGA Admits That Mattel's Interrogatories Seek Relevant,
              Discoverable Phase 2 Information.................................7

         2.    MGA Cannot Substitute Its Own Definitions For Mattel's
              Definitions...................................................................7

     D.    MGA Cannot Withhold Information Simply Because It May Be
         The Subject Of Expert Witness Analysis..............................10

     E.    MGA's Objections That Information Is Better Known To Mattel
         Should Be Overruled..........................................................11

     F.    Mattel's Interrogatories Are Not Compound And Must Be
         Answered..........................................................................11

     G.    Mattel's Interrogatories Are Not Duplicative .........................13

     H.    Mattel's Interrogatories Are Not Unduly Burdensome ............13

     I.    MGA's Boilerplate Privilege Objections Should Be Overruled...........15

CONCLUSION......................................................................................16

-i-

1

## TABLE OF AUTHORITIES

2                                                                    <u>Page</u>

3                                        <u>Cases</u>

4   <u>Adidas-Saloman AG v. Target Corp.</u>,
        228 F. Supp. 2d 1192 (D. Or. 2002) ...................................................9
5
    <u>Am. Oil Co. v. Penn. Petro. Co.</u>,
6       23 F.R.D. 680 (D.R.I. 1959) .........................................................14

7   <u>Avery Dennison Corp. v. Sumpton</u>,
        189 F.3d 868 (9th Cir. 1999) ..........................................................9
8
    <u>Burton Mechanical Contractors, Inc. v. Foreman</u>,
9       148 F.R.D. 230 (N.D. Ind. 1992) ...................................................13

10  <u>Chapman v. California Dept. of Educ.</u>,
        2002 WL 32854376 (N.D. Cal. Feb. 6, 2002) .................................8
11
    <u>Collaboration Properties, Inc. v. Polycom, Inc.</u>,
12      224 F.R.D. 473 (N.D. Cal. 2004) ...................................................12

13  <u>Convergent Business Systems, Inc. v. Diamond Reporting, Inc.</u>,
        1989 WL 92038 (E.D.N.Y. 1988) .................................................15
14
    <u>Durney v. WaveCrest Laboratories, LLC</u>,
15      441 F. Supp. 2d 1055 (N.D. Cal. 2005) .........................................12

16  <u>eMachines, Inc. v. Ready Access Memory, Inc.</u>,
        2001 WL 456404 (C.D. Cal. Mar. 5, 2001) ...................................10
17
    <u>Jackson v. Montgomery Ward & Co., Inc.</u>,
18      173 F.R.D. 524 (D. Nev. 1997) .....................................................13

19  <u>Jada Toys v. Mattel, Inc.</u>,
        518 F.3d 628 (9th Cir. 2008) ........................................................12
20
    <u>King v. E.F. Hutton & Co., Inc.</u>,
21      117 F.R.D. 2 (D.D.C. 1987) .....................................................11, 15

22  <u>Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh</u>,
        2005 WL 318811 (N.D. Cal. Jan. 5, 2005) ....................................12
23
    <u>Roberts v. Heim</u>,
24      130 F.R.D. 424 (N.D. Cal. 1989) ...................................................11

25  <u>Swackhammer v. Sprint Corp. PCS</u>,
        225 F.R.D. 658 (D. Kan. 2004) .....................................................12
26
    <u>Vision Sports v. Melville Corp.</u>,
27      888 F.2d 609 (9th Cir. 1989) ..........................................................9

28

-ii-

## Statutes/Rules

15 U.S.C. § 1055 ...................................................................................10

F.R.C.P. Rule 26 ..................................................................................5, 8

## Other Authorities

Wright & Miller 8A Federal Practice & Procedure § 2167 .......................................14

Wright & Miller 8A Federal Practice & Procedure 2d § 2168.1 ................................12

-iii-

REPLY ISO MOTION TO COMPEL

EXHIBIT 12 PAGE 186

**Preliminary Statement**

1        MGA's Opposition spends more time attacking Mattel and its counsel than addressing the substance of Mattel's motion.  Yet, this smoke screen cannot hide that MGA is in violation of a prior Order as to two of the interrogatories at issue and has asserted only baseless objections as to the others.

        Mattel's motion is not "unnecessary," "procedurally improper" or sanctionable.  It is undisputed that, two months after the Phase 2 stay was lifted, MGA has not provided its required responses.  That MGA is seeking to stay its discovery obligations does not allow MGA to unilaterally ignore its overdue obligations to comply with a Court Order and does not preclude Mattel from seeking an Order requiring them to provide long-overdue interrogatory answers (for the second time, as to two interrogatories).  Indeed, not only is it more efficient to consider all issues related to these interrogatories together, but it avoids yet more months of delay by MGA in providing the information that Mattel is entitled to—including information the Discovery Master ruled a year ago MGA must provide.

        MGA also attacks Mattel for purportedly failing to meet and confer.  But the record is clear—Mattel identified the interrogatories in a letter to MGA's counsel, and multiple discussions about these interrogatories between counsel followed, with no agreement being reached.  Mattel fully complied with its meet and confer obligations.

        The merits are equally straightforward.  MGA has never provided the information sought by Interrogatory Nos. 43 and 44, and the Discovery Master already compelled MGA to fully respond to them.  The remaining interrogatories are simple contention interrogatories pertaining to MGA's own claims.  MGA does not even attempt to dispute their relevance, and MGA's boilerplate objections serve as no excuse for MGA's refusal to disclose information about it own alleged claims.

        Finally, MGA should be sanctioned for refusing to supplement its responses to Interrogatories 43 and 44.  The Discovery Master already ordered them to do so.

-1-

1  Nothing has relieved MGA of that obligation.  MGA is in violation of the prior

2  Order, and sanctions are appropriate to ensure compliance, deter future refusals to

3  comply with valid Court Orders and to reimburse Mattel for a part of its costs in

4  having to move twice to obtain the information the Discovery Master already ruled

5  Mattel is entitled to.

6                                   **Argument**

7  I.    **MGA IS IN VIOLATION OF THE PRIOR DISCOVERY MASTER'S**

8        **ORDER AND SHOULD BE SANCTIONED**

9        A.    **MGA Was In Violation Of The Order Both Before And After The**

10             **Stay**

11        MGA has long been in violation of the Discovery Master's February 15, 2008

12  Order which required that MGA provide amended interrogatory responses no later

13  than February 26, 2008 -- *within 11 days* of its entry.[1]  As Mattel has shown at

14  length in its Opposition to MGA's stay motion,[2] MGA was *already in violation* of

15  the Order when it filed a motion for "clarification" that it did not have to comply

16  with the February 15 Order's terms.[3]  When, almost two months later, the Discovery

17  Master granted MGA a temporary reprieve, the Discovery Master expressly stated

18

19    [1]   This Order required MGA to fully answer Interrogatories 43 and 44, which are
20  contention interrogatories seeking basic information as to the dates that MGA products
      directly at issue in this litigation were conceived and committed to tangible form.  This
21  information is indispensable to Mattel's Phase 2 defenses and Mattel's claims of unfair
      competition and misappropriation of trade secrets.  They are essential for important aspects
22  of Phase 2 discovery to even proceed, and until answered, Mattel's ability to take
      depositions and conduct other follow-up discovery is thwarted.
23    [2]   Mattel's Opposition to MGA's Motion for Protective Order, dated March 6, 2009.
24  To avoid burdening the Discovery Master with unnecessary repetition, Mattel respectfully
      directs the Discovery Master to its Opposition and incorporates that Opposition herein by
25  this reference.
      [3]   Motion Of MGA Parties For Clarification Regarding Portions Of February 15, 2008
26  Order Granting In Part And Denying In Part Mattel's Motion To Compel Response To
27  Interrogatory Nos. 27-44 And 46-50 By MGA Parties, Supp. Watson Dec., Exh. 1.

28

                                      -2-

EXHIBIT 12 PAGE 188

1   *when* MGA's compliance with the Order would again be due: "The MGA Parties'

2   obligation to supplement their responses . . . are hereby stayed *until further order of*

3   *the district court lifting the stay on Phase 2 discovery.*"[4]  This language could not

4   be more clear.  Once the Phase 2 stay was lifted, MGA's obligation to supplement

5   was no longer stayed, and its already overdue obligation resumed.

6        There is simply nothing in the April 22, 2008 Order, or any other order,

7   supporting MGA's baseless position that there is no deadline for compliance or that

8   there is some ambiguity excusing its refusals to answer these interrogatories.

9   **B.    MGA Should Be Sanctioned**

10       MGA is willfully violating the Discovery Master's Order, and should be

11  sanctioned.  Indeed, MGA was previously sanctioned in this case for refusing to

12  comply with an existing discovery Order once a stay was lifted.[5]  The Court

13  previously held that once a discovery stay is lifted prior orders requiring compliance

14  become effective again; MGA was sanctioned for not producing Mr. Larian within

15  20 days once a prior stay was lifted.[6]  The Discovery Master should again sanction

16  MGA for its failure to comply with the prior Discovery Master's Order.

17       MGA asserts that it should not be sanctioned because it has moved for a stay

18  of discovery relating to MGA's trade dress claims, but that does not justify its

19  refusal to comply with the Discovery Master's previous Order.  As Mattel has shown

20  elsewhere: (1) under the law and under prior Orders in this litigation, a party is

21  *required* to comply with a Court Order absent an actual stay from the Court

22  excusing compliance; (2) Judge Larson has already rejected MGA's repeated

---

23

24      [4]    Order Granting MGA Parties' Motion for Clarification Regarding Portions of
    February 15, 2008 Order Granting in Part and Denying in Part Mattel's Motion to Compel

25  Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated April 22,
    2008, Watson Dec., Exh. 10 (emphasis added).

26      [5]    Civil Minutes - General Re: Mattel's Motion to Enforce the Court's Order on March

27  23, 2005 and for Sanctions, dated June 16, 2006, Supp. Watson Dec., Exh. 2.
        [6]    Id.

28

-3-

1    arguments for staying Phase 2 and explicitly stated that discovery is to proceed; (3)

2    the Discovery Master lacks the power to alter the Scheduling Order or impose a

3    discovery stay, as the Discovery Master has recognized; (4) MGA not only waited

4    seven weeks to seek its purported stay, but it knew about Mattel's contemplated

5    partial summary judgment motion at the Scheduling Conference when it insisted

6    that discovery and trial be completed this year; and (5) the stay request lacks any

7    merit, including because it suffers from the exact same flaws Judge Larson

8    previously identified in refusing MGA's earlier requests for partial discovery stays.[7]

9       MGA's assertion that Mattel should be sanctioned for moving to compel

10   responses to Interrogatory Nos. 51-55 and 64 is groundless. (Opp. at 13-16). It is

11   not duplicitous of Mattel to attempt to resolve all outstanding issues regarding these

12   interrogatories at once by opposing MGA's stay motion, filing a Motion for an

13   Order to Show Cause, and moving to compel full and complete responses to these

14   interrogatories. If anything, Mattel's approach saves judicial resources by allowing

15   the Discovery Master decide all issues regarding these interrogatories at the same

16   time. It is MGA, not Mattel, that should be sanctioned for its continued defiance of

17   the Discovery Master's Order and its improper delay tactics.

18   **II.**    **THE DISCOVERY MASTER SHOULD COMPEL MGA TO PROVIDE**

19        **FULL AND COMPLETE RESPONSES TO INTERROGATORY NOS.**

20        **51 THROUGH 55 AND 64**

21      **A.**    Mattel's Motion Is Not Moot

22       MGA argues that Mattel's Motion is unnecessary because MGA has stated

23   that it will provide responses to Interrogatory Nos. 51-55 and 64. (Opp. at 16). This

24

25

26

27

28

---

[7]    See Mattel, Inc.'s Opposition to the MGA Parties' Motion for Protective Order Staying Discovery on Trade Dress Claims, dated March 6, 2009; see also Mattel, Inc.'s Ex Parte Application for an Order to Show Cause Re: MGA Entertainment, Inc.'s Failure to Comply with Court Order, dated March 10, 2009.

-4-

1   mischaracterizes the parties' dispute.  Not only does MGA refuse to commit to
2   providing responses in a timely fashion, but it also refuses to withdraw its improper
3   objections when it does finally provide responses to these interrogatories.  Mattel is
4   entitled to responses to these Interrogatories that are not limited by MGA's improper
5   objections.

6        Moreover, MGA's statement that it will provide responses sometime in the
7   future is not binding, and Mattel cannot rely on it.  As the prior Discovery Master
8   has ruled, absent a binding stipulation among the parties, the prior statements of
9   intent by the parties will not be enforced or considered as a basis for a later ruling.
10  "Because the parties did not execute a binding stipulation, there is no legal basis to
11  enforce the terms contained in the draft stipulation. Therefore, Mattel's right to the
12  discovery it seeks in the instant motion to compel is governed by the familiar
13  guidelines set forth in Rule 26 of the Federal Rules of Civil Procedure."[8]  Mattel's
14  Motion is not moot.

15        **B.    Mattel Properly Met and Conferred with MGA Regarding**
16            **Interrogatory Nos. 51-55 and 64 Before It Filed Its Motion**

17        It is undisputed that Mattel sent a meet and confer letter and had multiple
18  phone calls with MGA's counsel about these interrogatories.[9]  Still, MGA argues
19  this was insufficient.  This argument is unavailing.  MGA does not claim that it was,
20  in fact, willing to withdraw its objections to these interrogatories.  Mattel correctly
21  understood MGA's refusal to discuss its specific objections to these interrogatories
22
23

---

24    [8]  Order Granting Mattel's Motion to Compel Production of Documents, dated January
25  25, 2007, at 10-11, Supp. Watson Dec., Exh. 5.
      [9]  Letter from Scott Watson to Thomas Nolan, dated January 28, 2009, Watson Dec.,
26  Exh. 15; see also Watson Dec., at ¶18; Letter from Scott Watson to Amman Khan, dated
27  February 6, 2009, Watson Dec., Exh 17 (referencing the parties' February 6, 2009 call and
    the parties' anticipated call on February 9, 2009).
28

-5-

EXHIBIT 12 PAGE 191

1   for what it was—a refusal to withdraw its improper objections and to fully answer

2   the substance of the interrogatories.

3         More specifically, Mattel asked MGA on January 28, 2009, whether MGA

4   intended to limit its responses to Interrogatory Nos. 51-64 based on **any** of its

5   objections and informed MGA that if the parties could not resolve the matter during

6   meet and confer, Mattel would move to compel complete responses to these

7   interrogatories.[10]  The parties met and conferred on February 6, 2009.[11]  During the

8   meet and confer, Mattel again asked MGA whether it would stand on its objections,

9   and MGA declined to agree to withdraw its objections with respect to Interrogatory

10  Nos. 51-55 and 64.[12]  That *MGA* refused to attempt to defend those objections

11  during the meet and confer does not and cannot impair *Mattel's* discovery rights.  At

12  that point, under the express terms of the Discovery Master Stipulation and Order,

13  Mattel was entitled to move to compel, as far more than five court days had already

14  passed since Mattel sent its meet and confer letter.[13]

15

16

17

18

19

20

21    [10]  Letter from Scott Watson to Thomas Nolan, dated January 28, 2009, Watson Dec.,
    Exh. 15 ("If MGA or Larian intends to limit their responses based on these *or any other*

22  *objections*, please let me know when you are available to meet and confer regarding these
    interrogatories.  If we cannot resolve this matter during meet and confer, Mattel will move

23  to compel.") (emphasis added).

24    [11]  Watson Dec., ¶ 18, Exh. 17.
      [12]  Watson Dec., ¶ 18.

25    [13]  See Stipulation for Appointment of Discovery Master, dated December 6, 2006, at

26  4, Watson Dec., Exh. 38 ("If the dispute has not been resolved within five court days after
    such service, the moving party may seek relief from the Discovery Master by formal

27  motion"); see also Order No. 1, Regarding Procedure Governing Motions, dated
    February 12, 2009, Supp. Watson Dec., Exh. 3.

28

C.   **The Court Should Overrule Each of MGA's Objections**

1.   **MGA Admits That Mattel's Interrogatories Seek Relevant, Discoverable Phase 2 Information**

MGA never disputes, and thus concedes, that each of the interrogatories at issue here seeks relevant Phase 2 information. (Mot. at 12-13). The Court should therefore overrule ████████████████████████████████████ ████████████████████████████████[15]

2.   **MGA Cannot Substitute Its Own Definitions For Mattel's Definitions**

MGA's complaint that the term "MATTEL" is vague and ambiguous is unfounded.[16] The prior Discovery Master has repeatedly compelled MGA to produce discovery using this definition.[17] And, MGA itself has used this and comparable definitions in its own discovery.[18]

---

[14]   MGA's Responses to Mattel's Supplemental interrogatories at 2, Watson Dec., Exh. 12.

[15]   Id. at No. 52.

[16]   As Mattel pointed out in its Motion, even MGA recognizes that these objections do not have merit. (Mot. at 13-14). Mattel specifically asked the Discovery Master to overrule these same objections in its pending motion to compel responses to Interrogatory Nos. 56-63 and 67-69, and MGA did not defend them. Id.

[17]   E.g., Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated February 15, 2008 (granting motion to compel on various interrogatories which include the definition of MATTEL), Watson Dec., Exh. 8; see also Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated October 23, 2007, Watson Dec., Exh. 1 (Interrogatory Nos. 43 and 44 use the defined term MATTEL which MGA now objects to).

[18]   MGA's First Set of Interrogatories to Mattel, Inc., dated February 4, 2005, at 6, Supp. Watson Dec., Exh. 6 (defining "MATTEL" as any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with YOU and any others acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control."); MGA's Second Set of Interrogatories to Mattel, Inc., dated December 4, 2007, Supp. Watson Dec., Exh. 7
   (footnote continued)

-7-

1    Furthermore, as Mattel explained in its Motion, there is no merit to MGA's

2    contention. (Mot. at 15). MGA asserts that it will interpret the term "MATTEL" ███

3    ████████████████████████████████████████████████████████████████████

4    ████████████████████████████████████████████[19]  This interpretation

5    excludes, without justification, anyone who has held themselves out to be Mattel

6    directors, representatives, attorneys, parents, "AFFILIATES, predecessors-in-

7    interest, successors-in-interest, and any other PERSON acting on Mattel's behalf,

8    pursuant to its authority or subject to its control."[20]  MGA is perfectly capable of

9    identifying entities and persons that MGA believed or knew to be acting on Mattel's

10   behalf, pursuant to its authority or subject to its control. MGA has no grounds for

11   excluding some of these persons or entities from its interrogatory responses.

12   MGA's suggestion that the definition of MATTEL would encompass "thousands" of

13   entities and individuals is clearly mere hyperbole.  Such unsupported assertions

14   cannot be used to deny Mattel discovery or to substitute MGA's definition for

15   Mattel's.  Chapman v. California Dept. of Educ., 2002 WL 32854376, at * 3 (N.D.

16   Cal. February 6, 2002) ("The proponent of discovery is the master of its terms.  So

17   long as the information sought is within the broad bounds of relevancy as set forth

18   in Rule 26 and is otherwise properly discoverable, the respondent may not

19   unilaterally reshape or rephrase the discovery request.").

20       Nor are the terms "sold," "sell" or "sale" vague and ambiguous.  MGA does

21   not dispute that its unilateral, substitute definition of "sale" -- meaning its use in the

22   "ordinary sense of the word" -- provides no specificity whatsoever and would

23   improperly allow MGA to interject whatever definition it sees fit.  MGA also does

24   _____

25   (defining "MATTEL" as "any of its past or present officers, directors, employees, parents,
     subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners.").

26   [19]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories, at 8 and

27   No. 52, Watson Dec., Exh. 12.

     [20]   Mattel's Supplemental Interrogatories, at 2, Watson Dec., Exh. 11.

28

-8-

1  not dispute that Mattel is entitled to discover information relating to the distribution,

2  licensing and marketing of the MGA products at issue.   Indeed, even MGA

3  recognizes its objections to this definition have no merit. ████████████████

4  ████████████████████████████████████████████████████████████████████

5  ████████████████████████████████.[21]   Mattel specifically asked the

6  Discovery Master to overrule this objection and MGA's unilaterally imposed

7  counter-definitions in its pending motion, and MGA did not defend them.[22]

8       As to Interrogatory No. 52, MGA's argument that the term "sales" must be

9  limited to the "transfer of title for compensation" is mistaken and seeks to exclude

10  plainly discoverable information.   Mattel needs to know the alleged extent and

11  nature of the use of MGA's purported trade dress because "use" is a specific factor

12  in both secondary meaning and likelihood of confusion analysis for infringement

13  claims and a specific factor in determining the element of alleged fame for dilution

14  claims.  See, e.g., Vision Sports v. Melville Corp., 888 F.2d 609, 615-616 (9th Cir.

15  1989) (factors to be assessed in determining secondary meaning include the degree

16  and manner of the use of the trade dress); Adidas-Saloman AG v. Target Corp., 228

17  F. Supp. 2d 1192 (D. Or. 2002) (factors for likelihood of confusion include the

18  strength of the mark, the marketing channels used, and the likelihood of expansion

19  of the product lines); Avery Dennison Corp. v. Sumpton, 189 F.3d 868, 875-76 (9th

20  Cir. 1999) (fame for a dilution cause of action is determined by the "duration and

21  extent of use of the mark in connection with the goods or services with which the

22  mark is used," "the duration and extent of advertising and publicity of the mark,"

---

[21]   Mattel, Inc.'s Motion to Compel Responses to Interrogatories and Production of
Documents by MGA Entertainment, Inc., and Isaac Larian, dated February 10, 2009,
Watson Dec., Exh. 26.
[22]   Id. at 14-16; see also MGA Entertainment, Inc. and Isaac Larian's Opposition to
Mattel, Inc.'s 2/10/09 Motion to Compel Responses to Interrogatories and Production of
Documents, dated February 18, 2009, Watson Dec., Exh. 27 (not opposing Mattel's motion
to overrule MGA's and Larian's unilateral definitions).

-9-

1  "the geographical extent of trading area in which the mark is used," and "the
2  channels of trade for the goods or services with which the mark is used," among
3  other factors).  None of these authorities limit these key inquiries into the extent and
4  nature of use to only sales involving "transfer of title for compensation," and MGA
5  cites no authority suggesting that use is so limited or that would otherwise allow it
6  to exclude legally relevant information about the use of MGA's alleged trade dress.[23]
7  MGA's objections to Mattel's defined terms should be overruled.

**D.   MGA Cannot Withhold Information Simply Because It May Be The Subject Of Expert Witness Analysis**

10  MGA objects to Interrogatories 51 and 53 on the grounds ████████

11  ████████████████████████████████████████████

12  ████████████████████████████████████████████

13  █████████████████████████████████████[24]   In its
14  Opposition, however, MGA now asserts that it was merely trying to "preserve its
15  right to rely on expert testimony." (Opp. at 21).  But the intent of MGA's general
16  and specific objection was clearly much broader, and any attempt to withhold
17  information as "premature" should be overruled.   MGA cites no authority
18  supporting a contention that it can withhold factual information on the basis that it
19  might be the topic of expert testimony. (Opp. at 20-21).  To the contrary, the law is

---

[23]  Further underscoring the point that trade dress rights do not accrue only upon the satisfaction of MGA's artificial, unsupported "transfer of title for compensation" definition and that adopting MGA's constrained view would deny Mattel legally relevant information it is entitled to, the Lanham Act provides that a licensee's use inures to the licensor's benefit -- without any reference to transfer to title or any similar limitation at all.  15 U.S.C. § 1055 ("Where a registered mark . . . .is or may be used legitimately by related companies, such use shall inure to the benefit of the registrant . . . and such use shall not affect the validity of such mark . . . "); eMachines, Inc. v. Ready Access Memory, Inc., 2001 WL 456404, at * 8 (C.D. Cal. March 5, 2001) ("a license to use a mark is evidence of use of the mark by the mark's registrant").

[24]  Watson Dec., Exh. 12, at 3-4, 15, 18.

-10-

1   clear that interrogatories requesting factual information are not objectionable even

2   on the basis that the responding party would need to consult with an expert to clarify

3   relevant facts.  (Mot. at 16-17) (citing King v. E.F. Hutton & Co., Inc., 117 F.R.D.

4   2, 5 (D.D.C. 1987); Roberts v. Heim, 130 F.R.D. 424, 429-30 (N.D. Cal. 1989)).

5   Thus, even if at some point MGA obtains expert information, MGA's proper course

6   would be to *supplement* its response.  What MGA cannot do is assert this objection

7   as a basis to further delay answering Mattel's interrogatories with the information

8   that is now available to it.

9   **E.    MGA's Objections That Information Is Better Known To Mattel**

10        **Should Be Overruled**

11        Interrogatories 51 and 54 seek information about the factual basis of MGA's

12   own contentions and ask MGA to identify Mattel's purportedly infringing products

13   *with specificity.*  It is not unreasonable for Mattel to require MGA to specifically

14   identify the allegedly infringing products so that Mattel can understand the basis for

15   MGA's allegations.  Such specific identification is well within MGA's knowledge

16   and not within Mattel's.  Indeed, without such specific identification, Mattel cannot

17   fully identify the products that are the subject of MGA's claims.  Furthermore,

18   MGA cannot withhold information on the theory that Mattel better knows which

19   people have knowledge of Mattel's purported copying of MGA's intellectual

20   property.  Once again, Mattel seeks information regarding the factual basis of

21   MGA's own claims and is entitled to the information.

22   **F.    Mattel's Interrogatories Are Not Compound And Must Be**

23        **Answered**

24        Interrogatories 51, 52 and 53 inquire into the factual basis for MGA's claims

25   that Mattel infringed MGA's intellectual property.  These interrogatories each seek

26

27

28

-11-

1  information on a common theme and about a common group.[25]  For example,

2  Interrogatory 51 asks that for the allegedly infringed MGA products, concepts or

3  designs, MGA identify with specificity the alleged infringement.[26]  Interrogatory 52

4  asks for sales information for MGA's allegedly infringed products.[27]  Neither of

5  these interrogatories is compound.  Similarly, Interrogatory 53 is not compound.  It

6  asks that for each instance where MGA claims likelihood of confusion between

7  Mattel and MGA marks, MGA identify the witnesses, facts and documents

8  supporting that contention.[28]  As the Discovery Master has previously ruled in this

9  case, such interrogatories with "subparts seeking facts supporting a contention, the

10  identity of persons with knowledge, and documents are not counted separately for

_____

[25]  MGA does not even attempt to distinguish Mattel's authorities.  See Mot. at 18 (citing Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D. Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question.");  Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL 318811, at * 7 (N.D. Cal. January 5, 2005) (interrogatory that asked the "same question regarding a common group of people" was not compound) (citing Wright & Miller, 8A Fed. Prac. & Proc. Civ. 2d § 2168.1 at 261)).

[26]  In other words, this interrogatory asks MGA to identify specifically which Mattel products infringed specifically what MGA intellectual property.  Contrary to what MGA suggests, simply requiring that MGA provide specificity in its description of the alleged infringement (by identifying the allegedly infringed elements, and by specifically identifying the allegedly infringing Mattel products) does not make the interrogatory compound.

[27]  Each of the authorities MGA relies on to support its contention that Mattel's interrogatories are compound are inapposite.  In Collaboration Properties, Inc. v. Polycom, Inc., 224 F.R.D. 473, 475 (N.D. Cal. 2004), the plaintiff had identified the products that formed the basis of its own claims and was propounding interrogatories to defendant about those products.  By contrast, here, Mattel asks MGA to identify the products that are the subject of MGA's own contentions.  Jada Toys v. Mattel, Inc., 518 F.3d 628 (9th Cir. 2008), and Durney v. WaveCrest Laboratories, LLC, 441 F. Supp. 2d 1055 (N.D. Cal. 2005), are also inapposite.  These cases do not even relate to discovery, let alone discuss what constitutes a compound interrogatory.  See Opp., at 22, fn. 20.

[28]  By requiring MGA to identify the Sleekcraft factors supporting MGA's contentions, the interrogatory simply identifies the level of specificity with which MGA must answer the interrogatory.

-12-

1   the purposes of applying the . . . interrogatory limit."[29]   MGA cites no authority to

2   the contrary.

3      **G.**   **Mattel's Interrogatories Are Not Duplicative**

4        Interrogatory 52 does not duplicate Interrogatory 45.  Interrogatory 52 seeks

5   MGA profits, costs and revenue associated with each trade dress Mattel allegedly

6   infringed, while Interrogatory 45 seeks similar information with respect to each

7   Bratz product.   Thus, Interrogatory 52 encompasses products not covered by

8   Interrogatory 45 and also requires MGA to identify which of the Bratz products and

9   associated trade dress MGA alleges Mattel infringed.[30]

10      **H.**   **Mattel's Interrogatories Are Not Unduly Burdensome**

11        MGA does not dispute that it has failed to provide any proof to support its

12   burden assertions.   The Court should therefore overrule each of MGA's

13   unsubstantiated burden objections.[31]   Indeed, although Mattel drew attention to this

14   deficit in its Motion, MGA has not even attempted to cure this deficiency.  Nor does

15   MGA dispute, for example, that it regularly maintains reports containing revenue,

16   profit, and cost information on a product-by-product basis, which is precisely the

17   ——————————————————

18   [29]   Order Granting Joint Motion for Protective Order Regarding Mattel's

19   Interrogatories, dated September 5, 2007, at 5-7, Supp. Watson Dec., Exh. 4.

    [30]   Contrary to MGA's assertion, Mattel also challenges MGA's objection that

20   Interrogatory 51 is duplicative.   (Mot. at 19, fn. 81) (explaining that in answer to

21   Interrogatories 6 and 49 MGA has not provided all the information requested in

    Interrogatory 51).

22   [31]   See Mot. at 20-22; see also Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D.

23   524, 528-9 (D. Nev. 1997) ("The party claiming that a discovery request is unduly

    burdensome must allege specific facts which indicate the nature and extent of the burden,

24   usually by affidavit or other reliable evidence.") (citing Burton Mechanical

    Contractors, Inc. v. Foreman, 148 F.R.D. 230, 233 (N.D. Ind. 1992)).   The former

25   Discovery Master also ruled that MGA must substantiate its burden objections with

    supporting proof.   See Order Granting Mattel's Motion to Compel Production of

26   Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 14 ("Once

27   again, MGA has failed to substantiate any of its objections with supporting declarations or

    legal authorities).

28

EXHIBIT 12 PAGE 199

1  information sought by Interrogatory No. 52.   Thus, providing a response to this
2  interrogatory will not impose an undue burden.  (Mot. at 21-22).
3        As Mattel explained in its Motion, MGA cannot complain that Mattel's
4  interrogatories are unduly burdensome when Mattel simply seeks information
5  regarding MGA's own claims and allegations.[32]  If MGA contends that Mattel has
6  infringed vast amounts of MGA's intellectual property, Mattel has the right to seek
7  and obtain discovery as to each of MGA's contentions.  For this reason, courts hold
8  there can be no undue burden in requiring a party to identify its own claims and the
9  factual basis for them.  See 8A Federal Practice & Procedure § 2167 (citing Am. Oil
10  Co. v. Penn. Petro. Co., 23 F.R.D. 680, 683 (D.R.I. 1959) ("Since the information
11  sought here will undoubtedly be assembled by the defendant prior to trial in the
12  preparation of its defenses, it cannot be said that these interrogatories are
13  objectionable as being burdensome.")).
14        MGA's only complaint is that the interrogatories are unduly burdensome
15  because Mattel requests information about all alleged infringement of MGA
16  intellectual property, whether that property is tangible or intangible.  (Opp. at 24).
17  But as explained above, Mattel is entitled to information regarding all of MGA's
18  claims and allegations, and interrogatories seeking such information are not unduly
19  burdensome.
20        Similarly, MGA complains that Interrogatory 53 and 64 are unduly
21  burdensome -- 53 because it requires MGA to identify the Sleekcraft factors
22  supporting each of MGA's alleged claims, and 64 because it requires MGA to
23  identify the facts, witnesses and documents pertaining to its claims.[33]   Again,
24

---

25  [32] (Mot. at 20-24).  In such circumstances, the burden of responding is created by and under the control of MGA.
26  [33] See Opp. at 25.  Note that MGA states that it objects to Interrogatory 52 because it
27  requires identification of Sleekcraft factors.  Interrogatory 52 does not mention Sleekcraft
    factors but rather seeks information about revenue, profit and cost.  Mattel therefore
28      (footnote continued)

-14-

1  however, these objections are unavailing because the interrogatories seek

2  information regarding the details of MGA's own allegations against Mattel. The

3  Court should overrule MGA's meritless burden objections.

### I.   MGA's Boilerplate Privilege Objections Should Be Overruled

5       As Mattel explained in its Motion, MGA's privilege objections are improper.

6  (Mot. at 25-26).  MGA now asserts that it was simply trying to make clear that "it

7  was not waiving attorney-client privilege and would not produce any privileged

8  information or documents."  (Opp. at 25).  MGA's privilege objections are much

9  broader than this, however.[34]  In fact, MGA objects to Interrogatory Nos. 52, 53, 55,

10  and 64 on the grounds that they ████████████████████████████████████████

11  ████████████████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████████████

14  ███████████    Such broad assertions of privilege cannot be sustained in the context

15  of contention interrogatories where the law makes clear that a party cannot avoid

16  responding by claiming that the interrogatories call for a legal conclusion or by

17  invoking the attorney-client privilege or the work product doctrine.[35]  To the extent

18  MGA is merely asserting that it is not waiving attorney-client privilege and that it

19  will not produce any documents protected by the attorney-client privilege, then the

20  Court should overrule the remainder of MGA's objection regarding the ████████

21  ████████████████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████████████████████

24  assumes MGA meant to object to Interrogatory 53, which does require the identification of

25  Sleekcraft factors.

26  [34]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 52, 53, 55, 64), Watson Dec., Exh. 12.

27  [35]  Convergent Business Systems, Inc. v. Diamond Reporting, Inc., 1989 WL 92038, at

28  *1 (E.D.N.Y. 1988); King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5 n.3 (D.D.C. 1987).

-15-

Case 2:04-cv-09049-DOC-RNB   Document 5915-5   Filed 07/07/09   Page 51 of 51   Page ID #:191186

Case 2:04-cv-09049-SGL-RNB     Document 5039     Filed 03/18/2009     Page 20 of 20

1     ████████████ which MGA does not even attempt to defend.  Mattel is

2 entitled to full, complete information about MGA's own claims in this case, and

3 MGA should not be permitted to further withhold that information from Mattel

4 through such limitations.

5         **Conclusion**

6     For the foregoing reasons, Mattel respectfully requests that the Discovery

7 Master enforce the prior Discovery Master's Order, overrule each of MGA's

8 objections and compel MGA to respond to Nos. 43-44 of Mattel's Amended Fourth

9 Set of Interrogatories and Nos. 51-55 and 64 of Mattel's Supplemental

10 Interrogatories, and impose sanctions in the amount of $4,515.

11

12 DATED: March 18, 2009     QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

13

14

15     By:/s/ Scott L. Watson

16     Scott L. Watson
    Attorneys for Mattel, Inc.

17

-16-

REPLY ISO MOTION TO COMPEL
EXHIBIT 12 PAGE 202