QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, an individual,

Plaintiff,

vs.

MATTEL, INC., a Delaware corporation,

Defendant.

AND CONSOLIDATED ACTIONS

CASE NO. CV 04-9049 SGL (RNBx)

Consolidated with
Case No. CV 04-09059
Case No. CV 05-02727

**DISCOVERY MATTER**

**[To Be Heard By Discovery Master Robert O'Brien Pursuant to Order of January 6, 2009]**

REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FOR WHICH ANY CLAIMS OF PRIVILEGE HAVE BEEN WAIVED

[Supplemental Declaration of B. Dylan Proctor filed concurrently]

Date: TBD
Time: TBD
Place: Arent Fox LLP

**Phase 2:**
Discovery Cut-off: December 11, 2009
Pre-trial Conference: March 1, 2010
Trial Date: March 23, 2010

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..... 1
ARGUMENT ..... 1
I. OMNI'S PRIVILEGE LOG WAS MATERIALLY TARDY ..... 1
II. WAIVER IS THE APPROPRIATE SANCTION FOR OMNI'S INTRANSIGENCE ..... 6
III. OMNI'S ESTOPPEL ARGUMENT IS FRIVOLOUS ..... 12
IV. OMNI SHOULD BE MONETARILY SANCTIONED ..... 14
CONCLUSION ..... 14

# TABLE OF AUTHORITIES

**Page**

## Cases

Am. Dental Assoc. v. Khorrami, 2003 WL 24141019 (C.D. Cal. Jul. 14, 2003) ........ 8

Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court, 408 F.3d 1142 (9th Cir. 2005) ........ 6, 7, 10, 11

In re DG Acquisition Corp., 151 F.3d 75 (2d Cir. 1998) ........ 9

Flanagan v. Benicia Unified School Dist., 2008 WL 2073952 (E.D. Cal. May 14, 2008) ........ 4

Get-A-Grip, II, Inc. v. Hornell Brewing Co., Inc., 2000 WL 1201385 (E.D. Pa. Aug. 8, 2000) ........ 8, 10

Hanni v. Am. Airlines, Inc., 2009 WL 1505286 (N.D. Cal. May 27, 2009) ........ 6, 12, 13

Hurst v. F.W. Woolworth Co., 1997 WL 61051 (S.D.N.Y. Feb. 11, 1997) ........ 11

James J. Binns, P.C. v. Flaster Greenberg, P.C., 2006 WL 2982141 (N.D. Ill. Oct. 13, 2006) ........ 6

In re Lott, 424 F.3d 446 (6th Cir. 2005) ........ 10

Moreno v. Autozone, Inc., 2008 WL 906510 (N.D. Cal. April 1, 2008) ........ 8

Mosely v. City of Chicago, 252 F.R.D. 421 (N.D. Ill. 2008) ........ 8, 9

New Hampshire v. Maine, 532 U.S. 742 (2001) ........ 12

OneBeacon Ins. Co. v. Forman Int'l., Ltd., 2006 WL 3771010 (S.D.N.Y. Dec. 15, 2006) ........ 8

Pensacola Beach Community United Church, Inc. v. National Union Fire Ins. Co., 2007 WL 737499 (N.D. Fla. Mar. 7, 2007) ........ 13

Pitts v. Francis, 2008 WL 2229524 (N.D. Fla. May 28, 2008) ........ 7, 10

Ritacca v. Abbott Lab., 203 F.R.D. 332 (N.D. Ill. 2001) ........ 10

Rural Water Systems Ins. Ben. Trust v. Group Ins. Adm'rs, Inc., 160 F.R.D. 605 (D. Kan. 1995) ........ 4, 6

United Nat. Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772 (9th Cir. 2009) .......... 13

Universal City Dev. Partners, Ltd. v. Ride & Show Eng. Inc., 230 F.R.D. 688 (M.D. Fla. 2005) .......... 7, 9, 10, 11

**Statutes**

Fed. R. Civ. P. 26 .......... 8, 9

Fed. R. Civ. P. 45 .......... 8, 9, 13

## Preliminary Statement

The salient facts here are undisputed, and they justify a finding of waiver. Mattel wrote letter upon letter, starting months before it filed its motion, asking Omni to provide a privilege log as required by the Rules—an obligation Omni does not dispute it had all along. Never once did Omni provide a log in response, or even offer a date certain by when Mattel could expect to receive one. Yet Omni was able to actually provide a log within a single day of Mattel's filing of this motion (and promptly promised it would do just that no more than an hour after Mattel's filing). Omni thus sat on its log for as long as it could and produced it only when forced by Mattel's motion to do so. Its delays were intentional and tactical, designed to frustrate Mattel's ability to obtain the log it was entitled to and pursue further discovery for as long as possible. It is in precisely such circumstances that a finding of waiver of the privilege—a privilege that must be timely and specifically asserted—is appropriate.

Mattel is not promoting any *per se* rule that an untimely log yields waiver in seeking a waiver finding here—that is why Mattel expressly limited its motion to privileged documents compelled by Order No. 3, which Mattel asked to have logged for months, and not those compelled by Order No. 27, as to which Omni's delays were less extreme. Nor is Mattel "estopped" from seeking a waiver finding as to documents compelled by Order No. 3 by having not sought one as to documents not compelled that are responsive to a separate subpoena served on a separate entity. Such red herrings are virtually all Omni offers in opposition. Mattel respectfully submits a finding of waiver is called for.

## Argument

### I. OMNI'S PRIVILEGE LOG WAS MATERIALLY TARDY

Omni finally submitted a privilege log on June 30, 2009, after Mattel filed the present motion. It was obliged to provide it long before that date.

Nowhere does Omni explain or attempt to justify its extended delays; nowhere does it even argue, let alone show, that they were necessary or unavoidable or excusable. And while Omni does attempt to downplay the length of its delays, those attempts fail.

First, Omni proclaims that it "complied with the Discovery Master's Orders, making its initial production of documents on April 28 and completing its production on June 22. One week later, on June 30 Omni served its privilege log." (Opp. at 1.) If Omni had indeed produced a log just a week after it "completed" its production, we would not be here. But that is not what happened. Omni's assertion conflates different motions, orders and productions into one to create a false impression of dogged compliance by Omni with its obligations, beginning with its "initial production" and ending with its recent "supplemental production" and a privilege log soon after. But Omni's "initial" and so-called "supplemental" productions were distinct productions compelled by separate Discovery Master Orders (Order No. 3 and Order No. 27) issued months apart.

Mattel served subpoenas on Omni on January 9, 2009. After Omni stonewalled and Mattel moved to compel, the Discovery Master issued Order No. 3 on March 10, 2009, requiring Omni to produce certain documents within 30 days (*i.e.*, by April 9). Contrary to Omni's claims, it by no means "complied" with that Order—in fact, it refused to do so and forced Mattel to apply *ex parte* for an order to show cause regarding contempt to enforce compliance. The Discovery Master then issued another Order (No. 21) directing Omni to comply with Order No. 3 by April 28, expressly "reserv[ing] the right to recommend to the Court that the relief requested by Mattel"—including a finding of contempt—"be granted, in whole or in part" should Omni not meet that date.[1] This was not a benign "grant[] of Omni's

---

[1] Discovery Matter Order No. 21, dated April 23, at 1 ¶ 2 Proctor Decl., Ex. 7. All references to the "Proctor Decl." correspond to the Declaration of B. Dylan Proctor (footnote continued)

request for an extension," as Omni suggests. (Opp. at 5; Villar Decl. ¶ 3 ("granting Omni a brief extension of time to produce its documents").) It was a coercive action mandated by Omni's defiance of an existing Order. When forced by the Discovery Master's second Order to comply with the first Order, Omni then produced some documents on April 28, but it still did not produce a privilege log. Both before and after that production date Mattel inquired, repeatedly, about the log; when it didn't deny its obligation to produce a log outright, at best Omni said Mattel would get one eventually.[2]

Meanwhile, on May 6, 2009—weeks after the extended deadline for Omni's compliance with Order No. 3—the Discovery Master compelled Omni to produce ***different*** documents, in Order No. 27.[3] By its terms, that Order required

---

submitted concurrently with Mattel's motion; references to the "Supp. Proctor Dec." correspond to the Supplemental Declaration of B. Dylan Proctor submitted concurrently with Mattel's reply.

[2] Mattel's Mot. at 3; see, e.g., April 21, 2009 Letter from M. Zeller to P. Villar, Proctor Decl., Ex. 8; May 5, 2009 Letter from B. Proctor to P. Villar, Proctor Decl., Ex. 9; May 7, 2009 Letter from P. Villar to B. Proctor, Proctor Decl., Ex. 10; June 22, 2009 Letter from P. Villar to J. Quinn, Proctor Decl., Ex. 14.

[3] Omni's screed regarding the report of the Court-appointed forensic auditor and Order No. 27 is puzzling and ultimately irrelevant here. (See Opp. at 6 n.4.) Contrary to Omni's claim, the Discovery Master's Order No. 27 was not "based, in significant part, on Mattel's citation to the Summary Report of the Court-appointed forensic auditor, Ronald Durkin," but was based on newly produced evidence. See Discovery Master Order No. 27, at 2-3 ("Specifically, Mattel cites three documents from the Wachovia production . . . Mattel contends that, in the aggregate, this new evidence, which was not available to it until after the Discovery Master issued [the Order], alters the factual basis for the Discovery Master's decision declining, for the most part, to enforce the subpoenas to the Financing Entities."). Moreover, Omni offers no citation—because none exists in the record—for its false claim that at the July 6 hearing Judge Larson "reiterated" an admonition that Mattel had ever improperly cited to the Durkin report. On the contrary, while the Court instructed the parties not to rely on Mr. Durkin's reports until it had made a final decision as to their status, Omni was the party admonished for the "unfortunate incident" where "references on the record were made to Mr. Durkin's report" including "some pretty serious allegations concerning Mr. Durkin, both in terms of his competency and in terms of his objectivity, both in the papers that were filed with the Court . . . and the statements that were made in court." July 6, 2009 Hearing Tr. at 25:12-20, Supp. Proctor

(footnote continued)

Omni only to produce documents that were ***not*** compelled by Order No. 3: "[T]he Discovery Master will order Omni 808 to produce ***additional*** documents responsive to Mattel's subpoena, as set forth in Section IV . . . ."[4] Omni then produced some documents responsive to this Order on June 22, a month and a half later. Omni's suggestion that its privilege log was timely because it was produced eight days after *that* production is baseless. Mattel expressly did not seek a finding of waiver as to documents responsive only to Order No. 27.[5] The problem, and the cause for waiver, is Omni's gamesmanship and delays in providing a log as to documents compelled in Order No. 3, which were due months ago.[6]

---

Decl., Ex. 1. The Court then issued an Order rebuking Omni's counsel for his personal attacks against Mr. Durkin, stating they were "a display the likes of which have not been previously witnessed by this Court." See Order dated July 9, 2009, at 7-14 ("What the Court has witnessed here, however, in both manner and substance, for the reasons noted above, goes beyond what the Court can let pass without some manner of reprobation. So let the Court be clear: Nothing excuses the attempted character assassination in which Mr. Gordinier has engaged."), Supp. Proctor Decl., Ex. 4.

[4] Discovery Matter Order No. 27, dated May 6, 2009, at 13, Proctor Decl., Ex. 12 (emphasis added).

[5] Mattel's Mot. at 1 n.1.

[6] This is not the first time the Omni has attempted to use later-occurring events to retroactively justify its non-compliance. As the Discovery Master will recall, Omni justified its refusal to produce documents compelled by Order No. 3 at all by pointing out that Mattel had filed a motion seeking the production of *additional* documents from Omni, an excuse the Discovery Master rejected. See Non-Party Omni 808 Investors, LLC's Opposition to Mattel, Inc.'s *Ex Parte* Application for an Order to Show Cause Re Omni 808's Failure to Comply With Court Order, dated April 23, 2009, at 14-17, Supp. Proctor Decl., Ex. 2; Discovery Matter Order No. 21, dated April 23, at 1 ¶ 2 Proctor Decl., Ex. 7. Such later occurring conduct no more justifies Omni's refusal to provide a log than it justified its refusal to produce documents that had already been compelled. See, e.g., Flanagan v. Benicia Unified School Dist., 2008 WL 2073952, at *7 (E.D. Cal. May 14, 2008) (rejecting argument that production of log would have been "premature" because pending motion practice might expand the scope of discovery); Rural Water Systems Ins. Ben. Trust v. Group Ins. Adm'rs, Inc., 160 F.R.D. 605, 607 (D. Kan. 1995) (finding waiver because tardy production of privilege log was not excused during "the intervening months while briefing the issues and awaiting the court's decision" on the scope of discovery).

Next, Omni points out that it was ordered to produce "only non-privileged documents" in Order No. 3. (Opp. at 8.) That is irrelevant. As the Court has ruled, where a "Discovery Master's order compels the production of only non-privileged documents. . . . [and] the only responsive documents are privileged, then [the responding party] need not produce them, **but must produce a privilege log.**"[7] Omni's obligation to provide a privilege log accrued when it was ordered to produce documents; that the Discovery Master did not expressly compel a log as well is immaterial.

Omni next asserts that its delays were not that long once it is credited the time while discovery was stayed. (Opp. at 6.) A four-week discovery stay was put in place on May 18, 2009. By that time, Omni's privilege log for Order No. 3 was ***already*** long overdue; Mattel had already sent multiple letters inquiring as to the status of Omni's log and advising Omni of the possibility of waiver by that date.[8] A later-imposed discovery stay can no more justify Omni's non-compliance than the later-issued Order No. 27 requiring the production of additional documents did. Moreover, a stay is not a vacation—even assuming Omni had no obligation to actually produce its log during the course of the stay, it certainly could have and should have used that time to finalize its already-overdue privilege log relating to Order No. 3 (assuming having adequate time to prepare the log truly were the issue), and served the log promptly once the stay was lifted on June 12, 2009. It of course did not do so. Omni's delays were unjustifiable.[9]

---

[7] July 2, 2007 Minute Order at 2, Proctor Decl., Ex. 16 (emphasis added).

[8] April 21, 2009 Letter from M. Zeller to P. Villar, Proctor Decl., Ex. 8; May 5, 2009 Letter from B. Proctor to P. Villar, Proctor Decl., Ex. 9.

[9] Omni suggests that its non-compliance should be measured from the "dates the documents were produced." (Opp. at 3.) But Omni was ordered to comply with Order No. 3 by April 9—it does not get "credit" for having forced an *ex parte* re contempt sanctions to obtain belated compliance. More than two and half months passed after that April 9 date before Omni produced its log. That is sufficient for waiver, particularly given the

(footnote continued)

Finally, even the log Omni eventually produced following Mattel's motion is inadequate. Putting aside that Omni was required to produce a log independently, not merely in response to Mattel's demands or the prospect of sanctions, see Hanni v. Am. Airlines, Inc., 2009 WL 1505286, at *3 (N.D. Cal. May 27, 2009), the tardy log that Omni finally produced simply repeats the same vague description for all of its 174 entries.[10] That is improper, and in fact fails to substantiate a privilege claim. See James J. Binns, P.C. v. Flaster Greenberg, P.C., 2006 WL 2982141, at *2 (N.D. Ill. Oct. 13, 2006) (holding that "rote assertions" of privilege on a log "fail to satisfy that burden" imposed by the Rules and requiring disclosure of documents where "log contains the same assertion, verbatim, for each of the 179 documents listed on the log"). Omni's inadequate privilege log, belatedly produced only after Mattel's motion, does not undermine the propriety of a waiver finding. See Rural Water Systems Ins. Ben. Trust, 160 F.R.D. at 608 (rejecting argument that party had "now cured any defect" by producing privilege log after motion to compel because "[t]he production of the log is too late" ).[11]

## II. WAIVER IS THE APPROPRIATE SANCTION FOR OMNI'S INTRANSIGENCE

A waiver inquiry is not strictly a matter of counting calendar days of delay; rather, as the Ninth Circuit instructed in Burlington, "using the 30-day period as a default guideline" a court must engage in a "case-by-case determination." Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court, 408 F.3d 1142, 1149 (9th Cir.

---

indicia of intentionality and gamesmanship that exist here. See Mot. at 6-10; see infra Section II.

[10] See Privilege Log for Omni 808 Investors, LLC, dated June 29, 2009, Supp. Proctor Decl., Ex. 3.

[11] Mattel reserves its rights to challenge any or all of the specific entries on Omni's log at a future date.

2005).[12] Omni ignores most of the waiver factors articulated in Burlington and the other authorities cited by Mattel. The scattered arguments it does make do not justify its purposeful delays.

First, Omni's opposition omits entirely any discussion of Burlington's first factor, the degree to which any assertion of privilege enables the litigant to evaluate the claim, save Omni's conclusory claim that "Omni's privilege objections have been preserved" through its initial objections. (Opp. at 8.) Those objections were boilerplate: "In addition to the general objections set forth above, Omni objects to this request on the grounds that it seeks documents that are protected by the attorney client privilege and attorney work product doctrine."[13] That kind of objection provides none of the "particulars typically contained in a privilege log" that would "enable[] the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged." Burlington, 408 F.3d at 1149. It does not describe "the nature of the documents" withheld or provided any details of an attorney's involvement to demonstrate the applicability of any privilege. These types of "boilerplate objections are presumptively insufficient" to substantiate a claim of privilege. Id. As in Burlington, this factor remains strongly weighted in favor of finding waiver.

As to the second factor (timeliness), Mattel has shown that Omni's deficient log was substantially untimely. As Mattel has shown, courts find waiver based on similar or even shorter delays. See, e.g., Pitts v. Francis, 2008 WL

---

[12] Omni's repeated suggestion (Opp. at 3, 10) that Mattel has advocated a rule of "per se" waiver is inaccurate. As set out in Mattel's motion in detail (Mot. at 6), Burlington instructed courts to apply a "holistic" approach which considers the following factors: (1) the degree to which any assertion of privilege enables the litigant to evaluate the claim; (2) timeliness; (3) magnitude of production at issue; and (4) particular circumstances that make responding unusually difficult. See Burlington, 408 F.3d at 1149.

[13] Non-Party Omni 808 Investors, LLC's Objections to Subpoena, dated January 28, 2009, at 3, Proctor Decl., Ex. 3; see also id. at 4, 10, 11, 12 (making same boilerplate objections).

2229524, at *5-6 (N.D. Fla. May 28, 2008) (citing to Burlington and granting motion for waiver filed two weeks after party failed to provide privilege log); Get-A-Grip, II, Inc. v. Hornell Brewing Co., Inc., 2000 WL 1201385, at *2-3 (E.D. Pa. Aug. 8, 2000) (two month delay in production of privilege log waived privilege); Universal City Dev. Partners, Ltd. v. Ride & Show Eng. Inc., 230 F.R.D. 688, 695 (M.D. Fla. 2005) (finding waiver where party delayed three and half months between raising claim of privilege and producing privilege log); Am. Dental Assoc. v. Khorrami, 2003 WL 24141019, at *8-12 (C.D. Cal. Jul. 14, 2003) (reversing finding of no waiver where party had not provided privilege log six months from initial date on which discovery response was due); see also Mattel's Mot. at 7-8. Omni's attempts to distinguish these authorities are unavailing.[14]

First, Omni argues, these cases involved "extraordinary delays." (Opp. at 11.) If these cases involved "extraordinary delays," then Omni's comparable delay is necessarily also "extraordinary."

Second, Omni argues, these cases involved "parties to the litigation." (Opp. at 11.) Omni, however, chose to intervene in this case, so its efforts to distinguish the cases on that basis is unavailing. Its contention is also immaterial. Whether documents are compelled pursuant to Rule 26 or Rule 45, a party or non-party must provide a timely privilege log to maintain its claim of privilege: "Just as Rule 26(b)(5) requires parties lodging a claim of privilege against a discovery request to compile a privilege log, Rule 45(d)(2)(A)(ii) imposes ***the same obligation*** on nonparties responding to subpoenas." Mosely v. City of Chicago, 252 F.R.D. 421, 426 (N.D. Ill. 2008) (emphasis added) (holding non-party's failure to provide a privilege log pursuant to Rule 45 waived any claim of privilege); see also OneBeacon Ins. Co. v. Forman Int'l., Ltd., 2006 WL 3771010, at *7-8 (S.D.N.Y.

---

[14] For its part, Omni cites Moreno v. Autozone, Inc., 2008 WL 906510 (N.D. Cal. April 1, 2008), but that case *found* waiver. 2008 WL 906510 at *5.

Dec. 15, 2006) (collecting numerous cases holding that Rule 45, like Rule 26, requires a non-party to provide a timely privilege log); Universal City, 230 F.R.D. at 698 (finding waiver: "Because the purpose of Rule 45(d)(2) is the same as Rule 26(b)(5), the Court adopts the test articulated by the 9th Circuit in Burlington Northern for assessing timeliness of a privilege log").[15] While Rule 45 may provide "heightened protections" against burdensome discovery, once a request has been deemed reasonable and disclosure compelled the requirement to provide a timely privilege log is no less important because disclosure is compelled under Rule 45. The requirement to provide a timely log is "mandatory" and is not subject to a determination of "undue burden" by the non-party because "the concept of 'undue burden' only comes into play in determining whether to require production of non-privileged information" in the first instance. Mosley, 252 F.R.D. at 449 ("As with parties under Rule 26, non-parties under Rule 45 have a choice: they can either prepare a privilege log or waive any claim of privilege").[16]

---

[15] For this reason, Omni's complaint that "Mattel fails to cite a single case involving a non-party" (Opp. at 12) is irrelevant, since Omni has intervened and there is no meaningful distinction between a non-party and a party's obligation to provide a timely privilege log. It is also incorrect—Mattel showed that even in other orders in this case the Court has required "parties and non-parties alike" to provide timely privilege logs. (Mattel's Mot. at 5 citing Phase 1 Discovery Master's Order re Mattel's Motion to Compel Farhad Larian, Kaye Scholer, and Stern & Goldberg to Produce Documents, dated January 25, 2008, at 13, Proctor Decl., Ex. 15 (ordering non-party to produce a document-by-document privilege log)). Incidentally, it is this very same Order that Omni repeatedly accuses Mattel of failing to cite. (See Opp. at 2, 10, 14.) Contrary to Omni's claim, that Order **did not** reject "Mattel's waiver theory," but rather found **that a law firm** raised a "legitimate objection" to having to provide a "document-by-document" privilege log and therefore had not waived the privilege by failing to provide a log. Id. at 19. Nevertheless, the prior Discovery Master rejected the claim of "undue burden" and ordered the law firm to provide a log or risk waiver. Id.

[16] The only authority that Omni cites on this score, In re DG Acquisition Corp., 151 F.3d 75 (2d Cir. 1998), hardly supports its position. (Opp. at 9 n.8.) That case involved waiver of the Fifth Amendment privilege against self-incrimination, not the attorney-client privilege. Waiver of that constitutionally-protected right, the court ruled, "should be inferred only in the most compelling of circumstances." Id. at 81. Indeed, the court noted

(footnote continued)

Last, Omni argues that "other exigent circumstances" have been present in cases that find waiver. But many of the specific "circumstances" that Omni highlights (Opp. at 11) are present here. As in Burlington and Pitts, there is no reason why Omni, a "sophisticated corporate litigant"[17] that is "not [a] stranger[] to the court system and would certainly be on notice of the need to comply, and timely comply, with the Federal Rules of Civil Procedure,"[18] could not have produced its privilege log months earlier. Like American Dental, Get-A-Grip and Ritacca, there is ample evidence of "foot-dragging and a cavalier attitude towards following court orders,"[19] seen most starkly in Omni's unjustified refusal to comply with Order No. 3 in the first instance. And like Burlington, Ritacca and Lopez, when Omni finally deigned to produce its untimely log—prompted only by Mattel's waiver motion—it was grossly inadequate. None of Omni's attempted distinctions provides grounds to avoid waiver.[20]

Omni skirts the third factor (magnitude)—and with good reason: Omni produced approximately 850 documents, or approximately 10,000 pages. Its belated privilege log contains 174 entries. Nowhere does Omni even argue that its delays were justified or necessitated by the magnitude of documents at issue. Nor could it

---

that some authorities hold that "untimeliness, without more, can never justify a finding of waiver of the Fifth Amendment privilege because that privilege is 'qualitatively distinct from other discovery objections,'" and distinguished cases involving waiver of the attorney-client privilege for the untimely production of privilege logs. Id. (citation omitted); see also id. at 84 (distinguishing privilege log case). Moreover, regardless of the privilege at issue, In re DG Acquisition provides no support for Omni's assertion that the obligation to provide a privilege log under Rule 45 is any less exacting than under Rule 26.

[17] Burlington, 408 F.3d at 1149.

[18] Pitts, 2008 WL 2229524, at *5.

[19] Ritacca v. Abbott Lab., 203 F.R.D. 332, 335 (N.D. Ill. 2001) (citations omitted).

[20] Omni accuses Mattel of misciting authorities but does not provide any purported examples to support its accusations. (Opp. at 2, 14.) In fact, it is Omni that has mischaracterized the law, including by improperly citing a ***dissenting opinion*** without indication. (See Opp. at 7 citing In re Lott, 424 F.3d 446, 461 (6th Cir. 2005) (Boggs, C.J., dissenting)). Moreover, contrary to Omni's gloss, that dissenting opinion actually supported a finding of waiver. See In re Lott, 424 F.3d at 460-461.

make such an argument. For example, in Universal City, the court, citing Burlington, rejected the argument that a 13,000 page production was too voluminous to justify a privilege log that was delayed for three and half months: "While review and production of 13,000 pages of documents is no small task, it is manageable. There is nothing in the record to suggest any particular circumstances that would make the preparation of the log unusually difficult. If RSE believed it would require more than 30 days to prepare a privilege log, it should have obtained an extension of time from Universal or filed a motion for protective order." 230 F.R.D. at 695. This factor weighs in favor of waiver.[21]

Omni succeeds in avoiding the fourth factor (unusual circumstances), only by turning the standard on its head, arguing that Mattel has not shown "extenuating circumstances or prejudice." (Opp. at 12.) That is not Mattel's burden. Burlington instructs a court to consider whether "particular circumstances" made timely compliance "unusually hard" or "unusually easy." 408 F.3d at 1149. Nowhere does Omni even argue that particular circumstances made compliance unusually hard, nor does it even suggest that it could not have provided a privilege log on April 9, 2009, or in the weeks and months that followed, if it had been so inclined. Given the moderate size of Omni's production (and number of entries on the log it finally produced),[22] and given that Omni produced it a day after Mattel filed its motion here, there is ample reason to believe that it could have provided a log in a timely manner. See Universal City, 230 F.R.D. at 695.

---

[21] Omni claims that Mattel sought additional time to review a production of similar size by Wachovia. (Opp. at 5 n.3.) There is a fundamental difference between substantively reviewing *another* party's 10,000 page production of complex financial documents, and the time it takes to conduct a privilege review of one's own documents and put them on a log.

[22] This log appears to relate to documents compelled by both Order No. 3 and No. 27. Presumably, Omni's task would have been even easier had it timely complied since the log, limited to documents related to Order No. 3, would have been even smaller.

Finally, while Burlington does not make prejudice to Mattel a factor, Omni's tactical delay has caused prejudice. Omni was obligated to provide a log on its own accord and in a timely manner. Hanni, 2009 WL 1505286, at *3. Omni delayed producing its log for as long as it could, and produced it only after Mattel filed a motion. Where a party is forced to expend time and money to compel the production of a privilege log, that is prejudice enough. See Hurst v. F.W. Woolworth Co., 1997 WL 61051, at *5 (S.D.N.Y. Feb. 11, 1997) (plaintiffs had suffered prejudice because they were "forced to spend substantial time and expense to compel [defendant] to comply with its discovery obligations"). Moreover, Omni's actions have succeeded in causing unfair delay and wasted time. Parties often obtain important evidence through motion practice regarding allegedly privileged communications. That process begins with a review of privilege logs. Omni's tactical delay ensures that that process will be unreasonably shortened during the remaining discovery period to Mattel's prejudice.

## III. OMNI'S ESTOPPEL ARGUMENT IS FRIVOLOUS

Omni's judicial estoppel argument is without merit. For judicial estoppel to apply, "a party's later position must be 'clearly inconsistent' with its earlier position." New Hampshire v. Maine, 532 U.S. 742, 750 (2001). There is nothing inconsistent about Mattel's positions here.

Mattel previously argued that Bingham McCutchen should not be permitted to withhold all documents based on a claim that some were privileged, but was required to be asserted on a document-by-document basis as previously held by the Court.[23] Mattel's argument here is that Omni's failure to provide a privilege log constitutes a waiver of privilege. These arguments are completely distinct. They do not address the same issues (or the same subpoenas), let alone do so inconsistently. And to the extent Mattel even touched on similar issues in its motion against

---

[23] See July 6, 2009 Hearing Tr. at 15:14-23.

Bingham, its positions have been consistent—that a third party must support any privilege objections through the production of a log:

> As the former discovery master recognized, however, Rule 45(d)(2) "requires a party responding to a subpoena to provide sufficient information to enable the party seeking discovery to assess the claims of privilege and work product protection," and the "*'universally accepted' means of claiming that requested documents are privileged is by a producing a document-by-document privilege log.*"[24]

Omni apparently believes that by not seeking all privileged documents in Bingham's possession (in a motion where waiver is not at issue), Mattel is now precluded from seeking, on waiver grounds, any privileged documents from Omni. This simply does not follow. Mattel has not taken any inconsistent positions. Nor has it won on its allegedly inconsistent earlier position.[25] Judicial estoppel clearly does not apply.[26]

---

[24] See [Public Redacted] Mattel, Inc.'s Reply in Support of Motion Objecting to Portions of Discovery Master Order No. 27 Regarding Motion of Mattel, Inc. to Compel Documents From Bingham McCutchen, dated June 29, 2009, at 3, Supp. Proctor Decl., Ex. 5 (emphasis in original).

[25] See United Nat. Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772 (9th Cir. 2009) (for judicial estoppel to apply the party "must have succeeded in persuading the district court to accept the earlier position"). Judge Larson's Order on Mattel's motion on no way even relies on the Mattel position Omni purports to cite. See July 9, 2009 Order, Supp. Proctor Decl., Ex. 4.

[26] Notably, counsel for Omni made this same argument to Judge Larson on the Bingham subpoena objections. See July 6, 2009 Hearing Tr. at 21:14-21 ("[T]hey said, 'We do not seek any privileged documents and we do not want any privileged documents.' The Court needs to be aware, as I said to you last time, they're telling you one thing and Mr. O'Bryan another thing."). Mattel explained that the issues were wholly different, and the Court rejected Bingham's arguments. See id. at 23:21-24:5 ("[P]rivilege has to be shown on a document-by-document basis. If they are claiming that they are holding any privileged documents, we all know that a privilege log should be provided. What counsel is referring to is about another matter before the discovery referee where we're asserting that the privilege was waived, it's a subpoena to Omni, where Omni did not provide a privilege log. There's Ninth Circuit authority for the proposition that if you fail to timely

(footnote continued)

## IV. OMNI SHOULD BE MONETARILY SANCTIONED

Whether waiver is found or not, Omni should be sanctioned. Omni willfully failed to comply with its discovery obligations. It took this motion to persuade Omni to produce even the inadequate log it has now produced. Omni should bear at least a portion of the costs to Mattel of bringing the motion. See Hanni, 2009 WL 1505286, at *3 (party's failure to produce privilege log "until after Defendant moved for sanctions" was not "substantially justified" and imposing costs); Pensacola Beach Community United Church, Inc. v. National Union Fire Ins. Co., 2007 WL 737499, at *5 (N.D. Fla. Mar. 7, 2007) (imposing sanctions where party failed to produce timely privilege log; a party cannot avoid liability by taking curative actions taken after a motion to compel is filed).[27]

## Conclusion

For the foregoing reasons, Mattel respectfully request that the Discovery Master grant its motion in its entirety.

DATED: July 10, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ B. Dylan Proctor
B. Dylan Proctor
Attorneys for Mattel, Inc.

---

provide a privilege log, that affects a waiver."); Order dated July 9, 2009, at 3-5, Supp. Proctor Decl., Ex. 4.

[27] Omni's simultaneous request for sanctions should be rejected. A party may be sanctioned for bringing a discovery motion that is "without substantial justification," but Omni's own conduct shows Mattel's motion was justified—indeed it was only Mattel's motion, and the attendant threat of waiver, that finally prompted Omni to even begin to abide by its basic discovery obligations.

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On July 10, 2009, I served true copies of the following document(s) described as **REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FOR WHICH ANY CLAIMS OF PRIVILEGE HAVE BEEN WAIVED** on the parties in this action as follows:

Thomas J. Nolan, Esq.
Jason D. Russell, Esq.
Skadden Arps Slate Meagher & Flom
300 S. Grand Avenue, Suite 3400
Los Angeles, CA 90071
thomas.nolan@skadden.com
jason.russell@skadden.com

Melinda Haag
Annette L. Hurst
Warrington S. Parker III
Orrick, Herrington & Sutcliffe, LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
mhaag@orrick.com
ahurst@orrick.com
wparker@orrick.com

William A. Molinski
Orrick, Herrington & Sutcliffe, LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
wmolinski@orrick.com

Mark E. Overland, Esq.
Alexand H. Cote, Esq.
Overland Borenstein Scheper & Kim LLP
601 West Fifth Street, 125th Floor
Los Angeles, CA 90071
moverland@scheperkim.com
acote@scheperkim.com

Todd E. Gordinier
Bingham McCutchen LLP
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626
todd.gordinier@bingham.com

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from cyrusnaim@quinnemanuel.com on July 10, 2009, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 10, 2009, at Los Angeles, California.

/s/ Cyrus Naim
Cyrus Naim