QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| Defendant. | **[To Be Heard By Discovery Master Robert O'Brien]** |
| AND CONSOLIDATED ACTIONS | MATTEL, INC.'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGARDING MGA'S FIRST SET OF PHASE 2 INTERROGATORIES |
| | [Supplemental Declarations of Marshall M. Searcy and Bridget A. Hauler filed concurrently herewith] |
| | Date:    TBD Time:    TBD Place:    Arent Fox LLP            555 West Fifth St.            48th Floor            Los Angeles, CA            90013 |
| | Discovery Cut-off:  December 11, 2009 Pre-trial Conference:  March 1, 2010 Trial Date:  March 23, 2010 |

00505.07975/3004359.7

1

# <u>TABLE OF CONTENTS</u>

2

<u>Page</u>

Preliminary Statement ............................................................... 1

Argument ................................................................................ 2

I.    MGA HAS EXCEEDED THE LIMIT FOR INTERROGATORIES, HOWEVER IT IS CALCULATED ........................................ 2

    A.    MGA Has Exceeded Its Own Proposed Limit ..................... 2

    B.    MGA's Interrogatories Are Correctly Counted as Compound. ............ 4

    C.    Both The Court And The Previous Discovery Master Rejected MGA's Position That Interrogatory Limits Should Be Determined Per Party As Opposed To Per Side. ..................... 6

II.    MATTEL WILL BE UNDULY BURDENED IF IT HAS TO ANSWER THE INTERROGATORIES AND REQUESTS AT ISSUE. ........ 9

III.    THE PARTIES MET AND CONFERRED EXTENSIVELY PRIOR TO THIS MOTION. ................................................................ 10

IV.    THE IMPOSITION OF SANCTIONS AGAINST MATTEL IS UNWARRANTED. ................................................................ 11

Conclusion ............................................................................. 12

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

## <u>Cases</u>

4

5

<u>Armstrong v. Church of Scientology Intern.</u>,
    2000 WL 1681044 (9th Cir. 2000)..................................................................... 12

6

<u>Bankston v. Vallejo City Unified School Dist.</u>,
    2 Fed.Appx. 817 (9th Cir. 2001) ...................................................................... 12

7

8

<u>Barnd v. City of Tacoma</u>,
    664 F.2d 1339 (9th Cir. 1982) .......................................................................... 12

9

10

<u>Chapman v. Cal. Dept. of Ed.</u>,
    2002 WL 32854376 (N.D. Cal. Feb. 6, 2002) ..................................................... 5

11

<u>Safeco. Of America v. Rawstron</u>,
    181 F.R.D. 441 (C.D. Cal. 1998) ........................................................................ 5

12

13

<u>Swackhammer v. Sprint Corp. PCS</u>,
    225 F.R.D. 658 (D. Kan. 2004).................................................................... 4, 5

14

15

<u>United States v. Austin</u>,
    749 F.2d 1407 (9th Cir. 1984) .......................................................................... 12

16

<u>Wilson v. PFS, LLC</u>,
    2008 WL 789898 (S.D. Cal. 2008) ................................................................... 12

17

18

## <u>Statutes</u>

19

<u>Fed. R. Civ. P.</u> 37 .................................................................................................. 11

20

<u>Fed. R. Civ. P.</u> 37(a)(5) ......................................................................................... 11

21

22

23

24

25

26

27

28

## Preliminary Statement

MGA Entertainment, Inc. ("MGA") has exceeded the limit for Phase 2 interrogatories.  Whether that limit is 75 total interrogatories for Phase 1 and 2, as Mattel has posited, or 25 for Phase 2, as MGA so strenuously urges, MGA is over the limit.  On July 8, 2009, the Discovery Master instructed Mattel to answer five interrogatories which MGA propounded, and Mattel objected to, in Phase 1, and ruled that those interrogatories would be counted against MGA's Phase 2 limit.[1] One of those interrogatories, asking for all facts supporting *each* of Mattel's claims, is clearly "compound" under prior rulings in this case, requiring separate answers to discrete legal and factual issues subsumed in Mattel's fourteen Counterclaims.  In addition, MGA has also already served fourteen other interrogatories since the Phase 1 trial, which are the subject of this motion.  Whether MGA now has 25 interrogatories for Phase 2 or 75 overall, it is already well over the limit.  Mattel is entitled to relief.

MGA argues for the first time that interrogatories should be allocated per party and not per side, so that each of the four MGA Parties as well as Machado would be entitled to serve 25 interrogatories apiece on Mattel (forcing Mattel to answer 125 separate interrogatories), while Mattel could serve no more than 25 interrogatories on any given defendant.  This argument has already been rejected at least twice in this litigation to date -- first by the Court and then again by the previous Discovery Master.[2]  In any case, this argument is not only wrong but also

---

[1]   See Hearing Transcript, dated July 8, 2009, at 12:16-13:19, 17:3-21, attached as Exhibit 1 to the Supplemental Declaration of Bridget A. Searcy ("Supp. Hauler Dec."), dated July 13, 2009 and filed concurrently herewith.

[2]   See Scheduling Conference, dated February 12, 2007, at 23:12-24:12, attached as Exhibit 5 to the Supplemental Declaration of Marshall M. Searcy ("Supp. Searcy Dec."), dated July 13, 2009 and filed concurrently herewith; see also Sept. 5 Order (footnote continued)

1    irrelevant since the fourteen "Phase 2" interrogatories served on Mattel and the

2    "five" (really at least 18) interrogatories Mattel now must supplement were all

3    served *by MGA* which, even according to MGA's own theory, may serve no more

4    than 25 interrogatories on Mattel.

5

6                        **<u>Argument</u>**

7   **I.**    **<u>MGA HAS EXCEEDED THE LIMIT FOR INTERROGATORIES,</u>**

8        **<u>HOWEVER IT IS CALCULATED.</u>**

9       **A.**    **<u>MGA Has Exceeded Its Own Proposed Limit.</u>**

10        MGA's argument that each side is allowed 25 interrogatories for Phase

11   2 and not 75 for the two Phases combined is irrelevant.  MGA has exceeded its

12   allotted interrogatories in any case, whether Defendants are entitled to 75

13   interrogatories total or 25 interrogatories since February 2009.[3]  Prior to February,

14   Mattel had answered 32 numbered interrogatories; at least six of those

15   interrogatories were compound, bringing the actual total to more than 75.[4]  Clearly,

16   if 75 is the total for both Phases, Defendants have long exceeded their limit.

17

18    _____

19   at 5:1-6 (rejecting Defendants' argument that the interrogatory limit should be per
   party rather than per side because "[s]uch an imbalance would be fundamentally
20   unfair" to Mattel), attached as Exhibit 29 to the Declaration of Marshall M. Searcy
   ("Searcy Dec."), dated June 29, 2009.
21

     [3]   <u>See</u> Motion at 13:14-15:2.
22      [4]   <u>See</u> Mattel's Responses and Supplemental Responses, Hauler Dec., Exhs. 1-5,
   Searcy Dec., Exhs. 10-13.  Mattel has answered 17 numbered interrogatories served
23   by Bryant, including No. 6, which counts as at least 10 separate interrogatories;
   thus, these 17 numbered interrogatories are in actuality at least 26 interrogatories.
24   <u>See</u> Mattel's Responses and Supplemental Responses to Bryant's First and Second
   sets of interrogatories, Hauler Dec., Exhs. 4 & 5, Searcy Dec., Exhs. 10 & 11.
25   Mattel has answered 15 numbered interrogatories served by MGA, including Nos. 1,
   3, 4, 18 and 29, which count as 15, 10, 3, 2 and 14, respectively; thus these 15
26   numbered interrogatories actually constitute at least 54 actual interrogatories.  <u>See</u>
27     (footnote continued)
28

1   MGA says it is entitled to 25 Phase 2 interrogatories (however many

2   were answered prior to the Phase 1 trial), but it has already exceeded that purported

3   limit as well.  MGA recently moved to compel answers to five interrogatories which

4   it had propounded, but Mattel had not answered, in Phase 1; after the Discovery

5   Master ruled, on July 9, 2009, that the interrogatories at issue would count against

6   the Phase 2 limits,[5] Mattel agreed to answer these interrogatories -- including one

7   (No. 28) that, under well-established standards consistently applied in this case, is

8   compound on its face because it demands supporting fact statements for each of

9   Mattel's 14 counterclaims (and thus counts as at least 14 interrogatories).[6]  Counsel

10  for MGA and Mattel agreed that those interrogatories would be answered by July

11  31.[7]  Now MGA is demanding that Mattel also answer the additional 14 numbered

12  interrogatories that it has served in recent months, which are the subject of this

13  motion.[8]   These 14 numbered interrogatories, coupled with the Phase 2

14  interrogatories served prior to the Phase 1 trial that were never answered before but

15  that Mattel now must answer (which, though numbered as 5, constitute at least 18),

16  exceed Defendants' allotted total regardless of which benchmark is used -- 75 total

17  _____

18  Mattel's Responses and Supplemental Responses to MGA's Sets of Interrogatories,
    Hauler Dec., Exhs. 1-3, Searcy Dec., Exhs. 12 & 13.

19      [5]   In its Opposition, MGA labels Mattel's argument that these five should count

20  towards Phase 2 limits as "meritless" and "duplicitous."  Opposition at 9:21-23.
    Since the Discovery Master in fact accepted those arguments, without objection

21  from counsel for MGA (who in fact expressly agreed with Mattel, following the
    hearing, that answers to interrogatories never answered before must now count

22  towards the limits), there is no need to rehearse again why it is that interrogatories
    directed to Phase 2 issues and not answered in Phase 1 should indeed count, to the

23  extent it matters, towards the limits on Phase 2 interrogatories.  See Hearing

24  Transcript, dated July 8, 2009, at 12:16-13:19, 17:3-21, Supp. Hauler Dec., Exh. 1.

25      [6]   Motion at 12:17-13:13.

26      [7]   See Emails between B. Dylan Proctor and Annette Hurst, dated July 9 and 13,
    2009, Supp. Hauler Dec., Exh. 2.

27      [8]   Motion at 5:4-6:2.

28

00505.07975/3004359.7

MATTEL, INC.'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGARDING MGA'S FIRST
SET OF PHASE 2 INTERROGATORIES

1  for this litigation or 25 since February 2009.  Mattel is entitled to relief from

2  answering them, and to know which of them, assuming MGA has some remaining

3  interrogatories, MGA wishes to have answered.

4          **B.**      **<u>MGA's Interrogatories Are Correctly Counted as Compound.</u>**

5        MGA argues that the interrogatories identified by Mattel as compound

6  are not so, but ignores the standards first established by Judge Infante -- pursuant to

7  MGA's own motion -- that govern such determinations.  The former Discovery

8  Master held that interrogatories that address "discrete issues" are compound.[9]  In

9  particular, the Discovery Master ruled that interrogatories that address separate and

10  discrete legal theories and/or discrete factual matters are compound.[10]  It was MGA

11  that urged this standard, and used it to avoid answering interrogatories served by

12  Mattel.[11]  MGA offers no cause not to apply it now.

13        This standard is controlling.  Interrogatory No. 28, for example, is as

14  broad as it possibly could be: "Describe in detail the complete factual basis for

15  YOUR COUNTERCLAIMS including, without limitation all facts, DOCUMENTS,

16  and witnesses that REFER OR RELATE TO YOUR COUNTERCLAIMS."[12]  This

17  interrogatory *clearly* relates to discrete legal and factual issues -- in fact, by its terms

18  it relates to virtually every legal and factual issue in the case.  By any test, and

19  certainly by the test adopted by the Discovery Master pursuant to MGA's motion,

20  this interrogatory, like the others enumerated in Mattel's motion, counts as more

21  than one.

22        The cases cited by MGA do not support a different test.  The

23  <u>Swackhammer</u> case applied the same rule as that applied by the previous Discovery

24

25    [9]  <u>See</u> Sept. 5 Order at 7:11-12, 9:4-8, Searcy Dec., Exh. 29.

26    [10]  <u>Id.</u> at 7:10-9:10.

  [11]  <u>Id.</u>

27    [12]  MGA's Second Set of Interrogatories at Interrogatory No. 28, Searcy Dec., Exh. 6.

28

1    Master -- namely that "an interrogatory which contains subparts that inquire into

2    discrete areas should, in most cases, be counted as more than one interrogatory."

3    See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664-665 (D. Kan. 2004).[13]

4    The Chapman court found that the interrogatories at issue *were* compound.  See

5    Chapman v. Cal. Dept. of Ed., 2002 WL 32854376 at *2 (N.D. Cal. Feb. 6, 2002).[14]

6    The Safeco court also found the interrogatories at issue to be compound.  Safeco. of

7    America v. Rawstron, 181 F.R.D. 441, 446 (C.D. Cal. 1998) (holding that "each of

8    defendant's requests for admission as to which a response to the three

9    interrogatories would be required if the request were not admitted should be treated

10   as a separately countable subpart of each of the three interrogatories").  MGA

11   invokes Discovery Master Order No. 11, holding that a request to identify witnesses,

12   facts and documents relating to a particular subject is not compound, but that is not

13   the issue here.  The issue here is that MGA has asked for witnesses, facts and

14   documents with respect to at least fourteen separate claims, several of which have

15   discrete factual subparts.[15]  Nothing in Order No. 11 suggests that interrogatories

16   like MGA's No. 28 are not compound.

17         Finally, MGA curiously argues that Mattel waived its compound

18   objection to Interrogatory No. 28.  Mattel specifically objected to this interrogatory

19   on the grounds that (1) Defendants had exceeded their allotted interrogatories and

---

21   [13]   Applying that rule, the Swackhammer court found certain interrogatories to

22   be compound, but it did not provide the full text of those interrogatories, so it is of

23   limited use in illustrating the rule.  Id. at 665.

     [14]   Under the facts of the case, the Chapman court granted the party propounding

24   the interrogatories leave to serve additional interrogatories -- relief MGA has not

     even sought here, let alone relief to which it has shown an entitlement.

25   [15]   See Discovery Master Order No. 11, dated March 30, 2009, at 21, attached as

26   Exhibit 9 to the Declaration of Jean Pierre Nogues ("Nogues Dec."), dated July 7,

27   2009.  MGA's selective cite to the Sept. 5 Order is inapplicable for the same reason.

     See Sept. 5 Order at 7:7-9, Searcy Dec., Exh. 29.

28

1  (2) Interrogatory No. 28 is compound.  Not only is that sufficient, it is unclear what

2  more Mattel could have done to *preserve* its objection.[16]

3  **C.**   **Both The Court And The Previous Discovery Master Rejected**

4  **MGA's Position That Interrogatory Limits Should Be Determined**

5  **Per Party Rather Than Per Side.**

6  MGA raises in its Opposition an argument that it did not make during

7  the parties' extensive meet and confers -- that the MGA Parties and Machado should

8  be entitled to serve 25 interrogatories per Defendant, so that Mattel must answer a

9  total of 125 interrogatories, while Mattel should be restricted to serving 25

10  interrogatories on each Defendant, so that MGA and the other Defendants need

11  answer no more than 25 interrogatories each.  Both the Court and the former

12  Discovery Master have explicitly rejected this argument.[17]

13  First, the Court ordered that "[i]nterrogatories are limited to 50 for each

14  side for both cases" at a scheduling conference on February 12, 2007, prior to the

15  Phase 1 trial.[18]  At that time, MGA and Bryant expressly questioned whether the

16  Court intended to set the limit per side as opposed to per party.[19]  MGA noted that

17  the Federal Rules ordinarily provide for interrogatory limits per party and asked the

18  Court to clarify its intention with regard to the 50 interrogatory limit.[20]  The Court

19  made clear that *each side,* not each party, would be entitled to 50 interrogatories and

20  that, short of a stipulation by the parties, each side would have to return to the Court

21  if it wished to "bust those limits."[21]

22

23  [16]  See Motion at 4:1-5:3.

24  [17]   See Scheduling Conference, at 23:12-24:12, Supp. Searcy Dec., Exh. 5; see

25  also Sept. 5 Order at 5:1-6, Searcy Dec., Exh. 29.

[18]   See Scheduling Conference, at 22:19-24:23, Supp. Searcy Dec., Exh. 5.

26  [19]   See Scheduling Conference, at 23:12-24:12, Supp. Searcy Dec., Exh. 5.

27  [20]   Id. (emphasis added).

[21]   Id.

28

00505.07975/3004359.7

Defendants then argued to the Discovery Master that the 50 interrogatory limit meant that Defendants could serve 50 non-identical interrogatories on Mattel (which was true), while Mattel would have to double (or triple or quadruple) count any interrogatory served on multiple parties -- meaning that a single, identical interrogatory served on MGA, MGA Hong Kong and MGA Mexico would count as three interrogatories as opposed to just one.[22]  The previous Discovery Master rejected this argument, ruling that "[s]uch an imbalance would be fundamentally unfair" because, in substance, Defendants would have 5 or more times as many interrogatories to use as Mattel.[23]

The facts supporting the Court's and former Discovery Master's reasoning have not changed.  The five Defendants in this case act in unison and are only nominally separated in that they consist of a parent company, MGA, two of its subsidiaries, MGA Hong Kong and MGAE Mexico, and the parent company's CEO and majority shareholder, Isaac Larian -- all represented by the same counsel -- and one senior employee of the parent company, Carlos Gustavo Machado Gomez, who founded one of the subsidiaries.[24]  To say that MGA, MGA Hong Kong, MGA

---

[22]  Sept. 5 Order at 5:1-6, Searcy Dec., Exh. 29.

[23]  Id.

[24]  See Mattel, Inc.'s [Public Redacted] Third Amended Answer ("TAAC"), dated May 22, 2009, Supp. Searcy Dec., Exh. 7.  The caption page and signature line from MGA's First Set of Phase 2 Interrogatories identify Mitchell Silberberg & Knupp LLP as "Attorneys for MGA Entertainment, Inc., MGA Entertainment HK Ltd., MGAE de Mexico S.R.L. de C.V. and Isaac Larian."  See MGA's First Set of Phase 2 Interrogatories at 1, 11, Searcy Dec., Exh. 18.  These parties regularly serve nearly identical responses to discovery propounded by Mattel.  See, e.g., MGA's Third Supplemental Responses to Mattel's Amended Fourth Set of Interrogatories at Responses to Interrogatory No. 42, Supp. Hauler Dec., Exh. 3; MGA Hong Kong's Third Supplemental Responses to Mattel's Amended Fourth Set of Interrogatories at Responses to Interrogatory No. 42, Supp. Hauler Dec., Exh. 4; Larian's Third Supplemental Responses to Mattel's Amended Fourth Set of Interrogatories at Responses to Interrogatory No. 42, Supp. Hauler Dec., Exh. 5.  Machado is not (footnote continued)

00505.07975/3004359.7

1   Mexico and Larian can collectively serve Mattel with 100 interrogatories, while

2   Mattel can only serve them with 25 each, would be "fundamentally unfair."  Mattel

3   typically must obtain answers from *each* defendant to an interrogatory, lest it be

4   unfairly surprised at trial (for example, by Larian claiming at trial that he has

5   contentions to make on a given subject that MGA did not disclose in its

6   interrogatory response, or vice versa).  For the interrogatories to serve their purpose,

7   including avoiding unfair surprise, Mattel typically has no choice but to serve

8   identical interrogatories on all defendants.  As MGA would have it, Mattel can serve

9   only 25 such interrogatories on Defendants, while they can serve five times that

10  number of non-identical interrogatories on Mattel (with each defendant serving a

11  different interrogatory to which Mattel must provide a separate substantive

12  response).  That has been rejected before, and now should be again.

13          In all events, MGA's new argument is irrelevant to this motion.  The

14  five numbered interrogatories to which Mattel is preparing responses (which are

15  actually equal to at least 18 interrogatories) and the 14 numbered "Phase 2"

16  interrogatories that are the subject of this motion were all served by one party --

17  MGA.[25]  Even by its argument, MGA is only entitled to 25 interrogatories.  It has

18  exceeded that limit.

19

20

21  _____

22  represented by the same attorneys as the other Defendants, but his attorneys' fees

23  are being paid by MGA -- both his attorneys' fees in this litigation and in the
    criminal prosecution in Mexico.  See Deposition Transcript of Carlos Gustavo

24  Machado Gomez ("Machado Depo. Tr."), dated October 14, 2008, at 34:18-35:16,

25  Supp. Hauler Dec., Exh. 6.  In addition, he is currently employed by MGAE de
    Mexico, which he helped found, and at one point was an executive at MGA in the

26  United States.  TAAC at ¶¶ 44-61, Supp. Searcy Dec., Exh. 7.

27      [25]   See MGA's Second Set of Interrogatories, Searcy Dec., Exh. 6; see also
    MGA's First Set of Phase 2 Interrogatories, Searcy Dec., Exh. 18.

28

## II.   MATTEL WILL BE UNDULY BURDENED IF IT HAS TO ANSWER THE INTERROGATORIES AND REQUESTS AT ISSUE.

Mattel already has served more than a thousand pages of responses to MGA interrogatories.[26]   Mattel expects to serve substantive responses to Interrogatory Nos. 20, 21, 22, 23 and 28 within weeks, each of which requests detailed information relating to Mattel's Phase 2 claims.[27]   Mattel has also produced approximately one million pages of documents in this action to date.[28]   Thus, Mattel has already provided expansive information and supporting documents regarding its Phase 2 claims and damages theories.[29]   MGA expounds at great length about Mattel's counterclaims without acknowledging the substantial amount of information that Mattel has already provided regarding these claims.   In any case, it is an undue burden to have to answer interrogatories that exceed the applicable limits.   MGA has made no showing that it is entitled to additional interrogatories,

---

[26]   See Mattel's Responses and Supplemental Responses, Hauler Dec., Exhs. 1-5, Searcy Dec., Exhs. 10-13.

[27]   See, e.g., Interrogatory No. 28 of MGA's Second Set of Interrogatories ("Describe in detail the complete factual basis for YOUR COUNTERCLAIMS including, without limitation all facts, DOCUMENTS, and witnesses that REFER OR RELATE TO YOUR COUNTERCLAIMS."), Searcy Dec., Exh. 6; see also July 3, 2008 letter from Zeller to Mankey ("July 3 Zeller Letter"), attached as Exhibit 2 to the lodged Declaration of B. Dylan Proctor, dated July 7, 2009.

[28]   Supplemental Declaration of Bridget A. Hauler ("Supp. Hauler Dec."), dated July 13, 2009 and filed concurrently herewith, at ¶ 8.

[29]   See, e.g., Interrogatory No. 29 of MGA's Second Set of Interrogatories ("Describe in detail any estimate or calculation of damage, loss, injury, or unjust enrichment, by reason of any act or omission alleged in YOUR COUNTERCLAIMS, that YOU have made or that has been made on YOUR behalf or at YOUR request, including all facts, DOCUMENTS or witnesses RELATING TO each estimate or calculation."), Searcy Dec., Exh. 6; see also Mattel's First and Second Supplemental Responses to Interrogatory No. 29, Hauler Dec., Exh. 2 (First Supplemental Response), Proctor Dec., Exh. 3 (Second Supplemental Response).

1  nor even sought such relief.  Since MGA has exceeded the limits, a protective order

2  should issue.

3         As to the requests for production at issue, each by its terms assumes a

4  prior answer to one of the contested interrogatory answers.  Thus, Mattel *cannot*

5  answer the requests for production unless or until the Discovery Master determines

6  that the interrogatories do not exceed the limit set by the Court.  For instance,

7  Request for Production No. 69 states, "All DOCUMENTS identified, described or

8  referenced in YOUR response to INTERROGATORY NO. 1 or containing

9  information that YOU used or to which YOU referred in formulating the

10  response."[30]  Mattel cannot answer this request for production without answering

11  Interrogatory No. 1.  Therefore, a discussion of the substantive merits of these

12  requests for production is premature until the threshold interrogatory counting issue

13  is resolved.

14  **III.   THE PARTIES MET AND CONFERRED EXTENSIVELY PRIOR TO**

15        **THIS MOTION.**

16         MGA spills much ink arguing that Mattel failed to meet and confer in

17  good faith.[31]  MGA admits that the parties had two telephonic conferences and

18  exchanged at least four letters regarding the discovery in question.[32]  During this

19  process, the parties discussed the counting issue at length and each laid out its

20  respective position.[33]  Really, MGA's argument is not that the parties did not discuss

21  _____

22     [30]   MGA's Second Set of Phase 2 Requests for Production at Request for

23  Production No. 69, Searcy Dec., Exh. 19.
   [31]  See Opposition at, e.g., 2:26.

24     [32]  Id. at 2:26-3:2.

25     [33]  See, e.g., June 18 letter from Mr. Searcy to Mr. Nogues ("June 18 Searcy
Letter"); June 22 letter from Mr. Searcy to Mr. Nogues ("June 22 Searcy Letter");

26  June 24 letter from Mr. Nogues to Mr. Searcy ("June 24 Nogues Letter"); and June

27  26 letter from Mr. Searcy to Mr. Nogues ("June 26 Searcy Letter"); Searcy Dec.,
Exhs. 23, 25-28.

28

the issue of MGA's excessive interrogatories -- they did -- it is that MGA purportedly did not realize that Mattel might file its own motion for relief.  Even assuming that were required, MGA is mistaken on the facts.  When it became apparent that an agreement could not be reached, Mattel specifically told MGA that it would seek the assistance of the Discovery Master -- *in writing*, Mattel stated, "Because we cannot agree, it appears that we will need guidance from the Discovery Master on this threshold counting issue."[34]  MGA's Opposition makes clear that the counting issue still requires resolution.  It should be resolved now.[35]

## IV.   THE IMPOSITION OF SANCTIONS AGAINST MATTEL IS UNWARRANTED.

MGA argues that Mattel brought this motion in bad faith and should be sanctioned.[36]  Sanctions against Mattel are not justified under any standard.  Fed. R. Civ. P. 37 provides for monetary sanctions only if (1) the movant has not made a good faith effort to obtain the disclosure or discovery without court action; (2) the losing party was not substantially justified in making or opposing the motion; (3) other circumstances do not make an award of expenses unjust.  See Fed. R. Civ. P. 37(a)(5).  Mattel and MGA met and conferred repeatedly regarding the discovery at issue in the Motion but were unable to come to agreement.[37]  Although MGA attempts to gloss over this fact, Mattel also repeatedly has raised the counting issue -- in its objections to the discovery in question, in meet and confers which took place more than 18 months ago and in the meet and confers proceeding the instant Motion.[38]  Because the parties could not agree during the meet and confer process,

---

[34]   See June 26 Searcy Letter at 2, Searcy Dec., Exh. 28.
[35]   To date, MGA has not served a motion to compel responses to these discovery requests.  Searcy Dec., ¶ 7.
[36]   Opposition at 28:26-29:26.
[37]   See June 26 Letter at 1-2, Searcy Dec., Exh. 28.
[38]   See Motion at 2:17-3:14, 5:4-6:2.

1  Mattel filed a motion for protective order to receive "guidance from the Discovery

2  Master on this threshold counting issue."[39]   At the same time, Mattel served, as

3  promised, supplemental responses to the discovery requests that the parties were

4  able to resolve through the meet and confer process.[40]  As shown in Mattel's Motion

5  and in this Reply, Mattel's motion is substantially justified based on previous orders

6  in this case (and indeed, should be granted).   There is simply no basis for

7  sanctions,[41] and MGA's request for sanctions should be denied.

8

9  ## Conclusion

10         For the reasons set forth above and in Mattel's Motion, Mattel

11  respectfully requests that the Discovery Master issue a protective order (1) finding

12  that the MGA Parties have exceeded their allotted interrogatories; and (2) granting

13  Mattel relief from answering MGA's First Set of Phase 2 Interrogatories and

14  _____

15     [39]   See June 26 Letter at 2 ("Because we cannot agree, it appears that we will
16  need guidance from the Discovery Master on this threshold counting issue."),
17  Searcy Dec, Exh. 28; see also Motion at 1.
       [40]    See Email from Bridget Hauler to Annette Hurst and attachments, Supp.
18  Searcy Dec., Exhs. 1-4.
       [41]    Under 28 U.S.C. § 1927, sanctions may be imposed only where there is "a
19  finding that counsel has acted in 'subjective bad faith,' that is, has knowingly or
20  recklessly raised a frivolous argument or has raised a meritorious argument solely to
    harass the opposing party." Armstrong v. Church of Scientology Intern., 2000 WL
21  1681044, at *1 (9th Cir. 2000) (citations omitted).  "Unreasonably and vexatiously"
22  require a showing of intent, recklessness, or bad faith.  Barnd v. City of Tacoma,
    664 F.2d 1339, 1343 (9th Cir. 1982); see also United States v. Austin, 749 F.2d
23  1407, 1408 (9th Cir. 1984); Bankston v. Vallejo City Unified School Dist., 2
24  Fed.Appx. 817, 818 (9th Cir. 2001) ("Because a frivolous argument is insufficient to
    support an award of sanctions under 28 U.S.C. § 1927, we deny defendants'
25  request.").  Exercise of the court's inherent power to award sanctions for bad faith is
26  only justified where the lawyer or party "acted in bad faith, vexatiously, wantonly or
    for oppressive reasons." Wilson v. PFS, LLC, 2008 WL 789898, at *5 (S.D. Cal.
27  2008).  Clearly, no such showing can be made here.

28

1   Request Nos. 69, 70, 71, 72, 73, 74, 75, 76, 80, 82, 84, 85, 90, 93, 98, 107 and 108

2   of MGA's Second Set of Phase 2 Requests for Production.

3

4   DATED:  July 13, 2009              QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

5

6                              By/s/ B. Dylan Proctor

7                               B. Dylan Proctor
                              Attorneys for Mattel, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-
MATTEL, INC.'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGARDING MGA'S FIRST SET OF PHASE 2 INTERROGATORIES