EXHIBIT 1

Page 1 of 1

## Andrea Hoeven

| | |
|---|---|
| **From:** | Bridget Hauler |
| **Sent:** | Thursday, July 09, 2009 7:12 PM |
| **To:** | ahurst@orrick.com |
| **Cc:** | Marshall Searcy |
| **Subject:** | Mattel adv. MGA Entertainment, Inc. et al |
| **Attachments:** | 3004120_Searcy letter to Hurst re RFAs and RFPs.PDF; 3004166_Supp Responses to First Set of Phase 2 RFAs.PDF; 3004173_Supp Responses to MGA 2nd Set of Phase 2 RFPs.PDF |

Dear Counsel,

Please see attached correspondence and discovery responses.

Thanks,

Bridget Hauler
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3402
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: bridgethauler@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT ___1___
PAGE ___4___

EXHIBIT 2

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3152

WRITER'S INTERNET ADDRESS
marshallsearcy@quinnemanuel.com

July 9, 2009

VIA ELECTRONIC MAIL

Annette L. Hurst
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105-2669

Re:     Bryant v. Mattel, Inc.

Dear Ms. Hurst:

Enclosed are Mattel's supplemental responses to MGA's First Set of Phase 2 Requests for Admission and Second Set of Phase 2 Requests for Production.

In addition, in Jean Pierre Nogue's June 29 letter, MGA asked that Mattel agree to produce documents in response to Request Nos. 88, 89, 99-104 and 111 as well as a privilege log by July 15, 2009.  The July 15 date is not agreeable to us, but Mattel is amenable to producing responsive documents and a privilege log, if appropriate as consistent with prior agreements as to logging, by July 30, 2009.  However, some of these categories call for documents that may eventually be generated by testifying experts.  Any such documents will be produced at the time called for under the Federal Rules.  In addition, to the extent Mattel subsequently discovers additional responsive documents, Mattel reserves the right to supplement its production.

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, IL 60606 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

07975/2995464.1

EXHIBIT __2__
PAGE __6__

Please let me know if you have any questions or concerns.

Very truly yours,

/s/ Marshall M. Searcy

Marshall M. Searcy III

MMS
07975/2995464.1

EXHIBIT ___2___
PAGE ___V___

EXHIBIT 3

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 |   John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
3 |   Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
4 |   Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
5 | 865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
6 | Telephone: (213) 443-3000
Facsimile: (213) 443-3100

7 | Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|       Plaintiff, | Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727 |
|   vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S SUPPLEMENTAL RESPONSES TO MGA ENTERTAINMENT, INC.'S FIRST SET OF PHASE 2 REQUESTS FOR ADMISSION |
|       Defendant. | |
| AND CONSOLIDATED ACTIONS | **Phase 2:**<br>Discovery Cut-off:    Dec. 11, 2009<br>Pre-trial Conference:  Mar. 1, 2010<br>Trial Date:          Mar. 23, 2010 |

PROPOUNDING PARTY: MGA ENTERTAINMENT, INC.

RESPONDING PARTY: MATTEL, INC.

SET NO.: ONE (PHASE TWO)

NOS.: 1 - 7

EXHIBIT ___3___
PAGE ___7___

1    Mattel responds to MGA Entertainment Inc.'s First Set of Phase 2

2    Requests for Admission to Mattel, Inc. as follows:

3                           **Preliminary Statement**

4           Mattel has not yet completed its investigation of the facts relating to

5    this action, has not yet reviewed all documents relating to this action, has not yet

6    interviewed all witnesses in this action, has yet to propound or receive additional

7    discovery with regard to this action, and has not yet calculated its damages as

8    discovery is not yet complete.  Consequently, Mattel reserves the right to amend

9    and/or supplement its responses if and when additional facts or documents are

10   discovered.   Additionally,  because  Mattel's  responses  are  based  on  facts  and

11   documents that Mattel has identified to date, they do not preclude Mattel from later

12   relying  on  facts  or  documents  discovered  or  generated  pursuant  to  subsequent

13   investigation or discovery.  Mattel's response to any of the First Set of Phase 2

14   Requests for Admission (the "Requests") is not to be construed as a waiver of any of

15   its objections or its right to object to any other request.

16

17                           **General Objections**

18          Mattel objects to each of the Requests on each and every one of the

19   following grounds:

20          1.     Mattel objects to the Requests on the grounds and to the extent

21   that they call for information that is not relevant to the claims or defenses of the

22   pending action, nor reasonably calculated to lead to the discovery of admissible

23   evidence.

24          2.     Mattel objects to the Requests on the grounds and to the extent

25   that they are unduly burdensome, premature and vague and ambiguous in that the

26   full  scope  of  material  and  other  trade  secrets  MGA  stole  and  the  other  facts

27   necessary to answer the Requests are uniquely known by defendants and by third

28   parties within defendants' control, but are not known by Mattel at this juncture

SUPPLEMENTAL RESPONSES TO FIRST SET OF PHASE 2 REQUESTS FOR ADMISSION

EXHIBIT ___3___

PAGE ___8___

1  because defendants refuse to disclose information to Mattel, including by refusing to

2  produce information that is the subject of prior Court Orders and pending Mattel

3  motions to enforce and/or compel and by refusing to appear for deposition.  Mattel

4  further anticipates that defendants and/or additional persons associated with

5  defendants, but who have not yet been deposed or who have not yet been identified,

6  have knowledge pertinent to the topics that are the subject of the Requests.

7        3.     Mattel objects to the Requests on the grounds and to the extent

8  that they seek to impose obligations upon Mattel beyond those required by the

9  Federal Rules of Civil Procedure.

10        4.     Mattel objects to the Requests on the grounds and to the extent

11  that they call for the disclosure of information subject to the attorney-client

12  privilege, the attorney work-product doctrine, or any other applicable privileges,

13  including the privilege against disclosure of the identities and work product of

14  consulting experts.  Such information will not be disclosed.

15        5.     Mattel objects to the Requests on the grounds and to the extent

16  that the definitions of "MATTEL" are overbroad, vague, ambiguous, and

17  non-specific.

18        6.     Mattel objects to the Requests on the grounds that and to the

19  extent such discovery from Mattel is overbroad, unduly burdensome, oppressive and

20  not likely to the lead to the discovery of admissible evidence.

21        7.     Mattel objects to the Requests on the grounds and to the extent

22  that they seek confidential, proprietary and trade secret information.   Such

23  information, to the extent it is relevant to this action and either has been or will be

24  produced, has been and will be produced in reliance upon and pursuant to protective

25  order.

26        8.     Mattel objects to the Requests on the grounds and to the extent

27  that they seek confidential, proprietary and trade secret information that has no

28  bearing on the claims or defenses in this case.

EXHIBIT _3____

PAGE _9____

SUPPLEMENTAL RESPONSES TO FIRST SET OF PHASE 2 REQUESTS FOR ADMISSION

1        9.    Mattel objects to the definition of "MATTEL DOCUMENTS" as

2  vague and ambiguous including in that the full scope of documents, material and

3  trade secrets MGA stole and the other facts necessary to determine all of the

4  documents, material and trade secrets stolen by MGA are uniquely known by

5  defendants and by third parties within defendants' control, but are not known by

6  Mattel at this juncture because defendants refuse to disclose information to Mattel,

7  including by refusing to produce information that is the subject of prior Court

8  Orders and pending Mattel motions to enforce and/or compel and by refusing to

9  appear for deposition.  Mattel further anticipates that defendants and/or additional

10  persons associated with defendants, but who have not yet been deposed or who have

11  not yet been identified, have knowledge pertinent to determining all of the

12  documents, materials and trade secrets stolen by MGA.

13

14       **Specific Objections And Responses To Requests For Admission**

15        Each of the following objections and responses to the Requests is

16  expressly made subject to the above Preliminary Statement and General Objections,

17  all of which are incorporated in each of the following objections and responses to

18  specific requests.

19

20             REQUESTS FOR ADMISSION

21

22  REQUEST FOR ADMISSION NO. 1:

23       Admit that no MATTEL DOCUMENT constitutes or contains a

24  TRADE SECRET.

25  RESPONSE TO REQUEST FOR ADMISSION NO. 1:

26       In addition to the foregoing general objections, which are incorporated

27  herein by reference, Mattel further objects that this Request is premature because it

28  seeks information that will be the subject of expert discovery.  The Request is also

EXHIBIT __3___

PAGE ___10___

1  premature because defendants have not complied with their discovery obligations.

2  They have failed to produce witnesses for deposition and are withholding

3  information and documents requested in violation of orders of the Discovery Master

4  and the Court. Mattel further objects to this request on the grounds that the term

5  "MATTEL DOCUMENTS" is vague and ambiguous including in that the full scope

6  of documents, material and trade secrets MGA stole and the other facts necessary to

7  determine all of the documents, material and trade secrets stolen by MGA are

8  uniquely known by defendants and by third parties within defendants' control, but

9  are not known by Mattel at this juncture because defendants refuse to disclose

10  information to Mattel, including by refusing to produce information that is the

11  subject of prior Court Orders and pending Mattel motions to enforce and/or compel

12  and by refusing to appear for deposition. Mattel further objects that this Request is

13  vague, ambiguous, overly-broad and unduly burdensome. Mattel further objects to

14  this Request to the extent that it calls for the disclosure of information subject to the

15  attorney-client privilege, the attorney work-product doctrine and other applicable

16  privileges.

17       Subject to and without waiving the foregoing objections, Mattel denies

18  the Request.

19  SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 1:

20       In addition to the foregoing general objections, which are incorporated

21  herein by reference, Mattel further objects that this Request is premature because it

22  seeks information that will be the subject of expert discovery. The Request is also

23  premature because defendants have not complied with their discovery obligations.

24  They have failed to produce witnesses for deposition and are withholding

25  information and documents requested in violation of orders of the Discovery Master

26  and the Court. Mattel further objects to this request on the grounds that the term

27  "MATTEL DOCUMENTS" is vague and ambiguous including in that the full scope

28  of documents, material and trade secrets MGA stole and the other facts necessary to

EXHIBIT 3
PAGE 11

1   determine all of the documents, material and trade secrets stolen by MGA are

2   uniquely known by defendants and by third parties within defendants' control, but

3   are not known by Mattel at this juncture because defendants refuse to disclose

4   information to Mattel, including by refusing to produce information that is the

5   subject of prior Court Orders and pending Mattel motions to enforce and/or compel

6   and by refusing to appear for deposition.  Mattel further objects that this Request is

7   vague, ambiguous, overly-broad and unduly burdensome.  Mattel further objects to

8   this Request to the extent that it calls for the disclosure of information subject to the

9   attorney-client privilege, the attorney work-product doctrine and other applicable

10   privileges.  To the extent Mattel understands the request, Mattel denies the request.

11

12   REQUEST FOR ADMISSION NO. 2:

13          Admit  that  MGA  never  MISAPPROPRIATED  ANY  MATTEL

14   DOCUMENT.

15   RESPONSE TO REQUEST FOR ADMISSION NO. 2:

16          In addition to the foregoing general objections, which are incorporated

17   herein by reference, Mattel further objects that this Request is premature because it

18   seeks information that will be the subject of expert discovery.  The request is also

19   premature because defendants have not complied with their discovery obligations.

20   They  have  failed  to  produce  witnesses  for  deposition  and  are  withholding

21   information and documents requested in violation of orders of the Discovery Master

22   and the Court.  Mattel further objects to this request on the grounds that the term

23   "MATTEL DOCUMENTS" is vague and ambiguous including in that the full scope

24   of documents, material and trade secrets MGA stole and the other facts necessary to

25   determine all of the documents, material and trade secrets stolen by MGA are

26   uniquely known by defendants and by third parties within defendants' control, but

27   are not known by Mattel at this juncture because defendants refuse to disclose

28   information to Mattel, including by refusing to produce information that is the

EXHIBIT _3_

_12_

1  subject of prior Court Orders and pending Mattel motions to enforce and/or compel

2  and by refusing to appear for deposition.  Mattel further objects to this Request

3  because it is vague, ambiguous, overly-broad and unduly burdensome, including in

4  its use of the word "never."  Mattel further objects to this Request to the extent that

5  it calls for the disclosure of information subject to the attorney-client privilege, the

6  attorney work-product doctrine and other applicable privileges.

7        Subject to and without waiving the foregoing objections, Mattel denies

8  the Request.

9  SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 2:

10        In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel further objects that this Request is premature because it

12  seeks information that will be the subject of expert discovery.  The request is also

13  premature because defendants have not complied with their discovery obligations.

14  They have failed to produce witnesses for deposition and are withholding

15  information and documents requested in violation of orders of the Discovery Master

16  and the Court.  Mattel further objects to this request on the grounds that the term

17  "MATTEL DOCUMENTS" is vague and ambiguous including in that the full scope

18  of documents, material and trade secrets MGA stole and the other facts necessary to

19  determine all of the documents, material and trade secrets stolen by MGA are

20  uniquely known by defendants and by third parties within defendants' control, but

21  are not known by Mattel at this juncture because defendants refuse to disclose

22  information to Mattel, including by refusing to produce information that is the

23  subject of prior Court Orders and pending Mattel motions to enforce and/or compel

24  and by refusing to appear for deposition.  Mattel further objects to this Request

25  because it is vague, ambiguous, overly-broad and unduly burdensome, including in

26  its use of the word "never."  Mattel further objects to this Request to the extent that

27  it calls for the disclosure of information subject to the attorney-client privilege, the

28

EXHIBIT __3__

PAGE __13__

-6-

1    attorney work-product doctrine and other applicable privileges.  To the extent Mattel
2    understands the request, Mattel denies the request.

3

4    <u>REQUEST FOR ADMISSION NO. 3:</u>

5            Admit that MATTEL suffered no damages from ANY alleged
6    MISAPPROPRIATION by MGA of ANY MATTEL DOCUMENT.

7    <u>RESPONSE TO REQUEST FOR ADMISSION NO. 3:</u>

8            In addition to the foregoing general objections, which are incorporated
9    herein by reference, Mattel further objects that this Request is premature because it
10   seeks information that will be the subject of expert discovery.  The request is also
11   premature because defendants have not complied with their discovery obligations.
12   They have failed to produce witnesses for deposition and are withholding
13   information and documents requested in violation of orders of the Discovery Master
14   and the Court.  Mattel further objects to this request on the grounds that the term
15   "MATTEL DOCUMENTS" is vague and ambiguous including in that the full scope
16   of documents, material and trade secrets MGA stole and the other facts necessary to
17   determine all of the documents, material and trade secrets stolen by MGA are
18   uniquely known by defendants and by third parties within defendants' control, but
19   are not known by Mattel at this juncture because defendants refuse to disclose
20   information to Mattel, including by refusing to produce information that is the
21   subject of prior Court Orders and pending Mattel motions to enforce and/or compel
22   and by refusing to appear for deposition.  Mattel objects to this Request on the
23   grounds that it is unduly burdensome, premature and vague and ambiguous in that
24   facts needed to determine the type and amount damages that Mattel may recover and
25   has suffered as a result of MGA's theft of trade secrets and the other facts necessary
26   to answer this Request are uniquely known by defendants and by third parties within
27   defendants' control, but are not known by Mattel at this juncture because defendants
28   refuse to disclose information to Mattel, including by refusing to produce

EXHIBIT ⟍3
PAGE ＿＿14

1    information that is the subject of prior Court Orders and pending Mattel motions to

2    enforce and/or compel and by refusing to appear for deposition.   Mattel further

3    objects that this Request is vague, ambiguous, overly-broad and unduly

4    burdensome.  Mattel further objects to this Request to the extent that it calls for the

5    disclosure of information subject to the attorney-client privilege, the attorney work-

6    product doctrine and other applicable privileges.

7           Subject to and without waiving the foregoing objections, Mattel denies

8    the Request.

9    SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 3:

10           In addition to the foregoing general objections, which are incorporated

11    herein by reference, Mattel further objects that this Request is premature because it

12    seeks information that will be the subject of expert discovery.  The request is also

13    premature because defendants have not complied with their discovery obligations.

14    They have failed to produce witnesses for deposition and are withholding

15    information and documents requested in violation of orders of the Discovery Master

16    and the Court.  Mattel further objects to this request on the grounds that the term

17    "MATTEL DOCUMENTS" is vague and ambiguous including in that the full scope

18    of documents, material and trade secrets MGA stole and the other facts necessary to

19    determine all of the documents, material and trade secrets stolen by MGA are

20    uniquely known by defendants and by third parties within defendants' control, but

21    are not known by Mattel at this juncture because defendants refuse to disclose

22    information to Mattel, including by refusing to produce information that is the

23    subject of prior Court Orders and pending Mattel motions to enforce and/or compel

24    and by refusing to appear for deposition.  Mattel objects to this Request on the

25    grounds that it is unduly burdensome, premature and vague and ambiguous in that

26    facts needed to determine the type and amount damages that Mattel may recover and

27    has suffered as a result of MGA's theft of trade secrets and the other facts necessary

28    to answer this Request are uniquely known by defendants and by third parties within

-8-

EXHIBIT _3_

PAGE __16__

1 | defendants' control, but are not known by Mattel at this juncture because defendants
2 | refuse to disclose information to Mattel, including by refusing to produce
3 | information that is the subject of prior Court Orders and pending Mattel motions to
4 | enforce and/or compel and by refusing to appear for deposition.  Mattel further
5 | objects that this Request is vague, ambiguous, overly-broad and unduly
6 | burdensome.  Mattel further objects to this Request to the extent that it calls for the
7 | disclosure of information subject to the attorney-client privilege, the attorney work-
8 | product doctrine and other applicable privileges.  To the extent Mattel understands
9 | the request, Mattel denies the request.

10 |

11 | REQUEST FOR ADMISSION NO. 4:

12 | Admit that YOU never intended to sell the Bratz line of dolls and
13 | products.

14 | RESPONSE TO REQUEST FOR ADMISSION NO. 4:

15 | In addition to the foregoing general objections, which are incorporated
16 | herein by reference, Mattel further objects to this Request because it is vague,
17 | ambiguous, overly-broad and unduly burdensome, including in its use of the word
18 | "never" and with regard to the time frame to which the Request is directed.  Mattel
19 | further objects to this Request on the grounds that and to the extent that it calls for
20 | the disclosure of information subject to the attorney-client privilege, the attorney
21 | work-product doctrine and other applicable privileges.

22 | Subject to and without waiving the foregoing objections, Mattel states
23 | that it intends to sell products utilizing the intellectual property that it owns in this
24 | litigation pursuant to the Court's Orders and the jury's verdict and on that basis
25 | denies the Request.

26 | SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 4:

27 | In addition to the foregoing general objections, which are incorporated
28 | herein by reference, Mattel further objects to this Request because it is vague,

EXHIBIT ___3___

PAGE ___16___

1    ambiguous, overly-broad and unduly burdensome, including in its use of the word

2    "never" and with regard to the time frame to which the Request is directed.  Mattel

3    further objects to this Request on the grounds that and to the extent that it calls for

4    the disclosure of information subject to the attorney-client privilege, the attorney

5    work-product doctrine and other applicable privileges.

6            Without waiving the foregoing objections and to the extent Mattel

7    understands that the time frame of such request is indefinite, Mattel states that it

8    intends to sell products utilizing the intellectual property that it owns in this

9    litigation pursuant to the Court's Orders and the jury's verdict and denies the

10   Request.

11

12   REQUEST FOR ADMISSION NO. 5:

13           Admit that Isaac Larian never MISAPPROPRIATED ANY MATTEL

14   DOCUMENT.

15   RESPONSE TO REQUEST FOR ADMISSION NO. 5:

16           In addition to the foregoing general objections, which are incorporated

17   herein by reference, Mattel further objects that this Request is premature because it

18   seeks information that will be the subject of expert discovery.  It is also premature

19   because defendants have not complied with their discovery obligations.  They have

20   failed to produce witnesses for deposition and are withholding information and

21   documents requested in violation of orders of the Discovery Master and the Court.

22   Mattel further objects to this request on the grounds that the term "MATTEL

23   DOCUMENTS" is vague and ambiguous including in that the full scope of

24   documents, material and trade secrets Larian stole and the other facts necessary to

25   determine all of the documents, material and trade secrets stolen by Larian are

26   uniquely known by defendants and by third parties within defendants' control, but

27   are not known by Mattel at this juncture because defendants refuse to disclose

28   information to Mattel, including by refusing to produce information that is the

EXHIBIT   3

PAGE   17

1  subject of prior Court Orders and pending Mattel motions to enforce and/or compel

2  and by refusing to appear for deposition.  Mattel further objects to this Request

3  because it is vague, ambiguous, overly-broad and unduly burdensome, including in

4  its use of the word "never."  Mattel further objects to this Request to the extent that

5  it calls for the disclosure of information subject to the attorney-client privilege, the

6  attorney work-product doctrine and other applicable privileges.

7          Subject to and without waiving the foregoing objections, Mattel denies

8  the Request.

9  SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 5:

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel further objects that this Request is premature because it

12  seeks information that will be the subject of expert discovery.  It is also premature

13  because defendants have not complied with their discovery obligations.  They have

14  failed to produce witnesses for deposition and are withholding information and

15  documents requested in violation of orders of the Discovery Master and the Court.

16  Mattel further objects to this request on the grounds that the term "MATTEL

17  DOCUMENTS" is vague and ambiguous including in that the full scope of

18  documents, material and trade secrets Larian stole and the other facts necessary to

19  determine all of the documents, material and trade secrets stolen by Larian are

20  uniquely known by defendants and by third parties within defendants' control, but

21  are not known by Mattel at this juncture because defendants refuse to disclose

22  information to Mattel, including by refusing to produce information that is the

23  subject of prior Court Orders and pending Mattel motions to enforce and/or compel

24  and by refusing to appear for deposition.  Mattel further objects to this Request

25  because it is vague, ambiguous, overly-broad and unduly burdensome, including in

26  its use of the word "never."  Mattel further objects to this Request to the extent that

27  it calls for the disclosure of information subject to the attorney-client privilege, the

28

EXHIBIT  3
PAGE  18

SUPPLEMENTAL RESPONSES TO FIRST SET OF PHASE 2 REQUESTS FOR ADMISSION

1  attorney work-product doctrine and other applicable privileges.  To the extent Mattel

2  understands the request, Mattel denies the request.

3

4  REQUEST FOR ADMISSION NO. 6:

5          Admit that no officer or director of MGA ever authorized any former

6  MATTEL employee to MISAPPROPRIATE ANY MATTEL DOCUMENT.

7  RESPONSE TO REQUEST FOR ADMISSION NO. 6:

8          In addition to the foregoing general objections, which are incorporated

9  herein by reference, Mattel further objects that this Request is premature because it

10 seeks information that will be the subject of expert discovery.  The Request is also

11 premature because defendants have not complied with their discovery obligations.

12 They have failed to produce witnesses for deposition and are withholding

13 information and documents requested in violation of orders of the Discovery Master

14 and the Court.  Mattel further objects to this request on the grounds that the term

15 "MATTEL DOCUMENTS" is vague and ambiguous including in that the full scope

16 of documents, material and trade secrets former Mattel employees stole and the

17 other facts necessary to determine all of the documents, material and trade secrets

18 stolen by former Mattel employees are uniquely known by defendants and by third

19 parties within defendants' control, but are not known by Mattel at this juncture

20 because defendants refuse to disclose information to Mattel, including by refusing to

21 produce information that is the subject of prior Court Orders and pending Mattel

22 motions to enforce and/or compel and by refusing to appear for deposition.  Mattel

23 further objects to this Request on the grounds that information related to whether

24 *any* officer or director of MGA *ever* authorized the theft of documents from Mattel

25 is uniquely known to MGA and is not known to Mattel.  Mattel further objects to

26 this Request because it is vague, ambiguous, overly-broad and unduly burdensome,

27 including in its use of the word "ever."  Mattel further objects to this Request to the

28

EXHIBIT 3
PAGE 14

SUPPLEMENTAL RESPONSES TO FIRST SET OF PHASE 2 REQUESTS FOR ADMISSION

1 | extent that it calls for the disclosure of information subject to the attorney-client

2 | privilege, the attorney work-product doctrine and other applicable privileges.

3 |       Subject to and without waiving the foregoing objections, Mattel denies

4 | the Request.

5 | <u>SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 6:</u>

6 |       In addition to the foregoing general objections, which are incorporated

7 | herein by reference, Mattel further objects that this Request is premature because it

8 | seeks information that will be the subject of expert discovery. The Request is also

9 | premature because defendants have not complied with their discovery obligations.

10 | They have failed to produce witnesses for deposition and are withholding

11 | information and documents requested in violation of orders of the Discovery Master

12 | and the Court. Mattel further objects to this request on the grounds that the term

13 | "MATTEL DOCUMENTS" is vague and ambiguous including in that the full scope

14 | of documents, material and trade secrets former Mattel employees stole and the

15 | other facts necessary to determine all of the documents, material and trade secrets

16 | stolen by former Mattel employees are uniquely known by defendants and by third

17 | parties within defendants' control, but are not known by Mattel at this juncture

18 | because defendants refuse to disclose information to Mattel, including by refusing to

19 | produce information that is the subject of prior Court Orders and pending Mattel

20 | motions to enforce and/or compel and by refusing to appear for deposition. Mattel

21 | further objects to this Request on the grounds that information related to whether

22 | *any* officer or director of MGA *ever* authorized the theft of documents from Mattel

23 | is uniquely known to MGA and is not known to Mattel. Mattel further objects to

24 | this Request because it is vague, ambiguous, overly-broad and unduly burdensome,

25 | including in its use of the word "ever." Mattel further objects to this Request to the

26 | extent that it calls for the disclosure of information subject to the attorney-client

27 | privilege, the attorney work-product doctrine and other applicable privileges. To the

28 | extent Mattel understands the request, Mattel denies the request.

EXHIBIT 3

PAGE 20

1  REQUEST FOR ADMISSION NO. 7:

2      Admit that MGA instructed all former MATTEL employees that

3  worked for MGA not to MISAPPROPRIATE ANY MATTEL DOCUMENT.

4  RESPONSE TO REQUEST FOR ADMISSION NO. 7:

5      In addition to the foregoing general objections, which are incorporated

6  herein by reference, Mattel further objects that this Request is premature because

7  Defendants have not complied with their discovery obligations.  They have failed to

8  produce witnesses for deposition and are withholding information and documents

9  requested in violation of orders of the Discovery Master and the Court.  Mattel

10  further objects to this request on the grounds that the term "MATTEL

11  DOCUMENTS" is vague and ambiguous including in that the full scope of

12  documents, material and trade secrets MGA stole and the other facts necessary to

13  determine all of the documents, material and trade secrets stolen by MGA are

14  uniquely known by defendants and by third parties within defendants' control, but

15  are not known by Mattel at this juncture because defendants refuse to disclose

16  information to Mattel, including by refusing to produce information that is the

17  subject of prior Court Orders and pending Mattel motions to enforce and/or compel

18  and by refusing to appear for deposition.  Mattel further objects to this Request on

19  the grounds that information related to what MGA instructed or didn't instruct all

20  former Mattel employees who worked at MGA to do or not do is uniquely known to

21  MGA and is not known to Mattel.  Mattel further objects to this Request to the

22  extent that it calls for the disclosure of information subject to the attorney-client

23  privilege, the attorney work-product doctrine and other applicable privileges.

24      Subject to and without waiving the foregoing objections, Mattel denies

25  the Request.

26  SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 7:

27      In addition to the foregoing general objections, which are incorporated

28  herein by reference, Mattel further objects that this Request is premature because

EXHIBIT 3

PAGE 71

1  Defendants have not complied with their discovery obligations.  They have failed to

2  produce witnesses for deposition and are withholding information and documents

3  requested in violation of orders of the Discovery Master and the Court.  Mattel

4  further objects to this request on the grounds that the term "MATTEL

5  DOCUMENTS" is vague and ambiguous including in that the full scope of

6  documents, material and trade secrets MGA stole and the other facts necessary to

7  determine all of the documents, material and trade secrets stolen by MGA are

8  uniquely known by defendants and by third parties within defendants' control, but

9  are not known by Mattel at this juncture because defendants refuse to disclose

10  information to Mattel, including by refusing to produce information that is the

11  subject of prior Court Orders and pending Mattel motions to enforce and/or compel

12  and by refusing to appear for deposition.  Mattel further objects to this Request on

13  the grounds that information related to what MGA instructed or didn't instruct all

14  former Mattel employees who worked at MGA to do or not do is uniquely known to

15  MGA and is not known to Mattel.  Mattel further objects to this Request to the

16  extent that it calls for the disclosure of information subject to the attorney-client

17  privilege, the attorney work-product doctrine and other applicable privileges.  To the

18  extent Mattel understands the request, Mattel denies the request.

19

20  DATED:  July 9, 2009                    QUINN EMANUEL URQUHART OLIVER &
                                                          HEDGES, LLP
21

22                                                        By /s/ Marshall M. Searcy III
23                                                           Marshall M. Searcy III
                                                             Attorneys for Mattel, Inc.
24

25

26

27

28

EXHIBIT 3
PAGE 22

-15-

SUPPLEMENTAL RESPONSES TO FIRST SET OF PHASE 2 REQUESTS FOR ADMISSION

EXHIBIT 4

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 090378)
      (johnquinn@quinnemanuel.com)
3     Michael T. Zeller (Bar No. 196417)
      (michaelzeller@quinnemanuel.com)
4     Jon D. Corey (Bar No. 185066)
      (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11

12 CARTER BRYANT, an individual,      CASE NO. CV 04-9049 SGL (RNBx)
                                      Consolidated with
13          Plaintiff,                Case Nos. CV 04-09059 & CV 05-2727

14     vs.                           Hon. Stephen G. Larson

15 MATTEL, INC., a Delaware          MATTEL, INC.'S SUPPLEMENTAL
   corporation,                      RESPONSES TO REQUEST NOS. 88,
16                                    89, 99-104 AND 111 OF MGA
            Defendant.               ENTERTAINMENT, INC.'S SECOND
17                                    SET OF PHASE 2 REQUESTS FOR
                                      PRODUCTION OF DOCUMENTS
18 AND CONSOLIDATED ACTIONS          AND OTHER TANGIBLE THINGS

19
                                     **Phase 2:**
20                                   Discovery Cut-off:  December 11, 2009
                                     Pre-trial Conference:  March 1, 2010
21                                   Trial Date:  March 23, 2010

22

23 PROPOUNDING PARTY:  MGA ENTERTAINMENT, INC.

24 RESPONDING PARTY:     MATTEL, INC.

25 SET NO.:              TWO (PHASE TWO) [NOS. 88, 89, 99-104, 111]

26

27                          EXHIBIT ___4___

28                          PAGE ___23___

07975/2999293.2
                                     -1-

**Preliminary Statement**

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Defendants have also failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered, disclosed or produced.  Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents.  Mattel's response to any of MGA Entertainment, Inc.'s ("MGA") Second Set of (Phase 2) Requests for the Production of Documents and Things (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request.

**General Objections**

Mattel generally objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual request:

1.    Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the <u>Federal Rules of Civil Procedure</u>.

2.    Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege, the attorney work product doctrine, the right to privacy as set forth in the United States and/or California Constitutions, or any other applicable law, privilege, immunity,

1  doctrine or other ground of privilege.  Mattel will not produce such privileged

2  documents.

3         3.      Mattel objects to the Requests on the grounds and to the extent

4  they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

5         4.      Mattel objects to the Requests on the grounds and to the extent

6  they seek information which is not relevant to the subject matter of this action nor

7  reasonably calculated to lead to the discovery of admissible evidence.

8         5.      Mattel objects to the Requests on the grounds and to the extent

9  they seek documents equally or more available to, or already in the possession,

10  custody or control of MGA.

11         6.      Mattel objects to the Requests on the grounds and to the extent

12  they seek documents not in Mattel's possession, custody or control.

13         7.      Mattel objects to the Requests on the grounds that they are

14  unduly burdensome and vague and ambiguous in that they purport to require Mattel

15  to identify and produce documents relating to matters that are currently known to

16  and in the possession, custody and control of defendants and third parties, including

17  third parties associated with defendants, and that are not known to Mattel.

18         8.      Mattel objects to the Requests on the grounds that they seek the

19  production of documents or information that are in the possession, custody and

20  control of independent parties over whom Mattel has no control, including without

21  limitation defendants, and seek the disclosure of information or documents that are

22  in the possession, custody and control of defendants or are publicly available and

23  hence equally available to all parties to this litigation.

24         9.      Mattel objects to the Requests on the ground and to the extent

25  they seek trade secret, proprietary or otherwise confidential information of Mattel or

26  third parties or would violate the terms of any agreement or contracts with third

27  parties.  Any such documents that are produced, if any, will be produced only

28  pursuant to and in reliance upon the Protective Order entered in this case.

-2-

MATTEL'S SUPPLEMENTAL RESPONSES TO MGA'S SECOND SET OF PHASE 2
REQUESTS FOR PRODUCTION OF DOCUMENTS

EXHIBIT   4

PAGE   25

10.    Mattel objects to each and every Request that seeks "all"
documents which constitute, mention, refer or relate to a given topic on the grounds
of undue burden and oppression.  Mattel will make available for inspection and
copying those documents and tangible items, if any, that it is able to locate after a
reasonable, good-faith search for and review of non-privileged responsive
documents.

11.    Mattel objects to each and every Request to the extent they seek
documents in the possession, custody or control of a foreign subsidiary of a party.
The MGA Defendants have objected that such documents are not within the scope
of requests to a domestic party.

12.    Mattel objects to each and every Request to the extent that they
seek documents already produced in this action.  Documents which have already
been produced will not be produced again in response to these requests.

13.    Objection to the production of any document or category of
documents described in the Requests, or agreement to produce any such documents,
is not and shall not be construed as an admission by Mattel that any such documents
or category of documents exist.  Where the responses indicate that Mattel will
produce such responsive documents, such documents, if any, will be produced if and
to the extent any such documents are in Mattel's possession, custody or control.

14.    Mattel objects to the time, place and manner of production
specified in defendant's Requests.  At a mutually agreeable time and place, Mattel
will produce such responsive, non-privileged documents and tangible things, if any
and to the extent not previously produced, in accordance with its responses at a time
and place and in a manner that is reasonable, convenient and mutually agreed upon
by the parties.

EXHIBIT 4
PAGE 76

1  <u>**RESPONSE TO REQUESTS FOR PRODUCTION**</u>

2          Each of the following objections and responses to the Requests is

3  expressly made subject to the above Preliminary Statement and General Objections,

4  all of which are incorporated in each of the following objections and responses to

5  specific Requests.  A statement that Mattel will produce documents or tangible

6  things in response to a Request is not intended to suggest, nor should it be construed

7  to mean, that any such documents or tangible things exist, or that they are in Mattel's

8  possession, custody or control.

9

10  <u>**REQUEST FOR PRODUCTION NO. 88:**</u>

11          All DOCUMENTS that REFER OR RELATE to ANY alleged

12  destruction or spoliation of evidence by or on behalf of MGA, as alleged in YOUR

13  OPERATIVE COUNTERCLAIMS in THIS ACTION.

14  <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**</u>

15          Mattel incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Mattel also specifically objects to this Request on the

17  grounds that it is duplicative of prior Requests and seeks documents already

18  produced by Mattel and/or were the subject of prior rulings in this case.  Such

19  documents will not be produced.  Mattel further objects to this Request as vague and

20  ambiguous, including in its use of "OPERATIVE COUNTERCLAIMS."  Mattel

21  further objects to the Request on the ground that it is premature because the subject

22  matter of this Request will be the subject of expert testimony at trial.  Mattel objects

23  to this Request to the extent it seeks to limit the expert testimony that Mattel may

24  seek to introduce at trial.  Mattel will identify its experts and make related

25  disclosures in accordance with the Court's orders and applicable rules.  Mattel

26  further objects that this Request is premature because Defendants have not complied

27  with their discovery obligations by failing to produce witnesses for deposition and

28  withholding information and documents requested in violation of orders of the

-4-
MATTEL'S SUPPLEMENTAL RESPONSES TO MGA'S SECOND SET OF PHASE 2
REQUESTS FOR PRODUCTION OF DOCUMENTS

EXHIBIT __4____

PAGE ___27__

1  Discovery Master and the Court.  Mattel further objects that this Request is

2  premature in that Mattel has not yet calculated its damages, nor is Mattel required to

3  elect a damages theory at this point.  Mattel further objects to this Request to the

4  extent that it calls for the disclosure of information subject to the attorney-client

5  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

6  further objects to this Request on the ground and to the extent it seeks trade secret,

7  proprietary or otherwise confidential information of Mattel or third parties.  Any

8  such documents that are produced, if any, will be produced only pursuant to and in

9  reliance upon the Protective Order entered in this case.  Mattel also objects to this

10  Request to the extent it seeks documents that are in the possession, custody and

11  control of a foreign subsidiary of a party on the basis that MGA has objected that

12  such documents are not within the scope of requests to a domestic party.

13  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

14          Mattel incorporates by reference the above-stated general objections as

15  if fully set forth herein.  Mattel also specifically objects to this Request on the

16  grounds that it is duplicative of prior Requests and seeks documents already

17  produced by Mattel and/or were the subject of prior rulings in this case.  Such

18  documents will not be produced.  Mattel further objects to this Request as vague and

19  ambiguous, including in its use of "OPERATIVE COUNTERCLAIMS."  Mattel

20  further objects to the Request on the ground that it is premature because the subject

21  matter of this Request will be the subject of expert testimony at trial.  Mattel objects

22  to this Request to the extent it seeks to limit the expert testimony that Mattel may

23  seek to introduce at trial.  Mattel will identify its experts and make related

24  disclosures in accordance with the Court's orders and applicable rules.  Mattel

25  further objects that this Request is premature because Defendants have not complied

26  with their discovery obligations by failing to produce witnesses for deposition and

27  withholding information and documents requested in violation of orders of the

28  Discovery Master and the Court.  Mattel further objects that this Request is

EXHIBIT __4__

PAGE ___78___

1  premature in that Mattel has not yet calculated its damages, nor is Mattel required to

2  elect a damages theory at this point.  Mattel further objects to this Request to the

3  extent that it calls for the disclosure of information subject to the attorney-client

4  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

5  further objects to this Request on the ground and to the extent it seeks trade secret,

6  proprietary or otherwise confidential information of Mattel or third parties.  Any

7  such documents that are produced, if any, will be produced only pursuant to and in

8  reliance upon the Protective Order entered in this case.  Mattel also objects to this

9  Request to the extent it seeks documents that are in the possession, custody and

10  control of a foreign subsidiary of a party on the basis that MGA has objected that

11  such documents are not within the scope of requests to a domestic party.

12          Subject to the foregoing objections, Mattel responds as follows:  At a

13  mutually agreeable time and place, Mattel will produce non-privileged documents in

14  its possession, custody and control responsive to this Request, if any, that Mattel has

15  been able to locate after a diligent search and reasonable inquiry, to the extent not

16  previously produced.

17

18  **REQUEST FOR PRODUCTION NO. 89:**

19          All DOCUMENTS that REFER OR RELATE to the DOCUMENTS to

20  which Farhad Larian allegedly gave YOU access and which YOU allegedly viewed

21  or inspected before Farhad Larian allegedly destroyed or spoiled the same, including

22  but not limited to ANY lists of such DOCUMENTS to which YOU actually were

23  given access and/or YOU actually viewed or inspected.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

25          Mattel incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Mattel also specifically objects to this Request on the

27  grounds that it is duplicative of prior Requests and seeks documents already

28  produced by Mattel and/or were the subject of prior rulings in this case.  Such

07975/2999293.2

-6-

EXHIBIT 4

PAGE 27

1   documents will not be produced.  Mattel further objects to the Request on the

2   ground that it is premature because the subject matter of this Request will be the

3   subject of expert testimony at trial.  Mattel objects to this Request to the extent it

4   seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel

5   will identify its experts and make related disclosures in accordance with the Court's

6   orders and applicable rules.  Mattel further objects that this Request is premature

7   because Defendants have not complied with their discovery obligations by failing to

8   produce witnesses for deposition and withholding information and documents

9   requested in violation of orders of the Discovery Master and the Court.  Mattel

10  further objects that this Request is premature in that Mattel has not yet calculated its

11  damages, nor is Mattel required to elect a damages theory at this point.  Mattel

12  further objects to this Request to the extent that it calls for the disclosure of

13  information subject to the attorney-client privilege, the attorney work-product

14  doctrine and other applicable privileges.  Mattel further objects to this Request on

15  the ground and to the extent it seeks trade secret, proprietary or otherwise

16  confidential information of Mattel or third parties.  Any such documents that are

17  produced, if any, will be produced only pursuant to and in reliance upon the

18  Protective Order entered in this case.  Mattel also objects to this Request to the

19  extent it seeks documents that are in the possession, custody and control of a foreign

20  subsidiary of a party on the basis that MGA has objected that such documents are

21  not within the scope of requests to a domestic party.

22  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

23              Mattel incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Mattel also specifically objects to this Request on the

25  grounds that it is duplicative of prior Requests and seeks documents already

26  produced by Mattel and/or were the subject of prior rulings in this case.  Such

27  documents will not be produced.  Mattel further objects to the Request on the

28  ground that it is premature because the subject matter of this Request will be the

EXHIBIT __4__

PAGE ___30___

1  subject of expert testimony at trial. Mattel objects to this Request to the extent it

2  seeks to limit the expert testimony that Mattel may seek to introduce at trial. Mattel

3  will identify its experts and make related disclosures in accordance with the Court's

4  orders and applicable rules. Mattel further objects that this Request is premature

5  because Defendants have not complied with their discovery obligations by failing to

6  produce witnesses for deposition and withholding information and documents

7  requested in violation of orders of the Discovery Master and the Court. Mattel

8  further objects that this Request is premature in that Mattel has not yet calculated its

9  damages, nor is Mattel required to elect a damages theory at this point. Mattel

10  further objects to this Request to the extent that it calls for the disclosure of

11  information subject to the attorney-client privilege, the attorney work-product

12  doctrine and other applicable privileges. Mattel further objects to this Request on

13  the ground and to the extent it seeks trade secret, proprietary or otherwise

14  confidential information of Mattel or third parties. Any such documents that are

15  produced, if any, will be produced only pursuant to and in reliance upon the

16  Protective Order entered in this case. Mattel also objects to this Request to the

17  extent it seeks documents that are in the possession, custody and control of a foreign

18  subsidiary of a party on the basis that MGA has objected that such documents are

19  not within the scope of requests to a domestic party.

20       Subject to the foregoing objections, Mattel responds as follows: At a

21  mutually agreeable time and place, Mattel will produce non-privileged documents in

22  its possession, custody and control responsive to this Request, if any, that Mattel has

23  been able to locate after a diligent search and reasonable inquiry, to the extent not

24  previously produced.

25

26  **REQUEST FOR PRODUCTION NO. 99:**

EXHIBIT 4
PAGE 31

27       ALL DOCUMENTS that constitute or REFER OR RELATE to any

28  analysis of Janine Brisbois' "thumb" drive referred to in YOUR OPERATIVE

1  COUNTERCLAIMS, including but not limited to any analysis by or on behalf of

2  KPMG.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

4          Mattel incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Mattel also specifically objects to this Request on the

6  grounds that it is duplicative of prior Requests and seeks documents already

7  produced by Mattel and/or were the subject of prior rulings in this case.  Such

8  documents will not be produced.  Mattel further objects to this Request as vague and

9  ambiguous, including in its use of "OPERATIVE COUNTERCLAIMS."  Mattel

10 objects to this Request to the extent it seeks to limit the expert testimony that Mattel

11 may seek to introduce at trial.  Mattel will identify its experts and make related

12 disclosures in accordance with the Court's orders and applicable rules.  Mattel

13 further objects that this Request is premature because Defendants have not complied

14 with their discovery obligations by failing to produce witnesses for deposition and

15 withholding information and documents requested in violation of orders of the

16 Discovery Master and the Court.  Mattel further objects that this Request is

17 premature in that Mattel has not yet calculated its damages, nor is Mattel required to

18 elect a damages theory at this point.  Mattel further objects to this Request to the

19 extent that it calls for the disclosure of information subject to the attorney-client

20 privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

21 further objects to this Request on the ground and to the extent it seeks trade secret,

22 proprietary or otherwise confidential information of Mattel or third parties.  Any

23 such documents that are produced, if any, will be produced only pursuant to and in

24 reliance upon the Protective Order entered in this case.  Mattel also objects to this

25 Request to the extent it seeks documents that are in the possession, custody and

26 control of a foreign subsidiary of a party on the basis that MGA has objected that

27 such documents are not within the scope of requests to a domestic party.

28

EXHIBIT  4

PAGE  32

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the grounds that it is duplicative of prior Requests and seeks documents already produced by Mattel and/or were the subject of prior rulings in this case.  Such documents will not be produced.  Mattel further objects to this Request as vague and ambiguous, including in its use of "OPERATIVE COUNTERCLAIMS."  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations by failing to produce witnesses for deposition and withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Mattel further objects that this Request is premature in that Mattel has not yet calculated its damages, nor is Mattel required to elect a damages theory at this point.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party on the basis that MGA has objected that such documents are not within the scope of requests to a domestic party.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce non-privileged documents in its possession, custody and control responsive to this Request, if any, that Mattel has

-10-

EXHIBIT 4

PAGE 33

1  been able to locate after a diligent search and reasonable inquiry, to the extent not

2  previously produced.

3

4  **REQUEST FOR PRODUCTION NO. 100:**

5          YOUR entire personnel file (except health care specific information,

6  social security numbers, tax identification numbers, dates of birth, bank account

7  numbers, and checking account numbers) for Carlos Gustavo Machado Gomez

8  ("Machado"), including but not limited to ANY employment agreements between

9  YOU and Machado, all confidentiality or non-disclosure agreements signed by

10  Machado, and ANY other DOCUMENTS signed by Machado that concern the use,

11  confidentiality, and disclosure of MATTEL'S TRADE SECRETS.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

13          Mattel incorporates by reference the above-stated general objections as

14  if fully set forth herein.  Mattel also specifically objects to this Request on the

15  grounds that it is duplicative of prior Requests and seeks documents already

16  produced by Mattel and/or were the subject of prior rulings in this case.  Such

17  documents will not be produced.  Mattel objects that the Request is vague and

18  ambiguous, unduly burdensome and overly broad and seeks information that is

19  neither relevant nor reasonably calculated to lead to the discovery of admissible

20  evidence.  Mattel further objects to this Request to the extent that it calls for the

21  disclosure of information subject to the attorney-client privilege, the attorney work-

22  product doctrine and other applicable privileges.  Mattel further objects to this

23  Request on the ground and to the extent it seeks trade secret, proprietary or

24  otherwise confidential information of Mattel or third parties.  Any such documents

25  that are produced, if any, will be produced only pursuant to and in reliance upon the

26  Protective Order entered in this case.  Mattel also objects to this Request to the

27  extent it seeks documents that are in the possession, custody and control of a foreign

28

EXHIBIT 4

PAGE 34

MATTEL'S SUPPLEMENTAL RESPONSES TO MGA'S SECOND SET OF PHASE 2
REQUESTS FOR PRODUCTION OF DOCUMENTS

1  subsidiary of a party on the basis that MGA has objected that such documents are

2  not within the scope of requests to a domestic party.

3  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO.**

4  **100:**

5          Mattel incorporates by reference the above-stated general objections as

6  if fully set forth herein.  Mattel also specifically objects to this Request on the

7  grounds that it is duplicative of prior Requests and seeks documents already

8  produced by Mattel and/or were the subject of prior rulings in this case.  Such

9  documents will not be produced.  Mattel objects that the Request is vague and

10  ambiguous, unduly burdensome and overly broad and seeks information that is

11  neither relevant nor reasonably calculated to lead to the discovery of admissible

12  evidence.  Mattel further objects to this Request to the extent that it calls for the

13  disclosure of information subject to the attorney-client privilege, the attorney work-

14  product doctrine and other applicable privileges.  Mattel further objects to this

15  Request on the ground and to the extent it seeks trade secret, proprietary or

16  otherwise confidential information of Mattel or third parties.  Any such documents

17  that are produced, if any, will be produced only pursuant to and in reliance upon the

18  Protective Order entered in this case.  Mattel also objects to this Request to the

19  extent it seeks documents that are in the possession, custody and control of a foreign

20  subsidiary of a party on the basis that MGA has objected that such documents are

21  not within the scope of requests to a domestic party.

22          Subject to the foregoing objections, Mattel responds as follows:  At a

23  mutually agreeable time and place, Mattel will produce non-privileged documents in

24  its possession, custody and control responsive to this Request, if any, that Mattel has

25  been able to locate after a diligent search and reasonable inquiry, to the extent not

26  previously produced.

27

28

EXHIBIT __4__

PAGE __35__

-12-

1  **REQUEST FOR PRODUCTION NO. 101:**

2        YOUR entire personnel file (except health care specific information,

3  social security numbers, tax identification numbers, dates of birth, bank account

4  numbers, and checking account numbers) for Mariana Trueba Almada ("Trueba"),

5  including but not limited to ANY employment agreements between YOU and

6  Trueba, ANY confidentiality or non-disclosure agreements signed by Trueba, and

7  ANY other DOCUMENTS signed by Trueba that concern the use, confidentiality,

8  and disclosure of MATTEL's TRADE SECRETS.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

10        Mattel incorporates by reference the above-stated general objections as

11  if fully set forth herein.  Mattel also specifically objects to this Request on the

12  grounds that it is duplicative of prior Requests and seeks documents already

13  produced by Mattel and/or were the subject of prior rulings in this case.  Mattel

14  further objects to this Request to the extent that it calls for the disclosure of

15  information subject to the attorney-client privilege, the attorney work-product

16  doctrine and other applicable privileges.  Mattel objects that the Request is vague

17  and ambiguous, unduly burdensome and overly broad and seeks information that is

18  neither relevant nor reasonably calculated to lead to the discovery of admissible

19  evidence.  Mattel further objects to this Request on the ground and to the extent it

20  seeks trade secret, proprietary or otherwise confidential information of Mattel or

21  third parties.  Any such documents that are produced, if any, will be produced only

22  pursuant to and in reliance upon the Protective Order entered in this case.  Mattel

23  also objects to this Request to the extent it seeks documents that are in the

24  possession, custody and control of a foreign subsidiary of a party on the basis that

25  MGA has objected that such documents are not within the scope of requests to a

26  domestic party.

27

28

EXHIBIT __4__

PAGE __36__

-13-

MATTEL'S SUPPLEMENTAL RESPONSES TO MGA'S SECOND SET OF PHASE 2 REQUESTS FOR PRODUCTION OF DOCUMENTS

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel also specifically objects to this Request on the grounds that it is duplicative of prior Requests and seeks documents already produced by Mattel and/or were the subject of prior rulings in this case. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel objects that the Request is vague and ambiguous, unduly burdensome and overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties. Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case. Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party on the basis that MGA has objected that such documents are not within the scope of requests to a domestic party.

Subject to the foregoing objections, Mattel responds as follows: At a mutually agreeable time and place, Mattel will produce non-privileged documents in its possession, custody and control responsive to this Request, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

EXHIBIT ___4___
PAGE ___37___

**REQUEST FOR PRODUCTION NO. 102:**

YOUR entire personnel file (except health care specific information, social security numbers, tax identification numbers, dates of birth, bank account

-14-

1    numbers, and checking account numbers) for Pablo Vargas San Jose ("Vargas"),

2    including but not limited to ANY employment agreements between YOU and

3    Vargas, ANY confidentiality or non-disclosure agreements signed by Vargas, and

4    ANY other DOCUMENTS signed by Vargas that concern the use, confidentiality,

5    and disclosure of MATTEL's TRADE SECRETS.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

7            Mattel incorporates by reference the above-stated general objections as

8    if fully set forth herein.  Mattel also specifically objects to this Request on the

9    grounds that it is duplicative of prior Requests and seeks documents already

10   produced by Mattel and/or were the subject of prior rulings in this case.  Mattel

11   further objects to this Request to the extent that it calls for the disclosure of

12   information subject to the attorney-client privilege, the attorney work-product

13   doctrine and other applicable privileges.  Mattel objects that the Request is vague

14   and ambiguous, unduly burdensome and overly broad and seeks information that is

15   neither relevant nor reasonably calculated to lead to the discovery of admissible

16   evidence.  Mattel further objects to this Request on the ground and to the extent it

17   seeks trade secret, proprietary or otherwise confidential information of Mattel or

18   third parties.  Any such documents that are produced, if any, will be produced only

19   pursuant to and in reliance upon the Protective Order entered in this case.  Mattel

20   also objects to this Request to the extent it seeks documents that are in the

21   possession, custody and control of a foreign subsidiary of a party on the basis that

22   MGA has objected that such documents are not within the scope of requests to a

23   domestic party.

24   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO.**

25   **102:**

26           Mattel incorporates by reference the above-stated general objections as

27   if fully set forth herein.  Mattel also specifically objects to this Request on the

28   grounds that it is duplicative of prior Requests and seeks documents already

07975/2999293.2

-15-

EXHIBIT ⁴⁄

PAGE 38

1  produced by Mattel and/or were the subject of prior rulings in this case. Mattel

2  further objects to this Request to the extent that it calls for the disclosure of

3  information subject to the attorney-client privilege, the attorney work-product

4  doctrine and other applicable privileges. Mattel objects that the Request is vague

5  and ambiguous, unduly burdensome and overly broad and seeks information that is

6  neither relevant nor reasonably calculated to lead to the discovery of admissible

7  evidence. Mattel further objects to this Request on the ground and to the extent it

8  seeks trade secret, proprietary or otherwise confidential information of Mattel or

9  third parties. Any such documents that are produced, if any, will be produced only

10 pursuant to and in reliance upon the Protective Order entered in this case. Mattel

11 also objects to this Request to the extent it seeks documents that are in the

12 possession, custody and control of a foreign subsidiary of a party on the basis that

13 MGA has objected that such documents are not within the scope of requests to a

14 domestic party.

15         Subject to the foregoing objections, Mattel responds as follows: At a

16 mutually agreeable time and place, Mattel will produce non-privileged documents in

17 its possession, custody and control responsive to this Request, if any, that Mattel has

18 been able to locate after a diligent search and reasonable inquiry, to the extent not

19 previously produced.

20

21 **REQUEST FOR PRODUCTION NO. 103:**

22         YOUR entire personnel file (except health care specific information,

23 social security numbers, tax identification numbers, dates of birth, bank account

24 numbers, and checking account numbers) for Ron Brawer ("Brawer"), including but

25 not limited to ANY employment agreements between YOU and Brawer, ANY

26 confidentiality or non-disclosure agreements signed by Brawer, and ANY other

27 DOCUMENTS signed by Brawer that concern the use, confidentiality, and

28 disclosure of MATTEL's TRADE SECRETS.

EXHIBIT __4__

PAGE __39__

07975/2999293.2

-16-

MATTEL'S SUPPLEMENTAL RESPONSES TO MGA'S SECOND SET OF PHASE 2
REQUESTS FOR PRODUCTION OF DOCUMENTS

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

2          Mattel incorporates by reference the above-stated general objections as

3  if fully set forth herein.  Mattel also specifically objects to this Request on the

4  grounds that it is duplicative of prior Requests and seeks documents already

5  produced by Mattel and/or were the subject of prior rulings in this case.  Such

6  documents will not be produced.  Mattel objects that the Request is vague and

7  ambiguous, unduly burdensome and overly broad and seeks information that is

8  neither relevant nor reasonably calculated to lead to the discovery of admissible

9  evidence.  Mattel further objects to this Request to the extent that it calls for the

10  disclosure of information subject to the attorney-client privilege, the attorney work-

11  product doctrine and other applicable privileges.  Mattel further objects to this

12  Request on the ground and to the extent it seeks trade secret, proprietary or

13  otherwise confidential information of Mattel or third parties.  Any such documents

14  that are produced, if any, will be produced only pursuant to and in reliance upon the

15  Protective Order entered in this case.  Mattel also objects to this Request to the

16  extent it seeks documents that are in the possession, custody and control of a foreign

17  subsidiary of a party on the basis that MGA has objected that such documents are

18  not within the scope of requests to a domestic party.

19  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO.**

20  **103:**

21          Mattel incorporates by reference the above-stated general objections as

22  if fully set forth herein.  Mattel also specifically objects to this Request on the

23  grounds that it is duplicative of prior Requests and seeks documents already

24  produced by Mattel and/or were the subject of prior rulings in this case.  Such

25  documents will not be produced.  Mattel objects that the Request is vague and

26  ambiguous, unduly burdensome and overly broad and seeks information that is

27  neither relevant nor reasonably calculated to lead to the discovery of admissible

28  evidence.  Mattel further objects to this Request to the extent that it calls for the

MATTEL'S SUPPLEMENTAL RESPONSES TO MGA'S SECOND SET OF PHASE 2
REQUESTS FOR PRODUCTION OF DOCUMENTS

EXHIBIT ___4___

PAGE ___40___

1 | disclosure of information subject to the attorney-client privilege, the attorney work-
2 | product doctrine and other applicable privileges. Mattel further objects to this
3 | Request on the ground and to the extent it seeks trade secret, proprietary or
4 | otherwise confidential information of Mattel or third parties. Any such documents
5 | that are produced, if any, will be produced only pursuant to and in reliance upon the
6 | Protective Order entered in this case. Mattel also objects to this Request to the
7 | extent it seeks documents that are in the possession, custody and control of a foreign
8 | subsidiary of a party on the basis that MGA has objected that such documents are
9 | not within the scope of requests to a domestic party.

10 |         Subject to the foregoing objections, Mattel responds as follows: At a
11 | mutually agreeable time and place, Mattel will produce non-privileged documents in
12 | its possession, custody and control responsive to this Request, if any, that Mattel has
13 | been able to locate after a diligent search and reasonable inquiry, to the extent not
14 | previously produced.

15 |

16 | **REQUEST FOR PRODUCTION NO. 104:**

17 |         YOUR entire personnel file (except health care specific information,
18 | social security numbers, tax identification numbers, dates of birth, bank account
19 | numbers, and checking account numbers) for Janine Brisbois ("Brisbois"), including
20 | but not limited to ANY employment agreements between YOU and Brisbois, ANY
21 | confidentiality or non-disclosure agreements signed by Brisbois, and ANY other
22 | DOCUMENTS signed by Brisbois that concern the use, confidentiality, and
23 | disclosure of MATTEL's TRADE SECRETS.

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

25 |         Mattel incorporates by reference the above-stated general objections as
26 | if fully set forth herein. Mattel also specifically objects to this Request on the
27 | grounds that it is duplicative of prior Requests and seeks documents already
28 | produced by Mattel and/or were the subject of prior rulings in this case. Such

-18-

EXHIBIT 4

PAGE 41

1  documents will not be produced.  Mattel further objects to this Request to the extent

2  that it calls for the disclosure of information subject to the attorney-client privilege,

3  the attorney work-product doctrine and other applicable privileges.  Mattel objects

4  that the Request is vague and ambiguous, unduly burdensome and overly broad and

5  seeks information that is neither relevant nor reasonably calculated to lead to the

6  discovery of admissible evidence.  Mattel further objects to this Request on the

7  ground and to the extent it seeks trade secret, proprietary or otherwise confidential

8  information of Mattel or third parties.  Any such documents that are produced, if

9  any, will be produced only pursuant to and in reliance upon the Protective Order

10  entered in this case.  Mattel also objects to this Request to the extent it seeks

11  documents that are in the possession, custody and control of a foreign subsidiary of

12  a party on the basis that MGA has objected that such documents are not within the

13  scope of requests to a domestic party.

14  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO.**

15  **104:**

16        Mattel incorporates by reference the above-stated general objections as

17  if fully set forth herein.  Mattel also specifically objects to this Request on the

18  grounds that it is duplicative of prior Requests and seeks documents already

19  produced by Mattel and/or were the subject of prior rulings in this case.  Such

20  documents will not be produced.  Mattel further objects to this Request to the extent

21  that it calls for the disclosure of information subject to the attorney-client privilege,

22  the attorney work-product doctrine and other applicable privileges.  Mattel objects

23  that the Request is vague and ambiguous, unduly burdensome and overly broad and

24  seeks information that is neither relevant nor reasonably calculated to lead to the

25  discovery of admissible evidence.  Mattel further objects to this Request on the

26  ground and to the extent it seeks trade secret, proprietary or otherwise confidential

27  information of Mattel or third parties.  Any such documents that are produced, if

28  any, will be produced only pursuant to and in reliance upon the Protective Order

MATTEL'S SUPPLEMENTAL RESPONSES TO MGA'S SECOND SET OF PHASE 2
REQUESTS FOR PRODUCTION OF DOCUMENTS

EXHIBIT ___4___

PAGE ___42___

1   entered in this case. Mattel also objects to this Request to the extent it seeks

2   documents that are in the possession, custody and control of a foreign subsidiary of

3   a party on the basis that MGA has objected that such documents are not within the

4   scope of requests to a domestic party.

5         Subject to the foregoing objections, Mattel responds as follows: At a

6   mutually agreeable time and place, Mattel will produce non-privileged documents in

7   its possession, custody and control responsive to this Request, if any, that Mattel has

8   been able to locate after a diligent search and reasonable inquiry, to the extent not

9   previously produced.

10

11  **REQUEST FOR PRODUCTION NO. 111:**

12         All DOCUMENTS that refer or relate to ANY contacts allegedly made

13  by Ron Brawer after his resignation from MATTEL to past or present MATTEL

14  employees, as alleged in paragraph 60 of YOUR OPERATIVE

15  COUNTERCLAIMS.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

17         Mattel incorporates by reference the above-stated general objections as

18  if fully set forth herein. Mattel also specifically objects to this Request on the

19  grounds that it is duplicative of prior Requests and seeks documents already

20  produced by Mattel and/or were the subject of prior rulings in this case. Such

21  documents will not be produced. Mattel objects that the Request is vague and

22  ambiguous, unduly burdensome and overly broad and seeks information that is

23  neither relevant nor reasonably calculated to lead to the discovery of admissible

24  evidence. Mattel further objects to this Request to the extent that it calls for the

25  disclosure of information subject to the attorney-client privilege, the attorney work-

26  product doctrine and other applicable privileges. Mattel further objects to this

27  Request as vague and ambiguous, including in its use of "OPERATIVE

28  COUNTERCLAIMS." Mattel further objects to this Request on the ground and to

EXHIBIT ___4___

PAGE ___43___

1 | the extent it seeks trade secret, proprietary or otherwise confidential information of
2 | Mattel or third parties.  Any such documents that are produced, if any, will be
3 | produced only pursuant to and in reliance upon the Protective Order entered in this
4 | case. Mattel also objects to this Request to the extent it seeks documents that are in
5 | the possession, custody and control of a foreign subsidiary of a party on the basis
6 | that MGA has objected that such documents are not within the scope of requests to a
7 | domestic party.

8 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO.**
9 | **111:**

10 |       Mattel incorporates by reference the above-stated general objections as
11 | if fully set forth herein.  Mattel also specifically objects to this Request on the
12 | grounds that it is duplicative of prior Requests and seeks documents already
13 | produced by Mattel and/or were the subject of prior rulings in this case.  Such
14 | documents will not be produced.  Mattel objects that the Request is vague and
15 | ambiguous, unduly burdensome and overly broad and seeks information that is
16 | neither relevant nor reasonably calculated to lead to the discovery of admissible
17 | evidence.  Mattel further objects to this Request to the extent that it calls for the
18 | disclosure of information subject to the attorney-client privilege, the attorney work-
19 | product doctrine and other applicable privileges.  Mattel further objects to this
20 | Request as vague and ambiguous, including in its use of "OPERATIVE
21 | COUNTERCLAIMS."  Mattel further objects to this Request on the ground and to
22 | the extent it seeks trade secret, proprietary or otherwise confidential information of
23 | Mattel or third parties.  Any such documents that are produced, if any, will be
24 | produced only pursuant to and in reliance upon the Protective Order entered in this
25 | case. Mattel also objects to this Request to the extent it seeks documents that are in
26 | the possession, custody and control of a foreign subsidiary of a party on the basis
27 | that MGA has objected that such documents are not within the scope of requests to a
28 | domestic party.

EXHIBIT _4_
PAGE _44_

-21-

MATTEL'S SUPPLEMENTAL RESPONSES TO MGA'S SECOND SET OF PHASE 2
REQUESTS FOR PRODUCTION OF DOCUMENTS

1          Subject to the foregoing objections, Mattel responds as follows:  At a

2    mutually agreeable time and place, Mattel will produce non-privileged documents in

3    its possession, custody and control responsive to this Request, if any, that Mattel has

4    been able to locate after a diligent search and reasonable inquiry, to the extent not

5    previously produced.

6

7    DATED:  July 9, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

8

9                                            By /s/ Marshal M. Searcy III

10                                             Marshall M. Searcy III
                                               Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27              EXHIBIT  4

28              PAGE  45

EXHIBIT 5

1

1       UNITED STATES DISTRICT COURT

2       CENTRAL DISTRICT OF CALIFORNIA

3       EASTERN DIVISION

4       - - -

5       HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6       - - -

7   CARTER BRYANT,                          )
                                            )
8                       PLAINTIFF,          )
                                            )
9           VS.                             )   NO. ED CV 04-09049
                                            )   (LEAD LOW NUMBER)
10  MATTEL, INC.,                           )
                                            )
11                      DEFENDANTS.         )   STATUS/SCHEDULING
                                            )        CONFERENCE
12  AND RELATED ACTIONS,                    )
                                            )
13

14

15       REPORTER'S TRANSCRIPT OF PROCEEDINGS

16       RIVERSIDE, CALIFORNIA

17       MONDAY, FEBRUARY 12, 2007

18       1:49 P.M.

19

20       **CERTIFIED COPY**

21

22

23       THERESA A. LANZA, RPR, CSR
         FEDERAL OFFICIAL COURT REPORTER
24       3470 12TH STREET, RM. 134
         RIVERSIDE, CALIFORNIA  92501
25       (951) 274-0844
         CSR11457@SBCGLOBAL.NET

EXHIBIT B
PAGE 46

2

```
 1   APPEARANCES:

 2

 3   ON BEHALF OF PLAINTIFF/COUNTER DEFENDANT MATTEL, INC.:

 4

 5                     QUINN EMANUEL
                       BY:  JOHN B. QUINN
                       865 S. FIGUEROA STREET,
 6                     10TH FLOOR
                       LOS ANGELES, CALIFORNIA  90017
 7                     (213) 624-7707

 8

 9   ON BEHALF OF PLAINTIFF/COUNTER COMPLAINANT/DEFENDANT,
     CARTER BRYANT:
10
                       LITTLER MENDELSON
11                     BY:  KEITH A. JACOBY
                       2049 CENTURY PARK EAST,
12                     FIFTH FLOOR
                       LOS ANGELES, CALIFORNIA  90067
13                     (310) 553-0308

14

15   ON BEHALF OF MGA ENTERTAINMENT:

16                     O'MELVENY & MYERS LLP
                       BY:  DIANA M. TORRES
17                     400 SOUTH HOPE STREET
                       LOS ANGELES, CA  90071-2899
18                     (213) 430-6556

19

20

21

22

23

24

25
```

1   BE DONE.

2          THE COURT:  THANK YOU, ALL THREE OF YOU.

3          MR. QUINN, YOU SEEM TO BE ANXIOUS TO SAY SOMETHING; A

4   VERY, BRIEF RESPONSE.

5          MR. QUINN:  THE CLAIMS AGAINST MGA, WHICH I THINK GO          02:15

6   HAND IN HAND WITH THESE CLAIMS REGARDING MR. BRYANT -- THE

7   INDUCEMENT AND THE AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

8   ARE -- IN THE COUNTERCLAIM THEY ARE CLAIM SIX, INTENTIONAL

9   INTERFERENCE; CLAIM EIGHT, AIDING AND ABETTING; BREACH OF

10  FIDUCIARY DUTY; CLAIM TEN, BREACH OF DUTY OF LOYALTY.          02:15

11         AND THEN, YOUR HONOR, TO THE EXTENT THAT WE WANT TO

12  FOCUS ON OWNERSHIP OF BRATZ, THERE IS NOT A CLAIM IN THE

13  ORIGINAL COMPLAINT THAT ADDRESSES OWNERSHIP OF BRATZ.  AT THAT

14  POINT WHEN THIS WAS FIRST STARTED AGAINST MR. BRYANT, MATTEL

15  WASN'T SURE WHAT IT WAS HE HAD BEEN WORKING ON OR WHAT HE HAD          02:15

16  CREATED.  THAT CLAIM IS A DEC RELIEF CLAIM THAT IS IN COUNT 13

17  NOW IN THE COUNTERCLAIM; SO IF WE WERE GOING TO FOCUS ON THOSE

18  BRATZ ISSUES AND MR. BRYANT, I'D SUBMIT THAT THOSE CLAIMS ALL

19  OUGHT TO GO IN THE FIRST TRIAL.

20         THANK YOU, YOUR HONOR.          02:16

21         THE COURT:  ALL RIGHT.  VERY WELL.

22         THIS IS WHAT WE'RE GOING TO DO.  I'M GOING TO SET TWO

23  SCHEDULING MATTERS; ONE FOR CASE 04-9059, AND A SEPARATE

24  SCHEDULING ORDER FOR 05-2727, AND MY SENSE IS TO BIFURCATE THEM

25  ALONG THOSE LINES.          02:16

21

```
 1          MR. QUINN, I WILL ENTERTAIN A MOTION FROM THE
 2   PLAINTIFFS IN -9059 FROM MATTEL THAT SOME OF THOSE LIMITED
 3   CLAIMS, AS YOU JUST IDENTIFIED, ARE MORE APPROPRIATELY
 4   CONSIDERED IN THAT FIRST CASE.  AND THEN OF COURSE THE DEFENSE
 5   MAY OPPOSE THAT.                                              02:17
 6          I CAN SEE HOW ONE OR MORE OF THOSE CLAIMS MIGHT BE,
 7   BUT THEY MIGHT NOT BE AS WELL.  I'M NOT GOING TO DECIDE THAT
 8   TODAY.  I'LL GIVE YOU LEAVE TO BRING THAT MOTION ON THAT NARROW
 9   ISSUE IF THERE SHOULD BE CERTAIN CLAIMS THAT WE SHOULD DO IN
10   THIS FIRST PHASE AS OPPOSED TO THE SECOND PHASE.  BUT ABSENT AN 02:17
11   ORDER FROM THE COURT, THE ONLY CLAIMS THAT WE ARE GOING TO SET
12   IN THE FIRST TRIAL ARE THOSE SET FORTH IN 04-9059, AND THE ONLY
13   CLAIMS IN THE SECOND ARE GOING TO BE THE CLAIMS AND
14   COUNTERCLAIMS IN 05-2727.  I WILL GIVE YOU THAT OPPORTUNITY.
15          I'M GOING TO SET A JURY TRIAL DATE FOR FEBRUARY 12,    02:17
16   2008, ONE YEAR FROM TODAY, AT 9:30 A.M. IN 04-9049.  A HEARING
17   ON ANY MOTIONS IN LIMINE WILL BE SCHEDULED FOR FEBRUARY 4,
18   2008, 10:00 A.M., AND A FINAL PRE-TRIAL CONFERENCE WILL BE
19   CONDUCTED JANUARY 14, 2008, AT 11:00 A.M.
20          LAST DATE TO CONDUCT A SETTLEMENT CONFERENCE IN THAT   02:18
21   CASE WILL BE DECEMBER 3, 2007; THE LAST DATE FOR HEARING ANY
22   DISPOSITIVE MOTIONS WILL BE NOVEMBER 19, 2007 AT 10:00 A.M.;
23   THE COMPLETE DISCOVERY CUTOFF ON THE FIRST CASE WILL BE
24   OCTOBER 22ND, 2007.
25          I'LL SPEAK IN A FEW MOMENTS ABOUT LIMITS IN TERMS OF   02:18
```

EXHIBIT 5
PAGE 49

22

1    WITNESSES AND INTERROGATORIES AND THE LIKE.

2          AS FAR AS 05-2727, THE JURY TRIAL DATE WILL BE

3    JULY 1, 2008; THE HEARING ON ANY MOTIONS IN LIMINE WILL BE

4    JUNE 23, 2008, 10:00 A.M.; THE FINAL PRE-TRIAL CONFERENCE WILL

5    BE JUNE 2, 2008, 11:00 A.M.; THE LAST DATE TO CONDUCT A          02:18

6    SETTLEMENT CONFERENCE IN THAT CASE WILL BE APRIL 21, 2008; THE

7    LAST DATE FOR HEARING DISPOSITIVE MOTIONS IN THAT CASE WILL BE

8    APRIL 7, 2008, 10:00 A.M.; DISCOVERY CUTOFF WILL BE MARCH 3,

9    2008.

10         ANY FURTHER AMENDMENTS OR THE ADDITION OF PARTIES IN       02:19

11   EITHER OF THESE CASES IS GOING TO REQUIRE LEAVE OF COURT.

12         THESE ARE THE LIMITS I'M GOING TO PUT ON EXPERT

13   DEPOSITIONS AND INTERROGATORIES.  NOW, THESE LIMITS ARE -- I

14   DON'T WANT TO SAY THEY ARE SOFT LIMITS, BUT THEY ARE LIMITS

15   WHICH THE COURT WOULD CERTAINLY UNDERSTAND OR WOULD INVITE       02:20

16   COUNSEL TO SUBMIT A MOTION TO EXPAND, IF THERE'S REASON TO.

17   BUT I JUST WANT TO HAVE SOME PARAMETERS PLACED ON THIS AT THE

18   OUTSET.

19         AS FAR AS NONEXPERT DEPOSITIONS, I'M GOING TO LIMIT

20   EACH SIDE TO 24; SO THAT WILL BE A TOTAL OF 48 BETWEEN THE TWO   02:20

21   SIDES, WHICH WOULD HOPEFULLY CAPTURE MOST OF THE INDIVIDUALS

22   WHO HAVE SOME INFORMATION TO PROVIDE IN THIS CASE.  I'M GOING

23   TO LIMIT THE NUMBER OF EXPERT WITNESSES TO 20 ON EACH SIDE, AND

24   THEN THE TOTAL NUMBER OF INTERROGATORIES TO A TOTAL NUMBER OF

25   50 TO EACH SIDE.                                                 02:20

EXHIBIT 5
PAGE 50

23

1        AGAIN, IF YOU GET TO THE POINT WHERE YOU NEED 21

2   EXPERT WITNESSES FOR SOME REASON, OR YOU NEED 25 FACT

3   WITNESSES, YOU CAN MAKE APPLICATION TO THIS COURT AND THE COURT

4   WILL CONSIDER THAT AFTER YOU, OF COURSE, HAVE MET AND CONFERRED

5   AND TRIED TO WORK THAT OUT ON YOUR OWN.  BUT WE HAVE TO HAVE          02:20

6   SOME PARAMETERS ON THIS.

7        ARE THERE ANY QUESTIONS?

8        THE COURT WILL BE ISSUING ITS SCHEMATIC WHICH WILL

9   HAVE ALL THESE DATES AND THE COURT'S SCHEDULING ORDERS AND

10  CALCULATIONS, BUT ARE THERE ANY GENERAL QUESTIONS ABOUT WHAT         02:21

11  THE COURT IS TRYING TO ACCOMPLISH HERE?

12        MS. TORRES:  YOUR HONOR, YOU JUST SAID 50

13  INTERROGATORIES EACH SIDE.  THE FEDERAL RULES ORDINARILY

14  PROVIDE FOR INTERROGATORIES TO PARTIES, AND THERE ARE A NUMBER

15  OF PARTIES THAT THEY ARE TRYING TO SERVE, WHO THEY MAY HAVE          02:21

16  ALREADY SERVED, I DON'T KNOW.

17        ARE THOSE PARTIES INCLUDED IN THAT 50 LIMIT?

18        THE COURT:  THERE'S ONE PARTY, ESSENTIALLY, ON THE

19  OTHER SIDE, AND YOU HAVE TWO PARTIES.

20        MS. TORRES:  WELL, THEY HAVE ALSO NAMED -- ACTUALLY            02:21

21  WE HAVE THREE PARTIES NOW; THEY SUED OUR CEO ISAAC LARIAN AND

22  THEY HAVE NAMED ANOTHER EMPLOYEE AND TWO INDIRECT SUBSIDIARIES.

23        THE COURT:  WELL, MR. JACOBY, YOU'RE HERE ON BEHALF

24  OF MR. BRYANT.  WOULD YOU REALLY NEED ANOTHER 50

25  INTERROGATORIES BEYOND WHAT MGA WOULD BE SUBMITTING ON THESE         02:22

2-12-07                    CV 04-09049          EXHIBIT __5__
                                                PAGE __51__

24

```
 1    CLAIMS CONCERNING BRATZ OWNERSHIP?
 2           MR. JACOBY:  PROBABLY NOT.  BUT, I MEAN, I THINK IT
 3    IS A CONCERN THAT THERE ARE POTENTIALLY FOUR PARTIES WHO AREN'T
 4    EVEN HERE TODAY.
 5           THE COURT:  LET'S TRY TO WORK WITHIN THE CONFINES OF      02:22
 6    THE 50 INTERROGATORIES, AND IF YOU NEED MORE, AGAIN, THE COURT
 7    IS GOING TO BE FORTHCOMING, IF THERE'S A NEED FOR IT.  AND IT'S
 8    THE TYPE OF ORDER THAT IF YOU CAN STIPULATE AMONGST YOURSELVES,
 9    YOU'RE NOT GOING TO NEED AN ORDER FROM THE COURT.
10           BUT IF YOU'RE NOT AGREEING AMONGST YOURSELVES, THEN      02:22
11    YOU'RE GOING TO HAVE TO COME BACK TO THE COURT BEFORE YOU BUST
12    THOSE LIMITS.  UNLIKE EVERY OTHER ORDER THE COURT ISSUES, WHERE
13    ONCE THE COURT ISSUES AN ORDER AND YOU NEED AN ORDER FROM THE
14    COURT TO ALTER THAT, THIS IS ONE THAT I WILL GIVE YOU AUTHORITY
15    AMONGST YOURSELVES TO STIPULATE TO A GREATER NUMBER.  BUT LETS  02:22
16    BE REASONABLE.  I CAN'T IMAGINE YOU CAN'T WORK THIS OUT.  I
17    JUST DON'T WANT TO HAVE OPEN-ENDED NUMBERS OF INTERROGATORIES
18    AND EXPERTS.
19           MS. TORRES:  WE DON'T EITHER, AND I DON'T THINK WE'LL
20    NEED 50 PER PARTY.                                              02:23
21           MR. QUINN:  IN THE UNLIKELY EVENT THERE WERE A
22    DISAGREEMENT ON THAT, DOES THAT COME TO YOU?
23           THE COURT:  YES, THAT COMES TO ME.
24           MR. QUINN:  THANK YOU, YOUR HONOR.
25           THE COURT:  BUT GIVEN THE SIGNIFICANCE OF THIS CASE      02:23
```

25

1   AND THE RESOURCES THAT QUINN EMANUEL AND O'MELVENY & MYERS AND

2   LITTLER ARE ALL DEVOTING TO THIS, THESE DATES ARE PRETTY FIRM;

3   SO PLAN ACCORDINGLY.

4           MR. JACOBY:  THANK YOU, YOUR HONOR.

5           MR. QUINN:  THANK YOU, YOUR HONOR.                    02:23

6           THE COURT:  ALL RIGHT.  GOOD LUCK.

7

8

9

10

11

12

13

14

15

16

17                        CERTIFICATE

18

19  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
20  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
    ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
21  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
    THE UNITED STATES.
22

23  _____        2-22-07
    THERESA A. LANZA, CSR, RPR             _____
24  FEDERAL OFFICIAL COURT REPORTER           DATE

25

EXHIBIT 6

COPY

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Duane R. Lyons (Bar No. 125091)
  (duanelyons@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

FILED
2007 JAN 12 PM 3:21

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>      Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>      Defendant.<br><br>_____<br><br>MGA ENTERTAINMENT, INC. a California corporation,<br><br>      Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation, and DOES 1-10,<br><br>      Defendants.<br><br>_____<br><br>MATTEL, INC., a Delaware corporation,<br><br>      Counter-claimant, | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated With Case No. 04-9059 and Case No. 05-2727<br><br>MATTEL, INC.'S AMENDED ANSWER IN CASE NO. 05-2727 AND COUNTERCLAIMS FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br>2. VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT;<br>3. CONSPIRACY TO VIOLATE THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT;<br>4. MISAPPROPRIATION OF TRADE SECRETS;<br>5. BREACH OF CONTRACT;<br>6. INTENTIONAL INTERFERENCE WITH CONTRACT;<br>7. BREACH OF FIDUCIARY DUTY;<br>8. AIDING AND ABETTING BREACH OF FIDUCIARY DUTY;<br>9. BREACH OF DUTY OF LOYALTY;<br>10. AIDING AND ABETTING BREACH OF DUTY OF LOYALTY;<br>11. CONVERSION;<br>12. UNFAIR COMPETITION; AND |

EXHIBIT 6
PAGE 54

1-12

9/2035982.1

AMENDED ANSWER AND COUNTERCLAIMS

1          v.

2    MGA ENTERTAINMENT, INC., a
     California corporation; ISAAC
3    LARIAN, an individual; CARTER
     BRYANT, an individual; MGA
4    ENTERTAINMENT (HK) LIMITED,
     a Hong Kong Special Administrative
5    Region business entity; MGAE DE
     MÉXICO, S.R.L. DE C.V., a
6    Mexico business entity; CARLOS
     GUSTAVO MACHADO GOMEZ, an
7    individual; and DOES 4 through 10,

8                Counter-defendants.

9

10   AND CONSOLIDATED CASES

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13. DECLARATORY RELIEF.

DEMAND FOR JURY TRIAL

EXHIBIT __6__
PAGE __65__

/2035982.1

-2-

AMENDED ANSWER AND COUNTERCLAIMS

### AMENDED ANSWER

Pursuant to the Court's Order of January 12, 2007, Defendant Mattel, Inc. ("Mattel") answers the Complaint of MGA Entertainment, Inc. ("Complaint") as follows:

### Preliminary Statement

The Complaint in this case contravenes Rule 8(a) of the Federal Rules of Civil Procedure in multiple respects.  For example, in many places, the Complaint improperly mixes factual averments with argumentative rhetoric.  The Complaint also includes a selective recitation of alleged historical facts and "rumor," much of which is both irrelevant and inflammatory in tone and content.  In addition, many of the allegations of the Complaint are overly broad, vague or conclusory and include terms which are undefined and which are susceptible to different meanings.  Accordingly, by way of a general response, all allegations are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications or speculations which are contained in the averment or in the Complaint as a whole.  These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

Mattel further submits that the use of the headings throughout the Complaint is improper, and therefore no response to them is required.  In the event that a response is required, Mattel denies those allegations.

The Complaint also contains many purported photographs of various items, and it uses one or more headings purporting to describe, either individually or in groups, these various photographs.  The images of these photographs contained in the Complaint are all relatively small and some are of less than optimal quality, making it difficult to evaluate the adequacy of the photographs or their fairness and accuracy in depicting what they purport to represent.  The Complaint also does not describe the circumstances or time frame in which these photographs were taken,

EXHIBIT ___V___
PAGE ___6L___

-3-

AMENDED ANSWER AND COUNTERCLAIMS

1  and in many cases does not identify, or does not sufficiently or properly identify, the

2  item depicted in the photographs.  All of these factors, as well as the use of these

3  photographs and headings out of context, or with an insufficient context, impair the

4  ability of Mattel to fully respond to these photographs and headings, or to any

5  purported allegations involving, or relying upon, the use of such photographs and

6  accompanying headings.  By way of a general response, Mattel therefore does not

7  admit the authenticity of any photograph, or the accuracy or adequacy of any

8  heading, nor does it admit any allegation or inference that is based on, or purports to

9  be based on, any photograph or accompanying heading in the Complaint.  Mattel

10  reserves the right to challenge the authenticity of any photograph and the accuracy

11  or adequacy of any heading (either as included in the Complaint or in the context of

12  additional material not included).  Further, with reference to all photographs and

13  accompanying headings, or any averments based on the Complaint's use of such

14  photographs and headings, which might be offered into evidence, Mattel specifically

15  reserves its right to object to any use of such photographs, headings, and averments,

16  or the Complaint as a whole or in part, in evidence for any purpose whatsoever.

17         To the extent that Mattel has endeavored to answer any particular

18  allegation containing any such photographs and headings, any admission concerning

19  the item purported to be depicted in such photograph, or described in such headings,

20  shall not constitute an admission that the photograph is authentic, adequate, or

21  admissible, nor that any heading is accurate, adequate, or admissible.  All such items

22  purportedly depicted in such photographs, and described in such headings, "speak

23  for themselves".  Accordingly, to the extent that any such referenced materials are

24  deemed allegations against Mattel, they are denied.

<u>Responses</u>

25

26         1.     Answering paragraph 1 of the Complaint, Mattel admits that

27  plaintiff MGA Entertainment, Inc. ("plaintiff" or "MGA") is a California

28  corporation with a principal place of business in Van Nuys, California.

EXHIBIT 6

PAGE 57

AMENDED ANSWER AND COUNTERCLAIMS

1        2.     Answering paragraph 2 of the Complaint, Mattel admits that

2  Mattel is a Delaware corporation with a principal place of business in El Segundo,

3  California.

4        3.     Answering paragraph 3 of the Complaint, Mattel denies that

5  there has been wrongful conduct on its part and states that it is without knowledge

6  or information sufficient to form a belief as to the truth or falsity of the remaining

7  allegations set forth therein and, on that basis, denies them.

8        4.     Answering paragraph 4 of the Complaint, Mattel admits that

9  plaintiff purports to assert claims under the Lanham Act, 15 U.S.C. §§ 1125(a) and

10  (c), California Business and Professions Code §§ 17200 *et seq.*, California Business

11  and Professions Code § 14330 and California common law, denies that plaintiff is

12  entitled to any relief thereunder and denies the truth of the remaining allegations set

13  forth in paragraph 4.

14        5.     Answering paragraph 5 of the Complaint, Mattel admits that it is

15  subject to personal jurisdiction in this District and denies the truth of the remaining

16  allegations set forth in paragraph 5.

17        6.     Answering paragraph 6 of the Complaint, Mattel admits that

18  venue is proper in this District and denies the truth of the remaining allegations set

19  forth in paragraph 6.

20        7.     Answering paragraph 7 of the Complaint, Mattel admits that

21  MGA has filed the instant lawsuit and denies the truth of the remaining allegations

22  set forth in paragraph 7.

23        8.     Answering paragraph 8 of the Complaint, Mattel states that it is

24  without knowledge or information sufficient to form a belief as to the truth or falsity

25  of the allegations regarding MGA's history set forth therein and, on that basis,

26  denies them, states that MGA has made conflicting representations, including in

27  sworn statements, that are at odds with the allegations of the Complaint and denies

28  the truth of the remaining allegations set forth in paragraph 8.

EXHIBIT  6

PAGE  58

AMENDED ANSWER AND COUNTERCLAIMS

1       9.      Answering paragraph 9 of the Complaint, Mattel admits that

2   MGA filed this action, states that Mattel's web site and corporate governance

3   policies speak for themselves and denies the truth of the remaining allegations set

4   forth in paragraph 9.

5       10.     Answering paragraphs 10 through 20 of the Complaint,

6   inclusive, Mattel admits that it is the world's most successful toy company, states

7   that the first doll in its BARBIE line was publicly introduced in 1959 and that

8   BARBIE-branded dolls have been the world's best-selling toys, states that Mattel's

9   sales speak for themselves and states that the remaining allegations set forth therein

10  are the subject of a pending motion to strike pursuant to Federal Rule of Civil

11  Procedure 12(f) and that no further answer is therefore required at this time.

12      11.     Answering paragraph 21 of the Complaint, Mattel admits that

13  products in plaintiff's "Bratz" line compete with products in Mattel's BARBIE and

14  other product lines and states that the remainder of the allegation contained

15  therein—consisting of a sentence fragment—is unintelligible and on that basis

16  denies the truth of any such remaining allegation set forth therein.

17      12.     Answering paragraph 22 of the Complaint, Mattel admits that

18  products in plaintiff's "Bratz" line compete with Mattel products, states that the

19  remainder of the allegations contained therein are characterizations, not factual

20  assertions, and that therefore no response is necessary under Fed. R. Civ. P. 8(b)

21  and, to the extent any further response is required, denies the truth of any remaining

22  allegations set forth therein.

23      13.     Answering paragraph 23 of the Complaint, Mattel states that

24  MGA has made conflicting statements, including in sworn statements, that are

25  inconsistent with the allegations set forth in paragraph 23 of the Complaint and

26  states that it is therefore without knowledge or information sufficient to form a

27  belief as to the truth or falsity of the allegations set forth therein and, on that basis,

28  denies them.

EXHIBIT 6
PAGE 57

09/20359412

AMENDED ANSWER AND COUNTERCLAIMS

1    14.    Answering paragraph 24 of the Complaint, Mattel states that the

2   "look" of the referenced dolls speak for themselves and denies the truth of the

3   remaining allegations set forth therein.  By way of further answer, Mattel states that

4   the photographs and their accompanying caption on page 7 of the Complaint are

5   false and misleading to the extent they are intended to suggest that MGA has

6   produced or used a consistent packaging shape or look or that it has protectible

7   rights in the matters depicted in the photographs.

8    15.    Answering paragraph 25 of the Complaint, Mattel admits that

9   Bratz dolls are between approximately 9.5 to 10 inches in height, states that the

10   appearances of the dolls speak for themselves, denies that "Bratz" dolls are or "were

11   intentionally shorter" than dolls in Mattel's BARBIE line, denies that the "Bratz"

12   dolls "looked like no other" and denies the truth of the remaining allegations set

13   forth in paragraph 25.

14    16.    Answering paragraph 26 of the Complaint, Mattel states that the

15   use of the term "classic" is unintelligible, since Mattel has designed and sold

16   different dolls using different heads and with different fashions and themes over the

17   years, and denies the truth of any remaining allegations.  By way of further answer,

18   Mattel states that the image encaptioned "Mattel's 'Barbie'" on page 8 of the

19   Complaint is misleading in that it depicts one of the doll heads that have been used

20   as part of the BARBIE line for many years, and therefore ignores that Mattel has

21   long designed and sold an array of different BARBIE line dolls that use different

22   doll heads, including doll heads which depict different ethnicities, and that are

23   dressed in different clothing and fashion styles.

24    17.    Answering paragraph 27 of the Complaint, Mattel admits that

25   MGA has used the line "The Girls With a Passion for Fashion" in some contexts,

26   denies that MGA originated or otherwise has rights to that phrase, admits that one

27   audience for products in the "Bratz" line has been "tweens" and denies the truth of

28   the remaining allegations set forth in paragraph 27.

EXHIBIT  4
PAGE  40

AMENDED ANSWER AND COUNTERCLAIMS

1    18.    Answering paragraph 28 of the Complaint, Mattel admits that

2   certain "Bratz" dolls have won certain awards, the terms of which speak for

3   themselves, states that it is without knowledge or information sufficient to form a

4   belief as to the truth or falsity of the allegations regarding the "awards" MGA claims

5   and, on that basis, denies them, denies that plaintiff has protectible rights and denies

6   the truth of any remaining allegations set forth in paragraph 28.

7    19.    Answering paragraph 29 of the Complaint, Mattel admits that

8   dolls in the "Bratz" line compete with dolls in Mattel product lines, denies that

9   Mattel has or has ever had a "stranglehold" on any market, states that the market

10  allegations contained in paragraph 29 are vague and ambiguous, including without

11  limitation in that the allegations fail to specify what products among the parties'

12  respective lines are being referred to and what time period is being referred to, and

13  denies the truth of any remaining allegations set forth in paragraph 29.

14   20.    Answering paragraph 30 of the Complaint, Mattel admits MGA

15  has been a licensee of Mattel and states that the remaining allegations set forth

16  therein are the subject of a motion to strike and that no further response is therefore

17  required at this time.

18   21.    Answering paragraph 31 of the Complaint, Mattel states that the

19  allegations set forth therein are the subject of a motion to strike and that no further

20  response is therefore required at this time.

21   22.    Answering paragraph 32 of the Complaint, Mattel denies the

22  truth of the allegations set forth therein.

23   23.    Answering paragraph 33 of the Complaint, Mattel denies the

24  truth of the allegations set forth therein.

25   24.    Answering paragraph 34 of the Complaint, Mattel states that it

26  has released various MY SCENE dolls, including MY SCENE dolls named

27  "Madison", "Chelsea" and "Barbie," states that the appearance of the Bratz and MY

28  SCENE dolls speak for themselves, denies that Mattel designed its MY SCENE

EXHIBIT __6__
PAGE __61__    -8-

J9/2035941.2

AMENDED ANSWER AND COUNTERCLAIMS

1   dolls to "evoke" or resemble the alleged "look" of "Bratz" dolls, denies that plaintiff

2   has protectible rights, states that MGA has made conflicting representations that are

3   at odds with the allegations of the Complaint and that it is therefore without

4   knowledge or information sufficient to form a belief as to the truth or falsity of the

5   allegations regarding the "launch" of Bratz dolls set forth therein and, on that basis,

6   denies them, and denies the truth of the remaining allegations set forth therein.  By

7   way of further answer, Mattel states that the photographs and their accompanying

8   captions on page 10 of the Complaint are misleading and false to the extent they are

9   intended to suggest that a particular Mattel doll has been changed over time as

10  purportedly depicted.  Among other things, Mattel has long designed and sold an

11  array of different BARBIE line dolls using different doll heads, and the photographs

12  encaptioned "Mattel's Traditional 'Barbie'" is one of the doll heads that has been

13  used, and continues to be used, as part of the BARBIE line.  In addition, the

14  photographs encaptioned MY SCENE doll "circa 2002" is, in fact, a Mattel doll

15  character called BARBIE that continues to be sold and/or marketed with that head,

16  and the photographs encaptioned MY SCENE doll "circa 2004" depict a MY

17  SCENE doll character separate and apart from the one depicted in the "circa 2002"

18  image (and is not a revised character as plaintiff apparently attempts to imply).

19          25.     Answering paragraph 35 of the Complaint, Mattel admits that

20  Mattel released a product line called FLAVAS, states that the appearance of the

21  FLAVAS dolls speaks for themselves, states that it is without knowledge or

22  information sufficient to form a belief as to the truth or falsity of the allegations

23  regarding the  "rumor" relied upon by plaintiff and the undefined "media"

24  purportedly quoting Isaac Larian and, on that basis, denies them, denies that Mattel

25  has abandoned the FLAVAS line, and denies the truth of the remaining allegations

26  set forth in paragraph 35.

27          26.     Answering paragraph 36 of the Complaint, Mattel denies the

28  truth of the allegations set forth therein.

EXHIBIT __6__

PAGE __62__

7209/2035941.2

-9-

AMENDED ANSWER AND COUNTERCLAIMS

27.     Answering paragraph 37 of the Complaint, Mattel denies the truth of the allegations set forth therein.  By way of further answer, Mattel states that the unnumbered photographs and their accompanying captions on pages 11 through 16 of the Complaint -- which apparently were included to purportedly support the allegation that MY SCENE dolls "became 'Bratz,'" which allegation Mattel specifically denies -- are false and misleading.  Among other things, the heads depicted are among an array of different doll heads that Mattel has used, and continues to use, over the course of many years.  Moreover, the images purport to compare different Mattel doll lines to show alleged changes in appearance even though, in fact, each of the heads are currently sold and/or marketed to the public.  The "Blonde" series of photographs encaptioned "original" and "recent" MY SCENE is further and specifically misleading in that it purports to compare two differently named and outfitted dolls in the MY SCENE doll line, both of which continue to be sold and/or marketed.

28.     Answering paragraph 38 of the Complaint, Mattel states that the phrase "the 'BRATZ' eye" is unintelligible, denies that MGA has rights therein, denies that MGA was the originator of or the first to use the eye shape or makeup depicted as purportedly constituting "the 'BRATZ' eye," denies that Mattel has copied the "the 'BRATZ' eye" and denies the truth of the remaining allegations contained in paragraph 38.  By way of further answer, Mattel states that the unnumbered photographs and accompanying caption on page 13 of the Complaint are false and misleading.  Among other things, the purported "Original Mattel 'My Scene' Eye" is one of the eye and makeup designs that Mattel has used over the course of many years, and Mattel continues to sell and/or market dolls using the eye and makeup design depicted therein.

29.     Answering paragraph 39 of the Complaint, Mattel states that the phrase "the 'BRATZ' eye" is unintelligible, denies that MGA has rights therein, denies that MGA was the originator of or the first to use the eye shape or makeup

1  purportedly described as constituting "the 'BRATZ' eye," denies that Mattel has

2  copied the "the 'BRATZ' eye," states that the relevant dolls speak for themselves

3  and denies the truth of the remaining allegations contained in paragraph 38. By way

4  of further answer, Mattel states that the unnumbered photographs and accompanying

5  captions on page 14 of the Complaint are false and misleading. Among other things,

6  the purported "New Mattel 'My Scene' Eye" is one of the eye and makeup designs

7  that Mattel has used over the course of many years, and Mattel continues to sell

8  and/or market dolls using the eye and makeup design depicted on page 14 of the

9  Complaint.

10          30.   Answering paragraph 40 of the Complaint, Mattel denies the

11  truth of the allegations therein. By way of further answer, Mattel states that the

12  unnumbered photographs and their accompanying captions on pages 15 to 16 are

13  false and misleading. Among other things, the heads depicted are among an array of

14  different doll heads that Mattel has used, and continues to use, over the course of

15  many years. Moreover, the photographs purport to compare different Mattel doll

16  lines to show alleged changes in appearance even though, in fact, each of the heads

17  are currently sold and/or marketed to the public. The "Blonde" series of

18  photographs encaptioned "original" and "recent" MY SCENE is further and

19  specifically misleading in that it purports to compare two differently named and

20  outfitted dolls in the MY SCENE doll line, both of which continue to be sold and/or

21  marketed.

22          31.   Answering paragraph 41 of the Complaint, Mattel denies the

23  truth of the allegations set forth therein.

24          32.   Answering paragraph 42 of the Complaint, Mattel admits that the

25  photographs purport to depict two packages that were, among others, part of the MY

26  SCENE line, state that the packages speak for themselves and denies the truth of any

27  remaining allegations set forth therein.

28

EXHIBIT 6
PAGE 64

-11-

AMENDED ANSWER AND COUNTERCLAIMS

1    33.    Answering paragraph 43 of the Complaint, Mattel admits that the

2  photograph purports to depict one of the packages that were, among others, part of

3  the MY SCENE line, states that the parties' packages speak for themselves, states

4  that MGA has failed to establish that it originated, or has protectible rights in, an

5  "open and transparent style" for packaging and denies the truth of the remaining

6  allegations set forth therein.

7    34.    Answering paragraph 44 of the Complaint, Mattel admits that

8  one photograph purports to depict one of the packages that were, among others, part

9  of the MY SCENE line, admits that the other photograph purports to depict one of

10  the packages that were, among others, used as part of the Bratz line, states that the

11  parties' packages speak for themselves, denies that MGA originated, or has

12  protectible rights in, "the 'BRATZ' packaging" or in the packaging depicted in the

13  Complaint and denies the truth of any remaining allegations set forth therein.

14    35.    Answering paragraph 45 of the Complaint, Mattel admits that

15  one photograph purports to depict one of the packages that were, among others, part

16  of the MY SCENE line, admits that the other photograph purports to depict one of

17  the packages that were, among others, used as part of the Bratz line, states that the

18  parties' packages speak for themselves, denies that MGA originated, or has

19  protectible rights in, the packaging depicted in the Complaint and denies the truth of

20  any remaining allegations set forth therein.

21    36.    Answering paragraph 46 of the Complaint, Mattel states that it

22  has utilized a wide variety of packaging styles and shapes over the years, states that

23  the relevant packaging speaks for itself, states that MGA lacks protectible rights in

24  "non-rectangular shaped box" packaging or in the other elements MGA claims in

25  paragraph 46, and denies the truth of the remaining allegations set forth therein.

26    37.    Answering paragraph 47 of the Complaint, Mattel denies that

27  any alleged "theme" is "MGA's theme," denies that MGA originated or has rights to

28  any theme and denies the truth of the remaining allegations set forth therein.

EXHIBIT _\\_

PAGE _\\9_        -12-

AMENDED ANSWER AND COUNTERCLAIMS

1      38.   Answering paragraph 48 of the Complaint, Mattel admits that it

2   released a doll called "Chillin Out!", states that it has released such themed dolls

3   over the course of many years, admits MGA released a "Wintertime Wonderland"

4   themed doll, denies that MGA originated or has rights to such theme, states that the

5   relevant products speak for themselves and denies the truth of the remaining

6   allegations set forth therein.

7      39.   Answering paragraph 49 of the Complaint, Mattel admits that it

8   released a doll called "Night on the Town", states that it has released such themed

9   dolls over the course of many years, admits MGA released a "Formal Funk" themed

10  doll, denies that MGA originated or has rights to such theme, states that the relevant

11  products speak for themselves and denies the truth of the remaining allegations set

12  forth therein.

13     40.   Answering paragraph 50 of the Complaint, Mattel admits that it

14  released a doll called "Jammin' in Jamaica" and a playset called "Guava Gulch Tiki

15  Lounge", states that it has released such themed dolls and products over the course

16  of many years, admits that MGA released a "Sun-Kissed Summer" themed doll and

17  playset, denies that MGA originated or has rights to such theme, states that the

18  relevant products speak for themselves and denies the truth of the remaining

19  allegations set forth therein.

20     41.   Answering paragraph 51 of the Complaint, Mattel admits that it

21  has aired television commercials for its MY SCENE line, states that such

22  commercials speak for themselves, denies the truth of the remaining allegations set

23  forth therein and specifically denies that MGA was the originator of or has rights to

24  commercials "combining live action with animated sequences" set to "pop music

25  and lyrics".

26     42.   Answering paragraph 52 of the Complaint, Mattel denies the

27  truth of the allegations set forth therein.

28

EXHIBIT ⎯
PAGE ⎯

AMENDED ANSWER AND COUNTERCLAIMS

43.    Answering paragraph 53 of the Complaint, Mattel admits that it
released a MY SCENE "Sound Lounge", admits that MGA released a product called
"Runway Disco", states that the relevant products speak for themselves, denies that
it "imitated MGA's trapezoidal box," denies that MGA has rights thereto, and
denies the truth of the remaining allegations set forth therein.

44.    Answering paragraph 54 of the Complaint, Mattel denies the
truth of the allegations set forth therein.

45.    Answering paragraph 55 of the Complaint, Mattel admits that,
among the styling heads it has produced and sold over the course of many years, it
released a MY SCENE styling head, admits that MGA released a styling head called
"Funky Fashion Makeover Head", states that the relevant products speak for
themselves, denies that MGA has protectible rights and denies the truth of the
remaining allegations set forth in paragraph 55.

46.    Answering paragraph 56 of the Complaint, Mattel is without
knowledge or information sufficient to form a belief as to the truth or falsity of the
allegations set forth therein because plaintiff fails to identify the alleged instances of
confusion, including the source of the unidentified picture titled "Hairstyle practice",
and on that basis, denies them, and denies the truth of any remaining allegations set
forth in paragraph 56.

47.    Answering paragraph 57 of the Complaint, Mattel admits that it
has aired television commercials for its MY SCENE line, states that such
commercials speak for themselves and denies the truth of the remaining allegations
set forth therein.

48.    Answering paragraph 58 of the Complaint, Mattel admits that
MGA has used the line "The Girls With a Passion for Fashion" in some contexts,
denies that MGA originated that phrase or otherwise has rights to it, states that
Mattel's web site speaks for itself and denies the truth of the remaining allegations
set forth therein.

EXHIBIT _6_
PAGE _67_

AMENDED ANSWER AND COUNTERCLAIMS

19/2035941.2

1    49.    Answering paragraph 59 of the Complaint, Mattel admits that,

2  among the plush products that it has produced and sold over the course of many

3  years, it has released plush dogs as part of its MY SCENE "Miami Getaway"

4  themed product line, states that Mattel has for many years sold plush pets of the type

5  used with its MY SCENE dog, admits that MGA has released various Bratz pets,

6  states that MGA was not the originator of and has no rights to the features and other

7  elements described therein, states that the relevant products speak for themselves

8  and denies the truth of the remaining allegations set forth therein.

9    50.    Answering paragraph 60 of the Complaint, Mattel admits that,

10  among the plush toys that it has release over the course of many years, its MY

11  SCENE dog has been sold in packaging depicted (in part) on page 22 of the

12  Complaint, states that Mattel has for many years sold plush pets and other plush

13  products in packaging of the type used with its MY SCENE dog, admits that MGA

14  has released a "Bratz" dog, states that MGA was not the originator of and has no

15  rights to the packaging described therein, states that the relevant packages speak for

16  themselves and denies the truth of the remaining allegations set forth therein.

17    51.    Answering paragraph 61 of the Complaint, Mattel denies that it

18  has intended to cause any consumer confusion and states that it is without

19  knowledge or information sufficient to form a belief as to the truth or falsity of the

20  allegations set forth therein concerning unnamed retailers, customers and others

21  because plaintiff fails to identify any source for the matters alleged and, on that

22  basis, denies them and denies the truth of any remaining allegations set forth therein.

23    52.    Answering paragraph 62 of the Complaint, Mattel denies that it

24  has intended to cause any confusion and states that it is without knowledge or

25  information sufficient to form a belief as to the truth or falsity of the allegations set

26  forth therein concerning alleged comments and conversations because plaintiff fails

27  to identify any source for the alleged comments and conversations and, on that

28

EXHIBIT 4

PAGE 68

9/2035941.2

-15-

AMENDED ANSWER AND COUNTERCLAIMS

1  basis, denies them, and denies the truth of any remaining allegations set forth

2  therein.

3          53.     Answering paragraph 63 of the Complaint, Mattel denies that it

4  has intended to cause any confusion and states that it is without knowledge or

5  information sufficient to form a belief as to the truth or falsity of the allegations set

6  forth therein because plaintiff fails to identify any source for the alleged comments

7  and conversations and, on that basis, denies them, and denies the truth of any

8  remaining allegations set forth therein.

9          54.     Answering paragraph 64 of the Complaint, Mattel denies that it

10 has intended to cause any confusion and states that it is without knowledge or

11 information sufficient to form a belief as to the truth or falsity of the allegations set

12 forth therein because plaintiff fails to identify any source for the alleged comments

13 and conversations and, on that basis, denies them, and denies the truth of any

14 remaining allegations set forth therein.

15         55.     Answering paragraph 65 of the Complaint, Mattel denies the

16 truth of the allegations set forth therein.

17         56.     Answering paragraph 66 of the Complaint, Mattel admits that it

18 sued a competitor in the German courts for unfair competition for copying various

19 Mattel BARBIE line products, states that such claims exclusively arose under and

20 were the subject of German law, and denies the truth of the remaining allegations set

21 forth therein.

22         57.     Answering paragraph 67 of the Complaint, Mattel denies the

23 truth of the allegations set forth therein.

24         58.     Answering paragraph 68 of the Complaint, Mattel admits that it

25 has released dolls called "Wee 3 Friends," admits that MGA has released dolls

26 called "4-Ever Best Friends," states that the relevant products speak for themselves,

27 denies that MGA's packaging is distinctive, denies that MGA has protectible rights

28 thereto and denies the truth of the remaining allegations set forth in paragraph 68.

EXHIBIT __6__

PAGE __69__                    -16-

AMENDED ANSWER AND COUNTERCLAIMS

1        59.    Answering paragraph 69 of the Complaint, Mattel admits that its
2    Fisher Price division has released, among other dolls called "Little Mommy," the
3    "Little Mommy Potty Training Baby Doll," admits that MGA has released a
4    "Mommy's Little Patient" doll and denies the truth of the remaining allegations set
5    forth therein.
6        60.    Answering paragraph 70 of the Complaint, Mattel admits that it
7    has released die-cast cars and other products called "Acceleracers" as part of its
8    HOT WHEELS line,  admits that MGA has released products called "AlienRacers,"
9    denies that MGA was the originator of or has rights to the elements and matters
10   described in paragraph 70, states that the relevant products speak for themselves and
11   denies the truth of the remaining allegations set forth therein.
12       61.    Answering paragraph 71 of the Complaint, Mattel admits that it
13   has aired commercials relating to "Acceleracers," states that such commercials
14   speak for themselves, denies the truth of the remaining allegations set forth therein
15   and specifically denies that MGA originated or has rights to commercials and other
16   matters described therein.
17       62.    Answering paragraph 72 of the Complaint, Mattel states that its
18   web site speaks for itself, denies the truth of the remaining allegations contained in
19   paragraph 72 and specifically denies that Mattel intended to create confusion in the
20   marketplace.
21       63.    Answering paragraph 73 of the Complaint, Mattel denies the
22   truth of the allegations set forth therein.
23       64.    Answering paragraph 74 of the Complaint, Mattel denies the
24   truth of the allegations set forth therein.
25       65.    Answering paragraph 75 of the Complaint, Mattel states that it
26   has brought a motion under Federal Rule of Civil Procedure 12 against the
27   allegations set forth therein and that no further response is therefore required at this
28   time.

EXHIBIT **4**
PAGE **10**

19/2035941.2

-17-

AMENDED ANSWER AND COUNTERCLAIMS

66.     Answering paragraph 76 of the Complaint, Mattel states that MGA cannot establish subject matter jurisdiction regarding extra-territorial acts, including such acts that are lawful in foreign nations, and denies the truth of allegations set forth therein.

67.     Answering paragraph 77 of the Complaint, Mattel states that MGA cannot establish subject matter jurisdiction regarding extra-territorial acts, including such acts that are lawful in foreign nations, and denies the truth of the allegations set forth therein.

68.     Answering paragraph 78 of the Complaint, Mattel states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding MGA's claimed "shortage of doll hair" and, on that basis, denies them and denies the truth of the remaining allegations set forth therein.

69.     Answering paragraph 79 of the Complaint, Mattel states that MGA cannot establish subject matter jurisdiction regarding extra-territorial acts, including such acts that are lawful in foreign nations, and denies the truth of allegations set forth therein.

70.     Answering paragraph 80 of the Complaint, Mattel denies the truth of the allegations set forth therein.

71.     Answering paragraph 81 of the Complaint, Mattel admits that NPD Funworld ("NPD") supplies sales statistics in *inter alia* the toy, PC games and video games industries, admits that to Mattel's knowledge NPD restricts the use of its subscriber information, states that MGA was sued by NPD and states that it is without it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the need of unspecified "toy companies" for NPD statistics and, on that basis, denies them and denies the truth of any remaining allegations set forth therein.

72.     Answering paragraph 82 of the Complaint, Mattel denies the truth of the allegations set forth therein.

EXHIBIT 6
PAGE 71

-18-

AMENDED ANSWER AND COUNTERCLAIMS

J9/2035941.2

1    73.    Answering paragraph 83 of the Complaint, Mattel states that it is

2  without knowledge or information sufficient to form a belief as to the truth or falsity

3  of the allegations set forth therein because MGA fails to quantify its annual

4  subscription fees and, on that basis, denies them.

5    74.    Answering paragraph 84 of the Complaint, Mattel states that it is

6  without it is without knowledge or information sufficient to form a belief as to the

7  truth or falsity of the allegations set forth therein and, on that basis, denies them.

8    75.    Answering paragraph 85 of the Complaint, Mattel states that

9  MGA was sued by NPD, states that it is without knowledge or information sufficient

10  to form a belief as to such nature and grounds for such litigation (to which Mattel

11  was not a party) and, on that basis denies the allegations relating thereto, and denies

12  the truth of the remaining allegations set forth therein.

13    76.    Answering paragraph 86 of the Complaint, Mattel denies the

14  truth of the allegations set forth therein.

15    77.    Answering paragraph 87 of the Complaint, Mattel admits that the

16  Children's Advertising Review Unit ("CARU") is the children's arm of the

17  advertising industry's self-regulation program, states that compliance with CARU's

18  Privacy Program can provide FTC-approved Safe Harbor under the Children's

19  Online Privacy Protection Act ("COPPA"), and denies the truth of the remaining

20  allegations set forth therein.

21    78.    Answering paragraph 88 of the Complaint, Mattel admits that it

22  is one of dozens of CARU Supporters and denies the truth of the remaining

23  allegations set forth therein.

24    79.    Answering paragraph 89 of the Complaint, Mattel denies the

25  truth of the allegations set forth therein.

26    80.    Answering paragraph 90 of the Complaint, Mattel states that it is

27  without knowledge or information sufficient to form a belief as to the truth or falsity

28

EXHIBIT 6

PAGE 72

AMENDED ANSWER AND COUNTERCLAIMS

19/2035941.2

1  of the allegations as to the consequences to MGA of MGA's violations of CARU

2  standards and, on that basis, denies them.

3         81.    Answering paragraph 91 of the Complaint, Mattel states that it is

4  without knowledge or information sufficient to form a belief as to the truth or falsity

5  of the allegations as to the consequences to MGA of MGA violation of CARU

6  standards and, on that basis, denies them.

7         82.    Answering paragraph 92 of the Complaint, Mattel admits that the

8  Toy Industry Association, Inc. ("TIA") is a toy industry trade association, admits

9  that at certain times TIA has given awards called the People's Choice Toy of The

10  Year or the Toy of The Year Award, denies that Mattel wrongfully influenced TIA

11  and states that it is without knowledge or information sufficient to form a belief as

12  to the truth or falsity of the remaining allegations set forth therein and, on that basis,

13  denies them.

14        83.    Answering paragraph 93 of the Complaint, Mattel states that the

15  allegations set forth therein are vague and ambiguous, including in that they fail to

16  properly identify the years in which the referenced awards were given and/or the

17  particular product which won such awards, and accordingly lacks knowledge or

18  information sufficient to form a belief as to the truth or falsity of the allegations set

19  forth therein and, on that basis, denies them.

20        84.    Answering paragraph 94 of the Complaint, Mattel admits that

21  Neil Freidman was the chairman of TIA from approximately May 2002 to May

22  2004, states that Fischer Price is a division of Mattel and denies the truth of the

23  remaining allegations set forth therein.

24        85.    Answering paragraph 95 of the Complaint, Mattel admits that

25  Hokey Pokey Elmo won the Toy of the Year Award and denies the truth of the

26  remaining allegations set forth therein.

27

28

EXHIBIT 6
PAGE 78

AMENDED ANSWER AND COUNTERCLAIMS

19/2035941.2

1    86.    Answering paragraph 96 of the Complaint, Mattel states that it is

2  without knowledge or information sufficient to form a belief as to the truth or falsity

3  of the allegations set forth therein and, on that basis, denies them.

4    87.    Answering paragraph 97 of the Complaint, Mattel denies the

5  truth of the allegations set forth therein.

6    88.    Answering paragraph 98 of the Complaint, Mattel denies that it

7  has engaged in wrongful, unlawful, unethical or actionable conduct and states that

8  the remaining allegations set forth therein are the subject of a motion to strike and

9  that therefore no further answer is required at this time.

10    89.    Answering paragraph 99 of the Complaint, Mattel denies the

11  truth of the allegations set forth therein.

12    90.    Answering paragraph 100 of the Complaint, Mattel denies the

13  truth of the allegations set forth therein.

14    91.    Answering paragraph 101 of the Complaint, Mattel repeats its

15  responses contained in paragraphs 1 through 90 of this Answer and incorporates

16  them by reference as though fully and completely set forth herein.

17    92.    Answering paragraph 102 of the Complaint, Mattel denies the

18  truth of the allegations set forth therein and specifically denies that MGA's alleged

19  trade dress is distinctive.

20    93.    Answering paragraph 103 of the Complaint, Mattel denies the

21  truth of the allegations set forth therein and specifically denies that MGA's alleged

22  trade dress is distinctive.

23    94.    Answering paragraph 104 of the Complaint, Mattel denies the

24  truth of the allegations set forth therein.

25    95.    Answering paragraph 105 of the Complaint, Mattel denies the

26  truth of the allegations set forth therein.

27    96.    Answering paragraph 106 of the Complaint, Mattel denies the

28  truth of the allegations set forth therein.

1        97.    Answering paragraph 107 of the Complaint, Mattel denies the

2    truth of the allegations set forth therein.

3        98.    Answering paragraph 108 of the Complaint, Mattel denies the

4    truth of the allegations set forth therein and specifically denies that plaintiff is

5    entitled to injunctive relief.

6        99.    Answering paragraph 109 of the Complaint, Mattel repeats its

7    responses contained in paragraphs 1 through 98 of this Answer and incorporates

8    them by reference as though fully and completely set forth herein.

9        100.   Answering paragraph 110 of the Complaint, Mattel denies the

10   truth of the allegations set forth therein.

11       101.   Answering paragraph 111 of the Complaint, Mattel denies the

12   truth of the allegations set forth therein.

13       102.   Answering paragraph 112 of the Complaint, Mattel denies the

14   truth of the allegations set forth therein.

15       103.   Answering paragraph 113 of the Complaint, Mattel denies the

16   truth of the allegations set forth therein.

17       104.   Answering paragraph 114 of the Complaint, Mattel denies the

18   truth of the allegations set forth therein.

19       105.   Answering paragraph 115 of the Complaint, Mattel denies the

20   truth of the allegations set forth therein.

21       106.   Answering paragraph 116 of the Complaint, Mattel denies the

22   truth of the allegations set forth therein.

23       107.   Answering paragraph 117 of the Complaint, Mattel denies the

24   truth of the allegations set forth therein and specifically denies that plaintiff is

25   entitled to injunctive relief.

26       108.   Answering paragraph 118 of the Complaint, Mattel denies the

27   truth of the allegations set forth therein.

28

EXHIBIT 6
PAGE 15

AMENDED ANSWER AND COUNTERCLAIMS

1     109.   Answering paragraph 119 of the Complaint, Mattel repeats its

2   responses contained in paragraphs 1 through 108 of this Answer and incorporates

3   them by reference as though fully and completely set forth herein.

4     110.   Answering paragraph 120 of the Complaint, Mattel denies the

5   truth of the allegations set forth therein.

6     111.   Answering paragraph 121 of the Complaint, Mattel denies the

7   truth of the allegations set forth therein.

8     112.   Answering paragraph 122 of the Complaint, Mattel denies the

9   truth of the allegations set forth therein.

10     113.   Answering paragraph 123 of the Complaint, Mattel denies the

11   truth of the allegations set forth therein and specifically denies that plaintiff is

12   entitled to injunctive relief.

13     114.   Answering paragraph 124 of the Complaint, Mattel repeats its

14   responses contained in paragraphs 1 through 113 of this Answer and incorporates

15   them by reference as though fully and completely set forth herein.

16     115.   Answering paragraph 125 of the Complaint, Mattel denies the

17   truth of the allegations set forth therein.

18

19                         General Denial

20     Unless specifically admitted herein, Mattel denies the truth of each and

21   every allegation set forth in plaintiff's Complaint and specifically denies that

22   plaintiff is entitled to any relief against Mattel.

23

24                        Affirmative Defenses

25     By alleging the Affirmative Defenses set forth below, Mattel does not

26   agree or concede that it bears the burden of proof or the burden of persuasion on any

27   of these issues, whether in whole or in part.

28

EXHIBIT 6
PAGE 76

AMENDED ANSWER AND COUNTERCLAIMS

!09/2035941.2

### First Affirmative Defense

1    Plaintiff's Complaint fails to state a claim upon which relief can be

granted.

### Second Affirmative Defense

Plaintiff has no valid, enforceable or protectible rights or interest in the
alleged trade dress or other matters asserted, including without limitation in that
plaintiff has failed to establish that its alleged trade dress is distinctive as to plaintiff.

### Third Affirmative Defense

Plaintiff's claims, including without limitation plaintiff's claims based
upon alleged extra-territorial acts, are barred in whole or in part by lack of subject
matter jurisdiction.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by plaintiff's unclean
hands.

### Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part by virtue of Mattel's
prior-creation of the elements and other matters asserted in the Complaint.

### Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in part by its lack of standing.

### Seventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable
statutes of limitation and the doctrine of laches.

EXHIBIT ____
PAGE ____ 77

-24-

AMENDED ANSWER AND COUNTERCLAIMS

39/2035941.2

Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel and acquiescence.

Ninth Affirmative Defense

Plaintiff's claims are barred in whole or in part by Mattel's constitutional rights of free speech, petitioning and association, including without limitation by the litigation privilege as protected by and/or codified in *inter alia* Section 47(b) of the California Civil Code, the *Noerr-Pennington* doctrine, the common interest privilege and by other privileges.

Tenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by Mattel's federal and state constitutional rights of free speech, including without limitation under the First Amendment of the United States Constitution.

Eleventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by the competitor privilege.

Twelfth Affirmative Defense

Plaintiff's claims are in whole or in part preempted by the Copyright Act and barred by the *Sears-Compco* doctrine.

EXHIBIT __6__
PAGE __78__

-25-

AMENDED ANSWER AND COUNTERCLAIMS

09/2035941.2

Thirteenth Affirmative Defense

Plaintiff's requested relief, including plaintiff's requests for punitive and/or enhanced damages, are barred in whole or in part because all of Mattel's actions were in good faith.

Fourteenth Affirmative Defense

Plaintiff's damages, if any, were not caused by Mattel and are not attributable to the acts or omissions of Mattel.

Fifteenth Affirmative Defense

Plaintiff has failed to mitigate its damages, if any.

Additional Defenses

Mattel has insufficient knowledge or information upon which to form a belief as to whether additional defenses are available.  Mattel reserves the right to amend this Answer to add, delete, or modify additional defenses based on legal theories which may or will be divulged through clarification of the Complaint, through discovery, through change or clarification of the governing law or through further legal analysis of plaintiff's positions in this litigation.

Prayer for Relief

WHEREFORE, Mattel prays for relief as follows:

1.    That the Complaint be dismissed with prejudice;

2.    That plaintiff take nothing by reason of the Complaint against Mattel and that judgment be entered in Mattel's favor;

3.    That Mattel recover its costs and attorneys' fees; and

EXHIBIT 6
PAGE 19

AMENDED ANSWER AND COUNTERCLAIMS

1      4.      That this Court award such other and further relief as it deems

2  just and proper.

3

4                        **COUNTERCLAIMS**

5          Pursuant to the Court's Order of January 12, 2007, and incorporating its

6  [Proposed] Amended Complaint dated November 19, 2006, Mattel, Inc. alleges as

7  follows:

8                        **Preliminary Statement**

9          1.      For years MGA Entertainment, Inc. has engaged in a pattern of

10  stealing and using Mattel, Inc.'s property and trade secrets.  MGA's use of the

11  stolen property and trade secrets caused and continues to cause significant harm to

12  Mattel.  MGA first stole "Bratz," a fashion doll, from Mattel, and then continued

13  stealing Mattel's confidential and proprietary information to fuel MGA's growth.

14          2.      Carter Bryant conceived, created and developed Bratz designs

15  while he was employed by Mattel as a doll designer.  He concealed his Bratz work

16  from Mattel and wrongfully sold Bratz to MGA while he was a Mattel employee.

17  As MGA knows, Mattel owns the Bratz designs that Bryant made.  As the rightful

18  owner of those Bratz designs, Mattel has registered copyrights for them and seeks

19  damages arising from MGA's repeated infringement of those copyrights.

20          3.      Emboldened by the success of its illegal conduct, MGA has

21  repeated—and even expanded—its pattern of theft on numerous occasions.  For

22  example, in or about 2004, MGA decided to expand into Mexico.  To do so, and

23  operating from its Southern California offices, MGA hired away three key Mattel

24  employees in Mexico, who, on their way out, stole virtually every category of

25  Mattel's sensitive and trade secret business plans and information for the Mexican

26  market, as well as a significant quantity of sensitive and trade secret information

27  for Mattel's U.S. and worldwide businesses, and took them to MGA.  Armed with

28

EXHIBIT 6

PAGE 80

AMENDED ANSWER AND COUNTERCLAIMS

1    Mattel's confidential business plans and methods, MGA claimed to have increased

2    its market share in Mexico alone by 90% in a single year.

3            4.      In 2005, MGA needed help in Canada.  So MGA, again

4    operating from its Southern California headquarters, hired Janine Brisbois from

5    Mattel.  At that time, Ms. Brisbois was responsible for Mattel's account with Toys

6    'R Us ("TRU") and Wal-Mart.  MGA gave her responsibility for those same

7    accounts, and she took from Mattel documents containing proprietary advertising,

8    project, sales, customer and strategy information for not only Canada, but for the

9    United States.  Eliminating any doubt that MGA then proceeded to use those stolen

10   materials, Brisbois subsequently accessed and modified certain of those Mattel

11   documents while employed by MGA.

12           5.      These are not the only instances of such misconduct, which

13   MGA orchestrated and carried out from its headquarters in this District.  Counter-

14   defendants have engaged in an ongoing, widespread pattern of illegal acts,

15   consisting of inducing Mattel employees to steal Mattel's confidential information

16   or other property and take it with them to MGA to further MGA's business interests

17   and to harm Mattel.

18                                        **Jurisdiction**

19           6.      This Court has federal question jurisdiction over this action

20   pursuant to 28 U.S.C. §§ 1331, 17 U.S.C. §§ 101 *et seq.*, and 18 U.S.C. § 1964(c).

21   This Court has supplemental jurisdiction over Mattel's state law claims pursuant to

22   28 U.S.C. § 1367.

23                                           **Venue**

24           7.      Venue is proper in this District pursuant to 28 U.S.C.

25   §§ 1391(b)-(d), 1391(f) and 1400(a) and 18 U.S.C. § 1965.

26

27

28

EXHIBIT 6

PAGE 81

AMENDED ANSWER AND COUNTERCLAIMS

/209/2035941.2

**Parties**

8.   Mattel is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in El Segundo, California.

9.   Counter-defendant MGA Entertainment, Inc. ("MGA") is a corporation organized and existing under the laws of the State of California, with its principal place of business in Van Nuys, California.  Mattel is informed and believes, and on that basis alleges, that ABC International Traders, Inc. is a predecessor corporation to MGA and that until September 16, 2002, MGA was incorporated and known as ABC International Traders, Inc.  Upon the filing of the Complaint, Mattel, being ignorant of the nature, extent and scope of MGA Entertainment, Inc.'s involvement and complicity in the conduct alleged therein and having designated MGA Entertainment, Inc. in the Complaint as Doe 1 and having discovered its involvement and complicity, Mattel hereby amends its Complaint by substituting MGA Entertainment, Inc. for the fictitious Doe name Doe 1.

10.   Counter-defendant Carter Bryant ("Bryant") is an individual who formerly was employed by Mattel and has worked for and continues to work as a contactor for MGA.  Mr. Bryant currently resides in the State of Missouri.

11.   Counter-defendant MGA Entertainment (HK) Limited is a business entity organized and existing under the laws of the Hong Kong Special Administrative Region, with its principal place of business in Hong Kong.  Upon the filing of the Complaint, Mattel, being ignorant of the nature, extent and scope of involvement and complicity of MGA Entertainment (HK) Limited in the conduct alleged therein and having designated MGA Entertainment (HK) Limited in the Complaint as Doe 2 and having discovered its involvement and complicity, Mattel hereby amends its Complaint by substituting MGA Entertainment (HK) Limited for the fictitious Doe name Doe 2.

EXHIBIT 6
PAGE 82

J9/2035941.2

AMENDED ANSWER AND COUNTERCLAIMS

12.    Counter-defendant MGAE de Mexico, S.R.L. de C.V. ("MGA de Mexico") is a business entity organized and existing under the laws of Mexico, with its principal place of business in Mexico City, Mexico.

13.    Mattel is informed and believes, and on that basis alleges, that Counter-defendant Larian is the President and CEO of MGA and an individual residing in the County of Los Angeles.   Upon the filing of the Complaint, Mattel, being ignorant of the nature, extent and scope of involvement and complicity of Larian in the conduct alleged therein and having designated Larian in the Complaint as Doe 3 and having discovered his involvement and complicity, Mattel hereby amends its Complaint by substituting Larian for the fictitious Doe name Doe 3.

14.    Counter-defendant Carlos Gustavo Machado Gomez is an individual who is employed by Counter-defendant MGA and who, on information and belief, currently resides in the County of Los Angeles.

15.    The true names and capacities of Counter-defendants sued herein as DOES 4 through 10, inclusive, are unknown to Mattel, which therefore sues said Counter-defendants by such fictitious names.  Mattel will amend its pleadings to allege their true names and capacities when the same are ascertained.

### Factual Background

### I.    MATTEL

16.    Mattel manufactures and markets toys, games, dolls and other consumer products.  Harold Mattson and Eliot and Ruth Handler founded Mattel in 1945.  The name of the company was created by incorporating the names of two of its founders, "MATT-son" and "EL-liot."  Originating from the Handlers' garage in Southern California, the company greatly expanded its operations following World War II.  During the next several decades, Mattel became famous for producing high-quality products at reasonable prices.

EXHIBIT __6__
PAGE __83__

09/20035941.2

AMENDED ANSWER AND COUNTERCLAIMS

17.   Critical to Mattel's success is its ability to design and develop new products.  Mattel invests millions of dollars in product design and development and introduces hundreds of new products each year.  Mattel maintains a 180,000 square-foot design center in El Segundo, California, that houses hundreds of designers, sculptors, painters and other artists, who work exclusively to create the products on which Mattel's business depends.

18.   Mattel also has invested substantial amounts over many years to develop its business methods and practices, including, without limitation, its marketing and advertising research, plans, methods and processes; its business research and forecasts; its costs, budgets, pricing, credit terms, deal terms and finances; its manufacturing, distribution, and sales methods and processes; and its inventory methods and processes.  These represent a material part of the intellectual infrastructure of Mattel and are highly valuable.

## II.   MGA ENTERTAINMENT

19.   MGA is also a toy manufacturer.  MGA began as a consumer electronics business, but expanded into the toy business with licenses to sell handheld electronic games.  By approximately late 1999 or early 2000, MGA developed a strategy to expand its business and compete directly with Mattel by launching a fashion doll line, so it stole a fashion doll that was owned by Mattel – "Bratz."

20.   MGA intentionally stole not just specific Mattel property, such as Bratz designs, prototypes and related materials, but also a vast array of trade secrets and other confidential information that comprise Mattel's intellectual infrastructure.  MGA's rapid growth was not organic, but rather was based upon its theft of Bratz.  As a result, MGA lacked an appropriate intellectual infrastructure for a company of its size and it became increasingly difficult to manage.  To deal with these problems, as detailed below, time and time again MGA simply stole Mattel's proprietary business methods, practices and information.  This not only

EXHIBIT ___6___

PAGE ___84___

-31-

AMENDED ANSWER AND COUNTERCLAIMS

9/2035941.2

allowed MGA to avoid expending time, money and effort necessary to build a legitimate business, but also allowed MGA to unfairly compete against Mattel by taking Mattel's playbook.

### III.  MGA STEALS A NEW LINE OF FASHION DOLLS FROM MATTEL

21.   Carter Bryant is a former Mattel employee.  Bryant joined Mattel in September 1995, where he worked in Mattel's Design Center as a BARBIE product designer.  In or about April 1998, Bryant resigned his position with Mattel and moved to Missouri to live with his parents.  Late in 1998, Bryant applied to Mattel to be rehired.  On January 4, 1999, he began working at Mattel in Mattel's Design Center, again as a product designer, for Mattel's BARBIE collectibles line.

22.   Upon his return to Mattel in January 1999, Bryant executed an Employee Confidential Information and Inventions Agreement (the "Employment Agreement"), a true and correct copy of which is attached hereto as Exhibit A.

23.   Pursuant to his Employment Agreement and as a condition of and in consideration for his employment, Bryant agreed, among other things, that he held a position of trust with Mattel, that the designs and inventions he created during his Mattel employment (with certain exceptions not relevant here) were owned by Mattel, and that he would be loyal to the company by agreeing not to assist or work for any competitor of Mattel while he was employed by Mattel.

24.   On January 4, 1999, Bryant also executed Mattel's Conflict of Interest Questionnaire (the "Conflict Questionnaire").  Among other things, Bryant certified in the Conflict Questionnaire that, other than as disclosed, he had not worked for any competitor of Mattel in the prior twelve months and had not engaged in any business venture or transaction involving a Mattel competitor that could be construed as a conflict of interest.  Bryant understood what the Conflict Questionnaire required because, among other things, he disclosed on it the freelance work he had performed while in Missouri for Ashton-Drake, which is

EXHIBIT 6
PAGE 85

-32-

AMENDED ANSWER AND COUNTERCLAIMS

:09/2035941.2

1   unrelated to the conduct alleged herein.  A true and correct copy of the Conflict

2   Questionnaire executed by Bryant is attached hereto as Exhibit B.

3          25.   Pursuant to the Conflict Questionnaire, Bryant also agreed that

4   he would immediately notify his supervisor of any change in his situation that

5   would cause him to change any of the foregoing certifications.  Despite this

6   obligation, at no time did Bryant disclose to Mattel that he was engaging in any

7   business venture or transaction with MGA or any other Mattel competitor.

8          26.   More specifically, while Bryant was employed by Mattel, Bryant

9   and other Counter-defendants misappropriated and misused Mattel property and

10  Mattel resources for the benefit of Bryant and MGA.  Such acts included, but are

11  not limited to, the following:

12          a.    using his exposure to Mattel development programs to

13  create the concept, design and name of Bratz;

14          b.    using Mattel resources, and while employed by Mattel,

15  Bryant worked by himself and with other Mattel employees and contractors to

16  design and develop Bratz, including without limitation by creating drawings and

17  three-dimensional models of Bratz dolls, and fashion designs for the dolls'

18  associated clothing and accessories; and

19          c.    using Mattel resources, and while employed by Mattel,

20  Bryant took steps to assist MGA to produce Bratz dolls.

21          27.   During the time that he was employed by Mattel and thereafter,

22  Bryant concealed these actions from Mattel, including by failing to notify his

23  supervisor of the conflict of interest he created when he began working on MGA's

24  behalf and when he began receiving payments from MGA.  Bryant additionally

25  enlisted other Mattel employees to perform work on Bratz during the time he was

26  employed by Mattel and, by all indications, in at least some cases led them to

27  believe that they were performing work on a project for Mattel.

28

EXHIBIT **6**

PAGE **86**

AMENDED ANSWER AND COUNTERCLAIMS

28.   Bryant also made affirmative misrepresentations to Mattel management and employees immediately before his departure from Mattel on October 20, 2000.  For example, during his last few weeks at Mattel, Bryant told his co-workers and supervisors that he was going to leave Mattel for "non-competitive" pursuits.  Bryant's representations to his supervisors and his co-workers were false.  Bryant knew at the time that those representations were false and made those false statements to conceal from Mattel the fact that he was already working with MGA and that he had contracted with MGA to assign Bratz works to MGA and to provide design and development services to MGA, a Mattel competitor.

29.   As a result of the efforts of Bryant and other Mattel employees working on Bratz (which were done without Mattel's knowledge), the Bratz dolls had been designed and were far along in development during the time that Bryant was employed by Mattel and prior to the time that Bryant left Mattel on October 20, 2000.  Not only did Bryant create and develop designs for the dolls as well as other aspects of the products such as their fashion accessories during the time he was employed by Mattel, but MGA showed Bratz prototypes and/or product to both focus groups and retailers in November 2000, less than three weeks after Bryant left Mattel.  Bryant, Larian and others at MGA arranged these meetings while Bryant was still employed by Mattel.

30.   Bryant and MGA employees also repeatedly and continuously communicated with employees of MGA Entertainment (HK) Limited on subjects such as design and manufacturing of Bratz.  On information and belief, at all material times, MGA Entertainment (HK) Limited has maintained regular and continuous contacts with persons in the County of Los Angeles; it regularly has shipped products that it manufactures, or that are manufactured for it, to the County of Los Angeles; and such products have been distributed to retailers and sold to consumers in the County of Los Angeles.

EXHIBIT  6
PAGE  81

-34-

AMENDED ANSWER AND COUNTERCLAIMS

209/2035941.2

31.   Bratz also were shown to retailers at the Hong Kong Toy Fair in January 2001.  By early 2001, only a few months after Bryant resigned from Mattel, MGA began having the Bratz fashion doll line and accessories manufactured and then, shortly thereafter, began selling them at retail.

32.   Since 2001, MGA has distributed and sold Bratz and Bratz-related products throughout the world.  Mattel is informed and believes that MGA also licenses Bratz to third parties.  Mattel is also informed and believes that MGA derives annual revenue from its sales and licenses of Bratz in excess of $500 million.  Mattel is further informed and believes that MGA and Bryant claim current ownership of Bratz, and all copyrights and copyright registrations attendant thereto.  MGA continues to market, sell and license Bratz and has expressed an intention to continue to do so.

33.   Mattel is informed and believes that MGA and Larian encouraged, aided and financed Bryant to develop Bratz, knowing full well that Bryant was still employed by Mattel at the time and that by performing such work, including design-related work, for his own benefit and/or the benefit of MGA, Bryant would be, and was, in breach of his contractual, statutory and common law duties to Mattel.  Mattel is also informed and believes that MGA proceeded to aid and encourage Bryant to develop Bratz with the goal of obtaining a valuable fashion doll line that would be commercially successful in the competitive, multi-billion dollar market for fashion dolls.

34.   Pursuant to Bryant's contract with Mattel, among other things, Mattel is the true owner of Bratz designs and works, including those specifically that were conceived, created or reduced to practice during Bryant's Mattel employment as well as all designs and works that are or have been derived therefrom.  Counter-defendants' continued use, sale, distribution and licensing of Bratz thus infringes upon Mattel's rights, injures Mattel and unlawfully enriches the Counter-defendants.

EXHIBIT 6
PAGE 88

-35-

AMENDED ANSWER AND COUNTERCLAIMS

35.   Bryant and MGA deliberately and intentionally concealed facts sufficient for Mattel to suspect or to know that it was the true owner of Bratz. Their acts of concealment include, but are not limited to, concealing the fact that Bryant conceived, created, designed and developed Bratz while employed by Mattel, including by tampering with and defacing documents which showed that, in fact, Bryant was a Mattel employee while he was working for and with MGA; concealing the fact that Bryant worked with and assisted MGA during the time Bryant was employed by Mattel and was compensated for that assistance; concealing that Bryant was providing consulting services to MGA; concealing Bryant's role in Bratz by falsely claiming that Larian and others were the creators of Bratz; and concealing the fact that Mattel was the true owner of Bratz by, among other things, filing fraudulent registrations and/or amendments to registrations with the United States Copyright Office claiming MGA as the author of Bratz as a work for hire and altering relevant dates on such documents to further obscure the true facts of when the works were created.

36.   Because of Bryant's and MGA's acts of concealment and Bryant's misrepresentations to Mattel, Mattel had no reason to suspect that Bryant had worked with MGA, or assisted MGA, while he still employed by Mattel until approximately November 24, 2003, when Mattel received, through an unrelated legal action, a copy of Bryant's agreement with MGA which showed that the date of Bryant's agreement with MGA predated Bryant's departure from Mattel.  It was then, as a result, that Mattel learned for the first time that Bryant had secretly aided, assisted and worked for and with MGA while employed at Mattel and in violation of his Mattel Employment Agreement.  Specifically, Bryant's agreement with MGA obligated Bryant to provide product design services to MGA on a "top priority" basis.  Bryant's agreement with MGA also provided that Bryant would receive royalties and other consideration for sales of products on which Bryant provided aid or assistance; that all works and services furnished by Bryant under

EXHIBIT ___

AMENDED ANSWER AND COUNTERCLAIMS

1    the agreement, including those he purportedly provided while still a Mattel

2    employee, purportedly would be considered "works for hire" of MGA; and that all

3    intellectual property rights to preexisting works by Bryant, including Bratz designs,

4    purportedly were assigned to MGA.

5    **IV.   MGA STEALS MATTEL TRADE SECRETS IN MEXICO**

6                    37.   On information and belief, in or about late 2003 or early 2004,

7    MGA decided to open business operations in Mexico. Faced with the difficult task

8    of developing an overall strategy for expanding into a market in which it had only a

9    nominal presence and no operations, MGA elected to steal Mattel's plans, strategy

10   and business information for the Mexican market and materials related to Mattel's

11   worldwide business strategies. As detailed below, MGA and Larian approached

12   three employees of Mattel's Mexican subsidiary ("Mattel Mexico"), enticed them to

13   steal Mattel's most sensitive business planning materials, and then hired them to

14   assist in establishing and running MGA's new Mexican subsidiary.

15           **A.     MGA Hires Three Senior Mattel Employees in Mexico**

16                    38.   Carlos Gustavo Machado Gomez ("Machado") was the Senior

17   Marketing Manager, Boys Division, for Mattel Mexico, a position of trust and

18   confidence. He was employed at Mattel Mexico from April 1, 1997 until April 19,

19   2004. His duties included short, medium and long-term marketing planning,

20   generating product sales projections, and assisting in creation of the media plan. In

21   his position, Machado had access to highly confidential and sensitive marketing

22   and product development information. Machado had an employment agreement

23   with Mattel in which he agreed to maintain the confidentiality of Mattel's protected

24   information. Mattel's policies also required Machado to protect Mattel's

25   proprietary information and not to disclose it to competitors.

26                    39.   Mariana Trueba Almada ("Trueba") was the Senior Marketing

27   Manager, Girls Division, for Mattel Mexico, a position of trust and confidence.

28   She was employed at Mattel Mexico from November 3, 1997 until April 19, 2004.

EXHIBIT __4__
PAGE __90__                           -37-
09/2035941.2                                              AMENDED ANSWER AND COUNTERCLAIMS

1    Like Machado, her duties included short, medium and long-term marketing

2    planning, generating product sales projections, and assisting in creation of the

3    media plan.  In her position, Trueba had access to highly confidential and sensitive

4    marketing and product development information.  Trueba had an employment

5    agreement with Mattel in which she agreed to maintain the confidentiality of

6    Mattel's protected information.  Mattel's policies also required Trueba to protect

7    Mattel's proprietary information and not to disclose it to competitors.

8         40.    Pablo Vargas San Jose ("Vargas") was a Senior Trade Marketing

9    Manager with Mattel Mexico, a position of trust and confidence.  He was employed

10   at Mattel Mexico from March 29, 2001 until April 19, 2004.  Vargas was

11   responsible for ensuring that point-of-sale promotions were carried out, analyzing

12   the results of such promotions, negotiating promotion budgets, and generally

13   managing promotional activities.  Vargas also had access to highly confidential and

14   sensitive marketing and product development information.  Vargas had an

15   employment agreement with Mattel in which he agreed to maintain the

16   confidentiality of Mattel's protected information.  Mattel's policies also required

17   Vargas to protect Mattel's proprietary information and not to disclose it to

18   competitors.

19        41.    Beginning in late 2003 or early 2004, Machado, Trueba and

20   Vargas began planning to leave Mattel Mexico to join MGA.  In connection with

21   that plan, and with the encouragement of Larian and other MGA officers operating

22   in the United States, they began accessing, copying and collecting proprietary

23   Mattel documents to take with them.  On April 19, 2004, Machado, Trueba and

24   Vargas each resigned their positions with Mattel, effective immediately.  They

25   stated that they had been hired by a Mattel competitor, but refused to identify that

26   competitor.  In fact, they had been offered and accepted employment by MGA to

27   establish and run MGA's new operation in Mexico.

EXHIBIT  6
PAGE  91

28

09/2035941.2

-38-

AMENDED ANSWER AND COUNTERCLAIMS

**B.      Machado, Trueba and Vargas Stole Dozens of Confidential Trade Secret Marketing and Sales Documents for MGA's Benefit**

42.      Following these resignations, Mattel discovered that Machado, Trueba and Vargas had been in frequent telephonic and e-mail contact with MGA personnel, including Larian, for over three months prior to their resignations. The primary vehicle for these communications in furtherance of their "plot" was an America Online e-mail account with the address <plot04@aol.com>. On information and belief, during this time, Machado, Trueba and Vargas supplied Larian with certain Mattel confidential and proprietary information in order to prove their value to MGA and to improve their negotiating position vis-à-vis their respective employment contracts with MGA.

43.      In March 2004, Machado, Trueba and Vargas were making plans to travel from Mexico to Los Angeles to meet with MGA personnel in person prior to resigning their positions at Mattel. Also, by at least March 3, 2004, Machado, Trueba and Vargas were discussing with MGA personnel, including Larian, specific details regarding setting up MGA offices in Mexico City. On information and belief, prior to their resignations, Larian and others at MGA directed Machado, Trueba and Vargas to steal virtually all Mattel confidential and proprietary information that they could access and bring it with them to MGA. This was reflected in, among things, e-mail messages that Mattel had discovered after Machado, Trueba and Vargas had resigned. For example, on March 22, 2006, approximately one month before they resigned, Machado, Trueba and Vargas wrote an e-mail message from the <plot04@aol.com> e-mail account addressed to Larian, MGA's General Manager Susan Kuemmerle and another MGA officer Thomas Park. In that e-mail message, Machado, Trueba and Vargas sought to prove their value in this endeavor to MGA by writing: "Attached you will find our analysis for future discussion. We will be available during the nights of the week after 16:30 Los Angeles time . . . ." In another e-mail message, showing that the

EXHIBIT __6__
PAGE __92__        -39-

J9/20035941.2

AMENDED ANSWER AND COUNTERCLAIMS

1    participants intentionally sought to maximize the damage to Mattel from their

2    conduct, Kuemmerle wrote to Larian and Park: "Gustavo, Mariana and Pablo want

3    to resign (all at the same time, and you can believe my smile!) next Wednesday."

4         44.   Beginning on April 12, 2004, a week before his resignation and

5    after numerous communications and meetings with Larian and other MGA

6    personnel, Machado began transferring additional Mattel confidential and

7    proprietary information to a portable USB storage device (also know as a "thumb

8    drive") that he connected to his Mattel computer. On Friday, April 16, 2004, the

9    last business day before he gave notice, Machado copied at least 70 sensitive

10    documents to the portable USB storage device.

11         45.   Starting on April 12, 2004, Vargas also copied a host of

12    confidential and proprietary materials to a portable USB storage device, including

13    sales plans, sales projections and customer profiles.

14         46.   On April 16, 2004, Trueba also copied Mattel confidential and

15    proprietary information to a portable USB storage device connected to her Mattel

16    computer.

17         47.   With full knowledge that she was going to leave Mattel for a

18    competitor, Trueba also took steps to increase further her access to Mattel's

19    confidential information shortly before her resignation. For example, just four days

20    before leaving, Trueba went out of her way to seek to attend a meeting at which

21    Mattel personnel analyzed BARBIE programs for the United States, Canada and

22    South America. Two days before her resignation, she contacted both a Mattel

23    employee located in El Segundo, California and Mattel's advertising agency to

24    request updated confidential information about advertising plans for BARBIE. On

25    information and belief, Trueba acted at the direction of MGA and Larian and did so

26    in order to obtain further information that would allow MGA to obtain unfair

27    competitive advantage over Mattel.

28

EXHIBIT 6
PAGE 93

-40-

AMENDED ANSWER AND COUNTERCLAIMS

48.    Machado, Trueba and Vargas stole virtually every type of document a competitor would need to enter the Mexican market and to unlawfully compete with Mattel in Mexico, in the United States, and elsewhere.  They stole global internal future line lists that detailed anticipated future products, production and shipping costs for Mattel products; daily sales data for Mattel products; customer data; sales estimates and projections; marketing projections; documents analyzing changes in sales performance from 2003 to 2004; budgets for advertising and promotional expenses; strategic research reflecting consumer responses to products in development; media plans; consumer comments regarding existing Mattel products customer discounts and terms of sale; customer inventory level data; assessments of promotional campaign success; market size historical data and projections; marketing plans and strategies; merchandising plans; retail pricing and marketing strategies; and other similar materials.

49.    The stolen data was not limited to the Mexican market.  The information stolen would, and did, give MGA an unfair competitive advantage in the United States and around the world.  Further, the stolen information was not located exclusively in Mexico, but included confidential and proprietary information that resided on Mattel computers in Phoenix, Arizona and El Segundo, California, and/or documents which were originally created by personnel in El Segundo.  Included among these stolen documents was one of Mattel's earliest internal global line lists, which included information for BARBIE products for the upcoming year and included, for each product, the expected profit margin, advertising expenditures, expected volume and marketing strategy.  On information and belief, Machado, Trueba or Vargas delivered that internal line list to Larian or another MGA officer during their negotiations with MGA.

50.    MGA has used the information taken from Mattel to obtain an unfair advantage over Mattel, including in both the United States and Mexico.  In fact, MGA later publicized its claim that, in 2005, it had increased its Mexican

EXHIBIT 16
PAGE 44

09/2035941.2

-41-

AMENDED ANSWER AND COUNTERCLAIMS

market share by 90 percent over the prior year. This increase came at the expense of Mattel, which lost market share during 2004 in Mexico and was forced to increase its advertising and promotional spending to offset further losses.

51.   Machado, Trueba and Vargas attempted to conceal their widespread theft of Mattel's proprietary information.  For example, Machado ran a software program on his Mattel personal computer in an attempt to erase information, including information that would reveal the addresses to which he had sent, or from which he had received, e-mail messages.  On information and belief, for the same purpose Machado also damaged the hard drive of the personal computer that he used at Mattel.

52.   On information and belief, on April 19, 2004, immediately after Machado, Trueba and Vargas simultaneously resigned, they traveled from Mexico to Los Angeles to meet with MGA personnel, including Larian, in person.

53.   Mattel notified Mexican authorities about the theft of its trade secret and confidential information.  On October 27, 2005, the Mexican Attorney General Office obtained a search warrant from the Mexican Federal Criminal Courts for MGA's facilities in Mexico City.  In that search, the Mexican authorities found and seized from MGA's offices both electronic and paper copies of a large number of documents containing Mattel trade secrets, including those that Mattel discovered through its forensic investigations, plus many others that Mattel had not known had been stolen.

54.   Based on Machado's "performance" in Mexico, Isaac Larian subsequently promoted Machado and he was transferred to MGA's main office in Van Nuys, California.  On information and belief, Machado currently resides in the County of Los Angeles, California.

EXHIBIT 6
PAGE 95

V.   **MGA HIRES MATTEL'S SENIOR VICE PRESIDENT AND GENERAL MANAGER TO FACILITATE ITS THEFT AND USE OF MATTEL'S HIGHLY VALUABLE BUSINESS METHODS AND PRACTICES**

55.   On October 1, 2004, Mattel's Senior Vice President and General Manager, Ron Brawer, left Mattel and joined MGA.  Tyco Toys, Inc. ("Tyco"), a predecessor to Mattel, had hired Brawer on April 22, 1996.  The same day, Brawer entered into an Employee Invention & Trade Secret Agreement with Tyco.  On April 9, 1997, Brawer became a Marketing Director for Mattel in Mount Laurel, New Jersey, and remained bound by his Employee Invention & Trade Secret Agreement.

56.   In January 2003, while Brawer held a position of trust and confidence at Mattel, Mattel's "Code of Conduct" was circulated to all Mattel employees worldwide.  Included in the Code of Conduct were statements that:

> Employees and Directors have an obligation to protect the confidentiality of Mattel's proprietary information.  Proprietary information is any information not generally known to the public that is useful to Mattel, that would be useful to its competitors or other third parties or that would be harmful to Mattel or its customers if disclosed.  Proprietary information includes trade secrets, revenue and profit information and projections, new product information, marketing plans, design and development efforts, manufacturing processes and any information regarding potential acquisitions, divestitures and investments.
> We can protect the security of Mattel's proprietary information by limiting access to it.  Confidential information should not be discussed with those who are not obligated to maintain the information in confidence and in public places where the

EXHIBIT 4

PAGE 96

-43-

AMENDED ANSWER AND COUNTERCLAIMS

09/2035941.2

1    information is not likely to be kept secret, such as planes,

2    restaurants and elevators.  The obligation to preserve confidential

3    information continues even after employment ends.

4  The Code of Conduct applied to Brawer and required that he meet his obligations

5  under the Code of Conduct.

6         57.   By 2003, Brawer had advanced within Mattel to a Senior Vice

7  President position over customer marketing, a position of trust and confidence.  In

8  his executive position, Brawer was provided access to information that was both

9  sensitive and confidential, including, but not limited to, detailed information related

10  to development, manufacture, marketing, pricing, shipping, and performance of

11  Mattel's then-current and anticipated future product lines, and other confidential

12  business plans between Mattel and its most significant retail customers.

13         58.   In December 2003, Alan Kaye, Mattel's Senior Vice President of

14  Human Resources, asked Brawer whether he was discussing potential employment

15  with MGA.  Brawer denied that he had been in contact with MGA and represented

16  that he would not talk to MGA.  Throughout 2004, Mattel reminded and stressed to

17  its employees, including Brawer, the importance of protecting Mattel's confidential

18  and proprietary materials and information.

19         59.   On March 18, 2004, in response to a survey from the President of

20  Mattel Brands, Matt Bousquette, confirming compliance with Mattel's Code of

21  Conduct, Brawer wrote back that he "applaud[ed] the company's vigorous

22  protection of it's [sic] intellectual property," reflecting Brawer's clear

23  understanding that Mattel required its proprietary information to be kept

24  confidential.

25         60.   In April 2004, Mattel promoted Brawer to Senior Vice

26  President/General Manager.  The General Manager position also is an executive

27  position of trust and confidence.  The role of a General Manager is to lead a cross-

28  functional "Customer Business Team."  Each General Manager is accountable for a

EXHIBIT 6
PAGE 97          -44-
AMENDED ANSWER AND COUNTERCLAIMS

09/2035941.2