QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-02727 |
| vs. | **DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Robert O'Brien]** |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS IN RESPONSE TO MATTEL'S FIRST, SECOND AND THIRD SETS OF REQUESTS FOR PRODUCTION TO MGA MEXICO; AND |
| AND CONSOLIDATED ACTIONS | MEMORANDUM OF POINTS AND AUTHORITIES |
| | [Declaration of Marshall M. Searcy III filed concurrently herewith] |
| | Date:    TBA<br>Time:    TBA<br>Place:   TBA |
| | **Phase 2**<br>Discovery Cut-off:    Dec. 11, 2009<br>Pre-trial Conference:    Mar. 1, 2010<br>Trial Date:    Mar. 23, 2010 |

MATTEL'S MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a time and place of hearing to be set by Discovery Master Robert O'Brien, Mattel, Inc. ("Mattel") will, and hereby does move the Discovery Master for an order:

(1) compelling MGA de Mexico, S.R.L. de C.V. ("MGA Mexico") to produce all relevant, non-privileged documents in MGA Mexico's custody, possession or control which are responsive to Mattel's First, Second, and Third Sets of Requests for Documents and Things to MGA Mexico ("Requests");

(2) compelling MGA Mexico to provide Mattel with a privilege log sufficient for Mattel to assess the validity of MGA Mexico's privilege claims with respect to all documents withheld on privilege grounds;

(3) overruling all of MGA Mexico's objections to the Requests; and

(4) imposing sanctions in the amount of $5000.

This motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 26, 34(b) and 37(a) on the grounds that Mattel's Requests seek discoverable information and MGA Mexico's objections lack merit.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Marshall M. Searcy III filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

1

2 <u>**Certificate of Compliance**</u>

3       On April 2, 2009 and again on April 10, 2009, Mattel sent a letter

4 pursuant to Paragraph 5 of the Discovery Master Stipulation requesting that MGA

5 Mexico meet and confer.  On April 23, Mattel and MGA Mexico met and conferred

6 but did not reach agreement.

7

8 DATED:  July 15, 2009            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

9

10                       By /s/ Marshall M. Searcy III

11                       Marshall M. Searcy III
Attorneys for Mattel, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT..................................................................1

BACKGROUND ......................................................................................2

ARGUMENT ..........................................................................................4

I.    MATTEL IS ENTITLED TO A COMPLETE PRODUCTION FROM MGA MEXICO .....................................................................................4

    A.    MGA Mexico's Boilerplate Objections Are Improper And Should Be Overruled ...............................................................5

        1.    MGA Mexico's Relevance Objections Are Conclusory And Should Be Overruled ........................................6

        2.    MGA Mexico May Not Avoid Producing Documents In Its "Custody, Possession, Or Control" By Requiring Mattel To Seek Documents From Other Sources ...................7

        3.    Mattel's Requests Describe The Categories Of Documents To Be Produced With "Reasonable Particularity" ......8

        4.    The Protective Order In This Action Is Sufficient To Protect Commercially Sensitive Information And Privacy Rights ...................................................................9

    B.    Production of Documents By Other Parties Does Not Relieve MGA Mexico Of Its Discovery Obligations ...................10

    C.    MGA Mexico's Improper General Objections Do Not Provide A Basis To Withhold Documents .............................11

    D.    MGA Mexico's Mere Agreement To Produce Documents Does Not Foreclose An Order Compelling Production ...............13

    E.    MGA Mexico's Definitional Objections Are Improper ......14

        1.    "YOU," "YOUR," and "MGA"...............................15

        2.    "MATTEL" ............................................................15

        3.    "BRATZ" ...............................................................16

        4.    "MACHADO," TRUEBA," And "VARGAS" .........16

        5.    "FORMER MATTEL EMPLOYEE"......................16

        6.    "MATTEL DOCUMENTS" ...................................17

        7.    "REFER OR RELATE TO".....................................17

-i-

MATTEL'S MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS

8.    "SYSTEM" And "SYSTEMS" ...............................................17

F.    Mattel's Requests Are Relevant to Phase 2 Claims and Defenses .......18

1.    Requests Relating to MGA's Theft of Mattel's Trade Secret and Confidential Information..........................................18

2.    Requests Relating to MGA's "Copycatting" and Other Unfair Competition Claims......................................................21

3.    Requests Relating to MGA's "Unclean Hands" Defense ..........24

4.    Requests Relating the Scope of MGA Mexico's Search for Responsive Documents.............................................................30

5.    Requests Relating to MGA's Defenses and to Information on Which MGA Intends to Rely in This Action.......................31

II.    MGA MEXICO SHOULD BE SANCTIONED FOR ITS WILLFUL REFUSAL TO COMPLY WITH ITS DISCOVERY OBLIGATIONS ........31

CONCLUSION ................................................................................32

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

## <u>Cases</u>

4

<u>A. Farber and Partners, Inc. v. Garber</u>,
234 F.R.D. 186 (C.D. Cal. 2006) .............................................................. 5, 9, 14

5

6

<u>In re Bankers Trust Co.</u>,
61 F.3d 465 (6th Cir. 1995) ........................................................................ 5, 12

7

<u>Bible v. Rio Properties, Inc.</u>,
246 F.R.D. 614 (C.D. Cal. 2007) ....................................................................... 7

8

9

<u>Braley v. Campbell</u>,
832 F.2d 1504 (10th Cir. 1987) ....................................................................... 32

10

11

<u>Buckminster v. Prudential Financial, Inc.</u>,
2008 WL 624532 (D. Neb. March 3, 2008) ....................................................... 6

12

<u>Chapman v. California Dept. of Educ.</u>,
2002 WL 32854376 (N.D. Cal. February 6, 2002).......................... 14, 15, 16, 17

13

14

<u>Goodman v. U.S.</u>,
369 F.2d 166 (9th Cir. 1966) ............................................................................. 8

15

16

<u>In re Heritage Bond Litigation</u>,
2004 WL 1970058 (C.D. Cal. 2004)................................................................... 9

17

<u>Hyde & Drath v. Baker</u>,
24 F.3d 1162 (9th Cir. 1994) ........................................................................... 31

18

19

<u>Keith H. v. Long Beach Unified School Dist.</u>,
228 F.R.D. 652 (C.D. Cal. 2005) ....................................................................... 9

20

21

<u>Lamoureux v. Genesis Pharmacy Services, Inc.</u>,
226 F.R.D. 154 (D. Conn. 2004)................................................................. 13, 14

22

<u>Mintz v. Dietz & Watson, Inc.</u>,
2008 WL 5147234 (S.D. Cal. Dec. 5, 2008) .................................................... 13

23

24

<u>Oakes v. Halvorsen Marine, Ltd.</u>,
179 F.R.D. 281, <u>Rule</u> 34 ..................................................................................... 5

25

26

<u>Panola Land Buyers Ass'n v. Shuman</u>,
762 F.2d 1550 (11th Cir. 1985) ......................................................................... 5

27

<u>Putnam v. Eli Lilly and Co.</u>,
508 F. Supp. 2d 812 (C.D. Cal. 2007)................................................................. 9

28

RTC v. Dabney,
    73 F.3d 262 (10th Cir. 1995) ............................................................. 32

Ramirez v. Nicholson,
    2007 WL 2990283 (S.D. Cal. 2007) ...................................................... 5

Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co.,
    576 F. Supp. 511 (W.D. Pa 1983) ......................................................... 5

Streck, Inc. v. Research & Diagnostic Systems, Inc.,
    250 F.R.D. 426 (D. Neb. 2008) ........................................................... 13

Sullivan v. Prudential Ins. Co. of America,
    233 F.R.D. 573 (C.D. Cal. 2005) .......................................................... 7

Walker v. Lakewood Condominium Owners Ass'n,
    186 F.R.D. 584 (C.D. Cal. 1999) .................................................... 5, 14

**Statutes**

Fed. R. Civ. P. 26(b)(1) ..................................................................... 4, 30

Fed. R. Civ. P. 34(a) ............................................................................ 11

Fed. R. Civ. P. 34(a)(1) ......................................................................... 7

Fed. R. Civ. P. 34(b)(1)(A) .................................................................... 8

Fed. R. Civ. P. 34(b)(2)(E) ................................................................... 11

Fed. R. Civ. P. 37(a)(5) ....................................................................... 31

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel has propounded three Sets of Requests for Production of Documents and Things to MGA Mexico seeking information pertinent to Mattel's and MGA's Phase Two claims, including Mattel's trade secret and other misappropriation claims and MGA's unfair competition claims. Mattel's Requests cover, among other things:

- confidential documents taken from Mattel by those working for MGA;
- MGA Mexico's efforts to recruit employees and contractors from Mattel;
- MGA Mexico's product line offerings for 2004-2007;
- financial information relating to MGA Mexico's sale and licensing of Bratz dolls, including market share;
- MGA Mexico's knowledge of Mattel designs that were never brought to market.

MGA Mexico refuses to comply with Mattel's Requests. Indeed, MGA Mexico appears to have <u>never</u> produced any responsive documents -- not even documents supporting MGA's own claims and defenses, which are what Mattel seeks through many of these requests. Instead, along with a series of generic, boilerplate objections, MGA Mexico has suggested it should be excused from producing documents because <u>other</u> MGA parties have produced some responsive documents. MGA Mexico has also suggested that some documents contained in the productions of other MGA parties might actually belong to MGA Mexico, but admits these documents are not marked or identified in any way and refuses to identify any of the documents it might possibly have produced. Nor will MGA Mexico stipulate even that the documents produced by MGA may be deemed to have been in MGA Mexico's possession, custody or control.

An order compelling production by MGA Mexico should issue. Moreover, because MGA Mexico has willfully refused to satisfy its discovery

1   obligations, requiring Mattel to file this motion in order to get even a single

2   document in response to three sets of Requests, sanctions should be imposed to

3   compensate Mattel for a portion of its costs in bringing this motion.

4   **Background**

5   　　　Mattel's First Set of Requests for Production to MGA Mexico.  Mattel

6   served its First Set of Requests for Documents and Things to MGAE de Mexico,

7   S.R.L. de C.V. on November 21, 2007.  These Requests seek information primarily

8   relating to MGA Mexico's theft of Mattel's trade secrets and to MGA's unfair

9   competition claims.[1]  Rather than respond, MGA Mexico served a series of

10   boilerplate objections on December 21, 2007.  MGA Mexico did not agree to

11   produce documents responsive to any of the Requests in Mattel's First Set.[2]

12   　　　Mattel's Second Set of Requests for Production to MGA Mexico.  On

13   December 12, 2007, Mattel served its Second Set of Requests for Documents and

14   Things to MGAE de Mexico, S.R.L. de C.V.  These requests seek information

15   related to MGA's "unclean hands" affirmative defense.  MGA Mexico served its

16   response on January 11, 2008.  MGA Mexico's response once again asserted a series

17   of boilerplate objections in response to each request, but this time MGA Mexico

18   agreed to produce documents in response to certain requests seeking documents that

19   support MGA's claims.[3]  MGA Mexico did not agree to produce documents

20

21   　　[1]   Mattel, Inc.'s First Set of Requests for Documents and Things to MGAE de

22   Mexico, S.R.L. de C.V. ("First Set of Requests"), Declaration of Marshall M. Searcy

23   III in Support of Mattel, Inc.'s Motion to Compel MGA Mexico to Produce
     Documents and Things in Response to Mattel's First, Second and Third Sets of

24   Requests for Production to MGA Mexico ("Searcy Dec."), Exh. 1.

25   　　[2]   MGAE de Mexico S.R.L. de C.V.'s Objections and Responses to Mattel, Inc.'s
     First Set of Requests for Documents and Things ("Response to First Set of

26   Requests"), Searcy Dec., Exh. 2 at Request Nos. 1-148.

27   　　[3]   See Mattel, Inc.'s Second Set of Requests for Documents and Things to
     MGAE de Mexico, S.R.L. de C.V., ("Second Set of Requests") Searcy Dec., Exh. 3

28   　　(footnote continued)

1   responsive to any Requests other than those seeking documents supporting MGA's

2   own claims.[4]  Nor, for that matter, did MGA Mexico ever actually produce even the

3   documents supporting its own claims as it had agreed.

4               Mattel's Third Set of Requests for Production to MGA Mexico.  Mattel

5   served its Third Set of Requests for Documents and Things to MGAE de Mexico,

6   S.R.L. de C.V. on January 22, 2008.  These requests seek information related

7   primarily to MGA Mexico's offsite storage of documents, as pertinent to Mattel's

8   claims for theft of trade secrets.  MGA Mexico served objections to Mattel's

9   Requests on February 21, 2008, refusing to produce any responsive documents.[5]

10              Mattel Attempts to Meet and Confer.  On April 2, Mattel contacted

11  MGA Mexico to request that MGA Mexico produce its withheld documents.[6]

12  Rather than agree to meet and confer, MGA Mexico claimed it had already

13  produced documents responsive to Mattel's requests and asked Mattel to "identify

14  with specificity the requests for production to which MGA Mexico has not allegedly

15  produced responsive documents."[7]  Mattel advised that it has not received *any*

16

17  at Request Nos. 1-8, 13-22, 25-35, 42-45, 54-58, 61, 71-85, 89-96, 101-104, 106,

18  117-147, 151-167, 174-175, 177-179, 181-192, 194-199, 201-219, 221-222, 227-

    248, 253-268, 277-299, 302-316, 329-342, 345-385, 387-397, 400-410, 412-417.

19     [4]   Response to Mattel, Inc.'s Second Set of Requests for Documents and Things

20  to MGAE de Mexico, S.R.L. de C.V. ("Response to Second Set of Requests"),

    Searcy Dec., Exh. 4 at Request Nos. 9-12, 23-24, 36-41, 46-53, 59-60, 62-70, 86-88,

21  97-100, 105, 107-116, 148-150, 168-173, 176, 180, 193, 200, 220, 223-226, 249-

22  252, 269-276, 300-301, 317-328, 343-344, 386, 398-399, 411, 418-420.

23     [5]   Mattel, Inc.'s Third Set of Requests for Documents and Things to MGAE de

    Mexico, S.R.L. de C.V. ("Third Set of Requests"), Searcy Dec., Exh. 5; Response to

24  Mattel, Inc.'s Third Set of Requests for Documents and Things to MGAE de

    Mexico, S.R.L. de C.V. ("Response to Third Set of Requests"), Searcy Dec., Exh. 6.

25     [6]   Letter from Marshall Searcy to Amman Khan, dated April 2, 2009, Searcy

26  Dec., Exh. 7.

       [7]   Letter from Amman Khan to Marshall Searcy, dated April 9, 2009, Searcy

27  Dec., Exh. 8.

28

1 documents from MGA Mexico.[8]  MGA Mexico still refused to meet and confer,

2 instead sending a letter repeating its earlier suggestion that it had already responded

3 to Mattel's Requests.[9]

4      Mattel then requested that MGA Mexico stipulate that the documents

5 produced by other MGA parties be deemed to have been in MGA Mexico's

6 possession, custody or control.[10]  MGA Mexico rejected any such stipulation.[11]

7 Because MGA Mexico stated that it might provide further responses if Mattel would

8 provide it with a list of Requests for which MGA Mexico had refused to produce

9 documents, Mattel provided the requested list even though such information was

10 readily accessible to MGA Mexico.[12]  MGA Mexico, however, failed to respond.[13]

11 **<u>Argument</u>**

12 **I.  <u>MATTEL IS ENTITLED TO A COMPLETE PRODUCTION FROM</u>**

13 **<u>MGA MEXICO</u>**

14      MGA Mexico's refusal to respond to Mattel's Requests is contrary to

15 both the <u>Federal Rules of Civil Procedure</u> and case law.  Under <u>Rule</u> 26(b),

16 "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant

17 to the claim or defense of any party. . . .  Relevant information need not be

18 admissible at trial if the discovery appears reasonably calculated to lead to the

19 discovery of admissible evidence."  <u>Fed. R. Civ. P.</u> 26(b)(1).  <u>Rule</u> 26(b) is liberally

20 interpreted to allow "wide-ranging discovery of information necessary for parties to

21

22    [8]  Letter from Marshall Searcy to Amman Khan, dated April 10, 2009, Searcy

23 Dec., Exh. 9.
   [9]  Letter from Amman Khan to Marshall Searcy, dated April 14, 2009, Searcy

24 Dec., Exh. 10.
   [10]  Letter from Marshall Searcy to Amman Khan, dated Aril 23, 2009, Searcy

25 Dec., Exh. 11.

26    [11]  <u>Id.</u>
   [12]  <u>Id.</u>

27    [13]  Searcy Dec., ¶ 13.

28

1  evaluate and resolve their dispute."  Ramirez v. Nicholson, 2007 WL 2990283, at *2

2  (S.D. Cal. 2007) (citing Oakes v. Halvorsen Marine, Ltd., 179 F.R.D. 281, 283

3  (C.D. Cal. 1995)).

4           Rule 34 allows a party to propound requests for production of

5  documents and things.  In responding to Rule 34 requests, the responding party is

6  obliged to produce all specified discoverable documents and things which are in his

7  or her "possession, custody, or control."  Rockwell Int'l Corp. v. H. Wolfe Iron &

8  Metal Co., 576 F. Supp. 511, 512 (W.D. Pa 1983).  Since the "custody, possession,

9  or control" requirement is in the disjunctive, actual possession of a document or

10  thing is not required.  See In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995).

11  **A.    MGA Mexico's Boilerplate Objections Are Improper And Should**

12  **Be Overruled**

13           MGA Mexico has asserted a litany of generic, boilerplate objections in

14  response to each of Mattel's Requests.  Sometimes repeating the same objection

15  verbatim in response to every single Request in a set, MGA Mexico variously

16  objects that Mattel's Requests seek irrelevant information, privileged information,

17  private and commercially sensitive information, information that is otherwise

18  available to Mattel, and information insufficiently limited in time and geographic

19  scope.  MGA Mexico does not explain why each of these conclusory assertions

20  applies to the allegedly objectionable Requests.

21           Boilerplate objections such as these are improper.  See A. Farber and

22  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or

23  boilerplate objections such as 'overly burdensome and harassing' are improper—

24  especially when a party fails to submit any evidentiary declarations supporting such

25  objections."); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

26  587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and

27  tantamount to not making any objection at all.").  See also Panola Land Buyers

28  Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985) (holding that court did not

1   have discretion to limit discovery on the basis of boilerplate objections).

2   Accordingly, these objections should all be overruled.[14]

3      **1.    MGA Mexico's Relevance Objections Are Conclusory And**

4            **Should Be Overruled**

5            Ignoring the broad standard for relevance set by Rule 26, MGA Mexico

6   claims that every single Request in Mattel's First and Third Sets of Requests is

7   irrelevant, and that many of the Requests in Mattel's Second Set of Requests are

8   irrelevant.[15]   MGA Mexico has  provided no explanation to support its assertions.

9   Instead, it merely recites the boilerplate objection that Mattel's Requests seek

10  "documents not relevant to the claims or defenses in this action and not reasonably

11  calculated to lead to the discovery of admissible evidence.  Mattel has not

12  demonstrated how '*all* DOCUMENTS [related to this request]' could be relevant to

13  the claims and defenses in this action."[16]

14          These objections are improper and should be overruled.  First, the

15  specific grounds for relevance objections must be stated.  "It is insufficient for the

16  party objecting to discovery based on relevance to simply make conclusory

17  allegations that the request is irrelevant."  Buckminster v. Prudential Financial, Inc.,

18  2008 WL 624532, *2 (D. Neb. March 3, 2008) (overruling relevance objections and

19  granting motion to compel).  MGA has done nothing more than state conclusory

20  _____

21      [14]   Because MGA Mexico has asserted virtually the same litany of objections to

22  every Request, Mattel has not included a separate statement with this Motion, which
    it believes would not aid the Discovery Master in the resolution of this Motion since

23  it would consist of lengthy, unhelpful repetitions of the same MGA Mexico

24  objections over and over again.

25      [15]   See Response to First Set of Requests, Searcy Dec., Exh. 2 at Request Nos. 1-
    148; Response to Second Set of Requests, Searcy Dec., Exh. 4 at Requests Nos. 11,

26  276, 317-328, 343-344, 393-395, 399, 418-420; Response to Third Set of Requests,

27  Searcy Dec., Exh. 6 at Request Nos. 1-6.

    [16]   Response to First Set of Requests, Searcy Dec., Exh. 2 at Request Nos. 1-148.

28

1  relevance objections in response to nearly every one of Mattel's Requests.

2  Moreover, Mattel need not preemptively demonstrate that its Requests are relevant.

3  Given the broad reach of discovery under <u>Rule</u> 26, the burden to show why

4  discovery should not be allowed is on the party resisting discovery.  <u>Bible v. Rio</u>

5  <u>Properties, Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007); <u>Sullivan v. Prudential Ins.</u>

6  <u>Co. of America</u>, 233 F.R.D. 573, 575 (C.D. Cal. 2005).  In all events, as discussed in

7  detail in Section F below, all of Mattel's requests seek discoverable information.

8  **2.  <u>MGA Mexico May Not Avoid Producing Documents In Its</u>**

9  **<u>"Custody, Possession, Or Control" By Requiring Mattel To</u>**

10  **<u>Seek Documents From Other Sources</u>**

11  <u>Rule</u> 34 requires that a party respond to a request for production by

12  producing all non-privileged, relevant documents in the party's "custody, possession,

13  or control." <u>Fed. R. Civ. P.</u> 34(a)(1).  MGA Mexico seeks to withhold non-

14  privileged, relevant documents in its custody, possession, or control because such

15  documents allegedly "are already in Mattel's possession or are readily accessible to

16  Mattel."[17]  MGA Mexico has made no showing, however, that all or any relevant

17  documents it possesses are somehow already available to Mattel.  Moreover, the

18  Discovery Master has previously overruled the objection that MGA may withhold

19  information because it is better known by Mattel.[18]

20

21

22  [17]  Response to First Set of Requests, Searcy Dec., Exh. 2 at Request Nos. 1-40,

23  42-46, 51-148; Response to Second Set of Requests, Searcy Dec., Exh. 4 at Requests Nos. 1-88, 91-306, 309-312, 314-420; Response to Third Set of Requests,

24  Searcy Dec., Exh. 6 at Request Nos. 1-6.

25  [18]  <u>See</u> Phase Two Discovery Matter Order No. 17, Searcy Dec., Exh. 15 at

26  21:10-18 ("MGA cannot withhold information on the ground that Mattel knows which people have knowledge of Mattel's purported copying of MGA's intellectual

27  property.  Mattel is entitled to discover the information MGA possesses and the factual bases of its trade dress claims.").

28

1        This objection is especially inappropriate here.  In addition to obtaining

2  relevant documents, Mattel seeks through its requests to establish that MGA

3  Mexico, a named defendant, is in possession of certain documents.  Among its other

4  Phase Two claims, Mattel has alleged that MGA Mexico stole proprietary and

5  confidential trade secret information from Mattel.[19]  If MGA Mexico possesses

6  protected Mattel information and produces it as required, the fact of the production

7  itself is powerful evidence.  According to MGA Mexico's logic, it is free to withhold

8  from Mattel the very documents and information that MGA Mexico is accused of

9  misappropriating and that production would show that it possesses.  That

10  nonsensical position should be rejected.

11        **3.**    **Mattel's Requests Describe The Categories Of Documents To**

12           **Be Produced With "Reasonable Particularity"**

13        Another boilerplate objection MGA Mexico asserts is that Mattel's

14  Requests are not limited in time and "geographic scope."[20]  Rule 34 only requires

15  that the party propounding requests for production describe each category of

16  documents "with reasonable particularity."  Fed. R. Civ. P. 34(b)(1)(A).  There is no

17  requirement that Mattel's Requests be limited in time or "geographic scope."  If

18  MGA Mexico contends that the "reasonable particularity" requirement has not been

19  met, it must describe with specificity the reasons each request is not reasonably

20  particular, which it has not done and cannot do.  See Goodman v. U.S., 369 F.2d

21  166, 169 (9th Cir. 1966) (objecting party bears the burden of proving undue burden

22

23

---

24    [19]  Mattel's Third Amended Answer and Counterclaims ("TAAC"), dated May

25  22, 2009, Searcy Dec., Exh. 16 at ¶¶ 44-61.

    [20]  Response to First Set of Requests, Searcy Dec., Exh. 2 at Request Nos. 1-19,

26  21-40, 42-148; Response to Second Set of Requests, Searcy Dec., Exh. 4 at

27  Requests Nos. 1-10, 12-69, 71-160, 165-167, 172-284, 286-361, 363-420; Response

    to Third Set of Requests, Searcy Dec., Exh. 6 at Request Nos. 1-6.

28

MATTEL'S MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS

1    by "specific and compelling" proof; conclusory assertions are insufficient).  This

2    boilerplate objection is unsupported and should be overruled.

3            **4.**      **The Protective Order In This Action Is Sufficient To Protect**

4                      **Commercially Sensitive Information And Privacy Rights**

5           MGA Mexico has objected to many of Mattel's Requests on the

6    grounds that they purportedly "violate[] the privacy rights of third parties to their

7    private, confidential, proprietary or trade secret information."[21]  MGA Mexico

8    similarly claims that many of Mattel's Requests "seek[] confidential, proprietary or

9    commercially sensitive information…."[22]  The Court has entered a Protective Order

10    in this action, which defeats MGA Mexico's professed concerns about

11    confidentiality.[23]  Indeed, the Court, the current Discovery Master, and the former

12    Discovery Master have all ruled that the Protective Order is sufficient to address

13

14

---

15    [21]    Response to First Set of Requests, Searcy Dec., Exh. 2 at Request Nos. 3, 5-35, 38-46, 51, 55-58, 61-75, 77-78, 84-88, 93-96, 101-105, 111-113, 122, 125-129, 131, 138-140, 144-148; Response to Second Set of Requests, Searcy Dec., Exh. 4 at Requests Nos. 1-420.

16

17    [22]    Response to First Set of Requests, Searcy Dec., Exh. 2 at Request Nos. 1, 3, 5-8, 13-51, 55-148; Response to Second Set of Requests, Searcy Dec., Exh. 4 at Requests Nos. 1-420.

18

19    [23]    See, e.g., Putnam v. Eli Lilly and Co., 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) (protective order "can strike the appropriate balance between the need for the information and the privacy concerns" of the party opposing production of information); Keith H. v. Long Beach Unified School Dist., 228 F.R.D. 652, 658 (C.D. Cal. 2005) (compelling production of student records because slight redactions and a protective order would "minimize any invasion of the students' privacy rights"); In re Heritage Bond Litigation, 2004 WL 1970058 at *5, n.12 (C.D. Cal. 2004) ("Any privacy concerns…defendants have in their bank records and related financial statements are adequately protected by the protective order, and are not sufficient to prevent production in this matter"); A. Farber and Partners, Inc., 234 F.R.D. at 191-192 (plaintiff's need for defendant's financial information outweighed defendant's privacy claim, especially because a protective order could protect against disclosure of the information).

28

1  confidentiality concerns.[24]  Moreover, the parties have already produced large

2  numbers of "confidential, proprietary, or commercially sensitive" documents in this

3  action under the designation "Attorneys' Eyes Only" as provided in the Protective

4  Order.  MGA Mexico's wholesale withholding of documents cannot be justified by

5  purported concerns about privacy or confidentiality.

6  **B.**    **Production of Documents By Other Parties Does Not Relieve MGA**

7        **Mexico Of Its Discovery Obligations**

8        Besides its boilerplate objections, MGA Mexico refuses to produce

9  documents based on the apparent assertion that, because other MGA parties have

10  produced documents, MGA Mexico need not produce any documents of its own.

11  Thus, MGA Mexico claims it has complied with its obligations to respond to the

12  Requests because "[t]he *MGA Parties* have produced over 4.2 million pages of

13  responsive documents."[25]  MGA Mexico objected to *every one* of Mattel's First Set

14  of Requests, and the great majority of Mattel's Second Set of Requests, as

15  "cumulative, duplicative, and unduly burdensome to the extent [they seek]

16  documents previously requested by Mattel and/or produced in response to Mattel's

17  document requests."[26]  MGA Mexico also objected to all of the Requests in Mattel's

18  Third Set as "cumulative, duplicative, and unduly burdensome to the extent [they

19

20

21     [24]  <u>See</u> May 15, 2007 Order, Searcy Dec., Exh. 12 at 11; July 2, 2007 Order,

22  Searcy Dec., Exh. 13 at 3; Phase 2 Discovery Matter Order No. 6, Searcy Dec., Exh. 14 at 7.

23     [25]  April 9, 2009 Letter from Amman Khan to Marshall Searcy, Searcy Dec.,

24  Exh. 8 at 1 (emphasis supplied).

25     [26]  Response to First Set of Requests, Searcy Dec., Exh. 2, at Request Nos. 1-148; Response to Second Set of Requests, Searcy Dec., Exh. 4, at Request Nos. 1-8,

26  13-22, 25-35, 42-46, 54-65, 71-85, 89-96, 101-147, 151-179, 181-192, 194-219,

27  221-222, 227-250, 253-260, 262-268, 277-299, 302-316, 329-342, 345-385, 387-397, 400-410, 412-417.

28

seek] documents previously requested by Mattel or produced by MGA (or any of its affiliates) in response to Mattel's document requests."[27]

MGA Mexico is a separate party to this lawsuit and has its own discovery obligations. Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request…"); Fed. R. Civ. P. 34(b)(2)(E) ("A *party* must produce documents…") (emphasis supplied). MGA Mexico is not relieved of its duty to respond to discovery simply because other parties in this lawsuit have produced some documents in response to other requests. MGA Mexico *itself* appears not to have produced a single page of documents in this litigation.[28] Indeed, in three sets of objections and two letters responding to Mattel's attempts to meet and confer, MGA Mexico has not specifically identified a single document it claims to have produced, nor has it specifically identified a single Request for which it claims to have produced any, let alone all, responsive documents.[29] And indeed its written responses to Mattel's Requests reflect wholesale refusals to produce. Furthermore, as explained previously, MGA Mexico's possession of documents is itself a relevant, operative fact in this litigation.

## C. MGA Mexico's Improper General Objections Do Not Provide A Basis To Withhold Documents

In its General Objections to Mattel's First Set of Requests, MGA Mexico states that it will search for responsive documents in its possession, custody,

---

[27] Response to Third Set of Requests, Searcy Dec., Exh. 6, at Request Nos. 1-6.

[28] Searcy Dec., ¶ 22.

[29] See Response to First Set of Requests, Searcy Dec., Exh. 2, passim; Response Second Set of Requests, Searcy Dec., Exh. 4, passim; Response to Third Set of Requests, Searcy Dec., Exh. 6, passim; April 9, 2009 Letter from Amman Khan to Marshall Searcy, Searcy Dec., Exh. 8, passim; April 14, 2009 Letter from Amman Khan to Marshall Searcy, Searcy Dec., Exh. 10, passim.

or control "and located at MGA Mexico's offices."[30]  This objection attempts to impose limitations on MGA Mexico's obligations inconsistent with the <u>Federal Rules</u>.  Because the "custody, possession, or control" requirement is in the disjunctive, MGA Mexico is obligated to produce documents whether or not those documents are in MGA Mexico's actual physical possession or happen to be in its (undefined) "offices."  <u>In re Bankers Trust Co.</u>, 61 F.3d at 465.  For example, documents stored off-site by MGA Mexico would be in MGA Mexico's control, yet MGA Mexico's suggested limitation would allow it to withhold such documents merely because they are not "located at MGA Mexico's offices."  This objection is at odds with MGA Mexico's obligations under the <u>Federal Rules</u>.

In its General Objections to Mattel's First and Second Sets of Requests, MGA Mexico also refuses to produce any "information relating to the activities or conduct of other entities or non-parties."[31]  Such a refusal contravenes <u>Rule</u> 34's requirement that MGA Mexico produce non-privileged, relevant documents in its custody, possession, or control.  Information about "other entities or non-parties" can be highly relevant to Mattel's claims.  For example, the "activities or conduct" of Carlos Gustavo Machado Gomez, Mariana Trueba Almada, and Pablo Vargas San Jose go directly to the counterclaims in Mattel's Third Amended Answer and Counterclaims.[32]  MGA Mexico may not arbitrarily withhold highly relevant information simply because it supposedly relates to the "activities or conduct" of others.

MGA Mexico's refusal to produce information that "relate[s] to activities or conduct in foreign countries" is similarly meritless and arbitrary.  Not

---

[30]  Response to First Set of Requests, Searcy Dec., Exh. 2 at 3:22-25.

[31]  <u>Id.</u> at 4:22-23; Response to Second Set of Requests, Searcy Dec., Exh. 4 at 4:20-21.

[32]  TAAC, Searcy Dec., Exh. 16 at ¶¶ 44-61.

1   only do the claims in this lawsuit involve activities and conduct in three separate

2   countries – the United States, Mexico, and Canada[33] – but the great majority of

3   MGA Mexico's documents are likely to relate to activities and conduct in Mexico.

4   This objection would thus allow MGA Mexico to withhold large amounts of highly

5   relevant information about its own activities.  The Discovery Master should overrule

6   this and all of MGA Mexico's other general objections.

7         **D.**   **MGA Mexico's Mere Agreement To Produce Documents Does Not**

8              **Foreclose An Order Compelling Production**

9           Despite its failure to produce any documents, MGA Mexico has

10   claimed it adequately responded to Mattel's Requests because it "agreed to produce

11   non-privileged documents responsive to many of the Requests…"[34]  In fact, MGA

12   Mexico agreed only to produce documents supporting its own contentions.[35]  But in

13   any case, merely agreeing to produce documents does not render a motion to compel

14   and an order compelling production unnecessary.  "Either information has been

15   disclosed or it has not been disclosed.  If it has not been disclosed, then, plainly, it

16   remains to be compelled."  Lamoureux v. Genesis Pharmacy Services, Inc., 226

17   F.R.D. 154, 159 (D. Conn. 2004).  See also Mintz v. Dietz & Watson, Inc., 2008

18   WL 5147234 (S.D. Cal. Dec. 5, 2008) (granting motion to compel and awarding

19   sanctions where defendant agreed to produce invoices, but did not produce all

20   invoices as agreed); Streck, Inc. v. Research & Diagnostic Systems, Inc., 250 F.R.D.

21   426, 435 (D. Neb. 2008) (granting motion to compel plaintiff's requests for

22

23      [33]   See, e.g., id. at ¶¶ 28-43, 62-76, 77-87 (United States), 44-61 (Mexico), 88-94 (Canada).

24      [34]   April 9, 2009 Letter from Amman Khan to Marshall Searcy, Searcy Dec., Exh. 8.

25      [35]   Response to Second Set of Requests, Searcy Dec., Exh. 4 at Request Nos. 1-

26   8, 13-22, 25-35, 42-45, 54-58, 61, 71-85, 89-96, 101-104, 106, 117-147, 151-167, 174-175, 177-179, 181-192, 194-199, 201-219, 221-222, 227-248, 253-268, 277-

27   299, 302-316, 329-342, 345-385, 387-397, 400-410, 412-417.

28

1  documents within twenty days where "defendants ha[d] agreed to the production,

2  but later refused" to comply).

3         At this point, Mattel is entitled to a date certain by which MGA will

4  produce.  MGA Mexico has had ample time in which it could have collected

5  documents for production pursuant to its agreement to respond.  Yet Mattel still has

6  not received any documents from MGA Mexico.  The information Mattel seeks

7  from MGA Mexico "has not been disclosed" and "plainly, it remains to be

8  compelled." <u>Lamoureux</u>, 226 F.R.D. at 159.   Furthermore, even if MGA Mexico

9  had, in fact, produced the documents it agreed to (which it has not), MGA Mexico

10  has expressly refused to produce documents responsive to the vast majority of

11  Mattel's requests.[36]  MGA Mexico should be compelled to produce documents

12  responsive to all of Mattel's Requests, both where it expressly refuses and where it

13  nominally has agreed to comply but has not done so.

14       **E.     <u>MGA Mexico's Definitional Objections Are Improper</u>**

15         MGA Mexico serially objects to many of Mattel's defined terms.

16  MGA Mexico may not arbitrarily limit its obligation to respond to discovery by

17  unilaterally redefining terms for which Mattel has provided a definition.  <u>Chapman</u>

18  <u>v. California Dept. of Educ.</u>, 2002 WL 32854376, at * 3 (N.D. Cal. February 6,

19  2002) ("The proponent of discovery is the master of its terms.  So long as the

20  information sought is within the broad bounds of relevancy as set forth in Rule 26

21  and is otherwise properly discoverable, the respondent may not unilaterally reshape

22  or rephrase the discovery request.").  Moreover, MGA offers no support for its

23  _____

24  [36]   Response to First Set of Requests, Searcy Dec., Exh. 2 at Request Nos. 1-

25  148; Response to Second Set of Requests, Searcy Dec., Exh. 4 at Requests Nos. 9-12, 23-24, 37-41, 46-53, 59-60, 62-70, 86-88, 97-100, 105, 107-116, 148-150, 168-

26  173, 176, 180, 193-193, 200, 220, 223-226, 249-252, 269-276, 300-301, 317-328,

27  343-344, 386, 398-399, 411, 418-420; Response to Third Set of Requests, Searcy Dec., Exh. 6 at Request Nos. 1-6.

28

1  purported re-definitions of Mattel's terms; the objections are boilerplate, and

2  improper.  See A. Farber and Partners, 234 F.R.D. at 188 ("general or boilerplate

3  objections such as 'overly burdensome and harrassing' are improper—especially

4  when a party fails to submit any evidentiary declarations supporting such

5  objections."); Walker, 186 F.R.D. at 587 (boilerplate objections are "tantamount to

6  not making any objection at all.").   The limitations MGA Mexico purports to

7  unilaterally impose on its discovery obligations by redefining Mattel's terms should

8  be rejected.

9          **1.   "YOU," "YOUR," and "MGA"**

10      MGA Mexico objects to Mattel's definitions of "YOU," "YOUR" and

11  "MGA" and purports to limit Mattel's requests to "persons or entities who hold

12  themselves out to MGA Mexico as officers, employees, agents, subsidiaries or

13  divisions of MGA Mexico."[37]  This limitation is unintelligible, and MGA Mexico

14  offers no support for it.  MGA Mexico must respond pursuant to the terms as

15  defined by Mattel.  Chapman, 2002 WL 32854376, at *3.

16          **2.   "MATTEL"**

17      MGA Mexico's objection to the definition of "MATTEL" is likewise

18  meritless.  It claims the term is "overbroad" and "vague and ambiguous," but it does

19  not explain why this is allegedly so.  Indeed, the Discovery Master has previously

20  overrules MGA's objection based on the definition of the term "MATTEL."[38]

21

---

22    [37] Response to First Set of Requests, Searcy Dec., Exh. 2 at 5:20-21; Response to

23  Third Set of Requests, Searcy Dec., Exh. 6 at 5:8-7.  See also Response to Second
Set of Requests, Searcy Dec., Exh. 4 at 5:17-21 ("MGA Mexico will interpret the

24  terms "YOU" and "YOUR" and "MGA" to refer to all persons or entities who held
themselves out to MGA Mexico as directors, officers, employees, agents,

25  contractors, subsidiaries, parents, partners, predecessors-in-interest or successors-in-

26  interest of MGA Mexico.").

27    [38]  See Phase 2 Discovery Matter Order No. 17, Searcy Dec., Exh. 15 at 20:4-26
("[T]he Discovery Master is not persuaded that MGA is unable to understand the

28     (footnote continued)

### 3. **"BRATZ"**

MGA Mexico's limitation of the definition of "BRATZ" to "the line of dolls introduced to the market for sale in May or June of 2001 and subsequent dolls, accessories and other products known as Bratz or associated with the Bratz line of dolls" is also improper. Chapman, 2002 WL 32854376, at * 3. Such a restriction would allow MGA Mexico to withhold documents relating to the design, conception, and creation of Bratz, topics which are all highly relevant to this lawsuit. The Discovery Master has already rejected the limitation posited by MGA and compelled discovery that used Mattel's definition of "BRATZ." [39]

### 4. **"MACHADO," TRUEBA," And "VARGAS"**

Mattel clearly defines "MACHADO," "TRUEBA" and "VARGAS" to mean these individuals and persons acting on their behalf, pursuant to their authority or subject to their control.[40] MGA Mexico's attempt to redefine these terms to mean only "the individuals Carlos Gustavo Machado Gomez, Mariana Trueba Almada, and Pablo Vargas San Jose" is unjustified. Chapman, 2002 WL 32854376, at * 3.

### 5. **"FORMER MATTEL EMPLOYEE"**

Likewise, MGA Mexico's objection to the term "FORMER MATTEL EMPLOYEE" on the grounds that it is "overbroad" and "vague and ambiguous" is improper. MGA Mexico's attempt to limit the term "join" – where Mattel has

---

terms MATTEL and SALES. Accordingly, the definitional objections are overruled.").

[39] Phase 2 Discovery Matter Amended Order No. 11, Searcy Dec., Exh. 19 at 1-10 (compelling production of documents in response to Requests which used the terms "BRATZ DOLL" and "BRATZ PRODUCT"); id. at n.4 (noting the definition of "BRATZ PRODUCT," which incorporates the term "BRATZ."). See also Order Granting Mattel's Motion to Compel Production of Documents, dated January 26, 2007, Searcy Dec. Exh. 20 at 3, 8-9 (rejecting Bryant's attempt to limit the definition of Bratz to the first generation dolls).

[40] See First Set of Requests, Searcy Dec., Exh. 1 at 4:13-27.

defined the term "FORMER MATTEL EMPLOYEE" to mean any employee "who left MATTEL to join YOU" – to mean "work as a full time, salaried employee for" is similarly improper and indefensible. Chapman, 2002 WL 32854376, at * 3. The plain meaning of "join" is much broader. For example, "join" could also mean "work as a full-time, hourly employee for," or "work as a part-time employee for."

### 6. "MATTEL DOCUMENTS"

Mattel's definition of the term "MATTEL DOCUMENTS" clearly indicates that the definition is not limited to the documents listed by Bates number in the definition. MGA Mexico may not unilaterally limit the definition to the documents listed in contravention of the clear language of the definition. Chapman, 2002 WL 32854376, at * 3. The Discovery Master recently rejected MGA's efforts to withhold relevant information based on an almost identical objection.[41]

### 7. "REFER OR RELATE TO"

MGA Mexico's objection that the term "REFER OR RELATE TO" is "overbroad, unduly burdensome, and/or is vague and ambiguous" is improper. MGA Mexico does not identify any way in which the term is overbroad, burdensome, or vague and ambiguous. This objection should be overruled.

### 8. "SYSTEM" And "SYSTEMS"

It is improper for MGA Mexico to limit the terms "SYSTEM" and "SYSTEMS" to the examples listed in the definition, in spite of its clear language to the contrary. MGA Mexico may not ignore the clear language of the definition in order to limit its obligation to respond to discovery. Chapman, 2002 WL 32854376, at * 3.

---

[41] Phase 2 Discovery Matter Order No. 17, Searcy Dec., Exh. 15 at 20.

**F.**   **Mattel's Requests Are Relevant to Phase 2 Claims and Defenses**

Each of Mattel's Requests is reasonably calculated to lead to the discovery of admissible evidence, as discussed below.

**1.**   **Requests Relating to MGA's Theft of Mattel's Trade Secret and Confidential Information**

Request Nos. 2-78, 126-137, and 144-148 from Mattel's First Set of Requests, and Request Nos. 223-224 (the "Trade Secret Requests") from Mattel's Second Set of Requests, are relevant to the trade secret and related claims in Mattel's Third Amended Answer and Counterclaims.  Mattel has alleged that MGA Mexico, along with the other MGA parties, engaged in an enterprise designed to steal confidential, trade secret, and proprietary information from Mattel and to disrupt Mattel's contractual and legal relations with its employees.[42]  In furtherance of this enterprise, the MGA parties, including MGA Mexico, poached employees from Mattel and persuaded them to steal Mattel confidential, trade secret and proprietary information before leaving the employ of Mattel to work for MGA.[43]  The MGA Parties then used the stolen information to compete unfairly with Mattel.  Indeed, in 2005, the year after Machado, Vargas and Trueba left Mattel for MGA Mexico, MGA Mexico increased its market share 90 percent over the previous year.[44]  This gain came at the expense of Mattel, which lost market share and was forced to increase advertising and promotional spending to offset further losses.[45]  Based on the MGA Parties' misconduct, Mattel has stated claims for (1) Intentional Interference with Contract, (2) Aiding and Abetting Breach of Fiduciary Duty, (3) Aiding and Abetting Breach of Duty of Loyalty, (4) Violation of the RICO Act, (5)

---

[42]  See TAAC, Searcy Dec., Exh. 16 at ¶¶ 44-94.
[43]  Id.
[44]  Id. at ¶ 57.
[45]  Id.

Conspiracy to Violate the RICO Act, (6) Misappropriation of Trade Secrets, (7) Conversion, and (8) Unfair Competition.

To support these claims, the Trade Secret Requests seek information related to MGA's scheme to poach Mattel employees and steal Mattel's trade secrets. For instance, the Trade Secret Requests seek information relating to:

- MGA Mexico's efforts to hire employees away from Mattel and its knowledge of the legal and contractual duties those employees owed to Mattel;[46]

- removal of documents and information from Mattel by former Mattel employees, the transmission of Mattel documents and information to MGA Mexico, and MGA Mexico's possession of Mattel documents and information;[47]

---

[46]   See, e.g., First Set of Requests, Searcy Dec., Exh. 1, at Request No. 78 ("All DOCUMENTS that REFER OR RELATE TO any effort by YOU to recruit employees or contractors who have been or are employed by or who have worked for MATTEL since January 1, 1999, including but not limited to advertising, media releases, brochures, articles, catalogs, handbooks, and public relations material."); Request No. 77 ("To the extent not covered by other Requests, all DOCUMENTS, including without limitation all COMMUNICATIONS between YOU and any PERSON, that REFER OR RELATE TO any agreement or contract between MATTEL, on the one hand, and any former employee of MATTEL who has been hired, considered, solicited or interviewed for any position or potential position or employment by YOU."). See also id. at Request Nos. 15-17, 19, 20-35, 76, 127, and 144-145.

[47]   See, e.g., First Set of Requests, Searcy Dec., Exh. 1, at Request No. 2 ("All DOCUMENTS or tangible things that any of the FORMER MATTEL EMPLOYEES removed, sent or transferred from MATTEL or removed, deleted, copied, reproduced or transferred from any MATTEL computer or electronic storage device."); Request No. 14 ("All DOCUMENTS given, sent or transmitted to or shared with YOU from or by, whether directly or indirectly, any of the FORMER MATTEL EMPLOYEES prior to April 20, 2004."). See also id. at Request Nos. 3-13, 18, 36-39, 53, 62, 65-69, 126, and 128-131.

- the elements of Mattel's claim for Misappropriation of Trade Secrets, such as that the information derived independent economic value from not being generally known, and MGA Mexico's own defenses to this claim;[48]

- MGA Mexico's use of Mattel's confidential and trade secret information to compete unfairly with Mattel;[49]

- MGA Mexico's attempts to conceal its activities by destroying evidence.[50]

---

[48] See, e.g., First Set of Requests, Searcy Dec., Exh. 1, at Request No. 58 ("All DOCUMENTS that YOU contend prove or that YOU will rely on in this ACTION to prove that the information in the MATTEL DOCUMENTS does not derive independent economic value from not being generally known to the public or other persons who can obtain economic value from its use."); Request No. 60 ("DOCUMENTS sufficient to IDENTIFY any MATTEL DOCUMENT in YOUR possession, custody or control that YOU contend does not contain information from which PERSONS can obtain economic value from its disclosure and use."). See also id. at Request Nos. 47-50, 55-57, 59-61 and 70-71.

[49] See, e.g., First Set of Requests, Searcy Dec., Exh. 1, at Request No. 43 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS, that REFER OR RELATE TO YOUR market planning or product development prepared, created, sent or transmitted, whether in whole or in part, by MACHADO at any time prior to April 30, 2005."); Request No. 44 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS, that REFER OR RELATE TO YOUR market planning or product development prepared, created, sent or transmitted, whether in whole or in part, by TRUEBA at any time prior to April 30, 2005."); Request No. 45 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS, that REFER OR RELATE TO YOUR promotional spending and activities prepared, created, sent or transmitted, whether in whole or in part, by VARGAS at any time prior to April 30, 2005."). See also id. at Request Nos. 41, 46, 63-64, 72-75, and 146-148; Second Set of Requests, Searcy Dec., Exh. 3, at Request Nos. 223-224.

[50] See, e.g., First Set of Requests, Searcy Dec., Exh. 1, at Request No. 132 ("All COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE TO the retention or destruction of DOCUMENTS or DIGITAL INFORMATION between January 1, 1999 and the present."); Request No. 133 ("All DOCUMENTS that REFER OR RELATE TO the retention or destruction policies, procedures and practices for YOUR DOCUMENTS and DIGITAL INFORMATION that REFER OR RELATE TO BRATZ since January 1, 2003, including without limitation the (footnote continued)

The Trade Secret Requests relate directly to claims and defenses in this case.  If, for example, MGA Mexico possesses documents showing it has destroyed evidence to conceal its wrongdoing, Mattel is clearly entitled to obtain such documents.  Likewise, if MGA Mexico possesses documents showing that it covertly communicated with Mattel employees to convince them to steal Mattel trade secrets and to work for MGA, Mattel is entitled to discover this information.  Mattel is similarly entitled to discover documents showing that MGA Mexico used trade secrets stolen from Mattel to compete unfairly with Mattel.  MGA Mexico's refusal to produce such documents is indefensible.

## 2.     Requests Relating to MGA's "Copycatting" and Other Unfair Competition Claims

MGA has alleged that Mattel has "engaged in tortious, illegal and unethical behavior [intended] to disrupt, if not destroy, MGA,"[51] including "serial copycatting" of Bratz.[52]  MGA has further alleged that, as a result:

> MGA has suffered…lost sales, lost licensing fees, lost contracts, lost
> relationships, lost business opportunities and other damages and
> harm…Its ability to enter new markets and product lines has been
> hampered and delayed.  Its production costs have increased, its
> reputation and relationships with important players in the industry
> have been negatively impacted, the value of its business has been

---

retention or destruction of DOCUMENTS and DIGITAL INFORMATION when (a) hardware is replaced, modified or upgraded and (b) when PERSONS leave YOUR employ."); Request Nos. 134-135 (seeking information relating to "preservation, collection, destruction, removal, transfer, loss or impairment" of MGA Mexico documents and digital information).  See also id. at Request Nos. 40, 51-52.

[51]   Complaint for False Designation of Origin, dated April 13, 2005 ("Complaint"), Searcy Dec., Exh. 17 at ¶ 98.

[52]   Id. at ¶ 33.

diminished, and its ability to attract, hire and retain employees has been affected.[53]

Based on its allegation that Mattel has engaged in "serial copycatting" of Bratz, MGA brought claims against Mattel for (1) False Designation of Origin or Affiliation,[54] (2) Dilution,[55] and (3) Unjust Enrichment.[56]  MGA also brought a claim against Mattel for Unfair Competition and Unfair Business Practices based on allegations that Mattel has engaged in tortious acts intended to "disrupt, if not destroy, MGA."[57]  Request Nos. 1 and 79-125 in Mattel's First Set of Requests (the "MGA Claims Requests") are relevant to these allegations and these claims.

The MGA Claims Requests seek information to refute MGA's allegations.  The Requests thus seek information about the "unique and inherently distinctive look"[58] of Bratz that Mattel allegedly copied.[59]  The Requests also seek information relating to MGA's damages allegations.  In particular, the Requests seek information relating to MGA's allegations that it has suffered "lost sales, lost licensing fees, lost contracts, lost relationships, lost business opportunities," and that "[i]ts production costs have increased, its reputation and relationships with important players in the industry have been negatively impacted, [and] the value of its business has been diminished," because of Mattel's alleged unlawful conduct.[60]  For example, the MGA Claims Requests seek information regarding:

---

[53] Id. at ¶ 100.
[54] Id. at ¶ 101-108.
[55] Id. at ¶ 119-123.
[56] Id. at ¶ 124-125.
[57] Id. at ¶¶ 109-118.
[58] Id. at ¶ 36.
[59] See First Set of Requests, Searcy Dec., Exh. 1, at Request No. 1 ("A sample of each BRATZ PRODUCT including, without limitation, each BRATZ DOLL, sold by YOU or YOUR licensees.").
[60] Complaint, Searcy Dec., Exh. 17 at ¶ 100.

1

- Bratz licensing fees;[61]

2

- sales of Bratz products;[62]

3

- revenue derived from Bratz;[63]

4

- costs related to Bratz;[64]

5

- profits from Bratz;[65]

6

7

_____

8

9   [61]   See First Set of Requests, Searcy Dec., Exh. 1, at Request No. 79 ("DOCUMENTS sufficient to IDENTIFY every PERSON who has entered into a

10  BRATZ LICENSE with YOU or anyone acting on YOUR behalf.").

11   [62]   See, e.g., First Set of Requests, Searcy Dec., Exh. 1, at Request No. 80 ("DOCUMENTS sufficient to IDENTIFY by product name, product number and

12  SKU each BRATZ PRODUCT including, without limitation, each BRATZ DOLL, sold by YOU or YOUR licensees."); Request No. 81 ("DOCUMENTS sufficient to

13  show the number of units of each BRATZ DOLL sold by YOU or YOUR

14  licensees.").  See also id. at Request Nos. 90, 94, 97-98, 108, 114, 118 and 120.

15   [63]   See, e.g., First Set of Requests, Searcy Dec., Exh. 1, at Request No. 82 ("DOCUMENTS sufficient to show the revenue received by YOU from the sale of

16  each BRATZ DOLL sold by YOU or YOUR licensees."); Request No. 91 ("DOCUMENTS sufficient to show, by product number or SKU, the revenue

17  received by YOU from the sale of each BRATZ DOLL sold by YOU or YOUR

18  licensees.").  See also id. at Request Nos. 95, 97, 99, 109, 114-116, 118 and 121.

19   [64]   See, e.g., First Set of Requests, Searcy Dec., Exh. 1 at Request No. 83 ("DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost and other

20  costs for each BRATZ DOLL sold by YOU or YOUR licensees."); Request No. 92 ("DOCUMENTS sufficient to show, by product number or SKU, YOUR cost of

21  goods sold, unit cost and other costs for each BRATZ DOLL sold by YOU or

22  YOUR licensees.").  See also id. at Request Nos. 97, 100, 110, 114, 117 and 118-120.

23   [65]   See, e.g., First Set of Requests, Searcy Dec., Exh. 1 at Request No. 84 ("All

24  DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR profits from the sale of each BRATZ DOLL sold by YOU or YOUR licensees."); Request

25  No. 93 ("All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

26  YOUR profits, by product number or SKU, from the sale of each BRATZ DOLL

27  sold by YOU or YOUR licensees.").  See also id. at Request Nos. 96, 97, 101, 111, 114-116 and 118-121.

28

- MGA Mexico's relationship with and reputation among its Bratz business partners;[66]

- the value of MGA Mexico's business and of the Bratz brand.[67]

The MGA Claims Requests relate directly to MGA's claims, and MGA Mexico undoubtedly possesses documents relating to its Bratz sales, revenue, costs, profits and so on. Mattel is entitled to discover this information so that it can contest MGA's claims.

### 3. Requests Relating to MGA's "Unclean Hands" Defense

In its Amended Answer, MGA asserted "unclean hands" as an affirmative defense.[68] In support of this defense, MGA accuses Mattel of a long list of bad behaviors.[69] Request Nos. 1-420 from Mattel's Second Set of Requests (the "Unclean Hands Requests") relate to these "unclean hands" allegations as follows:

---

[66] See, e.g., First Set of Requests, Searcy Dec., Exh. 1 at Request No. 85 ("For each customer to whom YOU or YOUR licensees have ever sold any BRATZ DOLL, DOCUMENTS sufficient to show the number of units of each such BRATZ DOLL sold by YOU or YOUR licensees to that customer."); Request No. 86 ("For each customer to whom YOU or YOUR licensees have ever sold any BRATZ DOLL, DOCUMENTS sufficient to show the revenue received by YOU from each such BRATZ DOLL sold by YOU or YOUR licensees to that customer."). See also id. at Request Nos. 87-89, 102-107 and 112-113.

[67] See, e.g., First Set of Requests, Searcy Dec., Exh. 1 at Request No. 122 ("All DOCUMENTS that REFER OR RELATE TO the value of the BRATZ brand."); Request No. 123 ("DOCUMENTS sufficient to calculate YOUR net worth on a yearly basis for each year from 2002 to the present."). See also id. at Request Nos. 124-125.

[68] MGA Parties' Answer and Affirmative Defenses to Mattel Inc.'s Third Amended Answer and Counterclaims, Searcy Dec., Exh. 18 at 21-22.

[69] Id.

- Request Nos. 1-12 and 418-420 relate to MGA's allegation that Mattel engaged in "efforts to undermine MGA's business and 'kill' Bratz at any cost";[70]

- Request Nos. 13-24 relate to MGA's allegation that Mattel engaged in "efforts to create negative publicity or press about MGA";[71]

- Request Nos. 25-41 relate to MGA's allegation that Mattel engaged in "efforts to fund or commission market research or studies that portray Bratz or MGA products negatively";[72]

- Request Nos. 42-70 relate to MGA's allegation that Mattel engaged in "efforts to interfere with MGA's acquisition of or investment in [ZAPF]";[73]

- Request Nos. 71-88 relate to MGA's allegation that Mattel engaged in "efforts to include negative references to MGA or Bratz on Mattel's 'We Believe in Girls' website";[74]

---

[70] See, e.g., Second Set of Requests, Searcy Dec., Exh. 3 at Request No. 1 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL engaged in 'efforts to undermine MGA's business and to 'kill' Bratz at any cost.'").

[71] See, e.g., id. at Request No. 13 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL engaged in 'efforts to create negative publicity or press about MGA, MGA products, Bryant, Larian, or MGA employees.'").

[72] See, e.g., id. at Request No. 25 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL engaged in 'efforts to fund or commission market research or studies that portray Bratz or MGA products negatively.'").

[73] See, e.g., id. at Request No. 42 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL engaged in 'efforts to interfere with MGA's acquisition of or investment in [ZAPF].'").

[74] See, e.g., id. at Request No. 71 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE (footnote continued)

- Request Nos. 89-90 relate to MGA's contention that Mattel's alleged acts are not protected conduct;[75]

- Request Nos. 91-116 relate to MGA's allegation that Mattel engaged in "efforts or inten[ded] to interfere with business dealings or contractual relations between MGA and [SMOBY]";[76]

- Request Nos. 117-180 relate to MGA's allegation that Mattel "influenc[ed] Nickelodeon to reject MGA advertisements or to limit time slots for advertisements";[77]

- Request Nos. 181-200 relate to MGA's allegation that Mattel "assist[ed] parties in lawsuits against MGA";[78]

- Request Nos. 201-226 relate to MGA's allegation that Mattel "monitor[ed], 'sp[ied] on' or gain[ed] knowledge of MGA's trade secrets, non-public

---

TO YOUR allegation that MATTEL engaged in 'efforts to include negative references to MGA or Bratz on Mattel's 'We Believe in Girls' website.'").

[75]  Id. at Request No. 89 ("All DOCUMENTS that support any contention by YOU that MATTEL'S acts that are the subject of any alleged defense of YOURS, including without limitation, YOUR alleged "unclean hands" defense, is not barred, in whole or in part, by the Communications Decency Act."); Request No. 90 ("All DOCUMENTS that support any contention by YOU that MATTEL'S acts that are the subject of any alleged defense of YOURS, including without limitation, YOUR alleged "unclean hands" defense, is not barred, in whole or in part, by the First Amendment to the United States Constitution.").

[76]  See, e.g., id. at Request No. 91 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL engaged in 'efforts or inten[ded] to interfere with business dealings or contractual relations between MGA and [SMOBY].'").

[77]  See, e.g., id. at Request No. 117 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL 'influenc[ed] Nickelodeon to reject MGA advertisements or to limit time slots for advertisements.'").

[78]  See, e.g., id. at Request No. 181 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL 'assist[ed] parties in lawsuits against MGA.'").

information, non-public activities, unreleased products, and product development";[79]

- Request Nos. 227-252 relate to MGA's allegation that Mattel "gain[ed] access, or attempt[ed] to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays on false pretenses";[80]

- Request Nos. 253-276 relate to MGA's allegation that Mattel "wrongfully obtain[ed] MGA's costs and sales information through Mattel-employed category managers at retailers";[81]

- Request Nos. 277-301 relate to MGA's allegation that Mattel "induc[ed] non-party customers to breach confidentiality agreements with MGA and divulge non-public information about MGA's unreleased products";[82]

- Request Nos. 302-327 relate to MGA's allegation that Mattel "covertly investigat[ed] MGA, its officers and employees, and their family members";[83]

---

[79]   See, e.g., id. at Request No. 201 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL 'monitor[ed], 'sp[ied] on' or gain[ed] knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development.'").

[80]   See, e.g., id. at Request No. 227 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL 'gain[ed] access, or attemp[ed] to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays on false pretenses.'").

[81]   See, e.g., id. at Request No. 253 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL 'wrongfully obtain[ed] MGA's costs and sales information through Mattel-employed category managers at retailers.'").

[82]   See, e.g., id. at Request No. 277 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL 'induc[ed] non-party customers to breach confidentiality agreements with MGA and divulge non-public information about MGA's unreleased products.'").

- Request Nos. 329-344 relate to MGA's allegation that Mattel "contact[ed] persons under false pretenses in order to interrogate them about Bratz and this litigation";[84]

- Request Nos. 345-364 relate to MGA's allegation that Mattel "coerc[ed] its employees to accept restrictive covenants (right before a massive layoff) and non-compete clauses and other efforts to prevent prospective MGA employees from accepting offers of employment";[85]

- Request Nos. 365-368 relate to MGA's allegation that Mattel "delay[ed] in suing Carter Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated Mattel case";[86]

- Request Nos. 369-386 relate to MGA's allegation that Mattel "falsely inflat[ed] its Barbie sales figures in an effort to mislead the public and retailers";[87]

---

[83]   See, e.g., id. at Request No. 302 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL 'covertly investigat[ed] MGA, its officers and employees, and their family members.'").

[84]   See, e.g., id. at Request No. 329 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL 'contact[ed] persons under false pretense in order to interrogate them about Bratz and this litigation.'").

[85]   See, e.g., id. at Request No. 345 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL 'coerc[ed] its employees to accept restrictive covenants (right before a massive layoff) and non-compete clauses and other efforts to prevent prospective MGA employees from accepting offers of employment.'").

[86]   See, e.g., id. at Request No. 365  ("All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL 'delay[ed] in suing Carter Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated Mattel case.'").

[87]   See, e.g., id. at Request No. 369 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE (footnote continued)

- Request Nos. 328 and 387-399 relate to MGA's allegation that Mattel "[took] all measures to conceal its bad acts, including the willful non-retention and destruction of documents";[88]
- Request Nos. 400-403 relate to MGA's allegation that Mattel "believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor";[89]
- Request Nos. 404-411 relate to MGA's allegation that Mattel "began investigating Bryant and MGA Defendants, including Bryant's role in the creation and development of Bratz, at least as early as March 2002";[90]
- Request Nos. 412-417 relate to MGA's allegation that "Mattel's counterclaims are barred in whole or in part by Mattel unclean hands and wrongful hands."[91]

---

TO YOUR allegation that MATTEL 'falsely inflat[ed] its Barbie sales figures in an effort to mislead the public and retailers.'").

[88]   See, e.g., id. at Request No. 387 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL '[took] all measures to conceal its bad acts, including the willful non-retention and destruction of documents.'").

[89]   See, e.g., id. at Request No. 400 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL 'believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor.'").

[90]   See, e.g., id. at Request No. 404 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL 'began investigating Bryant and MGA Defendants, including Bryant's role in the creation and development of Bratz, at least as early as March 2002.'").

[91]   See, e.g., id. at Request No. 412 ("To the extent not produced in response to any other Request for Production, all DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that 'Mattel's counterclaims are barred in whole or in part by Mattel's unclean hands and wrongful hands.'").

These Requests seek to discover evidence relating to the MGA Parties' own claimed defenses and allegations.  The Requests also seek information relating to whether MGA Mexico has itself engaged in any of the conduct it accuses Mattel of, though MGA Mexico has refused to produce documents responsive to such Requests.[92]  This is all information that Mattel is entitled to discover based on the allegations in MGA's "unclean hands" defense.

## 4. Requests Relating the Scope of MGA Mexico's Search for Responsive Documents

Request Nos. 137-139 and 141 in Mattel's First Set of Requests and Request Nos. 1-6 in Mattel's Third Set of Requests seek information regarding the scope of MGA Mexico's search for documents and whether it has been reasonably calculated to located responsive documents.  For instance, Request No. 139 in Mattel's First Set of Requests seeks information about MGA Mexico's electronic message systems, which will provide relevant information about the existence and location of discoverable information and allow Mattel to evaluate whether MGA Mexico has conducted a sufficiently thorough search for documents relating to MGA Mexico's communications with Mattel employees and theft of confidential Mattel information.  Under the Federal Rules, information relating to the location of MGA Mexico information and the scope of MGA Mexico's search for documents is discoverable.  See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding…the existence, description, nature, custody, condition, and location of any documents or other tangible things…").  Request Nos. 1-6 in Mattel's Third Set of Requests seek information relating to the identity, location, and contents of MGA Mexico's document storage facilities, which constitutes discoverable information for the same reason.

---

[92]  See, e.g., Response to Second Set of Requests, Searcy Dec., Exh. 4 at Request Nos. 9-12, 38-41, 111-114, 148, 249-252, and 321-327.

-30-

**5.** **Requests Relating to MGA's Defenses and to Information on Which MGA Intends to Rely in This Action**

Request No. 140 in Mattel's First Set of Requests is relevant to MGA Mexico's Phase 2 defenses.  It seeks "All DOCUMENTS and tangible things REFERRING OR RELATING TO YOUR defenses in this ACTION."  If a documents relates to MGA Mexico's defenses in this action, it is clearly relevant information which Mattel is entitled to discover.  MGA Mexico has nevertheless objected to this Request on the grounds that "it seeks documents not relevant to the claims or defenses in this action…."[93]  Such an objection cannot be sustained.

Similarly, Request Nos. 142 and 142 in Mattel's First Set of Requests seek "all DOCUMENTS and tangible things upon which YOU intend to rely to support YOUR defenses in this ACTION" and "all DOCUMENTS and tangible things upon which YOU intend to rely in this ACTION."  By definition, these Requests seek only relevant information.  Again, however, MGA Mexico has refused to produce such documents, claiming that the Requests seek "documents not relevant to the claims or defenses in this action…."[94]  MGA Mexico's frivolous objections should be overruled and MGA Mexico should be compelled to produce these documents.

**II.** **MGA MEXICO SHOULD BE SANCTIONED FOR ITS WILLFUL REFUSAL TO COMPLY WITH ITS DISCOVERY OBLIGATIONS**

Under the Federal Rules, a party bringing a motion to compel is entitled to the "reasonable expenses incurred in making the motion, including attorney's fees," unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the discovery without court action, or "that the opposing party's nondisclosure, response or objection was substantially justified," or

---

[93] Response to First Set of Requests, Searcy Dec., Exh. 2 at Request No. 140.
[94] Id. at Request Nos. 142-143.

that "other circumstances make an award of expenses unjust." <u>Fed. R. Civ. P.</u> 37(a)(5). The burden of establishing substantial justification is on the party being sanctioned. <u>Hyde & Drath v. Baker</u>, 24 F.3d 1162, 1171 (9th Cir. 1994). Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides that "[a]ny attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." Sanctions under this section are appropriate "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." <u>RTC v. Dabney</u>, 73 F.3d 262, 265 (10th Cir. 1995) (citing <u>Braley v. Campbell</u>, 832 F.2d 1504, 1512 (10th Cir. 1987)).

MGA Mexico has not only refused to respond to discovery, it has apparently failed to produce documents in response to *any* of Mattel's Requests -- withholding even documents supporting its own claims and defenses. MGA Mexico thus bears the burden of justifying a total failure to respond to discovery, yet it has not provided any justification other than generic, boilerplate objections. Furthermore, MGA Mexico has attempted to further delay its production of documents with its spurious request that *Mattel* identify the Requests for which MGA Mexico has failed to produce documents, which has the burden exactly backwards. Mattel respectfully requests that MGA Mexico be ordered to pay $5000 as partial reimbursement for the fees and costs Mattel has incurred in brining this motion.

## **Conclusion**

For the foregoing reasons, Mattel respectfully requests that the Discovery Master (1) compel MGA Mexico to produce all non-privileged documents in MGA Mexico's custody, possession, or control that are responsive to Mattel's First, Second, and Third Sets of Requests for Production to MGA Mexico , (2) compel MGA Mexico to provide Mattel with a privilege log sufficient for Mattel

1  to assess the validity of MGA Mexico's privilege claims with respect to all

2  documents withheld on privilege grounds, (3) overrule all of MGA Mexico's

3  objections to the Requests, and (4) impose sanctions in the amount of $5000.

4

5  DATED:  July 15, 2009                    QUINN EMANUEL URQUHART OLIVER &
                                            HEDGES, LLP

6

7                                           By /s/ Marshall M. Searcy III

8                                           Marshall M. Searcy III
                                            Attorneys for Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28