# EXHIBIT 5

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Mattel, Inc.

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12                         EASTERN DIVISION

13   CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14            Plaintiff,                   Consolidated with
                                           Case No. CV 04-09059
15        vs.                              Case No. CV 05-02727

16   MATTEL, INC., a Delaware             MATTEL, INC.'S THIRD SET OF
     corporation,                         REQUESTS FOR DOCUMENTS AND
17                                         THINGS TO MGAE DE MEXICO,
              Defendant.                   S.R.L. DE C.V.
18

19   AND CONSOLIDATED CASES

20

21

22   PROPOUNDING PARTY:  MATTEL, INC.

23   RESPONDING PARTY:     MGAE DE MEXICO, S.R.L. DE C.V.

24   SET NO.:                  THIRD (3)

25

26

27   EXHIBIT ___5___

28   PAGE __1065__

                                    1-22

07209/2362463.1

MATTEL, INC.'S 3RD SET OF REQS. FOR DOCS. & THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

1    Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>,

2 Mattel, Inc. hereby requests that MGAE De Mexico, S.R.L. DE C.V. ("MGAE")

3 respond to these document requests ("Requests") and make available for inspection

4 and copying originals of the following documents within 30 days of service at the

5 offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa

6 Street, 10th floor, Los Angeles, CA 90017. MGAE shall be obligated to supplement

7 responses to these requests at such times and to the extent required by <u>Rule</u> 26(e) of

8 the <u>Federal Rules of Civil Procedure</u>.

9

10 **I.    DEFINITIONS**

11    A.    "YOU" and "YOUR" mean MGAE de Mexico, S.R.L. de C.V.,

12 and any PERSON acting directly or indirectly by, through, under or on behalf of

13 MGAE de Mexico, S.R.L. de C.V., including but not limited to current or former

14 directors, officers, employees, agents, contractors, attorneys, accountants, or

15 representatives of MGAE de Mexico, S.R.L. de C.V. and any corporation,

16 partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-

17 interest and successor-in-interest, and any other PERSON acting on its behalf.

18    B.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

19 "recordings" as those terms are defined in <u>Rule</u> 1001 of the <u>Federal Rules of</u>

20 <u>Evidence</u> and <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u> and shall include all

21 writings, including but not limited to, handwriting, typewriting, printing, image,

22 photograph, photocopy, digital file of any kind, transmittal by (or as an attachment

23 to) electronic mail (including instant messages and text messages) or facsimile,

24 video and audio recordings, and every other means of recording upon any tangible

25 thing, any form of COMMUNICATION or representation, and any record thereby

26 created, regardless of the manner in which the record has been stored, and all non-

27 identical copies of such DOCUMENTS, in the possession, custody, or control of

28 YOU, YOUR counsel, or any other PERSON acting on YOUR behalf.

07209/2362463.1

-2-
MATTEL, INC.'S 3RD SET OF REQS. FOR DOCS. & THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT __5__
PAGE __1667__

1          C.    "AFFILIATES" means any and all corporations, proprietorships,

2    d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

3    indirectly, in whole or in part, own or control, are under common ownership or

4    control with, or are owned or controlled by a PERSON, party or entity, including

5    without limitation, each parent, subsidiary and joint venture of such PERSON, party

6    or entity.

7          D.    "IDENTIFY," "IDENTIFYING," or "IDENTITY" means the

8    following:

9          (a)    With reference to an individual, means such individual's name,

10   current or last known business title, current or last known business affiliation,

11   current or last known relationship to YOU, current or last known residential and

12   business address, and current or last known telephone number.

13         (b)    With reference to an entity or entities, such entity's full name,

14   state (or country) of incorporation or organization, present or last known address,

15   and present or last known telephone number.

16         (c)    With reference to any DOCUMENT or DOCUMENTS, means

17   the date, identity of the author, addressee(s), signatories, parties, or other PERSONS

18   identified therein, its present location or custodian and a description of its contents.

19         E.    "RELATING," "RELATING TO," "REFERS TO,"

20   "REFERRING OR RELATING TO," or "REFER OR RELATE TO" means any and

21   all of the following terms and their synonyms: refer to, discuss, constitute, evidence,

22   pertain to, mention, support, undermine, disprove, refute, contradict, negate, bear

23   on, touch on, contain, embody, reflect, identify, state, deal with, concern, comment

24   on, summarize, respond to, relate to, or describe.

25         F.    "PERSON," in the plural as well as the singular, means any

26   natural person, association, partnership, corporation, joint venture, government

27   entity, organization, trust, institution, proprietorship, or any other entity recognized

28   as having an existence under the laws in the United States or any other nation.

07209/2362463.1

-3-

MATTEL, INC.'S 3RD SET OF REQS. FOR DOCS. & THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT ___5___
PAGE __1068__

1         G.    "COMMUNICATION," in the plural as well as the singular,

2  means any transmittal and/or receipt of information, whether such was oral or

3  written, and whether such was by chance, prearranged, formal or informal, and

4  specifically includes, but is not limited to, conversations in person, telephone

5  conversations, electronic mail (including instant messages and text messages),

6  voicemail, letters, memoranda, statements, media releases, magazine and newspaper

7  articles, and video and audio transmissions.

8         H.    "OFFSITE STORAGE FACILITIES" means and REFERS TO

9  any storage or warehouse facilities, or any other facilities, located outside of YOUR

10  premises, or the premises of any of YOUR AFFILIATES, including but not limited

11  to, facilities maintained by third-party vendors that have been used, at any point in

12  time, by YOU or YOUR AFFILIATES to store DOCUMENTS or tangible things.

13         I.    The singular form of a noun or pronoun includes within its

14  meaning the plural form of the noun or pronoun so used, and vice versa; the use of

15  the masculine form of a pronoun also includes within its meaning the feminine form

16  of the pronoun so used, and vice versa; the use of any tense of any verb includes

17  also within its meaning all other tenses of the verb so used, whenever such

18  construction results in a broader request for information; and "and" includes "or"

19  and vice versa, whenever such construction results in a broader disclosure of

20  documents or information.

21

22  **II.**   **INSTRUCTIONS**

23         A.    YOU are to produce all requested DOCUMENTS in YOUR

24  possession, custody or control.

25         B.    If YOU contend that YOU are not required to produce certain

26  DOCUMENTS called for by these Requests on the grounds of a privilege or

27  protection that YOU are not prepared to waive, IDENTIFY each such DOCUMENT

28  and provide the following information:

-4-

EXHIBIT __5__
PAGE __1069__

1.      the date and type of the DOCUMENT, the author(s) and all
        recipients;

2.      the privilege or protection that YOU claim permits YOU to
        withhold the DOCUMENT;

3.      the title and subject matter of the DOCUMENT;

4.      any additional facts on which YOU base YOUR claim of
        privilege or protection; and

5.      the IDENTITY of the current custodian of the original of the
        DOCUMENT.

C.      DOCUMENTS shall be produced in their original file folders, or other native format.  If the DOCUMENTS are in their original file folders, in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

D.      The DOCUMENTS should be produced in their complete and unaltered form.  Attachments to DOCUMENTS should not be removed.  The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance.  If emails are produced that had attachments, the attachments shall be attached when produced.

E.      DOCUMENTS in electronic form shall be produced in that form.

F.      In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

1.      the date and type of the DOCUMENT, the author(s) and all
        recipients;

2.      the DOCUMENT's date, subject matter, number of pages, and
        attachments or appendices;

EXHIBIT __5__
PAGE __1616__

3.     the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

4.     the PERSONS who were authorized to carry out such destruction or discard;

5.     the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and

6.     whether any copies of the DOCUMENT exist and, if so, the name of the custodian of each copy.

## III.    REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1.:

DOCUMENTS sufficient to IDENTIFY any OFFSITE STORAGE FACILITIES used by YOU since 1995.

REQUEST FOR PRODUCTION NO. 2.:

DOCUMENTS sufficient to IDENTIFY any OFFSITE STORAGE FACILITIES used by YOUR AFFILIATES since 1995.

REQUEST FOR PRODUCTION NO. 3.:

Each log, record, index, file or other DOCUMENT IDENTIFYING or listing YOUR DOCUMENTS or any tangible things stored at the OFFSITE STORAGE FACILITIES since 1995.

REQUEST FOR PRODUCTION NO. 4.:

Each log, record, index, file or other DOCUMENT IDENTIFYING or listing YOUR AFFILIATES' DOCUMENTS or any tangible things stored at the OFFSITE STORAGE FACILITIES since 1995.

07209/2362463.1

-6-

MATTEL, INC.'S 3RD SET OF REQS. FOR DOCS. & THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

1    REQUEST FOR PRODUCTION NO. 5.:

2            Each log, record, index, file or other DOCUMENT IDENTIFYING or

3    listing YOUR DOCUMENTS or any tangible things that have been sent to or

4    received from the OFFSITE STORAGE FACILITIES since 1995, including when

5    the DOCUMENTS or any tangible things were sent and/or received.

6

7    REQUEST FOR PRODUCTION NO. 6.:

8            Each log, record, index, file or other DOCUMENT IDENTIFYING or

9    listing YOUR AFFILIATES' DOCUMENTS or any tangible things that have been

10   sent to or received from the OFFSITE STORAGE FACILITIES since 1995,

11   including when the DOCUMENTS or any tangible things were sent and/or received.

12

13   DATED:  January 22, 2008          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
14

15                                     By  *Jon D. Corey*

16                                     Jon D. Corey
                                       Attorneys for Mattel, Inc.
17

18

19

20

21

22

23

24

25

26

27                                     **EXHIBIT  5**

28                                     **PAGE  1071**

07209/2362463.1

-7-

MATTEL, INC.'S 3RD SET OF REQS. FOR DOCS. & THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

# EXHIBIT 6

RECEIVED

FEB 2 1 2008

1 | THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, California  90071-3144
3 | Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600
4 | E-mail:     tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | 4 Embarcadero Center, 38th Floor
San Francisco, California  94111-5974
7 | Telephone:  (415) 984-6400
Facsimile:   (415) 984-2698
8 | Email:      rkennedy@skadden.com

9 | Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN,
10 | MGA ENTERTAINMENT (HK) LIMITED, and
MGAE DE MEXICO S.R.L. DE C.V.

11

12 |                 UNITED STATES DISTRICT COURT

13 |                CENTRAL DISTRICT OF CALIFORNIA

14 |                       EASTERN DIVISION

15 | CARTER BRYANT, an individual,        )  CASE NO. CV 04-9049 SGL (RNBx)
                                         )
16 |                    Plaintiff,       )  Consolidated with Case No. 04-9059
                                         )  and Case No. 05-2727
17 |        v.                           )
                                         )  **RESPONSE TO MATTEL, INC'S**
18 | MATTEL, INC., a Delaware            )  **THIRD SET OF REQUESTS FOR**
corporation,                             )  **DOCUMENTS AND THINGS TO**
19 |                                      )  **MGAE DE MEXICO, S.R.L. DE**
                                         )  **C.V.**
20 |                    Defendant.        )
                                         )
21 | _____ )
                                         )
22 | Consolidated with                   )
MATTEL, INC. v. BRYANT and               )
23 | MGA ENTERTAINMENT, INC. v.          )
MATTEL, INC.                             )
24 | _____ )

25 | PROPOUNDING PARTY:      MATTEL, INC.

26 | RESPONDING PARTY:       MGAE DE MEXICO, S.R.L. DE C.V.

27 | SET NO.:                THREE (3)

28

EXHIBIT ___6___
PAGE ___1072___

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, MGAE de
2   Mexico, S.R.L. de C.V. ("MGA Mexico") hereby submits these responses and
3   objections (the "Response") to Mattel, Inc.'s ("Mattel's") Third Set of Requests for
4   Production of Documents to MGAE de Mexico, S.R.L. de C.V. (the "Requests").

5                          **GENERAL RESPONSE**

6    The General Response and General and Specific Objections set forth herein
7   apply to all documents that MGA Mexico may in the future produce in response to
8   the Requests.  The Response is made without waiving, or intending to waive but, on
9   the contrary, expressly reserving:  (a) the right to object, on the grounds of
10   competency, privilege, relevancy or materiality, or any other proper grounds, to the
11   use of the documents, for any purpose in whole or in part, in any subsequent step or
12   proceeding in this action or any other action; (b) the right to object on any and all
13   grounds, at any time, to other requests for production or other discovery procedures
14   involving or relating to the subject matter of the Requests; and (c) the right at any
15   time to revise, correct, add to, or clarify any of the responses propounded herein.

16    MGA Mexico's responses herein reflect only the present state of MGA
17   Mexico's discovery regarding the documents that Mattel seeks.  Discovery for Phase
18   Two is currently stayed and will continue if and when the court lifts the stay, and
19   other investigation or research concerning this litigation is continuing.  It is
20   anticipated that further discovery, independent investigation, and legal research and
21   analysis will supply additional facts and meaning to the known facts, as well as
22   establish entirely new factual conclusions, all of which may lead MGA Mexico to
23   discover other documents responsive to these Requests.  MGA Mexico therefore
24   reserves the right to amend or supplement this Response at any time in light of future
25   investigation, research or analysis, and also expressly reserves the right to rely on, at
26   any time, including trial, subsequently discovered information omitted from this
27   Response as a result of mistake, error, oversight or inadvertence.  MGA Mexico does

28

EXHIBIT ___6___
PAGE __1073__

1   not hereby admit, adopt or acquiesce in any factual or legal contention, assertion or

2   characterization contained in the Requests, even where MGA Mexico has not

3   otherwise objected to a particular request, or has agreed to produce documents

4   responsive to a particular request.

5        Except as otherwise stated below, an objection to a specific document request

6   does not imply that documents responsive to the request exist or have ever existed.

7   In addition, an agreement to produce documents responsive to any specific document

8   request does not imply that documents responsive to the request exist or have existed;

9   rather, it is an agreement to produce non-privileged documents responsive to that

10   particular document request as limited by or interpreted in any applicable General or

11   Specific objections, if any exist.  Production of any document is not intended as, and,

12   to the extent permitted by law, shall not be deemed to be, a waiver of any objection

13   set forth herein or an admission that the produced document is "relevant" to any

14   claim or defense, as that term is used in Federal Rule of Civil Procedure 26(b)(1).

15   **<u>GENERAL OBJECTIONS</u>**

16        MGA Mexico incorporates the following General Objections, as well as the

17   General Response, into its Specific Responses and Objections to each and every

18   request for documents contained in the Requests:

19        1.    MGA Mexico objects to these Requests as untimely and

20   unenforceable to the extent they seek documents relating to Phase One.  Under

21   Federal Rule of Civil Procedure 34(b) and the Court's October 31, 2007 scheduling

22   order, the last day to serve document requests relating to Phase One was

23   December 28, 2007 – 30 days before the fact discovery cut-off.  Mattel served these

24   Requests on January 22, 2008 – more than three weeks past the deadline and just

25   four (4) court days before the discovery cut-off for Phase One.  The Requests are

26   therefore untimely, and represent an unreasonable delay and an improper attempt to

27   re-open Phase One discovery by Mattel after the court-ordered discovery cut-off.

28

2

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR<br>DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT ___6___

PAGE ___1074___

1   Andrews v. Raphaelson, 2007 U.S. Dist. LEXIS 3479, *18 (D. Nev. 2007) ("The

2   Court also finds that *Defendants have been guilty of unreasonable delay in serving*

3   *written discovery on Plaintiffs, which they first served* on November 20, 2006, *less*

4   *than 30 days before the discovery cut-off date . . . .* Defendants have not made any

5   showing that there were reasonable grounds to serve its discovery requests less than

6   30 days before the discovery cut-off date in this action, and the Court would not

7   otherwise extend or reopen discovery for that purpose alone. Although the Court will

8   extend discovery in regard to the disclosure of expert rebuttal reports and depositions

9   of the experts, *the Court will not reopen discovery in regard to Defendants' untimely*

10  *written discovery requests.*" (emphasis added)); Mfr. Direct, LLC v. DirectBuy, Inc.,

11  2007 U.S. Dist. LEXIS 87371, *6-7 (N.D. Ind. 2007) ("DirectBuy has offered no

12  explanation grounded in relevancy, burden, or breadth for its failure to respond to

13  Manufacturer Direct's May discovery request. *Regarding the June request,*

14  *DirectBuy has stated that it is under no obligation to respond to the June discovery*

15  *request because it was made less than 30 days before the close of discovery.* See,

16  e.g., Autotech Technologies Limited Partnership v. Automationdirect.com, Inc.,

17  2007 U.S. Dist. LEXIS 69135, 2007 WL 2746654 at *3 (N.D. Ill. Sept. 18, 2007)

18  ('Given the fact that the ADC parties had 30 days to respond, the request was an

19  obvious violation of Local Rule 16.1'); Finwall v. City of Chicago, 239 F.R.D. 494,

20  498-99 (N.D. Ill. 2006)('[A] deadline for discovery means that discovery must be

21  *completed by that date*') (emphasis in original). Similarly, this court set June 29,

22  2007 as the date discovery should be completed. *Discovery requests served less than*

23  *the 30 days provided by the Federal Rules within which to respond are made at the*

24  *risk of non-compliance before the end of the discovery period. Accordingly, the*

25  *plaintiff's motion is* GRANTED with respect to the discovery request made in May

26  2007 and *DENIED with respect to the June requests.*" (emphasis added)).

27

28

EXHIBIT ___6___

PAGE ___1075___

3

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

1      2.      MGA Mexico further objects to these requests as untimely and

2  unenforceable to the extent they seek documents relating to Phase Two, because

3  Phase Two discovery has been and remains stayed by court order.  Specifically, in

4  the Court's February 4, 2008 Order, Judge Larson stayed all Phase Two discovery

5  until further order of the Court.  Accordingly, MGA Mexico has no obligation to

6  respond to these Requests insofar as they seek documents related to Phase Two,

7  unless and until the Court lifts the Phase Two discovery stay, and MGA Mexico

8  therefore hereby preserves all objections.

9      3.      MGA Mexico objects to the date and place of production on the

10  grounds that the Requests impose an undue burden on MGA Mexico.  The time set

11  for compliance is unduly burdensome, especially in light of the duplicative nature of

12  the Requests and the scope and volume of the material being sought.  To the extent

13  MGA Mexico later agrees to produce responsive documents, MGA Mexico intends

14  to proceed expeditiously to collect the documents for production, if any, and will

15  produce them at a date and time, and in such a manner, as may be mutually agreed to

16  by counsel for the parties.

17      4.      MGA Mexico objects to the Requests to the extent that they seek

18  documents not relevant to the claims or defenses in this action and are not reasonably

19  calculated to lead to the discovery of admissible evidence.

20      5.      MGA Mexico objects to the Requests on the grounds that they are

21  overly broad and unduly burdensome.

22      6.      MGA Mexico objects to the Requests insofar as they seek

23  documents that are protected from disclosure under any applicable privilege, doctrine

24  or immunity, including without limitation the attorney-client privilege, the attorney

25  work product doctrine, the right of privacy, and all other privileges recognized under

26  the constitutional, statutory or decisional law of the United States of America or any

27  other applicable jurisdiction.  MGA Mexico shall not produce such documents in

28

4

EXHIBIT _____6_____

PAGE _____1076_____

1 response to Mattel's Request.  Any production of such protected or privileged
2 materials is inadvertent and shall not be construed as a waiver of those privileges or
3 protections.

4        7.     MGA Mexico objects to the Requests insofar as they seek
5 documents that by reason of public filing, public distribution or otherwise are already
6 in Mattel's possession or are readily accessible to Mattel from public sources or third
7 parties.

8        8.     MGA Mexico objects to the Requests insofar as they seek
9 production of documents (1) not within its possession, custody or control; (2) that
10 MGA Mexico cannot locate after a reasonably diligent search; or (3) that refer to
11 persons, entities, or events not known to MGA Mexico.  Such instructions,
12 definitions, or requests are objectionable where they subject MGA Mexico to
13 unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to
14 impose upon MGA Mexico an obligation to produce documents from sources
15 equally accessible to Mattel.  To the extent MGA Mexico may in the future agree to
16 produce documents in response to the Requests, MGA Mexico will make a
17 reasonably diligent search for responsive documents within its possession, custody or
18 control.

19        9.     In responding to Mattel's Requests, MGA Mexico has not and
20 will not comply with any instructions or definitions that seek to impose requirements
21 in addition to those imposed by Federal law.

22       10.    MGA Mexico objects to each and every request to the extent it
23 purports to require MGA Mexico to search all documents and things within its
24 possession or all such documents from a broad category, custody or control or within
25 the possession, custody or control of any of MGA Mexico's current or former
26 directors, officers, employees, agents, contractors, attorneys, accountants, or
27 representatives of MGA Mexico, and any current or former corporation, partnership,

28

5

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT ___6___

PAGE ___1077___

1  association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and

2  successor-in-interest of MGA Mexico, and any other person acting on its behalf, on

3  the grounds that such request is unreasonable, overbroad, unduly burdensome and

4  oppressive, violates the right to privacy, and purports to require MGA Mexico to

5  search for documents not within its possession, custody or control.  To the extent that

6  MGA Mexico may in the future agree to produce documents in response to the

7  Requests, MGA Mexico will make a reasonably diligent search for responsive

8  documents within its possession, custody or control.

9          11.    MGA Mexico objects to each and every request to the extent it

10  seeks all documents or "each . . . document" responsive to a certain category on the

11  grounds that such request is overbroad and unduly burdensome and oppressive.

12  MGA Mexico will not respond to duplicative or cumulative requests and, to the

13  extent that it may in the future agree to produce documents in response to the

14  Requests, MGA Mexico will not re-produce documents it has already produced or

15  produce documents that it has received from Mattel or others in the course of

16  discovery in this matter.

17          12.    MGA Mexico objects to the Requests insofar as they seek

18  production of confidential, proprietary, or trade-secret information, the disclosure of

19  which would be inimical to the business interests of MGA Mexico.

20          13.    MGA Mexico objects to each request to the extent it violates the

21  privacy rights of third parties to their private, confidential, proprietary or trade secret

22  information.

23          14.    MGA Mexico objects to each request to the extent it seeks

24  information relating to the activities or conduct of other entities or non-parties.

25          15.    MGA Mexico objects to each request to the extent it seeks

26  information relating to activities or conduct in foreign countries other than Mexico

27  related to MGA Mexico's business activities.

EXHIBIT ___6___

28

PAGE ___1078___

6

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

16.    MGA Mexico objects to the Definitions and Instructions to the extent such Definitions and Instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific request on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

17.    MGA Mexico objects to the Instructions to the extent that they purport to deprive MGA Mexico of the right to redact information from any documents "for any reason."  MGA Mexico retains and reserves the right to redact documents on any appropriate grounds, including in particular for privilege.

18.    MGA Mexico objects to the Instructions to the extent that they purport to unilaterally require MGA Mexico to produce documents in any manner inconsistent with any prior agreement between the parties.  MGA Mexico will continue to produce documents in conformity with the prior agreements between the parties.

19.    MGA Mexico specifically objects to the following definitions in the Requests:

(a)    MGA Mexico objects to the terms "YOU" and "YOUR" (Definitions ¶ A) as vague, ambiguous, overbroad, and unduly burdensome.  The definition includes "MGAE de Mexico, S.R.L. de C.V., and any PERSON acting directly or indirectly by, through, under or on behalf of MGAE de Mexico, S.R.L. de C.V. and any corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest, and any other PERSON acting on its behalf."  Because of Mattel's apparent incorporating the overbroad definition of "AFFILIATES" (Definitions ¶ C) as including "any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity,

7

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT ___6___
PAGE __1079__

1  including without limitation, each parent, subsidiary and joint venture of such

2  PERSON, party or entity," it is impossible for MGA Mexico to know whether a

3  particular person comes within this definition unless that person or entity at some

4  point in time held himself or herself out as being affiliated with MGA Mexico. Thus,

5  "YOU" and "YOUR" will be interpreted to mean all persons or entities who hold

6  themselves out to MGA Mexico as officers, employees, agents, subsidiaries or

7  divisions of MGA Mexico.

8          (b)      MGA Mexico also objects to the terms "RELATING,"

9  "RELATING TO," "REFERS TO," "REFERRING OR RELATING TO," and

10  "REFER OR RELATE TO" (Definitions ¶ E) on the grounds and to the extent they

11  are overbroad, unduly burdensome, and/or are vague and ambiguous in the context

12  of the Requests as written and as those requests would be plainly understood absent

13  Mattel's definitions.

14          20.      MGA Mexico objects to the Requests to the extent they seek the

15  production of documents in their native format where the burden of such production

16  outweighs the likelihood of discovering information that is relevant to the subject

17  matter of the claims or defenses in this action or calculated to lead to the discovery

18  of admissible evidence.

19          21.      MGA Mexico objects to the Requests on the grounds that they are

20  harassing, oppressive and unduly burdensome. Before these Requests, Mattel has

21  already propounded over 2,700 requests for documents and things to MGA, MGA

22  Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

23  ("the MGA Parties"), in response to which the MGA Parties have already produced

24  over 4.2 million pages of responsive documents.

25                    **SPECIFIC RESPONSES AND OBJECTIONS**

26          Without waiving or departing from its General Response and General

27  Objections and specifically incorporating its General Response and General

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT ___6___
PAGE ___1080___


1  Objections into each of the Specific Responses and Objections below, MGA Mexico

2  makes the following specific responses and objections to the Requests:

3  REQUEST FOR PRODUCTION NO. 1:

4      DOCUMENTS sufficient to IDENTIFY any OFFSITE STORAGE

5  FACILITIES used by YOU since 1995.

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

7      MGA Mexico incorporates by reference its General Response and General

8  Objections above, as though fully set forth herein.

9      MGA Mexico objects to this request as untimely and unenforceable to the

10 extent it seeks documents relating to Phase One.  Under Federal Rule of Civil

11 Procedure 34(b) and the Court's October 31, 2007 scheduling order, the last day to

12 serve document requests relating to Phase One was December 28, 2007 – 30 days

13 before the fact discovery cut-off.  Mattel served this request on January 22, 2008 –

14 more than three weeks past the deadline and just four (4) court days before the

15 discovery cut-off for Phase One.  The request is therefore untimely, and represents

16 an unreasonable delay and an improper attempt to re-open Phase One discovery by

17 Mattel after the court-ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S.

18 Dist. LEXIS 3479, *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007

19 U.S. Dist. LEXIS 87371, *6-7 (N.D. Ind. 2007).

20     MGA Mexico further objects to the request to the extent it seeks the

21 production of documents that are protected from disclosure under any applicable

22 privilege, doctrine or immunity, including without limitation the attorney-client

23 privilege, the work product doctrine, the right of privacy, and all other privileges

24 recognized under the constitutional, statutory or decisional law of the United States

25 of America, the State of California or any other applicable jurisdiction.  MGA

26 Mexico further objects to this request on the grounds that it is overbroad in its use of

27 the term YOU and its incorporated term AFFILIATES.  MGA Mexico further

28

9

EXHIBIT ___6___

PAGE ___1081___

1  objects to this request on the grounds that it is overly broad and unduly burdensome

2  in that it seeks documents not relevant to the claims or defenses in this action and not

3  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

4  demonstrated how DOCUMENTS sufficient to IDENTIFY *any* OFFSITE

5  STORAGE FACILITIES used by YOU *since 1995* could be relevant to the claims

6  and defenses in this action. The request is not limited to the subject matter of this

7  action and is thus impermissibly overbroad. See Judge Infante's December 31, 2007

8  Order at 5:22-26, 8:1-3; see also Judge Infante's August 13, 2007 Order at 9:17-20;

9  see also Judge Infante's May 22, 2007 Order at 21:5-7. MGA Mexico further

10  objects to this request as being overly broad and unduly burdensome on the grounds

11  that it is not limited in geographical scope and seeks documents since 1995—nearly

12  ten years before this case was filed and well before any of the allegations associated

13  with any claims or defenses. See Judge Infante's December 31, 2007 Order at 5:22-

14  26, 8:1-3, 14:25-15:1. MGA Mexico further objects to the request to the extent that

15  it seeks documents that by reason of public filing, public distribution or otherwise

16  are already in Mattel's possession or are readily accessible to Mattel, or available to

17  Mattel from a source that is more convienient, less burdensome, or less expensive.

18  See Judge Infante's December 31, 2007 Order at 14:1-6, 19:4-7. MGA Mexico

19  further objects to the request to the extent that it seeks documents not in MGA

20  Mexico's possession, custody or control.

21      MGA Mexico further objects to this request as cumulative, duplicative, and

22  unduly burdensome to the extent that it seeks documents previously requested by

23  Mattel or produced by MGA (or any of its affiliates) in response to Mattel's

24  document requests. For example, this request is an exact duplicate of and completely

25  coextensive with (based on Mattel's definitions for these Requests and the related

26  sets of requests) Request No. 1 from Mattel, Inc.'s Seventh Set of Requests for

27  Documents and Things to MGA Entertainment, Inc., Request No. 1 from Mattel,

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE.C.V.

EXHIBIT ___6___

PAGE __1082__

1 | Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment (HK)

2 | Limited, and Request No. 1 from Mattel, Inc.'s Third Set of Requests for Documents

3 | and Things to Isaac Larian. Additionally, (based on Mattel's definitions for these

4 | Requests and the related sets of requests) this request is completely equivalent to and

5 | coextensive with Request No. 2 from these Requests, as well as Request No. 2 from

6 | Mattel, Inc.'s Seventh Set of Requests for Documents and Things to MGA

7 | Entertainment, Inc., Request No. 2 from Mattel, Inc.'s Third Set of Requests for

8 | Documents and Things to MGA Entertainment (HK) Limited, and Request No. 2

9 | from Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac Larian.

10 |      MGA Mexico further objects to this request as untimely and unenforceable to

11 | the extent it seeks documents relating to Phase Two, because Phase Two discovery

12 | has been and remains stayed by court order. Specifically, in the Court's February 4,

13 | 2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

14 | Court. Accordingly, MGA Mexico has no obligation to respond to this request

15 | insofar as it seeks documents related to Phase Two, unless and until the Court lifts

16 | the Phase Two discovery stay, and MGA Mexico therefore hereby preserves all

17 | objections.

18 | REQUEST FOR PRODUCTION NO. 2:

19 |      DOCUMENTS sufficient to IDENTIFY any OFFSITE STORAGE

20 | FACILITIES used by YOUR AFFILIATES since 1995.

21 | RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

22 |      MGA Mexico incorporates by reference its General Response and General

23 | Objections above, as though fully set forth herein.

24 |      MGA Mexico objects to this request as untimely and unenforceable to the

25 | extent it seeks documents relating to Phase One. Under Federal Rule of Civil

26 | Procedure 34(b) and the Court's October 31, 2007 scheduling order, the last day to

27 | serve document requests relating to Phase One was December 28, 2007 – 30 days

28 |

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT **6**

PAGE **1083**

1  before the fact discovery cut-off.  Mattel served this request on January 22, 2008 –

2  more than three weeks past the deadline and just four (4) court days before the

3  discovery cut-off for Phase One.  The request is therefore untimely, and represents

4  an unreasonable delay and an improper attempt to re-open Phase One discovery by

5  Mattel after the court-ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S.

6  Dist. LEXIS 3479, *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007

7  U.S. Dist. LEXIS 87371, *6-7 (N.D. Ind. 2007).

8          MGA Mexico further objects to the request to the extent it seeks the

9  production of documents that are protected from disclosure under any applicable

10  privilege, doctrine or immunity, including without limitation the attorney-client

11  privilege, the work product doctrine, the right of privacy, and all other privileges

12  recognized under the constitutional, statutory or decisional law of the United States

13  of America, the State of California or any other applicable jurisdiction.  MGA

14  Mexico further objects to this request on the grounds that it is overbroad in its use of

15  the term YOUR and its incorporated term AFFILIATES.  MGA Mexico further

16  objects to this request on the grounds that it is overly broad and unduly burdensome

17  in that it seeks documents not relevant to the claims or defenses in this action and not

18  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

19  demonstrated how DOCUMENTS sufficient to IDENTIFY *any* OFFSITE

20  STORAGE FACILITIES used by YOUR AFFILIATES *since 1995* could be relevant

21  to the claims and defenses in this action.  The request is not limited to the subject

22  matter of this action and is thus impermissibly overbroad.  See Judge Infante's

23  December 31, 2007 Order at 5:22-26, 8:1-3; see also Judge Infante's August 13,

24  2007 Order at 9:17-20; see also Judge Infante's May 22, 2007 Order at 21:5-7.

25  MGA Mexico further objects to this request as being overly broad and unduly

26  burdensome on the grounds that it is not limited in geographical scope and seeks

27  documents since 1995—nearly ten years before this case was filed and well before

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT ___6___

PAGE ___1084___

1  any of the allegations associated with any claims or defenses.  See Judge Infante's

2  December 31, 2007 Order at 5:22-26, 8:1-3, 14:25-15:1.  MGA Mexico further

3  objects to the request to the extent that it seeks documents that by reason of public

4  filing, public distribution or otherwise are already in Mattel's possession or are

5  readily accessible to Mattel, or available to Mattel from a source that is more

6  convenient, less burdensome, or less expensive.  See Judge Infante's December 31,

7  2007 Order at 14:1-6, 19:4-7.  MGA Mexico further objects to the request to the

8  extent that it seeks documents not in MGA Mexico's possession, custody or control.

9  MGA Mexico further objects to the request to the extent it seeks confidential,

10  proprietary or commercially sensitive information, the disclosure of which would be

11  inimical to the business interests of MGA.  MGA Mexico further objects to the

12  request to the extent it violates the privacy rights of third parties to their private,

13  confidential, proprietary or trade secret information.

14      MGA Mexico further objects to this request as cumulative, duplicative, and

15  unduly burdensome to the extent that it seeks documents previously requested by

16  Mattel or produced by MGA (or any of its affiliates) in response to Mattel's

17  document requests.  For example, this request is an exact duplicate of and completely

18  coextensive with (based on Mattel's definitions for these Requests and the related

19  sets of requests) Request No. 2 from Mattel, Inc.'s Seventh Set of Requests for

20  Documents and Things to MGA Entertainment, Inc., Request No. 2 from Mattel,

21  Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment (HK)

22  Limited, and Request No. 2 from Mattel, Inc.'s Third Set of Requests for Documents

23  and Things to Isaac Larian.  Additionally, (based on Mattel's definitions for these

24  Requests and the related sets of requests) this request is completely equivalent to and

25  coextensive with Request No. 1 from these Requests, as well as Request No. 1 from

26  Mattel, Inc.'s Seventh Set of Requests for Documents and Things to MGA

27  Entertainment, Inc., Request No. 1 from Mattel, Inc.'s Third Set of Requests for

28

13

EXHIBIT ___6___

PAGE ___1085___

1   Documents and Things to MGA Entertainment (HK) Limited, and Request No. 1

2   from Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac Larian.

3        MGA Mexico further objects to this request as untimely and unenforceable to

4   the extent it seeks documents relating to Phase Two, because Phase Two discovery

5   has been and remains stayed by court order.  Specifically, in the Court's February 4,

6   2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

7   Court.  Accordingly, MGA Mexico has no obligation to respond to this request

8   insofar as it seeks documents related to Phase Two, unless and until the Court lifts

9   the Phase Two discovery stay, and MGA Mexico therefore hereby preserves all

10  objections.

11  REQUEST FOR PRODUCTION NO. 3:

12       Each log, record, index, file or other DOCUMENT IDENTIFYING or listing

13  YOUR DOCUMENTS or any tangible things stored at the OFFSITE STORAGE

14  FACILITIES since 1995.

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

16       MGA Mexico incorporates by reference its General Response and General

17  Objections above, as though fully set forth herein.

18       MGA Mexico objects to this request as untimely and unenforceable to the

19  extent it seeks documents relating to Phase One.  Under Federal Rule of Civil

20  Procedure 34(b) and the Court's October 31, 2007 scheduling order, the last day to

21  serve document requests relating to Phase One was December 28, 2007 – 30 days

22  before the fact discovery cut-off.  Mattel served this request on January 22, 2008 –

23  more than three weeks past the deadline and just four (4) court days before the

24  discovery cut-off for Phase One.  The request is therefore untimely, and represents

25  an unreasonable delay and an improper attempt to re-open Phase One discovery by

26  Mattel after the court-ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S.

27

28

14

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT ___6___
PAGE ___1086___

1  Dist. LEXIS 3479, *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007

2  U.S. Dist. LEXIS 87371, *6-7 (N.D. Ind. 2007).

3        MGA Mexico further objects to the request to the extent it seeks the

4  production of documents that are protected from disclosure under any applicable

5  privilege, doctrine or immunity, including without limitation the attorney-client

6  privilege, the work product doctrine, the right of privacy, and all other privileges

7  recognized under the constitutional, statutory or decisional law of the United States

8  of America, the State of California or any other applicable jurisdiction.  MGA

9  Mexico further objects to this request on the grounds that it is overbroad in its use of

10  the term YOUR and its incorporated term AFFILIATES.  MGA Mexico further

11  objects to this request on the grounds that it is overly broad and unduly burdensome

12  in that it seeks documents not relevant to the claims or defenses in this action and not

13  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

14  demonstrated how *each* log, record, index file or other DOCUMENT

15  IDENTIFYING or listing YOUR DOCUMENTS or *any* tangible things stored at the

16  OFFSITE STORAGE FACILITIES *since 1995* could be relevant to the claims and

17  defenses in this action.  The request is not limited to the subject matter of this action

18  and is thus impermissibly overbroad.  See Judge Infante's December 31, 2007 Order

19  at 5:22-26, 8:1-3; see also Judge Infante's August 13, 2007 Order at 9:17-20; see

20  also Judge Infante's May 22, 2007 Order at 21:5-7.  MGA Mexico further objects to

21  this request as being overly broad and unduly burdensome on the grounds that it is

22  not limited in geographical scope and seeks documents since 1995—nearly ten years

23  before this case was filed and well before any of the allegations associated with any

24  claims or defenses.  See Judge Infante's December 31, 2007 Order at 5:22-26, 8:1-3,

25  14:25-15:1.  MGA Mexico further objects to the request to the extent that it seeks

26  documents that by reason of public filing, public distribution or otherwise are already

27  in Mattel's possession or are readily accessible to Mattel, or available to Mattel from

28

15

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT ___6___

PAGE __1087__

1  a source that is more convenient, less burdensome, or less expensive. <u>See</u> Judge

2  Infante's December 31, 2007 Order at 14:1-6, 19:4-7. MGA Mexico further objects

3  to the request to the extent that it seeks documents not in MGA Mexico's possession,

4  custody or control.

5       MGA Mexico further objects to this request as cumulative, duplicative, and

6  unduly burdensome to the extent that it seeks documents previously requested by

7  Mattel or produced by MGA (or any of its affiliates) in response to Mattel's

8  document requests. For example, this request is an exact duplicate of and completely

9  coextensive with (based on Mattel's definitions for these Requests and the related

10  sets of requests) Request No. 3 from Mattel, Inc.'s Seventh Set of Requests for

11  Documents and Things to MGA Entertainment, Inc., Request No. 3 from Mattel,

12  Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment (HK)

13  Limited, and Request No. 3 from Mattel, Inc.'s Third Set of Requests for Documents

14  and Things to Isaac Larian. Additionally, (based on Mattel's definitions for these

15  Requests and the related sets of requests) this request is completely equivalent to and

16  coextensive with Request No. 4 from these Requests, as well as Request No. 4 from

17  Mattel, Inc.'s Seventh Set of Requests for Documents and Things to MGA

18  Entertainment, Inc., Request No. 4 from Mattel, Inc.'s Third Set of Requests for

19  Documents and Things to MGA Entertainment (HK) Limited, and Request No. 4

20  from Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac Larian.

21  This request also has substantial if not complete overlap with Request Nos. 5 and 6

22  from these Requests, as well as Request Nos. 5 and 6 from Mattel, Inc.'s Seventh Set

23  of Requests for Documents and Things to MGA Entertainment, Inc., Request Nos. 5

24  and 6 from Mattel, Inc.'s Third Set of Requests for Documents and Things to MGA

25  Entertainment (HK) Limited, and Request Nos. 5 and 6 from Mattel, Inc.'s Third Set

26  of Requests for Documents and Things to Isaac Larian.

27

28

EXHIBIT __6__
PAGE __1088__

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

1        MGA Mexico further objects to this request as untimely and unenforceable to

2  the extent it seeks documents relating to Phase Two, because Phase Two discovery

3  has been and remains stayed by court order.  Specifically, in the Court's February 4,

4  2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

5  Court.  Accordingly, MGA Mexico has no obligation to respond to this request

6  insofar as it seeks documents related to Phase Two, unless and until the Court lifts

7  the Phase Two discovery stay, and MGA Mexico therefore hereby preserves all

8  objections.

9  <u>REQUEST FOR PRODUCTION NO. 4:</u>

10        Each log, record, index, file or other DOCUMENT IDENTIFYING or listing

11  YOUR AFFILIATES' DOCUMENTS or any tangible things stored at the OFFSITE

12  STORAGE FACILITIES since 1995.

13  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 4:</u>

14        MGA Mexico incorporates by reference its General Response and General

15  Objections above, as though fully set forth herein.

16        MGA Mexico objects to this request as untimely and unenforceable to the

17  extent it seeks documents relating to Phase One.  Under Federal Rule of Civil

18  Procedure 34(b) and the Court's October 31, 2007 scheduling order, the last day to

19  serve document requests relating to Phase One was December 28, 2007 – 30 days

20  before the fact discovery cut-off.  Mattel served this request on January 22, 2008 –

21  more than three weeks past the deadline and just four (4) court days before the

22  discovery cut-off for Phase One.  The request is therefore untimely, and represents

23  an unreasonable delay and an improper attempt to re-open Phase One discovery by

24  Mattel after the court-ordered discovery cut-off.  <u>Andrews v. Raphaelson</u>, 2007 U.S.

25  Dist. LEXIS 3479, *18 (D. Nev. 2007); <u>Mfr. Direct, LLC v. DirectBuy, Inc.</u>, 2007

26  U.S. Dist. LEXIS 87371, *6-7 (N.D. Ind. 2007).

EXHIBIT __6__

PAGE __1089__

27

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

1     MGA Mexico further objects to the request to the extent it seeks the

2  production of documents that are protected from disclosure under any applicable

3  privilege, doctrine or immunity, including without limitation the attorney-client

4  privilege, the work product doctrine, the right of privacy, and all other privileges

5  recognized under the constitutional, statutory or decisional law of the United States

6  of America, the State of California or any other applicable jurisdiction. MGA

7  Mexico further objects to this request on the grounds that it is overbroad in its use of

8  the term YOUR and its incorporated term AFFILIATES. MGA Mexico further

9  objects to this request on the grounds that it is overly broad and unduly burdensome

10  in that it seeks documents not relevant to the claims or defenses in this action and not

11  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

12  demonstrated how *each* log, record, index file or other DOCUMENT

13  IDENTIFYING or listing YOUR AFFILIATES' DOCUMENTS or *any* tangible

14  things stored at the OFFSITE STORAGE FACILITIES *since 1995* could be relevant

15  to the claims and defenses in this action. The request is not limited to the subject

16  matter of this action and is thus impermissibly overbroad. See Judge Infante's

17  December 31, 2007 Order at 5:22-26, 8:1-3; see also Judge Infante's August 13,

18  2007 Order at 9:17-20; see also Judge Infante's May 22, 2007 Order at 21:5-7.

19  MGA Mexico further objects to this request as being overly broad and unduly

20  burdensome on the grounds that it is not limited in geographical scope and seeks

21  documents since 1995—nearly ten years before this case was filed and well before

22  any of the allegations associated with any claims or defenses. See Judge Infante's

23  December 31, 2007 Order at 5:22-26, 8:1-3, 14:25-15:1. MGA Mexico further

24  objects to the request to the extent that it seeks documents that by reason of public

25  filing, public distribution or otherwise are already in Mattel's possession or are

26  readily accessible to Mattel, or available to Mattel from a source that is more

27  convenient, less burdensome, or less expensive. See Judge Infante's December 31,

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT 6
PAGE 1090

1  2007 Order at 14:1-6, 19:4-7.  MGA Mexico further objects to the request to the

2  extent that it seeks documents not in MGA Mexico's possession, custody or control.

3      MGA Mexico further objects to this request as cumulative, duplicative, and

4  unduly burdensome to the extent that it seeks documents previously requested by

5  Mattel or produced by MGA (or any of its affiliates) in response to Mattel's

6  document requests.  For example, this request is an exact duplicate of and completely

7  coextensive with (based on Mattel's definitions for these Requests and the related

8  sets of requests) Request No. 4 from Mattel, Inc.'s Seventh Set of Requests for

9  Documents and Things to MGA Entertainment, Inc., Request No. 4 from Mattel,

10  Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment (HK)

11  Limited, and Request No. 4 from Mattel, Inc.'s Third Set of Requests for Documents

12  and Things to Isaac Larian.  Additionally, (based on Mattel's definitions for these

13  Requests and the related sets of requests) this request is completely equivalent to and

14  coextensive with Request No. 3 from these Requests, as well as Request No. 3 from

15  Mattel, Inc.'s Seventh Set of Requests for Documents and Things to MGA

16  Entertainment, Inc., Request No. 3 from Mattel, Inc.'s Third Set of Requests for

17  Documents and Things to MGA Entertainment (HK) Limited, and Request No. 3

18  from Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac Larian.

19  This request also has substantial if not complete overlap with Request Nos. 5 and 6

20  from these Requests, as well as Request Nos. 5 and 6 from Mattel, Inc.'s Seventh Set

21  of Requests for Documents and Things to MGA Entertainment, Inc., Request Nos. 5

22  and 6 from Mattel, Inc.'s Third Set of Requests for Documents and Things to MGA

23  Entertainment (HK) Limited, and Request Nos. 5 and 6 from Mattel, Inc.'s Third Set

24  of Requests for Documents and Things to Isaac Larian.

25      MGA Mexico further objects to this request as untimely and unenforceable to

26  the extent it seeks documents relating to Phase Two, because Phase Two discovery

27  has been and remains stayed by court order.  Specifically, in the Court's February 4,

28

19
RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT  6
PAGE  1091

1    2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

2    Court. Accordingly, MGA Mexico has no obligation to respond to this request

3    insofar as it seeks documents related to Phase Two, unless and until the Court lifts

4    the Phase Two discovery stay, and MGA Mexico therefore hereby preserves all

5    objections.

6    <u>REQUEST FOR PRODUCTION NO. 5:</u>

7        Each log, record, index, file or other DOCUMENT IDENTIFYING or listing

8    YOUR DOCUMENTS or any tangible things that have been sent to or received from

9    the OFFSITE STORAGE FACILITIES since 1995, including when the

10    DOCUMENTS or any tangible things were sent and/or received.

11    <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 5:</u>

12        MGA Mexico incorporates by reference its General Response and General

13    Objections above, as though fully set forth herein.

14        MGA Mexico objects to this request as untimely and unenforceable to the

15    extent it seeks documents relating to Phase One. Under Federal Rule of Civil

16    Procedure 34(b) and the Court's October 31, 2007 scheduling order, the last day to

17    serve document requests relating to Phase One was December 28, 2007 – 30 days

18    before the fact discovery cut-off. Mattel served this request on January 22, 2008 –

19    more than three weeks past the deadline and just four (4) court days before the

20    discovery cut-off for Phase One. The request is therefore untimely, and represents

21    an unreasonable delay and an improper attempt to re-open Phase One discovery by

22    Mattel after the court-ordered discovery cut-off. <u>Andrews v. Raphaelson</u>, 2007 U.S.

23    Dist. LEXIS 3479, *18 (D. Nev. 2007); <u>Mfr. Direct, LLC v. DirectBuy, Inc.</u>, 2007

24    U.S. Dist. LEXIS 87371, *6-7 (N.D. Ind. 2007).

25        MGA Mexico further objects to the request to the extent it seeks the

26    production of documents that are protected from disclosure under any applicable

27    privilege, doctrine or immunity, including without limitation the attorney-client

28

20

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR<br>DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT __6__

PAGE __1092__

1  privilege, the work product doctrine, the right of privacy, and all other privileges

2  recognized under the constitutional, statutory or decisional law of the United States

3  of America, the State of California or any other applicable jurisdiction.  MGA

4  Mexico further objects to this request on the grounds that it is overbroad in its use of

5  the term YOUR and its incorporated term AFFILIATES.  MGA Mexico further

6  objects to this request on the grounds that it is overly broad and unduly burdensome

7  in that it seeks documents not relevant to the claims or defenses in this action and not

8  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

9  demonstrated how *each* log, record, index file or other DOCUMENT

10  IDENTIFYING or listing YOUR DOCUMENTS or *any* tangible things that have

11  been sent to or received from the OFFSITE STORAGE FACILITIES *since 1995,*

12  including when the DOCUMENTS or *any* tangible things were sent and/or received

13  could be relevant to the claims and defenses in this action.  The request is not limited

14  to the subject matter of this action and is thus impermissibly overbroad.  See Judge

15  Infante's December 31, 2007 Order at 5:22-26, 8:1-3; see also Judge Infante's

16  August 13, 2007 Order at 9:17-20; see also Judge Infante's May 22, 2007 Order at

17  21:5-7.  MGA Mexico further objects to this request as being overly broad and

18  unduly burdensome on the grounds that it is not limited in geographical scope and

19  seeks documents since 1995—nearly ten years before this case was filed and well

20  before any of the allegations associated with any claims or defenses.  See Judge

21  Infante's December 31, 2007 Order at 5:22-26, 8:1-3, 14:25-15:1.  MGA Mexico

22  further objects to the request to the extent that it seeks documents that by reason of

23  public filing, public distribution or otherwise are already in Mattel's possession or

24  are readily accessible to Mattel, or available to Mattel from a source that is more

25  convienient, less burdensome, or less expensive.  See Judge Infante's December 31,

26  2007 Order at 14:1-6, 19:4-7.  MGA Mexico further objects to the request to the

27  extent that it seeks documents not in MGA Mexico's possession, custody or control.

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT ___6___

PAGE _1093_

1    MGA Mexico further objects to this request as cumulative, duplicative, and
2    unduly burdensome to the extent that it seeks documents previously requested by
3    Mattel or produced by MGA (or any of its affiliates) in response to Mattel's
4    document requests.  For example, this request is an exact duplicate of and completely
5    coextensive with (based on Mattel's definitions for these Requests and the related
6    sets of requests) Request No. 5 from Mattel, Inc.'s Seventh Set of Requests for
7    Documents and Things to MGA Entertainment, Inc., Request No. 5 from Mattel,
8    Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment (HK)
9    Limited, and Request No. 5 from Mattel, Inc.'s Third Set of Requests for Documents
10   and Things to Isaac Larian.  Additionally, (based on Mattel's definitions for these
11   Requests and the related sets of requests) this request is completely equivalent to and
12   coextensive with Request No. 6 from these Requests, as well as Request No. 6 from
13   Mattel, Inc.'s Seventh Set of Requests for Documents and Things to MGA
14   Entertainment, Inc., Request No. 6 from Mattel, Inc.'s Third Set of Requests for
15   Documents and Things to MGA Entertainment (HK) Limited, and Request No. 6
16   from Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac Larian.
17   This request also has substantial if not complete overlap with Request Nos. 3 and 4
18   from these Requests, as well as Request Nos. 3 and 4 from Mattel, Inc.'s Seventh Set
19   of Requests for Documents and Things to MGA Entertainment, Inc., Request Nos. 3
20   and 4 from Mattel, Inc.'s Third Set of Requests for Documents and Things to MGA
21   Entertainment (HK) Limited, and Request Nos. 3 and 4 from Mattel, Inc.'s Third Set
22   of Requests for Documents and Things to Isaac Larian.
23       MGA Mexico further objects to this request as untimely and unenforceable to
24   the extent it seeks documents relating to Phase Two, because Phase Two discovery
25   has been and remains stayed by court order.  Specifically, in the Court's February 4,
26   2008 Order, Judge Larson stayed all Phase Two discovery until further order of the
27   Court.  Accordingly, MGA Mexico has no obligation to respond to this request
28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT ___6___

PAGE ___1094___

1  insofar as it seeks documents related to Phase Two, unless and until the Court lifts

2  the Phase Two discovery stay, and MGA Mexico therefore hereby preserves all

3  objections.

4  REQUEST FOR PRODUCTION NO. 6:

5       Each log, record, index, file or other DOCUMENT IDENTIFYING or listing

6  YOUR AFFILIATES' DOCUMENTS or any tangible things that have been sent to

7  or received from the OFFSITE STORAGE FACILITIES since 1995, including when

8  the DOCUMENTS or any tangible things were sent and/or received.

9  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

10      MGA Mexico incorporates by reference its General Response and General

11  Objections above, as though fully set forth herein.

12      MGA Mexico objects to this request as untimely and unenforceable to the

13  extent it seeks documents relating to Phase One.  Under Federal Rule of Civil

14  Procedure 34(b) and the Court's October 31, 2007 scheduling order, the last day to

15  serve document requests relating to Phase One was December 28, 2007 – 30 days

16  before the fact discovery cut-off.  Mattel served this request on January 22, 2008 –

17  more than three weeks past the deadline and just four (4) court days before the

18  discovery cut-off for Phase One.  The request is therefore untimely, and represents

19  an unreasonable delay and an improper attempt to re-open Phase One discovery by

20  Mattel after the court-ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S.

21  Dist. LEXIS 3479, *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007

22  U.S. Dist. LEXIS 87371, *6-7 (N.D. Ind. 2007).

23      MGA Mexico further objects to the request to the extent it seeks the

24  production of documents that are protected from disclosure under any applicable

25  privilege, doctrine or immunity, including without limitation the attorney-client

26  privilege, the work product doctrine, the right of privacy, and all other privileges

27  recognized under the constitutional, statutory or decisional law of the United States

28

23

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT __6__
PAGE __1095__

1  of America, the State of California or any other applicable jurisdiction.  MGA

2  Mexico further objects to this request on the grounds that it is overbroad in its use of

3  the term YOUR and its incorporated term AFFILIATES.  MGA Mexico further

4  objects to this request on the grounds that it is overly broad and unduly burdensome

5  in that it seeks documents not relevant to the claims or defenses in this action and not

6  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

7  demonstrated how *each* log, record, index file or other DOCUMENT

8  IDENTIFYING or listing YOUR AFFILIATES' DOCUMENTS or *any* tangible

9  things that have been sent to or received from the OFFSITE STORAGE

10  FACILITIES *since 1995*, including when the DOCUMENTS or *any* tangible things

11  were sent and/or received could be relevant to the claims and defenses in this action.

12  The request is not limited to the subject matter of this action and is thus

13  impermissibly overbroad.  See Judge Infante's December 31, 2007 Order at 5:22-26,

14  8:1-3; see also Judge Infante's August 13, 2007 Order at 9:17-20; see also Judge

15  Infante's May 22, 2007 Order at 21:5-7.  MGA Mexico further objects to this request

16  as being overly broad and unduly burdensome on the grounds that it is not limited in

17  geographical scope and seeks documents since 1995—nearly ten years before this

18  case was filed and well before any of the allegations associated with any claims or

19  defenses.  See Judge Infante's December 31, 2007 Order at 5:22-26, 8:1-3, 14:25-

20  15:1.  MGA Mexico further objects to the request to the extent that it seeks

21  documents that by reason of public filing, public distribution or otherwise are already

22  in Mattel's possession or are readily accessible to Mattel, or available to Mattel from

23  a source that is more convenient, less burdensome, or less expensive.  See Judge

24  Infante's December 31, 2007 Order at 14:1-6, 19:4-7.  MGA Mexico further objects

25  to the request to the extent that it seeks documents not in MGA Mexico's possession,

26  custody or control.

27

28

EXHIBIT __6__

PAGE __1096__

24

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

1    MGA Mexico further objects to this request as cumulative, duplicative, and

2    unduly burdensome to the extent that it seeks documents previously requested by

3    Mattel or produced by MGA (or any of its affiliates) in response to Mattel's

4    document requests.  For example, this request is an exact duplicate of and completely

5    coextensive with (based on Mattel's definitions for these Requests and the related

6    sets of requests) Request No. 6 from Mattel, Inc.'s Seventh Set of Requests for

7    Documents and Things to MGA Entertainment, Inc., Request No. 6 from Mattel,

8    Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment (HK)

9    Limited, and Request No. 6 from Mattel, Inc.'s Third Set of Requests for Documents

10   and Things to Isaac Larian.  Additionally, (based on Mattel's definitions for these

11   Requests and the related sets of requests) this request is completely equivalent to and

12   coextensive with Request No. 5 from these Requests, as well as Request No. 5 from

13   Mattel, Inc.'s Seventh Set of Requests for Documents and Things to MGA

14   Entertainment, Inc., Request No. 5 from Mattel, Inc.'s Third Set of Requests for

15   Documents and Things to MGA Entertainment (HK) Limited, and Request No. 5

16   from Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac Larian.

17   This request also has substantial if not complete overlap with Request Nos. 3 and 4

18   from these Requests, as well as Request Nos. 3 and 4 from Mattel, Inc.'s Seventh Set

19   of Requests for Documents and Things to MGA Entertainment, Inc., Request Nos. 3

20   and 4 from Mattel, Inc.'s Third Set of Requests for Documents and Things to MGA

21   Entertainment (HK) Limited, and Request Nos. 3 and 4 from Mattel, Inc.'s Third Set

22   of Requests for Documents and Things to Isaac Larian.

23       MGA Mexico further objects to this request as untimely and unenforceable to

24   the extent it seeks documents relating to Phase Two, because Phase Two discovery

25   has been and remains stayed by court order.  Specifically, in the Court's February 4,

26   2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

27   Court.  Accordingly, MGA Mexico has no obligation to respond to this request

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT ___6___
PAGE ___1097___

1   insofar as it seeks documents related to Phase Two, unless and until the Court lifts

2   the Phase Two discovery stay, and MGA Mexico therefore hereby preserves all

3   objections.

4

5   DATED:  February 21, 2007          SKADDEN, ARPS, SLATE, MEAGHER &
                                        FLOM, LLP
6

7

8                                      By: _____
                                           THOMAS J. NOLAN
9
                                        Attorneys for Counter-Defendants,
10                                      MGA ENTERTAINMENT, INC.,
                                        ISAAC LARIAN, MGA ENTERTAINMENT
11                                      (HK) LIMITED, AND MGAE de MEXICO
                                        S.R.L. de C.V.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                      EXHIBIT ___6___
27                                      PAGE ___1098___

28
                                        26
                       RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
                  DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

# EXHIBIT 7

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

**CHICAGO**
250 South Wacker Drive, Suite 230
Chicago, IL 60606
(312) 463-2961
Facsimile: (312) 463-2962

**LONDON**
16 Old Bailey
London EC4M 7EG United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052 Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   April 2, 2009    **NUMBER OF PAGES, INCLUDING COVER: (13)**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amman A. Khan, Esq.<br>Glaser, Weil, Fink, Jacobs & Shapiro, LLP | | 310-556-2920 |

**FROM:**   Curran M. Walker
(213) 443-3702
curranwalker@quinnemanuel.com

**RE:**   Mattel, Inc. v. MGA Entertainment et al.

**MESSAGE:**

Please refer to the attached correspondence. Thank you.



07975/2868500.1

| CLIENT # | 07975 | ROUTE/<br>RETURN TO: | Elaine Chavarria | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?   ☐ NO   ☐ YES: _____ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT __7__
PAGE __1099__

# Confirmation Report — Memory Send

```
                                Page     : 001
                                Date & Time: 04-02-2009   16:05
                                Line 1   : 2134433100
                                Line 2   :
                                Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 613 |
| Date | : | 04-02 15:59 |
| To | : | ☎9414#07975#13105562920 |
| Number of pages | : | 013 |
| Start time | : | 04-02 15:59 |
| End time | : | 04-02 16:05 |
| Pages sent | : | 013 |
| Status | : | OK |

Job number   : 613         *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

**CHICAGO**
260 South Wacker Drive, Suite 230
Chicago, IL 80606
(312) 463-2961
Facsimile: (312) 463-2962

**LONDON**
16 Old Bailey
London EC4M 7EG United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052 Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:     April 2, 2009                    NUMBER OF PAGES, INCLUDING COVER: (13)

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amman A. Khan, Esq.<br>Glaser, Weil, Fink, Jacobs & Shapiro, LLP | | 310-556-2920 |

FROM:     Curran M. Walker
          (213) 443-3702
          curranwalker@quinnemanuel.com

RE:       Mattel, Inc. v. MGA Entertainment et al.

MESSAGE:

Please refer to the attached correspondence. Thank you.

| | | | |
|---|---|---|---|
| 07975/2865300.1 | | ROUTE/ | ☒ CONFIRM FAX |
| CLIENT # | 07975 | RETURN TO: Elaine Chavarria | ☒ INCLUDE CONF. REPORT |
| OPERATOR: | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 7
PAGE 1100

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3152**

WRITER'S INTERNET ADDRESS
**marshallsearcy@quinnemanuel.com**

April 2, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Amman A. Khan, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, CA 90067

Re:   <u>Mattel, Inc. v. MGA Entertainment et al.</u>

Counsel:

I write pursuant to the Discovery Master's Order No. 1, dated February 12, 2009.  Mattel requests that MGA meet and confer regarding MGAE de Mexico S.R.L. de C.V.'s ("MGA Mexico") 1) Objections and Responses to Mattel Inc.'s First Set of Requests for Documents and Things; 2) Response to Mattel, Inc.'s Second Set of Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.; and 3) Response to Mattel, Inc.'s Third Set of Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V. (collectively "Responses").

Though the stay on Phase 2 discovery has now been lifted, MGA Mexico has not produced any documents in response to Mattel's First, Second, and Third Sets of Requests.  Moreover, MGA Mexico's Responses contain numerous deficiencies and assert objections that have been repeatedly rejected in prior Orders and are improper, as outlined below:

EXHIBIT __7__
PAGE __116l__

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

## DEFICIENCIES IN MGA MEXICO'S OBJECTIONS TO MATTEL, INC.'S FIRST AND SECOND SET OF REQUESTS FOR DOCUMENTS AND THINGS

### General Objections

MGA Mexico raised a series of boilerplate general objections, none of which are supported or well-taken. Under Rule 34, an objection must clearly set forth the specifics of the objection and how the objection relates to the documents requested. Generic, non-specific objections are improper. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.").

### Privacy Objections:

MGA Mexico may not withhold documents on the grounds that they are protected by the right of privacy. The parties in this action have stipulated to, and the Court has entered, a Protective Order sufficient to protect MGA Mexico's privacy interests. Judge Larson, the current Discovery Master and the former Discovery Master have all ruled that the Protective Order is sufficient to address concerns about privacy rights. E.g., Phase 2 Discovery Matter Order No. 6, dated March 13, 2009; Putnam v. Eli Lilly and Co., 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) (finding that a protective order "can strike the appropriate balance between the need for the information and the privacy concerns" of the party opposing production of employee information).

### Privilege Objections:

Additionally, to the extent that MGA Mexico is withholding documents on the basis of privilege, it must, under Rule 26(b)(5), sufficiently describe those documents in a privilege log to permit Mattel to assess the applicability of MGA Mexico's privilege claims. Federal Rule of Civil Procedure 26(b)(5); Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1148-50 (9th Cir. 2005) (affirming district court's holding that party waived privilege objections by failing to provide privilege log within thirty days of serving its responses).

### Objection that documents are readily accessible to Mattel from public sources or third parties:

MGA Mexico must produce relevant, non-privileged documents within its custody, possession or control. MGA Mexico is not relieved of this obligation simply because relevant, non-privileged documents are available from "public sources or third parties." Indeed, MGA Mexico's objection is especially frivolous and inconsistent with MGA's own arguments given its repeated assertions that discovery should be first sought from other parties, rather than third parties. In short, MGA Mexico may not dictate what discovery devices Mattel may use to obtain information relevant to this lawsuit that is within the possession, custody and control of MGA Mexico.

EXHIBIT ___7___
PAGE __1402__

<u>Objection that "documents located at MGA Mexico's offices":</u>

This objection attempts to impose limitations on MGA Mexico's obligations above and beyond those found in the <u>Federal Rules</u> and is thus improper. <u>Rule</u> 34 clearly states that MGA Mexico must turn over relevant, non-privileged documents within its custody, possession or control. MGA Mexico thus has an obligation to produce documents regardless of whether those documents are located at MGA Mexico's offices.

<u>Objection to producing "information relating to the activities or conduct of other entities or non-parties":</u>

MGA Mexico is required to produce responsive documents in its possession, custody, or control. Any information it has relating to the "activities or conduct" of others that are relevant to the claims in this lawsuit must accordingly be produced. For example, the "activities or conduct" of Carlos Gustavo Machado Gomez, Mariana Trueba Almada, and Pablo Vargas San Jose while they were employed at Mattel go directly to the heart of the counterclaims in Mattel's July 12, 2007 Second Amended Answer and Counterclaims. Please be prepared to identify and discuss any requests where MGA Mexico has limited its search for or production of responsive documents based on this improper, general objection.

<u>Objection on the grounds that the "information relat[es] to activities or conduct in foreign countries":</u>

The claims in this lawsuit involve activities and conduct in the United States, in Mexico, and in Canada. MGA Mexico may not arbitrarily withhold production of information that goes to the heart of these claims simply because it "relat[es] to activities or conduct in foreign countries." Please be prepared to identify and discuss any requests where MGA Mexico has limited its search for or production of responsive documents based on this improper, general objection.

<u>Objections to Terms:</u>

(a)     MGA Mexico's objections to Mattel's definitions of "YOU," "YOUR" and "MGA" are improper and, in any case, unintelligible. MGA Mexico may not arbitrarily limit its obligation to respond to discovery by unilaterally redefining terms for which Mattel has provided a definition. MGA Mexico must include within the definitions all persons and entities as defined by Mattel, not just "persons or entities who hold themselves out to MGA Mexico as officers, employees, agents, subsidiaries or divisions of MGA Mexico."

(b)     MGA Mexico's objection to the definition of "MATTEL" is meritless. Please be prepared to discuss how this term is "overbroad" and "vague and ambiguous," especially in light of MGA's own use of similar definitions in its discovery and in light of the prior Orders rejecting such objections.

(c)     MGA Mexico's limitation of the definition of "BRATZ" to "the line of dolls introduced to the market for sale in May or June of 2001 and subsequent dolls, accessories and other products known as Bratz or associated with the Bratz line of dolls" is improper. <u>Chapman v. California Dept. of Educ.</u>, 2002 WL 32854376, at * 3 (N.D. Cal. February 6,

EXHIBIT __7__
PAGE __1103__

2002) ("The proponent of discovery is the master of its terms.  So long as the information sought is within the broad bounds of relevancy as set forth in Rule 26 and is otherwise properly discoverable, the respondent may not unilaterally reshape or rephrase the discovery request.").  Such restriction would allow MGA Mexico to withhold documents relating to the design, conception, and creation of Bratz, topics which are all highly relevant to this lawsuit.  Indeed, not only has the Discovery Master previously repeatedly compelled discovery that used this same definition of "BRATZ," but the limitation posited by MGA too has been rejected in the past by the Discovery Master.

(d)     Mattel clearly defines "MACHADO," "TRUEBA" and "VARGAS" to mean these individuals and persons acting on their behalf, pursuant to their authority or subject to their control.  MGA Mexico's attempt to redefine these terms to mean only "the individuals Carlos Gustavo Machado Gomez, Mariana Trueba Almada, and Pablo Vargas San Jose" is improper.  Chapman, 2002 WL 32854376, at * 3.  MGA Mexico must respond to Mattel's Requests based on the terms as clearly defined by Mattel.

(e)     As explained above in reference to the terms "YOU," MACHADO," "TRUEBA," and "VARGAS," MGA Mexico's objection to the term "FORMER MATTEL EMPLOYEE" on the grounds that it is "overbroad" and "vague and ambiguous" is improper.  MGA Mexico's attempt to limit the term "join" to mean "work as a full time, salaried employee for" is similarly improper and indefensible.  Chapman, 2002 WL 32854376, at * 3.  The plain meaning of "join" is much broader.  For example, "join" could also mean "work as a full-time, hourly employee for", or "work as a part-time employee for."

(f)     Mattel's definition of the term "MATTEL DOCUMENTS" clearly indicates that the definition is not limited to the documents listed by Bates number in the definition.  MGA Mexico may not unilaterally limit the definition to the documents listed in contravention of the clear language of the definition.  As you also know, the Discovery Master's recent Order rejected MGA's efforts to withhold relevant information based on an almost identical objection.

(g)     MGA Mexico's objection that the term "REFER OR RELATE TO" is "overbroad, unduly burdensome, and/or is vague and ambiguous" is improper.  MGA Mexico does not identify any way in which the term is overbroad, burdensome, or vague and ambiguous.  Please be prepared to discuss why you contend the term is "overbroad, unduly burdensome, and/or is vague and ambiguous," especially in light of MGA's own use of similar definitions in its discovery and in light of the prior Orders rejecting such objections.

(h)     It is improper for MGA Mexico to limit the terms "SYSTEM" and "SYSTEMS" to the examples listed in the definition in spite of clear language to the contrary in the definition.  MGA Mexico may not ignore the clear language of the definition in order to limit its obligation to respond to discovery.

EXHIBIT __7__
PAGE __1104__

Please be prepared to discuss at our meet and confer conference any Requests for which MGA Mexico has limited its search for or production of responsive documents based on these or any of MGA's other General Objections.

**Specific Objections to Mattel's First Set of Requests**

For every single one of requests Nos. 1-148 in the First Set of Requests, MGA Mexico makes the identical boilerplate objection that the requests seek "documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction, including, but not limited to, such laws existing in the United Mexican States."

Privilege Objections:

MGA Mexico's objections are so boilerplate that it raises privilege objections even when they clearly don't apply.  For instance, Request No. 1 seeks "a sample of each BRATZ PRODUCT including, without limitation, each BRATZ DOLL, sold by YOU or YOUR licensees."  A sample of a product simply could not be subject to, as claimed in MGA Mexico's objections, the attorney-client privilege and the attorney work-product doctrine.  The sample products were neither communications with attorneys, nor prepared at the request of or pursuant to instructions from counsel.  Furthermore, Request No. 4 seeks "DOCUMENTS authored by a MATTEL employee or for MATTEL'S benefit."  Again, documents authored by Mattel employees or for Mattel's benefit could not be protected by any privilege inuring to the benefit of MGA Mexico.  These boilerplate objections were not made in good faith, but were rather repeated as boilerplate in response to every one of Mattel's Requests.

Relevance:

Similarly, MGA Mexico objects to all of Mattel's requests on the grounds that they seek "documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence."  MGA Mexico further objects that "Mattel has not demonstrated how [the request] could be relevant to the claims and defenses in this action."

The Requests are clearly relevant to the claims and defenses as alleged in MGA's April 13, 2005 Complaint and Mattel's July 12, 2007 Second Amended Answer and Counterclaims.  If MGA Mexico believes certain requests are irrelevant, it must articulate why each purportedly irrelevant request is, in fact, irrelevant.  Bible v. Rio Properties, Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007) (party resisting discovery has the burden of showing discovery should not be allowed).  MGA Mexico has not done this.  Instead, it has made the same boilerplate relevance objection to each and every one of Mattel's requests, providing no explanation other than claiming that Mattel has not affirmatively demonstrated how all of its requests are relevant.  "It is insufficient for the party objecting to discovery based on relevance to simply make conclusory allegations that the request is irrelevant." Buckinmaster v. Prudential Financial, Inc., 2008 WL 624532, *2 (D. Neb. March 3, 2008) (overruling relevancy objections and granting motion to compel).

EXHIBIT ___7___
PAGE ___1105___

<u>Claims That Documents are Otherwise Available (Request Nos. 1-40, 42-46, 51-148)</u>:

MGA Mexico objects to the requests listed above on the grounds that they seek "documents that by reason of public filing, public distribution, or otherwise are already in Mattel's possession or are readily accessible to Mattel."

It is improper for MGA Mexico to withhold documents on the grounds that Mattel's Requests seek documents "readily accessible to Mattel" from public sources or third parties. MGA Mexico must produce relevant, non-privileged documents within its custody, possession or control. MGA Mexico is not relieved of this obligation simply because relevant, non-privileged documents are available from public sources or third parties. Furthermore, MGA Mexico may not withhold documents merely because they are "already" in Mattel's possession. As you know, MGA Mexico's possession of documents in itself is centrally relevant to Mattel's trade secret and other misappropriation claims because they will show that MGA Mexico is in possession of or had access to the materials it and the other counter-defendants are accused of stealing. By MGA Mexico's purported logic, it would be free to withhold from Mattel the very documents and information that MGA Mexico is accused of misappropriating.

<u>Commercially Sensitive Information (Request Nos. 1, 3, 5-8, 13-51, 55-148)</u>:

MGA Mexico objects to the requests listed above "to the extent [they] seek[] confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA Mexico."

As discussed above, this nonsensical, open-ended objection is without merit. The parties have stipulated to, and the Court has entered, a Protective Order in this action. Furthermore, the parties have already produced large numbers of "confidential, proprietary or commercially sensitive information" under the designation "Attorneys' Eyes Only" as provided in the Protective Order.

<u>Allegedly Cumulative/Duplicative Requests (Request Nos. 1-148)</u>:

MGA Mexico objects to *every* request as "cumulative, duplicative, and unduly burdensome to the extent [they seek] documents previously requested by Mattel and/or produced in response to Mattel's document requests."

First, MGA Mexico cannot object to these requests as "cumulative" and "duplicative" based on requests previously propounded to MGA Entertainment, Inc., MGA Entertainment (HK) Limited, or to Isaac Larian. Second, instead of indicating how the requests are in any way cumulative or duplicative, MGA Mexico made this generic, boilerplate objection in response to every single request. The objection does not identify a single previous request for which these requests are cumulative or duplicative, and the objection does not identify a single document produced by MGA Mexico that would be duplicative of documents responsive to the requests. Merely alleging that a request is cumulative and duplicative does not relieve MGA Mexico of its duty to produce all responsive, non-privileged documents. <u>Goodman v. U.S.</u>, 369 F.2d 166, 169 (9th Cir. 1966) (objecting party bears the burden of proving undue burden by "specific and compelling" proof; conclusory assertions are insufficient); <u>Walker v. Lakewood Condominium</u>

EXHIBIT __7__
PAGE __1106__

Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.").

Objections Based on Time or Geographic Scope (Request Nos. 1-19, 21-40, 42-148):

MGA Mexico objects to the requests listed above on the grounds that they are "not limited in time or geographic scope."

This objection improperly attempts to limit MGA Mexico's obligation to respond to Mattel's requests. Under Rule 26(b), Mattel "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…" Furthermore, Rule 34 expressly requires the production of documents within the "possession, custody or control" of the party upon whom a request is served. Thus, Mattel is entitled to seek, and MGA is obligated to produce, relevant non-privileged documents without regard to geographic scope. MGA may not withhold relevant non-privileged documents simply because the documents are related to a particular geographic area or time period.

Privacy Objections (Request Nos. 3, 5-35, 38-46, 51, 55-58, 61-75, 77-78, 84-88, 93-96, 101-105, 111-113, 122, 125-129, 131, 138-140, 144-148):

MGA Mexico objects to the Requests listed above on the grounds that they "violate[] the privacy rights of third parties to their private, confidential, proprietary or trade secret information."

As explained above in reference to MGA Mexico's privilege objections, the Court, the former Discovery Master and the current Discovery Master have all ruled that the Protective Order is sufficient to address MGA Mexico's purported concerns about third-party privacy rights.

**Specific Objections to Mattel's Second Set of Requests**

For every single one of requests Nos. 1-420 in the Second Set of Requests, MGA Mexico makes the identical boilerplate objection that the requests seek "documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction, including, but not limited to, such laws existing in the United Mexican States."

Privilege Objections:

Mattel is not seeking the production of legitimately privileged documents, but MGA Mexico should include all such documents in its privilege log. See Federal Rule of Civil Procedure 26(b)(5); Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1148-50 (9th Cir. 2005) (affirming district court's holding that party waived privilege objections by failing to provide privilege log within thirty days of serving its responses). Its failure to do so may be deemed a waiver of privilege.

EXHIBIT __7__
PAGE __1107__

Claims That Documents Are Otherwise Available (Request Nos. 1-88, 91-306, 309-312, 314-420):

MGA Mexico objects to the requests listed above on the grounds that they seek "documents that by reason of public filing, public distribution, or otherwise are already in Mattel's possession or are readily accessible to Mattel." This objection is improper for the reasons discussed above.

Commercially Sensitive Information (Request Nos. 1-420):

MGA Mexico objects to the requests listed above "to the extent [they] seek[] confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA Mexico."

As discussed above, this objection is without merit. The parties have stipulated to, and the Court has entered, a Protective Order in this action. Furthermore, the parties have already produced large numbers of "confidential, proprietary or commercially sensitive information" under the designation "Attorneys' Eyes Only" as provided in the Protective Order.

Allegedly Cumulative/Duplicative Requests (Request Nos. 1-8, 13-22, 25-35, 42-46, 54-65, 71-85, 89-96, 101-147, 151-179, 181-192, 194-219, 221-222, 227-250, 253-260, 262-268, 277-299, 302-316, 329-342, 345-385, 387-397, 400-410, 412-417):

MGA Mexico again objects to the requests listed above as "cumulative, duplicative, and unduly burdensome to the extent [they seek] documents previously requested by Mattel and/or produced in response to Mattel's document requests."

MGA Mexico cannot object to these requests as "cumulative" and "duplicative" based on requests previously propounded to MGA Entertainment, Inc., MGA Entertainment (HK) Limited, or to Isaac Larian. MGA Mexico is a separate party to this lawsuit and is not relieved of its obligation to respond to discovery simply because other parties associated with MGA Mexico have previously responded to similar discovery.

MGA Mexico additionally objects that these requests are duplicative of Request Nos. 140 and 142 of Mattel, Inc.'s First Set of Requests for Production of Documents and Things to MGAE de Mexico S.R.L. de C.V. This objection is without merit. The requests listed above relate to MGA's claims in this lawsuit, whereas Request Nos. 140 and 142 relate to MGA Mexico's alleged defenses.

Objections Based on Time or Geographic Scope (Request Nos. 1-10, 12-70, 72-160, 165-167, 172-284, 286-361, 363-420):

As in the First Requests, MGA Mexico objects to the requests listed above on the grounds that they are "not limited in time or geographic scope."

This objection improperly attempts to limit MGA Mexico's obligation to respond to Mattel's requests. Under Rule 26(b), Mattel "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…" Furthermore, Rule 34 expressly requires the

EXHIBIT ___7___

PAGE __1108__

production of documents within the "possession, custody or control" of the party upon whom a request is served. Thus, Mattel is entitled to seek, and MGA is obligated to produce, relevant non-privileged documents without regard for time or geographic scope. MGA may not withhold relevant non-privileged documents simply because the documents relate to a particular geographic location or time period.

Privacy Objections (Request Nos. 1-420):

MGA Mexico objects to the requests listed above on the grounds that they "violate[] the privacy rights of third parties to their private, confidential, proprietary or trade secret information." As explained above, this objection is unavailing.

## DEFICIENCIES IN MGA MEXICO'S OBJECTIONS TO MATTEL, INC.'S THIRD SET OF REQUESTS FOR DOCUMENTS AND THINGS

### General Objections

In addition to the General Objections made in its First and Second Responses, MGA Mexico's Third Set of Responses add the following two meritless General Objections:

General Objection No. 1

MGA Mexico objects to Mattel's requests "as untimely and unenforceable to the extent they seek documents relating to Phase One." Mattel's requests are relevant to the claims and defenses in Phase Two, and discovery for Phase Two discovery is currently open. See January 6, 2009 Order Appointing Discovery Master at 2. MGA Mexico's timeliness objections are accordingly without merit.

General Objection No. 2

MGA Mexico additionally objects that "Phase Two discovery has been and remains stayed by court order." As MGA Mexico is aware, however, the stay on Phase 2 discovery has now been lifted and MGA Mexico is obligated to respond to Phase Two discovery requests.

### Specific Objections to Mattel's Third Set of Requests

Stay on Phase 2 Discovery (Request Nos. 1-6):

MGA Mexico objects to all of the requests on the grounds that "Phase Two discovery has been and remains stayed by court order. Judge Larson has now lifted the stay on Phase Two discovery. See January 6, 2009 Order Appointing Discovery Master at 2. Accordingly, MGA Mexico's objection is no longer applicable.

Claims of Untimely Phase One Requests (Request Nos. 1-6):

MGA Mexico also objects to all of the requests on the grounds that they "untimely and unenforceable to the extent [they] seek[] documents relating to Phase One." These requests are

9

EXHIBIT __7__
PAGE __1109__

all relevant to Phase Two and, as Phase Two discovery is currently open, these requests are timely.

Privilege Objections (Request Nos. 1-6):

MGA Mexico objects to the Requests listed above on the grounds that they seek "documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction."

There is not any privilege that would apply to documents relating to the identity of MGA Mexico's offsite storage facilities, the contents of these facilities, and documents or items sent to or from these facilities. However, Mattel is not seeking the production of legitimately privileged documents, and MGA should include all documents it contends are privileged in its privilege log. See Federal Rule of Civil Procedure 26(b)(5); Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1148-50 (9th Cir. 2005) (affirming district court's holding that party waived privilege objections by failing to provide privilege log within thirty days of serving its responses). Again, its failure to do so may be deemed a waiver of privilege.

Relevance (Request Nos.1-6):

MGA Mexico objects to all of Mattel's Requests on the grounds that they seek "documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence." MGA Mexico further objects that "Mattel has not demonstrated how [request] could be relevant to the claims and defenses in this action."

However, Mattel does not have an obligation to preemptively demonstrate the relevance of its requests. If MGA Mexico believes certain requests are irrelevant, it should articulate why each purportedly irrelevant request is, in fact, irrelevant. Bible v. Rio Properties, Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007) (party resisting discovery has the burden of showing discovery should not be allowed). MGA Mexico has not done this. Instead, it has made the same boilerplate relevance objection to each and every one of Mattel's requests, providing no explanation other than claiming that Mattel has not affirmatively demonstrated how all of its requests are relevant. "It is insufficient for the party objecting to discovery based on relevance to simply make conclusory allegations that the request is irrelevant." Buckinmaster v. Prudential Financial, Inc., 2008 WL 624532, *2 (D. Neb. March 3, 2008) (overruling relevancy objections and granting motion to compel). MGA Mexico's relevance objections are meritless.

Objections Based on Time or Geographic Scope (Request Nos. 1-6):

MGA Mexico objects to the requests listed above on the grounds that they are "not limited in geographic scope and seek[] documents since 1995...."

Under Rule 26(b), Mattel "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense..." Furthermore, Rule 34 expressly requires the production of documents within the "possession, custody or control" of the party upon whom a

10

EXHIBIT 7
PAGE 1110

request is served.  MGA may not withhold relevant, non-privileged documents simply because the documents relate to a particular geographic area or time period.  If the documents are relevant and non-privileged, MGA has an obligation to produce the documents.

Claims That Documents Are Otherwise Available (Request Nos. 1-6):

MGA Mexico objects to the Requests listed above on the grounds that they seek "documents that by reason of public filing, public distribution, or otherwise are already in Mattel's possession or are readily accessible to Mattel."

MGA Mexico is a party to this lawsuit and has an obligation to produce responsive, non-privileged documents that are in its possession, custody or control.  MGA Mexico may not withhold such documents simply because they are "readily accessible to Mattel."  MGA Mexico may not, for example, withhold documents and require Mattel to seek those documents from a third party, particularly given MGA's own prior position that such documents must be sought from MGA and other counter-defendants first.  MGA Mexico may not limit its discovery obligations by dictating which discovery devices Mattel may use.

Allegedly Cumulative/Duplicative Requests (Request Nos. 1-6):

MGA Mexico objects to every Request as "cumulative, duplicative, and unduly burdensome to the extent [they seek] documents previously requested by Mattel or produced by MGA (or any of its affiliates) in response to Mattel's documents requests."

MGA Mexico cannot object to these requests as "cumulative" and "duplicative" based on requests previously propounded to MGA Entertainment, Inc., MGA Entertainment (HK) Limited, or to Isaac Larian.  MGA Mexico is a separate party to this lawsuit and is not relieved of its obligation to respond to discovery simply because other parties associated with MGA Mexico have previously responded to similar discovery.

*       *       *

Unless we are able to resolve the preceding deficiencies in MGA Mexico's Responses and arrange for prompt production of materials in response to Mattel's Requests within five days as required by the Discovery Master Stipulation and Order, Mattel will ask the Discovery Master to compel MGA Mexico to produce responsive materials, to deem any privilege waived or alternatively to order the production of a privilege log and to impose monetary sanctions on MGA Mexico for its wholesale refusals to produce any discovery in this litigation.

EXHIBIT ___7___
PAGE __/ / / /__

Please let me know when MGA Mexico's counsel is available to meet and confer regarding these issues within the time required.  I look forward to hearing from you.


Best regards,

*Marshall Searcy* /cmn

Marshall M. Searcy III

07975/2838909.2

12

EXHIBIT ___7___
PAGE ___1112___

# EXHIBIT 8

LAW OFFICES

**Glaser, Weil, Fink, Jacobs & Shapiro, llp**

10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
(310) 553-3000
Fax (310) 556-2920

Direct Dial Number
(310) 556-7865
Email: akhan@glaserweil.com

April 9, 2009

ΠΓ MERITAS LAW FIRMS WORLDWIDE

**VIA E-MAIL & FACSIMILE**

Marshall Searcy, Esq.
Quinn, Emanuel, Urquhart,
  Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

      Re:    *Bryant v. Mattel, Inc. and Consolidated Actions*
            U.S.D.C. Eastern Division, Case No. CV04-09049 SJL (RNBx)

Dear Marshall:

This responds to your extremely vague March 4, 2009 letter regarding MGAE de Mexico
S.R.L. de C.V.'s ("MGA Mexico") Responses to Mattel, Inc.'s ("Mattel") First, Second and
Third Sets of Requests for Documents and Things (collectively, the "Requests"). There are
nearly 600 requests for production in the Requests. Yet you failed to identify a single request for
production to which MGA Mexico refused to respond. In fact, as set forth in MGA Mexico's
responses, MGA Mexico agreed to produce non-privileged documents responsive to many of the
Requests (*See e.g.*, MGA Mexico's Responses to Mattel's Second Set of Requests for
Documents and Things ("Second Set"), Nos. 1-8, 13-22, 25, 42-45, 54-58, 61, 71-85, 89-96, 101-
104, 106, 117-147, 151-167, 174-175, 177-179, 181-192, 195-199, 201-219, 221-222, 227-248,
253-267, 277-299, 302-316, 329-343, 345-385, 387-398, 400-410, 412-418.)

Indeed, Mattel's position is entirely premised on the incorrect assumption that MGA did
not produce any documents in response to the Requests. The MGA Parties have produced over
**4.2 million pages** of responsive documents to Mattel's more than 2,700 document requests,
including documents responsive to the requests at issue now.

The Requests are virtually identical to document requests already propounded by Mattel
in this litigation. Mattel's Requests to MGA Mexico are cumulative, duplicative and unduly
burdensome because they seek documents previously requested by Mattel or produced by MGA
Mexico, MGA, or any of MGA's affiliates in response to Mattel's document requests. MGA
Mexico has no duty to respond to duplicative or cumulative requests and will not re-produce the
*millions* of documents it has already produced. Mattel has an obligation to review the
documents in its possession before it propounds and seeks to enforce numerous additional

672339

EXHIBIT __8__
PAGE __1113__

Marshall Searcy, Esq.
April 9, 2009

document requests that seek the same documents as previously requested. It is apparent from your letter that Mattel has failed to comply with this basic requirement.

Also, MGA Mexico has properly objected to the subject Requests for at least the following reasons:

### A.    MGA Mexico Has Fully Complied with Rule 34:

MGA Mexico's objections fully comply with Federal Rule of Civil Procedure ("Rule") 34. In its responses to the Requests, MGA Mexico specifically identifies which definition, document or thing it is objecting to and the reasons for those objections. For example, as you note in your letter, MGA Mexico objects to Mattel's definition of "BRATZ" as "vague, ambiguous, overly broad and unduly burdensome, and designed to mislead and confuse the trier of fact" specifically because that definition would include "things that do not fairly represent the Bratz line of dolls, accessories and related products that are the subject of this case." (Second Set, General Objection No. 15(d).) Moreover, MGA Mexico specifically objects to Mattel's definition of the term "YOU" because, among other reasons, it would be "impossible for MGA Mexico to know whether a particular person comes within this definition unless that person or entity at some point in time held himself or herself out as being directly affiliated with MGA Mexico." (*Id.* at 15(a).) Accordingly, MGA Mexico's objections fully comply with Rule 34.

Indeed, it is Mattel's Requests – and not MGA Mexico's objections thereto – that fail to comply with the "reasonable particularity" requirement of Rule 34. Mattel's Requests include numerous objectionable phrases such as "[a]ll DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO...." (*See e.g.*, Second Set, Nos. 1-3, 7.) Such requests are overly broad and unduly burdensome in light of the "the wealth of material already made available in this case." *Westhemeco Ltd. v. New Hampshire Ins. Co.*, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

### B.    Mattel's Requests Are Overbroad, Unduly Burdensome and Seek Irrelevant Information:

As a matter of law, MGA Mexico has properly objected to the subject Requests as being irrelevant, overbroad and unduly burdensome. *O'Brien v. Maui County*, 2002 U.S. App. LEXIS 10835, at *273 (9th Cir. May 6, 2002) (holding that district court did not abuse its discretion in denying motion to compel because document requests were "irrelevant, overbroad and unduly burdensome"); *Davis v. C/O Kissinger*, 2009 U.S. Dist. LEXIS 2828, at *10 (E.D. Cal. Jan. 8, 2009) (denying motion to compel because defendant properly objected to document requests as being overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence). Mattel has no right to discovery that is not relevant to the Phase Two claims or defenses. *See Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423-24 (9th Cir. 1995) (finding lower court abused its discretion in compelling plaintiffs to respond to discovery requests for information that was not relevant to any claims).

672339                                    2

EXHIBIT    8
PAGE  1114

Marshall Searcy, Esq.
April 9, 2009

Mattel conclusorily asserts that the subject Requests are "clearly relevant," but fails to point to any allegations in Mattel's Second Amended Answer and Counterclaims ("SAAC") to support its assertion. Accordingly, Mattel has failed to show "a sufficient nexus between the particular discovery requests and legitimate Phase 2 issues." (Discovery Master O'Brien's March 10, 2009 Order at 30:26-27.) Moreover, Mattel has not (and cannot) demonstrate how requests such as "DOCUMENTS sufficient to IDENTIFY any OFFSITE STORAGE FACILITIES used by YOU since 1995" could be relevant to the claims and defenses in this action. (See Mattel's Third Set of Requests for Documents and Things to MGA Mexico, No. 1. (emphasis added).)  Off-site storage facilities used by MGA Mexico prior to the transactions and events at issue have no bearing on this action.  Such requests are not limited to the subject matter of this action and are impermissibly overbroad and unduly burdensome. (See February 11, 2009 Hearing Tr. at 101:1-3 ("The question for the discovery master will be whether or not the disputed discovery request is related or relevant to the trial that has now been scheduled for March or not"); see also Judge Infante's December 31, 2007 Order at 5:22-26; see also Judge Infante's August 13, 2007 Order at 9:17-20; see also Judge Infante's May 22, 2007 Order at 21:5-7.)

### C.   MGA Mexico Is Only Required to Produce Documents in Its Possession, Custody or Control:

As a matter of law, MGA Mexico is only required to produce those records which are in its "possession, custody or control." Fed. R. Civ. P. 34(a).  To the extent that the subject Requests seek documents not in MGA Mexico's possession, custody or control, MGA Mexico has properly objected to such requests and Mattel has not met its burden to show otherwise. See United States v. International Union of Petroleum & Industrial Workers, 870 F.2d 1450 (9th Cir. Cal. 1989) ("the party seeking production of the documents bears the burden of proving that the opposing party has such control").

Moreover, MGA Mexico is not required to produce records that are readily accessible to Mattel from public sources. See Estate of Young Through Young v. Holmes, 134 F.R.D. 291, 294 (D.N.V. 1991) (finding that party was not required to produce documents that the requesting party has equal ability to obtain from public sources).  For example, Mattel seeks "all DOCUMENTS served, transmitted, received or filed in any lawsuit that MATTEL allegedly assisted in against MGA…." (Second Set, No. 199.)  Such requests are objectionable to the extent they seek documents that are already in Mattel's possession or are equally accessible to Mattel.

### D.   MGA Mexico's Privacy and Confidentiality Objections are Proper:

MGA Mexico has properly objected to Mattel's Requests to the extent that they violate the right of privacy.  It is well-established law that federal courts recognize a constitutionally based right of privacy that can be raised in response to discovery requests. Elena Del Campo v. American Corrective Counseling Services, Inc., 2008 WL 3978079 (N.D. Cal. Aug. 26, 2008) (denying motion to compel production of documents based on party's right to privacy). Moreover, federal courts have recognized that "a protective order may not always protect a

EXHIBIT  8
PAGE  1115

Marshall Searcy, Esq.
April 9, 2009

party" from the disclosure of confidential and/or private information. *See Mid Continent Cabinetry, Inc., v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990) ("For example, if a plaintiff and defendant were business competitors, disclosure of defendant's financial records to the plaintiff, even with a protective order, could cause the defendant great harm."); *CEH, Inc. v. FV Seafarer*, 153 F.R.D. 491, 499 (D. R.I. 1994) (same).

### E.    Mattel is Only Entitled to a Privilege Log (if Necessary) Once MGA Mexico's Objections Are Resolved:

To the extent that Mattel's requests call for the production of relevant information that is protected by the attorney-client privilege, work-product doctrine or other privilege, and to the extent that responsive documents exist, MGA Mexico will provide a privilege log of those documents only after any remaining issues concerning MGA Mexico's responses have been resolved and, if necessary, the Discovery Master has ruled on MGA Mexico's objections. *See United States v. Phillip Morris*, 347 F.3d 951, 954 (D.C. Cir. 2003) ("if a party's pending objections apply to allegedly privileged documents, the party need not log the document until the court rules on its objections").

So, if we are to meaningfully "meet and confer," please identify with specificity the requests for production to which MGA Mexico has not allegedly produced responsive documents. That way, we can properly narrow the issues and address in a specific and concrete fashion your concern about MGA Mexico's document production.

Very truly yours,

/s/ *Amman Khan*

Amman Khan
of GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

EXHIBIT  8
PAGE  1116

# EXHIBIT 9

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3152

WRITER'S INTERNET ADDRESS
marshallsearcy@quinnemanuel.com

April 10, 2009

<u>VIA EMAIL</u>

Amman A. Khan, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, CA 90067

Re:   <u>Mattel, Inc. v. MGA Entertainment et al.</u>

Dear Amman:

Thank you for your April 9, 2009 letter regarding Mattel's First, Second and Third Requests for Documents and Things ("Requests") to MGA de Mexico S.R.L. de C.V. ("MGA Mexico").

Not only has MGA Mexico failed to meet and confer within the time required, but it sent a lengthy letter on the last day for MGA Mexico's compliance with its meet and confer obligations. In your letter, MGA Mexico appears to suggest that it has produced documents in response to Mattel's Requests. The letter describes as "incorrect" the "assumption that MGA did not produce any documents in response to the Requests." MGA Mexico goes on to claim that "[t]he MGA Parties have produced over 4.2 million pages of responsive documents," and concludes that "if we are meaningfully to 'meet and confer'" Mattel will have to "identify with specificity the requests for production to which MGA Mexico has not allegedly produced responsive documents."

As the MGA parties are aware, whether MGA Mexico, MGA or both were in possession of documents such as the Mattel internal information that was produced is itself a highly salient issue in Phase Two of this case. As the MGA parties also are aware, however, none of the "4.2 million pages" you refer to has a distinctive Bates number or other identifier which would

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL 212 849 7000 FAX 212 849 7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL 415 875 6600 FAX 415 875 6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL 650 801 5000 FAX 650 801 5100
CHICAGO | 230 South Wacker Drive, Suite 2450, Chicago, IL 60606 | TEL 312 463 2961 FAX 312 463 2962
LONDON | 16 Old Bailey, London EC4M 7EG United Kingdom | TEL +44 (0) 20 7653 2000 FAX +44 (0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

EXHIBIT ___9___
PAGE __1117__

indicate that any of them were produced by MGA Mexico.  Moreover, your letter does not identify a single document produced by MGA Mexico.  Nor does your letter identify a single document request for which MGA Mexico has produced documents.

In light of all this, your demand that *Mattel* identify the documents produced by MGA Mexico is meritless and appears to be a tactic designed to delay a long needed conference.  What's worse, your letter's reference to production by the MGA parties--rather than production by MGA Mexico--leads us to believe that MGA Mexico is engaging in semantics to obscure its lack of production.  It is also clear from your letter that MGA Mexico *is* at a minimum withholding relevant documents based on groundless objections.

As noted, MGA Mexico's time to meet and confer has expired.  Nevertheless, we are available to meet and confer at any time on Monday or Tuesday.  As part of the meet and confer, we would expect that, if MGA Mexico indeed has produced responsive documents, it should be prepared to identify by Bates number the responsive documents it claims to have produced and identify which document requests MGA Mexico is withholding documents in response to as a result of its objections.

Please let us know if MGA Mexico will meet and confer.  Unless we are able to promptly resolve the matter, Mattel will move for an order compelling MGA Mexico to produce responsive materials, as well as other appropriate remedies.  The remainder of your letter does not warrant a response, since the purported matters you raise are without merit and should have been the subject of the meet and confer that MGA Mexico has thus far chosen not to have.

I look forward to hearing from you.

Respectfully,

/s/ Marshall Searcy


Marshall M. Searcy III

EXHIBIT __9__
PAGE __1118__

# EXHIBIT 10

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD

NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90067

(310) 553-3000

FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7865
EMAIL: AKHAN@GLASERWEIL.COM

April 14, 2009

☰ MERITAS LAW FIRMS WORLDWIDE

**VIA E-MAIL**

Marshall Searcy, Esq.
Quinn, Emanuel, Urquhart,
  Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re:  *Bryant v. Mattel, Inc. and Consolidated Actions*
     U.S.D.C. Eastern Division, Case No. CV04-09049 SJL (RNBx)

Dear Marshall:

As set forth in our April 9, 2009 letter, we are willing to "meet and confer" on MGAE de Mexico S.R.L. de C.V.'s ("MGA Mexico") Responses to Mattel, Inc.'s ("Mattel") First, Second and Third Sets of Requests for Documents and Things (collectively, the "Requests") at any time.

Please be prepared to discuss with specificity the requests for production to which MGA Mexico has not allegedly produced responsive documents. The Requests include almost 600 requests for production. We fail to see why Mattel would resort to unnecessary motion practice on this issue when it has made no effort whatsoever to identify a single document request to which MGA Mexico has refused to respond. Moreover, your letter completely ignores the fact that MGA Mexico has agreed to produce responsive documents to a large number of the Requests. *See e.g.,* MGA Mexico's Responses to Mattel's Second Set of Requests for Documents and Things, Nos. 1-8, 13-22, 25, 42-45, 54-58, 61, 71-85, 89-96, 101-104, 106, 117-147, 151-167, 174-175, 177-179, 181-192, 195-199, 201-219, 221-222, 227-248, 253-267, 277-299, 302-316, 329-343, 345-385, 387-398, 400-410, 412-418.

You also argue that the MGA Parties must re-review the more than 4.2 million pages of responsive documents they have already produced in this matter and indicate by "distinctive Bates number" or otherwise, which of the millions of documents they have produced is responsive to each of Mattel's nearly 2,700 document requests. We disagree. The MGA Parties are under no obligation to do that. *3M Co. v. Kanbar,* 2007 U.S. Dist. LEXIS 45232, at *9 (N.D. Cal. June 14, 2007) (denying motion to compel plaintiff to "organize" or "itemize" its document

672858

EXHIBIT __10__
PAGE __1119__

Marshall Searcy, Esq.
April 14, 2009

production by category of request).  Mattel has never done that in this case so it is unfair to place that burden on the MGA Parties.

Mattel has a duty to review the documents in its possession before it seeks to enforce numerous additional document requests that seek the same documents previously requested. *Kilgore v. Mandeville*, 2009 U.S. Dist. LEXIS 29203, at *5-*6 (E.D. Cal. March 26, 2009) (denying motion to compel because moving party may not "generally argue that all of defendants' responses are incomplete"; moving party "has the burden of informing the court which discovery requests are the subject of his motion to compel, which of defendants' responses are disputed, why he believes defendants' responses are deficient, why defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of the action.")  We ask that Mattel comply with its obligation before the parties "meet and confer" so that MGA Mexico at least knows which of its nearly 600 responses are allegedly disputed by Mattel.  Any effort to "meet and confer" without even this basic information would be premature and a waste of time.

We look forward to hearing from you.

Very truly yours,

/s/ *Amman Khan*

Amman Khan
of GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

2

EXHIBIT _10_
PAGE _1120_

# EXHIBIT 11

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3152**

WRITER'S INTERNET ADDRESS
marshallsearcy@quinnemanuel.com

April 23, 2009

VIA E-MAIL

Amman A. Khan, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constsellation Boulevard
19th Floor
Los Angeles, CA 90067

Re:   Mattel, Inc. v. MGA Entertainment et al.

Dear Amman:

I write to confirm our conversation this afternoon regarding MGA Mexico's responses to Mattel's First, Second, and Third sets of Requests for Documents and Things to MGA Mexico("Requests").

MGA Mexico has taken the position that it will not identify the documents, if any, that it has produced in this litigation. As I mentioned yesterday, this problem might be resolved if MGA Mexico would be willing to stipulate that the documents produced by the MGA Parties in this litigation--MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., and Isaac Larian--be deemed to have also been in the possession, custody, or control of MGA Mexico. You told me that MGA Mexico is not willing to enter into such a stipulation.

As an alternative, you also suggested that--rather than MGA Mexico identifying which documents it has produced--Mattel could search its databases for Spanish language documents and for the names of MGA Mexico employees. You further said that MGA Mexico did not have any record of the documents it produced, so this method was also the only way that MGA Mexico could identify the documents from its production. As we discussed on the phone, however, this suggestion was not acceptable. We cannot identify any legitimate reason why

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600 FAX (415) 875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000 FAX (650) 801-5100

CHICAGO | 750 South Wacker Drive, Suite 350, Chicago, IL 60606 | TEL (312) 463-2961 FAX (312) 463-2962

LONDON | 16 Old Bailey, London EC4M 7EG United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100

TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

EXHIBIT __11__
PAGE __1121__

MGA Mexico cannot provide a record of the documents it has produced in this litigation, and it should be able to provide that information with only a minimum of effort.

Until this issue is resolved, we are at an impasse with respect to identifying the documents that may or may not have been produced by MGA Mexico in response to those Requests where it actually agreed to produce documents. Specifically, these Requests are found in Mattel's Second Set of Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V. at Request Nos. 1-8, 13-22, 25, 42-45, 54-58, 61, 71-85, 89-96, 101-104, 106, 117-147, 151-167, 174-175, 177-179, 181-192, 195-199, 201-219, 221-222, 227-248, 253-267, 277-299, 302-316, 329-343, 345-385, 387-398, 400-410, 412-418.

With regard to Requests for which MGA Mexico had previously refused to provide any documents, you stated that MGA Mexico might now be willing to provide further responses. You asked us to provide a list of these Requests, and though this list is obviously also available to MGA Mexico, we nonetheless set it forth below:

- In Mattel's First Set of Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., Request Nos. 1-148;

- In Mattel's Second Set of Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., Request Nos. 9-12, 23-24, 26-41, 46-53, 59-60, 62-70, 86-88, 97-100, 105, 107-116, 148-150, 168-173, 176, 180, 193-194, 200, 220, 223-226, 249-252, 268-276, 300-301, 317-328, 344, 386, 399, 411, 419-420;

- In Mattel's Third Set of Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., Request Nos. 1-6.

After having been stonewalled for 18 months by MGA Mexico, we really need prompt answers on these responses. Please let me know by no later than 12:00 noon on Monday April 27, a date certain by which MGA Mexico will provide full and complete responses to each of the Requests listed above.

I look forward to hearing from you.

Best regards,

/s/ Marshall Searcy

Marshall M. Searcy III

EXHIBIT __11__
PAGE __1122__

# EXHIBIT 12

CONFORMED COPY

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California  94111
   Telephone:   (415) 774-2611
4  Facsimile:   (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

9                         EASTERN DIVISION

10

11  CARTER BRYANT, an individual,        CASE NO. C 04-09049 SGL (RNBx)
                                         JAMS Reference No. 1100049530
12           Plaintiff,

13      v.                               Consolidated with
                                         Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation, Case No. CV 05-2727

15           Defendant.                  **ORDER MODIFYING PROTECTIVE**
                                         **ORDER**
16

17  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
18  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
19

20
                             I. INTRODUCTION
21
         Presently pending for decision is MGA Entertainment, Inc.'s ("MGA") and Carter
22
    Bryant's ("Bryant") "Motion for Clarification Of The Discovery Master's January 25, 2007 Order
23
    Or For Protective Order Pursuant to Rule 26(c)." At issue is whether the January 25, 2007 Order
24

25

26

27

28

EXHIBIT  _12_
PAGE  _1123_

("Order") requires Bryant to produce drawings and designs in his possession that he created in 2006 or later[1] for products currently under development and not yet released to the public. MGA and Bryant filed their motion on February 23, 2007; Mattel submitted an opposition brief on March 2, 2007; and MGA and Bryant submitted a reply brief on March 7, 2007. The matter was heard via telephonic conference on March 19, 2007, and taken under submission pending the parties' submission of a stipulated protective order, which was received on April 23, 2007.

Having considered the motion papers and comments of counsel at the hearing, and for the reasons set forth below, the motion for clarification of the Order is denied. There is good cause, however, to modify the current protective order to further limit the disclosure of drawings and designs for MGA products currently under development and not yet released to the public.

## II. BACKGROUND

The Order that is the subject of this motion granted Mattel's motion to compel Bryant to produce documents responsive to numerous document requests relating to the development of Bratz and other projects that Bryant worked on for MGA. In ruling on Mattel's motion, the Discovery Master rejected Bryant's relevancy and overbreadth objections to producing documents relating to work that Bryant performed for MGA after the release of the First Generation Bratz dolls on June 30, 2001.

Neither party specifically addressed whether Mattel was entitled to drawings and designs for MGA products on which Bryant worked and that are currently under development and not yet released to the public. Mattel has taken the position that the Order requires production of such documents.

During the meet and confer process, MGA and Bryant requested that Mattel "agree to a limitation on the disclosure of product drawings and designs for products in development until after that product has been made available for public sale." Torres Decl., Ex. A. Mattel rejected

---

[1] MGA and Bryant's Reply Brief at 4:28-5:28, n. 4.

1   the proposal, asserting that the proposal "would allow Bryant and/or MGA to unilaterally deem

2   something to be 'in development' and thus not produce it, including for designs Bryant previously

3   created and to which Mattel may have rights." Torres Decl., Ex. A. The parties had further

4   discussions regarding the disclosure of drawings and designs for products in development but

5   were unable to reach an agreement.

6        MGA and Bryant now request "a clarification that the Order does not require the

7   production of drawings or designs for products that have not yet been released." MGA and

8   Bryant's Motion at 2:13-15. In the alternative, MGA and Bryant move for a protective order

9   pursuant to Rule 26(c), Fed.R.Civ.P., providing that drawings or designs for products that have

10   not yet been released (1) need not be produced, or (2) shall be produced only after the products

11   have been released to the public, or (3) shall be produced under other very restrictive conditions

12   to protect their confidentiality. MGA and Bryant contend that "[e]ven if some of the 'Bratz'

13   drawings that Bryant created for MGA after June 30, 2001, may be relevant to claims at issue in

14   this action, drawings for unreleased products are not." MGA and Bryant's Motion at 4:28-5:2.

15   Further, they contend that such drawings are highly valuable trade secret documents whose

16   disclosure could severely jeopardize MGA's business.

17        Mattel opposes the motion on numerous grounds. First, it contends that the motion for

18   clarification is, in effect, an improper motion for reconsideration that does not satisfy the

19   standards for reconsideration, and is another attempt to withhold highly probative evidence that

20   bears directly on Mattel's claims and defenses. Mattel contends that the Order clearly requires

21   Bryant to produce his drawings, and that MGA and Bryant are now precluded from withholding

22   documents relating to unreleased products because they failed to raise the issue earlier. Second,

23   Mattel asserts that drawings and designs for unreleased products are relevant to its claims for

24   breach of contract, breach of fiduciary duty, breach of the duty of loyalty, copyright infringement,

25   and misappropriation of trade secrets. Third, Mattel contends that the protective order currently

26   in place, which addresses trade secret information in particular, is adequate to protect MGA and

27

28

1    Bryant's interests.  Fourth, Mattel contends that the additional protections MGA and Bryant seek

2    under Rule 26(c), Fed.R.Civ.P., would hamstring its ability to investigate and prosecute its claims

3    and defend against MGA's claims.

4    <u>III. DISCUSSION</u>

5    <u>A. The Order Requires Production of Drawings and Designs for Products Not Yet Released</u>

6            The Order clearly requires Bryant to produce all documents in his possession, custody or

7    control relating to Bratz and other products that Bryant has worked on with or for MGA.  Among

8    other things, the Order requires Bryant to produce documents responsive to Mattel's Request Nos.

9    12, 19, 40, 41, and 54.  Request No. 12 seeks production of all documents that refer or relate to

10   work or services that Bryant performed for or on behalf of MGA after October 20, 2000.  <u>See</u>

11   Zeller Decl., Ex. 4.  Request No. 19 seeks production of all documents that refer or relate to

12   designs that Bryant created, authored, produced, conceived of or reduced to practice after October

13   20, 2000 as purported "works-made-for-hire," whether in whole or in part for or on behalf of

14   MGA.  <u>Id.</u>  Request No. 40 seeks production of documents that refer or relate to Bryant's

15   participation in the conception, creation, design, development, sculpting, tooling, production or

16   manufacture of Bratz.  <u>Id.</u>  Request No. 41 seeks production of all documents that refer or relate

17   to designs for Bratz.  <u>Id.</u>  Request No. 54 seeks production of all prototypes, models, samples and

18   tangible items that refer or relate to Bratz.  <u>Id.</u>  Each of these requests covers drawings and

19   designs for Bratz products, regardless of when the drawings and designs were created or whether

20   the products to which they relate have been released.

21           Nowhere does the Order exempt, or even arguably exempt, from production responsive

22   documents relating to products that have not been released.  To the contrary, the Order rejects

23   Bryant's objections based upon relevancy and overbreadth.  In particular, the Order rejects

24   Bryant's "First Generation Bratz" limitation, which sought to limit discovery to only those

25   documents relating to the first dolls sold to the public in the summer of 2001.  Thus, under the

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                          4

EXHIBIT 12
PAGE 1126

1    Order, Bryant is required to produce drawings and designs in his possession for products currently

2    under development and not yet released to the public.

3       Because the terms of the Order are clear, MGA's and Bryant's request for clarification of

4    the Order is denied.

5    B.  There is Good Cause to Modify the Protective Order as to Drawings and Designs for Products

6    Not Yet Released

7       In the event that designs and drawings for unreleased products under development are

8    found relevant and within the scope of the Order, MGA and Bryant move in the alternative for a

9    protective order pursuant to Rule 26(c), Fed.R.Civ.P., that would provide additional protections

10    not available under the protective order currently in place.  More specifically, MGA and Bryant

11    seek either (1) an order that the designs and drawings for MGA's unreleased products not be

12    revealed at all; (2) an order delaying production of designs and drawings for MGA's unreleased

13    products until the products are released; (3) an order requiring the designs and drawings to be

14    placed in an escrow for an expert to review and prohibiting the expert from removing or copying

15    the documents; or (4) an order providing that the drawings and designs for unreleased products be

16    produced for inspection by only an independent expert at the offices of MGA's counsel, with no

17    copying, photographing or sketching permitted.  Because there is already a protective order in

18    place, MGA and Bryant's motion is construed as one for modification of the existing protective

19    order.[2]

20       1. Rule 26 Standards

21       Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

22    discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

23

24

25       [2] Mattel's contention that the present motion is an improper motion for reconsideration is without merit. To the extent MGA and Bryant seek protection under Rule 26(c), Fed.R.Civ.P., their motion raises issues that were not within the scope of Mattel's motion to compel production of documents from Bryant. Furthermore, paragraph 19 of the protective order currently in place provides that a party may, at any time, apply to the Court for a modification of its terms.

26

27

28    Bryant v. Mattel, Inc.,
      CV-04-09049 SGL (RNBx)

5

EXHIBIT _12_

PAGE _1127_

party." Fed.R.Civ.P. 26(b)(1).  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Even when discovery is permissible under Rule 26(b)(1), however, discovery may be limited pursuant to Rule 26(c), Fed.R.Civ.P., which provides for the issuance of a protective order upon motion by a party that has conferred in good faith in an effort to resolve the dispute without court action, and for good cause shown.  Rule 26(c) provides for "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense," including, among other things, "(1) that the disclosure or discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place . . . (5) that the discovery be conducted with no one present except persons designated by the court" and "(7) that a trade secret or other confidential research, development, or commercial information not be revealed or revealed only in a designated way."  In general, in determining whether a protective order should issue for trade secrets, the Ninth Circuit requires that a court balance the risk to the disclosing party of inadvertent disclosure of trade secrets to competitors against the risk to the moving party that protection of the trade secret would impair the prosecution of its claims.  Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) (upholding protective order granting access to source code and other trade secret materials to only an independent consultant).

### 2. The Documents At Issue Are Relevant

In support of its motion for a protective order, MGA and Bryant contend that drawings and designs for products not yet released to the public are not relevant to any of Mattel's claims. As an initial matter, MGA and Bryant contend that Mattel cannot possibly have suffered a cognizable injury relating to MGA's products that have not yet been released, and that Mattel has never taken the position that such products are relevant.  MGA and Bryant next contend that the drawings and designs for unreleased products are not relevant to Mattel's counterclaim for copyright infringement because that claim is premised on an allegation that Bryant created the

EXHIBIT _12_
PAGE _1128_

1  original Bratz drawings while still employed at Mattel. MGA and Bryant similarly contend that

2  drawings and designs for products not yet released to the public are not relevant to Mattel's

3  original claim that Bryant breached his confidentiality obligations while still employed by Mattel.

4  Because Mattel's claims are based upon events occurring while Bryant was still employed by

5  Mattel, MGA and Bryant believe that drawings and designs for products currently under

6  development -- over six years after the termination of Bryant's employment at Mattel -- have no

7  relevance.  MGA and Bryant further contend that the drawings and designs for products currently

8  under development are not relevant to Mattel's counterclaim for trade secret misappropriation.

9  MGA and Bryant reason that the trade secret claim is based on the alleged theft of business

10  information, not drawings and designs for products.

11      Consistent with the analysis previously set forth in the Order, the Discovery Master finds

12  that drawings and designs for unreleased products are relevant to Mattel's claims against Bryant.

13  Mattel claims that it owns works created by Bryant during his Mattel employment, regardless of

14  whether the works resulted in a Bratz doll released at a particular time.  Further, Mattel's

15  complaint alleges that Bryant breached his confidentiality obligations while employed by Mattel.

16  As Mattel points out, Bryant has a continuing obligation not to use Mattel's confidential and

17  proprietary information.

18      Drawings and designs for unreleased products are also relevant to Mattel's copyright

19  infringement claim.  It is true, as MGA and Bryant point out, that Mattel claims it owns

20  copyrights in Bratz works created by Bryant while still employed by Mattel.  Mattel, however,

21  also asserts that Bryant has infringed Mattel's alleged copyrights in Bratz works through his

22  ongoing conduct of reproducing and creating derivative works.

23      Drawings and designs for unreleased products are also relevant to Mattel's counterclaim

24  for trade secret misappropriation.  Among other things, Mattel alleges that MGA stole its future

25  line lists that detail the Barbie products that Mattel anticipated producing in 2004.  Drawings of

26  unreleased MGA products that resemble unreleased products on Mattel's line lists may support

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT  12
PAGE  1129

1    Mattel's allegation of trade secret misappropriation, even if the line list might potentially be

2    outdated.  Further, proof of trade secret theft is also relevant to Mattel's defense against MGA's

3    unfair competition claims.[3]

### 3. The Drawings and Designs Are Entitled to Heightened Protection

5        MGA and Bryant contend that drawings and designs for unreleased products fall squarely

6    within the category of trade secret information and should not be revealed at all, or in the

7    alternative, should not be revealed prior to release of the products.  They contend that there is

8    good cause for heightened protection for drawings and designs for unreleased products because

9    any relevance of such drawings and designs is marginal at best, and the potential damage to MGA

10   of any disclosure is substantial.  According to MGA and Bryant, there are thirteen lawyers at

11   Mattel's retained law firm who have recently been named in or on briefs submitted by Mattel.  In

12   addition, MGA and Bryant estimate that there are numerous other staff members and outside

13   vendors – such as copy services, couriers, court reporters, experts and their respective staffs—

14   who also handle documents in this case on a regular basis.  MGA and Bryant contend that the

15   current protective order allows disclosure to each of these groups of people, even for documents

16   restricted as "Confidential – Attorneys' Eyes Only."  Moreover, MGA and Bryant contend that

17   Mattel has a practice of summarizing or paraphrasing contents of confidential documents or

18   testimony in briefs and other papers filed with the Court.  MGA and Bryant suspect that Mattel

19   may follow this practice with respect to drawings and designs of unreleased products, and thereby

20   release MGA's trade secret information to the public.

21       Mattel opposes any modification of the existing protective order, asserting that the parties

22   contemplated exchanging trade secret information, including "non-public information relating to

23

24       [3]  MGA and Bryant's contention that discovery of drawings and designs for unreleased products is barred
         unless and until Mattel complies with California Code of Civil Procedure section 2019.210 is without merit.

25   Drawings and designs for unreleased products are relevant to claims other than the trade secret misappropriation
         claim, such as Mattel's claim for copyright infringement.  Furthermore, the case relied upon by MGA and Bryant,

26   Advanced Modular Sputtering, Inc. v. Superior Court, 132 Cal.App.4th 826 (2nd Dist. 2005), is distinguishable from
         the present case in that not all of Mattel's claims are "factually dependent" on the trade secret claim.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT  12
PAGE  1130

1   product development and design,"[4] and agreed to certain safeguards for trade secret information.

2   Mattel contends that there is little to no risk of unwarranted disclosure of MGA's trade secrets

3   because Mattel's in-house counsel and employees are not permitted to inspect or know the

4   contents of documents designated as "Confidential--Attorneys' Eyes Only." Mattel also denies

5   disclosing MGA's confidential information in briefs filed with the court.

6           Mattel's argument that MGA is limited to the terms of the current protective order is

7   without merit. The current protective order was negotiated by the parties at the inception of the

8   case, well before all of the claims and defenses were established. At that time, the parties did not

9   fully understand or foresee what documents and trade secrets would be relevant and discoverable

10  under Rule 26, Fed.R.Civ.P. Moreover, paragraph 19 of the protective order provides that a party

11  may, at any time, apply to the court for a modification of its terms.

12          On balance, there is good cause for heightened protection for drawings and designs for

13  unreleased products. MGA and Mattel are direct competitors. MGA has submitted the

14  declaration of Paula Garcia to support its claim of trade secrets. Ms. Garcia is the Vice President

15  of Product Design and Development and is responsible for the design and development of Bratz

16  products. She states that "[w]ithout question, a toy manufacturer's unreleased toy concepts . . .

17  are among its most highly valuable trade secrets." Garcia Decl. at ¶4. She states that "[a]lthough

18  such drawings and designs are valuable even after the product's public release, their value is

19  enormous prior to their public release because it is the new ideas and designs that are most likely

20  to generate new sales." Id. She further states that MGA protects its product designs and drawings

21  by using confidentiality agreements, computer passwords, and security guards. She also states

22  that vendors, manufacturers, suppliers and other third parties who may see a product design late in

23  the development process are required to sign strict confidentiality agreements. Ms. Garcia states

24  that "MGA's drawings for some of its yet-unreleased 'Bratz' products are even more closely

25

26  _____

27  [4] Protective Order at 2-3.

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT __12__
PAGE __1131__

1   protected." Id. at ¶6. More specifically, she declares that when MGA begins to develop a new

2   Bratz line, only a very limited number of people know about it. Further, Ms. Garcia asserts, "[i]n

3   fact, with respect to some 'Bratz' products, Carter Bryant and I are the only people who know

4   what the concept is and who see the early product drawings. Even after I approve and we have

5   finalized the concept, only a small number of people on the 'Bratz' development team have

6   exposure to the drawings." Id. Thus, drawings and designs for MGA products not yet released to

7   the public are unquestionably valuable trade secret information.

8         Although the protective order currently in place provides for two tiers of protection, MGA

9   points out that even under the higher "Confidential – Attorneys' Eyes Only" tier, MGA's

10  drawings and designs for unreleased products could be disclosed to at least thirteen of Mattel's

11  lawyers, as well as staff members, and also outside vendors such as copy services, court reporters,

12  experts and their staff. Given the number of people involved in the case, MGA is justifiably

13  concerned about the possibility of inadvertent disclosures of trade secrets that could lead to

14  substantial economic injury.

15        In comparison to the potential risk of harm to MGA, Mattel's need for drawings and

16  designs for unreleased products is relatively small. Mattel's claims and defenses are centered

17  upon Bryant's conduct during his employment at Mattel, which ended in October of 2000, and

18  events leading up to the release of the First Generation of Bratz dolls in the summer of 2001.

19  Although the lawsuit is much broader than the First Generation of Bratz dolls, events occurring

20  after the summer of 2001 become less relevant as more time passes. Approximately six years

21  have passed since the launch of the First Generation Bratz dolls. Furthermore, for purposes of

22  determining damages, drawings and designs for released products are far more relevant than

23  drawings and designs for yet unreleased products. Indeed, as MGA and Bryant point out, it is

24  unlikely that Mattel could have suffered any cognizable injury from MGA products that have not

25  yet been released.

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT __12__
PAGE __1132__

1    In summary, the potential for inadvertent disclosure under the terms of the existing

2    protective order outweighs Mattel's need for drawings and designs for unreleased products.

3    Accordingly, MGA and Bryant are entitled to additional protective measures to prevent

4    inadvertent disclosure of drawings and designs for unreleased products.

5    4. Delaying Production of Drawings and Designs Until

6    Products Are Released Would Impair Mattel's Ability To Prosecute Its Claims

7    MGA and Bryant seek a protective order delaying production of drawings and designs for

8    products under development until the products are actually released. MGA and Bryant anticipate

9    releasing products in the fall of 2007 and the spring of 2008. MGA and Bryant's Reply at 4:26-

10   28. MGA and Bryant contend that production of drawings and designs for products under

11   development prior to their release date would impose an unwarranted burden for two reasons.

12   First, MGA and Bryant assert that Mattel's requests are broad. Second, they contend that

13   requiring production of drawings and designs would be disruptive to the product development

14   process. They explain that the creative process is fluid, constant, and extremely rapid. They

15   explain that for some Bratz products, Bryant may create and develop scores of drawings that are

16   modified and improved throughout the development cycle. Further, MGA often goes back to, or

17   builds on, prior drawings. MGA and Bryant contend that "to be forced to turn over these

18   drawings throughout the development process before the product line is finalized, particularly as

19   MGA is operating under such short development cycles, would not only substantially compromise

20   the strict confidentiality measures that MGA has in place but would be extremely disruptive to its

21   ability to do business and therefore significantly impact its ability to compete." MGA and

22   Bryant's Motion at 11:16-22.

23   MGA and Bryant's proposal to delay production until products are released is unworkable.

24   Although MGA anticipates releasing products in the fall of 2007 and the spring of 2008, there is

25   no guarantee that MGA will meet those release dates. If there are delays in the release dates,

26   Mattel might not have sufficient time to review the drawings and designs and conduct follow up

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

11



EXHIBIT _12_
PAGE ___1133___

1  discovery under the current schedule.  Trial on Mattel's original claims is scheduled for February

2  of 2008, and trial on MGA's claims and Mattel's counterclaims is scheduled for July of 2008.

3  In light of the trial schedule, any delay beyond June 29, 2007 would unduly prejudice Mattel's

4  ability to prepare for trial.

5  <u>5. Additional Procedures</u>

6  At the hearing, the parties represented that they would submit a stipulation and proposed

7  order with additional terms governing the production of drawings and designs for MGA's

8  products that are under development.  On April 23, 2007, the parties submitted a stipulation and

9  proposed order.  The parties stipulated to define "Subject Documents" as "documents (defined to

10  include both tangible items and electronic data) created after January 1, 2006 that pertain to

11  products which are currently unreleased and scheduled for public release in 2007 or 2008 and

12  that constitute highly sensitive trade secrets of the producing Party." Stipulation and Proposed

13  Order at ¶1.  The main terms of the stipulation are as follows:

14  1. That "Subject Documents" may be withheld from production to the other parties until

15  June 29, 2007.  <u>Id.</u> at ¶2.

16  2. That "Subject Documents" may be designated as "Highly Confidential – Restricted

17  Attorneys' Eyes Only," and that documents so designated "shall not be disclosed in any way to,

18  nor their contents summarized or discussed in substance with, any person other than: (i) up to

19  three attorneys at the receiving Party's outside law firm; (ii) such independent, outside expert(s)

20  for the receiving Party who outside counsel deems necessary to show such documents for

21  purposes of providing expert opinion or expert testimony; (iii) one assistant or paralegal for each

22  Party . . . (iv) the Court, including the Discovery Master and other personnel identified in

23  paragraphs 6(g) and 7 of the Protective Order; (v) the authors, senders, addressees and

24  designated copy recipients of any document designated 'Highly Confidential – Restricted

25  Attorneys' Eyes Only'; and (vi) such other persons as may be consented to in writing or on the

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

12

EXHIBIT __12__
PAGE ___1734___

1   record by the Party designating such documents 'Highly Confidential – Restricted Attorneys'

2   Eyes Only.'" <u>Id</u>. at ¶3(b).

3       3. That "[d]ocuments designated as 'Highly Confidential – Restricted Attorneys' Eyes

4   Only' shall not be copied except to create one archival file copy, one working copy for the

5   designated attorneys and/or any designated expert, or for use as exhibits at deposition or trial or

6   in filings with the Court, including the Discovery Master." <u>Id</u>. at ¶3(d).

7       4. That "[e]ach receiving Party's original copy set and all copies of Subject Documents,

8   including any copies for use as exhibits or in motion practice, shall be maintained in a secure,

9   locked file at all times when not physically being used by the receiving party's counsel or

10  expert." <u>Id</u>. at ¶3(e); and

11      5. That the producing Party "shall re-designate or de-designate Subject Documents

12  relating to a product within fourteen (14) days of the following events, whichever occurs earlier:

13  (a) the production is first shipped, or (b) the product is first disclosed to a third party without an

14  express confidentiality agreement." <u>Id</u>. at ¶4

15      Good cause appearing, the stipulation is hereby approved and shall be entered as a

16  separate order of the court.

17      <u>V. CONCLUSION</u>

18      For the reasons set forth above, MGA and Bryant's motion for clarification of the Order is

19  denied. MGA and Bryant's alternative motion for a protective order pursuant to Rule 26(c),

20  Fed.R.Civ.P., is granted. The parties shall abide by the terms of the stipulation and order to

21  modify the protective order.

22      Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

23  Master, MGA shall file this Order with the Clerk of Court forthwith.

24  Dated: ~~March~~ <u>May 15</u>, 2007

                              HON. EDWARD A. INFANTE (Ret.)

                                 Discovery Master

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 15,

2007, I served the attached ORDER MODIFYING PROTECTIVE ORDER in the within

action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that
the above is true and correct.

Executed on May 15, 2007, at San Francisco, California.

Anthony Sales

EXHIBIT 12
PAGE 1136

# EXHIBIT 13

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).

**PRIORITY SEND**
**& ENTERED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES – GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                        Date:  July 2, 2007

Title:       CARTER BRYANT -v- MATTEL, INC.
              AND CONSOLIDATED ACTIONS

===============================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                                    Theresa Lanza
Courtroom Deputy Clerk                        Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker                                 John B. Quinn
                                              Brett Dylan Proctor
                                              Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:

Dale M. Cendali
Patricia Glaser

PROCEEDINGS:   MINUTE ORDER

    As set forth more fully herein, the Court hereby makes the following ruling regarding matters heard on July 2, 2007:

(1)   The Court **GRANTS** Mattel's Motion re Trial Structure (docket #462);

(2)   The Court **GRANTS IN PART AND DENIES IN PART** MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505);

(3)   The Court **GRANTS IN PART AND DENIES IN PART** MGA's Ex Parte Application

MINUTES FORM 90                                    Initials of Deputy Clerk _Jh_
CIVIL – GEN                          1              Time: 01/15

ENTERED
CLERK, U.S. DISTRICT COURT

JUL - 5 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION       BY DEPUTY

DOCKETED ON CM

JUL - 5 2007

BY _____ 164

EXHIBIT  13
PAGE  1137

regarding date of production of documents (docket #545); and

(4)   The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5)   The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.

(1)   Motion re Trial Structure (docket #462)

Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases. The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1. Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues. Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings. This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings. A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL,** as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007. Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)   MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3)   MGA's Ex Parte Application regarding date of production of documents (docket #545).

The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products. The order required that documents be produced no later than the end of May.

The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

The Discovery Master's order compels the production of only non-privileged documents. Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced. If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

MGA acknowledges that it has raised an argument before the Court that was not raised

MINUTES FORM 90
CIVIL – GEN

2

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT _13_
PAGE _1138_

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below. The Court disagrees. Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds. A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production. MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law. Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature. They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor. The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings. That is clear. However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial. There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims. Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim. Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers. This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result. However, this Court is bound by the standard of review, and MGA's motion falls far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here. Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT __13__
PAGE __1139__

later than two weeks after that date. Accordingly, the Court **ORDERS** that MGA complete the document production set forth in the Discovery Master's May 15, 2007, order no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which shall be produced no later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15, 2007, Order, extending the document production date as set forth above. The Motion is **DENIED** in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of documents, extending the document production date as set forth above. The application is **DENIED** in all other respects.

(4)     MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters *known or reasonably available* to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added). "The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." Sanders v. Circle K Corp., 137 F.R.D. 292, 294 (D. Ariz. 1991) (internal citation omitted). Another purpose of Rule 30(b)(6) is aptly described by the District Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying', which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself.

Alexander v. F.B.I., 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT   _13_
PAGE   _1140_

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5)    Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT _13_
PAGE _114_