QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>              Plaintiff,<br><br>        vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>              Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To be heard by Discovery Master Robert C. O'Brien pursuant to the Court's Orders of December 6, 2006 and January 6, 2009]**<br><br>[PUBLIC REDACTED] MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS IN RESPONSE TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V. (PHASE 2)<br><br>[Declaration of Marshall Searcy filed concurrently herewith]<br><br>Date:    TBD<br>Time:    TBD<br>Place:   Arent Fox LLP<br><br>**Phase 2:**<br>Disc. Cut-off:   Dec. 11, 2009<br>Pre-trial Con.:   Mar. 1, 2010<br>Trial Date:       Mar. 23, 2010 |

00505.07209/3006371.2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a hearing before the Discovery Master Robert O'Brien, occurring at a date and time to be set by the Discovery Master, Mattel, Inc. ("Mattel") will, and hereby does, move to compel MGAE de Mexico, S.R.L. de C.V. ("MGA Mexico") to produce documents and things responsive to Mattel, Inc.'s First Set of Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V. (Phase 2), and for an award of $5,000 in attorney's fees as a sanction.

This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 34 and 37 on the grounds that MGA Mexico has objected to each and every request, even though they seek information directly relevant to claims and defenses in this case, including Pablo Vargas San Jose's and Mariana Trueba Almada's status as managing agents and other issues.

This Motion is based on this Notice of Motion and the concurrently filed Memorandum of Points and Authorities, the Declaration of Marshall Searcy, and all other matters of which the Court may take judicial notice.

## **Certificate of Compliance**

Mattel notified defendants of the issues raised in this motion, and requested a meeting of counsel, on June 18, 2009, and again on June 24, 2009. Defendants responded on June 25, 2009, standing by their original objections.

DATED:  July 15, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

PRELIMINARY STATEMENT ............................................................. 1

FACTUAL BACKGROUND ................................................................ 2

ARGUMENT ......................................................................... 6

I.      THE DOCUMENT REQUESTS SEEK RELEVANT INFORMATION ........ 6

    A.      Many Requests Seek Documents Directly Related To The Claims At Issue ............................................................. 6

        1.      Request No. 51 ......................................................... 6

        2.      Requests Nos. 73-76 .................................................. 7

        3.      Requests Nos. 52-54 .................................................. 8

        4.      Requests Nos. 66-69, 71-72, 79-83 .................................. 9

        5.      Requests Nos. 59-64 ................................................. 10

    B.      Requests Nos. 1-50, 55-58, 65, 70, 77-78 Are Relevant To Determining The Roles Of Vargas And Trueba At MGA Mexico. ..... 11

        1.      Requests Nos. 1-6 .................................................... 12

        2.      Requests Nos. 7-24, 31-47, 55-58, 65, 77-78 .......................... 13

        3.      Requests Nos. 48-50, 70 .............................................. 14

        4.      Requests Nos. 25-30 ................................................. 15

II.     MGA MEXICO'S OTHER BOILERPLATE OBJECTIONS SHOULD BE REJECTED ............................................................... 15

    A.      The Requests Seek Documents For A Relevant Time Period ............. 15

    B.      Trade Secrets Are Protected By The Protective Order ........................ 18

    C.      Mattel's Requests Are Not Duplicative ................................. 19

    D.      MGA Mexico's Remaining Objections Should Be Overruled ............. 20

III.    MGA MEXICO SHOULD BE SANCTIONED ............................................. 21

CONCLUSION ........................................................................ 22

1

## TABLE OF AUTHORITIES

2

**Page**

3

### Cases

4

A. Farber and Partners, Inc. v. Garber,
234 F.R.D. 186 (C.D. Cal. 2006) ............................................................................... 19

5

6

Braley v. Campbell,
832 F.2d 1504 (10th Cir. 1987) ................................................................................ 22

7

Diamond State Ins. Co. v. Rebel Oil Co., Inc.,
157 F.R.D. 691 (D. Nev. 1994) ................................................................................ 20

8

9

In re Heritage Bond Litig.,
2004 WL 1970058 (C.D. Cal. 2004) ......................................................................... 19

10

Hyde & Drath v. Baker,
24 F.3d 1162 (9th Cir. 1994) .................................................................................... 21

11

12

Keith H. v. Long Beach Unified School Dist.,
228 F.R.D. 652 (C.D. Cal. 2005) .............................................................................. 19

13

Major v. Western Home Ins. Co.,
169 Cal. App. 4th 1197 (Cal. Ct. App. 2009) .......................................................... 11

14

15

In re PE Corp. Securities Litigation,
221 F.R.D. 20 (D. Conn. 2003) ................................................................................ 20

16

Putnam v. Eli Lilly and Co.,
508 F. Supp. 2d 812 (C.D. Cal. 2007) ...................................................................... 19

17

18

Resolution Trust Corp. v. Dabney,
73 F.3d 262 (10th Cir. 1995) .................................................................................... 22

19

Viacom Intern. Inc. v. YouTube, Inc.,
2008 WL 3876142 (N.D. Cal. Aug. 18, 2008) ......................................................... 20

20

Wysinger v. Auto. Club of S. California,
157 Cal. App. 4th 413 (Cal. Ct. App. 2007) ............................................................ 11

21

22

### Statutes

23

28 U.S.C. § 1927 ....................................................................................................... 21

24

Cal. Civ. Code § 3294 ............................................................................................... 11

25

Fed. R. Civ. P. 37(a)(4) ............................................................................................ 21

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Mattel brings this motion because MGA Mexico has yet to produce even one piece of paper responsive to requests for production that are directly linked to the allegations of Mattel's Third Amended Complaint.

MGA Mexico hired at least three former Mattel employees who took Mattel documents and data with them to MGA Mexico upon their departure.  Mattel has alleged that MGA and MGA Mexico used Mattel's trade secrets to start up and run MGA Mexico and to help them compete against Mattel in the United States and around the world.  In response, MGA Mexico has represented to the Discovery Master that it employed Vargas and Trueba in low-level, non-management positions.

Accordingly, Mattel served requests for production of documents relating to both Mattel's allegations and MGA Mexico's assertions as to the scope of Vargas' and Trueba's authority.  The requests were directed at documents concerning MGA Mexico's receipt and use of Mattel's confidential information as well as the nature of the employees' duties at MGA Mexico.  Asserting various boilerplate objections, MGA Mexico has yet to produce even a single document in response to those requests.

For example, MGA Mexico has objected that any documents post-dating 2005 are irrelevant.  However, not only is this directly contrary to MGA Mexico's prior position before the Discovery Master, but the allegations in Mattel's Third Amended Complaint plainly put the post-2005 period in issue.  Indeed, the Discovery Master already overruled this very objection when it was asserted by MGA.  Similarly, MGA Mexico has objected that Mattel's requests seek confidential documents.  Again, the Discovery Master and the Court have repeatedly overruled this objection in light of the protective order in this case.  MGA Mexico has objected to each of Mattel's requests "to the extent that" they are "cumulative and

duplicative" of requests made to MGA, but fails to indicate which requests are purportedly "cumulative and duplicative" of which other requests.  Moreover, the fact that MGA Mexico has yet to produce a single document in this case belies any argument that it is overwhelmed by the burden of responding to "duplicative" requests.  Finally, MGA Mexico asserts various objections that have been either previously overruled (such as objections to the definitions of terms like "DOCUMENTS," "COMMUNICATIONS," or "REFERRING OR RELATING TO") or are simply groundless.

The Discovery Master should overrule MGA Mexico's objections, compel it to produce documents responsive to Mattel's requests, and sanction MGA Mexico for obstructionist conduct.

## Factual Background

**Allegations in the Operative Complaint.**  In its Third Amended Answer and Counterclaims, Mattel has alleged that MGA and Larian enticed Pablo Vargas San Jose, Mariana Trueba Almada, and Carlos Gustavo Machado Gomez to resign from their positions at Mattel and steal Mattel's confidential and proprietary information.[1]  Mattel has also alleged that Vargas and Trueba were hired by Isaac Larian to establish and run MGA Mexico and that they provided Mattel's confidential and proprietary information to MGA and Larian both before and after their resignations from Mattel.[2]  Mattel further alleges that the MGA Parties have used Mattel's stolen secrets and, specifically, that Vargas and Trueba are using Mattel's trade secrets to run MGA Mexico as its managing agents.[3]

---

[1]   See Mattel, Inc.'s Third Amended Answer and Counterclaims, dated May 22, 2009 ("Third Amended Answer and Counterclaims") at ¶¶ 44-61, attached as Exhibit 1 to the concurrently filed Declaration of Marshall M. Searcy ("Searcy Dec.").

[2]   Id.

[3]   Id. at ¶ 48, 55-57.

**MGA's Representations Concerning Vargas and Trueba.**  MGA Mexico has taken the position that Vargas and Trueba were merely "mid-level employees" without discretion in the management of MGA Mexico.[4]  Ruling on Mattel's motion to compel Vargas' and Trueba's depositions, the Discovery Master observed that there was "no evidence directly addressing the Witnesses' current role in MGA Mex."[5]

Accordingly, Mattel propounded requests directed to Vargas' and Trueba's activities for MGA Mexico and managing agent status, as well as other areas implicated by Mattel's trade secret claims.  The categories of documents sought by the requests include:

- Documents relating to agreements between MGA Mexico and Vargas or Trueba relating to this action, and their theft of Mattel's or other trade secrets.[6]

- Sworn statements made by Vargas or Trueba, including such statements made on behalf of MGA Mexico, MGA, or Isaac Larian, or Vargas' or Trueba's refusals to give such statements on their behalf.[7]

- Communications with law enforcement regarding Vargas or Trueba, who are the subject of criminal prosecutions for their thefts from Mattel.[8]

---

[4]   MGA Parties' Opposition to Mattel, Inc.'s 2-09-09 Motion to Compel Depositions of Vargas and Trueba and Request For Sanctions, dated February 13, 2009, at 10, Searcy Dec., Exh. 2.

[5]   Phase 2 Discovery Matter Order No. 11, dated March 30, 2009, at 33-34, Searcy Dec., Exh. 3.

[6]   Mattel, Inc.'s First Set of Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V. (Phase 2) (the "Requests"), dated April 16, 2009, at Requests Nos. 66-69, 71-72, Searcy Dec., Exh. 4.

[7]   Id. at Requests Nos. 48-50, 70.

[8]   Id. at Request No. 51.

- Documents relating to Vargas', Trueba's, or MGA Mexico's receipt of Mattel documents.[9]

- Documents relating to Vargas' or Trueba's duties with respect to MGA Mexico's or Mattel's trade secrets, and MGA Mexico's trade secret policies more generally.[10]

- Documents relating to MGA Mexico's preservation or destruction of documents relating to this action or the prosecutions for theft of Mattel's trade secrets.[11]

- Documents relating to Vargas' or Trueba's current duties at MGA Mexico, including their statements as MGA Mexico representatives, negotiations with third parties on MGA Mexico's behalf, and purchasing, sales, pricing, product, or budget decisions made by Vargas or Trueba or with their input, on or after March 1, 2007.[12]

- Contracts negotiated, signed, or entered into by Vargas or Trueba with or on behalf of MGA Mexico, on or after March 1, 2007, and communications referring or relating to such contracts.[13]

- Documents relating to the management of MGA Mexico or supervision of employees by Vargas or Trueba, including Vargas' or Trueba's participation in any personnel decisions, including decisions related to hiring, firing, promoting or disciplining any employee, officer, consultant, independent contractor or vendor, performance reviews,

---

[9] Id. at Requests Nos. 52-54.
[10] Id. at Requests Nos. 59-64.
[11] Id. at Requests Nos. 73-76.
[12] Id. at Requests Nos. 19-24, 31-42, 44-47, 58, 65, 77-78.
[13] Id. at Requests Nos. 1-6.

input in the rules and policies of MGA Mexico, and participation in committees or working groups, on or after March 1, 2007.[14]

- Communications between Vargas or Trueba and Isaac Larian relating to the business of MGA Mexico or Mattel, on or after March 1, 2007.[15]

- Communications by Isaac Larian or Susanna Kuemmerle regarding the authority of Vargas or Trueba, on or after March 1, 2007.[16]

- Documents showing the benefits given to Vargas or Trueba, including loans.[17]

In response, MGA Mexico served boilerplate objections and wholly refused to produce any documents in response to any of the 83 Requests.[18]  It objected that the requests were duplicative of prior requests, without identifying these supposedly duplicative requests; sought trade secret information; and "violate[d] the rights of third parties to their confidential, proprietary or trade secret information."  MGA Mexico also argued that Mattel's complaint supposedly did not allege any harm in the last two years, so MGA Mexico would not produce any documents for that time period.[19]

**The Meet and Confer**.  Mattel notified defendants of the inadequacy of MGA Mexico's responses, and requested a meeting of counsel, on June 18, 2009.[20]  Mattel followed up again on June 24, 2009.[21]  Defendants responded by

---

[14]   Id. at Requests Nos. 7-18, 43, 55-57.

[15]   Id. at Requests Nos. 25-28.

[16]   Id. at Requests Nos. 29-30.

[17]   Id. at Requests Nos. 79-83.

[18]   See MGAE de Mexico's Responses to First Set of Requests for Documents and Things (Phase 2), dated May 18, 2009, Searcy Dec., Exh. 5.

[19]   Id.

[20]   Letter from Marshall Searcy to Amman Khan, dated June 18, 2009, Searcy Dec., Exh. 6.

[21]   Letter from Marshall Searcy to Amman Khan, dated June 24, 2009, Searcy Dec., Exh. 7.

letter on June 25, 2009.[22]  In that letter, counsel for MGA Mexico stated that it would "stand by its objections."  MGA Mexico did agree to produce "all *relevant*, non-privileged documents responsive to Request Nos. 27, 28, 38, 51-54, 58, 60, 62, 64, 66-68, 70-76, and 79-83."  It did not, however, agree to produce all *responsive* and non-privileged documents to those requests, did not give any explanation as to which documents it intended to withhold as not "relevant," and did not provide any dates by which it would produce such documents.[23]

## **Argument**

## I.    **THE DOCUMENT REQUESTS SEEK RELEVANT INFORMATION**

MGA Mexico has objected that each and every Request served by Mattel is irrelevant.  These frivolous objections should be overruled.  As discussed below, Mattel's Requests seek documents pertinent to the facts and causes of action alleged in Mattel's Third Amended Counterclaims, including facts establishing Vargas and Trueba's roles and duties at MGA Mexico.  These documents are central to the issues in this case.[24]

### A.    **Many Requests Seek Documents Directly Related To The Claims At Issue**

#### 1.    **Request No. 51.**

This Request seeks the production of communications between MGA Mexico and law enforcement regarding MGA Mexico's theft of Mattel's trade

---

[22]   Letter from Amman Khan to Marshall Searcy, dated June 25, 2009, Searcy Dec., Exh. 8.

[23]   Id. (italics added).

[24]   Indeed, MGA Mexico seemingly conceded the relevance of the categories of documents listed in this section by agreeing to produce some documents responsive to the Requests, but has yet to produce any such documents or indicate when it will ever produce them.  See Letter from Amman Khan to Marshall Searcy, dated June 25, 2009.

secrets.[25]  Notably, despite MGA Mexico's relevance objection, these are exactly the kinds of documents which MGA demanded of Mattel, and which Mattel was ordered to produce.[26]  MGA Mexico has never provided any principled explanation why the very same type of documents it successfully sought to compel are no longer relevant.

### 2.   Requests Nos. 73-76

These Requests seek documents related to MGA Mexico's destruction of evidence.[27]  Request No. 73, for example, seeks, "[a]ll DOCUMENTS REFERRING OR RELATING TO YOUR preservation or destruction of DOCUMENTS REFERRING OR RELATING TO THIS ACTION."

Destruction of evidence is a specifically pleaded predicate act to Mattel's RICO claims.[28]  Mattel has alleged that "Larian and MGA have themselves, and through their agents and co-conspirators, destroyed, altered, fabricated and back-dated documents and engaged in other acts of spoliation to conceal the existence, nature and breadth of their wrongful conduct."[29]  Mattel specifically pleaded, with reference to MGA Mexico, that

> Machado, Trueba and Vargas attempted to conceal their widespread theft of Mattel's proprietary information.  For example, Machado ran a software program on his Mattel personal computer in an attempt to erase information, including information that would reveal the addresses to which he had sent, or from which he had received, e-mail

---

[25]   See Request No. 51, Searcy Dec., Exh. 4.
[26]   See Phase 2 Discovery Matter Order No. 6, dated March 13, 2009, at 9-19, Searcy Dec., Exh. 9.
[27]   Requests Nos. 73-76, Searcy Dec., Exh. 4.
[28]   Third Amended Answer and Counterclaims at ¶ 141(c), Searcy Dec., Exh. 1.
[29]   Id. at ¶ 103.

1    messages.  On information and belief, for the same

2    purpose Machado also damaged the hard drive of the

3    personal computer that he used at Mattel.[30]

4    Indeed, for these reasons the Court and the prior Discovery Master

5    repeatedly ordered the production of documents and things related to defendants'

6    spoliation of evidence.  See Order Granting in Part and Denying in Part Mattel's

7    Motion to Compel Deposition and Production of Documents of Christensen Glaser

8    Fink Jacobs Weil & Shapiro LLP, dated May 1, 2008 ("The information Mattel

9    seeks regarding Farhad Larian's alleged destruction of evidence is relevant and

10    crucial to Mattel's allegations of spoliation."), Searcy Dec., Exh. 20; Order Granting

11    Mattel, Inc.'s Motion Objecting to Portions of Discovery Master's December 31,

12    2007 Order Regarding Hard Drives, dated February 27, 2008 ("Destruction of

13    electronic evidence on hard drives is relevant to Mattel's claims, including specific

14    predicate acts alleged in Mattel's RICO counterclaims."), Searcy Dec., Exh. 21.

15    MGA Mexico's objections are particularly inappropriate given that the MGA Parties

16    themselves served document requests related to preservation and destruction of

17    documents.[31]  Mattel's document requests relating to MGA Mexico's preservation

18    and destruction of evidence are clearly proper.

19    ### 3.    Requests Nos. 52-54

20    These requests seek documents related to Vargas', Trueba's, or MGA

21    Mexico's possession of Mattel's confidential information,[32] which is obviously

22    directly relevant to Mattel's claims for misappropriation of trade secrets.

23

24

25    [30]   Id. at ¶ 58.

26    [31]   See MGA's First Set of Request for the Production of Documents and Things,
dated November 22, 2006, at Requests Nos. 86 and 87, Searcy Dec., Exh. 19.

27    [32]   Requests Nos. 52-54, Searcy Dec., Exh. 4.

28

### 4.   <u>Requests Nos. 66-69, 71-72, 79-83</u>

With Requests 66-69 and 71-72, Mattel seeks documents relating to agreements between MGA Mexico and Vargas or Trueba relating to this action, or to their thefts of Mattel's or other trade secrets.  Request No. 66, for example, seeks "[a]ll agreements and contracts between YOU and VARGAS or TRUEBA REFERRING OR RELATING TO MATTEL or THIS ACTION."  Request No. 69 seeks "[a]ll DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS or agreement between YOU and VARGAS or TRUEBA regarding their testimony in any proceedings REFERRING OR RELATING TO YOUR theft, possession or use of the trade secrets or confidential information of any other PERSON."  These documents are directly relevant to this litigation. Among the documents this Request would uncover, for example, are fee agreements, which the Court and the Discovery Master have repeatedly found are relevant and discoverable.  Other relevant documents would include promises of rewards or benefits to Vargas or Trueba, which already have been found to be discoverable by the Discovery Master.[33]

Likewise, Requests Nos. 79-83 seek documents showing the benefits defendants have given to Vargas or Trueba.  Request No. 81, for example, seeks "DOCUMENTS sufficient to show the actual, promised or offered transfer of any and all ITEMS OF VALUE by YOU to, or for the benefit of, VARGAS or TRUEBA."  Mattel has alleged that defendants encouraged and rewarded Vargas and Trueba for their theft of Mattel's trade secrets.[34]  The benefits promised to or received by them are thus directly relevant to Mattel's claims.

---

[33]   <u>See</u> Phase 2 Discovery Matter Order No. 11, dated March 31, 2009, at 22-25, Searcy Dec., Exh. 3 (granting motion to compel responses to interrogatories regarding payments to former Mattel employees).

[34]   <u>See</u> Third Amended Answer and Counterclaims at ¶ 44, Searcy Dec., Exh. 1.

00505.07209/3006371.2

### 5.   <u>Requests Nos. 59-64</u>

These requests seek documents related to Vargas' or Trueba's duties with respect to MGA Mexico's or Mattel's trade secrets, and MGA Mexico's trade secret policies more generally.  Request No. 59 seeks "[a]ll DOCUMENTS REFERRING OR RELATING TO VARGAS' and TRUEBA's duties, obligations or responsibilities to preserve YOUR trade secrets and confidential information, on or after March 1, 2007."  Request 60 seeks, "All DOCUMENTS REFERRING OR RELATING TO VARGAS' and TRUEBA's duties, obligations or responsibilities not to use the trade secrets and confidential information of any other PERSON, including but not limited to MATTEL, on or after March 1, 2007."

MGA Mexico has agreed to produce some documents regarding its employees' duties regarding the trade secrets of others, but not of its employees' duties regarding its own trade secrets.[35]  Both sets of duties are relevant.  Defendants have argued that Mattel's trade secrets do not qualify for protection both because they are not in fact trade secrets, and because Mattel has not taken reasonable steps to protect them.  However, if MGA takes similar or less stringent steps to protect its own information, that fact contradicts any argument that Mattel has acted unreasonably.  Likewise, if defendants classify information as trade secrets or confidential which is similar to the type of information that Mattel so classifies, then this fact would contradict MGA Mexico's arguments.  Furthermore, MGA Mexico has not even produced the documents sought by these Requests that it has conceded are relevant or provided a date by which it will produce them.  It should be compelled to do so.

---

[35]   Letter from Amman Khan to Marshall Searcy, dated June 25, 2009 (agreeing to produce some documents in response to Requests Nos. 60 and 64), Searcy Dec., Exh. 8.

## B.   Requests Nos. 1-50, 55-58, 65, 70, 77-78 Are Relevant To Determining The Roles Of Vargas And Trueba At MGA Mexico.

The remainder of the Requests relate to the duties of Vargas and Trueba for defendants, their current responsibilities, and their roles as agents and managing agents of MGA Mexico.  Such documents are central to establishing Vargas' and Trueba's role at MGA Mexico, and hence relevant to show that their acts are imputable to MGA Mexico and that defendants are liable for punitive damages.  See, e.g., Wysinger v. Auto. Club of S. California, 157 Cal. App. 4th 413, 428-429 (Cal. Ct. App. 2007) (upholding issuance of punitive damages where tortious conduct was committed by managing agent; "Corporate punitive damage liability is limited to the actions by managing agents who are defined as employees who exercise substantial independent authority and judgment over decisions that ultimately determine corporate policy.") (citation and quotation omitted); Major v. Western Home Ins. Co., 169 Cal. App. 4th 1197, 1220 (Cal. Ct. App. 2009) (corporate party was liable for punitive damages where wrongdoing was committed by managing agent); Cal. Civ. Code § 3294 ("With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.").

MGA Mexico has repeatedly attempted to minimize its own role in the wrongdoing by Vargas and Trueba, representing without evidence or detail that they were mere mid-level employees without significant responsibility or authority. According to MGA Mexico, they stole Mattel's trade secrets on their own, and without MGA Mexico's knowledge.[36]  Mattel, on the other hand, has alleged that

---

[36]   MGA Parties' Opposition to Mattel, Inc.'s 2-09-09 Motion to Compel Depositions of Vargas and Trueba and Request For Sanctions, dated February 13, 2009, at 4, 10, Searcy Dec., Exh. 2.

Vargas and Trueba acted as MGA Mexico's agents in committing their misconduct.[37]  In fact, Mattel has alleged that in 2005 Vargas and Trueba helped to run MGA Mexico.[38]  Mexican news articles have stated that after recent layoffs at MGA Mexico, Machado, Vargas, and Trueba are the *only* three individuals left at the company at all.[39]  Mattel is entitled to documents to disprove the representations made by MGA Mexico, and to prove Vargas' and Trueba's managing agent status, especially given that MGA Mexico itself has put the matter at issue.  Moreover, many of the Requests relating to whether Vargas or Trueba are managing agents are relevant to other issues as well, as discussed below.

### 1.    Requests Nos. 1-6

Documents relating to contracts negotiated, signed, or entered into by Vargas or Trueba on behalf of MGA Mexico are relevant to show (a) that MGA Mexico indeed authorized Vargas and Trueba to bind it; and (b) exactly which MGA Mexico operations are managed by Vargas and Trueba.  If, for example, Vargas has signed agreements relating to the prices at which MGA Mexico products are sold, or prices at which supplies are purchased, these documents would tend to demonstrate that Vargas has been granted such authority by MGA Mexico.  As a result, the documents may show that Vargas and Trueba are heavily involved in or manage MGA Mexico operations that specifically relate to the trade secrets stolen from Mattel, including price lists and costing information.  Not only are such facts

---

[37]  See Third Amended Answer and Counterclaims at ¶ 157 (alleging that Vargas and Trueba acted "for, on behalf of or at the direction of MGA and/or Larian"), Searcy Dec., Exh. 1.

[38]  See id. at ¶ 48; see also ██████████████████████████████████
█████████████████████████████, Searcy Dec., Exh. 10.

[39]  See Barbie acaba con las Bratz; se van de Mexico, El Economista, April 29, 2009, and accompanying certified translation, Searcy Dec., Exh. 11.

00505.07209/3006371.2

MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA MEXICO

directly relevant to their status as managing agents, but they would be circumstantial evidence that MGA Mexico used Mattel's trade secrets stolen by Vargas and Trueba.

The Requests also seek agreements entered into *between* Vargas or Trueba and MGA Mexico.  These agreements would be relevant to showing, for example, that MGA Mexico has given Vargas or Trueba benefits explicitly for their theft of Mattel trade secrets or has implicitly done so by giving such benefits with little or no consideration in return.  Such documents would be directly relevant to establish Mattel's claims that MGA Mexico has rewarded Vargas and Trueba for their theft of Mattel's trade secrets or that they had received money or promises of money while still Mattel employees in violation of their obligations to Mattel.  For these same reasons, such agreements would be relevant to issues of bias or credibility.  In addition, their agreements may contain terms defining the scope of their duties—which is directly relevant to their status as managing agents.

### 2.   <u>Requests Nos. 7-24, 31-47, 55-58, 65, 77-78</u>

Requests seeking information about Vargas' or Trueba's current duties at MGA Mexico are relevant for similar reasons.  Request No. 38, for example, asks for, "[a]ll DOCUMENTS REFERRING OR RELATING TO the job duties or employment functions of VARGAS or TRUEBA, on or after March 1, 2007."

Again, if Vargas and Trueba have authority over MGA Mexico operations that relate to the trade secrets they stole, those facts would be circumstantial evidence of use.  Thus, documents relating to "decisions regarding advertising, press releases, public relations or any other public statements made on YOUR behalf in which VARGAS or TRUEBA had any input, participation or involvement, on or after March 1, 2007,"[40] would be relevant as circumstantial evidence that Vargas and Trueba used the documents they stole related to marketing

---

[40]   Request No. 19, Searcy Dec., Exh. 4.

and advertising strategies for Mattel's products.[41]  They are also directly relevant to whether Vargas and Trueba are managing agents, as Mattel has alleged, or not, as MGA Mexico claims.  Indeed, MGA Mexico itself having directly put their duties at issue, it is in no position to refuse discovery on the question.

### 3. Requests Nos. 48-50, 70

Sworn statements made by Vargas or Trueba, or their refusals to give such statements on defendants' behalf, are relevant to bias, credibility, and impeachment.  To the extent prior statements made by Vargas or Trueba are inconsistent with current positions, those would be relevant for impeachment.  Their refusal to testify could also be highly relevant.  If, for example, Vargas or Trueba could not declare that they had not given Mattel's trade secrets to MGA, or used those trade secrets while at MGA, these refusals would be highly relevant to Mattel's case.[42]  Sworn statements are also directly relevant to the managing agent inquiry, including to show their alliance with MGA Mexico and their willingness to act on MGA Mexico's behalf.[43]

---

[41]   MGA Mexico agreed to produce some documents in response to two of these Requests.  Letter from Amman Khan to Marshall Searcy, dated June 25, 2009 (Requests Nos. 38 and 58), Searcy Dec., Exh. 8.  Request No. 38 seeks, "All DOCUMENTS REFERRING OR RELATING TO the job duties or employment functions of VARGAS or TRUEBA, on or after March 1, 2007."  Request 58 seeks, "All DOCUMENTS REFERRING OR RELATING TO VARGAS' and TRUEBA's responsibilities for MGA MEXICO, on or after March 1, 2007."  Searcy Dec., Exh. 4.

[42]   MGA Mexico agreed to produce some documents relating to Vargas' or Trueba's refusal to testify.  Letter from Amman Khan to Marshall Searcy, dated June 25, 2009 (Request No. 70), Searcy Dec., Exh. 8.

[43]   See Phase 2 Discovery Matter Order No. 11, dated March 30, 2009, at 29, Searcy Dec., Exh. 3 (listing one factor as "whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party," and another as "whether the individual can be expected to identify with the interests of the corporation").

4.      **Requests Nos. 25-30**

Finally, Requests relating to communications by Isaac Larian or Susanna Kuemmerle with Vargas or Trueba, or relating to the duties of Vargas or Trueba, are directly relevant to Mattel's allegations in this suit.  Mattel has alleged that Isaac Larian and Susanna Kuemmerle conspired with Vargas and Trueba to have them steal Mattel's trade secrets, and use them to run MGA Mexico.[44]  Larian's or Kuemmerle's communications regarding their job duties at MGA Mexico are relevant to showing that Vargas and Trueba are managing agents and indeed that defendants placed them in positions specifically because of their knowledge of Mattel trade secrets.  They are therefore directly relevant to Mattel's counterclaims.[45]

## II.      MGA MEXICO'S OTHER BOILERPLATE OBJECTIONS SHOULD BE REJECTED

In addition to its insupportable relevance objections, MGA Mexico has made additional, virtually identical boilerplate objections in every one of its Responses to Mattel's document requests.  These objections are wholly without merit.

### A.      The Requests Seek Documents For A Relevant Time Period

MGA Mexico objects to each Request as "overly broad and unduly burdensome on the grounds that the post-March 1, 2007 time period is beyond the scope of Mattel's Second Amended Answer and Counterclaims and is irrelevant to this action."  MGA Mexico's objection conflicts with the plain language of Mattel's

---

[44]   Third Amended Answer and Counterclaims at ¶¶ 44-61, Searcy Dec., Exh. 1.
[45]   MGA Mexico agreed to produce some communications between Larian and Vargas or Trueba relating to Mattel, but not other documents.  Letter from Amman Khan to Marshall Searcy, dated June 25, 2009 (Requests Nos. 27 and 28), Searcy Dec., Exh. 8.  To date, MGA Mexico has not produced even the documents it conceded are relevant.

00505.07209/3006371.2

-15-

operative pleading, which is its Third Amended Answer and Counterclaims.
Mattel's Third Amended Answer and Counterclaims repeatedly allege that MGA
and MGA Mexico are engaged in ongoing misconduct.

- "Beginning at various times from approximately 1999 **through the filing of this Third Amended Answer and Counterclaims** [i.e., May 22, 2009]. . . Counter-defendants MGA, MGA Entertainment (HK) Limited, MGA de Mexico, Larian, Bryant, Machado, Does 4 through 10, and Brawer, Trueba, Vargas, Castilla and Brisbois were employed by and associated-in-fact with an enterprise . . . "[46]

- "The conduct of each enterprise **continues through the date of this Third Amended Answer and Counterclaims and is ongoing**, including by virtue of MGA's continuing use and infringement of Mattel's information, property and rights, and its use of ill-gotten gains from such thefts, all to the detriment of Mattel.  Said enterprises furthermore threaten to continue such conduct into the future, to the detriment of Mattel."[47]

- The RICO activity at issue "extends over a substantial period of time, **up to and beyond the date of this Third Amended Answer and Counterclaims**."[48]

Thus, Mattel's Requests are directly relevant to establish that Vargas and Trueba
have used and continue to use their positions to exploit Mattel's trade secrets up to
and through the present, as alleged in Mattel's Counterclaims.

The Discovery Master also has previously rejected a virtually identical
time frame objection by MGA:

---

[46]  Third Amended Answer and Counterclaims at ¶ 134, Searcy Dec., Exh. 1.
[47]  Id. at ¶ 140.
[48]  Id. at ¶ 141.

1      MGA argues that Larian's post-2005 communications
2      with Mattel employees are not relevant to Mattel's RICO
3      claims. . . . MGA's reading of the SAAC is too
4      narrow. . . . Contrary to MGA's assertion, Mattel does not
5      allege that the only reason the alleged criminal enterprise
6      is 'ongoing' is because MGA continues to use Mattel's
7      information and property.  Additionally, Mattel alleges
8      that the purpose of the alleged criminal enterprises is to
9      'acquire the confidential business information and property
10      of Mattel,' and that this conduct 'continues through the
11      date of [the SAAC (i.e., July 12, 2007)].'[49]

12  "[T]he post-March 1, 2007 time period" is directly relevant to the issues in this case.

13  MGA Mexico's objection should therefore be rejected.

14      Moreover, MGA Mexico's objections contradict its own prior

15  successful representations to the Discovery Master.  In opposing Mattel's motion to

16  compel the depositions of Vargas and Trueba, MGA Mexico explicitly stated that

17  Vargas' and Trueba's *current* status at MGA Mexico is the relevant question for

18  determining whether they are managing agents.  "[W]hen do we look at this

19  question as to whether these [Witnesses] are managing agents?  And the answer, of

20  course, is now."[50]  MGA Mexico cannot now argue that this time period is irrelevant

21  to managing agent status when it succeeded in arguing the contrary to the Discovery

22  Master.

---

49   Phase 2 Discovery Matter Order No. 22, dated April 28, 2009, at 34-35, Searcy Dec., Exh. 12.

50   Phase 2 Discovery Matter Order No. 11, dated March 30, 2009, at 32 n.24, Searcy Dec., Exh. 3.

MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA MEXICO

### B.   <u>Trade Secrets Are Protected By The Protective Order</u>

MGA Mexico has also objected to each Request both "to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information," and on the grounds that "it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA."  Aside from its failure to substantiate or explain how each and every request seeks such information—including for example requests for documents related to the destruction of evidence in this case, or theft of *Mattel* trade secrets—MGA Mexico cannot rely on such purported concerns because there is a protective order in place to address them.

The Court, the current Discovery Master, and the prior Discovery Master have repeatedly ruled that the protective order is sufficient to alleviate any professed confidentiality concerns.  <u>See, e.g.</u>, Order Granting Mattel's Motion to Compel Documents, dated January 25, 2007, at 14 ("The protective order filed on January 4, 2005, is sufficient to address any confidentiality concerns raised by Bryant . . . . Accordingly, Bryant is ordered to produce, without redactions all non-privileged documents responsive to [the Requests at issue]."), Searcy Dec., Exh. 13; Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 11, n.4 ("The Protective Order is sufficient to alleviate Mr. Isaac Larian's privacy concerns."), Searcy Dec., Exh. 14; Order dated July 2, 2007, at 3 (District Court approved finding that the entry of a protective order justified compelling production of even "sensitive documents" to MGA's "fierce competitor."), Searcy Dec., Exh. 15; Discovery Master Order No. 6, dated March 13, 2009, at 7 (personnel files could be produced over privacy objections because a protective order has been entered in this case), Searcy Dec., Exh. 9; Discovery Master Order No. 33, dated May 18, 2009, at 9 ("

1  ███████"), Searcy Dec., Exh. 16.  See also Putnam v. Eli Lilly and Co., 508 F. Supp.

2  2d 812, 814 (C.D. Cal. 2007) (finding that a protective order "can strike the

3  appropriate balance between the need for the information and the privacy concerns"

4  of the party opposing production's employees); Keith H. v. Long Beach Unified

5  School Dist., 228 F.R.D. 652, 658 (C.D. Cal. 2005) (compelling production of

6  student records because of slight redactions and "a protective order to minimize any

7  invasion of the students' privacy rights"); In re Heritage Bond Litig., 2004 WL

8  1970058 at *5, n.12 (C.D. Cal. 2004) ("Any privacy concerns . . . defendants have in

9  their bank records and related financial statements are adequately protected by the

10  protective order, and are not sufficient to prevent production in this matter"); A.

11  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 191-92 (C.D. Cal. 2006)

12  ("[P]laintiff's need for defendant Garber's financial documents outweighs defendant

13  Garber's claim of privacy, especially when the 'impact' of the disclosure of the

14  information can be protected by a 'carefully drafted' protective order").  MGA

15  Mexico's purported confidentiality and privacy objections do not justify its flat

16  refusals to produce relevant documents.

17      **C.    Mattel's Requests Are Not Duplicative**

18          MGA Mexico also objects to each and every Request "as cumulative

19  and duplicative to the extent that it seeks documents previously requested by Mattel

20  or produced by MGA in response to Mattel's document requests."  This objection is

21  factually incorrect and legally improper

22          First, Mattel's Requests are not duplicative, and MGA Mexico has

23  failed to substantiate any claim that they are.  It does not, for example, reference

24  which prior Requests are supposedly duplicative, nor show that documents have

25  been produced in response to those Requests.  Indeed, Mattel's review to date has

26  shown that such documents have *not* been produced.

27          In any case, MGA Mexico cannot use this objection to avoid producing

28  documents.  There is no rule that prevents a party from seeking purportedly

1  duplicative discovery from different defendants.  In fact, multiple requests are

2  essential to developing a full record.   Different entities have different policies about

3  document retention.  See, e.g., Diamond State Ins. Co. v. Rebel Oil Co., Inc., 157

4  F.R.D. 691, 697 (D. Nev. 1994) (recognizing that although the requests were

5  "duplicative in part," they were "directed toward two separate business entities, and

6  the documents "actually maintained in the files of each entity may not be identical").

7  Some parties are more forthcoming, or more honest, than others.  See, e.g.,  Viacom

8  Intern. Inc. v. YouTube, Inc., 2008 WL 3876142, *3 (N.D. Cal. Aug. 18, 2008)

9  (requiring third party to produce documents "likely to be in the possession of

10  defendants" because defendants' "poor initial record keeping raise[d] questions

11  about the completeness of its files").  While serving defendants "with identical

12  document requests may result in duplication, such action would ensure discovery of

13  all facts necessary to unearth the truth." In re PE Corp. Securities Litigation, 221

14  F.R.D. 20, 28 (D. Conn. 2003).  Furthermore, MGA Mexico's own possession of

15  Mattel's trade secrets and other documents is itself a salient fact, as discussed in

16  Mattel's concurrently filed Motion to Compel MGA Mexico to Produce Documents

17  and Things in Response to Mattel's First, Second and Third Sets of Requests for

18  Production to MGA Mexico.

19         MGA Mexico's objections that the Requests as "cumulative and

20  duplicative" should therefore be rejected as both factually and legally baseless.

21    **D.    MGA Mexico's Remaining Objections Should Be Overruled**

22         MGA Mexico's remaining objections should be overruled as well.

23  MGA Mexico also objects to numerous Requests as "vague, ambiguous, overly

24  broad and unduly burdensome" for their use of terms such as "[a]ll DOCUMENTS,"

25  "COMMUNICATIONS," and "REFERRING OR RELATING TO."  These terms

26  are not vague or ambiguous—in many cases they are defined terms—and frequently

27

28

00505.07209/3006371.2

used by both parties.  Indeed, the previous Discovery Master has rejected attempts to avoid discovery on the basis that similar terms are overbroad.[51]

MGA Mexico also objects that the Requests seek documents not within its possession, custody, or control.  This objection is baseless.  If the documents are truly not within its possession, custody, or control, it cannot and therefore has no duty to produce them.  Similarly, MGA Mexico objects to each Request as "compound" without any explanation.  Finally, MGA objects based on the attorney client privilege, but as MGA itself successfully argued to the Discovery Master, communications with law enforcement are not privileged and must be produced.[52] MGA Mexico's objections are without merit.  They should be overruled, and MGA Mexico should be required to produce documents without further delay.

## III.   MGA MEXICO SHOULD BE SANCTIONED

Under the <u>Federal Rules</u>, a party bringing a motion to compel is entitled to "the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  <u>Fed. R. Civ. P.</u> 37(a)(4).  The burden of establishing substantial justification is on the party being sanctioned. <u>Hyde & Drath v. Baker</u>, 24 F.3d 1162, 1171 (9th Cir. 1994).  Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides that "[a]ny

---

[51]   <u>See, e.g.</u>, Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by MGA, Denying Request for Monetary Sanctions, dated August 13, 2007, at 7-8, 10-12 (compelling production of documents in response to requests nos. 9-13 and 18, which sought "all DOCUMENTS RELATING TO" a series of issues, and "COMMUNICATIONS" relating to those issues as well), Searcy Dec., Exh. 17.

[52]   <u>See</u> Phase 2 Discovery Matter Order No. 6, dated March 13, 2009, at 9-19, Searcy Dec., Exh. 9.

1  attorney . . . who so multiplies the proceedings in any case unreasonably and

2  vexatiously may be required by the court to satisfy personally the excess costs,

3  expenses, and attorneys' fees reasonably incurred because of such conduct."

4  Sanctions under this section are appropriate "for conduct that, viewed objectively,

5  manifests either intentional or reckless disregard of the attorney's duties to the

6  court." Resolution Trust Corp. v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995), citing

7  Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987).

8          Sanctions are called for here.  MGA Mexico's numerous, boilerplate

9  objections in response to all 83 Requests—which it refused to withdraw—

10  demonstrate MGA Mexico's lack of good faith.  When challenged on these

11  objections, MGA Mexico stated it would produce some (but not all) documents in

12  response to a handful of Requests, without any explanation as to why it objected in

13  the first place, what it ultimately intended to produce, or when it would make such

14  productions.  Nor has it produced even the documents it has conceded it must

15  produce or provided a date by when it would produce them.  Such conduct is part of

16  a pattern whereby defendants force Mattel to file motions to compel—and then

17  motions to enforce when they fail to comply with those Orders—before producing

18  any documents or providing any witnesses for deposition.  Mattel requests that

19  MGA and MGA Mexico and its counsel be ordered to pay $5,000 as partial

20  reimbursement for the fees Mattel has incurred on this Motion.

21                          **Conclusion**

22          Mattel respectfully requests that its motion be granted in its entirety.

23

24  DATED:  July 15, 2009                QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

25

26                          By /s/ Michael T. Zeller
27                             Michael T. Zeller
                               Attorneys for Mattel, Inc.
28

00505.07209/3006371.2

-22-