QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443 3000
Facsimile:   (213) 443 3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>MATTEL, INC., a Delaware corporation,,<br><br>          Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To be heard by Discovery Master Robert C. O'Brien pursuant to the Court's orders of December 6, 2006 and January 6, 2009]**<br><br>**MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR ISSUANCE OF LETTERS OF REQUEST FOR VARGAS AND TRUEBA; AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of Marshall Searcy and [Proposed] Request for Judicial Assistance filed concurrently herewith]<br><br>Date:   TBD<br>Time:   TBD<br>Place:  Arent Fox LLP<br><br>**Phase 2:**<br>Disc. Cut-off:    Dec. 11, 2009<br>Pre-trial Con.:    Mar. 1, 2010<br>Trial Date:         Mar. 23, 2010 |

07975/2976991.1

MATTEL, INC.'S MOTION FOR ISSUANCE OF LETTERS OF REQUEST

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a hearing before the Discovery Master Robert O'Brien, occurring at a date and time to be set by the Discovery Master, Mattel, Inc. ("Mattel") will, and hereby does, move pursuant to <u>Federal Rule of Civil Procedure</u> 28 for a report and recommendation that a Letter of Request for International Judicial Assistance issue: (1) to compel the oral deposition of Pablo Vargas San Jose; and (2) to compel the oral deposition Mariana Trueba Almada, in Mexico City, Mexico.  A form of the Letter of Request for International Judicial Assistance is attached hereto as Exhibit 1.  The topics of oral testimony sought from Vargas and Trueba are set forth in Schedules B and C, respectively.

Mattel makes this motion pursuant to <u>Federal Rule of Civil Procedure</u> 28 on the grounds that Vargas and Trueba have evidence in the form of relevant testimony critical to the subject matter of these consolidated cases and specifically to Mattel's Counterclaims.  The Discovery Master has already confirmed this fact, and found the issuance of a Letter of Request appropriate.  Accordingly, Mattel requests that the Discovery Master recommend the issuance of the accompanying Letter of Request for International Judicial Assistance to obtain the requested evidence.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Marshall Searcy, the concurrently filed [Proposed] Request for Judicial Assistance, all other pleadings and papers on file in this action, any matters of which the Discovery Master may take judicial notice, and such further evidence and argument as may be presented at or before the hearing on this matter.

**Certificate of Compliance**

Mattel notified defendants of the issues raised in this motion on June 24, 2008. Defendants did not reply to Mattel's letter.

DATED: July 22, 2009      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Marshall M. Searcy
   Marshall M. Searcy
   Attorneys for Mattel, Inc.

07975/2976991.1

-3-
MATTEL, INC.'S MOTION FOR ISSUANCE OF LETTERS OF REQUEST

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

PRELIMINARY STATEMENT ....................................................................... 1

STATEMENT OF FACTS ............................................................................... 1

ARGUMENT ................................................................................................... 2

I.    THE COURT HAS AUTHORITY TO ISSUE THE LETTER OF REQUEST ............................................................................................. 2

II.   THE TOPICS OF TESTIMONY ARE BOTH RELEVANT AND NECESSARY TO MATTEL'S PROSECUTION OF ITS COUNTERCLAIMS AT TRIAL ................................................................ 3

CONCLUSION ................................................................................................ 6

# TABLE OF AUTHORITIES

**Page**

### Cases

Major v. Western Home Ins. Co.,
 169 Cal. App. 4th 1197 (Cal. Ct. App. 2009)............................................................ 6

Wysinger v. Auto. Club of S. California,
 157 Cal. App. 4th 413 (Cal. Ct. App. 2007)............................................................ 6

### Statutes

28 U.S.C. § 1781............................................................................................................ 3

Cal. Civ. Code § 3294.................................................................................................... 6

Federal Rule of Civil Procedure 28(b)(1)...................................................................... 2

Federal Rule of Civil Procedure 28(b)(2) ..................................................................... 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel, Inc. ("Mattel") requests that the Discovery Master recommend the issuance of the accompanying Letter of Request for International Judicial Assistance for the purpose of taking the deposition under oath of Pablo Vargas San Jose and Mariana Trueba Almada in Mexico City, Mexico.

There is ample justification for the issuance of the Letter of Request. The Discovery Master has already held that Mattel may "prepare letters rogatory and submit them to the Discovery Master, who will see that the letters rogatory are expeditiously issued by the Court."[1] The requested discovery in the Letter of Request is also narrowly tailored. Mattel seeks to depose Mr. Vargas and Ms. Trueba on eight topics which are very similar to topics previously approved by the Discovery Master with respect to Ms. Brisbois and MGA Canada. While this discovery, which may be otherwise unavailable to Mattel, will not impose an undue burden upon Mr. Vargas and Ms. Trueba, it is essential for Mattel to prosecute its counterclaims against MGA.

## Statement of Facts

**Allegations in the Operative Complaint.** In its Third Amended Answer and Counterclaims, Mattel has alleged that MGA and Larian induced former employees Pablo Vargas San Jose, Mariana Trueba Almada, and Carlos Gustavo Machado Gomez to resign from their positions at Mattel, and to steal Mattel's confidential and proprietary information. Mattel has also alleged that Vargas and Trueba were hired by Isaac Larian to establish and run MGA Mexico,

---

[1] See Phase 2 Discovery Matter Order No. 11, dated March 31, 2009, at 36, attached as Exhibit 1 to the concurrently filed Declaration of Marshall Searcy ("Searcy Dec.").

1 and that they provided the information to MGA and Larian both before and after
2 their resignations from Mattel.[2]

3       **Mattel's Motion to Compel.**  For discovery on these claims, Mattel
4 noticed the depositions of Vargas and Trueba.  MGA Mexico, however, urged that
5 Vargas and Trueba were merely "mid-level employees" without discretion in the
6 management of MGA Mexico, and thus, they were beyond the reach of Fed. R. Civ.
7 P. 30.[3]  Mattel moved to compel the depositions of Vargas and Trueba.[4]  The
8 Discovery Master denied Mattel's motion.  In so ruling, however, the Discovery
9 Master explicitly stated that Vargas and Trueba "have information relating to several
10 Phase 2 issues and that Mattel is entitled to take their depositions."  Thus, the
11 Discovery Master concluded, Mattel was entitled to "prepare letters rogatory and
12 submit them to the Discovery Master, who will see that the letters rogatory are
13 expeditiously issued by the Court."[5]

## Argument

**I.   THE COURT HAS AUTHORITY TO ISSUE THE LETTER OF REQUEST**

Under Federal Rule of Civil Procedure 28(b)(1), "[a] deposition may be taken in a foreign country . . . under a letter of request, whether or not captioned a 'letter rogatory.'"  Further, Rule 28(b)(2) provides for the issuance of a Letter of Request "on appropriate terms after an application and notice of it. . . . "  Finally, both the United

---

[2]  Mattel, Inc.'s Third Amended Answer and Counterclaims, dated May 22, 2009, at ¶¶ 44-61 ("Counterclaims"), Searcy Dec., Exh. 2.
[3]  MGA Parties' Opposition to Mattel, Inc.'s 2-09-09 Motion to Compel Depositions of Vargas and Trueba and Request For Sanctions, dated February 13, 2009, at 10, Searcy Dec., Exh. 4.
[4]  See Mattel, Inc.'s Motion to Compel Depositions of Vargas and Trueba; and Request For Sanctions, dated February 9, 2009, Searcy Dec., Exh. 3.
[5]  See Phase 2 Discovery Matter Order No. 11, dated March 30, 2009, at 36, Searcy Dec., Exh. 1.

States and Mexico are members of the Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters,[6] which permits the issuance of letters of request.[7]

Because information and witnesses necessary to Mattel's prosecution of its counterclaims against MGA are located in Mexico, the Discovery Master should recommend the issuance of the Proposed Letter of Request for International Judicial Assistance. The Proposed Letter of Request, filed concurrently herewith, would ask the Mexican Judicial authority to compel: (1) Pablo Vargas San Jose to be examined under oath on the topics set forth in Schedule B; and (2) Maria Trueba Almada to be examined under oath on the topics set forth in Schedule C.

## II. THE TOPICS OF TESTIMONY ARE BOTH RELEVANT AND NECESSARY TO MATTEL'S PROSECUTION OF ITS COUNTERCLAIMS AT TRIAL

As discussed at length in Mattel's motion to compel the depositions of Vargas and Trueba,[8] Vargas and Trueba are central actors in the events alleged throughout Mattel's Third Amended Counterclaims and plainly relevant witnesses. Mattel alleges that MGA and other defendants have engaged in the systematic theft of Mattel's trade secrets, much of which helped MGA unfairly compete against

---

[6] See 28 U.S.C. § 1781; Executive Order published in the Federal Official Gazette dated February 12, 1990; see also Status table, listing signatories to Hague Convention, available at http://www.hcch.net/index_en.php?act=conventions.status&cid=82.

[7] See 28 U.S.C. § 1781("The Department of State has power, directly, or through suitable channels . . . to receive a letter rogatory issued, or request made, by a foreign or international tribunal, to transmit it to the tribunal, officer, or agency in the United States to whom it is addressed, and to receive and return it after execution.").

[8] See Mattel, Inc.'s Motion to Compel Depositions of Vargas and Trueba; and Request For Sanctions, dated February 9, 2009, at 2-5, Searcy Dec., Exh. 3.

Mattel.[9]  Specifically, in the past few years, MGA has hired directly from Mattel at least 100 employees, ranging from the Senior Vice-President level to lower level employees.[10]  Many of these employees were specifically targeted and recruited by MGA based on the Mattel confidential and proprietary information the Mattel employees could access.[11]  Mattel alleges that Vargas and Trueba are two such witnesses, who used Mattel trade secrets to establish and run MGA Mexico, and otherwise harm Mattel and benefit MGA.[12]

The deposition topics in the Letter of Request are directly targeted to these issues.  The topics seek information relating to:

- The theft of Mattel's trade secrets, or their knowledge of such theft by others.
- The copying, transfer, disclosure, or destruction of any Mattel documents received by MGA.
- The use of Mattel's trade secret and confidential information.
- The communications with MGA before their resignations from Mattel.
- The communications with MGA relating to their decision to join MGA.
- Their role in establishing MGA Mexico.
- Their current role and responsibilities at MGA Mexico.
- Payments made to them by the MGA defendants.

Each of these deposition topics is narrowly tailored to seek the issues raised in Mattel's counterclaims.  Indeed, the Discovery Master has already approved a letter of request listing nearly identical deposition topics, directed to Ms.

---

[9] Mattel's Counterclaims, ¶¶ 7, 27, Searcy Dec., Exh. 1.
[10] Id. at ¶ 98.
[11] Id.
[12] Id. at ¶¶ 45-61.

Janine Brisbois.[13] Thus, for example, while the Brisbois Letter of Request listed as a deposition topic:

> Ms. Brisbois' receipt, access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any documents, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for MATTEL and that MGA received, directly or indirectly from Brisbois.[14]

The Letter of Request at issue here seeks:

> [Mr. Vargas' or Ms. Trueba's] receipt, access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any documents, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for Mattel and that the MGA Defendants received, directly or indirectly from [Mr. Vargas or Ms. Trueba].

Just as the topics in the Letter of Request to Canada were appropriate, so too are they appropriate here.

The only deposition topics that are not nearly verbatim to those directed to Ms. Brisbois are related to Vargas' and Trueba's roles in establishing MGA Mexico, and their current roles and responsibilities. Both of these topics are highly relevant to Mattel's claims. Mattel's counterclaims explicitly state that part of the benefit to MGA—and harm to Mattel—from Vargas' and Trueba's wrongdoing, was in their use of Mattel's trade secrets to establish MGA Mexico. "MGA and Larian

---

[13] See Request for Judicial Assistance (Letter of Request) By The United States District Court For The Central District Of California, dated May 21, 2009, Searcy Dec., Exh. 5.

approached three employees . . . and then hired them to assist in establishing and running MGA's new Mexican subsidiary."[15]  Similarly, Vargas' and Trueba's current roles in MGA Mexico are important to establish how they have used Mattel's trade secrets to benefit MGA, and that their acts are imputable to MGA Mexico, and that defendants are therefore liable for punitive damages.  See, e.g., Wysinger v. Auto. Club of S. California, 157 Cal. App. 4th 413, 428-429 (Cal. Ct. App. 2007) (upholding issuance of punitive damages where tortious conduct committed by managing agent) (citation and quotation omitted); Major v. Western Home Ins. Co., 169 Cal. App. 4th 1197, 1220 (Cal. Ct. App. 2009) (corporate party was liable for punitive damages where wrongdoing was committed by managing agent); Cal. Civ. Code § 3294 ("With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.").  The deposition topics are directly relevant to Mattel's case.

## Conclusion

The testimony that Mattel seeks through depositions of Mr. Vargas and Ms. Trueba are relevant, narrowly tailored, necessary to afford Mattel an adequate opportunity to present its case, not contrary to Mexican public policy or sovereignty,

---

[14] Id. at 20.
[15] Counterclaims at ¶ 44, Searcy Dec., Exh. 1.

and Mattel has no other method of securing this evidence. Mattel therefore respectfully requests that the concurrently filed Letter of Request for Foreign Judicial Assistance issue.

DATED: July 22, 2009        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Marshall M. Searcy
   Marshall M. Searcy
   Attorneys for Mattel, Inc.