QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>           Plaintiff,<br><br>     vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>           Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>[PUBLIC REDACTED] MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO ENFORCE PRIOR COURT ORDERS AND TO COMPEL RE: INTERROGATORY NOS. 68 AND 69 AND RFPS 75, 85, 95, 105, AND 115 OF MATTEL'S FIRST SET OF REQUESTS RE UNFAIR COMPETITION; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declaration of Scott Watson filed concurrently]<br><br>Hearing Date:     TBA<br>Time:             TBA<br>Place:            Arent Fox, LLP<br><br>**Phase 2**<br><br>Discovery Cut-off:   Dec. 11, 2009<br>Pre-trial Conference: Mar. 1. 2010<br>Trial Date:          Mar. 23, 2010 |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that at time and place of hearing to be set by

3  Discovery Master Robert O'Brien, Mattel, Inc. ("Mattel") will, and hereby does,

4  move the Court:

5  (1) to enforce the Discovery Master's Order No. 11, dated March 30,

6  2009, and compel MGA and Larian to fully and completely answer Interrogatory

7  Nos. 68 and 69 of Mattel's Supplemental Interrogatories without objection;

8  (2) to enforce the Discovery Master's Order of August 13, 2007 and

9  compel MGA to fully and completely produce documents responsive to Request

10  Nos. 75, 85, 95, 105 and 115 of Mattel, Inc.'s First Set of Requests for Documents

11  and Things Re Claims of Unfair Competition to MGA Entertainment, Inc., dated

12  December 18, 2006;

13  (3) to impose coercive sanctions in the amount of $5,000 per day of

14  MGA's and Larian's continued noncompliance and, in the event that MGA and

15  Larian do not comply within five days of the Court's Order, increase the amount of

16  coercive sanctions to $10,000 per day, with the per diem fine amounts being paid to

17  the Court; and

18  (4) to award monetary sanctions against MGA and Larian in the

19  amount of $6,000, which represents a portion of the costs incurred by Mattel in

20  bringing this motion.

21  This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u>

22  33(b)(5), 37(a) and 37(b), and the Discovery Master's inherent authority on the

23  grounds that MGA and Larian have failed to comply with the Discovery Master's

24  August 13, 2007 and March 30, 2009 Orders.

25  This Motion is based on this Notice of Motion and Motion, the

26  accompanying Memorandum of Points and Authorities, the Declaration of Scott L.

27  Watson filed concurrently herewith, the records and files of this Court, and all other

28  matters of which the Court may take judicial notice.

1

**Statement of Compliance**

2     Mattel requested a meet and confer regarding defendants' interrogatory
3 responses on June 17, 2009 and again on June 24, 2009.   The MGA Parties
4 responded in writing on June 29, 2009, stating that they would oppose this motion.
5 The parties conducted a telephonic meet and confer regarding these interrogatories
6 on June 30, 2009.   Mattel requested a meet and confer regarding MGA's deficient
7 document production by letter dated July 13, 2009.   The parties then conducted a
8 telephonic meet and confer regarding defendants' document production on July 17,
9 2009 and July 20, 2009.

10

11 DATED:  July 22, 2009              QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

12

13                                    By /s/ Scott L. Watson
14                                      Scott L. Watson
                                       Attorneys for Mattel. Inc.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

<u>**Page**</u>

MEMORANDUM OF POINTS AND AUTHORITIES ..............................................1

PRELIMINARY STATEMENT ......................................................................1

BACKGROUND ..........................................................................................2

ARGUMENT ..............................................................................................8

I.   THE COURT SHOULD COMPEL MGA AND LARIAN TO FULLY ANSWER INTERROGATORY NOS. 68 AND 69 .........................................8

    A.   MGA's and Larian's Responses Fail to Disclose Payments To Former Employees Revealed By Other Evidence ...................................8

    B.   MGA's and Larian's Responses Are Inconsistent With MGA's Document Production.............................................................................11

    C.   MGA and Larian Continue to Assert Overruled Objections ...............12

        **1.   Contrary to the Discovery Master's Order, MGA and Larian Continue to Apply Their Unilateral Definition of "FORMER MATTEL EMPLOYEES"** .............................12

        **2.   MGA and Larian Continue to Apply Their Unilateral Definitions of "MATTEL"**.......................................................13

        **3.   MGA and Larian Continue to Assert Other Overruled Objections** ................................................................................13

II.  MGA SHOULD BE ORDERED TO SUPPLEMENT ITS PRODUCTION OF DOCUMENTS REGARDING PAYMENTS TO FORMER MATTEL EMPLOYEES .................................................................15

III. THE COURT SHOULD SANCTION MGA AND LARIAN .......................16

    A.   The Discovery Master Should Apply Coercive Sanctions Until Compliance With the Order Is Achieved..............................................16

    B.   The Court Should Award Sanctions to Mattel in the Form of Attorneys Fees.....................................................................................18

CONCLUSION...........................................................................................19

# TABLE OF AUTHORITIES

**Page**

## Cases

Grimes v. City and County of San Francisco,
951 F.2d 236 (9th Cir. 1991) ........................................................................16, 17

Hyde & Drath v. Baker,
24 F.3d 1162 (9th Cir. 1994) ...............................................................................18

Int'l Union, United Mine Workers of Am. v. Bagwell,
512 U.S. 821 (1994)...............................................................................................17

Maness v. Meyers,
419 U.S. 449 (1975)...............................................................................................16

Merritt v. International Bro. of Boilermakers,
649 F.2d 1013 (5th Cir. 1981) ............................................................................16

Ocelot Oil Corporation v. Sparrow Industries,
847 F.2d 1458 (10th Cir. 1988) ..........................................................................16

Okonkwo v. Glendale Union High School Dist.,
2009 WL 536568 (D. Ariz. Mar. 4, 2009).........................................................17

Todd v. LaMarque,
2008 WL  205591 (N.D. Cal. Jan. 24, 2008).....................................................17

## Statutes

Fed. R. Civ. P. 37(b)(2).................................................................................................18

## Statutes

C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2284 .....................17

MATTEL'S MOTION TO ENFORCE

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

In the face of two prior Discovery Master Orders, MGA continues to stonewall as to the identities of the Mattel employees it paid and when and how much it paid them. In August 2007, the prior Discovery Master ordered MGA to produce documents concerning payments to five specific former Mattel employees. In January 2008, Mattel served Interrogatories Nos. 68 and 69 seeking information as to payments to any former Mattel employee. MGA and Larian refused to substantively answer the Interrogatories and Mattel moved to compel. The Discovery Master compelled MGA to provide full responses to the interrogatories in his Order No. 11, dated March 11, 2009. After obtaining <u>four</u> last-minute extensions of time to comply with the Discovery Master's Order, MGA and Larian served facially deficient responses to the compelled interrogatories.

The MGA and Larian responses rehash the same objections the Discovery Master overruled in Order No. 11 and continue to conceal critical information regarding payments to former Mattel employees. These deficient responses also show that defendants failed to comply with the earlier document production Order, because the responses admits payments to the named former Mattel employees for which no corresponding documents have ever been produced. At the same time, while the earlier document production has now been shown to be inadequate, that inadequate production included documentation of payments not included in the compelled interrogatory responses. The inconsistencies between the 2007 production and the 2009 responses establish that both are intentionally deficient, without even considering what was not included in either.

Mattel is entitled to know who received payments from MGA and for how much. Two Discovery Masters have so held. The documents were ordered produced nearly two years ago; the interrogatories were ordered to be answered last

March.   Mattel should not be forced to wait any longer.   Sanctions should be imposed to ensure the Discovery Masters' Orders are obeyed and to reimburse Mattel for having to bring a further motion to obtain such basic discovery.

### Background

**Phase 1 Document Requests.**   In Mattel, Inc.'s First Set of Requests for Documents and Things Re Claims of Unfair Competition to MGA Entertainment, Inc., dated December 18, 2006, Mattel propounded five Requests for Production seeking documents relating to the payment of "compensation, money, or any item of value" to Carlos Gustavo Machado Gomez, Mariana Trueba Almada, Pablo Vargas San Jose, Janine Brisbois and Ronald Brawer.[1]   MGA objected to each of the requests on relevance grounds, and on the grounds that they sought confidential third-party information, and refused to produce any documents.[2]   Mattel moved to compel the production of documents responsive to these Requests, and that motion was granted on August 13, 2007.[3]   Earlier, on May 15, 2007, MGA was ordered to produce documents reflecting such payments to Carter Bryant.[4]

**Interrogatory Nos. 68 and 69.**   On January 9, 2008, Mattel served Supplemental Interrogatories on MGA and Isaac Larian, including Interrogatory Nos. 68 and 69.[5]   Interrogatory No. 68 asks MGA and Larian to identify "each and every payment of money or other item of value that MGA has made, or any

[1]   See Mattel, Inc.'s First Set of Requests for Documents and Things Re Claims of Unfair Competition to MGA Entertainment, Inc., dated December 18, 2006, at Request Nos. 75, 85, 95, 105, and 115, Watson Dec., Exh. 39.
[2]   See MGA Entertainment, Inc.'s Response to Mattel, Inc.'s First Set of Requests for Documents and Things Re Claims of Unfair Competition, dated January 17, 2007, at Response Nos. 75, 85, 95, 105, and 115, Watson Dec., Exh. 40.   MGA did not raise any objection based on attorney-client privilege.
[3]   See Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents By MGA; Denying Request for Monetary Sanctions, dated August 13, 2007, at 12, Watson Dec., Exh. 41.
[4]   Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at p. 10, Watson Dec., Exh. 29.
[5]   Mattel's Supplemental Interrogatories, dated January 9, 2008, Exhibit 1 to the Declaration of Scott L. Watson ("Watson Dec.") filed concurrently herewith.

promise, agreement, proposal or offer by MGA to pay money or give any item of value, to or on behalf of FORMER MATTEL EMPLOYEES,"[6] "including without limitation with respect to legal fees incurred by or on behalf of any of the FORMER MATTEL EMPLOYEES."[7]  Interrogatory No. 69 asks MGA and Larian to identify, "each and every payment of money or other item of value that YOU have made, or any promise, agreement, proposal or offer by YOU to pay money or give any item of value, since January 1, 1998 to or on behalf of any PERSON who has been employed by MATTEL (excluding ordinary salary and benefits paid to such PERSON while an MGA employee), including without limitation with respect to legal fees incurred by or on behalf of such PERSON and bonuses paid to such PERSON."[8]

The payments that MGA and Larian made or offered to Mattel's employees in violation of those employees' contractual and other obligations to Mattel or in exchange for stolen trade secrets or other confidential and proprietary information are critical to Mattel's trade secret and RICO claims, to Mattel's tortious interference and other business tort claims, and to Mattel's defenses to MGA's claims.  When MGA and Larian responded to these interrogatories on February 8, 2008, they provided only objections.[9]  Due to the stay on Phase 2 discovery, Mattel could take no further action at that time.

---

[6]  Id. at 17 (No. 68). "FORMER MATTEL EMPLOYEES" was originally defined in the Interrogatories to include "MACHADO, TRUEBA, VARGAS, BRAWER, CASTILLA, COONEY, BRISBOIS, CONTRERAS, RAE, ABUNDIS and any other former Mattel employee or contractor who misappropriated Mattel trade secrets or violated his or her obligations to maintain the confidentiality of Mattel's trade secrets". Id. at 6 (Definitions ¶ 21).

[7]  Id. at 17 (No. 68).

[8]  Id. (No. 69).

[9]  MGA's Objections and Responses to Mattel's Supplemental Set of Interrogatories, dated February 8, 2008 (Nos. 68 and 69) ("Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is stayed until further order of the Court.  Accordingly, MGA will not respond to this interrogatory until the stay of Phase Two discovery is lifted by the Court"), Watson Dec., Exh. 2; Larian's Objections and Responses to Mattel's Supplemental Set of Interrogatories, dated February 8, 2008 (Nos. 68 and 69), Watson Dec., Exh. 3.

On January 28, 2009, after the Phase 2 stay was lifted, Mattel wrote to counsel for the MGA Parties, requesting by letter that the parties meet and confer regarding MGA's objections to Interrogatory Nos. 68 and 69, as well as to other discovery.[10]   After the MGA Parties informed Mattel that they were unwilling to withdraw their objections or to answer the interrogatories as written, Mattel filed a motion to compel MGA and Larian to respond to Interrogatory Nos. 68 and 69.[11]

**The Discovery Master Grants Mattel's Motion to Compel.**   By Order No. 11, dated March 30, 2009, the Discovery Master granted Mattel's motion with respect to Interrogatories Nos. 68 and 69 (as well as the majority of the other outstanding discovery), rejecting MGA's objections to those interrogatories.[12]   The Discovery Master defined "FORMER MATTEL EMPLOYEES" as used in Interrogatory No. 68 and "PERSON who has been employed by MATTEL" as used in Interrogatory No. 69 to include "all individuals that the MGA Parties are aware of that worked for Mattel and who received any payment (excluding ordinary salary and benefits paid to such person while an MGA employee) from the MGA Parties."[13]

**MGA and Larian Obtain Four Extensions of Time to Comply with the Order.**   On April 28, 2009 -- one day before their responses to Interrogatories Nos. 68 and 69, and other compelled discovery responses were due -- the MGA Parties asked Mattel to stipulate to an extension.[14]   As a matter of courtesy, Mattel

---

[10]   Letter from Scott Watson to Thomas Nolan and Jason Russell, dated January 28, 2009, Watson Dec., Exh. 31.

[11]   Mattel's Motion to Compel Responses to Interrogatories and Production of Documents by MGA Entertainment, Inc. and Isaac Larian, dated February 10, 2009, Watson Dec., Exh. 4.

[12]   Phase 2 Discovery Matter Order No. 11, dated March 30, 2009 at 23-25, Watson Dec., Exh. 5.

[13]   Id. at 25.

[14]   Letter from Richard G. Stoll to Jon D. Corey, dated April 28, 2009, Watson Dec., Exh. 6.

agreed to the request, and the parties submitted a stipulation to the Discovery Master extending the deadline to May 8, 2009.[15]

On May 8, 2009 -- the day the responses were next due -- at 12:56 pm, the MGA Parties demanded a second extension.[16] Mattel agreed to an extension, on the condition that MGA expressly agree to seek no further extension.[17] MGA agreed with that condition, extending the deadline to May 15.[18]

Four days later, on May 12, 2009, MGA requested another extension, this time for two weeks.[19] While Mattel did agree to extend the deadline for other items of outstanding discovery, Mattel did not agree to another extension for Interrogatories Nos. 68 and 69,[20] which Mattel believed relevant to the May 18, 2009 hearing before Judge Larson.[21] On May 14, 2009, the Discovery Master granted MGA's request for an extension, setting May 29, 2009 as the new deadline.[22] As a result of the stay, MGA and Larian did not serve their responses by May 29, 2009.

**MGA and Larian Serve Deficient Responses.** On June 15, 2009, MGA and Larian served supplemental responses to Interrogatory Nos. 68 and 69.[23]

---

[15] Letter from Richard G. Stoll to Discovery Master, dated April 28, 2009, Watson Dec., Exh. 7.

[16] Email from Richard G. Stoll to Jon D. Corey, dated May 8, 2009, Watson Dec., Exh. 8.

[17] Stipulation Re: Extension of Deadline, dated May 8, 2009, Watson Dec., Exh. 9.

[18] Id.

[19] See Watson Dec., at ¶ 11.

[20] Email from Scott L. Watson to Richard G. Stoll, dated May 12, 2009, Watson Dec., Exh. 10.

[21] See Watson Dec. at ¶ 11; see also Letter from Michael T. Zeller to Discovery Master, dated May 13, 2009, Watson Dec., Exh. 11. That hearing included argument on (a) Mattel's request for the appointment of receiver, and (b) Mattel's objections to the Discovery Master's Order denying Mattel's motion to compel the Vargas and Trueba depositions, both of which related to Mattel's claims that MGA paid Mattel employees for stolen trade secrets and other proprietary information. Id.; see also Letter from Michael T. Zeller to Discovery Master, dated May 14, 2009, Watson Dec., Exh. 12.

[22] Phase 2 Discovery Matter Order No. 32, Watson Dec., Exh. 13.

[23] See Supplemental Response of MGA Entertainment, Inc. to Interrogatory Nos. 68 and 69 Pursuant to Discovery Master's Order of March 31, 2009, dated June 15, 2009, Watson Dec., Exh. 15; Supplemental Response of Isaac Larian to Interrogatory Nos. 68 (footnote continued)

1   These responses repeated the same objections that the Discovery Master overruled
2   in his March 30, 2009 Order.  The responses failed to include *any* information -- let
3   alone dollar amounts and dates -- reflecting even the established fact that MGA paid
4   money to or fees for many former Mattel employees, including Carter Bryant,
5   Veronica Marlow, Margaret Leahy or Tina Tomiyama, for example.   They also
6   failed to provide any information about MGA's and Larian's offers or promises to
7   pay money or other items of value, including without limitation legal fees, to these
8   or other former Mattel employees.[24]

9            **The Interrrogatory Responses are Inconsistent with the Documents**
10  **Produced.**   The defendants' document production reflects payments that are not
11  mentioned in their interrogatory responses.[25]  At the same time, these interrogatory
12  responses reflect payments to former Mattel employees that are absent from the
13  defendants' document production.   Together, this shows MGA and Larian are in
14  violation of both Discovery Master Orders.   For example, MGA's interrogatory
15  responses  reference ███████████████████.   MGA  has  failed  to
16  produce any documents reflecting any of the payments of legal fees mentioned in
17  response to Interrogatory No. 68,[26] though one document reflecting ████████
18  █████████████████ was produced by IGWT.[27]  Similarly, Mattel

19
20  _____
21  and 69 Pursuant to Discovery Master's Order of March 31, 2009, dated June 15, 2009, Watson Dec., Exh. 16.
      [24]   Id.
22    [25]   See, e.g., MGA 0331959 – MGA 0331968, at Rows 5, 13, and 15, Columns B, O,
      P, and U (reflecting ██████████████
23    ██████), Watson Dec., Exh. 45: MGA 0602425, at Row 294, Columns A and
      H (████████                              ██), Watson Dec., Exh. 43: MGA
24    0602469, at Row 294, Columns A and H (████████████
      ████), Watson Dec., Exh. 43: MGA 0218366 at Row 431, Columns A and K, and MGA
25    0070887 at Row 418 (█████████████████), Watson Dec., Exhs. 38
      and 44.
26    [26]   Watson Dec., ¶ 44.
      [27]   See, e.g., IGWT 0051324 – IGWT 0052143 at IGWT 0051510, IGWT 0051920,
27    Row 7457 (reflecting███████████); IGWT 0051451, IGWT 0051861, Row
      5111 (reflecting ████████████), Watson Dec., Exh. 42.
28

07209/3019180.3
MATTEL'S MOTION TO ENFORCE

1  has been unable to find records reflecting all of the bonuses referenced in

2  Interrogatory Response No. 69.[28]

3          **The Meet and Confers.** On June 17, 2009, Mattel notified MGA and

4  Larian of the deficiencies in their interrogatory responses, advising them that if

5  defendants did not resolve the deficiencies, Mattel would bring a motion to compel

6  complete responses and for sanctions.[29]  MGA did not respond.[30]  On June 24, 2009,

7  Mattel wrote MGA a second time requesting a meet and confer regarding the

8  deficient responses to Interrogatory Nos. 68 and 69.[31]  Mattel also left a voicemail

9  for MGA's counsel.[32] MGA did not respond until June 29, 2009.[33] Despite the facial

10  deficiencies in the responses, MGA claimed that they were "fully compliant" with

11  the Discovery Master's March 30, 2009 Order and that they would oppose this

12  motion.[34]  No further responses to the Interrogatories were forthcoming.  In a

13  telephone call the next day, Mattel informed MGA that Mattel would bring its

14  motion if complete answers were not received by July 2, 2009.[35]  Mattel also

15  notified MGA of the deficiencies in its document production on July 13, 2009.  The

16  parties met and conferred telephonically on July 17, 2009 and July 20, 2009, but no

17  resolution was reached.[36]

18

19

20

21

_____

22  [28]  Watson Dec., ¶ 44.
23  [29]  Letter from Michael T. Zeller to Amman Khan, et. al, dated June 17, 2009, Watson
       Dec., Exh. 17.
       [30]  Watson Dec. at ¶ 18.
24  [31]  Letter from Scott L. Watson to Amman Khan, et. al., dated June 24, 2009, Watson
       Dec., Exh. 18.
25  [32]  Watson Dec. at ¶ 19.
       [33]  Letter from Amman Khan to Michael T. Zeller, dated June 29, 2009, Watson Dec.,
26  Exh. 19.
       [34]  Id.
27  [35]  Watson Dec. at ¶ 21.
       [36]  Watson Dec., ¶ 50.
28

## Argument

I. **THE COURT SHOULD COMPEL MGA AND LARIAN TO FULLY ANSWER INTERROGATORY NOS. 68 AND 69**

MGA's and Larian's responses are wholly inadequate. The responses do not even acknowledge the fact that MGA paid or agreed to pay former Mattel employees which other evidence shows MGA has made, let alone provide the dates and amounts as ordered. MGA and Larian also continue to assert objections that were explicitly overruled. If the MGA parties wished to challenge the Discovery Master's Order compelling complete responses, they were free to appeal to the District Court. They are not free to ignore the Order.

A. **MGA's and Larian's Responses Fail to Disclose Payments To Former Employees Revealed By Other Evidence**

In granting Mattel's prior motion to compel on these Interrogatories, the Discovery Master ordered:

> The MGA Parties are ordered to identify fully and separately each and every payment of money or other item of value that they have made or offered to pay to or on behalf of any former employee of Mattel since January 1, 1998, with the definition of former Mattel employees re-defined as "all individuals that the MGA Parties are aware of that worked for Mattel and who received any payment (excluding ordinary salary and benefits paid to such person while an MGA employee) from the MGA Parties."[37]

[37] Phase 2 Discovery Matter Order No. 11, dated March 30, 2009, at 39:6-13, Watson Dec., Exh. 5.

-8-

1  MGA and Larian have not complied with the Order or even made a

2  good faith effort to do so.  MGA's list of individuals and payments is deficient on its

3  face.   MGA's list fails to include many former Mattel employees who record

4  evidence indisputably shows MGA paid or promised to pay non-salary monies,

5  including Carter Bryant,[38] Veronica Marlow,[39] Margaret Leahy,[40] Tina Tomiyama,[41]

6  Ana Cabrera,[42] Beatriz Morales[43] and Maria Salazar.[44]   These individuals are not

7  identified at all in defendants' supplemental responses, either in the category of

8  "Payments" or "Offers," and the amounts and dates of payments or promised/offered

9  payments are not disclosed.   Indeed, MGA has provided no information about

10  "offers" to pay, other than implausibly denying any offers to pay attorneys' fees,

11  even though other evidence shows MGA not only offered, but in fact paid such fees.

12  In their meet and confer response, the MGA parties claimed that

13  "[n]othing is being withheld based on the MGA Parties' Objections."[45]  If that is the

14

15  [38]  Excerpts from the Deposition of Carter Bryant, dated November 4, 2004 at 195:21-
16  24, Watson Dec., Exh. 20 ("██████████████████████████████████████████████
   ██████████████████████████████").

17  [39]  Excerpts from the Deposition of Veronica Marlow, dated December 28, 2007 at
18  194:2-3 ("██████████████████████████████████████"), Watson Dec.,
   Exh. 21.

19  [40]  Excerpts from the Deposition of Margaret Leahy, dated December 12, 2007 at
20  158:9-14, Watson Dec., Exh. 22 ("██████████████████████████████████████████
   ██████████████████████████████").

21  [41]  Excerpts from the Deposition of Tina Tomiyama, dated February 27, 2008, at
   363:3-6, Watson Dec., Exh. 24 ("██████████████████████████████████████████
   ██████████").

22  [42]  Excerpts from the Trial Transcript, dated June 24, 2008, afternoon session, at
23  3639:21-3640:12, Watson Dec., Exh. 25 (Peter Marlow testifying to being reimbursed by
   MGA for payments made to Ana Cabrera).

24  [43]  Id. at 3669:23-3670:18 (Trial Testimony of Peter Marlow) ("Q. So the record is
   clear here as well, there was actually a third Mattel employee who was secretly working on
25  Bratz while a Mattel employee and working on the Bratz clothing; is that true?  A.
   Correct.  Q. And that was Beatriz Morales?  A.  Correct.").

26  [44]  Id. at 3634:19-3634:25 (Trial Testimony of Peter Marlow) ("Q.  And MGA
   Reimbursed you and Veronica Marlow for those payments made to Ms. Salazar for her
   work on Bratz when she was a Mattel Employee; is that true?  A.  Yes.").

   [45]  Letter from Amman Khan to Michael T. Zeller, dated June 29, 2009, Watson Dec.,
28  Exh. 19.

1    case, there is no explanation for the obvious deficiencies in the supplemental

2    responses provided.  The MGA Parties claim that "MGA did not pay bonuses to any

3    other former Mattel employees (besides those addressed in the MGA [P]arties'

4    supplemental response), excluding 'ordinary salary or benefits.'"[46]  Yet other record

5    evidence reveals that at least seven such persons -- Carter Bryant, Veronica Marlow,

6    Margaret Leahy, Tina Tomiyama, Ana Cabrera, Beatriz Morales, and Maria Salazar

7    -- received or were promised non-salaried payments and/or legal fees from MGA.

8    The MGA Parties also claim that "[a]fter a diligent search and reasonable inquiry,

9    there were no other former Mattel employees (besides those addressed in the MGA

10   [P]arties' supplemental responses) for which MGA paid (or offered to pay) legal

11   fees."[47]  Yet, when Mattel asked Carter Bryant, Veronica Marlow, and Margaret

12   Leahy -- none of whom are identified in MGA's responses -- if MGA was paying

13   their legal fees, they initially feigned ignorance (often under oath) as to any fee

14   arrangement,[48] but subsequent evidence demonstrated that MGA paid the attorneys'

15   fees for all of them.[49]  Despite the Discovery Master's Order, neither the offer to

16   make such payments or the fact of the payments is disclosed, much less the amounts

17   and dates of the payments, as required by the Order.

18

19   _____

20   [46]  Id.
     [47]  Id.

21   [48]  See Excerpts from the Deposition of Carter Bryant, dated November 4, 2004 at
     20:22-21:7, Watson Dec., Exh. 20 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

22   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); Excerpts from the Deposition of Veronica
     Marlow, dated December 28, 2007 at 80:14-82:16 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

23   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

24   ▮▮▮▮▮▮▮▮▮▮▮"); Excerpts from the Deposition of Margaret Leahy, dated December 12,
     2007 at 243:11-17, Watson Dec., Exh. 22 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮").

26   [49]  See Excerpts from the Trial Transcript at 3106:9-22 (MGA pays 97% of Carter
     Bryant's legal fees); 4265:19-20; 3649:20-3650:1 (MGA pays Leahy's legal fees); and

27   3464:17-3465:8 (counsel admits that Leahy's fees are paid by MGA, but claims Marlow's
     are paid by Carter Bryant), Watson Dec., Exh. 35: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

28   ▮▮▮▮▮▮▮▮▮▮, Watson Dec., Exh. 33 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); see
     (footnote continued)

**B.  MGA's and Larian's Responses Are Inconsistent With MGA's Document Production**

On May 15, 2007, the prior Discovery Master issued an Order compelling MGA to produce documents responsive to Request Nos. 43 and 45, which sought all documents referring to payments MGA made to Carter Bryant.[50] Subsequently, on August 13, 2007, the prior Discovery Master issued an Order compelling MGA to produce documents responsive to Request Nos. 60, 75, 85, 95, 105 and 115 of Mattel's First Set of Document Requests Regarding its Unfair Competition Claims.[51]  Request No. 60 sought documents related to the hiring, engagement or retention by MGA of any current or former Mattel employee or contractor, while the remaining requests sought documents related to compensation of specific Mattel employees.[52]

MGA's subsequent document productions -- notwithstanding their own deficiencies -- referenced transactions that MGA's and Larian's responses to Interrogatories Nos. 68 and 69 do not list.[53]  In fact, MGA's purportedly complete responses reference no payments to Bryant, despite the fact that MGA had already produced some documentation of those payments.   That MGA's 2009 responses omit responsive offers and payments revealed by other evidence confirms that MGA is in violation of the March 30, 2009 Order.

---

also ███████████████████████████, Watson Dec., Exh. 32; ███████, Watson Dec., Exh. 34.

[50]  Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at p. 10, Watson Dec., Exh. 29.

[51]  Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by MGA; Denying Request for Monetary Sanctions, dated August 13, 2007, Watson Dec., Exh. 30.

[52]  Id.

[53] ██████████████████████████████████, Watson Dec., Exh. 36; ████████████████████████████████, Watson Dec., Exh. 37, ████████, Watson Dec., Exh. 38.

-11-

### C. MGA and Larian Continue to Assert Overruled Objections

MGA and Larian continue to assert objections the Discovery Master overruled. They continue to apply their own definitions of "FORMER MATTEL EMPLOYEES," "MATTEL," "IDENTIFY" and "MGA," and assert blanket objections to each of the interrogatories despite the Discovery Master's specific instructions on this issue.[54] The continued assertion of restrictive definitions and blanket objections constitutes a failure to comply with that Order. Because they have failed to provide complete responses and have continued to raise overruled objections, the MGA Parties must be compelled, a second time, to adhere to the Discovery Master's Order and provide the mandated discovery.

### 1. Contrary to the Discovery Master's Order, MGA and Larian Continue to Apply Their Unilateral Definition of "FORMER MATTEL EMPLOYEES"

MGA and Larian have limited "FORMER MATTEL EMPLOYEES," to include only "the individuals Carlos Gustavo Machado Gomez, Mariana Trueba Almada, Pablo Vargas San Jose, Ron Brawer, Jorge Castilla, Dan Cooney, Janine Brisbois, Ron Rae, Nick Contreras and Ricardo Abunduis."[55] The Discovery Master's Order already resolved any dispute as to the appropriate definition of "FORMER MATTEL EMPLOYEES" as used in Interrogatory No. 68 by providing one. The Discovery Master defined "FORMER MATTEL EMPLOYEES" to include "all individuals that the MGA Parties are aware of that worked for Mattel and who received any payment (excluding ordinary salary and benefits paid to such person while an MGA employee) from the MGA Parties." By reasserting this

---

[54] See Phase 2 Discovery Matter Order No. 11 at 39:6-13, Watson Dec., Exh. 5.
[55] Supplemental Response of MGA Entertainment, Inc. to Interrogatory Nos. 68 and 69 Pursuant to Discovery Master's Order of March 31, 2009, dated June 15, 2009, at 5-6, ¶ 15(d), Watson Dec., Exh. 15; Supplemental Response of Isaac Larian to Interrogatory Nos. 68 and 69 Pursuant to Discovery Master's Order of March 31, 2009, dated June 15, 2009, at 5-6, ¶ 15(d), Watson Dec., Exh. 16.

1   objection and failing to include all individuals that fit this definition, MGA and
2   Larian are in violation of the Discovery Master's Order.

3   **2.    MGA and Larian Continue to Apply Their Unilateral**
4   **Definitions of "MATTEL"**

5   The MGA Parties continue to object to the definition of "MATTEL."
6   Once again, the Discovery Master has addressed this issue and overruled the MGA
7   parties' objection.   The Discovery Master's Order held that MGA and Larian are
8   required to identify "all individuals *that the MGA Parties are aware of* that worked
9   for Mattel . . . ."[56]   Under the Discovery Master's ruling, the MGA Parties are
10   required to name all persons that they know worked for Mattel and received or were
11   promised payments or other consideration from MGA.   There is no basis for MGA
12   and Larian to limit their response only to individuals who supposedly held their
13   Mattel affiliation out to MGA at some point in the past, as MGA purports to do.

14   **3.    MGA and Larian Continue to Assert Other Overruled**
15   **Objections**

16   MGA and Larian object to the term "IDENTIFY."[57]   The Discovery
17   Master rejected this objection too, finding that "[t]he fact that the interrogatories ask
18   MGA to identify witnesses, facts and documents . . . does not render the
19   interrogatories compound because the questions in each interrogatory refer to one
20   common theme and count as a single interrogatory."[58]   There is no basis for MGA
21   and Larian to continue to assert this objection.

22

23
_____

24   [56]   Phase 2 Discovery Matter Order No. 11 at 25:11-17, Watson Dec., Exh. 5.
25   (emphasis added).
     [57]   Supplemental Response of MGA Entertainment, Inc. to Interrogatory Nos. 68 and
26   69 Pursuant to Discovery Master's Order of March 31, 2009, dated June 15, 2009, at 4:19-
     25, Watson Dec., Exh. 15; Supplemental Response of Isaac Larian to Interrogatory Nos. 68
27   and 69 Pursuant to Discovery Master's Order of March 31, 2009, dated June 15, 2009, at
     4:19-25, Watson Dec., Exh. 16.
28   [58]   Phase 2 Discovery Matter Order No. 11 at 25:24-15, Watson Dec., Exh. 5.

MGA and Larian also continue to assert the blanket objections that the interrogatories are "overly broad and unduly burdensome" because they are "unbounded by any time limitations."[59]   These objections have likewise been overruled by the Discovery Master.   As the prior Order held, the MGA Parties cannot succeed in labeling interrogatories unduly burdensome when they "provide no evidence to support such a claim."[60]

MGA and Larian also continue to refer to Interrogatory No. 69 as a "fishing expedition" despite the fact that the Discovery Master has expressly ordered them to answer this interrogatory in full.[61]   Indeed, as the Discovery Master noted in the Order, at oral argument counsel for MGA conceded that "to the extent 'MGA paid . . . former Mattel employees, for other than their salary as MGA employees, *I think that is a fair inquiry*'"[62] -- not a fishing expedition.

Finally, MGA and Larian continue to assert blanket privilege objections.   These objections were abandoned by MGA and Larian at argument before the Discovery Master;[63] to the extent they were not abandoned, they were rejected by the Order, which mandated full compliance with the interrogatories, subject only to the restrictions articulated in the Order.[64]

---

[59]   Supplemental Response of MGA Entertainment, Inc. to Interrogatory Nos. 68 and 69 Pursuant to Discovery Master's Order of March 31, 2009, dated June 15, 2009, at 5-6, ¶ 15(d), Watson Dec., Exh. 15; Supplemental Response of Isaac Larian to Interrogatory Nos. 68 and 69 Pursuant to Discovery Master's Order of March 31, 2009, dated June 15, 2009, at 5-6, ¶ 15(d), Watson Dec., Exh. 16.
[60]   Phase 2 Discover Matter No. 11 at 24:19-20, Watson Dec., Exh. 5.
[61]   Supplemental Response of MGA Entertainment, Inc. to Interrogatory Nos. 68 and 69 Pursuant to Discovery Master's Order of March 31, 2009, dated June 15, 2009, at 12:4, ¶ 15(d), Watson Dec., Exh. 15; Supplemental Response of Isaac Larian to Interrogatory Nos. 68 and 69 Pursuant to Discovery Master's Order of March 31, 2009, dated June 15, 2009, at 9:11, ¶ 15(d), Watson Dec., Exh. 16.
[62]   Phase 2 Discovery Matter Order No. 11 at 25:8-10, Watson Dec., Exh. 5.
[63]   MGA and Larian failed to argue a privilege objection at the March 19, 2009 hearing because there is no plausible claim of privilege covering such monetary payments. Indeed, MGA's counsel conceded at the hearing that "I think it is appropriate for them to ask us for every payment of money we have made to the former Mattel employees." March 19, 2009 Hearing Transcript at 61:24-62:1, Watson Dec., Exh. 26.
[64]   Phase 2 Discovery Matter Order No. 11 at 25:11-17, Watson Dec., Exh. 5.

## II. MGA SHOULD BE ORDERED TO SUPPLEMENT ITS PRODUCTION OF DOCUMENTS REGARDING PAYMENTS TO FORMER MATTEL EMPLOYEES

MGA should also be compelled to supplement its production of documents. Despite being ordered to produce all documents reflecting direct and indirect payments to Carter Bryant, Carlos Gustavo Machado Gomez, Mariana Trueba Almada, Pablo Vargas San Jose, Janine Brisbois and Ronald Brawer,[65] MGA's production is incomplete. Thus, for example, in its recent response to Interrogatory Nos. 68, MGA ██████████████████████████████████ ██████████████.[66] Mattel's review of MGA's production, however, shows that MGA has failed to produce *any* documents related to ████████.[67] It is clear that such documents exist. One document, reflecting ████████████ ███████████████████████, was produced by *IGWT*.[68]

Similarly, MGA has failed to produce documents reflecting all of the bonuses referenced in Interrogatory Response No. 69. Thus, for example, absent from MGA's production are documents reflecting ████████████████████ █████████████████████,[69] or documents reflecting █████████████████████.[70]

---

[65]   See Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at p. 10, Watson Dec., Exh. 29; Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents By MGA; Denying Request for Monetary Sanctions, dated August 13, 2007, at 12, Watson Dec., Exh. 41.
[66]   See Supplemental Response of MGA Entertainment, Inc. to Interrogatory Nos. 68 and 69 Pursuant to Discovery Master's Order of March 31, 2009, at Response No. 68, Watson Dec., Exh. 15.
[67]   Watson Dec., ¶ 44.
[68]   See, e.g., IGWT 0051324 – IGWT 0052143 at IGWT 0051510, IGWT 0051920 (████████████████████); IGWT 0051451, IGWT 0051861 (███████████ ███), Watson Dec., Exh. 42.
[69]   Watson Dec., ¶ 42.
[70]   Id.

1    MGA should be compelled to supplement its production of payments to
2    former Mattel employees.  It has already been ordered to produce these documents,
3    and it clearly has such documents in its possession.  MGA should be ordered to
4    comply with the prior Orders and produce them.

5    **III.   THE COURT SHOULD SANCTION MGA AND LARIAN**

6    It is a basic rule of law that court orders must be obeyed.  See Maness
7    v. Meyers, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all
8    orders and judgments of courts must be complied with promptly.").  Parties cannot
9    simply select which orders they wish to obey and which they wish to ignore.  MGA
10   and Larian are in violation of the Discovery Master's Orders, and deliberately so,
11   with no legitimate excuse for their noncompliance.  Accordingly, the MGA Parties
12   should be sanctioned and coercive measures imposed until such time as MGA and
13   Larian have complied fully with the Discovery Master's August 13, 2007 and March
14   30, 2009 Orders.

15   **A.   The Discovery Master Should Apply Coercive Sanctions Until**
16   **Compliance With the Order Is Achieved**

17   The Discovery Master has the authority to impose coercive sanctions
18   against MGA and Larian, and should do so.  "[M]agistrates may impose prospective
19   sanctions pursuant to Rule 37 where such sanctions are necessary to enforce
20   compliance with a valid discovery order."  Grimes v. City and County of San
21   Francisco, 951 F.2d 236, 241 (9th Cir. 1991) (affirming the magistrate's imposition
22   of sanctions on a daily basis until compliance was complete).[71]  As the Ninth Circuit
23   has noted, "[t]he very purpose of Rule 37 is to insure compliance with discovery

24

---

25   [71]   Ocelot Oil Corporation v. Sparrow Industries, 847 F.2d 1458, 1462 (10th Cir.
26   1988). ("Discovery is clearly a pretrial matter, and magistrates thus have general authority
     to order discovery sanctions."); Merritt v. International Bro. of Boilermakers, 649 F.2d
27   1013, 1016-17 (5th Cir. 1981) ("Despite appellants' contentions to the contrary, the
     magistrate possessed the authority under 28 U.S.C. § 636(b)(1)(A) to enter non-dispositive
28   discovery orders.").

1    orders." Grimes, 951 F.2d at 240-41.  "To that end, Rule 37 is flexible: 'The
2    sanctions enumerated in the rule are not exclusive and arbitrary but flexible,
3    selective, and plural.'" Id. (quoting C. Wright & A. Miller, Federal Practice and
4    Procedure: Civil § 2284); see also Okonkwo v. Glendale Union High School Dist.,
5    2009 WL 536568 at *2 (D. Ariz. Mar. 4, 2009) ("This Magistrate Judge has
6    statutory and inherent authority to impose sanctions upon Plaintiff for failing to
7    comply with this Magistrate Judge's lawful orders."); Todd v. LaMarque, 2008 WL
8    205591 at *3 (N.D. Cal. Jan. 24, 2008) ("In addition to certification for contempt, a
9    magistrate judge has authority to impose discovery sanctions.") (citing Grimes, 951
10   F.2d at 241).

11           In Grimes, 951 F.2d at 241, the Ninth Circuit affirmed the magistrate's
12   order imposing prospective sanctions to coerce compliance with a prior order
13   because "the City's obstruction of the discovery process caused unnecessary delay
14   and expense, and its willful disobedience of the magistrate's orders threatened the
15   court's integrity." Id. at 241.  MGA's and Larian's "willful disobedience" of the
16   Discovery Master's Orders has caused unnecessary delay and expense.  It has
17   required Mattel to file multiple motions to compel and wait over 18 months to
18   receive facially deficient discovery responses.  MGA's and Larian's disobedience
19   threatens the Court's integrity. The MGA Parties' refusal to provide the discovery at
20   issue is part of a continuing pattern of unreasonable and vexatious conduct designed
21   to frustrate Mattel's efforts to obtain even the basic discovery to which it is entitled.
22   Without sanctions, MGA and Larian will have demonstrated that they can disobey a
23   discovery order without consequence.

24           Nor can MGA and Larian complain that coercive sanctions would be
25   onerous: they can avoid further sanctions at any time simply by supplementing their
26   production and providing complete responses to two interrogatories.  See Int'l
27   Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 828 (1994) ("In
28   these circumstances, the contemnor is able to purge the contempt and obtain his

1     release by committing an affirmative act, and thus 'carries the keys of his prison in

2     his own pocket.'") (citation omitted).  Coercive sanctions should be awarded in the

3     amount of $5,000 per day of MGA's and Larian's continued noncompliance and, in

4     the event that they do not comply within five days of the Court's Order, the amount

5     of coercive sanctions should be increased to $10,000 per day, with the per diem fine

6     amounts being paid to the Court.

**B.**    **The Court Should Award Sanctions to Mattel in the Form of Attorneys Fees**

9     Federal Rule of Civil Procedure 37(b)(2) specifically allows an award

10    of Mattel's expenses and attorney's fees incurred in seeking to enforce the Order.

11    Fed. R. Civ. P. 37(b)(2) ("In lieu of any of the foregoing orders or in addition

12    thereto, the court shall require the party failing to obey the order or the attorney

13    advising that party or both to pay the reasonable expenses, including attorney's fees,

14    caused by the failure unless the court finds that the failure was substantially justified

15    or that other circumstances make an award of expenses unjust.").  The burden of

16    establishing substantial justification is on the party being sanctioned.  Hyde &

17    Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).

18    Here, MGA and Larian have no substantial justification for failing to

19    obey the Discovery Master's Orders.  Under these facts, an award of sanctions in the

20    form of attorney's fees is warranted.  Sanctions are particularly appropriate here

21    given MGA's and Larian's repeated foot-dragging in providing such obviously

22    relevant discovery and their inclusion of objections in their interrogatory responses

23    that had clearly been overruled by the Discovery Master.  It is only fair that MGA

24    and Larian be required to reimburse Mattel for being forced to file not one but three

25    motions to compel discovery to which Mattel is clearly entitled, as both Discovery

26

27

28

1   Masters have recognized.  Mattel therefore seeks sanctions in the amount of $6,000,

2   which represents only a portion of the expense incurred in bringing this motion.[72]

3                                           **Conclusion**

4                       For the foregoing reasons, Mattel respectfully requests that the

5   Discovery Master: (1) compel MGA and Larian to supplement their answers to

6   Mattel's Interrogatory Nos. 68 and 69; (2) compel MGA to supplement its

7   production of documents responsive to Request Nos. 75, 85, 95, 105, and 115 of

8   Mattel, Inc.'s First Set of Requests for Documents and Things Re Claims of Unfair

9   Competition to MGA Entertainment, Inc., dated December 18, 2006; (3) impose

10  coercive sanctions; and (4) award monetary sanctions against MGA and Larian in

11  the amount of $6,000, which represents a portion of the costs incurred by Mattel in

12  bringing this motion.

13  DATED:  July 22, 2009            QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
14

15

16                                   By /s/ Scott L. Watson
                                        Scott L. Watson
17                                      Attorneys for Mattel, Inc.

18

19

20

21

22

23

24

25

26

27
    _____
    [72] See Watson Dec., ¶ 51.
28