# EXHIBIT 29

CONFORMED COPY
LODGED
FILED

2007 MAY 16  PM 1:59   2007 MAY 16  PM 2:00

CLERK U.S. DISTRICT COURT    CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.       CENTRAL DIST. OF CALIF.
RIVERSIDE                     RIVERSIDE
BY                            BY

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California  94111
   Telephone:   (415) 774-2611
4  Facsimile:   (415) 982-5287

5

6

7              UNITED STATES DISTRICT COURT

8            CENTRAL DISTRICT OF CALIFORNIA

               EASTERN DIVISION
9

10

11  CARTER BRYANT, an individual,        CASE NO. C 04-09049 SGL (RNBx)
                                         JAMS Reference No. 1100049530
12         Plaintiff,

13     v.                                Consolidated with
                                         Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation, Case No. CV 05-2727

15         Defendant.                    **ORDER GRANTING MATTEL'S**
                                         **MOTION TO COMPEL PRODUCTION**
16                                       **OF DOCUMENTS AND**
                                         **INTERROGATORY RESPONSES BY**
17  CONSOLIDATED WITH                    **MGA**
    MATTEL, INC. v. BRYANT and
18  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
19

20                        I. INTRODUCTION

21      On February 2, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production

22  of Documents and Interrogatory Answers by MGA Entertainment, Inc. ("MGA").  On February

23  20, 2007, MGA submitted its opposition brief, and on February 26, 2007, Mattel submitted a

24  reply brief.  The matter was heard on March 5, 2007.  Thereafter the motion was taken under

25  submission pending the parties' submission of a proposed protective order, which was received

26

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT _____29_____

PAGE _____361_____

1   on April 23, 2007.  Having considered the motion papers and comments of counsel at the hearing,

2   Mattel's motion to compel is granted.

3                                    II.  BACKGROUND

4       A.  Requests for Documents

5           In June of 2004, two months after Mattel filed suit against Bryant, and before MGA

6   became a party to the action, Mattel served MGA with an eight-page subpoena for twenty-one

7   categories of documents, to be produced in ten days.  MGA filed a motion to quash, which the

8   court granted because of the short amount of time provided for compliance with the subpoena.

9   The parties met and conferred in July of 2004, and reached an agreement to limit the scope of

10  some of Mattel's requests.  In particular, the parties agreed to limit production to the "first

11  generation" Bratz dolls.  On August 12, 2004, MGA produced documents.

12          In 2005, the parties stipulated to supplementing their document productions on May 16,

13  2005.  Mattel agreed to continue limiting its discovery requests to "first generation" Bratz dolls.

14          In September of 2006, MGA made a supplemental production of documents.  On February

15  5, 2007, MGA produced about 2,300 pages of documents to replace earlier produced documents

16  with legibility problems.  On February 20, 2007, MGA produced an additional 224 pages of

17  documents to replace earlier produced documents with legibility problems.

18          Mattel now moves to compel MGA to produce documents responsive to its requests.  As a

19  preliminary matter, Mattel contends that MGA's production is deficient because it contains

20  redactions and cut-off text.  Further, Mattel contends that MGA's production is incomplete with

21  respect to essentially five categories of documents.  First, Mattel contends that MGA is

22  withholding documents relating to the origins of Bratz and Bryant's work for MGA.  Mattel

23  believes that MGA's production is incomplete based upon its review of documents that have been

24  produced by third party Steven Linker.  According to Mattel, Linker's documents from October

25  of 2000 show that Bratz was much farther along before Bryant left Mattel than MGA or Bryant

26  previously represented.  Mattel also contends that MGA's responses to the document requests

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                                                                    2

EXHIBIT _____ 29

PAGE _____ 362

1  contain inappropriate limitations, such as MGA's statement that it will produce "relevant and

2  responsive non-objectionable documents" or only that it will produce documents "sufficient" to

3  show when certain dates relating to Bratz occurred. Mattel contends that these "carve outs

4  purport to allow MGA to cherry-pick what it will and will not produce to Mattel." Mattel's

5  Separate Statement at 17:11-13. Mattel also contends that the carve-outs fail to provide notice of

6  what is or is not being withheld. Mattel also contends that MGA's objections based upon its

7  confidentiality concerns or the privacy rights of third parties are unwarranted in light of the

8  protective order in place. In addition, Mattel contends that MGA's objection to producing

9  documents relating to activities or conduct in foreign countries is wholly improper because those

10  documents may contain information relevant to Mattel's claims.

11       Second, Mattel seeks documents relating to the origins of Bratz, regardless of whether

12  such documents relate to the "first generation" Bratz dolls. Mattel argues that whether the work

13  ultimately resulted in Bratz dolls that were released at a particular time does not matter for

14  discovery purposes. Mattel contends that the works created by Bryant during his Mattel

15  employment are highly relevant because Mattel owns them, regardless of whether they resulted in

16  a Bratz doll released at a particular time.[1]

17       Mattel next contends that MGA is improperly withholding documents about designs

18  Bryant created on Bratz dolls that were released after June 2001, even though such designs may

19  be derivative of work he did when employed by Mattel. Mattel contends that it is entitled to

20  explore whether such works and the profits from Bratz dolls other than the "first generation"

21  Bratz dolls were derived from works owned by Mattel both for purposes of establishing liability

22  and damages. Furthermore, Mattel asserts that the "first generation" limitation on discovery is

23  improper in light of Bryant's continuing duty not to use Mattel's confidential and proprietary

24  information as well as MGA's unfair competition claims.

25  

26       [1]  Mattel also reiterates many of the arguments it made previously in connection with its earlier filed motion
      to compel Bryant to produce documents.

27  

28  

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT _____ 29

PAGE _____ 363

1    Mattel also asserts that MGA is improperly withholding documents relating to products,

2  services and matters other than those relating to "dolls." According to Mattel, it has evidence that

3  Bryant conceived of marketing and advertising ideas for the Bratz line while he was employed by

4  Mattel. Mattel contends that any such ideas or contributions may belong to it pursuant to the

5  Inventions Agreement.

6    Third, Mattel seeks documents relating to all of MGA's payments to Bryant, and not just

7  payments for the "first generation" Bratz dolls. Mattel asserts that such information is relevant

8  because (1) Mattel seeks all benefits Bryant received as a result of violating his duties to Mattel;

9  (2) under the Copyright Act, Mattel is entitled to all profits from infringement as well as actual

10  damages; and (3) payments may show when and what trade secret information Bryant and other

11  defendants allegedly misappropriated from Mattel.

12    Fourth, Mattel seeks documents relating to MGA's agreements with Bryant. Mattel

13  contends that all agreements between Bryant and MGA are relevant, not just the original

14  September 18, 2000 agreement. In particular, Mattel contends that it is entitled to discover all

15  documents relating to MGA and Bryant's alleged joint defense agreement because such

16  information would be relevant to demonstrate bias and lack of credibility.

17    Fifth, Mattel seeks production of all declarations, affidavits and other sworn written

18  statements from other cases that refer or relate to Bratz or Angel. Mattel contends that such

19  information may reveal relevant information about the date of creation of Bryant's Bratz

20  drawings.

21    In response, MGA denies withholding responsive documents and asserts that it has

22  produced volumes of documents responsive to Mattel's requests. In particular, MGA represents

23  that it has produced all responsive and relevant documents that it was able to locate in response to

24  request nos. 6, 7, 9, 26, 27, 32, 33, 34, 35, 36, 55, 69, and 70. Further, MGA asserts that even

25  before the motion was filed, it had agreed to address the vast majority of the issues raised in this

26  motion. In particular, MGA represents that it is diligently working to produce documents related

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT _____ 29 _____

PAGE _____ 364 _____

1   to Bratz other than "first generation" Bratz in response to request nos. 1, 2, 8, 10, 11, 43, 45, 46,
2   49, 50, 51, 53, 57, 59, 61, 63, 64, 66, 96, 97, 98, 99 and 100.  MGA represents that it informed
3   Mattel that it would produce documents pertaining to subsequent generations of Bratz dolls that
4   have been released on the market. In addition, MGA represents that it has agreed to produce
5   documents relevant to Bratz or Prayer Angels that it received from Union Bank.  More
6   specifically, MGA represents that it agreed to review and produce documents provided to it by
7   Union Bank for the years 1999 – 2001 concerning payments that it could identify as being for
8   Bratz or Prayer Angels.  MGA also represents that it has agreed to produce royalty statements.
9   Therefore, MGA views the motion as unnecessary.

10        MGA next contends that Mattel's motion should be denied for the following additional
11   reasons.  First, MGA contends that Mattel is not entitled to MGA's product design documents for
12   unreleased products.  MGA asserts that its product design documents for its unreleased toy
13   concepts are among its most highly valuable trade secrets.  Furthermore, MGA contends that
14   designs and drawings for products currently under development, over six years after Bryant first
15   created his original Bratz drawings, have no relevance to any of Mattel's claims.  In the event that
16   documents relating to unreleased products are ordered produced, MGA requests a protective order
17   under Rule 26(c), Fed.R.Civ.P., that limits the dissemination of its documents more drastically
18   than the current protective order provides.  In the alternative, MGA requests that any order
19   compelling production of documents relating to unreleased products should essentially be stayed
20   until after MGA's products are publicly released.

21        Second, MGA contends that Mattel is not entitled to information concerning Bryant's
22   attorneys' fees because the information is privileged.  Furthermore, MGA contends that the
23   information is not relevant to demonstrate bias because "there is no dispute that Bryant's interests

24
25
26
27
28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____ 29
PAGE _____ 365

5

1  in this case are aligned with those of MGA, and that Bryant is 'biased' in that sense." MGA's

2  Opposition at 24:9-12.[2]

3       Third, MGA asserts that Mattel is not entitled to review all non-public witness statements

4  and litigation documents concerning Bratz for a variety of reasons, including because Mattel has

5  refused to produce similar types of documents. More significantly, MGA contends that Mattel's

6  requests for non-public witness statements are "a blatant attempt to avoid the discovery

7  limitations imposed by both the Federal Rules of Civil Procedure and those additional limitations

8  imposed by this Court." MGA's Opposition at 25:6-7. MGA explains its position as follows.

9  MGA is involved in litigation against a number of counterfeiters and infringers in Asia. In 2003,

10 Mattel allegedly began feeding documents concerning "Toon Teens" to those defendants in an

11 attempt to prove that Bryant created Bratz while working at Mattel, even though Mattel

12 abandoned its claims based upon "Toon Teens" in this court. Thereafter, those defendants took

13 the position that MGA did not own, and therefore could not enforce, the rights to Bratz. MGA

14 was thus forced to litigate the issue of ownership. MGA contends that "[i]n effect, by prompting

15 foreign counterfeiters to espouse a theory that Mattel now admits has no merit, Mattel has created

16 a situation in which MGA has been forced to give testimony and provide evidence related to

17 issues in this case that Mattel now seeks to obtain wholesale." MGA's Opposition at 25:5-24.

18      Fourth, MGA contends that Mattel is not entitled to documents concerning a family

19 dispute between MGA's chief executive officer and his brother because such documents are in no

20 way relevant to this lawsuit. MGA explains that the brothers were involved in an arbitration

21 proceeding relating to MGA's CEO's purchase of his brother's interest in MGA. Moreover,

22 MGA contends that the brothers were bound by a protective order prohibiting the use of any

23 documents or testimony for any purpose other than the arbitration.

24

25

26      [2] Nevertheless, MGA represents that it has produced the only non-privileged document responsive to the
   request.

27

28
   Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)

                                        6

EXHIBIT _____ 29
PAGE _____ 366

1    Fifth, MGA contends that Mattel is not entitled to its chief executive officer's personnel
2    files because they contain confidential information and are not relevant to the lawsuit. Sixth,
3    MGA contends that Mattel is not entitled to obtain documents from MGA that belong to, and are
4    in the possession, custody and control of, its indirect foreign subsidiary, MGA HK Ltd. Lastly,
5    MGA objects to producing documents relating to any testing performed to determine the date that
6    Bratz documents were created. MGA contends that such discovery is premature and should not
7    proceed until experts are designated.

8    B. Interrogatories

9    On April 28, 2005, Mattel served its Second Set of Interrogatories. On May 20, 2005,
10   however, the district court stayed the action. On May 17, 2006, the district court lifted the stay.
11   On May 30, 2006, MGA responded to the interrogatories.

12   Mattel contends that MGA's responses to the interrogatories were untimely. Further,
13   Mattel contends that the interrogatory responses to numbers five through eleven are deficient
14   because they lack substantive information and consist almost entirely of objections. MGA
15   responds that the motion is moot because it is prepared to provide supplemental responses to its
16   interrogatories. MGA does not otherwise assert any additional grounds for opposing Mattel's
17   motion to compel responses to interrogatories.

18                                   III. DISCUSSION

19   A. Rule 26 of the Federal Rules of Civil Procedure

20   Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain
21   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any
22   party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the
23   discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.
24   Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is
25   unreasonably cumulative or duplicative, or is obtainable from some other source that is more
26   convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample
27
28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                              7

EXHIBIT _____ 29

PAGE _____ 367

1   opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

2   expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

3   the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

4   the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

5   26(b)(2).

6        B.  Document Requests

7            1.  Requests re Origins of Bratz and Bryant's Work for MGA (Nos. 6, 26, 27, 32, 33,

8                34, 35, 51, 53, 55, 64, 69, 96, 97, 98, 99, 100

9        The requests above seek discoverable information regarding the origins of Bratz and

10  Bryant's work for MGA. MGA represents that it has produced all responsive documents in

11  response to request nos. 6, 26, 27, 32, 33, 34, 35, 55,and  69 (MGA's Opposition at 13:4-5), and is

12  "diligently working to produce documents in response to" request nos. 51, 53, 64, 96, 97, 98, 99,

13  and 100, including documents related to Bratz other than "first generation" (MGA's Opposition at

14  14:1-4 and note 39).  MGA does, however, object to producing design documents for unreleased

15  products and documents from MGA Hong Kong.

16       As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted

17  its production to "relevant and responsive non-objectionable documents" or documents

18  "sufficient" to show when events relating to Bratz occurred.  These restrictions suggest that MGA

19  might be excluding documents that are responsive to the request based upon its unilateral

20  determination of what is "relevant" or "sufficient."  Mattel shall provide the responses to

21  document requests ordered herein without these restrictions.

22                         Design Documents for Unreleased Products

23       MGA's design documents for unreleased products are relevant to Mattel's claims and

24  defenses and must be produced.  See Order Modifying Protective Order.  On April 23, 2007, the

25  parties submitted a stipulation to modify the existing protective order to limit the disclosure of

26  design documents for unreleased products that constitute trade secret information.  See Stipulation

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                                    8

EXHIBIT _____ 29 _____

PAGE _____ 368 _____

1 | to Modify Protective Order; And Proposed Order Thereon ("stipulation"). The parties' stipulation
2 | has been approved and entered as an order of the court. MGA is ordered to produce design
3 | documents for unreleased products that are responsive to Mattel's document requests in
4 | accordance with the terms of the stipulation and order.

5 | Documents from MGA Hong Kong

6 | Documents relating to activities or conduct in foreign countries are relevant and
7 | discoverable because Mattel has evidence indicating that MGA Hong Kong was involved with
8 | Bratz. Nevertheless, MGA objects to producing documents from Hong Kong unless Mattel
9 | provides reciprocal discovery from its subsidiaries.

10 | Whether MGA is entitled to discovery from Mattel's subsidiaries has not been briefed in
11 | the context of this motion, and therefore is not addressed herein. MGA is ordered to produce
12 | documents from MGA Hong Kong.

13 | Mattel's motion is granted with respect to request nos. 6, 26, 27, 32, 33, 34, 35, 51, 53, 55,
14 | 64, 69, 96, 97, 98, 99, 100.

15 | 2. Additional Requests re Origins of Bratz (Nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57, 59,
16 | 61, 63, 66, 67, 70, 88, 90, 91

17 | Mattel contends that MGA is improperly limiting its document production to the "first
18 | generation" Bratz dolls. MGA represents, however, that it has agreed to produce subsequent
19 | generations of Bratz products (MGA's Opposition at 9:20-25, 13:6-14:1), except design
20 | documents for yet unreleased products.

21 | As stated previously, design documents for yet unreleased products are relevant and
22 | discoverable. See Order Modifying Protective Order. Accordingly, MGA is ordered to produce
23 | all non-privileged documents that are responsive to request nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57,
24 | 59, 61, 63, 66, 67, 70, 88, 90, and 91.

25 | //
26 | //
27 |
28 |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

EXHIBIT ___29___

PAGE ___369___

1        3. MGA's Payments to Bryant (Nos.43, 45)

2        MGA represents that it has already agreed to produce documents related to Bratz, without

3    limiting its production to "first generation" Bratz.  MGA's motion at 13:7-14:3.  Nevertheless,

4    Mattel is entitled to an order compelling production of such documents by a date certain.  Mattel's

5    motion is granted with respect to request nos. 43 and 45.

6        4. MGA's Agreements with Bryant (Nos. 1, 2, 49, 50)

7        MGA represents that it has already agreed to produce non-privileged documents

8    responsive to request nos. 1, 2, 49, and 50, even though it believes that such documents are not

9    relevant (MGA's motion at 13:7-14:3).  These requests seek documents relating to fee or

10   indemnity agreements between MGA and Bryant .

11       Fee or indemnity agreements are relevant to demonstrate bias and lack of credibility.

12   Accordingly, Mattel's motion is granted with respect to request nos. 1, 2, 49, and 50.  Any

13   responsive documents withheld on the basis of a privilege must be properly identified in a

14   privilege log.

15.      5. Declarations, Affidavits & Other Sworn Written Statements (Nos. 37, 38, 39, 40,

16       41,

17       In request nos. 37, 38, 390, 40, and 41, Mattel seeks production of declarations, affidavits,

18   and other sworn written statements from cases that refer or relate to Bratz or Angel.  Mattel

19   anticipates that these documents could provide evidence relating to the conception date for Bratz.

20       Request nos. 37, 38, 39, 40, and 41 seek relevant information regarding the conception

21   date for Bratz.  MGA admits in its opposition brief that this issue was litigated in its suits against

22   alleged counterfeiters and infringers.[3]  The issue also appears to have been raised in the

23   arbitration proceedings between MGA's chief executive officer, Isaac Larian, and his brother

24   Farhad Larian.  In those proceedings, Farhad Larian alleged that Isaac Larian concealed from him

25   _____

26       [3] Although MGA questions the propriety of Mattel providing assistance to the alleged counterfeiters and
     infringers in raising ownership of Bratz as a defense against MGA's claims, MGA has not cited to any legal authority

27   that prohibits Mattel's conduct.

28   Bryant v. Mattel, Inc.,                                                                                    10
     CV-04-09049 SGL (RNBx)

EXHIBIT _____ 29

PAGE _____ 370

1  | that MGA was developing Bratz by early 2000. Nevertheless, MGA objects to producing
2  | documents from the Larians' arbitration on the grounds that the arbitration was governed by a
3  | protective order that prohibits the use of any documents or testimony for any purpose other than
4  | the arbitration. MGA, however, has not provided any evidence of the protective order.
5  | Accordingly, Mattel's motion to compel is granted as to request nos. 37, 38, 39, 40 and 41.[4]

6  |              6. Documents Regarding Date-Testing (Request No. 92)

7  |        Mattel's request no. 92 seeks documents that refer or relate to "any testing of or sampling
8  | from any documents that refer or relate to Bratz or Bryant, including without limitation any such
9  | testing or sampling in connection with ink, paper or chemical analysis to date any such documents
10 | and including without limitation all results and reports relating thereto." MGA contends that the
11 | request is premature, and should proceed in the course of expert discovery.

12 |        The request calls for relevant discovery and there is no basis for delaying production of
13 | responsive documents, other than expert reports. The timing of expert reports is governed by
14 | Rule 26(a)(2)(C), Fed.R.Civ.P. Accordingly, Mattel's motion is granted as to request no. 92.

15 |        C. Interrogatories

16 |        Mattel contends that MGA's responses to interrogatories were untimely, and therefore
17 | MGA has waived its objections to the interrogatories. Pursuant to Rule 33(b)(3), Fed.R.Civ.P.,
18 | responses to interrogatories are due thirty days after service. In this case, Mattel served its
19 | interrogatories on April 28, 2005, and responses were initially due May 31, 2005. The district
20 | court, however, issued a stay on May 20, 2005, twenty-two days after the interrogatories were
21 | served. The district court lifted the stay on May 17, 2006.

22 |
23 |
24 |
25 |        [4]  In its discussion of the arbitration proceedings, MGA raises an objection to producing Isaac Larian's
26 | personnel file based upon privacy grounds. The personnel file may have documents relevant to Bratz, and therefore
should be produced. The protective order is sufficient to alleviate Mr. Isaac Larian's privacy concerns.
27 |
28 | Bryant v. Mattel, Inc.,
   | CV-04-09049 SGL (RNBx)

EXHIBIT _____ 29

PAGE_____ 371

11

1       Neither party has cited to any caselaw governing the calculation of the 30-day period

2  when there is an intervening stay in discovery.  In the absence of any caselaw, MGA's responses

3  will be treated as timely in order to preserve any valid objections MGA may have asserted.

4       Interrogatory No. 5 seeks the identity of each and every person who was involved in the

5  conception, origin, creation, design, development, sculpting, engineering, reduction to practice,

6  tooling or painting of, or who otherwise produced or contributed to any embodiment of Bratz

7  before December 31, 2001, including a description of each person's role and the start and end

8  dates of each person's involvement.  In response, MGA asserted numerous objections, but did

9  provide the names of five individuals.

10       The interrogatory clearly seeks information relevant to the claims at issue.  MGA's

11  objections are without merit.  The interrogatory is not vague, ambiguous, compound or overbroad.

12  Nor has MGA carried its burden of establishing that the interrogatory is unduly burdensome, calls

13  for confidential, proprietary or commercially sensitive information, or seeks information

14  protected by the attorney-client privilege.  Furthermore, MGA's response is incomplete insofar as

15  it fails to provide the description of each person's role and the start and end dates of each person's

16  involvement.  Accordingly, MGA is ordered to provide a complete response to Interrogatory No.

17  5 and identify documents in compliance with Rule 33(d), Fed.R.Civ.P.

18       Interrogatory No. 6 seeks the same information as Interrogatory No. 5 with respect to any

19  embodiment of Angel.  MGA is ordered to provide a complete response to Interrogatory No. 6 for

20  the reasons previously discussed in connection with Interrogatory No. 5.

21       Interrogatory No. 7 asks MGA to identify each and every embodiment of Bratz prior to

22  December 31, 2001.  In response, MGA asserted numerous objections and did not provide any

23  substantive information.

24       MGA's objections are without merit.  The interrogatory clearly seeks information relevant

25  to establishing when Bryant first conceived Bratz.  The interrogatory is not vague, ambiguous,

26  compound or overbroad.  Nor has MGA carried its burden of establishing that the interrogatory is

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

12

EXHIBIT _____ 29

PAGE _____ 372

1  unduly burdensome, calls for confidential, proprietary or commercially sensitive information, or

2  seeks information protected by the attorney-client privilege.  Accordingly, MG is ordered to

3  provide a complete response to Interrogatory No. 7.

4       Interrogatory No.8 asks MGA to identify each and every embodiment of Angel.  MGA is

5  ordered to provide a complete response to Interrogatory No. 8 for the reasons previously

6  discussed in connection with Interrogatory No. 7.

7       Interrogatory No. 9 requires MGA to identify each and every sworn statement that refers

8  or relates to the conception, origin, creation, design, development, sculpting, engineering, tooling

9  or painting of Bratz.  In response, MGA asserted numerous objections and did not provide any

10 substantive information.

11      The interrogatory seeks information relevant to establishing when Bryant first conceived

12 Bratz.  Furthermore, MGA's boiler-plate objections are unsubstantiated.  Accordingly, MGA is

13 ordered to provide a complete response to Interrogatory No. 9.

14      Interrogatory No. 10 requires MGA to identify each and every instance in which Bratz

15 was shown, displayed, or exhibited prior to June 1, 2001, including by stating the date(s) on

16 which each such instance occurred, the location of each show or exhibit, and the identity of

17 persons with knowledge of the shows or exhibits.  In response, MGA asserted numerous

18 objections and provided the following information:  Hong Kong Toy Fair in Hong Kong in or

19 about January 2001 and New York Toy Fair, New York, in or about February 2001.

20      Once again, MGA's boiler-plate objections are unsubstantiated.  The information is

21 potentially relevant to establish when Bryant conceived Bratz.  Further, the response is

22 incomplete insofar as it fails to identify any persons with knowledge.  Therefore, MGA is ordered

23 to provide a complete response to Interrogatory No. 10.

24      Interrogatory No. 11 requires MGA to state the "number for each and every telephone,

25 including without limitation each office, home and cell phone number, in the name of, for the

26 benefit of or for the account of Isaac Larian and any other telephone that Isaac Larian used from

27

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

13

EXHIBIT ____29____

PAGE ____373____

1    January 1, 1998 through the present, and IDENTIFY each and every carrier (including without

2    limitation any long-distance carrier) for each such number.  In response, MGA asserted numerous

3    boiler-plate objections.

4         Once again, MGA has failed to substantiate any of its objections with supporting

5    declarations or legal authorities.  Accordingly, all objections are overruled and MGA is ordered to

6    provide a full response to Interrogatory No. 11.

7                             IV. CONCLUSION

8         For the reasons set forth above, Mattel's motion to compel production of documents is

9    granted.  MGA shall produce all non-privileged documents that are responsive to the requests

10   identified in this Order.  Further, MGA shall produce all documents in un-redacted form, except

11   for redactions that are justified by the attorney-client privilege or work product doctrine.  Mattel's

12   motion to compel interrogatory answers is also granted.  MGA shall produce documents and

13   provide responses to interrogatories consistent with this Order, and produce a privilege log in

14   compliance with Rule 26(b)(5), Fed.R.Civ.P., no later than May 31, 2007.  Mattel's request for

15   sanctions is denied.

16         Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

17   Master, Mattel shall file this Order with the Clerk of Court forthwith.

18

19

20

21   Dated: May /5, 2007

22                                HON. EDWARD A. INFANTE (Ret.)

23                                 Discovery Master

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

14

EXHIBIT _____ 29

PAGE _____ 374

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 15,

2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL

PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES BY MGA in

the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that
the above is true and correct.

Executed on May 15, 2007, at San Francisco, California.

Anthony Sales

EXHIBIT ___ 29

PAGE ___ 375

CONFORMED COPY

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

11  CARTER BRYANT, an individual,

12        Plaintiff,

13        v.

14  MATTEL, INC., a Delaware corporation,

15        Defendant.

16

17

CASE NO. C 04-09049 SGL (RNBx)
JAMS Reference No.1100049530

Consolidated with
Case No. CV 04-09059
Case No. CV 05-2727

**ORDER GRANTING IN PART AND
DENYING IN PART MATTEL'S
MOTION TO COMPEL PRODUCTION
OF DOCUMENTS BY MGA;
DENYING REQUEST FOR
MONETARY SANCTIONS**

18  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
19  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
20

21                        I.  INTRODUCTION

22        On June 26, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production of

23  Documents by MGA Entertainment, Inc. ("MGA") and for Award of Monetary Sanctions.  Mattel

24  seeks an order compelling MGA "to produce documents responsive to Mattel's First Set of

25  Requests for Documents and Things Re Unfair Competition Claims, including, without limitation,

26  Request Nos. 1, 3-10, 12-13, 16-18, 19-20, 26-27, 29-30, 32-40, 42-43, 45, 48-52, 54-56, 58-60,

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT ___29___

PAGE ___376___

1

1   65-119, 137-140, 157-161, 164 and 166," and for sanctions in the amount of $4,500, which

2   represents a portion of the costs incurred by Mattel in bringing this motion.  Mattel's Motion at

3   p.1.  On July 3, 2007, MGA submitted its opposition brief, and on July 9, 2007, Mattel submitted

4   a reply brief.  The matter was heard via telephonic conference on August 13, 2007.  Having

5   considered the motion papers and comments of counsel at the hearing, Mattel's motion to compel

6   is granted in part and denied in part, and the request for sanctions is denied.

7                                    II. BACKGROUND

8          This consolidated action includes MGA's claims for unfair competition against Mattel.

9   Among other things, MGA alleges that Mattel has engaged in "serial copycatting" of MGA

10  products, packaging and advertising, including Bratz dolls and other Bratz products, Bratz

11  packaging and Bratz television commercials.  MGA also alleges that Mattel engaged in improper

12  conduct in dealing with retailers, licensees, employees and industry organizations.

13         After MGA filed its claims against Mattel, Mattel sought and was granted leave to file

14  several counterclaims against MGA, including claims for copyright infringement, violation of

15  RICO, conspiracy to violate RICO, misappropriation of trade secrets and unfair competition.

16  Among other things, Mattel alleges that MGA has induced Mattel employees to steal Mattel's

17  trade secrets, confidential information and other property and take it with them to their new

18  employment with MGA.  Mattel also alleges that Bryant conceived, created and developed Bratz

19  designs while he was employed by Mattel as a designer, that he concealed his Bratz work from

20  Mattel, and that he sold Bratz to MGA while he was a Mattel employee.  Mattel alleges that it is

21  the rightful owner of the Bratz designs and that MGA is engaging in copyright infringement of

22  the Bratz designs.

23         On December 18, 2006, Mattel propounded its First Set of Requests for Production of

24  Documents and Things re Claims for Unfair Competition to MGA (the "Requests for

25  Production").  The Requests for Production consist of 166 requests seeking information that

26

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT _____ 29

PAGE _____ 377

2

1 │ Mattel contends is relevant primarily to MGA's claims for unfair competition and Mattel's

2 │ defenses thereto.

3 │     In the meantime, MGA served its initial disclosures related to its unfair competition

4 │ claims. Mattel immediately filed a motion to compel MGA to provide complete initial

5 │ disclosures in compliance with Rule 26, Fed.R.Civ.P. Although the initial disclosures were

6 │ wholly inadequate, the Discovery Master denied the motion to compel, reasoning that it would be

7 │ more efficient and orderly for the parties to proceed with Mattel's pending Requests for

8 │ Production.

9 │     MGA served its responses to Mattel's Requests for Production on January 17, 2007.

10 │ MGA objected and refused to produce documents responsive to approximately two-thirds of

11 │ Mattel's requests. As to the remaining requests, MGA agreed to produce "relevant and non-

12 │ objectionable documents," subject to its General and Specific Objections.

13 │     Thereafter the parties met and conferred in person and exchanged a few letters. On

14 │ February 9, 2007, counsel for MGA advised Mattel by letter that MGA, subject to its General and

15 │ Specific objections, agreed to produce all "relevant and non-objectionable documents" responsive

16 │ to Request Nos. 1-4, 11, 13-15, 18, 21-26, 28-29, 31-36, 44-51, 53, 61-64, 118, 120-137, 141-156,

17 │ 162-163, 165 and 166. Kidman Decl., Ex. 14. As to Request Nos. 9, 10 and 12, MGA also

18 │ agreed to produce "documents sufficient to show the timing of, and relevant facts regarding"

19 │ certain specified products. Id. Counsel for MGA sent another letter on February 16, 2007,

20 │ advising Mattel that MGA would produce documents responsive to Request Nos. 29 and 30.

21 │ Bradley Decl., Ex. 1. On May 21, 2007, MGA advised Mattel by letter that it agreed, in essence,

22 │ to withdraw its restriction to "relevant and non-objectionable documents" in its responses to the

23 │ Requests For Production. Bradley Decl., Ex. 3. On May 31, 2007, MGA served supplemental

24 │ responses to Mattel's Requests for Production, which no longer included the phrase "relevant and

25 │ non-objectionable." Kidman Decl., Exs. 11 and 16.

26

27

28 │ Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT _____ 29 _____

PAGE _____ 378 _____

3

1       In its opening brief, Mattel contends that MGA has improperly refused to produce

2 documents relating to: the creation, origin, timing and ownership of the contested MGA products

3 and packaging, including the contested Bratz products and packaging (Request Nos. 5, 6-8, 16,

4 17, 19, 20, 38, 39, 48); MGA's alleged theft of Mattel's trade secrets and confidential information

5 by, among other things, targeting and recruiting current and former Mattel employees (Request

6 Nos. 42, 59, 60, 65-117, 138-140, 160, 161 and 164); damages (Request Nos. 27, 30 and 157-

7 159); facts MGA contends support its unfair competition claims (Request Nos. 45, 119 and 166).

8 Mattel contends that MGA has no legitimate basis for refusing to produce these categories of

9 documents because they are directly relevant to the claims and defenses in the case. Mattel also

10 contends that MGA has improperly restricted the scope of its document production in response to

11 Request Nos. 1, 3, 4, 13, 18, 29, 49, 52 and 137.

12       MGA contends that Mattel's motion should be denied in its entirety for three reasons.

13 First, Mattel is seeking documents MGA already agreed to produce as a result of the meet and

14 confer process. Second, Mattel is seeking documents that may be precluded by other motions

15 pending before the district court. Third, Mattel is seeking documents that constitute an

16 unreasonable and overbroad fishing expedition.

17       As to the first point, MGA contends that it has already agreed to produce documents

18 responsive to Request Nos. 9, 10, 12, 26, 29, 30, 32-36, 45, 48-51, 118, 137, and 166. Moreover,

19 MGA represents that it has produced more than 110,000 pages of documents, including

20 documents relating to the origin, infringement, design and tooling of Bratz and has also provided

21 Mattel with access to Bratz molds and sculpts. MGA also represents that it is continuing to

22 search for and produce documents responsive to Mattel's requests on a rolling basis.

23       MGA also asserts that it "has revisited certain of Mattel's requests, and so as to avoid

24 further burdening the Court, MGA agrees to produce non-privileged documents in its possession,

25 custody or control, subject to its previously stated General and Specific Objections, that are

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ____29____

PAGE ____379____

4

1   responsive to the following sixteen requests: 5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and

2   157-159." MGA's Opposition at p. 3.

3       MGA also represents that it is prepared to produce documents responsive to Mattel's

4   Request Nos. 65-117 and 119 (which seek documents concerning MGA-Mexico and its

5   employees, and other topics relevant to Mattel's counterclaims) now that Judge Larson issued an

6   order denying MGA's motion to dismiss Mattel's trade secret claims.[1] MGA's Opposition at pp.

7   2 and 6.

8       As to the second point, MGA contends that Mattel's motion to compel is premature with

9   respect to Request Nos. 1, 3, 4, 13 and 18. MGA explains that these requests seek, among other

10   things, information pertaining to undisclosed and/or unreleased MGA products. The Discovery

11   Master issued an order compelling MGA to produce such documents in response to other Mattel

12   discovery requests. MGA appealed the Discovery Master's ruling, which was heard by Judge

13   Larson on July 2, 2007. MGA contends that it should not be required to produce documents

14   responsive to Request Nos. 1, 3, 4, 13 and 18 until Judge Larson issues a ruling.

15       For the remaining requests, however, MGA stands by its objections. More specifically,

16   MGA contends that Request Nos. 42, 54, 58-60, 138-140, 160, 161 and 164 are grossly overbroad

17   and unduly burdensome.

18       In its reply brief, Mattel contends that MGA's belated offers to produce responsive

19   documents do not obviate the need for an order compelling production for several reasons. First,

20   Mattel contends that in many instances, MGA's purported agreements to produce responsive

21   documents are subject to major qualifications. For example, in response to Request Nos. 9, 10

22   and 12, MGA's meet and confer letter indicates that MGA has limited its production of

23   documents to only "documents sufficient to show the timing of, and relevant facts regarding"

24   certain products. Kidman Decl., Ex. 14. Second, Mattel points out that, in some instances, the

25

26

27      [1]   Judge Larson issued the order on June 27, 2007, a day after Mattel submitted its opening brief.

28   Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)

EXHIBIT __29__

PAGE __380__

5

1    representations in MGA's meet and confer letters conflict with MGA's subsequent May 31, 2007

2    supplemental responses. For example, even though MGA stated earlier in its two meet and confer

3    letters that it would produce documents responsive to Request Nos. 9, 10, 12, 26, 30, 32-36, 45,

4    48, 50, 51, 118 and 166, MGA's May 31, 2007 supplemental responses indicate that MGA

5    objects and refuses to produce documents responsive to these requests. Third, Mattel contends

6    that MGA has acknowledged its responsibility to produce documents responsive to Request Nos.

7    65-117 and 119 in view of Judge Larson's June 27, 2007 order denying MGA's motion to dismiss

8    Mattel's counterclaims, and yet, MGA has failed to do so. Fourth, Mattel points out that MGA's

9    opposition brief is internally inconsistent with respect to Request Nos. 55 and 56, stating both that

10   MGA agrees to produce documents responsive to the requests, and that MGA objects to the

11   requests as overbroad and burdensome. See MGA's Opposition at pp. 3 and 8.

12          Mattel also contends that Request Nos. 1, 3, 4, 13 and 18 are no longer premature because

13   on July 5, 2007, two days after MGA submitted its opposition brief, Judge Larson issued an order

14   upholding the Discovery Master's ruling with respect to undisclosed and/or unreleased MGA

15   products. Accordingly, Mattel requests an order compelling production of documents all

16   documents responsive to Request Nos. 1, 3, 4, 13 and 18 without any limitations, and overruling

17   any objections thereto.

18          With respect to the remaining requests to which MGA continues to object, Mattel reasserts

19   that the requests seek documents relevant to Mattel's trade secret counterclaims. Mattel also

20   contends that MGA has failed to establish that complying with the requests would impose an

21   undue burden.

22                              III. DISCUSSION

23          Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

24   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

25   party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not

26   permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

EXHIBIT _____ 29 _____                    6

PAGE _____ 381 _____

1  2004) ("District courts need not condone the use of discovery to engage in 'fishing

2  expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

3  (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

4  (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

5  the phrase "subject matter involved in the pending action," were intended to prevent discovery

6  that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

7  litigate the issues presented by the pleadings but to develop new claims or defenses.).

8          Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or

9  extent of use of the discovery methods if the court determines that "(i) the discovery sought is

10  unreasonably cumulative or duplicative, or is obtainable from some other source that is more

11  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

12  opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

13  expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

14  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

15  the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

16  26(b)(2).

17  **Request Nos. 1, 3, 4, 13 and 18**

18          Request No. 1 seeks "[a] sample of each of the CONTESTED MGA PRODUCTS,

19  together with each such product's packaging, instructions, promotional materials and other

20  associated packaging materials." Request No. 3 seeks "[a] complete copy of each advertisement

21  or promotional statement prepared, produced, printed, broadcast, made available to anyone in any

22  manner via the Internet, or otherwise used or disseminated in any way in connection with the

23  CONTESTED MGA PRODUCTS." Request No. 4 seeks "[a] complete copy of each

24  COMMUNICATION, advertisement, promotional statement that provides a basis for any claim

25  by [MGA] against MATTEL." Request No. 13 seeks "[a]ll DOCUMENTS RELATING TO any

26  revision of any CONTESTED MGA PRODUCTS, including but not limited to any proposed

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 29
PAGE 382

7

1   alternatives, modifications or changes (whether or not implemented) to such CONTESTED MGA

2   PRODUCTS." Request No. 18 seeks "[a]ll DOCUMENTS RELATING TO the marketing,

3   advertising, promotion, licensing, offering for sale or sale of the CONTESTED MGA

4   PRODUCTS, including but not limited to all marketing studies, marketing plans, sales plans,

5   sales forecasts, strategies, surveys and analyses and including but not limited to all catalogs,

6   advertisements, brochures, displays and Internet publications."

7          During the meet and confer process, MGA agreed to produce documents responsive to

8   Request Nos. 1, 3, 4, 13 and 18. Kidman Decl., Ex. 14. In its subsequent supplemental

9   responses, however, MGA responded that it would produce responsive documents "visible to the

10  consuming public at the point of purchase," "made available to the public," or "presented to the

11  consuming public." MGA's Supp. Response, Kidman Decl., Ex. 8 and 16.

12          Mattel contends that the requested documents and items are relevant to MGA's claim of

13  "serial copying," whether or not they are seen by the consuming public. Mattel also contends that

14  the documents it seeks are relevant to any claim by MGA of "post sale confusion." Furthermore,

15  Mattel argues that MGA's restrictions on discovery are unreasonable in light of MGA's own

16  claimed trade dress, which MGA alleges extends to the entirety of MGA's marketing techniques

17  and product appearance. Mattel also contends that Request No. 13 seeks documents that are

18  directly relevant to MGA's claim that Mattel systematically modified its products to increase their

19  similarity to MGA's products over time.

20          In its opposition brief, MGA does not attempt to refute any of Mattel's relevancy

21  arguments above, relying instead on its argument that these requests are premature until Judge

22  Larson issues a ruling. Judge Larson, however, issued an order on July 5, 2007. Accordingly, the

23  requests are no longer premature. The subject requests are relevant and not unduly burdensome.

24  MGA is ordered to produce all non-privileged documents that are responsive to Request Nos. 1,

25  3, 4, 13 and 18.

26  //

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____ 29
PAGE _____ 383

8

1 | __Request Nos. 5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159__

2      In its opposition brief, MGA agrees to produce documents responsive to Request Nos. "5-

3 | 8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159." MGA's Opposition at p. 3. Later in its

4 | opposition brief, however, MGA contends that Request Nos. 55 and 56 are overbroad and

5 | burdensome. See MGA's Opposition at pp. 3 and 8. Request No. 55 seeks production of "[a]ll

6 | periodicals, whether they be magazines, newspapers, newsletters, or any other type of periodical,

7 | that mention the CONTESTED MGA PRODUCTS that have been published since January 1,

8 | 1999." Request No. 56 seeks "[a]ll television or radio broadcasts or cablecasts that mention the

9 | CONTESTED MGA PRODUCTS that have been disseminated since January 1, 1999." MGA

10 | contends that these requests encompass, among other things, every single advertisement MGA

11 | ever ran in connection with BRATZ or any of the other products at issue.

12      Mattel contends that Request Nos. 55 and 56 are designed to obtain documents that may

13 | contain admissions relevant to various issues in the case, including admissions regarding the

14 | origin and timing of the products at issue; the performance of the contested products or MGA as a

15 | whole, which may undercut MGA's claims for damages; and statements that might reveal that

16 | MGA had access to confidential Mattel information.

17      Although Request Nos. 55 and 56 encompass potentially relevant documents, they are

18 | overbroad. They require MGA to produce every single advertisement MGA ever ran in

19 | connection with all of the products at issue. The requests are not limited in any respect to the

20 | subjects of interest to Mattel, i.e., the origin and timing of the products at issue. Furthermore,

21 | Mattel has utilized other document requests and depositions to obtain the type of evidence it now

22 | seeks.

23      Accordingly, Mattel's motion is granted as to Request Nos. 5-8, 16-17, 19-20, 27, 37-40,

24 | 43, 52, and 157-159 to ensure a deadline for production, and denied as to Request Nos. 55 and 56

25 | pursuant to Rule 26(b)(2), Fed.R.Civ.P.

26 | //

27

28 | Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 29

PAGE 384

9

1  **Request Nos. 9, 10, 12**

2        Request Nos. 9, 10 and 12 call for "[a]ll DOCUMENTS RELATING TO the invention,

3  creation, origin, conception, authorship, design, development, production, engineering,

4  manufacture, distribution, sale and ownership of products and packaging" "that YOU contend

5  provide a basis for any claim against MATTEL, whether or not such claim is in the

6  COMPLAINT" (No. 9); "that YOU contend MATTEL copied or infringed" (No. 10); and related

7  "COMMUNICATIONS" (No. 12).  During the meet and confer process, MGA agreed to produce

8  "documents sufficient to show the timing of, and relevant facts" regarding the following products

9  on the following topics:

10      • "First generation 'Bratz'" line, including packaging – invention, creation, origin,

11      conception, authorship, design, development, sale and ownership;

12      • "Bratz" "Wintertime Wonderland" line, including packaging – invention, creation,

13      origin, conception, authorship, and first sale;

14      • "Bratz" "Sportz" Cloe, including packaging – invention, creation, origin, conception,

15      authorship and first sale;

16      • "Bratz" "Sun-Kissed Summer" line, including packaging and playset – invention,

17      creation, origin, conception, authorship, and first sale;

18      • "Bratz" "Formal Funk" line –invention, creation, origin, conception, authorship, and first

19      sale;

20      • "Bratz" "Runway Disco," including packaging – invention, creation, origin, conception,

21      authorship, and first sale;

22      • "Bratz" "Funky Fashion Makeover Head," including packaging – invention, creation,

23      origin, conception, authorship, and first sale;

24      • "Bratz" "Petz," including packaging – invention, creation, origin, conception,

25      authorship, and first sale;

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____ 29

PAGE _____ 385

10

1    • "4-Ever Best Friends," including packaging – invention, creation, origin, conception,

2       authorship, and first sale;

3    • "Mommy's Little Patient" – invention, creation, origin, conception, authorship, and first

4       sale;

5    • "AlienRacers," including logo – invention, creation, origin, conception, authorship, and

6       first sale; and

7    • "Bratz" "Diamondz" line – invention, creation, origin, conception, authorship, and first

8       sale.

9    Kidman Decl., Ex. 14. In response to Request No. 9, MGA also agreed to produce documents

10   containing development, production and sales information for the product(s) affected by the hair

11   shortage allegedly caused by Mattel and "sufficient to show the timing of and relevant facts

12   regarding the shortage and its effect on MGA." Id. Thereafter, MGA asserted objections to these

13   requests in its May 31, 2007 supplemental responses. In opposition to Mattel's motion, however,

14   MGA restated that it would produce documents responsive to these requests consistent with its

15   prior meet and confer letter. MGA's Opposition at p. 5.

16          Mattel contends that MGA's agreement to produce documents is insufficient because

17   MGA has limited its production to documents "sufficient to show." MGA's opposition brief fails

18   to address Mattel's argument. Instead, MGA merely asserts that it agreed to produce documents

19   responsive to Request Nos. 9, 10 and 12 during the meet and confer process, and therefore

20   Mattel's motion should be denied as moot.

21          Request Nos. 9, 10 and 12 clearly seek relevant information, and MGA has failed to

22   justify why its production should be limited to documents "sufficient to show." Therefore,

23   Mattel's motion is granted as to Request Nos. 9, 10 and 12.

24   <u>Request Nos. 26, 29, 30, 32, 36, 45, 48-51, 118, 137 and 166</u>

25          In its two meet and confer letters MGA agreed to produce, subject to its General and

26   Specific Objections, documents responsive to Request Nos. 26, 29, 30, 32-36, 45, 48-51, 118, 137

27

28

EXHIBIT _____ 29

PAGE _____ 386

1   and 166. Kidman Decl., Ex. 14. Mattel points out, however, that MGA's May 31, 2007

2   supplemental responses are inconsistent insofar as the responses indicate that MGA continues to

3   object to some of the requests or otherwise agrees to produce only a limited portion of documents

4   responsive to other requests. Mattel's Reply Brief at p. 7. Nevertheless, in its opposition brief,

5   MGA reaffirms its earlier agreement to produce all responsive documents, and states that it

6   considers Mattel's motion to be moot. See MGA's Opposition at pp. 5-6. Mattel's motion is

7   granted as to this category of requests.

8   **Request Nos. 65-117 and 119**

9           In its opposition brief, MGA agrees to produce documents responsive to Mattel's Request

10  Nos. 65-117 and 119 now that Judge Larson issued an order denying MGA's motion to dismiss

11  Mattel's trade secret claims. MGA's Opposition at pp. 2 and 6. Mattel's motion is granted as to

12  these requests.

13  **Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164**

14          MGA contends that Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164 are overbroad

15  and unduly burdensome. Mattel insists that they are not. More specifically, Mattel contends that

16  the requests seek documents regarding MGA's alleged theft of Mattel's trade secrets, and in

17  particular, the theft of trade secrets through targeting and hiring current and former Mattel

18  employees.

19          Request No. 42 seeks "[a]ll COMMUNICATIONS between [MGA] and any individual

20  while the individual was employed by MATTEL." Although the request may encompass relevant

21  documents, it is overbroad insofar as it requires production of all communications, regardless of

22  subject matter. Furthermore, the request is objectionable to the extent it seeks documents that are

23  equally available to Mattel. Therefore, Mattel's motion is denied as to Request No. 42 pursuant

24  to Rule 26(b)(2), Fed.R.Civ.P.

25          Request No. 54 seeks "[a]ll DOCUMENTS RELATING TO any COMMUNICATION by

26  [MGA] with any news organization regarding the CONTESTED MGA PRODUCTS or the

27

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____ 29 _____

PAGE _____ 387 _____

12

1  CONTESTED MATTEL PRODUCTS." Once again, the request encompasses potentially

2  relevant documents, however it is overbroad, seeking all documents relating to any

3  communications by MGA with any news organization. Furthermore, the request seeks documents

4  that are of relatively minimal relevance to the claims and defenses in the case. Therefore,

5  Mattel's motion is denied as to Request No. 54 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

6      Request Nos. 58 seeks "[a]ll DOCUMENTS RELATING TO publicity by [MGA] or

7  about the CONTESTED MGA PRODUCTS since January 1, 1999, including but not limited to

8  advertising, media releases, and public relations material." This request is also overbroad in that

9  it seeks all documents relating to publicity by MGA about its products at issue in the litigation.

10  Mattel's motion is therefore denied as to Request No. 58 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

11      Request No. 59, asks for "[a]ll DOCUMENTS RELATING TO any effort by [MGA] to

12  recruit employees or contractors since January 1, 1999, including but not limited to advertising,

13  media releases, brochures, articles, catalogs, handbooks, and public relations material." The

14  request is overbroad insofar as it requires production of all documents relating to MGA's

15  recruiting, including for instance, recruiting from competitors other than Mattel. Mattel's motion

16  is therefore denied as to Request No. 59 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

17      Request No. 60 seeks "[a]ll DOCUMENTS RELATING TO the hiring, engagement, or

18  retention by [MGA] of any former or current MATTEL employee or contractor since January 1,

19  1999, including but not limited to all employment agreements and agreements RELATING TO

20  confidentiality or the invention, authorship, or ownership of any concept or product." Request

21  No. 138 seeks "[a]ll COMMUNICATIONS between [MGA] and any PERSON RELATING TO

22  the departure from MATTEL of any current or former MATTEL employee or contractor."

23  Request No. 139 seeks "[a]ll COMMUNICATIONS between [MGA] and any PERSON

24  RELATING TO the obligations to MATTEL, including the duty of confidentiality, of any current

25  or former MATTEL employee or contractor. Request No. 140 seeks "[a]ll

26  COMMUNICATIONS between [MGA] and any current or former MATTEL employee or

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____29_____

PAGE _____388_____

13

1   contractor RELATING TO the ownership of any idea, concept, design, or product. Unlike the

2   previous requests, Request Nos. 60, 138, 139 and 140 are reasonably tailored to seek documents

3   central to Mattel's allegation that MGA stole its trade secrets through targeting and hiring current

4   and former Mattel employees. MGA has not carried its burden of establishing that it would be

5   unduly burdensome to comply with these requests. Accordingly, Mattel's motion is granted as to

6   Request Nos. 60, 138, 139 and 140.

7         Request No. 160 seeks "[a]ll DOCUMENTS received from MATTEL (whether directly

8   or indirectly) by [MGA] at any time since January 1, 1999." Request No. 161 seeks "[a]ll

9   DOCUMENTS that [MGA has] reason to believe were created by or originated from MATTEL,

10   other than MATTEL products that [MGA] purchased at retail." Request No. 164 seeks "[a]ll

11   DOCUMENTS RELATING TO any COMMUNICATIONS with, or inquiry or investigation by,

12   any government entity RELATING TO the CONTESTED MGA PRODUCTS or the

13   CONTESTED MATTEL PRODUCTS." These three requests are also reasonably tailored to seek

14   documents that could support Mattel's allegations of trade secret theft. MGA has failed to

15   establish that it would be unduly burdensome to comply with these requests. Mattel's motion is

16   granted as to Request Nos. 160, 161 and 164.

17                      IV. CONCLUSION

18         For the reasons set forth above, Mattel's motion is granted as to Request Nos. 1, 3-10, 12,

19   13, 16-20, 26, 27, 29, 30, 32-40, 43, 45, 48-52, 60, 65-117, 118, 119, 137-140, 157-161, 164 and

20   166, and denied as to Request Nos. 42, 54-56, 58, 59. MGA shall produce, without limitation, all

21   non-privileged responsive documents in accordance with this Order no later than August 30,

22   2007. Mattel's request for sanctions is denied.

23         Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

24   Master, Mattel shall file this Order with the Clerk of Court forthwith.

25   Dated: August 13, 2007

26                            HON. EDWARD A. INFANTE (Ret.)

                               Discovery Master

27

28   Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT _____ 29

PAGE _____ 389

14

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 13,
2007, I served the attached ORDER GRANTING IN PART AND DENYING IN PART
MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA;
DENYING REQUEST FOR MONETARY SANCTIONS in the within action by e-mail
addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that
the above is true and correct.

Executed on August 13, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT _____ 29

PAGE _____ 390

# EXHIBIT 30

## CONFORMED COPY

BY:
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
EASTERN DIVISION
2007 AUG 14  PM 4: 18
FILED

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                         EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No.1100049530
12           Plaintiff,

13       v.                                Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15           Defendant.                    ORDER GRANTING IN PART AND
                                           DENYING IN PART MATTEL'S
16                                         MOTION TO COMPEL PRODUCTION
                                           OF DOCUMENTS BY MGA;
17                                         DENYING REQUEST FOR
                                           MONETARY SANCTIONS
18  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
19  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
20

21                    I.  INTRODUCTION

22       On June 26, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production of

23  Documents by MGA Entertainment, Inc. ("MGA") and for Award of Monetary Sanctions.  Mattel

24  seeks an order compelling MGA "to produce documents responsive to Mattel's First Set of

25  Requests for Documents and Things Re Unfair Competition Claims, including, without limitation,

26  Request Nos. 1, 3-10, 12-13, 16-18, 19-20, 26-27, 29-30, 32-40, 42-43, 45, 48-52, 54-56, 58-60,

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

                                    EXHIBIT ___30___

                              8·14  PAGE ____391____

1 | 65-119, 137-140, 157-161, 164 and 166," and for sanctions in the amount of $4,500, which
2 | represents a portion of the costs incurred by Mattel in bringing this motion. Mattel's Motion at
3 | p.1. On July 3, 2007, MGA submitted its opposition brief, and on July 9, 2007, Mattel submitted
4 | a reply brief. The matter was heard via telephonic conference on August 13, 2007. Having
5 | considered the motion papers and comments of counsel at the hearing, Mattel's motion to compel
6 | is granted in part and denied in part, and the request for sanctions is denied.

7 |                              II. BACKGROUND

8 | This consolidated action includes MGA's claims for unfair competition against Mattel.
9 | Among other things, MGA alleges that Mattel has engaged in "serial copycatting" of MGA
10 | products, packaging and advertising, including Bratz dolls and other Bratz products, Bratz
11 | packaging and Bratz television commercials. MGA also alleges that Mattel engaged in improper
12 | conduct in dealing with retailers, licensees, employees and industry organizations.

13 | After MGA filed its claims against Mattel, Mattel sought and was granted leave to file
14 | several counterclaims against MGA, including claims for copyright infringement, violation of
15 | RICO, conspiracy to violate RICO, misappropriation of trade secrets and unfair competition.
16 | Among other things, Mattel alleges that MGA has induced Mattel employees to steal Mattel's
17 | trade secrets, confidential information and other property and take it with them to their new
18 | employment with MGA. Mattel also alleges that Bryant conceived, created and developed Bratz
19 | designs while he was employed by Mattel as a designer, that he concealed his Bratz work from
20 | Mattel, and that he sold Bratz to MGA while he was a Mattel employee. Mattel alleges that it is
21 | the rightful owner of the Bratz designs and that MGA is engaging in copyright infringement of
22 | the Bratz designs.

23 | On December 18, 2006, Mattel propounded its First Set of Requests for Production of
24 | Documents and Things re Claims for Unfair Competition to MGA (the "Requests for
25 | Production"). The Requests for Production consist of 166 requests seeking information that
26 |
27 |
28 | Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____ 30
PAGE _____ 392

2

1   Mattel contends is relevant primarily to MGA's claims for unfair competition and Mattel's

2   defenses thereto.

3         In the meantime, MGA served its initial disclosures related to its unfair competition

4   claims.  Mattel immediately filed a motion to compel MGA to provide complete initial

5   disclosures in compliance with Rule 26, Fed.R.Civ.P.  Although the initial disclosures were

6   wholly inadequate, the Discovery Master denied the motion to compel, reasoning that it would be

7   more efficient and orderly for the parties to proceed with Mattel's pending Requests for

8   Production.

9         MGA served its responses to Mattel's Requests for Production on January 17, 2007.

10  MGA objected and refused to produce documents responsive to approximately two-thirds of

11  Mattel's requests.  As to the remaining requests, MGA agreed to produce "relevant and non-

12  objectionable documents," subject to its General and Specific Objections.

13        Thereafter the parties met and conferred in person and exchanged a few letters.  On

14  February 9, 2007, counsel for MGA advised Mattel by letter that MGA, subject to its General and

15  Specific objections, agreed to produce all "relevant and non-objectionable documents" responsive

16  to Request Nos. 1-4, 11, 13-15, 18, 21-26, 28-29, 31-36, 44-51, 53, 61-64, 118, 120-137, 141-156,

17  162-163, 165 and 166.  Kidman Decl., Ex. 14.  As to Request Nos. 9, 10 and 12, MGA also

18  agreed to produce "documents sufficient to show the timing of, and relevant facts regarding"

19  certain specified products.  Id.  Counsel for MGA sent another letter on February 16, 2007,

20  advising Mattel that MGA would produce documents responsive to Request Nos. 29 and 30.

21  Bradley Decl., Ex. 1.  On May 21, 2007, MGA advised Mattel by letter that it agreed, in essence,

22  to withdraw its restriction to "relevant and non-objectionable documents" in its responses to the

23  Requests For Production.  Bradley Decl., Ex. 3.  On May 31, 2007, MGA served supplemental

24  responses to Mattel's Requests for Production, which no longer included the phrase "relevant and

25  non-objectionable."  Kidman Decl., Exs. 11 and 16.

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____ 30

PAGE _____ 393

3

1    In its opening brief, Mattel contends that MGA has improperly refused to produce
2  documents relating to: the creation, origin, timing and ownership of the contested MGA products
3  and packaging, including the contested Bratz products and packaging (Request Nos. 5, 6-8, 16,
4  17, 19, 20, 38, 39, 48); MGA's alleged theft of Mattel's trade secrets and confidential information
5  by, among other things, targeting and recruiting current and former Mattel employees (Request
6  Nos. 42, 59, 60, 65-117, 138-140, 160, 161 and 164); damages (Request Nos. 27, 30 and 157-
7  159); facts MGA contends support its unfair competition claims (Request Nos. 45, 119 and 166).
8  Mattel contends that MGA has no legitimate basis for refusing to produce these categories of
9  documents because they are directly relevant to the claims and defenses in the case. Mattel also
10  contends that MGA has improperly restricted the scope of its document production in response to
11  Request Nos. 1, 3, 4, 13, 18, 29, 49, 52 and 137.

12    MGA contends that Mattel's motion should be denied in its entirety for three reasons.
13  First, Mattel is seeking documents MGA already agreed to produce as a result of the meet and
14  confer process. Second, Mattel is seeking documents that may be precluded by other motions
15  pending before the district court. Third, Mattel is seeking documents that constitute an
16  unreasonable and overbroad fishing expedition.

17    As to the first point, MGA contends that it has already agreed to produce documents
18  responsive to Request Nos. 9, 10, 12, 26, 29, 30, 32-36, 45, 48-51, 118, 137, and 166. Moreover,
19  MGA represents that it has produced more than 110,000 pages of documents, including
20  documents relating to the origin, infringement, design and tooling of Bratz and has also provided
21  Mattel with access to Bratz molds and sculpts. MGA also represents that it is continuing to
22  search for and produce documents responsive to Mattel's requests on a rolling basis.

23    MGA also asserts that it "has revisited certain of Mattel's requests, and so as to avoid
24  further burdening the Court, MGA agrees to produce non-privileged documents in its possession,
25  custody or control, subject to its previously stated General and Specific Objections, that are

26
27
28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____ 30

PAGE _____ 394

4

1   responsive to the following sixteen requests:  5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and

2   157-159."  MGA's Opposition at p. 3.

3         MGA also represents that it is prepared to produce documents responsive to Mattel's

4   Request Nos. 65-117 and 119 (which seek documents concerning MGA-Mexico and its

5   employees, and other topics relevant to Mattel's counterclaims) now that Judge Larson issued an

6   order denying MGA's motion to dismiss Mattel's trade secret claims.[1]  MGA's Opposition at pp.

7   2 and 6.

8         As to the second point, MGA contends that Mattel's motion to compel is premature with

9   respect to Request Nos. 1, 3, 4, 13 and 18.  MGA explains that these requests seek, among other

10  things, information pertaining to undisclosed and/or unreleased MGA products.  The Discovery

11  Master issued an order compelling MGA to produce such documents in response to other Mattel

12  discovery requests.  MGA appealed the Discovery Master's ruling, which was heard by Judge

13  Larson on July 2, 2007.  MGA contends that it should not be required to produce documents

14  responsive to Request Nos. 1, 3, 4, 13 and 18 until Judge Larson issues a ruling.

15        For the remaining requests, however, MGA stands by its objections.  More specifically,

16  MGA contends that Request Nos. 42, 54, 58-60, 138-140, 160, 161 and 164 are grossly overbroad

17  and unduly burdensome.

18        In its reply brief, Mattel contends that MGA's belated offers to produce responsive

19  documents do not obviate the need for an order compelling production for several reasons.  First,

20  Mattel contends that in many instances, MGA's purported agreements to produce responsive

21  documents are subject to major qualifications.  For example, in response to Request Nos. 9, 10

22  and 12, MGA's meet and confer letter indicates that MGA has limited its production of

23  documents to only "documents sufficient to show the timing of, and relevant facts regarding"

24  certain products.  Kidman Decl., Ex. 14.  Second, Mattel points out that, in some instances, the

25

26  _____

27        [1]  Judge Larson issued the order on June 27, 2007, a day after Mattel submitted its opening brief.

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____ 30

PAGE _____ 395

5

1   representations in MGA's meet and confer letters conflict with MGA's subsequent May 31, 2007

2   supplemental responses. For example, even though MGA stated earlier in its two meet and confer

3   letters that it would produce documents responsive to Request Nos. 9, 10, 12, 26, 30, 32-36, 45,

4   48, 50, 51, 118 and 166, MGA's May 31, 2007 supplemental responses indicate that MGA

5   objects and refuses to produce documents responsive to these requests. Third, Mattel contends

6   that MGA has acknowledged its responsibility to produce documents responsive to Request Nos.

7   65-117 and 119 in view of Judge Larson's June 27, 2007 order denying MGA's motion to dismiss

8   Mattel's counterclaims, and yet, MGA has failed to do so. Fourth, Mattel points out that MGA's

9   opposition brief is internally inconsistent with respect to Request Nos. 55 and 56, stating both that

10  MGA agrees to produce documents responsive to the requests, and that MGA objects to the

11  requests as overbroad and burdensome. See MGA's Opposition at pp. 3 and 8.

12       Mattel also contends that Request Nos. 1, 3, 4, 13 and 18 are no longer premature because

13  on July 5, 2007, two days after MGA submitted its opposition brief, Judge Larson issued an order

14  upholding the Discovery Master's ruling with respect to undisclosed and/or unreleased MGA

15  products. Accordingly, Mattel requests an order compelling production of documents all

16  documents responsive to Request Nos. 1, 3, 4, 13 and 18 without any limitations, and overruling

17  any objections thereto.

18       With respect to the remaining requests to which MGA continues to object, Mattel reasserts

19  that the requests seek documents relevant to Mattel's trade secret counterclaims. Mattel also

20  contends that MGA has failed to establish that complying with the requests would impose an

21  undue burden.

22                              III. DISCUSSION

23       Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

24  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

25  party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not

26  permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____ 30

PAGE _____ 396

6

1 | 2004) ("District courts need not condone the use of discovery to engage in 'fishing

2 | expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

3 | (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

4 | (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

5 | the phrase "subject matter involved in the pending action," were intended to prevent discovery

6 | that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

7 | litigate the issues presented by the pleadings but to develop new claims or defenses.).

8 | Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or

9 | extent of use of the discovery methods if the court determines that "(i) the discovery sought is

10 | unreasonably cumulative or duplicative, or is obtainable from some other source that is more

11 | convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

12 | opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

13 | expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

14 | the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

15 | the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

16 | 26(b)(2).

17 | **Request Nos. 1, 3, 4, 13 and 18**

18 | Request No. 1 seeks "[a] sample of each of the CONTESTED MGA PRODUCTS,

19 | together with each such product's packaging, instructions, promotional materials and other

20 | associated packaging materials." Request No. 3 seeks "[a] complete copy of each advertisement

21 | or promotional statement prepared, produced, printed, broadcast, made available to anyone in any

22 | manner via the Internet, or otherwise used or disseminated in any way in connection with the

23 | CONTESTED MGA PRODUCTS." Request No. 4 seeks "[a] complete copy of each

24 | COMMUNICATION, advertisement, promotional statement that provides a basis for any claim

25 | by [MGA] against MATTEL." Request No. 13 seeks "[a]ll DOCUMENTS RELATING TO any

26 | revision of any CONTESTED MGA PRODUCTS, including but not limited to any proposed

27 |

28 |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____ 30 _____

PAGE _____ 397 _____

7

1   alternatives, modifications or changes (whether or not implemented) to such CONTESTED MGA

2   PRODUCTS." Request No. 18 seeks "[a]ll DOCUMENTS RELATING TO the marketing,

3   advertising, promotion, licensing, offering for sale or sale of the CONTESTED MGA

4   PRODUCTS, including but not limited to all marketing studies, marketing plans, sales plans,

5   sales forecasts, strategies, surveys and analyses and including but not limited to all catalogs,

6   advertisements, brochures, displays and Internet publications."

7          During the meet and confer process, MGA agreed to produce documents responsive to

8   Request Nos. 1, 3, 4, 13 and 18. Kidman Decl., Ex. 14. In its subsequent supplemental

9   responses, however, MGA responded that it would produce responsive documents "visible to the

10  consuming public at the point of purchase," "made available to the public," or "presented to the

11  consuming public." MGA's Supp. Response, Kidman Decl., Ex. 8 and 16.

12         Mattel contends that the requested documents and items are relevant to MGA's claim of

13  "serial copying," whether or not they are seen by the consuming public. Mattel also contends that

14  the documents it seeks are relevant to any claim by MGA of "post sale confusion." Furthermore,

15  Mattel argues that MGA's restrictions on discovery are unreasonable in light of MGA's own

16  claimed trade dress, which MGA alleges extends to the entirety of MGA's marketing techniques

17  and product appearance. Mattel also contends that Request No. 13 seeks documents that are

18  directly relevant to MGA's claim that Mattel systematically modified its products to increase their

19  similarity to MGA's products over time.

20         In its opposition brief, MGA does not attempt to refute any of Mattel's relevancy

21  arguments above, relying instead on its argument that these requests are premature until Judge

22  Larson issues a ruling. Judge Larson, however, issued an order on July 5, 2007. Accordingly, the

23  requests are no longer premature. The subject requests are relevant and not unduly burdensome.

24  MGA is ordered to produce all non-privileged documents that are responsive to Request Nos. 1,

25  3, 4, 13 and 18.

26  //

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT ____ 30

PAGE ____ 398

8

1  <u>Request Nos. 5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159</u>

2      In its opposition brief, MGA agrees to produce documents responsive to Request Nos. "5-

3  8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159." MGA's Opposition at p. 3. Later in its

4  opposition brief, however, MGA contends that Request Nos. 55 and 56 are overbroad and

5  burdensome. <u>See</u> MGA's Opposition at pp. 3 and 8. Request No. 55 seeks production of "[a]ll

6  periodicals, whether they be magazines, newspapers, newsletters, or any other type of periodical,

7  that mention the CONTESTED MGA PRODUCTS that have been published since January 1,

8  1999." Request No. 56 seeks "[a]ll television or radio broadcasts or cablecasts that mention the

9  CONTESTED MGA PRODUCTS that have been disseminated since January 1, 1999." MGA

10  contends that these requests encompass, among other things, every single advertisement MGA

11  ever ran in connection with BRATZ or any of the other products at issue.

12      Mattel contends that Request Nos. 55 and 56 are designed to obtain documents that may

13  contain admissions relevant to various issues in the case, including admissions regarding the

14  origin and timing of the products at issue; the performance of the contested products or MGA as a

15  whole, which may undercut MGA's claims for damages; and statements that might reveal that

16  MGA had access to confidential Mattel information.

17      Although Request Nos. 55 and 56 encompass potentially relevant documents, they are

18  overbroad. They require MGA to produce every single advertisement MGA ever ran in

19  connection with all of the products at issue. The requests are not limited in any respect to the

20  subjects of interest to Mattel, i.e., the origin and timing of the products at issue. Furthermore,

21  Mattel has utilized other document requests and depositions to obtain the type of evidence it now

22  seeks.

23      Accordingly, Mattel's motion is granted as to Request Nos. 5-8, 16-17, 19-20, 27, 37-40,

24  43, 52, and 157-159 to ensure a deadline for production, and denied as to Request Nos. 55 and 56

25  pursuant to Rule 26(b)(2); Fed.R.Civ.P.

26  //

27

28

EXHIBIT _____ 30

PAGE _____ 399

9

**Request Nos. 9, 10, 12**

1

2      Request Nos. 9, 10 and 12 call for "[a]ll DOCUMENTS RELATING TO the invention,

3 creation, origin, conception, authorship, design, development, production, engineering,

4 manufacture, distribution, sale and ownership of products and packaging" "that YOU contend

5 provide a basis for any claim against MATTEL, whether or not such claim is in the

6 COMPLAINT" (No. 9); "that YOU contend MATTEL copied or infringed" (No. 10); and related

7 "COMMUNICATIONS" (No. 12). During the meet and confer process, MGA agreed to produce

8 "documents sufficient to show the timing of, and relevant facts" regarding the following products

9 on the following topics:

10    • "First generation 'Bratz'" line, including packaging – invention, creation, origin,

11    conception, authorship, design, development, sale and ownership;

12    • "Bratz" "Wintertime Wonderland" line, including packaging – invention, creation,

13    origin, conception, authorship, and first sale;

14    • "Bratz" "Sportz" Cloe, including packaging – invention, creation, origin, conception,

15    authorship and first sale;

16    • "Bratz" "Sun-Kissed Summer" line, including packaging and playset – invention,

17    creation, origin, conception, authorship, and first sale;

18    • "Bratz" "Formal Funk" line –invention, creation, origin, conception, authorship, and first

19    sale;

20    • "Bratz" "Runway Disco," including packaging – invention, creation, origin, conception,

21    authorship, and first sale;

22    • "Bratz" "Funky Fashion Makeover Head," including packaging – invention, creation,

23    origin, conception, authorship, and first sale;

24    • "Bratz" "Petz," including packaging – invention, creation, origin, conception,

25    authorship, and first sale;

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 30

PAGE 400

10

1    • "4-Ever Best Friends," including packaging – invention, creation, origin, conception,
2    authorship, and first sale;
3    • "Mommy's Little Patient" – invention, creation, origin, conception, authorship, and first
4    sale;
5    • "AlienRacers," including logo – invention, creation, origin, conception, authorship, and
6    first sale; and
7    • "Bratz" "Diamondz" line – invention, creation, origin, conception, authorship, and first
8    sale.
9    Kidman Decl., Ex. 14. In response to Request No. 9, MGA also agreed to produce documents
10   containing development, production and sales information for the product(s) affected by the hair
11   shortage allegedly caused by Mattel and "sufficient to show the timing of and relevant facts
12   regarding the shortage and its effect on MGA." Id. Thereafter, MGA asserted objections to these
13   requests in its May 31, 2007 supplemental responses. In opposition to Mattel's motion, however,
14   MGA restated that it would produce documents responsive to these requests consistent with its
15   prior meet and confer letter. MGA's Opposition at p. 5.
16        Mattel contends that MGA's agreement to produce documents is insufficient because
17   MGA has limited its production to documents "sufficient to show." MGA's opposition brief fails
18   to address Mattel's argument. Instead, MGA merely asserts that it agreed to produce documents
19   responsive to Request Nos. 9, 10 and 12 during the meet and confer process, and therefore
20   Mattel's motion should be denied as moot.
21        Request Nos. 9, 10 and 12 clearly seek relevant information, and MGA has failed to
22   justify why its production should be limited to documents "sufficient to show." Therefore,
23   Mattel's motion is granted as to Request Nos. 9, 10 and 12.
24   <u>Request Nos. 26, 29, 30, 32,-36, 45, 48-51, 118, 137 and 166</u>
25        In its two meet and confer letters MGA agreed to produce, subject to its General and
26   Specific Objections, documents responsive to Request Nos. 26, 29, 30, 32-36, 45, 48-51, 118, 137
27
28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____ 30

PAGE _____ 401

11

1 | and 166. Kidman Decl., Ex. 14. Mattel points out, however, that MGA's May 31, 2007
2 | supplemental responses are inconsistent insofar as the responses indicate that MGA continues to
3 | object to some of the requests or otherwise agrees to produce only a limited portion of documents
4 | responsive to other requests. Mattel's Reply Brief at p. 7. Nevertheless, in its opposition brief,
5 | MGA reaffirms its earlier agreement to produce all responsive documents, and states that it
6 | considers Mattel's motion to be moot. See MGA's Opposition at pp. 5-6. Mattel's motion is
7 | granted as to this category of requests.

8 | **Request Nos. 65-117 and 119**

9 | In its opposition brief, MGA agrees to produce documents responsive to Mattel's Request
10 | Nos. 65-117 and 119 now that Judge Larson issued an order denying MGA's motion to dismiss
11 | Mattel's trade secret claims. MGA's Opposition at pp. 2 and 6. Mattel's motion is granted as to
12 | these requests.

13 | **Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164**

14 | MGA contends that Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164 are overbroad
15 | and unduly burdensome. Mattel insists that they are not. More specifically, Mattel contends that
16 | the requests seek documents regarding MGA's alleged theft of Mattel's trade secrets, and in
17 | particular, the theft of trade secrets through targeting and hiring current and former Mattel
18 | employees.

19 | Request No. 42 seeks "[a]ll COMMUNICATIONS between [MGA] and any individual
20 | while the individual was employed by MATTEL." Although the request may encompass relevant
21 | documents, it is overbroad insofar as it requires production of all communications, regardless of
22 | subject matter. Furthermore, the request is objectionable to the extent it seeks documents that are
23 | equally available to Mattel. Therefore, Mattel's motion is denied as to Request No. 42 pursuant
24 | to Rule 26(b)(2), Fed.R.Civ.P.

25 | Request No. 54 seeks "[a]ll DOCUMENTS RELATING TO any COMMUNICATION by
26 | [MGA] with any news organization regarding the CONTESTED MGA PRODUCTS or the

27 |
28 |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____ 30

PAGE _____ 402

12

1  CONTESTED MATTEL PRODUCTS." Once again, the request encompasses potentially
2  relevant documents, however it is overbroad, seeking all documents relating to any
3  communications by MGA with any news organization. Furthermore, the request seeks documents
4  that are of relatively minimal relevance to the claims and defenses in the case. Therefore,
5  Mattel's motion is denied as to Request No. 54 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

6      Request Nos. 58 seeks "[a]ll DOCUMENTS RELATING TO publicity by [MGA] or
7  about the CONTESTED MGA PRODUCTS since January 1, 1999, including but not limited to
8  advertising, media releases, and public relations material." This request is also overbroad in that
9  it seeks all documents relating to publicity by MGA about its products at issue in the litigation.
10 Mattel's motion is therefore denied as to Request No. 58 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

11     Request No. 59, asks for "[a]ll DOCUMENTS RELATING TO any effort by [MGA] to
12 recruit employees or contractors since January 1, 1999, including but not limited to advertising,
13 media releases, brochures, articles, catalogs, handbooks, and public relations material." The
14 request is overbroad insofar as it requires production of all documents relating to MGA's
15 recruiting, including for instance, recruiting from competitors other than Mattel. Mattel's motion
16 is therefore denied as to Request No. 59 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

17     Request No. 60 seeks "[a]ll DOCUMENTS RELATING TO the hiring, engagement, or
18 retention by [MGA] of any former or current MATTEL employee or contractor since January 1,
19 1999, including but not limited to all employment agreements and agreements RELATING TO
20 confidentiality or the invention, authorship, or ownership of any concept or product." Request
21 No. 138 seeks "[a]ll COMMUNICATIONS between [MGA] and any PERSON RELATING TO
22 the departure from MATTEL of any current or former MATTEL employee or contractor."
23 Request No. 139 seeks "[a]ll COMMUNICATIONS between [MGA] and any PERSON
24 RELATING TO the obligations to MATTEL, including the duty of confidentiality, of any current
25 or former MATTEL employee or contractor. Request No. 140 seeks "[a]ll
26 COMMUNICATIONS between [MGA] and any current or former MATTEL employee or
27
28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___30___
PAGE ___403___

13

1  contractor RELATING TO the ownership of any idea, concept, design, or product. Unlike the

2  previous requests, Request Nos. 60, 138, 139 and 140 are reasonably tailored to seek documents

3  central to Mattel's allegation that MGA stole its trade secrets through targeting and hiring current

4  and former Mattel employees. MGA has not carried its burden of establishing that it would be

5  unduly burdensome to comply with these requests. Accordingly, Mattel's motion is granted as to

6  Request Nos. 60, 138, 139 and 140.

7        Request No. 160 seeks "[a]ll DOCUMENTS received from MATTEL (whether directly

8  or indirectly) by [MGA] at any time since January 1, 1999." Request No. 161 seeks "[a]ll

9  DOCUMENTS that [MGA has] reason to believe were created by or originated from MATTEL,

10  other than MATTEL products that [MGA] purchased at retail." Request No. 164 seeks "[a]ll

11  DOCUMENTS RELATING TO any COMMUNICATIONS with, or inquiry or investigation by,

12  any government entity RELATING TO the CONTESTED MGA PRODUCTS or the

13  CONTESTED MATTEL PRODUCTS." These three requests are also reasonably tailored to seek

14  documents that could support Mattel's allegations of trade secret theft. MGA has failed to

15  establish that it would be unduly burdensome to comply with these requests. Mattel's motion is

16  granted as to Request Nos. 160, 161 and 164.

17                            IV. CONCLUSION

18        For the reasons set forth above, Mattel's motion is granted as to Request Nos. 1, 3-10, 12,

19  13, 16-20, 26, 27, 29, 30, 32-40, 43, 45, 48-52, 60, 65-117, 118, 119, 137-140, 157-161, 164 and

20  166, and denied as to Request Nos. 42, 54-56, 58, 59. MGA shall produce, without limitation, all

21  non-privileged responsive documents in accordance with this Order no later than August 30,

22  2007. Mattel's request for sanctions is denied.

23        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

24  Master, Mattel shall file this Order with the Clerk of Court forthwith.

25  Dated: August 13, 2007

                              HON. EDWARD A. INFANTE (Ret.)
26                                    Discovery Master

27

28
   Bryant v. Mattel, Inc.,                                                    14
   CV-04-09049 SGL (RNBx)

EXHIBIT _____ 30

PAGE _____ 404

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 13, 2007, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA; DENYING REQUEST FOR MONETARY SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | crna@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | ltrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 13, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT ___30___

PAGE ___405___

# EXHIBIT 31

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3203

WRITER'S INTERNET ADDRESS
scottwatson@quinnemanuel.com

January 28, 2009

**VIA FACSIMILE AND MAIL**

Thomas Nolan, Esq.
Jason Russell, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Suite 3400
Los Angeles, CA 90071

Re:  Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Counsel:

I write to meet and confer in advance of a motion to compel regarding MGA Entertainment,
Inc.'s response to Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories, and MGA's and
Isaac Larian's responses to Mattel's Supplemental Interrogatories.

**MGA's Response to No. 45 of Mattel's Sixth Set of Interrogatories**

Interrogatory No. 45 asks MGA to identify each Bratz product that MGA or its licensees have
sold, and to identify the profits, costs, and revenue associated with each such product. See
Mattel, Inc.'s Sixth Set of Interrogatories, dated October 23, 2007. MGA responded in
December 2007 by producing documents with Bates numbers MGA 3709872- MGA 3745687
and MGA 3745688-MGA3746620. See MGA's Entertainment, Inc.'s Objections and Responses
to Mattel, Inc.'s Sixth Set of Interrogatories, dated November 26, 2007 at 10 (MGA will "specify
and produce to Mattel copies of the records from which the answer to this interrogatory may be
derived or ascertained"); Letters from Timothy Miller to Scott Kidman, dated December 7, 2007
and December 12, 2007 (producing documents in response to Interrogatory No. 45). Since that
time, however, MGA has yet to supplement its response. See Fed. R. Civ. P. 26(e)(1) ("a party
who has . . . responded to an interrogatory . . . must supplement or correct its disclosure or
response . . . in a timely manner if the party learns that in some material respect the disclosure or

**quinn emanuel urquhart oliver & hedges, llp**

07209/2771205NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

EXHIBIT _____ 31 _____

PAGE _____ 400 _____

January 28, 2009
Page 2

response is incomplete"). Please advise when Mattel can expect to receive MGA's supplemental response.

## MGA's Responses to Nos. 51-64, 67-69 and Larian's Responses to Nos. 56-63, 67-69 of Mattel's Supplemental Interrogatories

MGA and Larian provided only objections to many of Mattel's Supplemental Interrogatories on the grounds that Phase Two discovery was stayed until further order of the Court. See MGA's Responses to Interrogatory Nos. 51-64, 67-69 ("Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is stayed until further order of the Court. Accordingly, MGA will not respond to this interrogatory until the stay of Phase Two discovery is lifted by the Court"); Larian's Responses to Interrogatory Nos. 56-63, 67-69 (same).

As you know, the Court lifted the stay on Phase 2 discovery on January 6, 2009. Accordingly, please advise whether MGA and Larian will now provide responses to these interrogatories and, if so, when they will serve them.

Additionally, MGA and Larian have asserted several additional improper objections to these interrogatories. For example, MGA and Larian object to the definition of "Former Mattel Employees" on the grounds that the definition requires them to "make a conclusion as to an ultimate issue in the case" and because they cannot determine whether and which former Mattel employees violated any obligations to Mattel. See MGA's Responses to Mattel's Supplemental interrogatories at 13. Based on this objection, MGA and Larian unilaterally limit the definition to refer only to "Carlos Gustavo Machado Gomez, Mariana Trueba Almada, Pablo Vargas San Jose, Ron Brawer, Jorge Castilla, Dan Cooney, Janine Brisbois, Ron Rae, Nick Contreas and Ricardo Abundis." Id. at 14. This limitation is meritless. To the extent Interrogatory No. 45 requires a legal conclusion at all, it merely requires MGA and Larian to apply the law to the facts at hand. This is proper. Fed.R.Civ.P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to . . . the application of law to fact."). Indeed, the Discovery Master has overruled defendants' prior refusals to respond to discovery requests on these grounds before. See Order Granting Mattel's Motion to Compel MGA to Answer Requests for Admission, dated August 20, 2007 at 7 (overruling legal conclusion objection in the context of requests for admissions). Moreover, MGA and Larian are certainly in a position to determine which Mattel employees other than those specifically identified have provided them with Mattel trade secrets. Indeed, they have an obligation to investigate whether that is the case.

MGA and Larian have also improperly objected to the interrogatories regarding "Mattel Documents" on the grounds that because Mattel has designated the "Mattel Documents" as "Confidential - Attorney's Eyes Only," it is impossible for them to respond. See, e.g., MGA's and Larian's Responses to Interrogatory Nos. 56, 58-63. However, MGA and Larian know which documents they improperly obtained from Mattel and who improperly obtained them; nothing about Mattel's designations alter those facts. MGA or Larian themselves also produced

07209/2777130.2

EXHIBIT ____ 31 ____

PAGE ____ 407 ____

January 28, 2009
Page 3

document after document containing Mattel trade secrets and, in fact, some of these were marked
as exhibits at the deposition of Mr. Machado.

Please advise when MGA and Larian will be supplementing their responses to Mattel's
Supplemental Interrogatories. If MGA or Larian intends to limit their responses based on these
or any other objections, please let me know when you are available to meet and confer regarding
these interrogatories. If we cannot resolve this matter during the meet and confer, Mattel will
move to compel.

I look forward to your response.

Very truly yours,

Scott L. Watson/wpc

Scott L. Watson

cc:  Amman Khan, Esq.

07209/2777120.2

07209/2777120.2

EXHIBIT ____31____

PAGE ____408____

# EXHIBIT 32

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**