# EXHIBIT 40

RECEIVED

JAN 17 2007

1  DIANA M. TORRES (S.B. #162284)
   JAMES P. JENAL (S.B. # 180190)
2  O'MELVENY & MYERS LLP
   400 South Hope Street
3  Los Angeles, CA 90071-2899
   Telephone: (213) 430-6000
4  Facsimile: (213) 430-6407
   Email:      jjenal@omm.com
5
   DALE M. CENDALI (admitted *pro hac vice*)
6  O'MELVENY & MYERS LLP
   Times Square Tower, 7 Times Square
7  New York, New York 10036
   Telephone: (212) 326-2000
8  Facsimile: (212) 326-2061
9  PATRICIA GLASER (S.B. #55668)
   CHRISTENSEN, GLASER, FINK,
10 JACOBS, WEIL & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
11 Los Angeles, CA 90067
   Telephone: (310) 553-3000
12 Facsimile: (310) 557-9815
13 Attorneys for MGA Entertainment, Inc.
14
15        UNITED STATES DISTRICT COURT
16       CENTRAL DISTRICT OF CALIFORNIA
             EASTERN DIVISION
17
18 CARTER BRYANT, an individual,         Case No. CV 04-09049 SGL (RNBx)
                    Plaintiff,           (consolidated with CV 04-9059 & 05-2727)
19
           v.                            MGA ENTERTAINMENT INC.'s
20 MATTEL, INC., a Delaware              RESPONSE TO MATTEL INC.'S
   Corporation,                          FIRST SET OF REQUESTS FOR
21                                       DOCUMENTS AND THINGS RE
                    Defendant.           CLAIMS OF UNFAIR COMPETITION
22 CONSOLIDATED WITH
   MATTEL, INC. v. BRYANT and            Judge: Hon. Stephen G. Larson
23 MGA ENTERTAINMENT, INC. v.
   MATTEL, INC.                          Discovery Cut-Off: T.B.D.
24
25
26
27                                                       1-17
28
                                         MGA'S RESPONSE TO MATTEL'S FIRST SET
                                         OF REQUESTS FOR DOCMS AND THINGS
                                         CV 04-09049 SGL (RNBX)

EXHIBIT _40_

PAGE _639_

## PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

MGA Entertainment, Inc. ("MGA") has not yet completed its investigation relating to the facts of this action and has not completed preparation for trial. MGA makes its response to these document requests ("requests," or individually, "request") based upon the information presently available to it and without prejudice to its right to amend or supplement its responses and to present evidence which may hereafter be discovered or become available.

MGA will respond to each request as it understands and interprets each request. If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request that differs from that of MGA, MGA reserves the right to supplement its objections and responses.

By providing these responses, MGA does not concede that any of the information sought by these requests is relevant or discoverable. MGA makes these responses and objections without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve: (a) the right to object on any grounds to the use or introduction into evidence of the documents or information provided in response to these requests; (b) the right to object to the use of the documents or information provided in response to the requests in any subsequent proceeding in, or the arbitration of this or any other action; and (c) the right to object on any ground at any time to other requests or further discovery into any of the subject matters addressed in these requests or the responses thereto. MGA's production of documents is conditioned on the terms of the stipulated Protective Order that is in place in this action.

MGA shall not provide any privileged or protected information, including without limitation, information protected by the attorney-client privilege or the attorney work product doctrine, and nothing herein may be construed as a waiver of any applicable privilege or protection. Any inadvertent production of privileged or protected documents or information shall not be construed as a waiver

- 2 -

MGA'S RESPONSE TO MATTEL'S FIRST SET OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT _40_

PAGE _640_

1  of any privilege or protection attaching thereto and MGA reserves the right, as set

2  forth in the stipulated Protective Order in place in this action, to correct the record

3  with regard to any such information and to supplement or amend these responses,

4  which supplemental or amended response shall become the operative response.

5

6                          **GENERAL OBJECTIONS**

7          1.     MGA objects to each and every request on the ground that

8  production at the date and time demanded will subject MGA to unwarranted

9  oppression and undue burden and expenses. The time set for compliance is unduly

10  burdensome, especially in light of the number of document requests, and the scope

11  and volume of the material being sought. MGA intends to proceed expeditiously to

12  collect the documents for production, and if any are identified, will produce them at

13  a date and time, and in such a manner, as may be mutually agreed by counsel for

14  the parties.

15          2.     MGA objects to each request to the extent that it seeks

16  information protected from discovery by the attorney-client privilege, work-product

17  doctrine, right to privacy, or any other applicable legal, statutory or constitutional

18  privilege.

19          3.     MGA objects to each request to the extent that it seeks the

20  disclosure of confidential, proprietary or trade secret information. Should such

21  documents be otherwise responsive and non-objectionable, MGA will produce such

22  documents subject to the terms and conditions of the Protective Order governing

23  this case.

24          4.     MGA objects to each request to the extent that it seeks

25  documents in Mattel's own possession, custody or control or that are equally

26  accessible to Mattel from public sources or from third parties.

27          5.     MGA objects to each request to the extent that it asks for

28  documents that are not relevant to claims or defenses in this case.

- 3 -

EXHIBIT ___40___

PAGE ___641___

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

1         6.    MGA objects to each and every request to the extent it purports

2  to require MGA to search all documents and things within its possession, custody

3  or control or within the possession, custody or control of any of MGA's current or

4  former employees, officers, directors, agents, representatives, attorneys, parents,

5  subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest,

6  and any other person acting on its behalf, pursuant to its authority or subject to its

7  control, on the grounds that such request is unreasonable, overbroad, unduly

8  burdensome and oppressive, violates the right of privacy, and purports to require

9  MGA to search for documents not within its possession, custody or control.  MGA

10  will make a reasonably diligent search for responsive documents within its

11  possession, custody or control.

12        7.    MGA objects to each and every request to the extent its seeks

13  "all documents" responsive to a certain category on the grounds that such request is

14  overbroad, unduly burdensome and oppressive.  MGA will produce otherwise

15  unobjectionable documents sufficient to provide Mattel with the information

16  sought, following a reasonably diligent search.  On grounds of oppression and

17  undue burden, MGA will not respond to duplicative or cumulative requests and will

18  not re-produce documents it has already produced or produce documents that it has

19  received from Mattel or others in the course of discovery in this matter.

20        8.    MGA objects to each request to the extent it seeks documents

21  not within MGA's possession, custody, or control.

22        9.    MGA objects to each request to the extent it seeks information

23  relating to activities or conduct of other entities or non-parties.  In each instance in

24  which MGA has agreed to produce documents, such production is hereby expressly

25  limited to documents relating to its own activities or conduct only.

26       10.   MGA objects to the defined terms "You," "Your," and "Mattel,"

27  on the grounds that these terms, as defined, are overbroad, are vague and

28  ambiguous, and call for legal conclusions.

- 4 -

1    11.    MGA objects to the defined terms "Contested MGA Products,"
2   "Contested Bratz Doll Products," "Contested Bratz Petz Products," "Contested
3   Bratz Funky Fashion Makeover," "Contested 4-Ever Best Friends Products,"
4   "Contested Mommy's Little Doll Products," "Contested AlienRacerS Products,"
5   "Contested Mattel Products," "Contested Mattel My Scene Dolls and Products,"
6   "Contested Mattel My Scene Pets Products," "Contested Mattel My Scene Styling
7   Head," "Contested Mattel Wee-3 Products," "Contested Mattel Little Mommy
8   Doll" and "Contested Mattel AcceleRacerS Products" on the grounds that these
9   terms, as defined, are overbroad, are vague and ambiguous, and call for legal
10  conclusions.

11    12.    MGA objects to the defined term "Embodiment" on the ground
12  that this term, as defined, is overbroad, vague and ambiguous and calls for a legal
13  conclusion.  MGA further objects to the definition of this term in that it calls for the
14  production of trade secret and proprietary information that is unrelated to any claim
15  or defense in this litigation and is not reasonably calculated to lead to the discovery
16  of admissible evidence.

17

18            **SPECIFIC OBJECTIONS AND RESPONSES**
19  **REQUEST FOR PRODUCTION NO. 1:**
20      A sample of each of the CONTESTED MGA PRODUCTS, together with
21  each such product's packaging and all instructions, promotional literature, coupons,
22  bounce-back cards and any other materials inserted in or associated with such
23  packaging.
24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**
25      MGA incorporates by reference the above-stated general objections as if
26  fully set forth herein.  MGA also specifically objects to this request to the extent
27  that it seeks information not relevant to the subject matter of this lawsuit or
28  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT    40
PAGE    643

1   that it seeks information not relevant to the subject matter of this lawsuit or

2   reasonably calculated to lead to the discovery of admissible evidence.

3   **REQUEST FOR PRODUCTION NO. 73:**

4       All DOCUMENTS, including but not limited to all COMMUNICATIONS

5   with any PERSON, RELATING TO Machado prior to April 20, 2004.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

7       MGA incorporates by reference the above-stated general objections as if

8   fully set forth herein. MGA also specifically objects to this request to the extent

9   that it seeks information not relevant to the subject matter of this lawsuit or

10   reasonably calculated to lead to the discovery of admissible evidence.

11   **REQUEST FOR PRODUCTION NO. 74:**

12       All DOCUMENTS, including but not limited to all COMMUNICATIONS

13   with any PERSON, RELATING TO Machado's resignation from Mattel.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

15       MGA incorporates by reference the above-stated general objections as if

16   fully set forth herein. MGA also specifically objects to this request to the extent

17   that it seeks information not relevant to the subject matter of this lawsuit or

18   reasonably calculated to lead to the discovery of admissible evidence.

19   **REQUEST FOR PRODUCTION NO. 75:**

20       All DOCUMENTS, including but not limited to all COMMUNICATIONS

21   with any PERSON, RELATING TO compensation, money or any other item of

22   value paid to Machado, whether directly or indirectly, by YOU.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

24       MGA incorporates by reference the above-stated general objections as if

25   fully set forth herein. MGA also specifically objects to this request to the extent

26   that it seeks information not relevant to the subject matter of this lawsuit or

27   reasonably calculated to lead to the discovery of admissible evidence. MGA also

28   objects to this request to the extent it seeks information the disclosure of which

- 54 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT ___40___

PAGE ___644___

1   would implicate the rights of third parties to protect private, confidential,

2   proprietary or trade secret information.

3   **REQUEST FOR PRODUCTION NO. 76:**

4        All DOCUMENTS received by YOU, directly or indirectly, from Machado

5   RELATING TO any MATTEL product or plan.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

7        MGA incorporates by reference the above-stated general objections as if

8   fully set forth herein. MGA also specifically objects to this request to the extent

9   that it seeks information not relevant to the subject matter of this lawsuit or

10  reasonably calculated to lead to the discovery of admissible evidence.

11  **REQUEST FOR PRODUCTION NO. 77:**

12       All DOCUMENTS, including but not limited to all COMMUNICATIONS

13  with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage,

14  transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS,

15  data and/or information, including but not limited to any compilation of

16  information, that was prepared, made, created, generated, assembled or compiled by

17  or for MATTEL and that YOU received, directly or indirectly, from Machado.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

19       MGA incorporates by reference the above-stated general objections as if

20  fully set forth herein. MGA also specifically objects to this request to the extent

21  that it seeks information not relevant to the subject matter of this lawsuit or

22  reasonably calculated to lead to the discovery of admissible evidence.

23  **REQUEST FOR PRODUCTION NO. 78:**

24       A copy of each personnel file maintained or created by YOU RELATING

25  TO Machado.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

27       MGA incorporates by reference the above-stated general objections as if

28  fully set forth herein. MGA also specifically objects to this request to the extent

- 55 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT ___40___

PAGE ___645___

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

2       MGA incorporates by reference the above-stated general objections as if

3   fully set forth herein.  MGA also specifically objects to this request to the extent

4   that it seeks information not relevant to the subject matter of this lawsuit or

5   reasonably calculated to lead to the discovery of admissible evidence.  MGA also

6   objects to this request on the ground that such documents are not in MGA's

7   possession, custody or control.

8   **REQUEST FOR PRODUCTION NO. 85:**

9       All DOCUMENTS, including but not limited to all COMMUNICATIONS

10  with any PERSON, RELATING TO compensation, money or any other item of

11  value paid to Trueba, whether directly or indirectly, by YOU.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

13      MGA incorporates by reference the above-stated general objections as if

14  fully set forth herein.  MGA also specifically objects to this request to the extent

15  that it seeks information not relevant to the subject matter of this lawsuit or

16  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

17  objects to this request to the extent it seeks information the disclosure of which

18  would implicate the rights of third parties to protect private, confidential,

19  proprietary or trade secret information.

20  **REQUEST FOR PRODUCTION NO. 86:**

21      All DOCUMENTS received by YOU, directly or indirectly, from Trueba

22  RELATING TO any MATTEL product or plan.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

24      MGA incorporates by reference the above-stated general objections as if

25  fully set forth herein.  MGA also specifically objects to this request to the extent

26  that it seeks information not relevant to the subject matter of this lawsuit or

27  reasonably calculated to lead to the discovery of admissible evidence.

28

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT ___40___

PAGE ___646___

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

2      MGA incorporates by reference the above-stated general objections as if

3  fully set forth herein. MGA also specifically objects to this request to the extent

4  that it seeks information not relevant to the subject matter of this lawsuit or

5  reasonably calculated to lead to the discovery of admissible evidence.

6  **REQUEST FOR PRODUCTION NO. 93:**

7      All DOCUMENTS, including but not limited to all COMMUNICATIONS

8  with any PERSON, RELATING TO Vargas prior to April 20, 2004.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

10     MGA incorporates by reference the above-stated general objections as if

11 fully set forth herein. MGA also specifically objects to this request to the extent

12 that it seeks information not relevant to the subject matter of this lawsuit or

13 reasonably calculated to lead to the discovery of admissible evidence.

14 **REQUEST FOR PRODUCTION NO. 94:**

15     All DOCUMENTS, including but not limited to all COMMUNICATIONS

16 with any PERSON, RELATING TO Vargas' resignation from Mattel.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

18     MGA incorporates by reference the above-stated general objections as if

19 fully set forth herein. MGA also specifically objects to this request to the extent

20 that it seeks information not relevant to the subject matter of this lawsuit or

21 reasonably calculated to lead to the discovery of admissible evidence.

22 **REQUEST FOR PRODUCTION NO. 95:**

23     All DOCUMENTS, including but not limited to all COMMUNICATIONS

24 with any PERSON, RELATING TO compensation, money or any other item of

25 value paid to Vargas, whether directly or indirectly, by YOU.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

27     MGA incorporates by reference the above-stated general objections as if

28 fully set forth herein. MGA also specifically objects to this request to the extent

- 61 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT ___40___

PAGE ___647___

1    that it seeks information not relevant to the subject matter of this lawsuit or

2    reasonably calculated to lead to the discovery of admissible evidence.  MGA also

3    objects to this request to the extent it seeks information the disclosure of which

4    would implicate the rights of third parties to protect private, confidential,

5    proprietary or trade secret information.

6    **REQUEST FOR PRODUCTION NO. 96:**

7        All DOCUMENTS received by YOU, directly or indirectly, from Vargas

8    RELATING TO any MATTEL product or plan.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

10       MGA incorporates by reference the above-stated general objections as if

11    fully set forth herein.  MGA also specifically objects to this request to the extent

12    that it seeks information not relevant to the subject matter of this lawsuit or

13    reasonably calculated to lead to the discovery of admissible evidence.

14    **REQUEST FOR PRODUCTION NO. 97:**

15        All DOCUMENTS, including but not limited to all COMMUNICATIONS

16    with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage,

17    transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS,

18    data and/or information, including but not limited to any compilation of

19    information, that was prepared, made, created, generated, assembled or compiled by

20    or for MATTEL and that YOU received, directly or indirectly, from Vargas.

21    **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

22       MGA incorporates by reference the above-stated general objections as if

23    fully set forth herein.  MGA also specifically objects to this request to the extent

24    that it seeks information not relevant to the subject matter of this lawsuit or

25    reasonably calculated to lead to the discovery of admissible evidence.

26    **REQUEST FOR PRODUCTION NO. 98:**

27       A copy of each personnel file maintained or created by YOU RELATING

28    TO Vargas.

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT   40

PAGE   648

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

2      MGA incorporates by reference the above-stated general objections as if

3  fully set forth herein.  MGA also specifically objects to this request to the extent

4  that it seeks information not relevant to the subject matter of this lawsuit or

5  reasonably calculated to lead to the discovery of admissible evidence.

6  **REQUEST FOR PRODUCTION NO. 105:**

7      All DOCUMENTS, including but not limited to all COMMUNICATIONS

8  with any PERSON, RELATING TO compensation, money or any other item of

9  value paid to Brisbois, whether directly or indirectly, by YOU.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

11      MGA incorporates by reference the above-stated general objections as if

12  fully set forth herein.  MGA also specifically objects to this request to the extent

13  that it seeks information not relevant to the subject matter of this lawsuit or

14  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

15  objects to this request to the extent it seeks information the disclosure of which

16  would implicate the rights of third parties to protect private, confidential,

17  proprietary or trade secret information.

18  **REQUEST FOR PRODUCTION NO. 106:**

19      All DOCUMENTS received by YOU, directly or indirectly, from Brisbois

20  RELATING TO any MATTEL product or plan.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

22      MGA incorporates by reference the above-stated general objections as if

23  fully set forth herein.  MGA also specifically objects to this request to the extent

24  that it seeks information not relevant to the subject matter of this lawsuit or

25  reasonably calculated to lead to the discovery of admissible evidence.

26  **REQUEST FOR PRODUCTION NO. 107:**

27      All DOCUMENTS, including but not limited to all COMMUNICATIONS

28  with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage,

EXHIBIT ___C/0___

PAGE ___649___

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

2        MGA incorporates by reference the above-stated general objections as if

3    fully set forth herein. MGA also specifically objects to this request to the extent

4    that it seeks information not relevant to the subject matter of this lawsuit or

5    reasonably calculated to lead to the discovery of admissible evidence.

6    **REQUEST FOR PRODUCTION NO. 113:**

7        All DOCUMENTS, including but not limited to all COMMUNICATIONS

8    with any PERSON, RELATING TO Brawer prior to October 2, 2004.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

10       MGA incorporates by reference the above-stated general objections as if

11   fully set forth herein. MGA also specifically objects to this request to the extent

12   that it seeks information not relevant to the subject matter of this lawsuit or

13   reasonably calculated to lead to the discovery of admissible evidence.

14   **REQUEST FOR PRODUCTION NO. 114:**

15       All DOCUMENTS, including but not limited to all COMMUNICATIONS

16   with any PERSON, RELATING TO Brawer's resignation from Mattel.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

18       MGA incorporates by reference the above-stated general objections as if

19   fully set forth herein. MGA also specifically objects to this request to the extent

20   that it seeks information not relevant to the subject matter of this lawsuit or

21   reasonably calculated to lead to the discovery of admissible evidence.

22   **REQUEST FOR PRODUCTION NO. 115:**

23       All DOCUMENTS, including but not limited to all COMMUNICATIONS

24   with any PERSON, RELATING TO compensation, money or any other item of

25   value paid to Brawer, whether directly or indirectly, by YOU.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

27       MGA incorporates by reference the above-stated general objections as if

28   fully set forth herein. MGA also specifically objects to this request to the extent

EXHIBIT ___40___

PAGE ___650___

- 68 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

1  that it seeks information not relevant to the subject matter of this lawsuit or
2  reasonably calculated to lead to the discovery of admissible evidence.  MGA also
3  objects to this request to the extent it seeks information the disclosure of which
4  would implicate the rights of third parties to protect private, confidential,
5  proprietary or trade secret information.
6  **REQUEST FOR PRODUCTION NO. 116:**
7     All DOCUMENTS received by YOU, directly or indirectly, from Brawer
8  RELATING TO any MATTEL product or plan.
9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**
10     MGA incorporates by reference the above-stated general objections as if
11  fully set forth herein.  MGA also specifically objects to this request to the extent
12  that it seeks information not relevant to the subject matter of this lawsuit or
13  reasonably calculated to lead to the discovery of admissible evidence.
14  **REQUEST FOR PRODUCTION NO. 117:**
15     All DOCUMENTS, including but not limited to all COMMUNICATIONS
16  with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage,
17  transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS,
18  data and/or information, including but not limited to any compilation of
19  information, that was prepared, made, created, generated, assembled or compiled by
20  or for MATTEL and that YOU received, directly or indirectly, from Brawer.
21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**
22     MGA incorporates by reference the above-stated general objections as if
23  fully set forth herein.  MGA also specifically objects to this request to the extent
24  that it seeks information not relevant to the subject matter of this lawsuit or
25  reasonably calculated to lead to the discovery of admissible evidence.
26  **REQUEST FOR PRODUCTION NO. 118:**
27     All DOCUMENTS RELATING TO the existence or extent of competition or
28  substitution between any of the CONTESTED MGA PRODUCTS and any of the

EXHIBIT 40
PAGE 651

MGA'S RESPONSE TO MATTEL'S FIRST SET OF REQUESTS FOR DOCS & THINGS CV 04-09049 SGL (RNBX)

1

2    Dated:      January 17, 2007        O'MELVENY & MYERS LLP

3

4                                        By: _____
                                             James P. Jenal
5                                        Attorneys for MGA Entertainment, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT  40      - 91 -

PAGE  652

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

# EXHIBIT 41

CONFORMED COPY

FILED
2007 AUG 14 PM 4: 18
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
EASTERN DIVISION
BY: ___

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:   (415) 774-2611
4  Facsimile:   (415) 982-5287

5

6

7  UNITED STATES DISTRICT COURT

   CENTRAL DISTRICT OF CALIFORNIA
8
   EASTERN DIVISION
9

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No.1100049530
12              Plaintiff,

13         v.                              Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15              Defendant.                 ORDER GRANTING IN PART AND
                                           DENYING IN PART MATTEL'S
16                                         MOTION TO COMPEL PRODUCTION
                                           OF DOCUMENTS BY MGA;
17                                         DENYING REQUEST FOR
                                           MONETARY SANCTIONS
18  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
19  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
20

21                          I. INTRODUCTION

22      On June 26, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production of

23  Documents by MGA Entertainment, Inc. ("MGA") and for Award of Monetary Sanctions.  Mattel

24  seeks an order compelling MGA "to produce documents responsive to Mattel's First Set of

25  Requests for Documents and Things Re Unfair Competition Claims, including, without limitation,

26  Request Nos. 1, 3-10, 12-13, 16-18, 19-20, 26-27, 29-30, 32-40, 42-43, 45, 48-52, 54-56, 58-60,

27

28
    Bryant v. Mattel, Inc.,                                                    1
    CV-04-09049 SGL (RNBx)

                                    8.14EXHIBIT  41
                                    PAGE  653

1   65-119, 137-140, 157-161, 164 and 166," and for sanctions in the amount of $4,500, which

2   represents a portion of the costs incurred by Mattel in bringing this motion. Mattel's Motion at

3   p.1. On July 3, 2007, MGA submitted its opposition brief, and on July 9, 2007, Mattel submitted

4   a reply brief. The matter was heard via telephonic conference on August 13, 2007. Having

5   considered the motion papers and comments of counsel at the hearing, Mattel's motion to compel

6   is granted in part and denied in part, and the request for sanctions is denied.

7                                    II. BACKGROUND

8         This consolidated action includes MGA's claims for unfair competition against Mattel.

9   Among other things, MGA alleges that Mattel has engaged in "serial copycatting" of MGA

10   products, packaging and advertising, including Bratz dolls and other Bratz products, Bratz

11   packaging and Bratz television commercials. MGA also alleges that Mattel engaged in improper

12   conduct in dealing with retailers, licensees, employees and industry organizations.

13         After MGA filed its claims against Mattel, Mattel sought and was granted leave to file

14   several counterclaims against MGA, including claims for copyright infringement, violation of

15   RICO, conspiracy to violate RICO, misappropriation of trade secrets and unfair competition.

16   Among other things, Mattel alleges that MGA has induced Mattel employees to steal Mattel's

17   trade secrets, confidential information and other property and take it with them to their new

18   employment with MGA. Mattel also alleges that Bryant conceived, created and developed Bratz

19   designs while he was employed by Mattel as a designer, that he concealed his Bratz work from

20   Mattel, and that he sold Bratz to MGA while he was a Mattel employee. Mattel alleges that it is

21   the rightful owner of the Bratz designs and that MGA is engaging in copyright infringement of

22   the Bratz designs.

23         On December 18, 2006, Mattel propounded its First Set of Requests for Production of

24   Documents and Things re Claims for Unfair Competition to MGA (the "Requests for

25   Production"). The Requests for Production consist of 166 requests seeking information that

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT   41

PAGE   654

2

1    Mattel contends is relevant primarily to MGA's claims for unfair competition and Mattel's

2    defenses thereto.

3           In the meantime, MGA served its initial disclosures related to its unfair competition

4    claims. Mattel immediately filed a motion to compel MGA to provide complete initial

5    disclosures in compliance with Rule 26, Fed.R.Civ.P. Although the initial disclosures were

6    wholly inadequate, the Discovery Master denied the motion to compel, reasoning that it would be

7    more efficient and orderly for the parties to proceed with Mattel's pending Requests for

8    Production.

9           MGA served its responses to Mattel's Requests for Production on January 17, 2007.

10   MGA objected and refused to produce documents responsive to approximately two-thirds of

11   Mattel's requests. As to the remaining requests, MGA agreed to produce "relevant and non-

12   objectionable documents," subject to its General and Specific Objections.

13          Thereafter the parties met and conferred in person and exchanged a few letters. On

14   February 9, 2007, counsel for MGA advised Mattel by letter that MGA, subject to its General and

15   Specific objections, agreed to produce all "relevant and non-objectionable documents" responsive

16   to Request Nos. 1-4, 11, 13-15, 18, 21-26, 28-29, 31-36, 44-51, 53, 61-64, 118, 120-137, 141-156,

17   162-163, 165 and 166. Kidman Decl., Ex. 14. As to Request Nos. 9, 10 and 12, MGA also

18   agreed to produce "documents sufficient to show the timing of, and relevant facts regarding"

19   certain specified products. Id. Counsel for MGA sent another letter on February 16, 2007,

20   advising Mattel that MGA would produce documents responsive to Request Nos. 29 and 30.

21   Bradley Decl., Ex. 1. On May 21, 2007, MGA advised Mattel by letter that it agreed, in essence,

22   to withdraw its restriction to "relevant and non-objectionable documents" in its responses to the

23   Requests For Production. Bradley Decl., Ex. 3. On May 31, 2007, MGA served supplemental

24   responses to Mattel's Requests for Production, which no longer included the phrase "relevant and

25   non-objectionable." Kidman Decl., Exs. 11 and 16.

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___41___

PAGE ___655___

3

1    In its opening brief, Mattel contends that MGA has improperly refused to produce

2    documents relating to: the creation, origin, timing and ownership of the contested MGA products

3    and packaging, including the contested Bratz products and packaging (Request Nos. 5, 6-8, 16,

4    17, 19, 20, 38, 39, 48); MGA's alleged theft of Mattel's trade secrets and confidential information

5    by, among other things, targeting and recruiting current and former Mattel employees (Request

6    Nos. 42, 59, 60, 65-117, 138-140, 160, 161 and 164); damages (Request Nos. 27, 30 and 157-

7    159); facts MGA contends support its unfair competition claims (Request Nos. 45, 119 and 166).

8    Mattel contends that MGA has no legitimate basis for refusing to produce these categories of

9    documents because they are directly relevant to the claims and defenses in the case. Mattel also

10   contends that MGA has improperly restricted the scope of its document production in response to

11   Request Nos. 1, 3, 4, 13, 18, 29, 49, 52 and 137.

12   MGA contends that Mattel's motion should be denied in its entirety for three reasons.

13   First, Mattel is seeking documents MGA already agreed to produce as a result of the meet and

14   confer process. Second, Mattel is seeking documents that may be precluded by other motions

15   pending before the district court. Third, Mattel is seeking documents that constitute an

16   unreasonable and overbroad fishing expedition.

17   As to the first point, MGA contends that it has already agreed to produce documents

18   responsive to Request Nos. 9, 10, 12, 26, 29, 30, 32-36, 45, 48-51, 118, 137, and 166. Moreover,

19   MGA represents that it has produced more than 110,000 pages of documents, including

20   documents relating to the origin, infringement, design and tooling of Bratz and has also provided

21   Mattel with access to Bratz molds and sculpts. MGA also represents that it is continuing to

22   search for and produce documents responsive to Mattel's requests on a rolling basis.

23   MGA also asserts that it "has revisited certain of Mattel's requests, and so as to avoid

24   further burdening the Court, MGA agrees to produce non-privileged documents in its possession,

25   custody or control, subject to its previously stated General and Specific Objections, that are

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___41___

PAGE ___656___

4

1    responsive to the following sixteen requests:  5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and
2    157-159."  MGA's Opposition at p. 3.
3            MGA also represents that it is prepared to produce documents responsive to Mattel's
4    Request Nos. 65-117 and 119 (which seek documents concerning MGA-Mexico and its
5    employees, and other topics relevant to Mattel's counterclaims) now that Judge Larson issued an
6    order denying MGA's motion to dismiss Mattel's trade secret claims.[1]  MGA's Opposition at pp.
7    2 and 6.
8            As to the second point, MGA contends that Mattel's motion to compel is premature with
9    respect to Request Nos. 1, 3, 4, 13 and 18.  MGA explains that these requests seek, among other
10   things, information pertaining to undisclosed and/or unreleased MGA products.  The Discovery
11   Master issued an order compelling MGA to produce such documents in response to other Mattel
12   discovery requests.  MGA appealed the Discovery Master's ruling, which was heard by Judge
13   Larson on July 2, 2007.  MGA contends that it should not be required to produce documents
14   responsive to Request Nos. 1, 3, 4, 13 and 18 until Judge Larson issues a ruling.
15           For the remaining requests, however, MGA stands by its objections.  More specifically,
16   MGA contends that Request Nos. 42, 54, 58-60, 138-140, 160, 161 and 164 are grossly overbroad
17   and unduly burdensome.
18           In its reply brief, Mattel contends that MGA's belated offers to produce responsive
19   documents do not obviate the need for an order compelling production for several reasons.  First,
20   Mattel contends that in many instances, MGA's purported agreements to produce responsive
21   documents are subject to major qualifications.  For example, in response to Request Nos. 9, 10
22   and 12, MGA's meet and confer letter indicates that MGA has limited its production of
23   documents to only "documents sufficient to show the timing of, and relevant facts regarding"
24   certain products.  Kidman Decl., Ex. 14.  Second, Mattel points out that, in some instances, the
25
26   ———————————
27        [1]   Judge Larson issued the order on June 27, 2007, a day after Mattel submitted its opening brief.
28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

     EXHIBIT ___41___

     PAGE ___657___

                                                                                          5

1    representations in MGA's meet and confer letters conflict with MGA's subsequent May 31, 2007

2    supplemental responses.  For example, even though MGA stated earlier in its two meet and confer

3    letters that it would produce documents responsive to Request Nos. 9, 10, 12, 26, 30, 32-36, 45,

4    48, 50, 51, 118 and 166, MGA's May 31, 2007 supplemental responses indicate that MGA

5    objects and refuses to produce documents responsive to these requests.  Third, Mattel contends

6    that MGA has acknowledged its responsibility to produce documents responsive to Request Nos.

7    65-117 and 119 in view of Judge Larson's June 27, 2007 order denying MGA's motion to dismiss

8    Mattel's counterclaims, and yet, MGA has failed to do so.  Fourth, Mattel points out that MGA's

9    opposition brief is internally inconsistent with respect to Request Nos. 55 and 56, stating both that

10   MGA agrees to produce documents responsive to the requests, and that MGA objects to the

11   requests as overbroad and burdensome.  See MGA's Opposition at pp. 3 and 8.

12        Mattel also contends that Request Nos. 1, 3, 4, 13 and 18 are no longer premature because

13   on July 5, 2007, two days after MGA submitted its opposition brief, Judge Larson issued an order

14   upholding the Discovery Master's ruling with respect to undisclosed and/or unreleased MGA

15   products.  Accordingly, Mattel requests an order compelling production of documents all

16   documents responsive to Request Nos. 1, 3, 4, 13 and 18 without any limitations, and overruling

17   any objections thereto.

18        With respect to the remaining requests to which MGA continues to object, Mattel reasserts

19   that the requests seek documents relevant to Mattel's trade secret counterclaims.  Mattel also

20   contends that MGA has failed to establish that complying with the requests would impose an

21   undue burden.

22                              III. DISCUSSION

23        Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

24   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

25   party." Fed.R.Civ.P. 26(b)(1).  Fishing expeditions to discover new claims, however, are not

26   permitted.  See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

27

28

1  2004) ("District courts need not condone the use of discovery to engage in 'fishing

2  expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

3  (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

4  (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

5  the phrase "subject matter involved in the pending action," were intended to prevent discovery

6  that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

7  litigate the issues presented by the pleadings but to develop new claims or defenses.).

8       Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or

9  extent of use of the discovery methods if the court determines that "(i) the discovery sought is

10  unreasonably cumulative or duplicative, or is obtainable from some other source that is more

11  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

12  opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

13  expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

14  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

15  the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

16  26(b)(2).

17  **Request Nos. 1, 3, 4, 13 and 18**

18       Request No. 1 seeks "[a] sample of each of the CONTESTED MGA PRODUCTS,

19  together with each such product's packaging, instructions, promotional materials and other

20  associated packaging materials." Request No. 3 seeks "[a] complete copy of each advertisement

21  or promotional statement prepared, produced, printed, broadcast, made available to anyone in any

22  manner via the Internet, or otherwise used or disseminated in any way in connection with the

23  CONTESTED MGA PRODUCTS." Request No. 4 seeks "[a] complete copy of each

24  COMMUNICATION, advertisement, promotional statement that provides a basis for any claim

25  by [MGA] against MATTEL." Request No. 13 seeks "[a]ll DOCUMENTS RELATING TO any

26  revision of any CONTESTED MGA PRODUCTS, including but not limited to any proposed

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT _____ 41 _____

PAGE _____ 659 _____

7

1   alternatives, modifications or changes (whether or not implemented) to such CONTESTED MGA

2   PRODUCTS." Request No. 18 seeks "[a]ll DOCUMENTS RELATING TO the marketing,

3   advertising, promotion, licensing, offering for sale or sale of the CONTESTED MGA

4   PRODUCTS, including but not limited to all marketing studies, marketing plans, sales plans,

5   sales forecasts, strategies, surveys and analyses and including but not limited to all catalogs,

6   advertisements, brochures, displays and Internet publications."

7       During the meet and confer process, MGA agreed to produce documents responsive to

8   Request Nos. 1, 3, 4, 13 and 18. Kidman Decl., Ex. 14. In its subsequent supplemental

9   responses, however, MGA responded that it would produce responsive documents "visible to the

10   consuming public at the point of purchase," "made available to the public," or "presented to the

11   consuming public." MGA's Supp. Response, Kidman Decl., Ex. 8 and 16.

12       Mattel contends that the requested documents and items are relevant to MGA's claim of

13   "serial copying," whether or not they are seen by the consuming public. Mattel also contends that

14   the documents it seeks are relevant to any claim by MGA of "post sale confusion." Furthermore,

15   Mattel argues that MGA's restrictions on discovery are unreasonable in light of MGA's own

16   claimed trade dress, which MGA alleges extends to the entirety of MGA's marketing techniques

17   and product appearance. Mattel also contends that Request No. 13 seeks documents that are

18   directly relevant to MGA's claim that Mattel systematically modified its products to increase their

19   similarity to MGA's products over time.

20       In its opposition brief, MGA does not attempt to refute any of Mattel's relevancy

21   arguments above, relying instead on its argument that these requests are premature until Judge

22   Larson issues a ruling. Judge Larson, however, issued an order on July 5, 2007. Accordingly, the

23   requests are no longer premature. The subject requests are relevant and not unduly burdensome.

24   MGA is ordered to produce all non-privileged documents that are responsive to Request Nos. 1,

25   3, 4, 13 and 18.

26   //

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ____41____

PAGE ____660____

8

1    Request Nos. 5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159

2          In its opposition brief, MGA agrees to produce documents responsive to Request Nos. "5-

3    8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159." MGA's Opposition at p. 3. Later in its

4    opposition brief, however, MGA contends that Request Nos. 55 and 56 are overbroad and

5    burdensome. See MGA's Opposition at pp. 3 and 8. Request No. 55 seeks production of "[a]ll

6    periodicals, whether they be magazines, newspapers, newsletters, or any other type of periodical,

7    that mention the CONTESTED MGA PRODUCTS that have been published since January 1,

8    1999." Request No. 56 seeks "[a]ll television or radio broadcasts or cablecasts that mention the

9    CONTESTED MGA PRODUCTS that have been disseminated since January 1, 1999." MGA

10   contends that these requests encompass, among other things, every single advertisement MGA

11   ever ran in connection with BRATZ or any of the other products at issue.

12         Mattel contends that Request Nos. 55 and 56 are designed to obtain documents that may

13   contain admissions relevant to various issues in the case, including admissions regarding the

14   origin and timing of the products at issue; the performance of the contested products or MGA as a

15   whole, which may undercut MGA's claims for damages; and statements that might reveal that

16   MGA had access to confidential Mattel information.

17         Although Request Nos. 55 and 56 encompass potentially relevant documents, they are

18   overbroad. They require MGA to produce every single advertisement MGA ever ran in

19   connection with all of the products at issue. The requests are not limited in any respect to the

20   subjects of interest to Mattel, i.e., the origin and timing of the products at issue. Furthermore,

21   Mattel has utilized other document requests and depositions to obtain the type of evidence it now

22   seeks.

23         Accordingly, Mattel's motion is granted as to Request Nos. 5-8, 16-17, 19-20, 27, 37-40,

24   43, 52, and 157-159 to ensure a deadline for production, and denied as to Request Nos. 55 and 56

25   pursuant to Rule 26(b)(2), Fed.R.Civ.P.

26   //

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                         EXHIBIT ___41___
                                                                                        9
                         PAGE ___661___

**Request Nos. 9, 10, 12**

Request Nos. 9, 10 and 12 call for "[a]ll DOCUMENTS RELATING TO the invention, creation, origin, conception, authorship, design, development, production, engineering, manufacture, distribution, sale and ownership of products and packaging" "that YOU contend provide a basis for any claim against MATTEL, whether or not such claim is in the COMPLAINT" (No. 9); "that YOU contend MATTEL copied or infringed" (No. 10); and related "COMMUNICATIONS" (No. 12). During the meet and confer process, MGA agreed to produce "documents sufficient to show the timing of, and relevant facts" regarding the following products on the following topics:

- "First generation 'Bratz'" line, including packaging – invention, creation, origin, conception, authorship, design, development, sale and ownership;
- "Bratz" "Wintertime Wonderland" line, including packaging – invention, creation, origin, conception, authorship, and first sale;
- "Bratz" "Sportz" Cloe, including packaging – invention, creation, origin, conception, authorship and first sale;
- "Bratz" "Sun-Kissed Summer" line, including packaging and playset – invention, creation, origin, conception, authorship, and first sale;
- "Bratz" "Formal Funk" line – invention, creation, origin, conception, authorship, and first sale;
- "Bratz" "Runway Disco," including packaging – invention, creation, origin, conception, authorship, and first sale;
- "Bratz" "Funky Fashion Makeover Head," including packaging – invention, creation, origin, conception, authorship, and first sale;
- "Bratz" "Petz," including packaging – invention, creation, origin, conception, authorship, and first sale;

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___41___

PAGE ___662___

10

1      • "4-Ever Best Friends," including packaging – invention, creation, origin, conception,

2      authorship, and first sale;

3      • "Mommy's Little Patient" – invention, creation, origin, conception, authorship, and first

4      sale;

5      • "AlienRacers," including logo – invention, creation, origin, conception, authorship, and

6      first sale; and

7      • "Bratz" "Diamondz" line – invention, creation, origin, conception, authorship, and first

8      sale.

9   Kidman Decl., Ex. 14. In response to Request No. 9, MGA also agreed to produce documents

10   containing development, production and sales information for the product(s) affected by the hair

11   shortage allegedly caused by Mattel and "sufficient to show the timing of and relevant facts

12   regarding the shortage and its effect on MGA." Id. Thereafter, MGA asserted objections to these

13   requests in its May 31, 2007 supplemental responses. In opposition to Mattel's motion, however,

14   MGA restated that it would produce documents responsive to these requests consistent with its

15   prior meet and confer letter. MGA's Opposition at p. 5.

16      Mattel contends that MGA's agreement to produce documents is insufficient because

17   MGA has limited its production to documents "sufficient to show." MGA's opposition brief fails

18   to address Mattel's argument. Instead, MGA merely asserts that it agreed to produce documents

19   responsive to Request Nos. 9, 10 and 12 during the meet and confer process, and therefore

20   Mattel's motion should be denied as moot.

21      Request Nos. 9, 10 and 12 clearly seek relevant information, and MGA has failed to

22   justify why its production should be limited to documents "sufficient to show." Therefore,

23   Mattel's motion is granted as to Request Nos. 9, 10 and 12.

24   **Request Nos. 26, 29, 30, 32, 36, 45, 48-51, 118, 137 and 166**

25      In its two meet and confer letters MGA agreed to produce, subject to its General and

26   Specific Objections, documents responsive to Request Nos. 26, 29, 30, 32-36, 45, 48-51, 118, 137

27

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

EXHIBIT _____ 41

PAGE _____ 663

11

1  and 166.  Kidman Decl., Ex. 14.  Mattel points out, however, that MGA's May 31, 2007

2  supplemental responses are inconsistent insofar as the responses indicate that MGA continues to

3  object to some of the requests or otherwise agrees to produce only a limited portion of documents

4  responsive to other requests.  Mattel's Reply Brief at p. 7.  Nevertheless, in its opposition brief,

5  MGA reaffirms its earlier agreement to produce all responsive documents, and states that it

6  considers Mattel's motion to be moot.  See MGA's Opposition at pp. 5-6.  Mattel's motion is

7  granted as to this category of requests.

8  **Request Nos. 65-117 and 119**

9      In its opposition brief, MGA agrees to produce documents responsive to Mattel's Request

10  Nos. 65-117 and 119 now that Judge Larson issued an order denying MGA's motion to dismiss

11  Mattel's trade secret claims.  MGA's Opposition at pp. 2 and 6.  Mattel's motion is granted as to

12  these requests.

13  **Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164**

14      MGA contends that Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164 are overbroad

15  and unduly burdensome.  Mattel insists that they are not.  More specifically, Mattel contends that

16  the requests seek documents regarding MGA's alleged theft of Mattel's trade secrets, and in

17  particular, the theft of trade secrets through targeting and hiring current and former Mattel

18  employees.

19      Request No. 42 seeks "[a]ll COMMUNICATIONS between [MGA] and any individual

20  while the individual was employed by MATTEL."  Although the request may encompass relevant

21  documents, it is overbroad insofar as it requires production of all communications, regardless of

22  subject matter.  Furthermore, the request is objectionable to the extent it seeks documents that are

23  equally available to Mattel.  Therefore, Mattel's motion is denied as to Request No. 42 pursuant

24  to Rule 26(b)(2), Fed.R.Civ.P.

25      Request No. 54 seeks "[a]ll DOCUMENTS RELATING TO any COMMUNICATION by

26  [MGA] with any news organization regarding the CONTESTED MGA PRODUCTS or the

27

28  Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)

EXHIBIT __41__
PAGE __664__

12

1  CONTESTED MATTEL PRODUCTS." Once again, the request encompasses potentially

2  relevant documents, however it is overbroad, seeking all documents relating to any

3  communications by MGA with any news organization. Furthermore, the request seeks documents

4  that are of relatively minimal relevance to the claims and defenses in the case. Therefore,

5  Mattel's motion is denied as to Request No. 54 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

6       Request Nos. 58 seeks "[a]ll DOCUMENTS RELATING TO publicity by [MGA] or

7  about the CONTESTED MGA PRODUCTS since January 1, 1999, including but not limited to

8  advertising, media releases, and public relations material." This request is also overbroad in that

9  it seeks all documents relating to publicity by MGA about its products at issue in the litigation.

10  Mattel's motion is therefore denied as to Request No. 58 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

11       Request No. 59, asks for "[a]ll DOCUMENTS RELATING TO any effort by [MGA] to

12  recruit employees or contractors since January 1, 1999, including but not limited to advertising,

13  media releases, brochures, articles, catalogs, handbooks, and public relations material." The

14  request is overbroad insofar as it requires production of all documents relating to MGA's

15  recruiting, including for instance, recruiting from competitors other than Mattel. Mattel's motion

16  is therefore denied as to Request No. 59 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

17       Request No. 60 seeks "[a]ll DOCUMENTS RELATING TO the hiring, engagement, or

18  retention by [MGA] of any former or current MATTEL employee or contractor since January 1,

19  1999, including but not limited to all employment agreements and agreements RELATING TO

20  confidentiality or the invention, authorship, or ownership of any concept or product." Request

21  No. 138 seeks "[a]ll COMMUNICATIONS between [MGA] and any PERSON RELATING TO

22  the departure from MATTEL of any current or former MATTEL employee or contractor."

23  Request No. 139 seeks "[a]ll COMMUNICATIONS between [MGA] and any PERSON

24  RELATING TO the obligations to MATTEL, including the duty of confidentiality, of any current

25  or former MATTEL employee or contractor. Request No. 140 seeks "[a]ll

26  COMMUNICATIONS between [MGA] and any current or former MATTEL employee or

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___41___

PAGE ___665___

13

1    contractor RELATING TO the ownership of any idea, concept, design, or product.  Unlike the

2    previous requests, Request Nos. 60, 138, 139 and 140 are reasonably tailored to seek documents

3    central to Mattel's allegation that MGA stole its trade secrets through targeting and hiring current

4    and former Mattel employees.  MGA has not carried its burden of establishing that it would be

5    unduly burdensome to comply with these requests.  Accordingly, Mattel's motion is granted as to

6    Request Nos. 60, 138, 139 and 140.

7         Request No. 160 seeks "[a]ll DOCUMENTS received from MATTEL (whether directly

8    or indirectly) by [MGA] at any time since January 1, 1999."  Request No. 161 seeks "[a]ll

9    DOCUMENTS that [MGA has] reason to believe were created by or originated from MATTEL,

10   other than MATTEL products that [MGA] purchased at retail."  Request No. 164 seeks "[a]ll

11   DOCUMENTS RELATING TO any COMMUNICATIONS with, or inquiry or investigation by,

12   any government entity RELATING TO the CONTESTED MGA PRODUCTS or the

13   CONTESTED MATTEL PRODUCTS."  These three requests are also reasonably tailored to seek

14   documents that could support Mattel's allegations of trade secret theft.  MGA has failed to

15   establish that it would be unduly burdensome to comply with these requests.  Mattel's motion is

16   granted as to Request Nos. 160, 161 and 164.

17                              IV. CONCLUSION

18        For the reasons set forth above, Mattel's motion is granted as to Request Nos. 1, 3-10, 12,

19   13, 16-20, 26, 27, 29, 30, 32-40, 43, 45, 48-52, 60, 65-117, 118, 119, 137-140, 157-161, 164 and

20   166, and denied as to Request Nos. 42, 54-56, 58, 59.  MGA shall produce, without limitation, all

21   non-privileged responsive documents in accordance with this Order no later than August 30,

22   2007.  Mattel's request for sanctions is denied.

23        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

24   Master, Mattel shall file this Order with the Clerk of Court forthwith.

25   Dated: August 13, 2007

26                                   HON. EDWARD A. INFANTE (Ret.)
                                     Discovery Master

27

28

EXHIBIT ___41___

PAGE ___666___

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 13, 2007, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA; DENYING REQUEST FOR MONETARY SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 13, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT ___41___

PAGE ___667___

# EXHIBIT 42

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 43

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 44

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 45

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 46

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
  Shane H. McKenzie (Bar No. 228978)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTEL, INC., a Delaware corporation,

                        Plaintiff,

        v.

CARTER BRYANT, an individual

                        Defendant.

_____

CARTER BRYANT, on behalf of himself,
all present and former employees of
Mattel, Inc., and the general public,

                        Counterclaimant,

        v.

MATTEL, INC., a Delaware corporation,

                        Counter-defendant.

Case No. CV 04-09059 NM (RNBx)

MATTEL, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION
OF DOCUMENTS AND
TANGIBLE THINGS TO MGA
ENTERTAINMENT INC.

07209/642197.1

EXHIBIT ___46___

PAGE ___692___

FIRST REQUEST FOR PRODUCTION TO MGA

1    Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>, Plaintiff

2  and Counter-Defendant Mattel, Inc. hereby requests that MGA Entertainment Inc.

3  make available for inspection and copying the following documents and things

4  within thirty days of the service of these Requests, at the offices of Quinn Emanuel

5  Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor, Los

6  Angeles, California 90036.

7    These Requests shall be deemed to be continuing, and MGA

8  Entertainment Inc. shall be obligated to supplement its responses to these requests

9  at such times and to the extent required by <u>Rule</u> 26(e) of the <u>Federal Rules of Civil</u>

10  <u>Procedure</u>.

11

12    <u>DEFINITIONS</u>

13

14    For purposes of this Request for Production of Documents:

15    A.    "YOU" or "YOUR" means MGA Entertainment Inc. and any of

16  its current or former employees, officers, directors, agents, representatives,

17  attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and

18  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

19  authority or subject to its control.

20    B.    "MATTEL" means Mattel, Inc. and any of its current or former

21  employees, officers, directors, agents, representatives, attorneys, subsidiaries,

22  divisions, affiliates, predecessors-in-interest and successors-in-interest, and any

23  other PERSON acting on its behalf, pursuant to its authority or subject to its

24  control.

25    C.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

26  "recordings" as those terms are defined in <u>Rule</u> 34 of the <u>Federal Rules of Civil</u>

27  <u>Procedure</u> and <u>Rule</u> 1001 of the <u>Federal Rules of Evidence</u>, including, but not

28  limited to, all writings and records of every type and description including, but not

07209/642197.1

EXHIBIT 46    -2-

PAGE 693    FIRST REQUEST FOR PRODUCTION TO MGA

1  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

2  electronic mail ("e-mail"), records of telephone conversations, handwritten and

3  typewritten notes of any kind, statements, reports, minutes, recordings, transcripts

4  and summaries of meetings, voice recordings, pictures, photographs, drawings,

5  computer cards, tapes, discs, printouts and records of all types, studies, instruction

6  manuals, policy manuals and statements, books, pamphlets, invoices, canceled

7  checks and every other device or medium by which or through which information

8  of any type is transmitted, recorded or preserved. Without any limitation on the

9  foregoing, the term "DOCUMENT" shall include all copies that differ in any

10  respect from the original or other versions of the DOCUMENT, including, but not

11  limited to, all drafts and all copies of such drafts or originals containing initials,

12  comments, notations, insertions, corrections, marginal notes, amendments or any

13  other variation of any kind.

14       D.    "REFER OR RELATE TO" means constituting, embodying,

15  containing, referring to, commenting on, evidencing, regarding, discussing,

16  describing, mentioning, reflecting, expressing, pertaining to, concerning,

17  supporting, contradicting, negating, revoking or otherwise relating to in any

18  manner.

19       E.    "PERSON" or "PERSONS" means all natural persons,

20  partnerships, corporations, joint ventures and any kind of business, legal or public

21  entity or organization, as well as its, its or her agents, representatives, employees,

22  officers and directors and any one else acting on its, its or her behalf, pursuant to

23  its, its or her authority or subject to its, its or her control.

24       F.    "BRYANT" means Carter Bryant, any of his current or former

25  agents, representatives, attorneys, employees, partners, joint venturers,

26  predecessors-in-interest and successors-in-interest, and any other PERSON acting

27  on his behalf, pursuant to his authority or subject to his control.

28

EXHIBIT __46__

PAGE __694__  -3-

FIRST REQUEST FOR PRODUCTION TO MGA

07209/642197.1

1  G.  "BRATZ" means any project ever known by that name
2  (whether in whole or in part and regardless of what such project is or has been
3  also, previously or subsequently called) and any doll or any portion thereof that is
4  now or has ever been known as, or sold or marketed under, the name or term
5  "Bratz" (whether in whole or in part and regardless of what such doll is or has
6  been also, previously or subsequently called) or that is now or has ever been sold
7  or marketed as part of the "Bratz" line, and all prototypes, models, samples and
8  versions of such doll or any portion thereof.
9  H.  "ANGEL" means any project that is the subject of
10  MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20,
11  MGA000724-28 and MGA000734, and any doll (sometimes purportedly called
12  "Angel," "Angel Faces" and/or "Prayer Angels") or any portion thereof that is the
13  subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20,
14  MGA000724-28 and MGA000734, including all prototypes, models, samples and
15  versions of such doll(s) or any portion thereof.  Without limiting the generality of
16  the foregoing, "ANGEL" means any project or any doll or any portion thereof that
17  is the subject of MGA000706-08, MGA000710-12, MGA000714-16,
18  MGA000718-20, MGA000724-28 and MGA000734, regardless of what any such
19  project or doll has in fact been called, and regardless of what any such project or
20  doll is or has been also, previously or subsequently called.
21  I.  "DESIGNS" means any and all works, designs, artwork,
22  sketches, drawings, illustrations, representations, depictions, blueprints,
23  schematics, diagrams, descriptions, sculptures, prototypes, models, samples,
24  reductions to practice, developments, know-how, ideas, concepts, inventions
25  and/or improvements, as well as all other items, things and DOCUMENTS in
26  which any of the foregoing are or have been expressed, embodied, contained,
27  fixed or reflected in any manner, whether in whole or in part.
28

EXHIBIT _46_

PAGE _695_

-4-

FIRST REQUEST FOR PRODUCTION TO MGA

07209/642197.1

1    J.    "COMMUNICATION" or "COMMUNICATIONS" means and

2  includes any disclosure, transfer or exchange of information between two or more

3  PERSONS, whether orally or in writing, including, without limitation, any

4  conversation or discussion by means of meeting, letter, telephone, note,

5  memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic

6  or other medium, including without limitation in written, audio or video form.

7    K.    The singular form of a noun or pronoun includes within its

8  meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of

9  the masculine form of a pronoun also includes within its meaning the feminine

10  form of the pronoun so used, and *vice versa*; the use of any tense of any verb

11  includes also within its meaning all other tenses of the verb so used, whenever

12  such construction results in a broader request for information; and "and" includes

13  "or" and *vice versa*, whenever such construction results in a broader disclosure of

14  documents or information.

15

16                    INSTRUCTIONS

17

18    A.    Unless otherwise specified, these requests call for

19  DOCUMENTS prepared on or after January 1, 1995 through the present.

20  Documents shall be produced in their original file folders, or in lieu thereof, any

21  writing on the file folder from which each such document is taken shall be copied

22  and appended to such document and the person for whom or department, division,

23  or office for which the document or the file folder is maintained shall be

24  identified.

25    B.    YOU are to produce all DOCUMENTS requested hereby that

26  are in YOUR possession, custody and control.

27    C.    In the event that any document called for by these requests is to

28  be withheld on the basis of a claim of privilege or immunity from discovery, that

07209/642197.1

EXHIBIT __4 6__    -5-

PAGE __6 9 6__                FIRST REQUEST FOR PRODUCTION TO MGA

1  REQUEST FOR PRODUCTION NO. 40:

2              All transcripts and video and/or audio recordings of statements made

3  by any PERSON under oath, including without limitation all deposition

4  transcripts, trial transcripts and arbitration transcripts, that REFER OR RELATE

5  TO ANGEL (other than those taken in this action when Mattel, Inc.'s counsel was

6  in attendance).

7

8  REQUEST FOR PRODUCTION NO. 41:

9              All DOCUMENTS that REFER OR RELATE TO BRATZ and/or

10  ANGEL filed, submitted or served in the suit and/or arbitration proceedings

11  brought by Farhad Larian against Isaac Larian, including without limitation all

12  declarations, affidavits and sworn testimony given by any PERSON in such suit or

13  arbitration proceedings.

14

15  REQUEST FOR PRODUCTION NO. 42:

16              All DOCUMENTS that REFER OR RELATE TO any payment made

17  to or on behalf of BRYANT prior to October 21, 2000 or for work or services

18  performed by BRYANT prior to October 21, 2000 regardless of when such

19  payment was actually made.

20

21  REQUEST FOR PRODUCTION NO. 43:

22              All DOCUMENTS that REFER OR RELATE TO any payment made

23  to or on behalf of BRYANT for DESIGNS that BRYANT assigned or transferred

24  to YOU prior to October 21, 2000, regardless of when such payment was actually

25  made.

26

27

28

EXHIBIT __4 6__

PAGE __6 9 7__

07209/642197.1

FIRST REQUEST FOR PRODUCTION TO MGA

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that REFER OR RELATE TO invoices submitted by BRYANT to YOU prior to January 31, 2001.

**REQUEST FOR PRODUCTION NO. 45:**

All of YOUR royalty statements to or for BRYANT.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS that REFER OR RELATE TO BRYANT'S participation in the conception, creation, design, development, sculpting, tooling, production or manufacture of BRATZ.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS that REFER OR RELATE TO BRYANT'S participation in the conception, creation, design, development, sculpting, tooling, production or manufacture of ANGEL.

**REQUEST FOR PRODUCTION NO. 48:**

All non-privileged COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE TO this action.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS that REFER OR RELATE TO any indemnification that BRYANT has sought, proposed, requested or obtained in connection with this action.

EXHIBIT ___46___

PAGE ___698___

-16-

FIRST REQUEST FOR PRODUCTION TO MGA

07209/642197.1

1  REQUEST FOR PRODUCTION NO. 99:

2         All doll heads, sculpts, prototypes, models, samples and tangible

3  items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys

4  that BRYANT produced, created, authored, conceived of or reduced to practice,

5  whether alone or jointly with others, prior to January 1, 2001.

6

7  REQUEST FOR PRODUCTION NO. 100:

8         All doll heads, sculpts, prototypes, models, samples and tangible

9  items that support, refute or otherwise REFER OR RELATE TO any facts

10  underlying YOUR Affirmative Defenses in this action.

11

12  DATED:  March 14, 2005          QUINN EMANUEL URQUHART
                                    OLIVER & HEDGES, LLP
13

14                                  By
15                                      Shane Heather McKenzie
                                        Attorneys for Plaintiff/Counter-defendant
16                                      Mattel, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT   46

PAGE   699                          -26-

07209/642197.1                                          FIRST REQUEST FOR PRODUCTION TO MGA