1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:   +1-213-612-2499
11
    Attorneys for MGA Parties
12

13            UNITED STATES DISTRICT COURT

14            CENTRAL DISTRICT OF CALIFORNIA

15                 EASTERN DIVISION

| | |
|---|---|
| 16   CARTER BRYANT, an individual, | Case No. CV 04-9049 SGL (RNBx) |
| 17                Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| 18   v. | **DISCOVERY MATTER** |
| 19   MATTEL, INC., a Delaware | **[To Be Heard By Discovery Master Robert C. O'Brien]** |
| 20   Corporation, | **DECLARATION OF WILLIAM A. MOLINSKI IN SUPPORT OF MGA** |
| 21                Defendant. | **PARTIES' OPPOSITION TO MOTION TO COMPEL MGA** |
| 22 | **MEXICO TO PRODUCE DOCUMENTS AND THINGS IN** |
| 23 | **RESPONSE TO MATTEL'S FIRST,** |
| 24   AND CONSOLIDATED ACTIONS | **SECOND, AND THIRD SETS OF REQUESTS FOR PRODUCTION TO** |
| 25 | **MGA MEXICO** |
| 26 | Date:       TBD |
| 27 | Time:       TBD |
| 28 | Place:      Arent Fox LLP |

1    I, William A. Molinski, declare as follows:

2    1.    I am a partner at the law firm of Orrick, Herrington & Sutcliffe

3    LLP, attorneys of record for Plaintiff and Counter-Defendant MGA Entertainment,

4    Inc. and Counter-Defendants MGA Entertainment HK, Ltd., MGAE de Mexico

5    S.R.L. de C.V., and Isaac Larian ("MGA Parties").  Based on this representation, I

6    am familiar with the events, pleadings, and discovery in this action and, if called

7    upon as a witness, I could and would testify competently to the matters stated

8    herein of my own personal knowledge.  I make this declaration in support of MGA

9    Parties' Opposition to Motion to Compel Documents and Things in Response to

10   Mattel's First, Second, and Third Sets of Requests for Production of Documents to

11   MGA Mexico.

12   2.    Attached hereto as <u>Exhibit A</u> is a true and correct copy of Mattel,

13   Inc.'s Sixth Set of Requests for Documents and Things to MGA Entertainment, Inc.

14   dated December 12, 2007.

15   3.    Attached hereto as <u>Exhibit B</u> is a true and correct copy of Mattel,

16   Inc.'s Seventh Set of Requests for Documents and Things to MGA Entertainment,

17   Inc. dated January 22, 2008.

18   4.    Attached hereto as <u>Exhibit C</u> is a true and correct copy of a letter

19   from Jon Corey to Andrew Temkin dated February 4, 2008.

20   I declare under penalty of perjury under the laws of the United States

21   that the foregoing is true and correct, and that this declaration was executed this

22   22nd day of July, 2009, at Los Angeles, California.

23

24   _____

25   William A. Molinski

26

27

28

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Mattel, Inc.

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14            Plaintiff,                  Consolidated with
                                          Case No. CV 04-09059
15        vs.                             Case No. CV 05-02727

16  MATTEL, INC., a Delaware             MATTEL, INC.'S SIXTH SET OF
    corporation,                          REQUESTS FOR DOCUMENTS AND
17                                        THINGS TO MGA
            Defendant.                    ENTERTAINMENT, INC.
18

19  AND CONSOLIDATED CASES

20

21

22

23

24

25

26

27

28

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 2

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to these document requests ("Requests") and make available for inspection and copying originals of the following documents within 30 days of service at the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement responses to these requests at such times and to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

I.    **DEFINITIONS**

A.    ""YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc. and any PERSON acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to, current or former directors, officers, employees, agents, contractors, attorneys, accountants, or representatives of MGA Entertainment, Inc., and any current or former corporation, partnership, association, trust, parent, subsidiary, division, AFFILIATE, predecessor-in-interest and successor-in-interest of MGA Entertainment, Inc., and any other PERSON acting on its behalf.

B.    "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

C.    "NICKELODEON" means Nickelodeon, Inc., the cable television network carried on cable and satellite television systems, and any PERSON acting directly or indirectly by, through, under or on behalf of Nickelodeon, Inc., including but not limited to, current or former directors, officers, employees, agents, contractors, attorneys, accountants, or representatives of

k09/2323969.1

-2-
MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 3

1  Nickelodeon, Inc., and any current or former corporation, partnership, association,
2  trust, parent, subsidiary, division, AFFILIATE, predecessor-in-interest and
3  successor-in-interest of Nickelodeon, Inc., and any other PERSON acting on its
4  behalf.

5          D.    "ZAPF" means Zapf Creation AG and any PERSON acting
6  directly or indirectly by, through, under or on behalf of Zapf Creation AG, including
7  but not limited to, current or former directors, officers, employees, agents,
8  contractors, attorneys, accountants, or representatives of Zapf Creation AG, and any
9  current or former corporation, partnership, association, trust, parent, subsidiary,
10 division, AFFILIATE, predecessor-in-interest and successor-in-interest of Zapf
11 Creation AG, and any other PERSON acting on its behalf.

12         E.    "SMOBY" means Smoby Group and any PERSON acting
13 directly or indirectly by, through, under or on behalf of Smoby Group, including but
14 not limited to, current or former directors, officers, employees, agents, contractors,
15 attorneys, accountants, or representatives of Smoby Group, and any current or
16 former corporation, partnership, association, trust, parent, subsidiary, division,
17 AFFILIATE, predecessor-in-interest and successor-in-interest of Smoby Group, and
18 any other PERSON acting on its behalf.

19         F.    "CARU" means The Children's Advertising Review Unit and any
20 PERSON acting directly or indirectly by, through, under or on behalf of The
21 Children's Advertising Review Unit, including but not limited to, current or former
22 directors, officers, employees, agents, contractors, attorneys, accountants, or
23 representatives of The Children's Advertising Review Unit, and any current or
24 former corporation, partnership, association, trust, parent, subsidiary, division,
25 AFFILIATE, predecessor-in-interest and successor-in-interest of The Children's
26 Advertising Review Unit, and any other PERSON acting on its behalf.

27         G.    "BRATZ" means any project, product, doll or DESIGN ever
28 known by that name (whether in whole or in part and regardless of what such

'09/2323969.1

-3-
MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 4

1   project, product or doll is or has been also, previously or subsequently called) and

2   any product, doll or DESIGN or any portion thereof that is now or has ever been

3   known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

4   in part and regardless of what such product, doll or DESIGN or portion thereof is or

5   has been also, previously or subsequently called) or that is now or has ever been

6   sold or marketed as part of the "Bratz" line, and each version or iteration of such

7   product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or

8   DESIGNS or any portion thereof" also includes without limitation any names,

9   fashions, accessories, artwork, packaging or any other works, materials, matters or

10  items included or associated therewith.  Without limiting the generality of the

11  foregoing, the term "BRATZ" does not and shall not require that there be a doll,

12  product or three-dimensional embodiment existing at the time of the event, incident

13  or occurrence that is the subject of, or otherwise relevant or responsive to, the

14  Requests herein.

15          H.      "DESIGN" or "DESIGNS" means any and all representations,

16  whether two-dimensional or three-dimensional, and whether in tangible, digital,

17  electronic or other form, including but not limited to all works, designs, artwork,

18  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

19  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

20  practice, developments, inventions and/or improvements, as well as all other items,

21  things and DOCUMENTS in which any of the foregoing are or have been

22  expressed, embodied, contained, fixed or reflected in any manner, whether in whole

23  or in part.

24          I.      "DOCUMENT" or "DOCUMENTS" means all "writings" and

25  "recordings" as those terms are defined in Rule 1001 of the Federal Rules of

26  Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all

27  writings, including but not limited to, handwriting, typewriting, printing, image,

28  photograph, photocopy, digital file of any kind, transmittal by (or as an attachment

-4-

N09/2323969.1

1  to) electronic mail (including instant messages and text messages) or facsimile,

2  video and audio recordings, and every other means of recording upon any tangible

3  thing, any form of communication or representation, and any record thereby created,

4  regardless of the manner in which the record has been stored, and all non-identical

5  copies of such DOCUMENTS, in the possession, custody, or control of YOU,

6  YOUR counsel, or any other PERSON acting on YOUR behalf.

7       J.    "AFFILIATES" means any and all corporations, proprietorships,

8  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

9  indirectly, in whole or in part, own or control, are under common ownership or

10  control with, or are owned or controlled by a PERSON, party or entity, including

11  without limitation, each parent, subsidiary and joint venture of such PERSON, party

12  or entity.

13       K.    "IDENTIFY" or "IDENTITY" means the following:

14       (a)    With reference to an individual, means such individual's name,

15  current or last known business title, current or last known business affiliation,

16  current or last known relationship to YOU, current or last known residential and

17  business address, and current or last known telephone number.

18       (b)    With reference to an entity or entities, such entity's full name,

19  state (or country) of incorporation or organization, present or last known address,

20  and present or last known telephone number.

21       (c)    With reference to any other DOCUMENT or DOCUMENTS,

22  means the date, identity of the author, addressee(s), signatories, parties, or other

23  PERSONS identified therein, its present location or custodian and a description of

24  its contents.

25       (d)    With reference to an account with a bank or financial institution,

26  means the name and address of the bank or financial institution, the account

27  number(s) for or otherwise associated with such account and the name of each

28  holder, including without limitation, each beneficial holder, of each such account.

209/2323969.1

-5-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 6

L.    "RELATING," "RELATING TO," "REFERRING OR RELATING TO," or "REFER OR RELATE TO" means any and all of the following terms and their synonyms:  refer to, discuss, constitute, evidence, pertain to, mention, support, undermine, disprove, refute, contradict, negate, bear on, touch on, contain, embody, reflect, identify, state, deal with, concern, comment on, summarize, respond to, relate to, or describe.

M.    "PERSON," in the plural as well as the singular, means any natural person, association, partnership, corporation, joint venture, government entity, organization, trust, institution, proprietorship, or any other entity recognized as having an existence under the laws in the United States or any other nation.

N.    "COMMUNICATION," in the plural as well as the singular, means any transmittal and/or receipt of information, whether such was oral or written, and whether such was by chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, electronic mail (including instant messages and text messages), voicemail, letters, memoranda, statements, media releases, magazine and newspaper articles, and video and audio transmissions.

O.    The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

209/2323969.1

-6-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 7

## II.  INSTRUCTIONS

A.    YOU are to produce all requested DOCUMENTS in YOUR possession, custody or control.

B.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these Requests on the grounds of a privilege or protection that YOU are not prepared to waive, IDENTIFY each such DOCUMENT and provide the following information:

1.    the date and type of the DOCUMENT, the author(s) and all recipients;

2.    the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;

3.    the title and subject matter of the DOCUMENT;

4.    any additional facts on which YOU base YOUR claim of privilege or protection; and

5.    the IDENTITY of the current custodian of the original of the DOCUMENT.

C.    DOCUMENTS shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

D.    The DOCUMENTS should be produced in their complete and unaltered form.  Attachments to DOCUMENTS should not be removed.  The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance.  If emails are produced that had attachments, the attachments shall be attached when produced.

E.    DOCUMENTS in electronic form shall be produced in that form.

72323969.1

-7-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 8

F.     In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

1.     the date and type of the DOCUMENT, the author(s) and all recipients;

2.     the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;

3.     the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

4.     the PERSONS who were authorized to carry out such destruction or discard;

5.     the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and

6.     whether any copies of the DOCUMENT exist and, if so, the name of the custodian of each copy.

9/2323969.1

-8-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 9

## III.    REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL engaged in "efforts to undermine MGA's business and to 'kill' Bratz at any cost."

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that YOU contend prove or that YOU will rely on at trial to prove that MATTEL engaged in "efforts to undermine MGA's business and to 'kill' Bratz at any cost."

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO MATTEL'S success or failure in its alleged "efforts to undermine MGA's business and to 'kill' Bratz at any cost."

REQUEST FOR PRODUCTION NO. 4:

DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of YOUR allegation that MATTEL engaged in "efforts to undermine MGA's business."

9/2323969.1

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.
Exhibit A - Page 10

1  REQUEST FOR PRODUCTION NO. 5:

2      DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge

3  of YOUR allegation that MATTEL engaged in "efforts to . . . 'kill' Bratz at any

4  cost."

5

6  REQUEST FOR PRODUCTION NO. 6:

7      DOCUMENTS describing all time periods during which MATTEL

8  allegedly engaged in "efforts to undermine MGA's business and to 'kill' Bratz at any

9  cost."

10

11  REQUEST FOR PRODUCTION NO. 7:

12      All DOCUMENTS, including but not limited to all

13  COMMUNICATIONS with any PERSON, RELATING to YOUR actions in

14  response to or efforts to stop, thwart, prevent or interfere with MATTEL'S alleged

15  "efforts to undermine MGA's business and to 'kill' Bratz at any cost."

16

17  REQUEST FOR PRODUCTION NO. 8:

18      All DOCUMENTS, including but not limited to all

19  COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury,

20  increased expense, lost revenue or profits, or any other damage caused to YOU by

21  MATTEL'S alleged "efforts to undermine MGA's business and to 'kill' Bratz at any

22  cost."

23

24  REQUEST FOR PRODUCTION NO. 9:

25      All DOCUMENTS, including but not limited to all

26  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

27  efforts to tarnish, soil, debase, degrade or undermine MATTEL's reputation or

28  business.

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 11

1  REQUEST FOR PRODUCTION NO. 10:

2          All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

4  efforts to tarnish, soil, debase, degrade or undermine MATTEL's products.

5

6  REQUEST FOR PRODUCTION NO. 11:

7          All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOU

9  successfully tarnishing, soiling, debasing, degrading or undermining MATTEL's

10  reputation or business.

11

12  REQUEST FOR PRODUCTION NO. 12:

13          All DOCUMENTS, including but not limited to all

14  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOU

15  successfully tarnishing, soiling, debasing, degrading or undermining MATTEL's

16  products.

17

18  REQUEST FOR PRODUCTION NO. 13:

19          All DOCUMENTS, including but not limited to all

20  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

21  allegation that MATTEL engaged in "efforts to create negative publicity or press

22  about MGA, MGA products, Bryant, Larian, or MGA employees."

23

24  REQUEST FOR PRODUCTION NO. 14:

25          All DOCUMENTS, including but not limited to all

26  COMMUNICATIONS with any PERSON, that YOU contend prove or that YOU

27  will rely on at trial to prove that MATTEL engaged in "efforts to create negative

28

I9/2323969.1

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 12

1  publicity or press about MGA, MGA products, Bryant, Larian, or MGA

2  employees."

3

4  REQUEST FOR PRODUCTION NO. 15:

5          DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge

6  of YOUR allegation that MATTEL engaged in "efforts to create negative publicity

7  or press about MGA, MGA products, Bryant, Larian, or MGA employees."

8

9  REQUEST FOR PRODUCTION NO. 16:

10         DOCUMENTS describing all time periods during which MATTEL

11 allegedly engaged in "efforts to create negative publicity or press about MGA, MGA

12 products, Bryant, Larian, or MGA employees."

13

14 REQUEST FOR PRODUCTION NO. 17:

15         All DOCUMENTS that are, contain, reference, embody or otherwise

16 reflect each instance of alleged "negative publicity or press about MGA, MGA

17 products, Bryant, Larian or MGA employees," that YOU contend MATTEL created

18 or engaged in efforts to create.

19

20 REQUEST FOR PRODUCTION NO. 18:

21         All DOCUMENTS that YOU contend prove or tend to prove that any

22 alleged "negative publicity or press about MGA, MGA products, Bryant, Larian or

23 MGA employees" was false.

24

25 REQUEST FOR PRODUCTION NO. 19:

26         All DOCUMENTS that YOU contend prove or tend to prove, for each

27 instance of allegedly "negative publicity or press about MGA, MGA products,

28

09/2323969.1

-12-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 13

1  Bryant, Larian or MGA employees," that MATTEL knew or should have known
2  that such negative publicity or press was false.
3
4  REQUEST FOR PRODUCTION NO. 20:
5          All DOCUMENTS, including but not limited to all
6  COMMUNICATIONS with any PERSON, RELATING to YOUR actions in
7  response to, or efforts to stop, thwart, prevent, interfere with or counter, MATTEL'S
8  alleged "efforts to create negative publicity or press about MGA, MGA products,
9  Bryant, Larian, or MGA employees."
10
11  REQUEST FOR PRODUCTION NO. 21:
12          All DOCUMENTS, including but not limited to all
13  COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury,
14  increased expense, lost revenue or profits, or any other damage caused to YOU by
15  MATTEL'S alleged "efforts to create negative publicity or press about MGA, MGA
16  products, Bryant, Larian, or MGA employees."
17
18  REQUEST FOR PRODUCTION NO. 22:
19          All DOCUMENTS, including but not limited to all
20  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO
21  MATTEL'S success or failure in its alleged "efforts to create negative publicity or
22  press about MGA, MGA products, Bryant, Larian, or MGA employees."
23
24  REQUEST FOR PRODUCTION NO. 23:
25          All DOCUMENTS, including but not limited to all
26  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR
27  efforts to create negative publicity or press about MATTEL, any MATTEL product
28  or any MATTEL employee.

-13-

09/2323969.1

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 14

REQUEST FOR PRODUCTION NO. 24:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOU successfully portraying MATTEL negatively or unfavorably by creating negative publicity or press about MATTEL, any MATTEL product or any MATTEL employee.

REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL engaged in "efforts to fund or commission market research or studies that portray Bratz or MGA products negatively."

REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that YOU contend prove or that YOU will rely on at trial to prove that MATTEL engaged in "efforts to fund or commission market research or studies that portray Bratz or MGA products negatively."

REQUEST FOR PRODUCTION NO. 27:

DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of YOUR allegation that MATTEL engaged in "efforts to fund or commission market research or studies that portray Bratz or MGA products negatively."

1  REQUEST FOR PRODUCTION NO. 28:

2          DOCUMENTS describing all time periods during which MATTEL

3  allegedly engaged in "efforts to fund or commission market research or studies that

4  portray Bratz or MGA products negatively."

5

6  REQUEST FOR PRODUCTION NO. 29:

7          All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, RELATING to YOUR actions in

9  response to, or efforts to stop, thwart, prevent, counter or mitigate, MATTEL'S

10  alleged "efforts to fund or commission market research or studies that portray Bratz

11  or MGA products negatively."

12

13  REQUEST FOR PRODUCTION NO. 30:

14          All DOCUMENTS, including but not limited to all

15  COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury,

16  increased expense, lost revenue or profits, or any other damages that MATTEL'S

17  alleged "efforts to fund or commission market research or studies that portray Bratz

18  or MGA products negatively" caused to YOU.

19

20  REQUEST FOR PRODUCTION NO. 31:

21          All DOCUMENTS, including but not limited to all

22  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO

23  MATTEL'S success or failure in its alleged "efforts to fund or commission market

24  research or studies that portray Bratz or MGA products negatively.

25

26  REQUEST FOR PRODUCTION NO. 32:

27          All DOCUMENTS that are, contain, reference, embody or otherwise

28  reflect each instance of "market research or studies that portray Bratz or MGA

19/2323969.1

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 16

1   products negatively," that YOU contend MATTEL funded or commissioned or

2   engaged in efforts to fund or commission.

3

4   REQUEST FOR PRODUCTION NO. 33:

5           All DOCUMENTS that YOU contend prove or tend to prove that any

6   alleged "market research or stud[y] [funded or commissioned by MATTEL] that

7   portray[ed] Bratz or MGA products negatively" was false.

8

9   REQUEST FOR PRODUCTION NO. 34:

10          All DOCUMENTS that YOU contend prove or tend to prove, for each

11  instance of alleged "market research or stud[y] that portray[ed] Bratz or MGA

12  products negatively," that MATTEL knew or should have known that such negative

13  market research or study was false.

14

15  REQUEST FOR PRODUCTION NO. 35:

16          All DOCUMENTS, including but not limited to all

17  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO any

18  alleged market research or study by any PERSON other than MATTEL that

19  portrayed BRATZ or MGA products negatively or unfavorably.

20

21  REQUEST FOR PRODUCTION NO. 36:

22          All DOCUMENTS that REFER OR RELATE TO any negative

23  commentary, market research or study that REFERS OR RELATES TO BRATZ or

24  any MGA product by any PERSON other than MATTEL.

25

26  REQUEST FOR PRODUCTION NO. 37:

27          All DOCUMENTS that REFER OR RELATE TO the cause or source

28  of any negative commentary, market research or study that REFERS OR RELATES

209/2323969.1

-16-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 17

1  TO BRATZ or any MGA product by any person other than MATTEL, including
2  without limitation, all such DOCUMENTS that REFER OR RELATE TO the loss,
3  harm, injury, increased expense, lost revenue or profits or any other damage that
4  such negative commentary, market research or study caused to YOU.

6  REQUEST FOR PRODUCTION NO. 38:
7        All DOCUMENTS, including but not limited to all
8  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR
9  efforts to fund or commission market research or studies that portray MATTEL
10  negatively or unfavorably.

12  REQUEST FOR PRODUCTION NO. 39:
13        All DOCUMENTS, including but not limited to all
14  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR
15  portraying MATTEL negatively or unfavorably by funding or commissioning
16  market research or studies.

18  REQUEST FOR PRODUCTION NO. 40:
19        All DOCUMENTS, including but not limited to all
20  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR
21  efforts to fund or commission market research or studies that portray MATTEL
22  products negatively or unfavorably.

24  REQUEST FOR PRODUCTION NO. 41:
25        All DOCUMENTS, including but not limited to all
26  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOU
27  successfully portraying MATTEL products negatively or unfavorably by funding or
28  commissioning market research or studies.

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL engaged in "efforts to interfere with MGA's acquisition of or investment in [ZAPF]."

REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that YOU contend prove or that YOU will rely on at trial to prove that MATTEL engaged in "efforts to interfere with MGA's acquisition of or investment in [ZAPF]."

REQUEST FOR PRODUCTION NO. 44:

DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of YOUR allegation that MATTEL engaged in "efforts to interfere with MGA's acquisition of or investment in [ZAPF]."

REQUEST FOR PRODUCTION NO. 45:

DOCUMENTS describing all time periods during which MATTEL allegedly engaged in "efforts to interfere with MGA's acquisition of or investment in [ZAPF]."

REQUEST FOR PRODUCTION NO. 46:

All DOCUMENTS that REFER OR RELATE TO the acquisition of or investment in ZAPF.

109/2323969.1

-18-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 19

1  REQUEST FOR PRODUCTION NO. 47:

2          All DOCUMENTS sufficient to show the IDENTITY of the PERSONS

3  who advised, financed, brokered, opined, negotiated or consulted on YOUR behalf

4  of, or on behalf of any of YOUR AFFILIATES, in connection with the acquisition

5  of or investment in ZAPF, including but not limited to, investment bankers, lenders,

6  financial institutions, lawyers, accountants, auditors, actuaries, syndicates, brokers,

7  securities advisors and their agents.

8

9  REQUEST FOR PRODUCTION NO. 48:

10          All COMMUNICATIONS between YOU and the PERSONS who

11  advised, financed, brokered, opined, negotiated or consulted on YOUR behalf of, or

12  on behalf of any of YOUR AFFILIATES, in connection with the acquisition of or

13  investment in ZAPF, including but not limited to, investment bankers, lenders,

14  financial institutions, lawyers, accountants, auditors, actuaries, syndicates, brokers,

15  securities advisors and their agents.

16

17  REQUEST FOR PRODUCTION NO. 49:

18          All contracts, agreements, undertakings, notices, representations,

19  opinions, loan agreements and notes that REFER OR RELATE TO the acquisition

20  of or investment in ZAPF and all COMMUNICATIONS that REFER OR RELATE

21  thereto, including but not limited to, drafts thereof.

22

23  REQUEST FOR PRODUCTION NO. 50:

24          All DOCUMENTS that REFER OR RELATE TO the closing

25  transaction of the acquisition of or investment in ZAPF, including but not limited to,

26  drafts thereof.

27

28

1    REQUEST FOR PRODUCTION NO. 51:

2           DOCUMENTS sufficient to IDENTIFY the PERSON or PERSONS

3    who acquired or invested in ZAPF at any time since April 28, 2004.

4

5    REQUEST FOR PRODUCTION NO. 52:

6           All COMMUNICATIONS between YOU or YOUR AFFILIATES and

7    any regulatory body or agency, including but not limited to, government regulators,

8    with responsibility or oversight authority for the acquisition of or investment in

9    ZAPF.

10

11   REQUEST FOR PRODUCTION NO. 53:

12          DOCUMENTS sufficient to IDENTIFY the PERSON or PERSONS

13   who possess or have possessed an interest in ZAPF at any time since April 28, 2004.

14

15   REQUEST FOR PRODUCTION NO. 54:

16          DOCUMENTS that YOU contend show or tend to show how

17   MATTEL allegedly engaged in "efforts to interfere with MGA's acquisition of or

18   investment in [ZAPF]."

19

20   REQUEST FOR PRODUCTION NO. 55:

21          All DOCUMENTS, including but not limited to all

22   COMMUNICATIONS with any PERSON, RELATING to YOUR actions in

23   response to, or efforts to stop, thwart, prevent, counter or mitigate, MATTEL'S

24   alleged "efforts to interfere with MGA's acquisition of or investment in [ZAPF]."

25

26   REQUEST FOR PRODUCTION NO. 56:

27          All DOCUMENTS, including but not limited to all

28   COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury,

'209/2323969.1

-20-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 21

1  increased expense, lost revenue or profits, or any other damage that MATTEL'S

2  alleged "efforts to interfere with MGA's acquisition of or investment in [ZAPF]"

3  caused to YOU, including but not limited to, increase in price or costs from delay.

4

5  REQUEST FOR PRODUCTION NO. 57:

6          All DOCUMENTS, including but not limited to all

7  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO

8  MATTEL'S success or failure in its alleged "efforts to interfere with MGA's

9  acquisition of or investment in [ZAPF]."

10

11  REQUEST FOR PRODUCTION NO. 58:

12          All DOCUMENTS, including but not limited to all

13  COMMUNICATIONS with any PERSON, RELATING to efforts to acquire or

14  invest in ZAPF.

15

16  REQUEST FOR PRODUCTION NO. 59:

17          DOCUMENTS sufficient to show the amount paid to acquire or invest

18  in ZAPF.

19

20  REQUEST FOR PRODUCTION NO. 60:

21          DOCUMENTS sufficient to IDENTIFY the source of funds used to

22  acquire or invest in ZAPF.

23

24  REQUEST FOR PRODUCTION NO. 61:

25          DOCUMENTS sufficient to IDENTIFY the PERSONS at MATTEL

26  who allegedly engaged in "efforts to interfere with MGA's acquisition of or

27  investment in [ZAPF]."

28

209/2323969.1

-21-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 22

1    REQUEST FOR PRODUCTION NO. 62:

2          All DOCUMENTS that REFER OR RELATE TO the actual sales,

3    gross profits, gross margins and net profits of ZAPF since January 1, 1999.

4

5    REQUEST FOR PRODUCTION NO. 63:

6          All DOCUMENTS that REFER OR RELATE TO projected or

7    anticipated sales, gross profits, gross margins and net profits of ZAPF since January

8    1, 1999.

9

10   REQUEST FOR PRODUCTION NO. 64:

11         All DOCUMENTS that REFER OR RELATE TO the actual sales,

12   gross profits, gross margins and net profits of MGA since January 1, 1998.

13

14   REQUEST FOR PRODUCTION NO. 65:

15         All DOCUMENTS that REFER OR RELATE TO projected or

16   anticipated sales, gross profits, gross margins and net profits of MGA since January

17   1, 1998.

18

19   REQUEST FOR PRODUCTION NO. 66:

20         All DOCUMENTS, including but not limited to all

21   COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

22   efforts to interfere with MATTEL's acquisition or potential acquisition of any

23   corporation or entity.

24

25   REQUEST FOR PRODUCTION NO. 67:

26         All DOCUMENTS, including but not limited to all

27   COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

28

209/2323969.1

-22-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 23

1  efforts to interfere with MATTEL's investment or potential investment in any
2  corporation or entity.

3

4  <u>REQUEST FOR PRODUCTION NO. 68</u>:
5      All DOCUMENTS, including but not limited to all
6  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOU
7  successfully interfering with MATTEL's acquisition or potential acquisition of any
8  corporation or entity.

9

10  <u>REQUEST FOR PRODUCTION NO. 69</u>:
11      All DOCUMENTS, including but not limited to, all
12  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOU
13  successfully interfering with MATTEL's investment or potential investment in any
14  corporation or entity.

15

16  <u>REQUEST FOR PRODUCTION NO. 70</u>:
17      All DOCUMENTS, including but not limited to, all
18  COMMUNICATIONS with any PERSON, that REFER OR RELATE to any
19  acquisition or potential acquisition or investment or potential investment by
20  MATTEL of or in any corporation or entity, before such acquisition, potential
21  acquisition or investment or potential investment was publicly known, revealed or
22  disclosed.

23

24  <u>REQUEST FOR PRODUCTION NO. 71</u>:
25      All DOCUMENTS, including but not limited to all
26  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR
27  allegation that MATTEL engaged in "efforts to include negative references to MGA
28  or Bratz on Mattel's 'We Believe in Girls' website."

-23-

REQUEST FOR PRODUCTION NO. 72:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that YOU contend prove or that YOU will rely on at trial to prove that MATTEL engaged in "efforts to include negative references to MGA or Bratz on Mattel's 'We Believe in Girls' website."

REQUEST FOR PRODUCTION NO. 73:

All DOCUMENTS that are, contain, reference, embody or otherwise reflect each instance of "[a] negative reference[] to MGA or Bratz on Mattel's 'We Believe in Girls' website" that YOU contend MATTEL engaged in "efforts to include."

REQUEST FOR PRODUCTION NO. 74:

DOCUMENTS sufficient to IDENTIFY all PERSONS at MATTEL who allegedly engaged in "efforts to include negative references to MGA or Bratz on Mattel's 'We Believe in Girls' website."

REQUEST FOR PRODUCTION NO. 75:

All DOCUMENTS that YOU contend prove or tend to prove that any alleged "negative reference[] to MGA or Bratz on Mattel's 'We Believe in Girls' website" was false.

REQUEST FOR PRODUCTION NO. 76:

All DOCUMENTS that YOU contend prove or tend to prove, for each allegedly "negative reference[] to MGA or Bratz on Mattel's 'We Believe in Girls' website," that MATTEL knew or should have known that such negative reference was false.

!09/2323969.1

-24-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 25

**REQUEST FOR PRODUCTION NO. 77**:

DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of YOUR allegation that MATTEL engaged in "efforts to include negative references to MGA or Bratz on Mattel's 'We Believe in Girls' website."

**REQUEST FOR PRODUCTION NO. 78**:

DOCUMENTS describing all time periods during which MATTEL allegedly engaged in "efforts to include negative references to MGA or Bratz on Mattel's 'We Believe in Girls' website."

**REQUEST FOR PRODUCTION NO. 79**:

DOCUMENTS sufficient to IDENTIFY all PERSONS who have monitored, reviewed, examined, analyzed, or looked at MATTEL'S 'We Believe in Girls' website, on YOUR behalf or at YOUR request.

**REQUEST FOR PRODUCTION NO. 80**:

DOCUMENTS sufficient to describe how YOU learned that MATTEL allegedly engaged in "efforts to include negative references to MGA or Bratz on Mattel's 'We Believe in Girls' website."

**REQUEST FOR PRODUCTION NO. 81**:

DOCUMENTS sufficient to IDENTIFY all PERSONS who subscribe to, or are members of, MATTEL's 'We Believe in Girls' website, on YOUR behalf or at YOUR request.

**REQUEST FOR PRODUCTION NO. 82**:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING to YOUR actions in

1    response to, or efforts to stop, thwart, prevent, counter or refute, MATTEL'S alleged

2    "efforts to include negative references to MGA or Bratz on Mattel's 'We Believe in

3    Girls' website."

4

5    <u>REQUEST FOR PRODUCTION NO. 83:</u>

6          DOCUMENTS sufficient to IDENTIFY all PERSONS who

7    complained to MATTEL on YOUR behalf, or at YOUR request, about MATTEL'S

8    alleged "efforts to include negative references to MGA or Bratz on Mattel's 'We

9    Believe in Girls' website."

10

11    <u>REQUEST FOR PRODUCTION NO. 84:</u>

12          All DOCUMENTS, including but not limited to all

13    COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury,

14    increased expense, lost revenue or profits, or any other damage that MATTEL'S

15    alleged "efforts to include negative references to MGA or Bratz on Mattel's 'We

16    Believe in Girls' website" caused to YOU.

17

18    <u>REQUEST FOR PRODUCTION NO. 85:</u>

19          All DOCUMENTS, if any, that YOU contend prove or tend to prove

20    that alleged "negative references to MGA or Bratz on Mattel's 'We Believe in Girls'

21    website" were posted by MATTEL and not by third parties.

22

23    <u>REQUEST FOR PRODUCTION NO. 86:</u>

24          All DOCUMENTS, including but not limited to all

25    COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

26    engaging in efforts to include negative or unfavorable references to MATTEL on

27    any website.

28

-26-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 27

1  REQUEST FOR PRODUCTION NO. 87:

2        All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

4  engaging in efforts to include negative or unfavorable references to MATTEL

5  products on any website.

6

7  REQUEST FOR PRODUCTION NO. 88:

8        All DOCUMENTS, including but not limited to all

9  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

10 engaging in efforts to include negative or unfavorable references to MATTEL

11 employees on any website.

12

13 REQUEST FOR PRODUCTION NO. 89:

14       All DOCUMENTS that support any contention by YOU that

15 MATTEL'S acts that are the subject of any alleged defense of YOURS, including

16 without limitation, YOUR alleged "unclean hands" defense, is not barred, in whole

17 or in part, by the Communications Decency Act.

18

19 REQUEST FOR PRODUCTION NO. 90:

20       All DOCUMENTS that support any contention by YOU that

21 MATTEL'S acts that are the subject of any alleged defense of YOURS, including

22 without limitation, YOUR alleged "unclean hands" defense, is not barred, in whole

23 or in part, by the First Amendment to the United States Constitution.

24

25 REQUEST FOR PRODUCTION NO. 91:

26       All DOCUMENTS, including but not limited to all

27 COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

28

09/2323969.1

-27-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 28

1 | allegation that MATTEL engaged in "efforts or inten[ded] to interfere with business
2 | dealings or contractual relations between MGA and [SMOBY]."

3 |

4 | REQUEST FOR PRODUCTION NO. 92:

5 | All DOCUMENTS, including but not limited to all

6 | COMMUNICATIONS with any PERSON, that YOU contend prove or that YOU

7 | will rely on at trial to prove that MATTEL engaged in "efforts or inten[ded] to

8 | interfere with business dealings or contractual relations between MGA and

9 | [SMOBY]."

10 |

11 | REQUEST FOR PRODUCTION NO. 93:

12 | DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge

13 | of YOUR allegation that MATTEL engaged in "efforts or inten[ded] to interfere

14 | with business dealings or contractual relations between MGA and [SMOBY]."

15 |

16 | REQUEST FOR PRODUCTION NO. 94:

17 | DOCUMENTS describing the time periods during which MATTEL

18 | allegedly engaged in "efforts . . . to interfere with business dealings or contractual

19 | relations between MGA and [SMOBY]."

20 |

21 | REQUEST FOR PRODUCTION NO. 95:

22 | DOCUMENTS sufficient to IDENTIFY the PERSONS at MATTEL

23 | who allegedly engaged in "efforts . . . to interfere with business dealings or

24 | contractual relations between MGA and [SMOBY]."

25 |

26 | REQUEST FOR PRODUCTION NO. 96:

27 | All DOCUMENTS that REFER OR RELATE TO the "business

28 | dealings or contractual relations between MGA and [SMOBY]."

09/2323969.1

-28-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 29

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS sufficient to show the IDENTITY of the PERSONS who advised, financed, brokered, opined, negotiated or consulted on YOUR behalf of, or on behalf of any of YOUR AFFILIATES, in connection with the "business dealings or contractual relations between MGA and [SMOBY]," including but not limited to, investment bankers, lenders, financial institutions, lawyers, accountants, auditors, actuaries, syndicates, brokers, securities advisors and their agents.

**REQUEST FOR PRODUCTION NO. 98:**

All COMMUNICATIONS between YOU and the PERSONS who advised, financed, brokered, opined, negotiated or consulted on YOUR behalf of, or on behalf of any of YOUR AFFILIATES, in connection with the "business dealings or contractual relations between MGA and [SMOBY]," including but not limited to, investment bankers, lenders, financial institutions, lawyers, accountants, auditors, actuaries, syndicates, brokers, securities advisors and their agents.

**REQUEST FOR PRODUCTION NO. 99:**

All contracts, agreements, undertakings, notices, representations, opinions and notes that REFER OR RELATE TO "business dealings or contractual relations between MGA and [SMOBY]" and all COMMUNICATIONS that REFER OR RELATE thereto, including but not limited to, drafts thereof.

**REQUEST FOR PRODUCTION NO. 100:**

All COMMUNICATIONS between YOU or YOUR AFFILIATES and any regulatory body or agency, including, but not limited to government regulators, with responsibility or oversight authority over SMOBY or the "business dealings or contractual relations between MGA and [SMOBY]."

REQUEST FOR PRODUCTION NO. 101:

DOCUMENTS that YOU contend show or tend to show how MATTEL allegedly engaged in "efforts or inten[ded] to interfere with business dealings or contractual relations between MGA and [SMOBY]."

REQUEST FOR PRODUCTION NO. 102:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING to YOUR actions in response to, or efforts to stop, thwart, prevent, counter or mitigate, MATTEL'S alleged "efforts or intent to interfere with business dealings or contractual relations between MGA and [SMOBY]."

REQUEST FOR PRODUCTION NO. 103:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury, increased expense, lost revenue or profits, or any other damage that MATTEL'S alleged "efforts or intent to interfere with business dealings or contractual relations between MGA and [SMOBY]" caused to YOU.

REQUEST FOR PRODUCTION NO. 104:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO MATTEL'S success or failure in its alleged "efforts or intent to interfere with business dealings or contractual relations between MGA and [SMOBY]."

09/2323969.1

Exhibit A - Page 31

1  REQUEST FOR PRODUCTION NO. 105:

2        All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, RELATING to YOUR business dealings

4  or contractual relations with SMOBY.

5

6  REQUEST FOR PRODUCTION NO. 106:

7        All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, RELATING to YOUR contracts or

9  agreements with SMOBY.

10

11  REQUEST FOR PRODUCTION NO. 107:

12        DOCUMENTS sufficient to show the dates and amounts of all moneys

13  YOU paid to SMOBY.

14

15  REQUEST FOR PRODUCTION NO. 108:

16        All DOCUMENTS that REFER OR RELATE TO the actual sales,

17  gross profits, gross margins and net profits of SMOBY since January 1, 1999.

18

19  REQUEST FOR PRODUCTION NO. 109:

20        All DOCUMENTS that REFER OR RELATE TO projected or

21  anticipated sales, gross profits, gross margins and net profits of SMOBY since

22  January 1, 1999.

23

24  REQUEST FOR PRODUCTION NO. 110:

25        All DOCUMENTS, including without limitation all

26  COMMUNICATIONS, that REFER OR RELATE TO YOUR funding of, or YOUR

27  payment or promised or scheduled payment of money to or on behalf of, SMOBY,

28

09/2323969.1

-31-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 32

1    including without limitation, any failure on YOUR part to make any payments to

2    any administrator or trustee for SMOBY when such payment was due.

3

4    REQUEST FOR PRODUCTION NO. 111:

5            All DOCUMENTS, including but not limited to all

6    COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

7    efforts to interfere with MATTEL's business dealings with any corporation or entity.

8

9    REQUEST FOR PRODUCTION NO. 112:

10            All DOCUMENTS, including but not limited to all

11    COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

12    efforts to interfere with MATTEL's contractual relations with any corporation or

13    entity.

14

15    REQUEST FOR PRODUCTION NO. 113:

16            All DOCUMENTS, including but not limited to all

17    COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOU

18    successfully interfering with MATTEL's business dealings with any corporation or

19    entity.

20

21    REQUEST FOR PRODUCTION NO. 114:

22            All DOCUMENTS, including but not limited to all

23    COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOU

24    successfully interfering with MATTEL's contractual relations with any corporation

25    or entity.

26

27

28

09/2323969.1

-32-
MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 33

1  REQUEST FOR PRODUCTION NO. 115:

2         All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO any loss,

4  decrease in revenues or profits, damage or injury YOU have incurred or suffered

5  from any cause or source in connection with YOUR business dealings or contractual

6  relations with SMOBY.

7

8  REQUEST FOR PRODUCTION NO. 116:

9         All DOCUMENTS, including but not limited to all

10 COMMUNICATIONS with any PERSON, that REFER OR RELATE TO any

11 profit, increase in revenues or gain YOU have received from any cause or source in

12 connection with YOUR business dealings or contractual relations with SMOBY.

13

14 REQUEST FOR PRODUCTION NO. 117:

15        All DOCUMENTS, including but not limited to all

16 COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

17 allegation that MATTEL "influenc[ed] Nickelodeon to reject MGA advertisements

18 or to limit time slots for advertisements."

19

20 REQUEST FOR PRODUCTION NO. 118:

21        All DOCUMENTS, including but not limited to all

22 COMMUNICATIONS with any PERSON, that YOU contend prove or that YOU

23 will rely on at trial to prove that MATTEL "influenc[ed] Nickelodeon to reject

24 MGA advertisements or to limit time slots for advertisements."

25

26

27

28

09/2323969.1

-33-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 34

1  REQUEST FOR PRODUCTION NO. 119:

2          DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge

3  of YOUR allegation that MATTEL "influenc[ed] Nickelodeon to reject MGA

4  advertisements."

5

6  REQUEST FOR PRODUCTION NO. 120:

7          DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge

8  of YOUR allegation that MATTEL "influenc[ed] Nickelodeon to . . . to limit time

9  slots for [MGA] advertisements."

10

11  REQUEST FOR PRODUCTION NO. 121:

12          DOCUMENTS describing all time periods during which MATTEL

13  allegedly "influenc[ed] Nickelodeon to reject MGA advertisements or to limit time

14  slots for advertisements."

15

16  REQUEST FOR PRODUCTION NO. 122:

17          DOCUMENTS sufficient to IDENTIFY each "MGA advertisement[]"

18  that NICKELODEON allegedly "rejected[ed]" based on influence from MATTEL.

19

20  REQUEST FOR PRODUCTION NO. 123:

21          Copies of all "MGA advertisements" that NICKELODEON allegedly

22  "rejected[ed]" based on influence from MATTEL.

23

24  REQUEST FOR PRODUCTION NO. 124:

25          DOCUMENTS sufficient to IDENTIFY the product or products

26  depicted in each "MGA advertisement[]" that NICKELODEON allegedly

27  "rejected[ed]" based on influence from MATTEL.

28

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

1   REQUEST FOR PRODUCTION NO. 125:

2          DOCUMENTS sufficient to IDENTIFY each "MGA advertisement[]"

3   for which NICKELODEON allegedly "limit[ed] time slots" based on influence from

4   MATTEL.

5

6   REQUEST FOR PRODUCTION NO. 126:

7          Copies of all "MGA advertisements" for which NICKELODEON

8   allegedly "limit[ed] time slots" based on influence from MATTEL.

9

10   REQUEST FOR PRODUCTION NO. 127:

11          DOCUMENTS sufficient to IDENTIFY the product or products

12   depicted in each "MGA advertisement[]" for which NICKELODEON allegedly

13   "limit[ed] time slots" based on influence from MATTEL.

14

15   REQUEST FOR PRODUCTION NO. 128:

16          All advertisements aired or shown on NICKELODEON for each

17   product depicted in each "MGA advertisement[]" allegedly "rejected[ed]"by

18   NICKELODEON based on influence from MATTEL.

19

20   REQUEST FOR PRODUCTION NO. 129:

21          All advertisements aired or shown on NICKELODEON for each

22   product depicted in each "MGA advertisement[]" for which NICKELODEON

23   allegedly "limit[ed] time slots" based on influence from MATTEL.

24

25   REQUEST FOR PRODUCTION NO. 130:

26          All advertisements aired or shown on any network or any other

27   television outlet, other than NICKELODEON, for each product depicted in each

28

09/2323969.1

-35-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 36

1  "MGA advertisement[]" allegedly "rejected[ed]" by NICKELODEON based on
2  influence from MATTEL.
3
4  REQUEST FOR PRODUCTION NO. 131:
5          All advertisements aired or shown on any network or any other
6  television outlet, other than NICKELODEON, for each product depicted in each
7  "MGA advertisement[]" for which NICKELODEON allegedly "limit[ed] time slots"
8  based on influence from MATTEL.
9
10  REQUEST FOR PRODUCTION NO. 132:
11          All print advertisements for each product depicted in each "MGA
12  advertisement[]" allegedly "rejected[ed]" by NICKELODEON based on influence
13  from MATTEL.
14
15  REQUEST FOR PRODUCTION NO. 133:
16          All print advertisements for each product depicted in each "MGA
17  advertisement[]" for which NICKELODEON allegedly "limit[ed] time slots" based
18  on influence from MATTEL.
19
20  REQUEST FOR PRODUCTION NO. 134:
21          DOCUMENTS describing all time periods during which YOU
22  advertised each product depicted in each "MGA advertisement[]" allegedly
23  "rejected[ed]" by NICKELODEON based on influence from MATTEL, including
24  but not limited to, the dates of the first and last advertisements.
25
26  REQUEST FOR PRODUCTION NO. 135:
27          DOCUMENTS describing all time periods during which YOU
28  advertised each product depicted in each "MGA advertisement[]" for which

9/2323969.1

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 37

1   NICKELODEON allegedly "limit[ed] time slots" based on influence from

2   MATTEL, including but not limited to, the dates of the first and last advertisements.

3

4   REQUEST FOR PRODUCTION NO. 136:

5          All DOCUMENTS, including but not limited to all

6   COMMUNICATIONS with any PERSON, that REFER OR RELATE TO any

7   network's or other television outlet's acceptance or rejection of any "MGA

8   advertisement[]" that NICKELODEON allegedly "rejected[ed]" based on influence

9   from MATTEL.

10

11   REQUEST FOR PRODUCTION NO. 137:

12          All DOCUMENTS, including but not limited to all

13   COMMUNICATIONS with any PERSON, that REFER OR RELATE TO any

14   network's or other television outlet's limitation of time slots for any "MGA

15   advertisement[]" for which NICKELODEON allegedly "limit[ed] time slots" based

16   on influence from MATTEL.

17

18   REQUEST FOR PRODUCTION NO. 138:

19          ALL DOCUMENTS that REFER OR RELATE TO the costs,

20   including without limitation, the production costs, for any "MGA advertisement[]"

21   that NICKELODEON allegedly "reject[ed]" based on influence from MATTEL.

22

23   REQUEST FOR PRODUCTION NO. 139:

24          ALL DOCUMENTS that REFER OR RELATE TO the costs,

25   including without limitation, the production costs, for any "MGA advertisement[]"

26   for which NICKELODEON allegedly "limit[ed] time slots" based on influence from

27   MATTEL.

28

9/2323969.1

-37-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 38

1    REQUEST FOR PRODUCTION NO. 140:

2          ALL DOCUMENTS that REFER OR RELATE TO the airing on any

3    network or other television outlet of any "MGA advertisement[]" that

4    NICKELODEON allegedly "reject[ed]" based on influence from MATTEL.

5

6    REQUEST FOR PRODUCTION NO. 141:

7          ALL DOCUMENTS that REFER OR RELATE TO the airing on any

8    network or other television outlet of any "MGA advertisement[]" for which

9    NICKELODEON allegedly "limit[ed] time slots" based on influence from

10   MATTEL.

11

12   REQUEST FOR PRODUCTION NO. 142:

13         ALL DOCUMENTS that REFER OR RELATE TO any focus group,

14   market research or study of any "MGA advertisement[]" that NICKELODEON

15   allegedly "reject[ed]" based on influence from MATTEL.

16

17   REQUEST FOR PRODUCTION NO. 143:

18         ALL DOCUMENTS that REFER OR RELATE TO any focus group,

19   market research or study of any "MGA advertisement[]" for which

20   NICKELODEON allegedly "limit[ed] time slots" based on influence from

21   MATTEL.

22

23   REQUEST FOR PRODUCTION NO. 144:

24         ALL DOCUMENTS that REFER OR RELATE TO any comments by

25   any PERSON on any "MGA advertisement[]" that NICKELODEON allegedly

26   "reject[ed]" based on influence from MATTEL, including without limitation, on the

27   quality, suitability, appropriateness, production values, aesthetics, appearance,

28   persuasiveness or attractiveness of the advertisement.

1   REQUEST FOR PRODUCTION NO. 145:

2        ALL DOCUMENTS that REFER OR RELATE TO any comments by

3   any PERSON on any "MGA advertisement[]" for which NICKELODEON allegedly

4   "limit[ed] time slots" based on influence from MATTEL, including without

5   limitation, on the quality, suitability, appropriateness, production values, aesthetics,

6   appearance, persuasiveness or attractiveness of the advertisement.

7

8   REQUEST FOR PRODUCTION NO. 146:

9        ALL DOCUMENTS that REFER OR RELATE TO the reasons that

10  any PERSON carried or refused to carry any "MGA advertisement[]" that

11  NICKELODEON allegedly "reject[ed]" based on influence from MATTEL.

12

13  REQUEST FOR PRODUCTION NO. 147:

14       ALL DOCUMENTS that REFER OR RELATE TO the reasons that

15  any PERSON limited the time slots for any "MGA advertisement[]" for which

16  NICKELODEON allegedly "limit[ed] time slots" based on influence from

17  MATTEL.

18

19  REQUEST FOR PRODUCTION NO. 148:

20       ALL DOCUMENTS, including but not limited to all

21  COMMUNICATIONS, that REFER OR RELATE TO any effort or attempt by

22  YOU, directly or indirectly, to influence any network or other television outlet to

23  reject or limit the time slot for any MATTEL advertisement.

24

25  REQUEST FOR PRODUCTION NO. 149:

26       ALL DOCUMENTS that REFER OR RELATE TO the number of

27  viewers who have seen on any network or other television outlet any "MGA

28

1    advertisement[]" that NICKELODEON allegedly "reject[ed]" based on influence
2    from MATTEL.
3
4    REQUEST FOR PRODUCTION NO. 150:
5            ALL DOCUMENTS that REFER OR RELATE TO the number of
6    viewers who have seen on any network or other television outlet any "MGA
7    advertisement[]" for which NICKELODEON allegedly "limit[ed] time slots" based
8    on influence from MATTEL.
9
10   REQUEST FOR PRODUCTION NO. 151:
11           ALL DOCUMENTS that REFER OR RELATE TO any MGA
12   advertisement that any network or other television outlet has rejected, including
13   without limitation, the cause(s) therefor.
14
15   REQUEST FOR PRODUCTION NO. 152:
16           ALL DOCUMENTS that REFER OR RELATE TO any MGA
17   advertisement that any network or other television outlet has limited the time slot
18   for, including without limitation, the cause(s) therefor.
19
20   REQUEST FOR PRODUCTION NO. 153:
21           All DOCUMENTS that REFER OR RELATE TO CARU'S review,
22   approval or disapproval of, all advertisements aired or shown on NICKELODEON
23   for each product depicted in each "MGA advertisement[]" allegedly "rejected[ed]"
24   by NICKELODEON based on influence from MATTEL, including but not limited
25   to, COMMUNICATIONS between YOU and CARU.
26
27
28

1   REQUEST FOR PRODUCTION NO. 154:

2         All DOCUMENTS that REFER OR RELATE TO CARU'S review,

3   approval or disapproval of, all advertisements aired or shown on NICKELODEON

4   for each product depicted in each "MGA advertisement[]" for which

5   NICKELODEON allegedly "limit[ed] time slots" based on influence from

6   MATTEL, including but not limited to, COMMUNICATIONS between YOU and

7   CARU.

8

9   REQUEST FOR PRODUCTION NO. 155:

10        All DOCUMENTS that REFER OR RELATE TO actual sales, gross

11  profits, gross margins and net profits for each product depicted in each "MGA

12  advertisement[]" allegedly "rejected[ed]" by NICKELODEON based on influence

13  from MATTEL.

14

15  REQUEST FOR PRODUCTION NO. 156:

16        All DOCUMENTS that REFER OR RELATE TO actual sales, gross

17  profits, gross margins and net profits for each product depicted in each "MGA

18  advertisement[]" for which NICKELODEON allegedly "limit[ed] time slots" based

19  on influence from MATTEL.

20

21  REQUEST FOR PRODUCTION NO. 157:

22        All DOCUMENTS that REFER OR RELATE TO projected or

23  budgeted sales, gross profits, gross margins and net profits for each product depicted

24  in each "MGA advertisement[]" allegedly "rejected[ed]" by NICKELODEON based

25  on influence from MATTEL.

26

27

28

209/2323969.1

-41-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 42

REQUEST FOR PRODUCTION NO. 158:

All DOCUMENTS that REFER OR RELATE TO projected or budgeted sales, gross profits, gross margins and net profits for each product depicted in each "MGA advertisement[]" for which NICKELODEON allegedly "limit[ed] time slots" based on influence from MATTEL.

REQUEST FOR PRODUCTION NO. 159:

ALL DOCUMENTS that REFER OR RELATE TO the scheduling of advertisements depicting the products in each "MGA advertisement[]" that MATTEL allegedly "influenc[ed] Nickelodeon to reject," including but not limited to, the times when such advertisements actually aired on NICKELODEON.

REQUEST FOR PRODUCTION NO. 160:

ALL DOCUMENTS that REFER OR RELATE TO the scheduling of advertisements depicting the products in each "MGA advertisement[]" for which NICKELODEON allegedly "limit[ed] time slots" based on influence from MATTEL, including but not limited to, the times when such advertisements actually aired on NICKELODEON.

REQUEST FOR PRODUCTION NO. 161:

DOCUMENTS sufficient to IDENTIFY the PERSONS who created and produced, including but not limited to the name of the production company, director and producer, for every advertisement depicting the products in each "MGA advertisement[]" that MATTEL allegedly "influenc[ed] Nickelodeon to reject."

REQUEST FOR PRODUCTION NO. 162:

DOCUMENTS sufficient to IDENTIFY the PERSONS who created and produced, including but not limited to the name of the production company,

209/2323969.1

-42-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 43

1  director and producer, for every advertisement depicting the products in each "MGA

2  advertisement[]" for which NICKELODEON allegedly "limit[ed] time slots" based

3  on influence from MATTEL.

4

5  REQUEST FOR PRODUCTION NO. 163:

6         DOCUMENTS sufficient to IDENTIFY all PERSONS who worked on,

7  or were involved with, in any way, each advertisement depicting the products in

8  each "MGA advertisement[]" that MATTEL allegedly "influenc[ed] Nickelodeon to

9  reject."

10

11  REQUEST FOR PRODUCTION NO. 164:

12         DOCUMENTS sufficient to IDENTIFY all PERSONS who worked on,

13  or were involved with, in any way, each advertisement depicting the products in

14  each "MGA advertisement[]" for which NICKELODEON allegedly "limit[ed] time

15  slots" based on influence from MATTEL.

16

17  REQUEST FOR PRODUCTION NO. 165:

18         All DOCUMENTS that REFER OR RELATE TO every advertisement

19  depicting the products in each "MGA advertisement[]" that MATTEL allegedly

20  "influenc[ed] Nickelodeon to reject."

21

22  REQUEST FOR PRODUCTION NO. 166:

23         All DOCUMENTS that REFER OR RELATE TO every advertisement

24  depicting the products in each "MGA advertisement[]" for which NICKELODEON

25  allegedly "limit[ed] time slots" based on influence from MATTEL.

26

27

28

09/2323969.1

-43-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 44

REQUEST FOR PRODUCTION NO. 167:

ALL COMMUNICATIONS between NICKELODEON and YOU that REFER OR RELATE TO advertisements, including but not limited to, compliance with CARU rules and regulations.

REQUEST FOR PRODUCTION NO. 168:

ALL COMMUNICATIONS between NICKELODEON and YOU that REFER OR RELATE TO scheduling any MGA advertisement.

REQUEST FOR PRODUCTION NO. 169:

ALL contracts, agreements, arrangements and understandings between YOU and NICKELODEON that REFER OR RELATE TO advertisements.

REQUEST FOR PRODUCTION NO. 170:

DOCUMENTS sufficient to show the dates and amounts of all moneys YOU paid to NICKELODEON for each advertisement.

REQUEST FOR PRODUCTION NO. 171:

DOCUMENTS sufficient to show negotiations between YOU and NICKELODEON for the price of each advertisement.

REQUEST FOR PRODUCTION NO. 172:

ALL DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO any conflict, dispute or disagreement between YOU and NICKELODEON, including but not limited to, based on any non-payment or short payment by YOU to NICKELODEON, or based on the content of any advertisement.

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

I09/2323969.1

1    REQUEST FOR PRODUCTION NO. 173:

2            ALL DOCUMENTS, including but not limited to all

3    COMMUNICATIONS with any PERSON, that REFER OR RELATE TO any claim

4    or threatened claim by YOU against NICKELODEON, or by NICKELODEON

5    against YOU, including but not limited to, based on any non-payment or short

6    payment by YOU to NICKELODEON, or based on the content of any

7    advertisement.

8

9    REQUEST FOR PRODUCTION NO. 174:

10           DOCUMENTS sufficient to IDENTIFY the PERSON or PERSONS at

11   NICKELODEON who allegedly "reject[ed] advertisements" or "limit[ed] time

12   slots" based on influence from MATTEL.

13

14   REQUEST FOR PRODUCTION NO. 175:

15           ALL DOCUMENTS, including but not limited to all

16   COMMUNICATIONS with any PERSON, that REFER OR RELATE TO why

17   NICKELODEON allegedly "reject[ed] advertisements" or "limit[ed] time slots"

18   based on influence from MATTEL.

19

20   REQUEST FOR PRODUCTION NO. 176:

21           DOCUMENTS sufficient to show when all of YOUR advertisements

22   aired on NICKELODEON.

23

24   REQUEST FOR PRODUCTION NO. 177:

25           All DOCUMENTS, including but not limited to all

26   COMMUNICATIONS with any PERSON, RELATING to YOUR actions in

27   response to, or efforts to stop, thwart, prevent, counter or mitigate, MATTEL from

28

\09/2323969.1

-45-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 46

1  allegedly "influencing Nickelodeon to reject MGA advertisements or to limit time
2  slots for advertisements."
3
4  REQUEST FOR PRODUCTION NO. 178:
5       All DOCUMENTS, including but not limited to all
6  COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury,
7  increased expense, lost revenue or profits, or any other damage caused to YOU by
8  MATTEL allegedly "influencing Nickelodeon to reject MGA advertisements or to
9  limit time slots for advertisements," including but not limited to, the loss of sales
10 due to alleged lack of advertisement or time-limited advertising on
11 NICKELODEON.
12
13 REQUEST FOR PRODUCTION NO. 179:
14      All DOCUMENTS, including but not limited to all
15 COMMUNICATIONS with any PERSON, that REFER OR RELATE TO
16 MATTEL'S success or failure in allegedly "influencing Nickelodeon to reject MGA
17 advertisements or to limit time slots for advertisements."
18
19 REQUEST FOR PRODUCTION NO. 180:
20      All DOCUMENTS, including but not limited to all
21 COMMUNICATIONS with any PERSON, RELATING to YOUR efforts to
22 influence NICKELODEON, or any other media company or outlet, to reject
23 MATTEL advertisements or to limit time slots for MATTEL advertisements.
24
25 REQUEST FOR PRODUCTION NO. 181:
26      All DOCUMENTS, including but not limited to all
27 COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR
28 allegation that MATTEL "assist[ed] parties in lawsuits against MGA."

t09/2323969.1                                        -46-
MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 47

1  REQUEST FOR PRODUCTION NO. 182:

2          All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, that YOU contend prove or that YOU

4  will rely on at trial to prove that MATTEL "assist[ed] parties in lawsuits against

5  MGA."

6

7  REQUEST FOR PRODUCTION NO. 183:

8          DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge

9  of YOUR allegation that MATTEL "assist[ed] parties in lawsuits against MGA."

10

11  REQUEST FOR PRODUCTION NO. 184:

12          DOCUMENTS describing all time periods during which MATTEL

13  allegedly "assist[ed] parties in lawsuits against MGA."

14

15  REQUEST FOR PRODUCTION NO. 185:

16          DOCUMENTS sufficient to IDENTIFY each lawsuit in which

17  MATTEL allegedly "assist[ed] parties . . . against MGA."

18

19  REQUEST FOR PRODUCTION NO. 186:

20          All DOCUMENTS to IDENTIFY, for each lawsuit, how and in what

21  manner MATTEL allegedly "assist[ed] parties . . . against MGA."

22

23  REQUEST FOR PRODUCTION NO. 187:

24          DOCUMENTS sufficient to show the claims and defenses asserted in

25  each lawsuit in which MATTEL allegedly "assist[ed] parties . . . against MGA."

26

27

28

X09/2323969.1

-47-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 48

1 REQUEST FOR PRODUCTION NO. 188:

2          DOCUMENTS sufficient to show the outcome of each lawsuit in

3 which MATTEL allegedly "assist[ed] parties . . . against MGA," including but not

4 limited to, settlement agreements, judgments, orders of dismissal, awards, decrees or

5 opinions.

6

7 REQUEST FOR PRODUCTION NO. 189:

8          All DOCUMENTS that YOU contend show or tend to show that

9 MATTEL'S alleged "assist[ance to] parties in lawsuits against MGA" was improper

10 in any way.

11

12 REQUEST FOR PRODUCTION NO. 190:

13          All DOCUMENTS, including but not limited to all

14 COMMUNICATIONS with any PERSON, RELATING to YOUR actions in

15 response to, or efforts to stop, thwart, prevent, counter or mitigate, MATTEL from

16 allegedly "assisting parties in lawsuits against MGA."

17

18 REQUEST FOR PRODUCTION NO. 191:

19          All DOCUMENTS, including but not limited to all

20 COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury,

21 increased expense, lost revenue or profits, or any other damage caused to YOU by

22 MATTEL allegedly "assisting parties in lawsuits against MGA."

23

24 REQUEST FOR PRODUCTION NO. 192:

25          All DOCUMENTS that REFER OR RELATE TO when and under

26 what circumstances YOU first became aware that MATTEL allegedly assisted any

27 party in any lawsuit against MGA.

28

209/2323969.1

-48-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 49

1   REQUEST FOR PRODUCTION NO. 193:

2          All DOCUMENTS that REFER OR RELATE TO whether or not YOU

3   were or should have been held liable in any lawsuit that MATTEL allegedly assisted

4   any party in against MGA, including without limitation, any and all opinion letters

5   RELATING thereto.

6

7   REQUEST FOR PRODUCTION NO. 194:

8          All pleadings served, transmitted, received or filed in each lawsuit that

9   MATTEL allegedly assisted any party in against MGA.

10

11  REQUEST FOR PRODUCTION NO. 195:

12         All deposition transcripts and sworn statements made by or on behalf of

13  MGA from each lawsuit that MATTEL allegedly assisted any party in against

14  MGA.

15

16  REQUEST FOR PRODUCTION NO. 196:

17         All trial or arbitration transcripts made by or on behalf of MGA from

18  each lawsuit that MATTEL allegedly assisted any party in against MGA.

19

20  REQUEST FOR PRODUCTION NO. 197:

21         All DOCUMENTS served, transmitted, received or filed in any lawsuit

22  that MATTEL allegedly assisted any party in against MGA that REFER OR

23  RELATE TO MATTEL.

24

25  REQUEST FOR PRODUCTION NO. 198:

26         All DOCUMENTS served, transmitted, received or filed in any lawsuit

27  that MATTEL allegedly assisted any party in against MGA that REFER OR

28  RELATE TO any MATTEL product.

-49-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 50

09/2323969.1

REQUEST FOR PRODUCTION NO. 199:

All DOCUMENTS served, transmitted, received or filed in any lawsuit that MATTEL allegedly assisted any party in against MGA that REFER OR RELATE TO BRATZ or any MGA product referenced in any MGA Interrogatory Response in this action.

REQUEST FOR PRODUCTION NO. 200:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING to YOU assisting, supporting, or funding any PERSON in connection with any lawsuit, arbitration or proceeding in which MATTEL was or is a party.

REQUEST FOR PRODUCTION NO. 201:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL "monitor[ed], 'sp[ied] on' or gain[ed] knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development."

REQUEST FOR PRODUCTION NO. 202:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that YOU contend prove or that YOU will rely on at trial to prove that MATTEL "monitor[ed], 'sp[ied] on' or gain[ed] knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development."

l09/2323969.1

-50-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 51

1   REQUEST FOR PRODUCTION NO. 203:

2        DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge

3   of YOUR allegation that MATTEL "monitor[ed] . . . MGA's trade secrets, non-

4   public information, non-public activities, unreleased products, and product

5   development."

6

7   REQUEST FOR PRODUCTION NO. 204:

8        DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge

9   of YOUR allegation that MATTEL "'sp[ied] on' . . . MGA's trade secrets, non-public

10  information, non-public activities, unreleased products, and product development."

11

12  REQUEST FOR PRODUCTION NO. 205:

13       DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge

14  of YOUR allegation that MATTEL "gain[ed] knowledge of . . . MGA's trade

15  secrets, non-public information, non-public activities, unreleased products, and

16  product development."

17

18  REQUEST FOR PRODUCTION NO. 206:

19       DOCUMENTS describing all time periods during which MATTEL

20  allegedly "monitor[ed], 'sp[ied] on' or gain[ed] knowledge of MGA's trade secrets,

21  non-public information, non-public activities, unreleased products, and product

22  development."

23

24  REQUEST FOR PRODUCTION NO. 207:

25       DOCUMENTS sufficient to IDENTIFY the "trade secrets, non-public

26  information, non-public activities, unreleased products and product development"

27  information that MATTEL allegedly "monitor[ed], 'sp[ied] on' or gain[ed]

28  knowledge of."

:09/2323969.1

-51-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 52

1   <u>REQUEST FOR PRODUCTION NO. 208</u>:

2           All DOCUMENTS that REFER OR RELATE TO the "trade secrets,

3   non-public information, non-public activities, unreleased products and product

4   development" information that MATTEL allegedly "monitor[ed], 'sp[ied] on' or

5   gain[ed] knowledge of."

6

7   <u>REQUEST FOR PRODUCTION NO. 209</u>:

8           All DOCUMENTS showing what steps, if any, YOU took to preserve,

9   protect and safeguard the confidentiality of the "trade secrets, non-public

10  information, non-public activities, unreleased products, and product development"

11  information that MATTEL allegedly "monitor[ed], 'sp[ied] on' or gain[ed]

12  knowledge of."

13

14  <u>REQUEST FOR PRODUCTION NO. 210</u>:

15          All DOCUMENTS that show or tend to show that the "trade secrets,

16  non-public information, non-public activities, unreleased products, and product

17  development" information that MATTEL allegedly "monitor[ed], 'sp[ied] on' or

18  gain[ed] knowledge of" derive independent economic value from not being

19  generally known to the public or other PERSONS who can obtain economic value

20  from its disclosure or use.

21

22  <u>REQUEST FOR PRODUCTION NO. 211</u>:

23          All DOCUMENTS that show or tend to show that the "trade secrets,

24  non-public information, non-public activities, unreleased products, and product

25  development" information that MATTEL allegedly "monitor[ed], 'sp[ied] on' or

26  gain[ed] knowledge of" contain information that is not known to the public or to

27  PERSONS who can obtain economic value from its disclosure or use.

28

209/2323969.1

-52-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 53

1   <u>REQUEST FOR PRODUCTION NO. 212</u>:

2        All DOCUMENTS that show or tend to show that the "trade secrets,

3 non-public information, non-public activities, unreleased products, and product

4 development" information that MATTEL allegedly "monitor[ed], 'sp[ied] on' or

5 gain[ed] knowledge of" were either used by or disclosed by MATTEL.

6

7   <u>REQUEST FOR PRODUCTION NO. 213</u>:

8        DOCUMENTS sufficient to IDENTIFY all PERSONS to whom

9 MATTEL showed, disclosed or revealed the "trade secrets, non-public information,

10 non-public activities, unreleased products, and product development" information

11 that MATTEL allegedly "monitor[ed], 'sp[ied] on' or gain[ed] knowledge of," and

12 the dates on which it allegedly made such disclosures.

13

14   <u>REQUEST FOR PRODUCTION NO. 214</u>:

15        All DOCUMENTS that show or tend to show that MATTEL did not

16 show, disclose or reveal to any PERSON the "trade secrets, non-public information,

17 non-public activities, unreleased products, and product development" information

18 that MATTEL allegedly "monitor[ed], 'sp[ied] on' or gain[ed] knowledge of," or that

19 MATTEL made such disclosures under a binding pre-existing confidentiality

20 agreement.

21

22   <u>REQUEST FOR PRODUCTION NO. 215</u>:

23        DOCUMENTS sufficient to IDENTIFY all PERSONS who YOU

24 believe "monitor[ed], 'sp[ied] on' or gain[ed] knowledge of MGA's "trade secrets,

25 non-public information, non-public activities, unreleased products, and product

26 development."

27

28

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 54

\09/2323969.1

**REQUEST FOR PRODUCTION NO. 216:**

DOCUMENTS sufficient to IDENTIFY all PERSONS who YOU believe provided MATTEL with MGA's "trade secrets, non-public information, non-public activities, unreleased products, and product development" information.

**REQUEST FOR PRODUCTION NO. 217:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING to YOUR actions in response to or efforts to stop, thwart or prevent MATTEL from allegedly "monitoring, 'spying on' or gaining knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development."

**REQUEST FOR PRODUCTION NO. 218:**

All DOCUMENTS that REFER OR RELATE TO the value of MGA's "trade secrets, non-public information, non-public activities, unreleased products, and product development" information that MATTEL allegedly "monitor[ed], 'sp[ied] on' or gain[ed] knowledge of."

**REQUEST FOR PRODUCTION NO. 219:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury, increased expense, lost revenue or profits, or any other damage caused to YOU by MATTEL allegedly "monitoring, 'spying on' or gaining knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development."

-54-
MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 55

X09/2323969.1

1   REQUEST FOR PRODUCTION NO. 220:

2          All DOCUMENTS, including but not limited to all

3   COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

4   monitoring, spying on or gaining knowledge of MATTEL'S trade secrets, non-

5   public information, non-public activities, unreleased products, and product

6   development, including but not limited to, how and when you monitored, spied on

7   or gained knowledge of MATTEL'S trade secrets, non-public information, non-

8   public activities, unreleased products, and product development.

9

10  REQUEST FOR PRODUCTION NO. 221:

11         All DOCUMENTS that REFER OR RELATE TO when and under

12  what circumstances MGA created, developed or conceived of the "trade secrets,

13  non-public information, non-public activities, unreleased products, and product

14  development" information that MATTEL allegedly "monitor[ed], 'sp[ied] on' or

15  gain[ed] knowledge of."

16

17  REQUEST FOR PRODUCTION NO. 222:

18         All DOCUMENTS that REFER OR RELATE TO any contract or

19  agreement that REFERS OR RELATES TO any of the "trade secrets, non-public

20  information, non-public activities, unreleased products, and product development"

21  information that MATTEL allegedly "monitor[ed], 'sp[ied] on' or gain[ed]

22  knowledge of," including without limitation, all amendments and modifications

23  thereto.

24

25  REQUEST FOR PRODUCTION NO. 223:

26         DOCUMENTS sufficient to IDENTIFY all PERSONS who acquired

27  knowledge of MATTEL'S trade secrets, non-public information, non-public

28  activities, unreleased products, and product development, as a result of YOUR

09/2323969.1

-55-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 56

1    monitoring, spying on or gaining knowledge of MATTEL'S trade secrets, non-

2    public information, non-public activities, unreleased products, and product

3    development.

4

5    REQUEST FOR PRODUCTION NO. 224:

6            All DOCUMENTS, including but not limited to all

7    COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

8    use of, or disclosure to third parties of, MATTEL'S trade secrets, non-public

9    information, non-public activities, unreleased products, and product development.

10

11   REQUEST FOR PRODUCTION NO. 225:

12           All DOCUMENTS that REFER OR RELATE TO the access or use by,

13   or knowledge of, any PERSON, other than MGA, of the "trade secrets, non-public

14   information, non-public activities, unreleased products, and product development"

15   information that MATTEL allegedly "monitor[ed], 'sp[ied] on' or gain[ed]

16   knowledge of."

17

18   REQUEST FOR PRODUCTION NO. 226:

19           All DOCUMENTS that REFER OR RELATE TO YOUR access, use

20   or knowledge of the trade secrets, non-public information, non-public activities,

21   unreleased products, and product development information belonging to or owned

22   by any PERSON other than MATTEL.

23

24   REQUEST FOR PRODUCTION NO. 227:

25           All DOCUMENTS, including but not limited to all

26   COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

27   allegation that MATTEL "gain[ed] access, or attemp[ed] to gain access, to MGA

28

-56-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

1   showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays on false

2   pretenses."

3

4   <u>REQUEST FOR PRODUCTION NO. 228</u>:

5           All DOCUMENTS, including but not limited to all

6   COMMUNICATIONS with any PERSON, that YOU contend prove or that YOU

7   will rely on at trial to prove that MATTEL "gain[ed] access, or attemp[ed] to gain

8   access, to MGA showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair

9   displays on false pretenses."

10

11   <u>REQUEST FOR PRODUCTION NO. 229</u>:

12           DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge

13   of YOUR allegation that MATTEL "gain[ed] access, or attemp[ed] to gain access,

14   to MGA showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays

15   on false pretenses."

16

17   <u>REQUEST FOR PRODUCTION NO. 230</u>:

18           DOCUMENTS describing all time periods during which MATTEL

19   allegedly "gain[ed] access, or attemp[ed] to gain access, to MGA showrooms, Plan-

20   o-Grams, merchandising displays [and] Toy Fair displays on false pretenses."

21

22   <u>REQUEST FOR PRODUCTION NO. 231</u>:

23           DOCUMENTS describing the "false pretenses" that MATTEL

24   allegedly employed or used to "gain[] access, or [to] attemp[] to gain access, to

25   MGA showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays."

26

27

28

REQUEST FOR PRODUCTION NO. 232:

DOCUMENTS sufficient to IDENTIFY the "MGA showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays " to which MATTEL allegedly "gain[ed] access, or attemp[ed] to gain access."

REQUEST FOR PRODUCTION NO. 233:

All DOCUMENTS that REFER OR RELATE TO the "MGA showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays " to which MATTEL allegedly "gain[ed] access, or attemp[ed] to gain access."

REQUEST FOR PRODUCTION NO. 234:

All DOCUMENTS that show what steps, if any, YOU took to preserve, protect and safeguard the confidentiality of the "MGA showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays," to which MATTEL allegedly "gain[ed] access, or attemp[ed] to gain access."

REQUEST FOR PRODUCTION NO. 235:

All DOCUMENTS that show or tend to show that the "MGA showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays" to which MATTEL allegedly "gain[ed] access, or attemp[ed] to gain access" derive independent economic value from not being generally known to the public or other PERSONS who can obtain economic value from its disclosure or use.

REQUEST FOR PRODUCTION NO. 236:

All DOCUMENTS that show or tend to show that the "MGA showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays" to which MATTEL allegedly "gain[ed] access, or attemp[ed] to gain access" contain

-58-

1   information that is not known to the public or to PERSONS who can obtain

2   economic value from its disclosure or use.

3

4   REQUEST FOR PRODUCTION NO. 237:

5           All DOCUMENTS that show or tend to show that the "MGA

6   showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays" to

7   which MATTEL allegedly "gain[ed] access, or attemp[ed] to gain access" were

8   either used by or disclosed by MATTEL.

9

10  REQUEST FOR PRODUCTION NO. 238:

11          DOCUMENTS sufficient to IDENTIFY all PERSONS to whom

12  MATTEL allegedly showed, disclosed or revealed the contents of "MGA

13  showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays," and

14  the dates on which it allegedly made such disclosures.

15

16  REQUEST FOR PRODUCTION NO. 239:

17          All DOCUMENTS that show or tend to show that MATTEL did not

18  show, disclose or reveal to any PERSON the contents of "MGA showrooms, Plan-o-

19  Grams, merchandising displays [and] Toy Fair displays," or that MATTEL made

20  such disclosures under a binding pre-existing confidentiality agreement.

21

22  REQUEST FOR PRODUCTION NO. 240:

23          DOCUMENTS sufficient to IDENTIFY all PERSONS who contend

24  that MATTEL "gain[ed] access, or attemp[ed] to gain access, to MGA showrooms,

25  Plan-o-Grams, merchandising displays [and] Toy Fair displays on false pretenses."

26

27

28

09/2323969.1

-59-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 60

1  REQUEST FOR PRODUCTION NO. 241:

2          DOCUMENTS sufficient to IDENTIFY all PERSONS who YOU

3  believe assisted or provided MATTEL with access to "MGA showrooms, Plan-o-

4  Grams, merchandising displays [and] Toy Fair displays."

5

6  REQUEST FOR PRODUCTION NO. 242:

7          All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, RELATING to YOUR actions in

9  response to, or efforts to stop, thwart, prevent, counter or mitigate, MATTEL from

10 allegedly "gaining access, or attempt[ing] to gain access, to MGA showrooms, Plan-

11 o-Grams, merchandising displays [and] Toy Fair displays on false pretenses."

12

13 REQUEST FOR PRODUCTION NO. 243:

14         All DOCUMENTS that REFER OR RELATE TO the value of MGA's

15 "showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays" to

16 which MATTEL allegedly "gain[ed] access, or attempt[ed] to gain access."

17

18 REQUEST FOR PRODUCTION NO. 244:

19         All DOCUMENTS, including but not limited to all

20 COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury,

21 increased expense, lost revenue or profits, or any other damage caused to YOU by

22 MATTEL allegedly "gaining access, or attempt[ing] to gain access, to MGA

23 showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays on false

24 pretenses."

25

26 REQUEST FOR PRODUCTION NO. 245:

27         All DOCUMENTS that REFER OR RELATE TO any contracts or

28 agreements that REFER OR RELATE TO any MGA Plan-o-Grams and

-60-
MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 61

1  merchandising displays to which MATTEL allegedly gained access or attempted to
2  gain access.

3

4  REQUEST FOR PRODUCTION NO. 246:

5      All DOCUMENTS that depict any MGA Plan-o-Grams, merchandising
6  displays or Toy Fair displays to which MATTEL allegedly gained access or
7  attempted to gain access.

8

9  REQUEST FOR PRODUCTION NO. 247:

10      All COMMUNICATIONS between YOU and any retailer, distributor,
11  exhibitor or any other PERSON, and all DOCUMENTS RELATING thereto, that
12  REFER OR RELATE TO any MGA Plan-o-Grams, merchandising displays or Toy
13  Fair displays to which MATTEL allegedly gained access or attempted to gain
14  access.

15

16  REQUEST FOR PRODUCTION NO. 248:

17      All COMMUNICATIONS between YOU and any retailer, distributor,
18  exhibitor or any other PERSON, and all DOCUMENTS RELATING thereto, that
19  REFER OR RELATE TO any access gained or attempted access sought by
20  MATTEL to Plan-o-Grams and merchandising displays.

21

22  REQUEST FOR PRODUCTION NO. 249:

23      All DOCUMENTS, including but not limited to all
24  COMMUNICATIONS with any PERSON, RELATING to YOU gaining access, or
25  attempting to gain access, to MATTEL showrooms, Plan-o-Grams, merchandising
26  displays or Toy Fair displays, by using false pretenses.

27

28

1  REQUEST FOR PRODUCTION NO. 250:

2          All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

4  gaining access, or attempting to gain access, to MATTEL showrooms, Plan-o-

5  Grams, merchandising displays or Toy Fair displays by using any covert, improper

6  or wrongful means or methods, other than false pretenses, including but not limited

7  to, how and when you gained access, or attempted to gain access, to MATTEL

8  showrooms, Plan-o-Grams, merchandising displays or Toy Fair displays.

9

10  REQUEST FOR PRODUCTION NO. 251:

11          DOCUMENTS sufficient to IDENTIFY all PERSONS who acquired

12  knowledge of the contents of MATTEL'S showrooms, Plan-o-Grams,

13  merchandising displays or Toy Fairs, as a result of any action taken by YOU, on

14  YOUR behalf or at YOUR request.

15

16  REQUEST FOR PRODUCTION NO. 252:

17          All DOCUMENTS, including but not limited to all

18  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

19  use of, or disclosure to third parties of, the contents of MATTEL'S showrooms,

20  Plan-o-Grams, merchandising displays or Toy Fairs.

21

22  REQUEST FOR PRODUCTION NO. 253:

23          All DOCUMENTS, including but not limited to all

24  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

25  allegation that MATTEL "wrongfully obtain[ed] MGA's costs and sales information

26  through Mattel-employed category managers at retailers."

27

28

09/2323969.1

-62-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 63

1  REQUEST FOR PRODUCTION NO. 254:

2           All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, that YOU contend prove or that YOU

4  will rely on at trial to prove that MATTEL "wrongfully obtain[ed] MGA's costs and

5  sales information through Mattel-employed category managers at retailers."

6

7  REQUEST FOR PRODUCTION NO. 255:

8           DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge

9  of YOUR allegation that MATTEL "wrongfully obtain[ed] MGA's costs and sales

10 information through Mattel-employed category managers at retailers."

11

12 REQUEST FOR PRODUCTION NO. 256:

13          DOCUMENTS describing all time periods during which MATTEL

14 allegedly "wrongfully obtain[ed] MGA's costs and sales information through Mattel-

15 employed category managers at retailers."

16

17 REQUEST FOR PRODUCTION NO. 257:

18          DOCUMENTS sufficient to IDENTIFY the MGA "costs and sales

19 information" that MATTEL allegedly "wrongfully obtain[ed] . . . through Mattel-

20 employed category managers at retailers."

21

22 REQUEST FOR PRODUCTION NO. 258:

23          DOCUMENTS sufficient to IDENTIFY the "category managers" and

24 "retailers" from whom MATTEL allegedly "wrongfully obtain[ed] MGA's costs and

25 sales information."

26

27

28

9/2323969.1

-63-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 64

REQUEST FOR PRODUCTION NO. 259:

DOCUMENTS describing how MATTEL allegedly used the "wrongfully obtain[ed] MGA[] costs and sales information."

REQUEST FOR PRODUCTION NO. 260:

All DOCUMENTS that REFER OR RELATE TO the MGA "costs and sales information " that MATTEL allegedly "wrongfully obtain[ed] . . . through Mattel-employed category managers at retailers."

REQUEST FOR PRODUCTION NO. 261:

All DOCUMENTS showing what steps, if any, YOU took to preserve, protect and safeguard the confidentiality of the MGA "costs and sales information" that MATTEL allegedly "wrongfully obtain[ed] . . . through Mattel-employed category managers at retailers."

REQUEST FOR PRODUCTION NO. 262:

All DOCUMENTS that show or tend to show that the MGA "costs and sales information" that MATTEL allegedly "wrongfully obtain[ed] . . . through Mattel-employed category managers at retailers" derives independent economic value from not being generally known to the public or other PERSONS who can obtain economic value from its disclosure or use.

REQUEST FOR PRODUCTION NO. 263:

All DOCUMENTS that show or tend to show that the MGA "costs and sales information" that MATTEL allegedly "wrongfully obtain[ed] . . . through Mattel-employed category managers at retailers" contains information that is not known to the public or to PERSONS who can obtain economic value from its disclosure or use.

9/2323969.1

-64-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 65

1  REQUEST FOR PRODUCTION NO. 264:

2         All DOCUMENTS that show or tend to show the "costs and sales

3  information" that MATTEL allegedly "wrongfully obtain[ed] . . . through Mattel-

4  employed category managers at retailers" was either used or disclosed by MATTEL.

5

6  REQUEST FOR PRODUCTION NO. 265:

7         DOCUMENTS sufficient to IDENTIFY all PERSONS who contend

8  that MATTEL "wrongfully obtain[ed] MGA's costs and sales information through

9  Mattel-employed category managers at retailers."

10

11  REQUEST FOR PRODUCTION NO. 266:

12         All DOCUMENTS, including but not limited to all

13  COMMUNICATIONS with any PERSON, RELATING to YOUR actions in

14  response to, or efforts to stop, thwart, or prevent, MATTEL from allegedly

15  "wrongfully obtaining MGA's costs and sales information through Mattel-employed

16  category managers at retailers."

17

18  REQUEST FOR PRODUCTION NO. 267:

19         All DOCUMENTS, including but not limited to all

20  COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury,

21  increased expense, lost revenue or profits, or any other damage caused to YOU by

22  MATTEL'S alleged "wrongful[] obtaining [of] MGA's costs and sales information

23  through Mattel-employed category managers at retailers."

24

25  REQUEST FOR PRODUCTION NO. 268:

26         DOCUMENTS sufficient to IDENTIFY each MGA-employed category

27  manager at retail at any time after January 1, 1998.

28

REQUEST FOR PRODUCTION NO. 269:

All DOCUMENTS that REFER OR RELATE TO MGA's attempts or efforts, including without limitation, solicitations, proposals and requests, that MGA be appointed category manager at retail.

REQUEST FOR PRODUCTION NO. 270:

All DOCUMENTS that REFER OR RELATE TO MGA's attempts or efforts, including without limitation, solicitations, proposals and requests, that MGA be appointed category manager at retail instead of a MATTEL-employed category manager.

REQUEST FOR PRODUCTION NO. 271:

All COMMUNICATIONS, and all DOCUMENTS RELATING thereto, between MGA and any PERSON, including without limitation, any retailer, distributor or wholesaler, that REFER OR RELATE to any MATTEL-employed category manager at retail or any acts or omissions of such MATTEL-employed category manager at retail.

REQUEST FOR PRODUCTION NO. 272:

All COMMUNICATIONS, and all DOCUMENTS RELATING thereto, between MGA and any PERSON, including without limitation, any retailer, distributor or wholesaler, that REFER OR RELATE TO any MGA-employed category manager at retail or any acts or omissions of such MGA-employed category manager at retail.

REQUEST FOR PRODUCTION NO. 273:

All COMMUNICATIONS, and all DOCUMENTS RELATING thereto, between MGA and any PERSON, including without limitation, any retailer,

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

1  distributor or wholesaler, that REFER OR RELATE TO any proposed, requested or

2  contemplated MGA-employed category manager at retail or any acts or omissions of

3  such proposed, requested or contemplated MGA-employed category manager at

4  retail.

5

6  REQUEST FOR PRODUCTION NO. 274:

7          All DOCUMENTS that REFER OR RELATE TO the quality or

8  performance of any MATTEL-employed category manager at retail or any acts or

9  omissions of such MATTEL-employed category manager at retail, including

10  without limitation, any COMMUNICATIONS to or from retailers RELATING

11  thereto.

12

13  REQUEST FOR PRODUCTION NO. 275:

14          All DOCUMENTS that REFER OR RELATE TO any actual, alleged

15  or claimed errors, malfeasance, misfeasance, poor performance, breaches or

16  improper, illegal, unfair or unethical conduct by any MGA-employed category

17  manager at retail or any acts or omissions of such MGA-employed category

18  manager at retail, including without limitation, any COMMUNICATIONS to or

19  from retailers RELATING thereto.

20

21  REQUEST FOR PRODUCTION NO. 276:

22          All DOCUMENTS, including but not limited to all

23  COMMUNICATIONS with any PERSON, RELATING to YOU obtaining, through

24  any means or methods, MATTEL'S costs and sales information through YOUR

25  category managers at retailers.

26

27

28

209/2323969.1

-67-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 68

1   REQUEST FOR PRODUCTION NO. 277:

2          All DOCUMENTS, including but not limited to all

3   COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

4   allegation that MATTEL "induc[ed] non-party customers to breach confidentiality

5   agreements with MGA and divulge non-public information about MGA's unreleased

6   products."

7

8   REQUEST FOR PRODUCTION NO. 278:

9          All DOCUMENTS, including but not limited to all

10  COMMUNICATIONS with any PERSON, that YOU contend prove or that YOU

11  will rely on at trial to prove that MATTEL "induc[ed] non-party customers to breach

12  confidentiality agreements with MGA and divulge non-public information about

13  MGA's unreleased products."

14

15  REQUEST FOR PRODUCTION NO. 279:

16         DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge

17  of YOUR allegation that MATTEL "induc[ed] non-party customers to breach

18  confidentiality agreements with MGA."

19

20  REQUEST FOR PRODUCTION NO. 280:

21         DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge

22  of YOUR allegation that MATTEL "induc[ed] non-party customers to . . . divulge

23  non-public information about MGA's unreleased products."

24

25  REQUEST FOR PRODUCTION NO. 281:

26         DOCUMENTS describing all time periods during which MATTEL

27  allegedly "induc[ed] non-party customers to breach confidentiality agreements with

28  MGA and divulge non-public information about MGA's unreleased products."

-68-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

1   REQUEST FOR PRODUCTION NO. 282:

2           DOCUMENTS sufficient to IDENTIFY the "non-party customers" and

3   PERSONS employed by "non-party customers" who MATTEL allegedly "induc[ed]

4   . . . to breach confidentiality agreements with MGA and divulge non-public

5   information about MGA's unreleased products."

6

7   REQUEST FOR PRODUCTION NO. 283:

8           DOCUMENTS sufficient to IDENTIFY the "unreleased products" for

9   which MATTEL allegedly "induc[ed] non-party customers to breach confidentiality

10  agreements with MGA and divulge non-public information."

11

12  REQUEST FOR PRODUCTION NO. 284:

13          The "non-public information about MGA's unreleased products" that

14  MATTEL allegedly "induc[ed] non-party customers to breach confidentiality

15  agreements with MGA and divulge" to MATTEL.

16

17  REQUEST FOR PRODUCTION NO. 285:

18          All DOCUMENTS that REFER OR RELATE TO any contract or

19  agreement with the "non-party customers" who MATTEL allegedly "induc[ed] . . .

20  to breach confidentiality agreements with MGA and divulge non-public information

21  about MGA's unreleased products," including without limitation, all such contracts

22  or agreements that were allegedly breached.

23

24  REQUEST FOR PRODUCTION NO. 286:

25          All DOCUMENTS that REFER OR RELATE TO the "unreleased

26  products" for which MATTEL allegedly "induc[ed] non-party customers to breach

27  confidentiality agreements with MGA and divulge non-public information."

28

109/2323969.1

-69-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 70

1   REQUEST FOR PRODUCTION NO. 287:

2       All DOCUMENTS that REFER OR RELATE TO the "non-public

3   information about MGA's unreleased products" that MATTEL allegedly "induc[ed]

4   non-party customers to breach confidentiality agreements with MGA and divulge"

5   to MATTEL.

6

7   REQUEST FOR PRODUCTION NO. 288:

8       All DOCUMENTS showing what steps, if any, YOU took to preserve,

9   protect and safeguard the confidentiality of MGA's "unreleased products" for which

10  MATTEL allegedly "induc[ed] non-party customers to breach confidentiality

11  agreements with MGA and divulge non-public information."

12

13  REQUEST FOR PRODUCTION NO. 289:

14      All DOCUMENTS that show or tend to show that the MGA

15  "unreleased products," for which MATTEL allegedly "induc[ed] non-party

16  customers to breach confidentiality agreements with MGA and divulge non-public

17  information," derives independent economic value from not being generally known

18  to the public or other PERSONS who can obtain economic value from their

19  disclosure or use.

20

21  REQUEST FOR PRODUCTION NO. 290:

22      All DOCUMENTS that show or tend to show that the MGA

23  "unreleased products," for which MATTEL allegedly "induc[ed] non-party

24  customers to breach confidentiality agreements with MGA and divulge non-public

25  information," contains information that is not known to the public or to PERSONS

26  who can obtain economic value from its disclosure or use.

27

28

09/2323969.1

-70-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 71

1    REQUEST FOR PRODUCTION NO. 291:

2          All DOCUMENTS that show or tend to show that the MGA

3 "unreleased products," for which MATTEL allegedly "induc[ed] non-party

4 customers to breach confidentiality agreements with MGA and divulge non-public

5 information," were either used by or disclosed by MATTEL.

6

7    REQUEST FOR PRODUCTION NO. 292:

8          DOCUMENTS sufficient to IDENTIFY all PERSONS to whom

9 MATTEL allegedly showed, disclosed or revealed the MGA "unreleased products,"

10 and the dates on which it allegedly made such disclosures.

11

12    REQUEST FOR PRODUCTION NO. 293:

13          All DOCUMENTS that show or tend to show that MATTEL did not

14 show, disclose or reveal to any PERSON the MGA "unreleased products," or that

15 MATTEL made such disclosures under a binding pre-existing confidentiality

16 agreement.

17

18    REQUEST FOR PRODUCTION NO. 294:

19          DOCUMENTS sufficient to IDENTIFY all PERSONS who YOU

20 believe provided MATTEL with the MGA "unreleased products."

21

22    REQUEST FOR PRODUCTION NO. 295:

23          DOCUMENTS sufficient to IDENTIFY all PERSONS who contend

24 that MATTEL "induc[ed] non-party customers to breach confidentiality agreements

25 with MGA and divulge non-public information about MGA's unreleased products."

26

27

28

209/2323969.1

-71-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 72

REQUEST FOR PRODUCTION NO. 296:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING to YOUR actions in response to, or efforts to stop, thwart, prevent, counter or mitigate, MATTEL from allegedly "inducing non-party customers to breach confidentiality agreements with MGA and divulge non-public information about MGA's unreleased products."

REQUEST FOR PRODUCTION NO. 297:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury, increased expense, lost revenue or profits, or any other damage caused to YOU by MATTEL allegedly "inducing non-party customers to breach confidentiality agreements with MGA and divulge non-public information about MGA's unreleased products."

REQUEST FOR PRODUCTION NO. 298:

All DOCUMENTS that REFER OR RELATE TO any lawsuit, legal action or arbitration, or threatened lawsuit, legal action or arbitration, against any PERSON other than MATTEL for any breach of confidentiality agreement allegedly induced by MATTEL and/or for any disclosure of non-public information about MGA's unreleased products.

REQUEST FOR PRODUCTION NO. 299:

All DOCUMENTS that REFER OR RELATE TO any reimbursement or payment obtained, sought, requested or demanded from any PERSON other than MATTEL, including without limitation, any insurer or customer, for any breach of confidentiality agreement allegedly induced by MATTEL and/or for any disclosure of non-public information about MGA's unreleased products.

09/2323969.1

-72-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 73

REQUEST FOR PRODUCTION NO. 300:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING to YOU inducing non-party customers to breach confidentiality agreements with MATTEL and divulge non-public information about MATTEL'S unreleased products.

REQUEST FOR PRODUCTION NO. 301:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING to YOU inducing any PERSON to breach confidentiality agreements with MATTEL and divulge information about MATTEL'S unreleased products.

REQUEST FOR PRODUCTION NO. 302:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL "covertly investigat[ed] MGA, its officers and employees, and their family members."

REQUEST FOR PRODUCTION NO. 303:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that YOU contend prove or that YOU will rely on at trial to prove that MATTEL "covertly investigat[ed] MGA, its officers and employees, and their family members."

REQUEST FOR PRODUCTION NO. 304:

DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of YOUR allegation that MATTEL "covertly investigat[ed] MGA, its officers and employees, and their family members."

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 74

09/2323969.1

1 | REQUEST FOR PRODUCTION NO. 305:

2 |          DOCUMENTS describing all time periods during which MATTEL

3 | allegedly "covertly investigat[ed] MGA, its officers and employees, and their family

4 | members."

5 |

6 | REQUEST FOR PRODUCTION NO. 306:

7 |          DOCUMENTS sufficient to IDENTIFY every PERSON who YOU

8 | contend MATTEL "covertly investigat[ed]."

9 |

10 | REQUEST FOR PRODUCTION NO. 307:

11 |          DOCUMENTS sufficient to IDENTIFY all times when you allege that

12 | MATTEL "covertly investigat[ed] MGA, its officers and employees, and their

13 | family members."

14 |

15 | REQUEST FOR PRODUCTION NO. 308:

16 |          DOCUMENTS sufficient to IDENTIFY each alleged instance of

17 | MATTEL "covertly investigating MGA, its officers and employees, and their family

18 | members."

19 |

20 | REQUEST FOR PRODUCTION NO. 309:

21 |          All DOCUMENTS, including but not limited to all

22 | COMMUNICATIONS with any PERSON, that REFER OR RELATE TO any

23 | COMMUNICATIONS between any investigator and MGA, MGA's officers, MGA's

24 | employees, or their "family members," who were allegedly "covertly investigat[ed]"

25 | by MATTEL.

26 |

27 |

28 |

09/2323969.1

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

1   REQUEST FOR PRODUCTION NO. 310:

2          All DOCUMENTS that YOU contend show or tend to show that any

3   alleged investigation of "MGA, its officers and employees, and their family

4   members" by MATTEL was illegal or improper.

5

6   REQUEST FOR PRODUCTION NO. 311:

7          All DOCUMENTS that YOU contend show or tend to show that any

8   alleged investigation of "MGA, its officers and employees, and their family

9   members" by MATTEL was not privileged.

10

11  REQUEST FOR PRODUCTION NO. 312:

12         All DOCUMENTS that YOU contend show or tend to show that

13  MATTEL had no reason or basis to conduct any alleged investigation of "MGA, its

14  officers and employees, and their family members."

15

16  REQUEST FOR PRODUCTION NO. 313:

17         DOCUMENTS sufficient to IDENTIFY all PERSONS who contend

18  that MATTEL "covertly investigat[ed] MGA, its officers and employees, and their

19  family members."

20

21  REQUEST FOR PRODUCTION NO. 314:

22         All DOCUMENTS, including but not limited to all

23  COMMUNICATIONS with any PERSON, RELATING to YOUR actions in

24  response to, or efforts to stop, thwart, prevent, counter or mitigate, MATTEL'S

25  alleged "covert[] investigat[ion of] MGA, its officers and employees, and their

26  family members."

27

28

1  REQUEST FOR PRODUCTION NO. 315:

2          All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury,

4  increased expense, lost revenue or profits, or any other damage caused to YOU by

5  MATTEL'S alleged "covert[] investigat[ion of] MGA, its officers and employees,

6  and their family members."

7

8  REQUEST FOR PRODUCTION NO. 316:

9          All DOCUMENTS, including but not limited to all

10  COMMUNICATIONS with any PERSON, RELATING to YOU covertly

11  investigating MATTEL, its officers and employees, and their family members, by or

12  through the use of any means or methods, including but not limited to, by using a

13  wire-tap.

14

15  REQUEST FOR PRODUCTION NO. 317:

16          All DOCUMENTS that REFER OR RELATE TO any investigation of

17  any PERSON by Anthony Pellicano performed for, on behalf of, with the

18  knowledge of or at the request of YOU, directly or indirectly, including without

19  limitation, through the Christensen Miller or Christensen Glaser law firm.

20

21  REQUEST FOR PRODUCTION NO. 318:

22          All DOCUMENTS that REFER OR RELATE TO any charges or

23  monies paid directly or indirectly for, on behalf of or with the knowledge of YOU in

24  connection with any services, work or activities by Anthony Pellicano, including

25  without limitation, through the Christensen Miller or Christensen Glaser law firm.

26

27

28

I09/2323969.1

-76-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 77

1   REQUEST FOR PRODUCTION NO. 319:

2           All COMMUNICATIONS, and all DOCUMENTS that REFER OR

3   RELATE thereto, between YOU, including without limitation, through the

4   Christensen Miller or Christensen Glaser law firm, and Anthony Pellicano.

5

6   REQUEST FOR PRODUCTION NO. 320:

7           All DOCUMENTS, including but not limited to all

8   COMMUNICATIONS with any PERSON, that REFER OR RELATE TO the

9   covert investigation of any PERSON who is or has ever been adverse to YOU in any

10  litigation, arbitration or legal proceeding or any threatened or potential litigation,

11  arbitration or legal proceeding.

12

13  REQUEST FOR PRODUCTION NO. 321:

14          All DOCUMENTS, including but not limited to all

15  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO the

16  covert investigation of any PERSON who is or ever has been a competitor of

17  YOURS.

18

19  REQUEST FOR PRODUCTION NO. 322:

20          All DOCUMENTS, including but not limited to all

21  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO the

22  attempted, requested, solicited or contemplated covert investigation of any PERSON

23  who is or has ever been adverse to YOU in any litigation, arbitration or legal

24  proceeding or any threatened or potential litigation, arbitration or legal proceeding.

25

26  REQUEST FOR PRODUCTION NO. 323:

27          All DOCUMENTS, including but not limited to all

28  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO the

09/2323969.1

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 78

1  attempted, requested, solicited or contemplated covert investigation of any PERSON

2  who is or has ever been a competitor of YOURS.

3

4  REQUEST FOR PRODUCTION NO. 324:

5       All DOCUMENTS, including but not limited to all

6  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO the

7  wiretapping, bugging or surreptitious recording of any PERSON who is or has ever

8  been adverse to YOU in any litigation, arbitration or legal proceeding or any

9  threatened or potential litigation, arbitration or legal proceeding.

10

11  REQUEST FOR PRODUCTION NO. 325:

12       All DOCUMENTS, including but not limited to all

13  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO the

14  wiretapping, bugging or surreptitious recording of any PERSON who is or ever has

15  been a competitor of YOURS.

16

17  REQUEST FOR PRODUCTION NO. 326:

18       All DOCUMENTS, including but not limited to all

19  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO the

20  attempted, requested, solicited or contemplated wiretapping, bugging or

21  surreptitious recording of any PERSON who is or has ever been adverse to YOU in

22  any litigation, arbitration or legal proceeding or any threatened or potential

23  litigation, arbitration or legal proceeding.

24

25  REQUEST FOR PRODUCTION NO. 327:

26       All DOCUMENTS, including but not limited to all

27  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO the

28  attempted, requested, solicited or contemplated wiretapping, bugging or

209/2323969.1

1  surreptitious recording of any PERSON who is or has ever been a competitor of

2  YOURS.

3

4  REQUEST FOR PRODUCTION NO. 328:

5      All DOCUMENTS, including but not limited to all

6  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO the

7  destruction or non-retention, attempted, requested, solicited or contemplated

8  destruction or non-retention or any alleged, claimed or accused destruction or non-

9  retention of any DOCUMENT by YOU in any litigation, arbitration or legal

10  proceeding or any threatened or potential litigation, arbitration or legal proceeding.

11

12  REQUEST FOR PRODUCTION NO. 329:

13      All DOCUMENTS, including but not limited to all

14  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

15  allegation that MATTEL "contact[ed] persons under false pretense in order to

16  interrogate them about Bratz and this litigation."

17

18  REQUEST FOR PRODUCTION NO. 330:

19      All DOCUMENTS, including but not limited to all

20  COMMUNICATIONS with any PERSON, that YOU allege prove or that YOU will

21  rely on at trial to prove that MATTEL "contact[ed] persons under false pretense in

22  order to interrogate them about Bratz and this litigation."

23

24  REQUEST FOR PRODUCTION NO. 331:

25      DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge

26  of YOUR allegation that MATTEL "contact[ed] persons under false pretense in

27  order to interrogate them about Bratz and this litigation."

28

-79-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 80

1   REQUEST FOR PRODUCTION NO. 332:

2         DOCUMENTS describing all time periods during which MATTEL

3   allegedly "contact[ed] persons under false pretense in order to interrogate them

4   about Bratz and this litigation."

5

6   REQUEST FOR PRODUCTION NO. 333:

7         DOCUMENTS sufficient to IDENTIFY every PERSON who YOU

8   contend MATTEL "contact[ed] . . . under false pretense in order to interrogate them

9   about Bratz and this litigation."

10

11   REQUEST FOR PRODUCTION NO. 334:

12         DOCUMENTS sufficient to IDENTIFY the date of each alleged

13   instance of MATTEL "contacting persons under false pretense in order to

14   interrogate them about Bratz and this litigation."

15

16   REQUEST FOR PRODUCTION NO. 335:

17         DOCUMENTS sufficient to IDENTIFY the purpose or reason of each

18   alleged instance of MATTEL "contacting persons under false pretense in order to

19   interrogate them about Bratz and this litigation."

20

21   REQUEST FOR PRODUCTION NO. 336:

22         DOCUMENTS sufficient to explain why MATTEL allegedly

23   "contact[ed] persons under false pretense in order to interrogate them about Bratz

24   and this litigation," if YOU know.

25

26   REQUEST FOR PRODUCTION NO. 337:

27         All DOCUMENTS, including but not limited to all

28   COMMUNICATIONS with any PERSON, that REFER OR RELATE TO any

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

1   COMMUNICATION between MATTEL and any PERSON who MATTEL

2   allegedly "contact[ed] . . . under false pretense in order to interrogate them about

3   Bratz and this litigation."

4

5   REQUEST FOR PRODUCTION NO. 338:

6        All DOCUMENTS that YOU contend show or tend to show that any

7   alleged "[contact by MATTEL with] persons under false pretense in order to

8   interrogate them about Bratz and this litigation" was illegal or improper.

9

10  REQUEST FOR PRODUCTION NO. 339:

11       All DOCUMENTS that YOU contend show or tend to show that any

12  alleged "[contact by MATTEL with] persons under false pretense in order to

13  interrogate them about Bratz and this litigation" was not privileged.

14

15  REQUEST FOR PRODUCTION NO. 340:

16       All DOCUMENTS that describe the allegedly "false pretenses" that

17  MATTEL used or employed to "contact[] persons . . . in order to interrogate them

18  about Bratz and this litigation."

19

20  REQUEST FOR PRODUCTION NO. 341:

21       All DOCUMENTS, including but not limited to all

22  COMMUNICATIONS with any PERSON, RELATING to YOUR actions in

23  response to, or efforts to stop, thwart, prevent, counter or mitigate, MATTEL from

24  allegedly "contacting persons under false pretense in order to interrogate them about

25  Bratz and this litigation."

26

27

28

-81-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 82

1  REQUEST FOR PRODUCTION NO. 342:

2       All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury,

4  increased expense, lost revenue or profits, or any other damage caused to YOU by

5  MATTEL'S alleged "[contact with] persons under false pretense in order to

6  interrogate them about Bratz and this litigation."

7

8  REQUEST FOR PRODUCTION NO. 343:

9       All DOCUMENTS, including but not limited to all

10  COMMUNICATIONS with any PERSON, RELATING to YOU contacting any

11  PERSON under false pretense in order to question, interview or interrogate them

12  about MATTEL and this litigation.

13

14  REQUEST FOR PRODUCTION NO. 344:

15       All DOCUMENTS that REFER OR RELATE TO any interview or

16  conversation that YOU have had, or attempted, proposed or requested to have, with

17  Anna Rhee.

18

19  REQUEST FOR PRODUCTION NO. 345:

20       All DOCUMENTS, including but not limited to all

21  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

22  allegation that MATTEL "coerc[ed] its employees to accept restrictive covenants

23  (right before a massive layoff) and non-compete clauses and other efforts to prevent

24  prospective MGA employees from accepting offers of employment."

25

26  REQUEST FOR PRODUCTION NO. 346:

27       All DOCUMENTS, including but not limited to all

28  COMMUNICATIONS with any PERSON, that YOU contend prove or that YOU

J9/2323969.1

1  will rely on at trial to prove that MATTEL "coerc[ed] its employees to accept
2  restrictive covenants (right before a massive layoff) and non-compete clauses and
3  other efforts to prevent prospective MGA employees from accepting offers of
4  employment."

5

6  **REQUEST FOR PRODUCTION NO. 347:**

7     DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge
8  of YOUR allegation that MATTEL "coerc[ed] its employees to accept restrictive
9  covenants . . . and non-compete clauses."

10

11  **REQUEST FOR PRODUCTION NO. 348:**

12     DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge
13  of YOUR allegation that MATTEL engaged in "efforts to prevent prospective MGA
14  employees from accepting offers of employment."

15

16  **REQUEST FOR PRODUCTION NO. 349:**

17     DOCUMENTS describing all time periods during which MATTEL
18  allegedly "coerc[ed] its employees to accept restrictive covenants . . . and non-
19  compete clauses and other efforts to prevent prospective MGA employees from
20  accepting offers of employment."

21

22  **REQUEST FOR PRODUCTION NO. 350:**

23     DOCUMENTS sufficient to IDENTIFY every PERSON who YOU
24  contend MATTEL "coerc[ed] . . . to accept restrictive covenants . . . and non-
25  compete clauses" in order to "prevent [the person] from accepting [an] offer[] of
26  employment [from MGA]."

27

28

-83-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 84

109/2323969.1

1   REQUEST FOR PRODUCTION NO. 351:

2          DOCUMENTS sufficient to IDENTIFY every PERSON who YOU

3   contend MATTEL "prevent[ed] from accepting [an] offer[] of employment [from

4   MGA]."

5

6   REQUEST FOR PRODUCTION NO. 352:

7          DOCUMENTS sufficient to IDENTIFY every PERSON who became

8   YOUR employee who YOU contend MATTEL "coerc[ed] . . . to accept restrictive

9   covenants . . . and non-compete clauses" in order to "prevent [the person] from

10  accepting [an] offer[] of employment [from MGA]."

11

12  REQUEST FOR PRODUCTION NO. 353:

13        DOCUMENTS sufficient to IDENTIFY every PERSON who did not

14  become YOUR employee who YOU contend MATTEL "coerc[ed] . . . to accept

15  restrictive covenants . . . and non-compete clauses" in order to "prevent [the person]

16  from accepting [an] offer[] of employment [from MGA]."

17

18  REQUEST FOR PRODUCTION NO. 354:

19        DOCUMENTS sufficient to IDENTIFY the date of each alleged

20  instance of MATTEL "coercing [an] employee[] to accept restrictive covenants . . .

21  and non-compete clauses" in order to "prevent [the person] from accepting [an]

22  offer[] of employment [from MGA]."

23

24  REQUEST FOR PRODUCTION NO. 355:

25        DOCUMENTS sufficient to IDENTIFY what YOU contend was the

26  purpose or reason of each alleged instance of MATTEL "coercing [an] employee[]

27  to accept restrictive covenants . . . and non-compete clauses" in order to "prevent

28  [the person] from accepting [an] offer[] of employment [from MGA]."

-84-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 85

REQUEST FOR PRODUCTION NO. 356:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO any COMMUNICATION between MATTEL and any PERSON who MATTEL allegedly "coerc[ed] . . . to accept restrictive covenants . . . and non-compete clauses" in order to "prevent [the person] from accepting [an] offer[] of employment [from MGA]."

REQUEST FOR PRODUCTION NO. 357:

All DOCUMENTS that describe the allegedly coercive methods and means that MATTEL used or employed to force "employees to accept restrictive covenants . . . and non-compete clauses" in order to "prevent [them] from accepting offers of employment [from MGA]."

REQUEST FOR PRODUCTION NO. 358:

All DOCUMENTS that describe the alleged "restrictive covenants" that MATTEL forced "employees to accept" in order to allegedly "prevent [them] from accepting offers of employment [from MGA]."

REQUEST FOR PRODUCTION NO. 359:

All DOCUMENTS that REFER OR RELATE TO every alleged "restrictive covenant" that MATTEL forced "employees to accept" in order to allegedly "prevent [them] from accepting offers of employment [from MGA]."

REQUEST FOR PRODUCTION NO. 360:

All DOCUMENTS that describe the alleged "non-compete clauses" that MATTEL forced "employees to accept" in order to allegedly "prevent [them] from accepting offers of employment [from MGA]."

09/23/23969.1

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 86

REQUEST FOR PRODUCTION NO. 361:

All DOCUMENTS that REFER OR RELATE TO every alleged "non-compete clause" that MATTEL forced "employees to accept" in order to allegedly "prevent [them] from accepting offers of employment [from MGA]."

REQUEST FOR PRODUCTION NO. 362:

DOCUMENTS sufficient to IDENTIFY all PERSONS who contend that MATTEL "coerc[ed] its employees to accept restrictive covenants (right before a massive layoff) and non-compete clauses and other efforts to prevent prospective MGA employees from accepting offers of employment."

REQUEST FOR PRODUCTION NO. 363:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING to YOUR actions in response to, or efforts to stop, thwart, prevent, counter or mitigate, MATTEL from allegedly "coercing its employees to accept restrictive covenants . . . and non-compete clauses and other efforts to prevent prospective MGA employees from accepting offers of employment."

REQUEST FOR PRODUCTION NO. 364:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury, increased expense, lost revenue or profits, or any other damage caused to YOU by MATTEL allegedly "coercing its employees to accept restrictive covenants . . . and non-compete clauses and other efforts to prevent prospective MGA employees from accepting offers of employment."

09/2323969.1

REQUEST FOR PRODUCTION NO. 365:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL "delay[ed] in suing Carter Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated Mattel case."

REQUEST FOR PRODUCTION NO. 366:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that YOU contend prove or that YOU will rely on at trial to prove that MATTEL "delay[ed] in suing Carter Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated Mattel case."

REQUEST FOR PRODUCTION NO. 367:

DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of YOUR allegation that MATTEL "delay[ed] in suing Carter Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated Mattel case."

REQUEST FOR PRODUCTION NO. 368:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury, increased expense, lost revenue or profits, or any other damage caused to YOU by MATTEL allegedly "delay[ing] in suing Carter Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated Mattel case."

REQUEST FOR PRODUCTION NO. 369:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

1  allegation that MATTEL "falsely inflat[ed] its Barbie sales figures in an effort to

2  mislead the public and retailers."

3

4  REQUEST FOR PRODUCTION NO. 370:

5          All DOCUMENTS, including but not limited to all

6  COMMUNICATIONS with any PERSON, that YOU contend prove or that YOU

7  will rely on at trial to prove that MATTEL "falsely inflat[ed] its Barbie sales figures

8  in an effort to mislead the public and retailers."

9

10  REQUEST FOR PRODUCTION NO. 371:

11          DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge

12  of YOUR allegation that MATTEL "falsely inflat[ed] its Barbie sales figures in an

13  effort to mislead the public and retailers."

14

15  REQUEST FOR PRODUCTION NO. 372:

16          DOCUMENTS describing all time periods during which MATTEL

17  allegedly "falsely inflat[ed] its Barbie sales figures in an effort to mislead the public

18  and retailers."

19

20  REQUEST FOR PRODUCTION NO. 373:

21          DOCUMENTS sufficient to IDENTIFY every alleged instance or

22  occurrence of MATTEL "falsely inflating its Barbie sales figures in an effort to

23  mislead the public and retailers."

24

25  REQUEST FOR PRODUCTION NO. 374:

26          DOCUMENTS sufficient to IDENTIFY the date of each alleged

27  instance or occurrence of MATTEL "falsely inflating its Barbie sales figures in an

28  effort to mislead the public and retailers."

19/2323969.1

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

1  REQUEST FOR PRODUCTION NO. 375:

2       DOCUMENTS sufficient to IDENTIFY every instance or occurrence

3  of MATTEL issuing "Barbie sales figures" that YOU contend were "falsely

4  inflat[ed]."

5

6  REQUEST FOR PRODUCTION NO. 376:

7       DOCUMENTS sufficient to IDENTIFY every "Barbie sales figure"

8  that YOU contend MATTEL "falsely inflat[ed] . . . in an effort to mislead the public

9  and retailers."

10

11  REQUEST FOR PRODUCTION NO. 377:

12       DOCUMENTS sufficient to IDENTIFY every "Barbie" product for

13  which YOU contend MATTEL issued "falsely inflat[ed] sales figures . . . in an

14  effort to mislead the public and retailers."

15

16  REQUEST FOR PRODUCTION NO. 378:

17       All DOCUMENTS, including but not limited to all

18  COMMUNICATIONS with any PERSON, that YOU contend prove or tend to

19  prove that MATTEL issued "falsely inflat[ed . . .] Barbie sales figures."

20

21  REQUEST FOR PRODUCTION NO. 379:

22       DOCUMENTS sufficient to IDENTIFY every "retailer" who YOU

23  contend MATTEL "misle[d]" by "falsely inflating its Barbie sales figures."

24

25  REQUEST FOR PRODUCTION NO. 380:

26       All DOCUMENTS, including but not limited to all

27  COMMUNICATIONS with any PERSON, that YOU contend prove or tend to

28  prove that retailers believed or relied on MATTEL'S allegedly "falsely inflat[ed]

1  . . . Barbie sales figures."

2

3  REQUEST FOR PRODUCTION NO. 381:

4       All DOCUMENTS, including but not limited to all

5  COMMUNICATIONS with any PERSON, that YOU contend prove or tend to

6  prove that YOU believed or relied on MATTEL'S allegedly "falsely inflat[ed] . . .

7  Barbie sales figures."

8

9  REQUEST FOR PRODUCTION NO. 382:

10       All DOCUMENTS, including but not limited to all

11  COMMUNICATIONS with any PERSON, that YOU contend prove or tend to

12  prove that YOU changed or modified YOUR business, including but not limited to,

13  business strategy, operations, plans or sales, as a result of MATTEL allegedly

14  "falsely inflating its Barbie sales figures in an effort to mislead the public and

15  retailers."

16

17  REQUEST FOR PRODUCTION NO. 383:

18       DOCUMENTS sufficient to IDENTIFY what YOU contend was the

19  purpose or reason of each alleged instance of MATTEL "falsely inflating its Barbie

20  sales figures."

21

22  REQUEST FOR PRODUCTION NO. 384:

23       All DOCUMENTS, including but not limited to all

24  COMMUNICATIONS with any PERSON, RELATING to YOUR actions in

25  response to MATTEL allegedly "falsely inflating its Barbie sales figures in an effort

26  to mislead the public and retailers."

27

28

09/23323969.1

-90-
MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 91

**REQUEST FOR PRODUCTION NO. 385:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury, increased expense, lost revenue or profits, or any other damage caused to YOU by MATTEL allegedly "falsely inflating its Barbie sales figures in an effort to mislead the public and retailers."

**REQUEST FOR PRODUCTION NO. 386:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING to MGA's reporting actual, accused or alleged false or inflated sales to the public or to retailers.

**REQUEST FOR PRODUCTION NO. 387:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL "[took] all measures to conceal its bad acts, including the willful non-retention and destruction of documents."

**REQUEST FOR PRODUCTION NO. 388:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that YOU contend prove or that YOU will rely on at trial to prove that MATTEL "[took] all measures to conceal its bad acts, including the willful non-retention and destruction of documents."

**REQUEST FOR PRODUCTION NO. 389:**

DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of YOUR allegation that MATTEL "[took] all measures to conceal its bad acts,"

9/2323969.1

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 92

1  including, but not limited to, MATTEL'S alleged "willful non-retention and

2  destruction of documents."

3

4  REQUEST FOR PRODUCTION NO. 390:

5         DOCUMENTS sufficient to IDENTIFY each "measure" or step that

6  MATTEL allegedly "[took] . . . to conceal its bad acts, including the willful non-

7  retention and destruction of documents."

8

9  REQUEST FOR PRODUCTION NO. 391:

10        DOCUMENTS sufficient to IDENTIFY each of MATTEL'S alleged

11  "bad act[s]" supporting YOUR contention that MATTEL "[took] all measures to

12  conceal its bad acts, including the willful non-retention and destruction of

13  documents."

14

15  REQUEST FOR PRODUCTION NO. 392:

16        DOCUMENTS sufficient to IDENTIFY each alleged instance or

17  occurrence of MATTEL "willful[ly] non-ret[aining or] destr[oying] . . . documents."

18

19  REQUEST FOR PRODUCTION NO. 393:

20        DOCUMENTS sufficient to IDENTIFY each DOCUMENT that YOU

21  contend that MATTEL "willful[ly] non-ret[ained or] destr[oyed]."

22

23  REQUEST FOR PRODUCTION NO. 394:

24        DOCUMENTS sufficient to IDENTIFY each DOCUMENT that YOU

25  contend that MATTEL "willful[ly] non-ret[ained or] destr[oyed]" after November

26  23, 2003.

27

28

-92-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 93

1   REQUEST FOR PRODUCTION NO. 395:

2          DOCUMENTS sufficient to IDENTIFY each DOCUMENT that YOU

3   contend that MATTEL "willful[ly] non-ret[ained or] destr[oyed]" after November

4   23, 2003, that MATTEL was obligated to retain or not destroy.

5

6   REQUEST FOR PRODUCTION NO. 396:

7          All DOCUMENTS, including but not limited to all

8   COMMUNICATIONS with any PERSON, RELATING to YOUR actions in

9   response to MATTEL allegedly "taking all measures to conceal its bad acts,

10  including the willful non-retention and destruction of documents."

11

12  REQUEST FOR PRODUCTION NO. 397:

13         All DOCUMENTS, including but not limited to all

14  COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury,

15  increased expense, lost revenue or profits, or any other damage caused to YOU by

16  MATTEL allegedly "taking all measures to conceal its bad acts, including the

17  willful non-retention and destruction of documents."

18

19  REQUEST FOR PRODUCTION NO. 398:

20         All DOCUMENTS, including but not limited to all

21  COMMUNICATIONS with any PERSON, RELATING to YOU taking any

22  measures or steps to conceal YOUR acts or omissions, including, but not limited to,

23  non-retention or destruction of documents RELATED to this litigation.

24

25  REQUEST FOR PRODUCTION NO. 399:

26         DOCUMENTS sufficient to IDENTIFY each DOCUMENT

27  RELATED to this litigation that YOU destroyed or failed to retain after November

28  23, 2003.

V2323969.1

Exhibit A - Page 94

1  REQUEST FOR PRODUCTION NO. 400:

2          All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

4  allegation that MATTEL "believed from the time that Carter Bryant left Mattel's

5  employ that he was going to perform work for a Mattel competitor."

6

7  REQUEST FOR PRODUCTION NO. 401:

8          All DOCUMENTS, including but not limited to all

9  COMMUNICATIONS with any PERSON, that YOU contend prove or that YOU

10  will rely on at trial to prove that MATTEL "believed from the time that Carter

11  Bryant left Mattel's employ that he was going to perform work for a Mattel

12  competitor."

13

14  REQUEST FOR PRODUCTION NO. 402:

15          DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge

16  of YOUR allegation that MATTEL "believed from the time that Carter Bryant left

17  Mattel's employ that he was going to perform work for a Mattel competitor."

18

19  REQUEST FOR PRODUCTION NO. 403:

20          DOCUMENTS sufficient to IDENTIFY all PERSONS who contend

21  that MATTEL "believed from the time that Carter Bryant left Mattel's employ that

22  he was going to perform work for a Mattel competitor."

23

24  REQUEST FOR PRODUCTION NO. 404:

25          All DOCUMENTS, including but not limited to all

26  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

27  allegation that MATTEL "began investigating Bryant and MGA Defendants,

28

I9/2323969.1

-94-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 95

1   including Bryant's role in the creation and development of Bratz, at least as early as

2   March 2002."

3

4   REQUEST FOR PRODUCTION NO. 405:

5          All DOCUMENTS, including but not limited to all

6   COMMUNICATIONS with any PERSON, that YOU contend prove or that YOU

7   will rely on at trial to prove that MATTEL "began investigating Bryant and MGA

8   Defendants, including Bryant's role in the creation and development of Bratz, at

9   least as early as March 2002."

10

11  REQUEST FOR PRODUCTION NO. 406:

12         DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge

13  of YOUR allegation that MATTEL "began investigating Bryant and MGA

14  Defendants, including Bryant's role in the creation and development of Bratz, at

15  least as early as March 2002."

16

17  REQUEST FOR PRODUCTION NO. 407:

18         DOCUMENTS sufficient to IDENTIFY all PERSONS who contend

19  that MATTEL "began investigating Bryant and MGA Defendants, including

20  Bryant's role in the creation and development of Bratz, at least as early as March

21  2002."

22

23  REQUEST FOR PRODUCTION NO. 408:

24         All DOCUMENTS, including but not limited to all

25  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO any

26  investigation by YOU or any other PERSON RELATING TO any PERSON'S work

27  for or employment by MATTEL, including without limitation, Carter Bryant's work

28  for and employment by MATTEL, at any time since January 1, 1998.

19/2323969.1

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

**REQUEST FOR PRODUCTION NO. 409:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR knowledge or belief that any PERSON employed by YOU was performing work or intended to perform work for any competitor of YOURS.

**REQUEST FOR PRODUCTION NO. 410:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO any statements, threats or warnings by YOU to any PERSON RELATING TO such PERSON'S performing work or intending to perform work for any competitor of YOURS, including without limitation, such COMMUNICATIONS RELATING to such PERSON'S contractual or legal obligations to YOU.

**REQUEST FOR PRODUCTION NO. 411:**

DOCUMENTS sufficient to show YOUR policies, practices or actions RELATING TO the departure of any PERSON from YOUR employ who is leaving to perform work or intends to perform work for any competitor of YOURS.

**REQUEST FOR PRODUCTION NO. 412:**

To the extent not produced in response to any other Request for Production, all DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR allegation that "Mattel's counterclaims are barred in whole or in part by Mattel's unclean hands and wrongful hands."

39/2323969.1

-96-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 97

1  REQUEST FOR PRODUCTION NO. 413:

2      To the extent not produced in response to any other Request for

3  Production, all DOCUMENTS, including but not limited to all

4  COMMUNICATIONS with any PERSON, that YOU contend prove or that YOU

5  will rely on at trial to prove that "Mattel's counterclaims are barred in whole or in

6  part by Mattel's unclean hands and wrongful hands."

7

8  REQUEST FOR PRODUCTION NO. 414:

9      To the extent not produced in response to any other Request for

10  Production, DOCUMENTS sufficient to IDENTIFY all PERSONS who have

11  knowledge of the factual bases for YOUR contention that "Mattel's counterclaims

12  are barred in whole or in part by Mattel's unclean hands and wrongful hands."

13

14  REQUEST FOR PRODUCTION NO. 415:

15      To the extent not produced in response to any other Request for

16  Production, all DOCUMENTS to IDENTIFY each factual allegation in support of

17  YOUR contention that "Mattel's counterclaims are barred in whole or in part by

18  Mattel's unclean hands and wrongful hands."

19

20  REQUEST FOR PRODUCTION NO. 416:

21      To the extent not produced in response to any other Request for

22  Production, all DOCUMENTS to IDENTIFY each instance or occurrence alleged

23  by YOU to support YOUR contention that "Mattel's counterclaims are barred in

24  whole or in part by Mattel's unclean hands and wrongful hands."

25

26  REQUEST FOR PRODUCTION NO. 417:

27      To the extent not produced in response to any other Request for

28  Production, all DOCUMENTS, including but not limited to all

09/2323969.1

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 98

1   COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury,

2   increased expense, lost revenue or profits, or any other damage that MATTEL'S

3   alleged "unclean hands and wrongful hands" caused to YOU.

4

5   REQUEST FOR PRODUCTION NO. 418:

6           All DOCUMENTS, including but not limited to all

7   COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

8   efforts to portray MATTEL negatively or unfavorably.

9

10  REQUEST FOR PRODUCTION NO. 419:

11          All DOCUMENTS, including but not limited to all

12  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOU

13  successfully portraying MATTEL negatively or unfavorably.

14

15  REQUEST FOR PRODUCTION NO. 420:

16          All DOCUMENTS, including but not limited to all

17  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOU

18  successfully portraying MATTEL products negatively or unfavorably by any means

19  or methods, other than by or through funding or commissioning market research or

20  studies.

21

22  DATED:  December 12, 2007        QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
23

24                                   By Jon D. Corey /by HSP
25                                      Jon D. Corey
                                        Attorneys for Mattel, Inc.
26

27

28

07209/2323969.1

-98-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Exhibit A - Page 99

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | |
| vs. | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S SEVENTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. |
| Defendant. | |
| AND CONSOLIDATED CASES | |

PROPOUNDING PARTY:  MATTEL, INC.

RESPONDING PARTY:    MGA ENTERTAINMENT, INC.

SET NO.:                    SEVEN (7)

07209/2362382.1

Exhibit B - Page 100

MATTEL, INC.'S 7TH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

1          Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>,

2    Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to

3    these document requests ("Requests") and make available for inspection and

4    copying originals of the following documents within 30 days of service at the

5    offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa

6    Street, 10th floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement

7    responses to these requests at such times and to the extent required by <u>Rule</u> 26(e) of

8    the <u>Federal Rules of Civil Procedure</u>.

9

10   **I.    <u>DEFINITIONS</u>**

11         A.    "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc.

12   and any PERSON acting directly or indirectly by, through, under or on behalf of

13   MGA Entertainment, Inc., including but not limited to, current or former directors,

14   officers, employees, agents, contractors, attorneys, accountants, or representatives of

15   MGA Entertainment, Inc., and any current or former corporation, partnership,

16   association, trust, parent, subsidiary, division, AFFILIATE, predecessor-in-interest

17   and successor-in-interest of MGA Entertainment, Inc., and any other PERSON

18   acting on its behalf.

19         B.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

20   "recordings" as those terms are defined in <u>Rule</u> 1001 of the <u>Federal Rules of</u>

21   <u>Evidence</u> and <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u> and shall include all

22   writings, including but not limited to, handwriting, typewriting, printing, image,

23   photograph, photocopy, digital file of any kind, transmittal by (or as an attachment

24   to) electronic mail (including instant messages and text messages) or facsimile,

25   video and audio recordings, and every other means of recording upon any tangible

26   thing, any form of COMMUNICATION or representation, and any record thereby

27   created, regardless of the manner in which the record has been stored, and all non-

28

-2-        Exhibit B - Page 101

MATTEL, INC.'S 7TH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

1   identical copies of such DOCUMENTS, in the possession, custody, or control of

2   YOU, YOUR counsel, or any other PERSON acting on YOUR behalf.

3        C.    "AFFILIATES" means any and all corporations, proprietorships,

4   d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

5   indirectly, in whole or in part, own or control, are under common ownership or

6   control with, or are owned or controlled by a PERSON, party or entity, including

7   without limitation, each parent, subsidiary and joint venture of such PERSON, party

8   or entity.

9        D.    "IDENTIFY," "IDENTIFYING," or "IDENTITY" means the

10   following:

11        (a)    With reference to an individual, means such individual's name,

12   current or last known business title, current or last known business affiliation,

13   current or last known relationship to YOU, current or last known residential and

14   business address, and current or last known telephone number.

15        (b)    With reference to an entity or entities, such entity's full name,

16   state (or country) of incorporation or organization, present or last known address,

17   and present or last known telephone number.

18        (c)    With reference to any DOCUMENT or DOCUMENTS, means

19   the date, identity of the author, addressee(s), signatories, parties, or other PERSONS

20   identified therein, its present location or custodian and a description of its contents.

21        E.    "RELATING," "RELATING TO," "REFERS TO,"

22   "REFERRING OR RELATING TO," or "REFER OR RELATE TO" means any and

23   all of the following terms and their synonyms:  refer to, discuss, constitute,

24   evidence, pertain to, mention, support, undermine, disprove, refute, contradict,

25   negate, bear on, touch on, contain, embody, reflect, identify, state, deal with,

26   concern, comment on, summarize, respond to, relate to, or describe.

27        F.    "PERSON," in the plural as well as the singular, means any

28   natural person, association, partnership, corporation, joint venture, government

1   entity, organization, trust, institution, proprietorship, or any other entity recognized

2   as having an existence under the laws in the United States or any other nation.

3          G.     "COMMUNICATION," in the plural as well as the singular,

4   means any transmittal and/or receipt of information, whether such was oral or

5   written, and whether such was by chance, prearranged, formal or informal, and

6   specifically includes, but is not limited to, conversations in person, telephone

7   conversations, electronic mail (including instant messages and text messages),

8   voicemail, letters, memoranda, statements, media releases, magazine and newspaper

9   articles, and video and audio transmissions.

10          H.     "OFFSITE STORAGE FACILITIES" means and REFERS TO

11   any storage or warehouse facilities, or any other facilities, located outside of the

12   premises of MGA, or any of MGA's AFFILIATES, including but not limited to,

13   facilities maintained by third-party vendors that have been used, at any point in

14   time, by MGA or its AFFILIATES to store DOCUMENTS or tangible things.

15          I.     The singular form of a noun or pronoun includes within its

16   meaning the plural form of the noun or pronoun so used, and vice versa; the use of

17   the masculine form of a pronoun also includes within its meaning the feminine form

18   of the pronoun so used, and vice versa; the use of any tense of any verb includes

19   also within its meaning all other tenses of the verb so used, whenever such

20   construction results in a broader request for information; and "and" includes "or"

21   and vice versa, whenever such construction results in a broader disclosure of

22   documents or information.

23

24   **II.**    <u>**INSTRUCTIONS**</u>

25          A.     YOU are to produce all requested DOCUMENTS in YOUR

26   possession, custody or control.

27          B.     If YOU contend that YOU are not required to produce certain

28   DOCUMENTS called for by these Requests on the grounds of a privilege or

07209/2362382.1

-4-

Exhibit B - Page 103

MATTEL, INC.'S 7TH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

1  protection that YOU are not prepared to waive, IDENTIFY each such DOCUMENT

2  and provide the following information:

3        1.      the date and type of the DOCUMENT, the author(s) and all

4                recipients;

5        2.      the privilege or protection that YOU claim permits YOU to

6                withhold the DOCUMENT;

7        3.      the title and subject matter of the DOCUMENT;

8        4.      any additional facts on which YOU base YOUR claim of

9                privilege or protection; and

10       5.      the IDENTITY of the current custodian of the original of the

11               DOCUMENT.

12       C.      DOCUMENTS shall be produced in their original file folders, or

13  other native format.  If the DOCUMENTS are in their original file folders, in lieu

14  thereof, any writing on the file folder from which each such DOCUMENT is taken

15  shall be copied and appended to such DOCUMENT and the PERSON for whom or

16  department, division or office for which the DOCUMENT or the file folder is

17  maintained shall be identified.

18       D.      The DOCUMENTS should be produced in their complete and

19  unaltered form.  Attachments to DOCUMENTS should not be removed.  The

20  DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

21  any reason, including alleged nonrelevance.  If emails are produced that had

22  attachments, the attachments shall be attached when produced.

23       E.      DOCUMENTS in electronic form shall be produced in that form.

24       F.      In the event that any DOCUMENT called for by these requests

25  has been destroyed or discarded, that DOCUMENT is to be identified by stating:

26       1.      the date and type of the DOCUMENT, the author(s) and all

27               recipients;

28

MATTEL, INC.'S 7TH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

2.  the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;

3.  the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

4.  the PERSONS who were authorized to carry out such destruction or discard;

5.  the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and

6.  whether any copies of the DOCUMENT exist and, if so, the name of the custodian of each copy.

## III.  **REQUESTS FOR DOCUMENTS AND THINGS**

REQUEST FOR PRODUCTION NO. 1.:

DOCUMENTS sufficient to IDENTIFY any OFFSITE STORAGE FACILITIES used by YOU since 1995.

REQUEST FOR PRODUCTION NO. 2.:

DOCUMENTS sufficient to IDENTIFY any OFFSITE STORAGE FACILITIES used by YOUR AFFILIATES since 1995.

REQUEST FOR PRODUCTION NO. 3.:

Each log, record, index, file or other DOCUMENT IDENTIFYING or listing MGA's DOCUMENTS or any tangible things stored at the OFFSITE STORAGE FACILITIES since 1995.

MATTEL, INC.'S 7TH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

1   REQUEST FOR PRODUCTION NO. 4.:

2          Each log, record, index, file or other DOCUMENT IDENTIFYING or

3 listing MGA's AFFILIATES' DOCUMENTS or any tangible things stored at the

4 OFFSITE STORAGE FACILITIES since 1995.

5

6   REQUEST FOR PRODUCTION NO. 5.:

7          Each log, record, index, file or other DOCUMENT IDENTIFYING or

8 listing MGA DOCUMENTS or any tangible things that have been sent to or

9 received from the OFFSITE STORAGE FACILITIES since 1995, including when

10 the DOCUMENTS or any tangible things were sent and/or received.

11

12   REQUEST FOR PRODUCTION NO. 6.:

13          Each log, record, index, file or other DOCUMENT IDENTIFYING or

14 listing MGA's AFFILIATES' DOCUMENTS or any tangible things that have been

15 sent to or received from the OFFSITE STORAGE FACILITIES since 1995,

16 including when the DOCUMENTS or any tangible things were sent and/or received.

17

18 DATED: January 22, 2008     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

19 .

20                By _Jon D. Corey_____

21                 Jon D. Corey
                Attorneys for Mattel, Inc.

22

23

24

25

26

27

28

MATTEL, INC.'S 7TH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

02/04/2008 18:52 FAX  12134433100          QEUUH-LAU                                    ✍ 002/003

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 4, 2008

## VIA FACSIMILE [(650) 470-4570] AND U.S. MAIL

Andrew C. Temkin, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue Suite 1100
Palo Alto, California 94301

Re:   Bryant v. Mattel, Inc.

Dear Mr. Temkin:

Upon further review of the CD produced by MGA, Bates numbered MGA 3815506, it has come to our attention that the CD contains Mattel authored or originated documents which MGA did not produce.  The following documents listed on the CD were not produced:

draft 04_Ext plan mar9.xls
FRP BID 2003 Proyeccion Diaria al 05 Mzo.xls
proyeccion 2004.xls
Revision POS 09 Dic 02.xls
A&P04-media1.xls
A&P04-media.xls
pablo.jpg

Again, you have requested that Mattel withdraw its Motion To (1) Enforce The Court's August 13, 2007 Order and To Compel; and (2) For Award of Monetary Sanctions.  As I stated to you in my letter of January 31, 2008, the relief sought included an order compelling MGA to produce all media containing Mattel-authored or originated documents and to enforce the Court's August 13, 2007 Order concerning Request for Production No. 65, which seeks "Copies of all DOCUMENTS that were seized by Mexican authorities from MGA's office in Mexico City, Mexico." MGA represented that this CD contains documents seized by Mexican authorities from MGA's office in Mexico, hence the unproduced documents are responsive to Request No. 65.  Please confirm that, with the inclusion of the CD, MGA has produced all such documents. Additionally, because you have not responded to my letter, Mattel must again request that MGA please confirm that the CD Bates numbered MGA 3815506 is a true and correct copy of the only

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2376560.1

Exhibit C - Page 107

02/04/2008 18:52 FAX  12134433100          QEOOR-LAU                              ☑ 003/003

responsive media in MGA's, or its counsel's, possession, custody or control.  If MGA has not produced all such media and/or documents, please confirm which media or documents MGA is withholding and why.

Again, please provide the requested information at your earliest convenience so that Mattel may determine whether to withdraw its pending Motion and bring this matter to a close.

Best regards,

Jon D. Corey

Exhibit C - Page 108

# CERTIFICATE OF SERVICE

I, Maria Mercado-Navarro, declare:

I am more than eighteen years old and not a party to this action.  My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California 90017-5855.

I hereby certify that on July 22, 2009, I electronically filed the following documents with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed below:

**DECLARATION OF WILLIAM A. MOLINSKI IN SUPPORT OF MGA PARTIES' OPPOSITION TO MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS IN RESPONSE TO MATTEL'S FIRST, SECOND, AND THIRD SETS OF REQUESTS FOR PRODUCTION TO MGA MEXICO**

## SEE ATTACHED SERVICE LIST

I declare under penalty of perjury that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 22, 2009, at Los Angeles, California.

_____
/s/
Maria Mercado-Navarro

1

## PHASE 2 SERVICE LIST

2

Counsel for Mattel. Inc.

3

John B. Quinn, Esq.

johnquinn@quinnemanuel.com

4

Michael T. Zeller, Esq.

5

michaelzeller@quinnemanuel.com

Jon D. Corey, Esq.

6

Joncorey@quinnemanuel.com

7

Brett D. Proctor

dylanproctor@quinnemanuel.com

8

QUINN EMANUÉL URQUHART OLIVER & HEDGES, LLP

9

865 South Figueroa Street, 10th Floor

Los Angeles, CA  90017-2543

10

Telephone: (213) 443-3000

11

Facsimile:  (213) 443-3100

12

Counsel for Carlos Gustavo Machado Gomez

13

Mark E. Overland, Esq.

moverland@ scheperkim.com

14

Alexander H. Cote, Esq.

15

acote@ scheperkim.com

SCHEPER KIM & OVERLAND LLP

16

601 W. 5th Street, 12th Floor

17

Los Angeles, CA  90017

Telephone:  (213) 613-4655

18

Facsimile:   (213) 613-4656

19

Leah Chava Gershon, Esq.

20

leah@spertuslaw.com

21

JAMES W. SPERTUS LAW OFFICES

1990 S. Bundy Drive, Suite 705

22

Los Angeles, CA  90025

23

Telephone:  (310) 584-7671

Facsimile:   (310) 826-4711

24

25

26

27

28

1

Counsel for Limited Intervenor, Omni 808 Investors LLC

2

Todd E. Gordinier, Esq.
todd.gordinier@bingham.com

3

BINGHAM MCCUTCHEN LLP

4

600 Anton Blvd., 18th Floor
Costa Mesa, CA  92626

5

Telephone:   (714) 830-0600

6

Facsimile:   (714) 830-0700

7

Additional Counsel:

8

Thomas J. Nolan, Esq.
thomas.nolan@skadden.com

9

Raoul D. Kennedy, Esq.
raoul.kennedy@skadden.com

10

Jason D. Russell, Esq.
jason.russell@skadden.com

11

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue

12

Suite 3400
Los Angeles, CA 90071-3144

13

Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28