ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:   +1-415-773-5700
Facsimile:    +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:   +1-213-629-2020
Facsimile:    +1-213-612-2499

Attorneys for MGA ENTERTAINMENT, INC., MGA
ENTERTAINMENT HK, LTD., MGA Mexico de
MEXICO, S.R.L. de C.V., and ISAAC LARIAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>                  Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>                  Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Robert C. O'Brien]**<br><br>**MGAE DE MEXICO, S.R.L. DE C.V.'S OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS IN RESPONSE TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION (PHASE 2)**<br><br>Date:        TBD<br>Time:        TBD<br>Place:       Arent Fox LLP<br>**Phase 2:**<br>Disc. Cut-off:   Dec. 11, 2009<br>Pre-trial Con.:  Mar. 1, 2010<br>Trial Date:      Mar. 23, 2010 |

1

# TABLE OF CONTENTS

2

**Page**

3

4    I.    INTRODUCTION ......................................................................................... 1

5    II.   RELEVANT BACKGROUND ..................................................................... 2

6    III.  THE DISCOVERY MASTER SHOULD DENY MATTEL'S
           MOTION ...................................................................................................... 3

7

8          A.    MGA Mexico Offered to Produce All Relevant Documents ............... 4

           B.    Mattel's Requests Are Largely Irrelevant And Overbroad .................. 6

9          C.    Many Of The Requests Seek Privileged Information ........................ 13

10         D.    Mattel's Motion Is Procedurally Defective And Should be
                 Denied ................................................................................................. 14

11         E.    Sanctions Are Unwarranted Against MGA Mexico ........................... 14

           F.    Mattel Should Be Sanctioned .............................................................. 15

12   IV.   CONCLUSION ........................................................................................... 15

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

## <u>CASES</u>

*Davis v. Kissinger,*
   2009 U.S. Dist. LEXIS 2828 (E.D. Cal. Jan. 8, 2009) ........................7

*Epstein v. MCA, Inc.,*
   54 F.3d 1422 (9th Cir. 1995) ...............................................................6

*Haensel v. Chrysler Corp.,*
   1997 U.S. Dist. LEXIS 13160 (E.D. La. Aug. 22, 1997) ...................7

*Lexington Ins. Co. v. Commonwealth Ins. Co.,*
   1999 U.S. Dist. LEXIS 23428 (N.D. Cal. Sep. 17, 1999) .................4

*O'Brien v. Maui County,*
   2002 U.S. App. LEXIS 10835 (9th Cir. May 6, 2002) ......................6

*SEC v. Schroeder,*
   2009 U.S. Dist. LEXIS 51925 (N.D. Cal. Jun. 10, 2009) .................4

*Westhemeco, Ltd. v. New Hampshire Ins. Co.,*
   82 F.R.D. 702 (S.D.N.Y. 1979) ...........................................................7

*White v. Ultramar, Inc.,*
   21 Cal. 4th 536 (1999) .........................................................................9

## <u>RULES</u>

Fed. R. Civ. P.
   37(a)(5) ...............................................................................................14

1   Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-

2   Defendants MGA Entertainment HK, Ltd., MGAE de Mexico S.R.L. de C.V., and

3   Isaac Larian ("MGA Parties") respectfully submit this Opposition to Defendant

4   Mattel, Inc.'s ("Mattel") Motion to Compel the Production of Documents and

5   Things responsive to Mattel's First Set of Requests for Production (Phase 2).

6   **I.    INTRODUCTION**

7   Mattel's Motion to Compel MGAE de Mexico S.R.L. de C.V. ("MGA

8   Mexico") to provide documents, where MGA Mexico already offered to produce all

9   relevant, non-privileged documents, is unnecessary and substantively without merit.

10  Indeed, Mattel's Motion is little more than a transparent attempt to burden counsel

11  for the MGA Parties during a period of transition—wasting the Discovery Master's

12  time, resources, and unnecessarily increasing the costs of this litigation.  As Mattel

13  itself readily acknowledged, MGA Mexico offered to produce **all relevant**, non-

14  privileged documents responsive to many of the requests at issue.  This, however,

15  was not enough for Mattel, which demanded that **all** responsive documents be

16  produced—whether relevant or not—to every one of the 83 requests.  Motion, p. 6.

17  Mattel then prematurely initiated discovery motion practice because it was simply

18  impatient, or unwilling to narrow the scope of a single request.

19  A review of the language of the requests—as opposed to Mattel's distorted

20  summaries of these requests—reveals requests that are overbroad and seek wholly

21  irrelevant information.  Request No. 1, for example, seeks "all contracts or

22  agreements entered into by VARGAS or TRUEBA with [MGA Mexico] **or on**

23  **[MGA Mexico's] behalf** on or after March 1, 2007."  This would require

24  production of agreements entered into by Vargas or Trueba on behalf of MGA

25  Mexico, e.g., for telephone service, package deliveries, electricity or even catered

26  lunches.  Most of Mattel's requests are similarly overbroad.

27  When MGA Mexico said it would produce **relevant** information called for

28  by these requests and invited Mattel to discuss what would be produced, Mattel

1  refused, saying it wanted everything responsive to every request. No narrowing.

2  No limiting. No compromise.

3      In its Motion, Mattel now seeks to justify the relevance of these requests, not

4  by citing to the language of the specific requests, but by lumping the requests into

5  broad topics and then explaining why that *topic* is relevant to the action. Mattel

6  makes no effort to justify the language of a single request, because it knows most of

7  these requests are so blatantly overbroad that they cannot be justified. Having

8  refused to narrow even a single one of these 83 requests, or to explain why any of

9  these specific requests was proper, Mattel's motion should be denied.

10  **II.    RELEVANT BACKGROUND**

11      Mattel served the underlying requests at issue on April 16, 2009. Searcy

12  Decl., Ex. 5. The MGA Parties' served Mattel with responses thereto on May 18,

13  2009. *Id.*, Ex. 6. On June 18, 2009, slightly over thirty days ago, Mattel's counsel

14  began alleging that MGA Mexico's objections were unfounded and meritless;

15  demanding that MGA Mexico produce all documents in its possession regardless of

16  their remotely relevant nature, at best.[1]

17      On June 24, 2009, Mattel's counsel wrote a "follow-up" letter regarding

18  "Mattel's anticipated motion to compel production"—already hopeful of motion

19  practice regardless of the parties' meet and confer efforts and still lacking any

20  specificity as to the purported deficiencies. Searcy Decl., Ex. 8. On June 25, 2009,

21  MGA Parties' prior counsel responded to Mattel's letter and rebutted all of the

22  supposed deficiencies. Specifically, the June 25 letter invited Mattel to contact

23  MGA counsel to "discuss these matters further" and unambiguously stated that "to

24  the extent any such documents exist, MGA Mexico will produce all relevant, non-

25  privileged documents responsive to Request Nos. 27, 28, 38, 51-54, 58, 60, 62, 64,

26  66-68, 70-76, and 79-83." MGA Mexico objected to the remaining requests on the

27  ――――――――――
[1] Without identifying a *single* request, Mattel's counsel categorically asserted that
28  MGA Mexico's objections were "frivolous," "game-playing," and "unavailing."
    Searcy Decl., Ex. 6.

1   grounds that many of these requests were rendered moot by rulings of the Court,

2   and that the remaining 14 requests were simply not relevant.  But even as to these

3   remaining requests, MGA Mexico indicated that it was prepared to consider

4   production if Mattel could explain the relevance of each of those requests, which

5   Mattel refused to do.  Searcy Decl., Ex. 8, pp. 299-300.  As a result of these prior

6   communications, and having not heard from Mattel any further, MGA Mexico was

7   somewhat blind-sided with this Motion.  Indeed, in its June 25 letter, MGA

8   Mexico's counsel offered to meet the very next day to try to reach an agreement on

9   these issues.  Mattel did not respond to this letter.

10      MGA Mexico was prepared to produce non-objectionable, relevant

11  documents responsive to Requests for Production Nos. 27, 28, 38, 51-54, 58, 60,

12  62, 64, 66-68, 70-76, and 79-83—the entire subset of which are requests that are the

13  subject of Mattel's Motion.  Moreover, contrary to Mattel's characterization, MGA

14  Mexico did not sit back and do nothing until threatened with the filing of this

15  Motion.  MGA Mexico already indicated that it would comply with the production

16  of documents responsive to Mattel's many requests.  Indeed, Mattel moved to

17  compel documents just over two weeks after MGA Mexico agreed that documents

18  would be forthcoming.  Having refused MGA Mexico's offers, and having failed to

19  justify the requests as worded, Mattel's motion should be denied.

20  **III.   THE DISCOVERY MASTER SHOULD DENY MATTEL'S MOTION**

21      By its pending Motion, Mattel brazenly engages in discovery

22  gamesmanship—burdening the MGA Parties with motion practice when no real

23  dispute remains.  MGA Mexico was ready and willing to agree on what was

24  relevant and what would be produced.  MGA Mexico even offered to produce

25  documents, and then to agree to meet to discuss what else Mattel might want.

26  Searcy Decl., Ex. 8, p. 301.  Essentially, the relief that Mattel requests in its Motion

27  is what MGA Mexico has already offered, or at least, to which Mattel is entitled—

28  the production of all relevant documents.  Moreover, Mattel's request for sanctions

1   is unfounded, as MGA Mexico has been attempting to work its way through

2   responsive documents in good faith.  Mattel's Motion, thus, was deliberately

3   initiated to waste everyone's time and resources, as well as adding unnecessarily to

4   the litigation costs.

5           It is truly ironic that the crux of Mattel's argument in this Motion is that an

6   agreement to produce all relevant, non-privileged documents is not enough and that

7   all responsive documents need to be produced.  Motion, p. 6.  ("MGA Mexico did

8   agree to produce" all ***relevant*** non-privileged documents responsive to [various

9   requests].  It did not, however, agree to produce all ***responsive*** and non-privileged

10   documents to those requests . . . .").  In Mattel's sister motion to compel responses

11   to its First, Second and Third Requests—written, apparently, by a different Quinn

12   Emanuel lawyer—Mattel asks that the Court compel the production of "all relevant,

13   non-privileged documents in MGA Mexico's custody . . ."  Motion to Compel First,

14   Second and Third Set of Requests, p. 2.  So what one Mattel motion says is

15   insufficient, the other asks the Court to order.

16       **A.**     **MGA Mexico Offered to Produce All Relevant Documents**[2]

17           MGA Mexico offered to produce all relevant documents.  It specifically

18   agreed to produce relevant documents responsive to many requests and invited

19   Mattel to explain the relevance of the remaining requests.  Despite MGA Mexico's

20   effort to resolve this dispute without the Discovery Master's intervention, Mattel

21   continues to complain about MGA Mexico's production and insists on holding

22   MGA Mexico to a standard that is neither practicable nor required by law.

23   *Lexington Ins. Co. v. Commonwealth Ins. Co.*, 1999 U.S. Dist. LEXIS 23428, at

24   *20 (N.D. Cal. Sep. 17, 1999) (declaring a motion to compel moot since the non-

25   moving party "agreed to produce all *responsive* non-privileged documents."); *SEC*

26   *v. Schroeder*, 2009 U.S. Dist. LEXIS 51925, at *4 (N.D. Cal. Jun. 10, 2009)

27   (upholding magistrate judge's *denial* of Defendant's motion to compel since the

28   [2] Mattel is moving to compel responses to 83 document requests.

1  non-moving party "agreed to produce the requested documents.").

2      It is obvious now that Mattel engaged in the "meet and confer" process with

3  the single-minded goal of burdening the Discovery Master with a motion to

4  compel.  In Mattel's initial meet and confer letter, it threw in "everything including

5  the kitchen sink" by setting forth several grounds for why it believes that nearly

6  every MGA Mexico document should be produced in this case.  Moreover, MGA

7  Mexico invited Mattel to identify specific deficiencies to further the dialogue in its

8  June 25 letter.  Rather than engage in good faith deliberations concerning the

9  instant dispute, Mattel declined and this Motion followed—conveniently timed to

10  coincide with the MGA Parties substitution of counsel.  While many of its

11  arguments could have been addressed out of court, Mattel chose to reserve them for

12  the current dispute instead.  For example, Mattel was invited to discuss the

13  relevance of each disputed request, but chose to address the issues before the

14  Discovery Master as opposed to a productive meet and confer.  By maintaining an

15  inflexible stance on when and what documents MGA Mexico is to produce, Mattel

16  has intentionally foreclosed any possibility of resolving issues informally.  Simply

17  stated, Mattel's scorched-earth approach to discovery is clearly evidenced by the

18  fact that Mattel has moved to compel nearly *seven hundred document requests* in

19  two motions.[3]

20      In contrast to Mattel's eager embrace of court involvement, MGA Mexico

21  has attempted to avoid burdening the Discovery Master with this dispute:

22      • Counsel for the MGA Parties offered to produce all relevant,

23         non-privileged documents responsive to many of the requests.

24      • Counsel for the MGA Parties offered to sit down with Mattel in an

25         effort to agree to a narrowing of certain overbroad requests.

26  _____

27  [3] Filed concurrently herewith is MGA Mexico's Opposition to Mattel's Motion to Compel documents responsive to Mattel's First, Second and Third Sets of Requests for Documents and Things ("Opposition to the First, Second and Third Set of

28  Requests").

1        • Counsel for the MGA Parties invited Mattel to explain the relevance of

2        other requests—a task Mattel has yet to do.

3    Mattel's failure to meet in good faith is alone grounds for denial of its

4  Motion.

5      **B.**    <u>**Mattel's Requests Are Largely Irrelevant And Overbroad**</u>

6    Contrary to Mattel's assumption, not every one of its 83 requests was

7  narrowly tailored to seek only relevant information.  Indeed, Mattel has propounded

8  a litany of irrelevant and overbroad document requests on the MGA Parties.  In

9  light of the scope and breadth of Mattel's requests, MGA Mexico's objections are

10  entirely proper.  MGA Mexico's objections were specifically tailored to each

11  production request.  Mattel suggests that MGA's objections must be boilerplate

12  simply because they were methodically crafted and thorough.  Given Mattel's broad

13  interpretation of its right to discovery and its repeated refusal to accept any

14  limitation of discovery requests, it is absolutely warranted for MGA Mexico to

15  have included all reasonable objections to every production request.

16    Contrary to Mattel's contentions, baldly declaring something relevant does

17  not make it so.  As the Discovery Master is aware, Mattel may only seek

18  information relevant to the Phase Two claims or defenses.  *See Epstein v. MCA,*

19  *Inc.*, 54 F.3d 1422, 1423-24 (9th Cir. 1995) (reversing grant of motion to compel

20  where document requests sought information not relevant to any claims).  With the

21  volume of discovery already available,[4] Mattel should no longer be able to make

22  broad unsupported statements speculating about how hundreds of its requests

23  "relate to" general issues in this case.

24    Further, many of Mattel's requests seek irrelevant documents and are overly

25  broad and unduly burdensome.  *O'Brien v. Maui County*, 2002 U.S. App. LEXIS

26  10835, at *9 (9th Cir. May 6, 2002) (upholding denial of motion to compel where

27

28  [4] The MGA Parties have thus far produced approximately 4.2 million pages of
documents responsive to Mattel's production requests.

1  requests were "irrelevant, overbroad, and unduly burdensome"); *Davis v. Kissinger*,

2  2009 U.S. Dist. LEXIS 2828, at *10 (E.D. Cal. Jan. 8, 2009) (denying motion to

3  compel because the requests were overbroad, burdensome, and not reasonably

4  calculated to lead to the discovery of admissible evidence).  Especially considering

5  "the wealth of material already made available in this case," Mattel should not be

6  allowed to compel responses where the requests are overly broad and unduly

7  burdensome.  *Westhemeco, Ltd. v. New Hampshire Ins. Co.*, 82 F.R.D. 702, 709

8  (S.D.N.Y. 1979).

9       Even a cursory review of Mattel's Requests reveals blatantly overbroad

10  requests that seek irrelevant, competitively sensitive and potentially private and

11  personal information.  Indeed, it is not surprising that Mattel does not quote a single

12  request in its brief, instead, "paraphrasing" groups of requests in a way to make its

13  requests appear more narrow than they truly are.  Mattel has refused to narrow a

14  single request and would not meet and confer over the scope of any relevant

15  information sought in these requests.

16       Provided below are some examples of the overbroad, burdensome, and

17  intrusive requests propounded by Mattel.[5]  Should the Discovery Master agree that

18  these requests are overbroad, the recourse should not be to reward Mattel by

19  rewriting the requests for Mattel so as to require only relevant information, the

20  recourse is to refuse to enforce these requests as written and require Mattel to do

21  what it was required to do in the first place:  draft narrowly tailored requests that

22  seek only relevant information.  *See, e.g., Haensel v. Chrysler Corp.*, 1997 U.S.

23  Dist. LEXIS 13160, *6 (E.D. La. Aug. 22, 1997) (refusing to "rewrite these

24  requests for the plaintiffs in order to transform them into narrow, specific

25  inquiries").

26  _____

27  [5] The discussion below assumes that the capitalized terms have meanings one
would commonly expect of these terms.  If one includes Mattel's convoluted and

28  overbroad definitions, these requests become even more absurd, as is explained in
the accompanying Opposition to the First, Second and Third Set of Requests.

**REQUEST NO. 1:**

This request asks for:

> All contracts or agreements entered into by VARGAS or TRUEBA with YOU or on YOUR behalf, on or after March 1, 2007.

Searcy Decl., Ex. 4, p. 175.

While certain agreements between MGA Mexico and Vargas are relevant, such as their employment agreements, there is no possible relevance to every agreement executed by these individuals *on behalf of* MGA Mexico. This would mean, for example, that an agreement executed by Vargas for the weekly delivery of flowers for the MGA Mexico lobby would need to be produced; it would mean that if Trueba signed an agreement with Telefonos de Mexico for phone service for MGA's office, it would need to be produced; it would mean that if Vargas signed an agreement for lunch to be delivered for a company event, it would need to be produced. Mattel has refused to narrow this (or any) request. The request, thus, should be denied as being overbroad and unenforceable as written. *See also* Req. No. 2 ("all contracts . . . signed . . . by VARGAS or TRUEBA on YOUR behalf . . . ."); Req. No. 3 ("all contracts . . . negotiated by VARGAS or TRUEBA on YOUR behalf . . . ."); Req. No. 4 ("all COMMUNICATIONS by, from or to VARGAS or TRUEBA REFERRING OR RELATING to contracts . . . entered into . . . on YOUR behalf . . . ."); Req. No. 5 (""all COMMUNICATIONS by, from or to VARGAS or TRUEBA REFERRING OR RELATING to contracts . . . signed . . . on YOUR behalf . . . ."); Req. No. 6 ("all COMMUNICATIONS by, from or to VARGAS or TRUEBA REFERRING OR RELATING to contracts . . . negotiated . . . on YOUR behalf . . . ."). Searcy Decl., Ex. 4, pp. 175-176.

Mattel argues that it needs this information to determine these individuals' roles at MGA Mexico to determine if their conduct could be imputed to the company. Motion, pp. 12-13. If this argument were sufficient, then in every case

1   against an employee and employer, the plaintiff would have carte blanche to view

2   every aspect of the business the employee touched to determine that employees

3   "role." There is no effort to limit discovery to acts relevant to the claims in the

4   case. Whether the conduct of these employees is imputable to this company for

5   acts irrelevant to the action does not assist in determining if their alleged theft of

6   trade secrets is imputable to the company.

7         Indeed, Mattel claims that 58 of its 83 requests[6] are needed to determine

8   whether Vargas and Trueba are "managing agents" for the purpose of awarding

9   punitive damages against their employer. Motion, p. 11-12. Even if this were a

10  relevant inquiry, the California Supreme Court has made clear that the test for

11  determining if someone is a "managing agent" is not the broad test once used that

12  looked to hirings, firings, contracts signed and the like—all the information Mattel

13  seeks—but whether the employee had substantial discretionary authority over

14  corporate policy. *White v. Ultramar, Inc.*, 21 Cal. 4th 536 (1999). Mattel's broad

15  based requests use a shotgun when a rifle shot will work knowing if Vargas signed

16  a $20 lunch order will not advance the ball one, iota in determining if he had

17  substantial discretionary authority over corporate policy. Clearly, more focused

18  discovery could have achieved the results desired by Mattel without the extreme

19  burden it seeks to impose on MGA Mexico here.

20  **REQUEST NO. 7:**

21        This request broadly asks for:

22            ALL DOCUMENTS REFERRING OR RELATING to

23            any interviews of candidates for employment or any

24            potential or prospective employees or officers conducted

25            or attended by VARGAS or TRUEBA, on or after

26            March 1, 2007.

27        This request is not limited to interviews of current or former Mattel

28    [6] Req. Nos. 1-50, 55-58, 65, 70, 77-78.

employees, which might have some limited relevance, but interviews of any employee from any employer. If Vargas interviewed a delivery person for MGA, documents related to that interview would have to be produced. If Trueba contacted Mexico's equivalent of ReadyTemps for an assistant, those documents would have to be produced. Again, however, Mattel has refused any limitation on the scope of this request.

**REQUEST NO. 24:**

This request asks for:

> All DOCUMENTS REFERRING OR RELATING TO any business travel by VARGAS or TRUEBA on YOUR behalf, and the reasons therefore, on or after March 1, 2007.

Clearly, not every business trip by these individuals over a two-year period could possibly relate to Mattel's claims. With *no effort* to narrow the scope of this request, Mattel's motion to compel compliance should be denied.

**REQUEST NO. 25:**

This request asks for:

> All COMMUNICATIONS between Isaac Larian and VARGAS, on or after March 1, 2007, REFERRING OR RELATING TO YOU, YOUR business operations, YOUR management, YOUR finance, YOUR practices, policies or procedures, YOUR management, YOUR sales or potential sales or any products or potential, contemplated or suggested products.

The claimed relevance of this request is that Mattel has alleged the theft of Mattel trade secrets "to run MGA Mexico," and thus that Mattel should get every single communication between these individuals regarding almost every aspect of MGA's business. The overbreadth of this request is obvious.

**REQUEST NO. 27:**

This request asks for:

> All COMMUNICATIONS between Isaac Larian and
> VARGAS, on or after March 1, 2007, REFERRING OR
> RELATING TO MATTEL.

Searcy Decl., Ex. 4, p. 180.

Mattel argues that communications between Larian and Vargas are relevant to its claims. While it is true that certain communications between Larian and Vargas may be relevant, it is clear that not *all* such communications are relevant. Mattel is a competitor and one would expect Vargas to discuss MGA's main competitor with Larian. Again, Mattel was unwilling to either limit this request or even to meet and confer in an effort to do so.

**REQUEST NO. 36:**

This request asks for:

> All DOCUMENTS REFERRING OR RELATING TO
> any disbursements, expenditures, payouts, or other uses of
> YOUR funds in which VARGAS or TRUEBA had any
> input, participation or involvement, on or after March 1,
> 2007.

Searcy Decl., Ex. 4, p. 182.

Mattel argues that that this request seeks documents relevant to its claims when nothing could be further from the truth. Motion, p. 13. The fact that Trueba or Vargas may or may not have received a petty cash disbursement for purchasing "lunch" is not the slightest bit relevant to Phase 2 of this action—yet, a plain reading of Mattel's request would encompass such documents. Conveniently, Mattel's Motion only includes the quoted language of Request No. 38, a request that MGA Mexico has offered to provide documents for and, by far, one of the more focused production requests and not at issue in this Motion.

1  **REQUEST NO. 51:**

2       In its Motion, Mattel characterizes this request as asking for communications

3  between MGA Mexico and law enforcement "regarding MGA Mexico's theft of

4  Mattel's trade secrets."  The *actual* request, however, is much broader than this.  It

5  asks for:

6            All COMMUNICATIONS with any law enforcement

7            officer, prosecutor or government agency REFERRING

8            OR RELEVANT TO VARGAS or TRUEBA.

9  Searcy Decl., Ex. 4, p. 185.

10      As worded, this request would require the production of wholly irrelevant

11  and potentially highly personal information.  Some examples illustrate this point:

12  (1) if there was ever a break-in at MGA Mexico, and Vargas was interviewed by

13  Mexican police, any communications between Vargas and the police would be

14  responsive; (2) if Trueba was tasked with obtaining a permit or license from a

15  government agency for MGA Mexico, these communications would be responsive;

16  or (3) if Vargas sent an email to a government agency for personal reasons, such as

17  to apply for a tax refund, these communications would be responsive.

18      Mattel has made no effort to narrow this request and would not meet to

19  discuss what may or may not be relevant as contained within this request.  The

20  request as worded is overbroad and should be stricken.

21  **REQUEST NO. 59:**

22      This request seeks:

23            All DOCUMENTS REFERRING OR RELATING TO

24            VARGAS' and TRUEBA's duties, obligations or

25            responsibility to preserve YOUR trade secrets and

26            confidential information.

27  Searcy Decl., Ex. 4, p. 187.

28      As Mattel was already made aware, this request seeks documents that bear no

relation to the claims or defenses in Phase 2 of this litigation.  MGA Mexico's "trade secrets and confidential information" are not at issue in this case—rather, only Mattel's purported trade secrets and the alleged theft thereof are directly relevant.  The indefensible nature of Mattel's irrelevant request is evidenced by the fact that Mattel has made no effort to narrow this request.  The request as worded is overbroad and should be stricken.  *See also* Req. No. 77 ("all DOCUMENTS REFERRING . . . to any rules . . . requiring VARGAS or TRUEBA to act in YOUR interests or pursuant to YOUR request."); Req. No. 78 ("all DOCUMENTS REFERRING . . . to any rules . . . requiring YOUR employees . . . to act in YOUR interests or pursuant to YOUR request.").

Egregious examples abound, the above is only a fraction of the entirety of Mattel's irrelevant requests—as any careful review of Mattel's requests would reveal.  Accordingly, Mattel's Motion should be denied.

### C. **Many Of The Requests Seek Privileged Information**

Many of Mattel's requests also seek attorney-client communications and other privileged materials—a fact ignored by Mattel's Motion.  For example, Requests Nos. 79-83 seek documents reflecting the payment of money, including attorneys' fees, on behalf of Vargas and Trueba.  The Discovery Master has recently found that such requests would call for the production of attorney-client communications in ruling on the same requests directed to Bingham.  There the Discovery Master found that "while fee arrangement information that relates to bias or credibility is not privileged . . . .  Requests Nos. 1 and 2 are not confined to non-privileged information  . . . .  This latter language 'clearly encompasses information protected by the attorney-client privilege.'"  *See* Phase 2 Discovery Matter Order No. 27.  Indeed, the parties have been meeting and conferring over the scope of the privilege as it relates to documents reflecting the payment of attorneys fees for witnesses.  Mattel made no such effort to meet on these requests before bringing its Motion.

**D.      Mattel's Motion Is Procedurally Defective And Should be Denied**

Mattel makes no effort to provide, on a request-by-request basis, a discussion of the relevance *of the particular request*, nor does it provide a separate statement detailing the merits of each request.  Instead, it lumps requests into broad topics and seeks to explore the relevance of that topic.  But discovery requests are not judged on the relevance of the "topic" they fall within, but whether the *specific request*, as worded, seeks only relevant information.  Mattel defends the relevance of the "topics," of course, because the specific requests, are indefensible.  Having failed to explain why any request is proper, Mattel's Motion should be denied in its entirety.  At a minimum, the Discovery Master should require Mattel to refile its Motion, after meeting on specific requests, and addressing the specific request at issue and why these requests are proper.

**E.      Sanctions Are Unwarranted Against MGA Mexico**

Even if the Discovery Master agrees with Mattel that MGA Mexico should be compelled to produce documents, sanctions should not be awarded.  Mattel's request for monetary sanctions is unwarranted because MGA Mexico's position is substantially justified—especially when the non-moving party agreed to produce documents a mere three weeks prior to the motion to compel.

The Federal Rules of Civil Procedure permit monetary sanctions only where there is no substantial justification for the conduct.  *See* Fed. R. Civ. P. 37(a)(5).  Monetary sanctions are not warranted here because:  (1) Mattel failed in good faith to obtain the discovery without court action; and (2) MGA Mexico's position is substantially justified due to the substitution of counsel on behalf of the MGA Parties.  Moreover, MGA Mexico has always been, and remains, willing to produce the documents it agreed to produce in its responses and during the subsequent meet and confer.  The imposition of sanctions in this case would be unjust.  Accordingly, Mattel's sanctions request must be denied.

1

### F.   Mattel Should Be Sanctioned

2    Mattel has made no effort to meet in good faith over its document requests.

3    Mattel's approach to this Motion has been to ask for everything under the sun,

4    refuse to compromise on a single request, and then expect the court to reward it by

5    rewriting Mattel's requests.  Mattel's conduct, and its blatant refusal to abide by

6    Court rules requiring it to justify each request propounded, warrants sanctions.

7

### IV.   CONCLUSION

8    Based on the foregoing, it is clear that MGA Mexico has acted in good faith

9    in attempting to compromise with Mattel with respect to the underlying document

10   requests at issue.  The fact that Mattel is not patient enough to await receipt of non-

11   objectionable documents is unreasonable.  Mattel, in filing this Motion less than

12   two weeks after the substitution of counsel, was clearly looking for a series of

13   motions to file and picked this issue.

14   For all the foregoing reasons, Mattel's Motion to Compel MGA Mexico to

15   provide documents and request for sanctions should be denied in its entirety.

16   Dated:    July 22, 2009            ORRICK, HERRINGTON & SUTCLIFFE LLP

17

18                                     By: _____/s/ William A. Molinski_____

19                                            William A. Molinski
                                       Attorneys for MGA ENTERTAINMENT, INC.,
                                       MGA ENTERTAINMENT HK, LTD., MGA de
20                                     MEXICO, S.R.L. de C.V., and ISAAC LARIAN

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I, Maria Mercado-Navarro, declare:

I am more than eighteen years old and not a party to this action.  My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California 90017-5855.

I hereby certify that on July 22, 2009, I electronically filed the following documents with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed below:

**MGAE DE MEXICO, S.R.L. DE C.V.'S OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS IN RESPONSE TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION (PHASE 2)**

## SEE ATTACHED SERVICE LIST

I declare under penalty of perjury that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 22, 2009, at Los Angeles, California.

_____
/s/
Maria Mercado-Navarro

OHS West:260690672.1

- 1 -

1

## PHASE 2 SERVICE LIST

2

<u>Counsel for Mattel. Inc.</u>

3

John B. Quinn, Esq.

johnquinn@quinnemanuel.com

4

Michael T. Zeller, Esq.

5

michaelzeller@quinnemanuel.com

Jon D. Corey, Esq.

6

Joncorey@quinnemanuel.com

7

Brett D. Proctor

dylanproctor@quinnemanuel.com

8

QUINN EMANUÉL URQUHART OLIVER & HEDGES, LLP

9

865 South Figueroa Street, 10th Floor

Los Angeles, CA  90017-2543

10

Telephone: (213) 443-3000

11

Facsimile:  (213) 443-3100

12

<u>Counsel for Carlos Gustavo Machado Gomez</u>

13

Mark E. Overland, Esq.

moverland@ scheperkim.com

14

Alexander H. Cote, Esq.

15

acote@ scheperkim.com

SCHEPER KIM & OVERLAND LLP

16

601 W. 5th Street, 12th Floor

17

Los Angeles, CA  90017

Telephone:  (213) 613-4655

18

Facsimile:   (213) 613-4656

19

20

Leah Chava Gershon, Esq.

leah@spertuslaw.com

21

JAMES W. SPERTUS LAW OFFICES

22

1990 S. Bundy Drive, Suite 705

Los Angeles, CA  90025

23

Telephone:  (310) 584-7671

Facsimile:   (310) 826-4711

24

25

26

27

28

OHS West:260698887.1

- 1 -

1

Counsel for Limited Intervenor, Omni 808 Investors LLC

2

Todd E. Gordinier, Esq.
todd.gordinier@bingham.com

3

BINGHAM MCCUTCHEN LLP

4

600 Anton Blvd., 18th Floor
Costa Mesa, CA  92626

5

Telephone:  (714) 830-0600

6

Facsimile:   (714) 830-0700

7

Additional Counsel:

8

Thomas J. Nolan, Esq.
thomas.nolan@skadden.com

9

Raoul D. Kennedy, Esq.
raoul.kennedy@skadden.com

10

Jason D. Russell, Esq.
jason.russell@skadden.com

11

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue

12

Suite 3400
Los Angeles, CA 90071-3144

13

Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28