QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>  Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert C. O'Brien]**<br><br>DECLARATION OF JON COREY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL MGA ENTERTAINMENT, INC. AND ISAAC LARIAN TO PRODUCE DOCUMENTS RESPONSIVE TO FIRST SETS OF REQUESTS FOR DOCUMENTS (PHASE 2)<br><br>[Mattel, Inc.'s Motion and Notice of Lodging filed concurrently herewith]<br><br>Hearing Date: TBD<br>Hearing Time: TBD<br>Place: Arent Fox, LLP<br>555 West Fifth Street<br>48th Floor<br>Los Angeles, CA 90013<br><br>**Phase 2:**<br>Disc. Cut-off: December 11, 2009<br>Pre-trial Conf.: March 1, 2010<br>Trial Date: March 23, 2010 |

**PUBLIC REDACTED**

00505.07975/2832606.5

DECLARATION OF JON COREY

I, Jon Corey, declare as follows:

1. I am a member of the bars of the State of California and the District of Columbia, and a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and counter-defendant, Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. Attached as Exhibit 1 is a true and correct copy of Mattel, Inc.'s First Set of Requests for Documents and Things to Isaac Larian (Phase 2), dated January 7, 2009.

3. Attached as Exhibit 2 is a true and correct copy of Mattel, Inc's. First Set of Requests for Documents and Things to MGA Entertainment, Inc. (Phase 2), dated January 7, 2009.

4. Attached as Exhibit 3 is a true and correct copy of Responses to Requests for Documents and Things to MGA Entertainment, Inc. (Phase 2), dated February 6, 2009.

5. Attached as Exhibit 4 is a true and correct copy of Responses to Requests for Documents and Things to Isaac Larian (Phase 2), dated February 6, 2009.

6. Because MGA and Larian refused to produce any documents responsive to Mattel's requests for production, on March 4, 2009, I wrote to Amman Khan, counsel for the MGA Parties, explaining the deficiencies in the MGA Parties responses and requesting a meeting of counsel to discuss the requests. Attached as Exhibit 5 is a true and correct copy of the letter from me to Amman Khan, dated March 4, 2009.

7. Attached as Exhibit 6 is a true and correct copy of the Discovery Master Order, dated March 10, 2009. By a motion filed on March 24, 2009, Mattel asked the Discovery Master to reconsider portions of this order for good cause set forth in that Motion and the supporting papers. The Court granted in large part

Mattel's Motion for Reconsideration of the Discovery Master's Order No. 3. Attached as Exhibit 50 is a true and correct copy of the Discovery Master's May 6, 2009 Order No. 27.

   8. Attached as Exhibit 7 is a true and correct copy of the Letter from Amman Khan to me, dated March 11, 2009. Mr. Khan responded that it would be "premature" to meet and confer about the requests served on the MGA Parties.

   9. Attached as Exhibit 8 is a true and correct copy of a March 13, 2009 letter from me to Amman Khan requesting again that the MGA Parties meet and confer regarding their refusal to produce any documents responsive to Mattel's first sets of Phase 2 requests for production to MGA Entertainment, Inc. and Isaac Larian. At the time of the filing of this declaration, the MGA Parties have not responded to my requests to set a time to meet and confer and have failed to produce documents responsive to the Requests.

   10. Attached as Exhibit 9 is a true and correct copy of a March 13, 2009 letter from me to Amman Khan along with the corrected requests for production served on MGA and Larian.

   11. Attached as Exhibit 10 is a true and correct copy of relevant excerpts from the Hearing Transcript, dated February 11, 2009.

   12. Attached as Exhibit 11 is a true and correct copy of OmniNet Capital, LLC's offer letter to Wachovia Bank, dated July 29, 2008, which was produced by Wachovia on March 16, 2009 and is Bates-numbered 007599-007603.

   13. Attached as Exhibit 12 is a true and correct copy of the Secured Delayed Draw Demand Note between MGA Entertainment and Omni 808, dated November 14, 2008, which was produced by Wachovia on March 16, 2009 and is Bates-numbered 002752-002764.

   14. Attached as Exhibit 13 is a true and correct copy of the Senior Promissory Note, dated September 3, 2008, which was produced by Wachovia on March 16, 2009 and has been Bates-numbered Wachovia 001890-001907.

00505.07975/2832606.5

15. Attached as Exhibit 14 is a true and correct copy of a September 8, 2008 Wachovia Memo, which was produced by Wachovia on March 16, 2009 and has been Bates-numbered Wachovia 001884-001889.

16. Attached as Exhibit 15 is a true and correct copy of the Court's Minute Order, dated July 2, 2007.

17. Attached as Exhibit 16 is a true and correct copy of the Court's Minute Order, dated December 3, 2008.

18. Attached as Exhibit 17 is a true and correct copy of Mattel, Inc.'s Second Amended Answer and Counterclaims, dated July 12, 2007.

19. Attached as Exhibit 18 is a true and correct copy of Declaration of Fred F. Mashian, signed March 9, 2009.

20. Attached as Exhibit 19 is a true and correct copy of the Omni 808-Wachovia Master Assignment and Exchange Agreement.

21. Attached as Exhibit 20 is a true and correct copy of the Court's Order, dated May 15, 2007.

22. Attached as Exhibit 21 is a true and correct copy of MGA's Complaint for False Designation of Origin, Affiliation, Association or Sponsorship; Unfair Competition; Dilution and Unjust Enrichment, dated April 13, 2005.

23. Attached as Exhibit 22 is a true and correct copy of the MGA Parties' Opposition to Mattel's *Ex Parte* Application for Appointment of a Receiver, dated December 30, 2008.

24. Attached as Exhibit 23 is a true and correct copy of the letter from Thomas M. Cambern, Managing Director of Wachovia Securities, to MGA, identified by Bates Number MGA 3896745-46, dated July 21, 2008.

25. Attached as Exhibit 24 is a true and correct copy of the letter from Thomas M. Cambern, Managing Director of Wachovia Securities, to MGA, identified by Bates Number MGA 3896747-48, dated July 21, 2008.

26. Attached as Exhibit 25 is a true and correct copy of the letter from Thomas M. Cambern, Managing Director of Wachovia Securities, to MGA, identified by Bates Number MGA 3896749-50, dated July 21, 2008.

27. Attached as Exhibit 26 is a true and correct copy of relevant excerpts from the Hearing Transcript, dated December 30, 2008.

28. Attached as Exhibit 27 is a true and correct copy of the UCC Financing Statements, dated October 30, 2006, and Amendments, dated September 9, 2008.

29. Attached as Exhibit 28 is a true and correct copy of Omninet Capital "Contact" (available at http://www.omninet.com/pe2.php?page=about_us&sub=contact_us), as accessed on December 28, 2008.

30. Attached as Exhibit 29 is a true and correct copy of Omninet Capital "About Us" (available at http://www.omninet.com/pe2.php?page=about_us&sub=team_Neil_Kadisha), as accessed on December 28, 2008.

31. Attached as Exhibit 30 is a true and correct copy of the relevant excerpts of the Statement of Decision of In re Uzyel Irrevocable Trust, No. BP 058 898 (Los Angeles Sup. Ct. October 24, 2006.

32. Attached as Exhibit 31 is a true and correct copy of Omni 808 Investors, LLC Certificate of Status and Articles of Organization.

33. Attached as Exhibit 32 is a true and correct copy of Vision Capital, LLC Certificate of Formation, dated August 19, 2008.

34. Attached as Exhibit 33 is a true and correct copy of UCC Financing Statement for Lexington Financial Limited, dated August 29, 2008.

35. Attached as Exhibit 34 is a true and correct copy of "Offshore-Based Limited Liability Company (LLC)" by Sovereign Management & Legal, S.A. (available at www.offshore-protection.com/nevisLLC.html).

00505.07975/2832606.5

36. Attached as Exhibit 35 is a true and correct copy of a letter from Registrar Clevelan Williams, Registrar of Nevis Financial Services Department to Austin Lescott, dated December 12, 2008.

37. The Lexington Financial UCC Financing Statement, August 29, 2008, identifies 33-35 Daws Lane, London, NW7 4SD as its address. That is the address of a company called "Officefront," which appears to be a company that provides a virtual office--mail, fax, and phone receptionist--starting at £10 per month. Attached as Exhibit 36 is a true and correct copy of the Officefront webpage (available at <http://officefront.co.uk/>), as accessed on December 28, 2008.

38. In stay filings in the District Court and the Ninth Circuit, MGA relied on claims about Bratz inventory, but made no mention of the IGWT Parties nor disclosed on what terms they were obtaining Bratz inventory. Attached as Exhibit 37 is a true and correct copy of IWGT Group, LLC registration information (available at http://kepler.sos.ca.gov/corpdata/ShowLpllcAllList?QueryLpllcNumber=200817910004&printer=yes), as accessed on December 28, 2008.

39. Attached as Exhibit 38 is a true and correct copy of IGWT 826 Investments, LLC registration information (available at http://kepler.sos.ca.gov/corpdata/ShowLpllcAllList?QueryLpllcNumber=200824110196&printer=yes), as accessed on February 2, 2009.

40. Attached as Exhibit 39 is a true and correct copy of the Court's Order, dated May 7, 2008.

41. Attached as Exhibit 40 is a true and correct copy of the Declaration of David Antolin, dated February 4, 2009.

42. Attached as Exhibit 41 is a true and correct copy of the Declaration of Cyrus Naim in Support of Mattel's Ex Parte Application for Appointment of a Receiver, dated January 2, 2009, without the attached exhibit.

00505.07975/2832606.5

43. Attached as Exhibit 42 is a true and correct copy of the former Discovery Master's December 31, 2007 Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian.

44. Attached as Exhibit 43 is a true and correct copy of the Hearing Transcript, dated March 4, 2009.

45. Attached as Exhibit 44 is a true and correct of the Amended Discovery Master Order No. 11, dated March 31, 2009.

46. Attached as Exhibit 45 is a true and correct copy of the public redacted version of Mattel's Third Amended Counterclaims and Answer.

47. Attached as Exhibit 46 is a true and correct copy of the Court's April 27, 2009 Order.

48. Attached as Exhibit 47 is a true and correct copy of the former Discovery Master's May 16, 2007 Order.

49. Attached as Exhibit 48 is a true and correct copy of the former Discovery Master's August 13, 2007 Order.

50. Attached as Exhibit 49 is a true and correct copy of the Court's May 21, 2009 Order.

51. Attached as Exhibit 51 is a true and correct copy of the Discovery Master's May 6, 2009 Order No. 27.

52. Attached as Exhibit 52 is a true and correct copy of the Court's July 9, 2009 Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 22, 2009, at Los Angeles, California.

　　　　　　　　　　　　　　/s/ Jon Corey
　　　　　　　　　　　　　　Jon Corey

00505.07975/2832606.5

00505.07975/2832606.5