# EXHIBIT 1

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

12  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13            Plaintiff,                  Consolidated with
                                          Case No. CV 04-09059
14      vs.                               Case No. CV 05-02727

15  MATTEL, INC., a Delaware             MATTEL, INC.'S FIRST SET OF
    corporation,                         REQUESTS FOR DOCUMENTS AND
16                                        THINGS TO ISAAC LARIAN
            Defendant.                   (PHASE 2)
17

18  AND CONSOLIDATED CASES

19

20

21  PROPOUNDING PARTY:  MATTEL, INC.

22  RESPONDING PARTY:   ISAAC LARIAN

23  SET NO.:            FIRST (PHASE 2)

24

25

26

27
                                    EXHIBIT ____1____
28                                  PAGE ____10____

07209/2753498.1

                                    01-08-09

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO ISAAC LARIAN (Phase 2)

1    Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure,</u>

2    Mattel, Inc. hereby requests that Isaac Larian ("Larian") respond to these document

3    requests ("Requests") and make available for inspection and copying originals of the

4    following documents within 30 days of service at the offices of Quinn Emanuel

5    Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th floor,

6    Los Angeles, CA 90017.  Larian shall be obligated to supplement responses to these

7    requests at such times and to the extent required by <u>Rule</u> 26(e) of the <u>Federal Rules</u>

8    <u>of Civil Procedure.</u>

9

10   **I.    DEFINITIONS**

11          A.    "YOU," "YOUR," "ISAAC LARIAN" or "LARIAN" means

12   Isaac Larian and any individual or entity acting directly or indirectly by, through,

13   under or on behalf of Isaac Larian, including but not limited to current or former

14   directors, officers, agents, attorneys, employees, partners, joint venturers,

15   contractors, accountants, or representatives of Isaac Larian or any entity under the

16   control or direction of Isaac Larian (including but not limited to MGA), and any

17   corporation, partnership, association, limited liability company, trust, predecessor-

18   in-interest and successor-in-interest, and any other PERSON acting on behalf of

19   Isaac Larian or pursuant to his authority or subject to his control..

20          B.    "MGA" means MGA Entertainment, Inc. and any PERSON

21   acting directly or indirectly by, through, under or on behalf of MGA Entertainment,

22   Inc., including but not limited to, current or former directors, officers, agents,

23   attorneys, employees, partners, joint venturers, contractors, accountants, or

24   representatives of MGA Entertainment, Inc., and any current or former corporation,

25   partnership, association, trust, parent, subsidiary, division, AFFILIATE,

26   predecessor-in-interest and successor-in-interest of MGA Entertainment, Inc., and

27   any other PERSON acting on its behalf

28

EXHIBIT _____1_____

PAGE _____11_____

07209/2753498.1

1      C.    "MATTEL" means Mattel, Inc. and all current or former

2 directors, officers, employees, agents, contractors, attorneys, accountants,

3 representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

4 successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

5 authority or subject to its control.

6      D.    "MASHIAN" means Fred Mashian and any individual or entity

7 acting directly or indirectly by, through, under or on behalf of Fred Mashian,

8 including but not limited to current or former directors, officers, agents, attorneys,

9 employees, partners, joint venturers, contractors, accountants, or representatives of

10 Fred Mashian or any entity under the control or direction of Fred Mashian, and any

11 corporation, partnership, association, limited liability company, trust, predecessor-

12 in-interest and successor-in-interest, and any other PERSON acting on behalf of

13 Fred Mashian or pursuant to his authority or subject to his control.

14      E.    "BRATZ" means any project, product, doll or DESIGN ever

15 known by that name (whether in whole or in part and regardless of what such

16 project, product or doll is or has been also, previously or subsequently called) and

17 any product, doll or DESIGN or any portion thereof that is now or has ever been

18 known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

19 in part and regardless of what such product, doll or DESIGN or portion thereof is or

20 has been also, previously or subsequently called) or that is now or has ever been

21 sold or marketed as part of the "Bratz" line, and each version or iteration of such

22 product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or

23 DESIGNS or any portion thereof" also includes without limitation any names,

24 fashions, accessories, artwork, packaging or any other works, materials, matters or

25 items included or associated therewith.  Without limiting the generality of the

26 foregoing, the term "BRATZ" does not and shall not require that there be a doll,

27 product or three-dimensional embodiment existing at the time of the event, incident

28

EXHIBIT 1
PAGE 12

07209/2753498.1

-3-

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO ISAAC LARIAN (Phase 2)

1  or occurrence that is the subject of, or otherwise relevant or responsive to, the
2  Requests herein.

3    F.    "DESIGN" or "DESIGNS" means any and all representations,
4  whether two-dimensional or three-dimensional, and whether in tangible, digital,
5  electronic or other form, including but not limited to all works, designs, artwork,
6  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
7  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
8  practice, developments, inventions and/or improvements, as well as all other items,
9  things and DOCUMENTS in which any of the foregoing are or have been
10 expressed, embodied, contained, fixed or reflected in any manner, whether in whole
11 or in part.

12    G.    "DOCUMENT" or "DOCUMENTS" means all "writings" and
13 "recordings" as those terms are defined in Rule 1001 of the Federal Rules of
14 Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all
15 writings, including but not limited to, handwriting, typewriting, printing, image,
16 photograph, photocopy, digital file of any kind, transmittal by (or as an attachment
17 to) electronic mail (including instant messages and text messages) or facsimile,
18 video and audio recordings, and every other means of recording upon any tangible
19 thing, any form of COMMUNICATION or representation, and any record thereby
20 created, regardless of the manner in which the record has been stored, and all non-
21 identical copies of such DOCUMENTS, in the possession, custody, or control of
22 YOU, YOUR counsel, or any other PERSON acting on YOUR behalf.

23    H.    "AFFILIATES" means any and all corporations, limited liability
24 companies, associations, proprietorships, d/b/a's, partnerships, joint ventures and
25 business entities of any kind that, directly or indirectly, in whole or in part, own or
26 control, are under common ownership or control with, or are owned or controlled by
27 a PERSON, party or entity, including without limitation, each parent, subsidiary and
28 joint venture of such PERSON, party or entity.

EXHIBIT ___1___
PAGE ___13___

07209/2753498.1

-4-

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO ISAAC LARIAN (Phase 2)

1    I.    "REFERRING OR RELATING TO," "REFER OR RELATE

2  TO," "RELATING," "RELATING TO" or "REFERS TO" means any and all of the

3  following terms and their synonyms: refer to, discuss, constitute, evidence, pertain

4  to, mention, support, undermine, disprove, refute, contradict, negate, bear on,

5  amend, revise, modify, touch on, contain, embody, reflect, identify, state, deal with,

6  concern, comment on, summarize, respond to, relate to, or describe.

7    J.    "PERSON," in the plural as well as the singular, means any

8  natural person, association, partnership, corporation, joint venture, government

9  entity, organization, limited liability company, trust, institution, proprietorship, or

10  any other entity recognized as having an existence under the laws in the United

11  States or any other nation.

12    K.    "ITEM OF VALUE," in the plural as well as the singular, means

13  any and all articles, units, goods, commodities, property, products, services,

14  assistance, shares, stocks, bonds, financial instruments, indebtedness, credit, capital,

15  and currency, in any form, or any other tangible or intangible matter that have

16  current, past or future material worth, monetary worth or use, of any type and in any

17  amount.  Gifts of individual units of manufactured MGA products that are not

18  intended for re-transfer, that were not and have not been re-transferred and that do

19  not exceed $500 in retail value in total may be excluded from this Definition.

20    L.    "IDENTIFY," "IDENTIFYING" OR "IDENTITY" means the

21  following:

22    (a)    With reference to an individual, means such individual's name,

23  current or last known business title, current or last known business affiliation,

24  current or last known relationship to YOU, current or last known residential and

25  business address, and current or last known telephone number.

26    (b)    With reference to an entity or entities, such entity's full name,

27  state (or country) of incorporation or organization, present or last known address,

28  and present or last known telephone number.

EXHIBIT ___1___

PAGE ___14___

-5-

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO ISAAC LARIAN (Phase 2)

1    (c) With reference to any other DOCUMENT or DOCUMENTS,

2 means the date, identity of the author, addressee(s), signatories, parties, or other

3 PERSONS identified therein, its present location or custodian and a description of

4 its contents.

5    (d) With reference to an account with a bank or financial institution,

6 means the name and address of the bank or financial institution, the account

7 number(s) for or otherwise associated with such account and the name of each

8 holder, including without limitation, each beneficial holder, of each such account.

9    M. "OMNI 808 INVESTORS, LLC" means OMNI 808

10 INVESTORS, LLC and all current or former directors, officers, employees, agents,

11 contractors, attorneys, accountants, representatives, subsidiaries, divisions,

12 AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

13 PERSON acting on its behalf, pursuant to its authority or subject to its control.

14    N. "VISION CAPITAL, LLC" means VISION CAPITAL, LLC and

15 all current or former directors, officers, employees, agents, contractors, attorneys,

16 accountants, representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-

17 interest and successors-in-interest, and any other PERSON acting on its behalf,

18 pursuant to its authority or subject to its control.

19    O. "LEXINGTON INVESTORS, LLC" means LEXINGTON

20 INVESTORS, LLC and all current or former directors, officers, employees, agents,

21 contractors, attorneys, accountants, representatives, subsidiaries, divisions,

22 AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

23 PERSON acting on its behalf, pursuant to its authority or subject to its control.

24    P. "COMMUNICATION," in the plural as well as the singular,

25 means any transmittal and/or receipt of information, whether such was oral or

26 written, and whether such was by chance, prearranged, formal or informal, and

27 specifically includes, but is not limited to, conversations in person, telephone

28 conversations, electronic mail (including instant messages and text messages),

EXHIBIT __1__

PAGE __15__

1 voicemail, letters, memoranda, statements, media releases, magazine and newspaper
2 articles, and video and audio transmissions.

3       Q.   The singular form of a noun or pronoun includes within its
4 meaning the plural form of the noun or pronoun so used, and vice versa; the use of
5 the masculine form of a pronoun also includes within its meaning the feminine form
6 of the pronoun so used, and vice versa; the use of any tense of any verb includes
7 also within its meaning all other tenses of the verb so used, whenever such
8 construction results in a broader request for information; and "and" includes "or"
9 and vice versa, whenever such construction results in a broader disclosure of
10 documents or information.

11

12 **II.    INSTRUCTIONS**

13       A.   YOU are to produce all requested DOCUMENTS in YOUR
14 possession, custody or control.

15       B.   If YOU contend that YOU are not required to produce certain
16 DOCUMENTS called for by these Requests on the grounds of a privilege or
17 protection that YOU are not prepared to waive, IDENTIFY each such DOCUMENT
18 and provide the following information:

19           1.   the date and type of the DOCUMENT, the author(s) and all
20                recipients;

21           2.   the privilege or protection that YOU claim permits YOU to
22                withhold the DOCUMENT;

23           3.   the title and subject matter of the DOCUMENT;

24           4.   any additional facts on which YOU base YOUR claim of
25                privilege or protection; and

26           5.   the IDENTITY of the current custodian of the original of the
27                DOCUMENT.

EXHIBIT ___1___
PAGE ___16___

28

1        C.     DOCUMENTS shall be produced in their original file folders, or

2  other native format.  If the DOCUMENTS are in their original file folders, in lieu

3  thereof, any writing on the file folder from which each such DOCUMENT is taken

4  shall be copied and appended to such DOCUMENT and the PERSON for whom or

5  department, division or office for which the DOCUMENT or the file folder is

6  maintained shall be identified.

7        D.     The DOCUMENTS should be produced in their complete and

8  unaltered form.  Attachments to DOCUMENTS should not be removed.  The

9  DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

10  any reason, including alleged nonrelevance.  If emails are produced that had

11  attachments, the attachments shall be attached when produced.

12        E.     DOCUMENTS in electronic form shall be produced in that form.

13        F.     In the event that any DOCUMENT called for by these requests

14  has been destroyed or discarded, that DOCUMENT is to be identified by stating:

15        1.     the date and type of the DOCUMENT, the author(s) and all

16                recipients;

17        2.     the DOCUMENT's date, subject matter, number of pages, and

18                attachments or appendices;

19        3.     the date of destruction or discard, manner of destruction or

20                discard, and reason for destruction or discard;

21        4.     the PERSONS who were authorized to carry out such destruction

22                or discard;

23        5.     the PERSONS who have knowledge of the content, origins,

24                distribution and destruction of the DOCUMENT; and

25        6.     whether any copies of the DOCUMENT exist and, if so, the

26                name of the custodian of each copy.

27

28

EXHIBIT \_\_\_\_1\_\_\_\_

PAGE \_\_\_17\_\_\_

-8-

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO ISAAC LARIAN (Phase 2)

## III.   REQUESTS FOR DOCUMENTS AND THINGS

### REQUEST FOR PRODUCTION NO. 1:

All YOUR audited and unaudited monthly, quarterly and annual financial statements covering or RELATING TO any period on or after January 1, 2007, including without limitation balance sheets, income statements, profit and loss statements, consolidated statements of operations, cash flow statements and statements of retained earnings.

### REQUEST FOR PRODUCTION NO. 2:

All agreements and contracts with any lenders to or creditors of MGA covering, RELATING TO, in effect, dated or entered into on or after January 1, 2007, including without limitation loan agreements, credit agreements, financing agreements, lines of credit and promissory notes, and any amendments or modifications thereto, and any notices of default and COMMUNICATIONS REFERRING OR RELATING TO any such agreements and contracts.

### REQUEST FOR PRODUCTION NO. 3:

To the extent not produced in response to any other Request, DOCUMENTS sufficient to IDENTIFY each other PERSON from whom YOU sought, solicited, requested, obtained, received or were denied credit, financing or funding on or after January 1, 2007 and sufficient to show the amount(s) and terms involved.

### REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS REFERRING OR RELATING TO YOUR solvency or insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this action).

EXHIBIT ___1____

PAGE ___18_____

07209/2753498.1

-9-

1  REQUEST FOR PRODUCTION NO. 5:

2          All DOCUMENTS REFERRING OR RELATING TO any

3  representation or statement made by YOU about YOUR solvency or insolvency, or

4  whether YOUR liabilities exceed YOUR assets, for any period on or after January 1,

5  2007 (excluding pleadings served by YOU on MATTEL in this action).

6

7  REQUEST FOR PRODUCTION NO. 6:

8          All DOCUMENTS REFERRING OR RELATING TO YOUR net

9  worth for any period on or after January 1, 2007 (excluding pleadings served by

10 YOU on MATTEL in this action).

11

12 REQUEST FOR PRODUCTION NO. 7:

13         All DOCUMENTS REFERRING OR RELATING TO ISAAC

14 LARIAN's net worth for any period on or after January 1, 2007 (excluding

15 pleadings served by YOU on MATTEL in this action).

16

17 REQUEST FOR PRODUCTION NO. 8:

18         All DOCUMENTS REFERRING OR RELATING TO orders,

19 including without limitation cancelled or held orders, for BRATZ products for

20 Spring 2009, and all COMMUNICATIONS with retailers and other prospective

21 purchasers REFERRING OR RELATING TO any such orders.

22

23 REQUEST FOR PRODUCTION NO. 9:

24         All DOCUMENTS REFERRING OR RELATING TO orders,

25 including without limitation cancelled or held orders, for BRATZ products for Fall

26 2009, and all COMMUNICATIONS with retailers and other prospective purchasers

27 REFERRING OR RELATING TO any such orders.

28

EXHIBIT ___1___

PAGE ___19___

07209/2753498.1

-10-

1  REQUEST FOR PRODUCTION NO. 10:

2          All DOCUMENTS REFERRING OR RELATING TO the transfer of

3  any ITEM OF VALUE by MGA to, or for the benefit of, ISAAC LARIAN, any

4  member of ISAAC LARIAN's family or any entity controlled by ISAAC LARIAN

5  or any member of ISAAC LARIAN's family, since January 1, 2007.

6

7  REQUEST FOR PRODUCTION NO. 11:

8          All COMMUNICATIONS between YOU and any third-party,

9  including without limitation any retailer or distributor but excluding MATTEL and

10  any Court, REFERRING OR RELATING TO YOUR *ex parte* application for stay

11  pending appeal, filed December 11, 2008, including without limitation any

12  declaration, whether final, draft, proposed or requested, in connection therewith and

13  copies of all draft declarations in connection therewith.

14

15  REQUEST FOR PRODUCTION NO. 12:

16          All DOCUMENTS REFERRING OR RELATING TO capital

17  contributions to MGA since January 1, 2007.

18

19  REQUEST FOR PRODUCTION NO. 13:

20          All DOCUMENTS showing MGA's projected revenue, costs, profits or

21  financial performance for any period since January 1, 2007.

22

23  REQUEST FOR PRODUCTION NO. 14:

24          All DOCUMENTS REFERRING OR RELATING TO any transfer of

25  any ITEM OF VALUE or other transaction between (i) MGA, and (ii) ISAAC

26  LARIAN, any ISAAC LARIAN family member, any PERSON controlled, directly

27  or indirectly by ISAAC LARIAN, or any PERSON controlled, directly or indirectly,

28  by any ISAAC LARIAN family member since January 1, 2007.

EXHIBIT  1

PAGE  20

REQUEST FOR PRODUCTION NO. 15:

All W-2s REFERRING OR RELATING TO any ISAAC LARIAN family member since January 1, 2007.

REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS REFERRING OR RELATING TO any sale, distribution or transfer by MGA of BRATZ products having a retail value greater than $50,000 other than to retailers in the ordinary course of business since January 1, 2007.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS REFERRING OR RELATING TO agreements, transactions, sales, shipments or the transfer of any ITEM OF VALUE between MGA and IGWT Group, LLC.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS REFERRING OR RELATING TO the alleged transfer of product from MGA to IGWT Group, LLC pursuant to the Inventory Purchase Agreement dated July 7, 2008, including without limitation all audits or other valuations performed in connection with such product, any opinions RELATING TO the fairness or unfairness of such transfer, all MGA corporate or director resolutions or approvals of such transfer, all bids received or solicited in connection with the purported sale or offering for sale of such product, the terms of such bids and any other and all COMMUNICATIONS relating to any of the foregoing.

EXHIBIT ___1___
PAGE ___21___

07209/2753498.1

1 | REQUEST FOR PRODUCTION NO. 19:

2         All DOCUMENTS REFERRING OR RELATING TO the revenue

3 | generated by IGWT Group, LLC's sales, licensing, distribution or other transfer of

4 | BRATZ products and the transfer or disposition of such revenue.

5

6 | REQUEST FOR PRODUCTION NO. 20:

7         All DOCUMENTS REFERRING OR RELATING TO agreements,

8 | contracts, transactions, sales, shipments or transfers of any ITEM OF VALUE

9 | between MGA and IGWT 826 Investments, LLC.

10

11 | REQUEST FOR PRODUCTION NO. 21:

12         All DOCUMENTS REFERRING OR RELATING TO the revenue

13 | generated by IGWT 826 Investments, LLC's sales, licensing, distribution or other

14 | transfer of BRATZ products and the transfer or disposition of such revenue.

15

16 | REQUEST FOR PRODUCTION NO. 22:

17         All agreements, contracts and written COMMUNICATIONS between

18 | MGA and Wachovia since January 1, 2007.

19

20 | REQUEST FOR PRODUCTION NO. 23:

21         All agreements and contracts REFERRING OR RELATING TO any

22 | indebtedness owed to Wachovia or any credit extended by Wachovia since January

23 | 1, 2007, and any amendments or modifications thereto, and any

24 | COMMUNICATIONS RELATED TO any such agreements or contracts.

25                              EXHIBIT ___1___

26 | REQUEST FOR PRODUCTION NO. 24:       PAGE ___22___

27         All DOCUMENTS REFERRING OR RELATING TO agreements,

28 | contracts or transactions between MGA and OMNI 808 INVESTORS, LLC, and

1  any amendments or modifications thereto, and any COMMUNICATIONS

2  REFERRING OR RELATING TO any such agreements, contracts or transactions.

3

4  REQUEST FOR PRODUCTION NO. 25:

5          All DOCUMENTS containing financial information, including but not

6  limited to YOUR historical and prospective financial performance, provided by

7  YOU to OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or LEXINGTON

8  FINANCIAL, LLC since January 1, 2008.

9

10  REQUEST FOR PRODUCTION NO. 26:

11          All DOCUMENTS REFERRING OR RELATING TO agreements,

12  contracts or transactions between LEXINGTON FINANCIAL, LLC and MGA or

13  any other PERSON, and any amendments or modifications thereto, and any

14  COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

15  contracts or transactions.

16

17  REQUEST FOR PRODUCTION NO. 27:

18          All DOCUMENTS REFERRING OR RELATING TO agreements,

19  contracts or transactions between VISION CAPITAL, LLC and MGA or any other

20  PERSON, and any amendments or modifications thereto, and any

21  COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

22  contracts or transactions.

23

24  REQUEST FOR PRODUCTION NO. 28:

25          DOCUMENTS sufficient to IDENTIFY each member, managing

26  member, holder of any ownership interest in, shareholder, officer and director of

27  IGWT Group, LLC.

28

EXHIBIT \_\_\_\_1\_\_\_\_

PAGE \_\_\_\_23\_\_\_\_

07209/2753498.1

-14-

REQUEST FOR PRODUCTION NO. 29:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT 826 Investments, LLC.

REQUEST FOR PRODUCTION NO. 30:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of OMNI 808 INVESTORS, LLC.

REQUEST FOR PRODUCTION NO. 31:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of VISION CAPITAL, LLC.

REQUEST FOR PRODUCTION NO. 32:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of LEXINGTON FINANCIAL, LLC.

REQUEST FOR PRODUCTION NO. 33:

All DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF VALUE from, or any extension of credit or funding by, LEXINGTON FINANCIAL, LLC to YOU or LARIAN.

EXHIBIT ___1___
PAGE ___34___

07209/2753498.1

-15-

REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF VALUE to or from, or any extension of credit or funding by or to, LEXINGTON FINANCIAL, LLC, whether directly or indirectly.

REQUEST FOR PRODUCTION NO. 35:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT Group, LLC.

REQUEST FOR PRODUCTION NO. 36:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT 826 Investments, LLC.

REQUEST FOR PRODUCTION NO. 37:

DOCUMENTS sufficient to IDENTIFY each of YOUR bank accounts since January 1, 2007.

REQUEST FOR PRODUCTION NO. 38:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which Isaac Larian has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

REQUEST FOR PRODUCTION NO. 39:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which OMNI 808 INVESTORS, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

EXHIBIT 1
PAGE 35

07209/2753498.1

-16-

**REQUEST FOR PRODUCTION NO. 40:**

DOCUMENTS sufficient to IDENTIFY each bank account to or from which IGWT Group, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

**REQUEST FOR PRODUCTION NO. 41:**

DOCUMENTS sufficient to IDENTIFY each bank account to or from which IGWT 826 Investments, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

**REQUEST FOR PRODUCTION NO. 42:**

All COMMUNICATIONS between or among YOU, IGWT 826 Investments, LLC and/or IGWT Group, LLC REFERRING OR RELATING TO MATTEL and/or BRATZ.

**REQUEST FOR PRODUCTION NO. 43:**

All COMMUNICATIONS between or among YOU, OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL, LLC REFERRING OR RELATING TO MATTEL, MGA, LARIAN and/or BRATZ.

**REQUEST FOR PRODUCTION NO. 44:**

All COMMUNICATIONS between YOU and MASHIAN REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

EXHIBIT \_\_\_1\_\_\_
PAGE \_\_\_76\_\_\_

-17-

REQUEST FOR PRODUCTION NO. 45:

All COMMUNICATIONS between YOU and Neil Kadisha REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

REQUEST FOR PRODUCTION NO. 46:

All COMMUNICATIONS between YOU and OMNI 808 INVESTORS, LLC REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

REQUEST FOR PRODUCTION NO. 47:

All COMMUNICATIONS REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC.

REQUEST FOR PRODUCTION NO. 48:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which VISION CAPITAL, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

REQUEST FOR PRODUCTION NO. 49:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which LEXINGTON FINANCIAL, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

EXHIBIT ___1___
PAGE ___27___

07209/2753498.1

-18-
MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO ISAAC LARIAN (Phase 2)

1 | REQUEST FOR PRODUCTION NO. 50:

2 |      DOCUMENTS sufficient to IDENTIFY each licensee of any BRATZ

3 | product since January 1, 2007.

4 |

5 | REQUEST FOR PRODUCTION NO. 51:

6 |      DOCUMENTS sufficient to show the amount of payments made to

7 | YOU by each licensee of any BRATZ product since January 1, 2007.

8 |

9 | REQUEST FOR PRODUCTION NO. 52:

10 |      A sample of each BRATZ product manufactured, sold, offered for sale,

11 | marketed or distributed by YOU since January 1, 2008.

12 |

13 | REQUEST FOR PRODUCTION NO. 53:

14 |      To the extent not produced in response to any other Request, a sample

15 | of each core BRATZ female fashion doll manufactured, sold, offered for sale,

16 | marketed or distributed by YOU since January 1, 2008.

17 |

18 | REQUEST FOR PRODUCTION NO. 54:

19 |      All registrations, and applications for registration, for any trademark or

20 | service mark that constitutes, includes or incorporates in any manner the term

21 | "BRATZ."

22 |

23 | REQUEST FOR PRODUCTION NO. 55:

24 |      All registrations, and applications for registration, for any trademark or

25 | service mark that constitutes, includes or incorporates in any manner the term

26 | "Jade."

27 |

28 |

EXHIBIT ___1___
PAGE ___2B___

REQUEST FOR PRODUCTION NO. 56:

All COMMUNICATIONS with any Trademark Office or governmental entity REFERRING OR RELATING TO any registration, or application for registration, for any trademark or service mark that constitutes, includes or incorporates in any manner the term "BRATZ."

REQUEST FOR PRODUCTION NO. 57:

All COMMUNICATIONS with any Trademark Office or governmental entity REFERRING OR RELATING TO any registration, or application for registration, for any trademark or service mark that constitutes, includes or incorporates in any manner the term "Jade."

DATED: January 7, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Jon D. Corey
Attorneys for Mattel, Inc.

EXHIBIT ___1___
PAGE ___29___

# EXHIBIT 2

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2   johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

12  | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
    |---|---|
13 | Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
14 | vs. | Case No. CV 05-02727 |
15 | MATTEL, INC., a Delaware<br>corporation, | MATTEL, INC.'S FIRST SET OF<br>REQUESTS FOR DOCUMENTS AND<br>THINGS TO MGA |
16 | | |
17 | Defendant. | ENTERTAINMENT, INC. (PHASE 2) |
18 | AND CONSOLIDATED CASES | |
19 | | |

20

21  PROPOUNDING PARTY:  MATTEL, INC.

22  RESPONDING PARTY:    MGA ENTERTAINMENT, INC.

23  SET NO.:                    FIRST (PHASE 2)

24

25

26

27

28

*01-08-09*

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT (Phase 2)

2752004.1

Exhibit 2
Page 030

1           Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>,

2   Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to

3   these document requests ("Requests") and make available for inspection and

4   copying originals of the following documents within 30 days of service at the

5   offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa

6   Street, 10th floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement

7   responses to these requests at such times and to the extent required by <u>Rule</u> 26(e) of

8   the <u>Federal Rules of Civil Procedure</u>.

9

10  **I.**    **DEFINITIONS**

11          A.    "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc.

12  and any PERSON acting directly or indirectly by, through, under or on behalf of

13  MGA Entertainment, Inc., including but not limited to, current or former directors,

14  officers, agents, attorneys, employees, partners, joint venturers, contractors,

15  accountants, or representatives of MGA Entertainment, Inc., and any current or

16  former corporation, partnership, association, trust, parent, subsidiary, division,

17  AFFILIATE, predecessor-in-interest and successor-in-interest of MGA

18  Entertainment, Inc., and any other PERSON acting on its behalf.

19          B.    "ISAAC LARIAN" or "LARIAN" means Isaac Larian and any

20  individual or entity acting directly or indirectly by, through, under or on behalf of

21  Isaac Larian, including but not limited to current or former directors, officers,

22  agents, attorneys, employees, partners, joint venturers, contractors, accountants, or

23  representatives of Isaac Larian or any entity under the control or direction of Isaac

24  Larian (including but not limited to MGA), and any corporation, partnership,

25  association, limited liability company, trust, predecessor-in-interest and successor-

26  in-interest, and any other PERSON acting on behalf of Isaac Larian or pursuant to

27  his authority or subject to his control.

28

Exhibit 2
Page 031

1    C.    "MATTEL" means Mattel, Inc. and all current or former

2  directors, officers, employees, agents, contractors, attorneys, accountants,

3  representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

4  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

5  authority or subject to its control.

6    D.    "MASHIAN" means Fred Mashian and any individual or entity

7  acting directly or indirectly by, through, under or on behalf of Fred Mashian,

8  including but not limited to current or former directors, officers, agents, attorneys,

9  employees, partners, joint venturers, contractors, accountants, or representatives of

10  Fred Mashian or any entity under the control or direction of Fred Mashian, and any

11  corporation, partnership, association, limited liability company, trust, predecessor-

12  in-interest and successor-in-interest, and any other PERSON acting on behalf of

13  Fred Mashian or pursuant to his authority or subject to his control.

14    E.    "BRATZ" means any project, product, doll or DESIGN ever

15  known by that name (whether in whole or in part and regardless of what such

16  project, product or doll is or has been also, previously or subsequently called) and

17  any product, doll or DESIGN or any portion thereof that is now or has ever been

18  known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

19  in part and regardless of what such product, doll or DESIGN or portion thereof is or

20  has been also, previously or subsequently called) or that is now or has ever been

21  sold or marketed as part of the "Bratz" line, and each version or iteration of such

22  product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or

23  DESIGNS or any portion thereof" also includes without limitation any names,

24  fashions, accessories, artwork, packaging or any other works, materials, matters or

25  items included or associated therewith.  Without limiting the generality of the

26  foregoing, the term "BRATZ" does not and shall not require that there be a doll,

27  product or three-dimensional embodiment existing at the time of the event, incident

28

-3-

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT (Phase 2)

Exhibit 2
Page 032

1 | or occurrence that is the subject of, or otherwise relevant or responsive to, the
2 | Requests herein.

3 |       F.    "DESIGN" or "DESIGNS" means any and all representations,
4 | whether two-dimensional or three-dimensional, and whether in tangible, digital,
5 | electronic or other form, including but not limited to all works, designs, artwork,
6 | sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
7 | diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
8 | practice, developments, inventions and/or improvements, as well as all other items,
9 | things and DOCUMENTS in which any of the foregoing are or have been
10 | expressed, embodied, contained, fixed or reflected in any manner, whether in whole
11 | or in part.

12 |       G.    "DOCUMENT" or "DOCUMENTS" means all "writings" and
13 | "recordings" as those terms are defined in Rule 1001 of the Federal Rules of
14 | Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all
15 | writings, including but not limited to, handwriting, typewriting, printing, image,
16 | photograph, photocopy, digital file of any kind, transmittal by (or as an attachment
17 | to) electronic mail (including instant messages and text messages) or facsimile,
18 | video and audio recordings, and every other means of recording upon any tangible
19 | thing, any form of COMMUNICATION or representation, and any record thereby
20 | created, regardless of the manner in which the record has been stored, and all non-
21 | identical copies of such DOCUMENTS, in the possession, custody, or control of
22 | YOU, YOUR counsel, or any other PERSON acting on YOUR behalf.

23 |       H.    "AFFILIATES" means any and all corporations, limited liability
24 | companies, associations, proprietorships, d/b/a's, partnerships, joint ventures and
25 | business entities of any kind that, directly or indirectly, in whole or in part, own or
26 | control, are under common ownership or control with, or are owned or controlled by
27 | a PERSON, party or entity, including without limitation, each parent, subsidiary and
28 | joint venture of such PERSON, party or entity.

27752004.1

1    I.    "REFERRING OR RELATING TO," "REFER OR RELATE

2    TO," "RELATING," "RELATING TO" or "REFERS TO" means any and all of the

3    following terms and their synonyms:  refer to, discuss, constitute, evidence, pertain

4    to, mention, support, undermine, disprove, refute, contradict, negate, bear on,

5    amend, revise, modify, touch on, contain, embody, reflect, identify, state, deal with,

6    concern, comment on, summarize, respond to, relate to, or describe.

7    J.    "PERSON," in the plural as well as the singular, means any

8    natural person, association, partnership, corporation, joint venture, government

9    entity, organization, limited liability company, trust, institution, proprietorship, or

10    any other entity recognized as having an existence under the laws in the United

11    States or any other nation.

12    K.    "ITEM OF VALUE," in the plural as well as the singular, means

13    any and all articles, units, goods, commodities, property, products, services,

14    assistance, shares, stocks, bonds, financial instruments, indebtedness, credit, capital,

15    and currency, in any form, or any other tangible or intangible matter that have

16    current, past or future material worth, monetary worth or use, of any type and in any

17    amount.  Gifts of individual units of manufactured MGA products that are not

18    intended for re-transfer, that were not and have not been re-transferred and that do

19    not exceed $500 in retail value in total may be excluded from this Definition.

20    L.    "IDENTIFY," "IDENTIFYING" OR "IDENTITY" means the

21    following:

22        (a)    With reference to an individual, means such individual's name,

23    current or last known business title, current or last known business affiliation,

24    current or last known relationship to YOU, current or last known residential and

25    business address, and current or last known telephone number.

26        (b)    With reference to an entity or entities, such entity's full name,

27    state (or country) of incorporation or organization, present or last known address,

28    and present or last known telephone number.

1          (c)    With reference to any other DOCUMENT or DOCUMENTS,

2    means the date, identity of the author, addressee(s), signatories, parties, or other

3    PERSONS identified therein, its present location or custodian and a description of

4    its contents.

5          (d)    With reference to an account with a bank or financial institution,

6    means the name and address of the bank or financial institution, the account

7    number(s) for or otherwise associated with such account and the name of each

8    holder, including without limitation, each beneficial holder, of each such account.

9          M.    "OMNI 808 INVESTORS, LLC" means OMNI 808

10   INVESTORS, LLC and all current or former directors, officers, employees, agents,

11   contractors, attorneys, accountants, representatives, subsidiaries, divisions,

12   AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

13   PERSON acting on its behalf, pursuant to its authority or subject to its control.

14         N.    "VISION CAPITAL, LLC" means VISION CAPITAL, LLC and

15   all current or former directors, officers, employees, agents, contractors, attorneys,

16   accountants, representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-

17   interest and successors-in-interest, and any other PERSON acting on its behalf,

18   pursuant to its authority or subject to its control.

19         O.    "LEXINGTON INVESTORS, LLC" means LEXINGTON

20   INVESTORS, LLC and all current or former directors, officers, employees, agents,

21   contractors, attorneys, accountants, representatives, subsidiaries, divisions,

22   AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

23   PERSON acting on its behalf, pursuant to its authority or subject to its control.

24         P.    "COMMUNICATION," in the plural as well as the singular,

25   means any transmittal and/or receipt of information, whether such was oral or

26   written, and whether such was by chance, prearranged, formal or informal, and

27   specifically includes, but is not limited to, conversations in person, telephone

28   conversations, electronic mail (including instant messages and text messages),

1 | voicemail, letters, memoranda, statements, media releases, magazine and newspaper
2 | articles, and video and audio transmissions.

3 |      Q.    The singular form of a noun or pronoun includes within its
4 | meaning the plural form of the noun or pronoun so used, and vice versa; the use of
5 | the masculine form of a pronoun also includes within its meaning the feminine form
6 | of the pronoun so used, and vice versa; the use of any tense of any verb includes
7 | also within its meaning all other tenses of the verb so used, whenever such
8 | construction results in a broader request for information; and "and" includes "or"
9 | and vice versa, whenever such construction results in a broader disclosure of
10 | documents or information.

11 |

12 | **II.**   **INSTRUCTIONS**

13 |      A.    YOU are to produce all requested DOCUMENTS in YOUR
14 | possession, custody or control.

15 |      B.    If YOU contend that YOU are not required to produce certain
16 | DOCUMENTS called for by these Requests on the grounds of a privilege or
17 | protection that YOU are not prepared to waive, IDENTIFY each such DOCUMENT
18 | and provide the following information:

19 |      1.    the date and type of the DOCUMENT, the author(s) and all
20 |           recipients;
21 |      2.    the privilege or protection that YOU claim permits YOU to
22 |           withhold the DOCUMENT;
23 |      3.    the title and subject matter of the DOCUMENT;
24 |      4.    any additional facts on which YOU base YOUR claim of
25 |           privilege or protection; and
26 |      5.    the IDENTITY of the current custodian of the original of the
27 |           DOCUMENT.
28 |

2752004.1

1    C.    DOCUMENTS shall be produced in their original file folders, or

2 other native format. If the DOCUMENTS are in their original file folders, in lieu

3 thereof, any writing on the file folder from which each such DOCUMENT is taken

4 shall be copied and appended to such DOCUMENT and the PERSON for whom or

5 department, division or office for which the DOCUMENT or the file folder is

6 maintained shall be identified.

7    D.    The DOCUMENTS should be produced in their complete and

8 unaltered form. Attachments to DOCUMENTS should not be removed. The

9 DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

10 any reason, including alleged nonrelevance. If emails are produced that had

11 attachments, the attachments shall be attached when produced.

12    E.    DOCUMENTS in electronic form shall be produced in that form.

13    F.    In the event that any DOCUMENT called for by these requests

14 has been destroyed or discarded, that DOCUMENT is to be identified by stating:

15    1.    the date and type of the DOCUMENT, the author(s) and all

16       recipients;

17    2.    the DOCUMENT's date, subject matter, number of pages, and

18       attachments or appendices;

19    3.    the date of destruction or discard, manner of destruction or

20       discard, and reason for destruction or discard;

21    4.    the PERSONS who were authorized to carry out such destruction

22       or discard;

23    5.    the PERSONS who have knowledge of the content, origins,

24       distribution and destruction of the DOCUMENT; and

25    6.    whether any copies of the DOCUMENT exist and, if so, the

26       name of the custodian of each copy.

27

28

2752004.1

## III.   REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

All YOUR audited and unaudited monthly, quarterly and annual financial statements covering or RELATING TO any period on or after January 1, 2007, including without limitation balance sheets, income statements, profit and loss statements, consolidated statements of operations, cash flow statements and statements of retained earnings.

REQUEST FOR PRODUCTION NO. 2:

All agreements and contracts with any lenders to or creditors of MGA covering, RELATING TO, in effect, dated or entered into on or after January 1, 2007, including without limitation loan agreements, credit agreements, financing agreements, lines of credit and promissory notes, and any amendments or modifications thereto, and any notices of default and COMMUNICATIONS REFERRING OR RELATING TO any such agreements and contracts.

REQUEST FOR PRODUCTION NO. 3:

To the extent not produced in response to any other Request, DOCUMENTS sufficient to IDENTIFY each other PERSON from whom YOU sought, solicited, requested, obtained, received or were denied credit, financing or funding on or after January 1, 2007 and sufficient to show the amount(s) and terms involved.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS REFERRING OR RELATING TO YOUR solvency or insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this action).

1  REQUEST FOR PRODUCTION NO. 5:

2           All DOCUMENTS REFERRING OR RELATING TO any

3  representation or statement made by YOU about YOUR solvency or insolvency, or

4  whether YOUR liabilities exceed YOUR assets, for any period on or after January 1,

5  2007 (excluding pleadings served by YOU on MATTEL in this action).

6

7  REQUEST FOR PRODUCTION NO. 6:

8           All DOCUMENTS REFERRING OR RELATING TO YOUR net

9  worth for any period on or after January 1, 2007 (excluding pleadings served by

10  YOU on MATTEL in this action).

11

12  REQUEST FOR PRODUCTION NO. 7:

13           All DOCUMENTS REFERRING OR RELATING TO ISAAC

14  LARIAN's net worth for any period on or after January 1, 2007 (excluding

15  pleadings served by YOU on MATTEL in this action).

16

17  REQUEST FOR PRODUCTION NO. 8:

18           All DOCUMENTS REFERRING OR RELATING TO orders,

19  including without limitation cancelled or held orders, for BRATZ products for

20  Spring 2009, and all COMMUNICATIONS with retailers and other prospective

21  purchasers REFERRING OR RELATING TO any such orders.

22

23  REQUEST FOR PRODUCTION NO. 9:

24           All DOCUMENTS REFERRING OR RELATING TO orders,

25  including without limitation cancelled or held orders, for BRATZ products for Fall

26  2009, and all COMMUNICATIONS with retailers and other prospective purchasers

27  REFERRING OR RELATING TO any such orders.

28

1  REQUEST FOR PRODUCTION NO. 10:

2            All DOCUMENTS REFERRING OR RELATING TO the transfer of

3  any ITEM OF VALUE by MGA to, or for the benefit of, ISAAC LARIAN, any

4  member of ISAAC LARIAN's family or any entity controlled by ISAAC LARIAN

5  or any member of ISAAC LARIAN's family, since January 1, 2007.

6

7  REQUEST FOR PRODUCTION NO. 11:

8            All COMMUNICATIONS between YOU and any third-party,

9  including without limitation any retailer or distributor but excluding MATTEL and

10  any Court, REFERRING OR RELATING TO YOUR *ex parte* application for stay

11  pending appeal, filed December 11, 2008, including without limitation any

12  declaration, whether final, draft, proposed or requested, in connection therewith and

13  copies of all draft declarations in connection therewith.

14

15  REQUEST FOR PRODUCTION NO. 12:

16            All DOCUMENTS REFERRING OR RELATING TO capital

17  contributions to MGA since January 1, 2007.

18

19  REQUEST FOR PRODUCTION NO. 13:

20            All DOCUMENTS showing MGA's projected revenue, costs, profits or

21  financial performance for any period since January 1, 2007.

22

23  REQUEST FOR PRODUCTION NO. 14:

24            All DOCUMENTS REFERRING OR RELATING TO any transfer of

25  any ITEM OF VALUE or other transaction between (i) MGA, and (ii) ISAAC

26  LARIAN, any ISAAC LARIAN family member, any PERSON controlled, directly

27  or indirectly by ISAAC LARIAN, or any PERSON controlled, directly or indirectly,

28  by any ISAAC LARIAN family member since January 1, 2007.

2752004.1

REQUEST FOR PRODUCTION NO. 15:

All W-2s REFERRING OR RELATING TO any ISAAC LARIAN family member since January 1, 2007.

REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS REFERRING OR RELATING TO any sale, distribution or transfer by MGA of BRATZ products having a retail value greater than $50,000 other than to retailers in the ordinary course of business since January 1, 2007.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS REFERRING OR RELATING TO agreements, transactions, sales, shipments or the transfer of any ITEM OF VALUE between MGA and IGWT Group, LLC.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS REFERRING OR RELATING TO the alleged transfer of product from MGA to IGWT Group, LLC pursuant to the Inventory Purchase Agreement dated July 7, 2008, including without limitation all audits or other valuations performed in connection with such product, any opinions RELATING TO the fairness or unfairness of such transfer, all MGA corporate or director resolutions or approvals of such transfer, all bids received or solicited in connection with the purported sale or offering for sale of such product, the terms of such bids and any other and all COMMUNICATIONS relating to any of the foregoing.

1 REQUEST FOR PRODUCTION NO. 19:

2        All DOCUMENTS REFERRING OR RELATING TO the revenue

3 generated by IGWT Group, LLC's sales, licensing, distribution or other transfer of

4 BRATZ products and the transfer or disposition of such revenue.

5

6 REQUEST FOR PRODUCTION NO. 20:

7        All DOCUMENTS REFERRING OR RELATING TO agreements,

8 contracts, transactions, sales, shipments or transfers of any ITEM OF VALUE

9 between MGA and IGWT 826 Investments, LLC.

10

11 REQUEST FOR PRODUCTION NO. 21:

12        All DOCUMENTS REFERRING OR RELATING TO the revenue

13 generated by IGWT 826 Investments, LLC's sales, licensing, distribution or other

14 transfer of BRATZ products and the transfer or disposition of such revenue.

15

16 REQUEST FOR PRODUCTION NO. 22:

17        All agreements, contracts and written COMMUNICATIONS between

18 MGA and Wachovia since January 1, 2007.

19

20 REQUEST FOR PRODUCTION NO. 23:

21        All agreements and contracts REFERRING OR RELATING TO any

22 indebtedness owed to Wachovia or any credit extended by Wachovia since January

23 1, 2007, and any amendments or modifications thereto, and any

24 COMMUNICATIONS RELATED TO any such agreements or contracts.

25

26 REQUEST FOR PRODUCTION NO. 24:

27        All DOCUMENTS REFERRING OR RELATING TO agreements,

28 contracts or transactions between MGA and OMNI 808 INVESTORS, LLC, and

2752004.1

-13-

Exhibit 2
Page 042

1  any amendments or modifications thereto, and any COMMUNICATIONS

2  REFERRING OR RELATING TO any such agreements, contracts or transactions.

3

4  REQUEST FOR PRODUCTION NO. 25:

5          All DOCUMENTS containing financial information, including but not

6  limited to YOUR historical and prospective financial performance, provided by

7  YOU to OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or LEXINGTON

8  FINANCIAL, LLC since January 1, 2008.

9

10  REQUEST FOR PRODUCTION NO. 26:

11          All DOCUMENTS REFERRING OR RELATING TO agreements,

12  contracts or transactions between LEXINGTON FINANCIAL, LLC and MGA or

13  any other PERSON, and any amendments or modifications thereto, and any

14  COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

15  contracts or transactions.

16

17  REQUEST FOR PRODUCTION NO. 27:

18          All DOCUMENTS REFERRING OR RELATING TO agreements,

19  contracts or transactions between VISION CAPITAL, LLC and MGA or any other

20  PERSON, and any amendments or modifications thereto, and any

21  COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

22  contracts or transactions.

23

24  REQUEST FOR PRODUCTION NO. 28:

25          DOCUMENTS sufficient to IDENTIFY each member, managing

26  member, holder of any ownership interest in, shareholder, officer and director of

27  IGWT Group, LLC.

28

2752004.1

-14-

1  REQUEST FOR PRODUCTION NO. 29:

2         DOCUMENTS sufficient to IDENTIFY each member, managing

3  member, holder of any ownership interest in, shareholder, officer and director of

4  IGWT 826 Investments, LLC.

5

6  REQUEST FOR PRODUCTION NO. 30:

7         DOCUMENTS sufficient to IDENTIFY each member, managing

8  member, holder of any ownership interest in, shareholder, officer and director  of

9  OMNI 808 INVESTORS, LLC.

10

11  REQUEST FOR PRODUCTION NO. 31:

12         DOCUMENTS sufficient to IDENTIFY each member, managing

13  member, holder of any ownership interest in, shareholder, officer and director of

14  VISION CAPITAL, LLC.

15

16  REQUEST FOR PRODUCTION NO. 32:

17         DOCUMENTS sufficient to IDENTIFY each member, managing

18  member, holder of any ownership interest in, shareholder, officer and director of

19  LEXINGTON FINANCIAL, LLC.

20

21  REQUEST FOR PRODUCTION NO. 33:

22         All DOCUMENTS RELATING TO any transfer of any funds, monies

23  or any ITEM OF VALUE from, or any extension of credit or funding by,

24  LEXINGTON FINANCIAL, LLC to YOU or LARIAN.

25

26

27

28

2752004.1

REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF VALUE to or from, or any extension of credit or funding by or to, LEXINGTON FINANCIAL, LLC, whether directly or indirectly.

REQUEST FOR PRODUCTION NO. 35:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT Group, LLC.

REQUEST FOR PRODUCTION NO. 36:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT 826 Investments, LLC.

REQUEST FOR PRODUCTION NO. 37:

DOCUMENTS sufficient to IDENTIFY each of YOUR bank accounts since January 1, 2007.

REQUEST FOR PRODUCTION NO. 38:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which Isaac Larian has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

REQUEST FOR PRODUCTION NO. 39:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which OMNI 808 INVESTORS, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

REQUEST FOR PRODUCTION NO. 40:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which IGWT Group, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

REQUEST FOR PRODUCTION NO. 41:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which IGWT 826 Investments, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

REQUEST FOR PRODUCTION NO. 42:

All COMMUNICATIONS between or among YOU, IGWT 826 Investments, LLC and/or IGWT Group, LLC REFERRING OR RELATING TO MATTEL and/or BRATZ.

REQUEST FOR PRODUCTION NO. 43:

All COMMUNICATIONS between or among YOU, OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL, LLC REFERRING OR RELATING TO MATTEL, MGA, LARIAN and/or BRATZ.

REQUEST FOR PRODUCTION NO. 44:

All COMMUNICATIONS between YOU and MASHIAN REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

1  REQUEST FOR PRODUCTION NO. 45:

2          All COMMUNICATIONS between YOU and Neil Kadisha

3  REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION

4  CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN

5  and/or BRATZ.

6

7  REQUEST FOR PRODUCTION NO. 46:

8          All COMMUNICATIONS between YOU and OMNI 808

9  INVESTORS, LLC REFERRING OR RELATING TO VISION CAPITAL, LLC,

10  LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

11

12  REQUEST FOR PRODUCTION NO. 47:

13          All COMMUNICATIONS REFERRING OR RELATING TO VISION

14  CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808

15  INVESTORS, LLC.

16

17  REQUEST FOR PRODUCTION NO. 48:

18          DOCUMENTS sufficient to IDENTIFY each bank account to or from

19  which VISION CAPITAL, LLC has transferred or has had transferred any ITEM

20  OF VALUE since January 1, 2007.

21

22  REQUEST FOR PRODUCTION NO. 49:

23          DOCUMENTS sufficient to IDENTIFY each bank account to or from

24  which LEXINGTON FINANCIAL, LLC has transferred or has had transferred any

25  ITEM OF VALUE since January 1, 2007.

26

27

28

27752004.1

-18-

1  REQUEST FOR PRODUCTION NO. 50:

2          DOCUMENTS sufficient to IDENTIFY each licensee of any BRATZ

3  product since January 1, 2007.

4

5  REQUEST FOR PRODUCTION NO. 51:

6          DOCUMENTS sufficient to show the amount of payments made to

7  YOU by each licensee of any BRATZ product since January 1, 2007.

8

9  REQUEST FOR PRODUCTION NO. 52:

10         A sample of each BRATZ product manufactured, sold, offered for sale,

11  marketed or distributed by YOU since January 1, 2008.

12

13  REQUEST FOR PRODUCTION NO. 53:

14         To the extent not produced in response to any other Request, a sample

15  of each core BRATZ female fashion doll manufactured, sold, offered for sale,

16  marketed or distributed by YOU since January 1, 2008.

17

18  REQUEST FOR PRODUCTION NO. 54:

19         All registrations, and applications for registration, for any trademark or

20  service mark that constitutes, includes or incorporates in any manner the term

21  "BRATZ."

22

23  REQUEST FOR PRODUCTION NO. 55:

24         All registrations, and applications for registration, for any trademark or

25  service mark that constitutes, includes or incorporates in any manner the term

26  "Jade."

27

28

27520041.1

-19-

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT (Phase 2)

Exhibit 2
Page 048

1   REQUEST FOR PRODUCTION NO. 56:

2          All COMMUNICATIONS with any Trademark Office or governmental

3   entity REFERRING OR RELATING TO any registration, or application for

4   registration, for any trademark or service mark that constitutes, includes or

5   incorporates in any manner the term "BRATZ."

6

7   REQUEST FOR PRODUCTION NO. 57:

8          All COMMUNICATIONS with any Trademark Office or governmental

9   entity REFERRING OR RELATING TO any registration, or application for

10  registration, for any trademark or service mark that constitutes, includes or

11  incorporates in any manner the term "Jade."

12

13

14  DATED:  January 7, 2009              QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

15

16                                       By_____

17                                          Jon D. Corey
                                            Attorneys for Mattel, Inc.

18

19

20

21

22

23

24

25

26

27

28

2752004.1

-20-

# EXHIBIT 3

RECEIVED

FEB 06 2009

1 Patricia L. Glaser, State Bar No. 055668
  Pglaser@glaserweil.com
2 Joel N. Klevens, State Bar No. 045446
  Jklevens@ glaserweil.com
3 GLASER, WEIL, FINK, JACOBS
   & SHAPIRO, LLP
4 10250 Constellation Boulevard, 19th Floor
5 Los Angeles, California 90067
  Telephone:  310-553-3000
6 Facsimile:   310-556-2920

7 Russell J. Frackman, State Bar No. 049087
  rjf@msk.com
8 MITCHELL, SILBERBERG & KNUPP, LLP
  11377 West Olympic Boulevard
9 Los Angeles, California 90064
  Telephone:  310-312-2000
10 Facsimile:   310-312-3100

11 Attorneys for the MGA Parties For Phase Two

12            UNITED STATES DISTRICT COURT

13           CENTRAL DISTRICT OF CALIFORNIA

14                  EASTERN DIVISION

15

16 CARTER BRYANT, an individual        ) Case No. CV 04-9049 SGL (RNBx)
                                       )
17            Plaintiff,               ) Consolidated with
                                       ) Case No. 04-09059
18 v.                                  ) Case No. 05-02727
                                       )
19 MATTEL, INC., a Delaware            ) **RESPONSES TO REQUESTS FOR**
   Corporation                         ) **DOCUMENTS AND THINGS TO**
20                                     ) **MGA ENTERTAINMENT, INC.**
             Defendant.                ) **(PHASE 2)**
21 ──────────────────────────────      )
                                       )
22                                     )
   AND CONSOLIDATED ACTIONS            )
23                                     )
                                       )
24

25

26

27

28
665960v2

2-6-09

EXHIBIT 3
PAGE 50

1    The General Response set forth herein applies to all responses that MGA is

2    providing in response to these requests for production (the "Requests") or may in the

3    future provide in response to any discovery request in this action.  The Response is

4    made without waiving, or intending to waive but, on the contrary, expressly

5    reserving:  (a) the right to object, on the grounds of competency, privilege, relevancy

6    or materiality, or any other proper grounds, to the use of the Response, for any

7    purpose in whole or in part, in any subsequent step or proceeding in this action or any

8    other action; (b) the right to object on any and all grounds, at any time, to other

9    requests for production or other discovery procedures; and (c) the right at any time to

10   revise, correct, add to, or clarify any of the responses propounded herein.

11   The Response reflects only the present state of MGA's discovery regarding the

12   information that Mattel seeks.  Discovery for Phase Two and other investigation or

13   research concerning this litigation are continuing.  It is anticipated that further

14   discovery, independent investigation, and legal research and analysis will supply

15   additional facts and meaning to the known facts, as well as establish entirely new

16   factual conclusions, all of which may lead MGA to discover other information

17   responsive to these Requests.  MGA therefore reserves the right to amend or

18   supplement this Response at any time in light of future investigation, research or

19   analysis, and also expressly reserves the right to rely on, at any time, including trial,

20   subsequently discovered information omitted from this Response as a result of

21   mistake, error, oversight or inadvertence.  MGA does not hereby admit, adopt or

22   acquiesce in any factual or legal contention, assertion or characterization contained in

23   the Requests or any particular request therein, even where MGA has not otherwise

24   objected to a particular request, or has agreed to provide information responsive to a

25   particular request.

26   No incidental or implied admissions are intended by this Response.  These

27   responses should not be taken as an admission that MGA accepts or admits the

28   existence of any facts set forth or assumed by any instruction, definition or request.

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 3
PAGE 51

1

## **GENERAL OBJECTIONS**

MGA responds to these Requests subject to the following general objections and limitations, each of which is incorporated into each and every response as though fully set forth therein:

1.    MGA objects to these Requests to the extent they seek information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.

2.    MGA objects to these Requests to the extent they seek information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence.

3.    MGA objects to these Requests to the extent they seek information which by reason of public filing or otherwise is already in Mattel's possession or is readily accessible to Mattel.

4.    MGA objects to these Requests to the extent they seek the disclosure of information (1) not currently within its possession, custody or control; (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to persons, entities, or events not known to MGA.

5.    MGA objects to these Requests to the extent they are overbroad and unduly burdensome.

6.    MGA objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome or uncertain.

665960v2

EXHIBIT __3__
PAGE __52__

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1           7.     MGA objects to the following definitions in these Requests:

2           (a)     MGA objects to the definition of the term "BRATZ"

3    (Definitions ¶ E) as vague, ambiguous, overly broad and unduly burdensome, and

4    designed to mislead and confuse the trier of fact.  The definition includes "any

5    project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

6    or in part and regardless of what such project, product or doll is or has been also,

7    previously or subsequently called) and any product, doll or DESIGN or any portion

8    thereof that is now or has ever been known as, or sold or marketed under, the name or

9    term 'Bratz' (whether in whole or in part and regardless of what such product, doll or

10   DESIGN or portion thereof is or has been also, previously or subsequently called) or

11   that is now or has ever been marketed as part of the 'Bratz' line, and each version or

12   iteration of such product, doll or DESIGN or any portion thereof," and it goes on.  By

13   incorporating the definition of DESIGN, the overly broad definition of BRATZ

14   includes two-dimensional and three-dimensional representations, including "works,

15   designs, artwork, sketches, drawings, illustrations, representations, depictions,

16   blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,

17   rotocasts, reductions to practice, developments, inventions and/or improvements . . .

18   ." (Definitions, ¶ E, F.)  These convoluted and multi-part definitions combine to

19   render the requests vague, ambiguous and overly broad, and to include within the

20   term BRATZ things that do not fairly represent the Bratz line of dolls, accessories and

21   related products that are the subject of this case.  In responding to these requests,

22   MGA will interpret the term BRATZ to mean the line of dolls introduced by MGA to

23   the market for sale in May or June of 2001 and subsequent dolls, accessories and

24   other products known as Bratz or associated by MGA with the Bratz line of dolls.

25          (b)     MGA objects to the terms "any" and "REFER OR RELATE

26   TO" (Definitions ¶ I) on the grounds and to the extent that they are overbroad, unduly

27   burdensome or are vague and ambiguous in the context of the requests as written and

28   as those requests would be plainly understood absent Mattel's definitions.

665960v2

EXHIBIT  3
PAGE  53

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1          (c)     MGA objects to the terms "IDENTIFY" or "IDENTITY"

2  (Definitions ¶ L) as overbroad, unduly burdensome, vague, ambiguous, and

3  oppressive.  Mattel's definition of these terms inherently call for answers to multiple

4  discrete questions or subparts to questions.  For example, when those terms are used

5  to reference any individual, the use of those terms requests at least 7 different and

6  distinct facts: (a) such individual's name; (b) such individual's current or last known

7  business title; (c) such individual's current or last known business affiliation; (d) such

8  individual's current or last known relationship to MGA; (e) such individual's current

9  or last known residential address; (f) such individual's current or last known business

10  address; (g) such individual's current or last known telephone number.  When those

11  terms are used to reference any business entity, the use of those terms requests at least

12  4 different and distinct facts: (a) such entity's full name; (b) state (or country) of

13  incorporation or organization; (c) such entity's present or last known address; (d) such

14  entity's present or last known telephone number.   Therefore, any request that

15  includes or incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily

16  compound and should be posed as separate requests.

17          8.     MGA objects to these request to the extent that they may unfairly

18  seek to restrict the facts on which MGA may rely at trial.  Discovery has not been

19  completed and MGA is not yet necessarily in possession of all the facts and

20  documents upon which MGA intends to rely.  All of the responses submitted herewith

21  are tendered to Mattel with the reservation that the responses are submitted without

22  limiting the evidence on which MGA may rely to support the contentions and

23  defenses that MGA may assert at the trial of this action and to rebut or impeach the

24  contentions, assertions and evidence that Mattel may present.  MGA reserves the right

25  to supplement or amend these responses at a future date.

26          9.     MGA objects to each request to the extent that it seeks

27  information that will be the subject of expert witness testimony and that is therefore

28  premature.

665960v2

EXHIBIT  3
PAGE  54

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

10.     MGA objects to each request to the extent that it seeks the disclosure of confidential, proprietary, or trade-secret information.

11.     MGA objects to each request to the extent that it calls for a legal conclusion.

12.     MGA reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter of these request.

13.     The responses below shall not be construed as an admission as to the relevance or admissibility of any statement or characterization contained in any request.  MGA reserves all objections, including without limitation objections as to competency, relevance, materiality, privilege, authenticity, or admissibility.

14.     In responding to these Requests, MGA has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure and any applicable local rule.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 1

All YOUR audited and unaudited monthly, quarterly and annual financial statements covering or RELATING TO any period on or after January 1, 2007, including without limitation balance sheets, income statements, profit and loss statements, consolidated statements of operations, cash flow statements and statements of retained earnings.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1

MGA incorporates by reference its General Objections as though fully set forth herein.  MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The request appears designed to circumvent

665960v2

EXHIBIT ___3___
PAGE ___55___

1   the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

2   the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing

3   Forensic Auditor.

4          MGA further objects to this request on the grounds that it is compound.  MGA

5   further objects to the request to the extent it violates the privacy rights of third parties

6   to their private, confidential, proprietary or trade secret information.

7          MGA also objects to this request on the grounds that it is overbroad, including,

8   without limitation, in that it would extend to any MGA financial statement relating to

9   any period on or after January 1, 2007, without regard to whether such documents are

10  at all relevant to any claim or defense at issue herein.  MGA further objects to this

11  request on the grounds that it is vague and ambiguous in its use of the term "financial

12  statements."  Mattel has not demonstrated how *all* MGA's audited and unaudited

13  monthly, quarterly and annual financial statements could be relevant to the claims and

14  defenses in this action, let alone established that the relevancy of these documents

15  outweighs the individual's fundamental right of privacy.  MGA further objects to this

16  request on the ground that the term RELATING TO renders the request vague,

17  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

18  request to the extent that it seeks documents that by reason of public filing, public

19  distribution or otherwise are already in Mattel's possession or are readily accessible to

20  Mattel.  MGA further objects to this request to the extent that it seeks documents not

21  in MGA's possession, custody or control.  MGA also objects to this request on the

22  grounds that it seeks confidential, proprietary or commercially sensitive information,

23  the disclosure of which would be inimical to the business interests of MGA.  MGA

24  also objects to this request to the extent it calls for the disclosure of attorney-client

25  privileged information or information protected from disclosure by the work-product

26  doctrine, joint defense or common interest privilege, or other privilege.

27

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT  3
PAGE  50

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1   MGA further objects to this request as cumulative and duplicative to the extent

2   that it seeks documents previously requested by Mattel or produced by MGA in

3   response to Mattel's document requests.

4   **REQUEST FOR PRODUCTION NO. 2**

5   All agreements and contracts with any lenders to or creditors of MGA covering,

6   RELATING TO, in effect, dated or entered into on or after January 1, 2007, including

7   without limitation loan agreements, credit agreements, financing agreements, lines of

8   credit and promissory notes, and any amendments or modifications thereto, and any

9   notices of default and COMMUNICATIONS REFERRING OR RELATING TO any

10  such agreements and contracts.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

12  MGA incorporates by reference its General Objections as though fully set forth

13  herein. MGA further objects on the grounds that this request calls for the production

14  of documents and communications that are not limited to the subject matter of this

15  action and not relevant to any claim or defense in the pending litigation or reasonably

16  calculated to lead to the discovery of admissible evidence.

17  MGA further objects to this request on the grounds that it is compound. MGA

18  further objects to the request to the extent it violates the privacy rights of third parties

19  to their private, confidential, proprietary or trade secret information.

20  MGA also objects to this request on the grounds that it is overbroad, including,

21  without limitation, that it would extend to *any* agreements and contracts with *any*

22  lenders to or creditors of MGA and *any* communications referring or relating thereto,

23  without regard to whether such communications are at all relevant to any claim or

24  defense at issue herein. MGA further objects to this request on the grounds that it is

25  vague and ambiguous in its use of the terms "lenders," "creditors," "agreements," and

26  "contracts." Mattel has not demonstrated how *all* agreements and contracts with any

27  lenders to or creditors of MGA covering, RELATING TO, in effect, dated or entered

28  into on or after January 1, 2007, and *any* notices of default and COMMUNICATIONS

665960v2

7

EXHIBIT ___3___

PAGE ___51___

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  REFERRING OR RELATING TO any such agreements and contracts could be

2  relevant to the claims and defenses in this action, let alone established that the

3  relevancy of these documents and communications outweighs the individual's

4  fundamental right of privacy.  MGA further objects to this request on the ground that

5  the terms COMMUNICATIONS, REFERRING OR RELATING TO render the

6  request vague, ambiguous, overly broad and unduly burdensome.  MGA further

7  objects to the request to the extent that it seeks documents that by reason of public

8  filing, public distribution or otherwise are already in Mattel's possession or are

9  readily accessible to Mattel.  MGA further objects to this request to the extent that it

10  seeks documents not in MGA's possession, custody or control.  MGA also objects to

11  this request on the grounds that it seeks confidential, proprietary or commercially

12  sensitive information, the disclosure of which would be inimical to the business

13  interests of MGA.  MGA also objects to this request to the extent it calls for the

14  disclosure of attorney-client privileged information or information protected from

15  disclosure by the work-product doctrine, joint defense or common interest privilege,

16  or other privilege.

17       MGA further objects to this request as cumulative and duplicative to the extent

18  that it seeks documents previously requested by Mattel or produced by MGA in

19  response to Mattel's document requests.

20  **REQUEST FOR PRODUCTION NO. 3**

21       To the extent not produced in response to any other Request, DOCUMENTS

22  sufficient to IDENTIFY each other PERSON from whom YOU sought, solicited,

23  requested, obtained, received or were denied credit, financing or funding on or after

24  January 1, 2007 and sufficient to show the amount(s) and terms involved.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

26       MGA incorporates by reference its General Objections as though fully set forth

27  herein.  MGA further objects on the grounds that this request calls for the production

28  of documents that are not limited to the subject matter of this action and not relevant

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

665960v2

EXHIBIT __3__

PAGE  58

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC (PHASE 2)

1  to any claim or defense in the pending litigation or reasonably calculated to lead to
2  the discovery of admissible evidence. The request appears designed to circumvent
3  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay
4  the auditor's costs in the first instance. <u>See</u> January 7, 2009 Larson Order Appointing
5  Forensic Auditor.

6      MGA further objects to this request on the grounds that it is compound. MGA
7  further objects to the request to the extent it violates the privacy rights of third parties
8  to their private, confidential, proprietary or trade secret information.

9      MGA also objects to this request on the grounds that it is overbroad, including,
10 without limitation, that it would require production of any documents sufficient to
11 identify any person or entity from whom MGA sought, solicited, requested, obtained,
12 received or were denied credit, financing or funding, without regard to whether such
13 documents are at all relevant to any claim or defense at issue herein. MGA further
14 objects to this request on the grounds that it is vague and ambiguous in its use of the
15 terms "sought," "solicited," "requested," "obtained," "received," "denied," "credit,"
16 "financing," and "funding." Mattel has not demonstrated how DOCUMENTS
17 sufficient to IDENTIFY *each* other PERSON from whom MGA sought, solicited,
18 requested, obtained, received or were denied credit, financing or funding on or after
19 January 1, 2007 and sufficient to show the amount(s) and terms involved could be
20 relevant to the claims and defenses in this action, let alone established that the
21 relevancy of these documents outweighs the individual's fundamental right of
22 privacy. MGA further objects to this request on the ground that the terms
23 DOCUMENTS, IDENTIFY, and PERSON render the request vague, ambiguous,
24 overly broad and unduly burdensome. MGA further objects to the request to the
25 extent that it seeks documents that by reason of public filing, public distribution or
26 otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA
27 further objects to this request to the extent that it seeks documents not in MGA's
28 possession, custody or control. MGA also objects to this request on the grounds that

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 3

PAGE 59

9

1   it seeks confidential, proprietary or commercially sensitive information, the disclosure
2   of which would be inimical to the business interests of MGA.  MGA also objects to
3   this request to the extent it calls for the disclosure of attorney-client privileged
4   information or information protected from disclosure by the work-product doctrine,
5   joint defense or common interest privilege, or other privilege.

6       MGA further objects to this request as cumulative and duplicative to the extent
7   that it seeks documents previously requested by Mattel or produced by MGA in
8   response to Mattel's document requests.

9   **REQUEST FOR PRODUCTION NO. 4**

10      All DOCUMENTS REFERRING OR RELATING TO YOUR solvency or
11  insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or
12  after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this
13  action).

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

15      MGA incorporates by reference its General Objections as though fully set forth
16  herein.  MGA further objects to this request on the grounds that the Discovery Master
17  already has ruled on similarly phrased requests, including in an Order dated May 7,
18  2008, concluding that requests using phrases like "all documents," and "referring to
19  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant
20  information. See May 7, 2008 Infante Order.  MGA further objects on the grounds
21  that this request calls for the production of documents that are not limited to the
22  subject matter of this action and not relevant to any claim or defense in the pending
23  litigation or reasonably calculated to lead to the discovery of admissible evidence.
24  The request appears designed to circumvent the Court's January 7 Order appointing a
25  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.
26  See January 7, 2009 Larson Order Appointing Forensic Auditor.

27

28

665960v2

EXHIBIT _3_

PAGE _60_

10

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC (PHASE 2)

1   MGA further objects to this request on the grounds that it is compound.  MGA

2   further objects to the request to the extent it violates the privacy rights of third parties

3   to their private, confidential, proprietary or trade secret information.

4       MGA also objects to this request on the grounds that it is overbroad, including,

5   without limitation, in that it would extend to any document referring or relating in any

6   way to a wide variety of matter that could potentially be construed as "relating" to

7   MGA's solvency or insolvency, without regard to whether such documents are at all

8   relevant to any claim or defense at issue herein.  MGA further objects to this request

9   on the grounds that it is vague and ambiguous in its use of the terms "solvency" and

10  "insolvency."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

11  RELATING TO MGA's solvency or insolvency, or whether MGA's liabilities exceed

12  its assets could be relevant to the claims and defenses in this action, let alone

13  established that the relevancy of these documents outweighs fundamental privacy

14  rights.  MGA further objects to this request on the ground that the terms

15  DOCUMENTS and REFERRING OR RELATING TO render the request vague,

16  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

17  request to the extent that it seeks documents that by reason of public filing, public

18  distribution or otherwise are already in Mattel's possession or are readily accessible to

19  Mattel.  MGA also objects to this request on the grounds that it seeks confidential,

20  proprietary or commercially sensitive information, the disclosure of which would be

21  inimical to the business interests of MGA.  MGA also objects to this request to the

22  extent it calls for the disclosure of attorney-client privileged information or

23  information protected from disclosure by the work-product doctrine, joint defense or

24  common interest privilege, or other privilege.

25      MGA further objects to this request as cumulative and duplicative to the extent

26  that it seeks documents previously requested by Mattel or produced by MGA in

27  response to Mattel's document requests.

28

665960v2

EXHIBIT   3
PAGE   41

11

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**REQUEST FOR PRODUCTION NO. 5**

All DOCUMENTS REFERRING OR RELATING TO any representation or statement made by YOU about YOUR solvency or insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this action).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to *any* statement or representation made by anyone at MGA referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to this MGA's solvency, insolvency, liabilities, or assets without regard to whether such statements or representations are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify *every* statement or representation that any of its hundreds of employees may have made to any other person referring or relating to MGA's solvency, insolvency, liabilities, or assets. MGA further objects to this

EXHIBIT 3
PAGE 112

1   request on the grounds that it is vague and ambiguous in its use of the terms

2   "representation," "statement," "solvency," and "insolvency."   Mattel has not

3   demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO any

4   representation or statement made by MGA about MGA's solvency or insolvency, or

5   whether MGA's liabilities exceed its assets could be relevant to the claims and

6   defenses in this action, let alone established that the relevancy of these documents

7   outweighs fundamental privacy rights.  MGA further objects to this request on the

8   ground that the terms DOCUMENTS and REFERRING OR RELATING TO render

9   the request vague, ambiguous, overly broad and unduly burdensome.  MGA further

10  objects to the request to the extent that it seeks documents that by reason of public

11  filing, public distribution or otherwise are already in Mattel's possession or are

12  readily accessible to Mattel.  MGA further objects to this request to the extent that it

13  seeks documents not in MGA's possession, custody or control.  MGA also objects to

14  this request on the grounds that it seeks confidential, proprietary or commercially

15  sensitive information, the disclosure of which would be inimical to the business

16  interests of MGA.  MGA also objects to this request to the extent it calls for the

17  disclosure of attorney-client privileged information or information protected from

18  disclosure by the work-product doctrine, joint defense or common interest privilege,

19  or other privilege.

20        MGA further objects to this request as cumulative and duplicative to the extent

21  that it seeks documents previously requested by Mattel or produced by MGA in

22  response to Mattel's document requests.

23  **REQUEST FOR PRODUCTION NO. 6**

24        All DOCUMENTS REFERRING OR RELATING TO YOUR net worth for

25  any period on or after January 1, 2007 (excluding pleadings served by YOU on

26  MATTEL in this action).

27

28

665960v2

EXHIBIT __3__

PAGE __43__

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC (PHASE 2)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, in that it would extend to any document referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to MGA's net worth, without regard to whether such documents are at all relevant to any claim or defense at issue herein. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the term "net worth." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO MGA's net worth could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. MGA further objects to this request on the ground that the terms DOCUMENTS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT  3
PAGE  74

1  documents that by reason of public filing, public distribution or otherwise are already

2  in Mattel's possession or are readily accessible to Mattel.  MGA also objects to this

3  request on the grounds that it seeks confidential, proprietary or commercially

4  sensitive information, the disclosure of which would be inimical to the business

5  interests of MGA.  MGA also objects to this request to the extent it calls for the

6  disclosure of attorney-client privileged information or information protected from

7  disclosure by the work-product doctrine, joint defense or common interest privilege,

8  or other privilege.

9        MGA further objects to this request as cumulative and duplicative to the extent

10  that it seeks documents previously requested by Mattel or produced by MGA in

11  response to Mattel's document requests.

12  **REQUEST FOR PRODUCTION NO. 7**

13        All DOCUMENTS REFERRING OR RELATING TO ISAAC LARIAN's net

14  worth for any period on or after January 1, 2007 (excluding pleadings served by YOU

15  on MATTEL in this action).

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

17        MGA incorporates by reference its General Objections as though fully set forth

18  herein.  MGA further objects to this request on the grounds that the Discovery Master

19  already has ruled on similarly phrased requests, including in an Order dated May 7,

20  2008, concluding that requests using phrases like "all documents," and "referring to

21  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

22  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

23  that this request calls for the production of documents that are not limited to the

24  subject matter of this action and not relevant to any claim or defense in the pending

25  litigation or reasonably calculated to lead to the discovery of admissible evidence.

26  The request appears designed to circumvent the Court's January 7 Order appointing a

27  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

28  See January 7, 2009 Larson Order Appointing Forensic Auditor.  EXHIBIT 3

665960v2

PAGE 45

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC. (PHASE 2)

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    MGA further objects to this request on the grounds that it is compound.  MGA

2  further objects to the request to the extent it violates the privacy rights of third parties

3  to their private, confidential, proprietary or trade secret information.

4    MGA also objects to this request on the grounds that it is overbroad, including,

5  without limitation, in that it would extend to any document referring or relating in any

6  way to a wide variety of matter that could potentially be construed as "relating" to

7  Isaac Larian's net worth, without regard to whether such documents are at all relevant

8  to any claim or defense at issue herein.  MGA further objects to this request on the

9  grounds that it is vague and ambiguous in its use of the term "net worth."  Mattel has

10  not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO Isaac

11  Larian's net worth could be relevant to the claims and defenses in this action, let

12  alone established that the relevancy of these documents outweighs the individual's

13  fundamental right of privacy.  MGA further objects to this request on the ground that

14  the terms DOCUMENTS and REFERRING OR RELATING TO render the request

15  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

16  request to the extent that it seeks documents that by reason of public filing, public

17  distribution or otherwise are already in Mattel's possession or are readily accessible to

18  Mattel.  MGA also objects to this request on the grounds that it seeks confidential,

19  proprietary or commercially sensitive information, the disclosure of which would be

20  inimical to the business interests of MGA.  MGA also objects to this request to the

21  extent it calls for the disclosure of attorney-client privileged information or

22  information protected from disclosure by the work-product doctrine, joint defense or

23  common interest privilege, or other privilege.

24    MGA further objects to this request as cumulative and duplicative to the extent

25  that it seeks documents previously requested by Mattel or produced by MGA in

26  response to Mattel's document requests.

27

28

665960v2

EXHIBIT ___3___
PAGE ___16___

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC (PHASE 2)

**REQUEST FOR PRODUCTION NO. 8**

All DOCUMENTS REFERRING OR RELATING TO orders, including without limitation cancelled or held orders, for BRATZ products for Spring 2009, and all COMMUNICATIONS with retailers and other prospective purchasers REFERRING OR RELATING TO any such orders.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents or communications with retailers and other prospective purchasers referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to orders for BRATZ products for Spring 2009, without regard to whether such documents or communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every and communication that any of its hundreds of employees may have had with any retailers and other prospective purchasers referring or relating to orders for BRATZ products

665960v2

17

1   for Spring 2009. MGA further objects to this request on the grounds that it is vague

2   and ambiguous in its use of the terms "orders," "cancelled or held orders," and

3   "retailers and other prospective purchasers." Mattel has not demonstrated how *all*

4   DOCUMENTS REFERRING OR RELATING TO orders, including without

5   limitation cancelled or held orders, for BRATZ products for Spring 2009, and all

6   COMMUNICATIONS with retailers and other prospective purchasers REFERRING

7   OR RELATING TO any such orders could be relevant to the claims and defenses in

8   this action, let alone established that the relevancy of these documents outweighs the

9   fundamental privacy rights. MGA further objects to this request on the ground that

10  the terms DOCUMENTS, REFERRING OR RELATING TO, and

11  COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly

12  burdensome. MGA further objects to the request to the extent that it seeks documents

13  that by reason of public filing, public distribution or otherwise are already in Mattel's

14  possession or are readily accessible to Mattel. MGA further objects to this request to

15  the extent that it seeks documents not in MGA's possession, custody or control.

16  MGA also objects to this request on the grounds that it seeks confidential, proprietary

17  or commercially sensitive information, the disclosure of which would be inimical to

18  the business interests of MGA. MGA also objects to this request to the extent it calls

19  for the disclosure of attorney-client privileged information or information protected

20  from disclosure by the work-product doctrine, joint defense or common interest

21  privilege, or other privilege.

22        MGA further objects to this request as cumulative and duplicative to the extent

23  that it seeks documents previously requested by Mattel or produced by MGA in

24  response to Mattel's document requests.

25

26  \ \ \

27  \ \ \

28  \ \ \

665960v2

EXHIBIT 3
PAGE 68

18

**REQUEST FOR PRODUCTION NO. 9**

All DOCUMENTS REFERRING OR RELATING TO orders, including without limitation cancelled or held orders, for BRATZ products for Fall 2009, and all COMMUNICATIONS with retailers and other prospective purchasers REFERRING OR RELATING TO any such orders.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents and communications that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents or communications with retailers and other prospective purchasers referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to orders for BRATZ products for Fall 2009, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every and communication that any of its hundreds of employees may have had with any retailers and other prospective

665960v2

1  purchasers referring or relating to orders for BRATZ products for Fall 2009.  MGA

2  further objects to this request on the grounds that it is vague and ambiguous in its use

3  of the terms "orders," "cancelled or held orders," and "retailers and other prospective

4  purchasers."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

5  RELATING TO orders, including without limitation cancelled or held orders, for

6  BRATZ products for Fall 2009, and all COMMUNICATIONS with retailers and other

7  prospective purchasers REFERRING OR RELATING TO any such orders could be

8  relevant to the claims and defenses in this action, let alone established that the

9  relevancy of these documents outweighs fundamental privacy rights.  MGA further

10  objects to this request on the ground that the terms DOCUMENTS, REFERRING OR

11  RELATING TO, and COMMUNICATIONS render the request vague, ambiguous,

12  overly broad and unduly burdensome.  MGA further objects to the request to the

13  extent that it seeks documents that by reason of public filing, public distribution or

14  otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA

15  further objects to this request to the extent that it seeks documents not in MGA's

16  possession, custody or control.  MGA also objects to this request on the grounds that

17  it seeks confidential, proprietary or commercially sensitive information, the disclosure

18  of which would be inimical to the business interests of MGA.  MGA also objects to

19  this request to the extent it calls for the disclosure of attorney-client privileged

20  information or information protected from disclosure by the work-product doctrine,

21  joint defense or common interest privilege, or other privilege.

22          MGA further objects to this request as being overly broad and unduly

23  burdensome on the grounds that it is not limited in time.  MGA further objects to this

24  request as cumulative and duplicative to the extent that it seeks documents previously

25  requested by Mattel or produced by MGA in response to Mattel's document requests.

26

27  \ \ \

28  \ \ \

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ___3___

PAGE ___70___

1  **REQUEST FOR PRODUCTION NO. 10**

2      All DOCUMENTS REFERRING OR RELATING TO the transfer of any

3  ITEM OF VALUE by MGA to, or for the benefit of, ISAAC LARIAN, any member

4  of ISAAC LARIAN's family or any entity controlled by ISAAC LARIAN or any

5  member of ISAAC LARIAN's family, since January 1, 2007.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

7      MGA incorporates by reference its General Objections as though fully set forth

8  herein.  MGA further objects to this request on the grounds that the Discovery Master

9  already has ruled on similarly phrased requests, including in an Order dated May 7,

10 2008, concluding that requests using phrases like "all documents," and "referring to

11 or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

12 information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

13 that this request calls for the production of documents that are not limited to the

14 subject matter of this action and not relevant to any claim or defense in the pending

15 litigation or reasonably calculated to lead to the discovery of admissible evidence.

16 The request appears designed to circumvent the Court's January 7 Order appointing a

17 forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

18 See January 7, 2009 Larson Order Appointing Forensic Auditor.

19     MGA further objects to this request on the grounds that it is compound.  MGA

20 further objects to the request to the extent it violates the privacy rights of third parties

21 to their private, confidential, proprietary or trade secret information.

22     MGA also objects to this request on the grounds that it is overbroad, including,

23 without limitation, that it would extend to any documents referring or relating in any

24 way to a wide variety of matter that could potentially be construed as "relating" to the

25 transfer of any item of value between MGA and Isaac Larian or any member of Isaac

26 Larian's family, or any entity controlled by Isaac Larian or Isaac Larian's family,

27 without regard to whether such documents are at all relevant to any claim or defense

28 at issue herein.  Mattel has not demonstrated how *all* DOCUMENTS REFERRING

665960v2

EXHIBIT ___3___

PAGE ___71___

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC.

1   OR RELATING TO the transfer of any ITEM OF VALUE by MGA to, or for the

2   benefit of, ISAAC LARIAN, any member of ISAAC LARIAN's family or any entity

3   controlled by ISAAC LARIAN or any member of ISAAC LARIAN's family could be

4   relevant to the claims and defenses in this action, let alone established that the

5   relevancy of these documents outweighs the individual's fundamental right of

6   privacy.  MGA further objects to this request on the ground that the terms

7   DOCUMENTS, REFERRING OR RELATING TO, and ITEM OF VALUE render the

8   request vague, ambiguous, overly broad and unduly burdensome.  MGA further

9   objects to the request to the extent that it seeks documents that by reason of public

10  filing, public distribution or otherwise are already in Mattel's possession or are

11  readily accessible to Mattel.  MGA further objects to this request to the extent that it

12  seeks documents not in MGA's possession, custody or control.  MGA also objects to

13  this request on the grounds that it seeks confidential, proprietary or commercially

14  sensitive information, the disclosure of which would be inimical to the business

15  interests of MGA.  MGA also objects to this request to the extent it calls for the

16  disclosure of attorney-client privileged information or information protected from

17  disclosure by the work-product doctrine, joint defense or common interest privilege,

18  or other privilege.

19      MGA further objects to this request as cumulative and duplicative to the extent

20  that it seeks documents previously requested by Mattel or produced by MGA in

21  response to Mattel's document requests.

22  **REQUEST FOR PRODUCTION NO. 11**

23      All COMMUNICATIONS between YOU and any third-party, including

24  without limitation any retailer or distributor but excluding MATTEL and any Court,

25  REFERRING OR RELATING TO YOUR ex parte application for stay pending

26  appeal, filed December 11, 2008, including without limitation any declaration,

27  whether final, draft, proposed or requested, in connection therewith and copies of all

28  draft declarations in connection therewith.

665960v2

EXHIBIT __3__

PAGE __72__

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any communication between MGA and any third-party referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to MGA's ex parte application for stay pending appeal, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every communication that any of its hundreds of employees may have had with any third-party referring or relating to this action. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons involved in the communications. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "third-party," "retailer or distributor," and "ex parte application for stay pending appeal." Mattel has not demonstrated how *all* COMMUNICATIONS between MGA and any third-party REFERRING OR RELATING TO MGA's ex parte application for stay pending appeal could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms COMMUNICATIONS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1 and unduly burdensome.  MGA further objects to the request to the extent that it seeks

2 documents that by reason of public filing, public distribution or otherwise are already

3 in Mattel's possession or are readily accessible to Mattel.  MGA further objects to this

4 request to the extent that it seeks documents not in MGA's possession, custody or

5 control.  MGA also objects to this request on the grounds that it seeks confidential,

6 proprietary or commercially sensitive information, the disclosure of which would be

7 inimical to the business interests of MGA.  MGA also objects to this request to the

8 extent it calls for the disclosure of attorney-client privileged information or

9 information protected from disclosure by the work-product doctrine, joint defense or

10 common interest privilege, or other privilege.

11      MGA further objects to this request as cumulative and duplicative to the extent

12 that it seeks documents previously requested by Mattel or produced by MGA in

13 response to Mattel's document requests.

14 **REQUEST FOR PRODUCTION NO. 12**

15      All DOCUMENTS REFERRING OR RELATING TO capital contributions to

16 MGA since January 1, 2007.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

18      MGA incorporates by reference its General Objections as though fully set forth

19 herein.  MGA further objects to this request on the grounds that the Discovery Master

20 already has ruled on similarly phrased requests, including in an Order dated May 7,

21 2008, concluding that requests using phrases like "all documents," and "referring to

22 or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

23 information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

24 that this request calls for the production of documents that are not limited to the

25 subject matter of this action and not relevant to any claim or defense in the pending

26 litigation or reasonably calculated to lead to the discovery of admissible evidence.

27 The request appears designed to circumvent the Court's January 7 Order appointing a

28

665960v2

EXHIBIT ___3___

PAGE ___74___

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC (PHASE 2)

1   forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

2   See January 7, 2009 Larson Order Appointing Forensic Auditor.

3      MGA further objects to this request on the grounds that it is compound. MGA

4   further objects to the request to the extent it violates the privacy rights of third parties

5   to their private, confidential, proprietary or trade secret information.

6      MGA also objects to this request on the grounds that it is overbroad, including,

7   without limitation, that it would extend to any documents referring or relating in any

8   way to a wide variety of matter that could potentially be construed as "relating" to

9   capital contributions to MGA, without regard for whether such documents are at all

10   relevant to any claim or defense at issue herein. MGA further objects to this request

11   on the grounds that it is vague and ambiguous in its use of the term "capital

12   contributions." Mattel has not demonstrated how *all* DOCUMENTS REFERRING

13   OR RELATING TO capital contributions to MGA could be relevant to the claims and

14   defenses in this action, let alone established that the relevancy of these documents

15   outweighs the individual's fundamental right of privacy. MGA further objects to this

16   request on the ground that the terms DOCUMENTS and REFERRING OR

17   RELATING TO render the request vague, ambiguous, overly broad and unduly

18   burdensome. MGA further objects to the request to the extent that it seeks documents

19   that by reason of public filing, public distribution or otherwise are already in Mattel's

20   possession or are readily accessible to Mattel. MGA further objects to this request to

21   the extent that it seeks documents not in MGA's possession, custody or control.

22   MGA also objects to this request on the grounds that it seeks confidential, proprietary

23   or commercially sensitive information, the disclosure of which would be inimical to

24   the business interests of MGA. MGA also objects to this request to the extent it calls

25   for the disclosure of attorney-client privileged information or information protected

26   from disclosure by the work-product doctrine, joint defense or common interest

27   privilege, or other privilege.

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ___3___
PAGE ___75___

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1  MGA further objects to this request as cumulative and duplicative to the extent

2  that it seeks documents previously requested by Mattel or produced by MGA in

3  response to Mattel's document requests.

4  **REQUEST FOR PRODUCTION NO. 13**

5      All DOCUMENTS showing MGA's projected revenue, costs, profits or

6  financial performance for any period since January 1, 2007.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

8      MGA incorporates by reference its General Objections as though fully set forth

9  herein. MGA further objects on the grounds that this request calls for the production

10  of documents that are not limited to the subject matter of this action and not relevant

11  to any claim or defense in the pending litigation or reasonably calculated to lead to

12  the discovery of admissible evidence. The request appears designed to circumvent

13  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

14  the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing

15  Forensic Auditor.

16      MGA further objects to this request on the grounds that it is compound. MGA

17  further objects to the request to the extent it violates the privacy rights of third parties

18  to their private, confidential, proprietary or trade secret information.

19      MGA also objects to this request on the grounds that it is overbroad, including,

20  without limitation, that it would extend to any documents referring or relating in any

21  way to a wide variety of matter that could potentially be construed as "showing"

22  MGA's projected revenue, costs, profits or financial performance, without regard for

23  whether such documents are at all relevant to any claim or defense at issue herein.

24  MGA further objects to this request on the grounds that it is vague and ambiguous in

25  its use of the terms "projected revenue," "costs," "profits," and "financial

26  performance." Mattel has not demonstrated how *all* DOCUMENTS showing MGA's

27  projected revenue, costs, profits or financial performance could be relevant to the

28  claims and defenses in this action, let alone established that the relevancy of these

665960v2

26

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___3___

PAGE ___70___

1   documents outweighs fundamental privacy rights.  MGA further objects to this

2   request on the ground that the term DOCUMENTS renders the request vague,

3   ambiguous, overly broad and unduly burdensome.  MGA further objects to the

4   request to the extent that it seeks documents that by reason of public filing, public

5   distribution or otherwise are already in Mattel's possession or are readily accessible to

6   Mattel.  MGA further objects to this request to the extent that it seeks documents not

7   in MGA's possession, custody or control.  MGA also objects to this request on the

8   grounds that it seeks confidential, proprietary or commercially sensitive information,

9   the disclosure of which would be inimical to the business interests of MGA.  MGA

10  also objects to this request to the extent it calls for the disclosure of attorney-client

11  privileged information or information protected from disclosure by the work-product

12  doctrine, joint defense or common interest privilege, or other privilege.

13      MGA further objects to this request as cumulative and duplicative to the extent

14  that it seeks documents previously requested by Mattel or produced by MGA in

15  response to Mattel's document requests.

16  **REQUEST FOR PRODUCTION NO. 14**

17      All DOCUMENTS REFERRING OR RELATING TO any transfer of any

18  ITEM OF VALUE or other transaction between (i) MGA, and (ii) ISAAC LARIAN,

19  any ISAAC LARIAN family member, any PERSON controlled, directly or indirectly

20  by ISAAC LARIAN, or any PERSON controlled, directly or indirectly, by any

21  ISAAC LARIAN family member since January. 1, 2007.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

23      MGA incorporates by reference its General Objections as though fully set forth

24  herein.  MGA further objects to this request on the grounds that the Discovery Master

25  already has ruled on similarly phrased requests, including in an Order dated May 7,

26  2008, concluding that requests using phrases like "all documents," and "referring to

27  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

28  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC (PHASE 2)

EXHIBIT 3
PAGE 77

1    that this request calls for the production of documents that are not limited to the

2    subject matter of this action and not relevant to any claim or defense in the pending

3    litigation or reasonably calculated to lead to the discovery of admissible evidence.

4    The request appears designed to circumvent the Court's January 7 Order appointing a

5    forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

6    See January 7, 2009 Larson Order Appointing Forensic Auditor.

7        MGA further objects to this request on the grounds that it is compound.  MGA

8    further objects to the request to the extent it violates the privacy rights of third parties

9    to their private, confidential, proprietary or trade secret information.

10        MGA also objects to this request on the grounds that it is overbroad, including,

11    without limitation, that it would extend to any document referring or relating in any

12    way to a wide variety of matter that could potentially be construed as "relating" to

13    this any transfer of any item of value between MGA, Isaac Larian, any Isaac Larian

14    family member, and any person controlled directly or indirectly by Isaac Larian or

15    Isaac Larian's family, without regard to whether such documents are at all relevant to

16    any claim or defense at issue herein.  MGA further objects to this request on the

17    grounds that it is vague and ambiguous in its use of the terms "transfer" and

18    "controlled, directly or indirectly."  Mattel has not demonstrated how *all*

19    DOCUMENTS REFERRING OR RELATING TO any transfer of any ITEM OF

20    VALUE or other transaction between (i) MGA, and (ii) ISAAC LARIAN, any ISAAC

21    LARIAN family member, any PERSON controlled, directly or indirectly by ISAAC

22    LARIAN, or any PERSON controlled, directly or indirectly, by any ISAAC LARIAN

23    family member could be relevant to the claims and defenses in this action, let alone

24    established that the relevancy of these documents outweighs the individual's

25    fundamental right of privacy.  MGA further objects to this request on the ground that

26    the terms DOCUMENTS, REFERRING OR RELATING TO, ITEM OF VALUE, and

27    PERSON render the request vague, ambiguous, overly broad and unduly burdensome.

28    MGA further objects to the request to the extent that it seeks documents that by

665960v2

EXHIBIT 3

PAGE 78

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC. (PHASE 2)

1 reason of public filing, public distribution or otherwise are already in Mattel's

2 possession or are readily accessible to Mattel. MGA further objects to this request to

3 the extent that it seeks documents not in MGA's possession, custody or control.

4 MGA also objects to this request on the grounds that it seeks confidential, proprietary

5 or commercially sensitive information, the disclosure of which would be inimical to

6 the business interests of MGA. MGA also objects to this request to the extent it calls

7 for the disclosure of attorney-client privileged information or information protected

8 from disclosure by the work-product doctrine, joint defense or common interest

9 privilege, or other privilege.

10       MGA further objects to this request as cumulative and duplicative to the extent

11 that it seeks documents previously requested by Mattel or produced by MGA in

12 response to Mattel's document requests.

13 **REQUEST FOR PRODUCTION NO. 15**

14       All W-2s REFERRING OR RELATING TO any ISAAC LARIAN family

15 member since January 1, 2007.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

17       MGA incorporates by reference its General Objections as though fully set forth

18 herein. MGA further objects on the grounds that this request calls for the production

19 of documents that are not limited to the subject matter of this action and not relevant

20 to any claim or defense in the pending litigation or reasonably calculated to lead to

21 the discovery of admissible evidence. The request appears designed to circumvent

22 the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

23 the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing

24 Forensic Auditor.

25       MGA further objects to this request on the grounds that it is compound. MGA

26 further objects to the request to the extent it violates the privacy rights of third parties

27 to their private, confidential, proprietary or trade secret information.

28

665960v2

EXHIBIT 3
PAGE 71

1  MGA further objects to this request on the grounds that it is vague and

2  ambiguous in its use of the terms "W-2" and "family member." Mattel has not

3  demonstrated how *all* W-2s REFERRING OR RELATING TO any ISAAC LARIAN

4  family member could be relevant to the claims and defenses in this action, let alone

5  established that the relevancy of these documents outweighs the individual's

6  fundamental right of privacy. MGA further objects to this request on the ground that

7  the term REFERRING OR RELATING TO renders the request vague, ambiguous,

8  overly broad and unduly burdensome. MGA further objects to the request to the

9  extent that it seeks documents that by reason of public filing, public distribution or

10 otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA

11 further objects to this request to the extent that it seeks documents not in MGA's

12 possession, custody or control. MGA also objects to this request on the grounds that

13 it seeks confidential, proprietary or commercially sensitive information, the disclosure

14 of which would be inimical to the business interests of MGA. MGA also objects to

15 this request to the extent it calls for the disclosure of attorney-client privileged

16 information or information protected from disclosure by the work-product doctrine,

17 joint defense or common interest privilege, or other privilege.

18     MGA further objects to this request as cumulative and duplicative to the extent

19 that it seeks documents previously requested by Mattel or produced by MGA in

20 response to Mattel's document requests.

21 **REQUEST FOR PRODUCTION NO. 16**

22     All DOCUMENTS REFERRING OR RELATING TO any sale, distribution or

23 transfer by MGA of BRATZ products having a retail value greater than $50,000 other

24 than to retailers in the ordinary course of business since January 1, 2007.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

26     MGA incorporates by reference its General Objections as though fully set forth

27 herein. MGA further objects to this request on the grounds that the Discovery Master

28 already has ruled on similarly phrased requests, including in an Order dated May 7,

665960v2

EXHIBIT  3

PAGE  80

1  2008, concluding that requests using phrases like "all documents," and "referring to

2  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

3  information. See May 7, 2008 Infante Order. MGA further objects on the grounds

4  that this request calls for the production of documents that are not limited to the

5  subject matter of this action and not relevant to any claim or defense in the pending

6  litigation or reasonably calculated to lead to the discovery of admissible evidence.

7  The request appears designed to circumvent the Court's January 7 Order appointing a

8  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

9  See January 7, 2009 Larson Order Appointing Forensic Auditor.

10      MGA further objects to this request on the grounds that it is compound. MGA

11  further objects to the request to the extent it violates the privacy rights of third parties

12  to their private, confidential, proprietary or trade secret information.

13      MGA also objects to this request on the grounds that it is overbroad, including,

14  without limitation, that it would extend to any document referring or relating in any

15  way to a wide variety of matter that could potentially be construed as "relating" to

16  any sale, distribution or transfer by MGA of BRATZ products having a retail value

17  greater than $50,000 other than to retailers in the ordinary course of business, without

18  regard to whether such documents are at all relevant to any claim or defense at issue

19  herein. MGA also objects to this request on the grounds that it is overbroad, unduly

20  burdensome and oppressive in that it is not in any way limited as to the persons

21  involved in the sales, distributions, or transfers. MGA further objects to this request

22  on the grounds that it is vague and ambiguous in its use of the terms "sale,"

23  "distribution," "transfer," "retail value," "retailers," and "ordinary course of

24  business." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

25  RELATING TO any sale, distribution or transfer by MGA of BRATZ products having

26  a retail value greater than $50,000 other than to retailers in the ordinary course of

27  business could be relevant to the claims and defenses in this action, let alone

28  established that the relevancy of these documents outweighs fundamental privacy

665960v2

EXHIBIT 3
PAGE 81

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC. (PHASE 2)

1    rights.  MGA further objects to this request on the ground that the terms

2    DOCUMENTS and REFERRING OR RELATING TO render the request vague,

3    ambiguous, overly broad and unduly burdensome.  MGA further objects to the

4    request to the extent that it seeks documents that by reason of public filing, public

5    distribution or otherwise are already in Mattel's possession or are readily accessible to

6    Mattel.  MGA further objects to this request to the extent that it seeks documents not

7    in MGA's possession, custody or control.  MGA also objects to this request on the

8    grounds that it seeks confidential, proprietary or commercially sensitive information,

9    the disclosure of which would be inimical to the business interests of MGA.  MGA

10   also objects to this request to the extent it calls for the disclosure of attorney-client

11   privileged information or information protected from disclosure by the work-product

12   doctrine, joint defense or common interest privilege, or other privilege.

13       MGA further objects to this request as cumulative and duplicative to the extent

14   that it seeks documents previously requested by Mattel or produced by MGA in

15   response to Mattel's document requests.

16   **REQUEST FOR PRODUCTION NO. 17**

17       All DOCUMENTS REFERRING OR RELATING TO agreements,

18   transactions, sales, shipments or the transfer of any ITEM OF VALUE between MGA

19   and IGWT Group, LLC.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

21       MGA incorporates by reference its General Objections as though fully set forth

22   herein.  MGA further objects to this request on the grounds that the Discovery Master

23   already has ruled on similarly phrased requests, including in an Order dated May 7,

24   2008, concluding that requests using phrases like "all documents," and "referring to

25   or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

26   information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

27   that this request calls for the production of documents that are not limited to the

28   subject matter of this action and not relevant to any claim or defense in the pending

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ___3
PAGE  82

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC. (THIRD SET)

1  litigation or reasonably calculated to lead to the discovery of admissible evidence.

2  The request appears designed to circumvent the Court's January 7 Order appointing a

3  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

4  <u>See</u> January 7, 2009 Larson Order Appointing Forensic Auditor.

5      MGA further objects to this request on the grounds that it is compound.  MGA

6  further objects to the request to the extent it violates the privacy rights of third parties

7  to their private, confidential, proprietary or trade secret information.  MGA further

8  objects to this request on the grounds that it is overbroad as to subject matter and

9  time; in particular, MGA objects that the phrases "all documents" and "referring or

10 relating to" are unbounded by any date limitation and are not tied in any way to any

11 claim, defense or other issues involved in Phase 2 of this litigation.

12      MGA also objects to this request on the grounds that it is overbroad, including,

13 without limitation, that it would extend to any document referring or relating in any

14 way to a wide variety of matter that could potentially be construed as "relating" to

15 any agreements, transactions, sales, shipments or the transfer of any ITEM OF

16 VALUE between MGA and IGWT Group, LLC, without regard to whether such

17 documents are at all relevant to any claim or defense at issue herein.  MGA also

18 objects to this request on the grounds that it is overbroad, unduly burdensome and

19 oppressive in that it is not in any way limited as to the persons involved in the

20 communications or as to time.  MGA further objects to this request on the grounds

21 that it is vague and ambiguous in its use of the terms "agreements," "transactions,"

22 "sales," "shipments," and "transfer."  Mattel has not demonstrated how *all*

23 DOCUMENTS REFERRING OR RELATING TO agreements, transactions, sales,

24 shipments or the transfer of any ITEM OF VALUE between MGA and IGWT Group,

25 LLC could be relevant to the claims and defenses in this action, let alone established

26 that the relevancy of these documents outweighs the individual's fundamental right of

27 privacy.  MGA further objects to this request on the ground that the terms

28 DOCUMENTS, REFERRING OR RELATING TO, and  ITEM OF VALUE render

665960v2

EXHIBIT 3

PAGE 83

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (SET 3)

1  the request vague, ambiguous, overly broad and unduly burdensome.  MGA further

2  objects to the request to the extent that it seeks documents that by reason of public

3  filing, public distribution or otherwise are already in Mattel's possession or are

4  readily accessible to Mattel.  MGA further objects to this request to the extent that it

5  seeks documents not in MGA's possession, custody or control.  MGA also objects to

6  this request on the grounds that it seeks confidential, proprietary or commercially

7  sensitive information, the disclosure of which would be inimical to the business

8  interests of MGA.  MGA also objects to this request to the extent it calls for the

9  disclosure of attorney-client privileged information or information protected from

10  disclosure by the work-product doctrine, joint defense or common interest privilege,

11  or other privilege.

12      MGA further objects to this request as being overly broad and unduly

13  burdensome on the grounds that it is not limited in time.  MGA further objects to this

14  request as cumulative and duplicative to the extent that it seeks documents previously

15  requested by Mattel or produced by MGA in response to Mattel's document requests.

16  **REQUEST FOR PRODUCTION NO. 18**

17      All DOCUMENTS REFERRING OR RELATING TO the alleged transfer of

18  product from MGA to IGWT Group, LLC pursuant to the Inventory Purchase

19  Agreement dated July 7, 2008, including without limitation all audits or other

20  valuations performed in connection with such product, any opinions RELATING TO

21  the fairness or unfairness of such transfer, all MGA corporate or director resolutions

22  or approvals of such transfer, all bids received or solicited in connection with the

23  purported sale or offering for sale of such product, the terms of such bids and any

24  other and all COMMUNICATIONS relating to any of the foregoing.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

26      MGA incorporates by reference its General Objections as though fully set forth

27  herein.  MGA further objects to this request on the grounds that the Discovery Master

28  already has ruled on similarly phrased requests, including in an Order dated May 7,

665960v2

EXHIBIT 3

PAGE 84

1   2008, concluding that requests using phrases like "all documents," and "referring to

2   or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

3   information. See May 7, 2008 Infante Order.  MGA further objects on the grounds

4   that this request calls for the production of documents that are not limited to the

5   subject matter of this action and not relevant to any claim or defense in the pending

6   litigation or reasonably calculated to lead to the discovery of admissible evidence.

7   The request appears designed to circumvent the Court's January 7 Order appointing a

8   forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

9   See January 7, 2009 Larson Order Appointing Forensic Auditor.

10          MGA further objects to this request on the grounds that it is compound.  MGA

11   further objects to the request to the extent it violates the privacy rights of third parties

12   to their private, confidential, proprietary or trade secret information.

13          MGA also objects to this request on the grounds that it is overbroad, including,

14   without limitation, that it would extend to any documents and communications

15   between anyone at MGA and any other person referring or relating in any way to a

16   wide variety of matter that could potentially be construed as "relating" to the alleged

17   transfer of product from MGA to IGWT Group, LLC pursuant to the Inventory

18   Purchase Agreement dated July 7, 2008, without regard to whether such documents

19   and communications are at all relevant to any claim or defense at issue herein.  MGA

20   also objects to this request on the grounds that it is overbroad, unduly burdensome

21   and oppressive in that it purports to require MGA diligently to identify every

22   communication that any of its hundreds of employees may have had with any other

23   person referring or relating to the alleged transfer of product from MGA to IGWT

24   Group, LLC pursuant to the Inventory Purchase Agreement dated July 7, 2008.  MGA

25   also objects to this request on the grounds that it is overbroad, unduly burdensome

26   and oppressive in that it is not in any way limited as to the persons involved in the

27   communications.  MGA further objects to this request on the grounds that it is vague

28   and ambiguous in its use of the terms "transfer of product," "corporate or director

665960v2

EXHIBIT 3
PAGE 85

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  resolutions or approvals," "bids received or solicited," and "purported sale or offering

2  for sale." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

3  RELATING TO the alleged transfer of product from MGA to IGWT Group, LLC

4  pursuant to the Inventory Purchase Agreement dated July 7, 2008, *any* opinions

5  RELATING TO the fairness or unfairness of such transfer, *all* MGA corporate or

6  director resolutions or approvals of such transfer, *all* bids received or solicited in

7  connection with the purported sale or offering for sale of such product, the terms of

8  such bids and *any other and all* COMMUNICATIONS relating to any of the

9  foregoing could be relevant to the claims and defenses in this action, let alone

10  established that the relevancy of these documents outweighs the individual's

11  fundamental right of privacy. MGA further objects to this request on the ground that

12  the terms DOCUMENTS, REFERRING OR RELATING TO, and

13  COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly

14  burdensome. MGA further objects to the request to the extent that it seeks documents

15  that by reason of public filing, public distribution or otherwise are already in Mattel's

16  possession or are readily accessible to Mattel. MGA further objects to this request to

17  the extent that it seeks documents not in MGA's possession, custody or control.

18  MGA also objects to this request on the grounds that it seeks confidential, proprietary

19  or commercially sensitive information, the disclosure of which would be inimical to

20  the business interests of MGA. MGA also objects to this request to the extent it calls

21  for the disclosure of attorney-client privileged information or information protected

22  from disclosure by the work-product doctrine, joint defense or common interest

23  privilege, or other privilege.

24       MGA further objects to this request as cumulative and duplicative to the extent

25  that it seeks documents previously requested by Mattel or produced by MGA in

26  response to Mattel's document requests.

27

28

665960v2

EXHIBIT __3__
PAGE __86__

1   **REQUEST FOR PRODUCTION NO. 19**

2       All DOCUMENTS REFERRING OR RELATING TO the revenue generated

3   by IGWT Group, LLC's sales, licensing, distribution or other transfer of BRATZ

4   products and the transfer or disposition of such revenue.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

6       MGA incorporates by reference its General Objections as though fully set forth

7   herein. MGA further objects to this request on the grounds that the Discovery Master

8   already has ruled on similarly phrased requests, including in an Order dated May 7,

9   2008, concluding that requests using phrases like "all documents," and "referring to

10  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

11  information. See May 7, 2008 Infante Order. MGA further objects on the grounds

12  that this request calls for the production of documents that are not limited to the

13  subject matter of this action and not relevant to any claim or defense in the pending

14  litigation or reasonably calculated to lead to the discovery of admissible evidence.

15  The request appears designed to circumvent the Court's January 7 Order appointing a

16  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

17  See January 7, 2009 Larson Order Appointing Forensic Auditor.

18      MGA further objects to this request on the grounds that it is compound. MGA

19  further objects to the request to the extent it violates the privacy rights of third parties

20  to their private, confidential, proprietary or trade secret information. MGA further

21  objects to this request on the grounds that it is overbroad as to subject matter and

22  time; in particular, MGA objects that the phrases "all documents" and "referring or

23  relating to" are unbounded by any date limitation and are not tied in any way to any

24  claim, defense or other issues involved in Phase 2 of this litigation.

25      MGA also objects to this request on the grounds that it is overbroad, including,

26  without limitation, that it would extend to any documents referring or relating in any

27  way to a wide variety of matter that could potentially be construed as "relating" to the

28  revenue generated by IGWT Group, LLC's sales, licensing, distribution or other

665960v2

EXHIBIT __3__

PAGE __87__

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1 | transfer of BRATZ products and the transfer or disposition of such revenue, without

2 | regard to whether such documents are at all relevant to any claim or defense at issue

3 | herein. MGA also objects to this request on the grounds that it is overbroad, unduly

4 | burdensome and oppressive in that it is not in any way limited as to the persons

5 | involved in the communications or as to time. MGA further objects to this request on

6 | the grounds that it is vague and ambiguous in its use of the terms "revenue

7 | generated," "sales," "licensing," "distribution," "other transfer," "BRATZ products,"

8 | and "transfer or disposition of such revenue." Mattel has not demonstrated how *all*

9 | DOCUMENTS REFERRING OR RELATING TO the revenue generated by IGWT

10 | Group, LLC's sales, licensing, distribution or other transfer of BRATZ products and

11 | the transfer or disposition of such revenue could be relevant to the claims and

12 | defenses in this action, let alone established that the relevancy of these documents

13 | outweighs the individual's fundamental right of privacy. MGA further objects to this

14 | request on the ground that the terms DOCUMENTS and REFERRING OR

15 | RELATING TO render the request vague, ambiguous, overly broad and unduly

16 | burdensome. MGA further objects to the request to the extent that it seeks documents

17 | that by reason of public filing, public distribution or otherwise are already in Mattel's

18 | possession or are readily accessible to Mattel. MGA further objects to this request to

19 | the extent that it seeks documents not in MGA's possession, custody or control.

20 | MGA also objects to this request on the grounds that it seeks confidential, proprietary

21 | or commercially sensitive information, the disclosure of which would be inimical to

22 | the business interests of MGA. MGA also objects to this request to the extent it calls

23 | for the disclosure of attorney-client privileged information or information protected

24 | from disclosure by the work-product doctrine, joint defense or common interest

25 | privilege, or other privilege.

26 |      MGA further objects to this request as being overly broad and unduly

27 | burdensome on the grounds that it is not limited in time. MGA further objects to this

28 |

665960v2

EXHIBIT 3
PAGE 88

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC (PHASE 2)

1   request as cumulative and duplicative to the extent that it seeks documents previously

2   requested by Mattel or produced by MGA in response to Mattel's document requests.

3   **REQUEST FOR PRODUCTION NO. 20**

4      All DOCUMENTS REFERRING OR RELATING TO agreements, contracts,

5   transactions, sales, shipments or transfers of any ITEM OF VALUE between MGA

6   and IGWT 826 Investments, LLC.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

8      MGA incorporates by reference its General Objections as though fully set forth

9   herein.  MGA further objects to this request on the grounds that the Discovery Master

10  already has ruled on similarly phrased requests, including in an Order dated May 7,

11  2008, concluding that requests using phrases like "all documents," and "referring to

12  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

13  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

14  that this request calls for the production of documents that are not limited to the

15  subject matter of this action and not relevant to any claim or defense in the pending

16  litigation or reasonably calculated to lead to the discovery of admissible evidence.

17  The request appears designed to circumvent the Court's January 7 Order appointing a

18  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

19  See January 7, 2009 Larson Order Appointing Forensic Auditor.

20     MGA further objects to this request on the grounds that it is compound.  MGA

21  further objects to the request to the extent it violates the privacy rights of third parties

22  to their private, confidential, proprietary or trade secret information.  MGA further

23  objects to this request on the grounds that it is overbroad as to subject matter and

24  time; in particular, MGA objects that the phrases "all documents" and "referring or

25  relating to" are unbounded by any date limitation and are not tied in any way to any

26  claim, defense or other issues involved in Phase 2 of this litigation.

27     MGA also objects to this request on the grounds that it is overbroad, including,

28  without limitation, that it would extend to any documents referring or relating in any

665960v2

39

EXHIBIT   3

PAGE   89

1 way to a wide variety of matter that could potentially be construed as "relating" to

2 agreements, contracts, transactions, sales, shipments or transfers of any ITEM OF

3 VALUE between MGA and IGWT 826 Investments, LLC, without regard to whether

4 such documents are at all relevant to any claim or defense at issue herein. MGA

5 further objects to this request on the grounds that it is vague and ambiguous in its use

6 of the terms "agreements," "contracts," "transactions," "sales," "shipments," and

7 "transfers." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

8 RELATING TO agreements, contracts, transactions, sales, shipments or transfers of

9 any ITEM OF VALUE between MGA and IGWT 826 Investments, LLC could be

10 relevant to the claims and defenses in this action, let alone established that the

11 relevancy of these documents outweighs fundamental privacy rights. MGA further

12 objects to this request on the ground that the terms DOCUMENTS, REFERRING OR

13 RELATING TO, and ITEM OF VALUE render the request vague, ambiguous, overly

14 broad and unduly burdensome. MGA further objects to the request to the extent that

15 it seeks documents that by reason of public filing, public distribution or otherwise are

16 already in Mattel's possession or are readily accessible to Mattel. MGA further

17 objects to this request to the extent that it seeks documents not in MGA's possession,

18 custody or control. MGA also objects to this request on the grounds that it seeks

19 confidential, proprietary or commercially sensitive information, the disclosure of

20 which would be inimical to the business interests of MGA. MGA also objects to this

21 request to the extent it calls for the disclosure of attorney-client privileged

22 information or information protected from disclosure by the work-product doctrine,

23 joint defense or common interest privilege, or other privilege.

24       MGA further objects to this request as being overly broad and unduly

25 burdensome on the grounds that it is not limited in time. MGA further objects to this

26 request as cumulative and duplicative to the extent that it seeks documents previously

27 requested by Mattel or produced by MGA in response to Mattel's document requests.

28

665960v2

EXHIBIT 3
PAGE 90

**REQUEST FOR PRODUCTION NO. 21**

All DOCUMENTS REFERRING OR RELATING TO the revenue generated by IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of BRATZ products and the transfer or disposition of such revenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to the revenue generated by IGWT 826 Investments, LLC's sales, licensing, distribution or

665960v2

EXHIBIT 3
PAGE 41

1   other transfer of BRATZ products and the transfer or disposition of such revenue,

2   without regard to whether such communications are at all relevant to any claim or

3   defense at issue herein.  MGA further objects to this request on the grounds that it is

4   vague and ambiguous in its use of the terms "sales, licensing, distribution or other

5   transfer" and "transfer or disposition of such revenue."  Mattel has not demonstrated

6   how *all* DOCUMENTS REFERRING OR RELATING TO the revenue generated by

7   IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of

8   BRATZ products and the transfer or disposition of such revenue could be relevant to

9   the claims and defenses in this action, let alone established that the relevancy of these

10  documents outweighs fundamental privacy rights.  MGA further objects to this

11  request on the ground that the terms DOCUMENTS and REFERRING OR

12  RELATING TO render the request vague, ambiguous, overly broad and unduly

13  burdensome.  MGA further objects to the request to the extent that it seeks documents

14  that by reason of public filing, public distribution or otherwise are already in Mattel's

15  possession or are readily accessible to Mattel.  MGA further objects to this request to

16  the extent that it seeks documents not in MGA's possession, custody or control.

17  MGA also objects to this request on the grounds that it seeks confidential, proprietary

18  or commercially sensitive information, the disclosure of which would be inimical to

19  the business interests of MGA.  MGA also objects to this request to the extent it calls

20  for the disclosure of attorney-client privileged information or information protected

21  from disclosure by the work-product doctrine, joint defense or common interest

22  privilege, or other privilege.

23      MGA further objects to this request as being overly broad and unduly

24  burdensome on the grounds that it is not limited in time.  MGA further objects to this

25  request as cumulative and duplicative to the extent that it seeks documents previously

26  requested by Mattel or produced by MGA in response to Mattel's document requests.

27

28

665960v2

EXHIBIT __3__
PAGE __92__

1  **REQUEST FOR PRODUCTION NO. 22**

2      All agreements, contracts and written COMMUNICATIONS between MGA

3  and Wachovia since January 1, 2007.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

5      MGA incorporates by reference its General Objections as though fully set forth

6  herein. MGA further objects on the grounds that this request calls for the production

7  of documents that are not limited to the subject matter of this action and not relevant

8  to any claim or defense in the pending litigation or reasonably calculated to lead to

9  the discovery of admissible evidence.

10     MGA further objects to this request on the grounds that it is compound. MGA

11  further objects to the request to the extent it violates the privacy rights of third parties

12  to their private, confidential, proprietary or trade secret information.

13     MGA also objects to this request on the grounds that it is overbroad, including,

14  without limitation, that it would extend to agreements, contracts and written

15  COMMUNICATIONS between anyone at MGA and anyone at Wachovia, without

16  regard to whether such communications are at all relevant to any claim or defense at

17  issue herein. MGA also objects to this request on the grounds that it is overbroad,

18  unduly burdensome and oppressive in that it purports to require MGA diligently to

19  identify every communication that any of its hundreds of employees may have had

20  with any employee of Wachovia since January 1, 2007. MGA further objects to this

21  request on the grounds that it is vague and ambiguous in its use of the terms

22  "agreements" and "contracts." Mattel has not demonstrated how *all* agreements,

23  contracts and written COMMUNICATIONS between MGA and Wachovia could be

24  relevant to the claims and defenses in this action, let alone established that the

25  relevancy of these documents outweighs fundamental privacy rights. MGA further

26  objects to this request on the ground that the term COMMUNICATIONS renders the

27  request vague, ambiguous, overly broad and unduly burdensome. MGA further

28  objects to the request to the extent that it seeks documents that by reason of public

665960v2

EXHIBIT 3
PAGE 93

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  filing, public distribution or otherwise are already in Mattel's possession or are

2  readily accessible to Mattel.  MGA further objects to this request to the extent that it

3  seeks documents not in MGA's possession, custody or control.  MGA also objects to

4  this request on the grounds that it seeks confidential, proprietary or commercially

5  sensitive information, the disclosure of which would be inimical to the business

6  interests of MGA.  MGA also objects to this request to the extent it calls for the

7  disclosure of attorney-client privileged information or information protected from

8  disclosure by the work-product doctrine, joint defense or common interest privilege,

9  or other privilege.

10       MGA further objects to this request as cumulative and duplicative to the extent

11  that it seeks documents previously requested by Mattel or produced by MGA in

12  response to Mattel's document requests.

13  **REQUEST FOR PRODUCTION NO. 23**

14       All agreements and contracts REFERRING OR RELATING TO any

15  indebtedness owed to Wachovia or any credit extended by Wachovia since January 1,

16  2007, and any amendments or modifications thereto, and any COMMUNICATIONS

17  RELATED TO any such agreements or contracts.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

19       MGA incorporates by reference its General Objections as though fully set forth

20  herein.  MGA further objects on the grounds that this request calls for the production

21  of documents that are not limited to the subject matter of this action and not relevant

22  to any claim or defense in the pending litigation or reasonably calculated to lead to

23  the discovery of admissible evidence.

24       MGA further objects to this request on the grounds that it is compound.  MGA

25  further objects to the request to the extent it violates the privacy rights of third parties

26  to their private, confidential, proprietary or trade secret information.

27       MGA also objects to this request on the grounds that it is overbroad, including,

28  without limitation, that it would extend to any documents and communications

666960v2

EXHIBIT 3
PAGE 94

between anyone at MGA and anyone at Wachovia referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to any indebtedness owed to Wachovia or any credit extended by Wachovia, without regard to whether such documents and communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every document and communication that any of its hundreds of employees may have had with anyone at Wachovia referring or relating to any indebtedness owed to Wachovia or any credit extended by Wachovia. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "indebtedness" and "credit extended." Mattel has not demonstrated how *all* agreements and contracts REFERRING OR RELATING TO any indebtedness owed to Wachovia or any credit extended by Wachovia since January 1, 2007, and any amendments or modifications thereto, and any COMMUNICATIONS RELATED TO any such agreements or contracts could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms REFERRING OR RELATING TO and COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from

665960v2

EXHIBIT 3
PAGE 45

1  disclosure by the work-product doctrine, joint defense or common interest privilege,

2  or other privilege.

3       MGA further objects to this request as cumulative and duplicative to the extent

4  that it seeks documents previously requested by Mattel or produced by MGA in

5  response to Mattel's document requests.

6  **REQUEST FOR PRODUCTION NO. 24**

7       All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

8  transactions between MGA and OMNI 808 INVESTORS, LLC, and any amendments

9  or modifications thereto, and any COMMUNICATIONS REFERRING OR

10  RELATING TO any such agreements, contracts or transactions.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

12       MGA incorporates by reference its General Objections as though fully set forth

13  herein.  MGA further objects to this request on the grounds that the Discovery Master

14  already has ruled on similarly phrased requests, including in an Order dated May 7,

15  2008, concluding that requests using phrases like "all documents," and "referring to

16  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

17  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

18  that this request calls for the production of documents that are not limited to the

19  subject matter of this action and not relevant to any claim or defense in the pending

20  litigation or reasonably calculated to lead to the discovery of admissible evidence.

21  The request appears designed to circumvent the Court's January 7 Order appointing a

22  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

23  See January 7, 2009 Larson Order Appointing Forensic Auditor.

24       MGA further objects to this request on the grounds that it is compound.  MGA

25  further objects to the request to the extent it violates the privacy rights of third parties

26  to their private, confidential, proprietary or trade secret information.  MGA further

27  objects to this request on the grounds that it is overbroad as to subject matter and

28  time; in particular, MGA objects that the phrases "all documents" and "referring or

665960v2

EXHIBIT 3
PAGE 96

1   relating to" are unbounded by any date limitation and are not tied in any way to any

2   claim, defense or other issues involved in Phase 2 of this litigation.

3       MGA also objects to this request on the grounds that it is overbroad, including,

4   without limitation, that it would extend to any documents and communication

5   between anyone at MGA and anyone at OMNI 808 INVESTORS, LLC referring or

6   relating in any way to a wide variety of matter that could potentially be construed as

7   "relating" to agreements, contracts or transactions between MGA and OMNI 808

8   INVESTORS, LLC, and any amendments or modifications thereto, without regard to

9   whether such documents and communications are at all relevant to any claim or

10  defense at issue herein. MGA also objects to this request on the grounds that it is

11  overbroad, unduly burdensome and oppressive in that it purports to require MGA

12  diligently to identify every communication that any of its hundreds of employees may

13  have had with anyone at OMNI 808 INVESTORS, LLC referring or relating to

14  agreements, contracts or transactions between MGA and OMNI 808 INVESTORS,

15  LLC, and any amendments or modifications thereto. MGA further objects to this

16  request on the grounds that it is vague and ambiguous in its use of the terms

17  "agreements, contracts or transactions" and "amendments or modifications." Mattel

18  has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO

19  agreements, contracts or transactions between MGA and OMNI 808 INVESTORS,

20  LLC, and any amendments or modifications thereto, and any COMMUNICATIONS

21  REFERRING OR RELATING TO any such agreements, contracts or transactions

22  could be relevant to the claims and defenses in this action, let alone established that

23  the relevancy of these documents outweighs the individual's fundamental right of

24  privacy. MGA further objects to this request on the ground that the terms

25  DOCUMENTS, REFERRING OR RELATING TO, and COMMUNICATIONS

26  render the request vague, ambiguous, overly broad and unduly burdensome. MGA

27  further objects to the request to the extent that it seeks documents that by reason of

28  public filing, public distribution or otherwise are already in Mattel's possession or are

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

665960v2

EXHIBIT 3
PAGE 97

1 readily accessible to Mattel. MGA further objects to this request to the extent that it

2 seeks documents not in MGA's possession, custody or control. MGA also objects to

3 this request on the grounds that it seeks confidential, proprietary or commercially

4 sensitive information, the disclosure of which would be inimical to the business

5 interests of MGA. MGA also objects to this request to the extent it calls for the

6 disclosure of attorney-client privileged information or information protected from

7 disclosure by the work-product doctrine, joint defense or common interest privilege,

8 or other privilege.

9       MGA further objects to this request as being overly broad and unduly

10 burdensome on the grounds that it is not limited in time. MGA further objects to this

11 request as cumulative and duplicative to the extent that it seeks documents previously

12 requested by Mattel or produced by MGA in response to Mattel's document requests.

13 **REQUEST FOR PRODUCTION NO. 25**

14       All DOCUMENTS containing financial information, including but not limited

15 to YOUR historical and prospective financial performance, provided by YOU to

16 OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or LEXINGTON

17 FINANCIAL, LLC since January 1, 2008.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

19       MGA incorporates by reference its General Objections as though fully set forth

20 herein. MGA further objects on the grounds that this request calls for the production

21 of documents that are not limited to the subject matter of this action and not relevant

22 to any claim or defense in the pending litigation or reasonably calculated to lead to

23 the discovery of admissible evidence.

24       MGA further objects to this request on the grounds that it is compound. MGA

25 further objects to the request to the extent it violates the privacy rights of third parties

26 to their private, confidential, proprietary or trade secret information.

27       MGA also objects to this request on the grounds that it is overbroad, including,

28 without limitation, that it would extend to *all* documents provided to anyone at MGA

665960v2

48

EXHIBIT 3
PAGE 98

1   by any other person at OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or

2   LEXINGTON FINANCIAL, LLC since January 1, 2008, without regard to whether

3   such documents are at all relevant to any claim or defense at issue herein.  MGA

4   further objects to this request on the grounds that it is vague and ambiguous in its use

5   of the terms "financial information" and "historical and prospective financial

6   performance."  Mattel has not demonstrated how *all* DOCUMENTS containing

7   financial information, including but not limited to MGA's historical and prospective

8   financial performance, provided by MGA to OMNI 808 INVESTORS, LLC, VISION

9   CAPITAL, LLC or LEXINGTON FINANCIAL, LLC could be relevant to the claims

10  and defenses in this action, let alone established that the relevancy of these documents

11  outweighs the individual's fundamental right of privacy.  MGA further objects to this

12  request on the ground that the term DOCUMENTS renders the request vague,

13  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

14  request to the extent that it seeks documents that by reason of public filing, public

15  distribution or otherwise are already in Mattel's possession or are readily accessible to

16  Mattel.  MGA further objects to this request to the extent that it seeks documents not

17  in MGA's possession, custody or control.  MGA also objects to this request on the

18  grounds that it seeks confidential, proprietary or commercially sensitive information,

19  the disclosure of which would be inimical to the business interests of MGA.  MGA

20  also objects to this request to the extent it calls for the disclosure of attorney-client

21  privileged information or information protected from disclosure by the work-product

22  doctrine, joint defense or common interest privilege, or other privilege.

23       MGA further objects to this request as cumulative and duplicative to the extent

24  that it seeks documents previously requested by Mattel or produced by MGA in

25  response to Mattel's document requests.

26

27  \ \ \

28  \ \ \

665960v2

EXHIBIT 3
PAGE 99

**REQUEST FOR PRODUCTION NO. 26**

All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between LEXINGTON FINANCIAL, LLC and MGA or any other PERSON, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents and communication between anyone at MGA and anyone at LEXINGTON FINANCIAL, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to agreements, contracts or transactions between MGA and

665960v2

50

1 LEXINGTON FINANCIAL, LLC, and any amendments or modifications thereto,

2 without regard to whether such documents and communications are at all relevant to

3 any claim or defense at issue herein.  MGA also objects to this request on the grounds

4 that it is overbroad, unduly burdensome and oppressive in that it purports to require

5 MGA diligently to identify every communication that any of its hundreds of

6 employees may have had with anyone at LEXINGTON FINANCIAL, LLC or any

7 other person referring or relating to agreements, contracts or transactions between

8 LEXINGTON FINANCIAL, LLC and MGA or any other person, and any

9 amendments or modifications thereto.  MGA further objects to this request on the

10 grounds that it is vague and ambiguous in its use of the terms "agreements, contracts

11 or transactions" and "amendments or modifications."  Mattel has not demonstrated

12 how *all* DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

13 transactions between LEXINGTON FINANCIAL, LLC and MGA or any other

14 PERSON, and any amendments or modifications thereto, and any

15 COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

16 contracts or transactions could be relevant to the claims and defenses in this action, let

17 alone established that the relevancy of these documents outweighs the individual's

18 fundamental right of privacy.  MGA further objects to this request on the ground that

19 the terms DOCUMENTS, REFERRING OR RELATING TO, and

20 COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly

21 burdensome.  MGA further objects to the request to the extent that it seeks documents

22 that by reason of public filing, public distribution or otherwise are already in Mattel's

23 possession or are readily accessible to Mattel.  MGA further objects to this request to

24 the extent that it seeks documents not in MGA's possession, custody or control.

25 MGA also objects to this request on the grounds that it seeks confidential, proprietary

26 or commercially sensitive information, the disclosure of which would be inimical to

27 the business interests of MGA.  MGA also objects to this request to the extent it calls

28 for the disclosure of attorney-client privileged information or information protected

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

665960v2

51

EXHIBIT 3

PAGE 101

1 from disclosure by the work-product doctrine, joint defense or common interest

2 privilege, or other privilege.

3      MGA further objects to this request as being overly broad and unduly

4 burdensome on the grounds that it is not limited in time.  MGA further objects to this

5 request as cumulative and duplicative to the extent that it seeks documents previously

6 requested by Mattel or produced by MGA in response to Mattel's document requests.

7 **REQUEST FOR PRODUCTION NO. 27**

8      All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

9 transactions between VISION CAPITAL, LLC and MGA or any other PERSON, and

10 any amendments or modifications thereto, and any COMMUNICATIONS

11 REFERRING OR RELATING TO any such agreements, contracts or transactions.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

13      MGA incorporates by reference its General Objections as though fully set forth

14 herein.  MGA further objects to this request on the grounds that the Discovery Master

15 already has ruled on similarly phrased requests, including in an Order dated May 7,

16 2008, concluding that requests using phrases like "all documents," and "referring

17 or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

18 information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

19 that this request calls for the production of documents that are not limited to the

20 subject matter of this action and not relevant to any claim or defense in the pending

21 litigation or reasonably calculated to lead to the discovery of admissible evidence.

22      MGA further objects to this request on the grounds that it is compound.  MGA

23 further objects to the request to the extent it violates the privacy rights of third parties

24 to their private, confidential, proprietary or trade secret information.  MGA further

25 objects to this request on the grounds that it is overbroad as to subject matter and

26 time; in particular, MGA objects that the phrases "all documents" and "referring or

27 relating to" are unbounded by any date limitation and are not tied in any way to any

28 claim, defense or other issues involved in Phase 2 of this litigation.

665960v2

EXHIBIT  3

PAGE  102

1    MGA also objects to this request on the grounds that it is overbroad, including,

2  without limitation, that it would extend to any documents and communication

3  between anyone at MGA and anyone at VISION CAPITAL, LLC referring or relating

4  in any way to a wide variety of matter that could potentially be construed as

5  "relating" to agreements, contracts or transactions between MGA and VISION

6  CAPITAL, LLC, and any amendments or modifications thereto, without regard to

7  whether such documents and communications are at all relevant to any claim or

8  defense at issue herein.  MGA also objects to this request on the grounds that it is

9  overbroad, unduly burdensome and oppressive in that it purports to require MGA

10  diligently to identify every communication that any of its hundreds of employees may

11  have had with anyone at VISION CAPITAL, LLC or any other person referring or

12  relating to agreements, contracts or transactions between VISION CAPITAL, LLC

13  and MGA or any other person, and any amendments or modifications thereto.  MGA

14  further objects to this request on the grounds that it is vague and ambiguous in its use

15  of the terms "agreements, contracts or transactions" and "amendments or

16  modifications."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING

17  OR RELATING TO agreements, contracts or transactions between VISION

18  CAPITAL, LLC and MGA or any other PERSON, and any amendments or

19  modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING

20  TO any such agreements, contracts or transactions could be relevant to the claims and

21  defenses in this action, let alone established that the relevancy of these documents

22  outweighs the individual's fundamental right of privacy.  MGA further objects to this

23  request on the ground that the terms DOCUMENTS, REFERRING OR RELATING

24  TO, and COMMUNICATIONS render the request vague, ambiguous, overly broad

25  and unduly burdensome.  MGA further objects to the request to the extent that it seeks

26  documents that by reason of public filing, public distribution or otherwise are already

27  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to this

28  request to the extent that it seeks documents not in MGA's possession, custody or

EXHIBIT __3__

PAGE __103__

1  control.  MGA also objects to this request on the grounds that it seeks confidential,

2  proprietary or commercially sensitive information, the disclosure of which would be

3  inimical to the business interests of MGA.  MGA also objects to this request to the

4  extent it calls for the disclosure of attorney-client privileged information or

5  information protected from disclosure by the work-product doctrine, joint defense or

6  common interest privilege, or other privilege.

7       MGA further objects to this request as being overly broad and unduly

8  burdensome on the grounds that it is not limited in time.  MGA further objects to this

9  request as cumulative and duplicative to the extent that it seeks documents previously

10 requested by Mattel or produced by MGA in response to Mattel's document requests.

11 **REQUEST FOR PRODUCTION NO. 28**

12      DOCUMENTS sufficient to IDENTIFY each member, managing member,

13 holder of any ownership interest in, shareholder, officer and director of IGWT Group,

14 LLC.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

16      MGA incorporates by reference its General Objections as though fully set forth

17 herein.  MGA further objects on the grounds that this request calls for the production

18 of documents that are not limited to the subject matter of this action and not relevant

19 to any claim or defense in the pending litigation or reasonably calculated to lead to

20 the discovery of admissible evidence.

21      MGA further objects to this request on the grounds that it is compound.  MGA

22 further objects to the request to the extent it violates the privacy rights of third parties

23 to their private, confidential, proprietary or trade secret information.  MGA further

24 objects to this request on the grounds that it is overbroad as to subject matter and

25 time; in particular, MGA objects that the phrase "each member, managing member,

26 holder of any ownership interest in, shareholder, officer and director" is unbounded

27 by any date limitation and is not tied in any way to any claim, defense or other issues

28 involved in Phase 2 of this litigation.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

665960v2

EXHIBIT __3__

PAGE __104__

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC (PHASE 2)

1  MGA also objects to this request on the grounds that it is overbroad, unduly

2  burdensome and oppressive in that it is not in any way limited as to the persons

3  mentioned or as to time.  MGA further objects to this request on the grounds that it is

4  vague and ambiguous in its use of the terms "member," "managing member," "holder

5  of any ownership interest," "shareholder," "officer," "director."  Mattel has not

6  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

7  member, holder of any ownership interest in, shareholder, officer and director of

8  IGWT Group, LLC could be relevant to the claims and defenses in this action, let

9  alone established that the relevancy of these documents outweighs the individual's

10  fundamental right of privacy.  MGA further objects to the request to the extent that it

11  seeks documents that by reason of public filing, public distribution or otherwise are

12  already in Mattel's possession or are readily accessible to Mattel.  MGA further

13  objects to this request to the extent that it seeks documents not in MGA's possession,

14  custody or control.  MGA also objects to this request to the extent it calls for the

15  disclosure of attorney-client privileged information or information protected from

16  disclosure by the work-product doctrine, joint defense or common interest privilege,

17  or other privilege.

18  MGA further objects to this request as cumulative and duplicative to the extent

19  that it seeks documents previously requested by Mattel or produced by MGA in

20  response to Mattel's document requests.

21  **REQUEST FOR PRODUCTION NO. 29**

22  DOCUMENTS sufficient to IDENTIFY each member, managing member,

23  holder of any ownership interest in, shareholder, officer and director of IGWT 826

24  Investments, LLC.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

26  MGA incorporates by reference its General Objections as though fully set forth

27  herein.  MGA further objects on the grounds that this request calls for the production

28  of documents that are not limited to the subject matter of this action and not relevant

665960v2

55

1   to any claim or defense in the pending litigation or reasonably calculated to lead to

2   the discovery of admissible evidence.

3        MGA further objects to this request on the grounds that it is compound.  MGA

4   further objects to the request to the extent it violates the privacy rights of third parties

5   to their private, confidential, proprietary or trade secret information.  MGA further

6   objects to this request on the grounds that it is overbroad as to subject matter and

7   time; in particular, MGA objects that the phrase "each member, managing member,

8   holder of any ownership interest in, shareholder, officer and director" is unbounded

9   by any date limitation and is not tied in any way to any claim, defense or other issues

10  involved in Phase 2 of this litigation.

11       MGA also objects to this request on the grounds that it is overbroad, unduly

12  burdensome and oppressive in that it is not in any way limited as to the persons

13  mentioned or as to time.  MGA further objects to this request on the grounds that it is

14  vague and ambiguous in its use of the terms "member," "managing member," "holder

15  of any ownership interest," "shareholder," "officer," "director."  Mattel has not

16  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

17  member, holder of any ownership interest in, shareholder, officer and director of

18  IGWT 826 Investments, LLC could be relevant to the claims and defenses in this

19  action, let alone established that the relevancy of these documents outweighs the

20  individual's fundamental right of privacy.  MGA further objects to the request to the

21  extent that it seeks documents that by reason of public filing, public distribution or

22  otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA

23  further objects to this request to the extent that it seeks documents not in MGA's

24  possession, custody or control.  MGA also objects to this request to the extent it calls

25  for the disclosure of attorney-client privileged information or information protected

26  from disclosure by the work-product doctrine, joint defense or common interest

27  privilege, or other privilege.

28

665960v2

EXHIBIT 3
PAGE 106

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1   MGA further objects to this request as cumulative and duplicative to the extent

2   that it seeks documents previously requested by Mattel or produced by MGA in

3   response to Mattel's document requests.

4   **REQUEST FOR PRODUCTION NO. 30**

5   DOCUMENTS sufficient to IDENTIFY each member, managing member,

6   holder of any ownership interest in, shareholder, officer and director of OMNI 808

7   INVESTORS, LLC.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

9   MGA incorporates by reference its General Objections as though fully set forth

10  herein.  MGA further objects on the grounds that this request calls for the production

11  of documents that are not limited to the subject matter of this action and not relevant

12  to any claim or defense in the pending litigation or reasonably calculated to lead to

13  the discovery of admissible evidence.

14  MGA further objects to this request on the grounds that it is compound.  MGA

15  further objects to the request to the extent it violates the privacy rights of third parties

16  to their private, confidential, proprietary or trade secret information.  MGA further

17  objects to this request on the grounds that it is overbroad as to subject matter and

18  time; in particular, MGA objects that the phrase "each member, managing member,

19  holder of any ownership interest in, shareholder, officer and director" is unbounded

20  by any date limitation and is not tied in any way to any claim, defense or other issues

21  involved in Phase 2 of this litigation.

22  MGA also objects to this request on the grounds that it is overbroad, unduly

23  burdensome and oppressive in that it is not in any way limited as to the persons

24  mentioned or as to time.  MGA further objects to this request on the grounds that it is

25  vague and ambiguous in its use of the terms "member," "managing member," "holder

26  of any ownership interest," "shareholder," "officer," "director."  Mattel has not

27  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

28  member, holder of any ownership interest in, shareholder, officer and director of

665960v2

EXHIBIT ___3___

PAGE ___107___

1  OMNI 808 INVESTORS, LLC could be relevant to the claims and defenses in this

2  action, let alone established that the relevancy of these documents outweighs the

3  individual's fundamental right of privacy. MGA further objects to the request to the

4  extent that it seeks documents that by reason of public filing, public distribution or

5  otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA

6  further objects to this request to the extent that it seeks documents not in MGA's

7  possession, custody or control. MGA also objects to this request to the extent it calls

8  for the disclosure of attorney-client privileged information or information protected

9  from disclosure by the work-product doctrine, joint defense or common interest

10  privilege, or other privilege.

11        MGA further objects to this request as cumulative and duplicative to the extent

12  that it seeks documents previously requested by Mattel or produced by MGA in

13  response to Mattel's document requests.

14  **REQUEST FOR PRODUCTION NO. 31**

15        DOCUMENTS sufficient to IDENTIFY each member, managing member,

16  holder of any ownership interest in, shareholder, officer and director of VISION

17  CAPITAL, LLC.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

19        MGA incorporates by reference its General Objections as though fully set forth

20  herein. MGA further objects on the grounds that this request calls for the production

21  of documents that are not limited to the subject matter of this action and not relevant

22  to any claim or defense in the pending litigation or reasonably calculated to lead to

23  the discovery of admissible evidence.

24        MGA further objects to this request on the grounds that it is compound. MGA

25  further objects to the request to the extent it violates the privacy rights of third parties

26  to their private, confidential, proprietary or trade secret information. MGA further

27  objects to this request on the grounds that it is overbroad as to subject matter and

28  time; in particular, MGA objects that the phrase "each member, managing member,

665960v2

EXHIBIT 3
PAGE 108

1  holder of any ownership interest in, shareholder, officer and director" is unbounded

2  by any date limitation and is not tied in any way to any claim, defense or other issues

3  involved in Phase 2 of this litigation.

4       MGA also objects to this request on the grounds that it is overbroad, unduly

5  burdensome and oppressive in that it is not in any way limited as to the persons

6  mentioned or as to time. MGA further objects to this request on the grounds that it is

7  vague and ambiguous in its use of the terms "member," "managing member," "holder

8  of any ownership interest," "shareholder," "officer," "director." Mattel has not

9  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

10  member, holder of any ownership interest in, shareholder, officer and director of

11  VISION CAPITAL, LLC could be relevant to the claims and defenses in this action,

12  let alone established that the relevancy of these documents outweighs the individual's

13  fundamental right of privacy. MGA further objects to the request to the extent that it

14  seeks documents that by reason of public filing, public distribution or otherwise are

15  already in Mattel's possession or are readily accessible to Mattel. MGA further

16  objects to this request to the extent that it seeks documents not in MGA's possession,

17  custody or control. MGA also objects to this request to the extent it calls for the

18  disclosure of attorney-client privileged information or information protected from

19  disclosure by the work-product doctrine, joint defense or common interest privilege,

20  or other privilege.

21       MGA further objects to this request as cumulative and duplicative to the extent

22  that it seeks documents previously requested by Mattel or produced by MGA in

23  response to Mattel's document requests.

24  **REQUEST FOR PRODUCTION NO. 32**

25       DOCUMENTS sufficient to IDENTIFY each member, managing member,

26  holder of any ownership interest in, shareholder, officer and director of LEXINGTON

27  FINANCIAL, LLC.

28

665960v2

EXHIBIT 3
PAGE 109

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrase "each member, managing member, holder of any ownership interest in, shareholder, officer and director" is unbounded by any date limitation and is not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons mentioned or as to time. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "member," "managing member," "holder of any ownership interest," "shareholder," "officer," "director." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing member, holder of any ownership interest in, shareholder, officer and director of LEXINGTON FINANCIAL, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request to the extent it calls

665960v2

EXHIBIT 3
PAGE 110

1   for the disclosure of attorney-client privileged information or information protected

2   from disclosure by the work-product doctrine, joint defense or common interest

3   privilege, or other privilege.

4        MGA further objects to this request as cumulative and duplicative to the extent

5   that it seeks documents previously requested by Mattel or produced by MGA in

6   response to Mattel's document requests.

7   **REQUEST FOR PRODUCTION NO. 33**

8        All DOCUMENTS RELATING TO any transfer of any funds, monies or any

9   ITEM OF VALUE from, or any extension of credit or funding by, LEXINGTON

10   FINANCIAL, LLC to YOU or LARIAN.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

12        MGA incorporates by reference its General Objections as though fully set forth

13   herein. MGA further objects to this request on the grounds that the Discovery Master

14   already has ruled on similarly phrased requests, including in an Order dated May 7,

15   2008, concluding that requests using phrases like "all documents," and "or relating

16   to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See

17   May 7, 2008 Infante Order. MGA further objects on the grounds that this request

18   calls for the production of documents that are not limited to the subject matter of this

19   action and not relevant to any claim or defense in the pending litigation or reasonably

20   calculated to lead to the discovery of admissible evidence. The request appears

21   designed to circumvent the Court's January 7 Order appointing a forensic auditor and

22   requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009

23   Larson Order Appointing Forensic Auditor.

24        MGA further objects to this request on the grounds that it is compound. MGA

25   further objects to the request to the extent it violates the privacy rights of third parties

26   to their private, confidential, proprietary or trade secret information. MGA further

27   objects to this request on the grounds that it is overbroad as to subject matter and

28   time; in particular, MGA objects that the phrases "all documents" and "relating to"

665960v2

EXHIBIT 3

PAGE III

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINING, INC. (PHASE 2)

1  are unbounded by any date limitation and are not tied in any way to any claim,

2  defense or other issues involved in Phase 2 of this litigation.

3      MGA also objects to this request on the grounds that it is overbroad, including,

4  without limitation, that it would extend to any documents referring or relating in any

5  way to a wide variety of matter that could potentially be construed as "relating" to

6  any transfer of any funds, monies or any ITEM OF VALUE from, or any extension of

7  credit or funding by, LEXINGTON FINANCIAL, LLC to MGA or LARIAN, without

8  regard to whether such documents are at all relevant to any claim or defense at issue

9  herein. MGA further objects to this request on the grounds that it is vague and

10  ambiguous in its use of the terms "transfer of any funds, monies or any ITEM OF

11  VALUE" and "extension of credit or funding." Mattel has not demonstrated how *all*

12  DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF

13  VALUE from, or any extension of credit or funding by, LEXINGTON FINANCIAL,

14  LLC to MGA or LARIAN could be relevant to the claims and defenses in this action,

15  let alone established that the relevancy of these documents outweighs the individual's

16  fundamental right of privacy. MGA further objects to this request on the ground that

17  the terms DOCUMENTS, RELATING TO and ITEM OF VALUE render the request

18  vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the

19  request to the extent that it seeks documents that by reason of public filing, public

20  distribution or otherwise are already in Mattel's possession or are readily accessible to

21  Mattel. MGA further objects to this request to the extent that it seeks documents not

22  in MGA's possession, custody or control. MGA also objects to this request on the

23  grounds that it seeks confidential, proprietary or commercially sensitive information,

24  the disclosure of which would be inimical to the business interests of MGA. MGA

25  also objects to this request to the extent it calls for the disclosure of attorney-client

26  privileged information or information protected from disclosure by the work-product

27  doctrine, joint defense or common interest privilege, or other privilege.

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 3
PAGE 112

1    MGA further objects to this request as being overly broad and unduly

2    burdensome on the grounds that it is not limited in time.  MGA further objects to this

3    request as cumulative and duplicative to the extent that it seeks documents previously

4    requested by Mattel or produced by MGA in response to Mattel's document requests.

5    **REQUEST FOR PRODUCTION NO. 34**

6    All DOCUMENTS RELATING TO any transfer of any funds, monies or any

7    ITEM OF VALUE to or from, or any extension of credit or funding by or to,

8    LEXINGTON FINANCIAL, LLC, whether directly or indirectly.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

10    MGA incorporates by reference its General Objections as though fully set forth

11    herein.  MGA further objects to this request on the grounds that the Discovery Master

12    already has ruled on similarly phrased requests, including in an Order dated May 7,

13    2008, concluding that requests using phrases like "all documents," and "relating to"

14    are overly broad, vague, unduly burdensome, and seek irrelevant information.  See

15    May 7, 2008 Infante Order.  MGA further objects on the grounds that this request

16    calls for the production of documents that are not limited to the subject matter of this

17    action and not relevant to any claim or defense in the pending litigation or reasonably

18    calculated to lead to the discovery of admissible evidence.  The request appears

19    designed to circumvent the Court's January 7 Order appointing a forensic auditor and

20    requiring Mattel to pay the auditor's costs in the first instance.  See January 7, 2009

21    Larson Order Appointing Forensic Auditor.

22    MGA further objects to this request on the grounds that it is compound.  MGA

23    further objects to the request to the extent it violates the privacy rights of third parties

24    to their private, confidential, proprietary or trade secret information.  MGA further

25    objects to this request on the grounds that it is overbroad as to subject matter and

26    time; in particular, MGA objects that the phrases "all documents" and "relating to"

27    are unbounded by any date limitation and are not tied in any way to any claim,

28    defense or other issues involved in Phase 2 of this litigation.

665960v2

EXHIBIT ___3___

PAGE ___113___