1    MGA also objects to this request on the grounds that it is overbroad, including,

2    without limitation, that it would extend to any documents referring or relating in any

3    way to a wide variety of matter that could potentially be construed as "relating" to

4    any transfer of any funds, monies or any ITEM OF VALUE to or from, or any

5    extension of credit or funding by or to, LEXINGTON FINANCIAL, LLC, without

6    regard to whether such documents are at all relevant to any claim or defense at issue

7    herein.  MGA further objects to this request on the grounds that it is vague and

8    ambiguous in its use of the terms "transfer of any funds, monies or any ITEM OF

9    VALUE" and "extension of credit or funding."  Mattel has not demonstrated how *all*

10   DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF

11   VALUE to or from, or any extension of credit or funding by or to, LEXINGTON

12   FINANCIAL, LLC could be relevant to the claims and defenses in this action, let

13   alone established that the relevancy of these documents outweighs fundamental

14   privacy rights.  MGA further objects to this request on the ground that the terms

15   DOCUMENTS, RELATING TO and ITEM OF VALUE render the request vague,

16   ambiguous, overly broad and unduly burdensome.  MGA further objects to the

17   request to the extent that it seeks documents that by reason of public filing, public

18   distribution or otherwise are already in Mattel's possession or are readily accessible to

19   Mattel.  MGA further objects to this request to the extent that it seeks documents not

20   in MGA's possession, custody or control.  MGA also objects to this request on the

21   grounds that it seeks confidential, proprietary or commercially sensitive information,

22   the disclosure of which would be inimical to the business interests of MGA.  MGA

23   also objects to this request to the extent it calls for the disclosure of attorney-client

24   privileged information or information protected from disclosure by the work-product

25   doctrine, joint defense or common interest privilege, or other privilege.

26   MGA further objects to this request as being overly broad and unduly

27   burdensome on the grounds that it is not limited in time.  MGA further objects to this

28

665960v2

EXHIBIT ___3___

PAGE ___114___

1  request as cumulative and duplicative to the extent that it seeks documents previously

2  requested by Mattel or produced by MGA in response to Mattel's document requests.

3  **REQUEST FOR PRODUCTION NO. 35**

4       DOCUMENTS sufficient to IDENTIFY each member, managing member,

5  holder of any ownership interest in, shareholder, officer and director of IGWT Group,

6  LLC.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

8       MGA incorporates by reference its General Objections as though fully set forth

9  herein.  MGA further objects on the ground that this request is cumulative and

10  duplicative to the extent that is the same request as Request for Production No. 28.

11  MGA further objects on the grounds that this request calls for the production of

12  documents that are not limited to the subject matter of this action and not relevant to

13  any claim or defense in the pending litigation or reasonably calculated to lead to the

14  discovery of admissible evidence.

15       MGA further objects to this request on the grounds that it is compound.  MGA

16  further objects to the request to the extent it violates the privacy rights of third parties

17  to their private, confidential, proprietary or trade secret information.  MGA further

18  objects to this request on the grounds that it is overbroad as to subject matter and

19  time; in particular, MGA objects that the phrase "each member, managing member,

20  holder of any ownership interest in, shareholder, officer and director" is unbounded

21  by any date limitation and is not tied in any way to any claim, defense or other issues

22  involved in Phase 2 of this litigation.

23       MGA also objects to this request on the grounds that it is overbroad, unduly

24  burdensome and oppressive in that it is not in any way limited as to the persons

25  mentioned or as to time.  MGA further objects to this request on the grounds that it is

26  vague and ambiguous in its use of the terms "member," "managing member," "holder

27  of any ownership interest," "shareholder," "officer," "director."  Mattel has not

28  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

PAGE  115

1   member, holder of any ownership interest in, shareholder, officer and director of

2   IGWT Group, LLC could be relevant to the claims and defenses in this action, let

3   alone established that the relevancy of these documents outweighs the individual's

4   fundamental right of privacy.  MGA further objects to the request to the extent that it

5   seeks documents that by reason of public filing, public distribution or otherwise are

6   already in Mattel's possession or are readily accessible to Mattel.  MGA further

7   objects to this request to the extent that it seeks documents not in MGA's possession,

8   custody or control.  MGA also objects to this request to the extent it calls for the

9   disclosure of attorney-client privileged information or information protected from

10  disclosure by the work-product doctrine, joint defense or common interest privilege,

11  or other privilege.

12          MGA further objects to this request as cumulative and duplicative to the extent

13  that it seeks documents previously requested by Mattel or produced by MGA in

14  response to Mattel's document requests.

15  **REQUEST FOR PRODUCTION NO. 36**

16          DOCUMENTS sufficient to IDENTIFY each member, managing member,

17  holder of any ownership interest in, shareholder, officer and director of IGWT 826

18  Investments, LLC.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

20          MGA incorporates by reference its General Objections as though fully set forth

21  herein.  MGA further objects on the ground that this request is cumulative and

22  duplicative to the extent that is the same request as Request for Production No. 29.

23  MGA further objects on the grounds that this request calls for the production of

24  documents that are not limited to the subject matter of this action and not relevant to

25  any claim or defense in the pending litigation or reasonably calculated to lead to the

26  discovery of admissible evidence.

27          MGA further objects to this request on the grounds that it is compound.  MGA

28  further objects to the request to the extent it violates the privacy rights of third parties

665960v2

EXHIBIT  8

PAGE  116

1   to their private, confidential, proprietary or trade secret information.  MGA further

2   objects to this request on the grounds that it is overbroad as to subject matter and

3   time; in particular, MGA objects that the phrase "each member, managing member,

4   holder of any ownership interest in, shareholder, officer and director" is unbounded

5   by any date limitation and is not tied in any way to any claim, defense or other issues

6   involved in Phase 2 of this litigation.

7           MGA also objects to this request on the grounds that it is overbroad, unduly

8   burdensome and oppressive in that it is not in any way limited as to the persons

9   mentioned or as to time.  MGA further objects to this request on the grounds that it is

10  vague and ambiguous in its use of the terms "member," "managing member," "holder

11  of any ownership interest," "shareholder," "officer," "director."  Mattel has not

12  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

13  member, holder of any ownership interest in, shareholder, officer and director of

14  IGWT 826 Investments, LLC could be relevant to the claims and defenses in this

15  action, let alone established that the relevancy of these documents outweighs the

16  individual's fundamental right of privacy.  MGA further objects to the request to the

17  extent that it seeks documents that by reason of public filing, public distribution or

18  otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA

19  further objects to this request to the extent that it seeks documents not in MGA's

20  possession, custody or control.  MGA also objects to this request to the extent it calls

21  for the disclosure of attorney-client privileged information or information protected

22  from disclosure by the work-product doctrine, joint defense or common interest

23  privilege, or other privilege.

24          MGA further objects to this request as cumulative and duplicative to the extent

25  that it seeks documents previously requested by Mattel or produced by MGA in

26  response to Mattel's document requests.

27

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT    3

PAGE    117

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC (PHASE 2)

1  **REQUEST FOR PRODUCTION NO. 37**

2  DOCUMENTS sufficient to IDENTIFY each of YOUR bank accounts since

3  January 1, 2007.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

5  MGA incorporates by reference its General Objections as though fully set forth

6  herein. MGA further objects on the grounds that this request calls for the production

7  of documents that are not limited to the subject matter of this action and not relevant

8  to any claim or defense in the pending litigation or reasonably calculated to lead to

9  the discovery of admissible evidence. The request appears designed to circumvent

10 the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

11 the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing

12 Forensic Auditor.

13 MGA further objects to this request on the grounds that it is compound. MGA

14 further objects to the request to the extent it violates the privacy rights of third parties

15 to their private, confidential, proprietary or trade secret information.

16 MGA further objects to this request on the grounds that it is vague and

17 ambiguous in its use of the term "bank accounts." Mattel has not demonstrated how

18 DOCUMENTS sufficient to IDENTIFY each of MGA's bank accounts could be

19 relevant to the claims and defenses in this action, let alone established that the

20 relevancy of these documents outweighs the individual's fundamental right of

21 privacy. MGA further objects to this request on the ground that the terms

22 DOCUMENTS and IDENTIFY render the request vague, ambiguous, overly broad

23 and unduly burdensome. MGA further objects to the request to the extent that it seeks

24 documents that by reason of public filing, public distribution or otherwise are already

25 in Mattel's possession or are readily accessible to Mattel. MGA further objects to this

26 request to the extent that it seeks documents not in MGA's possession, custody or

27 control. MGA also objects to this request on the grounds that it seeks confidential,

28 proprietary or commercially sensitive information, the disclosure of which would be

665960v2

EXHIBIT 3
PAGE 118

1   inimical to the business interests of MGA.  MGA also objects to this request to the

2   extent it calls for the disclosure of attorney-client privileged information or

3   information protected from disclosure by the work-product doctrine, joint defense or

4   common interest privilege, or other privilege.

5        MGA further objects to this request as cumulative and duplicative to the extent

6   that it seeks documents previously requested by Mattel or produced by MGA in

7   response to Mattel's document requests.

8   **REQUEST FOR PRODUCTION NO. 38**

9        DOCUMENTS sufficient to IDENTIFY each bank account to or from which

10  Isaac Larian has transferred or has had transferred any ITEM OF VALUE since

11  January 1, 2007.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

13       MGA incorporates by reference its General Objections as though fully set forth

14  herein.  MGA further objects on the grounds that this request calls for the production

15  of documents that are not limited to the subject matter of this action and not relevant

16  to any claim or defense in the pending litigation or reasonably calculated to lead to

17  the discovery of admissible evidence.  The request appears designed to circumvent

18  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

19  the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing

20  Forensic Auditor.

21       MGA further objects to this request on the grounds that it is compound.  MGA

22  further objects to the request to the extent it violates the privacy rights of third parties

23  to their private, confidential, proprietary or trade secret information.

24       MGA further objects to this request on the grounds that it is vague and

25  ambiguous in its use of the terms "bank account," "transferred," and "has had

26  transferred."  Mattel has not demonstrated how DOCUMENTS sufficient to

27  IDENTIFY *each* bank account to or from which Isaac Larian has transferred or has

28  had transferred any ITEM OF VALUE could be relevant to the claims and defenses in

665960v2

69

EXHIBIT 3
PAGE 114

1  this action, let alone established that the relevancy of these documents outweighs the

2  individual's fundamental right of privacy.  MGA further objects to this request on the

3  ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the

4  request vague, ambiguous, overly broad and unduly burdensome.  MGA further

5  objects to the request to the extent that it seeks documents that by reason of public

6  filing, public distribution or otherwise are already in Mattel's possession or are

7  readily accessible to Mattel.  MGA further objects to this request to the extent that it

8  seeks documents not in MGA's possession, custody or control.  MGA also objects to

9  this request on the grounds that it seeks confidential, proprietary or commercially

10  sensitive information, the disclosure of which would be inimical to the business

11  interests of MGA.  MGA also objects to this request to the extent it calls for the

12  disclosure of attorney-client privileged information or information protected from

13  disclosure by the work-product doctrine, joint defense or common interest privilege,

14  or other privilege.

15      MGA further objects to this request as cumulative and duplicative to the extent

16  that it seeks documents previously requested by Mattel or produced by MGA in

17  response to Mattel's document requests.

18  **REQUEST FOR PRODUCTION NO. 39**

19      DOCUMENTS sufficient to IDENTIFY each bank account to or from which

20  OMNI 808 INVESTORS, LLC has transferred or has had transferred any ITEM OF

21  VALUE since January 1, 2007.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

23      MGA incorporates by reference its General Objections as though fully set forth

24  herein.  MGA further objects on the grounds that this request calls for the production

25  of documents that are not limited to the subject matter of this action and not relevant

26  to any claim or defense in the pending litigation or reasonably calculated to lead to

27  the discovery of admissible evidence.  The request appears designed to circumvent

28  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

665960v2

1   the auditor's costs in the first instance.  <u>See</u> January 7, 2009 Larson Order Appointing

2   Forensic Auditor.

3      MGA further objects to this request on the grounds that it is compound.  MGA

4   further objects to the request to the extent it violates the privacy rights of third parties

5   to their private, confidential, proprietary or trade secret information.

6      MGA further objects to this request on the grounds that it is vague and

7   ambiguous in its use of the terms "bank account," "transferred," and "has had

8   transferred."  Mattel has not demonstrated how DOCUMENTS sufficient to

9   IDENTIFY *each* bank account to or from which OMNI 808 INVESTORS, LLC has

10  transferred or has had transferred any ITEM OF VALUE could be relevant to the

11  claims and defenses in this action, let alone established that the relevancy of these

12  documents outweighs fundamental privacy rights.  MGA further objects to this

13  request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF

14  VALUE render the request vague, ambiguous, overly broad and unduly burdensome.

15  MGA further objects to the request to the extent that it seeks documents that by

16  reason of public filing, public distribution or otherwise are already in Mattel's

17  possession or are readily accessible to Mattel.  MGA further objects to this request to

18  the extent that it seeks documents not in MGA's possession, custody or control.

19  MGA also objects to this request on the grounds that it seeks confidential, proprietary

20  or commercially sensitive information, the disclosure of which would be inimical to

21  the business interests of MGA.  MGA also objects to this request to the extent it calls

22  for the disclosure of attorney-client privileged information or information protected

23  from disclosure by the work-product doctrine, joint defense or common interest

24  privilege, or other privilege.

25     MGA further objects to this request as cumulative and duplicative to the extent

26  that it seeks documents previously requested by Mattel or produced by MGA in

27  response to Mattel's document requests.

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ___3___
PAGE ___121___

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC (PHASE 2)

**REQUEST FOR PRODUCTION NO. 40**

DOCUMENTS sufficient to IDENTIFY each bank account to or from which IGWT Group, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "bank account," "transferred," and "has had transferred." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* bank account to or from which IGWT Group, LLC has transferred or has had transferred any ITEM OF VALUE could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. MGA further objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it

665960v2

EXHIBIT 3

PAGE 122

1  seeks documents not in MGA's possession, custody or control. MGA also objects to

2  this request on the grounds that it seeks confidential, proprietary or commercially

3  sensitive information, the disclosure of which would be inimical to the business

4  interests of MGA. MGA also objects to this request to the extent it calls for the

5  disclosure of attorney-client privileged information or information protected from

6  disclosure by the work-product doctrine, joint defense or common interest privilege,

7  or other privilege.

8  MGA further objects to this request as cumulative and duplicative to the extent

9  that it seeks documents previously requested by Mattel or produced by MGA in

10  response to Mattel's document requests.

11  **REQUEST FOR PRODUCTION NO. 41**

12  DOCUMENTS sufficient to IDENTIFY each bank account to or from which

13  IGWT 826 Investments, LLC has transferred or has had transferred any ITEM OF

14  VALUE since January 1, 2007.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

16  MGA incorporates by reference its General Objections as though fully set forth

17  herein. MGA further objects on the grounds that this request calls for the production

18  of documents that are not limited to the subject matter of this action and not relevant

19  to any claim or defense in the pending litigation or reasonably calculated to lead to

20  the discovery of admissible evidence. The request appears designed to circumvent

21  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

22  the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing

23  Forensic Auditor.

24  MGA further objects to this request on the grounds that it is compound. MGA

25  further objects to the request to the extent it violates the privacy rights of third parties

26  to their private, confidential, proprietary or trade secret information.

27  MGA further objects to this request on the grounds that it is vague and

28  ambiguous in its use of the terms "bank account," "transferred," and "has had

665960v2

EXHIBIT 3

PAGE 123

1   transferred." Mattel has not demonstrated how DOCUMENTS sufficient to

2   IDENTIFY *each* bank account to or from which IGWT 826 Investments, LLC has

3   transferred or has had transferred any ITEM OF VALUE could be relevant to the

4   claims and defenses in this action, let alone established that the relevancy of these

5   documents outweighs fundamental privacy rights. MGA further objects to this

6   request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF

7   VALUE render the request vague, ambiguous, overly broad and unduly burdensome.

8   MGA further objects to the request to the extent that it seeks documents that by

9   reason of public filing, public distribution or otherwise are already in Mattel's

10  possession or are readily accessible to Mattel. MGA further objects to this request to

11  the extent that it seeks documents not in MGA's possession, custody or control.

12  MGA also objects to this request on the grounds that it seeks confidential, proprietary

13  or commercially sensitive information, the disclosure of which would be inimical to

14  the business interests of MGA. MGA also objects to this request to the extent it calls

15  for the disclosure of attorney-client privileged information or information protected

16  from disclosure by the work-product doctrine, joint defense or common interest

17  privilege, or other privilege.

18      MGA further objects to this request as cumulative and duplicative to the extent

19  that it seeks documents previously requested by Mattel or produced by MGA in

20  response to Mattel's document requests.

21  **REQUEST FOR PRODUCTION NO. 42**

22      All COMMUNICATIONS between or among YOU, IGWT 826 Investments,

23  LLC and/or IGWT Group, LLC REFERRING OR RELATING TO MATTEL and/or

24  BRATZ.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

26      MGA incorporates by reference its General Objections as though fully set forth

27  herein. MGA further objects on the grounds that this request calls for the production

28  of communications that are not limited to the subject matter of this action and not

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___3___

PAGE ___124___

1    relevant to any claim or defense in the pending litigation or reasonably calculated to

2    lead to the discovery of admissible evidence.

3        MGA further objects to this request on the grounds that it is compound. MGA

4    further objects to the request to the extent it violates the privacy rights of third parties

5    to their private, confidential, proprietary or trade secret information. MGA further

6    objects to this request on the grounds that it is overbroad as to subject matter and

7    time; in particular, MGA objects that the phrases "all communications" and "referring

8    or relating to" are unbounded by any date limitation and are not tied in any way to

9    any claim, defense or other issues involved in Phase 2 of this litigation.

10        MGA also objects to this request on the grounds that it is overbroad, including,

11    without limitation, that it would extend to any communication between or among

12    anyone at MGA, IGWT 826 Investments, LLC and/or IGWT Group, LLC referring or

13    relating in any way to a wide variety of matter that could potentially be construed as

14    "relating" to Mattel and/or Bratz, without regard to whether such communications are

15    at all relevant to any claim or defense at issue herein. MGA also objects to this

16    request on the grounds that it is overbroad, unduly burdensome and oppressive in that

17    it purports to require MGA diligently to identify every communication between

18    anyone at MGA, IGWT 826 Investments, LLC and/or IGWT Group, LLC referring or

19    relating in any way to a wide variety of matter that could potentially be construed as

20    "relating" to Mattel and/or Bratz. MGA also objects to this request on the grounds

21    that it is overbroad, unduly burdensome and oppressive in that it is not in any way

22    limited as to the persons involved in the communications or as to time. Mattel has not

23    demonstrated how *all* COMMUNICATIONS between or among MGA, IGWT 826

24    Investments, LLC and/or IGWT Group, LLC REFERRING OR RELATING TO

25    MATTEL and/or BRATZ could be relevant to the claims and defenses in this action,

26    let alone established that the relevancy of these documents outweighs the individual's

27    fundamental right of privacy. MGA further objects to this request on the ground that

28    the terms COMMUNICATIONS and REFERRING OR RELATING TO render the

665960v2

EXHIBIT  3
PAGE  125

1   request vague, ambiguous, overly broad and unduly burdensome. MGA further

2   objects to the request to the extent that it seeks documents that by reason of public

3   filing, public distribution or otherwise are already in Mattel's possession or are

4   readily accessible to Mattel. MGA further objects to this request to the extent that it

5   seeks documents not in MGA's possession, custody or control. MGA also objects to

6   this request on the grounds that it seeks confidential, proprietary or commercially

7   sensitive information, the disclosure of which would be inimical to the business

8   interests of MGA. MGA also objects to this request to the extent it calls for the

9   disclosure of attorney-client privileged information or information protected from

10  disclosure by the work-product doctrine, joint defense or common interest privilege,

11  or other privilege.

12      MGA further objects to this request as being overly broad and unduly

13  burdensome on the grounds that it is not limited in time. MGA further objects to this

14  request as cumulative and duplicative to the extent that it seeks documents previously

15  requested by Mattel or produced by MGA in response to Mattel's document requests.

16  **REQUEST FOR PRODUCTION NO. 43**

17      All COMMUNICATIONS between or among YOU, OMNI 808 INVESTORS,

18  LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL, LLC

19  REFERRING OR RELATING TO MATTEL, MGA, LARIAN and/or BRATZ.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

21      MGA incorporates by reference its General Objections as though fully set forth

22  herein. MGA further objects on the grounds that this request calls for the production

23  of communications that are not limited to the subject matter of this action and not

24  relevant to any claim or defense in the pending litigation or reasonably calculated to

25  lead to the discovery of admissible evidence.

26      MGA further objects to this request on the grounds that it is compound. MGA

27  further objects to the request to the extent it violates the privacy rights of third parties

28  to their private, confidential, proprietary or trade secret information. MGA further

665960v2

76

EXHIBIT ___3___
PAGE ___126___

1   objects to this request on the grounds that it is overbroad as to subject matter and

2   time; in particular, MGA objects that the phrases "all communications" and "referring

3   or relating to" are unbounded by any date limitation and are not tied in any way to

4   any claim, defense or other issues involved in Phase 2 of this litigation.

5       MGA also objects to this request on the grounds that it is overbroad, including,

6   without limitation, that it would extend to any communication between or among

7   anyone at MGA, OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC and/or

8   LEXINGTON FINANCIAL, LLC referring or relating in any way to a wide variety

9   of matter that could potentially be construed as "relating" to MATTEL, MGA,

10   LARIAN and/or BRATZ, without regard to whether such communications are at all

11   relevant to any claim or defense at issue herein.  MGA also objects to this request on

12   the grounds that it is overbroad, unduly burdensome and oppressive in that it purports

13   to require MGA diligently to identify every communication between anyone and

14   among at MGA, IGWT 826 Investments, LLC and/or IGWT Group, LLC referring or

15   relating in any way to a wide variety of matter that could potentially be construed as

16   "relating" to Mattel and/or Bratz.  MGA also objects to this request on the grounds

17   that it is overbroad, unduly burdensome and oppressive in that it is not in any way

18   limited as to the persons involved in the communications or as to time.  Mattel has not

19   demonstrated how *all* COMMUNICATIONS between or among MGA, OMNI 808

20   INVESTORS, LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL,

21   LLC REFERRING OR RELATING TO MATTEL, MGA, LARIAN and/or BRATZ

22   could be relevant to the claims and defenses in this action, let alone established that

23   the relevancy of these documents outweighs the individual's fundamental right of

24   privacy.  MGA further objects to this request on the ground that the terms

25   COMMUNICATIONS and REFERRING OR RELATING TO render the request

26   vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

27   request to the extent that it seeks documents that by reason of public filing, public

28   distribution or otherwise are already in Mattel's possession or are readily accessible to

665960v2

EXHIBIT 3

PAGE 127

1   Mattel. MGA further objects to this request to the extent that it seeks documents not
2   in MGA's possession, custody or control. MGA also objects to this request on the
3   grounds that it seeks confidential, proprietary or commercially sensitive information,
4   the disclosure of which would be inimical to the business interests of MGA. MGA
5   also objects to this request to the extent it calls for the disclosure of attorney-client
6   privileged information or information protected from disclosure by the work-product
7   doctrine, joint defense or common interest privilege, or other privilege.

8       MGA further objects to this request as being overly broad and unduly
9   burdensome on the grounds that it is not limited in time. MGA further objects to this
10  request as cumulative and duplicative to the extent that it seeks documents previously
11  requested by Mattel or produced by MGA in response to Mattel's document requests.

12  **REQUEST FOR PRODUCTION NO. 44**

13      All COMMUNICATIONS between YOU and MASHIAN REFERRING OR
14  RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC,
15  LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

17      MGA incorporates by reference its General Objections as though fully set forth
18  herein. MGA further objects on the grounds that this request calls for the production
19  of communications that are not limited to the subject matter of this action and not
20  relevant to any claim or defense in the pending litigation or reasonably calculated to
21  lead to the discovery of admissible evidence.

22      MGA further objects to this request on the grounds that it is compound. MGA
23  further objects to the request to the extent it violates the privacy rights of third parties
24  to their private, confidential, proprietary or trade secret information. MGA further
25  objects to this request on the grounds that it is overbroad as to subject matter and
26  time; in particular, MGA objects that the phrases "all communications" and "referring
27  or relating to" are unbounded by any date limitation and are not tied in any way to
28  any claim, defense or other issues involved in Phase 2 of this litigation.

665960v2

EXHIBIT 3
PAGE 128

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   MGA also objects to this request on the grounds that it is overbroad, including,

2   without limitation, that it would extend to any communication between anyone at

3   MGA and MASHIAN referring or relating in any way to a wide variety of matter that

4   could potentially be construed as "relating" to OMNI 808 INVESTORS, LLC,

5   VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA,

6   LARIAN and/or BRATZ, without regard to whether such communications are at all

7   relevant to any claim or defense at issue herein.  MGA also objects to this request on

8   the grounds that it is overbroad, unduly burdensome and oppressive in that it purports

9   to require MGA diligently to identify every communication between anyone and

10  among at MGA and MASHIAN REFERRING OR RELATING TO OMNI 808

11  INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC,

12  MATTEL, MGA, LARIAN and/or BRATZ.  Mattel has not demonstrated how *all*

13  COMMUNICATIONS between MGA and MASHIAN REFERRING OR RELATING

14  TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON

15  FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could be relevant to

16  the claims and defenses in this action, let alone established that the relevancy of these

17  documents outweighs the individual's fundamental right of privacy.  MGA further

18  objects to this request on the ground that the terms COMMUNICATIONS and

19  REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

20  and unduly burdensome.  MGA further objects to the request to the extent that it seeks

21  documents that by reason of public filing, public distribution or otherwise are already

22  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to this

23  request to the extent that it seeks documents not in MGA's possession, custody or

24  control.  MGA also objects to this request on the grounds that it seeks confidential,

25  proprietary or commercially sensitive information, the disclosure of which would be

26  inimical to the business interests of MGA.  MGA also objects to this request to the

27  extent it calls for the disclosure of attorney-client privileged information or

28

665960v2

EXHIBIT ___3___
PAGE ___129___

1   information protected from disclosure by the work-product doctrine, joint defense or

2   common interest privilege, or other privilege.

3       MGA further objects to this request as being overly broad and unduly

4   burdensome on the grounds that it is not limited in time. MGA further objects to this

5   request as cumulative and duplicative to the extent that it seeks documents previously

6   requested by Mattel or produced by MGA in response to Mattel's document requests.

7   **REQUEST FOR PRODUCTION NO. 45**

8       All COMMUNICATIONS between YOU and Neil Kadisha REFERRING OR

9   RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC,

10  LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

12      MGA incorporates by reference its General Objections as though fully set forth

13  herein. MGA further objects on the grounds that this request calls for the production

14  of communications that are not limited to the subject matter of this action and not

15  relevant to any claim or defense in the pending litigation or reasonably calculated to

16  lead to the discovery of admissible evidence.

17      MGA further objects to this request on the grounds that it is compound. MGA

18  further objects to the request to the extent it violates the privacy rights of third parties

19  to their private, confidential, proprietary or trade secret information. MGA further

20  objects to this request on the grounds that it is overbroad as to subject matter and

21  time; in particular, MGA objects that the phrases "all communications" and "referring

22  or relating to" are unbounded by any date limitation and are not tied in any way to

23  any claim, defense or other issues involved in Phase 2 of this litigation.

24      MGA also objects to this request on the grounds that it is overbroad, including,

25  without limitation, that it would extend to any communication between anyone at

26  MGA and Neil Kadisha referring or relating in any way to a wide variety of matter

27  that could potentially be construed as "relating" to OMNI 808 INVESTORS, LLC,

28  VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA,

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ____3____

PAGE    130

1   LARIAN and/or BRATZ, without regard to whether such communications are at all

2   relevant to any claim or defense at issue herein. MGA also objects to this request on

3   the grounds that it is overbroad, unduly burdensome and oppressive in that it purports

4   to require MGA diligently to identify every communication between anyone and

5   among at MGA and MASHIAN REFERRING OR RELATING TO OMNI 808

6   INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC,

7   MATTEL, MGA, LARIAN and/or BRATZ. Mattel has not demonstrated how *all*

8   COMMUNICATIONS between MGA and Neil Kadisha REFERRING OR

9   RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC,

10   LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could

11   be relevant to the claims and defenses in this action, let alone established that the

12   relevancy of these documents outweighs the individual's fundamental right of

13   privacy. MGA further objects to this request on the ground that the terms

14   COMMUNICATIONS and REFERRING OR RELATING TO render the request

15   vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the

16   request to the extent that it seeks documents that by reason of public filing, public

17   distribution or otherwise are already in Mattel's possession or are readily accessible to

18   Mattel. MGA further objects to this request to the extent that it seeks documents not

19   in MGA's possession, custody or control. MGA also objects to this request on the

20   grounds that it seeks confidential, proprietary or commercially sensitive information,

21   the disclosure of which would be inimical to the business interests of MGA. MGA

22   also objects to this request to the extent it calls for the disclosure of attorney-client

23   privileged information or information protected from disclosure by the work-product

24   doctrine, joint defense or common interest privilege, or other privilege.

25       MGA further objects to this request as being overly broad and unduly

26   burdensome on the grounds that it is not limited in time. MGA further objects to this

27   request as cumulative and duplicative to the extent that it seeks documents previously

28   requested by Mattel or produced by MGA in response to Mattel's document requests.

665960v2

EXHIBIT 3
PAGE 131

**REQUEST FOR PRODUCTION NO. 46**

All COMMUNICATIONS between YOU and OMNI 808 INVESTORS, LLC REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of communications that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any communication between anyone at MGA and OMNI 808 INVESTORS, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every communication between anyone and among at MGA and OMNI 808 INVESTORS, LLC REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA,

665960v2

EXHIBIT 3
PAGE 132

1    LARIAN and/or BRATZ.  Mattel has not demonstrated how *all*

2    COMMUNICATIONS between MGA and OMNI 808 INVESTORS, LLC

3    REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON

4    FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could be relevant to

5    the claims and defenses in this action, let alone established that the relevancy of these

6    documents outweighs the individual's fundamental right of privacy.  MGA further

7    objects to this request on the ground that the terms COMMUNICATIONS and

8    REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

9    and unduly burdensome.  MGA further objects to the request to the extent that it seeks

10   documents that by reason of public filing, public distribution or otherwise are already

11   in Mattel's possession or are readily accessible to Mattel.  MGA further objects to this

12   request to the extent that it seeks documents not in MGA's possession, custody or

13   control.  MGA also objects to this request on the grounds that it seeks confidential,

14   proprietary or commercially sensitive information, the disclosure of which would be

15   inimical to the business interests of MGA.  MGA also objects to this request to the

16   extent it calls for the disclosure of attorney-client privileged information or

17   information protected from disclosure by the work-product doctrine, joint defense or

18   common interest privilege, or other privilege.

19       MGA further objects to this request as being overly broad and unduly

20   burdensome on the grounds that it is not limited in time.  MGA further objects to this

21   request as cumulative and duplicative to the extent that it seeks documents previously

22   requested by Mattel or produced by MGA in response to Mattel's document requests.

23   **REQUEST FOR PRODUCTION NO. 47**

24       All COMMUNICATIONS REFERRING OR RELATING TO VISION

25   CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS,

26   LLC.

27

28

665960v2

EXHIBIT ___3___

PAGE ___133___

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of communications that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to *any* communications between *anyone* referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify *every* communication between *anyone* REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC. Mattel has not demonstrated how *all* COMMUNICATIONS REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of

665960v2

EXHIBIT 3
PAGE 134

1  privacy.  MGA further objects to this request on the ground that the terms

2  COMMUNICATIONS and REFERRING OR RELATING TO render the request

3  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

4  request to the extent that it seeks documents that by reason of public filing, public

5  distribution or otherwise are already in Mattel's possession or are readily accessible to

6  Mattel.  MGA further objects to this request to the extent that it seeks documents not

7  in MGA's possession, custody or control.  MGA also objects to this request on the

8  grounds that it seeks confidential, proprietary or commercially sensitive information,

9  the disclosure of which would be inimical to the business interests of MGA.  MGA

10  also objects to this request to the extent it calls for the disclosure of attorney-client

11  privileged information or information protected from disclosure by the work-product

12  doctrine, joint defense or common interest privilege, or other privilege.

13      MGA further objects to this request as being overly broad and unduly

14  burdensome on the grounds that it is not limited in time.  MGA further objects to this

15  request as cumulative and duplicative to the extent that it seeks documents previously

16  requested by Mattel or produced by MGA in response to Mattel's document requests.

17  **REQUEST FOR PRODUCTION NO. 48**

18      DOCUMENTS sufficient to IDENTIFY each bank account to or from which

19  VISION CAPITAL, LLC has transferred or has had transferred any ITEM OF

20  VALUE since January 1, 2007.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

22      MGA incorporates by reference its General Objections as though fully set forth

23  herein.  MGA further objects on the grounds that this request calls for the production

24  of documents that are not limited to the subject matter of this action and not relevant

25  to any claim or defense in the pending litigation or reasonably calculated to lead to

26  the discovery of admissible evidence.  The request appears designed to circumvent

27  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT __3__

PAGE __135__

1   the auditor's costs in the first instance.  <u>See</u> January 7, 2009 Larson Order Appointing

2   Forensic Auditor.

3        MGA further objects to this request on the grounds that it is compound.  MGA

4   further objects to the request to the extent it violates the privacy rights of third parties

5   to their private, confidential, proprietary or trade secret information.

6        MGA further objects to this request on the grounds that it is vague and

7   ambiguous in its use of the terms "bank account," "transferred," and "has had

8   transferred."  Mattel has not demonstrated how DOCUMENTS sufficient to

9   IDENTIFY *each* bank account to or from which VISION CAPITAL, LLC has

10  transferred or has had transferred any ITEM OF VALUE could be relevant to the

11  claims and defenses in this action, let alone established that the relevancy of these

12  documents outweighs the individual's fundamental right of privacy.  MGA further

13  objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and

14  ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly

15  burdensome.  MGA further objects to the request to the extent that it seeks documents

16  that by reason of public filing, public distribution or otherwise are already in Mattel's

17  possession or are readily accessible to Mattel.  MGA further objects to this request to

18  the extent that it seeks documents not in MGA's possession, custody or control.

19  MGA also objects to this request on the grounds that it seeks confidential, proprietary

20  or commercially sensitive information, the disclosure of which would be inimical to

21  the business interests of MGA.  MGA also objects to this request to the extent it calls

22  for the disclosure of attorney-client privileged information or information protected

23  from disclosure by the work-product doctrine, joint defense or common interest

24  privilege, or other privilege.

25        MGA further objects to this request as cumulative and duplicative to the extent

26  that it seeks documents previously requested by Mattel or produced by MGA in

27  response to Mattel's document requests.

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ___3___
PAGE ___136___

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

**REQUEST FOR PRODUCTION NO. 49**

DOCUMENTS sufficient to IDENTIFY each bank account to or from which LEXINGTON FINANCIAL, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

MGA incorporates by reference its General Objections as though fully set forth herein.  MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "bank account," "transferred," and "has had transferred."  Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* bank account to or from which LEXINGTON FINANCIAL, LLC has transferred or has had transferred any ITEM OF VALUE could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy.  MGA further objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to this request to

665960v2

EXHIBIT ___3___

PAGE ___137___

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC (PHASE 2)

1  the extent that it seeks documents not in MGA's possession, custody or control.

2  MGA also objects to this request on the grounds that it seeks confidential, proprietary

3  or commercially sensitive information, the disclosure of which would be inimical to

4  the business interests of MGA. MGA also objects to this request to the extent it calls

5  for the disclosure of attorney-client privileged information or information protected

6  from disclosure by the work-product doctrine, joint defense or common interest

7  privilege, or other privilege.

8      MGA further objects to this request as cumulative and duplicative to the extent

9  that it seeks documents previously requested by Mattel or produced by MGA in

10  response to Mattel's document requests.

11  **REQUEST FOR PRODUCTION NO. 50**

12      DOCUMENTS sufficient to IDENTIFY each licensee of any BRATZ product

13  since January 1, 2007.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

15      MGA incorporates by reference its General Objections as though fully set forth

16  herein. MGA further objects on the grounds that this request calls for the production

17  of documents that are not limited to the subject matter of this action and not relevant

18  to any claim or defense in the pending litigation or reasonably calculated to lead to

19  the discovery of admissible evidence.        MGA further objects to this request on

20  the grounds that it is compound. MGA further objects to the request to the extent it

21  violates the privacy rights of third parties to their private, confidential, proprietary or

22  trade secret information.

23      MGA further objects to this request on the grounds that it is vague and

24  ambiguous in its use of the term "licensee." Mattel has not demonstrated how

25  DOCUMENTS sufficient to IDENTIFY *each* licensee of any BRATZ product since

26  January 1, 2007 could be relevant to the claims and defenses in this action, let alone

27  established that the relevancy of these documents outweighs the individual's

28  fundamental right of privacy. MGA further objects to this request on the ground that

665960v2

EXHIBIT 3

PAGE 138

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  the terms DOCUMENTS and IDENTIFY render the request vague, ambiguous,

2  overly broad and unduly burdensome.  MGA further objects to the request to the

3  extent that it seeks documents that by reason of public filing, public distribution or

4  otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA

5  further objects to this request to the extent that it seeks documents not in MGA's

6  possession, custody or control.  MGA also objects to this request on the grounds that

7  it seeks confidential, proprietary or commercially sensitive information, the disclosure

8  of which would be inimical to the business interests of MGA.  MGA also objects to

9  this request to the extent it calls for the disclosure of attorney-client privileged

10  information or information protected from disclosure by the work-product doctrine,

11  joint defense or common interest privilege, or other privilege.

12      MGA further objects to this request as cumulative and duplicative to the extent

13  that it seeks documents previously requested by Mattel or produced by MGA in

14  response to Mattel's document requests.

15  **REQUEST FOR PRODUCTION NO. 51**

16      DOCUMENTS sufficient to show the amount of payments made to YOU by

17  each licensee of any BRATZ product since January 1, 2007.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

19      MGA incorporates by reference its General Objections as though fully set forth

20  herein.  MGA further objects on the grounds that this request calls for the production

21  of documents that are not limited to the subject matter of this action and not relevant

22  to any claim or defense in the pending litigation or reasonably calculated to lead to

23  the discovery of admissible evidence.  The request appears designed to circumvent

24  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

25  the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing

26  Forensic Auditor.

27

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ___3___
PAGE ___139___

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1  MGA further objects to this request on the grounds that it is compound.  MGA

2  further objects to the request to the extent it violates the privacy rights of third parties

3  to their private, confidential, proprietary or trade secret information.

4  MGA further objects to this request on the grounds that it is vague and

5  ambiguous in its use of the terms "amount of payments" and "licensee."  Mattel has

6  not demonstrated how DOCUMENTS sufficient to show the amount of payments

7  made to MGA by each licensee of any BRATZ product since January 1, 2007 could

8  be relevant to the claims and defenses in this action, let alone established that the

9  relevancy of these documents outweighs the individual's fundamental right of

10  privacy.  MGA further objects to this request on the ground that the term

11  DOCUMENTS renders the request vague, ambiguous, overly broad and unduly

12  burdensome.  MGA further objects to the request to the extent that it seeks documents

13  that by reason of public filing, public distribution or otherwise are already in Mattel's

14  possession or are readily accessible to Mattel.  MGA further objects to this request to

15  the extent that it seeks documents not in MGA's possession, custody or control.

16  MGA also objects to this request on the grounds that it seeks confidential, proprietary

17  or commercially sensitive information, the disclosure of which would be inimical to

18  the business interests of MGA.  MGA also objects to this request to the extent it calls

19  for the disclosure of attorney-client privileged information or information protected

20  from disclosure by the work-product doctrine, joint defense or common interest

21  privilege, or other privilege.

22  MGA further objects to this request as cumulative and duplicative to the extent

23  that it seeks documents previously requested by Mattel or produced by MGA in

24  response to Mattel's document requests.

25  **REQUEST FOR PRODUCTION NO. 52**

26  A sample of each BRATZ product manufactured, sold, offered for sale,

27  marketed or distributed by YOU since January 1, 2008.

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT __3__

PAGE __140__

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of tangible items that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "sample" and "manufactured, sold, offered for sale, marketed or distributed." Mattel has not demonstrated how a sample of *each* BRATZ product manufactured, sold, offered for sale, marketed or distributed by MGA since January 1, 2008 could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to the request to the extent that it seeks tangible items that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks tangible items not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks tangible items previously requested by Mattel or produced by MGA in response to Mattel's document requests.

665960v2

EXHIBIT ⊰

PAGE 141

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC (PHASE 2)

**REQUEST FOR PRODUCTION NO. 53**

To the extent not produced in response to any other Request, a sample of each core BRATZ female fashion doll manufactured, sold, offered for sale, marketed or distributed by YOU since January 1, 2008.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of tangible items that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "sample" and "manufactured, sold, offered for sale, marketed or distributed." Mattel has not demonstrated how a sample of *each* core BRATZ female fashion doll manufactured, sold, offered for sale, marketed or distributed by MGA since January 1, 2008 could be relevant to the claims and defenses in this action. MGA further objects to the request to the extent that it seeks tangible items that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks tangible items not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___3___

PAGE ___142___

1  this request to the extent it calls for the disclosure of attorney-client privileged

2  information or information protected from disclosure by the work-product doctrine,

3  joint defense or common interest privilege, or other privilege.

4      MGA further objects to this request as cumulative and duplicative to the extent

5  that it seeks tangible items previously requested by Mattel or produced by MGA in

6  response to Mattel's document requests.

7  **REQUEST FOR PRODUCTION NO. 54**

8      All registrations, and applications for registration, for any trademark or service

9  mark that constitutes, includes or incorporates in any manner the term "BRATZ."

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 54**

11     MGA incorporates by reference its General Objections as though fully set forth

12 herein. MGA further objects on the grounds that this request calls for the production

13 of documents that are not limited to the subject matter of this action and not relevant

14 to any claim or defense in the pending litigation or reasonably calculated to lead to

15 the discovery of admissible evidence.

16     MGA further objects to this request on the grounds that it is compound. MGA

17 further objects to the request to the extent it violates the privacy rights of third parties

18 to their private, confidential, proprietary or trade secret information.

19     MGA further objects to this request on the grounds that it is vague and

20 ambiguous in its use of the terms "registrations," "applications for registration," and

21 "constitutes, includes or incorporates." Mattel has not demonstrated how *all*

22 registrations, and applications for registration, for any trademark or service mark that

23 constitutes, includes or incorporates in any manner the term "BRATZ" could be

24 relevant to the claims and defenses in this action, let alone established that the

25 relevancy of these documents outweighs the individual's fundamental right of

26 privacy. MGA further objects to the request to the extent that it seeks documents that

27 by reason of public filing, public distribution or otherwise are already in Mattel's

28 possession or are readily accessible to Mattel. MGA further objects to this request to

665960v2

EXHIBIT 3
PAGE 143

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    the extent that it seeks documents not in MGA's possession, custody or control.

2    MGA also objects to this request on the grounds that it seeks confidential, proprietary

3    or commercially sensitive information, the disclosure of which would be inimical to

4    the business interests of MGA.  MGA also objects to this request to the extent it calls

5    for the disclosure of attorney-client privileged information or information protected

6    from disclosure by the work-product doctrine, joint defense or common interest

7    privilege, or other privilege.

8         MGA further objects to this request as being overly broad and unduly

9    burdensome on the grounds that it is not limited in time.  MGA further objects to this

10   request as cumulative and duplicative to the extent that it seeks documents previously

11   requested by Mattel or produced by MGA in response to Mattel's document requests.

12   **REQUEST FOR PRODUCTION NO. 55**

13        All registrations, and applications for registration, for any trademark or service

14   mark that constitutes, includes or incorporates in any manner the term "Jade."

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 55**

16        MGA incorporates by reference its General Objections as though fully set forth

17   herein.  MGA further objects on the grounds that this request calls for the production

18   of documents that are not limited to the subject matter of this action and not relevant

19   to any claim or defense in the pending litigation or reasonably calculated to lead to

20   the discovery of admissible evidence.

21        MGA further objects to this request on the grounds that it is compound.  MGA

22   further objects to the request to the extent it violates the privacy rights of third parties

23   to their private, confidential, proprietary or trade secret information.

24        MGA further objects to this request on the grounds that it is vague and

25   ambiguous in its use of the terms "registrations," "applications for registration," and

26   "constitutes, includes or incorporates."  Mattel has not demonstrated how *all*

27   registrations, and applications for registration, for any trademark or service mark that

28   constitutes, includes or incorporates in any manner the term "Jade" could be relevant

665960v2

EXHIBIT __3__

PAGE __144__

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  to the claims and defenses in this action, let alone established that the relevancy of

2  these documents outweighs the individual's fundamental right of privacy. MGA

3  further objects to the request to the extent that it seeks documents that by reason of

4  public filing, public distribution or otherwise are already in Mattel's possession or are

5  readily accessible to Mattel. MGA further objects to this request to the extent that it

6  seeks documents not in MGA's possession, custody or control. MGA also objects to

7  this request on the grounds that it seeks confidential, proprietary or commercially

8  sensitive information, the disclosure of which would be inimical to the business

9  interests of MGA. MGA also objects to this request to the extent it calls for the

10  disclosure of attorney-client privileged information or information protected from

11  disclosure by the work-product doctrine, joint defense or common interest privilege,

12  or other privilege.

13      MGA further objects to this request as being overly broad and unduly

14  burdensome on the grounds that it is not limited in time. MGA further objects to this

15  request as cumulative and duplicative to the extent that it seeks documents previously

16  requested by Mattel or produced by MGA in response to Mattel's document requests.

17  **REQUEST FOR PRODUCTION NO. 56**

18      All COMMUNICATIONS with any Trademark Office or governmental entity

19  REFERRING OR RELATING TO any registration, or application for registration, for

20  any trademark or service mark that constitutes, includes or incorporates in any

21  manner the term "BRATZ."

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56**

23      MGA incorporates by reference its General Objections as though fully set forth

24  herein. MGA further objects on the grounds that this request calls for the production

25  of communications that are not limited to the subject matter of this action and not

26  relevant to any claim or defense in the pending litigation or reasonably calculated to

27  lead to the discovery of admissible evidence.

28

665960v2

EXHIBIT ___3___

PAGE ___146___

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC (PHASE 2)

1    MGA further objects to this request on the grounds that it is compound. MGA

2    further objects to the request to the extent it violates the privacy rights of third parties

3    to their private, confidential, proprietary or trade secret information.

4        MGA also objects to this request on the grounds that it is overbroad, including,

5    without limitation, that it would extend to any communication between *anyone* and

6    *any* Trademark Office or governmental entity referring or relating in any way to a

7    wide variety of matter that could potentially be construed as "relating" to any

8    registration, or application for registration, for any trademark or service mark that

9    constitutes, includes or incorporates in any manner the term "BRATZ.", without

10   regard to whether such communications are at all relevant to any claim or defense at

11   issue herein. MGA also objects to this request on the grounds that it is overbroad,

12   unduly burdensome and oppressive in that it is not in any way limited as to the

13   persons involved in the communications or as to time. MGA further objects to this

14   request on the grounds that it is vague and ambiguous in its use of the terms

15   "registrations," "applications for registration," and "constitutes, includes or

16   incorporates." Mattel has not demonstrated how *all* COMMUNICATIONS with any

17   Trademark Office or governmental entity REFERRING OR RELATING TO any

18   registration, or application for registration, for any trademark or service mark that

19   constitutes, includes or incorporates in any manner the term "BRATZ" could be

20   relevant to the claims and defenses in this action, let alone established that the

21   relevancy of these communications outweighs fundamental privacy rights. MGA

22   further objects to this request on the ground that the terms COMMUNICATIONS and

23   REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

24   and unduly burdensome. MGA further objects to the request to the extent that it seeks

25   communications that by reason of public filing, public distribution or otherwise are

26   already in Mattel's possession or are readily accessible to Mattel. MGA further

27   objects to this request to the extent that it seeks documents not in MGA's possession,

28   custody or control. MGA also objects to this request on the grounds that it seeks

665960v2

EXHIBIT   3
PAGE   146

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1   confidential, proprietary or commercially sensitive information, the disclosure of

2   which would be inimical to the business interests of MGA. MGA also objects to this

3   request to the extent it calls for the disclosure of attorney-client privileged

4   information or information protected from disclosure by the work-product doctrine,

5   joint defense or common interest privilege, or other privilege.

6      MGA further objects to this request as being overly broad and unduly

7   burdensome on the grounds that it is not limited in time. MGA further objects to this

8   request as cumulative and duplicative to the extent that it seeks documents previously

9   requested by Mattel or produced by MGA in response to Mattel's document requests.

10  **REQUEST FOR PRODUCTION NO. 57**

11     All COMMUNICATIONS with any Trademark Office or governmental entity

12  REFERRING OR RELATING TO any registration, or application for registration, for

13  any trademark or service mark that constitutes, includes or incorporates in any

14  manner the term "Jade."

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57**

16     MGA incorporates by reference its General Objections as though fully set forth

17  herein. MGA further objects on the grounds that this request calls for the production

18  of communications that are not limited to the subject matter of this action and not

19  relevant to any claim or defense in the pending litigation or reasonably calculated to

20  lead to the discovery of admissible evidence.

21     MGA further objects to this request on the grounds that it is compound. MGA

22  further objects to the request to the extent it violates the privacy rights of third parties

23  to their private, confidential, proprietary or trade secret information.

24     MGA also objects to this request on the grounds that it is overbroad, including,

25  without limitation, that it would extend to any communication between *anyone* and

26  *any* Trademark Office or governmental entity referring or relating in any way to a

27  wide variety of matter that could potentially be construed as "relating" to any

28  registration, or application for registration, for any trademark or service mark that

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 3

PAGE 147

1 constitutes, includes or incorporates in any manner the term "Jade," without regard to

2 whether such communications are at all relevant to any claim or defense at issue

3 herein.  MGA also objects to this request on the grounds that it is overbroad, unduly

4 burdensome and oppressive in that it is not in any way limited as to the persons

5 involved in the communications or as to time.  MGA further objects to this request on

6 the grounds that it is vague and ambiguous in its use of the terms "registrations,"

7 "applications for registration," and "constitutes, includes or incorporates."  Mattel has

8 not demonstrated how *all* COMMUNICATIONS with any Trademark Office or

9 governmental entity REFERRING OR RELATING TO any registration, or

10 application for registration, for any trademark or service mark that constitutes,

11 includes or incorporates in any manner the term "Jade" could be relevant to the claims

12 and defenses in this action, let alone established that the relevancy of these

13 communications outweighs fundamental privacy rights.  MGA further objects to this

14 request on the ground that the terms COMMUNICATIONS and REFERRING OR

15 RELATING TO render the request vague, ambiguous, overly broad and unduly

16 burdensome.  MGA further objects to the request to the extent that it seeks

17 communications that by reason of public filing, public distribution or otherwise are

18 already in Mattel's possession or are readily accessible to Mattel.  MGA further

19 objects to this request to the extent that it seeks documents not in MGA's possession,

20 custody or control.  MGA also objects to this request on the grounds that it seeks

21 confidential, proprietary or commercially sensitive information, the disclosure of

22 which would be inimical to the business interests of MGA.  MGA also objects to this

23 request to the extent it calls for the disclosure of attorney-client privileged

24 information or information protected from disclosure by the work-product doctrine,

25 joint defense or common interest privilege, or other privilege.

26

27 \ \ \

28 \ \ \

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1        MGA further objects to this request as being overly broad and unduly

2   burdensome on the grounds that it is not limited in time.  MGA further objects to this

3   request as cumulative and duplicative to the extent that it seeks documents previously

4   requested by Mattel or produced by MGA in response to Mattel's document requests.

5

6

7   Dated: _2/6/_____, 2009          Patricia L. Glaser

8                                   Joel N. Klevens

                                GLASER, WEIL, FINK, JACOBS

9                                     & SHAPIRO, LLP

10                                   Russell J. Frackman

                                MITCHELL, SILBERBERG & KNUPP, LLP

11

12

13          By: _____

14                         Amman Khan

                      Attorneys for the MGA Parties

15                         for Phase Two

16

17

18

19

20

21

22

23

24

25

26

27

28

665960v2

EXHIBIT  3
PAGE  149

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

# PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On January 28, 2009, I served the foregoing document described as:

**RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

### PLEASE SEE ATTACHED SERVICE LIST

☐ (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☒ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee.

☐ (BY EMAIL) I caused such documents to be delivered via email to the addressee(s).

☐ (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 6th day of February, 2009, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Yumi Chung_

YUMI CHUNG

EXHIBIT 3

PAGE 150

665411 v1

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

## SERVICE LIST

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
John Quinn, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Russel J. Frackman, Esq.
Patricia H. Benson, Esq.
Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90067
(310) 312-2000

Thomas J. Nolan, Esq.
Raoul D. Kennedy, Esq.
Jason D. Russell, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
(213) 687-5000

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

665411 v1

EXHIBIT ___3___
PAGE ___151___

# EXHIBIT 4

RECEIVED

FEB 0 6 2009

1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@ glaserweil.com
3  GLASER, WEIL, FINK, JACOBS
    & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone:  310-553-3000
6  Facsimile:  310-556-2920

7  Russell J. Frackman, State Bar No. 049087
   rjf@msk.com
8  MITCHELL, SILBERBERG & KNUPP, LLP
   11377 West Olympic Boulevard
9  Los Angeles, California 90064
   Telephone:  310-312-2000
10 Facsimile:  310-312-3100

11 Attorneys for the MGA Parties For Phase Two

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14                    EASTERN DIVISION

15

16 CARTER BRYANT, an individual      )  Case No. CV 04-9049 SGL (RNBx)
                                     )
17              Plaintiff,           )  Consolidated with
                                     )  Case No. 04-09059
18 v.                               )  Case No. 05-02727
                                     )
19 MATTEL, INC., a Delaware          )  **RESPONSES TO REQUESTS FOR**
   Corporation                       )  **DOCUMENTS AND THINGS TO**
20                                   )  **ISAAC LARIAN (PHASE 2)**
              Defendant.            )
21 _____       )
                                     )
22                                   )
   AND CONSOLIDATED ACTIONS          )
23                                   )

24

25

26

27

28

666200

EXHIBIT ___4___
PAGE ___152___

2-6-09

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    The General Response set forth herein applies to all responses that Isaac Larian

2 ("Larian") is providing in response to these requests for production (the "Requests")

3 or may in the future provide in response to any discovery request in this action.  The

4 Response is made without waiving, or intending to waive but, on the contrary,

5 expressly reserving:  (a) the right to object, on the grounds of competency, privilege,

6 relevancy or materiality, or any other proper grounds, to the use of the Response, for

7 any purpose in whole or in part, in any subsequent step or proceeding in this action or

8 any other action; (b) the right to object on any and all grounds, at any time, to other

9 requests for production or other discovery procedures; and (c) the right at any time to

10 revise, correct, add to, or clarify any of the responses propounded herein.

11    The Response reflects only the present state of Larian's discovery regarding the

12 information that Mattel seeks.  Discovery for Phase Two and other investigation or

13 research concerning this litigation are continuing.  It is anticipated that further

14 discovery, independent investigation, and legal research and analysis will supply

15 additional facts and meaning to the known facts, as well as establish entirely new

16 factual conclusions, all of which may lead Larian to discover other information

17 responsive to these Requests.  Larian therefore reserves the right to amend or

18 supplement this Response at any time in light of future investigation, research or

19 analysis, and also expressly reserves the right to rely on, at any time, including trial,

20 subsequently discovered information omitted from this Response as a result of

21 mistake, error, oversight or inadvertence.  Larian does not hereby admit, adopt or

22 acquiesce in any factual or legal contention, assertion or characterization contained in

23 the Requests or any particular request therein, even where Larian has not otherwise

24 objected to a particular request, or has agreed to provide information responsive to a

25 particular request.

26    No incidental or implied admissions are intended by this Response.  These

27 responses should not be taken as an admission that Larian accepts or admits the

28 existence of any facts set forth or assumed by any instruction, definition or request.

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 4
PAGE 152

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

**GENERAL OBJECTIONS**

Larian responds to these Requests subject to the following general objections and limitations, each of which is incorporated into each and every response as though fully set forth therein:

1.      Larian objects to these Requests to the extent they seek information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.

2.      Larian objects to these Requests to the extent they seek information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Larian objects to these Requests to the extent they seek information which by reason of public filing or otherwise is already in Mattel's possession or is readily accessible to Mattel.

4.      Larian objects to these Requests to the extent they seek the disclosure of information (1) not currently within his possession, custody or control; (2) that Larian cannot locate after a reasonably diligent search; or (3) that refer to persons, entities, or events not known to Larian.

5.      Larian objects to these Requests to the extent they are overbroad and unduly burdensome.

6.      Larian objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome or uncertain.

EXHIBIT _4_

PAGE _154_

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1     7.  Larian objects to the following definitions in these Requests:

2       (a)  Larian objects to the definition of the term "BRATZ"

3 (Definitions ¶ E) as vague, ambiguous, overly broad and unduly burdensome, and

4 designed to mislead and confuse the trier of fact.  The definition includes "any

5 project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

6 or in part and regardless of what such project, product or doll is or has been also,

7 previously or subsequently called) and any product, doll or DESIGN or any portion

8 thereof that is now or has ever been known as, or sold or marketed under, the name or

9 term 'Bratz' (whether in whole or in part and regardless of what such product, doll or

10 DESIGN or portion thereof is or has been also, previously or subsequently called) or

11 that is now or has ever been marketed as part of the 'Bratz' line, and each version or

12 iteration of such product, doll or DESIGN or any portion thereof," and it goes on.  By

13 incorporating the definition of DESIGN, the overly broad definition of BRATZ

14 includes two-dimensional and three-dimensional representations, including "works,

15 designs, artwork, sketches, drawings, illustrations, representations, depictions,

16 blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,

17 rotocasts, reductions to practice, developments, inventions and/or improvements . . .

18 ." (Definitions, ¶ E, F.)  These convoluted and multi-part definitions combine to

19 render the requests vague, ambiguous and overly broad, and to include within the

20 term BRATZ things that do not fairly represent the Bratz line of dolls, accessories and

21 related products that are the subject of this case.  In responding to these requests,

22 Larian will interpret the term BRATZ to mean the line of dolls introduced by MGA to

23 the market for sale in May or June of 2001 and subsequent dolls, accessories and

24 other products known as Bratz or associated by Larian with the Bratz line of dolls.

25       (b)  Larian objects to the terms "any" and "REFER OR

26 RELATE TO" (Definitions ¶ I) on the grounds and to the extent that they are

27 overbroad, unduly burdensome or are vague and ambiguous in the context of the

28 requests as written and as those requests would be plainly understood absent Mattel's

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

EXHIBIT 4
PAGE 155

1   definitions.

2          (c)     Larian objects to the terms "IDENTIFY" or "IDENTITY"

3   (Definitions ¶ L) as overbroad, unduly burdensome, vague, ambiguous, and

4   oppressive.  Mattel's definition of these terms inherently call for answers to multiple

5   discrete questions or subparts to questions.  For example, when those terms are used

6   to reference any individual, the use of those terms requests at least 7 different and

7   distinct facts: (a) such individual's name; (b) such individual's current or last known

8   business title; (c) such individual's current or last known business affiliation; (d) such

9   individual's current or last known relationship to Larian; (e) such individual's current

10  or last known residential address; (f) such individual's current or last known business

11  address; (g) such individual's current or last known telephone number.  When those

12  terms are used to reference any business entity, the use of those terms requests at least

13  4 different and distinct facts: (a) such entity's full name; (b) state (or country) of

14  incorporation or organization; (c) such entity's present or last known address; (d) such

15  entity's present or last known telephone number.   Therefore, any request that

16  includes or incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily

17  compound and should be posed as separate requests.

18         8.      Larian objects to these request to the extent that they may unfairly

19  seek to restrict the facts on which Larian may rely at trial.  Discovery has not been

20  completed and Larian is not yet necessarily in possession of all the facts and

21  documents upon which Larian intends to rely.  All of the responses submitted

22  herewith are tendered to Mattel with the reservation that the responses are submitted

23  without limiting the evidence on which Larian may rely to support the contentions

24  and defenses that Larian may assert at the trial of this action and to rebut or impeach

25  the contentions, assertions and evidence that Mattel may present.  Larian reserves the

26  right to supplement or amend these responses at a future date.

27         9.      Larian objects to each request to the extent that it seeks

28  information that will be the subject of expert witness testimony and that is therefore

666200

EXHIBIT __4__

PAGE __152__

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  premature.

2        10.    Larian objects to each request to the extent that it seeks the

3  disclosure of confidential, proprietary, or trade-secret information.

4        11.    Larian objects to each request to the extent that it calls for a legal

5  conclusion.

6        12.    Larian reserves the right to object on any ground at any time to

7  such other and supplemental discovery requests as Mattel may propound involving or

8  relating to the same subject matter of these request.

9        13.    The responses below shall not be construed as an admission as to

10  the relevance or admissibility of any statement or characterization contained in any

11  request.  Larian reserves all objections, including without limitation objections as to

12  competency, relevance, materiality, privilege, authenticity, or admissibility.

13        14.    In responding to these Requests, Larian has not and will not

14  comply with any instructions or definitions that seek to impose requirements in

15  addition to those imposed by the Federal Rules of Civil Procedure and any applicable

16  local rule.

17            **SPECIFIC OBJECTIONS AND RESPONSES**

18  **REQUEST FOR PRODUCTION NO. 1**

19      All YOUR audited and unaudited monthly, quarterly and annual financial

20  statements covering or RELATING TO any period on or after January 1, 2007,

21  including without limitation balance sheets, income statements, profit and loss

22  statements, consolidated statements of operations, cash flow statements and

23  statements of retained earnings.

EXHIBIT 4

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**   PAGE ___157___

25      Larian incorporates by reference his General Objections as though fully set

26  forth herein.  Larian further objects on the grounds that this request calls for the

27  production of documents that are not limited to the subject matter of this action and

28  not relevant to any claim or defense in the pending litigation or reasonably calculated

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  to lead to the discovery of admissible evidence.  The request appears designed to

2  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

3  Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson

4  Order Appointing Forensic Auditor.

5        Larian further objects to this request on the grounds that it is compound.

6  Larian further objects to the request to the extent it violates the privacy rights of third

7  parties to their private, confidential, proprietary or trade secret information.

8        Larian also objects to this request on the grounds that it is overbroad, including,

9  without limitation, in that it would extend to any of Larian's financial statements

10  relating to any period on or after January 1, 2007, without regard to whether such

11  documents are at all relevant to any claim or defense at issue herein.  Larian further

12  objects to this request on the grounds that it is vague and ambiguous in its use of the

13  term "financial statements."  Mattel has not demonstrated how *all* Larian's audited

14  and unaudited monthly, quarterly and annual financial statements could be relevant to

15  the claims and defenses in this action, let alone established that the relevancy of these

16  documents outweighs the individual's fundamental right of privacy.  Larian further

17  objects to this request on the ground that the term RELATING TO renders the request

18  vague, ambiguous, overly broad and unduly burdensome.  Larian further objects to

19  the request to the extent that it seeks documents that by reason of public filing, public

20  distribution or otherwise are already in Mattel's possession or are readily accessible to

21  Mattel.  Larian further objects to this request to the extent that it seeks documents not

22  in Larian's possession, custody or control.  Larian also objects to this request on the

23  grounds that it seeks confidential, proprietary or commercially sensitive information,

24  the disclosure of which would be inimical to the personal and business interests of

25  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

26  attorney-client privileged information or information protected from disclosure by the

27  work-product doctrine, joint defense or common interest privilege, or other privilege.

28

666200

EXHIBIT 4
PAGE 158

6

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  Larian further objects to this request as cumulative and duplicative to the extent

2  that it seeks documents previously requested by Mattel or produced by Larian in

3  response to Mattel's document requests.

4  **REQUEST FOR PRODUCTION NO. 2**

5  All agreements and contracts with any lenders to or creditors of MGA covering,

6  RELATING TO, in effect, dated or entered into on or after January 1, 2007, including

7  without limitation loan agreements, credit agreements, financing agreements, lines of

8  credit and promissory notes, and any amendments or modifications thereto, and any

9  notices of default and COMMUNICATIONS REFERRING OR RELATING TO any

10  such agreements and contracts.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

12  Larian incorporates by reference his General Objections as though fully set

13  forth herein.  Larian further objects on the grounds that this request calls for the

14  production of documents and communications that are not limited to the subject

15  matter of this action and not relevant to any claim or defense in the pending litigation

16  or reasonably calculated to lead to the discovery of admissible evidence.

17  Larian further objects to this request on the grounds that it is compound.

18  Larian further objects to the request to the extent it violates the privacy rights of third

19  parties to their private, confidential, proprietary or trade secret information.

20  Larian also objects to this request on the grounds that it is overbroad, including,

21  without limitation, that it would extend to *any* agreements and contracts with *any*

22  lenders to or creditors of MGA and *any* communications referring or relating thereto,

23  without regard to whether such communications are at all relevant to any claim or

24  defense at issue herein.  Larian further objects to this request on the grounds that it is

25  vague and ambiguous in its use of the terms "lenders," "creditors," "agreements," and

26  "contracts."  Mattel has not demonstrated how *all* agreements and contracts with any

27  lenders to or creditors of MGA covering, RELATING TO, in effect, dated or entered

28  into on or after January 1, 2007, and *any* notices of default and COMMUNICATIONS

666200

7

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC. (PHASE 2)

EXHIBIT 4

PAGE 159

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  REFERRING OR RELATING TO any such agreements and contracts could be

2  relevant to the claims and defenses in this action, let alone established that the

3  relevancy of these documents and communications outweighs the individual's

4  fundamental right of privacy. Larian further objects to this request on the ground that

5  the terms COMMUNICATIONS, REFERRING OR RELATING TO render the

6  request vague, ambiguous, overly broad and unduly burdensome. Larian further

7  objects to the request to the extent that it seeks documents that by reason of public

8  filing, public distribution or otherwise are already in Mattel's possession or are

9  readily accessible to Mattel. Larian further objects to this request to the extent that it

10 seeks documents not in Larian's possession, custody or control. Larian also objects to

11 this request on the grounds that it seeks confidential, proprietary or commercially

12 sensitive information, the disclosure of which would be inimical to the personal and

13 business interests of Larian. Larian also objects to this request to the extent it calls

14 for the disclosure of attorney-client privileged information or information protected

15 from disclosure by the work-product doctrine, joint defense or common interest

16 privilege, or other privilege.

17        Larian further objects to this request as cumulative and duplicative to the extent

18 that it seeks documents previously requested by Mattel or produced by Larian in

19 response to Mattel's document requests.

20 **REQUEST FOR PRODUCTION NO. 3**

21        To the extent not produced in response to any other Request, DOCUMENTS

22 sufficient to IDENTIFY each other PERSON from whom YOU sought, solicited,

23 requested, obtained, received or were denied credit, financing or funding on or after

24 January 1, 2007 and sufficient to show the amount(s) and terms involved.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

26        Larian incorporates by reference his General Objections as though fully set

27 forth herein. Larian further objects on the grounds that this request calls for the

28 production of documents that are not limited to the subject matter of this action and

EXHIBIT 4

PAGE 100

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
310-553-3000

1   not relevant to any claim or defense in the pending litigation or reasonably calculated

2   to lead to the discovery of admissible evidence.  The request appears designed to

3   circumvent the Court's January 7 Order appointing a forensic auditor and requiring

4   Mattel to pay the auditor's costs in the first instance.  <u>See</u> January 7, 2009 Larson

5   Order Appointing Forensic Auditor.

6        Larian further objects to this request on the grounds that it is compound.

7   Larian further objects to the request to the extent it violates the privacy rights of third

8   parties to their private, confidential, proprietary or trade secret information.

9        Larian also objects to this request on the grounds that it is overbroad, including,

10  without limitation, that it would require production of any documents sufficient to

11  identify any person or entity from whom Larian sought, solicited, requested, obtained,

12  received or were denied credit, financing or funding, without regard to whether such

13  documents are at all relevant to any claim or defense at issue herein.  Larian further

14  objects to this request on the grounds that it is vague and ambiguous in its use of the

15  terms "sought," "solicited," "requested," "obtained," "received," "denied," "credit,"

16  "financing," and "funding."  Mattel has not demonstrated how DOCUMENTS

17  sufficient to IDENTIFY <i>each</i> other PERSON from whom Larian sought, solicited,

18  requested, obtained, received or were denied credit, financing or funding on or after

19  January 1, 2007 and sufficient to show the amount(s) and terms involved could be

20  relevant to the claims and defenses in this action, let alone established that the

21  relevancy of these documents outweighs the individual's fundamental right of

22  privacy.  Larian further objects to this request on the ground that the terms

23  DOCUMENTS, IDENTIFY, and PERSON render the request vague, ambiguous,

24  overly broad and unduly burdensome.  Larian further objects to the request to the

25  extent that it seeks documents that by reason of public filing, public distribution or

26  otherwise are already in Mattel's possession or are readily accessible to Mattel.

27  Larian further objects to this request to the extent that it seeks documents not in

28  Larian's possession, custody or control.  Larian also objects to this request on the

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 4

PAGE 161

1  grounds that it seeks confidential, proprietary or commercially sensitive information,

2  the disclosure of which would be inimical to the personal and business interests of

3  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

4  attorney-client privileged information or information protected from disclosure by the

5  work-product doctrine, joint defense or common interest privilege, or other privilege.

6      Larian further objects to this request as cumulative and duplicative to the extent

7  that it seeks documents previously requested by Mattel or produced by Larian in

8  response to Mattel's document requests.

9  **REQUEST FOR PRODUCTION NO. 4**

10      All DOCUMENTS REFERRING OR RELATING TO YOUR solvency or

11  insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or

12  after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this

13  action).

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

15      Larian incorporates by reference his General Objections as though fully set

16  forth herein.  Larian further objects to this request on the grounds that the Discovery

17  Master already has ruled on similarly phrased requests, including in an Order dated

18  May 7, 2008, concluding that requests using phrases like "all documents," and

19  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

20  irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the

21  grounds that this request calls for the production of documents that are not limited to

22  the subject matter of this action and not relevant to any claim or defense in the

23  pending litigation or reasonably calculated to lead to the discovery of admissible

24  evidence.  The request appears designed to circumvent the Court's January 7 Order

25  appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the

26  first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.

27

28

666200

EXHIBIT   4
PAGE    142

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  Larian further objects to this request on the grounds that it is compound.

2  Larian further objects to the request to the extent it violates the privacy rights of third

3  parties to their private, confidential, proprietary or trade secret information.

4  Larian also objects to this request on the grounds that it is overbroad, including,

5  without limitation, in that it would extend to any document referring or relating in any

6  way to a wide variety of matter that could potentially be construed as "relating" to

7  Larian's solvency or insolvency, without regard to whether such documents are at all

8  relevant to any claim or defense at issue herein.  Larian further objects to this request

9  on the grounds that it is vague and ambiguous in its use of the terms "solvency" and

10 "insolvency."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

11 RELATING TO Larian's solvency or insolvency, or whether Larian's liabilities

12 exceed his assets could be relevant to the claims and defenses in this action, let alone

13 established that the relevancy of these documents outweighs fundamental privacy

14 rights.  Larian further objects to this request on the ground that the terms

15 DOCUMENTS and REFERRING OR RELATING TO render the request vague,

16 ambiguous, overly broad and unduly burdensome.  Larian further objects to the

17 request to the extent that it seeks documents that by reason of public filing, public

18 distribution or otherwise are already in Mattel's possession or are readily accessible to

19 Mattel.  Larian also objects to this request on the grounds that it seeks confidential,

20 proprietary or commercially sensitive information, the disclosure of which would be

21 inimical to the personal and business interests of Larian.  Larian also objects to this

22 request to the extent it calls for the disclosure of attorney-client privileged

23 information or information protected from disclosure by the work-product doctrine,

24 joint defense or common interest privilege, or other privilege.

25 Larian further objects to this request as cumulative and duplicative to the extent

26 that it seeks documents previously requested by Mattel or produced by Larian in

27 response to Mattel's document requests.

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ___4___
PAGE ___143___

11

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC (PHASE 2)

**REQUEST FOR PRODUCTION NO. 5**

2      All DOCUMENTS REFERRING OR RELATING TO any representation or

3  statement made by YOU about YOUR solvency or insolvency, or whether YOUR

4  liabilities exceed YOUR assets, for any period on or after January 1, 2007 (excluding

5  pleadings served by YOU on MATTEL in this action).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

7      Larian incorporates by reference his General Objections as though fully set

8  forth herein.  Larian further objects to this request on the grounds that the Discovery

9  Master already has ruled on similarly phrased requests, including in an Order dated

10  May 7, 2008, concluding that requests using phrases like "all documents," and

11  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

12  irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the

13  grounds that this request calls for the production of documents that are not limited to

14  the subject matter of this action and not relevant to any claim or defense in the

15  pending litigation or reasonably calculated to lead to the discovery of admissible

16  evidence.

17      Larian further objects to this request on the grounds that it is compound.

18  Larian further objects to the request to the extent it violates the privacy rights of third

19  parties to their private, confidential, proprietary or trade secret information.

20      Larian also objects to this request on the grounds that it is overbroad, including,

21  without limitation, that it would extend to *any* statement or representation made by

22  Larian referring or relating in any way to a wide variety of matter that could

23  potentially be construed as "relating" to this Larian's solvency, insolvency, liabilities,

24  or assets without regard to whether such statements or representations are at all

25  relevant to any claim or defense at issue herein.  Larian further objects to this request

26  on the grounds that it is vague and ambiguous in its use of the terms "representation,"

27  "statement," "solvency," and "insolvency."   Mattel has not demonstrated how *all*

28  DOCUMENTS REFERRING OR RELATING TO any representation or statement

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

1   made by Larian about Larian's solvency or insolvency, or whether Larian's liabilities

2   exceed his assets could be relevant to the claims and defenses in this action, let alone

3   established that the relevancy of these documents outweighs fundamental privacy

4   rights.  Larian further objects to this request on the ground that the terms

5   DOCUMENTS and REFERRING OR RELATING TO render the request vague,

6   ambiguous, overly broad and unduly burdensome.  Larian further objects to the

7   request to the extent that it seeks documents that by reason of public filing, public

8   distribution or otherwise are already in Mattel's possession or are readily accessible to

9   Mattel.  Larian further objects to this request to the extent that it seeks documents not

10  in Larian's possession, custody or control.  Larian also objects to this request on the

11  grounds that it seeks confidential, proprietary or commercially sensitive information,

12  the disclosure of which would be inimical to the personal and business interests of

13  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

14  attorney-client privileged information or information protected from disclosure by the

15  work-product doctrine, joint defense or common interest privilege, or other privilege.

16      Larian further objects to this request as cumulative and duplicative to the extent

17  that it seeks documents previously requested by Mattel or produced by Larian in

18  response to Mattel's document requests.

19  **REQUEST FOR PRODUCTION NO. 6**

20      All DOCUMENTS REFERRING OR RELATING TO YOUR net worth for

21  any period on or after January 1, 2007 (excluding pleadings served by YOU on

22  MATTEL in this action).

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

24      Larian incorporates by reference his General Objections as though fully set

25  forth herein.  Larian further objects to this request on the grounds that the Discovery

26  Master already has ruled on similarly phrased requests, including in an Order dated

27  May 7, 2008, concluding that requests using phrases like "all documents," and

28  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

666200

EXHIBIT  4
PAGE  105

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC. [PHASE 2]

1   irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the

2   grounds that this request calls for the production of documents that are not limited to

3   the subject matter of this action and not relevant to any claim or defense in the

4   pending litigation or reasonably calculated to lead to the discovery of admissible

5   evidence.  The request appears designed to circumvent the Court's January 7 Order

6   appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the

7   first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.

8        Larian further objects to this request on the grounds that it is compound.

9   Larian further objects to the request to the extent it violates the privacy rights of third

10   parties to their private, confidential, proprietary or trade secret information.

11        Larian also objects to this request on the grounds that it is overbroad, including,

12   without limitation, in that it would extend to any document referring or relating in any

13   way to a wide variety of matter that could potentially be construed as "relating" to

14   Larian's net worth, without regard to whether such documents are at all relevant to

15   any claim or defense at issue herein.  Larian further objects to this request on the

16   grounds that it is vague and ambiguous in its use of the term "net worth."  Mattel has

17   not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO Larian's

18   net worth could be relevant to the claims and defenses in this action, let alone

19   established that the relevancy of these documents outweighs fundamental privacy

20   rights.  Larian further objects to this request on the ground that the terms

21   DOCUMENTS and REFERRING OR RELATING TO render the request vague,

22   ambiguous, overly broad and unduly burdensome.  Larian further objects to the

23   request to the extent that it seeks documents that by reason of public filing, public

24   distribution or otherwise are already in Mattel's possession or are readily accessible to

25   Mattel.  Larian also objects to this request on the grounds that it seeks confidential,

26   proprietary or commercially sensitive information, the disclosure of which would be

27   inimical to the personal and business interests of Larian.  Larian also objects to this

28   request to the extent it calls for the disclosure of attorney-client privileged

666200

EXHIBIT 4
PAGE 106

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC (PHASE 2)

1    information or information protected from disclosure by the work-product doctrine,

2    joint defense or common interest privilege, or other privilege.

3        Larian further objects to this request as cumulative and duplicative to the extent

4    that it seeks documents previously requested by Mattel or produced by Larian in

5    response to Mattel's document requests.

6    **REQUEST FOR PRODUCTION NO. 7**

7        All DOCUMENTS REFERRING OR RELATING TO ISAAC LARIAN's net

8    worth for any period on or after January 1, 2007 (excluding pleadings served by YOU

9    on MATTEL in this action).

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

11       Larian incorporates by reference his General Objections as though fully set

12   forth herein.  Larian further objects in that this is the same question as Request for

13   Production No. 6.  Larian further objects to this request on the grounds that the

14   Discovery Master already has ruled on similarly phrased requests, including in an

15   Order dated May 7, 2008, concluding that requests using phrases like "all

16   documents," and "referring to or relating to" are overly broad, vague, unduly

17   burdensome, and seek irrelevant information.  See May 7, 2008 Infante Order.  Larian

18   further objects on the grounds that this request calls for the production of documents

19   that are not limited to the subject matter of this action and not relevant to any claim or

20   defense in the pending litigation or reasonably calculated to lead to the discovery of

21   admissible evidence.  The request appears designed to circumvent the Court's January

22   7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs

23   in the first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.

24       Larian further objects to this request on the grounds that it is compound.

25   Larian further objects to the request to the extent it violates the privacy rights of third

26   parties to their private, confidential, proprietary or trade secret information.

27       Larian also objects to this request on the grounds that it is overbroad, including,

28   without limitation, in that it would extend to any document referring or relating in any

666200

EXHIBIT  4

PAGE  117

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC (PHASE 2)

1  way to a wide variety of matter that could potentially be construed as "relating" to

2  Isaac Larian's net worth, without regard to whether such documents are at all relevant

3  to any claim or defense at issue herein. Larian further objects to this request on the

4  grounds that it is vague and ambiguous in its use of the term "net worth." Mattel has

5  not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO Isaac

6  Larian's net worth could be relevant to the claims and defenses in this action, let

7  alone established that the relevancy of these documents outweighs the individual's

8  fundamental right of privacy. Larian further objects to this request on the ground that

9  the terms DOCUMENTS and REFERRING OR RELATING TO render the request

10  vague, ambiguous, overly broad and unduly burdensome. Larian further objects to

11  the request to the extent that it seeks documents that by reason of public filing, public

12  distribution or otherwise are already in Mattel's possession or are readily accessible to

13  Mattel. Larian also objects to this request on the grounds that it seeks confidential,

14  proprietary or commercially sensitive information, the disclosure of which would be

15  inimical to the personal and business interests of Larian. Larian also objects to this

16  request to the extent it calls for the disclosure of attorney-client privileged

17  information or information protected from disclosure by the work-product doctrine,

18  joint defense or common interest privilege, or other privilege.

19  Larian further objects to this request as cumulative and duplicative to the extent

20  that it seeks documents previously requested by Mattel or produced by Larian in

21  response to Mattel's document requests.

22  **REQUEST FOR PRODUCTION NO. 8**

23  All DOCUMENTS REFERRING OR RELATING TO orders, including

24  without limitation cancelled or held orders, for BRATZ products for Spring 2009, and

25  all COMMUNICATIONS with retailers and other prospective purchasers

26  REFERRING OR RELATING TO any such orders.

27

28

666200

EXHIBIT 4
PAGE 108

16

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents or communications with retailers and other prospective purchasers referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to orders for BRATZ products for Spring 2009, without regard to whether such documents or communications are at all relevant to any claim or defense at issue herein. Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "orders," "cancelled or held orders," and "retailers and other prospective purchasers." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO orders, including without limitation cancelled or held orders, for BRATZ products for Spring 2009, and all COMMUNICATIONS with retailers and other prospective purchasers REFERRING OR RELATING TO any such orders could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the fundamental privacy rights. Larian

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

17

EXHIBIT 4

PAGE 169

1 further objects to this request on the ground that the terms DOCUMENTS,

2 REFERRING OR RELATING TO, and COMMUNICATIONS render the request

3 vague, ambiguous, overly broad and unduly burdensome.  Larian further objects to

4 the request to the extent that it seeks documents that by reason of public filing, public

5 distribution or otherwise are already in Mattel's possession or are readily accessible to

6 Mattel.  Larian further objects to this request to the extent that it seeks documents not

7 in Larian's possession, custody or control.  Larian also objects to this request on the

8 grounds that it seeks confidential, proprietary or commercially sensitive information,

9 the disclosure of which would be inimical to the personal and business interests of

10 Larian.  Larian also objects to this request to the extent it calls for the disclosure of

11 attorney-client privileged information or information protected from disclosure by the

12 work-product doctrine, joint defense or common interest privilege, or other privilege.

13     Larian further objects to this request as cumulative and duplicative to the extent

14 that it seeks documents previously requested by Mattel or produced by Larian in

15 response to Mattel's document requests.

16 **REQUEST FOR PRODUCTION NO. 9**

17     All DOCUMENTS REFERRING OR RELATING TO orders, including

18 without limitation cancelled or held orders, for BRATZ products for Fall 2009, and all

19 COMMUNICATIONS with retailers and other prospective purchasers REFERRING

20 OR RELATING TO any such orders.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

22     Larian incorporates by reference his General Objections as though fully set

23 forth herein.  Larian further objects to this request on the grounds that the Discovery

24 Master already has ruled on similarly phrased requests, including in an Order dated

25 May 7, 2008, concluding that requests using phrases like "all documents," and

26 "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

27 irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the

28 grounds that this request calls for the production of documents and communications

666200

EXHIBIT 4
PAGE 170

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC. (PLEASE T...

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1 that are not limited to the subject matter of this action and not relevant to any claim or

2 defense in the pending litigation or reasonably calculated to lead to the discovery of

3 admissible evidence.

4      Larian further objects to this request on the grounds that it is compound.

5 Larian further objects to the request to the extent it violates the privacy rights of third

6 parties to their private, confidential, proprietary or trade secret information.

7      Larian also objects to this request on the grounds that it is overbroad, including,

8 without limitation, that it would extend to any documents or communications with

9 retailers and other prospective purchasers referring or relating in any way to a wide

10 variety of matter that could potentially be construed as "relating" to orders for

11 BRATZ products for Fall 2009, without regard to whether such communications are

12 at all relevant to any claim or defense at issue herein.  Larian further objects to this

13 request on the grounds that it is vague and ambiguous in its use of the terms "orders,"

14 "cancelled or held orders," and "retailers and other prospective purchasers."  Mattel

15 has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO

16 orders, including without limitation cancelled or held orders, for BRATZ products for

17 Fall 2009, and all COMMUNICATIONS with retailers and other prospective

18 purchasers REFERRING OR RELATING TO any such orders could be relevant to

19 the claims and defenses in this action, let alone established that the relevancy of these

20 documents outweighs fundamental privacy rights.  Larian further objects to this

21 request on the ground that the terms DOCUMENTS, REFERRING OR RELATING

22 TO, and COMMUNICATIONS render the request vague, ambiguous, overly broad

23 and unduly burdensome.  Larian further objects to the request to the extent that it

24 seeks documents that by reason of public filing, public distribution or otherwise are

25 already in Mattel's possession or are readily accessible to Mattel.  Larian further

26 objects to this request to the extent that it seeks documents not in Larian's possession,

27 custody or control.  Larian also objects to this request on the grounds that it seeks

28 confidential, proprietary or commercially sensitive information, the disclosure of

666200

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC. (PHASE 2)

EXHIBIT  4
PAGE  171

1  which would be inimical to the personal and business interests of Larian.  Larian also

2  objects to this request to the extent it calls for the disclosure of attorney-client

3  privileged information or information protected from disclosure by the work-product

4  doctrine, joint defense or common interest privilege, or other privilege.

5      Larian further objects to this request as being overly broad and unduly

6  burdensome on the grounds that it is not limited in time.  Larian further objects to this

7  request as cumulative and duplicative to the extent that it seeks documents previously

8  requested by Mattel or produced by Larian in response to Mattel's document requests.

9  **REQUEST FOR PRODUCTION NO. 10**

10      All DOCUMENTS REFERRING OR RELATING TO the transfer of any

11  ITEM OF VALUE by MGA to, or for the benefit of, ISAAC LARIAN, any member

12  of ISAAC LARIAN's family or any entity controlled by ISAAC LARIAN or any

13  member of ISAAC LARIAN's family, since January 1, 2007.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

15      Larian incorporates by reference his General Objections as though fully set

16  forth herein.  Larian further objects to this request on the grounds that the Discovery

17  Master already has ruled on similarly phrased requests, including in an Order dated

18  May 7, 2008, concluding that requests using phrases like "all documents," and

19  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

20  irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the

21  grounds that this request calls for the production of documents that are not limited to

22  the subject matter of this action and not relevant to any claim or defense in the

23  pending litigation or reasonably calculated to lead to the discovery of admissible

24  evidence.  The request appears designed to circumvent the Court's January 7 Order

25  appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the

26  first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.

27

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT __4__

PAGE __172__

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1   Larian further objects to this request on the grounds that it is compound.

2   Larian further objects to the request to the extent it violates the privacy rights of third

3   parties to their private, confidential, proprietary or trade secret information.

4   Larian also objects to this request on the grounds that it is overbroad, including,

5   without limitation, that it would extend to any documents referring or relating in any

6   way to a wide variety of matter that could potentially be construed as "relating" to the

7   transfer of any item of value between MGA and Isaac Larian or any member of Isaac

8   Larian's family, or any entity controlled by Isaac Larian or Isaac Larian's family,

9   without regard to whether such documents are at all relevant to any claim or defense

10   at issue herein.  Mattel has not demonstrated how *all* DOCUMENTS REFERRING

11   OR RELATING TO the transfer of any ITEM OF VALUE by MGA to, or for the

12   benefit of, ISAAC LARIAN, any member of ISAAC LARIAN's family or any entity

13   controlled by ISAAC LARIAN or any member of ISAAC LARIAN's family could be

14   relevant to the claims and defenses in this action, let alone established that the

15   relevancy of these documents outweighs the individual's fundamental right of

16   privacy.  Larian further objects to this request on the ground that the terms

17   DOCUMENTS, REFERRING OR RELATING TO, and ITEM OF VALUE render the

18   request vague, ambiguous, overly broad and unduly burdensome.  Larian further

19   objects to the request to the extent that it seeks documents that by reason of public

20   filing, public distribution or otherwise are already in Mattel's possession or are

21   readily accessible to Mattel.  Larian further objects to this request to the extent that it

22   seeks documents not in Larian's possession, custody or control.  Larian also objects to

23   this request on the grounds that it seeks confidential, proprietary or commercially

24   sensitive information, the disclosure of which would be inimical to the personal and

25   business interests of Larian.  Larian also objects to this request to the extent it calls

26   for the disclosure of attorney-client privileged information or information protected

27   from disclosure by the work-product doctrine, joint defense or common interest

28   privilege, or other privilege.

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ___4___
PAGE ___173___

1  Larian further objects to this request as cumulative and duplicative to the extent

2  that it seeks documents previously requested by Mattel or produced by Larian in

3  response to Mattel's document requests.

4  **REQUEST FOR PRODUCTION NO. 11**

5  All COMMUNICATIONS between YOU and any third-party, including

6  without limitation any retailer or distributor but excluding MATTEL and any Court,

7  REFERRING OR RELATING TO YOUR ex parte application for stay pending

8  appeal, filed December 11, 2008, including without limitation any declaration,

9  whether final, draft, proposed or requested, in connection therewith and copies of all

10 draft declarations in connection therewith.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

12 Larian incorporates by reference his General Objections as though fully set

13 forth herein.  Larian further objects on the grounds that this request calls for the

14 production of documents that are not limited to the subject matter of this action and

15 not relevant to any claim or defense in the pending litigation or reasonably calculated

16 to lead to the discovery of admissible evidence.

17 Larian further objects to the request to the extent it violates the privacy rights

18 of third parties to their private, confidential, proprietary or trade secret information.

19 Larian also objects to this request on the grounds that it is overbroad, including,

20 without limitation, that it would extend to any communication between Larian and

21 any third-party referring or relating in any way to a wide variety of matter that could

22 potentially be construed as "relating" to Larian's ex parte application for stay pending

23 appeal, without regard to whether such communications are at all relevant to any

24 claim or defense at issue herein.  Larian also objects to this request on the grounds

25 that it is overbroad, unduly burdensome and oppressive in that it is not in any way

26 limited as to the persons involved in the communications.  Larian further objects to

27 this request on the grounds that it is vague and ambiguous in its use of the terms

28 "third-party," "retailer or distributor," and "ex parte application for stay pending

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT  A

PAGE  174

1    appeal." Mattel has not demonstrated how *all* COMMUNICATIONS between Larian

2    and any third-party REFERRING OR RELATING TO Larian's ex parte application

3    for stay pending appeal could be relevant to the claims and defenses in this action, let

4    alone established that the relevancy of these documents outweighs the individual's

5    fundamental right of privacy. Larian further objects to this request on the ground that

6    the terms COMMUNICATIONS and REFERRING OR RELATING TO render the

7    request vague, ambiguous, overly broad and unduly burdensome. Larian further

8    objects to the request to the extent that it seeks documents that by reason of public

9    filing, public distribution or otherwise are already in Mattel's possession or are

10   readily accessible to Mattel. Larian further objects to this request to the extent that it

11   seeks documents not in Larian's possession, custody or control. Larian also objects to

12   this request on the grounds that it seeks confidential, proprietary or commercially

13   sensitive information, the disclosure of which would be inimical to the personal and

14   business interests of Larian. Larian also objects to this request to the extent it calls

15   for the disclosure of attorney-client privileged information or information protected

16   from disclosure by the work-product doctrine, joint defense or common interest

17   privilege, or other privilege.

18          Larian further objects to this request as cumulative and duplicative to the extent

19   that it seeks documents previously requested by Mattel or produced by Larian in

20   response to Mattel's document requests.

21   **REQUEST FOR PRODUCTION NO. 12**

22          All DOCUMENTS REFERRING OR RELATING TO capital contributions to

23   MGA since January 1, 2007.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

25          Larian incorporates by reference his General Objections as though fully set

26   forth herein. Larian further objects to this request on the grounds that the Discovery

27   Master already has ruled on similarly phrased requests, including in an Order dated

28   May 7, 2008, concluding that requests using phrases like "all documents," and

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT   4
PAGE   176

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

2  irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the

3  grounds that this request calls for the production of documents that are not limited to

4  the subject matter of this action and not relevant to any claim or defense in the

5  pending litigation or reasonably calculated to lead to the discovery of admissible

6  evidence. The request appears designed to circumvent the Court's January 7 Order

7  appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the

8  first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

9       Larian further objects to this request on the grounds that it is compound.

10  Larian further objects to the request to the extent it violates the privacy rights of third

11  parties to their private, confidential, proprietary or trade secret information.

12       Larian also objects to this request on the grounds that it is overbroad, including,

13  without limitation, that it would extend to any documents referring or relating in any

14  way to a wide variety of matter that could potentially be construed as "relating" to

15  capital contributions to MGA, without regard for whether such documents are at all

16  relevant to any claim or defense at issue herein. Larian further objects to this request

17  on the grounds that it is vague and ambiguous in its use of the term "capital

18  contributions." Mattel has not demonstrated how *all* DOCUMENTS REFERRING

19  OR RELATING TO capital contributions to MGA could be relevant to the claims and

20  defenses in this action, let alone established that the relevancy of these documents

21  outweighs the individual's fundamental right of privacy. Larian further objects to this

22  request on the ground that the terms DOCUMENTS and REFERRING OR

23  RELATING TO render the request vague, ambiguous, overly broad and unduly

24  burdensome. Larian further objects to the request to the extent that it seeks

25  documents that by reason of public filing, public distribution or otherwise are already

26  in Mattel's possession or are readily accessible to Mattel. Larian further objects to

27  this request to the extent that it seeks documents not in Larian's possession, custody

28  or control. Larian also objects to this request on the grounds that it seeks confidential,

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

EXHIBIT ___4___
PAGE ___170___

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC (PHASE 2)

1 proprietary or commercially sensitive information, the disclosure of which would be

2 inimical to the personal and business interests of Larian. Larian also objects to this

3 request to the extent it calls for the disclosure of attorney-client privileged

4 information or information protected from disclosure by the work-product doctrine,

5 joint defense or common interest privilege, or other privilege.

6 Larian further objects to this request as cumulative and duplicative to the extent

7 that it seeks documents previously requested by Mattel or produced by Larian in

8 response to Mattel's document requests.

9 **REQUEST FOR PRODUCTION NO. 13**

10 All DOCUMENTS showing MGA's projected revenue, costs, profits or

11 financial performance for any period since January 1, 2007.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

13 Larian incorporates by reference his General Objections as though fully set

14 forth herein. Larian further objects on the grounds that this request calls for the

15 production of documents that are not limited to the subject matter of this action and

16 not relevant to any claim or defense in the pending litigation or reasonably calculated

17 to lead to the discovery of admissible evidence. The request appears designed to

18 circumvent the Court's January 7 Order appointing a forensic auditor and requiring

19 Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson

20 Order Appointing Forensic Auditor.

21 Larian further objects to this request on the grounds that it is compound.

22 Larian further objects to the request to the extent it violates the privacy rights of third

23 parties to their private, confidential, proprietary or trade secret information.

24 Larian also objects to this request on the grounds that it is overbroad, including,

25 without limitation, that it would extend to any documents referring or relating in any

26 way to a wide variety of matter that could potentially be construed as "showing"

27 MGA's projected revenue, costs, profits or financial performance, without regard for

28 whether such documents are at all relevant to any claim or defense at issue herein.

666200

1   Larian further objects to this request on the grounds that it is vague and ambiguous in

2   its use of the terms "projected revenue," "costs," "profits," and "financial

3   performance." Mattel has not demonstrated how *all* DOCUMENTS showing MGA's

4   projected revenue, costs, profits or financial performance could be relevant to the

5   claims and defenses in this action, let alone established that the relevancy of these

6   documents outweighs fundamental privacy rights. Larian further objects to this

7   request on the ground that the term DOCUMENTS renders the request vague,

8   ambiguous, overly broad and unduly burdensome. Larian further objects to the

9   request to the extent that it seeks documents that by reason of public filing, public

10  distribution or otherwise are already in Mattel's possession or are readily accessible to

11  Mattel. Larian further objects to this request to the extent that it seeks documents not

12  in Larian's possession, custody or control. Larian also objects to this request on the

13  grounds that it seeks confidential, proprietary or commercially sensitive information,

14  the disclosure of which would be inimical to the personal and business interests of

15  Larian. Larian also objects to this request to the extent it calls for the disclosure of

16  attorney-client privileged information or information protected from disclosure by the

17  work-product doctrine, joint defense or common interest privilege, or other privilege.

18       Larian further objects to this request as cumulative and duplicative to the extent

19  that it seeks documents previously requested by Mattel or produced by Larian in

20  response to Mattel's document requests.

21  **REQUEST FOR PRODUCTION NO. 14**

22       All DOCUMENTS REFERRING OR RELATING TO any transfer of any

23  ITEM OF VALUE or other transaction between (i) MGA, and (ii) ISAAC LARIAN,

24  any ISAAC LARIAN family member, any PERSON controlled, directly or indirectly

25  by ISAAC LARIAN, or any PERSON controlled, directly or indirectly, by any

26  ISAAC LARIAN family member since January. 1, 2007.

27

28

666200

EXHIBIT 4
PAGE 170

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any document referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to this any transfer of any item of value between MGA, Isaac Larian, any Isaac Larian family member, and any person controlled directly or indirectly by Isaac Larian or Isaac Larian's family, without regard to whether such documents are at all relevant to any claim or defense at issue herein. Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "transfer" and "controlled, directly or indirectly." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO any transfer of any ITEM OF VALUE or other transaction between (i) MGA, and (ii) ISAAC LARIAN, any ISAAC LARIAN family member, any PERSON controlled, directly or indirectly by ISAAC

666200

EXHIBIT 4
PAGE 179

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1 LARIAN, or any PERSON controlled, directly or indirectly, by any ISAAC LARIAN

2 family member could be relevant to the claims and defenses in this action, let alone

3 established that the relevancy of these documents outweighs the individual's

4 fundamental right of privacy. Larian further objects to this request on the ground that

5 the terms DOCUMENTS, REFERRING OR RELATING TO, ITEM OF VALUE, and

6 PERSON render the request vague, ambiguous, overly broad and unduly burdensome.

7 Larian further objects to the request to the extent that it seeks documents that by

8 reason of public filing, public distribution or otherwise are already in Mattel's

9 possession or are readily accessible to Mattel. Larian further objects to this request to

10 the extent that it seeks documents not in Larian's possession, custody or control.

11 Larian also objects to this request on the grounds that it seeks confidential, proprietary

12 or commercially sensitive information, the disclosure of which would be inimical to

13 the personal and business interests of Larian. Larian also objects to this request to the

14 extent it calls for the disclosure of attorney-client privileged information or

15 information protected from disclosure by the work-product doctrine, joint defense or

16 common interest privilege, or other privilege.

17      Larian further objects to this request as cumulative and duplicative to the extent

18 that it seeks documents previously requested by Mattel or produced by Larian in

19 response to Mattel's document requests.

20 **REQUEST FOR PRODUCTION NO. 15**

21      All W-2s REFERRING OR RELATING TO any ISAAC LARIAN family

22 member since January 1, 2007.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

24      Larian incorporates by reference his General Objections as though fully set

25 forth herein. Larian further objects on the grounds that this request calls for the

26 production of documents that are not limited to the subject matter of this action and

27 not relevant to any claim or defense in the pending litigation or reasonably calculated

28 to lead to the discovery of admissible evidence. The request appears designed to

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

EXHIBIT 4

PAGE 180

1  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

2  Mattel to pay the auditor's costs in the first instance. <u>See</u> January 7, 2009 Larson

3  Order Appointing Forensic Auditor.

4      Larian further objects to this request on the grounds that it is compound.

5  Larian further objects to the request to the extent it violates the privacy rights of third

6  parties to their private, confidential, proprietary or trade secret information.

7      Larian further objects to this request on the grounds that it is vague and

8  ambiguous in its use of the terms "W-2" and "family member."  Mattel has not

9  demonstrated how *all* W-2s REFERRING OR RELATING TO any ISAAC LARIAN

10 family member could be relevant to the claims and defenses in this action, let alone

11 established that the relevancy of these documents outweighs the individual's

12 fundamental right of privacy.  Larian further objects to this request on the ground that

13 the term REFERRING OR RELATING TO renders the request vague, ambiguous,

14 overly broad and unduly burdensome.  Larian further objects to the request to the

15 extent that it seeks documents that by reason of public filing, public distribution or

16 otherwise are already in Mattel's possession or are readily accessible to Mattel.

17 Larian further objects to this request to the extent that it seeks documents not in

18 Larian's possession, custody or control.  Larian also objects to this request on the

19 grounds that it seeks confidential, proprietary or commercially sensitive information,

20 the disclosure of which would be inimical to the personal and business interests of

21 Larian.  Larian also objects to this request to the extent it calls for the disclosure of

22 attorney-client privileged information or information protected from disclosure by the

23 work-product doctrine, joint defense or common interest privilege, or other privilege.

24      Larian further objects to this request as cumulative and duplicative to the extent

25 that it seeks documents previously requested by Mattel or produced by Larian in

26 response to Mattel's document requests.

27

28

666200

EXHIBIT  4

PAGE  181

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**REQUEST FOR PRODUCTION NO. 16**

All DOCUMENTS REFERRING OR RELATING TO any sale, distribution or transfer by MGA of BRATZ products having a retail value greater than $50,000 other than to retailers in the ordinary course of business since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any document referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to any sale, distribution or transfer by MGA of BRATZ products having a retail value greater than $50,000 other than to retailers in the ordinary course of business, without regard to whether such documents are at all relevant to any claim or defense at issue herein. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons

666200

30

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC (PHASE 2)

EXHIBIT 4

PAGE 182

1    involved in the sales, distributions, or transfers.  Larian further objects to this request

2    on the grounds that it is vague and ambiguous in its use of the terms "sale,"

3    "distribution," "transfer," "retail value," "retailers," and "ordinary course of

4    business."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

5    RELATING TO any sale, distribution or transfer by MGA of BRATZ products having

6    a retail value greater than $50,000 other than to retailers in the ordinary course of

7    business could be relevant to the claims and defenses in this action, let alone

8    established that the relevancy of these documents outweighs fundamental privacy

9    rights.  Larian further objects to this request on the ground that the terms

10    DOCUMENTS and REFERRING OR RELATING TO render the request vague,

11    ambiguous, overly broad and unduly burdensome.  Larian further objects to the

12    request to the extent that it seeks documents that by reason of public filing, public

13    distribution or otherwise are already in Mattel's possession or are readily accessible to

14    Mattel.  Larian further objects to this request to the extent that it seeks documents not

15    in Larian's possession, custody or control.  Larian also objects to this request on the

16    grounds that it seeks confidential, proprietary or commercially sensitive information,

17    the disclosure of which would be inimical to the personal and business interests of

18    Larian.  Larian also objects to this request to the extent it calls for the disclosure of

19    attorney-client privileged information or information protected from disclosure by the

20    work-product doctrine, joint defense or common interest privilege, or other privilege.

21        Larian further objects to this request as cumulative and duplicative to the extent

22    that it seeks documents previously requested by Mattel or produced by Larian in

23    response to Mattel's document requests.

24    **REQUEST FOR PRODUCTION NO. 17**

25        All DOCUMENTS REFERRING OR RELATING TO agreements,

26    transactions, sales, shipments or the transfer of any ITEM OF VALUE between MGA

27    and IGWT Group, LLC.

28

666200

EXHIBIT ___4___
PAGE ___103___

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Larian further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Larian objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any document referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to any agreements, transactions, sales, shipments or the transfer of any ITEM OF VALUE between MGA and IGWT Group, LLC, without regard to whether such documents are at all relevant to any claim or defense at issue herein. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons involved in the

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC. (PHASE 2)

EXHIBIT 4
PAGE 184

1   communications or as to time.  Larian further objects to this request on the grounds

2   that it is vague and ambiguous in its use of the terms "agreements," "transactions,"

3   "sales," "shipments," and "transfer."  Mattel has not demonstrated how *all*

4   DOCUMENTS REFERRING OR RELATING TO agreements, transactions, sales,

5   shipments or the transfer of any ITEM OF VALUE between MGA and IGWT Group,

6   LLC could be relevant to the claims and defenses in this action, let alone established

7   that the relevancy of these documents outweighs the individual's fundamental right of

8   privacy.  Larian further objects to this request on the ground that the terms

9   DOCUMENTS, REFERRING OR RELATING TO, and  ITEM OF VALUE render

10  the request vague, ambiguous, overly broad and unduly burdensome.  Larian further

11  objects to the request to the extent that it seeks documents that by reason of public

12  filing, public distribution or otherwise are already in Mattel's possession or are

13  readily accessible to Mattel.  Larian further objects to this request to the extent that it

14  seeks documents not in Larian's possession, custody or control.  Larian also objects to

15  this request on the grounds that it seeks confidential, proprietary or commercially

16  sensitive information, the disclosure of which would be inimical to the personal and

17  business interests of Larian.  Larian also objects to this request to the extent it calls

18  for the disclosure of attorney-client privileged information or information protected

19  from disclosure by the work-product doctrine, joint defense or common interest

20  privilege, or other privilege.

21          Larian further objects to this request as being overly broad and unduly

22  burdensome on the grounds that it is not limited in time.  Larian further objects to this

23  request as cumulative and duplicative to the extent that it seeks documents previously

24  requested by Mattel or produced by Larian in response to Mattel's document requests.

25

26  \ \ \

27  \ \ \

28  \ \ \

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT   4
PAGE   185

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**REQUEST FOR PRODUCTION NO. 18**

All DOCUMENTS REFERRING OR RELATING TO the alleged transfer of product from MGA to IGWT Group, LLC pursuant to the Inventory Purchase Agreement dated July 7, 2008, including without limitation all audits or other valuations performed in connection with such product, any opinions RELATING TO the fairness or unfairness of such transfer, all MGA corporate or director resolutions or approvals of such transfer, all bids received or solicited in connection with the purported sale or offering for sale of such product, the terms of such bids and any other and all COMMUNICATIONS relating to any of the foregoing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents and communications between anyone at MGA and any other person referring or relating in any way to a

666200

EXHIBIT 4
PAGE 180

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  wide variety of matter that could potentially be construed as "relating" to the alleged

2  transfer of product from MGA to IGWT Group, LLC pursuant to the Inventory

3  Purchase Agreement dated July 7, 2008, without regard to whether such documents

4  and communications are at all relevant to any claim or defense at issue herein.  Larian

5  also objects to this request on the grounds that it is overbroad, unduly burdensome

6  and oppressive in that it is not in any way limited as to the persons involved in the

7  communications.  Larian further objects to this request on the grounds that it is vague

8  and ambiguous in its use of the terms "transfer of product," "corporate or director

9  resolutions or approvals," "bids received or solicited," and "purported sale or offering

10 for sale."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

11 RELATING TO the alleged transfer of product from MGA to IGWT Group, LLC

12 pursuant to the Inventory Purchase Agreement dated July 7, 2008, *any* opinions

13 RELATING TO the fairness or unfairness of such transfer, *all* MGA corporate or

14 director resolutions or approvals of such transfer, *all* bids received or solicited in

15 connection with the purported sale or offering for sale of such product, the terms of

16 such bids and *any other and all* COMMUNICATIONS relating to any of the

17 foregoing could be relevant to the claims and defenses in this action, let alone

18 established that the relevancy of these documents outweighs the individual's

19 fundamental right of privacy.  Larian further objects to this request on the ground that

20 the terms DOCUMENTS, REFERRING OR RELATING TO, and

21 COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly

22 burdensome.  Larian further objects to the request to the extent that it seeks

23 documents that by reason of public filing, public distribution or otherwise are already

24 in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

25 this request to the extent that it seeks documents not in Larian's possession, custody

26 or control.  Larian also objects to this request on the grounds that it seeks confidential,

27 proprietary or commercially sensitive information, the disclosure of which would be

28 inimical to the personal and business interests of Larian.  Larian also objects to this

666200

EXHIBIT 4
PAGE 181

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  request to the extent it calls for the disclosure of attorney-client privileged

2  information or information protected from disclosure by the work-product doctrine,

3  joint defense or common interest privilege, or other privilege.

4      Larian further objects to this request as cumulative and duplicative to the extent

5  that it seeks documents previously requested by Mattel or produced by Larian in

6  response to Mattel's document requests.

7  **REQUEST FOR PRODUCTION NO. 19**

8      All DOCUMENTS REFERRING OR RELATING TO the revenue generated

9  by IGWT Group, LLC's sales, licensing, distribution or other transfer of BRATZ

10 products and the transfer or disposition of such revenue.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

12     Larian incorporates by reference his General Objections as though fully set

13 forth herein. Larian further objects to this request on the grounds that the Discovery

14 Master already has ruled on similarly phrased requests, including in an Order dated

15 May 7, 2008, concluding that requests using phrases like "all documents," and

16 "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

17 irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the

18 grounds that this request calls for the production of documents that are not limited to

19 the subject matter of this action and not relevant to any claim or defense in the

20 pending litigation or reasonably calculated to lead to the discovery of admissible

21 evidence. The request appears designed to circumvent the Court's January 7 Order

22 appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the

23 first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

24     Larian further objects to this request on the grounds that it is compound.

25 Larian further objects to the request to the extent it violates the privacy rights of third

26 parties to their private, confidential, proprietary or trade secret information. Larian

27 further objects to this request on the grounds that it is overbroad as to subject matter

28 and time; in particular, Larian objects that the phrases "all documents" and "referring

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC. (PHASE 2)

EXHIBIT    4

PAGE    188

1   or relating to" are unbounded by any date limitation and are not tied in any way to

2   any claim, defense or other issues involved in Phase 2 of this litigation.

3     Larian also objects to this request on the grounds that it is overbroad, including,

4   without limitation, that it would extend to any documents referring or relating in any

5   way to a wide variety of matter that could potentially be construed as "relating" to the

6   revenue generated by IGWT Group, LLC's sales, licensing, distribution or other

7   transfer of BRATZ products and the transfer or disposition of such revenue, without

8   regard to whether such documents are at all relevant to any claim or defense at issue

9   herein.  Larian also objects to this request on the grounds that it is overbroad, unduly

10   burdensome and oppressive in that it is not in any way limited as to the persons

11   involved in the communications or as to time.  Larian further objects to this request

12   on the grounds that it is vague and ambiguous in its use of the terms "revenue

13   generated," "sales," "licensing," "distribution," "other transfer," "BRATZ products,"

14   and "transfer or disposition of such revenue."  Mattel has not demonstrated how *all*

15   DOCUMENTS REFERRING OR RELATING TO the revenue generated by IGWT

16   Group, LLC's sales, licensing, distribution or other transfer of BRATZ products and

17   the transfer or disposition of such revenue could be relevant to the claims and

18   defenses in this action, let alone established that the relevancy of these documents

19   outweighs the individual's fundamental right of privacy.  Larian further objects to this

20   request on the ground that the terms DOCUMENTS and REFERRING OR

21   RELATING TO render the request vague, ambiguous, overly broad and unduly

22   burdensome.  Larian further objects to the request to the extent that it seeks

23   documents that by reason of public filing, public distribution or otherwise are already

24   in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

25   this request to the extent that it seeks documents not in Larian's possession, custody

26   or control.  Larian also objects to this request on the grounds that it seeks confidential,

27   proprietary or commercially sensitive information, the disclosure of which would be

28   inimical to the personal and business interests of Larian.  Larian also objects to this

666200

EXHIBIT 4
PAGE 189

1  request to the extent it calls for the disclosure of attorney-client privileged

2  information or information protected from disclosure by the work-product doctrine,

3  joint defense or common interest privilege, or other privilege.

4       Larian further objects to this request as being overly broad and unduly

5  burdensome on the grounds that it is not limited in time. Larian further objects to this

6  request as cumulative and duplicative to the extent that it seeks documents previously

7  requested by Mattel or produced by Larian in response to Mattel's document requests.

8  **REQUEST FOR PRODUCTION NO. 20**

9       All DOCUMENTS REFERRING OR RELATING TO agreements, contracts,

10 transactions, sales, shipments or transfers of any ITEM OF VALUE between MGA

11 and IGWT 826 Investments, LLC.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

13      Larian incorporates by reference his General Objections as though fully set

14 forth herein. Larian further objects to this request on the grounds that the Discovery

15 Master already has ruled on similarly phrased requests, including in an Order dated

16 May 7, 2008, concluding that requests using phrases like "all documents," and

17 "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

18 irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the

19 grounds that this request calls for the production of documents that are not limited to

20 the subject matter of this action and not relevant to any claim or defense in the

21 pending litigation or reasonably calculated to lead to the discovery of admissible

22 evidence. The request appears designed to circumvent the Court's January 7 Order

23 appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the

24 first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

25      Larian further objects to this request on the grounds that it is compound.

26 Larian further objects to the request to the extent it violates the privacy rights of third

27 parties to their private, confidential, proprietary or trade secret information. Larian

28 further objects to this request on the grounds that it is overbroad as to subject matter

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 4
PAGE 190

1   and time; in particular, Larian objects that the phrases "all documents" and "referring

2   or relating to" are unbounded by any date limitation and are not tied in any way to

3   any claim, defense or other issues involved in Phase 2 of this litigation.

4        Larian also objects to this request on the grounds that it is overbroad, including,

5   without limitation, that it would extend to any documents referring or relating in any

6   way to a wide variety of matter that could potentially be construed as "relating" to

7   agreements, contracts, transactions, sales, shipments or transfers of any ITEM OF

8   VALUE between MGA and IGWT 826 Investments, LLC, without regard to whether

9   such documents are at all relevant to any claim or defense at issue herein.  Larian

10  further objects to this request on the grounds that it is vague and ambiguous in its use

11  of the terms "agreements," "contracts," "transactions," "sales," "shipments," and

12  "transfers."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

13  RELATING TO agreements, contracts, transactions, sales, shipments or transfers of

14  any ITEM OF VALUE between MGA and IGWT 826 Investments, LLC could be

15  relevant to the claims and defenses in this action, let alone established that the

16  relevancy of these documents outweighs fundamental privacy rights.  Larian further

17  objects to this request on the ground that the terms DOCUMENTS, REFERRING OR

18  RELATING TO, and ITEM OF VALUE render the request vague, ambiguous, overly

19  broad and unduly burdensome.  Larian further objects to the request to the extent that

20  it seeks documents that by reason of public filing, public distribution or otherwise are

21  already in Mattel's possession or are readily accessible to Mattel.  Larian further

22  objects to this request to the extent that it seeks documents not in Larian's possession,

23  custody or control.  Larian also objects to this request on the grounds that it seeks

24  confidential, proprietary or commercially sensitive information, the disclosure of

25  which would be inimical to the personal and business interests of Larian.  Larian also

26  objects to this request to the extent it calls for the disclosure of attorney-client

27  privileged information or information protected from disclosure by the work-product

28  doctrine, joint defense or common interest privilege, or other privilege.

666200

EXHIBIT 4
PAGE 191

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1    Larian further objects to this request as being overly broad and unduly

2    burdensome on the grounds that it is not limited in time.  Larian further objects to this

3    request as cumulative and duplicative to the extent that it seeks documents previously

4    requested by Mattel or produced by Larian in response to Mattel's document requests.

5    **REQUEST FOR PRODUCTION NO. 21**

6    All DOCUMENTS REFERRING OR RELATING TO the revenue generated

7    by IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of

8    BRATZ products and the transfer or disposition of such revenue.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

10   Larian incorporates by reference his General Objections as though fully set

11   forth herein.  Larian further objects to this request on the grounds that the Discovery

12   Master already has ruled on similarly phrased requests, including in an Order dated

13   May 7, 2008, concluding that requests using phrases like "all documents," and

14   "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

15   irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the

16   grounds that this request calls for the production of documents that are not limited to

17   the subject matter of this action and not relevant to any claim or defense in the

18   pending litigation or reasonably calculated to lead to the discovery of admissible

19   evidence.  The request appears designed to circumvent the Court's January 7 Order

20   appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the

21   first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.

22   Larian further objects to this request on the grounds that it is compound.

23   Larian further objects to the request to the extent it violates the privacy rights of third

24   parties to their private, confidential, proprietary or trade secret information.  Larian

25   further objects to this request on the grounds that it is overbroad as to subject matter

26   and time; in particular, Larian objects that the phrases "all documents" and "referring

27   or relating to" are unbounded by any date limitation and are not tied in any way to

28   any claim, defense or other issues involved in Phase 2 of this litigation.

666200

EXHIBIT 4

PAGE 192

1    Larian also objects to this request on the grounds that it is overbroad, including,

2   without limitation, that it would extend to any documents referring or relating in any

3   way to a wide variety of matter that could potentially be construed as "relating" to the

4   revenue generated by IGWT 826 Investments, LLC's sales, licensing, distribution or

5   other transfer of BRATZ products and the transfer or disposition of such revenue,

6   without regard to whether such communications are at all relevant to any claim or

7   defense at issue herein.  Larian further objects to this request on the grounds that it is

8   vague and ambiguous in its use of the terms "sales, licensing, distribution or other

9   transfer" and "transfer or disposition of such revenue."  Mattel has not demonstrated

10  how *all* DOCUMENTS REFERRING OR RELATING TO the revenue generated by

11  IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of

12  BRATZ products and the transfer or disposition of such revenue could be relevant to

13  the claims and defenses in this action, let alone established that the relevancy of these

14  documents outweighs fundamental privacy rights.  Larian further objects to this

15  request on the ground that the terms DOCUMENTS and REFERRING OR

16  RELATING TO render the request vague, ambiguous, overly broad and unduly

17  burdensome.  Larian further objects to the request to the extent that it seeks

18  documents that by reason of public filing, public distribution or otherwise are already

19  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

20  this request to the extent that it seeks documents not in Larian's possession, custody

21  or control.  Larian also objects to this request on the grounds that it seeks confidential,

22  proprietary or commercially sensitive information, the disclosure of which would be

23  inimical to the personal and business interests of Larian.  Larian also objects to this

24  request to the extent it calls for the disclosure of attorney-client privileged

25  information or information protected from disclosure by the work-product doctrine,

26  joint defense or common interest privilege, or other privilege.

27    Larian further objects to this request as being overly broad and unduly

28  burdensome on the grounds that it is not limited in time.  Larian further objects to this

666200

41

EXHIBIT 4
PAGE 193

1   request as cumulative and duplicative to the extent that it seeks documents previously

2   requested by Mattel or produced by Larian in response to Mattel's document requests.

3   **REQUEST FOR PRODUCTION NO. 22**

4        All agreements, contracts and written COMMUNICATIONS between MGA

5   and Wachovia since January 1, 2007.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

7        Larian incorporates by reference his General Objections as though fully set

8   forth herein. Larian further objects on the grounds that this request calls for the

9   production of documents that are not limited to the subject matter of this action and

10  not relevant to any claim or defense in the pending litigation or reasonably calculated

11  to lead to the discovery of admissible evidence.

12       Larian further objects to this request on the grounds that it is compound.

13  Larian further objects to the request to the extent it violates the privacy rights of third

14  parties to their private, confidential, proprietary or trade secret information.

15       Larian also objects to this request on the grounds that it is overbroad, including,

16  without limitation, that it would extend to agreements, contracts and written

17  COMMUNICATIONS between anyone at MGA and anyone at Wachovia, without

18  regard to whether such communications are at all relevant to any claim or defense at

19  issue herein. Larian further objects to this request on the grounds that it is vague and

20  ambiguous in its use of the terms "agreements" and "contracts." Mattel has not

21  demonstrated how *all* agreements, contracts and written COMMUNICATIONS

22  between MGA and Wachovia could be relevant to the claims and defenses in this

23  action, let alone established that the relevancy of these documents outweighs

24  fundamental privacy rights. Larian further objects to this request on the ground that

25  the term COMMUNICATIONS renders the request vague, ambiguous, overly broad

26  and unduly burdensome. Larian further objects to the request to the extent that it

27  seeks documents that by reason of public filing, public distribution or otherwise are

28  already in Mattel's possession or are readily accessible to Mattel. Larian further

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

EXHIBIT   4

PAGE   194

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1  objects to this request to the extent that it seeks documents not in Larian's possession,

2  custody or control.  Larian also objects to this request on the grounds that it seeks

3  confidential, proprietary or commercially sensitive information, the disclosure of

4  which would be inimical to the personal and business interests of Larian.  Larian also

5  objects to this request to the extent it calls for the disclosure of attorney-client

6  privileged information or information protected from disclosure by the work-product

7  doctrine, joint defense or common interest privilege, or other privilege.

8  　　　Larian further objects to this request as cumulative and duplicative to the extent

9  that it seeks documents previously requested by Mattel or produced by Larian in

10  response to Mattel's document requests.

11  **REQUEST FOR PRODUCTION NO. 23**

12  　　　All agreements and contracts REFERRING OR RELATING TO any

13  indebtedness owed to Wachovia or any credit extended by Wachovia since January 1,

14  2007, and any amendments or modifications thereto, and any COMMUNICATIONS

15  RELATED TO any such agreements or contracts.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

17  　　　Larian incorporates by reference his General Objections as though fully set

18  forth herein.  Larian further objects on the grounds that this request calls for the

19  production of documents that are not limited to the subject matter of this action and

20  not relevant to any claim or defense in the pending litigation or reasonably calculated

21  to lead to the discovery of admissible evidence.

22  　　　Larian further objects to this request on the grounds that it is compound.

23  Larian further objects to the request to the extent it violates the privacy rights of third

24  parties to their private, confidential, proprietary or trade secret information.

25  　　　Larian also objects to this request on the grounds that it is overbroad, including,

26  without limitation, that it would extend to any documents and communications

27  between anyone at MGA and anyone at Wachovia referring or relating in any way to

28  a wide variety of matter that could potentially be construed as "relating" to any

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT _____

PAGE _____

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT (PHASE 2)

1    indebtedness owed to Wachovia or any credit extended by Wachovia, without regard

2    to whether such documents and communications are at all relevant to any claim or

3    defense at issue herein.  Larian further objects to this request on the grounds that it is

4    vague and ambiguous in its use of the terms "indebtedness" and "credit extended."

5    Mattel has not demonstrated how *all* agreements and contracts REFERRING OR

6    RELATING TO any indebtedness owed to Wachovia or any credit extended by

7    Wachovia since January 1, 2007, and any amendments or modifications thereto, and

8    any COMMUNICATIONS RELATED TO any such agreements or contracts could be

9    relevant to the claims and defenses in this action, let alone established that the

10   relevancy of these documents outweighs the individual's fundamental right of

11   privacy.  Larian further objects to this request on the ground that the terms

12   REFERRING OR RELATING TO and COMMUNICATIONS render the request

13   vague, ambiguous, overly broad and unduly burdensome.  Larian further objects to

14   the request to the extent that it seeks documents that by reason of public filing, public

15   distribution or otherwise are already in Mattel's possession or are readily accessible to

16   Mattel.  Larian further objects to this request to the extent that it seeks documents not

17   in Larian's possession, custody or control.  Larian also objects to this request on the

18   grounds that it seeks confidential, proprietary or commercially sensitive information,

19   the disclosure of which would be inimical to the personal and business interests of

20   Larian.  Larian also objects to this request to the extent it calls for the disclosure of

21   attorney-client privileged information or information protected from disclosure by the

22   work-product doctrine, joint defense or common interest privilege, or other privilege.

23        Larian further objects to this request as cumulative and duplicative to the extent

24   that it seeks documents previously requested by Mattel or produced by Larian in

25   response to Mattel's document requests.

26

27

28

666200

EXHIBIT __4__

PAGE ___190___

**REQUEST FOR PRODUCTION NO. 24**

All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between MGA and OMNI 808 INVESTORS, LLC, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Larian incorporates by reference his General Objections as though fully set forth herein.  Larian further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.

Larian further objects to this request on the grounds that it is compound.  Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.  Larian further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Larian objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents and communication between anyone at MGA and anyone at OMNI 808 INVESTORS, LLC referring or

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

EXHIBIT 4
PAGE 197

1  relating in any way to a wide variety of matter that could potentially be construed as

2  "relating" to agreements, contracts or transactions between MGA and OMNI 808

3  INVESTORS, LLC, and any amendments or modifications thereto, without regard to

4  whether such documents and communications are at all relevant to any claim or

5  defense at issue herein.  Larian further objects to this request on the grounds that it is

6  vague and ambiguous in its use of the terms "agreements, contracts or transactions"

7  and "amendments or modifications."  Mattel has not demonstrated how *all*

8  DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

9  transactions between MGA and OMNI 808 INVESTORS, LLC, and any amendments

10  or modifications thereto, and any COMMUNICATIONS REFERRING OR

11  RELATING TO any such agreements, contracts or transactions could be relevant to

12  the claims and defenses in this action, let alone established that the relevancy of these

13  documents outweighs the individual's fundamental right of privacy.  Larian further

14  objects to this request on the ground that the terms DOCUMENTS, REFERRING OR

15  RELATING TO, and COMMUNICATIONS render the request vague, ambiguous,

16  overly broad and unduly burdensome.  Larian further objects to the request to the

17  extent that it seeks documents that by reason of public filing, public distribution or

18  otherwise are already in Mattel's possession or are readily accessible to Mattel.

19  Larian further objects to this request to the extent that it seeks documents not in

20  Larian's possession, custody or control.  Larian also objects to this request on the

21  grounds that it seeks confidential, proprietary or commercially sensitive information,

22  the disclosure of which would be inimical to the personal and business interests of

23  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

24  attorney-client privileged information or information protected from disclosure by the

25  work-product doctrine, joint defense or common interest privilege, or other privilege.

26      Larian further objects to this request as being overly broad and unduly

27  burdensome on the grounds that it is not limited in time.  Larian further objects to this

28

666200

EXHIBIT __4__

PAGE __198__

1 | request as cumulative and duplicative to the extent that it seeks documents previously

2 | requested by Mattel or produced by Larian in response to Mattel's document requests.

3 | **REQUEST FOR PRODUCTION NO. 25**

4 | All DOCUMENTS containing financial information, including but not limited

5 | to YOUR historical and prospective financial performance, provided by YOU to

6 | OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or LEXINGTON

7 | FINANCIAL, LLC since January 1, 2008.

8 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

9 | Larian incorporates by reference his General Objections as though fully set

10 | forth herein. Larian further objects on the grounds that this request calls for the

11 | production of documents that are not limited to the subject matter of this action and

12 | not relevant to any claim or defense in the pending litigation or reasonably calculated

13 | to lead to the discovery of admissible evidence.

14 | Larian further objects to this request on the grounds that it is compound.

15 | Larian further objects to the request to the extent it violates the privacy rights of third

16 | parties to their private, confidential, proprietary or trade secret information.

17 | Larian also objects to this request on the grounds that it is overbroad, including,

18 | without limitation, that it would extend to *all* documents provided by Larian to any

19 | other person at OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or

20 | LEXINGTON FINANCIAL, LLC since January 1, 2008, without regard to whether

21 | such documents are at all relevant to any claim or defense at issue herein. Larian

22 | further objects to this request on the grounds that it is vague and ambiguous in its use

23 | of the terms "financial information" and "historical and prospective financial

24 | performance." Mattel has not demonstrated how *all* DOCUMENTS containing

25 | financial information, including but not limited to Larian's historical and prospective

26 | financial performance, provided by Larian to OMNI 808 INVESTORS, LLC,

27 | VISION CAPITAL, LLC or LEXINGTON FINANCIAL, LLC could be relevant to

28 | the claims and defenses in this action, let alone established that the relevancy of these

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

EXHIBIT 4
PAGE 99

1   documents outweighs the individual's fundamental right of privacy.  Larian further

2   objects to this request on the ground that the term DOCUMENTS renders the request

3   vague, ambiguous, overly broad and unduly burdensome.  Larian further objects to

4   the request to the extent that it seeks documents that by reason of public filing, public

5   distribution or otherwise are already in Mattel's possession or are readily accessible to

6   Mattel.  Larian further objects to this request to the extent that it seeks documents not

7   in Larian's possession, custody or control.  Larian also objects to this request on the

8   grounds that it seeks confidential, proprietary or commercially sensitive information,

9   the disclosure of which would be inimical to the personal and business interests of

10  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

11  attorney-client privileged information or information protected from disclosure by the

12  work-product doctrine, joint defense or common interest privilege, or other privilege.

13       Larian further objects to this request as cumulative and duplicative to the extent

14  that it seeks documents previously requested by Mattel or produced by Larian in

15  response to Mattel's document requests.

16  **REQUEST FOR PRODUCTION NO. 26**

17       All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

18  transactions between LEXINGTON FINANCIAL, LLC and MGA or any other

19  PERSON, and any amendments or modifications thereto, and any

20  COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

21  contracts or transactions.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

23       Larian incorporates by reference his General Objections as though fully set

24  forth herein.  Larian further objects to this request on the grounds that the Discovery

25  Master already has ruled on similarly phrased requests, including in an Order dated

26  May 7, 2008, concluding that requests using phrases like "all documents," and

27  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

28  irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

EXHIBIT   4
PAGE   210

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT (HAGE 3)

1    grounds that this request calls for the production of documents that are not limited to

2    the subject matter of this action and not relevant to any claim or defense in the

3    pending litigation or reasonably calculated to lead to the discovery of admissible

4    evidence.

5        Larian further objects to this request on the grounds that it is compound.

6    Larian further objects to the request to the extent it violates the privacy rights of third

7    parties to their private, confidential, proprietary or trade secret information.  Larian

8    further objects to this request on the grounds that it is overbroad as to subject matter

9    and time; in particular, Larian objects that the phrases "all documents" and "referring

10   or relating to" are unbounded by any date limitation and are not tied in any way to

11   any claim, defense or other issues involved in Phase 2 of this litigation.

12       Larian also objects to this request on the grounds that it is overbroad, including,

13   without limitation, that it would extend to any documents and communication

14   between anyone at MGA and anyone at LEXINGTON FINANCIAL, LLC referring

15   or relating in any way to a wide variety of matter that could potentially be construed

16   as "relating" to agreements, contracts or transactions between MGA and

17   LEXINGTON FINANCIAL, LLC, and any amendments or modifications thereto,

18   without regard to whether such documents and communications are at all relevant to

19   any claim or defense at issue herein.  Larian further objects to this request on the

20   grounds that it is vague and ambiguous in its use of the terms "agreements, contracts

21   or transactions" and "amendments or modifications."  Mattel has not demonstrated

22   how *all* DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

23   transactions between LEXINGTON FINANCIAL, LLC and MGA or any other

24   PERSON, and any amendments or modifications thereto, and any

25   COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

26   contracts or transactions could be relevant to the claims and defenses in this action, let

27   alone established that the relevancy of these documents outweighs the individual's

28   fundamental right of privacy.  Larian further objects to this request on the ground that

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

EXHIBIT  4
PAGE  701

1    the terms DOCUMENTS, REFERRING OR RELATING TO, and

2    COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly

3    burdensome.  Larian further objects to the request to the extent that it seeks

4    documents that by reason of public filing, public distribution or otherwise are already

5    in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

6    this request to the extent that it seeks documents not in Larian's possession, custody

7    or control.  Larian also objects to this request on the grounds that it seeks confidential,

8    proprietary or commercially sensitive information, the disclosure of which would be

9    inimical to the personal and business interests of Larian.  Larian also objects to this

10   request to the extent it calls for the disclosure of attorney-client privileged

11   information or information protected from disclosure by the work-product doctrine,

12   joint defense or common interest privilege, or other privilege.

13       Larian further objects to this request as being overly broad and unduly

14   burdensome on the grounds that it is not limited in time.  Larian further objects to this

15   request as cumulative and duplicative to the extent that it seeks documents previously

16   requested by Mattel or produced by Larian in response to Mattel's document requests.

17   **REQUEST FOR PRODUCTION NO. 27**

18       All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

19   transactions between VISION CAPITAL, LLC and MGA or any other PERSON, and

20   any amendments or modifications thereto, and any COMMUNICATIONS

21   REFERRING OR RELATING TO any such agreements, contracts or transactions.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

23       Larian incorporates by reference his General Objections as though fully set

24   forth herein.  Larian further objects to this request on the grounds that the Discovery

25   Master already has ruled on similarly phrased requests, including in an Order dated

26   May 7, 2008, concluding that requests using phrases like "all documents," and

27   "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

28   irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the

666200

EXHIBIT 4
PAGE 707

1  grounds that this request calls for the production of documents that are not limited to

2  the subject matter of this action and not relevant to any claim or defense in the

3  pending litigation or reasonably calculated to lead to the discovery of admissible

4  evidence.

5       Larian further objects to this request on the grounds that it is compound.

6  Larian further objects to the request to the extent it violates the privacy rights of third

7  parties to their private, confidential, proprietary or trade secret information.  Larian

8  further objects to this request on the grounds that it is overbroad as to subject matter

9  and time; in particular, Larian objects that the phrases "all documents" and "referring

10 or relating to" are unbounded by any date limitation and are not tied in any way to

11 any claim, defense or other issues involved in Phase 2 of this litigation.

12      Larian also objects to this request on the grounds that it is overbroad, including,

13 without limitation, that it would extend to any documents and communication

14 between anyone at MGA and anyone at VISION CAPITAL, LLC referring or relating

15 in any way to a wide variety of matter that could potentially be construed as

16 "relating" to agreements, contracts or transactions between MGA and VISION

17 CAPITAL, LLC, and any amendments or modifications thereto, without regard to

18 whether such documents and communications are at all relevant to any claim or

19 defense at issue herein.  Larian further objects to this request on the grounds that it is

20 vague and ambiguous in its use of the terms "agreements, contracts or transactions"

21 and "amendments or modifications."  Mattel has not demonstrated how *all*

22 DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

23 transactions between VISION CAPITAL, LLC and MGA or any other PERSON, and

24 any amendments or modifications thereto, and any COMMUNICATIONS

25 REFERRING OR RELATING TO any such agreements, contracts or transactions

26 could be relevant to the claims and defenses in this action, let alone established that

27 the relevancy of these documents outweighs the individual's fundamental right of

28 privacy.  Larian further objects to this request on the ground that the terms

666200

EXHIBIT 4
PAGE 203

51

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC. (PHASE 2)

1  DOCUMENTS, REFERRING OR RELATING TO, and COMMUNICATIONS

2  render the request vague, ambiguous, overly broad and unduly burdensome.  Larian

3  further objects to the request to the extent that it seeks documents that by reason of

4  public filing, public distribution or otherwise are already in Mattel's possession or are

5  readily accessible to Mattel.  Larian further objects to this request to the extent that it

6  seeks documents not in Larian's possession, custody or control.  Larian also objects to

7  this request on the grounds that it seeks confidential, proprietary or commercially

8  sensitive information, the disclosure of which would be inimical to the personal and

9  business interests of Larian.  Larian also objects to this request to the extent it calls

10  for the disclosure of attorney-client privileged information or information protected

11  from disclosure by the work-product doctrine, joint defense or common interest

12  privilege, or other privilege.

13       Larian further objects to this request as being overly broad and unduly

14  burdensome on the grounds that it is not limited in time.  Larian further objects to this

15  request as cumulative and duplicative to the extent that it seeks documents previously

16  requested by Mattel or produced by Larian in response to Mattel's document requests.

17  **REQUEST FOR PRODUCTION NO. 28**

18       DOCUMENTS sufficient to IDENTIFY each member, managing member,

19  holder of any ownership interest in, shareholder, officer and director of IGWT Group,

20  LLC.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

22       Larian incorporates by reference his General Objections as though fully set

23  forth herein.  Larian further objects on the grounds that this request calls for the

24  production of documents that are not limited to the subject matter of this action and

25  not relevant to any claim or defense in the pending litigation or reasonably calculated

26  to lead to the discovery of admissible evidence.

27       Larian further objects to this request on the grounds that it is compound.

28  Larian further objects to the request to the extent it violates the privacy rights of third

666200

EXHIBIT   4

PAGE    204

52

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  parties to their private, confidential, proprietary or trade secret information.  Larian

2  further objects to this request on the grounds that it is overbroad as to subject matter

3  and time; in particular, Larian objects that the phrase "each member, managing

4  member, holder of any ownership interest in, shareholder, officer and director" is

5  unbounded by any date limitation and is not tied in any way to any claim, defense or

6  other issues involved in Phase 2 of this litigation.

7      Larian also objects to this request on the grounds that it is overbroad, unduly

8  burdensome and oppressive in that it is not in any way limited as to the persons

9  mentioned or as to time.  Larian further objects to this request on the grounds that it is

10  vague and ambiguous in its use of the terms "member," "managing member," "holder

11  of any ownership interest," "shareholder," "officer," "director."  Mattel has not

12  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

13  member, holder of any ownership interest in, shareholder, officer and director of

14  IGWT Group, LLC could be relevant to the claims and defenses in this action, let

15  alone established that the relevancy of these documents outweighs the individual's

16  fundamental right of privacy.  Larian further objects to the request to the extent that it

17  seeks documents that by reason of public filing, public distribution or otherwise are

18  already in Mattel's possession or are readily accessible to Mattel.  Larian further

19  objects to this request to the extent that it seeks documents not in Larian's possession,

20  custody or control.  Larian also objects to this request to the extent it calls for the

21  disclosure of attorney-client privileged information or information protected from

22  disclosure by the work-product doctrine, joint defense or common interest privilege,

23  or other privilege.

24      Larian further objects to this request as cumulative and duplicative to the extent

25  that it seeks documents previously requested by Mattel or produced by Larian in

26  response to Mattel's document requests.

27

28

666200

EXHIBIT  4

PAGE  705