**REQUEST FOR PRODUCTION NO. 29**

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT 826 Investments, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Larian further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Larian objects that the phrase "each member, managing member, holder of any ownership interest in, shareholder, officer and director" is unbounded by any date limitation and is not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

Larian also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons mentioned or as to time. Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "member," "managing member," "holder of any ownership interest," "shareholder," "officer," "director." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT 826 Investments, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. Larian further objects to the request to the

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

EXHIBIT  4
PAGE  204

1  extent that it seeks documents that by reason of public filing, public distribution or

2  otherwise are already in Mattel's possession or are readily accessible to Mattel.

3  Larian further objects to this request to the extent that it seeks documents not in

4  Larian's possession, custody or control.  Larian also objects to this request to the

5  extent it calls for the disclosure of attorney-client privileged information or

6  information protected from disclosure by the work-product doctrine, joint defense or

7  common interest privilege, or other privilege.

8  Larian further objects to this request as cumulative and duplicative to the extent

9  that it seeks documents previously requested by Mattel or produced by Larian in

10  response to Mattel's document requests.

11  **REQUEST FOR PRODUCTION NO. 30**

12  DOCUMENTS sufficient to IDENTIFY each member, managing member,

13  holder of any ownership interest in, shareholder, officer and director of OMNI 808

14  INVESTORS, LLC.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

16  Larian incorporates by reference his General Objections as though fully set

17  forth herein.  Larian further objects on the grounds that this request calls for the

18  production of documents that are not limited to the subject matter of this action and

19  not relevant to any claim or defense in the pending litigation or reasonably calculated

20  to lead to the discovery of admissible evidence.

21  Larian further objects to this request on the grounds that it is compound.

22  Larian further objects to the request to the extent it violates the privacy rights of third

23  parties to their private, confidential, proprietary or trade secret information.  Larian

24  further objects to this request on the grounds that it is overbroad as to subject matter

25  and time; in particular, Larian objects that the phrase "each member, managing

26  member, holder of any ownership interest in, shareholder, officer and director" is

27  unbounded by any date limitation and is not tied in any way to any claim, defense or

28  other issues involved in Phase 2 of this litigation.

666200

EXHIBIT ___4___
PAGE ___207___

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC (PHASE 2)

1   Larian also objects to this request on the grounds that it is overbroad, unduly

2   burdensome and oppressive in that it is not in any way limited as to the persons

3   mentioned or as to time.  Larian further objects to this request on the grounds that it is

4   vague and ambiguous in its use of the terms "member," "managing member," "holder

5   of any ownership interest," "shareholder," "officer," "director."  Mattel has not

6   demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

7   member, holder of any ownership interest in, shareholder, officer and director of

8   OMNI 808 INVESTORS, LLC could be relevant to the claims and defenses in this

9   action, let alone established that the relevancy of these documents outweighs the

10  individual's fundamental right of privacy.  Larian further objects to the request to the

11  extent that it seeks documents that by reason of public filing, public distribution or

12  otherwise are already in Mattel's possession or are readily accessible to Mattel.

13  Larian further objects to this request to the extent that it seeks documents not in

14  Larian's possession, custody or control.  Larian also objects to this request to the

15  extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense or

17  common interest privilege, or other privilege.

18  Larian further objects to this request as cumulative and duplicative to the extent

19  that it seeks documents previously requested by Mattel or produced by Larian in

20  response to Mattel's document requests.

21  **REQUEST FOR PRODUCTION NO. 31**

22  DOCUMENTS sufficient to IDENTIFY each member, managing member,

23  holder of any ownership interest in, shareholder, officer and director of VISION

24  CAPITAL, LLC.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

26  Larian incorporates by reference his General Objections as though fully set

27  forth herein.  Larian further objects on the grounds that this request calls for the

28  production of documents that are not limited to the subject matter of this action and

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT      4

PAGE      708

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  not relevant to any claim or defense in the pending litigation or reasonably calculated

2  to lead to the discovery of admissible evidence.

3      Larian further objects to this request on the grounds that it is compound.

4  Larian further objects to the request to the extent it violates the privacy rights of third

5  parties to their private, confidential, proprietary or trade secret information.  Larian

6  further objects to this request on the grounds that it is overbroad as to subject matter

7  and time; in particular, Larian objects that the phrase "each member, managing

8  member, holder of any ownership interest in, shareholder, officer and director" is

9  unbounded by any date limitation and is not tied in any way to any claim, defense or

10  other issues involved in Phase 2 of this litigation.

11      Larian also objects to this request on the grounds that it is overbroad, unduly

12  burdensome and oppressive in that it is not in any way limited as to the persons

13  mentioned or as to time.  Larian further objects to this request on the grounds that it is

14  vague and ambiguous in its use of the terms "member," "managing member," "holder

15  of any ownership interest," "shareholder," "officer," "director."  Mattel has not

16  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

17  member, holder of any ownership interest in, shareholder, officer and director of

18  VISION CAPITAL, LLC could be relevant to the claims and defenses in this action,

19  let alone established that the relevancy of these documents outweighs the individual's

20  fundamental right of privacy.  Larian further objects to the request to the extent that it

21  seeks documents that by reason of public filing, public distribution or otherwise are

22  already in Mattel's possession or are readily accessible to Mattel.  Larian further

23  objects to this request to the extent that it seeks documents not in Larian's possession,

24  custody or control.  Larian also objects to this request to the extent it calls for the

25  disclosure of attorney-client privileged information or information protected from

26  disclosure by the work-product doctrine, joint defense or common interest privilege,

27  or other privilege.

28

666200

EXHIBIT ___4___
PAGE ___209___

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    Larian further objects to this request as cumulative and duplicative to the extent

2  that it seeks documents previously requested by Mattel or produced by Larian in

3  response to Mattel's document requests.

4  **REQUEST FOR PRODUCTION NO. 32**

5    DOCUMENTS sufficient to IDENTIFY each member, managing member,

6  holder of any ownership interest in, shareholder, officer and director of LEXINGTON

7  FINANCIAL, LLC.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

9    Larian incorporates by reference his General Objections as though fully set

10  forth herein.  Larian further objects on the grounds that this request calls for the

11  production of documents that are not limited to the subject matter of this action and

12  not relevant to any claim or defense in the pending litigation or reasonably calculated

13  to lead to the discovery of admissible evidence.

14    Larian further objects to this request on the grounds that it is compound.

15  Larian further objects to the request to the extent it violates the privacy rights of third

16  parties to their private, confidential, proprietary or trade secret information.  Larian

17  further objects to this request on the grounds that it is overbroad as to subject matter

18  and time; in particular, Larian objects that the phrase "each member, managing

19  member, holder of any ownership interest in, shareholder, officer and director" is

20  unbounded by any date limitation and is not tied in any way to any claim, defense or

21  other issues involved in Phase 2 of this litigation.

22    Larian also objects to this request on the grounds that it is overbroad, unduly

23  burdensome and oppressive in that it is not in any way limited as to the persons

24  mentioned or as to time.  Larian further objects to this request on the grounds that it is

25  vague and ambiguous in its use of the terms "member," "managing member," "holder

26  of any ownership interest," "shareholder," "officer," "director."  Mattel has not

27  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

28  member, holder of any ownership interest in, shareholder, officer and director of

666200

EXHIBIT 4

PAGE 210

1  LEXINGTON FINANCIAL, LLC could be relevant to the claims and defenses in this

2  action, let alone established that the relevancy of these documents outweighs the

3  individual's fundamental right of privacy. Larian further objects to the request to the

4  extent that it seeks documents that by reason of public filing, public distribution or

5  otherwise are already in Mattel's possession or are readily accessible to Mattel.

6  Larian further objects to this request to the extent that it seeks documents not in

7  Larian's possession, custody or control. Larian also objects to this request to the

8  extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense or

10  common interest privilege, or other privilege.

11     Larian further objects to this request as cumulative and duplicative to the extent

12  that it seeks documents previously requested by Mattel or produced by Larian in

13  response to Mattel's document requests.

14  **REQUEST FOR PRODUCTION NO. 33**

15     All DOCUMENTS RELATING TO any transfer of any funds, monies or any

16  ITEM OF VALUE from, or any extension of credit or funding by, LEXINGTON

17  FINANCIAL, LLC to YOU or LARIAN.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

19     Larian incorporates by reference his General Objections as though fully set

20  forth herein. Larian further objects to the phrase "YOU or Larian" as redundant and

21  unintelligible. Larian further objects to this request on the grounds that the Discovery

22  Master already has ruled on similarly phrased requests, including in an Order dated

23  May 7, 2008, concluding that requests using phrases like "all documents," and "or

24  relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

25  information. See May 7, 2008 Infante Order. Larian further objects on the grounds

26  that this request calls for the production of documents that are not limited to the

27  subject matter of this action and not relevant to any claim or defense in the pending

28  litigation or reasonably calculated to lead to the discovery of admissible evidence.

666200

EXHIBIT    4

PAGE    71

1   The request appears designed to circumvent the Court's January 7 Order appointing a

2   forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

3   See January 7, 2009 Larson Order Appointing Forensic Auditor.

4          Larian further objects to this request on the grounds that it is compound.

5   Larian further objects to the request to the extent it violates the privacy rights of third

6   parties to their private, confidential, proprietary or trade secret information.  Larian

7   further objects to this request on the grounds that it is overbroad as to subject matter

8   and time; in particular, Larian objects that the phrases "all documents" and "relating

9   to" are unbounded by any date limitation and are not tied in any way to any claim,

10   defense or other issues involved in Phase 2 of this litigation.

11          Larian also objects to this request on the grounds that it is overbroad, including,

12   without limitation, that it would extend to any documents referring or relating in any

13   way to a wide variety of matter that could potentially be construed as "relating" to

14   any transfer of any funds, monies or any ITEM OF VALUE from, or any extension of

15   credit or funding by, LEXINGTON FINANCIAL, LLC to LARIAN, without regard

16   to whether such documents are at all relevant to any claim or defense at issue herein.

17   Larian further objects to this request on the grounds that it is vague and ambiguous in

18   its use of the terms "transfer of any funds, monies or any ITEM OF VALUE" and

19   "extension of credit or funding."  Mattel has not demonstrated how *all*

20   DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF

21   VALUE from, or any extension of credit or funding by, LEXINGTON FINANCIAL,

22   LLC to LARIAN could be relevant to the claims and defenses in this action, let alone

23   established that the relevancy of these documents outweighs the individual's

24   fundamental right of privacy.  Larian further objects to this request on the ground that

25   the terms DOCUMENTS, RELATING TO and ITEM OF VALUE render the request

26   vague, ambiguous, overly broad and unduly burdensome.  Larian further objects to

27   the request to the extent that it seeks documents that by reason of public filing, public

28   distribution or otherwise are already in Mattel's possession or are readily accessible to

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC. (PHASE 2)

EXHIBIT 4

PAGE 212

1   Mattel.  Larian further objects to this request to the extent that it seeks documents not

2   in Larian's possession, custody or control.  Larian also objects to this request on the

3   grounds that it seeks confidential, proprietary or commercially sensitive information,

4   the disclosure of which would be inimical to the personal and business interests of

5   Larian.  Larian also objects to this request to the extent it calls for the disclosure of

6   attorney-client privileged information or information protected from disclosure by the

7   work-product doctrine, joint defense or common interest privilege, or other privilege.

8          Larian further objects to this request as being overly broad and unduly

9   burdensome on the grounds that it is not limited in time.  Larian further objects to this

10  request as cumulative and duplicative to the extent that it seeks documents previously

11  requested by Mattel or produced by Larian in response to Mattel's document requests.

12  **REQUEST FOR PRODUCTION NO. 34**

13         All DOCUMENTS RELATING TO any transfer of any funds, monies or any

14  ITEM OF VALUE to or from, or any extension of credit or funding by or to,

15  LEXINGTON FINANCIAL, LLC, whether directly or indirectly.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

17         Larian incorporates by reference his General Objections as though fully set

18  forth herein.  Larian further objects to this request on the grounds that the Discovery

19  Master already has ruled on similarly phrased requests, including in an Order dated

20  May 7, 2008, concluding that requests using phrases like "all documents," and

21  "relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

22  information.  See May 7, 2008 Infante Order.  Larian further objects on the grounds

23  that this request calls for the production of documents that are not limited to the

24  subject matter of this action and not relevant to any claim or defense in the pending

25  litigation or reasonably calculated to lead to the discovery of admissible evidence.

26  The request appears designed to circumvent the Court's January 7 Order appointing a

27  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

28  See January 7, 2009 Larson Order Appointing Forensic Auditor.

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT __4__

PAGE __213__

1   Larian further objects to this request on the grounds that it is compound.

2   Larian further objects to the request to the extent it violates the privacy rights of third

3   parties to their private, confidential, proprietary or trade secret information.  Larian

4   further objects to this request on the grounds that it is overbroad as to subject matter

5   and time; in particular, Larian objects that the phrases "all documents" and "relating

6   to" are unbounded by any date limitation and are not tied in any way to any claim,

7   defense or other issues involved in Phase 2 of this litigation.

8   Larian also objects to this request on the grounds that it is overbroad, including,

9   without limitation, that it would extend to any documents referring or relating in any

10  way to a wide variety of matter that could potentially be construed as "relating" to

11  any transfer of any funds, monies or any ITEM OF VALUE to or from, or any

12  extension of credit or funding by or to, LEXINGTON FINANCIAL, LLC, without

13  regard to whether such documents are at all relevant to any claim or defense at issue

14  herein.  Larian further objects to this request on the grounds that it is vague and

15  ambiguous in its use of the terms "transfer of any funds, monies or any ITEM OF

16  VALUE" and "extension of credit or funding."  Mattel has not demonstrated how *all*

17  DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF

18  VALUE to or from, or any extension of credit or funding by or to, LEXINGTON

19  FINANCIAL, LLC could be relevant to the claims and defenses in this action, let

20  alone established that the relevancy of these documents outweighs fundamental

21  privacy rights.  Larian further objects to this request on the ground that the terms

22  DOCUMENTS, RELATING TO and ITEM OF VALUE render the request vague,

23  ambiguous, overly broad and unduly burdensome.  Larian further objects to the

24  request to the extent that it seeks documents that by reason of public filing, public

25  distribution or otherwise are already in Mattel's possession or are readily accessible to

26  Mattel.  Larian further objects to this request to the extent that it seeks documents not

27  in Larian's possession, custody or control.  Larian also objects to this request on the

28  grounds that it seeks confidential, proprietary or commercially sensitive information,

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT   4
PAGE   714

1  the disclosure of which would be inimical to the personal and business interests of

2  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

3  attorney-client privileged information or information protected from disclosure by the

4  work-product doctrine, joint defense or common interest privilege, or other privilege.

5       Larian further objects to this request as being overly broad and unduly

6  burdensome on the grounds that it is not limited in time.  Larian further objects to this

7  request as cumulative and duplicative to the extent that it seeks documents previously

8  requested by Mattel or produced by Larian in response to Mattel's document requests.

9  **REQUEST FOR PRODUCTION NO. 35**

10       DOCUMENTS sufficient to IDENTIFY each member, managing member,

11  holder of any ownership interest in, shareholder, officer and director of IGWT Group,

12  LLC.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

14       Larian incorporates by reference his General Objections as though fully set

15  forth herein.  Larian further objects on the ground that this request is cumulative and

16  duplicative to the extent that is the same request as Request for Production No. 28.

17  Larian further objects on the grounds that this request calls for the production of

18  documents that are not limited to the subject matter of this action and not relevant to

19  any claim or defense in the pending litigation or reasonably calculated to lead to the

20  discovery of admissible evidence.

21       Larian further objects to this request on the grounds that it is compound.

22  Larian further objects to the request to the extent it violates the privacy rights of third

23  parties to their private, confidential, proprietary or trade secret information.  Larian

24  further objects to this request on the grounds that it is overbroad as to subject matter

25  and time; in particular, Larian objects that the phrase "each member, managing

26  member, holder of any ownership interest in, shareholder, officer and director" is

27  unbounded by any date limitation and is not tied in any way to any claim, defense or

28  other issues involved in Phase 2 of this litigation.

666200

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ___4___
PAGE ___215___

1   Larian also objects to this request on the grounds that it is overbroad, unduly

2   burdensome and oppressive in that it is not in any way limited as to the persons

3   mentioned or as to time.  Larian further objects to this request on the grounds that it is

4   vague and ambiguous in its use of the terms "member," "managing member," "holder

5   of any ownership interest," "shareholder," "officer," "director."  Mattel has not

6   demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

7   member, holder of any ownership interest in, shareholder, officer and director of

8   IGWT Group, LLC could be relevant to the claims and defenses in this action, let

9   alone established that the relevancy of these documents outweighs the individual's

10   fundamental right of privacy.  Larian further objects to the request to the extent that it

11   seeks documents that by reason of public filing, public distribution or otherwise are

12   already in Mattel's possession or are readily accessible to Mattel.  Larian further

13   objects to this request to the extent that it seeks documents not in Larian's possession,

14   custody or control.  Larian also objects to this request to the extent it calls for the

15   disclosure of attorney-client privileged information or information protected from

16   disclosure by the work-product doctrine, joint defense or common interest privilege,

17   or other privilege.

18   Larian further objects to this request as cumulative and duplicative to the extent

19   that it seeks documents previously requested by Mattel or produced by Larian in

20   response to Mattel's document requests.

21   **REQUEST FOR PRODUCTION NO. 36**

22   DOCUMENTS sufficient to IDENTIFY each member, managing member,

23   holder of any ownership interest in, shareholder, officer and director of IGWT 826

24   Investments, LLC.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

26   Larian incorporates by reference his General Objections as though fully set

27   forth herein.  Larian further objects on the ground that this request is cumulative and

28   duplicative to the extent that is the same request as Request for Production No. 29.

666200

EXHIBIT __4__

PAGE __210__

1   Larian further objects on the grounds that this request calls for the production of

2   documents that are not limited to the subject matter of this action and not relevant to

3   any claim or defense in the pending litigation or reasonably calculated to lead to the

4   discovery of admissible evidence.

5       Larian further objects to this request on the grounds that it is compound.

6   Larian further objects to the request to the extent it violates the privacy rights of third

7   parties to their private, confidential, proprietary or trade secret information.  Larian

8   further objects to this request on the grounds that it is overbroad as to subject matter

9   and time; in particular, Larian objects that the phrase "each member, managing

10  member, holder of any ownership interest in, shareholder, officer and director" is

11  unbounded by any date limitation and is not tied in any way to any claim, defense or

12  other issues involved in Phase 2 of this litigation.

13      Larian also objects to this request on the grounds that it is overbroad, unduly

14  burdensome and oppressive in that it is not in any way limited as to the persons

15  mentioned or as to time.  Larian further objects to this request on the grounds that it is

16  vague and ambiguous in its use of the terms "member," "managing member," "holder

17  of any ownership interest," "shareholder," "officer," "director."  Mattel has not

18  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

19  member, holder of any ownership interest in, shareholder, officer and director of

20  IGWT 826 Investments, LLC could be relevant to the claims and defenses in this

21  action, let alone established that the relevancy of these documents outweighs the

22  individual's fundamental right of privacy.  Larian further objects to the request to the

23  extent that it seeks documents that by reason of public filing, public distribution or

24  otherwise are already in Mattel's possession or are readily accessible to Mattel.

25  Larian further objects to this request to the extent that it seeks documents not in

26  Larian's possession, custody or control.  Larian also objects to this request to the

27  extent it calls for the disclosure of attorney-client privileged information or

28

666200

EXHIBIT ___4___
PAGE ___717___

1  information protected from disclosure by the work-product doctrine, joint defense or

2  common interest privilege, or other privilege.

3      Larian further objects to this request as cumulative and duplicative to the extent

4  that it seeks documents previously requested by Mattel or produced by Larian in

5  response to Mattel's document requests.

6  **REQUEST FOR PRODUCTION NO. 37**

7      DOCUMENTS sufficient to IDENTIFY each of YOUR bank accounts since

8  January 1, 2007.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

10      Larian incorporates by reference his General Objections as though fully set

11  forth herein.  Larian further objects on the grounds that this request calls for the

12  production of documents that are not limited to the subject matter of this action and

13  not relevant to any claim or defense in the pending litigation or reasonably calculated

14  to lead to the discovery of admissible evidence.  The request appears designed to

15  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

16  Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson

17  Order Appointing Forensic Auditor.

18      Larian further objects to this request on the grounds that it is compound.

19  Larian further objects to the request to the extent it violates the privacy rights of third

20  parties to their private, confidential, proprietary or trade secret information.

21      Larian further objects to this request on the grounds that it is vague and

22  ambiguous in its use of the term "bank accounts."  Mattel has not demonstrated how

23  DOCUMENTS sufficient to IDENTIFY each of Larian's bank accounts could be

24  relevant to the claims and defenses in this action, let alone established that the

25  relevancy of these documents outweighs the individual's fundamental right of

26  privacy.  Larian further objects to this request on the ground that the terms

27  DOCUMENTS and IDENTIFY render the request vague, ambiguous, overly broad

28  and unduly burdensome.  Larian further objects to the request to the extent that it

666200

66

PAGE  216

4

1   seeks documents that by reason of public filing, public distribution or otherwise are

2   already in Mattel's possession or are readily accessible to Mattel. Larian further

3   objects to this request to the extent that it seeks documents not in Larian's possession,

4   custody or control. Larian also objects to this request on the grounds that it seeks

5   confidential, proprietary or commercially sensitive information, the disclosure of

6   which would be inimical to the personal and business interests of Larian. Larian also

7   objects to this request to the extent it calls for the disclosure of attorney-client

8   privileged information or information protected from disclosure by the work-product

9   doctrine, joint defense or common interest privilege, or other privilege.

10      Larian further objects to this request as cumulative and duplicative to the extent

11   that it seeks documents previously requested by Mattel or produced by Larian in

12   response to Mattel's document requests.

13   **REQUEST FOR PRODUCTION NO. 38**

14      DOCUMENTS sufficient to IDENTIFY each bank account to or from which

15   Isaac Larian has transferred or has had transferred any ITEM OF VALUE since

16   January 1, 2007.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

18      Larian incorporates by reference his General Objections as though fully set

19   forth herein. Larian further objects on the grounds that this request calls for the

20   production of documents that are not limited to the subject matter of this action and

21   not relevant to any claim or defense in the pending litigation or reasonably calculated

22   to lead to the discovery of admissible evidence. The request appears designed to

23   circumvent the Court's January 7 Order appointing a forensic auditor and requiring

24   Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson

25   Order Appointing Forensic Auditor.

26      Larian further objects to this request on the grounds that it is compound.

27   Larian further objects to the request to the extent it violates the privacy rights of third

28   parties to their private, confidential, proprietary or trade secret information.

666200

EXHIBIT 4
PAGE 219

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    Larian further objects to this request on the grounds that it is vague and

2    ambiguous in its use of the terms "bank account," "transferred," and "has had

3    transferred."  Mattel has not demonstrated how DOCUMENTS sufficient to

4    IDENTIFY *each* bank account to or from which Isaac Larian has transferred or has

5    had transferred any ITEM OF VALUE could be relevant to the claims and defenses in

6    this action, let alone established that the relevancy of these documents outweighs the

7    individual's fundamental right of privacy.  Larian further objects to this request on the

8    ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the

9    request vague, ambiguous, overly broad and unduly burdensome.  Larian further

10   objects to the request to the extent that it seeks documents that by reason of public

11   filing, public distribution or otherwise are already in Mattel's possession or are

12   readily accessible to Mattel.  Larian further objects to this request to the extent that it

13   seeks documents not in Larian's possession, custody or control.  Larian also objects to

14   this request on the grounds that it seeks confidential, proprietary or commercially

15   sensitive information, the disclosure of which would be inimical to the personal and

16   business interests of Larian.  Larian also objects to this request to the extent it calls

17   for the disclosure of attorney-client privileged information or information protected

18   from disclosure by the work-product doctrine, joint defense or common interest

19   privilege, or other privilege.

20   Larian further objects to this request as cumulative and duplicative to the extent

21   that it seeks documents previously requested by Mattel or produced by Larian in

22   response to Mattel's document requests.

23   **REQUEST FOR PRODUCTION NO. 39**

24   DOCUMENTS sufficient to IDENTIFY each bank account to or from which

25   OMNI 808 INVESTORS, LLC has transferred or has had transferred any ITEM OF

26   VALUE since January 1, 2007.

27

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ___4___
PAGE ___780___

68

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (SET OF 3)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "bank account," "transferred," and "has had transferred." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* bank account to or from which OMNI 808 INVESTORS, LLC has transferred or has had transferred any ITEM OF VALUE could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. Larian further objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly burdensome. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to this request to the extent that it seeks documents not in Larian's possession, custody or control. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the personal and business interests of Larian. Larian also objects to this request to the

666200

EXHIBIT 14
PAGE 881

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  extent it calls for the disclosure of attorney-client privileged information or

2  information protected from disclosure by the work-product doctrine, joint defense or

3  common interest privilege, or other privilege.

4  　　　Larian further objects to this request as cumulative and duplicative to the extent

5  that it seeks documents previously requested by Mattel or produced by Larian in

6  response to Mattel's document requests.

7  **REQUEST FOR PRODUCTION NO. 40**

8  　　　DOCUMENTS sufficient to IDENTIFY each bank account to or from which

9  IGWT Group, LLC has transferred or has had transferred any ITEM OF VALUE

10  since January 1, 2007.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

12  　　　Larian incorporates by reference his General Objections as though fully set

13  forth herein.  Larian further objects on the grounds that this request calls for the

14  production of documents that are not limited to the subject matter of this action and

15  not relevant to any claim or defense in the pending litigation or reasonably calculated

16  to lead to the discovery of admissible evidence.  The request appears designed to

17  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

18  Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson

19  Order Appointing Forensic Auditor.

20  　　　Larian further objects to this request on the grounds that it is compound.

21  Larian further objects to the request to the extent it violates the privacy rights of third

22  parties to their private, confidential, proprietary or trade secret information.

23  　　　Larian further objects to this request on the grounds that it is vague and

24  ambiguous in its use of the terms "bank account," "transferred," and "has had

25  transferred."  Mattel has not demonstrated how DOCUMENTS sufficient to

26  IDENTIFY *each* bank account to or from which IGWT Group, LLC has transferred or

27  has had transferred any ITEM OF VALUE could be relevant to the claims and

28  defenses in this action, let alone established that the relevancy of these documents

666200

EXHIBIT ___4___

PAGE ___222___

1  outweighs fundamental privacy rights.  Larian further objects to this request on the

2  ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the

3  request vague, ambiguous, overly broad and unduly burdensome.  Larian further

4  objects to the request to the extent that it seeks documents that by reason of public

5  filing, public distribution or otherwise are already in Mattel's possession or are

6  readily accessible to Mattel.  Larian further objects to this request to the extent that it

7  seeks documents not in Larian's possession, custody or control.  Larian also objects to

8  this request on the grounds that it seeks confidential, proprietary or commercially

9  sensitive information, the disclosure of which would be inimical to the personal and

10  business interests of Larian.  Larian also objects to this request to the extent it calls

11  for the disclosure of attorney-client privileged information or information protected

12  from disclosure by the work-product doctrine, joint defense or common interest

13  privilege, or other privilege.

14      Larian further objects to this request as cumulative and duplicative to the extent

15  that it seeks documents previously requested by Mattel or produced by Larian in

16  response to Mattel's document requests.

17  **REQUEST FOR PRODUCTION NO. 41**

18      DOCUMENTS sufficient to IDENTIFY each bank account to or from which

19  IGWT 826 Investments, LLC has transferred or has had transferred any ITEM OF

20  VALUE since January 1, 2007.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

22      Larian incorporates by reference his General Objections as though fully set

23  forth herein.  Larian further objects on the grounds that this request calls for the

24  production of documents that are not limited to the subject matter of this action and

25  not relevant to any claim or defense in the pending litigation or reasonably calculated

26  to lead to the discovery of admissible evidence.  The request appears designed to

27  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

28

666200

EXHIBIT __4__
PAGE __223__

1  Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson

2  Order Appointing Forensic Auditor.

3      Larian further objects to this request on the grounds that it is compound.

4  Larian further objects to the request to the extent it violates the privacy rights of third

5  parties to their private, confidential, proprietary or trade secret information.

6      Larian further objects to this request on the grounds that it is vague and

7  ambiguous in its use of the terms "bank account," "transferred," and "has had

8  transferred."  Mattel has not demonstrated how DOCUMENTS sufficient to

9  IDENTIFY each bank account to or from which IGWT 826 Investments, LLC has

10  transferred or has had transferred any ITEM OF VALUE could be relevant to the

11  claims and defenses in this action, let alone established that the relevancy of these

12  documents outweighs fundamental privacy rights.  Larian further objects to this

13  request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF

14  VALUE render the request vague, ambiguous, overly broad and unduly burdensome.

15  Larian further objects to the request to the extent that it seeks documents that by

16  reason of public filing, public distribution or otherwise are already in Mattel's

17  possession or are readily accessible to Mattel.  Larian further objects to this request to

18  the extent that it seeks documents not in Larian's possession, custody or control.

19  Larian also objects to this request on the grounds that it seeks confidential, proprietary

20  or commercially sensitive information, the disclosure of which would be inimical to

21  the personal and business interests of Larian.  Larian also objects to this request to the

22  extent it calls for the disclosure of attorney-client privileged information or

23  information protected from disclosure by the work-product doctrine, joint defense or

24  common interest privilege, or other privilege.

25      Larian further objects to this request as cumulative and duplicative to the extent

26  that it seeks documents previously requested by Mattel or produced by Larian in

27  response to Mattel's document requests.

28

666200

EXHIBIT   4
PAGE   ə24

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**REQUEST FOR PRODUCTION NO. 42**

All COMMUNICATIONS between or among YOU, IGWT 826 Investments, LLC and/or IGWT Group, LLC REFERRING OR RELATING TO MATTEL and/or BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects on the grounds that this request calls for the production of communications that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Larian further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Larian objects that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any communication between or among Larian, IGWT 826 Investments, LLC and/or IGWT Group, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to Mattel and/or Bratz, without regard to whether such communications are at all relevant to any claim or defense at issue herein. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons involved in the communications or as to time. Mattel has not demonstrated how *all* COMMUNICATIONS between or among Larian, IGWT 826 Investments, LLC and/or IGWT Group, LLC REFERRING OR RELATING TO MATTEL and/or BRATZ could be relevant to the claims and

666200

EXHIBIT ___4___

PAGE ___225___

1   defenses in this action, let alone established that the relevancy of these documents

2   outweighs the individual's fundamental right of privacy.  Larian further objects to this

3   request on the ground that the terms COMMUNICATIONS and REFERRING OR

4   RELATING TO render the request vague, ambiguous, overly broad and unduly

5   burdensome.  Larian further objects to the request to the extent that it seeks

6   documents that by reason of public filing, public distribution or otherwise are already

7   in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

8   this request to the extent that it seeks documents not in Larian's possession, custody

9   or control.  Larian also objects to this request on the grounds that it seeks confidential,

10   proprietary or commercially sensitive information, the disclosure of which would be

11   inimical to the personal and business interests of Larian.  Larian also objects to this

12   request to the extent it calls for the disclosure of attorney-client privileged

13   information or information protected from disclosure by the work-product doctrine,

14   joint defense or common interest privilege, or other privilege.

15       Larian further objects to this request as being overly broad and unduly

16   burdensome on the grounds that it is not limited in time.  Larian further objects to this

17   request as cumulative and duplicative to the extent that it seeks documents previously

18   requested by Mattel or produced by Larian in response to Mattel's document requests.

19   **REQUEST FOR PRODUCTION NO. 43**

20       All COMMUNICATIONS between or among YOU, OMNI 808 INVESTORS,

21   LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL, LLC

22   REFERRING OR RELATING TO MATTEL, MGA, LARIAN and/or BRATZ.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

24       Larian incorporates by reference his General Objections as though fully set

25   forth herein.  Larian further objects on the grounds that this request calls for the

26   production of communications that are not limited to the subject matter of this action

27   and not relevant to any claim or defense in the pending litigation or reasonably

28   calculated to lead to the discovery of admissible evidence.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
19TH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

EXHIBIT  4

PAGE  226

1   Larian further objects to this request on the grounds that it is compound.

2   Larian further objects to the request to the extent it violates the privacy rights of third

3   parties to their private, confidential, proprietary or trade secret information.  Larian

4   further objects to this request on the grounds that it is overbroad as to subject matter

5   and time; in particular, Larian objects that the phrases "all communications" and

6   "referring or relating to" are unbounded by any date limitation and are not tied in any

7   way to any claim, defense or other issues involved in Phase 2 of this litigation.

8   Larian also objects to this request on the grounds that it is overbroad, including,

9   without limitation, that it would extend to any communication between or among

10  Larian, OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC and/or

11  LEXINGTON FINANCIAL, LLC referring or relating in any way to a wide variety

12  of matter that could potentially be construed as "relating" to MATTEL, MGA,

13  LARIAN and/or BRATZ, without regard to whether such communications are at all

14  relevant to any claim or defense at issue herein.  Larian also objects to this request on

15  the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in

16  any way limited as to the persons involved in the communications or as to time.

17  Mattel has not demonstrated how *all* COMMUNICATIONS between or among

18  Larian, OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC and/or

19  LEXINGTON FINANCIAL, LLC REFERRING OR RELATING TO MATTEL,

20  MGA, LARIAN and/or BRATZ could be relevant to the claims and defenses in this

21  action, let alone established that the relevancy of these documents outweighs the

22  individual's fundamental right of privacy.  Larian further objects to this request on the

23  ground that the terms COMMUNICATIONS and REFERRING OR RELATING TO

24  render the request vague, ambiguous, overly broad and unduly burdensome.  Larian

25  further objects to the request to the extent that it seeks documents that by reason of

26  public filing, public distribution or otherwise are already in Mattel's possession or are

27  readily accessible to Mattel.  Larian further objects to this request to the extent that it

28  seeks documents not in Larian's possession, custody or control.  Larian also objects to

666200

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT   4
PAGE      227

1  this request on the grounds that it seeks confidential, proprietary or commercially

2  sensitive information, the disclosure of which would be inimical to the personal and

3  business interests of Larian.  Larian also objects to this request to the extent it calls

4  for the disclosure of attorney-client privileged information or information protected

5  from disclosure by the work-product doctrine, joint defense or common interest

6  privilege, or other privilege.

7        Larian further objects to this request as being overly broad and unduly

8  burdensome on the grounds that it is not limited in time.  Larian further objects to this

9  request as cumulative and duplicative to the extent that it seeks documents previously

10  requested by Mattel or produced by Larian in response to Mattel's document requests.

11  **REQUEST FOR PRODUCTION NO. 44**

12        All COMMUNICATIONS between YOU and MASHIAN REFERRING OR

13  RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC,

14  LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

16        Larian incorporates by reference his General Objections as though fully set

17  forth herein.  Larian further objects on the grounds that this request calls for the

18  production of communications that are not limited to the subject matter of this action

19  and not relevant to any claim or defense in the pending litigation or reasonably

20  calculated to lead to the discovery of admissible evidence.

21        Larian further objects to this request on the grounds that it is compound.

22  Larian further objects to the request to the extent it violates the privacy rights of third

23  parties to their private, confidential, proprietary or trade secret information.  Larian

24  further objects to this request on the grounds that it is overbroad as to subject matter

25  and time; in particular, Larian objects that the phrases "all communications" and

26  "referring or relating to" are unbounded by any date limitation and are not tied in any

27  way to any claim, defense or other issues involved in Phase 2 of this litigation.

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ___4___
PAGE _____228___

1    Larian also objects to this request on the grounds that it is overbroad, including,

2 without limitation, that it would extend to any communication between Larian and

3 MASHIAN referring or relating in any way to a wide variety of matter that could

4 potentially be construed as "relating" to OMNI 808 INVESTORS, LLC, VISION

5 CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN

6 and/or BRATZ, without regard to whether such communications are at all relevant to

7 any claim or defense at issue herein.  Larian also objects to this request on the

8 grounds that it is overbroad, unduly burdensome and oppressive in that it purports to

9 require MGA diligently to identify every communication between anyone and among

10 at MGA and MASHIAN REFERRING OR RELATING TO OMNI 808

11 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC,

12 MATTEL, MGA, LARIAN and/or BRATZ.  Mattel has not demonstrated how *all*

13 COMMUNICATIONS between MGA and MASHIAN REFERRING OR RELATING

14 TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON

15 FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could be relevant to

16 the claims and defenses in this action, let alone established that the relevancy of these

17 documents outweighs the individual's fundamental right of privacy.  Larian further

18 objects to this request on the ground that the terms COMMUNICATIONS and

19 REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

20 and unduly burdensome.  Larian further objects to the request to the extent that it

21 seeks documents that by reason of public filing, public distribution or otherwise are

22 already in Mattel's possession or are readily accessible to Mattel.  Larian further

23 objects to this request to the extent that it seeks documents not in Larian's possession,

24 custody or control.  Larian also objects to this request on the grounds that it seeks

25 confidential, proprietary or commercially sensitive information, the disclosure of

26 which would be inimical to the personal and business interests of Larian.  Larian also

27 objects to this request to the extent it calls for the disclosure of attorney-client

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ___4___
PAGE ___229___

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1 | privileged information or information protected from disclosure by the work-product

2 | doctrine, joint defense or common interest privilege, or other privilege.

3 |     Larian further objects to this request as being overly broad and unduly

4 | burdensome on the grounds that it is not limited in time.  Larian further objects to this

5 | request as cumulative and duplicative to the extent that it seeks documents previously

6 | requested by Mattel or produced by Larian in response to Mattel's document requests.

7 | **REQUEST FOR PRODUCTION NO. 45**

8 |     All COMMUNICATIONS between YOU and Neil Kadisha REFERRING OR

9 | RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC,

10 | LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

11 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

12 |     Larian incorporates by reference his General Objections as though fully set

13 | forth herein.  Larian further objects on the grounds that this request calls for the

14 | production of communications that are not limited to the subject matter of this action

15 | and not relevant to any claim or defense in the pending litigation or reasonably

16 | calculated to lead to the discovery of admissible evidence.

17 |     Larian further objects to this request on the grounds that it is compound.

18 | Larian further objects to the request to the extent it violates the privacy rights of third

19 | parties to their private, confidential, proprietary or trade secret information.  Larian

20 | further objects to this request on the grounds that it is overbroad as to subject matter

21 | and time; in particular, Larian objects that the phrases "all communications" and

22 | "referring or relating to" are unbounded by any date limitation and are not tied in any

23 | way to any claim, defense or other issues involved in Phase 2 of this litigation.

24 |     Larian also objects to this request on the grounds that it is overbroad, including,

25 | without limitation, that it would extend to any communication between Larian and

26 | Neil Kadisha referring or relating in any way to a wide variety of matter that could

27 | potentially be construed as "relating" to OMNI 808 INVESTORS, LLC, VISION

28 | CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

EXHIBIT   4
PAGE   230

1  and/or BRATZ, without regard to whether such communications are at all relevant to

2  any claim or defense at issue herein.  Mattel has not demonstrated how *all*

3  COMMUNICATIONS between Larian and Neil Kadisha REFERRING OR

4  RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC,

5  LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could

6  be relevant to the claims and defenses in this action, let alone established that the

7  relevancy of these documents outweighs the individual's fundamental right of

8  privacy.  Larian further objects to this request on the ground that the terms

9  COMMUNICATIONS and REFERRING OR RELATING TO render the request

10  vague, ambiguous, overly broad and unduly burdensome.  Larian further objects to

11  the request to the extent that it seeks documents that by reason of public filing, public

12  distribution or otherwise are already in Mattel's possession or are readily accessible to

13  Mattel.  Larian further objects to this request to the extent that it seeks documents not

14  in Larian's possession, custody or control.  Larian also objects to this request on the

15  grounds that it seeks confidential, proprietary or commercially sensitive information,

16  the disclosure of which would be inimical to the personal and business interests of

17  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

18  attorney-client privileged information or information protected from disclosure by the

19  work-product doctrine, joint defense or common interest privilege, or other privilege.

20       Larian further objects to this request as being overly broad and unduly

21  burdensome on the grounds that it is not limited in time.  Larian further objects to this

22  request as cumulative and duplicative to the extent that it seeks documents previously

23  requested by Mattel or produced by Larian in response to Mattel's document requests.

24  **REQUEST FOR PRODUCTION NO. 46**

25       All COMMUNICATIONS between YOU and OMNI 808 INVESTORS, LLC

26  REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON

27  FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ___4___
PAGE ___231___

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC (PHASE 2)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects on the grounds that this request calls for the production of communications that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Larian further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Larian objects that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any communication between Larian and OMNI 808 INVESTORS, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ, without regard to whether such communications are at all relevant to any claim or defense at issue herein. Mattel has not demonstrated how *all* COMMUNICATIONS between MGA and OMNI 808 INVESTORS, LLC REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. Larian further objects to this request on the ground that the terms COMMUNICATIONS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad and unduly burdensome. Larian further objects to the request to the extent that it seeks documents that by reason of public

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

1  filing, public distribution or otherwise are already in Mattel's possession or are

2  readily accessible to Mattel.  Larian further objects to this request to the extent that it

3  seeks documents not in Larian's possession, custody or control.  Larian also objects to

4  this request on the grounds that it seeks confidential, proprietary or commercially

5  sensitive information, the disclosure of which would be inimical to the personal and

6  business interests of Larian.  Larian also objects to this request to the extent it calls

7  for the disclosure of attorney-client privileged information or information protected

8  from disclosure by the work-product doctrine, joint defense or common interest

9  privilege, or other privilege.

10      Larian further objects to this request as being overly broad and unduly

11  burdensome on the grounds that it is not limited in time.  Larian further objects to this

12  request as cumulative and duplicative to the extent that it seeks documents previously

13  requested by Mattel or produced by Larian in response to Mattel's document requests.

14  **REQUEST FOR PRODUCTION NO. 47**

15      All COMMUNICATIONS REFERRING OR RELATING TO VISION

16  CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS,

17  LLC.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

19      Larian incorporates by reference his General Objections as though fully set

20  forth herein.  Larian further objects on the grounds that this request calls for the

21  production of communications that are not limited to the subject matter of this action

22  and not relevant to any claim or defense in the pending litigation or reasonably

23  calculated to lead to the discovery of admissible evidence.

24      Larian further objects to this request on the grounds that it is compound.

25  Larian further objects to the request to the extent it violates the privacy rights of third

26  parties to their private, confidential, proprietary or trade secret information.  Larian

27  further objects to this request on the grounds that it is overbroad as to subject matter

28  and time; in particular, Larian objects that the phrases "all communications" and

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

81

EXHIBIT ___4___

PAGE ___233___

1  "referring or relating to" are unbounded by any date limitation and are not tied in any

2  way to any claim, defense or other issues involved in Phase 2 of this litigation.

3    Larian also objects to this request on the grounds that it is overbroad, including,

4  without limitation, that it would extend to *any* communications between *anyone*

5  referring or relating in any way to a wide variety of matter that could potentially be

6  construed as "relating" to REFERRING OR RELATING TO VISION CAPITAL,

7  LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC,

8  without regard to whether such communications are at all relevant to any claim or

9  defense at issue herein.  Mattel has not demonstrated how *all* COMMUNICATIONS

10 REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON

11 FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC could be relevant to the

12 claims and defenses in this action, let alone established that the relevancy of these

13 documents outweighs the individual's fundamental right of privacy.  Larian further

14 objects to this request on the ground that the terms COMMUNICATIONS and

15 REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

16 and unduly burdensome.  Larian further objects to the request to the extent that it

17 seeks documents that by reason of public filing, public distribution or otherwise are

18 already in Mattel's possession or are readily accessible to Mattel.  Larian further

19 objects to this request to the extent that it seeks documents not in Larian's possession,

20 custody or control.  Larian also objects to this request on the grounds that it seeks

21 confidential, proprietary or commercially sensitive information, the disclosure of

22 which would be inimical to the personal and business interests of Larian.  Larian also

23 objects to this request to the extent it calls for the disclosure of attorney-client

24 privileged information or information protected from disclosure by the work-product

25 doctrine, joint defense or common interest privilege, or other privilege.

26   Larian further objects to this request as being overly broad and unduly

27 burdensome on the grounds that it is not limited in time.  Larian further objects to this

28

666200

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 4

PAGE 234

82

1  request as cumulative and duplicative to the extent that it seeks documents previously

2  requested by Mattel or produced by Larian in response to Mattel's document requests.

3  **REQUEST FOR PRODUCTION NO. 48**

4       DOCUMENTS sufficient to IDENTIFY each bank account to or from which

5  VISION CAPITAL, LLC has transferred or has had transferred any ITEM OF

6  VALUE since January 1, 2007.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

8       Larian incorporates by reference his General Objections as though fully set

9  forth herein.  Larian further objects on the grounds that this request calls for the

10  production of documents that are not limited to the subject matter of this action and

11  not relevant to any claim or defense in the pending litigation or reasonably calculated

12  to lead to the discovery of admissible evidence.  The request appears designed to

13  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

14  Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson

15  Order Appointing Forensic Auditor.

16       Larian further objects to this request on the grounds that it is compound.

17  Larian further objects to the request to the extent it violates the privacy rights of third

18  parties to their private, confidential, proprietary or trade secret information.

19       Larian further objects to this request on the grounds that it is vague and

20  ambiguous in its use of the terms "bank account," "transferred," and "has had

21  transferred."  Mattel has not demonstrated how DOCUMENTS sufficient to

22  IDENTIFY *each* bank account to or from which VISION CAPITAL, LLC has

23  transferred or has had transferred any ITEM OF VALUE could be relevant to the

24  claims and defenses in this action, let alone established that the relevancy of these

25  documents outweighs the individual's fundamental right of privacy.  Larian further

26  objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and

27  ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly

28  burdensome.  Larian further objects to the request to the extent that it seeks

666200

EXHIBIT 4
PAGE 235

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1  documents that by reason of public filing, public distribution or otherwise are already

2  in Mattel's possession or are readily accessible to Mattel. Larian further objects to

3  this request to the extent that it seeks documents not in Larian's possession, custody

4  or control. Larian also objects to this request on the grounds that it seeks confidential,

5  proprietary or commercially sensitive information, the disclosure of which would be

6  inimical to the personal and business interests of Larian. Larian also objects to this

7  request to the extent it calls for the disclosure of attorney-client privileged

8  information or information protected from disclosure by the work-product doctrine,

9  joint defense or common interest privilege, or other privilege.

10      Larian further objects to this request as cumulative and duplicative to the extent

11  that it seeks documents previously requested by Mattel or produced by Larian in

12  response to Mattel's document requests.

13

14  **REQUEST FOR PRODUCTION NO. 49**

15      DOCUMENTS sufficient to IDENTIFY each bank account to or from which

16  LEXINGTON FINANCIAL, LLC has transferred or has had transferred any ITEM

17  OF VALUE since January 1, 2007.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

19      Larian incorporates by reference his General Objections as though fully set

20  forth herein. Larian further objects on the grounds that this request calls for the

21  production of documents that are not limited to the subject matter of this action and

22  not relevant to any claim or defense in the pending litigation or reasonably calculated

23  to lead to the discovery of admissible evidence. The request appears designed to

24  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

25  Mattel to pay the auditor's costs in the first instance.. See January 7, 2009 Larson

26  Order Appointing Forensic Auditor.

27

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT __4__

PAGE __230__

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC (PHASE 2)

1   Larian further objects to this request on the grounds that it is compound.

2   Larian further objects to the request to the extent it violates the privacy rights of third

3   parties to their private, confidential, proprietary or trade secret information.

4   Larian further objects to this request on the grounds that it is vague and

5   ambiguous in its use of the terms "bank account," "transferred," and "has had

6   transferred." Mattel has not demonstrated how DOCUMENTS sufficient to

7   IDENTIFY *each* bank account to or from which LEXINGTON FINANCIAL, LLC

8   has transferred or has had transferred any ITEM OF VALUE could be relevant to the

9   claims and defenses in this action, let alone established that the relevancy of these

10  documents outweighs the individual's fundamental right of privacy. Larian further

11  objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and

12  ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly

13  burdensome. Larian further objects to the request to the extent that it seeks

14  documents that by reason of public filing, public distribution or otherwise are already

15  in Mattel's possession or are readily accessible to Mattel. Larian further objects to

16  this request to the extent that it seeks documents not in Larian's possession, custody

17  or control. Larian also objects to this request on the grounds that it seeks confidential,

18  proprietary or commercially sensitive information, the disclosure of which would be

19  inimical to the personal and business interests of Larian. Larian also objects to this

20  request to the extent it calls for the disclosure of attorney-client privileged

21  information or information protected from disclosure by the work-product doctrine,

22  joint defense or common interest privilege, or other privilege.

23  Larian further objects to this request as cumulative and duplicative to the extent

24  that it seeks documents previously requested by Mattel or produced by Larian in

25  response to Mattel's document requests.

26

27

28

666200

EXHIBIT ___4___
PAGE ____231___

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**REQUEST FOR PRODUCTION NO. 50**

DOCUMENTS sufficient to IDENTIFY each licensee of any BRATZ product since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the term "licensee." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* licensee of any BRATZ product since January 1, 2007 could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. Larian further objects to this request on the ground that the terms DOCUMENTS and IDENTIFY render the request vague, ambiguous, overly broad and unduly burdensome. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to this request to the extent that it seeks documents not in Larian's possession, custody or control. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the personal and business interests of Larian. Larian also objects to this request to the extent it calls for the disclosure of

666200

EXHIBIT 4

PAGE 238

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT INC (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  attorney-client privileged information or information protected from disclosure by the

2  work-product doctrine, joint defense or common interest privilege, or other privilege.

3       Larian further objects to this request as cumulative and duplicative to the extent

4  that it seeks documents previously requested by Mattel or produced by Larian in

5  response to Mattel's document requests.

6  **REQUEST FOR PRODUCTION NO. 51**

7       DOCUMENTS sufficient to show the amount of payments made to YOU by

8  each licensee of any BRATZ product since January 1, 2007.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

10      Larian incorporates by reference his General Objections as though fully set

11  forth herein.  Larian further objects on the grounds that this request calls for the

12  production of documents that are not limited to the subject matter of this action and

13  not relevant to any claim or defense in the pending litigation or reasonably calculated

14  to lead to the discovery of admissible evidence.  The request appears designed to

15  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

16  Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson

17  Order Appointing Forensic Auditor.

18      Larian further objects to this request on the grounds that it is compound.

19  Larian further objects to the request to the extent it violates the privacy rights of third

20  parties to their private, confidential, proprietary or trade secret information.

21      Larian further objects to this request on the grounds that it is vague and

22  ambiguous in its use of the terms "amount of payments" and "licensee."  Mattel has

23  not demonstrated how DOCUMENTS sufficient to show the amount of payments

24  made to Larian by each licensee of any BRATZ product since January 1, 2007 could

25  be relevant to the claims and defenses in this action, let alone established that the

26  relevancy of these documents outweighs the individual's fundamental right of

27  privacy.  Larian further objects to this request on the ground that the term

28  DOCUMENTS renders the request vague, ambiguous, overly broad and unduly

666200

EXHIBIT  4

PAGE  239

87

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
310-553-3000

1 burdensome.  Larian further objects to the request to the extent that it seeks

2 documents that by reason of public filing, public distribution or otherwise are already

3 in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

4 this request to the extent that it seeks documents not in Larian's possession, custody

5 or control.  Larian also objects to this request on the grounds that it seeks confidential,

6 proprietary or commercially sensitive information, the disclosure of which would be

7 inimical to the personal and business interests of Larian.  Larian also objects to this

8 request to the extent it calls for the disclosure of attorney-client privileged

9 information or information protected from disclosure by the work-product doctrine,

10 joint defense or common interest privilege, or other privilege.

11      Larian further objects to this request as cumulative and duplicative to the extent

12 that it seeks documents previously requested by Mattel or produced by Larian in

13 response to Mattel's document requests.

14 **REQUEST FOR PRODUCTION NO. 52**

15      A sample of each BRATZ product manufactured, sold, offered for sale,

16 marketed or distributed by YOU since January 1, 2008.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 52**

18      Larian incorporates by reference his General Objections as though fully set

19 forth herein.  Larian further objects on the grounds that this request calls for the

20 production of tangible items that are not limited to the subject matter of this action

21 and not relevant to any claim or defense in the pending litigation or reasonably

22 calculated to lead to the discovery of admissible evidence.

23      Larian further objects to this request on the grounds that it is compound.

24 Larian further objects to the request to the extent it violates the privacy rights of third

25 parties to their private, confidential, proprietary or trade secret information.

26      Larian further objects to this request on the grounds that it is vague and

27 ambiguous in its use of the terms "sample" and "manufactured, sold, offered for sale,

28 marketed or distributed."  Mattel has not demonstrated how a sample of *each* BRATZ

666200

EXHIBIT ___4___

PAGE ___240___

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
310-553-3000

1  product manufactured, sold, offered for sale, marketed or distributed by Larian since

2  January 1, 2008 could be relevant to the claims and defenses in this action, let alone

3  established that the relevancy of these documents outweighs the individual's

4  fundamental right of privacy.  Larian further objects to the request to the extent that it

5  seeks tangible items that by reason of public filing, public distribution or otherwise

6  are already in Mattel's possession or are readily accessible to Mattel.  Larian further

7  objects to this request to the extent that it seeks tangible items not in Larian's

8  possession, custody or control.  Larian also objects to this request on the grounds that

9  it seeks confidential, proprietary or commercially sensitive information, the disclosure

10  of which would be inimical to the personal and business interests of Larian.  Larian

11  also objects to this request to the extent it calls for the disclosure of attorney-client

12  privileged information or information protected from disclosure by the work-product

13  doctrine, joint defense or common interest privilege, or other privilege.

14       Larian further objects to this request as cumulative and duplicative to the extent

15  that it seeks tangible items previously requested by Mattel or produced by Larian in

16  response to Mattel's document requests.

17  **REQUEST FOR PRODUCTION NO. 53**

18       To the extent not produced in response to any other Request, a sample of each

19  core BRATZ female fashion doll manufactured, sold, offered for sale, marketed or

20  distributed by YOU since January 1, 2008.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53**

22       Larian incorporates by reference his General Objections as though fully set

23  forth herein.  Larian further objects on the grounds that this request calls for the

24  production of tangible items that are not limited to the subject matter of this action

25  and not relevant to any claim or defense in the pending litigation or reasonably

26  calculated to lead to the discovery of admissible evidence.  The request appears

27  designed to circumvent the Court's January 7 Order appointing a forensic auditor and

28

666200

EXHIBIT __4__

PAGE __741__

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1 requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009

2 Larson Order Appointing Forensic Auditor.

3      Larian further objects to this request on the grounds that it is compound.

4 Larian further objects to the request to the extent it violates the privacy rights of third

5 parties to their private, confidential, proprietary or trade secret information.

6      Larian further objects to this request on the grounds that it is vague and

7 ambiguous in its use of the terms "sample" and "manufactured, sold, offered for sale,

8 marketed or distributed." Mattel has not demonstrated how a sample of each core

9 BRATZ female fashion doll manufactured, sold, offered for sale, marketed or

10 distributed by Larian since January 1, 2008 could be relevant to the claims and

11 defenses in this action. Larian further objects to the request to the extent that it seeks

12 tangible items that by reason of public filing, public distribution or otherwise are

13 already in Mattel's possession or are readily accessible to Mattel. Larian further

14 objects to this request to the extent that it seeks tangible items not in Larian's

15 possession, custody or control. Larian also objects to this request on the grounds that

16 it seeks confidential, proprietary or commercially sensitive information, the disclosure

17 of which would be inimical to the personal and business interests of Larian. Larian

18 also objects to this request to the extent it calls for the disclosure of attorney-client

19 privileged information or information protected from disclosure by the work-product

20 doctrine, joint defense or common interest privilege, or other privilege.

21      Larian further objects to this request as cumulative and duplicative to the extent

22 that it seeks tangible items previously requested by Mattel or produced by Larian in

23 response to Mattel's document requests.

24 **REQUEST FOR PRODUCTION NO. 54**

25      All registrations, and applications for registration, for any trademark or service

26 mark that constitutes, includes or incorporates in any manner the term "BRATZ."

27

28

666200

EXHIBIT   4

PAGE    242

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

## RESPONSE TO REQUEST FOR PRODUCTION NO. 54

Larian incorporates by reference his General Objections as though fully set forth herein.  Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "registrations," "applications for registration," and "constitutes, includes or incorporates."  Mattel has not demonstrated how *all* registrations, and applications for registration, for any trademark or service mark that constitutes, includes or incorporates in any manner the term "BRATZ" could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy.  Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  Larian further objects to this request to the extent that it seeks documents not in Larian's possession, custody or control. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the personal and business interests of Larian.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  Larian further objects to this

666200

EXHIBIT 4
PAGE 243

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   request as cumulative and duplicative to the extent that it seeks documents previously

2   requested by Mattel or produced by Larian in response to Mattel's document requests.

3   **REQUEST FOR PRODUCTION NO. 55**

4   All registrations, and applications for registration, for any trademark or service

5   mark that constitutes, includes or incorporates in any manner the term "Jade."

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 55**

7   Larian incorporates by reference his General Objections as though fully set

8   forth herein. Larian further objects on the grounds that this request calls for the

9   production of documents that are not limited to the subject matter of this action and

10  not relevant to any claim or defense in the pending litigation or reasonably calculated

11  to lead to the discovery of admissible evidence.

12  Larian further objects to this request on the grounds that it is compound.

13  Larian further objects to the request to the extent it violates the privacy rights of third

14  parties to their private, confidential, proprietary or trade secret information.

15  Larian further objects to this request on the grounds that it is vague and

16  ambiguous in its use of the terms "registrations," "applications for registration," and

17  "constitutes, includes or incorporates." Mattel has not demonstrated how *all*

18  registrations, and applications for registration, for any trademark or service mark that

19  constitutes, includes or incorporates in any manner the term "Jade" could be relevant

20  to the claims and defenses in this action, let alone established that the relevancy of

21  these documents outweighs the individual's fundamental right of privacy. Larian

22  further objects to the request to the extent that it seeks documents that by reason of

23  public filing, public distribution or otherwise are already in Mattel's possession or are

24  readily accessible to Mattel. Larian further objects to this request to the extent that it

25  seeks documents not in Larian's possession, custody or control. Larian also objects to

26  this request on the grounds that it seeks confidential, proprietary or commercially

27  sensitive information, the disclosure of which would be inimical to the personal and

28  business interests of Larian. Larian also objects to this request to the extent it calls

666200

EXHIBIT ___ H

PAGE ___ 244

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1  for the disclosure of attorney-client privileged information or information protected

2  from disclosure by the work-product doctrine, joint defense or common interest

3  privilege, or other privilege.

4      Larian further objects to this request as being overly broad and unduly

5  burdensome on the grounds that it is not limited in time.  Larian further objects to this

6  request as cumulative and duplicative to the extent that it seeks documents previously

7  requested by Mattel or produced by Larian in response to Mattel's document requests.

8  **REQUEST FOR PRODUCTION NO. 56**

9      All COMMUNICATIONS with any Trademark Office or governmental entity

10  REFERRING OR RELATING TO any registration, or application for registration, for

11  any trademark or service mark that constitutes, includes or incorporates in any

12  manner the term "BRATZ."

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56**

14      Larian incorporates by reference his General Objections as though fully set

15  forth herein.  Larian further objects on the grounds that this request calls for the

16  production of communications that are not limited to the subject matter of this action

17  and not relevant to any claim or defense in the pending litigation or reasonably

18  calculated to lead to the discovery of admissible evidence.

19      Larian further objects to this request on the grounds that it is compound.

20  Larian further objects to the request to the extent it violates the privacy rights of third

21  parties to their private, confidential, proprietary or trade secret information.

22      Larian also objects to this request on the grounds that it is overbroad, including,

23  without limitation, that it would extend to any communication between *anyone* and

24  *any* Trademark Office or governmental entity referring or relating in any way to a

25  wide variety of matter that could potentially be construed as "relating" to any

26  registration, or application for registration, for any trademark or service mark that

27  constitutes, includes or incorporates in any manner the term "BRATZ.", without

28  regard to whether such communications are at all relevant to any claim or defense at

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT __4__

PAGE __245__

issue herein.  Larian also objects to this request on the grounds that it is overbroad,

unduly burdensome and oppressive in that it is not in any way limited as to the

persons involved in the communications or as to time.  Larian further objects to this

request on the grounds that it is vague and ambiguous in its use of the terms

"registrations," "applications for registration," and "constitutes, includes or

incorporates."  Mattel has not demonstrated how *all* COMMUNICATIONS with any

Trademark Office or governmental entity REFERRING OR RELATING TO any

registration, or application for registration, for any trademark or service mark that

constitutes, includes or incorporates in any manner the term "BRATZ" could be

relevant to the claims and defenses in this action, let alone established that the

relevancy of these communications outweighs fundamental privacy rights.  Larian

further objects to this request on the ground that the terms COMMUNICATIONS and

REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

and unduly burdensome.  Larian further objects to the request to the extent that it

seeks communications that by reason of public filing, public distribution or otherwise

are already in Mattel's possession or are readily accessible to Mattel.  Larian further

objects to this request to the extent that it seeks documents not in Larian's possession,

custody or control.  Larian also objects to this request on the grounds that it seeks

confidential, proprietary or commercially sensitive information, the disclosure of

which would be inimical to the personal and business interests of Larian.  Larian also

objects to this request to the extent it calls for the disclosure of attorney-client

privileged information or information protected from disclosure by the work-product

doctrine, joint defense or common interest privilege, or other privilege.

Larian further objects to this request as being overly broad and unduly

burdensome on the grounds that it is not limited in time.  Larian further objects to this

request as cumulative and duplicative to the extent that it seeks documents previously

requested by Mattel or produced by Larian in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 57**

EXHIBIT 4

PAGE 246

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   All COMMUNICATIONS with any Trademark Office or governmental entity
2   REFERRING OR RELATING TO any registration, or application for registration, for
3   any trademark or service mark that constitutes, includes or incorporates in any
4   manner the term "Jade."

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 57**

6   Larian incorporates by reference his General Objections as though fully set
7   forth herein.  Larian further objects on the grounds that this request calls for the
8   production of communications that are not limited to the subject matter of this action
9   and not relevant to any claim or defense in the pending litigation or reasonably
10  calculated to lead to the discovery of admissible evidence.

11  Larian further objects to this request on the grounds that it is compound.
12  Larian further objects to the request to the extent it violates the privacy rights of third
13  parties to their private, confidential, proprietary or trade secret information.

14  Larian also objects to this request on the grounds that it is overbroad, including,
15  without limitation, that it would extend to any communication between *anyone* and
16  *any* Trademark Office or governmental entity referring or relating in any way to a
17  wide variety of matter that could potentially be construed as "relating" to any
18  registration, or application for registration, for any trademark or service mark that
19  constitutes, includes or incorporates in any manner the term "Jade," without regard to
20  whether such communications are at all relevant to any claim or defense at issue
21  herein.  Larian also objects to this request on the grounds that it is overbroad, unduly
22  burdensome and oppressive in that it is not in any way limited as to the persons
23  involved in the communications or as to time.  Larian further objects to this request
24  on the grounds that it is vague and ambiguous in its use of the terms "registrations,"
25  "applications for registration," and "constitutes, includes or incorporates."  Mattel has
26  not demonstrated how *all* COMMUNICATIONS with any Trademark Office or
27  governmental entity REFERRING OR RELATING TO any registration, or
28  application for registration, for any trademark or service mark that constitutes,

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
LOS ANGELES, CALIFORNIA 90067
(310)553-3000

EXHIBIT    4
PAGE    247

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1  includes or incorporates in any manner the term "Jade" could be relevant to the claims

2  and defenses in this action, let alone established that the relevancy of these

3  communications outweighs fundamental privacy rights.  Larian further objects to this

4  request on the ground that the terms COMMUNICATIONS and REFERRING OR

5  RELATING TO render the request vague, ambiguous, overly broad and unduly

6  burdensome.  Larian further objects to the request to the extent that it seeks

7  communications that by reason of public filing, public distribution or otherwise are

8  already in Mattel's possession or are readily accessible to Mattel.  Larian further

9  objects to this request to the extent that it seeks documents not in Larian's possession,

10  custody or control.  Larian also objects to this request on the grounds that it seeks

11  confidential, proprietary or commercially sensitive information, the disclosure of

12  which would be inimical to the personal and business interests of Larian.  Larian also

13  objects to this request to the extent it calls for the disclosure of attorney-client

14  privileged information or information protected from disclosure by the work-product

15  doctrine, joint defense or common interest privilege, or other privilege.

16      Larian further objects to this request as being overly broad and unduly

17  burdensome on the grounds that it is not limited in time.  Larian further objects to this

18  request as cumulative and duplicative to the extent that it seeks documents previously

19  requested by Mattel or produced by Larian in response to Mattel's document requests.

20  Dated:  2/6      , 2009

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS
 & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP

By:  _____
Amman Khan
Attorneys for the MGA Parties
for Phase Two

EXHIBIT  4
PAGE  248

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

**PROOF OF SERVICE**

1

2 STATE OF CALIFORNIA

3 COUNTY OF LOS ANGELES

4        I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard,
5 Nineteenth Floor, Los Angeles, California 90067.

6        On January 28, 2009, I served the foregoing document described as:

7 **RESPONSES TO REQUESTS FOR DOCUMENTS AND THINGS TO ISAAC LARIAN**
**(PHASE 2)**
8

9 on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

10                        **PLEASE SEE ATTACHED SERVICE LIST**

11  ☐      (BY MAIL)  I am readily familiar with the business practice for collection and
12         processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this
13         same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a
14         party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for
15         mailing contained in this affidavit.

16  ☐      (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by
         Federal Express, an express service carrier which provides overnight delivery, as
17         follows.  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested
18         party as set forth above, with fees for overnight delivery paid or provided for.

19  ☒      **(BY PERSONAL SERVICE)**  I caused such envelope to be delivered by hand
         to the offices of the above named addressee.
20
    ☐      (BY EMAIL)  I caused such documents to be delivered via email to the
21         addressee(s).

22  ☐      (BY FACSIMILE)  I caused such documents to be delivered via facsimile to the
         offices of the addressee(s) at the following facsimile number:

23 Executed this 6th day of February, 2009, at Los Angeles, California.

24        I declare under penalty of perjury under the laws of the State of California that the above is
25 true and correct.

26

27                                              YUMI CHUNG

28

665411 v1

EXHIBIT    4
PAGE    249

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
3105533000

1

## SERVICE LIST

2

3   Jon D. Corey, Esq.
    Michael T. Zeller, Esq.
4   John Quinn, Esq.
    Quinn Emanuel Urquhart Oliver & Hedges, LLP
5   865 South Figueroa Street, 10th Floor
    Los Angeles, CA 90017-2543
6
    Russel J. Frackman, Esq.
7   Patricia H. Benson, Esq.
    Mitchell, Silberberg & Knupp, LLP
8   11377 W. Olympic Blvd.
    Los Angeles, CA 90067
9   (310) 312-2000

10  Thomas J. Nolan, Esq.
    Raoul D. Kennedy, Esq.
11  Jason D. Russell, Esq.
    Skadden, Arps, Slate, Meagher & Flom LLP
12  300 South Grand Avenue, Suite 3400
    Los Angeles, CA 90071-3144
13  (213) 687-5000

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

665411 v1

EXHIBIT ___4___
PAGE ___250___

# EXHIBIT 5

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

__NEW YORK__
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

__LOS ANGELES__
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

__SAN FRANCISCO__
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

__SILICON VALLEY__
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

__CHICAGO__
250 South Wacker Drive, Suite 230
Chicago, IL 60606
(312) 463-2961
Facsimile: (312) 463-2962

__LONDON__
16 Old Bailey
London EC4M 7EG United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

__TOKYO__
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052 Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**   March 4, 2009

**NUMBER OF PAGES, INCLUDING COVER: 8**

| NAME/COMPANY | PHONE NO. | FAX NO. |
| --- | --- | --- |
| Amman A. Khan Esq.<br>Glaser, Weil, Fink, Jacobs & Shapiro, LLP | (310) 556-7865 | (310) 556-2920 |

**FROM:**   Jon D. Corey

**RE:**   Mattel, Inc. v. MGA Entertainment, Inc. et al.



**MESSAGE:**

See Attached.

| 07209/2815738.1 | | | | |
| --- | --- | --- | --- | --- |
| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | Johanna M. - 10 | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
| OPERATOR: | *(signature)* | | CONFIRMED?   ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

EXHIBIT 5
PAGE 251

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

## Confirmation Report — Memory Send

Page        : 001
Date & Time: 03-04-2009   17:51
Line 1      : 2134433100
Line 2      :
Machine ID  : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 272 |
| Date | : | 03-04  17:46 |
| To | : | ☎9414#07209#13105562920 |
| Number of pages | : | 008 |
| Start time | : | 03-04  17:46 |
| End time | : | 03-04  17:51 |
| Pages sent | : | 008 |
| Status | : | OK |
| Job number | : 272 | \*\*\* SEND SUCCESSFUL \*\*\* |

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP



NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

CHICAGO
250 South Wacker Drive, Suite 230
Chicago, IL 60606
(312) 463-2961
Facsimile: (312) 463-2962

LONDON
16 Old Bailey
London EC4M 7EG United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

TOKYO
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052 Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

### LOS ANGELES OFFICE

### FACSIMILE TRANSMISSION

**DATE:**   March 4, 2009

**NUMBER OF PAGES, INCLUDING COVER: 8**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amman A. Khan Esq. Glaser, Weil, Fink, Jacobs & Shapiro, LLP | (310) 556-7865 | (310) 556-2920 |

**FROM:**   Jon D. Corey

**RE:**   Mattel, Inc. v. MGA Entertainment, Inc. et al.

**MESSAGE:**

See Attached.

07209/2813738.1

| CLIENT # | 07209 | ROUTE/RETURN TO: | Johanna M. - 10 | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | *ivrh* | CONFIRMED? | ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT  5
PAGE  752

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

March 4, 2009

VIA FACSIMILE AND U.S. MAIL

Amman Khan, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:   Mattel v. MGA Entertainment, Inc., et al.

Dear Amman:

I write pursuant to paragraph 5 of the Discovery Master Stipulation to request a meeting of counsel regarding the numerous deficiencies in (1) MGA's Responses to Requests for Documents and Things to MGA Entertainment, Inc. (Phase 2) and (2) Isaac Larian's Responses to Requests for Documents and Things to Isaac Larian (Phase 2) (collectively, the "Responses").

As a preliminary matter, MGA and Larian have refused to produce a single document in response to any of the requests. On its face, this blanket, wholesale withholding of all responsive documents demonstrates a lack of good faith on the part of MGA and Larian to comply with their basic discovery obligations.

Deficiencies in the Responses include the following:

*Improper Specific Objections*

*The Court's January 7 Order*. MGA and Larian object to nearly every request on the grounds that they "appear[] designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance." The Court disposed of this frivolous objection at the February 11, 2009 hearing when it made clear that the January 7 Order in no way limited Mattel's ability to seek discovery. For example, the Court stated that

EXHIBIT     5
PAGE       253

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

"there is no stay on any discovery related to this case at all" (2/11/09 Hearing Tr. at 97:8-11), and in discussing its January 7 Order specifically, stated that "I didn't say anything about discovery not going forth." (Id. at 98:25-99:2). As another example, the Court unambiguously rejected MGA's theory that discovery "that is solely related to the receiver" was not permitted under the January 7 Order: "I guess where I would distinguish, counsel, is this notion of receiver discovery, or that phrase, that's not a phrase the Court has used. Not that I can recall using. If I did, I certainly did not intend to. I'm not designating that as a separate and severable part of the discovery. The question for the discovery master will be whether or not the disputed discovery request is related or relevant to the trial that has now been scheduled for March or not. I can see tremendous overlap between, for example, discovery on the financial condition of the company as it relates to damages in the Phase 2 and also issues that the receiver is looking at. And I am not making any ruling on any of this, I would not suggest for a moment that these are mutually exclusive categories." (Id. at 100:20-101:8). We expect that MGA and Larian will withdraw this objection in light of the Court's unequivocal statements.

*Relevance*. MGA and Larian object on the grounds that the requests "call[] for the production of documents and communications that are not limited to subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence." This boilerplate objection, which MGA and Larian repeat in response to every request, is without merit.

The requests are reasonably calculated to lead to the discovery admissible evidence regarding MGA's and Larian's financial condition and significant transactions affecting their financial and Mattel's intellectual property rights. This information is highly relevant to Mattel's Phase 2 claims and defenses as well as Mattel's mounting damages  For example, MGA's and Larian's net worth, financial condition, and ability to pay are relevant to the punitive damages that will be tried as part of Phase 2 in this case. See, e.g., Hilao v. Estate of Marcos, 103 F.3d 767, 781-82 & n. 7 (9th Cir. 1996) (financial condition a relevant factor in awarding punitive damages); Southern California Housing Rights Center v. Krug, 2006 WL 4122148, *4 (C.D. Cal. 2006) ("When a punitive damages claim has been asserted, a majority of federal courts permit pretrial discovery of financial information about defendants without requiring the plaintiff to establish a prima facie case on the issue of punitive damages."); Robert L. Cloud & Associates v. Mikesell, 69 Cal. App. 4th 1141,148-1152 (1999) (defendant's "ability to pay damages award" and "financial condition" were relevant to determining award of punitive damages for misappropriation of trade secrets).

Indeed, as you know, Judge Larson and the former Discovery Master have ruled that Mattel is entitled to evidence related to MGA's net worth. For example, Mattel moved to compel MGA to produce a Rule 30(b)(6) witness on issues related to MGA's net worth after MGA claimed such evidence was irrelevant and should be left to expert testimony. The Discovery Master agreed with Mattel and ordered the deposition to proceed on the issue of net worth, among others. MGA objected and appealed to Judge Larson, who affirmed the Discovery Master and held that such information was relevant and discoverable. (July 2, 2007 Order at 5.)

The information is also relevant to Mattel's remedy of disgorgement of all amounts wrongfully obtained by MGA and Larian, including the imposition of a constructive trust to recover the ill-

EXHIBIT ___5___

PAGE ___254___

gotten gains of MGA and Isaac Larian that have been transferred to other parties. Among other things, Mattel is entitled to discovery Mattel is entitled to discovery that shows all assets siphoned from MGA or Isaac Larian for which there was no compensation during the period of the alleged wrongful conduct.

The information sought is also directly relevant to Mattel's RICO claims. In its counterclaims, Mattel alleges that the counter-defendants have operated a widespread criminal enterprise that has engaged in numerous acts of mail and wire fraud and other predicate acts in violation of the RICO statute. MGA's mid-trial transactions with Omni 808 and the other non-operating entities, for example, bear the classic hallmarks of an effort to fraudulently transfer assets to its controlling shareholders and may constitute predicate acts of wire and mail fraud . See, e.g., Asdourian v. Konstantin, 77 F. Supp. 2d 349, 355, 359 (E.D.N.Y. 1999) (allegations that defendant "siphoned away" corporation's assets through "systematic looting" accomplished through fraudulent mortgages constitute predicate acts for RICO). The requested documents may also reveal additional, distinct predicate acts in support of Mattel's RICO allegations. Many of the requests seek to unravel the true nature of these "financing" transactions, which involve various shell and off-shore companies and appear to be deliberately structured to conceal the ultimate source of funding. It may be intended to "conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds" derived from defendants' unlawful activity—here, among other things, their infringement of Mattel's intellectual property. 18 U.S.C. § 1956. Whatever the reason, MGA's recent "financing" raises a host of potential predicate RICO violations, regarding which Mattel is entitled to discovery. See, e.g., 18 U.S.C. § 1957 (use of unlawful funds), 18 U.S.C. § 2314 (transportation of converted funds). Likewise, the MGA Parties' actions in manipulating the sources of funding and apparently using single-purpose companies controlled by Larian to purchase Bratz products from MGA for pennies on the dollar and resell them at a profit are relevant to predicate acts of criminal copyright infringement--predicate acts that Mattel has alleged against MGA in Phase 2.

The request documents are also relevant to Mattel's claim for unfair competition. The MGA Parties' actions in manipulating the sources of funding and apparently using single-purpose companies to unload Bratz products for pennies on the dollar and resell them may be anti-competitive actions that are encompassed by California's unfair competition laws. Under Business and Professions Code § 17200, "unfair competition" includes "any unlawful, unfair or fraudulent business act or practice...." Section 17200's scope is "sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." Rubin v. Green, 4 Cal. 4th 1187, 1200 (1993) (internal quotation marks and citation omitted). It encompasses "anti-competitive business practices as well as injuries to consumers, and has as a major purpose the preservation of fair business competition." Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 180 (1999). Accordingly, the documents sought are reasonably calculated to lead to the discovery of admissible evidence relating to Mattel's unfair competition claim.

The requested documents are also to relevant to the MGA Parties' unclean hands defense. The alleged basis for their unclean hands defense is wide ranging, touching on every aspect of Phases 1 and 2 of this case, including the alleged infringement of MGA's trade dress and Bratz products as well as allegedly interfering with MGA's efforts to hire Mattel employees. Mattel is entitled

3

EXHIBIT  5
PAGE  255

to respond to these allegations by demonstrating that the MGA Parties are precluded from invoking the unclean hands defense because they have not themselves acted with clean hands. The invocation of "unclean hands" is an equitable defense. GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1209-10 (9th Cir. 2000) (discussing "equitable defense" of "unclean hands"); In re McKesson HBOC, Inc. Erisa Litigation, 391 F.Supp.2d 812, 842 (N.D. Cal. 2005) ("[U]nclean hands is an equitable defense."). A party asserting an equitable defense, however, must itself have "clean hands." Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 385 (9th Cir. 1997) ("A cardinal maxim of equity jurisprudence is that he who comes into equity must come with clean hands.") (quoting Banks v. Rockwell Intern. North American Aircraft Operations, 855 F.2d 324, 327 (6th Cir. 1988)); Granberry v. Islay Investments, 9 Cal. 4th 738, 743-744, 750 (1995) (equitable defense may be "barred by any of the generally applicable equitable affirmative defenses, including . . . unclean hands"); Blain v. Doctor's Co., 222 Cal. App. 3d 1048, 1059 (1990) ("He who comes into Equity must come with clean hands.").

Information is also relevant and discoverable if it relates to "the credibility of any witness." Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997). MGA and Larian have made numerous statements under oath about their alleged financial condition as well as about the purported role of Omni 808 and the other non-operating entities in providing MGA with additional funding. Mattel is therefore entitled to discovery to determine the true state of these matters -- information which is directly relevant to MGA's and Larian's credibility.

The requests also seek information relevant to Mattel's damages from the MGA Parties' ongoing infringement and harm to Mattel's intellectual property rights, including the Bratz copyrights and trademarks.

*The Discovery Master's May 7, 2008 Order*. MGA and Larian object to numerous requests on the grounds that Judge Infante's May 7, 2008 Order allegedly found that "similarly phrased requests" were overly broad, unduly burdensome or otherwise improper. This objection has no merit. First, the third-party subpoenas at issue in the May 7, 2008 Order sought different information and went to different issues than the present requests. Second, Judge Infante was explicit that "[n]othing in this Order is intended to authorize or preclude Mattel from seeking documents from the non-parties identified herein as part of Phase 2 discovery, if appropriate."

*Confidentiality*. MGA and Larian object to each of the requests on the grounds that they purportedly seek documents containing trade secrets, confidential information or that are otherwise protected by a right of privacy. These boilerplate objections have been rejected time and time again, including by Judge Larson. The Protective Order in this action adequately addresses any legitimate concerns regarding confidentiality or privacy. See, e.g., Putnam v. Eli Lilly and Co., 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) (finding that a protective order "can strike the appropriate balance between the need for the information and the privacy concerns" of the party opposing production's employees); Keith H. v. Long Beach Unified School District, 228 F.R.D. 652, 658 (C.D. Cal. 2005) (compelling production of student records because of slight redactions and "a protective order to minimize any invasion of the students' privacy rights"); In re Heritage Bond Litigation, 2004 WL 1970058 at *5, n.12 (C.D. Cal. 2004) ("Any privacy concerns . . . defendants have in their bank records and related financial statements are

EXHIBIT  5
PAGE  256

adequately protected by the protective order, and are not sufficient to prevent production in this matter"); A. Farber and Partners, Inc., 234 F.R.D. at 191-92 ("[P]laintiff's need for defendant Garber's financial documents outweighs defendant Garber's claim of privacy, especially when the 'impact' of the disclosure of the information can be protected by a 'carefully drafted' protective order"). Indeed, Judge Larson and the former Discovery Master previously and repeatedly ruled that the Protective Order is sufficient to alleviate any privacy concerns. Although MGA objected to that ruling, the District Court approved the Discovery Master's order, finding that the entry of a protective order justified compelling production of even "sensitive documents" to MGA's "fierce competitor." Moreover, MGA itself has stated that "refusal to produce documents based on a purported 'trade secret' privilege is unwarranted" because the "Protective Order in this action provides for confidentiality." See Letter from Robert Herrington to Dylan Proctor dated December 7, 2007.

*Vague and ambiguous*. MGA and Larian assert vague and ambiguous objections to straight forward, commonly understood terms such as "contracts," "creditors," "lenders," "requested" and "obtained" just to name a few, as well as clearly defined terms such as "COMMUNICATIONS," "DOCUMENTS," "PERSON" AND "IDENTIFY." These objections are meritless on their face. We expect that you will withdraw them or otherwise be prepared to discuss the manner in which these and all other terms to which you have objected are purportedly vague or ambiguous.

*Compound*. MGA and Larian object to each request on the grounds that it is purportedly compound. This is not a proper objection to a request for production of documents. Moreover, to the extent a request could be deemed compound, it is no different in this respect than scores of requests for production propounded by the MGA Parties. We expect that you will withdraw this frivolous objection.

*Privilege*. MGA and Larian object generally and specifically to each and every request to the extent that calls for the disclosure of information protected by the attorney-client privilege, work-product doctrine or other privilege. To the extent MGA and Larian are withholding documents on the basis of privilege, they must sufficiently describe the those documents in a privilege log to permit Mattel to assess the applicability of the privilege claim. See Federal Rule of Civil Procedure 26(b)(5); Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1148-50 (9th Cir. 2005) (affirming district court's holding that party waived privilege objections by failing to provide privilege log within thirty days of serving its responses). We expect that MGA and Larian will provide the required privilege log in a timely manner.

MGA's and Larian's other boilerplate objections, which they repeat in response nearly every request, are also without merit. The requests are not over broad, unduly burdensome, cumulative or duplicative. MGA and Larian do not and cannot demonstrate otherwise.

*Improper General Objections*

MGA and Larian assert a host of boilerplate general objections, which they repeat in their specific objections. Through these objections, they generally assert that Mattel's document requests (including Mattel's definitions) are, among other things, irrelevant, overbroad, unduly

EXHIBIT ___5___
PAGE ___257___

burdensome, and vague and ambiguous. Such objections are the hallmark of boilerplate objections that are improper under the Federal Rules of Civil Procedure. A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (overruling defendant's boilerplate objections as improper and ordering production of documents); see Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985) (holding that court did not have discretion to limit discovery on basis of boilerplate objections). Certain of these general objections are discussed below.

*General Objection No. 3*. MGA's and Larian's objection to the extent the Requests seek documents accessible from public sources or otherwise is without merit. For example, MGA and Larian cannot refuse to produce responsive documents within their possession, custody or control and require Mattel to seek such documents third parties or other sources. MGA and Larian are parties to this lawsuit and Mattel is entitled to discoverable information in their possession, custody or control. MGA and Larian do not get to dictate what discovery devices Mattel must use to obtain information to this lawsuit. Furthermore, both Judge Larson and the Discovery Master have compelled MGA and Larian to produce documents despite MGA and Larian's repeated, and now rote, assertion of this groundless objection.

*General Objection No. 4*. MGA and Larian are obligated to produce responsive documents in their possession, custody or control. To the extent the objection to documents not "currently" in their possession, custody or control is intended to limit this obligation, it is improper. MGA's and Larian's objection to the disclosure of documents that "refer to persons, entities, or events not known" to them is also improper. MGA and Larian must produce responsive documents in their possession, custody or control whether or not those documents refer to persons, entities or events allegedly "not known" to MGA or Larian.

*General Objection Nos. 6 and 14*. MGA's and Larian's objections do not comply with the requirements of Rule 34, which provide that an objection must clearly set forth the specifics of the objection and how the objection relates to the documents being demanded. For example, MGA and Larian do not identify which definitions or instructions purportedly impose requirements "in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule" or which definitions or instructions purportedly render terms or requests "vague, ambiguous, unintelligible, overly broad, unduly burdensome or uncertain" or how they purport to do so. Generic, non-specific objections are improper and are waived.

*General Objection No. 7.*

(a)   MGA's and Larian's objection to Mattel's definition of "BRATZ" on the grounds that it is vague, ambiguous, overly broad and unduly, is "designed to mislead and confuse the trier of fact," and "include[s] . . . things that do not fairly represent the Bratz line of dolls, accessories and related products that are the subject of this case" is without merit. So too is their attempt to restrict the term "BRATZ" to "the line of dolls introduced by MGA to the market for sale in May or June of 2001 and subsequent dolls, accessories and other products known as Bratz or associated by [MGA and Larian] with the Bratz line of dolls." Among other things, MGA's and Larian's unilateral restriction on the term

EXHIBIT  5
PAGE  258

"BRATZ" would allow them to withhold documents relating dolls, accessories and other products that infringe Mattel's intellectual property rights because they are called by a different name or because they are unilaterally deemed by MGA or Larian not to be "associated with . . . the Bratz line of dolls."

(b)     MGA's and Larian's objections to the terms "any" and "REFER OR RELATE TO" have no merit.  Please be prepared to discuss how these terms are "overbroad, unduly burdensome or vague and ambiguous in the context of the requests as written and as those requests would be plainly understood absent Mattel's definitions."

(c)     MGA's and Larian's objection to the terms "IDENTIFY" and "IDENTITY" on the grounds that they purportedly "overbroad, unduly burdensome, vague, ambiguous, and oppressive is also without merit.  So too is the objection that the terms are "necessarily compound."  As stated above, that is not a proper objection to a request for product of documents.

*General Objection No. 9*.  That certain requests may call for information that could be the subject of expert testimony is not a proper objection to a request for production of documents.  If MGA and Larian has responsive non-privileged documents in their possession, custody or control they are obligated to produce.

*General Objection No. 10*.  As set forth above, the Protective Order in this case is sufficient to alleviate any legitimate concerns regarding confidential, proprietary or trade secret information.

*General Objection No. 11*.  None of Mattel's Requests call for a legal conclusion and this is not a proper objection to a request for production of documents in any event, as has been already ruled in this case on MGA and Larian's past efforts to obstruct discovery.

Unless we can resolve the issues with MGA's and Larian's responses, Mattel will seek relief that asks the Discovery Master to compel MGA and Larian to provide supplemental responses and produce responsive documents.  Mattel also reserves the right to seek all appropriate sanctions.

Please let me when MGA's and Larian's counsel is available to meet and confer on these issues within the time required.  Also, since MGA has yet to execute the stipulation modifying the Discovery Master Order and third parties are meanwhile demanding that Mattel travel to meet and confers in person, we expect that MGA's counsel will conduct this meet and confer in person at our offices.  I look forward to hearing from you.

Best regards,

Jon Corey

7

EXHIBIT ___5___
PAGE ___259___

# EXHIBIT 6



1  Robert C. O'Brien (SBN 154372)
   ARENT FOX LLP
2  555 West Fifth Street, 48th Floor
   Los Angeles, CA 90013-1065
3  Telephone: 213.629.7400
   Facsimile: 213.629.7401
4  obrien.robert@arentfox.com

5  Discovery Master

6

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11

12  CARTER BRYANT, an individual,         Case No. CV 04-09049 SGL (RNBx)

13              Plaintiff,
                                          **Consolidated with**
14          v.                            **Case No. CV 04-09059**
                                          **Case No. CV 05-2727**
15  MATTEL, INC., a Delaware
    corporation,                          **PHASE II DISCOVERY MATTER**

16              Defendant.                **ORDER NO. 3, REGARDING:**

17
                                          **(1) MOTION OF MGA**
18                                        **ENTERTAINMENT, INC.,**
                                          **ISAAC LARIAN AND MGA**
19                                        **ENTERTAINMENT (HK)**
                                          **LIMITED TO QUASH**
20                                        **NON-PARTY SUBPOENAS; and**

21                                        **(2) MOTION OF MATTEL, INC.**
                                          **TO COMPEL PRODUCTION OF**
22                                        **DOCUMENTS RESPONSIVE TO**
                                          **THE SAME NON-PARTY**
23                                        **SUBPOENAS**

24
    ┌─────────────────────────────┐
25  │ CONSOLIDATED WITH           │
    │ MATTEL, INC. v. BRYANT and  │
26  │ MGZ ENTERTAINMENT, INC. v.  │
    │ MATTEL, INC.                │
27  └─────────────────────────────┘

28
                                                    ORDER NO. 3
ARENT FOX LLP                   1            [Case No. CV 04-09049 SGL (RNBx)]
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT ___6___
PAGE ___260___

1    This Order sets forth the Discovery Master's ruling on: (1) the motion of

2    MGA Entertainment, Inc., Isaac Larian, and MGA Entertainment (HK) Limited

3    (collectively "MGA") to quash certain non-party subpoenas [Docket Number 4779]

4    and (2) the corresponding motion of Mattel, Inc. ("Mattel") to compel production of

5    documents responsive to the same non-party subpoenas [Docket Numbers 4769 and

6    4788] (collectively, the "Motions").

7        The Motions came on regularly for hearing before the Discovery Master on

8    March 4, 2009.  All interested parties were represented by counsel and afforded the

9    opportunity to present oral argument on the Motions.  The Discovery Master,

10   having considered the papers filed in support of and in opposition to the Motions,

11   and having heard oral argument thereon, rules as set forth below.

12   **I.    INTRODUCTION**

13

14       **A.    The Court's February 11, 2009 Ruling**

15       On February 11, 2009, the Court heard oral argument on various motions

16   filed by the parties.  During the proceedings, counsel took the opportunity to orally

17   request clarification by the Court regarding whether the parties' respective motions

18   relating to the subpoenas served by Mattel on various entities allegedly related to

19   MGA (the "Subpoenas") are in any way stayed or precluded by any of the Court's

20   prior orders.

21       In response, the Court stated: "I will instruct the Discovery Master this

22   afternoon, in no uncertain terms, that there is no stay on any discovery related to

23   this case at all." (Reporter's Transcript of Proceedings, February 11, 2009 ["Tr."],

24   99:8 – 10).  Counsel for MGA then referred to the fact that the Court had

25   previously declined to allow Mattel to serve certain discovery accompanying

26   Mattel's motion for a receiver and characterized the third-party subpoenas as an

27   attempt to circumvent the Court's ruling. (Tr., 101:12 – 17).  In response, the Court

28   stated:

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___
PAGE ___

Then the question becomes – and this is a question for the Discovery Master, not for this Court – whether or not the discovery is related to Phase 2. If it is, it is. I'm not going to pass any judgment whatsoever. I'm going to leave that completely up to the Discovery Master. ... The question for the [D]iscovery [M]aster will be whether or not the disputed discovery request is related or relevant to the trial that has now been scheduled for March [2010] or not.

(Tr., 101:18 – 22; 103:1 – 3).

The Discovery Master understands the Court's ruling as indicating that, in deciding the motions relating to the Subpoenas, the Discovery Master should consider whether there is a nexus between the information sought by the Subpoenas, on the one hand, and the Phase 2 claims and counterclaims set for trial in March 2010, on the other hand. If the information sought by the Subpoenas is, to use the Court's words, "related to Phase 2" or "related or relevant to the [Phase 2] trial," then that information could potentially be the subject of appropriate discovery requests by Mattel.[1]

## B.   Information Sought By The Subpoenas

The information sought by Mattel's Subpoenas falls into two broad categories. First, Mattel seeks documents from third parties Omni 808 Investors, LLC, OmniNet Capital, LLC and Vision Capital, LLC (collectively, the "Financing Entities") involving, among other things, their internal ownership and operations and their role in providing financing to MGA during the summer of 2008 (the

---

[1] Even prior to the Court's February 11, 2009 ruling, Mattel acknowledged that it had the burden of demonstrating a nexus between the information sought by the Subpoenas and the Phase 2 issues, as demonstrated by Mattel's inclusion of a section in its Motion to Compel summarizing the claims to be adjudicated in Phase 2, (Motion, pp. 5 – 8), and a section arguing that the information sought by the third-party subpoenas is relevant to Mattel's Phase 2 claims, (Id., pp. 18 - 24 and 24 – 25). However, Mattel also argued that the information sought might be appropriate regardless of any nexus to Phase 2. (See id., pp. 14 – 17 [arguing that MGA's prior statements regarding its finances in Phase 1 "opened the door" to discovery on this issue] and id., p. 23 [arguing that the information sought is relevant to MGA's credibility]). Based on the Court's subsequent ruling on February 11, 2009, as well as the Discovery Master's own independent evaluation of those arguments, the Discovery Master concludes, as discussed more fully below, that these arguments are insufficient, standing alone, to justify the non-party discovery Mattel seeks. Rather, Mattel must demonstrate some link between the information sought and the issues to be adjudicated by the Court at the Phase 2 trial.

EXHIBIT ___6___
PAGE ___262___

1   "Financing Discovery"). Based on the information presented at the February 11,

2   2009 hearing and in connection with the pending motions, it does not appear that

3   either MGA Entertainment, Inc., MGA Entertainment (HK) Limited, or Larian have

4   an ownership interest in the Financing Entities.[2]  (*See* Tr., 70:22 – 72:5; 78:9 -25).

5         Second, Mattel seeks documents from third parties IGWT Group, LLC and

6   IGWT 826 Investments, LLC (collectively, the "Transferee Entities") regarding

7   MGA's sale to them of infringing MGA inventory, namely Bratz dolls (the

8   "Transferee Discovery"). MGA does not dispute that the Transferee Entities are

9   owned and/or controlled by Larian. (*See*, *e.g.*, MGA's Reply in support of its

10  Motion to Quash, at p. 5, fn. 6, where MGA refers to the purchase of Bratz

11  inventory by the Transferee Entities as "Larian's purchase of those . . .

12  products . . . .").[3]

13  **II.**   **MGA's Motion To Quash**

14        Because it could dispose of all outstanding discovery issues related to the

15  Subpoenas, the Discovery Master first addresses MGA's Motion to Quash filed on

16  February 3, 2009.

17        **A.**   **Legal Standard**

18        As the party moving to quash the Subpoenas, MGA bears the burden of

19  satisfying the standard set forth in Rule 45(b), which provides that the court may

20  "quash or modify the subpoena if it is unreasonable and oppressive." (Fed. R. Civ.

21  P. 45(b); *see also Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir.

22  2004) ["The moving party has the burden of proof to demonstrate that compliance

23

24  ---

[2] Of course, this is one of the facts Mattel seeks to investigate through the Subpoenas to the Financing Entities. The
25  Discovery Master's ruling denying Mattel's Motion to Compel the Financing Parties to comply with the Subpoenas
does not address – and should not be construed as deciding – whether Mattel could, upon establishing a nexus to a
26  legitimate Phase 2 issue, seek to obtain this information from MGA.

27  [3] Moreover, MGA does not dispute the assertions made by Mattel in its Motion to Compel at pp. 11– 12, including
that Larian created IGWT Group during the Phase 1 trial and registered its place of business as his home address, and
that Larian created IGWT 826 Investments the day after the Phase 1 trial ended and registered it at the home address
28  of his sister.

EXHIBIT __6__
PAGE ___263___

1  with the subpoena would be unreasonable and oppressive" (internal quotations

2  omitted)]; *Linder v. Department of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998) [The

3  burden of proving that a subpoena is oppressive is on the party moving to quash];

4  *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 21 (D.D.C. 2005) [the

5  burden is on the movant to establish that a subpoena duces tecum should be

6  quashed]). "The burden is particularly heavy to support a 'motion to quash as

7  contrasted to some more limited protection.'" (*Westinghouse Electric Corp. v. City

8  of Burlington*, 351 F.2d 762, 766 (D.C.Cir.1965) [denying a motion to quash

9  supported by two affidavits]).

10     **B.     Arguments Made By MGA In Support Of Its Motion To Quash**

11     The sole argument set forth in MGA's Motion to Quash is that the Court's

12  January 7, 2009 order appointing a forensic auditor bars Mattel from seeking the

13  information sought by the Subpoenas. (*See* MGA's Motion to Quash, pp. 1 - 6).

14  But that argument fails for the reasons set forth above. The Court made it clear at

15  the hearing on February 11, 2009 that:

16         There is no stay on discovery. Period. . . . . [The forensic auditor
17         appointed by the Court] is acting at the Court's discretion to
           inform the Court of information. . . . That's an entirely separate
18         matter. And I have not stayed any discovery and there should be
19         no reliance on that. If that was misunderstood, it's clarified now.

20  (Tr., 97:15, 98:8 - 9, and 98:13 - 15).

21     Recognizing that its only argument has been rejected by the Court, MGA

22  argues for the first time in its Reply that its Motion to Quash should be granted

23  because the Subpoenas are not relevant to any of Mattel's Phase 2 claims. (*See*

24  MGA's Reply Brief in Support of the Motion to Quash, pp. 1 and 5 - 12).

25  However, MGA did not make this argument in its opening brief. It instead declared

26  in its moving papers that whether the Subpoenas are related to any "Phase 2 issues

27  is beside the point." (*Id.*, p. 5). Because MGA did not address the relevance of the

28  subject discovery until the filing of its Reply, the Discovery Master declines to

EXHIBIT ___6___
PAGE ___204___

1    consider the argument in connection with the Motion to Quash.

2         The Discovery Master, like the Court,[4] disfavors the insertion of new

3    arguments at the reply stage that could have been raised in the moving papers. A

4    party filing a motion is required to raise all of its arguments in its opening brief to

5    prevent "sandbagging" of the non-moving party and to provide opposing counsel

6    the chance to respond. This rule is routinely adhered to by courts in the Ninth

7    Circuit. (*See, e.g., United States v. Boyce*, 148 F.Supp .2d 1069, 1085

8    (S.D.Cal.2001); *Leick v. Hartford Life and Acc. Ins. Co.*, 2007 WL 1847635 at *1,

9    n. 1 (E.D.Cal. 2007); *Stewart v. Wachowski*, 2004 WL 2980783, at *11 (C.D.Cal.

10   Sept. 28, 2004); *Hamilton v. Willms*, 2007 WL 2558615, *11 (E.D.Cal.2007); *see*

11   *also United States v. Cox*, 7 F.3d 1458, 1463 (9th Cir.1993); *United States v.*

12   *Wright*, 215 F.3d 1020, 1030 n. 3 (9th Cir.2000)).

13        Furthermore, MGA will not suffer any prejudice from this decision because

14   the issue it raised in its Reply (i.e., are the Subpoenas seeking information related to

15   any Phase 2 claims) has been fully briefed by the parties and is ruled upon by the

16   Discovery Master in connection with Mattel's Motion to Compel.[5]  (*See* Section III

17   below).

18        Accordingly, MGA's Motion to Quash is **DENIED**.

19   //

20   //

21   //

22   //

23

24   [4] In *Bryant v. Mattel, Inc.*, 573 F.Supp.2d 1254, 1273 n.7 (C.D. Cal. 2007), the Court noted that it "ordinarily would
     not consider" arguments made for the first time on reply but did so only "because [undertaking the analysis did] not

25   change [its] ultimate conclusion."

26   [5] That the arguments raised in the Reply are the same as those in MGA's Opposition to the Motion to Compel is
     conceded by Mattel. Indeed, Mattel admitted in its Request to Consolidate MGA's Motion to Quash and Motion to

27   Compel (which was denied as untimely by the Discovery Master at the hearing on March 4, 2009) that the "MGA
     Parties' Opposition to Mattel's Motion to Compel Production of Documents Responsive to Third Party Subpoenas

28   . . makes the same arguments as the MGA Parties' Reply in support of their Motion to Quash."   (Mattel's Request to
     Consolidate MGA's Motion to Quash and Mattel's Motion to Compel, p. 2).

EXHIBIT    V
PAGE    705

III.   **Mattel's Motions To Compel**

    A.   **The Purported Procedural Defects Barring Mattel's Motions To Compel**

MGA, the Financing Entities, and the Transferee Entities all argue that that Mattel's Motion to Compel should be denied on several different procedural grounds.

    1.   **The Court's January 7, 2009 Order**

As an initial matter, the Transferee Entities and the Financing Entities repeat the argument made by MGA in its Motion to Quash that the Court's January 7, 2009 Order appointing a forensic auditor barred Mattel from seeking the discovery sought by the Subpoenas. (Financing Entities' Opposition to Mattel's Motion to Compel at p. 3; Transferee Entities' Opposition to Mattel's Motion to Compel at pp. 5 - 7). But that argument fares no better here than it did with respect to MGA's Motion to Quash and is rejected for the reasons discussed in Section II above.

    2.   **Local Rule 37**

The Financing Entities and the Transferee Entities also argue that Mattel's Motion to Compel should be denied because Mattel failed to comply with Local Rule 37 by, among other things, failing to meet and confer and failing to file a joint stipulation. (Financing Entities' Opposition to Mattel's Motion to Compel, pp. 1 and 7 - 10; Transferee Entities' Opposition to Mattel's Motion to Compel, p. 2 [referencing Local Rule 37 in passing]). However, Local Rule 37 (as distinguished from Federal Rule 37, which is discussed in subsection 7a, below) does not apply to discovery disputes in this case. Rather, the applicable procedure is the one adopted by the Court in its order appointing a discovery master dated December 6, 2006 ("Discovery Master Order").[6] Because the Discovery Master Order provides that

---

[6] The Discovery Master Order is incorporated by reference into the Court's January 6, 2009 Order appointing a discovery master for Phase 2 of this litigation. (*See* Court's Order dated January 6, 2009, p. 2 ["The Discovery Master will serve under the terms and conditions of the Stipulation and Order dated December 6, 2006"]).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___6___
PAGE ___266___

1   "all third parties subject to discovery requests . . . in this litigation shall be bound

2   by the terms of this Stipulation and Order," (Discovery Master Order, p. 6), that

3   order applies to the Financing Entities as well as the Transferee Entities, and its

4   procedures replace those set forth in Local Rule 37. (*Id.*, p. 4).

5                 **3.    Local Rule 11-6 And Paragraph 4(b) Of The Court's**

6                             **Standing Order**

7          The Financing Entities and MGA further argue that Mattel's Motion to

8   Compel should be denied because it exceeds the page limitations set forth in Local

9   Rule 11-6 and Paragraph 4(b) of the Court's Standing Order. (*See* Financing

10   Entities' Opposition to Mattel's Motion to Compel, p. 9; MGA's Opposition to

11   Mattel's Motion to Compel, pp. 18 - 19). Each of these contentions is unavailing.

12   The Discovery Master Order (not the Local Rules or the Court's Standing Order)

13   governs discovery disputes in this case, and it does not impose any page limit on

14   such motions.[7] In fact, the Discovery Master Order dispenses with the formatting

15   requirements of the Local Rules in certain ways, such as allowing letter briefs, and

16   even permits the parties to agree to alternative procedures, including, presumably,

17   filing briefs that are more than 25 pages in length. (*See* Discovery Master Order, p.

18   4). Thus, while the Discovery Master encourages the parties to be as efficient as

19   possible in their briefing, he recognizes that briefs in excess of 25 pages are either

20   directly permitted under the Discovery Master Order (since no page limitation was

21   imposed by the Court) or implicitly allowed (since the parties may agree to

22   alternate procedures). He further recognizes that the complex nature of this case

23   may periodically necessitate the filing of briefs that exceed 25 pages.[8] For all of

24   

---

25   [7] Even assuming the 25 page limitation for briefs did apply, Mattel had the option of filing separate motions to
26   compel for each of the subpoenas at issue and could have easily extended the page limitation well beyond the 30
pages it filed in connection with its combined motion that addressed multiple subpoenas propounded on the
Transferee Entities and the Financing Entities.

27   [8] In fact, the parties to this lawsuit have filed multiple discovery motions in this case that contained more than 25
28   pages. (*See* Supplemental Declaration of Jon D. Corey in Support of Mattel, Inc.'s Reply in Response to The MGA
Parties' Opposition to Motion to Compel, ¶ 7).

                        - 8 -               ORDER NO. 3
                                [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT   6

PAGE   207

1    these reasons, filings in excess of 25 pages are permitted.[9]

2                    **4.    Local Rule 6-1**

3            The Financing Entities argue in passing that Mattel's motion to compel

4    should be denied because it violates Local Rule 6-1. (Financing Entities'

5    Opposition to Mattel's Motion to Compel, p. 6).    However, the Discovery Master

6    Order adopts a completely different set of deadlines than the Local Rules for the

7    filing of motions, oppositions and replies, and a different schedule for noticing

8    hearing dates. (Discovery Master Order, p. 4).   Therefore, Local Rule 6-1 has no

9    applicability here.

10                   **5.    Failure To Name MGA In The Motion To Compel**

11           MGA next argues that Mattel's motion to compel is procedurally improper

12   because MGA was not named in the Motion to Compel and Mattel should not be

13   allowed to respond to MGA's objections.   (MGA's Opposition to Mattel's Motion

14   to Compel, p. 18).  But MGA has cited no legal authority, and the Discovery

15   Master has found none, standing for the proposition that a party must name in its

16   motion to compel all parties who have objected to an underlying subpoena even if

17   they are not actually the target of the subpoena.  In fact, the contention that Mattel's

18   Motion to Compel should have been brought against MGA makes no sense given

19   that it could not possibly comply with any order compelling a response to the

20   Subpoenas.

21                   **6.    Mattel's Separate Statement**

22           MGA also contends that Mattel's Motion to Compel should be denied

23   because its' separate statement "is another classic example of . . . inefficiency."

24   (*Id.*, p. 19).  Once again, nothing in the Discovery Master Order prevents a party

25   from filing a separate statement that first identifies the request in dispute and then

26

27   _____
     [9] In the event the length of briefs ever becomes excessive, the Discovery Master will issue an order setting a specific
28   page limitation.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

                                          - 9 -                    ORDER NO. 3
                                                          [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __6__
PAGE __268__

1   sets forth the various contentions of the parties, even if the information regarding

2   the various requests happens to be repetitive.  Regardless, MGA has not cited any

3   legal authority in support of its position and the Discovery Master finds no reason

4   to dispose of Mattel's Motion to Compel merely because it filed a separate

5   statement that contains duplicative arguments.[10]

6            7.    **Meeting And Conferring**

7            As their final procedural argument in opposition to the Motion to Compel,

8   the Transferee Entities and the Financing Entities assert that the motion should be

9   denied because Mattel failed to adequately meet and confer prior to filing the

10   motion. (Financing Entities' Opposition to Mattel's Motion to Compel, pp. 7 - 8;

11   Transferee Entities' Opposition to Mattel's Motion to Compel, pp. 2 - 5).

12            a.    **Applicable Procedure**

13            Prior to filing its motion to compel, Mattel had an obligation to comply with

14   both the Federal Rules of Civil Procedure and the Discovery Master Order.  Federal

15   Rule of Civil Procedure 37(a) expressly requires that a party filing a motion to

16   compel discovery first meet and confer in "good faith." (Fed. R. Civ. Proc. 37(a)).

17   Similarly, the Discovery Master Order states that unless an "alternative procedure"

18   is agreed upon or otherwise ordered by the Discovery Master, the

19            moving party shall first identify each dispute, state the relief
            sought, and identify the authority supporting the requested relief
20            in a meet and confer letter that shall be served on all parties by
            facsimile or electronic mail.  The parties shall have five court
21            days from the date of service of that letter to conduct an in-person
            conference to attempt to resolve the dispute.  If the dispute has
22            not been resolved within five court days after such service, the
            moving party may seek relief from the Discovery Master by
23            formal motion or letter brief . . .

24   (Discovery Master Order, p. 4).

25   //

26

27   _____
    [10] The Discovery Master notes that where there are numerous discovery requests in dispute he would prefer for a
28   separate statement to be submitted by the moving party.

EXHIBIT ___
PAGE ___

### b. Mattel's Meet And Confer Regarding The Financing Entities

In challenging Mattel's meet and confer effort, the Financing Entities first claim that Mattel violated the Discovery Master Order because no "in-person meeting occurred." (Financing Entities' Opposition to Mattel's Motion to Compel, p. 8). But that argument is without merit, since Mattel and the Financing Entities agreed to an alternative procedure that disposed of the in-person meet and confer requirement.[11] Indeed, MGA's counsel sent counsel for Mattel, counsel for the Transferee Entities and counsel for the *Financing Entities* a letter on January 23, 2009 memorializing the parties' agreement and establishing a schedule whereby the parties would "meet and confer on January 29 and 30 . . ." (Mattel's Reply in Support of its Motion to Compel filed on February 13, 2009, pp. 9 - 10; Supplemental Declaration of Jon D. Corey in Support of Mattel's Reply to the Motion to Compel filed on February 13, 2009, ¶ 4 and Ex. 2). That the Financing Entities' counsel received this letter and acted in accordance with its terms is evidenced by, among other things, the fact that they served objections to the Subpoenas on January 28, 2009 (which was the deadline specified in the January 23 letter) and started meeting and conferring with Mattel's counsel telephonically on January 30. (Financing Entities' Opposition to Mattel's Motion to Compel, pp. 3 and 4). Accordingly, Mattel did not have any obligation to meet with the Financing Entities in person since the parties had agreed to waive that obligation.

Nevertheless, Mattel still had an obligation to meet and confer with the Financing Entities in good faith. Good faith cannot be shown merely through perfunctory efforts; rather Federal Rule of Civil Procedure 37 mandates a genuine attempt to resolve the discovery dispute through non-judicial means. (Fed. R. Civ.

---

[11] To promote efficiency and minimize the necessity for counsel to travel between their respective offices, the Discovery Master shall deem Paragraph 5 of the Discovery Master Order (mandating that the parties have an in person conference to attempt to resolve discovery disputes) to be sufficiently satisfied if the parties and non-parties involved in a discovery dispute meet and confer telephonically or by video conference. However, the Discovery Master emphasizes that this accommodation in no way lessens the parties' obligation to meet and confer in good faith.

- 11 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___6___
PAGE ___270___

1    Proc. 37(a)(1)).

2         Because the evidence and declarations submitted by Mattel and the Financing

3    Entities are in conflict regarding what transpired during their respective meet and

4    confer communications, (*Cf.* Financing Entities' Opposition to Mattel's Motion to

5    Compel, pp. 3 – 5; Mattel's Reply Brief in Support of its Motion to Compel filed on

6    February 13, 2009, pp. 9-10), the Discovery Master gives Mattel the benefit of the

7    doubt and concludes that it adequately met and conferred with respect to Omni 808

8    Investors, LLC and Vision Capital, LLC.

9         By contrast, Mattel arguably did not even begin the meet and confer process

10   with OmniNet Capital, LLC prior to filing its motion to compel, because counsel

11   for the Financing Entities informed Mattel that they did not receive that Subpoena

12   until the afternoon of February 2, 2009 and filed objections to the Subpoena on that

13   date. (Financing Entities' Opposition to Mattel's Motion to Compel at p. 5).  No

14   "good faith" meeting could therefore have taken place.

15        Although the meet and confer with respect to OmniNet Capital, LLC was

16   inadequate, the Discovery Master will nonetheless address the merits of Mattel's

17   Motion to Compel in all respects, including concerning the Subpoena served on

18   OmniNet Capital, LLC.  The Discovery Master does so for purposes of efficiency

19   (i.e., the issues to be decided regarding the subpoena served on OmniNet Capital,

20   LLC are essentially identical to those that must be addressed in connection with the

21   subpoenas served on Omni 808 Investors, LLC and Vision Capital, LLC) and

22   because addressing the merits of the motion does not alter the outcome.[12]

23              c.    **Mattel's Efforts To Meet And Confer Regarding The**

24                    **Transferee Entities**

25        Like the Financing Entities, the Transferee Entities contend that Mattel's

26   motion to compel should be denied because it did not meet and confer in good faith.

27

28   _____

[12] As noted above, the parties are admonished to abide by the provisions of the Discovery Master Order requiring a good faith attempt to meet and confer regarding discovery disputes prior to the filing of any discovery motion.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 3
- 12 -
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  U
PAGE  271

1   (Transferee Entities' Opposition to Mattel's Motion to Compel, pp. 2 - 5). Yet, the

2   Transferee Entities concede that their counsel engaged in multiple meet and confer

3   teleconferences. (*Id.* at pp. 3 - 4). Several emails and letters were also exchanged

4   between the parties as part of the meet and confer process. (*Id.*). In light of these

5   interactions, the Discovery Master again gives Mattel the benefit of the doubt in

6   favor of resolving the issues on the merits and concludes that it adequately met and

7   conferred with the Transferee Entities.

8       **B.    Legal Standard Governing Enforcement Of The Subpoenas**

9       Federal Rule of Civil Procedure 26(b)(1) provides for discovery in civil

10   actions of "any matter, not privileged, which is relevant to the subject matter

11   involved . . .. The information sought need not be admissible at the trial if the

12   information sought appears reasonably calculated to lead to the discovery of

13   admissible evidence." Rule 26(b) is liberally interpreted to permit wide-ranging

14   discovery of all information reasonably calculated to lead to discovery

15   of admissible evidence; but the discoverable information need not be admissible at

16   the trial. (*Jones v. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248,

17   250 (D.Kan.1993)).

18       The broad scope of discovery described in subsection (b)(1) is tempered by

19   provisions protecting the responding party from undue burden. Rule 26(b)(2)

20   provides that the frequency or extent of discovery otherwise allowed by the Rules

21   must be limited if the court determines that "(i) the discovery sought is

22   unreasonably cumulative or duplicative, or is obtainable from some other source

23   that is more convenient, less burdensome, or less expensive; (ii) the party seeking

24   discovery has had ample opportunity by discovery in the action to obtain the

25   information sought; or (iii) the burden or expense of the proposed discovery

26   outweighs its likely benefit, taking into account the needs of the case, the amount in

27   controversy, the parties' resources, the importance of the issues at stake in the

28   litigation, and the importance of the proposed discovery in resolving the issues."

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 13 -

EXHIBIT __6__
PAGE __272__

1      Moreover, the Federal Rules distinguish between discovery from non-parties

2 to a lawsuit (governed under Rule 45) and discovery from parties (governed

3 generally by Rule 26), based in part on the recognition that the former is inherently

4 more burdensome and less convenient than the latter. (*See, e.g., Solarex v. Arco*

5 *Solar, Inc.*, 121 F.R.D. 163, 179 (E.D.N.Y. 1988) [The status of a non-party is

6 significant when determining whether compliance with a discovery demand would

7 constitute an undue burden]; *Katz v. Batvia Marine and Sporting Supplies, Inc.*, 984

8 F.2d 422, 424 (Fed. Cir. 1993) [The fact that discovery is sought from a non-party

9 is one factor that the Court may weigh in determining whether the discovery

10 requested is necessary, relevant, or burdensome]. Courts applying Rules 26 and 45

11 have interpreted these rules to afford non-parties special heightened protection

12 against burdensome discovery. (*See, e.g., Exxon Shipping Co. v. U.S. Dept of*

13 *Interior*, 34 F.3d 774, 779 (9th Cir. 1994)).

14      Accordingly, requests for documents that pertain to a party and that can be

15 more easily and inexpensively obtained from that party also impose an undue

16 burden. (*Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005)).

17 Further, if the documents sought are neither relevant nor calculated to lead to the

18 discovery of admissible evidence, "then any burden whatsoever imposed upon the

19 non-party would be by definition undue." (*Compaq Computer Corp. v. Packard*

20 *Bell Electronics, Inc.*, 163 F.R.D. 329, 335-336 (N.D.Cal. 1995)).

21      Each of the moving parties bears the burden of establishing the basis for the

22 relief it seeks. As the party moving to compel compliance with the Subpoenas,

23 Mattel bears the burden of "establishing that the information sought is relevant and

24 necessary to its lawsuit." (*Cytodyne Technologies, Inc. v. Biogenic Technologies,*

25 *Inc.*, 216 F.R.D. 533, 534 (M.D.Fla. 2003)).

26      Finally, in deciding whether to enforce a subpoena, the Discovery Master

27 must balance "the relevance of the discovery sought, the requesting party's need,

28 and the potential hardship to the party subject to the subpoena." (*Heat & Control,*

EXHIBIT __6__
PAGE __273__

1   *Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1024 (Fed.Cir.1986) citing

2   *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 560, 564 (7th Cir.1984)).

3        **C.    Mattel's Contention That MGA Has Placed Its Finances At Issue**

4        As its first ground for moving to compel production of the documents sought

5   by the Subpoenas, Mattel argues that MGA has misrepresented its finances, thereby

6   making it necessary and appropriate for Mattel "to obtain an accurate understanding

7   of MGA's and Larian's finances." (Motion to Compel, p. 14). According to

8   Mattel, MGA's supposed misrepresentations have placed its financial condition at

9   issue, and have opened the door to discovery of any information bearing on MGA's

10  finances. (*Id.* ["Discovery on MGA's financials is amply warranted by MGA's

11  own statements *alone.*"] (emphasis added)).

12       However, after Mattel filed its Motion, the Court made it clear that the

13  validity of the Subpoenas must be evaluated with reference to whether they relate to

14  the matters to be adjudicated in Phase 2.  As the Discovery Master understands the

15  Court's ruling, the Subpoenas cannot be justified merely because they seek

16  information regarding some contention made during Phase 1, without regard to

17  Phase 2. In other words, putting a fact at issue in Phase 1, cannot, standing alone,

18  suffice to render that fact the proper subject of discovery in Phase 2.

19       Thus, to the extent Mattel's first argument asserts that MGA's statements,

20  standing alone, warrant discovery from the Subpoena recipients, that argument is

21  rejected.  Rather, the Discovery Master will evaluate whether discovery of MGA's

22  finances is warranted in light of the issues to be adjudicated in Phase 2.

23       Further, even if Mattel were not required to demonstrate some nexus between

24  the Subpoenas and the issues to be adjudicated in Phase 2, the argument that the

25  Subpoenas are justified because MGA placed its financial condition at issue would

26  still fail for the simple reason that Mattel is not seeking discovery from MGA but

27  rather *non- parties*.  Mattel does not cite any statements or conduct by the

28  //

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT ___6___
PAGE ___274___

1 Financing Entities putting their financial affairs at issue in this litigation.[13]

2 Rather, Mattel argues that the statements and conduct of *MGA* should be attributed

3 to the Financing Entities and construed as their consent to discovery of their

4 internal financial affairs. Such an assumption is unwarranted.

5   **D. Mattel's Contention That The Subject Discovery Is Relevant To**

6    **Phase 2**

7    **1. Subpoenas To The Financing Entities**

8 Mattel next argues that the Subpoenas to the Financing Entities seek

9 information relevant to a variety of Phase 2 issues.[14]

10    **a. Mattel's RICO Counterclaim**

11 Mattel first asserts in its Motion to Compel that the discovery it seeks is

12 relevant to its RICO counterclaim because "Mattel alleges that the counter-

13 defendants have operated a widespread criminal enterprise that has engaged in

14 numerous acts of mail and wire fraud and other predicate acts in violation of the

15 RICO statute" and that "MGA's mid-trial transactions with Omni 808 and the other

16 non-operating entities" is "a continuation of that pattern of racketeering activity."

17 (Motion, p. 18).

18

---

19 [13] In its Reply to the Financing Entities' Opposition to its Motion to Compel, Mattel argues that the Financing

20 Entities (referred to by Mattel as the "Omni Parties") have injected themselves into the litigation because one of them, Omni 808 Investors, LLC, applied to intervene. (Reply, p. 8). However, a decision on that application has

21 been deferred by the Court, (Tr., 80:15 – 17), and therefore Omni 808 Investors, LLC and the other Financing Entities remain outsiders to the litigation entitled to the heightened protection from discovery normally afforded non-parties.

22 [14] Mattel argues in one of its reply briefs filed on February 25, 2009 that the Discovery Master should strike MGA's

23 Opposition to the Motion to Compel because: (1) MGA indicated that it would not be filing an Opposition and (2) the Opposition was filed a week late. (*See* Mattel's Reply in Response to MGA's Opposition to the Motion to

24 Compel, p. 4). The Discovery Master declines that request. The assertion that MGA would not file an Opposition is based on an alleged oral conversation which counsel for Mattel apparently did not confirm in writing. (*See*

25 Supplemental Declaration of Jon D. Corey in Support of Mattel's Reply in Response to MGA's Opposition to the Motion to Compel, ¶ 4). Even assuming such a statement had been made, MGA was entitled to change its mind. As

26 for Mattel's argument that the Opposition was untimely, the Discovery Master notes that he was only recently appointed. This fact combined with the backlog of discovery motions may have resulted in some confusion as to

27 when various briefs were due to be filed. The Discovery Master prefers to address issues on the merits and declines to strike the Opposition as untimely. Notwithstanding the foregoing, the Discovery Master urges the parties to

28 strictly comply with the briefing schedule set forth under the Discover Master Order for all future discovery motions unless an alternative procedure is agreed upon by the parties and approved by the Discovery Master or the Court.

EXHIBIT ____ 6 ____
PAGE ____ 275 ____

1    But Mattel's allegations in support of its RICO counterclaim turn on

2    misappropriation of trade secrets and confidential information, and make no

3    mention of improper transfers of funds or any other predicate act similar to MGA's

4    purported business transactions with any of the Financing Entities.[15]  Accordingly,

5    these financial transactions are not a "continuation" of the "pattern" of conduct

6    Mattel alleges in very precise detail in its RICO counterclaim.  (*Asdourian v.*

7    *Konstantin*, 77 F. Supp. 2d 349, 358 (E.D.N.Y. 1999) [cited by Mattel and stating

8    RICO claimant must show "[a]n interrelationship between acts, suggesting the

9    existence of a pattern, [which] may be established...[by] proof of their temporal

10   proximity, or common goals, or similarity of methods, or repetitions' (citation

11   omitted)]; *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 238-39 (1989) [RICO claims

12   must be supported by a "pattern" of activity and "the mere fact that there are a

13   number of predicates is no guarantee that they fall into any arrangement or order.

14   A pattern is not formed by sporadic activity ...  Instead, the term 'pattern' itself

15   requires the showing of a relationship between the predicates" (quotations and

16   internal citations omitted)]).

17   At this stage, Mattel has failed to demonstrate a relationship between the

18   predicate acts alleged by Mattel in its Counterclaims – which were bound together

19   by a purported scheme to misappropriate Mattel's trade secrets – and the

20   //

21   //

22   //

23   [15] *See* Mattel's Second Amended Answer and Counterclaims ("Counterclaims"), p. 55-62, ¶ 90 [alleging the MGA

24   Parties and other counter-defendants "for the purpose of executing and attempting to execute the scheme to
     improperly defraud Mattel and steal its trade secret or otherwise confidential and proprietary information" committed

25   various predicate acts], ¶ 91 [alleging the MGA Parties and other counter-defendants "shared the common purpose of
     enabling MGA to obtain confidential, proprietary and otherwise valuable Mattel property through improper means in

26   order to assist MGA in illegally competing with Mattel"], ¶ 92 [alleging the enterprises are continuing enterprises
     because they are "designed to and did unlawfully acquire the confidential business information and property of

27   Mattel and incorporated this information and property into MGA's ongoing business, marketing strategies and
     business methods, practices, and processes"], ¶ 93(a) [alleging mail fraud committed in furtherance of scheme to

28   "defraud Mattel of its confidential trade secret information and property"], ¶ 93(b) [alleging wire fraud "defraud
     Mattel of its confidential and trade secret information and property", and ¶ 102 [the MGA Parties and other counter-
     defendants "schemed to defraud Mattel and steal its property and trade secret information"].

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 17 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___6___
PAGE ___276___

1    transactions Mattel seeks to investigate here.[16]

2         Also, the RICO counterclaim (like the other counterclaims to be adjudicated

3    in Phase 2) was asserted in July, 2007 – more than a year before either Omni 808

4    Investors, LLC or Vision Capital, LLC came into existence – and therefore

5    apparently did not encompass the activities of those entities or the transactions

6    which are the subject of the Financing Discovery.  While that fact might be

7    overcome by a showing that the Financing Entities were created or used to further a

8    scheme to carry on misconduct that is the subject of Phase 2, Mattel did not

9    demonstrate that such is the case in its briefs and supporting evidence.

10        In sum, absent some argument or evidence demonstrating a nexus between

11    the predicate activities alleged in the RICO counterclaim, on the one hand, and the

12    transactions and other matters which are the subject of the Financing Discovery, on

13    the other hand, there has been no showing by Mattel that the Subpoenas to the

14    Financing Entities are reasonably calculated to lead to the discovery of admissible

15    evidence regarding the RICO counterclaim.

16               **b.**    **Mattel's Disgorgement Remedy**

17        Next, Mattel asserts that the Subpoenas to the Financing Entities seek

18    information relevant to its remedy of disgorgement, which is an available remedy

19    for Mattel's Phase 2 counterclaim for misappropriation of trade secrets.  Mattel

20    argues:

21

22    [16] This conclusion is consistent with the case cited by Mattel – *Eastman Kodak Co. v. Camarata*, 238 F.R.D. 372

23    (W.D.N.Y. 2006).  There, the plaintiffs "asserted broad civil RICO claims against the Nicolo defendants predicated, among other violations, upon alleged money laundering violations.  Specifically, the Complaint alleges that the

24    Nicolo defendants and the other named defendants constituted an enterprise as defined in the RICO statute that was engaged in a pattern of racketeering activity, including mail and wire fraud and, more importantly for purposes of

25    this motion, money laundering." (*Id.*, at 375).  "The alleged money laundering consisted of repeated deposits into various financial institutions in order both to promote and carry on the unlawful activity – that is, by paying and

26    depositing kickbacks to certain members of the enterprise – and to conceal and attempt to conceal the proceeds, their nature, source and location – that is, by transferring funds between defendants and between various accounts

27    maintained by those defendants." (*Id.* [emphasis added]).  Thus, inquiry into the defendants' finances was appropriate as it was likely to reveal activity related to the alleged predicate acts.  Here, on the other hand, Mattel has

28    not alleged any sort of financial scheme which would support inquiry into the MGA Parties' financial transactions with third parties.

EXHIBIT   6
PAGE    277

> For purposes of establishing disgorgement, Mattel must take into account money transferred from MGA and Isaac Larian, regardless of the manner in which it was transferred. Mattel is entitled to discovery that shows all assets siphoned from MGA or Isaac Larian . . . . By these subpoenas, Mattel seeks evidence to prove the amount the defendants must disgorge. Money that properly belonged to Mattel was transferred from MGA or Isaac Larian to an entity controlled by them.

(Motion, pp. 20:1 – 4, 21:12 – 14).

While the foregoing statements may be true as a general proposition, none of the Financing Entities is alleged to have "received money that properly belonged to Mattel." To the contrary, Mattel asserts that the Financing Entities are creditors of MGA. Therefore, Mattel has not demonstrated how any of the categories of documents sought from the Financing Entities would aid it in ascertaining the amount defendants must disgorge.

### c.   Phase 2 Damages

Mattel's third argument in favor of enforcement of the Subpoenas is that they "seek documents relevant to MGA's financial condition" and other "factors relevant to an award of punitive damages." (Motion to Compel, p. 21:19 – 22). Depending on the particular scope of the document request, such discovery from Omni 808 Investors, LLC may be appropriate in connection with Phase 2 because any information evidencing MGA's indebtedness to Omni 808 Investors, LLC from the purchase of the alleged Wachovia debt or direct loans to MGA is relevant to MGA's net worth (and hence punitive damages).[17] As the Court noted in its February 11, 2009 ruling:

> I can see tremendous overlap between, for example, discovery on

---

[17] The Discovery Master's analysis is fundamentally different for OmniNet Capital, LLC and Vision Capital, LLC because neither entity is alleged by Mattel to be a creditor of MGA Entertainment, Inc. (Motion to Compel, pp. 9 and 10). To the contrary, Mattel concedes that "OmniNet [Capital, LLC] is not the actual secured party, and thus presumably not the actual debt purchaser/lender. Rather, the company holding the security interest is Omni 808 [Investors, LLC] . . . [which] appears to be owned funded by a company called Vision Capital, LLC." (Id.) Because it admits that OmniNet Capital, LLC and Vision Capital, LLC are not creditors of MGA, Mattel has failed to show that the information sought from those entities has any bearing on MGA's financial condition.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 19 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___
PAGE ___ 278

1    financial condition of the company as it relates to damages in the
2    Phase 2 and also issues that the receiver is looking at.  And
     without making a ruling on any of this, I would not suggest for a
     moment that these are mutually exclusive categories.

3

(Tr., 101:3 - 8)

4

5    Mattel argues that the necessary connection between the Financing

6    Discovery and Phase 2 damages exists because the Financing Entities have acquired

7    a security interest in MGA's assets, which, in turn, affects MGA's financial

     condition.  Specifically, Mattel argues that Omni 808 Investors, LLC is:

8

9    directly involved in providing funding to MGA in exchange for a
     security interest.  Such funding, and security interests, are in and
10   of themselves directly relevant to the financial condition of the
     MGA Parties, including the amount of the security interests, the
11   terms and conditions of the funding, and the rate of funding. . . .

12   (Motion to Compel, p. 22: 13 – 17).

13   The Discovery Master agrees that such limited information, as it relates to

14   the purchase by Omni 808 Investors, LLC of the debt obligation previously held by

15   Wachovia Bank, is reasonably calculated to lead to the discovery of admissible

16   evidence concerning Phase 2 issues, including the calculation of MGA's net worth

17   for purposes of calculating punitive damages.[18]  Accordingly, Mattel's motion to

18   compel responses from Omni 808 Investors, LLC is granted with respect to

19   documents relating to (1) the existence of any debt owed by MGA Entertainment,

20   Inc. to Omni 808 Investors, LLC and (2) any communications between Omni 808

21   Investors, LLC and the MGA parties regarding any such indebtedness.

22   The problem, however, is the vast majority of the document requests set forth

23   in the Subpoena propounded on Omni 808 Investors, LLC are not narrowly tailored

24   to obtain information demonstrating the amount and nature of MGA's indebtedness

25   (and hence net worth) or communications regarding any such debt,[19] but instead

26
     _____
     [18] During oral argument, counsel for MGA represented (and counsel for Mattel seemed to agree) that the Court
27   deferred discovery regarding the Wachovia debt until the middle of the Phase I trial.  (Reporter's Transcript of
     Proceedings, March 4, 2009, pp. 72, 85 and 86).  The extent to which that damages information was obtained directly
     from Wachovia, as opposed to MGA, is not clear from the record provided to the Discovery Master.

28
     [19] Nor did Mattel move to compel MGA to produce this information in the first instance.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

                                                    - 20 -           ORDER NO. 3
                                                            [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  6
PAGE _____ 279

1 would require the Financing Entities to produce virtually every document in their

2 possession regarding their formation, operations, and history of transactions.

3 Among other things, the Subpoenas to the Financing Entities seek:

4     •     All records that "substantiate transfers of assets" by the Financing

5            Entities "to other entities, individuals, and/or parties, within the U.S.

6            and outside of the U.S." (Exhibits 27-29 to Supplemental Declaration

7            of Jon D. Corey In Support Of Mattel, Inc.'s Reply In Support Of

8            Motion To Compel Production of Documents Responsive to Third-

9            Party Subpoenas, Attachment A, ¶ 16);

10     •     All documents "detailing or setting forth the relationship" between

11            each of the Financing Entities and other non-parties (*Id.* at ¶¶ 6-10);

12     •     All documents referring or relating to the "all contributions, loans and

13            any sources of funding" for the Financing Entities (*Id.* at ¶ 13);

14     •     All documents referring or relating to the "source of funding" of other

15            non-parties (*Id.* at ¶ 16);

16     •     All documents showing detail of "all loan facilities" referring or

17            relating to the Financing Entities and other non-parties (*Id.* at ¶ 14);

18     •     All documents referring or relating to "transactions involving any

19            compensation, loans, advances, payments, fees or any other form of

20            consideration" paid to other non-parties (*Id.* at ¶ 15);

21     •     All "communications" referring or relating to the Financing Entities

22            and other non-parties (*Id.* at ¶ 17).

23     Accordingly, the Discovery Master concludes that most of the categories of

24 documents in the Subpoenas are overbroad and not reasonably calculated to lead to

25 the discovery of admissible evidence with respect to Phase 2 issues, as detailed in

26 Section IV below (entitled "Disposition").

27 //

28

EXHIBIT   6

PAGE   280

### d.   Credibility Of MGA Witnesses

Mattel's fourth argument consists of a single, conclusory paragraph asserting that it is entitled to its discovery in order to determine the credibility of MGA's witnesses. To support this argument, Mattel first states that information is discoverable "if it relates to 'the credibility of any witness.'" (Motion to Compel, p. 23 (citing *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997)).[20] Next, Mattel asserts that "MGA and Larian made statements under oath about their financial condition as well as about the role of Omni 808 and the other non-operating entities in providing MGA with additional funding." (*Id.*) But that is the full extent of Mattel's argument. Mattel does not attempt to show that the specific discovery that it has propounded is reasonably calculated to lead to the discovery of the evidence that it contends would be admissible.

Discoverable information generally includes evidence relevant to the credibility of a party or a key witness. (See *Paulsen v. Case Corp.*, 168 F.R.D. 285, 287-288 (C.D. Cal. 1996); see also *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 603-604 (C.D. Cal. 1995); *U.S. v. City of Torrance*, 164 F.R.D. 493, 495 (C.D. Cal. 1995)). If Mattel's discovery were reasonably calculated to lead to the discovery of such information, then it might be permissible. (*Id.* ["Rule 26 is liberally interpreted to permit wide ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence."]) But Mattel has not taken any steps to connect its discovery to such evidence. As discussed above, Mattel bears the burden of demonstrating that its discovery is reasonably calculated to lead to the discovery of admissible evidence. Here, Mattel has only stated that credibility evidence can be admissible and that credibility is at issue in this case – without referring at all to specific categories of documents in the Subpoenas or

---

[20] The Discovery Master notes that the case cited by Mattel does not actually discuss or apply this proposition.

EXHIBIT ___6___
PAGE ___281___

1    linking those categories of documents to prior or anticipated testimony of MGA's

2    witnesses. Simply stating that credibility evidence is discoverable does nothing

3    toward meeting Mattel's burden to demonstrate that the particular discovery at issue

4    here is reasonably calculated to lead to the discovery of such evidence.

5                    e.    **MGA's Unclean Hands**

6            Mattel next argues in its Motion to Compel that MGA has asserted an

7    unclean hands defense in response to Mattel's Phase 2 claims, and consequently

8    Mattel is entitled to discover whether the MGA Parties are currently "engaging in

9    sham and fraudulent financial transactions such as concealing profits" to preclude

10   MGA "from invoking the unclean hands defense themselves." (Motion, pp. 23 -

11   24.) But this argument does not apply to the Financing Entities because, as

12   discussed above, Mattel does not claim that the Financing Entities have "received

13   money that properly belonged to Mattel" or otherwise used those entities to conceal

14   profits. To the contrary, Mattel asserts that the Financing Entities are creditors of

15   MGA.

16           Regardless, Mattel's theory is that, even if Mattel has unclean hands, MGA

17   may not assert that defense unless MGA itself is blameless. (*Id.*, at 24 [a "party

18   asserting an equitable defense, however, must itself have 'clean hands.'"]).

19   Mattel's statement of the law is correct as far as it goes. But, as the Ninth Circuit

20   has stated, "'unclean hands does not constitute 'misconduct in the abstract,

21   unrelated to the claim to which it is asserted as a defense.'" (*Jarrow Formulas, Inc.*

22   *v. Nutrition Now, Inc.*, 304 F.3d 829, 841 (9th Cir. 2002)). "It is fundamental to

23   [the] operation of the doctrine that the alleged misconduct . . . relate directly to the

24   transaction concerning which the complaint is made." (*Dollar Sys., Inc. v. Avcar*

25   *Leasing Sys., Inc.* 13 F.2d 165, 173 (9th Cir. 1989)). Accordingly, courts will not

26   allow discovery based on an unclean hands defense where the "allegations of

27   misconduct do not relate to the transactions... forming the basis for the

28   []complaint." (*Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 952 (S.D.Cal.

EXHIBIT 6
PAGE 282

1   1996)).

2       Here, Mattel does not link any of the categories of documents referenced in

3   the Subpoenas (which involve the creation and operation of the Financing Entities

4   beginning with their formation in the summer of 2008) to any of the conduct at

5   issue in Phase 2 (which involves such matters as the alleged theft of trade secrets in

6   Mexico in 2004 and other conduct unrelated to the relationship between the

7   Financing Entities and MGA). Accordingly, the Financing Discovery is not

8   reasonably calculated to lead to the discovery of admissible evidence regarding

9   MGA's alleged unclean hands in connection with the matters to be adjudicated in

10   Phase 2.

11           f.       **Mattel's Unfair Competition Counterclaim**

12       As Mattel acknowledges, California's Unfair Competition Law, Business &

13   Professions Code §§ 17200 et seq. (the "Unfair Competition Law") encompasses

14   "'anti–competitive business practices as well as injuries to consumers, and has as a

15   major purpose the preservation of fair business competition.'" (Opp. at 24:25 –

16   25:2, quoting *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone*

17   *Co.* (1999) 20 Cal.4th 163, 180)). However, Mattel's papers do not sufficiently

18   demonstrate that the documents sought from the Financing Entities involve "anti-

19   competitive business practices," "injuries to consumers," or anything affecting

20   consumers or the public at all. Instead, Mattel simply asserts, without any

21   supporting analysis, that MGA has violated the Unfair Competition Law by

22   "manipulating the sources of [its own] funding" (presumably the Financing

23   Entities). That allegation, even if true, does not appear to involve the "unlawful,

24   unfair or fraudulent" marketing or sale of anything and therefore does not fall

25   within the ambit of the Unfair Competition Law.

26   //

27   //

28   //

EXHIBIT ___L___
PAGE ___283___

g.   **Summary Of The Discovery Master's Findings With Respect To The Subpoenas Directed To The Financing Entities**

For the foregoing reasons, the Discovery Master finds that, based on the record before him, Mattel has failed to sufficiently articulate the necessary connection between most of the Financing Discovery and any Phase 2 issue. Moreover, while there is a connection between the Financing Discovery and some of the Phase 2 issues referenced (i.e., MGA's financial condition and its bearing on Mattel's claim for punitive damages), Mattel has failed to demonstrate that the Subpoenas meet the standard set forth in Rule 26(b)(2) and that all of the requested discovery is permissible in light of the case law interpreting Rules 26 and 45.

Accordingly, Mattel's motion to compel the Financing Entities to comply with the Subpoenas is **GRANTED** in part and **DENIED** in part.

2.   **Subpoenas To The Transferee Entities**

In their briefs regarding the enforceability of the Subpoenas, Mattel and MGA do not, as a general rule, make a distinction between the Financing Entities and the Transferee Entities, but rather direct the same arguments to both groups collectively. However, there are important distinctions between the two groups, including, without limitation, that: (1) the Transferee Entities appear to be affiliated with – if not wholly owned by – Larian; (2) the Transferee Discovery involves the sale of MGA assets (i.e., Bratz products) in which Mattel has an ownership interest pursuant to the Court's December 3, 2008 ruling; and (3) the Subpoenas seek some documents relevant to Phase 2 issues which presumably cannot be obtained from MGA, namely the Transferee Entities' contracts with, and records of sales to, third parties purchasing the Bratz products. Accordingly, in ruling on the Subpoenas directed to the Transferee Entities, the Discovery Master's analysis of certain of the parties' above-referenced arguments differs, as follows.

//

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 25 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __4__
PAGE __204__

| | |
|---|---|
| 1 | a. **Non-Party Considerations** |
| 2 | To begin with, the distinction between a party and non-party here is less |
| 3 | compelling given the MGA parties' apparent admission that the Transferee Entities |
| 4 | are single purpose entities created and controlled by Larian (who is, of course, |
| 5 | himself a party) to dispose of inventory that is the subject of this litigation. Further, |
| 6 | the MGA parties presumably do not have custody of the sales contracts whereby |
| 7 | IGWT Group LLC sold Bratz products to third parties. The Discovery Master also |
| 8 | notes that counsel for the Transferee Entities has submitted a declaration stating |
| 9 | that there are "hundreds of sales contracts at issue, and as such, thousands of |
| 10 | documents responsive to Mattel's requests." (Declaration of Jeffrey B. Valle dated |
| 11 | February 17, 2009 ["Valle Decl."], ¶ 7). The unavailability of these relevant |
| 12 | documents from any other source weighs heavily in favor of enforcing the |
| 13 | Subpoena to IGWT Group LLC. |
| 14 | b. **Relevance To Phase 2 Issues** |
| 15 | 1. **Phase 2 Damages** |
| 16 | As mentioned above, Mattel argues that the Subpoenas "seek documents |
| 17 | relevant to MGA and Larian's financial condition, net worth, and ability to pay" on |
| 18 | the ground that such information is relevant to Mattel's Phase 2 damages claims, |
| 19 | including Mattel's claim for punitive damages. |
| 20 | For the reasons previously discussed, the Discovery Master finds that, with respect |
| 21 | to the Financing Entities, the discovery requests were, for the most part overbroad, |
| 22 | and/or not sufficiently linked to Phase 2 issues. However, the Discovery Master's |
| 23 | analysis is necessarily different with respect to entities which were created and |
| 24 | apparently wholly owned and/or controlled by Larian (a defendant in Phase 2), and |
| 25 | which are admittedly selling inventory which generate revenues in which Mattel |
| 26 | has an interest. Specifically, Mattel contends that Larian has caused MGA to sell |
| 27 | the inventory at a deep (80%) discount to the Transferee Entities. This practice, if |
| 28 | true, limits MGA's profits (which go to MGA's balance sheet, and ultimately |

EXHIBIT ____
PAGE ____

1   affects MGA's net worth) while at the same time allowing Larian to capture

2   additional profits which otherwise would have been realized by MGA and reflected

3   on MGA's balance sheet). Accordingly, the Discovery Master finds that most of

4   the documents Mattel seeks to subpoena from the Transferee Entities properly

5   relate to Phase 2 issues, as specified in Section IV below.[21]

6                      **2.      Mattel's Unfair Competition Counterclaim**

7          Given MGA's admissions regarding Larian's ownership/control of the

8   Transferee Entities, coupled with their sale of inventory purchased from MGA, the

9   Discovery Master finds that many of the documents requested from the Transferee

10  Entities are also arguably related to a "fraudulent," "unlawful," or "unfair" business

11  practice within the meaning of the Unfair Competition Law and the scope of

12  Mattel's Counterclaims. Among other things, the Court's December 3, 2008 order

13  imposes a constructive trust on the proceeds of MGA's sale of the subject

14  inventory. If, as Mattel argues, MGA's sale of that inventory to the Transferee

15  Entities constitutes a scheme on the part of Larian to enrich himself by depriving

16  Mattel of the true profits to be paid to Mattel pursuant to the Court's order, then

17  such conduct would constitute an unlawful attempt to circumvent the Court's order

18  and arguably render the transaction between MGA and the Transferee Entities an

19  anti-competitive business practice that is unlawful, unfair or fraudulent to other toy

20  manufacturers, including Mattel. Therefore, such alleged misconduct, if proven,

21  could violate the Unfair Competition Law.

22         Moreover, although Mattel asserted its counterclaim for violation of the

23  Unfair Competition Law prior to the alleged misconduct (and long before the

24  Transferee Entities came into existence), Mattel phrased its allegations broadly

25  ─────────────

26  [21] The Discovery Master notes that IGWT 826 Investments is registered at the home address of Larian's sister and
    brother-in-law, indicating that some of Larian's relatives may be involved in the ownership or operation of the

27  Transferee Entities. Accordingly, the Discovery Master has specified in some instances that the production of
    documents shall include those referencing not only Larian, but also his spouse, his children, his siblings, or their

28  spouses, or any entity or person affiliated with them. However, the Discovery Master has stopped short of ordering
    the production of documents relating to any other entities, individuals "within the U.S. and outside the U.S.," as
    requested in Category 6 of each of the Subpoenas directed to the Transferee Entities.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
                                    - 27 -          ORDER NO. 3
                                            [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___6___
PAGE ___286___

1   enough to potentially encompass subsequent acts of unfair competition which

2   perpetuate or extend the misconduct alleged in the Counterclaims.  Unlike Mattel's

3   RICO counterclaim, Mattel's Twelfth Counterclaim for Unfair Competition does

4   not purport to rest on a list of enumerated, factually detailed and carefully defined

5   acts, but rather is phrased broadly to cover "unlawful, unfair and/or fraudulent acts

6   of unfair competition" which include, "without limitation" certain illustrative

7   examples.  (Counterclaims, p. 74, ¶ 165).

8        Of course, the Discovery Master cannot predict whether the Court will

9   ultimately deem Mattel's unfair competition counterclaim to be sufficiently elastic

10  to encompass MGA's alleged misuse of the Transferee Entities or whether Mattel

11  will seek (and the Court permit) amendment of the counterclaim to expressly

12  reference such alleged misconduct.  Nevertheless, in light of the fact that the

13  discovery need only appear reasonably calculated to lead to the discovery of

14  admissible evidence, the Discovery Master finds that certain aspects of the

15  Subpoenas are sufficiently related to Mattel's Phase 2 unfair competition claim.

16              c.      **Summary Of The Discovery Master's Findings With**

17                      **Respect To The Subpoenas Directed To The**

18                      **Transferee Entities**

19       As set forth above, the Discovery Master finds that Mattel has sufficiently

20  articulated a connection between some of the Transferee Discovery and its Phase 2

21  claims.  Accordingly, Mattel's motion to compel the Transferee Entities to comply

22  with the Subpoenas is **GRANTED** in part and **DENIED** in part.

23  IV.   **Disposition**

24       1.      The Motion to Quash filed by MGA is **DENIED**.

25       2.      Mattel's Motion to Compel the Financing Entities to produce

26  documents responsive to the Subpoenas is **DENIED** with respect to OmniNet

27  Capital, LLC and Vision Capital, LLC.

28       3.      Mattel's Motion to Compel Omni 808 Investors, LLC to produce

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 28 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT   L
PAGE      287

1   documents responsive to the Subpoena propounded on it is **GRANTED** in part and

2   **DENIED** in part, as follows:

3         a.   Requests 1 through 3, 13, 15, and 17:  The Motion is granted

4   with respect to documents relating to (1) the existence of any debt owed by MGA

5   Entertainment, Inc. to Omni 808 Investors, LLC, including any debt purchased

6   from Wachovia Bank, and (2) any communications between Omni 808 Investors,

7   LLC and the MGA parties regarding any such indebtedness.  The motion is denied

8   regarding any other documents sought by these requests.

9         b.   Requests 4 through 12, 14 and 18:  The Motion is denied.

10       4.   Mattel's Motion to Compel the Transferee Entities to produce

11   documents responsive to the Subpoenas is **DENIED** as to Request 6 propounded to

12   IGWT Group LLC and Request 6 propounded to IGWT 826 Investments, LLC.

13       5.   Mattel's Motion to Compel the Transferee Entities to produce

14   documents responsive to the Subpoenas is **GRANTED**, as follows:

15                                 **Subpoena To IGWT Group LLC**

16         a.   Request 1:  The Motion is granted with respect to documents

17   relating to the purchase by, or transfer to, IGWT Group LLC of any items of value,

18   including Bratz products, from MGA, Larian, his spouse, his children, his siblings,

19   or their spouses, or any entity or person affiliated with them.

20         b.   Request 2:  The Motion is granted

21         c.   Request 3:  The Motion is granted with respect to documents

22   relating to any ownership interest by Larian, his spouse, his children, his siblings,

23   or their spouses, or any entity or person affiliated with them.

24         d.   Request 4:  The Motion is granted with respect to documents

25   relating to any sources of funding by Larian, his spouse, his children, his siblings,

26   or their spouses, or any entity or person affiliated with them.

27         e.   Request 5:  The Motion is granted with respect to documents

28   relating to any compensation, loans, advances, payments, fees or any other form of

EXHIBIT   6
PAGE   788

1   consideration paid by IGWT Group LLC to Larian, his spouse, his children, his

2   siblings, or their spouses, or any entity or person affiliated with them.

3          f.     Request 7: The Motion is granted.

4          **Subpoena To IGWT 826 Investments LLC**

5          a.     Request 1: The Motion is granted with respect to documents

6   relating to the purchase by, or transfer to, IGWT 826 Investments LLC of any items

7   of value, including Bratz products, from MGA, Larian, his spouse, his children, his

8   siblings, or their spouses, or any entity or person affiliated with them.

9          b.     Request 2: The Motion is granted

10          c.     Request 3: The Motion is granted with respect to documents

11   relating to any ownership interest by Larian, his spouse, his children, his siblings,

12   or their spouses, or any entity or person affiliated with them.

13          d.     Request 4: The Motion is granted with respect to documents

14   relating to any sources of funding by Larian, his spouse, his children, his siblings,

15   or their spouses, or any entity or person affiliated with them.

16          e.     Request 5: The Motion is granted with respect to documents

17   relating to any compensation, loans, advances, payments, fees or any other form of

18   consideration paid by IGWT 826 Investments LLC to Larian, his spouse, his

19   children, his siblings, or their spouses, or any entity or person affiliated with them.

20          f.     Request 7: The Motion is granted.

21       5.    All non-privileged documents referenced in Paragraphs 3 and 5, above,

22   shall be produced within 30 days of this Order, subject to any applicable

23   confidentiality designations available under the Protective Order.

24       6.    Nothing in this Order should be deemed to prevent Mattel from

25   seeking discovery from the MGA parties of documents encompassed by the

26   Subpoenas upon the showing of a sufficient nexus between the particular discovery

27   requests and legitimate Phase 2 issues, and subject to any applicable objections.

28   //

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 30 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___6___
PAGE ___289___

1   Dated:  March 10, 2009

2

3

4                                                        By:_____/s/ Robert C. O'Brien___

5                                                              ROBERT C. O'BRIEN
                                                                 Discovery Master
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 31 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___6___
PAGE ___210___

# EXHIBIT 7

LAW OFFICES

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7865
EMAIL: AKHAN@GLASERWEIL.COM

March 11, 2009                      ⛫ MERITAS LAW FIRMS WORLDWIDE

**VIA E-MAIL AND FACSIMILE**

Jon D. Corey, Esq.
Quinn, Emanuel, Urquhart,
    Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

> Re:     *Bryant v. Mattel, Inc. and Consolidated Actions*
>           U.S.D.C. Eastern Division, Case No. CV04-09049 SJL (RNBx)

Dear Jon:

This responds to your March 4, 2009 letter concerning MGA's and Isaac Larian's Responses to Mattel's irrelevant and redundant Requests for Documents and Things (Phase 2) Set One [*sic*] (collectively, the "Requests").

The Requests seek the same information that was the subject of the March 10, 2009 Order regarding Mattel's Motion to Compel Production of Documents Responsive to the subpoenas directed to non-parties at Omni 808 Investors, LLC, Omni Net Capital, LLC, Vision Capital, LLC, IGWT Group, LLC and IGWT 826 Investments, LLC. (*See* Requests 17-36; 39-49.) In that Order, the Discovery Master concluded that "most of the categories of documents in the Subpoenas are overbroad and not reasonably calculated to lead to the discovery of admissible evidence with respect to Phase 2 issues." (3/10/09 Order at 21:23-26.) The Discovery Master also emphasized that Mattel must show "a sufficient nexus between the particular discovery requests and legitimate Phase 2 issues." (3/10/09 Order at 30:26-27.) As set forth below, Mattel has failed to meet its burden set by the Discovery Master and MGA's and Larian's general and specific objections to the Requests are entirely proper.

In addition, Mattel failed to satisfy its "meet and confer" obligations under both the Federal Rules of Civil Procedure and the Discovery Master Order. (3/10/09 Order at 10:13-14.) In particular, the "moving party shall first identify each dispute, state the relief sought, and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail." (3/10/09 Order at 10:19-21, citing Discovery Master Order, p. 4.) Indeed, your "meet and confer" letter is premature in light of the March 10, 2009 Order, which relates to and resolves many of the issues set forth in your letter. Your attempt to "meet on confer" on those issues is, at the very least, deficient because your letter fails to identify how Mattel's position with respect to each of the disputed Requests is supported, if at all, by the recent March 10, 2009 Order.

669628

EXHIBIT     7
PAGE        291

Jon D. Corey, Esq.
March 11, 2009
Page 2

A.     **Mattel's Requests Seek Irrelevant Information**

Mattel seeks information that is not relevant to the Phase Two claims or defenses and is thus non-discoverable. Indeed, the Court made clear in its January 7, 2009 Order that Mattel's requested financial discovery *must be related to its Phase 2 claims*. (3/11/09 Order at 15:12-14 ("the Court made clear that the validity of the Subpoenas must be evaluated with reference to whether they relate to the matters to be adjudicated in Phase 2."); *see also* February 11, 2009 Hearing Tr. at 101:1-3 ("The question for the discovery master will be whether or not the disputed discovery request is related or relevant to the trial that has now been scheduled for March or not").) Mattel's Phase 2 claims focus on purported misappropriation of trade secrets by former Mattel employees for the MGA Parties' benefit. (Mattel's Second Amended Answer & Counterclaims, ¶ 20 (summarizing claims), ¶¶ 37-77 (alleging misappropriation of trade secrets and confidential information by former Mattel employees who joined MGA), ¶¶ 78-81 (alleging misrepresentations by MGA to retailers about Mattel). As Mattel must now concede, the discovery Mattel seeks has absolutely no relation to those claims.

In the March 10, 2009 Order, the Discovery Master determined that the financial discovery sought by Mattel is irrelevant to the issues to be adjudicated in Phase 2. With respect to third parties Omni 808 Investors, LLC, OmniNet Capital, LLC and Vision Capital, LLC (collectively referred to as the "Financing Entities" in the March 10, 2009 Order), the Discovery Master found that Mattel has failed to articulate the necessary connection between the discovery sought from the Financing Entities and the Phase 2 issues. (3/10/09 Order at 25:4-11.) Because the information sought by Mattel in connection with OmniNet Capital, LLC and Vision Capital, LLC is not relevant to any of the Phase 2 issues, such information is not discoverable.

With respect to Omni 808 Investors, LLC, the Discovery Master found that "the vast majority of document requests ... propounded on Omni 808 Investors, LLC are not narrowly tailored" and would "require the Financing Entities to produce virtually every document in their possession regarding their formation, operations, and history of transactions." (3/10/09 Order at 20:22-21:2.) Mattel's Requests to MGA and Larian in connection with Omni 808 Investors, LLC are similarly objectionable because they are overly broad and not limited to the Phase 2 issues. (*See e.g.*, Request No. 24 ("All documents referring or relating to agreements, contracts or transactions between MGA and Omni 808 Investors, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.").)

With respect to the documents sought from third parties IGWT Group, LLC and IGWT 826 Investments, LLC (collectively referred to as the "Transferee Entities" in the March 10, 2009 Order), the Discovery Master also substantially limited the scope of discoverable information concerning those entities. (3/10/09 Order at 29:15-30:20.) In your "meet and confer" letter, Mattel fails to show that the discovery sought from MGA and Larian regarding those entities is narrowly tailored in any way to the Phase 2 issues. Indeed, Mattel's Requests would require MGA and Larian to produce nearly every document in their possession regarding IGWT Group, LLC's and IGWT 826 Investments, LLC's formation, operations, and history of transactions, without any limitation as to time or subject matter. (*See e.g.*, Requests 17-21, 28-

EXHIBIT __7__
PAGE __79__

Jon D. Corey, Esq.
March 11, 2009
Page 3

29, 35-36.) Such overly broad and unduly burdensome requests were expressly rejected by the
Discovery Master. (*See* 3/10/09 Order at 20:22-21:2.) Accordingly, Mattel's document requests
must be properly limited to comply with the March 10, 2009 Order.

The Discovery Master also roundly rejected Mattel's arguments that the information
sought is relevant to Mattel's unsubstantiated claims that MGA was "fraudulently transferring
assets," that MGA "put its finances at issue," or that the information was relevant to MGA's
"credibility," "unfair competition" or "unclean hands" (*See* 3/10/09 Order at 20-24). The
Discovery Master found that these arguments did not cure Mattel's failure to draw a sufficient
nexus between the information sought and its Phase 2 claims and your March 4, 2009 letter
suffers the same defects.

Mattel then baselessly argues that the requested documents are relevant to "predicate acts
of criminal copyright infringement." However, criminal copyright infringement requires willful
infringement and the Phase I jury has already ruled that neither MGA, MGA HK, nor Larian
willfully infringed Mattel's copyrights. (17 U.S.C. § 506(a)(1).) Accordingly, this predicate act
is not available in Phase 2 and may not serve as a basis for Mattel's discovery requests.

**B.     The MGA Parties' General Objections to Mattel's Requests Are Entirely Proper**

**1.     Mattel's Requests Are Overbroad and Unduly Burdensome:**

Mattel contends that MGA's and Larian's objections based on Judge Infante's May 7,
2008 Order are without merit. Mattel is wrong. First, the third-party subpoenas at issue in the
May 7, 2008 Order sought information that is similar to the discovery Mattel now seeks. In
particular, Judge Infante found that Mattel's subpoenas were overly broad in seeking "financial
documents regarding numerous non-parties, including everyone who has ever worked for or
represented MGA or Isaac Larian, and every relative of Isaac Larian." (5/7/08 Order at 11:2-4.)
The discovery at issue here is just as sweeping. For example, Request No. 1 seeks financial
information from not only MGA, but from "any person acting directly or indirectly by, through,
under or on behalf of MGA." This request would include any one who has ever worked for
MGA or acted on its behalf, without any limitation as to time. Moreover, Request No. 15 seeks
"all W-2s referring or relating to any Isaac Larian family member since January 1, 2007."

As Judge Infante previously ruled in connection with similarly broad and burdensome
requests, "the probative value of the information Mattel seeks is substantially outweighed by the
burden of production, especially in light of the privacy interests of the many non-parties who
would be affected." (5/7/08 Order at 11:15-17 (emphasis added).) For those same reasons,
Mattel's Requests here are overly broad and sweeping in vast amounts of documents that have
little to no relevance to the Phase 2 issues. Accordingly, the MGA Parties' overbroad and
burdensome objections are entirely proper. *O'Brien v. Maui County*, 2002 U.S. App. LEXIS
10835, at *273 (9th Cir. May 6, 2002) (holding that district court did not abuse its discretion in
denying motion to compel because document requests were "irrelevant, overbroad and unduly
burdensome"); *Davis v. C/O Kissinger*, 2009 U.S. Dist. LEXIS 2828, at *10 (E.D. Cal. Jan. 8,
2009) (denying motion to compel because defendant properly objected to document requests as

EXHIBIT   7
PAGE   893

Jon D. Corey, Esq.
March 11, 2009
Page 4

being overbroad, burdensome and not reasonably calculated to lead to the discovery of
admissible evidence).

### 2.   The MGA Parties' Privacy and Confidentiality Objections Are Proper:

The MGA Parties properly object to the Requests to the extent that they violate the
privacy rights of third parties to their private, confidential, proprietary or trade secret
information. Many of the Requests seek information concerning the non-party entities
themselves and not their involvement with the MGA Parties. For example, Mattel asks for
"documents sufficient to identify each member, managing member, holder of any ownership
interest in, shareholder, officer and director of [the non-party entities]." (*See* Requests 28-32,
35-36.) Moreover, many of Mattel's Requests are not limited to the MGA Parties and seek
"documents referring or relating to agreements, contracts or transactions between [the non-party
entities] and MGA *or any other Person*." (*See* Requests 26-27 (emphasis added).) It is well-
established that non-parties are afforded special protections against burdensome discovery.
*Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994); *Katz v. Batvia
Marine and Sporting Supplies, Inc.*, 984 F. 2d 422, 424 (Fed. Cir. 1993) ("the fact of nonparty
status may be considered by the court in weighing the burdens imposed in the circumstances").
"[T]he status of the person as a nonparty is a factor that weighs against disclosure." *Beinin v.
Center for Study of Popular Culture*, 2007 U.S. Dist. LEXIS 22518, at *16 (N.D. Cal. March 16,
2009).

Moreover, disclosure of the requested documents would constitute an invasion of the
third-parties' rights to financial privacy. Federal courts recognize a constitutionally based right
of privacy that can be raised in response to discovery requests. *Elena Del Campo v. American
Corrective Counseling Services, Inc.*, U.S. Dist. LEXIS 81880 (N.D. Cal. Aug. 26, 2008)
(denying motion to compel production of documents based on party's right to privacy). Private
financial records are entitled to such privacy protections. *Ryan v. Editions Ltd. West, Inc.*, 2007
U.S. Dist. LEXIS 62725, *8 (N.D. Cal. Aug. 14, 2007) ("federal courts generally treat financial
information as private").

Additionally, federal courts have recognized that "a protective order may not always
protect a party" from the disclosure of confidential and/or private information. *See Mid
Continent Cabinetry, Inc., v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990) ("For
example, if a plaintiff and defendant were business competitors, disclosure of defendant's
financial records to the plaintiff, even with a protective order, could cause the defendant great
harm."); *CEH, Inc. v. FV Seafarer*, 153 F.R.D. 491, 499 (D. R.I. 1994) (same). In any event, the
disclosure would still be to Mattel's attorneys who have a close and wide-ranging relationship
with the company.

For the foregoing reasons, the MGA Parties' objections to the Requests to the extent that
they violate the privacy rights of third parties to their private, confidential, proprietary or trade
secret information are entirely proper.

EXHIBIT __7__
PAGE __274__

Jon D. Corey, Esq.
March 11, 2009
Page 5

### 3.   MGA and Larian are Only Required to Produce Documents in Their Possession, Custody or Control:

As a matter of law, MGA and Larian are only required to produce records which are in their "possession, custody or control." Fed. R. Civ. P. 34(a). Many of the documents that Mattel seeks concern third-parties to this action and are not in MGA or Larian's possession, custody or control. Mattel has failed to meet its burden to show otherwise. *See United States v. International Union of Petroleum & Industrial Workers*, 870 F.2d 1450, 1452 (9th Cir. Cal. 1989) ("the party seeking production of the documents … bears the burden of proving that the opposing party has such control").

### 4.   The MGA Parties' Vague and Ambiguous Objections are Proper:

The MGA Parties' vague and ambiguous objections are also proper. For example, Request No. 18 seeks: "All documents referring or relating to the alleged transfer of product from MGA to IGWT Group, LLC pursuant to the Inventory Purchase Agreement dated July 7, 2008, including without limitation all audits or other valuations performed in connection with such product, any opinions relating to the fairness or unfairness of such transfer, all MGA corporate or director resolutions or approvals of such transfer, all bids received or solicited in connection with the purported sale or offering for sale of such product, the terms of such bids and any other and all communications relating to any of the foregoing." Mattel, however, provides no definition whatsoever of the terms "purported sale or offering for sale," "financial information" or "historical and prospective financial performance." Without clarification of those terms, and other similarly vague and ambiguous terms identified in the responses, the MGA Parties will not withdraw their objections to Mattel's Requests.

### 5.   The MGA Parties Have Fully Complied with Rule 34

In their responses, MGA and Larian specifically identify which definition, document or thing they are objecting to and the reasons for those objections. For example, as noted in your "meet and confer" letter, MGA and Larian object to Mattel's definition of "Bratz" as "vague, ambiguous, overly broad and unduly burdensome, and designed to mislead and confuse the trier of fact" specifically because that definition would include "things that do not fairly represent the Bratz line of dolls, accessories and related products that are the subject of this case." (General Objection No. 7.) Accordingly, MGA's and Larian's objections fully comply with Rule 34.

### 6.   Mattel is Only Entitled to a Privilege Log (if Necessary) Once the MGA Parties' Objections Are Resolved

To the extent that Mattel's Requests call for the production of relevant information that is protected by the attorney-client privilege, work-product doctrine or other privilege, and to the extent that responsive documents exist, the MGA Parties will provide a privilege log of those documents only after any remaining issues concerning MGA's and Larian's responses have been resolved and, if necessary, the Discovery Master has ruled on the MGA Parties' objections. *See United States v. Phillip Morris*, 347 F.3d 951, 954 (D.C. Cir. 2003) ("if a party's pending

EXHIBIT 7
PAGE 95

Jon D. Corey, Esq.
March 11, 2009
Page 6

objections apply to allegedly privileged documents, the party need not log the document until the court rules on its objections").

Very truly yours,

Amman Khan
of GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

AK:la

EXHIBIT __7__
PAGE __296__

# EXHIBIT 8

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

March 13, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Amman Khan, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:     <u>Mattel v. MGA Entertainment, Inc., et al.</u>

Dear Amman:

I write in response to your March 11, 2009 letter regarding Mattel's Requests for Production to MGA and Isaac Larian (Phase 2).

First, as set forth in the Discovery Master's March 10, 2009 Order, that order was without prejudice to seeking from MGA or Larian documents sought in the referenced requests. *See* Discovery Master Order No. 3 at 30-31.

Second, you failed to respond to Mattel's requests for a time to meet and confer regarding MGA and Larians' blanket objections to those requests. MGA's time to meet and confer as required by the Discovery Master Order has now passed. Nevertheless, we are happy to discuss the objections and any other issues to see if a resolution can be reached. Please let me know when, in the next day or two, you are available to do so.

I look forward to hearing from you.

Best regards,

Jon Corey
07975/2834116.1

EXHIBIT 8
PAGE 297

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   March 13, 2009

**NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amman Kahn, Esq.<br>Glaser, Weil, Fink, Jacobs, & Shapiro, LLP | 310.553.3000 | 310.556.2920 |
| | | |

**FROM:**   Jon Corey

**RE:**   Mattel, Inc. v. Bryant

**MESSAGE:**

Please see attached.

FAXED
MAR 1 3 2009

07209/2780147.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Johanna Lopez -10th | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | PRISCILLA | | CONFIRMED?   ☐ No   ☐ YES: _____ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service.  Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT   8
PAGE _____ 298

# Confirmation Report — Memory Send

Page        : 001
Date & Time: 03-13-2009   10:53
Line 1      : 2134433100
Line 2      :
Machine ID  : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 393 |
| Date | : | 03-13  10:51 |
| To | : | ☎76706#7209#13105562920 |
| Number of pages | : | 002 |
| Start time | : | 03-13  10:51 |
| End time | : | 03-13  10:53 |
| Pages sent | : | 002 |
| Status | : | OK |

Job number    : 393          *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
61 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:   March 13, 2009          NUMBER OF PAGES, INCLUDING COVER: 2

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amman Kaba, Esq.<br>Glaser, Weil, Fink, Jacobs, & Shapiro, LLP | 310.553.3000 | 310.556.2920 |

FROM:   Jon Corey

RE:     Mattel, Inc. v. Bryant

MESSAGE:

Please see attached.

07209/2780147.1

| | | | |
|---|---|---|---|
| CLIENT # | 7209 | ROUTE/<br>RETURN TO:   Johanna Lopez -10th | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
| OPERATOR: | PRISCILLA | CONFIRMED?  ☐ No   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT  8

PAGE  299

# EXHIBIT 9

Chronological Copy

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

March 13, 2009

<u>Via U.S. Mail</u>

Amman Khan, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:     Bryant v. Mattel, Inc. and Consolidated Actions,
        Case No. CV04-09049

Dear Mr. Khan:

As you know, counsel for Fred Mashian is now arguing that the "Lexington Financial, LLC" referred to in previously served subpoenas should be referred to as "Lexington Financial Limited, A Nevis Company."  Although it has been obvious to all what entity was being referenced, and out of an abundance of caution to obviate this dubious, at best technical contention counsel raised for the first time many weeks after the subpoenas were served, we are enclosing corrected requests that address this contention, but whose contents are otherwise identical.

Please let me know if you have any questions.

Best regards,

Jon D. Corey
Encl.
cc: Alexander H. Cote

EXHIBIT __9__
PAGE __300__

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

07975/2829493.1
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5    Los Angeles, California 90017-2543
     Telephone:  (213) 443-3000
6    Facsimile:  (213) 443-3100

7    Attorneys for Mattel, Inc.

8

9                   UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

12   CARTER BRYANT, an individual,         CASE NO. CV 04-9049 SGL (RNBx)

13            Plaintiff,                    Consolidated with
                                            Case No. CV 04-09059
14        vs.                              Case No. CV 05-02727

15   MATTEL, INC., a Delaware              MATTEL, INC.'S FIRST SET OF
     corporation,                          REQUESTS FOR DOCUMENTS AND
16                                         THINGS TO ISAAC LARIAN
              Defendant.                    (PHASE 2)
17

18   AND CONSOLIDATED CASES

19

20

21   PROPOUNDING PARTY:  MATTEL, INC.

22   RESPONDING PARTY:    ISAAC LARIAN

23   SET NO.:             FIRST (PHASE 2)

24

25

26

27

28
                                            EXHIBIT ___9___
07975/2826110.1                             PAGE ___3o1___

     MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO ISAAC LARIAN (Phase 2)

1         Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>,

2  Mattel, Inc. hereby requests that Isaac Larian ("Larian") respond to these document

3  requests ("Requests") and make available for inspection and copying originals of the

4  following documents within 30 days of service at the offices of Quinn Emanuel

5  Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th floor,

6  Los Angeles, CA 90017.  Larian shall be obligated to supplement responses to these

7  requests at such times and to the extent required by <u>Rule</u> 26(e) of the <u>Federal Rules</u>

8  <u>of Civil Procedure</u>.

9

10  **I.**    **DEFINITIONS**

11         A.    "YOU," "YOUR," "ISAAC LARIAN" or "LARIAN" means

12  Isaac Larian and any individual or entity acting directly or indirectly by, through,

13  under or on behalf of Isaac Larian, including but not limited to current or former

14  directors, officers, agents, attorneys, employees, partners, joint venturers,

15  contractors, accountants, or representatives of Isaac Larian or any entity under the

16  control or direction of Isaac Larian (including but not limited to MGA), and any

17  corporation, partnership, association, limited liability company, trust, predecessor-

18  in-interest and successor-in-interest, and any other PERSON acting on behalf of

19  Isaac Larian or pursuant to his authority or subject to his control.

20         B.    "MGA" means MGA Entertainment, Inc. and any PERSON

21  acting directly or indirectly by, through, under or on behalf of MGA Entertainment,

22  Inc., including but not limited to, current or former directors, officers, agents,

23  attorneys, employees, partners, joint venturers, contractors, accountants, or

24  representatives of MGA Entertainment, Inc., and any current or former corporation,

25  partnership, association, trust, parent, subsidiary, division, AFFILIATE,

26  predecessor-in-interest and successor-in-interest of MGA Entertainment, Inc., and

27  any other PERSON acting on its behalf.

28

EXHIBIT  9

PAGE   302

-2-

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO ISAAC LARIAN (Phase 2)

C.    "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

D.    "MASHIAN" means Fred Mashian and any individual or entity acting directly or indirectly by, through, under or on behalf of Fred Mashian, including but not limited to current or former directors, officers, agents, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives of Fred Mashian or any entity under the control or direction of Fred Mashian, and any corporation, partnership, association, limited liability company, trust, predecessor-in-interest and successor-in-interest, and any other PERSON acting on behalf of Fred Mashian or pursuant to his authority or subject to his control.

E.    "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. As used herein, "product, doll or DESIGNS or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll, product or three-dimensional embodiment existing at the time of the event, incident

EXHIBIT  9
PAGE  303

07975/2826110.1

-3-

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO ISAAC LARIAN (Phase 2)

1 | or occurrence that is the subject of, or otherwise relevant or responsive to, the
2 | Requests herein.

3         F.     "DESIGN" or "DESIGNS" means any and all representations,
4 | whether two-dimensional or three-dimensional, and whether in tangible, digital,
5 | electronic or other form, including but not limited to all works, designs, artwork,
6 | sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
7 | diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
8 | practice, developments, inventions and/or improvements, as well as all other items,
9 | things and DOCUMENTS in which any of the foregoing are or have been
10 | expressed, embodied, contained, fixed or reflected in any manner, whether in whole
11 | or in part.

12         G.     "DOCUMENT" or "DOCUMENTS" means all "writings" and
13 | "recordings" as those terms are defined in Rule 1001 of the Federal Rules of
14 | Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all
15 | writings, including but not limited to, handwriting, typewriting, printing, image,
16 | photograph, photocopy, digital file of any kind, transmittal by (or as an attachment
17 | to) electronic mail (including instant messages and text messages) or facsimile,
18 | video and audio recordings, and every other means of recording upon any tangible
19 | thing, any form of COMMUNICATION or representation, and any record thereby
20 | created, regardless of the manner in which the record has been stored, and all non-
21 | identical copies of such DOCUMENTS, in the possession, custody, or control of
22 | YOU, YOUR counsel, or any other PERSON acting on YOUR behalf.

23         H.     "AFFILIATES" means any and all corporations, limited liability
24 | companies, associations, proprietorships, d/b/a's, partnerships, joint ventures and
25 | business entities of any kind that, directly or indirectly, in whole or in part, own or
26 | control, are under common ownership or control with, or are owned or controlled by
27 | a PERSON, party or entity, including without limitation, each parent, subsidiary and
28 | joint venture of such PERSON, party or entity.

EXHIBIT _9_
PAGE _304_

07975/2826110.1

-4-