1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148008)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA  94105-2669
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:   +1-213-612-2499
11
    Attorneys for MGA Parties
12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15                    EASTERN DIVISION

16  CARTER BRYANT, an individual,        Case No.  CV 04-9049-SGL (RNBx)

17              Plaintiff,               Consolidated with: Case No. CV 04-9059
                                         and Case No. CV 05-2727
18        v.
                                         **DISCOVERY MATTER**
19  MATTEL, INC., a Delaware             [To Be Heard by Discovery Master
    corporation,                         Robert O'Brien Pursuant to Order of
20                                       January 6, 2009]
              Defendant.
21                                       **MGA ENTERTAINMENT, INC.'S
                                         MOTION TO COMPEL FURTHER
22                                       RESPONSES TO MGA'S FIRST SET
    AND CONSOLIDATED ACTIONS            OF PHASE 2 INTERROGATORIES
23                                       AND SECOND SET OF PHASE 2
                                         REQUESTS FOR PRODUCTION**
24
                                         Date:        TBD
25                                       Time:        TBD
                                         Courtroom:  TBD
26
                                         **Phase 2**
27                                       Discovery Cutoff:      December 11, 2009
                                         Pretrial Conference: March 1, 2010
28                                       Trial Date:            March 23, 2010

OHS West:260698938.2                                    MTN TO COMPEL FURTHER RESPONSES TO
                                                             INTERROGATORIES AND RFP
                                                              CV 04-9049 SGL (RNBx)

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, at a hearing before Discovery Master Robert

3    C. O'Brien that will occur on a date and at a time to be determined by the

4    Discovery Master, MGA Entertainment, Inc. ("MGA") will, and hereby does, move

5    to compel Mattel, Inc. ("Mattel") to provide further responses to MGA's First Set

6    of Phase 2 Interrogatories (the "Interrogatories") and Second Set of Phase 2

7    Requests for Production Nos. 69-76, 80, 82, 84, 85, 90, 93, 98, 107, and 108 (the

8    "Requests at Issue").

9    This Motion is made pursuant to Federal Rules of Civil Procedure 33, 34,

10   and 37 and the Order appointing the Discovery Master on the grounds that Mattel

11   has failed to provide substantive responses to any of the Interrogatories or Requests

12   at Issue, relying instead on a litany of improper objections that lack any merit.  In

13   particular, MGA has not exceeded its allotted interrogatories, and Mattel's reliance

14   on this argument as the primary basis for its refusal to respond substantively to this

15   discovery is unwarranted and an attempt to thwart MGA's legitimate attempts to

16   obtain the discovery to which it is entitled.

17   This Motion is based on this Notice of Motion and Motion, the

18   accompanying Memorandum of Points and Authorities, the Declarations of Andrew

19   C. Spitser, Caroline H. Mankey, Frank D. Rorie, and Robert J. Herrington and

20   Separate Statement filed concurrently herewith, the records and files of this Court,

21   any argument to be presented upon the hearing of this Motion, and all other matters

22   of which the Court may take judicial notice.

23

24

25

26

27

28

1

## Conference of Counsel

2       On information and belief, the parties met and conferred concerning the

3 issues regarding this motion on June 19, 2009 and dates thereafter.

4

5 Dated:  July 24, 2009               ORRICK, HERRINGTON & SUTCLIFFE LLP

6

7                        By: _____/s/ William A. Molinski_____

8                           William A. Molinski
Attorneys for MGA ENTERTAINMENT, INC.,
MGA ENTERTAINMENT HK, LTD., MGA de

9 MEXICO, S.R.L. de C.V., and ISAAC LARIAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ........................................................................................... 1

II.  MGA HAS THE RIGHT TO SERVE, AND MATTEL IS OBLIGATED TO ANSWER, 25 INTERROGATORIES SERVED DURING PHASE 2 ................................................................................... 1

    A.   The 75-Interrogatory Limit Mattel Proposes is a Figment of Mattel's Imagination and Lacks Any Support in the Record .............. 4

    B.   The Number of Interrogatories Answered in Phase 1 is Irrelevant ...................................................................................... 5

    C.   The Discovery Master Has Already Rejected Mattel's Basis For Refusing To Answer ............................................................ 6

III. MATTEL'S OTHER OBJECTIONS ARE UNFOUNDED ........................... 7

    A.   The Interrogatories Are Not Overly Broad ................................... 7

    B.   The Interrogatories Do Not Pose An Undue Burden ..................... 8

    C.   The Interrogatories Seek Relevant Information ........................... 11

    D.   Mattel's Remaining Objections Are Baseless .............................. 12

IV.  BECAUSE MATTEL'S ARGUMENTS REGARDING THE INTERROGATORIES ARE INVALID, MATTEL MUST ANSWER THE CORRESPONDING REQUESTS FOR PRODUCTION ................... 14

V.   MATTEL SHOULD BE SANCTIONED ................................................... 15

VI.  CONCLUSION ......................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Am. Oil Co. v. Penn. Petro. Co.*,
   23 F.R.D. 680 (D. R.I. 1959) ...............................................................................11

*Capacchione v. Charlotte-Mecklenburg Schools*,
   182 F.R.D. 486 (W.D. N.C. 1998) .......................................................................10

*Carmichael Lodge No. 2103, Benevolent and Protective Order of Elks of the
   United States of America*,
   2009 WL 1118896 (E.D. Cal. Apr. 23, 2009) ............................................12, 14

*Eureka Financial Corp. v. Hartford Acc. and Indem. Co.*,
   136 F.R.D. 179 (E.D. Cal. 1991) ...............................................................12, 14

*Jackson v. Montgomery Ward & Co., Inc.*,
   173 F.R.D. 524 (D. Nev. 1997) ...............................................................................8

*King v. Georgia Power Co.*,
   50 F.R.D. 134 (N.D. Ga. 1970) ...........................................................................10

*Nagele v. Electronic Data Systems Corp*,
   193 F.R.D. 94 (W.D.N.Y. 2000) ...........................................................................8

*O'Connor v. Boeing North American, Inc.*,
   185 F.R.D. 272 (C.D. Cal. 1999) .........................................................................11

*Richmark Corp. v. Timber Falling Consultants*,
   959 F.2d 1468 (9th Cir. 1992) .............................................................................14

*Seff v. General Outdoor Advertising Co.*,
   11 F.R.D. 597 (N.D. Ohio 1951) .........................................................................10

## RULES

Fed. R. Civ. P.
   33(a)(1) ...................................................................................................................4
   33(b)(4) ...................................................................................................................8

## ADDITIONAL AUTHORITIES

8A Wright, *et al.*, <u>Fed. Practice & Proc.</u>: Civ. § 2174 .........................................10

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

After Judge Larson stated unequivocally in the February 11, 2009 hearing that discovery for Phase 2 was starting over with a "clean slate" and subject only to the limits embodied in the Federal Rules, MGA served its First Set of Phase 2 Interrogatories (the "Interrogatories").  Despite MGA's unambiguous right to this essential discovery into Mattel's Phase 2 claims and defenses, and in direct contravention to Judge Larson's directions, Mattel has refused to answer a single one of the Interrogatories, and 17 of MGA's Second Set of Phase 2 Requests for Production that are related to the Interrogatories (the "Requests at Issue").

Mattel bases its refusal to respond on an entirely fabricated interrogatory limit (75 total for all phases) never set by Judge Larson or even contemplated by the Parties.  Mattel also engages in "creative" counting that is inconsistent with both established law and the precedent in this case, including Mattel's own arguments and Discovery Master rulings about strikingly similar interrogatories.  Thus, even if Mattel's imaginary aggregate 75 interrogatory limit for all phases of this case were supportable (and it is not), MGA has not exceeded such a limit.  In addition, the Discovery Master has already addressed this issue and instructed Matte to respond to the Interrogatories unless MGA is already over the Phase 2 limit, which MGA is not.  Finally, none of Mattel's other objections to the Interrogatories and related Requests at Issue are supported or valid.

Accordingly, MGA's Motion to Compel should be granted in its entirety and Mattel should be ordered to serve full and complete answers, without objection, to each of the Interrogatories and the corresponding Requests at Issue.

## II.   MGA HAS THE RIGHT TO SERVE, AND MATTEL IS OBLIGATED TO ANSWER, 25 INTERROGATORIES SERVED DURING PHASE 2

Mattel asserts that MGA's interrogatories served during Phase One are purportedly compound, and claims, therefore, that MGA has exceeded a purported

- 1 -

1  limit of 75 total interrogatories (for all phases) that neither Judge Larson nor the

2  Discovery Master has ever set.  Mattel has simply ignored Judge Larson's actual

3  statements concerning Phase 2 discovery, and has invented its own alternate

4  universe, apparently hoping that the Discovery Master will not bother to read Judge

5  Larson's actual words.  Mattel's argument fails, for it is crystal clear that Judge

6  Larson stated that Phase 2 would have its own separate and independent discovery

7  limits, and that interrogatories served prior to the Phase 1 trial are irrelevant to the

8  number of interrogatories allowed in Phase 2.[1]

9         On February 11, 2009, Judge Larson discussed in detail his thoughts on

10  Phase 2 discovery and what effects Phase 1 discovery had on the limits in Phase 2.

11  In this hearing, he made it absolutely clear that *all* previous discovery and all

12  previous rulings on discovery were moot, and that *new* limits on discovery applied

13  to all discovery served in Phase 2 (i.e., after the stay was lifted).  The Court began

14  by noting that "[t]he last issue I want to take up is the scheduling of Phase 2 at this

15  time."  See Transcript of February 11, 2009 Hearing, at 90:11-13, Declaration of

16  Andrew C. Spitser ("Spitser Decl."), Ex. 4.  Then, after a discussion clarifying that

17  no discovery has been stayed, MGA's counsel addressed the Court:

18         **Mr. Frackman**:  We would request from the Court that there be a

19         reasonable limit placed on Phase 2 depositions.  I don't know

20         whether that comes to Your Honor or whether that goes to the

21         discover[y] referee.

22

23

24  ───────────────

25  [1] In Phase 1, Judge Larson imposed a limit on interrogatories of "50 for each side
   for both cases."  See Order Granting Joint Motion for Protective Order Regarding

26  Mattel's Interrogatories; Denying Mattel's Motion to Compel Interrogatory
   Responses, dated Sept. 5, 2007 ("Order, dated Sept. 5, 2007"), at 2:14-16 (citing

27  February 27, 2007 Minute Order; Transcript of Feb. 12, 2009 Scheduling
   Conference), Declaration of Andrew C. Spitser ("Spitser Decl."), Ex. 12.  The

28  Parties operated under this separate and independent limit for all interrogatories
   served prior to the Phase 1 trial.

1   The Court:  In the first instance, that would go to the discovery referee.

2   The limits that were placed were limits that were placed on the earlier

3   discovery phase.

4   To be clear again, I have placed no limits, no restrictions, other than

5   what is set forth in the rules of civil procedure and in local rule 37 on

6   discovery from this point until March 23rd [2010, the Phase 2 trial

7   date].

8   …

9   Mr. Frackman:  I think we're prepared to follow the federal rules, Your

10  Honor.  Thank you.

11  …

12  Mr. Zeller [Mattel's counsel]:  … Just so it's clear, because as I

13  understood it, there, of course, are the limits under the Federal Rules of

14  ten depositions.  We, of course, have – and I thought that the parties –

15  The Court:  You did more than ten depositions.

16  Mr. Zeller:  Correct. And I think both sides have.

17  The Court:  Yes.

18  Mr. Zeller:  Or then there were limits the Court did put on the case, as

19  we understood it; I want to say the number was 24, but I could be off

20  slightly, that the Court did modify the limits already.

21  The Court:  I allowed for additional depositions.  But those were all in

22  the context of the first phase.  We now have new counsel coming in….

23  …

24  The Court:  Whatever limits I imposed, if I did not use the precise

25  language that I should have, let me make it clear now: That was

26  applied to the [first] discovery phase.  That's now water under the

27  bridge.  It is over.

28

MTN TO COMPEL FURTHER RESPONSES TO
INTERROGATORIES AND RFP
CV 04-9049 SGL (RNBx)

1    We are starting with a clean slate, a new discovery master, new

2    counsel for MGA, and we are going to build this up and we'll go from

3    here.  If there's a discovery dispute, please take it to the Discovery

4    Master.

5  Id. at 102:4-104:8 (emphasis added).

6        This could scarcely be clearer.  While the actual discovery limits the Court

7  was addressing were those regarding depositions, the Court's language plainly

8  applies to all forms of discovery – it "made it clear" that it "placed **no limits**, **no**

9  **restrictions**, **other than what is set forth in the rules of civil procedure and in**

10  **local rule 37** on discovery from this point until" the Phase 2 trial.  Id.

11       Under the Federal Rules, "a party may serve on any other party no more than

12  25 written interrogatories…."  Fed. R. Civ. P. 33(a)(1).  Thus, according to Judge

13  Larson's Order, "from this point" i.e. starting on February 11, 2009, MGA had the

14  right to "serve on any other party no more than 25 written interrogatories."

15       A.    **The 75-Interrogatory Limit Mattel Proposes is a Figment of**

16             **Mattel's Imagination and Lacks Any Support in the Record.**

17       Recognizing that its objections fail under the limit of 25 Phase 2

18  interrogatories, Mattel invents an aggregate 75 interrogatory limit (for all phases)

19  never contemplated by either Judge Larson or the Parties.

20       As is clear from Judge Larson's actual words above, this is simply

21  inaccurate.  Indeed, the Discovery Master will search in vain to find anywhere in

22  the February 11, 2009 hearing transcript or elsewhere that a "total of 75" has ever

23  been discussed or even contemplated, by Judge Larson or between the Parties.

24  Instead, Judge Larson unequivocally stated that the Federal Rules' discovery limits

25  would apply separately to discovery served in Phase 2.  Any counting of

26  interrogatories served in Phase 1 was "*water under the bridge*.  *It is over*."  Indeed,

27  as of February 11, 2009, the Parties were "starting with a clean slate."  This

28

1   language is entirely inconsistent with Mattel's unsupported assertion that an

2   aggregate limit of 75 interrogatories has somehow been imposed.

3       **B.      The Number of Interrogatories Answered in Phase 1 is Irrelevant.**

4       Having invented an aggregate limit of 75 interrogatories for all phases (in

5   contravention of Judge Larson's Order), Mattel argues that, counting supposed

6   subparts, it answered more than 75 interrogatories during Phase 1.

7       While this is not true, it is also irrelevant.  To the extent that Mattel

8   voluntarily answered more than the 50 interrogatories allowed during Phase 1, it

9   waived any argument that MGA was not entitled to such responses at the time

10  Mattel answered.  Mattel cannot now argue that those responses were improper at

11  the time it provided them (or agreed to provide them) and, therefore, that they count

12  against MGA's allotted 25 Phase 2 interrogatories.  If Mattel did not think it was

13  required to answer those interrogatories during Phase 1, it should have refused to do

14  so and either moved for a protective order or resisted a motion to compel.  That it

15  did neither constitutes a waiver of any argument that those responses somehow now

16  count against the interrogatories allowed in Phase 2.

17      Indeed, Judge Larson specifically held that the Parties could agree to answer

18  more than the 50 interrogatories he allowed during Phase 1.  See Order, dated Sept.

19  5, 2007, at 3:35 (citing Tr. of February 12, 2007 Scheduling Conference, at 24:5-

20  11), Spitser Decl., Ex. 12 ("Let's try to work within the confines of the 50

21  interrogatories, and if you need more, again, the court is going to be forthcoming, if

22  there's a need for it.  And it's the type of order that if you can stipulate amongst

23  yourselves, you're not going to need an order from the court.").  If Mattel answered

24  more than 50 interrogatories propounded during Phase 1, it did so of its own

25  volition, and cannot now use those responses to limit MGA's right to obtain Phase

26  2 discovery.  Again, Judge Larson was clear that Phase 2 starts with a "clean slate."

27

28

C.   **The Discovery Master Has Already Rejected Mattel's Basis For Refusing To Answer.**

This very issue has already been decided against Mattel by the Discovery Master.  In addressing Mattel's motion for a protective order on July 8, 2009, the Discovery Master clarified that:

> MR. O'BRIEN:  Let me ask you, Mr. Proctor, is it your contention that these interrogatories already put MGA over the limit or that they simply should be counted towards the limit?  The reason I'm asking is if they're not already at the limit, it seems to me that it's a premature issue, and if they want these interrogatories responded to and you think they've used up their interrogatories, you know, a week or two from now when they serve you with more, I think the re – at that point you can come in and ask for a protective order and say "Judge Larson gave them X number of interrogatories and they've used them and we don't have to answer any more."
>
> So think about that, because that's one of the questions I have here.  And that may be something Ms. Hurst, that you want to address in your argument.  Because if that's – and the reason I bring it up now is because of the declaration that came in yesterday from Mr. Proctor.
>
> So that may be something that you want to address in the – because, otherwise, it doesn't appear that there's an issue – I could be wrong.  Is there an issue with responding to those interrogatories other than this issue of how many interrogatories they get in phase 2?

See Transcript of 7/9/09 Hearing at 12:16-13:13, Declaration of Frank D. Rorie ("Rorie Decl."), Ex. A.  The Discovery Master further noted that:

> MR. O'BRIEN:  Right.  I'm going to note this in the order, but just so everyone knows what the ruling is going to be, the interrogatories need to be answered.  If there is another set of

1  interrogatories that puts – that you believe puts MGA over the limit,

2  then, the remedy for that is to file a motion for protective order on the

3  additional interrogatories.  So with respect to these current

4  interrogatories, I don't want to presume that – answer them seriatim, as

5  they come in, and if they hit a limit that you think Judge Larson has

6  ordered or that the federal rules cut them off at the 25, then file a

7  motion for a protective order and we'll take up the issue of additional

8  interrogatories at that time.

9          And this goes for both parties.  By the way, Ms. Hurst, if you

10  feel that you need additional discovery over and above an order that

11  Judge Larson has already made or over and above what's the default in

12  the FRCP, then, make a motion, and Mattel clearly can make the same

13  sort of motion if it feels it needs additional discovery.

14          So let's get these interrogatories answered and we'll deal with

15  the limits in a future motion.

16  <u>Id</u>. at 17:9-18:4.  As noted above, the Discovery master has already rejected

17  Mattel's basis for refusing to respond to the Interrogatories and Requests at Issue.

18  There is no basis for Mattel's failure to respond.

19  **III.    MATTEL'S OTHER OBJECTIONS ARE UNFOUNDED**

20          In its written objections to the Interrogatories, Mattel also makes a number of

21  other improper objections (some of which are set forth below), none of which is

22  substantiated in the least.

23          A.    <u>The Interrogatories Are Not Overly Broad.</u>

24          Mattel objects that the Interrogatories are overly broad.[2]  Yet Mattel provides

25  no explanation, let alone with the required particularity, as to why these

26  interrogatories are overly broad.  This objection is therefore improper.  Order

27  ───────────────
28  [2] <u>See</u> Responses of Mattel, Inc. to MGA Entertainment, Inc.'s First Set of Phase 2 Interrogatories, Spitser Decl., Ex. 1, *passim*.  Mattel's objections to each Interrogatory were nearly identical.

No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Spitser Decl., Ex. 17; see also Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated "with specificity").[3]

Moreover, this objection has no merit.  The interrogatories are designed to discover – and are targeted precisely to at discovering only – relevant and key information regarding Mattel's Phase II claims and defenses that MGA is entitled to discover.  For example, Interrogatory No. 1 asks Mattel to identify all facts (and persons with knowledge of said facts) that support its position Mattel's documents contain trade secret information.  See Separate Statement filed concurrently herewith ("Separate Statement"), at 1-6.  This interrogatory could not be more narrowly tailored to extract information that is directly relevant to Mattel's Phase II claims.  The Discovery Master should therefore overrule this objection.

**B.      The Interrogatories Do Not Pose An Undue Burden.**

Mattel also objects that the Interrogatories are "unduly burdensome."[4] However, Mattel does not demonstrate why responding to these interrogatories presents any burden.  Consequently, the objection is not well-taken and should be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Spitser Decl., Ex. 13; Order No. 17, at 23, Spitser Decl., Ex. 17); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection).  Indeed, the Discovery Master has already overruled objections of this type where the party "has not provided any evidence in

---

[3] Furthermore, Mattel has waived this objection by failing to raise it in its precipitously-filed Motion for Protective Order regarding the Interrogatories.  See Spitser Decl., Ex. 19.
[4] See Responses of Mattel, Inc. to MGA Entertainment, Inc.'s First Set of Phase 2 Interrogatories, Spitser Decl., Ex. 1, *passim*.

connection with its Motion To Compel to support its claim of burden." Order No. 17, at 23; see also Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 14, Spitser Decl., Ex. 18 ("Once again, MGA has failed to substantiate any of its objections with supporting declarations or legal authorities.").[5]

Furthermore, this objection is unfounded. It is implausible that Mattel would be unduly burdened by answering these straightforward interrogatories, which simply call for further explication of, facts relating to, and documents concerning the counterclaims that Mattel itself brought in this action. If there is any burden on Mattel, it is from Mattel's having filed broad-based and unwarranted attacks on MGA's conduct in three countries. MGA's requests, however, are not overly broad and only seek evidence needed to defend against these attacks. For example, Interrogatory No. 2 asks Mattel to identify all facts (and persons with knowledge of said facts) that support its claim that MGA misappropriated Mattel documents and alleged trade secrets. See Separate Statement at 6-10. There is no way in which such a straightforward interrogatory can be considered an undue burden on Mattel, especially when Mattel is asserting a trade secret claim against MGA.

Moreover, any ostensible burden associated with providing the requested information – and none has been proven here since Mattel has not even attempted

---

[5] Mattel has made, and won, this exact argument. See Mattel, Inc.'s Notice of Motion and Motion to Enforce Order Compelling MGA to Provide Discovery, to Compel Responses to Contention Interrogatories by MGA and for Sanctions, at 14, Spitser Decl., Ex. 14 ("MGA has offered no evidence that responding to interrogatories with these defined terms would be unduly burdensome, and the definitions are vague. MGA's boilerplate objections to Mattel's defined terms should be overruled for this reason."); id., at 20 ("MGA provided no explanation as to why Interrogatory No. 51 is unduly burdensome. This objection should be overruled for this reason alone."); Reply in Support of Mattel, Inc.'s Motion to Enforce Order Compelling MGA to Provide Discovery, to Compel Responses to Contention Interrogatories by MGA and for Sanctions, at 13:11-12, Spitser Decl., Ex. 16 ("MGA does not dispute that it has failed to provide any proof to support its burden assertions. The Court should therefore overrule each of MGA's unsubstantiated burden objections."). The Discovery Master agreed with Mattel. See Order No. 17, dated Apr. 4, 2009, at 23:5-6, Spitser Decl., Ex. 17 ("MGA has not provided any evidence in connection with its Motion To Compel to support its claim of burden…. Accordingly, the objections are overruled.").

1    to explain what such burden would be – is minimal compared to the value this
2    information will have to MGA in developing its claims and defenses.  See 8A
3    Wright et al., Fed. Practice & Proc.: Civ. § 2174, at 278 (to determine if an
4    interrogatory poses an "undue burden," courts have adopted a "proportionality
5    approach that balances the burden on the interrogated party against the benefit that
6    having the information would provide to the party submitting the interrogatory");
7    see also King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D. Ga. 1970)
8    (overruling objection that interrogatory was burdensome and oppressive, even
9    though preparation of answer would be time-consuming and costly, because
10   information was crucial to the issues of the suit and in exclusive custody of
11   defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D.
12   Ohio 1951) (overruling "overly burdensome" objection because value of
13   information to plaintiff clearly outweighed any annoyance or expense involved in
14   disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182
15   F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform
16   extensive research or to compile substantial amounts of data and information does
17   not automatically constitute an undue burden….  Imposing such a burden is
18   particularly proper where, as here, the information sought is crucial to the ultimate
19   determination of a crucial issue….").

20        The Discovery Master has already ruled that a party cannot complain that
21   interrogatories are unduly burdensome when the request "merely seeks information
22   regarding the extent of" a party's claims.  Order No. 17, dated April 14, 2009, at
23   23:9-13, Spitser Decl., Ex. 17 ("If MGA contends Mattel infringed numerous
24   products, Mattel has the right to discover the scope of the alleged claims.
25   Accordingly, the objections are overruled."); id., at 13:26-14:5 ("[A] party is
26   always burdened with costs when it voluntarily chooses to pursue a claim….  If the
27   MGA Parties wish to avoid these costs in connection with MGA's trade dress
28   claims, MGA can always dismiss them.  Because any hardship that MGA might

1   face is one of its own making, any burden imposed on it in having to respond to the

2   discovery is justified."); see also O'Connor v. Boeing North American, Inc., 185

3   F.R.D. 272, 280-81 (C.D. Cal. 1999) (interrogatory asking responding party to

4   describe each injury "which you contend was caused by defendant's conduct" was

5   proper).  Because the Interrogatories seek information related to Mattel's own

6   factual and legal contentions, "the burden [is] on the party opposing discovery

7   rather than … the proponent of the contention interrogatories to justify their

8   propoundment."  Id. at 652.  This policy is "consistent with Rule 11 of the [FRCP,

9   which requires that] plaintiffs must have some factual basis for the allegations in

10  their complaint…."  Id.; see also Am. Oil Co. v. Penn. Petro. Co., 23 F.R.D. 680,

11  683 (D. R.I. 1959) ("Since the information sought here will undoubtedly be

12  assembled by the defendant prior to trial in the preparation of its defenses, it cannot

13  be said that these interrogatories are objectionable as being burdensome.").

14      MGA seeks relevant and essential information about Mattel's Phase 2 claims,

15  and Mattel's burden objections are unfounded and should be rejected.

16      **C.    The Interrogatories Seek Relevant Information.**

17      Mattel also objects that the Interrogatories "seek[] information that is neither

18  relevant nor likely to lead to the discovery of admissible evidence."[6]  This objection

19  is not only unsubstantiated but meritless.  For example, Interrogatory Nos. 5 and 6

20  asks Mattel to identify any damages it contends it has suffered as a result of the

21  purported RICO violation plead by Mattel or "the alleged MISAPPROPRIATION

22  of trade secrets" alleged by Mattel."  See Separate Statement at 20-29.  In addition,

23  Interrogatory Nos. 9-11 seek to discover "ANY evidence that [Mattel] contend[s]

24  was destroyed or otherwise spoiliated by or on behalf of MGA," the identity of the

25  persons accused of doing so, and any facts supporting such contentions.  Id. at 18-

26  22.  Likewise, Interrogatory Nos. 12-14 seek information about each act or

27

28  [6] See Responses of Mattel, Inc. to MGA Entertainment, Inc.'s First Set of Phase 2 Interrogatories, *passim*, Spitser Decl., Ex. 1.

omission by Isaac Larian and MGA that Mattel contends constitutes racketeering activity and the facts supporting such assertions.  Id. at 23-27. The information sought by these interrogatories is essential to MGA's defense of Mattel's claims. Mattel's relevance objections should therefore be rejected.

### D.   Mattel's Remaining Objections Are Baseless.

The remainder of Mattel's objections are also without merit.[7]  For example:

- Mattel objects that the Interrogatories are "premature."[8]  This is nonsense.  It was Mattel who argued explicitly that "no discovery issues or no requests for discovery are premature at this point...."[9] Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all."[10]  Mattel's bare assertion that MGA has "failed to produce witnesses  for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the Interrogatories would be unaffected.

- Mattel objects that the Interrogatories are "vague and ambiguous." This objection is also meritless.  The Interrogatories are each clear and unambiguous.  The definition of "MATTEL DOCUMENTS" is taken directly from Mattel's own discovery requests to MGA, which requests MGA has been ordered to answer despite objections to

---

[7] In addition, Mattel has waived all objections other than its compound, over limit, and undue burden objections by failing to rely on those objections either in the meet and confer between counsel or in its Motion for Protective Order regarding the Interrogatories.  See Eureka Financial Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D. 179, 185 (E.D. Cal. 1991) (objections not properly raised during meet and confer were waived); Carmichael Lodge No. 2103, Benevolent and Protective Order of Elks of the United States of America, 2009 WL 1118896, at *5 (E.D. Cal. Apr. 23, 2009) (accord).
[8] Id. at 2:5-6.
[9] Tr. of Feb. 11, 2009 Hearing, at 97:5-7, Spitser Decl., Ex. 4.
[10] Id. at 97:8-10.

1   Mattel's definitions, among other things.  The definition of "MATTEL
2   PRODUCTS," though it does omit one reference to a year, is perfectly
3   intelligible without such reference; moreover, Mattel was well aware
4   that the year is 1996, as set forth in the identical definition in MGA's
5   concurrently propounded Requests for Production.  Mattel's objection
6   that "OPERATIVE COUNTERCLAIM" is vague and ambiguous
7   hardly merits a response – it refers to Mattel's operative pleading at
8   the time of response, as is plain from the definition of that term.

9   • Mattel objects that the Interrogatories "call for the disclosure of
10   information subject to the attorney-client privilege, the attorney work-
11   product doctrine, or any other applicable privilege…."[11]  This
12   objection is not only meritless, but was waived by Mattel's failure to
13   produce a privilege log.

14   • Mattel's objection that the Interrogatories "seek the disclosure of
15   information or documents that are in the possession, custody and
16   control of independent parties over whom Mattel has no control"[12] is
17   irrelevant – Mattel is obligated to provide all information in its
18   possession, custody, or control that is responsive to the Interrogatories.

19   • Mattel's expert disclosure objection is without support.  The fact that
20   expert testimony may ultimately bear on some of the subjects of the
21   Interrogatories does not excuse Mattel from its obligation to provide
22   full and complete responses based on the information Mattel presently
23   has.

24   • The Interrogatories do not seek information that violates any third-
25   party's rights of privacy.  There is no evidence to support such an
26   claim.

27   [11] Responses of Mattel, Inc. to MGA Entertainment, Inc.'s First Set of Phase 2
28   Interrogatories, at 2:16-19, Spitser Decl., Ex. 1.
    [12] Id. at 2:25-28.

1   As noted above, all of Mattel's objections are unfounded.  In granting this

2   Motion to Compel, the Discovery Master should overrule all of Mattel's objections

3   and order that the Interrogatories be answered without objection.

4   **IV.   BECAUSE MATTEL'S ARGUMENTS REGARDING THE**

5   **INTERROGATORIES ARE INVALID, MATTEL MUST ANSWER**

6   **THE CORRESPONDING REQUESTS FOR PRODUCTION**

7   Mattel has refused to respond to the Requests at Issue on the ground that they

8   are "inextricably intertwined" with the Interrogatories.  <u>See</u> Mattel Motion for

9   Protective Order, at 15:10-16, Spitser Decl., Ex. 19.  For example, Requests for

10  Production Nos. 69-72 ask Mattel to produce documents that are referenced in their

11  response to Phase 2 Interrogatory Nos. 1-4.  <u>See</u> Separate Statement at 62-75.  For

12  all the reasons discussed above (as to why the Interrogatories are proper), Mattel

13  must also respond to the Requests at Issue and provide all non-privileged

14  documents responsive thereto.  In any event, Mattel has waived this "inextricably

15  intertwined" objection by failing to raise it in its Objections to Requests for

16  Production Nos. 69, 70, 71, and 72.  Failure to timely object on this ground waives

17  all such objections.  <u>See</u> <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d

18  1468, 1473 (9th Cir. 1992).

19  Mattel has also raised a number of other unfounded objections in its

20  Responses to the Requests for Production at issue, but Mattel has waived these

21  objections by failing to rely on them either in the meet and confer between counsel

22  or in its Motion for Protective Order regarding the Requests at Issue.  <u>See</u> <u>Eureka</u>

23  <u>Financial Corp. v. Hartford Acc. and Indem. Co.</u>, 136 F.R.D. 179, 185 (E.D. Cal.

24  1991) (objections not properly raised during meet and confer were waived);

25  <u>Carmichael Lodge No. 2103, Benevolent and Protective Order of Elks of the United</u>

26  <u>States of America</u>, 2009 WL 1118896, at *5 (E.D. Cal. Apr. 23, 2009) (accord).

27  Accordingly, these other objections to the Requests At Issue should be rejected as

28  well, and Mattel should be ordered to produce document.

1    **V.**    **MATTEL SHOULD BE SANCTIONED**

2         On July 8, 2009, the Discovery Master rejected the very basis asserted by

3    Mattel for refusing to answer the Interrogatories and Requests At Issue.  Yet Mattel

4    continues to fail and refuses to provide proper discovery responses.  Mattel should

5    be sanctioned in the amount of MGA's fees required to bring this motion.

6    **VI.**    **CONCLUSION**

7         For all of the foregoing reasons, MGA respectfully requests that the

8    Discovery Master grant MGA's Motion to Compel in its entirety as requested

9    herein.

10

11

12   Dated:  July 24, 2009              ORRICK, HERRINGTON & SUTCLIFFE LLP

13

14                                      By:  _____/s/ William A. Molinski_____

15                                               William A. Molinski
                                          Attorneys for MGA ENTERTAINMENT, INC.,
16                                        MGA ENTERTAINMENT HK, LTD., MGA de
                                          MEXICO, S.R.L. de C.V., and ISAAC LARIAN

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:260698938.2                    - 15 -