```
 1  MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
 2  ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
 3  WARRINGTON S. PARKER III (State Bar No. 148008)
    wparker@orrick.com
 4  ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
 5  405 Howard Street
    San Francisco, CA  94105-2669
 6  Telephone:  +1-415-773-5700
    Facsimile:  +1-415-773-5759
 7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
 8  wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
 9  777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:  +1-213-612-2499
11
    Attorneys for MGA Parties
12
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-SGL (RNBx)<br><br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>[To Be Heard by Discovery Master Robert O'Brien Pursuant to Order of January 6, 2009]<br><br>**DECLARATION OF FRANK D. RORIE IN SUPPORT OF MGA ENTERTAINMENT, INC.'S MOTION TO COMPEL FURTHER RESPONSES TO MGA'S FIRST SET OF PHASE 2 INTERROGATORIES AND SECOND SET OF PHASE 2 REQUESTS FOR PRODUCTION**<br><br>**Phase 2**<br>Discovery Cutoff:  December 11, 2009<br>Pretrial Conference: March 1, 2010<br>Trial Date:  March 23, 2010 |

1       I, FRANK D. RORIE, declare:

2       1.    I am an attorney at the law firm of Orrick, Herrington & Sutcliffe LLP ("Orrick"), counsel of record for MGA Parties in the above-captioned action. I am a member in good standing of the State Bar of California and am admitted to practice before this court. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

     2.    Attached hereto as Exhibit A is a true and correct copy of excerpts from the July 8, 2009, hearing before Discovery Master O'Brien in the above-referenced case.

                                            /s/ Frank D. Rorie
                                            Frank D. Rorie

I, FRANK D. RORIE, declare:

1. I am an attorney at the law firm of Orrick, Herrington & Sutcliffe LLP ("Orrick"), counsel of record for MGA Parties in the above-captioned action. I am a member in good standing of the State Bar of California and am admitted to practice before this court. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. Attached hereto as Exhibit A is a true and correct copy of excerpts from the July 8, 2009, hearing before Discovery Master O'Brien in the above-referenced case.

*/s/ Frank D. Rorie*
Frank D. Rorie

Transcript of Proceedings 7/8/2009 12:00:00 PM

```
                                           1                                                               3
 1        UNITED STATES DISTRICT COURT          1   APPEARANCES
          CENTRAL DISTRICT OF CALIFORNIA        2
 2            EASTERN DIVISION                  3   Discovery Master
 3                                              4       ROBERT C. O'BRIEN
 4   CARTER BRYANT, an individual,                      Attorney at Law
 5       Plaintiff,                             5       555 West Fifth Street, Suite 4800
 6       vs        No. CV 04-9049 SGL (RNBx)            Los Angeles, California 90013-1065
              Consolidated with                 6       (213) 629-7400
 7   MATTEL, INC., a Delaware   Nos. CV 04-9405 and
                                                7   For Defendant Mattel, Inc.
     corporation,        05-2727                8       QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
 8                                                      BY: MICHAEL T. ZELLER
         Defendants.                            9       BY: JOHN B. QUINN
 9   _____                    BY: B. DYLAN PROCTOR
10   AND CONSOLIDATED ACTIONS.                 10       BY: SUSAN ESTRICH
11                                                      Attorneys at Law
12   _____           11       865 South Figueroa Street, 10th Floor
13                                                      Los Angeles, California 90017
14                                             12       (213) 624-7707
15       REPORTER'S TRANSCRIPT OF PROCEEDINGS  13   MATTEL, INC.
16          Los Angeles, California                     BY: JILL E. THOMAS
17          Wednesday, July 8, 2009            14       Assistant General Counsel
18                                                      333 Continental Boulevard
19                                             15       El Segundo, California 90245-5012
20                                                      (310) 252-2000
21   Reported by                               16
     CHERYL R. KAMALSKI                             For Defendants MGA and Isaac Larian:
22   CSR No. 7113                              17
23   Job No. 114470                                     SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
24                                             18       BY: JASON D. RUSSELL
25                                                      Attorney at Law
                                               19       300 South Grand Avenue
                                                        Los Angeles, California 90071
                                               20       (213) 687-5000
                                               21       ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                        BY: ANNETTE L. HURST
                                               22       BY: WILLIAM A. MOLINSKI
                                                        Attorneys at Law
                                               23       405 Howard Street
                                                        San Francisco, California 94105
                                               24       (415) 773-4585
                                               25

                                           2                                                               4
 1        UNITED STATES DISTRICT COURT          1   APPEARANCES (Continued):
          CENTRAL DISTRICT OF CALIFORNIA        2
 2            EASTERN DIVISION                  3   For Defendant MGA:
 3                                              4       MGA ENTERTAINMENT
 4   CARTER BRYANT, an individual,                      BY: JEANINE PISONI
 5       Plaintiff,                             5       Senior Vice President, General Counsel
 6       vs        No. CV 04-9049 SGL (RNBx)            16360 Roscoe Boulevard, Suite 105
              Consolidated with                 6       Van Nuys, California 94106
 7   MATTEL, INC., a Delaware   Nos. CV 04-9405 and     (818) 894-2525
     corporation,        05-2727                7
 8                                                  Also Present:
         Defendants.                            8
 9   _____                    CRAIG HOLDEN
10   AND CONSOLIDATED ACTIONS.                  9
11                                             10
12   _____           11
13                                             12
14                                             13
15                                             14
16       REPORTER'S TRANSCRIPT OF PROCEEDINGS, taken at   15
17   555 West Fifth Street, 48th Floor, Los Angeles,     16
18   California, beginning at 10:13 a.m. and ending at   17
19   12:20 p.m. on Wednesday, July 8, 2009, before       18
20   CHERYL R. KAMALSKI, Certified Shorthand Reporter No. 7113.  19
21                                             20
22                                             21
23                                             22
24                                             23
25                                             24
                                               25
```

**Page 9**

1 briefed. I'll get back to you with some potential dates
2 It's going to be a little bit, as -- I don't know if
3 Judge Larson mentioned, but we're going to be in Rwanda
4 next week, so at least -- if you're going to take a
5 vacation, the Judge will be on --
6     MS. HURST: And then the Ninth Circuit Judicial
7 Conference follows along right after that
8     MR. O'BRIEN: The Judge will be gone for a while,
9 so you've got -- I'm sure you have plenty to do there,
10 but, now is probably the time to take a vacation. But
11 I'll get back to the parties with a set of dates once
12 these are fully briefed, and we'll try -- I know you're
13 traveling down from San Francisco, so we'll try and
14 accommodate your schedule, to the extent possible. If you
15 want to fly in in the morning and you need to start at
16 11:00 or we need do an afternoon hearing, that sort of
17 thing, I know Mr. Quinn and Mr. Zeller are always amenable
18 on those sorts of issues, or let us know and we'll try
19 and --
20     MS. HURST: The only thing I would ask is we not
21 schedule anything on August 24th. I have two
22 five-year-olds starting kindergarten that day, so I would
23 like to be home that day.
24     MR. O'BRIEN: We'll accommodate that request for
25 sure. And that's a big day, so congratulations.

**Page 10**

1     All right. Are there any other motions that are
2 currently pending? I'm sure there are motions that you're
3 thinking about that will be filed, but are there any
4 others that have been filed, other than these five and the
5 two that we're dealing with today, that I need to be aware
6 of just for scheduling purposes?
7     MR. ZELLER: I believe that is complete. What I
8 will do, once we get back to the office, is I will check
9 it against our list to make sure, and I'll certainly let
10 everyone know if there's anything that is not on this list
11 that's already been filed.
12     MR. O'BRIEN: Okay. Great.
13     MS. HURST: I think -- did we mention your motion
14 to amend the protective order which was kind of in
15 opposition to our motion to de-designate and is related to
16 the Mexican documents?
17     MR. ZELLER: Right. Exactly. I sort of
18 understood that to be part of the de-designation briefing
19     MS. HURST: Okay
20     MR. O'BRIEN: That's my understanding
21     MS. HURST: Okay.
22     MR. O'BRIEN: All right. I know you're new to
23 the case, Ms. Hurst. Do you have any questions or
24 comments or housekeeping issues you want to raise before
25 we get started on today's hearings?

**Page 11**

1     MS. HURST: Not at the moment, your Honor. Thank
2 you
3     MR. O'BRIEN: You don't have to call me "your
4 Honor."
5     MS. HURST: It's going to be hard
6     MR. O'BRIEN: That'll cost you --
7     MR. QUINN: "Your excellency" will do?
8     MR. O'BRIEN: That was only for a year, and I
9 didn't get a life appointment, so I'm -- I have no titles
10 anymore, plus you get Jason, you know, a little -- he'd
11 start laughing over there if you did that.
12     MR. RUSSELL: I tell O'Brien stories.
13     MS. HURST: Yeah, he knows something
14     MR. O'BRIEN: All right. Let's focus on today's
15 hearing, and what I'd like to do is start with, I think --
16 well, I'm hoping it will be the easier of the two to
17 resolve, and that's the Motion to Compel Documents on the
18 Second and Fifth Set Of Requests For Production and
19 Responses To MGA's Second Set Of Interrogatories To
20 Mattel.
21     The way that we'll proceed with oral argument
22 here, and for those of you that haven't been here, we're
23 pretty lenient on making sure that everybody has time to
24 make their case, but I'd suggest that we stick to 10
25 minutes for counsel for MGA, 10 minutes for Mattel, and 5

**Page 12**

1 minutes for MGA's reply on that motion. If we need more
2 time, we can certainly -- we'll all here, so we can make
3 it available, but I think it's relatively straightforward.
4     To focus the argument a little bit, and I'll
5 anticipate -- and give you a chance to anticipate what
6 Mattel may have to say, I did see Mr. Proctor's
7 declaration that came in, I think was it yesterday --
8     MR. PROCTOR: Yesterday.
9     MR. O'BRIEN: -- or the day before on these
10 interrogatories and the total number of interrogatories
11 being allowed in phase 2. I'm not sure that -- let me ask
12 you, Mr. Proctor, for what your -- I'm sorry, who's going
13 to argue this for Mattel?
14     MR. PROCTOR: It's going to be me.
15     MR. ZELLER: It will be Mr. Proctor
16     MR. O'BRIEN: Let me ask you, Mr. Proctor, is it
17 your contention that these interrogatories already put MGA
18 over the limit or that they simply should be counted
19 towards the limit? The reason I'm asking is if they're
20 not already at the limit, it seems to me that it's a
21 premature issue, and if they want these interrogatories
22 responded to and you think they've used up their
23 interrogatories, you know, a week or two from now when
24 they serve you with more, I think the re -- at that point
25 you can come in and ask for a protective order and say

13

1  "Judge Larson gave them X number of interrogatories and
2  they've used them and we don't have to answer any more."
3      So think about that, because that's one of the
4  questions I have here. And that may be something,
5  Ms. Hurst, that you want to address in your argument.
6  Because if that's -- and the reason I bring it up now is
7  because of the declaration that came in yesterday from
8  Mr. Proctor.
9      So that may be something that you want to address
10  in the -- because, otherwise, it doesn't appear that
11  there's an issue -- I could be wrong. Is there an issue
12  with responding to those interrogatories other than this
13  issue of how many interrogatories they get in phase 2?
14      MR. PROCTOR: That's it.
15      MR. O'BRIEN: Okay. So if that's the only issue,
16  we can probably dispose of this one question pretty
17  quickly, unless you're going to argue that these should be
18  counted outside of the whatever number Judge Larson's
19  going to permit you to propound.
20      MS. HURST: I think you neatly anticipated my
21  argument, which is that the -- whatever argument they may
22  have to make about the number of interrogatories, that's
23  no excuse for refusing to answer interrogatories that they
24  admit are relevant and should be answered. And, in fact,
25  that's, I would submit, respectfully wholly inappropriate.

14

1  If we have a separate dispute about the number of
2  interrogatories, we'll resolve that appropriately, but
3  these should be answered.
4      MR. O'BRIEN: Okay.
5      MS. HURST: With regard to that, substance of
6  that issue, which, I think, we're now anticipating, and
7  they filed a motion for protective order, Judge Larson
8  clearly said, on February 11th, 2009, that we're starting
9  over and the rules of civil procedure apply, without
10  restriction. Rule 33 says each party gets 25
11  interrogatories. As far as we're concerned right now,
12  that's the default position, and that's what Judge Larson
13  said on February 11th. And if we need more than that,
14  we'll come back and ask for them and we'll explain why.
15  We've got here a Third Amended Answer and Counter-Claims
16  that has, if you count all the parties and all the
17  different theories, dozens of claims, including three
18  separate RICO racketeering enterprises. The notion that
19  we don't need at least the minimum under the Federal Rules
20  of Civil Procedure here to litigate those phase 2
21  proceedings just cannot be sustained, so -- but clearly
22  they admit these are relevant and they should be answered
23  and they should not be entitled to extract a concession
24  from us on what is an issue that should be addressed
25  separately and in due course, and which, in fact,

15

1  Judge Larson has already addressed saying we're starting
2  fresh in phase 2 and the federal rules apply, and if you
3  need to come back to me with any issues on that, go to
4  Discovery Master O'Brien first and let him hear about it.
5      MR. O'BRIEN: Okay. Thank you.
6      After having given you a little briefing -- or
7  the oral argument schedule, I'm going to now immediately
8  break it and -- because I think we might be able to get to
9  some conclusion on these interrogatories.
10     Mr. Proctor, do you want to respond, just with
11  respect to the interrogatories, and then we can go to
12  these document requests?
13     MR. PROCTOR: Sure.
14     The problem that we face is that MGA -- and the
15  language that counsel just used is we shouldn't be
16  entitled to extract a concession. The concession that we
17  purportedly tried to extract is a concession that these
18  interrogatories and our answers to them will count towards
19  the limits. And the Discovery Master started off by
20  saying, well, you know, as long as they're going to count,
21  there's no issue, and I agree with that completely. As
22  long as our answers to these interrogatories, however many
23  they are, whether compound or not, whatever those numbers
24  are, as long as they will count towards MGA's phase 2
25  limits on interrogatories. Mattel has no objection to

16

1  supplementing its responses. In fact, that's what Mattel
2  told MGA some time ago. The problem is that MGA has taken
3  the position that these interrogatories and our answers to
4  them will not count at all. They are just free
5  interrogatories which we should have to answer without
6  them counting towards the limits in any way.
7      Now, these are interrogatories which were never
8  previously answered. They're phase 2 -- it's phase 2
9  discovery, they're phase 2 interrogatories, they were
10  never answered previously, we expressly declined to answer
11  them and objected previously because when they were
12  served, prior to the phase 1 trial, MGA had exceeded the
13  then applicable limits on interrogatories. We met and
14  conferred about it, and MGA did not move to compel. So
15  these interrogatories, with the exception of No. 29m which
16  we've already supplemented, these interrogatories, the 5
17  that remain were never previously answered.
18     After Judge Larson gives the parties additional
19  interrogatories, MGA comes to us and says, will you
20  supplement your answers to these, these are phase 2
21  discovery, we'd like to get answers. We say okay, we'll
22  supplement. And then after that, when discussing another
23  set of interrogatories that MGA has now served, MGA takes
24  the position that their other set doesn't put them over
25  the limit, as we believe it does, because our answers to

17

1  these 5 interrogatories, these supplement our supplemental
2  responses, just don't count.
3      So the Discovery Master hit it on the head. As
4  long as they will count, we will supplement. But we're
5  not inclined, we don't think we should have to supplement
6  responses to discovery interrogatories where there are
7  limits and where MGA is taking the position saying we're
8  trying to extract a concession that they count.
9      MR. O'BRIEN: Right. I'm going to note this in
10 the order, but just so everyone knows what the ruling is
11 going to be, the interrogatories need to be answered. If
12 there is another set of interrogatories that puts -- that
13 you believe puts MGA over the limit, then, the remedy for
14 that is to file a motion for protective order on the
15 additional interrogatories. So with respect to these
16 current interrogatories, I don't want to presume that --
17 answer them seriatim, as they come in, and if they hit a
18 limit that you think Judge Larson has ordered or that the
19 federal rules cut them off at the 25, then file a motion
20 for a protective order and we'll take up the issue of
21 additional interrogatories at that time.
22     And this goes for both parties. By the way,
23 Ms. Hurst, if you feel that you need additional discovery
24 over and above an order that Judge Larson has already made
25 or over and above what's the default in the FRCP, then,

18

1  make a motion, and Mattel clearly can make the same sort
2  of motion if it feels it needs additional discovery.
3      So let's get these interrogatories answered and
4  we'll deal with the limits in a future motion.
5      MR. PROCTOR: Okay.
6      MR. O'BRIEN: Okay. I'm sorry, Ms. Hurst, I
7  interrupted you in the middle of -- you've got two parts
8  to this motion. The next part are the document requests.
9  Do you want to address those issues?
10     MS. HURST: May I just request that we have a
11 deadline of 10 days to get those interrogatory answers?
12     MR. O'BRIEN: Well --
13     MS. HURST: We've got a discovery cut-off of
14 December 11th, which is not a lot of time, so --
15     MR. O'BRIEN: Let me suggest the following -- I
16 guarantee that Mattel is going to hit you with a lot of
17 discovery and there are going to be times -- I don't know
18 if 10 days -- is 10 days something that you can do, or do
19 you need additional time?
20     MR. ZELLER: I mean, ultimately we'll defer to
21 whatever your judgment is on the timing of that. I would
22 point out that, of course -- I mean, already MGA has been
23 ordered to produce any amount of discovery and has had
24 far more extended deadlines. I mean, if it's certainly
25 setting a precedent to create shorter deadlines, fair

19

1  enough.
2      MR. O'BRIEN: That's why I'm -- I was cautioning
3  Ms. Hurst and I want to find out how much time you need,
4  because I prefer that the parties agree on the deadline.
5  If not, I'll set them. But, keep in mind, that, you
6  know -- and you'll see the record in this thing --
7  Mattel's going to be in here pretty regularly asking you
8  for responses. So the only thing I'd caution is that the
9  parties try and have some reciprocity on the dates.
10     I mean, if this is something you can do in
11 10 days and it's not a problem, that's fine; if you need
12 20 days --
13     MS. HURST: Why don't we meet and confer about it
14 after the hearing. If we can't reach agreement, we'll
15 send you a letter. I suspect we'll reach agreement.
16     MR. O'BRIEN: All right. Does that sound good,
17 Counsel?
18     MR. ZELLER: I think that's fair enough.
19     MR. O'BRIEN: I have no problem -- as everyone
20 knows, I have no problem setting the deadlines, so I'd be
21 happy to do it, but I suggest that you meet and confer and
22 try and work something out. I think that will be good for
23 both parties over the long run.
24     All right. The document requests.
25     MS. HURST: Honestly, the document requests are

20

1  not -- have not been the focus of my preparation for
2  today's hearing, so I don't have a lot to add to what's in
3  the papers this morning. If you have particular issues
4  concerning the scope or anything else that Mattel's
5  raised, I would be happy to address those, otherwise, I'm
6  going to rest on the papers with respect to the document
7  requests.
8      MR. O'BRIEN: All right. Thank you, Counsel.
9  Mr. Proctor?
10     MR. PROCTOR: We're willing to do the same. I
11 mean, MGA's reply makes clear there's only 4 requests for
12 production that are even remotely disputed. Obviously --
13 I mean, we're happy to rest on the papers as to these 4.
14     MR. O'BRIEN: I had a quick question. I think
15 it's on -- I had gone through and made some notes here --
16 one of the issues was on the attorney-client privilege
17 information. I think it's on 486 and 489, and the question
18 there is, is there an issue with a privilege log? I know
19 that the parties had had a practice, I think, in the past
20 of not producing a privilege log with every document
21 production, and that became an issue with some of the
22 later productions, and one -- I think one of the
23 objections of Mattel was that it was burdensome because of
24 the privilege issue, and I think that their -- it may have
25 been in their reply, MGA came back and said that it's not

1   I, the undersigned, a Certified Shorthand
2   Reporter of the State of California, do hereby certify
3       That the foregoing proceedings were taken
4   before me at the time and place herein set forth, that any
5   witnesses in the foregoing proceedings, prior to
6   testifying, were duly sworn, that a record of the
7   proceedings was made by me using machine shorthand
8   which was thereafter transcribed under my direction, that
9   the foregoing transcript is a true record of the testimony
10  given.
11      Further, that if the foregoing pertains to
12  the original transcript of a deposition in a Federal
13  Case, before completion of the proceedings, review of
14  the transcript [ ] was [ ] was not requested
15      I further certify I am neither financially
16  interested in the action nor a relative or employee
17  of any attorney or any party to this action
18      IN WITNESS WHEREOF, I have this date subscribed
19  my name.
20
21  Dated: _____
22
23      _____
        CHERYL R. KAMALSKI
24      CSR No. 7113
25