PATRICIA L. GLASER (Bar No. 055668)
pglaser@glaserweil.com
GLASER WEIL FINK JACOBS & SHAPIRO
10250 Constellation Blvd., 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 557-9815

RUSSELL J. FRACKMAN (Bar No. 49087)
rjf@msk.com
PATRICIA H. BENSON (Bar No. 60565)
phb@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for The MGA Parties For Phase Two

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Robert O'Brien Pursuant To Order Of January 6, 2009]**<br><br>**DECLARATION OF CAROLINE H. MANKEY IN SUPPORT OF MGA ENTERTAINMENT, INC.'S MOTION TO COMPEL FURTHER RESPONSES TO MGA'S FIRST SET OF PHASE 2 INTERROGATORIES AND SECOND SET OF PHASE 2 REQUESTS FOR PRODUCTION**<br><br>[Motion and Declarations of Andrew C. Spitser and Robert J. Herrington Filed Concurrently]<br><br>Date:      TBD<br>Time:     TBD<br>Place:    TBD<br>**Phase 2**<br>Discovery Cutoff:        December 11, 2009<br>Pretrial Conference:    March 1, 2010<br>Trial Date:                   March 23, 2010 |

Mitchell
Silberberg &
Knupp LLP

2294004.1

1    I, CAROLINE H. MANKEY, declare:

2    1.    I am an attorney at law duly licensed to practice law in the State of

3    California and before this Court. I am a Partner with the law firm of Glaser, Weil,

4    Fink, Jacobs, Howard & Shapiro LLP, attorneys of record for the MGA Parties. I

5    have personal knowledge of the following facts and, if called and sworn as a

6    witness, could and would competently testify thereto.

7    2.    On or about March 25, 2009, I sent a letter to Mattel's counsel, Jon D.

8    Corey and Michael T. Zeller, inquiring as to whether Mattel would supplement its

9    responses to certain of MGA's Second Set of Requests for Production of

10   Documents and Things and certain of MGA's Second Set of Interrogatories.

11   Mattel had previously provided no substantive responses or inadequate responses

12   to these requests and interrogatories. Attached hereto as Exhibit 1 is a true and

13   correct copy of the March 25, 2009 letter.

14   3.    A series of telephone conferences and letters ensued, meeting and

15   conferring about these document requests and interrogatories. This included

16   telephone conferences on March 31, April 13, and April 16, 2009, and letters

17   between counsel on April 14, 16, 17, 20, and 27, 2009.

18   4.    Attached hereto as Exhibit 2 is a true and correct copy of a letter dated

19   April 14, 2009 I sent to Diane C. Hutnyan, Mattel's counsel.

20   5.    Attached hereto as Exhibit 3 is a true and correct copy of a letter dated

21   April 16, 2009 from Ms. Hutnyan to me.

22   6.    Attached hereto as Exhibit 4 is a true and correct copy of a letter dated

23   April 17, 2009 from me to Ms. Hutnyan.

24   7.    Attached hereto as Exhibit 5 is a true and correct copy of a letter dated

25   April 20, 2009 from Ms. Hutnyan to me.

26   8.    Attached hereto as Exhibit 6 is a true and correct copy of a letter dated

27   April 27, 2009 from me to Ms. Hutnyan.

28

Mitchell
Silberberg &
Knupp LLP
2294004.1

1

DECLARATION OF CAROLINE H. MANKEY IN SUPPORT OF MGA ENTERTAINMENT, INC.'S MOTION
TO COMPEL FURTHER RESPONSES TO MGA'S FIRST SET OF PHASE 2 INTERROGATORIES AND
SECOND SET OF PHASE 2 REQUESTS FOR PRODUCTION

9.     In the course of my communications with Mattel's counsel, either telephonic or by mail, not once did Mattel ever argue or even mention that supplemental responses were appropriate only because of Judge Larson's February 11, 2009 Order.  The Parties never discussed that Mattel was agreeing to provide supplemental responses because the Court gave each side additional interrogatories.  Mattel never mentioned the idea that its supplemental responses to the previously served interrogatories would count toward the limit on Phase 2 interrogatories.  Neither I nor any other representative of MGA ever mentioned – nor did I even contemplate – such an idea.

10.    During this meet and confer process, Mattel also never mentioned its compound objections or its objection that MGA had served more interrogatories than it is allowed.  Mattel never stated that it believed any of the interrogatories at issue should count as more than one interrogatory.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of July, 2009, at Los Angeles, California.

_____
Caroline H. Mankey

Mitchell
Silberberg &
Knupp LLP

2294004.1

DECLARATION OF CAROLINE H. MANKEY IN SUPPORT OF MGA ENTERTAINMENT, INC.'S MOTION TO COMPEL FURTHER RESPONSES TO MGA'S FIRST SET OF PHASE 2 INTERROGATORIES AND SECOND SET OF PHASE 2 REQUESTS FOR PRODUCTION

# EXHIBIT 1

# TO DECLARATION OF

# CAROLINE H. MANKEY

# EXHIBIT 1

# TO DECLARATION OF

# CAROLINE H. MANKEY

LAW OFFICES

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD

NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90067

(310) 553-3000

FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CHANKEY@GLASERWEIL.COM

March 25, 2009

AN MERITAS LAW FIRMS WORLDWIDE

VIA E-MAIL & FACSIMILE

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

Re:    *Mattel, Inc. v. MGA Entertainment, Inc., et al.*

Dear Counsel:

I am writing to request a meet and confer pursuant to paragraph 5 of the Discovery Master Order and Local Rule 37-1 in connection with Mattel's responses to the following written discovery:

## MGA Entertainment, Inc.'s Second Set of Requests for Production of Documents and Things in Case No. 05-2727:

Request for Production No. 137
DOCUMENTS sufficient to identify by name and title PERSONS WITH knowledge of alleged copying, taking, accessing or modification of proprietary MATTEL DOCUMENTS by MACHADO, TRUEBA AND VARGAS.

Request for Production No. 146
All DOCUMENTS REFERRING OR RELATING TO the events described in paragraph 53 of YOUR COUNTERCLAIMS regarding MATTEL's notification of Mexican authorities about the alleged theft of MATTEL's trade secret and confidential information, including but not limited to affidavits, declarations, complaints, and evidence filed with the Mexican authorities.

671042

**Exhibit 1**
**page 3**

Exhibit 16  Page 238

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 2

Request for Production No. 148
    All DOCUMENTS REFERRING OR RELATING TO MATTEL's involvement in the seizure of materials at the facilities of MGAE de Mexico, S.R.L. de C.V. in Mexico City by Mexican authorities.

Request for Production No. 153
    All DOCUMENTS REFERRING OR RELATING TO whether the 2004 Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS was public information or contained public information.

Request for Production No. 154
    All DOCUMENTS REFERRING OR RELATING TO PERSONS who had access to the 2004 Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS.

Request for Production No. 157
    DOCUMENTS sufficient to identify by name, title and telephone number MATTEL employees whom BRAWER allegedly contacted after his resignation from MATTEL, as alleged in paragraph 69 of YOUR COUNTERCLAIMS.

Request for Production No. 158
    All DOCUMENTS REFERRING OR RELATING TO BRISBOIS' MATTEL exit interview, including but not limited to reports, memoranda, notes, and recording of or RELATING TO the exit interview.

Request for Production No. 160
    All DOCUMENTS REFERRING OR RELATING TO the events alleged in paragraph 75 of YOUR COUNTERCLAIMS regarding MATTEL's notification of Canadian law enforcement authorities about BRISBOIS' alleged theft of MATTEL's trade secret and confidential information, including but not limited to affidavits, declarations, complaints, and evidence filed with the Canadian law enforcement authorities.

Request for Production No. 162
    All DOCUMENTS REFERRING OR RELATING TO MATTEL's involvement in the seizure by Canadian law enforcement authorities of a thumb drive from BRISBOIS referenced in paragraph 75 of YOUR COUNTERCLAIMS.

Request for Production No. 174
    All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 90 of YOUR COUNTERCLAIMS regarding MGA's alleged racketeering activity for the purpose of

671042

**Exhibit 1**
**page 4**

Exhibit 16 Page 239

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 3

executing and attempting to execute a scheme to improperly defraud MATTEL and steal MATTEL's trade secret.

Request for Production No. 175
    All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 90 of YOUR COUNTERCLAIMS regarding MGA's alleged willful conduct for the purpose of executing and attempting to execute a scheme to improperly defraud MATTEL and steal its trade secret.

Request for Production No. 176
    All DOCUMENTS REFERRING OR RELATING TO how access to MATTEL's confidential information is controlled, including but not limited to DOCUMENTS CONTAINING MATTEL's policy with respect to confidential information, sign-in and sign-out sheets for access to confidential information, logs of PERSONS who access confidential information ,and procedures for accessing confidential information.

Request for Production No. 177
    All DOCUMENTS REFERRING OR RELATING TO the steps and procedures that MATTEL takes to keep MATTEL's confidential information confidential.

Request for Production No. 178
    All DOCUMENTS REFERRING OR RELATING TO any investigation, surveillance, inspection, inquiry, survey or analysis into the activities, including but not limited to electronic and computer related activities, alleged in YOUR COUNTERCLAIMS.

**MGA's Fifth Set of Requests for Production
of Documents and Things in Case No. 05-2727:**

Request for Production No. 486
    All DOCUMENTS REFERRING OR RELATING TO YOUR or YOUR attorney's or agent's knowledge of or participation in the investigation or search of MGAE de Mexico, S.R.L. de C.V. in Mexico City.

Request for Production No. 488
    All DOCUMENTS REFERRING OR RELATING TO YOUR knowledge that any of the items seized by Mexican authorities from MGAE de Mexico, S.R.L. de C.V. in Mexico City were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary.

671042

**Exhibit 1
page 5**

Exhibit 16 Page 240

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 4

Request for Production No. 489
    All DOCUMENTS REFERRING OR RELATED TO YOUR or YOUR attorney's or
agent's knowledge of or participation in the seizure of Brisbois' thumb drive by Canadian law
enforcement.

Request for Production No. 491
    All DOCUMENTS REFERRING OR RELATED TO YOUR knowledge that any of the
items seized by Canadian authorities from Brisbois' thumb drive were prepared, made, created,
generated, assembled or compiled by or for MGA or any MGA subsidiary.

### MGA's Seventh Set of Requests for the Production
### of Documents and Things in Case No. 05-2727:

Request for Production No. 759
    All DOCUMENTS REFERRING OR RELATING TO the departure of Jorge Castilla
from MATTEL, including but not limited to any MATTEL exit interview forms, surveys,
questionnaires, agreements, or other documents Castilla completed on or near the date of his
departure from MATTEL.

Request for Production No. 760
    All DOCUMENTS REFERRING OR RELATING TO MGA's recruitment or hiring of
Jorge Castilla, including but not limited to all employment agreements and any agreements
relating to confidentiality or non-disclosure of MATTEL information.

Request for Production No. 761
    All DOCUMENTS REFERRING OR RELATING TO any taking of confidential or
proprietary MATTEL information by Jorge Castilla, including bit not limited to forensic reports,
Guidance software reports, or computer imaging reports.

### MGA's Second Set of Interrogatories to Mattel, Inc.:

Interrogatory No. 20
    IDENTIFY with specificity each ALLEGED TRADE SECRET, including the
IDENTITY of each DOCUMENT that embodies or REFERS OR RELATES to each ALLEGED
TRADE SECRET.

Interrogatory No. 21
    IDENTIFY each PERSON who has had access to each ALLEGED TRADE SECRET,
including (a) the ALLEGED TRADE SECRET each PERSON had access to; and (b) the date or
dates each PERSON had this access.

671042

Exhibit 1
page 6

Exhibit 16   Page 247

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 5

<u>Interrogatory No. 22</u>
    STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that MGA misappropriated any ALLEGED TRADE SECRET.

<u>Interrogatory No. 23</u>
    STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that the ALLEGED TRADE SECRETS are protectable.

<u>Interrogatory No. 28</u>
    Describe in detail the complete factual basis for YOUR COUNTERCLAIMS, including, without limitation all facts, DOCUMENTS, and witnesses that REFER OR RELATE TO YOUR COUNTERCLAIMS.

<u>Interrogatory No. 29</u>
    Describe in detail any estimate or calculation of damage, loss, injury, or unjust enrichment, by reason of any act or omission alleged in YOUR COUNTERCLAIMS, that YOU have made or that has been made on YOUR behalf or at YOUR request, including all facts, DOCUMENTS or witnesses RELATING TO each estimate or calculation.

    With respect to all of the above referenced requests for production, Mattel has only objected and has not agreed to produce any responsive documents. With respect to Interrogatory Nos. 20-23 and 28, Mattel has asserted objections only and has not provided any substantive responses. In response to Interrogatory No. 29, Mattel responded on March 5, 2008, that "[a]s to Mattel's Phase II counterclaims, Mattel has not yet computed its damages.... Mattel reserves the right to supplement this response once Phase II discovery resumes and Mattel receives the necessary information...."

    Documents and information responsive to each of the above requests are directly and clearly relevant to the issues to be litigated in Phase II. Moreover, based on the finding in Discovery Master O'Brien's Order No. 6 that "MGA has made a prima facie case that the Requests seeking the documents Mattel provided to law enforcement officials, as well as Mattel's communications with those officials, are reasonably calculated to lead to the discovery of admissible evidence regarding the claims to be adjudicated in Phase 2" and that such documents "are not protected from disclosure under any of the privileges or doctrines cited by Mattel," Mattel's objections to discovery requests pertaining to any law enforcement investigation of Mattel's claims of trade secret theft, such as Requests for Production Nos. 146, 160, 162, 486 and 488, are without merit.

    Please let us know if Mattel is willing to supplement its responses to any of these discovery requests and/or when you are available to meet and confer regarding these requests.

671042

Exhibit 1
page 7

Exhibit 16   Page 242

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 6


Should we fail to reach agreement on the nature and scope of supplemental responses to be provided by Mattel, we anticipate promptly filing a motion to compel the production of documents and substantive responses.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS
& SHAPIRO, LLP


cc:   Patricia Benson, Esq.
      Jean Nogues, Esq.
      Russell Frackman, Esq.
      Joel Klevens, Esq.
      Amman Khan, Esq.


671042


Exhibit 1
page 8

Exhibit 16 Page 243

# EXHIBIT 2

# TO DECLARATION OF

# CAROLINE H. MANKEY

# EXHIBIT 2

# TO DECLARATION OF

# CAROLINE H. MANKEY

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

April 14, 2009

ÏÏÏ MERITAS LAW FIRMS WORLDWIDE

### VIA EMAIL AND U.S. MAIL

Diane C. Hutnyan, Esq.
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

        Re:    MGA – Mattel

Dear Diane:

    This is to confirm the substance of our telephonic conferences on March 31 and April 13, 2009, regarding Mattel's responses to the interrogatories and requests for production identified in my March 25, 2009, letter to Jon Corey and Michael Zeller. Although we did not agree upon a date for Mattel to produce further documents and responses, MGA requests that they be produced by Mattel within 30 days from today's date, by May 14, 2009.

### General

    MGA does not agree to limit its definition of "MATTEL" as used in the interrogatories and requests for production, but for your convenience, it agrees to apply the following definition of "MATTEL" (from MGA's Seventh Set of Requests for Production of Documents and Things In Case No. 05-2727) to all of the discovery requests discussed herein:

    "MATTEL," "YOU" or "YOUR" means the party Mattel, Inc. and any of its past
    or present officers, directors, employees, parents, subsidiaries, divisions,
    affiliates, predecessors-in-interest, and joint venture partners.

### Requests for Production

    Request for Production 137: It is Mattel's position that this is not a proper request for production and that the information sought by MGA would more properly be requested in an interrogatory. MGA intends to serve an interrogatory that will require disclosure of this information.

Exhibit 5
Page 21

**Exhibit 2**
**page 9**

Diane C. Hutnyan, Esq.
April 14, 2009
Page 2

    <u>Request for Production 146 & 148</u>: Mattel will produce all non-privileged, responsive documents in Mattel's possession, custody or control by April 13, 2009, pursuant to the Discovery Master's Order No. 6.

    <u>Request for Production 153</u>: Mattel will produce all non-privileged, responsive documents in Mattel's possession, custody or control by May 14, 2009.

    <u>Request for Production 154</u>: Mattel takes the position that this request is overly broad. MGA agrees to narrow the request to encompass only documents sufficient to identify persons who had access to Mattel's 2004 Sales Plan (as referenced in paragraph 69 of Mattel's Second Amended Answer and Counterclaims) up to the date of Mattel's filing of the Second Amended Answer and Counterclaims on July 12, 2007. Mattel will produce by May 14, 2009, all non-privileged documents responsive to the narrowed request in Mattel's possession, custody or control.

    <u>Request for Production 157</u>: It is Mattel's position that this is not a proper request for production and that the information sought by MGA would more properly be requested in an interrogatory. MGA intends to serve an interrogatory that will require disclosure of this information.

    <u>Request for Production 158</u>: Mattel will produce by May 14, 2009, all non-privileged, responsive documents in Mattel's possession, custody or control.

    <u>Request for Production 160 & 162</u>: Mattel will produce all non-privileged, responsive documents in Mattel's possession, custody or control by April 13, 2009, pursuant to the Discovery Master's Order No. 6.

    <u>Request for Production 174 & 175</u>: Mattel will produce by May 14, 2009, all non-privileged, responsive documents in Mattel's possession, custody or control.

    <u>Request for Production 176 & 177</u>: Mattel takes the position that these requests are overly broad. MGA agrees to narrow the request by defining Mattel's "confidential information" as the trade secrets that Mattel contends in this action were stolen by or on behalf of MGA. MGA further agrees to limit these requests to seek information pertaining only to policies, procedures and protocols used by Mattel in the U.S., Canada and Mexico. MGA's agreement to narrow these requests in this manner is without prejudice to MGA's right to seek a broader range of information at a later time, which right MGA hereby reserves. MGA's reservation of such right is without prejudice to Mattel's assertion of objections thereto.

Exhibit 5
Page 22

Exhibit 2
page 10

Diane C. Hutnyan, Esq.
April 14, 2009
Page 3

Request for Production 178: Mattel takes the position that this request is overly broad and that all responsive documents have already been produced. MGA thus seeks a written response from Mattel by May 14, 2009, that, after making a diligent search and reasonable inquiry to locate additional responsive documents, no additional responsive documents are in Mattel's possession, custody, or control.

Request for Production 486: Mattel takes the position that no documents responsive to this request exist because its attorneys and agents had no knowledge of or participation in the investigation or search of MGA de Mexico, S.R.L. de C.V. in Mexico City. MGA thus seeks a written response from Mattel by May 14, 2009, that, after making a diligent search and reasonable inquiry to locate responsive documents, Mattel found no responsive documents in its possession, custody, or control.

Request for Production 488: Mattel takes the position that it is not presently aware of the existence of any documents responsive to this request, in part because it has not yet had an opportunity to depose Mariana Trueba or Pablo Vargas. MGA thus seeks a written response from Mattel by May 14, 2009, that, after making a diligent search and reasonable inquiry to locate responsive documents, Mattel has to date found no responsive documents in its possession, custody, or control.

Request for Production 489: Mattel takes the position that no documents responsive to this request exist because its attorneys and agents had no knowledge of or participation in the seizure of Brisbois' thumb drive by Canadian law enforcement, other than reporting the theft. MGA thus seeks a written response from Mattel by May 14, 2009, that, after making a diligent search and reasonable inquiry to locate responsive documents, Mattel found no responsive documents in its possession, custody, or control.

Request for Production 491: Mattel takes the position that no documents responsive to this request exist because its attorneys and agents had no knowledge of or participation in the investigation or search of MGA de Mexico, S.R.L. de C.V. in Mexico City. MGA thus seeks a written response from Mattel by May 14, 2009, that, after making a diligent search and reasonable inquiry to locate responsive documents, Mattel found no responsive documents in its possession, custody, or control.

Request for Production 759 & 760: It is Mattel's position that all non-privileged documents responsive to these requests have already been produced. MGA thus seeks a written response from Mattel by May 14, 2009, that, after making a diligent search and reasonable inquiry to locate additional responsive documents, Mattel found no additional responsive documents in its possession, custody, or control.

Exhibit 2
page 11

Exhibit 5
Page 23

Diane C. Hutnyan, Esq.
April 14, 2009
Page 4

Request for Production 761: Mattel takes the position that it has already produced many responsive documents and that further responsive documents are being produced by Mattel by April 13, 2009. MGA thus seeks a written response from Mattel by May 14, 2009, that, after making a diligent search and reasonable inquiry to locate responsive documents, Mattel found no responsive documents in its possession, custody, or control other than those produced on or prior to May 14, 2009.

## Interrogatories

Interrogatories Nos. 20, 22, 23 & 28:  It is Mattel's position that it has already provided full and complete responses to these interrogatories in its response to MGA's Interrogatory No. 1.

Upon further review, it is MGA's position that Mattel's response to Interrogatory No. 1 does not fully respond to Interrogatories Nos. 20, 22, 23 & 28.  For example, Mattel's response to Interrogatory No. 1 does not contain sufficient detail regarding the nature of Mattel's alleged trade secrets or Mattel's treatment, handling and protection of its alleged trade secrets to demonstrate whether the alleged trade secrets are, in fact, protectable trade secrets

The disputed Interrogatories all seek to vet Mattel's trade secret claims by requesting the type of information described by the California Uniform Trade Secret Act ("CUTSA").[1] Interrogatory No. 20 asks Mattel to identify "with specificity" each alleged trade secret referred to in the Second Amended Answer and Counterclaims as well as any related documents. Likewise, Interrogatory No. 23 seeks the complete factual basis for Mattel's contention that the trade secrets that MGA purportedly stole are protectable. Information responsive to these interrogatories would include, for example, the following types of facts: (1) each type of information that Mattel contends constitutes a trade secret; (2) the independent economic value that Mattel purportedly derives from keeping each of the alleged trade secrets from being generally known to the public; and (3) any steps Mattel has taken to ensure the secrecy of the alleged trade secrets.  Mattel's response to Interrogatory No. 1 is simply not responsive to this

---

[1] "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

(1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and

(2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Cal. Civ. Code § 3426.1(d).

**Exhibit 2**
**page 12**

Exhibit 5
Page 24

Diane C. Hutnyan, Esq.
April 14, 2009
Page 5

inquiry. Furthermore, the CUTSA is clear that the term "trade secret" refers to specific information, not simply the documents which might contain that information. *See* Cal. Civ. Code § 3426.1(d). Notwithstanding the fact that Mattel has provided a 20-page list of documents, MGA is not in a position to divine what trade secrets those documents purportedly contain.

Therefore, should Mattel decline to voluntarily provide a further response to these interrogatories, MGA intends to promptly file with the Discovery Master a motion to compel a further response.

Interrogatory No. 21: Mattel will consider whether it will agree to supplement its response to this interrogatory with detailed facts. MGA requests Mattel's response by the close of business on Thursday, April 16, 2009. Should Mattel decline to voluntarily provide a further response to this interrogatory, MGA intends to promptly file with the Discovery Master a motion to compel a further response.

Interrogatory No. 29: It is Mattel's position that this interrogatory is premature because it has not yet received from MGA documents and information needed by Mattel to calculate its damages and because the interrogatory seeks information that is the subject of expert analysis that has not yet been conducted. Mattel agrees to produce such information in the future. It is MGA's position that Mattel should produce promptly whatever estimates or calculations of damages it has conducted to date, even if incomplete or not final, and all facts, documents or witnesses relating to such estimates or calculations. Should Mattel decline to voluntarily provide a further response to this interrogatory, MGA intends to promptly file with the Discovery Master a motion to compel a further response.

Please let me know as soon as possible if this does not comport with your understanding of the results of our efforts to meet and confer regarding these discovery requests.

Thank you for your attention to this matter.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

CHM:lde
cc:    Joel N. Klevens, Esq.
       Patricia H. Benson, Esq.
       Amman Khan, Esq.

Exhibit 2
page 13

Exhibit 5
Page 25

# EXHIBIT 3

# TO DECLARATION OF

# CAROLINE H. MANKEY

# EXHIBIT 3

# TO DECLARATION OF

# CAROLINE H. MANKEY

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

April 16, 2009

<u>VIA ELECTRONIC MAIL AND FAX</u>

Caroline H. Mankey, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:   <u>Mattel v. MGA Entertainment, Inc., et al.</u>

Dear Caroline:

I write to memorialize our telephone call of this afternoon regarding certain MGA Requests for Production and Interrogatories. As I described to you over the phone, we have agreed:

- For Request for Production Nos. 146, 160, 174, and 175 (Second Set), and 488 and 491 (Fifth Set), Mattel will produce non-privileged documents responsive to these requests, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

- For Request for Production Nos. 148 and 162 (Second Set), and 486 and 489 (Fifth Set), Mattel will produce responsive, non-privileged documents regarding Mattel's communications with law enforcement personnel that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

- For Request for Production No. 153 (Second Set), Mattel will produce responsive, non-privileged documents relating to the trade secret/confidential nature of the 2004 Sales Plan, including any documents relating to it being or containing purportedly public information, that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, Illinois 60606-6301 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

**Exhibit 3**
**page 14**

**Exhibit**
**Page 5**

Caroline Mankey, Esq.
April 16, 2009

- For Request for Production Nos. 176 and 177 (Second Set), Mattel will produce responsive, non-privileged documents that relate to the trade secrets and confidential information at issue in this case and to the policies and procedures applied in the U.S., Mexico and Canada with respect to those trade secrets and confidential information, that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

- For Request for Production No. 178 (Second Set), Mattel will produce responsive, non-privileged documents relating to the discovery of MGA's thefts of trade secret and other confidential Mattel information that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

Also, as we discussed, with respect to Request for Production Nos. 759, 760, 761 (Fifth Set) and 158 (Second Set), Mattel already agreed to produce documents in prior responses and in response to the question you posed today about Request No. 158, we do not know of any responsive documents that have not been produced but we will supplement our production in the event that any additional documents are located.

With respect to Requests for Production Nos. 137 and 157 (Second Set), I explained that Mattel's previously produced documents, interrogatory responses and Initial Disclosures already reflect the universe of people with non-privileged information sought in these requests. Further, we had previously discussed whether No. 137 could be construed as incorporating documents reflecting that the persons had the knowledge of alleged copying, taking, accessing or modification of proprietary Mattel documents by Machado, Trueba, and Vargas, and whether No. 157 could be construed as reflecting the contacts that Brawer with the persons after his resignation from Mattel, and you had said MGA would be willing to narrow the requests to just seek those documents. Mattel has considered that suggestion, and while we disagree as to whether these particular requests necessarily encompass such documents, we believe all such documents have been produced anyway. As a result, I believe these requests are resolved. I suggested that you look at the information already provided and let me know what, if anything, you believe you still need to resolve these two requests. Please confirm that we have agreement on that approach.

With respect to Request for Production No. 154, concerning documents referring or relating to those who had access to the 2004 Sales Plan, we discussed whether MGA means by "access" those who actually accessed the Sales Plan, or those who have access in some more technical, theoretical way. Your understanding was that the requests seeks to identify all the people who actually accessed the document, but you told me you would find out from your team whether that was the case. Also, I raised the issue that the number of people with access can change over time, and that the content of the document itself can change over time. As to the latter, Mattel understands the Request to refer to the version(s) of the document that were actually taken.

2

Exhibit 3
page 15

Exhibit 1
Page 6

Caroline Mankey, Esq.
April 16, 2009

Mattel is also wondering what MGA has in mind in terms of temporal scope. We do not agree that all post-theft access to the document is relevant in all cases to a trade secret misappropriation claim, but we understand your position that some post-theft access may be relevant and are willing to consider producing items within a reasonable post-theft time period. Please forward any authority that would help us determine what is the proper time period to apply. Also, I noted that Request No. 154 as drafted would include access by lawyers, investigators, court personnel and government personnel as a result of MGA's theft. It did not sound from what you had told me that this is the information MGA seeks. With respect to these issues, you told me that you would get back to me so that we can work out a way to get MGA the information it needs.

With respect to Interrogatories 20 and 22, we discussed MGA's view that the information contemplated by these interrogatories is difficult to recognize in the responses to Interrogatory Nos. 1 and 2. While we don't necessarily agree with MGA on the point, we nevertheless will supplement both of these interrogatories in an effort to resolve this. Mattel will also supplement its responses to Interrogatory Nos. 21, 23, 28, and 29.

This covers all of the Requests for Production and Interrogatories identified in your original meet and confer letter of March 25, 2009. We plan to make all these supplementations and any supplementary production by May 14, which was the date that you proposed.

Sincerely,


/s/


Diane C. Hutnyan


cc: Jason Russell, Esq.

07975/2890452.1

3

Exhibit 3
page 16

Exhibit 1
Page 7

# EXHIBIT 4

# TO DECLARATION OF

# CAROLINE H. MANKEY

# EXHIBIT 4

# TO DECLARATION OF

# CAROLINE H. MANKEY

LAW OFFICES

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

April 17, 2009

M̄ MERITAS LAW FIRMS WORLDWIDE

VIA FACSIMILE & E-MAIL

Diane C. Hutnyan, Esq.
QUINN, EMANUEL, URQUHART,
   OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

Re:   Mattel, Inc. v. MGA Entertainment, Inc., et al.

Dear Diane:

This responds to your letter dated April 16, 2009, confirming our telephone conversation on that date regarding Mattel's responses to the interrogatories and requests for production identified in my March 25, 2009, letter to Jon Corey and Michael Zeller and further discussed in my letter to you dated April 14, 2009.

We acknowledge the steps that Mattel has taken in agreeing to provide further written responses and documents responsive to MGA's discovery requests.  However, there remain certain areas of ambiguity that continue to concern MGA.

The first of MGA's concerns applies to all of Mattel's responses to the Requests for Production at issue.  As indicated in my April 14 letter, MGA agreed to apply one definition of "MATTEL" to all of the discovery requests identified in my March 25 meet and confer letter. Specifically, MGA agreed to define "MATTEL" as follows:

"MATTEL," "YOU" or "YOUR" means the party Mattel, Inc. and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners.

It is unclear from your response whether Mattel objects to that definition and/or whether it intends to withhold any documents from its production as a result of any such objection(s).

Indeed, it is unclear from your letter whether Mattel intends to withhold any documents responsive to the Requests for Production at issue on the basis of any objections, other than

Exhibit 4
page 17

Exhibit 2
Page 8

Diane C. Hutnyan, Esq.
April 17, 2009
Page 2

privilege or work product objections.  Although your letter reflects an agreement to produce non-privileged documents responsive to Requests for Production Nos. 146, 148, 153, 160, 162, 174, 175, 176, 177, 178, 486, 488, 489 and 491, it does not expressly state whether it will produce *all* such responsive documents or whether it intends to withhold any documents on the basis of any privilege.

The following are concerns about Mattel's responses to specific Requests for Production:

Requests for Production Nos. 148, 162, 486 and 489:  You indicate that "Mattel will produce responsive, non-privileged documents regarding Mattel's *communications with law enforcement personnel* that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced."  (Emphasis added.)  However, the scope of these Requests is broader than just communications with law enforcement personnel.  Thus, MGA seeks all documents responsive to these Requests, not just the documents that the Discovery Master has already ordered Mattel to produce.  Further, you must confirm that you are producing "*all*" of such documents.

Request for Production No. 154:  You have asked us to further define the temporal scope of this Request and to refine the Request with respect to the definition of access we are applying.  As noted in my April 14 letter, MGA agrees to narrow the request temporally to apply only to documents predating the filing of Mattel's Second Amended Answer and Counterclaims on July 12, 2007, so long as Mattel confirms that it has no claims relating to the 2004 Sales Plan after this date.  MGA also seeks documents reflecting all persons to whom Mattel gave the ability or permission to access the 2004 Sales Plan.  It does not seek information from Mattel regarding persons who might have had access to the document while it was in the possession of a person or entity other than Mattel, such as government or court personnel, unless that access was given to them by Mattel.

Request for Production No. 178:  You indicate that Mattel will produce non-privileged, responsive documents "relating to the discovery of MGA's thefts of trade secret and other confidential Mattel information...."  However, the scope of this Request is far broader than that.  It seeks documents relating to "any investigation, surveillance, inspection, inquiry, survey or analysis into the activities, including but not limited to electronic and computer related activities," alleged in Mattel's counterclaims.  MGA is not willing to narrow this Request in the manner you have proposed.

For these reasons, and because this matter has been pending without resolution for far longer than the five day period for meeting and conferring contemplated by the order referring discovery disputes to the Discovery Master, MGA intends to move forward with the filing of its motion to compel with the Discovery Master in order to preserve its rights.  However, we

Exhibit 2
Page 9

**Exhibit 4
page 18**

Diane C. Hutnyan, Esq.
April 17, 2009
Page 3

anticipate withdrawing all or portions of the motion in the event that we reach an agreement on any and all outstanding issues.

Thank you for your attention to this matter.

Very truly yours,

Caroline H. Mankey (amk)

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS, HOWARD
& SHAPIRO, LLP

CHM:lde
cc:   Joel N. Klevens, Esq.
      Patricia H. Benson, Esq.
      Amman Khan, Esq.

Exhibit 4
page 19

Exhibit 2
Page 10

# EXHIBIT 5

# TO DECLARATION OF

# CAROLINE H. MANKEY

# EXHIBIT 5

# TO DECLARATION OF

# CAROLINE H. MANKEY

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

April 20, 2009

VIA ELECTRONIC MAIL AND FAX

Caroline H. Mankey, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:    Mattel v. MGA Entertainment, Inc., et al.

Dear Caroline:

This responds to your April 17, 2009 letter regarding Mattel's responses to MGA Interrogatories and Requests for Production. Mattel is willing to resolve any purported ambiguities or concerns about its responses to these discovery requests.

First, I can confirm with respect to Mattel's Second Supplemental Objections and Responses to MGA Entertainment, Inc.'s Second Set of Requests For Production of Documents And Things (Nos. 146, 148, 153, 160, 162, 174-178) In Case No. 05-2727, and Mattel's Supplemental Responses to MGA's Fifth Set Of Requests For Production (Nos. 468, 488, 489, 491), served on Friday, April 17, the responses to each request that Mattel "will produce" documents in a stated category means that Mattel intends to produce all documents in the stated category.

Second, with respect to Requests Nos. 148, 162, 486, and 489 as I have told you before, Mattel notified the Mexican and Canadian authorities of the apparent theft of its property, but was not involved with, and did not participate in, the seizure, investigation, or search specified in the Requests. Certainly, however, if there had been any such "involvement" or "participation," as Mattel understands those terms – prior knowledge, planning, etc. – they would be captured in the communications with law enforcement authorities that Mattel has already produced. We believe the offer Mattel has advanced as to these Requests thus covers all items arguably responsive to the spirit of the request without entangling the parties in an argument about the scope of the undefined terms that renders the requests overbroad and ambiguous and that would directly

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

Exhibit 3
Page 11

Exhibit 5
page 20

Caroline Mankey, Esq.
April 20, 2009

target privileged materials. You say the scope of the requests is "broader," but what kinds of non-privileged documents do you believe would be responsive to these requests that would not already be included within the communications? And if there is nothing within the communications that evidences such involvement or participation, how do you think Mattel could have been involved or could have participated? Please let me know what you believe you are missing or, alternatively, confirm that MGA agrees with Mattel's understanding of the terms "involvement" and "participation."

Also, Requests for Production No. 486 and 489 are defective and overbroad in asking for items responsive to Mattel's "knowledge" without any reasonable temporal limitation. Obviously, many Mattel agents and attorneys *now* know of the facts of the seizure of the thumb drive, and of the investigation and search of MGAE de Mexico, S.R.L. de C.V. in Mexico City. But most of this post-event knowledge is irrelevant. Mattel's proposal was designed to address this problem and get MGA the information to which it is entitled.

As to Request for Production No. 154, Mattel is willing to produce all responsive, non-privileged documents within its possession, custody, or control relating to access to the 2004 Sales Plan, with access being defined, as MGA has requested, as reflecting all persons to whom Mattel gave the ability or permission to access it. However, as the 2004 Sales Plan was time-sensitive information, Mattel does not agree that access as late as 2007, when Mattel filed its Second Amended Answer and Counterclaims, is relevant. We have now twice requested authority from MGA supporting its position that access after the date of the theft (or more specifically years after the theft) is relevant but that authority has not been forthcoming. Please forward whatever information MGA is relying on for its position so we can get this resolved.

As to Request for Production No. 178, recognizing that MGA is not willing to narrow the request as proposed by Mattel, Mattel is willing to broaden the scope of its response in a way that I believe assuages MGA's concerns. Mattel is willing to produce all responsive, non-privileged documents relating to the discovery of MGA's thefts of trade secrets and other Mattel confidential information, as well as of other wrongful conduct alleged in Mattel's Counterclaims. I think this would provide MGA with the relevant information it seeks. If not, please let me know what you believe is missing that is relevant to any claim or defense in this lawsuit.

Finally, regarding the definition of "Mattel," we do not see how the definition of "MATTEL" applies to "all of the discovery requests identified in [your] March 25 letter". In any event, MGA is the one that has been objecting to a similar definition, and thus any alleged ambiguity is the result of MGA's conflicting positions in this case. What we have asked for, but never received a satisfactory response to, is MGA's explanation as to how similar definitions used by Mattel are overbroad but become unobjectionable when used by MGA. Since MGA is standing on its definition, we are fine agreeing to it for the relevant requests, given that MGA agrees that such a definition is not overbroad or otherwise objectionable and is willing to have such a definition applied to the discovery requests to the MGA parties.

2

Exhibit 5
page 21

Exhibit 3
Page 12

Caroline Mankey, Esq.
April 20, 2009

I believe these proposals should enable Mattel and MGA to reach an agreement that will avoid unnecessary motion practice. I look forward to hearing from you, and please let me know if MGA has any additional concerns.

Sincerely,

Diane C. Hutnyan

cc: Jason Russell, Esq.

3

Exhibit 5
page 22

Exhibit 3
Page 13

# EXHIBIT 6

# TO DECLARATION OF

# CAROLINE H. MANKEY

# EXHIBIT 6

# TO DECLARATION OF

# CAROLINE H. MANKEY

GLASER WEIL          Fax:310-556-2406          Apr 27 2009 03:26pm P002/003

LAW OFFICES

**GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP**
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
E-MAIL: CHANKEY@GLASERWEIL.COM

April 27, 2009

MERITAS LAW FIRMS WORLDWIDE

<u>VIA FACSIMILE & E-MAIL</u>

Diane C. Hutnyan, Esq.
QUINN, EMANUEL, URQUHART,
OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Re:   Mattel, Inc. v. MGA Entertainment, Inc., et al.

Dear Diane:

This responds to your letter of today's date requesting a one-day extension of time to oppose MGA's Motion to Compel Production of Documents and Things From MGA's Second and Fifth Sets of Requests for Production and Responses to MGA's Second Set of Interrogatories to Mattel, Inc. MGA agrees to the extension, under the condition that Mattel afford a similar courtesy and grant MGA a comparable extension in the future upon request by MGA.

This also responds to your letter dated April 20, 2009, regarding our efforts to narrow the disputes over Mattel's responses to Interrogatories 20-23 and 28-29 and Requests for Production 146, 148, 153, 154, 158, 160, 162, 174-178, 486, 488, 489 and 491. I apologize for the delay in responding, but I was out of town April 22 through April 26, 2009. It appears that only a few issues remain in dispute.

With respect to the definition of "MATTEL," MGA is unwilling to agree that the same definition should apply to MGA in *all* undefined pending or future discovery requests propounded by Mattel. If there are specific discovery requests to which Mattel would like to propose applying that definition, MGA will consider that request.

With respect to Requests for Production Nos. 148, 162, 486 and 489, it is MGA's continued position that "Mattel's communications with law enforcement personnel," which Mattel proposes to produce in response to these Requests, do not necessarily encompass the documents sought by MGA pertaining to Mattel's knowledge, participation or involvement in the seizure of materials by the Mexican or Canadian law enforcement authorities. Thus, we are unwilling to limit the scope of these Requests to that proposed by Mattel.

**Exhibit 6**
**page 23**

Exhibit 6
Page 27

Diane C. Hutnyan, Esq.
April 27, 2009
Page 2.

With respect to Request for Production No. 154, it is MGA's continued position that the date of the filing of Mattel's Second Amended Answer and Counterclaims is an appropriate temporal limitation, as any occurrence of theft must have happened prior to that date.  We are willing to reconsider if Mattel can demonstrate that *all* of the information contained in the 2004 Sales Plan, including its format and structure, lost its trade secret status at some earlier date.

With respect to Request for Production No. 178, it is MGA's position that Mattel's offer to produce documents relating to the discovery of MGA's thefts of trade secrets and other Mattel confidential information, as well as other conduct alleged in Mattel's counterclaims, would not adequately respond to MGA's request for documents relating to "any investigation, surveillance, inspection, inquiry, survey or analysis into the activities, including but not limited to electronic and computer related activities," alleged in Mattel's counterclaims.  Moreover, it is MGA's position that the latter described documents may be pertinent to MGA's defenses to Mattel's counterclaims, such as its unclean hands defense.  Thus, MGA remains unwilling to narrow this Request in the manner you have proposed.

In the event that we can reach agreement on these remaining issues, MGA will withdraw its pending motion to compel.  Notwithstanding any such withdrawal of that motion, or anything herein, MGA reserves its right to move to compel further production of such documents after completion of its review of the documents produced by Mattel in response to the Discovery Master's Order No. 6 and in response to these Requests.

Thank you for your attention to this matter.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS, HOWARD
& SHAPIRO, LLP

CHM:de
cc:   Joel N. Klevens, Esq.
      Patricia H. Benson, Esq.
      Amman Khan, Esq.

Exhibit 6
Page 24

Exhibit 6
page 24