1   PATRICIA L. GLASER (Bar No. 055668)
    pglaser@glaserweil.com
2   GLASER WEIL FINK JACOBS & SHAPIRO
    10250 Constellation Blvd., 19th Floor
3   Los Angeles, California 90067
    Telephone: (310) 553-3000
4   Facsimile: (310) 557-9815

5   RUSSELL J. FRACKMAN (Bar No. 49087)
    rjf@msk.com
6   PATRICIA H. BENSON (Bar No. 60565)
    phb@msk.com
7   MITCHELL SILBERBERG & KNUPP LLP
    11377 West Olympic Boulevard
8   Los Angeles, California 90064-1683
    Telephone: (310) 312-2000
9   Facsimile: (310) 312-3100

10  Attorneys for The MGA Parties For Phase Two

11

12                  UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

                         EASTERN DIVISION
14

15  CARTER BRYANT, an individual,      CASE NO.  CV 04-9049 SGL (RNBx)

            Plaintiff,                 Consolidated with
16                                     Case No.  CV 04-09059
        v.                             Case No.  CV 05-02727
17
    MATTEL, INC., a Delaware           DISCOVERY MATTER
18  corporation,                       [To Be Heard By Discovery Master
                                       Robert O'Brien Pursuant To Order Of
            Defendant.                 January 6, 2009]
19
                                       DECLARATION OF ANDREW C.
20  AND CONSOLIDATED CASES             SPITSER IN SUPPORT OF MGA
                                       ENTERTAINMENT, INC.'S MOTION
21                                     TO COMPEL FURTHER
                                       RESPONSES TO MGA'S FIRST SET
22                                     OF PHASE 2 INTERROGATORIES
                                       AND SECOND SET OF PHASE 2
23                                     REQUESTS FOR PRODUCTION

24                                     [Motion and Declarations of Robert J.
                                       Herrington and Caroline H. Mankey Filed
25                                     Concurrently]

26                                     Date:   TBD
                                       Time:   TBD
                                       Place:  TBD
27                                     Phase 2
                                       Discovery Cutoff:     December 11, 2009
28                                     Pretrial Conference:  March 1, 2010
                                       Trial Date:           March 23, 2010

Mitchell
Silberberg &
Knupp LLP

2293357.1

1    I, ANDREW C. SPITSER, declare:

2         1.    I am an attorney at law duly licensed to practice law in the State of

3    California and before this Court.  I am an associate in the law firm of Mitchell,

4    Silberberg & Knupp LLP, attorneys of record for the MGA Parties.  I have

5    personal knowledge of the following facts and, if called and sworn as a witness,

6    could and would competently testify thereto.

7         2.    Attached hereto as Exhibit 1 is a true and correct copy of the

8    Responses of Mattel, Inc. to MGA Entertainment, Inc.'s First Set of Phase 2

9    Interrogatories.

10        3.    Attached hereto as Exhibit 2 is a true and correct copy of Mattel,

11   Inc.'s Objections to MGA Entertainment, Inc.'s Second Set of Phase 2 Requests

12   for Production of Documents and Other Tangible Things.

13        4.    Attached hereto as Exhibit 3 is a true and correct copy of the Order

14   Appointing Discovery Master, dated Jan. 6, 2009.

15        5.    Attached hereto as Exhibit 4 is a true and correct copy of a portion of

16   the Transcript of February 11, 2009 Hearing.

17        6.    Attached hereto as Exhibit 5 is a true and correct copy of Defendant's

18   First Set of Interrogatories Propounded on Plaintiff Mattel, Inc.

19        7.    Attached hereto as Exhibit 6 is a true and correct copy of MGA's First

20   Set of Interrogatories to Mattel, Inc., served on February 4, 2005.

21        8.    Attached hereto as Exhibit 7 is a true and correct copy of MGA's

22   Second Set of Interrogatories to Mattel, Inc., served on December 4, 2007.

23        9.    Attached hereto as Exhibit 8 is a true and correct copy of Mattel,

24   Inc.'s Objections and Responses to MGA's Second Set of Interrogatories to

25   Mattel, Inc., served on January 3, 2008.

26

27

28

Mitchell
Silberberg &
Knupp LLP

2293357.1

1

1       10.   Attached hereto as Exhibit 9 is a true and correct copy of the caption

2   page and proof of service for Mattel, Inc.'s Supplemental Responses to MGA's

3   Second Set of Interrogatories to Mattel, Inc., served on March 5, 2008.

4       11.   Attached hereto as Exhibit 10 is a true and correct copy of MGA

5   Entertainment, Inc.'s Motion to Compel Production of Documents and Things

6   from MGA's Second and Fifth Sets of Requests for Production and Responses to

7   MGA's Second Set of Interrogatories to Mattel, Inc.

8       12.   Attached hereto as Exhibit 11 is a true and correct copy of Mattel,

9   Inc.'s Opposition to MGA Entertainment Inc.'s Motion to Compel Production of

10  Documents and Things from MGA's Second and Fifth Sets of Requests for

11  Production and Responses to MGA's Second Set of Interrogatories to Mattel, Inc.

12      13.   Attached hereto as Exhibit 12 is a true and correct copy of the prior

13  Discovery Master's Order Granting Joint Motion for Protective Order Regarding

14  Mattel's Interrogatories; Denying Mattel's Motion to Compel Interrogatory

15  Responses, dated Sept. 5, 2007.

16      14.   Attached hereto as Exhibit 13 is a true and correct copy of Order No.

17  11, dated March 30, 2009.

18      15.   Attached hereto as Exhibit 14 is a true and correct copy of [Redacted]

19  Mattel, Inc.'s Notice of Motion and Motion to Enforce Order Compelling MGA

20  to Provide Discovery, to Compel Responses to Contention Interrogatories by

21  MGA and for Sanctions.

22      16.   Attached hereto as Exhibit 15 is a true and correct copy of MGA's

23  Opposition to Mattel's Motion to Enforce and Compel Re Trade Dress

24  Interrogatories

25      17.   Attached hereto as Exhibit 16 is a true and correct copy of [Public

26  Redacted] Mattel's Reply in Support of Mattel, Inc.'s Motion to Enforce Order

27

28

Mitchell
Silberberg &
Knupp LLP

2293357.1

2

1  Compelling MGA to Provide Discovery, to Compel Responses to Contention

2  Interrogatories by MGA and for Sanctions.

3    18. Attached hereto as Exhibit 17 is a true and correct copy of Order No.

4  17, dated April 14, 2009.

5    19. Attached hereto as Exhibit 18 is a true and correct copy of the Order

6  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

7  Responses by MGA, dated May 15, 2007.

8    20. Attached hereto as Exhibit 19 is a true and correct copy of Mattel,

9  Inc.'s Notice of Motion and Motion for Protective Order Regarding MGA's First

10  Set of Phase 2 Interrogatories, filed on June 29, 2009.

11

12    I declare under penalty of perjury under the laws of the United States of

13  America that the foregoing is true and correct.

14    Executed this 16th day of July, 2009, at Los Angeles, California.

15

16                  

17            Andrew C. Spitser

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

2293357.1

3

DECLARATION OF ANDREW C. SPITSER IN SUPPORT OF MGA'S MOTION TO COMPEL FURTHER
RESPONSES TO MGA'S FIRST SET OF PHASE 2 INTERROGATORIES AND SECOND SET OF PHASE 2
REQUESTS FOR PRODUCTION

# EXHIBIT 1

# TO DECLARATION OF

# ANDREW C. SPITSER

# EXHIBIT 1

# TO DECLARATION OF

# ANDREW C. SPITSER

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       John B. Quinn (Bar No. 090378)
2      (johnquinn@quinnemanuel.com)
       Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
       Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone:   (213) 443-3000
6   Facsimile:   (213) 443-3100

7   Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11   CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)
                                          Consolidated with
12                 Plaintiff,             Case Nos. CV 04-09059 & CV 05-2727

13        vs.

14   MATTEL, INC., a Delaware             RESPONSES OF MATTEL, INC. TO MGA
     corporation,                         ENTERTAINMENT, INC.'S FIRST SET
15                                        OF PHASE 2 INTERROGATORIES
                   Defendant.
16                                        **Phase 2:**
                                          Discovery Cut-off:    Dec. 11, 2009
17   AND CONSOLIDATED ACTIONS             Pre-trial Conference:  Mar. 1, 2010
                                          Trial Date:           Mar. 23, 2010
18

19

20

21

22   PROPOUNDING PARTY:      MGA ENTERTAINMENT, INC.

23   RESPONDING PARTY:       MATTEL, INC.

24   SET NO.:   ONE (PHASE TWO) [NOS. 1-14]

25

26

27

28

07975/2936304.1

EXHIBIT 1  PAGE 4

## Preliminary Statement

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Defendants have also failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered, disclosed or produced. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents. Mattel's response to any of MGA Entertainment, Inc.'s ("MGA") First Set of (Phase 2) Interrogatories (the "Interrogatories") is not to be construed as a waiver of any of its objections or its right to object to any other request.

## General Objections

Mattel generally objects to each of the Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual request:

1.     Mattel objects to the Interrogatories on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained.

2.     Mattel objects to the Interrogatories on the grounds that they seek to impose obligations upon Mattel beyond those imposed by the Federal Rules of Civil Procedure. In particular, MGA's Instructions purport to require that if Mattel cannot completely answer the interrogatory after making diligent efforts to

1  do so, Mattel must "describe in detail all efforts made to answer the interrogatory;
2  identify every PERSON involved in such efforts; and state the additional
3  information YOU need, if any, to respond completely to the interrogatory." The
4  Federal Rules of Civil Procedure impose no such requirements.

5         3.    Mattel objects to the Requests on the grounds and to the extent
6  that they are unduly burdensome, premature and vague and ambiguous in that the
7  full scope of material and other trade secrets MGA stole and the other facts
8  necessary to answer the Requests are uniquely known by defendants and by third
9  parties within defendants' control, but are not known by Mattel at this juncture
10  because defendants refuse to disclose information to Mattel, including by refusing to
11  produce information that is the subject of prior Court Orders and pending Mattel
12  motions to enforce and/or compel and by refusing to appear for deposition. Mattel
13  further anticipates that defendants and/or additional persons associated with
14  defendants, but who have not yet been deposed or who have not yet been identified,
15  have knowledge pertinent to the topics that are the subject of the Requests.

16         4.    Mattel objects to the Interrogatories on the grounds that they call
17  for the disclosure of information subject to the attorney-client privilege, the attorney
18  work-product doctrine, or any other applicable privilege, including the privilege
19  against disclosure of the identities and work product of consulting experts. Such
20  information and documents will not be produced.

21         5.    Mattel objects to the Interrogatories on the grounds that they call
22  for production or disclosure of confidential, proprietary and/or private information.
23  Such information and documents will not be disclosed or produced except pursuant
24  to and in reliance upon the operative protective order.

25         6.    Mattel objects to the Interrogatories on the grounds that they
26  seek the disclosure of information or documents that are in the possession, custody
27  and control of independent parties over whom Mattel has no control, and seek the
28  disclosure of information or documents that are in the possession, custody and

-2-

EXHIBIT 1  PAGE 6

1   control of defendant MGA or are publicly available and hence equally available to
2   all parties to this litigation.

3            7.      Mattel objects to the Interrogatories on the grounds that they call
4   for information that is neither relevant to the claims or defenses in the pending
5   action nor reasonably calculated to lead to the discovery of admissible evidence.

6            8.      Mattel objects to the Interrogatories on the grounds that they are
7   unduly burdensome and oppressive.

8            9.      Mattel further objects to the Interrogatories on the grounds that
9   they purport to circumvent the expert disclosure provisions of the Federal and Local
10  Rules. Such disclosures will be made in accordance with the requirements of, and at
11  the times specified by, the Court's Orders and the Rules.

12           10.     Mattel objects to the Interrogatories on the grounds that they
13  seek the disclosure of information or documents in violation of the terms of
14  agreements or protective orders entered into with third parties, or in violation of the
15  privacy, contractual, or other rights of third parties.

16           11.     Mattel objects to the Interrogatories on the grounds that the
17  definitions of "MATTEL PRODUCTS" are overbroad, vague and ambiguous and
18  unduly burdensome, including in that it refers to products "sold, marketed or
19  distributed by MATTEL from January 1, to the present" without specifying which
20  January 1 of which year.

21           12.     Mattel objects to the definition of "MATTEL DOCUMENTS" as
22  vague and ambiguous including in that the full scope of documents, material and
23  trade secrets MGA stole and the other facts necessary to determine all of the
24  documents, material and trade secrets stolen by MGA are uniquely known by
25  defendants and by third parties within defendants' control, but are not known by
26  Mattel at this juncture because defendants refuse to disclose information to Mattel,
27  including by refusing to produce information that is the subject of prior Court
28  Orders and pending Mattel motions to enforce and/or compel and by refusing to

07975/2936304.1

-3-

EXHIBIT 1  PAGE 7

1  appear for deposition.  Mattel further anticipates that defendants and/or additional

2  persons associated with defendants, but who have not yet been deposed or who have

3  not yet been identified, have knowledge pertinent to determining all of the

4  documents, materials and trade secrets stolen by MGA.

5

6                    **Specific and General Responses**

7            Each of the following objections and responses to the Interrogatories is

8  expressly made subject to the above Preliminary Statement and General Objections,

9  all of which are incorporated in each of the following objections and responses to

10  specific Interrogatories.

11

12                 **RESPONSES TO INTERROGATORIES**

13

14  **INTERROGATORY NO. 1:**

15            If your response to RFA No. 1 is anything other than an unqualified

16  admission, state for each MATTEL DOCUMENT that is a basis for such response

17  ANY facts that SUPPORT your response to RFA No. 1, IDENTIFY ANY

18  PERSONS with knowledge of such facts, and ANY DOCUMENTS that REFER

19  OR RELATE to such facts.

20  **RESPONSE TO INTERROGATORY NO. 1:**

21            In addition to the general objections stated above, Mattel specifically

22  objects to this Interrogatory on the grounds that the defendants have exceeded the

23  limit on the number of Interrogatories they may properly serve on Mattel without

24  leave of the Court, which defendants have neither sought nor obtained.  Mattel

25  further objects to this Interrogatory on the grounds that it is overly broad, unduly

26  burdensome and seeks information that is neither relevant nor likely to lead to the

27  discovery of admissible evidence.  Mattel further objects to this Interrogatory on

28  each and every one of the grounds on which Mattel objects to RFA No. 1.  In

1  particular, Mattel objects to this Interrogatory because it is premature because it
2  seeks information that will be the subject of expert discovery.  This Interrogatory is
3  also premature because defendants have not complied with their discovery
4  obligations.   They have failed to produce witnesses for deposition and are
5  withholding information and documents requested in violation of orders of the
6  Discovery Master and the Court.  Mattel further objects to this Interrogatory on the
7  grounds that the term "MATTEL DOCUMENTS" is vague and ambiguous
8  including in that the full scope of documents, material and trade secrets MGA stole
9  and the other facts necessary to determine all of the documents, material and trade
10  secrets stolen by MGA are uniquely known by defendants and by third parties
11  within defendants' control, but are not known by Mattel at this juncture because
12  defendants refuse to disclose information to Mattel, including by refusing to produce
13  information that is the subject of prior Court Orders and pending Mattel motions to
14  enforce and/or compel and by refusing to appear for deposition.  Mattel further
15  objects to this Interrogatory to the extent that it calls for the disclosure of
16  information subject to the attorney-client privilege, the attorney work-product
17  doctrine and other applicable privileges.

18

19  **INTERROGATORY NO. 2:**

20       If YOUR answer to RFA No. 2 is anything other than an unqualified
21  admission, state for each MATTEL DOCUMENT that is a basis for such response
22  ANY facts that SUPPORT your response to RFA No. 2, IDENTIFY ANY
23  PERSONS with knowledge of such facts, and IDENTIFY ANY DOCUMENTS that
24  REFER OR RELATE to such facts.

25  **RESPONSE TO INTERROGATORY NO. 2:**

26       In addition to the general objections stated above, Mattel specifically
27  objects to this Interrogatory on the grounds that the defendants have exceeded the
28  limit on the number of Interrogatories they may properly serve on Mattel without

07975/2936304.1

-5-

EXHIBIT 1  PAGE 9

1   leave of the Court, which defendants have neither sought nor obtained.   Mattel
2   further objects to this Interrogatory on the grounds that it is overly broad, unduly
3   burdensome and seeks information that is neither relevant nor likely to lead to the
4   discovery of admissible evidence.   Mattel further objects to this Interrogatory on
5   each and every one of the grounds on which Mattel objects to RFA No. 2.   In
6   particular, Mattel objects to this Interrogatory because it is premature because it
7   seeks information that will be the subject of expert discovery. This Interrogatory is
8   also premature because defendants have not complied with their discovery
9   obligations.   They have failed to produce witnesses for deposition and are
10  withholding information and documents requested in violation of orders of the
11  Discovery Master and the Court. Mattel further objects to this Interrogatory on the
12  grounds that the term "MATTEL DOCUMENTS" is vague and ambiguous
13  including in that the full scope of documents, material and trade secrets MGA stole
14  and the other facts necessary to determine all of the documents, material and trade
15  secrets stolen by MGA are uniquely known by defendants and by third parties
16  within defendants' control, but are not known by Mattel at this juncture because
17  defendants refuse to disclose information to Mattel, including by refusing to produce
18  information that is the subject of prior Court Orders and pending Mattel motions to
19  enforce and/or compel and by refusing to appear for deposition.   Mattel further
20  objects to this Interrogatory to the extent that it calls for the disclosure of
21  information subject to the attorney-client privilege, the attorney work-product
22  doctrine and other applicable privileges.

23

24  **INTERROGATORY NO. 3:**

25          If your answer to RFA No. 3 is anything other than an unqualified
26  admission, state for each MATTEL DOCUMENT that is a basis for such response
27  ANY facts that SUPPORT your response to RFA No. 3, IDENTIFY ANY

28

1 PERSONS with knowledge of such facts, and ANY DOCUMENTS that REFER

2 OR RELATE to such facts.

3 **RESPONSE TO INTERROGATORY NO. 3:**

4        In addition to the general objections stated above, Mattel specifically

5 objects to this Interrogatory on the grounds that the defendants have exceeded the

6 limit on the number of Interrogatories they may properly serve on Mattel without

7 leave of the Court, which defendants have neither sought nor obtained.   Mattel

8 further objects to this Interrogatory on the grounds that it is overly broad, unduly

9 burdensome and seeks information that is neither relevant nor likely to lead to the

10 discovery of admissible evidence.   Mattel further objects to this Interrogatory on

11 each and every one of the grounds on which Mattel objects to RFA No. 3.   In

12 particular, Mattel objects to this Interrogatory because it is premature because it

13 seeks information that will be the subject of expert discovery.   This Interrogatory is

14 also premature because defendants have not complied with their discovery

15 obligations.   They have failed to produce witnesses for deposition and are

16 withholding information and documents requested in violation of orders of the

17 Discovery Master and the Court.   Mattel further objects to this Interrogatory on the

18 grounds that the term "MATTEL DOCUMENTS" is vague and ambiguous

19 including in that the full scope of documents, material and trade secrets MGA stole

20 and the other facts necessary to determine all of the documents, material and trade

21 secrets stolen by MGA are uniquely known by defendants and by third parties

22 within defendants' control, but are not known by Mattel at this juncture because

23 defendants refuse to disclose information to Mattel, including by refusing to produce

24 information that is the subject of prior Court Orders and pending Mattel motions to

25 enforce and/or compel and by refusing to appear for deposition.   Mattel further

26 objects to this Interrogatory to the extent that it calls for the disclosure of

27 information subject to the attorney-client privilege, the attorney work-product

28 doctrine and other applicable privileges.

07975/2936304.1

**INTERROGATORY NO. 4:**

If your answer to RFA No. 4 is anything other than an unqualified admission, state all facts that SUPPORT your response to RFA No. 4 and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such facts.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained. Mattel further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Mattel further objects to this Interrogatory on each and every one of the grounds on which Mattel objects to RFA No. 4. In particular, Mattel objects to this Interrogatory because it is vague, ambiguous, overly-broad and unduly burdensome, including in RFA No. 4's use of the word "never" and with regard to the time frame to which RFA No. 4 is directed. Mattel further objects to this Interrogatory because it is premature because it seeks information that will be the subject of expert discovery. This Interrogatory is also premature because defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel further objects to this Interrogatory on the grounds that the term "MATTEL DOCUMENTS" is vague and ambiguous including in that the full scope of documents, material and trade secrets MGA stole and the other facts necessary to determine all of the documents, material and trade secrets stolen by MGA are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to

07975/2936304.1

1   disclose information to Mattel, including by refusing to produce information that is

2   the subject of prior Court Orders and pending Mattel motions to enforce and/or

3   compel and by refusing to appear for deposition.   Mattel further objects to this

4   Interrogatory to the extent that it calls for the disclosure of information subject to the

5   attorney-client privilege, the attorney work-product doctrine and other applicable

6   privileges.

7

8   **INTERROGATORY NO. 5:**

9          IDENTIFY ANY damages YOU contend YOU have suffered as a

10  result of the violation of the Racketeer Influenced and Corrupt Organization Act

11  alleged by YOU in the Second Counterclaim of YOUR OPERATIVE

12  COUNTERCLAIMS in THIS ACTION.

13  **RESPONSE TO INTERROGATORY NO. 5:**

14         In addition to the general objections stated above, Mattel specifically

15  objects to this Interrogatory on the grounds that the defendants have exceeded the

16  limit on the number of Interrogatories they may properly serve on Mattel without

17  leave of the Court, which defendants have neither sought nor obtained.   Mattel

18  further objects to this Interrogatory on the grounds that it is overly broad, unduly

19  burdensome and seeks information that is neither relevant nor likely to lead to the

20  discovery of admissible evidence. Mattel further objects to this Interrogatory on the

21  grounds that it is vague and ambiguous in its use of the term "OPERATIVE

22  COUNTERCLAIMS." Mattel objects to this Interrogatory because it is premature

23  because it seeks information that will be the subject of expert discovery.   This

24  Interrogatory is also premature because defendants have not complied with their

25  discovery obligations.   They have failed to produce witnesses for deposition and are

26  withholding information and documents requested in violation of orders of the

27  Discovery Master and the Court. Mattel further objects to this Interrogatory on the

28  grounds that it is vague and ambiguous including in that the full scope of

1  documents, material and trade secrets MGA stole and the other facts necessary to

2  determine all of the documents, material and trade secrets stolen by MGA are

3  uniquely known by defendants and by third parties within defendants' control, but

4  are not known by Mattel at this juncture because defendants refuse to disclose

5  information to Mattel, including by refusing to produce information that is the

6  subject of prior Court Orders and pending Mattel motions to enforce and/or compel

7  and by refusing to appear for deposition.  Mattel objects to this Interrogatory on the

8  grounds that it is also premature in that facts needed to determine the type and

9  amount damages that Mattel has suffered as a result of defendant's violations of the

10  Racketeer Influenced and Corrupt Organization Act and the other facts necessary to

11  answer this Interrogatory are uniquely known by defendants and by third parties

12  within defendants' control, but are not known by Mattel at this juncture because

13  defendants refuse to disclose information to Mattel, including by refusing to produce

14  information that is the subject of prior Court Orders and pending Mattel motions to

15  enforce and/or compel and by refusing to appear for deposition.   Mattel further

16  objects to this Interrogatory to the extent that it calls for the disclosure of

17  information subject to the attorney-client privilege, the attorney work-product

18  doctrine and other applicable privileges.

19

20  **INTERROGATORY NO. 6:**

21       IDENTIFY ANY damages YOU contend YOU have suffered as a

22  result of the alleged MISAPPROPRIATION of trade secrets alleged by YOU in the

23  Fourth Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in THIS

24  ACTION.

25  **RESPONSE TO INTERROGATORY NO. 6:**

26       In addition to the general objections stated above, Mattel specifically

27  objects to this Interrogatory on the grounds that the defendants have exceeded the

28  limit on the number of Interrogatories they may properly serve on Mattel without

1  leave of the Court, which defendants have neither sought nor obtained.  Mattel
2  further objects to this Interrogatory on the grounds that it is overly broad, unduly
3  burdensome and seeks information that is neither relevant nor likely to lead to the
4  discovery of admissible evidence.  Mattel further objects to this Interrogatory on the
5  grounds that it is vague and ambiguous in its use of the term "OPERATIVE
6  COUNTERCLAIMS."  Mattel objects to this Interrogatory because it is premature
7  because it seeks information that will be the subject of expert discovery.   This
8  Interrogatory is also premature because defendants have not complied with their
9  discovery obligations.  They have failed to produce witnesses for deposition and are
10  withholding information and documents requested in violation of orders of the
11  Discovery Master and the Court.  Mattel further objects to this Interrogatory on the
12  grounds that it is vague and ambiguous including in that the full scope of
13  documents, material and trade secrets MGA stole and the other facts necessary to
14  determine all of the documents, material and trade secrets stolen by MGA are
15  uniquely known by defendants and by third parties within defendants' control, but
16  are not known by Mattel at this juncture because defendants refuse to disclose
17  information to Mattel, including by refusing to produce information that is the
18  subject of prior Court Orders and pending Mattel motions to enforce and/or compel
19  and by refusing to appear for deposition.  Mattel objects to this Interrogatory on the
20  grounds that it is also premature in that facts needed to determine the type and
21  amount damages that Mattel has suffered as a result of defendant's thefts and the
22  other facts necessary to answer this Interrogatory are uniquely known by defendants
23  and by third parties within defendants' control, but are not known by Mattel at this
24  juncture because defendants refuse to disclose information to Mattel, including by
25  refusing to produce information that is the subject of prior Court Orders and pending
26  Mattel motions to enforce and/or compel and by refusing to appear for deposition.
27  Mattel further objects to this Interrogatory to the extent that it calls for the disclosure
28

1  of information subject to the attorney-client privilege, the attorney work-product
2  doctrine and other applicable privileges.
3
4  **INTERROGATORY NO. 7:**
5          IDENTIFY every MATTEL PRODUCT whose sales YOU contend
6  were harmed by MGA's sale of the Bratz line of dolls and products.
7  **RESPONSE TO INTERROGATORY NO. 7:**
8          In addition to the general objections stated above, Mattel specifically
9  objects to this Interrogatory on the grounds that the defendants have exceeded the
10  limit on the number of Interrogatories they may properly serve on Mattel without
11  leave of the Court, which defendants have neither sought nor obtained.   Mattel
12  further objects to this Interrogatory on the grounds that it is overly broad, unduly
13  burdensome and seeks information that is neither relevant nor likely to lead to the
14  discovery of admissible evidence.   This Interrogatory is also premature because
15  defendants have not complied with their discovery obligations.  They have failed to
16  produce witnesses for deposition and are withholding information and documents
17  requested in violation of orders of the Discovery Master and the Court.   Mattel
18  further objects to this Interrogatory on the grounds that it is vague and ambiguous
19  including in that the facts needed to answer this Interrogatory are uniquely known
20  by defendants and by third parties within defendants' control, but are not known by
21  Mattel at this juncture because defendants refuse to disclose information to Mattel,
22  including by refusing to produce information that is the subject of prior Court
23  Orders and pending Mattel motions to enforce and/or compel and by refusing to
24  appear for deposition. Mattel further objects to this Interrogatory to the extent that it
25  calls for the disclosure of information subject to the attorney-client privilege, the
26  attorney work-product doctrine and other applicable privileges.
27
28

EXHIBIT 1  PAGE 16

**INTERROGATORY NO. 8:**

IDENTIFY every MATTEL PRODUCT whose sales YOU contend were harmed by ANY act or omission of MGA alleged in YOUR OPERATIVE COUNTERCLAIMS.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained.  Mattel further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Mattel further objects to this Interrogatory on the grounds that it is vague and ambiguous in its use of the term "OPERATIVE COUNTERCLAIMS."  Mattel objects to this Interrogatory because it is premature because it seeks information that will be the subject of expert discovery.  This Interrogatory is also premature because defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Mattel further objects to this Interrogatory on the grounds that it is vague and ambiguous including in that the facts needed to answer this Interrogatory are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to disclose information to Mattel, including by refusing to produce information that is the subject of prior Court Orders and pending Mattel motions to enforce and/or compel and by refusing to appear for deposition.  Mattel further objects to this Interrogatory to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

EXHIBIT 1  PAGE 17

**INTERROGATORY NO. 9:**

IDENTIFY ANY evidence that YOU contend was destroyed or otherwise spoiliated by or on behalf of MGA.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained.   Mattel further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.   Mattel objects to this Interrogatory because it is premature because it seeks information that will be the subject of expert discovery. This Interrogatory is also premature because defendants have not complied with their discovery obligations.   They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.   Mattel further objects to this Interrogatory on the grounds that it is vague and ambiguous including in that the facts needed to answer this Interrogatory are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to disclose information to Mattel, including by refusing to produce information that is the subject of prior Court Orders and pending Mattel motions to enforce and/or compel and by refusing to appear for deposition.   Mattel further objects to this Interrogatory to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

EXHIBIT 1  PAGE 18

**INTERROGATORY NO. 10:**

For each specific piece of evidence that YOU INDENTIFIED in response to Interrogatory No. 9, IDENTIFY the PERSON(S) that YOU contend destroyed or spoiled such specific piece of evidence.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained. Mattel further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Mattel objects to this Interrogatory because it is premature because it seeks information that will be the subject of expert discovery. This Interrogatory is also premature because defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel further objects to this Interrogatory on the grounds that it is vague and ambiguous including in that the facts needed to answer this Interrogatory are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to disclose information to Mattel, including by refusing to produce information that is the subject of prior Court Orders and pending Mattel motions to enforce and/or compel and by refusing to appear for deposition. Mattel further objects to this Interrogatory to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**INTERROGATORY NO. 11:**

For each piece of evidence YOU IDENTIFIED in response to Interrogatory No. 9, state ANY facts that support YOUR contention and IDENTIFY ANY PERSONS with knowledge of such facts and ANY DOCUMENTS that REFER OR RELATE to such facts.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained. Mattel further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. This Interrogatory is also premature because defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel further objects to this Interrogatory on the grounds that it is vague and ambiguous including in that the facts necessary to answer this Interrogatory are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to disclose information to Mattel, including by refusing to produce information that is the subject of prior Court Orders and pending Mattel motions to enforce and/or compel and by refusing to appear for deposition. Mattel further objects to this Interrogatory to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

1 **INTERROGATORY NO. 12:**

2     IDENTIFY each act or omission by Isaac Larian that YOU contend

3 constitutes "racketeering activity" as defined by 18 U.S.C. § 1961(1), IDENTIFY

4 ANY PERSONS with knowledge of each alleged act or omission, and IDENTIFY

5 ANY DOCUMENTS that REFER OR RELATE to each alleged act or omission.

6 **RESPONSE TO INTERROGATORY NO. 12:**

7     In addition to the general objections stated above, Mattel specifically

8 objects to this Interrogatory on the grounds that the defendants have exceeded the

9 limit on the number of Interrogatories they may properly serve on Mattel without

10 leave of the Court, which defendants have neither sought nor obtained.  Mattel

11 further objects to this Interrogatory on the grounds that it is overly broad, unduly

12 burdensome and seeks information that is neither relevant nor likely to lead to the

13 discovery of admissible evidence.  Mattel objects to this Interrogatory because it is

14 premature because it seeks information that will be the subject of expert discovery.

15 This Interrogatory is also premature because defendants have not complied with

16 their discovery obligations.  They have failed to produce witnesses for deposition

17 and are withholding information and documents requested in violation of orders of

18 the Discovery Master and the Court.  Mattel objects to this Interrogatory on the

19 grounds that it is also premature, vague and ambiguous including in that facts

20 needed to determine Larian's violations of the Racketeer Influenced and Corrupt

21 Organization Act and the other facts necessary to answer this Interrogatory are

22 uniquely known by defendants and by third parties within defendants' control, but

23 are not known by Mattel at this juncture because defendants refuse to disclose

24 information to Mattel, including by refusing to produce information that is the

25 subject of prior Court Orders and pending Mattel motions to enforce and/or compel

26 and by refusing to appear for deposition.  Mattel further objects to this Interrogatory

27 to the extent that it calls for the disclosure of information subject to the attorney-

28 client privilege, the attorney work-product doctrine and other applicable privileges.

**INTERROGATORY NO. 13:**

IDENTIFY each act or omission by MGA that YOU contend constitutes "racketeering activity" as defined by 18 U.S.C. § 1961 (1) state ANY facts that support YOUR contention and IDENTIFY ANY PERSONS with knowledge of each alleged act or omission and ANY DOCUMENTS that REFER OR RELATE to each alleged act or omission.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained. Mattel further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Mattel objects to this Interrogatory because it is premature because it seeks information that will be the subject of expert discovery. This Interrogatory is also premature because defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel objects to this Interrogatory on the grounds that it is also premature, vague and ambiguous including in that facts needed to determine MGA's violations of the Racketeer Influenced and Corrupt Organization Act and the other facts necessary to answer this Interrogatory are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to disclose information to Mattel, including by refusing to produce information that is the subject of prior Court Orders and pending Mattel motions to enforce and/or compel and by refusing to appear for deposition. Mattel further objects to this Interrogatory

1   to the extent that it calls for the disclosure of information subject to the attorney-
2   client privilege, the attorney work-product doctrine and other applicable privileges.

3

4   **INTERROGATORY NO. 14:**

5          For each act or omission by MGA that YOU contend constitutes
6   "racketeering activity" as defined by 18 U.S.C. § 1961(4) state ANY facts which
7   support YOUR contention, if YOU so contend, that Isaac Larian participated in or
8   directed ANY such acts.

9   **RESPONSE TO INTERROGATORY NO. 14:**

10         In addition to the general objections stated above, Mattel specifically
11  objects to this Interrogatory on the grounds that the defendants have exceeded the
12  limit on the number of Interrogatories they may properly serve on Mattel without
13  leave of the Court, which defendants have neither sought nor obtained.   Mattel
14  further objects to this Interrogatory on the grounds that it is overly broad, unduly
15  burdensome and seeks information that is neither relevant nor likely to lead to the
16  discovery of admissible evidence.  Mattel objects to this Interrogatory because it is
17  premature because it seeks information that will be the subject of expert discovery.
18  This Interrogatory is also premature because defendants have not complied with
19  their discovery obligations.   They have failed to produce witnesses for deposition
20  and are withholding information and documents requested in violation of orders of
21  the Discovery Master and the Court.  Mattel objects to this Interrogatory on the
22  grounds that it is also premature, vague and ambiguous including in that facts
23  needed to determine MGA's violations of the Racketeer Influenced and Corrupt
24  Organization Act and the other facts necessary to answer this Interrogatory are
25  uniquely known by defendants and by third parties within defendants' control, but
26  are not known by Mattel at this juncture because defendants refuse to disclose
27  information to Mattel, including by refusing to produce information that is the
28  subject of prior Court Orders and pending Mattel motions to enforce and/or compel

EXHIBIT 1  PAGE 23

1    and by refusing to appear for deposition.  Mattel further objects to this Interrogatory

2    to the extent that it calls for the disclosure of information subject to the attorney-

3    client privilege, the attorney work-product doctrine and other applicable privileges.

4

5    DATED:  May 18, 2009                    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

6

7                                            By /s/ Marshall M. Searcy III

8                                               Marshall M. Searcy III
                                                Attorneys for Mattel, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2
# TO DECLARATION OF
# ANDREW C. SPITSER

# EXHIBIT 2
# TO DECLARATION OF
# ANDREW C. SPITSER

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
2 | (johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
5 | Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
6 | Facsimile:  (213) 443-3100

7 | Attorneys for Mattel, Inc.

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | EASTERN DIVISION

11

| | |
|---|---|
| 12 CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13        Plaintiff, | Consolidated with Case Nos. CV 04-09059 & CV 05-2727 |
| 14    vs. | Hon. Stephen G. Larson |
| 15 MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S OBJECTIONS TO MGA ENTERTAINMENT, INC.'S |
| 16 | SECOND SET OF PHASE 2 REQUESTS FOR PRODUCTION OF |
| 17        Defendant. | DOCUMENTS AND OTHER TANGIBLE THINGS |
| 18 AND CONSOLIDATED ACTIONS | |
| 19 | **Phase 2:** Discovery Cut-off:  December 11, 2009 |
| 20 | Pre-trial Conference:  March 1, 2010 Trial Date:  March 23, 2010 |
| 21 | |
| 22 | |

23 | PROPOUNDING PARTY:   MGA ENTERTAINMENT, INC.

24 | RESPONDING PARTY:    MATTEL, INC.

25 | SET NO.:             TWO (PHASE TWO) [NOS. 69-111]

26

27

28

07975/2935855.2

-1-

EXHIBIT 2  PAGE 25

**Preliminary Statement**

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Defendants have also failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered, disclosed or produced. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents. Further, Mattel notes that MGA is currently seeking a stay of discovery in this matter even while serving discovery on Mattel. Mattel's response to any of MGA Entertainment, Inc.'s ("MGA") Second Set of (Phase 2) Requests for the Production of Documents and Things (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request.

**General Objections**

Mattel generally objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual request:

1.    Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the Federal Rules of Civil Procedure.

2.    Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege, the attorney work product doctrine, the right to privacy as set forth in the United States

-1-

EXHIBIT 2  PAGE 26

1   and/or California Constitutions, or any other applicable law, privilege, immunity,

2   doctrine or other ground of privilege.  Mattel will not produce such privileged

3   documents.

4       3.    Mattel objects to the Requests on the grounds and to the extent

5   they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

6       4.    Mattel objects to the Requests on the grounds and to the extent

7   they seek information which is not relevant to the subject matter of this action nor

8   reasonably calculated to lead to the discovery of admissible evidence.

9       5.    Mattel objects to the Requests on the grounds and to the extent

10  they seek documents equally or more available to, or already in the possession,

11  custody or control of MGA.

12      6.    Mattel objects to the Requests on the grounds and to the extent

13  they seek documents not in Mattel's possession, custody or control.

14      7.    Mattel objects to the Requests on the grounds that they are

15  unduly burdensome and vague and ambiguous in that they purport to require Mattel

16  to identify and produce documents relating to matters that are currently known to

17  and in the possession, custody and control of defendants and third parties, including

18  third parties associated with defendants, and that are not known to Mattel.

19      8.    Mattel objects to the Requests on the grounds that they seek the

20  production of documents or information that are in the possession, custody and

21  control of independent parties over whom Mattel has no control, including without

22  limitation defendants, and seek the disclosure of information or documents that are

23  in the possession, custody and control of defendants or are publicly available and

24  hence equally available to all parties to this litigation.

25      9.    Mattel objects to the Requests on the ground and to the extent

26  they seek trade secret, proprietary or otherwise confidential information of Mattel or

27  third parties or would violate the terms of any agreement or contracts with third

28

1   parties.  Any such documents that are produced, if any, will be produced only

2   pursuant to and in reliance upon the Protective Order entered in this case.

3       10.    Mattel objects to each and every Request that seeks "all"

4   documents which constitute, mention, refer or relate to a given topic on the grounds

5   of undue burden and oppression.  Mattel will make available for inspection and

6   copying those documents and tangible items, if any, that it is able to locate after a

7   reasonable, good-faith search for and review of non-privileged responsive

8   documents.

9       11.    Mattel objects to each and every Request to the extent they seek

10  documents in the possession, custody or control of a foreign subsidiary of a party.

11  The MGA Defendants have objected that such documents are not within the scope

12  of requests to a domestic party.

13      12.    Mattel objects to each and every Request to the extent that they

14  seek documents already produced in this action.  Documents which have already

15  been produced will not be produced again in response to these requests.

16      13.    Objection to the production of any document or category of

17  documents described in the Requests, or agreement to produce any such documents,

18  is not and shall not be construed as an admission by Mattel that any such documents

19  or category of documents exist.  Where the responses indicate that Mattel will

20  produce such responsive documents, such documents, if any, will be produced if and

21  to the extent any such documents are in Mattel's possession, custody or control.

22      14.    Mattel objects to the time, place and manner of production

23  specified in defendant's Requests.  At a mutually agreeable time and place, Mattel

24  will produce such responsive, non-privileged documents and tangible things, if any

25  and to the extent not previously produced, in accordance with its responses at a time

26  and place and in a manner that is reasonable, convenient and mutually agreed upon

27  by the parties.

28

-3-

MATTEL'S RESPONSE TO MGA'S SECOND SET OF PHASE 2
REQUESTS FOR PRODUCTION OF DOCUMENTS

EXHIBIT 2  PAGE 28

## RESPONSE TO REQUESTS FOR PRODUCTION

Each of the following objections and responses to the Requests is expressly made subject to the above Preliminary Statement and General Objections, all of which are incorporated in each of the following objections and responses to specific Requests. A statement that Mattel will produce documents or tangible things in response to a Request is not intended to suggest, nor should it be construed to mean, that any such documents or tangible things exist, or that they are in Mattel's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 69:**

All DOCUMENTS identified, described or referenced in YOUR response to INTERROGATORY NO. 1 or containing information that YOU used or to which YOU referred in formulating the response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel further specifically objects to this Request on the grounds and to the extent that it calls for the production of documents subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges. Such documents will not be produced. Mattel further specifically objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to the Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial. Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial. Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules. Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations by failing to produce witnesses for deposition and withholding information and documents requested in violation of orders of the

-4-

EXHIBIT 2 PAGE 29

1  Discovery Master and the Court. Mattel further objects to this Request on the
2  ground and to the extent it seeks trade secret, proprietary or otherwise confidential
3  information of Mattel or third parties. Any such documents that are produced, if
4  any, will be produced only pursuant to and in reliance upon the Protective Order
5  entered in this case. Mattel also objects to this Request to the extent it seeks
6  documents that are in the possession, custody and control of a foreign subsidiary of
7  a party on the basis that MGA has objected that such documents are not within the
8  scope of requests to a domestic party. Mattel further objects to this Request to the
9  extent that it may seek documents already produced by Mattel, including documents
10 stolen by MGA and other defendants. Such documents will not be produced again.
11
12 **REQUEST FOR PRODUCTION NO. 70:**
13          All DOCUMENTS identified, described or referenced in YOUR
14 response to INTERROGATORY NO. 2 or containing information that YOU used or
15 to which YOU referred in formulating the response.
16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**
17          Mattel incorporates by reference the above-stated general objections as
18 if fully set forth herein. Mattel further specifically objects to this Request on the
19 grounds and to the extent that it calls for the production of documents subject to the
20 attorney-client privilege, the attorney work product doctrine and other applicable
21 privileges. Such documents will not be produced. Mattel further objects to this
22 Request on the grounds that it is vague and ambiguous. Mattel further objects to the
23 Request on the ground that it is premature because the subject matter of this Request
24 will be the subject of expert testimony at trial. Mattel objects to this Request to the
25 extent it seeks to limit the expert testimony that Mattel may seek to introduce at
26 trial. Mattel will identify its experts and make related disclosures in accordance
27 with the Court's orders and applicable rules. Mattel further objects that this Request
28 is premature because Defendants have not complied with their discovery obligations

EXHIBIT 2  PAGE 30

1   by failing to produce witnesses for deposition and withholding information and

2   documents requested in violation of orders of the Discovery Master and the Court.

3   Mattel further objects to this Request on the ground and to the extent it seeks trade

4   secret, proprietary or otherwise confidential information of Mattel or third parties.

5   Any such documents that are produced, if any, will be produced only pursuant to

6   and in reliance upon the Protective Order entered in this case. Mattel also objects to

7   this Request to the extent it seeks documents that are in the possession, custody and

8   control of a foreign subsidiary of a party on the basis that MGA has objected that

9   such documents are not within the scope of requests to a domestic party. Mattel

10  further objects to this Request to the extent that it may seek documents already

11  produced by Mattel, including documents stolen by MGA and other defendants.

12  Such documents will not be produced again.

13

14  **REQUEST FOR PRODUCTION NO. 71:**

15          All DOCUMENTS identified, described or referenced in YOUR

16  response to INTERROGATORY NO. 3 or containing information that YOU used or

17  to which YOU referred in formulating the response.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

19          Mattel incorporates by reference the above-stated general objections as

20  if fully set forth herein. Mattel further specifically objects to this Request on the

21  grounds and to the extent that it calls for the production of documents subject to the

22  attorney-client privilege, the attorney work product doctrine and other applicable

23  privileges. Such documents will not be produced. Mattel further objects to this

24  Request on the grounds that it is vague and ambiguous. Mattel further objects to the

25  Request on the ground that it is premature because the subject matter of this Request

26  will be the subject of expert testimony at trial. Mattel objects to this Request to the

27  extent it seeks to limit the expert testimony that Mattel may seek to introduce at

28  trial. Mattel will identify its experts and make related disclosures in accordance

-6-

EXHIBIT 2   PAGE 31

1  with the Court's orders and applicable rules.  Mattel further objects that this Request

2  is premature because Defendants have not complied with their discovery obligations

3  by failing to produce witnesses for deposition and withholding information and

4  documents requested in violation of orders of the Discovery Master and the Court.

5  Mattel further objects to this Request on the ground and to the extent it seeks trade

6  secret, proprietary or otherwise confidential information of Mattel or third parties.

7  Any such documents that are produced, if any, will be produced only pursuant to

8  and in reliance upon the Protective Order entered in this case.  Mattel also objects to

9  this Request to the extent it seeks documents that are in the possession, custody and

10  control of a foreign subsidiary of a party on the basis that MGA has objected that

11  such documents are not within the scope of requests to a domestic party.  Mattel

12  further objects to this Request to the extent that it may seek documents already

13  produced by Mattel, including documents stolen by MGA and other defendants.

14  Such documents will not be produced again.

15

16  **REQUEST FOR PRODUCTION NO. 72:**

17           All DOCUMENTS identified, described or referenced in YOUR

18  response to INTERROGATORY NO. 4 or containing information that YOU used or

19  to which YOU referred in formulating the response.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

21           Mattel incorporates by reference the above-stated general objections as

22  if fully set forth herein.  Mattel also specifically objects to this Request on the

23  grounds that it is vague and ambiguous.  Mattel further objects to the Request on the

24  ground that it is premature because the subject matter of this Request will be the

25  subject of expert testimony at trial.  Mattel objects to this Request to the extent it

26  seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel

27  will identify its experts and make related disclosures in accordance with the Court's

28  orders and applicable rules.  Mattel further objects that this Request is premature

1  because Defendants have not complied with their discovery obligations by failing to

2  produce witnesses for deposition and withholding information and documents

3  requested in violation of orders of the Discovery Master and the Court. Mattel

4  further objects to this Request to the extent that it calls for the disclosure of

5  information subject to the attorney-client privilege, the attorney work-product

6  doctrine and other applicable privileges. Such documents will not be produced.

7  Mattel further objects to this Request on the ground and to the extent it seeks trade

8  secret, proprietary or otherwise confidential information of Mattel or third parties.

9  Any such documents that are produced, if any, will be produced only pursuant to

10  and in reliance upon the Protective Order entered in this case. Mattel also objects to

11  this Request to the extent it seeks documents that are in the possession, custody and

12  control of a foreign subsidiary of a party on the basis that MGA has objected that

13  such documents are not within the scope of requests to a domestic party. Mattel

14  further objects to this Request to the extent that it may seek documents already

15  produced by Mattel, including documents stolen by MGA and other defendants.

16  Such documents will not be produced again.

17

18  **REQUEST FOR PRODUCTION NO. 73:**

19         For each MATTEL HARMED PRODUCT sold by YOU or YOUR

20  licensees anywhere in the world, produce DOCUMENTS sufficient to show, for

21  each year from January 1, 1998 to the present:  (a) the number of units of such

22  MATTEL HARMED PRODUCT sold; (b) revenue received by YOU from such

23  sales of each such product; (c) all costs YOU incurred in connection with each such

24  product, including but not limited to YOUR cost of goods sold; and (d) YOUR gross

25  and net profits from each such product.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

27         Mattel incorporates by reference the above-stated general objections as

28  if fully set forth herein. Mattel further objects to the Request on the ground that it is

EXHIBIT 2  PAGE 33

1  premature because the subject matter of this Request will be the subject of expert

2  testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

3  expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

4  experts and make related disclosures in accordance with the Court's orders and

5  applicable rules.  Mattel further objects to this Request on the grounds that is vague

6  and ambiguous, overly-broad, unduly burdensome and seeks irrelevant information,

7  including as a result of the terms "licensees" and "MATTEL HARMED

8  PRODUCT."  Mattel objects to MGA's concurrently served Interrogatories Nos. 7

9  and 8, on which the definition of this term is based, in their entirety, and Mattel

10  additionally objects to this request on the grounds stated in Mattel's objections to

11  those Interrogatories, including without limitation that MGA's Interrogatories

12  exceed the number permitted by the <u>Federal Rules</u>.  Mattel further objects that this

13  Request is premature because Defendants have not complied with their discovery

14  obligations by failing to produce witnesses for deposition and withholding

15  information and documents requested in violation of orders of the Discovery Master

16  and the Court.  Mattel further objects that this Request is premature in that Mattel

17  has not yet calculated its damages, nor is Mattel required to elect a damages theory

18  at this point.  Mattel further objects to this Request to the extent that it calls for the

19  disclosure of information subject to the attorney-client privilege, the attorney work-

20  product doctrine and other applicable privileges.  Mattel further objects to this

21  Request on the ground and to the extent it seeks trade secret, proprietary or

22  otherwise confidential information of Mattel or third parties.  Any such documents

23  that are produced, if any, will be produced only pursuant to and in reliance upon the

24  Protective Order entered in this case.  Mattel also objects to this Request to the

25  extent it seeks documents that are in the possession, custody and control of a foreign

26  subsidiary of a party on the basis that MGA has objected that such documents are

27  not within the scope of requests to a domestic party.  Mattel further objects to this

28  Request to the extent that it may seek documents already produced by Mattel,

-9-

1  including documents stolen by MGA and other defendants. Such documents will
2  not be produced again.

3

4  **REQUEST FOR PRODUCTION NO. 74:**

5           For each MATTEL HARMED PRODUCT sold by YOU or YOUR
6  licensees in the United States, produce DOCUMENTS sufficient to show, for each
7  year from January 1, 1998 to the present, and with respect to sales in or from the
8  United States, only: (a) the number of units of such MATTEL HARMED
9  PRODUCT sold; (b) revenue received by YOU from such sales of each such
10 product, (c) all costs YOU incurred in connection will each such product, including
11 but not limited to YOUR cost of goods sold; and (d) YOUR gross and net profits
12 from each such product sold in the United States.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

14          Mattel incorporates by reference the above-stated general objections as
15 if fully set forth herein. Mattel further objects to the Request on the ground that it is
16 premature because the subject matter of this Request will be the subject of expert
17 testimony at trial. Mattel objects to this Request to the extent it seeks to limit the
18 expert testimony that Mattel may seek to introduce at trial. Mattel will identify its
19 experts and make related disclosures in accordance with the Court's orders and
20 applicable rules. Mattel further objects to this Request on the grounds that the term
21 MATTEL HARMED PRODUCT is vague and ambiguous and makes the request
22 overly-broad and unduly burdensome. Mattel objects to MGA's concurrently
23 served Interrogatories Nos. 7 and 8, on which the definition of this term is based, in
24 their entirety, and Mattel additionally objects to this request on the grounds stated in
25 Mattel's objections to those Interrogatories, including without limitation that MGA's
26 Interrogatories exceed the number permitted by the Federal Rules. Mattel further
27 objects that this Request is premature because Defendants have not complied with
28 their discovery obligations by failing to produce witnesses for deposition and

EXHIBIT 2  PAGE 35

1 | withholding information and documents requested in violation of orders of the
2 | Discovery Master and the Court.  Mattel further objects that this Request is
3 | premature in that Mattel has not yet calculated its damages, nor is Mattel required to
4 | elect a damages theory at this point.  Mattel further objects to this Request to the
5 | extent that it calls for the disclosure of information subject to the attorney-client
6 | privilege, the attorney work-product doctrine and other applicable privileges.  Mattel
7 | further objects to this Request on the ground and to the extent it seeks trade secret,
8 | proprietary or otherwise confidential information of Mattel or third parties.  Any
9 | such documents that are produced, if any, will be produced only pursuant to and in
10 | reliance upon the Protective Order entered in this case.  Mattel also objects to this
11 | Request to the extent it seeks documents that are in the possession, custody and
12 | control of a foreign subsidiary of a party on the basis that MGA has objected that
13 | such documents are not within the scope of requests to a domestic party.  Mattel
14 | further objects to this Request to the extent that it may seek documents already
15 | produced by Mattel, including documents stolen by MGA and other defendants.
16 | Such documents will not be produced again.
17 |
18 | **REQUEST FOR PRODUCTION NO. 75:**
19 | For each MATTEL HARMED PRODUCT sold by YOU or YOUR
20 | licensees in Canada, produce DOCUMENTS sufficient to show, for each year from
21 | January 1, 1998 to the present, and with respect to sales in or from Canada, only:
22 | (a) the number of units of each such MATTEL HARMED PRODUCT sold;
23 | (b) revenue received by YOU from such sales of each such product; (c) all costs
24 | YOU have incurred in connection with cad such product, including but not limited
25 | to YOUR cost of goods sold; and (d) YOUR gross and net profits from each such
26 | product.
27 |
28 |

-11-

EXHIBIT 2  PAGE 36

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel further specifically objects to the Request on the grounds that the request is overly broad, unduly burdensome and seeks irrelevant information. Mattel further objects on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial. Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial. Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules. Mattel further objects to this Request on the grounds that the term MATTEL HARMED PRODUCT is vague and ambiguous and makes the request overly-broad and unduly burdensome. Mattel objects to MGA's concurrently served Interrogatories Nos. 7 and 8, on which the definition of this term is based, in their entirety, and Mattel additionally objects to this request on the grounds stated in Mattel's objections to those Interrogatories, including without limitation that MGA's Interrogatories exceed the number permitted by the Federal Rules. Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations by failing to produce witnesses for deposition and withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel further objects that this Request is premature in that Mattel has not yet calculated its damages, nor is Mattel required to elect a damages theory at this point. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties. Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case. Mattel also objects to this Request to the

1 | extent it seeks documents that are in the possession, custody and control of a foreign
2 | subsidiary of a party on the basis that MGA has objected that such documents are
3 | not within the scope of requests to a domestic party. Mattel further objects to this
4 | Request to the extent that it may seek documents already produced by Mattel,
5 | including documents stolen by MGA and other defendants. Such documents will
6 | not be produced again.

7

8 | **REQUEST FOR PRODUCTION NO. 76:**

9 | For each MATTEL HARMED PRODUCT sold by YOU or YOUR
10 | licensees in Mexico, produce DOCUMENTS sufficient to show, for each year from
11 | January 1, 1998 to the present, and with respect to sales in or from Mexico, only:
12 | (a) the number of units by year, of each MATTEL HARMED PRODUCT sold;
13 | (b) revenue received by YOU from such sales of each such product; (c) all costs
14 | YOU have incurred in connection with each such product, including but not limited
15 | to YOUR cost of goods sold; and (d) YOUR gross and net profits from each such
16 | product.

17 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

18 | Mattel incorporates by reference the above-stated general objections as
19 | if fully set forth herein. Mattel further specifically objects to the Request on the
20 | grounds that the request is overly broad, unduly burdensome and seeks irrelevant
21 | information. Mattel further objects to the Request on the ground that it is premature
22 | because the subject matter of this Request will be the subject of expert testimony at
23 | trial. Mattel objects to this Request to the extent it seeks to limit the expert
24 | testimony that Mattel may seek to introduce at trial. Mattel will identify its experts
25 | and make related disclosures in accordance with the Court's orders and applicable
26 | rules. Mattel further objects to this Request on the grounds that the term MATTEL
27 | HARMED PRODUCT is vague and ambiguous and makes the request overly-broad
28 | and unduly burdensome. Mattel objects to MGA's concurrently served

1  Interrogatories Nos. 7 and 8, on which the definition of this term is based, in their
2  entirety, and Mattel additionally objects to this request on the grounds stated in
3  Mattel's objections to those Interrogatories, including on the basis that MGA's
4  Interrogatories violate the limits set forth in the <u>Federal Rules</u>. Mattel further
5  objects that this Request is premature because Defendants have not complied with
6  their discovery obligations by failing to produce witnesses for deposition and
7  withholding information and documents requested in violation of orders of the
8  Discovery Master and the Court. Mattel further objects that this Request is
9  premature in that Mattel has not yet calculated its damages, nor is Mattel required to
10 elect a damages theory at this point. Mattel further objects to this Request to the
11 extent that it calls for the disclosure of information subject to the attorney-client
12 privilege, the attorney work-product doctrine and other applicable privileges. Mattel
13 further objects to this Request on the ground and to the extent it seeks trade secret,
14 proprietary or otherwise confidential information of Mattel or third parties. Any
15 such documents that are produced, if any, will be produced only pursuant to and in
16 reliance upon the Protective Order entered in this case. Mattel also objects to this
17 Request to the extent it seeks documents that are in the possession, custody and
18 control of a foreign subsidiary of a party on the basis that MGA has objected that
19 such documents are not within the scope of requests to a domestic party. Mattel
20 further objects to this Request to the extent that it may seek documents already
21 produced by Mattel, including documents stolen by MGA and other defendants.
22 Such documents will not be produced again.

23

24 **REQUEST FOR PRODUCTION NO. 77:**

25        All DOCUMENTS that REFER OR RELATE to ANY potential,
26 perceived, anticipated, or actual effect that the 2007 TOY RECALL had on the sales
27 of MATTEL PRODUCTS.

28

-14-

EXHIBIT 2  PAGE 39

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel objects that the Request is vague and ambiguous, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and is overly broad and unduly burdensome. Mattel further objects to the Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial. Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial. Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules. Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations by failing to produce witnesses for deposition and withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel further objects that this Request is premature in that Mattel has not yet calculated its damages, nor is Mattel required to elect a damages theory at this point. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties. Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case. Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party on the basis that MGA has objected that such documents are not within the scope of requests to a domestic party. Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants. Such documents will not be produced again.

1  **REQUEST FOR PRODUCTION NO. 78:**

2  ALL non-privileged COMMUNICATIONS between MATTEL and

3  ANY PERSON that REFER OR RELATE to who was at fault for the 2007 TOY

4  RECALL.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

6  Mattel incorporates by reference the above-stated general objections as

7  if fully set forth herein. Mattel also specifically objects to this Request on the

8  grounds that it is vague and ambiguous, seeks information not relevant to the subject

9  matter of this action nor reasonably calculated to lead to the discovery of admissible

10 evidence and is overly broad and unduly burdensome. Mattel further objects to the

11 Request on the ground that it is premature because the subject matter of this Request

12 will be the subject of expert testimony at trial. Mattel objects to this Request to the

13 extent it seeks to limit the expert testimony that Mattel may seek to introduce at

14 trial. Mattel will identify its experts and make related disclosures in accordance

15 with the Court's orders and applicable rules. Mattel further objects that this Request

16 is premature because Defendants have not complied with their discovery obligations

17 by failing to produce witnesses for deposition and withholding information and

18 documents requested in violation of orders of the Discovery Master and the Court.

19 Mattel further objects that this Request is premature in that Mattel has not yet

20 calculated its damages, nor is Mattel required to elect a damages theory at this point.

21 Mattel further objects to this Request to the extent that it calls for the disclosure of

22 information subject to the attorney-client privilege, the attorney work-product

23 doctrine and other applicable privileges. Mattel further objects to this Request on

24 the ground and to the extent it seeks trade secret, proprietary or otherwise

25 confidential information of Mattel or third parties. Any such documents that are

26 produced, if any, will be produced only pursuant to and in reliance upon the

27 Protective Order entered in this case. Mattel also objects to this Request to the

28 extent it seeks documents that are in the possession, custody and control of a foreign

1   subsidiary of a party on the basis that MGA has objected that such documents are
2   not within the scope of requests to a domestic party.  Mattel further objects to this
3   Request to the extent that it may seek documents already produced by Mattel.  Such
4   documents will not be produced again.
5
6   **REQUEST FOR PRODUCTION NO. 79:**
7       ALL non-privileged COMMUNICATIONS between MATTEL and
8   ANY PERSON that REFER OR RELATE to ANY lobbying efforts by or on behalf
9   of MATTEL concerning proposed legislation before the U.S. Congress to ban ANY
10  chemicals or other substances found in MATTEL PRODUCTS.
11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**
12      Mattel incorporates by reference the above-stated general objections as
13  if fully set forth herein.  Mattel also specifically objects to this Request on the
14  grounds that it is vague and ambiguous, seeks information not relevant to the subject
15  matter of this action nor reasonably calculated to lead to the discovery of admissible
16  evidence and is overly broad and unduly burdensome.  Mattel objects to the use of
17  the phrase "proposed legislation" as being vague, ambiguous, and overbroad.  Mattel
18  further objects that this Request is premature because Defendants have not complied
19  with their discovery obligations by failing to produce witnesses for deposition and
20  withholding information and documents requested in violation of orders of the
21  Discovery Master and the Court.  Mattel further objects to this Request to the extent
22  that it calls for the disclosure of information subject to the attorney-client privilege,
23  the attorney work-product doctrine and other applicable privileges.  Mattel further
24  objects to this Request on the ground and to the extent it seeks trade secret,
25  proprietary or otherwise confidential information of Mattel or third parties.  Any
26  such documents that are produced, if any, will be produced only pursuant to and in
27  reliance upon the Protective Order entered in this case.  Mattel also objects to this
28  Request to the extent it seeks documents that are in the possession, custody and

-17-

EXHIBIT 2  PAGE 42

1  control of a foreign subsidiary of a party on the basis that MGA has objected that

2  such documents are not within the scope of requests to a domestic party.

3

4  **REQUEST FOR PRODUCTION NO. 80:**

5             ALL DOCUMENTS that REFER OR RELATE to the recall of ANY

6  MATTEL HARMED PRODUCTS from January 1, 2000 to the present.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

8             Mattel incorporates by reference the above-stated general objections as

9  if fully set forth herein.  Mattel also specifically objects to this Request in that it

10  seeks information not relevant to the subject matter of this action nor reasonably

11  calculated to lead to the discovery of admissible evidence and is overly broad and

12  unduly burdensome.  Mattel further objects to this Request on the grounds that the

13  term MATTEL HARMED PRODUCT is vague and ambiguous and makes the

14  request overly-broad and unduly burdensome.  Mattel objects to MGA's

15  concurrently served Interrogatories Nos. 7 and 8, on which the definition of this

16  term is based, in their entirety, and Mattel additionally objects to this request on the

17  grounds stated in Mattel's objections to those Interrogatories, including without

18  limitation in that such Interrogatories exceed the limit set by the Federal Rules.

19  Mattel further objects that this Request is premature because Defendants have not

20  complied with their discovery obligations by failing to produce witnesses for

21  deposition and withholding information and documents requested in violation of

22  orders of the Discovery Master and the Court.  Mattel further objects that this

23  Request is premature in that Mattel has not yet calculated its damages, nor is Mattel

24  required to elect a damages theory at this point.  Mattel further objects to this

25  Request to the extent that it calls for the disclosure of information subject to the

26  attorney-client privilege, the attorney work-product doctrine and other applicable

27  privileges.  Mattel further objects to this Request on the ground and to the extent it

28  seeks trade secret, proprietary or otherwise confidential information of Mattel or

1    third parties.  Any such documents that are produced, if any, will be produced only

2    pursuant to and in reliance upon the Protective Order entered in this case.  Mattel

3    also objects to this Request to the extent it seeks documents that are in the

4    possession, custody and control of a foreign subsidary of a party on the basis that

5    MGA has objected that such documents are not within the scope of requests to a

6    domestic party.

7

8    **REQUEST FOR PRODUCTION NO. 81:**

9         ALL CORRESPONDENCE between MATTEL and the Consumer

10   Product Safety Commission that REFER OR RELATE to the 2007 TOY RECALL.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

12        Mattel incorporates by reference the above-stated general objections as

13   if fully set forth herein.  Mattel objects that the Request is vague and ambiguous,

14   unduly burdensome and overly broad and seeks information that is neither relevant

15   nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel

16   further objects to this Request to the extent that it calls for the disclosure of

17   information subject to the attorney-client privilege, the attorney work-product

18   doctrine and other applicable privileges.  Mattel further objects to this Request on

19   the ground and to the extent it seeks trade secret, proprietary or otherwise

20   confidential information of Mattel or third parties.  Any such documents that are

21   produced, if any, will be produced only pursuant to and in reliance upon the

22   Protective Order entered in this case.  Mattel also objects to this Request to the

23   extent it seeks documents that are in the possession, custody and control of a foreign

24   subsidiary of a party on the basis that MGA has objected that such documents are

25   not within the scope of requests to a domestic party.

26

27

28

-19-

EXHIBIT 2  PAGE 44

**REQUEST FOR PRODUCTION NO. 82:**

A copy of every complaint filed against MATTEL that REFERS OR RELATES to the recall of ANY MATTEL HARMED PRODUCTS from January 1, 2001 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel objects that the Request is vague and ambiguous, unduly burdensome and overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that the term MATTEL HARMED PRODUCT is vague and ambiguous and makes the request overly-broad and unduly burdensome. Mattel objects to MGA's concurrently served Interrogatories Nos. 7 and 8, on which the definition of this term is based, in their entirety, and Mattel additionally objects to this request on the grounds stated in Mattel's objections to those Interrogatories, including without limitation in that such Interrogatories exceed the limit set by the <u>Federal Rules</u>. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties. Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case. Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party on the basis that MGA has objected that such documents are not within the scope of requests to a domestic party.

-20-

**EXHIBIT 2  PAGE 45**

1  **REQUEST FOR PRODUCTION NO. 83:**

2          ALL DOCUMENTS that REFER OR RELATE to ANY studies,

3  reports, analyses focus groups, polling, or ANY other research concerning whether

4  the 2007 TOY RECALL impacted sales of the MATTEL PRODUCTS.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

6          Mattel incorporates by reference the above-stated general objections as

7  if fully set forth herein.  Mattel objects that the Request is vague and ambiguous,

8  unduly burdensome and overly broad and seeks information that is neither relevant

9  nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel

10  further objects to this Request to the extent that it calls for the disclosure of

11  information subject to the attorney-client privilege, the attorney work-product

12  doctrine and other applicable privileges.  Mattel further objects to this Request on

13  the ground and to the extent it seeks trade secret, proprietary or otherwise

14  confidential information of Mattel or third parties.  Any such documents that are

15  produced, if any, will be produced only pursuant to and in reliance upon the

16  Protective Order entered in this case.  Mattel also objects to this Request to the

17  extent it seeks documents that are in the possession, custody and control of a foreign

18  subsidiary of a party on the basis that MGA has objected that such documents are

19  not within the scope of requests to a domestic party.

20

21  **REQUEST FOR PRODUCTION NO. 84:**

22          ALL DOCUMENTS that REFER OR RELATE to ANY studies,

23  reports, analyses focus groups, polling, or ANY other research concerning whether

24  the recall of ANY MATTEL PRODUCT impacted sales of the MATTEL

25  HARMED PRODUCTS.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

27          Mattel incorporates by reference the above-stated general objections as

28  if fully set forth herein.  Mattel objects that the Request is vague and ambiguous,

-21-

EXHIBIT 2  PAGE 46

1   unduly burdensome and overly broad and seeks information that is neither relevant

2   nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel

3   further objects to this Request on the grounds that the term MATTEL HARMED

4   PRODUCT is vague and ambiguous and makes the request overly-broad and unduly

5   burdensome.  Mattel objects to MGA's concurrently served Interrogatories Nos. 7

6   and 8, on which the definition of this term is based, in their entirety, and Mattel

7   additionally objects to this request on the grounds stated in Mattel's objections to

8   those Interrogatories, including without limitation in that such Interrogatories

9   exceed the limit set by the <u>Federal Rules</u>.  Mattel further objects to this Request to

10   the extent that it calls for the disclosure of information subject to the attorney-client

11   privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

12   further objects to this Request on the ground and to the extent it seeks trade secret,

13   proprietary or otherwise confidential information of Mattel or third parties.  Any

14   such documents that are produced, if any, will be produced only pursuant to and in

15   reliance upon the Protective Order entered in this case.  Mattel also objects to this

16   Request to the extent it seeks documents that are in the possession, custody and

17   control of a foreign subsidiary of a party on the basis that MGA has objected that

18   such documents are not within the scope of requests to a domestic party.

19

20   **REQUEST FOR PRODUCTION NO. 85:**

21            ALL DOCUMENTS that REFER OR RELATE to ANY studies,

22   reports, analyses, focus groups, polling, or ANY other research concerning ANY

23   decline in the sales of the MATTEL HARMED PRODUCTS.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

25            Mattel incorporates by reference the above-stated general objections as

26   if fully set forth herein.  Mattel objects that the Request is vague and ambiguous,

27   unduly burdensome and overly broad and seeks information that is neither relevant

28   nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel

-22-

EXHIBIT 2  PAGE 47

1  further objects to this Request to the extent that it calls for the disclosure of

2  information subject to the attorney-client privilege, the attorney work-product

3  doctrine and other applicable privileges. Mattel further objects to this Request on

4  the grounds that the term MATTEL HARMED PRODUCT is vague and ambiguous

5  and makes the request overly-broad and unduly burdensome. Mattel objects to

6  MGA's concurrently served Interrogatories Nos. 7 and 8, on which the definition of

7  this term is based, in their entirety, and Mattel additionally objects to this request on

8  the grounds stated in Mattel's objections to those Interrogatories, including without

9  limitation in that such Interrogatories exceed the limit set by the Federal Rules.

10 Mattel further objects to this Request on the ground and to the extent it seeks trade

11 secret, proprietary or otherwise confidential information of Mattel or third parties.

12 Any such documents that are produced, if any, will be produced only pursuant to

13 and in reliance upon the Protective Order entered in this case. Mattel also objects to

14 this Request to the extent it seeks documents that are in the possession, custody and

15 control of a foreign subsidiary of a party on the basis that MGA has objected that

16 such documents are not within the scope of requests to a domestic party.

17

18 **REQUEST FOR PRODUCTION NO. 86:**

19         All DOCUMENTS that REFER OR RELATE to ANY studies, reports,

20 analyses, focus groups, polling, or ANY other research generated from January 1,

21 2000 to the present that discuss, refer to or concern the sales or popularity of the

22 Barbie line of dolls and products.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

24         Mattel incorporates by reference the above-stated general objections as

25 if fully set forth herein. Mattel objects that the Request is vague and ambiguous,

26 unduly burdensome and overly broad and seeks information that is neither relevant

27 nor reasonably calculated to lead to the discovery of admissible evidence. Mattel

28 further objects to this Request to the extent that it calls for the disclosure of

07975/2935855.2

-23-

EXHIBIT 2  PAGE 48

1 | information subject to the attorney-client privilege, the attorney work-product

2 | doctrine and other applicable privileges.  Mattel further objects to this Request on

3 | the ground and to the extent it seeks trade secret, proprietary or otherwise

4 | confidential information of Mattel or third parties.  Any such documents that are

5 | produced, if any, will be produced only pursuant to and in reliance upon the

6 | Protective Order entered in this case.  Mattel also objects to this Request to the

7 | extent it seeks documents that are in the possession, custody and control of a foreign

8 | subsidiary of a party on the basis that MGA has objected that such documents are

9 | not within the scope of requests to a domestic party.  Mattel further objects to this

10 | Request to the extent that it may seek documents already produced by Mattel,

11 | including documents stolen by MGA and other defendants.  Such documents will

12 | not be produced again.

13 |

14 | **REQUEST FOR PRODUCTION NO. 87:**

15 | All DOCUMENTS that REFER OR RELATE to ANY studies, reports,

16 | analyses, focus groups, polling, or ANY other research generated from January 1,

17 | 2000 to the present concerning the sale and popularity of the Bratz line of dolls and

18 | products.

19 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

20 | Mattel incorporates by reference the above-stated general objections as

21 | if fully set forth herein.  Mattel objects that the Request is vague and ambiguous,

22 | unduly burdensome and overly broad and seeks information that is neither relevant

23 | nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel

24 | further objects to this Request to the extent that it calls for the disclosure of

25 | information subject to the attorney-client privilege, the attorney work-product

26 | doctrine and other applicable privileges.  Mattel further objects to this Request on

27 | the ground and to the extent it seeks trade secret, proprietary or otherwise

28 | confidential information of Mattel or third parties.  Any such documents that are

EXHIBIT 2  PAGE 49

1   produced, if any, will be produced only pursuant to and in reliance upon the

2   Protective Order entered in this case.  Mattel also objects to this Request to the

3   extent it seeks documents that are in the possession, custody and control of a foreign

4   subsidiary of a party on the basis that MGA has objected that such documents are

5   not within the scope of requests to a domestic party.  Mattel further objects to this

6   Request to the extent that it may seek documents already produced by Mattel,

7   including documents stolen by MGA and other defendants.  Such documents will

8   not be produced again.

9

10  **REQUEST FOR PRODUCTION NO. 88:**

11          All DOCUMENTS that REFER OR RELATE to ANY alleged

12  destruction or spoliation of evidence by or on behalf of MGA, as alleged in YOUR

13  OPERATIVE COUNTERCLAIMS in THIS ACTION.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

15          Mattel incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Mattel also specifically objects to this Request on the

17  grounds that it is duplicative of prior Requests and seeks documents already

18  produced by Mattel and/or were the subject of prior rulings in this case.  Such

19  documents will not be produced.  Mattel further objects to this Request as vague and

20  ambiguous, including in its use of "OPERATIVE COUNTERCLAIMS."  Mattel

21  further objects to the Request on the ground that it is premature because the subject

22  matter of this Request will be the subject of expert testimony at trial.  Mattel objects

23  to this Request to the extent it seeks to limit the expert testimony that Mattel may

24  seek to introduce at trial.  Mattel will identify its experts and make related

25  disclosures in accordance with the Court's orders and applicable rules.  Mattel

26  further objects that this Request is premature because Defendants have not complied

27  with their discovery obligations by failing to produce witnesses for deposition and

28  withholding information and documents requested in violation of orders of the

EXHIBIT 2  PAGE 50

1  Discovery Master and the Court. Mattel further objects that this Request is

2  premature in that Mattel has not yet calculated its damages, nor is Mattel required to

3  elect a damages theory at this point. Mattel further objects to this Request to the

4  extent that it calls for the disclosure of information subject to the attorney-client

5  privilege, the attorney work-product doctrine and other applicable privileges. Mattel

6  further objects to this Request on the ground and to the extent it seeks trade secret,

7  proprietary or otherwise confidential information of Mattel or third parties. Any

8  such documents that are produced, if any, will be produced only pursuant to and in

9  reliance upon the Protective Order entered in this case. Mattel also objects to this

10  Request to the extent it seeks documents that are in the possession, custody and

11  control of a foreign subsidiary of a party on the basis that MGA has objected that

12  such documents are not within the scope of requests to a domestic party.

13

14  **REQUEST FOR PRODUCTION NO. 89:**

15       All DOCUMENTS that REFER OR RELATE to the DOCUMENTS to

16  which Farhad Larian allegedly gave YOU access and which YOU allegedly viewed

17  or inspected before Farhad Larian allegedly destroyed or spoiled the same, including

18  but not limited to ANY lists of such DOCUMENTS to which YOU actually were

19  given access and/or YOU actually viewed or inspected.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

21       Mattel incorporates by reference the above-stated general objections as

22  if fully set forth herein. Mattel also specifically objects to this Request on the

23  grounds that it is duplicative of prior Requests and seeks documents already

24  produced by Mattel and/or were the subject of prior rulings in this case. Such

25  documents will not be produced. Mattel further objects to the Request on the

26  ground that it is premature because the subject matter of this Request will be the

27  subject of expert testimony at trial. Mattel objects to this Request to the extent it

28  seeks to limit the expert testimony that Mattel may seek to introduce at trial. Mattel

-26-

EXHIBIT 2  PAGE 51

1  will identify its experts and make related disclosures in accordance with the Court's

2  orders and applicable rules. Mattel further objects that this Request is premature

3  because Defendants have not complied with their discovery obligations by failing to

4  produce witnesses for deposition and withholding information and documents

5  requested in violation of orders of the Discovery Master and the Court. Mattel

6  further objects that this Request is premature in that Mattel has not yet calculated its

7  damages, nor is Mattel required to elect a damages theory at this point. Mattel

8  further objects to this Request to the extent that it calls for the disclosure of

9  information subject to the attorney-client privilege, the attorney work-product

10  doctrine and other applicable privileges. Mattel further objects to this Request on

11  the ground and to the extent it seeks trade secret, proprietary or otherwise

12  confidential information of Mattel or third parties. Any such documents that are

13  produced, if any, will be produced only pursuant to and in reliance upon the

14  Protective Order entered in this case. Mattel also objects to this Request to the

15  extent it seeks documents that are in the possession, custody and control of a foreign

16  subsidiary of a party on the basis that MGA has objected that such documents are

17  not within the scope of requests to a domestic party.

18

19  **REQUEST FOR PRODUCTION NO. 90:**

20        ALL DOCUMENTS that REFER OR RELATE to ANY studies,

21  reports, analyses, focus groups, polling, or ANY other research concerning the sale

22  of the MATTEL HARMED PRODUCTS from January 1, 2000 to the present.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

24        Mattel incorporates by reference the above-stated general objections as

25  if fully set forth herein. Mattel objects that the Request is vague and ambiguous,

26  unduly burdensome and overly broad and seeks information that is neither relevant

27  nor reasonably calculated to lead to the discovery of admissible evidence. Mattel

28  further objects to this Request as vague and ambiguous in its use of the term "other

1   research." Mattel further objects to this Request to the extent that it calls for the

2   disclosure of information subject to the attorney-client privilege, the attorney work-

3   product doctrine and other applicable privileges. Mattel further objects to this

4   Request on the grounds that the term MATTEL HARMED PRODUCT is vague and

5   ambiguous and makes the request overly-broad and unduly burdensome. Mattel

6   objects to MGA's concurrently served Interrogatories Nos. 7 and 8, on which the

7   definition of this term is based, in their entirety, and Mattel additionally objects to

8   this request on the grounds stated in Mattel's objections to those Interrogatories,

9   including without limitation in that such Interrogatories exceed the limit set by the

10  Federal Rules. Mattel further objects to this Request on the ground and to the extent

11  it seeks trade secret, proprietary or otherwise confidential information of Mattel or

12  third parties. Any such documents that are produced, if any, will be produced only

13  pursuant to and in reliance upon the Protective Order entered in this case. Mattel

14  also objects to this Request to the extent it seeks documents that are in the

15  possession, custody and control of a foreign subsidiary of a party on the basis that

16  MGA has objected that such documents are not within the scope of requests to a

17  domestic party. Mattel further objects to this Request to the extent that it may seek

18  documents already produced by Mattel, including documents stolen by MGA and

19  other defendants. Such documents will not be produced again.

20

21  **REQUEST FOR PRODUCTION NO. 91:**

22          ALL DOCUMENTS that REFER OR RELATE to ANY studies,

23  reports, analyses, focus groups, polling, or ANY other research concerning the sale

24  of the Barbie line of dolls and products from January 1, 2000 to the present.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

26          Mattel incorporates by reference the above-stated general objections as

27  if fully set forth herein. Mattel objects that the Request is vague and ambiguous,

28  unduly burdensome and overly broad and seeks information that is neither relevant

07975/2935855.2

-28-

EXHIBIT 2   PAGE 53

1 | nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel

2 | further objects to this Request as vague and ambiguous in its use of the term "other

3 | research."  Mattel further objects to this Request to the extent that it calls for the

4 | disclosure of information subject to the attorney-client privilege, the attorney work-

5 | product doctrine and other applicable privileges.  Mattel further objects to this

6 | Request on the ground and to the extent it seeks trade secret, proprietary or

7 | otherwise confidential information of Mattel or third parties.  Any such documents

8 | that are produced, if any, will be produced only pursuant to and in reliance upon the

9 | Protective Order entered in this case.  Mattel also objects to this Request to the

10 | extent it seeks documents that are in the possession, custody and control of a foreign

11 | subsidiary of a party on the basis that MGA has objected that such documents are

12 | not within the scope of requests to a domestic party.  Mattel further objects to this

13 | Request to the extent that it may seek documents already produced by Mattel,

14 | including documents stolen by MGA and other defendants.  Such documents will

15 | not be produced again.

16 |

17 | **REQUEST FOR PRODUCTION NO. 92:**

18 |          ALL DOCUMENTS that REFER OR RELATE to ANY studies,

19 | reports, analyses, focus groups, polling, or ANY other research concerning the sale

20 | of the Bratz line of dolls and products from January 1, 2001 to the present.

21 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

22 |          Mattel incorporates by reference the above-stated general objections as

23 | if fully set forth herein.  Mattel objects that the Request is vague and ambiguous,

24 | unduly burdensome and overly broad and seeks information that is neither relevant

25 | nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel

26 | further objects to this Request as vague and ambiguous in its use of the term "other

27 | research."  Mattel further objects to this Request to the extent that it calls for the

28 | disclosure of information subject to the attorney-client privilege, the attorney work-

1 │ product doctrine and other applicable privileges. Mattel further objects to this
2 │ Request on the ground and to the extent it seeks trade secret, proprietary or
3 │ otherwise confidential information of Mattel or third parties. Any such documents
4 │ that are produced, if any, will be produced only pursuant to and in reliance upon the
5 │ Protective Order entered in this case. Mattel also objects to this Request to the
6 │ extent it seeks documents that are in the possession, custody and control of a foreign
7 │ subsidiary of a party on the basis that MGA has objected that such documents are
8 │ not within the scope of requests to a domestic party. Mattel further objects to this
9 │ Request to the extent that it may seek documents already produced by Mattel,
10 │ including documents stolen by MGA and other defendants. Such documents will
11 │ not be produced again.

12 │

13 │ **REQUEST FOR PRODUCTION NO. 93:**

14 │ ALL DOCUMENTS THAT REFER OR RELATE to ANY studies,
15 │ reports, analyses, focus groups, polling, or ANY other research concerning future
16 │ sales of the MATTEL HARMED PRODUCTS. (As used in this Request, "future
17 │ sales" means sales in or after June, 2009).

18 │ **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

19 │ Mattel incorporates by reference the above-stated general objections as
20 │ if fully set forth herein. Mattel objects that the Request is vague and ambiguous,
21 │ unduly burdensome and overly broad and seeks information that is neither relevant
22 │ nor reasonably calculated to lead to the discovery of admissible evidence. Mattel
23 │ further objects to this Request as vague and ambiguous in its use of the term "other
24 │ research." Mattel further objects to this Request to the extent that it calls for the
25 │ disclosure of information subject to the attorney-client privilege, the attorney work-
26 │ product doctrine and other applicable privileges. Mattel further objects to this
27 │ Request on the grounds that the term MATTEL HARMED PRODUCT is vague and
28 │ ambiguous and makes the request overly-broad and unduly burdensome. Mattel

-30-

**EXHIBIT 2  PAGE 55**

1  objects to MGA's concurrently served Interrogatories Nos. 7 and 8, on which the

2  definition of this term is based, in their entirety, and Mattel additionally objects to

3  this request on the grounds stated in Mattel's objections to those Interrogatories,

4  including without limitation in that such Interrogatories exceed the limit set by the

5  Federal Rules. Mattel further objects to this Request on the ground and to the extent

6  it seeks trade secret, proprietary or otherwise confidential information of Mattel or

7  third parties. Any such documents that are produced, if any, will be produced only

8  pursuant to and in reliance upon the Protective Order entered in this case. Mattel

9  also objects to this Request to the extent it seeks documents that are in the

10  possession, custody and control of a foreign subsidiary of a party on the basis that

11  MGA has objected that such documents are not within the scope of requests to a

12  domestic party. Mattel further objects to this Request to the extent that it may seek

13  documents already produced by Mattel, including documents stolen by MGA and

14  other defendants. Such documents will not be produced again.

15

16  **REQUEST FOR PRODUCTION NO. 94:**

17         ALL DOCUMENTS that REFER OR RELATE to ANY studies,

18  reports, analyses, focus groups, polling, or ANY other research concerning future

19  sales of the Barbie line of dolls and products. (As used in this Request, "future

20  sales" means sales in or after June, 2009).

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

22         Mattel incorporates by reference the above-stated general objections as

23  if fully set forth herein. Mattel objects that the Request is vague and ambiguous,

24  unduly burdensome and overly broad and seeks information that is neither relevant

25  nor reasonably calculated to lead to the discovery of admissible evidence. Mattel

26  further objects to this Request as vague and ambiguous in its use of the term "other

27  research." Mattel further objects to this Request to the extent that it calls for the

28  disclosure of information subject to the attorney-client privilege, the attorney work-

07975/2935855.2

-31-

EXHIBIT 2  PAGE 56

1 product doctrine and other applicable privileges. Mattel further objects to this

2 Request on the ground and to the extent it seeks trade secret, proprietary or

3 otherwise confidential information of Mattel or third parties. Any such documents

4 that are produced, if any, will be produced only pursuant to and in reliance upon the

5 Protective Order entered in this case. Mattel also objects to this Request to the

6 extent it seeks documents that are in the possession, custody and control of a foreign

7 subsidiary of a party on the basis that MGA has objected that such documents are

8 not within the scope of requests to a domestic party. Mattel further objects to this

9 Request to the extent that it may seek documents already produced by Mattel,

10 including documents stolen by MGA and other defendants. Such documents will

11 not be produced again.

12

13 **REQUEST FOR PRODUCTION NO. 95:**

14       ALL DOCUMENTS that REFER OR RELATE to ANY studies,

15 reports, analyses, focus groups, polling, or ANY other research concerning future

16 sales of the Bratz line of dolls and products. (As used in this Request, "future sales"

17 means sales in or after June, 2009).

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

19       Mattel incorporates by reference the above-stated general objections as

20 if fully set forth herein. Mattel objects that the Request is vague and ambiguous,

21 unduly burdensome and overly broad and seeks information that is neither relevant

22 nor reasonably calculated to lead to the discovery of admissible evidence. Mattel

23 further objects to this Request as vague and ambiguous in its use of the term "other

24 research." Mattel further objects to this Request to the extent that it calls for the

25 disclosure of information subject to the attorney-client privilege, the attorney work-

26 product doctrine and other applicable privileges. Mattel further objects to this

27 Request on the ground and to the extent it seeks trade secret, proprietary or

28 otherwise confidential information of Mattel or third parties. Any such documents

1  that are produced, if any, will be produced only pursuant to and in reliance upon the

2  Protective Order entered in this case.  Mattel also objects to this Request to the

3  extent it seeks documents that are in the possession, custody and control of a foreign

4  subsidiary of a party on the basis that MGA has objected that such documents are

5  not within the scope of requests to a domestic party.  Mattel further objects to this

6  Request to the extent that it may seek documents already produced by Mattel,

7  including documents stolen by MGA and other defendants.  Such documents will

8  not be produced again.

9

10  **REQUEST FOR PRODUCTION NO. 96:**

11         All DOCUMENTS identified, described, or referenced in YOUR

12  response to INTERROGATORY NO. 11 or containing information that YOU used

13  or to which YOU referred in formulating the response.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

15         Mattel incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Mattel objects that the Request is vague and ambiguous,

17  unduly burdensome and overly broad and seeks information that is neither relevant

18  nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel

19  further objects to this Request to the extent that it calls for the disclosure of

20  information subject to the attorney-client privilege, the attorney work-product

21  doctrine and other applicable privileges.  Mattel objects to MGA's concurrently

22  served Interrogatory No. 11, on which this request is based, in its entirety, and

23  Mattel additionally objects to this request on the grounds stated in Mattel's

24  objections to that Interrogatory, including without limitation in that such

25  Interrogatories exceed the limit set by the Federal Rules.  Mattel further objects to

26  this Request on the ground and to the extent it seeks trade secret, proprietary or

27  otherwise confidential information of Mattel or third parties.  Any such documents

28  that are produced, if any, will be produced only pursuant to and in reliance upon the

-33-

EXHIBIT 2   PAGE 58

1  Protective Order entered in this case.  Mattel also objects to this Request to the

2  extent it seeks documents that are in the possession, custody and control of a foreign

3  subsidiary of a party on the basis that MGA has objected that such documents are

4  not within the scope of requests to a domestic party.  Mattel further objects to this

5  Request to the extent that it may seek documents already produced by Mattel,

6  including documents stolen by MGA and other defendants.  Such documents will

7  not be produced again.

8

9  **REQUEST FOR PRODUCTION NO. 97:**

10          All DOCUMENTS that REFER OR RELATE to ANY plans or intent

11  by YOU to market, produce, or sell all or ANY part of the Bratz line of dolls and

12  products, or ANY products based upon the Bratz line of dolls and products.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

14          Mattel incorporates by reference the above-stated general objections as

15  if fully set forth herein.  Mattel objects that the Request is vague and ambiguous,

16  unduly burdensome and overly broad and seeks information that is neither relevant

17  nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel

18  further objects to this Request to the extent that it calls for the disclosure of

19  information subject to the attorney-client privilege, the attorney work-product

20  doctrine and other applicable privileges.  Mattel further objects to this Request on

21  the ground and to the extent it seeks trade secret, proprietary or otherwise

22  confidential information of Mattel or third parties.  Any such documents that are

23  produced, if any, will be produced only pursuant to and in reliance upon the

24  Protective Order entered in this case.  Mattel also objects to this Request to the

25  extent it seeks documents that are in the possession, custody and control of a foreign

26  subsidiary of a party on the basis that MGA has objected that such documents are

27  not within the scope of requests to a domestic party.

28

-34-

**EXHIBIT 2  PAGE 59**

## REQUEST FOR PRODUCTION NO. 98:

All DOCUMENTS identified, described, or referenced in YOUR response to INTERROGATORY NO. 12 or containing information that YOU used or to which YOU referred in formulating the response, that YOU have not already produced in this ACTION.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 98:

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel objects that the Request is vague and ambiguous, unduly burdensome and overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel objects to MGA's concurrently served Interrogatory No. 12, on which this request is based, in its entirety, and Mattel additionally objects to this request on the grounds stated in Mattel's objections to that Interrogatory, including without limitation in that such Interrogatories exceed the limit set by the Federal Rules. Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties. Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case. Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party on the basis that MGA has objected that such documents are not within the scope of requests to a domestic party. Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants. Such documents will not be produced again.

07975/2935855.2

EXHIBIT 2  PAGE 60

1  **REQUEST FOR PRODUCTION NO. 99:**

2          ALL DOCUMENTS that constitute or REFER OR RELATE to any

3  analysis of Janine Brisbois' "thumb" drive referred to in YOUR OPERATIVE

4  COUNTERCLAIMS, including but not limited to any analysis by or on behalf of

5  KPMG.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

7          Mattel incorporates by reference the above-stated general objections as

8  if fully set forth herein. Mattel also specifically objects to this Request on the

9  grounds that it is duplicative of prior Requests and seeks documents already

10 produced by Mattel and/or were the subject of prior rulings in this case. Such

11 documents will not be produced. Mattel further objects to this Request as vague and

12 ambiguous, including in its use of "OPERATIVE COUNTERCLAIMS." Mattel

13 objects to this Request to the extent it seeks to limit the expert testimony that Mattel

14 may seek to introduce at trial. Mattel will identify its experts and make related

15 disclosures in accordance with the Court's orders and applicable rules. Mattel

16 further objects that this Request is premature because Defendants have not complied

17 with their discovery obligations by failing to produce witnesses for deposition and

18 withholding information and documents requested in violation of orders of the

19 Discovery Master and the Court. Mattel further objects that this Request is

20 premature in that Mattel has not yet calculated its damages, nor is Mattel required to

21 elect a damages theory at this point. Mattel further objects to this Request to the

22 extent that it calls for the disclosure of information subject to the attorney-client

23 privilege, the attorney work-product doctrine and other applicable privileges. Mattel

24 further objects to this Request on the ground and to the extent it seeks trade secret,

25 proprietary or otherwise confidential information of Mattel or third parties. Any

26 such documents that are produced, if any, will be produced only pursuant to and in

27 reliance upon the Protective Order entered in this case. Mattel also objects to this

28 Request to the extent it seeks documents that are in the possession, custody and

-36-

EXHIBIT 2 PAGE 61

1 control of a foreign subsidiary of a party on the basis that MGA has objected that

2 such documents are not within the scope of requests to a domestic party.

3

4 **REQUEST FOR PRODUCTION NO. 100:**

5        YOUR entire personnel file (except health care specific information,

6 social security numbers, tax identification numbers, dates of birth, bank account

7 numbers, and checking account numbers) for Carlos Gustavo Machado Gomez

8 ("Machado"), including but not limited to ANY employment agreements between

9 YOU and Machado, all confidentiality or non-disclosure agreements signed by

10 Machado, and ANY other DOCUMENTS signed by Machado that concern the use,

11 confidentiality, and disclosure of MATTEL'S TRADE SECRETS.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

13        Mattel incorporates by reference the above-stated general objections as

14 if fully set forth herein.  Mattel also specifically objects to this Request on the

15 grounds that it is duplicative of prior Requests and seeks documents already

16 produced by Mattel and/or were the subject of prior rulings in this case.  Such

17 documents will not be produced.  Mattel objects that the Request is vague and

18 ambiguous, unduly burdensome and overly broad and seeks information that is

19 neither relevant nor reasonably calculated to lead to the discovery of admissible

20 evidence.  Mattel further objects to this Request to the extent that it calls for the

21 disclosure of information subject to the attorney-client privilege, the attorney work-

22 product doctrine and other applicable privileges.  Mattel further objects to this

23 Request on the ground and to the extent it seeks trade secret, proprietary or

24 otherwise confidential information of Mattel or third parties.  Any such documents

25 that are produced, if any, will be produced only pursuant to and in reliance upon the

26 Protective Order entered in this case.  Mattel also objects to this Request to the

27 extent it seeks documents that are in the possession, custody and control of a foreign

28

-37-

EXHIBIT 2  PAGE 62

1 subsidiary of a party on the basis that MGA has objected that such documents are
2 not within the scope of requests to a domestic party.

3

4 **REQUEST FOR PRODUCTION NO. 101:**

5        YOUR entire personnel file (except health care specific information,
6 social security numbers, tax identification numbers, dates of birth, bank account
7 numbers, and checking account numbers) for Mariana Trueba Almada ("Trueba"),
8 including but not limited to ANY employment agreements between YOU and
9 Trueba, ANY confidentiality or non-disclosure agreements signed by Trueba, and
10 ANY other DOCUMENTS signed by Trueba that concern the use, confidentiality,
11 and disclosure of MATTEL's TRADE SECRETS.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

13        Mattel incorporates by reference the above-stated general objections as
14 if fully set forth herein. Mattel also specifically objects to this Request on the
15 grounds that it is duplicative of prior Requests and seeks documents already
16 produced by Mattel and/or were the subject of prior rulings in this case. Mattel
17 further objects to this Request to the extent that it calls for the disclosure of
18 information subject to the attorney-client privilege, the attorney work-product
19 doctrine and other applicable privileges. Mattel objects that the Request is vague
20 and ambiguous, unduly burdensome and overly broad and seeks information that is
21 neither relevant nor reasonably calculated to lead to the discovery of admissible
22 evidence. Mattel further objects to this Request on the ground and to the extent it
23 seeks trade secret, proprietary or otherwise confidential information of Mattel or
24 third parties. Any such documents that are produced, if any, will be produced only
25 pursuant to and in reliance upon the Protective Order entered in this case. Mattel
26 also objects to this Request to the extent it seeks documents that are in the
27 possession, custody and control of a foreign subsidiary of a party on the basis that

28

1   MGA has objected that such documents are not within the scope of requests to a

2   domestic party.

3

4   **REQUEST FOR PRODUCTION NO. 102:**

5          YOUR entire personnel file (except health care specific information,

6   social security numbers, tax identification numbers, dates of birth, bank account

7   numbers, and checking account numbers) for Pablo Vargas San Jose ("Vargas"),

8   including but not limited to ANY employment agreements between YOU and

9   Vargas, ANY confidentiality or non-disclosure agreements signed by Vargas, and

10  ANY other DOCUMENTS signed by Vargas that concern the use, confidentiality,

11  and disclosure of MATTEL's TRADE SECRETS.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

13         Mattel incorporates by reference the above-stated general objections as

14  if fully set forth herein. Mattel also specifically objects to this Request on the

15  grounds that it is duplicative of prior Requests and seeks documents already

16  produced by Mattel and/or were the subject of prior rulings in this case. Mattel

17  further objects to this Request to the extent that it calls for the disclosure of

18  information subject to the attorney-client privilege, the attorney work-product

19  doctrine and other applicable privileges. Mattel objects that the Request is vague

20  and ambiguous, unduly burdensome and overly broad and seeks information that is

21  neither relevant nor reasonably calculated to lead to the discovery of admissible

22  evidence. Mattel further objects to this Request on the ground and to the extent it

23  seeks trade secret, proprietary or otherwise confidential information of Mattel or

24  third parties. Any such documents that are produced, if any, will be produced only

25  pursuant to and in reliance upon the Protective Order entered in this case. Mattel

26  also objects to this Request to the extent it seeks documents that are in the

27  possession, custody and control of a foreign subsidiary of a party on the basis that

28

07975/2935855.2

-39-

EXHIBIT 2 PAGE 64

1  MGA has objected that such documents are not within the scope of requests to a

2  domestic party.

3

4  **REQUEST FOR PRODUCTION NO. 103:**

5          YOUR entire personnel file (except health care specific information,

6  social security numbers, tax identification numbers, dates of birth, bank account

7  numbers, and checking account numbers) for Ron Brawer ("Brawer"), including but

8  not limited to ANY employment agreements between YOU and Brawer, ANY

9  confidentiality or non-disclosure agreements signed by Brawer, and ANY other

10  DOCUMENTS signed by Brawer that concern the use, confidentiality, and

11  disclosure of MATTEL's TRADE SECRETS.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

13          Mattel incorporates by reference the above-stated general objections as

14  if fully set forth herein. Mattel also specifically objects to this Request on the

15  grounds that it is duplicative of prior Requests and seeks documents already

16  produced by Mattel and/or were the subject of prior rulings in this case. Such

17  documents will not be produced. Mattel objects that the Request is vague and

18  ambiguous, unduly burdensome and overly broad and seeks information that is

19  neither relevant nor reasonably calculated to lead to the discovery of admissible

20  evidence. Mattel further objects to this Request to the extent that it calls for the

21  disclosure of information subject to the attorney-client privilege, the attorney work-

22  product doctrine and other applicable privileges. Mattel further objects to this

23  Request on the ground and to the extent it seeks trade secret, proprietary or

24  otherwise confidential information of Mattel or third parties. Any such documents

25  that are produced, if any, will be produced only pursuant to and in reliance upon the

26  Protective Order entered in this case. Mattel also objects to this Request to the

27  extent it seeks documents that are in the possession, custody and control of a foreign

28

1   subsidiary of a party on the basis that MGA has objected that such documents are

2   not within the scope of requests to a domestic party.

3

4   **REQUEST FOR PRODUCTION NO. 104:**

5           YOUR entire personnel file (except health care specific information,

6   social security numbers, tax identification numbers, dates of birth, bank account

7   numbers, and checking account numbers) for Janine Brisbois ("Brisbois"), including

8   but not limited to ANY employment agreements between YOU and Brisbois, ANY

9   confidentiality or non-disclosure agreements signed by Brisbois, and ANY other

10  DOCUMENTS signed by Brisbois that concern the use, confidentiality, and

11  disclosure of MATTEL's TRADE SECRETS.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

13          Mattel incorporates by reference the above-stated general objections as

14  if fully set forth herein. Mattel also specifically objects to this Request on the

15  grounds that it is duplicative of prior Requests and seeks documents already

16  produced by Mattel and/or were the subject of prior rulings in this case. Such

17  documents will not be produced. Mattel further objects to this Request to the extent

18  that it calls for the disclosure of information subject to the attorney-client privilege,

19  the attorney work-product doctrine and other applicable privileges. Mattel objects

20  that the Request is vague and ambiguous, unduly burdensome and overly broad and

21  seeks information that is neither relevant nor reasonably calculated to lead to the

22  discovery of admissible evidence. Mattel further objects to this Request on the

23  ground and to the extent it seeks trade secret, proprietary or otherwise confidential

24  information of Mattel or third parties. Any such documents that are produced, if

25  any, will be produced only pursuant to and in reliance upon the Protective Order

26  entered in this case. Mattel also objects to this Request to the extent it seeks

27  documents that are in the possession, custody and control of a foreign subsidiary of

28

1 | a party on the basis that MGA has objected that such documents are not within the
2 | scope of requests to a domestic party.

3

4 | **REQUEST FOR PRODUCTION NO. 105:**

5 |        YOUR entire personnel files (except health care specific information,
6 | social security numbers, tax identification numbers, dates of birth, bank account
7 | numbers, and checking account numbers) for ANY past or present employees or
8 | contractors hired since January 1, 1998, who were working for MGA when YOU
9 | hired them or worked for MGA preceding being hired by YOU.

10 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

11 |        Mattel incorporates by reference the above-stated general objections as
12 | if fully set forth herein.  Mattel also specifically objects to this Request on the
13 | grounds that it is duplicative of prior Requests and seeks documents already
14 | produced by Mattel and/or were the subject of prior rulings in this case.  Such
15 | documents will not be produced.  Mattel objects that the Request is vague and
16 | ambiguous, unduly burdensome and overly broad and seeks information that is
17 | neither relevant nor reasonably calculated to lead to the discovery of admissible
18 | evidence.  Mattel further objects to this Request to the extent that it calls for the
19 | disclosure of information subject to the attorney-client privilege, the attorney work-
20 | product doctrine and other applicable privileges.  Mattel further objects to this
21 | Request on the ground and to the extent it seeks trade secret, proprietary or
22 | otherwise confidential information of Mattel or third parties.  Any such documents
23 | that are produced, if any, will be produced only pursuant to and in reliance upon the
24 | Protective Order entered in this case.  Mattel also objects to this Request to the
25 | extent it seeks documents that are in the possession, custody and control of a foreign
26 | subsidiary of a party on the basis that MGA has objected that such documents are
27 | not within the scope of requests to a domestic party.

28

**REQUEST FOR PRODUCTION NO. 106:**

YOUR entire personnel files (except health care specific information, social security numbers, tax identification numbers, dates of birth, bank account numbers, and checking account numbers) for ANY past or present employees or contractors hired since January 1, 1998, who were working for ANY PERSON who is or was regularly engaged in the business, in whole or in part, of designing, manufacturing, producing, or selling dolls when YOU hired them or worked for such a PERSON preceding being hired by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the grounds that it is duplicative of prior Requests and seeks documents already produced by Mattel and/or were the subject of prior rulings in this case.  Such documents will not be produced.  Mattel objects that the Request is vague and ambiguous, unduly burdensome and overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party on the basis that MGA has objected that such documents are not within the scope of requests to a domestic party.

EXHIBIT 2  PAGE 68

1 **REQUEST FOR PRODUCTION NO. 107:**

2       All DOCUMENTS identified, described, or referenced in YOUR

3 response to INTERROGATORY NO. 13 or containing information that YOU used

4 or to which YOU referred in formulating the response and that YOU have not

5 already produced in this ACTION.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

7       Mattel incorporates by reference the above-stated general objections as

8 if fully set forth herein.  Mattel objects that the Request is vague and ambiguous,

9 unduly burdensome and overly broad and seeks information that is neither relevant

10 nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel

11 further objects to the Request on the ground that it is premature because the subject

12 matter of this Request will be the subject of expert testimony at trial.  Mattel objects

13 to this Request to the extent it seeks to limit the expert testimony that Mattel may

14 seek to introduce at trial.  Mattel will identify its experts and make related

15 disclosures in accordance with the Court's orders and applicable rules.  Mattel

16 objects to MGA's concurrently served Interrogatory No. 13, on which this request is

17 based, in its entirety, and Mattel additionally objects to this request on the grounds

18 stated in Mattel's objections to that Interrogatory, including without limitation in

19 that such Interrogatories exceed the limit set by the Federal Rules.  Mattel further

20 objects that this Request is premature because Defendants have not complied with

21 their discovery obligations by failing to produce witnesses for deposition and

22 withholding information and documents requested in violation of orders of the

23 Discovery Master and the Court.  Mattel further objects that this Request is

24 premature in that Mattel has not yet calculated its damages, nor is Mattel required to

25 elect a damages theory at this point.  Mattel further objects to this Request to the

26 extent that it calls for the disclosure of information subject to the attorney-client

27 privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

28 further objects to this Request on the ground and to the extent it seeks trade secret,

1  proprietary or otherwise confidential information of Mattel or third parties. Any

2  such documents that are produced, if any, will be produced only pursuant to and in

3  reliance upon the Protective Order entered in this case. Mattel also objects to this

4  Request to the extent it seeks documents that are in the possession, custody and

5  control of a foreign subsidiary of a party on the basis that MGA has objected that

6  such documents are not within the scope of requests to a domestic party. Mattel

7  further objects to this Request to the extent that it may seek documents already

8  produced by Mattel, including documents stolen by MGA and other defendants.

9  Such documents will not be produced again.

10

11  **REQUEST FOR PRODUCTION NO. 108:**

12          All DOCUMENTS identified, described, or referenced in YOUR

13  response to INTERROGATORY NO. 14 served by MGA or containing information

14  that YOU used or to which YOU referred in formulating the response and that YOU

15  have not already produced in this ACTION.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

17          Mattel incorporates by reference the above-stated general objections as

18  if fully set forth herein. Mattel objects that the Request is vague and ambiguous,

19  unduly burdensome and overly broad and seeks information that is neither relevant

20  nor reasonably calculated to lead to the discovery of admissible evidence. Mattel

21  further objects to this Request to the extent that it calls for the disclosure of

22  information subject to the attorney-client privilege, the attorney work-product

23  doctrine and other applicable privileges. Mattel objects to MGA's concurrently

24  served Interrogatory No. 14, on which this request is based, in its entirety, and

25  Mattel additionally objects to this request on the grounds stated in Mattel's

26  objections to those Interrogatories, including without limitation in that such

27  Interrogatories exceed the limit set by the Federal Rules. Mattel further objects to

28  this Request on the ground and to the extent it seeks trade secret, proprietary or

1 │ otherwise confidential information of Mattel or third parties. Any such documents
2 │ that are produced, if any, will be produced only pursuant to and in reliance upon the
3 │ Protective Order entered in this case. Mattel also objects to this Request to the
4 │ extent it seeks documents that are in the possession, custody and control of a foreign
5 │ subsidiary of a party on the basis that MGA has objected that such documents are
6 │ not within the scope of requests to a domestic party. Mattel further objects to this
7 │ Request to the extent that it may seek documents already produced by Mattel,
8 │ including documents stolen by MGA and other defendants. Such documents will
9 │ not be produced again.

10

11 │ **REQUEST FOR PRODUCTION NO. 109:**

12 │ DOCUMENTS sufficient to identify the make and model of YOUR
13 │ hardware based backup system referred to in the letter sent by Jon Corey to the
14 │ Skadden firm on January 9, 2009.

15 │ **RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

16 │ Mattel incorporates by reference the above-stated general objections as
17 │ if fully set forth herein. Mattel also specifically objects to this Request on the
18 │ grounds that it is duplicative of prior Requests and seeks documents already
19 │ produced by Mattel and/or were the subject of prior rulings in this case. Such
20 │ documents will not be produced. Mattel objects that the Request is vague and
21 │ ambiguous, unduly burdensome and overly broad and seeks information that is
22 │ neither relevant nor reasonably calculated to lead to the discovery of admissible
23 │ evidence. Mattel further objects to this Request to the extent that it calls for the
24 │ disclosure of information subject to the attorney-client privilege, the attorney work-
25 │ product doctrine and other applicable privileges. Mattel further objects to this
26 │ Request on the ground and to the extent it seeks trade secret, proprietary or
27 │ otherwise confidential information of Mattel or third parties. Any such documents
28 │ that are produced, if any, will be produced only pursuant to and in reliance upon the

-46-

EXHIBIT 2  PAGE 71

1    Protective Order entered in this case.  Mattel also objects to this Request to the

2    extent it seeks documents that are in the possession, custody and control of a foreign

3    subsidiary of a party on the basis that MGA has objected that such documents are

4    not within the scope of requests to a domestic party.

5

6    **REQUEST FOR PRODUCTION NO. 110:**

7           DOCUMENTS sufficient to describe ANY modifications of YOUR e-

8    mail preservation system caused by the implementation of the hardware based

9    backup system referred to in the letter sent by Jon Corey to the Skadden firm on

10   January 9, 2009.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

12          Mattel incorporates by reference the above-stated general objections as

13   if fully set forth herein.  Mattel also specifically objects to this Request on the

14   grounds that it is duplicative of prior Requests and seeks documents already

15   produced by Mattel and/or were the subject of prior rulings in this case.  Such

16   documents will not be produced.  Mattel objects that the Request is vague and

17   ambiguous, unduly burdensome and overly broad and seeks information that is

18   neither relevant nor reasonably calculated to lead to the discovery of admissible

19   evidence.  Mattel further objects to this Request to the extent that it calls for the

20   disclosure of information subject to the attorney-client privilege, the attorney work-

21   product doctrine and other applicable privileges.  Mattel further objects to this

22   Request on the ground and to the extent it seeks trade secret, proprietary or

23   otherwise confidential information of Mattel or third parties.  Any such documents

24   that are produced, if any, will be produced only pursuant to and in reliance upon the

25   Protective Order entered in this case.  Mattel also objects to this Request to the

26   extent it seeks documents that are in the possession, custody and control of a foreign

27   subsidiary of a party on the basis that MGA has objected that such documents are

28   not within the scope of requests to a domestic party.

1 **REQUEST FOR PRODUCTION NO. 111:**

2    All DOCUMENTS that refer or relate to ANY contacts allegedly made

3 by Ron Brawer after his resignation from MATTEL to past or present MATTEL

4 employees, as alleged in paragraph 60 of YOUR OPERATIVE

5 COUNTERCLAIMS.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

7    Mattel incorporates by reference the above-stated general objections as

8 if fully set forth herein. Mattel also specifically objects to this Request on the

9 grounds that it is duplicative of prior Requests and seeks documents already

10 produced by Mattel and/or were the subject of prior rulings in this case. Such

11 documents will not be produced. Mattel objects that the Request is vague and

12 ambiguous, unduly burdensome and overly broad and seeks information that is

13 neither relevant nor reasonably calculated to lead to the discovery of admissible

14 evidence. Mattel further objects to this Request to the extent that it calls for the

15 disclosure of information subject to the attorney-client privilege, the attorney work-

16 product doctrine and other applicable privileges. Mattel further objects to this

17 Request as vague and ambiguous, including in its use of "OPERATIVE

18 COUNTERCLAIMS." Mattel further objects to this Request on the ground and to

19 the extent it seeks trade secret, proprietary or otherwise confidential information of

20 Mattel or third parties. Any such documents that are produced, if any, will be

21 produced only pursuant to and in reliance upon the Protective Order entered in this

22 case. Mattel also objects to this Request to the extent it seeks documents that are in

23 the possession, custody and control of a foreign subsidiary of a party on the basis

24 that MGA has objected that such documents are not within the scope of requests to a

25 domestic party.

26 ///

27 ///

28 ///

1  DATED:  May 18, 2009                QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
2

3
                                       By /s/ Marshal M. Searcy III
4                                         Marshall M. Searcy III
                                          Attorneys for Mattel, Inc.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-49-
MATTEL'S RESPONSE TO MGA'S SECOND SET OF PHASE 2
REQUESTS FOR PRODUCTION OF DOCUMENTS

EXHIBIT 2  PAGE 74

# EXHIBIT 3

# TO DECLARATION OF

# ANDREW C. SPITSER

# EXHIBIT 3

# TO DECLARATION OF

# ANDREW C. SPITSER

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    CV 04-09049 SGL(RNBx)                              Date: January 6, 2009

Title:    MATTEL, INC. V. MGA ENTERTAINMENT, INC., et al.
====================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            James Holmes                          None Present
            Courtroom Deputy Clerk                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                             None Present

PROCEEDINGS:   **ORDER APPOINTING DISCOVERY MASTER**

        As in Phase 1 of this case, the Court intends to appoint a Discovery Master to govern any discovery disputes that might arise in Phase 2 of this case.  The appointment of the Discovery Master was made at the joint request of the parties in this case.  <u>See</u> Stipulation for Appointment of a Discovery Master and Order, December 6, 2006.

        Pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), the Court continues to believe that a Discovery Master, as opposed to the assigned Magistrate Judge, is necessary to address what MGA has aptly described to the Court as "the massive administrative burdens in time and labor necessary to deal with the enormous complexities, both legal and practical, of the issues in Phase 2" and the "sheer volume of complex civil discovery disputes likely to arise in Phase 2." Based on the Court's experience in this case, there is no question that a Discovery Master is needed to "effectively and timely" address the anticipated discovery matters in this case.

        The Court previously submitted to all counsel of record the names of eight attorneys for consideration by the parties and invited counsel to submit, in camera, any objections to those attorneys to serve as a Discovery Master (or as a Special Master to oversee the implementation of the permanent injunction, if needed).  The Court has carefully considered the objections submitted. Two of the individuals named were not the subject of an objection by any party.  Of those two, the Court selects Robert C. O'Brien of Arent, Fox to serve as Discovery Master for Phase 2 of this

MINUTES FORM 90                                          Initials of Deputy Clerk: jh
CIVIL -- GEN                      1

**Exhibit 2**
**page 13**

EXHIBIT 3  PAGE 75

case.

The Discovery Master will serve under the terms and conditions of the Stipulation and Order dated December 6, 2006, the terms and conditions of which were previously agreed to by the parties. **The stay on discovery for Phase 2 of this case is hereby VACATED.**

Notwithstanding the parties' stated lack of objection to the appointment of Mr. O'Brien as Discovery Master, the Discovery Master is directed to promptly disclose to counsel for all parties any potential grounds for conflict of interest or disqualification, and the parties shall, within three days of receipt of said disclosure, submit any objection to the Court in camera.   A failure to object will be deemed by the Court as a waiver of any objections and consent to Mr. O'Brien to serve as Discovery Master.  The Discovery Master is further directed to contact counsel for all parties and resolve any and all outstanding discovery motions as expeditiously as possible.

**IT IS SO ORDERED.**

MINUTES FORM 90                                                                    Initials of Deputy Clerk: jh
CIVIL -- GEN                                        2

Exhibit 3
page 14
EXHIBIT 3 PAGE 76

# EXHIBIT 4

# TO DECLARATION OF

# ANDREW C. SPITSER

# EXHIBIT 4

# TO DECLARATION OF

# ANDREW C. SPITSER

1

```
 1                  UNITED STATES DISTRICT COURT

 2                 CENTRAL DISTRICT OF CALIFORNIA

 3                       EASTERN DIVISION

 4                          - - -

 5         HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                          - - -

 7    MATTEL, INC.,                    )
                                       )
 8                      Plaintiff,     )
                                       )
 9           vs.                       )   No. CV 04-09049
                                       )
10    MGA ENTERTAINMENT, INC., ET. AL.,)
                                       )
11                      Defendants.    )
                                       )   Motions
12    AND CONSOLIDATED ACTIONS,        )
                                       )

13

14

15              REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                    Riverside, California

17               Wednesday, February 11, 2009

18                        10:03 A.M.

19

20

21

22

23              THERESA A. LANZA, RPR, CSR
               Federal Official Court Reporter
24               3470 12th Street, Rm. 134
               Riverside, California  92501
25                    951-274-0844
                  WWW.THERESALANZA.COM
```

Exhibit 3
page 15
EXHIBIT 4  PAGE 77

2

```
 1    APPEARANCES:

 2    ON BEHALF OF MATTEL, INC.:

 3                          QUINN EMANUEL
                           By:  JOHN QUINN
 4                              DYLAN PROCTOR
                                MICHAEL T. ZELLER
 5                          865 S. FIGUEROA STREET,
                           10TH FLOOR
 6                          LOS ANGELES, California  90017
                           213-624-7707
 7

 8    ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
      (Outgoing)
 9                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                           BY:  THOMAS J. NOLAN
10                              JASON RUSSELL
                           300 SOUTH GRAND AVENUE
11                          LOS ANGELES, CALIFORNIA  90071-3144
                           213-687-5000
12

13    ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
      (Incoming)
14                          GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
                           BY:  JOEL KLEVENS
15                          10250 Constellation Boulevard
                           Los Angeles, California  90067
16                          310-553-3000

17                          MITCHELL, SILBERBERG & KNUPP LLP
                           BY:  RUSSELL J. FRACKMAN
18                          11377 West Olympic Boulevard,
                           Los Angeles, California  90064-1683
19                          310-312-2000

20    ON BEHALF OF DEFENDANT GUSTAVO MACHADO:

21
                           OVERLAND BORENSTEIN SCHEPER & KIM LLP
22                          BY:  ALEXANDER H. COTE
                           601 West Fifth Street,
23                          12th Floor
                           Los Angeles, California  90071
24                          213-613-4660

25    / / /
```

Exhibit 3
page 16
EXHIBIT 4 PAGE 78

3

```
 1                        I N D E X  (Continued)

 2

 3   APPEARANCES (continued):

 4

     On behalf of OMNI 808:
 5

 6                          BINGHAM McCUTCHEN LLP
                            BY:   Todd E. Gordinier
 7                          600 Anton Boulevard
                            Costa Mesa, CA   92626-1924
 8                          714-830-0622

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Exhibit 3
page 17
EXHIBIT 4 PAGE 79

4

```
 1                        I N D E X

 2                                                    Page

 3    Motions.......................................  4

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

:dnesday, February 11, 2009                    Mattel vs. MGA Entertainmeɪ

Exhibit 3
page 18
EXHIBIT 4  PAGE 80

90

```
 1   with opposing counsel --
 2            THE COURT:  I'm somewhat disappointed that the lead
 3   counsel is not present here today, because this was the hearing
 4   that was designated previously on several occasions as the time
 5   that we would be discussing the resolution of Phase 1 and the      02:24
 6   scheduling of Phase 2.  But I will give you some latitude on
 7   that point.
 8            MR. NOLAN:  I appreciate that, Your Honor.
 9        On Friday we'll have our submissions.
10        Thank you very much.                                          02:24
11            THE COURT:  Very well.
12        The last issue I want to take up is the scheduling of
13   Phase 2 at this time, and I had asked counsel previously to
14   come prepared to discuss and to commit to those dates.
15        Essentially, I want to come up with five dates:  A            02:24
16   discovery cutoff date, a dispositive motion cutoff date, a
17   pretrial conference date, a trial date, and a mandatory
18   settlement conference cutoff date; so those are the five dates.
19        I'll hear from either side on this.
20        There's now nobody on the defense counsel table for           02:24
21   MGA.  This is somewhat disconcerting.  Someone is going to have
22   to come forward and pick this up.
23        (Laughter.)
24            MR. ZELLER:  One thing, Your Honor, if I may just
25   start with this.  The Court about a month ago lifted the           02:25
```

Exhibit 3
page 19
EXHIBIT 4  PAGE 81

97

1        For the record, I previously indicated that all stays

2   on discovery have been lifted.  All discovery matters should

3   rightfully be referred to the Discovery Master.  And I'll let

4   it go at that.

5        MR. ZELLER:  And that no discovery issues or no                    02:37

6   requests for discovery are premature at this point, because

7   that's the other term they are using on this.

8        THE COURT:  I will instruct the Discovery Master this

9   afternoon, in no uncertain terms, that there is no stay on any

10  discovery related to this case at all.  There's no longer a               02:37

11  Phase 1/Phase 2 distinction.

12       As I indicated, I thought that I made this clear

13  before.  If it's not, it will be expressly set forth in the

14  minutes coming out of today's hearing.

15       There is no stay on discovery.  Period.                              02:37

16       MR. ZELLER:  And we're fully entitled to the

17  financial information that --

18       THE COURT:  Lets leave it at that, Counsel.

19       Thank you, Mr. Zeller.

20       MR. RUSSELL:  Could I say one thing, since                           02:38

21  Mr. Zeller injected this.

22       When he's talking about this stay -- and this is the

23  twilight between Phase 1 and Phase 2 counsel -- they

24  promulgated a series of receiver-related discovery which we

25  contend and run your Honor's orders saying let's talk it out of           02:38

EXHIBIT 4  PAGE 82

```
 1   move forward.

 2              MR. ZELLER:  Thank you, Your Honor.

 3              THE COURT:  Thank you, counsel.

 4              MR. FRACKMAN:  I'm last, and I think I'll be the

 5   shortest.  On the issue of streamlining discovery, I've read     02:43

 6   the Court's prior orders concerning the number of depositions,

 7   for example, and I confess, I'm a bit confused.

 8              We would request from the Court that there be a

 9   reasonable limit placed on Phase 2 depositions.  I don't know

10   whether that comes to Your Honor or whether that goes to the     02:44

11   discover referee.

12              THE COURT:  In the first instance, that would go to

13   the discovery referee.  The limits that were placed were limits

14   that were placed on the earlier discovery phase.

15              To be clear again, I have placed no limits, no        02:44

16   restrictions, other than what is set forth in the rules of

17   civil procedure and in local rule 37 on discovery from this

18   point until March 23rd.

19              If the parties wish to stipulate, they may.  If the

20   parties think that the Court needs to be involved in this in     02:44

21   the first instance, that needs to go to the Discovery Master.

22              MR. FRACKMAN:  I think we're prepared to follow the

23   federal rules, Your Honor.  Thank you.

24              THE COURT:  Very good.

25              MR. ZELLER:  I feel like I'm being more difficult at  02:44
```

Exhibit 3
page 20
EXHIBIT 4 PAGE 83

```
1    the end than I should be.
2              Just so it's clear, because as I understood it,
3    there, of course, are the limits under the Federal Rules of ten
4    depositions.  We, of course, have -- and I thought that the
5    parties --                                                        02:45
6              THE COURT:  You did more than ten depositions.
7              MR. ZELLER:  Correct.  And I think both sides have.
8              THE COURT:  Yes.
9              MR. ZELLER:  Or then there were limits the Court did
10   put on the case, as we understood it; I want to say the number   02:45
11   was 24, but I could be off slightly, that the Court did modify
12   the limits already.
13             THE COURT:  I allowed for additional depositions.
14   But those were all in the context of the first phase.  We now
15   have new counsel coming in.  I'm certainly not going to suggest   02:45
16   you're all done with discovery.
17             MR. ZELLER:  Absolutely.
18             THE COURT:  Maybe I should.  Maybe I should say the
19   limits have all been filled in spades and we're done and let's
20   go to trial.                                                      02:45
21             MR. ZELLER:  That's what I'm trying to understand is
22   is the Court's view on this, because the Court had
23   previously -- and I don't recall the mechanics of how we got
24   there, but the Court essentially increased the limit to, I
25   think, 24.                                                        02:45
```

ednesday, February 11, 2009                        Mattel vs. MGA Entertainmer

Exhibit 3
page 21
EXHIBIT 4 PAGE 84

1          THE COURT:  Whatever limits I imposed, if I did not
2     use the precise language that I should have, let me make it
3     clear now:  That was applied to the discovery phase.  That's
4     now water under the bridge.  It is over.
5          We are starting with a clean slate, a new discovery    02:46
6     master, new counsel for MGA, and we are going to build this up
7     and we'll go from here.  If there's a discovery dispute, please
8     take it to the Discovery Master.
9          MR. ZELLER:  That helps clarify it quite a bit, Your
10    Honor.                                                        02:46
11         The other component is that at least with respect to
12    Phase 1, when we asked the question of where should we take a
13    request for leave to take additional depositions or serve
14    additional interrogatories and the like, the Court previously
15    directed that the motions be made to Your Honor.  And the Court  02:46
16    may recall that, in fact, in the first phase, Mattel did make
17    such a motion that was granted.
18         THE COURT:  Regarding what, again?
19         MR. ZELLER:  Increasing the limits.
20         THE COURT:  That is something which I am going to      02:46
21    change for this.  I think in the first instance that should be
22    directed to the Discovery Master.  You both have full right to
23    appeal any decision from that, but I think it's best that the
24    Discovery Master function essentially as the Magistrate Judge
25    in this case and handle all of those from the get-go.  And    02:47

ednesday, February 11, 2009                    Mattel vs. MGA Entertainmer

Exhibit 3
page 22

EXHIBIT 4  PAGE 85

105

```
1   we'll go from there.

2            MR. ZELLER:  Thank you.

3            THE COURT:  Anything further?

4            Thank you.  Good day.

5

6

7

8

9

10                    CERTIFICATE

11

12   I hereby certify that pursuant to section 753, title 28, United
     States Code, the foregoing is a true and correct transcript of
13   the stenographically recorded proceedings held in the above-
     entitled matter and that the transcript page format is in
14   conformance with the regulations of the Judicial Conference of
     the United States.

15

16   _____          _____
     THERESA A. LANZA, CSR, RPR                    Date
17   Federal Official Court Reporter

18

19

20

21

22

23

24

25
```

ednesday, February 11, 2009                    Mattel vs. MGA Entertainmer

Exhibit 3
page 23

EXHIBIT 4  PAGE 86

# EXHIBIT 5

# TO DECLARATION OF

# ANDREW C. SPITSER

# EXHIBIT 5

# TO DECLARATION OF

# ANDREW C. SPITSER



1  ROBERT F. MILLMAN, Bar No. CA 062152
   DOUGLAS A. WICKHAM, Bar No. CA 127268
2  LITTLER MENDELSON
   A Professional Corporation
3  2049 Century Park East, 5th Floor
   Los Angeles, CA 90067.3107
4  Telephone: 310.553.0308
   Facsimile:  310.553.5583
5
   Attorneys for Defendant
6  CARTER BRYANT

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware              Case No. CV 04 3431 NM (RBx)
    Corporation,
12                                        DEFENDANT'S FIRST SET OF
                 Plaintiff,               INTERROGATORIES
13                                        PROPOUNDED ON PLAINTIFF
         v.                               MATTEL, INC.
14
    CARTER BRYANT, an individual;
15  and DOES 1 through 10, inclusive,     Action Filed: April 27, 2004
16               Defendant.

17

18  PROPOUNDING PARTY:      DEFENDANT, CARTER BRYANT

19  RESPONDING PARTY:       PLAINTIFF, MATTEL, INC.

20  SET:                    ONE

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553.0308

                              INTERROGATORIES

                                              Exhibit 3 Page 14

                                        EXHIBIT 5  PAGE 87

1   **TO PLAINTIFF MATTEL, INC. AND ITS ATTORNEYS OF RECORD,**

2   **QUINN EMANUEL URQUHART OLIVER & HEDGES:**

3       Defendant Carter Bryant (hereinafter "Defendant" or "Bryant") hereby requests,

4   pursuant to Federal Rule of Civil Procedure Rule 33, that Plaintiff MATTEL, Inc.

5   (hereinafter "Plaintiff" or "MATTEL") answer in writing and under oath the

6   following Interrogatories within 30 days of service hereof.

7                      **DEFINITIONS**

8

9      1.    "PERSON" or "PERSONS" means any or all entities, including, but not

10  limited to, any or all individuals, single proprietorships, associations, companies,

11  firms, partnerships, joint ventures, corporations, employees or former employees, or

12  any other business, governmental, or labor entity, and any divisions, departments, or

13  other units thereof.

14      2.    The singular and plural forms of words are used interchangeably, as are

15  the masculine and feminine forms and the present and past tenses of verbs.

16      3.    "IDENTIFY" means:

17          A.    when used in reference to a natural PERSON, to state the

18                 individual's full name, present or last known residence and

19                 business addresses, social security number, present or last known

20                 position and business affiliation, and present or last known e-mail

21                 and telephone number;

22          B.    when used in reference to a corporation, partnership, or other

23                 entity, to state the full and complete corporate name, the

24                 organizational format (e.g., corporation, partnership, limited

25                 liability partnership), the present or last known address of its

26                 principal place of business, the present or last known e-mail

27                 address and telephone number, the date on which it commenced

28                 doing business, each and every officer of the company, and each

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

2.

INTERROGATORIES

Exhibit 3  Page *15*

EXHIBIT 5  PAGE 88

1     and every stockholder of a corporation or partner of a partnership,

2     or anyone holding an equity interest in the entity;

3     C.    when used in reference to a DOCUMENT, to state the date,

4     identity of the author, addressee(s), signatories, parties, or other

5     PERSONS identified therein, the type of DOCUMENT (e.g.,

6     letter, memorandum, chart, etc.), its present location or custodian

7     and a brief topical description of its contents; and

8     D.    when used in reference to a COMMUNICATION, to state the date,

9     IDENTIFY the parties, the type of COMMUNICATION, and a

10     brief description of its contents.

11     4.    "RELATE TO" and "RELATING TO" mean in any way directly or

12 indirectly, concerning, referring to, pertaining to, mentioning, discussing, describing,

13 disclosing, confirming, supporting, evidencing, representing, or being connected with

14 a stated subject matter or any aspect thereof.

15     5.    "AND" and "OR" mean either the conjunctive or the disjunctive as

16 context may require so that the meaning of the term is inclusive rather than exclusive.

17     6.    "MATTEL," "PLAINTIFF," "YOU" or "YOUR" refer to Plaintiff

18 MATTEL, Inc. and its officers, directors, agents, employees and all persons acting

19 under its direction or control or on its behalf.

20

21 **INTERROGATORY NO. 1:**

22     State all facts supporting YOUR contention, if YOU so contend, that Bryant

23 performed services or did any work for a third party or for himself while in the

24 employ of MATTEL.

25 **INTERROGATORY NO. 2:**

26     State all facts supporting YOUR contention, if YOU so contend, that Bryant for

27 his own gain, or the gain of any third party, at any time converted, improperly used,

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Exhibit 3 Page *16*

EXHIBIT 5   PAGE 89

1   sold, assigned or otherwise transferred any work product of his creation which YOU
2   believe was owned by MATTEL.
3   **INTERROGATORY NO. 3:**
4        State all facts supporting YOUR contention, if YOU so contend, that Bryant for
5   his own gain, or the gain of any third party, at any time converted, used, sold, assigned
6   or otherwise transferred any MATTEL work product owned at any time by MATTEL
7   or created by any MATTEL employee other than Bryant, or by any independent
8   contractor, during the time that such PERSON was working for MATTEL.
9   **INTERROGATORY NO. 4:**
10       State all facts supporting YOUR contention, if YOU so contend, that any
11   product sold by MGA Entertainment, Inc. ("MGA") under the trade name "Bratz"
12   originated from, is derived from, is based on, copies, incorporates, or is substantially
13   or confusingly similar to any design or work product created or worked on by Bryant
14   while employed by MATTEL.
15  **INTERROGATORY NO. 5:**
16       State all facts supporting YOUR contention, if YOU so contend, that any
17   product sold at any time by MGA under the trade name "Bratz" originated from, is
18   derived from, is based on, copies, incorporates, or is substantially or confusingly
19   similar to any design or work product owned at any time by MATTEL or created by
20   any MATTEL employee other than Bryant or by any independent contractor during
21   the time that such PERSON was working for MATTEL.
22  **INTERROGATORY NO. 6:**
23       State all facts supporting YOUR claim that YOU have been damaged by any act
24   or omission of Bryant.
25  **INTERROGATORY NO. 7:**
26       IDENTIFY all PERSONS YOU believe have knowledge of facts supporting
27   YOUR contention, if YOU so contend, that any product sold by MGA under the trade
28   name "Bratz" originated from, is derived from, is based on, copies, incorporates, is

4.

INTERROGATORIES

Exhibit 3 Page *17*

EXHIBIT 5  PAGE 90

1   substantially similar to any design, or elements thereof, created or worked on by

2   Bryant while employed by MATTEL.

3   **INTERROGATORY NO. 8:**

4       IDENTIFY all PERSONS YOU believe have knowledge of facts supporting

5   YOUR contention, if YOU so contend, that any product sold by MGA under the trade

6.   name "Bratz" originated from, is derived from, is based on, copies, incorporates, or is

7   substantially or confusingly similar to any design or work product owned at any time

8   by MATTEL or created by any MATTEL employee other than Bryant or by any

9   independent contractor during the time that such PERSON was working for

10   MATTEL.

11   **INTERROGATORY NO. 9:**

12       State all facts supporting YOUR contention that MATTEL first became aware

13   of the alleged wrongful conduct of Bryant in November 2003, as set forth in

14   Paragraph 12 of the Complaint.

15   **INTERROGATORY NO. 10:**

16       State all facts supporting YOUR contention that Bryant failed to meet his

17   obligations under the MATTEL "Employee Confidential Information and Inventions

18   Agreement" attached to the Complaint as Exhibit "A".

19   **INTERROGATORY NO. 11:**

20       State all facts supporting YOUR contention that Bryant failed to meet his

21   obligations under the MATTEL Conflict of Interest Questionnaire," attached to the

22   Complaint as Exhibit "B".

23   **INTERROGATORY NO. 12:**

24       State all facts supporting YOUR contention that Bryant misappropriated

25   MATTEL property, including without limitation intellectual property, at any time.

26   **INTERROGATORY NO. 13:**

27       State all facts supporting YOUR contention that Bryant was in a fiduciary

28   relationship with MATTEL.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067,3107
310.553.0300

5.

INTERROGATORIES

Exhibit 3 Page *18*

EXHIBIT 5  PAGE 91

**INTERROGATORY NO. 14:**

    If YOU contend that prior to October 20, 2000, MATTEL had any toy concept or project which had not yet been offered for sale to the public, including without limitation, any toy concept or project in the pre-production or development phase, that Bryant improperly copied, replicated, borrowed or otherwise used in whole, or in any part, during or after Bryant's employment with MATTEL, IDENTIFY that toy concept or project.

**INTERROGATORY NO. 15:**

    IDENTIFY each and every MATTEL employee who supervised work performed by Bryant throughout the period or periods of Bryant's employment with MATTEL.

**INTERROGATORY NO. 16:**

    IDENTIFY each and every MATTEL employee or independent contractor that worked with Bryant on any project he worked on for MATTEL, from 1996 to October 2000.

**INTERROGATORY NO. 17:**

    IDENTIFY each and every employee against whom YOU have filed, or threaten to file, a lawsuit pertaining in whole, or in any part, to an alleged violation of the MATTEL "Employee Confidential Information and Inventions Agreement," the form of which is attached to the Complaint as Exhibit "A".

**INTERROGATORY NO. 18:**

    IDENTIFY each and every employee against whom YOU have filed, or threaten to file, a lawsuit pertaining in whole, or in any part, to an alleged violation of the MATTEL "Conflict of Interest Questionnaire," the form of which attached to the Complaint as Exhibit "B".

**INTERROGATORY NO. 19:**

    IDENTIFY all measures taken by MATTEL to achieve compliance with the MATTEL "Employee Confidential Information and Inventions Agreement," the form

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1   of which is attached to the Complaint as Exhibit "A," and the MATTEL "Conflict of

2   Interest Questionnaire," the form of which attached to the Complaint as Exhibit "B".

3

4   Dated:  June 14, 2004

5                                           ROBERT F. MILLMAN
                                            DOUGLAS A. WICKHAM
6

7   
                                            DOUGLAS A. WICKHAM
8                                           LITTLER MENDELSON
                                            A Professional Corporation
9                                           Attorneys for Defendant
                                            CARTER BRYANT
10

11  Los_Angeles:361794.1 028307.1010

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

7.

INTERROGATORIES

Exhibit 3  Page **20**

EXHIBIT 5  PAGE 93

## PROOF OF SERVICE BY PERSONAL DELIVERY

1    I am employed in Los Angeles County, California.  I am over the age of

2    eighteen years and not a party to the within-entitled action.  My business address is

3    ProCourier, 1706 South Figueroa Street, Los Angeles, California 90015.  On June 14,

4    2004, I personally served:

6    **DEFENDANT'S FIRST SET OF INTERROGATORIES PROPOUNDED ON PLAINTIFF MATTEL, INC.**

7    by delivering copies thereof to:                      :

9    Michael T. Zeller, Esq.
10   **Quinn Emanuel Urquhart Oliver & Hedges, LLP**
     865 South Figueroa Street, 10th Floor
11   Los Angeles, California 90017

12

13            Executed on June 14, 2004, at Los Angeles, California.

14

15

16

17   Los_Angeles:362022.1 028307.1010

18

19

20

21

22

23

24

25

26

27

28

PROOF OF PERSONAL SERVICE

Exhibit 3 Page 21

EXHIBIT 5  PAGE 94

# EXHIBIT 6

# TO DECLARATION OF

# ANDREW C. SPITSER

# EXHIBIT 6

# TO DECLARATION OF

# ANDREW C. SPITSER

1   DIANA M. TORRES (S.B. #162284)
    PAULA E. AMBROSINI (S.B. #193126)
2   ALICIA C. MEYER (S.B. #230189)
    O'MELVENY & MYERS, LLP
3   400 South Hope Street
    Los Angeles, California 90071-2899
4   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407
5
    Attorneys for Defendant-in-Intervention,
6   MGA Entertainment, Inc.

7

**RECEIVED**

FEB 0 7 2005

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10  MATTEL, INC., a Delaware            Case No.  CV04-9059 NM (RNBx)
    Corporation,
11                                      **MGA'S FIRST SET OF**
                 Plaintiff,             **INTERROGATORIES TO MATTEL,**
12                                      **INC.**
         v.
13
    CARTER BRYANT, an individual,
14  and MGA ENTERTAINMENT,
    INC., a California Corporation
15
                 Defendant and
16               Defendant-in-
                 Intervention.
17

18

19  PROPOUNDING PARTY:      MGA ENTERTAINMENT, INC.

20  RESPONDING PARTY:       MATTEL, INC.

21  SET:                    ONE

22

23

24

25

26

27

28

Exhibit 5  Page 28

EXHIBIT 6  PAGE 95

1        Defendant-In-Intervention, MGA Entertainment Inc. ("MGA"), hereby

2  requests that Plaintiff, Mattel Inc. ("Mattel") answer the following Interrogatories

3  separately, fully, and under oath, pursuant to Rule 33 of the Federal Rules of Civil

4  Procedure, within thirty (30) days of service, in accordance with the definitions and

5  instructions set forth herein.

6                     **DEFINITIONS**

7      1. "BRATZ" means and refers to each image, character, logo, doll, toy,

8  accessory, product, packaging or other thing or matter that is or has ever been

9  manufactured, marketed or sold by MGA, or others under license, as part of a line of

10  goods or merchandise commonly known as, or sold and marketed under the "Bratz"

11  trademark or trade dress including but not limited to the "BRATZ CONCEPT,"

12  "FIRST BRATZ DOLLS," "BRATZ DOLLS," "BRATZ PACK", "LIL' BRATZ,"

13  "BRATZ PETZ," "BRATZ BABYZ," and "BRATZ BOYZ.

14      2. "BRATZ CONCEPT" means and refers to each "BRATZ"-related image,

15  drawing, picture, sculpt, mold, prototype and any other form of artwork predating the

16  FIRST BRATZ DOLLS, examples of which have been the subject of Mr. Bryant's

17  testimony and produced by Mr. Bryant bearing Bates serial numbers Bryant 00175-

18  177; 00179-00182; 00189-00190; 00192-00196; 00198-00216; 00218; 00341; 00972;

19  01014; and 01116-01118.

20      3. "FIRST BRATZ DOLLS" means and refers to each image, character, logo,

21  doll, toy, accessory, product, packaging or other thing or matter that is or has ever

22  been manufactured, marketed or sold by MGA, or others under license, as part of a

23  line of goods or merchandise commonly known as, or sold and marketed under the

24  "Bratz" trademark or trade dress and consisting of the following: "Bratz Cloe", SKU

25  248521; "Bratz Cloe", SKU 248538; "Bratz Jade", SKU 248545; "Bratz Sasha, SKU

26  248552; "Bratz Yasmin", SKU 248569; "Bratz Pajama Power Fashion", SKU

27  248576; "Bratz Study Hall Fashion", SKU 248583; and "Bratz Dynamite Dance

28  Fashion", SKU 248682.

1

Exhibit 5 Page **29**

EXHIBIT 6 PAGE 96

1       4. "BRATZ DOLLS" means and refers to each image, character, logo, doll,

2  toy, accessory, product, packaging or other thing or matter that is or has ever been

3  manufactured, marketed or sold by MGA, or others under license, as part of a line of

4  goods or merchandise commonly known as, or sold and marketed under the "Bratz"

5  trademark or trade dress excluding the "FIRST BRATZ DOLLS", "LIL' BRATZ,"

6  "BRATZ PETZ," and "BRATZ BABYZ" and including, without limitation, the

7  styling head commonly known as or sold and marketed as the "Bratz Funky Fashion

8  Make Over" styling head, and specifically including, without limitation, the images,

9  characters, dolls, playsets and other products and toys called or referred to as, or

10  named or marketed in association with the names "Cloe", "Jade", "Sasha", "Yasmin",

11  "Meygan", "Dana", "Fianna", "Nevra", "Cameron", "Dylan", "Eitan", "Koby",

12  "Cade", "Ailani", "Nazalia", "Talia", "Zada", "Mikko", "Colin", "Deavon", "Lakin",

13  "Flaunt It," "Beach Party", "Micro Bratz", "Xpress It", "Bratz Boyz", "Funk 'n'

14  Glow", "Funky Fashion Makeover", "Holiday Bratz – Sweetheart", "Holiday Bratz –

15  Spring Fling", "Holiday Bratz – Independence Dance", "Slumber Party", "Strut It",

16  "Spring Break", "Formal Funk", "Bratz Boyz Formal Funk", "Wintertime

17  Wonderland", "Style It!", "Funky Fashion Makeover", "Funk Out!", "Sun-Kissed

18  Summer", "Girls Nite Out!", "Wild Life Safari", and any other released, or yet to be

19  released, BRATZ named character or product theme.

20       5. "BRATZ PACK" means and refers to any collection, compilation or

21  grouping of two or more images, characters or dolls that are or have ever been

22  manufactured, marketed or sold by MGA, or others under license, as part of a line of

23  goods or merchandise commonly known as, or sold and marketed under the "Bratz"

24  trademark or trade dress including, without limitation, the collection, compilation or

25  grouping of four female images, characters or dolls individually named, called or

26  referred to as "Bratz Cloe", "Bratz Jade", "Bratz Sasha", and "Bratz Yasmin" and any

27  other similar collection, compilation or grouping of two or more images, characters or

28  dolls, male or female, and specifically including, without limitation, the images,

1    characters and dolls called or referred to as, or named or marketed in association with

2    the names "Cloe", "Jade", "Sasha", "Yasmin", "Meygan", "Dana", "Fianna",

3    "Nevra", "Cameron", "Dylan", "Eitan", "Koby", "Cade", "Ailani", "Nazalia",

4    "Talia", "Zada", "Mikko", "Colin", "Deavon", "Lakin", and any other released, or yet

5    to be released, BRATZ character.

6        6.   "LIL' BRATZ" means and refers to each image, character, logo, doll, toy,

7    accessory, product, packaging or other thing or matter that is or has ever been

8    manufactured, marketed or sold by MGA, or others under license, as part of a line of

9    goods or merchandise commonly known as, or sold and marketed under the "Bratz"

10   trademark or trade dress and commonly labeled, called, referred to, named or

11   identified as "LIL' BRATZ", and specifically including, without limitation, the

12   images, characters, dolls, playsets and other products and toys called or referred to as,

13   or named or marketed in association with the names "Cloe", "Yasmin", "Sasha",

14   "Jade", "Ailani", "Nazalia", "Talia", "Zada", "Lil' Boyz", "Cameron", "Dylan",

15   "Eitan", "Koby", "Mikko", "Colin", "Deavon", "Lakin", "Lil' Bratz Slumber Party",

16   "Lil' Bratz Tote", "Lil' Bratz Spring Break", "Lil Bratz Dancefloor Funk", "Lil' Boyz

17   Dancefloor Funk", and any other released, or yet to be released, LIL' BRATZ

18   character or product theme.

19       7.   "BRATZ PETZ" means and refers to each image, character, logo, doll, toy,

20   accessory, product, packaging or other thing or matter that is or has ever been

21   manufactured, marketed or sold by MGA, or others under license, as part of a line of

22   goods or merchandise commonly known as, or sold and marketed under the "Bratz"

23   trademark or trade dress and commonly labeled, called, referred to, named or

24   identified as "BRATZ PETZ", and specifically including, without limitation, the

25   images, characters and toys called or referred to as, or named or marketed in

26   association with the names, "Bratz Catz", "Brigitte", "Jolie", "Kendall", "Daphne",

27   "Bratz Petz Tokyo Catz", "Kyoto", "Cho", "Nami", "Yukiko", "Bratz Petz Foxz",

28   "Carly", "Reilly", "Shayna", "Bree", "Bratz Petz Dogz", "Shae", "Kali", "Pilar",

1   "Abby", and any other released, or yet to be released, BRATZ PETZ character or
2   product theme.
3        8. "BRATZ BABYZ" means and refers to each image, character, logo, doll,
4   toy, accessory, product, packaging or other thing or matter that is or has ever been
5   manufactured, marketed or sold by MGA, or others under license, as part of a line of
6   goods or merchandise commonly known as, or sold and marketed under the "Bratz"
7   trademark or trade dress and commonly labeled, called, referred to, named or
8   identified as "BRATZ BABYZ", and specifically including, without limitation, the
9   images, characters and dolls called or referred to as, or named or marketed in
10   association with the names, "Cloe", "Sasha", "Jade," "Yasmin", and any other
11   released, or yet to be released, BRATZ BABYZ character or product theme.
12        9. "BRATZ BOYZ" means and refers to each male image, character, logo, doll,
13   toy, accessory, product, packaging or other thing or matter that is or has ever been
14   manufactured, marketed or sold by MGA, or others under license, as part of a line of
15   goods or merchandise commonly known as, or sold and marketed under the "Bratz"
16   trademark or trade dress and commonly labeled, called, referred to, named or
17   identified as "BRATZ BOYZ", and specifically including, without limitation, the
18   images characters, dolls, playsets and other products and toys called or referred to as,
19   or named or marketed in association with the names "Cameron", "Dylan", "Eitan",
20   "Koby", "Cade", "Mikko", "Colin", "Deavon", "Lakin", "Bratz Boyz Formal Funk",
21   "Boyz Funk Out!", "Boyz Sun-Kissed Summer", and any other released, or yet to be
22   released BRATZ BOYZ character or product theme.
23        10. "BRATZ INTELLECTUAL PROPERTY" means all intellectual and
24   industrial property rights in and to BRATZ including, without limitation, all
25   copyrights, patents, trademarks, industrial designs, trade secrets, contract and
26   licensing rights, design rights, moral rights and trade dress rights, in any country of
27   the world.
28        11. "BRYANT" means defendant Carter Bryant.

4

Exhibit 5 Page **32**

EXHIBIT 6 PAGE 99

1      12.   "COMMUNICATION[S]" means any transmission of information from
2  one person or entity to another, including, without limitation, by personal meeting,
3  conversation, letter, telephone, facsimile or electronic mail. Each request that
4  encompasses information relating in any way to communications to, from or within a
5  business or corporate entity is hereby designated to mean, and should be construed to
6  include, all communications by and between representatives, employees, agents or
7  servants of the business or corporate entity.

8      13.   "COMPLAINT" means and refers to the Complaint filed by Mattel Inc.
9  in this matter on April 27, 2004 and now designated as Case No. CV 04-9059 NM
10  (RNBx) in the United States District Court for the Central District of California.

11      14.   "DOCUMENT[S]" incorporates the full meaning of Federal Rule of
12  Civil Procedure 24, and shall be construed in the broadest sense to mean any and all
13  writings, tangible things and property, of any kind, that are now or that have been in
14  YOUR actual or constructive possession, custody or control, including, but not
15  limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed,
16  punched, copied, recorded, transcribed, graphic or photographic matter of any kind
17  or nature, in, through, or from which information may be embodied, translated,
18  conveyed or stored, whether an original, a draft or copy, however produced or
19  reproduced, whether sent or received or neither, including, but not limited to, notes,
20  memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports,
21  inter- and intra-office COMMUNICATIONS, work papers, work sheets, work
22  records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets,
23  estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders,
24  telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders,
25  estimates, recordings, transcriptions of recordings, records, books, pamphlets,
26  periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital
27  recordings, television commercials, story boards, website or other spot
28

1    advertisements, movies, movie trailers, prototypes, products, diaries, calendars,

2    charts, drawings, sketches, messages, photographs and data contained in or

3    accessible through any electronic data processing system, including, but not limited

4    to, computer databases, data sheets, data processing cards, computer files and tapes,

5    computer disks, CD-ROMs, computer meta-data, microfilm, microfiche, electronic

6    mail, website and web pages and transcriptions thereof and all other

7    memorializations of any conversations, meetings and conference, by telephone or

8    otherwise.  The term DOCUMENT also means every copy of a DOCUMENT, where

9    such copy is not an identical duplicate of the original, whether because of deletions,

10   underlinings, showing of blind copies, initialing, signatures, receipt stamps,

11   comments, notations, differences in stationery or any other difference or

12   modification of any kind.

13        15.    "MARKET RESEARCH" means any type of research, study, survey or

14   analysis of consumers or potential consumers of a product or potential product

15   including, without limitation, focus groups, consumer surveys, market analyses,

16   behavioral analyses and consumer research.

17        16.    "MATTEL," "PLAINTIFF," "YOU" or "YOUR" means plaintiff

18   MATTEL, Inc. and any of its past or present officers, directors, agents, employees,

19   representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates,

20   predecessors-in-interest and successors-in-interest, entities and persons acting in joint

21   venture or partnership relationships with YOU and any others acting on YOUR

22   behalf, pursuant to YOUR authority or subject to YOUR control.

23        17.    MGA" means MGA Entertainment, Inc. and any of its past or present

24   officers, directors, agents, employees, representatives, consultants, attorneys, parents,

25   subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest,

26   entities and persons acting in joint venture or partnership relationships with MGA

27

28

6

Exhibit 5 Page 34

EXHIBIT 6 PAGE 101

1    and any others acting on MGA's behalf, pursuant to its authority or subject to its
2    control.

3        18.    "MGA PRODUCTS" means any and all products offered for sale by
4    MGA Entertainment, Inc., other than BRATZ, including, without limitation, "4-Ever
5    Best Friends" and "Alien Racers".

6        19.    "PERSON" or "PERSONS" means all natural persons, partnerships,
7    corporations, joint ventures and any kind of business, legal or public entity or
8    organization, as well as its, his or her agents, representatives, employees, officers and
9    directors and any one else acting on its, his or her behalf, pursuant to its, his or her
10   authority or subject to its, his or her control.

11       20.    "PROPERTY" or "PROPERTIES" means all ideas, concepts, rights,
12   designs, proprietary and confidential information, and other intellectual and
13   intangible property including, without limitation, copyrights, patents, trademarks,
14   design rights and trade secrets.

15       21.    The singular form includes the plural, and vice versa.

16       22.    The terms "any" and "all" are interchangeable.

17       23.    The terms "and" and "or" shall be construed disjunctively and
18   conjunctively, and each shall include the other whenever such dual construction will
19   serve to bring within the scope of any interrogatory, information that would
20   otherwise not be within its scope.

21       24.    As used herein, the terms "relating to" and "referring to" should each be
22   construed in the broadest possible sense to mean concerning, consisting of, referring
23   to, describing, discussing, constituting, evidencing, containing, reflecting,
24   mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or
25   factual connection with the matter discussed.

26                           **INSTRUCTIONS**

27       1.  ;  Mattel is instructed to serve written responses to these Interrogatories
28

7

Exhibit 5 Page **35**

EXHIBIT 6 PAGE 102

1   upon MGA's counsel at O'Melveny & Myers LLP, 400 South Hope Street, Los

2   Angeles, California 90071.

3       2.      These Interrogatories are deemed to be continuing in nature. If, after

4   responding, Mattel discovers additional information responsive to any Interrogatory,

5   or part thereof, MGA requests that Mattel provide such information to MGA within

6   thirty days after acquiring knowledge of its existence or advise MGA in writing as to

7   why such additional information cannot be provided within the specified period.

8       3.      For any information withheld based on any ground, including privilege,

9   provide a written statement setting forth: (a) the identity of all person(s) from and to

10  whom the information has been communicated; (b) the names and organization

11  position, if any, of each such person; (c) a brief description of the subject matter of the

12  information; and (d) the legal ground upon which you rely in withholding the

13  information; and (e) if work product is asserted, the proceeding for or during which

14  the information was obtained or created.

15      4.      Whenever in these Interrogatories there is a request to "IDENTIFY" a

16  COMMUNICATION, the answering party shall state the date of the

17  COMMUNICATION, the places of origin and reception of the COMMUNICATION,

18  the persons present during any portion of the COMMUNICATION if oral, the type of

19  COMMUNICATION (*i.e.* letter, facsimile, face-to-face conversation, telephone, etc.),

20  the substance of the COMMUNICATION and the DOCUMENT(S), if any, that

21  constitute, record, show or refer to the COMMUNICATION.

22      5.      Whenever in these Interrogatories there is a request to state the

23  "IDENTITY" of a PERSON, the answering party shall set forth the person's name,

24  present or last known business address, residence address and telephone numbers,

25  dates of employment, job capacity, title, status, position, rank or classification or, with

26  respect to a non-natural person, the name and address of the principal office or place

27  of business, all names under which it is doing business or ever has done business, the

28  nature of the venture (*i.e.* sole proprietorship, partnership , corporation, etc.), and the

8

Exhibit 5 Page 36

EXHIBIT 6 PAGE 103

1   identities of its officers, directors, partners or administrators.

2        6.    Whenever in these Interrogatories there is a request to state the

3   "IDENTITY" of a DOCUMENT, the answering party shall identify, by name, all

4   authors and recipients of the DOCUMENT, the date of the DOCUMENT, the person

5   or entity who currently has possession, custody and control of the DOCUMENT, and

6   describe the DOCUMENT in a manner sufficient for MGA to draft a discovery

7   demand requesting production of the DOCUMENT.

8        7.    Whenever in these Interrogatories there is a request to "IDENTIFY"

9   PROPERTY, the answering party shall describe the PROPERTY as specifically as

10   possible, state the name and current employer, if known, of the author(s), inventor(s),

11   owner(s) and any assignee(s) and licensee(s) of the PROPERTY, state any copyright

12   registration, recordation information relative to a copyright interest, trademark

13   registration and patent numbers of the PROPERTY, if any, and state the dates of

14   conception, authorship, invention and reduction to practice of the PROPERTY.

15

16                        **INTERROGATORIES**

17   **INTERROGATORY NO. 1.:**

18        State all facts, with particularity, and IDENTIFY all DOCUMENTS that

19   support YOUR contention, if YOU so contend, that YOU have suffered harm as a

20   result of any act or omission of MGA.

21   **INTERROGATORY NO. 2.:**

22        For each fact stated in response to Interrogatory No. 1, IDENTIFY all

23   PERSONS with knowledge of each fact.

24   **INTERROGATORY NO. 3.:**

25        State, with particularity, the nature, amount, cause and calculation of every item

26   of YOUR alleged damages, including, without limitation, general, actual and statutory

27   damages, restitution, disgorgement of unlawful profits, lost profits, lost payments, lost

28

9

Exhibit 5 Page 37

EXHIBIT 6 PAGE 104

1  revenues, lost monies, lost royalties or license fees, reputational harm, lost

2  relationships, lost business opportunities, interest, attorneys' fees, costs, expenses, and

3  any other form of injury or damage or quantifiable remedy that YOU seek to recover

4  in this lawsuit.

5  **INTERROGATORY NO. 4.:**

6
7      State all facts, with particularity, and IDENTIFY all DOCUMENTS that

   support YOUR contention, if YOU so contend, that YOU are entitled to exemplary
8
   damages, attorneys' fees and costs.
9
   **INTERROGATORY NO. 5.:**
10
11     State all facts, with particularity, and IDENTIFY all DOCUMENTS that YOU

12  contend prove, directly or circumstantially, that MGA copied YOUR PROPERTY,

13  including, without limitation, "Toon Teens".

14  **INTERROGATORY NO. 6.:**

15     IDENTIFY each COMMUNICATION that YOU have ever made, received, or

16  participated in that referred to, mentioned, or concerned this lawsuit.

17  **INTERROGATORY NO. 7.:**

18     IDENTIFY all PERSONS interviewed for the July 18, 2003 Wall Street Journal

19  article.

20  **INTERROGATORY NO. 8.:**

21
22      Describe, with particularity, each error contained in the July 18, 2003 Wall

   Street Journal article by explaining why and in what way each fact is incorrect.
23
24  **INTERROGATORY NO. 9.:**

25     State, with particularity, when and how MATTEL first learned of BRATZ.

26  **INTERROGATORY NO. 10.:**

27     State, with particularity, when and how MATTEL first learned that BRYANT

28  performed work for MGA.

Exhibit 5 Page **38**

EXHIBIT 6 PAGE 105

1  **INTERROGATORY NO. 11.:**

2      State, with particularity, when and how MATTEL first learned that BRYANT

3  conceived of the BRATZ CONCEPT.

4

5  Dated: February 4, 2005          DIANA M. TORRES
                                    PAULA E. AMBROSINI
6                                   ALICIA C. MEYER
                                    O'MELVENY & MEYERS LLP
7

8

9                                   Paula E. Ambrosini,
                                    Attorneys for MGA Entertainment, Inc.
10

11  LA2:746290.2

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                        11

Exhibit 5 Page 39

EXHIBIT 6  PAGE 106

## PROOF OF SERVICE

I, Suzanne I. Jimenez, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On February 4, 2005, I served the within document:

### MGA'S FIRST SET OF INTERROGATORIES TO MATTEL, INC.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    by putting a true and correct copy thereof, together with an unsigned copy of this declaration, in a sealed envelope designated by the carrier, with delivery fees paid or provided for, for delivery the same business day to the person(s) listed above. I am readily familiar with this firm's practice for collection and processing of overnight courier correspondence. In the ordinary course of business, such correspondence collected from me would be processed on the same day, with fees thereon fully prepaid.

Michael T. Zeller      **VIA HAND-DELIVERY & MAIL**
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Tel: (213) 443-3000
Fax: (213) 443-3100

Keith Jacoby      **VIA REGULAR MAIL**
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Tel: (310) 553-0308
Fax: (310) 553-5583

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on February 4, 2005, at Los Angeles, California.

*Suzanne I. Jimenez*
Suzanne I. Jimenez

Exhibit 5 Page 40

EXHIBIT 6 PAGE 107

# EXHIBIT 7

# TO DECLARATION OF

# ANDREW C. SPITSER

# EXHIBIT 7

# TO DECLARATION OF

# ANDREW C. SPITSER



1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:   (213) 687-5600
4  E-mail:   tnolan@skadden.com

5
   KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
6  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   4 Times Square
7  New York, NY  10036
   Telephone:  (212) 735-3000
8  Facsimile:   (212) 735-2000
   E-mail:   kplevan@skadden.com
9
   Attorneys for Counter-Defendants,
10 MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
   (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.
11
12              UNITED STATES DISTRICT COURT
13            CENTRAL DISTRICT OF CALIFORNIA
                    EASTERN DIVISION
14 CARTER BRYANT, an individual        )  CASE NO. CV 04-9049 SGL (RNBx)
                                       )
15              Plaintiff,             )  Consolidated with Case No. 04-9059
                                       )  and Case No. 05-2727
16        v.                           )
                                       )
17 MATTEL, INC., a Delaware            )  **MGA'S SECOND SET OF**
   corporation                         )  **INTERROGATORIES TO**
18              Defendant.             )  **MATTEL, INC.**
                                       )
19                                     )
                                       )
20                                     )  Honorable Stephen G. Larson
                                       )  Courtroom 1
21                                     )
                                       )
22
23
24
25
26
27
28
                        *12-4*
   ─────────────────────────────────────────────────────────────
   MGA'S SECOND SET OF INTERROGATORIES TO MATTEL, INC.          NO. CV 04-9049 SGL (RNBx)

                                        Exhibit 6  Page *41*

                                              EXHIBIT 7 PAGE 108



1
2
3

Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC.

4
5   **PROPOUNDING PARTY:**     MGA ENTERTAINMENT, INC.
6   **RESPONDING PARTY:**     MATTEL, INC.
7   **SET NUMBER:**     SECOND
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MGA'S SECOND SET OF INTERROGATORIES TO MATTEL, INC.          NO. CV 04-9049 SGL (RNBx)

Exhibit 6 Page **42**

EXHIBIT 7  PAGE 109

1    MGA Entertainment Inc. ("MGA"), hereby requests that Plaintiff, Mattel Inc.
2   ("Mattel") respond to the following Second Set of Interrogatories separately, fully,
3   and under oath, pursuant to Rule 33 of the Federal Rules of Civil Procedure, within
4   (30) days of service, in accordance with the definitions and instructions set forth
5   herein.

6                                    **DEFINITIONS**

7    1.    "AFFILIATES" means any and all corporations, proprietorships, d/b/a's,
8   partnerships, joint ventures and business entities of any kind that, directly or
9   indirectly, in whole or in part, own or control, are under common ownership or
10   control with, or are owned or controlled by a PERSON, party or entity, including
11   without limitation each parent, subsidiary and joint venture of such person, party or
12   entity.

13    2.    "ALLEGED COPYRIGHTED WORKS" means the copyrighted works
14   alleged in paragraph 83 of MATTEL'S Second Amended Answer in Case No. 05-
15   2727 and Counterclaim in THIS ACTION.

16    3.    "ALLEGED TRADE SECRETS" means the trade secret material
17   alleged in paragraphs 107 thru 111 of MATTEL'S Second Amended Answer in Case
18   No. 05-2727 and Counterclaim in THIS ACTION.

19    4.    "BARBIE" means and refers to each image, character, logo, doll, toy,
20   styling head, plush toy, play set, accessory, product, packaging or any other thing
21   that is or has ever been manufactured, marketed or sold by YOU, or others under
22   licensed by YOU, as part of a line of goods or merchandise commonly known as, or
23   sold and marketed under the name "Barbie."

24    5.    "BRYANT" means Carter Bryant individually and does not include his
25   agents, representatives, attorneys, experts or any other PERSON acting on his behalf,
26   pursuant to his authority or subject to his control.

27    6.    "BRATZ" means and refers to each image, character, logo, doll, fashion
28   doll, plush toy, styling head, toy, accessory, product, packaging, theme, or other

2

Exhibit 6 Page **43**

EXHIBIT 7 PAGE 110

1 | thing or matter that is or has ever been manufactured, marketed or sold by MGA, or

2 | others under license, as part of a line of goods or merchandise commonly known as,

3 | or sold and marketed under the "Bratz" trademark or trade dress.

4 |      7.    "COLLECT," "COLLECTED" or "COLLECTION" with reference to

5 | DOCUMENTS means to collect, review, produce, request, seek, look for, search for,

6 | analyze or in any other way collect or review or attempt to collect or review such

7 | DOCUMENTS in connection with YOUR search for, review of and/or production of

8 | DOCUMENTS in this ACTION."

9 |      8.    The term "CONFLICT OF INTEREST QUESTIONNAIRE" refers to

10 | Mattel's form of employment agreement concerning, inter alia, relations, if any,

11 | between Mattel's employees, suppliers, and/or competition, whether known by the

12 | title "Conflict of Interest Questionnaire" or any other title, including without

13 | limitation the form of Conflict of Interest Questionnaire entitled "Conflict of Interest

14 | Questionnaire" executed by Carter Bryant on or about January 4, 1999.

15 |      9.    "CONTESTED MATTEL PRODUCTS" means:

16 |      (a) each female fashion doll and its packaging that is or has ever been

17 | manufactured, marketed or sold by MATTEL, or others under license by MATTEL,

18 | as part of a line of goods or merchandise commonly known as, or sold and marketed

19 | under the "My Scene" trademark or trade dress;

20 |      (b) each image, character, logo, fashion doll, doll, toy, accessory, product,

21 | packaging or other thing or matter that is or has ever been manufactured, marketed or

22 | sold by MATTEL, or others under license by MATTEL, as part of a line of goods or

23 | merchandise commonly known as, or sold and marketed under the "My Scene"

24 | "Chillin' Out!" trademark or trade dress, the "My Scene" "Night on the Town"

25 | trademark or trade dress, the "My Scene" "My Bling Bling" trademark or trade

26 | dress, and/or the "My Scene" "Jammin' in Jamaica" trademark or trade dress;

27 |      (c) each plush toy and its packaging that is or has ever been manufactured,

28 | marketed or sold by MATTEL, or others under license by MATTEL, as part of a line

Exhibit 6 Page **44**

EXHIBIT 7 PAGE 111

1  of goods or merchandise commonly known as, or sold and marketed under the "My

2  Scene" trademark or trade dress;

3       (d)  each styling head that is or has ever been manufactured, marketed or sold

4  by MATTEL, or others under license by MATTEL, as part of a line of goods or

5  merchandise commonly known as, or sold and marketed under the "My Scene"

6  trademark or trade dress;

7       (e) the "My Scene Sound Lounge" play set and packaging;

8       (f) each image, character, logo, doll, toy, accessory, product, packaging or any

9  other thing that is or has ever been manufactured, marketed or sold by MATTEL, or

10  others under license by MATTEL, as part of a line of goods or merchandise

11  commonly known as, or sold and marketed under the name "Little Mommy";

12       (g) each image, character, logo, doll, toy, accessory, product, packaging or any

13  other thing that is or has ever been manufactured, marketed or sold by YOU, or

14  others under licensed by YOU, as part of a line of goods or merchandise commonly

15  known as, or sold and marketed under the name "Wee 3 Friends"; and

16       (h) each image, character, logo, toy, accessory, product, packaging or any

17  other thing that is or has ever been manufactured, marketed or sold by MATTEL, or

18  others under license by MATTEL, as part of a line of goods or merchandise

19  commonly known as, or sold and marketed under the name "AcceleRacerS."

20       10.   "COUNTERCLAIMS" means Mattel, Inc.'s Second Amended Answer

21  and Counterclaims for: 1. Copyright Infringement; 2. Violation of the Racketeer

22  Influenced and Corrupt Organizations Act; 3. Conspiracy to Violate the Racketeer

23  Influenced and Corrupt Organizations Act; 4. Misappropriation of Trade Secrets; 5.

24  Breach of Contract; 6. Intentional Interference with Contract; 7. Breach of Fiduciary

25  Duty; 8. Aiding and Abetting Breach of Fiduciary Duty; 9. Breach of Duty of

26  Loyalty; 10. Aiding and Abetting Breach of Duty of Loyalty; 11. Conversion; 12.

27  Unfair Competition; and 13. Declaratory Relief filed July 12, 2007, in MGA v.

28  Mattel, Inc., CV 05-02727, including any amendment or supplement thereto.

4

Exhibit 6 Page 45

EXHIBIT 7 PAGE 112

1       11.   "DESCRIBE THE SALES AND PROFITS" means to state fully and
2   separately for each MATTEL PRODUCT by year (a) the number of units of each
3   such MATTEL PRODUCT sold by YOU or YOUR licensees, (b) the gross and net
4   revenue received by YOU from such sales of each such MATTEL PRODUCT, (c)
5   all costs YOU have incurred in connection with each such MATTEL PRODUCT,
6   including but not limited to YOUR cost of goods sold, and (d) YOUR gross and net
7   profits from each such MATTEL PRODUCT.

8       12.   "DESIGN" or "DESIGNS" means any and all representations, whether
9   two-dimensional or three dimensional, and whether in tangible, digital, electronic or
10  other form, including but not limited to all works, designs, artwork, sketches,
11  drawings, illustrations, representations, depictions, blue prints, schematics, diagrams,
12  images, sculptures, prototypes, models, samples, rotocasts, reductions to practice,
13  development, inventions, or improvements, as well as all other items, things and
14  DOCUMENTS in which any of the foregoing are or have been expressed, embodied,
15  contained, fixed or reflected in any manner, which in whole or in part.

16      13.   "DIGITAL INFORMATION" means any information created or stored
17  digitally, including but not limited to electronically, magnetically, or optically.

18      14.   "DOCUMENT[S]" incorporates the full meaning of Federal Rule of
19  Civil Procedure 34, and shall be construed in the broadest sense to mean any and all
20  DIGITAL INFORMATION, STORAGE DEVICE, writings, tangible things and
21  property, of any kind, that are now or that have been in YOUR actual or constructive
22  possession, custody or control, including, but not limited to, any handwritten,
23  typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded,
24  transcribed, graphic or photographic matter of any kind or nature, in, through, or
25  from which information may be embodied, translated, conveyed or stored, whether
26  an original, a draft or copy, however produced or reproduced, whether sent or
27  received or neither, including, but not limited to, notes, memoranda, correspondence,·
28  letters, facsimiles and facsimile transmittals, reports, inter- and intra-office

1  COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs,
2  indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills,
3  bills of lading, bids, time cards, receipts, purchase orders, telephone records,
4  telegrams, telexes, literature, invoices, contracts, purchase orders, estimates,
5  recordings, transcriptions of recordings, records, books, pamphlets, periodicals,
6  publications, papers, tapes, DVDs, video CDs, video, audio and digital recordings,
7  television commercials, story boards, website or other spot advertisements, movies,
8  movie trailers, prototypes, products, diaries, calendars, charts, drawings, sketches,
9  messages, photographs and data contained in or accessible through any electronic
10  data processing system, including, but not limited to, computer databases, data sheets,
11  data processing cards, computer files and tapes, computer disks, CD-ROMs,
12  computer metadata, microfilm, microfiche, electronic mail, website and web pages
13  and transcriptions thereof and all other memorializations of any conversations,
14  meetings and conference, by telephone or otherwise.  The term DOCUMENT also
15  means every copy of a DOCUMENT, where such copy is not an identical duplicate
16  of the original, whether because of deletions, underlinings, showing of blind copies,
17  initialing, signatures, receipt stamps, comments, notations, differences in stationery
18  or any other difference or modification of any kind.·

19      15.    The term "EMPLOYEE INVENTIONS AGREEMENT" refers to
20  Mattel's form of employment agreement concerning, inter alia, (i) ownership of
21  inventions, and (ii)(a) trade secrets and/or (iii) conflicts, whether known by the title
22  "Employee Confidential Information and Inventions Agreement" or any other title,
23  including without limitation the form of Employee Inventions Agreement entitled
24  "Employee Confidential Information and Inventions Agreement" executed by Carter
25  Bryant on or about January 4, 1999.

26      16.    "IDENTIFY," "IDENTITY," or "IDENTIFYING" mean the following:
27          •      With reference to an *individual*, means to state fully and
28  separately for each, such individual's full name, any known business title, current or

1   last known business affiliation, current or last known residential address, current or

2   last known business address, current or last known relationship with MATTEL, and

3   current or last known phone number(s).

4        • With reference to an *entity*, means to state, fully and separately

5   for each, such entity's full name, state (or country) of incorporation or organization,

6   present or last known address, and present or last known telephone number(s).

7        • With reference to any *DOCUMENT*, means to describe each

8   DOCUMENT by Bates number. If the DOCUMENT does not have a Bates number,

9   IDENTIFY means to provide a complete description of the DOCUMENT such that it

10  may be the subject of a request for production of documents, including by stating the

11  date, identity of the author, addresses(s), recipient(s), signatories, parties, or other

12  PERSONS identified in the DOCUMENT, its present location or custodian and a

13  description of its contents.

14       • With reference to any MATTEL or MGA product, means to state

15  fully and separately for each, the full name of the product; the number of the product;

16  the SKU of the product; any other applicable designation of the product; the period

17  of time in which the product has been sold; and IDENTIFY each PERSON who has

18  licensed such product.

19       17.  "MATTEL," "YOU," or "YOUR" means the party Mattel, Inc. and any

20  of its past or present officers, directors, employees, parents, subsidiaries, divisions,

21  affiliates, predecessors-in-interest, and joint venture partners.

22       18.  "MATTEL EMPLOYEE" means any of MATTEL's current or former

23  employees.

24       19.  "MATTEL'S INITIAL DISCLOSURES" means Mattel, Inc.'s

25  Consolidated (1) Initial Disclosures Relating to MGA's Unfair Competition Claims,

26  and (2) Second Supplemental Initial Disclosures Relating to Mattel's Claims Against

27  Bryant and MGA, dated January 5, 2007 and any supplemental or amendment

28  thereto.

7

Exhibit 6 Page **48**

EXHIBIT 7 PAGE 115

1     20.    "MATTEL PRODUCTS," includes all products sold or offered by sale

2  by MATTEL under or using the name "Barbie," including without limitation, all

3  CONTESTED MATTEL PRODUCTS, all MY SCENE DOLLS, and any doll sold

4  or offered for sale under the name "Diva Starz."

5     21.    "MY SCENE" means and refers to each image, character, logo, doll,

6  fashion doll, toy, styling head, plush toy, play set, accessory, product, packaging or

7  any other thing that is or has ever been manufactured, marketed or sold by YOU, or

8  others under licensed by YOU, as part of a line of goods or merchandise commonly

9  known as, or sold and marketed under the name "My Scene."

10    22.    "MY SCENE DOLL" means any fashion doll that is or has ever been

11  distributed, marketed, sold or offered for sale under the name "My Scene" or as part

12  of the "My Scene" line, including separate themes.

13    23.    "PERSON" or "PERSONS" means all natural persons, partnerships,

14  joint ventures and any kind of business, legal or public entity or organization, as well

15  as its, its or her agents, representatives, employees, officers and directors and any

16  one else acting on its, its or her behalf, pursuant to its, its or her authority or subject

17  or its, its or her control.

18    24.    "REFERRING OR RELATING TO" means constituting, embodying,

19  containing, referring to, commenting on, evidencing, regarding, discussing,

20  describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting,

21  contradicting, negating, revoking or otherwise relating to in any manner.

22    25.    "STATE THE COMPLETE FACTUAL BASIS FOR YOUR

23  CONTENTION" means to (i) describe in detail the complete factual for the

24  identified contention; (ii) IDENTIFY all DOCUMENTS that REFER OR RELATE

25  TO that contention; and (iii) IDENTIFY all witnesses who may have information

26  that REFERS OR RELATES TO the contention.

27    26.    "STORAGE DEVICE" means any computer hard drive, memory, USB

28  device, tape, storage array or any other device or medium that allows a user, whether

Exhibit 6 Page **49**

EXHIBIT 7 PAGE 116

1 | permanently, temporarily or otherwise, to create, generate, transmit, copy, retain,
2 | store, or maintain DIGITAL INFORMATION.

3 |     27.   "SOURCE OF INFORMATION" means any PERSON or medium
4 | containing DOCUMENTS, DIGITAL INFORMATION, or other information,
5 | whether in paper, electronic or other form, including, but not limited to any
6 | STORAGE DEVICE, file, file cabinet, or any other source of information or
7 | DOCUMENTS.

8 |     28.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-9059
9 | SGL (RNBx), filed on April 27, 2004 and all cases consolidated or coordinated
10 | therewith.

11 |     29.   The singular form of a noun or pronoun includes within its meaning the
12 | plural form of the noun or pronoun so used, and vice versa; the use of the masculine
13 | form of a pronoun also includes within its meaning the feminine form of the pronoun
14 | so used, and vice versa; the use of any tense of any verb includes also within its
15 | meaning all other tenses of the verb so used, whenever such construction results in a
16 | broader request for information; and "and" includes "or" and vice versa, whenever
17 | such construction results in a broader disclosure of documents or information.

18 |
19 | **INSTRUCTIONS**

20 |     1.   Mattel is instructed to serve written responses to these Interrogatories on
21 | MGA's counsel at Skadden, Arps, Slate, Meagher & Flom, LLP, 300 South Grand
22 | Avenue, Los Angeles, California 90071.

23 |     2.   Pursuant to Federal Rule of Civil Procedure 33, Mattel shall provide its
24 | answers under oath within 30 days of service.

25 |     3.   If, in responding to these Interrogatories, Mattel asserts an ambiguity in
26 | either a particular Interrogatory or an Instruction of Definition applicable thereto,
27 | Mattel shall identify in the response to such Interrogatory the language it contends is
28 | ambiguous and state the interpretation used in responding.

9

Exhibit 6 Page *50*

EXHIBIT 7 PAGE 117

1      4.    These Interrogatories impose a continuing obligation subsequent to your

2 initial production to the full extent provided for in Rule 26(e) of the Federal Rules of

3 Civil Procedure.

4      5.    If, in responding to these Interrogatories, any information is not being

5 provided based on an objection or otherwise, IDENTIFY the information not be

6 provided and explain the complete basis supporting YOUR refusal and/or failure to

7 provide that information.

8      6.    Unless otherwise noted, these Interrogatories seek information from

9 January 1, 1995, to the present.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

Exhibit 6 Page *51*

EXHIBIT 7  PAGE 118

1

2                              **INTERROGATORIES**

3   INTERROGATORY NO. 12:

4         IDENTIFY each version of the EMPLOYEE INVENTIONS AGREEMENT

5   adopted and/or used by or on behalf of MATTEL, including, without limitation,

6   (a) the IDENTITY of all persons who participated in or were consulted concerning

7   the creation, drafting, adoption, and/or use of the EMPLOYEE INVENTIONS

8   AGREEMENT; (b) the date(s) and/or range(s) of dates MATTEL'S used each

9   version of the EMPLOYEE INVENTIONS AGREEMENT; and (c) the reason(s) for

10  the changes between each version.

11

12  INTERROGATORY NO. 13:

13        Describe in detail each instance in which any provision of an EMPLOYEE

14  INVENTIONS AGREEMENT was breached or alleged to be breached by an

15  employee, independent contractor, or any other person with whom MATTEL had

16  entered into an EMPLOYEE INVENTIONS AGREEMENT, including without

17  limitation: (a) a complete description of the conduct comprising said breach; and (b)

18  a complete description of all steps taken by MATTEL in response to said breach or

19  alleged breach (*including, for example, conducting an investigation or arranging*

20  *that an investigation be conducted on MATTEL'S behalf; issuing a warning, whether*

21  *written or oral; issuing any other notification, whether written or oral; initiating*

22  *civil litigation, including the name, case number and court of any such litigation;*

23  *initiating any other legal proceeding, including but not limited to criminal*

24  *proceedings, including the name, case number and court of any such proceeding;*

25  *making an exception, whether written, oral, express, or implied; making a*

26  *determination that no breach occurred, whether or not such determination was*

27  *documented; or no action*).

28

                                    11

Exhibit 6 Page **52**

EXHIBIT 7 PAGE 119

1 | INTERROGATORY NO. 14:

2 |    IDENTIFY each version of the CONFLICT OF INTEREST

3 | QUESTIONNAIRE adopted and/or used by or on behalf of MATTEL, including,

4 | without limitation, (a) the identity of all persons who participated in or were

5 | consulted concerning the creation, drafting, adoption, and/or use of the CONFLICT

6 | OF INTEREST QUESTIONNAIRE; (b) the date(s) and/or range(s) of dates

7 | MATTEL'S used each version of the CONFLICT OF INTEREST

8 | QUESTIONNAIRE; and (c) the reason(s) for the changes between each version.

9 |

10 | INTERROGATORY NO. 15:

11 |    Describe in detail each instance in which any provision of a CONFLICT OF

12 | INTEREST QUESTIONNAIRE was breached or alleged to be breached by an

13 | employee, independent contractor, or any other person with whom MATTEL had

14 | entered into a CONFLICT OF INTEREST QUESTIONNAIRE, including without

15 | limitation: (a) a description of the conduct comprising said breach; and (b) a

16 | description of all steps taken by MATTEL in response to said breach or alleged

17 | breach (*including, for example, conducting an investigation or arranging that an*

18 | *investigation be conducted on MATTEL'S behalf; issuing a warning, whether written*

19 | *or oral; issuing any other notification, whether written or oral; initiating civil*

20 | *litigation, including the name, case number and court of any such litigation;*

21 | *initiating any other legal proceeding, including but not limited to criminal*

22 | *proceedings, including the name, case number and court of any such proceeding;*

23 | *making an exception, whether written, oral, express, or implied; making a*

24 | *determination that no breach occurred, whether or not such determination was*

25 | *documented; or no action).*

26 |

27 |

28 |

12

Exhibit 6 Page **53**

EXHIBIT 7 PAGE 120

1 INTERROGATORY NO. 16:

2      STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION

3 that MATTEL has a viable affirmative claim for relief against MGA even if the

4 evidence establishes both of the following: (i) in August and/or September, 1998,

5 Carter Bryant conceived of the line of fashion dolls that he named Bratz, and (ii) the

6 design for the BRATZ dolls sold by MGA in 2001 was reduced to practice after

7 October 20, 2000.

8

9 INTERROGATORY NO. 17:

10      STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION

11 that MATTEL employees in the Design Center who personally knew Carter Bryant

12 did not know and/or believe, immediately following the launch of MGA's Bratz

13 dolls in 2001, that Carter Bryant was the creator of the concept for the BRATZ line

14 of dolls.

15

16 INTERROGATORY NO. 18:

17      STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION

18 that any of the fashions and/or accessories for the BRATZ line of dolls sold by MGA

19 violate or infringe any of MATTEL'S intellectual property and/or proprietary rights.

20

21 INTERROGATORY NO. 19:

22      IDENTIFY with specificity each element of each ALLEGED

23 COPYRIGHTED WORK that MATTEL contends is an original element protectable

24 under the United States Copyright Laws.

25

26

27

28

13

Exhibit 6 Page 54

EXHIBIT 7 PAGE 121

1 INTERROGATORY NO. 20:

2      IDENTIFY with specificity each ALLEGED TRADE SECRET, including the

3 IDENTITY of each DOCUMENT that embodies or REFERS OR RELATES to each

4 ALLEGED TRADE SECRET.

5

6 INTERROGATORY NO. 21:

7      IDENTIFY each PERSON who has had access to each ALLEGED TRADE

8 SECRET, including (a) the ALLEGED TRADE SECRET each PERSON had access

9 to; and (b) the date or dates each PERSON had this access.

10

11 INTERROGATORY NO. 22:

12      STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION

13 that MGA misappropriated any ALLEGED TRADE SECRET.

14

15 INTERROGATORY NO. 23:

16      STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION

17 that the ALLEGED TRADE SECRETS are protectable.

18

19 INTERROGATORY NO. 24:

20      DESCRIBE THE SALES AND PROFITS for each MATTEL PRODUCT that

21 has been sold or offered for sale by YOU or YOUR licensees. (The time period

22 applicable to this interrogatory is from January 1, 1990 to the present).

23

24 INTERROGATORY NO. 25:

25      IDENTIFY, fully and separately, each and every PERSON who was involved

26 in the development or marketing of the CONTESTED MATTEL PRODUCTS by

27 stating each PERSON'S name, role, and start/end date. (As used in this

28 Interrogatory, the phrase "development or marketing" means the entire process of

14

Exhibit 6 Page 55

EXHIBIT 7 PAGE 122

1  creating and selling a new product or design, including without limitation, the

2  marketing, advertising, promotion, licensing, offering for sale, conception, origin,

3  creation, design, development, sculpting, engineering, reduction to practice, tooling

4  or painting of a product or embodiment of a product).

5

6  INTERROGATORY NO. 26:

7       Describe in detail all instances in which a PERSON expressed confusion as to

8  source or sponsorship between any MATTEL products, packaging or advertising

9  (including, but not limited to, the CONTESTED MATTEL PRODUCTS) and any

10  MGA products, packaging or advertising (including, but not limited to, "BRATZ"),

11  by: (i) stating the facts and circumstances of each instance; (ii) IDENTIFYING all

12  DOCUMENTS that REFER OR RELATE TO each instance; and (iii)

13  IDENTIFYING all witnesses who may have information that REFER OR RELATE

14  TO each instance.

15

16  INTERROGATORY NO. 27:

17       For each PERSON listed in MATTEL'S INITIAL DISCLOSURES,

18  IDENTIFY each PERSON and describe in detail each PERSON's alleged

19  knowledge of the subjects or information identified in MATTEL'S INITIAL

20  DISCLOSURES.

21

22  INTERROGATORY NO. 28:

23       Describe in detail the complete factual basis for YOUR COUNTERCLAIMS,

24  including, without limitation all facts, DOCUMENTS, and witnesses that REFER

25  OR RELATE TO YOUR COUNTERCLAIMS.

26

27

28

15

Exhibit 6 Page 56

EXHIBIT 7 PAGE 123

1 INTERROGATORY NO. 29:

2      Describe in detail any estimate or calculation of damage, loss, injury, or unjust

3 enrichment, by reason of any act or omission alleged in YOUR COUNTERCLAIMS,

4 that YOU have made or that has been made on YOUR behalf or at YOUR request,

5 including all facts, DOCUMENTS or witnesses RELATING TO each estimate or

6 calculation.

7

8 INTERROGATORY 30:

9      IDENTIFY each and every SOURCE OF INFORMATION from which YOU

10 have COLLECTED DOCUMENTS that REFER OR RELATE TO BRATZ.

11

12 INTERROGATORY 31:

13      STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION

14 that any BRATZ doll is substantially similar to, a copy or a derivative of BRATZ

15 DESIGNS created by Carter Bryant on or before October 19, 2000.

16

17

18 DATED:  December 4, 2007

                        SKADDEN, ARPS, SLATE, MEAGHER &

19                        FLOM, LLP

20                        By:

21                           Robert J. Herrington
                        Attorneys for Counter-Defendants, MGA

22                        ENTERTAINMENT, INC., ISAAC LARIAN,
                        MGA ENTERTAINMENT (HK) LIMITED,

23                        AND MGAE de MEXICO S.R.L. de C.V.

24

25

26

27

28

16

Exhibit 6 Page 57

EXHIBIT 7  PAGE 124

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On December 4, 2007, I served the foregoing document described as:

### MGA'S SECOND SET OF INTERROGATORIES TO MATTEL, INC.

on the interested parties in this action addressed as follows:

### SEE ATTACHED SERVICE LIST

| | | | |
|---|---|---|---|
| ☒ | (BY PERSONAL SERVICE) | ☐ | By personally delivering copies to the person served. (FEDERAL) |
| | | ☒ | I caused such document to be hand delivered to the office of the addressee. (FEDERAL) [As Noted.] |

☒  **(BY MAIL)** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. [As Noted.]

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on December 4, 2007 at Los Angeles, California.

Allison G. Velkes
PRINT NAME

SIGNATURE

1

Exhibit 6 Page *58*

EXHIBIT 7  PAGE 125

## SERVICE LIST

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
(213) 443-3100 (Fax)

Attorneys for Mattel, Inc.
[Personal Service]

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400
(415) 397-7188 (Fax)

Attorneys for Carter Bryant
[Mail]

Mark E. Overland, Esq.
Alexander H. Cote, Esq.
David C. Scheper, Esq.
Overland Borenstein Scheper & Kim
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071
(213) 613-4655
(213) 613-4656 (Fax)

Attorneys for Carlos Gustavo Machado
Gomez
[Mail]

2

Exhibit 6 Page *59*

EXHIBIT 7 PAGE 126

# EXHIBIT 8

# TO DECLARATION OF

# ANDREW C. SPITSER

# EXHIBIT 8

# TO DECLARATION OF

# ANDREW C. SPITSER

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
    Telephone:   (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Plaintiff and Cross-
    Defendant
9   MATTEL, Inc.

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12                           EASTERN DIVISION

13   CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

14              Plaintiff,                   Consolidated with:
                                             Case No. CV 04-09059
15        vs.                                Case No. CV 05-02727

16   MATTEL, INC., a Delaware               MATTEL, INC.'S OBJECTIONS AND
     corporation,                           RESPONSES TO MGA
17                                          ENTERTAINMENT, INC.'S SECOND
                Defendant.                   SET OF INTERROGATORIES
18
                                            Hon. Stephen G. Larson
19   CONSOLIDATED WITH

20   MATTEL, INC. v. BRYANT, and

21   MGA ENTERTAINMENT, INC. v.
     MATTEL, INC.,
22
                Cross-Defendant.
23

24

25   PROPOUNDING PARTY:  MGA ENTERTAINMENT, INC.

26   RESPONDING PARTY:    MATTEL, INC.

27   SET NO.:             TWO (2)

28   NOS.:                12 - 31

07975/2338502.1                                    13
                                    1-3        Exhibit 13  Page  198
                   MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

EXHIBIT 8 PAGE 127

1                   **Preliminary Statement**

2        Mattel, Inc. ("Mattel") has not yet completed its investigation of the

3 facts relating to this action, has not yet reviewed all documents relating to this

4 action, has not yet interviewed all witnesses in this action, and has not completed

5 discovery from defendants Carter Bryant ("Bryant") or MGA Entertainment, Inc.

6 ("MGA") or any third parties with regard to this action. Consequently, Mattel

7 reserves the right to amend and/or supplement these responses if and when

8 additional facts or documents are discovered. Additionally, because Mattel's

9 responses are based on facts and documents that Mattel has identified to date, they

10 do not preclude Mattel from later relying on facts or documents discovered or

11 generated pursuant to subsequent investigation or discovery. Mattel's response to

12 any of Defendant's Second Set of Interrogatories (the "Interrogatories") is not to be

13 construed as a waiver of any of its objections or its right to object to any other

14 discovery request.

15

16                   **General Objections**

17        Mattel generally objects to each of the Interrogatories on each and

18 every one of the following grounds, which are incorporated into and made a part of

19 Mattel's response to each and every individual Interrogatory:

20         1.     Mattel objects to the Interrogatories on the grounds that they

21 seek to impose obligations upon Mattel beyond those imposed by the Federal Rules

22 of Civil Procedure.

23         2.     Mattel objects to the Interrogatories on the grounds that they call

24 for the disclosure of information subject to the attorney-client privilege, the attorney

25 work-product doctrine, or any other applicable privilege, including the privilege

26 against disclosure of the identities and work product of consulting experts. Such

27 information and documents will not be produced.

28

1        3.    Mattel objects to the Interrogatories on the grounds that they call
2   for production or disclosure of confidential, proprietary and/or private information.
3   Such information and documents will not be disclosed or produced except pursuant
4   to and in reliance upon the operative protective order.

5        4.    Mattel objects to the Interrogatories on the grounds that they
6   seek the disclosure of information or documents that are in the possession, custody
7   and control of independent parties over whom Mattel has no control, and seek the
8   disclosure of information or documents that are in the possession, custody and
9   control of defendant MGA or are publicly available and hence equally available to
10  all parties to this litigation.

11       5.    Mattel objects to the Interrogatories on the grounds that they call
12  for information that is neither relevant to the claims or defenses in the pending
13  action nor reasonably calculated to lead to the discovery of admissible evidence.

14       6.    Mattel objects to the Interrogatories on the grounds that they are
15  unduly burdensome and oppressive.

16       7.    Mattel further objects to the Interrogatories on the grounds that
17  they purport to circumvent the expert disclosure provisions of the Federal and Local
18  Rules. Such disclosures will be made in accordance with the requirements of, and at
19  the times specified by, the Court's Orders and the Rules.

20       8.    Mattel objects to the Interrogatories on the grounds that they
21  seek the disclosure of information or documents in violation of the terms of
22  agreements or protective orders entered into with third parties, or in violation of the
23  privacy, contractual, or other rights of third parties.

24       9.    Mattel objects to the Interrogatories on the grounds that the
25  definitions of "Mattel," "Bratz," "Contested Mattel Products" and "MY SCENE" are
26  overbroad, vague and ambiguous and unduly burdensome.

27       10.    Mattel objects to the Interrogatories on the grounds that the
28  defendants have exceeded the limit on the number of interrogatories they may

1   properly serve on Mattel without leave of the Court, which defendants have neither

2   sought nor obtained.

3

4                    **Specific and General Responses**

5          Each of the following objections and responses to the Interrogatories is

6   expressly made subject to the above Preliminary Statement and General Objections,

7   all of which are incorporated in each of the following objections and responses to

8   specific Interrogatories.

9

10

11              **RESPONSES TO INTERROGATORIES**

12  **INTERROGATORY NO. 12:**

13         IDENTIFY each version of the EMPLOYEE INVENTIONS

14  AGREEMENT adopted and/or used by or on behalf of MATTEL, including,

15  without limitation, (a) the IDENTITY of all persons who participated in or were

16  consulted concerning the creation, drafting, adoption, and/or use of the EMPLOYEE

17  INVENTIONS AGREEMENT; (b) the date(s) and/or range(s) of dates MATTEL'S

18  used each version of the EMPLOYEE INVENTIONS AGREEMENT; and (c) the

19  reason(s) for the changes between each version.

20

21  **RESPONSE TO INTERROGATORY NO. 12:**

22         In addition to the general objections stated above, Mattel specifically

23  objects to this Interrogatory on the grounds that defendants' Second Set of

24  Interrogatories purports to require Mattel to answer interrogatories that are in excess

25  of the number of interrogatories allowed defendants, including pursuant to the

26  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

27  defendants have neither sought nor obtained leave of the Court to serve such excess

28  number of interrogatories, they are improper.  Mattel further objects to this

1  Interrogatory on the grounds that it seeks information that is not relevant nor likely

2  to lead to the discovery of admissible evidence.  Mattel further objects to this

3  Interrogatory as unreasonably burdensome, overbroad and compound, including

4  without limitation in that it seeks information about provisions of agreements that

5  have no bearing on this action and regardless of whether any such agreements are at

6  issue in this case.  Mattel further objects to this Interrogatory on the grounds that it

7  calls for the disclosure of information subject to the attorney-client privilege, the

8  attorney work-product doctrine and other applicable privileges.  Mattel further

9  objects to this Interrogatory as vague and ambiguous, including without limitation in

10  its use of the terms "participated in" and "use" in this context.  Mattel further objects

11  to this Interrogatory on the grounds that it calls for the disclosure of confidential

12  and/or proprietary information, which Mattel will disclose only subject to and in

13  reliance upon the operative protective order.

14

15  **INTERROGATORY NO. 13:**

16       Describe in detail each instance in which any provision of an

17  EMPLOYEE INVENTIONS AGREEMENT was breached or alleged to be

18  breached by an employee, independent contractor, or any other person with whom

19  MATTEL had entered into an EMPLOYEE INVENTIONS AGREEMENT,

20  including without limitation:  (a) a complete description of the conduct comprising

21  said breach; and (b) a complete description of all steps taken by MATTEL in

22  response to said breach or alleged breach *(including, for example, conducting an*

23  *investigation or arranging that an investigation be conducted on MATTEL'S behalf,*

24  *issuing a warning, whether written or oral; issuing any other notification, whether*

25  *written or oral; initiating civil litigation, including the name, case number and court*

26  *of any such litigation; initiating any other legal proceeding, including but not*

27  *limited to criminal proceedings, including the name, case number and court of any*

28  *such proceeding; making an exception, whether written, oral, express, or implied;*

Case 2:04-cv-09049-DOC-RNB   Document 6023-5   Filed 07/24/09   Page 141 of 159   Page ID
#:198093
Case 2:04-cv-09049-SGL-RNB     Document 5795-5     Filed 06/29/2009     Page 29 of 76

1 *making a determination that no breach occurred, whether or not such determination*

2 *was documented; or no action).*

3

4 **RESPONSE TO INTERROGATORY NO. 13:**

5             In addition to the general objections stated above, Mattel specifically

6 objects to this Interrogatory on the grounds that defendants' Second Set of

7 Interrogatories purports to require Mattel to answer interrogatories that are in excess

8 of the number of interrogatories allowed defendants, including pursuant to the

9 Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

10 defendants have neither sought nor obtained leave of the Court to serve such excess

11 number of interrogatories, they are improper.  Mattel further objects to this

12 Interrogatory on the grounds that it seeks information that is not relevant nor likely

13 to lead to the discovery of admissible evidence.  Mattel further objects to this

14 Interrogatory as unreasonably burdensome, overbroad and compound, including

15 without limitation in that it seeks information about agreements and provisions of

16 agreements that are not at issue in this case and about employees, independent

17 contractors and other persons who have no bearing on this action.  Mattel further

18 objects to this Interrogatory on the grounds that it calls for the disclosure of

19 information subject to the attorney-client privilege, the attorney work-product

20 doctrine and other applicable privileges.  Mattel further objects to this Interrogatory

21 on the grounds that it calls for the disclosure of confidential and/or proprietary

22 information, which Mattel will disclose only subject to and in reliance upon the

23 operative protective order.

24

25 **INTERROGATORY NO. 14:**

26             IDENTIFY each version of the CONFLICT OF INTEREST

27 QUESTIONNAIRE adopted and/or used by or on behalf of MATTEL, including,

28 without limitation, (a) the identity of all persons who participated in or were

Case 2:04-cv-09049-DOC-RNB   Document 6023-5   Filed 07/24/09   Page 142 of 159   Page ID
#:198094
Case 2:04-cv-09049-SGL-RNB   Document 5795-5   Filed 06/29/2009   Page 30 of 76

1  consulted concerning the creation, drafting, adoption, and/or use of the CONFLICT

2  OF INTEREST QUESTIONNAIRE; (b) the date(s) and/or range(s) of dates

3  MATTEL'S used each version of the CONFLICT OF INTEREST

4  QUESTIONNAIRE; and (c) the reason(s) for the changes between each version.

5

6  **RESPONSE TO INTERROGATORY NO. 14:**

7             In addition to the general objections stated above, Mattel specifically

8  objects to this Interrogatory on the grounds that defendants' Second Set of

9  Interrogatories purports to require Mattel to answer interrogatories that are in excess

10  of the number of interrogatories allowed defendants, including pursuant to the

11  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

12  defendants have neither sought nor obtained leave of the Court to serve such excess

13  number of interrogatories, they are improper. Mattel further objects to this

14  Interrogatory on the grounds that it seeks information that is not relevant nor likely

15  to lead to the discovery of admissible evidence. Mattel further objects to this

16  Interrogatory as unreasonably burdensome, overbroad and compound, including

17  without limitation in that it seeks information about provisions of conflict of interest

18  questionnaires that have no bearing on this action and regardless of whether any

19  such questionnaires are at issue in this case. Mattel further objects to this

20  Interrogatory on the grounds that it calls for the disclosure of information subject to

21  the attorney-client privilege, the attorney work-product doctrine and other applicable

22  privileges. Mattel further objects to this Interrogatory as vague and ambiguous,

23  including without limitation in its use of the terms "participated in" and "use" in this

24  context. Mattel further objects to this Interrogatory on the grounds that it calls for

25  the disclosure of confidential and/or proprietary information, which Mattel will

26  disclose only subject to and in reliance upon the operative protective order.

27

28

Case 2:04-cv-09049-DOC-RNB   Document 6023-5   Filed 07/24/09   Page 143 of 159   Page ID
#:198095
Case 2:04-cv-09049-SGL-RNB   Document 5795-5   Filed 06/29/2009   Page 31 of 76

1  **INTERROGATORY NO. 15:**

2  Describe in detail each instance in which any provision of a
3  CONFLICT OF INTEREST QUESTIONNAIRE was breached or alleged to be
4  breached by an employee, independent contractor, or any other person with whom
5  MATTEL had entered into a CONFLICT OF INTEREST QUESTIONNAIRE,
6  including without limitation: (a) a description of the conduct comprising said
7  breach; and (b) a description of all steps taken by MATTEL in response to said
8  breach or alleged breach *(including, for example, conducting an investigation or*
9  *arranging that an investigation be conducted on MATTEL'S behalf, issuing a*
10  *warning, whether written or oral; issuing any other notification, whether written or*
11  *oral; initiating civil litigation, including the name, case number and court of any*
12  *such litigation; initiating any other legal proceeding, including but not limited to*
13  *criminal proceedings, including the name, case number and court of any such*
14  *proceeding; making an exception, whether written, oral, express, or implied;*
15  *making a determination that no breach occurred, whether or not such determination*
16  *was documented; or no action).*

17

18  **RESPONSE TO INTERROGATORY NO. 15:**

19  In addition to the general objections stated above, Mattel specifically
20  objects to this Interrogatory on the grounds that defendants' Second Set of
21  Interrogatories purports to require Mattel to answer interrogatories that are in excess
22  of the number of interrogatories allowed defendants, including pursuant to the
23  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because
24  defendants have neither sought nor obtained leave of the Court to serve such excess
25  number of interrogatories, they are improper.  Mattel further objects to this
26  Interrogatory on the grounds that it seeks information that is not relevant nor likely
27  to lead to the discovery of admissible evidence.  Mattel further objects to this
28  Interrogatory as unreasonably burdensome, overbroad and compound, including

1  without limitation in that it seeks information about conflict of interest

2  questionnaires and provisions of such questionnaires that are not at issue in this case

3  and about employees, independent contractors and other persons who have no

4  bearing on this action.  Mattel further objects to this Interrogatory on the grounds

5  that it calls for the disclosure of information subject to the attorney-client privilege,

6  the attorney work-product doctrine and other applicable privileges.  Mattel further

7  objects to this Interrogatory on the grounds that it calls for the disclosure of

8  confidential and/or proprietary information, which Mattel will disclose only subject

9  to and in reliance upon the operative protective order.

10

11  **INTERROGATORY NO. 16:**

12          STATE THE COMPLETE FACTUAL BASIS FOR YOUR

13  CONTENTION that MATTEL has a viable affirmative claim for relief against

14  MGA even if the evidence establishes both of the following:  (i) in August and/or

15  September, 1998, Carter Bryant conceived of the line of fashion dolls that he named

16  Bratz, and (ii) the design for the BRATZ dolls sold by MGA in 2001 was reduced to

17  practice after October 20, 2000.

18

19  **RESPONSE TO INTERROGATORY NO. 16:**

20          In addition to the general objections stated above, Mattel specifically

21  objects to this Interrogatory on the grounds that defendants' Second Set of

22  Interrogatories purports to require Mattel to answer interrogatories that are in excess

23  of the number of interrogatories allowed defendants, including pursuant to the

24  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

25  defendants have neither sought nor obtained leave of the Court to serve such excess

26  number of interrogatories, they are improper.  Mattel further objects to this

27  interrogatory in that it asks Mattel to make assumptions that are contrary to the

28  evidence, including without limitation to facts admitted to by defendants and/or their

17975/2338502.1                     -9-          Exhibit 13  Page **206**

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

EXHIBIT 8  PAGE 135

1  witnesses, and are contrary to the logical inferences stemming from defendants'

2  conduct, including their concealment and spoliation of evidence.  Mattel further

3  objects to this Interrogatory as unreasonably burdensome and overbroad in that it

4  purports to require Mattel to summarize all facts on this subject, including without

5  limitation, facts that are known to or in the possession, custody and control of

6  defendants MGA and Bryant and that such defendants have concealed despite Court

7  Orders to provide them, and despite defendants' refusals to answer interrogatories

8  with the same or comparable language.  Mattel further objects to this Interrogatory

9  as compound.  Mattel further objects to this Interrogatory on the grounds that it calls

10  for the disclosure of information subject to the attorney-client privilege, the attorney

11  work-product doctrine and other applicable privileges.  Mattel further objects to this

12  Interrogatory on the grounds that it calls for the disclosure of confidential and/or

13  proprietary information, which Mattel will disclose only subject to and in reliance

14  upon the operative protective order.

15

16  **INTERROGATORY NO. 17:**

17  STATE THE COMPLETE FACTUAL BASIS FOR YOUR

18  CONTENTION that MATTEL employees in the Design Center who personally

19  knew Carter Bryant did not know and/or believe, immediately following the launch

20  of MGA's Bratz dolls in 2001, that Carter Bryant was the creator of the concept for

21  the BRATZ line of dolls.

22

23  **RESPONSE TO INTERROGATORY NO. 17:**

24  In addition to the general objections stated above, Mattel specifically

25  objects to this Interrogatory on the grounds that defendants' Second Set of

26  Interrogatories purports to require Mattel to answer interrogatories that are in excess

27  of the number of interrogatories allowed defendants, including pursuant to the

28  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

-10-

1 | defendants have neither sought nor obtained leave of the Court to serve such excess
2 | number of interrogatories, they are improper. Mattel further objects to this
3 | interrogatory in that it misstates Mattel's contentions. Mattel further objects to this
4 | interrogatory on the ground that it seeks information that is not relevant nor
5 | reasonably calculated to lead to the discovery of admissible evidence, including
6 | without limitation in that knowledge or notice of such matters are irrelevant to
7 | defendants' purported statute of limitations and laches defenses. Mattel further
8 | objects to this Interrogatory as unreasonably burdensome and overbroad in that it
9 | purports to require Mattel to summarize all facts on this subject, despite defendants'
10 | own refusals to answer interrogatories with the same or comparable language.
11 | Mattel further objects to this Interrogatory as compound. Mattel further objects to
12 | this Interrogatory on the grounds that it calls for the disclosure of information
13 | subject to the attorney-client privilege, the attorney work-product doctrine and other
14 | applicable privileges. Mattel further objects to this Interrogatory on the grounds that
15 | it calls for the disclosure of confidential and/or proprietary information, which
16 | Mattel will disclose only subject to and in reliance upon the operative protective
17 | order.

18 |

19 | **INTERROGATORY NO. 18:**

20 | STATE THE COMPLETE FACTUAL BASIS FOR YOUR
21 | CONTENTION that any of the fashions and/or accessories for the BRATZ line of
22 | dolls sold by MGA violate or infringe any of MATTEL'S intellectual property
23 | and/or proprietary rights.

24 |

25 | **RESPONSE TO INTERROGATORY NO. 18:**

26 | In addition to the general objections stated above, Mattel specifically
27 | objects to this Interrogatory on the grounds that defendants' Second Set of
28 | Interrogatories purports to require Mattel to answer interrogatories that are in excess

1  of the number of interrogatories allowed defendants, including pursuant to the

2  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

3  defendants have neither sought nor obtained leave of the Court to serve such excess

4  number of interrogatories, they are improper. Mattel further objects to this

5  interrogatory on the ground that it seeks information that is not relevant nor

6  reasonably calculated to lead to the discovery of admissible evidence, including in

7  that it purports to require Mattel to identify matters that are the subject of claims not

8  asserted in this action and/or are asserted in other actions. Mattel further objects to

9  this Interrogatory on the grounds that it is unreasonably burdensome and overbroad,

10  including in that it purports to require Mattel to summarize all facts on this subject,

11  despite defendants' own refusals to answer interrogatories with the same or

12  comparable language. Mattel further objects to this Interrogatory as compound.

13  Mattel further objects to this Interrogatory on the grounds that it calls for the

14  disclosure of information subject to the attorney-client privilege, the attorney work-

15  product doctrine and other applicable privileges. Mattel further objects to this

16  Interrogatory on the grounds that it calls for the disclosure of confidential and/or

17  proprietary information, which Mattel will disclose only subject to and in reliance

18  upon the operative protective order.

19

20  **INTERROGATORY NO. 19:**

21  IDENTIFY with specificity each element of each ALLEGED

22  COPYRIGHTED WORK that MATTEL contends is an original element protectable

23  under the United States Copyright Laws.

24

25  **RESPONSE TO INTERROGATORY NO. 19:**

26  In addition to the general objections stated above, Mattel specifically

27  objects to this Interrogatory on the grounds that defendants' Second Set of

28  Interrogatories purports to require Mattel to answer interrogatories that are in excess

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

EXHIBIT 8  PAGE 138

1 | of the number of interrogatories allowed defendants, including pursuant to the

2 | Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

3 | defendants have neither sought nor obtained leave of the Court to serve such excess

4 | number of interrogatories, they are improper.  Mattel further objects to this

5 | interrogatory on the ground that it seeks information that is not relevant nor

6 | reasonably calculated to lead to the discovery of admissible evidence.  Mattel

7 | further objects to this Interrogatory on the grounds that it is unreasonably

8 | burdensome and overbroad, including in that it purports to require Mattel to identify

9 | "each element" of numerous works, despite defendants' own refusals to answer

10 | interrogatories with the same or comparable language.  Mattel further objects to this

11 | Interrogatory as compound.  Mattel further objects to this Interrogatory on the

12 | grounds that it calls for the disclosure of information subject to the attorney-client

13 | privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

14 | further objects to this Interrogatory on the grounds that it calls for the disclosure of

15 | confidential and/or proprietary information, which Mattel will disclose only subject

16 | to and in reliance upon the operative protective order.

17 |

18 | **INTERROGATORY NO. 20:**

19 | IDENTIFY with specificity each ALLEGED TRADE SECRET,

20 | including the IDENTITY of each DOCUMENT that embodies or REFERS OR

21 | RELATES to each ALLEGED TRADE SECRET.

22 |

23 | **RESPONSE TO INTERROGATORY NO. 20:**

24 | In addition to the general objections stated above, Mattel specifically

25 | objects to this Interrogatory on the grounds that defendants' Second Set of

26 | Interrogatories purports to require Mattel to answer interrogatories that are in excess

27 | of the number of interrogatories allowed defendants, including pursuant to the

28 | Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

17975/2338502.1

-13-

Exhibit 13  Page 210

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

EXHIBIT 8  PAGE 139

1  defendants have neither sought nor obtained leave of the Court to serve such excess

2  number of interrogatories, they are improper.  Mattel further objects to this

3  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

4  duplicative of other discovery requests propounded in this action.  Mattel further

5  objects to this Interrogatory on the grounds that it calls for the disclosure of

6  information subject to the attorney-client privilege, the attorney work-product

7  doctrine and other applicable privileges.  Mattel further objects to this Interrogatory

8  on the grounds that it calls for the disclosure of confidential and/or proprietary

9  information, which Mattel will disclose only subject to and in reliance upon the

10  operative protective order.

11

12  **INTERROGATORY NO. 21:**

13          IDENTIFY each PERSON who has had access to each ALLEGED

14  TRADE SECRET, including (a) the ALLEGED TRADE SECRET each PERSON

15  had access to; and (b) the date or dates each PERSON had this access.

16

17  **RESPONSE TO INTERROGATORY NO. 21:**

18          In addition to the general objections stated above, Mattel specifically

19  objects to this Interrogatory on the grounds that defendants' Second Set of

20  Interrogatories purports to require Mattel to answer interrogatories that are in excess

21  of the number of interrogatories allowed defendants, including pursuant to the

22  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

23  defendants have neither sought nor obtained leave of the Court to serve such excess

24  number of interrogatories, they are improper.  Mattel further objects to this

25  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

26  duplicative of other discovery requests propounded in this action.  Mattel further

27  objects to this interrogatory as vague and ambiguous, including as to time.  Mattel

28  further objects to this Interrogatory on the grounds that it calls for the disclosure of

1  information subject to the attorney-client privilege, the attorney work-product

2  doctrine and other applicable privileges.  Mattel further objects to this Interrogatory

3  on the grounds that it calls for the disclosure of confidential and/or proprietary

4  information, which Mattel will disclose only subject to and in reliance upon the

5  operative protective order.

6

7  **INTERROGATORY NO. 22:**

8          STATE THE COMPLETE FACTUAL BASIS FOR YOUR

9  CONTENTION that MGA misappropriated any ALLEGED TRADE SECRET.

10

11  **RESPONSE TO INTERROGATORY NO. 22:**

12          In addition to the general objections stated above, Mattel specifically

13  objects to this Interrogatory on the grounds that defendants' Second Set of

14  Interrogatories purports to require Mattel to answer interrogatories that are in excess

15  of the number of interrogatories allowed defendants, including pursuant to the

16  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

17  defendants have neither sought nor obtained leave of the Court to serve such excess

18  number of interrogatories, they are improper.  Mattel further objects to this

19  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

20  duplicative of other discovery requests propounded in this action, including that it

21  purports to require Mattel to identify facts that are known to or in the possession,

22  custody and control of defendants but that defendants have failed and refused to

23  discuss and including in that it purports to require Mattel to summarize all facts on

24  this subject, despite defendants' own refusals to answer interrogatories with the

25  same or comparable language.  Mattel further objects to this Interrogatory on the

26  grounds that it calls for the disclosure of information subject to the attorney-client

27  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

28  further objects to this Interrogatory on the grounds that it calls for the disclosure of

1 | confidential and/or proprietary information, which Mattel will disclose only subject

2 | to and in reliance upon the operative protective order.

3

4 | **INTERROGATORY NO. 23:**

5 |     STATE THE COMPLETE FACTUAL BASIS FOR YOUR

6 | CONTENTION that the ALLEGED TRADE SECRETS are protectable.

7

8 | **RESPONSE TO INTERROGATORY NO. 23:**

9 |     In addition to the general objections stated above, Mattel specifically

10 | objects to this Interrogatory on the grounds that defendants' Second Set of

11 | Interrogatories purports to require Mattel to answer interrogatories that are in excess

12 | of the number of interrogatories allowed defendants, including pursuant to the

13 | Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

14 | defendants have neither sought nor obtained leave of the Court to serve such excess

15 | number of interrogatories, they are improper.  Mattel further objects to this

16 | Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

17 | duplicative of other discovery requests propounded in this action, including in that it

18 | purports to require Mattel to summarize all facts on this subject, despite defendants'

19 | own refusals to answer interrogatories with the same or comparable language.

20 | Mattel further objects to this Interrogatory on the grounds that it calls for the

21 | disclosure of information subject to the attorney-client privilege, the attorney work-

22 | product doctrine and other applicable privileges.  Mattel further objects to this

23 | Interrogatory on the grounds that it calls for the disclosure of confidential and/or

24 | proprietary information, which Mattel will disclose only subject to and in reliance

25 | upon the operative protective order.

26

27

28

Case 2:04-cv-09049-DOC-RNB  Document 6023-5  Filed 07/24/09  Page 152 of 159  Page ID
#:198104
Case 2:04-cv-09049-SGL-RNB  Document 5795-5  Filed 06/29/2009  Page 40 of 76

1  **INTERROGATORY NO. 24:**

2  DESCRIBE THE SALES AND PROFITS for each MATTEL

3  PRODUCT that has been sold or offered for sale by YOU or YOUR licensees. (The

4  time period applicable to this interrogatory is from January 1, 1990 to the present).

5

6  **RESPONSE TO INTERROGATORY NO. 24:**

7  In addition to the general objections stated above, Mattel specifically

8  objects to this Interrogatory on the grounds that defendants' Second Set of

9  Interrogatories purports to require Mattel to answer interrogatories that are in excess

10  of the number of interrogatories allowed defendants, including pursuant to the

11  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

12  defendants have neither sought nor obtained leave of the Court to serve such excess

13  number of interrogatories, they are improper. Mattel further objects to this

14  interrogatory on the ground that it seeks information that is not relevant nor

15  reasonably calculated to lead to the discovery of admissible evidence. Mattel

16  further objects to this Interrogatory on the grounds that it is unreasonably

17  burdensome and overbroad, including in that it seeks information about Mattel sales

18  and products not at issue in this case. Mattel further objects to this Interrogatory on

19  the grounds that it calls for the disclosure of confidential and/or proprietary

20  information, which Mattel will disclose only subject to and in reliance upon the

21  operative protective order.

22

23  **INTERROGATORY NO. 25:**

24  IDENTIFY, fully and separately, each and every PERSON who was

25  involved in the development or marketing of the CONTESTED MATTEL

26  PRODUCTS by stating each PERSON'S name, role, and start/end date. (As used in

27  this Interrogatory, the phrase "development or marketing" means the entire process

28  of creating and selling a new product or design, including without limitation, the

Case 2:04-cv-09049-DOC-RNB   Document 6023-5   Filed 07/24/09   Page 153 of 159   Page ID
#:198105
Case 2:04-cv-09049-SGL-RNB   Document 5795-5   Filed 06/29/2009   Page 41 of 76

1  marketing, advertising, promotion, licensing, offering for sale, conception, origin,
2  creation, design, development, sculpting, engineering, reduction to practice, tooling
3  or painting of a product or embodiment of a product).

4

5  **RESPONSE TO INTERROGATORY NO. 25:**

6          In addition to the general objections stated above, Mattel specifically
7  objects to this Interrogatory on the grounds that defendants' Second Set of
8  Interrogatories purports to require Mattel to answer interrogatories that are in excess
9  of the number of interrogatories allowed defendants, including pursuant to the
10  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because
11  defendants have neither sought nor obtained leave of the Court to serve such excess
12  number of interrogatories, they are improper.  Mattel further objects to this
13  Interrogatory on the grounds that it is unreasonably burdensome and overbroad,
14  including in that it seeks information about Mattel sales and products not at issue in
15  this case.  Mattel further objects to this Interrogatory on the grounds that it calls for
16  the disclosure of confidential and/or proprietary information, which Mattel will
17  disclose only subject to and in reliance upon the operative protective order.

18

19  **INTERROGATORY NO. 26:**

20          Describe in detail all instances in which a PERSON expressed
21  confusion as to source or sponsorship between any MATTEL products, packaging
22  or advertising (including, but not limited to, the CONTESTED MATTEL
23  PRODUCTS) and any MGA products, packaging or advertising (including, but not
24  limited to, "BRATZ"), by:  (i) stating the facts and circumstances of each instance;
25  (ii) IDENTIFYING all DOCUMENTS that REFER OR RELATE TO each instance;
26  and (iii) IDENTIFYING all witnesses who may have information that REFER OR
27  RELATE TO each instance.

28

1  **RESPONSE TO INTERROGATORY NO. 26:**

2        In addition to the general objections stated above, Mattel specifically
3  objects to this Interrogatory on the grounds that defendants' Second Set of
4  Interrogatories purports to require Mattel to answer interrogatories that are in excess
5  of the number of interrogatories allowed defendants, including pursuant to the
6  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because
7  defendants have neither sought nor obtained leave of the Court to serve such excess
8  number of interrogatories, they are improper. Mattel further objects to this
9  Interrogatory on the grounds that it seeks information that is not relevant nor likely
10 to lead to the discovery of admissible evidence and is unreasonably burdensome and
11 overbroad, including in that it seeks information about products, packaging and
12 other matters not at issue in this case. Mattel further objects to this Interrogatory on
13 the grounds that it calls for the disclosure of confidential and/or proprietary
14 information, which Mattel will disclose only subject to and in reliance upon the
15 operative protective order.

16

17 **INTERROGATORY NO. 27:**

18       For each PERSON listed in MATTEL'S INITIAL DISCLOSURES,
19 IDENTIFY each PERSON and describe in detail each PERSON's alleged
20 knowledge of the subjects or information identified in MATTEL'S INITIAL
21 DISCLOSURES.

22

23 **RESPONSE TO INTERROGATORY NO. 27:**

24       In addition to the general objections stated above, Mattel specifically
25 objects to this Interrogatory on the grounds that defendants' Second Set of
26 Interrogatories purports to require Mattel to answer interrogatories that are in excess
27 of the number of interrogatories allowed defendants, including pursuant to the
28 Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

17975/2338502.1      -19-    Exhibit 13 Page **2/6**

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

EXHIBIT 8 PAGE 145

Case 2:04-cv-09049-DOC-RNB   Document 6023-5   Filed 07/24/09   Page 155 of 159   Page ID
#:198107
Case 2:04-cv-09049-SGL-RNB   Document 5795-5   Filed 06/29/2009   Page 43 of 76

1   defendants have neither sought nor obtained leave of the Court to serve such excess

2   number of interrogatories, they are improper. Mattel further objects to this

3   Interrogatory on the grounds that it seeks information that is unreasonably

4   burdensome and overbroad. Mattel further objects to this Interrogatory on the

5   grounds that it calls for the disclosure of confidential and/or proprietary information,

6   which Mattel will disclose only subject to and in reliance upon the operative

7   protective order.

8

9   **INTERROGATORY NO. 28:**

10          Describe in detail the complete factual basis for YOUR

11   COUNTERCLAIMS, including, without limitation all facts, DOCUMENTS, and

12   witnesses that REFER OR RELATE TO YOUR COUNTERCLAIMS.

13

14   **RESPONSE TO INTERROGATORY NO. 28:**

15          In addition to the general objections stated above, Mattel specifically

16   objects to this Interrogatory on the grounds that defendants' Second Set of

17   Interrogatories purports to require Mattel to answer interrogatories that are in excess

18   of the number of interrogatories allowed defendants, including pursuant to the

19   Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

20   defendants have neither sought nor obtained leave of the Court to serve such excess

21   number of interrogatories, they are improper. Mattel further objects to this

22   Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

23   compound, including in that it purports to require Mattel to summarize all facts on

24   these multiple subject, despite defendants' own refusals to answer interrogatories

25   with the same or comparable language. Mattel further objects to this Interrogatory

26   on the grounds that it calls for the disclosure of information subject to the attorney-

27   client privilege, the attorney work-product doctrine and other applicable privileges.

28   Mattel further objects to this Interrogatory on the grounds that it calls for the

Case 2:04-cv-09049-DOC-RNB   Document 6023-5   Filed 07/24/09   Page 156 of 159   Page ID
#:198108
Case 2:04-cv-09049-SGL-RNB     Document 5795-5     Filed 06/29/2009     Page 44 of 76

1   disclosure of confidential and/or proprietary information, which Mattel will disclose

2   only subject to and in reliance upon the operative protective order.

3

4   **INTERROGATORY NO. 29:**

5           Describe in detail any estimate or calculation of damage, loss, injury, or

6   unjust enrichment, by reason of any act or omission alleged in YOUR

7   COUNTERCLAIMS, that YOU have made or that has been made on YOUR behalf

8   or at YOUR request, including all facts, DOCUMENTS or witnesses RELATING

9   TO each estimate or calculation.

10

11   **RESPONSE TO INTERROGATORY NO. 29:**

12           In addition to the general objections stated above, Mattel specifically

13   objects to this Interrogatory on the grounds that defendants' Second Set of

14   Interrogatories purports to require Mattel to answer interrogatories that are in excess

15   of the number of interrogatories allowed defendants, including pursuant to the

16   Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

17   defendants have neither sought nor obtained leave of the Court to serve such excess

18   number of interrogatories, they are improper. Mattel further objects to this

19   Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

20   compound, including in that it purports to require Mattel to summarize all facts on

21   these multiple subject, despite defendants' own refusals to answer interrogatories

22   with the same or comparable language. Mattel further objects to this Interrogatory

23   on the grounds that it calls for the disclosure of information subject to the attorney-

24   client privilege, the attorney work-product doctrine and other applicable privileges.

25   Mattel further objects to this Interrogatory on the grounds that it purports to require

26   Mattel to disclose the identity of consulting experts. The identity of any such

27   experts will not be disclosed. Mattel further objects to this Interrogatory on the

28   grounds that it calls for the disclosure of confidential and/or proprietary information,

Case 2:04-cv-09049-DOC-RNB   Document 6023-5   Filed 07/24/09   Page 157 of 159   Page ID
#:198109
Case 2:04-cv-09049-SGL-RNB   Document 5795-5   Filed 06/29/2009   Page 45 of 76

1   which Mattel will disclose only subject to and in reliance upon the operative

2   protective order. Mattel further objects to this Interrogatory on the grounds that it

3   purports to circumvent the expert disclosure provisions of the Federal and Local

4   Rules. Such disclosures will be made in accordance with the requirements of, and at

5   the times specified by, the Court's Orders and the Rules.

6

7   **INTERROGATORY NO. 30:**

8           IDENTIFY each and every SOURCE OF INFORMATION from which

9   YOU have COLLECTED DOCUMENTS that REFER OR RELATE TO BRATZ.

10

11   **RESPONSE TO INTERROGATORY NO. 30:**

12           In addition to the general objections stated above, Mattel specifically

13   objects to this Interrogatory on the grounds that defendants' Second Set of

14   Interrogatories purports to require Mattel to answer interrogatories that are in excess

15   of the number of interrogatories allowed defendants, including pursuant to the

16   Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

17   defendants have neither sought nor obtained leave of the Court to serve such excess

18   number of interrogatories, they are improper. Mattel further objects to this

19   Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

20   compound, including in that it purports to require Mattel to summarize all facts on

21   these multiple subject, despite defendants' own refusals to answer interrogatories

22   with the same or comparable language. Mattel further objects to this Interrogatory

23   on the grounds that it calls for the disclosure of information subject to the attorney-

24   client privilege, the attorney work-product doctrine and other applicable privileges.

25   Mattel further objects to this Interrogatory on the grounds that it purports to require

26   Mattel to disclose the identity of consulting experts. The identity of any such

27   experts will not be disclosed. Mattel further objects to this Interrogatory on the

28   grounds that it calls for the disclosure of confidential and/or proprietary information,

Case 2:04-cv-09049-DOC-RNB   Document 6023-5   Filed 07/24/09   Page 158 of 159   Page ID
#:198110
Case 2:04-cv-09049-SGL-RNB   Document 5795-5   Filed 06/29/2009   Page 46 of 76

1  which Mattel will disclose only subject to and in reliance upon the operative

2  protective order.

3

4  **INTERROGATORY NO. 31:**

5          STATE THE COMPLETE FACTUAL BASIS FOR YOUR

6  CONTENTION that any BRATZ doll is substantially similar to, a copy or a

7  derivative of BRATZ DESIGNS created by Carter Bryant on or before October 19,

8  2000.

9

10  **RESPONSE TO INTERROGATORY NO. 31:**

11          In addition to the general objections stated above, Mattel specifically

12  objects to this Interrogatory on the grounds that defendants' Second Set of

13  Interrogatories purports to require Mattel to answer interrogatories that are in excess

14  of the number of interrogatories allowed defendants, including pursuant to the

15  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

16  defendants have neither sought nor obtained leave of the Court to serve such excess

17  number of interrogatories, they are improper. Mattel further objects to this

18  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

19  compound, including in that it purports to require Mattel to summarize all facts on

20  these multiple subject, despite defendants' own refusals to answer interrogatories

21  with the same or comparable language. Mattel further objects to this Interrogatory

22  on the grounds that its description of Mattel's positions in this suit is erroneous and

23  incomplete. Mattel further objects to this Interrogatory on the grounds that it calls

24  for the disclosure of information subject to the attorney-client privilege, the attorney

25  work-product doctrine and other applicable privileges. Mattel further objects to this

26  Interrogatory on the grounds that it purports to require Mattel to disclose the identity

27  of consulting experts. The identity of any such experts will not be disclosed. Mattel

28  further objects to this Interrogatory on the grounds that it calls for the disclosure of

1  confidential and/or proprietary information, which Mattel will disclose only subject

2  to and in reliance upon the operative protective order.

3

4  DATED:  January 3, 2008        QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
5

6                    By Michael Zeller (by Heidi Fisher)
7                       Michael T. Zeller
                        Attorneys for Mattel, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07975/2338502.1

-24-

Exhibit 13  Page 221

EXHIBIT 8  PAGE 150