MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148008)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  +1-415-773-5700
Facsimile:   +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  +1-213-629-2020
Facsimile:   +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-SGL (RNBx)<br><br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>[To Be Heard by Discovery Master Robert O'Brien]<br><br>**SEPARATE STATEMENT IN SUPPORT OF MGA ENTERTAINMENT, INC.'S MOTION TO COMPEL FURTHER RESPONSES TO MGA'S FIRST SET OF PHASE 2 INTERROGATORIES AND SECOND SET OF PHASE 2 REQUESTS FOR PRODUCTION**<br><br>Date:        TBD<br>Time:        TBD<br>Courtroom: TBD<br>**Phase 2**<br>Discovery Cutoff:  December 11, 2009<br>Pretrial Conference:  March 1, 2010<br>Trial Date: March 23, 2010 |

Plaintiff and Counter-defendant MGA Entertainment, Inc. ("MGA") submits this Separate Statement of items in dispute in support of its Motion to Compel Further Responses to MGA's First Set of Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production ("Motion to Compel").

## I. MGA's First Set of Phase 2 Interrogatories at Issue and Responses

MGA moves to compel further responses to each of the interrogatories in MGA's First Set of Phase 2 Interrogatories (Nos. 1-14) (the "Interrogatories").

INTERROGATORY NO. 1:

If your response to RFA No. 1 is anything other than an unqualified admission, state for each MATTEL DOCUMENT that is a basis for such response ANY facts that SUPPORT your response to RFA No. 1, IDENTIFY ANY PERSONS with knowledge of such facts, and ANY DOCUMENTS that REFER OR RELATE to such facts.[1]

RESPONSE TO INTERROGATORY NO. 1:

In addition to the general objections stated above,[2] Mattel specifically objects to this Interrogatory on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained. Mattel further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the

---

[1] RFA No. 1: "Admit that no MATTEL DOCUMENT constitutes or contains a TRADE SECRET."

[2] The General Objections, which Mattel purports to incorporate into its Responses to the Interrogatories, are set forth in the Responses of Mattel, Inc. to MGA Entertainment, Inc.'s First Set of Phase 2 Interrogatories, attached as Exhibit 1 to the Declaration of Andrew C. Spitser in Support of the Motion to Compel ("Spitser Decl.").

1   discovery of admissible evidence. Mattel further objects to this Interrogatory on

2   each and every one of the grounds on which Mattel objects to RFA No. 1. In

3   particular, Mattel objects to this Interrogatory because it is premature because it

4   seeks information that will be the subject of expert discovery. This Interrogatory is

5   also premature because defendants have not complied with their discovery

6   obligations. They have failed to produce witnesses for deposition and are

7   withholding information and documents requested in violation of orders of the

8   Discovery Master and the Court. Mattel further objects to this Interrogatory on the

9   grounds that the term "MATTEL DOCUMENTS" is vague and ambiguous

10  including in that the full scope of documents, material and trade secrets MGA stole

11  and the other facts necessary to determine all of the documents, material and trade

12  secrets stolen by MGA are uniquely known by defendants and by third parties

13  within defendants' control, but are not known by Mattel at this juncture because

14  defendants refuse to disclose information to Mattel, including by refusing to

15  produce information that is the subject of prior Court Orders and pending Mattel

16  motions to enforce and/or compel and by refusing to appear for deposition. Mattel

17  further objects to this Interrogatory to the extent that it calls for the disclosure of

18  information subject to the attorney-client privilege, the attorney work-product

19  doctrine and other applicable privileges.

20

21      FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

22      INTERROGATORY NO. 1 SHOULD BE COMPELLED

23          As set forth more fully in MGA's Memorandum of Points and Authorities in

24  Support of its Motion to Compel, Mattel bases its refusal to respond largely on its

25  argument that MGA has somehow exceeded the number interrogatories it is entitled

26  to serve.  Mattel's argument is premised on an entirely fabricated interrogatory limit

27  never set by Judge Larson or even contemplated by the Parties.  In fact, Judge

28  Larson has made it clear that he has not placed any restrictions on discovery in

1   Phase 2 other than those set by the Rules of Civil Procedure.  <u>See</u> Spitser Decl., Ex.

2   4 (Transcript of February 11, 2009 Hearing at 102:4-104:8).  Since MGA has not

3   exceeded its limit with respect to Phase 2 interrogatories, Mattel's objection is moot

4   and should be rejected.

5          As for relevance, this interrogatory clearly seeks relevant information.  RFA

6   No. 1 asks Mattel to admit that "no MATTEL DOCUMENT constitutes or contains

7   a TRADE SECRET."  Misappropriation of trade secrets is at the heart of Mattel's

8   Phase 2 claims, and MGA is entitled to know with specificity the precise

9   information that Mattel claims constitutes its trade secrets.  <u>See</u> <u>Imax Corp. v.</u>

10  <u>Cinema Technologies, Inc.</u>, 152 F.3d 1161, 1164 (9th Cir. 1998)(plaintiff seeking

11  relief for trade secret misappropriation must identify with specificity the trade

12  secrets and carry the burden of showing they exist); <u>Universal Analytics, Inc. v.</u>

13  <u>MacNeal-Schwendler Corp.</u>, 707 F. Supp 1170, 1177 (C.D. Cal. 1989)(same).  If

14  Mattel refuses to admit that the MATTEL DOCUMENTS are not trade secrets, then

15  Mattel must state all facts that Mattel alleges support Mattel's claim as well as the

16  persons with knowledge of such facts and documents that refer or relate to such

17  facts.  This of course would mean identifying precisely what Mattel claims to be the

18  trade secrets at issue and what facts support the claim that this information is truly a

19  trade secret.  Such information could not be more relevant to the facts or claims that

20  Mattel is asserting in this case.

21         As to overbreadth, Mattel provides no explanation, let alone the required

22  particularity, as to *why* these interrogatories are supposedly overly broad, nor can it

23  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

24  20 (overruling objections not stated with specificity), Spitser Decl., Ex. 18; <u>see also</u>

25  Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated

26  "with specificity").  Moreover, the Interrogatory specifically asks for information

27  concerning the trade secrets at issue in this case.

28

1    As to burden, Mattel has not attempted to demonstrate why responding to

2    these interrogatories presents any burden.  This objection must therefore be

3    rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29

4    (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome

5    must allege specific facts which indicate the nature and extent of the burden,

6    usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated

7    March 30, 2009, at 19, Spitser Decl., Ex. 14; Order No. 17, at 23, Spitser Decl., Ex.

8    18); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000)

9    (overruling "burdensome" objections because objecting party failed to particularize

10   its basis for the objection); King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D.

11   Ga. 1970) (overruling objection that interrogatory was burdensome and oppressive,

12   even though preparation of answer would be time-consuming and costly, because

13   information was crucial to the issues of the suit and in exclusive custody of

14   defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D.

15   Ohio 1951) (overruling "overly burdensome" objection because value of

16   information to plaintiff clearly outweighed any annoyance or expense involved in

17   disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182

18   F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform

19   extensive research or to compile substantial amounts of data and information does

20   not automatically constitute an undue burden….  Imposing such a burden is

21   particularly proper where, as here, the information sought is crucial to the ultimate

22   determination of a crucial issue…."); O'Connor v. Boeing North American, Inc.,

23   185 F.R.D. 272, 280-81 (C.D. Cal. 1999) (interrogatory asking responding party to

24   describe each injury "which you contend was caused by defendant's conduct" was

25   proper).

26       Mattel also makes a number of other improper objections, none of which is

27   substantiated (or valid).  Under the Federal Rules of Civil Procedure, "the grounds

28   for objecting to an interrogatory must be stated with specificity."  Fed. R. Civ. P.

33(b)(4).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this Interrogatory does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.  Rather, it seeks facts, persons, and documents related to Mattel's alleged trade secrets.  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this Interrogatory is not premature.  See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point…."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the Interrogatories does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the Interrogatories would be unaffected.

1    Also, this Interrogatory does not seek information violative of any third-

2    party's rights of privacy.  The facts, persons, and documents responsive to this

3    Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

4    and as Mattel itself previously has argued, any privacy issues are fully addressed by

5    the Protective Order in this case.

6    Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

7    information or documents that are in the possession, custody and control of

8    independent parties over whom Mattel has no control" is nonsensical – Mattel is

9    obligated to provide all information in its possession, custody, or control that is

10   responsive to the Interrogatories.

11   In short, Mattel's objections are uniformly without merit and frivolous.  The

12   Discovery Master should order Mattel to provide a substantive response to

13   Interrogatory No. 1 without objection.

14

15   INTERROGATORY NO. 2:

16   If YOUR answer to RFA No. 2 is anything other than an unqualified

17   admission, state for each MATTEL DOCUMENT that is a basis for such response

18   ANY facts that SUPPORT your response to RFA No. 2, IDENTIFY ANY

19   PERSONS with knowledge of such facts, and IDENTIFY ANY DOCUMENTS

20   that REFER OR RELATE to such facts.

21

22   RESPONSE TO INTERROGATORY NO. 2:

23   In addition to the general objections stated above, Mattel specifically objects

24   to this Interrogatory on the grounds that the defendants have exceeded the limit on

25   the number of Interrogatories they may properly serve on Mattel without leave of

26   the Court, which defendants have neither sought nor obtained. Mattel further

27   objects to this Interrogatory on the grounds that it is overly broad, unduly

28   burdensome and seeks information that is neither relevant nor likely to lead to the

1  discovery of admissible evidence. Mattel further objects to this Interrogatory on

2  each and every one of the grounds on which Mattel objects to RFA No. 2. In

3  particular, Mattel objects to this Interrogatory because it is premature because it

4  seeks information that will be the subject of expert discovery. This Interrogatory is

5  also premature because defendants have not complied with their discovery

6  obligations. They have failed to produce witnesses for deposition and are

7  withholding information and documents requested in violation of orders of the

8  Discovery Master and the Court. Mattel further objects to this Interrogatory on the

9  grounds that the term "MATTEL DOCUMENTS" is vague and ambiguous

10  including in that the full scope of documents, material and trade secrets MGA stole

11  and the other facts necessary to determine all of the documents, material and trade

12  secrets stolen by MGA are uniquely known by defendants and by third parties

13  within defendants' control, but are not known by Mattel at this juncture because

14  defendants refuse to disclose information to Mattel, including by refusing to

15  produce information that is the subject of prior Court Orders and pending Mattel

16  motions to enforce and/or compel and by refusing to appear for deposition. Mattel

17  further objects to this Interrogatory to the extent that it calls for the disclosure of

18  information subject to the attorney-client privilege, the attorney work-product

19  doctrine and other applicable privileges.

20

21    FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

22    INTERROGATORY NO. 2 SHOULD BE COMPELLED

23    This interrogatory seeks relevant information.  RFA No. 2 asks Mattel to

24  admit that "MGA never MISAPPROPRIATED ANY MATTEL DOCUMENT."

25  Misappropriation of trade secrets is at the heart of Mattel's Phase 2 claims, and

26  MGA is entitled to know with specificity the precise information that Mattel claims

27  constitutes its trade secrets.  See Imax Corp. v. Cinema Technologies, Inc., 152

28  F.3d 1161, 1164 (9th Cir. 1998)(plaintiff seeking relief for trade secret

1  misappropriation must identify with specificity the trade secrets and carry the

2  burden of showing they exist); <u>Universal Analytics, Inc. v. MacNeal-Schwendler</u>

3  <u>Corp.</u>, 707 F. Supp 1170, 1177 (C.D. Cal. 1989)(same).  If Mattel refuses to admit

4  that the MATTEL DOCUMENTS were not misappropriated, then Mattel must state

5  all facts that Mattel alleges support Mattel's claim as well as the persons with

6  knowledge of such facts and documents that refer or relate to such facts.  Such

7  information could not be more relevant to the facts or claims that Mattel is asserting

8  in this case.

9      As to overbreadth, Mattel provides no explanation, let alone the required

10  particularity, as to **why** these interrogatories are supposedly overly broad, nor can it

11  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

12  20 (overruling objections not stated with specificity), Spitser Decl., Ex. 18; <u>see also</u>

13  Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated

14  "with specificity").  Moreover, the request is clearly no overbroad.  It asks only for

15  those facts supporting the claim made by Mattel that MGA has misappropriated

16  trade secrets.

17      As to burden, Mattel has not attempted to demonstrate why responding to

18  these interrogatories presents any burden.  This objection must therefore be

19  rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29

20  (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome

21  must allege specific facts which indicate the nature and extent of the burden,

22  usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated

23  March 30, 2009, at 19, Spitser Decl., Ex. 14; Order No. 17, at 23, Spitser Decl., Ex.

24  18); <u>Nagele v. Electronic Data Systems Corp</u>, 193 F.R.D. 94, 109 (W.D.N.Y. 2000)

25  (overruling "burdensome" objections because objecting party failed to particularize

26  its basis for the objection); <u>King v. Georgia Power Co.</u>, 50 F.R.D. 134, 135 (N.D.

27  Ga. 1970) (overruling objection that interrogatory was burdensome and oppressive,

28  even though preparation of answer would be time-consuming and costly, because

1    information was crucial to the issues of the suit and in exclusive custody of

2    defendant); <u>Seff v. General Outdoor Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D.

3    Ohio 1951) (overruling "overly burdensome" objection because value of

4    information to plaintiff clearly outweighed any annoyance or expense involved in

5    disclosure by defendant); <u>Capacchione v. Charlotte-Mecklenburg Schools</u>, 182

6    F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform

7    extensive research or to compile substantial amounts of data and information does

8    not automatically constitute an undue burden…. Imposing such a burden is

9    particularly proper where, as here, the information sought is crucial to the ultimate

10   determination of a crucial issue…."); <u>O'Connor v. Boeing North American, Inc.</u>,

11   185 F.R.D. 272, 280-81 (C.D. Cal. 1999) (interrogatory asking responding party to

12   describe each injury "which you contend was caused by defendant's conduct" was

13   proper).

14         Mattel also makes a number of other improper objections, none of which is

15   substantiated (or valid). Under the Federal Rules of Civil Procedure, "the grounds

16   for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P.

17   33(b)(4). Generic objections that fail to explain the basis for an objection with

18   specificity are routinely rejected in the Central District. <u>See A. Farber and Partners,</u>

19   <u>Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

20   objections such as 'overly burdensome and harassing' are improper – especially

21   when a party fails to submit any evidentiary declarations supporting such

22   objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584,

23   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

24   tantamount to not making any objection at all").

25         For example, this Interrogatory does not seek information protected by the

26   attorney-client privilege, the attorney work product doctrine, or any other

27   applicable privilege. Rather, it seeks facts, persons, and documents related to

28   Mattel's claim of misappropriation of trade secrets. Further, Mattel has failed to

1    provide a privilege log, thus waiving this objection as to any allegedly privileged

2    documents.

3            Moreover, this Interrogatory is not premature.  <u>See</u> Tr. of Feb. 11, 2009

4    Hearing, at 97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no

5    discovery issues or no requests for discovery are premature at this point…."  Judge

6    Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any

7    discovery related to this case at all.").

8            Mattel's expert disclosure objection is also without support.  The fact that

9    expert testimony may ultimately bear on some of the subjects of the Interrogatories

10   does not excuse Mattel from its obligation to provide full and complete responses

11   based on the information Mattel presently has.

12           In addition, Mattel's bare assertion that MGA has "failed to produce

13   witnesses for deposition and [is] withholding information and documents requested

14   in violation of orders of the Discovery Master and the Court" is not only

15   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

16   obligation to fully respond to the Interrogatories would be unaffected.

17           Also, this Interrogatory does not seek information violative of any third-

18   party's rights of privacy.  The facts, persons, and documents responsive to this

19   Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

20   and as Mattel itself previously has argued, any privacy issues are fully addressed by

21   the Protective Order in this case.

22           Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

23   information or documents that are in the possession, custody and control of

24   independent parties over whom Mattel has no control" is nonsensical – Mattel is

25   obligated to provide all information in its possession, custody, or control that is

26   responsive to the Interrogatories.

27

28

1    In short, Mattel's objections are uniformly without merit and frivolous.  The

2    Discovery Master should order Mattel to provide a substantive response to

3    Interrogatory No. 2 without objection.

4

5    INTERROGATORY NO. 3:

6    If your answer to RFA No. 3 is anything other than an unqualified admission,

7    state for each MATTEL DOCUMENT that is a basis for such response ANY facts

8    that SUPPORT your response to RFA No. 3, IDENTIFY ANY RESPONSES TO

9    MGA'S FIRST SET OF PHASE 2 INTERROGATORIES PERSONS with

10   knowledge of such facts, and ANY DOCUMENTS that REFER OR RELATE to

11   such facts.

12

13   RESPONSE TO INTERROGATORY NO. 3:

14   In addition to the general objections stated above, Mattel specifically objects

15   to this Interrogatory on the grounds that the defendants have exceeded the limit on

16   the number of Interrogatories they may properly serve on Mattel without leave of

17   the Court, which defendants have neither sought nor obtained. Mattel further

18   objects to this Interrogatory on the grounds that it is overly broad, unduly

19   burdensome and seeks information that is neither relevant nor likely to lead to the

20   discovery of admissible evidence. Mattel further objects to this Interrogatory on

21   each and every one of the grounds on which Mattel objects to RFA No. 3. In

22   particular, Mattel objects to this Interrogatory because it is premature because it

23   seeks information that will be the subject of expert discovery. This Interrogatory is

24   also premature because defendants have not complied with their discovery

25   obligations. They have failed to produce witnesses for deposition and are

26   withholding information and documents requested in violation of orders of the

27   Discovery Master and the Court. Mattel further objects to this Interrogatory on the

28   grounds that the term "MATTEL DOCUMENTS" is vague and ambiguous

1    including in that the full scope of documents, material and trade secrets MGA stole

2    and the other facts necessary to determine all of the documents, material and trade

3    secrets stolen by MGA are uniquely known by defendants and by third parties

4    within defendants' control, but are not known by Mattel at this juncture because

5    defendants refuse to disclose information to Mattel, including by refusing to

6    produce information that is the subject of prior Court Orders and pending Mattel

7    motions to enforce and/or compel and by refusing to appear for deposition. Mattel

8    further objects to this Interrogatory to the extent that it calls for the disclosure of

9    information subject to the attorney-client privilege, the attorney work-product

10   doctrine and other applicable privileges.

11

12       FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

13       INTERROGATORY NO. 3 SHOULD BE COMPELLED

14       This interrogatory seeks relevant information.  RFA No. 3 asks Mattel to

15   admit that it "suffered no damages from ANY alleged MISAPPROPRIATION by

16   MGA of ANY MATTEL DOCUMENT."  Mattel's claim that it has been damaged

17   by MGA's alleged misappropriation of trade secrets is at the heart of Mattel's Phase

18   2 claims.  Moreover, MGA is entitled to know with specificity what information

19   Mattel claims as its trade secrets and how any alleged misappropriation of that

20   information has harmed Mattel.  See Imax Corp. v. Cinema Technologies, Inc., 152

21   F.3d 1161, 1164 (9th Cir. 1998)(plaintiff seeking relief for trade secret

22   misappropriation must identify with specificity the trade secrets and carry the

23   burden of showing they exist); Universal Analytics, Inc. v. MacNeal-Schwendler

24   Corp., 707 F. Supp 1170, 1177 (C.D. Cal. 1989)(same).  If Mattel refuses to admit

25   that it has suffered no damages from any alleged misappropriation of the MATTEL

26   DOCUMENTS, then MGA is entitled to know all of the facts Mattel alleges

27   support Mattel's claim that it has been so damaged, as well as the persons with

28

1    knowledge of such facts and documents that refer or relate to such facts.  Such

2    information could not be more relevant to the claims Mattel is asserting in this case.

3        As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* these interrogatories are supposedly overly broad, nor can it

5    do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

6    20 (overruling objections not stated with specificity), Spitser Decl., Ex. 18; see also

7    Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated

8    "with specificity").

9        As to burden, Mattel has not attempted to demonstrate why responding to

10   these interrogatories presents any burden.  This objection must therefore be

11   rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29

12   (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome

13   must allege specific facts which indicate the nature and extent of the burden,

14   usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated

15   March 30, 2009, at 19, Spitser Decl., Ex. 14; Order No. 17, at 23, Spitser Decl., Ex.

16   18); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000)

17   (overruling "burdensome" objections because objecting party failed to particularize

18   its basis for the objection); King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D.

19   Ga. 1970) (overruling objection that interrogatory was burdensome and oppressive,

20   even though preparation of answer would be time-consuming and costly, because

21   information was crucial to the issues of the suit and in exclusive custody of

22   defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D.

23   Ohio 1951) (overruling "overly burdensome" objection because value of

24   information to plaintiff clearly outweighed any annoyance or expense involved in

25   disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182

26   F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform

27   extensive research or to compile substantial amounts of data and information does

28   not automatically constitute an undue burden….  Imposing such a burden is

1   particularly proper where, as here, the information sought is crucial to the ultimate

2   determination of a crucial issue….”); <u>O'Connor v. Boeing North American, Inc.</u>,

3   185 F.R.D. 272, 280-81 (C.D. Cal. 1999) (interrogatory asking responding party to

4   describe each injury “which you contend was caused by defendant's conduct” was

5   proper).

6        Mattel also makes a number of other improper objections, none of which is

7   substantiated (or valid).  Under the Federal Rules of Civil Procedure, “the grounds

8   for objecting to an interrogatory must be stated with specificity.”  Fed. R. Civ. P.

9   33(b)(4).  Generic objections that fail to explain the basis for an objection with

10  specificity are routinely rejected in the Central District.  <u>See</u> <u>A. Farber and Partners,</u>

11  <u>Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (“general or boilerplate

12  objections such as ‘overly burdensome and harassing’ are improper – especially

13  when a party fails to submit any evidentiary declarations supporting such

14  objections”); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584,

15  587 (C.D. Cal. 1999) (“boilerplate, generalized objections are inadequate and

16  tantamount to not making any objection at all”).

17       For example, this Interrogatory does not seek information protected by the

18  attorney-client privilege, the attorney work product doctrine, or any other

19  applicable privilege.  Rather, it seeks facts, persons, and documents related to

20  Mattel's claim of damages relating to the alleged misappropriation of its trade

21  secrets.  Further, Mattel has failed to provide a privilege log, thus waiving this

22  objection as to any allegedly privileged documents.

23       Moreover, this Interrogatory is not premature.  <u>See</u> Tr. of Feb. 11, 2009

24  Hearing, at 97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that “no

25  discovery issues or no requests for discovery are premature at this point….”  Judge

26  Larson agreed, clarifying, “in no uncertain terms, [] there is no stay on any

27  discovery related to this case at all.”).

28

1      Mattel's expert disclosure objection is also without support.  The fact that

2    expert testimony may ultimately bear on some of the subjects of the Interrogatories

3    does not excuse Mattel from its obligation to provide full and complete responses

4    based on the information Mattel presently has.

5      In addition, Mattel's bare assertion that MGA has "failed to produce

6    witnesses for deposition and [is] withholding information and documents requested

7    in violation of orders of the Discovery Master and the Court" is not only

8    unsupported and false, but immaterial – if this were true (and it is not), Mattel's

9    obligation to fully respond to the Interrogatories would be unaffected.

10      Also, this Interrogatory does not seek information violative of any third-

11    party's rights of privacy.  The facts, persons, and documents responsive to this

12    Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

13    and as Mattel itself previously has argued, any privacy issues are fully addressed by

14    the Protective Order in this case.

15      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

16    information or documents that are in the possession, custody and control of

17    independent parties over whom Mattel has no control" is nonsensical – Mattel is

18    obligated to provide all information in its possession, custody, or control that is

19    responsive to the Interrogatories.

20      In short, Mattel's objections are uniformly without merit and frivolous.  The

21    Discovery Master should order Mattel to provide a substantive response to

22    Interrogatory No. 3 without objection.

23

24

25    <u>INTERROGATORY NO. 4</u>:

26      If your answer to RFA No. 4 is anything other than an unqualified admission,

27    state all facts that SUPPORT your response to RFA No. 4 and IDENTIFY all

28    PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

1    RELATE to such facts.

2

3        RESPONSE TO INTERROGATORY NO. 4:

4        In addition to the general objections stated above, Mattel specifically objects

5    to this Interrogatory on the grounds that the defendants have exceeded the limit on

6    the number of Interrogatories they may properly serve on Mattel without leave of

7    the Court, which defendants have neither sought nor obtained. Mattel further

8    objects to this Interrogatory on the grounds that it is overly broad, unduly

9    burdensome and seeks information that is neither relevant nor likely to lead to the

10   discovery of admissible evidence. Mattel further objects to this Interrogatory on

11   each and every one of the grounds on which Mattel objects to RFA No. 4. In

12   particular, Mattel objects to this Interrogatory because it is vague, ambiguous,

13   overly-broad and unduly burdensome, including in RFA No. 4's use of the word

14   "never" and with regard to the time frame to which RFA No. 4 is directed. Mattel

15   further objects to this Interrogatory because it is premature because it seeks

16   information that will be the subject of expert discovery. This Interrogatory is also

17   premature because defendants have not complied with their discovery obligations.

18   They have failed to produce witnesses for deposition and are withholding

19   information and documents requested in violation of orders of the Discovery Master

20   and the Court. Mattel further objects to this Interrogatory on the grounds that the

21   term "MATTEL DOCUMENTS" is vague and ambiguous including in that the full

22   scope of documents, material and trade secrets MGA stole and the other facts

23   necessary to determine all of the documents, material and trade secrets stolen by

24   MGA are uniquely known by defendants and by third parties within defendants'

25   control, but are not known by Mattel at this juncture because defendants refuse to

26   disclose information to Mattel, including by refusing to produce information that is

27   the subject of prior Court Orders and pending Mattel motions to enforce and/or

28   compel and by refusing to appear for deposition. Mattel further objects to this

1   Interrogatory to the extent that it calls for the disclosure of information subject to

2   the attorney-client privilege, the attorney work-product doctrine and other

3   applicable privileges.

4

5   FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

6   INTERROGATORY NO. 4 SHOULD BE COMPELLED

7        This interrogatory clearly seeks relevant information.  RFA No. 4 asks Mattel

8   to admit that Mattel "never intended to sell the Bratz line of dolls and products."

9   Mattel claims that it has been damaged by MGA, based on a number of different

10  theories embodied in Mattel's multiple causes of action.  Many of these damages

11  theories presume that Mattel would have sold the Bratz line of dolls and products,

12  and/or was damaged by being deprived of those products.  If Mattel refuses to

13  admit that it never intended to sell the Bratz line of dolls and products, then MGA

14  is entitled to know all of the facts Mattel alleges support Mattel's claim as well as

15  the persons with knowledge of such facts and documents that refer or relate to such

16  facts.  Such information could not be more relevant to the claims Mattel is asserting

17  in this case.

18       Moreover, Mattel's objection that the word "never" is vague, ambiguous,

19  overly-broad and unduly burdensome is unsupportable.  The word "never" means

20  "not ever" and, in the context of RFA No. 4, is entirely clear.

21       As to overbreadth, Mattel provides no explanation, let alone the required

22  particularity, as to *why* these interrogatories are supposedly overly broad, nor can it

23  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

24  20 (overruling objections not stated with specificity), Spitser Decl., Ex. 18; see also

25  Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated

26  "with specificity").

27       As to burden, Mattel has not attempted to demonstrate why responding to

28  these interrogatories presents any burden.  This objection must therefore be

1   rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29

2   (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome

3   must allege specific facts which indicate the nature and extent of the burden,

4   usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated

5   March 30, 2009, at 19, Spitser Decl., Ex. 14; Order No. 17, at 23, Spitser Decl., Ex.

6   18); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000)

7   (overruling "burdensome" objections because objecting party failed to particularize

8   its basis for the objection); King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D.

9   Ga. 1970) (overruling objection that interrogatory was burdensome and oppressive,

10  even though preparation of answer would be time-consuming and costly, because

11  information was crucial to the issues of the suit and in exclusive custody of

12  defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D.

13  Ohio 1951) (overruling "overly burdensome" objection because value of

14  information to plaintiff clearly outweighed any annoyance or expense involved in

15  disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182

16  F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform

17  extensive research or to compile substantial amounts of data and information does

18  not automatically constitute an undue burden….  Imposing such a burden is

19  particularly proper where, as here, the information sought is crucial to the ultimate

20  determination of a crucial issue…."); O'Connor v. Boeing North American, Inc.,

21  185 F.R.D. 272, 280-81 (C.D. Cal. 1999) (interrogatory asking responding party to

22  describe each injury "which you contend was caused by defendant's conduct" was

23  proper).

24      Mattel also makes a number of other improper objections, none of which is

25  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "the grounds

26  for objecting to an interrogatory must be stated with specificity."  Fed. R. Civ. P.

27  33(b)(4).  Generic objections that fail to explain the basis for an objection with

28  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

1   Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

2   objections such as 'overly burdensome and harassing' are improper – especially

3   when a party fails to submit any evidentiary declarations supporting such

4   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

5   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

6   tantamount to not making any objection at all").

7        For example, this Interrogatory does not seek information protected by the

8   attorney-client privilege, the attorney work product doctrine, or any other

9   applicable privilege.  Rather, it seeks facts, persons, and documents related to

10  Mattel's intent (if any) to sell Bratz dolls.  Regardless, Mattel has failed to provide

11  a privilege log, thus waiving this objection as to any allegedly privileged

12  documents.

13       Moreover, this Interrogatory is not premature.  See Tr. of Feb. 11, 2009

14  Hearing, at 97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no

15  discovery issues or no requests for discovery are premature at this point…."  Judge

16  Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any

17  discovery related to this case at all.").

18       Mattel's expert disclosure objection is also without support.  The fact that

19  expert testimony may ultimately bear on some of the subjects of the Interrogatories

20  does not excuse Mattel from its obligation to provide full and complete responses

21  based on the information Mattel presently has.

22       In addition, Mattel's bare assertion that MGA has "failed to produce

23  witnesses for deposition and [is] withholding information and documents requested

24  in violation of orders of the Discovery Master and the Court" is not only

25  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

26  obligation to fully respond to the Interrogatories would be unaffected.

27       Also, this Interrogatory does not seek information violative of any third-

28  party's rights of privacy.  The facts, persons, and documents responsive to this

1   Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

2   and as Mattel itself previously has argued, any privacy issues are fully addressed by

3   the Protective Order in this case.

4        Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

5   information or documents that are in the possession, custody and control of

6   independent parties over whom Mattel has no control" is nonsensical – Mattel is

7   obligated to provide all information in its possession, custody, or control that is

8   responsive to the Interrogatories.

9        In short, Mattel's objections are uniformly without merit and frivolous.  The

10  Discovery Master should order Mattel to provide a substantive response to

11  Interrogatory No. 4 without objection.

12

13

14       <u>INTERROGATORY NO. 5</u>:

15       IDENTIFY ANY damages YOU contend YOU have suffered as a result of

16  the violation of the Racketeer Influenced and Corrupt Organization Act alleged by

17  YOU in the Second Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in

18  THIS ACTION.

19

20       <u>RESPONSE TO INTERROGATORY NO. 5</u>:

21       In addition to the general objections stated above, Mattel specifically objects

22  to this Interrogatory on the grounds that the defendants have exceeded the limit on

23  the number of Interrogatories they may properly serve on Mattel without leave of

24  the Court, which defendants have neither sought nor obtained. Mattel further

25  objects to this Interrogatory on the grounds that it is overly broad, unduly

26  burdensome and seeks information that is neither relevant nor likely to lead to the

27  discovery of admissible evidence. Mattel further objects to this Interrogatory on the

28  grounds that it is vague and ambiguous in its use of the term "OPERATIVE

COUNTERCLAIMS." Mattel objects to this Interrogatory because it is premature because it seeks information that will be the subject of expert discovery. This Interrogatory is also premature because defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel further objects to this Interrogatory on the grounds that it is vague and ambiguous including in that the full scope of documents, material and trade secrets MGA stole and the other facts necessary to determine all of the documents, material and trade secrets stolen by MGA are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to disclose information to Mattel, including by refusing to produce information that is the subject of prior Court Orders and pending Mattel motions to enforce and/or compel and by refusing to appear for deposition. Mattel objects to this Interrogatory on the grounds that it is also premature in that facts needed to determine the type and amount damages that Mattel has suffered as a result of defendant's violations of the Racketeer Influenced and Corrupt Organization Act and the other facts necessary to answer this Interrogatory are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to disclose information to Mattel, including by refusing to produce information that is the subject of prior Court Orders and pending Mattel motions to enforce and/or compel and by refusing to appear for deposition. Mattel further objects to this Interrogatory to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

<u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO INTERROGATORY NO. 5 SHOULD BE COMPELLED</u>

1   This interrogatory clearly seeks relevant information.  It directly asks for

2   information about damages Mattel claims to have suffered in this case.  Mattel's

3   RICO counterclaims are central to its claims against MGA.  MGA is entitled to

4   know the damages that Mattel claims it has suffered.  See Haseotes v. Abacab

5   International Computers, Inc., 120 F.R.D. 12, 14 (D. Mass. 1988) (party entitled to

6   discovery itemizing each element of damage alleged by other side); Miller v.

7   Pancucci, 141 F.R.D. 292, 298 (C.D. Cal 1992)(discovery to be liberally

8   construed).

9       Moreover, the term "OPERATIVE COUNTERCLAIMS," as defined in the

10  Interrogatories is entirely clear – it refers to Mattel's operative pleading at the time

11  it responds to the Interrogatories – the Third Amended Answer and Counterclaims,

12  which Mattel was threatening to file when these Interrogatories were propounded.

13  Mattel's objection that this definition is vague and ambiguous should therefore be

14  rejected.

15      As to overbreadth, Mattel provides no explanation, let alone the required

16  particularity, as to *why* these interrogatories are supposedly overly broad, nor can it

17  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

18  20 (overruling objections not stated with specificity), Spitser Decl., Ex. 18; see also

19  Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated

20  "with specificity").

21      As to burden, Mattel has not attempted to demonstrate why responding to

22  these interrogatories presents any burden.  This objection must therefore be

23  rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29

24  (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome

25  must allege specific facts which indicate the nature and extent of the burden,

26  usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated

27  March 30, 2009, at 19, Spitser Decl., Ex. 14; Order No. 17, at 23, Spitser Decl., Ex.

28  18); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000)

1    (overruling "burdensome" objections because objecting party failed to particularize

2    its basis for the objection); <u>King v. Georgia Power Co.</u>, 50 F.R.D. 134, 135 (N.D.

3    Ga. 1970) (overruling objection that interrogatory was burdensome and oppressive,

4    even though preparation of answer would be time-consuming and costly, because

5    information was crucial to the issues of the suit and in exclusive custody of

6    defendant); <u>Seff v. General Outdoor Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D.

7    Ohio 1951) (overruling "overly burdensome" objection because value of

8    information to plaintiff clearly outweighed any annoyance or expense involved in

9    disclosure by defendant); <u>Capacchione v. Charlotte-Mecklenburg Schools</u>, 182

10   F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform

11   extensive research or to compile substantial amounts of data and information does

12   not automatically constitute an undue burden.…  Imposing such a burden is

13   particularly proper where, as here, the information sought is crucial to the ultimate

14   determination of a crucial issue.…"); <u>O'Connor v. Boeing North American, Inc.</u>,

15   185 F.R.D. 272, 280-81 (C.D. Cal. 1999) (interrogatory asking responding party to

16   describe each injury "which you contend was caused by defendant's conduct" was

17   proper).

18          Mattel also makes a number of other improper objections, none of which is

19   substantiated (or valid).  Under the Federal Rules of Civil Procedure, "the grounds

20   for objecting to an interrogatory must be stated with specificity."  Fed. R. Civ. P.

21   33(b)(4).  Generic objections that fail to explain the basis for an objection with

22   specificity are routinely rejected in the Central District.  <u>See</u> <u>A. Farber and Partners,</u>

23   <u>Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

24   objections such as 'overly burdensome and harassing' are improper – especially

25   when a party fails to submit any evidentiary declarations supporting such

26   objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584,

27   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

28   tantamount to not making any objection at all").

1   For example, this Interrogatory does not seek information protected by the
2   attorney-client privilege, the attorney work product doctrine, or any other
3   applicable privilege.  Rather, it seeks facts, persons, and documents related to
4   Mattel's alleged damages from the alleged violations of the Racketeer Influenced
5   and Corrupt Organization Act.  Regardless, Mattel has failed to provide a privilege
6   log, thus waiving this objection as to any allegedly privileged documents.

7   Moreover, this Interrogatory is not premature.  See Tr. of Feb. 11, 2009
8   Hearing, at 97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no
9   discovery issues or no requests for discovery are premature at this point…."  Judge
10  Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any
11  discovery related to this case at all.").

12  Mattel's expert disclosure objection is also without support.  The fact that
13  expert testimony may ultimately bear on some of the subjects of the Interrogatories
14  does not excuse Mattel from its obligation to provide full and complete responses
15  based on the information Mattel presently has.

16  In addition, Mattel's bare assertion that MGA has "failed to produce
17  witnesses for deposition and [is] withholding information and documents requested
18  in violation of orders of the Discovery Master and the Court" is not only
19  unsupported and false, but immaterial – if this were true (and it is not), Mattel's
20  obligation to fully respond to the Interrogatories would be unaffected.

21  Also, this Interrogatory does not seek information violative of any third-
22  party's rights of privacy.  The facts, persons, and documents responsive to this
23  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
24  and as Mattel itself previously has argued, any privacy issues are fully addressed by
25  the Protective Order in this case.

26  Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of
27  information or documents that are in the possession, custody and control of
28  independent parties over whom Mattel has no control" is nonsensical – Mattel is

1  obligated to provide all information in its possession, custody, or control that is

2  responsive to the Interrogatories.

3       In short, Mattel's objections are uniformly without merit and frivolous.  The

4  Discovery Master should order Mattel to provide a substantive response to

5  Interrogatory No. 5 without objection.

6

7

8  <u>INTERROGATORY NO. 6</u>:

9       IDENTIFY ANY damages YOU contend YOU have suffered as a result of

10  the alleged MISAPPROPRIATION of trade secrets alleged by YOU in the Fourth

11  Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in THIS ACTION.

12

13  <u>RESPONSE TO INTERROGATORY NO. 6</u>:

14       In addition to the general objections stated above, Mattel specifically objects

15  to this Interrogatory on the grounds that the defendants have exceeded the limit on

16  the number of Interrogatories they may properly serve on Mattel without leave of

17  the Court, which defendants have neither sought nor obtained. Mattel further

18  objects to this Interrogatory on the grounds that it is overly broad, unduly

19  burdensome and seeks information that is neither relevant nor likely to lead to the

20  discovery of admissible evidence. Mattel further objects to this Interrogatory on the

21  grounds that it is vague and ambiguous in its use of the term "OPERATIVE

22  COUNTERCLAIMS." Mattel objects to this Interrogatory because it is premature

23  because it seeks information that will be the subject of expert discovery. This

24  Interrogatory is also premature because defendants have not complied with their

25  discovery obligations. They have failed to produce witnesses for deposition and are

26  withholding information and documents requested in violation of orders of the

27  Discovery Master and the Court. Mattel further objects to this Interrogatory on the

28  grounds that it is vague and ambiguous including in that the full scope of

1    documents, material and trade secrets MGA stole and the other facts necessary to

2    determine all of the documents, material and trade secrets stolen by MGA are

3    uniquely known by defendants and by third parties within defendants' control, but

4    are not known by Mattel at this juncture because defendants refuse to disclose

5    information to Mattel, including by refusing to produce information that is the

6    subject of prior Court Orders and pending Mattel motions to enforce and/or compel

7    and by refusing to appear for deposition. Mattel objects to this Interrogatory on the

8    grounds that it is also premature in that facts needed to determine the type and

9    amount damages that Mattel has suffered as a result of defendant's thefts and the

10   other facts necessary to answer this Interrogatory are uniquely known by defendants

11   and by third parties within defendants' control, but are not known by Mattel at this

12   juncture because defendants refuse to disclose information to Mattel, including by

13   refusing to produce information that is the subject of prior Court Orders and

14   pending Mattel motions to enforce and/or compel and by refusing to appear for

15   deposition.  Mattel further objects to this Interrogatory to the extent that it calls for

16   the disclosure of information subject to the attorney-client privilege, the attorney

17   work-product doctrine and other applicable privileges.

18

19       FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

20       INTERROGATORY NO. 6 SHOULD BE COMPELLED

21       This interrogatory clearly seeks relevant information. Misappropriation of

22   trade secrets, and Mattel's alleged damages therefrom, are at the heart of Mattel's

23   Phase 2 claims.  Further, MGA is entitled to know with specificity the information

24   that Mattel claim is a trade secret, how that information has allegedly been

25   misappropriated, and what Mattel's alleged damages (if any) are.  See Imax Corp.

26   v. Cinema Technologies, Inc., 152 F.3d 1161, 1164 (9th Cir. 1998)(plaintiff seeking

27   relief for trade secret misappropriation must identify with specificity the trade

28   secrets and carry the burden of showing they exist); Haseotes v. Abacab

1   International Computers, Inc., 120 F.R.D. 12, 14 (D. Mass. 1988) (party entitled to

2   discovery itemizing each element of damage alleged by other side).

3        Moreover, the term "OPERATIVE COUNTERCLAIMS," as defined in the

4   Interrogatories is entirely clear – it refers to Mattel's operative pleading at the time

5   it responds to the Interrogatories – the Third Amended Answer and Counterclaims,

6   which Mattel was threatening to file when these Interrogatories were propounded.

7   Mattel's objection that this term is vague and ambiguous should therefore be

8   rejected.

9        As to overbreadth, Mattel provides no explanation, let alone the required

10  particularity, as to *why* these interrogatories are supposedly overly broad, nor can it

11  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

12  20 (overruling objections not stated with specificity), Spitser Decl., Ex. 18; see also

13  Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated

14  "with specificity").

15       As to burden, Mattel has not attempted to demonstrate why responding to

16  these interrogatories presents any burden.  This objection must therefore be

17  rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29

18  (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome

19  must allege specific facts which indicate the nature and extent of the burden,

20  usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated

21  March 30, 2009, at 19, Spitser Decl., Ex. 14; Order No. 17, at 23, Spitser Decl., Ex.

22  18); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000)

23  (overruling "burdensome" objections because objecting party failed to particularize

24  its basis for the objection); King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D.

25  Ga. 1970) (overruling objection that interrogatory was burdensome and oppressive,

26  even though preparation of answer would be time-consuming and costly, because

27  information was crucial to the issues of the suit and in exclusive custody of

28  defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D.

Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden.... Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue...."); O'Connor v. Boeing North American, Inc., 185 F.R.D. 272, 280-81 (C.D. Cal. 1999) (interrogatory asking responding party to describe each injury "which you contend was caused by defendant's conduct" was proper).

Mattel also makes a number of other improper objections, none of which is substantiated (or valid). Under the Federal Rules of Civil Procedure, "the grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this Interrogatory does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Rather, it seeks facts, persons, and documents related to any damages Mattel has suffered as a result of the alleged misappropriation of its trade secrets. In any event, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

1    Moreover, this Interrogatory is not premature.  <u>See</u> Tr. of Feb. 11, 2009

2    Hearing, at 97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no

3    discovery issues or no requests for discovery are premature at this point…."  Judge

4    Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any

5    discovery related to this case at all.").

6    Mattel's expert disclosure objection is also without support.  The fact that

7    expert testimony may ultimately bear on some of the subjects of the Interrogatories

8    does not excuse Mattel from its obligation to provide full and complete responses

9    based on the information Mattel presently has.

10    In addition, Mattel's bare assertion that MGA has "failed to produce

11    witnesses for deposition and [is] withholding information and documents requested

12    in violation of orders of the Discovery Master and the Court" is not only

13    unsupported and false, but immaterial – if this were true (and it is not), Mattel's

14    obligation to fully respond to the Interrogatories would be unaffected.

15    Also, this Interrogatory does not seek information violative of any third-

16    party's rights of privacy.  The facts, persons, and documents responsive to this

17    Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

18    and as Mattel itself previously has argued, any privacy issues are fully addressed by

19    the Protective Order in this case.

20    Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

21    information or documents that are in the possession, custody and control of

22    independent parties over whom Mattel has no control" is nonsensical – Mattel is

23    obligated to provide all information in its possession, custody, or control that is

24    responsive to the Interrogatories.

25    In short, Mattel's objections are uniformly without merit and frivolous.  The

26    Discovery Master should order Mattel to provide a substantive response to

27    Interrogatory No. 6 without objection.

28

SEP STMT ISO MTN TO COMPEL FURTHER
RESPONSES TO INTERROGATORIES AND RFP
CV 04-9049 SGL (RNBx)

INTERROGATORY NO. 7:

IDENTIFY every MATTEL PRODUCT whose sales YOU contend were harmed by MGA's sale of the Bratz line of dolls and products.

RESPONSE TO INTERROGATORY NO. 7:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained. Mattel further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. This Interrogatory is also premature because defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel further objects to this Interrogatory on the grounds that it is vague and ambiguous including in that the facts needed to answer this Interrogatory are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to disclose information to Mattel, including by refusing to produce information that is the subject of prior Court Orders and pending Mattel motions to enforce and/or compel and by refusing to appear for deposition. Mattel further objects to this Interrogatory to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

1    FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
2    INTERROGATORY NO. 7 SHOULD BE COMPELLED

3         This interrogatory clearly seeks relevant information. Mattel's claim that it

4    has been harmed by MGA's sale of the Bratz line of dolls and products is a key

5    component of Mattel's Phase 2 damage claims.  MGA is entitled to know the

6    identity of any such product Mattel contends has been so harmed.  See Haseotes v.

7    Abacab International Computers, Inc., 120 F.R.D. 12, 14 (D. Mass. 1988) (party

8    entitled to discovery itemizing each element of damage alleged by other side);

9    Miller v. Pancucci, 141 F.R.D. 292, 298 (C.D. Cal 1992)(discovery to be liberally

10   construed).

11        As to overbreadth, Mattel provides no explanation, let alone the required

12   particularity, as to *why* these interrogatories are supposedly overly broad, nor can it

13   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

14   20 (overruling objections not stated with specificity), Spitser Decl., Ex. 18; see also

15   Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated

16   "with specificity").

17        As to burden, Mattel has not attempted to demonstrate why responding to

18   these interrogatories presents any burden.  This objection must therefore be

19   rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29

20   (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome

21   must allege specific facts which indicate the nature and extent of the burden,

22   usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated

23   March 30, 2009, at 19, Spitser Decl., Ex. 14; Order No. 17, at 23, Spitser Decl., Ex.

24   18); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000)

25   (overruling "burdensome" objections because objecting party failed to particularize

26   its basis for the objection); King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D.

27   Ga. 1970) (overruling objection that interrogatory was burdensome and oppressive,

28   even though preparation of answer would be time-consuming and costly, because

1   information was crucial to the issues of the suit and in exclusive custody of

2   defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D.

3   Ohio 1951) (overruling "overly burdensome" objection because value of

4   information to plaintiff clearly outweighed any annoyance or expense involved in

5   disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182

6   F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform

7   extensive research or to compile substantial amounts of data and information does

8   not automatically constitute an undue burden…. Imposing such a burden is

9   particularly proper where, as here, the information sought is crucial to the ultimate

10  determination of a crucial issue…."); O'Connor v. Boeing North American, Inc.,

11  185 F.R.D. 272, 280-81 (C.D. Cal. 1999) (interrogatory asking responding party to

12  describe each injury "which you contend was caused by defendant's conduct" was

13  proper).

14      Mattel also makes a number of other improper objections, none of which is

15  substantiated (or valid). Under the Federal Rules of Civil Procedure, "the grounds

16  for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P.

17  33(b)(4). Generic objections that fail to explain the basis for an objection with

18  specificity are routinely rejected in the Central District. See A. Farber and Partners,

19  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

20  objections such as 'overly burdensome and harassing' are improper – especially

21  when a party fails to submit any evidentiary declarations supporting such

22  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

23  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

24  tantamount to not making any objection at all").

25      For example, this Interrogatory does not seek information protected by the

26  attorney-client privilege, the attorney work product doctrine, or any other

27  applicable privilege. Rather, it seeks facts, persons, and documents related to

28  Mattel's products and sales that were allegedly harmed by MGA's sales of the

1   Bratz dolls.  In any event, Mattel has failed to provide a privilege log, thus waiving

2   this objection as to any allegedly privileged documents.

3       Moreover, this Interrogatory is not premature.  See Tr. of Feb. 11, 2009

4   Hearing, at 97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no

5   discovery issues or no requests for discovery are premature at this point…."  Judge

6   Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any

7   discovery related to this case at all.").

8       Mattel's expert disclosure objection is also without support.  The fact that

9   expert testimony may ultimately bear on some of the subjects of the Interrogatories

10  does not excuse Mattel from its obligation to provide full and complete responses

11  based on the information Mattel presently has.

12      In addition, Mattel's bare assertion that MGA has "failed to produce

13  witnesses for deposition and [is] withholding information and documents requested

14  in violation of orders of the Discovery Master and the Court" is not only

15  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

16  obligation to fully respond to the Interrogatories would be unaffected.

17      Also, this Interrogatory does not seek information violative of any third-

18  party's rights of privacy.  The facts, persons, and documents responsive to this

19  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

20  and as Mattel itself previously has argued, any privacy issues are fully addressed by

21  the Protective Order in this case.

22      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

23  information or documents that are in the possession, custody and control of

24  independent parties over whom Mattel has no control" is nonsensical – Mattel is

25  obligated to provide all information in its possession, custody, or control that is

26  responsive to the Interrogatories.

27      In short, Mattel's objections are uniformly without merit and frivolous.  The

28  Discovery Master should order Mattel to provide a substantive response to

1  Interrogatory No. 7 without objection.

2

3

4       INTERROGATORY NO. 8:

5       IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

6  harmed by ANY act or omission of MGA alleged in YOUR OPERATIVE

7  COUNTERCLAIMS.

8

9       RESPONSE TO INTERROGATORY NO. 8:

10      In addition to the general objections stated above, Mattel specifically objects

11  to this Interrogatory on the grounds that the defendants have exceeded the limit on

12  the number of Interrogatories they may properly serve on Mattel without leave of

13  the Court, which defendants have neither sought nor obtained. Mattel further

14  objects to this Interrogatory on the grounds that it is overly broad, unduly

15  burdensome and seeks information that is neither relevant nor likely to lead to the

16  discovery of admissible evidence. Mattel further objects to this Interrogatory on the

17  grounds that it is vague and ambiguous in its use of the term "OPERATIVE

18  COUNTERCLAIMS." Mattel objects to this Interrogatory because it is premature

19  because it seeks information that will be the subject of expert discovery. This

20  Interrogatory is also premature because defendants have not complied with their

21  discovery obligations. They have failed to produce witnesses for deposition and are

22  withholding information and documents requested in violation of orders of the

23  Discovery Master and the Court. Mattel further objects to this Interrogatory on the

24  grounds that it is vague and ambiguous including in that the facts needed to answer

25  this Interrogatory are uniquely known by defendants and by third parties within

26  defendants' control, but are not known by Mattel at this juncture because

27  defendants refuse to disclose information to Mattel, including by refusing to

28  produce information that is the subject of prior Court Orders and pending Mattel

1   motions to enforce and/or compel and by refusing to appear for deposition. Mattel

2   further objects to this Interrogatory to the extent that it calls for the disclosure of

3   information subject to the attorney-client privilege, the attorney work-product

4   doctrine and other applicable privileges.

5

6   <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

7   <u>INTERROGATORY NO. 8 SHOULD BE COMPELLED</u>

8       This interrogatory clearly seeks relevant information. Mattel's allegation that

9   sales of its products have been harmed by MGA's acts and/or omissions is a key

10  component of Mattel's Phase 2 damages claims.  MGA is entitled to know the

11  identity of any such products.  <u>See</u> <u>Haseotes v. Abacab International Computers,</u>

12  <u>Inc.</u>, 120 F.R.D. 12, 14 (D. Mass. 1988) (party entitled to discovery itemizing each

13  element of damage alleged by other side); <u>Miller v. Pancucci</u>, 141 F.R.D. 292, 298

14  (C.D. Cal 1992)(discovery to be liberally construed).

15      Moreover, the term "OPERATIVE COUNTERCLAIMS," as defined in the

16  Interrogatories is entirely clear – it refers to Mattel's operative pleading at the time

17  it responds to the Interrogatories – the Third Amended Answer and Counterclaims,

18  which Mattel was threatening to file when these Interrogatories were propounded.

19  Mattel's objection that this term is vague and ambiguous should therefore be

20  rejected.

21      As to overbreadth, Mattel provides no explanation, let alone the required

22  particularity, as to ***why*** these interrogatories are supposedly overly broad, nor can it

23  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

24  20 (overruling objections not stated with specificity), Spitser Decl., Ex. 18; <u>see also</u>

25  Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated

26  "with specificity").

27      As to burden, Mattel has not attempted to demonstrate why responding to

28  these interrogatories presents any burden.  This objection must therefore be

1   rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29
2   (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome
3   must allege specific facts which indicate the nature and extent of the burden,
4   usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated
5   March 30, 2009, at 19, Spitser Decl., Ex. 14; Order No. 17, at 23, Spitser Decl., Ex.
6   18); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000)
7   (overruling "burdensome" objections because objecting party failed to particularize
8   its basis for the objection); King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D.
9   Ga. 1970) (overruling objection that interrogatory was burdensome and oppressive,
10  even though preparation of answer would be time-consuming and costly, because
11  information was crucial to the issues of the suit and in exclusive custody of
12  defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D.
13  Ohio 1951) (overruling "overly burdensome" objection because value of
14  information to plaintiff clearly outweighed any annoyance or expense involved in
15  disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182
16  F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform
17  extensive research or to compile substantial amounts of data and information does
18  not automatically constitute an undue burden….  Imposing such a burden is
19  particularly proper where, as here, the information sought is crucial to the ultimate
20  determination of a crucial issue…."); O'Connor v. Boeing North American, Inc.,
21  185 F.R.D. 272, 280-81 (C.D. Cal. 1999) (interrogatory asking responding party to
22  describe each injury "which you contend was caused by defendant's conduct" was
23  proper).
24      Mattel also makes a number of other improper objections, none of which is
25  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "the grounds
26  for objecting to an interrogatory must be stated with specificity."  Fed. R. Civ. P.
27  33(b)(4).  Generic objections that fail to explain the basis for an objection with
28  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

1    <u>Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

2    objections such as 'overly burdensome and harassing' are improper – especially

3    when a party fails to submit any evidentiary declarations supporting such

4    objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584,

5    587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

6    tantamount to not making any objection at all").

7        For example, this Interrogatory does not seek information protected by the

8    attorney-client privilege, the attorney work product doctrine, or any other

9    applicable privilege.  Rather, it seeks facts, persons, and documents related to

10   Mattel's alleged harmed from acts or omissions of MGA.  In any event, Mattel has

11   failed to provide a privilege log, thus waiving this objection as to any allegedly

12   privileged documents.

13       Moreover, this Interrogatory is not premature.  <u>See</u> Tr. of Feb. 11, 2009

14   Hearing, at 97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no

15   discovery issues or no requests for discovery are premature at this point…."  Judge

16   Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any

17   discovery related to this case at all.").

18       Mattel's expert disclosure objection is also without support.  The fact that

19   expert testimony may ultimately bear on some of the subjects of the Interrogatories

20   does not excuse Mattel from its obligation to provide full and complete responses

21   based on the information Mattel presently has.

22       In addition, Mattel's bare assertion that MGA has "failed to produce

23   witnesses for deposition and [is] withholding information and documents requested

24   in violation of orders of the Discovery Master and the Court" is not only

25   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

26   obligation to fully respond to the Interrogatories would be unaffected.

27       Also, this Interrogatory does not seek information violative of any third-

28   party's rights of privacy.  The facts, persons, and documents responsive to this

1  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

2  and as Mattel itself previously has argued, any privacy issues are fully addressed by

3  the Protective Order in this case.

4       Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

5  information or documents that are in the possession, custody and control of

6  independent parties over whom Mattel has no control" is nonsensical – Mattel is

7  obligated to provide all information in its possession, custody, or control that is

8  responsive to the Interrogatories.

9       In short, Mattel's objections are uniformly without merit and frivolous.  The

10  Discovery Master should order Mattel to provide a substantive response to

11  Interrogatory No. 8 without objection.

12

13       <u>INTERROGATORY NO. 9</u>:

14       IDENTIFY ANY evidence that YOU contend was destroyed or otherwise

15  spoiliated by or on behalf of MGA.

16

17       <u>RESPONSE TO INTERROGATORY NO. 9</u>:

18       In addition to the general objections stated above, Mattel specifically objects

19  to this Interrogatory on the grounds that the defendants have exceeded the limit on

20  the number of Interrogatories they may properly serve on Mattel without leave of

21  the Court, which defendants have neither sought nor obtained. Mattel further

22  objects to this Interrogatory on the grounds that it is overly broad, unduly

23  burdensome and seeks information that is neither relevant nor likely to lead to the

24  discovery of admissible evidence. Mattel objects to this Interrogatory because it is

25  premature because it seeks information that will be the subject of expert discovery.

26  This Interrogatory is also premature because defendants have not complied with

27  their discovery obligations. They have failed to produce witnesses for deposition

28  and are withholding information and documents requested in violation of orders of

- 38 -

1   the Discovery Master and the Court. Mattel further objects to this Interrogatory on

2   the grounds that it is vague and ambiguous including in that the facts needed to

3   answer this Interrogatory are uniquely known by defendants and by third parties

4   within defendants' control, but are not known by Mattel at this juncture because

5   defendants refuse to disclose information to Mattel, including by refusing to

6   produce information that is the subject of prior Court Orders and pending Mattel

7   motions to enforce and/or compel and by refusing to appear for deposition. Mattel

8   further objects to this Interrogatory to the extent that it calls for the disclosure of

9   information subject to the attorney-client privilege, the attorney work-product

10  doctrine and other applicable privileges.

11

12      FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

13          INTERROGATORY NO. 9 SHOULD BE COMPELLED

14      This interrogatory clearly seeks relevant information.  Mattel has expressly

15  alleged destruction of evidence and spoiliation by MGA.  MGA is entitled to know

16  the identity of any such evidence.  See St. Paul Reinsurance Co. v. Commercial

17  Financial Corp., 198 F.R.D. 508, 511 (D. Iowa 2000) (discovery permitted so long

18  as relevant to the claims at issue).

19      As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to *why* these interrogatories are supposedly overly broad, nor can it

21  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

22  20 (overruling objections not stated with specificity), Spitser Decl., Ex. 18; see also

23  Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated

24  "with specificity").

25      As to burden, Mattel has not attempted to demonstrate why responding to

26  these interrogatories presents any burden.  This objection must therefore be

27  rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29

28  (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome

1    must allege specific facts which indicate the nature and extent of the burden,

2    usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated

3    March 30, 2009, at 19, Spitser Decl., Ex. 14; Order No. 17, at 23, Spitser Decl., Ex.

4    18); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000)

5    (overruling "burdensome" objections because objecting party failed to particularize

6    its basis for the objection); King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D.

7    Ga. 1970) (overruling objection that interrogatory was burdensome and oppressive,

8    even though preparation of answer would be time-consuming and costly, because

9    information was crucial to the issues of the suit and in exclusive custody of

10   defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D.

11   Ohio 1951) (overruling "overly burdensome" objection because value of

12   information to plaintiff clearly outweighed any annoyance or expense involved in

13   disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182

14   F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform

15   extensive research or to compile substantial amounts of data and information does

16   not automatically constitute an undue burden…. Imposing such a burden is

17   particularly proper where, as here, the information sought is crucial to the ultimate

18   determination of a crucial issue…."); O'Connor v. Boeing North American, Inc.,

19   185 F.R.D. 272, 280-81 (C.D. Cal. 1999) (interrogatory asking responding party to

20   describe each injury "which you contend was caused by defendant's conduct" was

21   proper).

22          Mattel also makes a number of other improper objections, none of which is

23   substantiated (or valid). Under the Federal Rules of Civil Procedure, "the grounds

24   for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P.

25   33(b)(4). Generic objections that fail to explain the basis for an objection with

26   specificity are routinely rejected in the Central District. See A. Farber and Partners,

27   Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

28   objections such as 'overly burdensome and harassing' are improper – especially

1   when a party fails to submit any evidentiary declarations supporting such

2   objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584,

3   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

4   tantamount to not making any objection at all").

5          For example, this Interrogatory does not seek information protected by the

6   attorney-client privilege, the attorney work product doctrine, or any other

7   applicable privilege.  Rather, it seeks facts, persons, and documents related to

8   Mattel's spoliation claim.  In any event, Mattel has failed to provide a privilege log,

9   thus waiving this objection as to any allegedly privileged documents.

10         Moreover, this Interrogatory is not premature.  <u>See</u> Tr. of Feb. 11, 2009

11  Hearing, at 97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no

12  discovery issues or no requests for discovery are premature at this point…."  Judge

13  Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any

14  discovery related to this case at all.").

15         Mattel's expert disclosure objection is also without support.  The fact that

16  expert testimony may ultimately bear on some of the subjects of the Interrogatories

17  does not excuse Mattel from its obligation to provide full and complete responses

18  based on the information Mattel presently has.

19         In addition, Mattel's bare assertion that MGA has "failed to produce

20  witnesses for deposition and [is] withholding information and documents requested

21  in violation of orders of the Discovery Master and the Court" is not only

22  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

23  obligation to fully respond to the Interrogatories would be unaffected.

24         Also, this Interrogatory does not seek information violative of any third-

25  party's rights of privacy.  The facts, persons, and documents responsive to this

26  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

27  and as Mattel itself previously has argued, any privacy issues are fully addressed by

28  the Protective Order in this case.

1    Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

2    information or documents that are in the possession, custody and control of

3    independent parties over whom Mattel has no control" is nonsensical – Mattel is

4    obligated to provide all information in its possession, custody, or control that is

5    responsive to the Interrogatories.

6        In short, Mattel's objections are uniformly without merit and frivolous.  The

7    Discovery Master should order Mattel to provide a substantive response to

8    Interrogatory No. 9 without objection.

9

10   <u>INTERROGATORY NO. 10</u>:

11       For each specific piece of evidence that YOU IDENTIFIED in response to

12   Interrogatory No. 9, IDENTIFY the PERSON(S) that YOU contend destroyed or

13   spoiled such specific piece of evidence.

14

15   <u>RESPONSE TO INTERROGATORY NO. 10</u>:

16       In addition to the general objections stated above, Mattel specifically objects

17   to this Interrogatory on the grounds that the defendants have exceeded the limit on

18   the number of Interrogatories they may properly serve on Mattel without leave of

19   the Court, which defendants have neither sought nor obtained. Mattel further

20   objects to this Interrogatory on the grounds that it is overly broad, unduly

21   burdensome and seeks information that is neither relevant nor likely to lead to the

22   discovery of admissible evidence. Mattel objects to this Interrogatory because it is

23   premature because it seeks information that will be the subject of expert discovery.

24   This Interrogatory is also premature because defendants have not complied with

25   their discovery obligations. They have failed to produce witnesses for deposition

26   and are withholding information and documents requested in violation of orders of

27   the Discovery Master and the Court. Mattel further objects to this Interrogatory on

28   the grounds that it is vague and ambiguous including in that the facts needed to

1   answer this Interrogatory are uniquely known by defendants and by third parties

2   within defendants' control, but are not known by Mattel at this juncture because

3   defendants refuse to disclose information to Mattel, including by refusing to

4   produce information that is the subject of prior Court Orders and pending Mattel

5   motions to enforce and/or compel and by refusing to appear for deposition. Mattel

6   further objects to this Interrogatory to the extent that it calls for the disclosure of

7   information subject to the attorney-client privilege, the attorney work-product

8   doctrine and other applicable privileges.

9

10          FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

11              INTERROGATORY NO. 10 SHOULD BE COMPELLED

12          This interrogatory clearly seeks relevant information.  Mattel has alleged

13   destruction of evidence and spoiliation by MGA.  MGA is entitled to know the

14   identity of any individual(s) that Mattel contends did so.  See St. Paul Reinsurance

15   Co. v. Commercial Financial Corp., 198 F.R.D. 508, 511 (D. Iowa 2000) (discovery

16   permitted so long as long as relevant to the claims at issue).

17          As to overbreadth, Mattel provides no explanation, let alone the required

18   particularity, as to *why* these interrogatories are supposedly overly broad, nor can it

19   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

20   20 (overruling objections not stated with specificity), Spitser Decl., Ex. 18; see also

21   Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated

22   "with specificity").

23          As to burden, Mattel has not attempted to demonstrate why responding to

24   these interrogatories presents any burden.  This objection must therefore be

25   rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29

26   (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome

27   must allege specific facts which indicate the nature and extent of the burden,

28   usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated

1   March 30, 2009, at 19, Spitser Decl., Ex. 14; Order No. 17, at 23, Spitser Decl., Ex.

2   18); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000)

3   (overruling "burdensome" objections because objecting party failed to particularize

4   its basis for the objection); King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D.

5   Ga. 1970) (overruling objection that interrogatory was burdensome and oppressive,

6   even though preparation of answer would be time-consuming and costly, because

7   information was crucial to the issues of the suit and in exclusive custody of

8   defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D.

9   Ohio 1951) (overruling "overly burdensome" objection because value of

10  information to plaintiff clearly outweighed any annoyance or expense involved in

11  disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182

12  F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform

13  extensive research or to compile substantial amounts of data and information does

14  not automatically constitute an undue burden…. Imposing such a burden is

15  particularly proper where, as here, the information sought is crucial to the ultimate

16  determination of a crucial issue…."); O'Connor v. Boeing North American, Inc.,

17  185 F.R.D. 272, 280-81 (C.D. Cal. 1999) (interrogatory asking responding party to

18  describe each injury "which you contend was caused by defendant's conduct" was

19  proper).

20          Mattel also makes a number of other improper objections, none of which is

21  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "the grounds

22  for objecting to an interrogatory must be stated with specificity."  Fed. R. Civ. P.

23  33(b)(4).  Generic objections that fail to explain the basis for an objection with

24  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

25  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

26  objections such as 'overly burdensome and harassing' are improper – especially

27  when a party fails to submit any evidentiary declarations supporting such

28  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

1    587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

2    tantamount to not making any objection at all").

3         For example, this Interrogatory does not seek information protected by the

4    attorney-client privilege, the attorney work product doctrine, or any other

5    applicable privilege.  Rather, it seeks information concerning the identity of persons

6    related to Mattel's spoliation claim.  In any event, Mattel has failed to provide a

7    privilege log, thus waiving this objection as to any allegedly privileged documents.

8         Moreover, this Interrogatory is not premature.  See Tr. of Feb. 11, 2009

9    Hearing, at 97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no

10   discovery issues or no requests for discovery are premature at this point…."  Judge

11   Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any

12   discovery related to this case at all.").

13        Mattel's expert disclosure objection is also without support.  The fact that

14   expert testimony may ultimately bear on some of the subjects of the Interrogatories

15   does not excuse Mattel from its obligation to provide full and complete responses

16   based on the information Mattel presently has.

17        In addition, Mattel's bare assertion that MGA has "failed to produce

18   witnesses for deposition and [is] withholding information and documents requested

19   in violation of orders of the Discovery Master and the Court" is not only

20   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

21   obligation to fully respond to the Interrogatories would be unaffected.

22        Also, this Interrogatory does not seek information violative of any third-

23   party's rights of privacy.  The facts, persons, and documents responsive to this

24   Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

25   and as Mattel itself previously has argued, any privacy issues are fully addressed by

26   the Protective Order in this case.

27        Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

28   information or documents that are in the possession, custody and control of

1   independent parties over whom Mattel has no control" is nonsensical – Mattel is

2   obligated to provide all information in its possession, custody, or control that is

3   responsive to the Interrogatories.

4        In short, Mattel's objections are uniformly without merit and frivolous.  The

5   Discovery Master should order Mattel to provide a substantive response to

6   Interrogatory No. 10 without objection.

7

8        <u>INTERROGATORY NO. 11</u>:

9        For each piece of evidence YOU IDENTIFIED in response to Interrogatory

10  No. 9, state ANY facts that support YOUR contention and IDENTIFY ANY

11  PERSONS with knowledge of such facts and ANY DOCUMENTS that REFER

12  OR RELATE to such facts.

13

14       <u>RESPONSE TO INTERROGATORY NO. 11</u>:

15       In addition to the general objections stated above, Mattel specifically objects

16  to this Interrogatory on the grounds that the defendants have exceeded the limit on

17  the number of Interrogatories they may properly serve on Mattel without leave of

18  the Court, which defendants have neither sought nor obtained. Mattel further

19  objects to this Interrogatory on the grounds that it is overly broad, unduly

20  burdensome and seeks information that is neither relevant nor likely to lead to the

21  discovery of admissible evidence. This Interrogatory is also premature because

22  defendants have not complied with their discovery obligations. They have failed to

23  produce witnesses for deposition and are withholding information and documents

24  requested in violation of orders of the Discovery Master and the Court. Mattel

25  further objects to this Interrogatory on the grounds that it is vague and ambiguous

26  including in that the facts necessary to answer this Interrogatory are uniquely

27  known by defendants and by third parties within defendants' control, but are not

28  known by Mattel at this juncture because defendants refuse to disclose information

1   to Mattel, including by refusing to produce information that is the subject of prior

2   Court Orders and pending Mattel motions to enforce and/or compel and by refusing

3   to appear for deposition. Mattel further objects to this Interrogatory to the extent

4   that it calls for the disclosure of information subject to the attorney-client privilege,

5   the attorney work-product doctrine and other applicable privileges.

6

7       FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

8          INTERROGATORY NO. 11 SHOULD BE COMPELLED

9       This interrogatory clearly seeks relevant information. Mattel has alleged

10  destruction of evidence and spoiliation by MGA. In order to defend itself against

11  these accusations, MGA is entitled to know the facts supporting these claims and

12  the persons with knowledge of those facts. See St. Paul Reinsurance Co. v.

13  Commercial Financial Corp., 198 F.R.D. 508, 511 (D. Iowa 2000) (discovery

14  permitted so long as relevant to the claims at issue).

15      As to overbreadth, Mattel provides no explanation, let alone the required

16  particularity, as to *why* these interrogatories are supposedly overly broad, nor can it

17  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

18  20 (overruling objections not stated with specificity), Spitser Decl., Ex. 18; see also

19  Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated

20  "with specificity").

21      As to burden, Mattel has not attempted to demonstrate why responding to

22  these interrogatories presents any burden. This objection must therefore be

23  rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29

24  (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome

25  must allege specific facts which indicate the nature and extent of the burden,

26  usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated

27  March 30, 2009, at 19, Spitser Decl., Ex. 14; Order No. 17, at 23, Spitser Decl., Ex.

28  18); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000)

1    (overruling "burdensome" objections because objecting party failed to particularize

2    its basis for the objection); <u>King v. Georgia Power Co.</u>, 50 F.R.D. 134, 135 (N.D.

3    Ga. 1970) (overruling objection that interrogatory was burdensome and oppressive,

4    even though preparation of answer would be time-consuming and costly, because

5    information was crucial to the issues of the suit and in exclusive custody of

6    defendant); <u>Seff v. General Outdoor Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D.

7    Ohio 1951) (overruling "overly burdensome" objection because value of

8    information to plaintiff clearly outweighed any annoyance or expense involved in

9    disclosure by defendant); <u>Capacchione v. Charlotte-Mecklenburg Schools</u>, 182

10   F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform

11   extensive research or to compile substantial amounts of data and information does

12   not automatically constitute an undue burden…. Imposing such a burden is

13   particularly proper where, as here, the information sought is crucial to the ultimate

14   determination of a crucial issue…."); <u>O'Connor v. Boeing North American, Inc.</u>,

15   185 F.R.D. 272, 280-81 (C.D. Cal. 1999) (interrogatory asking responding party to

16   describe each injury "which you contend was caused by defendant's conduct" was

17   proper).

18        Mattel also makes a number of other improper objections, none of which is

19   substantiated (or valid). Under the Federal Rules of Civil Procedure, "the grounds

20   for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P.

21   33(b)(4). Generic objections that fail to explain the basis for an objection with

22   specificity are routinely rejected in the Central District. <u>See A. Farber and Partners,</u>

23   <u>Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

24   objections such as 'overly burdensome and harassing' are improper – especially

25   when a party fails to submit any evidentiary declarations supporting such

26   objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584,

27   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

28   tantamount to not making any objection at all").

1    For example, this Interrogatory does not seek information protected by the

2    attorney-client privilege, the attorney work product doctrine, or any other

3    applicable privilege.  Rather, it seeks information concerning facts and the identity

4    of persons with knowledge of facts related to Mattel's spoliation claim.  In any

5    event, Mattel has failed to provide a privilege log, thus waiving this objection as to

6    any allegedly privileged documents.

7    Moreover, this Interrogatory is not premature.  <u>See</u> Tr. of Feb. 11, 2009

8    Hearing, at 97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no

9    discovery issues or no requests for discovery are premature at this point…."  Judge

10   Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any

11   discovery related to this case at all.").

12   Mattel's expert disclosure objection is also without support.  The fact that

13   expert testimony may ultimately bear on some of the subjects of the Interrogatories

14   does not excuse Mattel from its obligation to provide full and complete responses

15   based on the information Mattel presently has.

16   In addition, Mattel's bare assertion that MGA has "failed to produce

17   witnesses for deposition and [is] withholding information and documents requested

18   in violation of orders of the Discovery Master and the Court" is not only

19   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

20   obligation to fully respond to the Interrogatories would be unaffected.

21   Also, this Interrogatory does not seek information violative of any third-

22   party's rights of privacy.  The facts, persons, and documents responsive to this

23   Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

24   and as Mattel itself previously has argued, any privacy issues are fully addressed by

25   the Protective Order in this case.

26   Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

27   information or documents that are in the possession, custody and control of

28   independent parties over whom Mattel has no control" is nonsensical – Mattel is

1   obligated to provide all information in its possession, custody, or control that is

2   responsive to the Interrogatories.

3        In short, Mattel's objections are uniformly without merit and frivolous.  The

4   Discovery Master should order Mattel to provide a substantive response to

5   Interrogatory No. 11 without objection.

6

7

8        <u>INTERROGATORY NO. 12</u>:

9        IDENTIFY each act or omission by Isaac Larian that YOU contend

10  constitutes "racketeering activity" as defined by 18 U.S.C. § 1961(1), IDENTIFY

11  ANY PERSONS with knowledge of each alleged act or omission, and IDENTIFY

12  ANY DOCUMENTS that REFER OR RELATE to each alleged act or omission.

13

14       <u>RESPONSE TO INTERROGATORY NO. 12</u>:

15       In addition to the general objections stated above, Mattel specifically objects

16  to this Interrogatory on the grounds that the defendants have exceeded the limit on

17  the number of Interrogatories they may properly serve on Mattel without leave of

18  the Court, which defendants have neither sought nor obtained. Mattel further

19  objects to this Interrogatory on the grounds that it is overly broad, unduly

20  burdensome and seeks information that is neither relevant nor likely to lead to the

21  discovery of admissible evidence. Mattel objects to this Interrogatory because it is

22  premature because it seeks information that will be the subject of expert discovery.

23  This Interrogatory is also premature because defendants have not complied with

24  their discovery obligations. They have failed to produce witnesses for deposition

25  and are withholding information and documents requested in violation of orders of

26  the Discovery Master and the Court. Mattel objects to this Interrogatory on the

27  grounds that it is also premature, vague and ambiguous including in that facts

28  needed to determine Larian's violations of the Racketeer Influenced and Corrupt

1   Organization Act and the other facts necessary to answer this Interrogatory are

2   uniquely known by defendants and by third parties within defendants' control, but

3   are not known by Mattel at this juncture because defendants refuse to disclose

4   information to Mattel, including by refusing to produce information that is the

5   subject of prior Court Orders and pending Mattel motions to enforce and/or compel

6   and by refusing to appear for deposition. Mattel further objects to this Interrogatory

7   to the extent that it calls for the disclosure of information subject to the attorney-

8   client privilege, the attorney work-product doctrine and other applicable privileges.

9

10  <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

11  INTERROGATORY NO. 12 SHOULD BE COMPELLED</u>

12          This interrogatory clearly seeks relevant information.  Mattel's RICO

13  allegations lie at the heart of its voluminous counterclaims.  MGA is entitled to

14  know the basis of such claims.  <u>See</u> <u>St. Paul Reinsurance Co. v. Commercial</u>

15  <u>Financial Corp.</u>, 198 F.R.D. 508, 511 (D. Iowa 2000) (discovery permitted if

16  relevant to the claims at issue).

17          As to overbreadth, Mattel provides no explanation, let alone the required

18  particularity, as to **why** these interrogatories are supposedly overly broad, nor can it

19  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

20  20 (overruling objections not stated with specificity), Spitser Decl., Ex. 18; <u>see also</u>

21  Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated

22  "with specificity").

23          As to burden, Mattel has not attempted to demonstrate why responding to

24  these interrogatories presents any burden.  This objection must therefore be

25  rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29

26  (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome

27  must allege specific facts which indicate the nature and extent of the burden,

28  usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated

1    March 30, 2009, at 19, Spitser Decl., Ex. 14; Order No. 17, at 23, Spitser Decl., Ex.

2    18); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000)

3    (overruling "burdensome" objections because objecting party failed to particularize

4    its basis for the objection); King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D.

5    Ga. 1970) (overruling objection that interrogatory was burdensome and oppressive,

6    even though preparation of answer would be time-consuming and costly, because

7    information was crucial to the issues of the suit and in exclusive custody of

8    defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D.

9    Ohio 1951) (overruling "overly burdensome" objection because value of

10   information to plaintiff clearly outweighed any annoyance or expense involved in

11   disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182

12   F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform

13   extensive research or to compile substantial amounts of data and information does

14   not automatically constitute an undue burden…. Imposing such a burden is

15   particularly proper where, as here, the information sought is crucial to the ultimate

16   determination of a crucial issue…."); O'Connor v. Boeing North American, Inc.,

17   185 F.R.D. 272, 280-81 (C.D. Cal. 1999) (interrogatory asking responding party to

18   describe each injury "which you contend was caused by defendant's conduct" was

19   proper).

20        Mattel also makes a number of other improper objections, none of which is

21   substantiated (or valid). Under the Federal Rules of Civil Procedure, "the grounds

22   for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P.

23   33(b)(4). Generic objections that fail to explain the basis for an objection with

24   specificity are routinely rejected in the Central District. See A. Farber and Partners,

25   Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

26   objections such as 'overly burdensome and harassing' are improper – especially

27   when a party fails to submit any evidentiary declarations supporting such

28   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

1   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

2   tantamount to not making any objection at all").

3       For example, this Interrogatory does not seek information protected by the

4   attorney-client privilege, the attorney work product doctrine, or any other

5   applicable privilege.  Rather, it seeks information concerning acts or omissions by a

6   specific individual related to Mattel's RICO claims.  In any event, Mattel has failed

7   to provide a privilege log, thus waiving this objection as to any allegedly privileged

8   documents.

9       Moreover, this Interrogatory is not premature.  See Tr. of Feb. 11, 2009

10  Hearing, at 97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no

11  discovery issues or no requests for discovery are premature at this point…."  Judge

12  Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any

13  discovery related to this case at all.").

14      Mattel's expert disclosure objection is also without support.  The fact that

15  expert testimony may ultimately bear on some of the subjects of the Interrogatories

16  does not excuse Mattel from its obligation to provide full and complete responses

17  based on the information Mattel presently has.

18      In addition, Mattel's bare assertion that MGA has "failed to produce

19  witnesses for deposition and [is] withholding information and documents requested

20  in violation of orders of the Discovery Master and the Court" is not only

21  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

22  obligation to fully respond to the Interrogatories would be unaffected.

23      Also, this Interrogatory does not seek information violative of any third-

24  party's rights of privacy.  The facts, persons, and documents responsive to this

25  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

26  and as Mattel itself previously has argued, any privacy issues are fully addressed by

27  the Protective Order in this case.

28      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

1   information or documents that are in the possession, custody and control of
2   independent parties over whom Mattel has no control" is nonsensical – Mattel is
3   obligated to provide all information in its possession, custody, or control that is
4   responsive to the Interrogatories.

5       In short, Mattel's objections are uniformly without merit and frivolous.  The
6   Discovery Master should order Mattel to provide a substantive response to
7   Interrogatory No. 12 without objection.

8

9

10      <u>INTERROGATORY NO. 13</u>:

11      IDENTIFY each act or omission by MGA that YOU contend constitutes
12  "racketeering activity" as defined by 18 U.S.C. § 1961 (1) state ANY facts that
13  support YOUR contention and IDENTIFY ANY PERSONS with knowledge of
14  each alleged act or omission and ANY DOCUMENTS that REFER OR RELATE
15  to each alleged act or omission.

16

17      <u>RESPONSE TO INTERROGATORY NO. 13</u>:

18      In addition to the general objections stated above, Mattel specifically objects
19  to this Interrogatory on the grounds that the defendants have exceeded the limit on
20  the number of Interrogatories they may properly serve on Mattel without leave of
21  the Court, which defendants have neither sought nor obtained. Mattel further
22  objects to this Interrogatory on the grounds that it is overly broad, unduly
23  burdensome and seeks information that is neither relevant nor likely to lead to the
24  discovery of admissible evidence. Mattel objects to this Interrogatory because it is
25  premature because it seeks information that will be the subject of expert discovery.
26  This Interrogatory is also premature because defendants have not complied with
27  their discovery obligations. They have failed to produce witnesses for deposition
28  and are withholding information and documents requested in violation of orders of

1    the Discovery Master and the Court. Mattel objects to this Interrogatory on the

2    grounds that it is also premature, vague and ambiguous including in that facts

3    needed to determine MGA's violations of the Racketeer Influenced and Corrupt

4    Organization Act and the other facts necessary to answer this Interrogatory are

5    uniquely known by defendants and by third parties within defendants' control, but

6    are not known by Mattel at this juncture because defendants refuse to disclose

7    information to Mattel, including by refusing to produce information that is the

8    subject of prior Court Orders and pending Mattel motions to enforce and/or compel

9    and by refusing to appear for deposition. Mattel further objects to this Interrogatory

10   to the extent that it calls for the disclosure of information subject to the attorney-

11   client privilege, the attorney work-product doctrine and other applicable privileges.

12

13           FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

14              INTERROGATORY NO. 13 SHOULD BE COMPELLED

15           This interrogatory clearly seeks relevant information.  MGA's alleged RICO

16   violations form a significant portion of Mattel's counterclaims.  MGA is entitled to

17   know the basis of what acts Mattel is relying upon for its claims.  See St. Paul

18   Reinsurance Co. v. Commercial Financial Corp., 198 F.R.D. 508, 511 (D. Iowa

19   2000) (discovery permitted so long as relevant to the claims at issue).

20           As to overbreadth, Mattel provides no explanation, let alone the required

21   particularity, as to **why** these interrogatories are supposedly overly broad, nor can it

22   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

23   20 (overruling objections not stated with specificity), Spitser Decl., Ex. 18; see also

24   Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated

25   "with specificity").

26           As to burden, Mattel has not attempted to demonstrate why responding to

27   these interrogatories presents any burden.  This objection must therefore be

28   rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29

1   (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome

2   must allege specific facts which indicate the nature and extent of the burden,

3   usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated

4   March 30, 2009, at 19, Spitser Decl., Ex. 14; Order No. 17, at 23, Spitser Decl., Ex.

5   18); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000)

6   (overruling "burdensome" objections because objecting party failed to particularize

7   its basis for the objection); King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D.

8   Ga. 1970) (overruling objection that interrogatory was burdensome and oppressive,

9   even though preparation of answer would be time-consuming and costly, because

10  information was crucial to the issues of the suit and in exclusive custody of

11  defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D.

12  Ohio 1951) (overruling "overly burdensome" objection because value of

13  information to plaintiff clearly outweighed any annoyance or expense involved in

14  disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182

15  F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform

16  extensive research or to compile substantial amounts of data and information does

17  not automatically constitute an undue burden.... Imposing such a burden is

18  particularly proper where, as here, the information sought is crucial to the ultimate

19  determination of a crucial issue...."); O'Connor v. Boeing North American, Inc.,

20  185 F.R.D. 272, 280-81 (C.D. Cal. 1999) (interrogatory asking responding party to

21  describe each injury "which you contend was caused by defendant's conduct" was

22  proper).

23       Mattel also makes a number of other improper objections, none of which is

24  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "the grounds

25  for objecting to an interrogatory must be stated with specificity."  Fed. R. Civ. P.

26  33(b)(4).  Generic objections that fail to explain the basis for an objection with

27  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

28  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

1  objections such as 'overly burdensome and harassing' are improper – especially

2  when a party fails to submit any evidentiary declarations supporting such

3  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

4  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

5  tantamount to not making any objection at all").

6      For example, this Interrogatory does not seek information protected by the

7  attorney-client privilege, the attorney work product doctrine, or any other

8  applicable privilege.  Rather, it seeks information concerning acts or omissions by a

9  specific entity related to Mattel's RICO claims.  In any event, Mattel has failed to

10  provide a privilege log, thus waiving this objection as to any allegedly privileged

11  documents.

12      Moreover, this Interrogatory is not premature.  See Tr. of Feb. 11, 2009

13  Hearing, at 97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no

14  discovery issues or no requests for discovery are premature at this point…."  Judge

15  Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any

16  discovery related to this case at all.").

17      Mattel's expert disclosure objection is also without support.  The fact that

18  expert testimony may ultimately bear on some of the subjects of the Interrogatories

19  does not excuse Mattel from its obligation to provide full and complete responses

20  based on the information Mattel presently has.

21      In addition, Mattel's bare assertion that MGA has "failed to produce

22  witnesses for deposition and [is] withholding information and documents requested

23  in violation of orders of the Discovery Master and the Court" is not only

24  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

25  obligation to fully respond to the Interrogatories would be unaffected.

26      Also, this Interrogatory does not seek information violative of any third-

27  party's rights of privacy.  The facts, persons, and documents responsive to this

28  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

1   and as Mattel itself previously has argued, any privacy issues are fully addressed by

2   the Protective Order in this case.

3        Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

4   information or documents that are in the possession, custody and control of

5   independent parties over whom Mattel has no control" is nonsensical – Mattel is

6   obligated to provide all information in its possession, custody, or control that is

7   responsive to the Interrogatories.

8        In short, Mattel's objections are uniformly without merit and frivolous.  The

9   Discovery Master should order Mattel to provide a substantive response to

10  Interrogatory No. 13 without objection.

11

12

13  <u>INTERROGATORY NO. 14</u>:

14       For each act or omission by MGA that YOU contend constitutes

15  "racketeering activity" as defined by 18 U.S.C. § 1961(4) state ANY facts which

16  support YOUR contention, if YOU so contend, that Isaac Larian participated in or

17  directed ANY such acts.

18

19  <u>RESPONSE TO INTERROGATORY NO. 14</u>:

20       In addition to the general objections stated above, Mattel specifically objects

21  to this Interrogatory on the grounds that the defendants have exceeded the limit on

22  the number of Interrogatories they may properly serve on Mattel without leave of

23  the Court, which defendants have neither sought nor obtained. Mattel further

24  objects to this Interrogatory on the grounds that it is overly broad, unduly

25  burdensome and seeks information that is neither relevant nor likely to lead to the

26  discovery of admissible evidence. Mattel objects to this Interrogatory because it is

27  premature because it seeks information that will be the subject of expert discovery.

28  This Interrogatory is also premature because defendants have not complied with

their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel objects to this Interrogatory on the grounds that it is also premature, vague and ambiguous including in that facts needed to determine MGA's violations of the Racketeer Influenced and Corrupt Organization Act and the other facts necessary to answer this Interrogatory are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to disclose information to Mattel, including by refusing to produce information that is the subject of prior Court Orders and pending Mattel motions to enforce and/or compel and by refusing to appear for deposition. Mattel further objects to this Interrogatory to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO INTERROGATORY NO. 14 SHOULD BE COMPELLED

This interrogatory clearly seeks relevant information. MGA's and Mr. Larian's alleged RICO violations form a significant portion of Mattel's counterclaims. MGA is entitled to know the basis of Mattel's claim that Mr. Larian participated in or directed such alleged activity. See St. Paul Reinsurance Co. v. Commercial Financial Corp., 198 F.R.D. 508, 511 (D. Iowa 2000) (discovery permitted so long as relevant to the claims at issue).

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* these interrogatories are supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Spitser Decl., Ex. 18; see also Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated "with specificity").

1    As to burden, Mattel has not attempted to demonstrate why responding to

2   these interrogatories presents any burden.  This objection must therefore be

3   rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29

4   (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome

5   must allege specific facts which indicate the nature and extent of the burden,

6   usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated

7   March 30, 2009, at 19, Spitser Decl., Ex. 14; Order No. 17, at 23, Spitser Decl., Ex.

8   18); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000)

9   (overruling "burdensome" objections because objecting party failed to particularize

10  its basis for the objection); King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D.

11  Ga. 1970) (overruling objection that interrogatory was burdensome and oppressive,

12  even though preparation of answer would be time-consuming and costly, because

13  information was crucial to the issues of the suit and in exclusive custody of

14  defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D.

15  Ohio 1951) (overruling "overly burdensome" objection because value of

16  information to plaintiff clearly outweighed any annoyance or expense involved in

17  disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182

18  F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform

19  extensive research or to compile substantial amounts of data and information does

20  not automatically constitute an undue burden….  Imposing such a burden is

21  particularly proper where, as here, the information sought is crucial to the ultimate

22  determination of a crucial issue…."); O'Connor v. Boeing North American, Inc.,

23  185 F.R.D. 272, 280-81 (C.D. Cal. 1999) (interrogatory asking responding party to

24  describe each injury "which you contend was caused by defendant's conduct" was

25  proper).

26    Mattel also makes a number of other improper objections, none of which is

27  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "the grounds

28  for objecting to an interrogatory must be stated with specificity."  Fed. R. Civ. P.

33(b)(4).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this Interrogatory does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.  Rather, it seeks information concerning acts or omissions related to Mattel's RICO claims.  In any event, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this Interrogatory is not premature.  See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point…."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the Interrogatories does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the Interrogatories would be unaffected.

Also, this Interrogatory does not seek information violative of any third-

1  party's rights of privacy.  The facts, persons, and documents responsive to this

2  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

3  and as Mattel itself previously has argued, any privacy issues are fully addressed by

4  the Protective Order in this case.

5       Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

6  information or documents that are in the possession, custody and control of

7  independent parties over whom Mattel has no control" is nonsensical – Mattel is

8  obligated to provide all information in its possession, custody, or control that is

9  responsive to the Interrogatories.

10      In short, Mattel's objections are uniformly without merit and frivolous.  The

11  Discovery Master should order Mattel to provide a substantive response to

12  Interrogatory No. 14 without objection.

13  **II.    Requests For Production in MGA's Second Set of Phase 2 Requests for**

14  **Production At Issue and Responses**

15

16      Mattel moves to compel further responses to certain of MGA's Second Set of

17  Phase 2 Requests for Production, in particular Nos. 69-76, 80, 82, 84, 85, 90, 93,

18  98, 107, and 108 (the "Requests at Issue").

19

20      REQUEST FOR PRODUCTION NO. 69:

21      All DOCUMENTS identified, described or referenced in YOUR response to

22  INTERROGATORY NO. 1 or containing information that YOU used or to which

23  YOU referred in formulating the response.

24

25      RESPONSE TO REQUEST FOR PRODUCTION NO. 69:

26      Mattel incorporates by reference the above-stated general objections as if

27  fully set forth herein. Mattel further specifically objects to this Request on the

28  grounds and to the extent that it calls for the production of documents subject to the

1   attorney-client privilege, the attorney work product doctrine and other applicable

2   privileges. Such documents will not be produced. Mattel further specifically objects

3   to this Request on the grounds that it is vague and ambiguous. Mattel further

4   objects to the Request on the ground that it is premature because the subject matter

5   of this Request will be the subject of expert testimony at trial. Mattel objects to this

6   Request to the extent it seeks to limit the expert testimony that Mattel may seek to

7   introduce at trial. Mattel will identify its experts and make related disclosures in

8   accordance with the Court's orders and applicable rules. Mattel further objects that

9   this Request is premature because Defendants have not complied with their

10  discovery obligations by failing to produce witnesses for deposition and

11  withholding information and documents requested in violation of orders of the

12  Discovery Master and the Court. Mattel further objects to this Request on the

13  ground and to the extent it seeks trade secret, proprietary or otherwise confidential

14  information of Mattel or third parties. Any such documents that are produced, if

15  any, will be produced only pursuant to and in reliance upon the Protective Order

16  entered in this case. Mattel also objects to this Request to the extent it seeks

17  documents that are in the possession, custody and control of a foreign subsidiary of

18  a party on the basis that MGA has objected that such documents are not within the

19  scope of requests to a domestic party. Mattel further objects to this Request to the

20  extent that it may seek documents already produced by Mattel, including

21  documents stolen by MGA and other defendants. Such documents will not be

22  produced again.

23

24         FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

25         REQUEST FOR PRODUCTION NO. 69 SHOULD BE COMPELLED

26         The Response to Request for Production No. 69 is inadequate.  Mattel does

27  not deny that the Request seeks relevant information.  Rather, it primarily contends

28  that this, and all of the other Requests at issue in MGA's Motion to Compel (the

1    "Requests at Issue") are improper because they are "inextricably intertwined" with

2    certain of MGA's First Set of Phase 2 Interrogatories, which Mattel claims are

3    improper because MGA has served more than its allotted amount of interrogatories.

4    See Mattel Motion for Protective Order at 15:10-16, Spitser Decl., Ex. 19.  As an

5    initial matter, Mattel has waived this argument by failing to assert it in its Response

6    to Request No. 69.  See Richmark Corp. v. Timber Falling Consultants, 959 F.2d

7    1468, 1473 (9th Cir. 1992).

8         Further, even if Mattel had raised this objection in its Response to Request

9    No. 69, this objection is without merit.  As explained above and in MGA's Motion

10   to Compel, Mattel invents an aggregate 75 interrogatory limit (for all phases of

11   discovery) never set by Judge Larson or even contemplated by the Parties.  Mattel

12   also engages in "creative" counting that is inconsistent with both established law

13   and the precedent in this case, including Mattel's own arguments and Discovery

14   Master rulings about strikingly similar interrogatories.  Thus, even if Mattel's

15   imaginary aggregate 75 interrogatory limit for all phases of this case were

16   supportable (and it is not), MGA has not exceeded such a limit.  As such, Mattel is

17   obligated to respond to Request No. 69.

18        Mattel also raises a number of baseless objections in its Response to Request

19   No. 69.  However, Mattel has waived these objections by failing to rely on them in

20   meet and confer and in its Motion for Protective Order regarding the Requests at

21   Issue.  See Eureka Financial Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D.

22   179, 185 (E.D. Cal. 1991) (objections not properly raised during meet and confer

23   were waived); Carmichael Lodge No. 2103, Benevolent and Protective Order of

24   Elks of the United States of America, 2009 WL 1118896, at *5 (E.D. Cal. Apr. 23,

25   2009) (accord).

26        Even if Mattel had raised these objections, they are uniformly without merit.

27   This Request does not seek documents protected by the attorney-client privilege,

28   the attorney work product doctrine or other applicable privileges and even if it did,

1   Mattel has failed to provide a privilege log, thus waiving this objection.  This

2   Request is not vague and ambiguous, nor has Mattel explained why it so contends.

3   This Request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at 97:5-10,

4   Spitser Decl., Ex. 5 (Mattel's counsel argued that "no discovery issues or no

5   requests for discovery are premature at this point…."  Judge Larson agreed,

6   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

7   case at all.").  Mattel's expert disclosure objection is without support.  The fact that

8   expert testimony may ultimately bear on some of the subjects of this Request does

9   not excuse Mattel from its obligation to provide full and complete responses based

10  on the information Mattel presently has.  Mattel's bare assertion that MGA has

11  "failed to produce witnesses  for deposition and [is] withholding information and

12  documents requested in violation of orders of the Discovery Master and the Court"

13  is not only unsupported and false, but immaterial – if this were true (and it is not),

14  Mattel's obligation to fully respond to this Request would be unaffected.  This

15  Request does not seek information violative of any third-party's rights of privacy.

16  Mattel provides no support for its spurious accusation that any documents have

17  been "stolen by MGA and other defendants."  In any event, Mattel is obligated to

18  produce all non-privileged responsive documents in its possession.

19       Finally, this Request is relevant because Interrogatory No. 1 seeks

20  information and the identification of documents related to Mattel's trade secret

21  claim.  MGA is entitled to know with specificity the precise information that Mattel

22  claims constitutes its trade secrets.  <u>See</u> <u>Imax Corp. v. Cinema Technologies, Inc.</u>,

23  152 F.3d 1161, 1164 (9th Cir. 1998)(plaintiff seeking relief for trade secret

24  misappropriation must identify with specificity the trade secrets and carry the

25  burden of showing they exist); <u>Universal Analytics, Inc. v. MacNeal-Schwendler</u>

26  <u>Corp.</u>, 707 F. Supp 1170, 1177 (C.D. Cal. 1989)(same).  Consequently, MGA is

27  also entitled to the documents that concern Mattel's trade secret claim.

28

1    REQUEST FOR PRODUCTION NO. 70:

2    　　　All DOCUMENTS identified, described or referenced in YOUR response to

3    INTERROGATORY NO. 2 or containing information that YOU used or to which

4    YOU referred in formulating the response.

5

6    RESPONSE TO REQUEST FOR PRODUCTION NO. 70:

7    　　　Mattel incorporates by reference the above-stated general objections as if

8    fully set forth herein. Mattel further specifically objects to this Request on the

9    grounds and to the extent that it calls for the production of documents subject to the

10   attorney-client privilege, the attorney work product doctrine and other applicable

11   privileges. Such documents will not be produced. Mattel further specifically objects

12   to this Request on the grounds that it is vague and ambiguous. Mattel further

13   objects to the Request on the ground that it is premature because the subject matter

14   of this Request will be the subject of expert testimony at trial. Mattel objects to this

15   Request to the extent it seeks to limit the expert testimony that Mattel may seek to

16   introduce at trial. Mattel will identify its experts and make related disclosures in

17   accordance with the Court's orders and applicable rules. Mattel further objects that

18   this Request is premature because Defendants have not complied with their

19   discovery obligations by failing to produce witnesses for deposition and

20   withholding information and documents requested in violation of orders of the

21   Discovery Master and the Court. Mattel further objects to this Request on the

22   ground and to the extent it seeks trade secret, proprietary or otherwise confidential

23   information of Mattel or third parties. Any such documents that are produced, if

24   any, will be produced only pursuant to and in reliance upon the Protective Order

25   entered in this case. Mattel also objects to this Request to the extent it seeks

26   documents that are in the possession, custody and control of a foreign subsidiary of

27   a party on the basis that MGA has objected that such documents are not within the

28   scope of requests to a domestic party. Mattel further objects to this Request to the

1   extent that it may seek documents already produced by Mattel, including

2   documents stolen by MGA and other defendants. Such documents will not be

3   produced again.

4

5   <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

6   <u>REQUEST FOR PRODUCTION NO. 70 SHOULD BE COMPELLED</u>:

7       The Response to Request for Production No. 70 is inadequate. Mattel does

8   not deny that the Request seeks relevant information. Rather, it primarily contends

9   that this, and all of the other Requests at issue in MGA's Motion to Compel (the

10  "Requests at Issue") are improper because they are "inextricably intertwined" with

11  certain of MGA's First Set of Phase 2 Interrogatories, which Mattel claims are

12  improper because MGA has served more than its allotted amount of interrogatories.

13  <u>See</u> Mattel Motion for Protective Order at 15:10-16, Spitser Decl., Ex. 19. As an

14  initial matter, Mattel has waived this argument by failing to assert it in its Response

15  to Request No. 69. <u>See</u> <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d

16  1468, 1473 (9th Cir. 1992).

17      Further, even if Mattel had raised this objection in its Response to Request

18  No. 70, this objection is without merit. As explained above and in MGA's Motion

19  to Compel, Mattel invents an aggregate 75 interrogatory limit (for all phases of

20  discovery) never set by Judge Larson or even contemplated by the Parties. Mattel

21  also engages in "creative" counting that is inconsistent with both established law

22  and the precedent in this case, including Mattel's own arguments and Discovery

23  Master rulings about strikingly similar interrogatories. Thus, even if Mattel's

24  imaginary aggregate 75 interrogatory limit for all phases of this case were

25  supportable (and it is not), MGA has not exceeded such a limit. As such, Mattel is

26  obligated to respond to Request No. 70.

27      Mattel also raises a number of baseless objections in its Response to Request

28  No. 70. However, Mattel has waived these objections by failing to rely on them in

1    meet and confer and in its Motion for Protective Order regarding the Requests at

2    Issue.  See Eureka Financial Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D.

3    179, 185 (E.D. Cal. 1991) (objections not properly raised during meet and confer

4    were waived); Carmichael Lodge No. 2103, Benevolent and Protective Order of

5    Elks of the United States of America, 2009 WL 1118896, at *5 (E.D. Cal. Apr. 23,

6    2009) (accord).

7          Even if Mattel had raised these objections, they are uniformly without merit.

8    This Request does not seek documents protected by the attorney-client privilege,

9    the attorney work product doctrine or other applicable privileges and even if it did,

10    Mattel has failed to provide a privilege log, thus waiving this objection.  This

11    Request is not vague and ambiguous, nor has Mattel explained why it so contends.

12    This Request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at 97:5-10,

13    Spitser Decl., Ex. 5 (Mattel's counsel argued that "no discovery issues or no

14    requests for discovery are premature at this point…."  Judge Larson agreed,

15    clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

16    case at all.").  Mattel's expert disclosure objection is without support.  The fact that

17    expert testimony may ultimately bear on some of the subjects of this Request does

18    not excuse Mattel from its obligation to provide full and complete responses based

19    on the information Mattel presently has.  Mattel's bare assertion that MGA has

20    "failed to produce witnesses  for deposition and [is] withholding information and

21    documents requested in violation of orders of the Discovery Master and the Court"

22    is not only unsupported and false, but immaterial – if this were true (and it is not),

23    Mattel's obligation to fully respond to this Request would be unaffected.  This

24    Request does not seek information violative of any third-party's rights of privacy.

25    Mattel provides no support for its spurious accusation that any documents have

26    been "stolen by MGA and other defendants."  In any event, Mattel is obligated to

27    produce all non-privileged responsive documents in its possession.

28          Finally, this Request is relevant because Interrogatory No. 2 seeks

1    information and the identification of documents related to Mattel's trade secret

2    claim.  MGA is entitled to know with specificity the precise information that Mattel

3    claims constitutes its trade secrets.  See Imax Corp. v. Cinema Technologies, Inc.,

4    152 F.3d 1161, 1164 (9th Cir. 1998)(plaintiff seeking relief for trade secret

5    misappropriation must identify with specificity the trade secrets and carry the

6    burden of showing they exist); Universal Analytics, Inc. v. MacNeal-Schwendler

7    Corp., 707 F. Supp 1170, 1177 (C.D. Cal. 1989)(same).  Consequently, MGA is

8    also entitled to the documents that concern Mattel's trade secret claim.

9

10

11        REQUEST FOR PRODUCTION NO. 71:

12        All DOCUMENTS identified, described or referenced in YOUR response to

13    INTERROGATORY NO. 3 or containing information that YOU used or to which

14    YOU referred in formulating the response.

15

16        RESPONSE TO REQUEST FOR PRODUCTION NO. 71:

17        Mattel incorporates by reference the above-stated general objections as if

18    fully set forth herein. Mattel further specifically objects to this Request on the

19    grounds and to the extent that it calls for the production of documents subject to the

20    attorney-client privilege, the attorney work product doctrine and other applicable

21    privileges. Such documents will not be produced. Mattel further specifically objects

22    to this Request on the grounds that it is vague and ambiguous. Mattel further

23    objects to the Request on the ground that it is premature because the subject matter

24    of this Request will be the subject of expert testimony at trial. Mattel objects to this

25    Request to the extent it seeks to limit the expert testimony that Mattel may seek to

26    introduce at trial. Mattel will identify its experts and make related disclosures in

27    accordance with the Court's orders and applicable rules. Mattel further objects that

28    this Request is premature because Defendants have not complied with their

1  discovery obligations by failing to produce witnesses for deposition and

2  withholding information and documents requested in violation of orders of the

3  Discovery Master and the Court. Mattel further objects to this Request on the

4  ground and to the extent it seeks trade secret, proprietary or otherwise confidential

5  information of Mattel or third parties. Any such documents that are produced, if

6  any, will be produced only pursuant to and in reliance upon the Protective Order

7  entered in this case. Mattel also objects to this Request to the extent it seeks

8  documents that are in the possession, custody and control of a foreign subsidiary of

9  a party on the basis that MGA has objected that such documents are not within the

10  scope of requests to a domestic party. Mattel further objects to this Request to the

11  extent that it may seek documents already produced by Mattel, including

12  documents stolen by MGA and other defendants. Such documents will not be

13  produced again.

14

15          <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

16          <u>REQUEST FOR PRODUCTION NO. 71 SHOULD BE COMPELLED</u>:

17        The Response to Request for Production No. 71 is inadequate.  Mattel does

18  not deny that the Request seeks relevant information.  Rather, it primarily contends

19  that this, and all of the other Requests at issue in MGA's Motion to Compel (the

20  "Requests at Issue") are improper because they are "inextricably intertwined" with

21  certain of MGA's First Set of Phase 2 Interrogatories, which Mattel claims are

22  improper because MGA has served more than its allotted amount of interrogatories.

23  <u>See</u> Mattel Motion for Protective Order at 15:10-16, Spitser Decl., Ex. 19.  As an

24  initial matter, Mattel has waived this argument by failing to assert it in its Response

25  to Request No. 69.  <u>See</u> <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d

26  1468, 1473 (9th Cir. 1992).

27        Further, even if Mattel had raised this objection in its Response to Request

28  No. 71, this objection is without merit.  As explained above and in MGA's Motion

1  to Compel, Mattel invents an aggregate 75 interrogatory limit (for all phases of

2  discovery) never set by Judge Larson or even contemplated by the Parties.  Mattel

3  also engages in "creative" counting that is inconsistent with both established law

4  and the precedent in this case, including Mattel's own arguments and Discovery

5  Master rulings about strikingly similar interrogatories.  Thus, even if Mattel's

6  imaginary aggregate 75 interrogatory limit for all phases of this case were

7  supportable (and it is not), MGA has not exceeded such a limit.  As such, Mattel is

8  obligated to respond to Request No. 71.

9         Mattel also raises a number of baseless objections in its Response to Request

10 No. 71.  However, Mattel has waived these objections by failing to rely on them in

11 meet and confer and in its Motion for Protective Order regarding the Requests at

12 Issue.  See Eureka Financial Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D.

13 179, 185 (E.D. Cal. 1991) (objections not properly raised during meet and confer

14 were waived); Carmichael Lodge No. 2103, Benevolent and Protective Order of

15 Elks of the United States of America, 2009 WL 1118896, at *5 (E.D. Cal. Apr. 23,

16 2009) (accord).

17        Even if Mattel had raised these objections, they are uniformly without merit.

18 This Request does not seek documents protected by the attorney-client privilege,

19 the attorney work product doctrine or other applicable privileges and even if it did,

20 Mattel has failed to provide a privilege log, thus waiving this objection.  This

21 Request is not vague and ambiguous, nor has Mattel explained why it so contends.

22 This Request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at 97:5-10,

23 Spitser Decl., Ex. 5 (Mattel's counsel argued that "no discovery issues or no

24 requests for discovery are premature at this point…."  Judge Larson agreed,

25 clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

26 case at all.").  Mattel's expert disclosure objection is without support.  The fact that

27 expert testimony may ultimately bear on some of the subjects of this Request does

28 not excuse Mattel from its obligation to provide full and complete responses based

1   on the information Mattel presently has.  Mattel's bare assertion that MGA has

2   "failed to produce witnesses  for deposition and [is] withholding information and

3   documents requested in violation of orders of the Discovery Master and the Court"

4   is not only unsupported and false, but immaterial – if this were true (and it is not),

5   Mattel's obligation to fully respond to this Request would be unaffected.  This

6   Request does not seek information violative of any third-party's rights of privacy.

7   Mattel provides no support for its spurious accusation that any documents have

8   been "stolen by MGA and other defendants."  In any event, Mattel is obligated to

9   produce all non-privileged responsive documents in its possession.

10         Finally, this Request is relevant because Interrogatory No. 3 seeks

11   information and the identification of documents related to Mattel's trade secret

12   claim.  MGA is entitled to know with specificity the precise information that Mattel

13   claims constitutes its trade secrets.  See Imax Corp. v. Cinema Technologies, Inc.,

14   152 F.3d 1161, 1164 (9th Cir. 1998)(plaintiff seeking relief for trade secret

15   misappropriation must identify with specificity the trade secrets and carry the

16   burden of showing they exist); Universal Analytics, Inc. v. MacNeal-Schwendler

17   Corp., 707 F. Supp 1170, 1177 (C.D. Cal. 1989)(same).  Consequently, MGA is

18   also entitled to the documents that concern Mattel's trade secret claim.

19

20

21         REQUEST FOR PRODUCTION NO. 72:

22         All DOCUMENTS identified, described or referenced in YOUR response to

23   INTERROGATORY NO. 4 or containing information that YOU used or to which

24   YOU referred in formulating the response.

25

26         RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

27         Mattel incorporates by reference the above-stated general objections as if

28   fully set forth herein. Mattel also specifically objects to this Request on the grounds

1   that it is vague and ambiguous. Mattel further objects to the Request on the ground

2   that it is premature because the subject matter of this Request will be the subject of

3   expert testimony at trial. Mattel objects to this Request to the extent it seeks to limit

4   the expert testimony that Mattel may seek to introduce at trial. Mattel will identify

5   its experts and make related disclosures in accordance with the Court's orders and

6   applicable rules. Mattel further objects that this Request is premature because

7   Defendants have not complied with their discovery obligations by failing to

8   produce witnesses for deposition and withholding information and documents

9   requested in violation of orders of the Discovery Master and the Court. Mattel

10  further objects to this Request to the extent that it calls for the disclosure of

11  information subject to the attorney-client privilege, the attorney work-product

12  doctrine and other applicable privileges. Such documents will not be produced.

13  Mattel further objects to this Request on the ground and to the extent it seeks trade

14  secret, proprietary or otherwise confidential information of Mattel or third parties.

15  Any such documents that are produced, if any, will be produced only pursuant to

16  and in reliance upon the Protective Order entered in this case. Mattel also objects to

17  this Request to the extent it seeks documents that are in the possession, custody and

18  control of a foreign subsidiary of a party on the basis that MGA has objected that

19  such documents are not within the scope of requests to a domestic party. Mattel

20  further objects to this Request to the extent that it may seek documents already

21  produced by Mattel, including documents stolen by MGA and other defendants.

22  Such documents will not be produced again.

23

24          FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

25          REQUEST FOR PRODUCTION NO. 72 SHOULD BE COMPELLED:

26          The Response to Request for Production No. 72 is inadequate.  Mattel does

27  not deny that the Request seeks relevant information.  Rather, it primarily contends

28  that this, and all of the other Requests at issue in MGA's Motion to Compel (the

1   "Requests at Issue") are improper because they are "inextricably intertwined" with

2   certain of MGA's First Set of Phase 2 Interrogatories, which Mattel claims are

3   improper because MGA has served more than its allotted amount of interrogatories.

4   See Mattel Motion for Protective Order at 15:10-16, Spitser Decl., Ex. 19.  As an

5   initial matter, Mattel has waived this argument by failing to assert it in its Response

6   to Request No. 69.  See Richmark Corp. v. Timber Falling Consultants, 959 F.2d

7   1468, 1473 (9th Cir. 1992).

8         Further, even if Mattel had raised this objection in its Response to Request

9   No. 72, this objection is without merit.  As explained above and in MGA's Motion

10  to Compel, Mattel invents an aggregate 75 interrogatory limit (for all phases of

11  discovery) never set by Judge Larson or even contemplated by the Parties.  Mattel

12  also engages in "creative" counting that is inconsistent with both established law

13  and the precedent in this case, including Mattel's own arguments and Discovery

14  Master rulings about strikingly similar interrogatories.  Thus, even if Mattel's

15  imaginary aggregate 75 interrogatory limit for all phases of this case were

16  supportable (and it is not), MGA has not exceeded such a limit.  As such, Mattel is

17  obligated to respond to Request No. 72.

18        Mattel also raises a number of baseless objections in its Response to Request

19  No. 72.  However, Mattel has waived these objections by failing to rely on them in

20  meet and confer and in its Motion for Protective Order regarding the Requests at

21  Issue.  See Eureka Financial Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D.

22  179, 185 (E.D. Cal. 1991) (objections not properly raised during meet and confer

23  were waived); Carmichael Lodge No. 2103, Benevolent and Protective Order of

24  Elks of the United States of America, 2009 WL 1118896, at *5 (E.D. Cal. Apr. 23,

25  2009) (accord).

26        Even if Mattel had raised these objections, they are uniformly without merit.

27  This Request does not seek documents protected by the attorney-client privilege,

28  the attorney work product doctrine or other applicable privileges and even if it did,

1   Mattel has failed to provide a privilege log, thus waiving this objection.  This

2   Request is not vague and ambiguous, nor has Mattel explained why it so contends.

3   This Request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at 97:5-10,

4   Spitser Decl., Ex. 5 (Mattel's counsel argued that "no discovery issues or no

5   requests for discovery are premature at this point…."  Judge Larson agreed,

6   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

7   case at all.").  Mattel's expert disclosure objection is without support.  The fact that

8   expert testimony may ultimately bear on some of the subjects of this Request does

9   not excuse Mattel from its obligation to provide full and complete responses based

10  on the information Mattel presently has.  Mattel's bare assertion that MGA has

11  "failed to produce witnesses  for deposition and [is] withholding information and

12  documents requested in violation of orders of the Discovery Master and the Court"

13  is not only unsupported and false, but immaterial – if this were true (and it is not),

14  Mattel's obligation to fully respond to this Request would be unaffected.  This

15  Request does not seek information violative of any third-party's rights of privacy.

16  Mattel provides no support for its spurious accusation that any documents have

17  been "stolen by MGA and other defendants."  In any event, Mattel is obligated to

18  produce all non-privileged responsive documents in its possession.

19         Finally, this Request is relevant because Interrogatory No. 4 seeks

20  information and the identification of documents concerning Mattel's intent (if any)

21  to sell the Bratz line of dolls and products.  Mattel claims that it has been damaged

22  by MGA, based on a number of different theories embodied in Mattel's multiple

23  causes of action.  Many of these damages theories presume that Mattel would have

24  sold the Bratz line of dolls and products, and/or was damaged by being deprived of

25  those products.  If Mattel refuses to admit that it never intended to sell the Bratz

26  line of dolls and products, then MGA is entitled to know all of the facts Mattel

27  alleges support Mattel's claim as well as the persons with knowledge of such facts

28  and documents that refer or relate to such facts.  Such information could not be

1   more relevant to the claims Mattel is asserting in this case.  Consequently, Mattel

2   should produce documents responsive to this request.

3

4

5          REQUEST FOR PRODUCTION NO. 73:

6          For each MATTEL HARMED PRODUCT sold by YOU or YOUR licensees

7   anywhere in the world, produce DOCUMENTS sufficient to show, for each year

8   from January 1, 1998 to the present: (a) the number of units of such MATTEL

9   HARMED PRODUCT sold; (b) revenue received by YOU from such sales of each

10  such product; (c) all costs YOU incurred in connection with each such product,

11  including but not limited to YOUR cost of goods sold; and (d) YOUR gross and net

12  profits from each such product.

13

14         RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

15         Mattel incorporates by reference the above-stated general objections as if

16  fully set forth herein. Mattel further objects to the Request on the ground that it is

17  premature because the subject matter of this Request will be the subject of expert

18  testimony at trial. Mattel objects to this Request to the extent it seeks to limit the

19  expert testimony that Mattel may seek to introduce at trial. Mattel will identify its

20  experts and make related disclosures in accordance with the Court's orders and

21  applicable rules. Mattel further objects to this Request on the grounds that is vague

22  and ambiguous, overly-broad, unduly burdensome and seeks irrelevant information,

23  including as a result of the terms "licensees" and "MATTEL HARMED

24  PRODUCT."  Mattel objects to MGA's concurrently served Interrogatories Nos. 7

25  and 8, on which the definition of this term is based, in their entirety, and Mattel

26  additionally objects to this request on the grounds stated in Mattel's objections to

27  those Interrogatories, including without limitation that MGA's Interrogatories

28  exceed the number permitted by the Federal Rules. Mattel further objects that this

1  Request is premature because Defendants have not complied with their discovery

2  obligations by failing to produce witnesses for deposition and withholding

3  information and documents requested in violation of orders of the Discovery Master

4  and the Court. Mattel further objects that this Request is premature in that Mattel

5  has not yet calculated its damages, nor is Mattel required to elect a damages theory

6  at this point. Mattel further objects to this Request to the extent that it calls for the

7  disclosure of information subject to the attorney-client privilege, the attorney work

8  product doctrine and other applicable privileges. Mattel further objects to this

9  Request on the ground and to the extent it seeks trade secret, proprietary or

10  otherwise confidential information of Mattel or third parties. Any such documents

11  that are produced, if any, will be produced only pursuant to and in reliance upon the

12  Protective Order entered in this case. Mattel also objects to this Request to the

13  extent it seeks documents that are in the possession, custody and control of a

14  foreign subsidiary of a party on the basis that MGA has objected that such

15  documents are not within the scope of requests to a domestic party. Mattel further

16  objects to this Request to the extent that it may seek documents already produced

17  by Mattel, including documents stolen by MGA and other defendants. Such

18  documents will not be produced again.

19

20      FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

21      REQUEST FOR PRODUCTION NO. 73 SHOULD BE COMPELLED:

22      Mattel is seeking millions of dollars of additional damages from the MGA

23  parties, but refuses to provide discovery about its damage claims.  That type of

24  stonewalling cannot be permitted.  MGA is entitled to information about Mattel's

25  alleged damages.  See Haseotes v. Abacab International Computers, Inc., 120

26  F.R.D. 12, 14 (D. Mass. 1988) (party entitled to discovery itemizing each element

27  of damage alleged by other side); Miller v. Pancucci, 141 F.R.D. 292, 298 (C.D.

28  Cal 1992)(discovery to be liberally construed).

1    Mattel primarily contends that this, and all of the other Requests at issue in

2    MGA's Motion to Compel (the "Requests at Issue") are improper because they are

3    "inextricably intertwined" with certain of MGA's First Set of Phase 2

4    Interrogatories, which Mattel claims are improper because MGA has served more

5    than its allotted amount of interrogatories.  This argument is entirely without merit.

6    As explained above and in MGA's Motion to Compel, Mattel invents an aggregate

7    75 interrogatory limit never set by Judge Larson or even contemplated by the

8    Parties.  Mattel also engages in "creative" counting that is inconsistent with both

9    established law and the precedent in this case, including Mattel's own arguments

10   and Discovery Master rulings about strikingly similar interrogatories.  Thus, even if

11   Mattel's imaginary aggregate 75 interrogatory limit for all phases of this case were

12   supportable (and it is not), MGA has not exceeded such a limit.  As such, Mattel is

13   obligated to respond to Request No. 73 and produce all non-privileged documents

14   responsive thereto.

15        Mattel also raises a number of baseless and objections in its Response to

16   Request No. 73.  However, Mattel has waived these objections by failing to rely on

17   them in meet and confer and in its Motion for Protective Order regarding the

18   Requests at Issue.  See Eureka Financial Corp. v. Hartford Acc. and Indem. Co.,

19   136 F.R.D. 179, 185 (E.D. Cal. 1991) (objections not properly raised during meet

20   and confer were waived); Carmichael Lodge No. 2103, Benevolent and Protective

21   Order of Elks of the United States of America, 2009 WL 1118896, at *5 (E.D. Cal.

22   Apr. 23, 2009) (accord).

23        Even if Mattel had raised these objections, they are uniformly without merit.

24   Mattel fails to even attempt to explain why this Request is overly broad or unduly

25   burdensome.  The failure to do so renders these objections ineffective.  See, e.g.,

26   Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with

27   specificity), Spitser Decl., Ex. 18; Fed. R. Civ. P. 33(b)(4) (grounds for objecting to

28   an interrogatory must be stated "with specificity"); Jackson v. Montgomery Ward

1    & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a

2    discovery request is unduly burdensome must allege specific facts which indicate

3    the nature and extent of the burden, usually by affidavit or other reliable evidence.")

4    (cited in Order No. 11, dated March 30, 2009, at 19, Spitser Decl., Ex. 14; Order

5    No. 17, at 23, Spitser Decl., Ex. 18); Nagele v. Electronic Data Systems Corp, 193

6    F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because

7    objecting party failed to particularize its basis for the objection); Order Granting

8    Mattel's Motion to Compel Production of Documents and Interrogatory Responses

9    by MGA, dated May 15, 2007, at 14, Spitser Decl., Ex. 19 ("Once again, MGA has

10   failed to substantiate any of its objections with supporting declarations or legal

11   authorities."); King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D. Ga. 1970)

12   (overruling objection that interrogatory was burdensome and oppressive, even

13   though preparation of answer would be time-consuming and costly, because

14   information was crucial to the issues of the suit and in exclusive custody of

15   defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D.

16   Ohio 1951) (overruling "overly burdensome" objection because value of

17   information to plaintiff clearly outweighed any annoyance or expense involved in

18   disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182

19   F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform

20   extensive research or to compile substantial amounts of data and information does

21   not automatically constitute an undue burden…. Imposing such a burden is

22   particularly proper where, as here, the information sought is crucial to the ultimate

23   determination of a crucial issue….").

24        This Request does not seek documents protected by the attorney-client

25   privilege, the attorney work product doctrine and other applicable privileges and

26   even if it did, Mattel has failed to provide a privilege log, thus waiving this

27   objection. This Request is not vague and ambiguous, nor has Mattel explained why

28   it so contends. This Request is not premature. See Tr. of Feb. 11, 2009 Hearing, at

1    97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no discovery issues or

2    no requests for discovery are premature at this point…."  Judge Larson agreed,

3    clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

4    case at all.").  Mattel's expert disclosure objection is without support.  The fact that

5    expert testimony may ultimately bear on some of the subjects of the Interrogatories

6    does not excuse Mattel from its obligation to provide full and complete responses

7    based on the information Mattel presently has.  Mattel's bare assertion that MGA

8    has "failed to produce witnesses  for deposition and [is] withholding information

9    and documents requested in violation of orders of the Discovery Master and the

10   Court" is not only unsupported and false, but immaterial – if this were true (and it is

11   not), Mattel's obligation to fully respond to the Interrogatories would be unaffected.

12   This Request does not seek information that constitutes a Mattel trade secret or is

13   violative of any third-party's rights of privacy.  Mattel provides no support for its

14   spurious accusation that any documents have been "stolen by MGA and other

15   defendants."  In any event, Mattel is obligated to produce all non-privileged

16   responsive documents in its possession.

17

18       REQUEST FOR PRODUCTION NO. 74:

19           For each MATTEL HARMED PRODUCT sold by YOU or YOUR licensees

20   in the United States, produce DOCUMENTS sufficient to show, for each year from

21   January 1, 1998 to the present, and with respect to sales in or from the United

22   States, only: (a) the number of units of such MATTEL HARMED PRODUCT sold;

23   (b) revenue received by YOU from such sales of each such product, (c) all costs

24   YOU incurred in connection will each such product, including but not limited to

25   YOUR cost of goods sold; and (d) YOUR gross and net profits from each such

26   product sold in the United States.

27

28       RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

1    Mattel incorporates by reference the above-stated general objections as if

2    fully set forth herein. Mattel further objects to the Request on the ground that it is

3    premature because the subject matter of this Request will be the subject of expert

4    testimony at trial. Mattel objects to this Request to the extent it seeks to limit the

5    expert testimony that Mattel may seek to introduce at trial. Mattel will identify its

6    experts and make related disclosures in accordance with the Court's orders and

7    applicable rules. Mattel further objects to this Request on the grounds that the term

8    MATTEL HARMED PRODUCT is vague and ambiguous and makes the request

9    overly-broad and unduly burdensome. Mattel objects to MGA's concurrently

10   served Interrogatories Nos. 7 and 8, on which the definition of this term is based, in

11   their entirety, and Mattel additionally objects to this request on the grounds stated

12   in Mattel's objections to those Interrogatories, including without limitation that

13   MGA's Interrogatories exceed the number permitted by the Federal Rules. Mattel

14   further objects that this Request is premature because Defendants have not

15   complied with their discovery obligations by failing to produce witnesses for

16   deposition and  withholding information and documents requested in violation of

17   orders of the Discovery Master and the Court. Mattel further objects that this

18   Request is premature in that Mattel has not yet calculated its damages, nor is Mattel

19   required to elect a damages theory at this point. Mattel further objects to this

20   Request to the extent that it calls for the disclosure of information subject to the

21   attorney-client privilege, the attorney work-product doctrine and other applicable

22   privileges.  Mattel further objects to this Request on the ground and to the extent it

23   seeks trade secret, proprietary or otherwise confidential information of Mattel or

24   third parties. Any such documents that are produced, if any, will be produced only

25   pursuant to and in reliance upon the Protective Order entered in this case. Mattel

26   also objects to this Request to the extent it seeks documents that are in the

27   possession, custody and control of a foreign subsidiary of a party on the basis that

28   MGA has objected that such documents are not within the scope of requests to a

1  domestic party. Mattel further objects to this Request to the extent that it may seek

2  documents already produced by Mattel, including documents stolen by MGA and

3  other defendants.  Such documents will not be produced again.

4

5      FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

6      REQUEST FOR PRODUCTION NO. 74 SHOULD BE COMPELLED:

7          Mattel is seeking millions of dollars of additional damages from the MGA

8  parties, but refuses to provide discovery about its damages.  That type of

9  stonewalling cannot be permitted.  MGA is entitled to information about Mattel's

10  alleged damages.  See Haseotes v. Abacab International Computers, Inc., 120

11  F.R.D. 12, 14 (D. Mass. 1988) (party entitled to discovery itemizing each element

12  of damage alleged by other side); Miller v. Pancucci, 141 F.R.D. 292, 298 (C.D.

13  Cal 1992)(discovery to be liberally construed).

14          Mattel primarily contends that this, and all of the other Requests at issue in

15  MGA's Motion to Compel (the "Requests at Issue") are improper because they are

16  "inextricably intertwined" with certain of MGA's First Set of Phase 2

17  Interrogatories, which Mattel claims are improper because MGA has served more

18  than its allotted amount of interrogatories.  This argument is entirely without merit.

19  As explained above and in MGA's Motion to Compel, Mattel invents an aggregate

20  75 interrogatory limit never set by Judge Larson or even contemplated by the

21  Parties.  Mattel also engages in "creative" counting that is inconsistent with both

22  established law and the precedent in this case, including Mattel's own arguments

23  and Discovery Master rulings about strikingly similar interrogatories.  Thus, even if

24  Mattel's imaginary aggregate 75 interrogatory limit for all phases of this case were

25  supportable (and it is not), MGA has not exceeded such a limit.  As such, Mattel is

26  obligated to respond to this Request and produce all non-privileged documents

27  responsive thereto.

28

1   Mattel also raises a number of baseless and objections in response to this

2   request.  However, Mattel has waived these objections by failing to rely on them in

3   meet and confer and in its Motion for Protective Order regarding the Requests at

4   Issue.  See Eureka Financial Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D.

5   179, 185 (E.D. Cal. 1991) (objections not properly raised during meet and confer

6   were waived); Carmichael Lodge No. 2103, Benevolent and Protective Order of

7   Elks of the United States of America, 2009 WL 1118896, at *5 (E.D. Cal. Apr. 23,

8   2009) (accord).

9   Even if Mattel had raised these objections, they are uniformly without merit.

10  Mattel fails to even attempt to explain why this Request is overly broad or unduly

11  burdensome.  The failure to do so renders these objections ineffective.  See, e.g.,

12  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with

13  specificity), Spitser Decl., Ex. 18; Fed. R. Civ. P. 33(b)(4) (grounds for objecting to

14  an interrogatory must be stated "with specificity"); Jackson v. Montgomery Ward

15  & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a

16  discovery request is unduly burdensome must allege specific facts which indicate

17  the nature and extent of the burden, usually by affidavit or other reliable evidence.")

18  (cited in Order No. 11, dated March 30, 2009, at 19, Spitser Decl., Ex. 14; Order

19  No. 17, at 23, Spitser Decl., Ex. 18); Nagele v. Electronic Data Systems Corp, 193

20  F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because

21  objecting party failed to particularize its basis for the objection); Order Granting

22  Mattel's Motion to Compel Production of Documents and Interrogatory Responses

23  by MGA, dated May 15, 2007, at 14, Spitser Decl., Ex. 19 ("Once again, MGA has

24  failed to substantiate any of its objections with supporting declarations or legal

25  authorities."); King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D. Ga. 1970)

26  (overruling objection that interrogatory was burdensome and oppressive, even

27  though preparation of answer would be time-consuming and costly, because

28  information was crucial to the issues of the suit and in exclusive custody of

1   defendant); <u>Seff v. General Outdoor Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D.

2   Ohio 1951) (overruling "overly burdensome" objection because value of

3   information to plaintiff clearly outweighed any annoyance or expense involved in

4   disclosure by defendant); <u>Capacchione v. Charlotte-Mecklenburg Schools</u>, 182

5   F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform

6   extensive research or to compile substantial amounts of data and information does

7   not automatically constitute an undue burden…. Imposing such a burden is

8   particularly proper where, as here, the information sought is crucial to the ultimate

9   determination of a crucial issue….").

10       This Request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine and other applicable privileges and

12   even if it did, Mattel has failed to provide a privilege log, thus waiving this

13   objection. This Request is not vague and ambiguous, nor has Mattel explained why

14   it so contends. This Request is not premature. <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

15   97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no discovery issues or

16   no requests for discovery are premature at this point…." Judge Larson agreed,

17   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

18   case at all."). Mattel's expert disclosure objection is without support. The fact that

19   expert testimony may ultimately bear on some of the subjects of the Interrogatories

20   does not excuse Mattel from its obligation to provide full and complete responses

21   based on the information Mattel presently has. Mattel's bare assertion that MGA

22   has "failed to produce witnesses for deposition and [is] withholding information

23   and documents requested in violation of orders of the Discovery Master and the

24   Court" is not only unsupported and false, but immaterial – if this were true (and it is

25   not), Mattel's obligation to fully respond to the Interrogatories would be unaffected.

26   This Request does not seek information that constitutes a Mattel trade secret or is

27   violative of any third-party's rights of privacy. Mattel provides no support for its

28   spurious accusation that any documents have been "stolen by MGA and other

1  defendants." In any event, Mattel is obligated to produce all non-privileged

2  responsive documents in its possession.

3

4      <u>REQUEST FOR PRODUCTION NO. 75:</u>

5      For each MATTEL HARMED PRODUCT sold by YOU or YOUR licensees

6  in Canada, produce DOCUMENTS sufficient to show, for each year from January

7  1, 1998 to the present, and with respect to sales in or from Canada, only: (a) the

8  number of units of each such MATTEL HARMED PRODUCT sold; (b) revenue

9  received by YOU from such sales of each such product; (c) all costs YOU have

10  incurred in connection with cad such product, including but not limited to YOUR

11  cost of goods sold; and (d) YOUR gross and net profits from each such product.

12

13      <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 75:</u>

14      Mattel incorporates by reference the above-stated general objections as if

15  fully set forth herein. Mattel further specifically objects to the Request on the

16  grounds that the request is overly broad, unduly burdensome and seeks irrelevant

17  information. Mattel further objects on the ground that it is premature because the

18  subject matter of this Request will be the subject of expert testimony at trial. Mattel

19  objects to this Request to the extent it seeks to limit the expert testimony that Mattel

20  may seek to introduce at trial. Mattel will identify its experts and make related

21  disclosures in accordance with the Court's orders and applicable rules. Mattel

22  further objects to this Request on the grounds that the term MATTEL HARMED

23  PRODUCT is vague and ambiguous and makes the request overly-broad and

24  unduly burdensome. Mattel objects to MGA's concurrently served Interrogatories

25  Nos. 7 and 8, on which the definition of this term is based, in their entirety, and

26  Mattel additionally objects to this request on the grounds stated in Mattel's

27  objections to those Interrogatories, including without limitation that MGA's

28  Interrogatories exceed the number permitted by the Federal Rules. Mattel further

objects that this Request is premature because Defendants have not complied with their discovery obligations by failing to produce witnesses for deposition and withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel further objects that this Request is premature in that Mattel has not yet calculated its damages, nor is Mattel required to elect a damages theory at this point. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges. Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties. Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case. Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party on the basis that MGA has objected that such documents are not within the scope of requests to a domestic party. Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants. Such documents will not be produced again.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 75 SHOULD BE COMPELLED:

Mattel has also asserted a relevance objection that is utterly without merit. Mattel is suing MGA based on the alleged theft of trade secret information from Mattel Canada by a Canadian employee of MGA Canada. Mattel claims that MGA damaged Mattel worldwide. For example, Mattel successfully argued in its Motion to Compel response to certain interrogatories involving MGA's trade dress infringement claims that MGA used stolen trade secrets "to damage Mattel in the US and global marketplaces." Mattel's Motion to Enforce Order Compelling MGA

1   to Provide Discovery, at 3:4-7, Spitser Decl., Ex. 14 (citing Mattel's Second

2   Amended Answer and Counterclaims ¶37-77).  Mattel cannot, therefore, assert that

3   alleged harm to its sales in Canada is irrelevant.

4          Moreover, Mattel is seeking millions of dollars of additional damages from

5   the MGA parties, but refuses to provide discovery about its damages.  That type of

6   stonewalling cannot be permitted.  MGA is entitled to information about Mattel's

7   alleged damages.  See Haseotes v. Abacab International Computers, Inc., 120

8   F.R.D. 12, 14 (D. Mass. 1988) (party entitled to discovery itemizing each element

9   of damage alleged by other side); Miller v. Pancucci, 141 F.R.D. 292, 298 (C.D.

10   Cal 1992)(discovery to be liberally construed).

11          Mattel primarily contends that this, and all of the other Requests at issue in

12   MGA's Motion to Compel (the "Requests at Issue") are improper because they are

13   "inextricably intertwined" with certain of MGA's First Set of Phase 2

14   Interrogatories, which Mattel claims are improper because MGA has served more

15   than its allotted amount of interrogatories.  This argument is entirely without merit.

16   As explained above and in MGA's Motion to Compel, Mattel invents an aggregate

17   75 interrogatory limit never set by Judge Larson or even contemplated by the

18   Parties.  Mattel also engages in "creative" counting that is inconsistent with both

19   established law and the precedent in this case, including Mattel's own arguments

20   and Discovery Master rulings about strikingly similar interrogatories.  Thus, even if

21   Mattel's imaginary aggregate 75 interrogatory limit for all phases of this case were

22   supportable (and it is not), MGA has not exceeded such a limit.  As such, Mattel is

23   obligated to respond to this Request and produce all non-privileged documents

24   responsive thereto.

25          Mattel also raises a number of baseless and objections in response to this

26   request.  However, Mattel has waived these objections by failing to rely on them in

27   meet and confer and in its Motion for Protective Order regarding the Requests at

28   Issue.  See Eureka Financial Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D.

179, 185 (E.D. Cal. 1991) (objections not properly raised during meet and confer were waived); Carmichael Lodge No. 2103, Benevolent and Protective Order of Elks of the United States of America, 2009 WL 1118896, at *5 (E.D. Cal. Apr. 23, 2009) (accord).

Even if Mattel had raised these objections, they are uniformly without merit. Mattel fails to even attempt to explain why this Request is overly broad or unduly burdensome.  The failure to do so renders these objections ineffective.  See, e.g., Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Spitser Decl., Ex. 18; Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated "with specificity"); Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Spitser Decl., Ex. 14; Order No. 17, at 23, Spitser Decl., Ex. 18); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 14, Spitser Decl., Ex. 19 ("Once again, MGA has failed to substantiate any of its objections with supporting declarations or legal authorities."); King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D. Ga. 1970) (overruling objection that interrogatory was burdensome and oppressive, even though preparation of answer would be time-consuming and costly, because information was crucial to the issues of the suit and in exclusive custody of defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182

1   F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform

2   extensive research or to compile substantial amounts of data and information does

3   not automatically constitute an undue burden…. Imposing such a burden is

4   particularly proper where, as here, the information sought is crucial to the ultimate

5   determination of a crucial issue….").

6        This Request does not seek documents protected by the attorney-client

7   privilege, the attorney work product doctrine and other applicable privileges and

8   even if it did, Mattel has failed to provide a privilege log, thus waiving this

9   objection.  This Request is not vague and ambiguous, nor has Mattel explained why

10   it so contends. This Request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

11   97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no discovery issues or

12   no requests for discovery are premature at this point…."  Judge Larson agreed,

13   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

14   case at all.").  Mattel's expert disclosure objection is without support.  The fact that

15   expert testimony may ultimately bear on some of the subjects of the Interrogatories

16   does not excuse Mattel from its obligation to provide full and complete responses

17   based on the information Mattel presently has.  Mattel's bare assertion that MGA

18   has "failed to produce witnesses  for deposition and [is] withholding information

19   and documents requested in violation of orders of the Discovery Master and the

20   Court" is not only unsupported and false, but immaterial – if this were true (and it is

21   not), Mattel's obligation to fully respond to the Interrogatories would be unaffected.

22   This Request does not seek information that constitutes a Mattel trade secret or is

23   violative of any third-party's rights of privacy.  Mattel provides no support for its

24   spurious accusation that any documents have been "stolen by MGA and other

25   defendants."  In any event, Mattel is obligated to produce all non-privileged

26   responsive documents in its possession.

27

28        <u>REQUEST FOR PRODUCTION NO. 76</u>:

1       For each MATTEL HARMED PRODUCT sold by YOU or YOUR licensees

2  in Mexico, produce DOCUMENTS sufficient to show, for each year from January

3  1, 1998 to the present, and with respect to sales in or from Mexico, only: (a) the

4  number of units by year, of each MATTEL HARMED PRODUCT sold; (b)

5  revenue received by YOU from such sales of each such product; (c) all costs YOU

6  have incurred in connection with each such product, including but not limited to

7  YOUR cost of goods sold; and (d) YOUR gross and net profits from each such

8  product.

9

10    <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 76</u>:

11       Mattel incorporates by reference the above-stated general objections as if

12  fully set forth herein. Mattel further specifically objects to the Request on the

13  grounds that the request is overly broad, unduly burdensome and seeks irrelevant

14  information. Mattel further objects to the Request on the ground that it is premature

15  because the subject matter of this Request will be the subject of expert testimony at

16  trial. Mattel objects to this Request to the extent it seeks to limit the expert

17  testimony that Mattel may seek to introduce at trial. Mattel will identify its experts

18  and make related disclosures in accordance with the Court's orders and applicable

19  rules. Mattel further objects to this Request on the grounds that the term MATTEL

20  HARMED PRODUCT is vague and ambiguous and makes the request overly-broad

21  and unduly burdensome. Mattel objects to MGA's concurrently served

22  Interrogatories Nos. 7 and 8, on which the definition of this term is based, in their

23  entirety, and Mattel additionally objects to this request on the grounds stated in

24  Mattel's objections to those Interrogatories, including on the basis that MGA's

25  Interrogatories violate the limits set forth in the Federal Rules. Mattel further

26  objects that this Request is premature because Defendants have not complied with

27  their discovery obligations by failing to produce witnesses for deposition and

28  withholding information and documents requested in violation of orders of the

Discovery Master and the Court. Mattel further objects that this Request is premature in that Mattel has not yet calculated its damages, nor is Mattel required to elect a damages theory at this point. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties. Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case. Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party on the basis that MGA has objected that such documents are not within the scope of requests to a domestic party. Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants. Such documents will not be produced again.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 76 SHOULD BE COMPELLED:

Mattel has also asserted a relevance objection that is utterly without merit. Mattel is suing MGA based on the alleged theft of trade secret information from Mattel Mexico by Mexican employees of MGA Mexico. Mattel claims that MGA damaged Mattel worldwide. For example, Mattel successfully argued in its Motion to Compel response to certain interrogatories involving MGA's trade dress infringement claims that MGA used stolen trade secrets "to damage Mattel in the US and global marketplaces." Mattel's Motion to Enforce Order Compelling MGA to Provide Discovery, at 3:4-7, Spitser Decl., Ex. 14 (citing Mattel's Second Amended Answer and Counterclaims ¶37-77). Mattel cannot, therefore, assert that alleged harm to its sales in Mexico is irrelevant.

1        Moreover, Mattel is seeking millions of dollars of additional damages from

2   the MGA parties, but refuses to provide discovery about its damages.  That type of

3   stonewalling cannot be permitted.  MGA is entitled to information about Mattel's

4   alleged damages.  See Haseotes v. Abacab International Computers, Inc., 120

5   F.R.D. 12, 14 (D. Mass. 1988) (party entitled to discovery itemizing each element

6   of damage alleged by other side); Miller v. Pancucci, 141 F.R.D. 292, 298 (C.D.

7   Cal 1992)(discovery to be liberally construed).

8        Mattel primarily contends that this, and all of the other Requests at issue in

9   MGA's Motion to Compel (the "Requests at Issue") are improper because they are

10  "inextricably intertwined" with certain of MGA's First Set of Phase 2

11  Interrogatories, which Mattel claims are improper because MGA has served more

12  than its allotted amount of interrogatories.  This argument is entirely without merit.

13  As explained above and in MGA's Motion to Compel, Mattel invents an aggregate

14  75 interrogatory limit never set by Judge Larson or even contemplated by the

15  Parties.  Mattel also engages in "creative" counting that is inconsistent with both

16  established law and the precedent in this case, including Mattel's own arguments

17  and Discovery Master rulings about strikingly similar interrogatories.  Thus, even if

18  Mattel's imaginary aggregate 75 interrogatory limit for all phases of this case were

19  supportable (and it is not), MGA has not exceeded such a limit.  As such, Mattel is

20  obligated to respond to this Request and produce all non-privileged documents

21  responsive thereto.

22        Mattel also raises a number of baseless and objections in response to this

23  request.  However, Mattel has waived these objections by failing to rely on them in

24  meet and confer and in its Motion for Protective Order regarding the Requests at

25  Issue.  See Eureka Financial Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D.

26  179, 185 (E.D. Cal. 1991) (objections not properly raised during meet and confer

27  were waived); Carmichael Lodge No. 2103, Benevolent and Protective Order of

28

1  Elks of the United States of America, 2009 WL 1118896, at *5 (E.D. Cal. Apr. 23,

2  2009) (accord).

3        Even if Mattel had raised these objections, they are uniformly without merit.

4  Mattel fails to even attempt to explain why this Request is overly broad or unduly

5  burdensome.  The failure to do so renders these objections ineffective.  See, e.g.,

6  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with

7  specificity), Spitser Decl., Ex. 18; Fed. R. Civ. P. 33(b)(4) (grounds for objecting to

8  an interrogatory must be stated "with specificity"); Jackson v. Montgomery Ward

9  & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a

10  discovery request is unduly burdensome must allege specific facts which indicate

11  the nature and extent of the burden, usually by affidavit or other reliable evidence.")

12  (cited in Order No. 11, dated March 30, 2009, at 19, Spitser Decl., Ex. 14; Order

13  No. 17, at 23, Spitser Decl., Ex. 18; Nagele v. Electronic Data Systems Corp, 193

14  F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because

15  objecting party failed to particularize its basis for the objection); Order Granting

16  Mattel's Motion to Compel Production of Documents and Interrogatory Responses

17  by MGA, dated May 15, 2007, at 14, Spitser Decl., Ex. 19 ("Once again, MGA has

18  failed to substantiate any of its objections with supporting declarations or legal

19  authorities."); King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D. Ga. 1970)

20  (overruling objection that interrogatory was burdensome and oppressive, even

21  though preparation of answer would be time-consuming and costly, because

22  information was crucial to the issues of the suit and in exclusive custody of

23  defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D.

24  Ohio 1951) (overruling "overly burdensome" objection because value of

25  information to plaintiff clearly outweighed any annoyance or expense involved in

26  disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182

27  F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform

28  extensive research or to compile substantial amounts of data and information does

1    not automatically constitute an undue burden…. Imposing such a burden is

2    particularly proper where, as here, the information sought is crucial to the ultimate

3    determination of a crucial issue….").

4         This Request does not seek documents protected by the attorney-client

5    privilege, the attorney work product doctrine and other applicable privileges and

6    even if it did, Mattel has failed to provide a privilege log, thus waiving this

7    objection. This Request is not vague and ambiguous, nor has Mattel explained why

8    it so contends. This Request is not premature. See Tr. of Feb. 11, 2009 Hearing, at

9    97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no discovery issues or

10   no requests for discovery are premature at this point…." Judge Larson agreed,

11   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

12   case at all."). Mattel's expert disclosure objection is without support. The fact that

13   expert testimony may ultimately bear on some of the subjects of the Interrogatories

14   does not excuse Mattel from its obligation to provide full and complete responses

15   based on the information Mattel presently has. Mattel's bare assertion that MGA

16   has "failed to produce witnesses  for deposition and [is] withholding information

17   and documents requested in violation of orders of the Discovery Master and the

18   Court" is not only unsupported and false, but immaterial – if this were true (and it is

19   not), Mattel's obligation to fully respond to the Interrogatories would be unaffected.

20   This Request does not seek information that constitutes a Mattel trade secret or is

21   violative of any third-party's rights of privacy. Mattel provides no support for its

22   spurious accusation that any documents have been "stolen by MGA and other

23   defendants." In any event, Mattel is obligated to produce all non-privileged

24   responsive documents in its possession.

25

26

27   REQUEST FOR PRODUCTION NO. 80:

28        ALL DOCUMENTS that REFER OR RELATE to the recall of ANY

1    MATTEL HARMED PRODUCTS from January 1, 2000 to the present.

2

3         <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 80</u>:

4         Mattel incorporates by reference the above-stated general objections as if

5    fully set forth herein. Mattel also specifically objects to this Request in that it seeks

6    information not relevant to the subject matter of this action nor reasonably

7    calculated to lead to the discovery of admissible evidence and is overly broad and

8    unduly burdensome. Mattel further objects to this Request on the grounds that the

9    term MATTEL HARMED PRODUCT is vague and ambiguous and makes the

10   request overly-broad and unduly burdensome. Mattel objects to MGA's

11   concurrently served Interrogatories Nos. 7 and 8, on which the definition of this

12   term is based, in their entirety, and Mattel additionally objects to this request on the

13   grounds stated in Mattel's objections to those Interrogatories, including without

14   limitation in that such Interrogatories exceed the limit set by the Federal Rules.

15   Mattel further objects that this Request is premature because Defendants have not

16   complied with their discovery obligations by failing to produce witnesses for

17   deposition and withholding information and documents requested in violation of

18   orders of the Discovery Master and the Court. Mattel further objects that this

19   Request is premature in that Mattel has not yet calculated its damages, nor is Mattel

20   required to elect a damages theory at this point. Mattel further objects to this

21   Request to the extent that it calls for the disclosure of information subject to the

22   attorney-client privilege, the attorney work-product doctrine and other applicable

23   privileges. Mattel further objects to this Request on the ground and to the extent it

24   seeks trade secret, proprietary or otherwise confidential information of Mattel or

25   third parties. Any such documents that are produced, if any, will be produced only

26   pursuant to and in reliance upon the Protective Order entered in this case. Mattel

27   also objects to this Request to the extent it seeks documents that are in the

28   possession, custody and control of a foreign subsidiary of a party on the basis that

1    MGA has objected that such documents are not within the scope of requests to a
2    domestic party.

3

4         FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
5         REQUEST FOR PRODUCTION NO. 80 SHOULD BE COMPELLED:
6         This Request seeks plainly relevant documents.  In 2007, Mattel was forced
7    to make the largest product recall in history because of lead paint.  The recall
8    included Barbie and Barbie accessories.  The extent to which a decrease in Mattel
9    product sales was caused by this massive recall, and/or the resulting public distrust
10   of the safety of Mattel products, is directly relevant to Mattel's claim that it was
11   MGA's putative wrongdoing that harmed Mattel sales.  In fact, during Phase 1,
12   Mattel successfully prevailed on a motion to compel MGA to produce information
13   about supposed "sweatshop labor practices" in China, and the negative press caused
14   thereby, arguing that such information was relevant to show that the decline in sales
15   and profits alleged by MGA was caused or contributed to by factors other than
16   Mattel's alleged wrongdoing.  In exactly the same way, alternative cause of alleged
17   damage is precisely why MGA now seeks discovery about the massive recall of
18   Mattel products.

19        Mattel's other objections are without merit.  Mattel primarily contends that
20   this, and all of the other Requests at issue in MGA's Motion to Compel (the
21   "Requests at Issue") are improper because they are "inextricably intertwined" with
22   certain of MGA's First Set of Phase 2 Interrogatories, which Mattel claims are
23   improper because MGA has served more than its allotted amount of interrogatories.
24   This argument is entirely without merit.  As explained above and in MGA's Motion
25   to Compel, Mattel invents an aggregate 75 interrogatory limit never set by Judge
26   Larson or even contemplated by the Parties.  Mattel also engages in "creative"
27   counting that is inconsistent with both established law and the precedent in this
28   case, including Mattel's own arguments and Discovery Master rulings about

1    strikingly similar interrogatories.  Thus, even if Mattel's imaginary aggregate 75

2    interrogatory limit for all phases of this case were supportable (and it is not), MGA

3    has not exceeded such a limit.  As such, Mattel is obligated to respond to this

4    Request and produce all non-privileged documents responsive thereto.

5         Mattel also raises a number of baseless and objections in response to this

6    request.  However, Mattel has waived these objections by failing to rely on them in

7    meet and confer and in its Motion for Protective Order regarding the Requests at

8    Issue.  See Eureka Financial Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D.

9    179, 185 (E.D. Cal. 1991) (objections not properly raised during meet and confer

10   were waived); Carmichael Lodge No. 2103, Benevolent and Protective Order of

11   Elks of the United States of America, 2009 WL 1118896, at *5 (E.D. Cal. Apr. 23,

12   2009) (accord).

13        Even if Mattel had raised these objections, they are uniformly without merit.

14   Mattel fails to even attempt to explain why this Request is overly broad or unduly

15   burdensome.  The failure to do so renders these objections ineffective.  See, e.g.,

16   Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with

17   specificity), Spitser Decl., Ex. 18; Fed. R. Civ. P. 33(b)(4) (grounds for objecting to

18   an interrogatory must be stated "with specificity"); Jackson v. Montgomery Ward

19   & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a

20   discovery request is unduly burdensome must allege specific facts which indicate

21   the nature and extent of the burden, usually by affidavit or other reliable evidence.")

22   (cited in Order No. 11, dated March 30, 2009, at 19, Spitser Decl., Ex. 14; Order

23   No. 17, at 23, Spitser Decl., Ex. 18); Nagele v. Electronic Data Systems Corp, 193

24   F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because

25   objecting party failed to particularize its basis for the objection); Order Granting

26   Mattel's Motion to Compel Production of Documents and Interrogatory Responses

27   by MGA, dated May 15, 2007, at 14, Spitser Decl., Ex. 19 ("Once again, MGA has

28   failed to substantiate any of its objections with supporting declarations or legal

1   authorities."); <u>King v. Georgia Power Co.</u>, 50 F.R.D. 134, 135 (N.D. Ga. 1970)

2   (overruling objection that interrogatory was burdensome and oppressive, even

3   though preparation of answer would be time-consuming and costly, because

4   information was crucial to the issues of the suit and in exclusive custody of

5   defendant); <u>Seff v. General Outdoor Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D.

6   Ohio 1951) (overruling "overly burdensome" objection because value of

7   information to plaintiff clearly outweighed any annoyance or expense involved in

8   disclosure by defendant); <u>Capacchione v. Charlotte-Mecklenburg Schools</u>, 182

9   F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform

10  extensive research or to compile substantial amounts of data and information does

11  not automatically constitute an undue burden…. Imposing such a burden is

12  particularly proper where, as here, the information sought is crucial to the ultimate

13  determination of a crucial issue….").

14          This Request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine and other applicable privileges and

16  even if it did, Mattel has failed to provide a privilege log, thus waiving this

17  objection. This Request is not vague and ambiguous, nor has Mattel explained why

18  it so contends. This Request is not premature. <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

19  97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no discovery issues or

20  no requests for discovery are premature at this point…." Judge Larson agreed,

21  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

22  case at all."). Mattel's expert disclosure objection is without support. The fact that

23  expert testimony may ultimately bear on some of the subjects of the Interrogatories

24  does not excuse Mattel from its obligation to provide full and complete responses

25  based on the information Mattel presently has. Mattel's bare assertion that MGA

26  has "failed to produce witnesses  for deposition and [is] withholding information

27  and documents requested in violation of orders of the Discovery Master and the

28  Court" is not only unsupported and false, but immaterial – if this were true (and it is

1  not), Mattel's obligation to fully respond to the Interrogatories would be unaffected.

2  This Request does not seek information that constitutes a Mattel trade secret or is

3  violative of any third-party's rights of privacy.  Mattel provides no support for its

4  spurious accusation that any documents have been "stolen by MGA and other

5  defendants."  In any event, Mattel is obligated to produce all non-privileged

6  responsive documents in its possession.

7

8  REQUEST FOR PRODUCTION NO. 82:

9  A copy of every complaint filed against MATTEL that REFERS OR

10  RELATES to the recall of ANY MATTEL HARMED PRODUCTS from January

11  1, 2001 to the present.

12

13  RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

14  Mattel incorporates by reference the above-stated general objections as if

15  fully set forth herein. Mattel objects that the Request is vague and ambiguous,

16  unduly burdensome and overly broad and seeks information that is neither relevant

17  nor reasonably calculated to lead to the discovery of admissible evidence. Mattel

18  further objects to this Request on the grounds that the term MATTEL HARMED

19  PRODUCT is vague and ambiguous and makes the request overly-broad and

20  unduly burdensome. Mattel objects to MGA's concurrently served Interrogatories

21  Nos. 7 and 8, on which the definition of this term is based, in their entirety, and

22  Mattel additionally objects to this request on the grounds stated in Mattel's

23  objections to those Interrogatories, including without limitation in that such

24  Interrogatories exceed the limit set by the Federal Rules. Mattel further objects to

25  this Request to the extent that it calls for the disclosure of information subject to the

26  attorney-client privilege, the attorney work-product doctrine and other applicable

27  privileges.  Mattel further objects to this Request on the ground and to the extent it

28  seeks trade secret, proprietary or otherwise confidential information of Mattel or

1   third parties. Any such documents that are produced, if any, will be produced only

2   pursuant to and in reliance upon the Protective Order entered in this case. Mattel

3   also objects to this Request to the extent it seeks documents that are in the

4   possession, custody and control of a foreign subsidiary of a party on the basis that

5   MGA has objected that such documents are not within the scope of requests to a

6   domestic party.

7

8       FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

9       REQUEST FOR PRODUCTION NO. 82 SHOULD BE COMPELLED:

10      This Request seeks plainly relevant documents.  In 2007, Mattel was forced

11  to make the largest product recall in history because of lead paint.  The recall

12  included Barbie and Barbie accessories.  The extent to which a decrease in Mattel

13  product sales was caused by this massive recall, and/or the resulting public distrust

14  of the safety of Mattel products, is directly relevant to Mattel's claim that it was

15  MGA's putative wrongdoing that harmed Mattel sales.  In fact, during Phase 1,

16  Mattel successfully prevailed on a motion to compel MGA to produce information

17  about supposed "sweatshop labor practices" in China, and the negative press caused

18  thereby, arguing that such information was relevant to show that the decline in sales

19  and profits alleged by MGA was caused or contributed to by factors other than

20  Mattel's alleged wrongdoing.  In exactly the same way, alternative cause of alleged

21  damage is precisely why MGA now seeks discovery about the massive recall of

22  Mattel products.

23      Mattel's other objections are without merit.  Mattel primarily contends that

24  this, and all of the other Requests at issue in MGA's Motion to Compel (the

25  "Requests at Issue") are improper because they are "inextricably intertwined" with

26  certain of MGA's First Set of Phase 2 Interrogatories, which Mattel claims are

27  improper because MGA has served more than its allotted amount of interrogatories.

28  This argument is entirely without merit.  As explained above and in MGA's Motion

1   to Compel, Mattel invents an aggregate 75 interrogatory limit never set by Judge

2   Larson or even contemplated by the Parties.  Mattel also engages in "creative"

3   counting that is inconsistent with both established law and the precedent in this

4   case, including Mattel's own arguments and Discovery Master rulings about

5   strikingly similar interrogatories.  Thus, even if Mattel's imaginary aggregate 75

6   interrogatory limit for all phases of this case were supportable (and it is not), MGA

7   has not exceeded such a limit.  As such, Mattel is obligated to respond to this

8   Request and produce all non-privileged documents responsive thereto.

9        Mattel also raises a number of baseless and objections in response to this

10  request.  However, Mattel has waived these objections by failing to rely on them in

11  meet and confer and in its Motion for Protective Order regarding the Requests at

12  Issue.  See Eureka Financial Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D.

13  179, 185 (E.D. Cal. 1991) (objections not properly raised during meet and confer

14  were waived); Carmichael Lodge No. 2103, Benevolent and Protective Order of

15  Elks of the United States of America, 2009 WL 1118896, at *5 (E.D. Cal. Apr. 23,

16  2009) (accord).

17       Even if Mattel had raised these objections, they are uniformly without merit.

18  Mattel fails to even attempt to explain why this Request is overly broad or unduly

19  burdensome.  The failure to do so renders these objections ineffective.  See, e.g.,

20  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with

21  specificity), Spitser Decl., Ex. 18; Fed. R. Civ. P. 33(b)(4) (grounds for objecting to

22  an interrogatory must be stated "with specificity"); Jackson v. Montgomery Ward

23  & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a

24  discovery request is unduly burdensome must allege specific facts which indicate

25  the nature and extent of the burden, usually by affidavit or other reliable evidence.")

26  (cited in Order No. 11, dated March 30, 2009, at 19, Spitser Decl., Ex. 14; Order

27  No. 17, at 23, Spitser Decl., Ex. 18); Nagele v. Electronic Data Systems Corp, 193

28  F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because

1    objecting party failed to particularize its basis for the objection); Order Granting

2    Mattel's Motion to Compel Production of Documents and Interrogatory Responses

3    by MGA, dated May 15, 2007, at 14, Spitser Decl., Ex. 19 ("Once again, MGA has

4    failed to substantiate any of its objections with supporting declarations or legal

5    authorities."); King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D. Ga. 1970)

6    (overruling objection that interrogatory was burdensome and oppressive, even

7    though preparation of answer would be time-consuming and costly, because

8    information was crucial to the issues of the suit and in exclusive custody of

9    defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D.

10   Ohio 1951) (overruling "overly burdensome" objection because value of

11   information to plaintiff clearly outweighed any annoyance or expense involved in

12   disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182

13   F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform

14   extensive research or to compile substantial amounts of data and information does

15   not automatically constitute an undue burden.…  Imposing such a burden is

16   particularly proper where, as here, the information sought is crucial to the ultimate

17   determination of a crucial issue….").

18        This Request does not seek documents protected by the attorney-client

19   privilege, the attorney work product doctrine and other applicable privileges and

20   even if it did, Mattel has failed to provide a privilege log, thus waiving this

21   objection.  This Request is not vague and ambiguous, nor has Mattel explained why

22   it so contends. This Request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

23   97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no discovery issues or

24   no requests for discovery are premature at this point…."  Judge Larson agreed,

25   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

26   case at all.").  Mattel's expert disclosure objection is without support.  The fact that

27   expert testimony may ultimately bear on some of the subjects of the Interrogatories

28   does not excuse Mattel from its obligation to provide full and complete responses

1  based on the information Mattel presently has.  Mattel's bare assertion that MGA

2  has "failed to produce witnesses  for deposition and [is] withholding information

3  and documents requested in violation of orders of the Discovery Master and the

4  Court" is not only unsupported and false, but immaterial – if this were true (and it is

5  not), Mattel's obligation to fully respond to the Interrogatories would be unaffected.

6  This Request does not seek information that constitutes a Mattel trade secret or is

7  violative of any third-party's rights of privacy.  Mattel provides no support for its

8  spurious accusation that any documents have been "stolen by MGA and other

9  defendants."  In any event, Mattel is obligated to produce all non-privileged

10  responsive documents in its possession.

11

12

13  REQUEST FOR PRODUCTION NO. 84:

14  ALL DOCUMENTS that REFER OR RELATE to ANY studies, reports,

15  analyses focus groups, polling, or ANY other research concerning whether the

16  recall of ANY MATTEL PRODUCT impacted sales of the MATTEL HARMED

17  PRODUCTS.

18

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 84:

20  Mattel incorporates by reference the above-stated general objections as if

21  fully set forth herein. Mattel objects that the Request is vague and ambiguous,

22  unduly burdensome and overly broad and seeks information that is neither relevant

23  nor reasonably calculated to lead to the discovery of admissible evidence. Mattel

24  further objects to this Request on the grounds that the term MATTEL HARMED

25  PRODUCT is vague and ambiguous and makes the request overly-broad and

26  unduly burdensome. Mattel objects to MGA's concurrently served Interrogatories

27  Nos. 7 and 8, on which the definition of this term is based, in their entirety, and

28  Mattel additionally objects to this request on the grounds stated in Mattel's

1    objections to those Interrogatories, including without limitation in that such

2    Interrogatories exceed the limit set by the Federal Rules. Mattel further objects to

3    this Request to the extent that it calls for the disclosure of information subject to the

4    attorney-client privilege, the attorney work-product doctrine and other applicable

5    privileges. Mattel further objects to this Request on the ground and to the extent it

6    seeks trade secret, proprietary or otherwise confidential information of Mattel or

7    third parties. Any such documents that are produced, if any, will be produced only

8    pursuant to and in reliance upon the Protective Order entered in this case. Mattel

9    also objects to this Request to the extent it seeks documents that are in the

10   possession, custody and control of a foreign subsidiary of a party on the basis that

11   MGA has objected that such documents are not within the scope of requests to a

12   domestic party.

13

14        FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

15        REQUEST FOR PRODUCTION NO. 84 SHOULD BE COMPELLED:

16        This Request seeks plainly relevant documents.  In 2007, Mattel was forced

17   to make the largest product recall in history because of lead paint.  The recall

18   included Barbie and Barbie accessories.  The extent to which a decrease in Mattel

19   product sales was caused by this massive recall, and/or the resulting public distrust

20   of the safety of Mattel products, is directly relevant to Mattel's claim that it was

21   MGA's putative wrongdoing that harmed Mattel sales.  In fact, during Phase 1,

22   Mattel successfully prevailed on a motion to compel MGA to produce information

23   about supposed "sweatshop labor practices" in China, and the negative press caused

24   thereby, arguing that such information was relevant to show that the decline in sales

25   and profits alleged by MGA was caused or contributed to by factors other than

26   Mattel's alleged wrongdoing.  In exactly the same way, alternative cause of alleged

27   damage is precisely why MGA now seeks discovery about the massive recall of

28   Mattel products.

1       Mattel's other objections are without merit.  Mattel primarily contends that

2   this, and all of the other Requests at issue in MGA's Motion to Compel (the

3   "Requests at Issue") are improper because they are "inextricably intertwined" with

4   certain of MGA's First Set of Phase 2 Interrogatories, which Mattel claims are

5   improper because MGA has served more than its allotted amount of interrogatories.

6   This argument is entirely without merit.  As explained above and in MGA's Motion

7   to Compel, Mattel invents an aggregate 75 interrogatory limit never set by Judge

8   Larson or even contemplated by the Parties.  Mattel also engages in "creative"

9   counting that is inconsistent with both established law and the precedent in this

10  case, including Mattel's own arguments and Discovery Master rulings about

11  strikingly similar interrogatories.  Thus, even if Mattel's imaginary aggregate 75

12  interrogatory limit for all phases of this case were supportable (and it is not), MGA

13  has not exceeded such a limit.  As such, Mattel is obligated to respond to this

14  Request and produce all non-privileged documents responsive thereto.

15      Mattel also raises a number of baseless and objections in response to this

16  request.  However, Mattel has waived these objections by failing to rely on them in

17  meet and confer and in its Motion for Protective Order regarding the Requests at

18  Issue.  See Eureka Financial Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D.

19  179, 185 (E.D. Cal. 1991) (objections not properly raised during meet and confer

20  were waived); Carmichael Lodge No. 2103, Benevolent and Protective Order of

21  Elks of the United States of America, 2009 WL 1118896, at *5 (E.D. Cal. Apr. 23,

22  2009) (accord).

23      Even if Mattel had raised these objections, they are uniformly without merit.

24  Mattel fails to even attempt to explain why this Request is overly broad or unduly

25  burdensome.  The failure to do so renders these objections ineffective.  See, e.g.,

26  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with

27  specificity), Spitser Decl., Ex. 18; Fed. R. Civ. P. 33(b)(4) (grounds for objecting to

28  an interrogatory must be stated "with specificity"); Jackson v. Montgomery Ward

& Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Spitser Decl., Ex. 14; Order No. 17, at 23, Spitser Decl., Ex. 18); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 14, Spitser Decl., Ex. 19 ("Once again, MGA has failed to substantiate any of its objections with supporting declarations or legal authorities."); King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D. Ga. 1970) (overruling objection that interrogatory was burdensome and oppressive, even though preparation of answer would be time-consuming and costly, because information was crucial to the issues of the suit and in exclusive custody of defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden…. Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue….").

This Request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine and other applicable privileges and even if it did, Mattel has failed to provide a privilege log, thus waiving this objection. This Request is not vague and ambiguous, nor has Mattel explained why it so contends. This Request is not premature. See Tr. of Feb. 11, 2009 Hearing, at

97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point…."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").  Mattel's expert disclosure objection is without support.  The fact that expert testimony may ultimately bear on some of the subjects of the Interrogatories does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has.  Mattel's bare assertion that MGA has "failed to produce witnesses  for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the Interrogatories would be unaffected.  This Request does not seek information that constitutes a Mattel trade secret or is violative of any third-party's rights of privacy.  Mattel provides no support for its spurious accusation that any documents have been "stolen by MGA and other defendants."  In any event, Mattel is obligated to produce all non-privileged responsive documents in its possession.

REQUEST FOR PRODUCTION NO. 85:

ALL DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses, focus groups, polling, or ANY other research concerning ANY decline in the sales of the MATTEL HARMED PRODUCTS.

RESPONSE TO REQUEST FOR PRODUCTION NO. 85:

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel objects that the Request is vague and ambiguous, unduly burdensome and overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Mattel

further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that the term MATTEL HARMED PRODUCT is vague and ambiguous and makes the request overly-broad and unduly burdensome. Mattel objects to MGA's concurrently served Interrogatories Nos. 7 and 8, on which the definition of this term is based, in their entirety, and Mattel additionally objects to this request on the grounds stated in Mattel's objections to those Interrogatories, including without limitation in that such Interrogatories exceed the limit set by the Federal Rules.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case. Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party on the basis that MGA has objected that such documents are not within the scope of requests to a domestic party.

FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 85 SHOULD BE COMPELLED:

Mattel's irrelevance objection is spurious.  Mattel contends its product sales were damaged by MGA's alleged wrongdoing.  Studies, reports, and the like which analyze the decline in market sales are directly relevant to support or refute Mattel's damage claims.  MGA is entitled to information about Mattel's alleged damages.  See Haseotes v. Abacab International Computers, Inc., 120 F.R.D. 12, 14 (D. Mass. 1988) (party entitled to discovery itemizing each element of damage alleged by other side); Miller v. Pancucci, 141 F.R.D. 292, 298 (C.D. Cal 1992)(discovery to be liberally construed).

1     Mattel's other objections are without merit.  Mattel primarily contends that

2     this, and all of the other Requests at issue in MGA's Motion to Compel (the

3     "Requests at Issue") are improper because they are "inextricably intertwined" with

4     certain of MGA's First Set of Phase 2 Interrogatories, which Mattel claims are

5     improper because MGA has served more than its allotted amount of interrogatories.

6     This argument is entirely without merit.  As explained above and in MGA's Motion

7     to Compel, Mattel invents an aggregate 75 interrogatory limit never set by Judge

8     Larson or even contemplated by the Parties.  Mattel also engages in "creative"

9     counting that is inconsistent with both established law and the precedent in this

10    case, including Mattel's own arguments and Discovery Master rulings about

11    strikingly similar interrogatories.  Thus, even if Mattel's imaginary aggregate 75

12    interrogatory limit for all phases of this case were supportable (and it is not), MGA

13    has not exceeded such a limit.  As such, Mattel is obligated to respond to this

14    Request and produce all non-privileged documents responsive thereto.

15    Mattel also raises a number of baseless and objections in response to this

16    request.  However, Mattel has waived these objections by failing to rely on them in

17    meet and confer and in its Motion for Protective Order regarding the Requests at

18    Issue.  See Eureka Financial Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D.

19    179, 185 (E.D. Cal. 1991) (objections not properly raised during meet and confer

20    were waived); Carmichael Lodge No. 2103, Benevolent and Protective Order of

21    Elks of the United States of America, 2009 WL 1118896, at *5 (E.D. Cal. Apr. 23,

22    2009) (accord).

23    Even if Mattel had raised these objections, they are uniformly without merit.

24    Mattel fails to even attempt to explain why this Request is overly broad or unduly

25    burdensome.  The failure to do so renders these objections ineffective.  See, e.g.,

26    Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with

27    specificity), Spitser Decl., Ex. 18; Fed. R. Civ. P. 33(b)(4) (grounds for objecting to

28    an interrogatory must be stated "with specificity"); Jackson v. Montgomery Ward

& Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Spitser Decl., Ex. 14; Order No. 17, at 23, Spitser Decl., Ex. 18); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 14, Spitser Decl., Ex. 19 ("Once again, MGA has failed to substantiate any of its objections with supporting declarations or legal authorities."); King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D. Ga. 1970) (overruling objection that interrogatory was burdensome and oppressive, even though preparation of answer would be time-consuming and costly, because information was crucial to the issues of the suit and in exclusive custody of defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden…. Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue….").

     This Request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine and other applicable privileges and even if it did, Mattel has failed to provide a privilege log, thus waiving this objection. This Request is not vague and ambiguous, nor has Mattel explained why it so contends. This Request is not premature. See Tr. of Feb. 11, 2009 Hearing, at

97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point…."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").  Mattel's expert disclosure objection is without support.  The fact that expert testimony may ultimately bear on some of the subjects of the Interrogatories does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has.  Mattel's bare assertion that MGA has "failed to produce witnesses  for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the Interrogatories would be unaffected. This Request does not seek information that constitutes a Mattel trade secret or is violative of any third-party's rights of privacy.  Mattel provides no support for its spurious accusation that any documents have been "stolen by MGA and other defendants."  In any event, Mattel is obligated to produce all non-privileged responsive documents in its possession.


REQUEST FOR PRODUCTION NO. 90:

ALL DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses, focus groups, polling, or ANY other research concerning the sale of the MATTEL HARMED PRODUCTS from January 1, 2000 to the present.


RESPONSE TO REQUEST FOR PRODUCTION NO. 90:

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel objects that the Request is vague and ambiguous, unduly burdensome and overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Mattel

further objects to this Request as vague and ambiguous in its use of the term "other research." Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that the term MATTEL HARMED PRODUCT is vague and ambiguous and makes the request overly-broad and unduly burdensome. Mattel objects to MGA's concurrently served Interrogatories Nos. 7 and 8, on which the definition of this term is based, in their entirety, and Mattel additionally objects to this request on the grounds stated in Mattel's objections to those Interrogatories, including without limitation in that such Interrogatories exceed the limit set by the Federal Rules. Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties. Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case. Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party on the basis that MGA has objected that such documents are not within the scope of requests to a domestic party. Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants. Such documents will not be produced again.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 90 SHOULD BE COMPELLED:

Mattel's irrelevance objection is spurious.  Mattel contends its product sales were damaged by MGA's alleged wrongdoing.  Studies, reports, and the like which analyze the decline in market sales are directly relevant to support or refute Mattel's damage claims.  MGA is entitled to information about Mattel's alleged damages. See Haseotes v. Abacab International Computers, Inc., 120 F.R.D. 12, 14 (D. Mass.

1  1988) (party entitled to discovery itemizing each element of damage alleged by

2  other side); <u>Miller v. Pancucci</u>, 141 F.R.D. 292, 298 (C.D. Cal 1992)(discovery to

3  be liberally construed).

4         Mattel's other objections are without merit.  Mattel primarily contends that

5  this, and all of the other Requests at issue in MGA's Motion to Compel (the

6  "Requests at Issue") are improper because they are "inextricably intertwined" with

7  certain of MGA's First Set of Phase 2 Interrogatories, which Mattel claims are

8  improper because MGA has served more than its allotted amount of interrogatories.

9  This argument is entirely without merit.  As explained above and in MGA's Motion

10  to Compel, Mattel invents an aggregate 75 interrogatory limit never set by Judge

11  Larson or even contemplated by the Parties.  Mattel also engages in "creative"

12  counting that is inconsistent with both established law and the precedent in this

13  case, including Mattel's own arguments and Discovery Master rulings about

14  strikingly similar interrogatories.  Thus, even if Mattel's imaginary aggregate 75

15  interrogatory limit for all phases of this case were supportable (and it is not), MGA

16  has not exceeded such a limit.  As such, Mattel is obligated to respond to this

17  Request and produce all non-privileged documents responsive thereto.

18         Mattel also raises a number of baseless and objections in response to this

19  request.  However, Mattel has waived these objections by failing to rely on them in

20  meet and confer and in its Motion for Protective Order regarding the Requests at

21  Issue.  <u>See</u> <u>Eureka Financial Corp. v. Hartford Acc. and Indem. Co.</u>, 136 F.R.D.

22  179, 185 (E.D. Cal. 1991) (objections not properly raised during meet and confer

23  were waived); <u>Carmichael Lodge No. 2103, Benevolent and Protective Order of</u>

24  <u>Elks of the United States of America</u>, 2009 WL 1118896, at *5 (E.D. Cal. Apr. 23,

25  2009) (accord).

26         Even if Mattel had raised these objections, they are uniformly without merit.

27  Mattel fails to even attempt to explain why this Request is overly broad or unduly

28  burdensome.  The failure to do so renders these objections ineffective.  <u>See, e.g.,</u>

1    Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with

2    specificity), Spitser Decl., Ex. 18; Fed. R. Civ. P. 33(b)(4) (grounds for objecting to

3    an interrogatory must be stated "with specificity"); <u>Jackson v. Montgomery Ward</u>

4    <u>& Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a

5    discovery request is unduly burdensome must allege specific facts which indicate

6    the nature and extent of the burden, usually by affidavit or other reliable evidence.")

7    (cited in Order No. 11, dated March 30, 2009, at 19, Spitser Decl., Ex. 14; Order

8    No. 17, at 23, Spitser Decl., Ex. 18; <u>Nagele v. Electronic Data Systems Corp</u>, 193

9    F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because

10   objecting party failed to particularize its basis for the objection); Order Granting

11   Mattel's Motion to Compel Production of Documents and Interrogatory Responses

12   by MGA, dated May 15, 2007, at 14, Spitser Decl., Ex. 19 ("Once again, MGA has

13   failed to substantiate any of its objections with supporting declarations or legal

14   authorities."); <u>King v. Georgia Power Co.</u>, 50 F.R.D. 134, 135 (N.D. Ga. 1970)

15   (overruling objection that interrogatory was burdensome and oppressive, even

16   though preparation of answer would be time-consuming and costly, because

17   information was crucial to the issues of the suit and in exclusive custody of

18   defendant); <u>Seff v. General Outdoor Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D.

19   Ohio 1951) (overruling "overly burdensome" objection because value of

20   information to plaintiff clearly outweighed any annoyance or expense involved in

21   disclosure by defendant); <u>Capacchione v. Charlotte-Mecklenburg Schools</u>, 182

22   F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform

23   extensive research or to compile substantial amounts of data and information does

24   not automatically constitute an undue burden….  Imposing such a burden is

25   particularly proper where, as here, the information sought is crucial to the ultimate

26   determination of a crucial issue….").

27         This Request does not seek documents protected by the attorney-client

28   privilege, the attorney work product doctrine and other applicable privileges and

1    even if it did, Mattel has failed to provide a privilege log, thus waiving this

2    objection.  This Request is not vague and ambiguous, nor has Mattel explained why

3    it so contends. This Request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

4    97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no discovery issues or

5    no requests for discovery are premature at this point…."  Judge Larson agreed,

6    clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

7    case at all.").  Mattel's expert disclosure objection is without support.  The fact that

8    expert testimony may ultimately bear on some of the subjects of the Interrogatories

9    does not excuse Mattel from its obligation to provide full and complete responses

10   based on the information Mattel presently has.  Mattel's bare assertion that MGA

11   has "failed to produce witnesses  for deposition and [is] withholding information

12   and documents requested in violation of orders of the Discovery Master and the

13   Court" is not only unsupported and false, but immaterial – if this were true (and it is

14   not), Mattel's obligation to fully respond to the Interrogatories would be unaffected.

15   This Request does not seek information that constitutes a Mattel trade secret or is

16   violative of any third-party's rights of privacy.  Mattel provides no support for its

17   spurious accusation that any documents have been "stolen by MGA and other

18   defendants."  In any event, Mattel is obligated to produce all non-privileged

19   responsive documents in its possession.

20

21        REQUEST FOR PRODUCTION NO. 93:

22        ALL DOCUMENTS THAT REFER OR RELATE to ANY studies, reports,

23   analyses, focus groups, polling, or ANY other research concerning future sales of

24   the MATTEL HARMED PRODUCTS. (As used in this Request, "future sales"

25   means sales in or after June, 2009).

26

27        RESPONSE TO REQUEST FOR PRODUCTION NO. 93:

28        Mattel incorporates by reference the above-stated general objections as if

1    fully set forth herein. Mattel objects that the Request is vague and ambiguous,

2    unduly burdensome and overly broad and seeks information that is neither relevant

3    nor reasonably calculated to lead to the discovery of admissible evidence. Mattel

4    further objects to this Request as vague and ambiguous in its use of the term "other

5    research." Mattel further objects to this Request to the extent that it calls for the

6    disclosure of information subject to the attorney-client privilege, the attorney work

7    product doctrine and other applicable privileges. Mattel further objects to this

8    Request on the grounds that the term MATTEL HARMED PRODUCT is vague

9    and ambiguous and makes the request overly-broad and unduly burdensome. Mattel

10   objects to MGA's concurrently served Interrogatories Nos. 7 and 8, on which the

11   definition of this term is based, in their entirety, and Mattel additionally objects to

12   this request on the grounds stated in Mattel's objections to those Interrogatories,

13   including without limitation in that such Interrogatories exceed the limit set by the

14   Federal Rules. Mattel further objects to this Request on the ground and to the extent

15   it seeks trade secret, proprietary or otherwise confidential information of Mattel or

16   third parties. Any such documents that are produced, if any, will be produced only

17   pursuant to and in reliance upon the Protective Order entered in this case. Mattel

18   also objects to this Request to the extent it seeks documents that are in the

19   possession, custody and control of a foreign subsidiary of a party on the basis that

20   MGA has objected that such documents are not within the scope of requests to a

21   domestic party. Mattel further objects to this Request to the extent that it may seek

22   documents already produced by Mattel, including documents stolen by MGA and

23   other defendants. Such documents will not be produced again.

24

25       <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

26       <u>REQUEST FOR PRODUCTION NO. 93 SHOULD BE COMPELLED</u>:

27       Mattel's irrelevance objection is spurious.  Mattel contends its product sales

28   were damaged by MGA's alleged wrongdoing.  Studies, reports, and the like which

1   analyze the decline in market sales are directly relevant to support or refute Mattel's

2   damage claims.  MGA is entitled to information about Mattel's alleged damages.

3   See Haseotes v. Abacab International Computers, Inc., 120 F.R.D. 12, 14 (D. Mass.

4   1988) (party entitled to discovery itemizing each element of damage alleged by

5   other side); Miller v. Pancucci, 141 F.R.D. 292, 298 (C.D. Cal 1992)(discovery to

6   be liberally construed).

7        Mattel's other objections are without merit.  Mattel primarily contends that

8   this, and all of the other Requests at issue in MGA's Motion to Compel (the

9   "Requests at Issue") are improper because they are "inextricably intertwined" with

10   certain of MGA's First Set of Phase 2 Interrogatories, which Mattel claims are

11   improper because MGA has served more than its allotted amount of interrogatories.

12   This argument is entirely without merit.  As explained above and in MGA's Motion

13   to Compel, Mattel invents an aggregate 75 interrogatory limit never set by Judge

14   Larson or even contemplated by the Parties.  Mattel also engages in "creative"

15   counting that is inconsistent with both established law and the precedent in this

16   case, including Mattel's own arguments and Discovery Master rulings about

17   strikingly similar interrogatories.  Thus, even if Mattel's imaginary aggregate 75

18   interrogatory limit for all phases of this case were supportable (and it is not), MGA

19   has not exceeded such a limit.  As such, Mattel is obligated to respond to this

20   Request and produce all non-privileged documents responsive thereto.

21        Mattel also raises a number of baseless and objections in response to this

22   request.  However, Mattel has waived these objections by failing to rely on them in

23   meet and confer and in its Motion for Protective Order regarding the Requests at

24   Issue.  See Eureka Financial Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D.

25   179, 185 (E.D. Cal. 1991) (objections not properly raised during meet and confer

26   were waived); Carmichael Lodge No. 2103, Benevolent and Protective Order of

27   Elks of the United States of America, 2009 WL 1118896, at *5 (E.D. Cal. Apr. 23,

28   2009) (accord).

Even if Mattel had raised these objections, they are uniformly without merit. Mattel fails to even attempt to explain why this Request is overly broad or unduly burdensome.  The failure to do so renders these objections ineffective.  See, e.g., Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Spitser Decl., Ex. 18; Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated "with specificity"); Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Spitser Decl., Ex. 14; Order No. 17, at 23, Spitser Decl., Ex. 18; Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 14, Spitser Decl., Ex. 19 ("Once again, MGA has failed to substantiate any of its objections with supporting declarations or legal authorities."); King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D. Ga. 1970) (overruling objection that interrogatory was burdensome and oppressive, even though preparation of answer would be time-consuming and costly, because information was crucial to the issues of the suit and in exclusive custody of defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden….  Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate

1   determination of a crucial issue…."").

2       This Request does not seek documents protected by the attorney-client

3   privilege, the attorney work product doctrine and other applicable privileges and

4   even if it did, Mattel has failed to provide a privilege log, thus waiving this

5   objection.  This Request is not vague and ambiguous, nor has Mattel explained why

6   it so contends. This Request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

7   97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no discovery issues or

8   no requests for discovery are premature at this point…."  Judge Larson agreed,

9   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

10  case at all.").  Mattel's expert disclosure objection is without support.  The fact that

11  expert testimony may ultimately bear on some of the subjects of the Interrogatories

12  does not excuse Mattel from its obligation to provide full and complete responses

13  based on the information Mattel presently has.  Mattel's bare assertion that MGA

14  has "failed to produce witnesses  for deposition and [is] withholding information

15  and documents requested in violation of orders of the Discovery Master and the

16  Court" is not only unsupported and false, but immaterial – if this were true (and it is

17  not), Mattel's obligation to fully respond to the Interrogatories would be unaffected.

18  This Request does not seek information that constitutes a Mattel trade secret or is

19  violative of any third-party's rights of privacy.  Mattel provides no support for its

20  spurious accusation that any documents have been "stolen by MGA and other

21  defendants."  In any event, Mattel is obligated to produce all non-privileged

22  responsive documents in its possession.

23

24      REQUEST FOR PRODUCTION NO. 98:

25      All DOCUMENTS identified, described, or referenced in YOUR response to

26  INTERROGATORY NO. 12 or containing information that YOU used or to which

27  YOU referred in formulating the response, that YOU have not already produced in

28  this ACTION.

1

2      <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 98</u>:

3          Mattel incorporates by reference the above-stated general objections as if

4   fully set forth herein. Mattel objects that the Request is vague and ambiguous,

5   unduly burdensome and overly broad and seeks information that is neither relevant

6   nor reasonably calculated to lead to the discovery of admissible evidence. Mattel

7   further objects to this Request to the extent that it calls for the disclosure of

8   information subject to the attorney-client privilege, the attorney work-product

9   doctrine and other applicable privileges. Mattel objects to MGA's concurrently

10  served Interrogatory No. 12, on which this request is based, in its entirety, and

11  Mattel additionally objects to this request on the grounds stated in Mattel's

12  objections to that Interrogatory, including without limitation in that such

13  Interrogatories exceed the limit set by the Federal Rules. Mattel further objects to

14  this Request on the ground and to the extent it seeks trade secret, proprietary or

15  otherwise confidential information of Mattel or third parties. Any such documents

16  that are produced, if any, will be produced only pursuant to and in reliance upon the

17  Protective Order entered in this case. Mattel also objects to this Request to the

18  extent it seeks documents that are in the possession, custody and control of a

19  foreign subsidiary of a party on the basis that MGA has objected that such

20  documents are not within the scope of requests to a domestic party. Mattel further

21  objects to this Request to the extent that it may seek documents already produced

22  by Mattel, including documents stolen by MGA and other defendants. Such

23  documents will not be produced again.

24

25      <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

26      <u>REQUEST FOR PRODUCTION NO. 98 SHOULD BE COMPELLED</u>:

27          Mattel's irrelevance objection is spurious.  Interrogatory No. 12 concerns the

28  basis for Mattel's RICO allegations, which lie at the heart of its voluminous

1    counterclaims.  MGA is entitled to know the basis of such claims.  <u>See</u> <u>St. Paul</u>

2    <u>Reinsurance Co. v. Commercial Financial Corp.</u>, 198 F.R.D. 508, 511 (D. Iowa

3    2000) (discovery permitted if relevant to the claims at issue).

4         Mattel's other objections are without merit.  Mattel primarily contends that

5    this, and all of the other Requests at issue in MGA's Motion to Compel (the

6    "Requests at Issue") are improper because they are "inextricably intertwined" with

7    certain of MGA's First Set of Phase 2 Interrogatories, which Mattel claims are

8    improper because MGA has served more than its allotted amount of interrogatories.

9    This argument is entirely without merit.  As explained above and in MGA's Motion

10   to Compel, Mattel invents an aggregate 75 interrogatory limit never set by Judge

11   Larson or even contemplated by the Parties.  Mattel also engages in "creative"

12   counting that is inconsistent with both established law and the precedent in this

13   case, including Mattel's own arguments and Discovery Master rulings about

14   strikingly similar interrogatories.  Thus, even if Mattel's imaginary aggregate 75

15   interrogatory limit for all phases of this case were supportable (and it is not), MGA

16   has not exceeded such a limit.  As such, Mattel is obligated to respond to this

17   Request and produce all non-privileged documents responsive thereto.

18        Mattel also raises a number of baseless and objections in response to this

19   request.  However, Mattel has waived these objections by failing to rely on them in

20   meet and confer and in its Motion for Protective Order regarding the Requests at

21   Issue.  <u>See</u> <u>Eureka Financial Corp. v. Hartford Acc. and Indem. Co.</u>, 136 F.R.D.

22   179, 185 (E.D. Cal. 1991) (objections not properly raised during meet and confer

23   were waived); <u>Carmichael Lodge No. 2103, Benevolent and Protective Order of</u>

24   <u>Elks of the United States of America</u>, 2009 WL 1118896, at *5 (E.D. Cal. Apr. 23,

25   2009) (accord).

26        Even if Mattel had raised these objections, they are uniformly without merit.

27   Mattel fails to even attempt to explain why this Request is overly broad or unduly

28   burdensome.  The failure to do so renders these objections ineffective.  <u>See, e.g.</u>,

1   Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with
2   specificity), Spitser Decl., Ex. 18; Fed. R. Civ. P. 33(b)(4) (grounds for objecting to
3   an interrogatory must be stated "with specificity"); Jackson v. Montgomery Ward
4   & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a
5   discovery request is unduly burdensome must allege specific facts which indicate
6   the nature and extent of the burden, usually by affidavit or other reliable evidence.")
7   (cited in Order No. 11, dated March 30, 2009, at 19, Spitser Decl., Ex. 14; Order
8   No. 17, at 23, Spitser Decl., Ex. 18; Nagele v. Electronic Data Systems Corp, 193
9   F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because
10  objecting party failed to particularize its basis for the objection); Order Granting
11  Mattel's Motion to Compel Production of Documents and Interrogatory Responses
12  by MGA, dated May 15, 2007, at 14, Spitser Decl., Ex. 19 ("Once again, MGA has
13  failed to substantiate any of its objections with supporting declarations or legal
14  authorities."); King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D. Ga. 1970)
15  (overruling objection that interrogatory was burdensome and oppressive, even
16  though preparation of answer would be time-consuming and costly, because
17  information was crucial to the issues of the suit and in exclusive custody of
18  defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D.
19  Ohio 1951) (overruling "overly burdensome" objection because value of
20  information to plaintiff clearly outweighed any annoyance or expense involved in
21  disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182
22  F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform
23  extensive research or to compile substantial amounts of data and information does
24  not automatically constitute an undue burden…. Imposing such a burden is
25  particularly proper where, as here, the information sought is crucial to the ultimate
26  determination of a crucial issue….").
27      This Request does not seek documents protected by the attorney-client
28  privilege, the attorney work product doctrine and other applicable privileges and

1  even if it did, Mattel has failed to provide a privilege log, thus waiving this

2  objection.  This Request is not vague and ambiguous, nor has Mattel explained why

3  it so contends. This Request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

4  97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no discovery issues or

5  no requests for discovery are premature at this point…."  Judge Larson agreed,

6  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

7  case at all.").  Mattel's expert disclosure objection is without support.  The fact that

8  expert testimony may ultimately bear on some of the subjects of the Interrogatories

9  does not excuse Mattel from its obligation to provide full and complete responses

10  based on the information Mattel presently has.  Mattel's bare assertion that MGA

11  has "failed to produce witnesses  for deposition and [is] withholding information

12  and documents requested in violation of orders of the Discovery Master and the

13  Court" is not only unsupported and false, but immaterial – if this were true (and it is

14  not), Mattel's obligation to fully respond to the Interrogatories would be unaffected.

15  This Request does not seek information that constitutes a Mattel trade secret or is

16  violative of any third-party's rights of privacy.  Mattel provides no support for its

17  spurious accusation that any documents have been "stolen by MGA and other

18  defendants."  In any event, Mattel is obligated to produce all non-privileged

19  responsive documents in its possession.

20

21       REQUEST FOR PRODUCTION NO. 107:

22       All DOCUMENTS identified, described, or referenced in YOUR response to

23  INTERROGATORY NO. 13 or containing information that YOU used or to which

24  YOU referred in formulating the response and that YOU have not already produced

25  in this ACTION.

26

27       RESPONSE TO REQUEST FOR PRODUCTION NO. 107:

28       Mattel incorporates by reference the above-stated general objections as if

1   fully set forth herein. Mattel objects that the Request is vague and ambiguous,

2   unduly burdensome and overly broad and seeks information that is neither relevant

3   nor reasonably calculated to lead to the discovery of admissible evidence. Mattel

4   further objects to the Request on the ground that it is premature because the subject

5   matter of this Request will be the subject of expert testimony at trial. Mattel objects

6   to this Request to the extent it seeks to limit the expert testimony that Mattel may

7   seek to introduce at trial. Mattel will identify its experts and make related

8   disclosures in accordance with the Court's orders and applicable rules. Mattel

9   objects to MGA's concurrently served Interrogatory No. 13, on which this request

10  is based, in its entirety, and Mattel additionally objects to this request on the

11  grounds stated in Mattel's objections to that Interrogatory, including without

12  limitation in that such Interrogatories exceed the limit set by the Federal Rules.

13  Mattel further objects that this Request is premature because Defendants have not

14  complied with their discovery obligations by failing to produce witnesses for

15  deposition and withholding information and documents requested in violation of

16  orders of the Discovery Master and the Court. Mattel further objects that this

17  Request is premature in that Mattel has not yet calculated its damages, nor is Mattel

18  required to elect a damages theory at this point. Mattel further objects to this

19  Request to the extent that it calls for the disclosure of information subject to the

20  attorney-client privilege, the attorney work-product doctrine and other applicable

21  privileges. Mattel further objects to this Request on the ground and to the extent it

22  seeks trade secret, proprietary or otherwise confidential information of Mattel or

23  third parties. Any such documents that are produced, if any, will be produced only

24  pursuant to and in reliance upon the Protective Order entered in this case. Mattel

25  also objects to this Request to the extent it seeks documents that are in the

26  possession, custody and control of a foreign subsidiary of a party on the basis that

27  MGA has objected that such documents are not within the scope of requests to a

28  domestic party. Mattel further objects to this Request to the extent that it may seek

1   documents already produced by Mattel, including documents stolen by MGA and

2   other defendants.  Such documents will not be produced again.

3

4   FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

5   REQUEST FOR PRODUCTION NO. 107 SHOULD BE COMPELLED:

6   Mattel's irrelevance objection is spurious.  Interrogatory No. 12 concerns the

7   basis for Mattel's RICO allegations, which lie at the heart of its voluminous

8   counterclaims.  MGA is entitled to know the basis of such claims.  See St. Paul

9   Reinsurance Co. v. Commercial Financial Corp., 198 F.R.D. 508, 511 (D. Iowa

10  2000) (discovery permitted if relevant to the claims at issue).

11  Mattel's other objections are without merit.  Mattel primarily contends that

12  this, and all of the other Requests at issue in MGA's Motion to Compel (the

13  "Requests at Issue") are improper because they are "inextricably intertwined" with

14  certain of MGA's First Set of Phase 2 Interrogatories, which Mattel claims are

15  improper because MGA has served more than its allotted amount of interrogatories.

16  This argument is entirely without merit.  As explained above and in MGA's Motion

17  to Compel, Mattel invents an aggregate 75 interrogatory limit never set by Judge

18  Larson or even contemplated by the Parties.  Mattel also engages in "creative"

19  counting that is inconsistent with both established law and the precedent in this

20  case, including Mattel's own arguments and Discovery Master rulings about

21  strikingly similar interrogatories.  Thus, even if Mattel's imaginary aggregate 75

22  interrogatory limit for all phases of this case were supportable (and it is not), MGA

23  has not exceeded such a limit.  As such, Mattel is obligated to respond to this

24  Request and produce all non-privileged documents responsive thereto.

25  Mattel also raises a number of baseless and objections in response to this

26  request.  However, Mattel has waived these objections by failing to rely on them in

27  meet and confer and in its Motion for Protective Order regarding the Requests at

28  Issue.  See Eureka Financial Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D.

179, 185 (E.D. Cal. 1991) (objections not properly raised during meet and confer were waived); <u>Carmichael Lodge No. 2103, Benevolent and Protective Order of Elks of the United States of America</u>, 2009 WL 1118896, at *5 (E.D. Cal. Apr. 23, 2009) (accord).

Even if Mattel had raised these objections, they are uniformly without merit. Mattel fails to even attempt to explain why this Request is overly broad or unduly burdensome. The failure to do so renders these objections ineffective. <u>See, e.g.</u>, Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Spitser Decl., Ex. 18; Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated "with specificity"); <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Spitser Decl., Ex. 14; Order No. 17, at 23, Spitser Decl., Ex. 18); <u>Nagele v. Electronic Data Systems Corp</u>, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 14, Spitser Decl., Ex. 19 ("Once again, MGA has failed to substantiate any of its objections with supporting declarations or legal authorities."); <u>King v. Georgia Power Co.</u>, 50 F.R.D. 134, 135 (N.D. Ga. 1970) (overruling objection that interrogatory was burdensome and oppressive, even though preparation of answer would be time-consuming and costly, because information was crucial to the issues of the suit and in exclusive custody of defendant); <u>Seff v. General Outdoor Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); <u>Capacchione v. Charlotte-Mecklenburg Schools</u>, 182

1   F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform

2   extensive research or to compile substantial amounts of data and information does

3   not automatically constitute an undue burden…. Imposing such a burden is

4   particularly proper where, as here, the information sought is crucial to the ultimate

5   determination of a crucial issue….").

6          This Request does not seek documents protected by the attorney-client

7   privilege, the attorney work product doctrine and other applicable privileges and

8   even if it did, Mattel has failed to provide a privilege log, thus waiving this

9   objection.  This Request is not vague and ambiguous, nor has Mattel explained why

10  it so contends. This Request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

11  97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no discovery issues or

12  no requests for discovery are premature at this point…."  Judge Larson agreed,

13  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

14  case at all.").  Mattel's expert disclosure objection is without support.  The fact that

15  expert testimony may ultimately bear on some of the subjects of the Interrogatories

16  does not excuse Mattel from its obligation to provide full and complete responses

17  based on the information Mattel presently has.  Mattel's bare assertion that MGA

18  has "failed to produce witnesses  for deposition and [is] withholding information

19  and documents requested in violation of orders of the Discovery Master and the

20  Court" is not only unsupported and false, but immaterial – if this were true (and it is

21  not), Mattel's obligation to fully respond to the Interrogatories would be unaffected.

22  This Request does not seek information that constitutes a Mattel trade secret or is

23  violative of any third-party's rights of privacy.  Mattel provides no support for its

24  spurious accusation that any documents have been "stolen by MGA and other

25  defendants."  In any event, Mattel is obligated to produce all non-privileged

26  responsive documents in its possession.

27

28          REQUEST FOR PRODUCTION NO. 108:

1          All DOCUMENTS identified, described, or referenced in YOUR response to

2    INTERROGATORY NO. 14 served by MGA or containing information that YOU

3    used or to which YOU referred in formulating the response and that YOU have not

4    already produced in this ACTION.

5

6         <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 108</u>:

7          Mattel incorporates by reference the above-stated general objections as if

8    fully set forth herein. Mattel objects that the Request is vague and ambiguous,

9    unduly burdensome and overly broad and seeks information that is neither relevant

10    nor reasonably calculated to lead to the discovery of admissible evidence. Mattel

11    further objects to this Request to the extent that it calls for the disclosure of

12    information subject to the attorney-client privilege, the attorney work-product

13    doctrine and other applicable privileges. Mattel objects to MGA's concurrently

14    served Interrogatory No. 14, on which this request is based, in its entirety, and

15    Mattel additionally objects to this request on the grounds stated in Mattel's

16    objections to those Interrogatories, including without limitation in that such

17    Interrogatories exceed the limit set by the Federal Rules. Mattel further objects to

18    this Request on the ground and to the extent it seeks trade secret, proprietary or

19    otherwise confidential information of Mattel or third parties. Any such documents

20    that are produced, if any, will be produced only pursuant to and in reliance upon the

21    Protective Order entered in this case. Mattel also objects to this Request to the

22    extent it seeks documents that are in the possession, custody and control of a

23    foreign subsidiary of a party on the basis that MGA has objected that such

24    documents are not within the scope of requests to a domestic party. Mattel further

25    objects to this Request to the extent that it may seek documents already produced

26    by Mattel, including documents stolen by MGA and other defendants. Such

27    documents will not be produced again.

28

1

2

<u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

<u>REQUEST FOR PRODUCTION NO. 108 SHOULD BE COMPELLED</u>:

3  Mattel's irrelevance objection is spurious.  Interrogatory No. 12 concerns the

4  basis for Mattel's RICO allegations, which lie at the heart of its voluminous

5  counterclaims.  MGA is entitled to know the basis of such claims.  <u>See</u> <u>St. Paul</u>

6  <u>Reinsurance Co. v. Commercial Financial Corp.</u>, 198 F.R.D. 508, 511 (D. Iowa

7  2000) (discovery permitted if relevant to the claims at issue).

8  Mattel's other objections are without merit.  Mattel primarily contends that

9  this, and all of the other Requests at issue in MGA's Motion to Compel (the

10  "Requests at Issue") are improper because they are "inextricably intertwined" with

11  certain of MGA's First Set of Phase 2 Interrogatories, which Mattel claims are

12  improper because MGA has served more than its allotted amount of interrogatories.

13  This argument is entirely without merit.  As explained above and in MGA's Motion

14  to Compel, Mattel invents an aggregate 75 interrogatory limit never set by Judge

15  Larson or even contemplated by the Parties.  Mattel also engages in "creative"

16  counting that is inconsistent with both established law and the precedent in this

17  case, including Mattel's own arguments and Discovery Master rulings about

18  strikingly similar interrogatories.  Thus, even if Mattel's imaginary aggregate 75

19  interrogatory limit for all phases of this case were supportable (and it is not), MGA

20  has not exceeded such a limit.  As such, Mattel is obligated to respond to this

21  Request and produce all non-privileged documents responsive thereto.

22  Mattel also raises a number of baseless and objections in response to this

23  request.  However, Mattel has waived these objections by failing to rely on them in

24  meet and confer and in its Motion for Protective Order regarding the Requests at

25  Issue.  <u>See</u> <u>Eureka Financial Corp. v. Hartford Acc. and Indem. Co.</u>, 136 F.R.D.

26  179, 185 (E.D. Cal. 1991) (objections not properly raised during meet and confer

27  were waived); <u>Carmichael Lodge No. 2103, Benevolent and Protective Order of</u>

28

1   Elks of the United States of America, 2009 WL 1118896, at *5 (E.D. Cal. Apr. 23,

2   2009) (accord).

3        Even if Mattel had raised these objections, they are uniformly without merit.

4   Mattel fails to even attempt to explain why this Request is overly broad or unduly

5   burdensome.  The failure to do so renders these objections ineffective.  See, e.g.,

6   Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with

7   specificity), Spitser Decl., Ex. 18; Fed. R. Civ. P. 33(b)(4) (grounds for objecting to

8   an interrogatory must be stated "with specificity"); Jackson v. Montgomery Ward

9   & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a

10  discovery request is unduly burdensome must allege specific facts which indicate

11  the nature and extent of the burden, usually by affidavit or other reliable evidence.")

12  (cited in Order No. 11, dated March 30, 2009, at 19, Spitser Decl., Ex. 14; Order

13  No. 17, at 23, Spitser Decl., Ex. 18); Nagele v. Electronic Data Systems Corp, 193

14  F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because

15  objecting party failed to particularize its basis for the objection); Order Granting

16  Mattel's Motion to Compel Production of Documents and Interrogatory Responses

17  by MGA, dated May 15, 2007, at 14, Spitser Decl., Ex. 19 ("Once again, MGA has

18  failed to substantiate any of its objections with supporting declarations or legal

19  authorities."); King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D. Ga. 1970)

20  (overruling objection that interrogatory was burdensome and oppressive, even

21  though preparation of answer would be time-consuming and costly, because

22  information was crucial to the issues of the suit and in exclusive custody of

23  defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D.

24  Ohio 1951) (overruling "overly burdensome" objection because value of

25  information to plaintiff clearly outweighed any annoyance or expense involved in

26  disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182

27  F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform

28  extensive research or to compile substantial amounts of data and information does

1   not automatically constitute an undue burden…. Imposing such a burden is

2   particularly proper where, as here, the information sought is crucial to the ultimate

3   determination of a crucial issue….").

4        This Request does not seek documents protected by the attorney-client

5   privilege, the attorney work product doctrine and other applicable privileges and

6   even if it did, Mattel has failed to provide a privilege log, thus waiving this

7   objection. This Request is not vague and ambiguous, nor has Mattel explained why

8   it so contends. This Request is not premature. See Tr. of Feb. 11, 2009 Hearing, at

9   97:5-10, Spitser Decl., Ex. 5 (Mattel's counsel argued that "no discovery issues or

10  no requests for discovery are premature at this point…." Judge Larson agreed,

11  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

12  case at all."). Mattel's expert disclosure objection is without support. The fact that

13  expert testimony may ultimately bear on some of the subjects of the Interrogatories

14  does not excuse Mattel from its obligation to provide full and complete responses

15  based on the information Mattel presently has. Mattel's bare assertion that MGA

16  has "failed to produce witnesses  for deposition and [is] withholding information

17  and documents requested in violation of orders of the Discovery Master and the

18  Court" is not only unsupported and false, but immaterial – if this were true (and it is

19  not), Mattel's obligation to fully respond to the Interrogatories would be unaffected.

20  This Request does not seek information that constitutes a Mattel trade secret or is

21  violative of any third-party's rights of privacy. Mattel provides no support for its

22  spurious accusation that any documents have been "stolen by MGA and other

23  defendants." In any event, Mattel is obligated to produce all non-privileged

24  responsive documents in its possession.

25

26

27

28

1

2

Dated:  July 24, 2009                    ORRICK, HERRINGTON & SUTCLIFFE LLP

3

4

By:  _____ /s/ William A. Molinski _____
               William A. Molinski

5

Attorneys for MGA ENTERTAINMENT, INC.,
MGA ENTERTAINMENT HK, LTD., MGA de
MEXICO, S.R.L. de C.V., and ISAAC LARIAN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28