1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9                  UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                       EASTERN DIVISION

12  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

13              Plaintiff,                 Consolidated with Case Nos. CV 04-
                                           09059 and CV 05-02727
14        vs.
                                           **DISCOVERY MATTER**
15  MATTEL, INC., a Delaware               **[To Be Heard By Discovery Master**
    corporation,                           **Robert O'Brien]**
16
              Defendant.                   MATTEL, INC.'S NOTICE OF
17                                         MOTION AND MOTION: (1) TO
   _____         ENFORCE ORDER COMPELLING
18  AND CONSOLIDATED ACTIONS               THE OMNI PARTIES TO PRODUCE
                                           DOCUMENTS, (2) TO STRIKE
19  _____        OBJECTIONS, AND (3) FOR
                                           SANCTIONS
20  **PUBLIC REDACTED VERSION**
                                           [Proposed Order and Declaration of
21                                         Michael T. Zeller filed concurrently]

22                                         Date:    TBD
                                           Time:    TBD
23                                         Place:   TBD

24                                         **Phase 2**
                                           Discovery December 11, 2009
25                                         Pre-trial Conference:  March 1, 2010
                                           Trial Date:  March 23, 2010
26

27

28

07975/3017972.2

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that at a time and place of hearing to be set

3    by Discovery Master Robert O'Brien, Mattel, Inc. ("Mattel") will, and hereby does,

4    move the Discovery Master for an Order:

5          (1)    enforcing Discovery Master's Order No. 27 compelling Vision

6    Capital, LLC ("Vision Capital") to fully produce documents responsive to Mattel's

7    Request Nos. 13, 14, and 16 in its subpoena to Vision Capital;

8          (2)    enforcing Discovery Master's Order No. 27 compelling Omni

9    808 Investors, LLC ("Omni 808"), to fully produce documents responsive to

10   Mattel's Request Nos. 14 and 16 in its subpoena to Omni 808;

11         (3)    enforcing Discovery Master's Order No. 27 compelling OmniNet

12   Capital, LLC ("OmniNet"), to fully produce documents responsive to Mattel's

13   Request No. 11 in its subpoena to OmniNet;

14         (4)    striking the objections of MGA and Larian to producing

15   documents relating to "foreign activities" or to non-parties, declaring that

16   defendants and the Omni Parties may not withhold documents on such grounds, and

17   ordering them to produce any and all documents withheld on such grounds that have

18   either been previously ordered or that were otherwise agreed would be produced;

19   and

20         (5)    imposing sanctions in the amount of $3,000.

21         This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u>

22   33(b)(5) and 37(a) on the grounds that the Omni Parties have failed to comply with

23   the Discovery Master's Order No. 27 and that neither defendants nor the Omni

24   Parties may properly withhold documents or other information by the defendants

25   and the Omni Parties on the basis that they concern activities, persons or entities

26   outside the United States or have not yet been established to be within the Court's

27   personal jurisdiction.

28

1         This Motion is based on this Notice of Motion and Motion, the

2 accompanying Memorandum of Points and Authorities, the Declaration of Michael

3 T. Zeller, the records and files of this Court, and all other matters of which the Court

4 may take judicial notice.

### **Statement of Rule 37-1 Compliance**

6         The parties met and conferred regarding this Motion on July 13, 2009

7 and July 21.[1]

8

9 DATED: July 24, 2009        QUINN EMANUEL URQUHART OLIVER &
        HEDGES, LLP

10

11            By_____

12                  Michael T. Zeller
                 Attorneys for Mattel, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

_____

27   [1]  See Declaration of Michael T. Zeller, filed concurrently ("Zeller Decl.") Exhs.

28 12, 13, 18-24.

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS .................................................................................... 3

ARGUMENT ........................................................................................................ 7

I.   THE OMNI PARTIES HAVE FAILED TO COMPLY WITH
     DISCOVERY MASTER ORDER NO. 27.................................................. 7

     A.   The Discovery Master Should Enforce His Order Against Omni
          808 And OmniNet ............................................................................ 7

     B.   The Discovery Master Should Enforce The Order and Compel
          Vision Capital to Fully Respond to Request Nos. 13, 14, and 16 .......... 9

II.  THE DISCOVERY MASTER SHOULD RULE THAT NEITHER
     THE MGA PARTIES NOR THE OMNI PARTIES MAY
     WITHHOLD DOCUMENTS BASED ON JURISDICTIONAL
     GROUNDS ............................................................................................ 10

III. THE DISCOVERY MASTER SHOULD SANCTION THE OMNI
     PARTIES ............................................................................................... 11

CONCLUSION .................................................................................................. 12

# TABLE OF AUTHORITIES

**Page**

## Cases

Braley v. Campbell,
   832 F.2d 1504 (10th Cir. 1987) ................................................................12

Hyde & Drath v. Baker,
   24 F.3d 1162 (9th Cir. 1994) ................................................................11

RTC v. Dabney,
   73 F.3d 262 (10th Cir. 1995) ................................................................12

## Statutes

28 U.S.C. § 1927 ................................................................11

Fed. R. Civ. P. 37(a)(4) ................................................................11

Fed. R. Civ. P. 37(b)(2)(C) ................................................................11

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Since January, Mattel has been seeking the answer to a simple and critically important question:  who actually funded the ████████ purchase of MGA's debt to Wachovia?  At every turn, MGA, Larian and the Omni Parties have obstructed this discovery by forcing multiple motions, asserting frivolous objections, making misrepresentations to the Discovery Master[2] and the Court,[3] launching "unwarranted, unsubstantiated personal attacks against the Court-Appointed Forensic Auditor,"[4] and when all else fails, as it finally has for MGA and Omni, flouting Court Orders.

Only after repeated Orders by the Discovery Master did the Omni Parties eventually produce documents demonstrating that, contrary to their representations to the Court and the Discovery Master, Isaac Larian directly funded at least $60 million of the Wachovia debt acquisition.  But they have failed and refused, in the face of the Discovery Master's Order, to produce any financial records showing the sources of the remainder of ████████. To date, none of the Omni Parties have produced so much as a single check, wire transfer record or any other underlying financial record reflecting the source ████ ████████. Such documents must exist.  It is simply not reasonable or plausible to believe that tens of millions of dollars were legitimately invested without any financial records whatsoever.  ████████ ████████████████████████████████████████.

More specifically, Vision Capital, an entity known to be associated with Isaac Larian's brother-in-law Leon Neman, and Lexington Financial, an off-

---

[2] March 4, 2009 Hearing at 51:3-8.  Zeller Decl., Exh. 2.
[3] February 11, 2009 Hearing at 71:16 to 72:5.  Zeller Decl., Exh. 3.
[4] July 9, 2009 Order at 5.  Zeller Decl., Exh. 4.

-1-

1 | shore entity, filed financing statements indicating that Vision Capital received the
2 | $10 million it allegedly provided to Omni 808 for the debt acquisition from
3 | Lexington Financial. The Discovery Master ordered Vision Capital to produce all
4 | documents relating to "███████████████████" for Omni 808, MGA, and
5 | any of their subsidiaries. After the Discovery Master's Order, Vision Capital turned
6 | over a total of 149 pages. That production principally consists of Omni 808's
7 | formal operating agreement, Omni 808-MGA promissory notes, certain internal
8 | MGA financial statements and an MGA bank presentation. Absent from Vision
9 | Capital's production, however, is a single document showing either the source of its
10 | $10 million alleged contribution to the loan acquisition or even the purported
11 | transfer of that money to Omni 808. Indeed, no loan agreement with Lexington or
12 | any other funding source, or even a single document relating to Vision Capital's
13 | supposed financing entity, Lexington, is contained in the production.

14 |      Likewise, despite the Discovery Master's Order compelling Omni 808
15 | to produce "████████████████████████████████
16 | ████████████████████████████████████████,"
17 | Omni 808 has not produced any documents showing any actual funding to or from
18 | Vision Capital. And Omni 808's production has the same glaring hole with respect
19 | to every one of its other purported equity funding sources for the loan acquisition.
20 | While Omni 808 produced some financial records reflecting ███████████
21 | ████████████████████████, neither Omni 808
22 | nor any of the other Omni Parties has produced a single check, wire transfer record
23 | or any other underlying financial record reflecting any actual transfer of funds to or
24 | from any of the claimed funding sources for ████████████
25 | ████████████. Thus, absent from the production are the financial records
26 | showing the transfer of such funds to or from Neil Kadisha, the Moinian
27 | Development Group, LLC, Gold Leaf Investments, LP, the David and Angella
28 | Nazarian Family Trust and the Arsalan Gozini Charitable Lead Annuity Trust.

1    Finally, the Omni Parties, along with MGA and Larian, continue to
2    assert objections on the basis that Mattel's requests seek discovery about "foreign"
3    activities, non-parties and entities over which the Court may not have jurisdiction.
4    This position was rejected by Judge Larson's July 9, 2009 Order and is otherwise
5    legally unsupported.  The Discovery Master should strike objections based on this
6    now-rejected jurisdictional argument and order MGA, Larian and the Omni Parties
7    to produce any documents that were either previously compelled in this litigation or
8    that were agreed to be produced which they have not produced based on such
9    grounds.

10                              **Statement of Facts**

11    <u>Mattel's Subpoenas.</u>  In January 2009, Mattel served subpoenas on
12    Omni 808 Investors, LLC ("Omni 808"), OmniNet Capital, LLC ("OmniNet"), and
13    Vision Capital, LLC ("Vision Capital") (collectively, the "Omni Parties"),
14    requesting information related to their purported acquisition from Wachovia of
15    MGA's debt.[5]   The Omni Parties objected, refusing to provide any discovery
16    whatsoever.[6]  Mattel filed a motion to compel, which the Discovery Master granted
17    in part.[7]  Relying on the Omni Parties' representations that Larian had not funded
18    *any* of the debt acquisition, however, the Discovery Master initially denied the
19    majority of Mattel's requests.[8]

20    <u>Omni 808 Refuses to Comply with the Discovery Master's Order.</u>  The
21    Discovery Master initially ordered Omni 808 to produce documents responsive to
22
23
24    [5]  Zeller Decl., Exh. 5 (attaching the subpoenas).
      [6]  Non-Party Vision Capital's Objections to Defendant Mattel's Subpoena for
25    the Production of Documents; Non-Party Omni 808 Investor's Objections to
      Defendant Mattel's Subpoena for the Production of Documents; Non-Party
26    OmniNet Capital, LLC's Objections to Defendant Mattel, Inc.'s Subpoena for the
      Production of Documents. Zeller Decl., Exh. 6.
27    [7]  Phase 2 Discovery Master Order No. 3, dated March 10, 2009, at 28-29.
      Zeller Decl., Exh. 7.
28    [8]  Id. at 25.

07975/3017972.2

1   six of Mattel's requests (1 through 3, 13, 15, 17).[9]   Omni 808 was given 30 days to

2   produce.[10]   Omni 808 refused to comply with the Order, however.   On April 21,

3   2009, Mattel was forced to file an *ex parte* application with respect to Omni 808's

4   defiance of the Order.[11]   The Discovery Master again ordered Omni 808 "to produce

5   to Mattel all documents ordered to be produced pursuant to the March 10 Order no

6   later than 5:00 p.m. on April 28, 2009."[12]   On April 28, 2009, Omni 808 finally

7   produced some responsive documents, subject to, among many objections, privilege

8   objections for which Omni 808 did not produce a privilege log.[13]

9             **Upon   Reconsideration,   the   Discovery   Master   Compels   Further**

10   **Production.**   After Wachovia produced documents revealing that Larian had indeed

11   provided substantial funding of the debt acquisition, Mattel sought reconsideration

12   of the Discovery Master's Order No. 3.   The Discovery Master granted the motion

13   and compelled the Omni Parties to "produce all non-privileged documents

14   responsive to" additional requests to the extent they related to the Wachovia debt

15   acquisition.[14]   Specifically, ██████████████████████████████

16   ████████████████████████████████████████████

17   ████████████████████████████████████████████

18   ████████████████████████████████████████████

19

20

21

22   [9]   Id. at 29.
23   [10]   Id. at 30.
      [11]   See Mattel, Inc.'s *Ex Parte* Application for an Order to Show Cause re: Omni
      808's Failure to Comply with Court Order or, in the Alternative, for an Order
24   Shortening Time to Hear Motion for Such Relief, dated April 21, 2009, Zeller Decl.,
      Exh. 9.
25   [12]   See Phase 2 Discovery Master's Order No. 21, dated April 23, 2009.   Zeller
      Decl., Exh. 10.
26   [13]   See Mattel's Motion to Compel Production of Documents for Which Any
      Claims of Privilege Have Been Waived, filed June 29, 2009.   Zeller Decl., Exh. 11.
27   [14]   Phase 2 Discovery Master's Order No. 27, dated May 6, 2009 ("Order No.
28   27").   Zeller Decl., Exh 8.

1 ████████████████████████████████████████

2 ████████████████

3     <u>The Omni Parties Fail To Produce Source Financial Records</u>.

4 Although the Requests the Discovery Master compelled clearly encompass such

5 material, Omni 808 has not produced documents relating to any actual fund transfers

6 from or to Omni 808's purported investors, including ████████████

7 ████████████████████████████████████████

8 ████████████████████████████████████████

9 ████████████████████████████████████████

10 ████████████████████████████████████████

11 ██████████.[16]

12     Vision Capital likewise has failed to produce financial records showing

13 the actual source or transfer of the funds it allegedly contributed to the acquisition of

14 the Wachovia loan.  On June 22, 2009, Vision Capital produced 149 pages,

15 consisting largely of already-produced Omni 808 corporate documents and Omni

16 808 promissory notes.[17] ██████████████████████, Vision

17 Capital has not produced a single document showing the source or the transfer of the

18 $10 million allegedly provided by Vision Capital to Omni 808 to fund the

19 acquisition of the Wachovia debt.[18]  Vision Capital has not produced any loan

20 agreements, contracts or documentation between Vision Capital and Lexington or

21 any other funding source for the money and has not produced any checks, wire

22 transfers or any other information relating to the funding provided to Vision Capital

23 or to Vision Capital's supposed funding of Omni 808.[19]

---

[15] <u>Id.</u> at 39-40.
[16] Zeller Decl., ¶ 4.
[17] Zeller Decl., ¶ 3.
[18] <u>Id.</u>
[19] <u>Id.</u>

1  Finally, for its part, OmniNet has produced no documents whatsoever,
2  claiming that it has no responsive documents to produce beyond those produced by
3  Omni 808.[20]

4  Mattel met and conferred with the Omni Parties on July 13, 2009 in an
5  effort to obtain the missing financial records.[21]   To date, the Omni Parties have
6  neither produced any further documents nor provided a date certain by which they
7  would be produced.[22]

8  Judge Larson's July 9, 2009 Order.  Recognizing that Mattel's Third
9  Amended Answer and Counterclaims ("TAAC") placed the financial transactions
10  among MGA, Larian, and the Omni Parties squarely at issue in Phase 2, Judge
11  Larson recently ordered reconsideration of additional portions of Discovery Master
12  Order No. 27.[23]  In addition, Judge Larson rejected the argument that discovery of
13  documents related to Lexington Financial was barred by Lexington's thus-far
14  successful attempts to avoid jurisdiction.   Specifically, Judge Larson held that
15  "materials that are in the possession of a subpoena recipient, but that are related to a
16  non-party over whom the court has not been shown to have jurisdiction" are subject
17  to discovery.[24]

18  Mattel accordingly met and conferred with the MGA Parties and the
19  Omni Parties to ascertain whether they were withholding discovery based on such
20  now-rejected grounds.  The MGA Parties represented that they were not withholding
21  documents based on such grounds, but nevertheless have not withdrawn their
22  written objections to producing documents relating to "foreign" activities or to non-

23
24

25  [20]  See Letter from Peter N. Villar to John Quinn, dated June 22, 2009.  Zeller
26  Decl., Exh. 1.
   [21]  Zeller Decl., Exhs. 19, 20, 22.
27  [22]  Zeller Decl., Exhs. 19, 20, 22, 24.
   [23]  July 9, 2009 Order, at 3-5.  Zeller Decl., Exh. 4.
28  [24]  Id. at 5.

parties.[25]  The Omni Parties have not responded to Mattel's requests and thus have not confirmed that they are no longer withholding documents based upon the jurisdictional argument rejected by Judge Larson.[26]

## Argument

### I.   THE   OMNI   PARTIES   HAVE   FAILED   TO   COMPLY   WITH DISCOVERY MASTER ORDER NO. 27

#### A.   The Discovery Master Should Enforce His Order Against Omni 808 And OmniNet

In Order No. 27, the Discovery Master required Omni 808 to produce "all documents referring or relating to all contributions, loans, and any sources of funding for Omni 808 Investors, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions."[27] Similarly, the Discovery Master ordered Omni 808 to respond to Request No. 14, which seeks "all documents showing detail of all loan facilities with an indication of creditor and relevant terms" as related to the debt acquisition.[28]  Indeed, even *before* the filing of Mattel's Third Amended Answer and Counterclaims, which have placed this information even more directly at issue, ▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ "[29]

---

[25]   July 17, 2009 Letter from Peter N. Villar to Michael T. Zeller (Zeller Decl., Exh. 13); July 23, 2009 Letter from William Molinski to Michael Zeller (Zeller Decl., Exh. 12).
[26]   Zeller Decl., Exhs. 13, 18-20, 22. 24.
[27]   Subpoena to Omni 808, dated Jan. 9, 2009, at Request No. 13.  Zeller Decl., Exh. 5.
[28]   Id. at Request No. 14.
[29]   Order No. 27 at 13.  Zeller Decl., Exh. 8.

1   Despite this clear Order compelling production within 15 days, Omni
2   808 still refuses to produce responsive documents showing where the funds actually
3   came from and that it undoubtedly possesses, such as wire transfers, checks, and
4   agreements or contracts with its purported investors.[30]   Omni 808's refusal to
5   provide complete responses to these requests, as it was ordered to do over two
6   months ago, is inexcusable.   The Discovery Master should order Omni 808 to
7   comply immediately.

8   For its part, OmniNet has produced no documents at all.   ████████

9   ████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████

11  ████████████████████[31]   Although OmniNet initially claimed it has no
12  documents other than those already produced by Omni 808, the Omni 808
13  production on which it relies is plainly deficient for the reasons discussed above.
14  Furthermore, counsel for OmniNet recently suggested that additional responsive
15  documents may be "in our clients' possession, custody or control."[32]   To date,
16  however, no such additional documents have been produced.   Nor have any of the
17  Omni Parties provided any date certain by which they will be produced and bring
18  themselves into compliance with the Discovery Master's Order.   ████████

19  ████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████.

22

23

24

_____

25  [30]  See July 17, 2009 Letter from Peter N. Villar to Michael T. Zeller.  Zeller
26  Decl., Exh. 13.
    [31]  Order No. 27 at 39 (Zeller Decl., Exh. 8); Subpoena to OmniNet, dated
27  January 9, 2009, Request No. 11 (Zeller Decl., Exh. 5).
    [32]  July 17, 2009 Letter from Peter N. Villar to Michael T. Zeller.  Zeller Decl.,
28  Exh. 13.

**B.** **The Discovery Master Should Enforce The Order and Compel Vision Capital to Fully Respond to Request Nos. 13, 14, and 16**

[33] As shown above, Vision Capital has produced no financial records whatsoever relating to funds transferred to or from it in connection with the debt acquisition. It takes the position that it need only provide *some*, rather than all, responsive documents and that its production of a self-serving Omni 808 operations agreement *reciting* the transfer of funds suffices.[34] But the Discovery Master's Order was clear – Vision Capital cannot cherry pick which responsive documents it will produce; it must produce all responsive documents, including the underlying financial documents that show the *actual* sources and transfers of funds.

> All documents showing detail of all loan facilities with an
> indication of creditor and relevant terms referring or relating to
> MGA Entertainement, Inc., OmniNet Capital, LLC, Omni 808
> Investors, LLC, *Lexington Financial, LLC*, or any subsidiary or
> affiliate of the foregoing, or to Isaac Larian or his family
> members.[35]

---

[33] Subpoena to Vision Capital, dated Jan. 12, 2009, Requests 13 and 14. Zeller Decl., Exh. 5.
[34] Letter from Peter Villar to Michael Zeller, dated July 17, 2009. Zeller Decl., Exh. 13.
[35] Subpoena to Vision Capital, dated Jan. 12, 2009, at Request No. 16 (emphasis added). Zeller Decl., Exh. 5.

-9-

1  Despite this plain language, Vision Capital has not produced *any*

2  documents related to Lexington.  Not a single loan agreement – or even a letter or

3  email – relating to Lexington's purported funding of Vision Capital for its

4  contribution for the loan acquisition.  Counsel for Vision Capital claims it has not

5  produced Lexington-related information in part because Lexington itself "did not

6  provide any funds to Omni or Wachovia."[36]  No one has ever suggested that they

7  did: Vision Capital's and Lexington's filings show that Lexington provided funds to

8  Vision Capital, and Mattel's Request – which the Discovery Master compelled –

9  plainly calls for production of documents related to that transaction.  Vision Capital

10  has defied its Court-ordered obligation to produce these documents, and the

11  Discovery Master should put an end to this pattern of obstruction.

12  II.  **THE DISCOVERY MASTER SHOULD RULE THAT NEITHER THE**

13  **MGA PARTIES NOR THE OMNI PARTIES MAY WITHHOLD**

14  **DOCUMENTS BASED ON JURISDICTIONAL GROUNDS**

15  In its July 9, 2009 Order, the Court remanded to the Discovery Master

16  issues related to Bingham McCutchen's refusal to produce documents related to

17  Lexington, and stated that discovery related to Lexington could proceed regardless

18  of whether the Court asserted jurisdiction over Lexington.[37]  MGA and Larian have

19  asserted this same objection to numerous other discovery requests in this case.[38]

20  _____

21  [36]  Letter from Peter Villar to Michael Zeller, dated July 17, 2009.  Zeller Decl.,
22  Exh. 13.
   [37]  July 9, 2009 Order at 5.  Zeller Decl., Exh. 4.
23  [38]  These include, for example, General Objection Nos. 14 and 15 of Larian's
   Response to Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac
24  Larian, dated February 21, 2008 (Zeller Decl., Exh. 14); General Objection Nos. 11
   and 12 of Larian's Response to Mattel Inc.'s Second Set of Requests for Documents
25  and Things to Isaac Larian, dated January 11, 2008 (Zeller Decl., Exh. 15); General
   Objection Nos. 14 and 15 of MGA HK's Response to Mattel, Inc.'s Third Set of
26  Requests for Documents and Things to MGA Entertainment (HK) Limited, dated
   February 21, 2008 (Zeller Decl., Exh. 16); and General Objection Nos. 14 and 15 of
27  MGA's Response to Mattel, Inc.'s Seventh Set of Requests for Documents and
   Things to MGA Entertainment, Inc., dated February 21, 2008 (Zeller Decl., Exh.
28  17).

1 Despite Mattel's requests, they have not withdraw those objections despite Judge
2 Larson's ruling. These objections should be overruled and stricken from MGA and
3 Larian's prior responses.

4       As shown above, Mattel also requested that the Omni Parties confirm
5 that they have not withheld any documents based on the now-rejected jurisdictional
6 ground. They have not done so. Accordingly, the Discovery Master should order
7 the Omni Parties, as well as the MGA Parties, to produce any documents that were
8 previously compelled or agreed to be produced which any of them are withholding
9 on alleged jurisdictional grounds.

## III.   THE DISCOVERY MASTER SHOULD SANCTION THE OMNI PARTIES

12       Rule 37(a)(4) of the Federal Rules of Civil Procedure provides that a
13 party forced to bring a motion to compel is entitled to the "reasonable expenses
14 incurred in making the motion, including attorney's fees, unless the court finds that
15 the motion was filed without the movant's first making a good faith effort to obtain
16 the disclosure or discovery without court action, or that the opposing party's
17 nondisclosure, response or objection was substantially justified, or that other
18 circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4).
19 Likewise, fees may be awarded for a party's violation of a Court Order. Fed. R.
20 Civ. P. 37(b)(2)(C). The burden of establishing substantial justification is on the
21 party being sanctioned. Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).
22 Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides
23 that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably
24 and vexatiously may be required by the court to satisfy personally the excess costs,
25 expenses, and attorneys' fees reasonably incurred because of such conduct."
26 Sanctions under this section are appropriate "for conduct that, viewed objectively,
27 manifests either intentional or reckless disregard of the attorney's duties to the
28

1  court." RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995) (citing Braley v.
2  Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987)).

3         Here, the Discovery Master should impose sanctions on the Omni
4  Parties for their refusal to comply with numerous aspects of the Discovery Master's
5  Order. Indeed, this is the second motion that Mattel has had to bring just to *enforce*
6  the Discovery Master's prior Order compelling Omni 808 to produce the relevant
7  financial records. There is no justification for the Omni Parties' continued
8  stonewalling. Mattel therefore requests that the Omni Parties be ordered to pay
9  $3000 as partial reimbursement for the fees and costs that Mattel has incurred in
10  bringing this motion.

### Conclusion

12         For the foregoing reasons, Mattel respectfully requests that the
13  Discovery Master enforce his prior Order No. 27 against the Omni Parties, compel
14  them to make full and complete production and sanction them for their willful
15  noncompliance in the amount of $3000. In addition, Mattel respectfully requests
16  that the Discovery Master strike MGA and Larian's jurisdictional objections, and
17  compel MGA, Larian, and the Omni Parties to produce any and all documents
18  withheld on the basis of the jurisdictional arguments rejected in the Court's July 9,
19  2009 Order.

20  DATED: July 24, 2009    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

23  By _____
     Michael T. Zeller
     Attorneys for Mattel, Inc.