MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with:<br>CV 04-9059<br>CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert C. O'Brien]**<br><br>MGA PARTIES' MOTION TO COMPEL PREVIOUSLY COLLECTED CUSTODIAN INFORMATION OF PRODUCED DOCUMENTS AND TO REQUIRE FUTURE COLLECTION AND PRODUCTION OF CUSTODIAL DATA; MOTION FOR SANCTIONS<br><br>[Declaration of Annette L. Hurst] |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rules 26, 34, and 37 of the Federal Rules of Civil Procedure, on a date and time to be determined by the Discovery Master, Plaintiff and Counter-defendant MGA Entertainment, Inc. ("MGA") will, and hereby does, move for an order requiring Mattel, Inc. ("Mattel") to provide the custodial metadata that Mattel already possesses for all electronic documents that Mattel has already produced to MGA, and to require the collection and production of such information in connection with future document productions. MGA also requests sanctions for Mattel's unreasonable refusal to comply with this request.

The grounds for the Motion to Compel are as follows: (1) custodial data is expressly relevant under Rule 26, Mattel has admitted as much by seeking custodial data in the meet and confer concerning this Motion, and Mattel has failed to provide the custodial information repeatedly requested by MGA; (2) the only reasonable way to manage document production and prepare for depositions in a case of this magnitude is to use custodial data; (3) MGA's request for production of electronic data Mattel has previously collected and for the production of all future documents will impose no burden because MGA is not asking Mattel to re-collect or re-review any documents—only to produce what data it already has, and to collect it in the first instance going forward.

The grounds for the Motion for Sanctions are that the Motion to Compel should be granted, MGA engaged in good faith to meet and confer with Mattel, and Mattel cannot demonstrate that its refusal to comply was made with substantial justification. Indeed, Mattel's sole ground for refusing to produce the data is its apparent belief that production of such data might provide greater benefit to MGA than a comparable production by MGA of custodial data be to Mattel. This is wholly inappropriate.

1  The Motion to Compel and Motion for Sanctions is based upon this
2  Notice and Motion, the Memorandum of Points and Authorities following herein,
3  the Declaration of Annette L. Hurst filed herewith, the papers and pleadings
4  previously filed with the Court in this action, as well as such further evidence and
5  argument as may be presented prior to or at the hearing on this Motion to Compel.

**CERTIFICATE OF COMPLIANCE**

Counsel for MGA and Mattel have discussed this topic in person, on the phone, and have exchanged several letters, but Mattel has refused to agree and has berated MGA's counsel in the process as described more fully herein.

Dated:   July 24, 2009          Respectfully submitted,

ANNETTE L. HURST
Orrick, Herrington & Sutcliffe LLP


By: _____
        ANNETTE L. HURST
        Attorneys for Plaintiff

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## **INTRODUCTION**

MGA has propounded twelve sets of requests for production of documents on Mattel, each of which requests the custodial information of the documents to be produced. Mattel has not provided this information, rendering its responses and production incomplete. MGA has requested that Mattel comply with these earlier requests and produce such custodial information that already exists in Mattel's possession and that it collect and produce custodial information on a going forward basis. Since MGA has requested only what Mattel already possesses and has collected, there is no burden whatsoever to complying with this request. And, as Mattel admits, custodian information is expressly made relevant by Rule 26.

In response to MGA's meet and confer efforts on this issue, Mattel has refused to provide custodial information. It has refused to say whether it has any custodial information. It has refused to say whether it would agree to a reciprocal exchange of custodial information, while at the same time purporting to propose one. Mattel's position boils down to this: "you go first and if I'm satisfied with what you do, then maybe I'll give you mine." This abusive tactic is expressly forbidden by Rule 26(d)(2), which proscribes any insistence upon sequencing absent a prior court order not present here. Accordingly, MGA requests that this Court order Mattel to comply with the request for custodial information and to collect and produce it in the future. Further, given the lack of justification for Mattel's position—which is directly contrary to Rule 26(d)(2)—MGA requests that Mattel be ordered to pay MGA's reasonable expenses incurred in making this motion.

# ARGUMENT

## I. THE DISCOVERY MASTER SHOULD GRANT THE MOTION TO COMPEL EXISTING CUSTODIAL DATA AND DIRECT MATTEL TO COLLECT AND PRODUCE SUCH DATA IN THE FUTURE.

### A. As Mattel Admits, Requests For Custodial Information Are Expressly Authorized And Relevant Under Rule 26.

Custodial information is expressly made relevant by Rule 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, *custody*, condition, and location of any documents or other tangible things and the identity and location of or persons who know of any discoverable matter.

Fed. R. Civ. P. 26(b) (emphasis added). Accordingly, in each of its document requests to Mattel, MGA requested custodian information for each electronic document produced, either by a record of the metadata, *see, e.g.*, Declaration of Annette L. Hurst ("Hurst Decl.") ¶¶ 2-7 and Exs. A-F ("[e]ach DOCUMENT maintained or stored electronically in native, electronic format is to be produced with all relevant metadata intact and in an appropriate and useable electronic manner"), or by a record of whose folder the document came from, *see, e.g.*, Hurst Decl. ¶¶ 8-13 and Exs. G-L ("[e]ach DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated"). Mattel admits the relevance of custodial information. *Id.* Ex. O. Mattel, however, has not provided the requested custodial information. Its responses and production are therefore incomplete. Fed. R. Civ. P. 37(a)(3)(B)(iv), 37(a)(4).

### B. Custodial Information Is Important In A Case Of This Size.

Mattel has previously produced almost 200,000 separate documents—comprising over one million pages—in response to MGA's requests for production. Hurst Decl. ¶ 24. Mattel has provided no information about which documents were in the custody of which individuals when such documents were produced. The

1  voluminous production contains a wide assortment of documents, ranging from
2  emails, to documents articulating business strategy, to sketches of doll heads.
3  Many of the documents have no names visibly associated with them.  The most
4  effective means of preparing for depositions in a case with a document production
5  of this size and nature is to collect and review all of the documents produced from a
6  particular person's files.  In some instances, this may be the only efficient method
7  of handling a case of this type.  Mattel's refusal to produce custodial information
8  makes this impossible.

### C.  MGA's Request Does Not Create Any Burden On Mattel.

10  Production of the requested information will cause no burden to
11  Mattel.  Collection of this data is standard in the collection and production of
12  electronic materials, and is commonly produced as part of a table of data along with
13  the documents themselves.  MGA has only requested what has already been
14  collected, and that Mattel agree to collect and produce such data in the future.  *See*
15  Hurst Decl. Ex. M.  MGA has expressly disavowed any intention of having anyone
16  have to go back and re-invent the wheel by finding this data if it doesn't already
17  exist.  To further emphasize this point, MGA's July 15, 2009 letter expressly noted
18  that MGA is "not looking to impose new burdens in collecting custodial data
19  regarding past productions…."  *Id.*  Accordingly, all Mattel needs to do is burn a
20  few new disks containing the requested data—a couple of hours at most of time for
21  someone in practice support.  There is no burden in complying with this request.

## II.  THE DISCOVERY MASTER SHOULD GRANT THE MOTION FOR SANCTIONS.

24  MGA's initial efforts to meet and confer with Mattel on this issue were
25  completely ignored, despite the fact that MGA indicated that a response was time-
26  sensitive in light of the migration of files from predecessor counsel.  *See* Hurst
27  Decl. ¶¶ 14-21 & Exs. M-P.  Finally, we were forced to use the magic words of the
28  five-day rule, and Mattel responded with a proposed time for a conference.  *Id.*

During the conference, Mattel's counsel not only refused to provide any of the requested information or respond to the request, but was abusive towards MGA's counsel—seemingly making fun of the fact that MGA's counsel had just joined the case. Hurst Decl. ¶ 18 ("you don't even know what MGA has"). Mattel's counsel then expressed his ultimate position that Mattel will not agree to produce the custodial information, will not state whether it has custodial information, and will not agree to a reciprocal exchange of custodial information, unless and until Mattel is satisfied with what MGA has to offer. *Id.* ¶ 21 & Ex. P.

Mattel's position directly contravenes Rule 26(d)(2), which prohibits any requirement of the sequencing of discovery absent prior court order. Further, the Discovery Master already admonished Mattel on July 8, 2009 not to refuse to respond to discovery based on Mattel's notions of what MGA ought to do. *Id.* ¶ 22. Mattel's response that it won't tell what it has, refuses to produce it, and won't even confirm that it will engage in a reciprocal exchange (accompanied by some nasty commentary poking fun at opposing counsel just for good measure) is the essence of unreasonableness, a position wholly lacking in good faith, and contrary to the Federal Rules of Civil Procedure, which permit no party to insist upon sequencing or priority of discovery obligations.

This situation cries out for relief under Rule 37(a)(5)(A). MGA thus requests monetary sanctions against Mattel and its counsel in the amount reasonable and necessary for prosecuting the motion to compel, in an amount to be stated in a further declaration supplied to the Discovery Master prior to the hearing of these Motions.

## CONCLUSION

For all of the foregoing reasons, MGA's Motions to Compel and for Sanctions should be granted.

Dated: July 24, 2009

Respectfully submitted,

ANNETTE L. HURST
Orrick, Herrington & Sutcliffe LLP

By: _____
ANNETTE L. HURST
Attorneys for Plaintiff