1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105
6  Telephone:  +1-415-773-5700
   Facsimile:   +1-415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
10 Telephone:  +1-213-629-2020
   Facsimile:   +1-213-612-2499
11
   Attorneys for MGA ENTERTAINMENT, INC., MGA
12 ENTERTAINMENT HK, LTD.,
   MGAE de MEXICO, S.R.L. de C.V., and ISAAC
13 LARIAN

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16                    EASTERN DIVISION

17 | CARTER BRYANT, an individual | Case No. CV 04-9049 SGL (RNBx) |

18 | Plaintiff, | Consolidated with:
   CV 04-9059
19 | v. | CV 05-2727 |

20 | MATTEL, INC., a Delaware | **DISCOVERY MATTER** |
   Corporation
21 | | **[To Be Heard By Discovery Master Robert C. O'Brien]** |
22 | Defendant. |

23 | | **DECLARATION OF ANNETTE L. HURST ISO MGA ENTERTAINMENT'S MOTION TO COMPEL CUSTODIAN INFORMATION OF PRODUCED DOCUMENTS AND TO REQUIRE FUTURE COLLECTION AND PRODUCTION OF CUSTODIAL DATA; MOTION FOR SANCTIONS** |
24 | AND CONSOLIDATED ACTIONS |
25
26
27
28

OHS West:260699904.1

I, Annette L. Hurst, declare:

1.       I am a member of the bar of the State of California, admitted to practice before this Court, and a partner with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel for the MGA Parties.  I make this declaration based on personal knowledge unless otherwise expressly stated, in which case, it is based on information and belief.  If called and sworn as a witness, I could and would testify competently as follows.

2.       Attached hereto as Exhibit A is a true and correct copy of page 7 to MGA Entertainment, Inc.'s ("MGA") Fourth Set of Requests for the Production of Documents and Things, served June 6, 2007 in the above-referenced action.

3.       Attached hereto as Exhibit B is a true and correct copy of page 8 to MGA's Fifth Set of Requests for the Production of Documents and Things, served August 3, 2007 in the above-referenced action.

4.       Attached hereto as Exhibit C is a true and correct copy of page 5 to MGA's Sixth Set of Requests for the Production of Documents and Things, served November 16, 2007 in the above-referenced action.

5.       Attached hereto as Exhibit D is a true and correct copy of page 10 to MGA's Seventh Set of Requests for the Production of Documents and Things, served November 29, 2007 in the above-referenced action.

6.       Attached hereto as Exhibit E is a true and correct copy of page 3 to MGA's Seventh Set of Requests for the Production of Documents and Things, served December 21, 2007 in the above-referenced action.

7.       Attached hereto as Exhibit F is a true and correct copy of page 7 to MGA's Eighth Set of Requests for the Production of Documents and Things, served December 28, 2007 in the above-referenced action.

8.       Attached hereto as Exhibit G is a true and correct copy of page 1 to MGA's First Set of Requests for the Production of Documents and Things, served January 31, 2004 in the above-referenced action.

HURST DECL. ISO MGA MOTION TO COMPEL CUSTODIAN
INFORMATION OF PRODUCED DOCUMENTS
CV-04-0049 SGL (RNBx)

9.      Attached hereto as Exhibit H is a true and correct copy of page 1 to MGA's Second Set of Requests for the Production of Documents and Things, served April 13, 2005 in the above-referenced action.

10.      Attached hereto as Exhibit I is a true and correct copy of page 8 to MGA's First Set of Requests for the Production of Documents and Things, served November 22, 2006 in the above-referenced action.

11.      Attached hereto as Exhibit J is a true and correct copy of page 4 to MGA's Third Set of Requests for the Production of Documents and Things, served February 14, 2007 in the above-referenced action.

12.      Attached hereto as Exhibit K is a true and correct copy of page 6 to MGA's Second Set of Requests for the Production of Documents and Things, served March 27, 2007 in the above-referenced action.

13.      Attached hereto as Exhibit L is a true and correct copy of page 4 to MGA's Third Set of Requests for the Production of Documents and Things, served March 27, 2007 in the above-referenced action.

14.      On July 8, 2009, I attended the hearing before the Discover Master at the offices of Arent Fox in Los Angeles, CA.  At the close of this hearing, I requested that counsel for Mattel meet with me regarding several issues concerning the management of the case.  Mr. Proctor and Mr. Zeller agreed to stay behind after the hearing to discuss various issues.  During that meeting, I raised the issue of production by Mattel of custodial data concerning its prior document productions.  I also indicated that it was not the type of request that I would make unless MGA were prepared to provide such data as well, otherwise it would lead to "mutually assured destruction."  I indicated that we were in the process of confirming the availability of MGA's custodial information.  Messrs. Zeller and Proctor took the request under advisement.

15.     On July 15, 2009, I spoke with Mr. Proctor telephonically regarding a variety of outstanding issues and he made several proposals regarding discovery limits and scheduling in the case.  I then again raised the issue of the custodial data.  He indicated that he did not have an answer and that I should correspond with his colleague Marshall Searcy.

16.     That same day, I sent a letter to Mr. Searcy, with a copy to Mr. Zeller, memorializing MGA's request for custodial data.  Attached hereto as Exhibit M is a true and correct copy of my July 15, 2009 letter to Messrs. Searcy and Zeller regarding MGA's request for the custodial information.

17.     On July 22, 2009, I was speaking with Mr. Proctor again regarding various issues when I asked what had become of the response set forth in my July 15 letter.  Mr. Proctor said that Mattel was still considering it.  I indicated that the five days had passed for meet and confer without a response.  Mr. Proctor indicated the he would propose a time to discuss immediately upon checking with Mr. Searcy.  I then received an e-mail proposing either 3 o'clock that afternoon or 11 o'clock the following morning, and I agreed to the latter.  On July 23, 2009, Mr. Searcy called me at the appointed hour.

18.     The conversation with Mr. Searcy was unfortunately quite unpleasant.  Mr. Searcy refused to answer any question directly as to whether Mattel would produce custodial data.  He refused to say whether Mattel had custodial data, or would produce it.  He refused to respond in any way, even to confirm that Mattel would agree to a reciprocal exchange, unless I informed him immediately as to the volume of custodial data that had been collected and could be produced by MGA.  I indicated that I would be happy to respond to such a request in due course, but that Mattel had not made one.  He berated me repeatedly on the subject, asserting to me that "you don't even know what MGA has."

19.     Attached hereto as Exhibit N is a true and correct copy of my letter dated July 23, 2009 to Mr. Searcy, copying Mr. Zeller, confirming Mattel's position regarding MGA's requested production of custodial data.

20.     Attached hereto as Exhibit O is a true and correct copy of the July 23, 2009 letter Mr. Searcy sent me in response to my initial July 23, 2009 letter.

21.     Attached hereto as Exhibit P is a true and correct copy of my second letter dated July 23, 2009 to Mr. Searcy.  There has been no further response.

22.     As reflected on pages seventeen and eighteen of the transcript of the July 8, 2009 Hearing before Discovery Master O'Brien at the hearing on MGA's motion to compel interrogatory responses, the Discovery Master informed Mattel that it should respond to discovery from MGA without regard to any separate limits or agreements the parties might assert.  The Discover Master stated as follows:

> Right, I'm going to note this in the order, but just so everyone knows what the ruling is going to be, the interrogatories need to be answered.  If there is another set of interrogatories that puts—that you believe puts MGA over the limit, then, the remedy for that is to file a motion for protective order on the additional interrogatories.  So with respect to these current interrogatories, I don't want to presumes that—answer them seriatim, as they come in, and if they hit a limit that you think Judge Larson has ordered or that the federal rules cut them off at the 25, then file a motion for a protective order and we'll take up the issue of additional interrogatories at that time.

> And this goes for both parties.  By the way, Ms. Hurst, if you feel that you need additional discovery over and above an order that Judge Larson has already made or over and above what's the default in the FRCP, then, make a motion and Mattel clearly can make the same sort of motion if it feels it needs additional discovery.

> So let's get these interrogatories answered and we'll deal with the limits in a future motion.

7/8/09 Hearing Transcript at 17:9-18:4.

23.     I will supply a declaration setting for the fees and expenses actually, reasonably, and necessarily incurred in working on this Motion prior to the hearing on the Motion.

24.     I have reviewed the databases provided to us by MGA's predecessors of counsel and I have confirmed that Mattel has produced almost 200,000 documents, comprising over one million pages.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 24th day of July, 2009, in San Francisco, California.


_____
Annette L. Hurst

OHS West:260699904.1