acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

EXHIBIT ___5___
PAGE ___70___

## SCHEDULE 1

### MGA Entertainment (Mexico), Inc.
### Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 65% |

EXHIBIT ___5___
PAGE ___71___

**FILING OFFICER STATEMENT**

**INTERNAL USE ONLY**

1. Identification of the Record to which this **FILING OFFICER STATEMENT** relates.

   1a. INITIAL FINANCING STATEMENT #: 067090317861

   1b. RECORD TO WHICH THIS STATEMENT RELATES:

**DOCUMENT NUMBER:** 10268190001
**FILING NUMBER:** 0670908369
**FILE DATE/TIME:** 11/3/2006 1:34:00 PM

THE ABOVE SPACE IS FOR THE CA FILING OFFICE USE ONLY

2. Describe the inaccuracy or mistake on the part of the file office:

   ☒ Debtor   ☐ Secured Party
   ☐ Name and Address not indexed.
   ☒ Name indexed incorrectly
   ☐ Address indexed incorrectly

   ☐ File Date entered incorrectly
   ☐ Wrong Action type entered
   ☐ Wrong Filing Type entered
   ☐ Filed in Error
   ☐ Other

3. Describe filing office administrative action taken as a result of inaccuracy or mistake (including date of each action).

   ☐ Added Name:
   ☐ Address:
   ☒ Corrected Name from: MGA EMTERTAINMENT (MEXICO), INC.
   ☒ To: MGA ENTERTAINMENT (MEXICO), INC.
   ☐ Corrected Address from:
   ☐ To:
   ☐ Corrected File Date from     to
   ☐ Re-entered the UCC3   as a
   ☐ Changed the Filing Type from    to
   ☐ Document Deleted
   ☐ Other:

4. Additional Explanation (if applicable):

11/03/2006 13:34

EXHIBIT 5
PAGE 72

1

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

┌─────────────────────────────────┐
│ UCC Direct Services              │
│ 1232 Q St                        │
│ Sacramento CA 95814              │
│ Account 10010537                 │
│ CDD                              │
└─────────────────────────────────┘

**07-71137422**
**05/14/2007 11:35**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

12649650003    UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE #**
06-7090317861 filed 10/30/06

**1b.** This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.  ☐ DELETE name: Give record name to be deleted in item 6a or 6b.  ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR Wachovia Bank, National Association, as Agent | | | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State; Debtor Name: MGA Entertainment (Mexico), Inc.    *6926A88 SO*
*JBM*

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)
Gardner 19513/315438

EXHIBIT __5__
PAGE __73__

## Exhibit A

| | |
|---|---|
| **Debtor:** | **Secured Party:** |
| MGA Entertainment (Mexico), Inc. | Wachovia Bank, National Association, as Agent |
| 16380 Roscoe Blvd., Suite 200 | One South Broad Street, PA 4830 |
| Van Nuys, California 91406 | Philadelphia, Pennsylvania 19107 |

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(c)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)     all certificates and instruments representing or evidencing any of the foregoing;

(f)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

LEGAL02/30237046v2

EXHIBIT     5
PAGE     74

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

LEGAL02/30237046v2

EXHIBIT ___5___
PAGE ___75___

## SCHEDULE 1

### MGA Entertainment (Mexico), Inc.
### Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 100% |

LEGAL02/30237046v2

EXHIBIT ___5___
PAGE ___76___

08-71714107
09/09/2008 16:03

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

18335690005   UCC 3 FILING

# UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

F6-0000-0SM-2

**CL@S**
INFORMATION SERVICES
WWW.CLASINFO.COM
3626 NURLEY WAY, SUITE 350
SACRAMENTO, CA 91825
TEL-916.564.2081 / 806.952.5696
FAX 916.564.7930

ground number 1036 AM/RW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE # 06-7090317861          10/30/06        1b. The FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the U. REAL ESTATE RECORDS.

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ ASSIGNMENT (full): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record.  Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.    ☐ DELETE name: Give record name to be deleted in item 6a or 6b.    ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| OR | 6a. ORGANIZATION'S NAME | | | |
|----|----|----|----|----|
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| OR | 7a. ORGANIZATION'S NAME | | | |
|----|----|----|----|----|
| | OMNI 808 Investors LLC, as Agent | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|----|----|----|----|----|
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #. if any    ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment).  If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| OR | 9a. ORGANIZATION'S NAME | | | |
|----|----|----|----|----|
| | Wachovia Bank, National Association, as Agent | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
Debtor: MGA Entertainment (Mexico), Inc.

CA-SOS

EXHIBIT   5
PAGE   77

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A/72646923.1/3001762-0000308275

AO88  (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

_____CENTRAL_____                _____CALIFORNIA_____

CARTER BRYANT, an individual,

**V.**

MATTEL, INC., a Delaware corporation,

### SUBPOENA IN A CIVIL CASE

Case Number: [1]   CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: OmniNet Capital, LLC
    9420 Wilshire Blvd. Suite 400
    Beverly Hills, CA 90212

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa Street, 10th Floor Los Angeles, CA 90017 | January 23, 2009 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff Mattel, Inc. | January 9, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] I f action is pending in district other than district of issuance, state district under case number.

EXHIBIT  5
PAGE  78

AO-88

AO 88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE                                          SIGNATURE OF SERVER

                                                        ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT ____5____
PAGE ____79____

## ATTACHMENT A

1.      All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

2.      All documents referring or relating to agreements, contracts or transactions between Wachovia, or any subsidiary or affiliate of Wachovia, and OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

3.      All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA Entertainment, Inc. to OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, since January 1, 2007.

4.      Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of OmniNet Capital, LLC since January 1, 2005 and (b) the dates of such person's affiliation with OmniNet Capital, LLC.

5.      All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and OmniNet Capital, LLC, if any.

6.      All documents detailing or setting forth the relationship between OmniNet Capital, LLC and Vision Capital, LLC, if any.

7.      All documents detailing or setting forth the relationship between OmniNet Capital, LLC and Lexington Financial, LLC, if any.

8.      All documents detailing or setting forth the relationship between OmniNet Capital, LLC and MGA Entertainment, Inc., if any.

9.      All documents detailing or setting forth the relationship between OmniNet Capital, LLC and Isaac Larian or his family members, if any.

10.     All documents referring or relating to the source of funding for Lexington Financial, LLC.

11.     All documents referring or relating to the source of funding for Omni 808 Investors, LLC.

12.     All documents referring or relating to the source of funding for Vision Capital, LLC.

EXHIBIT __5__
PAGE __80__

13.     All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by OmniNet Capital, LLC to Isaac Larian, his family members, or affiliates, or any other related party, including MGA Entertainment, Inc.

14.     All communications referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

15.     All documents relating to the U.C.C. financing statements and amendments attached as Exhibit 1.

EXHIBIT ___5___
PAGE ___81___

# EXHIBIT 1

EXHIBIT ___5___
PAGE ___82___

**06-7090318014**

**10/30/2006 16:46**

**FILED**
CALIFORNIA
SECRETARY OF STATE

S05

10214830002   UCC 1 FILING

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER** [optional]
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MGA Entertainment Inc. | | | | |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1068282 ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | |

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

**4. This FINANCING STATEMENT covers the following collateral:**

All of the Debtor's right, title and interest in now owned or hereafter acquired accounts, inventory, related assets and proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum | [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |

**8. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State

MN1076P45-3

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

Gardner 19513/315438

EXHIBIT _5_
PAGE _83_

**Exhibit A**

| | |
|---|---|
| Debtor: | Secured Party: |
| MGA Entertainment Inc. | Wachovia Bank, National Association, as Agent |
| 16380 Roscoe Blvd., Suite 200 | One South Broad Street, PA 4830 |
| Van Nuys, California 91406 | Philadelphia, Pennsylvania 19107 |

All of Debtor's right, title and interest to and under all of the following property, whether now owned or hereafter acquired by Debtor or in which Debtor now has or at any time in the future may acquire any right, title or interest, and whether now existing or hereafter arising:

(i)      all Accounts;

(ii)     all Inventory;

(iii)    all Documents relating to Inventory;

(iv)    all books and records pertaining to any property described in this definition;

(v)     all Supporting Obligations pertaining to any property described in this definition; and

(vi)    to the extent not otherwise included, all Proceeds.

Terms used herein without definition that are defined in the UCC have the respective meanings given them in the UCC and if defined in more than one article of the UCC, such terms shall have the meaning defined in Article 9 of the UCC.

As used herein:

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (i) rights, benefits, distributions, premiums, profits, dividends, interest, cash, Instruments, Documents, Accounts, contract rights, Inventory, Equipment, General Intangibles, Payment Intangibles, Deposit Accounts, Chattel Paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof; (ii) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (iii) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (iv) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

"UCC" means the Uniform Commercial Code as from time to time in effect in the State of New York; provided, however, to the extent that, by reason of mandatory provisions of law, any of the attachment, perfection, or priority of, or remedies with respect to, the Secured Party's security interest in any Collateral is governed by the Uniform Commercial Code as in effect in a jurisdiction other than the State of New York, the term "UCC" shall mean the Uniform Commercial Code as in effect in such other jurisdiction solely for purposes of the provisions hereof relating to such attachment, perfection, priority or remedies and for purposes of definitions related to such provisions.

LEGAL02/30132896v1

EXHIBIT ___5___

PAGE ___84___

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

P6-0000-058-2

**CL@S**
INFORMATION SERVICES
WWW.CLASINFO.COM
3926 HURLEY WAY, SUITE 350
SACRAMENTO, CA 95825
TEL: 916.564.7100 / 800.952.5696
FAX: 916.564.7400

account number   1036 AM RW

1a. INITIAL FINANCING STATEMENT FILE # 06-7090318014      10/30/06

**08-71714105**
**09/09/2008 16:03**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

18335690003   UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the ☐ REAL ESTATE RECORDS.

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. **X ASSIGNMENT** (full): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record.  Check only one of these two boxes.
   Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

   ☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | | | | |
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | OMNI 808 Investors LLC, as Agent | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any   ☐ NONE |
|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
   Describe collateral ☐ delete ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment).  If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | Wachovia Bank, National Association, as Agent | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
   Debtor: MGA Entertainment Inc.

CA-SOS

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A/72646923.1/3001762-0000308275

EXHIBIT   5
PAGE _____ 85

**06-7090318135**
**10/30/2006 16:46**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

10214840002   UCC 5 FILING

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| MGA Entertainment Inc. | | | | | |

| 1b. INDIVIDUAL'S LAST NAME | | FIRST NAME | | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|---|

| 1c. MAILING ADDRESS | | CITY | | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | | Van Nuys | | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1068282 | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|

| 2b. INDIVIDUAL'S LAST NAME | | FIRST NAME | | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|---|

| 2c. MAILING ADDRESS | | CITY | | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME OF TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | | |

| 3b. INDIVIDUAL'S LAST NAME | | FIRST NAME | | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|---|

| 3c. MAILING ADDRESS | | CITY | | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|
| One South Broad Street, PA 4830 | | Philadelphia | | PA | 19107 | |

**4. This FINANCING STATEMENT covers the following collateral:**

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany, GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and MGA International, Inc., (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | Check to REQUEST SEARCH REPORT(S) on Debtor(s) [optional] ADDITIONAL FEE | | All Debtors | Debtor 1 | Debtor 2 |

**8. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State

MN6768P45-5

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

Gardner 19513/315438

EXHIBIT ___5___
PAGE ___86___

1021484\0002

## Exhibit A

**Debtor:**
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(d)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(c)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)     all certificates and instruments representing or evidencing any of the foregoing;

(g)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, in the case of an Issuer that is a Foreign Subsidiary, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of such Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of such Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

A- 1

EXHIBIT   5
PAGE   87

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting; and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

EXHIBIT ___5___
PAGE ___88___

## SCHEDULE 1

### MGA Entertainment Inc
### Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | 2 | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| MGA International, Inc. | California | Shares Common Stock | 1 | 100% |

EXHIBIT 5
PAGE 89

**07-71137423**
**05/14/2007  11:35**

**FILED**
CALIFORNIA
SECRETARY OF STATE

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

UCC Direct Services
1232 Q St
Sacramento CA 95814
Account 10010537
CDD

SOS

12649650004   UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #
06-7090318135 filed 10/30/06

1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.

Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and The Little Tikes Company, (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State; Debtor Name: MGA Entertainment Inc.        69264889 0        JBM

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

Gardner 19513/315438

EXHIBIT   5
PAGE      90

## Exhibit A

**Debtor:**
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(c)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)     all certificates and instruments representing or evidencing any of the foregoing;

(f)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

A - 1

EXHIBIT ___5___
PAGE ___91___

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

LEGAL02/30236856v2

EXHIBIT 5
PAGE 92

1264950004

## SCHEDULE 1

### MGA Entertainment Inc
### Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | N/A | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| The Little Tikes Company | Ohio | Shares Common Stock | 3 | 100% |

EXHIBIT ___5___
PAGE ___93___

**08-71714106**
**09/09/2008 16:03**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

18335690004   UCC 3 FILING

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

P6-0000-058-2

**CL@S**
INFORMATION SERVICES

www.clasinfo.com
2020 HURLEY WAY, SUITE 350
SACRAMENTO, CA  95825
TEL: 916.564.7800 / 800.952.5696
FAX: 916.564.7800

account number  1036AMRW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE # 06-7090318135    10/30/06    1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the ☐ REAL ESTATE RECORDS.

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.
☐ DELETE name: Give record name to be deleted in item 6a or 6b.
☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | **OMNI 808 Investors LLC, as Agent** | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **9420 Wilshire Blvd., Suite 400** | **Beverly Hills** | **CA** | **90212** | **USA** |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION **Limited Liability Company** | 7f. JURISDICTION OF ORGANIZATION **California** | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ delete ☐ added, or give entire ☐ restated collateral description. or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment. If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | **Wachovia Bank, National Association, as Agent** | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
**Debtor: MGA Entertainment Inc.**                                      **CA-SOS**

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

EXHIBIT __5__
PAGE __94__

A/72646923.1/3001762-0000308275

**06-7090317861**

**10/30/2006 16:46**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

10214810002   UCC 1 FILING

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MGA Entertainment (Mexico), Inc. | | | | |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 20-0998523 | | Corporation | California | CA C2643976 | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)** - Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | |

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION (if applicable): | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS. Attach Addendum (if applicable) | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) (optional) | | All Debtors | Debtor 1 | Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |
| File with California Secretary of State | MN67688945-1 | | | | | |

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

Gardner 19513/315438

EXHIBIT  5
PAGE  95

## Exhibit A

**Debtor:**
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(d)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)     all certificates and instruments representing or evidencing any of the foregoing;

(g)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of the Issuer as determined for United States federal income tax purposes to be treated as a deemed dividend to the Issuer's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of the Issuer entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of the Issuer not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other

A-1

LEGAL02/30133146v1

EXHIBIT    5
PAGE    96

acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

LEGAL02/30133146v1

EXHIBIT ___5___
PAGE ___97___

## SCHEDULE 1

### MGA Entertainment (Mexico), Inc.
#### Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 65% |

EXHIBIT  5
PAGE  98

**FILING OFFICER STATEMENT**

**INTERNAL USE ONLY**

1. Identification of the Record to which this **FILING OFFICER STATEMENT** relates.

   1a. INITIAL FINANCING STATEMENT #: 067090317861

   1b. RECORD TO WHICH THIS STATEMENT RELATES:

**DOCUMENT NUMBER:** 10268190001
**FILING NUMBER:** 0670908369
**FILE DATE/TIME:** 11/3/2006 1:34:00 PM

THE ABOVE SPACE IS FOR THE CA FILING OFFICE USE ONLY

2. Describe the inaccuracy or mistake on the part of the file office:

   ☒ Debtor    ☐ Secured Party        ☐ File Date entered incorrectly
   ☐ Name and Address not indexed.      ☐ Wrong Action type entered
   ☒ Name indexed incorrectly          ☐ Wrong Filing Type entered
   ☐ Address indexed incorrectly        ☐ Filed in Error
                                 ☐ Other

3. Describe filing office administrative action taken as a result of inaccuracy or mistake (including date of each action).

   ☐ Added Name:
   ☐ Address:
   ☒ Corrected Name from: MGA EMTERTAINMENT (MEXICO), INC.
   ☒ To: MGA ENTERTAINMENT (MEXICO), INC.
   ☐ Corrected Address from:
   ☐ To:
   ☐ Corrected File Date from      to
   ☐ Re-entered the UCC3    as a
   ☐ Changed the Filing Type from     to
   ☐ Document Deleted
   ☐ Other:

4. Additional Explanation (if applicable):

11/03/2006 13:34

EXHIBIT _5_
PAGE _99_

1

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER** [optional]
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

UCC Direct Services
1232 Q St
Sacramento CA 95814
Account 10010537
CDD

**07-71137422**
**05/14/2007  11:35**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

12649650003   UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE #**
06-7090317861 filed 10/30/06

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 7d. TAX ID #:  SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |  |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME |  |  |  |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State; Debtor Name: MGA Entertainment (Mexico), Inc.   *68264 8850*
*JBM*

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)
Gardner 19513/315438

EXHIBIT   5
PAGE   100

## Exhibit A

**Debtor:**
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(c)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)     all certificates and instruments representing or evidencing any of the foregoing;

(f)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

LEGAL02/30237046v2

EXHIBIT ___5___
PAGE ___101___

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

A - 2

EXHIBIT ___5___
PAGE ___102___

**SCHEDULE 1**

MGA Entertainment (Mexico), Inc.
Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 100% |

LEGAL02/30237046v2

EXHIBIT ___5___
PAGE ___103___

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

P6-0000-058-2

**CL@S**
INFORMATION SERVICES

WWW.CLASINFO.COM
5628 MANLEY WAY, SUITE 550
SACRAMENTO, CA 91025
TEL:916.564.7000/800.952.1696
FAX:916.564.7100

account number  1036 AM/RW

08-71714107
09/09/2008 16:03

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

18335690005   UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE # 06-7090317861    10/30/06

1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the U REAL ESTATE RECORDS.

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ ASSIGNMENT (full): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record.  Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.  ☐ DELETE name: Give record name to be deleted in item 6a or 6b.  ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| OR | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| OR | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | **OMNI 808 Investors LLC, as Agent** | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **9420 Wilshire Blvd., Suite 400** | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ delete ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment).  If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| OR | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | **Wachovia Bank, National Association, as Agent** | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
**Debtor: MGA Entertainment (Mexico), Inc.**                    CA-SOS

**FILING OFFICE COPY** – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A/72646923.1/3001762-0000308275

EXHIBIT  5
PAGE  104

# EXHIBIT 6

JAN 2 9 2009

1   Bingham McCutchen LLP
    TODD E. GORDINIER (SBN 82200)
2   PETER N. VILLAR (SBN 204038)
    JENNIFER A. LOPEZ (SBN 232320)
3   600 Anton Boulevard
    18th Floor
4   Costa Mesa, CA 92626-1924
    Telephone: 714.830.0600
5   Facsimile: 714.830.0700
    Email: todd.gordinier@bingham.com
6          jennifer.lopez@bingham.com

7   Attorneys for Non-party
    VISION CAPITAL, LLC

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      EASTERN DIVISION

11

12  Carter Bryant, an individual,          Case No. CV 04-9049 SGL (RNBx)

13            Plaintiff

14                 v.                       NON-PARTY VISION CAPITAL,
                                            LLC'S OBJECTIONS TO
15  Mattel, Inc., a Delaware Corporation,  DEFENDANT MATTEL, INC.'S
                                            SUBPOENA FOR THE
16            Defendant.                    PRODUCTION OF DOCUMENTS

17

18                                         Judge:      Hon. Stephen G. Larson

19

20

21

22

23

24

25

26

27                                         EXHIBIT ____6____
                                           PAGE ____105____
28  A/72823367.1                    1-28

─────────────────────────────────────────────────
    NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
          SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

1    Pursuant to Federal Rule of Civil Procedure 45, non-party Vision Capital,

2  LLC ("Vision Capital") hereby responds to the Subpoena for the production of

3  documents (hereafter, "the Subpoena") served in this action by defendant Mattel,

4  Inc., as follows:

5

6                            **PRELIMINARY STATEMENT**

7    These responses are based solely on the facts, information and documents

8  presently known and available to Vision Capital.  Vision Capital's search for and

9  review of potentially responsive documents is ongoing and may disclose the

10  existence of additional facts, information or documents, or possibly lead to

11  additions or changes to these responses.  Vision Capital reserves the right to revise

12  or supplement these responses if and when additional facts, information or

13  documents are discovered.

14    The inadvertent production of proprietary, confidential, highly confidential,

15  or privileged documents or information by Vision Capital does not and shall not

16  constitute waiver of any applicable privilege, rights under any protective order or

17  trade secret, nor should production of any document or information be construed to

18  waive any objection to the admission of such documents or information in

19  evidence, including without limitation that of relevancy.

20

21                            **GENERAL OBJECTIONS**

22    1.    Vision Capital objects to the Subpoena, and each document request

23  contained therein, to the extent and on the ground that it seeks documents that are

24  protected by any applicable privilege, doctrine or immunity, including without

25  limitation, the attorney-client privilege and the attorney work product doctrine.

26    2.    Vision Capital objects to the Subpoena, and each document request

27  contained therein, to the extent and on the ground that the Subpoena was not

28

A/72823367.1                          - 1 -

**EXHIBIT** __6__

**PAGE** __106__

NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

1   properly issued or served, or otherwise fails to comply with the Federal Rules of

2   Civil Procedure.

3        3.   Vision Capital objects to the Subpoena, and each document request

4   contained therein, to the extent and on the ground that it seeks documents which

5   contain private, confidential or proprietary information of Vision Capital or its

6   clients or employees, or where disclosure would invade the privacy rights of

7   Vision Capital or its clients or employees.

8        4.   Vision Capital objects to the Subpoena, and each document request

9   contained therein, to the extent and on the ground that it seeks documents that are

10  not relevant to the parties' claims or defenses asserted in the action.

11       5.   Vision Capital objects to the Subpoena, and each document request

12  contained therein, to the extent and on the ground that the burden, expense or

13  intrusiveness of the discovery outweighs the likelihood that the documents sought

14  will lead to the discovery of relevant evidence.

15       6.   Vision Capital objects to the Subpoena, and each document request

16  contained therein, to the extent and on the ground that it seeks documents from

17  non-party Vision Capital that are equally or more readily available and attainable

18  from parties to the action.

19       7.   Vision Capital objects to the Subpoena, and each document request

20  contained therein, to the extent and on the ground that it is vague, ambiguous or

21  fails to identify the documents sought with sufficient particularity.

22       8.   Vision Capital objects to the Subpoena, and each document request

23  contained therein, to the extent and on the ground that it is overly broad, unduly

24  burdensome, oppressive or harassing.

25       9.   Vision Capital objects to the Subpoena, and each document request

26  contained therein, to the extent and on the ground that it seeks documents from

27  sources that are not reasonably accessible and would subject the responding party

28  to undue burden and expense.

A/72823367.1

- 2 -

EXHIBIT 6

PAGE 767

1    10.    Vision Capital objects to the Subpoena, and each document request

2  contained therein, to the extent and on the ground that it requires the production of

3  documents that are subject to a confidentiality or nondisclosure agreement.

4    11.    Vision Capital objects to the Subpoena, and each document request

5  contained therein, on the ground that the place, date and time for compliance is not

6  reasonable or sufficient given the scope of the requests.

7    12.    Vision Capital objects to the production of any documents under the

8  Subpoena unless and until there is an acceptable protective order issued by the

9  Court.

10    In addition to these general objections which are incorporated into each and

11  every response herein, Vision Capital specifically responds to each individual

12  document request as follows:

13

14    **SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION**

15  **REQUEST NO. 1:**

16    All documents referring or relating to agreements, contracts or transactions

17  between MGA Entertainment, Inc. and Vision Capital, LLC or any subsidiary or

18  affiliate of Vision Capital, LLC and any amendments or modifications thereto, and

19  any communications referring or relating to any such agreements, contracts or

20  transactions.

21  **RESPONSE TO REQUEST NO. 1:**

22    In addition to the general objections set forth above, Vision Capital objects

23  to this request on the ground that it seeks documents that are protected by the

24  attorney-client privilege and attorney work product doctrine.  Vision Capital

25  further objects to the request on the ground that it is overly broad and unduly

26  burdensome.  Vision Capital further objects to the request on the ground that it

27  seeks documents that contain private, confidential or proprietary information of

28  Vision Capital or other non-parties.  Vision Capital further objects to the request

A/72823367.1                                      - 3 -

EXHIBIT ___6___
PAGE ___108___

1  on the ground that the burden, expense and intrusiveness of the discovery

2  outweighs the likelihood that the documents sought will lead to the discovery of

3  relevant evidence.

4  **REQUEST NO. 2:**

5      All documents referring or relating to agreements, contracts or transactions

6  between Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC,

7  and Lexington Financial, LLC, or any subsidiary or affiliate of Lexington

8  Financial, LLC, and any amendments or modifications thereto, and any

9  communications referring or relating to any such agreements, contracts or

10  transactions.

11  **RESPONSE TO REQUEST NO. 2:**

12      In addition to the general objections set forth above, Vision Capital objects

13  to this request on the ground that it seeks private, confidential and proprietary

14  information of Vision Capital.  Vision Capital further objects to the request on the

15  ground that it is overly broad, unduly burdensome, oppressive and harassing.

16  Vision Capital further objects to the request on the ground that the burden, expense

17  and intrusiveness of the discovery outweighs the likelihood that the documents

18  sought will lead to the discovery of relevant evidence.  Vision Capital further

19  objects to the request on the ground that it seeks documents that are protected by

20  the attorney-client privilege and attorney work product doctrine.  Vision Capital

21  further objects to the request on the ground that it is vague, ambiguous and fails to

22  identify the documents with sufficient particularity.

23  **REQUEST NO. 3:**

24      All documents referring or relating to agreements, contracts or transactions

25  between Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC,

26  and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors,

27  LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any

28

A/72823367.1                                    - 4 -

EXHIBIT 6
PAGE 109

1   amendments or modifications thereto, and any communications referring or

2   relating to any such agreements, contracts or transactions.

3   **RESPONSE TO REQUEST NO. 3:**

4       In addition to the general objections set forth above, Vision Capital objects

5   to this request on the ground that it seeks private, confidential and proprietary

6   information of Vision Capital.  Vision Capital further objects to the request on the

7   ground that it is overly broad, unduly burdensome, oppressive and harassing.

8   Vision Capital further objects to the request on the ground that the burden, expense

9   and intrusiveness of the discovery outweighs the likelihood that the documents

10  sought will lead to the discovery of relevant evidence.  Vision Capital further

11  objects to the request on the ground that it seeks documents that are protected by

12  the attorney-client privilege and attorney work product doctrine.  Vision Capital

13  further objects to the request on the ground that it is vague, ambiguous and fails to

14  identify the documents with sufficient particularity.

15  **REQUEST NO. 4:**

16      All documents containing financial information, including but not limited to

17  historical and prospective performance, provided by MGA Entertainment, Inc. to

18  Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC since

19  January 1, 2007.

20  **RESPONSE TO REQUEST NO. 4:**

21      In addition to the general objections set forth above, Vision Capital objects

22  to this request on the ground that it is overly broad and unduly burdensome.

23  Vision Capital further objects to the request on the ground that it seeks documents

24  that contain private, confidential or proprietary financial information.  Vision

25  Capital further objects to the request on the ground that the burden, expense and

26  intrusiveness of the discovery outweighs the likelihood that the documents sought

27  will lead to the discovery of relevant evidence.

28

A/72823367.1

- 5 -

EXHIBIT __6__
PAGE __110__

NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

1   **REQUEST NO. 5:**

2        Documents sufficient to identify (a) each member, managing member,

3   holder of any ownership interest in, shareholder, officer and director of Vision

4   Capital, LLC and (b) the dates of such person's affiliation with Vision Capital,

5   LLC.

6   **RESPONSE TO REQUEST NO. 5:**

7        In addition to the general objections set forth above, Vision Capital objects

8   to this request on the ground that it seeks private, confidential and proprietary

9   information of Vision Capital and other non-parties.  Vision Capital further objects

10   to the request on the ground that it is overly broad, unduly burdensome, oppressive

11   and harassing.  Vision Capital further objects to the request on the ground that the

12   burden, expense and intrusiveness of the discovery outweighs the likelihood that

13   the documents sought will lead to the discovery of relevant evidence.

14   **REQUEST NO. 6:**

15        All documents referring or relating to the formation and governance of

16   Vision Capital, LLC.

17   **RESPONSE TO REQUEST NO. 6:**

18        In addition to the general objections set forth above, Vision Capital objects

19   to this request on the ground that it seeks private, confidential and proprietary

20   information of Vision Capital.  Vision Capital further objects to the request on the

21   ground that it is overly broad, unduly burdensome, oppressive and harassing.

22   Vision Capital further objects to the request on the ground that the burden, expense

23   and intrusiveness of the discovery outweighs the likelihood that the documents

24   sought will lead to the discovery of relevant evidence.  Vision Capital further

25   objects to the request on the ground that it seeks documents that are protected by

26   the attorney-client privilege and attorney work product doctrine.  Vision Capital

27   further objects to the request on the ground that it is vague, ambiguous and fails to

28   identify the documents with sufficient particularity.

A/72823367.1                                                    - 6 -

EXHIBIT ___6___

PAGE ___111___

NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

1  **REQUEST NO. 7:**

2      All documents detailing or setting forth the relationship between Vision

3  Capital, LLC and OmniNet Capital, LLC, if any.

4  **RESPONSE TO REQUEST NO. 7:**

5      In addition to the general objections set forth above, Vision Capital objects

6  to this request on the ground that it seeks private, confidential and proprietary

7  information of Vision Capital and other non-parties.  Vision Capital further objects

8  to the request on the ground that it is overly broad, unduly burdensome, oppressive

9  and harassing.  Vision Capital further objects to the request on the ground that the

10  burden, expense and intrusiveness of the discovery outweighs the likelihood that

11  the documents sought will lead to the discovery of relevant evidence.  Vision

12  Capital further objects to the request on the ground that it seeks documents that are

13  protected by the attorney-client privilege and attorney work product doctrine.

14  Vision Capital further objects to the request on the ground that it is vague,

15  ambiguous and fails to identify the documents with sufficient particularity.

16  **REQUEST NO. 8:**

17      All documents detailing or setting forth the relationship between Vision

18  Capital, LLC and Omni 808 Investors, LLC, if any.

19  **RESPONSE TO REQUEST NO. 8:**

20      In addition to the general objections set forth above, Vision Capital objects

21  to this request on the ground that it seeks private, confidential and proprietary

22  information of Vision Capital and other non-parties.  Vision Capital further objects

23  to the request on the ground that it is overly broad, unduly burdensome, oppressive

24  and harassing.  Vision Capital further objects to the request on the ground that the

25  burden, expense and intrusiveness of the discovery outweighs the likelihood that

26  the documents sought will lead to the discovery of relevant evidence.  Vision

27  Capital further objects to the request on the ground that it seeks documents that are

28  protected by the attorney-client privilege and attorney work product doctrine.

A/72823367.1

- 7 -

NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

EXHIBIT ___6___

PAGE ___112___

1    Vision Capital further objects to the request on the ground that it is vague,

2    ambiguous and fails to identify the documents with sufficient particularity.

3    **REQUEST NO. 9:**

4        All documents detailing or setting forth the relationship between Vision

5    Capital, LLC and Lexington Financial, LLC, if any.

6    **RESPONSE TO REQUEST NO. 9:**

7        In addition to the general objections set forth above, Vision Capital objects

8    to this request on the ground that it seeks private, confidential and proprietary

9    information of Vision Capital and other non-parties.  Vision Capital further objects

10    to the request on the ground that it is overly broad, unduly burdensome, oppressive

11    and harassing.  Vision Capital further objects to the request on the ground that the

12    burden, expense and intrusiveness of the discovery outweighs the likelihood that

13    the documents sought will lead to the discovery of relevant evidence.  Vision

14    Capital further objects to the request on the ground that it seeks documents that are

15    protected by the attorney-client privilege and attorney work product doctrine.

16    Vision Capital further objects to the request on the ground that it is vague,

17    ambiguous and fails to identify the documents with sufficient particularity.

18    **REQUEST NO. 10:**

19        All documents detailing or setting forth the relationship between Vision

20    Capital, LLC and MGA Entertainment, Inc., if any.

21    **RESPONSE TO REQUEST NO. 10:**

22        In addition to the general objections set forth above, Vision Capital objects

23    to this request on the ground that it seeks private, confidential and proprietary

24    information of Vision Capital.  Vision Capital further objects to the request on the

25    ground that it is overly broad, unduly burdensome, oppressive and harassing.

26    Vision Capital further objects to the request on the ground that the burden, expense

27    and intrusiveness of the discovery outweighs the likelihood that the documents

28    sought will lead to the discovery of relevant evidence.  Vision Capital further

A/72823367.1       - 8 -

EXHIBIT ___6___

PAGE ___113___

1   objects to the request on the ground that it seeks documents that are protected by

2   the attorney-client privilege and attorney work product doctrine.  Vision Capital

3   further objects to the request on the ground that it is vague, ambiguous and fails to

4   identify the documents with sufficient particularity.

5   **REQUEST NO. 11:**

6        All documents detailing or setting forth the relationship between Vision

7   Capital, LLC and Isaac Larian and his family members, if any.

8   **RESPONSE TO REQUEST NO. 11:**

9        In addition to the general objections set forth above, Vision Capital objects

10  to this request on the ground that it seeks private, confidential and proprietary

11  information of Vision Capital and other non-parties.  Vision Capital further objects

12  to the request on the ground that it is overly broad, unduly burdensome, oppressive

13  and harassing.  Vision Capital further objects to the request on the ground that the

14  burden, expense and intrusiveness of the discovery outweighs the likelihood that

15  the documents sought will lead to the discovery of relevant evidence.  Vision

16  Capital further objects to the request on the ground that it seeks documents that are

17  protected by the attorney-client privilege and attorney work product doctrine.

18  Vision Capital further objects to the request on the ground that it is vague,

19  ambiguous and fails to identify the documents with sufficient particularity.

20  **REQUEST NO. 12:**

21       All documents referring or relating to the source of funding or credit for

22  Lexington Financial, LLC.

23  **RESPONSE TO REQUEST NO. 12:**

24       In addition to the general objections set forth above, Vision Capital objects

25  to this request on the ground that it seeks private, confidential and proprietary

26  information of Vision Capital and other non-parties.  Vision Capital further objects

27  to the request on the ground that it is overly broad, unduly burdensome, oppressive

28  and harassing.  Vision Capital further objects to the request on the ground that the

A/72823367.1                                -9-

EXHIBIT ___6___

PAGE ___114___

1  burden, expense and intrusiveness of the discovery outweighs the likelihood that

2  the documents sought will lead to the discovery of relevant evidence.  Vision

3  Capital further objects to the request on the ground that it seeks documents that are

4  protected by the attorney-client privilege and attorney work product doctrine.

5  Vision Capital further objects to the request on the ground that it is vague,

6  ambiguous and fails to identify the documents with sufficient particularity.

7  **REQUEST NO. 13:**

8        All documents referring or relating to the source of funding or credit for

9  Omni 808 Investors, LLC.

10  **RESPONSE TO REQUEST NO. 13:**

11        In addition to the general objections set forth above, Vision Capital objects

12  to this request on the ground that it seeks private, confidential and proprietary

13  information of Vision Capital and other non-parties.  Vision Capital further objects

14  to the request on the ground that it is overly broad, unduly burdensome, oppressive

15  and harassing.  Vision Capital further objects to the request on the ground that the

16  burden, expense and intrusiveness of the discovery outweighs the likelihood that

17  the documents sought will lead to the discovery of relevant evidence.  Vision

18  Capital further objects to the request on the ground that it seeks documents that are

19  protected by the attorney-client privilege and attorney work product doctrine.

20  Vision Capital further objects to the request on the ground that it is vague,

21  ambiguous and fails to identify the documents with sufficient particularity.

22  **REQUEST NO. 14:**

23        All documents referring or relating to the source of funding or credit for

24  MGA Entertainment, Inc. or any of its subsidiaries or affiliates.

25  **RESPONSE TO REQUEST NO. 14:**

26        In addition to the general objections set forth above, Vision Capital objects

27  to this request on the ground that it is overly broad and unduly burdensome.

28  Vision Capital further objects to the request on the ground that it seeks documents

EXHIBIT ___6___
PAGE ___75___

1    that contain private, confidential or proprietary financial information.  Vision

2    Capital further objects to the request on the ground that the burden, expense and

3    intrusiveness of the discovery outweighs the likelihood that the documents sought

4    will lead to the discovery of relevant evidence.

5    **REQUEST NO. 15:**

6         All documents referring or relating to all contributions, loans and any

7    sources of funding for Vision Capital, LLC during the last twelve months,

8    including but not limited to agreements and/or contracts supporting these

9    transactions.

10   **RESPONSE TO REQUEST NO. 15:**

11        In addition to the general objections set forth above, Vision Capital objects

12   to this request on the ground that it seeks private, confidential and proprietary

13   information of Vision Capital and other non-parties.  Vision Capital further objects

14   to the request on the ground that it is overly broad, unduly burdensome, oppressive

15   and harassing.  Vision Capital further objects to the request on the ground that the

16   burden, expense and intrusiveness of the discovery outweighs the likelihood that

17   the documents sought will lead to the discovery of relevant evidence.  Vision

18   Capital further objects to the request on the ground that it seeks documents that are

19   protected by the attorney-client privilege and attorney work product doctrine.

20   Vision Capital further objects to the request on the ground that it is vague,

21   ambiguous and fails to identify the documents with sufficient particularity.

22   **REQUEST NO. 16:**

23        All documents showing detail of all loan facilities with an indication of

24   creditor and relevant terms referring or relating to MGA Entertainment, Inc.,

25   OmniNet Capital, LLC, Omni 808 Investors, LLC, Lexington Financial, LLC or

26   any subsidiary or affiliate of the foregoing, or to Isaac Larian or his family

27   members.

28

NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

EXHIBIT ____6____

PAGE ____110____

**RESPONSE TO REQUEST NO. 16:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it is unintelligible. Vision Capital further objects to the request on the ground that it seeks private, confidential and proprietary information of Vision Capital and other non-parties. Vision Capital further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Vision Capital further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Vision Capital further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Vision Capital further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 17:**

All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Vision Capital, LLC to Isaac Larian, his family members, or affiliates, or any other related party, including MGA Entertainment, Inc.

**RESPONSE TO REQUEST NO. 17:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it seeks private, confidential and proprietary information of Vision Capital and other non-parties. Vision Capital further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Vision Capital further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Vision Capital further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine.

A/72823367.1                          - 12 -

EXHIBIT __6__
PAGE __117__

1    Vision Capital further objects to the request on the ground that it is vague,

2    ambiguous and fails to identify the documents with sufficient particularity.

3    **REQUEST NO. 18:**

4         Any and all records that substantiate transfers of assets by Vision Capital,

5    LLC to other entities, individuals and/or parties, within the U.S. and outside of the

6    U.S.

7    **RESPONSE TO REQUEST NO. 18:**

8         In addition to the general objections set forth above, Vision Capital objects

9    to this request on the ground that it seeks private, confidential and proprietary

10   information of Vision Capital and other non-parties.  Vision Capital further objects

11   to the request on the ground that it is overly broad, unduly burdensome, oppressive

12   and harassing.  Vision Capital further objects to the request on the ground that the

13   burden, expense and intrusiveness of the discovery outweighs the likelihood that

14   the documents sought will lead to the discovery of relevant evidence.  Vision

15   Capital further objects to the request on the ground that it seeks documents that are

16   protected by the attorney-client privilege and attorney work product doctrine.

17   Vision Capital further objects to the request on the ground that it is vague,

18   ambiguous and fails to identify the documents with sufficient particularity.

19   **REQUEST NO. 19:**

20        All communications referring or relating to Omni 808 Investors, LLC,

21   Lexington Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

22   **RESPONSE TO REQUEST NO. 19:**

23        In addition to the general objections set forth above, Vision Capital objects

24   to this request on the ground that it seeks private, confidential and proprietary

25   information of Vision Capital and other non-parties.  Vision Capital further objects

26   to the request on the ground that it is overly broad, unduly burdensome, oppressive

27   and harassing.  Vision Capital further objects to the request on the ground that the

28   burden, expense and intrusiveness of the discovery outweighs the likelihood that

A/72823367.1                                    - 13 -

NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

EXHIBIT 6
PAGE 118



the documents sought will lead to the discovery of relevant evidence. Vision Capital further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Vision Capital further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 20:**

All documents referring or relating to the U.C.C. financing statement attached as Exhibit 1 and/or security interest(s) allegedly reflected herein.

**RESPONSE TO REQUEST NO. 20:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Vision Capital further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Vision Capital further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Vision Capital or other non-parties. Vision Capital further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

DATED: January 28, 2009        Bingham McCutchen LLP

By: _____
        Todd E. Gordinier
      Attorneys for Non-party
        Vision Capital, LLC

A/72823367.1                        - 14 -

EXHIBIT ___6___
PAGE ___119___

## PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of Orange, California at 600 Anton Boulevard, 18th Floor, Costa Mesa, California 92626-1924. I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with the United States Postal Service and correspondence is deposited with the United States Postal Service that same day in the ordinary course of business. On **January 28, 2009**, I served the attached:

**NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☑ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Costa Mesa, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

☐ (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy of the document(s) listed above to be delivered by _____ in sealed envelope(s) with all fees prepaid at the address(es) set forth below.

☑ (VIA EMAIL) by transmitting via email the document(s) listed above on this date before 5:00 p.m. PST to the person(s) at the email address(es) set forth below.

### PLEASE SEE ATTACHED SERVICE LIST

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on **January 28, 2009**.

_Julie Valenzuela_
Julie Valenzuela

A/72823367.1

EXHIBIT __6__
PAGE __120__

1
2
3

# SERVICE LIST

4  QUINN EMANUEL URQUHART            SKADDEN ARPS SLATE MEAGHER
   OLIVER & HEDGES, LLP              & FLOM, LLP
5  Jon D. Corey, Esq.               Thomas Nolan, Esq.
6  865 S. Figueroa St., 10th Fl.    300 S. Grand Ave., Ste. 3400
   Los Angeles, CA 90017-2543       Los Angeles, CA 90071
7  Tele. No. (213) 443-3000         Tele. No. (213) 687-5250
8  Fax No. (213) 443-3100           Fax No. (213) 621-5250
   Email joncorey@quinnemanuel.com  Email thomas.nolan@skadden.com
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A/72823367.1

EXHIBIT ___6___
PAGE ___121___

RECEIVED

FEB 0 6 2009

1   Bingham McCutchen LLP
2   TODD E. GORDINIER (SBN 82200)
    PETER N. VILLAR (SBN 204038)
3   JENNIFER A. LOPEZ (SBN 232320)
    600 Anton Boulevard
    18th Floor
4   Costa Mesa, CA  92626-1924
    Telephone:  714.830.0600
5   Facsimile:  714.830.0700
6   Email:  todd.gordinier@bingham.com
            peter.villar@bingham.com
7           jennifer.lopez@bingham.com

8   Attorneys for Non-party
    OMNINET CAPITAL, LLC

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12

13  Carter Bryant, an individual,      |  Case No. CV 04-9049 SGL (RNBx)

14          Plaintiff,

15              v.                      |  **NON-PARTY OMNINET CAPITAL,
                                           LLC'S OBJECTIONS TO
16  Mattel, Inc., a Delaware Corporation, |  DEFENDANT MATTEL, INC.'S
                                           SUBPOENA FOR THE
17          Defendant.                     PRODUCTION OF DOCUMENTS**

18                                      |  Judge:      Hon. Stephen G. Larson

19

20

21

22

23

24

25

26

27

28

A/72833444.1                     2·5·09

EXHIBIT ___6___
PAGE ___122___

1    Pursuant to Federal Rule of Civil Procedure 45, non-party Omninet Capital,

2    LLC ("Omninet") hereby responds to the Subpoena for the production of

3    documents (hereafter, "the Subpoena") served in this action by defendant Mattel,

4    Inc., as follows:

5

6                            **PRELIMINARY STATEMENT**

7    These responses are based solely on the facts, information and documents

8    presently known and available to Omninet.  Omninet's search for and review of

9    potentially responsive documents is ongoing and may disclose the existence of

10   additional facts, information or documents, or possibly lead to additions or changes

11   to these responses.  Omninet reserves the right to revise or supplement these

12   responses if and when additional facts, information or documents are discovered.

13   The inadvertent production of proprietary, confidential, highly confidential,

14   or privileged documents or information by Omninet does not and shall not

15   constitute waiver of any applicable privilege, rights under any protective order or

16   trade secret, nor should production of any document or information be construed to

17   waive any objection to the admission of such documents or information in

18   evidence, including without limitation that of relevancy.

19

20                            **GENERAL OBJECTIONS**

21       1.    Omninet objects to the Subpoena, and each document request

22   contained therein, on the ground that it was not properly served on Omninet.

23       2.    Omninet objects to the Subpoena, and each document request

24   contained therein, on the ground that the purported "Proof of Service" sent by

25   Mattel's counsel is defective, on its face, in that: (i) it reflects that the registered

26   agent of Omninet was not served; (ii) it fails to properly identify the documents

27   allegedly served; (iii) it provides insufficient information regarding the purported

28

A/72833444.1                              - 1 -

EXHIBIT __6__
PAGE __123__

1  manner of service; and (iv) it purports to have been executed on January 21, 2008,

2  which is approximately one year *before* the Subpoena was allegedly issued.

3      3.    Omninet objects to the Subpoena, and each document request

4  contained therein, on the ground that Mattel failed to give notice to all parties prior

5  to the service of the Subpoena pursuant to FRCP 45(b)(1).

6      4.    Omninet objects to the Subpoena, and each document request

7  contained therein, on the ground that portions of the Subpoena sent by Mattel's

8  counsel are illegible .

9      5.    Omninet objects to the Subpoena, and each document request

10  contained therein, to the extent and on the ground that the Subpoena was not

11  properly issued, or otherwise fails to comply with the Federal Rules of Civil

12  Procedure.

13      6.    Omninet objects to the Subpoena, and each document request

14  contained therein, to the extent and on the ground that it seeks documents that are

15  protected by any applicable privilege, doctrine or immunity, including without

16  limitation, the attorney-client privilege and the attorney work product doctrine.

17      7.    Omninet objects to the Subpoena, and each document request

18  contained therein, to the extent and on the ground that it seeks documents which

19  contain private, confidential or proprietary information of Omninet or its clients or

20  employees, or where disclosure would invade the privacy rights of Omninet or its

21  clients or employees.

22      8.    Omninet objects to the Subpoena, and each document request

23  contained therein, to the extent and on the ground that it seeks documents that are

24  not relevant to the parties' claims or defenses asserted in the action.

25      9.    Omninet objects to the Subpoena, and each document request

26  contained therein, to the extent and on the ground that the burden, expense or

27  intrusiveness of the discovery outweighs the likelihood that the documents sought

28  will lead to the discovery of relevant evidence.

A/72833444.1

EXHIBIT   6

PAGE   124

10.     Omninet objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents from non-party Omninet that are equally or more readily available and attainable from parties to the action.

11.     Omninet objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it is vague, ambiguous or fails to identify the documents sought with sufficient particularity.

12.     Omninet objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it is overly broad, unduly burdensome, oppressive or harassing.

13.     Omninet objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents from sources that are not reasonably accessible and would subject Omninet to undue burden and expense.

14.     Omninet objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it requires the production of documents that are subject to a confidentiality or nondisclosure agreement.

15.     Omninet objects to the Subpoena, and each document request contained therein, on the ground that the place, date and time for compliance is not reasonable or sufficient given the scope of the requests.

16.     Omninet objects to the production of any documents under the Subpoena unless and until there is an acceptable protective order issued by the Court.

In addition to these general objections which are incorporated into each and every response herein, Omninet specifically responds to each individual document request as follows:

A/72833444.1                              - 3 -

EXHIBIT ___6___
PAGE ___125___

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

**RESPONSE TO REQUEST NO. 1:**

In addition to the general objections set forth above, Omninet objects to this request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omninet further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omninet further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Omninet or other non-parties. Omninet further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

**REQUEST NO. 2:**

All documents referring or relating to agreements, contracts or transactions between Wachovia, or any subsidiary or affiliate of Wachovia, and OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

**RESPONSE TO REQUEST NO. 2:**

In addition to the general objections set forth above, Omninet objects to this request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omninet further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and

EXHIBIT ___6___
PAGE ___186___

1   harassing.  Omninet further objects to the request on the ground that it seeks

2   documents that contain private, confidential or proprietary information of Omninet,

3   Wachovia or other non-parties.  Omninet further objects to the request on the

4   ground that the burden, expense and intrusiveness of the discovery outweighs the

5   likelihood that the documents sought will lead to the discovery of relevant

6   evidence.

7   **REQUEST NO. 3:**

8       All documents containing financial information, including but not limited to

9   historical and prospective performance, provided by MGA Entertainment, Inc. to

10  OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC,

11  since January 1, 2007.

12  **RESPONSE TO REQUEST NO. 3:**

13      In addition to the general objections set forth above, Omninet objects to this

14  request on the ground that it is overly broad and unduly burdensome.  Omninet

15  further objects to the request on the ground that it seeks documents that contain

16  private, confidential or proprietary financial information.  Omninet further objects

17  to the request on the ground that the burden, expense and intrusiveness of the

18  discovery outweighs the likelihood that the documents sought will lead to the

19  discovery of relevant evidence.

20  **REQUEST NO. 4:**

21      Documents sufficient to identify (a) each member, managing member,

22  holder of any ownership interest in, shareholder, officer and director of OmniNet

23  Capital, LLC since January 1, 2005 and (b) the dates of such person's affiliation

24  with OmniNet Capital, LLC.

25  **RESPONSE TO REQUEST NO. 4:**

26      In addition to the general objections set forth above, Omninet objects to this

27  request on the ground that it seeks private, confidential and proprietary information

28  of Omninet and other non-parties.  Omninet further objects to the request on the

A/72833444.1

- 5 -

EXHIBIT ___6___
PAGE ___127___

1  ground that it is overly broad, unduly burdensome, oppressive and harassing.
2  Omninet further objects to the request on the ground that the burden, expense and
3  intrusiveness of the discovery outweighs the likelihood that the documents sought
4  will lead to the discovery of relevant evidence.
5  **REQUEST NO. 5:**
6      All documents detailing or setting forth the relationship between Omni 808
7  Investors, LLC and OmniNet Capital, LLC, if any.
8  **RESPONSE TO REQUEST NO. 5:**
9      In addition to the general objections set forth above, Omninet objects to this
10  request on the ground that it seeks private, confidential and proprietary information
11  of Omninet and other non-parties.  Omninet further objects to the request on the
12  ground that it is overly broad, unduly burdensome, oppressive and harassing.
13  Omninet further objects to the request on the ground that the burden, expense and
14  intrusiveness of the discovery outweighs the likelihood that the documents sought
15  will lead to the discovery of relevant evidence.  Omninet further objects to the
16  request on the ground that it seeks documents that are protected by the attorney-
17  client privilege and attorney work product doctrine.  Omninet further objects to the
18  request on the ground that it is vague, ambiguous and fails to identify the
19  documents with sufficient particularity.
20  **REQUEST NO. 6:**
21      All documents detailing or setting forth the relationship between OmniNet
22  Capital, LLC and Vision Capital, LLC, if any.
23  **RESPONSE TO REQUEST NO. 6:**
24      In addition to the general objections set forth above, Omninet objects to this
25  request on the ground that it seeks private, confidential and proprietary information
26  of Omninet and other non-parties.  Omninet further objects to the request on the
27  ground that it is overly broad, unduly burdensome, oppressive and harassing.
28  Omninet further objects to the request on the ground that the burden, expense and

A/72833444.1                           - 6 -

EXHIBIT ___6___
PAGE ___128___

1   intrusiveness of the discovery outweighs the likelihood that the documents sought

2   will lead to the discovery of relevant evidence.  Omninet further objects to the

3   request on the ground that it seeks documents that are protected by the attorney-

4   client privilege and attorney work product doctrine.  Omninet further objects to the

5   request on the ground that it is vague, ambiguous and fails to identify the

6   documents with sufficient particularity.

7   **REQUEST NO. 7:**

8          All documents detailing or setting forth the relationship between OmniNet

9   Capital, LLC and Lexington Financial, LLC, if any.

10  **RESPONSE TO REQUEST NO. 7:**

11         In addition to the general objections set forth above, Omninet objects to this

12  request on the ground that it seeks private, confidential and proprietary information

13  of Omninet and other non-parties.  Omninet further objects to the request on the

14  ground that it is overly broad, unduly burdensome, oppressive and harassing.

15  Omninet further objects to the request on the ground that the burden, expense and

16  intrusiveness of the discovery outweighs the likelihood that the documents sought

17  will lead to the discovery of relevant evidence.  Omninet further objects to the

18  request on the ground that it seeks documents that are protected by the attorney-

19  client privilege and attorney work product doctrine.  Omninet further objects to the

20  request on the ground that it is vague, ambiguous and fails to identify the

21  documents with sufficient particularity.

22  **REQUEST NO. 8:**

23         All documents detailing or setting forth the relationship between OmniNet

24  Capital, LLC and MGA Entertainment, Inc., if any.

25  **RESPONSE TO REQUEST NO. 8:**

26         In addition to the general objections set forth above, Omninet objects to this

27  request on the ground that it seeks private, confidential and proprietary information

28  of Omninet.  Omninet further objects to the request on the ground that it is overly

A/72833444.1                              - 7 -

EXHIBIT __6__
PAGE ___129___

1    broad, unduly burdensome, oppressive and harassing.  Omninet further objects to

2    the request on the ground that the burden, expense and intrusiveness of the

3    discovery outweighs the likelihood that the documents sought will lead to the

4    discovery of relevant evidence.  Omninet further objects to the request on the

5    ground that it seeks documents that are protected by the attorney-client privilege

6    and attorney work product doctrine.  Omninet further objects to the request on the

7    ground that it is vague, ambiguous and fails to identify the documents with

8    sufficient particularity.

9    **REQUEST NO. 9:**

10          All documents detailing or setting forth the relationship between OmniNet

11   Capital, LLC and Isaac Larian or his family members, if any.

12   **RESPONSE TO REQUEST NO. 9:**

13          In addition to the general objections set forth above, Omninet objects to this

14   request on the ground that it seeks private, confidential and proprietary information

15   of Omninet and other non-parties.  Omninet further objects to the request on the

16   ground that it is overly broad, unduly burdensome, oppressive and harassing.

17   Omninet further objects to the request on the ground that the burden, expense and

18   intrusiveness of the discovery outweighs the likelihood that the documents sought

19   will lead to the discovery of relevant evidence.  Omninet further objects to the

20   request on the ground that it seeks documents that are protected by the attorney-

21   client privilege and attorney work product doctrine.  Omninet further objects to the

22   request on the ground that it is vague, ambiguous and fails to identify the

23   documents with sufficient particularity.

24   **REQUEST NO. 10:**

25          All documents referring or relating to the source of funding for Lexington

26   Financial, LLC.

27   **RESPONSE TO REQUEST NO. 10:**

28          In addition to the general objections set forth above, Omninet objects to this

A/72833444.1                                    - 8 -

EXHIBIT __6__
PAGE ____130____

1  request on the ground that it is unintelligible.  Omninet further objects to the

2  request on the ground that it seeks private, confidential and proprietary information

3  of Omninet and other non-parties.  Omninet further objects to the request on the

4  ground that it is overly broad, unduly burdensome, oppressive and harassing.

5  Omninet further objects to the request on the ground that the burden, expense and

6  intrusiveness of the discovery outweighs the likelihood that the documents sought

7  will lead to the discovery of relevant evidence.  Omninet further objects to the

8  request on the ground that it seeks documents that are protected by the attorney-

9  client privilege and attorney work product doctrine.  Omninet further objects to the

10  request on the ground that it is vague, ambiguous and fails to identify the

11  documents with sufficient particularity.

12  **REQUEST NO. 11:**

13       All documents referring or relating to the source of funding for Omni 808

14  Investors, LLC.

15  **RESPONSE TO REQUEST NO. 11:**

16       In addition to the general objections set forth above, Omninet objects to this

17  request on the ground that it is unintelligible.  Omninet further objects to the

18  request on the ground that it seeks private, confidential and proprietary information

19  of Omninet and other non-parties.  Omninet further objects to the request on the

20  ground that it is overly broad, unduly burdensome, oppressive and harassing.

21  Omninet further objects to the request on the ground that the burden, expense and

22  intrusiveness of the discovery outweighs the likelihood that the documents sought

23  will lead to the discovery of relevant evidence.  Omninet further objects to the

24  request on the ground that it seeks documents that are protected by the attorney-

25  client privilege and attorney work product doctrine.  Omninet further objects to the

26  request on the ground that it is vague, ambiguous and fails to identify the

27  documents with sufficient particularity.

28

A/72833444.1

- 9 -

EXHIBIT _6_
PAGE _131_

1  **REQUEST NO. 12:**

2    All documents referring or relating to the source of funding for Vision

3  Capital, LLC.

4  **RESPONSE TO REQUEST NO. 12:**

5    In addition to the general objections set forth above, Omninet objects to this

6  request on the ground that it is unintelligible.  Omninet further objects to the

7  request on the ground that it seeks private, confidential and proprietary information

8  of Omninet and other non-parties.  Omninet further objects to the request on the

9  ground that it is overly broad, unduly burdensome, oppressive and harassing.

10 Omninet further objects to the request on the ground that the burden, expense and

11 intrusiveness of the discovery outweighs the likelihood that the documents sought

12 will lead to the discovery of relevant evidence.  Omninet further objects to the

13 request on the ground that it seeks documents that are protected by the attorney-

14 client privilege and attorney work product doctrine.  Omninet further objects to the

15 request on the ground that it is vague, ambiguous and fails to identify the

16 documents with sufficient particularity.

17 **REQUEST NO. 13:**

18   All documents referring or relating to transactions involving any

19 compensation, loans, advances, payments, fees or any other form of consideration

20 paid by OmniNet Capital, LLC to Isaac Larian, his family members, or affiliates,

21 or any other related party, including MGA Entertainment, Inc.

22 **RESPONSE TO REQUEST NO. 13:**

23   In addition to the general objections set forth above, Omninet objects to this

24 request on the ground that it seeks private, confidential and proprietary information

25 of Omninet and other non-parties.  Omninet further objects to the request on the

26 ground that it is overly broad, unduly burdensome, oppressive and harassing.

27 Omninet further objects to the request on the ground that the burden, expense and

28 intrusiveness of the discovery outweighs the likelihood that the documents sought

EXHIBIT __6__
PAGE __132__

1   will lead to the discovery of relevant evidence.  Omninet further objects to the

2   request on the ground that it seeks documents that are protected by the attorney-

3   client privilege and attorney work product doctrine.  Omninet further objects to the

4   request on the ground that it is vague, ambiguous and fails to identify the

5   documents with sufficient particularity.

6   **REQUEST NO. 14:**

7       All communications referring or relating to Vision Capital, LLC, Lexington

8   Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

9   **RESPONSE TO REQUEST NO. 14:**

10      In addition to the general objections set forth above, Omninet objects to this

11  request on the ground that it seeks private, confidential and proprietary information

12  of Omninet and other non-parties.  Omninet further objects to the request on the

13  ground that it is overly broad, unduly burdensome, oppressive and harassing.

14  Omninet further objects to the request on the ground that the burden, expense and

15  intrusiveness of the discovery outweighs the likelihood that the documents sought

16  will lead to the discovery of relevant evidence.  Omninet further objects to the

17  request on the ground that it seeks documents that are protected by the attorney-

18  client privilege and attorney work product doctrine.  Omninet further objects to the

19  request on the ground that it is vague, ambiguous and fails to identify the

20  documents with sufficient particularity.

21  **REQUEST NO. 15:**

22      All documents relating to the U.C.C. financing statements and amendments

23  attached as Exhibit 1.

24  **RESPONSE TO REQUEST NO. 15:**

25      In addition to the general objections set forth above, Omninet objects to this

26  request on the ground that it seeks documents that are protected by the attorney-

27  client privilege and attorney work product doctrine.  Omninet further objects to the

28  request on the ground that it is overly broad, unduly burdensome, oppressive and

A/72833444.1                            - 11 -

EXHIBIT ___6___
PAGE ___133___

1   harassing.  Omninet further objects to the request on the ground that it seeks

2   documents that contain private, confidential or proprietary information of Omninet

3   or other non-parties.  Omninet further objects to the request on the ground that the

4   burden, expense and intrusiveness of the discovery outweighs the likelihood that

5   the documents sought will lead to the discovery of relevant evidence.

6

7   DATED:  February 4, 2009          Bingham McCutchen LLP

8

9                                     By: _____

10                                           Todd E. Gordinier
11                                           Attorneys for Non-party
                                             Omninet Capital, LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT   6
PAGE   134