## PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of Orange, California at 600 Anton Boulevard, 18th Floor, Costa Mesa, California 92626-1924. I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with the United States Postal Service and correspondence is deposited with the United States Postal Service that same day in the ordinary course of business. On **February 5, 2009,** I served the attached:

**NON-PARTY OMNINET CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

■ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Costa Mesa, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

☐ (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy of the document(s) listed above to be delivered by _____ in sealed envelope(s) with all fees prepaid at the address(es) set forth below.

■ (VIA EMAIL) by transmitting via email the document(s) listed above on this date before 5:00 p.m. PST to the person(s) at the email address(es) set forth below.

### PLEASE SEE ATTACHED SERVICE LIST

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on **February 5, 2009.**

_____
Brandy Nelson

A/72833444.1

EXHIBIT ___6___
PAGE ___135___

1

## SERVICE LIST

2

3  QUINN EMANUEL URQUHART
   OLIVER & HEDGES, LLP
4  Jon D. Corey, Esq.
5  865 S. Figueroa St., 10th Fl.
   Los Angeles, CA 90017-2543
6  Tele. No. (213) 443-3000
7  Fax No. (213) 443-3100
   Email: joncorey@quinnemanuel.com
8

9  GLASER WEIL FINK JACOBS &
   SHAPIRO LLP
10 Patricia L. Glaser, Esq.
11 10250 Constellation Blvd., 19th Floor
   Los Angeles, CA  90067
12 Tele. No. (310) 553-3000
13 Fax No. (310) 556-2920
   Email: pglaser@glaserweil.com

SKADDEN ARPS SLATE MEAGHER
& FLOM, LLP
Thomas Nolan, Esq.
300 S. Grand Ave., Ste. 3400
Los Angeles, CA 90071
Tele. No. (213) 687-5250
Fax No. (213) 621-5250
Email: thomas.nolan@skadden.com

MITCHELL SILBERBERG &
KNUPP LLP
Russell J. Frackman, Esq.
11377 West Olympic Blvd.
Los Angeles, CA  90064
Tele: (310) 312-3119
Fax: (310) 231-8319
Email: rjf@msk.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/72833444.1

EXHIBIT    6
PAGE    136

Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
PETER N. VILLAR (SBN 204038)
JENNIFER A. LOPEZ (SBN 232320)
600 Anton Boulevard
18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700
Email: todd.gordinier@bingham.com
        jennifer.lopez@bingham.com

Attorneys for Non-party
OMNI 808 INVESTORS, LLC

JAN 2 9 2009

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| Carter Bryant, an individual,<br><br>Plaintiff<br><br>v.<br><br>Mattel, Inc., a Delaware Corporation,<br><br>Defendant. | Case No. CV 04-9049 SGL (RNBx)<br><br>**NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS**<br><br>Judge:     Hon. Stephen G. Larson |

A/72816085.3/3009108-0000335082

1-28

EXHIBIT 6
PAGE 137

1   Pursuant to Federal Rule of Civil Procedure 45, non-party OMNI 808

2   INVESTORS, LLC ("Omni") hereby responds to the Subpoena for the production

3   of documents (hereafter, "the Subpoena") served in this action by defendant

4   Mattel, Inc., as follows:

5

6   **PRELIMINARY STATEMENT**

7   These responses are based solely on the facts, information and documents

8   presently known and available to Omni.  Omni's search for and review of

9   potentially responsive documents is ongoing and may disclose the existence of

10  additional facts, information or documents, or possibly lead to additions or changes

11  to these responses.  Omni reserves the right to revise or supplement these

12  responses if and when additional facts, information or documents are discovered.

13  The inadvertent production of proprietary, confidential, highly confidential,

14  or privileged documents or information by Omni does not and shall not constitute

15  waiver of any applicable privilege, rights under any protective order or trade

16  secret, nor should production of any document or information be construed to

17  waive any objection to the admission of such documents or information in

18  evidence, including without limitation that of relevancy.

19

20  **GENERAL OBJECTIONS**

21  1.   Omni objects to the Subpoena, and each document request contained

22  therein, to the extent and on the ground that it seeks documents that are protected

23  by any applicable privilege, doctrine or immunity, including without limitation, the

24  attorney-client privilege and the attorney work product doctrine.

25  2.   Omni objects to the Subpoena, and each document request contained

26  therein, to the extent and on the ground that the Subpoena was not properly issued

27  or served, or otherwise fails to comply with the Federal Rules of Civil Procedure.

28

A/72816085.3/3009108-0000335082          - 1 -

NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

EXHIBIT ____6____
PAGE ____138____

3.     Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents which contain private, confidential or proprietary information of Omni or its clients or employees, or where disclosure would invade the privacy rights of Omni or its clients or employees.

4.     Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents that are not relevant to the parties' claims or defenses asserted in the action.

5.     Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that the burden, expense or intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

6.     Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents from non-party Omni that are equally or more readily available and attainable from parties to the action.

7.     Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it is vague, ambiguous or fails to identify the documents sought with sufficient particularity.

8.     Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it is overly broad, unduly burdensome, oppressive or harassing.

9.     Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents from sources that are not reasonably accessible and would subject the responding party to undue burden and expense.

A/72816085.3/3009108-0000335082

- 2 -

NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

EXHIBIT _____6_____
PAGE _____139_____

10.    Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it requires the production of documents that are subject to a confidentiality or nondisclosure agreement.

11.    Omni objects to the Subpoena, and each document request contained therein, on the ground that the place, date and time for compliance is not reasonable or sufficient given the scope of the requests.

12.    Omni objects to the production of any documents under the Subpoena unless and until there is an acceptable protective order issued by the Court.

In addition to these general objections which are incorporated into each and every response herein, Omni specifically responds to each individual document request as follows:

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

### RESPONSE TO REQUEST NO. 1:

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine.  Omni further objects to the request on the ground that it is overly broad and unduly burdensome.  Omni further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Omni or other non-parties.  Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the

A/72816085.3/3009108-0000335082                       - 3 -

NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

EXHIBIT ___6___
PAGE ___140___

1  discovery of relevant evidence.

2  **REQUEST NO. 2:**

3      All documents referring or relating to agreements, contracts or transactions

4  between Wachovia, or any subsidiary or affiliate of Wachovia, and Omni 808

5  Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any

6  amendments or modifications thereto, and any communications referring or

7  relating to any such agreements, contracts or transactions.

8  **RESPONSE TO REQUEST NO. 2:**

9      In addition to the general objections set forth above, Omni objects to this

10  request on the ground that it seeks documents that are protected by the attorney-

11  client privilege and attorney work product doctrine.  Omni further objects to the

12  request on the ground that it is overly broad and unduly burdensome.  Omni further

13  objects to the request on the ground that it seeks documents that contain private,

14  confidential or proprietary information of Omni, Wachovia or other non-parties.

15  Omni further objects to the request on the ground that the burden, expense and

16  intrusiveness of the discovery outweighs the likelihood that the documents sought

17  will lead to the discovery of relevant evidence.

18  **REQUEST NO. 3:**

19      All documents containing financial information, including but not limited to

20  historical and prospective performance, provided by MGA Entertainment, Inc. to

21  Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors,

22  LLC, since January 1, 2007.

23  **RESPONSE TO REQUEST NO. 3:**

24      In addition to the general objections set forth above, Omni objects to this

25  request on the ground that it is overly broad and unduly burdensome.  Omni further

26  objects to the request on the ground that it seeks documents that contain private,

27  confidential or proprietary financial information.  Omni further objects to the

28  request on the ground that the burden, expense and intrusiveness of the discovery

A/72816085.3/3009108-0000335082                          - 4 -

EXHIBIT ___6___
PAGE ___141___

1  outweighs the likelihood that the documents sought will lead to the discovery of

2  relevant evidence.

3  **REQUEST NO. 4:**

4     Documents sufficient to identify (a) each member, managing member,

5  holder of any ownership interest in, shareholder, officer and director of Omni 808

6  Investors, LLC and (b) the dates of such person's affiliation with Omni 808

7  Investors, LLC.

8  **RESPONSE TO REQUEST NO. 4:**

9     In addition to the general objections set forth above, Omni objects to this

10  request on the ground that it seeks private, confidential and proprietary information

11  of Omni and other non-parties.  Omni further objects to the request on the ground

12  that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

13  further objects to the request on the ground that the burden, expense and

14  intrusiveness of the discovery outweighs the likelihood that the documents sought

15  will lead to the discovery of relevant evidence.

16  **REQUEST NO. 5:**

17     All documents referring or relating to the formation and governance of Omni

18  808 Investors, LLC.

19  **RESPONSE TO REQUEST NO. 5:**

20     In addition to the general objections set forth above, Omni objects to this

21  request on the ground that it seeks private, confidential and proprietary information

22  of Omni.  Omni further objects to the request on the ground that it is overly broad,

23  unduly burdensome, oppressive and harassing.  Omni further objects to the request

24  on the ground that the burden, expense and intrusiveness of the discovery

25  outweighs the likelihood that the documents sought will lead to the discovery of

26  relevant evidence.  Omni further objects to the request on the ground that it seeks

27  documents that are protected by the attorney-client privilege and attorney work

28  product doctrine.  Omni further objects to the request on the ground that it is

A/72816085.3/3009108-0000335082                                      - 5 -

EXHIBIT __6__
PAGE __142__

1   vague, ambiguous and fails to identify the documents with sufficient particularity.

2   **REQUEST NO. 6:**

3      All documents detailing or setting forth the relationship between Omni 808

4   Investors, LLC and OmniNet Capital, LLC, if any.

5   **RESPONSE TO REQUEST NO. 6:**

6      In addition to the general objections set forth above, Omni objects to this

7   request on the ground that it seeks private, confidential and proprietary information

8   of Omni and other non-parties.  Omni further objects to the request on the ground

9   that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

10  further objects to the request on the ground that the burden, expense and

11  intrusiveness of the discovery outweighs the likelihood that the documents sought

12  will lead to the discovery of relevant evidence.  Omni further objects to the request

13  on the ground that it seeks documents that are protected by the attorney-client

14  privilege and attorney work product doctrine.  Omni further objects to the request

15  on the ground that it is vague, ambiguous and fails to identify the documents with

16  sufficient particularity.

17  **REQUEST NO. 7:**

18     All documents detailing or setting forth the relationship between Omni 808

19  Investors, LLC and Vision Capital, LLC, if any.

20  **RESPONSE TO REQUEST NO. 7:**

21     In addition to the general objections set forth above, Omni objects to this

22  request on the ground that it seeks private, confidential and proprietary information

23  of Omni and other non-parties.  Omni further objects to the request on the ground

24  that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

25  further objects to the request on the ground that the burden, expense and

26  intrusiveness of the discovery outweighs the likelihood that the documents sought

27  will lead to the discovery of relevant evidence.  Omni further objects to the request

28  on the ground that it seeks documents that are protected by the attorney-client

A/72816085.3/3009108-0000335082                                   - 6 -

EXHIBIT   6
PAGE ____ 149

1   privilege and attorney work product doctrine.  Omni further objects to the request

2   on the ground that it is vague, ambiguous and fails to identify the documents with

3   sufficient particularity.

4   **REQUEST NO. 8:**

5       All documents detailing or setting forth the relationship between Omni 808

6   Investors, LLC and Lexington Financial, LLC, if any.

7   **RESPONSE TO REQUEST NO. 8:**

8       In addition to the general objections set forth above, Omni objects to this

9   request on the ground that it seeks private, confidential and proprietary information

10  of Omni and other non-parties.  Omni further objects to the request on the ground

11  that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

12  further objects to the request on the ground that the burden, expense and

13  intrusiveness of the discovery outweighs the likelihood that the documents sought

14  will lead to the discovery of relevant evidence.  Omni further objects to the request

15  on the ground that it seeks documents that are protected by the attorney-client

16  privilege and attorney work product doctrine.  Omni further objects to the request

17  on the ground that it is vague, ambiguous and fails to identify the documents with

18  sufficient particularity.

19  **REQUEST NO. 9:**

20      All documents detailing or setting forth the relationship between Omni 808

21  Investors, LLC and MGA Entertainment, Inc., if any.

22  **RESPONSE TO REQUEST NO. 9:**

23      In addition to the general objections set forth above, Omni objects to this

24  request on the ground that it seeks private, confidential and proprietary information

25  of Omni.  Omni further objects to the request on the ground that it is overly broad,

26  unduly burdensome, oppressive and harassing.  Omni further objects to the request

27  on the ground that the burden, expense and intrusiveness of the discovery

28  outweighs the likelihood that the documents sought will lead to the discovery of

A/72816085.3/3009108-0000335082                    - 7 -

NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

EXHIBIT ___6___
PAGE ___199___

1  relevant evidence.  Omni further objects to the request on the ground that it seeks
2  documents that are protected by the attorney-client privilege and attorney work
3  product doctrine.  Omni further objects to the request on the ground that it is
4  vague, ambiguous and fails to identify the documents with sufficient particularity.

5  **REQUEST NO. 10:**

6      All documents detailing or setting forth the relationship between Omni 808
7  Investors, LLC and Isaac Larian and his family members, if any.

8  **RESPONSE TO REQUEST NO. 10:**

9      In addition to the general objections set forth above, Omni objects to this
10 request on the ground that it seeks private, confidential and proprietary information
11 of Omni and other non-parties.  Omni further objects to the request on the ground
12 that it is overly broad, unduly burdensome, oppressive and harassing.  Omni
13 further objects to the request on the ground that the burden, expense and
14 intrusiveness of the discovery outweighs the likelihood that the documents sought
15 will lead to the discovery of relevant evidence.  Omni further objects to the request
16 on the ground that it seeks documents that are protected by the attorney-client
17 privilege and attorney work product doctrine.  Omni further objects to the request
18 on the ground that it is vague, ambiguous and fails to identify the documents with
19 sufficient particularity.

20 **REQUEST NO. 11:**

21     All documents referring or relating to the source of funding for Lexington
22 Financial, LLC.

23 **RESPONSE TO REQUEST NO. 11:**

24     In addition to the general objections set forth above, Omni objects to this
25 request on the ground that it seeks private, confidential and proprietary information
26 of Omni and other non-parties.  Omni further objects to the request on the ground
27 that it is overly broad, unduly burdensome, oppressive and harassing.  Omni
28 further objects to the request on the ground that the burden, expense and

A/72816085.3/3009108-0000335082                  - 8 -

EXHIBIT ___6___
PAGE ___145___

1    intrusiveness of the discovery outweighs the likelihood that the documents sought

2    will lead to the discovery of relevant evidence.  Omni further objects to the request

3    on the ground that it seeks documents that are protected by the attorney-client

4    privilege and attorney work product doctrine.  Omni further objects to the request

5    on the ground that it is vague, ambiguous and fails to identify the documents with

6    sufficient particularity.

7    **REQUEST NO. 12:**

8         All documents referring or relating to the source of funding for Vision

9    Capital, LLC.

10   **RESPONSE TO REQUEST NO. 12:**

11        In addition to the general objections set forth above, Omni objects to this

12   request on the ground that it seeks private, confidential and proprietary information

13   of Omni and other non-parties.  Omni further objects to the request on the ground

14   that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

15   further objects to the request on the ground that the burden, expense and

16   intrusiveness of the discovery outweighs the likelihood that the documents sought

17   will lead to the discovery of relevant evidence.  Omni further objects to the request

18   on the ground that it seeks documents that are protected by the attorney-client

19   privilege and attorney work product doctrine.  Omni further objects to the request

20   on the ground that it is vague, ambiguous and fails to identify the documents with

21   sufficient particularity.

22   **REQUEST NO. 13:**

23        All documents referring or relating to all contributions, loans and any

24   sources of funding for Omni 808 Investors, LLC during the last twelve months,

25   including but not limited to agreements and/or contracts supporting these

26   transactions.

27   **RESPONSE TO REQUEST NO. 13:**

28        In addition to the general objections set forth above, Omni objects to this

A/72816085.3/3009108-0000335082                          - 9 -

NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

EXHIBIT ___6___

PAGE ___146___

1  request on the ground that it seeks private, confidential and proprietary information

2  of Omni and other non-parties.  Omni further objects to the request on the ground

3  that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

4  further objects to the request on the ground that the burden, expense and

5  intrusiveness of the discovery outweighs the likelihood that the documents sought

6  will lead to the discovery of relevant evidence.  Omni further objects to the request

7  on the ground that it seeks documents that are protected by the attorney-client

8  privilege and attorney work product doctrine.  Omni further objects to the request

9  on the ground that it is vague, ambiguous and fails to identify the documents with

10  sufficient particularity.

11  **REQUEST NO. 14:**

12       All documents showing detail of all loan facilities with an indication of

13  creditor and relevant terms.

14  **RESPONSE TO REQUEST NO. 14:**

15       In addition to the general objections set forth above, Omni objects to this

16  request on the ground that it is unintelligible.  Omni further objects to the request

17  on the ground that it seeks private, confidential and proprietary information of

18  Omni and other non-parties.  Omni further objects to the request on the ground that

19  it is overly broad, unduly burdensome, oppressive and harassing.  Omni further

20  objects to the request on the ground that the burden, expense and intrusiveness of

21  the discovery outweighs the likelihood that the documents sought will lead to the

22  discovery of relevant evidence.  Omni further objects to the request on the ground

23  that it seeks documents that are protected by the attorney-client privilege and

24  attorney work product doctrine.  Omni further objects to the request on the ground

25  that it is vague, ambiguous and fails to identify the documents with sufficient

26  particularity.

27

28

NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

EXHIBIT ___6___
PAGE ___147___

1    **REQUEST NO. 15:**

2         All documents referring or relating to transactions involving any

3    compensation, loans, advances, payments, fees or any other form of consideration

4    paid by Omni 808 Investors, LLC to Isaac Larian, his family members, or

5    affiliates, or any other related party, including MGA Entertainment, Inc.

6    **RESPONSE TO REQUEST NO. 15:**

7         In addition to the general objections set forth above, Omni objects to this

8    request on the ground that it seeks private, confidential and proprietary information

9    of Omni and other non-parties.  Omni further objects to the request on the ground

10   that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

11   further objects to the request on the ground that the burden, expense and

12   intrusiveness of the discovery outweighs the likelihood that the documents sought

13   will lead to the discovery of relevant evidence.  Omni further objects to the request

14   on the ground that it seeks documents that are protected by the attorney-client

15   privilege and attorney work product doctrine.  Omni further objects to the request

16   on the ground that it is vague, ambiguous and fails to identify the documents with

17   sufficient particularity.

18   **REQUEST NO. 16:**

19        Any and all records that substantiate transfers of assets by Omni 808

20   Investors, LLC to other entities, individuals and/or parties, within the U.S. and

21   outside of the U.S.

22   **RESPONSE TO REQUEST NO. 16:**

23        In addition to the general objections set forth above, Omni objects to this

24   request on the ground that it seeks private, confidential and proprietary information

25   of Omni and other non-parties.  Omni further objects to the request on the ground

26   that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

27   further objects to the request on the ground that the burden, expense and

28   intrusiveness of the discovery outweighs the likelihood that the documents sought

A/72816085.3/3009108-0000335082                              - 11 -

EXHIBIT ___6___
PAGE ___148___

1  will lead to the discovery of relevant evidence. Omni further objects to the request

2  on the ground that it seeks documents that are protected by the attorney-client

3  privilege and attorney work product doctrine. Omni further objects to the request

4  on the ground that it is vague, ambiguous and fails to identify the documents with

5  sufficient particularity.

6  **REQUEST NO. 17:**

7      All communications referring or relating to Vision Capital, LLC, Lexington

8  Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

9  **RESPONSE TO REQUEST NO. 17:**

10     In addition to the general objections set forth above, Omni objects to this

11  request on the ground that it seeks private, confidential and proprietary information

12  of Omni and other non-parties. Omni further objects to the request on the ground

13  that it is overly broad, unduly burdensome, oppressive and harassing. Omni

14  further objects to the request on the ground that the burden, expense and

15  intrusiveness of the discovery outweighs the likelihood that the documents sought

16  will lead to the discovery of relevant evidence. Omni further objects to the request

17  on the ground that it seeks documents that are protected by the attorney-client

18  privilege and attorney work product doctrine. Omni further objects to the request

19  on the ground that it is vague, ambiguous and fails to identify the documents with

20  sufficient particularity.

21  **REQUEST NO. 18:**

22     All documents relating to the U.C.C. financing statements and amendments

23  attached as Exhibit 1.

24  **RESPONSE TO REQUEST NO. 18:**

25     In addition to the general objections set forth above, Omni objects to this

26  request on the ground that it seeks documents that are protected by the attorney-

27  client privilege and attorney work product doctrine. Omni further objects to the

28  request on the ground that it is overly broad, unduly burdensome, oppressive and

NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

EXHIBIT 6
PAGE 149

1  harassing.  Omni further objects to the request on the ground that it seeks

2  documents that contain private, confidential or proprietary information of Omni or

3  other non-parties.  Omni further objects to the request on the ground that the

4  burden, expense and intrusiveness of the discovery outweighs the likelihood that

5  the documents sought will lead to the discovery of relevant evidence.

6

7  DATED:  January 28, 2009                Bingham McCutchen LLP

8

9

10                                                     By: _____

11                                                         Todd E. Gordinier
                                                           Attorneys for Non-party
                                                           Omni 808 Investors, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

EXHIBIT ___6___
PAGE ___150___

## PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of Orange, California at 600 Anton Boulevard, 18th Floor, Costa Mesa, California 92626-1924. I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with the United States Postal Service and correspondence is deposited with the United States Postal Service that same day in the ordinary course of business. On **January 28, 2009,** I served the attached:

**NON-PARTY OMNI 808 INVESTORS, LLP'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☑ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Costa Mesa, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

☐ (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy of the document(s) listed above to be delivered by _____ in sealed envelope(s) with all fees prepaid at the address(es) set forth below.

☑ (VIA EMAIL) by transmitting via email the document(s) listed above on this date before 5:00 p.m. PST to the person(s) at the email address(es) set forth below.

**PLEASE SEE ATTACHED SERVICE LIST**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on **January 28, 2009.**

*Julie Valenzuela*
Julie Valenzuela

A/72816085.3/3009108-0000335082

EXHIBIT ___6___
PAGE ___151___

1

## SERVICE LIST

2

3    QUINN EMANUEL URQUHART          SKADDEN ARPS SLATE MEAGHER
     OLIVER & HEDGES, LLP            & FLOM, LLP
4    Jon D. Corey, Esq.             Thomas Nolan, Esq.
     865 S. Figueroa St., 10th Fl.  300 S. Grand Ave., Ste. 3400
5    Los Angeles, CA 90017-2543     Los Angeles, CA 90071
6    Tele. No. (213) 443-3000       Tele. No. (213) 687-5250
     Fax No. (213) 443-3100         Fax No. (213) 621-5250
7    Email joncorey@quinnemanuel.com Email thomas.nolan@skadden.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/72816085.3/3009108-0000335082

EXHIBIT ___6___
PAGE ___150___

# EXHIBIT 7

1   Robert C. O'Brien (SBN 154372)
    ARENT FOX LLP
2   555 West Fifth Street, 48th Floor
    Los Angeles, CA  90013-1065
3   Telephone:  213.629.7400
    Facsimile:   213.629.7401
4   obrien.robert@arentfox.com

5   Discovery Master

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12   CARTER BRYANT, an individual,        Case No.  CV 04-09049 SGL (RNBx)

13                Plaintiff,              Consolidated with
                                          Case No. CV 04-09059
14          v.                            Case No. CV 05-2727

15   MATTEL, INC., a Delaware             PHASE II DISCOVERY MATTER
     corporation,
16                                        ORDER NO. 3, REGARDING:
                    Defendant.
17                                           (1)  MOTION OF MGA
                                          ENTERNTAINMENT, INC.,
18                                        ISAAC LARIAN AND MGA
                                          ENTERTAINMENT (HK)
19                                        LIMITED TO QUASH
                                          NON-PARTY SUBPOENAS; and
20
                                             (2)  MOTION OF MATTEL, INC.
                                          TO COMPEL PRODUCTION OF
                                          DOCUMENTS RESPONSIVE TO
                                          THE SAME NON-PARTY
                                          SUBPOENAS

Ex 7

H
ANT and
NT, INC. v.

                                                   ORDER NO. 3
                      1            [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT   7

PAGE   153

1       This Order sets forth the Discovery Master's ruling on: (1) the motion of

2   MGA Entertainment, Inc., Isaac Larian, and MGA Entertainment (HK) Limited

3   (collectively "MGA") to quash certain non-party subpoenas [Docket Number 4779]

4   and (2) the corresponding motion of Mattel, Inc. ("Mattel") to compel production of

5   documents responsive to the same non-party subpoenas [Docket Numbers 4769 and

6   4788] (collectively, the "Motions").

7       The Motions came on regularly for hearing before the Discovery Master on

8   March 4, 2009.  All interested parties were represented by counsel and afforded the

9   opportunity to present oral argument on the Motions.  The Discovery Master,

10  having considered the papers filed in support of and in opposition to the Motions,

11  and having heard oral argument thereon, rules as set forth below.

12  **I.**    **INTRODUCTION**

13

14      **A.**    **The Court's February 11, 2009 Ruling**

15      On February 11, 2009, the Court heard oral argument on various motions

16  filed by the parties.  During the proceedings, counsel took the opportunity to orally

17  request clarification by the Court regarding whether the parties' respective motions

18  relating to the subpoenas served by Mattel on various entities allegedly related to

19  MGA (the "Subpoenas") are in any way stayed or precluded by any of the Court's

20  prior orders.

21      In response, the Court stated: "I will instruct the Discovery Master this

22  afternoon, in no uncertain terms, that there is no stay on any discovery related to

23  this case at all."  (Reporter's Transcript of Proceedings, February 11, 2009 ["Tr."],

24  99:8 – 10).  Counsel for MGA then referred to the fact that the Court had

25  previously declined to allow Mattel to serve certain discovery accompanying

26  Mattel's motion for a receiver and characterized the third-party subpoenas as an

27  attempt to circumvent the Court's ruling.  (Tr., 101:12 – 17).  In response, the Court

28  stated:

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _7_

PAGE _154_

1
2
3
4
5
6
7

> Then the question becomes – and this is a question for the
> Discovery Master, not for this Court – whether or not the
> discovery is related to Phase 2.  If it is, it is.  I'm not going to
> pass any judgment whatsoever.  I'm going to leave that
> completely up to the Discovery Master. ... The question for the
> [D]iscovery [M]aster will be whether or not the disputed
> discovery request is related or relevant to the trial that has now
> been scheduled for March [2010] or not.

(Tr., 101:18 – 22; 103:1 – 3).

8
9
10
11
12
13
14
15

The Discovery Master understands the Court's ruling as indicating that, in

deciding the motions relating to the Subpoenas, the Discovery Master should

consider whether there is a nexus between the information sought by the

Subpoenas, on the one hand, and the Phase 2 claims and counterclaims set for trial

in March 2010, on the other hand.  If the information sought by the Subpoenas is, to

use the Court's words, "related to Phase 2" or "related or relevant to the [Phase 2]

trial," then that information could potentially be the subject of appropriate

discovery requests by Mattel.[1]

16

**B.     Information Sought By The Subpoenas**

17
18
19
20
21

The information sought by Mattel's Subpoenas falls into two broad

categories.  First, Mattel seeks documents from third parties Omni 808 Investors,

LLC, OmniNet Capital, LLC and Vision Capital, LLC (collectively, the "Financing

Entities") involving, among other things, their internal ownership and operations

and their role in providing financing to MGA during the summer of 2008 (the

22
23
24
25
26
27
28

---

[1] Even prior to the Court's February 11, 2009 ruling, Mattel acknowledged that it had the burden of demonstrating a nexus between the information sought by the Subpoenas and the Phase 2 issues, as demonstrated by Mattel's inclusion of a section in its Motion to Compel summarizing the claims to be adjudicated in Phase 2, (Motion, pp. 5 – 8), and a section arguing that the information sought by the third-party subpoenas is relevant to Mattel's Phase 2 claims, (Id., pp. 18 - 24 and 24 – 25).  However, Mattel also argued that the information sought might be appropriate regardless of any nexus to Phase 2.  (See id., pp. 14 – 17 [arguing that MGA's prior statements regarding its finances in Phase 1 "opened the door" to discovery on this issue] and id., p. 23 [arguing that the information sought is relevant to MGA's credibility]).  Based on the Court's subsequent ruling on February 11, 2009, as well as the Discovery Master's own independent evaluation of those arguments, the Discovery Master concludes, as discussed more fully below, that these arguments are insufficient, standing alone, to justify the non-party discovery Mattel seeks.  Rather, Mattel must demonstrate some link between the information sought and the issues to be adjudicated by the Court at the Phase 2 trial.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT   7

PAGE   115

1  "Financing Discovery"). Based on the information presented at the February 11,
2  2009 hearing and in connection with the pending motions, it does not appear that
3  either MGA Entertainment, Inc., MGA Entertainment (HK) Limited, or Larian have
4  an ownership interest in the Financing Entities.[2] (*See* Tr., 70:22 – 72:5; 78:9 -25).
5      Second, Mattel seeks documents from third parties IGWT Group, LLC and
6  IGWT 826 Investments, LLC (collectively, the "Transferee Entities") regarding
7  MGA's sale to them of infringing MGA inventory, namely Bratz dolls (the
8  "Transferee Discovery"). MGA does not dispute that the Transferee Entities are
9  owned and/or controlled by Larian. (*See, e.g.*, MGA's Reply in support of its
10 Motion to Quash, at p. 5, fn. 6, where MGA refers to the purchase of Bratz
11 inventory by the Transferee Entities as "Larian's purchase of those . . .
12 products . . . .").[3]

13 **II.    MGA's Motion To Quash**

14      Because it could dispose of all outstanding discovery issues related to the
15 Subpoenas, the Discovery Master first addresses MGA's Motion to Quash filed on
16 February 3, 2009.

17    **A.    Legal Standard**

18      As the party moving to quash the Subpoenas, MGA bears the burden of
19 satisfying the standard set forth in Rule 45(b), which provides that the court may
20 "quash or modify the subpoena if it is unreasonable and oppressive." (Fed. R. Civ.
21 P. 45(b); *see also Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir.
22 2004) ["The moving party has the burden of proof to demonstrate that compliance

---

24 [2] Of course, this is one of the facts Mattel seeks to investigate through the Subpoenas to the Financing Entities. The Discovery Master's ruling denying Mattel's Motion to Compel the Financing Parties to comply with the Subpoenas
25 does not address – and should not be construed as deciding – whether Mattel could, upon establishing a nexus to a legitimate Phase 2 issue, seek to obtain this information from MGA.

26 [3] Moreover, MGA does not dispute the assertions made by Mattel in its Motion to Compel at pp. 11– 12, including
27 that Larian created IGWT Group during the Phase 1 trial and registered its place of business as his home address, and that Larian created IGWT 826 Investments the day after the Phase 1 trial ended and registered it at the home address
28 of his sister.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT   7

PAGE   156

1   with the subpoena would be unreasonable and oppressive" (internal quotations

2   omitted)]; *Linder v. Department of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998) [The

3   burden of proving that a subpoena is oppressive is on the party moving to quash];

4   *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 21 (D.D.C. 2005) [the

5   burden is on the movant to establish that a subpoena duces tecum should be

6   quashed]). "The burden is particularly heavy to support a 'motion to quash as

7   contrasted to some more limited protection.'" (*Westinghouse Electric Corp. v. City

8   of Burlington*, 351 F.2d 762, 766 (D.C.Cir.1965) [denying a motion to quash

9   supported by two affidavits]).

10           **B.      Arguments Made By MGA In Support Of Its Motion To Quash**

11           The sole argument set forth in MGA's Motion to Quash is that the Court's

12   January 7, 2009 order appointing a forensic auditor bars Mattel from seeking the

13   information sought by the Subpoenas. (*See* MGA's Motion to Quash, pp. 1 - 6).

14   But that argument fails for the reasons set forth above. The Court made it clear at

15   the hearing on February 11, 2009 that:

16           There is no stay on discovery. Period. . . . . [The forensic auditor
             appointed by the Court] is acting at the Court's discretion to
17           inform the Court of information. . . . That's an entirely separate
             matter. And I have not stayed any discovery and there should be
18           no reliance on that. If that was misunderstood, it's clarified now.
19

20   (Tr., 97:15, 98:8 - 9, and 98:13 - 15).

21           Recognizing that its only argument has been rejected by the Court, MGA

22   argues for the first time in its Reply that its Motion to Quash should be granted

23   because the Subpoenas are not relevant to any of Mattel's Phase 2 claims. (*See*

24   MGA's Reply Brief in Support of the Motion to Quash, pp. 1 and 5 - 12).

25   However, MGA did not make this argument in its opening brief. It instead declared

26   in its moving papers that whether the Subpoenas are related to any "Phase 2 issues

27   is beside the point." (*Id.*, p. 5). Because MGA did not address the relevance of the

28   subject discovery until the filing of its Reply, the Discovery Master declines to

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  7

PAGE  157

Case 2:04-cv-09049-DOC-RNB    Document 6032-3    Filed 07/24/09    Page 25 of 66    Page ID
#:198780
Case 2:04-cv-09049-SGL-RNB    Document 4992    Filed 03/__/2009    Page 6 of 31

1    consider the argument in connection with the Motion to Quash.

2    　　The Discovery Master, like the Court,[4] disfavors the insertion of new

3    arguments at the reply stage that could have been raised in the moving papers.  A

4    party filing a motion is required to raise all of its arguments in its opening brief to

5    prevent "sandbagging" of the non-moving party and to provide opposing counsel

6    the chance to respond.  This rule is routinely adhered to by courts in the Ninth

7    Circuit.  (*See, e.g.*, *United States v. Boyce*, 148 F.Supp .2d 1069, 1085

8    (S.D.Cal.2001); *Leick v. Hartford Life and Acc. Ins. Co.,* 2007 WL 1847635 at *1,

9    n. 1 (E.D.Cal. 2007); *Stewart v. Wachowski,* 2004 WL 2980783, at *11 (C.D.Cal.

10    Sept. 28, 2004); *Hamilton v. Willms,* 2007 WL 2558615, *11 (E.D.Cal.2007); *see*

11    *also United States v. Cox,* 7 F.3d 1458, 1463 (9th Cir.1993); *United States v.*

12    *Wright,* 215 F.3d 1020, 1030 n. 3 (9th Cir.2000)).

13    　　Furthermore, MGA will not suffer any prejudice from this decision because

14    the issue it raised in its Reply (i.e., are the Subpoenas seeking information related to

15    any Phase 2 claims) has been fully briefed by the parties and is ruled upon by the

16    Discovery Master in connection with Mattel's Motion to Compel.[5]  (*See* Section III

17    below).

18    　　Accordingly, MGA's Motion to Quash is **DENIED**.

19    //

20    //

21    //

22    //

23    

24    [4] In *Bryant v. Mattel, Inc.*, 573 F.Supp.2d 1254, 1273 n.7 (C.D. Cal. 2007), the Court noted that it "ordinarily would not consider" arguments made for the first time on reply but did so only "because [undertaking the analysis did] not change [its] ultimate conclusion."

25    

26    [5] That the arguments raised in the Reply are the same as those in MGA's Opposition to the Motion to Compel is conceded by Mattel.  Indeed, Mattel admitted in its Request to Consolidate MGA's Motion to Quash and Motion to Compel (which was denied as untimely by the Discovery Master at the hearing on March 4, 2009) that the "MGA Parties' Opposition to Mattel's Motion to Compel Production of Documents Responsive to Third Party Subpoenas . . makes the same arguments as the MGA Parties' Reply in support of their Motion to Quash."  (Mattel's Request to Consolidate MGA's Motion to Quash and Mattel's Motion to Compel, p. 2).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 7

PAGE 158

III.    **Mattel's Motions To Compel**

    A.    **The Purported Procedural Defects Barring Mattel's Motions To Compel**

    MGA, the Financing Entities, and the Transferee Entities all argue that that Mattel's Motion to Compel should be denied on several different procedural grounds.

    1.    **The Court's January 7, 2009 Order**

    As an initial matter, the Transferee Entities and the Financing Entities repeat the argument made by MGA in its Motion to Quash that the Court's January 7, 2009 Order appointing a forensic auditor barred Mattel from seeking the discovery sought by the Subpoenas.  (Financing Entities' Opposition to Mattel's Motion to Compel at p. 3; Transferee Entities' Opposition to Mattel's Motion to Compel at pp. 5 - 7).  But that argument fares no better here than it did with respect to MGA's Motion to Quash and is rejected for the reasons discussed in Section II above.

    2.    **Local Rule 37**

    The Financing Entities and the Transferee Entities also argue that Mattel's Motion to Compel should be denied because Mattel failed to comply with Local Rule 37 by, among other things, failing to meet and confer and failing to file a joint stipulation.  (Financing Entities' Opposition to Mattel's Motion to Compel, pp. 1 and 7 - 10; Transferee Entities' Opposition to Mattel's Motion to Compel, p. 2 [referencing Local Rule 37 in passing]).  However, Local Rule 37 (as distinguished from Federal Rule 37, which is discussed in subsection 7a, below) does not apply to discovery disputes in this case.  Rather, the applicable procedure is the one adopted by the Court in its order appointing a discovery master dated December 6, 2006 ("Discovery Master Order").[6]  Because the Discovery Master Order provides that

---

[6] The Discovery Master Order is incorporated by reference into the Court's January 6, 2009 Order appointing a discovery master for Phase 2 of this litigation.  (*See* Court's Order dated January 6, 2009, p. 2 ["The Discovery Master will serve under the terms and conditions of the Stipulation and Order dated December 6, 2006"]).

EXHIBIT 7

PAGE 159

1    "all third parties subject to discovery requests . . . in this litigation shall be bound

2    by the terms of this Stipulation and Order," (Discovery Master Order, p. 6), that

3    order applies to the Financing Entities as well as the Transferee Entities, and its

4    procedures replace those set forth in Local Rule 37.  (*Id.*, p. 4).

### 3.    Local Rule 11-6 And Paragraph 4(b) Of The Court's Standing Order

7        The Financing Entities and MGA further argue that Mattel's Motion to

8    Compel should be denied because it exceeds the page limitations set forth in Local

9    Rule 11-6 and Paragraph 4(b) of the Court's Standing Order.  (*See* Financing

10   Entities' Opposition to Mattel's Motion to Compel, p. 9; MGA's Opposition to

11   Mattel's Motion to Compel, pp. 18 - 19).  Each of these contentions is unavailing.

12   The Discovery Master Order (not the Local Rules or the Court's Standing Order)

13   governs discovery disputes in this case, and it does not impose any page limit on

14   such motions.[7]  In fact, the Discovery Master Order dispenses with the formatting

15   requirements of the Local Rules in certain ways, such as allowing letter briefs, and

16   even permits the parties to agree to alternative procedures, including, presumably,

17   filing briefs that are more than 25 pages in length.  (*See* Discovery Master Order, p.

18   4).  Thus, while the Discovery Master encourages the parties to be as efficient as

19   possible in their briefing, he recognizes that briefs in excess of 25 pages are either

20   directly permitted under the Discovery Master Order (since no page limitation was

21   imposed by the Court) or implicitly allowed (since the parties may agree to

22   alternate procedures).  He further recognizes that the complex nature of this case

23   may periodically necessitate the filing of briefs that exceed 25 pages.[8]  For all of

---

[7] Even assuming the 25 page limitation for briefs did apply, Mattel had the option of filing separate motions to compel for each of the subpoenas at issue and could have easily extended the page limitation well beyond the 30 pages it filed in connection with its combined motion that addressed multiple subpoenas propounded on the Transferee Entities and the Financing Entities.

[8] In fact, the parties to this lawsuit have filed multiple discovery motions in this case that contained more than 25 pages.  (*See* Supplemental Declaration of Jon D. Corey in Support of Mattel, Inc.'s Reply in Response to The MGA Parties' Opposition to Motion to Compel, ¶ 7).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __7__

PAGE __160__

1    these reasons, filings in excess of 25 pages are permitted.[9]

2          **4.    Local Rule 6-1**

3         The Financing Entities argue in passing that Mattel's motion to compel

4    should be denied because it violates Local Rule 6-1. (Financing Entities'

5    Opposition to Mattel's Motion to Compel, p. 6).    However, the Discovery Master

6    Order adopts a completely different set of deadlines than the Local Rules for the

7    filing of motions, oppositions and replies, and a different schedule for noticing

8    hearing dates. (Discovery Master Order, p. 4).  Therefore, Local Rule 6-1 has no

9    applicability here.

10         **5.    Failure To Name MGA In The Motion To Compel**

11        MGA next argues that Mattel's motion to compel is procedurally improper

12   because MGA was not named in the Motion to Compel and Mattel should not be

13   allowed to respond to MGA's objections.  (MGA's Opposition to Mattel's Motion

14   to Compel, p. 18).  But MGA has cited no legal authority, and the Discovery

15   Master has found none, standing for the proposition that a party must name in its

16   motion to compel all parties who have objected to an underlying subpoena even if

17   they are not actually the target of the subpoena.  In fact, the contention that Mattel's

18   Motion to Compel should have been brought against MGA makes no sense given

19   that it could not possibly comply with any order compelling a response to the

20   Subpoenas.

21         **6.    Mattel's Separate Statement**

22        MGA also contends that Mattel's Motion to Compel should be denied

23   because its' separate statement "is another classic example of . . . inefficiency."

24   (*Id.*, p. 19). Once again, nothing in the Discovery Master Order prevents a party

25   from filing a separate statement that first identifies the request in dispute and then

26

27   ————————————————

[9] In the event the length of briefs ever becomes excessive, the Discovery Master will issue an order setting a specific

28   page limitation.

Arent Fox LLP
Attorneys At Law
Los Angeles

-9-

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  7

PAGE  161

1   sets forth the various contentions of the parties, even if the information regarding

2   the various requests happens to be repetitive.  Regardless, MGA has not cited any

3   legal authority in support of its position and the Discovery Master finds no reason

4   to dispose of Mattel's Motion to Compel merely because it filed a separate

5   statement that contains duplicative arguments.[10]

6               **7.    Meeting And Conferring**

7          As their final procedural argument in opposition to the Motion to Compel,

8   the Transferee Entities and the Financing Entities assert that the motion should be

9   denied because Mattel failed to adequately meet and confer prior to filing the

10  motion.  (Financing Entities' Opposition to Mattel's Motion to Compel, pp. 7 - 8;

11  Transferee Entities' Opposition to Mattel's Motion to Compel, pp. 2 - 5).

12              **a.    Applicable Procedure**

13         Prior to filing its motion to compel, Mattel had an obligation to comply with

14  both the Federal Rules of Civil Procedure and the Discovery Master Order.  Federal

15  Rule of Civil Procedure 37(a) expressly requires that a party filing a motion to

16  compel discovery first meet and confer in "good faith."  (Fed. R. Civ. Proc. 37(a)).

17  Similarly, the Discovery Master Order states that unless an "alternative procedure"

18  is agreed upon or otherwise ordered by the Discovery Master, the

19              moving party shall first identify each dispute, state the relief
            sought, and identify the authority supporting the requested relief
20          in a meet and confer letter that shall be served on all parties by
            facsimile or electronic mail.  The parties shall have five court
21          days from the date of service of that letter to conduct an in-person
            conference to attempt to resolve the dispute.  If the dispute has
22          not been resolved within five court days after such service, the
            moving party may seek relief from the Discovery Master by
23          formal motion or letter brief . . .

24  (Discovery Master Order, p. 4).

25  //

26

27  ───────────────────
    [10] The Discovery Master notes that where there are numerous discovery requests in dispute he would prefer for a
28  separate statement to be submitted by the moving party.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _7_

PAGE _162_

b.     **Mattel's Meet And Confer Regarding The Financing Entities**

In challenging Mattel's meet and confer effort, the Financing Entities first claim that Mattel violated the Discovery Master Order because no "in-person meeting occurred." (Financing Entities' Opposition to Mattel's Motion to Compel, p. 8). But that argument is without merit, since Mattel and the Financing Entities agreed to an alternative procedure that disposed of the in-person meet and confer requirement.[11] Indeed, MGA's counsel sent counsel for Mattel, counsel for the Transferee Entities and counsel for the *Financing Entities* a letter on January 23, 2009 memorializing the parties' agreement and establishing a schedule whereby the parties would "meet and confer on January 29 and 30 . . ." (Mattel's Reply in Support of its Motion to Compel filed on February 13, 2009, pp. 9 - 10; Supplemental Declaration of Jon D. Corey in Support of Mattel's Reply to the Motion to Compel filed on February 13, 2009, ¶ 4 and Ex. 2). That the Financing Entities' counsel received this letter and acted in accordance with its terms is evidenced by, among other things, the fact that they served objections to the Subpoenas on January 28, 2009 (which was the deadline specified in the January 23 letter) and started meeting and conferring with Mattel's counsel telephonically on January 30. (Financing Entities' Opposition to Mattel's Motion to Compel, pp. 3 and 4). Accordingly, Mattel did not have any obligation to meet with the Financing Entities in person since the parties had agreed to waive that obligation.

Nevertheless, Mattel still had an obligation to meet and confer with the Financing Entities in good faith. Good faith cannot be shown merely through perfunctory efforts; rather Federal Rule of Civil Procedure 37 mandates a genuine attempt to resolve the discovery dispute through non-judicial means. (Fed. R. Civ.

---

[11] To promote efficiency and minimize the necessity for counsel to travel between their respective offices, the Discovery Master shall deem Paragraph 5 of the Discovery Master Order (mandating that the parties have an in person conference to attempt to resolve discovery disputes) to be sufficiently satisfied if the parties and non-parties involved in a discovery dispute meet and confer telephonically or by video conference. However, the Discovery Master emphasizes that this accommodation in no way lessens the parties' obligation to meet and confer in good faith.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __7__

PAGE __163__

1   Proc. 37(a)(1)).

2        Because the evidence and declarations submitted by Mattel and the Financing

3   Entities are in conflict regarding what transpired during their respective meet and

4   confer communications, (*Cf.* Financing Entities' Opposition to Mattel's Motion to

5   Compel, pp. 3 – 5; Mattel's Reply Brief in Support of its Motion to Compel filed on

6   February 13, 2009, pp. 9-10), the Discovery Master gives Mattel the benefit of the

7   doubt and concludes that it adequately met and conferred with respect to Omni 808

8   Investors, LLC and Vision Capital, LLC.

9        By contrast, Mattel arguably did not even begin the meet and confer process

10  with OmniNet Capital, LLC prior to filing its motion to compel, because counsel

11  for the Financing Entities informed Mattel that they did not receive that Subpoena

12  until the afternoon of February 2, 2009 and filed objections to the Subpoena on that

13  date.  (Financing Entities' Opposition to Mattel's Motion to Compel at p. 5).  No

14  "good faith" meeting could therefore have taken place.

15       Although the meet and confer with respect to OmniNet Capital, LLC was

16  inadequate, the Discovery Master will nonetheless address the merits of Mattel's

17  Motion to Compel in all respects, including concerning the Subpoena served on

18  OmniNet Capital, LLC.  The Discovery Master does so for purposes of efficiency

19  (i.e., the issues to be decided regarding the subpoena served on OmniNet Capital,

20  LLC are essentially identical to those that must be addressed in connection with the

21  subpoenas served on Omni 808 Investors, LLC and Vision Capital, LLC) and

22  because addressing the merits of the motion does not alter the outcome.[12]

23              c.      **Mattel's Efforts To Meet And Confer Regarding The**

24                      **Transferee Entities**

25       Like the Financing Entities, the Transferee Entities contend that Mattel's

26  motion to compel should be denied because it did not meet and confer in good faith.

27

28  _____
    [12] As noted above, the parties are admonished to abide by the provisions of the Discovery Master Order requiring a good faith attempt to meet and confer regarding discovery disputes prior to the filing of any discovery motion.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  7

PAGE  164

1    (Transferee Entities' Opposition to Mattel's Motion to Compel, pp. 2 - 5).  Yet, the

2    Transferee Entities concede that their counsel engaged in multiple meet and confer

3    teleconferences.  (*Id.* at pp. 3 - 4).  Several emails and letters were also exchanged

4    between the parties as part of the meet and confer process.  (*Id.*).  In light of these

5    interactions, the Discovery Master again gives Mattel the benefit of the doubt in

6    favor of resolving the issues on the merits and concludes that it adequately met and

7    conferred with the Transferee Entities.

8         **B.    Legal Standard Governing Enforcement Of The Subpoenas**

9         Federal Rule of Civil Procedure 26(b)(1) provides for discovery in civil

10   actions of "any matter, not privileged, which is relevant to the subject matter

11   involved . . . . The information sought need not be admissible at the trial if the

12   information sought appears reasonably calculated to lead to the discovery of

13   admissible evidence."  Rule 26(b) is liberally interpreted to permit wide-ranging

14   discovery of all information reasonably calculated to lead to discovery

15   of admissible evidence; but the discoverable information need not be admissible at

16   the trial. (*Jones v. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248,

17   250 (D.Kan.1993)).

18        The broad scope of discovery described in subsection (b)(1) is tempered by

19   provisions protecting the responding party from undue burden.  Rule 26(b)(2)

20   provides that the frequency or extent of discovery otherwise allowed by the Rules

21   must be limited if the court determines that "(i) the discovery sought is

22   unreasonably cumulative or duplicative, or is obtainable from some other source

23   that is more convenient, less burdensome, or less expensive; (ii) the party seeking

24   discovery has had ample opportunity by discovery in the action to obtain the

25   information sought; or (iii) the burden or expense of the proposed discovery

26   outweighs its likely benefit, taking into account the needs of the case, the amount in

27   controversy, the parties' resources, the importance of the issues at stake in the

28   litigation, and the importance of the proposed discovery in resolving the issues."

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 13 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___7___

PAGE ___165___

Case 2:04-cv-09049-DOC-RNB    Document 6032-3    Filed 07/24/09    Page 33 of 66    Page ID
#:198788
Case 2:04-cv-09049-SGL-RNB    Document 4992    Filed 03/../2009    Page 14 of 31

1    Moreover, the Federal Rules distinguish between discovery from non-parties

2    to a lawsuit (governed under Rule 45) and discovery from parties (governed

3    generally by Rule 26), based in part on the recognition that the former is inherently

4    more burdensome and less convenient than the latter.  (*See, e.g., Solarex v. Arco*

5    *Solar, Inc.*, 121 F.R.D. 163, 179 (E.D.N.Y. 1988) [The status of a non-party is

6    significant when determining whether compliance with a discovery demand would

7    constitute an undue burden]; *Katz v. Batvia Marine and Sporting Supplies, Inc.*, 984

8    F.2d 422, 424 (Fed. Cir. 1993) [The fact that discovery is sought from a non-party

9    is one factor that the Court may weigh in determining whether the discovery

10    requested is necessary, relevant, or burdensome].  Courts applying Rules 26 and 45

11    have interpreted these rules to afford non-parties special heightened protection

12    against burdensome discovery.  (*See, e.g., Exxon Shipping Co. v. U.S. Dept of*

13    *Interior*, 34 F.3d 774, 779 (9th Cir. 1994)).

14    Accordingly, requests for documents that pertain to a party and that can be

15    more easily and inexpensively obtained from that party also impose an undue

16    burden.  (*Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005)).

17    Further, if the documents sought are neither relevant nor calculated to lead to the

18    discovery of admissible evidence, "then any burden whatsoever imposed upon the

19    non-party would be by definition undue."  (*Compaq Computer Corp. v. Packard*

20    *Bell Electronics, Inc.*, 163 F.R.D. 329, 335-336 (N.D.Cal. 1995)).

21    Each of the moving parties bears the burden of establishing the basis for the

22    relief it seeks.  As the party moving to compel compliance with the Subpoenas,

23    Mattel bears the burden of "establishing that the information sought is relevant and

24    necessary to its lawsuit."  (*Cytodyne Technologies, Inc. v. Biogenic Technologies,*

25    *Inc.*, 216 F.R.D. 533, 534 (M.D.Fla. 2003)).

26    Finally, in deciding whether to enforce a subpoena, the Discovery Master

27    must balance "the relevance of the discovery sought, the requesting party's need,

28    and the potential hardship to the party subject to the subpoena."  (*Heat & Control,*

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  7

PAGE  166

Case 2:04-cv-09049-DOC-RNB   Document 6032-3   Filed 07/24/09   Page 34 of 66   Page ID
#:198789
Case 2:04-cv-09049-SGL-RNB      Document 4992      Filed 03/16/2009      Page 15 of 31

1   *Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1024 (Fed.Cir.1986) citing

2   *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 560, 564 (7th Cir.1984)).

3       **C.**    **Mattel's Contention That MGA Has Placed Its Finances At Issue**

4          As its first ground for moving to compel production of the documents sought

5   by the Subpoenas, Mattel argues that MGA has misrepresented its finances, thereby

6   making it necessary and appropriate for Mattel "to obtain an accurate understanding

7   of MGA's and Larian's finances." (Motion to Compel, p. 14). According to

8   Mattel, MGA's supposed misrepresentations have placed its financial condition at

9   issue, and have opened the door to discovery of any information bearing on MGA's

10  finances. (*Id.* ["Discovery on MGA's financials is amply warranted by MGA's

11  own statements *alone.*"] (emphasis added)).

12         However, after Mattel filed its Motion, the Court made it clear that the

13  validity of the Subpoenas must be evaluated with reference to whether they relate to

14  the matters to be adjudicated in Phase 2. As the Discovery Master understands the

15  Court's ruling, the Subpoenas cannot be justified merely because they seek

16  information regarding some contention made during Phase 1, without regard to

17  Phase 2. In other words, putting a fact at issue in Phase 1, cannot, standing alone,

18  suffice to render that fact the proper subject of discovery in Phase 2.

19         Thus, to the extent Mattel's first argument asserts that MGA's statements,

20  standing alone, warrant discovery from the Subpoena recipients, that argument is

21  rejected. Rather, the Discovery Master will evaluate whether discovery of MGA's

22  finances is warranted in light of the issues to be adjudicated in Phase 2.

23         Further, even if Mattel were not required to demonstrate some nexus between

24  the Subpoenas and the issues to be adjudicated in Phase 2, the argument that the

25  Subpoenas are justified because MGA placed its financial condition at issue would

26  still fail for the simple reason that Mattel is not seeking discovery from MGA but

27  rather *non- parties*. Mattel does not cite any statements or conduct by the

28  //

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -

1    Financing Entities putting their financial affairs at issue in this litigation.[13]

2    Rather, Mattel argues that the statements and conduct of *MGA* should be attributed

3    to the Financing Entities and construed as their consent to discovery of their

4    internal financial affairs.  Such an assumption is unwarranted.

5       **D.    Mattel's Contention That The Subject Discovery Is Relevant To**

6           **Phase 2**

7           **1.    Subpoenas To The Financing Entities**

8    Mattel next argues that the Subpoenas to the Financing Entities seek

9    information relevant to a variety of Phase 2 issues.[14]

10          **a.    Mattel's RICO Counterclaim**

11    Mattel first asserts in its Motion to Compel that the discovery it seeks is

12   relevant to its RICO counterclaim because "Mattel alleges that the counter-

13   defendants have operated a widespread criminal enterprise that has engaged in

14   numerous acts of mail and wire fraud and other predicate acts in violation of the

15   RICO statute" and that "MGA's mid-trial transactions with Omni 808 and the other

16   non-operating entities" is "a continuation of that pattern of racketeering activity."

17   (Motion, p. 18).

18

---

19   [13] In its Reply to the Financing Entities' Opposition to its Motion to Compel, Mattel argues that the Financing
     Entities (referred to by Mattel as the "Omni Parties") have injected themselves into the litigation because one of

20   them, Omni 808 Investors, LLC, applied to intervene. (Reply, p. 8).  However, a decision on that application has
     been deferred by the Court, (Tr., 80:15 – 17), and therefore Omni 808 Investors, LLC and the other Financing

21   Entities remain outsiders to the litigation entitled to the heightened protection from discovery normally afforded non-
     parties.

22   [14] Mattel argues in one of its reply briefs filed on February 25, 2009 that the Discovery Master should strike MGA's

23   Opposition to the Motion to Compel because: (1) MGA indicated that it would not be filing an Opposition and
     (2) the Opposition was filed a week late.  (*See* Mattel's Reply in Response to MGA's Opposition to the Motion to

24   Compel, p. 4).  The Discovery Master declines that request.  The assertion that MGA would not file an Opposition is
     based on an alleged oral conversation which counsel for Mattel apparently did not confirm in writing.  (*See*
     Supplemental Declaration of Jon D. Corey in Support of Mattel's Reply in Response to MGA's Opposition to the

25   Motion to Compel, ¶ 4).  Even assuming such a statement had been made, MGA was entitled to change its mind.  As

26   for Mattel's argument that the Opposition was untimely, the Discovery Master notes that he was only recently
     appointed.  This fact combined with the backlog of discovery motions may have resulted in some confusion as to

27   when various briefs were due to be filed.  The Discovery Master prefers to address issues on the merits and declines
     to strike the Opposition as untimely.  Notwithstanding the foregoing, the Discovery Master urges the parties to

28   strictly comply with the briefing schedule set forth under the Discover Master Order for all future discovery motions
     unless an alternative procedure is agreed upon by the parties and approved by the Discovery Master or the Court.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

                                                      ORDER NO. 3
                          - 16 -          [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _7_

PAGE _168_

1    But Mattel's allegations in support of its RICO counterclaim turn on

2    misappropriation of trade secrets and confidential information, and make no

3    mention of improper transfers of funds or any other predicate act similar to MGA's

4    purported business transactions with any of the Financing Entities.[15]   Accordingly,

5    these financial transactions are not a "continuation" of the "pattern" of conduct

6    Mattel alleges in very precise detail in its RICO counterclaim.  (*Asdourian v.*

7    *Konstantin*, 77 F. Supp. 2d 349, 358 (E.D.N.Y. 1999) [cited by Mattel and stating

8    RICO claimant must show "[a]n interrelationship between acts, suggesting the

9    existence of a pattern, [which] may be established...[by] proof of their temporal

10   proximity, or common goals, or similarity of methods, or repetitions' (citation

11   omitted)]; *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 238-39 (1989) [RICO claims

12   must be supported by a "pattern" of activity and "the mere fact that there are a

13   number of predicates is no guarantee that they fall into any arrangement or order.

14   A pattern is not formed by sporadic activity ...  Instead, the term 'pattern' itself

15   requires the showing of a relationship between the predicates" (quotations and

16   internal citations omitted)]).

17       At this stage, Mattel has failed to demonstrate a relationship between the

18   predicate acts alleged by Mattel in its Counterclaims – which were bound together

19   by a purported scheme to misappropriate Mattel's trade secrets – and the

20   //

21   //

22   //

---

23   [15] *See* Mattel's Second Amended Answer and Counterclaims ("Counterclaims"), p. 55-62, ¶ 90 [alleging the MGA
24   Parties and other counter-defendants "for the purpose of executing and attempting to execute the scheme to
     improperly defraud Mattel and steal its trade secret or otherwise confidential and proprietary information" committed
     various predicate acts], ¶ 91 [alleging the MGA Parties and other counter-defendants "shared the common purpose of
25   enabling MGA to obtain confidential, proprietary and otherwise valuable Mattel property through improper means in
     order to assist MGA in illegally competing with Mattel"], ¶ 92 [alleging the enterprises are continuing enterprises
26   because they are "designed to and did unlawfully acquire the confidential business information and property of
     Mattel and incorporated this information and property into MGA's ongoing business, marketing strategies and
27   business methods, practices, and processes"], ¶ 93(a) [alleging mail fraud committed in furtherance of scheme to
     "defraud Mattel of its confidential trade secret information and property"], ¶ 93(b) [alleging wire fraud "defraud
28   Mattel of its confidential and trade secret information and property"], and ¶ 102 [the MGA Parties and other counter-
     defendants "schemed to defraud Mattel and steal its property and trade secret information"].

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 17 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 7

PAGE 169

Case 2:04-cv-09049-DOC-RNB    Document 6032-3    Filed 07/24/09    Page 37 of 66    Page ID
#:198792
Case 2:04-cv-09049-SGL-RNB    Document 4992    Filed 03/16/2009    Page 18 of 31

1    transactions Mattel seeks to investigate here.[16]

2         Also, the RICO counterclaim (like the other counterclaims to be adjudicated

3    in Phase 2) was asserted in July, 2007 – more than a year before either Omni 808

4    Investors, LLC or Vision Capital, LLC came into existence – and therefore

5    apparently did not encompass the activities of those entities or the transactions

6    which are the subject of the Financing Discovery.  While that fact might be

7    overcome by a showing that the Financing Entities were created or used to further a

8    scheme to carry on misconduct that is the subject of Phase 2, Mattel did not

9    demonstrate that such is the case in its briefs and supporting evidence.

10        In sum, absent some argument or evidence demonstrating a nexus between

11   the predicate activities alleged in the RICO counterclaim, on the one hand, and the

12   transactions and other matters which are the subject of the Financing Discovery, on

13   the other hand, there has been no showing by Mattel that the Subpoenas to the

14   Financing Entities are reasonably calculated to lead to the discovery of admissible

15   evidence regarding the RICO counterclaim.

16             **b.    Mattel's Disgorgement Remedy**

17        Next, Mattel asserts that the Subpoenas to the Financing Entities seek

18   information relevant to its remedy of disgorgement, which is an available remedy

19   for Mattel's Phase 2 counterclaim for misappropriation of trade secrets.  Mattel

20   argues:

21

22   [16] This conclusion is consistent with the case cited by Mattel – *Eastman Kodak Co. v. Camarata*, 238 F.R.D. 372
     (W.D.N.Y. 2006).  There, the plaintiffs "asserted broad civil RICO claims against the Nicolo defendants predicated,
23   among other violations, upon alleged money laundering violations.  Specifically, the Complaint alleges that the
     Nicolo defendants and the other named defendants constituted an enterprise as defined in the RICO statute that was
24   engaged in a pattern of racketeering activity, including mail and wire fraud and, more importantly for purposes of
     this motion, money laundering." (*Id.*, at 375).  "The alleged money laundering consisted of repeated deposits into
25   various financial institutions in order both to promote and carry on the unlawful activity – that is, by paying and
     depositing kickbacks to certain members of the enterprise – and to conceal and attempt to conceal the proceeds, their
26   nature, source and location – that is, by transferring funds between defendants and between various accounts
     maintained by those defendants." (*Id.* [emphasis added]).  Thus, inquiry into the defendants' finances was
27   appropriate as it was likely to reveal activity related to the alleged predicate acts.  Here, on the other hand, Mattel has
     not alleged any sort of financial scheme which would support inquiry into the MGA Parties' financial transactions
28   with third parties.

EXHIBIT 7

PAGE 170

1   For purposes of establishing disgorgement, Mattel must take into
2   account money transferred from MGA and Isaac Larian,
    regardless of the manner in which it was transferred.  Mattel is
3   entitled to discovery that shows all assets siphoned from MGA or
    Isaac Larian . . . . By these subpoenas, Mattel seeks evidence to
4   prove the amount the defendants must disgorge.  Money that
5   properly belonged to Mattel was transferred from MGA or Isaac
    Larian to an entity controlled by them.
6

7   (Motion, pp. 20:1 – 4, 21:12 – 14).

8       While the foregoing statements may be true as a general proposition, none of

9   the Financing Entities is alleged to have "received money that properly belonged to

10  Mattel."  To the contrary, Mattel asserts that the Financing Entities are creditors of

11  MGA.  Therefore, Mattel has not demonstrated how any of the categories of

12  documents sought from the Financing Entities would aid it in ascertaining the

13  amount defendants must disgorge.

14              c.      **Phase 2 Damages**

15      Mattel's third argument in favor of enforcement of the Subpoenas is that they

16  "seek documents relevant to MGA's financial condition" and other "factors

17  relevant to an award of punitive damages."  (Motion to Compel, p. 21:19 – 22).

18  Depending on the particular scope of the document request, such discovery from

19  Omni 808 Investors, LLC may be appropriate in connection with Phase 2 because

20  any information evidencing MGA's indebtedness to Omni 808 Investors, LLC from

21  the purchase of the alleged Wachovia debt or direct loans to MGA is relevant to

22  MGA's net worth (and hence punitive damages).[17]  As the Court noted in its

23  February 11, 2009 ruling:

24      I can see tremendous overlap between, for example, discovery on

25  ───────────────────────
    [17] The Discovery Master's analysis is fundamentally different for OmniNet Capital, LLC and Vision Capital, LLC
26  because neither entity is alleged by Mattel to be a creditor of MGA Entertainment, Inc.  (Motion to Compel, pp. 9
    and 10).  To the contrary, Mattel concedes that "OmniNet [Capital, LLC] is not the secured party, and thus
27  presumably not the actual debt purchaser/lender.  Rather, the company holding the security interest is Omni 808
    [Investors, LLC] . . . [which] appears to be owned funded by a company called Vision Capital, LLC."  (Id.)  Because
    it admits that OmniNet Capital, LLC and Vision Capital, LLC are not creditors of MGA, Mattel has failed to show
28  that the information sought from those entities has any bearing on MGA's financial condition.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
                                    - 19 -        ORDER NO. 3
                                                  [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  7

PAGE  171

1      financial condition of the company as it relates to damages in the Phase 2 and also issues that the receiver is looking at. And

2      without making a ruling on any of this, I would not suggest for a moment that these are mutually exclusive categories.

3      (Tr., 101:3 - 8)

4          Mattel argues that the necessary connection between the Financing

5      Discovery and Phase 2 damages exists because the Financing Entities have acquired

6      a security interest in MGA's assets, which, in turn, affects MGA's financial

7      condition. Specifically, Mattel argues that Omni 808 Investors, LLC is:

8

9          directly involved in providing funding to MGA in exchange for a security interest. Such funding, and security interests, are in and

10          of themselves directly relevant to the financial condition of the MGA Parties, including the amount of the security interests, the

11          terms and conditions of the funding, and the rate of funding. . . .

12      (Motion to Compel, p. 22: 13 – 17).

13          The Discovery Master agrees that such limited information, as it relates to

14      the purchase by Omni 808 Investors, LLC of the debt obligation previously held by

15      Wachovia Bank, is reasonably calculated to lead to the discovery of admissible

16      evidence concerning Phase 2 issues, including the calculation of MGA's net worth

17      for purposes of calculating punitive damages.[18] Accordingly, Mattel's motion to

18      compel responses from Omni 808 Investors, LLC is granted with respect to

19      documents relating to (1) the existence of any debt owed by MGA Entertainment,

20      Inc. to Omni 808 Investors, LLC and (2) any communications between Omni 808

21      Investors, LLC and the MGA parties regarding any such indebtedness.

22          The problem, however, is the vast majority of the document requests set forth

23      in the Subpoena propounded on Omni 808 Investors, LLC are not narrowly tailored

24      to obtain information demonstrating the amount and nature of MGA's indebtedness

25      (and hence net worth) or communications regarding any such debt,[19] but instead

---

26    [18] During oral argument, counsel for MGA represented (and counsel for Mattel seemed to agree) that the Court

27    deferred discovery regarding the Wachovia debt until the middle of the Phase I trial. (Reporter's Transcript of Proceedings, March 4, 2009, pp. 72, 85 and 86). The extent to which that damages information was obtained directly from Wachovia, as opposed to MGA, is not clear from the record provided to the Discovery Master.

28    [19] Nor did Mattel move to compel MGA to produce this information in the first instance.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 20 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 7

PAGE 172

1   would require the Financing Entities to produce virtually every document in their

2   possession regarding their formation, operations, and history of transactions.

3   Among other things, the Subpoenas to the Financing Entities seek:

4   •   All records that "substantiate transfers of assets" by the Financing

5       Entities "to other entities, individuals, and/or parties, within the U.S.

6       and outside of the U.S." (Exhibits 27-29 to Supplemental Declaration

7       of Jon D. Corey In Support Of Mattel, Inc.'s Reply In Support Of

8       Motion To Compel Production of Documents Responsive to Third-

9       Party Subpoenas, Attachment A, ¶ 16);

10  •   All documents "detailing or setting forth the relationship" between

11      each of the Financing Entities and other non-parties (*Id.* at ¶¶ 6-10);

12  •   All documents referring or relating to the "all contributions, loans and

13      any sources of funding" for the Financing Entities (*Id.* at ¶ 13);

14  •   All documents referring or relating to the "source of funding" of other

15      non-parties (*Id.* at ¶ 16);

16  •   All documents showing detail of "all loan facilities" referring or

17      relating to the Financing Entities and other non-parties (*Id.* at ¶ 14);

18  •   All documents referring or relating to "transactions involving any

19      compensation, loans, advances, payments, fees or any other form of

20      consideration" paid to other non-parties (*Id.* at ¶ 15);

21  •   All "communications" referring or relating to the Financing Entities

22      and other non-parties (*Id.* at ¶ 17).

23      Accordingly, the Discovery Master concludes that most of the categories of

24  documents in the Subpoenas are overbroad and not reasonably calculated to lead to

25  the discovery of admissible evidence with respect to Phase 2 issues, as detailed in

26  Section IV below (entitled "Disposition").

27  //

28  _____

EXHIBIT 7

PAGE 173

Case 2:04-cv-09049-DOC-RNB    Document 6032-3    Filed 07/24/09    Page 41 of 66    Page ID
#:198796
Case 2:04-cv-09049-SGL-RNB    Document 4992    Filed 03/10/2009    Page 22 of 31

### d.    Credibility Of MGA Witnesses

Mattel's fourth argument consists of a single, conclusory paragraph asserting that it is entitled to its discovery in order to determine the credibility of MGA's witnesses. To support this argument, Mattel first states that information is discoverable "if it relates to 'the credibility of any witness.'" (Motion to Compel, p. 23 (citing *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997)).[20] Next, Mattel asserts that "MGA and Larian made statements under oath about their financial condition as well as about the role of Omni 808 and the other non-operating entities in providing MGA with additional funding." (*Id.*) But that is the full extent of Mattel's argument. Mattel does not attempt to show that the specific discovery that it has propounded is reasonably calculated to lead to the discovery of the evidence that it contends would be admissible.

Discoverable information generally includes evidence relevant to the credibility of a party or a key witness. (See *Paulsen v. Case Corp.*, 168 F.R.D. 285, 287-288 (C.D. Cal. 1996); see also *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 603-604 (C.D. Cal. 1995); *U.S. v. City of Torrance*, 164 F.R.D. 493, 495 (C.D. Cal. 1995)). If Mattel's discovery were reasonably calculated to lead to the discovery of such information, then it might be permissible. (*Id.* ["Rule 26 is liberally interpreted to permit wide ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence."]) But Mattel has not taken any steps to connect its discovery to such evidence. As discussed above, Mattel bears the burden of demonstrating that its discovery is reasonably calculated to lead to the discovery of admissible evidence. Here, Mattel has only stated that credibility evidence can be admissible and that credibility is at issue in this case – without referring at all to specific categories of documents in the Subpoenas or

---

[20] The Discovery Master notes that the case cited by Mattel does not actually discuss or apply this proposition.

EXHIBIT __7__

PAGE __174__

Case 2:04-cv-09049-DOC-RNB   Document 6032-3   Filed 07/24/09   Page 42 of 66   Page ID
#:198797
Case 2:04-cv-09049-SGL-RNB      Document 4992      Filed 03/10/2009      Page 23 of 31

1    linking those categories of documents to prior or anticipated testimony of MGA's

2    witnesses.  Simply stating that credibility evidence is discoverable does nothing

3    toward meeting Mattel's burden to demonstrate that the particular discovery at issue

4    here is reasonably calculated to lead to the discovery of such evidence.

### e.    MGA's Unclean Hands

6           Mattel next argues in its Motion to Compel that MGA has asserted an

7    unclean hands defense in response to Mattel's Phase 2 claims, and consequently

8    Mattel is entitled to discover whether the MGA Parties are currently "engaging in

9    sham and fraudulent financial transactions such as concealing profits" to preclude

10   MGA "from invoking the unclean hands defense themselves." (Motion, pp. 23 -

11   24.)  But this argument does not apply to the Financing Entities because, as

12   discussed above, Mattel does not claim that the Financing Entities have "received

13   money that properly belonged to Mattel" or otherwise used those entities to conceal

14   profits.  To the contrary, Mattel asserts that the Financing Entities are creditors of

15   MGA.

16          Regardless, Mattel's theory is that, even if Mattel has unclean hands, MGA

17   may not assert that defense unless MGA itself is blameless.  (*Id.*, at 24 [a "party

18   asserting an equitable defense, however, must itself have 'clean hands.'"]).

19   Mattel's statement of the law is correct as far as it goes.  But, as the Ninth Circuit

20   has stated, "'unclean hands does not constitute 'misconduct in the abstract,

21   unrelated to the claim to which it is asserted as a defense.'" (*Jarrow Formulas, Inc.

22   v. Nutrition Now, Inc.*, 304 F.3d 829, 841 (9th Cir. 2002)).  "It is fundamental to

23   [the] operation of the doctrine that the alleged misconduct . . . relate directly to the

24   transaction concerning which the complaint is made." (*Dollar Sys., Inc. v. Avcar

25   Leasing Sys., Inc.* 13 F.2d 165, 173 (9th Cir. 1989)).  Accordingly, courts will not

26   allow discovery based on an unclean hands defense where the "allegations of

27   misconduct do not relate to the transactions... forming the basis for the

28   []complaint." "(*Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 952 (S.D.Cal.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 23 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 7
PAGE 175

1   1996)).

2         Here, Mattel does not link any of the categories of documents referenced in

3   the Subpoenas (which involve the creation and operation of the Financing Entities

4   beginning with their formation in the summer of 2008) to any of the conduct at

5   issue in Phase 2 (which involves such matters as the alleged theft of trade secrets in

6   Mexico in 2004 and other conduct unrelated to the relationship between the

7   Financing Entities and MGA).  Accordingly, the Financing Discovery is not

8   reasonably calculated to lead to the discovery of admissible evidence regarding

9   MGA's alleged unclean hands in connection with the matters to be adjudicated in

10   Phase 2.

11         **f.   Mattel's Unfair Competition Counterclaim**

12         As Mattel acknowledges, California's Unfair Competition Law, Business &

13   Professions Code §§ 17200 et seq. (the "Unfair Competition Law") encompasses

14   "'anti–competitive business practices as well as injuries to consumers, and has as a

15   major purpose the preservation of fair business competition.'"  (Opp. at 24:25 –

16   25:2, quoting *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone

17   Co.* (1999) 20 Cal.4th 163, 180)).  However, Mattel's papers do not sufficiently

18   demonstrate that the documents sought from the Financing Entities involve "anti-

19   competitive business practices," "injuries to consumers," or anything affecting

20   consumers or the public at all.  Instead, Mattel simply asserts, without any

21   supporting analysis, that MGA has violated the Unfair Competition Law by

22   "manipulating the sources of [its own] funding" (presumably the Financing

23   Entities).  That allegation, even if true, does not appear to involve the "unlawful,

24   unfair or fraudulent" marketing or sale of anything and therefore does not fall

25   within the ambit of the Unfair Competition Law.

26   //

27   //

28   //

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 24 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _7_

PAGE _176_

1            **g.    Summary Of The Discovery Master's Findings With**

2                 **Respect To The Subpoenas Directed To The Financing**

3                 **Entities**

4        For the foregoing reasons, the Discovery Master finds that, based on the

5    record before him, Mattel has failed to sufficiently articulate the necessary

6    connection between most of the Financing Discovery and any Phase 2 issue.

7    Moreover, while there is a connection between the Financing Discovery and some

8    of the Phase 2 issues referenced (i.e., MGA's financial condition and its bearing on

9    Mattel's claim for punitive damages), Mattel has failed to demonstrate that the

10    Subpoenas meet the standard set forth in Rule 26(b)(2) and that all of the requested

11    discovery is permissible in light of the case law interpreting Rules 26 and 45.

12        Accordingly, Mattel's motion to compel the Financing Entities to comply

13    with the Subpoenas is **GRANTED** in part and **DENIED** in part.

14        **2.    Subpoenas To The Transferee Entities**

15        In their briefs regarding the enforceability of the Subpoenas, Mattel and

16    MGA do not, as a general rule, make a distinction between the Financing Entities

17    and the Transferee Entities, but rather direct the same arguments to both groups

18    collectively.  However, there are important distinctions between the two groups,

19    including, without limitation, that: (1) the Transferee Entities appear to be affiliated

20    with – if not wholly owned by – Larian; (2) the Transferee Discovery involves the

21    sale of MGA assets (i.e., Bratz products) in which Mattel has an ownership interest

22    pursuant to the Court's December 3, 2008 ruling; and (3) the Subpoenas seek some

23    documents relevant to Phase 2 issues which presumably cannot be obtained from

24    MGA, namely the Transferee Entities' contracts with, and records of sales to, third

25    parties purchasing the Bratz products.  Accordingly, in ruling on the Subpoenas

26    directed to the Transferee Entities, the Discovery Master's analysis of certain of the

27    parties' above-referenced arguments differs, as follows.

28    //

EXHIBIT __7__

PAGE __177__

### a.    Non-Party Considerations

To begin with, the distinction between a party and non-party here is less compelling given the MGA parties' apparent admission that the Transferee Entities are single purpose entities created and controlled by Larian (who is, of course, himself a party) to dispose of inventory that is the subject of this litigation.  Further, the MGA parties presumably do not have custody of the sales contracts whereby IGWT Group LLC sold Bratz products to third parties.  The Discovery Master also notes that counsel for the Transferee Entities has submitted a declaration stating that there are "hundreds of sales contracts at issue, and as such, thousands of documents responsive to Mattel's requests."  (Declaration of Jeffrey B. Valle dated February 17, 2009 ["Valle Decl."], ¶ 7).  The unavailability of these relevant documents from any other source weighs heavily in favor of enforcing the Subpoena to IGWT Group LLC.

### b.    Relevance To Phase 2 Issues

#### 1.    Phase 2 Damages

As mentioned above, Mattel argues that the Subpoenas "seek documents relevant to MGA and Larian's financial condition, net worth, and ability to pay" on the ground that such information is relevant to Mattel's Phase 2 damages claims, including Mattel's claim for punitive damages.

For the reasons previously discussed, the Discovery Master finds that, with respect to the Financing Entities, the discovery requests were, for the most part overbroad, and/or not sufficiently linked to Phase 2 issues.  However, the Discovery Master's analysis is necessarily different with respect to entities which were created and apparently wholly owned and/or controlled by Larian (a defendant in Phase 2), and which are admittedly selling inventory which generate revenues in which Mattel has an interest.  Specifically, Mattel contends that Larian has caused MGA to sell the inventory at a deep (80%) discount to the Transferee Entities.  This practice, if true, limits MGA's profits (which go to MGA's balance sheet, and ultimately

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 26 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 7

PAGE 178

1   affects MGA's net worth) while at the same time allowing Larian to capture

2   additional profits which otherwise would have been realized by MGA and reflected

3   on MGA's balance sheet).  Accordingly, the Discovery Master finds that most of

4   the documents Mattel seeks to subpoena from the Transferee Entities properly

5   relate to Phase 2 issues, as specified in Section IV below.[21]

6                  **2.     Mattel's Unfair Competition Counterclaim**

7           Given MGA's admissions regarding Larian's ownership/control of the

8   Transferee Entities, coupled with their sale of inventory purchased from MGA, the

9   Discovery Master finds that many of the documents requested from the Transferee

10  Entities are also arguably related to a "fraudulent," "unlawful," or "unfair" business

11  practice within the meaning of the Unfair Competition Law and the scope of

12  Mattel's Counterclaims.  Among other things, the Court's December 3, 2008 order

13  imposes a constructive trust on the proceeds of MGA's sale of the subject

14  inventory.  If, as Mattel argues, MGA's sale of that inventory to the Transferee

15  Entities constitutes a scheme on the part of Larian to enrich himself by depriving

16  Mattel of the true profits to be paid to Mattel pursuant to the Court's order, then

17  such conduct would constitute an unlawful attempt to circumvent the Court's order

18  and arguably render the transaction between MGA and the Transferee Entities an

19  anti-competitive business practice that is unlawful, unfair or fraudulent to other toy

20  manufacturers, including Mattel.  Therefore, such alleged misconduct, if proven,

21  could violate the Unfair Competition Law.

22          Moreover, although Mattel asserted its counterclaim for violation of the

23  Unfair Competition Law prior to the alleged misconduct (and long before the

24  Transferee Entities came into existence), Mattel phrased its allegations broadly

---

25
26  [21] The Discovery Master notes that IGWT 826 Investments is registered at the home address of Larian's sister and brother-in-law, indicating that some of Larian's relatives may be involved in the ownership or operation of the
27  Transferee Entities.  Accordingly, the Discovery Master has specified in some instances that the production of documents shall include those referencing not only Larian, but also his spouse, his children, his siblings, or their spouses, or any entity or person affiliated with them.  However, the Discovery Master has stopped short of ordering
28  the production of documents relating to any other entities, individuals "within the U.S. and outside the U.S.," as requested in Category 6 of each of the Subpoenas directed to the Transferee Entities.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

                                    - 27 -                   ORDER NO. 3
                                                [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  7

PAGE  179

Case 2:04-cv-09049-DOC-RNB    Document 6032-3    Filed 07/24/09    Page 47 of 66    Page ID
#:198802
Case 2:04-cv-09049-SGL-RNB    Document 4992    Filed 03/10/2009    Page 28 of 31

1   enough to potentially encompass subsequent acts of unfair competition which

2   perpetuate or extend the misconduct alleged in the Counterclaims.  Unlike Mattel's

3   RICO counterclaim, Mattel's Twelfth Counterclaim for Unfair Competition does

4   not purport to rest on a list of enumerated, factually detailed and carefully defined

5   acts, but rather is phrased broadly to cover "unlawful, unfair and/or fraudulent acts

6   of unfair competition" which include, "without limitation" certain illustrative

7   examples.  (Counterclaims, p. 74, ¶ 165).

8        Of course, the Discovery Master cannot predict whether the Court will

9   ultimately deem Mattel's unfair competition counterclaim to be sufficiently elastic

10  to encompass MGA's alleged misuse of the Transferee Entities or whether Mattel

11  will seek (and the Court permit) amendment of the counterclaim to expressly

12  reference such alleged misconduct.  Nevertheless, in light of the fact that the

13  discovery need only appear reasonably calculated to lead to the discovery of

14  admissible evidence, the Discovery Master finds that certain aspects of the

15  Subpoenas are sufficiently related to Mattel's Phase 2 unfair competition claim.

16              c.      **Summary Of The Discovery Master's Findings With**

17                      **Respect To The Subpoenas Directed To The**

18                      **Transferee Entities**

19        As set forth above, the Discovery Master finds that Mattel has sufficiently

20  articulated a connection between some of the Transferee Discovery and its Phase 2

21  claims.  Accordingly, Mattel's motion to compel the Transferee Entities to comply

22  with the Subpoenas is **GRANTED** in part and **DENIED** in part.

23  **IV.    Disposition**

24        1.      The Motion to Quash filed by MGA is **DENIED**.

25        2.      Mattel's Motion to Compel the Financing Entities to produce

26  documents responsive to the Subpoenas is **DENIED** with respect to OmniNet

27  Capital, LLC and Vision Capital, LLC.

28        3.      Mattel's Motion to Compel Omni 808 Investors, LLC to produce

EXHIBIT 7

PAGE 180

Case 2:04-cv-09049-DOC-RNB    Document 6032-3    Filed 07/24/09    Page 48 of 66    Page ID
#:198803
Case 2:04-cv-09049-SGL-RNB    Document 4992    Filed 03/10/2009    Page 29 of 31

1  documents responsive to the Subpoena propounded on it is **GRANTED** in part and

2  **DENIED** in part, as follows:

3          a.     Requests 1 through 3, 13, 15, and 17:  The Motion is granted

4  with respect to documents relating to (1) the existence of any debt owed by MGA

5  Entertainment, Inc. to Omni 808 Investors, LLC, including any debt purchased

6  from Wachovia Bank, and (2) any communications between Omni 808 Investors,

7  LLC and the MGA parties regarding any such indebtedness.  The motion is denied

8  regarding any other documents sought by these requests.

9          b.     Requests 4 through 12, 14 and 18:  The Motion is denied.

10      4.     Mattel's Motion to Compel the Transferee Entities to produce

11  documents responsive to the Subpoenas is **DENIED** as to Request 6 propounded to

12  IGWT Group LLC and Request 6 propounded to IGWT 826 Investments, LLC.

13      5.     Mattel's Motion to Compel the Transferee Entities to produce

14  documents responsive to the Subpoenas is **GRANTED,** as follows:

15                      **Subpoena To IGWT Group LLC**

16          a.     Request 1:  The Motion is granted with respect to documents

17  relating to the purchase by, or transfer to, IGWT Group LLC of any items of value,

18  including Bratz products, from MGA, Larian, his spouse, his children, his siblings,

19  or their spouses, or any entity or person affiliated with them.

20          b.     Request 2:  The Motion is granted

21          c.     Request 3:  The Motion is granted with respect to documents

22  relating to any ownership interest by Larian, his spouse, his children, his siblings,

23  or their spouses, or any entity or person affiliated with them.

24          d.     Request 4:  The Motion is granted with respect to documents

25  relating to any sources of funding by Larian, his spouse, his children, his siblings,

26  or their spouses, or any entity or person affiliated with them.

27          e.     Request 5:  The Motion is granted with respect to documents

28  relating to any compensation, loans, advances, payments, fees or any other form of

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 29 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 7

PAGE 181

Case 2:04-cv-09049-DOC-RNB   Document 6032-3   Filed 07/24/09   Page 49 of 66   Page ID
#:198804
Case 2:04-cv-09049-SGL-RNB   Document 4992   Filed 03/10/2009   Page 30 of 31

1   consideration paid by IGWT Group LLC to Larian, his spouse, his children, his

2   siblings, or their spouses, or any entity or person affiliated with them.

3       f.      Request 7: The Motion is granted.

4               **Subpoena To IGWT 826 Investments LLC**

5       a.      Request 1: The Motion is granted with respect to documents

6   relating to the purchase by, or transfer to, IGWT 826 Investments LLC of any items

7   of value, including Bratz products, from MGA, Larian, his spouse, his children, his

8   siblings, or their spouses, or any entity or person affiliated with them.

9       b.      Request 2: The Motion is granted

10      c.      Request 3: The Motion is granted with respect to documents

11  relating to any ownership interest by Larian, his spouse, his children, his siblings,

12  or their spouses, or any entity or person affiliated with them.

13      d.      Request 4: The Motion is granted with respect to documents

14  relating to any sources of funding by Larian, his spouse, his children, his siblings,

15  or their spouses, or any entity or person affiliated with them.

16      e.      Request 5: The Motion is granted with respect to documents

17  relating to any compensation, loans, advances, payments, fees or any other form of

18  consideration paid by IGWT 826 Investments LLC to Larian, his spouse, his

19  children, his siblings, or their spouses, or any entity or person affiliated with them.

20      f.      Request 7: The Motion is granted.

21      5.      All non-privileged documents referenced in Paragraphs 3 and 5, above,

22  shall be produced within 30 days of this Order, subject to any applicable

23  confidentiality designations available under the Protective Order.

24      6.      Nothing in this Order should be deemed to prevent Mattel from

25  seeking discovery from the MGA parties of documents encompassed by the

26  Subpoenas upon the showing of a sufficient nexus between the particular discovery

27  requests and legitimate Phase 2 issues, and subject to any applicable objections.

28  //

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 30 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _7_

PAGE _182_

1    Dated:  March 10, 2009

2

3

4                                    By:_____/s/ Robert C. O'Brien_____

5                                              ROBERT C. O'BRIEN
                                               Discovery Master
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT  7

PAGE  183

# EXHIBIT 8

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO THE PROTECTIVE ORDER

# EXHIBIT 9

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO THE PROTECTIVE ORDER

# EXHIBIT 10

1   Robert C. O'Brien (SBN 154372)
    ARENT FOX LLP
2   555 West Fifth Street, 48th Floor
    Los Angeles, CA  90013-1065
3   Telephone:  213.629.7400
    Facsimile:   213.629.7401
4   obrien.robert@arentfox.com

5   Discovery Master

6

7

8                 UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                     EASTERN DIVISION

11

12   CARTER BRYANT, an individual,      Case No.  CV 04-09049 SGL (RNBx)

13                Plaintiff,

14          v.                          Consolidated with
                                        Case No. CV 04-09059
15   MATTEL, INC., a Delaware           Case No. CV 05-2727
     corporation,
16                                      **PHASE 2 DISCOVERY MATTER**
                 Defendant.
17                                      **ORDER NO. 21, REGARDING:**

18                                        **EX PARTE APPLICATION OF**
                                          **MATTEL FOR OSC RE: OMNI**
19                                        **808's FAILURE TO COMPLY**
                                          **WITH COURT ORDER**

20

21   CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
22   MGA ENTERTAINMENT, INC. v.
     MATTEL, INC.
23

24

25

26                                      EXHIBIT ___10___
27                                      PAGE ___250___

28
─────────────────────────────────────────────
ARENT FOX LLP                                ORDER NO. 21
ATTORNEYS AT LAW              [Case No. CV 04-09049 SGL (RNBx)]
 LOS ANGELES

1    The Discovery Master, having been notified of the Court's decision to refer

2    to the Discovery Master for initial disposition Mattel's *ex parte* application for an

3    Order to Show Cause re: the alleged failure of Omni 808 Investors, LLC ("Omni

4    808") to comply with the Discovery Master's March 10, 2009 Order (the "March

5    10 Order") or, alternatively, for an Order shortening time to hear a motion for such

6    relief (the "Application"), and having reviewed the Opposition filed by Omni 808

7    and supporting papers, hereby **ORDERS** as follows:

8         1.    Omni 808 shall produce to Mattel all documents ordered to be

9    produced pursuant to the March 10 Order no later than 5:00 p.m. on April 28, 2009

10   and shall simultaneously serve on the Discovery Master a notice confirming Omni

11   808's compliance.

12        2.    In the event Omni 808 fails to comply in any respect with the

13   provisions of Paragraph 1, above, the Discovery Master shall refer this matter to the

14   Court for further action, and reserves the right to recommend to the Court that the

15   relief requested by Mattel in the Application be granted, in whole or in part.

16        3.    By way of guidance to the parties, and to reduce the likelihood of

17   unnecessary and costly motion practice, the Discovery Master reminds the parties

18   that, until and unless a deadline or other requirement imposed by the Discovery

19   Master is expressly modified by written Order, the parties shall timely comply with

20   all Orders issued by the Discovery Master, including the deadlines by which parties

21   are required to provide supplemental responses or produce documents.

22

23   Dated:      April 23, 2009

24

25                                          By:         /s/ Robert C. O'Brien

26                                              ROBERT C. O'BRIEN
                                                Discovery Master
27                                          EXHIBIT ___10___

28                                          PAGE ___251___

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

                                    - 1 -                ORDER NO. 21
                                            [Case No. CV 04-09049 SGL (RNBx)]

# EXHIBIT 11

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 090378)
      johnquinn@quinnemanuel.com
3     Michael T. Zeller (Bar No. 196417)
      (michaelzeller@quinnemanuel.com)
4     Jon D. Corey (Bar No. 185066)
      (joncorey@quinnemanuel.com)
5   865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017-2543
6   Telephone:  (213) 443-3000
    Facsimile:   (213) 443-3100

7   Attorneys for Mattel, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                          EASTERN DIVISION

12  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13              Plaintiff,                Consolidated with
                                          Case No. CV 04-09059
14        vs.                             Case No. CV 05-02727

15  MATTEL, INC., a Delaware             **DISCOVERY MATTER**
    corporation,
16                                       **[To Be Heard By Discovery Master
                Defendant.               Robert O'Brien Pursuant to Order of
17                                       January 6, 2009]**

18  AND CONSOLIDATED ACTIONS            MATTEL, INC.'S NOTICE OF
19                                       MOTION AND MOTION TO
                                         COMPEL PRODUCTION OF
20                                       DOCUMENTS FOR WHICH ANY
                                         CLAIMS OF PRIVILEGE HAVE
21                                       BEEN WAIVED

22                                       Date:   TBD
                                         Time:   TBD
23                                       Place:  Arent Fox LLP

24                                       **Phase 2:**
                                         Discovery Cut-off: December 11, 2009
25                                       Pre-trial Conference: March 1, 2010
                                         Trial Date: March 23, 2010
26

27                                       EXHIBIT ___11___
28                                       PAGE ___252___

07975/2989019.1

─────────────────────────────────────────────
MATTEL'S MOTION TO COMPEL RE WAIVER

1   TO ALL PARTIES, OMNI 808 INVESTORS, LLC AND THEIR ATTORNEYS OF
2   RECORD:

3        PLEASE TAKE NOTICE that, on a date and time to be set by the
4   Discovery Master, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the
5   Court pursuant to <u>Federal Rules of Civil Procedure</u> 37 and 45 to compel Omni 808
6   Investors, LLC ("Omni 808") to produce all documents responsive to the Discovery
7   Master's Order No. 3 that it has withheld on the purported basis of privilege, and for
8   an award of monetary sanctions in the amount of $4,500.

9        This Motion is made on the grounds that Mattel seeks discoverable
10  information and that Omni 808 has waived its privilege objections by its failure to
11  timely produce a privilege log, in violation of the <u>Rules</u> and the Court's orders, and
12  therefore should be sanctioned.

13       This Motion is based on this Notice of Motion and Motion, the
14  accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan
15  Proctor filed concurrently herewith, the records and files of this Court, and all other
16  matters of which the Court may take judicial notice.

<u>**Statement of Compliance**</u>

18       Mattel sent Omni 808 an initial letter on April 21, 2009 requesting a
19  meet and confer pursuant to paragraph 5 of the Discovery Master Stipulation.  Omni
20  808 did not respond.  Follow-up letters from Mattel dated May 5 and May 20, 2009
21  led to no resolution of the matter.

23  DATED: June 29, 2009              QUINN EMANUEL URQUHART OLIVER &
24                                    HEDGES, LLP

25

26  By /s/ B. Dylan Proctor
        B. Dylan Proctor
27      Attorneys for Plaintiff
        Mattel, Inc.
28

EXHIBIT ___11___
PAGE ___259___

MATTEL'S MOTION TO COMPEL RE WAIVER

07975/2989019.1

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND ................................................................................................... 2

ARGUMENT ........................................................................................................ 4

I.   OMNI 808 HAS WAIVED ANY CLAIM TO PRIVILEGE ............................. 4

    A.   Omni 808 Had An Obligation To Identify And Substantiate Its Claims As To  Each Withheld Document In A Timely Fashion ............. 4

    B.   Omni 808 Has Waived Any Privilege Claims ................................. 6

II.   OMNI 808 SHOULD BEAR THE COSTS OF THIS MOTION ..................... 10

CONCLUSION .................................................................................................... 11

EXHIBIT ___//___
PAGE ___ʒʒʊ___

-i-

MATTEL'S MOTION TO COMPEL RE WAIVER

## TABLE OF AUTHORITIES

**Page**

### Cases

Am. Dental Assoc. v. Khorrami,
  2003 WL 24141019 (C.D. Cal. Jul. 14, 2003) ...................................... 7

Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court,
  408 F.3d 1142 (9th Cir. 2005) ............................... 4, 5, 6, 7, 8, 9

Flanagan v. Benicia Unif. Sch. Dist.,
  2008 WL 2073952 (E.D. Cal. May 14, 2008) ...................................... 7

Get-A-Grip, II, Inc. v. Hornell Brewing Co., Inc.,
  2000 WL 1201385 (E.D. Pa. Aug. 8, 2000) ...................................... 8

Hanni v. Am. Airlines, Inc.,
  2009 WL 1505286 (N.D. Cal. May 27, 2009) ............................... 5, 10

Hyde & Drath v. Baker,
  24 F.3d 1162 (9th Cir. 1994) ...................................... 10

Lopez v. City of New York,
  2007 WL 869590 (E.D.N.Y. March 20, 2007) ...................................... 8

RTC v. Dabney,
  73 F.3d 262 (10th Cir. 1995) ...................................... 10

Ritacca v. Abbott Lab.,
  203 F.R.D. 332 (N.D. Ill. 2001) ...................................... 9

Thelen Reid & Priest LLP v. Marland,
  2007 WL 578989 (N.D. Cal. Feb. 21, 2007) ...................................... 6

Wolk v. Green,
  2007 WL 3203050 (N.D. Cal. Oct. 29, 2007) ...................................... 4

### Statutes

28 U.S.C. § 1927 ...................................... 10

Fed. R. Civ. P. § 26 ...................................... 4, 5

Fed. R. Civ. P. § 26(b)(5) ...................................... 4, 5, 6

Fed. R. Civ. P. § 37(a)(5)(A) ...................................... 10

Fed. R. Civ. P. § 37(b)(2) ...................................... 6

Fed. R. Civ. P. § 45 ...................................... 4

Fed. R. Civ. P. § 45(d)(2) ...................................... 4

EXHIBIT _11_

PAGE _20_

-ii-

MATTEL'S MOTION TO COMPEL RE WAIVER

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Omni 808 has intentionally failed and refused to produce a privilege log identifying documents it has withheld under its purported claims of privilege. In an Order issued more than three and a half months ago (enforcing subpoenas served more than six months ago), Omni 808 was ordered to produce documents within 30 days. Omni 808 defied the Discovery Master's Order and refused to produce its documents. Only after Mattel was forced to move for contempt and other sanctions, and only after the Discovery Master issued a warning, did Omni 808 deign to produce any documents to even partially comply with the Discovery Master's Order. And it still has not produced a privilege log.

Mattel has repeatedly inquired as to the status of Omni 808's privilege log; each inquiry has been met (variously) with silence, arguments that no log is required or dubious assurances that a log will someday be provided. All the while, though the relationship between Omni 808 and MGA remains a key matter at issue, Mattel has been and is being denied the opportunity to review, and if necessary challenge, Omni 808's privilege claims. The Ninth Circuit has instructed that the failure to timely produce a privilege log results in a waiver of privilege in appropriate cases. Every factor weighs in favor of waiver here. Because of Omni 808's consistent disregard for its basic obligations under the Federal Rules and the Discovery Master's Orders, it should be compelled to produce all documents responsive to Order No. 3 which it is currently withholding under purported (but never specifically asserted) claims of privilege.[1]

_____

[1] On May 6, 2009, Omni 808 was also ordered to produce documents in the Discovery Master's Order No. 27. While Omni 808 has failed to provide a privilege log relating to that Order as well, Mattel does not currently seek a finding of waiver as to such withheld documents, despite Omni 808's lack of compliance, because the length of its non-compliance to date has been less extreme.

EXHIBIT 11
PAGE 206

-1-

07975/2989019.1

### Background

Over six months ago, on January 9, 2009, Mattel served subpoenas on Omni 808 seeking documents relevant to, *inter alia*, Omni 808's purported acquisition of MGA debt from Wachovia Bank.[2] Omni 808 refused to comply with the requests on the basis of various objections, including a boilerplate claim of attorney-client and work product privilege.[3] On February 3, 2009, Mattel moved to compel Omni 808 to comply with the subpoenas and to produce all withheld responsive documents.[4]

On March 10, the Discovery Master ordered Omni 808 to produce documents responsive to six of the requests (1 through 3, 13, 15, 17).[5] Omni 808 was given 30 days to produce all non-privileged documents.[6] Omni 808 refused to comply with the Discovery Master's Order. On April 21, 2009, Mattel was forced to file an *ex parte* application with respect to Omni 808's failure to comply.[7] The Discovery Master then ordered Omni 808 "to produce to Mattel all documents ordered to be produced pursuant to the March 10 Order no later than 5:00 p.m. on April 28, 2009."[8]

When Omni 808 finally produced some responsive documents on April 28, it did not (despite its earlier claims of privilege) provide a privilege log

---

[2] See Omni 808 Investors, LLC (Beverly Hills) and Omni 808 Investors, LLC (Los Angeles) subpoenas, dated January 9, 2009, Proctor Decl., Exs. 1 & 2.

[3] See Non-Party Omni 808 Investors, LLC's Objections to Subpoena, dated January 28, 2009, Proctor Decl., Ex. 3.

[4] See Mattel Inc.'s Notice of Motion and Motion to Compel Production of Documents Responsive to Third-Party Subpoenas, dated February 3, 2009, Proctor Decl. Ex. 4.

[5] See Phase 2 Discovery Matter Order No. 3, dated March 10, 2009 ("Order No. 3"), at 29, Proctor Decl., Ex. 5.

[6] Id. at 30.

[7] See Mattel, Inc.'s *Ex Parte* Application for an Order to Show Cause re Omni 808's Failure to Comply with Court Order, dated April 21, 2009, Proctor Decl., Ex. 6.

[8] See Phase 2 Discovery Matter Order No. 21, dated April 23, 2009 ("Order No. 21"), Proctor Decl., Ex. 7.

EXHIBIT __11__
PAGE __287__

MATTEL'S MOTION TO COMPEL RE WAIVER

1   identifying any documents withheld under the attorney-client privilege or work

2   product doctrine.   Because Omni 808 had originally made boilerplate privilege

3   assertions, Mattel sent letters inquiring as to Omni 808's claims of privilege and the

4   status of its privilege log.  Omni 808 did not respond at all to Mattel's first letter.[9]  In

5   response to Mattel's second letter—and only after Mattel specifically warned that it

6   "intend[ed] to bring [a] motion for an order deeming Omni 808 to have waived any

7   privilege and compelling the production of all such documents based on its failure to

8   provide a privilege log"[10]—Omni 808 suggested, more than a month and a half ago,

9   that while it purportedly had no obligation to produce a privilege log at all it was "in

10  the process" of preparing one.[11]  No privilege log ever arrived.

11          In late May, when Omni 808 still had not provided a privilege log,

12  Mattel again inquired as to its status and again received no response.[12]  Meanwhile,

13  the Discovery Master ordered Omni 808 to produce additional documents by May 22,

14  2009, in his Order No. 27.[13]  While Omni 808 produced some of those compelled

15  documents on June 22, 2009, it still did not produce, and has not produced, a

16  privilege log relating to either of its productions.   Omni 808's only further

17  communication on the matter has been a vague assertion, provided with the

18  production on June 22, that a privilege log would be provided at some unspecified

19  point in the future.[14]

20          Thus, as things stand now, more than six months since Mattel served its

21  subpoenas and more than three and a half months since Order No. 3 was issued, even

22  following two more Discovery Master Orders requiring Omni 808 to comply with its

23

24  [9]   See April 21, 2009 Letter from M. Zeller to P. Villar, Proctor Decl., Ex. 8.
    [10]  See May 5, 2009 Letter from B. Proctor to P. Villar, Proctor Decl., Ex. 9.
25  [11]  See May 7, 2009 Letter from P. Villar to B. Proctor, Proctor Decl., Ex. 10.
    [12]  See May 20, 2008 Letter from B. Proctor to P. Villar, Proctor Decl., Ex. 11.
26  [13]  See Phase 2 Discovery Matter Order No. 27, dated May 6, 2009, Proctor Decl., Ex.
27  12. Subsequently, Omni 808 sought, and was granted, and extension until May 29, 2009.
    See Phase 2 Discovery Matter Order No. 37, dated May 21, 2009, Proctor Decl., Ex. 13.
28  [14]  See June 22, 2009 Letter from P. Villar to J. Quinn, Proctor Decl., Ex. 14.

MATTEL'S MOTION TO COMPEL RE WAIVER

EXHIBIT ___11___

PAGE ___208___

1    discovery obligations, and even after Mattel expressly advised Omni 808 of the
2    prospect of waiver months ago, Omni 808 still has not produced a log or even offered
3    a date by which a log will be produced, much less an explanation as to its disregard of
4    the Rules.

5                          **Argument**

6    I.    **OMNI 808 HAS WAIVED ANY CLAIM TO PRIVILEGE**

7          A.    **Omni 808 Had An Obligation To Identify And Substantiate Its**
8                **Claims As To Each Withheld Document In A Timely Fashion**

9                The Federal Rules require that, when withholding responsive documents
10   on the basis of privilege, "[a] party must: (i) expressly make the claim; and (ii)
11   describe the nature of the documents, communications, or tangible things not
12   produced or disclosed—and do so in a manner that, without revealing information
13   itself privileged or protected, will enable other parties to assess the claim." Fed. R.
14   Civ. P. § 26(b)(5).   Likewise, Rule 45 mandates that a third party asserting privilege
15   in response to a subpoena request must "expressly make that claim" and "describe the
16   nature of the withheld documents, communications or tangible things in a manner
17   that, without revealing information itself privileged or protected, will enable the
18   parties to assess the claim." Fed. R. Civ. P. 45(d)(2).

19               The Ninth Circuit has held that "boilerplate objections or blanket
20   refusals inserted into a [discovery] response" are inadequate to substantiate a claim of
21   privilege under Rule 26.   Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court,
22   408 F.3d 1142, 1149 (9th Cir. 2005).   Ordinarily, the particular showing that is
23   required is made through the preparation of a privilege log which identifies the
24   specific documents withheld and details the basis for the claimed privilege's
25   applicability.   See id. at 1148; see also Wolk v. Green, 2007 WL 3203050, at
26   *2 (N.D. Cal. Oct. 29, 2007) (noting that "[b]lanket refusals or boilerplate objections
27   are insufficient to assert privilege" and that such claims are "commonly satisfied by
28   filing a privilege log").   Throughout this litigation, both the Court and the prior

MATTEL'S MOTION TO COMPEL RE WAIVER

EXHIBIT ____11____
PAGE ____259____