1   Discovery Master have consistently required, for parties and non-parties alike, the

2   prompt production of a privilege log as the "universally accepted" means to justify to

3   withholding of otherwise responsive documents on the grounds of privilege.[15]

4              By the Discovery Master's Orders, Omni 808 was compelled to produce

5   documents pursuant to Rule 26.[16]   While Omni 808 may have had the right to

6   withhold privileged documents, it also had an obligation to "describe the nature of the

7   documents, communications, or things not produced" in a manner that would enable

8   Mattel (or the Court) "to assess the applicability of the privilege or protection." Fed.

9   R. Civ. P. § 26(b)(5).  It was required to satisfy that obligation independently and in a

10  timely manner, not merely in response to Mattel's demands or the prospect of

11  sanctions.  See Hanni v. Am. Airlines, Inc., 2009 WL 1505286, at *3 (N.D. Cal. May

12  27, 2009) ("While Plaintiffs note that they produced their privilege log on April 15,

13  2009, Plaintiffs should have provided their log by April 3, as this Court's order

14  required them to provide full discovery responses by that date. Instead, Plaintiffs

15  waited until after Defendant moved for sanctions to provide a privilege log.

16  Plaintiffs' failure to produce the log by April 3 was not substantially justified.").  To

17  date, Omni 808 has not provided a privilege log or provided any of the necessary

18  "information about the content of the allegedly privileged material" it is withholding.

19  Burlington, 408 F.3d at 1148.  It is clearly in violation of the requirements of the

20  Federal Rules.

21

22

23

24   [15]   Phase 1 Discovery Master's Order re Mattel's Motion to Compel Farhad Larian,
      Kaye Scholer, and Stern & Goldberg to Produce Documents, dated January 25, 2008, at 13,
25   Proctor Decl., Ex. 15 (ordering non-party to produce a document-by-document privilege
      log); July 2, 2007 Minute Order at 2, Proctor Decl., Ex. 16 ("The Discovery Master's order
26   compels the production of only non-privileged documents. . . . If the only responsive
      documents are privileged, then MGA need not produce them, but must produce a privilege
27   log.").
      [16]   See, e.g., Order No. 3 at 13, 29, Proctor Decl., Ex. 5.
28

MATTEL'S MOTION TO COMPEL RE WAIVER

EXHIBIT ___11___
PAGE ___260___

### B.   Omni 808 Has Waived Any Privilege Claims

The appropriate sanction for Omni 808's willful violations is a finding of waiver. It is "well settled that failure to produce a privilege log or production of an inadequate privilege log may be deemed waiver of the privilege." Thelen Reid & Priest LLP v. Marland, 2007 WL 578989, at *10 (N.D. Cal. Feb. 21, 2007); see also Burlington, 408 F.3d at 1149 (affirming trial court's finding of waiver for five-month delay in serving privilege log). Indeed, the Advisory Committee notes to Rule 26(b)(5) specifically anticipate waiver of privilege as a remedy for the failure of a party to timely produce a privilege log. See Fed. R. Civ. P. § 26(b)(5) advisory committee's note (1993 Amendments) ("To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection.").

In Burlington, the Ninth Circuit identified several factors in determining whether a failure to produce a timely privilege log should result in a waiver, including: (1) the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged; (2) the timeliness of the objection and accompanying information about the withheld documents; (3) the magnitude of the document production; and (4) other particular circumstances of the litigation that make responding to the discovery unusually easy or unusually hard. See Burlington, 408 F.3d at 1149.

Here, each factor supports a finding of waiver. The first factor strongly weighs in favor of waiver because the purported claims of privilege Omni 808 asserted in its initial objections are exactly the type "boilerplate objections [which] are presumptively insufficient" to substantiate a claim of privilege. Burlington, 408 F.3d at 1149. Nowhere in its objections—or in its subsequent briefing—did Omni 808 articulate any of the "particulars typically contained in a privilege log" that would "enable[] the litigant seeking discovery and the court to evaluate whether each

-6-

07975/2989019.1

EXHIBIT   11
PAGE   261

1  of the withheld documents is privileged." <u>Id.</u>  Nowhere has it described "the nature

2  of the documents" withheld or provided any details of attorney's involvement that

3  would be sufficient to demonstrate the applicability of any privilege.  Simply put,

4  neither the Court nor Mattel has any idea what kind of purportedly privileged

5  documents or communications, or how many such documents, have been withheld by

6  Omni 808, let alone who created such documents and for what purpose and to whom

7  they were transmitted.  See <u>Flanagan v. Benicia Unif. Sch. Dist.</u>, 2008 WL 2073952,

8  at *7 (E.D. Cal. May 14, 2008) (party's failure to produce privilege log constituted

9  waiver where "[e]ven at this time the court and defendants are not aware of what

10  documents have been withheld on account of the asserted privileges. The documents

11  withheld could number one, ten, one hundred—who knows?").  As the Discovery

12  Master has ruled, "[i]n determining whether the attorney-client privilege protects a

13  document from disclosure, the burden is on the party asserting the privilege to

14  establish all the elements of the privilege," which requires the withholding party to

15  "provide enough information to permit the court to review the applicability of the

16  privilege to the documents at issue." Phase 2 Discovery Master Order No. 11, dated

17  May 18, 2009 (citations and internal quotations omitted).  Omni 808 cannot simply

18  withhold an unknown set of documents or communications based on a claim of

19  privilege for which it has not provided a shred of support.

20         The second factor—timeliness—also weighs heavily in favor of a

21  finding of waiver.  The subpoenas were issued in January, and Omni 808 has had

22  many months, amounting to almost half of the Phase 2 discovery period, to review

23  the documents for which it claims privilege and substantiate its assertions in a

24  privilege log.  Omni 808 was ordered to produce withheld documents in Order No. 3

25  more than three and a half months ago, on March 10, 2009.  Yet Omni 808 has

26  merely provided vague, unfilled promises of a log.  Courts have found that

27  comparable delays warrant a finding of waiver.  See, e.g., <u>Am. Dental Assoc. v.</u>

28  <u>Khorrami</u>, 2003 WL 24141019, at *8-10 (C.D. Cal. Jul. 14, 2003) (*reversing*

07975/2989019.1

-7-

1   magistrate judge's finding of no waiver where party had not provided privilege log

2   six months from initial date on which discovery response was due); <u>Lopez v. City of</u>

3   <u>New York</u>, 2007 WL 869590, at *4 (E.D.N.Y. March 20, 2007) (seven-month delay

4   in producing privilege log resulted in waiver of privilege); <u>Get-A-Grip, II, Inc. v.</u>

5   <u>Hornell Brewing Co., Inc.</u>, 2000 WL 1201385, at *2-3 (E.D. Pa. Aug. 8, 2000) (two

6   month delay in production of privilege log waived any claim to privilege); <u>see also</u>

7   <u>Burlington</u>, 408 F.3d at 1149 (five-month delay from date of production is more than

8   sufficient to justify a finding of waiver: "In the absence of mitigating considerations,

9   this fact alone would immunize the district court's ruling from reversal under the

10   standard just articulated.").

11          The third and fourth factors also support a finding of waiver because

12   there is nothing to suggest that the allegedly privileged documents withheld are so

13   numerous or otherwise difficult to log that Omni 808's failure to produce a privilege

14   log should be excused.  Omni 808's entire production on April 28, 2009 amounted to

15   approximately 850 documents, which hardly suggests an overwhelming set of

16   documents.[17]  Omni 808 has never averred, let alone shown, that the sheer amount of

17   privileged material at issue is too burdensome to log.  Presumably, Omni 808 has

18   already conducted a review for privilege—how else could it have determined which

19   documents to withhold when it produced documents?  It has had more than ample

20   time since then to log those documents on a privilege log.  Its failure to do so in these

21   many months is unjustified.

22          Nor are there any "mitigating circumstances" that might conceivably

23   excuse what otherwise appears to be a clear choice by Omni 808 to ignore its

24   obligations (or delay complying with them for as long as possible to prejudice to

25   Mattel).  Like the party in <u>Burlington</u> who waited months to produce a privilege log,

26   leading to waiver, Omni 808 is "a sophisticated corporate litigant" who is represented

27

28     [17]  <u>See</u> Proctor Decl. ¶ 20.

07975/2989019.1

-8-

EXHIBIT <u> 11 </u>

PAGE <u> 263 </u>

1  by counsel and is aware of the essential purpose of privilege logs. <u>Burlington</u>,

2  408 F.3d at 1149. Indeed, Mattel specifically advised Omni 808 of its obligation to

3  produce a log and of the potential consequences for failing to do so, and did so

4  months ago, warning that it "intend[ed] to bring [a] motion for an order deeming

5  Omni 808 to have waived any privilege and compelling the production of all such

6  documents based on its failure to provide a privilege log."[18]

7         Moreover, Omni 808's failure to satisfy its obligations is compounded

8  by the fact that Omni 808 has already failed to comply with the Discovery Master's

9  Orders. "[E]vidence of foot-dragging or a cavalier attitude towards following court

10 orders and the discovery rules supports finding waiver." <u>Ritacca v. Abbott Lab.</u>,

11 203 F.R.D. 332, 335 (N.D. Ill. 2001) (citations omitted). Omni 808's failure to

12 produce a privilege log is part of a demonstrated pattern of Omni 808 to obstruct and

13 delay discovery. As the Discovery Master will recall, Omni refused to comply with

14 Order No. 3 at all, claiming it had no obligation to produce compelled documents

15 because Mattel had filed a motion for reconsideration on *other* aspects of the Order

16 that sought production of *other* documents.[19] The Discovery Master was then forced

17 to reinforce its prior order and compel compliance by a date and time certain (April

18 28 at 5:00 p.m.).[20] Yet now, two months after *that* deadline, Omni 808 still has not

19 provided a log listing documents it admits it is withholding.

20        It will take Mattel time to review any privilege log Omni 808 ultimately

21 produces to assess its claims of privilege and bring any necessary motion practice.

22 Omni 808 is intentionally obstructing discovery to prevent Mattel from completing

23 that task. Failure to abide by requirements of the <u>Rules</u> must have some consequence

24 or those <u>Rules</u> will be made meaningless. The parties have been repeatedly

25

26  [18]  <u>See</u> May 5, 2009 Letter from B. Proctor to P. Villar, Proctor Decl., Ex. 9.
27  [19]  <u>See</u> Mattel, Inc.'s *Ex Parte* Application for an Order to Show Cause re Omni 808's
    Failure to Comply with Court Order, dated April 21, 2009, at 11, Proctor Decl., Ex. 6.
28  [20]  <u>See</u> Order No. 21 at 1, Proctor Decl., Ex. 7.

07975/2989019.1

-9-

MATTEL'S MOTION TO COMPEL RE WAIVER

EXHIBIT ___11___
PAGE ___264___

1  admonished that the failure to produce a timely privilege log may result in waiver.

2  Yet, time and again, MGA and its affiliates in this litigation have delayed producing

3  privilege logs, forcing Mattel to bring motions that should not have to be brought.[21]

4  Omni 808's recalcitrance is sanctionable.  A finding of waiver is appropriate.

5  **II.    OMNI 808 SHOULD BEAR THE COSTS OF THIS MOTION**

6           Omni 808's failure to satisfy its basic obligation under the <u>Rules</u> has

7  forced Mattel to bring this motion.   Under the <u>Federal Rules</u>, a party bringing a

8  motion to compel is entitled to the "reasonable expenses incurred in making the

9  motion, including attorney's fees" unless "the opposing party's nondisclosure,

10  response or objection was substantially justified, or that other circumstances make an

11  award of expenses unjust."   <u>Fed. R. Civ. Proc.</u> 37(a)(5)(A).   The burden of

12  establishing substantial justification is Omni 808's.  <u>See Hyde & Drath v. Baker</u>, 24

13  F.3d 1162, 1171 (9th Cir. 1994).[22]

14           There is no basis on which Omni 808's failure to provide a privilege log

15  can be justified.  Omni 808 should not be rewarded for ignoring its obligations and

16  forcing Mattel to expend resources that could be spent on other pressing matters in

17  this litigation.  <u>See Hanni</u>, 2009 WL 1505286, at *3 (holding that party's failure to

18  produce  privilege  log  "until  after  Defendant  moved  for  sanctions"  was  not

19

20

---

21  [21]  <u>See, e.g.,</u> Phase 2 Discovery Matter Order No. 22, dated April 28, 2009, at 22,
    Proctor Decl., Ex. 17 (granting a further "short period" in which to comply with obligation

22  to produce log); December 14, 2007 Hearing Transcript at 27:24-25, 28:11-13, Proctor
    Decl., Ex. 18 (prior Discovery Master finding that "the privilege logs submitted by MGA

23  are untimely" and expressing "disappoint[ment] [] in the way the discovery has been
    produced" by MGA).

24  [22]  Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides

25  that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and
    vexatiously may be required by the court to satisfy personally the excess costs, expenses,

26  and attorneys' fees reasonably incurred because of such conduct."  Sanctions under this
    section are appropriate "for conduct that, viewed objectively, manifests either intentional or

27  reckless disregard of the attorney's duties to the court."  <u>RTC v. Dabney</u>, 73 F.3d 262, 265

28  (10th Cir. 1995) (citation omitted).

EXHIBIT _____
PAGE _____

1   "substantially justified" and imposing costs).   Accordingly, Omni 808 should be

2   sanctioned in the amount of $4500, for a portion of the fees and costs incurred in

3   preparing this motion.

### Conclusion

5       For the foregoing reasons, the Discovery Master should enter an order

6   finding that Omni 808 has waived any privilege claims regarding documents

7   responsive to the Discovery Master's Order No. 3, compelling Omni 808 to produce

8   any documents withheld on such basis immediately, and awarding monetary

9   sanctions of $4,500.[23]

10

11   DATED: June 29, 2009           QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
12

13                                 By /s/ B. Dylan Proctor
                                      B. Dylan Proctor
14                                    Attorneys for Plaintiff
                                      Mattel, Inc.
15

16

17

18

19

20

21

22

23

24

25

26   [23]   While none of the orders provided an applicable temporal limitation, Mattel submits
27   that Omni 808 was obligated to log—and therefore has waived its claims with regard to—
     any allegedly privileged responsive documents or communications created or transmitted on
28   or before the date of Omni 808's partial intervention in this case, April 27, 2009.

07975/2989019.1

-11-

EXHIBIT __11__
PAGE __266__

**CONFORMED**

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>       Plaintiff,<br><br>   vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>       Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>**PROOF OF SERVICE** |

2009 JUN 29 PM 3:10
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

FILED

EXHIBIT _11_
PAGE _267_

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Apex Attorney Services, 1055 West Seventh Street, Suite 250, Los Angeles, CA 90017.

On June 29, 2009, I served true copies of the following documents described as:

**SEE ATTACHED DOCUMENT LIST** on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>  Thomas J. Nolan, Esq.<br>  Jason Russell, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071<br>  tnolan@skadden.com<br>  jrussell@skadden.com | Overland Borenstein Scheper & Kim LLP<br>Mark E. Overland, Esq.<br>Alexander H. Cote, Esq.<br>601 W. 5th Street, 12th Floor<br>Los Angeles, California 90017<br>moverland@obsklaw.com |
| Glaser, Weil, Fink, Jacobs, & Shapiro, LLP<br>  Patricia L. Glaser, Esq.<br>  Amman A. Khan, Esq.<br>10250 Constellation Blvd 19th Floor<br>Los Angeles, CA 90067<br>  pglaser@glaserweil.com | Bingham McCutchen LLP<br>Todd E. Gordiner LLP<br>Peter N. Villar, Esq.<br>Craig A. Taggart, Esq.<br>600 Anton Blvd., 18th Floor<br>Costa Mesa, CA 92626<br>todd.gordiner@bingham.com<br>peter.villar@bingham.com<br>craig.taggart@bingham.com |
| Mitchell, Silberberg, & Knupp, LLP<br>  Russell J. Frackman, Esq.<br>11377 W. Olympic Blvd.<br>Los Angeles, CA 90064<br>  rjf@msk.com | Discovery Master:<br>Robert O'Brien<br>Arent Fox LLP<br>555 West 5th Street, 48th FL<br>Los Angeles, CA 90117 |

**[X]**     **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 29, 2009, at _____, _____.

Ramon Rodriguez

EXHIBIT _11_
PAGE _768_

## DOCUMENT LIST

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS FOR WHICH ANY CLAIMS OF PRIVILEGE HAVE BEEN WAIVED

DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS FOR WHICH ANY CLAIMS OF PRIVILEGE HAVE BEEN WAIVED

APPLICATION TO FILE UNDER SEAL CERTAIN EXHIBITS TO THE DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS FOR WHICH ANY CLAIMS OF PRIVILEGE HAVE BEEN WAIVED

[PROPOSED] ORDER RE APPLICATION TO FILE UNDER SEAL CERTAIN EXHIBITS TO THE DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS FOR WHICH ANY CLAIMS OF PRIVILEGE HAVE BEEN WAIVED

EXHIBIT _11_
PAGE _269_

Case No. CV 04-9049 SGL (RNBx)

PROOF OF SERVICE

# EXHIBIT 12



## ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CALIFORNIA 90017-5855

tel +1-213-629-2020
fax +1-213-612-2499

WWW.ORRICK.COM

*VIA EMAIL AND U.S. MAIL*

July 23, 2009

William A. Molinski
(213) 612-2256
wmolinski@orrick.com

Michael T. Zeller, Esq.
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California  90017

Re:   Carter Bryant v. Mattel, Inc. and consolidated actions

Dear Mr. Zeller:

I write in response to your letter dated July 13, 2009.  As we have indicated earlier, we believe that you have misstated both Judge Larson and the Discovery Master's Orders.  That being said, and to avoid unnecessary motions practice, I can confirm that no documents compelled by Order or that were agreed to be produced have been withheld on the basis that those documents relate to a non-party over whom the Court has not been shown to have jurisdiction.

This will also confirm that you informed both me and Peter Villar on our call this week that Mattel has similarly not withheld any documents on this basis.  I trust this resolves this matter to your satisfaction.

Very truly yours,

William A. Molinski

WAM/mmn

cc:   Peter Villar, Esq.
      Jason D. Russell, Esq.

EXHIBIT _12_
PAGE _270_

# EXHIBIT 13

07/17/2009 15:57 FAX                                                                                   ☑0001/0003

# BINGHAM

# Facsimile

DATE:   July 17 2009

| | NAME | FAX | PHONE |
|---|---|---|---|
| TO: | Michael Zeller, Esq.<br>Quinn Emanuel Urquhart Oliver &<br>Hedges, LLP | (213) 443-3100 | (213) 443-3000 |
| FROM: | Peter N. Villar<br>peter.villar@bingham.com | 714.830.0719 | 714.830.0640 |

PAGES:   (INCLUDING THIS COVER PAGE): 3

RE:   Mattel, Inc. v. MGA Entertainment, Inc., et al.

**MESSAGE:**

Please see attached.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

**EXHIBIT __3__**
**PAGE __271__**

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

For transmission problems, please call 714.830.0600
The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above.  If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any unauthorized reading, distribution, copying or disclosure of this transmittal is prohibited.  If you have received this transmittal in error, please notify us immediately at (same telephone number as in first paragraph - will duplicate) and return the transmittal to the sender.  Thank you.

| Timekeeper No: | 34216 | Client/Matter No: | 3009108 | | DATE/TIME STAMP |
|---|---|---|---|---|---|
| Client/Matter Name: | 0000337036 | | | | |
| Return To: | Paul McConnell | | | Floor No: | 18th |

A/73088860.1/3009108-0000337036

07/17/2009 15:57 FAX                                                                                      ☒0002/0005

# BINGHAM

Peter N. Villar
Direct Phone:   714.830.0640
Direct Fax:   714.830.0719
peter.villar@bingham.com

July 17, 2009

**Via Facsimile**

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

**Re:  Mattel, Inc. v. MGA Entertainment, et al.**

Dear Mr. Zeller:

As promised, this letter is meant to update you regarding the issues raised in your July 3 letter and addressed in our subsequent written correspondence and phone conference regarding Omni's and Vision Capital's document productions.

First, you contended that we have improperly redacted certain documents in Omni's production.  As I previously indicated to you, we have reviewed the more than 10,000 pages of documents we produced and can confirm that we have not redacted any documents.  The redactions in the UCC filings appear to have been done by Wachovia before they were sent to Omni.

Second, you contended that we placed confidentiality designations on certain pleadings that are inconsistent with the original designations for those pleadings.  As I previously indicated to you, we agree to treat those pleadings according the original designations referenced in your prior correspondence and spreadsheet.

Finally, you contended that Omni and Vision Capital have failed to produce "any source financial documents" relating to the Wachovia debt acquisition.  However, based on our review of the documents, we have produced multiple documents reflecting and relating to the source of funding including, without limitation, the Omni 808 Investors, LLC Limited Liability Agreement and the Amendment to the Omni 808 Investors, LLC Limited Liability Agreement, which identify each of the members of Omni and the specific amount of each of their investments.  Additionally, we have produced all documents reflecting or relating to IGWT's loans to Omni.  Therefore, we have produced documents demonstrating all of the sources of funding for Omni and the Wachovia debt acquisition.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

EXHIBIT _13_
PAGE _272_

Michael T. Zeller, Esq.
July 17, 2009
Page 2

We do not agree that the Discovery Master's Order was intended to include all highly sensitive "wire transfers, checks or bank statements." However, in an effort to avoid another discovery dispute, we will endeavor to determine whether such documents are in our clients' possession, custody or control. We do not believe the Discovery Master's Order extends to Lexington Financial Limited since, among other reasons, it is not a member of Omni and did not provide any funds to Omni or Wachovia.

We will follow up with you next week once we have heard back from our clients.

Best regards,

Peter N. Villar

cc:    Todd Gordinier
      Annette Hurst
      Jason Russell

EXHIBIT _13_
PAGE _273_

# BINGHAM

# Facsimile

DATE:   July 17 2009

| | NAME | FAX | PHONE |
|---|---|---|---|
| TO: | Michael Zeller, Esq.<br>Quinn Emanuel Urquhart Oliver &<br>Hedges, LLP | (213) 443-3100 | (213) 443-3000 |

| | | | |
|---|---|---|---|
| FROM: | Peter N. Villar<br>peter.villar@bingham.com | 714.830.0719 | 714.830.0640 |

PAGES:   (INCLUDING THIS COVER PAGE): 3

RE:   Mattel, Inc. v. MGA Entertainment, Inc., et al.

**MESSAGE:**

Please see attached.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

**For transmission problems, please call 714.830.0600**

The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any unauthorized reading, distribution, copying or disclosure of this transmittal is prohibited. If you have received this transmittal in error, please notify us immediately at (same telephone number as in first paragraph - will duplicate) and return the transmittal to the sender. Thank you.

| Timekeeper No: | 34216 | Client/Matter No: | 3009108 | DATE/TIME STAMP |
|---|---|---|---|---|
| Client/Matter Name: | 0000337036 | | | |
| Return To: | Paul McConnell | | Floor No: | 18th |

A/73088860.1/3009108-0000337036

EXHIBIT    13
PAGE    274

# EXHIBIT 14

RECEIVED

FEB 2 1 2008

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:     tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, California  94111-5974
7  Telephone:  (415) 984-6400
   Facsimile:  (415) 984-2698
8  Email:      rkennedy@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN,
10 MGA ENTERTAINMENT (HK) LIMITED, and
   MGAE DE MEXICO S.R.L. DE C.V.

11

12                 UNITED STATES DISTRICT COURT

13                 CENTRAL DISTRICT OF CALIFORNIA

14                       EASTERN DIVISION

15  CARTER BRYANT, an individual,      )  CASE NO. CV 04-9049 SGL (RNBx)
                                       )
16              Plaintiff,             )  Consolidated with Case No. 04-9059
                                       )  and Case No. 05-2727
17      v.                             )
                                       )  RESPONSE TO MATTEL, INC'S
18  MATTEL, INC., a Delaware           )  THIRD SET OF REQUESTS FOR
    corporation,                       )  DOCUMENTS AND THINGS TO
19                                     )  ISAAC LARIAN
                                       )
20              Defendant.             )
                                       )
21  _____        )
                                       )
22  Consolidated with                  )
    MATTEL, INC. v. BRYANT and         )
23  MGA ENTERTAINMENT, INC. v.         )
    MATTEL, INC.                       )
24

25  PROPOUNDING PARTY:     MATTEL, INC.

26  RESPONDING PARTY:      ISAAC LARIAN

27  SET NO.:               THREE (3)          EXHIBIT __14__

28                                            PAGE __275__

                              2-21

          RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
             DOCUMENTS AND THINGS TO ISAAC LARIAN

1   Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Isaac Larian
2   ("Larian") hereby submits these responses and objections (the "Response") to Mattel,
3   Inc.'s ("Mattel's") Third Set of Requests for Production of Documents and Things to
4   Isaac Larian (the "Requests").

5   **GENERAL RESPONSE**

6   The General Response and General and Specific Objections set forth herein
7   apply to all documents that Larian may in the future produce in response to the
8   Requests.  The Response is made without waiving, or intending to waive but, on the
9   contrary, expressly reserving:  (a) the right to object, on the grounds of competency,
10  privilege, relevancy or materiality, or any other proper grounds, to the use of the
11  documents, for any purpose in whole or in part, in any subsequent step or proceeding
12  in this action or any other action; (b) the right to object on any and all grounds, at
13  any time, to other requests for production or other discovery procedures involving or
14  relating to the subject matter of the Requests; and (c) the right at any time to revise,
15  correct, add to, or clarify any of the responses propounded herein.

16  Larian's responses herein reflect only the present state of Larian's discovery
17  regarding the documents that Mattel seeks.  Discovery for Phase Two is currently
18  stayed and will continue if and when the court lifts the stay, and other investigation
19  or research concerning this litigation is continuing.  It is anticipated that further
20  discovery, independent investigation, and legal research and analysis will supply
21  additional facts and meaning to the known facts, as well as establish entirely new
22  factual conclusions, all of which may lead Larian to discover other documents
23  responsive to these Requests.  Larian therefore reserves the right to amend or
24  supplement this Response at any time in light of future investigation, research or
25  analysis, and also expressly reserves the right to rely on, at any time, including trial,
26  subsequently discovered information omitted from this Response as a result of
27  mistake, error, oversight or inadvertence.  Larian does not hereby admit, adopt or
28

1

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO ISAAC LARIAN

EXHIBIT 14
PAGE 276

1   acquiesce in any factual or legal contention, assertion or characterization contained

2   in the Requests, even where Larian has not otherwise objected to a particular request,

3   or has agreed to produce documents responsive to a particular request.

4         Except as otherwise stated below, an objection to a specific document request

5   does not imply that documents responsive to the request exist or have ever existed.

6   In addition, an agreement to produce documents responsive to any specific document

7   request does not imply that documents responsive to the request exist or have existed;

8   rather, it is an agreement to produce non-privileged documents responsive to that

9   particular document request as limited by or interpreted in any applicable General or

10  Specific objections, if any exist.  Production of any document is not intended as, and,

11  to the extent permitted by law, shall not be deemed to be, a waiver of any objection

12  set forth herein or an admission that the produced document is "relevant" to any

13  claim or defense, as that term is used in Federal Rule of Civil Procedure 26(b)(1).

14                          **GENERAL OBJECTIONS**

15        Larian incorporates the following General Objections, as well as the General

16  Response, into his Specific Responses and Objections to each and every request for

17  documents contained in the Requests:

18        1.    Larian objects to these Requests as untimely and unenforceable to

19  the extent they seek documents relating to Phase One.  Under Federal Rule of Civil

20  Procedure 34(b) and the Court's October 31, 2007 scheduling order, the last day to

21  serve document requests relating to Phase One was December 28, 2007 – 30 days

22  before the fact discovery cut-off.  Mattel served these Requests on January 22, 2008

23  – more than three weeks past the deadline and just four (4) court days before the

24  discovery cut-off for Phase One.  The Requests are therefore untimely, and represent

25  an unreasonable delay and an improper attempt to re-open Phase One discovery by

26  Mattel after the court-ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S.

27  Dist. LEXIS 3479, *18 (D. Nev. 2007) ("The Court also finds that *Defendants have*

28

2

EXHIBIT _14_

PAGE _277_

1   *been guilty of unreasonable delay in serving written discovery on Plaintiffs, which*

2   *they first served* on November 20, 2006, *less than 30 days before the discovery cut-*

3   *off date . . . .* Defendants have not made any showing that there were reasonable

4   grounds to serve its discovery requests less than 30 days before the discovery cut-off

5   date in this action, and the Court would not otherwise extend or reopen discovery for

6   that purpose alone.  Although the Court will extend discovery in regard to the

7   disclosure of expert rebuttal reports and depositions of the experts, *the Court will not*

8   *reopen discovery in regard to Defendants' untimely written discovery requests.*"

9   (emphasis added)); <u>Mfr. Direct, LLC v. DirectBuy, Inc.</u>, 2007 U.S. Dist. LEXIS

10  87371, *6-7 (N.D. Ind. 2007) ("DirectBuy has offered no explanation grounded in

11  relevancy, burden, or breadth for its failure to respond to Manufacturer Direct's May

12  discovery request.  *Regarding the June request, DirectBuy has stated that it is under*

13  *no obligation to respond to the June discovery request because it was made less than*

14  *30 days before the close of discovery.*  <u>See, e.g.</u>, <u>Autotech Technologies Limited</u>

15  <u>Partnership v. Automationdirect.com, Inc.</u>, 2007 U.S. Dist. LEXIS 69135, 2007 WL

16  2746654 at *3 (N.D. Ill. Sept. 18, 2007) ('Given the fact that the ADC parties had 30

17  days to respond, the request was an obvious violation of Local Rule 16.1'); <u>Finwall v.</u>

18  <u>City of Chicago</u>, 239 F.R.D. 494, 498-99 (N.D. Ill. 2006)('[A] deadline for discovery

19  means that discovery must be *completed by that date*') (emphasis in original).

20  Similarly, this court set June 29, 2007 as the date discovery should be completed.

21  *Discovery requests served less than the 30 days provided by the Federal Rules within*

22  *which to respond are made at the risk of non-compliance before the end of the*

23  *discovery period. Accordingly, the plaintiff's motion is* GRANTED with respect to

24  the discovery request made in May 2007 and *DENIED with respect to the June*

25  *requests.*"  (emphasis added)).

26          2.      Larian further objects to these requests as untimely and

27  unenforceable to the extent they seek documents relating to Phase Two, because

28

EXHIBIT  14
PAGE  278

1  Phase Two discovery has been and remains stayed by court order.  Specifically, in

2  the Court's February 4, 2008 Order, Judge Larson stayed all Phase Two discovery

3  until further order of the Court.  Accordingly, Larian has no obligation to respond to

4  these Requests insofar as they seek documents related to Phase Two, unless and until

5  the Court lifts the Phase Two discovery stay, and Larian therefore hereby preserves

6  all objections.

7          3.      Larian objects to the date and place of production on the grounds

8  that the Requests impose an undue burden on Larian.  The time set for compliance is

9  unduly burdensome, especially in light of the duplicative nature of the Requests and

10  the scope and volume of the material being sought.  To the extent Larian later agrees

11  to produce responsive documents, Larian intends to proceed expeditiously to collect

12  the documents for production, if any, and will produce them at a date and time, and

13  in such a manner, as may be mutually agreed to by counsel for the parties.

14          4.      Larian objects to the Requests to the extent that they seek

15  documents not relevant to the claims or defenses in this action and are not reasonably

16  calculated to lead to the discovery of admissible evidence.

17          5.      Larian objects to the Requests on the grounds that they are overly

18  broad and unduly burdensome.

19          6.      Larian objects to the Requests insofar as they seek documents

20  that are protected from disclosure under any applicable privilege, doctrine or

21  immunity, including without limitation the attorney-client privilege, the attorney

22  work product doctrine, the right of privacy, and all other privileges recognized under

23  the constitutional, statutory or decisional law of the United States of America or any

24  other applicable jurisdiction.  Larian shall not produce such documents in response to

25  Mattel's Request.  Any production of such protected or privileged materials is

26  inadvertent and shall not be construed as a waiver of those privileges or protections.

27

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO ISAAC LARIAN

EXHIBIT _14_
PAGE _279_

7.      Larian objects to the Requests insofar as they seek documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel from public sources or third parties.

8.      Larian objects to the Requests insofar as they seek production of documents (1) not within his possession, custody or control; (2) that Larian cannot locate after a reasonably diligent search; or (3) that refer to persons, entities, or events not known to Larian.  Such instructions, definitions, or requests are objectionable where they subject Larian to unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to impose upon Larian an obligation to produce documents from sources equally accessible to Mattel.  To the extent Larian may in the future agree to produce documents in response to the Requests, Larian will make a reasonably diligent search for responsive documents within his possession, custody or control.

9.      In responding to Mattel's Requests, Larian has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by Federal law.

10.     Larian objects to each and every request to the extent it purports to require Larian to search all documents and things within his possession or all such documents from a broad category, custody or control or within the possession, custody or control of any of Larian's current or former directors, officers, employees, agents, contractors, attorneys, accountants, or representatives of Larian, and any current or former corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest of Larian, and any other person acting on its behalf, on the grounds that such request is unreasonable, overbroad, unduly burdensome and oppressive, violates the right to privacy, and purports to require Larian to search for documents not within his possession, custody

5

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO ISAAC LARIAN

EXHIBIT _14_
PAGE _280_

1 | or control.  To the extent that Larian may in the future agree to produce documents in

2 | response to the Requests, Larian will make a reasonably diligent search for

3 | responsive documents within his possession, custody, or control.

4 |        11.    Larian objects to each and every request to the extent it seeks all

5 | documents or "each . . . document" responsive to a certain category on the grounds

6 | that such request is overbroad and unduly burdensome and oppressive.  Larian will

7 | not respond to duplicative or cumulative requests and, to the extent that he may in

8 | the future agree to produce documents in response to the Requests, Larian will not

9 | re-produce documents he has already produced or produce documents that he has

10 | received from Mattel or others in the course of discovery in this matter.

11 |        12.    Larian objects to the Requests insofar as they seek production of

12 | confidential, proprietary, or trade-secret information, the disclosure of which would

13 | be inimical to the business interests of Larian.

14 |        13.    Larian objects to each request to the extent it violates the privacy

15 | rights of third parties to their private, confidential, proprietary or trade secret

16 | information.

17 |        14.    Larian objects to each request to the extent it seeks information

18 | relating to the activities or conduct of other entities or non-parties.

19 |        15.    Larian objects to each request to the extent it seeks information

20 | relating to activities or conduct in foreign countries.

21 |        16.    Larian objects to the Definitions and Instructions to the extent

22 | such Definitions and Instructions purport to enlarge, expand, or alter in any way the

23 | plain meaning and scope of any specific term or specific request on the ground that

24 | such enlargement, expansion, or alteration renders such a term or request vague,

25 | ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

26 |        17.    Larian objects to the Instructions to the extent that they purport to

27 | deprive Larian of the right to redact information from any documents "for any

28 |

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO ISAAC LARIAN

EXHIBIT  14
PAGE  281

1  reason." Larian retains and reserves the right to redact documents on any

2  appropriate grounds, including in particular for privilege.

3     18. Larian objects to the Instructions to the extent that they purport to

4  unilaterally require Larian to produce documents in any manner inconsistent with

5  any prior agreement between the parties. Larian will continue to produce documents

6  in conformity with the prior agreements between the parties.

7     19. Larian specifically objects to the following definitions in the

8  Requests:

9     (a) Larian objects to the terms "YOU," "YOUR" and

10  "LARIAN" (Definitions ¶ A) as vague, ambiguous, overbroad, and unduly

11  burdensome. The definition includes "Isaac Larian and any individual or entity

12  acting directly or indirectly by, through, under or on behalf of Isaac Larian, including

13  but not limited to current or former directors, officers, agents, attorneys, employees,

14  partners, joint venturers, contractors, accountants, or representatives of Isaac Larian

15  or any entity under the control or direction of Isaac Larian (including but not limited

16  to MGA), and any corporation, partnership, association, trust, predecessor-in-interest

17  and successor-in-interest, and any other PERSON acting on behalf of Isaac Larian or

18  pursuant to his authority or subject to his control." Because of Mattel's

19  incorporating the overbroad definition of "MGA" (Definitions ¶ C) as including

20  "MGA Entertainment, Inc. and any PERSON acting directly or indirectly by,

21  through, under or on behalf of MGA Entertainment, Inc., including but not limited to,

22  current or former directors, officers, employees, agents, contractors, attorneys,

23  accountants, or representatives of MGA Entertainment, Inc., and any current or

24  former corporation, partnership, association, trust, parent, subsidiary, division,

25  AFFILIATE, predecessor-in-interest and successor-in-interest of MGA

26  Entertainment, Inc., and any other PERSON acting on its behalf," and because of

27  Mattel's incorporating of the overbroad definition of "AFFILIATES" (Definitions

28

7

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR<br>DOCUMENTS AND THINGS TO ISAAC LARIAN

EXHIBIT  14<br>PAGE  282

¶ D) as including "any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation, each parent, subsidiary and joint venture of such PERSON, party or entity," it is impossible for Larian to know whether a particular person comes within this definition unless that person or entity at some point in time held himself or herself out as being affiliated with MGA. Thus, "YOU" and "YOUR" will be interpreted to mean Larian, and MGA will be interpreted to mean and all persons or entities who hold themselves out to Larian as officers, employees, agents, subsidiaries or divisions of MGA.

(b)    Larian also objects to the terms "RELATING," "RELATING TO," "REFERS TO," "REFERRING OR RELATING TO," and "REFER OR RELATE TO" (Definitions ¶ E) on the grounds and to the extent they are overbroad, unduly burdensome, and/or are vague and ambiguous in the context of the Requests as written and as those requests would be plainly understood absent Mattel's definitions.

20.    Larian objects to the Requests to the extent they seek the production of documents in their native format where the burden of such production outweighs the likelihood of discovering information that is relevant to the subject matter of the claims or defenses in this action or calculated to lead to the discovery of admissible evidence.

21.    Larian objects to the Requests on the grounds that they are harassing, oppressive and unduly burdensome. Before these Requests, Mattel has already propounded over 2,700 requests for documents and things to MGA, MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

EXHIBIT 14
PAGE 283

1 ("the MGA Parties"), in response to which the MGA Parties have already produced

2 over 4.2 million pages of responsive documents.

3 **SPECIFIC RESPONSES AND OBJECTIONS**

4 Without waiving or departing from its General Response and General

5 Objections and specifically incorporating its General Response and General

6 Objections into each of the Specific Responses and Objections below, Larian makes

7 the following specific responses and objections to the Requests:

8 REQUEST FOR PRODUCTION NO. 1:

9 DOCUMENTS sufficient to IDENTIFY any OFFSITE STORAGE

10 FACILITIES used by YOU since 1995.

11 RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

12 Larian incorporates by reference its General Response and General Objections

13 above, as though fully set forth herein.

14 Larian objects to this request as untimely and unenforceable to the extent it

15 seeks documents relating to Phase One.  Under Federal Rule of Civil Procedure 34(b)

16 and the Court's October 31, 2007 scheduling order, the last day to serve document

17 requests relating to Phase One was December 28, 2007 – 30 days before the fact

18 discovery cut-off.  Mattel served this request on January 22, 2008 – more than three

19 weeks past the deadline and just four (4) court days before the discovery cut-off for

20 Phase One.  The request is therefore untimely, and represents an unreasonable delay

21 and an improper attempt to re-open Phase One discovery by Mattel after the court-

22 ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S. Dist. LEXIS 3479,

23 *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007 U.S. Dist. LEXIS

24 87371, *6-7 (N.D. Ind. 2007).

25 Larian further objects to the request to the extent it seeks the production of

26 documents that are protected from disclosure under any applicable privilege, doctrine

27 or immunity, including without limitation the attorney-client privilege, the work

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO ISAAC LARIAN

EXHIBIT _14_
PAGE _284_

1    product doctrine, the right of privacy, and all other privileges recognized under the

2    constitutional, statutory or decisional law of the United States of America, the State

3    of California or any other applicable jurisdiction.  Larian further objects to this

4    request on the grounds that it is overbroad in its use of the term YOU and its

5    incorporated terms MGA and AFFILIATES.  Larian further objects to this request on

6    the grounds that it is overly broad and unduly burdensome in that it seeks documents

7    not relevant to the claims or defenses in this action and not reasonably calculated to

8    lead to the discovery of admissible evidence.  Mattel has not demonstrated how

9    DOCUMENTS sufficient to IDENTIFY *any* OFFSITE STORAGE FACILITIES

10   used by YOU *since 1995* could be relevant to the claims and defenses in this action.

11   The request is not limited to the subject matter of this action and is thus

12   impermissibly overbroad.  See Judge Infante's December 31, 2007 Order at 5:22-26,

13   8:1-3; see also Judge Infante's August 13, 2007 Order at 9:17-20; see also Judge

14   Infante's May 22, 2007 Order at 21:5-7.  Larian further objects to this request as

15   being overly broad and unduly burdensome on the grounds that it is not limited in

16   geographical scope and seeks documents since 1995—nearly ten years before this

17   case was filed and well before any of the allegations associated with any claims or

18   defenses.  See Judge Infante's December 31, 2007 Order at 5:22-26, 8:1-3, 14:25-

19   15:1.  Larian further objects to the request to the extent that it seeks documents that

20   by reason of public filing, public distribution or otherwise are already in Mattel's

21   possession or are readily accessible to Mattel, or available to Mattel from a source

22   that is more convienient, less burdensome, or less expensive.  See Judge Infante's

23   December 31, 2007 Order at 14:1-6, 19:4-7.  Larian further objects to the request to

24   the extent that it seeks documents not in Larian's possession, custody or control.

25         Larian further objects to this request as cumulative, duplicative, and unduly

26   burdensome to the extent that it seeks documents previously requested by Mattel or

27   produced by MGA (or any of its affiliates) in response to Mattel's document requests.

28

10

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO ISAAC LARIAN

EXHIBIT __14__
PAGE __285__

1   For example, this request is an exact duplicate of and completely coextensive with

2   (based on Mattel's definitions for these Requests and the related sets of requests)

3   Request No. 1 from Mattel, Inc.'s Seventh Set of Requests for Documents and

4   Things to MGA Entertainment, Inc., Request No. 1 from Mattel, Inc.'s Third Set of

5   Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., and

6   Request No. 1 from Mattel, Inc.'s Third Set of Requests for Documents and Things

7   to MGA Entertainment (HK) Limited.  Additionally, (based on Mattel's definitions

8   for these Requests and the related sets of requests) this request is completely

9   equivalent to and coextensive with Request No. 2 from these Requests, as well as

10  Request No. 2 from Mattel, Inc.'s Seventh Set of Requests for Documents and

11  Things to MGA Entertainment, Inc., Request No. 2 from Mattel, Inc.'s Third Set of

12  Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., and

13  Request No. 2 from Mattel, Inc.'s Third Set of Requests for Documents and Things

14  to MGA Entertainment (HK) Limited.

15       Larian further objects to this request as untimely and unenforceable to the

16  extent it seeks documents relating to Phase Two, because Phase Two discovery has

17  been and remains stayed by court order.  Specifically, in the Court's February 4,

18  2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

19  Court.  Accordingly, Larian has no obligation to respond to this request insofar as it

20  seeks documents related to Phase Two, unless and until the Court lifts the Phase Two

21  discovery stay, and Larian therefore hereby preserves all objections.

22  REQUEST FOR PRODUCTION NO. 2:

23       DOCUMENTS sufficient to IDENTIFY any OFFSITE STORAGE

24  FACILITIES used by YOUR AFFILIATES since 1995.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

26       Larian incorporates by reference its General Response and General Objections

27  above, as though fully set forth herein.

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO ISAAC LARIAN

EXHIBIT __14__
PAGE __286__

1    Larian objects to this request as untimely and unenforceable to the extent it

2   seeks documents relating to Phase One.  Under Federal Rule of Civil Procedure 34(b)

3   and the Court's October 31, 2007 scheduling order, the last day to serve document

4   requests relating to Phase One was December 28, 2007 – 30 days before the fact

5   discovery cut-off.  Mattel served this request on January 22, 2008 – more than three

6   weeks past the deadline and just four (4) court days before the discovery cut-off for

7   Phase One.  The request is therefore untimely, and represents an unreasonable delay

8   and an improper attempt to re-open Phase One discovery by Mattel after the court-

9   ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S. Dist. LEXIS 3479,

10  *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007 U.S. Dist. LEXIS

11  87371, *6-7 (N.D. Ind. 2007).

12    Larian further objects to the request to the extent it seeks the production of

13  documents that are protected from disclosure under any applicable privilege, doctrine

14  or immunity, including without limitation the attorney-client privilege, the work

15  product doctrine, the right of privacy, and all other privileges recognized under the

16  constitutional, statutory or decisional law of the United States of America, the State

17  of California or any other applicable jurisdiction.  Larian further objects to this

18  request on the grounds that it is overbroad in its use of the term YOUR and its

19  incorporated terms MGA and AFFILIATES.  Larian further objects to this request on

20  the grounds that it is overly broad and unduly burdensome in that it seeks documents

21  not relevant to the claims or defenses in this action and not reasonably calculated to

22  lead to the discovery of admissible evidence.  Mattel has not demonstrated how

23  DOCUMENTS sufficient to IDENTIFY *any* OFFSITE STORAGE FACILITIES

24  used by YOUR AFFILIATES *since 1995* could be relevant to the claims and

25  defenses in this action.  The request is not limited to the subject matter of this action

26  and is thus impermissibly overbroad.  See Judge Infante's December 31, 2007 Order

27  at 5:22-26, 8:1-3; see also Judge Infante's August 13, 2007 Order at 9:17-20; see

28

12

EXHIBIT  14
PAGE  287

1    also Judge Infante's May 22, 2007 Order at 21:5-7. Larian further objects to this

2    request as being overly broad and unduly burdensome on the grounds that it is not

3    limited in geographical scope and seeks documents since 1995—nearly ten years

4    before this case was filed and well before any of the allegations associated with any

5    claims or defenses. See Judge Infante's December 31, 2007 Order at 5:22-26, 8:1-3,

6    14:25-15:1. Larian further objects to the request to the extent that it seeks documents

7    that by reason of public filing, public distribution or otherwise are already in

8    Mattel's possession or are readily accessible to Mattel, or available to Mattel from a

9    source that is more convienient, less burdensome, or less expensive. See Judge

10   Infante's December 31, 2007 Order at 14:1-6, 19:4-7. Larian further objects to the

11   request to the extent that it seeks documents not in Larian's possession, custody or

12   control.

13        Larian further objects to this request as cumulative, duplicative, and unduly

14   burdensome to the extent that it seeks documents previously requested by Mattel or

15   produced by MGA (or any of its affiliates) in response to Mattel's document requests.

16   For example, this request is an exact duplicate of and completely coextensive with

17   (based on Mattel's definitions for these Requests and the related sets of requests)

18   Request No. 2 from Mattel, Inc.'s Seventh Set of Requests for Documents and

19   Things to MGA Entertainment, Inc., Request No. 2 from Mattel, Inc.'s Third Set of

20   Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., and

21   Request No. 2 from Mattel, Inc.'s Third Set of Requests for Documents and Things

22   to MGA Entertainment (HK) Limited. Additionally, (based on Mattel's definitions

23   for these Requests and the related sets of requests) this request is completely

24   equivalent to and coextensive with Request No. 1 from these Requests, as well as

25   Request No. 1 from Mattel, Inc.'s Seventh Set of Requests for Documents and

26   Things to MGA Entertainment, Inc., Request No. 1 from Mattel, Inc.'s Third Set of

27   Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., and

28

13

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO ISAAC LARIAN

EXHIBIT 14
PAGE 288

1   Request No. 1 from Mattel, Inc.'s Third Set of Requests for Documents and Things
2   to MGA Entertainment (HK) Limited.
3        Larian further objects to this request as untimely and unenforceable to the
4   extent it seeks documents relating to Phase Two, because Phase Two discovery has
5   been and remains stayed by court order.  Specifically, in the Court's February 4,
6   2008 Order, Judge Larson stayed all Phase Two discovery until further order of the
7   Court.  Accordingly, Larian has no obligation to respond to this request insofar as it
8   seeks documents related to Phase Two, unless and until the Court lifts the Phase Two
9   discovery stay, and Larian therefore hereby preserves all objections.
10   REQUEST FOR PRODUCTION NO. 3:
11        Each log, record, index, file or other DOCUMENT IDENTIFYING or listing
12   YOUR DOCUMENTS or any tangible things stored at the OFFSITE STORAGE
13   FACILITIES since 1995.
14   RESPONSE TO REQUEST FOR PRODUCTION NO. 3:
15        Larian incorporates by reference its General Response and General Objections
16   above, as though fully set forth herein.
17        Larian objects to this request as untimely and unenforceable to the extent it
18   seeks documents relating to Phase One.  Under Federal Rule of Civil Procedure 34(b)
19   and the Court's October 31, 2007 scheduling order, the last day to serve document
20   requests relating to Phase One was December 28, 2007 – 30 days before the fact
21   discovery cut-off.  Mattel served this request on January 22, 2008 – more than three
22   weeks past the deadline and just four (4) court days before the discovery cut-off for
23   Phase One.  The request is therefore untimely, and represents an unreasonable delay
24   and an improper attempt to re-open Phase One discovery by Mattel after the court-
25   ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S. Dist. LEXIS 3479,
26   *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007 U.S. Dist. LEXIS
27   87371, *6-7 (N.D. Ind. 2007).
28

14

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO ISAAC LARIAN

EXHIBIT 14
PAGE 289

1    Larian further objects to the request to the extent it seeks the production of

2    documents that are protected from disclosure under any applicable privilege, doctrine

3    or immunity, including without limitation the attorney-client privilege, the work

4    product doctrine, the right of privacy, and all other privileges recognized under the

5    constitutional, statutory or decisional law of the United States of America, the State

6    of California or any other applicable jurisdiction.  Larian further objects to this

7    request on the grounds that it is overbroad in its use of the term YOUR and its

8    incorporated terms MGA and AFFILIATES.  Larian further objects to this request on

9    the grounds that it is overly broad and unduly burdensome in that it seeks documents

10   not relevant to the claims or defenses in this action and not reasonably calculated to

11   lead to the discovery of admissible evidence.  Mattel has not demonstrated how *each*

12   log, record, index file or other DOCUMENT IDENTIFYING or listing YOUR

13   DOCUMENTS or *any* tangible things stored at the OFFSITE STORAGE

14   FACILITIES *since 1995* could be relevant to the claims and defenses in this action.

15   The request is not limited to the subject matter of this action and is thus

16   impermissibly overbroad.  See Judge Infante's December 31, 2007 Order at 5:22-26,

17   8:1-3; see also Judge Infante's August 13, 2007 Order at 9:17-20; see also Judge

18   Infante's May 22, 2007 Order at 21:5-7.  Larian further objects to this request as

19   being overly broad and unduly burdensome on the grounds that it is not limited in

20   geographical scope and seeks documents since 1995—nearly ten years before this

21   case was filed and well before any of the allegations associated with any claims or

22   defenses.  See Judge Infante's December 31, 2007 Order at 5:22-26, 8:1-3, 14:25-

23   15:1.  Larian further objects to the request to the extent that it seeks documents that

24   by reason of public filing, public distribution or otherwise are already in Mattel's

25   possession or are readily accessible to Mattel, or available to Mattel from a source

26   that is more convenient, less burdensome, or less expensive.  See Judge Infante's

27

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO ISAAC LARIAN

EXHIBIT _14_
PAGE _290_

1 December 31, 2007 Order at 14:1-6, 19:4-7. Larian further objects to the request to

2 the extent that it seeks documents not in Larian's possession, custody or control.

3       Larian further objects to this request as cumulative, duplicative, and unduly

4 burdensome to the extent that it seeks documents previously requested by Mattel or

5 produced by MGA (or any of its affiliates) in response to Mattel's document requests.

6 For example, this request is an exact duplicate of and completely coextensive with

7 (based on Mattel's definitions for these Requests and the related sets of requests)

8 Request No. 3 from Mattel, Inc.'s Seventh Set of Requests for Documents and

9 Things to MGA Entertainment, Inc., Request No. 3 from Mattel, Inc.'s Third Set of

10 Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., and

11 Request No. 3 from Mattel, Inc.'s Third Set of Requests for Documents and Things

12 to MGA Entertainment (HK) Limited. Additionally, (based on Mattel's definitions

13 for these Requests and the related sets of requests) this request is completely

14 equivalent to and coextensive with Request No. 4 from these Requests, as well as

15 Request No. 4 from Mattel, Inc.'s Seventh Set of Requests for Documents and

16 Things to MGA Entertainment, Inc., Request No. 1 from Mattel, Inc.'s Third Set of

17 Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., and

18 Request No. 4 from Mattel, Inc.'s Third Set of Requests for Documents and Things

19 to MGA Entertainment (HK) Limited. This request also has substantial if not

20 complete overlap with Request Nos. 5 and 6 from these Requests, as well as Request

21 Nos. 5 and 6 from Mattel, Inc.'s Seventh Set of Requests for Documents and Things

22 to MGA Entertainment, Inc., Request Nos. 5 and 6 from Mattel, Inc.'s Third Set of

23 Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., and

24 Request Nos. 5 and 6 from Mattel, Inc.'s Third Set of Requests for Documents and

25 Things to MGA Entertainment (HK) Limited.

26       Larian further objects to this request as untimely and unenforceable to the

27 extent it seeks documents relating to Phase Two, because Phase Two discovery has

28

16

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO ISAAC LARIAN

EXHIBIT 14
PAGE 291

1   been and remains stayed by court order.  Specifically, in the Court's February 4,

2   2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

3   Court.  Accordingly, Larian has no obligation to respond to this request insofar as it

4   seeks documents related to Phase Two, unless and until the Court lifts the Phase Two

5   discovery stay, and Larian therefore hereby preserves all objections.

6   REQUEST FOR PRODUCTION NO. 4:

7       Each log, record, index, file or other DOCUMENT IDENTIFYING or listing

8   YOUR AFFILIATES' DOCUMENTS or any tangible things stored at the OFFSITE

9   STORAGE FACILITIES since 1995.

10   RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

11       Larian incorporates by reference its General Response and General Objections

12   above, as though fully set forth herein.

13       Larian objects to this request as untimely and unenforceable to the extent it

14   seeks documents relating to Phase One.  Under Federal Rule of Civil Procedure 34(b)

15   and the Court's October 31, 2007 scheduling order, the last day to serve document

16   requests relating to Phase One was December 28, 2007 – 30 days before the fact

17   discovery cut-off.  Mattel served this request on January 22, 2008 – more than three

18   weeks past the deadline and just four (4) court days before the discovery cut-off for

19   Phase One.  The request is therefore untimely, and represents an unreasonable delay

20   and an improper attempt to re-open Phase One discovery by Mattel after the court-

21   ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S. Dist. LEXIS 3479,

22   *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007 U.S. Dist. LEXIS

23   87371, *6-7 (N.D. Ind. 2007).

24       Larian further objects to the request to the extent it seeks the production of

25   documents that are protected from disclosure under any applicable privilege, doctrine

26   or immunity, including without limitation the attorney-client privilege, the work

27   product doctrine, the right of privacy, and all other privileges recognized under the

28

17

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO ISAAC LARIAN

EXHIBIT   14
PAGE   292

1   constitutional, statutory or decisional law of the United States of America, the State

2   of California or any other applicable jurisdiction.  Larian further objects to this

3   request on the grounds that it is overbroad in its use of the term YOUR and its

4   incorporated terms MGA and AFFILIATES.  Larian further objects to this request on

5   the grounds that it is overly broad and unduly burdensome in that it seeks documents

6   not relevant to the claims or defenses in this action and not reasonably calculated to

7   lead to the discovery of admissible evidence.  Mattel has not demonstrated how *each*

8   log, record, index file or other DOCUMENT IDENTIFYING or listing YOUR

9   AFFILIATES' DOCUMENTS or *any* tangible things stored at the OFFSITE

10  STORAGE FACILITIES *since 1995* could be relevant to the claims and defenses in

11  this action.  The request is not limited to the subject matter of this action and is thus

12  impermissibly overbroad.  <u>See</u> Judge Infante's December 31, 2007 Order at 5:22-26,

13  8:1-3; <u>see also</u> Judge Infante's August 13, 2007 Order at 9:17-20; <u>see also</u> Judge

14  Infante's May 22, 2007 Order at 21:5-7.  Larian further objects to this request as

15  being overly broad and unduly burdensome on the grounds that it is not limited in

16  geographical scope and seeks documents since 1995—nearly ten years before this

17  case was filed and well before any of the allegations associated with any claims or

18  defenses.  <u>See</u> Judge Infante's December 31, 2007 Order at 5:22-26, 8:1-3, 14:25-

19  15:1.  Larian further objects to the request to the extent that it seeks documents that

20  by reason of public filing, public distribution or otherwise are already in Mattel's

21  possession or are readily accessible to Mattel, or available to Mattel from a source

22  that is more convenient, less burdensome, or less expensive.  <u>See</u> Judge Infante's

23  December 31, 2007 Order at 14:1-6, 19:4-7.  Larian further objects to the request to

24  the extent that it seeks documents not in Larian's possession, custody or control.

25       Larian further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

28

18

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO ISAAC LARIAN

EXHIBIT __14__

PAGE __293__

1  For example, this request is an exact duplicate of and completely coextensive with

2  (based on Mattel's definitions for these Requests and the related sets of requests)

3  Request No. 4 from Mattel, Inc.'s Seventh Set of Requests for Documents and

4  Things to MGA Entertainment, Inc., Request No. 4 from Mattel, Inc.'s Third Set of

5  Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., and

6  Request No. 4 from Mattel, Inc.'s Third Set of Requests for Documents and Things

7  to MGA Entertainment (HK) Limited.  Additionally, (based on Mattel's definitions

8  for these Requests and the related sets of requests) this request is completely

9  equivalent to and coextensive with Request No. 3 from these Requests, as well as

10  Request No. 3 from Mattel, Inc.'s Seventh Set of Requests for Documents and

11  Things to MGA Entertainment, Inc., Request No. 3 from Mattel, Inc.'s Third Set of

12  Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., and

13  Request No. 3 from Mattel, Inc.'s Third Set of Requests for Documents and Things

14  to MGA Entertainment (HK) Limited.  This request also has substantial if not

15  complete overlap with Request Nos. 5 and 6 from these Requests, as well as Request

16  Nos. 5 and 6 from Mattel, Inc.'s Seventh Set of Requests for Documents and Things

17  to MGA Entertainment, Inc., Request Nos. 5 and 6 from Mattel, Inc.'s Third Set of

18  Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., and

19  Request Nos. 5 and 6 from Mattel, Inc.'s Third Set of Requests for Documents and

20  Things to MGA Entertainment (HK) Limited.

21       Larian further objects to this request as untimely and unenforceable to the

22  extent it seeks documents relating to Phase Two, because Phase Two discovery has

23  been and remains stayed by court order.  Specifically, in the Court's February 4,

24  2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

25  Court.  Accordingly, Larian has no obligation to respond to this request insofar as it

26  seeks documents related to Phase Two, unless and until the Court lifts the Phase Two

27  discovery stay, and Larian therefore hereby preserves all objections.

28

19

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO ISAAC LARIAN

EXHIBIT  14
PAGE  296

**REQUEST FOR PRODUCTION NO. 5:**

Each log, record, index, file or other DOCUMENT IDENTIFYING or listing YOUR DOCUMENTS or any tangible things that have been sent to or received from the OFFSITE STORAGE FACILITIES since 1995, including when the DOCUMENTS or any tangible things were sent and/or received.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Larian incorporates by reference its General Response and General Objections above, as though fully set forth herein.

Larian objects to this request as untimely and unenforceable to the extent it seeks documents relating to Phase One. Under Federal Rule of Civil Procedure 34(b) and the Court's October 31, 2007 scheduling order, the last day to serve document requests relating to Phase One was December 28, 2007 – 30 days before the fact discovery cut-off. Mattel served this request on January 22, 2008 – more than three weeks past the deadline and just four (4) court days before the discovery cut-off for Phase One. The request is therefore untimely, and represents an unreasonable delay and an improper attempt to re-open Phase One discovery by Mattel after the court-ordered discovery cut-off. Andrews v. Raphaelson, 2007 U.S. Dist. LEXIS 3479, *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007 U.S. Dist. LEXIS 87371, *6-7 (N.D. Ind. 2007).

Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request on the grounds that it is overbroad in its use of the term YOUR and its incorporated terms MGA and AFFILIATES. Larian further objects to this request on

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR DOCUMENTS AND THINGS TO ISAAC LARIAN

EXHIBIT 14
PAGE 295

1  the grounds that it is overly broad and unduly burdensome in that it seeks documents

2  not relevant to the claims or defenses in this action and not reasonably calculated to

3  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *each*

4  log, record, index file or other DOCUMENT IDENTIFYING or listing YOUR

5  DOCUMENTS or *any* tangible things that have been sent to or received from the

6  OFFSITE STORAGE FACILITIES *since 1995*, including when the DOCUMENTS

7  or *any* tangible things were sent and/or received could be relevant to the claims and

8  defenses in this action.  The request is not limited to the subject matter of this action

9  and is thus impermissibly overbroad.  See Judge Infante's December 31, 2007 Order

10  at 5:22-26, 8:1-3; see also Judge Infante's August 13, 2007 Order at 9:17-20; see

11  also Judge Infante's May 22, 2007 Order at 21:5-7.  Larian further objects to this

12  request as being overly broad and unduly burdensome on the grounds that it is not

13  limited in geographical scope and seeks documents since 1995—nearly ten years

14  before this case was filed and well before any of the allegations associated with any

15  claims or defenses.  See Judge Infante's December 31, 2007 Order at 5:22-26, 8:1-3,

16  14:25-15:1.  Larian further objects to the request to the extent that it seeks documents

17  that by reason of public filing, public distribution or otherwise are already in

18  Mattel's possession or are readily accessible to Mattel, or available to Mattel from a

19  source that is more convenient, less burdensome, or less expensive.  See Judge

20  Infante's December 31, 2007 Order at 14:1-6, 19:4-7.  Larian further objects to the

21  request to the extent that it seeks documents not in Larian's possession, custody or

22  control.

23       Larian further objects to this request as cumulative, duplicative, and unduly

24  burdensome to the extent that it seeks documents previously requested by Mattel or

25  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

26  For example, this request is an exact duplicate of and completely coextensive with

27  (based on Mattel's definitions for these Requests and the related sets of requests)

28

21

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO ISAAC LARIAN

EXHIBIT  14
PAGE  296

1   Request No. 5 from Mattel, Inc.'s Seventh Set of Requests for Documents and

2   Things to MGA Entertainment, Inc., Request No. 5 from Mattel, Inc.'s Third Set of

3   Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., and

4   Request No. 5 from Mattel, Inc.'s Third Set of Requests for Documents and Things

5   to MGA Entertainment (HK) Limited.  Additionally, (based on Mattel's definitions

6   for these Requests and the related sets of requests) this request is completely

7   equivalent to and coextensive with Request No. 6 from these Requests, as well as

8   Request No. 6 from Mattel, Inc.'s Seventh Set of Requests for Documents and

9   Things to MGA Entertainment, Inc., Request No. 6 from Mattel, Inc.'s Third Set of

10  Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., and

11  Request No. 6 from Mattel, Inc.'s Third Set of Requests for Documents and Things

12  to MGA Entertainment (HK) Limited, and Request No. 6 from Mattel, Inc.'s Third

13  Set of Requests for Documents and Things to Isaac Larian.  This request also has

14  substantial if not complete overlap with Request Nos. 3 and 4 from these Requests,

15  as well as Request Nos. 3 and 4 from Mattel, Inc.'s Seventh Set of Requests for

16  Documents and Things to MGA Entertainment, Inc., Request Nos. 3 and 4 from

17  Mattel, Inc.'s Third Set of Requests for Documents and Things to MGAE de Mexico,

18  S.R.L. de C.V., and Request Nos. 3 and 4 from Mattel, Inc.'s Third Set of Requests

19  for Documents and Things to MGA Entertainment (HK) Limited.

20          Larian further objects to this request as untimely and unenforceable to the

21  extent it seeks documents relating to Phase Two, because Phase Two discovery has

22  been and remains stayed by court order.  Specifically, in the Court's February 4,

23  2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

24  Court.  Accordingly, Larian has no obligation to respond to this request insofar as it

25  seeks documents related to Phase Two, unless and until the Court lifts the Phase Two

26  discovery stay, and Larian therefore hereby preserves all objections.

27

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO ISAAC LARIAN

EXHIBIT _14_
PAGE _297_

REQUEST FOR PRODUCTION NO. 6:

Each log, record, index, file or other DOCUMENT IDENTIFYING or listing YOUR AFFILIATES' DOCUMENTS or any tangible things that have been sent to or received from the OFFSITE STORAGE FACILITIES since 1995, including when the DOCUMENTS or any tangible things were sent and/or received.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Larian incorporates by reference its General Response and General Objections above, as though fully set forth herein.

Larian objects to this request as untimely and unenforceable to the extent it seeks documents relating to Phase One.  Under Federal Rule of Civil Procedure 34(b) and the Court's October 31, 2007 scheduling order, the last day to serve document requests relating to Phase One was December 28, 2007 – 30 days before the fact discovery cut-off.  Mattel served this request on January 22, 2008 – more than three weeks past the deadline and just four (4) court days before the discovery cut-off for Phase One.  The request is therefore untimely, and represents an unreasonable delay and an improper attempt to re-open Phase One discovery by Mattel after the court-ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S. Dist. LEXIS 3479, *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007 U.S. Dist. LEXIS 87371, *6-7 (N.D. Ind. 2007).

Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  Larian further objects to this request on the grounds that it is overbroad in its use of the term YOUR and its incorporated terms MGA and AFFILIATES.  Larian further objects to this request on

23

EXHIBIT ___14___
PAGE ___298___

1  the grounds that it is overly broad and unduly burdensome in that it seeks documents

2  not relevant to the claims or defenses in this action and not reasonably calculated to

3  lead to the discovery of admissible evidence. Mattel has not demonstrated how *each*

4  log, record, index file or other DOCUMENT IDENTIFYING or listing YOUR

5  AFFILIATES' DOCUMENTS or *any* tangible things that have been sent to or

6  received from the OFFSITE STORAGE FACILITIES *since 1995*, including when

7  the DOCUMENTS or *any* tangible things were sent and/or received could be

8  relevant to the claims and defenses in this action. The request is not limited to the

9  subject matter of this action and is thus impermissibly overbroad. See Judge

10  Infante's December 31, 2007 Order at 5:22-26, 8:1-3; see also Judge Infante's

11  August 13, 2007 Order at 9:17-20; see also Judge Infante's May 22, 2007 Order at

12  21:5-7. Larian further objects to this request as being overly broad and unduly

13  burdensome on the grounds that it is not limited in geographical scope and seeks

14  documents since 1995—nearly ten years before this case was filed and well before

15  any of the allegations associated with any claims or defenses. See Judge Infante's

16  December 31, 2007 Order at 5:22-26, 8:1-3, 14:25-15:1. Larian further objects to the

17  request to the extent that it seeks documents that by reason of public filing, public

18  distribution or otherwise are already in Mattel's possession or are readily accessible

19  to Mattel, or available to Mattel from a source that is more convenient, less

20  burdensome, or less expensive. See Judge Infante's December 31, 2007 Order at

21  14:1-6, 19:4-7. Larian further objects to the request to the extent that it seeks

22  documents not in Larian's possession, custody or control.

23      Larian further objects to this request as cumulative, duplicative, and unduly

24  burdensome to the extent that it seeks documents previously requested by Mattel or

25  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

26  For example, this request is an exact duplicate of and completely coextensive with

27  (based on Mattel's definitions for these Requests and the related sets of requests)

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO ISAAC LARIAN

EXHIBIT ___14___

PAGE ___299___

1  Request No. 6 from Mattel, Inc.'s Seventh Set of Requests for Documents and

2  Things to MGA Entertainment, Inc., Request No. 6 from Mattel, Inc.'s Third Set of

3  Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., and

4  Request No. 6 from Mattel, Inc.'s Third Set of Requests for Documents and Things

5  to MGA Entertainment (HK) Limited.  Additionally, (based on Mattel's definitions

6  for these Requests and the related sets of requests) this request is completely

7  equivalent to and coextensive with Request No. 5 from these Requests, as well as

8  Request No. 5 from Mattel, Inc.'s Seventh Set of Requests for Documents and

9  Things to MGA Entertainment, Inc., Request No. 5 from Mattel, Inc.'s Third Set of

10  Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., and

11  Request No. 5 from Mattel, Inc.'s Third Set of Requests for Documents and Things

12  to MGA Entertainment (HK) Limited.  This request also has substantial if not

13  complete overlap with Request Nos. 3 and 4 from these Requests, as well as Request

14  Nos. 3 and 4 from Mattel, Inc.'s Seventh Set of Requests for Documents and Things

15  to MGA Entertainment, Inc., Request Nos. 3 and 4 from Mattel, Inc.'s Third Set of

16  Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., and

17  Request Nos. 3 and 4 from Mattel, Inc.'s Third Set of Requests for Documents and

18  Things to MGA Entertainment (HK) Limited.

19       Larian further objects to this request as untimely and unenforceable to the

20  extent it seeks documents relating to Phase Two, because Phase Two discovery has

21  been and remains stayed by court order.  Specifically, in the Court's February 4,

22  2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

23  Court.  Accordingly, Larian has no obligation to respond to this request insofar as it

24  seeks documents related to Phase Two, unless and until the Court lifts the Phase Two

25  discovery stay, and Larian therefore hereby preserves all objections.

26

27

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO ISAAC LARIAN

EXHIBIT ___14___
PAGE ___300___

1    DATED: February 21, 2007      SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

2

3

4                                 By: _____
                                         THOMAS J. NOLAN

5

6                          Attorneys for Counter-Defendants,
                          MGA ENTERTAINMENT, INC.,

7                     ISAAC LARIAN, MGA ENTERTAINMENT
                    (HK) LIMITED, AND MGAE de MEXICO
                            S.R.L. de C.V.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO ISAAC LARIAN

EXHIBIT __14__
PAGE ___30___

# EXHIBIT 15

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:     tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, California  94111-5974
7  Telephone:  (415) 984-6400
   Facsimile:  (415) 984-2698
8  Email:      rkennedy@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN,
10 MGA ENTERTAINMENT (HK) LIMITED, and
   MGAE DE MEXICO S.R.L. DE C.V.

11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14                    EASTERN DIVISION

15 CARTER BRYANT, an individual        )  CASE NO. CV 04-9049 SGL (RNBx)
                                       )
16      Plaintiff,                     )  Consolidated with Case No. 04-9059
                                       )  and Case No. 05-2727
17      v.                             )
                                       )  RESPONSE TO MATTEL, INC.'S
18 MATTEL, INC., a Delaware            )  SECOND SET OF REQUESTS FOR
   corporation                         )  DOCUMENTS AND THINGS TO
19                                     )  ISAAC LARIAN
        Defendant.                     )
20  _____ )
                                       )
21 AND CONSOLIDATED CASES             )
                                       )
22                                     )
                                       )
23                                     )

24 PROPOUNDING PARTY:      MATTEL, INC.

25 RESPONDING PARTY:       ISAAC LARIAN

26 SET NO.:                TWO

27                                        EXHIBIT  15

28                                        PAGE  302

                      1-11

   LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Isaac Larian

2  ("Larian") hereby submits these responses and objections (the "Response") to Mattel,

3  Inc.'s ("Mattel's") Second Set of Requests for Production of Documents and Things

4  to Isaac Larian (the "Requests").

5                              **GENERAL RESPONSE**

6    The General Response and General and Specific Objections set forth herein

7  apply to all documents that Larian may in the future produce in response to the

8  Requests.  The Response is made without waiving, or intending to waive but, on the

9  contrary, expressly reserving:  (a) the right to object on the grounds of competency,

10  privilege, relevancy or materiality, or any other proper grounds, to the use of the

11  documents, for any purpose in whole or in part, in any subsequent step or proceeding

12  in this action or any other action; (b) the right to object on any and all grounds, at

13  any time, to other requests for production or other discovery procedures involving or

14  relating to the subject matter of the Requests; and (c) the right at any time to revise,

15  correct, add to, or clarify any of the responses propounded herein.

16    The Response reflects only the present state of Larian's discovery regarding

17  the documents that Mattel seeks.  Except as otherwise stated below, an objection to a

18  specific document request does not imply that documents responsive to the request

19  exist or have ever existed.  In addition, an agreement to produce documents **EXHIBIT** _15_

20  responsive to any specific document request does not imply that documents **PAGE** _303_

21  responsive to the request exist or have existed; rather, it is an agreement to produce

22  non-privileged documents responsive to that particular document request as limited

23  by or interpreted in any applicable General or Specific Objections, if any exist.

24  Production of any document is not intended as, and, to the extent permitted by law,

25  shall not be deemed to be, a waiver of any objection set forth herein.  Discovery and

26  other investigation or research concerning this litigation are continuing.  Larian,

27  therefore, reserves the right to amend or supplement this Response at any time in

28  light of future investigation, research or analysis, and also expressly reserves the

1  right to rely on, at any time, including trial, subsequently discovered information or

2  information omitted from this Response as a result of mistake, error, oversight or

3  inadvertence.  Larian does not hereby admit, adopt or acquiesce in any factual or

4  legal contention, assertion or characterization contained in the Request or any

5  particular request therein, even where Larian has not otherwise objected to a

6  particular request, or has agreed to produce documents responsive to a particular

7  request.

8         Larian invites Mattel to meet and confer regarding these Reponses, the scope

9  of the Requests, and a protocol for production of documents in this litigation.

10                        **GENERAL OBJECTIONS**

11        Larian incorporates the following General Objections, as well as the General

12  Response, into its Specific Responses and Objections to each and every request for

13  documents contained in the Requests:

14         1.    Larian objects to the date and place of production on the grounds

15  that they impose an undue burden on Larian.  The time set for compliance is unduly

16  burdensome, especially in light of the number of document requests and the scope

17  and volume of the material being sought.  To the extent Larian later agrees to

18  produce responsive documents, Larian intends to proceed expeditiously to collect the

19  documents for production, if any, and will produce them at a date and time, and in

20  such a manner, as may be mutually agreed to by counsel for the parties.

21         2.    Larian objects to the Requests to the extent that they seek

22  documents that are not relevant to the claims or defenses in this action and are not

23  reasonably calculated to lead to the discovery of admissible evidence.

24         3.    Larian objects to the Requests on the grounds that they are overly

25  broad and unduly burdensome.

26         4.    Larian objects to the Requests insofar as they seek documents

27  that are protected from disclosure under any applicable privilege, doctrine or

28  immunity, including without limitation the attorney-client privilege, the attorney

EXHIBIT 15

PAGE 304

2

1 | work product doctrine, the right of privacy, and all other privileges recognized under

2 | the constitutional, statutory or decisional law of the United States of America or any

3 | other applicable jurisdiction.  Larian shall not produce such documents in response to

4 | Mattel's Request.  Any production of such protected or privileged materials is

5 | inadvertent and shall not be construed as a waiver of those privileges or protections.

6 |      5.    Larian objects to the Requests insofar as they seek documents

7 | that by reason of public filing, public distribution or otherwise are already in Mattel's

8 | possession or are readily accessible to Mattel from public sources or third parties.

9 |      6.    Larian objects to the Requests insofar as they seek production of

10 | documents (1) not within his possession, custody or control; (2) that Larian cannot

11 | locate after a reasonably diligent search; or (3) that refer to persons, entities, or

12 | events not known to Larian.  Such instructions, definitions, or requests are

13 | objectionable where they subject Larian to unreasonable and undue annoyance,

14 | oppression, burden, and expense; and/or seek to impose upon Larian an obligation to

15 | produce documents from sources equally accessible to Mattel.  To the extent Larian

16 | agrees to produce documents in response to the Requests, Larian will make a

17 | reasonably diligent search for responsive documents within his possession, custody

18 | or control.

19 |      7.    In responding to Mattel's Requests, Larian has not and will not

20 | comply with any instructions or definitions that seek to impose requirements in

21 | addition to those imposed by Federal law.

22 |      8.    Larian objects to each and every request to the extent it purports

23 | to require Larian to search all documents and things within his possession, custody

24 | or control or within the possession, custody or control of MGA or any of MGA's

25 | current or former directors, officers, employees, agents, contractors, attorneys,

26 | accountants or representatives, and any current or former corporation, partnership,

27 | association, trust parent, subsidiary, division, AFFILIATE, predecessor-in-interest

28 | and successor-in-interest of MGA, and any other PERSON acting on its behalf, on

EXHIBIT 15

PAGE 305

3

1  the grounds that such request is unreasonable, overbroad, unduly burdensome and

2  oppressive, violates the right to privacy, and purports to require Larian to search for

3  documents not within his possession, custody or control.

4     9. Larian objects to each and every request to the extent it seeks "all

5  DOCUMENTS" responsive to a certain category on the grounds that such request is

6  overbroad and unduly burdensome and oppressive.  Larian will not respond to

7  duplicative or cumulative requests and will not re-produce documents he has already

8  produced or produce documents that he has received from Mattel or others in the

9  course of discovery in this matter.

10     10. Larian objects to the Requests insofar as they seek production of

11  confidential, proprietary, or trade-secret information, the disclosure of which would

12  be inimical to the business interests of Larian and/or MGA.

13     11. Larian objects to each request to the extent it seeks information

14  relating to the activities or conduct of other entities or non-parties.

15     12. ~~Larian objects to each request to the extent it seeks information~~

16  relating to activities or conduct in foreign countries.

17     13. Larian objects to the Definitions and Instructions to the extent

18  such Definitions and Instructions purport to enlarge, expand, or alter in any way the

19  plain meaning and scope of any specific term or specific request on the ground that

20  such enlargement, expansion, or alteration renders such a term or request vague,

21  ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

22     14. Larian objects to the Instructions to the extent that they purport to

23  deprive Larian of the right to redact information from any documents "for any

24  reason."  Larian retains and reserves the right to redact documents on any appropriate

25  grounds, including in particular for privilege.

26     15. Larian specifically objects to the following definitions in the

27  Requests:

28

EXHIBIT 15

PAGE 304

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1   (a)   Larian objects to the terms "YOU," "YOUR" and

2   "LARIAN" (Definitions ¶ A) as vague, ambiguous, overbroad, and unduly

3   burdensome.  Because the definition ("Larian and any individual or entity acting

4   directly or indirectly by, through under or on behalf of Isaac Larian, including but

5   not limited to current or former directors, officers, agents, attorneys, employees,

6   partners, joint ventures, contractors, accountants, or representatives of Isaac Larian

7   or any entity under the control or direction of Isaac Larian (including but not limited

8   to MGA), and any corporation, partnership, association, trust, predecessor-in-interest

9   and successor-in-interest, and any other PERSON acting on behalf of Isaac Larian or

10   pursuant to his authority or subject to his control"), which is overbroad and

11   ambiguous on its own terms, incorporates, in turn, Mattel's overbroad and ambiguous

12   definition of "MGA" ("MGA Entertainment, Inc. and any PERSON acting directly or

13   indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but

14   not limited to, current or former directors, officers, employees, agents, contractors,

15   attorneys, accountants, or representatives of MGA Entertainment, Inc., and any

16   current or former corporation, partnership, association, trust, parent, subsidiary,

17   division, AFFILIATE, predecessor-in-interest and successor-in-interest of MGA

18   Entertainment, Inc., and any other PERSON acting on its behalf" [Definitions ¶ B]),

19   which, in turn, incorporates Mattel's overbroad and ambiguous definitions of

20   PERSON ("any natural person, association, partnership, corporation, joint venture,

21   government entity, organization, trust, institution, proprietorship, or any other entity

22   recognized as having an existence under the laws in the United States or any other

23   nation" [Definitions ¶ N]) and AFFILIATE ("any and all corporations,

24   proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind

25   that, directly or indirectly, in whole or in part, own or control, are under common

26   ownership or control with, or are owned or controlled by a PERSON, party or entity,

27   including without limitation each parent, subsidiary and joint venture of such

28   PERSON, party or entity" [Definitions ¶ K]), the latter again incorporating the

EXHIBIT 15

PAGE 307

1  overbroad and ambiguous definition of PERSON, it is impossible for Larian to know

2  whether a particular person or entity comes within this definition.  Thus, "YOU,"

3  "YOUR," and "LARIAN" will be interpreted to mean Larian (and all persons or

4  entities under Larian's control) and MGA (and all persons or entities that hold

5  themselves out as officers, employees, agents, subsidiaries or divisions of MGA).

6         (b)    Larian also objects to the terms "RELATING,"

7  "RELATING TO," "REFERRING OR RELATING TO," and "REFER OR RELATE

8  TO" (Definitions ¶ M) on the grounds and to the extent that they are overbroad,

9  unduly burdensome, and/or are vague and ambiguous in the context of the Requests

10  as written and as those requests would be plainly understood absent Mattel's

11  definitions.

12         (c)    Larian objects to the defined term "MATTEL" (Definitions

13  ¶ C) on the grounds that the term, as defined, is overbroad, vague and ambiguous,

14  and calls for legal conclusions.

15         (d)    Larian objects to the definition of the term "BRATZ"

16  (Definitions ¶ H) as vague, ambiguous, overly broad and unduly burdensome, and

17  designed to mislead and confuse the trier of fact.  The definition includes "any

18  project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

19  or in part and regardless of what such project, product or doll is or has been also,

20  previously or subsequently called) and any product, doll or DESIGN or any portion

21  thereof that is now or has ever been known as, or sold or marketed under, the name

22  or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

23  or DESIGN or portion thereof is or has been also, previously or subsequently called)

24  or that is now or has ever been marketed as part of the 'Bratz' line, and each version

25  or iteration of such product, doll or DESIGN or any portion thereof," and it goes on.

26  By incorporating the definition of "DESIGN," the overly broad definition of

27  "BRATZ" includes two-dimensional and three-dimensional representations,

28  including "works, designs, artwork, sketches, drawings, illustrations, representations,

EXHIBIT 15

PAGE 208

6

1 depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

2 samples, rotocasts, reductions to practice, developments, inventions and/or

3 improvements . . . ." (Definitions ¶ I.) These convoluted and multi-part definitions

4 combine to render the document requests that refer to the term vague, ambiguous and

5 overly broad, and to include within the term "BRATZ" things that do not fairly

6 represent the Bratz line of dolls, accessories and related products that are the subject

7 of this case.

8      Accordingly, in responding to the Requests, Larian will interpret the

9 term "BRATZ" to mean the line of dolls introduced to the market for sale in May or

10 June of 2001 and subsequent dolls, accessories and other products known as Bratz or

11 associated by MGA Entertainment, Inc. with the Bratz line of dolls.

12      16.   Larian objects to the Requests to the extent they seek the

13 production of documents in their native format where the burden of such production

14 outweighs the likelihood of discovering information that is relevant to the subject

15 ~~matter of the claims or defenses in this action or calculated to lead to the~~ discovery

16 of admissible evidence.

17      17.   Larian objects to the Requests on the grounds that they are

18 harassing, oppressive and unduly burdensome. Before these Requests, Mattel has

19 already propounded 2317 requests for documents and things to MGA, MGA

20 Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

21 ("the MGA Parties"), in response to which the MGA Parties have already produced

22 approximately 3.5 million pages of responsive documents whereas Mattel has

23 produced only a fraction of that amount. Larian is, however, willing to meet and

24 confer regarding the additional 420 requests propounded in Mattel's Second Set of

25 Requests for Documents and Things to Isaac Larian.      EXHIBIT 15

26      **SPECIFIC RESPONSES AND OBJECTIONS**   PAGE 309

27      Without waiving or departing from his General Response and General

28 Objections and specifically incorporating his General Response and General

1  Objections into each of the Specific Responses and Objections below, Larian makes

2  the following specific responses and objections to the Requests:

3  REQUEST FOR PRODUCTION NO. 1:

4       All DOCUMENTS, including but not limited to all COMMUNICATIONS

5  with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL

6  engaged in "efforts to undermine MGA's business and to 'kill' Bratz at any cost."

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

8       Larian incorporates by reference his General Response and General Objections

9  above, as though fully set forth herein and specifically incorporates General

10  Objection No. 15 (regarding Definitions), including without limitation Larian's

11  objection to the definition of the term YOUR, and its incorporated terms

12  AFFILIATES and PERSON. Larian further objects to the request to the extent it

13  seeks the production of documents that are protected from disclosure under any

14  applicable privilege, doctrine or immunity, including without limitation the attorney-

15  client privilege, the work product doctrine, the right of privacy, and all other

16  privileges recognized under the constitutional, statutory or decisional law of the

17  United States of America, the State of California or any other applicable jurisdiction.

18  Larian further objects to this request as being overly broad and unduly burdensome

19  on the grounds that it is not limited in time or geographical scope. Larian further

20  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

21  but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

22  RELATE TO" does not comply with the "reasonable particularity" requirement of

23  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

24  burdensome in light of "the wealth of material already made available in this case."

25  Westhemeco Ltd. v. New Hampshire Ins. Co. Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y.

26  1979). Larian further objects to the request to the extent that it seeks documents that

27  by reason of public filing, public distribution or otherwise are already in Mattel's

28  possession or are readily accessible to Mattel. Larian further objects to the request to

8

**EXHIBIT 15**

1    the extent that it seeks documents not in Larian's possession, custody or control.

2    Larian further objects to the request to the extent it seeks confidential, proprietary or

3    commercially sensitive information, the disclosure of which would be inimical to the

4    business interests of Larian or MGA.  Larian further objects to the request to the

5    extent it violates the privacy rights of third parties to their private, confidential,

6    proprietary or trade secret information.

7            Larian further objects to this request as cumulative, duplicative, and unduly

8    burdensome to the extent that it seeks documents previously requested by Mattel or

9    produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

10   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

11   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

12   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

13   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

14   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

15   Things to MGAE de Mexico S.R.L. de C.V.

16           Without waiving any of the foregoing General or Specific Objections, but

17   rather expressly preserving each and every such objection, Larian responds as

18   follows:  Larian will produce all non-privileged, responsive documents in his

19   possession, custody or control, if any, that he is able to locate following a reasonably

20   diligent search.

21   REQUEST FOR PRODUCTION NO. 2:

22           All DOCUMENTS, including but not limited to all COMMUNICATIONS

23   with any PERSON, that YOU contend prove or that YOU will rely on at trial to

24   prove that MATTEL engaged in "efforts to undermine MGA's business and to 'kill'

25   Bratz at any cost."                                   EXHIBIT 15

26   RESPONSE TO REQUEST FOR PRODUCTION NO. 2:         PAGE 311

27           Larian incorporates by reference his General Response and General Objections

28   above, as though fully set forth herein and specifically incorporates General

1  Objection No. 15 (regarding Definitions), including without limitation Larian's

2  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

3  and PERSON.  Larian further objects to the request to the extent it seeks the

4  production of documents that are protected from disclosure under any applicable

5  privilege, doctrine or immunity, including without limitation the attorney-client

6  privilege, the work product doctrine, the right of privacy, and all other privileges

7  recognized under the constitutional, statutory or decisional law of the United States

8  of America, the State of California or any other applicable jurisdiction.  Larian

9  further objects to this request as being overly broad and unduly burdensome on the

10  grounds that it is not limited in time or geographical scope.  Larian further objects to

11  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

12  limited to all COMMUNICATIONS with any PERSON" does not comply with the

13  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

14  renders the request overly broad and unduly burdensome in light of "the wealth of

15  material already made available in this case."  Westhemeco Ltd. v. New Hampshire

16  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase

17  "that YOU contend prove or that YOU will rely on at trial to prove" is compound

18  and, as such, renders the request vague, ambiguous, and unintelligible.  Larian

19  further objects to the request to the extent that it seeks documents that by reason of

20  public filing, public distribution or otherwise are already in Mattel's possession or

21  are readily accessible to Mattel.  Larian further objects to the request to the extent

22  that it seeks documents not in Larian's possession, custody or control.  Larian further

23  objects to the request to the extent it seeks confidential, proprietary or commercially

24  sensitive information, the disclosure of which would be inimical to the business

25  interests of Larian or MGA.  Larian further objects to the request to the extent it

26  violates the privacy rights of third parties to their private, confidential, proprietary or

27  trade secret information.

28

EXHIBIT 15

PAGE 318

10

1      Larian further objects to this request as cumulative, duplicative, and unduly

2 burdensome to the extent that it seeks documents previously requested by Mattel or

3 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

4 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

5 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

6 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

7 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

8 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

9 Things to MGAE de Mexico S.R.L. de C.V.

10      Without waiving any of the foregoing General or Specific Objections, but

11 rather expressly preserving each and every such objection, Larian responds as

12 follows:  Larian will produce all non-privileged, responsive documents in his

13 possession, custody or control, if any, that he is able to locate following a reasonably

14 diligent search.

15 REQUEST FOR PRODUCTION NO. 3:

16      All DOCUMENTS, including but not limited to all COMMUNICATIONS

17 with any PERSON, that REFER OR RELATE TO MATTEL'S success or failure in

18 its alleged "efforts to undermine MGA's business and to 'kill' Bratz at any cost."

19 RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

20      Larian incorporates by reference his General Response and General Objections

21 above, as though fully set forth herein and specifically incorporates General

22 Objection No. 15 (regarding Definitions), including without limitation Larian's

23 objection to the definition of the term PERSON.  Larian further objects to the request

24 to the extent it seeks the production of documents that are protected from disclosure

25 under any applicable privilege, doctrine or immunity, including without limitation

26 the attorney-client privilege, the work product doctrine, the right of privacy, and all

27 other privileges recognized under the constitutional, statutory or decisional law of

28 the United States of America, the State of California or any other applicable

1    jurisdiction.  Larian further objects to this request as being overly broad and unduly

2    burdensome on the grounds that it is not limited in time or geographical scope.

3    Larian further objects to this request on the grounds that the phrase "[a]ll

4    DOCUMENTS, including but not limited to all COMMUNICATIONS with any

5    PERSON, that REFER OR RELATE TO" does not comply with the "reasonable

6    particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

7    request overly broad and unduly burdensome in light of "the wealth of material

8    already made available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co.,

9    82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase "success

10   or failure" is compound and, as such, renders the request vague, ambiguous, and

11   unintelligible.  Larian further objects to the request to the extent that it seeks

12   documents that by reason of public filing, public distribution or otherwise are already

13   in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

14   the request to the extent that it seeks documents not in Larian's possession, custody

15   or control.  Larian further objects to the request to the extent it seeks confidential,

16   proprietary or commercially sensitive information, the disclosure of which would be

17   inimical to the business interests of Larian or MGA.  Larian further objects to the

18   request to the extent it violates the privacy rights of third parties to their private,

19   confidential, proprietary or trade secret information.

20           Larian further objects to this request as cumulative, duplicative, and unduly

21   burdensome to the extent that it seeks documents previously requested by Mattel or

22   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

23   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

24   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

25   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

26   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

27   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

28   Things to MGAE de Mexico S.R.L. de C.V.               EXHIBIT _15_

                                        12                     PAGE _714_

1       Without waiving any of the foregoing General or Specific Objections, but

2 rather expressly preserving each and every such objection, Larian responds as

3 follows:  Larian will produce all non-privileged, responsive documents in his

4 possession, custody or control, if any, that he is able to locate following a reasonably

5 diligent search.

6 REQUEST FOR PRODUCTION NO. 4:

7       DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

8 YOUR allegation that MATTEL engaged in "efforts to undermine MGA's business."

9 RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

10       Larian incorporates by reference his General Response and General Objections

11 above, as though fully set forth herein and specifically incorporates General

12 Objection No. 15 (regarding Definitions), including without limitation Larian's

13 objection to the definition of the terms YOUR, and its incorporated terms

14 AFFILIATES and PERSON.  Larian further objects to the request to the extent it

15 seeks the production of documents that are protected from disclosure under any

16 applicable privilege, doctrine or immunity, including without limitation the attorney-

17 client privilege, the work product doctrine, the right of privacy, and all other

18 privileges recognized under the constitutional, statutory or decisional law of the

19 United States of America, the State of California or any other applicable jurisdiction.

20 Larian further objects to this request as being overly broad and unduly burdensome

21 on the grounds that it is not limited in time or geographical scope.  Larian further

22 objects to this request on the grounds that the phrase "all PERSONS with knowledge

23 of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly

24 burdensome in that anyone who has read Larian's Answer in this matter has

25 "knowledge of [Larian's] allegation," without regard to whether the factual basis for

26 the allegation is known to them.  Larian further objects to the request to the extent

27 that it seeks documents that by reason of public filing, public distribution or

28 otherwise are already in Mattel's possession or are readily accessible to Mattel.

EXHIBIT 15

PAGE 315

1  Larian further objects to the request to the extent that it seeks documents not in

2  Larian's possession, custody or control.  Larian further objects to the request to the

3  extent it seeks confidential, proprietary or commercially sensitive information, the

4  disclosure of which would be inimical to the business interests of Larian or MGA.

5  Larian further objects to the request to the extent it violates the privacy rights of third

6  parties to their private, confidential, proprietary or trade secret information.

7       Larian further objects to this request as cumulative, duplicative, and unduly

8  burdensome to the extent that it seeks documents previously requested by Mattel or

9  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

10  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

11  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

12  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

13  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

14  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

15  Things to MGAE de Mexico S.R.L. de C.V.

16       Without waiving any of the foregoing General or Specific Objections, but

17  rather expressly preserving each and every such objection, Larian responds as

18  follows:  Larian will produce all non-privileged, responsive documents in his

19  possession, custody or control, if any, that he is able to locate following a reasonably

20  diligent search.

21  REQUEST FOR PRODUCTION NO. 5:

22       DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

23  YOUR allegation that MATTEL engaged in "efforts to ... 'kill' Bratz at any cost."

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

25       Larian incorporates by reference his General Response and General Objections

26  above, as though fully set forth herein and specifically incorporates General

27  Objection No. 15 (regarding Definitions), including without limitation Larian's

28  objection to the definition of the terms YOUR, and its incorporated terms

1  AFFILIATES and PERSON.  Larian further objects to the request to the extent it
2  seeks the production of documents that are protected from disclosure under any
3  applicable privilege, doctrine or immunity, including without limitation the attorney-
4  client privilege, the work product doctrine, the right of privacy, and all other
5  privileges recognized under the constitutional, statutory or decisional law of the
6  United States of America, the State of California or any other applicable jurisdiction.
7  Larian further objects to this request as being overly broad and unduly burdensome
8  on the grounds that it is not limited in time or geographical scope.  Larian further
9  objects to this request on the grounds that the phrase "all PERSONS with knowledge
10  of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly
11  burdensome in that anyone who has read Larian's Answer in this matter has
12  "knowledge of [Larian's] allegation," without regard to whether the factual basis for
13  the allegation is known to them.  Larian further objects to the request to the extent
14  that it seeks documents that by reason of public filing, public distribution or
15  otherwise are already in Mattel's possession or are readily accessible to Mattel.
16  Larian further objects to the request to the extent that it seeks documents not in
17  Larian's possession, custody or control.  Larian further objects to the request to the
18  extent it seeks confidential, proprietary or commercially sensitive information, the
19  disclosure of which would be inimical to the business interests of Larian or MGA.
20  Larian further objects to the request to the extent it violates the privacy rights of third
21  parties to their private, confidential, proprietary or trade secret information.
22      Larian further objects to this request as cumulative, duplicative, and unduly
23  burdensome to the extent that it seeks documents previously requested by Mattel or
24  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
25  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
26  Inc.'s First Set of Requests for Production of Documents and Tangible Things to
27  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
28  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

15

EXHIBIT 15