1   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

2   Things to MGAE de Mexico S.R.L. de C.V.

3       Without waiving any of the foregoing General or Specific Objections, but

4   rather expressly preserving each and every such objection, Larian responds as

5   follows:  Larian will produce all non-privileged, responsive documents in his

6   possession, custody or control, if any, that he is able to locate following a reasonably

7   diligent search.

8   REQUEST FOR PRODUCTION NO. 6:

9       DOCUMENTS describing all time periods during which MATTEL allegedly

10  engaged in "efforts to undermine MGA's business and to 'kill' Bratz at any cost."

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

12      Larian incorporates by reference his General Response and General Objections

13  above, as though fully set forth herein.  Larian further objects to the request to the

14  extent it seeks the production of documents that are protected from disclosure under

15  any applicable privilege, doctrine or immunity, including without limitation the

16  attorney-client privilege, the work product doctrine, the right of privacy, and all other

17  privileges recognized under the constitutional, statutory or decisional law of the

18  United States of America, the State of California or any other applicable jurisdiction.

19  Larian further objects to this request as being overly broad and unduly burdensome

20  on the grounds that it is not limited in time or geographical scope.  Larian further

21  objects to this request on the grounds that the phrase "DOCUMENTS describing all

22  time periods during which" renders the request vague, ambiguous, and unintelligible.

23  Larian further objects to the request to the extent that it seeks documents that by

24  reason of public filing, public distribution or otherwise are already in Mattel's

25  possession or are readily accessible to Mattel.  Larian further objects to the request to

26  the extent that it seeks documents not in Larian's possession, custody or control.

27  Larian further objects to the request to the extent it seeks confidential, proprietary or

28  commercially sensitive information, the disclosure of which would be inimical to the

EXHIBIT 15

PAGE 318

1  business interests of Larian or MGA.  Larian further objects to the request to the
2  extent it violates the privacy rights of third parties to their private, confidential,
3  proprietary or trade secret information.

4       Larian further objects to this request as cumulative, duplicative, and unduly
5  burdensome to the extent that it seeks documents previously requested by Mattel or
6  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
7  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
8  Inc.'s First Set of Requests for Production of Documents and Tangible Things to
9  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
10 Requests for Production of Documents and Things to Isaac Larian and Request Nos.
11 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
12 Things to MGAE de Mexico S.R.L. de C.V.

13      Without waiving any of the foregoing General or Specific Objections, but
14 rather expressly preserving each and every such objection, Larian responds as
15 follows:  Larian will produce all non-privileged, responsive documents in his
16 possession, custody or control, if any, that he is able to locate following a reasonably
17 diligent search.

18 REQUEST FOR PRODUCTION NO. 7:

19      All DOCUMENTS, including but not limited to all COMMUNICATIONS
20 with any PERSON, RELATING to YOUR actions in response to or efforts to stop,
21 thwart, prevent or interfere with MATTEL'S alleged "efforts to undermine MGA's
22 business and to 'kill' Bratz at any cost."

23 RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

24      Larian incorporates by reference his General Response and General Objections
25 above, as though fully set forth herein and specifically incorporates General
26 Objection No. 15 (regarding Definitions), including without limitation Larian's
27 objection to the definition of the term YOUR, and its incorporated terms
28 AFFILIATES and PERSON.  Larian further objects to the request to the extent it

17

EXHIBIT 15

1  seeks the production of documents that are protected from disclosure under any

2  applicable privilege, doctrine or immunity, including without limitation the attorney-

3  client privilege, the work product doctrine, the right of privacy, and all other

4  privileges recognized under the constitutional, statutory or decisional law of the

5  United States of America, the State of California or any other applicable jurisdiction.

6  Larian further objects to this request as being overly broad and unduly burdensome

7  on the grounds that it is not limited in time or geographical scope.  Larian further

8  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

9  but not limited to all COMMUNICATIONS with any PERSON, RELATING TO"

10  does not comply with the "reasonable particularity" requirement of Federal Rule of

11  Civil Procedure 34 and renders the request overly broad and unduly burdensome in

12  light of "the wealth of material already made available in this case." Westhemeco

13  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

14  further objects that the phrase "RELATING to YOUR actions in response to or

15  efforts to stop, thwart, prevent or interfere with" is compound and, as such, renders

16  the request vague, ambiguous, and unintelligible.  Larian further objects to the

17  request to the extent that it seeks documents that by reason of public filing, public

18  distribution or otherwise are already in Mattel's possession or are readily accessible

19  to Mattel.  Larian further objects to the request to the extent that it seeks documents

20  not in Larian's possession, custody or control.  Larian further objects to the request to

21  the extent it seeks confidential, proprietary or commercially sensitive information,

22  the disclosure of which would be inimical to the business interests of Larian or MGA.

23  Larian further objects to the request to the extent it violates the privacy rights of third

24  parties to their private, confidential, proprietary or trade secret information.

25  　　　Larian further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

28  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

EXHIBIT 15

PAGE 320

1  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

2  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

3  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

4  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

5  Things to MGAE de Mexico S.R.L. de C.V.

6       Without waiving any of the foregoing General or Specific Objections, but

7  rather expressly preserving each and every such objection, Larian responds as

8  follows:  Larian will produce all non-privileged, responsive documents in his

9  possession, custody or control, if any, that he is able to locate following a reasonably

10  diligent search.

11  REQUEST FOR PRODUCTION NO. 8:

12       All DOCUMENTS, including but not limited to all COMMUNICATIONS

13  with any PERSON, RELATING to any loss, harm, injury, increased expense, lost

14  revenue or profits, or any other damage caused to YOU by MATTEL'S alleged

15  "efforts to undermine MGA's business and to 'kill' Bratz at any cost."

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

17       Larian incorporates by reference his General Response and General Objections

18  above, as though fully set forth herein and specifically incorporates General

19  Objection No. 15 (regarding Definitions), including without limitation Larian's

20  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

21  and PERSON.  Larian further objects to the request to the extent it seeks the

22  production of documents that are protected from disclosure under any applicable

23  privilege, doctrine or immunity, including without limitation the attorney-client

24  privilege, the work product doctrine, the right of privacy, and all other privileges

25  recognized under the constitutional, statutory or decisional law of the United States

26  of America, the State of California or any other applicable jurisdiction.  Larian

27  further objects to this request as being overly broad and unduly burdensome on the

28  grounds that it is not limited in time or geographical scope.  Larian further objects to

1  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

2  limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not

3  comply with the "reasonable particularity" requirement of Federal Rule of Civil

4  Procedure 34 and renders the request overly broad and unduly burdensome in light of

5  "the wealth of material already made available in this case." Westhemeco Ltd. v.

6  New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further

7  objects that the phrase "any loss, harm, injury, increased expense, lost revenue or

8  profits, or any other damage" is compound and, as such, renders the request vague,

9  ambiguous, and unintelligible. Larian further objects to the request to the extent that

10  it seeks documents that by reason of public filing, public distribution or otherwise

11  are already in Mattel's possession or are readily accessible to Mattel. Larian further

12  objects to the request to the extent that it seeks documents not in Larian's possession,

13  custody or control. Larian further objects to the request to the extent it seeks

14  confidential, proprietary or commercially sensitive information, the disclosure of

15  which would be inimical to the business interests of Larian or MGA. Larian further

16  objects to the request to the extent it violates the privacy rights of third parties to

17  their private, confidential, proprietary or trade secret information.

18       Larian further objects to this request as cumulative, duplicative, and unduly

19  burdensome to the extent that it seeks documents previously requested by Mattel or

20  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

21  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

22  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

23  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

24  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

25  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

26  Things to MGAE de Mexico S.R.L. de C.V.

27       Without waiving any of the foregoing General or Specific Objections, but

28  rather expressly preserving each and every such objection, Larian responds as

20

EXHIBIT 15

1  follows:  Larian will produce all non-privileged, responsive documents in his

2  possession, custody or control, if any, that he is able to locate following a reasonably

3  diligent search.

4  REQUEST FOR PRODUCTION NO. 9:

5       All DOCUMENTS, including but not limited to all COMMUNICATIONS

6  with any PERSON, that REFER OR RELATE TO YOUR efforts to tarnish, soil,

7  debase, degrade or undermine MATTEL's reputation or business.

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

9       Larian incorporates by reference his General Response and General Objections

10  above, as though fully set forth herein and specifically incorporates General

11  Objection No. 15 (regarding Definitions), including without limitation Larian's

12  objection to the definition of the term YOUR, and its incorporated terms

13  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

14  seeks the production of documents that are protected from disclosure under any

15  applicable privilege, doctrine or immunity, including without limitation the attorney-

16  client privilege, the work product doctrine, the right of privacy, and all other

17  privileges recognized under the constitutional, statutory or decisional law of the

18  United States of America, the State of California or any other applicable jurisdiction.

19  Larian further objects to this request as being overly broad and unduly burdensome

20  on the grounds that it is not limited in time or geographical scope.  Larian further

21  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

22  but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

23  RELATE TO" does not comply with the "reasonable particularity" requirement of

24  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

25  burdensome in light of "the wealth of material already made available in this case."

26  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

27  Larian further objects that the phrase "YOUR efforts to tarnish, soil, debase, degrade

28  or undermine MATTEL's reputation or business" is (1) accusatory and argumentative

21

EXHIBIT 15

1  such that Larian would have to respond to the allegations of the request before

2  providing any substantive response, see Zadrozny v. Board of Trustees District No.

3  508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2) compound, rendering

4  the request vague, ambiguous, and unintelligible.  Larian further objects to the

5  request to the extent that it seeks documents that by reason of public filing, public

6  distribution or otherwise are already in Mattel's possession or are readily accessible

7  to Mattel.  Larian further objects to the request to the extent that it seeks documents

8  not in Larian's possession, custody or control.  Larian further objects to the request to

9  the extent it seeks confidential, proprietary or commercially sensitive information,

10  the disclosure of which would be inimical to the business interests of Larian or MGA.

11  Larian further objects to the request to the extent it violates the privacy rights of third

12  parties to their private, confidential, proprietary or trade secret information.

13  REQUEST FOR PRODUCTION NO. 10:

14      All DOCUMENTS, including but not limited to all COMMUNICATIONS

15  with any PERSON, that REFER OR RELATE TO YOUR efforts to tarnish, soil,

16  debase, degrade or undermine MATTEL's products.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

18      Larian incorporates by reference his General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General

20  Objection No. 15 (regarding Definitions), including without limitation Larian's

21  objection to the definition of the term YOUR, and its incorporated terms

22  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

23  seeks the production of documents that are protected from disclosure under any

24  applicable privilege, doctrine or immunity, including without limitation the attorney-

25  client privilege, the work product doctrine, the right of privacy, and all other

26  privileges recognized under the constitutional, statutory or decisional law of the

27  United States of America, the State of California or any other applicable jurisdiction.

28  Larian further objects to this request as being overly broad and unduly burdensome

1  on the grounds that it is not limited in time or geographical scope.  Larian further

2  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

3  but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

4  RELATE TO" does not comply with the "reasonable particularity" requirement of

5  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

6  burdensome in light of "the wealth of material already made available in this case."

7  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

8  Larian further objects that the phrase "YOUR efforts to tarnish, soil, debase, degrade

9  or undermine MATTEL's reputation or business" is (1) accusatory and argumentative

10  such that Larian would have to respond to the allegations of the request before

11  providing any substantive response, see Zadrozny v. Board of Trustees District No.

12  508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2) compound, rendering

13  the request vague, ambiguous, and unintelligible.  Larian further objects to the

14  request to the extent that it seeks documents that by reason of public filing, public

15  distribution or otherwise are already in Mattel's possession or are readily accessible

16  to Mattel.  Larian further objects to the request to the extent that it seeks documents

17  not in Larian's possession, custody or control.  Larian further objects to the request to

18  the extent it seeks confidential, proprietary or commercially sensitive information,

19  the disclosure of which would be inimical to the business interests of Larian or MGA.

20  Larian further objects to the request to the extent it violates the privacy rights of third

21  parties to their private, confidential, proprietary or trade secret information.

22  REQUEST FOR PRODUCTION NO. 11:

23       All DOCUMENTS, including but not limited to all COMMUNICATIONS

24  with any PERSON, that REFER OR RELATE TO YOU successfully tarnishing,

25  soiling, debasing, degrading or undermining MATTEL's reputation or business.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

27       Larian incorporates by reference his General Response and General Objections

28  above, as though fully set forth herein and specifically incorporates General

EXHIBIT 15

PAGE 326

1  Objection No. 15 (regarding Definitions), including without limitation MGA's

2  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

3  and PERSON.  Larian further objects to the request to the extent it seeks the

4  production of documents that are protected from disclosure under any applicable

5  privilege, doctrine or immunity, including without limitation the attorney-client

6  privilege, the work product doctrine, the right of privacy, and all other privileges

7  recognized under the constitutional, statutory or decisional law of the United States

8  of America, the State of California or any other applicable jurisdiction.  Larian

9  further objects to this request on the grounds that it is overly broad and unduly

10 burdensome in that it seeks documents not relevant to the claims or defenses in this

11 action and not reasonably calculated to lead to the discovery of admissible evidence.

12 Larian further objects to this request on the grounds that the phrase "[a]ll

13 DOCUMENTS, including but not limited to all COMMUNICATIONS with any

14 PERSON, that REFER OR RELATE TO" does not comply with the "reasonable

15 particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

16 request overly broad and unduly burdensome in light of "the wealth of material

17 already made available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co.,

18 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase "YOU

19 successfully tarnishing, soiling, debasing, degrading or undermining MATTEL's

20 reputation or business" is (1) accusatory and argumentative such that Larian would

21 have to respond to the allegations of the request before providing any substantive

22 response, see Zadrozny v. Board of Trustees District No. 508, 1991 WL 66705, at *1

23 (N.D. Ill. April 24, 1991), and (2) compound, rendering the request vague,

24 ambiguous, and unintelligible.  Larian further objects to the request to the extent that

25 it seeks documents that by reason of public filing, public distribution or otherwise

26 are already in Mattel's possession or are readily accessible to Mattel.  Larian further

27 objects to the request to the extent that it seeks documents not in Larian's possession,

28 custody or control.  Larian further objects to the request to the extent it seeks

EXHIBIT 15

PAGE 2

1  confidential, proprietary or commercially sensitive information, the disclosure of

2  which would be inimical to the business interests of Larian or MGA.  Larian further

3  objects to the request to the extent it violates the privacy rights of third parties to

4  their private, confidential, proprietary or trade secret information.

5  REQUEST FOR PRODUCTION NO. 12:

6  　　　All DOCUMENTS, including but not limited to all COMMUNICATIONS

7  with any PERSON, that REFER OR RELATE TO YOU successfully tarnishing,

8  soiling, debasing, degrading or undermining MATTEL's products.

9  RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

10  　　　Larian incorporates by reference his General Response and General Objections

11  above, as though fully set forth herein and specifically incorporates General

12  Objection No. 15 (regarding Definitions), including without limitation MGA's

13  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

14  and PERSON.  Larian further objects to the request to the extent it seeks the

15  production of documents that are protected from disclosure under any applicable

16  privilege, doctrine or immunity, including without limitation the attorney-client

17  privilege, the work product doctrine, the right of privacy, and all other privileges

18  recognized under the constitutional, statutory or decisional law of the United States

19  of America, the State of California or any other applicable jurisdiction.  Larian

20  further objects to this request as being overly broad and unduly burdensome on the

21  grounds that it is not limited in time or geographical scope.  Larian further objects to

22  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

23  limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

24  TO" does not comply with the "reasonable particularity" requirement of Federal Rule

25  of Civil Procedure 34 and renders the request overly broad and unduly burdensome

26  in light of "the wealth of material already made available in this case."  Westhemeco

27  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

28  further objects that the phrase "YOU successfully tarnishing, soiling, debasing,

25

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

EXHIBIT 15

PAGE 330

1  degrading or undermining MATTEL's reputation or business" is (1) accusatory and

2  argumentative such that Larian would have to respond to the allegations of the

3  request before providing any substantive response, see Zadrozny v. Board of

4  Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2)

5  compound, rendering the request vague, ambiguous, and unintelligible.  Larian

6  further objects to the request to the extent that it seeks documents that by reason of

7  public filing, public distribution or otherwise are already in Mattel's possession or

8  are readily accessible to Mattel.  Larian further objects to the request to the extent

9  that it seeks documents not in Larian's possession, custody or control.  Larian further

10  objects to the request to the extent it seeks confidential, proprietary or commercially

11  sensitive information, the disclosure of which would be inimical to the business

12  interests of Larian or MGA.  Larian further objects to the request to the extent it

13  violates the privacy rights of third parties to their private, confidential, proprietary or

14  trade secret information.

15  REQUEST FOR PRODUCTION NO. 13:

16       All DOCUMENTS, including but not limited to all COMMUNICATIONS

17  with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL

18  engaged in "efforts to create negative publicity or press about MGA, MGA products,

19  Bryant, Larian, or MGA employees."

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

21       Larian incorporates by reference his General Response and General Objections

22  above, as though fully set forth herein and specifically incorporates General

23  Objection No. 15 (regarding Definitions), including without limitation Larian's

24  objection to the definition of the term YOUR, and its incorporated terms

25  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

26  seeks the production of documents that are protected from disclosure under any

27  applicable privilege, doctrine or immunity, including without limitation the attorney-

28  client privilege, the work product doctrine, the right of privacy, and all other

EXHIBIT 15

PAGE 327

1   privileges recognized under the constitutional, statutory or decisional law of the

2   United States of America, the State of California or any other applicable jurisdiction.

3   Larian further objects to this request as being overly broad and unduly burdensome

4   on the grounds that it is not limited in time or geographical scope. Larian further

5   objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

6   but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

7   RELATE TO" does not comply with the "reasonable particularity" requirement of

8   Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

9   burdensome in light of "the wealth of material already made available in this case."

10   Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

11   Larian further objects to the request to the extent that it seeks documents that by

12   reason of public filing, public distribution or otherwise are already in Mattel's

13   possession or are readily accessible to Mattel. Larian further objects to the request to

14   the extent that it seeks documents not in Larian's possession, custody or control.

15   Larian further objects to the request to the extent it seeks confidential, proprietary or

16   commercially sensitive information, the disclosure of which would be inimical to the

17   business interests of Larian or MGA. Larian further objects to the request to the

18   extent it violates the privacy rights of third parties to their private, confidential,

19   proprietary or trade secret information.

20        Larian further objects to this request as cumulative, duplicative, and unduly

21   burdensome to the extent that it seeks documents previously requested by Mattel or

22   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

23   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

24   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

25   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

26   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

27   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

28   Things to MGAE de Mexico S.R.L. de C.V.

EXHIBIT 15

PAGE 328

27

1    Without waiving any of the foregoing General or Specific Objections, but

2    rather expressly preserving each and every such objection, Larian responds as

3    follows:  Larian will produce all non-privileged, responsive documents in his

4    possession, custody or control, if any, that he is able to locate following a reasonably

5    diligent search.

6    REQUEST FOR PRODUCTION NO. 14:

7        All DOCUMENTS, including but not limited to all COMMUNICATIONS

8    with any PERSON, that YOU contend prove or that YOU will rely on at trial to

9    prove that MATTEL engaged in "efforts to create negative publicity or press about

10   MGA, MGA products, Bryant, Larian, or MGA employees."

11   RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

12       Larian incorporates by reference his General Response and General Objections

13   above, as though fully set forth herein and specifically incorporates General

14   Objection No. 15 (regarding Definitions), including without limitation Larian's

15   objection to the definition of the term YOU, and its incorporated terms AFFILIATES

16   and PERSON.  Larian further objects to the request to the extent it seeks the

17   production of documents that are protected from disclosure under any applicable

18   privilege, doctrine or immunity, including without limitation the attorney-client

19   privilege, the work product doctrine, the right of privacy, and all other privileges

20   recognized under the constitutional, statutory or decisional law of the United States

21   of America, the State of California or any other applicable jurisdiction.   Larian

22   further objects to this request as being overly broad and unduly burdensome on the

23   grounds that it is not limited in time or geographical scope.  Larian further objects to

24   this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

25   limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

26   TO" does not comply with the "reasonable particularity" requirement of Federal Rule

27   of Civil Procedure 34 and renders the request overly broad and unduly burdensome

28   in light of "the wealth of material already made available in this case."  Westhemeco

EXHIBIT 15

PAGE 329

1   <u>Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

2   further objects that the phrase "that YOU contend prove or that YOU will rely on at

3   trial to prove" is compound and, as such, renders the request vague, ambiguous, and

4   unintelligible.  Larian further objects to the request to the extent that it seeks

5   documents that by reason of public filing, public distribution or otherwise are already

6   in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

7   the request to the extent that it seeks documents not in Larian's possession, custody

8   or control.  Larian further objects to the request to the extent it seeks confidential,

9   proprietary or commercially sensitive information, the disclosure of which would be

10   inimical to the business interests of Larian or MGA.  Larian further objects to the

11   request to the extent it violates the privacy rights of third parties to their private,

12   confidential, proprietary or trade secret information.

13       Larian further objects to this request as cumulative, duplicative, and unduly

14   burdensome to the extent that it seeks documents previously requested by Mattel or

15   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

16   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

17   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

18   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

19   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

20   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

21   Things to MGAE de Mexico S.R.L. de C.V.

22       Without waiving any of the foregoing General or Specific Objections, but

23   rather expressly preserving each and every such objection, Larian responds as

24   follows:  Larian will produce all non-privileged, responsive documents in his

25   possession, custody or control, if any, that he is able to locate following a reasonably

26   diligent search.

27

28

EXHIBIT 15

PAGE 330

29

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  REQUEST FOR PRODUCTION NO. 15:

2      DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

3  YOUR allegation that MATTEL engaged in "efforts to create negative publicity or

4  press about MGA, MGA products, Bryant, Larian, or MGA employees."

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

6      Larian incorporates by reference his General Response and General Objections

7  above, as though fully set forth herein and specifically incorporates General

8  Objection No. 15 (regarding Definitions), including without limitation Larian's

9  objection to the definition of the term YOUR, and its incorporated terms

10  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

11  seeks the production of documents that are protected from disclosure under any

12  applicable privilege, doctrine or immunity, including without limitation the attorney-

13  client privilege, the work product doctrine, the right of privacy, and all other

14  privileges recognized under the constitutional, statutory or decisional law of the

15  United States of America, the State of California or any other applicable jurisdiction.

16  Larian further objects to this request as being overly broad and unduly burdensome

17  on the grounds that it is not limited in time or geographical scope.  Larian further

18  objects to this request on the grounds that the phrase "all PERSONS with knowledge

19  of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly

20  burdensome in that anyone who has read Larian's Answer in this matter has

21  "knowledge of [Larian's] allegation," without regard to whether the factual basis for

22  the allegation is known to them.  Larian further objects to the request to the extent

23  that it seeks documents that by reason of public filing, public distribution or

24  otherwise are already in Mattel's possession or are readily accessible to Mattel.

25  Larian further objects to the request to the extent that it seeks documents not in

26  Larian's possession, custody or control.  Larian further objects to the request to the

27  extent it seeks confidential, proprietary or commercially sensitive information, the

28  disclosure of which would be inimical to the business interests of Larian or MGA.

1  Larian further objects to the request to the extent it violates the privacy rights of third

2  parties to their private, confidential, proprietary or trade secret information.

3        Larian further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11  Things to MGAE de Mexico S.R.L. de C.V.

12        Without waiving any of the foregoing General or Specific Objections, but

13  rather expressly preserving each and every such objection, Larian responds as

14  follows:  Larian will produce all non-privileged, responsive documents in his

15  possession, custody or control, if any, that he is able to locate following a reasonably

16  diligent search.

17  REQUEST FOR PRODUCTION NO. 16:

18        DOCUMENTS describing all time periods during which MATTEL allegedly

19  engaged in "efforts to create negative publicity or press about MGA, MGA products,

20  Bryant, Larian, or MGA employees."

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

22        Larian incorporates by reference his General Response and General Objections

23  above, as though fully set forth herein.  Larian further objects to the request to the

24  extent it seeks the production of documents that are protected from disclosure under

25  any applicable privilege, doctrine or immunity, including without limitation the

26  attorney-client privilege, the work product doctrine, the right of privacy, and all other

27  privileges recognized under the constitutional, statutory or decisional law of the

28  United States of America, the State of California or any other applicable jurisdiction.

31

EXHIBIT 15

PAGE 332

1  Larian further objects to this request as being overly broad and unduly burdensome

2  on the grounds that it is not limited in time or geographical scope.  Larian further

3  objects to this request on the grounds that the phrase "DOCUMENTS describing all

4  time periods during which" renders the request vague, ambiguous, and unintelligible.

5  Larian further objects to the request to the extent that it seeks documents that by

6  reason of public filing, public distribution or otherwise are already in Mattel's

7  possession or are readily accessible to Mattel.  Larian further objects to the request to

8  the extent that it seeks documents not in Larian's possession, custody or control.

9  Larian further objects to the request to the extent it seeks confidential, proprietary or

10  commercially sensitive information, the disclosure of which would be inimical to the

11  business interests of Larian or MGA.  Larian further objects to the request to the

12  extent it violates the privacy rights of third parties to their private, confidential,

13  proprietary or trade secret information.

14          Larian further objects to this request as cumulative, duplicative, and unduly

15  burdensome to the extent that it seeks documents previously requested by Mattel or

16  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

17  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

18  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

19  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

20  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

21  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

22  Things to MGAE de Mexico S.R.L. de C.V.

23          Without waiving any of the foregoing General or Specific Objections, but

24  rather expressly preserving each and every such objection, Larian responds as

25  follows:  Larian will produce all non-privileged, responsive documents in his

26  possession, custody or control, if any, that he is able to locate following a reasonably

27  diligent search.

28

EXHIBIT _15_

PAGE _333_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS that are, contain, reference, embody or otherwise reflect each instance of alleged "negative publicity or press about MGA, MGA products, Bryant, Larian or MGA employees," that YOU contend MATTEL created or engaged in efforts to create.

RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the term YOU, and its incorporated terms AFFILIATES and PERSON. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to the request on the ground that the phrase "are, contain, reference, embody or otherwise reflect" is compound, vague, ambiguous and unintelligible. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA. Larian further objects to the request to the extent it

EXHIBIT 15

PAGE 334

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  violates the privacy rights of third parties to their private, confidential, proprietary or

2  trade secret information.

3       Larian further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11 Things to MGAE de Mexico S.R.L. de C.V.

12      Without waiving any of the foregoing General or Specific Objections, but

13 rather expressly preserving each and every such objection, Larian responds as

14 follows:  Larian will produce all non-privileged, responsive documents in his

15 possession, custody or control, if any, that he is able to locate following a reasonably

16 diligent search.

17 REQUEST FOR PRODUCTION NO. 18:

18      All DOCUMENTS that YOU contend prove or tend to prove that any alleged

19 "negative publicity or press about MGA, MGA products, Bryant, Larian or MGA

20 employees" was false.

21 RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

22      Larian incorporates by reference his General Response and General Objections

23 above, as though fully set forth herein and specifically incorporates General

24 Objection No. 15 (regarding Definitions), including without limitation Larian's

25 objection to the definition of the term YOU, and its incorporated terms AFFILIATES

26 and PERSON.  Larian further objects to the request to the extent it seeks the

27 production of documents that are protected from disclosure under any applicable

28 privilege, doctrine or immunity, including without limitation the attorney-client

34

EXHIBIT _15_

1  privilege, the work product doctrine, the right of privacy, and all other privileges

2  recognized under the constitutional, statutory or decisional law of the United States

3  of America, the State of California or any other applicable jurisdiction.  Larian

4  further objects to this request as being overly broad and unduly burdensome on the

5  grounds that it is not limited in time or geographical scope.  Larian further objects to

6  this request on the grounds that the phrase "[a]ll DOCUMENTS" does not comply

7  with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34

8  and renders the request overly broad and unduly burdensome in light of "the wealth

9  of material already made available in this case."  Westhemeco Ltd. v. New

10  Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that

11  the phrase "that YOU contend prove or tend to prove" is compound and, as such,

12  renders the request vague, ambiguous, and unintelligible.  Larian further objects to

13  the request to the extent that it seeks documents that by reason of public filing,

14  public distribution or otherwise are already in Mattel's possession or are readily

15  accessible to Mattel.  Larian further objects to the request to the extent that it seeks

16  documents not in Larian's possession, custody or control.  Larian further objects to

17  the request to the extent it seeks confidential, proprietary or commercially sensitive

18  information, the disclosure of which would be inimical to the business interests of

19  Larian or MGA.  Larian further objects to the request to the extent it violates the

20  privacy rights of third parties to their private, confidential, proprietary or trade secret

21  information.

22      Larian further objects to this request as cumulative, duplicative, and unduly

23  burdensome to the extent that it seeks documents previously requested by Mattel or

24  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

25  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

26  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

27  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

28  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

1 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
2 | Things to MGAE de Mexico S.R.L. de C.V.

3 |     Without waiving any of the foregoing General or Specific Objections, but
4 | rather expressly preserving each and every such objection, Larian responds as
5 | follows:  Larian will produce all non-privileged, responsive documents in his
6 | possession, custody or control, if any, that he is able to locate following a reasonably
7 | diligent search.

8 | **REQUEST FOR PRODUCTION NO. 19:**

9 |     All DOCUMENTS that YOU contend prove or tend to prove, for each
10 | instance of allegedly "negative publicity or press about MGA, MGA products,
11 | Bryant, Larian or MGA employees," that MATTEL knew or should have known that
12 | such negative publicity or press was false.

13 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

14 |     Larian incorporates by reference his General Response and General Objections
15 | above, as though fully set forth herein and specifically incorporates General
16 | Objection No. 15 (regarding Definitions), including without limitation Larian's
17 | objection to the definition of the term YOU, and its incorporated terms AFFILIATES
18 | and PERSON.  Larian further objects to the request to the extent it seeks the
19 | production of documents that are protected from disclosure under any applicable
20 | privilege, doctrine or immunity, including without limitation the attorney-client
21 | privilege, the work product doctrine, the right of privacy, and all other privileges
22 | recognized under the constitutional, statutory or decisional law of the United States
23 | of America, the State of California or any other applicable jurisdiction.  Larian
24 | further objects to this request as being overly broad and unduly burdensome on the
25 | grounds that it is not limited in time or geographical scope.  Larian further objects to
26 | this request on the grounds that the phrase "[a]ll DOCUMENTS" does not comply
27 | with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34
28 | and renders the request overly broad and unduly burdensome in light of "the wealth

EXHIBIT 15

PAGE 337

1  of material already made available in this case." <u>Westhemeco Ltd. v. New</u>

2  <u>Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that

3  the phrases "that YOU contend prove or tend to prove," "MATTEL knew or should

4  have known" and "'negative publicity or press'" are, both individually and taken

5  together, compound and, as such, render the request vague, ambiguous, and

6  unintelligible.  Larian further objects to the request to the extent that it seeks

7  documents that by reason of public filing, public distribution or otherwise are already

8  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

9  the request to the extent that it seeks documents not in Larian's possession, custody

10  or control.  Larian further objects to the request to the extent it seeks confidential,

11  proprietary or commercially sensitive information, the disclosure of which would be

12  inimical to the business interests of Larian or MGA.  Larian further objects to the

13  request to the extent it violates the privacy rights of third parties to their private,

14  confidential, proprietary or trade secret information.

15        Larian further objects to this request as cumulative, duplicative, and unduly

16  burdensome to the extent that it seeks documents previously requested by Mattel or

17  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

18  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

19  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

20  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

21  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

22  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

23  Things to MGAE de Mexico S.R.L. de C.V.

24        Without waiving any of the foregoing General or Specific Objections, but

25  rather expressly preserving each and every such objection, Larian responds as

26  follows:  Larian will produce all non-privileged, responsive documents in his

27  possession, custody or control, if any, that he is able to locate following a reasonably

28  diligent search.

1  REQUEST FOR PRODUCTION NO. 20:

2       All DOCUMENTS, including but not limited to all COMMUNICATIONS

3  with any PERSON, RELATING to YOUR actions in response to, or efforts to stop,

4  thwart, prevent, interfere with or counter, MATTEL'S alleged "efforts to create

5  negative publicity or press about MGA, MGA products, Bryant, Larian, or MGA

6  employees."

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

8       Larian incorporates by reference his General Response and General Objections

9  above, as though fully set forth herein and specifically incorporates General

10  Objection No. 15 (regarding Definitions), including without limitation Larian's

11  objection to the definition of the term YOUR, and its incorporated terms

12  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

13  seeks the production of documents that are protected from disclosure under any

14  applicable privilege, doctrine or immunity, including without limitation the attorney-

15  client privilege, the work product doctrine, the right of privacy, and all other

16  privileges recognized under the constitutional, statutory or decisional law of the

17  United States of America, the State of California or any other applicable jurisdiction.

18  Larian further objects to this request as being overly broad and unduly burdensome

19  on the grounds that it is not limited in time or geographical scope.  Larian further

20  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

21  but not limited to all COMMUNICATIONS with any PERSON" does not comply

22  with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34

23  and renders the request overly broad and unduly burdensome in light of "the wealth

24  of material already made available in this case."  Westhemeco Ltd. v. New

25  Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that

26  the phrase "RELATING to YOUR actions in response to, or efforts to stop, thwart,

27  prevent, interfere with or counter" is compound and, as such, renders the request

28  vague, ambiguous, and unintelligible.  Larian further objects to the request to the

38

EXHIBIT 15

1  extent that it seeks documents that by reason of public filing, public distribution or

2  otherwise are already in Mattel's possession or are readily accessible to Mattel.

3  Larian further objects to the request to the extent that it seeks documents not in

4  Larian's possession, custody or control.  Larian further objects to the request to the

5  extent it seeks confidential, proprietary or commercially sensitive information, the

6  disclosure of which would be inimical to the business interests of Larian or MGA.

7  Larian further objects to the request to the extent it violates the privacy rights of third

8  parties to their private, confidential, proprietary or trade secret information.

9      Larian further objects to this request as cumulative, duplicative, and unduly

10 burdensome to the extent that it seeks documents previously requested by Mattel or

11 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

12 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

13 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

14 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

15 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

16 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

17 Things to MGAE de Mexico S.R.L. de C.V.

18     Without waiving any of the foregoing General or Specific Objections, but

19 rather expressly preserving each and every such objection, Larian responds as

20 follows:  Larian will produce all non-privileged, responsive documents in his

21 possession, custody or control, if any, that he is able to locate following a reasonably

22 diligent search.

23 REQUEST FOR PRODUCTION NO. 21:

24     All DOCUMENTS, including but not limited to all COMMUNICATIONS

25 with any PERSON, RELATING to any loss, harm, injury, increased expense, lost

26 revenue or profits, or any other damage caused to YOU by MATTEL'S alleged

27 "efforts to create negative publicity or press about MGA, MGA products, Bryant,

28 Larian, or MGA employees."

EXHIBIT 15
PAGE 340

39

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

2        Larian incorporates by reference his General Response and General Objections

3  above, as though fully set forth herein and specifically incorporates General

4  Objection No. 15 (regarding Definitions), including without limitation Larian's

5  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

6  and PERSON.  Larian further objects to the request to the extent it seeks the

7  production of documents that are protected from disclosure under any applicable

8  privilege, doctrine or immunity, including without limitation the attorney-client

9  privilege, the work product doctrine, the right of privacy, and all other privileges

10  recognized under the constitutional, statutory or decisional law of the United States

11  of America, the State of California or any other applicable jurisdiction.  Larian

12  further objects to this request as being overly broad and unduly burdensome on the

13  grounds that it is not limited in time or geographical scope.  Larian further objects to

14  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

15  limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not

16  comply with the "reasonable particularity" requirement of Federal Rule of Civil

17  Procedure 34 and renders the request overly broad and unduly burdensome in light of

18  "the wealth of material already made available in this case."  Westhemeco Ltd. v.

19  New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

20  objects that the phrase "any loss, harm, injury, increased expense, lost revenue or

21  profits, or any other damage" is compound and, as such, renders the request vague,

22  ambiguous, and unintelligible.  Larian further objects to the request to the extent that

23  it seeks documents that by reason of public filing, public distribution or otherwise

24  are already in Mattel's possession or are readily accessible to Mattel.  Larian further

25  objects to the request to the extent that it seeks documents not in Larian's possession,

26  custody or control.  Larian further objects to the request to the extent it seeks

27  confidential, proprietary or commercially sensitive information, the disclosure of

28  which would be inimical to the business interests of Larian or MGA.  Larian further

40

EXHIBIT 15

1    objects to the request to the extent it violates the privacy rights of third parties to

2    their private, confidential, proprietary or trade secret information.

3        Larian further objects to this request as cumulative, duplicative, and unduly

4    burdensome to the extent that it seeks documents previously requested by Mattel or

5    produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6    document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7    Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8    MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9    Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10    140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11    Things to MGAE de Mexico S.R.L. de C.V.

12        Without waiving any of the foregoing General or Specific Objections, but

13    rather expressly preserving each and every such objection, Larian responds as

14    follows:  Larian will produce all non-privileged, responsive documents in his

15    possession, custody or control, if any, that he is able to locate following a reasonably

16    diligent search.

17    <u>REQUEST FOR PRODUCTION NO. 22:</u>

18        All DOCUMENTS, including but not limited to all COMMUNICATIONS

19    with any PERSON, that REFER OR RELATE TO MATTEL'S success or failure in

20    its alleged "efforts to create negative publicity or press about MGA, MGA products,

21    Bryant, Larian, or MGA employees."

22    <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 22:</u>

23        Larian incorporates by reference his General Response and General Objections

24    above, as though fully set forth herein and specifically incorporates General

25    Objection No. 15 (regarding Definitions), including without limitation Larian's

26    objection to the definition of the term PERSON.  Larian further objects to the request

27    to the extent it seeks the production of documents that are protected from disclosure

28    under any applicable privilege, doctrine or immunity, including without limitation

1   the attorney-client privilege, the work product doctrine, the right of privacy, and all

2   other privileges recognized under the constitutional, statutory or decisional law of

3   the United States of America, the State of California or any other applicable

4   jurisdiction.  Larian further objects to this request as being overly broad and unduly

5   burdensome on the grounds that it is not limited in time or geographical scope.

6   Larian further objects to this request on the grounds that the phrase "[a]ll

7   DOCUMENTS, including but not limited to all COMMUNICATIONS with any

8   PERSON, that REFER OR RELATE TO" does not comply with the "reasonable

9   particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

10   request overly broad and unduly burdensome in light of "the wealth of material

11   already made available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co.,

12   82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrases "success

13   or failure" and "'efforts to create negative publicity or press about MGA, MGA

14   products, Bryant, Larian, or MGA employees'" are, both individually and taken

15   together, compound and, as such, render the request vague, ambiguous, and

16   unintelligible.  Larian further objects to the request to the extent that it seeks

17   documents that by reason of public filing, public distribution or otherwise are already

18   in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

19   the request to the extent that it seeks documents not in Larian's possession, custody

20   or control.  Larian further objects to the request to the extent it seeks confidential,

21   proprietary or commercially sensitive information, the disclosure of which would be

22   inimical to the business interests of Larian or MGA.  Larian further objects to the

23   request to the extent it violates the privacy rights of third parties to their private,

24   confidential, proprietary or trade secret information.

25         Larian further objects to this request as cumulative, duplicative, and unduly

26   burdensome to the extent that it seeks documents previously requested by Mattel or

27   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

28   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

EXHIBIT 15

PAGE 242

1 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

2 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

3 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

4 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

5 Things to MGAE de Mexico S.R.L. de C.V.

6      Without waiving any of the foregoing General or Specific Objections, but

7 rather expressly preserving each and every such objection, Larian responds as

8 follows:  Larian will produce all non-privileged, responsive documents in his

9 possession, custody or control, if any, that he is able to locate following a reasonably

10 diligent search.

11 REQUEST FOR PRODUCTION NO. 23:

12      All DOCUMENTS, including but not limited to all COMMUNICATIONS

13 with any PERSON, that REFER OR RELATE TO YOUR efforts to create negative

14 publicity or press about MATTEL, any MATTEL product or any MATTEL

15 employee.

16 RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

17      Larian incorporates by reference his General Response and General Objections

18 above, as though fully set forth herein and specifically incorporates General

19 Objection No. 15 (regarding Definitions), including without limitation Larian's

20 objection to the definition of the term YOUR, and its incorporated terms PERSON

21 and AFFILIATE.  Larian further objects to the request to the extent it seeks the

22 production of documents that are protected from disclosure under any applicable

23 privilege, doctrine or immunity, including without limitation the attorney-client

24 privilege, the work product doctrine, the right of privacy, and all other privileges

25 recognized under the constitutional, statutory or decisional law of the United States

26 of America, the State of California or any other applicable jurisdiction.  Larian

27 further objects to this request as being overly broad and unduly burdensome on the

28 grounds that it is not limited in time or geographical scope.  Larian further objects to

1  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

2  limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

3  TO" does not comply with the "reasonable particularity" requirement of Federal Rule

4  of Civil Procedure 34 and renders the request overly broad and unduly burdensome

5  in light of "the wealth of material already made available in this case." Westhemeco

6  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

7  further objects that the phrase "YOUR efforts to create negative publicity or press

8  about MATTEL, any MATTEL product or any MATTEL employee" is (1)

9  accusatory and argumentative such that Larian would have to respond to the

10  allegations of the request before providing any substantive response, see Zadrozny v.

11  Board of Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991),

12  and (2) compound, rendering the request vague, ambiguous, and unintelligible.

13  Larian further objects to the request to the extent that it seeks documents that by

14  reason of public filing, public distribution or otherwise are already in Mattel's

15  possession or are readily accessible to Mattel.  Larian further objects to the request to

16  the extent that it seeks documents not in Larian's possession, custody or control.

17  Larian further objects to the request to the extent it seeks confidential, proprietary or

18  commercially sensitive information, the disclosure of which would be inimical to the

19  business interests of Larian or MGA.  Larian further objects to the request to the

20  extent it violates the privacy rights of third parties to their private, confidential,

21  proprietary or trade secret information.

22  REQUEST FOR PRODUCTION NO. 24:

23      All DOCUMENTS, including but not limited to all COMMUNICATIONS

24  with any PERSON, that REFER OR RELATE TO YOU successfully portraying

25  MATTEL negatively or unfavorably by creating negative publicity or press about

26  MATTEL, any MATTEL product or any MATTEL employee.

27

28

EXHIBIT 15

PAGE 345

44

RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the term YOU, and its incorporated terms PERSON and AFFILIATE.  Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  Larian further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase "YOU successfully portraying MATTEL negatively or unfavorably by creating negative publicity or press about MATTEL, any MATTEL product or any MATTEL employee" is (1) accusatory and argumentative such that Larian would have to respond to the allegations of the request before providing any substantive response, see Zadrozny v. Board of Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2) compound, rendering the request vague, ambiguous, and unintelligible.  Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.

EXHIBIT 15

1  Larian further objects to the request to the extent that it seeks documents not in

2  Larian's possession, custody or control.  Larian further objects to the request to the

3  extent it seeks confidential, proprietary or commercially sensitive information, the

4  disclosure of which would be inimical to the business interests of Larian or MGA.

5  Larian further objects to the request to the extent it violates the privacy rights of third

6  parties to their private, confidential, proprietary or trade secret information.

7  REQUEST FOR PRODUCTION NO. 25:

8       All DOCUMENTS, including but not limited to all COMMUNICATIONS

9  with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL

10  engaged in "efforts to fund or commission market research or studies that portray

11  Bratz or MGA products negatively."

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

13       Larian incorporates by reference his General Response and General Objections

14  above, as though fully set forth herein and specifically incorporates General

15  Objection No. 15 (regarding Definitions), including without limitation Larian's

16  objection to the definition of the term YOUR, and its incorporated terms

17  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

18  seeks the production of documents that are protected from disclosure under any

19  applicable privilege, doctrine or immunity, including without limitation the attorney-

20  client privilege, the work product doctrine, the right of privacy, and all other

21  privileges recognized under the constitutional, statutory or decisional law of the

22  United States of America, the State of California or any other applicable jurisdiction.

23  Larian further objects to this request as being overly broad and unduly burdensome

24  on the grounds that it is not limited in time or geographical scope.  Larian further

25  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

26  but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

27  RELATE TO" does not comply with the "reasonable particularity" requirement of

28  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

1  burdensome in light of "the wealth of material already made available in this case."

2  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

3  Larian further objects to the request to the extent that it seeks documents that by

4  reason of public filing, public distribution or otherwise are already in Mattel's

5  possession or are readily accessible to Mattel.  Larian further objects to the request to

6  the extent that it seeks documents not in Larian's possession, custody or control.

7  Larian further objects to the request to the extent it seeks confidential, proprietary or

8  commercially sensitive information, the disclosure of which would be inimical to the

9  business interests of Larian or MGA.  Larian further objects to the request to the

10 extent it violates the privacy rights of third parties to their private, confidential,

11 proprietary or trade secret information.

12       Larian further objects to this request as cumulative, duplicative, and unduly

13 burdensome to the extent that it seeks documents previously requested by Mattel or

14 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

15 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

16 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

17 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

18 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

19 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

20 Things to MGAE de Mexico S.R.L. de C.V.

21       Without waiving any of the foregoing General or Specific Objections, but

22 rather expressly preserving each and every such objection, Larian responds as

23 follows:  Larian will produce all non-privileged, responsive documents in his

24 possession, custody or control, if any, that he is able to locate following a reasonably

25 diligent search.

26 REQUEST FOR PRODUCTION NO. 26:

27       All DOCUMENTS, including but not limited to all COMMUNICATIONS

28 with any PERSON, that YOU contend prove or that YOU will rely on at trial to

47

EXHIBIT 15

1  prove that MATTEL engaged in "efforts to fund or commission market research or

2  studies that portray Bratz or MGA products negatively."

3  RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

4         Larian incorporates by reference his General Response and General Objections

5  above, as though fully set forth herein and specifically incorporates General

6  Objection No. 15 (regarding Definitions), including without limitation Larian's

7  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

8  and PERSON.  Larian further objects to the request to the extent it seeks the

9  production of documents that are protected from disclosure under any applicable

10  privilege, doctrine or immunity, including without limitation the attorney-client

11  privilege, the work product doctrine, the right of privacy, and all other privileges

12  recognized under the constitutional, statutory or decisional law of the United States

13  of America, the State of California or any other applicable jurisdiction.  Larian

14  further objects to this request as being overly broad and unduly burdensome on the

15  grounds that it is not limited in time or geographical scope.  Larian further objects to

16  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

17  limited to all COMMUNICATIONS with any PERSON" does not comply with the

18  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

19  renders the request overly broad and unduly burdensome in light of "the wealth of

20  material already made available in this case." Westhemeco Ltd. v. New Hampshire

21  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrases

22  "that YOU contend prove or that YOU will rely on at trial to prove" and "'efforts to

23  fund or commission market research or studies that portray Bratz or MGA products

24  negatively'" are, both individually and taken together, compound and, as such, render

25  the request vague, ambiguous, and unintelligible.  Larian further objects to the

26  request to the extent that it seeks documents that by reason of public filing, public

27  distribution or otherwise are already in Mattel's possession or are readily accessible

28  to Mattel.  Larian further objects to the request to the extent that it seeks documents

1   not in Larian's possession, custody or control.  Larian further objects to the request to

2   the extent it seeks confidential, proprietary or commercially sensitive information,

3   the disclosure of which would be inimical to the business interests of Larian or MGA.

4   Larian further objects to the request to the extent it violates the privacy rights of third

5   parties to their private, confidential, proprietary or trade secret information.

6         Larian further objects to this request as cumulative, duplicative, and unduly

7   burdensome to the extent that it seeks documents previously requested by Mattel or

8   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

9   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

10  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

11  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

12  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

13  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

14  Things to MGAE de Mexico S.R.L. de C.V.

15        Without waiving any of the foregoing General or Specific Objections, but

16  rather expressly preserving each and every such objection, Larian responds as

17  follows:  Larian will produce all non-privileged, responsive documents in his

18  possession, custody or control, if any, that he is able to locate following a reasonably

19  diligent search.

20  REQUEST FOR PRODUCTION NO. 27:

21        DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

22  YOUR allegation that MATTEL engaged in "efforts to fund or commission market

23  research or studies that portray Bratz or MGA products negatively."

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

25        Larian incorporates by reference his General Response and General Objections

26  above, as though fully set forth herein and specifically incorporates General

27  Objection No. 15 (regarding Definitions), including without limitation Larian's

28  objection to the definition of the terms YOUR, and its incorporated terms

EXHIBIT _15_

1  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

2  seeks the production of documents that are protected from disclosure under any

3  applicable privilege, doctrine or immunity, including without limitation the attorney-

4  client privilege, the work product doctrine, the right of privacy, and all other

5  privileges recognized under the constitutional, statutory or decisional law of the

6  United States of America, the State of California or any other applicable jurisdiction.

7  Larian further objects to this request as being overly broad and unduly burdensome

8  on the grounds that it is not limited in time or geographical scope.  Larian further

9  objects to this request on the grounds that the phrase "all PERSONS with knowledge

10  of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly

11  burdensome in that anyone who has read Larian's Answer in this matter has

12  "knowledge of [Larian's] allegation," without regard to whether the factual basis for

13  the allegation is known to them.  Larian further objects to the request to the extent

14  that it seeks documents that by reason of public filing, public distribution or

15  otherwise are already in Mattel's possession or are readily accessible to Mattel.

16  Larian further objects to the request to the extent that it seeks documents not in

17  Larian's possession, custody or control.  Larian further objects to the request to the

18  extent it seeks confidential, proprietary or commercially sensitive information, the

19  disclosure of which would be inimical to the business interests of Larian or MGA.

20  Larian further objects to the request to the extent it violates the privacy rights of third

21  parties to their private, confidential, proprietary or trade secret information.

22      Larian further objects to this request as cumulative, duplicative, and unduly

23  burdensome to the extent that it seeks documents previously requested by Mattel or

24  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

25  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

26  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

27  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

28  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

EXHIBIT _15_

PAGE _351_

1 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
2 | Things to MGAE de Mexico S.R.L. de C.V.

3 |      Without waiving any of the foregoing General or Specific Objections, but
4 | rather expressly preserving each and every such objection, Larian responds as
5 | follows:  Larian will produce all non-privileged, responsive documents in his
6 | possession, custody or control, if any, that he is able to locate following a reasonably
7 | diligent search.

8 | REQUEST FOR PRODUCTION NO. 28:

9 |      DOCUMENTS describing all time periods during which MATTEL allegedly
10 | engaged in "efforts to fund or commission market research or studies that portray
11 | Bratz or MGA products negatively."

12 | RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

13 |      Larian incorporates by reference his General Response and General Objections
14 | above, as though fully set forth herein.  Larian further objects to the request to the
15 | extent it seeks the production of documents that are protected from disclosure under
16 | any applicable privilege, doctrine or immunity, including without limitation the
17 | attorney-client privilege, the work product doctrine, the right of privacy, and all other
18 | privileges recognized under the constitutional, statutory or decisional law of the
19 | United States of America, the State of California or any other applicable jurisdiction.
20 | Larian further objects to this request as being overly broad and unduly burdensome
21 | on the grounds that it is not limited in time or geographical scope.  Larian further
22 | objects to this request on the grounds that the phrase "DOCUMENTS describing all
23 | time periods during which" renders the request vague, ambiguous, and unintelligible.
24 | Larian further objects to the request to the extent that it seeks documents that by
25 | reason of public filing, public distribution or otherwise are already in Mattel's
26 | possession or are readily accessible to Mattel.  Larian further objects to the request to
27 | the extent that it seeks documents not in Larian's possession, custody or control.
28 | Larian further objects to the request to the extent it seeks confidential, proprietary or

51

EXHIBIT 15

1  commercially sensitive information, the disclosure of which would be inimical to the

2  business interests of Larian or MGA.  Larian further objects to the request to the

3  extent it violates the privacy rights of third parties to their private, confidential,

4  proprietary or trade secret information.

5      Larian further objects to this request as cumulative, duplicative, and unduly

6  burdensome to the extent that it seeks documents previously requested by Mattel or

7  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

8  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

9  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

10  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

11  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

12  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

13  Things to MGAE de Mexico S.R.L. de C.V.

14      Without waiving any of the foregoing General or Specific Objections, but

15  rather expressly preserving each and every such objection, Larian responds as

16  follows:  Larian will produce all non-privileged, responsive documents in his

17  possession, custody or control, if any, that he is able to locate following a reasonably

18  diligent search.

19  REQUEST FOR PRODUCTION NO. 29:

20      All DOCUMENTS, including but not limited to all COMMUNICATIONS

21  with any PERSON, RELATING to YOUR actions in response to, or efforts to stop,

22  thwart, prevent, counter or mitigate, MATTEL'S alleged "efforts to fund or

23  commission market research or studies that portray Bratz or MGA products

24  negatively."

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

26      Larian incorporates by reference his General Response and General Objections

27  above, as though fully set forth herein and specifically incorporates General

28  Objection No. 15 (regarding Definitions), including without limitation Larian's

1  objection to the definition of the term YOUR, and its incorporated terms

2  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

3  seeks the production of documents that are protected from disclosure under any

4  applicable privilege, doctrine or immunity, including without limitation the attorney-

5  client privilege, the work product doctrine, the right of privacy, and all other

6  privileges recognized under the constitutional, statutory or decisional law of the

7  United States of America, the State of California or any other applicable jurisdiction.

8  Larian further objects to this request as being overly broad and unduly burdensome

9  on the grounds that it is not limited in time or geographical scope.  Larian further

10  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

11  but not limited to all COMMUNICATIONS with any PERSON, RELATING TO"

12  does not comply with the "reasonable particularity" requirement of Federal Rule of

13  Civil Procedure 34 and renders the request overly broad and unduly burdensome in

14  light of "the wealth of material already made available in this case."  Westhemeco

15  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

16  further objects that the phrases "RELATING to YOUR actions in response to, or

17  efforts to stop, thwart, prevent, counter or mitigate" and "'efforts to fund or

18  commission market research or studies that portray Bratz or MGA products

19  negatively'" are, both individually and taken together, compound and, as such, render

20  the request vague, ambiguous, and unintelligible.  Larian further objects to the

21  request to the extent that it seeks documents that by reason of public filing, public

22  distribution or otherwise are already in Mattel's possession or are readily accessible

23  to Mattel.  Larian further objects to the request to the extent that it seeks documents

24  not in Larian's possession, custody or control.  Larian further objects to the request to

25  the extent it seeks confidential, proprietary or commercially sensitive information,

26  the disclosure of which would be inimical to the business interests of Larian or MGA.

27  Larian further objects to the request to the extent it violates the privacy rights of third

28  parties to their private, confidential, proprietary or trade secret information.

1   Larian further objects to this request as cumulative, duplicative, and unduly

2   burdensome to the extent that it seeks documents previously requested by Mattel or

3   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

4   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

5   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

6   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

7   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

8   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

9   Things to MGAE de Mexico S.R.L. de C.V.

10   Without waiving any of the foregoing General or Specific Objections, but

11   rather expressly preserving each and every such objection, Larian responds as

12   follows:  Larian will produce all non-privileged, responsive documents in his

13   possession, custody or control, if any, that he is able to locate following a reasonably

14   diligent search.

15   REQUEST FOR PRODUCTION NO. 30:

16   All DOCUMENTS, including but not limited to all COMMUNICATIONS

17   with any PERSON, RELATING to any loss, harm, injury, increased expense, lost

18   revenue or profits, or any other damages that MATTEL'S alleged "efforts to fund or

19   commission market research or studies that portray Bratz or MGA products

20   negatively" caused to YOU.

21   RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

22   Larian incorporates by reference his General Response and General Objections

23   above, as though fully set forth herein and specifically incorporates General

24   Objection No. 15 (regarding Definitions), including without limitation Larian's

25   objection to the definition of the term YOU, and its incorporated terms AFFILIATES

26   and PERSON.  Larian further objects to the request to the extent it seeks the

27   production of documents that are protected from disclosure under any applicable

28   privilege, doctrine or immunity, including without limitation the attorney-client

54

EXHIBIT 15

1  privilege, the work product doctrine, the right of privacy, and all other privileges

2  recognized under the constitutional, statutory or decisional law of the United States

3  of America, the State of California or any other applicable jurisdiction.  Larian

4  further objects to this request as being overly broad and unduly burdensome on the

5  grounds that it is not limited in time or geographical scope.  Larian further objects to

6  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

7  limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not

8  comply with the "reasonable particularity" requirement of Federal Rule of Civil

9  Procedure 34 and renders the request overly broad and unduly burdensome in light of

10 "the wealth of material already made available in this case."  Westhemeco Ltd. v.

11 New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

12 objects that the phrases "any loss, harm, injury, increased expense, lost revenue or

13 profits, or any other damages" and "'efforts to fund or commission market research

14 or studies that portray Bratz or MGA products negatively'" are, both individually and

15 taken together, compound and, as such, render the request vague, ambiguous, and

16 unintelligible.  Larian further objects to the request to the extent that it seeks

17 documents that by reason of public filing, public distribution or otherwise are already

18 in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

19 the request to the extent that it seeks documents not in Larian's possession, custody

20 or control.  Larian further objects to the request to the extent it seeks confidential,

21 proprietary or commercially sensitive information, the disclosure of which would be

22 inimical to the business interests of Larian or MGA.  Larian further objects to the

23 request to the extent it violates the privacy rights of third parties to their private,

24 confidential, proprietary or trade secret information.

25        Larian further objects to this request as cumulative, duplicative, and unduly

26 burdensome to the extent that it seeks documents previously requested by Mattel or

27 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

28 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

1   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

2   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

3   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

4   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

5   Things to MGAE de Mexico S.R.L. de C.V.

6          Without waiving any of the foregoing General or Specific Objections, but

7   rather expressly preserving each and every such objection, Larian responds as

8   follows:  Larian will produce all non-privileged, responsive documents in his

9   possession, custody or control, if any, that he is able to locate following a reasonably

10  diligent search.

11  REQUEST FOR PRODUCTION NO. 31:

12         All DOCUMENTS, including but not limited to all COMMUNICATIONS

13  with any PERSON, that REFER OR RELATE TO MATTEL'S success or failure in

14  its alleged "efforts to fund or commission market research or studies that portray

15  Bratz or MGA products negatively."

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

17         Larian incorporates by reference his General Response and General Objections

18  above, as though fully set forth herein and specifically incorporates General

19  Objection No. 15 (regarding Definitions), including without limitation Larian's

20  objection to the definition of the term PERSON.  Larian further objects to the request

21  to the extent it seeks the production of documents that are protected from disclosure

22  under any applicable privilege, doctrine or immunity, including without limitation

23  the attorney-client privilege, the work product doctrine, the right of privacy, and all

24  other privileges recognized under the constitutional, statutory or decisional law of

25  the United States of America, the State of California or any other applicable

26  jurisdiction.  Larian further objects to this request as being overly broad and unduly

27  burdensome on the grounds that it is not limited in time or geographical scope.

28  Larian further objects to this request on the grounds that the phrase "[a]ll

EXHIBIT _15_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE _357_

1   DOCUMENTS, including but not limited to all COMMUNICATIONS with any

2   PERSON, that REFER OR RELATE TO" does not comply with the "reasonable

3   particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

4   request overly broad and unduly burdensome in light of "the wealth of material

5   already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co.,

6   82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrases "success

7   or failure" and "'efforts to fund or commission market research or studies that portray

8   Bratz or MGA products negatively'" are, both individually and taken together,

9   compound and, as such, render the request vague, ambiguous, and unintelligible.

10  Larian further objects to the request to the extent that it seeks documents that by

11  reason of public filing, public distribution or otherwise are already in Mattel's

12  possession or are readily accessible to Mattel.  Larian further objects to the request to

13  the extent that it seeks documents not in Larian's possession, custody or control.

14  Larian further objects to the request to the extent it seeks confidential, proprietary or

15  commercially sensitive information, the disclosure of which would be inimical to the

16  business interests of Larian or MGA.  Larian further objects to the request to the

17  extent it violates the privacy rights of third parties to their private, confidential,

18  proprietary or trade secret information.

19          Larian further objects to this request as cumulative, duplicative, and unduly

20  burdensome to the extent that it seeks documents previously requested by Mattel or

21  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

22  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

23  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

24  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

25  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

26  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

27  Things to MGAE de Mexico S.R.L. de C.V.

28

EXHIBIT _15_

1    Without waiving any of the foregoing General or Specific Objections, but

2    rather expressly preserving each and every such objection, Larian responds as

3    follows:  Larian will produce all non-privileged, responsive documents in his

4    possession, custody or control, if any, that he is able to locate following a reasonably

5    diligent search.

6    REQUEST FOR PRODUCTION NO. 32:

7        All DOCUMENTS that are, contain, reference, embody or otherwise reflect

8    each instance of "market research or studies that portray Bratz or MGA products

9    negatively," that YOU contend MATTEL funded or commissioned or engaged in

10   efforts to fund or commission.

11   RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

12       Larian incorporates by reference his General Response and General Objections

13   above, as though fully set forth herein and specifically incorporates General

14   Objection No. 15 (regarding Definitions), including without limitation Larian's

15   objection to the definition of the term YOU, and its incorporated terms AFFILIATES

16   and PERSON.  Larian further objects to the request to the extent it seeks the

17   production of documents that are protected from disclosure under any applicable

18   privilege, doctrine or immunity, including without limitation the attorney-client

19   privilege, the work product doctrine, the right of privacy, and all other privileges

20   recognized under the constitutional, statutory or decisional law of the United States

21   of America, the State of California or any other applicable jurisdiction.  Larian

22   further objects to this request as being overly broad and unduly burdensome on the

23   grounds that it is not limited in time or geographical scope.  Larian further objects to

24   this request on the grounds that the phrase "[a]ll DOCUMENTS" does not comply

25   with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34

26   and renders the request overly broad and unduly burdensome in light of "the wealth

27   of material already made available in this case."  Westhemeco Ltd. v. New

28   Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that

1    the phrases "that are, contain, reference, embody or otherwise reflect," "'market

2    research or studies that portray Bratz or MGA products negatively'" and "MATTEL

3    funded or commissioned or engaged in efforts to fund or commission" are compound

4    and, as such, render the request vague, ambiguous, and unintelligible.  Larian further

5    objects to the request to the extent that it seeks documents that by reason of public

6    filing, public distribution or otherwise are already in Mattel's possession or are

7    readily accessible to Mattel.  Larian further objects to the request to the extent that it

8    seeks documents not in Larian's possession, custody or control.  Larian further

9    objects to the request to the extent it seeks confidential, proprietary or commercially

10   sensitive information, the disclosure of which would be inimical to the business

11   interests of Larian or MGA.  Larian further objects to the request to the extent it

12   violates the privacy rights of third parties to their private, confidential, proprietary or

13   trade secret information.

14          Larian further objects to this request as cumulative, duplicative, and unduly

15   burdensome to the extent that it seeks documents previously requested by Mattel or

16   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

17   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

18   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

19   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

20   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

21   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

22   Things to MGAE de Mexico S.R.L. de C.V.

23          Without waiving any of the foregoing General or Specific Objections, but

24   rather expressly preserving each and every such objection, Larian responds as

25   follows:  Larian will produce all non-privileged, responsive documents in his

26   possession, custody or control, if any, that he is able to locate following a reasonably

27   diligent search.

28

EXHIBIT _15_

PAGE _360_

59

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  REQUEST FOR PRODUCTION NO. 33:

2      All DOCUMENTS that YOU contend prove or tend to prove that any alleged

3  "market research or stud[y] [funded or commissioned by MATTEL] that portray[ed]

4  Bratz or MGA products negatively" was false.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

6      Larian incorporates by reference his General Response and General Objections

7  above, as though fully set forth herein and specifically incorporates General

8  Objection No. 15 (regarding Definitions), including without limitation Larian's

9  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

10  and PERSON.  Larian further objects to the request to the extent it seeks the

11  production of documents that are protected from disclosure under any applicable

12  privilege, doctrine or immunity, including without limitation the attorney-client

13  privilege, the work product doctrine, the right of privacy, and all other privileges

14  recognized under the constitutional, statutory or decisional law of the United States

15  of America, the State of California or any other applicable jurisdiction.  Larian

16  further objects to this request as being overly broad and unduly burdensome on the

17  grounds that it is not limited in time or geographical scope.  Larian further objects to

18  this request on the grounds that the phrase "[a]ll DOCUMENTS" does not comply

19  with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34

20  and renders the request overly broad and unduly burdensome in light of "the wealth

21  of material already made available in this case."  Westhemeco Ltd. v. New

22  Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that

23  the phrases "prove or tend to prove" and "'market research or stud[y] [funded or

24  commissioned by MATTEL] that portray[ed] Bratz or MGA products negatively'"

25  are, both individually and taken together, compound and, as such, render the request

26  vague, ambiguous, and unintelligible.  Larian further objects to the request to the

27  extent that it seeks documents that by reason of public filing, public distribution or

28  otherwise are already in Mattel's possession or are readily accessible to Mattel.

EXHIBIT 15

PAGE 361

1   Larian further objects to the request to the extent that it seeks documents not in

2   Larian's possession, custody or control.  Larian further objects to the request to the

3   extent it seeks confidential, proprietary or commercially sensitive information, the

4   disclosure of which would be inimical to the business interests of Larian or MGA.

5   Larian further objects to the request to the extent it violates the privacy rights of third

6   parties to their private, confidential, proprietary or trade secret information.

7          Larian further objects to this request as cumulative, duplicative, and unduly

8   burdensome to the extent that it seeks documents previously requested by Mattel or

9   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

10  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

11  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

12  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

13  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

14  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

15  Things to MGAE de Mexico S.R.L. de C.V.

16         Without waiving any of the foregoing General or Specific Objections, but

17  rather expressly preserving each and every such objection, Larian responds as

18  follows:  Larian will produce all non-privileged, responsive documents in his

19  possession, custody or control, if any, that he is able to locate following a reasonably

20  diligent search.

21  REQUEST FOR PRODUCTION NO. 34:

22         All DOCUMENTS that YOU contend prove or tend to prove, for each

23  instance of alleged "market research or stud[y] that portray[ed] Bratz or MGA

24  products negatively," that MATTEL knew or should have known that such negative

25  market research or study was false.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

27         Larian incorporates by reference his General Response and General Objections

28  above, as though fully set forth herein and specifically incorporates General

61

EXHIBIT 15

1    Objection No. 15 (regarding Definitions), including without limitation Larian's

2    objection to the definition of the term YOU, and its incorporated terms AFFILIATES

3    and PERSON.  Larian further objects to the request to the extent it seeks the

4    production of documents that are protected from disclosure under any applicable

5    privilege, doctrine or immunity, including without limitation the attorney-client

6    privilege, the work product doctrine, the right of privacy, and all other privileges

7    recognized under the constitutional, statutory or decisional law of the United States

8    of America, the State of California or any other applicable jurisdiction.  Larian

9    further objects to this request as being overly broad and unduly burdensome on the

10   grounds that it is not limited in time or geographical scope.  Larian further objects to

11   this request on the grounds that the phrase "[a]ll DOCUMENTS" does not comply

12   with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34

13   and renders the request overly broad and unduly burdensome in light of "the wealth

14   of material already made available in this case."  Westhemeco Ltd. v. New

15   Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that

16   the phrases "prove or tend to prove," and "'market research or stud[y] that portray[ed]

17   Bratz or MGA products negatively'" and "knew or should have known that such

18   negative market research or study was false" are, both individually and taken

19   together, compound and, as such, render the request vague, ambiguous, and

20   unintelligible.  Larian further objects to the request to the extent that it seeks

21   documents that by reason of public filing, public distribution or otherwise are already

22   in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

23   the request to the extent that it seeks documents not in Larian's possession, custody

24   or control.  Larian further objects to the request to the extent it seeks confidential,

25   proprietary or commercially sensitive information, the disclosure of which would be

26   inimical to the business interests of Larian or MGA.  Larian further objects to the

27   request to the extent it violates the privacy rights of third parties to their private,

28   confidential, proprietary or trade secret information.

EXHIBIT 15

62

1       Larian further objects to this request as cumulative, duplicative, and unduly

2   burdensome to the extent that it seeks documents previously requested by Mattel or

3   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

4   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

5   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

6   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

7   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

8   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

9   Things to MGAE de Mexico S.R.L. de C.V.

10      Without waiving any of the foregoing General or Specific Objections, but

11  rather expressly preserving each and every such objection, Larian responds as

12  follows:  Larian will produce all non-privileged, responsive documents in his

13  possession, custody or control, if any, that he is able to locate following a reasonably

14  diligent search.

15  REQUEST FOR PRODUCTION NO. 35:

16      All DOCUMENTS, including but not limited to all COMMUNICATIONS

17  with any PERSON, that REFER OR RELATE TO any alleged market research or

18  study by any PERSON other than MATTEL that portrayed BRATZ or MGA

19  products negatively or unfavorably.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

21      Larian incorporates by reference his General Response and General Objections

22  above, as though fully set forth herein and specifically incorporates General

23  Objection No. 15 (regarding Definitions), including without limitation Larian's

24  objection to the definition of the term PERSON.  Larian further objects to the request

25  to the extent it seeks the production of documents that are protected from disclosure

26  under any applicable privilege, doctrine or immunity, including without limitation

27  the attorney-client privilege, the work product doctrine, the right of privacy, and all

28  other privileges recognized under the constitutional, statutory or decisional law of

1  the United States of America, the State of California or any other applicable

2  jurisdiction.  Larian further objects to this request as being overly broad and unduly

3  burdensome on the grounds that it is not limited in time or geographical scope.

4  Larian further objects to this request on the grounds that the phrase "[a]ll

5  DOCUMENTS, including but not limited to all COMMUNICATIONS with any

6  PERSON, that REFER OR RELATE TO" does not comply with the "reasonable

7  particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

8  request overly broad and unduly burdensome in light of "the wealth of material

9  already made available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co.,

10  82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrases "any

11  alleged market research or study" and "portrayed BRATZ or MGA products

12  negatively or unfavorably" are, both individually and taken together, compound,

13  rendering the request vague, ambiguous and unintelligible. Larian further objects to

14  the request to the extent that it seeks documents that by reason of public filing,

15  public distribution or otherwise are already in Mattel's possession or are readily

16  accessible to Mattel.  Larian further objects to the request to the extent that it seeks

17  documents not in Larian's possession, custody or control.  Larian further objects to

18  the request to the extent it seeks confidential, proprietary or commercially sensitive

19  information, the disclosure of which would be inimical to the business interests of

20  Larian or MGA.  Larian further objects to the request to the extent it violates the

21  privacy rights of third parties to their private, confidential, proprietary or trade secret

22  information.

23      Larian further objects to this request as cumulative, duplicative, and unduly

24  burdensome to the extent that it seeks documents previously requested by Mattel or

25  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

26  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

27  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

28  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

1 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.

2 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

3 | Things to MGAE de Mexico S.R.L. de C.V.

4 |      Without waiving any of the foregoing General or Specific Objections, but

5 | rather expressly preserving each and every such objection, Larian responds as

6 | follows:  Larian will produce all non-privileged, responsive documents in his

7 | possession, custody or control, if any, that he is able to locate following a reasonably

8 | diligent search.

9 | REQUEST FOR PRODUCTION NO. 36:

10 |      All DOCUMENTS that REFER OR RELATE TO any negative commentary,

11 | market research or study that REFERS OR RELATES TO BRATZ or any MGA

12 | product by any PERSON other than MATTEL.

13 | RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

14 |      Larian incorporates by reference his General Response and General Objections

15 | above, as though fully set forth herein and specifically incorporates General

16 | Objection No. 15 (regarding Definitions), including without limitation Larian's

17 | objection to the definition of the term PERSON.  Larian further objects to the request

18 | to the extent it seeks the production of documents that are protected from disclosure

19 | under any applicable privilege, doctrine or immunity, including without limitation

20 | the attorney-client privilege, the work product doctrine, the right of privacy, and all

21 | other privileges recognized under the constitutional, statutory or decisional law of

22 | the United States of America, the State of California or any other applicable

23 | jurisdiction.  Larian further objects to this request as being overly broad and unduly

24 | burdensome on the grounds that it is not limited in time or geographical scope.

25 | Larian further objects to this request on the grounds that the phrase "[a]ll

26 | DOCUMENTS that REFER OR RELATE TO any . . . that REFERS OR RELATES

27 | TO" does not comply with the "reasonable particularity" requirement of Federal Rule

28 | of Civil Procedure 34 and renders the request overly broad and unduly burdensome

1  in light of "the wealth of material already made available in this case." <u>Westhemeco</u>

2  <u>Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

3  further objects that the phrase "REFER OR RELATE TO any negative commentary,

4  market research or study that REFERS OR RELATES TO BRATZ or any MGA

5  product" is compound, ambiguous, unintelligible and not reasonably limited to

6  products at issue in this litigation.  Larian further objects to the request to the extent

7  that it seeks documents that by reason of public filing, public distribution or

8  otherwise are already in Mattel's possession or are readily accessible to Mattel.

9  Larian further objects to the request to the extent that it seeks documents not in

10  Larian's possession, custody or control.  Larian further objects to the request to the

11  extent it seeks confidential, proprietary or commercially sensitive information, the

12  disclosure of which would be inimical to the business interests of Larian or MGA.

13  Larian further objects to the request to the extent it violates the privacy rights of third

14  parties to their private, confidential, proprietary or trade secret information.

15  REQUEST FOR PRODUCTION NO. 37:

16      All DOCUMENTS that REFER OR RELATE TO the cause or source of any

17  negative commentary, market research or study that REFERS OR RELATES TO

18  BRATZ or any MGA product by any person other than MATTEL, including without

19  limitation, all such DOCUMENTS that REFER OR RELATE TO the loss, harm,

20  injury, increased expense, lost revenue or profits or any other damage that such

21  negative commentary, market research or study caused to YOU.

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

23      Larian incorporates by reference his General Response and General Objections

24  above, as though fully set forth herein and specifically incorporates General

25  Objection No. 15 (regarding Definitions), including without limitation Larian's

26  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

27  and PERSON.  Larian further objects to the request to the extent it seeks the

28  production of documents that are protected from disclosure under any applicable

66

EXHIBIT 15

1  privilege, doctrine or immunity, including without limitation the attorney-client

2  privilege, the work product doctrine, the right of privacy, and all other privileges

3  recognized under the constitutional, statutory or decisional law of the United States

4  of America, the State of California or any other applicable jurisdiction. Larian

5  further objects to this request as being overly broad and unduly burdensome on the

6  grounds that it is not limited in time or geographical scope. Larian further objects to

7  this request on the grounds that the phrase "[a]ll DOCUMENTS that REFER OR

8  RELATE TO any . . . that REFERS OR RELATES TO" does not comply with the

9  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

10  renders the request overly broad and unduly burdensome in light of "the wealth of

11  material already made available in this case." Westhemeco Ltd. v. New Hampshire

12  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrases

13  "REFER OR RELATE TO the cause or source of any negative commentary, market

14  research or study that REFERS OR RELATES TO BRATZ or any MGA product by

15  any person other than MATTEL" and "all such DOCUMENTS that REFER OR

16  RELATE TO the loss, harm, injury, increased expense, lost revenue or profits or any

17  other damage that such negative commentary, market research or study caused to

18  YOU" are, both individually and taken together, compound, ambiguous,

19  unintelligible and not reasonably limited to products at issue in this litigation. Larian

20  further objects to the request to the extent that it seeks documents that by reason of

21  public filing, public distribution or otherwise are already in Mattel's possession or

22  are readily accessible to Mattel. Larian further objects to the request to the extent

23  that it seeks documents not in Larian's possession, custody or control. Larian further

24  objects to the request to the extent it seeks confidential, proprietary or commercially

25  sensitive information, the disclosure of which would be inimical to the business

26  interests of Larian or MGA. Larian further objects to the request to the extent it

27  violates the privacy rights of third parties to their private, confidential, proprietary or

28  trade secret information.

EXHIBIT 15

67