1  <u>REQUEST FOR PRODUCTION NO. 38:</u>

2  All DOCUMENTS, including but not limited to all COMMUNICATIONS

3  with any PERSON, that REFER OR RELATE TO YOUR efforts to fund or

4  commission market research or studies that portray MATTEL negatively or

5  unfavorably.

6  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 38:</u>

7  Larian incorporates by reference his General Response and General Objections

8  above, as though fully set forth herein and specifically incorporates General

9  Objection No. 15 (regarding Definitions), including without limitation Larian's

10  objection to the definition of the term YOUR, and its incorporated terms

11  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

12  seeks the production of documents that are protected from disclosure under any

13  applicable privilege, doctrine or immunity, including without limitation the attorney-

14  client privilege, the work product doctrine, the right of privacy, and all other

15  privileges recognized under the constitutional, statutory or decisional law of the

16  United States of America, the State of California or any other applicable jurisdiction.

17  Larian further objects to this request as being overly broad and unduly burdensome

18  on the grounds that it is not limited in time or geographical scope.  Larian further

19  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

20  but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

21  RELATE TO" does not comply with the "reasonable particularity" requirement of

22  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

23  burdensome in light of "the wealth of material already made available in this case."

24  <u>Westhemeco Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

25  Larian further objects that the phrase "YOUR efforts to fund or commission market

26  research or studies that portray MATTEL negatively or unfavorably" is (1)

27  accusatory and argumentative such that Larian would have to respond to the

28  allegations of the request before providing any substantive response, <u>see Zadrozny v.</u>

68

EXHIBIT 15

1  <u>Board of Trustees District No. 508</u>, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991),

2  and (2) compound, rendering the request vague, ambiguous, and unintelligible.

3  Larian further objects to the request to the extent that it seeks documents that by

4  reason of public filing, public distribution or otherwise are already in Mattel's

5  possession or are readily accessible to Mattel.  Larian further objects to the request to

6  the extent that it seeks documents not in Larian's possession, custody or control.

7  Larian further objects to the request to the extent it seeks confidential, proprietary or

8  commercially sensitive information, the disclosure of which would be inimical to the

9  business interests of Larian or MGA.  Larian further objects to the request to the

10  extent it violates the privacy rights of third parties to their private, confidential,

11  proprietary or trade secret information.

12  <u>REQUEST FOR PRODUCTION NO. 39:</u>

13       All DOCUMENTS, including but not limited to all COMMUNICATIONS

14  with any PERSON, that REFER OR RELATE TO YOUR portraying MATTEL

15  negatively or unfavorably by funding or commissioning market research or studies.

16  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 39:</u>

17       Larian incorporates by reference his General Response and General Objections

18  above, as though fully set forth herein and specifically incorporates General

19  Objection No. 15 (regarding Definitions), including without limitation Larian's

20  objection to the definition of the term PERSON.  Larian further objects to the request

21  to the extent it seeks the production of documents that are protected from disclosure

22  under any applicable privilege, doctrine or immunity, including without limitation

23  the attorney-client privilege, the work product doctrine, the right of privacy, and all

24  other privileges recognized under the constitutional, statutory or decisional law of

25  the United States of America, the State of California or any other applicable

26  jurisdiction.  Larian further objects to this request as being overly broad and unduly

27  burdensome on the grounds that it is not limited in time or geographical scope.

28  Larian further objects to this request on the grounds that the phrase "[a]ll

69

EXHIBIT 15

1  DOCUMENTS, including but not limited to all COMMUNICATIONS with any

2  PERSON, that REFER OR RELATE TO" does not comply with the "reasonable

3  particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

4  request overly broad and unduly burdensome in light of "the wealth of material

5  already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co.,

6  82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrase "YOUR

7  portraying MATTEL negatively or unfavorably by funding or commissioning market

8  research or studies" is (1) accusatory and argumentative such that Larian would have

9  to respond to the allegations of the request before providing any substantive response,

10  see Zadrozny v. Board of Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill.

11  April 24, 1991), and (2) compound, rendering the request vague, ambiguous, and

12  unintelligible. Larian further objects to the request to the extent that it seeks

13  documents that by reason of public filing, public distribution or otherwise are already

14  in Mattel's possession or are readily accessible to Mattel. Larian further objects to

15  the request to the extent that it seeks documents not in Larian's possession, custody

16  or control. Larian further objects to the request to the extent it seeks confidential,

17  proprietary or commercially sensitive information, the disclosure of which would be

18  inimical to the business interests of Larian or MGA. Larian further objects to the

19  request to the extent it violates the privacy rights of third parties to their private,

20  confidential, proprietary or trade secret information.

21  REQUEST FOR PRODUCTION NO. 40:

22       All DOCUMENTS, including but not limited to all COMMUNICATIONS

23  with any PERSON, that REFER OR RELATE TO YOUR efforts to fund or

24  commission market research or studies that portray MATTEL products negatively or

25  unfavorably.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

27       Larian incorporates by reference his General Response and General Objections

28  above, as though fully set forth herein and specifically incorporates General

70

EXHIBIT 15

PAGE 377

1   Objection No. 15 (regarding Definitions), including without limitation Larian's

2   objection to the definition of the term PERSON.  Larian further objects to the request

3   to the extent it seeks the production of documents that are protected from disclosure

4   under any applicable privilege, doctrine or immunity, including without limitation

5   the attorney-client privilege, the work product doctrine, the right of privacy, and all

6   other privileges recognized under the constitutional, statutory or decisional law of

7   the United States of America, the State of California or any other applicable

8   jurisdiction.  Larian further objects to this request as being overly broad and unduly

9   burdensome on the grounds that it is not limited in time or geographical scope.

10  Larian further objects to this request on the grounds that the phrase "[a]ll

11  DOCUMENTS, including but not limited to all COMMUNICATIONS with any

12  PERSON, that REFER OR RELATE TO" does not comply with the "reasonable

13  particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

14  request overly broad and unduly burdensome in light of "the wealth of material

15  already made available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co.,

16  82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase "YOUR

17  efforts to fund or commission market research or studies that portray MATTEL

18  products negatively or unfavorably" is (1) accusatory and argumentative such that

19  Larian would have to respond to the allegations of the request before providing any

20  substantive response, see Zadrozny v. Board of Trustees District No. 508, 1991 WL

21  66705, at *1 (N.D. Ill. April 24, 1991), and (2) compound, rendering the request

22  vague, ambiguous, and unintelligible.  Larian further objects to the request to the

23  extent that it seeks documents that by reason of public filing, public distribution or

24  otherwise are already in Mattel's possession or are readily accessible to Mattel.

25  Larian further objects to the request to the extent that it seeks documents not in

26  Larian's possession, custody or control.  Larian further objects to the request to the

27  extent it seeks confidential, proprietary or commercially sensitive information, the

28  disclosure of which would be inimical to the business interests of Larian or MGA.

EXHIBIT 15

PAGE 372

1   Larian further objects to the request to the extent it violates the privacy rights of third

2   parties to their private, confidential, proprietary or trade secret information.

3   REQUEST FOR PRODUCTION NO. 41:

4        All DOCUMENTS, including but not limited to all COMMUNICATIONS

5   with any PERSON, that REFER OR RELATE TO YOU successfully portraying

6   MATTEL products negatively or unfavorably by funding or commissioning market

7   research or studies.

8   RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

9        Larian incorporates by reference his General Response and General Objections

10  above, as though fully set forth herein and specifically incorporates General

11  Objection No. 15 (regarding Definitions), including without limitation Larian's

12  objection to the definition of the term PERSON.  Larian further objects to the request

13  to the extent it seeks the production of documents that are protected from disclosure

14  under any applicable privilege, doctrine or immunity, including without limitation

15  the attorney-client privilege, the work product doctrine, the right of privacy, and all

16  other privileges recognized under the constitutional, statutory or decisional law of

17  the United States of America, the State of California or any other applicable

18  jurisdiction.  Larian further objects to this request as being overly broad and unduly

19  burdensome on the grounds that it is not limited in time or geographical scope.

20  Larian further objects to this request on the grounds that the phrase "[a]ll

21  DOCUMENTS, including but not limited to all COMMUNICATIONS with any

22  PERSON, that REFER OR RELATE TO" does not comply with the "reasonable

23  particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

24  request overly broad and unduly burdensome in light of "the wealth of material

25  already made available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co.,

26  82 F.R.D. 702, 709 (S.D.N.Y. 1979)."  Larian further objects that the phrase "YOU

27  successfully portraying MATTEL products negatively or unfavorably by funding or

28  commissioning market research or studies" is (1) accusatory and argumentative such

72

EXHIBIT 15

PAGE 373

1  that Larian would have to respond to the allegations of the request before providing

2  any substantive response, see Zadrozny v. Board of Trustees District No. 508, 1991

3  WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2) compound, rendering the request

4  vague, ambiguous, and unintelligible.  Larian further objects to the request to the

5  extent that it seeks documents that by reason of public filing, public distribution or

6  otherwise are already in Mattel's possession or are readily accessible to Mattel.

7  Larian further objects to the request to the extent that it seeks documents not in

8  Larian's possession, custody or control.  Larian further objects to the request to the

9  extent it seeks confidential, proprietary or commercially sensitive information, the

10 disclosure of which would be inimical to the business interests of Larian or MGA.

11 Larian further objects to the request to the extent it violates the privacy rights of third

12 parties to their private, confidential, proprietary or trade secret information.

13 REQUEST FOR PRODUCTION NO. 42:

14      All DOCUMENTS, including but not limited to all COMMUNICATIONS

15 with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL

16 engaged in "efforts to interfere with MGA's acquisition of or investment in '[ZAPF]."

17 RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

18      Larian incorporates by reference his General Response and General Objections

19 above, as though fully set forth herein and specifically incorporates General

20 Objection No. 15 (regarding Definitions), including without limitation Larian's

21 objection to the definition of the term YOUR, and its incorporated terms

22 AFFILIATES and PERSON.  Larian further objects to the request to the extent it

23 seeks the production of documents that are protected from disclosure under any

24 applicable privilege, doctrine or immunity, including without limitation the attorney-

25 client privilege, the work product doctrine, the right of privacy, and all other

26 privileges recognized under the constitutional, statutory or decisional law of the

27 United States of America, the State of California or any other applicable jurisdiction.

28 Larian further objects to this request as being overly broad and unduly burdensome

EXHIBIT 15

PAGE 374

1   on the grounds that it is not limited in time or geographical scope. Larian further

2   objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

3   but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

4   RELATE TO" does not comply with the "reasonable particularity" requirement of

5   Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

6   burdensome in light of "the wealth of material already made available in this case."

7   Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

8   Larian further objects to the request to the extent that it seeks documents that by

9   reason of public filing, public distribution or otherwise are already in Mattel's

10  possession or are readily accessible to Mattel. Larian further objects to the request to

11  the extent that it seeks documents not in Larian's possession, custody or control.

12  Larian further objects to the request to the extent it seeks confidential, proprietary or

13  commercially sensitive information, the disclosure of which would be inimical to the

14  business interests of Larian or MGA. Larian further objects to the request to the

15  extent it violates the privacy rights of third parties to their private, confidential,

16  proprietary or trade secret information.

17       Larian further objects to this request as cumulative, duplicative, and unduly

18  burdensome to the extent that it seeks documents previously requested by Mattel or

19  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

20  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

21  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

22  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

23  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

24  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

25  Things to MGAE de Mexico S.R.L. de C.V.

26       Without waiving any of the foregoing General or Specific Objections, but

27  rather expressly preserving each and every such objection, Larian responds as

28  follows: Larian will produce all non-privileged, responsive documents in his

EXHIBIT 15

PAGE 375

1  possession, custody or control, if any, that he is able to locate following a reasonably

2  diligent search.

3  REQUEST FOR PRODUCTION NO. 43:

4        All DOCUMENTS, including but not limited to all COMMUNICATIONS

5  with any PERSON, that YOU contend prove or that YOU will rely on at trial to

6  prove that MATTEL engaged in "efforts to interfere with MGA's acquisition of or

7  investment in [ZAPF]."

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

9        Larian incorporates by reference his General Response and General Objections

10  above, as though fully set forth herein and specifically incorporates General

11  Objection No. 15 (regarding Definitions), including without limitation Larian's

12  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

13  and PERSON.  Larian further objects to the request to the extent it seeks the

14  production of documents that are protected from disclosure under any applicable

15  privilege, doctrine or immunity, including without limitation the attorney-client

16  privilege, the work product doctrine, the right of privacy, and all other privileges

17  recognized under the constitutional, statutory or decisional law of the United States

18  of America, the State of California or any other applicable jurisdiction.  Larian

19  further objects to this request as being overly broad and unduly burdensome on the

20  grounds that it is not limited in time or geographical scope.  Larian further objects to

21  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

22  limited to all COMMUNICATIONS with any PERSON" does not comply with the

23  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

24  renders the request overly broad and unduly burdensome in light of "the wealth of

25  material already made available in this case."  Westhemeco Ltd. v. New Hampshire

26  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrases

27  "that YOU contend prove or that YOU will rely on at trial to prove" and "'acquisition

28  of or investment in'" are, both individually and taken together, compound, rendering

75

EXHIBIT 15

PAGE 276

1  the request vague, ambiguous and unintelligible. Larian further objects to the
2  request to the extent that it seeks documents that by reason of public filing, public
3  distribution or otherwise are already in Mattel's possession or are readily accessible
4  to Mattel. Larian further objects to the request to the extent that it seeks documents
5  not in Larian's possession, custody or control. Larian further objects to the request to
6  the extent it seeks confidential, proprietary or commercially sensitive information,
7  the disclosure of which would be inimical to the business interests of Larian or MGA.
8  Larian further objects to the request to the extent it violates the privacy rights of third
9  parties to their private, confidential, proprietary or trade secret information.

10      Larian further objects to this request as cumulative, duplicative, and unduly
11  burdensome to the extent that it seeks documents previously requested by Mattel or
12  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
13  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
14  Inc.'s First Set of Requests for Production of Documents and Tangible Things to
15  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
16  Requests for Production of Documents and Things to Isaac Larian and Request Nos.
17  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
18  Things to MGAE de Mexico S.R.L. de C.V.

19      Without waiving any of the foregoing General or Specific Objections, but
20  rather expressly preserving each and every such objection, Larian responds as
21  follows: Larian will produce all non-privileged, responsive documents in his
22  possession, custody or control, if any, that he is able to locate following a reasonably
23  diligent search.

24  REQUEST FOR PRODUCTION NO. 44:

25      DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of
26  YOUR allegation that MATTEL engaged in "efforts to interfere with MGA's
27  acquisition of or investment in [ZAPF]."

28

EXHIBIT 15

PAGE 377

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

2      Larian incorporates by reference his General Response and General Objections

3  above, as though fully set forth herein and specifically incorporates General

4  Objection No. 15 (regarding Definitions), including without limitation Larian's

5  objection to the definition of the terms YOUR, and its incorporated terms

6  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

7  seeks the production of documents that are protected from disclosure under any

8  applicable privilege, doctrine or immunity, including without limitation the attorney-

9  client privilege, the work product doctrine, the right of privacy, and all other

10  privileges recognized under the constitutional, statutory or decisional law of the

11  United States of America, the State of California or any other applicable jurisdiction.

12  Larian further objects to this request as being overly broad and unduly burdensome

13  on the grounds that it is not limited in time or geographical scope.  Larian further

14  objects to this request on the grounds that the phrase "all PERSONS with knowledge

15  of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly

16  burdensome in that anyone who has read Larian's Answer in this matter has

17  "knowledge of [Larian's] allegation," without regard to whether the factual basis for

18  the allegation is known to them.  Larian further objects to the request to the extent

19  that it seeks documents that by reason of public filing, public distribution or

20  otherwise are already in Mattel's possession or are readily accessible to Mattel.

21  Larian further objects to the request to the extent that it seeks documents not in

22  Larian's possession, custody or control.  Larian further objects to the request to the

23  extent it seeks confidential, proprietary or commercially sensitive information, the

24  disclosure of which would be inimical to the business interests of Larian or MGA.

25  Larian further objects to the request to the extent it violates the privacy rights of third

26  parties to their private, confidential, proprietary or trade secret information.

27      Larian further objects to this request as cumulative, duplicative, and unduly

28  burdensome to the extent that it seeks documents previously requested by Mattel or

EXHIBIT 15

PAGE 378

1 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

2 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

3 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

4 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

5 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

6 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

7 Things to MGAE de Mexico S.R.L. de C.V.

8   Without waiving any of the foregoing General or Specific Objections, but

9 rather expressly preserving each and every such objection, Larian responds as

10 follows:  Larian will produce all non-privileged, responsive documents in his

11 possession, custody or control, if any, that he is able to locate following a reasonably

12 diligent search.

13 REQUEST FOR PRODUCTION NO. 45:

14   DOCUMENTS describing all time periods during which MATTEL allegedly

15 engaged in "efforts to interfere with MGA's acquisition of or investment in [ZAPF]."

16 RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

17   Larian incorporates by reference his General Response and General Objections

18 above, as though fully set forth herein.  Larian further objects to the request to the

19 extent it seeks the production of documents that are protected from disclosure under

20 any applicable privilege, doctrine or immunity, including without limitation the

21 attorney-client privilege, the work product doctrine, the right of privacy, and all other

22 privileges recognized under the constitutional, statutory or decisional law of the

23 United States of America, the State of California or any other applicable jurisdiction.

24 Larian further objects to this request as being overly broad and unduly burdensome

25 on the grounds that it is not limited in time or geographical scope.  Larian further

26 objects to this request on the grounds that the phrase "DOCUMENTS describing all

27 time periods during which" renders the request vague, ambiguous, and unintelligible.

28 Larian further objects to the request to the extent that it seeks documents that by

EXHIBIT 15

PAGE 377

1 reason of public filing, public distribution or otherwise are already in Mattel's

2 possession or are readily accessible to Mattel.  Larian further objects to the request to

3 the extent that it seeks documents not in Larian's possession, custody or control.

4 Larian further objects to the request to the extent it seeks confidential, proprietary or

5 commercially sensitive information, the disclosure of which would be inimical to the

6 business interests of Larian or MGA.  Larian further objects to the request to the

7 extent it violates the privacy rights of third parties to their private, confidential,

8 proprietary or trade secret information.

9       Larian further objects to this request as cumulative, duplicative, and unduly

10 burdensome to the extent that it seeks documents previously requested by Mattel or

11 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

12 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

13 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

14 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

15 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

16 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

17 Things to MGAE de Mexico S.R.L. de C.V.

18       Without waiving any of the foregoing General or Specific Objections, but

19 rather expressly preserving each and every such objection, Larian responds as

20 follows:  Larian will produce all non-privileged, responsive documents in his

21 possession, custody or control, if any, that he is able to locate following a reasonably

22 diligent search.

23 REQUEST FOR PRODUCTION NO. 46:

24       All DOCUMENTS that REFER OR RELATE TO the acquisition of or

25 investment in ZAPF.

26 RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

27       Larian incorporates by reference his General Response and General Objections

28 above, as though fully set forth herein.  Larian further objects to the request to the

EXHIBIT _15_

PAGE _380_

1    extent it seeks the production of documents that are protected from disclosure under

2    any applicable privilege, doctrine or immunity, including without limitation the

3    attorney-client privilege, the work product doctrine, the right of privacy, and all other

4    privileges recognized under the constitutional, statutory or decisional law of the

5    United States of America, the State of California or any other applicable jurisdiction.

6    Larian further objects to this request as being overly broad and unduly burdensome

7    on the grounds that it is not limited in time or geographical scope.  Larian further

8    objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that

9    REFER OR RELATE TO" does not comply with the "reasonable particularity"

10    requirement of Federal Rule of Civil Procedure 34 and renders the request overly

11    broad and unduly burdensome in light of "the wealth of material already made

12    available in this case." <u>Westhemeco Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702,

13    709 (S.D.N.Y. 1979).  Larian further objects that the phrase "the acquisition of or

14    investment in ZAPF" is compound, vague, ambiguous and unintelligible.  Larian

15    further objects to the request to the extent that it seeks documents that by reason of

16    public filing, public distribution or otherwise are already in Mattel's possession or

17    are readily accessible to Mattel.  Larian further objects to the request to the extent

18    that it seeks documents not in Larian's possession, custody or control.  Larian further

19    objects to the request to the extent it seeks confidential, proprietary or commercially

20    sensitive information, the disclosure of which would be inimical to the business

21    interests of Larian or MGA.  Larian further objects to the request to the extent it

22    violates the privacy rights of third parties to their private, confidential, proprietary or

23    trade secret information.

24        Larian further objects to this request as cumulative, duplicative, and unduly

25    burdensome to the extent that it seeks documents previously requested by Mattel or

26    produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

27    document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

28    Inc.'s First Set of Requests for Production of Documents and Tangible Things to

EXHIBIT 15

PAGE 381

1  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

2  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

3  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

4  Things to MGAE de Mexico S.R.L. de C.V.

5  REQUEST FOR PRODUCTION NO. 47:

6      All DOCUMENTS sufficient to show the IDENTITY of the PERSONS who

7  advised, financed, brokered, opined, negotiated or consulted on YOUR behalf of, or

8  on behalf of any of YOUR AFFILIATES, in connection with the acquisition of or

9  investment in ZAPF, including but not limited to, investment bankers, lenders,

10  financial institutions, lawyers, accountants, auditors, actuaries, syndicates, brokers,

11  securities advisors and their agents.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

13      Larian incorporates by reference his General Response and General Objections

14  above, as though fully set forth herein and specifically incorporates General

15  Objection No. 15 (regarding Definitions), including without limitation Larian's

16  objection to the definition of the terms YOUR, and its incorporated terms

17  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

18  seeks the production of documents that are protected from disclosure under any

19  applicable privilege, doctrine or immunity, including without limitation the attorney-

20  client privilege, the work product doctrine, the right of privacy, and all other

21  privileges recognized under the constitutional, statutory or decisional law of the

22  United States of America, the State of California or any other applicable jurisdiction.

23  Larian further objects to this request as being overly broad and unduly burdensome

24  on the grounds that it is not limited in time or geographical scope.  Larian further

25  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS sufficient

26  to show" does not comply with the "reasonable particularity" requirement of Federal

27  Rule of Civil Procedure 34 and renders the request overly broad and unduly

28  burdensome in light of "the wealth of material already made available in this case."

EXHIBIT 15

PAGE 382

1  <u>Westhemeco Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

2  Larian further objects that the phrases "advised, financed, brokered, opined,

3  negotiated or consulted on YOUR behalf of, or on behalf of any of YOUR

4  AFFILIATES, in connection with the acquisition of or investment in ZAPF" and

5  "including but not limited to, investment bankers, lenders, financial institutions,

6  lawyers, accountants, auditors, actuaries, syndicates, brokers, securities advisors and

7  their agents" are, both individually and taken together, compound, vague, ambiguous

8  and unintelligible.  Larian further objects to the request to the extent that it seeks

9  documents that by reason of public filing, public distribution or otherwise are already

10  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

11  the request to the extent that it seeks documents not in Larian's possession, custody

12  or control.  Larian further objects to the request to the extent it seeks confidential,

13  proprietary or commercially sensitive information, the disclosure of which would be

14  inimical to the business interests of Larian or MGA.  Larian further objects to the

15  request to the extent it violates the privacy rights of third parties to their private,

16  confidential, proprietary or trade secret information.

17  <u>REQUEST FOR PRODUCTION NO. 48:</u>

18      All COMMUNICATIONS between YOU and the PERSONS who advised,

19  financed, brokered, opined, negotiated or consulted on YOUR behalf of, or on behalf

20  of any of YOUR AFFILIATES, in connection with the acquisition of or investment

21  in ZAPF, including but not limited to, investment bankers, lenders, financial

22  institutions, lawyers, accountants, auditors, actuaries, syndicates, brokers, securities

23  advisors and their agents.

24  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 48:</u>

25      Larian incorporates by reference his General Response and General Objections

26  above, as though fully set forth herein and specifically incorporates General

27  Objection No. 15 (regarding Definitions), including without limitation Larian's

28  objection to the definition of the terms YOUR, and its incorporated terms

82

EXHIBIT 15

1  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

2  seeks the production of documents that are protected from disclosure under any

3  applicable privilege, doctrine or immunity, including without limitation the attorney-

4  client privilege, the work product doctrine, the right of privacy, and all other

5  privileges recognized under the constitutional, statutory or decisional law of the

6  United States of America, the State of California or any other applicable jurisdiction.

7  Larian further objects to this request as being overly broad and unduly burdensome

8  on the grounds that it is not limited in time or geographical scope.  Larian further

9  objects to this request on the grounds that the phrase "[a]ll COMMUNICATIONS"

10  does not comply with the "reasonable particularity" requirement of Federal Rule of

11  Civil Procedure 34 and renders the request overly broad and unduly burdensome in

12  light of "the wealth of material already made available in this case."  Westhemeco

13  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

14  further objects that the phrases "advised, financed, brokered, opined, negotiated or

15  consulted on YOUR behalf of, or on behalf of any of YOUR AFFILIATES, in

16  connection with the acquisition of or investment in ZAPF" and "including but not

17  limited to, investment bankers, lenders, financial institutions, lawyers, accountants,

18  auditors, actuaries, syndicates, brokers, securities advisors and their agents" are, both

19  individually and taken together, compound, vague, ambiguous and unintelligible.

20  Larian further objects to the request to the extent that it seeks documents that by

21  reason of public filing, public distribution or otherwise are already in Mattel's

22  possession or are readily accessible to Mattel.  Larian further objects to the request to

23  the extent that it seeks documents not in Larian's possession, custody or control.

24  Larian further objects to the request to the extent it seeks confidential, proprietary or

25  commercially sensitive information, the disclosure of which would be inimical to the

26  business interests of Larian or MGA.  Larian further objects to the request to the

27  extent it violates the privacy rights of third parties to their private, confidential,

28  proprietary or trade secret information.

83

EXHIBIT 15

1  REQUEST FOR PRODUCTION NO. 49:

2      All contracts, agreements, undertakings, notices, representations, opinions,

3  loan agreements and notes that REFER OR RELATE TO the acquisition of or

4  investment in ZAPF and all COMMUNICATIONS that REFER OR RELATE

5  thereto, including but not limited to, drafts thereof.

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

7      Larian incorporates by reference his General Response and General Objections

8  above, as though fully set forth herein.  Larian further objects to the request to the

9  extent it seeks the production of documents that are protected from disclosure under

10  any applicable privilege, doctrine or immunity, including without limitation the

11  attorney-client privilege, the work product doctrine, the right of privacy, and all other

12  privileges recognized under the constitutional, statutory or decisional law of the

13  United States of America, the State of California or any other applicable jurisdiction.

14  Larian further objects to this request as being overly broad and unduly burdensome

15  on the grounds that it is not limited in time or geographical scope.  Larian further

16  objects to this request on the grounds that the phrases "[a]ll contracts, agreements,

17  undertakings, notices, representations, opinions, loan agreements and notes" and "all

18  COMMUNICATIONS that REFER OR RELATE thereto, including but not limited

19  to, drafts thereof" does not comply with the "reasonable particularity" requirement of

20  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

21  burdensome in light of "the wealth of material already made available in this case."

22  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

23  Larian further objects that the phrases "[a]ll contracts, agreements, undertakings,

24  notices, representations, opinions, loan agreements and notes" and "all

25  COMMUNICATIONS that REFER OR RELATE thereto, including but not limited

26  to, drafts thereof" are, both individually and taken together, compound, rendering the

27  request vague, ambiguous and unintelligible.  Larian further objects to the request to

28  the extent that it seeks documents that by reason of public filing, public distribution

84

EXHIBIT 15

1   or otherwise are already in Mattel's possession or are readily accessible to Mattel.

2   Larian further objects to the request to the extent that it seeks documents not in

3   Larian's possession, custody or control.  Larian further objects to the request to the

4   extent it seeks confidential, proprietary or commercially sensitive information, the

5   disclosure of which would be inimical to the business interests of Larian or MGA.

6   Larian further objects to the request to the extent it violates the privacy rights of third

7   parties to their private, confidential, proprietary or trade secret information.

8   REQUEST FOR PRODUCTION NO. 50:

9        All DOCUMENTS that REFER OR RELATE TO the closing transaction of

10   the acquisition of or investment in ZAPF, including but not limited to, drafts thereof.

11   RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

12        Larian incorporates by reference his General Response and General Objections

13   above, as though fully set forth herein.  Larian further objects to the request to the

14   extent it seeks the production of documents that are protected from disclosure under

15   any applicable privilege, doctrine or immunity, including without limitation the

16   attorney-client privilege, the work product doctrine, the right of privacy, and all other

17   privileges recognized under the constitutional, statutory or decisional law of the

18   United States of America, the State of California or any other applicable jurisdiction.

19   Larian further objects to this request as being overly broad and unduly burdensome

20   on the grounds that it is not limited in time or geographical scope.  Larian further

21   objects to this request on the grounds that the phrases "[a]ll DOCUMENTS that

22   REFER OR RELATE TO" does not comply with the "reasonable particularity"

23   requirement of Federal Rule of Civil Procedure 34 and renders the request overly

24   broad and unduly burdensome in light of "the wealth of material already made

25   available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

26   709 (S.D.N.Y. 1979).  Larian further objects that the phrase "the closing transaction

27   of the acquisition of or investment in ZAPF, including but not limited to, drafts

28   thereof" is compound, vague, ambiguous and unintelligible.  Larian further objects to

EXHIBIT 15

PAGE 286

1  the request to the extent that it seeks documents that by reason of public filing,

2  public distribution or otherwise are already in Mattel's possession or are readily

3  accessible to Mattel. Larian further objects to the request to the extent that it seeks

4  documents not in Larian's possession, custody or control. Larian further objects to

5  the request to the extent it seeks confidential, proprietary or commercially sensitive

6  information, the disclosure of which would be inimical to the business interests of

7  Larian or MGA. Larian further objects to the request to the extent it violates the

8  privacy rights of third parties to their private, confidential, proprietary or trade secret

9  information.

10  REQUEST FOR PRODUCTION NO. 51:

11      DOCUMENTS sufficient to IDENTIFY the PERSON or PERSONS who

12  acquired or invested in ZAPF at any time since April 28, 2004.

13  RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

14      Larian incorporates by reference his General Response and General Objections

15  above, as though fully set forth herein, including without limitation Larian's

16  objection to Mattel's definition of the term PERSON. Larian further objects to the

17  request to the extent it seeks the production of documents that are protected from

18  disclosure under any applicable privilege, doctrine or immunity, including without

19  limitation the attorney-client privilege, the work product doctrine, the right of

20  privacy, and all other privileges recognized under the constitutional, statutory or

21  decisional law of the United States of America, the State of California or any other

22  applicable jurisdiction. Larian further objects to this request as being overly broad

23  and unduly burdensome on the grounds that it is not limited in geographical scope.

24  Larian further objects that the phrase "the PERSON or PERSONS who acquired or

25  invested in ZAPF" is compound, vague, ambiguous and unintelligible. Larian

26  further objects to the request to the extent that it seeks documents that by reason of

27  public filing, public distribution or otherwise are already in Mattel's possession or

28  are readily accessible to Mattel. Larian further objects to the request to the extent

EXHIBIT 15

PAGE 587

1  that it seeks documents not in Larian's possession, custody or control.  Larian further

2  objects to the request to the extent it seeks confidential, proprietary or commercially

3  sensitive information, the disclosure of which would be inimical to the business

4  interests of Larian or MGA.  Larian further objects to the request to the extent it

5  violates the privacy rights of third parties to their private, confidential, proprietary or

6  trade secret information.

7  REQUEST FOR PRODUCTION NO. 52:

8       All COMMUNICATIONS between YOU or YOUR AFFILIATES and any

9  regulatory body or agency, including but not limited to, government regulators, with

10  responsibility or oversight authority for the acquisition of or investment in ZAPF.

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

12       Larian incorporates by reference his General Response and General Objections

13  above, as though fully set forth herein, including without limitation Larian's

14  objection to Mattel's definition of the term YOU, and its incorporated terms

15  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

16  seeks the production of documents that are protected from disclosure under any

17  applicable privilege, doctrine or immunity, including without limitation the attorney-

18  client privilege, the work product doctrine, the right of privacy, and all other

19  privileges recognized under the constitutional, statutory or decisional law of the

20  United States of America, the State of California or any other applicable jurisdiction.

21  Larian further objects to this request as being overly broad and unduly burdensome

22  on the grounds that it is not limited in geographical scope.  Larian further objects to

23  this request on the grounds that the phrases "[a]ll COMMUNICATIONS" does not

24  comply with the "reasonable particularity" requirement of Federal Rule of Civil

25  Procedure 34 and renders the request overly broad and unduly burdensome in light of

26  "the wealth of material already made available in this case."  Westhemeco Ltd. v.

27  New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

28  objects that the phrases "[a]ll COMMUNICATIONS between YOU or YOUR

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 288

1  AFFILIATES and any regulatory body or agency" and "including but not limited to,

2  government regulators, with responsibility or oversight authority for the acquisition

3  of or investment in ZAPF" are, both individually and taken together, compound,

4  vague, ambiguous and unintelligible.  Larian further objects to the request to the

5  extent that it seeks documents that by reason of public filing, public distribution or

6  otherwise are already in Mattel's possession or are readily accessible to Mattel.

7  Larian further objects to the request to the extent that it seeks documents not in

8  Larian's possession, custody or control.  Larian further objects to the request to the

9  extent it seeks confidential, proprietary or commercially sensitive information, the

10  disclosure of which would be inimical to the business interests of Larian or MGA.

11  Larian further objects to the request to the extent it violates the privacy rights of third

12  parties to their private, confidential, proprietary or trade secret information.

13  REQUEST FOR PRODUCTION NO. 53:

14       DOCUMENTS sufficient to IDENTIFY the PERSON or PERSONS who

15  possess or have possessed an interest in ZAPF at any time since April 28, 2004.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

17       Larian incorporates by reference his General Response and General Objections

18  above, as though fully set forth herein, including without limitation Larian's

19  objection to Mattel's definition of the term PERSON.  Larian further objects to the

20  request to the extent it seeks the production of documents that are protected from

21  disclosure under any applicable privilege, doctrine or immunity, including without

22  limitation the attorney-client privilege, the work product doctrine, the right of

23  privacy, and all other privileges recognized under the constitutional, statutory or

24  decisional law of the United States of America, the State of California or any other

25  applicable jurisdiction.  Larian further objects to this request as being overly broad

26  and unduly burdensome in that it is not limited in geographical scope.  Larian further

27  objects that the phrase "the PERSON or PERSONS who possess or have possessed

28  an interesting ZAPF" is compound, vague, ambiguous and unintelligible.  Larian

88

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 289

1  further objects to the request to the extent that it seeks documents that by reason of

2  public filing, public distribution or otherwise are already in Mattel's possession or

3  are readily accessible to Mattel.  Larian further objects to the request to the extent

4  that it seeks documents not in Larian's possession, custody or control.  Larian further

5  objects to the request to the extent it seeks confidential, proprietary or commercially

6  sensitive information, the disclosure of which would be inimical to the business

7  interests of Larian or MGA.  Larian further objects to the request to the extent it

8  violates the privacy rights of third parties to their private, confidential, proprietary or

9  trade secret information.

10  REQUEST FOR PRODUCTION NO. 54:

11      DOCUMENTS that YOU contend show or tend to show how MATTEL

12  allegedly engaged in "efforts to interfere with MGA's acquisition of or investment in

13  [ZAPF]."

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

15      Larian incorporates by reference his General Response and General Objections

16  above, as though fully set forth herein and specifically incorporates General

17  Objection No. 15 (regarding Definitions), including without limitation Larian's

18  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

19  and PERSON.  Larian further objects to the request to the extent it seeks the

20  production of documents that are protected from disclosure under any applicable

21  privilege, doctrine or immunity, including without limitation the attorney-client

22  privilege, the work product doctrine, the right of privacy, and all other privileges

23  recognized under the constitutional, statutory or decisional law of the United States

24  of America, the State of California or any other applicable jurisdiction.  Larian

25  further objects to this request as being overly broad and unduly burdensome on the

26  grounds that it is not limited in time or geographical scope.  Larian further objects to

27  the request to the extent that it seeks documents that by reason of public filing,

28  public distribution or otherwise are already in Mattel's possession or are readily

EXHIBIT 15

PAGE 390

1  accessible to Mattel.  Larian further objects to the request to the extent that it seeks

2  documents not in Larian's possession, custody or control.  Larian further objects to

3  the request to the extent it seeks confidential, proprietary or commercially sensitive

4  information, the disclosure of which would be inimical to the business interests of

5  Larian or MGA.  Larian further objects to the request to the extent it violates the

6  privacy rights of third parties to their private, confidential, proprietary or trade secret

7  information.

8      Larian further objects to this request as cumulative, duplicative, and unduly

9  burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

11  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

12  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

13  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

14  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

15  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

16  Things to MGAE de Mexico S.R.L. de C.V.

17      Without waiving any of the foregoing General or Specific Objections, but

18  rather expressly preserving each and every such objection, Larian responds as

19  follows:  Larian will produce all non-privileged, responsive documents in his

20  possession, custody or control, if any, that he is able to locate following a reasonably

21  diligent search.

22  REQUEST FOR PRODUCTION NO. 55:

23      All DOCUMENTS, including but not limited to all COMMUNICATIONS

24  with any PERSON, RELATING to YOUR actions in response to, or efforts to stop,

25  thwart, prevent, counter or mitigate, MATTEL'S alleged "efforts to interfere with

26  MGA's acquisition of or investment in [ZAPF]."

27

28

EXHIBIT 15

PAGE 391

90

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

  Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the term YOUR, and its incorporated terms AFFILIATES and PERSON.  Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  Larian further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase "RELATING to YOUR actions in response to, or efforts to stop, thwart, prevent, counter or mitigate" is compound, vague, ambiguous, and unintelligible.  Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control.  Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA.  Larian further objects to the

EXHIBIT 15

PAGE 392

1  request to the extent it violates the privacy rights of third parties to their private,

2  confidential, proprietary or trade secret information.

3          Larian further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11  Things to MGAE de Mexico S.R.L. de C.V.

12          Without waiving any of the foregoing General or Specific Objections, but

13  rather expressly preserving each and every such objection, Larian responds as

14  follows:  Larian will produce all non-privileged, responsive documents in his

15  possession, custody or control, if any, that he is able to locate following a reasonably

16  diligent search.

17  <u>REQUEST FOR PRODUCTION NO. 56:</u>

18          All DOCUMENTS, including but not limited to all COMMUNICATIONS

19  with any PERSON, RELATING to any loss, harm, injury, increased expense, lost

20  revenue or profits, or any other damage that MATTEL'S alleged "efforts to interfere

21  with MGA's acquisition of or investment in [ZAPF]" caused to YOU, including but

22  not limited to, increase in price or costs from delay.

23  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 56:</u>

24          Larian incorporates by reference his General Response and General Objections

25  above, as though fully set forth herein and specifically incorporates General

26  Objection No. 15 (regarding Definitions), including without limitation Larian's

27  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

28  and PERSON.  Larian further objects to the request to the extent it seeks the

EXHIBIT _15_

PAGE _392_

1  production of documents that are protected from disclosure under any applicable

2  privilege, doctrine or immunity, including without limitation the attorney-client

3  privilege, the work product doctrine, the right of privacy, and all other privileges

4  recognized under the constitutional, statutory or decisional law of the United States

5  of America, the State of California or any other applicable jurisdiction.    Larian

6  further objects to this request as being overly broad and unduly burdensome on the

7  grounds that it is not limited in time or geographical scope.  Larian further objects to

8  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

9  limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not

10  comply with the "reasonable particularity" requirement of Federal Rule of Civil

11  Procedure 34 and renders the request overly broad and unduly burdensome in light of

12  "the wealth of material already made available in this case."  Westhemeco Ltd. v.

13  New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

14  objects that the phrases "any loss, harm, injury, increased expense, lost revenue or

15  profits, or any other damage" and "including but not limited to, increase in price or

16  costs from delay" are, both individually and taken together, compound and, as such,

17  render the request vague, ambiguous, and unintelligible.  Larian further objects to the

18  request to the extent that it seeks documents that by reason of public filing, public

19  distribution or otherwise are already in Mattel's possession or are readily accessible

20  to Mattel.  Larian further objects to the request to the extent that it seeks documents

21  not in Larian's possession, custody or control.  Larian further objects to the request to

22  the extent it seeks confidential, proprietary or commercially sensitive information,

23  the disclosure of which would be inimical to the business interests of Larian or MGA.

24  Larian further objects to the request to the extent it violates the privacy rights of third

25  parties to their private, confidential, proprietary or trade secret information.

26       Larian further objects to this request as cumulative, duplicative, and unduly

27  burdensome to the extent that it seeks documents previously requested by Mattel or

28  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

EXHIBIT 15

PAGE 394

1  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

2  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

3  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

4  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

5  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

6  Things to MGAE de Mexico S.R.L. de C.V.

7          Without waiving any of the foregoing General or Specific Objections, but

8  rather expressly preserving each and every such objection, Larian responds as

9  follows:  Larian will produce all non-privileged, responsive documents in his

10  possession, custody or control, if any, that he is able to locate following a reasonably

11  diligent search.

12  REQUEST FOR PRODUCTION NO. 57:

13          All DOCUMENTS, including but not limited to all COMMUNICATIONS

14  with any PERSON, that REFER OR RELATE TO MATTEL'S success or failure in

15  its alleged "efforts to interfere with MGA's acquisition of or investment in [ZAPF]."

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 57:

17          Larian incorporates by reference his General Response and General Objections

18  above, as though fully set forth herein and specifically incorporates General

19  Objection No. 15 (regarding Definitions), including without limitation Larian's

20  objection to the definition of the term PERSON.  Larian further objects to the request

21  to the extent it seeks the production of documents that are protected from disclosure

22  under any applicable privilege, doctrine or immunity, including without limitation

23  the attorney-client privilege, the work product doctrine, the right of privacy, and all

24  other privileges recognized under the constitutional, statutory or decisional law of

25  the United States of America, the State of California or any other applicable

26  jurisdiction.  Larian further objects to this request as being overly broad and unduly

27  burdensome on the grounds that it is not limited in time or geographical scope.

28  Larian further objects to this request on the grounds that the phrase "[a]ll

94

EXHIBIT 15

1  DOCUMENTS, including but not limited to all COMMUNICATIONS with any

2  PERSON, that REFER OR RELATE TO" does not comply with the "reasonable

3  particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

4  request overly broad and unduly burdensome in light of "the wealth of material

5  already made available in this case." <u>Westhemeco Ltd. v. New Hampshire Ins. Co.</u>,

6  82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrase "success

7  or failure" is compound and, as such, renders the request vague, ambiguous, and

8  unintelligible. Larian further objects to the request to the extent that it seeks

9  documents that by reason of public filing, public distribution or otherwise are already

10 in Mattel's possession or are readily accessible to Mattel. Larian further objects to

11 the request to the extent that it seeks documents not in Larian's possession, custody

12 or control. Larian further objects to the request to the extent it seeks confidential,

13 proprietary or commercially sensitive information, the disclosure of which would be

14 inimical to the business interests of Larian or MGA. Larian further objects to the

15 request to the extent it violates the privacy rights of third parties to their private,

16 confidential, proprietary or trade secret information.

17     Larian further objects to this request as cumulative, duplicative, and unduly

18 burdensome to the extent that it seeks documents previously requested by Mattel or

19 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

20 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

21 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

22 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

23 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

24 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

25 Things to MGAE de Mexico S.R.L. de C.V.

26     Without waiving any of the foregoing General or Specific Objections, but

27 rather expressly preserving each and every such objection, Larian responds as

28 follows: Larian will produce all non-privileged, responsive documents in his

EXHIBIT _15_

PAGE _394_

1  possession, custody or control, if any, that he is able to locate following a reasonably

2  diligent search.

3  REQUEST FOR PRODUCTION NO. 58:

4      All DOCUMENTS, including but not limited to all COMMUNICATIONS

5  with any PERSON, RELATING to efforts to acquire or invest in ZAPF.

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

7      Larian incorporates by reference his General Response and General Objections

8  above, as though fully set forth herein and specifically incorporates General

9  Objection No. 15 (regarding Definitions), including without limitation Larian's

10  objection to the definition of the term PERSON.  Larian further objects to the request

11  to the extent it seeks the production of documents that are protected from disclosure

12  under any applicable privilege, doctrine or immunity, including without limitation

13  the attorney-client privilege, the work product doctrine, the right of privacy, and all

14  other privileges recognized under the constitutional, statutory or decisional law of

15  the United States of America, the State of California or any other applicable

16  jurisdiction.  Larian further objects to this request as being overly broad and unduly

17  burdensome on the grounds that it is not limited in time or geographical scope.

18  Larian further objects to this request on the grounds that the phrase "[a]ll

19  DOCUMENTS, including but not limited to all COMMUNICATIONS with any

20  PERSON, RELATING TO" does not comply with the "reasonable particularity"

21  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

22  broad and unduly burdensome in light of "the wealth of material already made

23  available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

24  709 (S.D.N.Y. 1979).  Larian further objects that the phrase "efforts to acquire or

25  invest in" is compound and, as such, renders the request vague, ambiguous, and

26  unintelligible.  Larian further objects to the request to the extent that it seeks

27  documents that by reason of public filing, public distribution or otherwise are already

28  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

EXHIBIT 15

PAGE 297

1  the request to the extent that it seeks documents not in Larian's possession, custody

2  or control.  Larian further objects to the request to the extent it seeks confidential,

3  proprietary or commercially sensitive information, the disclosure of which would be

4  inimical to the business interests of Larian or MGA.  Larian further objects to the

5  request to the extent it violates the privacy rights of third parties to their private,

6  confidential, proprietary or trade secret information.

7      Larian further objects to this request as cumulative, duplicative, and unduly

8  burdensome to the extent that it seeks documents previously requested by Mattel or

9  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

10  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

11  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

12  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

13  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

14  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

15  Things to MGAE de Mexico S.R.L. de C.V.

16      Without waiving any of the foregoing General or Specific Objections, but

17  rather expressly preserving each and every such objection, Larian responds as

18  follows:  Larian will produce all non-privileged, responsive documents in his

19  possession, custody or control, if any, that he is able to locate following a reasonably

20  diligent search.

21  REQUEST FOR PRODUCTION NO. 59:

22      DOCUMENTS sufficient to show the amount paid to acquire or invest in

23  ZAPF.

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

25      Larian incorporates by reference his General Response and General Objections

26  above, as though fully set forth herein.  Larian further objects to the request to the

27  extent it seeks the production of documents that are protected from disclosure under

28  any applicable privilege, doctrine or immunity, including without limitation the

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 298

1  attorney-client privilege, the work product doctrine, the right of privacy, and all other

2  privileges recognized under the constitutional, statutory or decisional law of the

3  United States of America, the State of California or any other applicable jurisdiction.

4  Larian further objects to this request as being overly broad and unduly burdensome

5  on the grounds that it is not limited in time or geographical scope.  Larian further

6  objects that the phrase "the amount paid to acquire or invest in" is compound, vague,

7  ambiguous, and unintelligible.  Larian further objects to the request to the extent that

8  it seeks documents that by reason of public filing, public distribution or otherwise

9  are already in Mattel's possession or are readily accessible to Mattel.  Larian further

10  objects to the request to the extent that it seeks documents not in Larian's possession,

11  custody or control.  Larian further objects to the request to the extent it seeks

12  confidential, proprietary or commercially sensitive information, the disclosure of

13  which would be inimical to the business interests of Larian or MGA.  Larian further

14  objects to the request to the extent it violates the privacy rights of third parties to

15  their private, confidential, proprietary or trade secret information.

16       Larian further objects to this request as cumulative, duplicative, and unduly

17  burdensome to the extent that it seeks documents previously requested by Mattel or

18  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

19  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

20  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

21  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

22  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

23  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

24  Things to MGAE de Mexico S.R.L. de C.V.

25  REQUEST FOR PRODUCTION NO. 60:

26       DOCUMENTS sufficient to IDENTIFY the source of funds used to acquire or

27  invest in ZAPF.

28

EXHIBIT 15

PAGE 399

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 60:</u>

2  Larian incorporates by reference his General Response and General Objections

3  above, as though fully set forth herein.  Larian further objects to the request to the

4  extent it seeks the production of documents that are protected from disclosure under

5  any applicable privilege, doctrine or immunity, including without limitation the

6  attorney-client privilege, the work product doctrine, the right of privacy, and all other

7  privileges recognized under the constitutional, statutory or decisional law of the

8  United States of America, the State of California or any other applicable jurisdiction.

9  Larian further objects to this request as being overly broad and unduly burdensome

10  on the grounds that it is not limited in time or geographical scope.  Larian further

11  objects that the phrase "the source of funds used to acquire or invest in" is compound,

12  vague, ambiguous, and unintelligible.  Larian further objects to the request to the

13  extent that it seeks documents that by reason of public filing, public distribution or

14  otherwise are already in Mattel's possession or are readily accessible to Mattel.

15  Larian further objects to the request to the extent that it seeks documents not in

16  Larian's possession, custody or control.  Larian further objects to the request to the

17  extent it seeks confidential, proprietary or commercially sensitive information, the

18  disclosure of which would be inimical to the business interests of Larian or MGA.

19  Larian further objects to the request to the extent it violates the privacy rights of third

20  parties to their private, confidential, proprietary or trade secret information.

21  Larian further objects to this request as cumulative, duplicative, and unduly

22  burdensome to the extent that it seeks documents previously requested by Mattel or

23  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

24  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

25  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

26  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

27  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

28

EXHIBIT _15_

PAGE _400_

99

1  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

2  Things to MGAE de Mexico S.R.L. de C.V.

3  <u>REQUEST FOR PRODUCTION NO. 61:</u>

4       DOCUMENTS sufficient to IDENTIFY the PERSONS at MATTEL who

5  allegedly engaged in "efforts to interfere with MGA's acquisition of or investment in

6  [ZAPF]."

7  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 61:</u>

8       Larian incorporates by reference his General Response and General Objections

9  above, as though fully set forth herein, including without limitation Larian's

10  objection to Mattel's definition of the term PERSON.  Larian further objects to the

11  request to the extent it seeks the production of documents that are protected from

12  disclosure under any applicable privilege, doctrine or immunity, including without

13  limitation the attorney-client privilege, the work product doctrine, the right of

14  privacy, and all other privileges recognized under the constitutional, statutory or

15  decisional law of the United States of America, the State of California or any other

16  applicable jurisdiction.  Larian further objects to this request as being overly broad

17  and unduly burdensome on the grounds that it is not limited in time or geographical

18  scope.  Larian further objects to the request to the extent that it seeks documents that

19  by reason of public filing, public distribution or otherwise are already in Mattel's

20  possession or are readily accessible to Mattel.  Larian further objects to the request to

21  the extent that it seeks documents not in Larian's possession, custody or control.

22  Larian further objects to the request to the extent it seeks confidential, proprietary or

23  commercially sensitive information, the disclosure of which would be inimical to the

24  business interests of Larian or MGA.  Larian further objects to the request to the

25  extent it violates the privacy rights of third parties to their private, confidential,

26  proprietary or trade secret information.

27       Larian further objects to this request as cumulative, duplicative, and unduly

28  burdensome to the extent that it seeks documents previously requested by Mattel or

100

EXHIBIT 15

1  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

2  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

3  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

4  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

5  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

6  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

7  Things to MGAE de Mexico S.R.L. de C.V.

8      Without waiving any of the foregoing General or Specific Objections, but

9  rather expressly preserving each and every such objection, Larian responds as

10  follows:  Larian will produce all non-privileged, responsive documents in his

11  possession, custody or control, if any, that he is able to locate following a reasonably

12  diligent search.

13  REQUEST FOR PRODUCTION NO. 62:

14      All DOCUMENTS that REFER OR RELATE TO the actual sales, gross

15  profits, gross margins and net profits of ZAPF since January 1, 1999.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

17      Larian incorporates by reference his General Response and General Objections

18  above, as though fully set forth herein.  Larian further objects to the request to the

19  extent it seeks the production of documents that are protected from disclosure under

20  any applicable privilege, doctrine or immunity, including without limitation the

21  attorney-client privilege, the work product doctrine, the right of privacy, and all other

22  privileges recognized under the constitutional, statutory or decisional law of the

23  United States of America, the State of California or any other applicable jurisdiction.

24  Larian further objects to this request on the grounds that the phrase "[a]ll

25  DOCUMENTS that REFER OR RELATE TO" does not comply with the

26  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

27  renders the request overly broad and unduly burdensome in light of "the wealth of

28  material already made available in this case." Westhemeco Ltd. v. New Hampshire

EXHIBIT 15

PAGE 902

1  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects to this request

2  as being overly broad and unduly burdensome on the grounds that it is not

3  reasonably limited in time or geographical scope.  Larian further objects that the

4  phrase "actual sales, gross profits, gross margins and net profits" is compound and,

5  as such, renders the request vague, ambiguous, and unintelligible.  Larian further

6  objects to the request to the extent that it seeks documents that by reason of public

7  filing, public distribution or otherwise are already in Mattel's possession or are

8  readily accessible to Mattel.  Larian further objects to the request to the extent that it

9  seeks documents not in Larian's possession, custody or control.  Larian further

10  objects to the request to the extent it seeks confidential, proprietary or commercially

11  sensitive information, the disclosure of which would be inimical to the business

12  interests of Larian or MGA.  Larian further objects to the request to the extent it

13  violates the privacy rights of third parties to their private, confidential, proprietary or

14  trade secret information.

15       Larian further objects to this request as cumulative, duplicative, and unduly

16  burdensome to the extent that it seeks documents previously requested by Mattel or

17  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

18  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

19  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

20  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

21  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

22  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

23  Things to MGAE de Mexico S.R.L. de C.V.

24  REQUEST FOR PRODUCTION NO. 63:

25       All DOCUMENTS that REFER OR RELATE TO projected or anticipated

26  sales, gross profits, gross margins and net profits of ZAPF since January 1, 1999.

27

28

EXHIBIT 15

PAGE 403

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 63:

2         Larian incorporates by reference his General Response and General Objections

3  above, as though fully set forth herein.  Larian further objects to the request to the

4  extent it seeks the production of documents that are protected from disclosure under

5  any applicable privilege, doctrine or immunity, including without limitation the

6  attorney-client privilege, the work product doctrine, the right of privacy, and all other

7  privileges recognized under the constitutional, statutory or decisional law of the

8  United States of America, the State of California or any other applicable jurisdiction.

9  Larian further objects to this request on the grounds that the phrase "[a]ll

10  DOCUMENTS that REFER OR RELATE TO" does not comply with the

11  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

12  renders the request overly broad and unduly burdensome in light of "the wealth of

13  material already made available in this case."  Westhemeco Ltd. v. New Hampshire

14  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects to this request

15  as being overly broad and unduly burdensome on the grounds that it is not

16  reasonably limited in time or geographical scope.  Larian further objects that the

17  phrase "projected or anticipated sales, gross profits, gross margins and net profits" is

18  compound and, as such, renders the request vague, ambiguous, and unintelligible.

19  Larian further objects to the request to the extent that it seeks documents that by

20  reason of public filing, public distribution or otherwise are already in Mattel's

21  possession or are readily accessible to Mattel.  Larian further objects to the request to

22  the extent that it seeks documents not in Larian's possession, custody or control.

23  Larian further objects to the request to the extent it seeks confidential, proprietary or

24  commercially sensitive information, the disclosure of which would be inimical to the

25  business interests of Larian or MGA.  Larian further objects to the request to the

26  extent it violates the privacy rights of third parties to their private, confidential,

27  proprietary or trade secret information.

28

EXHIBIT 15

PAGE 404

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

Larian further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of Requests for Production of Documents and Things to Isaac Larian and Request Nos. 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and Things to MGAE de Mexico S.R.L. de C.V.

REQUEST FOR PRODUCTION NO. 64:

All DOCUMENTS that REFER OR RELATE TO the actual sales, gross profits, gross margins and net profits of MGA since January 1, 1998.

RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that REFER OR RELATE TO" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not reasonably limited in time or geographical scope. Larian further objects that the

EXHIBIT 15

PAGE 405

1   phrase "actual sales, gross profits, gross margins and net profits" is compound and,

2   as such, renders the request vague, ambiguous, and unintelligible.  Larian further

3   objects to the request to the extent that it seeks documents that by reason of public

4   filing, public distribution or otherwise are already in Mattel's possession or are

5   readily accessible to Mattel.  Larian further objects to the request to the extent that it

6   seeks documents not in Larian's possession, custody or control.  Larian further

7   objects to the request to the extent it seeks confidential, proprietary or commercially

8   sensitive information, the disclosure of which would be inimical to the business

9   interests of Larian or MGA.  Larian further objects to the request to the extent it

10  violates the privacy rights of third parties to their private, confidential, proprietary or

11  trade secret information.

12        Larian further objects to this request as cumulative, duplicative, and unduly

13  burdensome to the extent that it seeks documents previously requested by Mattel or

14  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

15  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

16  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

17  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

18  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

19  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

20  Things to MGAE de Mexico S.R.L. de C.V.

21  REQUEST FOR PRODUCTION NO. 65:

22        All DOCUMENTS that REFER OR RELATE TO projected or anticipated

23  sales, gross profits, gross margins and net profits of MGA since January 1, 1998.

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

25        Larian incorporates by reference his General Response and General Objections

26  above, as though fully set forth herein.  Larian further objects to the request to the

27  extent it seeks the production of documents that are protected from disclosure under

28  any applicable privilege, doctrine or immunity, including without limitation the

1  attorney-client privilege, the work product doctrine, the right of privacy, and all other

2  privileges recognized under the constitutional, statutory or decisional law of the

3  United States of America, the State of California or any other applicable jurisdiction.

4  Larian further objects to this request on the grounds that the phrase "[a]ll

5  DOCUMENTS that REFER OR RELATE TO" does not comply with the

6  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

7  renders the request overly broad and unduly burdensome in light of "the wealth of

8  material already made available in this case." Westhemeco Ltd. v. New Hampshire

9  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects to this request

10  as being overly broad and unduly burdensome on the grounds that it is not

11  reasonably limited in time or geographical scope. Larian further objects that the

12  phrase "projected or anticipated sales, gross profits, gross margins and net profits" is

13  compound and, as such, renders the request vague, ambiguous, and unintelligible.

14  Larian further objects to the request to the extent that it seeks documents that by

15  reason of public filing, public distribution or otherwise are already in Mattel's

16  possession or are readily accessible to Mattel. Larian further objects to the request to

17  the extent that it seeks documents not in Larian's possession, custody or control.

18  Larian further objects to the request to the extent it seeks confidential, proprietary or

19  commercially sensitive information, the disclosure of which would be inimical to the

20  business interests of Larian or MGA. Larian further objects to the request to the

21  extent it violates the privacy rights of third parties to their private, confidential,

22  proprietary or trade secret information.

23      Larian further objects to this request as cumulative, duplicative, and unduly

24  burdensome to the extent that it seeks documents previously requested by Mattel or

25  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

26  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

27  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

28  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

EXHIBIT 15

PAGE 407

1  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

2  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

3  Things to MGAE de Mexico S.R.L. de C.V.

4  REQUEST FOR PRODUCTION NO. 66:

5      All DOCUMENTS, including but not limited to all COMMUNICATIONS

6  with any PERSON, that REFER OR RELATE TO YOUR efforts to interfere with

7  MATTEL's acquisition or potential acquisition of any corporation or entity.

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

9      Larian incorporates by reference his General Response and General Objections

10  above, as though fully set forth herein and specifically incorporates General

11  Objection No. 15 (regarding Definitions), including without limitation Larian's

12  objection to the definition of the term YOUR, and its incorporated terms

13  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

14  seeks the production of documents that are protected from disclosure under any

15  applicable privilege, doctrine or immunity, including without limitation the attorney-

16  client privilege, the work product doctrine, the right of privacy, and all other

17  privileges recognized under the constitutional, statutory or decisional law of the

18  United States of America, the State of California or any other applicable jurisdiction.

19  Larian further objects to this request as being overly broad and unduly burdensome

20  on the grounds that it is not limited in time or geographical scope.  Larian further

21  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

22  but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

23  RELATE TO" does not comply with the "reasonable particularity" requirement of

24  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

25  burdensome in light of "the wealth of material already made available in this case."

26  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

27  Larian further objects that the phrase "YOUR efforts to interfere with MATTEL's

28  acquisition or potential acquisition of any corporation or entity" is (1) accusatory and

EXHIBIT 15

PAGE 408

1  argumentative such that Larian would have to respond to the allegations of the

2  request before providing any substantive response, see Zadrozny v. Board of

3  Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2)

4  compound, rendering the request vague, ambiguous, and unintelligible.  Larian

5  further objects to the request to the extent that it seeks documents that by reason of

6  public filing, public distribution or otherwise are already in Mattel's possession or

7  are readily accessible to Mattel.  Larian further objects to the request to the extent

8  that it seeks documents not in Larian's possession, custody or control.  Larian further

9  objects to the request to the extent it seeks confidential, proprietary or commercially

10  sensitive information, the disclosure of which would be inimical to the business

11  interests of Larian or MGA.  Larian further objects to the request to the extent it

12  violates the privacy rights of third parties to their private, confidential, proprietary or

13  trade secret information.

14  REQUEST FOR PRODUCTION NO. 67:

15  　　　　All DOCUMENTS, including but not limited to all COMMUNICATIONS

16  with any PERSON, that REFER OR RELATE TO YOUR efforts to interfere with

17  MATTEL's investment or potential investment in any corporation or entity.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 67:

19  　　　　Larian incorporates by reference his General Response and General Objections

20  above, as though fully set forth herein and specifically incorporates General

21  Objection No. 15 (regarding Definitions), including without limitation Larian's

22  objection to the definition of the term YOUR, and its incorporated terms

23  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

24  seeks the production of documents that are protected from disclosure under any

25  applicable privilege, doctrine or immunity, including without limitation the attorney-

26  client privilege, the work product doctrine, the right of privacy, and all other

27  privileges recognized under the constitutional, statutory or decisional law of the

28  United States of America, the State of California or any other applicable jurisdiction.

EXHIBIT 15

PAGE 409

1   Larian further objects to this request as being overly broad and unduly burdensome
2   on the grounds that it is not limited in time or geographical scope.  Larian further
3   objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including
4   but not limited to all COMMUNICATIONS with any PERSON, that REFER OR
5   RELATE TO" does not comply with the "reasonable particularity" requirement of
6   Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly
7   burdensome in light of "the wealth of material already made available in this case."
8   Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).
9   Larian further objects that the phrase "YOUR efforts to interfere with MATTEL's
10  investment or potential investment in any corporation or entity" is (1) accusatory and
11  argumentative such that Larian would have to respond to the allegations of the
12  request before providing any substantive response, see Zadrozny v. Board of
13  Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2)
14  compound, rendering the request vague, ambiguous, and unintelligible.  Larian
15  further objects to the request to the extent that it seeks documents that by reason of
16  public filing, public distribution or otherwise are already in Mattel's possession or
17  are readily accessible to Mattel.  Larian further objects to the request to the extent
18  that it seeks documents not in Larian's possession, custody or control.  Larian further
19  objects to the request to the extent it seeks confidential, proprietary or commercially
20  sensitive information, the disclosure of which would be inimical to the business
21  interests of Larian or MGA.  Larian further objects to the request to the extent it
22  violates the privacy rights of third parties to their private, confidential, proprietary or
23  trade secret information.

24  REQUEST FOR PRODUCTION NO. 68:

25          All DOCUMENTS, including but not limited to all COMMUNICATIONS
26  with any PERSON, that REFER OR RELATE TO YOU successfully interfering
27  with MATTEL's acquisition or potential acquisition of any corporation or entity.

28

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 410

RESPONSE TO REQUEST FOR PRODUCTION NO. 68:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the term YOU, and its incorporated terms AFFILIATES and PERSON.  Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  Larian further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase "YOU successfully interfering with MATTEL's acquisition or potential acquisition of any corporation or entity" is (1) accusatory and argumentative such that Larian would have to respond to the allegations of the request before providing any substantive response, see Zadrozny v. Board of Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2) compound, rendering the request vague, ambiguous, and unintelligible.  Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  Larian further objects to the request to the extent,

110

EXHIBIT 15

PAGE 411

1  that it seeks documents not in Larian's possession, custody or control.  Larian further

2  objects to the request to the extent it seeks confidential, proprietary or commercially

3  sensitive information, the disclosure of which would be inimical to the business

4  interests of Larian or MGA.  Larian further objects to the request to the extent it

5  violates the privacy rights of third parties to their private, confidential, proprietary or

6  trade secret information.

7  <u>REQUEST FOR PRODUCTION NO. 69:</u>

8      All DOCUMENTS, including but not limited to, all COMMUNICATIONS

9  with any PERSON, that REFER OR RELATE TO YOU successfully interfering

10  with MATTEL's investment or potential investment in any corporation or entity.

11  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 69:</u>

12      Larian incorporates by reference his General Response and General Objections

13  above, as though fully set forth herein and specifically incorporates General

14  Objection No. 15 (regarding Definitions), including without limitation Larian's

15  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

16  and PERSON.  Larian further objects to the request to the extent it seeks the

17  production of documents that are protected from disclosure under any applicable

18  privilege, doctrine or immunity, including without limitation the attorney-client

19  privilege, the work product doctrine, the right of privacy, and all other privileges

20  recognized under the constitutional, statutory or decisional law of the United States

21  of America, the State of California or any other applicable jurisdiction.  Larian

22  further objects to this request as being overly broad and unduly burdensome on the

23  grounds that it is not limited in time or geographical scope.  Larian further objects to

24  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

25  limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

26  TO" does not comply with the "reasonable particularity" requirement of Federal Rule

27  of Civil Procedure 34 and renders the request overly broad and unduly burdensome

28  in light of "the wealth of material already made available in this case."  <u>Westhemeco</u>

EXHIBIT 15

PAGE 412

1  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian
2  further objects that the phrase "YOU successfully interfering with MATTEL's
3  investment or potential investment in any corporation or entity" is (1) accusatory and
4  argumentative such that Larian would have to respond to the allegations of the
5  request before providing any substantive response, see Zadrozny v. Board of
6  Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2)
7  compound, rendering the request vague, ambiguous, and unintelligible.  Larian
8  further objects to the request to the extent that it seeks documents that by reason of
9  public filing, public distribution or otherwise are already in Mattel's possession or
10  are readily accessible to Mattel.  Larian further objects to the request to the extent
11  that it seeks documents not in Larian's possession, custody or control.  Larian further
12  objects to the request to the extent it seeks confidential, proprietary or commercially
13  sensitive information, the disclosure of which would be inimical to the business
14  interests of Larian or MGA.  Larian further objects to the request to the extent it
15  violates the privacy rights of third parties to their private, confidential, proprietary or
16  trade secret information.

17  REQUEST FOR PRODUCTION NO. 70:

18      All DOCUMENTS, including but not limited to, all COMMUNICATIONS
19  with any PERSON, that REFER OR RELATE to any acquisition or potential
20  acquisition or investment or potential investment by MATTEL of or in any
21  corporation or entity, before such acquisition, potential acquisition or investment or
22  potential investment was publicly known, revealed or disclosed.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 70:

24      Larian incorporates by reference his General Response and General Objections
25  above, as though fully set forth herein and specifically incorporates General
26  Objection No. 15 (regarding Definitions), including without limitation Larian's
27  objection to the definition of the term PERSON.  Larian further objects to the request
28  to the extent it seeks the production of documents that are protected from disclosure

EXHIBIT 15

1   under any applicable privilege, doctrine or immunity, including without limitation

2   the attorney-client privilege, the work product doctrine, the right of privacy, and all

3   other privileges recognized under the constitutional, statutory or decisional law of

4   the United States of America, the State of California or any other applicable

5   jurisdiction. Larian further objects to this request as being overly broad and unduly

6   burdensome on the grounds that it is indefinite as to time, in that Mattel does not

7   state when any of its subject "acquisition[s], potential acquisition[s] or investment[s]

8   or potential investment[s]" were "publicly known, revealed or disclosed," making it

9   impossible for Larian to respond without assuming facts unknown to him. Larian

10  further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS,

11  including but not limited to all COMMUNICATIONS with any PERSON, that

12  REFER OR RELATE TO" does not comply with the "reasonable particularity"

13  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

14  broad and unduly burdensome in light of "the wealth of material already made

15  available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

16  709 (S.D.N.Y. 1979). Larian further objects that the phrases "any acquisition or

17  potential acquisition or investment or potential investment by MATTEL of or in any

18  corporation or entity" and "before such acquisition, potential acquisition or

19  investment or potential investment was publicly known, revealed or disclosed" are,

20  both individually and taken together, compound, rendering the request vague,

21  ambiguous, and unintelligible. Larian further objects to the request to the extent that

22  it seeks documents that by reason of public filing, public distribution or otherwise

23  are already in Mattel's possession or are readily accessible to Mattel. Larian further

24  objects to the request to the extent that it seeks documents not in Larian's possession,

25  custody or control. Larian further objects to the request to the extent it seeks

26  confidential, proprietary or commercially sensitive information, the disclosure of

27  which would be inimical to the business interests of Larian or MGA. Larian further

28

EXHIBIT 15
PAGE 414

1  objects to the request to the extent it violates the privacy rights of third parties to

2  their private, confidential, proprietary or trade secret information.

3  REQUEST FOR PRODUCTION NO. 71:

4       All DOCUMENTS, including but not limited to all COMMUNICATIONS

5  with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL

6  engaged in "efforts to include negative references to MGA or Bratz on Mattel's 'We

7  Believe in Girls' website."

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 71:

9       Larian incorporates by reference his General Response and General Objections

10  above, as though fully set forth herein and specifically incorporates General

11  Objection No. 15 (regarding Definitions), including without limitation Larian's

12  objection to the definition of the term YOUR, and its incorporated terms

13  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

14  seeks the production of documents that are protected from disclosure under any

15  applicable privilege, doctrine or immunity, including without limitation the attorney-

16  client privilege, the work product doctrine, the right of privacy, and all other

17  privileges recognized under the constitutional, statutory or decisional law of the

18  United States of America, the State of California or any other applicable jurisdiction.

19  Larian further objects to this request as being overly broad and unduly burdensome

20  on the grounds that it is not limited in time or geographical scope.  Larian further

21  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

22  but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

23  RELATE TO" does not comply with the "reasonable particularity" requirement of

24  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

25  burdensome in light of "the wealth of material already made available in this case."

26  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

27  Larian further objects to the request to the extent that it seeks documents that by

28  reason of public filing, public distribution or otherwise are already in Mattel's EXHIBIT 15

114

1  possession or are readily accessible to Mattel. Larian further objects to the request to

2  the extent that it seeks documents not in Larian's possession, custody or control.

3  Larian further objects to the request to the extent it seeks confidential, proprietary or

4  commercially sensitive information, the disclosure of which would be inimical to the

5  business interests of Larian or MGA. Larian further objects to the request to the

6  extent it violates the privacy rights of third parties to their private, confidential,

7  proprietary or trade secret information.

8      Larian further objects to this request as cumulative, duplicative, and unduly

9  burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

11  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

12  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

13  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

14  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

15  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

16  Things to MGAE de Mexico S.R.L. de C.V.

17      Without waiving any of the foregoing General or Specific Objections, but

18  rather expressly preserving each and every such objection, Larian responds as

19  follows: Larian will produce all non-privileged, responsive documents in his

20  possession, custody or control, if any, that he is able to locate following a reasonably

21  diligent search.

22  REQUEST FOR PRODUCTION NO. 72:

23      All DOCUMENTS, including but not limited to all COMMUNICATIONS

24  with any PERSON, that YOU contend prove or that YOU will rely on at trial to

25  prove that MATTEL engaged in "efforts to include negative references to MGA or

26  Bratz on Mattel's 'We Believe in Girls' website."

27

28

EXHIBIT _15_

PAGE _416_

115

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the term YOU, and its incorporated terms AFFILIATES and PERSON. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrase "that YOU contend prove or that YOU will rely on at trial to prove" is compound and, as such, renders the request vague, ambiguous, and unintelligible. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA. Larian further objects to the request to the extent it

EXHIBIT 15

PAGE 417

1  violates the privacy rights of third parties to their private, confidential, proprietary or

2  trade secret information.

3       Larian further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11  Things to MGAE de Mexico S.R.L. de C.V.

12       Without waiving any of the foregoing General or Specific Objections, but

13  rather expressly preserving each and every such objection, Larian responds as

14  follows:  Larian will produce all non-privileged, responsive documents in his

15  possession, custody or control, if any, that he is able to locate following a reasonably

16  diligent search.

17  REQUEST FOR PRODUCTION NO. 73:

18       All DOCUMENTS that are, contain, reference, embody or otherwise reflect

19  each instance of "[a] negative reference[] to MGA or Bratz on Mattel's 'We Believe

20  in Girls' website" that YOU contend MATTEL engaged in "efforts to include."

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

22       Larian incorporates by reference his General Response and General Objections

23  above, as though fully set forth herein and specifically incorporates General

24  Objection No. 15 (regarding Definitions), including without limitation Larian's

25  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

26  and PERSON.  Larian further objects to the request to the extent it seeks the

27  production of documents that are protected from disclosure under any applicable

28  privilege, doctrine or immunity, including without limitation the attorney-client

EXHIBIT 15

PAGE 41

8

1  privilege, the work product doctrine, the right of privacy, and all other privileges

2  recognized under the constitutional, statutory or decisional law of the United States

3  of America, the State of California or any other applicable jurisdiction.  Larian

4  further objects to this request as being overly broad and unduly burdensome on the

5  grounds that it is not limited in time or geographical scope.  Larian further objects to

6  this request on the grounds that the phrase "[a]ll DOCUMENTS" does not comply

7  with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34

8  and renders the request overly broad and unduly burdensome in light of "the wealth

9  of material already made available in this case."  Westhemeco Ltd. v. New

10  Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that

11  the phrase "are, contain, reference, embody or otherwise reflect" is compound and, as

12  such, renders the request vague, ambiguous, and unintelligible.  Larian further

13  objects to the request to the extent that it seeks documents that by reason of public

14  filing, public distribution or otherwise are already in Mattel's possession or are

15  readily accessible to Mattel.  Larian further objects to the request to the extent that it

16  seeks documents not in Larian's possession, custody or control.  Larian further

17  objects to the request to the extent it seeks confidential, proprietary or commercially

18  sensitive information, the disclosure of which would be inimical to the business

19  interests of Larian or MGA.  Larian further objects to the request to the extent it

20  violates the privacy rights of third parties to their private, confidential, proprietary or

21  trade secret information.

22        Larian further objects to this request as cumulative, duplicative, and unduly

23  burdensome to the extent that it seeks documents previously requested by Mattel or

24  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

25  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

26  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

27  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

28  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

EXHIBIT 15.

PAGE 419

1  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

2  Things to MGAE de Mexico S.R.L. de C.V.

3       Without waiving any of the foregoing General or Specific Objections, but

4  rather expressly preserving each and every such objection, Larian responds as

5  follows:  Larian will produce all non-privileged, responsive documents in his

6  possession, custody or control, if any, that he is able to locate following a reasonably

7  diligent search.

8  REQUEST FOR PRODUCTION NO. 74:

9       DOCUMENTS sufficient to IDENTIFY all PERSONS at MATTEL who

10  allegedly engaged in "efforts to include negative references to MGA or Bratz on

11  Mattel's 'We Believe in Girls' website."

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

13       Larian incorporates by reference his General Response and General Objections

14  above, as though fully set forth herein and specifically incorporates General

15  Objection No. 15 (regarding Definitions), including without limitation Larian's

16  objection to the definition of the term PERSON.  Larian further objects to the request

17  to the extent it seeks the production of documents that are protected from disclosure

18  under any applicable privilege, doctrine or immunity, including without limitation

19  the attorney-client privilege, the work product doctrine, the right of privacy, and all

20  other privileges recognized under the constitutional, statutory or decisional law of

21  the United States of America, the State of California or any other applicable

22  jurisdiction.  Larian further objects to this request as being overly broad and unduly

23  burdensome on the grounds that it is not limited in time or geographical scope.

24  Larian further objects to the request to the extent that it seeks documents that by

25  reason of public filing, public distribution or otherwise are already in Mattel's

26  possession or are readily accessible to Mattel.  Larian further objects to the request to

27  the extent it seeks documents not in Larian's possession, custody or control.

28  Larian further objects to the request to the extent it seeks confidential, proprietary or

EXHIBIT 15

PAGE 120