1   commercially sensitive information, the disclosure of which would be inimical to the
2   business interests of Larian or MGA.  Larian further objects to the request to the
3   extent it violates the privacy rights of third parties to their private, confidential,
4   proprietary or trade secret information.

5         Larian further objects to this request as cumulative, duplicative, and unduly
6   burdensome to the extent that it seeks documents previously requested by Mattel or
7   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
8   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
9   Inc.'s First Set of Requests for Production of Documents and Tangible Things to
10  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
11  Requests for Production of Documents and Things to Isaac Larian and Request Nos.
12  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
13  Things to MGAE de Mexico S.R.L. de C.V.

14        Without waiving any of the foregoing General or Specific Objections, but
15  rather expressly preserving each and every such objection, Larian responds as
16  follows:  Larian will produce all non-privileged, responsive documents in his
17  possession, custody or control, if any, that he is able to locate following a reasonably
18  diligent search.

19  REQUEST FOR PRODUCTION NO. 75:

20        All DOCUMENTS that YOU contend prove or tend to prove that any alleged
21  "negative reference[] to MGA or Bratz on Mattel's 'We Believe in Girls' website"
22  was false.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 75:

24        Larian incorporates by reference his General Response and General Objections
25  above, as though fully set forth herein and specifically incorporates General
26  Objection No. 15 (regarding Definitions), including without limitation Larian's
27  objection to the definition of the term YOU, and its incorporated terms AFFILIATES
28  and PERSON.  Larian further objects to the request to the extent it seeks the

EXHIBIT 15

120

1    production of documents that are protected from disclosure under any applicable

2    privilege, doctrine or immunity, including without limitation the attorney-client

3    privilege, the work product doctrine, the right of privacy, and all other privileges

4    recognized under the constitutional, statutory or decisional law of the United States

5    of America, the State of California or any other applicable jurisdiction.  Larian

6    further objects to this request as being overly broad and unduly burdensome on the

7    grounds that it is not limited in time or geographical scope.  Larian further objects to

8    this request on the grounds that the phrase "[a]ll DOCUMENTS" does not comply

9    with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34

10    and renders the request overly broad and unduly burdensome in light of "the wealth

11    of material already made available in this case."  Westhemeco Ltd. v. New

12    Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that

13    the phrase "prove or tend to prove" is compound and, as such, renders the request

14    vague, ambiguous, and unintelligible.  Larian further objects to the request to the

15    extent that it seeks documents that by reason of public filing, public distribution or

16    otherwise are already in Mattel's possession or are readily accessible to Mattel.

17    Larian further objects to the request to the extent that it seeks documents not in

18    Larian's possession, custody or control.  Larian further objects to the request to the

19    extent it seeks confidential, proprietary or commercially sensitive information, the

20    disclosure of which would be inimical to the business interests of Larian or MGA.

21    Larian further objects to the request to the extent it violates the privacy rights of third

22    parties to their private, confidential, proprietary or trade secret information.

23            Larian further objects to this request as cumulative, duplicative, and unduly

24    burdensome to the extent that it seeks documents previously requested by Mattel or

25    produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

26    document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

27    Inc.'s First Set of Requests for Production of Documents and Tangible Things to

28    MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE _____ 42

1   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

2   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

3   Things to MGAE de Mexico S.R.L. de C.V.

4        Without waiving any of the foregoing General or Specific Objections, but

5   rather expressly preserving each and every such objection, Larian responds as

6   follows:  Larian will produce all non-privileged, responsive documents in his

7   possession, custody or control, if any, that he is able to locate following a reasonably

8   diligent search.

9   <u>REQUEST FOR PRODUCTION NO. 76:</u>

10        All DOCUMENTS that YOU contend prove or tend to prove, for each

11   allegedly "negative reference[] to MGA or Bratz on Mattel's 'We Believe in Girls'

12   website," that MATTEL knew or should have known that such negative reference

13   was false.

14   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 76:</u>

15        Larian incorporates by reference his General Response and General Objections

16   above, as though fully set forth herein and specifically incorporates General

17   Objection No. 15 (regarding Definitions), including without limitation Larian's

18   objection to the definition of the term YOU, and its incorporated terms AFFILIATES

19   and PERSON.  Larian further objects to the request to the extent it seeks the

20   production of documents that are protected from disclosure under any applicable

21   privilege, doctrine or immunity, including without limitation the attorney-client

22   privilege, the work product doctrine, the right of privacy, and all other privileges

23   recognized under the constitutional, statutory or decisional law of the United States

24   of America, the State of California or any other applicable jurisdiction.  Larian

25   further objects to this request as being overly broad and unduly burdensome on the

26   grounds that it is not limited in time or geographical scope.  Larian further objects to

27   this request on the grounds that the phrase "[a]ll DOCUMENTS" does not comply

28   with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34

EXHIBIT 15

PAGE 423

1  and renders the request overly broad and unduly burdensome in light of "the wealth

2  of material already made available in this case." Westhemeco Ltd. v. New

3  Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that

4  the phrases "YOU contend prove or tend to prove" and "MATTEL knew or should

5  have known" are, both individually and taken together, compound and, as such,

6  render the request vague, ambiguous, and unintelligible. Larian further objects to the

7  request to the extent that it seeks documents that by reason of public filing, public

8  distribution or otherwise are already in Mattel's possession or are readily accessible

9  to Mattel. Larian further objects to the request to the extent that it seeks documents

10 not in Larian's possession, custody or control. Larian further objects to the request to

11 the extent it seeks confidential, proprietary or commercially sensitive information,

12 the disclosure of which would be inimical to the business interests of Larian or MGA.

13 Larian further objects to the request to the extent it violates the privacy rights of third

14 parties to their private, confidential, proprietary or trade secret information.

15      Larian further objects to this request as cumulative, duplicative, and unduly

16 burdensome to the extent that it seeks documents previously requested by Mattel or

17 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

18 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

19 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

20 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

21 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

22 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

23 Things to MGAE de Mexico S.R.L. de C.V.

24      Without waiving any of the foregoing General or Specific Objections, but

25 rather expressly preserving each and every such objection, Larian responds as

26 follows: Larian will produce all non-privileged, responsive documents in his

27 possession, custody or control, if any, that he is able to locate following a reasonably

28 diligent search.

EXHIBIT 15

PAGE 454

1  REQUEST FOR PRODUCTION NO. 77:

2      DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

3  YOUR allegation that MATTEL engaged in "efforts to include negative references

4  to MGA or Bratz on Mattel's 'We Believe in Girls' website."

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 77:

6      Larian incorporates by reference his General Response and General Objections

7  above, as though fully set forth herein and specifically incorporates General

8  Objection No. 15 (regarding Definitions), including without limitation Larian's

9  objection to the definition of the terms YOUR, and its incorporated terms

10  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

11  seeks the production of documents that are protected from disclosure under any

12  applicable privilege, doctrine or immunity, including without limitation the attorney-

13  client privilege, the work product doctrine, the right of privacy, and all other

14  privileges recognized under the constitutional, statutory or decisional law of the

15  United States of America, the State of California or any other applicable jurisdiction.

16  Larian further objects to this request as being overly broad and unduly burdensome

17  on the grounds that it is not limited in time or geographical scope.  Larian further

18  objects to this request on the grounds that the phrase "all PERSONS with knowledge

19  of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly

20  burdensome in that anyone who has read Larian's Answer in this matter has

21  "knowledge of [Larian's] allegation," without regard to whether the factual basis for

22  the allegation is known to them.  Larian further objects to the request to the extent

23  that it seeks documents that by reason of public filing, public distribution or

24  otherwise are already in Mattel's possession or are readily accessible to Mattel.

25  Larian further objects to the request to the extent that it seeks documents not in

26  Larian's possession, custody or control.  Larian further objects to the request to the

27  extent it seeks confidential, proprietary or commercially sensitive information, the

28  disclosure of which would be inimical to the business interests of Larian or MGA.

124

EXHIBIT 15

PAGE 928

1   Larian further objects to the request to the extent it violates the privacy rights of third

2   parties to their private, confidential, proprietary or trade secret information.

3          Larian further objects to this request as cumulative, duplicative, and unduly

4   burdensome to the extent that it seeks documents previously requested by Mattel or

5   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11  Things to MGAE de Mexico S.R.L. de C.V.

12         Without waiving any of the foregoing General or Specific Objections, but

13  rather expressly preserving each and every such objection, Larian responds as

14  follows:  Larian will produce all non-privileged, responsive documents in his

15  possession, custody or control, if any, that he is able to locate following a reasonably

16  diligent search.

17  REQUEST FOR PRODUCTION NO. 78:

18         DOCUMENTS describing all time periods during which MATTEL allegedly

19  engaged in "efforts to include negative references to MGA or Bratz on Mattel's 'We

20  Believe in Girls' website."

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

22         Larian incorporates by reference his General Response and General Objections

23  above, as though fully set forth herein.  Larian further objects to the request to the

24  extent it seeks the production of documents that are protected from disclosure under

25  any applicable privilege, doctrine or immunity, including without limitation the

26  attorney-client privilege, the work product doctrine, the right of privacy, and all other

27  privileges recognized under the constitutional, statutory or decisional law of the

28  United States of America, the State of California or any other applicable jurisdiction.

EXHIBIT 15

PAGE 426

1  Larian further objects to this request as being overly broad and unduly burdensome

2  on the grounds that it is not limited in time or geographical scope.  Larian further

3  objects to this request on the grounds that the phrase "DOCUMENTS describing all

4  time periods during which" renders the request vague, ambiguous, and unintelligible.

5  Larian further objects to the request to the extent that it seeks documents that by

6  reason of public filing, public distribution or otherwise are already in Mattel's

7  possession or are readily accessible to Mattel.  Larian further objects to the request to

8  the extent that it seeks documents not in Larian's possession, custody or control.

9  Larian further objects to the request to the extent it seeks confidential, proprietary or

10  commercially sensitive information, the disclosure of which would be inimical to the

11  business interests of Larian or MGA.  Larian further objects to the request to the

12  extent it violates the privacy rights of third parties to their private, confidential,

13  proprietary or trade secret information.

14        Larian further objects to this request as cumulative, duplicative, and unduly

15  burdensome to the extent that it seeks documents previously requested by Mattel or

16  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

17  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

18  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

19  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

20  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

21  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

22  Things to MGAE de Mexico S.R.L. de C.V.

23        Without waiving any of the foregoing General or Specific Objections, but

24  rather expressly preserving each and every such objection, Larian responds as

25  follows:  Larian will produce all non-privileged, responsive documents in his

26  possession, custody or control, if any, that he is able to locate following a reasonably

27  diligent search.

28

EXHIBIT 15

PAGE 427

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  REQUEST FOR PRODUCTION NO. 79:

2      DOCUMENTS sufficient to IDENTIFY all PERSONS who have monitored,

3  reviewed, examined, analyzed, or looked at MATTEL'S "We Believe in Girls"

4  website, on YOUR behalf or at YOUR request.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

6      Larian incorporates by reference his General Response and General Objections

7  above, as though fully set forth herein and specifically incorporates General

8  Objection No. 15 (regarding Definitions), including without limitation Larian's

9  objection to the definition of the terms YOUR, and its incorporated terms

10  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

11  seeks the production of documents that are protected from disclosure under any

12  applicable privilege, doctrine or immunity, including without limitation the attorney-

13  client privilege, the work product doctrine, the right of privacy, and all other

14  privileges recognized under the constitutional, statutory or decisional law of the

15  United States of America, the State of California or any other applicable jurisdiction.

16  Larian further objects to this request as being overly broad and unduly burdensome

17  on the grounds that it is not limited in time or geographical scope.  Larian further

18  objects to this request on the grounds that the phrases "monitored, reviewed,

19  examined, analyzed, or looked at" and "on YOUR behalf or at YOUR request" are,

20  both individually and taken together, compound and, as such, render the request

21  vague, ambiguous and unintelligible.  Larian further objects to the request to the

22  extent that it seeks documents that by reason of public filing, public distribution or

23  otherwise are already in Mattel's possession or are readily accessible to Mattel.

24  Larian further objects to the request to the extent that it seeks documents not in

25  Larian's possession, custody or control.  Larian further objects to the request to the

26  extent it seeks confidential, proprietary or commercially sensitive information, the

27  disclosure of which would be inimical to the business interests of Larian or MGA.

28

EXHIBIT 15

PAGE 128

1 | Larian further objects to the request to the extent it violates the privacy rights of third

2 | parties to their private, confidential, proprietary or trade secret information.

3 |       Larian further objects to this request as cumulative, duplicative, and unduly

4 | burdensome to the extent that it seeks documents previously requested by Mattel or

5 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11 | Things to MGAE de Mexico S.R.L. de C.V.

12 |       Without waiving any of the foregoing General or Specific Objections, but

13 | rather expressly preserving each and every such objection, Larian responds as

14 | follows:  Larian will produce all non-privileged, responsive documents in his

15 | possession, custody or control, if any, that he is able to locate following a reasonably

16 | diligent search.

17 | **REQUEST FOR PRODUCTION NO. 80:**

18 |       DOCUMENTS sufficient to describe how YOU learned that MATTEL

19 | allegedly engaged in "efforts to include negative references to MGA or Bratz on

20 | Mattel's 'We Believe in Girls' website."

21 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

22 |       Larian incorporates by reference his General Response and General Objections

23 | above, as though fully set forth herein and specifically incorporates General

24 | Objection No. 15 (regarding Definitions), including without limitation Larian's

25 | objection to the definition of the terms YOU, and its incorporated terms

26 | AFFILIATES and PERSON.  Larian further objects to the request to the extent it

27 | seeks the production of documents that are protected from disclosure under any

28 | applicable privilege, doctrine or immunity, including without limitation the attorney-

EXHIBIT 15

PAGE 129

1 | client privilege, the work product doctrine, the right of privacy, and all other
2 | privileges recognized under the constitutional, statutory or decisional law of the
3 | United States of America, the State of California or any other applicable jurisdiction.
4 | Larian further objects to this request as being overly broad and unduly burdensome
5 | on the grounds that it is not limited in time or geographical scope.  Larian further
6 | objects to the request to the extent that it seeks documents that by reason of public
7 | filing, public distribution or otherwise are already in Mattel's possession or are
8 | readily accessible to Mattel.  Larian further objects to the request to the extent that it
9 | seeks documents not in Larian's possession, custody or control.  Larian further
10 | objects to the request to the extent it seeks confidential, proprietary or commercially
11 | sensitive information, the disclosure of which would be inimical to the business
12 | interests of Larian or MGA.  Larian further objects to the request to the extent it
13 | violates the privacy rights of third parties to their private, confidential, proprietary or
14 | trade secret information.

15 |      Larian further objects to this request as cumulative, duplicative, and unduly
16 | burdensome to the extent that it seeks documents previously requested by Mattel or
17 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
18 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
19 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
20 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
21 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
22 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
23 | Things to MGAE de Mexico S.R.L. de C.V.

24 |      Without waiving any of the foregoing General or Specific Objections, but
25 | rather expressly preserving each and every such objection, Larian responds as
26 | follows:  Larian will produce all non-privileged, responsive documents in his
27 | possession, custody or control, if any, that he is able to locate following a reasonably
28 | diligent search.

EXHIBIT 15
PAGE 430

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  REQUEST FOR PRODUCTION NO. 81:

2       DOCUMENTS sufficient to IDENTIFY all PERSONS who subscribe to, or

3  are members of, MATTEL's "We Believe in Girls" website, on YOUR behalf or at

4  YOUR request.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 81:

6       Larian incorporates by reference his General Response and General Objections

7  above, as though fully set forth herein and specifically incorporates General

8  Objection No. 15 (regarding Definitions), including without limitation Larian's

9  objection to the definition of the terms YOUR, and its incorporated terms

10 AFFILIATES and PERSON. Larian further objects to the request to the extent it

11 seeks the production of documents that are protected from disclosure under any

12 applicable privilege, doctrine or immunity, including without limitation the attorney-

13 client privilege, the work product doctrine, the right of privacy, and all other

14 privileges recognized under the constitutional, statutory or decisional law of the

15 United States of America, the State of California or any other applicable jurisdiction.

16 Larian further objects to this request as being overly broad and unduly burdensome

17 on the grounds that it is not limited in time or geographical scope. Larian further

18 objects to this request on the grounds that the phrases "all PERSONS who subscribe

19 to, or are members of, MATTEL's 'We Believe in Girls' website," and "on YOUR

20 behalf or at YOUR request" are, both individually and taken together, compound and,

21 as such, render the request vague, ambiguous and unintelligible. Larian further

22 objects to the request to the extent that it seeks documents that by reason of public

23 filing, public distribution or otherwise are already in Mattel's possession or are

24 readily accessible to Mattel. Larian further objects to the request to the extent that it

25 seeks documents not in Larian's possession, custody or control. Larian further

26 objects to the request to the extent it seeks confidential, proprietary or commercially

27 sensitive information, the disclosure of which would be inimical to the business

28 interests of Larian or MGA. Larian further objects to the request to the extent it

EXHIBIT 15

PAGE 431

1  violates the privacy rights of third parties to their private, confidential, proprietary or

2  trade secret information.

3        Larian further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11 Things to MGAE de Mexico S.R.L. de C.V.

12       Without waiving any of the foregoing General or Specific Objections, but

13 rather expressly preserving each and every such objection, Larian responds as

14 follows:  Larian will produce all non-privileged, responsive documents in his

15 possession, custody or control, if any, that he is able to locate following a reasonably

16 diligent search.

17 REQUEST FOR PRODUCTION NO. 82:

18       All DOCUMENTS, including but not limited to all COMMUNICATIONS

19 with any PERSON, RELATING to YOUR actions in response to, or efforts to stop,

20 thwart, prevent, counter or refute, MATTEL'S alleged "efforts to include negative

21 references to MGA or Bratz on Mattel's 'We Believe in Girls' website."

22 RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

23       Larian incorporates by reference his General Response and General Objections

24 above, as though fully set forth herein and specifically incorporates General

25 Objection No. 15 (regarding Definitions), including without limitation Larian's

26 objection to the definition of the term YOUR, and its incorporated terms

27 AFFILIATES and PERSON.  Larian further objects to the request to the extent it

28 seeks the production of documents that are protected from disclosure under any

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 432

1 | applicable privilege, doctrine or immunity, including without limitation the attorney-
2 | client privilege, the work product doctrine, the right of privacy, and all other
3 | privileges recognized under the constitutional, statutory or decisional law of the
4 | United States of America, the State of California or any other applicable jurisdiction.
5 | Larian further objects to this request as being overly broad and unduly burdensome
6 | on the grounds that it is not limited in time or geographical scope.  Larian further
7 | objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including
8 | but not limited to all COMMUNICATIONS with any PERSON, RELATING TO"
9 | does not comply with the "reasonable particularity" requirement of Federal Rule of
10 | Civil Procedure 34 and renders the request overly broad and unduly burdensome in
11 | light of "the wealth of material already made available in this case."  Westhemeco
12 | Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian
13 | further objects that the phrase "RELATING to YOUR actions in response to, or
14 | efforts to stop, thwart, prevent, counter or refute" is compound and, as such, renders
15 | the request vague, ambiguous, and unintelligible.  Larian further objects to the
16 | request to the extent that it seeks documents that by reason of public filing, public
17 | distribution or otherwise are already in Mattel's possession or are readily accessible
18 | to Mattel.  Larian further objects to the request to the extent that it seeks documents
19 | not in Larian's possession, custody or control.  Larian further objects to the request to
20 | the extent it seeks confidential, proprietary or commercially sensitive information,
21 | the disclosure of which would be inimical to the business interests of Larian or MGA.
22 | Larian further objects to the request to the extent it violates the privacy rights of third
23 | parties to their private, confidential, proprietary or trade secret information.
24 |       Larian further objects to this request as cumulative, duplicative, and unduly
25 | burdensome to the extent that it seeks documents previously requested by Mattel or
26 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
27 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
28 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to

EXHIBIT 15

PAGE 483

1  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

2  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

3  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

4  Things to MGAE de Mexico S.R.L. de C.V.

5       Without waiving any of the foregoing General or Specific Objections, but

6  rather expressly preserving each and every such objection, Larian responds as

7  follows:  Larian will produce all non-privileged, responsive documents in his

8  possession, custody or control, if any, that he is able to locate following a reasonably

9  diligent search.

10  REQUEST FOR PRODUCTION NO. 83:

11       DOCUMENTS sufficient to IDENTIFY all PERSONS who complained to

12  MATTEL on YOUR behalf, or at YOUR request, about MATTEL'S alleged "efforts

13  to include negative references to MGA or Bratz on Mattel's 'We Believe in Girls'

14  website."

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 83:

16       Larian incorporates by reference his General Response and General Objections

17  above, as though fully set forth herein and specifically incorporates General

18  Objection No. 15 (regarding Definitions), including without limitation Larian's

19  objection to the definition of the term YOUR, and its incorporated terms

20  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

21  seeks the production of documents that are protected from disclosure under any

22  applicable privilege, doctrine or immunity, including without limitation the attorney-

23  client privilege, the work product doctrine, the right of privacy, and all other

24  privileges recognized under the constitutional, statutory or decisional law of the

25  United States of America, the State of California or any other applicable jurisdiction.

26  Larian further objects to this request as being overly broad and unduly burdensome

27  on the grounds that it is not limited in time or geographical scope.  Larian further

28  objects that the phrase "on YOUR behalf, or at YOUR request" is compound and, as

EXHIBIT 15

PAGE 434

1  such, renders the request vague, ambiguous, and unintelligible.  Larian further

2  objects to the request to the extent that it seeks documents that by reason of public

3  filing, public distribution or otherwise are already in Mattel's possession or are

4  readily accessible to Mattel.  Larian further objects to the request to the extent that it

5  seeks documents not in Larian's possession, custody or control.  Larian further

6  objects to the request to the extent it seeks confidential, proprietary or commercially

7  sensitive information, the disclosure of which would be inimical to the business

8  interests of Larian or MGA.  Larian further objects to the request to the extent it

9  violates the privacy rights of third parties to their private, confidential, proprietary or

10  trade secret information.

11        Larian further objects to this request as cumulative, duplicative, and unduly

12  burdensome to the extent that it seeks documents previously requested by Mattel or

13  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

14  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

15  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

16  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

17  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

18  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

19  Things to MGAE de Mexico S.R.L. de C.V.

20        Without waiving any of the foregoing General or Specific Objections, but

21  rather expressly preserving each and every such objection, Larian responds as

22  follows:  Larian will produce all non-privileged, responsive documents in his

23  possession, custody or control, if any, that he is able to locate following a reasonably

24  diligent search.

25  REQUEST FOR PRODUCTION NO. 84:

26        All DOCUMENTS, including but not limited to all COMMUNICATIONS

27  with any PERSON, RELATING to any loss, harm, injury, increased expense, lost

28  revenue or profits, or any other damage that MATTEL'S alleged "efforts to include

134

EXHIBIT 15

PAGE 431

1  negative references to MGA or Bratz on Mattel's 'We believe in Girls' website"

2  caused to YOU.

3  RESPONSE TO REQUEST FOR PRODUCTION NO. 84:

4       Larian incorporates by reference his General Response and General Objections

5  above, as though fully set forth herein and specifically incorporates General

6  Objection No. 15 (regarding Definitions), including without limitation Larian's

7  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

8  and PERSON.  Larian further objects to the request to the extent it seeks the

9  production of documents that are protected from disclosure under any applicable

10  privilege, doctrine or immunity, including without limitation the attorney-client

11  privilege, the work product doctrine, the right of privacy, and all other privileges

12  recognized under the constitutional, statutory or decisional law of the United States

13  of America, the State of California or any other applicable jurisdiction.  Larian

14  further objects to this request as being overly broad and unduly burdensome on the

15  grounds that it is not limited in time or geographical scope.  Larian further objects to

16  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

17  limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not

18  comply with the "reasonable particularity" requirement of Federal Rule of Civil

19  Procedure 34 and renders the request overly broad and unduly burdensome in light of

20  "the wealth of material already made available in this case."  Westhemeco Ltd. v.

21  New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

22  objects that the phrase "any loss, harm, injury, increased expense, lost revenue or

23  profits, or any other damage" is compound and, as such, renders the request vague,

24  ambiguous, and unintelligible.  Larian further objects to the request to the extent that

25  it seeks documents that by reason of public filing, public distribution or otherwise

26  are already in Mattel's possession or are readily accessible to Mattel.  Larian further

27  objects to the request to the extent that it seeks documents not in Larian's possession,

28  custody or control.  Larian further objects to the request to the extent it seeks

EXHIBIT _15_

PAGE _436_

1   confidential, proprietary or commercially sensitive information, the disclosure of

2   which would be inimical to the business interests of Larian or MGA.  Larian further

3   objects to the request to the extent it violates the privacy rights of third parties to

4   their private, confidential, proprietary or trade secret information.

5           Larian further objects to this request as cumulative, duplicative, and unduly

6   burdensome to the extent that it seeks documents previously requested by Mattel or

7   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

8   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

9   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

10   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

11   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

12   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

13   Things to MGAE de Mexico S.R.L. de C.V.

14           Without waiving any of the foregoing General or Specific Objections, but

15   rather expressly preserving each and every such objection, Larian responds as

16   follows:  Larian will produce all non-privileged, responsive documents in his

17   possession, custody or control, if any, that he is able to locate following a reasonably

18   diligent search.

19   REQUEST FOR PRODUCTION NO. 85:

20           All DOCUMENTS, if any, that YOU contend prove or tend to prove that

21   alleged "negative references to MGA or Bratz on Mattel's 'We Believe in Girls'

22   website" were posted by MATTEL and not by third parties.

23   RESPONSE TO REQUEST FOR PRODUCTION NO. 85:

24           Larian incorporates by reference his General Response and General Objections

25   above, as though fully set forth herein and specifically incorporates General

26   Objection No. 15 (regarding Definitions), including without limitation Larian's

27   objection to the definition of the term YOU, and its incorporated terms AFFILIATES

28   and PERSON.  Larian further objects to the request to the extent it seeks the

1 production of documents that are protected from disclosure under any applicable

2 privilege, doctrine or immunity, including without limitation the attorney-client

3 privilege, the work product doctrine, the right of privacy, and all other privileges

4 recognized under the constitutional, statutory or decisional law of the United States

5 of America, the State of California or any other applicable jurisdiction.    Larian

6 further objects to this request as being overly broad and unduly burdensome on the

7 grounds that it is not limited in time or geographical scope.  Larian further objects to

8 this request on the grounds that the phrase "[a]ll DOCUMENTS" does not comply

9 with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34

10 and renders the request overly broad and unduly burdensome in light of "the wealth

11 of material already made available in this case." <u>Westhemeco Ltd. v. New</u>

12 <u>Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that

13 the phrase "prove or tend to prove" is compound and, as such, renders the request

14 vague, ambiguous, and unintelligible.  Larian further objects to the request to the

15 extent that it seeks documents that by reason of public filing, public distribution or

16 otherwise are already in Mattel's possession or are readily accessible to Mattel.

17 Larian further objects to the request to the extent that it seeks documents not in

18 Larian's possession, custody or control.  Larian further objects to the request to the

19 extent it seeks confidential, proprietary or commercially sensitive information, the

20 disclosure of which would be inimical to the business interests of Larian or MGA.

21 Larian further objects to the request to the extent it violates the privacy rights of third

22 parties to their private, confidential, proprietary or trade secret information.

23      Larian further objects to this request as cumulative, duplicative, and unduly

24 burdensome to the extent that it seeks documents previously requested by Mattel or

25 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

26 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

27 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

28 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

EXHIBIT 15

PAGE 438

1 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
2 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
3 | Things to MGAE de Mexico S.R.L. de C.V.

4 |      Without waiving any of the foregoing General or Specific Objections, but
5 | rather expressly preserving each and every such objection, Larian responds as
6 | follows:  Larian will produce all non-privileged, responsive documents in his
7 | possession, custody or control, if any, that he is able to locate following a reasonably
8 | diligent search.

9 | REQUEST FOR PRODUCTION NO. 86:

10 |      All DOCUMENTS, including but not limited to all COMMUNICATIONS
11 | with any PERSON, that REFER OR RELATE TO YOUR engaging in efforts to
12 | include negative or unfavorable references to MATTEL on any website.

13 | RESPONSE TO REQUEST FOR PRODUCTION NO. 86:

14 |      Larian incorporates by reference his General Response and General Objections
15 | above, as though fully set forth herein and specifically incorporates General
16 | Objection No. 15 (regarding Definitions), including without limitation Larian's
17 | objection to the definition of the term YOUR, and its incorporated terms
18 | AFFILIATES and PERSON.  Larian further objects to the request to the extent it
19 | seeks the production of documents that are protected from disclosure under any
20 | applicable privilege, doctrine or immunity, including without limitation the attorney-
21 | client privilege, the work product doctrine, the right of privacy, and all other
22 | privileges recognized under the constitutional, statutory or decisional law of the
23 | United States of America, the State of California or any other applicable jurisdiction.
24 | Larian further objects to this request as being overly broad and unduly burdensome
25 | on the grounds that it is not limited in time or geographical scope.  Larian further
26 | objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including
27 | but not limited to all COMMUNICATIONS with any PERSON, that REFER OR
28 | RELATE TO" does not comply with the "reasonable particularity" requirement of

EXHIBIT _15_

PAGE ___439

1  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

2  burdensome in light of "the wealth of material already made available in this case."

3  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

4  Larian further objects that the phrase "YOUR engaging in efforts to include negative

5  or unfavorable references to MATTEL on any website" is (1) accusatory and

6  argumentative such that Larian would have to respond to the allegations of the

7  request before providing any substantive response, see Zadrozny v. Board of

8  Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2)

9  compound, rendering the request vague, ambiguous, and unintelligible.  Larian

10  further objects to the request to the extent that it seeks documents that by reason of

11  public filing, public distribution or otherwise are already in Mattel's possession or

12  are readily accessible to Mattel.  Larian further objects to the request to the extent

13  that it seeks documents not in Larian's possession, custody or control.  Larian further

14  objects to the request to the extent it seeks confidential, proprietary or commercially

15  sensitive information, the disclosure of which would be inimical to the business

16  interests of Larian or MGA.  Larian further objects to the request to the extent it

17  violates the privacy rights of third parties to their private, confidential, proprietary or

18  trade secret information.

19  REQUEST FOR PRODUCTION NO. 87:

20      All DOCUMENTS, including but not limited to all COMMUNICATIONS

21  with any PERSON, that REFER OR RELATE TO YOUR engaging in efforts to

22  include negative or unfavorable references to MATTEL products on any website.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

24      Larian incorporates by reference his General Response and General Objections

25  above, as though fully set forth herein and specifically incorporates General

26  Objection No. 15 (regarding Definitions), including without limitation Larian's

27  objection to the definition of the term YOUR, and its incorporated terms

28  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

EXHIBIT 15

PAGE 440

1   seeks the production of documents that are protected from disclosure under any

2   applicable privilege, doctrine or immunity, including without limitation the attorney-

3   client privilege, the work product doctrine, the right of privacy, and all other

4   privileges recognized under the constitutional, statutory or decisional law of the

5   United States of America, the State of California or any other applicable jurisdiction.

6   Larian further objects to this request as being overly broad and unduly burdensome

7   on the grounds that it is not limited in time or geographical scope.  Larian further

8   objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

9   but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

10  RELATE TO" does not comply with the "reasonable particularity" requirement of

11  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

12  burdensome in light of "the wealth of material already made available in this case."

13  <u>Westhemeco Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

14  Larian further objects that the phrase "YOUR engaging in efforts to include negative

15  or unfavorable references to MATTEL products on any website" is (1) accusatory

16  and argumentative such that Larian would have to respond to the allegations of the

17  request before providing any substantive response, see <u>Zadrozny v. Board of</u>

18  <u>Trustees District No. 508</u>, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2)

19  compound, rendering the request vague, ambiguous, and unintelligible.  Larian

20  further objects to the request to the extent that it seeks documents that by reason of

21  public filing, public distribution or otherwise are already in Mattel's possession or

22  are readily accessible to Mattel.  Larian further objects to the request to the extent

23  that it seeks documents not in Larian's possession, custody or control.  Larian further

24  objects to the request to the extent it seeks confidential, proprietary or commercially

25  sensitive information, the disclosure of which would be inimical to the business

26  interests of Larian or MGA.  Larian further objects to the request to the extent it

27  violates the privacy rights of third parties to their private, confidential, proprietary or

28  trade secret information.

EXHIBIT *15*

REQUEST FOR PRODUCTION NO. 88:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR engaging in efforts to include negative or unfavorable references to MATTEL employees on any website.

RESPONSE TO REQUEST FOR PRODUCTION NO. 88:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the term YOUR, and its incorporated terms AFFILIATES and PERSON.  Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  Larian further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrase "YOUR engaging in efforts to include negative or unfavorable references to MATTEL employees on any website" is (1) accusatory and argumentative such that Larian would have to respond to the allegations of the request before providing any substantive response, see Zadrozny v. Board of Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2)

141

EXHIBIT 15

PAGE 442

1  compound, rendering the request vague, ambiguous, and unintelligible. Larian

2  further objects to the request to the extent that it seeks documents that by reason of

3  public filing, public distribution or otherwise are already in Mattel's possession or

4  are readily accessible to Mattel. Larian further objects to the request to the extent

5  that it seeks documents not in Larian's possession, custody or control. Larian further

6  objects to the request to the extent it seeks confidential, proprietary or commercially

7  sensitive information, the disclosure of which would be inimical to the business

8  interests of Larian or MGA. Larian further objects to the request to the extent it

9  violates the privacy rights of third parties to their private, confidential, proprietary or

10  trade secret information.

11  REQUEST FOR PRODUCTION NO. 89:

12      All DOCUMENTS that support any contention by YOU that MATTEL'S acts

13  that are the subject of any alleged defense of YOURS, including without limitation,

14  YOUR alleged "unclean hands" defense, is not barred, in whole or in part, by the

15  Communications Decency Act.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 89:

17      Larian incorporates by reference his General Response and General Objections

18  above, as though fully set forth herein and specifically incorporates General

19  Objection No. 15 (regarding Definitions), including without limitation Larian's

20  objection to the definition of the term YOUR, and its incorporated terms

21  AFFILIATES and PERSON. Larian further objects to the request to the extent it

22  seeks the production of documents that are protected from disclosure under any

23  applicable privilege, doctrine or immunity, including without limitation the attorney-

24  client privilege, the work product doctrine, the right of privacy, and all other

25  privileges recognized under the constitutional, statutory or decisional law of the

26  United States of America, the State of California or any other applicable jurisdiction.

27  Larian further objects to this request as being overly broad and unduly burdensome

28  on the grounds that it is not limited in time or geographical scope. Larian further

EXHIBIT 15

PAGE 442

1 objects to this request on the grounds that the phrase "[a]ll DOCUMENTS" does not

2 comply with the "reasonable particularity" requirement of Federal Rule of Civil

3 Procedure 34 and renders the request overly broad and unduly burdensome in light of

4 "the wealth of material already made available in this case."  Westhemeco Ltd. v.

5 New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

6 objects to the request to the extent that it seeks documents not in Larian's possession,

7 custody or control.  Larian further objects to the request to the extent it seeks

8 confidential, proprietary or commercially sensitive information, the disclosure of

9 which would be inimical to the business interests of Larian or MGA.  Larian further

10 objects to the request to the extent it violates the privacy rights of third parties to

11 their private, confidential, proprietary or trade secret information.

12        Larian further objects to this request as cumulative, duplicative, and unduly

13 burdensome to the extent that it seeks documents previously requested by Mattel or

14 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

15 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

16 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

17 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

18 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

19 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

20 Things to MGAE de Mexico S.R.L. de C.V.

21        Without waiving any of the foregoing General or Specific Objections, but

22 rather expressly preserving each and every such objection, Larian responds as

23 follows:  Larian will produce all non-privileged, responsive documents in his

24 possession, custody or control, if any, that he is able to locate following a reasonably

25 diligent search.

26 REQUEST FOR PRODUCTION NO. 90:

27        All DOCUMENTS that support any contention by YOU that MATTEL'S acts

28 that are the subject of any alleged defense of YOURS, including without limitation,

143

EXHIBIT 15

PAGE 444

1  YOUR alleged "unclean hands" defense, is not barred, in whole or in part, by the

2  First Amendment to the United States Constitution.

3  RESPONSE TO REQUEST FOR PRODUCTION NO. 90:

4      Larian incorporates by reference his General Response and General Objections

5  above, as though fully set forth herein and specifically incorporates General

6  Objection No. 15 (regarding Definitions), including without limitation Larian's

7  objection to the definition of the term YOUR, and its incorporated terms

8  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

9  seeks the production of documents that are protected from disclosure under any

10  applicable privilege, doctrine or immunity, including without limitation the attorney-

11  client privilege, the work product doctrine, the right of privacy, and all other

12  privileges recognized under the constitutional, statutory or decisional law of the

13  United States of America, the State of California or any other applicable jurisdiction.

14  Larian further objects to this request as being overly broad and unduly burdensome

15  on the grounds that it is not limited in time or geographical scope.  Larian further

16  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS" does not

17  comply with the "reasonable particularity" requirement of Federal Rule of Civil

18  Procedure 34 and renders the request overly broad and unduly burdensome in light of

19  "the wealth of material already made available in this case."  Westhemeco Ltd. v.

20  New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

21  objects to the request to the extent that it seeks documents not in Larian's possession,

22  custody or control.  Larian further objects to the request to the extent it seeks

23  confidential, proprietary or commercially sensitive information, the disclosure of

24  which would be inimical to the business interests of Larian or MGA.  Larian further

25  objects to the request to the extent it violates the privacy rights of third parties to

26  their private, confidential, proprietary or trade secret information.

27      Larian further objects to this request as cumulative, duplicative, and unduly

28  burdensome to the extent that it seeks documents previously requested by Mattel or

EXHIBIT 15

PAGE 44

1  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

2  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

3  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

4  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

5  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

6  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

7  Things to MGAE de Mexico S.R.L. de C.V.

8         Without waiving any of the foregoing General or Specific Objections, but

9  rather expressly preserving each and every such objection, Larian responds as

10 follows:  Larian will produce all non-privileged, responsive documents in his

11 possession, custody or control, if any, that he is able to locate following a reasonably

12 diligent search.

13 REQUEST FOR PRODUCTION NO. 91:

14        All DOCUMENTS, including but not limited to all COMMUNICATIONS

15 with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL

16 engaged in "efforts or inten[ded] to interfere with business dealings or contractual

17 relations between MGA and [SMOBY]."

18 RESPONSE TO REQUEST FOR PRODUCTION NO. 91:

19        Larian incorporates by reference his General Response and General Objections

20 above, as though fully set forth herein and specifically incorporates General

21 Objection No. 15 (regarding Definitions), including without limitation Larian's

22 objection to the definition of the term YOUR, and its incorporated terms

23 AFFILIATES and PERSON.  Larian further objects to the request to the extent it

24 seeks the production of documents that are protected from disclosure under any

25 applicable privilege, doctrine or immunity, including without limitation the attorney-

26 client privilege, the work product doctrine, the right of privacy, and all other

27 privileges recognized under the constitutional, statutory or decisional law of the

28 United States of America, the State of California or any other applicable jurisdiction.

1  Larian further objects to this request as being overly broad and unduly burdensome
2  on the grounds that it is not limited in time or geographical scope.  Larian further
3  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including
4  but not limited to all COMMUNICATIONS with any PERSON, that REFER OR
5  RELATE TO" does not comply with the "reasonable particularity" requirement of
6  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly
7  burdensome in light of "the wealth of material already made available in this case."
8  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).
9  Larian further objects to the request to the extent that it seeks documents that by
10  reason of public filing, public distribution or otherwise are already in Mattel's
11  possession or are readily accessible to Mattel.  Larian further objects to the request to
12  the extent that it seeks documents not in Larian's possession, custody or control.
13  Larian further objects to the request to the extent it seeks confidential, proprietary or
14  commercially sensitive information, the disclosure of which would be inimical to the
15  business interests of Larian or MGA.  Larian further objects to the request to the
16  extent it violates the privacy rights of third parties to their private, confidential,
17  proprietary or trade secret information.
18       Larian further objects to this request as cumulative, duplicative, and unduly
19  burdensome to the extent that it seeks documents previously requested by Mattel or
20  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
21  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
22  Inc.'s First Set of Requests for Production of Documents and Tangible Things to
23  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
24  Requests for Production of Documents and Things to Isaac Larian and Request Nos.
25  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
26  Things to MGAE de Mexico S.R.L. de C.V.
27       Without waiving any of the foregoing General or Specific Objections, but
28  rather expressly preserving each and every such objection, Larian responds as

1  follows:  Larian will produce all non-privileged, responsive documents in his

2  possession, custody or control, if any, that he is able to locate following a reasonably

3  diligent search.

4  REQUEST FOR PRODUCTION NO. 92:

5      All DOCUMENTS, including but not limited to all COMMUNICATIONS

6  with any PERSON, that YOU contend prove or that YOU will rely on at trial to

7  prove that MATTEL engaged in "efforts or inten[ded] to interfere with business

8  dealings or contractual relations between MGA and [SMOBY]."

9  RESPONSE TO REQUEST FOR PRODUCTION NO. 92:

10      Larian incorporates by reference his General Response and General Objections

11  above, as though fully set forth herein and specifically incorporates General

12  Objection No. 15 (regarding Definitions), including without limitation Larian's

13  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

14  and PERSON.  Larian further objects to the request to the extent it seeks the

15  production of documents that are protected from disclosure under any applicable

16  privilege, doctrine or immunity, including without limitation the attorney-client

17  privilege, the work product doctrine, the right of privacy, and all other privileges

18  recognized under the constitutional, statutory or decisional law of the United States

19  of America, the State of California or any other applicable jurisdiction.  Larian

20  further objects to this request as being overly broad and unduly burdensome on the

21  grounds that it is not limited in time or geographical scope.  Larian further objects to

22  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

23  limited to all COMMUNICATIONS with any PERSON" does not comply with the

24  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

25  renders the request overly broad and unduly burdensome in light of "the wealth of

26  material already made available in this case."  Westhemeco Ltd. v. New Hampshire

27  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase

28  "that YOU contend prove or that YOU will rely on at trial to prove" is compound

147

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

EXHIBIT 15

PAGE 448

1 | and, as such, renders the request vague, ambiguous, and unintelligible. Larian

2 | further objects to the request to the extent that it seeks documents that by reason of

3 | public filing, public distribution or otherwise are already in Mattel's possession or

4 | are readily accessible to Mattel. Larian further objects to the request to the extent

5 | that it seeks documents not in Larian's possession, custody or control. Larian further

6 | objects to the request to the extent it seeks confidential, proprietary or commercially

7 | sensitive information, the disclosure of which would be inimical to the business

8 | interests of Larian or MGA. Larian further objects to the request to the extent it

9 | violates the privacy rights of third parties to their private, confidential, proprietary or

10 | trade secret information.

11 |     Larian further objects to this request as cumulative, duplicative, and unduly

12 | burdensome to the extent that it seeks documents previously requested by Mattel or

13 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

14 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

15 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to

16 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

17 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.

18 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

19 | Things to MGAE de Mexico S.R.L. de C.V.

20 |     Without waiving any of the foregoing General or Specific Objections, but

21 | rather expressly preserving each and every such objection, Larian responds as

22 | follows: Larian will produce all non-privileged, responsive documents in his

23 | possession, custody or control, if any, that he is able to locate following a reasonably

24 | diligent search.

25 | REQUEST FOR PRODUCTION NO. 93:

26 |     DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

27 | YOUR allegation that MATTEL engaged in "efforts or inten[ded] to interfere with

28 | business dealings or contractual relations between MGA and [SMOBY]."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 93:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the terms YOUR, and its incorporated terms AFFILIATES and PERSON. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrase "all PERSONS with knowledge of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly burdensome in that anyone who has read Larian's Answer in this matter has "knowledge of [Larian's] allegation," without regard to whether the factual basis for the allegation is known to them. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or

149

EXHIBIT _15_

1  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

2  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

3  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

4  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

5  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

6  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

7  Things to MGAE de Mexico S.R.L. de C.V.

8       Without waiving any of the foregoing General or Specific Objections, but

9  rather expressly preserving each and every such objection, Larian responds as

10  follows:  Larian will produce all non-privileged, responsive documents in his

11  possession, custody or control, if any, that he is able to locate following a reasonably

12  diligent search.

13  REQUEST FOR PRODUCTION NO. 94:

14       DOCUMENTS describing the time periods during which MATTEL allegedly

15  engaged in "efforts ... to interfere with business dealings or contractual relations

16  between MGA and [SMOBY]."

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 94:

18       Larian incorporates by reference his General Response and General Objections

19  above, as though fully set forth herein.  Larian further objects to the request to the

20  extent it seeks the production of documents that are protected from disclosure under

21  any applicable privilege, doctrine or immunity, including without limitation the

22  attorney-client privilege, the work product doctrine, the right of privacy, and all other

23  privileges recognized under the constitutional, statutory or decisional law of the

24  United States of America, the State of California or any other applicable jurisdiction.

25  Larian further objects to this request as being overly broad and unduly burdensome

26  on the grounds that it is not limited in time or geographical scope.  Larian further

27  objects to this request on the grounds that the phrase "DOCUMENTS describing the

28  time periods during which" renders the request vague, ambiguous, and unintelligible.

EXHIBIT 15

PAGE 451

1  Larian further objects to the request to the extent that it seeks documents that by

2  reason of public filing, public distribution or otherwise are already in Mattel's

3  possession or are readily accessible to Mattel.  Larian further objects to the request to

4  the extent that it seeks documents not in Larian's possession, custody or control.

5  Larian further objects to the request to the extent it seeks confidential, proprietary or

6  commercially sensitive information, the disclosure of which would be inimical to the

7  business interests of Larian or MGA.  Larian further objects to the request to the

8  extent it violates the privacy rights of third parties to their private, confidential,

9  proprietary or trade secret information.

10      Larian further objects to this request as cumulative, duplicative, and unduly

11  burdensome to the extent that it seeks documents previously requested by Mattel or

12  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

13  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

14  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

15  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

16  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

17  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

18  Things to MGAE de Mexico S.R.L. de C.V.

19      Without waiving any of the foregoing General or Specific Objections, but

20  rather expressly preserving each and every such objection, Larian responds as

21  follows:  Larian will produce all non-privileged, responsive documents in his

22  possession, custody or control, if any, that he is able to locate following a reasonably

23  diligent search.

24  REQUEST FOR PRODUCTION NO. 95:

25      DOCUMENTS sufficient to IDENTIFY the PERSONS at MATTEL who

26  allegedly engaged in "efforts ... to interfere with business dealings or contractual

27  relations between MGA and [SMOBY]."

28

EXHIBIT _15_

PAGE _452_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

1. Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the term PERSON. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of Requests for Production of Documents and Things to Isaac Larian and Request Nos.

EXHIBIT 15

PAGE 453

1 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
2 | Things to MGAE de Mexico S.R.L. de C.V.
3 |      Without waiving any of the foregoing General or Specific Objections, but
4 | rather expressly preserving each and every such objection, Larian responds as
5 | follows:  Larian will produce all non-privileged, responsive documents in his
6 | possession, custody or control, if any, that he is able to locate following a reasonably
7 | diligent search.
8 | REQUEST FOR PRODUCTION NO. 96:
9 |      All DOCUMENTS that REFER OR RELATE TO the "business dealings or
10 | contractual relations between MGA and [SMOBY]."
11 | RESPONSE TO REQUEST FOR PRODUCTION NO. 96:
12 |      Larian incorporates by reference his General Response and General Objections
13 | above, as though fully set forth herein.  Larian further objects to the request to the
14 | extent it seeks the production of documents that are protected from disclosure under
15 | any applicable privilege, doctrine or immunity, including without limitation the
16 | attorney-client privilege, the work product doctrine, the right of privacy, and all other
17 | privileges recognized under the constitutional, statutory or decisional law of the
18 | United States of America, the State of California or any other applicable jurisdiction.
19 | Larian further objects to this request on the grounds that the phrase "[a]ll
20 | DOCUMENTS that REFER OR RELATE TO" does not comply with the
21 | "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and
22 | renders the request overly broad and unduly burdensome in light of "the wealth of
23 | material already made available in this case."  Westhemeco Ltd. v. New Hampshire
24 | Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects to this request
25 | as being overly broad and unduly burdensome on the grounds that it is not limited in
26 | time or geographical scope.  Larian further objects to the request to the extent that it
27 | seeks documents that by reason of public filing, public distribution or otherwise are
28 | already in Mattel's possession or are readily accessible to Mattel.  Larian further

EXHIBIT 15

PAGE 754

1    objects to the request to the extent that it seeks documents not in Larian's possession,

2    custody or control.  Larian further objects to the request to the extent it seeks

3    confidential, proprietary or commercially sensitive information, the disclosure of

4    which would be inimical to the business interests of Larian or MGA.  Larian further

5    objects to the request to the extent it violates the privacy rights of third parties to

6    their private, confidential, proprietary or trade secret information.

7          Larian further objects to this request as cumulative, duplicative, and unduly

8    burdensome to the extent that it seeks documents previously requested by Mattel or

9    produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

10   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

11   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

12   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

13   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

14   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

15   Things to MGAE de Mexico S.R.L. de C.V.

16         Without waiving any of the foregoing General or Specific Objections, but

17   rather expressly preserving each and every such objection, Larian responds as

18   follows:  Larian will produce all non-privileged, responsive documents in his

19   possession, custody or control, if any, that he is able to locate following a reasonably

20   diligent search.

21   REQUEST FOR PRODUCTION NO. 97:

22         All DOCUMENTS sufficient to show the IDENTITY of the PERSONS who

23   advised, financed, brokered, opined, negotiated or consulted on YOUR behalf of, or

24   on behalf of any of YOUR AFFILIATES, in connection with the "business dealings

25   or contractual relations between MGA and [SMOBY]," including but not limited to,

26   investment bankers, lenders, financial institutions, lawyers, accountants, auditors,

27   actuaries, syndicates, brokers, securities advisors and their agents.

EXHIBIT  15

PAGE  455

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the terms YOUR, and its incorporated terms AFFILIATES and PERSON.  Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  Larian further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case."  <u>Westhemeco Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrases "the PERSONS who advised, financed, brokered, opined, negotiated or consulted on YOUR behalf of, or on behalf of any of YOUR AFFILIATES" and "including but not limited to, investment bankers, lenders, financial institutions, lawyers, accountants, auditors, actuaries, syndicates, brokers, securities advisors and their agents" are, both individually and taken together, compound, rendering the request vague, ambiguous and unintelligible.  Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control.  Larian further

EXHIBIT _15_

PAGE _456_

1  objects to the request to the extent it seeks confidential, proprietary or commercially

2  sensitive information, the disclosure of which would be inimical to the business

3  interests of Larian or MGA.  Larian further objects to the request to the extent it

4  violates the privacy rights of third parties to their private, confidential, proprietary or

5  trade secret information.

6  REQUEST FOR PRODUCTION NO. 98:

7       All COMMUNICATIONS between YOU and the PERSONS who advised,

8  financed, brokered, opined, negotiated or consulted on YOUR behalf of, or on behalf

9  of any of YOUR AFFILIATES, in connection with the "business dealings or

10  contractual relations between MGA and [SMOBY]," including but not limited to,

11  investment bankers, lenders, financial institutions, lawyers, accountants, auditors,

12  actuaries, syndicates, brokers, securities advisors and their agents.

13  RESPONSE TO REQUEST FOR PRODUCTION NO. 98:

14       Larian incorporates by reference his General Response and General Objections

15  above, as though fully set forth herein and specifically incorporates General

16  Objection No. 15 (regarding Definitions), including without limitation Larian's

17  objection to the definition of the terms YOUR, and its incorporated terms

18  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

19  seeks the production of documents that are protected from disclosure under any

20  applicable privilege, doctrine or immunity, including without limitation the attorney-

21  client privilege, the work product doctrine, the right of privacy, and all other

22  privileges recognized under the constitutional, statutory or decisional law of the

23  United States of America, the State of California or any other applicable jurisdiction.

24  Larian further objects to this request as being overly broad and unduly burdensome

25  on the grounds that it is not limited in time or geographical scope.  Larian further

26  objects to this request on the grounds that the phrase "[a]ll COMMUNICATIONS"

27  does not comply with the "reasonable particularity" requirement of Federal Rule of

28  Civil Procedure 34 and renders the request overly broad and unduly burdensome in

EXHIBIT 15

PAGE 457

1  light of "the wealth of material already made available in this case."  <u>Westhemeco</u>

2  <u>Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

3  further objects that the phrases "the PERSONS who advised, financed, brokered,

4  opined, negotiated or consulted on YOUR behalf of, or on behalf of any of YOUR

5  AFFILIATES" and "including but not limited to, investment bankers, lenders,

6  financial institutions, lawyers, accountants, auditors, actuaries, syndicates, brokers,

7  securities advisors and their agents" are, both individually and taken together,

8  compound, rendering the request vague, ambiguous and unintelligible.  Larian

9  further objects to the request to the extent that it seeks documents that by reason of

10  public filing, public distribution or otherwise are already in Mattel's possession or

11  are readily accessible to Mattel.  Larian further objects to the request to the extent

12  that it seeks documents not in Larian's possession, custody or control.  Larian further

13  objects to the request to the extent it seeks confidential, proprietary or commercially

14  sensitive information, the disclosure of which would be inimical to the business

15  interests of Larian or MGA.  Larian further objects to the request to the extent it

16  violates the privacy rights of third parties to their private, confidential, proprietary or

17  trade secret information.

18  REQUEST FOR PRODUCTION NO. 99:

19       All contracts, agreements, undertakings, notices, representations, opinions and

20  notes that REFER OR RELATE TO "business dealings or contractual relations

21  between MGA and [SMOBY]" and all COMMUNICATIONS that REFER OR

22  RELATE thereto, including but not limited to, drafts thereof.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 99:

24       Larian incorporates by reference his General Response and General Objections

25  above, as though fully set forth herein.  Larian further objects to the request to the

26  extent it seeks the production of documents that are protected from disclosure under

27  any applicable privilege, doctrine or immunity, including without limitation the

28  attorney-client privilege, the work product doctrine, the right of privacy, and all other

1  privileges recognized under the constitutional, statutory or decisional law of the

2  United States of America, the State of California or any other applicable jurisdiction.

3  Larian further objects to this request as being overly broad and unduly burdensome

4  on the grounds that it is not limited in time or geographical scope.  Larian further

5  objects to this request on the grounds that the phrase "[a]ll contracts, agreements,

6  undertakings, notices, representations, opinions and notes and . . . all

7  COMMUNICATIONS that REFER OR RELATE thereto" does not comply with the

8  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

9  renders the request overly broad and unduly burdensome in light of "the wealth of

10  material already made available in this case."  Westhemeco Ltd. v. New Hampshire

11  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrases

12  "[a]ll contracts, agreements, undertakings, notices, representations, opinions and

13  notes" and "all COMMUNICATIONS that REFER OR RELATE thereto, including

14  but not limited to, drafts thereof" are, both individually and taken together,

15  compound, rendering the request vague, ambiguous and unintelligible.  Larian

16  further objects to the request to the extent that it seeks documents that by reason of

17  public filing, public distribution or otherwise are already in Mattel's possession or

18  are readily accessible to Mattel.  Larian further objects to the request to the extent

19  that it seeks documents not in Larian's possession, custody or control.  Larian further

20  objects to the request to the extent it seeks confidential, proprietary or commercially

21  sensitive information, the disclosure of which would be inimical to the business

22  interests of Larian or MGA.  Larian further objects to the request to the extent it

23  violates the privacy rights of third parties to their private, confidential, proprietary or

24  trade secret information.

25  REQUEST FOR PRODUCTION NO. 100:

26       All COMMUNICATIONS between YOU or YOUR AFFILIATES and any

27  regulatory body or agency, including, but not limited to government regulators, with

28

EXHIBIT 15

PAGE 459

1   responsibility or oversight authority over SMOBY or the "business dealings or

2   contractual relations between MGA and [SMOBY]."

3   RESPONSE TO REQUEST FOR PRODUCTION NO. 100:

4         Larian incorporates by reference his General Response and General Objections

5   above, as though fully set forth herein and specifically incorporates General

6   Objection No. 15 (regarding Definitions), including without limitation Larian's

7   objection to the definition of the terms YOUR, and its incorporated terms

8   AFFILIATES and PERSON.  Larian further objects to the request to the extent it

9   seeks the production of documents that are protected from disclosure under any

10  applicable privilege, doctrine or immunity, including without limitation the attorney-

11  client privilege, the work product doctrine, the right of privacy, and all other

12  privileges recognized under the constitutional, statutory or decisional law of the

13  United States of America, the State of California or any other applicable jurisdiction.

14  Larian further objects to this request as being overly broad and unduly burdensome

15  on the grounds that it is not limited in time or geographical scope.  Larian further

16  objects to this request on the grounds that the phrase "[a]ll COMMUNICATIONS"

17  does not comply with the "reasonable particularity" requirement of Federal Rule of

18  Civil Procedure 34 and renders the request overly broad and unduly burdensome in

19  light of "the wealth of material already made available in this case."  Westhemeco

20  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

21  further objects that the phrases "[a]ll COMMUNICATIONS between YOU or

22  YOUR AFFILIATES and any regulatory body or agency" and "with responsibility or

23  oversight authority over SMOBY or the 'business dealings or contractual relations

24  between MGA and [SMOBY]'" are, both individually and taken together, compound,

25  rendering the request vague, ambiguous and unintelligible.  Larian further objects to

26  the request to the extent that it seeks documents that by reason of public filing,

27  public distribution or otherwise are already in Mattel's possession or are readily

28  accessible to Mattel.  Larian further objects to the request to the extent that it seeks

EXHIBIT 15

PAGE 460

1  documents not in Larian's possession, custody or control.  Larian further objects to

2  the request to the extent it seeks confidential, proprietary or commercially sensitive

3  information, the disclosure of which would be inimical to the business interests of

4  Larian or MGA.  Larian further objects to the request to the extent it violates the

5  privacy rights of third parties to their private, confidential, proprietary or trade secret

6  information.

7  REQUEST FOR PRODUCTION NO. 101:

8        DOCUMENTS that YOU contend show or tend to show how MATTEL

9  allegedly engaged in "efforts or inten[ded] to interfere with business dealings or

10  contractual relations between MGA and [SMOBY]."

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 101:

12        Larian incorporates by reference his General Response and General Objections

13  above, as though fully set forth herein and specifically incorporates General

14  Objection No. 15 (regarding Definitions), including without limitation Larian's

15  objection to the definition of the terms YOU, and its incorporated terms

16  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

17  seeks the production of documents that are protected from disclosure under any

18  applicable privilege, doctrine or immunity, including without limitation the attorney-

19  client privilege, the work product doctrine, the right of privacy, and all other

20  privileges recognized under the constitutional, statutory or decisional law of the

21  United States of America, the State of California or any other applicable jurisdiction.

22  Larian further objects to this request as being overly broad and unduly burdensome

23  on the grounds that it is not limited in time or geographical scope.  Larian further

24  objects that the phrase "show or tend to show" is compound, rendering the request

25  vague, ambiguous and unintelligible.  Larian further objects to the request to the

26  extent that it seeks documents that by reason of public filing, public distribution or

27  otherwise are already in Mattel's possession or are readily accessible to Mattel.

28  Larian further objects to the request to the extent that it seeks documents not in

EXHIBIT 15

160

1  Larian's possession, custody or control.  Larian further objects to the request to the

2  extent it seeks confidential, proprietary or commercially sensitive information, the

3  disclosure of which would be inimical to the business interests of Larian or MGA.

4  Larian further objects to the request to the extent it violates the privacy rights of third

5  parties to their private, confidential, proprietary or trade secret information.

6        Larian further objects to this request as cumulative, duplicative, and unduly

7  burdensome to the extent that it seeks documents previously requested by Mattel or

8  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

9  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

10 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

11 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

12 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

13 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

14 Things to MGAE de Mexico S.R.L. de C.V.

15        Without waiving any of the foregoing General or Specific Objections, but

16 rather expressly preserving each and every such objection, Larian responds as

17 follows:  Larian will produce all non-privileged, responsive documents in his

18 possession, custody or control, if any, that he is able to locate following a reasonably

19 diligent search.

20 REQUEST FOR PRODUCTION NO. 102:

21        All DOCUMENTS, including but not limited to all COMMUNICATIONS

22 with any PERSON, RELATING to YOUR actions in response to, or efforts to stop,

23 thwart, prevent, counter or mitigate, MATTEL'S alleged "efforts or intent to interfere

24 with business dealings or contractual relations between MGA and [SMOBY]."

25 RESPONSE TO REQUEST FOR PRODUCTION NO. 102:

26        Larian incorporates by reference his General Response and General Objections

27 above, as though fully set forth herein and specifically incorporates General

28 Objection No. 15 (regarding Definitions), including without limitation Larian's

EXHIBIT 15

PAGE 962

1    objection to the definition of the term YOUR, and its incorporated terms

2    AFFILIATES and PERSON.  Larian further objects to the request to the extent it

3    seeks the production of documents that are protected from disclosure under any

4    applicable privilege, doctrine or immunity, including without limitation the attorney-

5    client privilege, the work product doctrine, the right of privacy, and all other

6    privileges recognized under the constitutional, statutory or decisional law of the

7    United States of America, the State of California or any other applicable jurisdiction.

8    Larian further objects to this request as being overly broad and unduly burdensome

9    on the grounds that it is not limited in time or geographical scope.  Larian further

10   objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

11   but not limited to all COMMUNICATIONS with any PERSON, RELATING TO"

12   does not comply with the "reasonable particularity" requirement of Federal Rule of

13   Civil Procedure 34 and renders the request overly broad and unduly burdensome in

14   light of "the wealth of material already made available in this case."  Westhemeco

15   Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

16   further objects that the phrase "RELATING to YOUR actions in response to, or

17   efforts to stop, thwart, prevent, counter or mitigate" is compound and, as such,

18   renders the request vague, ambiguous, and unintelligible.  Larian further objects to

19   the request to the extent that it seeks documents that by reason of public filing,

20   public distribution or otherwise are already in Mattel's possession or are readily

21   accessible to Mattel.  Larian further objects to the request to the extent that it seeks

22   documents not in Larian's possession, custody or control.  Larian further objects to

23   the request to the extent it seeks confidential, proprietary or commercially sensitive

24   information, the disclosure of which would be inimical to the business interests of

25   Larian or MGA.  Larian further objects to the request to the extent it violates the

26   privacy rights of third parties to their private, confidential, proprietary or trade secret

27   information.

28

EXHIBIT 15

PAGE 463

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1    Larian further objects to this request as cumulative, duplicative, and unduly

2    burdensome to the extent that it seeks documents previously requested by Mattel or

3    produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

4    document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

5    Inc.'s First Set of Requests for Production of Documents and Tangible Things to

6    MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

7    Requests for Production of Documents and Things to Isaac Larian and Request Nos.

8    140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

9    Things to MGAE de Mexico S.R.L. de C.V.

10    Without waiving any of the foregoing General or Specific Objections, but

11    rather expressly preserving each and every such objection, Larian responds as

12    follows:  Larian will produce all non-privileged, responsive documents in his

13    possession, custody or control, if any, that he is able to locate following a reasonably

14    diligent search.

15    REQUEST FOR PRODUCTION NO. 103:

16    All DOCUMENTS, including but not limited to all COMMUNICATIONS

17    with any PERSON, RELATING to any loss, harm, injury, increased expense, lost

18    revenue or profits, or any other damage that MATTEL'S alleged "efforts or intent to

19    interfere with business dealings or contractual relations between MGA and

20    [SMOBY]" caused to YOU.

21    RESPONSE TO REQUEST FOR PRODUCTION NO. 103:

22    Larian incorporates by reference his General Response and General Objections

23    above, as though fully set forth herein and specifically incorporates General

24    Objection No. 15 (regarding Definitions), including without limitation Larian's

25    objection to the definition of the term YOU, and its incorporated terms AFFILIATES

26    and PERSON.  Larian further objects to the request to the extent it seeks the

27    production of documents that are protected from disclosure under any applicable

28    privilege, doctrine or immunity, including without limitation the attorney-client

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 464

1  privilege, the work product doctrine, the right of privacy, and all other privileges

2  recognized under the constitutional, statutory or decisional law of the United States

3  of America, the State of California or any other applicable jurisdiction.    Larian

4  further objects to this request as being overly broad and unduly burdensome on the

5  grounds that it is not limited in time or geographical scope.  Larian further objects to

6  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

7  limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not

8  comply with the "reasonable particularity" requirement of Federal Rule of Civil

9  Procedure 34 and renders the request overly broad and unduly burdensome in light of

10  "the wealth of material already made available in this case."  Westhemeco Ltd. v.

11  New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

12  objects that the phrase "any loss, harm, injury, increased expense, lost revenue or

13  profits, or any other damage" is compound and, as such, renders the request vague,

14  ambiguous, and unintelligible.  Larian further objects to the request to the extent that

15  it seeks documents that by reason of public filing, public distribution or otherwise

16  are already in Mattel's possession or are readily accessible to Mattel.  Larian further

17  objects to the request to the extent that it seeks documents not in Larian's possession,

18  custody or control.  Larian further objects to the request to the extent it seeks

19  confidential, proprietary or commercially sensitive information, the disclosure of

20  which would be inimical to the business interests of Larian or MGA.  Larian further

21  objects to the request to the extent it violates the privacy rights of third parties to

22  their private, confidential, proprietary or trade secret information.

23          Larian further objects to this request as cumulative, duplicative, and unduly

24  burdensome to the extent that it seeks documents previously requested by Mattel or

25  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

26  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

27  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

28  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

EXHIBIT _15_

PAGE _465_

1   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

2   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

3   Things to MGAE de Mexico S.R.L. de C.V.

4        Without waiving any of the foregoing General or Specific Objections, but

5   rather expressly preserving each and every such objection, Larian responds as

6   follows:  Larian will produce all non-privileged, responsive documents in his

7   possession, custody or control, if any, that he is able to locate following a reasonably

8   diligent search.

9   REQUEST FOR PRODUCTION NO. 104:

10        All DOCUMENTS, including but not limited to all COMMUNICATIONS

11   with any PERSON, that REFER OR RELATE TO MATTEL'S success or failure in

12   its alleged "efforts or intent to interfere with business dealings or contractual

13   relations between MGA and [SMOBY]."

14   RESPONSE TO REQUEST FOR PRODUCTION NO. 104:

15        Larian incorporates by reference his General Response and General Objections

16   above, as though fully set forth herein and specifically incorporates General

17   Objection No. 15 (regarding Definitions), including without limitation Larian's

18   objection to the definition of the term PERSON.  Larian further objects to the request

19   to the extent it seeks the production of documents that are protected from disclosure

20   under any applicable privilege, doctrine or immunity, including without limitation

21   the attorney-client privilege, the work product doctrine, the right of privacy, and all

22   other privileges recognized under the constitutional, statutory or decisional law of

23   the United States of America, the State of California or any other applicable

24   jurisdiction.  Larian further objects to this request as being overly broad and unduly

25   burdensome on the grounds that it is not limited in time or geographical scope.

26   Larian further objects to this request on the grounds that the phrase "[a]ll

27   DOCUMENTS, including but not limited to all COMMUNICATIONS with any

28   PERSON, that REFER OR RELATE TO" does not comply with the "reasonable

165

EXHIBIT 15

   Case 2:04-cv-09049-DOC-RNB   Document 6032-7   Filed 07/24/09   Page 47 of 52   Page ID
#:199034

1  particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

2  request overly broad and unduly burdensome in light of "the wealth of material

3  already made available in this case."  <u>Westhemeco Ltd. v. New Hampshire Ins. Co.,</u>

4  82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase "success

5  or failure" is compound, rendering the request vague, ambiguous and unintelligible.

6  Larian further objects to the request to the extent that it seeks documents that by

7  reason of public filing, public distribution or otherwise are already in Mattel's

8  possession or are readily accessible to Mattel.  Larian further objects to the request to

9  the extent that it seeks documents not in Larian's possession, custody or control.

10 Larian further objects to the request to the extent it seeks confidential, proprietary or

11 commercially sensitive information, the disclosure of which would be inimical to the

12 business interests of Larian or MGA.  Larian further objects to the request to the

13 extent it violates the privacy rights of third parties to their private, confidential,

14 proprietary or trade secret information.

15      Larian further objects to this request as cumulative, duplicative, and unduly

16 burdensome to the extent that it seeks documents previously requested by Mattel or

17 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

18 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

19 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

20 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

21 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

22 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

23 Things to MGAE de Mexico S.R.L. de C.V.

24      Without waiving any of the foregoing General or Specific Objections, but

25 rather expressly preserving each and every such objection, Larian responds as

26 follows:  Larian will produce all non-privileged, responsive documents in his

27 possession, custody or control, if any, that he is able to locate following a reasonably

28 diligent search.

EXHIBIT *15*

PAGE *467*

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1 | REQUEST FOR PRODUCTION NO. 105:

2 |      All DOCUMENTS, including but not limited to all COMMUNICATIONS

3 | with any PERSON, RELATING to YOUR business dealings or contractual relations

4 | with SMOBY.

5 | RESPONSE TO REQUEST FOR PRODUCTION NO. 105:

6 |      Larian incorporates by reference his General Response and General Objections

7 | above, as though fully set forth herein and specifically incorporates General

8 | Objection No. 15 (regarding Definitions), including without limitation Larian's

9 | objection to the definition of the term YOUR, and its incorporated terms PERSON

10 | and AFFILIATE. Larian further objects to the request to the extent it seeks the

11 | production of documents that are protected from disclosure under any applicable

12 | privilege, doctrine or immunity, including without limitation the attorney-client

13 | privilege, the work product doctrine, the right of privacy, and all other privileges

14 | recognized under the constitutional, statutory or decisional law of the United States

15 | of America, the State of California or any other applicable jurisdiction. Larian

16 | further objects to this request as being overly broad and unduly burdensome on the

17 | grounds that it is not limited in time or geographical scope. Larian further objects to

18 | this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

19 | limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not

20 | comply with the "reasonable particularity" requirement of Federal Rule of Civil

21 | Procedure 34 and renders the request overly broad and unduly burdensome in light of

22 | "the wealth of material already made available in this case." Westhemeco Ltd. v.

23 | New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further

24 | objects that the phrase "business dealings or contractual relations" is compound,

25 | rendering the request vague, ambiguous and unintelligible. Larian further objects to

26 | the request to the extent that it seeks documents that by reason of public filing,

27 | public distribution or otherwise are already in Mattel's possession or are readily

28 | accessible to Mattel. Larian further objects to the request to the extent that it seeks

EXHIBIT _15_

PAGE _468_

1  documents not in Larian's possession, custody or control.  Larian further objects to

2  the request to the extent it seeks confidential, proprietary or commercially sensitive

3  information, the disclosure of which would be inimical to the business interests of

4  Larian or MGA.  Larian further objects to the request to the extent it violates the

5  privacy rights of third parties to their private, confidential, proprietary or trade secret

6  information.

7      Larian further objects to this request as cumulative, duplicative, and unduly

8  burdensome to the extent that it seeks documents previously requested by Mattel or

9  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

10 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

11 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

12 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

13 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

14 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

15 Things to MGAE de Mexico S.R.L. de C.V.

16 REQUEST FOR PRODUCTION NO. 106:

17      All DOCUMENTS, including but not limited to all COMMUNICATIONS

18 with any PERSON, RELATING to YOUR contracts or agreements with SMOBY.

19 RESPONSE TO REQUEST FOR PRODUCTION NO. 106:

20      Larian incorporates by reference his General Response and General Objections

21 above, as though fully set forth herein and specifically incorporates General

22 Objection No. 15 (regarding Definitions), including without limitation Larian's

23 objection to the definition of the term YOUR, and its incorporated terms PERSON

24 and AFFILIATE.  Larian further objects to the request to the extent it seeks the

25 production of documents that are protected from disclosure under any applicable

26 privilege, doctrine or immunity, including without limitation the attorney-client

27 privilege, the work product doctrine, the right of privacy, and all other privileges

28 recognized under the constitutional, statutory or decisional law of the United States

1 | of America, the State of California or any other applicable jurisdiction.  Larian
2 | further objects to this request as being overly broad and unduly burdensome on the
3 | grounds that it is not limited in time or geographical scope.  Larian further objects to
4 | this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not
5 | limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not
6 | comply with the "reasonable particularity" requirement of Federal Rule of Civil
7 | Procedure 34 and renders the request overly broad and unduly burdensome in light of
8 | "the wealth of material already made available in this case."  Westhemeco Ltd. v.
9 | New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further
10 | objects that the phrase "contracts or agreements" is compound, rendering the request
11 | vague, ambiguous and unintelligible.  Larian further objects to the request to the
12 | extent that it seeks documents that by reason of public filing, public distribution or
13 | otherwise are already in Mattel's possession or are readily accessible to Mattel.
14 | Larian further objects to the request to the extent that it seeks documents not in
15 | Larian's possession, custody or control.  Larian further objects to the request to the
16 | extent it seeks confidential, proprietary or commercially sensitive information, the
17 | disclosure of which would be inimical to the business interests of Larian or MGA.
18 | Larian further objects to the request to the extent it violates the privacy rights of third
19 | parties to their private, confidential, proprietary or trade secret information.
20 |      Larian further objects to this request as cumulative, duplicative, and unduly
21 | burdensome to the extent that it seeks documents previously requested by Mattel or
22 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
23 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
24 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
25 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
26 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
27 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
28 | Things to MGAE de Mexico S.R.L. de C.V.

169

EXHIBIT 15

1   Without waiving any of the foregoing General or Specific Objections, but

2   rather expressly preserving each and every such objection, Larian responds as

3   follows:  Larian will produce all non-privileged, responsive documents in his

4   possession, custody or control, if any, that he is able to locate following a reasonably

5   diligent search.

6   REQUEST FOR PRODUCTION NO. 107:

7   DOCUMENTS sufficient to show the dates and amounts of all moneys YOU

8   paid to SMOBY.

9   RESPONSE TO REQUEST FOR PRODUCTION NO. 107:

10   Larian incorporates by reference his General Response and General Objections

11   above, as though fully set forth herein and specifically incorporates General

12   Objection No. 15 (regarding Definitions), including without limitation Larian's

13   objection to the definition of the term YOU, and its incorporated terms PERSON and

14   AFFILIATE.  Larian further objects to the request to the extent it seeks the

15   production of documents that are protected from disclosure under any applicable

16   privilege, doctrine or immunity, including without limitation the attorney-client

17   privilege, the work product doctrine, the right of privacy, and all other privileges

18   recognized under the constitutional, statutory or decisional law of the United States

19   of America, the State of California or any other applicable jurisdiction.  Larian

20   further objects to this request as being overly broad and unduly burdensome on the

21   grounds that it is not limited in time or geographical scope.  Larian further objects to

22   the request to the extent that it seeks documents that by reason of public filing,

23   public distribution or otherwise are already in Mattel's possession or are readily

24   accessible to Mattel.  Larian further objects to the request to the extent that it seeks

25   documents not in Larian's possession, custody or control.  Larian further objects to

26   the request to the extent it seeks confidential, proprietary or commercially sensitive

27   information, the disclosure of which would be inimical to the business interests of

28   Larian or MGA.  Larian further objects to the request to the extent it violates the

170   EXHIBIT 15

1 privacy rights of third parties to their private, confidential, proprietary or trade secret

2 information.

3       Larian further objects to this request as cumulative, duplicative, and unduly

4 burdensome to the extent that it seeks documents previously requested by Mattel or

5 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11 Things to MGAE de Mexico S.R.L. de C.V.

12 REQUEST FOR PRODUCTION NO. 108:

13       All DOCUMENTS that REFER OR RELATE TO the actual sales, gross

14 profits, gross margins and net profits of SMOBY since January 1, 1999.

15 RESPONSE TO REQUEST FOR PRODUCTION NO. 108:

16       Larian incorporates by reference his General Response and General Objections

17 above, as though fully set forth herein.  Larian further objects to the request to the

18 extent it seeks the production of documents that are protected from disclosure under

19 any applicable privilege, doctrine or immunity, including without limitation the

20 attorney-client privilege, the work product doctrine, the right of privacy, and all other

21 privileges recognized under the constitutional, statutory or decisional law of the

22 United States of America, the State of California or any other applicable jurisdiction.

23 Larian further objects to this request as being overly broad and unduly burdensome

24 on the grounds that it is not reasonably limited in time or geographical scope.  Larian

25 further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS

26 that REFER OR RELATE TO" does not comply with the "reasonable particularity"

27 requirement of Federal Rule of Civil Procedure 34 and renders the request overly

28 broad and unduly burdensome in light of "the wealth of material already made