1  available in this case."  <u>Westhemeco Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702,

2  709 (S.D.N.Y. 1979).  Larian further objects that the phrase "actual sales, gross

3  profits, gross margins and net profits" is compound, rendering the request vague,

4  ambiguous and unintelligible.  Larian further objects to the request to the extent that

5  it seeks documents that by reason of public filing, public distribution or otherwise

6  are already in Mattel's possession or are readily accessible to Mattel.  Larian further

7  objects to the request to the extent that it seeks documents not in Larian's possession,

8  custody or control.  Larian further objects to the request to the extent it seeks

9  confidential, proprietary or commercially sensitive information, the disclosure of

10  which would be inimical to the business interests of Larian or MGA.  Larian further

11  objects to the request to the extent it violates the privacy rights of third parties to

12  their private, confidential, proprietary or trade secret information.

13      Larian further objects to this request as cumulative, duplicative, and unduly

14  burdensome to the extent that it seeks documents previously requested by Mattel or

15  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

16  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

17  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

18  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

19  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

20  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

21  Things to MGAE de Mexico S.R.L. de C.V.

22  REQUEST FOR PRODUCTION NO. 109:

23      All DOCUMENTS that REFER OR RELATE TO projected or anticipated

24  sales, gross profits, gross margins and net profits of SMOBY since January 1, 1999.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 109:

26      Larian incorporates by reference his General Response and General Objections

27  above, as though fully set forth herein.  Larian further objects to the request to the

28  extent it seeks the production of documents that are protected from disclosure under

EXHIBIT 15

PAGE 473

1  any applicable privilege, doctrine or immunity, including without limitation the

2  attorney-client privilege, the work product doctrine, the right of privacy, and all other

3  privileges recognized under the constitutional, statutory or decisional law of the

4  United States of America, the State of California or any other applicable jurisdiction.

5  Larian further objects to this request as being overly broad and unduly burdensome

6  on the grounds that it is not reasonably limited in time or geographical scope.  Larian

7  further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS

8  that REFER OR RELATE TO" does not comply with the "reasonable particularity"

9  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

10  broad and unduly burdensome in light of "the wealth of material already made

11  available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

12  709 (S.D.N.Y. 1979).  Larian further objects that the phrase "projected or anticipated

13  sales, gross profits, gross margins and net profits" is compound, rendering the

14  request vague, ambiguous and unintelligible.  Larian further objects to the request to

15  the extent that it seeks documents that by reason of public filing, public distribution

16  or otherwise are already in Mattel's possession or are readily accessible to Mattel.

17  Larian further objects to the request to the extent that it seeks documents not in

18  Larian's possession, custody or control.  Larian further objects to the request to the

19  extent it seeks confidential, proprietary or commercially sensitive information, the

20  disclosure of which would be inimical to the business interests of Larian or MGA.

21  Larian further objects to the request to the extent it violates the privacy rights of third

22  parties to their private, confidential, proprietary or trade secret information.

23          Larian further objects to this request as cumulative, duplicative, and unduly

24  burdensome to the extent that it seeks documents previously requested by Mattel or

25  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

26  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

27  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

28  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

EXHIBIT /5

PAGE 474

1  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

2  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

3  Things to MGAE de Mexico S.R.L. de C.V.

4  REQUEST FOR PRODUCTION NO. 110:

5       All DOCUMENTS, including without limitation all COMMUNICATIONS,

6  that REFER OR RELATE TO YOUR funding of, or YOUR payment or promised or

7  scheduled payment of money to or on behalf of, SMOBY, including without

8  limitation, any failure on YOUR part to make any payments to any administrator or

9  trustee for SMOBY when such payment was due.

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 110:

11       Larian incorporates by reference his General Response and General Objections

12  above, as though fully set forth herein and specifically incorporates General

13  Objection No. 15 (regarding Definitions), including without limitation Larian's

14  objection to the definition of the term YOUR, and its incorporated terms PERSON

15  and AFFILIATE.   Larian further objects to the request to the extent it seeks the

16  production of documents that are protected from disclosure under any applicable

17  privilege, doctrine or immunity, including without limitation the attorney-client

18  privilege, the work product doctrine, the right of privacy, and all other privileges

19  recognized under the constitutional, statutory or decisional law of the United States

20  of America, the State of California or any other applicable jurisdiction.  Larian

21  further objects to this request as being overly broad and unduly burdensome on the

22  grounds that it is not reasonably limited in time or geographical scope.  Larian

23  further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS,

24  including but not limited to all COMMUNICATIONS with any PERSON, that

25  REFER OR RELATE TO" does not comply with the "reasonable particularity"

26  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

27  broad and unduly burdensome in light of "the wealth of material already made

28  available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

EXHIBIT 15

PAGE 475

709 (S.D.N.Y. 1979).  Larian further objects that the phrases "YOUR funding of, or YOUR payment or promised or scheduled payment of money to or on behalf of, SMOBY" and "including without limitation, any failure on YOUR part to make any payments to any administrator or trustee for SMOBY when such payment was due" are, both individually and taken together, compound, rendering the request vague, ambiguous and unintelligible. ̄Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control.  Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA.  Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of Requests for Production of Documents and Things to Isaac Larian and Request Nos. 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and Things to MGAE de Mexico S.R.L. de C.V.

REQUEST FOR PRODUCTION NO. 111:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR efforts to interfere with MATTEL's business dealings with any corporation or entity.

EXHIBIT _15_

PAGE _476_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

RESPONSE TO REQUEST FOR PRODUCTION NO. 111:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the term YOUR, and its incorporated terms PERSON and AFFILIATE.  Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not reasonably limited in time or geographical scope.  Larian further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase "YOUR efforts to interfere with MATTEL's business dealings with any corporation or entity" is accusatory and argumentative such that Larian would have to respond to the allegations of the request before providing any substantive response.  See Zadrozny v. Board of Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991). Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control.

176

EXHIBIT 15

PAGE 477

1   Larian further objects to the request to the extent it seeks confidential, proprietary or

2   commercially sensitive information, the disclosure of which would be inimical to the

3   business interests of Larian or MGA.  Larian further objects to the request to the

4   extent it violates the privacy rights of third parties to their private, confidential,

5   proprietary or trade secret information.

6         Larian further objects to this request as cumulative, duplicative, and unduly

7   burdensome to the extent that it seeks documents previously requested by Mattel or

8   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

9   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

10  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

11  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

12  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

13  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

14  Things to MGAE de Mexico S.R.L. de C.V.

15  REQUEST FOR PRODUCTION NO. 112:

16        All DOCUMENTS, including but not limited to all COMMUNICATIONS

17  with any PERSON, that REFER OR RELATE TO YOUR efforts to interfere with

18  MATTEL's contractual relations with any corporation or entity.

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 112:

20        Larian incorporates by reference his General Response and General Objections

21  above, as though fully set forth herein and specifically incorporates General

22  Objection No. 15 (regarding Definitions), including without limitation Larian's

23  objection to the definition of the term YOUR, and its incorporated terms PERSON

24  and AFFILIATE.  Larian further objects to the request to the extent it seeks the

25  production of documents that are protected from disclosure under any applicable

26  privilege, doctrine or immunity, including without limitation the attorney-client

27  privilege, the work product doctrine, the right of privacy, and all other privileges

28  recognized under the constitutional, statutory or decisional law of the United States

177

EXHIBIT 15

1  of America, the State of California or any other applicable jurisdiction. Larian

2  further objects to this request as being overly broad and unduly burdensome on the

3  grounds that it is not reasonably limited in time or geographical scope. Larian

4  further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS,

5  including but not limited to all COMMUNICATIONS with any PERSON, that

6  REFER OR RELATE TO" does not comply with the "reasonable particularity"

7  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

8  broad and unduly burdensome in light of "the wealth of material already made

9  available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

10  709 (S.D.N.Y. 1979). Larian further objects that the phrase "YOUR efforts to

11  interfere with MATTEL's contractual relations with any corporation or entity" is

12  accusatory and argumentative such that Larian would have to respond to the

13  allegations of the request before providing any substantive response. See Zadrozny v.

14  Board of Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991).

15  Larian further objects to the request to the extent that it seeks documents that by

16  reason of public filing, public distribution or otherwise are already in Mattel's

17  possession or are readily accessible to Mattel. Larian further objects to the request to

18  the extent that it seeks documents not in Larian's possession, custody or control.

19  Larian further objects to the request to the extent it seeks confidential, proprietary or

20  commercially sensitive information, the disclosure of which would be inimical to the

21  business interests of Larian or MGA. Larian further objects to the request to the

22  extent it violates the privacy rights of third parties to their private, confidential,

23  proprietary or trade secret information.

24      Larian further objects to this request as cumulative, duplicative, and unduly

25  burdensome to the extent that it seeks documents previously requested by Mattel or

26  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

27  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

28  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

Exhibit 15

PAGE 479

1   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
2   Requests for Production of Documents and Things to Isaac Larian and Request Nos.
3   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
4   Things to MGAE de Mexico S.R.L. de C.V.
5   REQUEST FOR PRODUCTION NO. 113:
6       All DOCUMENTS, including but not limited to all COMMUNICATIONS
7   with any PERSON, that REFER OR RELATE TO YOU successfully interfering
8   with MATTEL's business dealings with any corporation or entity.
9   RESPONSE TO REQUEST FOR PRODUCTION NO. 113:
10      Larian incorporates by reference his General Response and General Objections
11  above, as though fully set forth herein and specifically incorporates General
12  Objection No. 15 (regarding Definitions), including without limitation Larian's
13  objection to the definition of the term YOU, and its incorporated terms PERSON and
14  AFFILIATE. Larian further objects to the request to the extent it seeks the
15  production of documents that are protected from disclosure under any applicable
16  privilege, doctrine or immunity, including without limitation the attorney-client
17  privilege, the work product doctrine, the right of privacy, and all other privileges
18  recognized under the constitutional, statutory or decisional law of the United States
19  of America, the State of California or any other applicable jurisdiction. Larian
20  further objects to this request as being overly broad and unduly burdensome on the
21  grounds that it is not reasonably limited in time or geographical scope. Larian
22  further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS,
23  including but not limited to all COMMUNICATIONS with any PERSON, that
24  REFER OR RELATE TO" does not comply with the "reasonable particularity"
25  requirement of Federal Rule of Civil Procedure 34 and renders the request overly
26  broad and unduly burdensome in light of "the wealth of material already made
27  available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,
28  709 (S.D.N.Y. 1979). Larian further objects that the phrase "YOU successfully

EXHIBIT 15

PAGE 480

1  interfering with MATTEL's business dealings with any corporation or entity" is

2  accusatory and argumentative such that Larian would have to respond to the

3  allegations of the request before providing any substantive response.  See Zadrozny v.

4  Board of Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991).

5  Larian further objects to the request to the extent that it seeks documents that by

6  reason of public filing, public distribution or otherwise are already in Mattel's

7  possession or are readily accessible to Mattel.  Larian further objects to the request to

8  the extent that it seeks documents not in Larian's possession, custody or control.

9  Larian further objects to the request to the extent it seeks confidential, proprietary or

10  commercially sensitive information, the disclosure of which would be inimical to the

11  business interests of Larian or MGA.  Larian further objects to the request to the

12  extent it violates the privacy rights of third parties to their private, confidential,

13  proprietary or trade secret information.

14      Larian further objects to this request as cumulative, duplicative, and unduly

15  burdensome to the extent that it seeks documents previously requested by Mattel or

16  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

17  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

18  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

19  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

20  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

21  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

22  Things to MGAE de Mexico S.R.L. de C.V.

23  REQUEST FOR PRODUCTION NO. 114:

24      All DOCUMENTS, including but not limited to all COMMUNICATIONS

25  with any PERSON, that REFER OR RELATE TO YOU successfully interfering

26  with MATTEL's contractual relations with any corporation or entity.

27

28

EXHIBIT 15

PAGE 481

180

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 114:

2          Larian incorporates by reference his General Response and General Objections

3  above, as though fully set forth herein and specifically incorporates General

4  Objection No. 15 (regarding Definitions), including without limitation Larian's

5  objection to the definition of the term YOU, and its incorporated terms PERSON and

6  AFFILIATE.  Larian further objects to the request to the extent it seeks the

7  production of documents that are protected from disclosure under any applicable

8  privilege, doctrine or immunity, including without limitation the attorney-client

9  privilege, the work product doctrine, the right of privacy, and all other privileges

10  recognized under the constitutional, statutory or decisional law of the United States

11  of America, the State of California or any other applicable jurisdiction.  Larian

12  further objects to this request as being overly broad and unduly burdensome on the

13  grounds that it is not reasonably limited in time or geographical scope.  Larian

14  further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS,

15  including but not limited to all COMMUNICATIONS with any PERSON, that

16  REFER OR RELATE TO" does not comply with the "reasonable particularity"

17  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

18  broad and unduly burdensome in light of "the wealth of material already made

19  available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

20  709 (S.D.N.Y. 1979).  Larian further objects that the phrase "YOU successfully

21  interfering with MATTEL's contractual relations with any corporation or entity" is

22  accusatory and argumentative such that Larian would have to respond to the

23  allegations of the request before providing any substantive response.  See Zadrozny v.

24  Board of Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991).

25  Larian further objects to the request to the extent that it seeks documents that by

26  reason of public filing, public distribution or otherwise are already in Mattel's

27  possession or are readily accessible to Mattel.  Larian further objects to the request to

28  the extent that it seeks documents not in Larian's possession, custody or control.

EXHIBIT _15_

PAGE _482_

1  Larian further objects to the request to the extent it seeks confidential, proprietary or
2  commercially sensitive information, the disclosure of which would be inimical to the
3  business interests of Larian or MGA.  Larian further objects to the request to the
4  extent it violates the privacy rights of third parties to their private, confidential,
5  proprietary or trade secret information.

6      Larian further objects to this request as cumulative, duplicative, and unduly
7  burdensome to the extent that it seeks documents previously requested by Mattel or
8  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
9  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
10  Inc.'s First Set of Requests for Production of Documents and Tangible Things to
11  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
12  Requests for Production of Documents and Things to Isaac Larian and Request Nos.
13  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
14  Things to MGAE de Mexico S.R.L. de C.V.

15  REQUEST FOR PRODUCTION NO. 115:

16      All DOCUMENTS, including but not limited to all COMMUNICATIONS
17  with any PERSON, that REFER OR RELATE TO any loss, decrease in revenues or
18  profits, damage or injury YOU have incurred or suffered from any cause or source in
19  connection with YOUR business dealings or contractual relations with SMOBY.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 115:

21      Larian incorporates by reference his General Response and General Objections
22  above, as though fully set forth herein and specifically incorporates General
23  Objection No. 15 (regarding Definitions), including without limitation Larian's
24  objection to the definition of the term YOUR, and its incorporated terms
25  AFFILIATES and PERSON.  Larian further objects to the request to the extent it
26  seeks the production of documents that are protected from disclosure under any
27  applicable privilege, doctrine or immunity, including without limitation the attorney-
28  client privilege, the work product doctrine, the right of privacy, and all other

182

EXHIBIT 15

1  privileges recognized under the constitutional, statutory or decisional law of the

2  United States of America, the State of California or any other applicable jurisdiction.

3  Larian further objects to this request as being overly broad and unduly burdensome

4  on the grounds that it is not limited in time or geographical scope.  Larian further

5  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

6  but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

7  RELATE TO" does not comply with the "reasonable particularity" requirement of

8  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

9  burdensome in light of "the wealth of material already made available in this case."

10  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

11  Larian further objects that the phrases "any loss, decrease in revenues or profits,

12  damage or injury," "YOU have incurred or suffered from any cause or source," and

13  "in connection with YOUR business dealings or contractual relations with SMOBY"

14  are, both individually and taken together, compound and, as such, render the request

15  vague, ambiguous, and unintelligible.  Larian further objects to the request to the

16  extent that it seeks documents that by reason of public filing, public distribution or

17  otherwise are already in Mattel's possession or are readily accessible to Mattel.

18  Larian further objects to the request to the extent that it seeks documents not in

19  Larian's possession, custody or control.  Larian further objects to the request to the

20  extent it seeks confidential, proprietary or commercially sensitive information, the

21  disclosure of which would be inimical to the business interests of Larian or MGA.

22  Larian further objects to the request to the extent it violates the privacy rights of third

23  parties to their private, confidential, proprietary or trade secret information.

24      Larian further objects to this request as cumulative, duplicative, and unduly

25  burdensome to the extent that it seeks documents previously requested by Mattel or

26  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

27  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

28  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 484

1 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

2 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.

3 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

4 | Things to MGAE de Mexico S.R.L. de C.V.

5 | <u>REQUEST FOR PRODUCTION NO. 116:</u>

6 | All DOCUMENTS, including but not limited to all COMMUNICATIONS

7 | with any PERSON, that REFER OR RELATE TO any profit, increase in revenues or

8 | gain YOU have received from any cause or source in connection with YOUR

9 | business dealings or contractual relations with SMOBY.

10 | <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 116:</u>

11 | Larian incorporates by reference his General Response and General Objections

12 | above, as though fully set forth herein and specifically incorporates General

13 | Objection No. 15 (regarding Definitions), including without limitation Larian's

14 | objection to the definition of the term YOUR, and its incorporated terms

15 | AFFILIATES and PERSON.  Larian further objects to the request to the extent it

16 | seeks the production of documents that are protected from disclosure under any

17 | applicable privilege, doctrine or immunity, including without limitation the attorney-

18 | client privilege, the work product doctrine, the right of privacy, and all other

19 | privileges recognized under the constitutional, statutory or decisional law of the

20 | United States of America, the State of California or any other applicable jurisdiction.

21 | Larian further objects to this request as being overly broad and unduly burdensome

22 | on the grounds that it is not limited in time or geographical scope.  Larian further

23 | objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

24 | but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

25 | RELATE TO" does not comply with the "reasonable particularity" requirement of

26 | Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

27 | burdensome in light of "the wealth of material already made available in this case."

28 | <u>Westhemeco Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

EXHIBIT 15

PAGE 285

1  Larian further objects that the phrases "any profit, increase in revenues or gain,"

2  "YOU have received from any cause or source" and "in connection with YOUR

3  business dealings or contractual relations with SMOBY" are, both individually and

4  taken together, compound and, as such, render the request vague, ambiguous, and

5  unintelligible.  Larian further objects to the request to the extent that it seeks

6  documents that by reason of public filing, public distribution or otherwise are already

7  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

8  the request to the extent that it seeks documents not in Larian's possession, custody

9  or control.  Larian further objects to the request to the extent it seeks confidential,

10 proprietary or commercially sensitive information, the disclosure of which would be

11 inimical to the business interests of Larian or MGA.  Larian further objects to the

12 request to the extent it violates the privacy rights of third parties to their private,

13 confidential, proprietary or trade secret information.

14        Larian further objects to this request as cumulative, duplicative, and unduly

15 burdensome to the extent that it seeks documents previously requested by Mattel or

16 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

17 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

18 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

19 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

20 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

21 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

22 Things to MGAE de Mexico S.R.L. de C.V.

23 REQUEST FOR PRODUCTION NO. 117:

24        All DOCUMENTS, including but not limited to all COMMUNICATIONS

25 with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL

26 "influenc[ed] Nickelodeon to reject MGA advertisements or to limit time slots for

27 advertisements."

28

EXHIBIT _15_

PACE _486_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1    RESPONSE TO REQUEST FOR PRODUCTION NO. 117:

2            Larian incorporates by reference his General Response and General Objections

3    above, as though fully set forth herein and specifically incorporates General

4    Objection No. 15 (regarding Definitions), including without limitation Larian's

5    objection to the definition of the term YOUR, and its incorporated terms

6    AFFILIATES and PERSON.  Larian further objects to the request to the extent it

7    seeks the production of documents that are protected from disclosure under any

8    applicable privilege, doctrine or immunity, including without limitation the attorney-

9    client privilege, the work product doctrine, the right of privacy, and all other

10   privileges recognized under the constitutional, statutory or decisional law of the

11   United States of America, the State of California or any other applicable jurisdiction.

12   Larian further objects to this request as being overly broad and unduly burdensome

13   on the grounds that it is not limited in time or geographical scope.  Larian further

14   objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

15   but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

16   RELATE TO" does not comply with the "reasonable particularity" requirement of

17   Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

18   burdensome in light of "the wealth of material already made available in this case."

19   Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

20   Larian further objects to the request to the extent that it seeks documents that by

21   reason of public filing, public distribution or otherwise are already in Mattel's

22   possession or are readily accessible to Mattel.  Larian further objects to the request to

23   the extent that it seeks documents not in Larian's possession, custody or control.

24   Larian further objects to the request to the extent it seeks confidential, proprietary or

25   commercially sensitive information, the disclosure of which would be inimical to the

26   business interests of Larian or MGA.  Larian further objects to the request to the

27   extent it violates the privacy rights of third parties to their private, confidential,

28   proprietary or trade secret information.

EXHIBIT 15

PAGE 287

1    Larian further objects to this request as cumulative, duplicative, and unduly

2    burdensome to the extent that it seeks documents previously requested by Mattel or

3    produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

4    document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

5    Inc.'s First Set of Requests for Production of Documents and Tangible Things to

6    MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

7    Requests for Production of Documents and Things to Isaac Larian and Request Nos.

8    140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

9    Things to MGAE de Mexico S.R.L. de C.V.

10    Without waiving any of the foregoing General or Specific Objections, but

11    rather expressly preserving each and every such objection, Larian responds as

12    follows:  Larian will produce all non-privileged, responsive documents in his

13    possession, custody or control, if any, that he is able to locate following a reasonably

14    diligent search.

15    REQUEST FOR PRODUCTION NO. 118:

16    All DOCUMENTS, including but not limited to all COMMUNICATIONS

17    with any PERSON, that YOU contend prove or that YOU will rely on at trial to

18    prove that MATTEL "influenc[ed] Nickelodeon to reject MGA advertisements or to

19    limit time slots for advertisements."

20    RESPONSE TO REQUEST FOR PRODUCTION NO. 118:

21    Larian incorporates by reference his General Response and General Objections

22    above, as though fully set forth herein and specifically incorporates General

23    Objection No. 15 (regarding Definitions), including without limitation Larian's

24    objection to the definition of the term YOU, and its incorporated terms AFFILIATES

25    and PERSON.  Larian further objects to the request to the extent it seeks the

26    production of documents that are protected from disclosure under any applicable

27    privilege, doctrine or immunity, including without limitation the attorney-client

28    privilege, the work product doctrine, the right of privacy, and all other privileges

187

EXHIBIT 15

1  recognized under the constitutional, statutory or decisional law of the United States
2  of America, the State of California or any other applicable jurisdiction.   Larian
3  further objects to this request as being overly broad and unduly burdensome on the
4  grounds that it is not limited in time or geographical scope.  Larian further objects to
5  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not
6  limited to all COMMUNICATIONS with any PERSON" does not comply with the
7  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and
8  renders the request overly broad and unduly burdensome in light of "the wealth of
9  material already made available in this case." Westhemeco Ltd. v. New Hampshire
10  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase
11  "that YOU contend prove or that YOU will rely on at trial to prove" is compound
12  and, as such, renders the request vague, ambiguous, and unintelligible.  Larian
13  further objects to the request to the extent that it seeks documents that by reason of
14  public filing, public distribution or otherwise are already in Mattel's possession or
15  are readily accessible to Mattel.  Larian further objects to the request to the extent
16  that it seeks documents not in Larian's possession, custody or control.  Larian further
17  objects to the request to the extent it seeks confidential, proprietary or commercially
18  sensitive information, the disclosure of which would be inimical to the business
19  interests of Larian or MGA.  Larian further objects to the request to the extent it
20  violates the privacy rights of third parties to their private, confidential, proprietary or
21  trade secret information.

22      Larian further objects to this request as cumulative, duplicative, and unduly
23  burdensome to the extent that it seeks documents previously requested by Mattel or
24  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
25  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
26  Inc.'s First Set of Requests for Production of Documents and Tangible Things to
27  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
28  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

188

EXHIBIT 15

PAGE 289

1  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

2  Things to MGAE de Mexico S.R.L. de C.V.

3       Without waiving any of the foregoing General or Specific Objections, but

4  rather expressly preserving each and every such objection, Larian responds as

5  follows:  Larian will produce all non-privileged, responsive documents in his

6  possession, custody or control, if any, that he is able to locate following a reasonably

7  diligent search.

8  REQUEST FOR PRODUCTION NO. 119:

9       DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

10  YOUR allegation that MATTEL "influenc[ed] Nickelodeon to reject MGA

11  advertisements."

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 119:

13       Larian incorporates by reference his General Response and General Objections

14  above, as though fully set forth herein and specifically incorporates General

15  Objection No. 15 (regarding Definitions), including without limitation Larian's

16  objection to the definition of the terms YOUR, and its incorporated terms

17  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

18  seeks the production of documents that are protected from disclosure under any

19  applicable privilege, doctrine or immunity, including without limitation the attorney-

20  client privilege, the work product doctrine, the right of privacy, and all other

21  privileges recognized under the constitutional, statutory or decisional law of the

22  United States of America, the State of California or any other applicable jurisdiction.

23  Larian further objects to this request as being overly broad and unduly burdensome

24  on the grounds that it is not limited in time or geographical scope.  Larian further

25  objects to this request on the grounds that the phrase "all PERSONS with knowledge

26  of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly

27  burdensome in that anyone who has read Larian's Answer in this matter has

28  "knowledge of [Larian's] allegation," without regard to whether the factual basis for

1  the allegation is known to them. Larian further objects to the request to the extent

2  that it seeks documents that by reason of public filing, public distribution or

3  otherwise are already in Mattel's possession or are readily accessible to Mattel.

4  Larian further objects to the request to the extent that it seeks documents not in

5  Larian's possession, custody or control. Larian further objects to the request to the

6  extent it seeks confidential, proprietary or commercially sensitive information, the

7  disclosure of which would be inimical to the business interests of Larian or MGA.

8  Larian further objects to the request to the extent it violates the privacy rights of third

9  parties to their private, confidential, proprietary or trade secret information.

10       Larian further objects to this request as cumulative, duplicative, and unduly

11  burdensome to the extent that it seeks documents previously requested by Mattel or

12  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

13  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

14  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

15  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

16  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

17  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

18  Things to MGAE de Mexico S.R.L. de C.V.

19       Without waiving any of the foregoing General or Specific Objections, but

20  rather expressly preserving each and every such objection, Larian responds as

21  follows: Larian will produce all non-privileged, responsive documents in his

22  possession, custody or control, if any, that he is able to locate following a reasonably

23  diligent search.

24  REQUEST FOR PRODUCTION NO. 120:

25       DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

26  YOUR allegation that MATTEL "influenc[ed] Nickelodeon to ... to limit time slots

27  for [MGA] advertisements."

EXHIBIT _15_

PAGE _491_

28

190

RESPONSE TO REQUEST FOR PRODUCTION NO. 120:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the terms YOUR, and its incorporated terms AFFILIATES and PERSON. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrase "all PERSONS with knowledge of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly burdensome in that anyone who has read Larian's Answer in this matter has "knowledge of [Larian's] allegation," without regard to whether the factual basis for the allegation is known to them. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or

EXHIBIT _15_

PAGE _192_

1  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

2  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

3  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

4  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

5  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

6  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

7  Things to MGAE de Mexico S.R.L. de C.V.

8       Without waiving any of the foregoing General or Specific Objections, but

9  rather expressly preserving each and every such objection, Larian responds as

10  follows:  Larian will produce all non-privileged, responsive documents in his

11  possession, custody or control, if any, that he is able to locate following a reasonably

12  diligent search.

13  REQUEST FOR PRODUCTION NO. 121:

14       DOCUMENTS describing all time periods during which MATTEL allegedly

15  "influenc[ed] Nickelodeon to reject MGA advertisements or to limit time slots for

16  advertisements."

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 121:

18       Larian incorporates by reference his General Response and General Objections

19  above, as though fully set forth herein.  Larian further objects to the request to the

20  extent it seeks the production of documents that are protected from disclosure under

21  any applicable privilege, doctrine or immunity, including without limitation the

22  attorney-client privilege, the work product doctrine, the right of privacy, and all other

23  privileges recognized under the constitutional, statutory or decisional law of the

24  United States of America, the State of California or any other applicable jurisdiction.

25  Larian further objects to this request as being overly broad and unduly burdensome

26  on the grounds that it is not limited in time or geographical scope.  Larian further

27  objects to this request on the grounds that the phrase "DOCUMENTS describing all

28  time periods during which" renders the request vague, ambiguous, and unintelligible.

EXHIBIT 15

1  Larian further objects to the request to the extent that it seeks documents that by
2  reason of public filing, public distribution or otherwise are already in Mattel's
3  possession or are readily accessible to Mattel. Larian further objects to the request to
4  the extent that it seeks documents not in Larian's possession, custody or control.
5  Larian further objects to the request to the extent it seeks confidential, proprietary or
6  commercially sensitive information, the disclosure of which would be inimical to the
7  business interests of Larian or MGA. Larian further objects to the request to the
8  extent it violates the privacy rights of third parties to their private, confidential,
9  proprietary or trade secret information.

10     Larian further objects to this request as cumulative, duplicative, and unduly
11  burdensome to the extent that it seeks documents previously requested by Mattel or
12  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
13  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
14  Inc.'s First Set of Requests for Production of Documents and Tangible Things to
15  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
16  Requests for Production of Documents and Things to Isaac Larian and Request Nos.
17  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
18  Things to MGAE de Mexico S.R.L. de C.V.

19     Without waiving any of the foregoing General or Specific Objections, but
20  rather expressly preserving each and every such objection, Larian responds as
21  follows: Larian will produce all non-privileged, responsive documents in his
22  possession, custody or control, if any, that he is able to locate following a reasonably
23  diligent search.

24  REQUEST FOR PRODUCTION NO. 122:

25     DOCUMENTS sufficient to IDENTIFY each "MGA advertisement[]" that
26  NICKELODEON allegedly "rejected[ed]" based on influence from MATTEL.

27

28

EXHIBIT _15_

PAGE _49_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

RESPONSE TO REQUEST FOR PRODUCTION NO. 122:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects that the phrase "based on influence from MATTEL" is vague, ambiguous and unintelligible. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of Requests for Production of Documents and Things to Isaac Larian and Request Nos.

194

EXHIBIT 15
PAGE 195

1 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

2 | Things to MGAE de Mexico S.R.L. de C.V.

3 |     Without waiving any of the foregoing General or Specific Objections, but

4 | rather expressly preserving each and every such objection, Larian responds as

5 | follows:  Larian will produce all non-privileged, responsive documents in his

6 | possession, custody or control, if any, that he is able to locate following a reasonably

7 | diligent search.

8 | REQUEST FOR PRODUCTION NO. 123:

9 |     Copies of all "MGA advertisements" that NICKELODEON allegedly

10 | "rejected[ed]" based on influence from MATTEL.

11 | RESPONSE TO REQUEST FOR PRODUCTION NO. 123:

12 |     Larian incorporates by reference his General Response and General Objections

13 | above, as though fully set forth herein.  Larian further objects to the request to the

14 | extent it seeks the production of documents that are protected from disclosure under

15 | any applicable privilege, doctrine or immunity, including without limitation the

16 | attorney-client privilege, the work product doctrine, the right of privacy, and all other

17 | privileges recognized under the constitutional, statutory or decisional law of the

18 | United States of America, the State of California or any other applicable jurisdiction.

19 | Larian further objects to this request as being overly broad and unduly burdensome

20 | on the grounds that it is not limited in time or geographical scope.  Larian further

21 | objects that the phrase "based on influence from MATTEL" is vague, ambiguous and

22 | unintelligible.  Larian further objects to the request to the extent that it seeks

23 | documents that by reason of public filing, public distribution or otherwise are already

24 | in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

25 | the request to the extent that it seeks documents not in Larian's possession, custody

26 | or control.  Larian further objects to the request to the extent it seeks confidential,

27 | proprietary or commercially sensitive information, the disclosure of which would be

28 | inimical to the business interests of Larian or MGA.  Larian further objects to the

1   request to the extent it violates the privacy rights of third parties to their private,

2   confidential, proprietary or trade secret information.

3         Larian further objects to this request as cumulative, duplicative, and unduly

4   burdensome to the extent that it seeks documents previously requested by Mattel or

5   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11  Things to MGAE de Mexico S.R.L. de C.V.

12        Without waiving any of the foregoing General or Specific Objections, but

13  rather expressly preserving each and every such objection, Larian responds as

14  follows:  Larian will produce all non-privileged, responsive documents in his

15  possession, custody or control, if any, that he is able to locate following a reasonably

16  diligent search.

17  REQUEST FOR PRODUCTION NO. 124:

18        DOCUMENTS sufficient to IDENTIFY the product or products depicted in

19  each "MGA advertisement[]" that NICKELODEON allegedly "rejected[ed]" based

20  on influence from MATTEL.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 124:

22        Larian incorporates by reference his General Response and General Objections

23  above, as though fully set forth herein.  Larian further objects to the request to the

24  extent it seeks the production of documents that are protected from disclosure under

25  any applicable privilege, doctrine or immunity, including without limitation the

26  attorney-client privilege, the work product doctrine, the right of privacy, and all other

27  privileges recognized under the constitutional, statutory or decisional law of the

28  United States of America, the State of California or any other applicable jurisdiction.

196

EXHIBIT 15

1   Larian further objects to this request as being overly broad and unduly burdensome

2   on the grounds that it is not limited in time or geographical scope. Larian further

3   objects that the phrase "based on influence from MATTEL" is vague, ambiguous and

4   unintelligible. Larian further objects to the request to the extent that it seeks

5   documents that by reason of public filing, public distribution or otherwise are already

6   in Mattel's possession or are readily accessible to Mattel. Larian further objects to

7   the request to the extent that it seeks documents not in Larian's possession, custody

8   or control. Larian further objects to the request to the extent it seeks confidential,

9   proprietary or commercially sensitive information, the disclosure of which would be

10   inimical to the business interests of Larian or MGA. Larian further objects to the

11   request to the extent it violates the privacy rights of third parties to their private,

12   confidential, proprietary or trade secret information.

13       Larian further objects to this request as cumulative, duplicative, and unduly

14   burdensome to the extent that it seeks documents previously requested by Mattel or

15   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

16   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

17   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

18   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

19   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

20   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

21   Things to MGAE de Mexico S.R.L. de C.V.

22       Without waiving any of the foregoing General or Specific Objections, but

23   rather expressly preserving each and every such objection, Larian responds as

24   follows: Larian will produce all non-privileged, responsive documents in his

25   possession, custody or control, if any, that he is able to locate following a reasonably

26   diligent search.

27

28

EXHIBIT 15

PAGE 498

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  REQUEST FOR PRODUCTION NO. 125:

2       DOCUMENTS sufficient to IDENTIFY each "MGA advertisement[]" for

3  which NICKELODEON allegedly "limit[ed] time slots" based on influence from

4  MATTEL.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 125:

6       Larian incorporates by reference his General Response and General Objections

7  above, as though fully set forth herein.  Larian further objects to the request to the

8  extent it seeks the production of documents that are protected from disclosure under

9  any applicable privilege, doctrine or immunity, including without limitation the

10  attorney-client privilege, the work product doctrine, the right of privacy, and all other

11  privileges recognized under the constitutional, statutory or decisional law of the

12  United States of America, the State of California or any other applicable jurisdiction.

13  Larian further objects to this request as being overly broad and unduly burdensome

14  on the grounds that it is not limited in time or geographical scope.  Larian further

15  objects that the phrase "based on influence from MATTEL" is vague, ambiguous and

16  unintelligible.  Larian further objects to the request to the extent that it seeks

17  documents that by reason of public filing, public distribution or otherwise are already

18  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

19  the request to the extent that it seeks documents not in Larian's possession, custody

20  or control.  Larian further objects to the request to the extent it seeks confidential,

21  proprietary or commercially sensitive information, the disclosure of which would be

22  inimical to the business interests of Larian or MGA.  Larian further objects to the

23  request to the extent it violates the privacy rights of third parties to their private,

24  confidential, proprietary or trade secret information.

25       Larian further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

28  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

1  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

2  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

3  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

4  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

5  Things to MGAE de Mexico S.R.L. de C.V.

6       Without waiving any of the foregoing General or Specific Objections, but

7  rather expressly preserving each and every such objection, Larian responds as

8  follows:  Larian will produce all non-privileged, responsive documents in his

9  possession, custody or control, if any, that he is able to locate following a reasonably

10 diligent search.

11 REQUEST FOR PRODUCTION NO. 126:

12      Copies of all "MGA advertisements" for which NICKELODEON allegedly

13 "limit[ed] time slots" based on influence from MATTEL.

14 RESPONSE TO REQUEST FOR PRODUCTION NO. 126:

15      Larian incorporates by reference his General Response and General Objections

16 above, as though fully set forth herein.  Larian further objects to the request to the

17 extent it seeks the production of documents that are protected from disclosure under

18 any applicable privilege, doctrine or immunity, including without limitation the

19 attorney-client privilege, the work product doctrine, the right of privacy, and all other

20 privileges recognized under the constitutional, statutory or decisional law of the

21 United States of America, the State of California or any other applicable jurisdiction.

22 Larian further objects to this request as being overly broad and unduly burdensome

23 on the grounds that it is not limited in time or geographical scope.  Larian further

24 objects that the phrase "based on influence from MATTEL" is vague, ambiguous and

25 unintelligible.  Larian further objects to the request to the extent that it seeks

26 documents that by reason of public filing, public distribution or otherwise are already

27 in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

28 the request to the extent that it seeks documents not in Larian's possession, custody

EXHIBIT _15_

PAGE _500_

1   or control. Larian further objects to the request to the extent it seeks confidential,

2   proprietary or commercially sensitive information, the disclosure of which would be

3   inimical to the business interests of Larian or MGA. Larian further objects to the

4   request to the extent it violates the privacy rights of third parties to their private,

5   confidential, proprietary or trade secret information.

6           Larian further objects to this request as cumulative, duplicative, and unduly

7   burdensome to the extent that it seeks documents previously requested by Mattel or

8   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

9   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

10   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

11   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

12   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

13   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

14   Things to MGAE de Mexico S.R.L. de C.V.

15           Without waiving any of the foregoing General or Specific Objections, but

16   rather expressly preserving each and every such objection, Larian responds as

17   follows: Larian will produce all non-privileged, responsive documents in his

18   possession, custody or control, if any, that he is able to locate following a reasonably

19   diligent search.

20   REQUEST FOR PRODUCTION NO. 127:

21           DOCUMENTS sufficient to IDENTIFY the product or products depicted in

22   each "MGA advertisement[]" for which NICKELODEON allegedly "limit[ed] time

23   slots" based on influence from MATTEL.

24   RESPONSE TO REQUEST FOR PRODUCTION NO. 127:

25           Larian incorporates by reference his General Response and General Objections

26   above, as though fully set forth herein. Larian further objects to the request to the

27   extent it seeks the production of documents that are protected from disclosure under

28   any applicable privilege, doctrine or immunity, including without limitation the

EXHIBIT _15_

PAGE _501_

1 | attorney-client privilege, the work product doctrine, the right of privacy, and all other

2 | privileges recognized under the constitutional, statutory or decisional law of the

3 | United States of America, the State of California or any other applicable jurisdiction.

4 | Larian further objects to this request as being overly broad and unduly burdensome

5 | on the grounds that it is not limited in time or geographical scope. Larian further

6 | objects that the phrase "based on influence from MATTEL" is vague, ambiguous and

7 | unintelligible. Larian further objects to the request to the extent that it seeks

8 | documents that by reason of public filing, public distribution or otherwise are already

9 | in Mattel's possession or are readily accessible to Mattel. Larian further objects to

10 | the request to the extent that it seeks documents not in Larian's possession, custody

11 | or control. Larian further objects to the request to the extent it seeks confidential,

12 | proprietary or commercially sensitive information, the disclosure of which would be

13 | inimical to the business interests of Larian or MGA. Larian further objects to the

14 | request to the extent it violates the privacy rights of third parties to their private,

15 | confidential, proprietary or trade secret information.

16 |     Larian further objects to this request as cumulative, duplicative, and unduly

17 | burdensome to the extent that it seeks documents previously requested by Mattel or

18 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

19 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

20 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to

21 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

22 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.

23 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

24 | Things to MGAE de Mexico S.R.L. de C.V.

25 |     Without waiving any of the foregoing General or Specific Objections, but

26 | rather expressly preserving each and every such objection, Larian responds as

27 | follows: Larian will produce all non-privileged, responsive documents in his

28 |

EXHIBIT 15

1    possession, custody or control, if any, that he is able to locate following a reasonably

2    diligent search.

3    REQUEST FOR PRODUCTION NO. 128:

4         All advertisements aired or shown on NICKELODEON for each product

5    depicted in each "MGA advertisement[]" allegedly "rejected[ed]"by

6    NICKELODEON based on influence from MATTEL.

7    RESPONSE TO REQUEST FOR PRODUCTION NO. 128:

8         Larian incorporates by reference his General Response and General Objections

9    above, as though fully set forth herein.  Larian further objects to the request to the

10   extent it seeks the production of documents that are protected from disclosure under

11   any applicable privilege, doctrine or immunity, including without limitation the

12   attorney-client privilege, the work product doctrine, the right of privacy, and all other

13   privileges recognized under the constitutional, statutory or decisional law of the

14   United States of America, the State of California or any other applicable jurisdiction.

15   Larian further objects to this request as being overly broad and unduly burdensome

16   on the grounds that it is not limited in time or geographical scope.  Larian further

17   objects to this request on the grounds that the phrase "[a]ll advertisements aired or

18   shown on NICKELODEON for each product" does not comply with the "reasonable

19   particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

20   request overly broad and unduly burdensome in light of "the wealth of material

21   already made available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co.,

22   82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase "based

23   on influence from MATTEL" is vague, ambiguous and unintelligible.  Larian further

24   objects to the request to the extent that it seeks documents that by reason of public

25   filing, public distribution or otherwise are already in Mattel's possession or are

26   readily accessible to Mattel.  Larian further objects to the request to the extent that it

27   seeks documents not in Larian's possession, custody or control.  Larian further

28   objects to the request to the extent it seeks confidential, proprietary or commercially

EXHIBIT 15

PAGE 203

1  sensitive information, the disclosure of which would be inimical to the business

2  interests of Larian or MGA.  Larian further objects to the request to the extent it

3  violates the privacy rights of third parties to their private, confidential, proprietary or

4  trade secret information.

5        Larian further objects to this request as cumulative, duplicative, and unduly

6  burdensome to the extent that it seeks documents previously requested by Mattel or

7  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

8  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

9  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

10  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

11  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

12  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

13  Things to MGAE de Mexico S.R.L. de C.V.

14        Without waiving any of the foregoing General or Specific Objections, but

15  rather expressly preserving each and every such objection, Larian responds as

16  follows:  Larian will produce all non-privileged, responsive documents in his

17  possession, custody or control, if any, that he is able to locate following a reasonably

18  diligent search.

19  REQUEST FOR PRODUCTION NO. 129:

20        All advertisements aired or shown on NICKELODEON for each product

21  depicted in each "MGA advertisement[]" for which NICKELODEON allegedly

22  "limit[ed] time slots" based on influence from MATTEL.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 129:

24        Larian incorporates by reference his General Response and General Objections

25  above, as though fully set forth herein.  Larian further objects to the request to the

26  extent it seeks the production of documents that are protected from disclosure under

27  any applicable privilege, doctrine or immunity, including without limitation the

28  attorney-client privilege, the work product doctrine, the right of privacy, and all other

EXHIBIT 15

PAGE 504

1  privileges recognized under the constitutional, statutory or decisional law of the

2  United States of America, the State of California or any other applicable jurisdiction.

3  Larian further objects to this request as being overly broad and unduly burdensome

4  on the grounds that it is not limited in time or geographical scope.  Larian further

5  objects to this request on the grounds that the phrase "[a]ll advertisements aired or

6  shown on NICKELODEON for each product" does not comply with the "reasonable

7  particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

8  request overly broad and unduly burdensome in light of "the wealth of material

9  already made available in this case."  <u>Westhemeco Ltd. v. New Hampshire Ins. Co.</u>,

10  82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase "based

11  on influence from MATTEL" is vague, ambiguous and unintelligible.  Larian further

12  objects to the request to the extent that it seeks documents that by reason of public

13  filing, public distribution or otherwise are already in Mattel's possession or are

14  readily accessible to Mattel.  Larian further objects to the request to the extent that it

15  seeks documents not in Larian's possession, custody or control.  Larian further

16  objects to the request to the extent it seeks confidential, proprietary or commercially

17  sensitive information, the disclosure of which would be inimical to the business

18  interests of Larian or MGA.  Larian further objects to the request to the extent it

19  violates the privacy rights of third parties to their private, confidential, proprietary or

20  trade secret information.

21      Larian further objects to this request as cumulative, duplicative, and unduly

22  burdensome to the extent that it seeks documents previously requested by Mattel or

23  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

24  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

25  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

26  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

27  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

28

EXHIBIT *15*

PAGE *202*

1  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

2  Things to MGAE de Mexico S.R.L. de C.V.

3      Without waiving any of the foregoing General or Specific Objections, but

4  rather expressly preserving each and every such objection, Larian responds as

5  follows:  Larian will produce all non-privileged, responsive documents in his

6  possession, custody or control, if any, that he is able to locate following a reasonably

7  diligent search.

8  REQUEST FOR PRODUCTION NO. 130:

9      All advertisements aired or shown on any network or any other television

10  outlet, other than NICKELODEON, for each product depicted in each "MGA

11  advertisement[]" allegedly "rejected[ed]" by NICKELODEON based on influence

12  from MATTEL.

13  RESPONSE TO REQUEST FOR PRODUCTION NO. 130:

14      Larian incorporates by reference his General Response and General Objections

15  above, as though fully set forth herein.  Larian further objects to the request to the

16  extent it seeks the production of documents that are protected from disclosure under

17  any applicable privilege, doctrine or immunity, including without limitation the

18  attorney-client privilege, the work product doctrine, the right of privacy, and all other

19  privileges recognized under the constitutional, statutory or decisional law of the

20  United States of America, the State of California or any other applicable jurisdiction.

21  Larian further objects to this request as being overly broad and unduly burdensome

22  on the grounds that it is not limited in time or geographical scope.  Larian further

23  objects to this request on the grounds that the phrase "[a]ll advertisements aired or

24  shown on any network or any other television outlet, other than NICKELODEON,

25  for each product" does not comply with the "reasonable particularity" requirement of

26  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

27  burdensome in light of "the wealth of material already made available in this case."

28  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

EXHIBIT 15

PAGE 206

1   Larian further objects that the phrase "based on influence from MATTEL" is vague,

2   ambiguous and unintelligible.  Larian further objects to the request to the extent that

3   it seeks documents that by reason of public filing, public distribution or otherwise

4   are already in Mattel's possession or are readily accessible to Mattel.  Larian further

5   objects to the request to the extent that it seeks documents not in Larian's possession,

6   custody or control.  Larian further objects to the request to the extent it seeks

7   confidential, proprietary or commercially sensitive information, the disclosure of

8   which would be inimical to the business interests of Larian or MGA.  Larian further

9   objects to the request to the extent it violates the privacy rights of third parties to

10  their private, confidential, proprietary or trade secret information.

11          Larian further objects to this request as cumulative, duplicative, and unduly

12  burdensome to the extent that it seeks documents previously requested by Mattel or

13  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

14  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

15  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

16  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

17  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

18  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

19  Things to MGAE de Mexico S.R.L. de C.V.

20          Without waiving any of the foregoing General or Specific Objections, but

21  rather expressly preserving each and every such objection, Larian responds as

22  follows:  Larian will produce all non-privileged, responsive documents in his

23  possession, custody or control, if any, that he is able to locate following a reasonably

24  diligent search.

25  REQUEST FOR PRODUCTION NO. 131:

26          All advertisements aired or shown on any network or any other television

27  outlet, other than NICKELODEON, for each product depicted in each "MGA

28

EXHIBIT 15

PAGE 207

1  advertisement[]" for which NICKELODEON allegedly "limit[ed] time slots" based

2  on influence from MATTEL.

3  RESPONSE TO REQUEST FOR PRODUCTION NO. 131:

4        Larian incorporates by reference his General Response and General Objections

5  above, as though fully set forth herein.  Larian further objects to the request to the

6  extent it seeks the production of documents that are protected from disclosure under

7  any applicable privilege, doctrine or immunity, including without limitation the

8  attorney-client privilege, the work product doctrine, the right of privacy, and all other

9  privileges recognized under the constitutional, statutory or decisional law of the

10  United States of America, the State of California or any other applicable jurisdiction.

11  Larian further objects to this request as being overly broad and unduly burdensome

12  on the grounds that it is not limited in time or geographical scope.  Larian further

13  objects to this request on the grounds that the phrase "[a]ll advertisements aired or

14  shown on any network or any other television outlet, other than NICKELODEON,

15  for each product" does not comply with the "reasonable particularity" requirement of

16  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

17  burdensome in light of "the wealth of material already made available in this case."

18  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

19  Larian further objects that the phrase "based on influence from MATTEL" is vague,

20  ambiguous and unintelligible.  Larian further objects to the request to the extent that

21  it seeks documents that by reason of public filing, public distribution or otherwise

22  are already in Mattel's possession or are readily accessible to Mattel.  Larian further

23  objects to the request to the extent that it seeks documents not in Larian's possession,

24  custody or control.  Larian further objects to the request to the extent it seeks

25  confidential, proprietary or commercially sensitive information, the disclosure of

26  which would be inimical to the business interests of Larian or MGA.  Larian further

27  objects to the request to the extent it violates the privacy rights of third parties to

28  their private, confidential, proprietary or trade secret information.

207

EXHIBIT _15_

PAGE _308_

1  Larian further objects to this request as cumulative, duplicative, and unduly

2  burdensome to the extent that it seeks documents previously requested by Mattel or

3  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

4  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

5  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

6  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

7  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

8  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

9  Things to MGAE de Mexico S.R.L. de C.V.

10  Without waiving any of the foregoing General or Specific Objections, but

11  rather expressly preserving each and every such objection, Larian responds as

12  follows:  Larian will produce all non-privileged, responsive documents in his

13  possession, custody or control, if any, that he is able to locate following a reasonably

14  diligent search.

15  REQUEST FOR PRODUCTION NO. 132:

16  All print advertisements for each product depicted in each "MGA

17  advertisement[]" allegedly "rejected[ed]" by NICKELODEON based on influence

18  from MATTEL.

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 132:

20  Larian incorporates by reference his General Response and General Objections

21  above, as though fully set forth herein.  Larian further objects to the request to the

22  extent it seeks the production of documents that are protected from disclosure under

23  any applicable privilege, doctrine or immunity, including without limitation the

24  attorney-client privilege, the work product doctrine, the right of privacy, and all other

25  privileges recognized under the constitutional, statutory or decisional law of the

26  United States of America, the State of California or any other applicable jurisdiction.

27  Larian further objects to this request as being overly broad and unduly burdensome

28  on the grounds that it is not limited in time or geographical scope.  Larian further

EXHIBIT 15

PAGE 509

1   objects to this request on the grounds that the phrase "[a]ll print advertisements for

2   each product" does not comply with the "reasonable particularity" requirement of

3   Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

4   burdensome in light of "the wealth of material already made available in this case."

5   <u>Westhemeco Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

6   Larian further objects that the phrase "based on influence from MATTEL" is vague,

7   ambiguous and unintelligible.  Larian further objects to the request to the extent that

8   it seeks documents that by reason of public filing, public distribution or otherwise

9   are already in Mattel's possession or are readily accessible to Mattel.  Larian further

10   objects to the request to the extent that it seeks documents not in Larian's possession,

11   custody or control.  Larian further objects to the request to the extent it seeks

12   confidential, proprietary or commercially sensitive information, the disclosure of

13   which would be inimical to the business interests of Larian or MGA.  Larian further

14   objects to the request to the extent it violates the privacy rights of third parties to

15   their private, confidential, proprietary or trade secret information.

16         Larian further objects to this request as cumulative, duplicative, and unduly

17   burdensome to the extent that it seeks documents previously requested by Mattel or

18   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

19   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

20   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

21   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

22   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

23   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

24   Things to MGAE de Mexico S.R.L. de C.V.

25         Without waiving any of the foregoing General or Specific Objections, but

26   rather expressly preserving each and every such objection, Larian responds as

27   follows:  Larian will produce all non-privileged, responsive documents in his

28

EXHIBIT _15_

PAGE _210_

1  possession, custody or control, if any, that he is able to locate following a reasonably

2  diligent search.

3  REQUEST FOR PRODUCTION NO. 133:

4       All print advertisements for each product depicted in each "MGA

5  advertisement[]" for which NICKELODEON allegedly "limit[ed] time slots" based

6  on influence from MATTEL.

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 133:

8       Larian incorporates by reference his General Response and General Objections

9  above, as though fully set forth herein.  Larian further objects to the request to the

10  extent it seeks the production of documents that are protected from disclosure under

11  any applicable privilege, doctrine or immunity, including without limitation the

12  attorney-client privilege, the work product doctrine, the right of privacy, and all other

13  privileges recognized under the constitutional, statutory or decisional law of the

14  United States of America, the State of California or any other applicable jurisdiction.

15  Larian further objects to this request as being overly broad and unduly burdensome

16  on the grounds that it is not limited in time or geographical scope.  Larian further

17  objects to this request on the grounds that the phrase "[a]ll print advertisements for

18  each product" does not comply with the "reasonable particularity" requirement of

19  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

20  burdensome in light of "the wealth of material already made available in this case."

21  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

22  Larian further objects that the phrase "based on influence from MATTEL" is vague,

23  ambiguous and unintelligible.  Larian further objects to the request to the extent that

24  it seeks documents that by reason of public filing, public distribution or otherwise

25  are already in Mattel's possession or are readily accessible to Mattel.  Larian further

26  objects to the request to the extent that it seeks documents not in Larian's possession,

27  custody or control.  Larian further objects to the request to the extent it seeks

28  confidential, proprietary or commercially sensitive information, the disclosure of

EXHIBIT 15

PAGE 171

1  which would be inimical to the business interests of Larian or MGA.  Larian further

2  objects to the request to the extent it violates the privacy rights of third parties to

3  their private, confidential, proprietary or trade secret information.

4       Larian further objects to this request as cumulative, duplicative, and unduly

5  burdensome to the extent that it seeks documents previously requested by Mattel or

6  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

7  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

8  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

9  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

10  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

11  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

12  Things to MGAE de Mexico S.R.L. de C.V.

13       Without waiving any of the foregoing General or Specific Objections, but

14  rather expressly preserving each and every such objection, Larian responds as

15  follows:  Larian will produce all non-privileged, responsive documents in his

16  possession, custody or control, if any, that he is able to locate following a reasonably

17  diligent search.

18  <u>REQUEST FOR PRODUCTION NO. 134:</u>

19       DOCUMENTS describing all time periods during which YOU advertised each

20  product depicted in each "MGA advertisement[]" allegedly rejected[ed]" by

21  NICKELODEON based on influence from MATTEL, including, but not limited to,

22  the dates of the first and last advertisements.

23  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 134:</u>

24       Larian incorporates by reference his General Response and General Objections

25  above, as though fully set forth herein and specifically incorporates General

26  Objection No. 15 (regarding Definitions), including without limitation Larian's

27  objection to the definition of the terms YOU, and its incorporated terms

28  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

211

1  seeks the production of documents that are protected from disclosure under any

2  applicable privilege, doctrine or immunity, including without limitation the attorney-

3  client privilege, the work product doctrine, the right of privacy, and all other

4  privileges recognized under the constitutional, statutory or decisional law of the

5  United States of America, the State of California or any other applicable jurisdiction.

6  Larian further objects to this request as being overly broad and unduly burdensome

7  on the grounds that it is not limited in time or geographical scope.  Larian further

8  objects to this request on the grounds that the phrase "DOCUMENTS describing all

9  time periods during which" renders the request vague, ambiguous, and unintelligible.

10  Larian further objects that the phrase "based on influence from MATTEL" is vague,

11  ambiguous and unintelligible.  Larian further objects to the request to the extent that

12  it seeks documents that by reason of public filing, public distribution or otherwise

13  are already in Mattel's possession or are readily accessible to Mattel.  Larian further

14  objects to the request to the extent that it seeks documents not in Larian's possession,

15  custody or control.  Larian further objects to the request to the extent it seeks

16  confidential, proprietary or commercially sensitive information, the disclosure of

17  which would be inimical to the business interests of Larian or MGA.  Larian further

18  objects to the request to the extent it violates the privacy rights of third parties to

19  their private, confidential, proprietary or trade secret information.

20        Larian further objects to this request as cumulative, duplicative, and unduly

21  burdensome to the extent that it seeks documents previously requested by Mattel or

22  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

23  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

24  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

25  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

26  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

27  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

28  Things to MGAE de Mexico S.R.L. de C.V.

212

EXHIBIT 15

PAGE 213

1      Without waiving any of the foregoing General or Specific Objections, but

2 rather expressly preserving each and every such objection, Larian responds as

3 follows: Larian will produce all non-privileged, responsive documents in his

4 possession, custody or control, if any, that he is able to locate following a reasonably

5 diligent search.

6 REQUEST FOR PRODUCTION NO. 135:

7      DOCUMENTS describing all time periods during which YOU advertised each

8 product depicted in each "MGA advertisement[]" for which NICKELODEON

9 allegedly "limit[ed] time slots" based on influence from MATTEL, including but not

10 limited to, the dates of the first and last advertisements.

11 RESPONSE TO REQUEST FOR PRODUCTION NO. 135:

12      Larian incorporates by reference his General Response and General Objections

13 above, as though fully set forth herein and specifically incorporates General

14 Objection No. 15 (regarding Definitions), including without limitation Larian's

15 objection to the definition of the terms YOU, and its incorporated terms

16 AFFILIATES and PERSON. Larian further objects to the request to the extent it

17 seeks the production of documents that are protected from disclosure under any

18 applicable privilege, doctrine or immunity, including without limitation the attorney-

19 client privilege, the work product doctrine, the right of privacy, and all other

20 privileges recognized under the constitutional, statutory or decisional law of the

21 United States of America, the State of California or any other applicable jurisdiction.

22 Larian further objects to this request as being overly broad and unduly burdensome

23 on the grounds that it is not limited in time or geographical scope. Larian further

24 objects to this request on the grounds that the phrase "DOCUMENTS describing all

25 time periods during which" renders the request vague, ambiguous, and unintelligible.

26 Larian further objects that the phrase "based on influence from MATTEL" is vague,

27 ambiguous and unintelligible. Larian further objects to the request to the extent that

28 it seeks documents that by reason of public filing, public distribution or otherwise

213

EXHIBIT 15

PAGE 674

1  are already in Mattel's possession or are readily accessible to Mattel.  Larian further

2  objects to the request to the extent that it seeks documents not in Larian's possession,

3  custody or control.  Larian further objects to the request to the extent it seeks

4  confidential, proprietary or commercially sensitive information, the disclosure of

5  which would be inimical to the business interests of Larian or MGA.  Larian further

6  objects to the request to the extent it violates the privacy rights of third parties to

7  their private, confidential, proprietary or trade secret information.

8       Larian further objects to this request as cumulative, duplicative, and unduly

9  burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

11  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

12  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

13  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

14  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

15  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

16  Things to MGAE de Mexico S.R.L. de C.V.

17       Without waiving any of the foregoing General or Specific Objections, but

18  rather expressly preserving each and every such objection, Larian responds as

19  follows:  Larian will produce all non-privileged, responsive documents in his

20  possession, custody or control, if any, that he is able to locate following a reasonably

21  diligent search.

22  REQUEST FOR PRODUCTION NO. 136:

23       All DOCUMENTS, including but not limited to all COMMUNICATIONS

24  with any PERSON, that REFER OR RELATE TO any network's or other television

25  outlet's acceptance or rejection of any "MGA advertisement[]" that NICKELODEON

26  allegedly "rejected[ed]" based on influence from MATTEL.

27

28

EXHIBIT _15_

PAGE _515_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 136:

2      Larian incorporates by reference his General Response and General Objections

3  above, as though fully set forth herein and specifically incorporates General

4  Objection No. 15 (regarding Definitions), including without limitation Larian's

5  objection to the definition of the term PERSON.  Larian further objects to the request

6  to the extent it seeks the production of documents that are protected from disclosure

7  under any applicable privilege, doctrine or immunity, including without limitation

8  the attorney-client privilege, the work product doctrine, the right of privacy, and all

9  other privileges recognized under the constitutional, statutory or decisional law of

10  the United States of America, the State of California or any other applicable

11  jurisdiction.  Larian further objects to this request as being overly broad and unduly

12  burdensome on the grounds that it is not limited in time or geographical scope.

13  Larian further objects to this request on the grounds that the phrase "[a]ll

14  DOCUMENTS, including but not limited to all COMMUNICATIONS with any

15  PERSON, that REFER OR RELATE TO" does not comply with the "reasonable

16  particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

17  request overly broad and unduly burdensome in light of "the wealth of material

18  already made available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co.,

19  82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase "any

20  network's or other television outlet's acceptance or rejection" is compound and, as

21  such, renders the request vague, ambiguous, and unintelligible.  Larian further

22  objects that the phrase "based on influence from MATTEL" is vague, ambiguous and

23  unintelligible.  Larian further objects to the request to the extent that it seeks

24  documents that by reason of public filing, public distribution or otherwise are already

25  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

26  the request to the extent that it seeks documents not in Larian's possession, custody

27  or control.  Larian further objects to the request to the extent it seeks confidential,

28  proprietary or commercially sensitive information, the disclosure of which would be

EXHIBIT 15

PAGE 516

1   inimical to the business interests of Larian or MGA.  Larian further objects to the

2   request to the extent it violates the privacy rights of third parties to their private,

3   confidential, proprietary or trade secret information.

4         Larian further objects to this request as cumulative, duplicative, and unduly

5   burdensome to the extent that it seeks documents previously requested by Mattel or

6   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

7   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

8   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

9   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

10   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

11   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

12   Things to MGAE de Mexico S.R.L. de C.V.

13         Without waiving any of the foregoing General or Specific Objections, but

14   rather expressly preserving each and every such objection, Larian responds as

15   follows:  Larian will produce all non-privileged, responsive documents in his

16   possession, custody or control, if any, that he is able to locate following a reasonably

17   diligent search.

18   <u>REQUEST FOR PRODUCTION NO. 137:</u>

19         All DOCUMENTS, including but not limited to all COMMUNICATIONS

20   with any PERSON, that REFER OR RELATE TO any network's or other television

21   outlet's limitation of time slots for any "MGA advertisement[]" for which

22   NICKELODEON allegedly "limit[ed] time slots" based on influence from MATTEL.

23   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 137:</u>

24         Larian incorporates by reference his General Response and General Objections

25   above, as though fully set forth herein and specifically incorporates General

26   Objection No. 15 (regarding Definitions), including without limitation Larian's

27   objection to the definition of the term PERSON.  Larian further objects to the request

28   to the extent it seeks the production of documents that are protected from disclosure

EXHIBIT *15*

PAGE *517*

1    under any applicable privilege, doctrine or immunity, including without limitation

2    the attorney-client privilege, the work product doctrine, the right of privacy, and all

3    other privileges recognized under the constitutional, statutory or decisional law of

4    the United States of America, the State of California or any other applicable

5    jurisdiction.  Larian further objects to this request as being overly broad and unduly

6    burdensome on the grounds that it is not limited in time or geographical scope.

7    Larian further objects to this request on the grounds that the phrase "[a]ll

8    DOCUMENTS, including but not limited to all COMMUNICATIONS with any

9    PERSON, that REFER OR RELATE TO" does not comply with the "reasonable

10   particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

11   request overly broad and unduly burdensome in light of "the wealth of material

12   already made available in this case."  <u>Westhemeco Ltd. v. New Hampshire Ins. Co.</u>,

13   82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase "any

14   network's or other television outlet's limitation of time slots" is compound and, as

15   such, renders the request vague, ambiguous, and unintelligible.  Larian further

16   objects that the phrase "based on influence from MATTEL" is vague, ambiguous and

17   unintelligible.  Larian further objects to the request to the extent that it seeks

18   documents that by reason of public filing, public distribution or otherwise are already

19   in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

20   the request to the extent that it seeks documents not in Larian's possession, custody

21   or control.  Larian further objects to the request to the extent it seeks confidential,

22   proprietary or commercially sensitive information, the disclosure of which would be

23   inimical to the business interests of Larian or MGA.  Larian further objects to the

24   request to the extent it violates the privacy rights of third parties to their private,

25   confidential, proprietary or trade secret information.

26          Larian further objects to this request as cumulative, duplicative, and unduly

27   burdensome to the extent that it seeks documents previously requested by Mattel or

28   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

1 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
2 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
3 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
4 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
5 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
6 | Things to MGAE de Mexico S.R.L. de C.V.

7 | Without waiving any of the foregoing General or Specific Objections, but
8 | rather expressly preserving each and every such objection, Larian responds as
9 | follows:  Larian will produce all non-privileged, responsive documents in his
10 | possession, custody or control, if any, that he is able to locate following a reasonably
11 | diligent search.

12 | REQUEST FOR PRODUCTION NO. 138:

13 | ALL DOCUMENTS that REFER OR RELATE TO the costs, including
14 | without limitation, the production costs, for any "MGA advertisement[]" that
15 | NICKELODEON allegedly "reject[ed]" based on influence from MATTEL.

16 | RESPONSE TO REQUEST FOR PRODUCTION NO. 138:

17 | Larian incorporates by reference his General Response and General Objections
18 | above, as though fully set forth herein.  Larian further objects to the request to the
19 | extent it seeks the production of documents that are protected from disclosure under
20 | any applicable privilege, doctrine or immunity, including without limitation the
21 | attorney-client privilege, the work product doctrine, the right of privacy, and all other
22 | privileges recognized under the constitutional, statutory or decisional law of the
23 | United States of America, the State of California or any other applicable jurisdiction.
24 | Larian further objects to this request as being overly broad and unduly burdensome
25 | on the grounds that it is not limited in time or geographical scope.  Larian further
26 | objects to this request on the grounds that the phrase "ALL DOCUMENTS that
27 | REFER OR RELATE TO" does not comply with the "reasonable particularity"
28 | requirement of Federal Rule of Civil Procedure 34 and renders the request overly

EXHIBIT 15

PAGE 579

1  broad and unduly burdensome in light of "the wealth of material already made

2  available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

3  709 (S.D.N.Y. 1979).  Larian further objects that the phrase "based on influence

4  from MATTEL" is vague, ambiguous and unintelligible.  Larian further objects to

5  the request to the extent that it seeks documents that by reason of public filing,

6  public distribution or otherwise are already in Mattel's possession or are readily

7  accessible to Mattel.  Larian further objects to the request to the extent that it seeks

8  documents not in Larian's possession, custody or control.  Larian further objects to

9  the request to the extent it seeks confidential, proprietary or commercially sensitive

10  information, the disclosure of which would be inimical to the business interests of

11  Larian or MGA.  Larian further objects to the request to the extent it violates the

12  privacy rights of third parties to their private, confidential, proprietary or trade secret

13  information.

14      Larian further objects to this request as cumulative, duplicative, and unduly

15  burdensome to the extent that it seeks documents previously requested by Mattel or

16  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

17  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

18  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

19  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

20  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

21  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

22  Things to MGAE de Mexico S.R.L. de C.V.

23      Without waiving any of the foregoing General or Specific Objections, but

24  rather expressly preserving each and every such objection, Larian responds as

25  follows:  Larian will produce all non-privileged, responsive documents in his

26  possession, custody or control, if any, that he is able to locate following a reasonably

27  diligent search.

28

EXHIBIT 15

PAGE 520

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  REQUEST FOR PRODUCTION NO. 139:

2       ALL DOCUMENTS that REFER OR RELATE TO the costs, including

3  without limitation, the production costs, for any "MGA advertisement[]" for which

4  NICKELODEON allegedly "limit[ed] time slots" based on influence from MATTEL.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 139:

6       Larian incorporates by reference his General Response and General Objections

7  above, as though fully set forth herein.  Larian further objects to the request to the

8  extent it seeks the production of documents that are protected from disclosure under

9  any applicable privilege, doctrine or immunity, including without limitation the

10  attorney-client privilege, the work product doctrine, the right of privacy, and all other

11  privileges recognized under the constitutional, statutory or decisional law of the

12  United States of America, the State of California or any other applicable jurisdiction.

13  Larian further objects to this request as being overly broad and unduly burdensome

14  on the grounds that it is not limited in time or geographical scope.  Larian further

15  objects to this request on the grounds that the phrase "ALL DOCUMENTS that

16  REFER OR RELATE TO" does not comply with the "reasonable particularity"

17  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

18  broad and unduly burdensome in light of "the wealth of material already made

19  available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

20  709 (S.D.N.Y. 1979).  Larian further objects that the phrase "based on influence

21  from MATTEL" is vague, ambiguous and unintelligible.  Larian further objects to

22  the request to the extent that it seeks documents that by reason of public filing,

23  public distribution or otherwise are already in Mattel's possession or are readily

24  accessible to Mattel.  Larian further objects to the request to the extent that it seeks

25  documents not in Larian's possession, custody or control.  Larian further objects to

26  the request to the extent it seeks confidential, proprietary or commercially sensitive

27  information, the disclosure of which would be inimical to the business interests of

28  Larian or MGA.  Larian further objects to the request to the extent it violates the

220

EXHIBIT 15

1 privacy rights of third parties to their private, confidential, proprietary or trade secret

2 information.

3       Larian further objects to this request as cumulative, duplicative, and unduly

4 burdensome to the extent that it seeks documents previously requested by Mattel or

5 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11 Things to MGAE de Mexico S.R.L. de C.V.

12       Without waiving any of the foregoing General or Specific Objections, but

13 rather expressly preserving each and every such objection, Larian responds as

14 follows:  Larian will produce all non-privileged, responsive documents in his

15 possession, custody or control, if any, that he is able to locate following a reasonably

16 diligent search.

17 **REQUEST FOR PRODUCTION NO. 140:**

18       ALL DOCUMENTS that REFER OR RELATE TO the airing on any network

19 or other television outlet of any "MGA advertisement[]" that NICKELODEON

20 allegedly "reject[ed]" based on influence from MATTEL.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

22       Larian incorporates by reference his General Response and General Objections

23 above, as though fully set forth herein.  Larian further objects to the request to the

24 extent it seeks the production of documents that are protected from disclosure under

25 any applicable privilege, doctrine or immunity, including without limitation the

26 attorney-client privilege, the work product doctrine, the right of privacy, and all other

27 privileges recognized under the constitutional, statutory or decisional law of the

28 United States of America, the State of California or any other applicable jurisdiction.

EXHIBIT 15

PAGE 222

1 Larian further objects to this request as being overly broad and unduly burdensome

2 on the grounds that it is not limited in time or geographical scope. Larian further

3 objects to this request on the grounds that the phrase "ALL DOCUMENTS that

4 REFER OR RELATE TO" does not comply with the "reasonable particularity"

5 requirement of Federal Rule of Civil Procedure 34 and renders the request overly

6 broad and unduly burdensome in light of "the wealth of material already made

7 available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

8 709 (S.D.N.Y. 1979). Larian further objects that the phrase "the airing on any

9 network or other television outlet" is compound and, as such, renders the request

10 vague, ambiguous, and unintelligible. Larian further objects that the phrase "based

11 on influence from MATTEL" is vague, ambiguous and unintelligible. Larian further

12 objects to the request to the extent that it seeks documents that by reason of public

13 filing, public distribution or otherwise are already in Mattel's possession or are

14 readily accessible to Mattel. Larian further objects to the request to the extent that it

15 seeks documents not in Larian's possession, custody or control. Larian further

16 objects to the request to the extent it seeks confidential, proprietary or commercially

17 sensitive information, the disclosure of which would be inimical to the business

18 interests of Larian or MGA. Larian further objects to the request to the extent it

19 violates the privacy rights of third parties to their private, confidential, proprietary or

20 trade secret information.

21        Larian further objects to this request as cumulative, duplicative, and unduly

22 burdensome to the extent that it seeks documents previously requested by Mattel or

23 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

24 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

25 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

26 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

27 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

28

EXHIBIT 15

PAGE 223

1  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

2  Things to MGAE de Mexico S.R.L. de C.V.

3       Without waiving any of the foregoing General or Specific Objections, but

4  rather expressly preserving each and every such objection, Larian responds as

5  follows: Larian will produce all non-privileged, responsive documents in his

6  possession, custody or control, if any, that he is able to locate following a reasonably

7  diligent search.

8  REQUEST FOR PRODUCTION NO. 141:

9       ALL DOCUMENTS that REFER OR RELATE TO the airing on any network

10  or other television outlet of any "MGA advertisement[]" for which NICKELODEON

11  allegedly "limit[ed] time slots" based on influence from MATTEL.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 141:

13       Larian incorporates by reference his General Response and General Objections

14  above, as though fully set forth herein. Larian further objects to the request to the

15  extent it seeks the production of documents that are protected from disclosure under

16  any applicable privilege, doctrine or immunity, including without limitation the

17  attorney-client privilege, the work product doctrine, the right of privacy, and all other

18  privileges recognized under the constitutional, statutory or decisional law of the

19  United States of America, the State of California or any other applicable jurisdiction.

20  Larian further objects to this request as being overly broad and unduly burdensome

21  on the grounds that it is not limited in time or geographical scope. Larian further

22  objects to this request on the grounds that the phrase "ALL DOCUMENTS that

23  REFER OR RELATE TO" does not comply with the "reasonable particularity"

24  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

25  broad and unduly burdensome in light of "the wealth of material already made

26  available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

27  709 (S.D.N.Y. 1979). Larian further objects that the phrase "the airing on any

28  network or other television outlet" is compound and, as such, renders the request

EXHIBIT 15

PAGE 321