1 | vague, ambiguous, and unintelligible.  Larian further objects that the phrase "based
2 | on influence from MATTEL" is vague, ambiguous and unintelligible.  Larian further
3 | objects to the request to the extent that it seeks documents that by reason of public
4 | filing, public distribution or otherwise are already in Mattel's possession or are
5 | readily accessible to Mattel.  Larian further objects to the request to the extent that it
6 | seeks documents not in Larian's possession, custody or control.  Larian further
7 | objects to the request to the extent it seeks confidential, proprietary or commercially
8 | sensitive information, the disclosure of which would be inimical to the business
9 | interests of Larian or MGA.  Larian further objects to the request to the extent it
10 | violates the privacy rights of third parties to their private, confidential, proprietary or
11 | trade secret information.

12 | Larian further objects to this request as cumulative, duplicative, and unduly
13 | burdensome to the extent that it seeks documents previously requested by Mattel or
14 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
15 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
16 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
17 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
18 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
19 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
20 | Things to MGAE de Mexico S.R.L. de C.V.

21 | Without waiving any of the foregoing General or Specific Objections, but
22 | rather expressly preserving each and every such objection, Larian responds as
23 | follows:  Larian will produce all non-privileged, responsive documents in his
24 | possession, custody or control, if any, that he is able to locate following a reasonably
25 | diligent search.

26
27
28

EXHIBIT *15*

PAGE *525*

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1 REQUEST FOR PRODUCTION NO. 142:

2      ALL DOCUMENTS that REFER OR RELATE TO any focus group, market

3 research or study of any "MGA advertisement[]" that NICKELODEON allegedly

4 "reject[ed]" based on influence from MATTEL.

5 RESPONSE TO REQUEST FOR PRODUCTION NO. 142:

6      Larian incorporates by reference his General Response and General Objections

7 above, as though fully set forth herein.  Larian further objects to the request to the

8 extent it seeks the production of documents that are protected from disclosure under

9 any applicable privilege, doctrine or immunity, including without limitation the

10 attorney-client privilege, the work product doctrine, the right of privacy, and all other

11 privileges recognized under the constitutional, statutory or decisional law of the

12 United States of America, the State of California or any other applicable jurisdiction.

13 Larian further objects to this request as being overly broad and unduly burdensome

14 on the grounds that it is not limited in time or geographical scope.  Larian further

15 objects to this request on the grounds that the phrase "ALL DOCUMENTS that

16 REFER OR RELATE TO" does not comply with the "reasonable particularity"

17 requirement of Federal Rule of Civil Procedure 34 and renders the request overly

18 broad and unduly burdensome in light of "the wealth of material already made

19 available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

20 709 (S.D.N.Y. 1979).  Larian further objects that the phrases "any focus group,

21 market research or study" and "based on influence from MATTEL" are compound,

22 vague, ambiguous and unintelligible.  Larian further objects to the request to the

23 extent that it seeks documents that by reason of public filing, public distribution or

24 otherwise are already in Mattel's possession or are readily accessible to Mattel.

25 Larian further objects to the request to the extent that it seeks documents not in

26 Larian's possession, custody or control.  Larian further objects to the request to the

27 extent it seeks confidential, proprietary or commercially sensitive information, the

28 disclosure of which would be inimical to the business interests of Larian or MGA.

EXHIBIT 15

PAGE 226

1  Larian further objects to the request to the extent it violates the privacy rights of third

2  parties to their private, confidential, proprietary or trade secret information.

3      Larian further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11  Things to MGAE de Mexico S.R.L. de C.V.

12      Without waiving any of the foregoing General or Specific Objections, but

13  rather expressly preserving each and every such objection, Larian responds as

14  follows:  Larian will produce all non-privileged, responsive documents in his

15  possession, custody or control, if any, that he is able to locate following a reasonably

16  diligent search.

17  REQUEST FOR PRODUCTION NO. 143:

18      ALL DOCUMENTS that REFER OR RELATE TO any focus group, market

19  research or study of any "MGA advertisement[]" for which NICKELODEON

20  allegedly "limit[ed] time slots" based on influence from MATTEL.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 143:

22      Larian incorporates by reference his General Response and General Objections

23  above, as though fully set forth herein.  Larian further objects to the request to the

24  extent it seeks the production of documents that are protected from disclosure under

25  any applicable privilege, doctrine or immunity, including without limitation the

26  attorney-client privilege, the work product doctrine, the right of privacy, and all other

27  privileges recognized under the constitutional, statutory or decisional law of the

28  United States of America, the State of California or any other applicable jurisdiction.

EXHIBIT 15

PAGE 527

1  Larian further objects to this request as being overly broad and unduly burdensome

2  on the grounds that it is not limited in time or geographical scope.  Larian further

3  objects to this request on the grounds that the phrase "ALL DOCUMENTS that

4  REFER OR RELATE TO" does not comply with the "reasonable particularity"

5  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

6  broad and unduly burdensome in light of "the wealth of material already made

7  available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

8  709 (S.D.N.Y. 1979).  Larian further objects that the phrases "any focus group,

9  market research or study" and "based on influence from MATTEL" are vague,

10  ambiguous and unintelligible.  Larian further objects to the request to the extent that

11  it seeks documents that by reason of public filing, public distribution or otherwise

12  are already in Mattel's possession or are readily accessible to Mattel.  Larian further

13  objects to the request to the extent that it seeks documents not in Larian's possession,

14  custody or control.  Larian further objects to the request to the extent it seeks

15  confidential, proprietary or commercially sensitive information, the disclosure of

16  which would be inimical to the business interests of Larian or MGA.  Larian further

17  objects to the request to the extent it violates the privacy rights of third parties to

18  their private, confidential, proprietary or trade secret information.

19         Larian further objects to this request as cumulative, duplicative, and unduly

20  burdensome to the extent that it seeks documents previously requested by Mattel or

21  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

22  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

23  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

24  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

25  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

26  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

27  Things to MGAE de Mexico S.R.L. de C.V.

28

EXHIBIT _15_

PAGE _508_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1   Without waiving any of the foregoing General or Specific Objections, but
2   rather expressly preserving each and every such objection, Larian responds as
3   follows:  Larian will produce all non-privileged, responsive documents in his
4   possession, custody or control, if any, that he is able to locate following a reasonably
5   diligent search.
6   REQUEST FOR PRODUCTION NO. 144:
7   ALL DOCUMENTS that REFER OR RELATE TO any comments by any
8   PERSON on any "MGA advertisement[]" that NICKELODEON allegedly
9   "reject[ed]" based on influence from MATTEL, including without limitation, on the
10   quality, suitability, appropriateness, production values, aesthetics, appearance,
11   persuasiveness or attractiveness of the advertisement.
12   RESPONSE TO REQUEST FOR PRODUCTION NO. 144:
13   Larian incorporates by reference his General Response and General Objections
14   above, as though fully set forth herein and specifically incorporates General
15   Objection No. 15 (regarding Definitions), including without limitation Larian's
16   objection to the definition of the term PERSON.  Larian further objects to the request
17   to the extent it seeks the production of documents that are protected from disclosure
18   under any applicable privilege, doctrine or immunity, including without limitation
19   the attorney-client privilege, the work product doctrine, the right of privacy, and all
20   other privileges recognized under the constitutional, statutory or decisional law of
21   the United States of America, the State of California or any other applicable
22   jurisdiction.  Larian further objects to this request as being overly broad and unduly
23   burdensome on the grounds that it is not limited in time or geographical scope.
24   Larian further objects to this request on the grounds that the phrase "ALL
25   DOCUMENTS that REFER OR RELATE TO" does not comply with the
26   "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and
27   renders the request overly broad and unduly burdensome in light of "the wealth of
28   material already made available in this case."  Westhemeco Ltd. v. New Hampshire

EXHIBIT _15_

PAGE _529_

1  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrases

2  "any comments by any PERSON," "based on influence from MATTEL" and "quality,

3  suitability, appropriateness, production values, aesthetics, appearance,

4  persuasiveness or attractiveness" are vague, ambiguous, unintelligible, overbroad

5  and unduly burdensome.  Larian further objects to the request to the extent that it

6  seeks documents that by reason of public filing, public distribution or otherwise are

7  already in Mattel's possession or are readily accessible to Mattel.  Larian further

8  objects to the request to the extent that it seeks documents not in Larian's possession,

9  custody or control.  Larian further objects to the request to the extent it seeks

10  confidential, proprietary or commercially sensitive information, the disclosure of

11  which would be inimical to the business interests of Larian or MGA.  Larian further

12  objects to the request to the extent it violates the privacy rights of third parties to

13  their private, confidential, proprietary or trade secret information.

14      Larian further objects to this request as cumulative, duplicative, and unduly

15  burdensome to the extent that it seeks documents previously requested by Mattel or

16  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

17  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

18  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

19  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

20  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

21  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

22  Things to MGAE de Mexico S.R.L. de C.V.

23      Without waiving any of the foregoing General or Specific Objections, but

24  rather expressly preserving each and every such objection, Larian responds as

25  follows:  Larian will produce all non-privileged, responsive documents in his

26  possession, custody or control, if any, that he is able to locate following a reasonably

27  diligent search.

EXHIBIT _15_

PAGE _530_

1  REQUEST FOR PRODUCTION NO. 145:

2      ALL DOCUMENTS that REFER OR RELATE TO any comments by any

3  PERSON on any "MGA advertisement[]" for which NICKELODEON allegedly

4  "limit[ed] time slots" based on influence from MATTEL, including without

5  limitation, on the quality, suitability, appropriateness, production values, aesthetics,

6  appearance, persuasiveness or attractiveness of the advertisement.

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 145:

8      Larian incorporates by reference his General Response and General Objections

9  above, as though fully set forth herein and specifically incorporates General

10  Objection No. 15 (regarding Definitions), including without limitation Larian's

11  objection to the definition of the term PERSON.  Larian further objects to the request

12  to the extent it seeks the production of documents that are protected from disclosure

13  under any applicable privilege, doctrine or immunity, including without limitation

14  the attorney-client privilege, the work product doctrine, the right of privacy, and all

15  other privileges recognized under the constitutional, statutory or decisional law of

16  the United States of America, the State of California or any other applicable

17  jurisdiction.  Larian further objects to this request as being overly broad and unduly

18  burdensome on the grounds that it is not limited in time or geographical scope.

19  Larian further objects to this request on the grounds that the phrase "ALL

20  DOCUMENTS that REFER OR RELATE TO" does not comply with the

21  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

22  renders the request overly broad and unduly burdensome in light of "the wealth of

23  material already made available in this case."  Westhemeco Ltd. v. New Hampshire

24  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrases

25  "any comments by any PERSON," "based on influence from MATTEL" and "quality,

26  suitability, appropriateness, production values, aesthetics, appearance,

27  persuasiveness or attractiveness" are vague, ambiguous, unintelligible, overbroad

28  and unduly burdensome.  Larian further objects to the request to the extent that it

EXHIBIT 15

PAGE 531

1 | seeks documents that by reason of public filing, public distribution or otherwise are

2 | already in Mattel's possession or are readily accessible to Mattel.  Larian further

3 | objects to the request to the extent that it seeks documents not in Larian's possession,

4 | custody or control.  Larian further objects to the request to the extent it seeks

5 | confidential, proprietary or commercially sensitive information, the disclosure of

6 | which would be inimical to the business interests of Larian or MGA.  Larian further

7 | objects to the request to the extent it violates the privacy rights of third parties to

8 | their private, confidential, proprietary or trade secret information.

9 | Larian further objects to this request as cumulative, duplicative, and unduly

10 | burdensome to the extent that it seeks documents previously requested by Mattel or

11 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

12 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

13 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to

14 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

15 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.

16 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

17 | Things to MGAE de Mexico S.R.L. de C.V.

18 | Without waiving any of the foregoing General or Specific Objections, but

19 | rather expressly preserving each and every such objection, Larian responds as

20 | follows:  Larian will produce all non-privileged, responsive documents in his

21 | possession, custody or control, if any, that he is able to locate following a reasonably

22 | diligent search.

23 | REQUEST FOR PRODUCTION NO. 146:

24 | ALL DOCUMENTS that REFER OR RELATE TO the reasons that any

25 | PERSON carried or refused to carry any "MGA advertisement[]" that

26 | NICKELODEON allegedly "reject[ed]" based on influence from MATTEL.

27 |

28 |

EXHIBIT *15*

PAGE *532*

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

RESPONSE TO REQUEST FOR PRODUCTION NO. 146:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the term PERSON. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrase "ALL DOCUMENTS that REFER OR RELATE TO" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrases "the reasons that any PERSON carried or refused to carry any 'MGA advertisement[]' that NICKELODEON allegedly 'reject[ed]'" and "based on influence from MATTEL" are vague, ambiguous, unintelligible, overbroad and unduly burdensome. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA. Larian further objects to the

232

EXHIBIT 15

1  request to the extent it violates the privacy rights of third parties to their private,

2  confidential, proprietary or trade secret information.

3       Larian further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11  Things to MGAE de Mexico S.R.L. de C.V.

12       Without waiving any of the foregoing General or Specific Objections, but

13  rather expressly preserving each and every such objection, Larian responds as

14  follows:  Larian will produce all non-privileged, responsive documents in his

15  possession, custody or control, if any, that he is able to locate following a reasonably

16  diligent search.

17  REQUEST FOR PRODUCTION NO. 147:

18       ALL DOCUMENTS that REFER OR RELATE TO the reasons that any

19  PERSON limited the time slots for any "MGA advertisement[]" for which

20  NICKELODEON allegedly "limit[ed] time slots" based on influence from MATTEL.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 147:

22       Larian incorporates by reference his General Response and General Objections

23  above, as though fully set forth herein and specifically incorporates General

24  Objection No. 15 (regarding Definitions), including without limitation Larian's

25  objection to the definition of the term PERSON.  Larian further objects to the request

26  to the extent it seeks the production of documents that are protected from disclosure

27  under any applicable privilege, doctrine or immunity, including without limitation

28  the attorney-client privilege, the work product doctrine, the right of privacy, and all

1 | other privileges recognized under the constitutional, statutory or decisional law of

2 | the United States of America, the State of California or any other applicable

3 | jurisdiction. Larian further objects to this request as being overly broad and unduly

4 | burdensome on the grounds that it is not limited in time or geographical scope.

5 | Larian further objects to this request on the grounds that the phrase "ALL

6 | DOCUMENTS that REFER OR RELATE TO" does not comply with the

7 | "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

8 | renders the request overly broad and unduly burdensome in light of "the wealth of

9 | material already made available in this case." Westhemeco Ltd. v. New Hampshire

10 | Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrase

11 | "the reasons that any PERSON limited the time slots for any 'MGA advertisement[]'

12 | for which NICKELODEON allegedly 'limit[ed] time slots'" is vague, ambiguous,

13 | unintelligible, overbroad and unduly burdensome. Larian further objects to the

14 | request to the extent that it seeks documents that by reason of public filing, public

15 | distribution or otherwise are already in Mattel's possession or are readily accessible

16 | to Mattel. Larian further objects to the request to the extent that it seeks documents

17 | not in Larian's possession, custody or control. Larian further objects to the request to

18 | the extent it seeks confidential, proprietary or commercially sensitive information,

19 | the disclosure of which would be inimical to the business interests of Larian or MGA.

20 | Larian further objects to the request to the extent it violates the privacy rights of third

21 | parties to their private, confidential, proprietary or trade secret information.

22 |       Larian further objects to this request as cumulative, duplicative, and unduly

23 | burdensome to the extent that it seeks documents previously requested by Mattel or

24 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

25 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

26 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to

27 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

28 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.

EXHIBIT 15

PAGE 535

1  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

2  Things to MGAE de Mexico S.R.L. de C.V.

3      Without waiving any of the foregoing General or Specific Objections, but

4  rather expressly preserving each and every such objection, Larian responds as

5  follows:  Larian will produce all non-privileged, responsive documents in his

6  possession, custody or control, if any, that he is able to locate following a reasonably

7  diligent search.

8  REQUEST FOR PRODUCTION NO. 148:

9      ALL DOCUMENTS, including but not limited to all COMMUNICATIONS,

10  that REFER OR RELATE TO any effort or attempt by YOU, directly or indirectly,

11  to influence any network or other television outlet to reject or limit the time slot for

12  any MATTEL advertisement.

13  RESPONSE TO REQUEST FOR PRODUCTION NO. 148:

14      Larian incorporates by reference his General Response and General Objections

15  above, as though fully set forth herein and specifically incorporates General

16  Objection No. 15 (regarding Definitions), including without limitation Larian's

17  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

18  and PERSON.  Larian further objects to the request to the extent it seeks the

19  production of documents that are protected from disclosure under any applicable

20  privilege, doctrine or immunity, including without limitation the attorney-client

21  privilege, the work product doctrine, the right of privacy, and all other privileges

22  recognized under the constitutional, statutory or decisional law of the United States

23  of America, the State of California or any other applicable jurisdiction.  Larian

24  further objects to this request as being overly broad and unduly burdensome on the

25  grounds that it is not limited in time or geographical scope.  Larian further objects to

26  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

27  limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

28  TO" does not comply with the "reasonable particularity" requirement of Federal Rule

235

EXHIBIT 15

PAGE 136

1  of Civil Procedure 34 and renders the request overly broad and unduly burdensome

2  in light of "the wealth of material already made available in this case." <u>Westhemeco</u>

3  <u>Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

4  further objects that the phrase "any effort or attempt by YOU, directly or indirectly,

5  to influence any network or other television outlet to reject or limit the time slot for

6  any MATTEL advertisement" is (1) accusatory and argumentative such that Larian

7  would have to respond to the allegations of the request before providing any

8  substantive response, <u>see</u> <u>Zadrozny v. Board of Trustees District No. 508</u>, 1991 WL

9  66705, at *1 (N.D. Ill. April 24, 1991), and (2) compound, rendering the request

10  vague, ambiguous, and unintelligible.  Larian further objects to the request to the

11  extent that it seeks documents that by reason of public filing, public distribution or

12  otherwise are already in Mattel's possession or are readily accessible to Mattel.

13  Larian further objects to the request to the extent that it seeks documents not in

14  Larian's possession, custody or control.  Larian further objects to the request to the

15  extent it seeks confidential, proprietary or commercially sensitive information, the

16  disclosure of which would be inimical to the business interests of Larian or MGA.

17  Larian further objects to the request to the extent it violates the privacy rights of third

18  parties to their private, confidential, proprietary or trade secret information.

19  REQUEST FOR PRODUCTION NO. 149:

20      ALL DOCUMENTS that REFER OR RELATE TO the number of viewers

21  who have seen on any network or other television outlet any "MGA advertisement[]"

22  that NICKELODEON allegedly "reject[ed]" based on influence from MATTEL.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 149:

24      Larian incorporates by reference his General Response and General Objections

25  above, as though fully set forth herein.  Larian further objects to the request to the

26  extent it seeks the production of documents that are protected from disclosure under

27  any applicable privilege, doctrine or immunity, including without limitation the

28  attorney-client privilege, the work product doctrine, the right of privacy, and all other

1 | privileges recognized under the constitutional, statutory or decisional law of the
2 | United States of America, the State of California or any other applicable jurisdiction.
3 | Larian further objects to this request as being overly broad and unduly burdensome
4 | on the grounds that it is not limited in time or geographical scope. Larian further
5 | objects to this request on the grounds that the phrase "ALL DOCUMENTS that
6 | REFER OR RELATE TO" does not comply with the "reasonable particularity"
7 | requirement of Federal Rule of Civil Procedure 34 and renders the request overly
8 | broad and unduly burdensome in light of "the wealth of material already made
9 | available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,
10 | 709 (S.D.N.Y. 1979). Larian further objects that the phrase "the number of viewers
11 | who have seen on any network or other television outlet any 'MGA advertisement[]'
12 | that NICKELODEON allegedly 'reject[ed]' based on influence from MATTEL" is
13 | vague, ambiguous, unintelligible, overbroad and unduly burdensome. Larian further
14 | objects to the request to the extent that it seeks documents that by reason of public
15 | filing, public distribution or otherwise are already in Mattel's possession or are
16 | readily accessible to Mattel. Larian further objects to the request to the extent that it
17 | seeks documents not in Larian's possession, custody or control. Larian further
18 | objects to the request to the extent it seeks confidential, proprietary or commercially
19 | sensitive information, the disclosure of which would be inimical to the business
20 | interests of Larian or MGA. Larian further objects to the request to the extent it
21 | violates the privacy rights of third parties to their private, confidential, proprietary or
22 | trade secret information.
23 | REQUEST FOR PRODUCTION NO. 150:
24 |     ALL DOCUMENTS that REFER OR RELATE TO the number of viewers
25 | who have seen on any network or other television outlet any "MGA advertisement[]"
26 | for which NICKELODEON allegedly "limit[ed] time slots" based on influence from
27 | MATTEL.
28 |

EXHIBIT *15*

PAGE *538*

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrase "ALL DOCUMENTS that REFER OR RELATE TO" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrase "the number of viewers who have seen on any network or other television outlet any 'MGA advertisement[]' for which NICKELODEON allegedly 'limit[ed] time slots' based on influence from MATTEL" is vague, ambiguous, unintelligible, overbroad and unduly burdensome. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

EXHIBIT _15_

PAGE _539_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  REQUEST FOR PRODUCTION NO. 151:

2        ALL DOCUMENTS that REFER OR RELATE TO any MGA advertisement

3  that any network or other television outlet has rejected, including without limitation,

4  the cause(s) therefor.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 151:

6        Larian incorporates by reference his General Response and General Objections

7  above, as though fully set forth herein.  Larian further objects to the request to the

8  extent it seeks the production of documents that are protected from disclosure under

9  any applicable privilege, doctrine or immunity, including without limitation the

10  attorney-client privilege, the work product doctrine, the right of privacy, and all other

11  privileges recognized under the constitutional, statutory or decisional law of the

12  United States of America, the State of California or any other applicable jurisdiction.

13  Larian further objects to this request as being overly broad and unduly burdensome

14  on the grounds that it is not limited in time or geographical scope.  Larian further

15  objects to this request on the grounds that the phrase "ALL DOCUMENTS that

16  REFER OR RELATE TO" does not comply with the "reasonable particularity"

17  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

18  broad and unduly burdensome in light of "the wealth of material already made

19  available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

20  709 (S.D.N.Y. 1979).  Larian further objects that the phrase "any MGA

21  advertisement that any network or other television outlet has rejected, including

22  without limitation, the cause(s) therefor" is vague, ambiguous, unintelligible,

23  overbroad and unduly burdensome.  Larian further objects to the request to the extent

24  that it seeks documents that by reason of public filing, public distribution or

25  otherwise are already in Mattel's possession or are readily accessible to Mattel.

26  Larian further objects to the request to the extent that it seeks documents not in

27  Larian's possession, custody or control.  Larian further objects to the request to the

28  extent it seeks confidential, proprietary or commercially sensitive information, the

1  disclosure of which would be inimical to the business interests of Larian or MGA.

2  Larian further objects to the request to the extent it violates the privacy rights of third

3  parties to their private, confidential, proprietary or trade secret information.

4  Larian further objects to this request as cumulative, duplicative, and unduly

5  burdensome to the extent that it seeks documents previously requested by Mattel or

6  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

7  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

8  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

9  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

10  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

11  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

12  Things to MGAE de Mexico S.R.L. de C.V.

13  Without waiving any of the foregoing General or Specific Objections, but

14  rather expressly preserving each and every such objection, Larian responds as

15  follows:  Larian will produce all non-privileged, responsive documents in his

16  possession, custody or control, if any, that he is able to locate following a reasonably

17  diligent search.

18  REQUEST FOR PRODUCTION NO. 152:

19  ALL DOCUMENTS that REFER OR RELATE TO any MGA advertisement

20  that any network or other television outlet has limited the time slot for, including

21  without limitation, the cause(s) therefor.

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 152:

23  Larian incorporates by reference his General Response and General Objections

24  above, as though fully set forth herein.  Larian further objects to the request to the

25  extent it seeks the production of documents that are protected from disclosure under

26  any applicable privilege, doctrine or immunity, including without limitation the

27  attorney-client privilege, the work product doctrine, the right of privacy, and all other

28  privileges recognized under the constitutional, statutory or decisional law of the

240

EXHIBIT _15_

1   United States of America, the State of California or any other applicable jurisdiction.

2   Larian further objects to this request as being overly broad and unduly burdensome

3   on the grounds that it is not limited in time or geographical scope.  Larian further

4   objects to this request on the grounds that the phrase "ALL DOCUMENTS that

5   REFER OR RELATE TO" does not comply with the "reasonable particularity"

6   requirement of Federal Rule of Civil Procedure 34 and renders the request overly

7   broad and unduly burdensome in light of "the wealth of material already made

8   available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

9   709 (S.D.N.Y. 1979).  Larian further objects that the phrase "any MGA

10   advertisement that any network or other television outlet has limited the time slot for,

11   including without limitation, the cause(s) therefor" is vague, ambiguous,

12   unintelligible, overbroad and unduly burdensome.  Larian further objects to the

13   request to the extent that it seeks documents that by reason of public filing, public

14   distribution or otherwise are already in Mattel's possession or are readily accessible

15   to Mattel.  Larian further objects to the request to the extent that it seeks documents

16   not in Larian's possession, custody or control.  Larian further objects to the request to

17   the extent it seeks confidential, proprietary or commercially sensitive information,

18   the disclosure of which would be inimical to the business interests of Larian or MGA.

19   Larian further objects to the request to the extent it violates the privacy rights of third

20   parties to their private, confidential, proprietary or trade secret information.

21        Larian further objects to this request as cumulative, duplicative, and unduly

22   burdensome to the extent that it seeks documents previously requested by Mattel or

23   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

24   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

25   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

26   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

27   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

28

241

EXHIBIT 15

PAGE 542

1 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

2 | Things to MGAE de Mexico S.R.L. de C.V.

3 | Without waiving any of the foregoing General or Specific Objections, but

4 | rather expressly preserving each and every such objection, Larian responds as

5 | follows:  Larian will produce all non-privileged, responsive documents in his

6 | possession, custody or control, if any, that he is able to locate following a reasonably

7 | diligent search.

8 | REQUEST FOR PRODUCTION NO. 153:

9 | All DOCUMENTS that REFER OR RELATE TO CARU'S review, approval

10 | or disapproval of, all advertisements aired or shown on NICKELODEON for each

11 | product depicted in each "MGA advertisement[]" allegedly "rejected[ed]" by

12 | NICKELODEON based on influence from MATTEL, including but not limited to,

13 | COMMUNICATIONS between YOU and CARU.

14 | RESPONSE TO REQUEST FOR PRODUCTION NO. 153:

15 | Larian incorporates by reference his General Response and General Objections

16 | above, as though fully set forth herein and specifically incorporates General

17 | Objection No. 15 (regarding Definitions), including without limitation Larian's

18 | objection to the definition of the term YOU, and its incorporated terms AFFILIATES

19 | and PERSON.  Larian further objects to the request to the extent it seeks the

20 | production of documents that are protected from disclosure under any applicable

21 | privilege, doctrine or immunity, including without limitation the attorney-client

22 | privilege, the work product doctrine, the right of privacy, and all other privileges

23 | recognized under the constitutional, statutory or decisional law of the United States

24 | of America, the State of California or any other applicable jurisdiction.  Larian

25 | further objects to this request as being overly broad and unduly burdensome on the

26 | grounds that it is not limited in time or geographical scope.  Larian further objects to

27 | this request on the grounds that the phrase "ALL DOCUMENTS that REFER OR

28 | RELATE TO . . . including but not limited to, COMMUNICATIONS between YOU

242

EXHIBIT 15

1  and CARU" does not comply with the "reasonable particularity" requirement of

2  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

3  burdensome in light of "the wealth of material already made available in this case."

4  <u>Westhemeco Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

5  Larian further objects that the phrase "review, approval or disapproval of, all

6  advertisements aired or shown on NICKELODEON for each product" is compound

7  and, as such, renders the request vague, ambiguous, and unintelligible.  Larian

8  further objects that the phrase "based on influence from MATTEL" is vague,

9  ambiguous and unintelligible.  Larian further objects to the request to the extent that

10  it seeks documents that by reason of public filing, public distribution or otherwise

11  are already in Mattel's possession or are readily accessible to Mattel.  Larian further

12  objects to the request to the extent that it seeks documents not in Larian's possession,

13  custody or control.  Larian further objects to the request to the extent it seeks

14  confidential, proprietary or commercially sensitive information, the disclosure of

15  which would be inimical to the business interests of Larian or MGA.  Larian further

16  objects to the request to the extent it violates the privacy rights of third parties to

17  their private, confidential, proprietary or trade secret information.

18      Larian further objects to this request as cumulative, duplicative, and unduly

19  burdensome to the extent that it seeks documents previously requested by Mattel or

20  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

21  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

22  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

23  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

24  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

25  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

26  Things to MGAE de Mexico S.R.L. de C.V.

27      Without waiving any of the foregoing General or Specific Objections, but

28  rather expressly preserving each and every such objection, Larian responds as

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

EXHIBIT ___ 15

PAGE ___ 54C

1  follows:  Larian will produce all non-privileged, responsive documents in his

2  possession, custody or control, if any, that he is able to locate following a reasonably

3  diligent search.

4  REQUEST FOR PRODUCTION NO. 154:

5       All DOCUMENTS that REFER OR RELATE TO CARU'S review, approval

6  or disapproval of, all advertisements aired or shown on NICKELODEON for each

7  product depicted in each "MGA advertisement[]" for which NICKELODEON

8  allegedly "limit[ed] time slots" based on influence from MATTEL, including but not

9  limited to, COMMUNICATIONS between YOU and CARU.

10 RESPONSE TO REQUEST FOR PRODUCTION NO. 154:

11      Larian incorporates by reference his General Response and General Objections

12 above, as though fully set forth herein and specifically incorporates General

13 Objection No. 15 (regarding Definitions), including without limitation Larian's

14 objection to the definition of the term YOU, and its incorporated terms AFFILIATES

15 and PERSON.  Larian further objects to the request to the extent it seeks the

16 production of documents that are protected from disclosure under any applicable

17 privilege, doctrine or immunity, including without limitation the attorney-client

18 privilege, the work product doctrine, the right of privacy, and all other privileges

19 recognized under the constitutional, statutory or decisional law of the United States

20 of America, the State of California or any other applicable jurisdiction.   Larian

21 further objects to this request as being overly broad and unduly burdensome on the

22 grounds that it is not limited in time or geographical scope.  Larian further objects to

23 this request on the grounds that the phrase "ALL DOCUMENTS that REFER OR

24 RELATE TO . . . including but not limited to, COMMUNICATIONS between YOU

25 and CARU" does not comply with the "reasonable particularity" requirement of

26 Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

27 burdensome in light of "the wealth of material already made available in this case."

28 Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

EXHIBIT  15

PAGE  545

1  Larian further objects that the phrase "review, approval or disapproval of, all

2  advertisements aired or shown on NICKELODEON for each product" is compound

3  and, as such, renders the request vague, ambiguous, and unintelligible. Larian

4  further objects that the phrase "based on influence from MATTEL" is vague,

5  ambiguous and unintelligible. Larian further objects to the request to the extent that

6  it seeks documents that by reason of public filing, public distribution or otherwise

7  are already in Mattel's possession or are readily accessible to Mattel. Larian further

8  objects to the request to the extent that it seeks documents not in Larian's possession,

9  custody or control. Larian further objects to the request to the extent it seeks

10  confidential, proprietary or commercially sensitive information, the disclosure of

11  which would be inimical to the business interests of Larian or MGA. Larian further

12  objects to the request to the extent it violates the privacy rights of third parties to

13  their private, confidential, proprietary or trade secret information.

14  Larian further objects to this request as cumulative, duplicative, and unduly

15  burdensome to the extent that it seeks documents previously requested by Mattel or

16  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

17  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

18  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

19  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

20  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

21  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

22  Things to MGAE de Mexico S.R.L. de C.V.

23  Without waiving any of the foregoing General or Specific Objections, but

24  rather expressly preserving each and every such objection, Larian responds as

25  follows: Larian will produce all non-privileged, responsive documents in his

26  possession, custody or control, if any, that he is able to locate following a reasonably

27  diligent search.

28

EXHIBIT *15*

PAGE *546*

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1 | REQUEST FOR PRODUCTION NO. 155:

2 |     All DOCUMENTS that REFER OR RELATE TO actual sales, gross profits,

3 | gross margins and net profits for each product depicted in each "MGA

4 | advertisement[]" allegedly "rejected[ed]" by NICKELODEON based on influence

5 | from MATTEL.

6 | RESPONSE TO REQUEST FOR PRODUCTION NO. 155:

7 |     Larian incorporates by reference his General Response and General Objections

8 | above, as though fully set forth herein.  Larian further objects to the request to the

9 | extent it seeks the production of documents that are protected from disclosure under

10 | any applicable privilege, doctrine or immunity, including without limitation the

11 | attorney-client privilege, the work product doctrine, the right of privacy, and all other

12 | privileges recognized under the constitutional, statutory or decisional law of the

13 | United States of America, the State of California or any other applicable jurisdiction.

14 | Larian further objects to this request as being overly broad and unduly burdensome

15 | on the grounds that it is not limited in time or geographical scope.  Larian further

16 | objects to this request on the grounds that the phrase "ALL DOCUMENTS that

17 | REFER OR RELATE TO" does not comply with the "reasonable particularity"

18 | requirement of Federal Rule of Civil Procedure 34 and renders the request overly

19 | broad and unduly burdensome in light of "the wealth of material already made

20 | available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

21 | 709 (S.D.N.Y. 1979).  Larian further objects that the phrase "actual sales, gross

22 | profits, gross margins and net profits" is compound and, as such, renders the request

23 | vague, ambiguous, and unintelligible.  Larian further objects that the phrase "based

24 | on influence from MATTEL" is vague, ambiguous and unintelligible.  Larian further

25 | objects to the request to the extent that it seeks documents that by reason of public

26 | filing, public distribution or otherwise are already in Mattel's possession or are

27 | readily accessible to Mattel.  Larian further objects to the request to the extent that it

28 | seeks documents not in Larian's possession, custody or control.  Larian further

EXHIBIT 15

PAGE 547

1 | objects to the request to the extent it seeks confidential, proprietary or commercially
2 | sensitive information, the disclosure of which would be inimical to the business
3 | interests of Larian or MGA. Larian further objects to the request to the extent it
4 | violates the privacy rights of third parties to their private, confidential, proprietary or
5 | trade secret information.

6 | Larian further objects to this request as cumulative, duplicative, and unduly
7 | burdensome to the extent that it seeks documents previously requested by Mattel or
8 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
9 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
10 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
11 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
12 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
13 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
14 | Things to MGAE de Mexico S.R.L. de C.V.

15 | Without waiving any of the foregoing General or Specific Objections, but
16 | rather expressly preserving each and every such objection, Larian responds as
17 | follows: Larian will produce all non-privileged, responsive documents in his
18 | possession, custody or control, if any, that he is able to locate following a reasonably
19 | diligent search.

20 | REQUEST FOR PRODUCTION NO. 156:

21 | All DOCUMENTS that REFER OR RELATE TO actual sales, gross profits,
22 | gross margins and net profits for each product depicted in each "MGA
23 | advertisement[]" for which NICKELODEON allegedly "limit[ed] time slots" based
24 | on influence from MATTEL.

25 | RESPONSE TO REQUEST FOR PRODUCTION NO. 156:

26 | Larian incorporates by reference his General Response and General Objections
27 | above, as though fully set forth herein. Larian further objects to the request to the
28 | extent it seeks the production of documents that are protected from disclosure under

247

EXHIBIT 15

1  any applicable privilege, doctrine or immunity, including without limitation the

2  attorney-client privilege, the work product doctrine, the right of privacy, and all other

3  privileges recognized under the constitutional, statutory or decisional law of the

4  United States of America, the State of California or any other applicable jurisdiction.

5  Larian further objects to this request as being overly broad and unduly burdensome

6  on the grounds that it is not limited in time or geographical scope. Larian further

7  objects to this request on the grounds that the phrase "ALL DOCUMENTS that

8  REFER OR RELATE TO" does not comply with the "reasonable particularity"

9  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

10 broad and unduly burdensome in light of "the wealth of material already made

11 available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

12 709 (S.D.N.Y. 1979). Larian further objects that the phrase "actual sales, gross

13 profits, gross margins and net profits" is compound and, as such, renders the request

14 vague, ambiguous, and unintelligible. Larian further objects that the phrase "based

15 on influence from MATTEL" is vague, ambiguous and unintelligible. Larian further

16 objects to the request to the extent that it seeks documents that by reason of public

17 filing, public distribution or otherwise are already in Mattel's possession or are

18 readily accessible to Mattel. Larian further objects to the request to the extent that it

19 seeks documents not in Larian's possession, custody or control. Larian further

20 objects to the request to the extent it seeks confidential, proprietary or commercially

21 sensitive information, the disclosure of which would be inimical to the business

22 interests of Larian or MGA. Larian further objects to the request to the extent it

23 violates the privacy rights of third parties to their private, confidential, proprietary or

24 trade secret information.

25       Larian further objects to this request as cumulative, duplicative, and unduly

26 burdensome to the extent that it seeks documents previously requested by Mattel or

27 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

28 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

EXHIBIT 15

1 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
2 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
3 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
4 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
5 | Things to MGAE de Mexico S.R.L. de C.V.

6 | Without waiving any of the foregoing General or Specific Objections, but
7 | rather expressly preserving each and every such objection, Larian responds as
8 | follows: Larian will produce all non-privileged, responsive documents in his
9 | possession, custody or control, if any, that he is able to locate following a reasonably
10 | diligent search.

11 | REQUEST FOR PRODUCTION NO. 157:

12 | All DOCUMENTS that REFER OR RELATE TO projected or budgeted sales,
13 | gross profits, gross margins and net profits for each product depicted in each "MGA
14 | advertisement[]" allegedly "rejected[ed]" by NICKELODEON based on influence
15 | from MATTEL.

16 | RESPONSE TO REQUEST FOR PRODUCTION NO. 157:

17 | Larian incorporates by reference his General Response and General Objections
18 | above, as though fully set forth herein. Larian further objects to the request to the
19 | extent it seeks the production of documents that are protected from disclosure under
20 | any applicable privilege, doctrine or immunity, including without limitation the
21 | attorney-client privilege, the work product doctrine, the right of privacy, and all other
22 | privileges recognized under the constitutional, statutory or decisional law of the
23 | United States of America, the State of California or any other applicable jurisdiction.
24 | Larian further objects to this request as being overly broad and unduly burdensome
25 | on the grounds that it is not limited in time or geographical scope. Larian further
26 | objects to this request on the grounds that the phrase "ALL DOCUMENTS that
27 | REFER OR RELATE TO" does not comply with the "reasonable particularity"
28 | requirement of Federal Rule of Civil Procedure 34 and renders the request overly

249

EXHIBIT _15_

PAGE __VVU__

1   broad and unduly burdensome in light of "the wealth of material already made
2   available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,
3   709 (S.D.N.Y. 1979). Larian further objects that the phrase "projected or budgeted
4   sales, gross profits, gross margins and net profits" is compound and, as such, renders
5   the request vague, ambiguous, and unintelligible. Larian further objects that the
6   phrase "based on influence from MATTEL" is vague, ambiguous and unintelligible.
7   Larian further objects to the request to the extent that it seeks documents that by
8   reason of public filing, public distribution or otherwise are already in Mattel's
9   possession or are readily accessible to Mattel. Larian further objects to the request to
10  the extent that it seeks documents not in Larian's possession, custody or control.
11  Larian further objects to the request to the extent it seeks confidential, proprietary or
12  commercially sensitive information, the disclosure of which would be inimical to the
13  business interests of Larian or MGA. Larian further objects to the request to the
14  extent it violates the privacy rights of third parties to their private, confidential,
15  proprietary or trade secret information.

16      Larian further objects to this request as cumulative, duplicative, and unduly
17  burdensome to the extent that it seeks documents previously requested by Mattel or
18  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
19  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
20  Inc.'s First Set of Requests for Production of Documents and Tangible Things to
21  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
22  Requests for Production of Documents and Things to Isaac Larian and Request Nos.
23  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
24  Things to MGAE de Mexico S.R.L. de C.V.

25      Without waiving any of the foregoing General or Specific Objections, but
26  rather expressly preserving each and every such objection, Larian responds as
27  follows: Larian will produce all non-privileged, responsive documents in his
28

EXHIBIT 15

1 | possession, custody or control, if any, that he is able to locate following a reasonably
2 | diligent search.

3 | REQUEST FOR PRODUCTION NO. 158:

4 |     All DOCUMENTS that REFER OR RELATE TO projected or budgeted sales,
5 | gross profits, gross margins and net profits for each product depicted in each "MGA
6 | advertisement[]" for which NICKELODEON allegedly "limit[ed] time slots" based
7 | on influence from MATTEL.

8 | RESPONSE TO REQUEST FOR PRODUCTION NO. 158:

9 |     Larian incorporates by reference his General Response and General Objections
10 | above, as though fully set forth herein.  Larian further objects to the request to the
11 | extent it seeks the production of documents that are protected from disclosure under
12 | any applicable privilege, doctrine or immunity, including without limitation the
13 | attorney-client privilege, the work product doctrine, the right of privacy, and all other
14 | privileges recognized under the constitutional, statutory or decisional law of the
15 | United States of America, the State of California or any other applicable jurisdiction.
16 | Larian further objects to this request as being overly broad and unduly burdensome
17 | on the grounds that it is not limited in time or geographical scope.  Larian further
18 | objects to this request on the grounds that the phrase "ALL DOCUMENTS that
19 | REFER OR RELATE TO" does not comply with the "reasonable particularity"
20 | requirement of Federal Rule of Civil Procedure 34 and renders the request overly
21 | broad and unduly burdensome in light of "the wealth of material already made
22 | available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,
23 | 709 (S.D.N.Y. 1979).  Larian further objects that the phrase "projected or budgeted
24 | sales, gross profits, gross margins and net profits" is compound and, as such, renders
25 | the request vague, ambiguous, and unintelligible.  Larian further objects that the
26 | phrase "based on influence from MATTEL" is vague, ambiguous and unintelligible.
27 | Larian further objects to the request to the extent that it seeks documents that by
28 | reason of public filing, public distribution or otherwise are already in Mattel's

EXHIBIT 15

PAGE 252

1 | possession or are readily accessible to Mattel.  Larian further objects to the request to
2 | the extent that it seeks documents not in Larian's possession, custody or control.
3 | Larian further objects to the request to the extent it seeks confidential, proprietary or
4 | commercially sensitive information, the disclosure of which would be inimical to the
5 | business interests of Larian or MGA.  Larian further objects to the request to the
6 | extent it violates the privacy rights of third parties to their private, confidential,
7 | proprietary or trade secret information.

8 | Larian further objects to this request as cumulative, duplicative, and unduly
9 | burdensome to the extent that it seeks documents previously requested by Mattel or
10 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
11 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
12 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
13 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
14 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
15 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
16 | Things to MGAE de Mexico S.R.L. de C.V.

17 | Without waiving any of the foregoing General or Specific Objections, but
18 | rather expressly preserving each and every such objection, Larian responds as
19 | follows:  Larian will produce all non-privileged, responsive documents in his
20 | possession, custody or control, if any, that he is able to locate following a reasonably
21 | diligent search.

22 | REQUEST FOR PRODUCTION NO. 159:

23 | ALL DOCUMENTS that REFER OR RELATE TO the scheduling of
24 | advertisements depicting the products in each "MGA advertisement[]" that
25 | MATTEL allegedly "influenc[ed] Nickelodeon to reject," including but not limited
26 | to, the times when such advertisements actually aired on NICKELODEON.

27 |

28 |

EXHIBIT *15*

PAGE *553*

252

RESPONSE TO REQUEST FOR PRODUCTION NO. 159:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrase "ALL DOCUMENTS that REFER OR RELATE TO" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrase "the scheduling of advertisements depicting the products in each 'MGA advertisement[]' that MATTEL allegedly 'influenc[ed] Nickelodeon to reject,' including but not limited to, the times when such advertisements actually aired on NICKELODEON" is vague, ambiguous and unintelligible in that the phrase suggests that the subject advertisements were rejected but also actually aired. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA.

EXHIBIT 15

253

1   Larian further objects to the request to the extent it violates the privacy rights of third

2   parties to their private, confidential, proprietary or trade secret information.

3        Larian further objects to this request as cumulative, duplicative, and unduly

4   burdensome to the extent that it seeks documents previously requested by Mattel or

5   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11  Things to MGAE de Mexico S.R.L. de C.V.

12       Without waiving any of the foregoing General or Specific Objections, but

13  rather expressly preserving each and every such objection, Larian responds as

14  follows:  Larian will produce all non-privileged, responsive documents in his

15  possession, custody or control, if any, that he is able to locate following a reasonably

16  diligent search.

17  REQUEST FOR PRODUCTION NO. 160:

18       ALL DOCUMENTS that REFER OR RELATE TO the scheduling of

19  advertisements depicting the products in each "MGA advertisement[]" for which

20  NICKELODEON allegedly "limit[ed] time slots" based on influence from MATTEL,

21  including but not limited to, the times when such advertisements actually aired on

22  NICKELODEON.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 160:

24       Larian incorporates by reference his General Response and General Objections

25  above, as though fully set forth herein.  Larian further objects to the request to the

26  extent it seeks the production of documents that are protected from disclosure under

27  any applicable privilege, doctrine or immunity, including without limitation the

28  attorney-client privilege, the work product doctrine, the right of privacy, and all other

1  privileges recognized under the constitutional, statutory or decisional law of the

2  United States of America, the State of California or any other applicable jurisdiction.

3  Larian further objects to this request as being overly broad and unduly burdensome

4  on the grounds that it is not limited in time or geographical scope. Larian further

5  objects to this request on the grounds that the phrase "ALL DOCUMENTS that

6  REFER OR RELATE TO" does not comply with the "reasonable particularity"

7  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

8  broad and unduly burdensome in light of "the wealth of material already made

9  available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

10 709 (S.D.N.Y. 1979). Larian further objects that the phrase "based on influence

11 from MATTEL" is vague, ambiguous and unintelligible. Larian further objects to

12 the request to the extent that it seeks documents that by reason of public filing,

13 public distribution or otherwise are already in Mattel's possession or are readily

14 accessible to Mattel. Larian further objects to the request to the extent that it seeks

15 documents not in Larian's possession, custody or control. Larian further objects to

16 the request to the extent it seeks confidential, proprietary or commercially sensitive

17 information, the disclosure of which would be inimical to the business interests of

18 Larian or MGA. Larian further objects to the request to the extent it violates the

19 privacy rights of third parties to their private, confidential, proprietary or trade secret

20 information.

21       Larian further objects to this request as cumulative, duplicative, and unduly

22 burdensome to the extent that it seeks documents previously requested by Mattel or

23 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

24 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

25 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

26 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

27 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

28

EXHIBIT 15

PAGE 356

1  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

2  Things to MGAE de Mexico S.R.L. de C.V.

3      Without waiving any of the foregoing General or Specific Objections, but

4  rather expressly preserving each and every such objection, Larian responds as

5  follows:  Larian will produce all non-privileged, responsive documents in his

6  possession, custody or control, if any, that he is able to locate following a reasonably

7  diligent search.

8  REQUEST FOR PRODUCTION NO. 161:

9      DOCUMENTS sufficient to IDENTIFY the PERSONS who created and

10  produced, including but not limited to the name of the production company, director

11  and producer, for every advertisement depicting the products in each "MGA

12  advertisement[]" that MATTEL allegedly "influenc[ed] Nickelodeon to reject."

13  RESPONSE TO REQUEST FOR PRODUCTION NO. 161:

14      Larian incorporates by reference his General Response and General Objections

15  above, as though fully set forth herein and specifically incorporates General

16  Objection No. 15 (regarding Definitions), including without limitation Larian's

17  objection to the definition of the term PERSON.  Larian further objects to the request

18  to the extent it seeks the production of documents that are protected from disclosure

19  under any applicable privilege, doctrine or immunity, including without limitation

20  the attorney-client privilege, the work product doctrine, the right of privacy, and all

21  other privileges recognized under the constitutional, statutory or decisional law of

22  the United States of America, the State of California or any other applicable

23  jurisdiction.  Larian further objects that the phrase "the PERSONS who created and

24  produced, including but not limited to the name of the production company, director

25  and producer, for every advertisement depicting the products in each 'MGA

26  advertisement[]' that MATTEL allegedly 'influenc[ed] Nickelodeon to reject'" is

27  compound, vague, ambiguous and unintelligible.  Larian further objects to the

28  request to the extent that it seeks documents that by reason of public filing, public

EXHIBIT 15

PAGE 557

1  distribution or otherwise are already in Mattel's possession or are readily accessible

2  to Mattel. Larian further objects to the request to the extent that it seeks documents

3  not in Larian's possession, custody or control. Larian further objects to the request to

4  the extent it seeks confidential, proprietary or commercially sensitive information,

5  the disclosure of which would be inimical to the business interests of Larian or MGA.

6  Larian further objects to the request to the extent it violates the privacy rights of third

7  parties to their private, confidential, proprietary or trade secret information.

8      Larian further objects to this request as cumulative, duplicative, and unduly

9  burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

11  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

12  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

13  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

14  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

15  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

16  Things to MGAE de Mexico S.R.L. de C.V.

17      Without waiving any of the foregoing General or Specific Objections, but

18  rather expressly preserving each and every such objection, Larian responds as

19  follows: Larian will produce all non-privileged, responsive documents in his

20  possession, custody or control, if any, that he is able to locate following a reasonably

21  diligent search.

22  REQUEST FOR PRODUCTION NO. 162:

23      DOCUMENTS sufficient to IDENTIFY the PERSONS who created and

24  produced, including but not limited to the name of the production company, director

25  and producer, for every advertisement depicting the products in each "MGA

26  advertisement[]" for which NICKELODEON allegedly "limit[ed] time slots" based

27  on influence from MATTEL.

28

EXHIBIT 15

PAGE 558

257

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 162:

2      Larian incorporates by reference his General Response and General Objections

3  above, as though fully set forth herein and specifically incorporates General

4  Objection No. 15 (regarding Definitions), including without limitation Larian's

5  objection to the definition of the term PERSON.  Larian further objects to the request

6  to the extent it seeks the production of documents that are protected from disclosure

7  under any applicable privilege, doctrine or immunity, including without limitation

8  the attorney-client privilege, the work product doctrine, the right of privacy, and all

9  other privileges recognized under the constitutional, statutory or decisional law of

10  the United States of America, the State of California or any other applicable

11  jurisdiction.  Larian further objects that the phrase "the PERSONS who created and

12  produced, including but not limited to the name of the production company, director

13  and producer, for every advertisement depicting the products in each 'MGA

14  advertisement[]' for which NICKELODEON allegedly 'limit[ed] time slots' based on

15  influence from MATTEL" is compound, vague, ambiguous and unintelligible.

16  Larian further objects to the request to the extent that it seeks documents that by

17  reason of public filing, public distribution or otherwise are already in Mattel's

18  possession or are readily accessible to Mattel.  Larian further objects to the request to

19  the extent that it seeks documents not in Larian's possession, custody or control.

20  Larian further objects to the request to the extent it seeks confidential, proprietary or

21  commercially sensitive information, the disclosure of which would be inimical to the

22  business interests of Larian or MGA.  Larian further objects to the request to the

23  extent it violates the privacy rights of third parties to their private, confidential,

24  proprietary or trade secret information.

25      Larian further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

28  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

258

EXHIBIT 15

1 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to

2 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

3 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.

4 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

5 | Things to MGAE de Mexico S.R.L. de C.V.

6 |      Without waiving any of the foregoing General or Specific Objections, but

7 | rather expressly preserving each and every such objection, Larian responds as

8 | follows:  Larian will produce all non-privileged, responsive documents in his

9 | possession, custody or control, if any, that he is able to locate following a reasonably

10 | diligent search.

11 | REQUEST FOR PRODUCTION NO. 163:

12 |      DOCUMENTS sufficient to IDENTIFY all PERSONS who worked on, or

13 | were involved with, in any way, each advertisement depicting the products in each

14 | "MGA advertisement[]" that MATTEL allegedly "influenc[ed] Nickelodeon to

15 | reject."

16 | RESPONSE TO REQUEST FOR PRODUCTION NO. 163:

17 |      Larian incorporates by reference his General Response and General Objections

18 | above, as though fully set forth herein and specifically incorporates General

19 | Objection No. 15 (regarding Definitions), including without limitation Larian's

20 | objection to the definition of the term PERSON.  Larian further objects to the request

21 | to the extent it seeks the production of documents that are protected from disclosure

22 | under any applicable privilege, doctrine or immunity, including without limitation

23 | the attorney-client privilege, the work product doctrine, the right of privacy, and all

24 | other privileges recognized under the constitutional, statutory or decisional law of

25 | the United States of America, the State of California or any other applicable

26 | jurisdiction.  Larian further objects that the phrase "all PERSONS who worked on, or

27 | were involved with, in any way, each advertisement depicting the products in each

28 | 'MGA advertisement[]' that MATTEL allegedly 'influenc[ed] Nickelodeon to reject'"

EXHIBIT 15

PAGE 360

1 | is compound, vague, ambiguous, unintelligible, overbroad and unduly burdensome.
2 | Larian further objects to the request to the extent that it seeks documents that by
3 | reason of public filing, public distribution or otherwise are already in Mattel's
4 | possession or are readily accessible to Mattel.  Larian further objects to the request to
5 | the extent that it seeks documents not in Larian's possession, custody or control.
6 | Larian further objects to the request to the extent it seeks confidential, proprietary or
7 | commercially sensitive information, the disclosure of which would be inimical to the
8 | business interests of Larian or MGA.  Larian further objects to the request to the
9 | extent it violates the privacy rights of third parties to their private, confidential,
10 | proprietary or trade secret information.

11 | Larian further objects to this request as cumulative, duplicative, and unduly
12 | burdensome to the extent that it seeks documents previously requested by Mattel or
13 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
14 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
15 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
16 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
17 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
18 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
19 | Things to MGAE de Mexico S.R.L. de C.V.

20 | Without waiving any of the foregoing General or Specific Objections, but
21 | rather expressly preserving each and every such objection, Larian responds as
22 | follows:  Larian will produce all non-privileged, responsive documents in his
23 | possession, custody or control, if any, that he is able to locate following a reasonably
24 | diligent search.

25 | REQUEST FOR PRODUCTION NO. 164:

26 | DOCUMENTS sufficient to IDENTIFY all PERSONS who worked on, or
27 | were involved with, in any way, each advertisement depicting the products in each
28 |

EXHIBIT _15_

PAGE _67_

1  "MGA advertisement[]" for which NICKELODEON allegedly "limit[ed] time slots"
2  based on influence from MATTEL.

3  RESPONSE TO REQUEST FOR PRODUCTION NO. 164:

4      Larian incorporates by reference his General Response and General Objections
5  above, as though fully set forth herein and specifically incorporates General
6  Objection No. 15 (regarding Definitions), including without limitation Larian's
7  objection to the definition of the term PERSON. Larian further objects to the request
8  to the extent it seeks the production of documents that are protected from disclosure
9  under any applicable privilege, doctrine or immunity, including without limitation
10  the attorney-client privilege, the work product doctrine, the right of privacy, and all
11  other privileges recognized under the constitutional, statutory or decisional law of
12  the United States of America, the State of California or any other applicable
13  jurisdiction. Larian further objects that the phrase "all PERSONS who worked on, or
14  were involved with, in any way, each advertisement depicting the products in each
15  'MGA advertisement[]' for which NICKELODEON allegedly 'limit[ed] time slots'
16  based on influence from MATTEL" is compound, vague, ambiguous, unintelligible,
17  overbroad and unduly burdensome. Larian further objects to the request to the extent
18  that it seeks documents that by reason of public filing, public distribution or
19  otherwise are already in Mattel's possession or are readily accessible to Mattel.
20  Larian further objects to the request to the extent that it seeks documents not in
21  Larian's possession, custody or control. Larian further objects to the request to the
22  extent it seeks confidential, proprietary or commercially sensitive information, the
23  disclosure of which would be inimical to the business interests of Larian or MGA.
24  Larian further objects to the request to the extent it violates the privacy rights of third
25  parties to their private, confidential, proprietary or trade secret information.

26      Larian further objects to this request as cumulative, duplicative, and unduly
27  burdensome to the extent that it seeks documents previously requested by Mattel or
28  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

261

EXHIBIT 15

PAGE 262

1  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

2  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

3  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

4  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

5  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

6  Things to MGAE de Mexico S.R.L. de C.V.

7       Without waiving any of the foregoing General or Specific Objections, but

8  rather expressly preserving each and every such objection, Larian responds as

9  follows:  Larian will produce all non-privileged, responsive documents in his

10  possession, custody or control, if any, that he is able to locate following a reasonably

11  diligent search.

12  REQUEST FOR PRODUCTION NO. 165:

13       All DOCUMENTS that REFER OR RELATE TO every advertisement

14  depicting the products in each "MGA advertisement[]" that MATTEL allegedly

15  "influenc[ed] Nickelodeon to reject."

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 165:

17       Larian incorporates by reference his General Response and General Objections

18  above, as though fully set forth herein.  Larian further objects to the request to the

19  extent it seeks the production of documents that are protected from disclosure under

20  any applicable privilege, doctrine or immunity, including without limitation the

21  attorney-client privilege, the work product doctrine, the right of privacy, and all other

22  privileges recognized under the constitutional, statutory or decisional law of the

23  United States of America, the State of California or any other applicable jurisdiction.

24  Larian further objects to this request as being overly broad and unduly burdensome

25  on the grounds that it is not limited in time or geographical scope.  Larian further

26  objects to this request on the grounds that the phrase "ALL DOCUMENTS that

27  REFER OR RELATE TO" does not comply with the "reasonable particularity"

28  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

EXHIBIT _15_

PAGE _262_

1  broad and unduly burdensome in light of "the wealth of material already made

2  available in this case." <u>Westhemeco Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702,

3  709 (S.D.N.Y. 1979). Larian further objects to the request to the extent that it seeks

4  documents that by reason of public filing, public distribution or otherwise are already

5  in Mattel's possession or are readily accessible to Mattel. Larian further objects to

6  the request to the extent that it seeks documents not in Larian's possession, custody

7  or control. Larian further objects to the request to the extent it seeks confidential,

8  proprietary or commercially sensitive information, the disclosure of which would be

9  inimical to the business interests of Larian or MGA. Larian further objects to the

10  request to the extent it violates the privacy rights of third parties to their private,

11  confidential, proprietary or trade secret information.

12      Larian further objects to this request as cumulative, duplicative, and unduly

13  burdensome to the extent that it seeks documents previously requested by Mattel or

14  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

15  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

16  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

17  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

18  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

19  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

20  Things to MGAE de Mexico S.R.L. de C.V.

21      Without waiving any of the foregoing General or Specific Objections, but

22  rather expressly preserving each and every such objection, Larian responds as

23  follows: Larian will produce all non-privileged, responsive documents in his

24  possession, custody or control, if any, that he is able to locate following a reasonably

25  diligent search.

26

27

28

EXHIBIT *15*

PAGE *564*

263

1  REQUEST FOR PRODUCTION NO. 166:

2       All DOCUMENTS that REFER OR RELATE TO every advertisement

3  depicting the products in each "MGA advertisement[]" for which NICKELODEON

4  allegedly "limit[ed] time slots" based on influence from MATTEL.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 166:

6       Larian incorporates by reference his General Response and General Objections

7  above, as though fully set forth herein.  Larian further objects to the request to the

8  extent it seeks the production of documents that are protected from disclosure under

9  any applicable privilege, doctrine or immunity, including without limitation the

10  attorney-client privilege, the work product doctrine, the right of privacy, and all other

11  privileges recognized under the constitutional, statutory or decisional law of the

12  United States of America, the State of California or any other applicable jurisdiction.

13  Larian further objects to this request as being overly broad and unduly burdensome

14  on the grounds that it is not limited in time or geographical scope.  Larian further

15  objects to this request on the grounds that the phrase "ALL DOCUMENTS that

16  REFER OR RELATE TO" does not comply with the "reasonable particularity"

17  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

18  broad and unduly burdensome in light of "the wealth of material already made

19  available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

20  709 (S.D.N.Y. 1979).  Larian further objects that the phrase "based on influence

21  from MATTEL" is vague, ambiguous and unintelligible.  Larian further objects to

22  the request to the extent that it seeks documents that by reason of public filing,

23  public distribution or otherwise are already in Mattel's possession or are readily

24  accessible to Mattel.  Larian further objects to the request to the extent that it seeks

25  documents not in Larian's possession, custody or control.  Larian further objects to

26  the request to the extent it seeks confidential, proprietary or commercially sensitive

27  information, the disclosure of which would be inimical to the business interests of

28  Larian or MGA.  Larian further objects to the request to the extent it violates the

EXHIBIT _15_

PAGE _265_

1  privacy rights of third parties to their private, confidential, proprietary or trade secret
2  information.

3       Larian further objects to this request as cumulative, duplicative, and unduly
4  burdensome to the extent that it seeks documents previously requested by Mattel or
5  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
6  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
7  Inc.'s First Set of Requests for Production of Documents and Tangible Things to
8  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
9  Requests for Production of Documents and Things to Isaac Larian and Request Nos.
10 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
11 Things to MGAE de Mexico S.R.L. de C.V.

12       Without waiving any of the foregoing General or Specific Objections, but
13 rather expressly preserving each and every such objection, Larian responds as
14 follows:  Larian will produce all non-privileged, responsive documents in his
15 possession, custody or control, if any, that he is able to locate following a reasonably
16 diligent search.

17 REQUEST FOR PRODUCTION NO. 167:

18       ALL COMMUNICATIONS between NICKELODEON and YOU that
19 REFER OR RELATE TO advertisements, including but not limited to, compliance
20 with CARU rules and regulations.

21 RESPONSE TO REQUEST FOR PRODUCTION NO. 167:

22       Larian incorporates by reference his General Response and General Objections
23 above, as though fully set forth herein and specifically incorporates General
24 Objection No. 15 (regarding Definitions), including without limitation Larian's
25 objection to the definition of the term YOU, and its incorporated terms AFFILIATES
26 and PERSON.  Larian further objects to the request to the extent it seeks the
27 production of documents that are protected from disclosure under any applicable
28 privilege, doctrine or immunity, including without limitation the attorney-client

EXHIBIT 15

PAGE 66

1 privilege, the work product doctrine, the right of privacy, and all other privileges
2 recognized under the constitutional, statutory or decisional law of the United States
3 of America, the State of California or any other applicable jurisdiction.   Larian
4 further objects to this request as being overly broad and unduly burdensome on the
5 grounds that it is not limited in time or geographical scope.  Larian further objects to
6 this request on the grounds that the phrase "[a]ll COMMUNICATIONS . . . that
7 REFER OR RELATE TO" does not comply with the "reasonable particularity"
8 requirement of Federal Rule of Civil Procedure 34 and renders the request overly
9 broad and unduly burdensome in light of "the wealth of material already made
10 available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,
11 709 (S.D.N.Y. 1979).  Larian further objects to the request to the extent that it seeks
12 documents that by reason of public filing, public distribution or otherwise are already
13 in Mattel's possession or are readily accessible to Mattel.  Larian further objects to
14 the request to the extent that it seeks documents not in Larian's possession, custody
15 or control.  Larian further objects to the request to the extent it seeks confidential,
16 proprietary or commercially sensitive information, the disclosure of which would be
17 inimical to the business interests of Larian or MGA.  Larian further objects to the
18 request to the extent it violates the privacy rights of third parties to their private,
19 confidential, proprietary or trade secret information.

20       Larian further objects to this request as cumulative, duplicative, and unduly
21 burdensome to the extent that it seeks documents previously requested by Mattel or
22 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
23 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
24 Inc.'s First Set of Requests for Production of Documents and Tangible Things to
25 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
26 Requests for Production of Documents and Things to Isaac Larian and Request Nos.
27 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
28 Things to MGAE de Mexico S.R.L. de C.V.

EXHIBIT 15

PAGE 67

1    Without waiving any of the foregoing General or Specific Objections, but

2 rather expressly preserving each and every such objection, Larian responds as

3 follows:  Larian will produce all non-privileged, responsive documents in his

4 possession, custody or control, if any, that he is able to locate following a reasonably

5 diligent search.

6 REQUEST FOR PRODUCTION NO. 168:

7    ALL COMMUNICATIONS between NICKELODEON and YOU that

8 REFER OR RELATE TO scheduling any MGA advertisement.

9 RESPONSE TO REQUEST FOR PRODUCTION NO. 168:

10    Larian incorporates by reference his General Response and General Objections

11 above, as though fully set forth herein and specifically incorporates General

12 Objection No. 15 (regarding Definitions), including without limitation Larian's

13 objection to the definition of the term YOU, and its incorporated terms AFFILIATES

14 and PERSON.  Larian further objects to the request to the extent it seeks the

15 production of documents that are protected from disclosure under any applicable

16 privilege, doctrine or immunity, including without limitation the attorney-client

17 privilege, the work product doctrine, the right of privacy, and all other privileges

18 recognized under the constitutional, statutory or decisional law of the United States

19 of America, the State of California or any other applicable jurisdiction.  Larian

20 further objects to this request as being overly broad and unduly burdensome in that

21 seeking "all" communications between Larian and Nickelodeon regarding the

22 scheduling of "any" MGA advertisement is not reasonably related to any claim or

23 defense in this action.  Larian further objects to this request on the grounds that the

24 phrase "[a]ll COMMUNICATIONS . . . that REFER OR RELATE TO" does not

25 comply with the "reasonable particularity" requirement of Federal Rule of Civil

26 Procedure 34 and renders the request overly broad and unduly burdensome in light of

27 "the wealth of material already made available in this case."  Westhemeco Ltd. v.

28 New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

267

EXHIBIT *15*

PAGE *268*

1 objects that Larian further objects to the request to the extent that it seeks documents
2 that by reason of public filing, public distribution or otherwise are already in Mattel's
3 possession or are readily accessible to Mattel. Larian further objects to the request to
4 the extent that it seeks documents not in Larian's possession, custody or control.
5 Larian further objects to the request to the extent it seeks confidential, proprietary or
6 commercially sensitive information, the disclosure of which would be inimical to the
7 business interests of Larian or MGA. Larian further objects to the request to the
8 extent it violates the privacy rights of third parties to their private, confidential,
9 proprietary or trade secret information.
10      Larian further objects to this request as cumulative, duplicative, and unduly
11 burdensome to the extent that it seeks documents previously requested by Mattel or
12 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
13 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
14 Inc.'s First Set of Requests for Production of Documents and Tangible Things to
15 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
16 Requests for Production of Documents and Things to Isaac Larian and Request Nos.
17 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
18 Things to MGAE de Mexico S.R.L. de C.V.
19 REQUEST FOR PRODUCTION NO. 169:
20      ALL contracts, agreements, arrangements and understandings between YOU
21 and NICKELODEON that REFER OR RELATE TO advertisements.
22 RESPONSE TO REQUEST FOR PRODUCTION NO. 169:
23      Larian incorporates by reference his General Response and General Objections
24 above, as though fully set forth herein and specifically incorporates General
25 Objection No. 15 (regarding Definitions), including without limitation Larian's
26 objection to the definition of the term YOU, and its incorporated terms AFFILIATES
27 and PERSON. Larian further objects to the request to the extent it seeks the
28 production of documents that are protected from disclosure under any applicable

EXHIBIT _15_

PAGE _69_

1   privilege, doctrine or immunity, including without limitation the attorney-client

2   privilege, the work product doctrine, the right of privacy, and all other privileges

3   recognized under the constitutional, statutory or decisional law of the United States

4   of America, the State of California or any other applicable jurisdiction. Larian

5   further objects to this request on the grounds that the phrase "[a]ll contracts,

6   agreements, arrangements and understandings . . . that REFER OR RELATE TO

7   advertisements" does not comply with the "reasonable particularity" requirement of

8   Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

9   burdensome in light of "the wealth of material already made available in this case."

10  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

11  Larian further objects that Larian further objects to the request to the extent that it

12  seeks documents that by reason of public filing, public distribution or otherwise are

13  already in Mattel's possession or are readily accessible to Mattel. Larian further

14  objects to the request to the extent that it seeks documents not in Larian's possession,

15  custody or control. Larian further objects to the request to the extent it seeks

16  confidential, proprietary or commercially sensitive information, the disclosure of

17  which would be inimical to the business interests of Larian or MGA. Larian further

18  objects to the request to the extent it violates the privacy rights of third parties to

19  their private, confidential, proprietary or trade secret information.

20          Larian further objects to this request as cumulative, duplicative, and unduly

21  burdensome to the extent that it seeks documents previously requested by Mattel or

22  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

23  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

24  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

25  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

26  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

27  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

28  Things to MGAE de Mexico S.R.L. de C.V.

269

EXHIBIT 15

1  REQUEST FOR PRODUCTION NO. 170:

2      DOCUMENTS sufficient to show the dates and amounts of all moneys YOU

3  paid to NICKELODEON for each advertisement.

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 170:

5      Larian incorporates by reference his General Response and General Objections

6  above, as though fully set forth herein and specifically incorporates General

7  Objection No. 15 (regarding Definitions), including without limitation Larian's

8  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

9  and PERSON.  Larian further objects to the request to the extent it seeks the

10  production of documents that are protected from disclosure under any applicable

11  privilege, doctrine or immunity, including without limitation the attorney-client

12  privilege, the work product doctrine, the right of privacy, and all other privileges

13  recognized under the constitutional, statutory or decisional law of the United States

14  of America, the State of California or any other applicable jurisdiction.  Larian

15  further objects to this request as being overly broad and unduly burdensome in that

16  seeking documents showing "all" moneys paid to Nickelodeon for "each"

17  advertisement, whether related to MGA or any MGA product at issue in this

18  litigation, is not reasonably related to any claim or defense in this action.  Larian

19  further objects that Larian further objects to the request to the extent that it seeks

20  documents that by reason of public filing, public distribution or otherwise are already

21  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

22  the request to the extent that it seeks documents not in Larian's possession, custody

23  or control.  Larian further objects to the request to the extent it seeks confidential,

24  proprietary or commercially sensitive information, the disclosure of which would be

25  inimical to the business interests of Larian or MGA.  Larian further objects to the

26  request to the extent it violates the privacy rights of third parties to their private,

27  confidential, proprietary or trade secret information.

EXHIBIT _15_

28

270

PAGE _57'_

1      Larian further objects to this request as cumulative, duplicative, and unduly

2  burdensome to the extent that it seeks documents previously requested by Mattel or

3  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

4  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

5  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

6  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

7  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

8  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

9  Things to MGAE de Mexico S.R.L. de C.V.

10  REQUEST FOR PRODUCTION NO. 171:

11      DOCUMENTS sufficient to show negotiations between YOU and

12  NICKELODEON for the price of each advertisement.

13  RESPONSE TO REQUEST FOR PRODUCTION NO. 171:

14      Larian incorporates by reference his General Response and General Objections

15  above, as though fully set forth herein and specifically incorporates General

16  Objection No. 15 (regarding Definitions), including without limitation Larian's

17  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

18  and PERSON.  Larian further objects to the request to the extent it seeks the

19  production of documents that are protected from disclosure under any applicable

20  privilege, doctrine or immunity, including without limitation the attorney-client

21  privilege, the work product doctrine, the right of privacy, and all other privileges

22  recognized under the constitutional, statutory or decisional law of the United States

23  of America, the State of California or any other applicable jurisdiction.  Larian

24  further objects to this request as being overly broad and unduly burdensome in that

25  seeking documents showing negotiations between Larian and Nickelodeon for the

26  price for "each" advertisement, whether related to MGA or any MGA product at

27  issue in this litigation, is not reasonably related to any claim or defense in this action.

28  Larian further objects that Larian further objects to the request to the extent that it

EXHIBIT 15

PAGE 572

1 | seeks documents that by reason of public filing, public distribution or otherwise are
2 | already in Mattel's possession or are readily accessible to Mattel. Larian further
3 | objects to the request to the extent that it seeks documents not in Larian's possession,
4 | custody or control. Larian further objects to the request to the extent it seeks
5 | confidential, proprietary or commercially sensitive information, the disclosure of
6 | which would be inimical to the business interests of Larian or MGA. Larian further
7 | objects to the request to the extent it violates the privacy rights of third parties to
8 | their private, confidential, proprietary or trade secret information.

9 |      Larian further objects to this request as cumulative, duplicative, and unduly
10 | burdensome to the extent that it seeks documents previously requested by Mattel or
11 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
12 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
13 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
14 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
15 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
16 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
17 | Things to MGAE de Mexico S.R.L. de C.V.

18 | REQUEST FOR PRODUCTION NO. 172:

19 |      ALL DOCUMENTS, including but not limited to all COMMUNICATIONS
20 | with any PERSON, that REFER OR RELATE TO any conflict, dispute or
21 | disagreement between YOU and NICKELODEON, including but not limited to,
22 | based on any non-payment or short payment by YOU to NICKELODEON, or based
23 | on the content of any advertisement.

24 | RESPONSE TO REQUEST FOR PRODUCTION NO. 172:

25 |      Larian incorporates by reference his General Response and General Objections
26 | above, as though fully set forth herein and specifically incorporates General
27 | Objection No. 15 (regarding Definitions), including without limitation Larian's
28 | objection to the definition of the term YOU, and its incorporated terms AFFILIATES

1  and PERSON.  Larian further objects to the request to the extent it seeks the

2  production of documents that are protected from disclosure under any applicable

3  privilege, doctrine or immunity, including without limitation the attorney-client

4  privilege, the work product doctrine, the right of privacy, and all other privileges

5  recognized under the constitutional, statutory or decisional law of the United States

6  of America, the State of California or any other applicable jurisdiction.  Larian

7  further objects to this request as being overly broad and unduly burdensome on the

8  grounds that it is not limited in time or geographical scope.  Larian further objects to

9  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

10  limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

11  TO" does not comply with the "reasonable particularity" requirement of Federal Rule

12  of Civil Procedure 34 and renders the request overly broad and unduly burdensome

13  in light of "the wealth of material already made available in this case."  Westhemeco

14  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

15  further objects that the phrase "any conflict, dispute or disagreement between YOU

16  and NICKELODEON, including but not limited to, based on any non-payment or

17  short payment by YOU to NICKELODEON, or based on the content of any

18  advertisement" is compound and, as such, renders the request vague, ambiguous, and

19  unintelligible.  Larian further objects to the request to the extent that it seeks

20  documents that by reason of public filing, public distribution or otherwise are already

21  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

22  the request to the extent that it seeks documents not in Larian's possession, custody

23  or control.  Larian further objects to the request to the extent it seeks confidential,

24  proprietary or commercially sensitive information, the disclosure of which would be

25  inimical to the business interests of Larian or MGA.  Larian further objects to the

26  request to the extent it violates the privacy rights of third parties to their private,

27  confidential, proprietary or trade secret information.

EXHIBIT _15_

28

PAGE _574_

1   Larian further objects to this request as cumulative, duplicative, and unduly

2   burdensome to the extent that it seeks documents previously requested by Mattel or

3   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

4   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

5   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

6   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

7   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

8   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

9   Things to MGAE de Mexico S.R.L. de C.V.

10  REQUEST FOR PRODUCTION NO. 173:

11  ALL DOCUMENTS, including but not limited to all COMMUNICATIONS

12  with any PERSON, that REFER OR RELATE TO any claim or threatened claim by

13  YOU against NICKELODEON, or by NICKELODEON against YOU, including but

14  not limited to, based on any non-payment or short payment by YOU to

15  NICKELODEON, or based on the content of any advertisement.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 173:

17  Larian incorporates by reference his General Response and General Objections

18  above, as though fully set forth herein and specifically incorporates General

19  Objection No. 15 (regarding Definitions), including without limitation Larian's

20  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

21  and PERSON.  Larian further objects to the request to the extent it seeks the

22  production of documents that are protected from disclosure under any applicable

23  privilege, doctrine or immunity, including without limitation the attorney-client

24  privilege, the work product doctrine, the right of privacy, and all other privileges

25  recognized under the constitutional, statutory or decisional law of the United States

26  of America, the State of California or any other applicable jurisdiction.  Larian

27  further objects to this request as being overly broad and unduly burdensome on the

28  grounds that it is not limited in time or geographical scope.  Larian further objects to

274

EXHIBIT 15

PAGE 275

1  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

2  limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

3  TO" does not comply with the "reasonable particularity" requirement of Federal Rule

4  of Civil Procedure 34 and renders the request overly broad and unduly burdensome

5  in light of "the wealth of material already made available in this case." Westhemeco

6  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian

7  further objects that the phrase "any claim or threatened claim by YOU against

8  NICKELODEON, or by NICKELODEON against YOU, including but not limited to,

9  based on any non-payment or short payment by YOU to NICKELODEON, or based

10  on the content of any advertisement" is compound and, as such, renders the request

11  vague, ambiguous, and unintelligible. Larian further objects to the request to the

12  extent that it seeks documents that by reason of public filing, public distribution or

13  otherwise are already in Mattel's possession or are readily accessible to Mattel.

14  Larian further objects to the request to the extent that it seeks documents not in

15  Larian's possession, custody or control. Larian further objects to the request to the

16  extent it seeks confidential, proprietary or commercially sensitive information, the

17  disclosure of which would be inimical to the business interests of Larian or MGA.

18  Larian further objects to the request to the extent it violates the privacy rights of third

19  parties to their private, confidential, proprietary or trade secret information.

20        Larian further objects to this request as cumulative, duplicative, and unduly

21  burdensome to the extent that it seeks documents previously requested by Mattel or

22  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

23  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

24  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

25  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

26  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

27  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

28  Things to MGAE de Mexico S.R.L. de C.V.

EXHIBIT 15

275

1  REQUEST FOR PRODUCTION NO. 174:

2      DOCUMENTS sufficient to IDENTIFY the PERSON or PERSONS at

3  NICKELODEON who allegedly "reject[ed] advertisements" or "limit[ed] time slots"

4  based on influence from MATTEL.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 174:

6      Larian incorporates by reference his General Response and General Objections

7  above, as though fully set forth herein and specifically incorporates General

8  Objection No. 15 (regarding Definitions), including without limitation Larian's

9  objection to the definition of the term PERSON.  Larian further objects to the request

10  to the extent it seeks the production of documents that are protected from disclosure

11  under any applicable privilege, doctrine or immunity, including without limitation

12  the attorney-client privilege, the work product doctrine, the right of privacy, and all

13  other privileges recognized under the constitutional, statutory or decisional law of

14  the United States of America, the State of California or any other applicable

15  jurisdiction.  Larian further objects to this request as being overly broad and unduly

16  burdensome on the grounds that it is not limited in time or geographical scope.

17  Larian further objects to the request to the extent that it seeks documents that by

18  reason of public filing, public distribution or otherwise are already in Mattel's

19  possession or are readily accessible to Mattel.  Larian further objects to the request to

20  the extent that it seeks documents not in Larian's possession, custody or control.

21  Larian further objects to the request to the extent it seeks confidential, proprietary or

22  commercially sensitive information, the disclosure of which would be inimical to the

23  business interests of Larian or MGA.  Larian further objects to the request to the

24  extent it violates the privacy rights of third parties to their private, confidential,

25  proprietary or trade secret information.

26      Larian further objects to this request as cumulative, duplicative, and unduly

27  burdensome to the extent that it seeks documents previously requested by Mattel or

28  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

1  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

2  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

3  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

4  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

5  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

6  Things to MGAE de Mexico S.R.L. de C.V.

7         Without waiving any of the foregoing General or Specific Objections, but

8  rather expressly preserving each and every such objection, Larian responds as

9  follows:  Larian will produce all non-privileged, responsive documents in his

10  possession, custody or control, if any, that he is able to locate following a reasonably

11  diligent search.

12  REQUEST FOR PRODUCTION NO. 175:

13         ALL DOCUMENTS, including but not limited to all COMMUNICATIONS

14  with any PERSON, that REFER OR RELATE TO why NICKELODEON allegedly

15  "reject[ed] advertisements" or "limit[ed] time slots" based on influence from

16  MATTEL.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 175:

18         Larian incorporates by reference his General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General

20  Objection No. 15 (regarding Definitions), including without limitation Larian's

21  objection to the definition of the term PERSON.  Larian further objects to the request

22  to the extent it seeks the production of documents that are protected from disclosure

23  under any applicable privilege, doctrine or immunity, including without limitation

24  the attorney-client privilege, the work product doctrine, the right of privacy, and all

25  other privileges recognized under the constitutional, statutory or decisional law of

26  the United States of America, the State of California or any other applicable

27  jurisdiction.  Larian further objects to this request as being overly broad and unduly

28  burdensome on the grounds that it is not limited in time or geographical scope.

277

EXHIBIT _15_

1  Larian further objects to this request on the grounds that the phrase "[a]ll
2  DOCUMENTS, including but not limited to all COMMUNICATIONS with any
3  PERSON, that REFER OR RELATE TO" does not comply with the "reasonable
4  particularity" requirement of Federal Rule of Civil Procedure 34 and renders the
5  request overly broad and unduly burdensome in light of "the wealth of material
6  already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co.,
7  82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrase "based
8  on influence from MATTEL" is vague, ambiguous, and unintelligible. Larian further
9  objects to the request to the extent that it seeks documents that by reason of public
10  filing, public distribution or otherwise are already in Mattel's possession or are
11  readily accessible to Mattel. Larian further objects to the request to the extent that it
12  seeks documents not in Larian's possession, custody or control. Larian further
13  objects to the request to the extent it seeks confidential, proprietary or commercially
14  sensitive information, the disclosure of which would be inimical to the business
15  interests of Larian or MGA. Larian further objects to the request to the extent it
16  violates the privacy rights of third parties to their private, confidential, proprietary or
17  trade secret information.

18       Larian further objects to this request as cumulative, duplicative, and unduly
19  burdensome to the extent that it seeks documents previously requested by Mattel or
20  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
21  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
22  Inc.'s First Set of Requests for Production of Documents and Tangible Things to
23  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
24  Requests for Production of Documents and Things to Isaac Larian and Request Nos.
25  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
26  Things to MGAE de Mexico S.R.L. de C.V.

27       Without waiving any of the foregoing General or Specific Objections, but
28  rather expressly preserving each and every such objection, Larian responds as

EXHIBIT _15_

PAGE __579__

1  follows:  Larian will produce all non-privileged, responsive documents in his

2  possession, custody or control, if any, that he is able to locate following a reasonably

3  diligent search.

4  REQUEST FOR PRODUCTION NO. 176:

5      DOCUMENTS sufficient to show when all of YOUR advertisements aired on

6  NICKELODEON.

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 176:

8      Larian incorporates by reference his General Response and General Objections

9  above, as though fully set forth herein and specifically incorporates General

10  Objection No. 15 (regarding Definitions), including without limitation Larian's

11  objection to the definition of the term YOUR, and its incorporated terms

12  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

13  seeks the production of documents that are protected from disclosure under any

14  applicable privilege, doctrine or immunity, including without limitation the attorney-

15  client privilege, the work product doctrine, the right of privacy, and all other

16  privileges recognized under the constitutional, statutory or decisional law of the

17  United States of America, the State of California or any other applicable jurisdiction.

18  Larian further objects to this request as being overly broad and unduly burdensome

19  in that seeking the time when "all" advertisements aired, whether such

20  advertisements were related to MGA or any MGA product at issue in this litigation,

21  is not reasonably related to any claim or defense in this action.  Larian further objects

22  to this request as being overly broad and unduly burdensome on the grounds that it is

23  not limited in time or geographical scope.  Larian further objects to the request to the

24  extent that it seeks documents that by reason of public filing, public distribution or

25  otherwise are already in Mattel's possession or are readily accessible to Mattel.

26  Larian further objects to the request to the extent that it seeks documents not in

27  Larian's possession, custody or control.  Larian further objects to the request to the

28  extent it seeks confidential, proprietary or commercially sensitive information, the

EXHIBIT _15_

PAGE _580_

1 disclosure of which would be inimical to the business interests of Larian or MGA.

2 Larian further objects to the request to the extent it violates the privacy rights of third

3 parties to their private, confidential, proprietary or trade secret information.

4       Larian further objects to this request as cumulative, duplicative, and unduly

5 burdensome to the extent that it seeks documents previously requested by Mattel or

6 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

7 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

8 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

9 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

10 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

11 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

12 Things to MGAE de Mexico S.R.L. de C.V.

13 REQUEST FOR PRODUCTION NO. 177:

14       All DOCUMENTS, including but not limited to all COMMUNICATIONS

15 with any PERSON, RELATING to YOUR actions in response to, or efforts to stop,

16 thwart, prevent, counter or mitigate, MATTEL from allegedly "influencing

17 Nickelodeon to reject MGA advertisements or to limit time slots for advertisements."

18 RESPONSE TO REQUEST FOR PRODUCTION NO. 177:

19       Larian incorporates by reference his General Response and General Objections

20 above, as though fully set forth herein and specifically incorporates General

21 Objection No. 15 (regarding Definitions), including without limitation Larian's

22 objection to the definition of the term YOUR, and its incorporated terms

23 AFFILIATES and PERSON.  Larian further objects to the request to the extent it

24 seeks the production of documents that are protected from disclosure under any

25 applicable privilege, doctrine or immunity, including without limitation the attorney-

26 client privilege, the work product doctrine, the right of privacy, and all other

27 privileges recognized under the constitutional, statutory or decisional law of the

28 United States of America, the State of California or any other applicable jurisdiction.

EXHIBIT 15

PAGE 181

1  Larian further objects to this request as being overly broad and unduly burdensome

2  on the grounds that it is not limited in time or geographical scope.  Larian further

3  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

4  but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

5  RELATE TO" does not comply with the "reasonable particularity" requirement of

6  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

7  burdensome in light of "the wealth of material already made available in this case."

8  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

9  Larian further objects that the phrase "RELATING to YOUR actions in response to,

10 or efforts to stop, thwart, prevent, counter or mitigate" is compound and, as such,

11 renders the request vague, ambiguous, and unintelligible.  Larian further objects to

12 the request to the extent that it seeks documents that by reason of public filing,

13 public distribution or otherwise are already in Mattel's possession or are readily

14 accessible to Mattel.  Larian further objects to the request to the extent that it seeks

15 documents not in Larian's possession, custody or control.  Larian further objects to

16 the request to the extent it seeks confidential, proprietary or commercially sensitive

17 information, the disclosure of which would be inimical to the business interests of

18 Larian or MGA.  Larian further objects to the request to the extent it violates the

19 privacy rights of third parties to their private, confidential, proprietary or trade secret

20 information.

21        Larian further objects to this request as cumulative, duplicative, and unduly

22 burdensome to the extent that it seeks documents previously requested by Mattel or

23 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

24 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

25 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

26 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

27 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

28

EXHIBIT 15

PAGE 282

1 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
2 | Things to MGAE de Mexico S.R.L. de C.V.

3 |      Without waiving any of the foregoing General or Specific Objections, but
4 | rather expressly preserving each and every such objection, Larian responds as
5 | follows:  Larian will produce all non-privileged, responsive documents in his
6 | possession, custody or control, if any, that he is able to locate following a reasonably
7 | diligent search.

8 | REQUEST FOR PRODUCTION NO. 178:

9 |      All DOCUMENTS, including but not limited to all COMMUNICATIONS
10 | with any PERSON, RELATING to any loss, harm, injury, increased expense, lost
11 | revenue or profits, or any other damage caused to YOU by MATTEL allegedly
12 | "influencing Nickelodeon to reject MGA advertisements or to limit time slots for
13 | advertisements," including but not limited to, the loss of sales due to alleged lack of
14 | advertisement or time-limited advertising on NICKELODEON.

15 | RESPONSE TO REQUEST FOR PRODUCTION NO. 178:

16 |      Larian incorporates by reference his General Response and General Objections
17 | above, as though fully set forth herein and specifically incorporates General
18 | Objection No. 15 (regarding Definitions), including without limitation Larian's
19 | objection to the definition of the term YOU, and its incorporated terms AFFILIATES
20 | and PERSON.  Larian further objects to the request to the extent it seeks the
21 | production of documents that are protected from disclosure under any applicable
22 | privilege, doctrine or immunity, including without limitation the attorney-client
23 | privilege, the work product doctrine, the right of privacy, and all other privileges
24 | recognized under the constitutional, statutory or decisional law of the United States
25 | of America, the State of California or any other applicable jurisdiction.  Larian
26 | further objects to this request as being overly broad and unduly burdensome on the
27 | grounds that it is not limited in time or geographical scope.  Larian further objects to
28 | this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

282

EXHIBIT 15

PAGE 283

1 limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

2 TO" does not comply with the "reasonable particularity" requirement of Federal Rule

3 of Civil Procedure 34 and renders the request overly broad and unduly burdensome

4 in light of "the wealth of material already made available in this case." Westhemeco

5 Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

6 further objects that the phrases "any loss, harm, injury, increased expense, lost

7 revenue or profits, or any other damage" and "including but not limited to, the loss of

8 sales due to alleged lack of advertisement or time-limited advertising" are, both

9 individually and taken together, compound and, as such, render the request vague,

10 ambiguous, and unintelligible.  Larian further objects to the request to the extent that

11 it seeks documents that by reason of public filing, public distribution or otherwise

12 are already in Mattel's possession or are readily accessible to Mattel.  Larian further

13 objects to the request to the extent that it seeks documents not in Larian's possession,

14 custody or control.  Larian further objects to the request to the extent it seeks

15 confidential, proprietary or commercially sensitive information, the disclosure of

16 which would be inimical to the business interests of Larian or MGA.  Larian further

17 objects to the request to the extent it violates the privacy rights of third parties to

18 their private, confidential, proprietary or trade secret information.

19      Larian further objects to this request as cumulative, duplicative, and unduly

20 burdensome to the extent that it seeks documents previously requested by Mattel or

21 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

22 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

23 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

24 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

25 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

26 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

27 Things to MGAE de Mexico S.R.L. de C.V.

28

EXHIBIT _15_

PAGE _584_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1       Without waiving any of the foregoing General or Specific Objections, but

2 rather expressly preserving each and every such objection, Larian responds as

3 follows:  Larian will produce all non-privileged, responsive documents in his

4 possession, custody or control, if any, that he is able to locate following a reasonably

5 diligent search.

6 REQUEST FOR PRODUCTION NO. 179:

7       All DOCUMENTS, including but not limited to all COMMUNICATIONS

8 with any PERSON, that REFER OR RELATE TO MATTEL'S success or failure in

9 allegedly "influencing Nickelodeon to reject MGA advertisements or to limit time

10 slots for advertisements."

11 RESPONSE TO REQUEST FOR PRODUCTION NO. 179:

12       Larian incorporates by reference his General Response and General Objections

13 above, as though fully set forth herein and specifically incorporates General

14 Objection No. 15 (regarding Definitions), including without limitation Larian's

15 objection to the definition of the term PERSON.  Larian further objects to the request

16 to the extent it seeks the production of documents that are protected from disclosure

17 under any applicable privilege, doctrine or immunity, including without limitation

18 the attorney-client privilege, the work product doctrine, the right of privacy, and all

19 other privileges recognized under the constitutional, statutory or decisional law of

20 the United States of America, the State of California or any other applicable

21 jurisdiction.  Larian further objects to this request as being overly broad and unduly

22 burdensome on the grounds that it is not limited in time or geographical scope.

23 Larian further objects to this request on the grounds that the phrase "[a]ll

24 DOCUMENTS, including but not limited to all COMMUNICATIONS with any

25 PERSON, that REFER OR RELATE TO" does not comply with the "reasonable

26 particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

27 request overly broad and unduly burdensome in light of "the wealth of material

28 already made available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co.,

EXHIBIT 15

PAGE

1   82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrases "success
2   or failure" is compound and, as such, renders the request vague, ambiguous, and
3   unintelligible. Larian further objects to the request to the extent that it seeks
4   documents that by reason of public filing, public distribution or otherwise are already
5   in Mattel's possession or are readily accessible to Mattel. Larian further objects to
6   the request to the extent that it seeks documents not in Larian's possession, custody
7   or control. Larian further objects to the request to the extent it seeks confidential,
8   proprietary or commercially sensitive information, the disclosure of which would be
9   inimical to the business interests of Larian or MGA. Larian further objects to the
10  request to the extent it violates the privacy rights of third parties to their private,
11  confidential, proprietary or trade secret information.

12      Larian further objects to this request as cumulative, duplicative, and unduly
13  burdensome to the extent that it seeks documents previously requested by Mattel or
14  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
15  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
16  Inc.'s First Set of Requests for Production of Documents and Tangible Things to
17  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
18  Requests for Production of Documents and Things to Isaac Larian and Request Nos.
19  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
20  Things to MGAE de Mexico S.R.L. de C.V.

21      Without waiving any of the foregoing General or Specific Objections, but
22  rather expressly preserving each and every such objection, Larian responds as
23  follows: Larian will produce all non-privileged, responsive documents in his
24  possession, custody or control, if any, that he is able to locate following a reasonably
25  diligent search.

26  REQUEST FOR PRODUCTION NO. 180:

27      All DOCUMENTS, including but not limited to all COMMUNICATIONS
28  with any PERSON, RELATING to YOUR efforts to influence NICKELODEON, or

EXHIBIT 15

PAGE 586

1 | any other media company or outlet, to reject MATTEL advertisements or to limit
2 | time slots for MATTEL advertisements.
3 | RESPONSE TO REQUEST FOR PRODUCTION NO. 180:
4 |      Larian incorporates by reference his General Response and General Objections
5 | above, as though fully set forth herein and specifically incorporates General
6 | Objection No. 15 (regarding Definitions), including without limitation Larian's
7 | objection to the definition of the term YOUR, and its incorporated terms PERSON
8 | and AFFILIATE.  Larian further objects to the request to the extent it seeks the
9 | production of documents that are protected from disclosure under any applicable
10 | privilege, doctrine or immunity, including without limitation the attorney-client
11 | privilege, the work product doctrine, the right of privacy, and all other privileges
12 | recognized under the constitutional, statutory or decisional law of the United States
13 | of America, the State of California or any other applicable jurisdiction.   Larian
14 | further objects to this request as being overly broad and unduly burdensome on the
15 | grounds that it is not limited in time or geographical scope.  Larian further objects to
16 | this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not
17 | limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE
18 | TO" does not comply with the "reasonable particularity" requirement of Federal Rule
19 | of Civil Procedure 34 and renders the request overly broad and unduly burdensome
20 | in light of "the wealth of material already made available in this case."  Westhemeco
21 | Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian
22 | further objects that the phrase "YOUR efforts to influence NICKELODEON, or any
23 | other media company or outlet, to reject MATTEL advertisements or to limit time
24 | slots for MATTEL advertisements" is (1) accusatory and argumentative such that
25 | Larian would have to respond to the allegations of the request before providing any
26 | substantive response, see Zadrozny v. Board of Trustees District No. 508, 1991 WL
27 | 66705, at *1 (N.D. Ill. April 24, 1991), and (2) compound, rendering the request
28 | vague, ambiguous, and unintelligible.  Larian further objects to the request to the

286

EXHIBIT 15

1    extent that it seeks documents that by reason of public filing, public distribution or

2    otherwise are already in Mattel's possession or are readily accessible to Mattel.

3    Larian further objects to the request to the extent that it seeks documents not in

4    Larian's possession, custody or control. Larian further objects to the request to the

5    extent it seeks confidential, proprietary or commercially sensitive information, the

6    disclosure of which would be inimical to the business interests of Larian or MGA.

7    Larian further objects to the request to the extent it violates the privacy rights of third

8    parties to their private, confidential, proprietary or trade secret information.

9    REQUEST FOR PRODUCTION NO. 181:

10        All DOCUMENTS, including but not limited to all COMMUNICATIONS

11    with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL

12    "assist[ed] parties in lawsuits against MGA."

13    RESPONSE TO REQUEST FOR PRODUCTION NO. 181:

14        Larian incorporates by reference his General Response and General Objections

15    above, as though fully set forth herein and specifically incorporates General

16    Objection No. 15 (regarding Definitions), including without limitation Larian's

17    objection to the definition of the term YOUR, and its incorporated terms PERSON

18    and AFFILIATE. Larian further objects to the request to the extent it seeks the

19    production of documents that are protected from disclosure under any applicable

20    privilege, doctrine or immunity, including without limitation the attorney-client

21    privilege, the work product doctrine, the right of privacy, and all other privileges

22    recognized under the constitutional, statutory or decisional law of the United States

23    of America, the State of California or any other applicable jurisdiction. Larian

24    further objects to this request as being overly broad and unduly burdensome on the

25    grounds that it is not limited in time or geographical scope. Larian further objects to

26    this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

27    limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

28    TO" does not comply with the "reasonable particularity" requirement of Federal Rule

1 of Civil Procedure 34 and renders the request overly broad and unduly burdensome
2 in light of "the wealth of material already made available in this case." <u>Westhemeco</u>
3 <u>Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian
4 further objects to the request to the extent that it seeks documents that by reason of
5 public filing, public distribution or otherwise are already in Mattel's possession or
6 are readily accessible to Mattel.  Larian further objects to the request to the extent
7 that it seeks documents not in Larian's possession, custody or control.  Larian further
8 objects to the request to the extent it seeks confidential, proprietary or commercially
9 sensitive information, the disclosure of which would be inimical to the business
10 interests of Larian or MGA.  Larian further objects to the request to the extent it
11 violates the privacy rights of third parties to their private, confidential, proprietary or
12 trade secret information.

13     Larian further objects to this request as cumulative, duplicative, and unduly
14 burdensome to the extent that it seeks documents previously requested by Mattel or
15 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
16 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
17 Inc.'s First Set of Requests for Production of Documents and Tangible Things to
18 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
19 Requests for Production of Documents and Things to Isaac Larian and Request Nos.
20 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
21 Things to MGAE de Mexico S.R.L. de C.V.

22     Without waiving any of the foregoing General or Specific Objections, but
23 rather expressly preserving each and every such objection, Larian responds as
24 follows:  Larian will produce all non-privileged, responsive documents in his
25 possession, custody or control, if any, that he is able to locate following a reasonably
26 diligent search.

27
28

EXHIBIT 15

PAGE 589

288

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

REQUEST FOR PRODUCTION NO. 182:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that YOU contend prove or that YOU will rely on at trial to prove that MATTEL "assist[ed] parties in lawsuits against MGA."

RESPONSE TO REQUEST FOR PRODUCTION NO. 182:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the term YOU, and its incorporated terms AFFILIATES and PERSON. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrase "that YOU contend prove or that YOU will rely on at trial to prove" is compound and, as such, renders the request vague, ambiguous, and unintelligible. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to

EXHIBIT 15

PAGE 590

1  the request to the extent that it seeks documents not in Larian's possession, custody

2  or control.  Larian further objects to the request to the extent it seeks confidential,

3  proprietary or commercially sensitive information, the disclosure of which would be

4  inimical to the business interests of Larian or MGA.  Larian further objects to the

5  request to the extent it violates the privacy rights of third parties to their private,

6  confidential, proprietary or trade secret information.

7       Larian further objects to this request as cumulative, duplicative, and unduly

8  burdensome to the extent that it seeks documents previously requested by Mattel or

9  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

10  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

11  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

12  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

13  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

14  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

15  Things to MGAE de Mexico S.R.L. de C.V.

16       Without waiving any of the foregoing General or Specific Objections, but

17  rather expressly preserving each and every such objection, Larian responds as

18  follows:  Larian will produce all non-privileged, responsive documents in his

19  possession, custody or control, if any, that he is able to locate following a reasonably

20  diligent search.

21  REQUEST FOR PRODUCTION NO. 183:

22       DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

23  YOUR allegation that MATTEL "assist[ed] parties in lawsuits against MGA."

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 183:

25       Larian incorporates by reference his General Response and General Objections

26  above, as though fully set forth herein and specifically incorporates General

27  Objection No. 15 (regarding Definitions), including without limitation Larian's

28  objection to the definition of the terms YOUR, and its incorporated terms

EXHIBIT 15

1  AFFILIATES and PERSON. Larian further objects to the request to the extent it
2  seeks the production of documents that are protected from disclosure under any
3  applicable privilege, doctrine or immunity, including without limitation the attorney-
4  client privilege, the work product doctrine, the right of privacy, and all other
5  privileges recognized under the constitutional, statutory or decisional law of the
6  United States of America, the State of California or any other applicable jurisdiction.
7  Larian further objects to this request as being overly broad and unduly burdensome
8  on the grounds that it is not limited in time or geographical scope. Larian further
9  objects to this request on the grounds that the phrase "all PERSONS with knowledge
10  of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly
11  burdensome in that anyone who has read Larian's Answer in this matter has
12  "knowledge of [Larian's] allegation," without regard to whether the factual basis for
13  the allegation is known to them. Larian further objects to the request to the extent
14  that it seeks documents that by reason of public filing, public distribution or
15  otherwise are already in Mattel's possession or are readily accessible to Mattel.
16  Larian further objects to the request to the extent that it seeks documents not in
17  Larian's possession, custody or control. Larian further objects to the request to the
18  extent it seeks confidential, proprietary or commercially sensitive information, the
19  disclosure of which would be inimical to the business interests of Larian or MGA.
20  Larian further objects to the request to the extent it violates the privacy rights of third
21  parties to their private, confidential, proprietary or trade secret information.

22      Larian further objects to this request as cumulative, duplicative, and unduly
23  burdensome to the extent that it seeks documents previously requested by Mattel or
24  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
25  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
26  Inc.'s First Set of Requests for Production of Documents and Tangible Things to
27  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
28  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

EXHIBIT 15

PAGE 572

1  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
2  Things to MGAE de Mexico S.R.L. de C.V.

3      Without waiving any of the foregoing General or Specific Objections, but
4  rather expressly preserving each and every such objection, Larian responds as
5  follows:  Larian will produce all non-privileged, responsive documents in his
6  possession, custody or control, if any, that he is able to locate following a reasonably
7  diligent search.

8  REQUEST FOR PRODUCTION NO. 184:

9      DOCUMENTS describing all time periods during which MATTEL allegedly
10  "assist[ed] parties in lawsuits against MGA."

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 184:

12      Larian incorporates by reference his General Response and General Objections
13  above, as though fully set forth herein.  Larian further objects to the request to the
14  extent it seeks the production of documents that are protected from disclosure under
15  any applicable privilege, doctrine or immunity, including without limitation the
16  attorney-client privilege, the work product doctrine, the right of privacy, and all other
17  privileges recognized under the constitutional, statutory or decisional law of the
18  United States of America, the State of California or any other applicable jurisdiction.
19  Larian further objects to this request as being overly broad and unduly burdensome
20  on the grounds that it is not limited in time or geographical scope.  Larian further
21  objects to this request on the grounds that the phrase "DOCUMENTS describing all
22  time periods during which" renders the request vague, ambiguous, and unintelligible.
23  Larian further objects to the request to the extent that it seeks documents that by
24  reason of public filing, public distribution or otherwise are already in Mattel's
25  possession or are readily accessible to Mattel.  Larian further objects to the request to
26  the extent that it seeks documents not in Larian's possession, custody or control.
27  Larian further objects to the request to the extent it seeks confidential, proprietary or
28  commercially sensitive information, the disclosure of which would be inimical to the

1   business interests of Larian or MGA. Larian further objects to the request to the
2   extent it violates the privacy rights of third parties to their private, confidential,
3   proprietary or trade secret information.

4        Larian further objects to this request as cumulative, duplicative, and unduly
5   burdensome to the extent that it seeks documents previously requested by Mattel or
6   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
7   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
8   Inc.'s First Set of Requests for Production of Documents and Tangible Things to
9   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
10  Requests for Production of Documents and Things to Isaac Larian and Request Nos.
11  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
12  Things to MGAE de Mexico S.R.L. de C.V.

13       Without waiving any of the foregoing General or Specific Objections, but
14  rather expressly preserving each and every such objection, Larian responds as
15  follows: Larian will produce all non-privileged, responsive documents in his
16  possession, custody or control, if any, that he is able to locate following a reasonably
17  diligent search.

18  REQUEST FOR PRODUCTION NO. 185:

19       DOCUMENTS sufficient to IDENTIFY each lawsuit in which MATTEL
20  allegedly "assist[ed] parties ... against MGA."

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 185:

22       Larian incorporates by reference his General Response and General Objections
23  above, as though fully set forth herein. Larian further objects to the request to the
24  extent it seeks the production of documents that are protected from disclosure under
25  any applicable privilege, doctrine or immunity, including without limitation the
26  attorney-client privilege, the work product doctrine, the right of privacy, and all other
27  privileges recognized under the constitutional, statutory or decisional law of the
28  United States of America, the State of California or any other applicable jurisdiction.

EXHIBIT 15

PAGE 570