1 | Larian further objects to this request as being overly broad and unduly burdensome
2 | on the grounds that it is not limited in time or geographical scope. Larian further
3 | objects to the request to the extent that it seeks documents that by reason of public
4 | filing, public distribution or otherwise are already in Mattel's possession or are
5 | readily accessible to Mattel. Larian further objects to the request to the extent that it
6 | seeks documents not in Larian's possession, custody or control. Larian further
7 | objects to the request to the extent it seeks confidential, proprietary or commercially
8 | sensitive information, the disclosure of which would be inimical to the business
9 | interests of Larian or MGA. Larian further objects to the request to the extent it
10 | violates the privacy rights of third parties to their private, confidential, proprietary or
11 | trade secret information.

12 | Larian further objects to this request as cumulative, duplicative, and unduly
13 | burdensome to the extent that it seeks documents previously requested by Mattel or
14 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
15 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
16 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
17 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
18 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
19 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
20 | Things to MGAE de Mexico S.R.L. de C.V.

21 | Without waiving any of the foregoing General or Specific Objections, but
22 | rather expressly preserving each and every such objection, Larian responds as
23 | follows: Larian will produce all non-privileged, responsive documents in his
24 | possession, custody or control, if any, that he is able to locate following a reasonably
25 | diligent search.

26 | REQUEST FOR PRODUCTION NO. 186:

27 | All DOCUMENTS to IDENTIFY, for each lawsuit, how and in what manner
28 | MATTEL allegedly "assist[ed] parties ... against MGA."

EXHIBIT 15

PAGE ___

## RESPONSE TO REQUEST FOR PRODUCTION NO. 186:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrase "how and in what manner" renders the request vague, ambiguous, and unintelligible. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of Requests for Production of Documents and Things to Isaac Larian and Request Nos.

1  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

2  Things to MGAE de Mexico S.R.L. de C.V.

3       Without waiving any of the foregoing General or Specific Objections, but

4  rather expressly preserving each and every such objection, Larian responds as

5  follows:  Larian will produce all non-privileged, responsive documents in his

6  possession, custody or control, if any, that he is able to locate following a reasonably

7  diligent search.

8  REQUEST FOR PRODUCTION NO. 187:

9       DOCUMENTS sufficient to show the claims and defenses asserted in each

10  lawsuit in which MATTEL allegedly "assist[ed] parties ... against MGA."

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 187:

12       Larian incorporates by reference his General Response and General Objections

13  above, as though fully set forth herein.  Larian further objects to the request to the

14  extent it seeks the production of documents that are protected from disclosure under

15  any applicable privilege, doctrine or immunity, including without limitation the

16  attorney-client privilege, the work product doctrine, the right of privacy, and all other

17  privileges recognized under the constitutional, statutory or decisional law of the

18  United States of America, the State of California or any other applicable jurisdiction.

19  Larian further objects to this request as being overly broad and unduly burdensome

20  on the grounds that it is not limited in time or geographical scope.  Larian further

21  objects to the request to the extent that it seeks documents that by reason of public

22  filing, public distribution or otherwise are already in Mattel's possession or are

23  readily accessible to Mattel.  Larian further objects to the request to the extent that it

24  seeks documents not in Larian's possession, custody or control.  Larian further

25  objects to the request to the extent it seeks confidential, proprietary or commercially

26  sensitive information, the disclosure of which would be inimical to the business

27  interests of Larian or MGA.  Larian further objects to the request to the extent it

28

EXHIBIT 15

PAGE 97

1  violates the privacy rights of third parties to their private, confidential, proprietary or

2  trade secret information.

3      Larian further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11  Things to MGAE de Mexico S.R.L. de C.V.

12      Without waiving any of the foregoing General or Specific Objections, but

13  rather expressly preserving each and every such objection, Larian responds as

14  follows:  Larian will produce all non-privileged, responsive documents in his

15  possession, custody or control, if any, that he is able to locate following a reasonably

16  diligent search.

17  **REQUEST FOR PRODUCTION NO. 188:**

18      DOCUMENTS sufficient to show the outcome of each lawsuit in which

19  MATTEL allegedly "assist[ed] parties ... against MGA," including but not limited to,

20  settlement agreements, judgments, orders of dismissal, awards, decrees or opinions.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 188:**

22      Larian incorporates by reference his General Response and General Objections

23  above, as though fully set forth herein.  Larian further objects to the request to the

24  extent it seeks the production of documents that are protected from disclosure under

25  any applicable privilege, doctrine or immunity, including without limitation the

26  attorney-client privilege, the work product doctrine, the right of privacy, and all other

27  privileges recognized under the constitutional, statutory or decisional law of the

28  United States of America, the State of California or any other applicable jurisdiction.

EXHIBIT _15_

PAGE _578_

1  Larian further objects to this request as being overly broad and unduly burdensome
2  on the grounds that it is not limited in time or geographical scope. Larian further
3  objects to this request on the grounds that the phrase "the outcome of each lawsuit"
4  renders the request vague, ambiguous, and unintelligible. Larian further objects to
5  the request to the extent that it seeks documents that by reason of public filing,
6  public distribution or otherwise are already in Mattel's possession or are readily
7  accessible to Mattel. Larian further objects to the request to the extent that it seeks
8  documents not in Larian's possession, custody or control. Larian further objects to
9  the request to the extent it seeks confidential, proprietary or commercially sensitive
10 information, the disclosure of which would be inimical to the business interests of
11 Larian or MGA. Larian further objects to the request to the extent it violates the
12 privacy rights of third parties to their private, confidential, proprietary or trade secret
13 information.

14      Larian further objects to this request as cumulative, duplicative, and unduly
15 burdensome to the extent that it seeks documents previously requested by Mattel or
16 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
17 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
18 Inc.'s First Set of Requests for Production of Documents and Tangible Things to
19 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
20 Requests for Production of Documents and Things to Isaac Larian and Request Nos.
21 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
22 Things to MGAE de Mexico S.R.L. de C.V.

23      Without waiving any of the foregoing General or Specific Objections, but
24 rather expressly preserving each and every such objection, Larian responds as
25 follows: Larian will produce all non-privileged, responsive documents in his
26 possession, custody or control, if any, that he is able to locate following a reasonably
27 diligent search.

28

EXHIBIT _15_

PAGE _599_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1 | **REQUEST FOR PRODUCTION NO. 189:**

2 | All DOCUMENTS that YOU contend show or tend to show that MATTEL'S

3 | alleged "assist[ance to] parties in lawsuits against MGA" was improper in any way.

4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 189:**

5 | Larian incorporates by reference his General Response and General Objections

6 | above, as though fully set forth herein. Larian further objects to the request to the

7 | extent it seeks the production of documents that are protected from disclosure under

8 | any applicable privilege, doctrine or immunity, including without limitation the

9 | attorney-client privilege, the work product doctrine, the right of privacy, and all other

10 | privileges recognized under the constitutional, statutory or decisional law of the

11 | United States of America, the State of California or any other applicable jurisdiction.

12 | Larian further objects to this request as being overly broad and unduly burdensome

13 | on the grounds that it is not limited in time or geographical scope. Larian further

14 | objects to this request on the grounds that the phrases "YOU contend show or tend to

15 | show" and "improper in any way" render the request vague, ambiguous, and

16 | unintelligible. Larian further objects to the request to the extent that it seeks

17 | documents that by reason of public filing, public distribution or otherwise are already

18 | in Mattel's possession or are readily accessible to Mattel. Larian further objects to

19 | the request to the extent that it seeks documents not in Larian's possession, custody

20 | or control. Larian further objects to the request to the extent it seeks confidential,

21 | proprietary or commercially sensitive information, the disclosure of which would be

22 | inimical to the business interests of Larian or MGA. Larian further objects to the

23 | request to the extent it violates the privacy rights of third parties to their private,

24 | confidential, proprietary or trade secret information.

25 | Larian further objects to this request as cumulative, duplicative, and unduly

26 | burdensome to the extent that it seeks documents previously requested by Mattel or

27 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

28 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

EXHIBIT _15_

PAGE _600_

1 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to

2 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

3 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.

4 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

5 | Things to MGAE de Mexico S.R.L. de C.V.

6 |     Without waiving any of the foregoing General or Specific Objections, but

7 | rather expressly preserving each and every such objection, Larian responds as

8 | follows:  Larian will produce all non-privileged, responsive documents in his

9 | possession, custody or control, if any, that he is able to locate following a reasonably

10 | diligent search.

11 | REQUEST FOR PRODUCTION NO. 190:

12 |     All DOCUMENTS, including but not limited to all COMMUNICATIONS

13 | with any PERSON, RELATING to YOUR actions in response to, or efforts to stop,

14 | thwart, prevent, counter or mitigate, MATTEL from allegedly "assisting parties in

15 | lawsuits against MGA."

16 | RESPONSE TO REQUEST FOR PRODUCTION NO. 190:

17 |     Larian incorporates by reference his General Response and General Objections

18 | above, as though fully set forth herein and specifically incorporates General

19 | Objection No. 15 (regarding Definitions), including without limitation Larian's

20 | objection to the definition of the term YOUR, and its incorporated terms

21 | AFFILIATES and PERSON.  Larian further objects to the request to the extent it

22 | seeks the production of documents that are protected from disclosure under any

23 | applicable privilege, doctrine or immunity, including without limitation the attorney-

24 | client privilege, the work product doctrine, the right of privacy, and all other

25 | privileges recognized under the constitutional, statutory or decisional law of the

26 | United States of America, the State of California or any other applicable jurisdiction.

27 | Larian further objects to this request as being overly broad and unduly burdensome

28 | on the grounds that it is not limited in time or geographical scope.  Larian further

EXHIBIT _15_

PAGE _601_

1 | objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including
2 | but not limited to all COMMUNICATIONS with any PERSON, RELATING TO"
3 | does not comply with the "reasonable particularity" requirement of Federal Rule of
4 | Civil Procedure 34 and renders the request overly broad and unduly burdensome in
5 | light of "the wealth of material already made available in this case." Westhemeco
6 | Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian
7 | further objects that the phrase "RELATING to YOUR actions in response to, or
8 | efforts to stop, thwart, prevent, counter or mitigate" is compound and, as such,
9 | renders the request vague, ambiguous, and unintelligible. Larian further objects to
10 | the request to the extent that it seeks documents that by reason of public filing,
11 | public distribution or otherwise are already in Mattel's possession or are readily
12 | accessible to Mattel. Larian further objects to the request to the extent that it seeks
13 | documents not in Larian's possession, custody or control. Larian further objects to
14 | the request to the extent it seeks confidential, proprietary or commercially sensitive
15 | information, the disclosure of which would be inimical to the business interests of
16 | Larian or MGA. Larian further objects to the request to the extent it violates the
17 | privacy rights of third parties to their private, confidential, proprietary or trade secret
18 | information.

19 |      Larian further objects to this request as cumulative, duplicative, and unduly
20 | burdensome to the extent that it seeks documents previously requested by Mattel or
21 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
22 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
23 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
24 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
25 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
26 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
27 | Things to MGAE de Mexico S.R.L. de C.V.
28 |

EXHIBIT _15_

PAGE _602_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1    Without waiving any of the foregoing General or Specific Objections, but

2  rather expressly preserving each and every such objection, Larian responds as

3  follows:  Larian will produce all non-privileged, responsive documents in his

4  possession, custody or control, if any, that he is able to locate following a reasonably

5  diligent search.

6  REQUEST FOR PRODUCTION NO. 191:

7    All DOCUMENTS, including but not limited to all COMMUNICATIONS

8  with any PERSON, RELATING to any loss, harm, injury, increased expense, lost

9  revenue or profits, or any other damage caused to YOU by MATTEL allegedly

10  "assisting parties in lawsuits against MGA."

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 191:

12    Larian incorporates by reference his General Response and General Objections

13  above, as though fully set forth herein and specifically incorporates General

14  Objection No. 15 (regarding Definitions), including without limitation Larian's

15  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

16  and PERSON.  Larian further objects to the request to the extent it seeks the

17  production of documents that are protected from disclosure under any applicable

18  privilege, doctrine or immunity, including without limitation the attorney-client

19  privilege, the work product doctrine, the right of privacy, and all other privileges

20  recognized under the constitutional, statutory or decisional law of the United States

21  of America, the State of California or any other applicable jurisdiction.  Larian

22  further objects to this request as being overly broad and unduly burdensome on the

23  grounds that it is not limited in time or geographical scope.  Larian further objects to

24  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

25  limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not

26  comply with the "reasonable particularity" requirement of Federal Rule of Civil

27  Procedure 34 and renders the request overly broad and unduly burdensome in light of

28  "the wealth of material already made available in this case."  Westhemeco Ltd. v.

EXHIBIT 15

PAGE 603

1  New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further

2  objects that the phrase "any loss, harm, injury, increased expense, lost revenue or

3  profits, or any other damage" is compound and, as such, renders the request vague,

4  ambiguous, and unintelligible. Larian further objects to the request to the extent that

5  it seeks documents that by reason of public filing, public distribution or otherwise

6  are already in Mattel's possession or are readily accessible to Mattel. Larian further

7  objects to the request to the extent that it seeks documents not in Larian's possession,

8  custody or control. Larian further objects to the request to the extent it seeks

9  confidential, proprietary or commercially sensitive information, the disclosure of

10  which would be inimical to the business interests of Larian or MGA. Larian further

11  objects to the request to the extent it violates the privacy rights of third parties to

12  their private, confidential, proprietary or trade secret information.

13      Larian further objects to this request as cumulative, duplicative, and unduly

14  burdensome to the extent that it seeks documents previously requested by Mattel or

15  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

16  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

17  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

18  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

19  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

20  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

21  Things to MGAE de Mexico S.R.L. de C.V.

22      Without waiving any of the foregoing General or Specific Objections, but

23  rather expressly preserving each and every such objection, Larian responds as

24  follows: Larian will produce all non-privileged, responsive documents in his

25  possession, custody or control, if any, that he is able to locate following a reasonably

26  diligent search.

27

28

EXHIBIT 15

PAGE 604

303

1 | REQUEST FOR PRODUCTION NO. 192:

2 |      All DOCUMENTS that REFER OR RELATE TO when and under what

3 | circumstances YOU first became aware that MATTEL allegedly assisted any party

4 | in any lawsuit against MGA.

5 | RESPONSE TO REQUEST FOR PRODUCTION NO. 192:

6 |      Larian incorporates by reference his General Response and General Objections

7 | above, as though fully set forth herein and specifically incorporates General

8 | Objection No. 15 (regarding Definitions), including without limitation Larian's

9 | objection to the definition of the term YOU, and its incorporated terms AFFILIATES

10 | and PERSON.  Larian further objects to the request to the extent it seeks the

11 | production of documents that are protected from disclosure under any applicable

12 | privilege, doctrine or immunity, including without limitation the attorney-client

13 | privilege, the work product doctrine, the right of privacy, and all other privileges

14 | recognized under the constitutional, statutory or decisional law of the United States

15 | of America, the State of California or any other applicable jurisdiction.  Larian

16 | further objects to this request as being overly broad and unduly burdensome on the

17 | grounds that it is not limited in time or geographical scope.  Larian further objects to

18 | this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

19 | limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not

20 | comply with the "reasonable particularity" requirement of Federal Rule of Civil

21 | Procedure 34 and renders the request overly broad and unduly burdensome in light of

22 | "the wealth of material already made available in this case."  Westhemeco Ltd. v.

23 | New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

24 | objects that the phrase "when and under what circumstances YOU first became

25 | aware" is compound and, as such, renders the request vague, ambiguous, and

26 | unintelligible.  Larian further objects to the request to the extent that it seeks

27 | documents that by reason of public filing, public distribution or otherwise are already

28 | in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

304

EXHIBIT 15

PAGE 605

1  the request to the extent that it seeks documents not in Larian's possession, custody

2  or control.  Larian further objects to the request to the extent it seeks confidential,

3  proprietary or commercially sensitive information, the disclosure of which would be

4  inimical to the business interests of Larian or MGA.  Larian further objects to the

5  request to the extent it violates the privacy rights of third parties to their private,

6  confidential, proprietary or trade secret information.

7       Larian further objects to this request as cumulative, duplicative, and unduly

8  burdensome to the extent that it seeks documents previously requested by Mattel or

9  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

10  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

11  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

12  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

13  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

14  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

15  Things to MGAE de Mexico S.R.L. de C.V.

16       Without waiving any of the foregoing General or Specific Objections, but

17  rather expressly preserving each and every such objection, Larian responds as

18  follows:  Larian will produce all non-privileged, responsive documents in his

19  possession, custody or control, if any, that he is able to locate following a reasonably

20  diligent search.

21  REQUEST FOR PRODUCTION NO. 193:

22       All DOCUMENTS that REFER OR RELATE TO whether or not YOU were

23  or should have been held liable in any lawsuit that MATTEL allegedly assisted any

24  party in against MGA, including without limitation, any and all opinion letters

25  RELATING thereto.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 193:

27       Larian incorporates by reference his General Response and General Objections

28  above, as though fully set forth herein and specifically incorporates General

305

EXHIBIT 15

PAGE 606

1  Objection No. 15 (regarding Definitions), including without limitation Larian's
2  objection to the definition of the term YOU, and its incorporated terms AFFILIATES
3  and PERSON.  Larian further objects to the request to the extent it seeks the
4  production of documents that are protected from disclosure under any applicable
5  privilege, doctrine or immunity, including without limitation the attorney-client
6  privilege, the work product doctrine, the right of privacy, and all other privileges
7  recognized under the constitutional, statutory or decisional law of the United States
8  of America, the State of California or any other applicable jurisdiction.  Larian
9  further objects to this request as being overly broad and unduly burdensome on the
10  grounds that it is not limited in time or geographical scope.  Larian further objects to
11  this request on the grounds that the phrase "[a]ll DOCUMENTS that REFER OR
12  RELATE TO" does not comply with the "reasonable particularity" requirement of
13  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly
14  burdensome in light of "the wealth of material already made available in this case."
15  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).
16  Larian further objects that the phrase "whether or not YOU were or should have been
17  held liable in any lawsuit that MATTEL allegedly assisted any party in against
18  MGA" is vague, ambiguous, and unintelligible.  Larian further objects to the request
19  to the extent that it seeks documents that by reason of public filing, public
20  distribution or otherwise are already in Mattel's possession or are readily accessible
21  to Mattel.  Larian further objects to the request to the extent that it seeks documents
22  not in Larian's possession, custody or control.  Larian further objects to the request to
23  the extent it seeks confidential, proprietary or commercially sensitive information,
24  the disclosure of which would be inimical to the business interests of Larian or MGA.
25  Larian further objects to the request to the extent it violates the privacy rights of third
26  parties to their private, confidential, proprietary or trade secret information.
27
28

EXHIBIT 15

PAGE 607

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  REQUEST FOR PRODUCTION NO. 194:

2      All pleadings served, transmitted, received or filed in each lawsuit that

3  MATTEL allegedly assisted any party in against MGA.

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 194:

5      Larian incorporates by reference his General Response and General Objections

6  above, as though fully set forth herein. Larian further objects to the request to the

7  extent it seeks the production of documents that are protected from disclosure under

8  any applicable privilege, doctrine or immunity, including without limitation the

9  attorney-client privilege, the work product doctrine, the right of privacy, and all other

10  privileges recognized under the constitutional, statutory or decisional law of the

11  United States of America, the State of California or any other applicable jurisdiction.

12  Larian further objects to this request as being overly broad and unduly burdensome

13  on the grounds that it is not limited in time or geographical scope. Larian further

14  objects that the phrase "served, transmitted, received or filed" is compound and, as

15  such, renders the request vague, ambiguous, and unintelligible. Larian further

16  objects to the request to the extent that it seeks documents that by reason of public

17  filing, public distribution or otherwise are already in Mattel's possession or are

18  readily accessible to Mattel. Larian further objects to the request to the extent that it

19  seeks documents not in Larian's possession, custody or control. Larian further

20  objects to the request to the extent it seeks confidential, proprietary or commercially

21  sensitive information, the disclosure of which would be inimical to the business

22  interests of Larian or MGA. Larian further objects to the request to the extent it

23  violates the privacy rights of third parties to their private, confidential, proprietary or

24  trade secret information.

25      Larian further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

28  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

1  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

2  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

3  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

4  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

5  Things to MGAE de Mexico S.R.L. de C.V.

6        Without waiving any of the foregoing General or Specific Objections, but

7  rather expressly preserving each and every such objection, Larian responds as

8  follows:  Larian will produce all non-privileged, responsive documents in his

9  possession, custody or control, if any, that he is able to locate following a reasonably

10  diligent search.

11  REQUEST FOR PRODUCTION NO. 195:

12        All deposition transcripts and sworn statements made by or on behalf of MGA

13  from each lawsuit that MATTEL allegedly assisted any party in against MGA.

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 195:

15        Larian incorporates by reference his General Response and General Objections

16  above, as though fully set forth herein.  Larian further objects to the request to the

17  extent it seeks the production of documents that are protected from disclosure under

18  any applicable privilege, doctrine or immunity, including without limitation the

19  attorney-client privilege, the work product doctrine, the right of privacy, and all other

20  privileges recognized under the constitutional, statutory or decisional law of the

21  United States of America, the State of California or any other applicable jurisdiction.

22  Larian further objects to this request as being overly broad and unduly burdensome

23  on the grounds that it is not limited in time or geographical scope.  Larian further

24  objects that the phrase "[a]ll deposition transcripts and sworn statements made by or

25  on behalf of MGA" is vague, ambiguous, and unintelligible.  Larian further objects

26  to the request to the extent that it seeks documents that by reason of public filing,

27  public distribution or otherwise are already in Mattel's possession or are readily

28  accessible to Mattel.  Larian further objects to the request to the extent that it seeks

EXHIBIT 15

PAGE 609

1  documents not in Larian's possession, custody or control.  Larian further objects to

2  the request to the extent it seeks confidential, proprietary or commercially sensitive

3  information, the disclosure of which would be inimical to the business interests of

4  Larian or MGA.  Larian further objects to the request to the extent it violates the

5  privacy rights of third parties to their private, confidential, proprietary or trade secret

6  information.

7       Larian further objects to this request as cumulative, duplicative, and unduly

8  burdensome to the extent that it seeks documents previously requested by Mattel or

9  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

10  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

11  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

12  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

13  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

14  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

15  Things to MGAE de Mexico S.R.L. de C.V.

16       Without waiving any of the foregoing General or Specific Objections, but

17  rather expressly preserving each and every such objection, Larian responds as

18  follows:  Larian will produce all non-privileged, responsive documents in his

19  possession, custody or control, if any, that he is able to locate following a reasonably

20  diligent search.

21  REQUEST FOR PRODUCTION NO. 196:

22       All trial or arbitration transcripts made by or on behalf of MGA from each

23  lawsuit that MATTEL allegedly assisted any party in against MGA.

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 196:

25       Larian incorporates by reference his General Response and General Objections

26  above, as though fully set forth herein.  Larian further objects to the request to the

27  extent it seeks the production of documents that are protected from disclosure under

28  any applicable privilege, doctrine or immunity, including without limitation the

309

EXHIBIT _15_

1  attorney-client privilege, the work product doctrine, the right of privacy, and all other

2  privileges recognized under the constitutional, statutory or decisional law of the

3  United States of America, the State of California or any other applicable jurisdiction.

4  Larian further objects to this request as being overly broad and unduly burdensome

5  on the grounds that it is not limited in time or geographical scope.  Larian further

6  objects that the phrase "[a]ll trial or arbitration transcripts made by or on behalf of

7  MGA" is vague, ambiguous, and unintelligible.  Larian further objects to the request

8  to the extent that it seeks documents that by reason of public filing, public

9  distribution or otherwise are already in Mattel's possession or are readily accessible

10  to Mattel.  Larian further objects to the request to the extent that it seeks documents

11  not in Larian's possession, custody or control.  Larian further objects to the request to

12  the extent it seeks confidential, proprietary or commercially sensitive information,

13  the disclosure of which would be inimical to the business interests of Larian or MGA.

14  Larian further objects to the request to the extent it violates the privacy rights of third

15  parties to their private, confidential, proprietary or trade secret information.

16        Larian further objects to this request as cumulative, duplicative, and unduly

17  burdensome to the extent that it seeks documents previously requested by Mattel or

18  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

19  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

20  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

21  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

22  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

23  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

24  Things to MGAE de Mexico S.R.L. de C.V.

25        Without waiving any of the foregoing General or Specific Objections, but

26  rather expressly preserving each and every such objection, Larian responds as

27  follows:  Larian will produce all non-privileged, responsive documents in his

28

310

EXHIBIT _15_

1  possession, custody or control, if any, that he is able to locate following a reasonably

2  diligent search.

3  REQUEST FOR PRODUCTION NO. 197:

4      All DOCUMENTS served, transmitted, received or filed in any lawsuit that

5  MATTEL allegedly assisted any party in against MGA that REFER OR RELATE

6  TO MATTEL.

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 197:

8      Larian incorporates by reference his General Response and General Objections

9  above, as though fully set forth herein.  Larian further objects to the request to the

10  extent it seeks the production of documents that are protected from disclosure under

11  any applicable privilege, doctrine or immunity, including without limitation the

12  attorney-client privilege, the work product doctrine, the right of privacy, and all other

13  privileges recognized under the constitutional, statutory or decisional law of the

14  United States of America, the State of California or any other applicable jurisdiction.

15  Larian further objects to this request as being overly broad and unduly burdensome

16  on the grounds that it is not limited in time or geographical scope.  Larian further

17  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS served,

18  transmitted, received or filed in any lawsuit" does not comply with the "reasonable

19  particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

20  request overly broad and unduly burdensome in light of "the wealth of material

21  already made available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co.,

22  82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase "served,

23  transmitted, received, or filed" and "REFER OR RELATE to MATTEL" are vague,

24  ambiguous, and unintelligible.  Larian further objects to the request to the extent that

25  it seeks documents that by reason of public filing, public distribution or otherwise

26  are already in Mattel's possession or are readily accessible to Mattel.  Larian further

27  objects to the request to the extent that it seeks documents not in Larian's possession,

28  custody or control.  Larian further objects to the request to the extent it seeks

EXHIBIT _15_

PAGE _6/2_

1  confidential, proprietary or commercially sensitive information, the disclosure of
2  which would be inimical to the business interests of Larian or MGA. Larian further
3  objects to the request to the extent it violates the privacy rights of third parties to
4  their private, confidential, proprietary or trade secret information.

5  Larian further objects to this request as cumulative, duplicative, and unduly
6  burdensome to the extent that it seeks documents previously requested by Mattel or
7  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
8  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
9  Inc.'s First Set of Requests for Production of Documents and Tangible Things to
10 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
11 Requests for Production of Documents and Things to Isaac Larian and Request Nos.
12 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
13 Things to MGAE de Mexico S.R.L. de C.V.

14 Without waiving any of the foregoing General or Specific Objections, but
15 rather expressly preserving each and every such objection, Larian responds as
16 follows: Larian will produce all non-privileged, responsive documents in his
17 possession, custody or control, if any, that he is able to locate following a reasonably
18 diligent search.

19 **REQUEST FOR PRODUCTION NO. 198:**

20 All DOCUMENTS served, transmitted, received or filed in any lawsuit that
21 MATTEL allegedly assisted any party in against MGA that REFER OR RELATE
22 TO any MATTEL product.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 198:**

24 Larian incorporates by reference his General Response and General Objections
25 above, as though fully set forth herein. Larian further objects to the request to the
26 extent it seeks the production of documents that are protected from disclosure under
27 any applicable privilege, doctrine or immunity, including without limitation the
28 attorney-client privilege, the work product doctrine, the right of privacy, and all other

EXHIBIT 15

PAGE 613

1 | privileges recognized under the constitutional, statutory or decisional law of the
2 | United States of America, the State of California or any other applicable jurisdiction.
3 | Larian further objects to this request as being overly broad and unduly burdensome
4 | on the grounds that it is not limited in time or geographical scope. Larian further
5 | objects to this request on the grounds that the phrase "[a]ll DOCUMENTS served,
6 | transmitted, received or filed in any lawsuit" does not comply with the "reasonable
7 | particularity" requirement of Federal Rule of Civil Procedure 34 and renders the
8 | request overly broad and unduly burdensome in light of "the wealth of material
9 | already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co.,
10 | 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrase "served,
11 | transmitted, received, or filed" and "REFER OR RELATE to any MATTEL product"
12 | are vague, ambiguous, and unintelligible. Larian further objects to the request to the
13 | extent that it seeks documents that by reason of public filing, public distribution or
14 | otherwise are already in Mattel's possession or are readily accessible to Mattel.
15 | Larian further objects to the request to the extent that it seeks documents not in
16 | Larian's possession, custody or control. Larian further objects to the request to the
17 | extent it seeks confidential, proprietary or commercially sensitive information, the
18 | disclosure of which would be inimical to the business interests of Larian or MGA.
19 | Larian further objects to the request to the extent it violates the privacy rights of third
20 | parties to their private, confidential, proprietary or trade secret information.
21 |     Larian further objects to this request as cumulative, duplicative, and unduly
22 | burdensome to the extent that it seeks documents previously requested by Mattel or
23 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
24 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
25 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
26 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
27 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
28 |

313

EXHIBIT 15
PAGE 614

1  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

2  Things to MGAE de Mexico S.R.L. de C.V.

3      Without waiving any of the foregoing General or Specific Objections, but

4  rather expressly preserving each and every such objection, Larian responds as

5  follows:  Larian will produce all non-privileged, responsive documents in his

6  possession, custody or control, if any, that he is able to locate following a reasonably

7  diligent search.

8  REQUEST FOR PRODUCTION NO. 199:

9      All DOCUMENTS served, transmitted, received or filed in any lawsuit that

10 MATTEL allegedly assisted any party in against MGA that REFER OR RELATE

11 TO BRATZ or any MGA product referenced in any MGA Interrogatory Response in

12 this action.

13 RESPONSE TO REQUEST FOR PRODUCTION NO. 199:

14     Larian incorporates by reference his General Response and General Objections

15 above, as though fully set forth herein.  Larian further objects to the request to the

16 extent it seeks the production of documents that are protected from disclosure under

17 any applicable privilege, doctrine or immunity, including without limitation the

18 attorney-client privilege, the work product doctrine, the right of privacy, and all other

19 privileges recognized under the constitutional, statutory or decisional law of the

20 United States of America, the State of California or any other applicable jurisdiction.

21 Larian further objects to this request as being overly broad and unduly burdensome

22 on the grounds that it is not limited in time or geographical scope.  Larian further

23 objects to this request on the grounds that the phrase "[a]ll DOCUMENTS served,

24 transmitted, received or filed in any lawsuit" does not comply with the "reasonable

25 particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

26 request overly broad and unduly burdensome in light of "the wealth of material

27 already made available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co.,

28 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase "served,

314

EXHIBIT 15

1  transmitted, received, or filed" and "REFER OR RELATE TO BRATZ or any MGA
2  product referenced in any MGA Interrogatory Response in this action" are vague,
3  ambiguous, and unintelligible. Larian further objects to the request to the extent that
4  it seeks documents that by reason of public filing, public distribution or otherwise
5  are already in Mattel's possession or are readily accessible to Mattel. Larian further
6  objects to the request to the extent that it seeks documents not in Larian's possession,
7  custody or control. Larian further objects to the request to the extent it seeks
8  confidential, proprietary or commercially sensitive information, the disclosure of
9  which would be inimical to the business interests of Larian or MGA. Larian further
10  objects to the request to the extent it violates the privacy rights of third parties to
11  their private, confidential, proprietary or trade secret information.

12      Larian further objects to this request as cumulative, duplicative, and unduly
13  burdensome to the extent that it seeks documents previously requested by Mattel or
14  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
15  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
16  Inc.'s First Set of Requests for Production of Documents and Tangible Things to
17  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
18  Requests for Production of Documents and Things to Isaac Larian and Request Nos.
19  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
20  Things to MGAE de Mexico S.R.L. de C.V.

21      Without waiving any of the foregoing General or Specific Objections, but
22  rather expressly preserving each and every such objection, Larian responds as
23  follows: Larian will produce all non-privileged, responsive documents in his
24  possession, custody or control, if any, that he is able to locate following a reasonably
25  diligent search.

26  REQUEST FOR PRODUCTION NO. 200:
27      All DOCUMENTS, including but not limited to all COMMUNICATIONS
28  with any PERSON, RELATING to YOU assisting, supporting, or funding any

1 | PERSON in connection with any lawsuit, arbitration or proceeding in which

2 | MATTEL was or is a party.

3 | RESPONSE TO REQUEST FOR PRODUCTION NO. 200:

4 |      Larian incorporates by reference his General Response and General Objections

5 | above, as though fully set forth herein.  Larian further objects to the request to the

6 | extent it seeks the production of documents that are protected from disclosure under

7 | any applicable privilege, doctrine or immunity, including without limitation the

8 | attorney-client privilege, the work product doctrine, the right of privacy, and all other

9 | privileges recognized under the constitutional, statutory or decisional law of the

10 | United States of America, the State of California or any other applicable jurisdiction.

11 | Larian further objects to this request as being overly broad and unduly burdensome

12 | on the grounds that it is not limited in time or geographical scope.  Larian further

13 | objects to this request on the grounds that the phrase "[a]ll DOCUMENTS served,

14 | transmitted, received or filed in any lawsuit" does not comply with the "reasonable

15 | particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

16 | request overly broad and unduly burdensome in light of "the wealth of material

17 | already made available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co.,

18 | 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase "assisting,

19 | supporting, or funding any PERSON in connection with any lawsuit, arbitration or

20 | proceeding in which MATTEL was or is a party" is vague, ambiguous, and

21 | unintelligible.  Larian further objects to the request to the extent that it seeks

22 | documents that by reason of public filing, public distribution or otherwise are already

23 | in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

24 | the request to the extent that it seeks documents not in Larian's possession, custody

25 | or control.  Larian further objects to the request to the extent it seeks confidential,

26 | proprietary or commercially sensitive information, the disclosure of which would be

27 | inimical to the business interests of Larian or MGA.  Larian further objects to the

28 |

EXHIBIT _15_

1  request to the extent it violates the privacy rights of third parties to their private,

2  confidential, proprietary or trade secret information.

3          Larian further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11  Things to MGAE de Mexico S.R.L. de C.V.

12  REQUEST FOR PRODUCTION NO. 201:

13          All DOCUMENTS, including but not limited to all COMMUNICATIONS

14  with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL

15  "monitor[ed], 'sp[ied] on' or gain[ed] knowledge of MGA's trade secrets, non-public

16  information, non-public activities, unreleased products, and product development."

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 201:

18          Larian incorporates by reference his General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General

20  Objection No. 15 (regarding Definitions), including without limitation Larian's

21  objection to the definition of the term YOUR, and its incorporated terms

22  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

23  seeks the production of documents that are protected from disclosure under any

24  applicable privilege, doctrine or immunity, including without limitation the attorney-

25  client privilege, the work product doctrine, the right of privacy, and all other

26  privileges recognized under the constitutional, statutory or decisional law of the

27  United States of America, the State of California or any other applicable jurisdiction.

28  Larian further objects to this request as being overly broad and unduly burdensome

317

EXHIBIT 15

PAGE 618

1  on the grounds that it is not limited in time or geographical scope. Larian further
2  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including
3  but not limited to all COMMUNICATIONS with any PERSON, that REFER OR
4  RELATE TO" does not comply with the "reasonable particularity" requirement of
5  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly
6  burdensome in light of "the wealth of material already made available in this case."
7  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).
8  Larian further objects to the request to the extent that it seeks documents that by
9  reason of public filing, public distribution or otherwise are already in Mattel's
10 possession or are readily accessible to Mattel. Larian further objects to the request to
11 the extent that it seeks documents not in Larian's possession, custody or control.
12 Larian further objects to the request to the extent it seeks confidential, proprietary or
13 commercially sensitive information, the disclosure of which would be inimical to the
14 business interests of Larian or MGA. Larian further objects to the request to the
15 extent it violates the privacy rights of third parties to their private, confidential,
16 proprietary or trade secret information.

17      Larian further objects to this request as cumulative, duplicative, and unduly
18 burdensome to the extent that it seeks documents previously requested by Mattel or
19 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
20 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
21 Inc.'s First Set of Requests for Production of Documents and Tangible Things to
22 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
23 Requests for Production of Documents and Things to Isaac Larian and Request Nos.
24 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
25 Things to MGAE de Mexico S.R.L. de C.V.

26      Without waiving any of the foregoing General or Specific Objections, but
27 rather expressly preserving each and every such objection, Larian responds as
28 follows: Larian will produce all non-privileged, responsive documents in his

EXHIBIT 15

PAGE 619

1  possession, custody or control, if any, that he is able to locate following a reasonably

2  diligent search.

3  REQUEST FOR PRODUCTION NO. 202:

4      All DOCUMENTS, including but not limited to all COMMUNICATIONS

5  with any PERSON, that YOU contend prove or that YOU will rely on at trial to

6  prove that MATTEL "monitor[ed], 'sp[ied] on' or gain[ed] knowledge of MGA's

7  trade secrets, non-public information, non-public, activities, unreleased products, and

8  product development."

9  RESPONSE TO REQUEST FOR PRODUCTION NO. 202:

10     Larian incorporates by reference his General Response and General Objections

11  above, as though fully set forth herein and specifically incorporates General

12  Objection No. 15 (regarding Definitions), including without limitation Larian's

13  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

14  and PERSON.  Larian further objects to the request to the extent it seeks the

15  production of documents that are protected from disclosure under any applicable

16  privilege, doctrine or immunity, including without limitation the attorney-client

17  privilege, the work product doctrine, the right of privacy, and all other privileges

18  recognized under the constitutional, statutory or decisional law of the United States

19  of America, the State of California or any other applicable jurisdiction.  Larian

20  further objects to this request as being overly broad and unduly burdensome on the

21  grounds that it is not limited in time or geographical scope.  Larian further objects to

22  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

23  limited to all COMMUNICATIONS with any PERSON" does not comply with the

24  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

25  renders the request overly broad and unduly burdensome in light of "the wealth of

26  material already made available in this case."  Westhemeco Ltd. v. New Hampshire

27  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase

28  "that YOU contend prove or that YOU will rely on at trial to prove" is compound

EXHIBIT 15

PAGE 620

1 | and, as such, renders the request vague, ambiguous, and unintelligible. Larian
2 | further objects to the request to the extent that it seeks documents that by reason of
3 | public filing, public distribution or otherwise are already in Mattel's possession or
4 | are readily accessible to Mattel. Larian further objects to the request to the extent
5 | that it seeks documents not in Larian's possession, custody or control. Larian further
6 | objects to the request to the extent it seeks confidential, proprietary or commercially
7 | sensitive information, the disclosure of which would be inimical to the business
8 | interests of Larian or MGA. Larian further objects to the request to the extent it
9 | violates the privacy rights of third parties to their private, confidential, proprietary or
10 | trade secret information.

11 | Larian further objects to this request as cumulative, duplicative, and unduly
12 | burdensome to the extent that it seeks documents previously requested by Mattel or
13 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
14 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
15 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
16 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
17 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
18 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
19 | Things to MGAE de Mexico S.R.L. de C.V.

20 | Without waiving any of the foregoing General or Specific Objections, but
21 | rather expressly preserving each and every such objection, Larian responds as
22 | follows: Larian will produce all non-privileged, responsive documents in his
23 | possession, custody or control, if any, that he is able to locate following a reasonably
24 | diligent search.

25 | **REQUEST FOR PRODUCTION NO. 203:**

26 | DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of
27 | YOUR allegation that MATTEL "monitor[ed] ... MGA's trade secrets, non-public
28 | information, non-public activities, unreleased products, and product development."

320

EXHIBIT _15_

RESPONSE TO REQUEST FOR PRODUCTION NO. 203:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the terms YOUR, and its incorporated terms AFFILIATES and PERSON. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrase "all PERSONS with knowledge of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly burdensome in that anyone who has read Larian's Answer in this matter has "knowledge of [Larian's] allegation," without regard to whether the factual basis for the allegation is known to them. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or

321

EXHIBIT 15

1 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

2 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

3 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

4 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

5 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

6 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

7 Things to MGAE de Mexico S.R.L. de C.V.

8 Without waiving any of the foregoing General or Specific Objections, but

9 rather expressly preserving each and every such objection, Larian responds as

10 follows:  Larian will produce all non-privileged, responsive documents in his

11 possession, custody or control, if any, that he is able to locate following a reasonably

12 diligent search.

13 REQUEST FOR PRODUCTION NO. 204:

14 DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

15 YOUR allegation that MATTEL "'sp[ied] on' ... MGA's trade secrets, non-public

16 information, non-public activities, unreleased products, and product development."

17 RESPONSE TO REQUEST FOR PRODUCTION NO. 204:

18 Larian incorporates by reference his General Response and General Objections

19 above, as though fully set forth herein and specifically incorporates General

20 Objection No. 15 (regarding Definitions), including without limitation Larian's

21 objection to the definition of the terms YOUR, and its incorporated terms

22 AFFILIATES and PERSON.  Larian further objects to the request to the extent it

23 seeks the production of documents that are protected from disclosure under any

24 applicable privilege, doctrine or immunity, including without limitation the attorney-

25 client privilege, the work product doctrine, the right of privacy, and all other

26 privileges recognized under the constitutional, statutory or decisional law of the

27 United States of America, the State of California or any other applicable jurisdiction.

28 Larian further objects to this request as being overly broad and unduly burdensome

EXHIBIT 15

PAGE 623

1   on the grounds that it is not limited in time or geographical scope.  Larian further

2   objects to this request on the grounds that the phrase "all PERSONS with knowledge

3   of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly

4   burdensome in that anyone who has read Larian's Answer in this matter has

5   "knowledge of [Larian's] allegation," without regard to whether the factual basis for

6   the allegation is known to them.  Larian further objects to the request to the extent

7   that it seeks documents that by reason of public filing, public distribution or

8   otherwise are already in Mattel's possession or are readily accessible to Mattel.

9   Larian further objects to the request to the extent that it seeks documents not in

10  Larian's possession, custody or control.  Larian further objects to the request to the

11  extent it seeks confidential, proprietary or commercially sensitive information, the

12  disclosure of which would be inimical to the business interests of Larian or MGA.

13  Larian further objects to the request to the extent it violates the privacy rights of third

14  parties to their private, confidential, proprietary or trade secret information.

15      Larian further objects to this request as cumulative, duplicative, and unduly

16  burdensome to the extent that it seeks documents previously requested by Mattel or

17  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

18  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

19  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

20  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

21  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

22  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

23  Things to MGAE de Mexico S.R.L. de C.V.

24      Without waiving any of the foregoing General or Specific Objections, but

25  rather expressly preserving each and every such objection, Larian responds as

26  follows:  Larian will produce all non-privileged, responsive documents in his

27  possession, custody or control, if any, that he is able to locate following a reasonably

28  diligent search.

EXHIBIT 15

1 | REQUEST FOR PRODUCTION NO. 205:

2 |    DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

3 | YOUR allegation that MATTEL "gain[ed] knowledge of ... MGA's trade secrets,

4 | non-public information, non-public activities, unreleased products, and product

5 | development."

6 | RESPONSE TO REQUEST FOR PRODUCTION NO. 205:

7 |    Larian incorporates by reference his General Response and General Objections

8 | above, as though fully set forth herein and specifically incorporates General

9 | Objection No. 15 (regarding Definitions), including without limitation Larian's

10 | objection to the definition of the terms YOUR, and its incorporated terms

11 | AFFILIATES and PERSON.  Larian further objects to the request to the extent it

12 | seeks the production of documents that are protected from disclosure under any

13 | applicable privilege, doctrine or immunity, including without limitation the attorney-

14 | client privilege, the work product doctrine, the right of privacy, and all other

15 | privileges recognized under the constitutional, statutory or decisional law of the

16 | United States of America, the State of California or any other applicable jurisdiction.

17 | Larian further objects to this request as being overly broad and unduly burdensome

18 | on the grounds that it is not limited in time or geographical scope.  Larian further

19 | objects to this request on the grounds that the phrase "all PERSONS with knowledge

20 | of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly

21 | burdensome in that anyone who has read Larian's Answer in this matter has

22 | "knowledge of [Larian's] allegation," without regard to whether the factual basis for

23 | the allegation is known to them.  Larian further objects to the request to the extent

24 | that it seeks documents that by reason of public filing, public distribution or

25 | otherwise are already in Mattel's possession or are readily accessible to Mattel.

26 | Larian further objects to the request to the extent that it seeks documents not in

27 | Larian's possession, custody or control.  Larian further objects to the request to the

28 | extent it seeks confidential, proprietary or commercially sensitive information, the

1  disclosure of which would be inimical to the business interests of Larian or MGA.

2  Larian further objects to the request to the extent it violates the privacy rights of third

3  parties to their private, confidential, proprietary or trade secret information.

4      Larian further objects to this request as cumulative, duplicative, and unduly

5  burdensome to the extent that it seeks documents previously requested by Mattel or

6  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

7  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

8  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

9  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

10  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

11  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

12  Things to MGAE de Mexico S.R.L. de C.V.

13      Without waiving any of the foregoing General or Specific Objections, but

14  rather expressly preserving each and every such objection, Larian responds as

15  follows:  Larian will produce all non-privileged, responsive documents in his

16  possession, custody or control, if any, that he is able to locate following a reasonably

17  diligent search.

18  REQUEST FOR PRODUCTION NO. 206:

19      DOCUMENTS describing all time periods during which MATTEL allegedly

20  "monitor[ed], 'sp[ied] on' or gain[ed] knowledge of MGA's trade secrets, non-public

21  information, non-public activities, unreleased products, and product development."

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 206:

23      Larian incorporates by reference his General Response and General Objections

24  above, as though fully set forth herein.  Larian further objects to the request to the

25  extent it seeks the production of documents that are protected from disclosure under

26  any applicable privilege, doctrine or immunity, including without limitation the

27  attorney-client privilege, the work product doctrine, the right of privacy, and all other

28  privileges recognized under the constitutional, statutory or decisional law of the

325

EXHIBIT 15

PAGE 686

1 | United States of America, the State of California or any other applicable jurisdiction.
2 | Larian further objects to this request as being overly broad and unduly burdensome
3 | on the grounds that it is not limited in time or geographical scope. Larian further
4 | objects to this request on the grounds that the phrase "DOCUMENTS describing all
5 | time periods during which" renders the request vague, ambiguous, and unintelligible.
6 | Larian further objects to the request to the extent that it seeks documents that by
7 | reason of public filing, public distribution or otherwise are already in Mattel's
8 | possession or are readily accessible to Mattel. Larian further objects to the request to
9 | the extent that it seeks documents not in Larian's possession, custody or control.
10 | Larian further objects to the request to the extent it seeks confidential, proprietary or
11 | commercially sensitive information, the disclosure of which would be inimical to the
12 | business interests of Larian or MGA. Larian further objects to the request to the
13 | extent it violates the privacy rights of third parties to their private, confidential,
14 | proprietary or trade secret information.

15 | Larian further objects to this request as cumulative, duplicative, and unduly
16 | burdensome to the extent that it seeks documents previously requested by Mattel or
17 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
18 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
19 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
20 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
21 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
22 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
23 | Things to MGAE de Mexico S.R.L. de C.V.

24 | Without waiving any of the foregoing General or Specific Objections, but
25 | rather expressly preserving each and every such objection, Larian responds as
26 | follows: Larian will produce all non-privileged, responsive documents in his
27 | possession, custody or control, if any, that he is able to locate following a reasonably
28 | diligent search.

EXHIBIT 15

1  REQUEST FOR PRODUCTION NO. 207:

2      DOCUMENTS sufficient to IDENTIFY the "trade secrets, non-public

3  information, non-public activities, unreleased products and product development"

4  information that MATTEL allegedly "monitor[ed], 'sp[ied] on' or gain[ed]

5  knowledge of."

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 207:

7      Larian incorporates by reference his General Response and General Objections

8  above, as though fully set forth herein. Larian further objects to the request to the

9  extent it seeks the production of documents that are protected from disclosure under

10  any applicable privilege, doctrine or immunity, including without limitation the

11  attorney-client privilege, the work product doctrine, the right of privacy, and all other

12  privileges recognized under the constitutional, statutory or decisional law of the

13  United States of America, the State of California or any other applicable jurisdiction.

14  Larian further objects to this request as being overly broad and unduly burdensome

15  on the grounds that it is not limited in time or geographical scope. Larian further

16  objects to the request to the extent that it seeks documents that by reason of public

17  filing, public distribution or otherwise are already in Mattel's possession or are

18  readily accessible to Mattel. Larian further objects to the request to the extent that it

19  seeks documents not in Larian's possession, custody or control. Larian further

20  objects to the request to the extent it seeks confidential, proprietary or commercially

21  sensitive information, the disclosure of which would be inimical to the business

22  interests of Larian or MGA. Larian further objects to the request to the extent it

23  violates the privacy rights of third parties to their private, confidential, proprietary or

24  trade secret information.

25      Larian further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

28  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

EXHIBIT 15

PAGE 628

1  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

2  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

3  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

4  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

5  Things to MGAE de Mexico S.R.L. de C.V.

6          Without waiving any of the foregoing General or Specific Objections, but

7  rather expressly preserving each and every such objection, Larian responds as

8  follows:  Larian will produce all non-privileged, responsive documents in his

9  possession, custody or control, if any, that he is able to locate following a reasonably

10  diligent search.

11  REQUEST FOR PRODUCTION NO. 208:

12          All DOCUMENTS that REFER OR RELATE TO the "trade secrets, non-

13  public information, non-public activities, unreleased products and product

14  development" information that MATTEL allegedly "monitor[ed], 'sp[ied] on' or

15  gain[ed] knowledge of."

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 208:

17          Larian incorporates by reference his General Response and General Objections

18  above, as though fully set forth herein.  Larian further objects to the request to the

19  extent it seeks the production of documents that are protected from disclosure under

20  any applicable privilege, doctrine or immunity, including without limitation the

21  attorney-client privilege, the work product doctrine, the right of privacy, and all other

22  privileges recognized under the constitutional, statutory or decisional law of the

23  United States of America, the State of California or any other applicable jurisdiction.

24  Larian further objects to this request as being overly broad and unduly burdensome

25  on the grounds that it is not limited in time or geographical scope.  Larian further

26  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that

27  REFER OR RELATE TO" does not comply with the "reasonable particularity"

28  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

328

EXHIBIT _15_

PAGE _629_

1  broad and unduly burdensome in light of "the wealth of material already made

2  available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

3  709 (S.D.N.Y. 1979). Larian further objects to the request to the extent that it seeks

4  documents that by reason of public filing, public distribution or otherwise are already

5  in Mattel's possession or are readily accessible to Mattel. Larian further objects to

6  the request to the extent that it seeks documents not in Larian's possession, custody

7  or control. Larian further objects to the request to the extent it seeks confidential,

8  proprietary or commercially sensitive information, the disclosure of which would be

9  inimical to the business interests of Larian or MGA. Larian further objects to the

10  request to the extent it violates the privacy rights of third parties to their private,

11  confidential, proprietary or trade secret information.

12      Larian further objects to this request as cumulative, duplicative, and unduly

13  burdensome to the extent that it seeks documents previously requested by Mattel or

14  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

15  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

16  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

17  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

18  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

19  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

20  Things to MGAE de Mexico S.R.L. de C.V.

21      Without waiving any of the foregoing General or Specific Objections, but

22  rather expressly preserving each and every such objection, Larian responds as

23  follows: Larian will produce all non-privileged, responsive documents in his

24  possession, custody or control, if any, that he is able to locate following a reasonably

25  diligent search.

26  REQUEST FOR PRODUCTION NO. 209:

27      All DOCUMENTS showing what steps, if any, YOU took to preserve, protect

28  and safeguard the confidentiality of the "trade secrets, non-public information, non-

EXHIBIT 15

PAGE 630

1  public activities, unreleased products, and product development" information that

2  MATTEL allegedly "monitor[ed], 'sp[ied] on' or gain[ed] knowledge of."

3  RESPONSE TO REQUEST FOR PRODUCTION NO. 209:

4       Larian incorporates by reference his General Response and General Objections

5  above, as though fully set forth herein and specifically incorporates General

6  Objection No. 15 (regarding Definitions), including without limitation Larian's

7  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

8  and PERSON.  Larian further objects to the request to the extent it seeks the

9  production of documents that are protected from disclosure under any applicable

10  privilege, doctrine or immunity, including without limitation the attorney-client

11  privilege, the work product doctrine, the right of privacy, and all other privileges

12  recognized under the constitutional, statutory or decisional law of the United States

13  of America, the State of California or any other applicable jurisdiction.  Larian

14  further objects to this request as being overly broad and unduly burdensome on the

15  grounds that it is not limited in time or geographical scope.  Larian further objects to

16  this request on the grounds that the phrase "[a]ll DOCUMENTS" does not comply

17  with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34

18  and renders the request overly broad and unduly burdensome in light of "the wealth

19  of material already made available in this case."  Westhemeco Ltd. v. New

20  Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that

21  the phrase "what step, if any, YOU took to preserve, protect and safeguard" is

22  compound and, as such, renders the request vague, ambiguous, and unintelligible.

23  Larian further objects to the request to the extent that it seeks documents that by

24  reason of public filing, public distribution or otherwise are already in Mattel's

25  possession or are readily accessible to Mattel.  Larian further objects to the request to

26  the extent that it seeks documents not in Larian's possession, custody or control.

27  Larian further objects to the request to the extent it seeks confidential, proprietary or

28  commercially sensitive information, the disclosure of which would be inimical to the

EXHIBIT _15_

PAGE _631_

1  business interests of Larian or MGA.  Larian further objects to the request to the
2  extent it violates the privacy rights of third parties to their private, confidential,
3  proprietary or trade secret information.

4       Larian further objects to this request as cumulative, duplicative, and unduly
5  burdensome to the extent that it seeks documents previously requested by Mattel or
6  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
7  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
8  Inc.'s First Set of Requests for Production of Documents and Tangible Things to
9  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
10  Requests for Production of Documents and Things to Isaac Larian and Request Nos.
11  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
12  Things to MGAE de Mexico S.R.L. de C.V.

13       Without waiving any of the foregoing General or Specific Objections, but
14  rather expressly preserving each and every such objection, Larian responds as
15  follows:  Larian will produce all non-privileged, responsive documents in his
16  possession, custody or control, if any, that he is able to locate following a reasonably
17  diligent search.

18  REQUEST FOR PRODUCTION NO. 210:

19       All DOCUMENTS that show or tend to show that the "trade secrets, non-
20  public information, non-public activities, unreleased products, and product
21  development" information that MATTEL allegedly "monitor[ed], 'sp[ied] on' or
22  gain[ed] knowledge of" derive independent economic value from not being generally
23  known to the public or other PERSONS who can obtain economic value from its
24  disclosure or use.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 210:

26       Larian incorporates by reference his General Response and General Objections
27  above, as though fully set forth herein and specifically incorporates General
28  Objection No. 15 (regarding Definitions), including without limitation Larian's

EXHIBIT 15
PAGE 632

1 objection to the definition of the term PERSON. Larian further objects to the request

2 to the extent it seeks the production of documents that are protected from disclosure

3 under any applicable privilege, doctrine or immunity, including without limitation

4 the attorney-client privilege, the work product doctrine, the right of privacy, and all

5 other privileges recognized under the constitutional, statutory or decisional law of

6 the United States of America, the State of California or any other applicable

7 jurisdiction. Larian further objects to this request as being overly broad and unduly

8 burdensome on the grounds that it is not limited in time or geographical scope.

9 Larian further objects to this request on the grounds that the phrase "[a]ll

10 DOCUMENTS that show or tend to show" does not comply with the "reasonable

11 particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

12 request overly broad and unduly burdensome in light of "the wealth of material

13 already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co.,

14 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrase "that

15 show or tend to show" is compound and, as such, renders the request vague,

16 ambiguous, and unintelligible. Larian further objects to the request to the extent that

17 it seeks documents that by reason of public filing, public distribution or otherwise

18 are already in Mattel's possession or are readily accessible to Mattel. Larian further

19 objects to the request to the extent that it seeks documents not in Larian's possession,

20 custody or control. Larian further objects to the request to the extent it seeks

21 confidential, proprietary or commercially sensitive information, the disclosure of

22 which would be inimical to the business interests of Larian or MGA. Larian further

23 objects to the request to the extent it violates the privacy rights of third parties to

24 their private, confidential, proprietary or trade secret information.

25          Larian further objects to this request as cumulative, duplicative, and unduly

26 burdensome to the extent that it seeks documents previously requested by Mattel or

27 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

28 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

EXHIBIT 15

PAGE 632

1  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

2  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

3  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

4  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

5  Things to MGAE de Mexico S.R.L. de C.V.

6      Without waiving any of the foregoing General or Specific Objections, but

7  rather expressly preserving each and every such objection, Larian responds as

8  follows: Larian will produce all non-privileged, responsive documents in his

9  possession, custody or control, if any, that he is able to locate following a reasonably

10 diligent search.

11 REQUEST FOR PRODUCTION NO. 211:

12     All DOCUMENTS that show or tend to show that the "trade secrets, non-

13 public information, non-public activities, unreleased products, and product

14 development" information that MATTEL allegedly "monitor[ed], 'sp[ied] on' or

15 gain[ed] knowledge of "contain information that is not known to the public or to

16 PERSONS who can obtain economic value from its disclosure or use.

17 RESPONSE TO REQUEST FOR PRODUCTION NO. 211:

18     Larian incorporates by reference his General Response and General Objections

19 above, as though fully set forth herein and specifically incorporates General

20 Objection No. 15 (regarding Definitions), including without limitation Larian's

21 objection to the definition of the term PERSON. Larian further objects to the request

22 to the extent it seeks the production of documents that are protected from disclosure

23 under any applicable privilege, doctrine or immunity, including without limitation

24 the attorney-client privilege, the work product doctrine, the right of privacy, and all

25 other privileges recognized under the constitutional, statutory or decisional law of

26 the United States of America, the State of California or any other applicable

27 jurisdiction. Larian further objects to this request as being overly broad and unduly

28 burdensome on the grounds that it is not limited in time or geographical scope.

EXHIBIT _15_

PAGE _674_

1  Larian further objects to this request on the grounds that the phrase "[a]ll
2  DOCUMENTS that show or tend to show" does not comply with the "reasonable
3  particularity" requirement of Federal Rule of Civil Procedure 34 and renders the
4  request overly broad and unduly burdensome in light of "the wealth of material
5  already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co.,
6  82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrase "that
7  show or tend to show" is compound and, as such, renders the request vague,
8  ambiguous, and unintelligible. Larian further objects to the request to the extent that
9  it seeks documents that by reason of public filing, public distribution or otherwise
10 are already in Mattel's possession or are readily accessible to Mattel. Larian further
11 objects to the request to the extent that it seeks documents not in Larian's possession,
12 custody or control. Larian further objects to the request to the extent it seeks
13 confidential, proprietary or commercially sensitive information, the disclosure of
14 which would be inimical to the business interests of Larian or MGA. Larian further
15 objects to the request to the extent it violates the privacy rights of third parties to
16 their private, confidential, proprietary or trade secret information.

17      Larian further objects to this request as cumulative, duplicative, and unduly
18 burdensome to the extent that it seeks documents previously requested by Mattel or
19 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
20 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
21 Inc.'s First Set of Requests for Production of Documents and Tangible Things to
22 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
23 Requests for Production of Documents and Things to Isaac Larian and Request Nos.
24 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
25 Things to MGAE de Mexico S.R.L. de C.V.

26      Without waiving any of the foregoing General or Specific Objections, but
27 rather expressly preserving each and every such objection, Larian responds as
28 follows: Larian will produce all non-privileged, responsive documents in his

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

EXHIBIT _15_

PAGE _625_

1  possession, custody or control, if any, that he is able to locate following a reasonably
2  diligent search.

3  REQUEST FOR PRODUCTION NO. 212:

4    All DOCUMENTS that show or tend to show that the "trade secrets, non-
5  public information, non-public activities, unreleased products, and product
6  development" information that MATTEL allegedly "monitor[ed], 'sp[ied] on' or
7  gain[ed] knowledge of" were either used by or disclosed by MATTEL.

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 212:

9    Larian incorporates by reference his General Response and General Objections
10  above, as though fully set forth herein.  Larian further objects to the request to the
11  extent it seeks the production of documents that are protected from disclosure under
12  any applicable privilege, doctrine or immunity, including without limitation the
13  attorney-client privilege, the work product doctrine, the right of privacy, and all other
14  privileges recognized under the constitutional, statutory or decisional law of the
15  United States of America, the State of California or any other applicable jurisdiction.
16  Larian further objects to this request as being overly broad and unduly burdensome
17  on the grounds that it is not limited in time or geographical scope.  Larian further
18  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that show
19  or tend to show" does not comply with the "reasonable particularity" requirement of
20  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly
21  burdensome in light of "the wealth of material already made available in this case."
22  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).
23  Larian further objects that the phrase "that show or tend to show" and "either used or
24  disclosed by" are, both individually and taken together, compound and, as such,
25  render the request vague, ambiguous, and unintelligible.  Larian further objects to the
26  request to the extent that it seeks documents that by reason of public filing, public
27  distribution or otherwise are already in Mattel's possession or are readily accessible
28  to Mattel.  Larian further objects to the request to the extent that it seeks documents

335

EXHIBIT _15_
PAGE _638_

1  not in Larian's possession, custody or control.  Larian further objects to the request to

2  the extent it seeks confidential, proprietary or commercially sensitive information,

3  the disclosure of which would be inimical to the business interests of Larian or MGA.

4  Larian further objects to the request to the extent it violates the privacy rights of third

5  parties to their private, confidential, proprietary or trade secret information.

6  　　　Larian further objects to this request as cumulative, duplicative, and unduly

7  burdensome to the extent that it seeks documents previously requested by Mattel or

8  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

9  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

10  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

11  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

12  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

13  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

14  Things to MGAE de Mexico S.R.L. de C.V.

15  　　　Without waiving any of the foregoing General or Specific Objections, but

16  rather expressly preserving each and every such objection, Larian responds as

17  follows:  Larian will produce all non-privileged, responsive documents in his

18  possession, custody or control, if any, that he is able to locate following a reasonably

19  diligent search.

20  REQUEST FOR PRODUCTION NO. 213:

21  　　　DOCUMENTS sufficient to IDENTIFY all PERSONS to whom MATTEL

22  showed, disclosed or revealed the "trade secrets, non-public information, non-public

23  activities, unreleased products, and product development" information that MATTEL

24  allegedly "monitor[ed], 'sp[ied] on' or gain[ed] knowledge of," and the dates on

25  which it allegedly made such disclosures.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 213:

27  　　　Larian incorporates by reference his General Response and General Objections

28  above, as though fully set forth herein and specifically incorporates General

336

EXHIBIT 15

PAGE 637

1  Objection No. 15 (regarding Definitions), including without limitation Larian's
2  objection to the definition of the term PERSON.  Larian further objects to the request
3  to the extent it seeks the production of documents that are protected from disclosure
4  under any applicable privilege, doctrine or immunity, including without limitation
5  the attorney-client privilege, the work product doctrine, the right of privacy, and all
6  other privileges recognized under the constitutional, statutory or decisional law of
7  the United States of America, the State of California or any other applicable
8  jurisdiction.  Larian further objects to this request as being overly broad and unduly
9  burdensome on the grounds that it is not limited in time or geographical scope.
10 Larian further objects that the phrase "showed, disclosed or revealed" is compound
11 and, as such, renders the request vague, ambiguous, and unintelligible.  Larian
12 further objects to the request to the extent that it seeks documents that by reason of
13 public filing, public distribution or otherwise are already in Mattel's possession or
14 are readily accessible to Mattel.  Larian further objects to the request to the extent
15 that it seeks documents not in Larian's possession, custody or control.  Larian further
16 objects to the request to the extent it seeks confidential, proprietary or commercially
17 sensitive information, the disclosure of which would be inimical to the business
18 interests of Larian or MGA.  Larian further objects to the request to the extent it
19 violates the privacy rights of third parties to their private, confidential, proprietary or
20 trade secret information.

21        Larian further objects to this request as cumulative, duplicative, and unduly
22 burdensome to the extent that it seeks documents previously requested by Mattel or
23 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
24 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
25 Inc.'s First Set of Requests for Production of Documents and Tangible Things to
26 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
27 Requests for Production of Documents and Things to Isaac Larian and Request Nos.
28

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

EXHIBIT 15
PAGE 638

1   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

2   Things to MGAE de Mexico S.R.L. de C.V.

3        Without waiving any of the foregoing General or Specific Objections, but

4   rather expressly preserving each and every such objection, Larian responds as

5   follows:  Larian will produce all non-privileged, responsive documents in his

6   possession, custody or control, if any, that he is able to locate following a reasonably

7   diligent search.

8   REQUEST FOR PRODUCTION NO. 214:

9        All DOCUMENTS that show or tend to show that MATTEL did not show,

10  disclose or reveal to any PERSON the "trade secrets, non-public information, non-

11  public activities, unreleased products, and product development" information that

12  MATTEL allegedly "monitor[ed], 'sp[ied] on' or gain[ed] knowledge of," or that

13  MATTEL made such disclosures under a binding pre-existing confidentiality

14  agreement.

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 214:

16       Larian incorporates by reference his General Response and General Objections

17  above, as though fully set forth herein and specifically incorporates General

18  Objection No. 15 (regarding Definitions), including without limitation Larian's

19  objection to the definition of the term PERSON.  Larian further objects to the request

20  to the extent it seeks the production of documents that are protected from disclosure

21  under any applicable privilege, doctrine or immunity, including without limitation

22  the attorney-client privilege, the work product doctrine, the right of privacy, and all

23  other privileges recognized under the constitutional, statutory or decisional law of

24  the United States of America, the State of California or any other applicable

25  jurisdiction.  Larian further objects to this request as being overly broad and unduly

26  burdensome on the grounds that it is not limited in time or geographical scope.

27  "[a]ll DOCUMENTS" does not comply with the "reasonable particularity"

28  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

338

EXHIBIT 15

PAGE 639

1  broad and unduly burdensome in light of "the wealth of material already made

2  available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

3  709 (S.D.N.Y. 1979). Larian further objects that the phrases "show or tend to show,"

4  "that MATTEL did not show, disclose or reveal to any PERSON," "the 'trade secrets,

5  non-public information, non-public activities, unreleased products, and product

6  development' information," "that MATTEL allegedly 'monitor[ed], 'sp[ied] on' or

7  gain[ed] knowledge of' or that MATTEL made such disclosures under a binding pre-

8  existing confidentiality agreement" are, both individually and taken together,

9  compound and, as such, render the request vague, ambiguous, and unintelligible.

10 Larian further objects to the request to the extent that it seeks documents that by

11 reason of public filing, public distribution or otherwise are already in Mattel's

12 possession or are readily accessible to Mattel. Larian further objects to the request to

13 the extent that it seeks documents not in Larian's possession, custody or control.

14 Larian further objects to the request to the extent it seeks confidential, proprietary or

15 commercially sensitive information, the disclosure of which would be inimical to the

16 business interests of Larian or MGA. Larian further objects to the request to the

17 extent it violates the privacy rights of third parties to their private, confidential,

18 proprietary or trade secret information.

19      Larian further objects to this request as cumulative, duplicative, and unduly

20 burdensome to the extent that it seeks documents previously requested by Mattel or

21 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

22 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

23 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

24 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

25 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

26 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

27 Things to MGAE de Mexico S.R.L. de C.V.

28

EXHIBIT _15_

PAGE _640_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1   Without waiving any of the foregoing General or Specific Objections, but
2   rather expressly preserving each and every such objection, Larian responds as
3   follows:  Larian will produce all non-privileged, responsive documents in his
4   possession, custody or control, if any, that he is able to locate following a reasonably
5   diligent search.

6   REQUEST FOR PRODUCTION NO. 215:

7   DOCUMENTS sufficient to IDENTIFY all PERSONS who YOU believe
8   "monitor[ed], 'sp[ied] on' or gain[ed] knowledge of MGA's "trade secrets, non-public
9   information, non-public activities, unreleased products, and product development."

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 215:

11  Larian incorporates by reference his General Response and General Objections
12  above, as though fully set forth herein and specifically incorporates General
13  Objection No. 15 (regarding Definitions), including without limitation Larian's
14  objection to the definition of the term YOU, and its incorporated terms AFFILIATES
15  and PERSON.  Larian further objects to the request to the extent it seeks the
16  production of documents that are protected from disclosure under any applicable
17  privilege, doctrine or immunity, including without limitation the attorney-client
18  privilege, the work product doctrine, the right of privacy, and all other privileges
19  recognized under the constitutional, statutory or decisional law of the United States
20  of America, the State of California or any other applicable jurisdiction.  Larian
21  further objects to this request as being overly broad and unduly burdensome on the
22  grounds that it is not limited in time or geographical scope.  Larian further objects
23  that the phrase "all PERSONS who YOU believe 'monitor[ed], "sp[ied] on" or
24  gain[ed] knowledge of MGA's 'trade secrets, non-public information, non-public
25  activities, unreleased products, and product development'" is both punctuated
26  indecipherably and compound and, as such, renders the request vague, ambiguous,
27  and unintelligible.  Larian further objects to the request to the extent that it seeks
28  documents that by reason of public filing, public distribution or otherwise are already

340

EXHIBIT _15_

1  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

2  the request to the extent that it seeks documents not in Larian's possession, custody

3  or control.  Larian further objects to the request to the extent it seeks confidential,

4  proprietary or commercially sensitive information, the disclosure of which would be

5  inimical to the business interests of Larian or MGA.  Larian further objects to the

6  request to the extent it violates the privacy rights of third parties to their private,

7  confidential, proprietary or trade secret information.

8       Larian further objects to this request as cumulative, duplicative, and unduly

9  burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

11  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

12  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

13  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

14  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

15  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

16  Things to MGAE de Mexico S.R.L. de C.V.

17       Without waiving any of the foregoing General or Specific Objections, but

18  rather expressly preserving each and every such objection, Larian responds as

19  follows:  Larian will produce all non-privileged, responsive documents in his

20  possession, custody or control, if any, that he is able to locate following a reasonably

21  diligent search.

22  REQUEST FOR PRODUCTION NO. 216:

23       DOCUMENTS sufficient to IDENTIFY all PERSONS who YOU believe

24  provided MATTEL with MGA's "trade secrets, non-public information, non-public

25  activities, unreleased products, and product development" information.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 216:

27       Larian incorporates by reference his General Response and General Objections

28  above, as though fully set forth herein and specifically incorporates General

EXHIBIT 15

PAGE 648

1  Objection No. 15 (regarding Definitions), including without limitation Larian's
2  objection to the definition of the term YOU, and its incorporated terms AFFILIATES
3  and PERSON.  Larian further objects to the request to the extent it seeks the
4  production of documents that are protected from disclosure under any applicable
5  privilege, doctrine or immunity, including without limitation the attorney-client
6  privilege, the work product doctrine, the right of privacy, and all other privileges
7  recognized under the constitutional, statutory or decisional law of the United States
8  of America, the State of California or any other applicable jurisdiction.  Larian
9  further objects to this request as being overly broad and unduly burdensome on the
10  grounds that it is not limited in time or geographical scope.  Larian further objects to
11  the request to the extent that it seeks documents that by reason of public filing,
12  public distribution or otherwise are already in Mattel's possession or are readily
13  accessible to Mattel.  Larian further objects to the request to the extent that it seeks
14  documents not in Larian's possession, custody or control.  Larian further objects to
15  the request to the extent it seeks confidential, proprietary or commercially sensitive
16  information, the disclosure of which would be inimical to the business interests of
17  Larian or MGA.  Larian further objects to the request to the extent it violates the
18  privacy rights of third parties to their private, confidential, proprietary or trade secret
19  information.

20      Larian further objects to this request as cumulative, duplicative, and unduly
21  burdensome to the extent that it seeks documents previously requested by Mattel or
22  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
23  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
24  Inc.'s First Set of Requests for Production of Documents and Tangible Things to
25  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
26  Requests for Production of Documents and Things to Isaac Larian and Request Nos.
27  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
28  Things to MGAE de Mexico S.R.L. de C.V.

342

EXHIBIT 15

1  Without waiving any of the foregoing General or Specific Objections, but

2  rather expressly preserving each and every such objection, Larian responds as

3  follows:  Larian will produce all non-privileged, responsive documents in his

4  possession, custody or control, if any, that he is able to locate following a reasonably

5  diligent search.

6  REQUEST FOR PRODUCTION NO. 217:

7  All DOCUMENTS, including but not limited to all COMMUNICATIONS

8  with any PERSON, RELATING to YOUR actions in response to or efforts to stop,

9  thwart or prevent MATTEL from allegedly "monitoring, 'spying on' or gaining

10  knowledge of MGA's trade secrets, non-public information, non-public activities,

11  unreleased products, and product development."

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 217:

13  Larian incorporates by reference his General Response and General Objections

14  above, as though fully set forth herein and specifically incorporates General

15  Objection No. 15 (regarding Definitions), including without limitation Larian's

16  objection to the definition of the term YOUR, and its incorporated terms

17  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

18  seeks the production of documents that are protected from disclosure under any

19  applicable privilege, doctrine or immunity, including without limitation the attorney-

20  client privilege, the work product doctrine, the right of privacy, and all other

21  privileges recognized under the constitutional, statutory or decisional law of the

22  United States of America, the State of California or any other applicable jurisdiction.

23  Larian further objects to this request as being overly broad and unduly burdensome

24  on the grounds that it is not limited in time or geographical scope.  Larian further

25  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

26  but not limited to all COMMUNICATIONS with any PERSON, RELATING TO"

27  does not comply with the "reasonable particularity" requirement of Federal Rule of

28  Civil Procedure 34 and renders the request overly broad and unduly burdensome in

343

EXHIBIT 15

PAGE 644

1 light of "the wealth of material already made available in this case." <u>Westhemeco</u>
2 <u>Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian
3 further objects that the phrase "YOUR actions in response to or efforts to stop,
4 thwart or prevent" is compound and, as such, renders the request vague, ambiguous,
5 and unintelligible. Larian further objects to the request to the extent that it seeks
6 documents that by reason of public filing, public distribution or otherwise are already
7 in Mattel's possession or are readily accessible to Mattel. Larian further objects to
8 the request to the extent that it seeks documents not in Larian's possession, custody
9 or control. Larian further objects to the request to the extent it seeks confidential,
10 proprietary or commercially sensitive information, the disclosure of which would be
11 inimical to the business interests of Larian or MGA. Larian further objects to the
12 request to the extent it violates the privacy rights of third parties to their private,
13 confidential, proprietary or trade secret information.

14　　　Larian further objects to this request as cumulative, duplicative, and unduly
15 burdensome to the extent that it seeks documents previously requested by Mattel or
16 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
17 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
18 Inc.'s First Set of Requests for Production of Documents and Tangible Things to
19 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
20 Requests for Production of Documents and Things to Isaac Larian and Request Nos.
21 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
22 Things to MGAE de Mexico S.R.L. de C.V.

23　　　Without waiving any of the foregoing General or Specific Objections, but
24 rather expressly preserving each and every such objection, Larian responds as
25 follows: Larian will produce all non-privileged, responsive documents in his
26 possession, custody or control, if any, that he is able to locate following a reasonably
27 diligent search.

28

EXHIBIT _15_

344

PAGE _645_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1 | REQUEST FOR PRODUCTION NO. 218:

2 |     All DOCUMENTS that REFER OR RELATE TO the value of MGA's "trade

3 | secrets, non-public information, non-public activities, unreleased products, and

4 | product development" information that MATTEL allegedly "monitor[ed], 'sp[ied] on'

5 | or gain[ed] knowledge of."

6 | RESPONSE TO REQUEST FOR PRODUCTION NO. 218:

7 |     Larian incorporates by reference his General Response and General Objections

8 | above, as though fully set forth herein.  Larian further objects to the request to the

9 | extent it seeks the production of documents that are protected from disclosure under

10 | any applicable privilege, doctrine or immunity, including without limitation the

11 | attorney-client privilege, the work product doctrine, the right of privacy, and all other

12 | privileges recognized under the constitutional, statutory or decisional law of the

13 | United States of America, the State of California or any other applicable jurisdiction.

14 | Larian further objects to this request as being overly broad and unduly burdensome

15 | on the grounds that it is not limited in time or geographical scope.  Larian further

16 | objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that

17 | REFER OR RELATE TO" does not comply with the "reasonable particularity"

18 | requirement of Federal Rule of Civil Procedure 34 and renders the request overly

19 | broad and unduly burdensome in light of "the wealth of material already made

20 | available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

21 | 709 (S.D.N.Y. 1979).  Larian further objects to the request to the extent that it seeks

22 | documents that by reason of public filing, public distribution or otherwise are already

23 | in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

24 | the request to the extent that it seeks documents not in Larian's possession, custody

25 | or control.  Larian further objects to the request to the extent it seeks confidential,

26 | proprietary or commercially sensitive information, the disclosure of which would be

27 | inimical to the business interests of Larian or MGA.  Larian further objects to the

28 |

EXHIBIT _15_

PAGE _69_

1  request to the extent it violates the privacy rights of third parties to their private,

2  confidential, proprietary or trade secret information.

3       Larian further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11  Things to MGAE de Mexico S.R.L. de C.V.

12       Without waiving any of the foregoing General or Specific Objections, but

13  rather expressly preserving each and every such objection, Larian responds as

14  follows:  Larian will produce all non-privileged, responsive documents in his

15  possession, custody or control, if any, that he is able to locate following a reasonably

16  diligent search.

17  REQUEST FOR PRODUCTION NO. 219:

18       All DOCUMENTS, including but not limited to all COMMUNICATIONS

19  with any PERSON, RELATING to any loss, harm, injury, increased expense, lost

20  revenue or profits, or any other damage caused to YOU by MATTEL allegedly

21  "monitoring, 'spying on' or gaining knowledge of MGA's trade secrets, non-public

22  information, non-public activities, unreleased products, and product development."

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 219:

24       Larian incorporates by reference his General Response and General Objections

25  above, as though fully set forth herein and specifically incorporates General

26  Objection No. 15 (regarding Definitions), including without limitation Larian's

27  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

28  and PERSON.  Larian further objects to the request to the extent it seeks the

EXHIBIT 15

1  production of documents that are protected from disclosure under any applicable

2  privilege, doctrine or immunity, including without limitation the attorney-client

3  privilege, the work product doctrine, the right of privacy, and all other privileges

4  recognized under the constitutional, statutory or decisional law of the United States

5  of America, the State of California or any other applicable jurisdiction. Larian

6  further objects to this request as being overly broad and unduly burdensome on the

7  grounds that it is not limited in time or geographical scope. Larian further objects to

8  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

9  limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

10 TO" does not comply with the "reasonable particularity" requirement of Federal Rule

11 of Civil Procedure 34 and renders the request overly broad and unduly burdensome

12 in light of "the wealth of material already made available in this case." Westhemeco

13 Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian

14 further objects that the phrases "any loss, harm, injury, increased expense, lost

15 revenue or profits, or any other damage" and "by MATTEL allegedly 'monitoring,

16 "spying on" or gaining knowledge of MGA's trade secrets, non-public information,

17 non-public activities, unreleased products, and product development'" are, both

18 individually and taken together, compound and, as such, render the request vague,

19 ambiguous, and unintelligible. Larian further objects to the request to the extent that

20 it seeks documents that by reason of public filing, public distribution or otherwise

21 are already in Mattel's possession or are readily accessible to Mattel. Larian further

22 objects to the request to the extent that it seeks documents not in Larian's possession,

23 custody or control. Larian further objects to the request to the extent it seeks

24 confidential, proprietary or commercially sensitive information, the disclosure of

25 which would be inimical to the business interests of Larian or MGA. Larian further

26 objects to the request to the extent it violates the privacy rights of third parties to

27 their private, confidential, proprietary or trade secret information.

28

EXHIBIT _15_

PAGE _648_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1    Larian further objects to this request as cumulative, duplicative, and unduly

2  burdensome to the extent that it seeks documents previously requested by Mattel or

3  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

4  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

5  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

6  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

7  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

8  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

9  Things to MGAE de Mexico S.R.L. de C.V.

10    Without waiving any of the foregoing General or Specific Objections, but

11  rather expressly preserving each and every such objection, Larian responds as

12  follows:  Larian will produce all non-privileged, responsive documents in his

13  possession, custody or control, if any, that he is able to locate following a reasonably

14  diligent search.

15  REQUEST FOR PRODUCTION NO. 220:

16    All DOCUMENTS, including but not limited to all COMMUNICATIONS

17  with any PERSON, that REFER OR RELATE TO YOUR monitoring, spying on or

18  gaining knowledge of MATTEL'S trade secrets, non-public information, non-public

19  activities, unreleased products, and product development, including but not limited to,

20  how and when you monitored, spied on or gained knowledge of MATTEL'S trade

21  secrets, non-public information, non-public activities, unreleased products, and

22  product development.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 220:

24    Larian incorporates by reference his General Response and General Objections

25  above, as though fully set forth herein and specifically incorporates General

26  Objection No. 15 (regarding Definitions), including without limitation Larian's

27  objection to the definition of the term YOUR, and its incorporated terms

28  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 649

1  seeks the production of documents that are protected from disclosure under any

2  applicable privilege, doctrine or immunity, including without limitation the attorney-

3  client privilege, the work product doctrine, the right of privacy, and all other

4  privileges recognized under the constitutional, statutory or decisional law of the

5  United States of America, the State of California or any other applicable jurisdiction.

6  Larian further objects to this request as being overly broad and unduly burdensome

7  on the grounds that it is not limited in time or geographical scope.  Larian further

8  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

9  but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

10  RELATE TO" does not comply with the "reasonable particularity" requirement of

11  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

12  burdensome in light of "the wealth of material already made available in this case."

13  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

14  Larian further objects that the phrases "YOUR monitoring, spying on or gaining

15  knowledge of," "MATTEL'S trade secrets, non-public information, non-public

16  activities, unreleased products, and product development," and "including but not

17  limited to, how and when you monitored, spied on or gained knowledge of

18  MATTEL'S trade secrets, non-public information, non-public activities, unreleased

19  products, and product development," are, both individually and taken together, (1)

20  accusatory and argumentative such that Larian would have to respond to the

21  allegations of the request before providing any substantive response, see Zadrozny v.

22  Board of Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991),

23  and (2) compound, rendering the request vague, ambiguous, and unintelligible.

24  Larian further objects to the request to the extent that it seeks documents that by

25  reason of public filing, public distribution or otherwise are already in Mattel's

26  possession or are readily accessible to Mattel.  Larian further objects to the request to

27  the extent that it seeks documents not in Larian's possession, custody or control.

28  Larian further objects to the request to the extent it seeks confidential, proprietary or

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

EXHIBIT 15

PAGE 650

1 commercially sensitive information, the disclosure of which would be inimical to the

2 business interests of Larian or MGA. Larian further objects to the request to the

3 extent it violates the privacy rights of third parties to their private, confidential,

4 proprietary or trade secret information.

5 REQUEST FOR PRODUCTION NO. 221:

6      All DOCUMENTS that REFER OR RELATE TO when and under what

7 circumstances MGA created, developed or conceived of the "trade secrets, non-

8 public information, non-public activities, unreleased products, and product

9 development" information that MATTEL allegedly "monitor[ed], 'sp[ied] on' or

10 gain[ed] knowledge of."

11 RESPONSE TO REQUEST FOR PRODUCTION NO. 221:

12      Larian incorporates by reference his General Response and General Objections

13 above, as though fully set forth herein. Larian further objects to the request to the

14 extent it seeks the production of documents that are protected from disclosure under

15 any applicable privilege, doctrine or immunity, including without limitation the

16 attorney-client privilege, the work product doctrine, the right of privacy, and all other

17 privileges recognized under the constitutional, statutory or decisional law of the

18 United States of America, the State of California or any other applicable jurisdiction.

19 Larian further objects to this request as being overly broad and unduly burdensome

20 on the grounds that it is not limited in time or geographical scope. Larian further

21 objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that

22 REFER OR RELATE TO" does not comply with the "reasonable particularity"

23 requirement of Federal Rule of Civil Procedure 34 and renders the request overly

24 broad and unduly burdensome in light of "the wealth of material already made

25 available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

26 709 (S.D.N.Y. 1979). Larian further objects that the phrases "when and under what

27 circumstances," "MGA created, developed or conceived," "the 'trade secrets, non-

28 public information, non-public activities, unreleased products, and product

EXHIBIT 15

PAGE 65

1  development' information," and "MATTEL allegedly 'monitor[ed], "sp[ied] on" or

2  gain[ed] knowledge of'" are, both individually and taken together, compound,

3  rendering the request vague, ambiguous, and unintelligible.  Larian further objects to

4  the request to the extent that it seeks documents that by reason of public filing,

5  public distribution or otherwise are already in Mattel's possession or are readily

6  accessible to Mattel.  Larian further objects to the request to the extent that it seeks

7  documents not in Larian's possession, custody or control.  Larian further objects to

8  the request to the extent it seeks confidential, proprietary or commercially sensitive

9  information, the disclosure of which would be inimical to the business interests of

10  Larian or MGA.  Larian further objects to the request to the extent it violates the

11  privacy rights of third parties to their private, confidential, proprietary or trade secret

12  information.

13        Larian further objects to this request as cumulative, duplicative, and unduly

14  burdensome to the extent that it seeks documents previously requested by Mattel or

15  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

16  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

17  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

18  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

19  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

20  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

21  Things to MGAE de Mexico S.R.L. de C.V.

22        Without waiving any of the foregoing General or Specific Objections, but

23  rather expressly preserving each and every such objection, Larian responds as

24  follows:  Larian will produce all non-privileged, responsive documents in his

25  possession, custody or control, if any, that he is able to locate following a reasonably

26  diligent search.

27                                                        EXHIBIT 15

28                                                        PAGE 652

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  REQUEST FOR PRODUCTION NO. 222:

2      All DOCUMENTS that REFER OR RELATE TO any contract or agreement

3  that REFERS OR RELATES TO any of the "trade secrets, non-public information,

4  non-public activities, unreleased products, and product development" information

5  that MATTEL allegedly "monitor[ed], 'sp[ied] on' or gain[ed] knowledge of,"

6  including without limitation, all amendments and modifications thereto.

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 222:

8      Larian incorporates by reference his General Response and General Objections

9  above, as though fully set forth herein.  Larian further objects to the request to the

10  extent it seeks the production of documents that are protected from disclosure under

11  any applicable privilege, doctrine or immunity, including without limitation the

12  attorney-client privilege, the work product doctrine, the right of privacy, and all other

13  privileges recognized under the constitutional, statutory or decisional law of the

14  United States of America, the State of California or any other applicable jurisdiction.

15  Larian further objects to this request as being overly broad and unduly burdensome

16  on the grounds that it is not limited in time or geographical scope.  Larian further

17  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that

18  REFER OR RELATE TO" does not comply with the "reasonable particularity"

19  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

20  broad and unduly burdensome in light of "the wealth of material already made

21  available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

22  709 (S.D.N.Y. 1979).  Larian further objects that the phrases "All DOCUMENTS

23  that REFER OR RELATE TO any contract or agreement," "that REFERS OR

24  RELATES TO any of the 'trade secrets, non-public information, non-public activities,

25  unreleased products, and product development' information," "MATTEL allegedly

26  'monitor[ed], 'sp[ied] on' or gain[ed] knowledge of,'" and "including without

27  limitation, all amendments and modifications thereto," are, both individually and

28  taken together, compound, rendering the request vague, ambiguous, and

352

EXHIBIT _15_

PAGE _651_

1  unintelligible.  Larian further objects to the request to the extent that it seeks

2  documents that by reason of public filing, public distribution or otherwise are already

3  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

4  the request to the extent that it seeks documents not in Larian's possession, custody

5  or control.  Larian further objects to the request to the extent it seeks confidential,

6  proprietary or commercially sensitive information, the disclosure of which would be

7  inimical to the business interests of Larian or MGA.  Larian further objects to the

8  request to the extent it violates the privacy rights of third parties to their private,

9  confidential, proprietary or trade secret information.

10       Larian further objects to this request as cumulative, duplicative, and unduly

11  burdensome to the extent that it seeks documents previously requested by Mattel or

12  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

13  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

14  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

15  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

16  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

17  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

18  Things to MGAE de Mexico S.R.L. de C.V.

19       Without waiving any of the foregoing General or Specific Objections, but

20  rather expressly preserving each and every such objection, Larian responds as

21  follows:  Larian will produce all non-privileged, responsive documents in his

22  possession, custody or control, if any, that he is able to locate following a reasonably

23  diligent search.

24  REQUEST FOR PRODUCTION NO. 223:

25       DOCUMENTS sufficient to IDENTIFY all PERSONS who acquired

26  knowledge of MATTEL'S trade secrets, non-public information, non-public

27  activities, unreleased products, and product development, as a result of YOUR

EXHIBIT 15

PAGE 654

28

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  monitoring, spying on or gaining knowledge of MATTEL'S trade secrets, non-public

2  information, non-public activities, unreleased products, and product development.

3  RESPONSE TO REQUEST FOR PRODUCTION NO. 223:

4       Larian incorporates by reference his General Response and General Objections

5  above, as though fully set forth herein and specifically incorporates General

6  Objection No. 15 (regarding Definitions), including without limitation Larian's

7  objection to the definition of the term YOUR, and its incorporated terms

8  AFFILIATES and PERSON. Larian further objects to the request to the extent it

9  seeks the production of documents that are protected from disclosure under any

10 applicable privilege, doctrine or immunity, including without limitation the attorney-

11 client privilege, the work product doctrine, the right of privacy, and all other

12 privileges recognized under the constitutional, statutory or decisional law of the

13 United States of America, the State of California or any other applicable jurisdiction.

14 Larian further objects to this request as being overly broad and unduly burdensome

15 on the grounds that it is not limited in time or geographical scope. Larian further

16 objects that the phrases "all PERSONS who acquired knowledge of MATTEL'S

17 trade secrets, non-public information, non-public activities, unreleased products, and

18 product development," "as a result of YOUR monitoring, spying on or gaining

19 knowledge of," and "MATTEL'S trade secrets, non-public information, non-public

20 activities, unreleased products, and product development" are, both individually and

21 taken together, (1) accusatory and argumentative such that Larian would have to

22 respond to the allegations of the request before providing any substantive response,

23 see Zadrozny v. Board of Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill.

24 April 24, 1991), and (2) compound, rendering the request vague, ambiguous, and

25 unintelligible. Larian further objects to the request to the extent that it seeks

26 documents that by reason of public filing, public distribution or otherwise are already

27 in Mattel's possession or are readily accessible to Mattel. Larian further objects to

28 the request to the extent that it seeks documents not in Larian's possession, custody

354

EXHIBIT 15

PAGE 68

1 or control.  Larian further objects to the request to the extent it seeks confidential,

2 proprietary or commercially sensitive information, the disclosure of which would be

3 inimical to the business interests of Larian or MGA.  Larian further objects to the

4 request to the extent it violates the privacy rights of third parties to their private,

5 confidential, proprietary or trade secret information.

6 REQUEST FOR PRODUCTION NO. 224:

7     All DOCUMENTS, including but not limited to all COMMUNICATIONS

8 with any PERSON, that REFER OR RELATE TO YOUR use of, or disclosure to

9 third parties of, MATTEL'S trade secrets, non-public information, non-public

10 activities, unreleased products, and product development.

11 RESPONSE TO REQUEST FOR PRODUCTION NO. 224:

12     Larian incorporates by reference his General Response and General Objections

13 above, as though fully set forth herein and specifically incorporates General

14 Objection No. 15 (regarding Definitions), including without limitation Larian's

15 objection to the definition of the term YOUR, and its incorporated terms

16 AFFILIATES and PERSON.  Larian further objects to the request to the extent it

17 seeks the production of documents that are protected from disclosure under any

18 applicable privilege, doctrine or immunity, including without limitation the attorney-

19 client privilege, the work product doctrine, the right of privacy, and all other

20 privileges recognized under the constitutional, statutory or decisional law of the

21 United States of America, the State of California or any other applicable jurisdiction.

22 Larian further objects to this request as being overly broad and unduly burdensome

23 on the grounds that it is not limited in time or geographical scope.  Larian further

24 objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

25 all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO" does

26 not comply with the "reasonable particularity" requirement of Federal Rule of Civil

27 Procedure 34 and renders the request overly broad and unduly burdensome in light of

28 "the wealth of material already made available in this case."  Westhemeco Ltd. v.

EXHIBIT *15*

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049/SGL

PAGE *656*

1  New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further

2  objects that the phrases "YOUR use of, or disclosure to third parties of," and

3  "MATTEL'S trade secrets, non-public information, non-public activities, unreleased

4  products, and product development" are, both individually and taken together, (1)

5  accusatory and argumentative such that Larian would have to respond to the

6  allegations of the request before providing any substantive response, see Zadrozny v.

7  Board of Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991),

8  and (2) compound, rendering the request vague, ambiguous, and unintelligible.

9  Larian further objects to the request to the extent that it seeks documents that by

10  reason of public filing, public distribution or otherwise are already in Mattel's

11  possession or are readily accessible to Mattel. Larian further objects to the request to

12  the extent that it seeks documents not in Larian's possession, custody or control.

13  Larian further objects to the request to the extent it seeks confidential, proprietary or

14  commercially sensitive information, the disclosure of which would be inimical to the

15  business interests of Larian or MGA. Larian further objects to the request to the

16  extent it violates the privacy rights of third parties to their private, confidential,

17  proprietary or trade secret information.

18  REQUEST FOR PRODUCTION NO. 225:

19      All DOCUMENTS that REFER OR RELATE TO the access or use by, or

20  knowledge of, any PERSON, other than MGA, of the "trade secrets, non-public

21  information, non-public activities, unreleased products, and product development"

22  information that MATTEL allegedly "monitor[ed], 'sp[ied] on' or gain[ed]

23  knowledge of."

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 225:

25      Larian incorporates by reference his General Response and General Objections

26  above, as though fully set forth herein and specifically incorporates General

27  Objection No. 15 (regarding Definitions), including without limitation Larian's

28  objection to the definition of the term PERSON. Larian further objects to the request

356

EXHIBIT 15

PAGE 65

1 | to the extent it seeks the production of documents that are protected from disclosure
2 | under any applicable privilege, doctrine or immunity, including without limitation
3 | the attorney-client privilege, the work product doctrine, the right of privacy, and all
4 | other privileges recognized under the constitutional, statutory or decisional law of
5 | the United States of America, the State of California or any other applicable
6 | jurisdiction.  Larian further objects to this request as being overly broad and unduly
7 | burdensome on the grounds that it is not limited in time or geographical scope.
8 | Larian further objects to this request on the grounds that the phrase "[a]ll
9 | DOCUMENTS that REFER OR RELATE TO" does not comply with the
10 | "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and
11 | renders the request overly broad and unduly burdensome in light of "the wealth of
12 | material already made available in this case." Westhemeco Ltd. v. New Hampshire
13 | Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrases
14 | "the access or use by, or knowledge of, any PERSON, other than MGA," "the 'trade
15 | secrets, non-public information, non-public activities, unreleased products, and
16 | product development' information," "'monitor[ed], "sp[ied] on" or gain[ed]
17 | knowledge of'" are, both individually and taken together, (1) accusatory and
18 | argumentative such that Larian would have to respond to the allegations of the
19 | request before providing any substantive response, see Zadrozny v. Board of
20 | Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2)
21 | compound, rendering the request vague, ambiguous, and unintelligible.  Larian
22 | further objects to the request to the extent that it seeks documents that by reason of
23 | public filing, public distribution or otherwise are already in Mattel's possession or
24 | are readily accessible to Mattel.  Larian further objects to the request to the extent
25 | that it seeks documents not in Larian's possession, custody or control.  Larian further
26 | objects to the request to the extent it seeks confidential, proprietary or commercially
27 | sensitive information, the disclosure of which would be inimical to the business
28 | interests of Larian or MGA.  Larian further objects to the request to the extent it

357

EXHIBIT 15

1   violates the privacy rights of third parties to their private, confidential, proprietary or

2   trade secret information.

3   REQUEST FOR PRODUCTION NO. 226:

4        All DOCUMENTS that REFER OR RELATE TO YOUR access, use or

5   knowledge of the trade secrets, non-public information, non-public activities,

6   unreleased products, and product development information belonging to or owned by

7   any PERSON other than MATTEL.

8   RESPONSE TO REQUEST FOR PRODUCTION NO. 226:

9        Larian incorporates by reference his General Response and General Objections

10  above, as though fully set forth herein and specifically incorporates General

11  Objection No. 15 (regarding Definitions), including without limitation Larian's

12  objection to the definition of the term PERSON.  Larian further objects to the request

13  to the extent it seeks the production of documents that are protected from disclosure

14  under any applicable privilege, doctrine or immunity, including without limitation

15  the attorney-client privilege, the work product doctrine, the right of privacy, and all

16  other privileges recognized under the constitutional, statutory or decisional law of

17  the United States of America, the State of California or any other applicable

18  jurisdiction.  Larian further objects to this request as being overly broad and unduly

19  burdensome on the grounds that it is not limited in time or geographical scope.

20  Larian further objects to this request on the grounds that the phrase "[a]ll

21  DOCUMENTS that REFER OR RELATE TO" does not comply with the

22  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

23  renders the request overly broad and unduly burdensome in light of "the wealth of

24  material already made available in this case."  Westhemeco Ltd. v. New Hampshire

25  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrases

26  "YOUR access, use or knowledge," "the trade secrets, non-public information, non-

27  public activities, unreleased products, and product development information," and

28  "belonging to or owned by any PERSON other than MATTEL" are, both

1  individually and taken together, (1) accusatory and argumentative such that Larian

2  would have to respond to the allegations of the request before providing any

3  substantive response, see Zadrozny v. Board of Trustees District No. 508, 1991 WL

4  66705, at *1 (N.D. Ill. April 24, 1991), and (2) compound, rendering the request

5  vague, ambiguous, and unintelligible.  Larian further objects to the request to the

6  extent that it seeks documents that by reason of public filing, public distribution or

7  otherwise are already in Mattel's possession or are readily accessible to Mattel.

8  Larian further objects to the request to the extent that it seeks documents not in

9  Larian's possession, custody or control.  Larian further objects to the request to the

10  extent it seeks confidential, proprietary or commercially sensitive information, the

11  disclosure of which would be inimical to the business interests of Larian or MGA.

12  Larian further objects to the request to the extent it violates the privacy rights of third

13  parties to their private, confidential, proprietary or trade secret information.

14  REQUEST FOR PRODUCTION NO. 227:

15      All DOCUMENTS, including but not limited to all COMMUNICATIONS

16  with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL

17  "gain[ed] access, or attemp[ed] to gain access, to MGA showrooms, Plan-o-Grams,

18  merchandising displays [and] Toy Fair displays on false pretenses."

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 227:

20      Larian incorporates by reference his General Response and General Objections

21  above, as though fully set forth herein and specifically incorporates General

22  Objection No. 15 (regarding Definitions), including without limitation Larian's

23  objection to the definition of the term YOUR, and its incorporated terms

24  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

25  seeks the production of documents that are protected from disclosure under any

26  applicable privilege, doctrine or immunity, including without limitation the attorney-

27  client privilege, the work product doctrine, the right of privacy, and all other

28  privileges recognized under the constitutional, statutory or decisional law of the

359

EXHIBIT 15

PAGE 660

1  United States of America, the State of California or any other applicable jurisdiction.
2  Larian further objects to this request as being overly broad and unduly burdensome
3  on the grounds that it is not limited in time or geographical scope. Larian further
4  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including
5  but not limited to all COMMUNICATIONS with any PERSON, that REFER OR
6  RELATE TO" does not comply with the "reasonable particularity" requirement of
7  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly
8  burdensome in light of "the wealth of material already made available in this case."
9  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).
10  Larian further objects to the request to the extent that it seeks documents that by
11  reason of public filing, public distribution or otherwise are already in Mattel's
12  possession or are readily accessible to Mattel. Larian further objects to the request to
13  the extent that it seeks documents not in Larian's possession, custody or control.
14  Larian further objects to the request to the extent it seeks confidential, proprietary or
15  commercially sensitive information, the disclosure of which would be inimical to the
16  business interests of Larian or MGA. Larian further objects to the request to the
17  extent it violates the privacy rights of third parties to their private, confidential,
18  proprietary or trade secret information.
19       Larian further objects to this request as cumulative, duplicative, and unduly
20  burdensome to the extent that it seeks documents previously requested by Mattel or
21  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
22  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
23  Inc.'s First Set of Requests for Production of Documents and Tangible Things to
24  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
25  Requests for Production of Documents and Things to Isaac Larian and Request Nos.
26  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
27  Things to MGAE de Mexico S.R.L. de C.V.

EXHIBIT _15_

PAGE _661_

28

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1   Without waiving any of the foregoing General or Specific Objections, but
2   rather expressly preserving each and every such objection, Larian responds as
3   follows:  Larian will produce all non-privileged, responsive documents in his
4   possession, custody or control, if any, that he is able to locate following a reasonably
5   diligent search.

6   REQUEST FOR PRODUCTION NO. 228:

7   All DOCUMENTS, including but not limited to all COMMUNICATIONS
8   with any PERSON, that YOU contend prove or that YOU will rely on at trial to
9   prove that MATTEL "gain[ed] access, or attemp[ed] to gain access, to MGA
10   showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays on false
11   pretenses."

12   RESPONSE TO REQUEST FOR PRODUCTION NO. 228:

13   Larian incorporates by reference his General Response and General Objections
14   above, as though fully set forth herein and specifically incorporates General
15   Objection No. 15 (regarding Definitions), including without limitation Larian's
16   objection to the definition of the term YOU, and its incorporated terms AFFILIATES
17   and PERSON.  Larian further objects to the request to the extent it seeks the
18   production of documents that are protected from disclosure under any applicable
19   privilege, doctrine or immunity, including without limitation the attorney-client
20   privilege, the work product doctrine, the right of privacy, and all other privileges
21   recognized under the constitutional, statutory or decisional law of the United States
22   of America, the State of California or any other applicable jurisdiction.   Larian
23   further objects to this request as being overly broad and unduly burdensome on the
24   grounds that it is not limited in time or geographical scope.  Larian further objects to
25   this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not
26   limited to all COMMUNICATIONS with any PERSON" does not comply with the
27   "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and
28   renders the request overly broad and unduly burdensome in light of "the wealth of

361

EXHIBIT _15_

1 | material already made available in this case."  <u>Westhemeco Ltd. v. New Hampshire</u>
2 | <u>Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase
3 | "that YOU contend prove or that YOU will rely on at trial to prove" is compound
4 | and, as such, renders the request vague, ambiguous, and unintelligible.  Larian
5 | further objects to the request to the extent that it seeks documents that by reason of
6 | public filing, public distribution or otherwise are already in Mattel's possession or
7 | are readily accessible to Mattel.  Larian further objects to the request to the extent
8 | that it seeks documents not in Larian's possession, custody or control.  Larian further
9 | objects to the request to the extent it seeks confidential, proprietary or commercially
10 | sensitive information, the disclosure of which would be inimical to the business
11 | interests of Larian or MGA.  Larian further objects to the request to the extent it
12 | violates the privacy rights of third parties to their private, confidential, proprietary or
13 | trade secret information.
14 |     Larian further objects to this request as cumulative, duplicative, and unduly
15 | burdensome to the extent that it seeks documents previously requested by Mattel or
16 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
17 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
18 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
19 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
20 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
21 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
22 | Things to MGAE de Mexico S.R.L. de C.V.
23 |     Without waiving any of the foregoing General or Specific Objections, but
24 | rather expressly preserving each and every such objection, Larian responds as
25 | follows:  Larian will produce all non-privileged, responsive documents in his
26 | possession, custody or control, if any, that he is able to locate following a reasonably
27 | diligent search.

EXHIBIT _15_

PAGE _662_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1 | REQUEST FOR PRODUCTION NO. 229:

2 |     DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

3 | YOUR allegation that MATTEL "gain[ed] access, or attemp[ed] to gain access, to

4 | MGA showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays on

5 | false pretenses."

6 | RESPONSE TO REQUEST FOR PRODUCTION NO. 229:

7 |     Larian incorporates by reference his General Response and General Objections

8 | above, as though fully set forth herein and specifically incorporates General

9 | Objection No. 15 (regarding Definitions), including without limitation Larian's

10 | objection to the definition of the terms YOUR, and its incorporated terms

11 | AFFILIATES and PERSON. Larian further objects to the request to the extent it

12 | seeks the production of documents that are protected from disclosure under any

13 | applicable privilege, doctrine or immunity, including without limitation the attorney-

14 | client privilege, the work product doctrine, the right of privacy, and all other

15 | privileges recognized under the constitutional, statutory or decisional law of the

16 | United States of America, the State of California or any other applicable jurisdiction.

17 | Larian further objects to this request as being overly broad and unduly burdensome

18 | on the grounds that it is not limited in time or geographical scope. Larian further

19 | objects to this request on the grounds that the phrase "all PERSONS with knowledge

20 | of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly

21 | burdensome in that anyone who has read Larian's Answer in this matter has

22 | "knowledge of [Larian's] allegation," without regard to whether the factual basis for

23 | the allegation is known to them. Larian further objects to the request to the extent

24 | that it seeks documents that by reason of public filing, public distribution or

25 | otherwise are already in Mattel's possession or are readily accessible to Mattel.

26 | Larian further objects to the request to the extent that it seeks documents not in

27 | Larian's possession, custody or control. Larian further objects to the request to the

28 | extent it seeks confidential, proprietary or commercially sensitive information, the

1  disclosure of which would be inimical to the business interests of Larian or MGA.

2  Larian further objects to the request to the extent it violates the privacy rights of third

3  parties to their private, confidential, proprietary or trade secret information.

4      Larian further objects to this request as cumulative, duplicative, and unduly

5  burdensome to the extent that it seeks documents previously requested by Mattel or

6  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

7  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

8  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

9  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

10  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

11  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

12  Things to MGAE de Mexico S.R.L. de C.V.

13      Without waiving any of the foregoing General or Specific Objections, but

14  rather expressly preserving each and every such objection, Larian responds as

15  follows:  Larian will produce all non-privileged, responsive documents in his

16  possession, custody or control, if any, that he is able to locate following a reasonably

17  diligent search.

18  REQUEST FOR PRODUCTION NO. 230:

19      DOCUMENTS describing all time periods during which MATTEL allegedly

20  "gain[ed] access, or attemp[ed] to gain access, to MGA showrooms, Plan-o-Grams,

21  merchandising displays [and] Toy Fair displays on false pretenses."

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 230:

23      Larian incorporates by reference his General Response and General Objections

24  above, as though fully set forth herein.  Larian further objects to the request to the

25  extent it seeks the production of documents that are protected from disclosure under

26  any applicable privilege, doctrine or immunity, including without limitation the

27  attorney-client privilege, the work product doctrine, the right of privacy, and all other

28  privileges recognized under the constitutional, statutory or decisional law of the

EXHIBIT *15*

364

1  United States of America, the State of California or any other applicable jurisdiction.

2  Larian further objects to this request as being overly broad and unduly burdensome

3  on the grounds that it is not limited in time or geographical scope.  Larian further

4  objects to this request on the grounds that the phrase "DOCUMENTS describing all

5  time periods during which" renders the request vague, ambiguous, and unintelligible.

6  Larian further objects to the request to the extent that it seeks documents that by

7  reason of public filing, public distribution or otherwise are already in Mattel's

8  possession or are readily accessible to Mattel.  Larian further objects to the request to

9  the extent that it seeks documents not in Larian's possession, custody or control.

10  Larian further objects to the request to the extent it seeks confidential, proprietary or

11  commercially sensitive information, the disclosure of which would be inimical to the

12  business interests of Larian or MGA.  Larian further objects to the request to the

13  extent it violates the privacy rights of third parties to their private, confidential,

14  proprietary or trade secret information.

15        Larian further objects to this request as cumulative, duplicative, and unduly

16  burdensome to the extent that it seeks documents previously requested by Mattel or

17  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

18  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

19  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

20  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

21  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

22  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

23  Things to MGAE de Mexico S.R.L. de C.V.

24        Without waiving any of the foregoing General or Specific Objections, but

25  rather expressly preserving each and every such objection, Larian responds as

26  follows:  Larian will produce all non-privileged, responsive documents in his

27  possession, custody or control, if any, that he is able to locate following a reasonably

28  diligent search.

EXHIBIT 15

PAGE 666

REQUEST FOR PRODUCTION NO. 231:

DOCUMENTS describing the "false pretenses" that MATTEL allegedly employed or used to "gain[] access, or [to] attemp[] to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays."

RESPONSE TO REQUEST FOR PRODUCTION NO. 231:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrase "employed or used" renders the request vague, ambiguous, and unintelligible. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

EXHIBIT _15_

PAGE _061_

1  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

2  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

3  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

4  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

5  Things to MGAE de Mexico S.R.L. de C.V.

6        Without waiving any of the foregoing General or Specific Objections, but

7  rather expressly preserving each and every such objection, Larian responds as

8  follows:  Larian will produce all non-privileged, responsive documents in his

9  possession, custody or control, if any, that he is able to locate following a reasonably

10  diligent search.

11  REQUEST FOR PRODUCTION NO. 232:

12        DOCUMENTS sufficient to IDENTIFY the "MGA showrooms, Plan-o-Grams,

13  merchandising displays [and] Toy Fair displays" to which MATTEL allegedly

14  "gain[ed] access, or attemp[ed] to gain access."

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 232:

16        Larian incorporates by reference his General Response and General Objections

17  above, as though fully set forth herein.  Larian further objects to the request to the

18  extent it seeks the production of documents that are protected from disclosure under

19  any applicable privilege, doctrine or immunity, including without limitation the

20  attorney-client privilege, the work product doctrine, the right of privacy, and all other

21  privileges recognized under the constitutional, statutory or decisional law of the

22  United States of America, the State of California or any other applicable jurisdiction.

23  Larian further objects to this request as being overly broad and unduly burdensome

24  on the grounds that it is not limited in time or geographical scope.  Larian further

25  objects to the request to the extent that it seeks documents that by reason of public

26  filing, public distribution or otherwise are already in Mattel's possession or are

27  readily accessible to Mattel.  Larian further objects to the request to the extent that it

28  seeks documents not in Larian's possession, custody or control.  Larian further

EXHIBIT 15

PAGE 668

1 objects to the request to the extent it seeks confidential, proprietary or commercially

2 sensitive information, the disclosure of which would be inimical to the business

3 interests of Larian or MGA.  Larian further objects to the request to the extent it

4 violates the privacy rights of third parties to their private, confidential, proprietary or

5 trade secret information.

6      Larian further objects to this request as cumulative, duplicative, and unduly

7 burdensome to the extent that it seeks documents previously requested by Mattel or

8 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

9 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

10 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

11 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

12 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

13 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

14 Things to MGAE de Mexico S.R.L. de C.V.

15      Without waiving any of the foregoing General or Specific Objections, but

16 rather expressly preserving each and every such objection, Larian responds as

17 follows:  Larian will produce all non-privileged, responsive documents in his

18 possession, custody or control, if any, that he is able to locate following a reasonably

19 diligent search.

20 REQUEST FOR PRODUCTION NO. 233:

21      All DOCUMENTS that REFER OR RELATE TO the "MGA showrooms,

22 Plan-o-Grams, merchandising displays [and] Toy Fair displays" to which MATTEL

23 allegedly "gain[ed] access, or attemp[ed] to gain access."

24 RESPONSE TO REQUEST FOR PRODUCTION NO. 233:

25      Larian incorporates by reference his General Response and General Objections

26 above, as though fully set forth herein.  Larian further objects to the request to the

27 extent it seeks the production of documents that are protected from disclosure under

28 any applicable privilege, doctrine or immunity, including without limitation the

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 669

1    attorney-client privilege, the work product doctrine, the right of privacy, and all other

2    privileges recognized under the constitutional, statutory or decisional law of the

3    United States of America, the State of California or any other applicable jurisdiction.

4    Larian further objects to this request as being overly broad and unduly burdensome

5    on the grounds that it is not limited in time or geographical scope.  Larian further

6    objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that

7    REFER OR RELATE TO" does not comply with the "reasonable particularity"

8    requirement of Federal Rule of Civil Procedure 34 and renders the request overly

9    broad and unduly burdensome in light of "the wealth of material already made

10   available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

11   709 (S.D.N.Y. 1979).  Larian further objects to the request to the extent that it seeks

12   documents that by reason of public filing, public distribution or otherwise are already

13   in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

14   the request to the extent that it seeks documents not in Larian's possession, custody

15   or control.  Larian further objects to the request to the extent it seeks confidential,

16   proprietary or commercially sensitive information, the disclosure of which would be

17   inimical to the business interests of Larian or MGA.  Larian further objects to the

18   request to the extent it violates the privacy rights of third parties to their private,

19   confidential, proprietary or trade secret information.

20        Larian further objects to this request as cumulative, duplicative, and unduly

21   burdensome to the extent that it seeks documents previously requested by Mattel or

22   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

23   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

24   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

25   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

26   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

27   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

28   Things to MGAE de Mexico S.R.L. de C.V.

EXHIBIT 15

1    Without waiving any of the foregoing General or Specific Objections, but

2  rather expressly preserving each and every such objection, Larian responds as

3  follows:  Larian will produce all non-privileged, responsive documents in his

4  possession, custody or control, if any, that he is able to locate following a reasonably

5  diligent search.

6  REQUEST FOR PRODUCTION NO. 234:

7    All DOCUMENTS that show what steps, if any, YOU took to preserve,

8  protect and safeguard the confidentiality of the "MGA showrooms, Plan-o-Grams,

9  merchandising displays [and] Toy Fair displays," to which MATTEL allegedly

10  "gain[ed] access, or attemp[ed] to gain access."

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 234:

12    Larian incorporates by reference his General Response and General Objections

-13  above, as though fully set forth herein and specifically incorporates General

14  Objection No. 15 (regarding Definitions), including without limitation Larian's

15  objection to the definition of the terms YOU, and its incorporated terms

16  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

17  seeks the production of documents that are protected from disclosure under any

18  applicable privilege, doctrine or immunity, including without limitation the attorney-

19  client privilege, the work product doctrine, the right of privacy, and all other

20  privileges recognized under the constitutional, statutory or decisional law of the

21  United States of America, the State of California or any other applicable jurisdiction.

22  Larian further objects to this request as being overly broad and unduly burdensome

23  on the grounds that it is not limited in time or geographical scope.  Larian further

24  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS" does not

25  comply with the "reasonable particularity" requirement of Federal Rule of Civil

26  Procedure 34 and renders the request overly broad and unduly burdensome in light of

27  "the wealth of material already made available in this case."  Westhemeco Ltd. v.

28  New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

EXHIBIT 15

PAGE 671

1  objects that the phrases "to preserve, protect and safeguard" is compound, rendering

2  the request vague, ambiguous, and unintelligible. Larian further objects to the

3  request to the extent that it seeks documents that by reason of public filing, public

4  distribution or otherwise are already in Mattel's possession or are readily accessible

5  to Mattel. Larian further objects to the request to the extent that it seeks documents

6  not in Larian's possession, custody or control. Larian further objects to the request to

7  the extent it seeks confidential, proprietary or commercially sensitive information,

8  the disclosure of which would be inimical to the business interests of Larian or MGA.

9  Larian further objects to the request to the extent it violates the privacy rights of third

10  parties to their private, confidential, proprietary or trade secret information.

11         Larian further objects to this request as cumulative, duplicative, and unduly

12  burdensome to the extent that it seeks documents previously requested by Mattel or

13  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

14  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

15  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

16  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

17  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

18  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

19  Things to MGAE de Mexico S.R.L. de C.V.

20         Without waiving any of the foregoing General or Specific Objections, but

21  rather expressly preserving each and every such objection, Larian responds as

22  follows: Larian will produce all non-privileged, responsive documents in his

23  possession, custody or control, if any, that he is able to locate following a reasonably

24  diligent search.

25  <u>REQUEST FOR PRODUCTION NO. 235:</u>

26         All DOCUMENTS that show or tend to show that the "MGA showrooms,

27  Plan-o-Grams, merchandising displays [and] Toy Fair displays" to which MATTEL

28  allegedly "gain[ed] access, or attemp[ed] to gain access" derive independent

EXHIBIT _15_

1  economic value from not being generally known to the public or other PERSONS

2  who can obtain economic value from its disclosure or use.

3  RESPONSE TO REQUEST FOR PRODUCTION NO. 235:

4       Larian incorporates by reference his General Response and General Objections

5  above, as though fully set forth herein and specifically incorporates General

6  Objection No. 15 (regarding Definitions), including without limitation Larian's

7  objection to the definition of the term PERSON.  Larian further objects to the request

8  to the extent it seeks the production of documents that are protected from disclosure

9  under any applicable privilege, doctrine or immunity, including without limitation

10  the attorney-client privilege, the work product doctrine, the right of privacy, and all

11  other privileges recognized under the constitutional, statutory or decisional law of

12  the United States of America, the State of California or any other applicable

13  jurisdiction.  Larian further objects to this request as being overly broad and unduly

14  burdensome on the grounds that it is not limited in time or geographical scope.

15  Larian further objects to this request on the grounds that the phrase "[a]ll

16  DOCUMENTS that show or tend to show" does not comply with the "reasonable

17  particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

18  request overly broad and unduly burdensome in light of "the wealth of material

19  already made available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co.,

20  82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrases "that

21  show or tend to show," the "'MGA showrooms, Plan-o-Grams, merchandising

22  displays [and] Toy Fair displays,'" "'gain[ed] access, or attemp[ed] to gain access,'"

23  and "derive independent economic value from not being generally known to the

24  public or other PERSONS who can obtain economic value from its disclosure or

25  use" are, both individually and taken together, compound, rendering the request

26  vague, ambiguous, and unintelligible.  Larian further objects to the request to the

27  extent that it seeks documents that by reason of public filing, public distribution or

28  otherwise are already in Mattel's possession or are readily accessible to Mattel.

EXHIBIT _15_

PAGE _672_

1  Larian further objects to the request to the extent that it seeks documents not in

2  Larian's possession, custody or control.  Larian further objects to the request to the

3  extent it seeks confidential, proprietary or commercially sensitive information, the

4  disclosure of which would be inimical to the business interests of Larian or MGA.

5  Larian further objects to the request to the extent it violates the privacy rights of third

6  parties to their private, confidential, proprietary or trade secret information.

7       Larian further objects to this request as cumulative, duplicative, and unduly

8  burdensome to the extent that it seeks documents previously requested by Mattel or

9  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

10  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

11  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

12  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

13  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

14  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

15  Things to MGAE de Mexico S.R.L. de C.V.

16       Without waiving any of the foregoing General or Specific Objections, but

17  rather expressly preserving each and every such objection, Larian responds as

18  follows:  Larian will produce all non-privileged, responsive documents in his

19  possession, custody or control, if any, that he is able to locate following a reasonably

20  diligent search.

21  REQUEST FOR PRODUCTION NO. 236:

22       All DOCUMENTS that show or tend to show that the "MGA showrooms,

23  Plan-o-Grams, merchandising displays [and] Toy Fair displays" to which MATTEL

24  allegedly "gain[ed] access, or attemp[ed] to gain access" contain information that is

25  not known to the public or to PERSONS who can obtain economic value from its

26  disclosure or use.

27

28

EXHIBIT 15

PAGE 674

373

1 | RESPONSE TO REQUEST FOR PRODUCTION NO. 236:

2 |  Larian incorporates by reference his General Response and General Objections

3 | above, as though fully set forth herein and specifically incorporates General

4 | Objection No. 15 (regarding Definitions), including without limitation Larian's

5 | objection to the definition of the term PERSON.  Larian further objects to the request

6 | to the extent it seeks the production of documents that are protected from disclosure

7 | under any applicable privilege, doctrine or immunity, including without limitation

8 | the attorney-client privilege, the work product doctrine, the right of privacy, and all

9 | other privileges recognized under the constitutional, statutory or decisional law of

10 | the United States of America, the State of California or any other applicable

11 | jurisdiction.  Larian further objects to this request as being overly broad and unduly

12 | burdensome on the grounds that it is not limited in time or geographical scope.

13 | Larian further objects to this request on the grounds that the phrase "[a]ll

14 | DOCUMENTS" does not comply with the "reasonable particularity" requirement of

15 | Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

16 | burdensome in light of "the wealth of material already made available in this case."

17 | Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

18 | Larian further objects that the phrases "that show or tend to show," "'MGA

19 | showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays,"

20 | "'gain[ed] access, or attemp[ed] to gain access'" and "that is not known to the public

21 | or to PERSONS who can obtain economic value from its disclosure or use" are, both

22 | individually and taken together, compound, rendering the request vague, ambiguous,

23 | and unintelligible.  Larian further objects to the request to the extent that it seeks

24 | documents that by reason of public filing, public distribution or otherwise are already

25 | in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

26 | the request to the extent that it seeks documents not in Larian's possession, custody

27 | or control.  Larian further objects to the request to the extent it seeks confidential,

28 | proprietary or commercially sensitive information, the disclosure of which would be

374

EXHIBIT *15*

1  inimical to the business interests of Larian or MGA.  Larian further objects to the

2  request to the extent it violates the privacy rights of third parties to their private,

3  confidential, proprietary or trade secret information.

4     Larian further objects to this request as cumulative, duplicative, and unduly

5  burdensome to the extent that it seeks documents previously requested by Mattel or

6  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

7  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

8  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

9  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

10  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

11  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

12  Things to MGAE de Mexico S.R.L. de C.V.

13     Without waiving any of the foregoing General or Specific Objections, but

14  rather expressly preserving each and every such objection, Larian responds as

15  follows:  Larian will produce all non-privileged, responsive documents in his

16  possession, custody or control, if any, that he is able to locate following a reasonably

17  diligent search.

18  REQUEST FOR PRODUCTION NO. 237:

19     All DOCUMENTS that show or tend to show that the "MGA showrooms,

20  Plan-o-Grams, merchandising displays [and] Toy Fair displays" to which MATTEL

21  allegedly "gain[ed] access, or attemp[ed] to gain access" were either used by or

22  disclosed by MATTEL.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 237:

24     Larian incorporates by reference his General Response and General Objections

25  above, as though fully set forth herein.  Larian further objects to the request to the

26  extent it seeks the production of documents that are protected from disclosure under

27  any applicable privilege, doctrine or immunity, including without limitation the

28  attorney-client privilege, the work product doctrine, the right of privacy, and all other

EXHIBIT 15

PAGE 676

1   privileges recognized under the constitutional, statutory or decisional law of the

2   United States of America, the State of California or any other applicable jurisdiction.

3   Larian further objects to this request as being overly broad and unduly burdensome

4   on the grounds that it is not limited in time or geographical scope.  Larian further

5   objects to this request on the grounds that the phrase "[a]ll DOCUMENTS" does not

6   comply with the "reasonable particularity" requirement of Federal Rule of Civil

7   Procedure 34 and renders the request overly broad and unduly burdensome in light of

8   "the wealth of material already made available in this case."  Westhemeco Ltd. v.

9   New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

10  objects that the phrases "that show or tend to show," "'MGA showrooms, Plan-o-

11  Grams, merchandising displays [and] Toy Fair displays,'" "'gain[ed] access, or

12  attemp[ed] to gain access'" and "either used by or disclosed by MATTEL" are, both

13  individually and taken together, compound, rendering the request vague, ambiguous,

14  and unintelligible.  Larian further objects to the request to the extent that it seeks

15  documents that by reason of public filing, public distribution or otherwise are already

16  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

17  the request to the extent that it seeks documents not in Larian's possession, custody

18  or control.  Larian further objects to the request to the extent it seeks confidential,

19  proprietary or commercially sensitive information, the disclosure of which would be

20  inimical to the business interests of Larian or MGA.  Larian further objects to the

21  request to the extent it violates the privacy rights of third parties to their private,

22  confidential, proprietary or trade secret information.

23          Larian further objects to this request as cumulative, duplicative, and unduly

24  burdensome to the extent that it seeks documents previously requested by Mattel or

25  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

26  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

27  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

28  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

376

EXHIBIT 15