1  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

2  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

3  Things to MGAE de Mexico S.R.L. de C.V.

4      Without waiving any of the foregoing General or Specific Objections, but

5  rather expressly preserving each and every such objection, Larian responds as

6  follows:  Larian will produce all non-privileged, responsive documents in his

7  possession, custody or control, if any, that he is able to locate following a reasonably

8  diligent search.

9  REQUEST FOR PRODUCTION NO. 238:

10     DOCUMENTS sufficient to IDENTIFY all PERSONS to whom MATTEL

11  allegedly showed, disclosed or revealed the contents of "MGA showrooms, Plan-o-

12  Grams, merchandising displays [and] Toy Fair displays," and the dates on which it

13  allegedly made such disclosures.

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 238:

15     Larian incorporates by reference his General Response and General Objections

16  above, as though fully set forth herein and specifically incorporates General

17  Objection No. 15 (regarding Definitions), including without limitation Larian's

18  objection to the definition of the term PERSON.  Larian further objects to the request

19  to the extent it seeks the production of documents that are protected from disclosure

20  under any applicable privilege, doctrine or immunity, including without limitation

21  the attorney-client privilege, the work product doctrine, the right of privacy, and all

22  other privileges recognized under the constitutional, statutory or decisional law of

23  the United States of America, the State of California or any other applicable

24  jurisdiction.  Larian further objects to this request as being overly broad and unduly

25  burdensome on the grounds that it is not limited in time or geographical scope.

26  Larian further objects that the phrases "showed, disclosed or revealed," "the contents

27  of 'MGA showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair

28  displays,'" "and the dates on which it allegedly made such disclosures" are, both

377                              EXHIBIT *15*

1   individually and taken together, compound, rendering the request vague, ambiguous,

2   and unintelligible. Larian further objects to the request to the extent that it seeks

3   documents that by reason of public filing, public distribution or otherwise are already

4   in Mattel's possession or are readily accessible to Mattel. Larian further objects to

5   the request to the extent that it seeks documents not in Larian's possession, custody

6   or control. Larian further objects to the request to the extent it seeks confidential,

7   proprietary or commercially sensitive information, the disclosure of which would be

8   inimical to the business interests of Larian or MGA. Larian further objects to the

9   request to the extent it violates the privacy rights of third parties to their private,

10   confidential, proprietary or trade secret information.

11        Larian further objects to this request as cumulative, duplicative, and unduly

12   burdensome to the extent that it seeks documents previously requested by Mattel or

13   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

14   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

15   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

16   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

17   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

18   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

19   Things to MGAE de Mexico S.R.L. de C.V.

20        Without waiving any of the foregoing General or Specific Objections, but

21   rather expressly preserving each and every such objection, Larian responds as

22   follows: Larian will produce all non-privileged, responsive documents in his

23   possession, custody or control, if any, that he is able to locate following a reasonably

24   diligent search.

25   <u>REQUEST FOR PRODUCTION NO. 239:</u>

26        All DOCUMENTS that show or tend to show that MATTEL did not show,

27   disclose or reveal to any PERSON the contents of "MGA showrooms, Plan-o-Grams,

28

EXHIBIT 15

1   merchandising displays [and] Toy Fair displays," or that MATTEL made such

2   disclosures under a binding pre-existing confidentiality agreement.

3   RESPONSE TO REQUEST FOR PRODUCTION NO. 239:

4        Larian incorporates by reference his General Response and General Objections

5   above, as though fully set forth herein and specifically incorporates General

6   Objection No. 15 (regarding Definitions), including without limitation Larian's

7   objection to the definition of the term PERSON.  Larian further objects to the request

8   to the extent it seeks the production of documents that are protected from disclosure

9   under any applicable privilege, doctrine or immunity, including without limitation

10  the attorney-client privilege, the work product doctrine, the right of privacy, and all

11  other privileges recognized under the constitutional, statutory or decisional law of

12  the United States of America, the State of California or any other applicable

13  jurisdiction.  Larian further objects to this request as being overly broad and unduly

14  burdensome on the grounds that it is not limited in time or geographical scope.

15  Larian further objects to this request on the grounds that the phrase "[a]ll

16  DOCUMENTS" does not comply with the "reasonable particularity" requirement of

17  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

18  burdensome in light of "the wealth of material already made available in this case."

19  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

20  Larian further objects that the phrases "that show or tend to show," "did not show,

21  disclose or reveal," "the contents of 'MGA showrooms, Plan-o-Grams,

22  merchandising displays [and] Toy Fair displays,'" and "or that MATTEL made such

23  disclosures under a binding pre-existing confidentiality agreement" are, both

24  individually and taken together, compound, rendering the request vague, ambiguous,

25  and unintelligible.  Larian further objects to the request to the extent that it seeks

26  documents that by reason of public filing, public distribution or otherwise are already

27  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

28  the request to the extent that it seeks documents not in Larian's possession, custody

379

EXHIBIT 15

1 │ or control.  Larian further objects to the request to the extent it seeks confidential,
2 │ proprietary or commercially sensitive information, the disclosure of which would be
3 │ inimical to the business interests of Larian or MGA.  Larian further objects to the
4 │ request to the extent it violates the privacy rights of third parties to their private,
5 │ confidential, proprietary or trade secret information.

6 │      Larian further objects to this request as cumulative, duplicative, and unduly
7 │ burdensome to the extent that it seeks documents previously requested by Mattel or
8 │ produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
9 │ document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
10 │ Inc.'s First Set of Requests for Production of Documents and Tangible Things to
11 │ MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
12 │ Requests for Production of Documents and Things to Isaac Larian and Request Nos.
13 │ 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
14 │ Things to MGAE de Mexico S.R.L. de C.V.

15 │      Without waiving any of the foregoing General or Specific Objections, but
16 │ rather expressly preserving each and every such objection, Larian responds as
17 │ follows:  Larian will produce all non-privileged, responsive documents in his
18 │ possession, custody or control, if any, that he is able to locate following a reasonably
19 │ diligent search.

20 │ REQUEST FOR PRODUCTION NO. 240:

21 │      DOCUMENTS sufficient to IDENTIFY all PERSONS who contend that
22 │ MATTEL "gain[ed] access, or attemp[ed] to gain access, to MGA showrooms, Plan-
23 │ o-Grams, merchandising displays [and] Toy Fair displays on false pretenses."

24 │ RESPONSE TO REQUEST FOR PRODUCTION NO. 240:

25 │      Larian incorporates by reference his General Response and General Objections
26 │ above, as though fully set forth herein and specifically incorporates General
27 │ Objection No. 15 (regarding Definitions), including without limitation Larian's
28 │ objection to the definition of the term PERSON.  Larian further objects to the request

EXHIBIT 15

1  to the extent it seeks the production of documents that are protected from disclosure

2  under any applicable privilege, doctrine or immunity, including without limitation

3  the attorney-client privilege, the work product doctrine, the right of privacy, and all

4  other privileges recognized under the constitutional, statutory or decisional law of

5  the United States of America, the State of California or any other applicable

6  jurisdiction.  Larian further objects to this request as being overly broad and unduly

7  burdensome on the grounds that it is not limited in time or geographical scope.

8  Larian further objects that the phrase "'gain[ed] access, or attemp[ed] to gain access,

9  to MGA showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays

10  on false pretenses'" is compound, rendering the request vague, ambiguous, and

11  unintelligible.  Larian further objects to the request to the extent that it seeks

12  documents that by reason of public filing, public distribution or otherwise are already

13  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

14  the request to the extent that it seeks documents not in Larian's possession, custody

15  or control.  Larian further objects to the request to the extent it seeks confidential,

16  proprietary or commercially sensitive information, the disclosure of which would be

17  inimical to the business interests of Larian or MGA.  Larian further objects to the

18  request to the extent it violates the privacy rights of third parties to their private,

19  confidential, proprietary or trade secret information.

20         Larian further objects to this request as cumulative, duplicative, and unduly

21  burdensome to the extent that it seeks documents previously requested by Mattel or

22  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

23  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

24  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

25  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

26  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

27  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

28  Things to MGAE de Mexico S.R.L. de C.V.

EXHIBIT _15_

PAGE _682_

1    Without waiving any of the foregoing General or Specific Objections, but

2  rather expressly preserving each and every such objection, Larian responds as

3  follows:  Larian will produce all non-privileged, responsive documents in his

4  possession, custody or control, if any, that he is able to locate following a reasonably

5  diligent search.

6  REQUEST FOR PRODUCTION NO. 241:

7    DOCUMENTS sufficient to IDENTIFY all PERSONS who YOU believe

8  assisted or provided MATTEL with access to "MGA showrooms, Plan-o-Grams,

9  merchandising displays [and] Toy Fair displays."

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 241:

11    Larian incorporates by reference his General Response and General Objections

12  above, as though fully set forth herein and specifically incorporates General

13  Objection No. 15 (regarding Definitions), including without limitation Larian's

14  objection to the definition of the terms YOU, and its incorporated terms

15  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

16  seeks the production of documents that are protected from disclosure under any

17  applicable privilege, doctrine or immunity, including without limitation the attorney-

18  client privilege, the work product doctrine, the right of privacy, and all other

19  privileges recognized under the constitutional, statutory or decisional law of the

20  United States of America, the State of California or any other applicable jurisdiction.

21  Larian further objects to this request as being overly broad and unduly burdensome

22  on the grounds that it is not limited in time or geographical scope.   Larian further

23  objects that the phrase "assisted or provided MATTEL with access" and "'MGA

24  showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays'" are,

25  both individually and taken together, compound, rendering the request vague,

26  ambiguous, and unintelligible.  Larian further objects to the request to the extent that

27  it seeks documents that by reason of public filing, public distribution or otherwise

28  are already in Mattel's possession or are readily accessible to Mattel.  Larian further

382

EXHIBIT *15*

1 objects to the request to the extent that it seeks documents not in Larian's possession,

2 custody or control.  Larian further objects to the request to the extent it seeks

3 confidential, proprietary or commercially sensitive information, the disclosure of

4 which would be inimical to the business interests of Larian or MGA.  Larian further

5 objects to the request to the extent it violates the privacy rights of third parties to

6 their private, confidential, proprietary or trade secret information.

7       Larian further objects to this request as cumulative, duplicative, and unduly

8 burdensome to the extent that it seeks documents previously requested by Mattel or

9 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

10 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

11 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

12 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

13 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

14 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

15 Things to MGAE de Mexico S.R.L. de C.V.

16       Without waiving any of the foregoing General or Specific Objections, but

17 rather expressly preserving each and every such objection, Larian responds as

18 follows:  Larian will produce all non-privileged, responsive documents in his

19 possession, custody or control, if any, that he is able to locate following a reasonably

20 diligent search.

21 REQUEST FOR PRODUCTION NO. 242:

22       All DOCUMENTS, including but not limited to all COMMUNICATIONS

23 with any PERSON, RELATING to YOUR actions in response to, or efforts to stop,

24 thwart, prevent, counter or mitigate, MATTEL from allegedly "gaining access, or

25 attempt[ing] to gain access, to MGA showrooms, Plan-o-Grams, merchandising

26 displays [and] Toy Fair displays on false pretenses."

27

28

EXHIBIT _15_

PAGE _684_

1 | <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 242:</u>

2 |      Larian incorporates by reference his General Response and General Objections

3 | above, as though fully set forth herein and specifically incorporates General

4 | Objection No. 15 (regarding Definitions), including without limitation Larian's

5 | objection to the definition of the term YOUR, and its incorporated terms

6 | AFFILIATES and PERSON. Larian further objects to the request to the extent it

7 | seeks the production of documents that are protected from disclosure under any

8 | applicable privilege, doctrine or immunity, including without limitation the attorney-

9 | client privilege, the work product doctrine, the right of privacy, and all other

10 | privileges recognized under the constitutional, statutory or decisional law of the

11 | United States of America, the State of California or any other applicable jurisdiction.

12 | Larian further objects to this request as being overly broad and unduly burdensome

13 | on the grounds that it is not limited in time or geographical scope. Larian further

14 | objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

15 | but not limited to all COMMUNICATIONS with any PERSON, RELATING TO"

16 | does not comply with the "reasonable particularity" requirement of Federal Rule of

17 | Civil Procedure 34 and renders the request overly broad and unduly burdensome in

18 | light of "the wealth of material already made available in this case." <u>Westhemeco</u>

19 | <u>Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian

20 | further objects that the phrase "RELATING to YOUR actions in response to, or

21 | efforts to stop, thwart, prevent, counter or mitigate" is compound and, as such,

22 | renders the request vague, ambiguous, and unintelligible. Larian further objects to

23 | the request to the extent that it seeks documents that by reason of public filing,

24 | public distribution or otherwise are already in Mattel's possession or are readily

25 | accessible to Mattel. Larian further objects to the request to the extent that it seeks

26 | documents not in Larian's possession, custody or control. Larian further objects to

27 | the request to the extent it seeks confidential, proprietary or commercially sensitive

28 | information, the disclosure of which would be inimical to the business interests of

384

EXHIBIT _15_

PAGE _685_

1 │ Larian or MGA.  Larian further objects to the request to the extent it violates the
2 │ privacy rights of third parties to their private, confidential, proprietary or trade secret
3 │ information.

4 │      Larian further objects to this request as cumulative, duplicative, and unduly
5 │ burdensome to the extent that it seeks documents previously requested by Mattel or
6 │ produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
7 │ document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
8 │ Inc.'s First Set of Requests for Production of Documents and Tangible Things to
9 │ MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
10 │ Requests for Production of Documents and Things to Isaac Larian and Request Nos.
11 │ 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
12 │ Things to MGAE de Mexico S.R.L. de C.V.

13 │      Without waiving any of the foregoing General or Specific Objections, but
14 │ rather expressly preserving each and every such objection, Larian responds as
15 │ follows:  Larian will produce all non-privileged, responsive documents in his
16 │ possession, custody or control, if any, that he is able to locate following a reasonably
17 │ diligent search.

18 │ REQUEST FOR PRODUCTION NO. 243:

19 │      All DOCUMENTS that REFER OR RELATE TO the value of MGA's
20 │ "showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays" to
21 │ which MATTEL allegedly "gain[ed] access, or attempt[ed] to gain access."

22 │ RESPONSE TO REQUEST FOR PRODUCTION NO. 243:

23 │      Larian incorporates by reference his General Response and General Objections
24 │ above, as though fully set forth herein.  Larian further objects to the request to the
25 │ extent it seeks the production of documents that are protected from disclosure under
26 │ any applicable privilege, doctrine or immunity, including without limitation the
27 │ attorney-client privilege, the work product doctrine, the right of privacy, and all other
28 │ privileges recognized under the constitutional, statutory or decisional law of the

EXHIBIT *15*

PAGE 666

1 | United States of America, the State of California or any other applicable jurisdiction.
2 | Larian further objects to this request as being overly broad and unduly burdensome
3 | on the grounds that it is not limited in time or geographical scope. Larian further
4 | objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that
5 | REFER OR RELATE TO" does not comply with the "reasonable particularity"
6 | requirement of Federal Rule of Civil Procedure 34 and renders the request overly
7 | broad and unduly burdensome in light of "the wealth of material already made
8 | available in this case." <u>Westhemeco Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702,
9 | 709 (S.D.N.Y. 1979). Larian further objects that the phrases "the value of MGA's
10 | 'showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays'" and
11 | "'gain[ed] access, or attempt[ed] to gain access'" are, both individually and taken
12 | together, compound and, as such, render the request vague, ambiguous, and
13 | unintelligible. Larian further objects to the request to the extent that it seeks
14 | documents that by reason of public filing, public distribution or otherwise are already
15 | in Mattel's possession or are readily accessible to Mattel. Larian further objects to
16 | the request to the extent that it seeks documents not in Larian's possession, custody
17 | or control. Larian further objects to the request to the extent it seeks confidential,
18 | proprietary or commercially sensitive information, the disclosure of which would be
19 | inimical to the business interests of Larian or MGA. Larian further objects to the
20 | request to the extent it violates the privacy rights of third parties to their private,
21 | confidential, proprietary or trade secret information.

22 |         Larian further objects to this request as cumulative, duplicative, and unduly
23 | burdensome to the extent that it seeks documents previously requested by Mattel or
24 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
25 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
26 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
27 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
28 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.

EXHIBIT *15*

PAGE *667*

1 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
2 | Things to MGAE de Mexico S.R.L. de C.V.

3 |      Without waiving any of the foregoing General or Specific Objections, but
4 | rather expressly preserving each and every such objection, Larian responds as
5 | follows:  Larian will produce all non-privileged, responsive documents in his
6 | possession, custody or control, if any, that he is able to locate following a reasonably
7 | diligent search.

8 | **REQUEST FOR PRODUCTION NO. 244:**

9 |      All DOCUMENTS, including but not limited to all COMMUNICATIONS
10 | with any PERSON, RELATING to any loss, harm, injury, increased expense, lost
11 | revenue or profits, or any other damage caused to YOU by MATTEL allegedly
12 | "gaining access, or attempt[ing] to gain access, to MGA showrooms, Plan-o-Grams,
13 | merchandising displays [and] Toy Fair displays on false pretenses."

14 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 244:**

15 |      Larian incorporates by reference his General Response and General Objections
16 | above, as though fully set forth herein and specifically incorporates General
17 | Objection No. 15 (regarding Definitions), including without limitation Larian's
18 | objection to the definition of the term YOU, and its incorporated terms AFFILIATES
19 | and PERSON.  Larian further objects to the request to the extent it seeks the
20 | production of documents that are protected from disclosure under any applicable
21 | privilege, doctrine or immunity, including without limitation the attorney-client
22 | privilege, the work product doctrine, the right of privacy, and all other privileges
23 | recognized under the constitutional, statutory or decisional law of the United States
24 | of America, the State of California or any other applicable jurisdiction.  Larian
25 | further objects to this request as being overly broad and unduly burdensome on the
26 | grounds that it is not limited in time or geographical scope.  Larian further objects to
27 | this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not
28 | limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not

EXHIBIT _15_

PAGE _661_

1    comply with the "reasonable particularity" requirement of Federal Rule of Civil

2    Procedure 34 and renders the request overly broad and unduly burdensome in light of

3    "the wealth of material already made available in this case." Westhemeco Ltd. v.

4    New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

5    objects that the phrases "any loss, harm, injury, increased expense, lost revenue or

6    profits, or any other damage" and "'gaining access, or attempt[ing] to gain access, to

7    MGA showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays on

8    false pretenses,'" both individually and taken together, are compound and, as such,

9    render the request vague, ambiguous, and unintelligible.  Larian further objects to the

10   request to the extent that it seeks documents that by reason of public filing, public

11   distribution or otherwise are already in Mattel's possession or are readily accessible

12   to Mattel.  Larian further objects to the request to the extent that it seeks documents

13   not in Larian's possession, custody or control.  Larian further objects to the request to

14   the extent it seeks confidential, proprietary or commercially sensitive information,

15   the disclosure of which would be inimical to the business interests of Larian or MGA.

16   Larian further objects to the request to the extent it violates the privacy rights of third

17   parties to their private, confidential, proprietary or trade secret information.

18        Larian further objects to this request as cumulative, duplicative, and unduly

19   burdensome to the extent that it seeks documents previously requested by Mattel or

20   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

21   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

22   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

23   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

24   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

25   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

26   Things to MGAE de Mexico S.R.L. de C.V.

27        Without waiving any of the foregoing General or Specific Objections, but

28   rather expressly preserving each and every such objection, Larian responds as

388

EXHIBIT 15

1 follows:  Larian will produce all non-privileged, responsive documents in his

2 possession, custody or control, if any, that he is able to locate following a reasonably

3 diligent search.

4 REQUEST FOR PRODUCTION NO. 245:

5       All DOCUMENTS that REFER OR RELATE TO any contracts or agreements

6 that REFER OR RELATE TO any MGA Plan-o-Grams and merchandising displays

7 to which MATTEL allegedly gained access or attempted to gain access.

8 RESPONSE TO REQUEST FOR PRODUCTION NO. 245:

9       Larian incorporates by reference his General Response and General Objections

10 above, as though fully set forth herein.  Larian further objects to the request to the

11 extent it seeks the production of documents that are protected from disclosure under

12 any applicable privilege, doctrine or immunity, including without limitation the

13 attorney-client privilege, the work product doctrine, the right of privacy, and all other

14 privileges recognized under the constitutional, statutory or decisional law of the

15 United States of America, the State of California or any other applicable jurisdiction.

16 Larian further objects to this request as being overly broad and unduly burdensome

17 on the grounds that it is not limited in time or geographical scope.  Larian further

18 objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that

19 REFER OR RELATE TO" does not comply with the "reasonable particularity"

20 requirement of Federal Rule of Civil Procedure 34 and renders the request overly

21 broad and unduly burdensome in light of "the wealth of material already made

22 available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

23 709 (S.D.N.Y. 1979).  Larian further objects that the phrases "any contracts or

24 agreements" and "any MGA Plan-o-Grams and merchandising displays to which

25 MATTEL allegedly gained access or attempted to gain access" are, both individually

26 and taken together, compound and, as such, render the request vague, ambiguous,

27 and unintelligible.  Larian further objects to the request to the extent that it seeks

28 documents that by reason of public filing, public distribution or otherwise are already

EXHIBIT 15

PAGE 670

1  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

2  the request to the extent that it seeks documents not in Larian's possession, custody

3  or control.  Larian further objects to the request to the extent it seeks confidential,

4  proprietary or commercially sensitive information, the disclosure of which would be

5  inimical to the business interests of Larian or MGA.  Larian further objects to the

6  request to the extent it violates the privacy rights of third parties to their private,

7  confidential, proprietary or trade secret information.

8         Larian further objects to this request as cumulative, duplicative, and unduly

9  burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

11  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

12  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

13  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

14  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

15  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

16  Things to MGAE de Mexico S.R.L. de C.V.

17         Without waiving any of the foregoing General or Specific Objections, but

18  rather expressly preserving each and every such objection, Larian responds as

19  follows:  Larian will produce all non-privileged, responsive documents in his

20  possession, custody or control, if any, that he is able to locate following a reasonably

21  diligent search.

22  REQUEST FOR PRODUCTION NO. 246:

23         All DOCUMENTS that depict any MGA Plan-o-Grams, merchandising

24  displays or Toy Fair displays to which MATTEL allegedly gained access or

25  attempted to gain access.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 246:

27         Larian incorporates by reference his General Response and General Objections

28  above, as though fully set forth herein.  Larian further objects to the request to the

390

EXHIBIT 15

1   extent it seeks the production of documents that are protected from disclosure under

2   any applicable privilege, doctrine or immunity, including without limitation the

3   attorney-client privilege, the work product doctrine, the right of privacy, and all other

4   privileges recognized under the constitutional, statutory or decisional law of the

5   United States of America, the State of California or any other applicable jurisdiction.

6   Larian further objects to this request as being overly broad and unduly burdensome

7   on the grounds that it is not limited in time or geographical scope.  Larian further

8   objects to this request on the grounds that the phrase "[a]ll DOCUMENTS" does not

9   comply with the "reasonable particularity" requirement of Federal Rule of Civil

10   Procedure 34 and renders the request overly broad and unduly burdensome in light of

11   "the wealth of material already made available in this case."  Westhemeco Ltd. v.

12   New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

13   objects that the phrases "any MGA Plan-o-Grams, merchandising displays or Toy

14   Fair displays" and "gained access or attempted to gain access," are, both individually

15   and taken together, compound and, as such, render the request vague, ambiguous,

16   and unintelligible.  Larian further objects to the request to the extent that it seeks

17   documents that by reason of public filing, public distribution or otherwise are already

18   in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

19   the request to the extent that it seeks documents not in Larian's possession, custody

20   or control.  Larian further objects to the request to the extent it seeks confidential,

21   proprietary or commercially sensitive information, the disclosure of which would be

22   inimical to the business interests of Larian or MGA.  Larian further objects to the

23   request to the extent it violates the privacy rights of third parties to their private,

24   confidential, proprietary or trade secret information.

25        Larian further objects to this request as cumulative, duplicative, and unduly

26   burdensome to the extent that it seeks documents previously requested by Mattel or

27   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

28   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

EXHIBIT 15

PAGE 672

1  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

2  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

3  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

4  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

5  Things to MGAE de Mexico S.R.L. de C.V.

6      Without waiving any of the foregoing General or Specific Objections, but

7  rather expressly preserving each and every such objection, Larian responds as

8  follows:  Larian will produce all non-privileged, responsive documents in his

9  possession, custody or control, if any, that he is able to locate following a reasonably

10  diligent search.

11  REQUEST FOR PRODUCTION NO. 247:

12      All COMMUNICATIONS between YOU and any retailer, distributor,

13  exhibitor or any other PERSON, and all DOCUMENTS RELATING thereto, that

14  REFER OR RELATE TO any MGA Plan-o-Grams, merchandising displays or Toy

15  Fair displays to which MATTEL allegedly gained access or attempted to gain access.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 247:

17      Larian incorporates by reference his General Response and General Objections

18  above, as though fully set forth herein and specifically incorporates General

19  Objection No. 15 (regarding Definitions), including without limitation Larian's

20  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

21  and PERSON.  Larian further objects to the request to the extent it seeks the

22  production of documents that are protected from disclosure under any applicable

23  privilege, doctrine or immunity, including without limitation the attorney-client

24  privilege, the work product doctrine, the right of privacy, and all other privileges

25  recognized under the constitutional, statutory or decisional law of the United States

26  of America, the State of California or any other applicable jurisdiction.  Larian

27  further objects to this request on the grounds that the phrase "[a]ll

28  COMMUNICATIONS" does not comply with the "reasonable particularity"

EXHIBIT 15

PAGE 672

1  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

2  broad and unduly burdensome in light of "the wealth of material already made

3  available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

4  709 (S.D.N.Y. 1979). Larian further objects to this request as being overly broad

5  and unduly burdensome on the grounds that it is not limited in time or geographical

6  scope. Larian further objects that the phrases "any MGA Plan-o-Grams,

7  merchandising displays or Toy Fair displays" and "gained access or attempted to

8  gain access," both individually and taken together, are compound and, as such,

9  render the request vague, ambiguous, and unintelligible. Larian further objects to the

10  request to the extent that it seeks documents that by reason of public filing, public

11  distribution or otherwise are already in Mattel's possession or are readily accessible

12  to Mattel. Larian further objects to the request to the extent that it seeks documents

13  not in Larian's possession, custody or control. Larian further objects to the request to

14  the extent it seeks confidential, proprietary or commercially sensitive information,

15  the disclosure of which would be inimical to the business interests of Larian or MGA.

16  Larian further objects to the request to the extent it violates the privacy rights of third

17  parties to their private, confidential, proprietary or trade secret information.

18      Larian further objects to this request as cumulative, duplicative, and unduly

19  burdensome to the extent that it seeks documents previously requested by Mattel or

20  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

21  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

22  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

23  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

24  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

25  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

26  Things to MGAE de Mexico S.R.L. de C.V.

27      Without waiving any of the foregoing General or Specific Objections, but

28  rather expressly preserving each and every such objection, Larian responds as

EXHIBIT 15

PAGE 674

1 | follows:  Larian will produce all non-privileged, responsive documents in his

2 | possession, custody or control, if any, that he is able to locate following a reasonably

3 | diligent search.

4 | REQUEST FOR PRODUCTION NO. 248:

5 |      All COMMUNICATIONS between YOU and any retailer, distributor,

6 | exhibitor or any other PERSON, and all DOCUMENTS RELATING thereto, that

7 | REFER OR RELATE TO any access gained or attempted access sought by

8 | MATTEL to Plan-o-Grams and merchandising displays.

9 | RESPONSE TO REQUEST FOR PRODUCTION NO. 248:

10 |      Larian incorporates by reference his General Response and General Objections

11 | above, as though fully set forth herein and specifically incorporates General

12 | Objection No. 15 (regarding Definitions), including without limitation Larian's

13 | objection to the definition of the terms YOU, and its incorporated terms

14 | AFFILIATES and PERSON.  Larian further objects to the request to the extent it

15 | seeks the production of documents that are protected from disclosure under any

16 | applicable privilege, doctrine or immunity, including without limitation the attorney-

17 | client privilege, the work product doctrine, the right of privacy, and all other

18 | privileges recognized under the constitutional, statutory or decisional law of the

19 | United States of America, the State of California or any other applicable jurisdiction.

20 | Larian further objects to this request as being overly broad and unduly burdensome

21 | on the grounds that it is not limited in time or geographical scope.  Larian further

22 | objects to this request on the grounds that the phrase "[a]ll COMMUNICATIONS"

23 | does not comply with the "reasonable particularity" requirement of Federal Rule of

24 | Civil Procedure 34 and renders the request overly broad and unduly burdensome in

25 | light of "the wealth of material already made available in this case."  Westhemeco

26 | Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

27 | further objects that the phrases "any retailer, distributor, exhibitor or any other

28 | PERSON, and all DOCUMENTS RELATING thereto," and "any access gained or

EXHIBIT *15*

PAGE 624

1 | attempted access sought by MATTEL to Plan-o-Grams and merchandising displays,"
2 | both individually and taken together, are compound and, as such, render the request
3 | vague, ambiguous, and unintelligible.  Larian further objects to the request to the
4 | extent that it seeks documents that by reason of public filing, public distribution or
5 | otherwise are already in Mattel's possession or are readily accessible to Mattel.
6 | Larian further objects to the request to the extent that it seeks documents not in
7 | Larian's possession, custody or control.  Larian further objects to the request to the
8 | extent it seeks confidential, proprietary or commercially sensitive information, the
9 | disclosure of which would be inimical to the business interests of Larian or MGA.
10 | Larian further objects to the request to the extent it violates the privacy rights of third
11 | parties to their private, confidential, proprietary or trade secret information.
12 | Larian further objects to this request as cumulative, duplicative, and unduly
13 | burdensome to the extent that it seeks documents previously requested by Mattel or
14 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
15 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
16 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
17 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
18 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
19 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
20 | Things to MGAE de Mexico S.R.L. de C.V.
21 | Without waiving any of the foregoing General or Specific Objections, but
22 | rather expressly preserving each and every such objection, Larian responds as
23 | follows:  Larian will produce all non-privileged, responsive documents in his
24 | possession, custody or control, if any, that he is able to locate following a reasonably
25 | diligent search.
26 | REQUEST FOR PRODUCTION NO. 249:
27 | All DOCUMENTS, including but not limited to all COMMUNICATIONS
28 | with any PERSON, RELATING to YOU gaining access, or attempting to gain

EXHIBIT 15

PAGE 676

1   access, to MATTEL showrooms, Plan-o-Grams, merchandising displays or Toy Fair

2   displays, by using false pretenses.

3   RESPONSE TO REQUEST FOR PRODUCTION NO. 249:

4          Larian incorporates by reference his General Response and General Objections

5   above, as though fully set forth herein and specifically incorporates General

6   Objection No. 15 (regarding Definitions), including without limitation Larian's

7   objection to the definition of the term YOU, and its incorporated terms AFFILIATES

8   and PERSON.  Larian further objects to the request to the extent it seeks the

9   production of documents that are protected from disclosure under any applicable

10   privilege, doctrine or immunity, including without limitation the attorney-client

11   privilege, the work product doctrine, the right of privacy, and all other privileges

12   recognized under the constitutional, statutory or decisional law of the United States

13   of America, the State of California or any other applicable jurisdiction.  Larian

14   further objects to this request as being overly broad and unduly burdensome on the

15   grounds that it is not limited in time or geographical scope.  Larian further objects to

16   this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

17   limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not

18   comply with the "reasonable particularity" requirement of Federal Rule of Civil

19   Procedure 34 and renders the request overly broad and unduly burdensome in light of

20   "the wealth of material already made available in this case." Westhemeco Ltd. v.

21   New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

22   objects that the phrases "YOU gaining access, or attempting to gain access" and

23   "MATTEL showrooms, Plan-o-Grams, merchandising displays or Toy Fair displays"

24   are, both individually and taken together, (1) accusatory and argumentative such that

25   Larian would have to respond to the allegations of the request before providing any

26   substantive response, see Zadrozny v. Board of Trustees District No. 508, 1991 WL

27   66705, at *1 (N.D. Ill. April 24, 1991), and (2) compound, rendering the request

28   vague, ambiguous, and unintelligible.  Larian further objects to the request to the

396

EXHIBIT 15
PAGE 67

1   extent that it seeks documents that by reason of public filing, public distribution or
2   otherwise are already in Mattel's possession or are readily accessible to Mattel.
3   Larian further objects to the request to the extent that it seeks documents not in
4   Larian's possession, custody or control. Larian further objects to the request to the
5   extent it seeks confidential, proprietary or commercially sensitive information, the
6   disclosure of which would be inimical to the business interests of Larian or MGA.
7   Larian further objects to the request to the extent it violates the privacy rights of third
8   parties to their private, confidential, proprietary or trade secret information.
9        Larian further objects to this request as cumulative, duplicative, and unduly
10  burdensome to the extent that it seeks documents previously requested by Mattel or
11  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
12  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
13  Inc.'s First Set of Requests for Production of Documents and Tangible Things to
14  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
15  Requests for Production of Documents and Things to Isaac Larian and Request Nos.
16  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
17  Things to MGAE de Mexico S.R.L. de C.V.
18  REQUEST FOR PRODUCTION NO. 250:
19        All DOCUMENTS, including but not limited to all COMMUNICATIONS
20  with any PERSON, that REFER OR RELATE TO YOUR gaining access, or
21  attempting to gain access, to MATTEL showrooms, Plan-o-Grams, merchandising
22  displays or Toy Fair displays by using any covert, improper or wrongful means or
23  methods, other than false pretenses, including but not limited to, how and when you
24  gained access, or attempted to gain access, to MATTEL showrooms, Plan-o-Grams,
25  merchandising displays or Toy Fair displays.
26  RESPONSE TO REQUEST FOR PRODUCTION NO. 250:
27        Larian incorporates by reference his General Response and General Objections
28  above, as though fully set forth herein and specifically incorporates General

397

EXHIBIT 15

1  Objection No. 15 (regarding Definitions), including without limitation Larian's

2  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

3  and PERSON.  Larian further objects to the request to the extent it seeks the

4  production of documents that are protected from disclosure under any applicable

5  privilege, doctrine or immunity, including without limitation the attorney-client

6  privilege, the work product doctrine, the right of privacy, and all other privileges

7  recognized under the constitutional, statutory or decisional law of the United States

8  of America, the State of California or any other applicable jurisdiction.  Larian

9  further objects to this request as being overly broad and unduly burdensome on the

10 grounds that it is not limited in time or geographical scope.  Larian further objects to

11 this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

12 limited to all COMMUNICATIONS with any PERSON, THAT REFER OR

13 RELATE TO" does not comply with the "reasonable particularity" requirement of

14 Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

15 burdensome in light of "the wealth of material already made available in this case."

16 Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

17 Larian further objects on the ground that the phrases "YOUR gaining access, or

18 attempting to gain access," "to MATTEL showrooms, Plan-o-Grams, merchandising

19 displays or Toy Fair displays," "by using any covert, improper or wrongful means or

20 methods, other than false pretenses," "including but not limited to, how and when

21 you gained access, or attempted to gain access," and "to MATTEL showrooms, Plan-

22 o-Grams, merchandising displays or Toy Fair displays" are, both individually and

23 taken together, (1) accusatory and argumentative such that Larian would have to

24 respond to the allegations of the request before providing any substantive response,

25 see Zadrozny v. Board of Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill.

26 April 24, 1991), and (2) compound, rendering the request vague, ambiguous, and

27 unintelligible.  Larian further objects to the request to the extent that it seeks

28 documents that by reason of public filing, public distribution or otherwise are already

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 619

1 | in Mattel's possession or are readily accessible to Mattel.  Larian further objects to
2 | the request to the extent that it seeks documents not in Larian's possession, custody
3 | or control.  Larian further objects to the request to the extent it seeks confidential,
4 | proprietary or commercially sensitive information, the disclosure of which would be
5 | inimical to the business interests of Larian or MGA.  Larian further objects to the
6 | request to the extent it violates the privacy rights of third parties to their private,
7 | confidential, proprietary or trade secret information.

8 |      Larian further objects to this request as cumulative, duplicative, and unduly
9 | burdensome to the extent that it seeks documents previously requested by Mattel or
10 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
11 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
12 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
13 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
14 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
15 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
16 | Things to MGAE de Mexico S.R.L. de C.V.

17 | REQUEST FOR PRODUCTION NO. 251:

18 |      DOCUMENTS sufficient to IDENTIFY all PERSONS who acquired
19 | knowledge of the contents of MATTEL'S showrooms, Plan-o-Grams, merchandising
20 | displays or Toy Fairs, as a result of any action taken by YOU, on YOUR behalf or at
21 | YOUR request.

22 | RESPONSE TO REQUEST FOR PRODUCTION NO. 251:

23 |      Larian incorporates by reference his General Response and General Objections
24 | above, as though fully set forth herein and specifically incorporates General
25 | Objection No. 15 (regarding Definitions), including without limitation Larian's
26 | objection to the definition of the term YOU, and its incorporated terms AFFILIATES
27 | and PERSON.  Larian further objects to the request to the extent it seeks the
28 | production of documents that are protected from disclosure under any applicable

399

EXHIBIT 10

1  privilege, doctrine or immunity, including without limitation the attorney-client

2  privilege, the work product doctrine, the right of privacy, and all other privileges

3  recognized under the constitutional, statutory or decisional law of the United States

4  of America, the State of California or any other applicable jurisdiction.  Larian

5  further objects to this request as being overly broad and unduly burdensome on the

6  grounds that it is not limited in time or geographical scope.  Larian further objects on

7  the ground that the phrases "showrooms, Plan-o-Grams, merchandising displays or

8  Toy Fairs" and "any action taken by YOU, on YOUR behalf or at YOUR request "

9  are, both individually and taken together, (1) accusatory and argumentative such that

10  Larian would have to respond to the allegations of the request before providing any

11  substantive response, see Zadrozny v. Board of Trustees District No. 508, 1991 WL

12  66705, at *1 (N.D. Ill. April 24, 1991), and (2) compound, rendering the request

13  vague, ambiguous, and unintelligible.  Larian further objects to the request to the

14  extent that it seeks documents that by reason of public filing, public distribution or

15  otherwise are already in Mattel's possession or are readily accessible to Mattel.

16  Larian further objects to the request to the extent that it seeks documents not in

17  Larian's possession, custody or control.  Larian further objects to the request to the

18  extent it seeks confidential, proprietary or commercially sensitive information, the

19  disclosure of which would be inimical to the business interests of Larian or MGA.

20  Larian further objects to the request to the extent it violates the privacy rights of third

21  parties to their private, confidential, proprietary or trade secret information.

22  REQUEST FOR PRODUCTION NO. 252:

23       All DOCUMENTS, including but not limited to all COMMUNICATIONS

24  with any PERSON, that REFER OR RELATE TO YOUR use of, or disclosure to

25  third parties of, the contents of MATTEL'S showrooms, Plan-o-Grams,

26  merchandising displays or Toy Fairs.

27

28

EXHIBIT 15

PAGE 681

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 252:**

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the term YOUR, and its incorporated terms AFFILIATES and PERSON. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, THAT REFER OR RELATE TO" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrases "YOUR use of, or disclosure to third parties of" and "the contents of MATTEL'S showrooms, Plan-o-Grams, merchandising displays or Toy Fairs," both individually and taken together, are (1) accusatory and argumentative such that Larian would have to respond to the allegations of the request before providing any substantive response, see Zadrozny v. Board of Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2) compound, rendering the request vague, ambiguous, and unintelligible. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or

401

1 | are readily accessible to Mattel. Larian further objects to the request to the extent

2 | that it seeks documents not in Larian's possession, custody or control. Larian further

3 | objects to the request to the extent it seeks confidential, proprietary or commercially

4 | sensitive information, the disclosure of which would be inimical to the business

5 | interests of Larian or MGA. Larian further objects to the request to the extent it

6 | violates the privacy rights of third parties to their private, confidential, proprietary or

7 | trade secret information.

8 | REQUEST FOR PRODUCTION NO. 253:

9 |     All DOCUMENTS, including but not limited to all COMMUNICATIONS

10 | with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL

11 | "wrongfully obtain[ed] MGA's costs and sales information through Mattel-employed

12 | category managers at retailers."

13 | RESPONSE TO REQUEST FOR PRODUCTION NO. 253:

14 |     Larian incorporates by reference his General Response and General Objections

15 | above, as though fully set forth herein and specifically incorporates General

16 | Objection No. 15 (regarding Definitions), including without limitation Larian's

17 | objection to the definition of the term YOUR, and its incorporated terms

18 | AFFILIATES and PERSON. Larian further objects to the request to the extent it

19 | seeks the production of documents that are protected from disclosure under any

20 | applicable privilege, doctrine or immunity, including without limitation the attorney-

21 | client privilege, the work product doctrine, the right of privacy, and all other

22 | privileges recognized under the constitutional, statutory or decisional law of the

23 | United States of America, the State of California or any other applicable jurisdiction.

24 | Larian further objects to this request as being overly broad and unduly burdensome

25 | on the grounds that it is not limited in time or geographical scope. Larian further

26 | objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

27 | but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

28 | RELATE TO" does not comply with the "reasonable particularity" requirement of

EXHIBIT 15

PAGE 687

1 | Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly
2 | burdensome in light of "the wealth of material already made available in this case."
3 | Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).
4 | Larian further objects to the request to the extent that it seeks documents that by
5 | reason of public filing, public distribution or otherwise are already in Mattel's
6 | possession or are readily accessible to Mattel. Larian further objects to the request to
7 | the extent that it seeks documents not in Larian's possession, custody or control.
8 | Larian further objects to the request to the extent it seeks confidential, proprietary or
9 | commercially sensitive information, the disclosure of which would be inimical to the
10 | business interests of Larian or MGA. Larian further objects to the request to the
11 | extent it violates the privacy rights of third parties to their private, confidential,
12 | proprietary or trade secret information.

13 |     Larian further objects to this request as cumulative, duplicative, and unduly
14 | burdensome to the extent that it seeks documents previously requested by Mattel or
15 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
16 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
17 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
18 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
19 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
20 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
21 | Things to MGAE de Mexico S.R.L. de C.V.

22 |     Without waiving any of the foregoing General or Specific Objections, but
23 | rather expressly preserving each and every such objection, Larian responds as
24 | follows: Larian will produce all non-privileged, responsive documents in his
25 | possession, custody or control, if any, that he is able to locate following a reasonably
26 | diligent search.

27
28

EXHIBIT 15

PAGE 68U

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  REQUEST FOR PRODUCTION NO. 254:

2      All DOCUMENTS, including but not limited to all COMMUNICATIONS

3  with any PERSON, that YOU contend prove or that YOU will rely on at trial to

4  prove that MATTEL "wrongfully obtain[ed] MGA's costs and sales information

5  through Mattel-employed category managers at retailers."

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 254:

7      Larian incorporates by reference his General Response and General Objections

8  above, as though fully set forth herein and specifically incorporates General

9  Objection No. 15 (regarding Definitions), including without limitation Larian's

10 objection to the definition of the term YOU, and its incorporated terms AFFILIATES

11 and PERSON.  Larian further objects to the request to the extent it seeks the

12 production of documents that are protected from disclosure under any applicable

13 privilege, doctrine or immunity, including without limitation the attorney-client

14 privilege, the work product doctrine, the right of privacy, and all other privileges

15 recognized under the constitutional, statutory or decisional law of the United States

16 of America, the State of California or any other applicable jurisdiction.  Larian

17 further objects to this request as being overly broad and unduly burdensome on the

18 grounds that it is not limited in time or geographical scope.  Larian further objects to

19 this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

20 limited to all COMMUNICATIONS with any PERSON" does not comply with the

21 "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

22 renders the request overly broad and unduly burdensome in light of "the wealth of

23 material already made available in this case."  Westhemeco Ltd. v. New Hampshire

24 Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase

25 "that YOU contend prove or that YOU will rely on at trial to prove" is compound

26 and, as such, renders the request vague, ambiguous, and unintelligible.  Larian

27 further objects to the request to the extent that it seeks documents that by reason of

28 public filing, public distribution or otherwise are already in Mattel's possession or

EXHIBIT 15

PAGE 685

1   are readily accessible to Mattel. Larian further objects to the request to the extent

2   that it seeks documents not in Larian's possession, custody or control. Larian further

3   objects to the request to the extent it seeks confidential, proprietary or commercially

4   sensitive information, the disclosure of which would be inimical to the business

5   interests of Larian or MGA. Larian further objects to the request to the extent it

6   violates the privacy rights of third parties to their private, confidential, proprietary or

7   trade secret information.

8         Larian further objects to this request as cumulative, duplicative, and unduly

9   burdensome to the extent that it seeks documents previously requested by Mattel or

10   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

11   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

12   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

13   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

14   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

15   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

16   Things to MGAE de Mexico S.R.L. de C.V.

17         Without waiving any of the foregoing General or Specific Objections, but

18   rather expressly preserving each and every such objection, Larian responds as

19   follows: Larian will produce all non-privileged, responsive documents in his

20   possession, custody or control, if any, that he is able to locate following a reasonably

21   diligent search.

22   REQUEST FOR PRODUCTION NO. 255:

23         DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

24   YOUR allegation that MATTEL "wrongfully obtain[ed] MGA's costs and sales

25   information through Mattel-employed category managers at retailers."

26   RESPONSE TO REQUEST FOR PRODUCTION NO. 255:

27         Larian incorporates by reference his General Response and General Objections

28   above, as though fully set forth herein and specifically incorporates General

405

EXHIBIT 15

1 Objection No. 15 (regarding Definitions), including without limitation Larian's
2 objection to the definition of the term YOUR, and its incorporated terms
3 AFFILIATES and PERSON. Larian further objects to the request to the extent it
4 seeks the production of documents that are protected from disclosure under any
5 applicable privilege, doctrine or immunity, including without limitation the attorney-
6 client privilege, the work product doctrine, the right of privacy, and all other
7 privileges recognized under the constitutional, statutory or decisional law of the
8 United States of America, the State of California or any other applicable jurisdiction.
9 Larian further objects to this request as being overly broad and unduly burdensome
10 on the grounds that it is not limited in time or geographical scope. Larian further
11 objects to this request on the grounds that the phrase "all PERSONS with knowledge
12 of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly
13 burdensome in that anyone who has read Larian's Answer in this matter has
14 "knowledge of [Larian's] allegation," without regard to whether the factual basis for
15 the allegation is known to them. Larian further objects to the request to the extent
16 that it seeks documents that by reason public filing, public distribution or
17 otherwise are already in Mattel's possession or are readily accessible to Mattel.
18 Larian further objects to the request to the extent that it seeks documents not in
19 Larian's possession, custody or control. Larian further objects to the request to the
20 extent it seeks confidential, proprietary or commercially sensitive information, the
21 disclosure of which would be inimical to the business interests of Larian or MGA.
22 Larian further objects to the request to the extent it violates the privacy rights of third
23 parties to their private, confidential, proprietary or trade secret information.
24    Larian further objects to this request as cumulative, duplicative, and unduly
25 burdensome to the extent that it seeks documents previously requested by Mattel or
26 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
27 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
28 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

EXHIBIT *15*

PAGE *687*

1 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

2 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

3 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

4 Things to MGAE de Mexico S.R.L. de C.V.

5        Without waiving any of the foregoing General or Specific Objections, but

6 rather expressly preserving each and every such objection, Larian responds as

7 follows:  Larian will produce all non-privileged, responsive documents in his

8 possession, custody or control, if any, that he is able to locate following a reasonably

9 diligent search.

10 REQUEST FOR PRODUCTION NO. 256:

11        DOCUMENTS describing all time periods during which MATTEL allegedly

12 "wrongfully obtain[ed] MGA's costs and sales information through Mattel-employed

13 category managers at retailers."

14 RESPONSE TO REQUEST FOR PRODUCTION NO. 256:

15        Larian incorporates by reference his General Response and General Objections

16 above, as though fully set forth herein.  Larian further objects to the request to the

17 extent it seeks the production of documents that are protected from disclosure under

18 any applicable privilege, doctrine or immunity, including without limitation the

19 attorney-client privilege, the work product doctrine, the right of privacy, and all other

20 privileges recognized under the constitutional, statutory or decisional law of the

21 United States of America, the State of California or any other applicable jurisdiction.

22 Larian further objects to this request as being overly broad and unduly burdensome

23 on the grounds that it is not limited in time or geographical scope.  Larian further

24 objects to this request on the grounds that the phrase "DOCUMENTS describing all

25 time periods during which" renders the request vague, ambiguous, and unintelligible.

26 Larian further objects to the request to the extent that it seeks documents that by

27 reason of public filing, public distribution or otherwise are already in Mattel's

28 possession or are readily accessible to Mattel.  Larian further objects to the request to

EXHIBIT 15

PAGE 688

1 the extent that it seeks documents not in Larian's possession, custody or control.

2 Larian further objects to the request to the extent it seeks confidential, proprietary or

3 commercially sensitive information, the disclosure of which would be inimical to the

4 business interests of Larian or MGA.  Larian further objects to the request to the

5 extent it violates the privacy rights of third parties to their private, confidential,

6 proprietary or trade secret information.

7      Larian further objects to this request as cumulative, duplicative, and unduly

8 burdensome to the extent that it seeks documents previously requested by Mattel or

9 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

10 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

11 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

12 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

13 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

14 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

15 Things to MGAE de Mexico S.R.L. de C.V.

16      Without waiving any of the foregoing General or Specific Objections, but

17 rather expressly preserving each and every such objection, Larian responds as

18 follows:  Larian will produce all non-privileged, responsive documents in his

19 possession, custody or control, if any, that he is able to locate following a reasonably

20 diligent search.

21 REQUEST FOR PRODUCTION NO. 257:

22      DOCUMENTS sufficient to IDENTIFY the MGA "costs and sales

23 information" that MATTEL allegedly "wrongfully obtain[ed] ... through Mattel-

24 employed category managers at retailers."

25 RESPONSE TO REQUEST FOR PRODUCTION NO. 257:

26      Larian incorporates by reference his General Response and General Objections

27 above, as though fully set forth herein.  Larian further objects to the request to the

28 extent it seeks the production of documents that are protected from disclosure under

EXHIBIT 15

PAGE 689

1 | any applicable privilege, doctrine or immunity, including without limitation the

2 | attorney-client privilege, the work product doctrine, the right of privacy, and all other

3 | privileges recognized under the constitutional, statutory or decisional law of the

4 | United States of America, the State of California or any other applicable jurisdiction.

5 | Larian further objects to this request as being overly broad and unduly burdensome

6 | on the grounds that it is not limited in geographical scope. Larian further objects to

7 | the request to the extent that it seeks documents that by reason of public filing,

8 | public distribution or otherwise are already in Mattel's possession or are readily

9 | accessible to Mattel. Larian further objects to the request to the extent that it seeks

10 | documents not in Larian's possession, custody or control. Larian further objects to

11 | the request to the extent it seeks confidential, proprietary or commercially sensitive

12 | information, the disclosure of which would be inimical to the business interests of

13 | Larian or MGA. Larian further objects to the request to the extent it violates the

14 | privacy rights of third parties to their private, confidential, proprietary or trade secret

15 | information.

16 | Larian further objects to this request as cumulative, duplicative, and unduly

17 | burdensome to the extent that it seeks documents previously requested by Mattel or

18 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

19 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

20 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to

21 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

22 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.

23 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

24 | Things to MGAE de Mexico S.R.L. de C.V.

25 | Without waiving any of the foregoing General or Specific Objections, but

26 | rather expressly preserving each and every such objection, Larian responds as

27 | follows: Larian will produce all non-privileged, responsive documents in his

28 |

EXHIBIT _15_

1  possession, custody or control, if any, that he is able to locate following a reasonably

2  diligent search.

3  REQUEST FOR PRODUCTION NO. 258:

4       DOCUMENTS sufficient to IDENTIFY the "category managers" and

5  "retailers" from whom MATTEL allegedly "wrongfully obtain[ed] MGA's costs and

6  sales information."

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 258:

8       Larian incorporates by reference his General Response and General Objections

9  above, as though fully set forth herein.  Larian further objects to the request to the

10  extent it seeks the production of documents that are protected from disclosure under

11  any applicable privilege, doctrine or immunity, including without limitation the

12  attorney-client privilege, the work product doctrine, the right of privacy, and all other

13  privileges recognized under the constitutional, statutory or decisional law of the

14  United States of America, the State of California or any other applicable jurisdiction.

15  Larian further objects to this request as being overly broad and unduly burdensome

16  on the grounds that it is not limited in geographical scope.  Larian further objects to

17  the request to the extent that it seeks documents that by reason of public filing,

18  public distribution or otherwise are already in Mattel's possession or are readily

19  accessible to Mattel.  Larian further objects to the request to the extent that it seeks

20  documents not in Larian's possession, custody or control.  Larian further objects to

21  the request to the extent it seeks confidential, proprietary or commercially sensitive

22  information, the disclosure of which would be inimical to the business interests of

23  Larian or MGA.  Larian further objects to the request to the extent it violates the

24  privacy rights of third parties to their private, confidential, proprietary or trade secret

25  information.

26       Larian further objects to this request as cumulative, duplicative, and unduly

27  burdensome to the extent that it seeks documents previously requested by Mattel or

28  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

1  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

2  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

3  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

4  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

5  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

6  Things to MGAE de Mexico S.R.L. de C.V.

7        Without waiving any of the foregoing General or Specific Objections, but

8  rather expressly preserving each and every such objection, Larian responds as

9  follows:  Larian will produce all non-privileged, responsive documents in his

10  possession, custody or control, if any, that he is able to locate following a reasonably

11  diligent search.

12  REQUEST FOR PRODUCTION NO. 259:

13        DOCUMENTS describing how MATTEL allegedly used the "wrongfully

14  obtain[ed] MGA[] costs and sales information."

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 259:

16        Larian incorporates by reference his General Response and General Objections

17  above, as though fully set forth herein.  Larian further objects to the request to the

18  extent it seeks the production of documents that are protected from disclosure under

19  any applicable privilege, doctrine or immunity, including without limitation the

20  attorney-client privilege, the work product doctrine, the right of privacy, and all other

21  privileges recognized under the constitutional, statutory or decisional law of the

22  United States of America, the State of California or any other applicable jurisdiction.

23  Larian further objects to this request as being overly broad and unduly burdensome

24  on the grounds that it is not limited in geographical scope.  Larian further objects to

25  the request to the extent that it seeks documents that by reason of public filing,

26  public distribution or otherwise are already in Mattel's possession or are readily

27  accessible to Mattel.  Larian further objects to the request to the extent that it seeks

28  documents not in Larian's possession, custody or control.  Larian further objects to

EXHIBIT 15

PAGE 677

1 the request to the extent it seeks confidential, proprietary or commercially sensitive

2 information, the disclosure of which would be inimical to the business interests of

3 Larian or MGA.  Larian further objects to the request to the extent it violates the

4 privacy rights of third parties to their private, confidential, proprietary or trade secret

5 information.

6       Larian further objects to this request as cumulative, duplicative, and unduly

7 burdensome to the extent that it seeks documents previously requested by Mattel or

8 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

9 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

10 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

11 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

12 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

13 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

14 Things to MGAE de Mexico S.R.L. de C.V.

15       Without waiving any of the foregoing General or Specific Objections, but

16 rather expressly preserving each and every such objection, Larian responds as

17 follows:  Larian will produce all non-privileged, responsive documents in his

18 possession, custody or control, if any, that he is able to locate following a reasonably

19 diligent search.

20 **REQUEST FOR PRODUCTION NO. 260:**

21       All DOCUMENTS that REFER OR RELATE TO the MGA "costs and sales

22 information" that MATTEL allegedly "wrongfully obtain[ed] ... through Mattel-

23 employed category managers at retailers."

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 260:**

25       Larian incorporates by reference his General Response and General Objections

26 above, as though fully set forth herein.  Larian further objects to the request to the

27 extent it seeks the production of documents that are protected from disclosure under

28 any applicable privilege, doctrine or immunity, including without limitation the

412

EXHIBIT *15*

PAGE __677__

1  attorney-client privilege, the work product doctrine, the right of privacy, and all other

2  privileges recognized under the constitutional, statutory or decisional law of the

3  United States of America, the State of California or any other applicable jurisdiction.

4  Larian further objects to this request as being overly broad and unduly burdensome

5  on the grounds that it is not limited in time or geographical scope.  Larian further

6  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that

7  REFER OR RELATE TO" does not comply with the "reasonable particularity"

8  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

9  broad and unduly burdensome in light of "the wealth of material already made

10  available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

11  709 (S.D.N.Y. 1979).  Larian further objects to the request to the extent that it seeks

12  documents that by reason of public filing, public distribution or otherwise are already

13  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

14  the request to the extent that it seeks documents not in Larian's possession, custody

15  or control.  Larian further objects to the request to the extent it seeks confidential,

16  proprietary or commercially sensitive information, the disclosure of which would be

17  inimical to the business interests of Larian or MGA.  Larian further objects to the

18  request to the extent it violates the privacy rights of third parties to their private,

19  confidential, proprietary or trade secret information.

20  　　　　Larian further objects to this request as cumulative, duplicative, and unduly

21  burdensome to the extent that it seeks documents previously requested by Mattel or

22  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

23  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

24  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

25  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

26  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

27  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

28  Things to MGAE de Mexico S.R.L. de C.V.

EXHIBIT 15

PAGE 294

1    Without waiving any of the foregoing General or Specific Objections, but

2  rather expressly preserving each and every such objection, Larian responds as

3  follows: Larian will produce all non-privileged, responsive documents in his

4  possession, custody or control, if any, that he is able to locate following a reasonably

5  diligent search.

6  REQUEST FOR PRODUCTION NO. 261:

7    All DOCUMENTS showing what steps, if any, YOU took to preserve, protect

8  and safeguard the confidentiality of the MGA "costs and sales information" that

9  MATTEL allegedly "wrongfully obtain[ed] ... through Mattel-employed category

10  managers at retailers."

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 261:

12    Larian incorporates by reference his General Response and General Objections

13  above, as though fully set forth herein and specifically incorporates General

14  Objection No. 15 (regarding Definitions), including without limitation Larian's

15  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

16  and PERSON. Larian further objects to the request to the extent it seeks the

17  production of documents that are protected from disclosure under any applicable

18  privilege, doctrine or immunity, including without limitation the attorney-client

19  privilege, the work product doctrine, the right of privacy, and all other privileges

20  recognized under the constitutional, statutory or decisional law of the United States

21  of America, the State of California or any other applicable jurisdiction. Larian

22  further objects to this request as being overly broad and unduly burdensome on the

23  grounds that it is not limited in time or geographical scope. Larian further objects to

24  this request on the grounds that the phrase "[a]ll DOCUMENTS" does not comply

25  with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34

26  and renders the request overly broad and unduly burdensome in light of "the wealth

27  of material already made available in this case." Westhemeco Ltd. v. New

28  Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that

EXHIBIT 15

PAGE 695

1   the phrase "preserve, protect and safeguard" is compound, and, as such, renders the

2   request vague, ambiguous and unintelligible. Larian further objects to the request to

3   the extent that it seeks documents that by reason of public filing, public distribution

4   or otherwise are already in Mattel's possession or are readily accessible to Mattel.

5   Larian further objects to the request to the extent that it seeks documents not in

6   Larian's possession, custody or control. Larian further objects to the request to the

7   extent it seeks confidential, proprietary or commercially sensitive information, the

8   disclosure of which would be inimical to the business interests of Larian or MGA.

9   Larian further objects to the request to the extent it violates the privacy rights of third

10   parties to their private, confidential, proprietary or trade secret information.

11         Without waiving any of the foregoing General or Specific Objections, but

12   rather expressly preserving each and every such objection, Larian responds as

13   follows: Larian will produce all non-privileged, responsive documents in his

14   possession, custody or control, if any, that he is able to locate following a reasonably

15   diligent search.

16   REQUEST FOR PRODUCTION NO. 262:

17         All DOCUMENTS that show or tend to show that the MGA "costs and sales

18   information" that MATTEL allegedly "wrongfully obtain[ed] ... through Mattel-

19   employed category managers at retailers" derives independent economic value from

20   not being generally known to the public or other PERSONS who can obtain

21   economic value from its disclosure or use.

22   RESPONSE TO REQUEST FOR PRODUCTION NO. 262:

23         Larian incorporates by reference his General Response and General Objections

24   above, as though fully set forth herein. Larian further objects to the request to the

25   extent it seeks the production of documents that are protected from disclosure under

26   any applicable privilege, doctrine or immunity, including without limitation the

27   attorney-client privilege, the work product doctrine, the right of privacy, and all other

28   privileges recognized under the constitutional, statutory or decisional law of the

EXHIBIT 15

PAGE 694

1  United States of America, the State of California or any other applicable jurisdiction.

2  Larian further objects to this request as being overly broad and unduly burdensome

3  on the grounds that it is not limited in time or geographical scope. Larian further

4  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that show

5  or tend to show" does not comply with the "reasonable particularity" requirement of

6  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

7  burdensome in light of "the wealth of material already made available in this case."

8  <u>Westhemeco Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

9  Larian further objects that the phrases "show or tend to show," "derives independent

10  economic value from not being generally known to the public or other PERSONS,"

11  and "obtain economic value from its disclosure or use" are, both individually and

12  taken together, compound, and, as such, render the request vague, ambiguous and

13  unintelligible. Larian further objects to the request to the extent that it seeks

14  documents that by reason of public filing, public distribution or otherwise are already

15  in Mattel's possession or are readily accessible to Mattel. Larian further objects to

16  the request to the extent that it seeks documents not in Larian's possession, custody

17  or control. Larian further objects to the request to the extent it seeks confidential,

18  proprietary or commercially sensitive information, the disclosure of which would be

19  inimical to the business interests of Larian or MGA. Larian further objects to the

20  request to the extent it violates the privacy rights of third parties to their private,

21  confidential, proprietary or trade secret information.

22      Larian further objects to this request as cumulative, duplicative, and unduly

23  burdensome to the extent that it seeks documents previously requested by Mattel or

24  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

25  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

26  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

27  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

28  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

EXHIBIT _15_

PAGE __69__

1   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

2   Things to MGAE de Mexico S.R.L. de C.V.

3     Without waiving any of the foregoing General or Specific Objections, but

4   rather expressly preserving each and every such objection, Larian responds as

5   follows:  Larian will produce all non-privileged, responsive documents in his

6   possession, custody or control, if any, that he is able to locate following a reasonably

7   diligent search.

8   REQUEST FOR PRODUCTION NO. 263:

9     All DOCUMENTS that show or tend to show that the MGA "costs and sales

10  information" that MATTEL allegedly "wrongfully obtain[ed] ... through Mattel-

11  employed category managers at retailers" contains information that is not known to

12  the public or to PERSONS who can obtain economic value from its disclosure or use.

13  RESPONSE TO REQUEST FOR PRODUCTION NO. 263:

14    Larian incorporates by reference his General Response and General Objections

15  above, as though fully set forth herein.  Larian further objects to the request to the

16  extent it seeks the production of documents that are protected from disclosure under

17  any applicable privilege, doctrine or immunity, including without limitation the

18  attorney-client privilege, the work product doctrine, the right of privacy, and all other

19  privileges recognized under the constitutional, statutory or decisional law of the

20  United States of America, the State of California or any other applicable jurisdiction.

21  Larian further objects to this request as being overly broad and unduly burdensome

22  on the grounds that it is not limited in time or geographical scope.  Larian further

23  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS" does not

24  comply with the "reasonable particularity" requirement of Federal Rule of Civil

25  Procedure 34 and renders the request overly broad and unduly burdensome in light of

26  "the wealth of material already made available in this case." Westhemeco Ltd. v.

27  New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

28  objects that the phrases "'costs and sales information,'" "known to the public or to

EXHIBIT 15

PAGE 698

1  PERSONS who can obtain economic value" and "disclosure or use" are, both
2  individually and taken together, compound, and, as such, render the request vague,
3  ambiguous and unintelligible.  Larian further objects to the request to the extent that
4  it seeks documents that by reason of public filing, public distribution or otherwise
5  are already in Mattel's possession or are readily accessible to Mattel.  Larian further
6  objects to the request to the extent that it seeks documents not in Larian's possession,
7  custody or control.  Larian further objects to the request to the extent it seeks
8  confidential, proprietary or commercially sensitive information, the disclosure of
9  which would be inimical to the business interests of Larian or MGA.  Larian further
10  objects to the request to the extent it violates the privacy rights of third parties to
11  their private, confidential, proprietary or trade secret information.

12          Larian further objects to this request as cumulative, duplicative, and unduly
13  burdensome to the extent that it seeks documents previously requested by Mattel or
14  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
15  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
16  Inc.'s First Set of Requests for Production of Documents and Tangible Things to
17  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
18  Requests for Production of Documents and Things to Isaac Larian and Request Nos.
19  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
20  Things to MGAE de Mexico S.R.L. de C.V.

21          Without waiving any of the foregoing General or Specific Objections, but
22  rather expressly preserving each and every such objection, Larian responds as
23  follows:  Larian will produce all non-privileged, responsive documents in his
24  possession, custody or control, if any, that he is able to locate following a reasonably
25  diligent search.

26
27                                                                          EXHIBIT 15
28
                                              PAGE 699

**REQUEST FOR PRODUCTION NO. 264:**

All DOCUMENTS that show or tend to show the "costs and sales information" that MATTEL allegedly "wrongfully obtain[ed] ... through Mattel-employed category managers at retailers" was either used or disclosed by MATTEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 264:**

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrases "show or tend to show" and "either used or disclosed by" are, both individually and taken together, compound, and, as such, render the request vague, ambiguous and unintelligible. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA.

419

EXHIBIT 15

PAGE 700

1  Larian further objects to the request to the extent it violates the privacy rights of third

2  parties to their private, confidential, proprietary or trade secret information.

3      Larian further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11 Things to MGAE de Mexico S.R.L. de C.V.

12     Without waiving any of the foregoing General or Specific Objections, but

13 rather expressly preserving each and every such objection, Larian responds as

14 follows:  Larian will produce all non-privileged, responsive documents in his

15 possession, custody or control, if any, that he is able to locate following a reasonably

16 diligent search.

17 REQUEST FOR PRODUCTION NO. 265:

18     DOCUMENTS sufficient to IDENTIFY all PERSONS who contend that

19 MATTEL "wrongfully obtain[ed] MGA's costs and sales information through

20 Mattel-employed category managers at retailers."

21 RESPONSE TO REQUEST FOR PRODUCTION NO. 265:

22     Larian incorporates by reference his General Response and General Objections

23 above, as though fully set forth herein and specifically incorporates General

24 Objection No. 15 (regarding Definitions), including without limitation Larian's

25 objection to the definition of the term PERSON.  Larian further objects to the request

26 to the extent it seeks the production of documents that are protected from disclosure

27 under any applicable privilege, doctrine or immunity, including without limitation

28 the attorney-client privilege, the work product doctrine, the right of privacy, and all

EXHIBIT 15

PAGE 701

1  other privileges recognized under the constitutional, statutory or decisional law of

2  the United States of America, the State of California or any other applicable

3  jurisdiction.  Larian further objects to this request as being overly broad and unduly

4  burdensome on the grounds that it is not limited in geographical scope.  Larian

5  further objects to the request to the extent that it seeks documents that by reason of

6  public filing, public distribution or otherwise are already in Mattel's possession or

7  are readily accessible to Mattel.  Larian further objects to the request to the extent

8  that it seeks documents not in Larian's possession, custody or control.  Larian further

9  objects to the request to the extent it seeks confidential, proprietary or commercially

10  sensitive information, the disclosure of which would be inimical to the business

11  interests of Larian or MGA.  Larian further objects to the request to the extent it

12  violates the privacy rights of third parties to their private, confidential, proprietary or

13  trade secret information.

14      Larian further objects to this request as cumulative, duplicative, and unduly

15  burdensome to the extent that it seeks documents previously requested by Mattel or

16  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

17  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

18  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

19  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

20  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

21  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

22  Things to MGAE de Mexico S.R.L. de C.V.

23      Without waiving any of the foregoing General or Specific Objections, but

24  rather expressly preserving each and every such objection, Larian responds as

25  follows: Larian will produce all non-privileged, responsive documents in his

26  possession, custody or control, if any, that he is able to locate following a reasonably

27  diligent search.

28

EXHIBIT 15

PAGE 702

421

1  REQUEST FOR PRODUCTION NO. 266:

2    All DOCUMENTS, including but not limited to all COMMUNICATIONS

3  with any PERSON, RELATING to YOUR actions in response to, or efforts to stop,

4  thwart, or prevent, MATTEL from allegedly "wrongfully obtaining MGA's costs and

5  sales information through Mattel-employed category managers at retailers."

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 266:

7    Larian incorporates by reference his General Response and General Objections

8  above, as though fully set forth herein and specifically incorporates General

9  Objection No. 15 (regarding Definitions), including without limitation Larian's

10  objection to the definition of the term YOUR, and its incorporated terms

11  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

12  seeks the production of documents that are protected from disclosure under any

13  applicable privilege, doctrine or immunity, including without limitation the attorney-

14  client privilege, the work product doctrine, the right of privacy, and all other

15  privileges recognized under the constitutional, statutory or decisional law of the

16  United States of America, the State of California or any other applicable jurisdiction.

17  Larian further objects to this request as being overly broad and unduly burdensome

18  on the grounds that it is not limited in time or geographical scope.  Larian further

19  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

20  but not limited to all COMMUNICATIONS with any PERSON, RELATING TO"

21  does not comply with the "reasonable particularity" requirement of Federal Rule of

22  Civil Procedure 34 and renders the request overly broad and unduly burdensome in

23  light of "the wealth of material already made available in this case."  Westhemeco

24  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

25  further objects that the phrase "RELATING to YOUR actions in response to, or

26  efforts to stop, thwart, or prevent" is compound and, as such, renders the request

27  vague, ambiguous, and unintelligible.  Larian further objects to the request to the

28  extent that it seeks documents that by reason of public filing, public distribution or

EXHIBIT 15

PAGE 709

1  otherwise are already in Mattel's possession or are readily accessible to Mattel.

2  Larian further objects to the request to the extent that it seeks documents not in

3  Larian's possession, custody or control.  Larian further objects to the request to the

4  extent it seeks confidential, proprietary or commercially sensitive information, the

5  disclosure of which would be inimical to the business interests of Larian or MGA.

6  Larian further objects to the request to the extent it violates the privacy rights of third

7  parties to their private, confidential, proprietary or trade secret information.

8       Larian further objects to this request as cumulative, duplicative, and unduly

9  burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

11  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

12  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

13  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

14  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

15  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

16  Things to MGAE de Mexico S.R.L. de C.V.

17       Without waiving any of the foregoing General or Specific Objections, but

18  rather expressly preserving each and every such objection, Larian responds as

19  follows:  Larian will produce all non-privileged, responsive documents in his

20  possession, custody or control, if any, that he is able to locate following a reasonably

21  diligent search.

22  REQUEST FOR PRODUCTION NO. 267:

23       All DOCUMENTS, including but not limited to all COMMUNICATIONS

24  with any PERSON, RELATING to any loss, harm, injury, increased expense, lost

25  revenue or profits, or any other damage caused to YOU by MATTEL'S alleged

26  "wrongful[] obtaining [of] MGA's costs and sales information through Mattel-

27  employed category managers at retailers."

28

EXHIBIT *15*

RESPONSE TO REQUEST FOR PRODUCTION NO. 267:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the term YOU, and its incorporated terms AFFILIATES and PERSON. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrase "any loss, harm, injury, increased expense, lost revenue or profits, or any other damage" is compound and, as such, renders the request vague, ambiguous, and unintelligible. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA.

EXHIBIT 15

PAGE 705

1  Larian further objects to the request to the extent it violates the privacy rights of third

2  parties to their private, confidential, proprietary or trade secret information.

3       Larian further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11  Things to MGAE de Mexico S.R.L. de C.V.

12       Without waiving any of the foregoing General or Specific Objections, but

13  rather expressly preserving each and every such objection, Larian responds as

14  follows:  Larian will produce all non-privileged, responsive documents in his

15  possession, custody or control, if any, that he is able to locate following a reasonably

16  diligent search.

17  **REQUEST FOR PRODUCTION NO. 268:**

18       DOCUMENTS sufficient to IDENTIFY each MGA-employed category

19  manager at retail at any time after January 1, 1998.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 268:**

21       Larian incorporates by reference his General Response and General Objections

22  above, as though fully set forth herein.  Larian further objects to the request to the

23  extent it seeks the production of documents that are protected from disclosure under

24  any applicable privilege, doctrine or immunity, including without limitation the

25  attorney-client privilege, the work product doctrine, the right of privacy, and all other

26  privileges recognized under the constitutional, statutory or decisional law of the

27  United States of America, the State of California or any other applicable jurisdiction.

28  Larian further objects to this request as being overly broad and unduly burdensome

EXHIBIT 15

PAGE 206

1  on the grounds that it is not reasonably limited in time or geographical scope.  Larian

2  further objects to the request to the extent that it seeks documents that by reason of

3  public filing, public distribution or otherwise are already in Mattel's possession or

4  are readily accessible to Mattel.  Larian further objects to the request to the extent

5  that it seeks documents not in Larian's possession, custody or control.  Larian further

6  objects to the request to the extent it seeks confidential, proprietary or commercially

7  sensitive information, the disclosure of which would be inimical to the business

8  interests of Larian or MGA.  Larian further objects to the request to the extent it

9  violates the privacy rights of third parties to their private, confidential, proprietary or

10  trade secret information.

11       Larian further objects to this request as cumulative, duplicative, and unduly

12  burdensome to the extent that it seeks documents previously requested by Mattel or

13  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

14  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

15  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

16  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

17  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

18  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

19  Things to MGAE de Mexico S.R.L. de C.V.

20       Without waiving any of the foregoing General or Specific Objections, but

21  rather expressly preserving each and every such objection, Larian responds as

22  follows:  Larian will produce all non-privileged, responsive documents in his

23  possession, custody or control, if any, that he is able to locate following a reasonably

24  diligent search.

25  REQUEST FOR PRODUCTION NO. 269:

26       All DOCUMENTS that REFER OR RELATE TO MGA's attempts or efforts,

27  including without limitation, solicitations, proposals and requests, that MGA be

28  appointed category manager at retail.

EXHIBIT 15

PAGE 707

1   RESPONSE TO REQUEST FOR PRODUCTION NO. 269:

2        Larian incorporates by reference his General Response and General Objections

3   above, as though fully set forth herein.  Larian further objects to the request to the

4   extent it seeks the production of documents that are protected from disclosure under

5   any applicable privilege, doctrine or immunity, including without limitation the

6   attorney-client privilege, the work product doctrine, the right of privacy, and all other

7   privileges recognized under the constitutional, statutory or decisional law of the

8   United States of America, the State of California or any other applicable jurisdiction.

9   Larian further objects to this request as being overly broad and unduly burdensome

10  on the grounds that it is not limited in time or geographical scope.  Larian further

11  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that

12  REFER OR RELATE TO" does not comply with the "reasonable particularity"

13  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

14  broad and unduly burdensome in light of "the wealth of material already made

15  available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

16  709 (S.D.N.Y. 1979).  Larian further objects that the phrase "attempts or efforts,

17  including without limitation, solicitations, proposals and requests" is compound and,

18  as such, renders the request vague, ambiguous, and unintelligible.  Larian further

19  objects to the request to the extent that it seeks documents that by reason of public

20  filing, public distribution or otherwise are already in Mattel's possession or are

21  readily accessible to Mattel.  Larian further objects to the request to the extent that it

22  seeks documents not in Larian's possession, custody or control.  Larian further

23  objects to the request to the extent it seeks confidential, proprietary or commercially

24  sensitive information, the disclosure of which would be inimical to the business

25  interests of Larian or MGA.  Larian further objects to the request to the extent it

26  violates the privacy rights of third parties to their private, confidential, proprietary or

27  trade secret information.

28

EXHIBIT 15

PAGE 708

1 REQUEST FOR PRODUCTION NO. 270:

2       All DOCUMENTS that REFER OR RELATE TO MGA's attempts or efforts,

3 including without limitation, solicitations, proposals and requests, that MGA be

4 appointed category manager at retail instead of a MATTEL-employed category

5 manager.

6 RESPONSE TO REQUEST FOR PRODUCTION NO. 270:

7       Larian incorporates by reference his General Response and General Objections

8 above, as though fully set forth herein.  Larian further objects to the request to the

9 extent it seeks the production of documents that are protected from disclosure under

10 any applicable privilege, doctrine or immunity, including without limitation the

11 attorney-client privilege, the work product doctrine, the right of privacy, and all other

12 privileges recognized under the constitutional, statutory or decisional law of the

13 United States of America, the State of California or any other applicable jurisdiction.

14 Larian further objects to this request as being overly broad and unduly burdensome

15 on the grounds that it is not limited in time or geographical scope.  Larian further

16 objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that

17 REFER OR RELATE TO" does not comply with the "reasonable particularity"

18 requirement of Federal Rule of Civil Procedure 34 and renders the request overly

19 broad and unduly burdensome in light of "the wealth of material already made

20 available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

21 709 (S.D.N.Y. 1979).  Larian further objects that the phrase "attempts or efforts,

22 including without limitation, solicitations, proposals and requests" is compound and,

23 as such, renders the request vague, ambiguous, and unintelligible.  Larian further

24 objects to the request to the extent that it seeks documents that by reason of public

25 filing, public distribution or otherwise are already in Mattel's possession or are

26 readily accessible to Mattel.  Larian further objects to the request to the extent that it

27 seeks documents not in Larian's possession, custody or control.  Larian further

28 objects to the request to the extent it seeks confidential, proprietary or commercially

EXHIBIT 15

PAGE 709

1  sensitive information, the disclosure of which would be inimical to the business

2  interests of Larian or MGA.  Larian further objects to the request to the extent it

3  violates the privacy rights of third parties to their private, confidential, proprietary or

4  trade secret information.

5  REQUEST FOR PRODUCTION NO. 271:

6      All COMMUNICATIONS, and all DOCUMENTS RELATING thereto,

7  between MGA and any PERSON, including without limitation, any retailer,

8  distributor or wholesaler, that REFER OR RELATE to any MATTEL-employed

9  category manager at retail or any acts or omissions of such MATTEL-employed

10  category manager at retail.

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 271:

12      Larian incorporates by reference his General Response and General Objections

13  above, as though fully set forth herein and specifically incorporates General

14  Objection No. 15 (regarding Definitions), including without limitation Larian's

15  objection to the definition of the term PERSON.  Larian further objects to the request

16  to the extent it seeks the production of documents that are protected from disclosure

17  under any applicable privilege, doctrine or immunity, including without limitation

18  the attorney-client privilege, the work product doctrine, the right of privacy, and all

19  other privileges recognized under the constitutional, statutory or decisional law of

20  the United States of America, the State of California or any other applicable

21  jurisdiction.   Larian further objects to this request as being overly broad and unduly

22  burdensome on the grounds that it is not limited in time or geographical scope.

23  Larian further objects to this request on the grounds that the phrase "[a]ll

24  COMMUNICATIONS, and all DOCUMENTS RELATING thereto" does not

25  comply with the "reasonable particularity" requirement of Federal Rule of Civil

26  Procedure 34 and renders the request overly broad and unduly burdensome in light of

27  "the wealth of material already made available in this case."  Westhemeco Ltd. v.

28  New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

EXHIBIT  15

PAGE ___ 210

1  objects that the phrases "any PERSON, including without limitation, any retailer,

2  distributor or wholesaler," and "any MATTEL-employed category manager at retail

3  or any acts or omissions of such MATTEL-employed category manager at retail" are

4  compound, rendering the request vague, ambiguous, and unintelligible.  Larian

5  further objects to the request to the extent that it seeks documents that by reason of

6  public filing, public distribution or otherwise are already in Mattel's possession or

7  are readily accessible to Mattel.  Larian further objects to the request to the extent

8  that it seeks documents not in Larian's possession, custody or control.  Larian further

9  objects to the request to the extent it seeks confidential, proprietary or commercially

10  sensitive information, the disclosure of which would be inimical to the business

11  interests of Larian or MGA.  Larian further objects to the request to the extent it

12  violates the privacy rights of third parties to their private, confidential, proprietary or

13  trade secret information.

14  REQUEST FOR PRODUCTION NO. 272:

15      All COMMUNICATIONS, and all DOCUMENTS RELATING thereto,

16  between MGA and any PERSON, including without limitation, any retailer,

17  distributor or wholesaler, that REFER OR RELATE TO any MGA-employed

18  category manager at retail or any acts or omissions of such MGA-employed category

19  manager at retail.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 272:

21      Larian incorporates by reference his General Response and General Objections

22  above, as though fully set forth herein and specifically incorporates General

23  Objection No. 15 (regarding Definitions), including without limitation Larian's

24  objection to the definition of the term PERSON.  Larian further objects to the request

25  to the extent it seeks the production of documents that are protected from disclosure

26  under any applicable privilege, doctrine or immunity, including without limitation

27  the attorney-client privilege, the work product doctrine, the right of privacy, and all

28  other privileges recognized under the constitutional, statutory or decisional law of

EXHIBIT _15_

PAGE _711_

1  the United States of America, the State of California or any other applicable

2  jurisdiction.  Larian further objects to this request as being overly broad and unduly

3  burdensome on the grounds that it is not limited in time or geographical scope.

4  Larian further objects to this request on the grounds that the phrase "[a]ll

5  COMMUNICATIONS, and all DOCUMENTS RELATING thereto" does not

6  comply with the "reasonable particularity" requirement of Federal Rule of Civil

7  Procedure 34 and renders the request overly broad and unduly burdensome in light of

8  "the wealth of material already made available in this case."  Westhemeco Ltd. v.

9  New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

10  objects that the phrases "any PERSON, including without limitation, any retailer,

11  distributor or wholesaler," "any MGA-employed category manager at retail or any

12  acts or omissions of such MGA-employed category manager at retail" are, both

13  individually and taken together, compound, rendering the request vague, ambiguous,

14  and unintelligible.  Larian further objects to the request to the extent that it seeks

15  documents that by reason of public filing, public distribution or otherwise are already

16  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

17  the request to the extent that it seeks documents not in Larian's possession, custody

18  or control.  Larian further objects to the request to the extent it seeks confidential,

19  proprietary or commercially sensitive information, the disclosure of which would be

20  inimical to the business interests of Larian or MGA.  Larian further objects to the

21  request to the extent it violates the privacy rights of third parties to their private,

22  confidential, proprietary or trade secret information.

23  REQUEST FOR PRODUCTION NO. 273:

24          All COMMUNICATIONS, and all DOCUMENTS RELATING thereto,

25  between MGA and any PERSON, including without limitation, any retailer,

26  distributor or wholesaler, that REFER OR RELATE TO any proposed, requested or

27  contemplated MGA-employed category manager at retail or any acts or omissions of

28

EXHIBIT 15

PAGE 712

1  such proposed, requested or contemplated MGA-employed category manager at
2  retail.
3  RESPONSE TO REQUEST FOR PRODUCTION NO. 273:
4         Larian incorporates by reference his General Response and General Objections
5  above, as though fully set forth herein and specifically incorporates General
6  Objection No. 15 (regarding Definitions), including without limitation Larian's
7  objection to the definition of the term PERSON.  Larian further objects to the request
8  to the extent it seeks the production of documents that are protected from disclosure
9  under any applicable privilege, doctrine or immunity, including without limitation
10 the attorney-client privilege, the work product doctrine, the right of privacy, and all
11 other privileges recognized under the constitutional, statutory or decisional law of
12 the United States of America, the State of California or any other applicable
13 jurisdiction.  Larian further objects to this request as being overly broad and unduly
14 burdensome on the grounds that it is not limited in time or geographical scope.
15 Larian further objects to this request on the grounds that the phrase "[a]ll
16 COMMUNICATIONS, and all DOCUMENTS RELATING thereto" does not
17 comply with the "reasonable particularity" requirement of Federal Rule of Civil
18 Procedure 34 and renders the request overly broad and unduly burdensome in light of
19 "the wealth of material already made available in this case."  Westhemeco Ltd. v.
20 New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further
21 objects that the phrases "any PERSON, including without limitation, any retailer,
22 distributor or wholesaler," "any proposed, requested or contemplated MGA-
23 employed category manager at retail," and "any acts or omissions of such proposed,
24 requested or contemplated MGA-employed category manager at retail" are, both
25 individually and taken together, compound, rendering the request vague, ambiguous,
26 and unintelligible.  Larian further objects to the request to the extent that it seeks
27 documents that by reason of public filing, public distribution or otherwise are already
28 in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

EXHIBIT  15

PAGE  7/3

1 the request to the extent that it seeks documents not in Larian's possession, custody

2 or control. Larian further objects to the request to the extent it seeks confidential,

3 proprietary or commercially sensitive information, the disclosure of which would be

4 inimical to the business interests of Larian or MGA. Larian further objects to the

5 request to the extent it violates the privacy rights of third parties to their private,

6 confidential, proprietary or trade secret information.

7 REQUEST FOR PRODUCTION NO. 274:

8      All DOCUMENTS that REFER OR RELATE TO the quality or performance

9 of any MATTEL-employed category manager at retail or any acts or omissions of

10 such MATTEL-employed category manager at retail, including without limitation,

11 any COMMUNICATIONS to or from retailers RELATING thereto.

12 RESPONSE TO REQUEST FOR PRODUCTION NO. 274:

13      Larian incorporates by reference his General Response and General Objections

14 above, as though fully set forth herein. Larian further objects to the request to the

15 extent it seeks the production of documents that are protected from disclosure under

16 any applicable privilege, doctrine or immunity, including without limitation the

17 attorney-client privilege, the work product doctrine, the right of privacy, and all other

18 privileges recognized under the constitutional, statutory or decisional law of the

19 United States of America, the State of California or any other applicable jurisdiction.

20 Larian further objects to this request as being overly broad and unduly burdensome

21 on the grounds that it is not limited in time or geographical scope. Larian further

22 objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that

23 REFER OR RELATE TO" does not comply with the "reasonable particularity"

24 requirement of Federal Rule of Civil Procedure 34 and renders the request overly

25 broad and unduly burdensome in light of "the wealth of material already made

26 available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

27 709 (S.D.N.Y. 1979). Larian further objects that the phrases "the quality or

28 performance of any MATTEL-employed category manager at retail," "any acts or

1  omissions of such MATTEL-employed category manager at retail," and "including

2  without limitation, any COMMUNICATIONS to or from retailers RELATING

3  thereto" are, both individually and taken together, compound, rendering the request

4  vague, ambiguous, and unintelligible.  Larian further objects to the request to the

5  extent that it seeks documents that by reason of public filing, public distribution or

6  otherwise are already in Mattel's possession or are readily accessible to Mattel.

7  Larian further objects to the request to the extent that it seeks documents not in

8  Larian's possession, custody or control.  Larian further objects to the request to the

9  extent it seeks confidential, proprietary or commercially sensitive information, the

10  disclosure of which would be inimical to the business interests of Larian or MGA.

11  Larian further objects to the request to the extent it violates the privacy rights of third

12  parties to their private, confidential, proprietary or trade secret information.

13  REQUEST FOR PRODUCTION NO. 275:

14       All DOCUMENTS that REFER OR RELATE TO any actual, alleged or

15  claimed errors, malfeasance, misfeasance, poor performance, breaches or improper,

16  illegal, unfair or unethical conduct by any MGA-employed category manager at

17  retail or any acts or omissions of such MGA-employed category manager at retail,

18  including without limitation, any COMMUNICATIONS to or from retailers

19  RELATING thereto.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 275:

21       Larian incorporates by reference his General Response and General Objections

22  above, as though fully set forth herein.  Larian further objects to the request to the

23  extent it seeks the production of documents that are protected from disclosure under

24  any applicable privilege, doctrine or immunity, including without limitation the

25  attorney-client privilege, the work product doctrine, the right of privacy, and all other

26  privileges recognized under the constitutional, statutory or decisional law of the

27  United States of America, the State of California or any other applicable jurisdiction.

28  Larian further objects to this request as being overly broad and unduly burdensome

EXHIBIT 15

1   on the grounds that it is not limited in time or geographical scope.  Larian further

2   objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that

3   REFER OR RELATE TO" does not comply with the "reasonable particularity"

4   requirement of Federal Rule of Civil Procedure 34 and renders the request overly

5   broad and unduly burdensome in light of "the wealth of material already made

6   available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

7   709 (S.D.N.Y. 1979).  Larian further objects that the phrases "any actual, alleged or

8   claimed errors, malfeasance, misfeasance, poor performance, breaches or improper,

9   illegal, unfair or unethical conduct by any MGA-employed category manager at

10  retail," and "any acts or omissions of such MGA-employed category manager at

11  retail, including without limitation, any COMMUNICATIONS to or from retailers

12  RELATING thereto" are, both individually and taken together, (1) accusatory and

13  argumentative such that Larian would have to respond to the allegations of the

14  request before providing any substantive response, see Zadrozny v. Board of

15  Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2)

16  compound, rendering the request vague, ambiguous, and unintelligible.  Larian

17  further objects to the request to the extent that it seeks documents that by reason of

18  public filing, public distribution or otherwise are already in Mattel's possession or

19  are readily accessible to Mattel.  Larian further objects to the request to the extent

20  that it seeks documents not in Larian's possession, custody or control.  Larian further

21  objects to the request to the extent it seeks confidential, proprietary or commercially

22  sensitive information, the disclosure of which would be inimical to the business

23  interests of Larian or MGA.  Larian further objects to the request to the extent it

24  violates the privacy rights of third parties to their private, confidential, proprietary or

25  trade secret information.

26  REQUEST FOR PRODUCTION NO. 276:

27       All DOCUMENTS, including but not limited to all COMMUNICATIONS

28  with any PERSON, RELATING to YOU obtaining, through any means or methods,

EXHIBIT _15_

PAGE _716_

1  MATTEL'S costs and sales information through YOUR category managers at

2  retailers.

3  RESPONSE TO REQUEST FOR PRODUCTION NO. 276:

4      Larian incorporates by reference his General Response and General Objections

5  above, as though fully set forth herein and specifically incorporates General

6  Objection No. 15 (regarding Definitions), including without limitation MGA's

7  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

8  and PERSON.  Larian further objects to the request to the extent it seeks the

9  production of documents that are protected from disclosure under any applicable

10  privilege, doctrine or immunity, including without limitation the attorney-client

11  privilege, the work product doctrine, the right of privacy, and all other privileges

12  recognized under the constitutional, statutory or decisional law of the United States

13  of America, the State of California or any other applicable jurisdiction.  Larian

14  further objects to this request on the grounds that it is overly broad and unduly

15  burdensome in that it seeks documents not relevant to the claims or defenses in this

16  action and not reasonably calculated to lead to the discovery of admissible evidence.

17  Larian further objects to this request as being overly broad and unduly burdensome

18  on the grounds that it is not limited in time or geographical scope.  Larian further

19  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

20  but not limited to all COMMUNICATIONS with any PERSON, RELATING TO"

21  does not comply with the "reasonable particularity" requirement of Federal Rule of

22  Civil Procedure 34 and renders the request overly broad and unduly burdensome in

23  light of "the wealth of material already made available in this case." Westhemeco

24  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

25  further objects that the phrase "YOU obtaining, through any means or methods,

26  MATTEL'S costs and sales information through YOUR category managers at

27  retailers" is (1) accusatory and argumentative such that Larian would have to respond

28  to the allegations of the request before providing any substantive response, see

EXHIBIT _15_

PAGE _217_

1  <u>Zadrozny v. Board of Trustees District No. 508</u>, 1991 WL 66705, at *1 (N.D. Ill.
2  April 24, 1991), and (2) compound, rendering the request vague, ambiguous, and
3  unintelligible.  Larian further objects to the request to the extent that it seeks
4  documents that by reason of public filing, public distribution or otherwise are already
5  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to
6  the request to the extent that it seeks documents not in Larian's possession, custody
7  or control.  Larian further objects to the request to the extent it seeks confidential,
8  proprietary or commercially sensitive information, the disclosure of which would be
9  inimical to the business interests of Larian or MGA.  Larian further objects to the
10  request to the extent it violates the privacy rights of third parties to their private,
11  confidential, proprietary or trade secret information.
12  <u>REQUEST FOR PRODUCTION NO. 277:</u>
13      All DOCUMENTS, including but not limited to all COMMUNICATIONS
14  with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL
15  "induc[ed] non-party customers to breach confidentiality agreements with MGA and
16  divulge non-public information about MGA's unreleased products."
17  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 277:</u>
18      Larian incorporates by reference his General Response and General Objections
19  above, as though fully set forth herein and specifically incorporates General
20  Objection No. 15 (regarding Definitions), including without limitation Larian's
21  objection to the definition of the term YOUR, and its incorporated terms
22  AFFILIATES and PERSON.  Larian further objects to the request to the extent it
23  seeks the production of documents that are protected from disclosure under any
24  applicable privilege, doctrine or immunity, including without limitation the attorney-
25  client privilege, the work product doctrine, the right of privacy, and all other
26  privileges recognized under the constitutional, statutory or decisional law of the
27  United States of America, the State of California or any other applicable jurisdiction.
28  Larian further objects to this request as being overly broad and unduly burdensome

EXHIBIT *15*

PAGE 218

1 on the grounds that it is not limited in time or geographical scope. Larian further
2 objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including
3 but not limited to all COMMUNICATIONS with any PERSON, that REFER OR
4 RELATE TO" does not comply with the "reasonable particularity" requirement of
5 Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly
6 burdensome in light of "the wealth of material already made available in this case."
7 Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).
8 Larian further objects to the request to the extent that it seeks documents that by
9 reason of public filing, public distribution or otherwise are already in Mattel's
10 possession or are readily accessible to Mattel. Larian further objects to the request to
11 the extent that it seeks documents not in Larian's possession, custody or control.
12 Larian further objects to the request to the extent it seeks confidential, proprietary or
13 commercially sensitive information, the disclosure of which would be inimical to the
14 business interests of Larian or MGA. Larian further objects to the request to the
15 extent it violates the privacy rights of third parties to their private, confidential,
16 proprietary or trade secret information.

17      Larian further objects to this request as cumulative, duplicative, and unduly
18 burdensome to the extent that it seeks documents previously requested by Mattel or
19 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
20 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
21 Inc.'s First Set of Requests for Production of Documents and Tangible Things to
22 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
23 Requests for Production of Documents and Things to Isaac Larian and Request Nos.
24 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
25 Things to MGAE de Mexico S.R.L. de C.V.

26      Without waiving any of the foregoing General or Specific Objections, but
27 rather expressly preserving each and every such objection, Larian responds as
28 follows: Larian will produce all non-privileged, responsive documents in his

1  possession, custody or control, if any, that he is able to locate following a reasonably
2  diligent search.

3  REQUEST FOR PRODUCTION NO. 278:

4      All DOCUMENTS, including but not limited to all COMMUNICATIONS
5  with any PERSON, that YOU contend prove or that YOU will rely on at trial to
6  prove that MATTEL "induc[ed] non-party customers to breach confidentiality
7  agreements with MGA and divulge non-public information about MGA's unreleased
8  products."

9  RESPONSE TO REQUEST FOR PRODUCTION NO. 278:

10      Larian incorporates by reference his General Response and General Objections
11  above, as though fully set forth herein and specifically incorporates General
12  Objection No. 15 (regarding Definitions), including without limitation Larian's
13  objection to the definition of the term YOU, and its incorporated terms AFFILIATES
14  and PERSON.  Larian further objects to the request to the extent it seeks the
15  production of documents that are protected from disclosure under any applicable
16  privilege, doctrine or immunity, including without limitation the attorney-client
17  privilege, the work product doctrine, the right of privacy, and all other privileges
18  recognized under the constitutional, statutory or decisional law of the United States
19  of America, the State of California or any other applicable jurisdiction.  Larian
20  further objects to this request as being overly broad and unduly burdensome on the
21  grounds that it is not limited in time or geographical scope.  Larian further objects to
22  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not
23  limited to all COMMUNICATIONS with any PERSON" does not comply with the
24  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and
25  renders the request overly broad and unduly burdensome in light of "the wealth of
26  material already made available in this case."  Westhemeco Ltd. v. New Hampshire
27  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase
28  "that YOU contend prove or that YOU will rely on at trial to prove" is compound

EXHIBIT _15_

PAGE __220__

1  and, as such, renders the request vague, ambiguous, and unintelligible.  Larian

2  further objects to the request to the extent that it seeks documents that by reason of

3  public filing, public distribution or otherwise are already in Mattel's possession or

4  are readily accessible to Mattel.  Larian further objects to the request to the extent

5  that it seeks documents not in Larian's possession, custody or control.  Larian further

6  objects to the request to the extent it seeks confidential, proprietary or commercially

7  sensitive information, the disclosure of which would be inimical to the business

8  interests of Larian or MGA.  Larian further objects to the request to the extent it

9  violates the privacy rights of third parties to their private, confidential, proprietary or

10  trade secret information.

11       Larian further objects to this request as cumulative, duplicative, and unduly

12  burdensome to the extent that it seeks documents previously requested by Mattel or

13  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

14  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

15  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

16  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

17  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

18  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

19  Things to MGAE de Mexico S.R.L. de C.V.

20       Without waiving any of the foregoing General or Specific Objections, but

21  rather expressly preserving each and every such objection, Larian responds as

22  follows:  Larian will produce all non-privileged, responsive documents in his

23  possession, custody or control, if any, that he is able to locate following a reasonably

24  diligent search.

25  REQUEST FOR PRODUCTION NO. 279:

26       DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

27  YOUR allegation that MATTEL "induc[ed] non-party customers to breach

28  confidentiality agreements with MGA."

EXHIBIT 15

440

RESPONSE TO REQUEST FOR PRODUCTION NO. 279:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the terms YOUR, and its incorporated terms AFFILIATES and PERSON. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrase "all PERSONS with knowledge of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly burdensome in that anyone who has read Larian's Answer in this matter has "knowledge of [Larian's] allegation," without regard to whether the factual basis for the allegation is known to them. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or

441

EXHIBIT 15

PAGE 222

1   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

2   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

3   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

4   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

5   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

6   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

7   Things to MGAE de Mexico S.R.L. de C.V.

8           Without waiving any of the foregoing General or Specific Objections, but

9   rather expressly preserving each and every such objection, Larian responds as

10  follows:  Larian will produce all non-privileged, responsive documents in his

11  possession, custody or control, if any, that he is able to locate following a reasonably

12  diligent search.

13  REQUEST FOR PRODUCTION NO. 280:

14          DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

15  YOUR allegation that MATTEL "induc[ed] non-party customers to ... divulge non-

16  public information about MGA's unreleased products."

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 280:

18          Larian incorporates by reference his General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General

20  Objection No. 15 (regarding Definitions), including without limitation Larian's

21  objection to the definition of the terms YOUR, and its incorporated terms

22  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

23  seeks the production of documents that are protected from disclosure under any

24  applicable privilege, doctrine or immunity, including without limitation the attorney-

25  client privilege, the work product doctrine, the right of privacy, and all other

26  privileges recognized under the constitutional, statutory or decisional law of the

27  United States of America, the State of California or any other applicable jurisdiction.

28  Larian further objects to this request as being overly broad and unduly burdensome

442

EXHIBIT 15

PAGE _____ 723

1  on the grounds that it is not limited in time or geographical scope. Larian further

2  objects to this request on the grounds that the phrase "all PERSONS with knowledge

3  of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly

4  burdensome in that anyone who has read Larian's Answer in this matter has

5  "knowledge of [Larian's] allegation," without regard to whether the factual basis for

6  the allegation is known to them. Larian further objects to the request to the extent

7  that it seeks documents that by reason of public filing, public distribution or

8  otherwise are already in Mattel's possession or are readily accessible to Mattel.

9  Larian further objects to the request to the extent that it seeks documents not in

10  Larian's possession, custody or control. Larian further objects to the request to the

11  extent it seeks confidential, proprietary or commercially sensitive information, the

12  disclosure of which would be inimical to the business interests of Larian or MGA.

13  Larian further objects to the request to the extent it violates the privacy rights of third

14  parties to their private, confidential, proprietary or trade secret information.

15      Larian further objects to this request as cumulative, duplicative, and unduly

16  burdensome to the extent that it seeks documents previously requested by Mattel or

17  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

18  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

19  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

20  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

21  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

22  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

23  Things to MGAE de Mexico S.R.L. de C.V.

24      Without waiving any of the foregoing General or Specific Objections, but

25  rather expressly preserving each and every such objection, Larian responds as

26  follows: Larian will produce all non-privileged, responsive documents in his

27  possession, custody or control, if any, that he is able to locate following a reasonably

28  diligent search.

EXHIBIT 15

PAGE 226

1  REQUEST FOR PRODUCTION NO. 281:

2      DOCUMENTS describing all time periods during which MATTEL allegedly

3  "induc[ed] non-party customers to breach confidentiality agreements with MGA and

4  divulge non-public information about MGA's unreleased products."

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 281:

6      Larian incorporates by reference his General Response and General Objections

7  above, as though fully set forth herein.  Larian further objects to the request to the

8  extent it seeks the production of documents that are protected from disclosure under

9  any applicable privilege, doctrine or immunity, including without limitation the

10  attorney-client privilege, the work product doctrine, the right of privacy, and all other

11  privileges recognized under the constitutional, statutory or decisional law of the

12  United States of America, the State of California or any other applicable jurisdiction.

13  Larian further objects to this request as being overly broad and unduly burdensome

14  on the grounds that it is not limited in time or geographical scope.  Larian further

15  objects to this request on the grounds that the phrase "DOCUMENTS describing all

16  time periods during which" renders the request vague, ambiguous, and unintelligible.

17  Larian further objects to the request to the extent that it seeks documents that by

18  reason of public filing, public distribution or otherwise are already in Mattel's

19  possession or are readily accessible to Mattel.  Larian further objects to the request to

20  the extent that it seeks documents not in Larian's possession, custody or control.

21  Larian further objects to the request to the extent it seeks confidential, proprietary or

22  commercially sensitive information, the disclosure of which would be inimical to the

23  business interests of Larian or MGA.  Larian further objects to the request to the

24  extent it violates the privacy rights of third parties to their private, confidential,

25  proprietary or trade secret information.

26      Larian further objects to this request as cumulative, duplicative, and unduly

27  burdensome to the extent that it seeks documents previously requested by Mattel or

28  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

EXHIBIT *15*

PAGE _285_

1    document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

2    Inc.'s First Set of Requests for Production of Documents and Tangible Things to

3    MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

4    Requests for Production of Documents and Things to Isaac Larian and Request Nos.

5    140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

6    Things to MGAE de Mexico S.R.L. de C.V.

7        Without waiving any of the foregoing General or Specific Objections, but

8    rather expressly preserving each and every such objection, Larian responds as

9    follows:  Larian will produce all non-privileged, responsive documents in his

10    possession, custody or control, if any, that he is able to locate following a reasonably

11    diligent search.

12    <u>REQUEST FOR PRODUCTION NO. 282:</u>

13        DOCUMENTS sufficient to IDENTIFY the "non-party customers" and

14    PERSONS employed by "non-party customers" who MATTEL allegedly

15    "induc[ed] ... to breach confidentiality agreements with MGA and divulge non-

16    public information about MGA's unreleased products."

17    <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 282:</u>

18        Larian incorporates by reference his General Response and General Objections

19    above, as though fully set forth herein and specifically incorporates General

20    Objection No. 15 (regarding Definitions), including without limitation Larian's

21    objection to the definition of the term PERSON.  Larian further objects to the request

22    to the extent it seeks the production of documents that are protected from disclosure

23    under any applicable privilege, doctrine or immunity, including without limitation

24    the attorney-client privilege, the work product doctrine, the right of privacy, and all

25    other privileges recognized under the constitutional, statutory or decisional law of

26    the United States of America, the State of California or any other applicable

27    jurisdiction.  Larian further objects to this request as being overly broad and unduly

28    burdensome on the grounds that it is not limited in time or geographical scope.

445

EXHIBIT 15

1 │ Larian further objects to the request to the extent that it seeks documents that by

2 │ reason of public filing, public distribution or otherwise are already in Mattel's

3 │ possession or are readily accessible to Mattel. Larian further objects to the request to

4 │ the extent that it seeks documents not in Larian's possession, custody or control.

5 │ Larian further objects to the request to the extent it seeks confidential, proprietary or

6 │ commercially sensitive information, the disclosure of which would be inimical to the

7 │ business interests of Larian or MGA. Larian further objects to the request to the

8 │ extent it violates the privacy rights of third parties to their private, confidential,

9 │ proprietary or trade secret information.

10 │     Larian further objects to this request as cumulative, duplicative, and unduly

11 │ burdensome to the extent that it seeks documents previously requested by Mattel or

12 │ produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

13 │ document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

14 │ Inc.'s First Set of Requests for Production of Documents and Tangible Things to

15 │ MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

16 │ Requests for Production of Documents and Things to Isaac Larian and Request Nos.

17 │ 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

18 │ Things to MGAE de Mexico S.R.L. de C.V.

19 │     Without waiving any of the foregoing General or Specific Objections, but

20 │ rather expressly preserving each and every such objection, Larian responds as

21 │ follows: Larian will produce all non-privileged, responsive documents in his

22 │ possession, custody or control, if any, that he is able to locate following a reasonably

23 │ diligent search.

24 │ <u>REQUEST FOR PRODUCTION NO. 283:</u>

25 │     DOCUMENTS sufficient to IDENTIFY the "unreleased products" for which

26 │ MATTEL allegedly "induc[ed] non-party customers to breach confidentiality

27 │ agreements with MGA and divulge non-public information."

28 │

EXHIBIT _15_

PAGE ___727___

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1 RESPONSE TO REQUEST FOR PRODUCTION NO. 283:

2    Larian incorporates by reference his General Response and General Objections

3 above, as though fully set forth herein.  Larian further objects to the request to the

4 extent it seeks the production of documents that are protected from disclosure under

5 any applicable privilege, doctrine or immunity, including without limitation the

6 attorney-client privilege, the work product doctrine, the right of privacy, and all other

7 privileges recognized under the constitutional, statutory or decisional law of the

8 United States of America, the State of California or any other applicable jurisdiction.

9 Larian further objects to this request as being overly broad and unduly burdensome

10 on the grounds that it is not limited in time or geographical scope.  Larian further

11 objects to the request to the extent that it seeks documents that by reason of public

12 filing, public distribution or otherwise are already in Mattel's possession or are

13 readily accessible to Mattel.  Larian further objects to the request to the extent that it

14 seeks documents not in Larian's possession, custody or control.  Larian further

15 objects to the request to the extent it seeks confidential, proprietary or commercially

16 sensitive information, the disclosure of which would be inimical to the business

17 interests of Larian or MGA.  Larian further objects to the request to the extent it

18 violates the privacy rights of third parties to their private, confidential, proprietary or

19 trade secret information.

20    Larian further objects to this request as cumulative, duplicative, and unduly

21 burdensome to the extent that it seeks documents previously requested by Mattel or

22 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

23 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

24 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

25 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

26 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

27 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

28 Things to MGAE de Mexico S.R.L. de C.V.

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 228

1     Without waiving any of the foregoing General or Specific Objections, but

2 rather expressly preserving each and every such objection, Larian responds as

3 follows:  Larian will produce all non-privileged, responsive documents in his

4 possession, custody or control, if any, that he is able to locate following a reasonably

5 diligent search.

6 REQUEST FOR PRODUCTION NO. 284:

7     The "non-public information about MGA's unreleased products" that

8 MATTEL allegedly "induc[ed] non-party customers to breach confidentiality

9 agreements with MGA and divulge" to MATTEL.

10 RESPONSE TO REQUEST FOR PRODUCTION NO. 284:

11     Larian incorporates by reference his General Response and General Objections

12 above, as though fully set forth herein.  Larian further objects to the request to the

13 extent it seeks the production of documents that are protected from disclosure under

14 any applicable privilege, doctrine or immunity, including without limitation the

15 attorney-client privilege, the work product doctrine, the right of privacy, and all other

16 privileges recognized under the constitutional, statutory or decisional law of the

17 United States of America, the State of California or any other applicable jurisdiction.

18 Larian further objects to this request as being overly broad and unduly burdensome

19 on the grounds that it is not limited in time or geographical scope.  Larian further

20 objects to the request to the extent that it seeks documents that by reason of public

21 filing, public distribution or otherwise are already in Mattel's possession or are

22 readily accessible to Mattel.  Larian further objects to the request to the extent that it

23 seeks documents not in Larian's possession, custody or control.  Larian further

24 objects to the request to the extent it seeks confidential, proprietary or commercially

25 sensitive information, the disclosure of which would be inimical to the business

26 interests of Larian or MGA.  Larian further objects to the request to the extent it

27 violates the privacy rights of third parties to their private, confidential, proprietary or

28 trade secret information.

EXHIBIT 15

PAGE 229

1    Larian further objects to this request as cumulative, duplicative, and unduly

2 burdensome to the extent that it seeks documents previously requested by Mattel or

3 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

4 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

5 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

6 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

7 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

8 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

9 Things to MGAE de Mexico S.R.L. de C.V.

10    Without waiving any of the foregoing General or Specific Objections, but

11 rather expressly preserving each and every such objection, Larian responds as

12 follows:  Larian will produce all non-privileged, responsive documents in his

13 possession, custody or control, if any, that he is able to locate following a reasonably

14 diligent search.

15 REQUEST FOR PRODUCTION NO. 285:

16    All DOCUMENTS that REFER OR RELATE TO any contract or agreement

17 with the "non-party customers" who MATTEL allegedly "induc[ed] .. . to breach

18 confidentiality agreements with MGA and divulge non-public information about

19 MGA's unreleased products," including without limitation, all such contracts or

20 agreements that were allegedly breached.

21 RESPONSE TO REQUEST FOR PRODUCTION NO. 285:

22    Larian incorporates by reference his General Response and General Objections

23 above, as though fully set forth herein.  Larian further objects to the request to the

24 extent it seeks the production of documents that are protected from disclosure under

25 any applicable privilege, doctrine or immunity, including without limitation the

26 attorney-client privilege, the work product doctrine, the right of privacy, and all other

27 privileges recognized under the constitutional, statutory or decisional law of the

28 United States of America, the State of California or any other applicable jurisdiction.

EXHIBIT *15*

PAGE 7 *30*

1  Larian further objects to this request on the grounds that the phrase "[a]ll

2  DOCUMENTS that REFER OR RELATE TO" does not comply with the

3  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

4  renders the request overly broad and unduly burdensome in light of "the wealth of

5  material already made available in this case." Westhemeco Ltd. v. New Hampshire

6  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that Larian

7  further objects to the request to the extent that it seeks documents that by reason of

8  public filing, public distribution or otherwise are already in Mattel's possession or

9  are readily accessible to Mattel. Larian further objects to the request to the extent

10 that it seeks documents not in Larian's possession, custody or control. Larian further

11 objects to the request to the extent it seeks confidential, proprietary or commercially

12 sensitive information, the disclosure of which would be inimical to the business

13 interests of Larian or MGA. Larian further objects to the request to the extent it

14 violates the privacy rights of third parties to their private, confidential, proprietary or

15 trade secret information.

16      Larian further objects to this request as cumulative, duplicative, and unduly

17 burdensome to the extent that it seeks documents previously requested by Mattel or

18 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

19 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

20 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

21 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

22 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

23 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

24 Things to MGAE de Mexico S.R.L. de C.V.

25      Without waiving any of the foregoing General or Specific Objections, but

26 rather expressly preserving each and every such objection, Larian responds as

27 follows: Larian will produce all non-privileged, responsive documents in his

28

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 731

1  possession, custody or control, if any, that he is able to locate following a reasonably

2  diligent search.

3  REQUEST FOR PRODUCTION NO. 286:

4      All DOCUMENTS that REFER OR RELATE TO the "unreleased products"

5  for which MATTEL allegedly "induc[ed] non-party customers to breach

6  confidentiality agreements with MGA and divulge non-public information."

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 286:

8      Larian incorporates by reference his General Response and General Objections

9  above, as though fully set forth herein.  Larian further objects to the request to the

10 extent it seeks the production of documents that are protected from disclosure under

11 any applicable privilege, doctrine or immunity, including without limitation the

12 attorney-client privilege, the work product doctrine, the right of privacy, and all other

13 privileges recognized under the constitutional, statutory or decisional law of the

14 United States of America, the State of California or any other applicable jurisdiction.

15 Larian further objects to this request as being overly broad and unduly burdensome

16 on the grounds that it is not limited in time or geographical scope.  Larian further

17 objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that

18 REFER OR RELATE TO" does not comply with the "reasonable particularity"

19 requirement of Federal Rule of Civil Procedure 34 and renders the request overly

20 broad and unduly burdensome in light of "the wealth of material already made

21 available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

22 709 (S.D.N.Y. 1979).  Larian further objects to the request to the extent that it seeks

23 documents that by reason of public filing, public distribution or otherwise are already

24 in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

25 the request to the extent that it seeks documents not in Larian's possession, custody

26 or control.  Larian further objects to the request to the extent it seeks confidential,

27 proprietary or commercially sensitive information, the disclosure of which would be

28 inimical to the business interests of Larian or MGA.  Larian further objects to the

451

EXHIBIT 15

PAGE 732