1  request to the extent it violates the privacy rights of third parties to their private,

2  confidential, proprietary or trade secret information.

3      Larian further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11  Things to MGAE de Mexico S.R.L. de C.V.

12      Without waiving any of the foregoing General or Specific Objections, but

13  rather expressly preserving each and every such objection, Larian responds as

14  follows:  Larian will produce all non-privileged, responsive documents in his

15  possession, custody or control, if any, that he is able to locate following a reasonably

16  diligent search.

17  REQUEST FOR PRODUCTION NO. 287:

18      All DOCUMENTS that REFER OR RELATE TO the "non-public information

19  about MGA's unreleased products" that MATTEL allegedly "induc[ed] non-party

20  customers to breach confidentiality agreements with MGA and divulge" to MATTEL.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 287:

22      Larian incorporates by reference his General Response and General Objections

23  above, as though fully set forth herein.  Larian further objects to the request to the

24  extent it seeks the production of documents that are protected from disclosure under

25  any applicable privilege, doctrine or immunity, including without limitation the

26  attorney-client privilege, the work product doctrine, the right of privacy, and all other

27  privileges recognized under the constitutional, statutory or decisional law of the

28  United States of America, the State of California or any other applicable jurisdiction.

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 737

1  Larian further objects to this request as being overly broad and unduly burdensome

2  on the grounds that it is not limited in time or geographical scope.  Larian further

3  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that

4  REFER OR RELATE TO" does not comply with the "reasonable particularity"

5  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

6  broad and unduly burdensome in light of "the wealth of material already made

7  available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

8  709 (S.D.N.Y. 1979).  Larian further objects to the request to the extent that it seeks

9  documents that by reason of public filing, public distribution or otherwise are already

10  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

11  the request to the extent that it seeks documents not in Larian's possession, custody

12  or control.  Larian further objects to the request to the extent it seeks confidential,

13  proprietary or commercially sensitive information, the disclosure of which would be

14  inimical to the business interests of Larian or MGA.  Larian further objects to the

15  request to the extent it violates the privacy rights of third parties to their private,

16  confidential, proprietary or trade secret information.

17       Larian further objects to this request as cumulative, duplicative, and unduly

18  burdensome to the extent that it seeks documents previously requested by Mattel or

19  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

20  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

21  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

22  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

23  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

24  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

25  Things to MGAE de Mexico S.R.L. de C.V.

26       Without waiving any of the foregoing General or Specific Objections, but

27  rather expressly preserving each and every such objection, Larian responds as

28  follows:  Larian will produce all non-privileged, responsive documents in his

EXHIBIT 15

PAGE ___234

1  possession, custody or control, if any, that he is able to locate following a reasonably

2  diligent search.

3  REQUEST FOR PRODUCTION NO. 288:

4        All DOCUMENTS showing what steps, if any, YOU took to preserve, protect

5  and safeguard the confidentiality of MGA's "unreleased products" for which

6  MATTEL allegedly "induc[ed] non-party customers to breach confidentiality

7  agreements with MGA and divulge non-public information."

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 288:

9        Larian incorporates by reference his General Response and General Objections

10  above, as though fully set forth herein and specifically incorporates General

11  Objection No. 15 (regarding Definitions), including without limitation Larian's

12  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

13  and PERSON.  Larian further objects to the request to the extent it seeks the

14  production of documents that are protected from disclosure under any applicable

15  privilege, doctrine or immunity, including without limitation the attorney-client

16  privilege, the work product doctrine, the right of privacy, and all other privileges

17  recognized under the constitutional, statutory or decisional law of the United States

18  of America, the State of California or any other applicable jurisdiction.  Larian

19  further objects to this request as being overly broad and unduly burdensome on the

20  grounds that it is not limited in time or geographical scope.  Larian further objects to

21  this request on the grounds that the phrase "[a]ll DOCUMENTS" does not comply

22  with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34

23  and renders the request overly broad and unduly burdensome in light of "the wealth

24  of material already made available in this case."  Westhemeco Ltd. v. New

25  Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that

26  the phrase "what steps, if any, YOU took to preserve, protect and safeguard the

27  confidentiality" is compound and, as such, renders the request vague, ambiguous,

28  and unintelligible.  Larian further objects to the request to the extent that it seeks

EXHIBIT 15

PAGE 235

1    documents that by reason of public filing, public distribution or otherwise are already

2    in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

3    the request to the extent that it seeks documents not in Larian's possession, custody

4    or control.  Larian further objects to the request to the extent it seeks confidential,

5    proprietary or commercially sensitive information, the disclosure of which would be

6    inimical to the business interests of Larian or MGA.  Larian further objects to the

7    request to the extent it violates the privacy rights of third parties to their private,

8    confidential, proprietary or trade secret information.

9         Larian further objects to this request as cumulative, duplicative, and unduly

10    burdensome to the extent that it seeks documents previously requested by Mattel or

11    produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

12    document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

13    Inc.'s First Set of Requests for Production of Documents and Tangible Things to

14    MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

15    Requests for Production of Documents and Things to Isaac Larian and Request Nos.

16    140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

17    Things to MGAE de Mexico S.R.L. de C.V.

18         Without waiving any of the foregoing General or Specific Objections, but

19    rather expressly preserving each and every such objection, Larian responds as

20    follows:  Larian will produce all non-privileged, responsive documents in his

21    possession, custody or control, if any, that he is able to locate following a reasonably

22    diligent search.

23    <u>REQUEST FOR PRODUCTION NO. 289:</u>

24         All DOCUMENTS that show or tend to show that the MGA "unreleased

25    products," for which MATTEL allegedly "induc[ed] non-party customers to breach

26    confidentiality agreements with MGA and divulge non-public information," derives

27    independent economic value from not being generally known to the public or other

28    PERSONS who can obtain economic value from their disclosure or use.

EXHIBIT 15

PAGE 236

## RESPONSE TO REQUEST FOR PRODUCTION NO. 289:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein.  Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  Larian further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that show or tend to show" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrases "that show or tend to show," "'unreleased products,' for which MATTEL allegedly 'induc[ed] non-party customers to breach confidentiality agreements with MGA and divulge non-public information,'" "not being generally known to the public or other PERSONS," and "their disclosure or use" are, both individually and taken together, compound and, as such, render the request vague, ambiguous, and unintelligible.  Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control.  Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA.

EXHIBIT 15

PAGE 237

1 | Larian further objects to the request to the extent it violates the privacy rights of third
2 | parties to their private, confidential, proprietary or trade secret information.

3 |     Larian further objects to this request as cumulative, duplicative, and unduly
4 | burdensome to the extent that it seeks documents previously requested by Mattel or
5 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
6 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
7 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
8 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
9 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
10 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
11 | Things to MGAE de Mexico S.R.L. de C.V.

12 |     Without waiving any of the foregoing General or Specific Objections, but
13 | rather expressly preserving each and every such objection, Larian responds as
14 | follows:  Larian will produce all non-privileged, responsive documents in his
15 | possession, custody or control, if any, that he is able to locate following a reasonably
16 | diligent search.

17 | REQUEST FOR PRODUCTION NO. 290:

18 |     All DOCUMENTS that show or tend to show that the MGA "unreleased
19 | products," for which MATTEL allegedly "induc[ed] non-party customers to breach
20 | confidentiality agreements with MGA and divulge non-public information," contains
21 | information that is not known to the public or to PERSONS who can obtain
22 | economic value from its disclosure or use.

23 | RESPONSE TO REQUEST FOR PRODUCTION NO. 290:

24 |     Larian incorporates by reference his General Response and General Objections
25 | above, as though fully set forth herein and specifically incorporates General
26 | Objection No. 15 (regarding Definitions), including without limitation Larian's
27 | objection to the definition of the term PERSON.  Larian further objects to the request
28 | to the extent it seeks the production of documents that are protected from disclosure

EXHIBIT *15*

PAGE *738*

1   under any applicable privilege, doctrine or immunity, including without limitation

2   the attorney-client privilege, the work product doctrine, the right of privacy, and all

3   other privileges recognized under the constitutional, statutory or decisional law of

4   the United States of America, the State of California or any other applicable

5   jurisdiction.  Larian further objects to this request as being overly broad and unduly

6   burdensome on the grounds that it is not limited in time or geographical scope.

7   Larian further objects to this request on the grounds that the phrase "[a]ll

8   DOCUMENTS" does not comply with the "reasonable particularity" requirement of

9   Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

10  burdensome in light of "the wealth of material already made available in this case."

11  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

12  Larian further objects that the phrases "that show or tend to show," "the MGA

13  'unreleased products,' for which MATTEL allegedly 'induc[ed] non-party customers

14  to breach confidentiality agreements with MGA and divulge non-public

15  information,'" " information that is not known to the public or to PERSONS," and

16  "from its disclosure or use" are, both individually and taken together, compound and,

17  as such, render the request vague, ambiguous, and unintelligible.  Larian further

18  objects to the request to the extent that it seeks documents that by reason of public

19  filing, public distribution or otherwise are already in Mattel's possession or are

20  readily accessible to Mattel.  Larian further objects to the request to the extent that it

21  seeks documents not in Larian's possession, custody or control.  Larian further

22  objects to the request to the extent it seeks confidential, proprietary or commercially

23  sensitive information, the disclosure of which would be inimical to the business

24  interests of Larian or MGA.  Larian further objects to the request to the extent it

25  violates the privacy rights of third parties to their private, confidential, proprietary or

26  trade secret information.

27          Larian further objects to this request as cumulative, duplicative, and unduly

28  burdensome to the extent that it seeks documents previously requested by Mattel or

458

EXHIBIT 15

PAGE 239

1  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

2  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

3  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

4  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

5  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

6  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

7  Things to MGAE de Mexico S.R.L. de C.V.

8      Without waiving any of the foregoing General or Specific Objections, but

9  rather expressly preserving each and every such objection, Larian responds as

10  follows:  Larian will produce all non-privileged, responsive documents in his

11  possession, custody or control, if any, that he is able to locate following a reasonably

12  diligent search.

13  REQUEST FOR PRODUCTION NO. 291:

14      All DOCUMENTS that show or tend to show that the MGA "unreleased

15  products," for which MATTEL allegedly "induc[ed] non-party customers to breach

16  confidentiality agreements with MGA and divulge non-public information," were

17  either used by or disclosed by MATTEL.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 291:

19      Larian incorporates by reference his General Response and General Objections

20  above, as though fully set forth herein.  Larian further objects to the request to the

21  extent it seeks the production of documents that are protected from disclosure under

22  any applicable privilege, doctrine or immunity, including without limitation the

23  attorney-client privilege, the work product doctrine, the right of privacy, and all other

24  privileges recognized under the constitutional, statutory or decisional law of the

25  United States of America, the State of California or any other applicable jurisdiction.

26  Larian further objects to this request as being overly broad and unduly burdensome

27  on the grounds that it is not limited in time or geographical scope.  Larian further

28  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS" does not

EXHIBIT 15

459

1   comply with the "reasonable particularity" requirement of Federal Rule of Civil

2   Procedure 34 and renders the request overly broad and unduly burdensome in light of

3   "the wealth of material already made available in this case."  Westhemeco Ltd. v.

4   New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

5   objects that the phrases "that show or tend to show," "the MGA 'unreleased

6   products,' for which MATTEL allegedly "induc[ed] non-party customers to breach

7   confidentiality agreements with MGA and divulge non-public information,'" "either

8   used by or disclosed by MATTEL" are, both individually and taken together,

9   compound and, as such, render the request vague, ambiguous, and unintelligible.

10   Larian further objects to the request to the extent that it seeks documents that by

11   reason of public filing, public distribution or otherwise are already in Mattel's

12   possession or are readily accessible to Mattel.  Larian further objects to the request to

13   the extent that it seeks documents not in Larian's possession, custody or control.

14   Larian further objects to the request to the extent it seeks confidential, proprietary or

15   commercially sensitive information, the disclosure of which would be inimical to the

16   business interests of Larian or MGA.  Larian further objects to the request to the

17   extent it violates the privacy rights of third parties to their private, confidential,

18   proprietary or trade secret information.

19          Larian further objects to this request as cumulative, duplicative, and unduly

20   burdensome to the extent that it seeks documents previously requested by Mattel or

21   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

22   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

23   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

24   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

25   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

26   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

27   Things to MGAE de Mexico S.R.L. de C.V.

28

EXHIBIT *15*

PAGE *24'*

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1    Without waiving any of the foregoing General or Specific Objections, but

2  rather expressly preserving each and every such objection, Larian responds as

3  follows:  Larian will produce all non-privileged, responsive documents in his

4  possession, custody or control, if any, that he is able to locate following a reasonably

5  diligent search.

6  REQUEST FOR PRODUCTION NO. 292:

7    DOCUMENTS sufficient to IDENTIFY all PERSONS to whom MATTEL

8  allegedly showed, disclosed or revealed the MGA "unreleased products," and the

9  dates on which it allegedly made such disclosures.

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 292:

11    Larian incorporates by reference his General Response and General Objections

12  above, as though fully set forth herein.  Larian further objects to the request to the

13  extent it seeks the production of documents that are protected from disclosure under

14  any applicable privilege, doctrine or immunity, including without limitation the

15  attorney-client privilege, the work product doctrine, the right of privacy, and all other

16  privileges recognized under the constitutional, statutory or decisional law of the

17  United States of America, the State of California or any other applicable jurisdiction.

18  Larian further objects to this request as being overly broad and unduly burdensome

19  on the grounds that it is not limited in time or geographical scope.  Larian further

20  objects that the phrase "showed, disclosed or revealed the MGA 'unreleased

21  products,' and the dates on which it allegedly made such disclosures" is compound

22  and, as such, render the request vague, ambiguous, and unintelligible.  Larian further

23  objects to the request to the extent that it seeks documents that by reason of public

24  filing, public distribution or otherwise are already in Mattel's possession or are

25  readily accessible to Mattel.  Larian further objects to the request to the extent that it

26  seeks documents not in Larian's possession, custody or control.  Larian further

27  objects to the request to the extent it seeks confidential, proprietary or commercially

28  sensitive information, the disclosure of which would be inimical to the business

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 242

1    interests of Larian or MGA. Larian further objects to the request to the extent it

2    violates the privacy rights of third parties to their private, confidential, proprietary or

3    trade secret information.

4          Larian further objects to this request as cumulative, duplicative, and unduly

5    burdensome to the extent that it seeks documents previously requested by Mattel or

6    produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

7    document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

8    Inc.'s First Set of Requests for Production of Documents and Tangible Things to

9    MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

10   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

11   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

12   Things to MGAE de Mexico S.R.L. de C.V.

13         Without waiving any of the foregoing General or Specific Objections, but

14   rather expressly preserving each and every such objection, Larian responds as

15   follows: Larian will produce all non-privileged, responsive documents in his

16   possession, custody or control, if any, that he is able to locate following a reasonably

17   diligent search.

18   REQUEST FOR PRODUCTION NO. 293:

19         All DOCUMENTS that show or tend to show that MATTEL did not show,

20   disclose or reveal to any PERSON the MGA "unreleased products," or that

21   MATTEL made such disclosures under a binding pre-existing confidentiality

22   agreement.

23   RESPONSE TO REQUEST FOR PRODUCTION NO. 293:

24         Larian incorporates by reference his General Response and General Objections

25   above, as though fully set forth herein and specifically incorporates General

26   Objection No. 15 (regarding Definitions), including without limitation Larian's

27   objection to the definition of the term PERSON. Larian further objects to the request

28   to the extent it seeks the production of documents that are protected from disclosure

EXHIBIT 15

PAGE 743

1 under any applicable privilege, doctrine or immunity, including without limitation

2 the attorney-client privilege, the work product doctrine, the right of privacy, and all

3 other privileges recognized under the constitutional, statutory or decisional law of

4 the United States of America, the State of California or any other applicable

5 jurisdiction. Larian further objects to this request as being overly broad and unduly

6 burdensome on the grounds that it is not limited in time or geographical scope.

7 Larian further objects to this request on the grounds that the phrase "[a]ll

8 DOCUMENTS" does not comply with the "reasonable particularity" requirement of

9 Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

10 burdensome in light of "the wealth of material already made available in this case."

11 Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

12 Larian further objects that the phrases "that show or tend to show" and "did not show,

13 disclose or reveal to any PERSON the MGA 'unreleased products,' or that MATTEL

14 made such disclosures under a binding pre-existing confidentiality agreement" are,

15 both individually and taken together, compound and, as such, render the request

16 vague, ambiguous, and unintelligible. Larian further objects to the request to the

17 extent that it seeks documents that by reason of public filing, public distribution or

18 otherwise are already in Mattel's possession or are readily accessible to Mattel.

19 Larian further objects to the request to the extent that it seeks documents not in

20 Larian's possession, custody or control. Larian further objects to the request to the

21 extent it seeks confidential, proprietary or commercially sensitive information, the

22 disclosure of which would be inimical to the business interests of Larian or MGA.

23 Larian further objects to the request to the extent it violates the privacy rights of third

24 parties to their private, confidential, proprietary or trade secret information.

25      Larian further objects to this request as cumulative, duplicative, and unduly

26 burdensome to the extent that it seeks documents previously requested by Mattel or

27 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

28 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

EXHIBIT 15

PAGE 244

1 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to

2 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

3 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.

4 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

5 | Things to MGAE de Mexico S.R.L. de C.V.

6 | Without waiving any of the foregoing General or Specific Objections, but

7 | rather expressly preserving each and every such objection, Larian responds as

8 | follows: Larian will produce all non-privileged, responsive documents in his

9 | possession, custody or control, if any, that he is able to locate following a reasonably

10 | diligent search.

11 | REQUEST FOR PRODUCTION NO. 294:

12 | DOCUMENTS sufficient to IDENTIFY all PERSONS who YOU believe

13 | provided MATTEL with the MGA "unreleased products."

14 | RESPONSE TO REQUEST FOR PRODUCTION NO. 294:

15 | Larian incorporates by reference his General Response and General Objections

16 | above, as though fully set forth herein and specifically incorporates General

17 | Objection No. 15 (regarding Definitions), including without limitation Larian's

18 | objection to the definition of the term YOU, and its incorporated terms AFFILIATES

19 | and PERSON. Larian further objects to the request to the extent it seeks the

20 | production of documents that are protected from disclosure under any applicable

21 | privilege, doctrine or immunity, including without limitation the attorney-client

22 | privilege, the work product doctrine, the right of privacy, and all other privileges

23 | recognized under the constitutional, statutory or decisional law of the United States

24 | of America, the State of California or any other applicable jurisdiction.   Larian

25 | further objects to this request as being overly broad and unduly burdensome on the

26 | grounds that it is not limited in time or geographical scope. Larian further objects to

27 | the request to the extent that it seeks documents that by reason of public filing,

28 | public distribution or otherwise are already in Mattel's possession or are readily

EXHIBIT 15

PAGE 245

1   accessible to Mattel.  Larian further objects to the request to the extent that it seeks

2   documents not in Larian's possession, custody or control.  Larian further objects to

3   the request to the extent it seeks confidential, proprietary or commercially sensitive

4   information, the disclosure of which would be inimical to the business interests of

5   Larian or MGA.  Larian further objects to the request to the extent it violates the

6   privacy rights of third parties to their private, confidential, proprietary or trade secret

7   information.

8        Larian further objects to this request as cumulative, duplicative, and unduly

9   burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

11  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

12  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

13  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

14  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

15  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

16  Things to MGAE de Mexico S.R.L. de C.V.

17       Without waiving any of the foregoing General or Specific Objections, but

18  rather expressly preserving each and every such objection, Larian responds as

19  follows:  Larian will produce all non-privileged, responsive documents in his

20  possession, custody or control, if any, that he is able to locate following a reasonably

21  diligent search.

22  REQUEST FOR PRODUCTION NO. 295:

23       DOCUMENTS sufficient to IDENTIFY all PERSONS who contend that

24  MATTEL "induc[ed] non-party customers to breach confidentiality agreements with

25  MGA and divulge non-public information about MGA's unreleased products."

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 295:

27       Larian incorporates by reference his General Response and General Objections

28  above, as though fully set forth herein and specifically incorporates General

EXHIBIT 15

PAGE 746

1  Objection No. 15 (regarding Definitions), including without limitation Larian's

2  objection to the definition of the term PERSON.  Larian further objects to the request

3  to the extent it seeks the production of documents that are protected from disclosure

4  under any applicable privilege, doctrine or immunity, including without limitation

5  the attorney-client privilege, the work product doctrine, the right of privacy, and all

6  other privileges recognized under the constitutional, statutory or decisional law of

7  the United States of America, the State of California or any other applicable

8  jurisdiction.   Larian further objects to this request as being overly broad and unduly

9  burdensome on the grounds that it is not limited in time or geographical scope.

10  Larian further objects to the request to the extent that it seeks documents that by

11  reason of public filing, public distribution or otherwise are already in Mattel's

12  possession or are readily accessible to Mattel.  Larian further objects to the request to

13  the extent that it seeks documents not in Larian's possession, custody or control.

14  Larian further objects to the request to the extent it seeks confidential, proprietary or

15  commercially sensitive information, the disclosure of which would be inimical to the

16  business interests of Larian or MGA.  Larian further objects to the request to the

17  extent it violates the privacy rights of third parties to their private, confidential,

18  proprietary or trade secret information.

19        Larian further objects to this request as cumulative, duplicative, and unduly

20  burdensome to the extent that it seeks documents previously requested by Mattel or

21  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

22  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

23  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

24  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

25  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

26  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

27  Things to MGAE de Mexico S.R.L. de C.V.

28

EXHIBIT _15_

PAGE _247_

466

1   Without waiving any of the foregoing General or Specific Objections, but

2   rather expressly preserving each and every such objection, Larian responds as

3   follows:  Larian will produce all non-privileged, responsive documents in his

4   possession, custody or control, if any, that he is able to locate following a reasonably

5   diligent search.

6   REQUEST FOR PRODUCTION NO. 296:

7   All DOCUMENTS, including but not limited to all COMMUNICATIONS

8   with any PERSON, RELATING to YOUR actions in response to, or efforts to stop,

9   thwart, prevent, counter or mitigate, MATTEL from allegedly "inducing non-party

10  customers to breach confidentiality agreements with MGA and divulge non-public

11  information about MGA's unreleased products."

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 296:

13  Larian incorporates by reference his General Response and General Objections

14  above, as though fully set forth herein and specifically incorporates General

15  Objection No. 15 (regarding Definitions), including without limitation Larian's

16  objection to the definition of the term YOUR, and its incorporated terms

17  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

18  seeks the production of documents that are protected from disclosure under any

19  applicable privilege, doctrine or immunity, including without limitation the attorney-

20  client privilege, the work product doctrine, the right of privacy, and all other

21  privileges recognized under the constitutional, statutory or decisional law of the

22  United States of America, the State of California or any other applicable jurisdiction.

23  Larian further objects to this request as being overly broad and unduly burdensome

24  on the grounds that it is not limited in time or geographical scope.  Larian further

25  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

26  but not limited to all COMMUNICATIONS with any PERSON, RELATING TO"

27  does not comply with the "reasonable particularity" requirement of Federal Rule of

28  Civil Procedure 34 and renders the request overly broad and unduly burdensome in

467

EXHIBIT 15

PAGE 248

1   light of "the wealth of material already made available in this case." Westhemeco

2   Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

3   further objects that the phrase "RELATING to YOUR actions in response to or

4   efforts to stop, thwart, prevent or interfere with" is compound and, as such, renders

5   the request vague, ambiguous, and unintelligible.  Larian further objects to the

6   request to the extent that it seeks documents that by reason of public filing, public

7   distribution or otherwise are already in Mattel's possession or are readily accessible

8   to Mattel.  Larian further objects to the request to the extent that it seeks documents

9   not in Larian's possession, custody or control.  Larian further objects to the request to

10  the extent it seeks confidential, proprietary or commercially sensitive information,

11  the disclosure of which would be inimical to the business interests of Larian or MGA.

12  Larian further objects to the request to the extent it violates the privacy rights of third

13  parties to their private, confidential, proprietary or trade secret information.

14      Larian further objects to this request as cumulative, duplicative, and unduly

15  burdensome to the extent that it seeks documents previously requested by Mattel or

16  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

17  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

18  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

19  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

20  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

21  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

22  Things to MGAE de Mexico S.R.L. de C.V.

23      Without waiving any of the foregoing General or Specific Objections, but

24  rather expressly preserving each and every such objection, Larian responds as

25  follows:  Larian will produce all non-privileged, responsive documents in his

26  possession, custody or control, if any, that he is able to locate following a reasonably

27  diligent search.

28

EXHIBIT 15

PAGE 249

468

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

**REQUEST FOR PRODUCTION NO. 297:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury, increased expense, lost revenue or profits, or any other damage caused to YOU by MATTEL allegedly "inducing non-party customers to breach confidentiality agreements with MGA and divulge non-public information about MGA's unreleased products."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 297:**

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the term YOU, and its incorporated terms AFFILIATES and PERSON.  Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.   Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  Larian further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase "any loss, harm, injury, increased expense, lost revenue or profits, or any other damage" is compound and, as such, renders the request vague, ambiguous, and unintelligible.  Larian further objects to the request to the extent that

469

EXHIBIT 15

PAGE 250

1 it seeks documents that by reason of public filing, public distribution or otherwise

2 are already in Mattel's possession or are readily accessible to Mattel.  Larian further

3 objects to the request to the extent that it seeks documents not in Larian's possession,

4 custody or control.  Larian further objects to the request to the extent it seeks

5 confidential, proprietary or commercially sensitive information, the disclosure of

6 which would be inimical to the business interests of Larian or MGA.  Larian further

7 objects to the request to the extent it violates the privacy rights of third parties to

8 their private, confidential, proprietary or trade secret information.

9 　　　　Larian further objects to this request as cumulative, duplicative, and unduly

10 burdensome to the extent that it seeks documents previously requested by Mattel or

11 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

12 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

13 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

14 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

15 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

16 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

17 Things to MGAE de Mexico S.R.L. de C.V.

18 　　　　Without waiving any of the foregoing General or Specific Objections, but

19 rather expressly preserving each and every such objection, Larian responds as

20 follows:  Larian will produce all non-privileged, responsive documents in his

21 possession, custody or control, if any, that he is able to locate following a reasonably

22 diligent search.

23 REQUEST FOR PRODUCTION NO. 298:

24 　　　　All DOCUMENTS that REFER OR RELATE TO any lawsuit, legal action or

25 arbitration, or threatened lawsuit, legal action or arbitration, against any PERSON

26 other than MATTEL for any breach of confidentiality agreement allegedly induced

27 by MATTEL and/or for any disclosure of non-public information about MGA's

28 unreleased products.

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 151

1 | RESPONSE TO REQUEST FOR REQUEST FOR PRODUCTION NO. 298:

2        Larian incorporates by reference his General Response and General Objections

3 above, as though fully set forth herein and specifically incorporates General

4 Objection No. 15 (regarding Definitions), including without limitation Larian's

5 objection to the definition of the term PERSON. Larian further objects to the request

6 to the extent it seeks the production of documents that are protected from disclosure

7 under any applicable privilege, doctrine or immunity, including without limitation

8 the attorney-client privilege, the work product doctrine, the right of privacy, and all

9 other privileges recognized under the constitutional, statutory or decisional law of

10 the United States of America, the State of California or any other applicable

11 jurisdiction. Larian further objects to this request as being overly broad and unduly

12 burdensome on the grounds that it is not limited in time or geographical scope.

13 Larian further objects to this request on the grounds that the phrase "[a]ll

14 DOCUMENTS that REFER OR RELATE TO" does not comply with the

15 "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

16 renders the request overly broad and unduly burdensome in light of "the wealth of

17 material already made available in this case." Westhemeco Ltd. v. New Hampshire

18 Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrases

19 "any lawsuit, legal action or arbitration, or threatened lawsuit, legal action or

20 arbitration," and "for any breach of confidentiality agreement allegedly induced by

21 MATTEL and/or for any disclosure of non-public information about MGA's

22 unreleased products" are, both individually and taken together, compound and, as

23 such, render the request vague, ambiguous, and unintelligible. Larian further objects

24 to the request to the extent that it seeks documents that by reason of public filing,

25 public distribution or otherwise are already in Mattel's possession or are readily

26 accessible to Mattel. Larian further objects to the request to the extent that it seeks

27 documents not in Larian's possession, custody or control. Larian further objects to

28 the request to the extent it seeks confidential, proprietary or commercially sensitive

471

EXHIBIT 15

PAGE 252

1  information, the disclosure of which would be inimical to the business interests of

2  Larian or MGA.  Larian further objects to the request to the extent it violates the

3  privacy rights of third parties to their private, confidential, proprietary or trade secret

4  information.

5      Larian further objects to this request as cumulative, duplicative, and unduly

6  burdensome to the extent that it seeks documents previously requested by Mattel or

7  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

8  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

9  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

10  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

11  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

12  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

13  Things to MGAE de Mexico S.R.L. de C.V.

14      Without waiving any of the foregoing General or Specific Objections, but

15  rather expressly preserving each and every such objection, Larian responds as

16  follows:  Larian will produce all non-privileged, responsive documents in his

17  possession, custody or control, if any, that he is able to locate following a reasonably

18  diligent search.

19  REQUEST FOR PRODUCTION NO. 299:

20      All DOCUMENTS that REFER OR RELATE TO any reimbursement or

21  payment obtained, sought, requested or demanded from any PERSON other than

22  MATTEL, including without limitation, any insurer or customer, for any breach of

23  confidentiality agreement allegedly induced by MATTEL and/or for any disclosure

24  of non-public information about MGA's unreleased products.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 299:

26      Larian incorporates by reference his General Response and General Objections

27  above, as though fully set forth herein and specifically incorporates General

28  Objection No. 15 (regarding Definitions), including without limitation Larian's

472

EXHIBIT 15

PAGE 253

1 | objection to the definition of the term PERSON. Larian further objects to the request

2 | to the extent it seeks the production of documents that are protected from disclosure

3 | under any applicable privilege, doctrine or immunity, including without limitation

4 | the attorney-client privilege, the work product doctrine, the right of privacy, and all

5 | other privileges recognized under the constitutional, statutory or decisional law of

6 | the United States of America, the State of California or any other applicable

7 | jurisdiction. Larian further objects to this request as being overly broad and unduly

8 | burdensome on the grounds that it is not limited in time or geographical scope.

9 | Larian further objects to this request on the grounds that the phrase "[a]ll

10 | DOCUMENTS that REFER OR RELATE TO" does not comply with the

11 | "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

12 | renders the request overly broad and unduly burdensome in light of "the wealth of

13 | material already made available in this case." Westhemeco Ltd. v. New Hampshire

14 | Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrases

15 | "any reimbursement or payment obtained, sought, requested or demanded,"

16 | "including without limitation, any insurer or customer," and "for any breach of

17 | confidentiality agreement allegedly induced by MATTEL and/or for any disclosure

18 | of non-public information about MGA's unreleased products" are, both individually

19 | and taken together, compound and, as such, render the request vague, ambiguous,

20 | and unintelligible. Larian further objects to the request to the extent that it seeks

21 | documents that by reason of public filing, public distribution or otherwise are already

22 | in Mattel's possession or are readily accessible to Mattel. Larian further objects to

23 | the request to the extent that it seeks documents not in Larian's possession, custody

24 | or control. Larian further objects to the request to the extent it seeks confidential,

25 | proprietary or commercially sensitive information, the disclosure of which would be

26 | inimical to the business interests of Larian or MGA. Larian further objects to the

27 | request to the extent it violates the privacy rights of third parties to their private,

28 | confidential, proprietary or trade secret information.

473

EXHIBIT 15

PAGE 274

1    Larian further objects to this request as cumulative, duplicative, and unduly

2  burdensome to the extent that it seeks documents previously requested by Mattel or

3  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

4  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

5  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

6  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

7  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

8  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

9  Things to MGAE de Mexico S.R.L. de C.V.

10    Without waiving any of the foregoing General or Specific Objections, but

11  rather expressly preserving each and every such objection, Larian responds as

12  follows:  Larian will produce all non-privileged, responsive documents in his

13  possession, custody or control, if any, that he is able to locate following a reasonably

14  diligent search.

15  REQUEST FOR PRODUCTION NO. 300:

16    All DOCUMENTS, including but not limited to all COMMUNICATIONS

17  with any PERSON, RELATING to YOU inducing non-party customers to breach

18  confidentiality agreements with MATTEL and divulge non-public information about

19  MATTEL'S unreleased products.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 300:

21    Larian incorporates by reference his General Response and General Objections

22  above, as though fully set forth herein and specifically incorporates General

23  Objection No. 15 (regarding Definitions), including without limitation Larian's

24  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

25  and PERSON.  Larian further objects to the request to the extent it seeks the

26  production of documents that are protected from disclosure under any applicable

27  privilege, doctrine or immunity, including without limitation the attorney-client

28  privilege, the work product doctrine, the right of privacy, and all other privileges

474

EXHIBIT *15*

PAGE ___

1  recognized under the constitutional, statutory or decisional law of the United States

2  of America, the State of California or any other applicable jurisdiction.  Larian

3  further objects to this request as being overly broad and unduly burdensome on the

4  grounds that it is not limited in time or geographical scope.  Larian further objects to

5  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

6  limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not

7  comply with the "reasonable particularity" requirement of Federal Rule of Civil

8  Procedure 34 and renders the request overly broad and unduly burdensome in light of

9  "the wealth of material already made available in this case."  Westhemeco Ltd. v.

10  New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

11  objects that the phrase "YOU inducing non-party customers to breach confidentiality

12  agreements with MATTEL and divulge non-public information about MATTEL'S

13  unreleased products" is (1) accusatory and argumentative such that Larian would

14  have to respond to the allegations of the request before providing any substantive

15  response, see Zadrozny v. Board of Trustees District No. 508, 1991 WL 66705, at *1

16  (N.D. Ill. April 24, 1991), and (2) compound, rendering the request vague,

17  ambiguous, and unintelligible.  Larian further objects to the request to the extent that

18  it seeks documents that by reason of public filing, public distribution or otherwise

19  are already in Mattel's possession or are readily accessible to Mattel.  Larian further

20  objects to the request to the extent that it seeks documents not in Larian's possession,

21  custody or control.  Larian further objects to the request to the extent it seeks

22  confidential, proprietary or commercially sensitive information, the disclosure of

23  which would be inimical to the business interests of Larian or MGA.  Larian further

24  objects to the request to the extent it violates the privacy rights of third parties to

25  their private, confidential, proprietary or trade secret information.

26  REQUEST FOR PRODUCTION NO. 301:

27      All DOCUMENTS, including but not limited to all COMMUNICATIONS

28  with any PERSON, RELATING to YOU inducing any PERSON to breach

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

EXHIBIT 15

PAGE 256

1  confidentiality agreements with MATTEL and divulge information about

2  MATTEL'S unreleased products.

3  RESPONSE TO REQUEST FOR PRODUCTION NO. 301:

4      Larian incorporates by reference his General Response and General Objections

5  above, as though fully set forth herein and specifically incorporates General

6  Objection No. 15 (regarding Definitions), including without limitation Larian's

7  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

8  and PERSON.  Larian further objects to the request to the extent it seeks the

9  production of documents that are protected from disclosure under any applicable

10 privilege, doctrine or immunity, including without limitation the attorney-client

11 privilege, the work product doctrine, the right of privacy, and all other privileges

12 recognized under the constitutional, statutory or decisional law of the United States

13 of America, the State of California or any other applicable jurisdiction.  Larian

14 further objects to this request as being overly broad and unduly burdensome on the

15 grounds that it is not limited in time or geographical scope.  Larian further objects to .

16 this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

17 limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not

18 comply with the "reasonable particularity" requirement of Federal Rule of Civil

19 Procedure 34 and renders the request overly broad and unduly burdensome in light of

20 "the wealth of material already made available in this case."  Westhemeco Ltd. v.

21 New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

22 objects that the phrase "YOU inducing any PERSON to breach confidentiality

23 agreements with MATTEL and divulge information about MATTEL'S unreleased

24 products" is (1) accusatory and argumentative such that Larian would have to

25 respond to the allegations of the request before providing any substantive response,

26 see Zadrozny v. Board of Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill.

27 April 24, 1991), and (2) compound, rendering the request vague, ambiguous, and

28 unintelligible.  Larian further objects to the request to the extent that it seeks

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 257

1 | documents that by reason of public filing, public distribution or otherwise are already

2 | in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

3 | the request to the extent that it seeks documents not in Larian's possession, custody

4 | or control.  Larian further objects to the request to the extent it seeks confidential,

5 | proprietary or commercially sensitive information, the disclosure of which would be

6 | inimical to the business interests of Larian or MGA.  Larian further objects to the

7 | request to the extent it violates the privacy rights of third parties to their private,

8 | confidential, proprietary or trade secret information.

9 | REQUEST FOR PRODUCTION NO. 302:

10 | All DOCUMENTS, including but not limited to all COMMUNICATIONS

11 | with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL

12 | "covertly investigat[ed] MGA, its officers and employees, and their family

13 | members."

14 | RESPONSE TO REQUEST FOR PRODUCTION NO. 302:

15 | Larian incorporates by reference his General Response and General Objections

16 | above, as though fully set forth herein and specifically incorporates General

17 | Objection No. 15 (regarding Definitions), including without limitation Larian's

18 | objection to the definition of the term YOUR, and its incorporated terms

19 | AFFILIATES and PERSON.  Larian further objects to the request to the extent it

20 | seeks the production of documents that are protected from disclosure under any

21 | applicable privilege, doctrine or immunity, including without limitation the attorney-

22 | client privilege, the work product doctrine, the right of privacy, and all other

23 | privileges recognized under the constitutional, statutory or decisional law of the

24 | United States of America, the State of California or any other applicable jurisdiction.

25 | Larian further objects to this request as being overly broad and unduly burdensome

26 | on the grounds that it is not limited in time or geographical scope.  Larian further

27 | objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

28 | but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

1  RELATE TO" does not comply with the "reasonable particularity" requirement of

2  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

3  burdensome in light of "the wealth of material already made available in this case."

4  <u>Westhemeco Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

5  Larian further objects to the request to the extent that it seeks documents that by

6  reason of public filing, public distribution or otherwise are already in Mattel's

7  possession or are readily accessible to Mattel.  Larian further objects to the request to

8  the extent that it seeks documents not in Larian's possession, custody or control.

9  Larian further objects to the request to the extent it seeks confidential, proprietary or

10 commercially sensitive information, the disclosure of which would be inimical to the

11 business interests of Larian or MGA.  Larian further objects to the request to the

12 extent it violates the privacy rights of third parties to their private, confidential,

13 proprietary or trade secret information.

14      Larian further objects to this request as cumulative, duplicative, and unduly

15 burdensome to the extent that it seeks documents previously requested by Mattel or

16 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

17 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

18 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

19 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

20 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

21 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

22 Things to MGAE de Mexico S.R.L. de C.V.

23      Without waiving any of the foregoing General or Specific Objections, but

24 rather expressly preserving each and every such objection, Larian responds as

25 follows:  Larian will produce all non-privileged, responsive documents in his

26 possession, custody or control, if any, that he is able to locate following a reasonably

27 diligent search.

28

EXHIBIT _15_

PAGE _259_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  REQUEST FOR PRODUCTION NO. 303:

2    All DOCUMENTS, including but not limited to all COMMUNICATIONS

3  with any PERSON, that YOU contend prove or that YOU will rely on at trial to

4  prove that MATTEL "covertly investigat[ed] MGA, its officers and employees, and

5  their family members."

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 303:

7    Larian incorporates by reference his General Response and General Objections

8  above, as though fully set forth herein and specifically incorporates General

9  Objection No. 15 (regarding Definitions), including without limitation Larian's

10  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

11  and PERSON.  Larian further objects to the request to the extent it seeks the

12  production of documents that are protected from disclosure under any applicable

13  privilege, doctrine or immunity, including without limitation the attorney-client

14  privilege, the work product doctrine, the right of privacy, and all other privileges

15  recognized under the constitutional, statutory or decisional law of the United States

16  of America, the State of California or any other applicable jurisdiction.  Larian

17  further objects to this request as being overly broad and unduly burdensome on the

18  grounds that it is not limited in time or geographical scope.  Larian further objects to

19  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

20  limited to all COMMUNICATIONS with any PERSON" does not comply with the

21  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

22  renders the request overly broad and unduly burdensome in light of "the wealth of

23  material already made available in this case."  Westhemeco Ltd. v. New Hampshire

24  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase

25  "that YOU contend prove or that YOU will rely on at trial to prove" is compound

26  and, as such, renders the request vague, ambiguous, and unintelligible.  Larian

27  further objects to the request to the extent that it seeks documents that by reason of

28  public filing, public distribution or otherwise are already in Mattel's possession or

EXHIBIT _15_

PAGE _760_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  are readily accessible to Mattel.  Larian further objects to the request to the extent

2  that it seeks documents not in Larian's possession, custody or control.  Larian further

3  objects to the request to the extent it seeks confidential, proprietary or commercially

4  sensitive information, the disclosure of which would be inimical to the business

5  interests of Larian or MGA.  Larian further objects to the request to the extent it

6  violates the privacy rights of third parties to their private, confidential, proprietary or

7  trade secret information.

8         Larian further objects to this request as cumulative, duplicative, and unduly

9  burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

11  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

12  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

13  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

14  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

15  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

16  Things to MGAE de Mexico S.R.L. de C.V.

17         Without waiving any of the foregoing General or Specific Objections, but

18  rather expressly preserving each and every such objection, Larian responds as

19  follows:  Larian will produce all non-privileged, responsive documents in his

20  possession, custody or control, if any, that he is able to locate following a reasonably

21  diligent search.

22  REQUEST FOR PRODUCTION NO. 304:

23         DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

24  YOUR allegation that MATTEL "covertly investigat[ed] MGA, its officers and

25  employees, and their family members."

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 304:

27         Larian incorporates by reference his General Response and General Objections

28  above, as though fully set forth herein and specifically incorporates General

EXHIBIT 15

PAGE 261

1  Objection No. 15 (regarding Definitions), including without limitation Larian's
2  objection to the definition of the terms YOUR, and its incorporated terms
3  AFFILIATES and PERSON.  Larian further objects to the request to the extent it
4  seeks the production of documents that are protected from disclosure under any
5  applicable privilege, doctrine or immunity, including without limitation the attorney-
6  client privilege, the work product doctrine, the right of privacy, and all other
7  privileges recognized under the constitutional, statutory or decisional law of the
8  United States of America, the State of California or any other applicable jurisdiction.
9  Larian further objects to this request as being overly broad and unduly burdensome
10  on the grounds that it is not limited in time or geographical scope.  Larian further
11  objects to this request on the grounds that the phrase "all PERSONS with knowledge
12  of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly
13  burdensome in that anyone who has read Larian's Answer in this matter has
14  "knowledge of [Larian's] allegation," without regard to whether the factual basis for
15  the allegation is known to them.  Larian further objects to the request to the extent
16  that it seeks documents that by reason of public filing, public distribution or
17  otherwise are already in Mattel's possession or are readily accessible to Mattel.
18  Larian further objects to the request to the extent that it seeks documents not in
19  Larian's possession, custody or control.  Larian further objects to the request to the
20  extent it seeks confidential, proprietary or commercially sensitive information, the
21  disclosure of which would be inimical to the business interests of Larian or MGA.
22  Larian further objects to the request to the extent it violates the privacy rights of third
23  parties to their private, confidential, proprietary or trade secret information.
24        Larian further objects to this request as cumulative, duplicative, and unduly
25  burdensome to the extent that it seeks documents previously requested by Mattel or
26  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
27  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
28  Inc.'s First Set of Requests for Production of Documents and Tangible Things to   15

481

EXHIBIT 15

PAGE 76

1  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

2  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

3  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

4  Things to MGAE de Mexico S.R.L. de C.V.

5        Without waiving any of the foregoing General or Specific Objections, but

6  rather expressly preserving each and every such objection, Larian responds as

7  follows:  Larian will produce all non-privileged, responsive documents in his

8  possession, custody or control, if any, that he is able to locate following a reasonably

9  diligent search.

10  REQUEST FOR PRODUCTION NO. 305:

11        DOCUMENTS describing all time periods during which MATTEL allegedly

12  "covertly investigat[ed] MGA, its officers and employees, and their family

13  members."

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 305:

15        Larian incorporates by reference his General Response and General Objections

16  above, as though fully set forth herein.  Larian further objects to the request to the

17  extent it seeks the production of documents that are protected from disclosure under

18  any applicable privilege, doctrine or immunity, including without limitation the

19  attorney-client privilege, the work product doctrine, the right of privacy, and all other

20  privileges recognized under the constitutional, statutory or decisional law of the

21  United States of America, the State of California or any other applicable jurisdiction.

22  Larian further objects to this request as being overly broad and unduly burdensome

23  on the grounds that it is not limited in time or geographical scope.  Larian further

24  objects to this request on the grounds that the phrase "DOCUMENTS describing all

25  time periods during which" renders the request vague, ambiguous, and unintelligible.

26  Larian further objects to the request to the extent that it seeks documents that by

27  reason of public filing, public distribution or otherwise are already in Mattel's

28  possession or are readily accessible to Mattel.  Larian further objects to the request to

EXHIBIT _15_

PAGE _767_

1 the extent that it seeks documents not in Larian's possession, custody or control.

2 Larian further objects to the request to the extent it seeks confidential, proprietary or

3 commercially sensitive information, the disclosure of which would be inimical to the

4 business interests of Larian or MGA.  Larian further objects to the request to the

5 extent it violates the privacy rights of third parties to their private, confidential,

6 proprietary or trade secret information.

7       Larian further objects to this request as cumulative, duplicative, and unduly

8 burdensome to the extent that it seeks documents previously requested by Mattel or

9 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

10 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

11 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

12 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

13 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

14 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

15 Things to MGAE de Mexico S.R.L. de C.V.

16       Without waiving any of the foregoing General or Specific Objections, but

17 rather expressly preserving each and every such objection, Larian responds as

18 follows:  Larian will produce all non-privileged, responsive documents in his

19 possession, custody or control, if any, that he is able to locate following a reasonably

20 diligent search.

21 REQUEST FOR PRODUCTION NO. 306:

22       DOCUMENTS sufficient to IDENTIFY every PERSON who YOU contend

23 MATTEL "covertly investigat[ed]."

24 RESPONSE TO REQUEST FOR PRODUCTION NO. 306:

25       Larian incorporates by reference his General Response and General Objections

26 above, as though fully set forth herein and specifically incorporates General

27 Objection No. 15 (regarding Definitions), including without limitation Larian's

28 objection to the definition of the terms YOU, and its incorporated terms

EXHIBIT 15

PAGE 464

1  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

2  seeks the production of documents that are protected from disclosure under any

3  applicable privilege, doctrine or immunity, including without limitation the attorney-

4  client privilege, the work product doctrine, the right of privacy, and all other

5  privileges recognized under the constitutional, statutory or decisional law of the

6  United States of America, the State of California or any other applicable jurisdiction.

7  Larian further objects to this request as being overly broad and unduly burdensome

8  on the grounds that it is not limited in time or geographical scope.  Larian further

9  objects to the request to the extent that it seeks documents that by reason of public

10  filing, public distribution or otherwise are already in Mattel's possession or are

11  readily accessible to Mattel.  Larian further objects to the request to the extent that it

12  seeks documents not in Larian's possession, custody or control.  Larian further

13  objects to the request to the extent it seeks confidential, proprietary or commercially

14  sensitive information, the disclosure of which would be inimical to the business

15  interests of Larian or MGA.  Larian further objects to the request to the extent it

16  violates the privacy rights of third parties to their private, confidential, proprietary or

17  trade secret information.

18          Larian further objects to this request as cumulative, duplicative, and unduly

19  burdensome to the extent that it seeks documents previously requested by Mattel or

20  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

21  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

22  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

23  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

24  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

25  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

26  Things to MGAE de Mexico S.R.L. de C.V.

27          Without waiving any of the foregoing General or Specific Objections, but

28  rather expressly preserving each and every such objection, Larian responds as

EXHIBIT _15_

PAGE _265_

1  follows:  Larian will produce all non-privileged, responsive documents in his

2  possession, custody or control, if any, that he is able to locate following a reasonably

3  diligent search.

4  REQUEST FOR PRODUCTION NO. 307:

5       DOCUMENTS sufficient to IDENTIFY all times when you allege that

6  MATTEL "covertly investigat[ed] MGA, its officers and employees, and their family

7  members."

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 307:

9       Larian incorporates by reference his General Response and General Objections

10  above, as though fully set forth herein and specifically incorporates General

11  Objection No. 15 (regarding Definitions), including without limitation Larian's

12  objection to the definition of the terms YOU, and its incorporated terms

13  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

14  seeks the production of documents that are protected from disclosure under any

15  applicable privilege, doctrine or immunity, including without limitation the attorney-

16  client privilege, the work product doctrine, the right of privacy, and all other

17  privileges recognized under the constitutional, statutory or decisional law of the

18  United States of America, the State of California or any other applicable jurisdiction.

19  Larian further objects to this request as being overly broad and unduly burdensome

20  on the grounds that it is not limited in time or geographical scope.  Larian further

21  objects to this request on the grounds that the phrase "IDENTIFY all times when you

22  allege" renders the request vague, ambiguous, and unintelligible.  Larian further

23  objects to the request to the extent that it seeks documents not in Larian's possession,

24  custody or control.  Larian further objects to the request to the extent it seeks

25  confidential, proprietary or commercially sensitive information, the disclosure of

26  which would be inimical to the business interests of Larian or MGA.  Larian further

27  objects to the request to the extent it violates the privacy rights of third parties to

28  their private, confidential, proprietary or trade secret information.

EXHIBIT 15

1    Larian further objects to this request as cumulative, duplicative, and unduly

2  burdensome to the extent that it seeks documents previously requested by Mattel or

3  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

4  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

5  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

6  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

7  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

8  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

9  Things to MGAE de Mexico S.R.L. de C.V.

10    Without waiving any of the foregoing General or Specific Objections, but

11  rather expressly preserving each and every such objection, Larian responds as

12  follows:  Larian will produce all non-privileged, responsive documents in his

13  possession, custody or control, if any, that he is able to locate following a reasonably

14  diligent search.

15  REQUEST FOR PRODUCTION NO. 308:

16    DOCUMENTS sufficient to IDENTIFY each alleged instance of MATTEL

17  "covertly investigating MGA, its officers and employees, and their family members."

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 308:

19    Larian incorporates by reference his General Response and General Objections

20  above, as though fully set forth herein.  Larian further objects to the request to the

21  extent it seeks the production of documents that are protected from disclosure under

22  any applicable privilege, doctrine or immunity, including without limitation the

23  attorney-client privilege, the work product doctrine, the right of privacy, and all other

24  privileges recognized under the constitutional, statutory or decisional law of the

25  United States of America, the State of California or any other applicable jurisdiction.

26  Larian further objects to this request as being overly broad and unduly burdensome

27  on the grounds that it is not limited in time or geographical scope.  Larian further

28  objects to the request to the extent that it seeks documents not in Larian's possession,

EXHIBIT 15

PAGE 267

1  custody or control.  Larian further objects to the request to the extent it seeks

2  confidential, proprietary or commercially sensitive information, the disclosure of

3  which would be inimical to the business interests of Larian or MGA.  Larian further

4  objects to the request to the extent it violates the privacy rights of third parties to

5  their private, confidential, proprietary or trade secret information.

6       Larian further objects to this request as cumulative, duplicative, and unduly

7  burdensome to the extent that it seeks documents previously requested by Mattel or

8  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

9  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

10  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

11  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

12  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

13  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

14  Things to MGAE de Mexico S.R.L. de C.V.

15       Without waiving any of the foregoing General or Specific Objections, but

16  rather expressly preserving each and every such objection, Larian responds as

17  follows:  Larian will produce all non-privileged, responsive documents in his

18  possession, custody or control, if any, that he is able to locate following a reasonably

19  diligent search.

20  REQUEST FOR PRODUCTION NO. 309:

21       All DOCUMENTS, including but not limited to all COMMUNICATIONS

22  with any PERSON, that REFER OR RELATE TO any COMMUNICATIONS

23  between any investigator and MGA, MGA's officers, MGA's employees, or their

24  "family members," who were allegedly "covertly investigat[ed]" by MATTEL.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 309:

26       Larian incorporates by reference his General Response and General Objections

27  above, as though fully set forth herein and specifically incorporates General

28  Objection No. 15 (regarding Definitions), including without limitation Larian's

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 168

1  objection to the definition of the term PERSON.  Larian further objects to the request

2  to the extent it seeks the production of documents that are protected from disclosure

3  under any applicable privilege, doctrine or immunity, including without limitation

4  the attorney-client privilege, the work product doctrine, the right of privacy, and all

5  other privileges recognized under the constitutional, statutory or decisional law of

6  the United States of America, the State of California or any other applicable

7  jurisdiction.  Larian further objects to this request as being overly broad and unduly

8  burdensome on the grounds that it is not limited in time or geographical scope.

9  Larian further objects to this request on the grounds that the phrase "[a]ll

10  DOCUMENTS, including but not limited to all COMMUNICATIONS with any

11  PERSON, that REFER OR RELATE TO" does not comply with the "reasonable

12  particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

13  request overly broad and unduly burdensome in light of "the wealth of material

14  already made available in this case."  <u>Westhemeco Ltd. v. New Hampshire Ins. Co.</u>,

15  82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects to this request on the

16  grounds that the phrase "any COMMUNICATIONS between any investigator and

17  MGA, MGA's officers, MGA's employees, or their 'family members'" is compound,

18  rendering the request vague, ambiguous, and unintelligible.  Larian further objects to

19  the request to the extent that it seeks documents that by reason of public filing,

20  public distribution or otherwise are already in Mattel's possession or are readily

21  accessible to Mattel.  Larian further objects to the request to the extent that it seeks

22  documents not in Larian's possession, custody or control.  Larian further objects to

23  the request to the extent it seeks confidential, proprietary or commercially sensitive

24  information, the disclosure of which would be inimical to the business interests of

25  Larian or MGA.  Larian further objects to the request to the extent it violates the

26  privacy rights of third parties to their private, confidential, proprietary or trade secret

27  information.

28

EXHIBIT 15

PAGE 269

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1    Larian further objects to this request as cumulative, duplicative, and unduly

2 burdensome to the extent that it seeks documents previously requested by Mattel or

3 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

4 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

5 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

6 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

7 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

8 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

9 Things to MGAE de Mexico S.R.L. de C.V.

10    Without waiving any of the foregoing General or Specific Objections, but

11 rather expressly preserving each and every such objection, Larian responds as

12 follows:  Larian will produce all non-privileged, responsive documents in his

13 possession, custody or control, if any, that he is able to locate following a reasonably

14 diligent search.

15 REQUEST FOR PRODUCTION NO. 310:

16    All DOCUMENTS that YOU contend show or tend to show that any alleged

17 investigation of "MGA, its officers and employees, and their family members" by

18 MATTEL was illegal or improper.

19 RESPONSE TO REQUEST FOR PRODUCTION NO. 310:

20    Larian incorporates by reference his General Response and General Objections

21 above, as though fully set forth herein and specifically incorporates General

22 Objection No. 15 (regarding Definitions), including without limitation Larian's

23 objection to the definition of the terms YOU, and its incorporated terms

24 AFFILIATES and PERSON.   Larian further objects to the request to the extent it

25 seeks the production of documents that are protected from disclosure under any

26 applicable privilege, doctrine or immunity, including without limitation the attorney-

27 client privilege, the work product doctrine, the right of privacy, and all other

28 privileges recognized under the constitutional, statutory or decisional law of the

EXHIBIT 15

489

1  United States of America, the State of California or any other applicable jurisdiction.

2  Larian further objects to this request as being overly broad and unduly burdensome

3  on the grounds that it is not limited in time or geographical scope.  Larian further

4  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS" does not

5  comply with the "reasonable particularity" requirement of Federal Rule of Civil

6  Procedure 34 and renders the request overly broad and unduly burdensome in light of

7  "the wealth of material already made available in this case."  Westhemeco Ltd. v.

8  New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

9  objects to this request on the grounds that the phrases "YOU contend show or tend to

10  show," "any alleged investigation of 'MGA, its officers and employees, and their

11  family members'" and "illegal or improper" are, both individually and taken together,

12  compound, and, as such, render the request vague, ambiguous, and unintelligible.

13  Larian further objects to the request to the extent that it seeks documents that by

14  reason of public filing, public distribution or otherwise are already in Mattel's

15  possession or are readily accessible to Mattel.  Larian further objects to the request to

16  the extent that it seeks documents not in Larian's possession, custody or control.

17  Larian further objects to the request to the extent it seeks confidential, proprietary or

18  commercially sensitive information, the disclosure of which would be inimical to the

19  business interests of Larian or MGA.  Larian further objects to the request to the

20  extent it violates the privacy rights of third parties to their private, confidential,

21  proprietary or trade secret information.

22          Larian further objects to this request as cumulative, duplicative, and unduly

23  burdensome to the extent that it seeks documents previously requested by Mattel or

24  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

25  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

26  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

27  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

28  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

EXHIBIT 15

1  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

2  Things to MGAE de Mexico S.R.L. de C.V.

3       Without waiving any of the foregoing General or Specific Objections, but

4  rather expressly preserving each and every such objection, Larian responds as

5  follows:  Larian will produce all non-privileged, responsive documents in his

6  possession, custody or control, if any, that he is able to locate following a reasonably

7  diligent search.

8  REQUEST FOR PRODUCTION NO. 311:

9       All DOCUMENTS that YOU contend show or tend to show that any alleged

10  investigation of "MGA, its officers and employees, and their family members" by

11  MATTEL was not privileged.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 311:

13       Larian incorporates by reference his General Response and General Objections

14  above, as though fully set forth herein and specifically incorporates General

15  Objection No. 15 (regarding Definitions), including without limitation Larian's

16  objection to the definition of the terms YOU, and its incorporated terms

17  AFFILIATES and PERSON.   Larian further objects to the request to the extent it

18  seeks the production of documents that are protected from disclosure under any

19  applicable privilege, doctrine or immunity, including without limitation the attorney-

20  client privilege, the work product doctrine, the right of privacy, and all other

21  privileges recognized under the constitutional, statutory or decisional law of the

22  United States of America, the State of California or any other applicable jurisdiction.

23  Larian further objects to this request as being overly broad and unduly burdensome

24  on the grounds that it is not limited in time or geographical scope.  Larian further

25  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS" does not

26  comply with the "reasonable particularity" requirement of Federal Rule of Civil

27  Procedure 34 and renders the request overly broad and unduly burdensome in light of

28  "the wealth of material already made available in this case."  Westhemeco Ltd. v.

EXHIBIT _15_

PAGE ___772___

1  New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

2  objects to this request on the grounds that the phrases "YOU contend show or tend to

3  show" and "any alleged investigation of 'MGA, its officers and employees, and their

4  family members'" are, both individually and taken together, compound, and, as such,

5  render the request vague, ambiguous, and unintelligible.  Larian further objects to the

6  request to the extent that it seeks documents that by reason of public filing, public

7  distribution or otherwise are already in Mattel's possession or are readily accessible

8  to Mattel.  Larian further objects to the request to the extent that it seeks documents

9  not in Larian's possession, custody or control.  Larian further objects to the request to

10  the extent it seeks confidential, proprietary or commercially sensitive information,

11  the disclosure of which would be inimical to the business interests of Larian or MGA.

12  Larian further objects to the request to the extent it violates the privacy rights of third

13  parties to their private, confidential, proprietary or trade secret information.

14      Larian further objects to this request as cumulative, duplicative, and unduly

15  burdensome to the extent that it seeks documents previously requested by Mattel or

16  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

17  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

18  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

19  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

20  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

21  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

22  Things to MGAE de Mexico S.R.L. de C.V.

23      Without waiving any of the foregoing General or Specific Objections, but

24  rather expressly preserving each and every such objection, Larian responds as

25  follows:  Larian will produce all non-privileged, responsive documents in his

26  possession, custody or control, if any, that he is able to locate following a reasonably

27  diligent search.

28

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  REQUEST FOR PRODUCTION NO. 312:

2   All DOCUMENTS that YOU contend show or tend to show that MATTEL

3  had no reason or basis to conduct any alleged investigation of "MGA, its officers and

4  employees, and their family members."

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 312:

6   Larian incorporates by reference his General Response and General Objections

7  above, as though fully set forth herein and specifically incorporates General

8  Objection No. 15 (regarding Definitions), including without limitation Larian's

9  objection to the definition of the terms YOU, and its incorporated terms

10  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

11  seeks the production of documents that are protected from disclosure under any

12  applicable privilege, doctrine or immunity, including without limitation the attorney-

13  client privilege, the work product doctrine, the right of privacy, and all other

14  privileges recognized under the constitutional, statutory or decisional law of the

15  United States of America, the State of California or any other applicable jurisdiction.

16  Larian further objects to this request as being overly broad and unduly burdensome

17  on the grounds that it is not limited in time or geographical scope.  Larian further

18  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that YOU

19  contend show or tend to show" does not comply with the "reasonable particularity"

20  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

21  broad and unduly burdensome in light of "the wealth of material already made

22  available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

23  709 (S.D.N.Y. 1979).  Larian further objects to this request on the grounds that the

24  phrases "YOU contend show or tend to show," "no reason or basis," and "any alleged

25  investigation of 'MGA, its officers and employees, and their family members'" are,

26  both individually and taken together, compound, and, as such, render the request

27  vague, ambiguous, and unintelligible.  Larian further objects to the request to the

28  extent that it seeks documents that by reason of public filing, public distribution or

EXHIBIT 15

PAGE 776

1  otherwise are already in Mattel's possession or are readily accessible to Mattel.

2  Larian further objects to the request to the extent that it seeks documents not in

3  Larian's possession, custody or control.  Larian further objects to the request to the

4  extent it seeks confidential, proprietary or commercially sensitive information, the

5  disclosure of which would be inimical to the business interests of Larian or MGA.

6  Larian further objects to the request to the extent it violates the privacy rights of third

7  parties to their private, confidential, proprietary or trade secret information.

8  Larian further objects to this request as cumulative, duplicative, and unduly

9  burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

11  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

12  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

13  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

14  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

15  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

16  Things to MGAE de Mexico S.R.L. de C.V.

17  Without waiving any of the foregoing General or Specific Objections, but

18  rather expressly preserving each and every such objection, Larian responds as

19  follows:  Larian will produce all non-privileged, responsive documents in his

20  possession, custody or control, if any, that he is able to locate following a reasonably

21  diligent search.

22  REQUEST FOR PRODUCTION NO. 313:

23  DOCUMENTS sufficient to IDENTIFY all PERSONS who contend that

24  MATTEL "covertly investigat[ed] MGA, its officers and employees, and their family

25  members."

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 313:

27  Larian incorporates by reference his General Response and General Objections

28  above, as though fully set forth herein and specifically incorporates General

494

EXHIBIT _15_

1   Objection No. 15 (regarding Definitions), including without limitation Larian's

2   objection to the definition of the term PERSON.   Larian further objects to the

3   request to the extent it seeks the production of documents that are protected from

4   disclosure under any applicable privilege, doctrine or immunity, including without

5   limitation the attorney-client privilege, the work product doctrine, the right of

6   privacy, and all other privileges recognized under the constitutional, statutory or

7   decisional law of the United States of America, the State of California or any other

8   applicable jurisdiction.  Larian further objects to this request as being overly broad

9   and unduly burdensome on the grounds that it is not limited in time or geographical

10  scope.  Larian further objects to the request to the extent that it seeks documents not

11  in Larian's possession, custody or control.  Larian further objects to the request to the

12  extent it seeks confidential, proprietary or commercially sensitive information, the

13  disclosure of which would be inimical to the business interests of Larian or MGA.

14  Larian further objects to the request to the extent it violates the privacy rights of third

15  parties to their private, confidential, proprietary or trade secret information.

16      Larian further objects to this request as cumulative, duplicative, and unduly

17  burdensome to the extent that it seeks documents previously requested by Mattel or

18  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

19  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

20  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

21  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

22  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

23  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

24  Things to MGAE de Mexico S.R.L. de C.V.

25      Without waiving any of the foregoing General or Specific Objections, but

26  rather expressly preserving each and every such objection, Larian responds as

27  follows:  Larian will produce all non-privileged, responsive documents in his

28

495

EXHIBIT 15

1  possession, custody or control, if any, that he is able to locate following a reasonably

2  diligent search.

3  REQUEST FOR PRODUCTION NO. 314:

4      All DOCUMENTS, including but not limited to all COMMUNICATIONS

5  with any PERSON, RELATING to YOUR actions in response to, or efforts to stop,

6  thwart, prevent, counter or mitigate, MATTEL'S alleged "covert[] investigat[ion of]

7  MGA, its officers and employees, and their Family members."

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 314:

9      Larian incorporates by reference his General Response and General Objections

10  above, as though fully set forth herein and specifically incorporates General

11  Objection No. 15 (regarding Definitions), including without limitation Larian's

12  objection to the definition of the term YOUR, and its incorporated terms

13  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

14  seeks the production of documents that are protected from disclosure under any

15  applicable privilege, doctrine or immunity, including without limitation the attorney-

16  client privilege, the work product doctrine, the right of privacy, and all other

17  privileges recognized under the constitutional, statutory or decisional law of the

18  United States of America, the State of California or any other applicable jurisdiction.

19  Larian further objects to this request as being overly broad and unduly burdensome

20  on the grounds that it is not limited in time or geographical scope.  Larian further

21  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

22  but not limited to all COMMUNICATIONS with any PERSON, RELATING TO"

23  does not comply with the "reasonable particularity" requirement of Federal Rule of

24  Civil Procedure 34 and renders the request overly broad and unduly burdensome in

25  light of "the wealth of material already made available in this case."  Westhemeco

26  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

27  further objects that the phrase "YOUR actions in response to, or efforts to stop,

28  thwart, prevent, counter or mitigate" is compound and, as such, renders the request

496

EXHIBIT 15

1 vague, ambiguous, and unintelligible. Larian further objects to the request to the

2 extent that it seeks documents that by reason of public filing, public distribution or

3 otherwise are already in Mattel's possession or are readily accessible to Mattel.

4 Larian further objects to the request to the extent that it seeks documents not in

5 Larian's possession, custody or control. Larian further objects to the request to the

6 extent it seeks confidential, proprietary or commercially sensitive information, the

7 disclosure of which would be inimical to the business interests of Larian or MGA.

8 Larian further objects to the request to the extent it violates the privacy rights of third

9 parties to their private, confidential, proprietary or trade secret information.

10      Larian further objects to this request as cumulative, duplicative, and unduly

11 burdensome to the extent that it seeks documents previously requested by Mattel or

12 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

13 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

14 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

15 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

16 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

17 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

18 Things to MGAE de Mexico S.R.L. de C.V.

19      Without waiving any of the foregoing General or Specific Objections, but

20 rather expressly preserving each and every such objection, Larian responds as

21 follows: Larian will produce all non-privileged, responsive documents in his

22 possession, custody or control, if any, that he is able to locate following a reasonably

23 diligent search.

24 REQUEST FOR PRODUCTION NO. 315:

25      All DOCUMENTS, including but not limited to all COMMUNICATIONS

26 with any PERSON, RELATING to any loss, harm, injury, increased expense, lost

27 revenue or profits, or any other damage caused to YOU by MATTEL'S alleged

28

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

EXHIBIT 15

PAGE 274

1  "covert[] investigat[ion of] MGA, its officers and employees, and their family

2  members."

3  RESPONSE TO REQUEST FOR PRODUCTION NO. 315:

4       Larian incorporates by reference his General Response and General Objections

5  above, as though fully set forth herein and specifically incorporates General

6  Objection No. 15 (regarding Definitions), including without limitation Larian's

7  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

8  and PERSON.  Larian further objects to the request to the extent it seeks the

9  production of documents that are protected from disclosure under any applicable

10  privilege, doctrine or immunity, including without limitation the attorney-client

11  privilege, the work product doctrine, the right of privacy, and all other privileges

12  recognized under the constitutional, statutory or decisional law of the United States

13  of America, the State of California or any other applicable jurisdiction.  Larian

14  further objects to this request as being overly broad and unduly burdensome on the

15  grounds that it is not limited in time or geographical scope.  Larian further objects to

16  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

17  limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not

18  comply with the "reasonable particularity" requirement of Federal Rule of Civil

19  Procedure 34 and renders the request overly broad and unduly burdensome in light of

20  "the wealth of material already made available in this case."  Westhemeco Ltd. v.

21  New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

22  objects that the phrases "any loss, harm, injury, increased expense, lost revenue or

23  profits, or any other damage" and "MATTEL'S alleged 'covert[] investigat[ion of]

24  MGA, its officers and employees, and their family members'" are, both individually

25  and taken together, compound and, as such, render the request vague, ambiguous,

26  and unintelligible.  Larian further objects to the request to the extent that it seeks

27  documents that by reason of public filing, public distribution or otherwise are already

28  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

EXHIBIT 15

PAGE 778

1  the request to the extent that it seeks documents not in Larian's possession, custody

2  or control.  Larian further objects to the request to the extent it seeks confidential,

3  proprietary or commercially sensitive information, the disclosure of which would be

4  inimical to the business interests of Larian or MGA.  Larian further objects to the

5  request to the extent it violates the privacy rights of third parties to their private,

6  confidential, proprietary or trade secret information.

7      Larian further objects to this request as cumulative, duplicative, and unduly

8  burdensome to the extent that it seeks documents previously requested by Mattel or

9  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

10  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

11  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

12  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

13  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

14  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

15  Things to MGAE de Mexico S.R.L. de C.V.

16      Without waiving any of the foregoing General or Specific Objections, but

17  rather expressly preserving each and every such objection, Larian responds as

18  follows:  Larian will produce all non-privileged, responsive documents in his

19  possession, custody or control, if any, that he is able to locate following a reasonably

20  diligent search.

21  REQUEST FOR PRODUCTION NO. 316:

22      All DOCUMENTS, including but not limited to all COMMUNICATIONS

23  with any PERSON, RELATING to YOU covertly investigating MATTEL, its

24  officers and employees, and their family members, by or through the use of any

25  means or methods, including but not limited to, by using a wire-tap.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 316:

27      Larian incorporates by reference his General Response and General Objections

28  above, as though fully set forth herein and specifically incorporates General

499

EXHIBIT 15

1  Objection No. 15 (regarding Definitions), including without limitation Larian's

2  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

3  and PERSON.  Larian further objects to the request to the extent it seeks the

4  production of documents that are protected from disclosure under any applicable

5  privilege, doctrine or immunity, including without limitation the attorney-client

6  privilege, the work product doctrine, the right of privacy, and all other privileges

7  recognized under the constitutional, statutory or decisional law of the United States

8  of America, the State of California or any other applicable jurisdiction.  Larian

9  further objects to this request as being overly broad and unduly burdensome on the

10  grounds that it is not limited in time or geographical scope.  Larian further objects to

11  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

12  limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not

13  comply with the "reasonable particularity" requirement of Federal Rule of Civil

14  Procedure 34 and renders the request overly broad and unduly burdensome in light of

15  "the wealth of material already made available in this case."  Westhemeco Ltd. v.

16  New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

17  objects that the phrases "investigating MATTEL, its officers and employees, and

18  their family members," and "by or through the use of any means or methods,

19  including but not limited to, by using a wire-tap" are, both individually and taken

20  together, (1) accusatory and argumentative such that Larian would have to respond to

21  the allegations of the request before providing any substantive response, see

22  Zadrozny v. Board of Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill.

23  April 24, 1991), and (2) compound, rendering the request vague, ambiguous, and

24  unintelligible.  Larian further objects to the request to the extent that it seeks

25  documents that by reason of public filing, public distribution or otherwise are already

26  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

27  the request to the extent that it seeks documents not in Larian's possession, custody

28  or control.  Larian further objects to the request to the extent it seeks confidential,

EXHIBIT 15

PAGE 780

1  proprietary or commercially sensitive information, the disclosure of which would be

2  inimical to the business interests of Larian or MGA.  Larian further objects to the

3  request to the extent it violates the privacy rights of third parties to their private,

4  confidential, proprietary or trade secret information.

5      Larian further objects to this request as cumulative, duplicative, and unduly

6  burdensome to the extent that it seeks documents previously requested by Mattel or

7  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

8  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

9  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

10  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

11  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

12  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

13  Things to MGAE de Mexico S.R.L. de C.V.

14      Without waiving any of the foregoing General or Specific Objections, but

15  rather expressly preserving each and every such objection, Larian responds as

16  follows:  Larian will produce all non-privileged, responsive documents in his

17  possession, custody or control, if any, that he is able to locate following a reasonably

18  diligent search.

19  REQUEST FOR PRODUCTION NO. 317:

20      All DOCUMENTS that REFER OR RELATE TO any investigation of any

21  PERSON by Anthony Pellicano performed for, on behalf of, with the knowledge of

22  or at the request of YOU, directly or indirectly, including without limitation, through

23  the Christensen Miller or Christensen Glaser law firm.

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 317:

25      Larian incorporates by reference his General Response and General Objections

26  above, as though fully set forth herein and specifically incorporates General

27  Objection No. 15 (regarding Definitions), including without limitation Larian's

28  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

EXHIBIT 15

PAGE 281

1  and PERSON. Larian further objects to the request to the extent it seeks the

2  production of documents that are protected from disclosure under any applicable

3  privilege, doctrine or immunity, including without limitation the attorney-client

4  privilege, the work product doctrine, the right of privacy, and all other privileges

5  recognized under the constitutional, statutory or decisional law of the United States

6  of America, the State of California or any other applicable jurisdiction. Larian

7  further objects on the ground that the request is not limited to the subject matter of

8  this action and thus lacks relevance and is impermissibly overbroad. See Magistrate

9  Judge Infante's August 13, 2007 Order ("Aug. 13, 2007 Order") at 9:17-20; see also

10  Magistrate Judge Infante's May 22, 2007 Order ("May 22, 2007 Order") at 21:5-7.

11  Larian further objects to this request as being overly broad and unduly burdensome

12  on the grounds that it is not limited in time or geographical scope. Larian further

13  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that

14  REFER OR RELATE TO" does not comply with the "reasonable particularity"

15  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

16  broad and unduly burdensome in light of "the wealth of material already made

17  available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

18  709 (S.D.N.Y. 1979). Larian further objects that the phrases "any investigation of

19  any PERSON by Anthony Pellicano performed for, on behalf of, with the knowledge

20  of or at the request of YOU," "directly or indirectly," and "including without

21  limitation, through the Christensen Miller or Christensen Glaser law firm" are, both

22  individually and taken together, (1) accusatory and argumentative such that Larian

23  would have to respond to the allegations of the request before providing any

24  substantive response, see Zadrozny v. Board of Trustees District No. 508, 1991 WL

25  66705, at *1 (N.D. Ill. April 24, 1991), and (2) compound, rendering the request

26  vague, ambiguous, and unintelligible. Larian further objects to the request to the

27  extent that it seeks documents that by reason of public filing, public distribution or

28  otherwise are already in Mattel's possession or are readily accessible to Mattel.

EXHIBIT 15

PAGE 282