1  Larian further objects to the request to the extent that it seeks documents not in

2  Larian's possession, custody or control.  Larian further objects to the request to the

3  extent it seeks confidential, proprietary or commercially sensitive information, the

4  disclosure of which would be inimical to the business interests of Larian or MGA.

5  Larian further objects to the request to the extent it violates the privacy rights of third

6  parties to their private, confidential, proprietary or trade secret information.

7  REQUEST FOR PRODUCTION NO. 318:

8      All DOCUMENTS that REFER OR RELATE TO any charges or monies paid

9  directly or indirectly for, on behalf of or with the knowledge of YOU in connection

10  with any services, work or activities by Anthony Pellicano, including without

11  limitation, through the Christensen Miller or Christensen Glaser law firm.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 318:

13      Larian incorporates by reference his General Response and General Objections

14  above, as though fully set forth herein and specifically incorporates General

15  Objection No. 15 (regarding Definitions), including without limitation Larian's

16  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

17  and PERSON.  Larian further objects to the request to the extent it seeks the

18  production of documents that are protected from disclosure under any applicable

19  privilege, doctrine or immunity, including without limitation the attorney-client

20  privilege, the work product doctrine, the right of privacy, and all other privileges

21  recognized under the constitutional, statutory or decisional law of the United States

22  of America, the State of California or any other applicable jurisdiction.  Larian

23  further objects on the ground that the request is not limited to the subject matter of

24  this action and thus lacks relevance and is impermissibly overbroad.  See Aug. 13,

25  2007 Order at 9:17-20; see also May 22, 2007 Order at 21:5-7.  Larian further

26  objects to this request as being overly broad and unduly burdensome on the grounds

27  that it is not limited in time or geographical scope.  Larian further objects to this

28  request on the grounds that the phrase "[a]ll DOCUMENTS that REFER OR

503

EXHIBIT 15

PAGE 783

1  RELATE TO" does not comply with the "reasonable particularity" requirement of

2  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

3  burdensome in light of "the wealth of material already made available in this case."

4  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

5  Larian further objects that the phrases "any charges or monies paid," "directly or

6  indirectly for, on behalf of or with the knowledge of YOU," and "in connection with

7  any services, work or activities by Anthony Pellicano, including without limitation,

8  through the Christensen Miller or Christensen Glaser law firm" are, both individually

9  and taken together, (1) accusatory and argumentative such that Larian would have to

10  respond to the allegations of the request before providing any substantive response,

11  see Zadrozny v. Board of Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill.

12  April 24, 1991), and (2) compound, rendering the request vague, ambiguous, and

13  unintelligible.  Larian further objects to the request to the extent that it seeks

14  documents that by reason of public filing, public distribution or otherwise are already

15  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

16  the request to the extent that it seeks documents not in Larian's possession, custody

17  or control.  Larian further objects to the request to the extent it seeks confidential,

18  proprietary or commercially sensitive information, the disclosure of which would be

19  inimical to the business interests of Larian or MGA.  Larian further objects to the

20  request to the extent it violates the privacy rights of third parties to their private,

21  confidential, proprietary or trade secret information.

22  REQUEST FOR PRODUCTION NO. 319:

23  　　　All COMMUNICATIONS, and all DOCUMENTS that REFER OR RELATE

24  thereto, between YOU, including without limitation, through the Christensen Miller

25  or Christensen Glaser law firm, and Anthony Pellicano.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 319:

27  　　　Larian incorporates by reference his General Response and General Objections

28  above, as though fully set forth herein and specifically incorporates General

EXHIBIT 15

PAGE 264

1   Objection No. 15 (regarding Definitions), including without limitation Larian's

2   objection to the definition of the term YOU, and its incorporated terms AFFILIATES

3   and PERSON.  Larian further objects to the request to the extent it seeks the

4   production of documents that are protected from disclosure under any applicable

5   privilege, doctrine or immunity, including without limitation the attorney-client

6   privilege, the work product doctrine, the right of privacy, and all other privileges

7   recognized under the constitutional, statutory or decisional law of the United States

8   of America, the State of California or any other applicable jurisdiction.  Larian

9   further objects on the ground that the request is not limited to the subject matter of

10   this action and thus lacks relevance and is impermissibly overbroad.  See Aug. 13,

11   2007 Order at 9:17-20; see also May 22, 2007 Order at 21:5-7.  Larian further

12   objects to this request as being overly broad and unduly burdensome on the grounds

13   that it is not limited in time or geographical scope.  Larian further objects to this

14   request on the grounds that the phrase "[a]ll COMMUNICATIONS, and all

15   DOCUMENTS that REFER OR RELATE thereto" does not comply with the

16   "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

17   renders the request overly broad and unduly burdensome in light of "the wealth of

18   material already made available in this case."  Westhemeco Ltd. v. New Hampshire

19   Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase

20   "between YOU, including without limitation, through the Christensen Miller or

21   Christensen Glaser law firm, and Anthony Pellicano" is compound and, as such,

22   renders the request vague, ambiguous, and unintelligible.  Larian further objects to

23   the request to the extent that it seeks documents that by reason of public filing,

24   public distribution or otherwise are already in Mattel's possession or are readily

25   accessible to Mattel.  Larian further objects to the request to the extent that it seeks

26   documents not in Larian's possession, custody or control.  Larian further objects to

27   the request to the extent it seeks confidential, proprietary or commercially sensitive

28   information, the disclosure of which would be inimical to the business interests of

EXHIBIT 15

PAGE 285

1  Larian or MGA. Larian further objects to the request to the extent it violates the

2  privacy rights of third parties to their private, confidential, proprietary or trade secret

3  information.

4  REQUEST FOR PRODUCTION NO. 320:

5       All DOCUMENTS, including but not limited to all COMMUNICATIONS

6  with any PERSON, that REFER OR RELATE TO the covert investigation of any

7  PERSON who is or has ever been adverse to YOU in any litigation, arbitration or

8  legal proceeding or any threatened or potential litigation, arbitration or legal

9  proceeding.

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 320:

11       Larian incorporates by reference his General Response and General Objections

12  above, as though fully set forth herein and specifically incorporates General

13  Objection No. 15 (regarding Definitions), including without limitation Larian's

14  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

15  and PERSON. Larian further objects to the request to the extent it seeks the

16  production of documents that are protected from disclosure under any applicable

17  privilege, doctrine or immunity, including without limitation the attorney-client

18  privilege, the work product doctrine, the right of privacy, and all other privileges

19  recognized under the constitutional, statutory or decisional law of the United States

20  of America, the State of California or any other applicable jurisdiction. Larian

21  further objects on the ground that the request is not limited to the subject matter of

22  this action and thus lacks relevance and is impermissibly overbroad. See Aug. 13,

23  2007 Order at 9:17-20; see also May 22, 2007 Order at 21:5-7. Larian further

24  objects to this request as being overly broad and unduly burdensome on the grounds

25  that it is not limited in time or geographical scope. Larian further objects to this

26  request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

27  limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

28  TO" does not comply with the "reasonable particularity" requirement of Federal Rule

EXHIBIT 15

PAGE 286

1  of Civil Procedure 34 and renders the request overly broad and unduly burdensome

2  in light of "the wealth of material already made available in this case." Westhemeco

3  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian

4  further objects that the phrase "the covert investigation of any PERSON who is or

5  has ever been adverse to YOU in any litigation, arbitration or legal proceeding or any

6  threatened or potential litigation, arbitration or legal proceeding" is (1) accusatory

7  and argumentative such that Larian would have to respond to the allegations of the

8  request before providing any substantive response, see Zadrozny v. Board of

9  Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2)

10  compound, rendering the request vague, ambiguous, and unintelligible. Larian

11  further objects to the request to the extent that it seeks documents that by reason of

12  public filing, public distribution or otherwise are already in Mattel's possession or

13  are readily accessible to Mattel. Larian further objects to the request to the extent

14  that it seeks documents not in Larian's possession, custody or control. Larian further

15  objects to the request to the extent it seeks confidential, proprietary or commercially

16  sensitive information, the disclosure of which would be inimical to the business

17  interests of Larian or MGA. Larian further objects to the request to the extent it

18  violates the privacy rights of third parties to their private, confidential, proprietary or

19  trade secret information.

20  REQUEST FOR PRODUCTION NO. 321:

21      All DOCUMENTS, including but not limited to all COMMUNICATIONS

22  with any PERSON, that REFER OR RELATE TO the covert investigation of any

23  PERSON who is or ever has been a competitor of YOURS.

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 321:

25      Larian incorporates by reference his General Response and General Objections

26  above, as though fully set forth herein and specifically incorporates General

27  Objection No. 15 (regarding Definitions), including without limitation Larian's

28  objection to the definition of the term YOUR, and its incorporated terms

EXHIBIT 15

PAGE 287

1  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

2  seeks the production of documents that are protected from disclosure under any

3  applicable privilege, doctrine or immunity, including without limitation the attorney-

4  client privilege, the work product doctrine, the right of privacy, and all other

5  privileges recognized under the constitutional, statutory or decisional law of the

6  United States of America, the State of California or any other applicable jurisdiction.

7  Larian further objects on the ground that the request is not limited to the subject

8  matter of this action and thus lacks relevance and is impermissibly overbroad.  See

9  Aug. 13, 2007 Order at 9:17-20; see also May 22, 2007 Order at 21:5-7.  Larian

10  further objects to this request as being overly broad and unduly burdensome on the

11  grounds that it is not limited in time or geographical scope.  Larian further objects to

12  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

13  limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

14  TO" does not comply with the "reasonable particularity" requirement of Federal Rule

15  of Civil Procedure 34 and renders the request overly broad and unduly burdensome

16  in light of "the wealth of material already made available in this case."  Westhemeco

17  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

18  further objects to the request to the extent that it seeks documents that by reason of

19  public filing, public distribution or otherwise are already in Mattel's possession or

20  are readily accessible to Mattel.  Larian further objects to the request to the extent

21  that it seeks documents not in Larian's possession, custody or control.  Larian further

22  objects to the request to the extent it seeks confidential, proprietary or commercially

23  sensitive information, the disclosure of which would be inimical to the business

24  interests of Larian or MGA.  Larian further objects to the request to the extent it

25  violates the privacy rights of third parties to their private, confidential, proprietary or

26  trade secret information.

27

28

EXHIBIT 15

PAGE 788

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1 REQUEST FOR PRODUCTION NO. 322:

2          All DOCUMENTS, including but not limited to all COMMUNICATIONS

3 with any PERSON, that REFER OR RELATE TO the attempted, requested, solicited

4 or contemplated covert investigation of any PERSON who is or has ever been

5 adverse to YOU in any litigation, arbitration or legal proceeding or any threatened or

6 potential litigation, arbitration or legal proceeding.

7 RESPONSE TO REQUEST FOR PRODUCTION NO. 322:

8          Larian incorporates by reference his General Response and General Objections

9 above, as though fully set forth herein and specifically incorporates General

10 Objection No. 15 (regarding Definitions), including without limitation Larian's

11 objection to the definition of the term YOU, and its incorporated terms AFFILIATES

12 and PERSON.  Larian further objects to the request to the extent it seeks the

13 production of documents that are protected from disclosure under any applicable

14 privilege, doctrine or immunity, including without limitation the attorney-client

15 privilege, the work product doctrine, the right of privacy, and all other privileges

16 recognized under the constitutional, statutory or decisional law of the United States

17 of America, the State of California or any other applicable jurisdiction.  Larian

18 further objects on the ground that the request is not limited to the subject matter of

19 this action and thus lacks relevance and is impermissibly overbroad.  See Aug. 13,

20 2007 Order at 9:17-20; see also May 22, 2007 Order at 21:5-7.  Larian further

21 objects to this request as being overly broad and unduly burdensome on the grounds

22 that it is not limited in time or geographical scope.  Larian further objects to this

23 request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

24 limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

25 TO" does not comply with the "reasonable particularity" requirement of Federal Rule

26 of Civil Procedure 34 and renders the request overly broad and unduly burdensome

27 in light of "the wealth of material already made available in this case."  Westhemeco

28 Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

EXHIBIT 15

PAGE 789

1  further objects that the phrase "the attempted, requested, solicited or contemplated

2  covert investigation of any PERSON who is or has ever been adverse to YOU in any

3  litigation, arbitration or legal proceeding or any threatened or potential litigation,

4  arbitration or legal proceeding" (1) accusatory and argumentative such that Larian

5  would have to respond to the allegations of the request before providing any

6  substantive response, see Zadrozny v. Board of Trustees District No. 508, 1991 WL

7  66705, at *1 (N.D. Ill. April 24, 1991), and (2) compound, rendering the request

8  vague, ambiguous, and unintelligible.  Larian further objects to the request to the

9  extent that it seeks documents that by reason of public filing, public distribution or

10  otherwise are already in Mattel's possession or are readily accessible to Mattel.

11  Larian further objects to the request to the extent that it seeks documents not in

12  Larian's possession, custody or control.  Larian further objects to the request to the

13  extent it seeks confidential, proprietary or commercially sensitive information, the

14  disclosure of which would be inimical to the business interests of Larian or MGA.

15  Larian further objects to the request to the extent it violates the privacy rights of third

16  parties to their private, confidential, proprietary or trade secret information.

17  REQUEST FOR PRODUCTION NO. 323:

18       All DOCUMENTS, including but not limited to all COMMUNICATIONS

19  with any PERSON, that REFER OR RELATE TO the attempted, requested, solicited

20  or contemplated covert investigation of any PERSON who is or has ever been a

21  competitor of YOURS.

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 323:

23       Larian incorporates by reference his General Response and General Objections

24  above, as though fully set forth herein and specifically incorporates General

25  Objection No. 15 (regarding Definitions), including without limitation Larian's

26  objection to the definition of the term YOUR, and its incorporated terms

27  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

28  seeks the production of documents that are protected from disclosure under any

510

EXHIBIT 15

1  applicable privilege, doctrine or immunity, including without limitation the attorney-

2  client privilege, the work product doctrine, the right of privacy, and all other

3  privileges recognized under the constitutional, statutory or decisional law of the

4  United States of America, the State of California or any other applicable jurisdiction.

5  Larian further objects on the ground that the request is not limited to the subject

6  matter of this action and thus lacks relevance and is impermissibly overbroad.  See

7  Aug. 13, 2007 Order at 9:17-20; see also May 22, 2007 Order at 21:5-7.  Larian

8  further objects to this request as being overly broad and unduly burdensome on the

9  grounds that it is not limited in time or geographical scope.  Larian further objects to

10  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

11  limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

12  TO" does not comply with the "reasonable particularity" requirement of Federal Rule

13  of Civil Procedure 34 and renders the request overly broad and unduly burdensome

14  in light of "the wealth of material already made available in this case."  Westhemeco

15  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

16  further objects that the phrase "the attempted, requested, solicited or contemplated

17  covert investigation of any PERSON who is or has ever been a competitor of

18  YOURS" is (1) accusatory and argumentative such that Larian would have to

19  respond to the allegations of the request before providing any substantive response,

20  see Zadrozny v. Board of Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill.

21  April 24, 1991), and (2) compound, rendering the request vague, ambiguous, and

22  unintelligible.   Larian further objects to the request to the extent that it seeks

23  documents that by reason of public filing, public distribution or otherwise are already

24  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

25  the request to the extent that it seeks documents not in Larian's possession, custody

26  or control.  Larian further objects to the request to the extent it seeks confidential,

27  proprietary or commercially sensitive information, the disclosure of which would be

28  inimical to the business interests of Larian or MGA.  Larian further objects to the

EXHIBIT 15

PAGE 791

1  request to the extent it violates the privacy rights of third parties to their private,

2  confidential, proprietary or trade secret information.

3  REQUEST FOR PRODUCTION NO. 324:

4      All DOCUMENTS, including but not limited to all COMMUNICATIONS

5  with any PERSON, that REFER OR RELATE TO the wiretapping, bugging or

6  surreptitious recording of any PERSON who is or has ever been adverse to YOU in

7  any litigation, arbitration or legal proceeding or any threatened or potential litigation,

8  arbitration or legal proceeding.

9  RESPONSE TO REQUEST FOR PRODUCTION NO. 324:

10     Larian incorporates by reference his General Response and General Objections

11  above, as though fully set forth herein and specifically incorporates General

12  Objection No. 15 (regarding Definitions), including without limitation Larian's

13  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

14  and PERSON.  Larian further objects to the request to the extent it seeks the

15  production of documents that are protected from disclosure under any applicable

16  privilege, doctrine or immunity, including without limitation the attorney-client

17  privilege, the work product doctrine, the right of privacy, and all other privileges

18  recognized under the constitutional, statutory or decisional law of the United States

19  of America, the State of California or any other applicable jurisdiction.  Larian

20  further objects on the ground that the request is not limited to the subject matter of

21  this action and thus lacks relevance and is impermissibly overbroad.  See Aug. 13,

22  2007 Order at 9:17-20; see also May 22, 2007 Order at 21:5-7.  Larian further

23  objects to this request as being overly broad and unduly burdensome on the grounds

24  that it is not limited in time or geographical scope.  Larian further objects to this

25  request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

26  limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

27  TO" does not comply with the "reasonable particularity" requirement of Federal Rule

28  of Civil Procedure 34 and renders the request overly broad and unduly burdensome

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 282

1  in light of "the wealth of material already made available in this case." Westhemeco

2  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

3  further objects that the phrases "the wiretapping, bugging or surreptitious recording

4  of any PERSON," "who is or has ever been adverse to YOU," and "in any litigation,

5  arbitration or legal proceeding or any threatened or potential litigation, arbitration or

6  legal proceeding" are, both individually and taken together, (1) accusatory and

7  argumentative such that Larian would have to respond to the allegations of the

8  request before providing any substantive response, see Zadrozny v. Board of

9  Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2)

10  compound, rendering the request vague, ambiguous, and unintelligible.  Larian

11  further objects to the request to the extent that it seeks documents that by reason of

12  public filing, public distribution or otherwise are already in Mattel's possession or

13  are readily accessible to Mattel.  Larian further objects to the request to the extent

14  that it seeks documents not in Larian's possession, custody or control.  Larian further

15  objects to the request to the extent it seeks confidential, proprietary or commercially

16  sensitive information, the disclosure of which would be inimical to the business

17  interests of Larian or MGA.  Larian further objects to the request to the extent it

18  violates the privacy rights of third parties to their private, confidential, proprietary or

19  trade secret information.

20  REQUEST FOR PRODUCTION NO. 325:

21        All DOCUMENTS, including but not limited to all COMMUNICATIONS

22  with any PERSON, that REFER OR RELATE TO the wiretapping, bugging or

23  surreptitious recording of any PERSON who is or ever has been a competitor of

24  YOURS.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 325:

26        Larian incorporates by reference his General Response and General Objections

27  above, as though fully set forth herein and specifically incorporates General

28  Objection No. 15 (regarding Definitions), including without limitation Larian's

1  objection to the definition of the term YOUR, and its incorporated terms

2  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

3  seeks the production of documents that are protected from disclosure under any

4  applicable privilege, doctrine or immunity, including without limitation the attorney-

5  client privilege, the work product doctrine, the right of privacy, and all other

6  privileges recognized under the constitutional, statutory or decisional law of the

7  United States of America, the State of California or any other applicable jurisdiction.

8  Larian further objects on the ground that the request is not limited to the subject

9  matter of this action and thus lacks relevance and is impermissibly overbroad.  See

10  Aug. 13, 2007 Order at 9:17-20; see also May 22, 2007 Order at 21:5-7.  Larian

11  further objects to this request as being overly broad and unduly burdensome on the

12  grounds that it is not limited in time or geographical scope.  Larian further objects to

13  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

14  limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

15  TO" does not comply with the "reasonable particularity" requirement of Federal Rule

16  of Civil Procedure 34 and renders the request overly broad and unduly burdensome

17  in light of "the wealth of material already made available in this case."  Westhemeco

18  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

19  further objects that the phrase "the wiretapping, bugging or surreptitious recording of

20  any PERSON who is or ever has been a competitor of YOURS" is (1) accusatory and

21  argumentative such that Larian would have to respond to the allegations of the

22  request before providing any substantive response, see Zadrozny v. Board of

23  Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2)

24  compound, rendering the request vague, ambiguous, and unintelligible.  Larian

25  further objects to the request to the extent that it seeks documents that by reason of

26  public filing, public distribution or otherwise are already in Mattel's possession or

27  are readily accessible to Mattel.  Larian further objects to the request to the extent

28  that it seeks documents not in Larian's possession, custody or control.  Larian further

EXHIBIT 15

PAGE 294

1   objects to the request to the extent it seeks confidential, proprietary or commercially

2   sensitive information, the disclosure of which would be inimical to the business

3   interests of Larian or MGA.  Larian further objects to the request to the extent it

4   violates the privacy rights of third parties to their private, confidential, proprietary or

5   trade secret information.

6   REQUEST FOR PRODUCTION NO. 326:

7        All DOCUMENTS, including but not limited to all COMMUNICATIONS

8   with any PERSON, that REFER OR RELATE TO the attempted, requested, solicited

9   or contemplated wiretapping, bugging or surreptitious recording of any PERSON

10   who is or has ever been adverse to YOU in any litigation, arbitration or legal

11   proceeding or any threatened or potential Litigation, arbitration or legal proceeding.

12   RESPONSE TO REQUEST FOR PRODUCTION NO. 326:

13        Larian incorporates by reference his General Response and General Objections

14   above, as though fully set forth herein and specifically incorporates General

15   Objection No. 15 (regarding Definitions), including without limitation Larian's

16   objection to the definition of the term YOU, and its incorporated terms AFFILIATES

17   and PERSON.  Larian further objects to the request to the extent it seeks the

18   production of documents that are protected from disclosure under any applicable

19   privilege, doctrine or immunity, including without limitation the attorney-client

20   privilege, the work product doctrine, the right of privacy, and all other privileges

21   recognized under the constitutional, statutory or decisional law of the United States

22   of America, the State of California or any other applicable jurisdiction.  Larian

23   further objects on the ground that the request is not limited to the subject matter of

24   this action and thus lacks relevance and is impermissibly overbroad.  See Aug. 13,

25   2007 Order at 9:17-20; see also May 22, 2007 Order at 21:5-7.  Larian further

26   objects to this request as being overly broad and unduly burdensome on the grounds

27   that it is not limited in time or geographical scope.  Larian further objects to this

28   request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

515

EXHIBIT 15

PAGE 795

1   limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

2   TO" does not comply with the "reasonable particularity" requirement of Federal Rule

3   of Civil Procedure 34 and renders the request overly broad and unduly burdensome

4   in light of "the wealth of material already made available in this case." Westhemeco

5   Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

6   further objects that the phrases "the attempted, requested, solicited or contemplated

7   wiretapping, bugging or surreptitious recording of any PERSON," "who is or has

8   ever been adverse to YOU," and "in any litigation, arbitration or legal proceeding or

9   any threatened or potential litigation, arbitration or legal proceeding" are, both

10  individually and taken together, (1) accusatory and argumentative such that Larian

11  would have to respond to the allegations of the request before providing any

12  substantive response, see Zadrozny v. Board of Trustees District No. 508, 1991 WL

13  66705, at *1 (N.D. Ill. April 24, 1991), and (2) compound, rendering the request

14  vague, ambiguous, and unintelligible.  Larian further objects to the request to the

15  extent that it seeks documents that by reason of public filing, public distribution or

16  otherwise are already in Mattel's possession or are readily accessible to Mattel.

17  Larian further objects to the request to the extent that it seeks documents not in

18  Larian's possession, custody or control.  Larian further objects to the request to the

19  extent it seeks confidential, proprietary or commercially sensitive information, the

20  disclosure of which would be inimical to the business interests of Larian or MGA.

21  Larian further objects to the request to the extent it violates the privacy rights of third

22  parties to their private, confidential, proprietary or trade secret information.

23  REQUEST FOR PRODUCTION NO. 327:

24       All DOCUMENTS, including but not limited to all COMMUNICATIONS

25  with any PERSON, that REFER OR RELATE TO the attempted, requested, solicited

26  or contemplated wiretapping, bugging or surreptitious recording of any PERSON

27  who is or has ever been a competitor of YOURS.

28

EXHIBIT 15

PAGE 296

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1   RESPONSE TO REQUEST FOR PRODUCTION NO. 327:

2        Larian incorporates by reference his General Response and General Objections

3   above, as though fully set forth herein and specifically incorporates General

4   Objection No. 15 (regarding Definitions), including without limitation Larian's

5   objection to the definition of the term YOUR, and its incorporated terms

6   AFFILIATES and PERSON.  Larian further objects to the request to the extent it

7   seeks the production of documents that are protected from disclosure under any

8   applicable privilege, doctrine or immunity, including without limitation the attorney-

9   client privilege, the work product doctrine, the right of privacy, and all other

10  privileges recognized under the constitutional, statutory or decisional law of the

11  United States of America, the State of California or any other applicable jurisdiction.

12  Larian further objects on the ground that the request is not limited to the subject

13  matter of this action and thus lacks relevance and is impermissibly overbroad.  See

14  Aug. 13, 2007 Order at 9:17-20; see also May 22, 2007 Order at 21:5-7.  Larian

15  further objects to this request as being overly broad and unduly burdensome on the

16  grounds that it is not limited in time or geographical scope.  Larian further objects to

17  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

18  limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

19  TO" does not comply with the "reasonable particularity" requirement of Federal Rule

20  of Civil Procedure 34 and renders the request overly broad and unduly burdensome

21  in light of "the wealth of material already made available in this case."  Westhemeco

22  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

23  further objects that the phrases "the attempted, requested, solicited or contemplated

24  wiretapping, bugging or surreptitious recording" and "any PERSON who is or has

25  ever been a competitor of YOURS" are, both individually and taken together, (1)

26  accusatory and argumentative such that Larian would have to respond to the

27  allegations of the request before providing any substantive response, see Zadrozny v.

28  Board of Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991),

EXHIBIT 15

1  and (2) compound, rendering the request vague, ambiguous, and unintelligible.

2  Larian further objects to the request to the extent that it seeks documents that by

3  reason of public filing, public distribution or otherwise are already in Mattel's

4  possession or are readily accessible to Mattel.  Larian further objects to the request to

5  the extent that it seeks documents not in Larian's possession, custody or control.

6  Larian further objects to the request to the extent it seeks confidential, proprietary or

7  commercially sensitive information, the disclosure of which would be inimical to the

8  business interests of Larian or MGA.  Larian further objects to the request to the

9  extent it violates the privacy rights of third parties to their private, confidential,

10  proprietary or trade secret information.

11  REQUEST FOR PRODUCTION NO. 328:

12      All DOCUMENTS, including but not limited to all COMMUNICATIONS

13  with any PERSON, that REFER OR RELATE TO the destruction or non-retention,

14  attempted, requested, solicited or contemplated destruction or non-retention or any

15  alleged, claimed or accused destruction or non-retention of any DOCUMENT by

16  YOU in any litigation, arbitration or legal proceeding or any threatened or potential

17  litigation, arbitration or legal proceeding.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 328:

19      Larian incorporates by reference his General Response and General Objections

20  above, as though fully set forth herein and specifically incorporates General

21  Objection No. 15 (regarding Definitions), including without limitation Larian's

22  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

23  and PERSON.  Larian further objects to the request to the extent it seeks the

24  production of documents that are protected from disclosure under any applicable

25  privilege, doctrine or immunity, including without limitation the attorney-client

26  privilege, the work product doctrine, the right of privacy, and all other privileges

27  recognized under the constitutional, statutory or decisional law of the United States

28  of America, the State of California or any other applicable jurisdiction.  Larian

EXHIBIT _15_

PAGE _728_

1  further objects on the ground that the request is not limited to the subject matter of

2  this action and thus lacks relevance and is impermissibly overbroad. See Aug. 13,

3  2007 Order at 9:17-20; see also May 22, 2007 Order at 21:5-7. Larian further

4  objects to this request as being overly broad and unduly burdensome on the grounds

5  that it is not limited in time or geographical scope. Larian further objects to this

6  request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

7  limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

8  TO" does not comply with the "reasonable particularity" requirement of Federal Rule

9  of Civil Procedure 34 and renders the request overly broad and unduly burdensome

10  in light of "the wealth of material already made available in this case." Westhemeco

11  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian

12  further objects that the phrases "the destruction or non-retention," "attempted,

13  requested, solicited or contemplated destruction or non-retention," "any alleged,

14  claimed or accused destruction or non-retention," and "any litigation, arbitration or

15  legal proceeding or any threatened or potential litigation, arbitration or legal

16  proceeding " are, both individually and taken together, (1) accusatory and

17  argumentative such that Larian would have to respond to the allegations of the

18  request before providing any substantive response, see Zadrozny v. Board of

19  Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2)

20  compound, rendering the request vague, ambiguous, and unintelligible. Larian

21  further objects to the request to the extent that it seeks documents that by reason of

22  public filing, public distribution or otherwise are already in Mattel's possession or

23  are readily accessible to Mattel. Larian further objects to the request to the extent

24  that it seeks documents not in Larian's possession, custody or control. Larian further

25  objects to the request to the extent it seeks confidential, proprietary or commercially

26  sensitive information, the disclosure of which would be inimical to the business

27  interests of Larian or MGA. Larian further objects to the request to the extent it

28

EXHIBIT _15_

PAGE _299_

1  violates the privacy rights of third parties to their private, confidential, proprietary or

2  trade secret information.

3  REQUEST FOR PRODUCTION NO. 329:

4      All DOCUMENTS, including but not limited to all COMMUNICATIONS

5  with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL

6  "contact[ed] persons under false pretense in order to interrogate them about Bratz

7  and this litigation."

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 329:

9      Larian incorporates by reference his General Response and General Objections

10  above, as though fully set forth herein and specifically incorporates General

11  Objection No. 15 (regarding Definitions), including without limitation Larian's

12  objection to the definition of the term YOUR, and its incorporated terms

13  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

14  seeks the production of documents that are protected from disclosure under any

15  applicable privilege, doctrine or immunity, including without limitation the attorney-

16  client privilege, the work product doctrine, the right of privacy, and all other

17  privileges recognized under the constitutional, statutory or decisional law of the

18  United States of America, the State of California or any other applicable jurisdiction.

19  Larian further objects to this request as being overly broad and unduly burdensome

20  on the grounds that it is not limited in time or geographical scope.  Larian further

21  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

22  but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

23  RELATE TO" does not comply with the "reasonable particularity" requirement of

24  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

25  burdensome in light of "the wealth of material already made available in this case."

26  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

27  Larian further objects to the request to the extent that it seeks documents that by

28  reason of public filing, public distribution or otherwise are already in Mattel's

EXHIBIT 15

PAGE 800

1  possession or are readily accessible to Mattel.  Larian further objects to the request to

2  the extent that it seeks documents not in Larian's possession, custody or control.

3  Larian further objects to the request to the extent it seeks confidential, proprietary or

4  commercially sensitive information, the disclosure of which would be inimical to the

5  business interests of Larian or MGA.  Larian further objects to the request to the

6  extent it violates the privacy rights of third parties to their private, confidential,

7  proprietary or trade secret information.

8        Larian further objects to this request as cumulative, duplicative, and unduly

9  burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

11  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

12  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

13  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

14  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

15  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

16  Things to MGAE de Mexico S.R.L. de C.V.

17        Without waiving any of the foregoing General or Specific Objections, but

18  rather expressly preserving each and every such objection, Larian responds as

19  follows:  Larian will produce all non-privileged, responsive documents in his

20  possession, custody or control, if any, that he is able to locate following a reasonably

21  diligent search.

22  REQUEST FOR PRODUCTION NO. 330:

23        All DOCUMENTS, including but not limited to all COMMUNICATIONS

24  with any PERSON, that YOU allege prove or that YOU will rely on at trial to prove

25  that MATTEL "contact[ed] persons under false pretense in order to interrogate them

26  about Bratz and this litigation."

27

28

EXHIBIT 15

PAGE 801

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

## RESPONSE TO REQUEST FOR PRODUCTION NO. 330:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the term YOU, and its incorporated terms AFFILIATES and PERSON. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrase "that YOU allege prove or that YOU will rely on at trial to prove" is compound and, as such, renders the request vague, ambiguous, and unintelligible. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA. Larian further objects to the request to the extent it

EXHIBIT _15_

PAGE _802_

1    violates the privacy rights of third parties to their private, confidential, proprietary or

2    trade secret information.

3         Larian further objects to this request as cumulative, duplicative, and unduly

4    burdensome to the extent that it seeks documents previously requested by Mattel or

5    produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6    document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7    Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8    MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9    Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11   Things to MGAE de Mexico S.R.L. de C.V.

12        Without waiving any of the foregoing General or Specific Objections, but

13   rather expressly preserving each and every such objection, Larian responds as

14   follows:  Larian will produce all non-privileged, responsive documents in his

15   possession, custody or control, if any, that he is able to locate following a reasonably

16   diligent search.

17   REQUEST FOR PRODUCTION NO. 331:

18        DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

19   YOUR allegation that MATTEL "contact[ed] persons under false pretense in order

20   to interrogate them about Bratz and this litigation."

21   RESPONSE TO REQUEST FOR PRODUCTION NO. 331:

22        Larian incorporates by reference his General Response and General Objections

23   above, as though fully set forth herein and specifically incorporates General

24   Objection No. 15 (regarding Definitions), including without limitation Larian's

25   objection to the definition of the terms YOUR, and its incorporated terms

26   AFFILIATES and PERSON.  Larian further objects to the request to the extent it

27   seeks the production of documents that are protected from disclosure under any

28   applicable privilege, doctrine or immunity, including without limitation the attorney-

1 | client privilege, the work product doctrine, the right of privacy, and all other
2 | privileges recognized under the constitutional, statutory or decisional law of the
3 | United States of America, the State of California or any other applicable jurisdiction.
4 | Larian further objects to this request as being overly broad and unduly burdensome
5 | on the grounds that it is not limited in time or geographical scope.  Larian further
6 | objects to this request on the grounds that the phrase "all PERSONS with knowledge
7 | of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly
8 | burdensome in that anyone who has read Larian's Answer in this matter has
9 | "knowledge of [Larian's] allegation," without regard to whether the factual basis for
10 | the allegation is known to them.  Larian further objects to the request to the extent
11 | that it seeks documents that by reason of public filing, public distribution or
12 | otherwise are already in Mattel's possession or are readily accessible to Mattel.
13 | Larian further objects to the request to the extent that it seeks documents not in
14 | Larian's possession, custody or control.  Larian further objects to the request to the
15 | extent it seeks confidential, proprietary or commercially sensitive information, the
16 | disclosure of which would be inimical to the business interests of Larian or MGA.
17 | Larian further objects to the request to the extent it violates the privacy rights of third
18 | parties to their private, confidential, proprietary or trade secret information.

19 |      Larian further objects to this request as cumulative, duplicative, and unduly
20 | burdensome to the extent that it seeks documents previously requested by Mattel or
21 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
22 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
23 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
24 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
25 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
26 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
27 | Things to MGAE de Mexico S.R.L. de C.V.

EXHIBIT 15

PAGE 524

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  Without waiving any of the foregoing General or Specific Objections, but

2  rather expressly preserving each and every such objection, Larian responds as

3  follows:  Larian will produce all non-privileged, responsive documents in his

4  possession, custody or control, if any, that he is able to locate following a reasonably

5  diligent search.

6  REQUEST FOR PRODUCTION NO. 332:

7  DOCUMENTS describing all time periods during which MATTEL allegedly

8  "contact[ed] persons under false pretense in order to interrogate them about Bratz

9  and this litigation."

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 332:

11  Larian incorporates by reference his General Response and General Objections

12  above, as though fully set forth herein.  Larian further objects to the request to the

13  extent it seeks the production of documents that are protected from disclosure under

14  any applicable privilege, doctrine or immunity, including without limitation the

15  attorney-client privilege, the work product doctrine, the right of privacy, and all other

16  privileges recognized under the constitutional, statutory or decisional law of the

17  United States of America, the State of California or any other applicable jurisdiction.

18  Larian further objects to this request as being overly broad and unduly burdensome

19  on the grounds that it is not limited in time or geographical scope.  Larian further

20  objects to this request on the grounds that the phrase "DOCUMENTS describing all

21  time periods during which" renders the request vague, ambiguous, and unintelligible.

22  Larian further objects to the request to the extent that it seeks documents that by

23  reason of public filing, public distribution or otherwise are already in Mattel's

24  possession or are readily accessible to Mattel.  Larian further objects to the request to

25  the extent that it seeks documents not in Larian's possession, custody or control.

26  Larian further objects to the request to the extent it seeks confidential, proprietary or

27  commercially sensitive information, the disclosure of which would be inimical to the

28  business interests of Larian or MGA.  Larian further objects to the request to the

EXHIBIT 15

PAGE 805

1 | extent it violates the privacy rights of third parties to their private, confidential,

2 | proprietary or trade secret information.

3 |     Larian further objects to this request as cumulative, duplicative, and unduly

4 | burdensome to the extent that it seeks documents previously requested by Mattel or

5 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11 | Things to MGAE de Mexico S.R.L. de C.V.

12 |     Without waiving any of the foregoing General or Specific Objections, but

13 | rather expressly preserving each and every such objection, Larian responds as

14 | follows:  Larian will produce all non-privileged, responsive documents in his

15 | possession, custody or control, if any, that he is able to locate following a reasonably

16 | diligent search.

17 | REQUEST FOR PRODUCTION NO. 333:

18 |     DOCUMENTS sufficient to IDENTIFY every PERSON who YOU contend

19 | MATTEL "contact[ed] ... under false pretense in order to interrogate them about

20 | Bratz and this litigation."

21 | RESPONSE TO REQUEST FOR PRODUCTION NO. 333:

22 |     Larian incorporates by reference his General Response and General Objections

23 | above, as though fully set forth herein and specifically incorporates General

24 | Objection No. 15 (regarding Definitions), including without limitation Larian's

25 | objection to the definition of the terms YOUR, and its incorporated terms

26 | AFFILIATES and PERSON.  Larian further objects to the request to the extent it

27 | seeks the production of documents that are protected from disclosure under any

28 | applicable privilege, doctrine or immunity, including without limitation the attorney-

EXHIBIT 15

1  client privilege, the work product doctrine, the right of privacy, and all other

2  privileges recognized under the constitutional, statutory or decisional law of the

3  United States of America, the State of California or any other applicable jurisdiction.

4  Larian further objects to this request as being overly broad and unduly burdensome

5  on the grounds that it is not limited in time or geographical scope.  Larian further

6  objects to this request on the grounds that the phrase "DOCUMENTS describing all

7  time periods during which" renders the request vague, ambiguous, and unintelligible.

8  Larian further objects to the request to the extent that it seeks documents that by

9  reason of public filing, public distribution or otherwise are already in Mattel's

10  possession or are readily accessible to Mattel.  Larian further objects to the request to

11  the extent that it seeks documents not in Larian's possession, custody or control.

12  Larian further objects to the request to the extent it seeks confidential, proprietary or

13  commercially sensitive information, the disclosure of which would be inimical to the

14  business interests of Larian or MGA.  Larian further objects to the request to the

15  extent it violates the privacy rights of third parties to their private, confidential,

16  proprietary or trade secret information.

17      Larian further objects to this request as cumulative, duplicative, and unduly

18  burdensome to the extent that it seeks documents previously requested by Mattel or

19  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

20  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

21  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

22  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

23  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

24  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

25  Things to MGAE de Mexico S.R.L. de C.V.

26      Without waiving any of the foregoing General or Specific Objections, but

27  rather expressly preserving each and every such objection, Larian responds as

28  follows:  Larian will produce all non-privileged, responsive documents in his

EXHIBIT *15*

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE *807*

1   possession, custody or control, if any, that he is able to locate following a reasonably

2   diligent search.

3   REQUEST FOR PRODUCTION NO. 334:

4        DOCUMENTS sufficient to IDENTIFY the date of each alleged instance of

5   MATTEL "contacting persons under false pretense in order to interrogate them about

6   Bratz and this litigation."

7   RESPONSE TO REQUEST FOR PRODUCTION NO. 334:

8        Larian incorporates by reference his General Response and General Objections

9   above, as though fully set forth herein.  Larian further objects to the request to the

10  extent it seeks the production of documents that are protected from disclosure under

11  any applicable privilege, doctrine or immunity, including without limitation the

12  attorney-client privilege, the work product doctrine, the right of privacy, and all other

13  privileges recognized under the constitutional, statutory or decisional law of the

14  United States of America, the State of California or any other applicable jurisdiction.

15  Larian further objects to this request as being overly broad and unduly burdensome

16  on the grounds that it is not limited in time or geographical scope.  Larian further

17  objects to the request to the extent that it seeks documents that by reason of public

18  filing, public distribution or otherwise are already in Mattel's possession or are

19  readily accessible to Mattel.  Larian further objects to the request to the extent that it

20  seeks documents not in Larian's possession, custody or control.  Larian further

21  objects to the request to the extent it seeks confidential, proprietary or commercially

22  sensitive information, the disclosure of which would be inimical to the business

23  interests of Larian or MGA.  Larian further objects to the request to the extent it

24  violates the privacy rights of third parties to their private, confidential, proprietary or

25  trade secret information.

26       Larian further objects to this request as cumulative, duplicative, and unduly

27  burdensome to the extent that it seeks documents previously requested by Mattel or

28  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

528

EXHIBIT 15

1  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

2  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

3  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

4  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

5  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

6  Things to MGAE de Mexico S.R.L. de C.V.

7        Without waiving any of the foregoing General or Specific Objections, but

8  rather expressly preserving each and every such objection, Larian responds as

9  follows:  Larian will produce all non-privileged, responsive documents in his

10 possession, custody or control, if any, that he is able to locate following a reasonably

11 diligent search.

12 REQUEST FOR PRODUCTION NO. 335:

13        DOCUMENTS sufficient to IDENTIFY the purpose or reason of each alleged

14 instance of MATTEL "contacting persons under false pretense in order to interrogate

15 them about Bratz and this litigation."

16 RESPONSE TO REQUEST FOR PRODUCTION NO. 335:

17        Larian incorporates by reference his General Response and General Objections

18 above, as though fully set forth herein.  Larian further objects to the request to the

19 extent it seeks the production of documents that are protected from disclosure under

20 any applicable privilege, doctrine or immunity, including without limitation the

21 attorney-client privilege, the work product doctrine, the right of privacy, and all other

22 privileges recognized under the constitutional, statutory or decisional law of the

23 United States of America, the State of California or any other applicable jurisdiction.

24 Larian further objects to this request as being overly broad and unduly burdensome

25 on the grounds that it is not limited in time or geographical scope.  Larian further

26 objects to this request on the grounds that the phrase "the purpose or reason" is

27 compound and, as such, renders the request vague, ambiguous, and unintelligible.

28 Larian further objects to the request to the extent that it seeks documents that by

EXHIBIT 15

1  reason of public filing, public distribution or otherwise are already in Mattel's

2  possession or are readily accessible to Mattel.  Larian further objects to the request to

3  the extent that it seeks documents not in Larian's possession, custody or control.

4  Larian further objects to the request to the extent it seeks confidential, proprietary or

5  commercially sensitive information, the disclosure of which would be inimical to the

6  business interests of Larian or MGA.  Larian further objects to the request to the

7  extent it violates the privacy rights of third parties to their private, confidential,

8  proprietary or trade secret information.

9      Larian further objects to this request as cumulative, duplicative, and unduly

10  burdensome to the extent that it seeks documents previously requested by Mattel or

11  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

12  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

13  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

14  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

15  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

16  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

17  Things to MGAE de Mexico S.R.L. de C.V.

18      Without waiving any of the foregoing General or Specific Objections, but

19  rather expressly preserving each and every such objection, Larian responds as

20  follows:  Larian will produce all non-privileged, responsive documents in his

21  possession, custody or control, if any, that he is able to locate following a reasonably

22  diligent search.

23  REQUEST FOR PRODUCTION NO. 336:

24      DOCUMENTS sufficient to explain why MATTEL allegedly "contact[ed]

25  persons under false pretense in order to interrogate them about Bratz and this

26  litigation," if YOU know.

27

28

EXHIBIT 15

PAGE 810

530

**RESPONSE TO REQUEST FOR PRODUCTION NO. 336:**

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the terms YOU, and its incorporated terms AFFILIATES and PERSON. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrases "to explain why MATTEL" and "if YOU know" render the request vague, ambiguous, and unintelligible. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

531

EXHIBIT 15

1 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

2 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

3 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

4 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

5 Things to MGAE de Mexico S.R.L. de C.V.

6      Without waiving any of the foregoing General or Specific Objections, but

7 rather expressly preserving each and every such objection, Larian responds as

8 follows:  Larian will produce all non-privileged, responsive documents in his

9 possession, custody or control, if any, that he is able to locate following a reasonably

10 diligent search.

11 REQUEST FOR PRODUCTION NO. 337:

12      All DOCUMENTS, including but not limited to all COMMUNICATIONS

13 with any PERSON, that REFER OR RELATE TO any COMMUNICATION

14 between MATTEL and any PERSON who MATTEL allegedly "contact[ed] ... under

15 false pretense in order to interrogate them about Bratz and this litigation."

16 RESPONSE TO REQUEST FOR PRODUCTION NO. 337:

17      Larian incorporates by reference his General Response and General Objections

18 above, as though fully set forth herein and specifically incorporates General

19 Objection No. 15 (regarding Definitions), including without limitation Larian's

20 objection to the definition of the term PERSON.  Larian further objects to the request

21 to the extent it seeks the production of documents that are protected from disclosure

22 under any applicable privilege, doctrine or immunity, including without limitation

23 the attorney-client privilege, the work product doctrine, the right of privacy, and all

24 other privileges recognized under the constitutional, statutory or decisional law of

25 the United States of America, the State of California or any other applicable

26 jurisdiction.  Larian further objects to this request as being overly broad and unduly

27 burdensome on the grounds that it is not limited in time or geographical scope.

28 Larian further objects to this request on the grounds that the phrase "[a]ll

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 812

1  DOCUMENTS, including but not limited to all COMMUNICATIONS with any

2  PERSON, that REFER OR RELATE TO" does not comply with the "reasonable

3  particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

4  request overly broad and unduly burdensome in light of "the wealth of material

5  already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co.,

6  82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects to the request to the

7  extent that it seeks documents that by reason of public filing, public distribution or

8  otherwise are already in Mattel's possession or are readily accessible to Mattel.

9  Larian further objects to the request to the extent that it seeks documents not in

10  Larian's possession, custody or control.  Larian further objects to the request to the

11  extent it seeks confidential, proprietary or commercially sensitive information, the

12  disclosure of which would be inimical to the business interests of Larian or MGA.

13  Larian further objects to the request to the extent it violates the privacy rights of third

14  parties to their private, confidential, proprietary or trade secret information.

15       Larian further objects to this request as cumulative, duplicative, and unduly

16  burdensome to the extent that it seeks documents previously requested by Mattel or

17  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

18  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

19  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

20  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

21  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

22  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

23  Things to MGAE de Mexico S.R.L. de C.V.

24       Without waiving any of the foregoing General or Specific Objections, but

25  rather expressly preserving each and every such objection, Larian responds as

26  follows:  Larian will produce all non-privileged, responsive documents in his

27  possession, custody or control, if any, that he is able to locate following a reasonably

28  diligent search.

EXHIBIT 15

1  REQUEST FOR PRODUCTION NO. 338:

2    All DOCUMENTS that YOU contend show or tend to show that any alleged

3  "[contact by MATTEL with] persons under false pretense in order to interrogate

4  them about Bratz and this litigation" was illegal or improper.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 338:

6    Larian incorporates by reference his General Response and General Objections

7  above, as though fully set forth herein and specifically incorporates General

8  Objection No. 15 (regarding Definitions), including without limitation Larian's

9  objection to the definition of the terms YOU, and its incorporated terms

10  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

11  seeks the production of documents that are protected from disclosure under any

12  applicable privilege, doctrine or immunity, including without limitation the attorney-

13  client privilege, the work product doctrine, the right of privacy, and all other

14  privileges recognized under the constitutional, statutory or decisional law of the

15  United States of America, the State of California or any other applicable jurisdiction.

16  Larian further objects to this request as being overly broad and unduly burdensome

17  on the grounds that it is not limited in time or geographical scope.  Larian further

18  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS" does not

19  comply with the "reasonable particularity" requirement of Federal Rule of Civil

20  Procedure 34 and renders the request overly broad and unduly burdensome in light of

21  "the wealth of material already made available in this case."  Westhemeco Ltd. v.

22  New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

23  objects that the phrases "show or tend to show" and "illegal or improper" are, both

24  individually and taken together, compound, rendering the request vague, ambiguous

25  and unintelligible.  Larian further objects to the request to the extent that it seeks

26  documents that by reason of public filing, public distribution or otherwise are already

27  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

28  the request to the extent that it seeks documents not in Larian's possession, custody

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 81C

1   or control.  Larian further objects to the request to the extent it seeks confidential,

2   proprietary or commercially sensitive information, the disclosure of which would be

3   inimical to the business interests of Larian or MGA.  Larian further objects to the

4   request to the extent it violates the privacy rights of third parties to their private,

5   confidential, proprietary or trade secret information.

6        Larian further objects to this request as cumulative, duplicative, and unduly

7   burdensome to the extent that it seeks documents previously requested by Mattel or

8   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

9   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

10  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

11  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

12  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

13  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

14  Things to MGAE de Mexico S.R.L. de C.V.

15       Without waiving any of the foregoing General or Specific Objections, but

16  rather expressly preserving each and every such objection, Larian responds as

17  follows:  Larian will produce all non-privileged, responsive documents in his

18  possession, custody or control, if any, that he is able to locate following a reasonably

19  diligent search.

20  REQUEST FOR PRODUCTION NO. 339:

21       All DOCUMENTS that YOU contend show or tend to show that any alleged

22  "[contact by MATTEL with] persons under false pretense in order to interrogate

23  them about Bratz and this litigation" was not privileged.

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 339:

25       Larian incorporates by reference his General Response and General Objections

26  above, as though fully set forth herein and specifically incorporates General

27  Objection No. 15 (regarding Definitions), including without limitation Larian's

28  objection to the definition of the terms YOU, and its incorporated terms

EXHIBIT 15

PAGE 815

1 AFFILIATES and PERSON. Larian further objects to the request to the extent it

2 seeks the production of documents that are protected from disclosure under any

3 applicable privilege, doctrine or immunity, including without limitation the attorney-

4 client privilege, the work product doctrine, the right of privacy, and all other

5 privileges recognized under the constitutional, statutory or decisional law of the

6 United States of America, the State of California or any other applicable jurisdiction.

7 Larian further objects to this request as being overly broad and unduly burdensome

8 on the grounds that it is not limited in time or geographical scope. Larian further

9 objects to this request on the grounds that the phrase "[a]ll DOCUMENTS " does not

10 comply with the "reasonable particularity" requirement of Federal Rule of Civil

11 Procedure 34 and renders the request overly broad and unduly burdensome in light of

12 "the wealth of material already made available in this case." Westhemeco Ltd. v.

13 New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further

14 objects that the phrases "show or tend to show" is compound, rendering the request

15 vague, ambiguous and unintelligible. Larian further objects to the request to the

16 extent that it seeks documents that by reason of public filing, public distribution or

17 otherwise are already in Mattel's possession or are readily accessible to Mattel.

18 Larian further objects to the request to the extent that it seeks documents not in

19 Larian's possession, custody or control. Larian further objects to the request to the

20 extent it seeks confidential, proprietary or commercially sensitive information, the

21 disclosure of which would be inimical to the business interests of Larian or MGA.

22 Larian further objects to the request to the extent it violates the privacy rights of third

23 parties to their private, confidential, proprietary or trade secret information.

24        Larian further objects to this request as cumulative, duplicative, and unduly

25 burdensome to the extent that it seeks documents previously requested by Mattel or

26 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

27 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

28 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

EXHIBIT 15

PAGE 816

1  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

2  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

3  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

4  Things to MGAE de Mexico S.R.L. de C.V.

5       Without waiving any of the foregoing General or Specific Objections, but

6  rather expressly preserving each and every such objection, Larian responds as

7  follows:  Larian will produce all non-privileged, responsive documents in his

8  possession, custody or control, if any, that he is able to locate following a reasonably

9  diligent search.

10  REQUEST FOR PRODUCTION NO. 340:

11       All DOCUMENTS that describe the allegedly "false pretenses" that MATTEL

12  used or employed to "contact[] persons ... in order to interrogate them about Bratz

13  and this litigation."

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 340:

15       Larian incorporates by reference his General Response and General Objections

16  above, as though fully set forth herein.  Larian further objects to the request to the

17  extent it seeks the production of documents that are protected from disclosure under

18  any applicable privilege, doctrine or immunity, including without limitation the

19  attorney-client privilege, the work product doctrine, the right of privacy, and all other

20  privileges recognized under the constitutional, statutory or decisional law of the

21  United States of America, the State of California or any other applicable jurisdiction.

22  Larian further objects to this request as being overly broad and unduly burdensome

23  on the grounds that it is not limited in time or geographical scope.  Larian further

24  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS" does not

25  comply with the "reasonable particularity" requirement of Federal Rule of Civil

26  Procedure 34 and renders the request overly broad and unduly burdensome in light of

27  "the wealth of material already made available in this case."  Westhemeco Ltd. v.

28  New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

EXHIBIT 15

1 | objects that the phrases "used or employed" and "Bratz and this litigation" are, both

2 | individually and taken together, compound, rendering the request vague, ambiguous

3 | and unintelligible. Larian further objects to the request to the extent that it seeks

4 | documents that by reason of public filing, public distribution or otherwise are already

5 | in Mattel's possession or are readily accessible to Mattel. Larian further objects to

6 | the request to the extent that it seeks documents not in Larian's possession, custody

7 | or control. Larian further objects to the request to the extent it seeks confidential,

8 | proprietary or commercially sensitive information, the disclosure of which would be

9 | inimical to the business interests of Larian or MGA. Larian further objects to the

10 | request to the extent it violates the privacy rights of third parties to their private,

11 | confidential, proprietary or trade secret information.

12 | Larian further objects to this request as cumulative, duplicative, and unduly

13 | burdensome to the extent that it seeks documents previously requested by Mattel or

14 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

15 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

16 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to

17 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

18 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.

19 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

20 | Things to MGAE de Mexico S.R.L. de C.V.

21 | Without waiving any of the foregoing General or Specific Objections, but

22 | rather expressly preserving each and every such objection, Larian responds as

23 | follows: Larian will produce all non-privileged, responsive documents in his

24 | possession, custody or control, if any, that he is able to locate following a reasonably

25 | diligent search.

26 | REQUEST FOR PRODUCTION NO. 341:

27 | All DOCUMENTS, including but not limited to all COMMUNICATIONS

28 | with any PERSON, RELATING to YOUR actions in response to, or efforts to stop,

EXHIBIT 15

PAGE 818

1  thwart, prevent, counter or mitigate, MATTEL from allegedly "contacting persons

2  under false pretense in order to interrogate them about Bratz and this litigation."

3  RESPONSE TO REQUEST FOR PRODUCTION NO. 341:

4      Larian incorporates by reference his General Response and General Objections

5  above, as though fully set forth herein and specifically incorporates General

6  Objection No. 15 (regarding Definitions), including without limitation Larian's

7  objection to the definition of the term YOUR, and its incorporated terms

8  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

9  seeks the production of documents that are protected from disclosure under any

10  applicable privilege, doctrine or immunity, including without limitation the attorney-

11  client privilege, the work product doctrine, the right of privacy, and all other

12  privileges recognized under the constitutional, statutory or decisional law of the

13  United States of America, the State of California or any other applicable jurisdiction.

14  Larian further objects to this request as being overly broad and unduly burdensome

15  on the grounds that it is not limited in time or geographical scope.  Larian further

16  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

17  but not limited to all COMMUNICATIONS with any PERSON, RELATING TO"

18  does not comply with the "reasonable particularity" requirement of Federal Rule of

19  Civil Procedure 34 and renders the request overly broad and unduly burdensome in

20  light of "the wealth of material already made available in this case."  Westhemeco

21  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

22  further objects that the phrase "RELATING to YOUR actions in response to, or

23  efforts to stop, thwart, prevent, counter or mitigate" is compound and, as such,

24  renders the request vague, ambiguous, and unintelligible.  Larian further objects to

25  the request to the extent that it seeks documents that by reason of public filing,

26  public distribution or otherwise are already in Mattel's possession or are readily

27  accessible to Mattel.  Larian further objects to the request to the extent that it seeks

28  documents not in Larian's possession, custody or control.  Larian further objects to

539

EXHIBIT 15

PAGE 819

1 | the request to the extent it seeks confidential, proprietary or commercially sensitive

2 | information, the disclosure of which would be inimical to the business interests of

3 | Larian or MGA. Larian further objects to the request to the extent it violates the

4 | privacy rights of third parties to their private, confidential, proprietary or trade secret

5 | information.

6 | Larian further objects to this request as cumulative, duplicative, and unduly

7 | burdensome to the extent that it seeks documents previously requested by Mattel or

8 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

9 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

10 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to

11 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

12 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.

13 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

14 | Things to MGAE de Mexico S.R.L. de C.V.

15 | Without waiving any of the foregoing General or Specific Objections, but

16 | rather expressly preserving each and every such objection, Larian responds as

17 | follows: Larian will produce all non-privileged, responsive documents in his

18 | possession, custody or control, if any, that he is able to locate following a reasonably

19 | diligent search.

20 | REQUEST FOR PRODUCTION NO. 342:

21 | All DOCUMENTS, including but not limited to all COMMUNICATIONS

22 | with any PERSON, RELATING to any loss, harm, injury, increased expense, lost

23 | revenue or profits, or any other damage caused to YOU by MATTEL'S alleged

24 | "[contact with] persons under false pretense in order to interrogate them about Bratz

25 | and this litigation."

26 | RESPONSE TO REQUEST FOR PRODUCTION NO. 342:

27 | Larian incorporates by reference his General Response and General Objections

28 | above, as though fully set forth herein and specifically incorporates General

540

EXHIBIT 15

PAGE 820

1  Objection No. 15 (regarding Definitions), including without limitation Larian's
2  objection to the definition of the term YOU, and its incorporated terms AFFILIATES
3  and PERSON.  Larian further objects to the request to the extent it seeks the
4  production of documents that are protected from disclosure under any applicable
5  privilege, doctrine or immunity, including without limitation the attorney-client
6  privilege, the work product doctrine, the right of privacy, and all other privileges
7  recognized under the constitutional, statutory or decisional law of the United States
8  of America, the State of California or any other applicable jurisdiction.  Larian
9  further objects to this request as being overly broad and unduly burdensome on the
10 grounds that it is not limited in time or geographical scope.  Larian further objects to
11 this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not
12 limited to all COMMUNICATIONS with any PERSON" does not comply with the
13 "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and
14 renders the request overly broad and unduly burdensome in light of "the wealth of
15 material already made available in this case."  Westhemeco Ltd. v. New Hampshire
16 Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase
17 "any loss, harm, injury, increased expense, lost revenue or profits, or any other
18 damage" is compound and, as such, renders the request vague, ambiguous, and
19 unintelligible.  Larian further objects to the request to the extent that it seeks
20 documents that by reason of public filing, public distribution or otherwise are already
21 in Mattel's possession or are readily accessible to Mattel.  Larian further objects to
22 the request to the extent that it seeks documents not in Larian's possession, custody
23 or control.  Larian further objects to the request to the extent it seeks confidential,
24 proprietary or commercially sensitive information, the disclosure of which would be
25 inimical to the business interests of Larian or MGA.  Larian further objects to the
26 request to the extent it violates the privacy rights of third parties to their private,
27 confidential, proprietary or trade secret information.
28

EXHIBIT 15

PAGE 821

541

1   Larian further objects to this request as cumulative, duplicative, and unduly
2   burdensome to the extent that it seeks documents previously requested by Mattel or
3   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
4   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
5   Inc.'s First Set of Requests for Production of Documents and Tangible Things to
6   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
7   Requests for Production of Documents and Things to Isaac Larian and Request Nos.
8   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
9   Things to MGAE de Mexico S.R.L. de C.V.
10   Without waiving any of the foregoing General or Specific Objections, but
11   rather expressly preserving each and every such objection, Larian responds as
12   follows:  Larian will produce all non-privileged, responsive documents in his
13   possession, custody or control, if any, that he is able to locate following a reasonably
14   diligent search.
15   REQUEST FOR PRODUCTION NO. 343:
16   All DOCUMENTS, including but not limited to all COMMUNICATIONS
17   with any PERSON, RELATING to YOU contacting any PERSON under false
18   pretense in order to question, interview or interrogate them about MATTEL and this
19   litigation.
20   RESPONSE TO REQUEST FOR PRODUCTION NO. 343:
21   Larian incorporates by reference his General Response and General Objections
22   above, as though fully set forth herein and specifically incorporates General
23   Objection No. 15 (regarding Definitions), including without limitation MGA's
24   objection to the definition of the term YOU, and its incorporated terms AFFILIATES
25   and PERSON.  Larian further objects to the request to the extent it seeks the
26   production of documents that are protected from disclosure under any applicable
27   privilege, doctrine or immunity, including without limitation the attorney-client
28   privilege, the work product doctrine, the right of privacy, and all other privileges

542

EXHIBIT 15

1  recognized under the constitutional, statutory or decisional law of the United States

2  of America, the State of California or any other applicable jurisdiction.  Larian

3  further objects to this request on the grounds that it is overly broad and unduly

4  burdensome in that it seeks documents not relevant to the claims or defenses in this

5  action and not reasonably calculated to lead to the discovery of admissible evidence.

6  Larian further objects to this request as being overly broad and unduly burdensome

7  on the grounds that it is not limited in time or geographical scope.  Larian further

8  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

9  but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

10  RELATE TO" does not comply with the "reasonable particularity" requirement of

11  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

12  burdensome in light of "the wealth of material already made available in this case."

13  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

14  Larian further objects that the phrase "YOU contacting any PERSON under false

15  pretense in order to question, interview or interrogate them about MATTEL and this

16  litigation" is (1) accusatory and argumentative such that Larian would have to

17  respond to the allegations of the request before providing any substantive response,

18  see Zadrozny v. Board of Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill.

19  April 24, 1991), and (2) compound, rendering the request vague, ambiguous, and

20  unintelligible.  Larian further objects to the request to the extent that it seeks

21  documents that by reason of public filing, public distribution or otherwise are already

22  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

23  the request to the extent that it seeks documents not in Larian's possession, custody

24  or control.  Larian further objects to the request to the extent it seeks confidential,

25  proprietary or commercially sensitive information, the disclosure of which would be

26  inimical to the business interests of Larian or MGA.  Larian further objects to the

27  request to the extent it violates the privacy rights of third parties to their private,

28  confidential, proprietary or trade secret information.

EXHIBIT 15

PAGE 893

1  REQUEST FOR PRODUCTION NO. 344:

2        All DOCUMENTS that REFER OR RELATE TO any interview or

3  conversation that YOU have had, or attempted, proposed or requested to have, with

4  Anna Rhee.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 344:

6        Larian incorporates by reference his General Response and General Objections

7  above, as though fully set forth herein and specifically incorporates General

8  Objection No. 15 (regarding Definitions), including without limitation MGA's

9  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

10  and PERSON.  Larian further objects to the request to the extent it seeks the

11  production of documents that are protected from disclosure under any applicable

12  privilege, doctrine or immunity, including without limitation the attorney-client

13  privilege, the work product doctrine, the right of privacy, and all other privileges

14  recognized under the constitutional, statutory or decisional law of the United States

15  of America, the State of California or any other applicable jurisdiction.  Larian

16  further objects to this request on the grounds that it is overly broad and unduly

17  burdensome in that it seeks documents not relevant to the claims or defenses in this

18  action and not reasonably calculated to lead to the discovery of admissible evidence.

19  Larian further objects to this request as being overly broad and unduly burdensome

20  on the grounds that it is not limited in time or geographical scope.  Larian further

21  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that

22  REFER OR RELATE TO" does not comply with the "reasonable particularity"

23  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

24  broad and unduly burdensome in light of "the wealth of material already made

25  available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

26  709 (S.D.N.Y. 1979).  Larian further objects that the phrase "any interview or

27  conversation that YOU have had, or attempted, proposed or requested to have" is

28  compound, rendering the request vague, ambiguous, and unintelligible.  Larian

EXHIBIT *15*

PAGE *820*

1 further objects to the request to the extent that it seeks documents that by reason of

2 public filing, public distribution or otherwise are already in Mattel's possession or

3 are readily accessible to Mattel.  Larian further objects to the request to the extent

4 that it seeks documents not in Larian's possession, custody or control.  Larian further

5 objects to the request to the extent it seeks confidential, proprietary or commercially

6 sensitive information, the disclosure of which would be inimical to the business

7 interests of Larian or MGA.  Larian further objects to the request to the extent it

8 violates the privacy rights of third parties to their private, confidential, proprietary or

9 trade secret information.

10 REQUEST FOR PRODUCTION NO. 345:

11        All DOCUMENTS, including but not limited to all COMMUNICATIONS

12 with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL

13 "coerc[ed] its employees to accept restrictive covenants (right before a massive

14 layoff) and non-compete clauses and other efforts to prevent prospective MGA

15 employees from accepting offers of employment."

16 RESPONSE TO REQUEST FOR PRODUCTION NO. 345:

17        Larian incorporates by reference his General Response and General Objections

18 above, as though fully set forth herein and specifically incorporates General

19 Objection No. 15 (regarding Definitions), including without limitation Larian's

20 objection to the definition of the term YOUR, and its incorporated terms

21 AFFILIATES and PERSON.  Larian further objects to the request to the extent it

22 seeks the production of documents that are protected from disclosure under any

23 applicable privilege, doctrine or immunity, including without limitation the attorney-

24 client privilege, the work product doctrine, the right of privacy, and all other

25 privileges recognized under the constitutional, statutory or decisional law of the

26 United States of America, the State of California or any other applicable jurisdiction.

27 Larian further objects to this request as being overly broad and unduly burdensome

28 on the grounds that it is not limited in time or geographical scope.  Larian further

EXHIBIT _15_

PAGE _825_

1 objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

2 but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

3 RELATE TO" does not comply with the "reasonable particularity" requirement of

4 Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

5 burdensome in light of "the wealth of material already made available in this case."

6 Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

7 Larian further objects to the request to the extent that it seeks documents that by

8 reason of public filing, public distribution or otherwise are already in Mattel's

9 possession or are readily accessible to Mattel.  Larian further objects to the request to

10 the extent that it seeks documents not in Larian's possession, custody or control.

11 Larian further objects to the request to the extent it seeks confidential, proprietary or

12 commercially sensitive information, the disclosure of which would be inimical to the

13 business interests of Larian or MGA.  Larian further objects to the request to the

14 extent it violates the privacy rights of third parties to their private, confidential,

15 proprietary or trade secret information.

16      Larian further objects to this request as cumulative, duplicative, and unduly

17 burdensome to the extent that it seeks documents previously requested by Mattel or

18 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

19 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

20 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

21 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

22 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

23 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

24 Things to MGAE de Mexico S.R.L. de C.V.

25      Without waiving any of the foregoing General or Specific Objections, but

26 rather expressly preserving each and every such objection, Larian responds as

27 follows:  Larian will produce all non-privileged, responsive documents in his

28

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049-SGL

PAGE 836

1   possession, custody or control, if any, that he is able to locate following a reasonably

2   diligent search.

3   <u>REQUEST FOR PRODUCTION NO. 346:</u>

4        All DOCUMENTS, including but not limited to all COMMUNICATIONS

5   with any PERSON, that YOU contend prove or that YOU will rely on at trial to

6   prove that MATTEL "coerc[ed] its employees to accept restrictive covenants (right

7   before a massive layoff) and non-compete clauses and other efforts to prevent

8   prospective MGA employees from accepting offers of employment."

9   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 346:</u>

10        Larian incorporates by reference his General Response and General Objections

11   above, as though fully set forth herein and specifically incorporates General

12   Objection No. 15 (regarding Definitions), including without limitation Larian's

13   objection to the definition of the term YOU, and its incorporated terms AFFILIATES

14   and PERSON.  Larian further objects to the request to the extent it seeks the

15   production of documents that are protected from disclosure under any applicable

16   privilege, doctrine or immunity, including without limitation the attorney-client

17   privilege, the work product doctrine, the right of privacy, and all other privileges

18   recognized under the constitutional, statutory or decisional law of the United States

19   of America, the State of California or any other applicable jurisdiction.  Larian

20   further objects to this request as being overly broad and unduly burdensome on the

21   grounds that it is not limited in time or geographical scope.  Larian further objects to

22   this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

23   limited to all COMMUNICATIONS with any PERSON" does not comply with the

24   "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

25   renders the request overly broad and unduly burdensome in light of "the wealth of

26   material already made available in this case."  <u>Westhemeco Ltd. v. New Hampshire</u>

27   <u>Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase

28   "that YOU contend prove or that YOU will rely on at trial to prove" is compound

EXHIBIT 15

PAGE 627

1  and, as such, renders the request vague, ambiguous, and unintelligible.  Larian

2  further objects to the request to the extent that it seeks documents that by reason of

3  public filing, public distribution or otherwise are already in Mattel's possession or

4  are readily accessible to Mattel.  Larian further objects to the request to the extent

5  that it seeks documents not in Larian's possession, custody or control.  Larian further

6  objects to the request to the extent it seeks confidential, proprietary or commercially

7  sensitive information, the disclosure of which would be inimical to the business

8  interests of Larian or MGA.  Larian further objects to the request to the extent it

9  violates the privacy rights of third parties to their private, confidential, proprietary or

10  trade secret information.

11       Larian further objects to this request as cumulative, duplicative, and unduly

12  burdensome to the extent that it seeks documents previously requested by Mattel or

13  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

14  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

15  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

16  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

17  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

18  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

19  Things to MGAE de Mexico S.R.L. de C.V.

20       Without waiving any of the foregoing General or Specific Objections, but

21  rather expressly preserving each and every such objection, Larian responds as

22  follows:  Larian will produce all non-privileged, responsive documents in his

23  possession, custody or control, if any, that he is able to locate following a reasonably

24  diligent search.

25  REQUEST FOR PRODUCTION NO. 347:

26       DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

27  YOUR allegation that MATTEL "coerc[ed] its employees to accept restrictive

28  covenants ... and non-compete clauses."

EXHIBIT 15

PAGE 828

**RESPONSE TO REQUEST FOR PRODUCTION NO. 347:**

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the term YOUR, and its incorporated terms AFFILIATES and PERSON. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrase "all PERSONS with knowledge of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly burdensome in that anyone who has read Larian's Answer in this matter has "knowledge of [Larian's] allegation," without regard to whether the factual basis for the allegation is known to them. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or

549

EXHIBIT _15_

PAGE _____ 829

1  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

2  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

3  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

4  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

5  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

6  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

7  Things to MGAE de Mexico S.R.L. de C.V.

8          Without waiving any of the foregoing General or Specific Objections, but

9  rather expressly preserving each and every such objection, Larian responds as

10  follows:  Larian will produce all non-privileged, responsive documents in his

11  possession, custody or control, if any, that he is able to locate following a reasonably

12  diligent search.

13  REQUEST FOR PRODUCTION NO. 348:

14          DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

15  YOUR allegation that MATTEL engaged in "efforts to prevent prospective MGA

16  employees from accepting offers of employment."

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 348:

18          Larian incorporates by reference his General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General

20  Objection No. 15 (regarding Definitions), including without limitation Larian's

21  objection to the definition of the term YOUR, and its incorporated terms

22  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

23  seeks the production of documents that are protected from disclosure under any

24  applicable privilege, doctrine or immunity, including without limitation the attorney-

25  client privilege, the work product doctrine, the right of privacy, and all other

26  privileges recognized under the constitutional, statutory or decisional law of the

27  United States of America, the State of California or any other applicable jurisdiction.

28  Larian further objects to this request as being overly broad and unduly burdensome

EXHIBIT _15_

PAGE ___830___

1  on the grounds that it is not limited in time or geographical scope.  Larian further

2  objects to this request on the grounds that the phrase "all PERSONS with knowledge

3  of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly

4  burdensome in that anyone who has read Larian's Answer in this matter has

5  "knowledge of [Larian's] allegation," without regard to whether the factual basis for

6  the allegation is known to them.  Larian further objects to the request to the extent

7  that it seeks documents that by reason of public filing, public distribution or

8  otherwise are already in Mattel's possession or are readily accessible to Mattel.

9  Larian further objects to the request to the extent that it seeks documents not in

10  Larian's possession, custody or control.  Larian further objects to the request to the

11  extent it seeks confidential, proprietary or commercially sensitive information, the

12  disclosure of which would be inimical to the business interests of Larian or MGA.

13  Larian further objects to the request to the extent it violates the privacy rights of third

14  parties to their private, confidential, proprietary or trade secret information.

15      Larian further objects to this request as cumulative, duplicative, and unduly

16  burdensome to the extent that it seeks documents previously requested by Mattel or

17  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

18  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

19  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

20  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

21  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

22  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

23  Things to MGAE de Mexico S.R.L. de C.V.

24      Without waiving any of the foregoing General or Specific Objections, but

25  rather expressly preserving each and every such objection, Larian responds as

26  follows:  Larian will produce all non-privileged, responsive documents in his

27  possession, custody or control, if any, that he is able to locate following a reasonably

28  diligent search.

551

EXHIBIT _13_

1   REQUEST FOR PRODUCTION NO. 349:

2       DOCUMENTS describing all time periods during which MATTEL allegedly

3   "coerc[ed] its employees to accept restrictive covenants ... and non-compete clauses

4   and other efforts to prevent prospective MGA employees from accepting offers of

5   employment."

6   RESPONSE TO REQUEST FOR PRODUCTION NO. 349:

7       Larian incorporates by reference his General Response and General Objections

8   above, as though fully set forth herein.  Larian further objects to the request to the

9   extent it seeks the production of documents that are protected from disclosure under

10  any applicable privilege, doctrine or immunity, including without limitation the

11  attorney-client privilege, the work product doctrine, the right of privacy, and all other

12  privileges recognized under the constitutional, statutory or decisional law of the

13  United States of America, the State of California or any other applicable jurisdiction.

14  Larian further objects to this request as being overly broad and unduly burdensome

15  on the grounds that it is not limited in time or geographical scope.  Larian further

16  objects to this request on the grounds that the phrase "DOCUMENTS describing all

17  time periods during which" renders the request vague, ambiguous, and unintelligible.

18  Larian further objects to the request to the extent that it seeks documents that by

19  reason of public filing, public distribution or otherwise are already in Mattel's

20  possession or are readily accessible to Mattel.  Larian further objects to the request to

21  the extent that it seeks documents not in Larian's possession, custody or control.

22  Larian further objects to the request to the extent it seeks confidential, proprietary or

23  commercially sensitive information, the disclosure of which would be inimical to the

24  business interests of Larian or MGA.  Larian further objects to the request to the

25  extent it violates the privacy rights of third parties to their private, confidential,

26  proprietary or trade secret information.

27      Larian further objects to this request as cumulative, duplicative, and unduly

28  burdensome to the extent that it seeks documents previously requested by Mattel or

EXHIBIT 15

PAGE 632

1  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

2  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

3  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

4  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

5  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

6  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

7  Things to MGAE de Mexico S.R.L. de C.V.

8       Without waiving any of the foregoing General or Specific Objections, but

9  rather expressly preserving each and every such objection, Larian responds as

10  follows:  Larian will produce all non-privileged, responsive documents in his

11  possession, custody or control, if any, that he is able to locate following a reasonably

12  diligent search.

13  REQUEST FOR PRODUCTION NO. 350:

14       DOCUMENTS sufficient to IDENTIFY every PERSON who YOU contend

15  MATTEL "coerc[ed] ... to accept restrictive covenants ... and non-compete clauses"

16  in order to "prevent [the person] from accepting [an] offer[] of employment [from

17  MGA]."

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 350:

19       Larian incorporates by reference his General Response and General Objections

20  above, as though fully set forth herein and specifically incorporates General

21  Objection No. 15 (regarding Definitions), including without limitation Larian's

22  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

23  and PERSON.   Larian further objects to the request to the extent it seeks the

24  production of documents that are protected from disclosure under any applicable

25  privilege, doctrine or immunity, including without limitation the attorney-client

26  privilege, the work product doctrine, the right of privacy, and all other privileges

27  recognized under the constitutional, statutory or decisional law of the United States

28  of America, the State of California or any other applicable jurisdiction.   Larian

EXHIBIT _15_

PAGE _832_