1 further objects to this request as being overly broad and unduly burdensome on the

2 grounds that it is not limited in time or geographical scope. Larian further objects to

3 the request to the extent that it seeks documents that by reason of public filing,

4 public distribution or otherwise are already in Mattel's possession or are readily

5 accessible to Mattel. Larian further objects to the request to the extent that it seeks

6 documents not in Larian's possession, custody or control. Larian further objects to

7 the request to the extent it seeks confidential, proprietary or commercially sensitive

8 information, the disclosure of which would be inimical to the business interests of

9 Larian or MGA. Larian further objects to the request to the extent it violates the

10 privacy rights of third parties to their private, confidential, proprietary or trade secret

11 information.

12      Larian further objects to this request as cumulative, duplicative, and unduly

13 burdensome to the extent that it seeks documents previously requested by Mattel or

14 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

15 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

16 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

17 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

18 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

19 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

20 Things to MGAE de Mexico S.R.L. de C.V.

21      Without waiving any of the foregoing General or Specific Objections, but

22 rather expressly preserving each and every such objection, Larian responds as

23 follows: Larian will produce all non-privileged, responsive documents in his

24 possession, custody or control, if any, that he is able to locate following a reasonably

25 diligent search.

26 REQUEST FOR PRODUCTION NO. 351:

27      DOCUMENTS sufficient to IDENTIFY every PERSON who YOU contend

28 MATTEL "prevent[ed] from accepting [an] offer[] of employment [from MGA]."

EXHIBIT *15*

PAGE *834*

RESPONSE TO REQUEST FOR PRODUCTION NO. 351:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the term YOU, and its incorporated terms AFFILIATES and PERSON.   Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.   Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control.  Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA.  Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

555

EXHIBIT 15

PAGE 835

1 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.

2 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

3 | Things to MGAE de Mexico S.R.L. de C.V.

4 |    Without waiving any of the foregoing General or Specific Objections, but

5 | rather expressly preserving each and every such objection, Larian responds as

6 | follows:  Larian will produce all non-privileged, responsive documents in his

7 | possession, custody or control, if any, that he is able to locate following a reasonably

8 | diligent search.

9 | REQUEST FOR PRODUCTION NO. 352:

10 |    DOCUMENTS sufficient to IDENTIFY every PERSON who became YOUR

11 | employee who YOU contend MATTEL "coerc[ed] ... to accept restrictive

12 | covenants ... and non-compete clauses" in order to "prevent [the person] from

13 | accepting [an] offer[] of employment [from MGA]."

14 | RESPONSE TO REQUEST FOR PRODUCTION NO. 352:

15 |    Larian incorporates by reference his General Response and General Objections

16 | above, as though fully set forth herein and specifically incorporates General

17 | Objection No. 15 (regarding Definitions), including without limitation Larian's

18 | objection to the definition of the term YOU, and its incorporated terms AFFILIATES

19 | and PERSON.   Larian further objects to the request to the extent it seeks the

20 | production of documents that are protected from disclosure under any applicable

21 | privilege, doctrine or immunity, including without limitation the attorney-client

22 | privilege, the work product doctrine, the right of privacy, and all other privileges

23 | recognized under the constitutional, statutory or decisional law of the United States

24 | of America, the State of California or any other applicable jurisdiction.   Larian

25 | further objects to this request as being overly broad and unduly burdensome on the

26 | grounds that it is not limited in time or geographical scope.  Larian further objects to

27 | the request to the extent that it seeks documents that by reason of public filing,

28 | public distribution or otherwise are already in Mattel's possession or are readily

EXHIBIT 15

PAGE 836

1 accessible to Mattel.  Larian further objects to the request to the extent that it seeks

2 documents not in Larian's possession, custody or control.  Larian further objects to

3 the request to the extent it seeks confidential, proprietary or commercially sensitive

4 information, the disclosure of which would be inimical to the business interests of

5 Larian or MGA.  Larian further objects to the request to the extent it violates the

6 privacy rights of third parties to their private, confidential, proprietary or trade secret

7 information.

8       Larian further objects to this request as cumulative, duplicative, and unduly

9 burdensome to the extent that it seeks documents previously requested by Mattel or

10 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

11 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

12 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

13 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

14 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

15 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

16 Things to MGAE de Mexico S.R.L. de C.V.

17       Without waiving any of the foregoing General or Specific Objections, but

18 rather expressly preserving each and every such objection, Larian responds as

19 follows:  Larian will produce all non-privileged, responsive documents in his

20 possession, custody or control, if any, that he is able to locate following a reasonably

21 diligent search.

22 REQUEST FOR PRODUCTION NO. 353:

23       DOCUMENTS sufficient to IDENTIFY every PERSON who did not become

24 YOUR employee who YOU contend MATTEL "coerc[ed] ... to accept restrictive

25 covenants ... and non-compete clauses" in order to "prevent [the person] from

26 accepting [an] offer[] of employment [from MGA]."

27 EXHIBIT 15

28 PAGE 837

557

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

RESPONSE TO REQUEST FOR PRODUCTION NO. 353:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the term YOU, and its incorporated terms AFFILIATES and PERSON. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

558

1  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

2  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

3  Things to MGAE de Mexico S.R.L. de C.V.

4        Without waiving any of the foregoing General or Specific Objections, but

5  rather expressly preserving each and every such objection, Larian responds as

6  follows:  Larian will produce all non-privileged, responsive documents in his

7  possession, custody or control, if any, that he is able to locate following a reasonably

8  diligent search.

9  REQUEST FOR PRODUCTION NO. 354:

10        DOCUMENTS sufficient to IDENTIFY the date of each alleged instance of

11  MATTEL "coercing [an] employee[] to accept restrictive covenants ... and non-

12  compete clauses" in order to "prevent [the person] from accepting [an] offer[] of

13  employment [from MGA]."

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 354:

15        Larian incorporates by reference his General Response and General Objections

16  above, as though fully set forth herein.   Larian further objects to the request to the

17  extent it seeks the production of documents that are protected from disclosure under

18  any applicable privilege, doctrine or immunity, including without limitation the

19  attorney-client privilege, the work product doctrine, the right of privacy, and all other

20  privileges recognized under the constitutional, statutory or decisional law of the

21  United States of America, the State of California or any other applicable jurisdiction.

22  Larian further objects to this request as being overly broad and unduly burdensome

23  on the grounds that it is not limited in time or geographical scope.  Larian further

24  objects to the request to the extent that it seeks documents that by reason of public

25  filing, public distribution or otherwise are already in Mattel's possession or are

26  readily accessible to Mattel.  Larian further objects to the request to the extent that it

27  seeks documents not in Larian's possession, custody or control.  Larian further

28  objects to the request to the extent it seeks confidential, proprietary or commercially

EXHIBIT _15_

PAGE _637_

1 | sensitive information, the disclosure of which would be inimical to the business
2 | interests of Larian or MGA.  Larian further objects to the request to the extent it
3 | violates the privacy rights of third parties to their private, confidential, proprietary or
4 | trade secret information.

5 | Larian further objects to this request as cumulative, duplicative, and unduly
6 | burdensome to the extent that it seeks documents previously requested by Mattel or
7 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
8 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
9 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
10 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
11 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
12 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
13 | Things to MGAE de Mexico S.R.L. de C.V.

14 | Without waiving any of the foregoing General or Specific Objections, but
15 | rather expressly preserving each and every such objection, Larian responds as
16 | follows:  Larian will produce all non-privileged, responsive documents in his
17 | possession, custody or control, if any, that he is able to locate following a reasonably
18 | diligent search.

19 | REQUEST FOR PRODUCTION NO. 355:

20 | DOCUMENTS sufficient to IDENTIFY what YOU contend was the purpose
21 | or reason of each alleged instance of MATTEL "coercing [an] employee[] to accept
22 | restrictive covenants ... and non-compete clauses" in order to "prevent [the person]
23 | from accepting [an] offer[] of employment [from MGA]."

24 | RESPONSE TO REQUEST FOR PRODUCTION NO. 355:

25 | Larian incorporates by reference his General Response and General Objections
26 | above, as though fully set forth herein and specifically incorporates General
27 | Objection No. 15 (regarding Definitions), including without limitation Larian's
28 | objection to the definition of the term YOU, and its incorporated terms AFFILIATES

EXHIBIT _15_

PAGE _840_

1  and PERSON.   Larian further objects to the request to the extent it seeks the

2  production of documents that are protected from disclosure under any applicable

3  privilege, doctrine or immunity, including without limitation the attorney-client

4  privilege, the work product doctrine, the right of privacy, and all other privileges

5  recognized under the constitutional, statutory or decisional law of the United States

6  of America, the State of California or any other applicable jurisdiction.   Larian

7  further objects to this request as being overly broad and unduly burdensome on the

8  grounds that it is not limited in time or geographical scope.  Larian further objects to

9  the request to the extent that it seeks documents that by reason of public filing,

10 public distribution or otherwise are already in Mattel's possession or are readily

11 accessible to Mattel.  Larian further objects to the request to the extent that it seeks

12 documents not in Larian's possession, custody or control.  Larian further objects to

13 the request to the extent it seeks confidential, proprietary or commercially sensitive

14 information, the disclosure of which would be inimical to the business interests of

15 Larian or MGA.  Larian further objects to the request to the extent it violates the

16 privacy rights of third parties to their private, confidential, proprietary or trade secret

17 information.

18       Larian further objects to this request as cumulative, duplicative, and unduly

19 burdensome to the extent that it seeks documents previously requested by Mattel or

20 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

21 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

22 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

23 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

24 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

25 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

26 Things to MGAE de Mexico S.R.L. de C.V.

27       Without waiving any of the foregoing General or Specific Objections, but

28 rather expressly preserving each and every such objection, Larian responds as

EXHIBIT _15_

561

PAGE _841_

1  follows:  Larian will produce all non-privileged, responsive documents in his

2  possession, custody or control, if any, that he is able to locate following a reasonably

3  diligent search.

4  REQUEST FOR PRODUCTION NO. 356:

5      All DOCUMENTS, including but not limited to all COMMUNICATIONS

6  with any PERSON, that REFER OR RELATE TO any COMMUNICATION

7  between MATTEL and any PERSON who MATTEL allegedly "coerc[ed] ... to

8  accept restrictive covenants ... and non-compete clauses" in order to "prevent [the

9  person] from accepting [an] offer[] of employment [from MGA]."

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 356:

11      Larian incorporates by reference his General Response and General Objections

12  above, as though fully set forth herein and specifically incorporates General

13  Objection No. 15 (regarding Definitions), including without limitation Larian's

14  objection to the definition of the term PERSON.  Larian further objects to the request

15  to the extent it seeks the production of documents that are protected from disclosure

16  under any applicable privilege, doctrine or immunity, including without limitation

17  the attorney-client privilege, the work product doctrine, the right of privacy, and all

18  other privileges recognized under the constitutional, statutory or decisional law of

19  the United States of America, the State of California or any other applicable

20  jurisdiction.  Larian further objects to this request as being overly broad and unduly

21  burdensome on the grounds that it is not limited in time or geographical scope.

22  Larian further objects to this request on the grounds that the phrase "[a]ll

23  DOCUMENTS, including but not limited to all COMMUNICATIONS with any

24  PERSON, that REFER OR RELATE TO" does not comply with the "reasonable

25  particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

26  request overly broad and unduly burdensome in light of "the wealth of material

27  already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co.,

28  82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects to the request to the

EXHIBIT _15_

PAGE _847_

1 | extent that it seeks documents that by reason of public filing, public distribution or
2 | otherwise are already in Mattel's possession or are readily accessible to Mattel.
3 | Larian further objects to the request to the extent that it seeks documents not in
4 | Larian's possession, custody or control.  Larian further objects to the request to the
5 | extent it seeks confidential, proprietary or commercially sensitive information, the
6 | disclosure of which would be inimical to the business interests of Larian or MGA.
7 | Larian further objects to the request to the extent it violates the privacy rights of third
8 | parties to their private, confidential, proprietary or trade secret information.

9 | Larian further objects to this request as cumulative, duplicative, and unduly
10 | burdensome to the extent that it seeks documents previously requested by Mattel or
11 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's
12 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,
13 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to
14 | MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of
15 | Requests for Production of Documents and Things to Isaac Larian and Request Nos.
16 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and
17 | Things to MGAE de Mexico S.R.L. de C.V.

18 | Without waiving any of the foregoing General or Specific Objections, but
19 | rather expressly preserving each and every such objection, Larian responds as
20 | follows:  Larian will produce all non-privileged, responsive documents in his
21 | possession, custody or control, if any, that he is able to locate following a reasonably
22 | diligent search.

23 | REQUEST FOR PRODUCTION NO. 357:

24 | All DOCUMENTS that describe the allegedly coercive methods and means
25 | that MATTEL used or employed to force "employees to accept restrictive
26 | covenants ... and non-compete clauses" in order to "prevent [them] from accepting
27 | offers of employment [from MGA]."

28 |

EXHIBIT _15_

563     PAGE _843_

**RESPONSE TO REQUEST FOR PRODUCTION NO. 357:**

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrases "the allegedly coercive methods and means" and "used or employed" are compound, rendering the request vague, ambiguous and unintelligible. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or

EXHIBIT *15*

PAGE *842*

1   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

2   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

3   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

4   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

5   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

6   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

7   Things to MGAE de Mexico S.R.L. de C.V.

8         Without waiving any of the foregoing General or Specific Objections, but

9   rather expressly preserving each and every such objection, Larian responds as

10   follows:  Larian will produce all non-privileged, responsive documents in his

11   possession, custody or control, if any, that he is able to locate following a reasonably

12   diligent search.

13   <u>REQUEST FOR PRODUCTION NO. 358:</u>

14         All DOCUMENTS that describe the alleged "restrictive covenants" that

15   MATTEL forced "employees to accept" in order to allegedly "prevent [them] from

16   accepting offers of employment [from MGA]."

17   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 358:</u>

18         Larian incorporates by reference his General Response and General Objections

19   above, as though fully set forth herein.  Larian further objects to the request to the

20   extent it seeks the production of documents that are protected from disclosure under

21   any applicable privilege, doctrine or immunity, including without limitation the

22   attorney-client privilege, the work product doctrine, the right of privacy, and all other

23   privileges recognized under the constitutional, statutory or decisional law of the

24   United States of America, the State of California or any other applicable jurisdiction.

25   Larian further objects to this request as being overly broad and unduly burdensome

26   on the grounds that it is not limited in time or geographical scope.  Larian further

27   objects to this request on the grounds that the phrase "[a]ll DOCUMENTS" does not

28   comply with the "reasonable particularity" requirement of Federal Rule of Civil

EXHIBIT *15*

1  Procedure 34 and renders the request overly broad and unduly burdensome in light of

2  "the wealth of material already made available in this case." <u>Westhemeco Ltd. v.</u>

3  <u>New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

4  objects to the request to the extent that it seeks documents that by reason of public

5  filing, public distribution or otherwise are already in Mattel's possession or are

6  readily accessible to Mattel.  Larian further objects to the request to the extent that it

7  seeks documents not in Larian's possession, custody or control.  Larian further

8  objects to the request to the extent it seeks confidential, proprietary or commercially

9  sensitive information, the disclosure of which would be inimical to the business

10  interests of Larian or MGA.  Larian further objects to the request to the extent it

11  violates the privacy rights of third parties to their private, confidential, proprietary or

12  trade secret information.

13      Larian further objects to this request as cumulative, duplicative, and unduly

14  burdensome to the extent that it seeks documents previously requested by Mattel or

15  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

16  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

17  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

18  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

19  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

20  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

21  Things to MGAE de Mexico S.R.L. de C.V.

22      Without waiving any of the foregoing General or Specific Objections, but

23  rather expressly preserving each and every such objection, Larian responds as

24  follows:  Larian will produce all non-privileged, responsive documents in his

25  possession, custody or control, if any, that he is able to locate following a reasonably

26  diligent search.

27

28

EXHIBIT _15_

PAGE _849_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1 REQUEST FOR PRODUCTION NO. 359:

2      All DOCUMENTS that REFER OR RELATE TO every alleged "restrictive

3 covenant" that MATTEL forced "employees to accept" in order to allegedly "prevent

4 [them] from accepting offers of employment [from MGA]."

5 RESPONSE TO REQUEST FOR PRODUCTION NO. 359:

6      Larian incorporates by reference his General Response and General Objections

7 above, as though fully set forth herein.  Larian further objects to the request to the

8 extent it seeks the production of documents that are protected from disclosure under

9 any applicable privilege, doctrine or immunity, including without limitation the

10 attorney-client privilege, the work product doctrine, the right of privacy, and all other

11 privileges recognized under the constitutional, statutory or decisional law of the

12 United States of America, the State of California or any other applicable jurisdiction.

13 Larian further objects to this request as being overly broad and unduly burdensome

14 on the grounds that it is not limited in time or geographical scope.  Larian further

15 objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that

16 REFER OR RELATE TO" does not comply with the "reasonable particularity"

17 requirement of Federal Rule of Civil Procedure 34 and renders the request overly

18 broad and unduly burdensome in light of "the wealth of material already made

19 available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

20 709 (S.D.N.Y. 1979).  Larian further objects to the request to the extent that it seeks

21 documents that by reason of public filing, public distribution or otherwise are already

22 in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

23 the request to the extent that it seeks documents not in Larian's possession, custody

24 or control.  Larian further objects to the request to the extent it seeks confidential,

25 proprietary or commercially sensitive information, the disclosure of which would be

26 inimical to the business interests of Larian or MGA.  Larian further objects to the

27 request to the extent it violates the privacy rights of third parties to their private,

28 confidential, proprietary or trade secret information.

EXHIBIT 15

PAGE 847

1  Larian further objects to this request as cumulative, duplicative, and unduly

2  burdensome to the extent that it seeks documents previously requested by Mattel or

3  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

4  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

5  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

6  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

7  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

8  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

9  Things to MGAE de Mexico S.R.L. de C.V.

10  Without waiving any of the foregoing General or Specific Objections, but

11  rather expressly preserving each and every such objection, Larian responds as

12  follows:  Larian will produce all non-privileged, responsive documents in his

13  possession, custody or control, if any, that he is able to locate following a reasonably

14  diligent search.

15  REQUEST FOR PRODUCTION NO. 360:

16  All DOCUMENTS that describe the alleged "non-compete clauses" that

17  MATTEL forced "employees to accept" in order to allegedly "prevent [them] from

18  accepting offers of employment [from MGA]."

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 360:

20  Larian incorporates by reference his General Response and General Objections

21  above, as though fully set forth herein.  Larian further objects to the request to the

22  extent it seeks the production of documents that are protected from disclosure under

23  any applicable privilege, doctrine or immunity, including without limitation the

24  attorney-client privilege, the work product doctrine, the right of privacy, and all other

25  privileges recognized under the constitutional, statutory or decisional law of the

26  United States of America, the State of California or any other applicable jurisdiction.

27  Larian further objects to this request as being overly broad and unduly burdensome

28  on the grounds that it is not limited in time or geographical scope.  Larian further

EXHIBIT 15

PAGE 848

1  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS" does not

2  comply with the "reasonable particularity" requirement of Federal Rule of Civil

3  Procedure 34 and renders the request overly broad and unduly burdensome in light of

4  "the wealth of material already made available in this case." <u>Westhemeco Ltd. v.</u>

5  <u>New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

6  objects to the request to the extent that it seeks documents that by reason of public

7  filing, public distribution or otherwise are already in Mattel's possession or are

8  readily accessible to Mattel.  Larian further objects to the request to the extent that it

9  seeks documents not in Larian's possession, custody or control.  Larian further

10 objects to the request to the extent it seeks confidential, proprietary or commercially

11 sensitive information, the disclosure of which would be inimical to the business

12 interests of Larian or MGA.  Larian further objects to the request to the extent it

13 violates the privacy rights of third parties to their private, confidential, proprietary or

14 trade secret information.

15      Larian further objects to this request as cumulative, duplicative, and unduly

16 burdensome to the extent that it seeks documents previously requested by Mattel or

17 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

18 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

19 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

20 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

21 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

22 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

23 Things to MGAE de Mexico S.R.L. de C.V.

24      Without waiving any of the foregoing General or Specific Objections, but

25 rather expressly preserving each and every such objection, Larian responds as

26 follows:  Larian will produce all non-privileged, responsive documents in his

27 possession, custody or control, if any, that he is able to locate following a reasonably

28 diligent search.

EXHIBIT 15

PAGE 847

1  REQUEST FOR PRODUCTION NO. 361:

2      All DOCUMENTS that REFER OR RELATE TO every alleged "non-

3  compete clause" that MATTEL forced "employees to accept" in order to allegedly

4  "prevent [them] from accepting offers of employment [from MGA]."

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 361:

6      Larian incorporates by reference his General Response and General Objections

7  above, as though fully set forth herein.  Larian further objects to the request to the

8  extent it seeks the production of documents that are protected from disclosure under

9  any applicable privilege, doctrine or immunity, including without limitation the

10  attorney-client privilege, the work product doctrine, the right of privacy, and all other

11  privileges recognized under the constitutional, statutory or decisional law of the

12  United States of America, the State of California or any other applicable jurisdiction.

13  Larian further objects to this request as being overly broad and unduly burdensome

14  on the grounds that it is not limited in time or geographical scope.  Larian further

15  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS that

16  REFER OR RELATE TO" does not comply with the "reasonable particularity"

17  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

18  broad and unduly burdensome in light of "the wealth of material already made

19  available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

20  709 (S.D.N.Y. 1979).  Larian further objects to the request to the extent that it seeks

21  documents that by reason of public filing, public distribution or otherwise are already

22  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

23  the request to the extent that it seeks documents not in Larian's possession, custody

24  or control.  Larian further objects to the request to the extent it seeks confidential,

25  proprietary or commercially sensitive information, the disclosure of which would be

26  inimical to the business interests of Larian or MGA.  Larian further objects to the

27  request to the extent it violates the privacy rights of third parties to their private,

28  confidential, proprietary or trade secret information.

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 822

1    Larian further objects to this request as cumulative, duplicative, and unduly

2  burdensome to the extent that it seeks documents previously requested by Mattel or

3  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

4  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

5  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

6  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

7  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

8  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

9  Things to MGAE de Mexico S.R.L. de C.V.

10    Without waiving any of the foregoing General or Specific Objections, but

11  rather expressly preserving each and every such objection, Larian responds as

12  follows:  Larian will produce all non-privileged, responsive documents in his

13  possession, custody or control, if any, that he is able to locate following a reasonably

14  diligent search.

15  REQUEST FOR PRODUCTION NO. 362:

16    DOCUMENTS sufficient to IDENTIFY all PERSONS who contend that

17  MATTEL "coerc[ed] its employees to accept restrictive covenants (right before a

18  massive layoff) and non-compete clauses and other efforts to prevent prospective

19  MGA employees from accepting offers of employment."

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 362:

21    Larian incorporates by reference his General Response and General Objections

22  above, as though fully set forth herein and specifically incorporates General

23  Objection No. 15 (regarding Definitions), including without limitation Larian's

24  objection to the definition of the term PERSON.  Larian further objects to the request

25  to the extent it seeks the production of documents that are protected from disclosure

26  under any applicable privilege, doctrine or immunity, including without limitation

27  the attorney-client privilege, the work product doctrine, the right of privacy, and all

28  other privileges recognized under the constitutional, statutory or decisional law of

EXHIBIT _15_

PAGE _851_

1  the United States of America, the State of California or any other applicable

2  jurisdiction.  Larian further objects to the request to the extent that it seeks

3  documents that by reason of public filing, public distribution or otherwise are already

4  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

5  the request to the extent that it seeks documents not in Larian's possession, custody

6  or control.  Larian further objects to the request to the extent it seeks confidential,

7  proprietary or commercially sensitive information, the disclosure of which would be

8  inimical to the business interests of Larian or MGA.  Larian further objects to the

9  request to the extent it violates the privacy rights of third parties to their private,

10  confidential, proprietary or trade secret information.

11       Larian further objects to this request as cumulative, duplicative, and unduly

12  burdensome to the extent that it seeks documents previously requested by Mattel or

13  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

14  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

15  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

16  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

17  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

18  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

19  Things to MGAE de Mexico S.R.L. de C.V.

20       Without waiving any of the foregoing General or Specific Objections, but

21  rather expressly preserving each and every such objection, Larian responds as

22  follows:  Larian will produce all non-privileged, responsive documents in his

23  possession, custody or control, if any, that he is able to locate following a reasonably

24  diligent search.

25  REQUEST FOR PRODUCTION NO. 363:

26       All DOCUMENTS, including but not limited to all COMMUNICATIONS

27  with any PERSON, RELATING to YOUR actions in response to, or efforts to stop,

28  thwart, prevent, counter or mitigate, MATTEL from allegedly "coercing its

1 | employees to accept restrictive covenants ... and non-compete clauses and other

2 | efforts to prevent prospective MGA employees from accepting offers of

3 | employment."

4 | RESPONSE TO REQUEST FOR PRODUCTION NO. 363:

5 |      Larian incorporates by reference his General Response and General Objections

6 | above, as though fully set forth herein and specifically incorporates General

7 | Objection No. 15 (regarding Definitions), including without limitation Larian's

8 | objection to the definition of the term YOUR, and its incorporated terms

9 | AFFILIATES and PERSON.  Larian further objects to the request to the extent it

10 | seeks the production of documents that are protected from disclosure under any

11 | applicable privilege, doctrine or immunity, including without limitation the attorney-

12 | client privilege, the work product doctrine, the right of privacy, and all other

13 | privileges recognized under the constitutional, statutory or decisional law of the

14 | United States of America, the State of California or any other applicable jurisdiction.

15 | Larian further objects to this request as being overly broad and unduly burdensome

16 | on the grounds that it is not limited in time or geographical scope.  Larian further

17 | objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

18 | but not limited to all COMMUNICATIONS with any PERSON, RELATING TO"

19 | does not comply with the "reasonable particularity" requirement of Federal Rule of

20 | Civil Procedure 34 and renders the request overly broad and unduly burdensome in

21 | light of "the wealth of material already made available in this case."  Westhemeco

22 | Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

23 | further objects that the phrase "RELATING to YOUR actions in response to, or

24 | efforts to stop, thwart, prevent, counter or mitigate" is compound and, as such,

25 | renders the request vague, ambiguous, and unintelligible.  Larian further objects to

26 | the request to the extent that it seeks documents that by reason of public filing,

27 | public distribution or otherwise are already in Mattel's possession or are readily

28 | accessible to Mattel.  Larian further objects to the request to the extent that it seeks

EXHIBIT _15_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE ___8__

1   documents not in Larian's possession, custody or control. Larian further objects to

2   the request to the extent it seeks confidential, proprietary or commercially sensitive

3   information, the disclosure of which would be inimical to the business interests of

4   Larian or MGA. Larian further objects to the request to the extent it violates the

5   privacy rights of third parties to their private, confidential, proprietary or trade secret

6   information.

7         Larian further objects to this request as cumulative, duplicative, and unduly

8   burdensome to the extent that it seeks documents previously requested by Mattel or

9   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

10   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

11   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

12   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

13   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

14   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

15   Things to MGAE de Mexico S.R.L. de C.V.

16         Without waiving any of the foregoing General or Specific Objections, but

17   rather expressly preserving each and every such objection, Larian responds as

18   follows: Larian will produce all non-privileged, responsive documents in his

19   possession, custody or control, if any, that he is able to locate following a reasonably

20   diligent search.

21   REQUEST FOR PRODUCTION NO. 364:

22         All DOCUMENTS, including but not limited to all COMMUNICATIONS

23   with any PERSON, RELATING to any loss, harm, injury, increased expense, lost

24   revenue or profits, or any other damage caused to YOU by MATTEL allegedly

25   "coercing its employees to accept restrictive covenants ... and non-compete clauses

26   and other efforts to prevent prospective MGA employees from accepting offers of

27   employment."

28

EXHIBIT _15_

PAGE _854_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

RESPONSE TO REQUEST FOR PRODUCTION NO. 364:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the term YOU, and its incorporated terms AFFILIATES and PERSON.  Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  Larian further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase "any loss, harm, injury, increased expense, lost revenue or profits, or any other damage" is compound and, as such, renders the request vague, ambiguous, and unintelligible.  Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control.  Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA.  Larian further

1  objects to the request to the extent it violates the privacy rights of third parties to

2  their private, confidential, proprietary or trade secret information.

3         Larian further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11  Things to MGAE de Mexico S.R.L. de C.V.

12         Without waiving any of the foregoing General or Specific Objections, but

13  rather expressly preserving each and every such objection, Larian responds as

14  follows:  Larian will produce all non-privileged, responsive documents in his

15  possession, custody or control, if any, that he is able to locate following a reasonably

16  diligent search.

17  REQUEST FOR PRODUCTION NO. 365:

18         All DOCUMENTS, including but not limited to all COMMUNICATIONS

19  with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL

20  "delay[ed]" in suing Carter Bryant because, *inter alia*, Mattel wanted Bryant to testify

21  in an unrelated Mattel case."

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 365:

23         Larian incorporates by reference his General Response and General Objections

24  above, as though fully set forth herein and specifically incorporates General

25  Objection No. 15 (regarding Definitions), including without limitation Larian's

26  objection to the definition of the term YOUR, and its incorporated terms

27  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

28  seeks the production of documents that are protected from disclosure under any

576

EXHIBIT *15*

1  applicable privilege, doctrine or immunity, including without limitation the attorney-

2  client privilege, the work product doctrine, the right of privacy, and all other

3  privileges recognized under the constitutional, statutory or decisional law of the

4  United States of America, the State of California or any other applicable jurisdiction.

5  Larian further objects to this request as being overly broad and unduly burdensome

6  on the grounds that it is not limited in time or geographical scope.  Larian further

7  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

8  but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

9  RELATE TO" does not comply with the "reasonable particularity" requirement of

10  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

11  burdensome in light of "the wealth of material already made available in this case."

12  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

13  Larian further objects to the request to the extent that it seeks documents that by

14  reason of public filing, public distribution or otherwise are already in Mattel's

15  possession or are readily accessible to Mattel.  Larian further objects to the request to

16  the extent that it seeks documents not in Larian's possession, custody or control.

17  Larian further objects to the request to the extent it seeks confidential, proprietary or

18  commercially sensitive information, the disclosure of which would be inimical to the

19  business interests of Larian or MGA.  Larian further objects to the request to the

20  extent it violates the privacy rights of third parties to their private, confidential,

21  proprietary or trade secret information.

22      Larian further objects to this request as cumulative, duplicative, and unduly

23  burdensome to the extent that it seeks documents previously requested by Mattel or

24  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

25  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

26  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

27  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

28  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

EXHIBIT 15

PAGE 857

1 | 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

2 | Things to MGAE de Mexico S.R.L. de C.V.

3 |       Without waiving any of the foregoing General or Specific Objections, but

4 | rather expressly preserving each and every such objection, Larian responds as

5 | follows:  Larian will produce all non-privileged, responsive documents in his

6 | possession, custody or control, if any, that he is able to locate following a reasonably

7 | diligent search.

8 | REQUEST FOR PRODUCTION NO. 366:

9 |       All DOCUMENTS, including but not limited to all COMMUNICATIONS

10 | with any PERSON, that YOU contend prove or that YOU will rely on at trial to

11 | prove that MATTEL "delay[ed] in suing Carter Bryant because, *inter alia*, Mattel

12 | wanted Bryant to testify in an unrelated Mattel case."

13 | RESPONSE TO REQUEST FOR PRODUCTION NO. 366:

14 |       Larian incorporates by reference his General Response and General Objections

15 | above, as though fully set forth herein and specifically incorporates General

16 | Objection No. 15 (regarding Definitions), including without limitation Larian's

17 | objection to the definition of the term YOU, and its incorporated terms AFFILIATES

18 | and PERSON.  Larian further objects to the request to the extent it seeks the

19 | production of documents that are protected from disclosure under any applicable

20 | privilege, doctrine or immunity, including without limitation the attorney-client

21 | privilege, the work product doctrine, the right of privacy, and all other privileges

22 | recognized under the constitutional, statutory or decisional law of the United States

23 | of America, the State of California or any other applicable jurisdiction.  Larian

24 | further objects to this request as being overly broad and unduly burdensome on the

25 | grounds that it is not limited in time or geographical scope.  Larian further objects to

26 | this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

27 | limited to all COMMUNICATIONS with any PERSON" does not comply with the

28 | "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

1  renders the request overly broad and unduly burdensome in light of "the wealth of

2  material already made available in this case." Westhemeco Ltd. v. New Hampshire

3  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase

4  "that YOU contend prove or that YOU will rely on at trial to prove" is compound

5  and, as such, renders the request vague, ambiguous, and unintelligible.  Larian

6  further objects to the request to the extent that it seeks documents that by reason of

7  public filing, public distribution or otherwise are already in Mattel's possession or

8  are readily accessible to Mattel.  Larian further objects to the request to the extent

9  that it seeks documents not in Larian's possession, custody or control.  Larian further

10  objects to the request to the extent it seeks confidential, proprietary or commercially

11  sensitive information, the disclosure of which would be inimical to the business

12  interests of Larian or MGA.  Larian further objects to the request to the extent it

13  violates the privacy rights of third parties to their private, confidential, proprietary or

14  trade secret information.

15      Larian further objects to this request as cumulative, duplicative, and unduly

16  burdensome to the extent that it seeks documents previously requested by Mattel or

17  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

18  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

19  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

20  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

21  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

22  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

23  Things to MGAE de Mexico S.R.L. de C.V.

24      Without waiving any of the foregoing General or Specific Objections, but

25  rather expressly preserving each and every such objection, Larian responds as

26  follows:  Larian will produce all non-privileged, responsive documents in his

27  possession, custody or control, if any, that he is able to locate following a reasonably

28  diligent search.

EXHIBIT 15

PAGE 65

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1 | REQUEST FOR PRODUCTION NO. 367:

2 |     DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

3 | YOUR allegation that MATTEL "delay[ed] in suing Carter Bryant because, *inter*

4 | *alia*, Mattel wanted Bryant to testify in an unrelated Mattel case."

5 | RESPONSE TO REQUEST FOR PRODUCTION NO. 367:

6 |     Larian incorporates by reference his General Response and General Objections

7 | above, as though fully set forth herein and specifically incorporates General

8 | Objection No. 15 (regarding Definitions), including without limitation Larian's

9 | objection to the definition of the terms YOUR, and its incorporated terms

10 | AFFILIATES and PERSON.  Larian further objects to the request to the extent it

11 | seeks the production of documents that are protected from disclosure under any

12 | applicable privilege, doctrine or immunity, including without limitation the attorney-

13 | client privilege, the work product doctrine, the right of privacy, and all other

14 | privileges recognized under the constitutional, statutory or decisional law of the

15 | United States of America, the State of California or any other applicable jurisdiction.

16 | Larian further objects to this request as being overly broad and unduly burdensome

17 | on the grounds that it is not limited in time or geographical scope.  Larian further

18 | objects to this request on the grounds that the phrase "all PERSONS with knowledge

19 | of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly

20 | burdensome in that anyone who has read Larian's Answer in this matter has

21 | "knowledge of [Larian's] allegation," without regard to whether the factual basis for

22 | the allegation is known to them.  Larian further objects to the request to the extent

23 | that it seeks documents that by reason of public filing, public distribution or

24 | otherwise are already in Mattel's possession or are readily accessible to Mattel.

25 | Larian further objects to the request to the extent that it seeks documents not in

26 | Larian's possession, custody or control.  Larian further objects to the request to the

27 | extent it seeks confidential, proprietary or commercially sensitive information, the

28 | disclosure of which would be inimical to the business interests of Larian or MGA.

EXHIBIT *15*

PAGE *860*

1  Larian further objects to the request to the extent it violates the privacy rights of third

2  parties to their private, confidential, proprietary or trade secret information.

3      Larian further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11  Things to MGAE de Mexico S.R.L. de C.V.

12      Without waiving any of the foregoing General or Specific Objections, but

13  rather expressly preserving each and every such objection, Larian responds as

14  follows:  Larian will produce all non-privileged, responsive documents in his

15  possession, custody or control, if any, that he is able to locate following a reasonably

16  diligent search.

17  REQUEST FOR PRODUCTION NO. 368:

18      All DOCUMENTS, including but not limited to all COMMUNICATIONS

19  with any PERSON, RELATING to any loss, harm, injury, increased expense, lost

20  revenue or profits, or any other damage caused to YOU by MATTEL allegedly

21  "delay[ing] in suing Carter Bryant because, *inter alia*, Mattel wanted Bryant to

22  testify in an unrelated Mattel case."

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 368:

24      Larian incorporates by reference his General Response and General Objections

25  above, as though fully set forth herein and specifically incorporates General

26  Objection No. 15 (regarding Definitions), including without limitation Larian's

27  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

28  and PERSON.  Larian further objects to the request to the extent it seeks the

EXHIBIT *15*

1 production of documents that are protected from disclosure under any applicable

2 privilege, doctrine or immunity, including without limitation the attorney-client

3 privilege, the work product doctrine, the right of privacy, and all other privileges

4 recognized under the constitutional, statutory or decisional law of the United States

5 of America, the State of California or any other applicable jurisdiction.    Larian

6 further objects to this request as being overly broad and unduly burdensome on the

7 grounds that it is not limited in time or geographical scope.  Larian further objects to

8 this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

9 limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not

10 comply with the "reasonable particularity" requirement of Federal Rule of Civil

11 Procedure 34 and renders the request overly broad and unduly burdensome in light of

12 "the wealth of material already made available in this case."  Westhemeco Ltd. v.

13 New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

14 objects that the phrase "any loss, harm, injury, increased expense, lost revenue or

15 profits, or any other damage" is compound and, as such, renders the request vague,

16 ambiguous, and unintelligible.  Larian further objects to the request to the extent that

17 it seeks documents that by reason of public filing, public distribution or otherwise

18 are already in Mattel's possession or are readily accessible to Mattel.  Larian further

19 objects to the request to the extent that it seeks documents not in Larian's possession,

20 custody or control.  Larian further objects to the request to the extent it seeks

21 confidential, proprietary or commercially sensitive information, the disclosure of

22 which would be inimical to the business interests of Larian or MGA.  Larian further

23 objects to the request to the extent it violates the privacy rights of third parties to

24 their private, confidential, proprietary or trade secret information.

25        Larian further objects to this request as cumulative, duplicative, and unduly

26 burdensome to the extent that it seeks documents previously requested by Mattel or

27 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

28 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

EXHIBIT 15

PAGE  862

1    Inc.'s First Set of Requests for Production of Documents and Tangible Things to

2    MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

3    Requests for Production of Documents and Things to Isaac Larian and Request Nos.

4    140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

5    Things to MGAE de Mexico S.R.L. de C.V.

6         Without waiving any of the foregoing General or Specific Objections, but

7    rather expressly preserving each and every such objection, Larian responds as

8    follows:  Larian will produce all non-privileged, responsive documents in his

9    possession, custody or control, if any, that he is able to locate following a reasonably

10   diligent search.

11   REQUEST FOR PRODUCTION NO. 369:

12        All DOCUMENTS, including but not limited to all COMMUNICATIONS

13   with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL

14   "falsely inflat[ed] its Barbie sales figures in an effort to mislead the public and

15   retailers."

16   RESPONSE TO REQUEST FOR PRODUCTION NO. 369:

17        Larian incorporates by reference his General Response and General Objections

18   above, as though fully set forth herein and specifically incorporates General

19   Objection No. 15 (regarding Definitions), including without limitation Larian's

20   objection to the definition of the term YOUR, and its incorporated terms

21   AFFILIATES and PERSON.  Larian further objects to the request to the extent it

22   seeks the production of documents that are protected from disclosure under any

23   applicable privilege, doctrine or immunity, including without limitation the attorney-

24   client privilege, the work product doctrine, the right of privacy, and all other

25   privileges recognized under the constitutional, statutory or decisional law of the

26   United States of America, the State of California or any other applicable jurisdiction.

27   Larian further objects to this request as being overly broad and unduly burdensome

28   on the grounds that it is not limited in time or geographical scope.  Larian further

EXHIBIT 15

PAGE 863

1  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

2  but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

3  RELATE TO" does not comply with the "reasonable particularity" requirement of

4  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

5  burdensome in light of "the wealth of material already made available in this case."

6  <u>Westhemeco Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

7  Larian further objects to the request to the extent that it seeks documents that by

8  reason of public filing, public distribution or otherwise are already in Mattel's

9  possession or are readily accessible to Mattel.  Larian further objects to the request to

10  the extent that it seeks documents not in Larian's possession, custody or control.

11  Larian further objects to the request to the extent it seeks confidential, proprietary or

12  commercially sensitive information, the disclosure of which would be inimical to the

13  business interests of Larian or MGA.  Larian further objects to the request to the

14  extent it violates the privacy rights of third parties to their private, confidential,

15  proprietary or trade secret information.

16      Larian further objects to this request as cumulative, duplicative, and unduly

17  burdensome to the extent that it seeks documents previously requested by Mattel or

18  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

19  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

20  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

21  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

22  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

23  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

24  Things to MGAE de Mexico S.R.L. de C.V.

25      Without waiving any of the foregoing General or Specific Objections, but

26  rather expressly preserving each and every such objection, Larian responds as

27  follows:  Larian will produce all non-privileged, responsive documents in his

28

EXHIBIT *15*

584

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 864

1  possession, custody or control, if any, that he is able to locate following a reasonably

2  diligent search.

3  REQUEST FOR PRODUCTION NO. 370:

4      All DOCUMENTS, including but not limited to all COMMUNICATIONS

5  with any PERSON, that YOU contend prove or that YOU will rely on at trial to

6  prove that MATTEL "falsely inflat[ed] its Barbie sales figures in an effort to mislead

7  the public and retailers."

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 370:

9      Larian incorporates by reference his General Response and General Objections

10  above, as though fully set forth herein and specifically incorporates General

11  Objection No. 15 (regarding Definitions), including without limitation Larian's

12  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

13  and PERSON. Larian further objects to the request to the extent it seeks the

14  production of documents that are protected from disclosure under any applicable

15  privilege, doctrine or immunity, including without limitation the attorney-client

16  privilege, the work product doctrine, the right of privacy, and all other privileges

17  recognized under the constitutional, statutory or decisional law of the United States

18  of America, the State of California or any other applicable jurisdiction. Larian

19  further objects to this request as being overly broad and unduly burdensome on the

20  grounds that it is not limited in time or geographical scope. Larian further objects to

21  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

22  limited to all COMMUNICATIONS with any PERSON" does not comply with the

23  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

24  renders the request overly broad and unduly burdensome in light of "the wealth of

25  material already made available in this case." Westhemeco Ltd. v. New Hampshire

26  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrase

27  "that YOU contend prove or that YOU will rely on at trial to prove" is compound

28  and, as such, renders the request vague, ambiguous, and unintelligible. Larian

EXHIBIT *15*

PAGE _865_

1    further objects to the request to the extent that it seeks documents that by reason of

2    public filing, public distribution or otherwise are already in Mattel's possession or

3    are readily accessible to Mattel.  Larian further objects to the request to the extent

4    that it seeks documents not in Larian's possession, custody or control.  Larian further

5    objects to the request to the extent it seeks confidential, proprietary or commercially

6    sensitive information, the disclosure of which would be inimical to the business

7    interests of Larian or MGA.  Larian further objects to the request to the extent it

8    violates the privacy rights of third parties to their private, confidential, proprietary or

9    trade secret information.

10   Larian further objects to this request as cumulative, duplicative, and unduly

11   burdensome to the extent that it seeks documents previously requested by Mattel or

12   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

13   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

14   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

15   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

16   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

17   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

18   Things to MGAE de Mexico S.R.L. de C.V.

19   Without waiving any of the foregoing General or Specific Objections, but

20   rather expressly preserving each and every such objection, Larian responds as

21   follows:  Larian will produce all non-privileged, responsive documents in his

22   possession, custody or control, if any, that he is able to locate following a reasonably

23   diligent search.

24   <u>REQUEST FOR PRODUCTION NO. 371:</u>

25   DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

26   YOUR allegation that MATTEL "falsely inflat[ed] its Barbie sales figures in an

27   effort to mislead the public and retailers."

28

EXHIBIT _15_

PAGE _86_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

RESPONSE TO REQUEST FOR PRODUCTION NO. 371:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the terms YOUR, and its incorporated terms AFFILIATES and PERSON. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrase "all PERSONS with knowledge of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly burdensome in that anyone who has read Larian's Answer in this matter has "knowledge of [Larian's] allegation," without regard to whether the factual basis for the allegation is known to them. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or

587

EXHIBIT _15_

1  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

2  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

3  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

4  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

5  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

6  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

7  Things to MGAE de Mexico S.R.L. de C.V.

8        Without waiving any of the foregoing General or Specific Objections, but

9  rather expressly preserving each and every such objection, Larian responds as

10 follows:  Larian will produce all non-privileged, responsive documents in his

11 possession, custody or control, if any, that he is able to locate following a reasonably

12 diligent search.

13 REQUEST FOR PRODUCTION NO. 372:

14       DOCUMENTS describing all time periods during which MATTEL allegedly

15 "falsely inflat[ed] its Barbie sales figures in an effort to mislead the public and

16 retailers."

17 RESPONSE TO REQUEST FOR PRODUCTION NO. 372:

18       Larian incorporates by reference his General Response and General Objections

19 above, as though fully set forth herein.  Larian further objects to the request to the

20 extent it seeks the production of documents that are protected from disclosure under

21 any applicable privilege, doctrine or immunity, including without limitation the

22 attorney-client privilege, the work product doctrine, the right of privacy, and all other

23 privileges recognized under the constitutional, statutory or decisional law of the

24 United States of America, the State of California or any other applicable jurisdiction.

25 Larian further objects to this request as being overly broad and unduly burdensome

26 on the grounds that it is not limited in time or geographical scope.  Larian further

27 objects to this request on the grounds that the phrase "DOCUMENTS describing all

28 time periods during which" renders the request vague, ambiguous, and unintelligible.

EXHIBIT 15

PAGE 868

1   Larian further objects to the request to the extent that it seeks documents that by

2   reason of public filing, public distribution or otherwise are already in Mattel's

3   possession or are readily accessible to Mattel.  Larian further objects to the request to

4   the extent that it seeks documents not in Larian's possession, custody or control.

5   Larian further objects to the request to the extent it seeks confidential, proprietary or

6   commercially sensitive information, the disclosure of which would be inimical to the

7   business interests of Larian or MGA.  Larian further objects to the request to the

8   extent it violates the privacy rights of third parties to their private, confidential,

9   proprietary or trade secret information.

10          Larian further objects to this request as cumulative, duplicative, and unduly

11   burdensome to the extent that it seeks documents previously requested by Mattel or

12   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

13   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

14   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

15   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

16   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

17   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

18   Things to MGAE de Mexico S.R.L. de C.V.

19          Without waiving any of the foregoing General or Specific Objections, but

20   rather expressly preserving each and every such objection, Larian responds as

21   follows:  Larian will produce all non-privileged, responsive documents in his

22   possession, custody or control, if any, that he is able to locate following a reasonably

23   diligent search.

24   REQUEST FOR PRODUCTION NO. 373:

25          DOCUMENTS sufficient to IDENTIFY every alleged instance or occurrence

26   of MATTEL "falsely inflating its Barbie sales figures in an effort to mislead the

27   public and retailers."

28

EXHIBIT 15

PAGE 869

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

RESPONSE TO REQUEST FOR PRODUCTION NO. 373:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein.  Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control.  Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA.  Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of Requests for Production of Documents and Things to Isaac Larian and Request Nos. 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and Things to MGAE de Mexico S.R.L. de C.V.

EXHIBIT 15

870

590

1  Without waiving any of the foregoing General or Specific Objections, but

2  rather expressly preserving each and every such objection, Larian responds as

3  follows:  Larian will produce all non-privileged, responsive documents in his

4  possession, custody or control, if any, that he is able to locate following a reasonably

5  diligent search.

6  REQUEST FOR PRODUCTION NO. 374:

7  DOCUMENTS sufficient to IDENTIFY the date of each alleged instance or

8  occurrence of MATTEL "falsely inflating its Barbie sales figures in an effort to

9  mislead the public and retailers."

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 374:

11  Larian incorporates by reference his General Response and General Objections

12  above, as though fully set forth herein.  Larian further objects to the request to the

13  extent it seeks the production of documents that are protected from disclosure under

14  any applicable privilege, doctrine or immunity, including without limitation the

15  attorney-client privilege, the work product doctrine, the right of privacy, and all other

16  privileges recognized under the constitutional, statutory or decisional law of the

17  United States of America, the State of California or any other applicable jurisdiction.

18  Larian further objects to this request as being overly broad and unduly burdensome

19  on the grounds that it is not limited in time or geographical scope.  Larian further

20  objects to the request to the extent that it seeks documents that by reason of public

21  filing, public distribution or otherwise are already in Mattel's possession or are

22  readily accessible to Mattel.  Larian further objects to the request to the extent that it

23  seeks documents not in Larian's possession, custody or control.  Larian further

24  objects to the request to the extent it seeks confidential, proprietary or commercially

25  sensitive information, the disclosure of which would be inimical to the business

26  interests of Larian or MGA.  Larian further objects to the request to the extent it

27  violates the privacy rights of third parties to their private, confidential, proprietary or

28  trade secret information.

591

EXHIBIT 15

1    Larian further objects to this request as cumulative, duplicative, and unduly

2    burdensome to the extent that it seeks documents previously requested by Mattel or

3    produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

4    document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

5    Inc.'s First Set of Requests for Production of Documents and Tangible Things to

6    MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

7    Requests for Production of Documents and Things to Isaac Larian and Request Nos.

8    140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

9    Things to MGAE de Mexico S.R.L. de C.V.

10    Without waiving any of the foregoing General or Specific Objections, but

11    rather expressly preserving each and every such objection, Larian responds as

12    follows:  Larian will produce all non-privileged, responsive documents in his

13    possession, custody or control, if any, that he is able to locate following a reasonably

14    diligent search.

15    REQUEST FOR PRODUCTION NO. 375:

16    DOCUMENTS sufficient to IDENTIFY every instance or occurrence of

17    MATTEL issuing "Barbie sales figures" that YOU contend were "falsely inflat[ed]."

18    RESPONSE TO REQUEST FOR PRODUCTION NO. 375:

19    Larian incorporates by reference his General Response and General Objections

20    above, as though fully set forth herein and specifically incorporates General

21    Objection No. 15 (regarding Definitions), including without limitation Larian's

22    objection to the definition of the terms YOU, and its incorporated terms

23    AFFILIATES and PERSON.  Larian further objects to the request to the extent it

24    seeks the production of documents that are protected from disclosure under any

25    applicable privilege, doctrine or immunity, including without limitation the attorney-

26    client privilege, the work product doctrine, the right of privacy, and all other

27    privileges recognized under the constitutional, statutory or decisional law of the

28    United States of America, the State of California or any other applicable jurisdiction.

EXHIBIT 15

PAGE 812

1  Larian further objects to this request as being overly broad and unduly burdensome

2  on the grounds that it is not limited in time or geographical scope.  Larian further

3  objects to the request to the extent that it seeks documents that by reason of public

4  filing, public distribution or otherwise are already in Mattel's possession or are

5  readily accessible to Mattel.  Larian further objects to the request to the extent that it

6  seeks documents not in Larian's possession, custody or control.  Larian further

7  objects to the request to the extent it seeks confidential, proprietary or commercially

8  sensitive information, the disclosure of which would be inimical to the business

9  interests of Larian or MGA.  Larian further objects to the request to the extent it

10  violates the privacy rights of third parties to their private, confidential, proprietary or

11  trade secret information.

12      Larian further objects to this request as cumulative, duplicative, and unduly

13  burdensome to the extent that it seeks documents previously requested by Mattel or

14  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

15  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

16  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

17  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

18  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

19  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

20  Things to MGAE de Mexico S.R.L. de C.V.

21      Without waiving any of the foregoing General or Specific Objections, but

22  rather expressly preserving each and every such objection, Larian responds as

23  follows:  Larian will produce all non-privileged, responsive documents in his

24  possession, custody or control, if any, that he is able to locate following a reasonably

25  diligent search.

26

27

28

EXHIBIT _15_

PAGE _873_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1    REQUEST FOR PRODUCTION NO. 376:

2          DOCUMENTS sufficient to IDENTIFY every "Barbie sales figure" that YOU

3    contend MATTEL "falsely inflat[ed] ... in an effort to mislead the public and

4    retailers."

5    RESPONSE TO REQUEST FOR PRODUCTION NO. 376:

6          Larian incorporates by reference his General Response and General Objections

7    above, as though fully set forth herein and specifically incorporates General

8    Objection No. 15 (regarding Definitions), including without limitation Larian's

9    objection to the definition of the terms YOU, and its incorporated terms

10   AFFILIATES and PERSON.  Larian further objects to the request to the extent it

11   seeks the production of documents that are protected from disclosure under any

12   applicable privilege, doctrine or immunity, including without limitation the attorney-

13   client privilege, the work product doctrine, the right of privacy, and all other

14   privileges recognized under the constitutional, statutory or decisional law of the

15   United States of America, the State of California or any other applicable jurisdiction.

16   Larian further objects to this request as being overly broad and unduly burdensome

17   on the grounds that it is not limited in time or geographical scope.  Larian further

18   objects to the request to the extent that it seeks documents that by reason of public

19   filing, public distribution or otherwise are already in Mattel's possession or are

20   readily accessible to Mattel.  Larian further objects to the request to the extent that it

21   seeks documents not in Larian's possession, custody or control.  Larian further

22   objects to the request to the extent it seeks confidential, proprietary or commercially

23   sensitive information, the disclosure of which would be inimical to the business

24   interests of Larian or MGA.  Larian further objects to the request to the extent it

25   violates the privacy rights of third parties to their private, confidential, proprietary or

26   trade secret information.

27          Larian further objects to this request as cumulative, duplicative, and unduly

28   burdensome to the extent that it seeks documents previously requested by Mattel or

594

EXHIBIT 15

1   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

2   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

3   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

4   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

5   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

6   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

7   Things to MGAE de Mexico S.R.L. de C.V.

8          Without waiving any of the foregoing General or Specific Objections, but

9   rather expressly preserving each and every such objection, Larian responds as

10  follows:  Larian will produce all non-privileged, responsive documents in his

11  possession, custody or control, if any, that he is able to locate following a reasonably

12  diligent search.

13  REQUEST FOR PRODUCTION NO. 377:

14         DOCUMENTS sufficient to IDENTIFY every "Barbie" product for which

15  YOU contend MATTEL issued "falsely inflat[ed] sales figures ... in an effort to

16  mislead the public and retailers."

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 377:

18         Larian incorporates by reference his General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General

20  Objection No. 15 (regarding Definitions), including without limitation Larian's

21  objection to the definition of the terms YOU, and its incorporated terms

22  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

23  seeks the production of documents that are protected from disclosure under any

24  applicable privilege, doctrine or immunity, including without limitation the attorney-

25  client privilege, the work product doctrine, the right of privacy, and all other

26  privileges recognized under the constitutional, statutory or decisional law of the

27  United States of America, the State of California or any other applicable jurisdiction.

28  Larian further objects to this request as being overly broad and unduly burdensome

EXHIBIT 15

PAGE 876

1  on the grounds that it is not limited in time or geographical scope.  Larian further

2  objects to the request to the extent that it seeks documents that by reason of public

3  filing, public distribution or otherwise are already in Mattel's possession or are

4  readily accessible to Mattel.  Larian further objects to the request to the extent that it

5  seeks documents not in Larian's possession, custody or control.  Larian further

6  objects to the request to the extent it seeks confidential, proprietary or commercially

7  sensitive information, the disclosure of which would be inimical to the business

8  interests of Larian or MGA.  Larian further objects to the request to the extent it

9  violates the privacy rights of third parties to their private, confidential, proprietary or

10  trade secret information.

11       Larian further objects to this request as cumulative, duplicative, and unduly

12  burdensome to the extent that it seeks documents previously requested by Mattel or

13  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

14  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

15  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

16  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

17  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

18  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

19  Things to MGAE de Mexico S.R.L. de C.V.

20       Without waiving any of the foregoing General or Specific Objections, but

21  rather expressly preserving each and every such objection, Larian responds as

22  follows:  Larian will produce all non-privileged, responsive documents in his

23  possession, custody or control, if any, that he is able to locate following a reasonably

24  diligent search.

25  REQUEST FOR PRODUCTION NO. 378:

26       All DOCUMENTS, including but not limited to all COMMUNICATIONS

27  with any PERSON, that YOU contend prove or tend to prove that MATTEL issued

28  "falsely inflat[ed ...] Barbie sales figures."

EXHIBIT _15_

PAGE _876_

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 378:</u>

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the term YOU, and its incorporated terms AFFILIATES and PERSON. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case." <u>Westhemeco Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrase "that YOU contend prove or that YOU will rely on at trial to prove" is compound and, as such, renders the request vague, ambiguous, and unintelligible. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA. Larian further objects to the request to the extent it

597

EXHIBIT <u>15</u>

1 violates the privacy rights of third parties to their private, confidential, proprietary or

2 trade secret information.

3        Larian further objects to this request as cumulative, duplicative, and unduly

4 burdensome to the extent that it seeks documents previously requested by Mattel or

5 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11 Things to MGAE de Mexico S.R.L. de C.V.

12        Without waiving any of the foregoing General or Specific Objections, but

13 rather expressly preserving each and every such objection, Larian responds as

14 follows:  Larian will produce all non-privileged, responsive documents in his

15 possession, custody or control, if any, that he is able to locate following a reasonably

16 diligent search.

17 REQUEST FOR PRODUCTION NO. 379:

18        DOCUMENTS sufficient to IDENTIFY every "retailer" who YOU contend

19 MATTEL "misle[d]" by "falsely inflating its Barbie sales figures."

20 RESPONSE TO REQUEST FOR PRODUCTION NO. 379:

21        Larian incorporates by reference his General Response and General Objections

22 above, as though fully set forth herein and specifically incorporates General

23 Objection No. 15 (regarding Definitions), including without limitation Larian's

24 objection to the definition of the term YOU, and its incorporated terms AFFILIATES

25 and PERSON.  Larian further objects to the request to the extent it seeks the

26 production of documents that are protected from disclosure under any applicable

27 privilege, doctrine or immunity, including without limitation the attorney-client

28 privilege, the work product doctrine, the right of privacy, and all other privileges

598

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 878

1  recognized under the constitutional, statutory or decisional law of the United States

2  of America, the State of California or any other applicable jurisdiction.  Larian

3  further objects to this request as being overly broad and unduly burdensome on the

4  grounds that it is not limited in time or geographical scope.  Larian further objects to

5  the request to the extent that it seeks documents that by reason of public filing,

6  public distribution or otherwise are already in Mattel's possession or are readily

7  accessible to Mattel.  Larian further objects to the request to the extent that it seeks

8  documents not in Larian's possession, custody or control.  Larian further objects to

9  the request to the extent it seeks confidential, proprietary or commercially sensitive

10  information, the disclosure of which would be inimical to the business interests of

11  Larian or MGA.  Larian further objects to the request to the extent it violates the

12  privacy rights of third parties to their private, confidential, proprietary or trade secret

13  information.

14      Larian further objects to this request as cumulative, duplicative, and unduly

15  burdensome to the extent that it seeks documents previously requested by Mattel or

16  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

17  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

18  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

19  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

20  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

21  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

22  Things to MGAE de Mexico S.R.L. de C.V.

23      Without waiving any of the foregoing General or Specific Objections, but

24  rather expressly preserving each and every such objection, Larian responds as

25  follows:  Larian will produce all non-privileged, responsive documents in his

26  possession, custody or control, if any, that he is able to locate following a reasonably

27  diligent search.

28

EXHIBIT _15_

PAGE _879_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  REQUEST FOR PRODUCTION NO. 380:

2      All DOCUMENTS, including but not limited to all COMMUNICATIONS

3  with any PERSON, that YOU contend prove or tend to prove that retailers believed

4  or relied on MATTEL'S allegedly "falsely inflat[ed] ... Barbie sales figures."

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 380:

6      Larian incorporates by reference his General Response and General Objections

7  above, as though fully set forth herein and specifically incorporates General

8  Objection No. 15 (regarding Definitions), including without limitation Larian's

9  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

10  and PERSON.  Larian further objects to the request to the extent it seeks the

11  production of documents that are protected from disclosure under any applicable

12  privilege, doctrine or immunity, including without limitation the attorney-client

13  privilege, the work product doctrine, the right of privacy, and all other privileges

14  recognized under the constitutional, statutory or decisional law of the United States

15  of America, the State of California or any other applicable jurisdiction.  Larian

16  further objects to this request as being overly broad and unduly burdensome on the

17  grounds that it is not limited in time or geographical scope.  Larian further objects to

18  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

19  limited to all COMMUNICATIONS with any PERSON" does not comply with the

20  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

21  renders the request overly broad and unduly burdensome in light of "the wealth of

22  material already made available in this case."  Westhemeco Ltd. v. New Hampshire

23  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrases

24  "that YOU contend prove or that YOU will rely on at trial to prove" and "that

25  retailers believed or relied on" are, both individually and taken together, compound

26  and, as such, render the request vague, ambiguous, and unintelligible.  Larian further

27  objects to the request to the extent that it seeks documents that by reason of public

28  filing, public distribution or otherwise are already in Mattel's possession or are

600

EXHIBIT _15_

PAGE _880_

1  readily accessible to Mattel.  Larian further objects to the request to the extent that it

2  seeks documents not in Larian's possession, custody or control.  Larian further

3  objects to the request to the extent it seeks confidential, proprietary or commercially

4  sensitive information, the disclosure of which would be inimical to the business

5  interests of Larian or MGA.  Larian further objects to the request to the extent it

6  violates the privacy rights of third parties to their private, confidential, proprietary or

7  trade secret information.

8      Larian further objects to this request as cumulative, duplicative, and unduly

9  burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

11  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

12  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

13  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

14  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

15  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

16  Things to MGAE de Mexico S.R.L. de C.V.

17      Without waiving any of the foregoing General or Specific Objections, but

18  rather expressly preserving each and every such objection, Larian responds as

19  follows:  Larian will produce all non-privileged, responsive documents in his

20  possession, custody or control, if any, that he is able to locate following a reasonably

21  diligent search.

22  <u>REQUEST FOR PRODUCTION NO. 381:</u>

23      All DOCUMENTS, including but not limited to all COMMUNICATIONS

24  with any PERSON, that YOU contend prove or tend to prove that YOU believed or

25  relied on MATTEL'S allegedly "falsely inflat[ed] ... Barbie sales figures."

26  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 381:</u>

27      Larian incorporates by reference his General Response and General Objections

28  above, as though fully set forth herein and specifically incorporates General

601                                    EXHIBIT __15__

1  Objection No. 15 (regarding Definitions), including without limitation Larian's

2  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

3  and PERSON.  Larian further objects to the request to the extent it seeks the

4  production of documents that are protected from disclosure under any applicable

5  privilege, doctrine or immunity, including without limitation the attorney-client

6  privilege, the work product doctrine, the right of privacy, and all other privileges

7  recognized under the constitutional, statutory or decisional law of the United States

8  of America, the State of California or any other applicable jurisdiction.  Larian

9  further objects to this request as being overly broad and unduly burdensome on the

10  grounds that it is not limited in time or geographical scope.  Larian further objects to

11  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

12  limited to all COMMUNICATIONS with any PERSON" does not comply with the

13  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

14  renders the request overly broad and unduly burdensome in light of "the wealth of

15  material already made available in this case." Westhemeco Ltd. v. New Hampshire

16  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrases

17  "that YOU contend prove or that YOU will rely on at trial to prove" and "that YOU

18  believed or relied on" are, both individually and taken together, compound and, as

19  such, render the request vague, ambiguous, and unintelligible.  Larian further objects

20  to the request to the extent that it seeks documents that by reason of public filing,

21  public distribution or otherwise are already in Mattel's possession or are readily

22  accessible to Mattel.  Larian further objects to the request to the extent that it seeks

23  documents not in Larian's possession, custody or control.  Larian further objects to

24  the request to the extent it seeks confidential, proprietary or commercially sensitive

25  information, the disclosure of which would be inimical to the business interests of

26  Larian or MGA.  Larian further objects to the request to the extent it violates the

27  privacy rights of third parties to their private, confidential, proprietary or trade secret

28  information.

602

EXHIBIT 15

1      Larian further objects to this request as cumulative, duplicative, and unduly

2 burdensome to the extent that it seeks documents previously requested by Mattel or

3 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

4 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

5 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

6 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

7 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

8 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

9 Things to MGAE de Mexico S.R.L. de C.V.

10      Without waiving any of the foregoing General or Specific Objections, but

11 rather expressly preserving each and every such objection, Larian responds as

12 follows:  Larian will produce all non-privileged, responsive documents in his

13 possession, custody or control, if any, that he is able to locate following a reasonably

14 diligent search.

15 REQUEST FOR PRODUCTION NO. 382:

16      All DOCUMENTS, including but not limited to all COMMUNICATIONS

17 with any PERSON, that YOU contend prove or tend to prove that YOU changed or

18 modified YOUR business, including but not limited to, business strategy, operations,

19 plans or sales, as a result of MATTEL allegedly "falsely inflating its Barbie sales

20 figures in an effort to mislead the public and retailers."

21 RESPONSE TO REQUEST FOR PRODUCTION NO. 382:

22      Larian incorporates by reference his General Response and General Objections

23 above, as though fully set forth herein and specifically incorporates General

24 Objection No. 15 (regarding Definitions), including without limitation Larian's

25 objection to the definition of the term YOU, and its incorporated terms AFFILIATES

26 and PERSON.  Larian further objects to the request to the extent it seeks the

27 production of documents that are protected from disclosure under any applicable

28 privilege, doctrine or immunity, including without limitation the attorney-client

EXHIBIT 15

PAGE 883

1 privilege, the work product doctrine, the right of privacy, and all other privileges

2 recognized under the constitutional, statutory or decisional law of the United States

3 of America, the State of California or any other applicable jurisdiction.  Larian

4 further objects to this request as being overly broad and unduly burdensome on the

5 grounds that it is not limited in time or geographical scope.  Larian further objects to

6 this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

7 limited to all COMMUNICATIONS with any PERSON" does not comply with the

8 "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

9 renders the request overly broad and unduly burdensome in light of "the wealth of

10 material already made available in this case." <u>Westhemeco Ltd. v. New Hampshire</u>

11 <u>Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrases

12 "that YOU contend prove or tend to prove," "that YOU changed or modified YOUR

13 business," and  "including but not limited to, business strategy, operations, plans or

14 sales" are, both individually and taken together, compound and, as such, render the

15 request vague, ambiguous, and unintelligible.  Larian further objects to the request to

16 the extent that it seeks documents that by reason of public filing, public distribution

17 or otherwise are already in Mattel's possession or are readily accessible to Mattel.

18 Larian further objects to the request to the extent that it seeks documents not in

19 Larian's possession, custody or control.  Larian further objects to the request to the

20 extent it seeks confidential, proprietary or commercially sensitive information, the

21 disclosure of which would be inimical to the business interests of Larian or MGA.

22 Larian further objects to the request to the extent it violates the privacy rights of third

23 parties to their private, confidential, proprietary or trade secret information.

24          Larian further objects to this request as cumulative, duplicative, and unduly

25 burdensome to the extent that it seeks documents previously requested by Mattel or

26 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

27 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

28 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

EXHIBIT _15_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE _884_

1  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

2  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

3  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

4  Things to MGAE de Mexico S.R.L. de C.V.

5       Without waiving any of the foregoing General or Specific Objections, but

6  rather expressly preserving each and every such objection, Larian responds as

7  follows:  Larian will produce all non-privileged, responsive documents in his

8  possession, custody or control, if any, that he is able to locate following a reasonably

9  diligent search.

10  REQUEST FOR PRODUCTION NO. 383:

11       DOCUMENTS sufficient to IDENTIFY what YOU contend was the purpose

12  or reason of each alleged instance of MATTEL "falsely inflating its Barbie sales

13  figures."

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 383:

15       Larian incorporates by reference his General Response and General Objections

16  above, as though fully set forth herein and specifically incorporates General

17  Objection No. 15 (regarding Definitions), including without limitation Larian's

18  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

19  and PERSON.  Larian further objects to the request to the extent it seeks the

20  production of documents that are protected from disclosure under any applicable

21  privilege, doctrine or immunity, including without limitation the attorney-client

22  privilege, the work product doctrine, the right of privacy, and all other privileges

23  recognized under the constitutional, statutory or decisional law of the United States

24  of America, the State of California or any other applicable jurisdiction.  Larian

25  further objects to this request as being overly broad and unduly burdensome on the

26  grounds that it is not limited in time or geographical scope.  Larian further objects

27  that the phrase "the purpose or reason" is compound and, as such, renders the request

28  vague, ambiguous, and unintelligible.  Larian further objects to the request to the

EXHIBIT *15*