1  extent that it seeks documents that by reason of public filing, public distribution or

2  otherwise are already in Mattel's possession or are readily accessible to Mattel.

3  Larian further objects to the request to the extent that it seeks documents not in

4  Larian's possession, custody or control.  Larian further objects to the request to the

5  extent it seeks confidential, proprietary or commercially sensitive information, the

6  disclosure of which would be inimical to the business interests of Larian or MGA.

7  Larian further objects to the request to the extent it violates the privacy rights of third

8  parties to their private, confidential, proprietary or trade secret information.

9      Larian further objects to this request as cumulative, duplicative, and unduly

10  burdensome to the extent that it seeks documents previously requested by Mattel or

11  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

12  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

13  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

14  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

15  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

16  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

17  Things to MGAE de Mexico S.R.L. de C.V.

18      Without waiving any of the foregoing General or Specific Objections, but

19  rather expressly preserving each and every such objection, Larian responds as

20  follows:  Larian will produce all non-privileged, responsive documents in his

21  possession, custody or control, if any, that he is able to locate following a reasonably

22  diligent search.

23  REQUEST FOR PRODUCTION NO. 384:

24      All DOCUMENTS, including but not limited to all COMMUNICATIONS

25  with any PERSON, RELATING to YOUR actions in response to MATTEL

26  allegedly "falsely inflating its Barbie sales figures in an effort to mislead the public

27  and retailers."

28

EXHIBIT 15

PAGE 886

606

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

RESPONSE TO REQUEST FOR PRODUCTION NO. 384:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the term YOUR, and its incorporated terms AFFILIATES and PERSON. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING to" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

EXHIBIT 15

PAGE 687

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV 04-9049 SGL

1     Larian further objects to this request as cumulative, duplicative, and unduly

2  burdensome to the extent that it seeks documents previously requested by Mattel or

3  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

4  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

5  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

6  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

7  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

8  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

9  Things to MGAE de Mexico S.R.L. de C.V.

10     Without waiving any of the foregoing General or Specific Objections, but

11  rather expressly preserving each and every such objection, Larian responds as

12  follows:  Larian will produce all non-privileged, responsive documents in his

13  possession, custody or control, if any, that he is able to locate following a reasonably

14  diligent search.

15  REQUEST FOR PRODUCTION NO. 385:

16     All DOCUMENTS, including but not limited to all COMMUNICATIONS

17  with any PERSON, RELATING to any loss, harm, injury, increased expense, lost

18  revenue or profits, or any other damage caused to YOU by MATTEL allegedly

19  "falsely inflating its Barbie sales figures in an effort to mislead the public and

20  retailers."

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 385:

22     Larian incorporates by reference his General Response and General Objections

23  above, as though fully set forth herein and specifically incorporates General

24  Objection No. 15 (regarding Definitions), including without limitation Larian's

25  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

26  and PERSON.  Larian further objects to the request to the extent it seeks the

27  production of documents that are protected from disclosure under any applicable

28  privilege, doctrine or immunity, including without limitation the attorney-client

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049-SGL

PAGE 686

1   privilege, the work product doctrine, the right of privacy, and all other privileges

2   recognized under the constitutional, statutory or decisional law of the United States

3   of America, the State of California or any other applicable jurisdiction. Larian

4   further objects to this request as being overly broad and unduly burdensome on the

5   grounds that it is not limited in time or geographical scope. Larian further objects to

6   this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

7   limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not

8   comply with the "reasonable particularity" requirement of Federal Rule of Civil

9   Procedure 34 and renders the request overly broad and unduly burdensome in light of

10   "the wealth of material already made available in this case." <u>Westhemeco Ltd. v.</u>

11   <u>New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further

12   objects that the phrase "any loss, harm, injury, increased expense, lost revenue or

13   profits, or any other damage" is compound and, as such, renders the request vague,

14   ambiguous, and unintelligible. Larian further objects to the request to the extent that

15   it seeks documents that by reason of public filing, public distribution or otherwise

16   are already in Mattel's possession or are readily accessible to Mattel. Larian further

17   objects to the request to the extent that it seeks documents not in Larian's possession,

18   custody or control. Larian further objects to the request to the extent it seeks

19   confidential, proprietary or commercially sensitive information, the disclosure of

20   which would be inimical to the business interests of Larian or MGA. Larian further

21   objects to the request to the extent it violates the privacy rights of third parties to

22   their private, confidential, proprietary or trade secret information.

23        Larian further objects to this request as cumulative, duplicative, and unduly

24   burdensome to the extent that it seeks documents previously requested by Mattel or

25   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

26   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

27   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

28   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

EXHIBIT *15*

1 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

2 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

3 Things to MGAE de Mexico S.R.L. de C.V.

4      Without waiving any of the foregoing General or Specific Objections, but

5 rather expressly preserving each and every such objection, Larian responds as

6 follows:  Larian will produce all non-privileged, responsive documents in his

7 possession, custody or control, if any, that he is able to locate following a reasonably

8 diligent search.

9 REQUEST FOR PRODUCTION NO. 386:

10      All DOCUMENTS, including but not limited to all COMMUNICATIONS

11 with any PERSON, RELATING to MGA's reporting actual, accused or alleged false

12 or inflated sales to the public or to retailers.

13 RESPONSE TO REQUEST FOR PRODUCTION NO. 386:

14      Larian incorporates by reference his General Response and General Objections

15 above, as though fully set forth herein and specifically incorporates General

16 Objection No. 15 (regarding Definitions), including without limitation Larian's

17 objection to the definition of the term PERSON.  Larian further objects to the request

18 to the extent it seeks the production of documents that are protected from disclosure

19 under any applicable privilege, doctrine or immunity, including without limitation

20 the attorney-client privilege, the work product doctrine, the right of privacy, and all

21 other privileges recognized under the constitutional, statutory or decisional law of

22 the United States of America, the State of California or any other applicable

23 jurisdiction.  Larian further objects to this request as being overly broad and unduly

24 burdensome on the grounds that it is not limited in time or geographical scope.

25 Larian further objects to this request on the grounds that the phrase "[a]ll

26 DOCUMENTS, including but not limited to all COMMUNICATIONS with any

27 PERSON, RELATING TO" does not comply with the "reasonable particularity"

28 requirement of Federal Rule of Civil Procedure 34 and renders the request overly

EXHIBIT 15

PAGE 890

1  broad and unduly burdensome in light of "the wealth of material already made

2  available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

3  709 (S.D.N.Y. 1979).  Larian further objects that the phrase "MGA's reporting actual,

4  accused or alleged false or inflated sales to the public or to retailers" is (1)

5  accusatory and argumentative such that Larian would have to respond to the

6  allegations of the request before providing any substantive response, see Zadrozny v.

7  Board of Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991),

8  and (2) compound, rendering the request vague, ambiguous, and unintelligible.

9  Larian further objects to the request to the extent that it seeks documents that by

10  reason of public filing, public distribution or otherwise are already in Mattel's

11  possession or are readily accessible to Mattel.  Larian further objects to the request to

12  the extent that it seeks documents not in Larian's possession, custody or control.

13  Larian further objects to the request to the extent it seeks confidential, proprietary or

14  commercially sensitive information, the disclosure of which would be inimical to the

15  business interests of Larian or MGA.  Larian further objects to the request to the

16  extent it violates the privacy rights of third parties to their private, confidential,

17  proprietary or trade secret information.

18  REQUEST FOR PRODUCTION NO. 387:

19      All DOCUMENTS, including but not limited to all COMMUNICATIONS

20  with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL

21  "[took] all measures to conceal its bad acts, including the willful non-retention and

22  destruction of documents."

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 387:

24      Larian incorporates by reference his General Response and General Objections

25  above, as though fully set forth herein and specifically incorporates General

26  Objection No. 15 (regarding Definitions), including without limitation Larian's

27  objection to the definition of the term YOUR, and its incorporated terms

28  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

EXHIBIT 15

PAGE 891

1  seeks the production of documents that are protected from disclosure under any

2  applicable privilege, doctrine or immunity, including without limitation the attorney-

3  client privilege, the work product doctrine, the right of privacy, and all other

4  privileges recognized under the constitutional, statutory or decisional law of the

5  United States of America, the State of California or any other applicable jurisdiction.

6  Larian further objects to this request as being overly broad and unduly burdensome

7  on the grounds that it is not limited in time or geographical scope.  Larian further

8  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

9  but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

10  RELATE TO" does not comply with the "reasonable particularity" requirement of

11  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

12  burdensome in light of "the wealth of material already made available in this case."

13  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

14  Larian further objects to the request to the extent that it seeks documents that by

15  reason of public filing, public distribution or otherwise are already in Mattel's

16  possession or are readily accessible to Mattel.  Larian further objects to the request to

17  the extent that it seeks documents not in Larian's possession, custody or control.

18  Larian further objects to the request to the extent it seeks confidential, proprietary or

19  commercially sensitive information, the disclosure of which would be inimical to the

20  business interests of Larian or MGA.  Larian further objects to the request to the

21  extent it violates the privacy rights of third parties to their private, confidential,

22  proprietary or trade secret information.

23        Larian further objects to this request as cumulative, duplicative, and unduly

24  burdensome to the extent that it seeks documents previously requested by Mattel or

25  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

26  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

27  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

28  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 892

1 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

2 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

3 Things to MGAE de Mexico S.R.L. de C.V.

4        Without waiving any of the foregoing General or Specific Objections, but

5 rather expressly preserving each and every such objection, Larian responds as

6 follows:  Larian will produce all non-privileged, responsive documents in his

7 possession, custody or control, if any, that he is able to locate following a reasonably

8 diligent search.

9 REQUEST FOR PRODUCTION NO. 388:

10        All DOCUMENTS, including but not limited to all COMMUNICATIONS

11 with any PERSON, that YOU contend prove or that YOU will rely on at trial to

12 prove that MATTEL "[took] all measures to conceal its bad acts, including the

13 willful non-retention and destruction of documents."

14 RESPONSE TO REQUEST FOR PRODUCTION NO. 388:

15        Larian incorporates by reference his General Response and General Objections

16 above, as though fully set forth herein and specifically incorporates General

17 Objection No. 15 (regarding Definitions), including without limitation Larian's

18 objection to the definition of the term YOU, and its incorporated terms AFFILIATES

19 and PERSON.  Larian further objects to the request to the extent it seeks the

20 production of documents that are protected from disclosure under any applicable

21 privilege, doctrine or immunity, including without limitation the attorney-client

22 privilege, the work product doctrine, the right of privacy, and all other privileges

23 recognized under the constitutional, statutory or decisional law of the United States

24 of America, the State of California or any other applicable jurisdiction.  Larian

25 further objects to this request as being overly broad and unduly burdensome on the

26 grounds that it is not limited in time or geographical scope.  Larian further objects to

27 this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

28 limited to all COMMUNICATIONS with any PERSON" does not comply with the

EXHIBIT *15*

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE *893*

1  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

2  renders the request overly broad and unduly burdensome in light of "the wealth of

3  material already made available in this case." Westhemeco Ltd. v. New Hampshire

4  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrase

5  "that YOU contend prove or that YOU will rely on at trial to prove" is compound

6  and, as such, renders the request vague, ambiguous, and unintelligible. Larian

7  further objects to the request to the extent that it seeks documents that by reason of

8  public filing, public distribution or otherwise are already in Mattel's possession or

9  are readily accessible to Mattel. Larian further objects to the request to the extent

10 that it seeks documents not in Larian's possession, custody or control. Larian further

11 objects to the request to the extent it seeks confidential, proprietary or commercially

12 sensitive information, the disclosure of which would be inimical to the business

13 interests of Larian or MGA. Larian further objects to the request to the extent it

14 violates the privacy rights of third parties to their private, confidential, proprietary or

15 trade secret information.

16      Larian further objects to this request as cumulative, duplicative, and unduly

17 burdensome to the extent that it seeks documents previously requested by Mattel or

18 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

19 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

20 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

21 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

22 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

23 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

24 Things to MGAE de Mexico S.R.L. de C.V.

25      Without waiving any of the foregoing General or Specific Objections, but

26 rather expressly preserving each and every such objection, Larian responds as

27 follows: Larian will produce all non-privileged, responsive documents in his

28

EXHIBIT 15

PAGE 894

1 possession, custody or control, if any, that he is able to locate following a reasonably

2 diligent search.

3 REQUEST FOR PRODUCTION NO. 389:

4      DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

5 YOUR allegation that MATTEL "[took] all measures to conceal its bad acts,"

6 including, but not limited to, MATTEL'S alleged "willful non-retention and

7 destruction of documents."

8 RESPONSE TO REQUEST FOR PRODUCTION NO. 389:

9      Larian incorporates by reference his General Response and General Objections

10 above, as though fully set forth herein and specifically incorporates General

11 Objection No. 15 (regarding Definitions), including without limitation Larian's

12 objection to the definition of the terms YOUR, and its incorporated terms

13 AFFILIATES and PERSON.  Larian further objects to the request to the extent it

14 seeks the production of documents that are protected from disclosure under any

15 applicable privilege, doctrine or immunity, including without limitation the attorney-

16 client privilege, the work product doctrine, the right of privacy, and all other

17 privileges recognized under the constitutional, statutory or decisional law of the

18 United States of America, the State of California or any other applicable jurisdiction.

19 Larian further objects to this request as being overly broad and unduly burdensome

20 on the grounds that it is not limited in time or geographical scope.  Larian further

21 objects to this request on the grounds that the phrase "all PERSONS with knowledge

22 of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly

23 burdensome in that anyone who has read Larian's Answer in this matter has

24 "knowledge of [Larian's] allegation," without regard to whether the factual basis for

25 the allegation is known to them.  Larian further objects to the request to the extent

26 that it seeks documents that by reason of public filing, public distribution or

27 otherwise are already in Mattel's possession or are readily accessible to Mattel.

28 Larian further objects to the request to the extent that it seeks documents not in

EXHIBIT _15_

PAGE _895_

1  Larian's possession, custody or control.  Larian further objects to the request to the

2  extent it seeks confidential, proprietary or commercially sensitive information, the

3  disclosure of which would be inimical to the business interests of Larian or MGA.

4  Larian further objects to the request to the extent it violates the privacy rights of third

5  parties to their private, confidential, proprietary or trade secret information.

6       Larian further objects to this request as cumulative, duplicative, and unduly

7  burdensome to the extent that it seeks documents previously requested by Mattel or

8  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

9  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

10  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

11  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

12  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

13  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

14  Things to MGAE de Mexico S.R.L. de C.V.

15       Without waiving any of the foregoing General or Specific Objections, but

16  rather expressly preserving each and every such objection, Larian responds as

17  follows:  Larian will produce all non-privileged, responsive documents in his

18  possession, custody or control, if any, that he is able to locate following a reasonably

19  diligent search.

20  REQUEST FOR PRODUCTION NO. 390:

21       DOCUMENTS sufficient to IDENTIFY each "measure" or step that MATTEL

22  allegedly "[took] ... to conceal its bad acts, including the willful non-retention and

23  destruction of documents."

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 390:

25       Larian incorporates by reference his General Response and General Objections

26  above, as though fully set forth herein.  Larian further objects to the request to the

27  extent it seeks the production of documents that are protected from disclosure under

28  any applicable privilege, doctrine or immunity, including without limitation the

EXHIBIT _15_

PAGE _896_

1  attorney-client privilege, the work product doctrine, the right of privacy, and all other

2  privileges recognized under the constitutional, statutory or decisional law of the

3  United States of America, the State of California or any other applicable jurisdiction.

4  Larian further objects to this request as being overly broad and unduly burdensome

5  on the grounds that it is not limited in time or geographical scope.  Larian further

6  objects to this request on the grounds that the phrase "each 'measure' or step" is

7  compound and, as such, renders the request vague, ambiguous and unintelligible.

8  Larian further objects to the request to the extent that it seeks documents that by

9  reason of public filing, public distribution or otherwise are already in Mattel's

10 possession or are readily accessible to Mattel.  Larian further objects to the request to

11 the extent that it seeks documents not in Larian's possession, custody or control.

12 Larian further objects to the request to the extent it seeks confidential, proprietary or

13 commercially sensitive information, the disclosure of which would be inimical to the

14 business interests of Larian or MGA.  Larian further objects to the request to the

15 extent it violates the privacy rights of third parties to their private, confidential,

16 proprietary or trade secret information.

17     Larian further objects to this request as cumulative, duplicative, and unduly

18 burdensome to the extent that it seeks documents previously requested by Mattel or

19 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

20 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

21 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

22 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

23 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

24 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

25 Things to MGAE de Mexico S.R.L. de C.V.

26     Without waiving any of the foregoing General or Specific Objections, but

27 rather expressly preserving each and every such objection, Larian responds as

28 follows:  Larian will produce all non-privileged, responsive documents in his

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 897

1 possession, custody or control, if any, that he is able to locate following a reasonably

2 diligent search.

3 REQUEST FOR PRODUCTION NO. 391:

4     DOCUMENTS sufficient to IDENTIFY each of MATTEL'S alleged "bad

5 act[s]" supporting YOUR contention that MATTEL "[took] all measures to conceal

6 its bad acts, including the willful non-retention and destruction of documents."

7 RESPONSE TO REQUEST FOR PRODUCTION NO. 391:

8     Larian incorporates by reference his General Response and General Objections

9 above, as though fully set forth herein and specifically incorporates General

10 Objection No. 15 (regarding Definitions), including without limitation Larian's

11 objection to the definition of the terms YOUR, and its incorporated terms

12 AFFILIATES and PERSON. Larian further objects to the request to the extent it

13 seeks the production of documents that are protected from disclosure under any

14 applicable privilege, doctrine or immunity, including without limitation the attorney-

15 client privilege, the work product doctrine, the right of privacy, and all other

16 privileges recognized under the constitutional, statutory or decisional law of the

17 United States of America, the State of California or any other applicable jurisdiction.

18 Larian further objects to this request as being overly broad and unduly burdensome

19 on the grounds that it is not limited in time or geographical scope. Larian further

20 objects to the request to the extent that it seeks documents that by reason of public

21 filing, public distribution or otherwise are already in Mattel's possession or are

22 readily accessible to Mattel. Larian further objects to the request to the extent that it

23 seeks documents not in Larian's possession, custody or control. Larian further

24 objects to the request to the extent it seeks confidential, proprietary or commercially

25 sensitive information, the disclosure of which would be inimical to the business

26 interests of Larian or MGA. Larian further objects to the request to the extent it

27 violates the privacy rights of third parties to their private, confidential, proprietary or

28 trade secret information.

EXHIBIT 15

PAGE 898

1    Larian further objects to this request as cumulative, duplicative, and unduly

2 burdensome to the extent that it seeks documents previously requested by Mattel or

3 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

4 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

5 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

6 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

7 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

8 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

9 Things to MGAE de Mexico S.R.L. de C.V.

10    Without waiving any of the foregoing General or Specific Objections, but

11 rather expressly preserving each and every such objection, Larian responds as

12 follows:  Larian will produce all non-privileged, responsive documents in his

13 possession, custody or control, if any, that he is able to locate following a reasonably

14 diligent search.

15 REQUEST FOR PRODUCTION NO. 392:

16    DOCUMENTS sufficient to IDENTIFY each alleged instance or occurrence

17 of MATTEL "willful[ly] non-ret[aining or] destr[oying] ... documents."

18 RESPONSE TO REQUEST FOR PRODUCTION NO. 392:

19    Larian incorporates by reference his General Response and General Objections

20 above, as though fully set forth herein.  Larian further objects to the request to the

21 extent it seeks the production of documents that are protected from disclosure under

22 any applicable privilege, doctrine or immunity, including without limitation the

23 attorney-client privilege, the work product doctrine, the right of privacy, and all other

24 privileges recognized under the constitutional, statutory or decisional law of the

25 United States of America, the State of California or any other applicable jurisdiction.

26 Larian further objects to this request as being overly broad and unduly burdensome

27 on the grounds that it is not limited in time or geographical scope.  Larian further

28 objects to the request to the extent that it seeks documents that by reason of public

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 899

1   filing, public distribution or otherwise are already in Mattel's possession or are

2   readily accessible to Mattel.  Larian further objects to the request to the extent that it

3   seeks documents not in Larian's possession, custody or control.  Larian further

4   objects to the request to the extent it seeks confidential, proprietary or commercially

5   sensitive information, the disclosure of which would be inimical to the business

6   interests of Larian or MGA.  Larian further objects to the request to the extent it

7   violates the privacy rights of third parties to their private, confidential, proprietary or

8   trade secret information.

9         Larian further objects to this request as cumulative, duplicative, and unduly

10   burdensome to the extent that it seeks documents previously requested by Mattel or

11   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

12   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

13   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

14   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

15   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

16   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

17   Things to MGAE de Mexico S.R.L. de C.V.

18         Without waiving any of the foregoing General or Specific Objections, but

19   rather expressly preserving each and every such objection, Larian responds as

20   follows:  Larian will produce all non-privileged, responsive documents in his

21   possession, custody or control, if any, that he is able to locate following a reasonably

22   diligent search.

23   REQUEST FOR PRODUCTION NO. 393:

24         DOCUMENTS sufficient to IDENTIFY each DOCUMENT that YOU

25   contend that MATTEL "willful[ly] non-ret[ained or] destr[oyed]."

26   RESPONSE TO REQUEST FOR PRODUCTION NO. 393:

27         Larian incorporates by reference his General Response and General Objections

28   above, as though fully set forth herein and specifically incorporates General

EXHIBIT _15_

PAGE _900_

1 | Objection No. 15 (regarding Definitions), including without limitation Larian's

2 | objection to the definition of the terms YOU, and its incorporated terms

3 | AFFILIATES and PERSON.  Larian further objects to the request to the extent it

4 | seeks the production of documents that are protected from disclosure under any

5 | applicable privilege, doctrine or immunity, including without limitation the attorney-

6 | client privilege, the work product doctrine, the right of privacy, and all other

7 | privileges recognized under the constitutional, statutory or decisional law of the

8 | United States of America, the State of California or any other applicable jurisdiction.

9 | Larian further objects on the ground that the request, in seeking "each

10 | DOCUMENT" that Mattel non-retained or destroyed, without regard to whether such

11 | non-retention or destruction was unlawful, is not limited to the subject matter of this

12 | action and thus lacks relevance and is impermissibly overbroad.  See Aug. 13, 2007

13 | Order at 9:17-20; see also May 22, 2007 Order at 21:5-7.  Larian further objects to

14 | this request as being overly broad and unduly burdensome on the grounds that it is

15 | not limited in time or geographical scope.  Larian further objects to the request to the

16 | extent that it seeks documents that by reason of public filing, public distribution or

17 | otherwise are already in Mattel's possession or are readily accessible to Mattel.

18 | Larian further objects to the request to the extent that it seeks documents not in

19 | Larian's possession, custody or control.  Larian further objects to the request to the

20 | extent it seeks confidential, proprietary or commercially sensitive information, the

21 | disclosure of which would be inimical to the business interests of Larian or MGA.

22 | Larian further objects to the request to the extent it violates the privacy rights of third

23 | parties to their private, confidential, proprietary or trade secret information.

24 |         Larian further objects to this request as cumulative, duplicative, and unduly

25 | burdensome to the extent that it seeks documents previously requested by Mattel or

26 | produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

27 | document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

28 | Inc.'s First Set of Requests for Production of Documents and Tangible Things to

621

EXHIBIT *15*

1  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

2  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

3  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

4  Things to MGAE de Mexico S.R.L. de C.V.

5          Without waiving any of the foregoing General or Specific Objections, but

6  rather expressly preserving each and every such objection, Larian responds as

7  follows:  Larian will produce all non-privileged, responsive documents in his

8  possession, custody or control, if any, that he is able to locate following a reasonably

9  diligent search.

10  REQUEST FOR PRODUCTION NO. 394:

11          DOCUMENTS sufficient to IDENTIFY each DOCUMENT that YOU

12  contend that MATTEL "willful[ly] non-ret[ained or] destr[oyed]" after November 23,

13  2003.

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 394:

15          Larian incorporates by reference his General Response and General Objections

16  above, as though fully set forth herein and specifically incorporates General

17  Objection No. 15 (regarding Definitions), including without limitation Larian's

18  objection to the definition of the terms YOU, and its incorporated terms

19  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

20  seeks the production of documents that are protected from disclosure under any

21  applicable privilege, doctrine or immunity, including without limitation the attorney-

22  client privilege, the work product doctrine, the right of privacy, and all other

23  privileges recognized under the constitutional, statutory or decisional law of the

24  United States of America, the State of California or any other applicable jurisdiction.

25  Larian further objects on the ground that the request, in seeking "each

26  DOCUMENT" that Mattel non-retained or destroyed, without regard to whether such

27  non-retention or destruction was unlawful, is not limited to the subject matter of this

28  action and thus lacks relevance and is impermissibly overbroad.  See Aug. 13, 2007

EXHIBIT 15

PAGE 902

1  Order at 9:17-20; <u>see also</u> May 22, 2007 Order at 21:5-7.  Larian further objects to

2  this request as being overly broad and unduly burdensome on the grounds that it is

3  not limited in geographical scope.  Larian further objects to the request to the extent

4  that it seeks documents that by reason of public filing, public distribution or

5  otherwise are already in Mattel's possession or are readily accessible to Mattel.

6  Larian further objects to the request to the extent that it seeks documents not in

7  Larian's possession, custody or control.  Larian further objects to the request to the

8  extent it seeks confidential, proprietary or commercially sensitive information, the

9  disclosure of which would be inimical to the business interests of Larian or MGA.

10  Larian further objects to the request to the extent it violates the privacy rights of third

11  parties to their private, confidential, proprietary or trade secret information.

12       Larian further objects to this request as cumulative, duplicative, and unduly

13  burdensome to the extent that it seeks documents previously requested by Mattel or

14  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

15  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

16  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

17  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

18  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

19  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

20  Things to MGAE de Mexico S.R.L. de C.V.

21       Without waiving any of the foregoing General or Specific Objections, but

22  rather expressly preserving each and every such objection, Larian responds as

23  follows:  Larian will produce all non-privileged, responsive documents in his

24  possession, custody or control, if any, that he is able to locate following a reasonably

25  diligent search.

26

27       EXHIBIT *15*

28       PAGE *903*

623

**REQUEST FOR PRODUCTION NO. 395:**

DOCUMENTS sufficient to IDENTIFY each DOCUMENT that YOU contend that MATTEL "willful[ly] non-ret[ained or] destr[oyed]" after November 23, 2003, that MATTEL was obligated to retain or not destroy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 395:**

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the terms YOU, and its incorporated terms AFFILIATES and PERSON. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects on the ground that the request, in seeking "each DOCUMENT" that Mattel non-retained or destroyed although it was obligated to retain or not destroy such document, without regard to whether breach of such "obligation" is at issue in this lawsuit, is not limited to the subject matter of this action and thus lacks relevance and is impermissibly overbroad. See Aug. 13, 2007 Order at 9:17-20; see also May 22, 2007 Order at 21:5-7. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in geographical scope. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

EXHIBIT 15

PAGE 924

1  disclosure of which would be inimical to the business interests of Larian or MGA.

2  Larian further objects to the request to the extent it violates the privacy rights of third

3  parties to their private, confidential, proprietary or trade secret information.

4     Larian further objects to this request as cumulative, duplicative, and unduly

5  burdensome to the extent that it seeks documents previously requested by Mattel or

6  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

7  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

8  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

9  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

10  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

11  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

12  Things to MGAE de Mexico S.R.L. de C.V.

13     Without waiving any of the foregoing General or Specific Objections, but

14  rather expressly preserving each and every such objection, Larian responds as

15  follows:  Larian will produce all non-privileged, responsive documents in his

16  possession, custody or control, if any, that he is able to locate following a reasonably

17  diligent search.

18  REQUEST FOR PRODUCTION NO. 396:

19     All DOCUMENTS, including but not limited to all COMMUNICATIONS

20  with any PERSON, RELATING to YOUR actions in response to MATTEL

21  allegedly "taking all measures to conceal its bad acts, including the willful non-

22  retention and destruction of documents."

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 396:

24     Larian incorporates by reference his General Response and General Objections

25  above, as though fully set forth herein and specifically incorporates General

26  Objection No. 15 (regarding Definitions), including without limitation Larian's

27  objection to the definition of the term YOUR, and its incorporated terms

28  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

EXHIBIT __15__

PAGE __905__

1  seeks the production of documents that are protected from disclosure under any

2  applicable privilege, doctrine or immunity, including without limitation the attorney-

3  client privilege, the work product doctrine, the right of privacy, and all other

4  privileges recognized under the constitutional, statutory or decisional law of the

5  United States of America, the State of California or any other applicable jurisdiction.

6  Larian further objects to this request as being overly broad and unduly burdensome

7  on the grounds that it is not limited in time or geographical scope.  Larian further

8  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

9  but not limited to all COMMUNICATIONS with any PERSON, RELATING TO"

10  does not comply with the "reasonable particularity" requirement of Federal Rule of

11  Civil Procedure 34 and renders the request overly broad and unduly burdensome in

12  light of "the wealth of material already made available in this case." Westhemeco

13  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian

14  further objects to the request to the extent that it seeks documents that by reason of

15  public filing, public distribution or otherwise are already in Mattel's possession or

16  are readily accessible to Mattel.  Larian further objects to the request to the extent

17  that it seeks documents not in Larian's possession, custody or control.  Larian further

18  objects to the request to the extent it seeks confidential, proprietary or commercially

19  sensitive information, the disclosure of which would be inimical to the business

20  interests of Larian or MGA.  Larian further objects to the request to the extent it

21  violates the privacy rights of third parties to their private, confidential, proprietary or

22  trade secret information.

23         Larian further objects to this request as cumulative, duplicative, and unduly

24  burdensome to the extent that it seeks documents previously requested by Mattel or

25  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

26  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

27  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

28  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 906

1  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

2  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

3  Things to MGAE de Mexico S.R.L. de C.V.

4      Without waiving any of the foregoing General or Specific Objections, but

5  rather expressly preserving each and every such objection, Larian responds as

6  follows:  Larian will produce all non-privileged, responsive documents in his

7  possession, custody or control, if any, that he is able to locate following a reasonably

8  diligent search.

9  REQUEST FOR PRODUCTION NO. 397:

10      All DOCUMENTS, including but not limited to all COMMUNICATIONS

11  with any PERSON, RELATING to any loss, harm, injury, increased expense, lost

12  revenue or profits, or any other damage caused to YOU by MATTEL allegedly

13  "taking all measures to conceal its bad acts, including the willful non-retention and

14  destruction of documents."

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 397:

16      Larian incorporates by reference his General Response and General Objections

17  above, as though fully set forth herein and specifically incorporates General

18  Objection No. 15 (regarding Definitions), including without limitation Larian's

19  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

20  and PERSON.  Larian further objects to the request to the extent it seeks the

21  production of documents that are protected from disclosure under any applicable

22  privilege, doctrine or immunity, including without limitation the attorney-client

23  privilege, the work product doctrine, the right of privacy, and all other privileges

24  recognized under the constitutional, statutory or decisional law of the United States

25  of America, the State of California or any other applicable jurisdiction.   Larian

26  further objects to this request as being overly broad and unduly burdensome on the

27  grounds that it is not limited in time or geographical scope.  Larian further objects to

28  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

EXHIBIT _15_

PAGE __70-7

1  limited to all COMMUNICATIONS with any PERSON, RELATING TO" does not

2  comply with the "reasonable particularity" requirement of Federal Rule of Civil

3  Procedure 34 and renders the request overly broad and unduly burdensome in light of

4  "the wealth of material already made available in this case." <u>Westhemeco Ltd. v.</u>

5  <u>New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further

6  objects that the phrase "any loss, harm, injury, increased expense, lost revenue or

7  profits, or any other damage" is compound and, as such, renders the request vague,

8  ambiguous, and unintelligible.  Larian further objects to the request to the extent that

9  it seeks documents that by reason of public filing, public distribution or otherwise

10  are already in Mattel's possession or are readily accessible to Mattel.  Larian further

11  objects to the request to the extent that it seeks documents not in Larian's possession,

12  custody or control.  Larian further objects to the request to the extent it seeks

13  confidential, proprietary or commercially sensitive information, the disclosure of

14  which would be inimical to the business interests of Larian or MGA.  Larian further

15  objects to the request to the extent it violates the privacy rights of third parties to

16  their private, confidential, proprietary or trade secret information.

17       Larian further objects to this request as cumulative, duplicative, and unduly

18  burdensome to the extent that it seeks documents previously requested by Mattel or

19  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

20  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

21  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

22  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

23  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

24  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

25  Things to MGAE de Mexico S.R.L. de C.V.

26       Without waiving any of the foregoing General or Specific Objections, but

27  rather expressly preserving each and every such objection, Larian responds as

28  follows:  Larian will produce all non-privileged, responsive documents in his

EXHIBIT 15

PAGE 908

1  possession, custody or control, if any, that he is able to locate following a reasonably

2  diligent search.

3  REQUEST FOR PRODUCTION NO. 398:

4  　　　All DOCUMENTS, including but not limited to all COMMUNICATIONS

5  with any PERSON, RELATING to YOU taking any measures or steps to conceal

6  YOUR acts or omissions, including, but not limited to, non-retention or destruction

7  of documents RELATED to this litigation.

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 398:

9  　　　Larian incorporates by reference his General Response and General Objections

10  above, as though fully set forth herein and specifically incorporates General

11  Objection No. 15 (regarding Definitions), including without limitation Larian's

12  objection to the definition of the term YOUR, and its incorporated terms

13  AFFILIATES and PERSON. Larian further objects to the request to the extent it

14  seeks the production of documents that are protected from disclosure under any

15  applicable privilege, doctrine or immunity, including without limitation the attorney-

16  client privilege, the work product doctrine, the right of privacy, and all other

17  privileges recognized under the constitutional, statutory or decisional law of the

18  United States of America, the State of California or any other applicable jurisdiction.

19  Larian further objects to this request as being overly broad and unduly burdensome

20  on the grounds that it is not limited in time or geographical scope. Larian further

21  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

22  but not limited to all COMMUNICATIONS with any PERSON, RELATING TO"

23  does not comply with the "reasonable particularity" requirement of Federal Rule of

24  Civil Procedure 34 and renders the request overly broad and unduly burdensome in

25  light of "the wealth of material already made available in this case." Westhemeco

26  Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian

27  further objects that the phrase "YOU taking any measures or steps to conceal YOUR

28  acts or omissions, including, but not limited to, non-retention or destruction of

629

EXHIBIT _15_

1  documents RELATED to this litigation" is (1) accusatory and argumentative such

2  that Larian would have to respond to the allegations of the request before providing

3  any substantive response, see Zadrozny v. Board of Trustees District No. 508, 1991

4  WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2) compound, rendering the request

5  vague, ambiguous, and unintelligible.  Larian further objects to the request to the

6  extent that it seeks documents that by reason of public filing, public distribution or

7  otherwise are already in Mattel's possession or are readily accessible to Mattel.

8  Larian further objects to the request to the extent that it seeks documents not in

9  Larian's possession, custody or control.  Larian further objects to the request to the

10  extent it seeks confidential, proprietary or commercially sensitive information, the

11  disclosure of which would be inimical to the business interests of Larian or MGA.

12  Larian further objects to the request to the extent it violates the privacy rights of third

13  parties to their private, confidential, proprietary or trade secret information.

14  REQUEST FOR PRODUCTION NO. 399:

15      DOCUMENTS sufficient to IDENTIFY each DOCUMENT RELATED to

16  this litigation that YOU destroyed or failed to retain after November 23, 2003.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 399:

18      Larian incorporates by reference his General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General

20  Objection No. 15 (regarding Definitions), including without limitation Larian's

21  objection to the definition of the terms YOU, and its incorporated terms

22  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

23  seeks the production of documents that are protected from disclosure under any

24  applicable privilege, doctrine or immunity, including without limitation the attorney-

25  client privilege, the work product doctrine, the right of privacy, and all other

26  privileges recognized under the constitutional, statutory or decisional law of the

27  United States of America, the State of California or any other applicable jurisdiction.

28  Larian further objects on the ground that the request, in seeking "each DOCUMENT

EXHIBIT 15

PAGE 910

1  RELATED TO this litigation that [Larian] destroyed or failed to retain," is not

2  limited to *unlawful* instances of destruction or failure to retain documents, which

3  instances of destruction or failure to retain are at issue in this litigation.  Literally

4  every discarded draft of a discovery response is called for, regardless whether Larian

5  had any legal obligation to retain or preserve such draft or whether such draft was

6  discarded intentionally or inadvertently.  The request is therefore not limited to the

7  subject matter of this action and thus lacks relevance and is impermissibly overbroad.

8  See Aug. 13, 2007 Order at 9:17-20; see also May 22, 2007 Order at 21:5-7.  Larian

9  further objects to this request as being overly broad and unduly burdensome on the

10  grounds that it is not limited in geographical scope.  Larian further objects to the

11  request to the extent that it seeks documents that by reason of public filing, public

12  distribution or otherwise are already in Mattel's possession or are readily accessible

13  to Mattel.  Larian further objects to the request to the extent that it seeks documents

14  not in Larian's possession, custody or control.  Larian further objects to the request to

15  the extent it seeks confidential, proprietary or commercially sensitive information,

16  the disclosure of which would be inimical to the business interests of Larian or MGA.

17  Larian further objects to the request to the extent it violates the privacy rights of third

18  parties to their private, confidential, proprietary or trade secret information.

19  REQUEST FOR PRODUCTION NO. 400:

20      All DOCUMENTS, including but not limited to all COMMUNICATIONS

21  with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL

22  "believed from the time that Carter Bryant left Mattel's employ that he was going to

23  perform work for a Mattel competitor."

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 400:

25      Larian incorporates by reference his General Response and General Objections

26  above, as though fully set forth herein and specifically incorporates General

27  Objection No. 15 (regarding Definitions), including without limitation Larian's

28  objection to the definition of the terms YOUR, and its incorporated terms

EXHIBIT 15

PAGE 711

1 AFFILIATES and PERSON. Larian further objects to the request to the extent it

2 seeks the production of documents that are protected from disclosure under any

3 applicable privilege, doctrine or immunity, including without limitation the attorney-

4 client privilege, the work product doctrine, the right of privacy, and all other

5 privileges recognized under the constitutional, statutory or decisional law of the

6 United States of America, the State of California or any other applicable jurisdiction.

7 Larian further objects to this request on the grounds that the phrase "[a]ll

8 DOCUMENTS, including but not limited to all COMMUNICATIONS with any

9 PERSON, that REFER OR RELATE TO" does not comply with the "reasonable

10 particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

11 request overly broad and unduly burdensome in light of "the wealth of material

12 already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co.,

13 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects to this request as being

14 overly broad and unduly burdensome on the grounds that it is not limited in time or

15 geographical scope. Larian further objects to the request to the extent that it seeks

16 documents that by reason of public filing, public distribution or otherwise are already

17 in Mattel's possession or are readily accessible to Mattel. Larian further objects to

18 the request to the extent that it seeks documents not in Larian's possession, custody

19 or control. Larian further objects to the request to the extent it seeks confidential,

20 proprietary or commercially sensitive information, the disclosure of which would be

21 inimical to the business interests of Larian or MGA. Larian further objects to the

22 request to the extent it violates the privacy rights of third parties to their private,

23 confidential, proprietary or trade secret information.

24        Larian further objects to this request as cumulative, duplicative, and unduly

25 burdensome to the extent that it seeks documents previously requested by Mattel or

26 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

27 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

28 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

EXHIBIT 15

PAGE 962

1   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

2   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

3   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

4   Things to MGAE de Mexico S.R.L. de C.V.

5        Without waiving any of the foregoing General or Specific Objections, but

6   rather expressly preserving each and every such objection, Larian responds as

7   follows:  Larian will produce all non-privileged, responsive documents in his

8   possession, custody or control, if any, that he is able to locate following a reasonably

9   diligent search.

10  REQUEST FOR PRODUCTION NO. 401:

11       All DOCUMENTS, including but not limited to all COMMUNICATIONS

12  with any PERSON, that YOU contend prove or that YOU will rely on at trial to

13  prove that MATTEL "believed from the time that Carter Bryant left Mattel's employ

14  that he was going to perform work for a Mattel competitor."

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 401:

16       Larian incorporates by reference his General Response and General Objections

17  above, as though fully set forth herein and specifically incorporates General

18  Objection No. 15 (regarding Definitions), including without limitation Larian's

19  objection to the definition of the terms YOU, and its incorporated terms

20  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

21  seeks the production of documents that are protected from disclosure under any

22  applicable privilege, doctrine or immunity, including without limitation the attorney-

23  client privilege, the work product doctrine, the right of privacy, and all other

24  privileges recognized under the constitutional, statutory or decisional law of the

25  United States of America, the State of California or any other applicable jurisdiction.

26  Larian further objects to this request on the grounds that the phrase "[a]ll

27  DOCUMENTS, including but not limited to all COMMUNICATIONS with any

28  PERSON" does not comply with the "reasonable particularity" requirement of

EXHIBIT 15

1 Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

2 burdensome in light of "the wealth of material already made available in this case."

3 Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

4 Larian further objections on the ground that the phrase "that YOU contend prove or

5 that YOU will rely on at trial to prove" is compound and, as such, renders the request

6 vague, ambiguous and unintelligible.  Larian further objects to this request as being

7 overly broad and unduly burdensome on the grounds that it is not limited in time or

8 geographical scope.  Larian further objects to the request to the extent that it seeks

9 documents that by reason of public filing, public distribution or otherwise are already

10 in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

11 the request to the extent that it seeks documents not in Larian's possession, custody

12 or control.  Larian further objects to the request to the extent it seeks confidential,

13 proprietary or commercially sensitive information, the disclosure of which would be

14 inimical to the business interests of Larian or MGA.  Larian further objects to the

15 request to the extent it violates the privacy rights of third parties to their private,

16 confidential, proprietary or trade secret information.

17      Larian further objects to this request as cumulative, duplicative, and unduly

18 burdensome to the extent that it seeks documents previously requested by Mattel or

19 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

20 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

21 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

22 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

23 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

24 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

25 Things to MGAE de Mexico S.R.L. de C.V.

26      Without waiving any of the foregoing General or Specific Objections, but

27 rather expressly preserving each and every such objection, Larian responds as

28 follows:  Larian will produce all non-privileged, responsive documents in his

EXHIBIT 15

PAGE 274

1  possession, custody or control, if any, that he is able to locate following a reasonably

2  diligent search.

3  REQUEST FOR PRODUCTION NO. 402:

4      DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

5  YOUR allegation that MATTEL "believed from the time that Carter Bryant left

6  Mattel's employ that he was going to perform work for a Mattel competitor."

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 402:

8      Larian incorporates by reference his General Response and General Objections

9  above, as though fully set forth herein and specifically incorporates General

10  Objection No. 15 (regarding Definitions), including without limitation Larian's

11  objection to the definition of the terms YOUR, and its incorporated terms

12  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

13  seeks the production of documents that are protected from disclosure under any

14  applicable privilege, doctrine or immunity, including without limitation the attorney-

15  client privilege, the work product doctrine, the right of privacy, and all other

16  privileges recognized under the constitutional, statutory or decisional law of the

17  United States of America, the State of California or any other applicable jurisdiction.

18  Larian further objects to this request as being overly broad and unduly burdensome

19  on the grounds that it is not limited in time or geographical scope.  Larian further

20  objects to this request on the grounds that the phrase "all PERSONS with knowledge

21  of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly

22  burdensome in that anyone who has read Larian's Answer in this matter has

23  "knowledge of [Larian's] allegation," without regard to whether the factual basis for

24  the allegation is known to them.  Larian further objects to the request to the extent

25  that it seeks documents that by reason of public filing, public distribution or

26  otherwise are already in Mattel's possession or are readily accessible to Mattel.

27  Larian further objects to the request to the extent that it seeks documents not in

28  Larian's possession, custody or control.  Larian further objects to the request to the

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1   extent it seeks confidential, proprietary or commercially sensitive information, the

2   disclosure of which would be inimical to the business interests of Larian or MGA.

3   Larian further objects to the request to the extent it violates the privacy rights of third

4   parties to their private, confidential, proprietary or trade secret information.

5           Larian further objects to this request as cumulative, duplicative, and unduly

6   burdensome to the extent that it seeks documents previously requested by Mattel or

7   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

8   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

9   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

10  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

11  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

12  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

13  Things to MGAE de Mexico S.R.L. de C.V.

14          Without waiving any of the foregoing General or Specific Objections, but

15  rather expressly preserving each and every such objection, Larian responds as

16  follows:  Larian will produce all non-privileged, responsive documents in his

17  possession, custody or control, if any, that he is able to locate following a reasonably

18  diligent search.

19  REQUEST FOR PRODUCTION NO. 403:

20          DOCUMENTS sufficient to IDENTIFY all PERSONS who contend that

21  MATTEL "believed from the time that Carter Bryant left Mattel's employ that he

22  was going to perform work for a Mattel competitor."

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 403:

24          Larian incorporates by reference his General Response and General Objections

25  above, as though fully set forth herein and specifically incorporates General

26  Objection No. 15 (regarding Definitions), including without limitation Larian's

27  objection to the definition of the term PERSON.  Larian further objects to the request

28  to the extent it seeks the production of documents that are protected from disclosure

EXHIBIT _15_

PAGE _916_

1  under any applicable privilege, doctrine or immunity, including without limitation

2  the attorney-client privilege, the work product doctrine, the right of privacy, and all

3  other privileges recognized under the constitutional, statutory or decisional law of

4  the United States of America, the State of California or any other applicable

5  jurisdiction.  Larian further objects to this request as being overly broad and unduly

6  burdensome on the grounds that it is not limited in time or geographical scope.

7  Larian further objects to the request to the extent that it seeks documents that by

8  reason of public filing, public distribution or otherwise are already in Mattel's

9  possession or are readily accessible to Mattel.  Larian further objects to the request to

10  the extent that it seeks documents not in Larian's possession, custody or control.

11  Larian further objects to the request to the extent it seeks confidential, proprietary or

12  commercially sensitive information, the disclosure of which would be inimical to the

13  business interests of Larian or MGA.  Larian further objects to the request to the

14  extent it violates the privacy rights of third parties to their private, confidential,

15  proprietary or trade secret information.

16      Larian further objects to this request as cumulative, duplicative, and unduly

17  burdensome to the extent that it seeks documents previously requested by Mattel or

18  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

19  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

20  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

21  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

22  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

23  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

24  Things to MGAE de Mexico S.R.L. de C.V.

25      Without waiving any of the foregoing General or Specific Objections, but

26  rather expressly preserving each and every such objection, Larian responds as

27  follows:  Larian will produce all non-privileged, responsive documents in his

28

EXHIBIT 15

PAGE 767

1  possession, custody or control, if any, that he is able to locate following a reasonably

2  diligent search.

3  REQUEST FOR PRODUCTION NO. 404:

4        All DOCUMENTS, including but not limited to all COMMUNICATIONS

5  with any PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL

6  "began investigating Bryant and MGA Defendants, including Bryant's role in the

7  creation and development of Bratz, at least as early as March 2002."

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 404:

9        Larian incorporates by reference his General Response and General Objections

10  above, as though fully set forth herein and specifically incorporates General

11  Objection No. 15 (regarding Definitions), including without limitation Larian's

12  objection to the definition of the term YOUR, and its incorporated terms

13  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

14  seeks the production of documents that are protected from disclosure under any

15  applicable privilege, doctrine or immunity, including without limitation the attorney-

16  client privilege, the work product doctrine, the right of privacy, and all other

17  privileges recognized under the constitutional, statutory or decisional law of the

18  United States of America, the State of California or any other applicable jurisdiction.

19  Larian further objects to this request as being overly broad and unduly burdensome

20  on the grounds that it is not limited in time or geographical scope.  Larian further

21  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

22  but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

23  RELATE TO" does not comply with the "reasonable particularity" requirement of

24  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

25  burdensome in light of "the wealth of material already made available in this case."

26  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

27  Larian further objects to the request to the extent that it seeks documents that by

28  reason of public filing, public distribution or otherwise are already in Mattel's

1  possession or are readily accessible to Mattel.  Larian further objects to the request to

2  the extent that it seeks documents not in Larian's possession, custody or control.

3  Larian further objects to the request to the extent it seeks confidential, proprietary or

4  commercially sensitive information, the disclosure of which would be inimical to the

5  business interests of Larian or MGA.  Larian further objects to the request to the

6  extent it violates the privacy rights of third parties to their private, confidential,

7  proprietary or trade secret information.

8       Larian further objects to this request as cumulative, duplicative, and unduly

9  burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

11  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

12  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

13  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

14  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

15  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

16  Things to MGAE de Mexico S.R.L. de C.V.

17       Without waiving any of the foregoing General or Specific Objections, but

18  rather expressly preserving each and every such objection, Larian responds as

19  follows:  Larian will produce all non-privileged, responsive documents in his

20  possession, custody or control, if any, that he is able to locate following a reasonably

21  diligent search.

22  REQUEST FOR PRODUCTION NO. 405:

23       All DOCUMENTS, including but not limited to all COMMUNICATIONS

24  with any PERSON, that YOU contend prove or that YOU will rely on at trial to

25  prove that MATTEL "began investigating Bryant and MGA Defendants, including

26  Bryant's role in the creation and development of Bratz, at least as early as March

27  2002."

28

EXHIBIT _15_

PAGE _919_

639

1   RESPONSE TO REQUEST FOR PRODUCTION NO. 405:

2           Larian incorporates by reference his General Response and General Objections

3   above, as though fully set forth herein and specifically incorporates General

4   Objection No. 15 (regarding Definitions), including without limitation Larian's

5   objection to the definition of the term YOU, and its incorporated terms AFFILIATES

6   and PERSON.  Larian further objects to the request to the extent it seeks the

7   production of documents that are protected from disclosure under any applicable

8   privilege, doctrine or immunity, including without limitation the attorney-client

9   privilege, the work product doctrine, the right of privacy, and all other privileges

10  recognized under the constitutional, statutory or decisional law of the United States

11  of America, the State of California or any other applicable jurisdiction.   Larian

12  further objects to this request as being overly broad and unduly burdensome on the

13  grounds that it is not limited in time or geographical scope.  Larian further objects to

14  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

15  limited to all COMMUNICATIONS with any PERSON" does not comply with the

16  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

17  renders the request overly broad and unduly burdensome in light of "the wealth of

18  material already made available in this case." Westhemeco Ltd. v. New Hampshire

19  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase

20  "that YOU contend prove or that YOU will rely on at trial to prove" is compound

21  and, as such, renders the request vague, ambiguous, and unintelligible.  Larian

22  further objects to the request to the extent that it seeks documents that by reason of

23  public filing, public distribution or otherwise are already in Mattel's possession or

24  are readily accessible to Mattel.  Larian further objects to the request to the extent

25  that it seeks documents not in Larian's possession, custody or control.  Larian further

26  objects to the request to the extent it seeks confidential, proprietary or commercially

27  sensitive information, the disclosure of which would be inimical to the business

28  interests of Larian or MGA.  Larian further objects to the request to the extent it

640

EXHIBIT 15

1  violates the privacy rights of third parties to their private, confidential, proprietary or

2  trade secret information.

3      Larian further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11  Things to MGAE de Mexico S.R.L. de C.V.

12      Without waiving any of the foregoing General or Specific Objections, but

13  rather expressly preserving each and every such objection, Larian responds as

14  follows:  Larian will produce all non-privileged, responsive documents in his

15  possession, custody or control, if any, that he is able to locate following a reasonably

16  diligent search.

17  REQUEST FOR PRODUCTION NO. 406:

18      DOCUMENTS sufficient to IDENTIFY all PERSONS with knowledge of

19  YOUR allegation that MATTEL "began investigating Bryant and MGA Defendants,

20  including Bryant's role in the creation and development of Bratz, at least as early as

21  March 2002."

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 406:

23      Larian incorporates by reference his General Response and General Objections

24  above, as though fully set forth herein and specifically incorporates General

25  Objection No. 15 (regarding Definitions), including without limitation Larian's

26  objection to the definition of the terms YOUR, and its incorporated terms

27  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

28  seeks the production of documents that are protected from disclosure under any

1    applicable privilege, doctrine or immunity, including without limitation the attorney-

2    client privilege, the work product doctrine, the right of privacy, and all other

3    privileges recognized under the constitutional, statutory or decisional law of the

4    United States of America, the State of California or any other applicable jurisdiction.

5    Larian further objects to this request as being overly broad and unduly burdensome

6    on the grounds that it is not limited in time or geographical scope.  Larian further

7    objects to this request on the grounds that the phrase "all PERSONS with knowledge

8    of YOUR allegation" renders the request vague, ambiguous, overly broad and unduly

9    burdensome in that anyone who has read Larian's Answer in this matter has

10    "knowledge of [Larian's] allegation," without regard to whether the factual basis for

11    the allegation is known to them.  Larian further objects to the request to the extent

12    that it seeks documents that by reason of public filing, public distribution or

13    otherwise are already in Mattel's possession or are readily accessible to Mattel.

14    Larian further objects to the request to the extent that it seeks documents not in

15    Larian's possession, custody or control.  Larian further objects to the request to the

16    extent it seeks confidential, proprietary or commercially sensitive information, the

17    disclosure of which would be inimical to the business interests of Larian or MGA.

18    Larian further objects to the request to the extent it violates the privacy rights of third

19    parties to their private, confidential, proprietary or trade secret information.

20           Larian further objects to this request as cumulative, duplicative, and unduly

21    burdensome to the extent that it seeks documents previously requested by Mattel or

22    produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

23    document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

24    Inc.'s First Set of Requests for Production of Documents and Tangible Things to

25    MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

26    Requests for Production of Documents and Things to Isaac Larian and Request Nos.

27    140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

28    Things to MGAE de Mexico S.R.L. de C.V.

EXHIBIT _15_

PAGE _922_

1  Without waiving any of the foregoing General or Specific Objections, but

2  rather expressly preserving each and every such objection, Larian responds as

3  follows:  Larian will produce all non-privileged, responsive documents in his

4  possession, custody or control, if any, that he is able to locate following a reasonably

5  diligent search.

6  REQUEST FOR PRODUCTION NO. 407:

7  DOCUMENTS sufficient to IDENTIFY all PERSONS who contend that

8  MATTEL "began investigating Bryant and MGA Defendants, including Bryant's role

9  in the creation and development of Bratz, at least as early as March 2002."

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 407:

11  Larian incorporates by reference his General Response and General Objections

12  above, as though fully set forth herein and specifically incorporates General

13  Objection No. 15 (regarding Definitions), including without limitation Larian's

14  objection to the definition of the term PERSON.  Larian further objects to the request

15  to the extent it seeks the production of documents that are protected from disclosure

16  under any applicable privilege, doctrine or immunity, including without limitation

17  the attorney-client privilege, the work product doctrine, the right of privacy, and all

18  other privileges recognized under the constitutional, statutory or decisional law of

19  the United States of America, the State of California or any other applicable

20  jurisdiction.  Larian further objects to this request as being overly broad and unduly

21  burdensome on the grounds that it is not limited in time or geographical scope.

22  Larian further objects to the request to the extent that it seeks documents that by

23  reason of public filing, public distribution or otherwise are already in Mattel's

24  possession or are readily accessible to Mattel.  Larian further objects to the request to

25  the extent that it seeks documents not in Larian's possession, custody or control.

26  Larian further objects to the request to the extent it seeks confidential, proprietary or

27  commercially sensitive information, the disclosure of which would be inimical to the

28  business interests of Larian or MGA.  Larian further objects to the request to the

643

EXHIBIT _15_

1  extent it violates the privacy rights of third parties to their private, confidential,

2  proprietary or trade secret information.

3      Larian further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11  Things to MGAE de Mexico S.R.L. de C.V.

12      Without waiving any of the foregoing General or Specific Objections, but

13  rather expressly preserving each and every such objection, Larian responds as

14  follows:  Larian will produce all non-privileged, responsive documents in his

15  possession, custody or control, if any, that he is able to locate following a reasonably

16  diligent search.

17  REQUEST FOR PRODUCTION NO. 408:

18      All DOCUMENTS, including but not limited to all COMMUNICATIONS

19  with any PERSON, that REFER OR RELATE TO any investigation by YOU or any

20  other PERSON RELATING TO any PERSON'S work for or employment by

21  MATTEL, including without limitation, Carter Bryant's work for and employment

22  by MATTEL, at any time since January 1, 1998.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 408:

24      Larian incorporates by reference his General Response and General Objections

25  above, as though fully set forth herein and specifically incorporates General

26  Objection No. 15 (regarding Definitions), including without limitation Larian's

27  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

28  and PERSON.  Larian further objects to the request to the extent it seeks the

1  production of documents that are protected from disclosure under any applicable

2  privilege, doctrine or immunity, including without limitation the attorney-client

3  privilege, the work product doctrine, the right of privacy, and all other privileges

4  recognized under the constitutional, statutory or decisional law of the United States

5  of America, the State of California or any other applicable jurisdiction. Larian

6  further objects to this request as being overly broad and unduly burdensome on the

7  grounds that it is not reasonably limited in time or geographical scope. Larian

8  further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS,

9  including but not limited to all COMMUNICATIONS with any PERSON, that

10  REFER OR RELATE TO" does not comply with the "reasonable particularity"

11  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

12  broad and unduly burdensome in light of "the wealth of material already made

13  available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

14  709 (S.D.N.Y. 1979). Larian further objects that the phrase "any investigation by

15  YOU or any other PERSON RELATING TO any PERSON'S work for or

16  employment by MATTEL, including without limitation, Carter Bryant's work for

17  and employment by MATTEL" is compound and, as such, renders the request vague,

18  ambiguous, and unintelligible. Larian further objects to the request to the extent that

19  it seeks documents that by reason of public filing, public distribution or otherwise

20  are already in Mattel's possession or are readily accessible to Mattel. Larian further

21  objects to the request to the extent that it seeks documents not in Larian's possession,

22  custody or control. Larian further objects to the request to the extent it seeks

23  confidential, proprietary or commercially sensitive information, the disclosure of

24  which would be inimical to the business interests of Larian or MGA. Larian further

25  objects to the request to the extent it violates the privacy rights of third parties to

26  their private, confidential, proprietary or trade secret information.

27  　　　Larian further objects to this request as cumulative, duplicative, and unduly

28  burdensome to the extent that it seeks documents previously requested by Mattel or

EXHIBIT 15

PAGE 928

1   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

2   document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

3   Inc.'s First Set of Requests for Production of Documents and Tangible Things to

4   MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

5   Requests for Production of Documents and Things to Isaac Larian and Request Nos.

6   140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

7   Things to MGAE de Mexico S.R.L. de C.V.

8        Without waiving any of the foregoing General or Specific Objections, but

9   rather expressly preserving each and every such objection, Larian responds as

10  follows:  Larian will produce all non-privileged, responsive documents in his

11  possession, custody or control, if any, that he is able to locate following a reasonably

12  diligent search.

13  REQUEST FOR PRODUCTION NO. 409:

14       All DOCUMENTS, including but not limited to all COMMUNICATIONS

15  with any PERSON, that REFER OR RELATE TO YOUR knowledge or belief that

16  any PERSON employed by YOU was performing work or intended to perform work

17  for any competitor of YOURS.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 409:

19       Larian incorporates by reference his General Response and General Objections

20  above, as though fully set forth herein and specifically incorporates General

21  Objection No. 15 (regarding Definitions), including without limitation Larian's

22  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

23  and PERSON.  Larian further objects to the request to the extent it seeks the

24  production of documents that are protected from disclosure under any applicable

25  privilege, doctrine or immunity, including without limitation the attorney-client

26  privilege, the work product doctrine, the right of privacy, and all other privileges

27  recognized under the constitutional, statutory or decisional law of the United States

28  of America, the State of California or any other applicable jurisdiction.  Larian

646

EXHIBIT *15*

PAGE *276*

1  further objects to this request as being overly broad and unduly burdensome on the

2  grounds that it is not reasonably limited in time or geographical scope.  Larian

3  further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS,

4  including but not limited to all COMMUNICATIONS with any PERSON, that

5  REFER OR RELATE TO" does not comply with the "reasonable particularity"

6  requirement of Federal Rule of Civil Procedure 34 and renders the request overly

7  broad and unduly burdensome in light of "the wealth of material already made

8  available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

9  709 (S.D.N.Y. 1979).  Larian further objects that the phrase "YOUR knowledge or

10  belief that any PERSON employed by YOU was performing work or intended to

11  perform work for any competitor of YOURS" is compound and, as such, renders the

12  request vague, ambiguous, and unintelligible.  Larian further objects to the request to

13  the extent that it seeks documents that by reason of public filing, public distribution

14  or otherwise are already in Mattel's possession or are readily accessible to Mattel.

15  Larian further objects to the request to the extent that it seeks documents not in

16  Larian's possession, custody or control.  Larian further objects to the request to the

17  extent it seeks confidential, proprietary or commercially sensitive information, the

18  disclosure of which would be inimical to the business interests of Larian or MGA.

19  Larian further objects to the request to the extent it violates the privacy rights of third

20  parties to their private, confidential, proprietary or trade secret information.

21       Larian further objects to this request as cumulative, duplicative, and unduly

22  burdensome to the extent that it seeks documents previously requested by Mattel or

23  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

24  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

25  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

26  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

27  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

28

EXHIBIT 15

PAGE 227

1 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

2 Things to MGAE de Mexico S.R.L. de C.V.

3      Without waiving any of the foregoing General or Specific Objections, but

4 rather expressly preserving each and every such objection, Larian responds as

5 follows:  Larian will produce all non-privileged, responsive documents in his

6 possession, custody or control, if any, that he is able to locate following a reasonably

7 diligent search.

8 REQUEST FOR PRODUCTION NO. 410:

9      All DOCUMENTS, including but not limited to all COMMUNICATIONS

10 with any PERSON, that REFER OR RELATE TO any statements, threats or

11 warnings by YOU to any PERSON RELATING TO such PERSON'S performing

12 work or intending to perform work for any competitor of YOURS, including without

13 limitation, such COMMUNICATIONS RELATING to such PERSON'S contractual

14 or legal obligations to YOU.

15 RESPONSE TO REQUEST FOR PRODUCTION NO. 410:

16      Larian incorporates by reference his General Response and General Objections

17 above, as though fully set forth herein and specifically incorporates General

18 Objection No. 15 (regarding Definitions), including without limitation Larian's

19 objection to the definition of the term YOU, and its incorporated terms AFFILIATES

20 and PERSON.  Larian further objects to the request to the extent it seeks the

21 production of documents that are protected from disclosure under any applicable

22 privilege, doctrine or immunity, including without limitation the attorney-client

23 privilege, the work product doctrine, the right of privacy, and all other privileges

24 recognized under the constitutional, statutory or decisional law of the United States

25 of America, the State of California or any other applicable jurisdiction.  Larian

26 further objects to this request as being overly broad and unduly burdensome on the

27 grounds that it is not reasonably limited in time or geographical scope.  Larian

28 further objects to this request on the grounds that the phrase "[a]ll DOCUMENTS,

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 728

1   including but not limited to all COMMUNICATIONS with any PERSON, that

2   REFER OR RELATE TO" does not comply with the "reasonable particularity"

3   requirement of Federal Rule of Civil Procedure 34 and renders the request overly

4   broad and unduly burdensome in light of "the wealth of material already made

5   available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702,

6   709 (S.D.N.Y. 1979). Larian further objects that the phrase "any statements, threats

7   or warnings by YOU to any PERSON RELATING TO such PERSON'S performing

8   work or intending to perform work for any competitor of YOURS, including without

9   limitation, such COMMUNICATIONS RELATING to such PERSON'S contractual

10  or legal obligations to YOU" is compound and, as such, renders the request vague,

11  ambiguous, and unintelligible. Larian further objects to the request to the extent that

12  it seeks documents that by reason of public filing, public distribution or otherwise

13  are already in Mattel's possession or are readily accessible to Mattel. Larian further

14  objects to the request to the extent that it seeks documents not in Larian's possession,

15  custody or control. Larian further objects to the request to the extent it seeks

16  confidential, proprietary or commercially sensitive information, the disclosure of

17  which would be inimical to the business interests of Larian or MGA. Larian further

18  objects to the request to the extent it violates the privacy rights of third parties to

19  their private, confidential, proprietary or trade secret information.

20      Larian further objects to this request as cumulative, duplicative, and unduly

21  burdensome to the extent that it seeks documents previously requested by Mattel or

22  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

23  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

24  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

25  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

26  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

27  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

28  Things to MGAE de Mexico S.R.L. de C.V.

EXHIBIT _15_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE ___729___

1   Without waiving any of the foregoing General or Specific Objections, but

2   rather expressly preserving each and every such objection, Larian responds as

3   follows: Larian will produce all non-privileged, responsive documents in his

4   possession, custody or control, if any, that he is able to locate following a reasonably

5   diligent search.

6   REQUEST FOR PRODUCTION NO. 411:

7   DOCUMENTS sufficient to show YOUR policies, practices or actions

8   RELATING TO the departure of any PERSON from YOUR employ who is leaving

9   to perform work or intends to perform work for any competitor of YOURS.

10   RESPONSE TO REQUEST FOR PRODUCTION NO. 411:

11   Larian incorporates by reference his General Response and General Objections

12   above, as though fully set forth herein and specifically incorporates General

13   Objection No. 15 (regarding Definitions), including without limitation Larian's

14   objection to the definition of the term YOUR, and its incorporated terms

15   AFFILIATES and PERSON. Larian further objects to the request to the extent it

16   seeks the production of documents that are protected from disclosure under any

17   applicable privilege, doctrine or immunity, including without limitation the attorney-

18   client privilege, the work product doctrine, the right of privacy, and all other

19   privileges recognized under the constitutional, statutory or decisional law of the

20   United States of America, the State of California or any other applicable jurisdiction.

21   Larian further objects to this request as being overly broad and unduly burdensome

22   on the grounds that it is not reasonably limited in time or geographical scope. Larian

23   further objects that the phrase "YOUR policies, practices or actions RELATING TO

24   the departure of any PERSON from YOUR employ who is leaving to perform work

25   or intends to perform work for any competitor of YOURS" is compound and, as such,

26   renders the request vague, ambiguous, and unintelligible. Larian further objects to

27   the request to the extent that it seeks documents that by reason of public filing,

28   public distribution or otherwise are already in Mattel's possession or are readily

650

EXHIBIT 15

1  accessible to Mattel.  Larian further objects to the request to the extent that it seeks

2  documents not in Larian's possession, custody or control.  Larian further objects to

3  the request to the extent it seeks confidential, proprietary or commercially sensitive

4  information, the disclosure of which would be inimical to the business interests of

5  Larian or MGA.  Larian further objects to the request to the extent it violates the

6  privacy rights of third parties to their private, confidential, proprietary or trade secret

7  information.

8  REQUEST FOR PRODUCTION NO. 412:

9       To the extent not produced in response to any other Request for Production, all

10  DOCUMENTS, including but not limited to all COMMUNICATIONS with any

11  PERSON, that REFER OR RELATE TO YOUR allegation that "Mattel's

12  counterclaims are barred in whole or in part by Mattel's unclean hands and wrongful

13  hands."

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 412:

15       Larian incorporates by reference his General Response and General Objections

16  above, as though fully set forth herein and specifically incorporates General

17  Objection No. 15 (regarding Definitions), including without limitation Larian's

18  objection to the definition of the term YOUR, and its incorporated terms

19  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

20  seeks the production of documents that are protected from disclosure under any

21  applicable privilege, doctrine or immunity, including without limitation the attorney-

22  client privilege, the work product doctrine, the right of privacy, and all other

23  privileges recognized under the constitutional, statutory or decisional law of the

24  United States of America, the State of California or any other applicable jurisdiction.

25  Larian further objects to this request as being overly broad and unduly burdensome

26  on the grounds that it is not limited in time or geographical scope.  Larian further

27  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including

28  but not limited to all COMMUNICATIONS with any PERSON, that REFER OR

EXHIBIT *15*

PAGE *731*

1  RELATE TO" does not comply with the "reasonable particularity" requirement of

2  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

3  burdensome in light of "the wealth of material already made available in this case."

4  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

5  Larian further objects to the request to the extent that it seeks documents that by

6  reason of public filing, public distribution or otherwise are already in Mattel's

7  possession or are readily accessible to Mattel.  Larian further objects to the request to

8  the extent that it seeks documents not in Larian's possession, custody or control.

9  Larian further objects to the request to the extent it seeks confidential, proprietary or

10  commercially sensitive information, the disclosure of which would be inimical to the

11  business interests of Larian or MGA.  Larian further objects to the request to the

12  extent it violates the privacy rights of third parties to their private, confidential,

13  proprietary or trade secret information.

14        Larian further objects to this request as cumulative, duplicative, and unduly

15  burdensome to the extent that it seeks documents previously requested by Mattel or

16  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

17  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

18  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

19  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

20  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

21  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

22  Things to MGAE de Mexico S.R.L. de C.V.

23        Without waiving any of the foregoing General or Specific Objections, but

24  rather expressly preserving each and every such objection, Larian responds as

25  follows:  Larian will produce all non-privileged, responsive documents in his

26  possession, custody or control, if any, that he is able to locate following a reasonably

27  diligent search.

28

EXHIBIT _15_

PAGE _932_

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1  REQUEST FOR PRODUCTION NO. 413:

2      To the extent not produced in response to any other Request for Production, all

3  DOCUMENTS, including but not limited to all COMMUNICATIONS with any

4  PERSON, that YOU contend prove or that YOU will rely on at trial to prove that

5  "Mattel's counterclaims are barred in whole or in part by Mattel's unclean hands and

6  wrongful hands."

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 413:

8      Larian incorporates by reference his General Response and General Objections

9  above, as though fully set forth herein and specifically incorporates General

10  Objection No. 15 (regarding Definitions), including without limitation Larian's

11  objection to the definition of the term YOU, and its incorporated terms AFFILIATES

12  and PERSON.  Larian further objects to the request to the extent it seeks the

13  production of documents that are protected from disclosure under any applicable

14  privilege, doctrine or immunity, including without limitation the attorney-client

15  privilege, the work product doctrine, the right of privacy, and all other privileges

16  recognized under the constitutional, statutory or decisional law of the United States

17  of America, the State of California or any other applicable jurisdiction.  Larian

18  further objects to this request as being overly broad and unduly burdensome on the

19  grounds that it is not limited in time or geographical scope.  Larian further objects to

20  this request on the grounds that the phrase "[a]ll DOCUMENTS, including but not

21  limited to all COMMUNICATIONS with any PERSON" does not comply with the

22  "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and

23  renders the request overly broad and unduly burdensome in light of "the wealth of

24  material already made available in this case."  Westhemeco Ltd. v. New Hampshire

25  Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase

26  "that YOU contend prove or that YOU will rely on at trial to prove" is compound

27  and, as such, renders the request vague, ambiguous, and unintelligible.  Larian

28  further objects to the request to the extent that it seeks documents that by reason of

EXHIBIT _15_

PAGE _333_

1  public filing, public distribution or otherwise are already in Mattel's possession or

2  are readily accessible to Mattel.  Larian further objects to the request to the extent

3  that it seeks documents not in Larian's possession, custody or control.  Larian further

4  objects to the request to the extent it seeks confidential, proprietary or commercially

5  sensitive information, the disclosure of which would be inimical to the business

6  interests of Larian or MGA.  Larian further objects to the request to the extent it

7  violates the privacy rights of third parties to their private, confidential, proprietary or

8  trade secret information.

9       Larian further objects to this request as cumulative, duplicative, and unduly

10  burdensome to the extent that it seeks documents previously requested by Mattel or

11  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

12  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

13  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

14  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

15  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

16  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

17  Things to MGAE de Mexico S.R.L. de C.V.

18       Without waiving any of the foregoing General or Specific Objections, but

19  rather expressly preserving each and every such objection, Larian responds as

20  follows:  Larian will produce all non-privileged, responsive documents in his

21  possession, custody or control, if any, that he is able to locate following a reasonably

22  diligent search.

23  REQUEST FOR PRODUCTION NO. 414:

24       To the extent not produced in response to any other Request for Production,

25  DOCUMENTS sufficient to IDENTIFY all PERSONS who have knowledge of the

26  factual bases for YOUR contention that "Mattel's counterclaims are barred in whole

27  or in part by Mattel's unclean hands and wrongful hands."

28

EXHIBIT *15*

PAGE *934*

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

1 | <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 414:</u>

2 |     Larian incorporates by reference his General Response and General Objections

3 | above, as though fully set forth herein and specifically incorporates General

4 | Objection No. 15 (regarding Definitions), including without limitation Larian's

5 | objection to the definition of the term YOUR, and its incorporated terms

6 | AFFILIATES and PERSON.  Larian further objects to the request to the extent it

7 | seeks the production of documents that are protected from disclosure under any

8 | applicable privilege, doctrine or immunity, including without limitation the attorney-

9 | client privilege, the work product doctrine, the right of privacy, and all other

10 | privileges recognized under the constitutional, statutory or decisional law of the

11 | United States of America, the State of California or any other applicable jurisdiction.

12 | Larian further objects to this request as being overly broad and unduly burdensome

13 | on the grounds that it is not limited in time or geographical scope.  Larian further

14 | objects to this request on the grounds that the phrase "all PERSONS with knowledge

15 | of YOUR contention" renders the request vague, ambiguous, overly broad and

16 | unduly burdensome in that anyone who has read Larian's filings in this matter has

17 | "knowledge of [Larian's] contention," without regard to whether the factual basis for

18 | the allegation is known to them.  Larian further objects to the request to the extent

19 | that it seeks documents that by reason of public filing, public distribution or

20 | otherwise are already in Mattel's possession or are readily accessible to Mattel.

21 | Larian further objects to the request to the extent that it seeks documents not in

22 | Larian's possession, custody or control.  Larian further objects to the request to the

23 | extent it seeks confidential, proprietary or commercially sensitive information, the

24 | disclosure of which would be inimical to the business interests of Larian or MGA.

25 | Larian further objects to the request to the extent it violates the privacy rights of third

26 | parties to their private, confidential, proprietary or trade secret information.

27 |     Larian further objects to this request as cumulative, duplicative, and unduly

28 | burdensome to the extent that it seeks documents previously requested by Mattel or

EXHIBIT <u>15</u>

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

735

1  produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

2  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

3  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

4  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

5  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

6  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

7  Things to MGAE de Mexico S.R.L. de C.V.

8          Without waiving any of the foregoing General or Specific Objections, but

9  rather expressly preserving each and every such objection, Larian responds as

10  follows:  Larian will produce all non-privileged, responsive documents in his

11  possession, custody or control, if any, that he is able to locate following a reasonably

12  diligent search.

13  REQUEST FOR PRODUCTION NO. 415:

14          To the extent not produced in response to any other Request for Production, all

15  DOCUMENTS to IDENTIFY each factual allegation in support of YOUR

16  contention that "Mattel's counterclaims are barred in whole or in part by Mattel's

17  unclean hands and wrongful hands."

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 415:

19          Larian incorporates by reference his General Response and General Objections

20  above, as though fully set forth herein and specifically incorporates General

21  Objection No. 15 (regarding Definitions), including without limitation Larian's

22  objection to the definition of the term YOUR, and its incorporated terms

23  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

24  seeks the production of documents that are protected from disclosure under any

25  applicable privilege, doctrine or immunity, including without limitation the attorney-

26  client privilege, the work product doctrine, the right of privacy, and all other

27  privileges recognized under the constitutional, statutory or decisional law of the

28  United States of America, the State of California or any other applicable jurisdiction.

EXHIBIT 15

PAGE 936