1  Larian further objects to this request as being overly broad and unduly burdensome

2  on the grounds that it is not limited in time or geographical scope.  Larian further

3  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS to

4  IDENTIFY" does not comply with the "reasonable particularity" requirement of

5  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

6  burdensome in light of "the wealth of material already made available in this case."

7  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

8  Larian further objects to the request to the extent that it seeks documents that by

9  reason of public filing, public distribution or otherwise are already in Mattel's

10 possession or are readily accessible to Mattel.  Larian further objects to the request to

11 the extent that it seeks documents not in Larian's possession, custody or control.

12 Larian further objects to the request to the extent it seeks confidential, proprietary or

13 commercially sensitive information, the disclosure of which would be inimical to the

14 business interests of Larian or MGA.  Larian further objects to the request to the

15 extent it violates the privacy rights of third parties to their private, confidential,

16 proprietary or trade secret information.

17      Larian further objects to this request as cumulative, duplicative, and unduly

18 burdensome to the extent that it seeks documents previously requested by Mattel or

19 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

20 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

21 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

22 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

23 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

24 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

25 Things to MGAE de Mexico S.R.L. de C.V.

26      Without waiving any of the foregoing General or Specific Objections, but

27 rather expressly preserving each and every such objection, Larian responds as

28 follows:  Larian will produce all non-privileged, responsive documents in his

EXHIBIT _15_

1  possession, custody or control, if any, that he is able to locate following a reasonably

2  diligent search.

3  REQUEST FOR PRODUCTION NO. 416:

4      To the extent not produced in response to any other Request for Production, all

5  DOCUMENTS to IDENTIFY each instance or occurrence alleged by YOU to

6  support YOUR contention that "Mattel's counterclaims are barred in whole or in part

7  by Mattel's unclean hands and wrongful hands."

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 416:

9      Larian incorporates by reference his General Response and General Objections

10  above, as though fully set forth herein and specifically incorporates General

11  Objection No. 15 (regarding Definitions), including without limitation Larian's

12  objection to the definition of the term YOUR, and its incorporated terms

13  AFFILIATES and PERSON.  Larian further objects to the request to the extent it

14  seeks the production of documents that are protected from disclosure under any

15  applicable privilege, doctrine or immunity, including without limitation the attorney-

16  client privilege, the work product doctrine, the right of privacy, and all other

17  privileges recognized under the constitutional, statutory or decisional law of the

18  United States of America, the State of California or any other applicable jurisdiction.

19  Larian further objects to this request as being overly broad and unduly burdensome

20  on the grounds that it is not limited in time or geographical scope.  Larian further

21  objects to this request on the grounds that the phrase "[a]ll DOCUMENTS to

22  IDENTIFY" does not comply with the "reasonable particularity" requirement of

23  Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly

24  burdensome in light of "the wealth of material already made available in this case."

25  Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

26  Larian further objects to the request to the extent that it seeks documents that by

27  reason of public filing, public distribution or otherwise are already in Mattel's

28  possession or are readily accessible to Mattel.  Larian further objects to the request to

EXHIBIT 15

PAGE 938

1   the extent that it seeks documents not in Larian's possession, custody or control.

2   Larian further objects to the request to the extent it seeks confidential, proprietary or

3   commercially sensitive information, the disclosure of which would be inimical to the

4   business interests of Larian or MGA.  Larian further objects to the request to the

5   extent it violates the privacy rights of third parties to their private, confidential,

6   proprietary or trade secret information.

7        Larian further objects to this request as cumulative, duplicative, and unduly

8   burdensome to the extent that it seeks documents previously requested by Mattel or

9   produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

10  document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

11  Inc.'s First Set of Requests for Production of Documents and Tangible Things to

12  MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

13  Requests for Production of Documents and Things to Isaac Larian and Request Nos.

14  140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

15  Things to MGAE de Mexico S.R.L. de C.V.

16       Without waiving any of the foregoing General or Specific Objections, but

17  rather expressly preserving each and every such objection, Larian responds as

18  follows:  Larian will produce all non-privileged, responsive documents in his

19  possession, custody or control, if any, that he is able to locate following a reasonably

20  diligent search.

21  REQUEST FOR PRODUCTION NO. 417:

22       To the extent not produced in response to any other Request for production, all

23  DOCUMENTS, including but not limited to all COMMUNICATIONS with any

24  PERSON, RELATING to any loss, harm, injury, increased expense, lost revenue or

25  profits, or any other damage that MATTEL'S alleged "unclean hands and wrongful

26  hands" caused to YOU.

27

28

EXHIBIT *15*

PAGE *939*

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

RESPONSE TO REQUEST FOR PRODUCTION NO. 417:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation Larian's objection to the definition of the term YOU, and its incorporated terms AFFILIATES and PERSON. Larian further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. Larian further objects to this request on the grounds that the phrase "all DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING to" does not comply with the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly burdensome in light of "the wealth of material already made available in this case." Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979). Larian further objects that the phrase "any loss, harm, injury, increased expense, lost revenue or profits, or any other damage" is compound and, as such, renders the request vague, ambiguous, and unintelligible. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to the request to the extent that it seeks documents not in Larian's possession, custody or control. Larian further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian or MGA. Larian further

EXHIBIT 15

PAGE 94

1 objects to the request to the extent it violates the privacy rights of third parties to

2 their private, confidential, proprietary or trade secret information.

3      Larian further objects to this request as cumulative, duplicative, and unduly

4 burdensome to the extent that it seeks documents previously requested by Mattel or

5 produced by Larian, MGA, or any of MGA's affiliates in response to Mattel's

6 document requests, including, but not limited to: Request Nos. 95 and 100 in Mattel,

7 Inc.'s First Set of Requests for Production of Documents and Tangible Things to

8 MGA Entertainment, Inc., Request Nos. 214 and 215 in Mattel, Inc.'s First Set of

9 Requests for Production of Documents and Things to Isaac Larian and Request Nos.

10 140 and 142 in Mattel, Inc.'s First Set of Requests for Production of Documents and

11 Things to MGAE de Mexico S.R.L. de C.V.

12      Without waiving any of the foregoing General or Specific Objections, but

13 rather expressly preserving each and every such objection, Larian responds as

14 follows:  Larian will produce all non-privileged, responsive documents in his

15 possession, custody or control, if any, that he is able to locate following a reasonably

16 diligent search.

17 REQUEST FOR PRODUCTION NO. 418:

18      All DOCUMENTS, including but not limited to all COMMUNICATIONS

19 with any PERSON, that REFER OR RELATE TO YOUR efforts to portray

20 MATTEL negatively or unfavorably.

21 RESPONSE TO REQUEST FOR PRODUCTION NO. 418:

22      Larian incorporates by reference his General Response and General Objections

23 above, as though fully set forth herein and specifically incorporates General

24 Objection No. 15 (regarding Definitions), including without limitation MGA's

25 objection to the definition of the term YOUR, and its incorporated terms

26 AFFILIATES and PERSON.  Larian further objects to the request to the extent it

27 seeks the production of documents that are protected from disclosure under any

28 applicable privilege, doctrine or immunity, including without limitation the attorney-

EXHIBIT *15*

PAGE *94*

1  client privilege, the work product doctrine, the right of privacy, and all other

2  privileges recognized under the constitutional, statutory or decisional law of the

3  United States of America, the State of California or any other applicable jurisdiction.

4  Larian further objects to this request on the grounds that it is overly broad and

5  unduly burdensome in that it seeks documents not relevant to the claims or defenses

6  in this action and not reasonably calculated to lead to the discovery of admissible

7  evidence.  Larian further objects to this request as being overly broad and unduly

8  burdensome on the grounds that it is not limited in time or geographical scope.

9  Larian further objects to this request on the grounds that the phrase "[a]ll

10  DOCUMENTS, including but not limited to all COMMUNICATIONS with any

11  PERSON, that REFER OR RELATE TO" does not comply with the "reasonable

12  particularity" requirement of Federal Rule of Civil Procedure 34 and renders the

13  request overly broad and unduly burdensome in light of "the wealth of material

14  already made available in this case."  Westhemeco Ltd. v. New Hampshire Ins. Co.,

15  82 F.R.D. 702, 709 (S.D.N.Y. 1979).  Larian further objects that the phrase "YOUR

16  efforts to portray MATTEL negatively or unfavorably" is (1) accusatory and

17  argumentative such that Larian would have to respond to the allegations of the

18  request before providing any substantive response, see Zadrozny v. Board of

19  Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2)

20  compound, rendering the request vague, ambiguous, and unintelligible.  Larian

21  further objects to the request to the extent that it seeks documents that by reason of

22  public filing, public distribution or otherwise are already in Mattel's possession or

23  are readily accessible to Mattel.  Larian further objects to the request to the extent

24  that it seeks documents not in Larian's possession, custody or control.  Larian further

25  objects to the request to the extent it seeks confidential, proprietary or commercially

26  sensitive information, the disclosure of which would be inimical to the business

27  interests of Larian or MGA.  Larian further objects to the request to the extent it

28

EXHIBIT 15

PAGE 742

1 | violates the privacy rights of third parties to their private, confidential, proprietary or
2 | trade secret information.

3 | <u>REQUEST FOR PRODUCTION NO. 419:</u>

4 | All DOCUMENTS, including but not limited to all COMMUNICATIONS
5 | with any PERSON, that REFER OR RELATE TO YOU successfully portraying
6 | MATTEL negatively or unfavorably.

7 | <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 419:</u>

8 | Larian incorporates by reference his General Response and General Objections
9 | above, as though fully set forth herein and specifically incorporates General
10 | Objection No. 15 (regarding Definitions), including without limitation MGA's
11 | objection to the definition of the term YOU, and its incorporated terms AFFILIATES
12 | and PERSON.  Larian further objects to the request to the extent it seeks the
13 | production of documents that are protected from disclosure under any applicable
14 | privilege, doctrine or immunity, including without limitation the attorney-client
15 | privilege, the work product doctrine, the right of privacy, and all other privileges
16 | recognized under the constitutional, statutory or decisional law of the United States
17 | of America, the State of California or any other applicable jurisdiction.  Larian
18 | further objects to this request on the grounds that it is overly broad and unduly
19 | burdensome in that it seeks documents not relevant to the claims or defenses in this
20 | action and not reasonably calculated to lead to the discovery of admissible evidence.
21 | Larian further objects to this request as being overly broad and unduly burdensome
22 | on the grounds that it is not limited in time or geographical scope.  Larian further
23 | objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including
24 | but not limited to all COMMUNICATIONS with any PERSON, that REFER OR
25 | RELATE TO" does not comply with the "reasonable particularity" requirement of
26 | Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly
27 | burdensome in light of "the wealth of material already made available in this case."
28 | <u>Westhemeco Ltd. v. New Hampshire Ins. Co.</u>, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

EXHIBIT 15

PAGE 947

1  Larian further objects that the phrase "YOU successfully portraying MATTEL

2  negatively or unfavorably" is (1) accusatory and argumentative such that Larian

3  would have to respond to the allegations of the request before providing any

4  substantive response, see Zadrozny v. Board of Trustees District No. 508, 1991 WL

5  66705, at *1 (N.D. Ill. April 24, 1991), and (2) compound, rendering the request

6  vague, ambiguous, and unintelligible.  Larian further objects to the request to the

7  extent that it seeks documents that by reason of public filing, public distribution or

8  otherwise are already in Mattel's possession or are readily accessible to Mattel.

9  Larian further objects to the request to the extent that it seeks documents not in

10 Larian's possession, custody or control.  Larian further objects to the request to the

11 extent it seeks confidential, proprietary or commercially sensitive information, the

12 disclosure of which would be inimical to the business interests of Larian or MGA.

13 Larian further objects to the request to the extent it violates the privacy rights of third

14 parties to their private, confidential, proprietary or trade secret information.

15 REQUEST FOR PRODUCTION NO. 420:

16      All DOCUMENTS, including but not limited to all COMMUNICATIONS

17 with any PERSON, that REFER OR RELATE TO YOU successfully portraying

18 MATTEL products negatively or unfavorably by any means or methods, other than

19 by or through funding or commissioning market research or studies.

20 RESPONSE TO REQUEST FOR PRODUCTION NO. 420:

21      Larian incorporates by reference his General Response and General Objections

22 above, as though fully set forth herein and specifically incorporates General

23 Objection No. 15 (regarding Definitions), including without limitation MGA's

24 objection to the definition of the term YOU, and its incorporated terms AFFILIATES

25 and PERSON.  Larian further objects to the request to the extent it seeks the

26 production of documents that are protected from disclosure under any applicable

27 privilege, doctrine or immunity, including without limitation the attorney-client

28 privilege, the work product doctrine, the right of privacy, and all other privileges

EXHIBIT _15_

PAGE _944_

1 | recognized under the constitutional, statutory or decisional law of the United States
2 | of America, the State of California or any other applicable jurisdiction. Larian
3 | further objects to this request on the grounds that it is overly broad and unduly
4 | burdensome in that it seeks documents not relevant to the claims or defenses in this
5 | action and not reasonably calculated to lead to the discovery of admissible evidence.
6 | Larian further objects to this request as being overly broad and unduly burdensome
7 | on the grounds that it is not limited in time or geographical scope. Larian further
8 | objects to this request on the grounds that the phrase "[a]ll DOCUMENTS, including
9 | but not limited to all COMMUNICATIONS with any PERSON, that REFER OR
10 | RELATE TO" does not comply with the "reasonable particularity" requirement of
11 | Federal Rule of Civil Procedure 34 and renders the request overly broad and unduly
12 | burdensome in light of "the wealth of material already made available in this case."
13 | Westhemeco Ltd. v. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979).
14 | Larian further objects that the phrase "YOU successfully portraying MATTEL
15 | products negatively or unfavorably by any means or methods, other than by or
16 | through funding or commissioning market research or studies" is (1) accusatory and
17 | argumentative such that Larian would have to respond to the allegations of the
18 | request before providing any substantive response, see Zadrozny v. Board of
19 | Trustees District No. 508, 1991 WL 66705, at *1 (N.D. Ill. April 24, 1991), and (2)
20 | compound, rendering the request vague, ambiguous, and unintelligible. Larian
21 | further objects to the request to the extent that it seeks documents that by reason of
22 | public filing, public distribution or otherwise are already in Mattel's possession or
23 | are readily accessible to Mattel. Larian further objects to the request to the extent
24 | that it seeks documents not in Larian's possession, custody or control. Larian further
25 | objects to the request to the extent it seeks confidential, proprietary or commercially
26 | sensitive information, the disclosure of which would be inimical to the business
27 | interests of Larian or MGA. Larian further objects to the request to the extent it
28 |

EXHIBIT 15

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

PAGE 945

1   violates the privacy rights of third parties to their private, confidential, proprietary or

2   trade secret information.

3

4   DATED:  January 11, 2008          SKADDEN, ARPS, SLATE, MEAGHER &
                                       FLOM, LLP

5

6                                      By: _____

7                                            THOMAS J. NOLAN

8                                      Attorneys for Counter-Defendants,
                                       MGA ENTERTAINMENT, INC.,
9                                      ISAAC LARIAN, MGA ENTERTAINMENT
                                       (HK) LIMITED, AND MGAE de MEXICO
10                                     S.R.L. de C.V.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                      EXHIBIT 15

28                                                      PAGE 946

666

LARIAN'S RESPONSE TO MATTEL'S 2D SET OF REQUESTS FOR DOCUMENTS Case No. CV-04-9049 SGL

# EXHIBIT 16

RECEIVED

FEB 2 1 2008

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California  90071-3144
3  Telephone:   (213) 687-5000
   Facsimile:   (213) 687-5600
4  E-mail:   tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, California  94111-5974
7  Telephone:   (415) 984-6400
   Facsimile:   (415) 984-2698
8  Email:   rkennedy@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN,
10 MGA ENTERTAINMENT (HK) LIMITED, and
   MGAE de MEXICO S.R.L. de C.V.

11

12             UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14                   EASTERN DIVISION

15 CARTER BRYANT, an individual,        )   CASE NO. CV 04-9049 SGL (RNBx)
                                        )
16              Plaintiff,              )   Consolidated with Case No. 04-9059
                                        )   and Case No. 05-2727
17         v.                           )
                                        )   RESPONSE TO MATTEL, INC.'S
18 MATTEL, INC., a Delaware             )   THIRD SET OF REQUESTS FOR
   corporation,                         )   DOCUMENTS AND THINGS TO
19                                      )   MGA ENTERTAINMENT (HK)
                                        )   LIMITED
20              Defendant.              )
                                        )
21 _____    )
                                        )
22 Consolidated with MATTEL, INC. v.    )
   BRYANT and MGA                       )
23 ENTERTAINMENT, INC. v.               )
   MATTEL, INC.                         )
24 _____

25 PROPOUNDING PARTY:        MATTEL, INC.

26 RESPONDING PARTY:         MGA ENTERTAINMENT (HK) LIMITED

27 SET NO.:                  THREE (3)        EXHIBIT  16
                                              PAGE  947
28

   RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
   DOCUMENTS AND THINGS TO MGA ENTERTAINMENT (HK) LIMITED

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, MGA

2  Entertainment (HK) Limited ("MGA HK") hereby submits these responses and

3  objections (the "Response") to Mattel, Inc.'s ("Mattel's") Third Set of Requests for

4  Production of Documents to MGA Entertainment (HK) Limited (the "Requests").

**GENERAL RESPONSE**

6       The General Response and General and Specific Objections set forth herein

7  apply to all documents that MGA HK may in the future produce in response to the

8  Requests.  The Response is made without waiving, or intending to waive but, on the

9  contrary, expressly reserving:  (a) the right to object, on the grounds of competency,

10  privilege, relevancy or materiality, or any other proper grounds, to the use of the

11  documents, for any purpose in whole or in part, in any subsequent step or proceeding

12  in this action or any other action; (b) the right to object on any and all grounds, at

13  any time, to other requests for production or other discovery procedures involving or

14  relating to the subject matter of the Requests; and (c) the right at any time to revise,

15  correct, add to, or clarify any of the responses propounded herein.

16       MGA HK's responses herein reflect only the present state of MGA HK's

17  discovery regarding the documents that Mattel seeks.  Discovery for Phase Two is

18  currently stayed and will continue if and when the court lifts the stay, and other

19  investigation or research concerning this litigation is continuing.  It is anticipated that

20  further discovery, independent investigation, and legal research and analysis will

21  supply additional facts and meaning to the known facts, as well as establish entirely

22  new factual conclusions, all of which may lead MGA HK to discover other

23  documents responsive to these Requests.  MGA HK therefore reserves the right to

24  amend or supplement this Response at any time in light of future investigation,

25  research or analysis, and also expressly reserves the right to rely on, at any time,

26  including trial, subsequently discovered information omitted from this Response as a

27  result of mistake, error, oversight or inadvertence.  MGA HK does not hereby admit,

28                                              1

EXHIBIT _16_

PAGE _908_

1  adopt or acquiesce in any factual or legal contention, assertion or characterization

2  contained in the Requests, even where MGA HK has not otherwise objected to a

3  particular request, or has agreed to produce documents responsive to a particular

4  request.

5       Except as otherwise stated below, an objection to a specific document request

6  does not imply that documents responsive to the request exist or have ever existed.

7  In addition, an agreement to produce documents responsive to any specific document

8  request does not imply that documents responsive to the request exist or have existed;

9  rather, it is an agreement to produce non-privileged documents responsive to that

10  particular document request as limited by or interpreted in any applicable General or

11  Specific objections, if any exist.  Production of any document is not intended as, and,

12  to the extent permitted by law, shall not be deemed to be, a waiver of any objection

13  set forth herein or an admission that the produced document is "relevant" to any

14  claim or defense, as that term is used in Federal Rule of Civil Procedure 26(b)(1).

15                        **GENERAL OBJECTIONS**

16       MGA HK incorporates the following General Objections, as well as the

17  General Response, into its Specific Responses and Objections to each and every

18  request for documents contained in the Requests:

19       1.   MGA HK objects to these Requests as untimely and

20  unenforceable to the extent they seek documents relating to Phase One.  Under

21  Federal Rule of Civil Procedure 34(b) and the Court's October 31, 2007 scheduling

22  order, the last day to serve document requests relating to Phase One was December

23  28, 2007 – 30 days before the fact discovery cut-off.  Mattel served these Requests

24  on January 22, 2008 – more than three weeks past the deadline and just four (4) court

25  days before the discovery cut-off for Phase One.  The Requests are therefore

26  untimely, and represent an unreasonable delay and an improper attempt to re-open

27  Phase One discovery by Mattel after the court-ordered discovery cut-off.  _Andrews v._

28

2

EXHIBIT _16_

PAGE _947_

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENT (HK) LIMITED

1  Raphaelson, 2007 U.S. Dist. LEXIS 3479, *18 (D. Nev. 2007) ("The Court also

2  finds that *Defendants have been guilty of unreasonable delay in serving written*

3  *discovery on Plaintiffs, which they first served* on November 20, 2006, *less than 30*

4  *days before the discovery cut-off date . . . .*  Defendants have not made any showing

5  that there were reasonable grounds to serve its discovery requests less than 30 days

6  before the discovery cut-off date in this action, and the Court would not otherwise

7  extend or reopen discovery for that purpose alone. Although the Court will extend

8  discovery in regard to the disclosure of expert rebuttal reports and depositions of the

9  experts, *the Court will not reopen discovery in regard to Defendants' untimely*

10  *written discovery requests*." (emphasis added)); Mfr. Direct, LLC v. DirectBuy, Inc.,

11  2007 U.S. Dist. LEXIS 87371, *6-7 (N.D. Ind. 2007) ("DirectBuy has offered no

12  explanation grounded in relevancy, burden, or breadth for its failure to respond to

13  Manufacturer Direct's May discovery request. *Regarding the June request,*

14  *DirectBuy has stated that it is under no obligation to respond to the June discovery*

15  *request because it was made less than 30 days before the close of discovery.  See,*

16  *e.g.,* Autotech Technologies Limited Partnership v. Automationdirect.com, Inc.,

17  2007 U.S. Dist. LEXIS 69135, 2007 WL 2746654 at *3 (N.D. Ill. Sept. 18, 2007)

18  ('Given the fact that the ADC parties had 30 days to respond, the request was an

19  obvious violation of Local Rule 16.1'); Finwall v. City of Chicago, 239 F.R.D. 494,

20  498-99 (N.D. Ill. 2006)('[A] deadline for discovery means that discovery must be

21  *completed by that date*') (emphasis in original). Similarly, this court set June 29,

22  2007 as the date discovery should be completed. *Discovery requests served less than*

23  *the 30 days provided by the Federal Rules within which to respond are made at the*

24  *risk of non-compliance before the end of the discovery period. Accordingly, the*

25  *plaintiff's motion is* GRANTED with respect to the discovery request made in May

26  2007 and *DENIED with respect to the June requests*." (emphasis added)).

27

28

EXHIBIT __16__

PAGE __750__

3

2.     MGA HK further objects to these requests as untimely and unenforceable to the extent they seek documents relating to Phase Two, because Phase Two discovery has been and remains stayed by court order.  Specifically, in the Court's February 4, 2008 Order, Judge Larson stayed all Phase Two discovery until further order of the Court.  Accordingly, MGA HK has no obligation to respond to these Requests insofar as they seek documents related to Phase Two, unless and until the Court lifts the Phase Two discovery stay, and MGA HK therefore hereby preserves all objections.

3.     MGA HK objects to the date and place of production on the grounds that the Requests impose an undue burden on MGA HK.  The time set for compliance is unduly burdensome, especially in light of the duplicative nature of the Requests and the scope and volume of the material being sought.  To the extent MGA HK later agrees to produce responsive documents, MGA HK intends to proceed expeditiously to collect the documents for production, if any, and will produce them at a date and time, and in such a manner, as may be mutually agreed to by counsel for the parties.

4.     MGA HK objects to the Requests to the extent that they seek documents not relevant to the claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

5.     MGA HK objects to the Requests on the grounds that they are overly broad and unduly burdensome.

6.     MGA HK objects to the Requests insofar as they seek documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the attorney work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America or any other applicable jurisdiction.  MGA HK shall not produce such documents in

4

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT (HK) LIMITED

EXHIBIT 76

PAGE 951

1 response to Mattel's Request.  Any production of such protected or privileged

2 materials is inadvertent and shall not be construed as a waiver of those privileges or

3 protections.

4          7.       MGA HK objects to the Requests insofar as they seek documents

5 that by reason of public filing, public distribution or otherwise are already in

6 Mattel's possession or are readily accessible to Mattel from public sources or third

7 parties.

8          8.       MGA HK objects to the Requests insofar as they seek production

9 of documents (1) not within its possession, custody or control; (2) that MGA HK

10 cannot locate after a reasonably diligent search; or (3) that refer to persons, entities,

11 or events not known to MGA HK.  Such instructions, definitions, or requests are

12 objectionable where they subject MGA HK to unreasonable and undue annoyance,

13 oppression, burden, and expense; and/or seek to impose upon MGA HK an

14 obligation to produce documents from sources equally accessible to Mattel.  To the

15 extent MGA HK may in the future agree to produce documents in response to the

16 Requests, MGA HK will make a reasonably diligent search for responsive

17 documents within its possession, custody or control.

18          9.       In responding to Mattel's Requests, MGA HK has not and will

19 not comply with any instructions or definitions that seek to impose requirements in

20 addition to those imposed by Federal law.

21          10.      MGA HK objects to each and every request to the extent it

22 purports to require MGA HK to search all documents and things within its

23 possession or all such documents from a broad category, custody or control or within

24 the possession, custody or control of any of MGA HK's current or former directors,

25 officers, employees, agents, contractors, attorneys, accountants, or representatives of

26 MGA HK, and any current or former corporation, partnership, association, trust,

27 parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-

28

5

EXHIBIT ___16___
PAGE ___952___

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENT (HK) LIMITED

1   interest of MGA HK, and any other person acting on its behalf, on the grounds that

2   such request is unreasonable, overbroad, unduly burdensome and oppressive,

3   violates the right to privacy, and purports to require MGA HK to search for

4   documents not within its possession, custody or control.  To the extent that MGA

5   HK may in the future agree to produce documents in response to the Requests, MGA

6   HK will make a reasonably diligent search for responsive documents within its

7   possession, custody, or control.

8          11.   MGA HK objects to each and every request to the extent it seeks

9   all documents or "each . . . document" responsive to a certain category on the

10   grounds that such request is overbroad and unduly burdensome and oppressive.

11   MGA HK will not respond to duplicative or cumulative requests and, to the extent

12   that it may in the future agree to produce documents in response to the Requests,

13   MGA HK will not re-produce documents it has already produced or produce

14   documents that it has received from Mattel or others in the course of discovery in

15   this matter.

16          12.   MGA HK objects to the Requests insofar as they seek production

17   of confidential, proprietary, or trade-secret information, the disclosure of which

18   would be inimical to the business interests of MGA HK.

19          13.   MGA HK objects to each request to the extent it violates the

20   privacy rights of third parties to their private, confidential, proprietary or trade secret

21   information.

22          14.   MGA HK objects to each request to the extent it seeks

23   information relating to the activities or conduct of other entities or non-parties.

24          15.   MGA HK objects to each request to the extent it seeks

25   information relating to activities or conduct in foreign countries other than the Hong

26   Kong Special Administrative Region within the People's Republic of China related

27   to MGA HK's business activities.

28

EXHIBIT _16_
PAGE _953_

6

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENT (HK) LIMITED

16.  MGA HK objects to the Definitions and Instructions to the extent such Definitions and Instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific request on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

17.  MGA HK objects to the Instructions to the extent that they purport to deprive MGA HK of the right to redact information from any documents "for any reason." MGA HK retains and reserves the right to redact documents on any appropriate grounds, including in particular for privilege.

18.  MGA HK objects to the Instructions to the extent that they purport to unilaterally require MGA HK to produce documents in any manner inconsistent with any prior agreement between the parties. MGA HK will continue to produce documents in conformity with the prior agreements between the parties.

19.  MGA HK specifically objects to the following definitions in the Requests:

(a)  MGA HK objects to the terms "YOU" and "YOUR" (Definitions ¶ A) as vague, ambiguous, overbroad, and unduly burdensome. The definition includes "MGA Entertainment (HK) Limited, any of its parents, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest." MGA Entertainment (HK) Limited is defined to "include[] the entities known as Krisson Limited and Micro Games Far East (HK) Limited. Because of Mattel's incorporating the overbroad definition of "AFFILIATES" (Definitions ¶ C) as including "any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation, each parent, subsidiary and joint venture of such PERSON, party or entity," it is impossible for

7

EXHIBIT _16_
PAGE _954_

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT (HK) LIMITED

1  MGA HK to know whether a particular person comes within this definition unless

2  that person or entity at some point in time held himself or herself out as being

3  affiliated with MGA HK.  Thus, "YOU" and "YOUR" will be interpreted to mean all

4  persons or entities who hold themselves out to MGA HK as officers, employees,

5  agents, subsidiaries or divisions of MGA HK.

6        (b)    MGA HK also objects to the terms "RELATING,"

7  "RELATING TO," "REFERS TO," "REFERRING OR RELATING TO," and

8  "REFER OR RELATE TO" (Definitions ¶ E) on the grounds and to the extent they

9  are overbroad, unduly burdensome, and/or are vague and ambiguous in the context

10  of the Requests as written and as those requests would be plainly understood absent

11  Mattel's definitions.

12        20.    MGA HK objects to the Requests to the extent they seek the

13  production of documents in their native format where the burden of such production

14  outweighs the likelihood of discovering information that is relevant to the subject

15  matter of the claims or defenses in this action or calculated to lead to the discovery

16  of admissible evidence.

17        21.    MGA HK objects to the Requests on the grounds that they are

18  harassing, oppressive and unduly burdensome.  Before these Requests, Mattel has

19  already propounded over 2,700 requests for documents and things to MGA, MGA

20  Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

21  ("the MGA Parties"), in response to which the MGA Parties have already produced

22  over 4.2 million pages of responsive documents.

23       **SPECIFIC RESPONSES AND OBJECTIONS**

24      Without waiving or departing from its General Response and General

25  Objections and specifically incorporating its General Response and General

26  Objections into each of the Specific Responses and Objections below, MGA HK

27  makes the following specific responses and objections to the Requests:

28

8

EXHIBIT ___ 16

PAGE ___ 957

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENT (HK) LIMITED

1  REQUEST FOR PRODUCTION NO. 1:

2       DOCUMENTS sufficient to IDENTIFY any OFFSITE STORAGE

3  FACILITIES used by YOU since 1995.

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

5       MGA HK incorporates by reference its General Response and General

6  Objections above, as though fully set forth herein.

7       MGA HK objects to this request as untimely and unenforceable to the extent it

8  seeks documents relating to Phase One.  Under Federal Rule of Civil Procedure 34(b)

9  and the Court's October 31, 2007 scheduling order, the last day to serve document

10  requests relating to Phase One was December 28, 2007 – 30 days before the fact

11  discovery cut-off.  Mattel served this request on January 22, 2008 – more than three

12  weeks past the deadline and just four (4) court days before the discovery cut-off for

13  Phase One.  The request is therefore untimely, and represents an unreasonable delay

14  and an improper attempt to re-open Phase One discovery by Mattel after the court-

15  ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S. Dist. LEXIS 3479,

16  *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007 U.S. Dist. LEXIS

17  87371, *6-7 (N.D. Ind. 2007).

18       MGA HK further objects to the request to the extent it seeks the production of

19  documents that are protected from disclosure under any applicable privilege, doctrine

20  or immunity, including without limitation the attorney-client privilege, the work

21  product doctrine, the right of privacy, and all other privileges recognized under the

22  constitutional, statutory or decisional law of the United States of America, the State

23  of California or any other applicable jurisdiction.  MGA HK further objects to this

24  request on the grounds that it is overbroad in its use of the term YOU and its

25  incorporated term AFFILIATES.  MGA HK further objects to this request on the

26  grounds that it is overly broad and unduly burdensome in that it seeks documents not

27  relevant to the claims or defenses in this action and not reasonably calculated to lead

28                                    9

EXHIBIT ___16___

PAGE ___956___

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENT (HK) LIMITED

1 | to the discovery of admissible evidence.  Mattel has not demonstrated how

2 | DOCUMENTS sufficient to IDENTIFY *any* OFFSITE STORAGE FACILITIES

3 | used by YOU *since 1995* could be relevant to the claims and defenses in this action.

4 | The request is not limited to the subject matter of this action and is thus

5 | impermissibly overbroad.  See Judge Infante's December 31, 2007 Order at 5:22-26,

6 | 8:1-3; see also Judge Infante's August 13, 2007 Order at 9:17-20; see also Judge

7 | Infante's May 22, 2007 Order at 21:5-7.  MGA HK further objects to this request as

8 | being overly broad and unduly burdensome on the grounds that it is not limited in

9 | geographical scope and seeks documents since 1995—nearly ten years before this

10 | case was filed and well before any of the allegations associated with any claims or

11 | defenses.  See Judge Infante's December 31, 2007 Order at 5:22-26, 8:1-3, 14:25-

12 | 15:1.  MGA HK further objects to the request to the extent that it seeks documents

13 | that by reason of public filing, public distribution or otherwise are already in

14 | Mattel's possession or are readily accessible to Mattel, or available to Mattel from a

15 | source that is more convenient, less burdensome, or less expensive.  See Judge

16 | Infante's December 31, 2007 Order at 14:1-6, 19:4-7.  MGA HK further objects to

17 | the request to the extent that it seeks documents not in MGA HK's possession,

18 | custody or control.

19 | MGA HK further objects to this request as cumulative, duplicative, and

20 | unduly burdensome to the extent that it seeks documents previously requested by

21 | Mattel or produced by MGA (or any of its affiliates) in response to Mattel's

22 | document requests.  For example, this request is an exact duplicate of and completely

23 | coextensive with (based on Mattel's definitions for these Requests and the related

24 | sets of requests) Request No. 1 from Mattel, Inc.'s Seventh Set of Requests for

25 | Documents and Things to MGA Entertainment, Inc., Request No. 1 from Mattel,

26 | Inc.'s Third Set of Requests for Documents and Things to MGAE de Mexico, S.R.L.

27 | de C.V., and Request No. 1 from Mattel, Inc.'s Third Set of Requests for Documents

28 |

10

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENT (HK) LIMITED

EXHIBIT __16__

957

1  and Things to Isaac Larian.  Additionally, (based on Mattel's definitions for these

2  Requests and the related sets of requests) this request is completely equivalent to and

3  coextensive with Request No. 2 from these Requests, as well as Request No. 2 from

4  Mattel, Inc.'s Seventh Set of Requests for Documents and Things to MGA

5  Entertainment, Inc., Request No. 2 from Mattel, Inc.'s Third Set of Requests for

6  Documents and Things to MGAE de Mexico, S.R.L. de C.V., and Request No. 2

7  from Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac Larian.

8  MGA HK further objects to this request as untimely and unenforceable to the

9  extent it seeks documents relating to Phase Two, because Phase Two discovery has

10  been and remains stayed by court order.  Specifically, in the Court's February 4,

11  2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

12  Court.  Accordingly, MGA HK has no obligation to respond to this request insofar as

13  it seeks documents related to Phase Two, unless and until the Court lifts the Phase

14  Two discovery stay, and MGA HK therefore hereby preserves all objections.

15  REQUEST FOR PRODUCTION NO. 2:

16  DOCUMENTS sufficient to IDENTIFY any OFFSITE STORAGE

17  FACILITIES used by YOUR AFFILIATES since 1995.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

19  MGA HK incorporates by reference its General Response and General

20  Objections above, as though fully set forth herein.

21  MGA HK objects to this request as untimely and unenforceable to the extent it

22  seeks documents relating to Phase One.  Under Federal Rule of Civil Procedure 34(b)

23  and the Court's October 31, 2007 scheduling order, the last day to serve document

24  requests relating to Phase One was December 28, 2007 – 30 days before the fact

25  discovery cut-off.  Mattel served this request on January 22, 2008 – more than three

26  weeks past the deadline and just four (4) court days before the discovery cut-off for

27  Phase One.  The request is therefore untimely, and represents an unreasonable delay

28

11

EXHIBIT  16

PAGE  958

1 and an improper attempt to re-open Phase One discovery by Mattel after the court-

2 ordered discovery cut-off. <u>Andrews v. Raphaelson</u>, 2007 U.S. Dist. LEXIS 3479,

3 *18 (D. Nev. 2007); <u>Mfr. Direct, LLC v. DirectBuy, Inc.</u>, 2007 U.S. Dist. LEXIS

4 87371, *6-7 (N.D. Ind. 2007).

5        MGA HK further objects to the request to the extent it seeks the production of

6 documents that are protected from disclosure under any applicable privilege, doctrine

7 or immunity, including without limitation the attorney-client privilege, the work

8 product doctrine, the right of privacy, and all other privileges recognized under the

9 constitutional, statutory or decisional law of the United States of America, the State

10 of California or any other applicable jurisdiction. MGA HK further objects to this

11 request on the grounds that it is overbroad in its use of the term YOUR and its

12 incorporated term AFFILIATES. MGA HK further objects to this request on the

13 grounds that it is overly broad and unduly burdensome in that it seeks documents not

14 relevant to the claims or defenses in this action and not reasonably calculated to lead

15 to the discovery of admissible evidence. Mattel has not demonstrated how

16 DOCUMENTS sufficient to IDENTIFY *any* OFFSITE STORAGE FACILITIES

17 used by YOUR AFFILIATES *since 1995* could be relevant to the claims and

18 defenses in this action. The request is not limited to the subject matter of this action

19 and is thus impermissibly overbroad. <u>See</u> Judge Infante's December 31, 2007 Order

20 at 5:22-26, 8:1-3; <u>see also</u> Judge Infante's August 13, 2007 Order at 9:17-20; <u>see</u>

21 <u>also</u> Judge Infante's May 22, 2007 Order at 21:5-7. MGA HK further objects to this

22 request as being overly broad and unduly burdensome on the grounds that it is not

23 limited in geographical scope and seeks documents since 1995—nearly ten years

24 before this case was filed and well before any of the allegations associated with any

25 claims or defenses. <u>See</u> Judge Infante's December 31, 2007 Order at 5:22-26, 8:1-3,

26 14:25-15:1. MGA HK further objects to the request to the extent that it seeks

27 documents that by reason of public filing, public distribution or otherwise are already

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENT (HK) LIMITED

EXHIBIT 16
PAGE 959

1  in Mattel's possession or are readily accessible to Mattel, or available to Mattel from

2  a source that is more convienient, less burdensome, or less expensive. See Judge

3  Infante's December 31, 2007 Order at 14:1-6, 19:4-7. MGA HK further objects to

4  the request to the extent that it seeks documents not in MGA HK's possession,

5  custody or control.

6       MGA HK further objects to this request as cumulative, duplicative, and

7  unduly burdensome to the extent that it seeks documents previously requested by

8  Mattel or produced by MGA (or any of its affiliates) in response to Mattel's

9  document requests. For example, this request is an exact duplicate of and completely

10  coextensive with (based on Mattel's definitions for these Requests and the related

11  sets of requests) Request No. 2 from Mattel, Inc.'s Seventh Set of Requests for

12  Documents and Things to MGA Entertainment, Inc., Request No. 2 from Mattel,

13  Inc.'s Third Set of Requests for Documents and Things to MGAE de Mexico, S.R.L.

14  de C.V., and Request No. 2 from Mattel, Inc.'s Third Set of Requests for Documents

15  and Things to Isaac Larian. Additionally, (based on Mattel's definitions for these

16  Requests and the related sets of requests) this request is completely equivalent to and

17  coextensive with Request No. 1 from these Requests, as well as Request No. 1 from

18  Mattel, Inc.'s Seventh Set of Requests for Documents and Things to MGA

19  Entertainment, Inc., Request No. 1 from Mattel, Inc.'s Third Set of Requests for

20  Documents and Things to MGAE de Mexico, S.R.L. de C.V., and Request No. 1

21  from Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac Larian.

22       MGA HK further objects to this request as untimely and unenforceable to the

23  extent it seeks documents relating to Phase Two, because Phase Two discovery has

24  been and remains stayed by court order. Specifically, in the Court's February 4,

25  2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

26  Court. Accordingly, MGA HK has no obligation to respond to this request insofar as

27

28

EXHIBIT _16_
PAGE _960_

13

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENT (HK) LIMITED

1   it seeks documents related to Phase Two, unless and until the Court lifts the Phase

2   Two discovery stay, and MGA HK therefore hereby preserves all objections.

3   REQUEST FOR PRODUCTION NO. 3:

4        Each log, record, index, file or other DOCUMENT IDENTIFYING or listing

5   YOUR DOCUMENTS or any tangible things stored at the OFFSITE STORAGE

6   FACILITIES since 1995.

7   RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

8        MGA HK incorporates by reference its General Response and General

9   Objections above, as though fully set forth herein.

10       MGA HK objects to this request as untimely and unenforceable to the extent it

11   seeks documents relating to Phase One.  Under Federal Rule of Civil Procedure 34(b)

12   and the Court's October 31, 2007 scheduling order, the last day to serve document

13   requests relating to Phase One was December 28, 2007 – 30 days before the fact

14   discovery cut-off.  Mattel served this request on January 22, 2008 – more than three

15   weeks past the deadline and just four (4) court days before the discovery cut-off for

16   Phase One.  The request is therefore untimely, and represents an unreasonable delay

17   and an improper attempt to re-open Phase One discovery by Mattel after the court-

18   ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S. Dist. LEXIS 3479,

19   *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007 U.S. Dist. LEXIS

20   87371, *6-7 (N.D. Ind. 2007).

21       MGA HK further objects to the request to the extent it seeks the production of

22   documents that are protected from disclosure under any applicable privilege, doctrine

23   or immunity, including without limitation the attorney-client privilege, the work

24   product doctrine, the right of privacy, and all other privileges recognized under the

25   constitutional, statutory or decisional law of the United States of America, the State

26   of California or any other applicable jurisdiction.  MGA HK further objects to this

27   request on the grounds that it is overbroad in its use of the term YOUR and its

28

14

EXHIBIT ___16___

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENT (HK) LIMITED   PAGE   961

1 | incorporated term AFFILIATES.  MGA HK further objects to this request on the

2 | grounds that it is overly broad and unduly burdensome in that it seeks documents not

3 | relevant to the claims or defenses in this action and not reasonably calculated to lead

4 | to the discovery of admissible evidence.  Mattel has not demonstrated how *each* log,

5 | record, index file or other DOCUMENT IDENTIFYING or listing YOUR

6 | DOCUMENTS or *any* tangible things stored at the OFFSITE STORAGE

7 | FACILITIES *since 1995* could be relevant to the claims and defenses in this action.

8 | The request is not limited to the subject matter of this action and is thus

9 | impermissibly overbroad.  See Judge Infante's December 31, 2007 Order at 5:22-26,

10 | 8:1-3; see also Judge Infante's August 13, 2007 Order at 9:17-20; see also Judge

11 | Infante's May 22, 2007 Order at 21:5-7.  MGA HK further objects to this request as

12 | being overly broad and unduly burdensome on the grounds that it is not limited in

13 | geographical scope and seeks documents since 1995—nearly ten years before this

14 | case was filed and well before any of the allegations associated with any claims or

15 | defenses.  See Judge Infante's December 31, 2007 Order at 5:22-26, 8:1-3, 14:25-

16 | 15:1.  MGA HK further objects to the request to the extent that it seeks documents

17 | that by reason of public filing, public distribution or otherwise are already in

18 | Mattel's possession or are readily accessible to Mattel, or available to Mattel from a

19 | source that is more convienient, less burdensome, or less expensive.  See Judge

20 | Infante's December 31, 2007 Order at 14:1-6, 19:4-7.  MGA HK further objects to

21 | the request to the extent that it seeks documents not in MGA HK's possession,

22 | custody or control.

23 |       MGA HK further objects to this request as cumulative, duplicative, and

24 | unduly burdensome to the extent that it seeks documents previously requested by

25 | Mattel or produced by MGA (or any of its affiliates) in response to Mattel's

26 | document requests.  For example, this request is an exact duplicate of and completely

27 | coextensive with (based on Mattel's definitions for these Requests and the related

28 |

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENT (HK) LIMITED

EXHIBIT    *16*

PAGE    *962*

1  sets of requests) Request No. 3 from Mattel, Inc.'s Seventh Set of Requests for

2  Documents and Things to MGA Entertainment, Inc., Request No. 3 from Mattel,

3  Inc.'s Third Set of Requests for Documents and Things to MGAE de Mexico, S.R.L.

4  de C.V., and Request No. 3 from Mattel, Inc.'s Third Set of Requests for Documents

5  and Things to Isaac Larian.  Additionally, (based on Mattel's definitions for these

6  Requests and the related sets of requests) this request is completely equivalent to and

7  coextensive with Request No. 4 from these Requests, as well as Request No. 4 from

8  Mattel, Inc.'s Seventh Set of Requests for Documents and Things to MGA

9  Entertainment, Inc., Request No. 4 from Mattel, Inc.'s Third Set of Requests for

10  Documents and Things to MGAE de Mexico, S.R.L. de C.V., and Request No. 4

11  from Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac Larian.

12  This request also has substantial if not complete overlap with Request Nos. 5 and 6

13  from these Requests, as well as Request Nos. 5 and 6 from Mattel, Inc.'s Seventh Set

14  of Requests for Documents and Things to MGA Entertainment, Inc., Request Nos. 5

15  and 6 from Mattel, Inc.'s Third Set of Requests for Documents and Things to MGAE

16  de Mexico, S.R.L. de C.V., and Request Nos. 5 and 6 from Mattel, Inc.'s Third Set

17  of Requests for Documents and Things to Isaac Larian.

18          MGA HK further objects to this request as untimely and unenforceable to the

19  extent it seeks documents relating to Phase Two, because Phase Two discovery has

20  been and remains stayed by court order.  Specifically, in the Court's February 4,

21  2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

22  Court.  Accordingly, MGA HK has no obligation to respond to this request insofar as

23  it seeks documents related to Phase Two, unless and until the Court lifts the Phase

24  Two discovery stay, and MGA HK therefore hereby preserves all objections.

25

26

27                                                    EXHIBIT ___16___

28                                                    PAGE ___967___

16

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENT (HK) LIMITED

1  REQUEST FOR PRODUCTION NO. 4:

2        Each log, record, index, file or other DOCUMENT IDENTIFYING or listing

3  YOUR AFFILIATES' DOCUMENTS or any tangible things stored at the OFFSITE

4  STORAGE FACILITIES since 1995.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

6        MGA HK incorporates by reference its General Response and General

7  Objections above, as though fully set forth herein.

8        MGA HK objects to this request as untimely and unenforceable to the extent it

9  seeks documents relating to Phase One.  Under Federal Rule of Civil Procedure 34(b)

10 and the Court's October 31, 2007 scheduling order, the last day to serve document

11 requests relating to Phase One was December 28, 2007 – 30 days before the fact

12 discovery cut-off.  Mattel served this request on January 22, 2008 – more than three

13 weeks past the deadline and just four (4) court days before the discovery cut-off for

14 Phase One.  The request is therefore untimely, and represents an unreasonable delay

15 and an improper attempt to re-open Phase One discovery by Mattel after the court-

16 ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S. Dist. LEXIS 3479,

17 *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007 U.S. Dist. LEXIS

18 87371, *6-7 (N.D. Ind. 2007).

19       MGA HK further objects to the request to the extent it seeks the production of

20 documents that are protected from disclosure under any applicable privilege, doctrine

21 or immunity, including without limitation the attorney-client privilege, the work

22 product doctrine, the right of privacy, and all other privileges recognized under the

23 constitutional, statutory or decisional law of the United States of America, the State

24 of California or any other applicable jurisdiction.  MGA HK further objects to this

25 request on the grounds that it is overbroad in its use of the term YOUR and its

26 incorporated term AFFILIATES.  MGA HK further objects to this request on the

27 grounds that it is overly broad and unduly burdensome in that it seeks documents not

28

17

EXHIBIT  16
PAGE  964

1   relevant to the claims or defenses in this action and not reasonably calculated to lead

2   to the discovery of admissible evidence.  Mattel has not demonstrated how *each* log,

3   record, index file or other DOCUMENT IDENTIFYING or listing YOUR

4   AFFILIATES' DOCUMENTS or *any* tangible things stored at the OFFSITE

5   STORAGE FACILITIES *since 1995* could be relevant to the claims and defenses in

6   this action.  The request is not limited to the subject matter of this action and is thus

7   impermissibly overbroad.  See Judge Infante's December 31, 2007 Order at 5:22-26,

8   8:1-3; see also Judge Infante's August 13, 2007 Order at 9:17-20; see also Judge

9   Infante's May 22, 2007 Order at 21:5-7.  MGA HK further objects to this request as

10  being overly broad and unduly burdensome on the grounds that it is not limited in

11  geographical scope and seeks documents since 1995—nearly ten years before this

12  case was filed and well before any of the allegations associated with any claims or

13  defenses.  See Judge Infante's December 31, 2007 Order at 5:22-26, 8:1-3, 14:25-

14  15:1.  MGA HK further objects to the request to the extent that it seeks documents

15  that by reason of public filing, public distribution or otherwise are already in

16  Mattel's possession or are readily accessible to Mattel, or available to Mattel from a

17  source that is more convienient, less burdensome, or less expensive.  See Judge

18  Infante's December 31, 2007 Order at 14:1-6, 19:4-7.  MGA HK further objects to

19  the request to the extent that it seeks documents not in MGA HK's possession,

20  custody or control.

21      MGA HK further objects to this request as cumulative, duplicative, and

22  unduly burdensome to the extent that it seeks documents previously requested by

23  Mattel or produced by MGA (or any of its affiliates) in response to Mattel's

24  document requests.  For example, this request is an exact duplicate of and completely

25  coextensive with (based on Mattel's definitions for these Requests and the related

26  sets of requests) Request No. 4 from Mattel, Inc.'s Seventh Set of Requests for

27  Documents and Things to MGA Entertainment, Inc., Request No. 4 from Mattel,

28                          18

EXHIBIT  16

965

1  Inc.'s Third Set of Requests for Documents and Things to MGAE de Mexico, S.R.L.

2  de C.V., and Request No. 4 from Mattel, Inc.'s Third Set of Requests for Documents

3  and Things to Isaac Larian.  Additionally, (based on Mattel's definitions for these

4  Requests and the related sets of requests) this request is completely equivalent to and

5  coextensive with Request No. 3 from these Requests, as well as Request No. 3 from

6  Mattel, Inc.'s Seventh Set of Requests for Documents and Things to MGA

7  Entertainment, Inc., Request No. 3 from Mattel, Inc.'s Third Set of Requests for

8  Documents and Things to MGAE de Mexico, S.R.L. de C.V., and Request No. 3

9  from Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac Larian.

10  This request also has substantial if not complete overlap with Request Nos. 5 and 6

11  from these Requests, as well as Request Nos. 5 and 6 from Mattel, Inc.'s Seventh Set

12  of Requests for Documents and Things to MGA Entertainment, Inc., Request Nos. 5

13  and 6 from Mattel, Inc.'s Third Set of Requests for Documents and Things to MGAE

14  de Mexico, S.R.L. de C.V., and Request Nos. 5 and 6 from Mattel, Inc.'s Third Set

15  of Requests for Documents and Things to Isaac Larian.

16       MGA HK further objects to this request as untimely and unenforceable to the

17  extent it seeks documents relating to Phase Two, because Phase Two discovery has

18  been and remains stayed by court order.  Specifically, in the Court's February 4,

19  2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

20  Court.  Accordingly, MGA HK has no obligation to respond to this request insofar as

21  it seeks documents related to Phase Two, unless and until the Court lifts the Phase

22  Two discovery stay, and MGA HK therefore hereby preserves all objections.

23  <u>REQUEST FOR PRODUCTION NO. 5:</u>

24       Each log, record, index, file or other DOCUMENT IDENTIFYING or listing

25  YOUR DOCUMENTS or any tangible things that have been sent to or received from

26  the OFFSITE STORAGE FACILITIES since 1995, including when the

27  DOCUMENTS or any tangible things were sent and/or received.  EXHIBIT /6

28  PAGE 966

19

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

MGA HK incorporates by reference its General Response and General Objections above, as though fully set forth herein.

MGA HK objects to this request as untimely and unenforceable to the extent it seeks documents relating to Phase One.  Under Federal Rule of Civil Procedure 34(b) and the Court's October 31, 2007 scheduling order, the last day to serve document requests relating to Phase One was December 28, 2007 – 30 days before the fact discovery cut-off.  Mattel served this request on January 22, 2008 – more than three weeks past the deadline and just four (4) court days before the discovery cut-off for Phase One.  The request is therefore untimely, and represents an unreasonable delay and an improper attempt to re-open Phase One discovery by Mattel after the court-ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S. Dist. LEXIS 3479, *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007 U.S. Dist. LEXIS 87371, *6-7 (N.D. Ind. 2007).

MGA HK further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA HK further objects to this request on the grounds that it is overbroad in its use of the term YOUR and its incorporated term AFFILIATES.  MGA HK further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *each* log, record, index file or other DOCUMENT IDENTIFYING or listing YOUR DOCUMENTS or *any* tangible things that have been sent to or received from the

20

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT (HK) LIMITED

EXHIBIT __16__

967

OFFSITE STORAGE FACILITIES *since 1995*, including when the DOCUMENTS or *any* tangible things were sent and/or received could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Judge Infante's December 31, 2007 Order at 5:22-26, 8:1-3; see also Judge Infante's August 13, 2007 Order at 9:17-20; see also Judge Infante's May 22, 2007 Order at 21:5-7.  MGA HK further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in geographical scope and seeks documents since 1995—nearly ten years before this case was filed and well before any of the allegations associated with any claims or defenses.  See Judge Infante's December 31, 2007 Order at 5:22-26, 8:1-3, 14:25-15:1.  MGA HK further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel, or available to Mattel from a source that is more convenient, less burdensome, or less expensive.  See Judge Infante's December 31, 2007 Order at 14:1-6, 19:4-7.  MGA HK further objects to the request to the extent that it seeks documents not in MGA HK's possession, custody or control.

MGA HK further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA (or any of its affiliates) in response to Mattel's document requests.  For example, this request is an exact duplicate of and completely coextensive with (based on Mattel's definitions for these Requests and the related sets of requests) Request No. 5 from Mattel, Inc.'s Seventh Set of Requests for Documents and Things to MGA Entertainment, Inc., Request No. 5 from Mattel, Inc.'s Third Set of Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., and Request No. 5 from Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac Larian.  Additionally, (based on Mattel's definitions for these

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENT (HK) LIMITED

EXHIBIT ___16___
PAGE ___968___

1  Requests and the related sets of requests) this request is completely equivalent to and

2  coextensive with Request No. 6 from these Requests, as well as Request No. 6 from

3  Mattel, Inc.'s Seventh Set of Requests for Documents and Things to MGA

4  Entertainment, Inc., Request No. 6 from Mattel, Inc.'s Third Set of Requests for

5  Documents and Things to MGAE de Mexico, S.R.L. de C.V., and Request No. 6

6  from Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac Larian.

7  This request also has substantial if not complete overlap with Request Nos. 3 and 4

8  from these Requests, as well as Request Nos. 3 and 4 from Mattel, Inc.'s Seventh Set

9  of Requests for Documents and Things to MGA Entertainment, Inc., Request Nos. 3

10  and 4 from Mattel, Inc.'s Third Set of Requests for Documents and Things to MGAE

11  de Mexico, S.R.L. de C.V., and Request Nos. 3 and 4 from Mattel, Inc.'s Third Set

12  of Requests for Documents and Things to Isaac Larian.

13       MGA HK further objects to this request as untimely and unenforceable to the

14  extent it seeks documents relating to Phase Two, because Phase Two discovery has

15  been and remains stayed by court order.  Specifically, in the Court's February 4,

16  2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

17  Court.  Accordingly, MGA HK has no obligation to respond to this request insofar as

18  it seeks documents related to Phase Two, unless and until the Court lifts the Phase

19  Two discovery stay, and MGA HK therefore hereby preserves all objections.

20  REQUEST FOR PRODUCTION NO. 6:

21       Each log, record, index, file or other DOCUMENT IDENTIFYING or listing

22  YOUR AFFILIATES' DOCUMENTS or any tangible things that have been sent to

23  or received from the OFFSITE STORAGE FACILITIES since 1995, including when

24  the DOCUMENTS or any tangible things were sent and/or received.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

26       MGA HK incorporates by reference its General Response and General

27  Objections above, as though fully set forth herein.

28

EXHIBIT __16__
PAGE __969__

22

1    MGA HK objects to this request as untimely and unenforceable to the extent it

2  seeks documents relating to Phase One.  Under Federal Rule of Civil Procedure 34(b)

3  and the Court's October 31, 2007 scheduling order, the last day to serve document

4  requests relating to Phase One was December 28, 2007 – 30 days before the fact

5  discovery cut-off.  Mattel served this request on January 22, 2008 – more than three

6  weeks past the deadline and just four (4) court days before the discovery cut-off for

7  Phase One.  The request is therefore untimely, and represents an unreasonable delay

8  and an improper attempt to re-open Phase One discovery by Mattel after the court-

9  ordered discovery cut-off.  <u>Andrews v. Raphaelson</u>, 2007 U.S. Dist. LEXIS 3479,

10  *18 (D. Nev. 2007); <u>Mfr. Direct, LLC v. DirectBuy, Inc.</u>, 2007 U.S. Dist. LEXIS

11  87371, *6-7 (N.D. Ind. 2007).

12    MGA HK further objects to the request to the extent it seeks the production of

13  documents that are protected from disclosure under any applicable privilege, doctrine

14  or immunity, including without limitation the attorney-client privilege, the work

15  product doctrine, the right of privacy, and all other privileges recognized under the

16  constitutional, statutory or decisional law of the United States of America, the State

17  of California or any other applicable jurisdiction.  MGA HK further objects to this

18  request on the grounds that it is overbroad in its use of the term YOUR and its

19  incorporated term AFFILIATES.  MGA HK further objects to this request on the

20  grounds that it is overly broad and unduly burdensome in that it seeks documents not

21  relevant to the claims or defenses in this action and not reasonably calculated to lead

22  to the discovery of admissible evidence.  Mattel has not demonstrated how *each* log,

23  record, index file or other DOCUMENT IDENTIFYING or listing YOUR

24  AFFILIATES' DOCUMENTS or *any* tangible things that have been sent to or

25  received from the OFFSITE STORAGE FACILITIES *since 1995*, including when

26  the DOCUMENTS or *any* tangible things were sent and/or received could be

27  relevant to the claims and defenses in this action.  The request is not limited to the

28

EXHIBIT 16

970

1  subject matter of this action and is thus impermissibly overbroad.  See Judge

2  Infante's December 31, 2007 Order at 5:22-26, 8:1-3; see also Judge Infante's

3  August 13, 2007 Order at 9:17-20; see also Judge Infante's May 22, 2007 Order at

4  21:5-7.  MGA HK further objects to this request as being overly broad and unduly

5  burdensome on the grounds that it is not limited in geographical scope and seeks

6  documents since 1995—nearly ten years before this case was filed and well before

7  any of the allegations associated with any claims or defenses.  See Judge Infante's

8  December 31, 2007 Order at 5:22-26, 8:1-3, 14:25-15:1.  MGA HK further objects to

9  the request to the extent that it seeks documents that by reason of public filing,

10  public distribution or otherwise are already in Mattel's possession or are readily

11  accessible to Mattel, or available to Mattel from a source that is more convienient,

12  less burdensome, or less expensive.  See Judge Infante's December 31, 2007 Order

13  at 14:1-6, 19:4-7.  MGA HK further objects to the request to the extent that it seeks

14  documents not in MGA HK's possession, custody or control.

15      MGA HK further objects to this request as cumulative, duplicative, and

16  unduly burdensome to the extent that it seeks documents previously requested by

17  Mattel or produced by MGA (or any of its affiliates) in response to Mattel's

18  document requests.  For example, this request is an exact duplicate of and completely

19  coextensive with (based on Mattel's definitions for these Requests and the related

20  sets of requests) Request No. 6 from Mattel, Inc.'s Seventh Set of Requests for

21  Documents and Things to MGA Entertainment, Inc., Request No. 6 from Mattel,

22  Inc.'s Third Set of Requests for Documents and Things to MGAE de Mexico, S.R.L.

23  de C.V., and Request No. 6 from Mattel, Inc.'s Third Set of Requests for Documents

24  and Things to Isaac Larian.  Additionally, (based on Mattel's definitions for these

25  Requests and the related sets of requests) this request is completely equivalent to and

26  coextensive with Request No. 5 from these Requests, as well as Request No. 5 from

27  Mattel, Inc.'s Seventh Set of Requests for Documents and Things to MGA

28

24

EXHIBIT __16__

971

1   Entertainment, Inc., Request No. 5 from Mattel, Inc.'s Third Set of Requests for

2   Documents and Things to MGAE de Mexico, S.R.L. de C.V., and Request No. 5

3   from Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac Larian.

4   This request also has substantial if not complete overlap with Request Nos. 3 and 4

5   from these Requests, as well as Request Nos. 3 and 4 from Mattel, Inc.'s Seventh Set

6   of Requests for Documents and Things to MGA Entertainment, Inc., Request Nos. 3

7   and 4 from Mattel, Inc.'s Third Set of Requests for Documents and Things to MGAE

8   de Mexico, S.R.L. de C.V., Request Nos. 3 and 4 from Mattel, Inc.'s Third Set of

9   Requests for Documents and Things to MGA Entertainment (HK) Limited, and

10  Request Nos. 3 and 4 from Mattel, Inc.'s Third Set of Requests for Documents and

11  Things to Isaac Larian.

12          MGA HK further objects to this request as untimely and unenforceable to the

13  extent it seeks documents relating to Phase Two, because Phase Two discovery has

14  been and remains stayed by court order.  Specifically, in the Court's February 4,

15  2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

16  Court.  Accordingly, MGA HK has no obligation to respond to this request insofar as

17  it seeks documents related to Phase Two, unless and until the Court lifts the Phase

18  Two discovery stay, and MGA HK therefore hereby preserves all objections.

19

20  DATED:  February 21, 2007            SKADDEN, ARPS, SLATE, MEAGHER &
                                         FLOM, LLP
21

22

23  By:  _____
                    THOMAS J. NOLAN
24
                    Attorneys for Counter-Defendants,
25                  MGA ENTERTAINMENT, INC.,
                    ISAAC LARIAN, MGA ENTERTAINMENT
26                  (HK) LIMITED, AND MGAE de MEXICO
                    S.R.L. de C.V.
27
                                                    EXHIBIT ___16___
28                                                  PAGE ___472___

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENT (HK) LIMITED

# EXHIBIT 17

RECEIVED

FEB 2 1 2008

1 | THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, California 90071-3144
3 | Telephone: (213) 687-5000
Facsimile: (213) 687-5600
4 | E-mail:     tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | 4 Embarcadero Center, 38th Floor
San Francisco, California 94111-5974
7 | Telephone: (415) 984-6400
Facsimile: (415) 984-2698
8 | Email:      rkennedy@skadden.com

9 | Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN,
10 | MGA ENTERTAINMENT (HK) LIMITED, and
MGAE DE MEXICO S.R.L. DE C.V.

11

12 |                 UNITED STATES DISTRICT COURT

13 |                CENTRAL DISTRICT OF CALIFORNIA

14 |                        EASTERN DIVISION

15 | CARTER BRYANT, an individual,        )   CASE NO. CV 04-9049 SGL (RNBx)
                                         )
16 |               Plaintiff,            )   Consolidated with Case No. 04-9059
                                         )   and Case No. 05-2727
17 |        v.                           )
                                         )   RESPONSE TO MATTEL, INC'S
18 | MATTEL, INC., a Delaware            )   SEVENTH SET OF REQUESTS
corporation,                             )   FOR DOCUMENTS AND THINGS
19 |                                     )   TO MGA ENTERTAINMENT,
                                         )   INC.
20 |               Defendant.            )
                                         )
21 | _____)
                                         )
22 | Consolidated with                   )
MATTEL, INC. v. BRYANT and               )
23 | MGA ENTERTAINMENT, INC. v.           )
MATTEL, INC.                             )
24 | _____)

25 | PROPOUNDING PARTY:     MATTEL, INC.

26 | RESPONDING PARTY:      MGA ENTERTAINMENT, INC.

27 | SET NO.:               SEVEN (7)

28 |

EXHIBIT ___17___
PAGE ___973___

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENTS, INC.

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, MGA

2 Entertainment, Inc. ("MGA") hereby submits these responses and objections (the

3 "Response") to Mattel, Inc.'s ("Mattel's") Seventh Set of Requests for Production of

4 Documents to MGA Entertainment, Inc. (the "Requests").

5                              **GENERAL RESPONSE**

6    The General Response and General and Specific Objections set forth herein

7 apply to all documents that MGA may in the future produce in response to the

8 Requests.  The Response is made without waiving, or intending to waive but, on the

9 contrary, expressly reserving:  (a) the right to object, on the grounds of competency,

10 privilege, relevancy or materiality, or any other proper grounds, to the use of the

11 documents, for any purpose in whole or in part, in any subsequent step or proceeding

12 in this action or any other action; (b) the right to object on any and all grounds, at

13 any time, to other requests for production or other discovery procedures involving or

14 relating to the subject matter of the Requests; and (c) the right at any time to revise,

15 correct, add to, or clarify any of the responses propounded herein.

16    MGA's responses herein reflect only the present state of MGA's discovery

17 regarding the documents that Mattel seeks.  Discovery for Phase Two is currently

18 stayed and will continue if and when the court lifts the stay, and other investigation

19 or research concerning this litigation is continuing.  It is anticipated that further

20 discovery, independent investigation, and legal research and analysis will supply

21 additional facts and meaning to the known facts, as well as establish entirely new

22 factual conclusions, all of which may lead MGA to discover other documents

23 responsive to these Requests.  MGA therefore reserves the right to amend or

24 supplement this Response at any time in light of future investigation, research or

25 analysis, and also expressly reserves the right to rely on, at any time, including trial,

26 subsequently discovered information omitted from this Response as a result of

27 mistake, error, oversight or inadvertence.  MGA does not hereby admit, adopt or

28

1

EXHIBIT ___17___

PAGE ___974___

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENTS, INC.

1  acquiesce in any factual or legal contention, assertion or characterization contained

2  in the Requests, even where MGA has not otherwise objected to a particular request,

3  or has agreed to produce documents responsive to a particular request.

4          Except as otherwise stated below, an objection to a specific document request

5  does not imply that documents responsive to the request exist or have ever existed.

6  In addition, an agreement to produce documents responsive to any specific document

7  request does not imply that documents responsive to the request exist or have existed;

8  rather, it is an agreement to produce non-privileged documents responsive to that

9  particular document request as limited by or interpreted in any applicable General or

10  Specific objections, if any exist.  Production of any document is not intended as, and,

11  to the extent permitted by law, shall not be deemed to be, a waiver of any objection

12  set forth herein or an admission that the produced document is "relevant" to any

13  claim or defense, as that term is used in Federal Rule of Civil Procedure 26(b)(1).

## **GENERAL OBJECTIONS**

15          MGA incorporates the following General Objections, as well as the General

16  Response, into its Specific Responses and Objections to each and every request for

17  documents contained in the Requests:

18          1.      MGA objects to these Requests as untimely and unenforceable to

19  the extent they seek documents relating to Phase One.  Under Federal Rule of Civil

20  Procedure 34(b) and the Court's October 31, 2007 scheduling order, the last day to

21  serve document requests relating to Phase One was December 28, 2007 – 30 days

22  before the fact discovery cut-off.  Mattel served these Requests on January 22, 2008

23  – more than three weeks past the deadline and just four (4) court days before the

24  discovery cut-off for Phase One.  The Requests are therefore untimely, and represent

25  an unreasonable delay and an improper attempt to re-open Phase One discovery by

26  Mattel after the court-ordered discovery cut-off.  _Andrews v. Raphaelson_, 2007 U.S.

27  Dist. LEXIS 3479, *18 (D. Nev. 2007) ("The Court also finds that _Defendants have_

28

2

EXHIBIT 14
PAGE 575

1    *been guilty of unreasonable delay in serving written discovery on Plaintiffs, which*

2    *they first served* on November 20, 2006, *less than 30 days before the discovery cut-*

3    *off date . . . .*    Defendants have not made any showing that there were reasonable

4    grounds to serve its discovery requests less than 30 days before the discovery cut-off

5    date in this action, and the Court would not otherwise extend or reopen discovery for

6    that purpose alone. Although the Court will extend discovery in regard to the

7    disclosure of expert rebuttal reports and depositions of the experts, *the Court will not*

8    *reopen discovery in regard to Defendants' untimely written discovery requests.*"

9    (emphasis added)); Mfr. Direct, LLC v. DirectBuy, Inc., 2007 U.S. Dist. LEXIS

10   87371, *6-7 (N.D. Ind. 2007) ("DirectBuy has offered no explanation grounded in

11   relevancy, burden, or breadth for its failure to respond to Manufacturer Direct's May

12   discovery request. *Regarding the June request, DirectBuy has stated that it is under*

13   *no obligation to respond to the June discovery request because it was made less than*

14   *30 days before the close of discovery.* See, e.g., Autotech Technologies Limited

15   Partnership v. Automationdirect.com, Inc., 2007 U.S. Dist. LEXIS 69135, 2007 WL

16   2746654 at *3 (N.D. Ill. Sept. 18, 2007) ('Given the fact that the ADC parties had 30

17   days to respond, the request was an obvious violation of Local Rule 16.1'); Finwall v.

18   City of Chicago, 239 F.R.D. 494, 498-99 (N.D. Ill. 2006)('[A] deadline for discovery

19   means that discovery must be *completed by that date*') (emphasis in original).

20   Similarly, this court set June 29, 2007 as the date discovery should be completed.

21   *Discovery requests served less than the 30 days provided by the Federal Rules within*

22   *which to respond are made at the risk of non-compliance before the end of the*

23   *discovery period. Accordingly, the plaintiff's motion is* GRANTED with respect to

24   the discovery request made in May 2007 and *DENIED with respect to the June*

25   *requests.*" (emphasis added)).

26           2.    MGA further objects to these requests as untimely and

27   unenforceable to the extent they seek documents relating to Phase Two, because

28                                          3

EXHIBIT ___17

976

1   Phase Two discovery has been and remains stayed by court order.  Specifically, in

2   the Court's February 4, 2008 Order, Judge Larson stayed all Phase Two discovery

3   until further order of the Court.  Accordingly, MGA has no obligation to respond to

4   these Requests insofar as they seek documents related to Phase Two, unless and until

5   the Court lifts the Phase Two discovery stay, and MGA therefore hereby preserves

6   all objections.

7          3.     MGA objects to the date and place of production on the grounds

8   that the Requests impose an undue burden on MGA.  The time set for compliance is

9   unduly burdensome, especially in light of the duplicative nature of the Requests and

10   the scope and volume of the material being sought.  To the extent MGA later agrees

11   to produce responsive documents, MGA intends to proceed expeditiously to collect

12   the documents for production, if any, and will produce them at a date and time, and

13   in such a manner, as may be mutually agreed to by counsel for the parties.

14          4.     MGA objects to the Requests to the extent that they seek

15   documents not relevant to the claims or defenses in this action and are not reasonably

16   calculated to lead to the discovery of admissible evidence.

17          5.     MGA objects to the Requests on the grounds that they are overly

18   broad and unduly burdensome.

19          6.     MGA objects to the Requests insofar as they seek documents that

20   are protected from disclosure under any applicable privilege, doctrine or immunity,

21   including without limitation the attorney-client privilege, the attorney work product

22   doctrine, the right of privacy, and all other privileges recognized under the

23   constitutional, statutory or decisional law of the United States of America or any

24   other applicable jurisdiction.  MGA shall not produce such documents in response to

25   Mattel's Request.  Any production of such protected or privileged materials is

26   inadvertent and shall not be construed as a waiver of those privileges or protections.

27

28

EXHIBIT 17

PAGE 972

4

7.      MGA objects to the Requests insofar as they seek documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel from public sources or third parties.

8.      MGA objects to the Requests insofar as they seek production of documents (1) not within its possession, custody or control; (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to persons, entities, or events not known to MGA.  Such instructions, definitions, or requests are objectionable where they subject MGA to unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to impose upon MGA an obligation to produce documents from sources equally accessible to Mattel.  To the extent MGA may in the future agree to produce documents in response to the Requests, MGA will make a reasonably diligent search for responsive documents within its possession, custody or control.

9.      In responding to Mattel's Requests, MGA has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by Federal law.

10.     MGA objects to each and every request to the extent it purports to require MGA to search all documents and things within its possession or all such documents from a broad category, custody or control or within the possession, custody or control of any of MGA's current or former directors, officers, employees, agents, contractors, attorneys, accountants, or representatives of MGA, and any current or former corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest of MGA, and any other person acting on its behalf, on the grounds that such request is unreasonable, overbroad, unduly burdensome and oppressive, violates the right to privacy, and purports to require MGA to search for documents not within its possession, custody or control.  To the extent that MGA may in the future agree to produce documents in

5

EXHIBIT __17__
PAGE __978__

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENTS, INC.

1  response to the Requests, MGA will make a reasonably diligent search for

2  responsive documents within its possession, custody or control.

3          11.     MGA objects to each and every request to the extent it seeks all

4  documents or "each . . . document" responsive to a certain category on the grounds

5  that such request is overbroad and unduly burdensome and oppressive.  MGA will

6  not respond to duplicative or cumulative requests and, to the extent that it may in the

7  future agree to produce documents in response to the Requests, MGA will not re-

8  produce documents it has already produced or produce documents that it has

9  received from Mattel or others in the course of discovery in this matter.

10         12.     MGA objects to the Requests insofar as they seek production of

11 confidential, proprietary, or trade-secret information, the disclosure of which would

12 be inimical to the business interests of MGA.

13         13.     MGA objects to each request to the extent it violates the privacy

14 rights of third parties to their private, confidential, proprietary or trade secret

15 information.

16         14.     MGA objects to each request to the extent it seeks information

17 relating to the activities or conduct of other entities or non-parties.

18         15.     MGA objects to each request to the extent it seeks information

19 relating to activities or conduct in foreign countries.

20         16.     MGA objects to the Definitions and Instructions to the extent

21 such Definitions and Instructions purport to enlarge, expand, or alter in any way the

22 plain meaning and scope of any specific term or specific request on the ground that

23 such enlargement, expansion, or alteration renders such a term or request vague,

24 ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

25         17.     MGA objects to the Instructions to the extent that they purport to

26 deprive MGA of the right to redact information from any documents "for any

27

28

EXHIBIT __17__
PAGE ___979___

6

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENTS, INC.

1   reason." MGA retains and reserves the right to redact documents on any appropriate

2   grounds, including in particular for privilege.

3          18.    MGA objects to the Instructions to the extent that they purport to

4   unilaterally require MGA to produce documents in any manner inconsistent with any

5   prior agreement between the parties. MGA will continue to produce documents in

6   conformity with the prior agreements between the parties.

7          19.    MGA specifically objects to the following definitions in the

8   Requests:

9          (a)    MGA objects to the terms "YOU," "YOUR" and "MGA"

10  (Definitions ¶ A) as vague, ambiguous, overbroad, and unduly burdensome. The

11  definition includes "MGA Entertainment, Inc., and any PERSON acting directly or

12  indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but

13  not limited to, current or former directors, officers, employees, agents, contractors,

14  attorneys, accountants, or representatives of MGA Entertainment, Inc., and any

15  current or former corporation, partnership, association, trust, parent subsidiary,

16  division, AFFILIATE, predecessor-in-interest and successor-in-interest of MGA

17  Entertainment, Inc., and any other PERSON acting on its behalf."   Because of

18  Mattel's incorporating the overbroad definition of "AFFILIATES" (Definitions ¶ C)

19  as including "any and all corporations, proprietorships, d/b/a's, partnerships, joint

20  ventures and business entities of any kind that, directly or indirectly, in whole or in

21  part, own or control, are under common ownership or control with, or are owned or

22  controlled by a PERSON, party or entity, including without limitation, each parent,

23  subsidiary and joint venture of such PERSON, party or entity," it is impossible for

24  MGA to know whether a particular person comes within this definition unless that

25  person or entity at some point in time held himself or herself out as being affiliated

26  with MGA. Thus, "YOU," "YOUR," and "MGA" will be interpreted to mean all

27                                            EXHIBIT ___17___

28                          7                   PAGE ___480___

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENTS, INC.

1   persons or entities who hold themselves out to MGA as officers, employees, agents,

2   subsidiaries or divisions of MGA.

3           (b)   MGA also objects to the terms "RELATING,"

4   "RELATING TO," "REFERS TO," "REFERRING OR RELATING TO," and

5   "REFER OR RELATE TO" (Definitions ¶ E) on the grounds and to the extent they

6   are overbroad, unduly burdensome, and/or are vague and ambiguous in the context

7   of the Requests as written and as those requests would be plainly understood absent

8   Mattel's definitions.

9           20.   MGA objects to the Requests to the extent they seek the

10  production of documents in their native format where the burden of such production

11  outweighs the likelihood of discovering information that is relevant to the subject

12  matter of the claims or defenses in this action or calculated to lead to the discovery

13  of admissible evidence.

14          21.   MGA objects to the Requests on the grounds that they are

15  harassing, oppressive and unduly burdensome.  Before these Requests, Mattel has

16  already propounded over 2,700 requests for documents and things to MGA, MGA

17  Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

18  ("the MGA Parties"), in response to which the MGA Parties have already produced

19  over 4.2 million pages of responsive documents.

20              **SPECIFIC RESPONSES AND OBJECTIONS**

21          Without waiving or departing from its General Response and General

22  Objections and specifically incorporating its General Response and General

23  Objections into each of the Specific Responses and Objections below, MGA makes

24  the following specific responses and objections to the Requests:

25  REQUEST FOR PRODUCTION NO. 1:

26          DOCUMENTS sufficient to IDENTIFY any OFFSITE STORAGE

27  FACILITIES used by YOU since 1995.

28

EXHIBIT __17__
PAGE __981__

8

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENTS, INC.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein.

MGA objects to this request as untimely and unenforceable to the extent it seeks documents relating to Phase One. Under Federal Rule of Civil Procedure 34(b) and the Court's October 31, 2007 scheduling order, the last day to serve document requests relating to Phase One was December 28, 2007 – 30 days before the fact discovery cut-off. Mattel served this request on January 22, 2008 – more than three weeks past the deadline and just four (4) court days before the discovery cut-off for Phase One. The request is therefore untimely, and represents an unreasonable delay and an improper attempt to re-open Phase One discovery by Mattel after the court-ordered discovery cut-off. Andrews v. Raphaelson, 2007 U.S. Dist. LEXIS 3479, *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007 U.S. Dist. LEXIS 87371, *6-7 (N.D. Ind. 2007).

MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overbroad in its use of the term YOU and its incorporated term AFFILIATES. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *any* OFFSITE STORAGE FACILITIES used by YOU *since 1995* could be relevant to the claims and defenses in this action. The request is not

9

EXHIBIT 17
PAGE 982

1  limited to the subject matter of this action and is thus impermissibly overbroad.  <u>See</u>

2  Judge Infante's December 31, 2007 Order at 5:22-26, 8:1-3; <u>see also</u> Judge Infante's

3  August 13, 2007 Order at 9:17-20; <u>see also</u> Judge Infante's May 22, 2007 Order at

4  21:5-7.  MGA further objects to this request as being overly broad and unduly

5  burdensome on the grounds that it is not limited in geographical scope and seeks

6  documents since 1995—nearly ten years before this case was filed and well before

7  any of the allegations associated with any claims or defenses.  <u>See</u> Judge Infante's

8  December 31, 2007 Order at 5:22-26, 8:1-3, 14:25-15:1.  MGA further objects to the

9  request to the extent that it seeks documents that by reason of public filing, public

10  distribution or otherwise are already in Mattel's possession or are readily accessible

11  to Mattel, or available to Mattel from a source that is more convienient, less

12  burdensome, or less expensive.  <u>See</u> Judge Infante's December 31, 2007 Order at

13  14:1-6, 19:4-7.  MGA further objects to the request to the extent that it seeks

14  documents not in MGA's possession, custody or control.

15         MGA further objects to this request as cumulative, duplicative, and unduly

16  burdensome to the extent that it seeks documents previously requested by Mattel or

17  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

18  For example, this request is an exact duplicate of and completely coextensive with

19  (based on Mattel's definitions for these Requests and the related sets of requests)

20  Request No. 1 from Mattel, Inc.'s Third Set of Requests for Documents and Things

21  to MGAE de Mexico, S.R.L. de C.V., Request No. 1 from Mattel, Inc.'s Third Set of

22  Requests for Documents and Things to MGA Entertainment (HK) Limited, and

23  Request No. 1 from Mattel, Inc.'s Third Set of Requests for Documents and Things

24  to Isaac Larian.  Additionally, (based on Mattel's definitions for these Requests and

25  the related sets of requests) this request is completely equivalent to and coextensive

26  with Request No. 2 from these Requests, as well as Request No. 2 from Mattel,

27  Inc.'s Third Set of Requests for Documents and Things to MGAE de Mexico, S.R.L.

28

EXHIBIT _17_

PAGE _983_

10

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENTS, INC.

1   de C.V., Request No. 2 from Mattel, Inc.'s Third Set of Requests for Documents and

2   Things to MGA Entertainment (HK) Limited, and Request No. 2 from Mattel, Inc.'s

3   Third Set of Requests for Documents and Things to Isaac Larian.

4        MGA further objects to this request as untimely and unenforceable to the

5   extent it seeks documents relating to Phase Two, because Phase Two discovery has

6   been and remains stayed by court order.  Specifically, in the Court's February 4,

7   2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

8   Court.  Accordingly, MGA has no obligation to respond to this request insofar as it

9   seeks documents related to Phase Two, unless and until the Court lifts the Phase Two

10  discovery stay, and MGA therefore hereby preserves all objections.

11  REQUEST FOR PRODUCTION NO. 2:

12       DOCUMENTS sufficient to IDENTIFY any OFFSITE STORAGE

13  FACILITIES used by YOUR AFFILIATES since 1995.

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

15       MGA incorporates by reference its General Response and General Objections

16  above, as though fully set forth herein.

17       MGA objects to this request as untimely and unenforceable to the extent it

18  seeks documents relating to Phase One.  Under Federal Rule of Civil Procedure 34(b)

19  and the Court's October 31, 2007 scheduling order, the last day to serve document

20  requests relating to Phase One was December 28, 2007 – 30 days before the fact

21  discovery cut-off.  Mattel served this request on January 22, 2008 – more than three

22  weeks past the deadline and just four (4) court days before the discovery cut-off for

23  Phase One.  The request is therefore untimely, and represents an unreasonable delay

24  and an improper attempt to re-open Phase One discovery by Mattel after the court-

25  ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S. Dist. LEXIS 3479,

26  *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007 U.S. Dist. LEXIS

27  87371, *6-7 (N.D. Ind. 2007).

28

EXHIBIT ___17___
PAGE ___98¢___

11

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENTS, INC.

1     MGA further objects to the request to the extent it seeks the production of

2  documents that are protected from disclosure under any applicable privilege, doctrine

3  or immunity, including without limitation the attorney-client privilege, the work

4  product doctrine, the right of privacy, and all other privileges recognized under the

5  constitutional, statutory or decisional law of the United States of America, the State

6  of California or any other applicable jurisdiction.  MGA further objects to this

7  request on the grounds that it is overbroad in its use of the term YOUR and its

8  incorporated term AFFILIATES.  MGA further objects to this request on the grounds

9  that it is overly broad and unduly burdensome in that it seeks documents not relevant

10  to the claims or defenses in this action and not reasonably calculated to lead to the

11  discovery of admissible evidence.  Mattel has not demonstrated how DOCUMENTS

12  sufficient to IDENTIFY *any* OFFSITE STORAGE FACILITIES used by YOUR

13  AFFILIATES *since 1995* could be relevant to the claims and defenses in this action.

14  The request is not limited to the subject matter of this action and is thus

15  impermissibly overbroad.  See Judge Infante's December 31, 2007 Order at 5:22-26,

16  8:1-3; see also Judge Infante's August 13, 2007 Order at 9:17-20; see also Judge

17  Infante's May 22, 2007 Order at 21:5-7.  MGA further objects to this request as

18  being overly broad and unduly burdensome on the grounds that it is not limited in

19  geographical scope and seeks documents since 1995—nearly ten years before this

20  case was filed and well before any of the allegations associated with any claims or

21  defenses.  See Judge Infante's December 31, 2007 Order at 5:22-26, 8:1-3, 14:25-

22  15:1.  MGA further objects to the request to the extent that it seeks documents that

23  by reason of public filing, public distribution or otherwise are already in Mattel's

24  possession or are readily accessible to Mattel, or available to Mattel from a source

25  that is more convienient, less burdensome, or less expensive.  See Judge Infante's

26  December 31, 2007 Order at 14:1-6, 19:4-7.  MGA further objects to the request to

27  the extent that it seeks documents not in MGA's possession, custody or control.

28                                              12

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENTS, INC.

EXHIBIT  17
PAGE  985

1   MGA further objects to this request as cumulative, duplicative, and unduly
2   burdensome to the extent that it seeks documents previously requested by Mattel or
3   produced by MGA (or any of its affiliates) in response to Mattel's document requests.
4   For example, this request is an exact duplicate of and completely coextensive with
5   (based on Mattel's definitions for these Requests and the related sets of requests)
6   Request No. 2 from Mattel, Inc.'s Third Set of Requests for Documents and Things
7   to MGAE de Mexico, S.R.L. de C.V., Request No. 2 from Mattel, Inc.'s Third Set of
8   Requests for Documents and Things to MGA Entertainment (HK) Limited, and
9   Request No. 2 from Mattel, Inc.'s Third Set of Requests for Documents and Things
10  to Isaac Larian.  Additionally, (based on Mattel's definitions for these Requests and
11  the related sets of requests) this request is completely equivalent to and coextensive
12  with Request No. 1 from these Requests, as well as Request No. 1 from Mattel,
13  Inc.'s Third Set of Requests for Documents and Things to MGAE de Mexico, S.R.L.
14  de C.V., Request No. 1 from Mattel, Inc.'s Third Set of Requests for Documents and
15  Things to MGA Entertainment (HK) Limited, and Request No. 1 from Mattel, Inc.'s
16  Third Set of Requests for Documents and Things to Isaac Larian.
17  MGA further objects to this request as untimely and unenforceable to the
18  extent it seeks documents relating to Phase Two, because Phase Two discovery has
19  been and remains stayed by court order.  Specifically, in the Court's February 4,
20  2008 Order, Judge Larson stayed all Phase Two discovery until further order of the
21  Court.  Accordingly, MGA has no obligation to respond to this request insofar as it
22  seeks documents related to Phase Two, unless and until the Court lifts the Phase Two
23  discovery stay, and MGA therefore hereby preserves all objections.
24  REQUEST FOR PRODUCTION NO. 3:
25  Each log, record, index, file or other DOCUMENT IDENTIFYING or listing
26  MGA's DOCUMENTS or any tangible things stored at the OFFSITE STORAGE
27  FACILITIES since 1995.

EXHIBIT _17_
PAGE _985_

28
13

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENTS, INC.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

     MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein.

     MGA objects to this request as untimely and unenforceable to the extent it seeks documents relating to Phase One.  Under Federal Rule of Civil Procedure 34(b) and the Court's October 31, 2007 scheduling order, the last day to serve document requests relating to Phase One was December 28, 2007 – 30 days before the fact discovery cut-off.  Mattel served this request on January 22, 2008 – more than three weeks past the deadline and just four (4) court days before the discovery cut-off for Phase One.  The request is therefore untimely, and represents an unreasonable delay and an improper attempt to re-open Phase One discovery by Mattel after the court-ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S. Dist. LEXIS 3479, *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007 U.S. Dist. LEXIS 87371, *6-7 (N.D. Ind. 2007).

     MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overbroad in its use of the term MGA and its incorporated term AFFILIATES.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *each* log, record, index file or other DOCUMENT IDENTIFYING or listing MGA's DOCUMENTS or *any* tangible things stored at the OFFSITE STORAGE FACILITIES *since 1995*

14

EXHIBIT __17__

PAGE __986__

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENTS, INC.

1 could be relevant to the claims and defenses in this action. The request is not limited

2 to the subject matter of this action and is thus impermissibly overbroad. See Judge

3 Infante's December 31, 2007 Order at 5:22-26, 8:1-3; see also Judge Infante's

4 August 13, 2007 Order at 9:17-20; see also Judge Infante's May 22, 2007 Order at

5 21:5-7. MGA further objects to this request as being overly broad and unduly

6 burdensome on the grounds that it is not limited in geographical scope and seeks

7 documents since 1995—nearly ten years before this case was filed and well before

8 any of the allegations associated with any claims or defenses. See Judge Infante's

9 December 31, 2007 Order at 5:22-26, 8:1-3, 14:25-15:1. MGA further objects to the

10 request to the extent that it seeks documents that by reason of public filing, public

11 distribution or otherwise are already in Mattel's possession or are readily accessible

12 to Mattel, or available to Mattel from a source that is more convenient, less

13 burdensome, or less expensive. See Judge Infante's December 31, 2007 Order at

14 14:1-6, 19:4-7. MGA further objects to the request to the extent that it seeks

15 documents not in MGA's possession, custody or control.

16      MGA further objects to this request as cumulative, duplicative, and unduly

17 burdensome to the extent that it seeks documents previously requested by Mattel or

18 produced by MGA (or any of its affiliates) in response to Mattel's document requests.

19 For example, this request is an exact duplicate of and completely coextensive with

20 (based on Mattel's definitions for these Requests and the related sets of requests)

21 Request No. 3 from Mattel, Inc.'s Third Set of Requests for Documents and Things

22 to MGAE de Mexico, S.R.L. de C.V., Request No. 3 from Mattel, Inc.'s Third Set of

23 Requests for Documents and Things to MGA Entertainment (HK) Limited, and

24 Request No. 3 from Mattel, Inc.'s Third Set of Requests for Documents and Things

25 to Isaac Larian. Additionally, (based on Mattel's definitions for these Requests and

26 the related sets of requests) this request is completely equivalent to and coextensive

27 with Request No. 4 from these Requests, as well as Request No. 4 from Mattel,

28

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENTS, INC.

EXHIBIT 17
PAGE 987