1  Inc.'s Third Set of Requests for Documents and Things to MGAE de Mexico, S.R.L.

2  de C.V., Request No. 4 from Mattel, Inc.'s Third Set of Requests for Documents and

3  Things to MGA Entertainment (HK) Limited, and Request No. 4 from Mattel, Inc.'s

4  Third Set of Requests for Documents and Things to Isaac Larian.  This request also

5  has substantial if not complete overlap with Request Nos. 5 and 6 from these

6  Requests, as well as Request Nos. 5 and 6 from Mattel, Inc.'s Third Set of Requests

7  for Documents and Things to MGAE de Mexico, S.R.L. de C.V., Request Nos. 5 and

8  6 from Mattel, Inc.'s Third Set of Requests for Documents and Things to MGA

9  Entertainment (HK) Limited, and Request Nos. 5 and 6 from Mattel, Inc.'s Third Set

10  of Requests for Documents and Things to Isaac Larian.

11       MGA further objects to this request as untimely and unenforceable to the

12  extent it seeks documents relating to Phase Two, because Phase Two discovery has

13  been and remains stayed by court order.  Specifically, in the Court's February 4,

14  2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

15  Court.  Accordingly, MGA has no obligation to respond to this request insofar as it

16  seeks documents related to Phase Two, unless and until the Court lifts the Phase Two

17  discovery stay, and MGA therefore hereby preserves all objections.

18  REQUEST FOR PRODUCTION NO. 4:

19       Each log, record, index, file or other DOCUMENT IDENTIFYING or listing

20  MGA's AFFILIATES' DOCUMENTS or any tangible things stored at the OFFSITE

21  STORAGE FACILITIES since 1995.

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

23       MGA incorporates by reference its General Response and General Objections

24  above, as though fully set forth herein.

25       MGA objects to this request as untimely and unenforceable to the extent it

26  seeks documents relating to Phase One.  Under Federal Rule of Civil Procedure 34(b)

27  and the Court's October 31, 2007 scheduling order, the last day to serve document

28

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

EXHIBIT __17__

PAGE __988__

1  requests relating to Phase One was December 28, 2007 – 30 days before the fact

2  discovery cut-off.  Mattel served this request on January 22, 2008 – more than three

3  weeks past the deadline and just four (4) court days before the discovery cut-off for

4  Phase One.  The request is therefore untimely, and represents an unreasonable delay

5  and an improper attempt to re-open Phase One discovery by Mattel after the court-

6  ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S. Dist. LEXIS 3479,

7  *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007 U.S. Dist. LEXIS

8  87371, *6-7 (N.D. Ind. 2007).

9         MGA further objects to the request to the extent it seeks the production of

10  documents that are protected from disclosure under any applicable privilege, doctrine

11  or immunity, including without limitation the attorney-client privilege, the work

12  product doctrine, the right of privacy, and all other privileges recognized under the

13  constitutional, statutory or decisional law of the United States of America, the State

14  of California or any other applicable jurisdiction.  MGA further objects to this

15  request on the grounds that it is overbroad in its use of the term MGA and its

16  incorporated term AFFILIATES.  MGA further objects to this request on the grounds

17  that it is overly broad and unduly burdensome in that it seeks documents not relevant

18  to the claims or defenses in this action and not reasonably calculated to lead to the

19  discovery of admissible evidence.  Mattel has not demonstrated how *each* log, record,

20  index file or other DOCUMENT IDENTIFYING or listing MGA's AFFILIATES'

21  DOCUMENTS or *any* tangible things stored at the OFFSITE STORAGE

22  FACILITIES *since 1995* could be relevant to the claims and defenses in this action.

23  The request is not limited to the subject matter of this action and is thus

24  impermissibly overbroad.  See Judge Infante's December 31, 2007 Order at 5:22-26,

25  8:1-3; see also Judge Infante's August 13, 2007 Order at 9:17-20; see also Judge

26  Infante's May 22, 2007 Order at 21:5-7.  MGA further objects to this request as

27  being overly broad and unduly burdensome on the grounds that it is not limited in

28

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

EXHIBIT   17

PAGE   989

1   geographical scope and seeks documents since 1995—nearly ten years before this

2   case was filed and well before any of the allegations associated with any claims or

3   defenses.  See Judge Infante's December 31, 2007 Order at 5:22-26, 8:1-3, 14:25-

4   15:1.  MGA further objects to the request to the extent that it seeks documents that

5   by reason of public filing, public distribution or otherwise are already in Mattel's

6   possession or are readily accessible to Mattel, or available to Mattel from a source

7   that is more convienient, less burdensome, or less expensive.  See Judge Infante's

8   December 31, 2007 Order at 14:1-6, 19:4-7.  MGA further objects to the request to

9   the extent that it seeks documents not in MGA's possession, custody or control.

10       MGA further objects to this request as cumulative, duplicative, and unduly

11   burdensome to the extent that it seeks documents previously requested by Mattel or

12   produced by MGA (or any of its affiliates) in response to Mattel's document requests.

13   For example, this request is an exact duplicate of and completely coextensive with

14   (based on Mattel's definitions for these Requests and the related sets of requests)

15   Request No. 4 from Mattel, Inc.'s Third Set of Requests for Documents and Things

16   to MGAE de Mexico, S.R.L. de C.V., Request No. 4 from Mattel, Inc.'s Third Set of

17   Requests for Documents and Things to MGA Entertainment (HK) Limited, and

18   Request No. 4 from Mattel, Inc.'s Third Set of Requests for Documents and Things

19   to Isaac Larian.  Additionally, (based on Mattel's definitions for these Requests and

20   the related sets of requests) this request is completely equivalent to and coextensive

21   with Request No. 3 from these Requests, as well as Request No. 3 from Mattel,

22   Inc.'s Third Set of Requests for Documents and Things to MGAE de Mexico, S.R.L.

23   de C.V., Request No. 3 from Mattel, Inc.'s Third Set of Requests for Documents and

24   Things to MGA Entertainment (HK) Limited, and Request No. 3 from Mattel, Inc.'s

25   Third Set of Requests for Documents and Things to Isaac Larian.  This request also

26   has substantial if not complete overlap with Request Nos. 5 and 6 from these

27   Requests, as well as Request Nos. 5 and 6 from Mattel, Inc.'s Third Set of Requests

28

18

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

EXHIBIT 17

990

1  for Documents and Things to MGAE de Mexico, S.R.L. de C.V., Request Nos. 5 and

2  6 from Mattel, Inc.'s Third Set of Requests for Documents and Things to MGA

3  Entertainment (HK) Limited, and Request Nos. 5 and 6 from Mattel, Inc.'s Third Set

4  of Requests for Documents and Things to Isaac Larian.

5      MGA further objects to this request as untimely and unenforceable to the

6  extent it seeks documents relating to Phase Two, because Phase Two discovery has

7  been and remains stayed by court order.  Specifically, in the Court's February 4,

8  2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

9  Court.  Accordingly, MGA has no obligation to respond to this request insofar as it

10  seeks documents related to Phase Two, unless and until the Court lifts the Phase Two

11  discovery stay, and MGA therefore hereby preserves all objections.

12  REQUEST FOR PRODUCTION NO. 5:

13      Each log, record, index, file or other DOCUMENT IDENTIFYING or listing

14  MGA DOCUMENTS or any tangible things that have been sent to or received from

15  the OFFSITE STORAGE FACILITIES since 1995, including when the

16  DOCUMENTS or any tangible things were sent and/or received.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

18      MGA incorporates by reference its General Response and General Objections

19  above, as though fully set forth herein.

20      MGA objects to this request as untimely and unenforceable to the extent it

21  seeks documents relating to Phase One.  Under Federal Rule of Civil Procedure 34(b)

22  and the Court's October 31, 2007 scheduling order, the last day to serve document

23  requests relating to Phase One was December 28, 2007 – 30 days before the fact

24  discovery cut-off.  Mattel served this request on January 22, 2008 – more than three

25  weeks past the deadline and just four (4) court days before the discovery cut-off for

26  Phase One.  The request is therefore untimely, and represents an unreasonable delay

27  and an improper attempt to re-open Phase One discovery by Mattel after the court-

28

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

EXHIBIT ___17___

PAGE ___991___

1 | ordered discovery cut-off.  <u>Andrews v. Raphaelson</u>, 2007 U.S. Dist. LEXIS 3479,

2 | *18 (D. Nev. 2007); <u>Mfr. Direct, LLC v. DirectBuy, Inc.</u>, 2007 U.S. Dist. LEXIS

3 | 87371, *6-7 (N.D. Ind. 2007).

4 |      MGA further objects to the request to the extent it seeks the production of

5 | documents that are protected from disclosure under any applicable privilege, doctrine

6 | or immunity, including without limitation the attorney-client privilege, the work

7 | product doctrine, the right of privacy, and all other privileges recognized under the

8 | constitutional, statutory or decisional law of the United States of America, the State

9 | of California or any other applicable jurisdiction.  MGA further objects to this

10 | request on the grounds that it is overbroad in its use of the term MGA and its

11 | incorporated term AFFILIATES.  MGA further objects to this request on the grounds

12 | that it is overly broad and unduly burdensome in that it seeks documents not relevant

13 | to the claims or defenses in this action and not reasonably calculated to lead to the

14 | discovery of admissible evidence.  Mattel has not demonstrated how *each* log, record,

15 | index file or other DOCUMENT IDENTIFYING or listing MGA's DOCUMENTS

16 | or *any* tangible things that have been sent to or received from the OFFSITE

17 | STORAGE FACILITIES *since 1995*, including when the DOCUMENTS or *any*

18 | tangible things were sent and/or received could be relevant to the claims and

19 | defenses in this action.  The request is not limited to the subject matter of this action

20 | and is thus impermissibly overbroad.  <u>See</u> Judge Infante's December 31, 2007 Order

21 | at 5:22-26, 8:1-3; <u>see also</u> Judge Infante's August 13, 2007 Order at 9:17-20; <u>see</u>

22 | <u>also</u> Judge Infante's May 22, 2007 Order at 21:5-7.  MGA further objects to this

23 | request as being overly broad and unduly burdensome on the grounds that it is not

24 | limited in geographical scope and seeks documents since 1995—nearly ten years

25 | before this case was filed and well before any of the allegations associated with any

26 | claims or defenses.  <u>See</u> Judge Infante's December 31, 2007 Order at 5:22-26, 8:1-3,

27 | 14:25-15:1.  MGA further objects to the request to the extent that it seeks documents

28 |

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENTS, INC.

EXHIBIT 17

992

1   that by reason of public filing, public distribution or otherwise are already in

2   Mattel's possession or are readily accessible to Mattel, or available to Mattel from a

3   source that is more convienient, less burdensome, or less expensive. <u>See</u> Judge

4   Infante's December 31, 2007 Order at 14:1-6, 19:4-7. MGA further objects to the

5   request to the extent that it seeks documents not in MGA's possession, custody or

6   control.

7        MGA further objects to this request as cumulative, duplicative, and unduly

8   burdensome to the extent that it seeks documents previously requested by Mattel or

9   produced by MGA (or any of its affiliates) in response to Mattel's document requests.

10   For example, this request is an exact duplicate of and completely coextensive with

11   (based on Mattel's definitions for these Requests and the related sets of requests)

12   Request No. 5 from Mattel, Inc.'s Third Set of Requests for Documents and Things

13   to MGAE de Mexico, S.R.L. de C.V., Request No. 5 from Mattel, Inc.'s Third Set of

14   Requests for Documents and Things to MGA Entertainment (HK) Limited, and

15   Request No. 5 from Mattel, Inc.'s Third Set of Requests for Documents and Things

16   to Isaac Larian. Additionally, (based on Mattel's definitions for these Requests and

17   the related sets of requests) this request is completely equivalent to and coextensive

18   with Request No. 6 from these Requests, as well as Request No. 6 from Mattel,

19   Inc.'s Third Set of Requests for Documents and Things to MGAE de Mexico, S.R.L.

20   de C.V., Request No. 6 from Mattel, Inc.'s Third Set of Requests for Documents and

21   Things to MGA Entertainment (HK) Limited, and Request No. 6 from Mattel, Inc.'s

22   Third Set of Requests for Documents and Things to Isaac Larian. This request also

23   has substantial if not complete overlap with Request Nos. 3 and 4 from these

24   Requests, as well as Request Nos. 3 and 4 from Mattel, Inc.'s Third Set of Requests

25   for Documents and Things to MGAE de Mexico, S.R.L. de C.V., Request Nos. 3 and

26   4 from Mattel, Inc.'s Third Set of Requests for Documents and Things to MGA

27

28

EXHIBIT 17
PAGE 992

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENTS, INC.

1  Entertainment (HK) Limited, and Request Nos. 3 and 4 from Mattel, Inc.'s Third Set

2  of Requests for Documents and Things to Isaac Larian.

3      MGA further objects to this request as untimely and unenforceable to the

4  extent it seeks documents relating to Phase Two, because Phase Two discovery has

5  been and remains stayed by court order.  Specifically, in the Court's February 4,

6  2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

7  Court.  Accordingly, MGA has no obligation to respond to this request insofar as it

8  seeks documents related to Phase Two, unless and until the Court lifts the Phase Two

9  discovery stay, and MGA therefore hereby preserves all objections.

10  REQUEST FOR PRODUCTION NO. 6:

11      Each log, record, index, file or other DOCUMENT IDENTIFYING or listing

12  MGA's AFFILIATES' DOCUMENTS or any tangible things that have been sent to

13  or received from the OFFSITE STORAGE FACILITIES since 1995, including when

14  the DOCUMENTS or any tangible things were sent and/or received.

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

16      MGA incorporates by reference its General Response and General Objections

17  above, as though fully set forth herein.

18      MGA objects to this request as untimely and unenforceable to the extent it

19  seeks documents relating to Phase One.  Under Federal Rule of Civil Procedure 34(b)

20  and the Court's October 31, 2007 scheduling order, the last day to serve document

21  requests relating to Phase One was December 28, 2007 – 30 days before the fact

22  discovery cut-off.  Mattel served this request on January 22, 2008 – more than three

23  weeks past the deadline and just four (4) court days before the discovery cut-off for

24  Phase One.  The request is therefore untimely, and represents an unreasonable delay

25  and an improper attempt to re-open Phase One discovery by Mattel after the court-

26  ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S. Dist. LEXIS 3479,

27  

28  

EXHIBIT ___17___
PAGE ___99ᶜ___

22

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENTS, INC.

1  *18 (D. Nev. 2007); <u>Mfr. Direct, LLC v. DirectBuy, Inc.</u>, 2007 U.S. Dist. LEXIS

2  87371, *6-7 (N.D. Ind. 2007).

3        MGA further objects to the request to the extent it seeks the production of

4  documents that are protected from disclosure under any applicable privilege, doctrine

5  or immunity, including without limitation the attorney-client privilege, the work

6  product doctrine, the right of privacy, and all other privileges recognized under the

7  constitutional, statutory or decisional law of the United States of America, the State

8  of California or any other applicable jurisdiction.  MGA further objects to this

9  request on the grounds that it is overbroad in its use of the term MGA and its

10  incorporated term AFFILIATES.  MGA further objects to this request on the grounds

11  that it is overly broad and unduly burdensome in that it seeks documents not relevant

12  to the claims or defenses in this action and not reasonably calculated to lead to the

13  discovery of admissible evidence.  Mattel has not demonstrated how *each* log, record,

14  index file or other DOCUMENT IDENTIFYING or listing MGA's AFFILIATES'

15  DOCUMENTS or *any* tangible things that have been sent to or received from the

16  OFFSITE STORAGE FACILITIES *since 1995*, including when the DOCUMENTS

17  or *any* tangible things were sent and/or received could be relevant to the claims and

18  defenses in this action.  The request is not limited to the subject matter of this action

19  and is thus impermissibly overbroad.  <u>See</u> Judge Infante's December 31, 2007 Order

20  at 5:22-26, 8:1-3; <u>see also</u> Judge Infante's August 13, 2007 Order at 9:17-20; <u>see</u>

21  <u>also</u> Judge Infante's May 22, 2007 Order at 21:5-7.  MGA further objects to this

22  request as being overly broad and unduly burdensome on the grounds that it is not

23  limited in geographical scope and seeks documents since 1995—nearly ten years

24  before this case was filed and well before any of the allegations associated with any

25  claims or defenses.  <u>See</u> Judge Infante's December 31, 2007 Order at 5:22-26, 8:1-3,

26  14:25-15:1.  MGA further objects to the request to the extent that it seeks documents

27  that by reason of public filing, public distribution or otherwise are already in

28

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

EXHIBIT 17

995

1  Mattel's possession or are readily accessible to Mattel, or available to Mattel from a

2  source that is more convienient, less burdensome, or less expensive. See Judge

3  Infante's December 31, 2007 Order at 14:1-6, 19:4-7.  MGA further objects to the

4  request to the extent that it seeks documents not in MGA's possession, custody or

5  control.

6       MGA further objects to this request as cumulative, duplicative, and unduly

7  burdensome to the extent that it seeks documents previously requested by Mattel or

8  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

9  For example, this request is an exact duplicate of and completely coextensive with

10  (based on Mattel's definitions for these Requests and the related sets of requests)

11  Request No. 6 from Mattel, Inc.'s Third Set of Requests for Documents and Things

12  to MGAE de Mexico, S.R.L. de C.V., Request No. 6 from Mattel, Inc.'s Third Set of

13  Requests for Documents and Things to MGA Entertainment (HK) Limited, and

14  Request No. 6 from Mattel, Inc.'s Third Set of Requests for Documents and Things

15  to Isaac Larian.  Additionally, (based on Mattel's definitions for these Requests and

16  the related sets of requests) this request is completely equivalent to and coextensive

17  with Request No. 5 from these Requests, as well as Request No. 5 from Mattel,

18  Inc.'s Third Set of Requests for Documents and Things to MGAE de Mexico, S.R.L.

19  de C.V., Request No. 5 from Mattel, Inc.'s Third Set of Requests for Documents and

20  Things to MGA Entertainment (HK) Limited, and Request No. 5 from Mattel, Inc.'s

21  Third Set of Requests for Documents and Things to Isaac Larian.  This request also

22  has substantial if not complete overlap with Request Nos. 3 and 4 from these

23  Requests, as well as Request Nos. 3 and 4 from Mattel, Inc.'s Third Set of Requests

24  for Documents and Things to MGAE de Mexico, S.R.L. de C.V., Request Nos. 3 and

25  4 from Mattel, Inc.'s Third Set of Requests for Documents and Things to MGA

26  Entertainment (HK) Limited, and Request Nos. 3 and 4 from Mattel, Inc.'s Third Set

27  of Requests for Documents and Things to Isaac Larian.

28

EXHIBIT _17_
PAGE _996_

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENTS, INC.

1         MGA further objects to this request as untimely and unenforceable to the

2    extent it seeks documents relating to Phase Two, because Phase Two discovery has

3    been and remains stayed by court order.  Specifically, in the Court's February 4,

4    2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

5    Court.  Accordingly, MGA has no obligation to respond to this request insofar as it

6    seeks documents related to Phase Two, unless and until the Court lifts the Phase Two

7    discovery stay, and MGA therefore hereby preserves all objections.

8

9    DATED:  February 21, 2007       SKADDEN, ARPS, SLATE, MEAGHER &
                                        FLOM, LLP

10

11

12                                     By: _____
                                           THOMAS J. NOLAN

13

14                              Attorneys for Counter-Defendants,
                          MGA ENTERTAINMENT, INC.,

15                       ISAAC LARIAN, MGA ENTERTAINMENT
                   (HK) LIMITED, AND MGAE de MEXICO
                              S.R.L. de C.V.

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO MATTEL'S SEVENTH SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGA ENTERTAINMENTS, INC.

EXHIBIT _17_
PAGE _997_

THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA  90071-3144
Telephone:   (213) 687-5000
Facsimile:    (213) 687-5600
E-mail:       tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, California  94111-5974
Telephone:   (415) 984-6400
Facsimile:    (415) 984-2698
Email:        rkennedy@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
(HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>             Plaintiff,<br><br>   v.<br><br>MATTEL, INC., a Delaware corporation<br><br>            Defendant.<br><br>_____<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**PROOF OF SERVICE** |

EXHIBIT  17
PAGE  998

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On February 21, 2008, I served the foregoing documents described as:

### SEE ATTACHED DOCUMENT LIST

on the interested parties in this action addressed as follows:

### SEE ATTACHED SERVICE LIST

☒     (BY PERSONAL SERVICE)   ☐     By personally delivering copies to the person served. (FEDERAL)

☒     I caused such document to be hand delivered to the above addressees. (FEDERAL)

☒     (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with Federal Express and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on February 21, 2008 at Los Angeles, California.

_____          _____
    Matthew Bowman                          SIGNATURE
    PRINT NAME

EXHIBIT ___17___
PAGE ___???___

PROOF OF SERVICE                                    NO. CV 04-9049 SGL (RNBx)

1

## <u>DOCUMENT LIST</u>

2

3
(1)  RESPONSE TO MATTEL, INC'S SEVENTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

4
(2)  RESPONSE TO MATTEL, INC'S THIRD SET OF REQUESTS FOR DOCUMENTS AND THINGS TO ISAAC LARIAN

5

6
(3)  RESPONSE TO MATTEL, INC.'S THIRD SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT (HK) LIMITED

7
(4)  RESPONSE TO MATTEL, INC'S THIRD SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __17__
PAGE __1000__

- 3 -

PROOF OF SERVICE                                    NO. CV 04-9049 SGL (RNBx)

SERVICE LIST

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
(213) 443-3100 (Fax)

Attorneys for Mattel, Inc.
[Personal Service]

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400
(415) 397-7188 (Fax)

Attorneys for Carter Bryant
[Federal Express]

Mark E. Overland, Esq.
Alexander H. Cote, Esq.
David C. Scheper, Esq.
Overland Borenstein Scheper & Kim
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071
(213) 613-4655
(213) 613-4656 (Fax)

[Federal Express]

EXHIBIT 17
PAGE 1001

PROOF OF SERVICE

NO. CV 04-9049 SGL (RNBx)

# EXHIBIT 18

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3180**

WRITER'S INTERNET ADDRESS
**michaelzeller@quinnemanuel.com**

July 3, 2009

**VIA FACSIMILE AND U.S. MAIL**

Peter Villar, Esq.
Bingham McCutchen LLP
600 Anton Blvd.
Plaza Tower, 18th Floor
Costa Mesa, CA 92626

Re:   Mattel, Inc. adv. MGA Entertainment

Dear Mr. Villar:

I write pursuant to paragraph 5 of the Discovery Master Stipulation and Order to request a meet and confer in advance of an anticipated motion by Mattel to enforce the Discovery Master's Phase 2 Order No. 27, dated May 6, 2009, against Omni 808 Investors, LLC ("Omni 808") and Vision Capital LLC ("Vision Capital").

**Omni 808**

The Discovery Master's Phase 2 Order No. 27 required Omni 808 to produce specified categories of documents responsive to Mattel's subpoena.  To date, Omni 808 has not produced any source financial documents, such as wire transfers, checks or bank statements, relating to Omni 808's purported funding by the majority of its alleged investors, including Neil Kadisha, Gold Leaf Investments, LP, Benjamin Nazarian, Moinian Development Group, LLC, Joseph Moinian, Vision Capital, LLC, Leon Neman, David and Angella Nazarian Family Trust, David Nazarian, Angella Nazarian, Arsalan Gozini or Elahe Pezeshkifar, Trustee of the Arsalan Gozini Charitable Lead Annuity Trust.  The Discovery Master's Phase 2 Order No. 27 clearly compelled Omni 808 to produce such documents, including because they are responsive to Mattel's Request Nos. 13, 14 and 16, among others.

EXHIBIT ___18___
PAGE ___100Σ___

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
07975/2995442.2  SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

Furthermore, Omni 808 has improperly designated and redacted public filings, including UCC Financing Statements and pages that are otherwise blank. Indeed, Omni 808 improperly designated many of the pages among the 571 pages of pleadings from this case that it included in its production. In some instances, Omni 808 has designated public pleadings as "CONFIDENTIAL"; in other instances, Omni 808 has designated pleadings that were originally designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as only "CONFIDENTIAL."

### Vision Capital

Vision Capital's production likewise fails to include documents that were compelled by the Discovery Master's Phase 2 Order No. 27. To date, Vision Capital has produced only 149 pages, most of which consist of Omni 808's operation agreement and previously produced Omni 808 promissory notes. Vision Capital's production includes no documents showing the source or transfer of the $10 million allegedly provided by Vision Capital to Omni 808 to fund the acquisition of the Wachovia debt. Nor does its production include any communications, loan documents, checks, wire transfers or any other information relating to Lexington's alleged loan or other funding to Vision Capital. Indeed, Vision Capital has not even produced a loan agreement or single communication with Lexington. The Discovery Master's Phase 2 Order No. 27 clearly required Vision Capital to produce such documents, including because they are responsive to Mattel's Request Nos. 13, 14 and 16, among others.

Please let me know when you are available to meet and confer about these issues. Should we not be able to resolve the matter, Mattel anticipates that it will move to enforce the Discovery Master's Order and for sanctions, including for contempt if warranted. In addition, Mattel contemplates seeking an Order requiring Omni 808 to produce unredacted documents and to properly designate its production as set forth above.

I look forward to hearing from you.

Very truly yours,

Michael T. Zeller

cc:    Amman, Khan, Esq
       Russell J. Frackman, Esq.
       Jason Russell, Esq.

07975/2995442.2

2

EXHIBIT ___18___
PAGE _____1003

```
                     ***********************
                     ***   TX REPORT   ***
                     ***********************


        TRANSMISSION OK

        TX/RX NO              0151
        RECIPIENT ADDRESS     321*17148300717
        DESTINATION ID
        ST. TIME              07/03 13:38
        TIME USE              01'03
        PAGES SENT            3
        RESULT               OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

**CHICAGO**
250 South Wacker Drive, Suite 230
Chicago, IL 60606
(312) 463-2961
Facsimile: (312) 463-2962

**LONDON**
16 Old Bailey
London EC4M 7EG United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052 Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**     July 3, 2009                **NUMBER OF PAGES, INCLUDING COVER: 3**

| **NAME/COMPANY** | **PHONE NO.** | **FAX NO.** |
|---|---|---|
| Peter Villar, Esq. | (714) 830-0622 | (714) 830-0717 |

**FROM:**     Michael T. Zeller
              (213) 443-3180
              michaelzeller@quinnemanuel.com

**RE:**       Bryant v. Mattel, Inc.

**MESSAGE:**

EXHIBIT     18
PAGE        1004

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

**CHICAGO**
250 South Wacker Drive, Suite 230
Chicago, IL 60606
(312) 463-2961
Facsimile: (312) 463-2962

**LONDON**
16 Old Bailey
London EC4M 7EG United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052 Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**   July 3, 2009

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Peter Villar, Esq. | (714) 830-0622 | (714) 830-0717 |

**FROM:**   Michael T. Zeller
(213) 443-3180
michaelzeller@quinnemanuel.com

**RE:**   Bryant v. Mattel, Inc.

**MESSAGE:**

07975/2995306.1

| CLIENT # | 7975 | ROUTE/RETURN TO: | Tiffany Garcia | ☒ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?  ☐ NO  ☐ YES: _____ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT _18_
PAGE _1005_

# EXHIBIT 19

WRITER'S DIRECT DIAL NO.
**(213) 443-3180**

WRITER'S INTERNET ADDRESS
**michaelzeller@quinnemanuel.com**

July 13, 2009

**VIA FACSIMILE AND U.S. MAIL**

Annette L. Hurst
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105-2669

Peter Villar, Esq.
Bingham McCutchen LLP
600 Anton Blvd.
Plaza Tower, 18th Floor
Costa Mesa, CA 92626

Re:     Mattel, Inc. adv. MGA Entertainment

Dear Counsel:

I write pursuant to paragraph 5 of the Discovery Master Stipulation and Order to request a meet and confer in advance of an anticipated motion by Mattel to compel and enforce the Discovery Master's Phase 2 Orders.

As you know, by Order dated July 9, 2009, Judge Larson vacated that portion of the Discovery Master's Order No. 27 which had restricted discovery of materials that relate to a non-party over whom the Court has not been shown to have jurisdiction. See July 9, 2009 Order at 5.

We expect the MGA Parties' and Bingham's clients to confirm in writing that no documents either compelled by Order or that were agreed to be produced have been withheld on the basis of such a jurisdictional contention, given that it has been rejected by Judge Larson. Likewise, we expect the MGA Parties' confirmation that no information was withheld from its interrogatory responses on that basis. Should we not receive such confirmation and should we not otherwise be able to resolve this matter amicably, Mattel contemplates that it will bring a motion to enforce prior Orders compelling production and to compel.

EXHIBIT ___19___
PAGE ___1006___

I look forward to hearing from you.

I look forward to hearing from you.

Very truly yours,

Michael T. Zeller

cc:    Jason Russell, Esq.

07975/2995442.2

2

EXHIBIT ___19___
PAGE ___1007___

# EXHIBIT 20

**Joseph Sarles**

| | |
|---|---|
| **From:** | Villar, Peter N. [peter.villar@bingham.com] |
| **Sent:** | Tuesday, July 14, 2009 2:41 PM |
| **To:** | Michael T Zeller |
| **Subject:** | RE: Mattel adv. MGA |

Michael:  With respect to the first issue, we agree to treat the pleadings according the the original designations referenced in your spreadsheet.  With respect to the second issue, I have confirmed that we have not redacted any documents in Omni's production.  Those redactions in the UCC filings appear to have been done by Wachovia before they were sent to Omni.  This should resolve these two issues.  We will continue to evaluate the remaining issues raised in your letter and during our phone conference.

Regards, Peter

B I N G H A M
Peter N. Villar |
Plaza Tower, 18th Floor |
600 Anton Boulevard |
Costa Mesa, CA 92626-1924 |
T 714.830.0640 |
F 714.830.0700 |
peter.villar@bingham.com |

---

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Tuesday, July 14, 2009 11:19 AM
**To:** Villar, Peter N.
**Subject:** Mattel adv. MGA

Peter, it was good speaking with you yesterday.

As we discussed, I am following up with two pieces of information.  First, I'm attaching a spreadsheet that, based on our review of Omni's production to date, reflects the discrepancies in designations between the pleadings in Omni's production and the pleadings as they were actually designated.  I am providing this electronic data pursuant to counsel's prior agreements that no metadata from such electronic documents will be used or accessed.  If that is not acceptable with respect to your treatment of this document, please let me know.

Second, here are the Bates numbers in Omni's production that consist of public UCC filings and that appear to have redactions or otherwise appear to have information blacked out:  Omni 0010220, Omni 0010223, Omni 0010232, Omni 0010241.

I look forward to hearing from you as to whether we can resolve these two issues.  Also, as we discussed, I look forward to hearing from you by noon on Friday as to Omni's and Vision's positions on the missing categories of loan and other financial documents addressed in my initial meet and confer letter and elaborated on during our call yesterday.

Best regards, and please let me know if you have any questions.

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor

EXHIBIT __20__
PAGE __1008__

1

Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  michaelzeller@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

Confidentiality Notice: The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

EXHIBIT _20_
PAGE _1009_

| Document Title | Beg Bates Number | End Bates Number | Number of Pages |
|---|---|---|---|
| Case No. CV 04-09049 SGL (RNBX) Civil Minutes - General Mattel, Inc. V. MGA Entertainment, Inc., Et Al | OMNI0002540 | OMNI0002549 | 10 |
| Case No. CV 04-9049 SGL (RNBX) Proposed Order On The Parties Stipulation Regarding 00/00/2009 Bratz Products Carter Bryant, V. Mattel, Inc | OMNI0002550 | OMNI0002551 | 2 |
| Case No. CV 04-9049 SGL (RNBX) Stipulation Regarding 00/00/2009 Bratz Products Carter Bryant V. Mattel, Inc | OMNI0002552 | OMNI0002554 | 3 |
| Case No. CV 04-9049 SGL (RNBX) Public Redacted Supplemental Declaration Of Michael T. Zeller In Support Of Mattel, Inc.'s Ex Parte Application For Appointment Of A Receiver For MGA OR For Alternative Relief And In Opposition To MGA's Ex Parte Application | OMNI0002555 | OMNI0002560 | 6 |
| Case No. CV 04-9059 SGL (RNBX) Reply In Support Of Mattel, Inc's Ex Parte Application For Appointment Of A Receiver Or For Alternative Relief Carter Bryant Vs. Mattel Inc | OMNI0002567 | OMNI0002583 | 17 |
| Declaration of Cyrus S. Naim in Support Of Mattel, Inc's Ex Parte Application For Appointment Of A Receiver Or For Alternative Relief Carter Bryant Vs. Mattel Inc | OMNI0002584 | OMNI0002619 | 36 |
| Application to File Under Seal Reply (and Declaration of Cyrus S. Naim )In Support Of Mattel, Inc's Ex Parte Application For Appointment Of A Receiver Or For Alternative Relief Carter Bryant vs. Mattel Inc - and Proposed Order | OMNI0002620 | OMNI0002623 | 4 |
| Proof of Service re Reply In Support Of Mattel, Inc's Ex Parte Application For Appointment Of A Receiver Or For Alternative Relief Carter Bryant Vs. Mattel Inc and Suppporting Documents | OMNI0002624 | OMNI0002628 | 5 |
| Case No. CV 04-9049 SGL (RNBX) Declaration Of Michael T. Zellér In Support Of Mattel Inc Es Parte Application For Appointment Of A Receiver For MGA Or For Alternative Relief Carter Bryant Vs Mattel Inc | OMNI0002629 | OMNI0002886 | 258 |
| Case No. CV 04-9049 SGL (RNBX) Declaration Of Michael T. Zeller In Support Of Mattel, Inc.'s Ex Parte Application For Appointment Of A Receiver For MGA Entertainment, Inc. Or For Alternative Relief Carter Bryant Vs. Mattel, Inc | OMNI0002893 | OMNI0003042 | 150 |

EXHIBIT 20
PAGE 1010

| | | | |
|---|---|---|---|
| Case No. CV 04-9049 SGL (RNBX) Mattel, Inc.'s Ex Parte Application For Appointment Of A Receiver For MGA Or For Alternative Relief; And Memorandum Of Points And Authorities Carter Bryant Vs. Mattel, Inc | OMNI0003043 | OMNI0003064 | 22 |
| Case No. CV 04-9049 SGL (RNBX) Proposed Order Re Mattel, Inc's Ex Parte Application For Appointment Of A Receiver For MGA Or For Alternative Relief Carter Bryant Vs. Mattel, Inc | OMNI0003065 | OMNI0003066 | 2 |
| Case No. CV 04-9049 SGL (RNBX) Final Verdict Form As Given Mattel, Inc., Vs. MGA Entertainment | OMNI0003073 | OMNI0003080 | 8 |
| Case No. CV 04-9049 SGL (RNBX) Phase B Verdict Form As Given Mattel, Inc., Vs. MGA Entertainment, Inc., Et Al | OMNI0003081 | OMNI0003089 | 9 |
| Case No. CV 04-9049 SGL (RNBX) MGA Parties' Ex Parte Application And Motion For Stay Pending Appeal; And Memorandum Of Points And Authorities In Support Carter Bryant V. Mattel, Inc **[This is the REDACTED version efiled with the Court, Docket No. 4458, err** | OMNI0003090 | OMNI0003123 | 34 |
| Case No. CV 04-9049 SGL (RNBX) Notice Of Appeal To The United States Court Of Appeals For The Ninth Circuit Permanent Injection Appeal Carter Bryant Vs. Mattel, Inc | OMNI0003124 | OMNI0003126 | 3 |
| Case No. CV 04-09049 SGL (RBNX) Civil Appeals Docketing Statement Carter Bryant V. Mattel Inc., Et Al | OMNI0003127 | OMNI0003128 | 2 |
| | | | 571 |

EXHIBIT 20
PAGE 1011

| Original Designation | Omni Designation |
|---|---|
| NONE | Confidential Pursuant to Protective Order |
| NONE | Confidential Pursuant to Protective Order |
| NONE | Confidential Pursuant to Protective Order |
| NONE | Confidential Pursuant to Protective Order |
| ATTORNEYS' EYES ONLY | Confidential Pursuant to Protective Order |
| ATTORNEYS' EYES ONLY | Confidential Pursuant to Protective Order |
| NONE | Confidential Pursuant to Protective Order |
| NONE | Confidential Pursuant to Protective Order |
| NONE | Confidential Pursuant to Protective Order |
| NONE | Confidential Pursuant to Protective Order |

EXHIBIT __20__
PAGE __101__

NONE

Confidential Pursuant to
Protective Order

NONE

Confidential Pursuant to
Protective Order

NONE

Confidential Pursuant to
Protective Order

NONE

Confidential Pursuant to
Protective Order

NONE

Confidential Pursuant to
Protective Order

NONE

Confidential Pursuant to
Protective Order

NONE

Confidential Pursuant to
Protective Order

EXHIBIT  20
PAGE  1017

# EXHIBIT 21



**ORRICK**

William A. Molinski
(213) 612-2256
wmolinski@orrick.com

*VIA EMAIL AND U.S. MAIL*

July 16, 2009

Michael T. Zeller, Esq.
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California  90017

Re:   Carter Bryant v. Mattel, Inc. and consolidated actions

Dear Mr. Zeller:

I write in response to your letter addressed to Annette Hurst dated July 13, 2009, concerning Judge Larson's ruling dated July 9, 2009 concerning discovery over non-parties.  We respectfully disagree with your interpretation of both the Order by Judge Larson and the Discovery Master's Order No. 27.

The issue before the Discovery Master was whether a subpoena directed to a non-party's counsel in the United States can compel the production of documents provided to its counsel by a party over whom no jurisdiction has been demonstrated, and no proper subpoena has been directed.  The Discovery Master held that Lexington's counsel was not required to produce such documents, but in so ruling stated that the Court would not endorse a rule that allowed Mattel to "obtain any information in connection with the Subpoena that *concerns* Lexington." (emphasis added).

Judge Larson found that to the extent the Discovery Master imposed a blanket prohibition on discovery of materials that are in the possession of a subpoena recipient, but that are "related" to a non-party over whom the Court has not been shown to have jurisdiction, such a blanket prohibition is rejected.  Judge Larson did not, as your letter suggests, reject all jurisdictional challenges to subpoenas or other discovery requests.  Nor did Judge Larson hold that counsel are required to produce any documents in their possession provided to them by parties outside of the Court's jurisdiction.

OHS West:260694339.1

EXHIBIT ___21___
PAGE ___1014___



**ORRICK**

Michael T. Zeller
July 16, 2009
Page 2

Given the above, we are not clear on what it is that you are asking us to confirm.  If there are particular requests that you would like to discuss or particular non-party documents you believe are implicated by this ruling, we are happy to discuss with you.

Very truly yours,

William A. Molinski

WAM/mmn

EXHIBIT ___21___
PAGE ___10/5___

# EXHIBIT 22

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3180**

WRITER'S INTERNET ADDRESS
**michaelzeller@quinnemanuel.com**

July 21, 2009

**BY EMAIL AND U.S. MAIL**

William A. Molinski, Esq.                    Peter Villar, Esq.
Orrick, Herrington & Sutcliffe LLP           Bingham McCutchen LLP
777 South Figueroa Street                    600 Anton Blvd.
Suite 3200                                   Plaza Tower, 18th Floor
Los Angeles, CA 90017-5855                   Costa Mesa, CA 92626

Re:    Mattel, Inc. adv. MGA Entertainment

Dear Counsel:

I am writing further to our meet and confer of earlier today.

First, in response to Bill's question, the following are examples in which the MGA parties objected on ostensible jurisdictional grounds to Mattel's written discovery requests: General Objection Nos. 14 and 15 of Larian's Response to Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac Larian, dated February 21, 2008; General Objection Nos. 11 and 12 of Larian's Response to Mattel Inc.'s Second Set of Requests for Documents and Things to Isaac Larian, dated January 11, 2008; General Objection Nos. 14 and 15 of MGA HK's Response to Mattel, Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment (HK) Limited, dated February 21, 2008; and General Objection Nos. 14 and 15 of MGA's Response to Mattel, Inc.'s Seventh Set of Requests for Documents and Things to MGA Entertainment, Inc., dated February 21, 2008.

Second, as I have requested, please confirm in writing that your respective clients have not withheld (and will not withhold) documents which either were compelled by Order or were agreed to be produced on the basis that the documents concern activities, persons or entities outside the United States or otherwise concern activities, persons or entities over which

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, IL 60606 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Fl., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

EXHIBIT __22__
PAGE __1016__

jurisdiction has allegedly not been established. Alternatively, if any such documents have in fact been withheld on this basis, then please provide me a reasonable date certain by which they will be produced.

I would appreciate a response no later than Friday morning. If we cannot resolve this matter by that time, Mattel intends to proceed with a motion to strike objections, to compel and to enforce.

I look forward to hearing from you.

Very truly yours,

Michael T. Zeller

cc:     Annette L. Hurst, Esq.
        Jason Russell, Esq.

07975/2995442.2

2

EXHIBIT _22_
PAGE _1017_

# EXHIBIT 23

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3180**

WRITER'S INTERNET ADDRESS
**michaelzeller@quinnemanuel.com**

July 23, 2009

**BY EMAIL AND U.S. MAIL**

William A. Molinski, Esq.
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017-5855

Re:     <u>Mattel, Inc. adv. MGA Entertainment</u>

Dear Bill:

Thank you for your letter of this afternoon.

I appreciate your confirming that the MGA parties have not withheld any documents on the basis that they relate to a person or entity over whom the Court has not been shown to have jurisdiction. However, as noted in my earlier letter, the MGA parties have asserted written objections to producing documents relating to activities outside the United States or relating to non-parties. Please confirm that MGA is withdrawing those objections.

I look forward to hearing from you.

Very truly yours,

Michael T. Zeller

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, IL 60606 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Fl., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

EXHIBIT 23
PAGE 1018

cc:    Peter Villar, Esq.
       Annette L. Hurst, Esq.
       Jason Russell, Esq.

EXHIBIT 23
PAGE 1019

# EXHIBIT 24

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3180**

WRITER'S INTERNET ADDRESS
**michaelzeller@quinnemanuel.com**

July 24, 2009

**BY EMAIL AND U.S. MAIL**

Peter Villar, Esq.
Bingham McCutchen LLP
600 Anton Blvd.
Plaza Tower, 18th Floor
Costa Mesa, CA 92626

Re:    Mattel, Inc. adv. MGA Entertainment

Dear Peter:

I am writing further to our meet and confers and my earlier letters, including my letter of July 21, relating to your clients' failures to produce compelled financial records and related matters.

First, a week has passed since the time by which I had asked for a date certain for your clients' production of missing financial records relating to the funding of the debt acquisition. Your letter of last Friday, July 16, offered no such date, and I have heard nothing further from you on that subject. Nor have your clients produced any additional documents, even though you do not and cannot dispute that such records exist and that they have not been produced. As you know from our meet and confer, we disagree with your various claims that the Discovery Master's Order did not compel such documents and that your clients' limited production of agreements ostensibly reflecting funding sources for the acquisition -- while failing to produce any financial records showing where at least $49 million of the funds *actually* came from and where they went -- constituted compliance with that Order.

Second, despite my now repeated requests, I have not received from you confirmation that your clients have not withheld (and will not withhold) documents which either were compelled by Order or were agreed to be produced on the basis that the documents concern activities, persons

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, IL 60606 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Fl., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

EXHIBIT 24
PAGE 1020

or entities outside the United States or otherwise concern activities, persons or entities over which jurisdiction has allegedly not been established.

Accordingly, we have no option but to proceed with motion practice at this point.

Very truly yours,

Michael T. Zeller

cc:     Annette L. Hurst, Esq.
        William A. Molinski, Esq.
        Jason Russell, Esq.

07975/2995442.2

2

EXHIBIT ___24___
PAGE ___102___