

**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759

WWW.ORRICK.COM

July 23, 2009

Annette L. Hurst
(415) 773-4585
ahurst@orrick.com

*VIA ELECTRONIC MAIL: MARSHALLSEARCY@QUINNEMANUEL.COM*
*AND VIA FACSIMILE: (213) 443-3100*

Marshall M. Searcy, III, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 19th Floor
Los Angeles, CA 90017

Re:   <u>Carter Bryant v. Mattel, Inc. and consolidated actions</u>

Dear Marshall:

Thank you for your letter. I am glad that Mattel confirms the relevance of custodial data. What you fail to appreciate is that I did not at any time propose an exchange. I asked Mattel to supplement its document production in order to comply with its pre-existing obligation to produce data about its documents collected in electronic form—as each and every document request served by the MGA Parties has requested.

Your letter yesterday did not make any request of MGA to comply with a pre-existing obligation. Your letter today does not identify any pre-existing obligation with which you contend MGA must comply, and contrary to your assertion, the language of your letter does not track my prior request but differs from it in material requests as you have omitted entirely two sentences from the relevant portion of my letter. Still, once you identify an outstanding obligation that you believe is relevant, I will be happy to consider your request and respond within the five days required by outstanding orders governing discovery meet and confer. Or, Mattel is free to propound a new document request or interrogatory requesting this information if its existing discovery does not cover it. Your repeated statements during the call that "you don't even know what data MGA has" were abusive and childish, and apparently intended to bait. I ask that you refrain from such conduct in the future.

Meanwhile, I appreciate now that you believe Mattel has itself proposed a reciprocal exchange. But you were unwilling to say on the phone today whether Mattel would actually engage in one or not— in fact, you expressly refused to agree to a reciprocal exchange. Your letter also doesn't commit, or provide the information necessary to evaluate Mattel's proposal. If you wish me to consider such a request, then please provide me with the basic information necessary to evaluate that request (as I asked you to do today and requested of your colleagues on two prior occasions): namely, what custodial data does Mattel possess? And please confirm that Mattel in fact will agree to such an exchange. Otherwise you are just wasting time.

Exhibit P - Page 53

Michael T. Zeller, Esq.
July 23, 2009
Page 2

Your position boils down to "MGA must go first or Mattel won't comply with its obligations." Alternatively, your position might be characterized as, "Mattel won't comply unless there is pure reciprocity." These positions violate the Federal Rules of Civil Procedure and Discovery Master O'Brien's direct admonition to Mattel on July 6 not to adopt such an approach to discovery in this case.

Given the foregoing, any purported cross-motion by Mattel would be premature and quite inappropriate.

Sincerely yours,

*Annette L. Hurst*

Annette L. Hurst

cc:   Mike Zeller, Esq.