1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
2 | johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
5 | Los Angeles, California 90017-2543
Telephone: (213) 443-3000
6 | Facsimile: (213) 443-3100

7 | Attorneys for Mattel, Inc.

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-02727 |
| vs. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Robert O'Brien]** |
| Defendant. | MATTEL, INC.'S [PUBLIC REDACTED] REPLY IN SUPPORT OF MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS IN RESPONSE TO MATTEL'S FIRST, SECOND AND THIRD SETS OF REQUESTS FOR PRODUCTION TO MGA MEXICO |
| AND CONSOLIDATED ACTIONS | |
| | [Declaration of Marshall M. Searcy III filed concurrently herewith] |
| | Date: TBA<br>Time: TBA<br>Place: TBA |
| | **Phase 2**<br>Discovery Cut-off: Dec. 11, 2009<br>Pre-trial Conference: Mar. 1, 2010<br>Trial Date: Mar. 23, 2010 |

07975/3026474.1

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

PRELIMINARY STATEMENT ............................................................................. 1

ARGUMENT ........................................................................................................ 2

I.    THAT OTHER PARTIES HAVE PRODUCED SOME DOCUMENTS IS NO DEFENSE ........................................................................................ 2

     A.    MGA Mexico Has Not Produced Any Documents ................................ 2

     B.    MGA Mexico's Discovery Obligations Are Not Satisfied by Other Parties' Production of Documents ................................................. 4

II.    MGA MEXICO'S UNFULFILLED AGREEMENT TO PRODUCE DOCUMENTS DOES NOT MOOT AN ORDER COMPELLING PRODUCTION ............................................................................................. 6

III.    THE "BURDEN" THAT MGA COMPLAINS OF IS A PRODUCT OF ITS OWN DISCOVERY MISCONDUCT ....................................................... 7

IV.    MGA MEXICO'S PROCEDURAL ARGUMENTS ARE UNAVAILING ............................................................................................. 9

V.    MGA MEXICO'S SPECIFIC OBJECTIONS ARE NOT WELL TAKEN ................................................................................................... 10

     A.    MGA Mexico's Definitional Objections Are Frivolous and Contrary to Prior Rulings ................................................................... 11

     B.    Mattel's Requests Seek Relevant And Appropriate Information .......... 12

VI.    MGA MEXICO SHOULD BE SANCTIONED FOR ITS REFUSAL TO PRODUCE DOCUMENTS .................................................................. 15

CONCLUSION ................................................................................................... 16

# TABLE OF AUTHORITIES

**Page**

## Cases

A. Farber and Partners, Inc. v. Garber,
234 F.R.D. 186 (C.D. Cal. 2006)...........................................................................9

Bible v. Rio Properties, Inc.,
246 F.R.D. 614 (C.D. Cal. 2007).........................................................................7

Diamond State Ins. Co. v. Rebel Oil Co., Inc.,
157 F.R.D. 691 (D. Nev. 1994) ...........................................................................4

Equal Rights Center v. Archstone-Smith Trust,
251 F.R.D. 168 (D. Md. 2008) .............................................................................4

Goodman v. U.S.,
369 F.2d 166 (9th Cir. 1966) ...............................................................................7

Lamoureux v. Genesis Pharmacy Services, Inc.,
226 F.R.D. 154 (D. Conn. 2004) .........................................................................7

Maljack Prods., Inc. v. GoodTimes Home Video Corp.,
81 F.3d 881 (9th Cir. 1996) .................................................................................5

Morgenstern v. Int'l Alliance of Theatrical Stage Empl.,
2006 WL 2385233 (N.D. Cal. 2006).................................................................11

Moses v. Halstead,
236 F.R.D. 667 (D. Kan. 2006) .........................................................................10

In re PE Corp. Securities Litigation,
221 F.R.D. 20 (D. Conn. 2003) ...........................................................................5

Snyder v. Whittaker Corp.,
839 F.2d 1085 (5th Cir. 1988) .............................................................................5

Sullivan v. Prudential Ins. Co. of America,
233 F.R.D. 573 (C.D. Cal. 2005).........................................................................7

Viacom Intern. Inc. v. YouTube, Inc.,
2008 WL 3876142 (N.D. Cal. Aug. 18, 2008) .....................................................4

Walker v. Lakewood Condominium Owners Ass'n,
186 F.R.D. 584 (C.D. Cal. 1999).........................................................................9

**Statutes**

Fed. R. Civ. P. 26 ............................................................................................. 7

Fed. R. Civ. P. 26(b)(1) ................................................................................... 13

Fed. R. Civ. P. 34(a) ......................................................................................... 4

Fed. R. Civ. P. 34(a)(1) ................................................................................... 11

Fed. R. Civ. P. 34(b)(2)(E) ............................................................................... 4

**Miscellaneous**

31 Federal Practice & Procedure: Evidence § 7105, at 39 .......................................... 5

Webster's Ninth New Collegiate Dictionary at 651 (9th Ed. 1989) .......................... 12

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

MGA Mexico's opposition asks the Discovery Master to reward it for its wholesale stonewalling. Mattel has had to move to compel on many requests because MGA Mexico has stiffed Mattel on every request it has received. Try as it might to disguise this fact, MGA Mexico has not produced a single document in this case. A party that wholly refuses to participate in discovery, as MGA Mexico has, naturally is going to find itself facing a broad motion to compel. But the breadth of the motion indicates the extent of obstructionism and nothing more. A party that refuses to produce any documents in response to any requests cannot complain when it then has to respond to a motion – and an order – on those requests.

And here MGA Mexico has failed to produce any documents in response to even one of Mattel's requests. MGA Mexico touts how many documents the "MGA Parties" have produced, but nowhere does it even claim, let alone show, that MGA Mexico has actually produced any documents. It neither points to some set of MGA Mexico Bates-stamped documents (there is none) nor identifies MGA Bates-stamped documents that MGA Mexico purportedly produced. Mattel's motion also is not "moot" because MGA Mexico represented that it would produce some documents in response to some of Mattel's Requests. Even the documents it promised still have not been produced. Broken promises do not moot a motion to compel. Mattel is entitled to an order compelling MGA Mexico to comply with its discovery obligations by a date certain.

Since it cannot show that it has complied with its obligations, MGA Mexico claims some of Mattel's requests are duplicative and implies that other MGA parties have satisfied its discovery obligations for it by producing documents. The argument falls flat. Even while it cries duplication, MGA Mexico does not even claim, let alone prove, that all responsive documents in its possession, custody or control have been produced *by anyone,* including other MGA parties, as to even a

1  single request. Even if MGA, for instance, had produced some documents
2  responsive to a request sent to MGA Mexico, Mattel remains entitled to the balance
3  of the responsive documents which are in MGA Mexico's possession, custody or
4  control. *Those* documents have not even allegedly been produced. Furthermore, as
5  discussed below, Mattel is entitled to production from MGA Mexico itself.

6      Finally, MGA Mexico's objections to Mattel's actual requests are half-
7  hearted at best. MGA Mexico seeks to avoid production by quibbling with
8  definitions and arguing that specified Requests could be construed to include
9  irrelevant information. These objections are unavailing. Many of them have
10  already been rejected by the Discovery Master, and the remaining are meritless and
11  provide no basis for MGA Mexico's continued, wholesale refusal to comply with its
12  discovery obligations.

13      Quite simply, MGA Mexico has shown that it will not participate in
14  discovery in this case absent an order. The Discovery Master should compel MGA
15  Mexico to produce and sanction it for its misconduct.

16  **Argument**

17  **I. THAT OTHER PARTIES HAVE PRODUCED SOME DOCUMENTS**
18    **IS NO DEFENSE**

19    **A. MGA Mexico Has Not Produced Any Documents**

20      MGA Mexico--a named defendant and conspirator in this case--has not
21  produced a single document in this matter. MGA Mexico goes to great lengths to
22  obscure this fact in its Opposition. In doing so, MGA Mexico only confirms that it
23  has neither searched for nor produced documents in this litigation. MGA Mexico
24  thus attempts to lump itself in with other parties in the action to represent that
25  "[m]ore than 4.2 million pages of documents have already been produced by the

26
27
28

1 *MGA Parties*."[1] MGA Mexico also employs the passive voice to state that
2 "documents *from* MGA Mexico [have], in fact, been previously produced,"[2] without
3 claiming either that MGA Mexico actually produced those documents or that all of
4 its responsive documents were produced by others. MGA Mexico even suggests
5 that if Mattel runs searches for Spanish language documents it might possibly find
6 some documents that at some point were in the possession of MGA Mexico,[3]
7 apparently to imply that it has actually produced documents in this case. But *that* is
8 a claim it nowhere makes.

9       MGA Mexico does not--and cannot--point to a single document that
10 MGA Mexico has actually produced in this case. It does not point to any documents
11 bearing MGA Mexico Bates numbers. It does not cite to correspondence purporting
12 to transmit MGA Mexico productions. And it does not identify a single Bates
13 numbers that corresponds with documents purportedly produced by MGA Mexico.

14       Indeed, the only specific document that MGA Mexico cites--a letter
15 from Mattel's counsel regarding a CD containing documents seized by Mexican
16 authorities "from MGA's office in Mexico"--contradicts MGA Mexico's suggestion
17 that it produced such documents. The very first sentence of the letter states that the
18 CD in question is a "CD produced *by MGA*, Bates numbered *MGA 3815506*."[4] That
19 MGA produced some documents stolen from Mattel says nothing about whether
20 MGA Mexico has satisfied its discovery obligations – MGA presumably produced

21 _____

22 [1]  MGA Parties' Opposition to Motion to Compel MGA Mexico to Produce
23 Documents and Things in Response to Mattel's First, Second and Third Sets of
Requests for Production to MGA Mexico ("Opposition") at 1 (emphasis provided).
24 [2]  Opposition at 3 (emphasis provided).
[3]  Opposition at 7.
25 [4]  Declaration of William A. Molinski in Support of MGA Parties' Opposition to
26 Motion to Compel MGA Mexico to Produce Documents and Things in Response to
Mattel's First, Second and Third Sets of Requests for Production to MGA Mexico
27 ("Molinski Dec."), Exh. C (emphasis provided).
28

1  the documents because *it* possessed them.  But, crucial here, MGA Mexico has not
2  even claimed that MGA produced these documents because *MGA Mexico* possessed
3  them; in fact, MGA Mexico *refused* to stipulate that it ever possessed these and
4  other documents when Mattel proposed that MGA Mexico so stipulate to address at
5  least some discovery issues.[5]  That this is MGA Mexico's prime example of
6  documents it has produced is telling.

**B.    MGA Mexico's Discovery Obligations Are Not Satisfied by Other Parties' Production of Documents**

9  Nor is MGA Mexico's wholesale refusal to produce discovery excused
10 because other defendants have produced documents.  MGAE de Mexico, S.R.L. de
11 C.V. and MGA Entertainment, Inc. are separate defendants, each of which has an
12 independent obligation to respond to discovery.  Fed. R. Civ. P. 34(a) ("A party may
13 serve on any other party a request..."); Fed. R. Civ. P. 34(b)(2)(E) ("A *party* must
14 produce documents...") (emphasis supplied).  MGA Mexico urges that compelling
15 discovery from it when MGA has already been compelled would be "duplicative"
16 and "unnecessary," but it cites no authority supporting its claim that it can refuse to
17 participate in discovery purportedly based on an affiliate's production.[6]  Far from
18 being improper, multiple requests are recognized as essential to developing a full

_____

[5] Letter from Marshall Searcy to Amman Khan, dated April 23, 2009, attached as Exh. 11 to the Declaration of Marshall M. Searcy III in Support of Mattel, Inc.'s Motion to Compel MGA Mexico to Produce Documents and Things in Response to Mattel's First, Second and Third Sets of Requests for Production to MGA Mexico ("Searcy Motion Dec.").

[6] The only case cited by MGA Mexico, Equal Rights Center v. Archstone-Smith Trust, 251 F.R.D. 168 (D. Md. 2008), did not involve production by an affiliate or co-defendant.  Furthermore, the court in that case denied discovery because the moving party "failed to identify how the information it [sought was] reasonably calculated to lead to the discovery of admissible evidence."  251 F.R.D. at 171.

1   record.[7]  Moreover, MGA Mexico does not represent that all of *its* responsive
2   documents have been produced by MGA or anyone else as to even one Request.
3   Indeed, there is no evidence that MGA Mexico has even searched its files for
4   documents.  Unable to show that it has not withheld responsive documents, MGA
5   Mexico's "duplication" argument is misplaced.

6          MGA Mexico's attempt to justify its complete failure to produce
7   documents based on documents produced by others is also untenable because,
8   duplicative or not, MGA Mexico's possession of certain documents is directly at
9   issue.  Mattel has alleged that MGA Mexico persuaded Mattel employees to steal
10  confidential and trade secret information from Mattel, which MGA Mexico then
11  used to compete unfairly with Mattel.  MGA Mexico's possession of Mattel's
12  information is itself an operative fact.  MGA Mexico's logic leaves it free to
13  withhold from Mattel the very information Mattel needs to show that MGA Mexico
14  possessed and used confidential information stolen from Mattel.  Mattel is entitled
15  to production by MGA Mexico itself to prove which documents produced by MGA
16  were also in MGA Mexico's possession, custody or control or originally came from
17  MGA Mexico.

18         Furthermore, Mattel is entitled to the production of documents from
19  MGA Mexico because they are independently relevant to authenticity and
20  foundation.  See Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d
21  881, 889 n. 12 (9th Cir. 1996) (documents produced in discovery were deemed
22  authentic when offered by the party-opponent); Snyder v. Whittaker Corp., 839 F.2d
23  1085, 1089 (5th Cir. 1988) (same); 31 Federal Practice & Procedure: Evidence §
24

---

25  [7]  See, e.g., Diamond State Ins. Co. v. Rebel Oil Co., Inc., 157 F.R.D. 691, 697
26  (D. Nev. 1994) (recognizing that although the requests were "duplicative in part,"
27  they were "directed toward two separate business entities, and the documents
    "actually maintained in the files of each entity may not be identical").
28

1   7105, at 39 ("Authentication can also be accomplished through judicial admissions
2   such as ... production of items in response to ... [a] discovery request.").  Unless
3   documents from MGA Mexico's files are produced, MGA Mexico witnesses also
4   will be free do deny that they had access to a given document or to force counsel to
5   spend hours in deposition determining which of the documents produced by others
6   are also in MGA Mexico's files and whether they are identical or different
7   documents.  Mattel will be hindered in its ability to question or impeach MGA
8   Mexico witnesses with documents from their own files or to establish that a
9   particular witness had the documents in his or her possession and therefore was on
10  notice of the contents of the documents.

11          Though MGA Mexico claims its possession of documents is of "limited
12  relevance,"[8] that is incorrect for the reason just discussed, and MGA Mexico
13  obviously does not believe its own argument.  Tellingly, even while it tries to latch
14  onto MGA's document production in opposing this Motion, it refused to stipulate
15  that any of these documents were in MGA Mexico's possession, custody or control.
16  Thus, MGA Mexico is incapable of saying it actually produced any documents and
17  unwilling to either produce them or even say that it possessed what others produced.
18  And, ironically, just on Friday, the MGA Parties filed a motion touting the
19  importance of custodial information.  MGA Mexico's positions are groundless and
20  inconsistent.

21  **II.    MGA MEXICO'S UNFULFILLED AGREEMENT TO PRODUCE**
22  **DOCUMENTS DOES NOT MOOT AN ORDER COMPELLING**
23  **PRODUCTION**

24          MGA Mexico asserts that Mattel's Motion is moot with respect to 309
25  Requests because MGA Mexico agreed in its written responses to produce

---

[8]  Opposition at 6.

1   documents for these Requests.  The argument is without merit.  Mattel served its

2   First and Second Set of Document Requests **in 2007**.[9]  After 18 months, MGA

3   Mexico has not produced anything.  As explained in Mattel's motion, a mere

4   agreement to produce does not preclude an order compelling production.  "Either

5   information has been disclosed or it has not been disclosed.  If it has not been

6   disclosed, then, plainly, it remains to be compelled." Lamoureux v. Genesis

7   Pharmacy Services, Inc., 226 F.R.D. 154, 159 (D. Conn. 2004); see Motion at 13.

8   MGA Mexico does not answer this point.  Mattel's Motion is hardly moot given that

9   MGA Mexico has not even produced the documents it said it would.  Indeed, MGA

10  Mexico not only broke its promise to produce, but it is all the more empty given

11  MGA Mexico's other, contradictory position that it is under no obligation to

12  respond to *any* of Mattel's Requests so long as another party has produced

13  documents.  Absent an order, MGA Mexico will continue to withhold whatever

14  documents it chooses, as it has to date.

15  **III.    THE "BURDEN" THAT MGA COMPLAINS OF IS A PRODUCT OF**

16  **ITS OWN DISCOVERY MISCONDUCT**

17          Arguing based on numbers alone, MGA Mexico claims that Mattel's

18  574 Requests must be unduly burdensome.[10]  MGA Mexico may not merely point to

19  numbers to avoid producing documents, especially in a case of this complexity and

20  importance, and especially since counsel for MGA Mexico has propounded

21  thousands of discovery requests to Mattel as well.  Given the broad reach of

22  discovery under Rule 26, the burden to show why discovery should not be allowed

23  

24  [9]   Mattel, Inc.'s First Set of Requests for Documents and Things to MGAE de

25  Mexico, S.R.L. de C.V. ("First Set of Requests"), dated November 21, 2007, Searcy
    Motion Dec., Exh. 1; Mattel, Inc.'s Second Set of Requests for Documents and

26  Things to MGAE de Mexico, S.R.L. de C.V., dated December 12, 2007, Searcy
    Motion Dec. Exh. 3.

27  [10]  Opposition at 4.

28

1   is on the party resisting discovery. <u>Bible v. Rio Properties, Inc.</u>, 246 F.R.D. 614,

2   618 (C.D. Cal. 2007); <u>Sullivan v. Prudential Ins. Co. of America</u>, 233 F.R.D. 573,

3   575 (C.D. Cal. 2005). The objecting party bears the burden of proving undue

4   burden by "specific and compelling" proof. <u>Goodman v. U.S.</u>, 369 F.2d 166, 169

5   (9th Cir. 1966). Indeed, both the Court and the Discovery Master have held that

6   undue burden must be proven with specificity.[11] Here, MGA Mexico has not come

7   forward with any evidence that it has even searched for documents, much less that

8   producing the documents sought by Mattel would impose an undue burden.

9          MGA Mexico also has no one but itself to blame for whatever burden it

10  now faces. Had MGA Mexico reasonably responded to Mattel's Requests and

11  produced its documents over the last year and a half, rather than stonewall and

12  obfuscate, it would not have to deal with this backlog of Requests. It now being

13  clear that it has failed to produce a single document, MGA Mexico cannot blame

14  Mattel for moving to compel the discovery it is due. Similarly, MGA Mexico

15  repeatedly complains about the number of Requests aimed its own "unclean hands"

16  defense.[12] However, these Requests aimed at the specific allegations in MGA

17  Mexico's pleading. If there are a large number of Requests, it is only due to the

18  wide-ranging nature of MGA Mexico's own allegations. Unlike most other

19  affirmative defenses pleaded by the parties, MGA Mexico chose to file a multi-page,

20  far-flung purported unclean hands defense. If MGA Mexico is to rely on the

21

---

22  [11]  July 9, 2009 Order Granting in Part Mattel's Motion Re Discovery Master

23  Order No. 27, attached as Exhibit 1 to the concurrently filed Declaration of Marshall
     M. Searcy III in Support of Mattel, Inc.'s Reply in Support of Motion to Compel

24  MGA Mexico to Produce Documents and Things in Response to Mattel's First,

25  Second and Third Sets of Requests for Production to MGA Mexico ("Searcy Reply
     Dec."), at 4; Phase 2 Discover Matter Amended Order No. 11, Searcy Motion Dec.,

26  Exh. 19 at 18-19 (overruling undue burden objection because MGA did not meet its
     burden to allege specific facts indicating the nature and extent of the burden).

27  [12]  Opposition at 7.

28

1 defense, it should produce the documents it has that pertain to its allegations.
2 Oddly, MGA Mexico seems to suggest in its opposition that it has little to produce
3 because the defense is based on Mattel's actions.[13]  If so, then MGA Mexico is not
4 under any "undue burden" at all; it should simply produce the few documents it has.

5 **IV.   MGA MEXICO'S PROCEDURAL ARGUMENTS ARE UNAVAILING**

6          MGA Mexico argues that Mattel's motion is procedurally improper
7 because it did not include a separate statement.  This argument is curious,
8 considering that MGA ███████████████████████████████████
9 ██████████████████████████████.[14]  Just as the Discovery
10 Master correctly found before that a separate statement is not prohibited by the
11 Discovery Master Order,[15] neither is one required under the terms of the Discovery
12 Master Order.

13          Despite its claims that its objections were "detailed" and thorough,[16]
14 MGA Mexico asserted virtually the same objections to each of Mattel's Requests.
15 Such boilerplate objections are improper and invalid.  A. Farber and Partners, Inc. v.
16 Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections
17 such as 'overly burdensome and harassing' are improper—especially when a party
18 fails to submit any evidentiary declarations supporting such objections."); Walker v.
19 Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999)

20 _____
21 [13]  Opposition at 6.
   [14]  MGA Parties' Opposition to Mattel's Motion to Compel Production of
22 Documents Responsive to Third-Party Receiver Subpoenas Issued By Mattel, dated
23 February 17, 2009, Searcy Reply Dec., Exh. 2 at 19 ("███████████████
24 ███████████████████████████████████████████
25 ███████████████████████████████████████████").
26 [15]  Phase 2 Discover Matter Order No. 3, dated March 10, 2009, Searcy Reply
27 Dec., Exh. 3 at 9-10.
   [16]  Opposition at 23.
28

1  ("Boilerplate, generalized objections are inadequate and tantamount to not making
2  any objection at all."). A separate statement is hardly needed to meaningfully
3  discuss such generic, repetitive objections; a separate statement on this motion
4  would have, as a matter of necessity, unhelpfully repeated the same refutations of
5  the same boilerplate objections over and over again.

6      Similarly unavailing is MGA Mexico's suggestion that the parties did
7  not sufficiently meet and confer before Mattel filed its motion. Mattel initiated the
8  meet and confer process with a 12-page, single-spaced letter which noted that
9  "MGA Mexico has not produced any documents in response to Mattel's First,
10  Second, and Third Sets of Requests."[17] Despite continued conferences with counsel,
11  MGA Mexico could not identify a single document that it had produced, could not
12  state when it would ever produce the documents it supposedly agreed to produce
13  and refused to produce any additional documents in response to Mattel's Requests.[18]
14  Mattel complied with its meet and confer obligations.

15  **V.    MGA MEXICO'S SPECIFIC OBJECTIONS ARE NOT WELL TAKEN**

16      Abandoning most of the boilerplate objections made in its responses,
17  MGA Mexico advances a handful of objections to Mattel's Requests in its
18  Opposition. As discussed below, the objections MGA Mexico has pursued lack
19  merit, and any objections it chose not to advance have been waived.[19] Moses v.

20

---

21  [17]  April 2, 2009 letter from Marshall M. Searcy III to Amman Khan, Searcy
22  Motion Dec., Exh. 7 at 1.
23  [18]  Letter from Amman Khan to Marshall Searcy, dated April 9, 2009, Searcy
    Motion Dec., Exh. 8; Letter from Amman Khan to Marshall Searcy, dated April 14,
24  2009, Searcy Motion Dec., Exh. 10; Letter from Marshall Searcy to Amman Khan,
    dated April 23, 2009, Searcy Motion Dec., Exh. 11.
25
    [19]  MGA Mexico purports to reserve challenges it has chosen not to make:
26  "[g]iven the breadth of Mattel's motion to compel, MGA Mexico will not list each
    request that asks for irrelevant information." Opposition at n.26. Such a conclusory
27  objection has not even been preserved, (See Phase 2 Discovery Matter Order No. 22,
28      (footnote continued)

1  Halstead, 236 F.R.D. 667, 672 n.8 (D. Kan. 2006) ("Objections initially raised but

2  not relied upon in response to the motion to compel will be deemed abandoned.");

3  Morgenstern v. Int'l Alliance of Theatrical Stage Empl., 2006 WL 2385233, *2 n.5

4  (N.D. Cal. 2006) (a party cannot resist discovery based on objections it failed to

5  raise in its motion to compel). Indeed, the Discovery Master has so held in prior

6  rulings.[20]

7    **A.    MGA Mexico's Definitional Objections Are Frivolous and**

8         **Contrary to Prior Rulings**

9         MGA Mexico objects to a number of definitions in Mattel's Requests,

10  asserting that they are vague and will lead to overbroad Requests. However, several

11  of the objections are contrary to prior rulings. For example, the Discovery Master

12  has on multiple prior occasions compelled responses to discovery that use the term

13  "YOU," "YOUR," "MGA," "BRATZ," and "REFER OR RELATE TO" as those

14  terms are defined in these Requests.[21]

15         MGA Mexico objects to the terms "MACHADO," "VARGAS," and

16  "TRUEBA" because, it says, MGA Mexico does not have authority to demand

17  production by individuals acting on behalf of, pursuant to authority from or subject

18  to the control of Machado, Vargas or Trueba.[22] MGA Mexico is obligated to

19  produce the documents that it has or may obtain. Fed. R. Civ. P. 34(a)(1). At most,

20  even if credited, MGA Mexico's objection merely means that some responsive

21  _____

22  dated April 28, 2009, Searcy Reply Dec., Exh. 4 at 45-46), let alone been shown to

23  be meritorious.
   [20]   Phase 2 Discovery Matter Order No. 22, dated April 28, 2009, Searcy Reply

24  Dec., Exh. 4 at 45-46.
   [21]   Phase 2 Discovery Matter Amended Order No. 11, Searcy Motion Dec., Exh.

25  19 at 2-3, 38; Phase 2 Discovery Matter Order No. 34, Searcy Reply Dec., Exh. 5 at

26  1, 11-12; Order Granting Mattel's Motion to Compel Production of Documents,
   dated January 26, 2007, Searcy Motion Dec., Exh. 20 at 3, 8-9.

27    [22]   Opposition at 9.

28

1 documents may not be within its possession, custody or control.  It does not,
2 however, justify MGA Mexico's refusals and failures to produce what is in its
3 possession, custody or control and that it is otherwise legally required to produce.
4 In any case, this has nothing to do with the propriety of Mattel's Requests or
5 definitions.

6 Similarly meritless is MGA Mexico's objection to the term "FORMER
7 MATTEL EMPLOYEE."  MGA Mexico purports not to understand the word "join,"
8 as used in the term.  Merriam Webster defines "join" as "to come into the company
9 of" or "to associate oneself with,"[23] but MGA Mexico would define the word as
10 "work as a full time, salaried employee for."  This unjustifiable attempt to limit
11 MGA Mexico's obligations should be rejected.

12 MGA Mexico also attempts to impose an arbitrary limit on the term
13 "MATTEL DOCUMENTS," claiming that documents taken from Mattel, but not
14 authored by Mattel, are irrelevant.  The term as defined by Mattel, however, also
15 requires that the documents also be "in the possession of MGA or any FORMER
16 MATTER EMPLOYEE."[24]  The mere fact of MGA's possession of documents taken
17 from Mattel, regardless of authorship, is probative evidence of MGA's theft as well
18 as its intent to steal information from Mattel.  Indeed, Mattel is entitled to the
19 documents "authored" by MGA and others because their incorporation and use of
20 Mattel's information will also show the use of Mattel's information, an issue that is
21 directly relevant to Mattel's trade secret theft and RICO claims.  MGA Mexico's
22 frivolous objection should accordingly be overruled.

23 **B.** **Mattel's Requests Seek Relevant And Appropriate Information**
24 MGA Mexico objects to a few specific Requests as purportedly
25 irrelevant and/or overbroad.  None of its examples is well-taken.  All are infected by

26
27 [23] Webster's Ninth New Collegiate Dictionary at 651 (9th Ed. 1989).
   [24] First Set of Requests, Searcy Motion Dec., Exh. 1 at 5.
28

1  MGA Mexico's mistaken belief that the "propriety of a request is not judged by

2  whether the request relates to a relevant topic, but whether the request, as worded,

3  *seeks only relevant information*" and "is necessary."[25]  That simply is not the legal

4  standard, as Judge Larson has ruled.[26]  Under the correct standards, Mattel's

5  Requests are proper, and MGA Mexico does not even attempt to show otherwise.

6          As explained in Mattel's Motion, Request No. 52 from Mattel's Second

7  Set of Requests[27] seeks information to refute MGA's own allegation that Mattel

8  attempted "to interfere with MGA's acquisition of or investment in [ZAPF]."[28]

9  MGA Mexico complains that the Request might encompass any communication

10  with a governmental agency about something outside the scope of MGA Mexico's

11  claims.  But MGA Mexico does not indicate that it even has such documents, and its

12  unsubstantiated speculation is no basis to withhold documents that clearly relate to

13  MGA Mexico's own allegations.

14          Request Nos. 1-6 from Mattel's Third Set of Requests seek information

15  relating to the location of MGA Mexico information are pertinent to the scope of

16  MGA Mexico's search of documents, which is discoverable under Fed. R. Civ. P.

17  26(b)(1).[29]  MGA Mexico argues that the request is overbroad because the time

18  frame of the Requests begins prior to the existence of MGA Mexico.  But given that

19  MGA Mexico has yet to even search for documents, this argument is speculative

20  and misplaced.  Moreover, if it ultimately turns out to be true that MGA Mexico

21

22

23     [25]  Opposition at 6 (emphasis added).

24     [26]  July 9, 2009 Order Granting in Part Mattel's Motion Re Discovery Master
Order No. 27, Searcy Reply Dec., Exh. 1 at 4 ("Mattel need not show that the

25  evidence sought is 'necessary to the claims or defenses.'").

26     [27]  Incorrectly cited in Opposition at n.28 as Third Set of Requests, No. 52.

27     [28]  Motion at 25.
   [29]  Motion at 30.

28

1   does not have documents from this time period, then it has nothing to produce and is
2   not under any burden.

3        MGA Mexico takes issue with Request No. 13 from Mattel's First Set,
4   which seeks "[a]ll DOCUMENTS given, sent, or transmitted from or shared by
5   YOU to any FORMER MATTER EMPLOYEE prior to April 20, 2004."[30]
6   According to MGA Mexico, this Request might include "birthday cards."[31]  As
7   explained in Mattel's Third Amended Answer and Counterclaims ("TAAC"),
8   Machado, Vargas and Trueba conspired with MGA, Larian and others before
9   resigning their positions with Mattel on April 19, 2004.[32]  Their communications
10  with these defendants while still employed by Mattel are plainly highly relevant.
11  Given that Mattel has alleged that defendants induced these former Mattel
12  employees to steal Mattel's trade secrets and then work for MGA Mexico, *any*
13  communications between these individuals and MGA Mexico prior to their sudden
14  departure from Mattel--even a birthday card--are probative.  That MGA Mexico
15  communicated with Machado, Vargas, and Trueba prior to their sudden and
16  coordinated departure to work for MGA Mexico is itself an operative fact that may
17  tend to show the timing, length and extent of the wrongdoing and disloyalty.  The
18  timing and nature of these individuals' relationships--personal, professional or
19  familial--to those at MGA are relevant to a host of relevant issues, including the
20  extent and nature of their associations and the circumstances leading up to the trade
21  secret thefts and their departures from Mattel.  Indeed, these individuals' failures to
22  disclose such matters to Mattel while they were Mattel employees would constitute
23  breach of contract and breach of duty of loyalty as alleged in Mattel's TAAC

24

25   [30]  Opposition at 14-15.
26   [31]  Opposition at 15.
27   [32]  Mattel's Third Amended Answer and Counterclaims ("TAAC"), dated May
     22, 2009, Searcy Motion Dec., Exh. 16 at ¶ 48.
28

1    because ████████████████████████████████████████████████████

2    ████████████████████████████████████████████████████████████

3    ██████████████████.[33]

4            Request Nos. 72-75 from Mattel's First Set, which MGA Mexico also

5    points to as examples of purportedly overbroad requests, are also appropriate in

6    scope.  These Requests seek "[a]ll DOCUMENTS that REFER OR RELATE TO

7    YOUR product or product line offerings, or contemplated or proposed product or

8    product line offerings…and all DOCUMENTS that REFER OR RELATE TO

9    changes or amendments…thereto" beginning in 2004.  As Mattel alleges in its

10   TAAC, MGA Mexico used trade secret information stolen from Mattel to unfairly

11   compete with Mattel during the time period in these Requests.[34]  Mattel has also

12   specifically alleged that among the documents stolen by Machado, Vargas and

13   Trueba were global internal future Mattel product line lists that detailed anticipated

14   future Mattel products.[35]  Documents relating to MGA Mexico's product or product

15   line offerings, and particularly to any changes in product or product line offerings,

16   are probative of MGA Mexico's use of Mattel's trade secrets.  These Requests are

17   not overly broad, but seek information highly relevant to Mattel's case.

18   **VI.**   **MGA MEXICO SHOULD BE SANCTIONED FOR ITS REFUSAL TO**

19        **PRODUCE DOCUMENTS**

20           MGA Mexico, a named defendant and central figure in Mattel's

21   counterclaims, has yet to produce a single document in this litigation.  Far from

22   justifying its total failure to respond to discovery, MGA Mexico has only delayed

23   and attempted to obscure the fact that it has not produced documents.  And MGA

24

25   [33]   E.g., Conflict of Interest Questionnaire dated January 2, 2001, Bates Nos.

26   M0128330-M0128336, Searcy Reply Dec., Exh. 6.

     [34]   TAAC, Searcy Motion Dec., Exh. 16 at ¶ 57.

27   [35]   Id. at ¶ 55.

28

1    Mexico's Opposition brief demonstrates that it will continue to employ the same

2    tactics for as long as it can.  Mattel respectfully requests that MGA Mexico be

3    sanctioned in the amount of $5000, both as partial reimbursement for the fees and

4    costs Mattel has incurred in bringing this motion and as a much needed deterrent.

5                                    **Conclusion**

6               For the foregoing reasons, Mattel respectfully requests that its motion

7    be granted in its entirety.

8

9    DATED:  July 27, 2009              QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
10

11                                      By /s/ Marshall M. Searcy III
                                           Marshall M. Searcy III
12                                         Attorneys for Mattel, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28