# EXHIBIT A
# (Part 1 of 4)

1  DALE M. CENDALI (admitted *pro hac vice*)
   DIANA M. TORRES (S.B. #162284)
2  WILLIAM J. CHARRON (S.B. #220518)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, CA 90071-2899
4  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
5  wcharron@omm.com

6  PATRICIA GLASER (S.B. #55668)
   CHRISTENSEN, GLASER, FINK,
7  JACOBS, WEIL & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
8  Los Angeles, CA 90067
   Telephone: (310) 553-3000
9  Facsimile: (310) 557-9815

10 Attorneys for MGA Entertainment, Inc.

11            **UNITED STATES DISTRICT COURT**

12            **CENTRAL DISTRICT OF CALIFORNIA**

13                  **EASTERN DIVISION**

14

15 CARTER BRYANT, an individual,        Case No. CV 04-9049 SGL (RNBx)
                                        (consolidated with 04-9059 and 05-
16            Plaintiff,                2727)

17      v.                             **Isaac Larian's Responses To Mattel,**
                                       **Inc.'s First Set Of Requests For**
18 MATTEL, INC., a Delaware            **Documents And Things**
   Corporation,
19
              Defendant.
20

21 AND CONSOLIDATED ACTIONS

22

23

24

25

26

27

28
                                        LARIAN'S RESPONSE TO MATTEL'S 1ST
                                        SET OF REQUESTS FOR PRODUCTION
                                        CV 04-9049 SGL (RNBX)

# **PRELIMINARY STATEMENT**

Defendant Isaac Larian ("Larian") has not yet completed his investigation relating to the facts of this action and has not completed preparation for trial. Larian makes its response to these document requests ("requests," or individually, "request") based upon the information presently available to him and without prejudice to his right to amend or supplement his responses and to present evidence which may hereafter be discovered or become available.

Larian will respond to each request as he understands and interprets each request. If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request that differs from that of Larian, Larian reserves the right to supplement his objections and responses.

By making these responses, Larian does not concede that any of the information sought by these requests is relevant or discoverable. Larian makes these responses and objections without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve: (a) the right to object on any grounds to the use or introduction into evidence of the documents or information provided in response to these requests; (b) the right to object to the use of the documents or information provided in response to the requests in any subsequent proceeding in, or the arbitration of this or any other action; and (c) the right to object on any ground at any time to other requests or further discovery into any of the subject matters addressed in these requests or the responses thereto.

Larian shall not provide any privileged or protected information, including without limitation, information protected by the attorney-client privilege or the attorney work product doctrine, and nothing herein may be construed as a waiver of any applicable privilege or protection. Any inadvertent production of privileged or protected documents or information shall not be construed as a waiver of any privilege or protection attaching thereto and Larian reserves the right to correct the record with regard to any such information and to supplement or amend

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1 these responses, which supplemental or amended response shall become the
2 operative response.

3 **GENERAL OBJECTIONS**

4     1.    Larian objects to each and every request on the ground that
5 production at the date and time demanded will subject Larian to unwarranted
6 oppression and undue burden and expenses.  The time set for compliance is unduly
7 burdensome, especially in light of the number of document requests, and the scope
8 and volume of the material being sought.  Larian intends to proceed expeditiously
9 to collect the documents for production, if any, and will produce them at a date and
10 time, and in such a manner, as may be mutually agreed by counsel for the parties.

11     2.    Larian objects to each request to the extent that it seeks
12 information protected from discovery by the attorney-client privilege, work-product
13 doctrine, right to privacy, or any other applicable privilege.

14     3.    Larian objects to each request to the extent that it seeks the
15 disclosure of confidential, proprietary or trade-secret information.  Should such
16 documents be otherwise responsive, Larian will produce such documents subject to
17 the terms and conditions of the protective order governing this case.

18     4.    Larian objects to each request to the extent that it seeks
19 documents in Mattel's own possession, custody or control or that are accessible to
20 Mattel from public sources or from third parties.

21     5.    Larian objects to each request to the extent that it asks for
22 documents that are not relevant to claims or defenses in this case.

23     6.    Larian objects to each and every request to the extent it purports
24 to require Larian to search all documents and things within his possession, custody
25 or control or within the possession, custody, or control of any of Larian's or MGA's
26 current or former employees, officers, directors, agents, representatives, attorneys,
27 parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-
28 in-interest, and any other person acting on his behalf, pursuant to his authority or

1    subject to his control, on the grounds that such request is unreasonable, overbroad,

2    unduly burdensome and oppressive, violates the right of privacy, and purports to

3    require Larian to search for documents not within his possession, custody, or

4    control.  Larian will make a reasonably diligent search for responsive documents

5    within his possession, custody, or control.

6         7.    Larian objects to each and every request to the extent its seeks

7    "all documents" responsive to a certain category on the grounds that such request is

8    overbroad and unduly burdensome and oppressive.  On grounds of oppression and

9    undue burden, Larian will not respond to duplicative or cumulative requests and

10   will not re-produce documents it has already produced or produce documents that it

11   has received from Mattel or others in the course of discovery in this matter.

12        8.    Larian objects to each request to the extent it seeks documents

13   not within Larian's possession, custody, or control.

14        9.    Larian objects to the defined terms "You," "Your," and "Larian"

15   on the grounds that these terms, as defined, are overbroad, are vague and

16   ambiguous, and call for legal conclusions.

17        10.   Larian objects to the defined terms "Bratz," "Angel," "Bratz

18   Doll," "Bratz Product," "Bratz License," "Bratz Movie," and "Bratz Television

19   Show" on the grounds that these terms, as defined, are overbroad, are vague and

20   ambiguous, and call for legal conclusions.

21        11.   Larian objects to the defined term "Family Member"on the

22   grounds that this term, as defined, is overbroad, vague, and ambiguous, and calls

23   for legal conclusions.  Larian will interpret the term "Family Member" to be those

24   individuals he knows or believes to be family members of the person at issue.

25                    **SPECIFIC OBJECTIONS AND RESPONSES**

26

27   **REQUEST FOR PRODUCTION NO. 1:**

28        All DOCUMENTS prepared, drafted, written, transmitted or received

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   (whether in whole or in part) prior to December 31, 2001 RELATING TO BRATZ.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

3          Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein. Larian also specifically objects to this request on the

5   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably

7   calculated to lead to the discovery of admissible evidence. Larian also specifically

8   objects to this request on the grounds that it seeks confidential, proprietary, or

9   commercially sensitive information, the disclosure of which would be inimical to

10   the business interests of Larian and one or more third parties. Larian also objects to

11   this request to the extent it calls for the disclosure of attorney-client privileged

12   information or information protected from disclosure by the work product doctrine,

13   joint defense or common interest privilege, or other privilege. Larian also objects

14   to this request to the extent it calls for documents that are within the possession,

15   custody or control of MGA, as opposed to Mr. Larian personally.

16   **REQUEST FOR PRODUCTION NO. 2:**

17          All DOCUMENTS RELATING TO BRATZ and RELATING TO any

18   time prior to December 31, 2001 (regardless of when such DOCUMENT was

19   prepared, written, transmitted or received, whether in whole or in part).

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

21          Larian incorporates by reference the above-stated general objections as

22   if fully set forth herein. Larian also specifically objects to this request on the

23   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24   information not relevant to the subject matter of this lawsuit or reasonably

25   calculated to lead to the discovery of admissible evidence. Larian also specifically

26   objects to this request on the grounds that it seeks confidential, proprietary, or

27   commercially sensitive information, the disclosure of which would be inimical to

28   the business interests of Larian and one or more third parties. Larian further objects

- 5 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   to this request in the grounds that it is vague and ambiguous in that Larian cannot

2   determine what is meant by the phrase "relating to Bratz and relating to any time

3   prior to December 31, 2001." Larian also objects to this request to the extent it

4   calls for the disclosure of attorney-client privileged information or information

5   protected from disclosure by the work product doctrine, joint defense or common

6   interest privilege, or other privilege.

7   **REQUEST FOR PRODUCTION NO. 3:**

8          All DOCUMENTS RELATING TO the origin(s), conception and

9   creation of BRATZ, including without limitation all DOCUMENTS RELATING

10  TO the timing and the method and manner in which BRATZ first came to YOUR

11  or MGA's attention.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

13         Larian incorporates by reference the above-stated general objections as

14  if fully set forth herein. Larian also specifically objects to this request on the

15  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

16  information not relevant to the subject matter of this lawsuit or reasonably

17  calculated to lead to the discovery of admissible evidence. Larian also specifically

18  objects to this request on the grounds that it seeks confidential, proprietary, or

19  commercially sensitive information, the disclosure of which would be inimical to

20  the business interests of Larian and one or more third parties. Larian also objects to

21  this request to the extent it seeks documents not within Larian's possession,

22  custody, or control. Larian also objects to this request to the extent it calls for the

23  disclosure of attorney-client privileged information or information protected from

24  disclosure by the work product doctrine, joint defense or common interest privilege,

25  or other privilege.

26         Subject to the foregoing, Larian will produce any personal documents

27  that are relevant and responsive to the request, if any, and that have not already

28  been produced, that he discovers in the course of his reasonable search and diligent

- 6 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    inquiry, which are within the permissible scope of discovery, and to which no

2    privilege or other protection applies, including without limitation, the attorney-

3    client privilege or attorney's work product doctrine.

4    **REQUEST FOR PRODUCTION NO. 4:**

5          All DOCUMENTS RELATING TO the modeling, prototyping,

6    rotocasting, sculpting or DESIGN of BRATZ at any time prior to June 30, 2001,

7    including without limitation all DOCUMENTS RELATING to the creation,

8    preparation or modification of any three-dimensional representation of BRATZ.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

10         Larian incorporates by reference the above-stated general objections as

11   if fully set forth herein. Larian also specifically objects to this request on the

12   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13   information not relevant to the subject matter of this lawsuit or reasonably

14   calculated to lead to the discovery of admissible evidence. Larian also specifically

15   objects to this request on the grounds that it seeks confidential, proprietary, or

16   commercially sensitive information, the disclosure of which would be inimical to

17   the business interests of Larian and one or more third parties. Larian also objects to

18   this request to the extent it seeks information the disclosure of which would

19   implicate the rights of third parties to protect private, confidential, proprietary or

20   trade secret information. Larian further objects to this request in the grounds that it

21   is vague and ambiguous in that Larian cannot determine what is meant by

22   "modeling, prototyping, rotocasting, sculpting, or design of Bratz." Larian also

23   objects to this request to the extent it seeks documents not within Larian's

24   possession, custody, or control. Larian also objects to this request to the extent it

25   calls for the disclosure of attorney-client privileged information or information

26   protected from disclosure by the work product doctrine, joint defense or common

27   interest privilege, or other privilege.

28         Subject to the foregoing, Larian will produce any personal documents

LARIAN'S RESPONSE TO MATTEL'S 1ST
- 7 -         SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   that are relevant and responsive to the request, if any, and that have not already

2   been produced, that he discovers in the course of his reasonable search and diligent

3   inquiry, which are within the permissible scope of discovery, and to which no

4   privilege or other protection applies, including without limitation, the attorney-

5   client privilege or attorney's work product doctrine.

6   **REQUEST FOR PRODUCTION NO. 5:**

7       All DOCUMENTS RELATING TO any payment or transfer of

8   anything of value made to or on behalf of BRYANT for any DESIGN that

9   BRYANT assigned or transferred to YOU or MGA prior to October 21, 2000,

10  regardless of when such payment was actually made.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

12      Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also objects to

17  this request on the grounds that it is vague and ambiguous in that Larian cannot

18  determine what is meant by "payments made . . . on behalf of Bryant."  Larian also

19  objects to this request on the grounds that it seeks confidential, proprietary or

20  commercially sensitive information, the disclosure of which would be inimical to

21  the business interests of Larian and one or more third parties.  Larian further objects

22  to this request to the extent it seeks information the disclosure of which would

23  implicate the rights of third parties to protect private, confidential, proprietary or

24  trade secret information.   Larian also objects to this request to the extent it calls for

25  the disclosure of attorney-client privileged information or information protected

26  from disclosure by the work-product doctrine, joint defense or common interest

27  privilege, or other privilege.

28      Subject to the foregoing, Larian will produce any personal documents

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 10

1   that are relevant and responsive to the request, if any, and that have not already

2   been produced, that he discovers in the course of his reasonable search and diligent

3   inquiry, which are within the permissible scope of discovery, and to which no

4   privilege or other protection applies, including without limitation, the attorney-

5   client privilege or attorney's work product doctrine.

6   **REQUEST FOR PRODUCTION NO. 6:**

7      All DOCUMENTS that RELATING TO invoices submitted by

8   BRYANT to YOU or MGA prior to January 31, 2001.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

10      Larian incorporates by reference the above-stated general objections as

11   if fully set forth herein.  Larian also specifically objects to this request on the

12   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13   information not relevant to the subject matter of this lawsuit or reasonably

14   calculated to lead to the discovery of admissible evidence.  Larian also objects to

15   this request on the grounds that it seeks confidential, proprietary or commercially

16   sensitive information, the disclosure of which would be inimical to the business

17   interests of Larian and one or more third parties.  Larian further objects to this

18   request to the extent it seeks information the disclosure of which would implicate

19   the rights of third parties to protect private, confidential, proprietary or trade secret

20   information.  Larian also objects to this request to the extent it calls for the

21   disclosure of attorney-client privileged information or information protected from

22   disclosure by the work-product doctrine, joint defense or common interest

23   privilege, or other privilege.

24      Subject to the foregoing, Larian will produce any personal documents

25   that are relevant and responsive to the request, if any, and that have not already

26   been produced, that he discovers in the course of his reasonable search and diligent

27   inquiry, which are within the permissible scope of discovery, and to which no

28   privilege or other protection applies, including without limitation, the attorney-

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    client privilege or attorney's work product doctrine.

2    **REQUEST FOR PRODUCTION NO. 7:**

3         All royalty statements to or for BRYANT.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

5         Larian incorporates by reference the above-stated general objections as

6    if fully set forth herein. Larian also specifically objects to this request on the

7    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

8    information not relevant to the subject matter of this lawsuit or reasonably

9    calculated to lead to the discovery of admissible evidence. Larian also objects to

10   this request in that it is overbroad, including without limitation, in that is it not

11   limited as to time of the royalty statements or the product or services to which those

12   royalty statements relate. Larian also objects to this request on the grounds that it is

13   vague and ambiguous, particularly in that Larian cannot determine what is meant by

14   "royalty statements . . . for BRYANT." Larian also objects to this request on the

15   grounds that it seeks confidential, proprietary or commercially sensitive

16   information, the disclosure of which would be inimical to the business interests of

17   Larian and one or more third parties. Larian further objects to this request to the

18   extent it seeks information the disclosure of which would implicate the rights of

19   third parties to protect private, confidential, proprietary or trade secret information.

20   Larian also objects to this request to the extent it calls for the disclosure of attorney-

21   client privileged information or information protected from disclosure by the work-

22   product doctrine, joint defense or common interest privilege, or other privilege.

23         Subject to the foregoing, Larian will produce any personal documents

24   that are relevant and responsive to the request, if any, and that have not already

25   been produced, that he discovers in the course of his reasonable search and diligent

26   inquiry, which are within the permissible scope of discovery, and to which no

27   privilege or other protection applies, including without limitation, the attorney-

28   client privilege or attorney's work product doctrine.

- 10 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   **REQUEST FOR PRODUCTION NO. 8:**

2         All DOCUMENTS RELATING TO BRYANT'S participation in the

3   conception, creation, DESIGN, development, sculpting, tooling, production or

4   manufacture of BRATZ.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

6         Larian incorporates by reference the above-stated general objections as

7   if fully set forth herein. Larian also specifically objects to this request on the

8   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

9   information not relevant to the subject matter of this lawsuit or reasonably

10   calculated to lead to the discovery of admissible evidence. Larian also specifically

11   objects to this request on the grounds that it seeks confidential, proprietary, or

12   commercially sensitive information, the disclosure of which would be inimical to

13   the business interests of Larian and one or more third parties. Larian also objects to

14   this request to the extent it seeks documents not within Larian's possession, custody

15   or control. Larian also objects to this request to the extent it calls for the disclosure

16   of attorney-client privileged information or information protected from disclosure

17   by the work product doctrine, joint defense or common interest privilege, or other

18   privilege.

19         Subject to the foregoing, Larian will produce any personal documents

20   that are relevant and responsive to the request, if any, and that have not already

21   been produced, that he discovers in the course of his reasonable search and diligent

22   inquiry, which are within the permissible scope of discovery, and to which no

23   privilege or other protection applies, including without limitation, the attorney-

24   client privilege or attorney's work product doctrine.

25   **REQUEST FOR PRODUCTION NO. 9:**

26         All DOCUMENTS RELATING TO COMMUNICATIONS between

27   YOU or MGA and BRYANT and RELATING TO the period prior to December

28   31, 2001 (regardless of when such document was prepared, written, transmitted or

- 11 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   received, whether in whole or in part), including without limitation all diaries,

2   notes, calendars, logs, phone records and letters, that reflect, record or memorialize

3   or otherwise RELATING TO any such COMMUNICATIONS.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

5          Larian incorporates by reference the above-stated general objections as

6   if fully set forth herein.  Larian also specifically objects to this request on the

7   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

8   information not relevant to the subject matter of this lawsuit or reasonably

9   calculated to lead to the discovery of admissible evidence.  Larian also specifically

10   objects to this request on the grounds that it is overbroad, unduly burdensome, and

11   oppressive in that it seeks all documents relating to communications between

12   Larian or MGA and Bryant and is not otherwise limited as to subject matter.  Larian

13   also objects to this request on the grounds that it is overbroad, unduly burdensome

14   and oppressive including, without limitation, in potentially extending to

15   communications that Bryant may have had with any of MGA's hundreds of

16   employees, agents or representatives, and regardless of whether any such

17   communication is related in any way to the subject matter of this lawsuit, MGA, or

18   MGA's business.  Larian also objects to this request on the grounds that it seeks

19   information in violation of the right of privacy.  Larian also objects to this request

20   on the grounds that it seeks confidential, proprietary or commercially sensitive

21   information, the disclosure of which would be inimical to the business interests of

22   Larian and one or more third parties.  Larian further objects to this request to the

23   extent it seeks information the disclosure of which would implicate the rights of

24   third parties to protect private, confidential, proprietary or trade secret information.

25   Larian also objects to this request to the extent it calls for the disclosure of attorney-

26   client privileged information or information protected from disclosure by the work-

27   product doctrine, joint defense or common interest privilege, or other privilege.

28   Larian also objects to the extent this request seeks documents not in Larian's

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   possession, custody or control.

2        Subject to the foregoing, Larian will produce any personal documents

3   that are relevant and responsive to the request, if any, and that have not already

4   been produced, that he discovers in the course of his reasonable search and diligent

5   inquiry, which are within the permissible scope of discovery, and to which no

6   privilege or other protection applies, including without limitation, the attorney-

7   client privilege or attorney's work product doctrine.

8   **REQUEST FOR PRODUCTION NO. 10:**

9        All DOCUMENTS RELATING TO COMMUNICATIONS between

10   YOU or MGA and BRYANT prior to December 31, 2001, including without

11   limitation all diaries, notes, calendars, logs, phone records and letters, that reflect,

12   record or memorialize or otherwise RELATING TO any such

13   COMMUNICATIONS.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

15        Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein. Larian also specifically objects to this request on the

17   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably

19   calculated to lead to the discovery of admissible evidence. Larian also specifically

20   objects to this request on the grounds that it is overbroad, unduly burdensome, and

21   oppressive in that it seeks all documents relating to communications between

22   Larian or MGA and Bryant and is not otherwise limited as to subject matter. Larian

23   also objects to this request on the grounds that it is overbroad, unduly burdensome

24   and oppressive, without limitation, in potentially extending to communications that

25   Bryant may have had with any of MGA's hundreds of employees, agents or

26   representatives, and regardless of whether any such communication is related in any

27   way to the subject matter of this lawsuit, MGA, or MGA's business. Larian also

28   objects to this request on the grounds that it seeks information in violation of the

1   right of privacy. Larian also objects to this request on the grounds that it seeks

2   confidential, proprietary or commercially sensitive information, the disclosure of

3   which would be inimical to the business interests of Larian and one or more third

4   parties. Larian further objects to this request to the extent it seeks information the

5   disclosure of which would implicate the rights of third parties to protect private,

6   confidential, proprietary or trade secret information. Larian also objects to this

7   request to the extent it calls for the disclosure of attorney-client privileged

8   information or information protected from disclosure by the work-product doctrine,

9   joint defense or common interest privilege, or other privilege. Larian also objects

10   to the extent this request seeks documents not in Larian's possession, custody or

11   control.

12          Subject to the foregoing, Larian will produce any personal documents

13   that are relevant and responsive to the request, if any, and that have not already

14   been produced, that he discovers in the course of his reasonable search and diligent

15   inquiry, which are within the permissible scope of discovery, and to which no

16   privilege or other protection applies, including without limitation, the attorney-

17   client privilege or attorney's work product doctrine.

18   **REQUEST FOR PRODUCTION NO. 11:**

19          All COMMUNICATIONS between YOU or MGA and BRYANT

20   prior to December 31, 2001.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

22          Larian incorporates by reference the above-stated general objections as

23   if fully set forth herein. Larian also specifically objects to this request on the

24   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

25   information not relevant to the subject matter of this lawsuit or reasonably

26   calculated to lead to the discovery of admissible evidence. Larian also specifically

27   objects to this request on the grounds that it is overbroad, unduly burdensome, and

28   oppressive in that it seeks all communications between Larian or MGA and Bryant,

- 14 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  is not otherwise limited as to subject matter.  Larian also objects to this request on

2  the grounds that it is overbroad, unduly burdensome and oppressive, without

3  limitation, in potentially extending to communications that Bryant may have had

4  with any of MGA's hundreds of employees, agents or representatives, and

5  regardless of whether any such communication is related in any way to the subject

6  matter of this lawsuit, MGA, or MGA's business.  Larian also objects to this

7  request on the grounds that it seeks information in violation of the right of privacy.

8  Larian also objects to this request on the grounds that it seeks confidential,

9  proprietary or commercially sensitive information, the disclosure of which would

10  be inimical to the business interests of Larian and one or more third parties.  Larian

11  further objects to this request to the extent it seeks information the disclosure of

12  which would implicate the rights of third parties to protect private, confidential,

13  proprietary or trade secret information.  Larian also objects to this request to the

14  extent it calls for the disclosure of attorney-client privileged information or

15  information protected from disclosure by the work-product doctrine, joint defense

16  or common interest privilege, or other privilege.  Larian also objects to the extent

17  this request seeks documents not in Larian's possession, custody or control.

18          Subject to the foregoing, Larian will produce any personal documents

19  that are relevant and responsive to the request, if any, and that have not already

20  been produced, that he discovers in the course of his reasonable search and diligent

21  inquiry, which are within the permissible scope of discovery, and to which no

22  privilege or other protection applies, including without limitation, the attorney-

23  client privilege or attorney's work product doctrine.

24  **REQUEST FOR PRODUCTION NO. 12:**

25          All DOCUMENTS RELATING TO COMMUNICATIONS between

26  YOU or MGA and BRYANT prior to December 31, 2001 (regardless of when such

27  DOCUMENT was prepared, written, transmitted or received, whether in whole or

28  in part), including without limitation all diaries, notes, calendars, logs, phone

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   records and letters, that reflect, record or memorialize or otherwise RELATING TO

2   any such COMMUNICATIONS.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

4          Larian incorporates by reference the above-stated general objections as

5   if fully set forth herein. Larian also specifically objects to this request on the

6   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

7   information not relevant to the subject matter of this lawsuit or reasonably

8   calculated to lead to the discovery of admissible evidence. Larian also specifically

9   objects to this request on the grounds that it is overbroad, unduly burdensome, and

10   oppressive in that it seeks all documents relating to communications between

11   Larian or MGA and Bryant and is not otherwise limited as to subject matter. Larian

12   also objects to this request on the grounds that it is overbroad, unduly burdensome

13   and oppressive, without limitation, in potentially extending to documents relating to

14   communications that Bryant may have had with any of MGA's hundreds of

15   employees, agents or representatives, and regardless of whether any such

16   communication is related in any way to the subject matter of this lawsuit, MGA, or

17   MGA's business. Larian also objects to this request on the grounds that it seeks

18   information in violation of the right of privacy. Larian also objects to this request

19   on the grounds that it seeks confidential, proprietary or commercially sensitive

20   information, the disclosure of which would be inimical to the business interests of

21   Larian and one or more third parties. Larian further objects to this request to the

22   extent it seeks information the disclosure of which would implicate the rights of

23   third parties to protect private, confidential, proprietary or trade secret information.

24   Larian also objects to this request to the extent it calls for the disclosure of attorney-

25   client privileged information or information protected from disclosure by the work-

26   product doctrine, joint defense or common interest privilege, or other privilege.

27   Larian also objects to the extent this request seeks documents not in Larian's

28   possession, custody or control.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 18

1    Subject to the foregoing, Larian will produce any personal documents

2    that are relevant and responsive to the request, if any, and that have not already

3    been produced, that he discovers in the course of his reasonable search and diligent

4    inquiry, which are within the permissible scope of discovery, and to which no

5    privilege or other protection applies, including without limitation, the attorney-

6    client privilege or attorney's work product doctrine.

7    **REQUEST FOR PRODUCTION NO. 13:**

8    All COMMUNICATIONS RELATING TO BRATZ between YOU or

9    MGA and any PERSON prior to December 31, 2001.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

11   Larian incorporates by reference the above-stated general objections as

12   if fully set forth herein. Larian also specifically objects to this request on the

13   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

14   information not relevant to the subject matter of this lawsuit or reasonably

15   calculated to lead to the discovery of admissible evidence, including, without

16   limitation, in that it would extend to any communication between anyone at MGA

17   and any other person referring or relating in any way to a wide variety of matter

18   that could potentially be construed as "relating" to Bratz, without regard to whether

19   such communications are at all relevant to any claim or defense at issue in this

20   litigation. Larian also objects to this request on the grounds that it is overbroad,

21   unduly burdensome and oppressive in that it purports to require Larian to diligently

22   identify every communication that any of MGA's hundreds of employees may have

23   had with any other person referring or relating to this action. Larian also objects to

24   this request on the grounds that it is overbroad, unduly burdensome and oppressive

25   in that it is not in any way limited as to the persons involved in the

26   communications. Larian also objects to this request on the grounds that it seeks

27   information in violation of the right of privacy. Larian also objects to this request

28   on the grounds that it seeks confidential, proprietary or commercially sensitive

- 17 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   information, the disclosure of which would be inimical to the business interests of

2   Larian and one or more third parties.  Larian also objects to this request to the

3   extent it calls for the disclosure of attorney-client privileged information or

4   information protected from disclosure by the work-product doctrine, joint defense

5   or common interest privilege, or other privilege.

6          Subject to the foregoing, Larian will produce any personal documents

7   that are relevant and responsive to the request, if any, and that have not already

8   been produced, that he discovers in the course of his reasonable search and diligent

9   inquiry, which are within the permissible scope of discovery, and to which no

10   privilege or other protection applies, including without limitation, the attorney-

11   client privilege or attorney's work product doctrine.

12   **REQUEST FOR PRODUCTION NO. 14:**

13          All DOCUMENTS RELATING TO COMMUNICATIONS between

14   YOU or MGA and any PERSON and RELATING TO the period prior to

15   December 31, 2001 (regardless of when such DOCUMENT was prepared, written,

16   transmitted or received, whether in whole or in part), including without limitation

17   all diaries, notes, calendars, logs, phone records and letters, that reflect, record or

18   memorialize or otherwise RELATING TO any such COMMUNICATIONS.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

20          Larian incorporates by reference the above-stated general objections as

21   if fully set forth herein. Larian also specifically objects to this request on the

22   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

23   information not relevant to the subject matter of this lawsuit or reasonably

24   calculated to lead to the discovery of admissible evidence, including, without

25   limitation, in that it would extend to documents relating to any communication

26   between anyone at MGA and any other person and referring or relating in any way

27   to a wide variety of unidentified subject matter, without regard to whether such

28   communications are at all relevant to any claim or defense at issue in this litigation.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 20

1  Larian also objects to this request on the grounds that it is overbroad, unduly

2  burdensome and oppressive in that it purports to require Larian to diligently

3  identify every communication that any of MGA's hundreds of employees may have

4  had with any other person before December 31, 2001. Larian also objects to this

5  request on the grounds that it is overbroad, unduly burdensome and oppressive in

6  that it is not in any way limited as to the persons involved in the communications.

7  Larian also objects to this request on the grounds that it seeks information in

8  violation of the right of privacy. Larian also objects to this request on the grounds

9  that it seeks confidential, proprietary or commercially sensitive information, the

10  disclosure of which would be inimical to the business interests of Larian and one or

11  more third parties. Larian also objects to this request to the extent it calls for the

12  disclosure of attorney-client privileged information or information protected from

13  disclosure by the work-product doctrine, joint defense or common interest

14  privilege, or other privilege.

15  **REQUEST FOR PRODUCTION NO. 15:**

16      All COMMUNICATIONS RELATING TO BRATZ between YOU or

17  MGA and BRYANT.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

19      Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein. Larian also specifically objects to this request on the

21  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence. Larian also specifically

24  objects to this request on the grounds that it is overbroad, unduly burdensome and

25  oppressive, without limitation, in potentially extending to communications that

26  Bryant may have had with any of MGA's hundreds of employees, agents or

27  representatives, and regardless of whether any such communication is related in any

28  way to the subject matter of this lawsuit, Larian, MGA, or MGA's business. Larian

- 19 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 21

1   also objects to this request on the grounds that it is overbroad, unduly burdensome

2   and oppressive in that it is not in any way limited as to the persons involved in the

3   communications or as to time.  Larian also objects to this request on the grounds

4   that it seeks information in violation of the right of privacy.  Larian also objects to

5   this request on the grounds that it seeks confidential, proprietary or commercially

6   sensitive information, the disclosure of which would be inimical to the business

7   interests of Larian and one or more third parties.  Larian further objects to this

8   request to the extent it seeks information the disclosure of which would implicate

9   the rights of third parties to protect private, confidential, proprietary or trade secret

10  information.  Larian also objects to this request to the extent it calls for the

11  disclosure of attorney-client privileged information or information protected from

12  disclosure by the work-product doctrine, joint defense or common interest

13  privilege, or other privilege.  Larian also objects to the extent this request seeks

14  documents not in Larian's possession, custody or control.

15          Subject to the foregoing, Larian will produce any personal documents

16  that are relevant and responsive to the request, if any, and that have not already

17  been produced, that he discovers in the course of his reasonable search and diligent

18  inquiry, which are within the permissible scope of discovery, and to which no

19  privilege or other protection applies, including without limitation, the attorney-

20  client privilege or attorney's work product doctrine.

21  **REQUEST FOR PRODUCTION NO. 16:**

22          All DOCUMENTS RELATING TO BRYANT's employment by

23  MATTEL.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

25          Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

- 20 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   calculated to lead to the discovery of admissible evidence.  Larian also specifically

2   objects to this request on the grounds that it is overbroad in that it seeks all

3   documents relating to Bryant's employment by Mattel without limitation as to

4   subject matter or time.  Larian also objects to the extent that it seeks information

5   not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

6   the discovery of admissible evidence.  Larian also objects to this request on the

7   grounds that it seeks confidential, proprietary or commercially sensitive

8   information, the disclosure of which would be inimical to the business interests of

9   Larian and one or more third parties.  Larian further objects to the extent this

10  request seeks documents not in Larian's possession, custody or control.  Larian also

11  objects to this request to the extent it calls for the disclosure of attorney-client

12  privileged information or information protected from disclosure by the work-

13  product doctrine, joint defense or common interest privilege, or other privilege.

14          Subject to the foregoing, Larian will produce any personal documents

15  that are relevant and responsive to the request, if any, and that have not already

16  been produced, that he discovers in the course of his reasonable search and diligent

17  inquiry, which are within the permissible scope of discovery, and to which no

18  privilege or other protection applies, including without limitation, the attorney-

19  client privilege or attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 17:**

21          All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

22  BRYANT's employment by MATTEL.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also specifically

- 21 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   objects to this request on the grounds that it is overbroad, unduly burdensome, and

2   oppressive including, without limitation, in potentially extending to documents that

3   may be in the possession of any of MGA's hundreds of employees, agents or

4   representatives, and regardless of whether any such document is related in any way

5   to the subject matter of this lawsuit. Larian also objects to this request on the

6   grounds that it seeks confidential, proprietary or commercially sensitive

7   information, the disclosure of which would be inimical to the business interests of

8   Larian and one or more third parties. Larian also objects to this request to the

9   extent it seeks information the disclosure of which would implicate the rights of

10  third parties to protect private, confidential, proprietary or trade secret information.

11  Larian further objects to the extent this request seeks documents not in Larian's

12  possession, custody or control. Larian also objects to this request to the extent it

13  calls for the disclosure of attorney-client privileged information or information

14  protected from disclosure by the work-product doctrine, joint defense or common

15  interest privilege, or other privilege.

16          Subject to the foregoing, Larian will produce any personal documents

17  that are relevant and responsive to the request, if any, and that have not already

18  been produced, that he discovers in the course of his reasonable search and diligent

19  inquiry, which are within the permissible scope of discovery, and to which no

20  privilege or other protection applies, including without limitation, the attorney-

21  client privilege or attorney's work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 18:**

23          All DOCUMENTS RELATING TO DESIGNS that BRYANT

24  produced, prepared, created, authored, conceived of or reduced to practice, whether

25  alone or jointly with others, prior to December 31, 2001.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

27          Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein. Larian also specifically objects to this request to the extent

- 22 -

1   it is overbroad, unduly burdensome and oppressive including, without limitation, in

2   seeking documents relating to designs not in issue in this action, and in that it

3   reaches back into time indefinitely and, thus, for example, calls for documents

4   referring or relating to designs Bryant might have conceived of in his childhood and

5   that have nothing whatsoever to do with this action. Larian also objects to this

6   request to the extent it seeks information the disclosure of which would implicate

7   the rights of third parties to protect private, confidential, proprietary or trade secret

8   information. Larian also objects to this request on the grounds that it seeks

9   confidential, proprietary or commercially sensitive information, the disclosure of

10  which would be inimical to the business interests of Larian and one or more third

11  parties. Larian also objects to this request to the extent it calls for the disclosure of

12  attorney-client privileged information or information protected from disclosure by

13  the work-product doctrine, joint defense or common interest privilege, or other

14  privilege. Larian also objects to this request to the extent that it seeks documents

15  not in Larian's possession, custody or control.

16          Subject to the foregoing, Larian will produce any personal documents

17  that are relevant and responsive to the request, if any, and that have not already

18  been produced, that he discovers in the course of his reasonable search and diligent

19  inquiry, which are within the permissible scope of discovery, and to which no

20  privilege or other protection applies, including without limitation, the attorney-

21  client privilege or attorney's work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 19:**

23          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

24  created, authored, conceived of or reduced to practice prior to December 31, 2001,

25  by BRYANT, whether alone or jointly with others, in which YOU or MGA have

26  purported at any time to purchase, acquire or own any right, title or interest

27  (whether in whole or in part).

28

- 23 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

2          Larian incorporates by reference the above-stated general objections as

3   if fully set forth herein. Larian also specifically objects to this request on the

4   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

5   information not relevant to the subject matter of this lawsuit or reasonably

6   calculated to lead to the discovery of admissible evidence. Larian also specifically

7   objects to this request to the extent it is overbroad, including, without limitation, in

8   seeking documents relating to any designs created, authored, conceived of or

9   reduced to practice prior to December 31, 2001, by Bryant, and is therefore not

10   limited to those designs that may be at issue in this litigation. Larian also objects to

11   this request to the extent it seeks information the disclosure of which would

12   implicate the rights of third parties to protect private, confidential, proprietary or

13   trade secret information. Larian also objects to this request on the grounds that it

14   seeks confidential, proprietary or commercially sensitive information, the

15   disclosure of which would be inimical to the business interests of Larian and one or

16   more third parties. Larian also objects to this request to the extent it calls for the

17   disclosure of attorney-client privileged information or information protected from

18   disclosure by the work-product doctrine, joint defense or common interest

19   privilege, or other privilege. Larian also objects to this request to the extent that it

20   seeks documents not in Larian's possession, custody or control.

21          Subject to the foregoing, Larian will produce any personal documents

22   relating to Bratz or Prayer Angels that are relevant and responsive, if any, and that

23   have not already been produced, that he discovers in the course of his reasonable

24   search and diligent inquiry, which are within the permissible scope of discovery,

25   and to which no privilege or other protection applies, including without limitation,

26   the attorney-client privilege or attorney's work product doctrine.

27   **REQUEST FOR PRODUCTION NO. 20:**

28          All DOCUMENTS, including without limitation all

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

2  any agreement or contract between BRYANT and MATTEL.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

4        Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein. Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence. Larian also specifically

9  objects to this request to the extent it seeks information the disclosure of which

10  would implicate the rights of third parties to protect private, confidential,

11  proprietary or trade secret information. Larian also objects to this request to the

12  extent it calls for the disclosure of attorney-client privileged information or

13  information protected from disclosure by the work-product doctrine, joint defense

14  or common interest privilege, or other privilege. Larian also objects to this request

15  to the extent that it seeks documents not in Larian's possession, custody or control.

16        Subject to the foregoing, Larian will produce any personal documents

17  that are relevant and responsive to the request, if any, and that have not already

18  been produced, that he discovers in the course of his reasonable search and diligent

19  inquiry, which are within the permissible scope of discovery, and to which no

20  privilege or other protection applies, including without limitation, the attorney-

21  client privilege or attorney's work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 21:**

23        All DOCUMENTS, including without limitation all

24  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

25  YOUR or MGA's knowledge of any agreement or contract between BRYANT and

26  MATTEL.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

28        Larian incorporates by reference the above-stated general objections as

- 25 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   if fully set forth herein. Larian also specifically objects to this request on the

2   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3   information not relevant to the subject matter of this lawsuit or reasonably

4   calculated to lead to the discovery of admissible evidence. Larian also specifically

5   objects to this request to the extent it seeks information the disclosure of which

6   would implicate the rights of third parties to protect private, confidential,

7   proprietary or trade secret information. Larian also objects to this request to the

8   extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense

10   or common interest privilege, or other privilege. Larian also objects to this request

11   to the extent that it seeks documents not in Larian's possession, custody or control.

12   Subject to the foregoing, Larian will produce any personal documents

13   that are relevant and responsive to the request, if any, and that have not already

14   been produced, that he discovers in the course of his reasonable search and diligent

15   inquiry, which are within the permissible scope of discovery, and to which no

16   privilege or other protection applies, including without limitation, the attorney-

17   client privilege or attorney's work product doctrine.

18   **REQUEST FOR PRODUCTION NO. 22:**

19   All DOCUMENTS RELATING TO any payment or transfer of

20   anything of value made to or on behalf of BRYANT prior to October 21, 2000 or

21   for work or services performed by BRYANT prior to October 21, 2000 regardless

22   of when such payment was actually made.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

24   Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein. Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence. Larian also specifically

1    objects to this request on the grounds that it is overbroad, including, without
2    limitation, in that it asks for documents that refer or relate to "any payment or
3    transfer. . .on behalf of Bryant" without regard to what such payment might relate
4    to.  Larian also objects to this request on the grounds that it is vague and ambiguous
5    in that Larian cannot determine what is meant by "payment or transfer. . . on behalf
6    of Bryant."  Larian also objects to this request to the extent it seeks information the
7    disclosure of which would implicate the rights of third parties to protect private,
8    confidential, proprietary or trade secret information.  Larian also objects to this
9    request on the grounds that it seeks confidential, proprietary or commercially
10   sensitive information, the disclosure of which would be inimical to the business
11   interests of Larian and one or more third parties.  Larian also objects to this request
12   to the extent it calls for the disclosure of attorney-client privileged information or
13   information protected from disclosure by the work-product doctrine, joint defense
14   or common interest privilege, or other privilege.

15          Subject to the foregoing, Larian will produce any personal documents
16   relating to any payments by Larian or MGA that are relevant and responsive to the
17   request, if any, and that have not already been produced, that he discovers in the
18   course of his reasonable search and diligent inquiry, which are within the
19   permissible scope of discovery, and to which no privilege or other protection
20   applies, including without limitation, the attorney-client privilege or attorney's
21   work product doctrine.

22   **REQUEST FOR PRODUCTION NO. 23:**

23          ALL DOCUMENTS RELATING TO any agreement or contract
24   between YOU or MGA, on the one hand, and BRYANT, on the other hand,
25   including without limitation all drafts thereof, all actual or proposed amendments,
26   modifications and revisions thereto and all COMMUNICATIONS RELATING
27   thereto.

28

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents that refer or relate to any agreement or contract between Larian or MGA and Bryant. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent that it seeks documents not in Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 24:**

All doll heads, sculpts, prototypes, models, samples and tangible items that were created, prepared or made, whether in whole or in part, prior to December

- 28 -

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF REQUESTS FOR PRODUCTION CV 04-9049 SGL (RNBX)

1 | 31, 2001 RELATING TO BRATZ.

2 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

3 |     Larian incorporates by reference the above-stated general objections as

4 | if fully set forth herein.  Larian also specifically objects to this request on the

5 | grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6 | information not relevant to the subject matter of this lawsuit or reasonably

7 | calculated to lead to the discovery of admissible evidence.  Larian specifically

8 | objects to this request to the extent that it seeks tangible items not within Larian's

9 | possession, custody or control.  Larian also objects to this request to the extent it

10 | seeks information the disclosure of which would implicate the rights of third parties

11 | to protect private, confidential, proprietary or trade secret information.  Larian also

12 | specifically objects to this request on the grounds that it seeks confidential,

13 | proprietary, or commercially sensitive information, the disclosure of which would

14 | be inimical to the business interests of Larian and one or more third parties.  Larian

15 | also objects to this request to the extent it calls for the disclosure of attorney-client

16 | privileged information or information protected from disclosure by the work-

17 | product doctrine, joint defense or common interest privilege, or other privilege.

18 |     Subject to the foregoing, Larian will produce any personal items for

19 | inspection that are relevant and responsive to the request, if any, and that have not

20 | already been produced, that he discovers in the course of his reasonable search and

21 | diligent inquiry, which are within the permissible scope of discovery, and to which

22 | no privilege or other protection applies, including without limitation, the attorney-

23 | client privilege or attorney's work product doctrine.

24 | **REQUEST FOR PRODUCTION NO. 25:**

25 |     All doll heads, sculpts, prototypes, models, samples and tangible items

26 | that were created, prepared or made, whether in whole or in part, prior to December

27 | 31, 2001 RELATING TO ANGEL.

28 |

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it seeks tangible items not within Larian's possession, custody or control. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also specifically objects to this request on the grounds that it seeks confidential, proprietary, or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce any personal items for inspection that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS RELATING TO each and every sculpt of BRATZ (including without limitation any model, prototype or sample thereof) prior to June 1, 2001.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Larian incorporates by reference the above-stated general objections as

- 30 -

1    if fully set forth herein.  Larian also specifically objects to this request on the

2    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3    information not relevant to the subject matter of this lawsuit or reasonably

4    calculated to lead to the discovery of admissible evidence.  Larian specifically

5    objects to this request to the extent it seeks information the disclosure of which

6    would implicate the rights of third parties to protect private, confidential,

7    proprietary or trade secret information.  Larian also objects to this request on the

8    grounds that it seeks confidential, proprietary or commercially sensitive

9    information, the disclosure of which would be inimical to the business interests of

10   Larian and one or more third parties.  Larian also objects to this request to the

11   extent it calls for the disclosure of attorney-client privileged information or

12   information protected from disclosure by the work-product doctrine, joint defense

13   or common interest privilege, or other privilege.

14          Subject to the foregoing, Larian will produce any personal documents

15   that are relevant and responsive to the request, if any, and that have not already

16   been produced, that he discovers in the course of his reasonable search and diligent

17   inquiry, which are within the permissible scope of discovery, and to which no

18   privilege or other protection applies, including without limitation, the attorney-

19   client privilege or attorney's work product doctrine.

20   **REQUEST FOR PRODUCTION NO. 27:**

21          All DOCUMENTS RELATING TO each and every sculpt of ANGEL

22   (including without limitation any model, prototype or sample thereof).

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

24          Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein.  Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence.  Larian also specifically

                                    - 31 -       LARIAN'S RESPONSE TO MATTEL'S 1ST
                                                  SET OF REQUESTS FOR PRODUCTION
                                                        CV 04-9049 SGL (RNBX)

1  objects to this request to the extent it seeks information the disclosure of which

2  would implicate the rights of third parties to protect private, confidential,

3  proprietary or trade secret information. Larian also objects to this request on the

4  grounds that it seeks confidential, proprietary or commercially sensitive

5  information, the disclosure of which would be inimical to the business interests of

6  Larian and one or more third parties. Larian also objects to this request to the

7  extent it calls for the disclosure of attorney-client privileged information or

8  information protected from disclosure by the work-product doctrine, joint defense

9  or common interest privilege, or other privilege.

10      Subject to the foregoing, Larian will produce any personal documents

11  relating to first generation of Prayer Angel that are relevant and responsive to the

12  request, if any, and that have not already been produced, that he discovers in the

13  course of his reasonable search and diligent inquiry, which are within the

14  permissible scope of discovery, and to which no privilege or other protection

15  applies, including without limitation, the attorney-client privilege or attorney's

16  work product doctrine.

17  **REQUEST FOR PRODUCTION NO. 28:**

18      All DOCUMENTS RELATING TO the procurement, fabrication,

19  preparation and production of each and every mold for BRATZ (including without

20  limitation for any model, prototype or sample thereof) prior June 30, 2001,

21  including without limitation all orders, purchase orders and invoices relating

22  thereto.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

24      Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence. Larian specifically

1  objects to this request to the extent it seeks information the disclosure of which

2  would implicate the rights of third parties to protect private, confidential,

3  proprietary or trade secret information. Larian also objects to this request on the

4  grounds that it seeks confidential, proprietary or commercially sensitive

5  information, the disclosure of which would be inimical to the business interests of

6  Larian and one or more third parties. Larian also objects to this request on the

7  grounds that it is vague and ambiguous in that Larian cannot determine what is

8  meant by "mold . . . (including without limitation any model, prototype or sample

9  thereof)." Larian also objects to this request to the extent it calls for the disclosure

10  of attorney-client privileged information or information protected from disclosure

11  by the work-product doctrine, joint defense or common interest privilege, or other

12  privilege.

13        Subject to the foregoing, Larian will produce any personal documents

14  that are relevant and responsive to the request, if any, and that have not already

15  been produced, that he discovers in the course of his reasonable search and diligent

16  inquiry, which are within the permissible scope of discovery, and to which no

17  privilege or other protection applies, including without limitation, the attorney-

18  client privilege or attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 29:**

20        DOCUMENTS sufficient to show when any mold for ANGEL

21  (including without limitation for any model, prototype or sample thereof) was first

22  ordered, requested, procured, fabricated, prepared and produced.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

24        Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence. Larian also specifically

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 35

1   objects to this request on the grounds that it is overbroad in that is it not limited as

2   to time.  Larian also objects to this request to the extent it seeks information the

3   disclosure of which would implicate the rights of third parties to protect private,

4   confidential, proprietary or trade secret information.  Larian also objects to this

5   request on the grounds that it seeks confidential, proprietary or commercially

6   sensitive information, the disclosure of which would be inimical to the business

7   interests of Larian and one or more third parties.  Larian also objects to this request

8   on the grounds that it is vague and ambiguous in that Larian cannot determine what

9   is meant by "mold . . . (including without limitation any model, prototype or sample

10   thereof)."  Larian also objects to this request to the extent it calls for the disclosure

11   of attorney-client privileged information or information protected from disclosure

12   by the work-product doctrine, joint defense or common interest privilege, or other

13   privilege.

14          Subject to the foregoing, Larian will produce any personal documents

15   relating to first generation of Prayer Angel that are relevant and responsive to the

16   request, if any, and that have not already been produced, that he discovers in the

17   course of his reasonable search and diligent inquiry, which are within the

18   permissible scope of discovery, and to which no privilege or other protection

19   applies, including without limitation, the attorney-client privilege or attorney's

20   work product doctrine.

21   **REQUEST FOR PRODUCTION NO. 30:**

22          All DOCUMENTS RELATING TO any showing, presentation or

23   exhibition, or any proposed, offered or requested showing, presentation or

24   exhibition, of BRATZ (including without limitation any model, prototype or sample

25   thereof) prior to June 30, 2001.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

27          Larian incorporates by reference the above-stated general objections as

28   if fully set forth herein.  Larian also specifically objects to this request on the

- 34 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 36

1    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2    information not relevant to the subject matter of this lawsuit or reasonably

3    calculated to lead to the discovery of admissible evidence.  Larian also specifically

4    objects to this request on the grounds that it seeks information not relevant to the

5    subject matter of this lawsuit or reasonably calculated to lead to the discovery of

6    admissible evidence, including, without limitation, in that it potentially extends to

7    every communication having to do with, for example, any Toy Fair to which Larian

8    or MGA brought, or considered bringing, Bratz during the stated time frame, and is,

9    thus, also overbroad, unduly burdensome and oppressive.  Larian also objects to

10   this request on the grounds that it is vague and ambiguous in that Larian cannot

11   determine what is meant by "showing, presentation or exhibition."  Larian also

12   objects to this request to the extent it seeks information the disclosure of which

13   would implicate the rights of third parties to protect private, confidential,

14   proprietary or trade secret information.  Larian further objects to this request on the

15   grounds that it seeks confidential, proprietary or commercially sensitive

16   information, the disclosure of which would be inimical to the business interests of

17   Larian.  Larian also objects to this request to the extent it calls for the disclosure of

18   attorney-client privileged information or information protected from disclosure by

19   the work-product doctrine, joint defense or common interest privilege, or other

20   privilege.

21          Subject to the foregoing, Larian will produce any personal documents

22   that are relevant and responsive to the request, if any, and that have not already

23   been produced, that he discovers in the course of his reasonable search and diligent

24   inquiry, which are within the permissible scope of discovery, and to which no

25   privilege or other protection applies, including without limitation, the attorney-

26   client privilege or attorney's work product doctrine.

27   **REQUEST FOR PRODUCTION NO. 31:**

28          DOCUMENTS sufficient to show when ANGEL (including without

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  limitation any model, prototype or sample thereof) was first exhibited, shown or

2  presented to any third party.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

4      Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence.  Larian also objects to

9  this request on the grounds that it is vague and ambiguous in that Larian cannot

10 determine what is meant by "mold…(including without limitation any model,

11 prototype or sample thereof)."  Larian also objects to this request to the extent it

12 seeks information the disclosure of which would implicate the rights of third parties

13 to protect private, confidential, proprietary or trade secret information.  Larian also

14 objects to this request on the grounds that it seeks confidential, proprietary or

15 commercially sensitive information, the disclosure of which would be inimical to

16 the business interests of Larian and one or more third parties.  Larian also objects to

17 this request to the extent it calls for the disclosure of attorney-client privileged

18 information or information protected from disclosure by the work-product doctrine,

19 joint defense or common interest privilege, or other privilege.

20      Subject to the foregoing, Larian will produce any personal documents

21 that are relevant and responsive to the request, if any, and that have not already

22 been produced, that he discovers in the course of his reasonable search and diligent

23 inquiry, which are within the permissible scope of discovery, and to which no

24 privilege or other protection applies, including without limitation, the attorney-

25 client privilege or attorney's work product doctrine.

26 **REQUEST FOR PRODUCTION NO. 32:**

27      All COMMUNICATIONS between YOU or MGA and any

28 wholesaler, distributor, and/or retailer RELATING TO BRATZ prior to December

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 38

1  31, 2001.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

3        Larian incorporates by reference the above-stated general objections as

4  if fully set forth herein.  Larian also specifically objects to this request on the

5  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably

7  calculated to lead to the discovery of admissible evidence.  Larian also specifically

8  objects to this request on the grounds that it is overbroad, unduly burdensome and

9  oppressive, without limitation, in potentially extending to communications that a

10  wholesaler, distributor, and/or retailer may have had with any of MGA's hundreds

11  of employees, agents or representatives, and regardless of whether any such

12  communication is related in any way to the subject matter of this lawsuit.  Larian

13  also objects to this request to the extent it seeks information the disclosure of which

14  would implicate the rights of third parties to protect private, confidential,

15  proprietary or trade secret information.  Larian also objects to this request on the

16  grounds that it seeks confidential, proprietary or commercially sensitive

17  information, the disclosure of which would be inimical to the business interests of

18  Larian and one or more third parties.  Larian also objects to this request to the

19  extent it calls for the disclosure of attorney-client privileged information or

20  information protected from disclosure by the work-product doctrine, joint defense

21  or common interest privilege, or other privilege.

22        Subject to the foregoing, Larian will produce any personal documents

23  that are relevant and responsive to the request, if any, and that have not already

24  been produced, that he discovers in the course of his reasonable search and diligent

25  inquiry, which are within the permissible scope of discovery, and to which no

26  privilege or other protection applies, including without limitation, the attorney-

27  client privilege or attorney's work product doctrine.

28

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**REQUEST FOR PRODUCTION NO. 33:**

All COMMUNICATIONS between YOU or MGA and any wholesaler, distributor, and/or retailer RELATING TO ANGEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence including, without limitation, in that is seeks information related to an MGA product not at issue in this lawsuit. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, without limitation, in potentially extending to communications that a wholesaler, distributor, and/or retailer may have had with any of MGA's hundreds of employees, agents or representatives, and regardless of whether any such communication is related in any way to the subject matter of this lawsuit. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce any personal documents related to first generation of Prayer Angel that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   applies, including without limitation, the attorney-client privilege or attorney's

2   work product doctrine.

3   **REQUEST FOR PRODUCTION NO. 34:**

4      All DOCUMENTS RELATING TO when and where BRATZ

5   (including without limitation any model, prototype or sample thereof) was first

6   marketed to any wholesaler, distributor and/or retailer.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

8      Larian incorporates by reference the above-stated general objections as

9   if fully set forth herein.  Larian also specifically objects to this request on the

10   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

11   information not relevant to the subject matter of this lawsuit or reasonably

12   calculated to lead to the discovery of admissible evidence.  Larian also specifically

13   objects to this request on the grounds that it seeks confidential, proprietary or

14   commercially sensitive information, the disclosure of which would be inimical to

15   the business interests of Larian.  Larian also objects to this request to the extent it

16   seeks information the disclosure of which would implicate the rights of third parties

17   to protect private, confidential, proprietary or trade secret information.  Larian also

18   objects to this request to the extent it calls for the disclosure of attorney-client

19   privileged information or information protected from disclosure by the work-

20   product doctrine, joint defense or common interest privilege, or other privilege.

21      Subject to the foregoing, Larian will produce any personal documents

22   that are relevant and responsive to the request, if any, and that have not already

23   been produced, that he discovers in the course of his reasonable search and diligent

24   inquiry, which are within the permissible scope of discovery, and to which no

25   privilege or other protection applies, including without limitation, the attorney-

26   client privilege or attorney's work product doctrine.

27   **REQUEST FOR PRODUCTION NO. 35:**

28      All DOCUMENTS RELATING TO when and where ANGEL

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    (including without limitation any model, prototype or sample thereof) was first

2    marketed to any wholesaler, distributor and/or retailer.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

4        Larian incorporates by reference the above-stated general objections as

5    if fully set forth herein. Larian also specifically objects to this request on the

6    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7    information not relevant to the subject matter of this lawsuit or reasonably

8    calculated to lead to the discovery of admissible evidence. Larian also objects to

9    this request on the grounds that it seeks confidential, proprietary or commercially

10    sensitive information, the disclosure of which would be inimical to the business

11    interests of Larian and one or more third parties. Larian also objects to this request

12    to the extent it seeks information the disclosure of which would implicate the rights

13    of third parties to protect private, confidential, proprietary or trade secret

14    information. Larian also objects to this request to the extent it calls for the

15    disclosure of attorney-client privileged information or information protected from

16    disclosure by the work-product doctrine, joint defense or common interest

17    privilege, or other privilege.

18        Subject to the foregoing, Larian will produce any personal documents

19    that are relevant and responsive to the request, if any, and that have not already

20    been produced, that he discovers in the course of his reasonable search and diligent

21    inquiry, which are within the permissible scope of discovery, and to which no

22    privilege or other protection applies, including without limitation, the attorney-

23    client privilege or attorney's work product doctrine.

24    **REQUEST FOR PRODUCTION NO. 36:**

25        DOCUMENTS sufficient to show when and where BRATZ was first

26    shipped, distributed and sold.

27    **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

28        Larian incorporates by reference the above-stated general objections as

- 40 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    if fully set forth herein.  Larian also specifically objects to this request on the

2    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3    information not relevant to the subject matter of this lawsuit or reasonably

4    calculated to lead to the discovery of admissible evidence.  Larian also specifically

5    objects to this request to the extent it seeks information the disclosure of which

6    would implicate the rights of third parties to protect private, confidential,

7    proprietary or trade secret information.  Larian also objects to this request on the

8    grounds that it seeks confidential, proprietary or commercially sensitive

9    information, the disclosure of which would be inimical to the business interests of

10   Larian and one or more third parties.  Larian also objects to this request to the

11   extent it calls for the disclosure of attorney-client privileged information or

12   information protected from disclosure by the work-product doctrine, joint defense

13   or common interest privilege, or other privilege.

14           Subject to the foregoing, Larian will produce any personal documents

15   that are relevant and responsive to the request, if any, and that have not already

16   been produced, that he discovers in the course of his reasonable search and diligent

17   inquiry, which are within the permissible scope of discovery, and to which no

18   privilege or other protection applies, including without limitation, the attorney-

19   client privilege or attorney's work product doctrine.

20   **REQUEST FOR PRODUCTION NO. 37:**

21           DOCUMENTS sufficient to show when and where ANGEL was first

22   shipped, distributed and sold.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

24           Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein.  Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence.  Larian also specifically

                                    LARIAN'S RESPONSE TO MATTEL'S 1ST
                        - 41 -        SET OF REQUESTS FOR PRODUCTION
                                         CV 04-9049 SGL (RNBX)

1   objects to this request to the extent it seeks information the disclosure of which

2   would implicate the rights of third parties to protect private, confidential,

3   proprietary or trade secret information. Larian also objects to this request to the

4   extent it seeks information the disclosure of which would implicate the rights of

5   third parties to protect private, confidential, proprietary or trade secret information.

6   Larian also objects to this request on the grounds that it seeks confidential,

7   proprietary or commercially sensitive information, the disclosure of which would

8   be inimical to the business interests of Larian and one or more third parties. Larian

9   also objects to this request to the extent it calls for the disclosure of attorney-client

10  privileged information or information protected from disclosure by the work-

11  product doctrine, joint defense or common interest privilege, or other privilege.

12  Subject to the foregoing, Larian will produce any personal documents

13  that are relevant and responsive to the request, if any, and that have not already

14  been produced, that he discovers in the course of his reasonable search and diligent

15  inquiry, which are within the permissible scope of discovery, and to which no

16  privilege or other protection applies, including without limitation, the attorney-

17  client privilege or attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 38:**

19  All DOCUMENTS RELATING TO the licensing, including without

20  limitation the proposed, offered or requested licensing, of BRATZ prior to

21  December 31, 2001.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

23  Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein. Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence. Larian also specifically

28  objects to this request on the grounds that it seeks information in violation of the

LARIAN'S RESPONSE TO MATTEL'S 1ST
- 42 -                SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 44

1  right of privacy.  Larian also objects to this request on the grounds that it seeks

2  confidential, proprietary or commercially sensitive information, the disclosure of

3  which would be inimical to the business interests of Larian and one or more third

4  parties.  Larian also objects to this request to the extent it calls for the disclosure of

5  attorney-client privileged information or information protected from disclosure by

6  the work-product doctrine, joint defense or common interest privilege, or other

7  privilege.  Larian also objects to this request to the extent it seeks documents not

8  within Larian's possession, custody or control.

9        Subject to the foregoing, Larian will produce any personal documents

10  that are relevant and responsive to the request, if any, and that have not already

11  been produced, that he discovers in the course of his reasonable search and diligent

12  inquiry, which are within the permissible scope of discovery, and to which no

13  privilege or other protection applies, including without limitation, the attorney-

14  client privilege or attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 39:**

16        All COMMUNICATIONS between YOU or MGA and any

17  manufacturer, or any contemplated, proposed or potential manufacturer,

18  RELATING TO BRATZ prior to December 31, 2001.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

20        Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence.  Larian also specifically

25  objects to this request to the extent it seeks information the disclosure of which

26  would implicate the rights of third parties to protect private, confidential,

27  proprietary or trade secret information.  Larian also objects to this request on the

28  grounds that it seeks confidential, proprietary or commercially sensitive

- 43 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 45

1   information, the disclosure of which would be inimical to the business interests of

2   Larian and one or more third parties.  Larian also objects to this request to the

3   extent it calls for the disclosure of attorney-client privileged information or

4   information protected from disclosure by the work-product doctrine, joint defense

5   or common interest privilege, or other privilege.

6            Subject to the foregoing, Larian will produce any personal documents

7   that are relevant and responsive to the request, if any, and that have not already

8   been produced, that he discovers in the course of his reasonable search and diligent

9   inquiry, which are within the permissible scope of discovery, and to which no

10  privilege or other protection applies, including without limitation, the attorney-

11  client privilege or attorney's work product doctrine.

12  **REQUEST FOR PRODUCTION NO. 40:**

13           DOCUMENTS sufficient to identify when YOU or MGA first

14  contacted any manufacturer, or any contemplated, proposed or potential

15  manufacturer, for the production or manufacture of ANGEL.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

17           Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein.  Larian also specifically objects to this request on the

19  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence including, without

22  limitation, in that it seeks information related to an MGA product not at issue in this

23  lawsuit, and in that the manufacturer of Angel has nothing whatsoever to do with

24  Bryant, Mattel, or this lawsuit.  Larian also objects to this request to the extent it

25  seeks information the disclosure of which would implicate the rights of third parties

26  to protect private, confidential, proprietary or trade secret information.  Larian also

27  objects to this request on the grounds that it seeks confidential, proprietary or

28  commercially sensitive information, the disclosure of which would be inimical to

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    the business interests of Larian and one or more third parties.  Larian also objects to

2    this request to the extent it calls for the disclosure of attorney-client privileged

3    information or information protected from disclosure by the work-product doctrine,

4    joint defense or common interest privilege, or other privilege.

5            Subject to the foregoing, Larian will produce any personal documents

6    that are relevant and responsive to the request, if any, and that have not already

7    been produced, that he discovers in the course of his reasonable search and diligent

8    inquiry, which are within the permissible scope of discovery, and to which no

9    privilege or other protection applies, including without limitation, the attorney-

10   client privilege or attorney's work product doctrine.

11   **REQUEST FOR PRODUCTION NO. 41:**

12           All COMMUNICATIONS between YOU or MGA and any PERSON

13   that REFER OR RELATE TO the distribution or proposed or potential distribution

14   of BRATZ prior to December 31, 2001.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

16           Larian incorporates by reference the above-stated general objections as

17   if fully set forth herein.  Larian also specifically objects to this request on the

18   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19   information not relevant to the subject matter of this lawsuit or reasonably

20   calculated to lead to the discovery of admissible evidence.  Larian also specifically

21   objects to this request to the extent it seeks information the disclosure of which

22   would implicate the rights of third parties to protect private, confidential,

23   proprietary or trade secret information. Larian also objects to this request on the

24   grounds that it seeks confidential, proprietary or commercially sensitive

25   information, the disclosure of which would be inimical to the business interests of

26   Larian and one or more third parties.  Larian also objects to this request to the

27   extent it calls for the disclosure of attorney-client privileged information or

28   information protected from disclosure by the work-product doctrine, joint defense

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    or common interest privilege, or other privilege.

2           Subject to the foregoing, Larian will produce any personal documents

3    that are relevant and responsive to the request, if any, and that have not already

4    been produced, that he discovers in the course of his reasonable search and diligent

5    inquiry, which are within the permissible scope of discovery, and to which no

6    privilege or other protection applies, including without limitation, the attorney-

7    client privilege or attorney's work product doctrine.

8    **REQUEST FOR PRODUCTION NO. 42:**

9           All DOCUMENTS RELATING TO the performance of any

10   agreement or contract between YOU or MGA, on the one hand, and BRYANT, on

11   the other hand.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

13          Larian incorporates by reference the above-stated general objections as

14   if fully set forth herein.  Larian also specifically objects to this request on the

15   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

16   information not relevant to the subject matter of this lawsuit or reasonably

17   calculated to lead to the discovery of admissible evidence.  Larian also specifically

18   objects to this request on the grounds that it is overbroad, unduly burdensome, and

19   oppressive in seeking all documents that refer or relate to the performance of any

20   agreement or contract between MGA and Bryant.  Larian also objects to this

21   request on the grounds that it seeks confidential, proprietary or commercially

22   sensitive information, the disclosure of which would be inimical to the business

23   interests of Larian and one or more third parties.  Larian also objects to this request

24   to the extent it seeks information the disclosure of which would implicate the rights

25   of third parties to protect private, confidential, proprietary or trade secret

26   information.  Larian also objects to this request to the extent it calls for the

27   disclosure of attorney-client privileged information or information protected from

28   disclosure by the work-product doctrine, joint defense or common interest

1   privilege, or other privilege.  Larian also objects to this request to the extent it seeks
2   documents not within Larian's possession, custody or control.
3          Subject to the foregoing, Larian will produce any personal documents
4   related to Bratz or Prayer Angels that are relevant and responsive to the request, if
5   any, and that have not already been produced, that he discovers in the course of his
6   reasonable search and diligent inquiry, which are within the permissible scope of
7   discovery, and to which no privilege or other protection applies, including without
8   limitation, the attorney-client privilege or attorney's work product doctrine.
9   **REQUEST FOR PRODUCTION NO. 43:**
10          All DOCUMENTS RELATING TO the agreement dated as of
11   September 18, 2000 between MGA and BRYANT, including without limitation all
12   drafts thereof, any actual or proposed modifications, amendments or revisions
13   thereto and all COMMUNICATIONS RELATING thereto.
14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**
15          Larian incorporates by reference the above-stated general objections as
16   if fully set forth herein.  Larian also specifically objects to this request on the
17   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
18   information not relevant to the subject matter of this lawsuit or reasonably
19   calculated to lead to the discovery of admissible evidence.  Larian also specifically
20   objects to this request on the grounds that it seeks confidential, proprietary or
21   commercially sensitive information, the disclosure of which would be inimical to
22   the business interests of Larian.  Larian also objects to this request to the extent it
23   seeks information the disclosure of which would implicate the rights of third parties
24   to protect private, confidential, proprietary or trade secret information.  Larian also
25   objects to this request to the extent it calls for the disclosure of attorney-client
26   privileged information or information protected from disclosure by the work-
27   product doctrine, joint defense or common interest privilege, or other privilege.
28   Larian also objects to this request to the extent it seeks documents not within

- 47 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    Larian's possession, custody or control.

2            Subject to the foregoing, Larian will produce any personal documents

3    that are relevant and responsive to the request, if any, and that have not already

4    been produced, that he discovers in the course of his reasonable search and diligent

5    inquiry, which are within the permissible scope of discovery, and to which no

6    privilege or other protection applies, including without limitation, the attorney-

7    client privilege or attorney's work product doctrine.

8    **REQUEST FOR PRODUCTION NO. 44:**

9            All DOCUMENTS RELATING TO the Modification and Clarification

10   of the Agreement dated as of September 18, 2000 between MGA and BRYANT,

11   including without limitation all drafts thereof, any actual or proposed modifications,

12   amendments or revisions thereto and all COMMUNICATIONS RELATING

13   thereto.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

15           Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein. Larian also specifically objects to this request on the

17   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably

19   calculated to lead to the discovery of admissible evidence. Larian also specifically

20   objects to this request on the grounds that it seeks confidential, proprietary or

21   commercially sensitive information, the disclosure of which would be inimical to

22   the business interests of Larian. Larian also objects to this request to the extent it

23   seeks information the disclosure of which would implicate the rights of third parties

24   to protect private, confidential, proprietary or trade secret information. Larian also

25   objects to this request to the extent it calls for the disclosure of attorney-client

26   privileged information or information protected from disclosure by the work-

27   product doctrine, joint defense or common interest privilege, or other privilege.

28   Larian also objects to this request to the extent it seeks documents not within

LARIAN'S RESPONSE TO MATTEL'S 1ST
- 48 -                SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   Larian's possession, custody or control.

2        Subject to the foregoing, Larian will produce any personal documents

3   that are relevant and responsive to the request, if any, and that have not already

4   been produced, that he discovers in the course of his reasonable search and diligent

5   inquiry, which are within the permissible scope of discovery, and to which no

6   privilege or other protection applies, including without limitation, the attorney-

7   client privilege or attorney's work product doctrine.

8   **REQUEST FOR PRODUCTION NO. 45:**

9        All DOCUMENTS RELATING TO the agreement dated April 2001

10  between MGA and BRYANT, including without limitation all drafts thereof, any

11  actual or proposed modifications, amendments or revisions thereto and all

12  COMMUNICATIONS RELATING thereto.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

14       Larian incorporates by reference the above-stated general objections as

15  if fully set forth herein.  Larian also specifically objects to this request on the

16  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17  information not relevant to the subject matter of this lawsuit or reasonably

18  calculated to lead to the discovery of admissible evidence.  Larian also objects to

19  this request on the grounds that it seeks confidential, proprietary or commercially

20  sensitive information, the disclosure of which would be inimical to the business

21  interests of Larian and one or more third parties.  Larian also objects to this request

22  to the extent it seeks information the disclosure of which would implicate the rights

23  of third parties to protect private, confidential, proprietary or trade secret

24  information.  Larian also objects to this request to the extent it calls for the

25  disclosure of attorney-client privileged information or information protected from

26  disclosure by the work-product doctrine, joint defense or common interest

27  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

28  documents not within Larian's possession, custody or control.

1            Subject to the foregoing, Larian will produce any personal documents

2    that are relevant and responsive to the request, if any, and that have not already

3    been produced, that he discovers in the course of his reasonable search and diligent

4    inquiry, which are within the permissible scope of discovery, and to which no

5    privilege or other protection applies, including without limitation, the attorney-

6    client privilege or attorney's work product doctrine.

7    **REQUEST FOR PRODUCTION NO. 46:**

8            All DOCUMENTS that RELATING TO any agreement or contract

9    that REFERS AND RELATES TO BRATZ between Isaac Larian and any

10   PERSON (including without limitation MGA), including without limitation all

11   drafts thereof, all actual or proposed amendments, modifications and revisions

12   thereto and all COMMUNICATIONS RELATING thereto.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

14           Larian incorporates by reference the above-stated general objections as

15   if fully set forth herein.  L Larian also specifically objects to this request on the

16   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17   information not relevant to the subject matter of this lawsuit or reasonably

18   calculated to lead to the discovery of admissible evidence.   Larian also objects to

19   this request to the extent it seeks information the disclosure of which would

20   implicate the rights of third parties to protect private, confidential, proprietary or

21   trade secret information.  Larian also objects to this request on the grounds that it

22   seeks confidential, proprietary or commercially sensitive information, the

23   disclosure of which would be inimical to the business interests of Larian and one or

24   more third parties.  Larian also objects to this request to the extent it calls for the

25   disclosure of attorney-client privileged information or information protected from

26   disclosure by the work-product doctrine, joint defense or common interest

27   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

28   documents not within Larian's possession, custody or control.

- 50 -

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS RELATING TO the performance of any agreement or contract that REFERS AND RELATES TO BRATZ between Isaac Larian and any PERSON (including without limitation MGA).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS that REFER OR RELATE TO any agreement or contract that REFERS AND RELATES TO BRYANT between Isaac Larian and any PERSON (including without limitation MGA), including without limitation all drafts thereof, all actual or proposed amendments, modifications and revisions thereto and all COMMUNICATIONS RELATING thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Larian incorporates by reference the above-stated general objections as

- 51 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   if fully set forth herein. Larian also specifically objects to this request on the

2   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3   information not relevant to the subject matter of this lawsuit or reasonably

4   calculated to lead to the discovery of admissible evidence. Larian also objects to

5   this request to the extent it seeks information the disclosure of which would

6   implicate the rights of third parties to protect private, confidential, proprietary or

7   trade secret information. Larian also objects to this request on the grounds that it

8   seeks confidential, proprietary or commercially sensitive information, the

9   disclosure of which would be inimical to the business interests of Larian and one or

10  more third parties. Larian also objects to this request to the extent it calls for the

11  disclosure of attorney-client privileged information or information protected from

12  disclosure by the work-product doctrine, joint defense or common interest

13  privilege, or other privilege. Larian also objects to this request to the extent it seeks

14  documents not within Larian's possession, custody or control.

15  **REQUEST FOR PRODUCTION NO. 49:**

16      All DOCUMENTS RELATING TO the performance of any

17  agreement or contract that REFERS AND RELATES TO BRYANT between Isaac

18  Larian and any PERSON (including without limitation MGA).

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

20      Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein. Larian also specifically objects to this request on the

22  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence. Larian also objects to

25  this request to the extent it seeks information the disclosure of which would

26  implicate the rights of third parties to protect private, confidential, proprietary or

27  trade secret information. Larian also objects to this request on the grounds that it

28  seeks confidential, proprietary or commercially sensitive information, the

1  disclosure of which would be inimical to the business interests of Larian and one or

2  more third parties.  Larian also objects to this request to the extent it calls for the

3  disclosure of attorney-client privileged information or information protected from

4  disclosure by the work-product doctrine, joint defense or common interest

5  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

6  documents not within Larian's possession, custody or control.

7  **REQUEST FOR PRODUCTION NO. 50:**

8         All DOCUMENTS that REFER OR RELATE TO any agreement or

9  contract that REFERS AND RELATES TO BRATZ between any FAMILY

10  MEMBER of Isaac Larian and any PERSON (including without limitation MGA

11  and/or Isaac Larian), including without limitation all drafts thereof, all actual or

12  proposed amendments, modifications and revisions thereto and all

13  COMMUNICATIONS RELATING thereto.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

15         Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also objects to

20  this request to the extent it seeks information the disclosure of which would

21  implicate the rights of third parties to protect private, confidential, proprietary or

22  trade secret information.  Larian also objects to this request on the grounds that it

23  seeks confidential, proprietary or commercially sensitive information, the

24  disclosure of which would be inimical to the business interests of Larian and one or

25  more third parties.  Larian also objects to this request to the extent it calls for the

26  disclosure of attorney-client privileged information or information protected from

27  disclosure by the work-product doctrine, joint defense or common interest

28  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

1   documents not within Larian's possession, custody or control.

2   **REQUEST FOR PRODUCTION NO. 51:**

3           All DOCUMENTS RELATING TO the performance of any

4   agreement or contract that REFERS AND RELATES TO BRATZ between any

5   FAMILY MEMBER of Isaac Larian and any PERSON (including without

6   limitation MGA and/or Isaac Larian).

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

8           Larian incorporates by reference the above-stated general objections as

9   if fully set forth herein. Larian also specifically objects to this request on the

10  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

11  information not relevant to the subject matter of this lawsuit or reasonably

12  calculated to lead to the discovery of admissible evidence. Larian also objects to

13  this request to the extent it seeks information the disclosure of which would

14  implicate the rights of third parties to protect private, confidential, proprietary or

15  trade secret information. Larian also objects to this request on the grounds that it

16  seeks confidential, proprietary or commercially sensitive information, the

17  disclosure of which would be inimical to the business interests of Larian and one or

18  more third parties. Larian also objects to this request to the extent it calls for the

19  disclosure of attorney-client privileged information or information protected from

20  disclosure by the work-product doctrine, joint defense or common interest

21  privilege, or other privilege. Larian also objects to this request to the extent it seeks

22  documents not within Larian's possession, custody or control.

23  **REQUEST FOR PRODUCTION NO. 52:**

24          All DOCUMENTS RELATING TO any agreement or contract that

25  REFERS AND RELATES TO BRYANT between any FAMILY MEMBER of

26  Isaac Larian and any PERSON (including without limitation MGA and/or Isaac

27  Larian), including without limitation all drafts thereof, all actual or proposed

28  amendments, modifications and revisions thereto and all COMMUNICATIONS

- 54 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  RELATING thereto.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

3         Larian incorporates by reference the above-stated general objections as

4  if fully set forth herein. Larian also specifically objects to this request on the

5  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably

7  calculated to lead to the discovery of admissible evidence. Larian also objects to

8  this request to the extent it seeks information the disclosure of which would

9  implicate the rights of third parties to protect private, confidential, proprietary or

10 trade secret information. Larian also objects to this request on the grounds that it

11 seeks confidential, proprietary or commercially sensitive information, the

12 disclosure of which would be inimical to the business interests of Larian and one or

13 more third parties. Larian also objects to this request to the extent it calls for the

14 disclosure of attorney-client privileged information or information protected from

15 disclosure by the work-product doctrine, joint defense or common interest

16 privilege, or other privilege. Larian also objects to this request to the extent it seeks

17 documents not within Larian's possession, custody or control.

18 **REQUEST FOR PRODUCTION NO. 53:**

19        All DOCUMENTS RELATING TO the performance of any

20 agreement or contract that REFERS AND RELATES TO BRYANT between any

21 FAMILY MEMBER of Isaac Larian and any PERSON (including without

22 limitation MGA and/or Isaac Larian).

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

24        Larian incorporates by reference the above-stated general objections as

25 if fully set forth herein. Larian also specifically objects to this request on the

26 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27 information not relevant to the subject matter of this lawsuit or reasonably

28 calculated to lead to the discovery of admissible evidence. Larian also objects to

- 55 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    this request to the extent it seeks information the disclosure of which would

2    implicate the rights of third parties to protect private, confidential, proprietary or

3    trade secret information.  Larian also objects to this request on the grounds that it

4    seeks confidential, proprietary or commercially sensitive information, the

5    disclosure of which would be inimical to the business interests of Larian and one or

6    more third parties.  Larian also objects to this request to the extent it calls for the

7    disclosure of attorney-client privileged information or information protected from

8    disclosure by the work-product doctrine, joint defense or common interest

9    privilege, or other privilege.  Larian also objects to this request to the extent it seeks

10   documents not within Larian's possession, custody or control.

11   **REQUEST FOR PRODUCTION NO. 54:**

12           All DOCUMENTS RELATING TO royalties or payments

13   RELATING TO BRATZ that have been made by any PERSON (including without

14   limitation MGA) to, for or on behalf of Isaac Larian.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

16           Larian incorporates by reference the above-stated general objections as

17   if fully set forth herein. Larian also specifically objects to this request on the

18   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19   information not relevant to the subject matter of this lawsuit or reasonably

20   calculated to lead to the discovery of admissible evidence.  Larian also specifically

21   objects to this request on the grounds that it is overbroad including, without

22   limitation, in that it is not limited as to time of the royalties or payments or as to the

23   individuals who made such royalties or payments, if any.  Larian also objects to this

24   request on the grounds that it is vague and ambiguous, particularly in that Larian

25   cannot determine what is meant by "royalties or payments...on behalf of Isaac

26   Larian." Larian also objects to this request on the grounds that it seeks confidential,

27   proprietary or commercially sensitive information, the disclosure of which would

28   be inimical to the business interests of Larian and one or more third parties.  Larian

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   also objects to this request to the extent it seeks information the disclosure of which

2   would implicate the rights of third parties to protect private, confidential,

3   proprietary or trade secret information.  Larian also objects to this request to the

4   extent it calls for the disclosure of attorney-client privileged information or

5   information protected from disclosure by the work-product doctrine, joint defense

6   or common interest privilege, or other privilege.

7   **REQUEST FOR PRODUCTION NO. 55:**

8   All DOCUMENTS RELATING TO royalties or payments

9   RELATING TO BRATZ that have been made by any PERSON (without limitation

10   MGA) to, for or on behalf of any FAMILY MEMBER of Isaac Larian.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

12   Larian incorporates by reference the above-stated general objections as

13   if fully set forth herein.  Larian also specifically objects to this request on the

14   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15   information not relevant to the subject matter of this lawsuit or reasonably

16   calculated to lead to the discovery of admissible evidence.  Larian also specifically

17   objects to this request on the grounds that it is overbroad including, without

18   limitation, in that it is not limited as to time of the royalties or payments or as to the

19   individuals who made such royalties or payments, if any.  Larian also objects to this

20   request on the grounds that it is vague and ambiguous, particularly in that Larian

21   cannot determine what is meant by "royalties or payments...on behalf of any family

22   member." Larian also objects to this request on the grounds that it seeks

23   confidential, proprietary or commercially sensitive information, the disclosure of

24   which would be inimical to the business interests of Larian and one or more third

25   parties.  Larian also objects to this request to the extent it seeks information the

26   disclosure of which would implicate the rights of third parties to protect private,

27   confidential, proprietary or trade secret information.  Larian also objects to this

28   request to the extent it calls for the disclosure of attorney-client privileged

- 57 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   information or information protected from disclosure by the work-product doctrine,

2   joint defense or common interest privilege, or other privilege.  Larian also objects

3   to this request to the extent it seeks documents not within Larian's possession,

4   custody or control.

5   **REQUEST FOR PRODUCTION NO. 56:**

6         All DOCUMENTS RELATING TO DIVA STARZ and RELATING

7   TO any time prior to December 31, 2001 (regardless of when such document was

8   prepared, written, transmitted or received, whether in whole or in part).

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

10         Larian incorporates by reference the above-stated general objections as

11   if fully set forth herein.  Larian also specifically objects to this request on the

12   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13   information not relevant to the subject matter of this lawsuit or reasonably

14   calculated to lead to the discovery of admissible evidence.  Larian also objects to

15   this request on the grounds that it seeks confidential, proprietary or commercially

16   sensitive information, the disclosure of which would be inimical to the business

17   interests of Larian and one or more third parties.  Larian also objects to this request

18   to the extent it seeks information the disclosure of which would implicate the rights

19   of third parties to protect private, confidential, proprietary or trade secret

20   information.  Larian also objects to this request to the extent it calls for the

21   disclosure of attorney-client privileged information or information protected from

22   disclosure by the work-product doctrine, joint defense or common interest

23   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

24   documents not within Larian's possession, custody or control.

25   **REQUEST FOR PRODUCTION NO. 57:**

26         All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

27   DIVA STARZ and RELATING TO any time prior to December 31, 2001

28   (regardless of when such document was prepared, written, transmitted or received,

- 58 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    whether in whole or in part).

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

3            Larian incorporates by reference the above-stated general objections as

4    if fully set forth herein.  Larian also specifically objects to this request on the

5    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6    information not relevant to the subject matter of this lawsuit or reasonably

7    calculated to lead to the discovery of admissible evidence.  Larian also objects to

8    this request on the grounds that it seeks confidential, proprietary or commercially

9    sensitive information, the disclosure of which would be inimical to the business

10   interests of Larian and one or more third parties.  Larian also objects to this request

11   to the extent it seeks information the disclosure of which would implicate the rights

12   of third parties to protect private, confidential, proprietary or trade secret

13   information.  Larian also objects to this request to the extent it calls for the

14   disclosure of attorney-client privileged information or information protected from

15   disclosure by the work-product doctrine, joint defense or common interest

16   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

17   documents not within Larian's possession, custody or control.

18   **REQUEST FOR PRODUCTION NO. 58:**

19           All DOCUMENTS RELATING TO MATTEL's consideration or

20   proposed use of "Brats," "Chat Brats" or any variation thereon and RELATING TO

21   any time prior to December 31, 2001 (regardless of when such document was

22   prepared, written, transmitted or received, whether in whole or in part).

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

24           Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein.  Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence.  Larian also objects to

- 59 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    this request on the grounds that it is vague and ambiguous in that Larian cannot

2    determine what is meant by "proposed use of 'Brats,' 'Chat Brats' or any variation

3    thereon." Larian also objects to this request on the grounds that it seeks

4    confidential, proprietary or commercially sensitive information, the disclosure of

5    which would be inimical to the business interests of Larian and one or more third

6    parties. Larian also objects to this request to the extent it seeks information the

7    disclosure of which would implicate the rights of third parties to protect private,

8    confidential, proprietary or trade secret information. Larian also objects to this

9    request to the extent it calls for the disclosure of attorney-client privileged

10   information or information protected from disclosure by the work-product doctrine,

11   joint defense or common interest privilege, or other privilege. Larian also objects

12   to this request to the extent it seeks documents not within Larian's possession,

13   custody or control.

14          Subject to the foregoing, Larian will produce any personal documents

15   received prior to the inception of this litigation that are relevant and responsive to

16   the request, if any, and that have not already been produced, that he discovers in the

17   course of his reasonable search and diligent inquiry, which are within the

18   permissible scope of discovery, and to which no privilege or other protection

19   applies, including without limitation, the attorney-client privilege or attorney's

20   work product doctrine.

21   **REQUEST FOR PRODUCTION NO. 59:**

22          All DOCUMENTS RELATING TO "Toon Teens."

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

24          Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein. Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence. Larian also objects to

- 60 -

1   this request on the grounds that it is overbroad, unduly burdensome, and oppressive

2   in seeking all documents relating to "Toon Teens."  Larian also objects to this

3   request on the grounds that it is vague and ambiguous in that Larian cannot

4   determine what is meant by "Toon Teens."  Larian also objects to this request on

5   the grounds that it seeks confidential, proprietary or commercially sensitive

6   information, the disclosure of which would be inimical to the business interests of

7   Larian and one or more third parties.  Larian further objects to this request to the

8   extent it seeks information the disclosure of which would implicate the rights of

9   third parties to protect private, confidential, proprietary or trade secret information.

10  Larian also objects to this request to the extent it calls for the disclosure of attorney-

11  client privileged information or information protected from disclosure by the work-

12  product doctrine, joint defense or common interest privilege, or other privilege.

13  Larian also objects to this request to the extent it seeks documents not within

14  Larian's possession, custody or control.

15         Subject to the foregoing, Larian will produce any personal documents

16  received prior to the inception of this litigation that are relevant and responsive to

17  the request, if any, and that have not already been produced, that he discovers in the

18  course of his reasonable search and diligent inquiry, which are within the

19  permissible scope of discovery, and to which no privilege or other protection

20  applies, including without limitation, the attorney-client privilege or attorney's

21  work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 60:**

23         All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

24  "Toon Teens."

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

26         Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein.  Larian also specifically objects to this request on the

28  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

- 61 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   information not relevant to the subject matter of this lawsuit or reasonably

2   calculated to lead to the discovery of admissible evidence. Larian also objects to

3   this request on the grounds that it is overbroad, unduly burdensome, in that it is

4   duplicative of request number 59. Larian also objects to this request on the grounds

5   that it is vague and ambiguous in that Larian cannot determine what is meant by

6   "Toon Teens." Larian also objects to this request on the grounds that it seeks

7   confidential, proprietary or commercially sensitive information, the disclosure of

8   which would be inimical to the business interests of Larian and one or more third

9   parties. Larian further objects to this request to the extent it seeks information the

10  disclosure of which would implicate the rights of third parties to protect private,

11  confidential, proprietary or trade secret information. Larian also objects to this

12  request to the extent it calls for the disclosure of attorney-client privileged

13  information or information protected from disclosure by the work-product doctrine,

14  joint defense or common interest privilege, or other privilege. Larian also objects

15  to this request to the extent it seeks documents not within Larian's possession,

16  custody or control.

17          Subject to the foregoing, Larian will produce any personal documents

18  relating to the knowledge prior to the inception of this litigation that are relevant

19  and responsive to the request, if any, and that have not already been produced, that

20  he discovers in the course of his reasonable search and diligent inquiry, which are

21  within the permissible scope of discovery, and to which no privilege or other

22  protection applies, including without limitation, the attorney-client privilege or

23  attorney's work product doctrine.

24  **REQUEST FOR PRODUCTION NO. 61:**

25          All DOCUMENTS, including without limitation

26  COMMUNICATIONS, prepared, drafted, created, received or transmitted (whether

27  in whole or in part) prior to December 31, 2001 RELATING TO BRYANT.

28

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 64

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce any personal documents relating to Bratz and Prayer Angels that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by BRYANT for, with or on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such DOCUMENT was prepared, created, received or transmitted, whether in whole or in part).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the

- 63 -

1   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
2   information not relevant to the subject matter of this lawsuit or reasonably
3   calculated to lead to the discovery of admissible evidence.  Larian also objects to
4   this request on the ground that it is overbroad, unduly burdensome, and oppressive
5   in seeking all documents relating to any work, activities or services that Bryant
6   performed for or with Larian or MGA or on their behalf.  Larian also objects to this
7   request on the grounds that it is vague and ambiguous in that Larian cannot
8   determine what is meant by "activities or services" and "with or on behalf of YOU
9   or MGA."  Larian will interpret "activities or services" to mean "work or services,"
10  and "with" to mean "on behalf of."  Larian also objects to this request on the
11  grounds that it seeks confidential, proprietary or commercially sensitive
12  information, the disclosure of which would be inimical to the business interests of
13  Larian and one or more third parties.  Larian also objects to this request to the
14  extent it seeks information the disclosure of which would implicate the rights of
15  third parties to protect private, confidential, proprietary or trade secret information.
16  Larian also objects to this request to the extent it calls for the disclosure of attorney-
17  client privileged information or information protected from disclosure by the work-
18  product doctrine, joint defense or common interest privilege, or other privilege.
19  Larian also objects to this request to the extent it seeks documents not within
20  Larian's possession, custody or control.
21          Subject to the foregoing, Larian will produce any personal documents
22  relating to Bratz and Prayer Angels that are relevant and responsive to the request,
23  if any, and that have not already been produced, that he discovers in the course of
24  his reasonable search and diligent inquiry, which are within the permissible scope
25  of discovery, and to which no privilege or other protection applies, including
26  without limitation, the attorney-client privilege or attorney's work product doctrine.
27  **REQUEST FOR PRODUCTION NO. 63:**
28          All DOCUMENTS RELATING TO any actual, potential, proposed,

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   considered or contemplated work, activities or services, including without

2   limitation any freelance work or consulting services, by Anna Rhee for, with or on

3   behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such

4   DOCUMENT was prepared, created, received or transmitted, whether in whole or

5   in part).

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

7           Larian incorporates by reference the above-stated general objections as

8   if fully set forth herein.  Larian also specifically objects to this request on the

9   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10   information not relevant to the subject matter of this lawsuit or reasonably

11   calculated to lead to the discovery of admissible evidence.  Larian also objects to

12   this request on the ground that it is overbroad, unduly burdensome, and oppressive

13   in seeking all documents relating to any work, activities or services that Anna Rhee

14   performed for or with Larian or MGA or on their behalf.  Larian also objects to this

15   request on the grounds that it is vague and ambiguous in that Larian cannot

16   determine what is meant by "activities or services" and "with or on behalf of YOU

17   or MGA."  Larian will interpret "activities or services" to mean "work or services,"

18   and "with" to mean "on behalf of."  Larian also objects to this request to the extent

19   it seeks information the disclosure of which would implicate the rights of third

20   parties to protect private, confidential, proprietary or trade secret information.

21   Larian also objects to this request on the grounds that it seeks confidential,

22   proprietary or commercially sensitive information, the disclosure of which would

23   be inimical to the business interests of Larian and one or more third parties.  Larian

24   also objects to this request to the extent it calls for the disclosure of attorney-client

25   privileged information or information protected from disclosure by the work-

26   product doctrine, joint defense or common interest privilege, or other privilege.

27   Larian also objects to this request to the extent it seeks documents not within

28   Larian's possession, custody or control.

- 65 -

1    Subject to the foregoing, Larian will produce any personal documents
2 dated prior to January 1, 2001, that are relevant and responsive to the request, if
3 any, and that have not already been produced, that he discovers in the course of his
4 reasonable search and diligent inquiry, which are within the permissible scope of
5 discovery, and to which no privilege or other protection applies, including without
6 limitation, the attorney-client privilege or attorney's work product doctrine.

7 **REQUEST FOR PRODUCTION NO. 64:**

8    All DOCUMENTS RELATING TO any actual, potential, proposed,
9 considered or contemplated work, activities or services, including without
10 limitation any freelance work or consulting services, by Veronica Marlow for, with
11 or on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any
12 such DOCUMENT was prepared, created, received or transmitted, whether in
13 whole or in part).

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

15    Larian incorporates by reference the above-stated general objections as
16 if fully set forth herein. Larian also specifically objects to this request on the
17 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
18 information not relevant to the subject matter of this lawsuit or reasonably
19 calculated to lead to the discovery of admissible evidence. Larian also objects to
20 this request on the ground that it is overbroad, unduly burdensome, and oppressive
21 in seeking all documents relating to any work, activities or services that Veronica
22 Marlow performed for or with Larian or MGA or on their behalf. Larian also
23 objects to this request on the grounds that it is vague and ambiguous in that Larian
24 cannot determine what is meant by "activities or services" and "with or on behalf of
25 YOU or MGA." Larian will interpret "activities or services" to mean "work or
26 services," and "with" to mean "on behalf of." Larian also objects to this request to
27 the extent it seeks information the disclosure of which would implicate the rights of
28 third parties to protect private, confidential, proprietary or trade secret information.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   Larian also objects to this request on the grounds that it seeks confidential,

2   proprietary or commercially sensitive information, the disclosure of which would

3   be inimical to the business interests of Larian and one or more third parties.  Larian

4   also objects to this request to the extent it calls for the disclosure of attorney-client

5   privileged information or information protected from disclosure by the work-

6   product doctrine, joint defense or common interest privilege, or other privilege.

7   Larian also objects to this request to the extent it seeks documents not within

8   Larian's possession, custody or control.

9           Subject to the foregoing, Larian will produce any personal documents

10  dated prior to January 1, 2001, that are relevant and responsive to the request, if

11  any, and that have not already been produced, that he discovers in the course of his

12  reasonable search and diligent inquiry, which are within the permissible scope of

13  discovery, and to which no privilege or other protection applies, including without

14  limitation, the attorney-client privilege or attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 65:**

16          All DOCUMENTS RELATING TO any actual, potential, proposed,

17  considered or contemplated work, activities or services, including without

18  limitation any freelance work or consulting services, by Sarah Halpern for, with or

19  on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any

20  such DOCUMENT was prepared, created, received or transmitted, whether in

21  whole or in part).

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

23          Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence.  Larian also objects to

28  this request on the ground that it is overbroad, unduly burdensome, and oppressive

- 67 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   in seeking all documents relating to any work, activities or services that Sarah

2   Halpern performed for or with Larian or MGA or on their behalf.  Larian also

3   objects to this request on the grounds that it is vague and ambiguous in that Larian

4   cannot determine what is meant by "activities or services" and "with or on behalf of

5   YOU or MGA."  Larian will interpret "activities or services" to mean "work or

6   services," and "with" to mean "on behalf of."  Larian also objects to this request to

7   the extent it seeks information the disclosure of which would implicate the rights of

8   third parties to protect private, confidential, proprietary or trade secret information.

9   Larian also objects to this request on the grounds that it seeks confidential,

10  proprietary or commercially sensitive information, the disclosure of which would

11  be inimical to the business interests of Larian and one or more third parties.  Larian

12  also objects to this request to the extent it calls for the disclosure of attorney-client

13  privileged information or information protected from disclosure by the work-

14  product doctrine, joint defense or common interest privilege, or other privilege.

15  Larian also objects to this request to the extent it seeks documents not within

16  Larian's possession, custody or control.

17          Subject to the foregoing, Larian will produce any personal documents

18  dated prior to January 1, 2001, that are relevant and responsive to the request, if

19  any, and that have not already been produced, that he discovers in the course of his

20  reasonable search and diligent inquiry, which are within the permissible scope of

21  discovery, and to which no privilege or other protection applies, including without

22  limitation, the attorney-client privilege or attorney's work product doctrine.

23  **REQUEST FOR PRODUCTION NO. 66:**

24          All DOCUMENTS RELATING TO any actual, potential, proposed,

25  considered or contemplated work, activities or services, including without

26  limitation any freelance work or consulting services, by Jesse Ramirez for, with or

27  on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any

28  such DOCUMENT was prepared, created, received or transmitted, whether in

- 68 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   whole or in part).

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

3           Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein.  Larian also specifically objects to this request on the

5   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably

7   calculated to lead to the discovery of admissible evidence.  Larian also objects to

8   this request on the ground that it is overbroad, unduly burdensome, and oppressive

9   in seeking all documents relating to any work, activities or services that Jesse

10  Ramirez performed for or with Larian or MGA or on their behalf.  Larian also

11  objects to this request on the grounds that it is vague and ambiguous in that Larian

12  cannot determine what is meant by "activities or services" and "with or on behalf of

13  YOU or MGA."  Larian will interpret "activities or services" to mean "work or

14  services," and "with" to mean "on behalf of."  Larian also objects to this request to

15  the extent it seeks information the disclosure of which would implicate the rights of

16  third parties to protect private, confidential, proprietary or trade secret information.

17  Larian also objects to this request on the grounds that it seeks confidential,

18  proprietary or commercially sensitive information, the disclosure of which would

19  be inimical to the business interests of Larian and one or more third parties.  Larian

20  also objects to this request to the extent it calls for the disclosure of attorney-client

21  privileged information or information protected from disclosure by the work-

22  product doctrine, joint defense or common interest privilege, or other privilege.

23  Larian also objects to this request to the extent it seeks documents not within

24  Larian's possession, custody or control.

25          Subject to the foregoing, Larian will produce any personal documents

26  dated prior to January 1, 2001, that are relevant and responsive to the request, if

27  any, and that have not already been produced, that he discovers in the course of his

28  reasonable search and diligent inquiry, which are within the permissible scope of

1  discovery, and to which no privilege or other protection applies, including without

2  limitation, the attorney-client privilege or attorney's work product doctrine.

3  **REQUEST FOR PRODUCTION NO. 67:**

4        All DOCUMENTS RELATING TO any actual, potential, proposed,

5  considered or contemplated work, activities or services, including without

6  limitation any freelance work or consulting services, by Margaret Hatch (also

7  known as Margaret Leahy and/or Margaret Hatch-Leahy) for, with or on behalf of

8  YOU or MGA prior to December 31, 2001 (regardless of when any such

9  DOCUMENT was prepared, created, received or transmitted, whether in whole or

10  in part).

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

12        Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also objects to

17  this request on the ground that it is overbroad, unduly burdensome, and oppressive

18  in seeking all documents relating to any work, activities or services that Margaret

19  Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) performed for

20  or with Larian or MGA or on their behalf.  Larian also objects to this request on the

21  grounds that it is vague and ambiguous in that Larian cannot determine what is

22  meant by "activities or services" and "with or on behalf of YOU or MGA."  Larian

23  will interpret "activities or services" to mean "work or services," and "with" to

24  mean "on behalf of."  Larian also objects to this request to the extent it seeks

25  information the disclosure of which would implicate the rights of third parties to

26  protect private, confidential, proprietary or trade secret information.  Larian also

27  objects to this request on the grounds that it seeks confidential, proprietary or

28  commercially sensitive information, the disclosure of which would be inimical to

1  the business interests of Larian and one or more third parties. Larian also objects to

2  this request to the extent it calls for the disclosure of attorney-client privileged

3  information or information protected from disclosure by the work-product doctrine,

4  joint defense or common interest privilege, or other privilege. Larian also objects

5  to this request to the extent it seeks documents not within Larian's possession,

6  custody or control.

7         Subject to the foregoing, Larian will produce any personal documents

8  dated prior to January 1, 2001, that are relevant and responsive to the request, if

9  any, and that have not already been produced, that he discovers in the course of his

10 reasonable search and diligent inquiry, which are within the permissible scope of

11 discovery, and to which no privilege or other protection applies, including without

12 limitation, the attorney-client privilege or attorney's work product doctrine.

13 **REQUEST FOR PRODUCTION NO. 68:**

14        All DOCUMENTS RELATING TO any actual, potential, proposed,

15 considered or contemplated work, activities or services, including without

16 limitation any freelance work or consulting services, by Elise Cloonan for, with or

17 on behalf of YOU or MGA.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

19        Larian incorporates by reference the above-stated general objections as

20 if fully set forth herein. Larian also specifically objects to this request on the

21 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22 information not relevant to the subject matter of this lawsuit or reasonably

23 calculated to lead to the discovery of admissible evidence. Larian also objects to

24 this request on the ground that it is overbroad, unduly burdensome, and oppressive

25 in seeking all documents relating to any work, activities or services that Elise

26 Cloonan performed for or with Larian or MGA or on their behalf, without

27 limitation as to time. Larian also objects to this request on the grounds that it is

28 vague and ambiguous in that Larian cannot determine what is meant by "activities

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  or services" and "with or on behalf of YOU or MGA." Larian will interpret

2  "activities or services" to mean "work or services," and "with" to mean "on behalf

3  of." Larian also objects to this request to the extent it seeks information the

4  disclosure of which would implicate the rights of third parties to protect private,

5  confidential, proprietary or trade secret information. Larian also objects to this

6  request on the grounds that it seeks confidential, proprietary or commercially

7  sensitive information, the disclosure of which would be inimical to the business

8  interests of Larian and one or more third parties. Larian also objects to this request

9  to the extent it calls for the disclosure of attorney-client privileged information or

10  information protected from disclosure by the work-product doctrine, joint defense

11  or common interest privilege, or other privilege. Larian also objects to this request

12  to the extent it seeks documents not within Larian's possession, custody or control.

13       Subject to the foregoing, Larian will produce any personal documents

14  dated prior to January 1, 2001, that are relevant and responsive to the request, if

15  any, and that have not already been produced, that he discovers in the course of his

16  reasonable search and diligent inquiry, which are within the permissible scope of

17  discovery, and to which no privilege or other protection applies, including without

18  limitation, the attorney-client privilege or attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 69:**

20       All DOCUMENTS RELATING TO any actual, potential, proposed,

21  considered or contemplated work, activities or services, including without

22  limitation any freelance work or consulting services, by Maureen Mullen for, with

23  or on behalf of YOU or MGA.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

25       Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein. Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

1   calculated to lead to the discovery of admissible evidence. Larian also objects to

2   this request on the ground that it is overbroad, unduly burdensome, and oppressive

3   in seeking all documents relating to any work, activities or services that Maureen

4   Mullen performed for or with Larian or MGA or on their behalf, without limitation

5   as to time. Larian also objects to this request on the grounds that it is vague and

6   ambiguous in that Larian cannot determine what is meant by "activities or services"

7   and "with or on behalf of YOU or MGA." Larian will interpret "activities or

8   services" to mean "work or services," and "with" to mean "on behalf of." Larian

9   also objects to this request to the extent it seeks information the disclosure of which

10   would implicate the rights of third parties to protect private, confidential,

11   proprietary or trade secret information. Larian also objects to this request on the

12   grounds that it seeks confidential, proprietary or commercially sensitive

13   information, the disclosure of which would be inimical to the business interests of

14   Larian and one or more third parties. Larian also objects to this request to the

15   extent it calls for the disclosure of attorney-client privileged information or

16   information protected from disclosure by the work-product doctrine, joint defense

17   or common interest privilege, or other privilege. Larian also objects to this request

18   to the extent it seeks documents not within Larian's possession, custody or control.

19   **REQUEST FOR PRODUCTION NO. 70:**

20           All DOCUMENTS RELATING TO any actual, potential, proposed,

21   considered or contemplated work, activities or services, including without

22   limitation any freelance work or consulting services, by Billy Ragsdale for, with or

23   on behalf of YOU or MGA.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

25           Larian incorporates by reference the above-stated general objections as

26   if fully set forth herein. Larian also specifically objects to this request on the

27   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28   information not relevant to the subject matter of this lawsuit or reasonably

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  calculated to lead to the discovery of admissible evidence. Larian also objects to

2  this request on the ground that it is overbroad, unduly burdensome, and oppressive

3  in seeking all documents relating to any work, activities or services that Billy

4  Ragsdale performed for or with Larian or MGA or on their behalf, without

5  limitation as to time. Larian also objects to this request on the grounds that it is

6  vague and ambiguous in that Larian cannot determine what is meant by "activities

7  or services" and "with or on behalf of YOU or MGA." Larian will interpret

8  "activities or services" to mean "work or services," and "with" to mean "on behalf

9  of." Larian also objects to this request to the extent it seeks information the

10 disclosure of which would implicate the rights of third parties to protect private,

11 confidential, proprietary or trade secret information. Larian also objects to this

12 request on the grounds that it seeks confidential, proprietary or commercially

13 sensitive information, the disclosure of which would be inimical to the business

14 interests of Larian and one or more third parties. Larian also objects to this request

15 to the extent it calls for the disclosure of attorney-client privileged information or

16 information protected from disclosure by the work-product doctrine, joint defense

17 or common interest privilege, or other privilege. Larian also objects to this request

18 to the extent it seeks documents not within Larian's possession, custody or control.

19         Subject to the foregoing, Larian will produce any personal documents

20 dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

21 request, if any, and that have not already been produced, that he discovers in the

22 course of his reasonable search and diligent inquiry, which are within the

23 permissible scope of discovery, and to which no privilege or other protection

24 applies, including without limitation, the attorney-client privilege or attorney's

25 work product doctrine.

26 **REQUEST FOR PRODUCTION NO. 71:**

27         All DOCUMENTS RELATING TO any actual, potential, proposed,

28 considered or contemplated work, activities or services, including without

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   limitation any freelance work or consulting services, by Wendy Ragsdale for, with

2   or on behalf of YOU or MGA.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

4           Larian incorporates by reference the above-stated general objections as

5   if fully set forth herein.  Larian also specifically objects to this request on the

6   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7   information not relevant to the subject matter of this lawsuit or reasonably

8   calculated to lead to the discovery of admissible evidence.  Larian also objects to

9   this request on the ground that it is overbroad, unduly burdensome, and oppressive

10  in seeking all documents relating to any work, activities or services that Wendy

11  Ragsdale performed for or with Larian or MGA or on their behalf, without

12  limitation as to time.  Larian also objects to this request on the grounds that it is

13  vague and ambiguous in that Larian cannot determine what is meant by "activities

14  or services" and "with or on behalf of YOU or MGA."  Larian will interpret

15  "activities or services" to mean "work or services," and "with" to mean "on behalf

16  of."  Larian also objects to this request to the extent it seeks information the

17  disclosure of which would implicate the rights of third parties to protect private,

18  confidential, proprietary or trade secret information.  Larian also objects to this

19  request on the grounds that it seeks confidential, proprietary or commercially

20  sensitive information, the disclosure of which would be inimical to the business

21  interests of Larian and one or more third parties.  Larian also objects to this request

22  to the extent it calls for the disclosure of attorney-client privileged information or

23  information protected from disclosure by the work-product doctrine, joint defense

24  or common interest privilege, or other privilege.  Larian also objects to this request

25  to the extent it seeks documents not within Larian's possession, custody or control.

26          Subject to the foregoing, Larian will produce any personal documents

27  dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

28  request, if any, and that have not already been produced, that he discovers in the

- 75 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 77

1  course of his reasonable search and diligent inquiry, which are within the

2  permissible scope of discovery, and to which no privilege or other protection

3  applies, including without limitation, the attorney-client privilege or attorney's

4  work product doctrine.

5  **REQUEST FOR PRODUCTION NO. 72:**

6          All DOCUMENTS RELATING TO any actual, potential, proposed,

7  considered or contemplated work, activities or services, including without

8  limitation any freelance work or consulting services, by David Dees for, with or on

9  behalf of YOU or MGA.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

11         Larian incorporates by reference the above-stated general objections as

12 if fully set forth herein.  Larian also specifically objects to this request on the

13 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

14 information not relevant to the subject matter of this lawsuit or reasonably

15 calculated to lead to the discovery of admissible evidence.  Larian also objects to

16 this request on the ground that it is overbroad, unduly burdensome, and oppressive

17 in seeking all documents relating to any work, activities or services that David Dees

18 performed for or with Larian or MGA or on their behalf, without limitation as to

19 time.  Larian also objects to this request on the grounds that it is vague and

20 ambiguous in that Larian cannot determine what is meant by "activities or services"

21 and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

22 services" to mean "work or services," and "with" to mean "on behalf of."  Larian

23 also objects to this request to the extent it seeks information the disclosure of which

24 would implicate the rights of third parties to protect private, confidential,

25 proprietary or trade secret information.  Larian also objects to this request on the

26 grounds that it seeks confidential, proprietary or commercially sensitive

27 information, the disclosure of which would be inimical to the business interests of

28 Larian and one or more third parties.  Larian also objects to this request to the

- 76 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV-04-9049 SGL (RNBX)

1    extent it calls for the disclosure of attorney-client privileged information or

2    information protected from disclosure by the work-product doctrine, joint defense

3    or common interest privilege, or other privilege.  Larian also objects to this request

4    to the extent it seeks documents not within Larian's possession, custody or control.

5         Subject to the foregoing, Larian will produce any personal documents

6    dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

7    request, if any, and that have not already been produced, that he discovers in the

8    course of his reasonable search and diligent inquiry, which are within the

9    permissible scope of discovery, and to which no privilege or other protection

10   applies, including without limitation, the attorney-client privilege or attorney's

11   work product doctrine.

12   **REQUEST FOR PRODUCTION NO. 73:**

13        All DOCUMENTS RELATING TO any actual, potential, proposed,

14   considered or contemplated work, activities or services, including without

15   limitation any freelance work or consulting services, by Steve Linker for, with or on

16   behalf of YOU or MGA.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

18        Larian incorporates by reference the above-stated general objections as

19   if fully set forth herein.  Larian also specifically objects to this request on the

20   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21   information not relevant to the subject matter of this lawsuit or reasonably

22   calculated to lead to the discovery of admissible evidence.  Larian also objects to

23   this request on the ground that it is overbroad, unduly burdensome, and oppressive

24   in seeking all documents relating to any work, activities or services that Steve

25   Linker performed for or with Larian or MGA or on their behalf, without limitation

26   as to time.  Larian also objects to this request on the grounds that it is vague and

27   ambiguous in that Larian cannot determine what is meant by "activities or services"

28   and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

- 77 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 79

1   services" to mean "work or services," and "with" to mean "on behalf of." Larian

2   also objects to this request to the extent it seeks information the disclosure of which

3   would implicate the rights of third parties to protect private, confidential,

4   proprietary or trade secret information. Larian also objects to this request on the

5   grounds that it seeks confidential, proprietary or commercially sensitive

6   information, the disclosure of which would be inimical to the business interests of

7   Larian and one or more third parties. Larian also objects to this request to the

8   extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense

10  or common interest privilege, or other privilege. Larian also objects to this request

11  to the extent it seeks documents not within Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce any personal documents

13  dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

14  request, if any, and that have not already been produced, that he discovers in the

15  course of his reasonable search and diligent inquiry, which are within the

16  permissible scope of discovery, and to which no privilege or other protection

17  applies, including without limitation, the attorney-client privilege or attorney's

18  work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 74:**

20          All DOCUMENTS RELATING TO Steve Linker and RELATING TO

21  any time prior to December 31, 2001 (regardless of when such document was

22  prepared, written, transmitted or received, whether in whole or in part).

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence. Larian also objects to

- 78 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   this request on the grounds that it seeks confidential, proprietary or commercially

2   sensitive information, the disclosure of which would be inimical to the business

3   interests of Larian and one or more third parties. Larian also objects to this request

4   to the extent it calls for the disclosure of attorney-client privileged information or

5   information protected from disclosure by the work-product doctrine, joint defense

6   or common interest privilege, or other privilege. Larian also objects to this request

7   to the extent it seeks documents not within Larian's possession, custody or control.

8          Subject to the foregoing, Larian will produce any personal documents

9   dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

10  request, if any, and that have not already been produced, that he discovers in the

11  course of his reasonable search and diligent inquiry, which are within the

12  permissible scope of discovery, and to which no privilege or other protection

13  applies, including without limitation, the attorney-client privilege or attorney's

14  work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 75:**

16         All DOCUMENTS RELATING TO any actual, potential, proposed,

17  considered or contemplated work, activities or services, including without

18  limitation any freelance work or consulting services, by Liz Hogan for, with or on

19  behalf of YOU or MGA.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

21         Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein. Larian also specifically objects to this request on the

23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence. Larian also objects to

26  this request on the ground that it is overbroad, unduly burdensome, and oppressive

27  in seeking all documents relating to any work, activities or services that Liz Hogan

28  performed for or with Larian or MGA or on their behalf, without limitation as to

- 79 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    time. Larian also objects to this request on the grounds that it is vague and

2    ambiguous in that Larian cannot determine what is meant by "activities or services"

3    and "with or on behalf of YOU or MGA." Larian will interpret "activities or

4    services" to mean "work or services," and "with" to mean "on behalf of." Larian

5    also objects to this request to the extent it seeks information the disclosure of which

6    would implicate the rights of third parties to protect private, confidential,

7    proprietary or trade secret information. Larian also objects to this request on the

8    grounds that it seeks confidential, proprietary or commercially sensitive

9    information, the disclosure of which would be inimical to the business interests of

10   Larian and one or more third parties. Larian also objects to this request to the

11   extent it calls for the disclosure of attorney-client privileged information or

12   information protected from disclosure by the work-product doctrine, joint defense

13   or common interest privilege, or other privilege. Larian also objects to this request

14   to the extent it seeks documents not within Larian's possession, custody or control.

15          Subject to the foregoing, Larian will produce any personal documents

16   dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

17   request, if any, and that have not already been produced, that he discovers in the

18   course of his reasonable search and diligent inquiry, which are within the

19   permissible scope of discovery, and to which no privilege or other protection

20   applies, including without limitation, the attorney-client privilege or attorney's

21   work product doctrine.

22   **REQUEST FOR PRODUCTION NO. 76:**

23          All DOCUMENTS RELATING TO any actual, potential, proposed,

24   considered or contemplated work, activities or services, including without

25   limitation any freelance work or consulting services, by Amy Meyers for, with or

26   on behalf of YOU or MGA.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

28          Larian incorporates by reference the above-stated general objections as

- 80 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 82

1   if fully set forth herein.  Larian also specifically objects to this request on the

2   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3   information not relevant to the subject matter of this lawsuit or reasonably

4   calculated to lead to the discovery of admissible evidence.  Larian also objects to

5   this request on the ground that it is overbroad, unduly burdensome, and oppressive

6   in seeking all documents relating to any work, activities or services that Amy

7   Meyers performed for or with Larian or MGA or on their behalf, without limitation

8   as to time.  Larian also objects to this request on the grounds that it is vague and

9   ambiguous in that Larian cannot determine what is meant by "activities or services"

10  and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

11  services" to mean "work or services," and "with" to mean "on behalf of."  Larian

12  also objects to this request to the extent it seeks information the disclosure of which

13  would implicate the rights of third parties to protect private, confidential,

14  proprietary or trade secret information.  Larian also objects to this request on the

15  grounds that it seeks confidential, proprietary or commercially sensitive

16  information, the disclosure of which would be inimical to the business interests of

17  Larian and one or more third parties.  Larian also objects to this request to the

18  extent it calls for the disclosure of attorney-client privileged information or

19  information protected from disclosure by the work-product doctrine, joint defense

20  or common interest privilege, or other privilege.  Larian also objects to this request

21  to the extent it seeks documents not within Larian's possession, custody or control.

22          Subject to the foregoing, Larian will produce any personal documents

23  dated prior to June 1, 2001, relating to Prayer Angels that are relevant and

24  responsive to the request, if any, and that have not already been produced, that he

25  discovers in the course of his reasonable search and diligent inquiry, which are

26  within the permissible scope of discovery, and to which no privilege or other

27  protection applies, including without limitation, the attorney-client privilege or

28  attorney's work product doctrine.

- 81 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)