# EXHIBIT A
# (Part 2 of 4)

1 | **REQUEST FOR PRODUCTION NO. 77:**

2 |      To the extent not covered by other Requests, all DOCUMENTS

3 | RELATING TO any actual, potential, proposed, considered or contemplated work,

4 | activities or services, including without limitation any freelance work or consulting

5 | services, by any PERSON RELATING TO BRATZ prior to December 31, 2001.

6 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

7 |      Larian incorporates by reference the above-stated general objections as

8 | if fully set forth herein. Larian also specifically objects to this request on the

9 | grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10 | information not relevant to the subject matter of this lawsuit or reasonably

11 | calculated to lead to the discovery of admissible evidence. Larian also objects to

12 | this request on the ground that it is overbroad, unduly burdensome, and oppressive

13 | in seeking all documents relating to any work, activities or services relating to Bratz

14 | that any person performed. Larian also objects to this request on the grounds that it

15 | is vague and ambiguous in that Larian cannot determine what is meant by

16 | "activities or services." Larian will interpret "activities or services" to mean "work

17 | or services." Larian also objects to this request to the extent it seeks information

18 | the disclosure of which would implicate the rights of third parties to protect private,

19 | confidential, proprietary or trade secret information. Larian also objects to this

20 | request on the grounds that it seeks confidential, proprietary or commercially

21 | sensitive information, the disclosure of which would be inimical to the business

22 | interests of Larian and one or more third parties. Larian also objects to this request

23 | to the extent it calls for the disclosure of attorney-client privileged information or

24 | information protected from disclosure by the work-product doctrine, joint defense

25 | or common interest privilege, or other privilege. Larian also objects to this request

26 | to the extent it seeks documents not within Larian's possession, custody or control.

27 |      Subject to the foregoing, Larian will produce any personal documents

28 | dated prior to June 1, 2001, that are relevant and responsive to the request, if any,

- 82 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  and that have not already been produced, that he discovers in the course of his

2  reasonable search and diligent inquiry, which are within the permissible scope of

3  discovery, and to which no privilege or other protection applies, including without

4  limitation, the attorney-client privilege or attorney's work product doctrine.

5  **REQUEST FOR PRODUCTION NO. 78:**

6        To the extent not covered by other Requests, all DOCUMENTS

7  RELATING TO any actual, potential, proposed, considered or contemplated work,

8  activities or services, including without limitation any freelance work or consulting

9  services, by any PERSON RELATING TO ANGEL prior to December 31, 2001.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

11        Larian incorporates by reference the above-stated general objections as

12  if fully set forth herein. Larian also specifically objects to this request on the

13  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

14  information not relevant to the subject matter of this lawsuit or reasonably

15  calculated to lead to the discovery of admissible evidence. Larian also objects to

16  this request on the ground that it is overbroad, unduly burdensome, and oppressive

17  in seeking all documents relating to any work, activities or services relating to

18  Angel that any person performed. Larian also objects to this request on the grounds

19  that it is vague and ambiguous in that Larian cannot determine what is meant by

20  "activities or services." Larian will interpret "activities or services" to mean "work

21  or services." Larian also objects to this request to the extent it seeks information

22  the disclosure of which would implicate the rights of third parties to protect private,

23  confidential, proprietary or trade secret information. Larian also objects to this

24  request on the grounds that it seeks confidential, proprietary or commercially

25  sensitive information, the disclosure of which would be inimical to the business

26  interests of Larian and one or more third parties. Larian also objects to this request

27  to the extent it calls for the disclosure of attorney-client privileged information or

28  information protected from disclosure by the work-product doctrine, joint defense

- 83 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  or common interest privilege, or other privilege.  Larian also objects to this request

2  to the extent it seeks documents not within Larian's possession, custody or control.

3          Subject to the foregoing, Larian will produce any personal documents

4  sufficient to show the achievement of major milestones on Prayer Angels dated

5  prior to January 1, 2001, that are relevant and responsive to the request, if any, and

6  that have not already been produced, that he discovers in the course of his

7  reasonable search and diligent inquiry, which are within the permissible scope of

8  discovery, and to which no privilege or other protection applies, including without

9  limitation, the attorney-client privilege or attorney's work product doctrine.

10  **REQUEST FOR PRODUCTION NO. 79:**

11          All DOCUMENTS RELATING TO any focus groups RELATING TO

12  BRATZ and/or ANGEL, including without limitation all videotapes, summaries,

13  notes and reports associated therewith.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

15          Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also objects to

20  this request on the grounds that it seeks confidential, proprietary or commercially

21  sensitive information, the disclosure of which would be inimical to the business

22  interests of Larian and one or more third parties.  Larian also objects to this request

23  to the extent it calls for the disclosure of attorney-client privileged information or

24  information protected from disclosure by the work-product doctrine, joint defense

25  or common interest privilege, or other privilege.  Larian also objects to this request

26  to the extent it seeks information the disclosure of which would implicate the rights

27  of third parties to protect private, confidential, proprietary or trade secret

28  information.  Larian also objects to this request to the extent it seeks documents not

1  within Larian's possession, custody or control.

2  **REQUEST FOR PRODUCTION NO. 80:**

3       All DOCUMENTS RELATING TO any services or work performed

4  by L.A. Focus between January 1, 1999 and December 31, 2001, including without

5  limitation all videotapes, summaries, notes and reports associated therewith.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

7       Larian incorporates by reference the above-stated general objections as

8  if fully set forth herein.  Larian also specifically objects to this request on the

9  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably

11  calculated to lead to the discovery of admissible evidence.  Larian also objects to

12  this request on the ground that it is overbroad, unduly burdensome, and oppressive

13  in seeking all documents relating to any services or work that L.A. Focus

14  performed, regardless of the individuals or companies for whom those services

15  were performed.  Larian also objects to this request to the extent it seeks

16  information the disclosure of which would implicate the rights of third parties to

17  protect private, confidential, proprietary or trade secret information.  Larian also

18  objects to this request on the grounds that it seeks confidential, proprietary or

19  commercially sensitive information, the disclosure of which would be inimical to

20  the business interests of Larian and one or more third parties.  Larian also objects to

21  this request to the extent it calls for the disclosure of attorney-client privileged

22  information or information protected from disclosure by the work-product doctrine,

23  joint defense or common interest privilege, or other privilege.  Larian also objects

24  to this request to the extent it seeks documents not within Larian's possession,

25  custody or control.

26  **REQUEST FOR PRODUCTION NO. 81:**

27       All DOCUMENTS RELATING TO Alaska Momma.

28

- 85 -

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

2          Larian incorporates by reference the above-stated general objections as

3  if fully set forth herein.  Larian also specifically objects to this request on the

4  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5  information not relevant to the subject matter of this lawsuit or reasonably

6  calculated to lead to the discovery of admissible evidence.  Larian also objects to

7  this request on the ground that it is overbroad, unduly burdensome, and oppressive

8  in seeking all documents relating to Alaska Momma, without limitation as to

9  subject matter or time.  Larian also objects to this request to the extent it seeks

10  information the disclosure of which would implicate the rights of third parties to

11  protect private, confidential, proprietary or trade secret information.  Larian also

12  objects to this request on the grounds that it seeks confidential, proprietary or

13  commercially sensitive information, the disclosure of which would be inimical to

14  the business interests of Larian and one or more third parties.  Larian also objects to

15  this request to the extent it calls for the disclosure of attorney-client privileged

16  information or information protected from disclosure by the work-product doctrine,

17  joint defense or common interest privilege, or other privilege.  Larian also objects

18  to this request to the extent it seeks documents not within Larian's possession,

19  custody or control.

20  **REQUEST FOR PRODUCTION NO. 82:**

21          All DOCUMENTS RELATING TO any actual, potential, proposed,

22  considered or contemplated agreement or contract between YOU or MGA and

23  Anna Rhee, including without limitation all drafts thereof and amendments,

24  modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

26          Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein. Larian also specifically objects to this request on the

28  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

- 86 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   information not relevant to the subject matter of this lawsuit or reasonably

2   calculated to lead to the discovery of admissible evidence. Larian also objects to

3   this request on the grounds that it is overbroad, unlimited as to time, and unduly

4   burdensome and oppressive. Larian also objects to this request on the grounds that

5   it seeks information in violation of the right of privacy. Larian also objects to this

6   request on the grounds that it seeks confidential, proprietary or commercially

7   sensitive information, the disclosure of which would be inimical to the business

8   interests of Larian and one or more third parties. Larian also objects to this request

9   to the extent it calls for the disclosure of attorney-client privileged information or

10  information protected from disclosure by the work-product doctrine, joint defense

11  or common interest privilege, or other privilege. Larian also objects to this request

12  to the extent it seeks documents not within Larian's possession, custody or control.

13          Subject to the foregoing, Larian will produce any personal documents

14  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

15  and responsive to the request, if any, and that have not already been produced, that

16  he discovers in the course of his reasonable search and diligent inquiry, which are

17  within the permissible scope of discovery, and to which no privilege or other

18  protection applies, including without limitation, the attorney-client privilege or

19  attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 83:**

21          All DOCUMENTS RELATING TO any payments of money or the

22  transfer of anything of value to Anna Rhee or her FAMILY MEMBERS.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence. Larian also objects to

- 87 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    this request on the grounds that it is overbroad, unlimited as to time, and unduly

2    burdensome and oppressive. Larian also objects to this request on the grounds that

3    it seeks information in violation of the right of privacy. Larian also objects to this

4    request on the grounds that it seeks confidential, proprietary or commercially

5    sensitive information, the disclosure of which would be inimical to the business

6    interests of Larian and one or more third parties. Larian also objects to this request

7    to the extent it calls for the disclosure of attorney-client privileged information or

8    information protected from disclosure by the work-product doctrine, joint defense

9    or common interest privilege, or other privilege. Larian also objects to this request

10   to the extent it seeks documents not within Larian's possession, custody or control.

11          Subject to the foregoing, Larian will produce any personal documents

12   dated prior to June 1, 2001, relating to Bratz or Prayer Angels that are relevant and

13   responsive to the request, if any, and that have not already been produced, that he

14   discovers in the course of his reasonable search and diligent inquiry, which are

15   within the permissible scope of discovery, and to which no privilege or other

16   protection applies, including without limitation, the attorney-client privilege or

17   attorney's work product doctrine.

18   **REQUEST FOR PRODUCTION NO. 84:**

19          All DOCUMENTS RELATING TO any actual, potential, proposed,

20   considered or contemplated agreement or contract between YOU or MGA and

21   Veronica Marlow or her FAMILY MEMBERS, including without limitation all

22   drafts thereof and amendments, modifications and revisions thereto, and all

23   COMMUNICATIONS relating thereto.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

25          Larian incorporates by reference the above-stated general objections as

26   if fully set forth herein. Larian also specifically objects to this request on the

27   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28   information not relevant to the subject matter of this lawsuit or reasonably

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 90

1  calculated to lead to the discovery of admissible evidence.  Larian also objects to

2  this request on the grounds that it is overbroad, unlimited as to time, and unduly

3  burdensome and oppressive.  Larian also objects to this request on the grounds that

4  it seeks information in violation of the right of privacy.  Larian also objects to this

5  request on the grounds that it seeks confidential, proprietary or commercially

6  sensitive information, the disclosure of which would be inimical to the business

7  interests of Larian and one or more third parties.  Larian also objects to this request

8  to the extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense

10  or common interest privilege, or other privilege.  Larian also objects to this request

11  to the extent it seeks documents not within Larian's possession, custody or control.

12         Subject to the foregoing, Larian will produce any personal documents

13  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

14  and responsive to the request, if any, and that have not already been produced, that

15  he discovers in the course of his reasonable search and diligent inquiry, which are

16  within the permissible scope of discovery, and to which no privilege or other

17  protection applies, including without limitation, the attorney-client privilege or

18  attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 85:**

20         All DOCUMENTS RELATING TO any payments of money or the

21  transfer of anything of value to Veronica Marlow or her FAMILY MEMBERS.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

23         Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein. Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence.  Larian also objects to

28  this request on the grounds that it is overbroad, unlimited as to time, and unduly

1    burdensome and oppressive.  Larian also objects to this request on the grounds that

2    it seeks information in violation of the right of privacy.  Larian also objects to this

3    request on the grounds that it seeks confidential, proprietary or commercially

4    sensitive information, the disclosure of which would be inimical to the business

5    interests of Larian and one or more third parties.  Larian also objects to this request

6    to the extent it calls for the disclosure of attorney-client privileged information or

7    information protected from disclosure by the work-product doctrine, joint defense

8    or common interest privilege, or other privilege.  Larian also objects to this request

9    to the extent it seeks documents not within Larian's possession, custody or control.

10           Subject to the foregoing, Larian will produce any personal documents

11   dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

12   and responsive to the request, if any, and that have not already been produced, that

13   he discovers in the course of his reasonable search and diligent inquiry, which are

14   within the permissible scope of discovery, and to which no privilege or other

15   protection applies, including without limitation, the attorney-client privilege or

16   attorney's work product doctrine.

17   **REQUEST FOR PRODUCTION NO. 86:**

18           All DOCUMENTS RELATING TO any actual, potential, proposed,

19   considered or contemplated agreement or contract between YOU or MGA and

20   Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or

21   her FAMILY MEMBERS, including without limitation all drafts thereof and

22   amendments, modifications and revisions thereto, and all COMMUNICATIONS

23   relating thereto.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

25           Larian incorporates by reference the above-stated general objections as

26   if fully set forth herein.  Larian also specifically objects to this request on the

27   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28   information not relevant to the subject matter of this lawsuit or reasonably

- 90 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   calculated to lead to the discovery of admissible evidence.  Larian also objects to

2   this request on the grounds that it seeks information in violation of the right of

3   privacy.  Larian also objects to this request on the grounds that it is overbroad,

4   unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

5   this request on the grounds that it seeks confidential, proprietary or commercially

6   sensitive information, the disclosure of which would be inimical to the business

7   interests of Larian and one or more third parties.  Larian also objects to this request

8   to the extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense

10   or common interest privilege, or other privilege.  Larian also objects to this request

11   to the extent it seeks documents not within Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce any personal documents

13   dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

14   and responsive to the request, if any, and that have not already been produced, that

15   he discovers in the course of his reasonable search and diligent inquiry, which are

16   within the permissible scope of discovery, and to which no privilege or other

17   protection applies, including without limitation, the attorney-client privilege or

18   attorney's work product doctrine.

19   **REQUEST FOR PRODUCTION NO. 87:**

20          All DOCUMENTS RELATING TO any payments of money or the

21   transfer of anything of value to Margaret Hatch (also known as Margaret Leahy

22   and/or Margaret Hatch-Leahy) or her FAMILY MEMBERS.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

24          Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein.  Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence.  Larian also objects to

- 91 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    this request on the grounds that it is overbroad, unlimited as to time, and unduly

2    burdensome and oppressive.  Larian also objects to this request on the grounds that

3    it seeks information in violation of the right of privacy.  Larian also objects to this

4    request on the grounds that it seeks confidential, proprietary or commercially

5    sensitive information, the disclosure of which would be inimical to the business

6    interests of Larian and one or more third parties.  Larian also objects to this request

7    to the extent it calls for the disclosure of attorney-client privileged information or

8    information protected from disclosure by the work-product doctrine, joint defense

9    or common interest privilege, or other privilege.  Larian also objects to this request

10   to the extent it seeks documents not within Larian's possession, custody or control.

11           Subject to the foregoing, Larian will produce any personal documents

12   dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

13   and responsive to the request, if any, and that have not already been produced, that

14   he discovers in the course of his reasonable search and diligent inquiry, which are

15   within the permissible scope of discovery, and to which no privilege or other

16   protection applies, including without limitation, the attorney-client privilege or

17   attorney's work product doctrine.

18   **REQUEST FOR PRODUCTION NO. 88:**

19           All DOCUMENTS RELATING TO any actual, potential, proposed,

20   considered or contemplated agreement or contract between YOU or MGA and

21   Sarah Halpern or her FAMILY MEMBERS, including without limitation all drafts

22   thereof and amendments, modifications and revisions thereto, and all

23   COMMUNICATIONS relating thereto.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

25           Larian incorporates by reference the above-stated general objections as

26   if fully set forth herein.  Larian also specifically objects to this request on the

27   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28   information not relevant to the subject matter of this lawsuit or reasonably

- 92 -

1  calculated to lead to the discovery of admissible evidence. Larian also objects to

2  this request on the grounds that it seeks information in violation of the right of

3  privacy. Larian also objects to this request on the grounds that it is overbroad,

4  unlimited as to time, and unduly burdensome and oppressive. Larian also objects to

5  this request on the grounds that it seeks confidential, proprietary or commercially

6  sensitive information, the disclosure of which would be inimical to the business

7  interests of Larian and one or more third parties. Larian also objects to this request

8  to the extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense

10  or common interest privilege, or other privilege. Larian also objects to this request

11  to the extent it seeks documents not within Larian's possession, custody or control.

12  Subject to the foregoing, Larian will produce any personal documents

13  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

14  and responsive to the request, if any, and that have not already been produced, that

15  he discovers in the course of his reasonable search and diligent inquiry, which are

16  within the permissible scope of discovery, and to which no privilege or other

17  protection applies, including without limitation, the attorney-client privilege or

18  attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 89:**

20  All DOCUMENTS RELATING TO any payments of money or the

21  transfer of anything of value to Sarah Halpern or her FAMILY MEMBERS.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

23  Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein. Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence. Larian also objects to

28  this request on the grounds that it is overbroad, unlimited as to time, and unduly

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   burdensome and oppressive.  Larian also objects to this request on the grounds that

2   it seeks information in violation of the right of privacy.  Larian also objects to this

3   request on the grounds that it seeks confidential, proprietary or commercially

4   sensitive information, the disclosure of which would be inimical to the business

5   interests of Larian and one or more third parties.  Larian also objects to this request

6   to the extent it calls for the disclosure of attorney-client privileged information or

7   information protected from disclosure by the work-product doctrine, joint defense

8   or common interest privilege, or other privilege.  Larian also objects to this request

9   to the extent it seeks documents not within Larian's possession, custody or control.

10          Subject to the foregoing, Larian will produce any personal documents

11  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

12  and responsive to the request, if any, and that have not already been produced, that

13  he discovers in the course of his reasonable search and diligent inquiry, which are

14  within the permissible scope of discovery, and to which no privilege or other

15  protection applies, including without limitation, the attorney-client privilege or

16  attorney's work product doctrine.

17  **REQUEST FOR PRODUCTION NO. 90:**

18          All DOCUMENTS RELATING TO any actual, potential, proposed,

19  considered or contemplated agreement or contract between YOU or MGA and Jesse

20  Ramirez or his FAMILY MEMBERS, including without limitation all drafts

21  thereof and amendments, modifications and revisions thereto, and all

22  COMMUNICATIONS relating thereto.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also objects to

- 94 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 96

1    this request on the grounds that it seeks information in violation of the right of

2    privacy. Larian also objects to this request on the grounds that it is overbroad,

3    unlimited as to time, and unduly burdensome and oppressive. Larian also objects to

4    this request on the grounds that it seeks confidential, proprietary or commercially

5    sensitive information, the disclosure of which would be inimical to the business

6    interests of Larian and one or more third parties. Larian also objects to this request

7    to the extent it calls for the disclosure of attorney-client privileged information or

8    information protected from disclosure by the work-product doctrine, joint defense

9    or common interest privilege, or other privilege. Larian also objects to this request

10   to the extent it seeks documents not within Larian's possession, custody or control.

11            Subject to the foregoing, Larian will produce any personal documents

12   dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

13   and responsive to the request, if any, and that have not already been produced, that

14   he discovers in the course of his reasonable search and diligent inquiry, which are

15   within the permissible scope of discovery, and to which no privilege or other

16   protection applies, including without limitation, the attorney-client privilege or

17   attorney's work product doctrine.

18   **REQUEST FOR PRODUCTION NO. 91:**

19            All DOCUMENTS RELATING TO any actual, potential, proposed,

20   considered or contemplated agreement or contract between YOU or MGA and Elise

21   Cloonan or her FAMILY MEMBERS, including without limitation all drafts

22   thereof and amendments, modifications and revisions thereto, and all

23   COMMUNICATIONS relating thereto.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

25            Larian incorporates by reference the above-stated general objections as

26   if fully set forth herein. Larian also specifically objects to this request on the

27   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28   information not relevant to the subject matter of this lawsuit or reasonably

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   calculated to lead to the discovery of admissible evidence. Larian also objects to

2   this request on the grounds that it seeks information in violation of the right of

3   privacy. Larian also objects to this request on the grounds that it is overbroad,

4   unlimited as to time, and unduly burdensome and oppressive. Larian also objects to

5   this request on the grounds that it seeks confidential, proprietary or commercially

6   sensitive information, the disclosure of which would be inimical to the business

7   interests of Larian and one or more third parties. Larian also objects to this request

8   to the extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense

10  or common interest privilege, or other privilege. Larian also objects to this request

11  to the extent it seeks documents not within Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce any personal documents

13  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

14  and responsive to the request, if any, and that have not already been produced, that

15  he discovers in the course of his reasonable search and diligent inquiry, which are

16  within the permissible scope of discovery, and to which no privilege or other

17  protection applies, including without limitation, the attorney-client privilege or

18  attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 92:**

20          All DOCUMENTS RELATING TO any payments of money or the

21  transfer of anything of value to Elise Cloonan or her FAMILY MEMBERS.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

23          Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein. Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence. Larian also objects to

28  this request on the grounds that it is overbroad, unlimited as to time, and unduly

1  burdensome and oppressive. Larian also objects to this request on the grounds that

2  it seeks information in violation of the right of privacy. Larian also objects to this

3  request on the grounds that it seeks confidential, proprietary or commercially

4  sensitive information, the disclosure of which would be inimical to the business

5  interests of Larian and one or more third parties. Larian also objects to this request

6  to the extent it calls for the disclosure of attorney-client privileged information or

7  information protected from disclosure by the work-product doctrine, joint defense

8  or common interest privilege, or other privilege. Larian also objects to this request

9  to the extent it seeks documents not within Larian's possession, custody or control.

10          Subject to the foregoing, Larian will produce any personal documents

11  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

12  and responsive to the request, if any, and that have not already been produced, that

13  he discovers in the course of his reasonable search and diligent inquiry, which are

14  within the permissible scope of discovery, and to which no privilege or other

15  protection applies, including without limitation, the attorney-client privilege or

16  attorney's work product doctrine.

17  **REQUEST FOR PRODUCTION NO. 93:**

18          All DOCUMENTS RELATING TO any actual, potential, proposed,

19  considered or contemplated agreement or contract between YOU or MGA and

20  Stephen Lee or his FAMILY MEMBERS at any time after January 1, 2003,

21  including without limitation all drafts thereof and amendments, modifications and

22  revisions thereto, and all COMMUNICATIONS relating thereto.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence. Larian also objects to

- 97 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 99

1 | this request on the grounds that it seeks information in violation of the right of

2 | privacy. Larian also objects to this request on the grounds that it seeks confidential,

3 | proprietary or commercially sensitive information, the disclosure of which would

4 | be inimical to the business interests of Larian and one or more third parties. Larian

5 | also objects to this request to the extent it calls for the disclosure of attorney-client

6 | privileged information or information protected from disclosure by the work-

7 | product doctrine, joint defense or common interest privilege, or other privilege.

8 | Larian also objects to this request to the extent it seeks documents not within

9 | Larian's possession, custody or control.

10 | **REQUEST FOR PRODUCTION NO. 94:**

11 |      All DOCUMENTS RELATING TO any actual, potential, proposed,

12 | considered or contemplated agreement or contract between YOU or MGA and

13 | David Dees or his FAMILY MEMBERS, including without limitation all drafts

14 | thereof and amendments, modifications and revisions thereto, and all

15 | COMMUNICATIONS relating thereto.

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

17 |      Larian incorporates by reference the above-stated general objections as

18 | if fully set forth herein. Larian also specifically objects to this request on the

19 | grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20 | information not relevant to the subject matter of this lawsuit or reasonably

21 | calculated to lead to the discovery of admissible evidence. Larian also objects to

22 | this request on the grounds that it seeks information in violation of the right of

23 | privacy. Larian also objects to this request on the grounds that it is overbroad,

24 | unlimited as to time, and unduly burdensome and oppressive. Larian also objects to

25 | this request on the grounds that it seeks confidential, proprietary or commercially

26 | sensitive information, the disclosure of which would be inimical to the business

27 | interests of Larian and one or more third parties. Larian also objects to this request

28 | to the extent it calls for the disclosure of attorney-client privileged information or

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  information protected from disclosure by the work-product doctrine, joint defense

2  or common interest privilege, or other privilege.  Larian also objects to this request

3  to the extent it seeks documents not within Larian's possession, custody or control.

4         Subject to the foregoing, Larian will produce any personal documents

5  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

6  and responsive to the request, if any, and that have not already been produced, that

7  he discovers in the course of his reasonable search and diligent inquiry, which are

8  within the permissible scope of discovery, and to which no privilege or other

9  protection applies, including without limitation, the attorney-client privilege or

10  attorney's work product doctrine.

11  **REQUEST FOR PRODUCTION NO. 95:**

12         All DOCUMENTS RELATING TO any payments of money or the

13  transfer of anything of value to David Dees or her FAMILY MEMBERS.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

15         Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also objects to

20  this request on the grounds that it is overbroad, unlimited as to time, and unduly

21  burdensome and oppressive.  Larian also objects to this request on the grounds that

22  it seeks information in violation of the right of privacy.  Larian also objects to this

23  request on the grounds that it seeks confidential, proprietary or commercially

24  sensitive information, the disclosure of which would be inimical to the business

25  interests of Larian and one or more third parties.  Larian also objects to this request

26  to the extent it calls for the disclosure of attorney-client privileged information or

27  information protected from disclosure by the work-product doctrine, joint defense

28  or common interest privilege, or other privilege.  Larian also objects to this request

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 101

1    to the extent it seeks documents not within Larian's possession, custody or control.

2            Subject to the foregoing, Larian will produce any personal documents

3    dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

4    and responsive to the request, if any, and that have not already been produced, that

5    he discovers in the course of his reasonable search and diligent inquiry, which are

6    within the permissible scope of discovery, and to which no privilege or other

7    protection applies, including without limitation, the attorney-client privilege or

8    attorney's work product doctrine.

9    **REQUEST FOR PRODUCTION NO. 96:**

10           All DOCUMENTS RELATING TO any actual, potential, proposed,

11   considered or contemplated agreement or contract between YOU or MGA and

12   Steve Linker, including without limitation all drafts thereof and amendments,

13   modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

15           Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein.  Larian also specifically objects to this request on the

17   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably

19   calculated to lead to the discovery of admissible evidence.  Larian also objects to

20   this request on the grounds that it seeks information in violation of the right of

21   privacy.  Larian also objects to this request on the grounds that it is overbroad,

22   unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

23   this request on the grounds that it seeks confidential, proprietary or commercially

24   sensitive information, the disclosure of which would be inimical to the business

25   interests of Larian and one or more third parties.  Larian also objects to this request

26   to the extent it calls for the disclosure of attorney-client privileged information or

27   information protected from disclosure by the work-product doctrine, joint defense

28   or common interest privilege, or other privilege.  Larian also objects to this request

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 102

1    to the extent it seeks documents not within Larian's possession, custody or control.

2          Subject to the foregoing, Larian will produce any personal documents

3    dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

4    request, if any, and that have not already been produced, that he discovers in the

5    course of his reasonable search and diligent inquiry, which are within the

6    permissible scope of discovery, and to which no privilege or other protection

7    applies, including without limitation, the attorney-client privilege or attorney's

8    work product doctrine.

9    **REQUEST FOR PRODUCTION NO. 97:**

10         All DOCUMENTS RELATING TO any actual, potential, proposed,

11   considered or contemplated agreement or contract between YOU or MGA and Liz

12   Hogan, including without limitation all drafts thereof and amendments,

13   modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

15         Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein. Larian also specifically objects to this request on the

17   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably

19   calculated to lead to the discovery of admissible evidence. Larian also objects to

20   this request on the grounds that it seeks information in violation of the right of

21   privacy. Larian also objects to this request on the grounds that it is overbroad,

22   unlimited as to time, and unduly burdensome and oppressive. Larian also objects to

23   this request on the grounds that it seeks confidential, proprietary or commercially

24   sensitive information, the disclosure of which would be inimical to the business

25   interests of Larian and one or more third parties. Larian also objects to this request

26   to the extent it calls for the disclosure of attorney-client privileged information or

27   information protected from disclosure by the work-product doctrine, joint defense

28   or common interest privilege, or other privilege. Larian also objects to this request

1    to the extent it seeks documents not within Larian's possession, custody or control.

2            Subject to the foregoing, Larian will produce any personal documents

3    dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

4    request, if any, and that have not already been produced, that he discovers in the

5    course of his reasonable search and diligent inquiry, which are within the

6    permissible scope of discovery, and to which no privilege or other protection

7    applies, including without limitation, the attorney-client privilege or attorney's

8    work product doctrine.

9    **REQUEST FOR PRODUCTION NO. 98:**

10           All DOCUMENTS RELATING TO DESIGNS produced, prepared, created,

11   authored, conceived of or reduced to practice prior to December 31, 2001

12   by Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy),

13   whether alone or jointly with others, in which YOU or MGA have purported at any

14   time to purchase, acquire or own any right, title or interest (whether in whole or in

15   part).

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

17           Larian incorporates by reference the above-stated general objections as

18   if fully set forth herein. Larian also specifically objects to this request to the extent

19   it seeks information not relevant or reasonably calculated to lead to the discovery of

20   admissible evidence and is, thus, overbroad, including, without limitation, seeking

21   documents relating to any designs produced, prepared, created, authored, conceived

22   of or reduced to practice prior to December 31, 2001, by Margaret Leahy, and is

23   therefore not limited to those designs that may be at issue in this litigation. Larian

24   also objects to this request on the grounds that it seeks confidential, proprietary or

25   commercially sensitive information, the disclosure of which would be inimical to

26   the business interests of Larian and one or more third parties. Larian further objects

27   to this request to the extent it seeks information the disclosure of which would

28   implicate the rights of third parties to protect private, confidential, proprietary or

- 102 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 104

1  trade secret information.  Larian also objects to this request to the extent it calls for

2  the disclosure of attorney-client privileged information or information protected

3  from disclosure by the work-product doctrine, joint defense or common interest

4  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

5  documents not within Larian's possession, custody or control.

6           Subject to the foregoing, Larian will produce any personal documents

7  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

8  and responsive to the request, if any, and that have not already been produced, that

9  he discovers in the course of his reasonable search and diligent inquiry, which are

10  within the permissible scope of discovery, and to which no privilege or other

11  protection applies, including without limitation, the attorney-client privilege or

12  attorney's work product doctrine.

13  **REQUEST FOR PRODUCTION NO. 99:**

14           All DOCUMENTS RELATING TO DESIGNS produced, prepared,

15  created, authored, conceived of or reduced to practice prior to December 31, 2001

16  by Anna Rhee, whether alone or jointly with others, in which YOU or MGA have

17  purported at any time to purchase, acquire or own any right, title or interest

18  (whether in whole or in part).

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

20           Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request to the extent

22  it seeks information not relevant or reasonably calculated to lead to the discovery of

23  admissible evidence and is, thus, overbroad, including, without limitation, seeking

24  documents relating to any designs produced, prepared, created, authored, conceived

25  of or reduced to practice prior to December 31, 2001, by Anna Rhee, and is

26  therefore not limited to those designs that may be at issue in this litigation.  Larian

27  also objects to this request on the grounds that it seeks confidential, proprietary or

28  commercially sensitive information, the disclosure of which would be inimical to

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 105

1   the business interests of Larian and one or more third parties.  Larian further objects

2   to this request to the extent it seeks information the disclosure of which would

3   implicate the rights of third parties to protect private, confidential, proprietary or

4   trade secret information.  Larian also objects to this request to the extent it calls for

5   the disclosure of attorney-client privileged information or information protected

6   from disclosure by the work-product doctrine, joint defense or common interest

7   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

8   documents not within Larian's possession, custody or control.

9          Subject to the foregoing, Larian will produce any personal documents

10   dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

11   and responsive to the request, if any, and that have not already been produced, that

12   he discovers in the course of his reasonable search and diligent inquiry, which are

13   within the permissible scope of discovery, and to which no privilege or other

14   protection applies, including without limitation, the attorney-client privilege or

15   attorney's work product doctrine.

16   **REQUEST FOR PRODUCTION NO. 100:**

17          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

18   created, authored, conceived of or reduced to practice prior to January 1, 2001 by

19   Veronica Marlow, whether alone or jointly with others, in which YOU or MGA

20   have purported at any time to purchase, acquire or own any right, title or interest

21   (whether in whole or in part).

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

23          Larian incorporates by reference the above-stated general objections as

24   if fully set forth herein.  Larian also specifically objects to this request to the extent

25   it seeks information not relevant or reasonably calculated to lead to the discovery of

26   admissible evidence and is, thus, overbroad, including, without limitation, seeking

27   documents relating to any designs produced, prepared, created, authored, conceived

28   of or reduced to practice prior to January 1, 2001, by Veronica Marlow, and is

- 104 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   therefore not limited to those designs that may be at issue in this litigation. Larian

2   also objects to this request on the grounds that it seeks confidential, proprietary or

3   commercially sensitive information, the disclosure of which would be inimical to

4   the business interests of Larian and one or more third parties. Larian further objects

5   to this request to the extent it seeks information the disclosure of which would

6   implicate the rights of third parties to protect private, confidential, proprietary or

7   trade secret information. Larian also objects to this request to the extent it calls for

8   the disclosure of attorney-client privileged information or information protected

9   from disclosure by the work-product doctrine, joint defense or common interest

10  privilege, or other privilege. Larian also objects to this request to the extent it seeks

11  documents not within Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce any personal documents

13  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

14  and responsive to the request, if any, and that have not already been produced, that

15  he discovers in the course of his reasonable search and diligent inquiry, which are

16  within the permissible scope of discovery, and to which no privilege or other

17  protection applies, including without limitation, the attorney-client privilege or

18  attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 101:**

20          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

21  created, authored, conceived of or reduced to practice by Elise Cloonan, whether

22  alone or jointly with others, in which YOU or MGA have purported at any time to

23  purchase, acquire or own any right, title or interest (whether in whole or in part).

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

25          Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein. Larian also specifically objects to this request to the extent

27  it seeks information not relevant or reasonably calculated to lead to the discovery of

28  admissible evidence and is, thus, overbroad, including, without limitation, seeking

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  documents relating to any designs produced, prepared, created, authored, conceived
2  of or reduced to practice by Elise Cloonan, and is therefore not limited as to time or
3  as to those designs that may be at issue in this litigation.  Larian also objects to this
4  request on the grounds that it seeks confidential, proprietary or commercially
5  sensitive information, the disclosure of which would be inimical to the business
6  interests of Larian and one or more third parties.  Larian further objects to this
7  request to the extent it seeks information the disclosure of which would implicate
8  the rights of third parties to protect private, confidential, proprietary or trade secret
9  information.  Larian also objects to this request to the extent it calls for the
10  disclosure of attorney-client privileged information or information protected from
11  disclosure by the work-product doctrine, joint defense or common interest
12  privilege, or other privilege.  Larian also objects to this request to the extent it seeks
13  documents not within Larian's possession, custody or control.
14        Subject to the foregoing, Larian will produce any personal documents
15  dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the
16  request, if any, and that have not already been produced, that he discovers in the
17  course of his reasonable search and diligent inquiry, which are within the
18  permissible scope of discovery, and to which no privilege or other protection
19  applies, including without limitation, the attorney-client privilege or attorney's
20  work product doctrine.
21  **REQUEST FOR PRODUCTION NO. 102:**
22        All DOCUMENTS prepared, written, transmitted or received (whether
23  in whole or in part) prior to January 1, 2001 RELATING TO ANGEL.
24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**
25        Larian incorporates by reference the above-stated general objections as
26  if fully set forth herein.  Larian also specifically objects to this request on the
27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
28  information not relevant to the subject matter of this lawsuit or reasonably

- 106 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 108

1   calculated to lead to the discovery of admissible evidence. Larian also specifically

2   objects to this request on the grounds that it seeks confidential, proprietary or

3   commercially sensitive information, the disclosure of which would be inimical to

4   the business interests of Larian. Larian also objects to this request to the extent it

5   calls for the disclosure of attorney-client privileged information or information

6   protected from disclosure by the work-product doctrine, joint defense or common

7   interest privilege, or other privilege. Larian also objects to this request to the extent

8   it seeks documents not within Larian's possession, custody or control.

9          Subject to the foregoing, Larian will produce any personal documents

10  related to the achievement of major milestones for Prayer Angels that are relevant

11  and responsive to the request, if any, and that have not already been produced, that

12  he discovers in the course of his reasonable search and diligent inquiry, which are

13  within the permissible scope of discovery, and to which no privilege or other

14  protection applies, including without limitation, the attorney-client privilege or

15  attorney's work product doctrine.

16  **REQUEST FOR PRODUCTION NO. 103:**

17          All DOCUMENTS RELATING TO ANGEL RELATING TO any

18  time prior to January 1, 2001 (regardless of when such document was prepared,

19  written, transmitted or received, whether in whole or in part).

20  **RESPONSE TO REQUEST FOR REQUEST FOR PRODUCTION NO. 103:**

21          Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein. Larian also specifically objects to this request on the

23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence. Larian also specifically

26  objects to this request in the grounds that it is vague, ambiguous and unintelligible,

27  particularly in its use of the phrase "relating to Angel relating to ay time prior to

28  January 1, 2001." Larian also objects to this request on the grounds that it seeks

- 107 -

1  confidential, proprietary or commercially sensitive information, the disclosure of

2  which would be inimical to the business interests of Larian and one or more third

3  parties. Larian also objects to this request to the extent it calls for the disclosure of

4  attorney-client privileged information or information protected from disclosure by

5  the work-product doctrine, joint defense or common interest privilege, or other

6  privilege. Larian also objects to this request to the extent it seeks documents not

7  within Larian's possession, custody or control.

8          Subject to the foregoing, Larian will produce any personal documents

9  related to the achievement of major milestones for Prayer Angels that are relevant

10  and responsive to the request, if any, and that have not already been produced, that

11  he discovers in the course of his reasonable search and diligent inquiry, which are

12  within the permissible scope of discovery, and to which no privilege or other

13  protection applies, including without limitation, the attorney-client privilege or

14  attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 104:**

16          All DOCUMENTS, including without limitation all

17  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

18  any agreement or contract between Margaret Hatch (also known as Margaret Leahy

19  and/or Margaret Hatch-Leahy) and MATTEL.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

21          Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein. Larian also specifically objects to this request on the

23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence. Larian also objects to

26  this request on the grounds that it seeks information in violation of the right of

27  privacy. Larian also objects to this request on the grounds that it is overbroad,

28  unduly burdensome, and oppressive in seeking all communications between Larian

1   or MGA and any person and without limitation as to time. Larian also objects to
2   this request on the grounds that it seeks confidential, proprietary or commercially
3   sensitive information, the disclosure of which would be inimical to the business
4   interests of Larian and one or more third parties. Larian also objects to this request
5   to the extent it seeks information the disclosure of which would implicate the rights
6   of third parties to protect private, confidential, proprietary or trade secret
7   information. Larian also objects to this request to the extent it calls for the
8   disclosure of attorney-client privileged information or information protected from
9   disclosure by the work-product doctrine, joint defense or common interest
10  privilege, or other privilege. Larian also objects to this request to the extent it seeks
11  documents not within Larian's possession, custody or control.

12  **REQUEST FOR PRODUCTION NO. 105:**

13      All DOCUMENTS, including without limitation all
14  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO
15  any agreement or contract between Kami Gillmour and MATTEL.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

17      Larian incorporates by reference the above-stated general objections as
18  if fully set forth herein. Larian also specifically objects to this request on the
19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
20  information not relevant to the subject matter of this lawsuit or reasonably
21  calculated to lead to the discovery of admissible evidence. Larian also objects to
22  this request on the grounds that it seeks information in violation of the right of
23  privacy. Larian also objects to this request on the grounds that it is overbroad,
24  unduly burdensome, and oppressive in seeking all communications between Larian
25  or MGA and any person and without limitation as to time. Larian also objects to
26  this request on the grounds that it seeks confidential, proprietary or commercially
27  sensitive information, the disclosure of which would be inimical to the business
28  interests of Larian and one or more third parties. Larian also objects to this request

- 109 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 111

1  to the extent it seeks information the disclosure of which would implicate the rights

2  of third parties to protect private, confidential, proprietary or trade secret

3  information. Larian also objects to this request to the extent it calls for the

4  disclosure of attorney-client privileged information or information protected from

5  disclosure by the work-product doctrine, joint defense or common interest

6  privilege, or other privilege. Larian also objects to this request to the extent it seeks

7  documents not within Larian's possession, custody or control.

8  **REQUEST FOR PRODUCTION NO. 106:**

9       All DOCUMENTS, including without limitation all

10  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

11  any agreement or contract between Paula Garcia and MATTEL.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

13       Larian incorporates by reference the above-stated general objections as

14  if fully set forth herein. Larian also specifically objects to this request on the

15  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

16  information not relevant to the subject matter of this lawsuit or reasonably

17  calculated to lead to the discovery of admissible evidence. Larian also objects to

18  this request on the grounds that it seeks information in violation of the right of

19  privacy. Larian also objects to this request on the grounds that it is overbroad,

20  unduly burdensome, and oppressive in seeking all communications between Larian

21  or MGA and any person and without limitation as to time. Larian also objects to

22  this request on the grounds that it seeks confidential, proprietary or commercially

23  sensitive information, the disclosure of which would be inimical to the business

24  interests of Larian and one or more third parties. Larian also objects to this request

25  to the extent it seeks information the disclosure of which would implicate the rights

26  of third parties to protect private, confidential, proprietary or trade secret

27  information. Larian also objects to this request to the extent it calls for the

28  disclosure of attorney-client privileged information or information protected from

- 110 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 112

1   disclosure by the work-product doctrine, joint defense or common interest

2   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

3   documents not within Larian's possession, custody or control.

4   **REQUEST FOR PRODUCTION NO. 107:**

5           All DOCUMENTS, including without limitation all

6   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

7   any agreement or contract between Mercedeh Ward and MATTEL.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

9           Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably

13  calculated to lead to the discovery of admissible evidence.  Larian also objects to

14  this request on the grounds that it seeks information in violation of the right of

15  privacy.  Larian also objects to this request on the grounds that it is overbroad,

16  unduly burdensome, and oppressive in seeking all communications between Larian

17  or MGA and any person and without limitation as to time.  Larian also objects to

18  this request on the grounds that it seeks confidential, proprietary or commercially

19  sensitive information, the disclosure of which would be inimical to the business

20  interests of Larian and one or more third parties.  Larian also objects to this request

21  to the extent it seeks information the disclosure of which would implicate the rights

22  of third parties to protect private, confidential, proprietary or trade secret

23  information.  Larian also objects to this request to the extent it calls for the

24  disclosure of attorney-client privileged information or information protected from

25  disclosure by the work-product doctrine, joint defense or common interest

26  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

27  documents not within Larian's possession, custody or control.

28

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    **REQUEST FOR PRODUCTION NO. 108:**

2        All DOCUMENTS, including without limitation all

3    COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4    any agreement or contract between Jessie Ramirez and MATTEL.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

6        Larian incorporates by reference the above-stated general objections as

7    if fully set forth herein.  Larian also specifically objects to this request on the

8    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

9    information not relevant to the subject matter of this lawsuit or reasonably

10    calculated to lead to the discovery of admissible evidence.  Larian also objects to

11    this request on the grounds that it seeks information in violation of the right of

12    privacy.  Larian also objects to this request on the grounds that it is overbroad,

13    unduly burdensome, and oppressive in seeking all communications between Larian

14    or MGA and any person and without limitation as to time.  Larian also objects to

15    this request on the grounds that it seeks confidential, proprietary or commercially

16    sensitive information, the disclosure of which would be inimical to the business

17    interests of Larian and one or more third parties.  Larian also objects to this request

18    to the extent it seeks information the disclosure of which would implicate the rights

19    of third parties to protect private, confidential, proprietary or trade secret

20    information.  Larian also objects to this request to the extent it calls for the

21    disclosure of attorney-client privileged information or information protected from

22    disclosure by the work-product doctrine, joint defense or common interest

23    privilege, or other privilege.  Larian also objects to this request to the extent it seeks

24    documents not within Larian's possession, custody or control.

25    **REQUEST FOR PRODUCTION NO. 109:**

26        All DOCUMENTS, including without limitation all

27    COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

28    any agreement or contract between Billy Ragsdale and MATTEL.

LARIAN'S RESPONSE TO MATTEL'S 1ST
- 112 -    SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

2            Larian incorporates by reference the above-stated general objections as

3  if fully set forth herein. Larian also specifically objects to this request on the

4  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5  information not relevant to the subject matter of this lawsuit or reasonably

6  calculated to lead to the discovery of admissible evidence. Larian also objects to

7  this request on the grounds that it seeks information in violation of the right of

8  privacy. Larian also objects to this request on the grounds that it is overbroad,

9  unduly burdensome, and oppressive in seeking all communications between Larian

10 or MGA and any person and without limitation as to time. Larian also objects to

11 this request on the grounds that it seeks confidential, proprietary or commercially

12 sensitive information, the disclosure of which would be inimical to the business

13 interests of Larian and one or more third parties. Larian also objects to this request

14 to the extent it seeks information the disclosure of which would implicate the rights

15 of third parties to protect private, confidential, proprietary or trade secret

16 information. Larian also objects to this request to the extent it calls for the

17 disclosure of attorney-client privileged information or information protected from

18 disclosure by the work-product doctrine, joint defense or common interest

19 privilege, or other privilege. Larian also objects to this request to the extent it seeks

20 documents not within Larian's possession, custody or control.

21 **REQUEST FOR PRODUCTION NO. 110:**

22            All DOCUMENTS, including without limitation all

23 COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

24 any agreement or contract between Wendy Ragsdale and MATTEL.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

26            Larian incorporates by reference the above-stated general objections as

27 if fully set forth herein. Larian also specifically objects to this request on the

28 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  information not relevant to the subject matter of this lawsuit or reasonably
2  calculated to lead to the discovery of admissible evidence.  Larian also objects to
3  this request on the grounds that it seeks information in violation of the right of
4  privacy.  Larian also objects to this request on the grounds that it is overbroad,
5  unduly burdensome, and oppressive in seeking all communications between Larian
6  or MGA and any person and without limitation as to time.  Larian also objects to
7  this request on the grounds that it seeks confidential, proprietary or commercially
8  sensitive information, the disclosure of which would be inimical to the business
9  interests of Larian and one or more third parties.  Larian also objects to this request
10  to the extent it seeks information the disclosure of which would implicate the rights
11  of third parties to protect private, confidential, proprietary or trade secret
12  information.  Larian also objects to this request to the extent it calls for the
13  disclosure of attorney-client privileged information or information protected from
14  disclosure by the work-product doctrine, joint defense or common interest
15  privilege, or other privilege.  Larian also objects to this request to the extent it seeks
16  documents not within Larian's possession, custody or control.

17  **REQUEST FOR PRODUCTION NO. 111:**

18       All DOCUMENTS, including without limitation all
19  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO
20  any agreement or contract between Veronica Marlow and MATTEL.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

22       Larian incorporates by reference the above-stated general objections as
23  if fully set forth herein.  Larian also specifically objects to this request on the
24  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
25  information not relevant to the subject matter of this lawsuit or reasonably
26  calculated to lead to the discovery of admissible evidence.  Larian also objects to
27  this request on the grounds that it seeks information in violation of the right of
28  privacy.  Larian also objects to this request on the grounds that it is overbroad,

- 114 -
LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   unduly burdensome, and oppressive in seeking all communications between Larian

2   or MGA and any person and without limitation as to time.  Larian also objects to

3   this request on the grounds that it seeks confidential, proprietary or commercially

4   sensitive information, the disclosure of which would be inimical to the business

5   interests of Larian and one or more third parties.  Larian also objects to this request

6   to the extent it seeks information the disclosure of which would implicate the rights

7   of third parties to protect private, confidential, proprietary or trade secret

8   information.  Larian also objects to this request to the extent it calls for the

9   disclosure of attorney-client privileged information or information protected from

10   disclosure by the work-product doctrine, joint defense or common interest

11   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

12   documents not within Larian's possession, custody or control.

13   **REQUEST FOR PRODUCTION NO. 112:**

14          To the extent not covered by other Requests, all DOCUMENTS,

15   including without limitation all COMMUNICATIONS between YOU or MGA and

16   any PERSON, RELATING TO any agreement or contract between MATTEL, on

17   the one hand, and any former employee of MATTEL who has been hired,

18   considered, solicited or interviewed for any position or potential position or

19   employment by YOU or MGA.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

21          Larian incorporates by reference the above-stated general objections as

22   if fully set forth herein.  Larian also specifically objects to this request on the

23   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24   information not relevant to the subject matter of this lawsuit or reasonably

25   calculated to lead to the discovery of admissible evidence.  Larian also objects to

26   this request on the grounds that it seeks information in violation of the right of

27   privacy.  Larian also objects to this request on the grounds that it is overbroad,

28   unduly burdensome, and oppressive.  Larian also objects to this request on the

- 115 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    grounds that it seeks confidential, proprietary or commercially sensitive

2    information, the disclosure of which would be inimical to the business interests of

3    Larian and one or more third parties. Larian also objects to this request to the

4    extent it seeks information the disclosure of which would implicate the rights of

5    third parties to protect private, confidential, proprietary or trade secret information.

6    Larian also objects to this request to the extent it calls for the disclosure of attorney-

7    client privileged information or information protected from disclosure by the work-

8    product doctrine, joint defense or common interest privilege, or other privilege.

9    Larian also objects to this request to the extent it seeks documents not within

10   Larian's possession, custody or control.

11   **REQUEST FOR PRODUCTION NO. 113:**

12          All COMMUNICATIONS between YOU or MGA and Anne Wang.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

14          Larian incorporates by reference the above-stated general objections as

15   if fully set forth herein. Larian also specifically objects to this request on the

16   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17   information not relevant to the subject matter of this lawsuit or reasonably

18   calculated to lead to the discovery of admissible evidence. Larian also objects to

19   this request on the grounds that it is overbroad, unduly burdensome, and oppressive

20   in seeking all communications between Larian or MGA and Anne Wang, regardless

21   of subject matter and without limitation as to time. Larian also objects to this

22   request on the grounds that it seeks confidential, proprietary or commercially

23   sensitive information, the disclosure of which would be inimical to the business

24   interests of Larian and one or more third parties. Larian also objects to this request

25   to the extent it calls for the disclosure of attorney-client privileged information or

26   information protected from disclosure by the work-product doctrine, joint defense

27   or common interest privilege, or other privilege.

28          Subject to the foregoing, Larian will produce any personal documents

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    dated prior to November 1, 2000, relating to Carter Bryant's agreement with MGA

2    dated September 18, 2000, that are relevant and responsive to the request, if any,

3    and that have not already been produced, that he discovers in the course of his

4    reasonable search and diligent inquiry, which are within the permissible scope of

5    discovery, and to which no privilege or other protection applies, including without

6    limitation, the attorney-client privilege or attorney's work product doctrine.

7    **REQUEST FOR PRODUCTION NO. 114:**

8              All DOCUMENTS, including without limitation all

9    COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

10   Anne Wang.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

12             Larian incorporates by reference the above-stated general objections as

13   if fully set forth herein.  Larian also specifically objects to this request on the

14   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15   information not relevant to the subject matter of this lawsuit or reasonably

16   calculated to lead to the discovery of admissible evidence.  Larian also objects to

17   this request on the grounds that it is overbroad, unduly burdensome, and oppressive

18   in seeking all communications relating to Anne Wang between Larian or MGA and

19   any person, without limitation as to time.  Larian also objects to this request on the

20   grounds that it seeks confidential, proprietary or commercially sensitive

21   information, the disclosure of which would be inimical to the business interests of

22   Larian and one or more third parties.  Larian also objects to this request to the

23   extent it calls for the disclosure of attorney-client privileged information or

24   information protected from disclosure by the work-product doctrine, joint defense

25   or common interest privilege, or other privilege.

26   **REQUEST FOR PRODUCTION NO. 115:**

27             All DOCUMENTS, including without limitation all

28   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   Brooke Gilbert.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

3            Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein.  Larian also specifically objects to this request on the

5   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably

7   calculated to lead to the discovery of admissible evidence.  Larian also objects to

8   this request on the grounds that it is overbroad, unduly burdensome, and oppressive

9   in seeking all communications relating to Brooke Gilbert between Larian or MGA

10  and any person, without limitation as to time.  Larian also objects to this request on

11  the grounds that it seeks confidential, proprietary or commercially sensitive

12  information, the disclosure of which would be inimical to the business interests of

13  Larian and one or more third parties.  Larian also objects to this request to the

14  extent it calls for the disclosure of attorney-client privileged information or

15  information protected from disclosure by the work-product doctrine, joint defense

16  or common interest privilege, or other privilege.

17  **REQUEST FOR PRODUCTION NO. 116:**

18           All COMMUNICATIONS between YOU or MGA and BRYANT

19  RELATING TO MATTEL or any officer, director, employee or representative of

20  MATTEL.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

22           Larian incorporates by reference the above-stated general objections as

23  if fully set forth herein.  Larian also specifically objects to this request on the

24  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25  information not relevant to the subject matter of this lawsuit or reasonably

26  calculated to lead to the discovery of admissible evidence.  Larian also objects to

27  this request on the grounds that it is unlimited in time and subject matter and is,

28  thus, overbroad, unduly burdensome and oppressive, including, without limitation,

- 118 -          LARIAN'S RESPONSE TO MATTEL'S 1ST
                 SET OF REQUESTS FOR PRODUCTION
                 CV 04-9049 SGL (RNBX)

Exhibit A - Page 120

1   in calling for communications exchanged between Larian or any person at MGA

2   and Bryant on any subject matter relating in any way to Mattel.  Larian also objects

3   to this request on the grounds that it is overbroad, without limitation, in potentially

4   extending to communications that any of MGA's employees, agents or

5   representatives may have exchanged with Bryant that refer or relate to Mattel or

6   any of its officers, directors, employees, or representatives, regardless of whether

7   any such person was employed by Mattel at the time of the communication, and

8   which communication may be unrelated in any way to the subject matter of this

9   lawsuit, Larian, MGA, MGA's business or may, indeed, have occurred when none

10  of the parties to the communications worked for or on behalf of MGA.  Larian also

11  objects to this request on the grounds that it seeks confidential, proprietary or

12  commercially sensitive information, the disclosure of which would be inimical to

13  the business interests of Larian and one or more third parties.  Larian further objects

14  to this request to the extent it seeks information the disclosure of which would

15  implicate the rights of third parties to protect private, confidential, proprietary or

16  trade secret information.  Larian also objects to this request to the extent it calls for

17  the disclosure of attorney-client privileged information or information protected

18  from disclosure by the work-product doctrine, joint defense or common interest

19  privilege, or other privilege.

20          Subject to the foregoing, Larian will produce any personal documents

21  that are relevant and responsive to the request, if any, and that have not already

22  been produced, that he discovers in the course of his reasonable search and diligent

23  inquiry, which are within the permissible scope of discovery, and to which no

24  privilege or other protection applies, including without limitation, the attorney-

25  client privilege or attorney's work product doctrine.

26  **REQUEST FOR PRODUCTION NO. 117:**

27          All declarations, affidavits and other sworn written statements of any

28  other type or form by any PERSON RELATING TO BRATZ (other than those

LARIAN'S RESPONSE TO MATTEL'S 1ST<br>
SET OF REQUESTS FOR PRODUCTION<br>
CV 04-9049 SGL (RNBX)

- 119 -

1  previously filed and served in this ACTION), including all such declarations,

2  affidavits and other sworn written statements of any other type or form by or on

3  behalf of YOU.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

5          Larian incorporates by reference the above-stated general objections as

6  if fully set forth herein. Larian also specifically objects to this request on the

7  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

8  information not relevant to the subject matter of this lawsuit or reasonably

9  calculated to lead to the discovery of admissible evidence. Larian also specifically

10 objects to this request on the grounds that it is overbroad, unduly burdensome and

11 oppressive including, without limitation, in calling for all declarations, affidavits

12 and other sworn written statements relating to Bratz but not otherwise limited as to

13 subject matter, and not limited in any way as to time. Larian also objects to this

14 request on the grounds that it seeks information that is already known to Mattel

15 and/or is a matter of public record and/or is equally available to Mattel, and is,

16 therefore, unduly burdensome and oppressive. Larian also objects to this request to

17 the extent that it may seek documents the disclosure of which is or may be

18 governed by court orders. Larian also objects to this request to the extent it seeks

19 information the disclosure of which would implicate the rights of third parties to

20 protect private, confidential, proprietary or trade secret information. Larian also

21 objects to this request to the extent it may seek documents the disclosure of which

22 is or may be protected by contract or agreement. Larian also objects to this request

23 on the grounds that it seeks confidential, proprietary or commercially sensitive

24 information, the disclosure of which would be inimical to the business interests of

25 Larian and one or more third parties. Larian further objects to this request to the

26 extent it seeks information the disclosure of which would implicate the rights of

27 third parties to protect private, confidential, proprietary or trade secret information.

28 Larian also objects to this request to the extent it calls for the disclosure of attorney-

- 120 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   client privileged information or information protected from disclosure by the work-

2   product doctrine, joint defense or common interest privilege, or other privilege.

3           Subject to the foregoing, Larian will produce any personal documents

4   that are relevant and responsive to the request, if any, and that have not already

5   been produced, that he discovers in the course of his reasonable search and diligent

6   inquiry, which are within the permissible scope of discovery, and to which no

7   privilege or other protection applies, including without limitation, the attorney-

8   client privilege or attorney's work product doctrine.

9   **REQUEST FOR PRODUCTION NO. 118:**

10          All transcripts and video and/or audio recordings of statements made

11  by any PERSON under oath, including without limitation all deposition transcripts,

12  trial transcripts and arbitration transcripts, RELATING TO BRATZ (other than

13  those taken in this ACTION when MATTEL's counsel was in attendance),

14  including all such transcripts and video and/or audio recordings of statements by or

15  on behalf of YOU.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

17          Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein. Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence. Larian also specifically

22  objects to this request on the grounds that it is overbroad, unduly burdensome and

23  oppressive including, without limitation, in calling for all transcripts and video

24  and/or audio recordings of statements made by any person under oath, including

25  without limitation all deposition transcripts, trial transcripts and arbitration

26  transcripts relating to Bratz, but not otherwise limited as to subject matter, and not

27  limited in any way as to time. Larian also objects to this request on the grounds

28  that it seeks information that is already known to Mattel and/or is a matter of public

1    record and/or is equally available to Mattel, and is, therefore, unduly burdensome

2    and oppressive.  Larian also objects to this request to the extent it may seek

3    documents the disclosure of which is or may be protected by contract or agreement.

4    Larian also objects to this request to the extent that it may seek documents the

5    disclosure of which is or may be governed by court orders.  Larian also objects to

6    this request on the grounds that it seeks confidential, proprietary or commercially

7    sensitive information, the disclosure of which would be inimical to the business

8    interests of Larian and one or more third parties.  Larian also objects to this request

9    to the extent it seeks information the disclosure of which would implicate the rights

10   of third parties to protect private, confidential, proprietary or trade secret

11   information.  Larian also objects to this request to the extent it calls for the

12   disclosure of attorney-client privileged information or information protected from

13   disclosure by the work-product doctrine, joint defense or common interest

14   privilege, or other privilege.

15           Subject to the foregoing, Larian will produce any personal documents

16   that are relevant and responsive to the request, if any, and that have not already

17   been produced, that he discovers in the course of his reasonable search and diligent

18   inquiry, which are within the permissible scope of discovery, and to which no

19   privilege or other protection applies, including without limitation, the attorney-

20   client privilege or attorney's work product doctrine.

21   **REQUEST FOR PRODUCTION NO. 119:**

22           All declarations, affidavits and other sworn written statements of any

23   other type or form by any PERSON RELATING TO ANGEL (other than those

24   previously filed and served in this ACTION), including all such declarations,

25   affidavits and other sworn written statements of any other type or form by or on

26   behalf of YOU.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

28           Larian incorporates by reference the above-stated general objections as

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 124

1   if fully set forth herein.  Larian also specifically objects to this request on the

2   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3   information not relevant to the subject matter of this lawsuit or reasonably

4   calculated to lead to the discovery of admissible evidence.  Larian also specifically

5   objects to this request on the grounds that it is overbroad, unduly burdensome and

6   oppressive including, without limitation, in calling for all declarations, affidavits

7   and other sworn written statements relating to Angel but not otherwise limited as to

8   subject matter, and not limited in any way as to time.  Larian also objects to this

9   request on the grounds that it seeks information that is already known to Mattel

10   and/or is a matter of public record and/or is equally available to Mattel, and is,

11   therefore, unduly burdensome and oppressive.  Larian also objects to this request to

12   the extent that it may seek documents the disclosure of which is or may be

13   governed by court orders.  Larian also objects to this request to the extent it seeks

14   information the disclosure of which would implicate the rights of third parties to

15   protect private, confidential, proprietary or trade secret information.  Larian also

16   objects to this request to the extent it may seek documents the disclosure of which

17   is or may be protected by contract or agreement.  Larian also objects to this request

18   on the grounds that it seeks confidential, proprietary or commercially sensitive

19   information, the disclosure of which would be inimical to the business interests of

20   Larian and one or more third parties.  Larian further objects to this request to the

21   extent it seeks information the disclosure of which would implicate the rights of

22   third parties to protect private, confidential, proprietary or trade secret information.

23   Larian also objects to this request to the extent it calls for the disclosure of attorney-

24   client privileged information or information protected from disclosure by the work-

25   product doctrine, joint defense or common interest privilege, or other privilege.

26         Subject to the foregoing, Larian will produce any personal documents

27   that are relevant and responsive to the request, if any, and that have not already

28   been produced, that he discovers in the course of his reasonable search and diligent

- 123 -      LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  inquiry, which are within the permissible scope of discovery, and to which no

2  privilege or other protection applies, including without limitation, the attorney-

3  client privilege or attorney's work product doctrine.

4  **REQUEST FOR PRODUCTION NO. 120:**

5       All transcripts and video and/or audio recordings of statements made

6  by any PERSON under oath, including without limitation all deposition transcripts,

7  trial transcripts and arbitration transcripts, that RELATING TO ANGEL (other than

8  those taken in this ACTION when Mattel's counsel was in attendance), including

9  all such declarations, affidavits and other sworn written statements of any other

10  type or form by or on behalf of YOU.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

12       Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also specifically

17  objects to this request on the grounds that it is overbroad, unduly burdensome and

18  oppressive including, without limitation, in calling for all transcripts and video

19  and/or audio recordings of statements made by any person under oath, including

20  without limitation all deposition transcripts, trial transcripts and arbitration

21  transcripts relating to Angel, but not otherwise limited as to subject matter, and not

22  limited in any way as to time.  Larian also objects to this request on the grounds

23  that it seeks information that is already known to Mattel and/or is a matter of public

24  record and/or is equally available to Mattel, and is, therefore, unduly burdensome

25  and oppressive.  Larian also objects to this request to the extent it may seek

26  documents the disclosure of which is or may be protected by contract or agreement.

27  Larian also objects to this request to the extent that it may seek documents the

28  disclosure of which is or may be governed by court orders.  Larian also objects to

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    this request on the grounds that it seeks confidential, proprietary or commercially

2    sensitive information, the disclosure of which would be inimical to the business

3    interests of Larian and one or more third parties. Larian also objects to this request

4    to the extent it seeks information the disclosure of which would implicate the rights

5    of third parties to protect private, confidential, proprietary or trade secret

6    information. Larian also objects to this request to the extent it calls for the

7    disclosure of attorney-client privileged information or information protected from

8    disclosure by the work-product doctrine, joint defense or common interest

9    privilege, or other privilege.

10            Subject to the foregoing, Larian will produce any personal documents

11    that are relevant and responsive to the request, if any, and that have not already

12    been produced, that he discovers in the course of his reasonable search and diligent

13    inquiry, which are within the permissible scope of discovery, and to which no

14    privilege or other protection applies, including without limitation, the attorney-

15    client privilege or attorney's work product doctrine.

16    **REQUEST FOR PRODUCTION NO. 121:**

17            All DOCUMENTS RELATING TO the litigation encaptioned *The*

18    *Ships Carpenter, Inc. v. MGA Entertainment*, filed in Los Angeles Superior Court

19    on or about October 11, 2001, Case Nos. 01S03739 and 01S03740.

20    **RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

21            Larian incorporates by reference the above-stated general objections as

22    if fully set forth herein. Larian also specifically objects to this request on the

23    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24    information not relevant to the subject matter of this lawsuit or reasonably

25    calculated to lead to the discovery of admissible evidence. Larian also objects to

26    this request on the grounds that it seeks confidential, proprietary or commercially

27    sensitive information, the disclosure of which would be inimical to the business

28    interests of Larian and one or more third parties. Larian also objects to this request

- 125 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 127

1   to the extent it calls for the disclosure of attorney-client privileged information or
2   information protected from disclosure by the work-product doctrine, joint defense
3   or common interest privilege, or other privilege.  Larian also objects to this request
4   to the extent it seeks documents not within Larian's possession, custody or control.
5   **REQUEST FOR PRODUCTION NO. 122:**
6          All DOCUMENTS seen, viewed or reviewed by YOU at any time in
7   preparation for the deposition of YOU that was taken in this ACTION on July 18,
8   2006.
9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**
10         Larian incorporates by reference the above-stated general objections as
11  if fully set forth herein.  Larian also specifically objects to this request on the
12  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
13  information not relevant to the subject matter of this lawsuit or reasonably
14  calculated to lead to the discovery of admissible evidence.  Larian also objects to
15  this request on the grounds that it seeks confidential, proprietary or commercially
16  sensitive information, the disclosure of which would be inimical to the business
17  interests of Larian and one or more third parties.  Larian also objects to this request
18  to the extent it calls for the disclosure of attorney-client privileged information or
19  information protected from disclosure by the work-product doctrine, joint defense
20  or common interest privilege, or other privilege.
21         Subject to the foregoing, Larian will produce any personal documents
22  that are relevant and responsive to the request, if any, and that have not already
23  been produced, that he discovers in the course of his reasonable search and diligent
24  inquiry, which are within the permissible scope of discovery, and to which no
25  privilege or other protection applies, including without limitation, the attorney-
26  client privilege or attorney's work product doctrine.
27  **REQUEST FOR PRODUCTION NO. 123:**
28         All DOCUMENTS RELATING TO any and all arbitrations and suits

- 126 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    between YOU and Farhad Larian.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

3              Larian incorporates by reference the above-stated general objections as

4    if fully set forth herein.  Larian also specifically objects to this request on the

5    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6    information not relevant to the subject matter of this lawsuit or reasonably

7    calculated to lead to the discovery of admissible evidence.  Larian also specifically

8    objects to this request on the grounds that it is overbroad, unduly burdensome and

9    oppressive including, without limitation, in calling for all documents relating to any

10   and all arbitrations and suits between Larian and Farhad Larian, but not otherwise

11   limited as to subject matter or time.  Larian also objects to this request on the

12   grounds that it seeks information that is already known to Mattel and/or is a matter

13   of public record and/or is equally available to Mattel, and is, therefore, unduly

14   burdensome and oppressive.  Larian also objects to this request to the extent it may

15   seek documents the disclosure of which is or may be protected by contract or

16   agreement.  Larian also objects to this request to the extent that it may seek

17   documents the disclosure of which is or may be governed by court orders.  Larian

18   also objects to this request on the grounds that it seeks confidential, proprietary or

19   commercially sensitive information, the disclosure of which would be inimical to

20   the business interests of Larian and one or more third parties.  Larian also objects to

21   this request to the extent it seeks information the disclosure of which would

22   implicate the rights of third parties to protect private, confidential, proprietary or

23   trade secret information.  Larian also objects to this request to the extent it calls for

24   the disclosure of attorney-client privileged information or information protected

25   from disclosure by the work-product doctrine, joint defense or common interest

26   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

27   documents not within Larian's possession, custody or control.

28

                                    - 127 -        LARIAN'S RESPONSE TO MATTEL'S 1ST
                                                   SET OF REQUESTS FOR PRODUCTION
                                                   CV 04-9049 SGL (RNBX)

1    **REQUEST FOR PRODUCTION NO. 124:**

2           All DOCUMENTS filed, submitted or served in the suit and/or

3    arbitration proceedings brought by Farhad Larian against YOU, including without

4    limitation all declarations, affidavits, transcripts, video and/or audio recordings and

5    sworn testimony given by any PERSON in such suit or arbitration proceedings.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

7           Larian incorporates by reference the above-stated general objections as

8    if fully set forth herein.  Larian also specifically objects to this request on the

9    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10   information not relevant to the subject matter of this lawsuit or reasonably

11   calculated to lead to the discovery of admissible evidence.  Larian also objects to

12   this request on the grounds that it seeks confidential, proprietary or commercially

13   sensitive information, the disclosure of which would be inimical to the business

14   interests of Larian and one or more third parties.  Larian also objects to this request

15   to the extent it calls for the disclosure of attorney-client privileged information or

16   information protected from disclosure by the work-product doctrine, joint defense

17   or common interest privilege, or other privilege.

18   **REQUEST FOR PRODUCTION NO. 125:**

19          All DOCUMENTS RELATING TO any and all settlements

20   resolutions or compromises of any suit and/or arbitration proceedings between

21   YOU and Farhad Larian.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

23          Larian incorporates by reference the above-stated general objections as

24   if fully set forth herein.  Larian also specifically objects to this request on the

25   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26   information not relevant to the subject matter of this lawsuit or reasonably

27   calculated to lead to the discovery of admissible evidence.  Larian also specifically

28   objects to this request on the grounds that it is overbroad, unduly burdensome and

1  oppressive including, without limitation, in calling for all transcripts and video

2  and/or audio recordings of statements made by any person under oath, including

3  without limitation all deposition transcripts, trial transcripts and arbitration

4  transcripts relating to any suit and/or arbitration proceedings between Larian and

5  Farhad Larian, but not otherwise limited as to subject matter, and not limited in any

6  way as to time.  Larian also objects to this request on the grounds that it seeks

7  information that is already known to Mattel and/or is a matter of public record

8  and/or is equally available to Mattel, and is, therefore, unduly burdensome and

9  oppressive.  Larian also objects to this request to the extent it may seek documents

10  the disclosure of which is or may be protected by contract or agreement.  Larian

11  also objects to this request to the extent that it may seek documents the disclosure

12  of which is or may be governed by court orders.  Larian also objects to this request

13  on the grounds that it seeks confidential, proprietary or commercially sensitive

14  information, the disclosure of which would be inimical to the business interests of

15  Larian and one or more third parties.  Larian also objects to this request to the

16  extent it seeks information the disclosure of which would implicate the rights of

17  third parties to protect private, confidential, proprietary or trade secret information.

18  Larian also objects to this request to the extent it calls for the disclosure of attorney-

19  client privileged information or information protected from disclosure by the work-

20  product doctrine, joint defense or common interest privilege, or other privilege.

21  **REQUEST FOR PRODUCTION NO. 126:**

22         All contracts or agreements between YOU or MGA and Farhad Larian.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

24         Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also objects to

- 129 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   this request on the grounds that it is overbroad, unlimited as to time, and unduly

2   burdensome and oppressive.  Larian also objects to this request on the grounds that

3   it seeks confidential, proprietary or commercially sensitive information, the

4   disclosure of which would be inimical to the business interests of Larian and one or

5   more third parties.  Larian also objects to this request to the extent it calls for the

6   disclosure of attorney-client privileged information or information protected from

7   disclosure by the work-product doctrine, joint defense or common interest

8   privilege, or other privilege.

9   **REQUEST FOR PRODUCTION NO. 127:**

10           All COMMUNICATIONS RELATING TO BRATZ between YOU or

11   MGA and Farhad Larian.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

13           Larian incorporates by reference the above-stated general objections as

14   if fully set forth herein.  Larian also specifically objects to this request on the

15   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

16   information not relevant to the subject matter of this lawsuit or reasonably

17   calculated to lead to the discovery of admissible evidence.  Larian also specifically

18   objects to this request on the grounds that it is overbroad, unlimited as to time, and

19   unduly burdensome and oppressive.  Larian also objects to this request on the

20   grounds that it seeks confidential, proprietary or commercially sensitive

21   information, the disclosure of which would be inimical to the business interests of

22   Larian and one or more third parties.  Larian also objects to this request to the

23   extent it calls for the disclosure of attorney-client privileged information or

24   information protected from disclosure by the work-product doctrine, joint defense

25   or common interest privilege, or other privilege.  Larian also objects to this request

26   to the extent it seeks information the disclosure of which would implicate the rights

27   of third parties to protect private, confidential, proprietary or trade secret

28   information.  Larian also objects to this request to the extent it seeks documents not

- 130 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    within Larian's possession, custody or control.

2    **REQUEST FOR PRODUCTION NO. 128:**

3              All DOCUMENTS RELATING TO COMMUNICATIONS between

4    YOU or MGA and Farhad Larian that REFER OR RELATE TO BRATZ, including

5    without limitation all diaries, notes, calendars, logs, phone records and letters, that

6    reflect, record or memorialize or otherwise RELATING TO any such

7    COMMUNICATIONS.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

9              Larian incorporates by reference the above-stated general objections as

10   if fully set forth herein.  Larian also specifically objects to this request on the

11   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12   information not relevant to the subject matter of this lawsuit or reasonably

13   calculated to lead to the discovery of admissible evidence.  Larian also objects to

14   this request on the grounds that it seeks confidential, proprietary or commercially

15   sensitive information, the disclosure of which would be inimical to the business

16   interests of Larian and one or more third parties.  Larian also objects to this request

17   to the extent it calls for the disclosure of attorney-client privileged information or

18   information protected from disclosure by the work-product doctrine, joint defense

19   or common interest privilege, or other privilege.

20   **REQUEST FOR PRODUCTION NO. 129:**

21             All COMMUNICATIONS RELATING TO BRYANT between YOU

22   or MGA and Farhad Larian.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

24             Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein.  Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence.  Larian also specifically

1   objects to this request on the grounds that it is overbroad and seeks information not

2   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

3   discovery of admissible evidence.  Larian also objects to this request on the grounds

4   that it seeks confidential, proprietary or commercially sensitive information, the

5   disclosure of which would be inimical to the business interests of Larian and one or

6   more third parties.  Larian also objects to this request to the extent it calls for the

7   disclosure of attorney-client privileged information or information protected from

8   disclosure by the work-product doctrine, joint defense or common interest

9   privilege, or other privilege.

10  **REQUEST FOR PRODUCTION NO. 130:**

11          All DOCUMENTS RELATING TO COMMUNICATIONS between

12  YOU or MGA and Farhad Larian that REFER OR RELATE TO BRYANT,

13  including without limitation all diaries, notes, calendars, logs, phone records and

14  letters, that reflect, record or memorialize or otherwise RELATING TO any such

15  COMMUNICATIONS.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

17          Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein.  Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence.  Larian also specifically

22  objects to this request on the grounds that it is overbroad, unduly burdensome and

23  oppressive including, without limitation, in potentially extending to

24  communications that Farhad Larian may have had with any of MGA's hundreds of

25  employees, agents or representatives, and regardless of whether any such

26  communication is related in any way to the subject matter of this lawsuit, MGA, or

27  MGA's business.  Larian also objects to this request on the grounds that it seeks

28  information in violation of the right of privacy.  Larian also objects to this request

- 132 -

1   on the grounds that it seeks confidential, proprietary or commercially sensitive

2   information, the disclosure of which would be inimical to the business interests of

3   Larian and one or more third parties. Larian further objects to this request to the

4   extent it seeks information the disclosure of which would implicate the rights of

5   third parties to protect private, confidential, proprietary or trade secret information.

6   Larian also objects to this request to the extent it calls for the disclosure of attorney-

7   client privileged information or information protected from disclosure by the work-

8   product doctrine, joint defense or common interest privilege, or other privilege.

9   Larian also objects to the extent this request seeks documents not in Larian's

10  possession, custody or control.

11  **REQUEST FOR PRODUCTION NO. 131:**

12          All DOCUMENTS RELATING TO any and all payments or transfer

13  of anything of value that YOU or MGA have made, have offered or proposed to

14  make or have promised or agreed to make, to or for the benefit of Farhad Larian or

15  his FAMILY MEMBERS at any time since January 1, 2001.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

17          Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein. Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence. Larian also objects to

22  this request on the grounds that it seeks information in violation of the right of

23  privacy. Larian also objects to this request on the grounds that it seeks confidential,

24  proprietary or commercially sensitive information, the disclosure of which would

25  be inimical to the business interests of Larian and one or more third parties. Larian

26  also objects to this request to the extent it calls for the disclosure of attorney-client

27  privileged information or information protected from disclosure by the work-

28  product doctrine, joint defense or common interest privilege, or other privilege.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 135

1  Larian also objects to this request to the extent it seeks documents not within

2  Larian's possession, custody or control.

3  **REQUEST FOR PRODUCTION NO. 132:**

4       All contracts or agreements between YOU or MGA and Morad Zarabi.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

6       Larian incorporates by reference the above-stated general objections as

7  if fully set forth herein.  Larian also specifically objects to this request on the

8  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

9  information not relevant to the subject matter of this lawsuit or reasonably

10  calculated to lead to the discovery of admissible evidence.  Larian also objects to

11  this request on the grounds that it seeks information in violation of the right of

12  privacy.  Larian also objects to this request on the grounds that it is overbroad,

13  unduly burdensome, and oppressive in seeking all contracts or agreements between

14  Larian or MGA and Morad Zarabi without limitation as to subject matter or time.

15  Larian also objects to this request on the grounds that it seeks confidential,

16  proprietary or commercially sensitive information, the disclosure of which would

17  be inimical to the business interests of Larian and one or more third parties.  Larian

18  also objects to this request to the extent it calls for the disclosure of attorney-client

19  privileged information or information protected from disclosure by the work-

20  product doctrine, joint defense or common interest privilege, or other privilege.

21  **REQUEST FOR PRODUCTION NO. 133:**

22       All COMMUNICATIONS RELATING TO BRATZ between YOU or

23  MGA and Morad Zarabi.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

25       Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

- 134 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   calculated to lead to the discovery of admissible evidence.  Larian also objects to

2   this request on the grounds that it is overbroad, unduly burdensome and oppressive,

3   including, without limitation, in that it is unlimited as to time and potentially

4   extends to communications that Morad Zarabi may have had with any of MGA's

5   hundreds of employees, agents or representatives, and regardless of whether any

6   such communication is related in any way to the subject matter of this lawsuit,

7   Larian, MGA, or MGA's business.  Larian also objects to this request on the

8   grounds that it seeks information in violation of the right of privacy.  Larian also

9   objects to this request on the grounds that it seeks confidential, proprietary or

10  commercially sensitive information, the disclosure of which would be inimical to

11  the business interests of Larian and one or more third parties.  Larian further objects

12  to this request to the extent it seeks information the disclosure of which would

13  implicate the rights of third parties to protect private, confidential, proprietary or

14  trade secret information.  Larian also objects to this request to the extent it calls for

15  the disclosure of attorney-client privileged information or information protected

16  from disclosure by the work-product doctrine, joint defense or common interest

17  privilege, or other privilege.  Larian also objects to the extent this request seeks

18  documents not in Larian's possession, custody or control.

19  **REQUEST FOR PRODUCTION NO. 134:**

20          All DOCUMENTS RELATING TO COMMUNICATIONS between

21  YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRATZ, including

22  without limitation all diaries, notes, calendars, logs, phone records and letters, that

23  reflect, record or memorialize or otherwise RELATING TO any such

24  COMMUNICATIONS.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

26          Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein.  Larian also specifically objects to this request on the

28  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

- 135 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 137

1   information not relevant to the subject matter of this lawsuit or reasonably

2   calculated to lead to the discovery of admissible evidence. Larian also specifically

3   objects to this request on the grounds that it is overbroad, unduly burdensome, and

4   oppressive in that it seeks all documents relating to communications between

5   Larian or MGA and Morad Zarabi that refer or relate to Bratz and is not otherwise

6   limited as to subject matter or time. Larian also objects to this request on the

7.  grounds that it is overbroad, unduly burdensome and oppressive including, without

8   limitation, in potentially extending to communications that Morad Zarabi may have

9   had with any of MGA's hundreds of employees, agents or representatives, and

10  regardless of whether any such communication is related in any way to the subject

11  matter of this lawsuit, MGA, or MGA's business. Larian also objects to this

12  request on the grounds that it seeks information in violation of the right of privacy.

13  Larian also objects to this request on the grounds that it seeks confidential,

14  proprietary or commercially sensitive information, the disclosure of which would

15  be inimical to the business interests of Larian and one or more third parties. Larian

16  further objects to this request to the extent it seeks information the disclosure of

17  which would implicate the rights of third parties to protect private, confidential,

18  proprietary or trade secret information. Larian also objects to this request to the

19  extent it calls for the disclosure of attorney-client privileged information or

20  information protected from disclosure by the work-product doctrine, joint defense

21  or common interest privilege, or other privilege. Larian also objects to the extent

22  this request seeks documents not in Larian's possession, custody or control.

23  **REQUEST FOR PRODUCTION NO. 135:**

24          All COMMUNICATIONS RELATING TO BRYANT between YOU

25  or MGA and Morad Zarabi.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

27          Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein. Larian also specifically objects to this request on the

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably

3   calculated to lead to the discovery of admissible evidence. Larian also objects to

4   this request on the grounds that it seeks confidential, proprietary or commercially

5   sensitive information, the disclosure of which would be inimical to the business

6   interests of Larian and one or more third parties. Larian also objects to this request

7   to the extent it calls for the disclosure of attorney-client privileged information or

8   information protected from disclosure by the work-product doctrine, joint defense

9   or common interest privilege, or other privilege.

10  **REQUEST FOR PRODUCTION NO. 136:**

11          All DOCUMENTS RELATING TO COMMUNICATIONS between

12  YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRYANT,

13  including without limitation all diaries, notes, calendars, logs, phone records and

14  letters, that reflect, record or memorialize or otherwise RELATING TO any such

15  COMMUNICATIONS.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

17          Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein. Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence. Larian also specifically

22  objects to this request on the grounds that it is overbroad, unduly burdensome, and

23  oppressive in that it seeks all documents relating to communications between

24  Larian or MGA and Morad Zarabi that refer or relate to Bryant and is not otherwise

25  limited as to subject matter or time. Larian also objects to this request on the

26  grounds that it is overbroad, unduly burdensome and oppressive including, without

27  limitation, in potentially extending to communications that Morad Zarabi may have

28  had with any of MGA's hundreds of employees, agents or representatives, and

- 137 -

1  regardless of whether any such communication is related in any way to the subject

2  matter of this lawsuit, MGA, or MGA's business. Larian also objects to this

3  request on the grounds that it seeks information in violation of the right of privacy.

4  Larian also objects to this request on the grounds that it seeks confidential,

5  proprietary or commercially sensitive information, the disclosure of which would

6  be inimical to the business interests of Larian and one or more third parties. Larian

7  further objects to this request to the extent it seeks information the disclosure of

8  which would implicate the rights of third parties to protect private, confidential,

9  proprietary or trade secret information. Larian also objects to this request to the

10  extent it calls for the disclosure of attorney-client privileged information or

11  information protected from disclosure by the work-product doctrine, joint defense

12  or common interest privilege, or other privilege. Larian also objects to the extent

13  this request seeks documents not in Larian's possession, custody or control.

14  **REQUEST FOR PRODUCTION NO. 137:**

15         All DOCUMENTS RELATING TO any and all payments or transfer

16  of anything of value that YOU or MGA have made, have offered or proposed to

17  make or have promised or agreed to make, to or for the benefit of Morad Zarabi or

18  his FAMILY MEMBERS at any time since January 1, 2001.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

20         Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein. Larian also specifically objects to this request on the

22  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence. Larian also objects to

25  this request on the grounds that it seeks information in violation of the right of

26  privacy. Larian also objects to this request on the grounds that it seeks confidential,

27  proprietary or commercially sensitive information, the disclosure of which would

28  be inimical to the business interests of Larian and one or more third parties. Larian

- 138 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    also objects to this request to the extent it calls for the disclosure of attorney-client

2    privileged information or information protected from disclosure by the work-

3    product doctrine, joint defense or common interest privilege, or other privilege.

4    Larian also objects to this request to the extent it seeks documents not within

5    Larian's possession, custody or control.

6    **REQUEST FOR PRODUCTION NO. 138:**

7           All DOCUMENTS RELATING TO any and all payments or transfers

8    of anything of value that YOU or MGA have made, have offered or proposed to

9    make or have promised or agreed to make, to or for the benefit of BRYANT or his

10   FAMILY MEMBERS.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

12          Larian incorporates by reference the above-stated general objections as

13   if fully set forth herein. Larian also specifically objects to this request on the

14   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15   information not relevant to the subject matter of this lawsuit or reasonably

16   calculated to lead to the discovery of admissible evidence. Larian also specifically

17   objects to this request on the grounds that it is overbroad, unlimited as to time, and

18   unduly burdensome and oppressive. Larian also objects to this request on the

19   grounds that it seeks information in violation of the right of privacy. Larian also

20   objects to this request on the grounds that it seeks confidential, proprietary or

21   commercially sensitive information, the disclosure of which would be inimical to

22   the business interests of Larian and one or more third parties. Larian also objects to

23   this request to the extent it calls for the disclosure of attorney-client privileged

24   information or information protected from disclosure by the work-product doctrine,

25   joint defense or common interest privilege, or other privilege.

26   **REQUEST FOR PRODUCTION NO. 139:**

27          All DOCUMENTS RELATING TO any and all payments or transfers

28   of anything of value that YOU or MGA have made, have offered or proposed to

- 139 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    make or have promised or agreed to make, to or for the benefit of Elise Cloonan or

2    her FAMILY MEMBERS.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

4            Larian incorporates by reference the above-stated general objections as

5    if fully set forth herein.  Larian also specifically objects to this request on the

6    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7    information not relevant to the subject matter of this lawsuit or reasonably

8    calculated to lead to the discovery of admissible evidence.  Larian also objects to

9    this request on the grounds that it is overbroad, unlimited as to time, and unduly

10   burdensome and oppressive.  Larian also objects to this request on the grounds that

11   it seeks information in violation of the right of privacy.  Larian also objects to this

12   request on the grounds that it seeks confidential, proprietary or commercially

13   sensitive information, the disclosure of which would be inimical to the business

14   interests of Larian and one or more third parties.  Larian also objects to this request

15   to the extent it calls for the disclosure of attorney-client privileged information or

16   information protected from disclosure by the work-product doctrine, joint defense

17   or common interest privilege, or other privilege.

18   **REQUEST FOR PRODUCTION NO. 140:**

19           All DOCUMENTS RELATING TO any and all payments or transfers

20   of anything of value that YOU or MGA have made, have offered or proposed to

21   make or have promised or agreed to make, to or for the benefit of Margaret Hatch

22   (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or her FAMILY

23   MEMBERS.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

25           Larian incorporates by reference the above-stated general objections as

26   if fully set forth herein.  Larian also specifically objects to this request on the

27   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28   information not relevant to the subject matter of this lawsuit or reasonably

- 140 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  calculated to lead to the discovery of admissible evidence.  Larian also objects to

2  this request on the grounds that it is overbroad, unlimited as to time, and unduly

3  burdensome and oppressive.  Larian also objects to this request on the grounds that

4  it seeks information in violation of the right of privacy.  Larian also objects to this

5  request on the grounds that it seeks confidential, proprietary or commercially

6  sensitive information, the disclosure of which would be inimical to the business

7  interests of Larian and one or more third parties.  Larian also objects to this request

8  to the extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense

10  or common interest privilege, or other privilege.

11  **REQUEST FOR PRODUCTION NO. 141:**

12        All DOCUMENTS RELATING TO any and all payments or transfers

13  of anything of value that YOU or MGA have made, have offered or proposed to

14  make or have promised or agreed to make, to or for the benefit of Amy Meyers or

15  her FAMILY MEMBERS.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

17        Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein.  Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence.  Larian also objects to

22  this request on the grounds that it is overbroad, unlimited as to time, and unduly

23  burdensome and oppressive.  Larian also objects to this request on the grounds that

24  it seeks information in violation of the right of privacy.  Larian also objects to this

25  request on the grounds that it seeks confidential, proprietary or commercially

26  sensitive information, the disclosure of which would be inimical to the business

27  interests of Larian and one or more third parties.  Larian also objects to this request

28  to the extent it calls for the disclosure of attorney-client privileged information or

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 143

1  information protected from disclosure by the work-product doctrine, joint defense

2  or common interest privilege, or other privilege.

3  **REQUEST FOR PRODUCTION NO. 142:**

4          All DOCUMENTS RELATING TO any and all payments or transfers

5  of anything of value that YOU or MGA have made, have offered or proposed to

6  make or have promised or agreed to make, to or for the benefit of Sarah Halpern or

7  her FAMILY MEMBERS at any time since January 1, 1999.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

9          Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably

13  calculated to lead to the discovery of admissible evidence.  Larian also objects to

14  this request on the grounds that it seeks information in violation of the right of

15  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

16  proprietary or commercially sensitive information, the disclosure of which would

17  be inimical to the business interests of Larian and one or more third parties.  Larian

18  also objects to this request to the extent it calls for the disclosure of attorney-client

19  privileged information or information protected from disclosure by the work-

20  product doctrine, joint defense or common interest privilege, or other privilege.

21  **REQUEST FOR PRODUCTION NO. 143:**

22          All DOCUMENTS RELATING TO any and all payments or transfers

23  of anything of value that YOU or MGA have made, have offered or proposed to

24  make or have promised or agreed to make, to or for the benefit of Maureen Mullen

25  or her FAMILY MEMBERS at any time since January 1, 1999.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

27          Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein.  Larian also specifically objects to this request on the

1  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2  information not relevant to the subject matter of this lawsuit or reasonably

3  calculated to lead to the discovery of admissible evidence. Larian also objects to

4  this request on the grounds that it seeks information in violation of the right of

5  privacy. Larian also objects to this request on the grounds that it seeks confidential,

6  proprietary or commercially sensitive information, the disclosure of which would

7  be inimical to the business interests of Larian and one or more third parties. Larian

8  also objects to this request to the extent it calls for the disclosure of attorney-client

9  privileged information or information protected from disclosure by the work-

10  product doctrine, joint defense or common interest privilege, or other privilege.

11  **REQUEST FOR PRODUCTION NO. 144:**

12  All DOCUMENTS RELATING TO any and all payments or transfers

13  of anything of value that YOU or MGA have made, have offered or proposed to

14  make or have promised or agreed to make, to or for the benefit of Wendy Ragsdale

15  or her FAMILY MEMBERS.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

17  Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein. Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence. Larian also objects to

22  this request on the grounds that it is overbroad, unlimited as to time, and unduly

23  burdensome and oppressive. Larian also objects to this request on the grounds that

24  it seeks information in violation of the right of privacy. Larian also objects to this

25  request on the grounds that it seeks confidential, proprietary or commercially

26  sensitive information, the disclosure of which would be inimical to the business

27  interests of Larian and one or more third parties. Larian also objects to this request

28  to the extent it calls for the disclosure of attorney-client privileged information or

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   information protected from disclosure by the work-product doctrine, joint defense

2   or common interest privilege, or other privilege.

3   **REQUEST FOR PRODUCTION NO. 145:**

4   All DOCUMENTS RELATING TO any and all payments or transfers

5   of anything of value that YOU or MGA have made, have offered or proposed to

6   make or have promised or agreed to make, to or for the benefit of Billy Ragsdale or

7   his FAMILY MEMBERS.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

9   Larian incorporates by reference the above-stated general objections as

10   if fully set forth herein. Larian also specifically objects to this request on the

11   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12   information not relevant to the subject matter of this lawsuit or reasonably

13   calculated to lead to the discovery of admissible evidence. Larian also objects to

14   this request on the grounds that it is overbroad, unlimited as to time, and unduly

15   burdensome and oppressive. Larian also objects to this request on the grounds that

16   it seeks information in violation of the right of privacy. Larian also objects to this

17   request on the grounds that it seeks confidential, proprietary or commercially

18   sensitive information, the disclosure of which would be inimical to the business

19   interests of Larian and one or more third parties. Larian also objects to this request

20   to the extent it calls for the disclosure of attorney-client privileged information or

21   information protected from disclosure by the work-product doctrine, joint defense

22   or common interest privilege, or other privilege.

23   **REQUEST FOR PRODUCTION NO. 146:**

24   All DOCUMENTS RELATING TO any and all payments or transfers

25   of anything of value that YOU or MGA have made, have offered or proposed to

26   make or have promised or agreed to make, to or for the benefit of Anna Rhee or her

27   FAMILY MEMBERS at any time since January 1, 1999.

28

- 144 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

2          Larian incorporates by reference the above-stated general objections as

3  if fully set forth herein.  Larian also specifically objects to this request on the

4  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5  information not relevant to the subject matter of this lawsuit or reasonably

6  calculated to lead to the discovery of admissible evidence.  arian also objects to this

7  request on the grounds that it seeks information in violation of the right of privacy.

8  Larian also objects to this request on the grounds that it seeks confidential,

9  proprietary or commercially sensitive information, the disclosure of which would

10  be inimical to the business interests of Larian and one or more third parties.  Larian

11  also objects to this request to the extent it calls for the disclosure of attorney-client

12  privileged information or information protected from disclosure by the work-

13  product doctrine, joint defense or common interest privilege, or other privilege.

14  **REQUEST FOR PRODUCTION NO. 147:**

15          All DOCUMENTS RELATING TO any indemnification that

16  BRYANT has sought, proposed, requested or obtained in connection with this

17  ACTION.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

19          Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also specifically

24  objects to this request on the grounds that it seeks information in violation of the

25  right of privacy.  Larian also objects to this request on the grounds that it seeks

26  confidential, proprietary or commercially sensitive information, the disclosure of

27  which would be inimical to the business interests of Larian and one or more third

28  parties.  Larian also objects to this request to the extent it calls for the disclosure of

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Exhibit A - Page 147

1  attorney-client privileged information or information protected from disclosure by

2  the work-product doctrine, joint defense or common interest privilege, or other

3  privilege.

4      Subject to the foregoing, Larian will produce any personal documents

5  that are relevant and responsive to the request, if any, and that have not already

6  been produced, that he discovers in the course of his reasonable search and diligent

7  inquiry, which are within the permissible scope of discovery, and to which no

8  privilege or other protection applies, including without limitation, the attorney-

9  client privilege or attorney's work product doctrine.

10  **REQUEST FOR PRODUCTION NO. 148:**

11      All DOCUMENTS RELATING TO any indemnification that Elise

12  Cloonan has sought, proposed, requested or obtained in connection with this

13  ACTION.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

15      Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also objects to

20  this request on the grounds that it seeks information in violation of the right of

21  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

22  proprietary or commercially sensitive information, the disclosure of which would

23  be inimical to the business interests of Larian and one or more third parties.  Larian

24  also objects to this request to the extent it calls for the disclosure of attorney-client

25  privileged information or information protected from disclosure by the work-

26  product doctrine, joint defense or common interest privilege, or other privilege.

27      Subject to the foregoing, Larian will produce any personal documents

28  that are relevant and responsive to the request, if any, and that have not already

- 146 -